Case: 17-03283-LTS  Doc#:1-5  Filed:05/03/17  Entered:05/09/17 18:34:58  Desc:
Case 3:17-cv-01578-LTS  Document 1-5  Filed 05/03/17  Page 1 of 6
Exhibit C to the Statement   Page 1 of 6

# Exhibit C

**Known Litigation Proceedings Filed Against the Commonwealth or its Instrumentalities**

Case:17-03283-LTS Doc#:1-5 Filed:05/03/17 Entered:05/03/17 18:34:58 Desc:
Case 3:17-cv-01578-LTS Document 1-5 Filed 05/03/17 Page 2 of 6
Exhibit C to the Statement Page 2 of 6

## Exhibit C

## Pending Litigation[1]

1. On January 7, 2016, certain insurers of bonds issued by the public corporations of the Commonwealth of Puerto Rico (the "Commonwealth") filed a complaint against the Commonwealth's Governor, Secretary of Treasury, Sub-secretary of Treasury, Secretary of Justice, and Director of Office of Management and Budget (the "OMB Director"), the Puerto Rico Tourism Company's Executive Director (the "Tourism Director"), the President of the Government Development Bank for Puerto Rico (the "GDB"), and certain John Does seeking declaratory judgment that certain executive orders issued by the Governor violate the Takings Clause and Contracts Clause of the U.S. Constitution. *See Assured Guaranty Corp., et al. v. Garcia-Padilla, et al.*, No. 16-01037-FAB (D.P.R. Jan. 7, 2016).

2. On January 19, 2016, an insurer of debt issued by the Commonwealth and its public corporations filed a complaint against the Commonwealth's Governor, Secretary of Treasury, Sub-secretary of Treasury, Secretary of State, Secretary of Justice, and OMB Director, the Tourism Director, the GDB's President, and certain John Does seeking declaratory judgment that section 8 of the Puerto Rico Constitution, the Management and Budget Office Organic Act, and executive orders relating to the foregoing (a) are preempted by the Bankruptcy Code, (b) improperly operate in a field occupied by Congress, (c) conflict with the Bankruptcy Code, and (d) with respect to the executive orders, violate the Contracts Clause and Takings Clause of the U.S. Constitution. *See Financial Guaranty Insurance Company v. Garcia-Padilla, et al.*, No. 16-01095-FAB (D.P.R. Jan. 19, 2016).

3. On April 4, 2016, certain holders of outstanding bonds of the GDB, the Commonwealth's fiscal agent and financial advisor, filed a complaint against the GDB seeking to enjoin the GDB from (a) making payments to its creditors, and (b) forgiving or compromising debts owed to GDB. *See Brigade Leveraged Capital Structures Fund Ltd., et al. v. the Government Development Bank for Puerto Rico*, No. 16-01610-FAB (D.P.R. Apr. 4, 2016).

4. On May 10, 2016, the insurer of over $472 million of bonds issued by the Puerto Rico Highways and Transportation Authority (the "PRHTA") filed a complaint against the PRHTA seeking expedited discovery into the PRHTA's financial condition, the appointment of a receiver, and an injunction against PRHTA preventing it from further breaches of fiduciary or contractual duties owed to said insurer. *See Ambac Assurance Corp. v. Puerto Rico Highways and Transportation Authority*, No. 16-01893-FAB (D.P.R. May 10, 2016).

5. On June 15, 2016, the insurer of debt issued by the (a) Commonwealth, (b) PRHTA, (c) Puerto Rico Sales Tax Financing Corporation ("COFINA"), and (d) Puerto Rico Industrial, Tourist, Educational, Medical, and Environmental Control Facilities Financing Authority filed a

---

[1] In addition to the matters described herein, there are two addition actions pending: (a) *Angel L. Acevedo Llamas v. Commonwealth of Puerto Rico, et al.*, Court of First Instance, San Juan Part, Civil No. K CD2016-0559, and (b) *Municipalities of San Juan and Carolina v. Government Development Bank and the Commonwealth of Puerto Rico*, Superior Court of San Juan, Consolidated Case Nos. SJ2016CV00091 and SJ2016CV00102.

Case: 17-03283-LTS Doc#:1-5 Filed:05/03/17 Entered:05/03/17 18:34:58 Desc:
Case 3:17-cv-01578-LTS Document 1-5 Filed 05/03/17 Page 3 of 6
Exhibit C to the Statement Page 3 of 6

complaint against the Commonwealth's Governor, Secretary of State, and OMB Director seeking declaratory judgment that sections 201 and 202 of the Moratorium Act are without force or effect because those provisions (a) are preempted by the Bankruptcy Clause and the Bankruptcy Code, (b) violate the Takings Clause and Contracts Clause, and (c) unconstitutionally purport to bar access to the federal courts. *See National Public Finance Guarantee Corp. v. Garcia Padilla, et al.*, No. 16-02101-FAB (D.P.R. June 15, 2016).

6. On June 21, 2016, certain beneficial owners of the Commonwealth's general obligation bonds filed a complaint against the Commonwealth and the Commonwealth's Governor, Secretary of Treasury, and OMB Director seeking declaratory relief that the Moratorium Act violates the (a) U.S. Constitution and Puerto Rico Constitution, including the Contracts Clause and Takings Clause of each, and (b) laws of the State of New York, which govern such bonds. *See Jacana Holdings I LLC et al. v. Commonwealth of Puerto Rico*, No. 16-04702-GHW (S.D.N.Y. June 21, 2016).

7. On June 30, 2016, certain holders of bonds issued by the GDB and Puerto Rico Public Finance Corporation (the "PRPFC") filed a complaint against the Commonwealth's Governor and Secretary of Department of Treasury, the Puerto Rico Fiscal Agency and Financial Advisory Authority (the "PRFAFAA"), PRFAFAA's Executive Director, the PRPFC, the GDB, and GDB's President seeking declaratory judgment that sections 105, 201, 203, 301, 302, and 401 of the Moratorium Act are void because those provisions (a) are preempted by the Bankruptcy Clause and the Bankruptcy Code, (b) violate the Takings Clause, Contracts Clause, and the Puerto Rico Constitution, and (c) unconstitutionally purport to bar access to the federal courts. *See Trigo, et al. v. Garcia-Padilla, et al.*, No. 16-02257-FAB (D.P.R. June 30, 2016).

8. On July 18, 2016, certain beneficial owner of bonds issued by the PRHTA filed a motion seeking relief from the PROMESA stay to commence and prosecute an action against the Commonwealth's Governor, Secretary of Treasury, and OMB Director, PRHTA, and PRHTA's Executive Director seeking declaratory judgment that sections 105, 201, and 202 of the Moratorium Act are void because those provisions (a) are preempted by the Bankruptcy Code and PROMESA, (b) violate the Bankruptcy Clause, Takings Clause, Contracts Clause, and the Puerto Rico Constitution, and (c) unconstitutionally purport to bar access to the federal courts. *See Peaje Inv. LLC v. Garcia-Padilla, et al.*, No. 16-02365-FAB (D.P.R. July 18, 2016).

9. On July 20, 2016, certain beneficial owners of bonds issued by the Commonwealth and its public corporations, guaranteed by the Commonwealth's good faith, credit, and taxing power, filed a complaint against the Commonwealth's Governor, Secretary of Treasury, and OMB Director seeking (a) declaratory judgment that certain measures taken by the Commonwealth permitting transfers outside of the ordinary course or in violation of the Commonwealth's constitution were prohibited under PROMESA, and (b) an injunction to prevent the same such transfers. *See Lex Claims, et al. v. Garcia Padilla, et al.*, No. 16-02374-FAB (D.P.R. July 20, 2016).

10. On July 21, 2016, certain issuers of insurance policies guaranteeing payments on bonds issued by the PRHTA filed a motion seeking emergency relief from the PROMESA stay in order to file a complaint seeking to enjoin the Commonwealth, the PRHTA, the GDB, the Commonwealth's Governor, the PRHTA's Executive Director, the Commonwealth's Secretary of Treasury, and various John Doe successors to the foregoing from diverting collateral of bondholders to fund

Case: 17-03283-LTS Doc#:1-5 Filed:05/03/17 Entered:05/03/17 18:34:58 Desc:
Case 3:17-cv-01578-LTS Document 1-5 Filed 05/03/17 Page 4 of 6
Exhibit C to the Statement Page 4 of 6

other expenses of the Commonwealth and its affiliates. *See Assured Guaranty Corp. v. Commonwealth of Puerto Rico, et al.*, No. 16-02384-FAB (D.P.R. July 21, 2016).

11. On August 19, 2016, the trustee to certain bonds issued by the University of Puerto Rico filed a complaint against the Commonwealth, the Commonwealth's Governor, and the university's President seeking, among other things, relief from the PROMESA stay, declaratory judgment that section 201 of the Moratorium Act is invalid pursuant to the Takings Clause and Contracts Clause, and an injunction compelling the defendants to comply with the trust agreement governing such bonds. *See U.S. Bank Trust, N.A. v. Garcia-Padilla, et al.*, No. 16-02510-FAB (D.P.R. Aug. 19, 2016).

12. On September 21, 2016, certain holders of bonds issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "ERS") filed a motion for relief from the PROMESA stay unless adequate protection were granted by placing ERS revenues into a segregated account for the benefit of such holders. *See Altair Global Credit Opportunities Fund (A), LLC v. Garcia-Padilla, et al.*, No. 16-02696-FAB (D.P.R. Sep. 21, 2016).

13. On September 28, 2016, a lender to the Puerto Rico Metropolitan Bus Authority (the "AMA") filed a complaint against the Commonwealth's Governor, Secretary of Treasury, and OMB Director, AMA, the AMA's President, and PRHTA's Secretary seeking (a) relief from the PROMESA stay, (b) declaratory judgment that the Moratorium Act and an executive order issued in relation thereto (i) violate PROMESA, (ii) are preempted by the Bankruptcy Code, the Bankruptcy Clause, and PROMESA, (iii) violate the U.S. Constitution, including the Contracts Clause and Takings Clause, and (c) an injunction against the defendants enjoining them from diverting transfers of certain tax revenues. *See Scotiabank de Puerto Rico v. Garcia-Padilla, et al.*, No. 16-02736-FAB (D.P.R. Sep. 28, 2016).

14. On October 26, 2016, a participant in a certain housing loan program filed a complaint against the Commonwealth's Governor and Secretary of Treasury, the GDB and its President, and the Puerto Rico Housing Finance Authority and its Executive Director seeking (a) declaratory judgment that (i) the PROMESA stay is not applicable or, in the alternative, should be lifted, and (ii) declaring that section 201 of the Moratorium Act do not apply to the plaintiff's claims or, in the alternative, such provisions are unconstitutional and preempted, and (b) injunctions against the defendants compelling their compliance with applicable law and agreements. *See Oriental Bank v. Rosello-Nevares, et al.*, Case No. 16-02877-FAB (D.P.R. Oct. 26, 2016).

15. On December 15, 2016, a contractor with the Puerto Rico Aqueduct and Sewer Authority (the "PRASA") filed a complaint against the U.S. Environmental Protection Agency (the "EPA"), the GDB, a former President of the GDB, the Puerto Rico Environmental Quality Board, the PRASA, the Puerto Rico Infrastructure Finance Administration, and the Commonwealth's Governor seeking funds allegedly controlled by the EPA arising from a contract on the grounds that they have been improperly withheld in breach of contract, and in violation of said contractor's constitutional rights, including violations of the Due Process Clause, Takings Clause, and Contracts Clause. *See Longo En-Tech Puerto Rico, Inc. v. the United States Environmental Protection Agency, et al.*, No. 16-03151-DRD (D.P.R. Dec. 15, 2016).

Case: 17-03283-LTS Doc#:1-5 Filed:05/03/17 Entered:05/09/17 18:34:58 Desc:
Case 3:17-cv-01578-LTS Document 1-5 Filed 05/03/17 Page 5 of 6
Exhibit C to the Statement Page 5 of 6

16. On April 12, 2017, a labor union and certain individual members filed a complaint against the Oversight Board (including its members), the Commonwealth, and the Commonwealth's Governor seeking (a) declaratory judgment that the certified fiscal plan unconstitutionally (i) impairs the plaintiffs' rights, (ii) violates the Due Process and Takings Clauses of the U.S. Constitution, and (iii) was not lawfully developed, approved, and certified under PROMESA, and (b) an injunction against the defendants from implementing such fiscal plan. *See Servidores Publicos Unidos de Puerto Rico, et al. v. Financial Oversight and Management Board, et al.*, Case No. 17-01483-FAB (D.P.R. Apr. 12, 2017).

17. On May 2, 2017, the insurer of approximately $1.3 billion of bonds issued by COFINA filed a complaint against the Commonwealth, its Governor, Secretary of Treasury, and OMB Director, the Executive Director of the Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico ("AAFAF"), the Oversight Board, each member of the Oversight Board, including its chairman and *ex officio* member, and any successors to the foregoing seeking (a) declaratory judgment that the fiscal plan and Fiscal Plan Compliance Law (i) are unconstitutional for violating the Contracts, Takings, and Due Process Clauses, (ii) unlawfully interfere with contractual rights, (iii) are preempted by PROMESA section 303, (iv) violate PROMESA section 407, and (v) violate the Commonwealth's covenants under the COFINA Resolution, and (b) an injunction against the defendants from taking any action pursuant to the fiscal plan or Fiscal Plan Compliance Law. *See Ambac Assurance Corp. v. Commonwealth of Puerto Rico, et al.*, Case No. 17-01567 (D.P.R. May 2, 2017).

18. On May 2, 2017, the insurer of a wide variety of Commonwealth debt, across numerous structures, filed a complaint against the Commonwealth's Governor, Secretary of Treasury, and OMB Director, the AAFAF's Executive Director, the Oversight Board, each member of the Oversight Board, including its chairman and *ex officio* member, and any successors to the foregoing seeking (a) declaratory judgment that (i) each of the Moratorium Act, executive orders issued thereunder, the fiscal plan, and the Fiscal Plan Compliance Act (A) violates the Contracts, Takings, and Due Process clauses, (B) interferes with Ambac Assurance Corp.'s contractual rides, (C) is preempted by section 303 of PROMESA, and (D) violates section 407 of PROMESA, and (ii) the orders issued under the Moratorium Act unconstitutionally deprive litigants access to courts, and (b) an injunction against the defendants from taking any action pursuant to the fiscal plan or Fiscal Plan Compliance Law. *See Ambac Assurance Corp. v. Commonwealth of Puerto Rico, et al.*, Case No. 17-01568 (D.P.R. May 2, 2017).

19. On May 2, 2017, the insurer of approximately $471 million of bonds issued by the Puerto Rico Infrastructure Financing Authority ("PRIFA") filed a complaint against the U.S. Department of Treasury, its Secretary of Treasury, and any successor thereto seeking (a) an equitable lien on taxes imposed by the U.S. government on the sale of rum produced in the Commonwealth and sold in the United States (the "Rum Taxes"), and (b) either (i) an injunction against the defendants from remitting the Rum Taxes to the Commonwealth, or (ii) the appointment of a receiver to hold all Rum Taxes in escrow pending resolution of lawsuits related thereto. *See Ambac Assurance Corp. v. U.S. Department of Treasury, et al.*, Case No. 17-00809 (D.D.C. May 2, 2017).

20. On May 2, 2017, holders of senior COFINA bonds filed a complaint against the Commonwealth's Governor, the GDB, its President, COFINA, its, Executive Director, AAFAF,

4

Case: 17-03283-LTS Doc#:1-5 Filed:05/03/17 Entered:05/09/17 18:34:58 Desc:
Case 3:17-cv-01578-LTS Document 1-5 Filed 05/03/17 Page 6 of 6
Exhibit C to the Statement Page 6 of 6

board members of the GDB and COFINA, and the *ex officio* member of the Oversight Board seeking (a) declaratory judgment the defendants (i) substantially impaired the plaintiffs' contractual rights, and (ii) took property without just compensation or due process, (b) a writ of mandamus ordering the defendants to amend the fiscal plan and allowing the plaintiffs to inspect documents related to the restructuring of the Commonwealth's debts, (c) an injunction against the defendants prohibiting them from further violations of contractual, property, and constitutional rights, and (d) related relief. *See Perelló, et al. v. Nevares, et al.*, Case No. 17-01566 (D.P.R. May 2, 2017).

21. On May 2, 2017, the insurer of $800 million in principal amount of bonds issued by COFINA filed a complaint against the trustee of such bonds seeking (a) damages against the trustee, (b) a declaration that the trustee breached (i) its fiduciary and other duties to the plaintiff, (ii) the resolution executed in connection with such bonds, and (iii) the covenant of good faith and fair dealing implied in such resolution, (c) a declaration that the plaintiff may remove the trustee, (d) an injunction against the trustee prohibiting further payments to subordinate bondholders, (e) an injunction compelling the trustee to recognize an event of default in connection with such bonds and accelerate payment thereof, and (e) a declaration that the trustee has a conflict of interest and must resign. *See Ambac Assurance Corp. v. the Bank of New York Mellon*, Case No. 652356/2017 (N.Y. Supreme Ct. May 2, 2017).

22. On May 2, 2017, certain beneficial owners of approximately $1.4 billion in principal amount of general obligation bonds issued by the Commonwealth filed a complaint against the Commonwealth and its Secretary of Treasury seeking (a) an injunction compelling the Secretary of Treasury to "apply all available resources of the Commonwealth to timely payment of all amounts that are or become due on the [bonds]," and (b) money damages owed to the plaintiffs, including all overdue interest on principal, all amounts of principal, and prejudgment interest. *See Aurelius Investment LLC, et al. v. the Commonwealth of Puerto Rico, et al.*, Case No. 652357/2017 (N.Y. Supreme Ct. May 2, 2017).