UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

In re: )
)
THE COMMONWEALTH OF PUERTO RICO, ) Case No. 17-cv-01578
)
) Hon. Laura Taylor Swain
Debtor. )

**MOTION FOR ENTRY OF AN ORDER PURSUANT TO 48 U.S.C. § 2161 AND 11 U.S.C. § 1102 DIRECTING THE APPOINTMENT OF AN OFFICIAL RETIREE COMMITTEE AND APPOINTING THE PRE-PETITION AD HOC RETIREE COMMITTEE AS THE OFFICIAL RETIREE COMMITTEE**

The Ad Hoc Committee for the Protection of Accrued Retirement Benefits of Puerto Rico's Public Employees and Retirees (the "Ad Hoc Retiree Committee" or "Committee"),[1] as a party in interest under 11 U.S.C. §§ 1102(a)(2) and 1109(b), as those statutory provisions are incorporated into the Puerto Rico Oversight, Management, and Economic Stability Act, 48 U.S.C. § 2101, *et seq.* ("PROMESA"), pursuant to section 161(a) of PROMESA (48 U.S.C. § 2161(a)), hereby moves the Court, pursuant to 11 U.S.C. §§ 1102(a)(2) and (b)(1), for the entry of an order directing the appointment of a retiree committee (the "Official Retiree Committee") with respect to the interests of Puerto Rico's public employees and retirees as holders of accrued pension and other retirement benefits (collectively, the "Retirees") in connection with this case and, further, requests that the Official Retiree Committee consist of the members currently participating on the Ad Hoc Retiree Committee, which was fairly and properly formed by Retirees in January 2017 and has been conducting business as such since that time, and which is representative of the different kinds of Retiree claims in this case. In support of this Motion, the Ad Hoc Retiree Committee respectfully states as follows:

---

[1] In Spanish, the Ad Hoc Retiree Committee is known as the "Movimiento Pro Pensionados".

215687283.7 56902/311830

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to PROMESA section 166 (48 U.S.C. § 2166). Venue for this case is proper in this district pursuant to PROMESA section 167(b) (48 U.S.C. § 2167(b)).

## Relief Requested

2. The Ad Hoc Retiree Committee hereby seeks an order, pursuant to 11 U.S.C. §§ 1102(a)(2) and (b)(1) and PROMESA section 161(a) (48 U.S.C. § 2161(a)), directing the United States Trustee for the District of Puerto Rico (the "U.S. Trustee") to: (a) appoint an Official Retiree Committee with respect to the interests of the Retirees in their accrued retirement benefits, whether or not such Retirees currently are receiving such retirement benefits; and (b) specifically appoint the members of the Ad Hoc Retiree Committee to serve as the members of the Official Retiree Committee.

## Facts Relevant to This Motion

3. On May 3, 2017 ("the Petition Date"), the Federal Oversight and Management Board appointed under PROMESA (the "Oversight Board") filed a petition in this Court, commencing a case under Title III of PROMESA, 48 U.S.C. §§ 2161, *et seq.*, on behalf of The Commonwealth of Puerto Rico ("Puerto Rico" or the "Debtor").

4. Prior to the Petition Date, in mid-January 2017, the Ad Hoc Retiree Committee was organized and its by-laws were adopted. On January 25, 2017, the Committee had its first formal meeting with its counsel present.

5. The Ad Hoc Retiree Committee comprises a robust group of well-established public-employment retiree organizations based in Puerto Rico that share a common concern regarding the protection of accrued retirement benefits in the restructuring process under

PROMESA. In addition, there are several individuals who serve on the Ad Hoc Retiree Committee solely in their individual retiree capacities. All individuals participating on the Ad Hoc Retiree Committee, whether in their individual capacity or nominally as a representative of their respective organizations, are personally holders of accrued public pension and other retirement benefits.

6. The Ad Hoc Retiree Committee's constituent organizations represent over 91,000 Retirees. Retirees who participate in four out of the five public pension systems in Puerto Rico are represented by the Ad Hoc Retiree Committee; only retirees from the Puerto Rico Electrical Power Authority are currently unrepresented by the Committee.[2] To date, the following associations and individuals have joined the Ad Hoc Retiree Committee:

   i. Asociación de Empleados de Comedores y Pensionados del Gobierno de Puerto Rico (Retired school lunch workers);

   ii. Asociación de Empleados Jubilados de la UPR (Retired University of Puerto Rico employees);

   iii. Asociación de Ex Empleados Socios de AE y del ELA (AESA) (Retired government employees who were members of AEELA);

   iv. Asociación de Pensionados del Gobierno de Puerto Rico (APGPR) (Retired Government of Puerto Rico employees);

   v. Asociación de Profesores Jubilados de la UPR-Humacao (Retired Professors of the University of Puerto Rico Humacao Campus);

   vi. Departamento de Pensionados y/o Retirados Asociación de Maestros (Retired teachers/members of the Teachers' Association);

---

[2] There are five public pension systems in Puerto Rico: (i) The Employees Retirement System of the Commonwealth of Puerto Rico (the "Employees Retirement System" or "ERS"); (ii) the Puerto Rico System of Annuities and Pensions for Teachers (the "Teachers Retirement System" or "TRS"); (iii) the Commonwealth Judiciary Retirement System (the "Judiciary Retirement System" or "JRS"); (iv) the Retirement System of the University of Puerto Rico (the "University Retirement System" or "URS"); and (v) the Employees Retirement System of the Electric Power Authority (the "PREPA Retirement System" or "PRS").

vii. Pensionados C.F.S.E. (Retired employees of the State Workers Compensation Insurance Fund);

viii. Retirados AEELA INC (Retired AAELA employees);

ix. Sindicato de Policias Puertorriqueños (Retired members of the Policemen's Syndicate);

x. Asociación de Retirados Residentes en el Exterior A.S.R.E.P. (Retirees residing outside of Puerto Rico);

xi. Asociación de Medicos Jubilados C.F.S.E. (Retired doctors of the Workers Compensation Insurance Fund);

xii. Movimiento Retiro 447 (Active employees who still qualify for Law 447 Defined Benefit Plan);

xiii. Individual Pensionado S.R.M. (Retired employees of the Teachers Retirement System);

xiv. Individual Pensionada E.L.A. (Retired Judge, Judiciary Retirement System);

xv. Empleados Jubilados de la Comisión Industrial (Retired Employees of the Industrial Commission);

xvi. Capitulo de Jubilados de Federación de Maestros (Chapter of Retired Members of the Teachers Federation); and

xvii. Asociación de Veteranos de la Policia Inc. (Police Veterans Association).

7. The Ad Hoc Retiree Committee's roster also includes the American Association of Retired Persons ("AARP") as an ex-officio member.

8. The scope of Retirees represented by the Ad Hoc Retiree Committee is **broad**. It includes representation of, *inter alia*, retired teachers, police officers, school lunch room employees, professors, judges, and general government employees.

9. Prior to the Committee's first formal meeting on January 25, 2017, Committee members invited numerous other retiree organizations to a public meeting to learn more about the Committee's intended functions, to enable these other organizations to evaluate whether they

4

wished to join the Ad Hoc Retiree Committee. That public meeting was conducted in an auditorium at the Puerto Rico Department of Labor in Hato Rey, Puerto Rico on January 26, 2017. As a result of that meeting, other organizations joined the Committee, increasing the number of Committee members from the original six members to nine members by February 6, 2017. On March 2, 2017, the Ad Hoc Retiree Committee conducted a press conference and issued a press release which, in part, addressed Governor Roselló's initial proposed fiscal plan. Thus, the Committee further made known to the public its existence and activities (in addition to regular communications by Committee members to their constituencies, a Facebook page and telephone lines established for the Committee, and the January 26 public meeting). Today, the Committee roster includes 15 Retiree organizations and their representatives and at least two individuals solely in their individual capacity (and the AARP as an ex-officio member). *To date, all Retiree organizations that have expressed an interest in joining the Ad Hoc Retiree Committee have been permitted to join, and none has been declined.*

10. The Ad Hoc Retiree Committee conducts weekly formal meetings and has social media capabilities (including, as mentioned, a Facebook page) to communicate with the public. In addition, the Ad Hoc Retiree Committee's member organizations regularly communicate directly with their respective constituents.

11. On February 7, 2017, counsel for the Ad Hoc Retiree Committee met in Washington, D.C. with, among others, counsel to the Oversight Board and counsel to Governor Ricardo Roselló Nevares. On March 13, 2017, counsel for the Ad Hoc Retiree Committee appeared and gave public comment at a meeting of the Oversight Board held in New York City.

12. The Ad Hoc Retiree Committee has retained qualified legal counsel, Clark Hill PLC, the same firm that represented the General Retirement System and the Police and Fire

215687283.7 56902/311830

Retirement System of the City of Detroit in the historic *City of Detroit* municipal restructuring case. However, to be clear, the Committee cannot afford to pay the legal fees of its counsel and is receiving legal services at present on a concessionary basis.

13. Each of the above-referenced Retiree organizations has individuals in leadership roles who are currently serving on the Ad Hoc Retiree Committee, all of whom are also personal holders of accrued retirement benefits and participants in a public pension in Puerto Rico. In addition, as mentioned above, there are at least two individual Retirees participating on the Ad Hoc Retiree Committee solely in their individual capacities, including a retired judge. If the Ad Hoc Retiree Committee is selected to function as the Official Retiree Committee in this case, all of these individuals have indicated a willingness to serve on such Official Retiree Committee. *See* Exhibit B attached hereto, Declaration of Members of the Ad Hoc Retiree Committee.

## Legal Analysis

### A. Appointment of an Official Retiree Committee is Crucial to Ensure "Adequate Representation" of Retiree Interests

14. According to 11 U.S.C. § 1102(a)(1), "as soon as practicable after the order for relief under chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors or of equity security holders as the United States trustee deems appropriate."

15. Further, "[o]n request of a party in interest, the court may order the appointment of additional committees of creditors . . . if necessary to assure adequate representation of creditors" and the "United States trustee shall appoint any such committee." 11 U.S.C. § 1102(a)(2).

16. Section 1102 "affords no test of adequate representation leaving the bankruptcy courts with discretion to examine the facts of each case to determine if additional committees are

215687283.7 56902/311830

warranted." *In re Mansfield Ferrous Castings, Inc.*, 96 B.R. 779, 781 (Bankr. N.D. Ohio 1988) (citing *In re Beker Industries Corp.* 55 B.R. 945, 948 (Bankr S.D.N.Y. 1985) and *In re Johns-Manville Corp.* 68 B.R. 155 (S.D.N.Y. 1986)). While "adequate representation" is not defined, courts have considered factors such as the size and complexity of the proceedings. *Mansfield*, 96 B.R. at 781 (noting "the size and complexity of debtor's bankruptcy proceedings weigh in favor of the appointment of an additional committee").

17. "Committees should generally be formed at an early stage so that adequate representation can be afforded before significant bridges are crossed." *In re McLean Industries, Inc.*, 70 B.R. 852, 862-863 (Bankr. S.D.N.Y. 1987) (citing *In re Johns-Manville Corp.*, 801 F.2d 60, 62 (2d Cir.1986)). Accordingly, a "motion under section 1102 should be made promptly." *In re Drexel Burnham Lambert Group, Inc.*, 118 B.R. 209, 211 (Bankr. S.D.N.Y. 1990) (noting it is "important that committees begin functioning promptly . . . organize quickly, make initial decisions, investigate and start negotiations").

18. Consistent with the case-law criteria described above, the size and complexity of this case clearly militate in favor of creating an Official Retiree Committee to ensure adequate representation of Retirees. There are approximately 160,000 public-employment retirees in Puerto Rico and approximately another 160,000 active public employees holding accrued retirement benefits. The claims of these Retirees for pension benefits, health care, and other post-employment benefits are complex and completely distinct from other types of unsecured claims. The claims for pension underfunding alone are estimated at approximately $50 billion. In light of the size, volume, uniqueness, and complexity of Retiree claims, the appointment of an

215687283.7 56902/311830

Official Retiree Committee is warranted and necessary to provide adequate representation of Retirees.[3]

19. If an unsecured creditors committee is appointed, participation of Retirees on that committee would not provide adequate representation of Retirees. The claims of Retirees will likely be in direct conflict with those of financial and trade creditors on such committee, whose claims in total are also in the billions of dollars. Thus, an unsecured creditors committee comprising Retirees along with financial and trade creditors would likely be rendered dysfunctional and would not serve the representational needs of Retirees.

20. Negotiating with over 300,000 individual creditors is simply impossible, and any attempt to do so would engender enormous delay and costs in administering these proceedings. Moreover, these individuals generally lack the means to represent themselves individually in this matter. Even collectively, as mentioned, the Ad Hoc Retiree Committee cannot afford to pay the legal fees of its counsel and is receiving legal services at present on a concessionary basis. In contrast, an Official Retiree Committee would be authorized to employ counsel and other professionals necessary to protecting Retiree interests, with the expenses being borne by the Debtor, pursuant to 11 U.S.C. § 1103, PROMESA sections 316 and 317 (48 U.S.C. §§ 2176, 2177), and any other applicable orders of the Court. Thus, an Official Retiree Committee able to deploy professionals to analyze issues and appear at court and in negotiations on behalf of *all* Retirees, collectively, is a more effective, efficient, and realistic method of giving voice to Retiree concerns and also provides a centralized point of contact for the professionals

---

[3] By comparison, in the largest-ever municipal bankruptcy case under the U.S. Bankruptcy Code, the City of Detroit bankruptcy, there were approximately 32,000 holders of retirement benefits, in contrast to the more than 300,000 holders of retirement benefits in Puerto Rico.

215687283.7 56902/311830

representing the Oversight Board and Governor Roselló's administration. For these very reasons, retiree committees charged with appearing and negotiating on behalf of retirees are routinely appointed in municipal bankruptcies.[4] *See In re City of Detroit*, Case No. 13-53846 (Bankr. E.D. Mich.), Appointment of Official Committee of Retirees (Dkt. No. 566, Aug. 22, 2013); *In re City of Stockton*, Case No. 12-32118 (Bankr. E.D. Cal.), Appointment of Official Committee of Retirees (Dkt. No. 846, Apr. 1, 2013); *In re City of Vallejo*, Case No. 08-26813 (Bankr. E.D. Cal.), Appointment of Official Unsecured Creditors Committee of Retirees (Dkt. No. 286, Oct. 8, 2008). In fact, consistent with this Motion, in *In re City of Stockton*, a pre-petition ad hoc retiree committee was appointed to serve as the official retiree committee.

21. Also, in this case, many Retirees may struggle to understand pleadings and reports written in English. Having an Official Retiree Committee regularly posting information in Spanish regarding matters occurring in the Court would provide an important public information function.

22. While Governor Rosselló, the Oversight Board, and bondholders have differed in their views as to what is the appropriate level of cuts to accrued pension benefits, they have all contemplated such cuts, and the certified fiscal plan clearly envisions such reductions - - without permitting the affected parties (*i.e.*, the Retirees) to participate in the negotiations. As stated, counsel for the Ad Hoc Retiree Committee attended a meeting with counsel for the Oversight Board and the Governor in Washington, D.C., and participated in a public meeting of the Oversight Board. However, the Committee has not been invited to participate in any debt-

---

[4] To be clear, however, each Retiree should be able to vote his/her claim in his/her own right with respect to accepting or rejecting a proposed plan of adjustment. Any other process would be dependent upon obtaining thousands of conflict of interest waivers and voting proxies which would create concerns that the waivers were uninformed and, hence, unenforceable.

restructuring negotiations to date. Not permitting the Retirees to participate in restructuring negotiations that contemplate cuts to their own accrued retirement benefits blatantly threatens prejudice to Retiree interests and is completely antithetical to the holistic and inclusive approach that is the hallmark of multi-party creditor restructuring negotiations. Therefore, even if Title VI-type negotiations may continue to be pursued under Title III, the time has come for Retirees to be at the table to protect their interests. As creditors owed an estimated aggregate underfunding claim of approximately *$50 billion*, the Retirees clearly deserve a seat at the negotiating table. If an Official Retiree Committee is appointed pursuant to 11 U.S.C. §§ 1102 and 1103, such Committee would be affirmatively authorized to participate in the restructuring negotiations.

B. **The Ad Hoc Retiree Committee, Organized Pre-Petition, Should Be Appointed as the Official Committee of Retirees, As It Was Fairly Chosen and Is Representative of the Kinds of Claims to be Represented**

23. A committee appointed under Section 1102(a) "shall ordinarily consist of the persons, willing to serve, that hold the seven largest claims against the debtor of the kinds represented on such committee," or it may consist of *"the members of a committee organized by creditors before the commencement of the case . . . if such committee was fairly chosen and is representative of the different kinds of claims to be represented."* 11 U.S.C. § 1102(b)(1) (emphasis added).

24. In this case, the Ad Hoc Retiree Committee was "fairly chosen" and "is representative of the different kinds of claim to be represented" as required by section 1102(b)(1). As set forth above, the Ad Hoc Retiree Committee made its existence known publicly, invited numerous retiree organizations to join its ranks, and the current roster of retiree organizations represents almost every recognized public-employment retiree constituency in

10

215687283.7 56902/311830

Puerto Rico. To date, the Ad Hoc Retiree Committee has not turned away any Retiree organization or association wishing to join the Committee.

25. As discussed, the Ad Hoc Retiree Committee's member organizations represent over 91,000 Retirees from nearly all facets of public employment in Puerto Rico and who participate in four of the five public pension systems. Upon information and belief, a significant portion of the remaining government retirees in Puerto Rico are simply not affiliated with any retiree organization.

26. The Ad Hoc Retiree Committee has diligently undertaken its representation responsibilities, including taking the following actions: conducting regular meetings of the Committee with its counsel to address and understand issues and developments under PROMESA; establishing a Facebook page with news and information, and communicating with the constituents of each Committee member organization; employing well-qualified restructuring counsel, uniquely experienced in representing retiree interests in public-sector restructurings, to advise the Committee; participating through restructuring counsel in a meeting on February 7, 2017 in Washington, D.C. with counsel for the Oversight Board and for Governor Rosselló, among others; attending public meetings of the Oversight Board in Puerto Rico and on March 13, 2017 in New York City, as well as providing public comment on behalf of Retirees at the New York meeting; and sharing information and ideas with the well-respected AARP organization as an ex-officio member.

27. Notably, the individual leaders and representatives for each of the above-listed Retiree organizations have executed a *Declaration of the Members of the Movimiento Pro Pensionados/Ad Hoc Retiree Committee* (the "Declaration"), indicating that: (a) they indeed represent their respective Retiree organizations on the Ad Hoc Retiree Committee (not applicable

215687283.7 56902/311830

to the individuals on the Committee); (b) they also individually are holders of public-employment accrued retirement benefits and are participants in a public pension in Puerto Rico; and (c) they agree to serve, if selected, on an Official Retiree Committee, both in their representative capacity on behalf of their respective organizations (if applicable) and in their individual capacities as holders of accrued retirement benefits. *See* Exhibit B attached hereto, Declaration.

28. Thus, it is clear that the Ad Hoc Retiree Committee was fairly formed, the Committee is broadly representative of the Retiree community, and each Ad Hoc Retiree Committee member who is a signatory to the Declaration is indisputably representative of Retirees. Moreover, the fact that these individuals are both Retirees and members of retiree organizations makes them particularly qualified to participate on an Official Retiree Committee, since they are likely to be better positioned than others to utilize the resources of their respective organizations to analyze issues on behalf of their constituents and to communicate to and with their constituents.

29. The alternative to appointing the Ad Hoc Retiree Committee as the Official Retiree Committee would be to solicit interest from all of the approximately 320,000 Retirees. This undertaking would result in massive costs and administrative burden to the United States Trustee's office and tremendous delay in forming the Official Retiree Committee and facilitating Retirees' participation in the Title III process. In light of the fair and proper manner in which the Ad Hoc Retiree Committee was formed, and its broad and fair representation of the Retiree community, the Committee submits that its appointment is in the best interests of Retirees and the efficient and effective administration of the Title III process.

215687283.7 56902/311830

**WHEREFORE**, the Ad Hoc Retiree Committee respectfully requests that this Court enter an order, pursuant to 11 U.S.C. § 1102(a)(2) and (b)(1), made applicable in this case by section 161(a) of PROMESA (48 U.S.C. § 2161(a)), directing the United States Trustee to appoint an Official Retiree Committee consisting of the members of the Ad Hoc Retiree Committee who have executed the Declaration, and for such other and further relief as the Court deems appropriate. The form of the proposed order is attached hereto as Exhibit A.

I HEREBY CERTIFY that I have file this motion with the Court's ECF System, which will notify all counsel of record.

Dated: May 5, 2017

Respectfully submitted,

**BENNAZAR, GARCIA & MILIAN, C.S.P.**
*Counsel of the Ad Hoc Retiree Committee*
/s/ A.J. Bennazar-Zequeira
A.J. Bennazar-Zequeira, USDC120907
Edificio Union Plaza, PH-A
416 Ave. Ponce de Leon
Hato Rey, Puerto Rico 00918
Telephone: (787) 754-9191
Facsimile: (787) 764-3101
ajb@bennazar.org

- and –

**CLARK HILL PLC**
*Co-Counsel to the Ad Hoc Retiree Committee*
/s/    Robert D. Gordon
Robert D. Gordon
Shannon L. Deeby
Jennifer K. Green
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com
sdeeby@clarkhill.com
jgreen@clarkhill.com

13

215687283.5 56902/311830