# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>COMMONWEALTH OF PUERTO RICO,<br><br>             Debtor. | Title III<br><br>Case No. 17-01578 (LTS) |
| In re:<br><br>PUERTO RICO SALES TAX<br>FINANCING CORPORATION,<br><br>             Debtor. | Title III<br><br>Case No. 17-01599 |

## MOTION OF DEBTORS PURSUANT TO PROMESA SECTION 304(g) AND BANKRUPTCY RULE 1015(b) FOR ENTRY OF ORDER DIRECTING JOINT ADMINISTRATION OF TITLE III CASES AND GRANTING RELATED RELIEF

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Sales Tax Financing Corporation ("COFINA," and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] respectfully submit this motion (the "Motion"), pursuant to PROMESA section 304(g), and rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to these cases by PROMESA section 310, for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (a) directing the joint administration of the Debtors' Title III Cases (as defined herein) for procedural purposes, and (b) granting related relief.  In support of this Motion, the Debtors respectfully represent as follows:

---

[1] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

**Jurisdiction and Venue**

1.       The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2.       Venue is proper pursuant to PROMESA section 307(a).

3.       The statutory bases for the relief requested herein are PROMESA section 304(g) and Bankruptcy Rule 1015(b), made applicable to these title III cases by PROMESA section 310.

**Background**

4.       On June 30, 2016, the Oversight Board was established under PROMESA section 101(b).  On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

5.       Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this title is the representative of the debtor[s]" and "may take any action necessary on behalf of the debtor[s] to prosecute the case[s] of the debtor[s], including filing a petition under section 304 of [PROMESA] . . . or otherwise generally submitting filings in relation to the case[s] with the court."

6.       On September 30, 2016, the Oversight Board designated the Debtors as covered entities under PROMESA section 101(d).

7.       On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to section 304(a) of PROMESA, commencing a case under title III thereof (the "Commonwealth's Title III Case").

8.       On May 5, 2017,  the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA

pursuant to PROMESA section 304(a), commencing a case under title III thereof ( "COFINA's
Title III Case," and together with the Commonwealth's Title III Case, the "Title III Cases").

9.      Background information regarding the Commonwealth and its instrumentalities,
and the commencement of these Title III Cases, is contained in the *Notice of Statement of
Oversight Board in Connection with PROMESA Title III Petition* [D.I. 1], attached to the
Commonwealth's title III petition.

### Relief Requested

10.     By this Motion, the Debtors request entry of an order (a) directing joint
administration of the Title III Cases, solely for procedural purposes, and (b) granting related
relief.

11.     To facilitate the joint administration of these cases, the Debtors respectfully
request that the Court implement two administrative procedures.  First, the Debtors request that
the Clerk of the Court maintain a single file and docket for both the jointly-administered cases
under the lead case of the Commonwealth, and that the cases be administered under a
consolidated caption, as follows:

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| In re:<br><br>COMMONWEALTH OF PUERTO RICO, *et al.*,[2]<br><br>Debtors. | Title III<br><br>Case No. 17-(01578) (LTS)<br><br>(Jointly Administered) |
| --- | --- |

12.     Second, to reflect such joint administration and to alert parties who may access
the docket for COFINA's Title III Case that pleadings will be maintained on the docket of the

---

[2] The Debtors in these Title III Cases are the (i) Commonwealth of Puerto Rico and (ii) Puerto
Rico Sales Tax Financing Corporation (COFINA).

Commonwealth's Title III Case, the Debtors request that the following notice be entered on the

COFINA docket (but not on the Commonwealth docket):

> An order has been entered in accordance with PROMESA section 304(g) and Federal Rule of Bankruptcy Procedure 1015(b), made applicable to this title III case by PROMESA section 310, directing the procedural consolidation and joint administration of the title III cases of the Commonwealth of Puerto Rico and its affiliated debtors.  All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, lead Case No. 17-01578 (LTS).

13.     The Debtors also request that the Proposed Order provide that to the extent a party

files a motion, pleading, application, objection, reply, response or other similar court filing (any

or all of the foregoing,  a "Court Filing") applicable to one and only one of the Debtors, such

party shall supplement the above case caption with a second case caption (positioned

immediately underneath the main caption above) with the name of the particular Debtor and

respective title III case number implicated by the party's Court Filing.

**Basis for Relief**

14.     PROMESA section 304(g) and Bankruptcy Rule 1015(b), made applicable by

PROMESA section 310, provide for procedural consolidation of cases involving two or more

related debtors.  Specifically, PROMESA section 304(g) provides that "[i]f the Oversight Board,

on behalf of a debtor and one or more affiliates, has filed separate cases and . . . files a motion to

administer the cases jointly, the court may order a joint administration of the cases."  Similarly,

Bankruptcy Rule 1015(b) provides that "[i]f . . . two or more petitions are pending in the same

court by or against . . . a debtor and an affiliate, the court may order a joint administration of the

estates."

15.     Joint administration of the Title III Cases will save the Debtors substantial time

and expense, because it will remove the need to prepare, replicate, file, and serve duplicative

notices, applications, and orders in each of the Debtors' cases.  Further, joint administration will relieve administrative burdens otherwise placed on the Court as a result of having to enter potentially duplicative orders and maintaining duplicative files and dockets.  Joint administration of these Title III Cases will therefore promote judicial economy and efficiencies, reducing delay and expenses for the Debtors, their creditors, and other interested parties.

16.     The United States Trustee for the District of Puerto Rico and other parties in interest will similarly benefit from joint administration of the Title III Cases, sparing them the time and effort of reviewing duplicative pleadings and papers.  Moreover, joint administration will not adversely affect the Debtors' respective constituencies because the Debtors request only procedural, <u>not</u> substantive, consolidation of the Debtors.  Thus, parties in interest will not be harmed by the relief requested, but instead, will benefit from the cost reductions and avoidance of confusion or potential misfilings in erroneous case dockets.  Accordingly, the Debtors submit the joint administration of the Title III Cases is in the best interests of the Debtors, their creditors, and all other parties in interest.

<u>**Notice**</u>

17.     The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against each Debtor; (d) the Office of the United States Attorney for the District of Puerto Rico; (e) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority on behalf of the Governor of Puerto Rico; (f) the Puerto Rico Department of Justice;

(g) the Other Interested Parties;[3] and (h) all parties filing a notice of appearance in these Title III

Cases.  The Debtors submit that, in light of the nature of the relief requested, no other or further

notice need be given.

## **No Prior Request**

18.     No prior request for the relief sought in this Motion has been made to this or any

other court.


*[Remainder of Page Intentionally Left Blank]*

---

[3] The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and
trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc
groups of holders of bonds issued or guaranteed by the Debtors.

WHEREFORE the Debtors respectfully request the Court to enter the Proposed Order, (a) granting the Motion, (b) directing the joint administration of the Title III Cases, and (c) granting the Debtors such other relief as is just and proper.

Dated: May 9, 2017                                 Respectfully submitted,
San Juan, Puerto Rico

                                                   /s/   Martin J. Bienenstock

                                                   Martin J. Bienenstock
                                                   Scott K. Rutsky
                                                   Paul V. Possinger
                                                   Ehud Barak
                                                   Maja Zerjal
                                                   (Admission Pro Hac Vice pending)
                                                   **PROSKAUER ROSE LLP**
                                                   Eleven Times Square
                                                   New York, NY 10036
                                                   Tel:  (212) 969-3000
                                                   Fax:  (212) 969-2900

                                                   *Attorneys for the Financial Oversight and*
                                                   *Management Board as representative for the*
                                                   *Debtors*

                                                   /s/   Hermann D. Bauer

                                                   Hermann D. Bauer
                                                   USDC No. 215205
                                                   **O'NEILL & BORGES LLC**
                                                   250 Muñoz Rivera Ave., Suite 800
                                                   San Juan, PR 00918-1813
                                                   Tel:  (787) 764-8181
                                                   Fax:  (787) 753-8944

                                                   *Co-Attorneys for the Financial Oversight and*
                                                   *Management Board as representative for the*
                                                   *Debtors*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>COMMONWEALTH OF PUERTO RICO, and<br><br>PUERTO RICO SALES TAX<br>FINANCING CORPORATION,<br><br>               Debtors. | Title III<br><br>Case No. 17-01578 (LTS)<br><br>Case No. 17-01599<br><br>(Jointly Administered)<br><br>**Re: Docket No. ___** |

**ORDER PURSUANT TO PROMESA SECTION 304(g)**
**AND BANKRUPTCY RULE 1015(b) DIRECTING JOINT**
**ADMINISTRATION OF TITLE III CASES AND GRANTING RELATED RELIEF**

Upon the *Motion of Debtors Pursuant to PROMESA Section 304(g) and Bankruptcy Rule 1015(b) for Entry of Order Directing Joint Administration of Title III Cases and Granting Related Relief* (the "Motion");[1] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

1.      The Motion is granted as set forth herein.

2.      The above-captioned Title III Cases are consolidated for procedural purposes only

and shall be jointly administered by this Court under lead Case No. 17-01578 (LTS).

3.      The caption of the jointly administered cases shall read as follows:

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | Title III |
| COMMONWEALTH OF PUERTO RICO, *et al.*,[2] | Case No. 17-(01578) (LTS) |
| Debtors. | (Jointly Administered) |

4.      An entry shall be made on the docket of COFINA's Title III Case (but not on the

docket of the Commonwealth's Title III Case), substantially as follows:

> An order has been entered in accordance with PROMESA section
> 304(g) and Federal Rule of Bankruptcy Procedure 1015(b), made
> applicable to this title III case by PROMESA section 310, directing
> the procedural consolidation and joint administration of the title III
> cases of the Commonwealth of Puerto Rico and its affiliated
> debtors.  All further pleadings and other papers shall be filed in,
> and all further docket entries shall be made in, lead Case No. 17-
> 01578 (LTS).

5.      To the extent a party files a motion, pleading, application, objection, reply,

response or other similar court filing (any or all of the foregoing, a "Court Filing") applicable to

one and only one of the Debtors, such party shall supplement the above case caption with a

second case caption (positioned immediately underneath the main caption above) with the name

of the particular Debtor and respective title III case number implicated by the party's Court

Filing.

---

[2] The Debtors in these title III cases are the: (i) Commonwealth of Puerto Rico; and (ii) Puerto
Rico Sales Tax Financing Corporation (COFINA).

6.      The Clerk of the United States District Court for the District of Puerto Rico (the "Clerk's Office") shall maintain one consolidated docket and one file for the Title III Cases.  The notice, claims, and solicitation agent for the Title III Cases shall maintain one consolidated service list on behalf of the Clerk's Office.

7.      Nothing contained in the Motion or this order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors' cases.

8.      Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

9.      The Debtors and the Oversight Board, as the Debtors' representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this order in accordance with the Motion.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.


Dated: May_____, 2017                    _____
       San Juan, Puerto Rico                Honorable Laura T. Swain
                                            United States District Judge