**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | Title III |
| COMMONWEALTH OF PUERTO RICO, and | Case No. 17-01578 (LTS) |
| PUERTO RICO SALES TAX FINANCING CORPORATION, | Case No. 17-01599 |
| Debtors. | (Joint Administration Requested) |

**MOTION OF DEBTORS PURSUANT
TO PROMESA SECTION 315, BANKRUPTCY CODE
SECTIONS 105(a) AND 923, AND BANKRUPTCY RULES 2002, 9007, AND
9008 FOR ORDER APPROVING FORM OF NOTICE OF COMMENCEMENT
OF TITLE III CASES AND RELATED MATTERS, APPROVING MANNER
OF SERVICE AND PUBLICATION THEREOF, AND GRANTING RELATED RELIEF**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Sales

Tax Financing Corporation ("COFINA," and together with the Commonwealth, the "Debtors"),

by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight

Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight,*

*Management, and Economic Stability Act* ("PROMESA"),[1] respectfully submit this motion (the

"Motion"), pursuant to sections 105(a) and 923 of title 11 of the United States Code (the

"Bankruptcy Code"), made applicable to these cases by PROMESA section 301, and Rules 2002,

9007, and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made

applicable to these cases by PROMESA section 310, for entry of an order, substantially in the

form attached hereto as **Exhibit A** (the "Proposed Order"), (i) approving the notice to be

provided to creditors and other parties in interest notifying them of the commencement of these

title III cases and related matters, in the form attached to the Proposed Order as **Exhibit 1** (the

"Title III Notice"), (ii) approving the manner of service and publication of the Title III Notice,

---

[1] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

and (iii) granting related relief.  In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction and Venue

1.     The United States Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Motion pursuant to PROMESA section 306(a).

2.     Venue is proper in this district pursuant to PROMESA section 307(a).

3.     The statutory predicates for the relief sought herein are Bankruptcy Code sections 105(a) and 923 and Bankruptcy Rules 2002, 9007, and 9008, made applicable to these title III cases by PROMESA sections 301(a) and 310, respectively.

## Background

4.     On June 30, 2016, the Oversight Board was established under PROMESA section 101(b).  On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

5.     Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this title is the representative of the debtor[s]" and "may take any action necessary on behalf of the debtor[s] to prosecute the case[s] of the debtor[s], including filing a petition under section 304 of [PROMESA] . . . or otherwise generally submitting filings in relation to the case[s] with the court."

6.     On September 30, 2016, the Oversight Board designated the Debtors as covered entities under PROMESA section 101(d).

7.     On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the

Commonwealth pursuant to section 304(a) of PROMESA, commencing a case under title III thereof (the "Commonwealth's Title III Case").

8.    On May 5, 2017,  the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA pursuant to PROMESA section 304(a), commencing a case under title III thereof ("COFINA's Title III Case," and together with the Commonwealth's Title III Case, the "Title III Cases").

9.    Contemporaneously herewith, the Debtors filed a motion seeking the joint administration of the Title III Cases, for procedural purposes only, pursuant to PROMESA section 304(g) and Bankruptcy Rule 1015, made applicable to these Title III Cases by PROMESA section 310.

10.    Background information regarding the Commonwealth and its instrumentalities, and the commencement of these Title III Cases, is contained in the *Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* [D.I. 1], attached to the Commonwealth's title III petition.

### Relief Requested

11.     By this Motion, the Debtors seek entry of an order, approving the form of the Title III Notice, approving the manner of service and publication of the Title III Notice, and granting related relief.

### Basis for Relief

12.    Bankruptcy Code section 923, made applicable to these Title III Cases by PROMESA section 301(a), provides:

> There shall be given notice of the commencement of a case under this chapter, notice of an order for relief under this chapter, and notice of the dismissal of a case under this chapter. Such notice shall also be published at least once a week for three successive

3

weeks in at least one newspaper of general circulation published within the district in which the case is commenced, and in such other newspaper having a general circulation among bond dealers and bondholders as the court designates.[2]

11 U.S.C. § 923.

13.     The notice requirement of Bankruptcy Code section 923 is intended to serve the requirements of due process.  *See* 6 COLLIER ON BANKRUPTCY ¶ 923.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. rev. 2017); *see also Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action.").

14.     Pursuant to Bankruptcy Rules 2002(m), 9007, and 9008, the Debtors seek the Court's approval of the proposed form and manner of service and publication of the Title III Notice.  Bankruptcy Rule 2002(m) states that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."  Fed. R. Bankr. P. 2002(m).  Pursuant to Bankruptcy Rule 9007, "[w]hen notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given."  Fed. R. Bankr. P. 9007. Further, pursuant to Bankruptcy Rule 9008, "[w]henever these rules require or authorize service or notice by publication, the court shall, to the extent not otherwise specified in these rules, determine the form and manner thereof, including the newspaper or other medium to be used and the number of publications."  Fed. R. Bankr. P. 9008.

---

[2]  PROMESA section 301(d) deems references to "this chapter" under the Bankruptcy Code as references to title III of PROMESA.

15.     In accordance with Bankruptcy Code section 923, the Title III Notice provides due and proper notice of the commencement of these Title III Cases and the order for relief.[3] The Title III Notice also provides notice of the "automatic stay" as it applies under title III of PROMESA—which will alert parties of the general injunction preventing the assertion of their claims outside these Title III Cases.[4]

### Proposed Manner of Service and Publication

*Service of Title III Notice*

16.     The Debtors propose to serve the Title III Notice to those creditors and parties in interest identified on the Debtors' initial service list (the "Initial Service List") maintained by the Debtors' proposed claims and noticing agent, Prime Clerk LLC (the "Claims and Noticing Agent").   The Initial Service List includes:  (a)  creditors holding the largest twenty (20) unsecured claims against each Debtor; (b) counsel to certain insurers and trustees of the bonds issued or guaranteed by the Debtors; (c) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; (d) any local or federal agencies that regulate the Debtors or any bonds issued or guaranteed by the Debtors; (e) all parties filing a notice of appearance in these Title III Cases; and (f) to the extent not included in one of the preceding categories, the Notice Parties (as defined in paragraph 21 below).[5]

---

[3] The commencement of a title III case constitutes "an order for relief."  PROMESA section 304(c).

[4] The automatic stay is implemented through Bankruptcy Code sections 362 and 922, made applicable to these Title III Cases by PROMESA section 301(a).

[5] By separate motion filed contemporaneously herewith, the Debtors are seeking an order fixing the time by which the Debtors must file their list of creditors pursuant to Bankruptcy Code section 924 (the "Creditor List"), made applicable to these Title III Cases by PROMESA section 301(a).  In addition to serving the Title III Notice on the Initial Service List, the Debtors propose to serve the Title III Notice on each party identified on the Creditor List within seven (7) days after the Creditor List is filed with this Court.

17.     The Debtors shall file proof of service with the Court no later than fourteen (14)

days after service of the Title III Notice on the Initial Service List.  Further, the Debtors propose

that, promptly following the Court's approval of the Title III Notice, the Debtors shall cause the

Title III Notice to be posted on the website maintained by the proposed Claims and Noticing

Agent at https://cases.primeclerk.com/puertorico.

***Publication of Title III Notice***

18.     The Debtors also propose to publish the Title III Notice, consistent with the

requirements of Bankruptcy Code section 923 and Bankruptcy Rule 9008.  Specifically, the

Debtors propose to publish the Title III Notice, once a week for three consecutive weeks, in *El

Nuevo Día* (in Spanish) and *Caribbean Business* (in English), both of which are "newspaper[s]

of general circulation published within the district in which the case is commenced."  11 U.S.C.

§ 923.[6]  Publication in *El Nuevo Día* and *Caribbean Business* will provide reasonable notice of

these Title III Cases to the residents of the Commonwealth and to the Debtors' creditors.

19.     To provide additional notice, the Debtors also propose to publish the Title III

Notice once a week for three consecutive weeks in *The Bond Buyer*, "which is a newspaper

having a general circulation among bond dealers and bondholders." *Id*.  Publication in *The Bond

Buyer* will provide reasonable notice to holders and dealers of the bonds issued by the Debtors.

Courts have designated *The Bond Buyer* as a "newspaper having a general circulation among

bond dealers and bondholders," that satisfies the requirements under Bankruptcy Code

section 923.  *See, e.g., In re City of Detroit*, Ch. 9 Case No. 13-53846 (Bankr. E.D. Mich.

Aug. 6, 2013) [D.I. 296]; *In re Jefferson Cty.*, Ch. 9 Case No. 11-05736 (Bankr. N.D. Ala.

---

[6] The Debtors are looking into the cost and timing of publication in these newspapers, and
reserve the right to substitute other newspapers if necessary or appropriate prior to the hearing
on this Motion.

Nov. 11, 2011) [D.I. 90]. Accordingly, the Debtors request that the Court designate *The Bond Buyer* as an appropriate newspaper of general circulation among bond dealers and bondholders.

20. Based upon the foregoing, publication and mailing of the Title III Notice in the manner described above is appropriate to serve the purposes of Bankruptcy Code section 923 and will provide sufficient notice to parties in interest of these Title III Cases.

## Notice

21. The Debtors have provided notice of this Motion to the following parties (the "Notice Parties"): (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against each Debtor; (d) the Office of the United States Attorney for the District of Puerto Rico; (e) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority on behalf of the Governor of Puerto Rico; (f) the Puerto Rico Department of Justice; (g) the Other Interested Parties;[7] and (h) all parties filing a notice of appearance in these Title III Cases. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

22. No prior request for the relief sought in this Motion has been made to this or any other court.

---

[7] The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

WHEREFORE the Debtors respectfully request the Court to enter the Proposed Order, (a) granting the Motion, (b) approving the Title III Notice, and approving and authorizing the manner of service and publication thereof, and (c) granting the Debtors such other relief as is just and proper.

Dated: May 9, 2017
     San Juan, Puerto Rico

Respectfully submitted,

/s/   Martin J. Bienenstock

Martin J. Bienenstock
Scott K. Rutsky
Paul V. Possinger
Ehud Barak
Maja Zerjal
(Admission Pro Hac Vice pending)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the*
*Financial Oversight and*
*Management Board as representative for the*
*Debtors*

/s/   Hermann D. Bauer

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the*
*Financial Oversight and*
*Management Board as representative for the*
*Debtors*

8

## Exhibit A

## Proposed Order

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>COMMONWEALTH OF PUERTO RICO, and<br><br>PUERTO RICO SALES TAX<br>FINANCING CORPORATION,<br><br>                         Debtors. | Title III<br><br>Case No. 17-01578 (LTS)<br><br>Case No. 17-01599<br><br>(Joint Administration Requested)<br><br>**Re: Docket No. \_\_\_** |

**ORDER PURSUANT TO
PROMESA SECTION 315, BANKRUPTCY
CODE SECTIONS 105(a) AND 923, AND BANKRUPTCY RULES 2002, 9007,
AND 9008 APPROVING FORM OF NOTICE OF COMMENCEMENT OF
TITLE III CASES AND RELATED MATTERS, APPROVING MANNER
OF SERVICE AND PUBLICATION THEREOF, AND GRANTING RELATED RELIEF**

Upon the *Motion of Debtors Pursuant to PROMESA Section 315, Bankruptcy Code sections 105(a) and 923, and Bankruptcy Rules 2002, 9007, and 9008, for Order Approving Form of Notice of Title III Cases, Approving Manner of Service and Publication Thereof, and Granting Related Relief* (the "Motion")[1] seeking entry of an order (i) approving the form of notice, substantially in the form attached hereto as Exhibit 1 (the "Title III Notice") of the commencement of these Title III Cases and of the entry of the order for relief and related matters, (ii) the manner of service and publication of the Title III Notice, and (iii) granting related relief; and the Court having found it has jurisdiction over this matter pursuant to PROMESA section 306; and it appearing that venue of these cases and the Motion in this district is proper pursuant to PROMESA section 307; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

the Motion under the circumstances and that no other or further notice is required; and the Court

having reviewed the Motion and having heard statements in support of the Motion at a hearing

held before the Court (the "Hearing"); and the Court having determined that the legal and factual

bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

and any objections to the relief requested herein having been withdrawn or overruled on the

merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY**

**ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The form of the Title III Notice, substantially in the form attached hereto as

**Exhibit 1**, is approved pursuant to Bankruptcy Code section 923, made applicable in these cases

pursuant to PROMESA section 301.

3.      The Debtors shall cause the Title III Notice to be published once a week for three

consecutive weeks, with the first publication to occur within seven days after the entry of this

order or as soon thereafter as is practicable, in (a) *El Nuevo Día* (in Spanish); (b) *Caribbean

Business* (in English); and (c) *The Bond Buyer*. The Debtors shall file with the Court proof of

publication not later than fourteen (14) days after the last publication. In addition, in its

discretion, the Debtors may post the Title III Notice on the Electronic Municipal Market Access

database at https://emma.msrb.org. The Debtors may modify the Title III Notice as necessary or

appropriate to conform such notice to publication, and may reformat the Title III Notice to

minimize the number of pages for service.

4.      The Debtors shall also cause the Title III Notice to be served on the Initial Service

List. The Debtors shall file with the Court proof of service no later than fourteen (14) days after

service of the Title III Notice on the Initial Service List. Further, the Debtors shall promptly

cause the Title III Notice to be posted on the website maintained by the Claims and Noticing

Agent at https://cases.primeclerk.com/puertorico. In addition to serving the Title III Notice on

the Initial Service List, the Debtors shall serve the Title III Notice on each party identified on the

Creditor List within seven (7) days after the Creditor List is filed with this Court.

5.      The service and publication of the Title III Notice in accordance with this order

provides sufficient notice of these Title III Cases, and satisfies the requirements of PROMESA

and of Bankruptcy Code section 923.

6.      Notwithstanding any applicability of any Bankruptcy Rule, the terms and

conditions of this order shall be immediately effective and enforceable upon its entry.

7.      The Debtors and the Oversight Board are authorized to take all actions, and to

execute all documents, necessary or appropriate, to effectuate the relief granted in this order in

accordance with the Motion.

8.      This Court shall retain exclusive jurisdiction to hear and determine any

and all disputes related to or arising from the implementation, interpretation and

enforcement of this order.


Dated: May_____, 2017
        San Juan, Puerto Rico                    _____
                                                 Honorable Laura T. Swain
                                                 United States District Judge

## **Exhibit 1**

**Notice of Title III Cases**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>COMMONWEALTH OF PUERTO RICO, and<br><br>PUERTO RICO SALES TAX<br>FINANCING CORPORATION,<br><br>Debtors. | Title III<br><br>Case No. 17-01578 (LTS)<br><br>Case No. 17-01599<br><br>(Joint Administration Requested) |

**NOTICE OF COMMENCEMENT OF CASES UNDER TITLE III
OF PROMESA, ENTRY OF ORDER FOR RELIEF AND RELATED MATTERS**

**TO ALL CREDITORS OF THE DEBTORS, AND TO OTHER PARTIES IN INTEREST,
PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Commencement of Title III Cases and Orders for Relief**

On May 3, 2017 (the "Commonwealth's Petition Date"), the Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Commonwealth's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] filed a petition (the "Commonwealth's Petition") with the United States District Court for the District of Puerto Rico (the "Court") under title III of PROMESA.

On May 5, 2017, the Puerto Rico Sales Tax Financing Corporation ("COFINA," and together with the Commonwealth, the "Debtors"), by and through the Oversight Board, as COFINA's representative pursuant to PROMESA section 315(b), filed a petition ("COFINA's Petition," and together with the Commonwealth's Petition, the "Petitions") with the Court under title III or PROMESA.  The filings of the Petitions constitute orders for relief under title III of PROMESA.

---

[1]  PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

On May 9, 2017, the Debtors filed a motion seeking the joint administration of the title III cases (the "Title III Cases"), for procedural purposes only, pursuant to PROMESA section 304(g) and Bankruptcy Rule 1015, made applicable to these Title III Cases by PROMESA section 310.

These Title III Cases are pending before the Honorable Laura T. Swain, United States District Judge.

**General Case Information**

All documents filed in the above-captioned Title III Cases are available free of charge by accessing the website maintained by Prime Clerk LLC (the "Claims and Noticing Agent") at https://cases.primeclerk.com/puertorico (the "Case Website") or by contacting the proposed Claims and Noticing Agent directly at (844)-822-9231 (toll free for U.S. and Puerto Rico) or (646)-486-7944 (for international callers). You may also obtain copies of any documents by visiting the Court's website at www.prd.uscourts.gov in accordance with the procedures and fees set forth therein.

**Purpose of the Title III Cases**

Title III of PROMESA provides a means for a covered territory (such as the Commonwealth) or a covered instrumentality (such as COFINA) that has encountered financial difficulty to work with its creditors to adjust its debts. To that end, certain sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (hereinafter, the "Bankruptcy Code") are incorporated in and made applicable to cases under title III of PROMESA.

During these Title III Cases, the Debtors will remain in possession and control of its property, and will continue to maintain its functions and provide services for the benefit of the citizens of Puerto Rico. Under PROMESA, however, the Oversight Board is the representative

2

of the Debtors (as debtors in these Title III Cases) and may take any action necessary on behalf of the Debtors to prosecute these Title III Cases. Under PROMESA, only the Oversight Board may file a plan of adjustment for the Debtors. In that regard, the Oversight Board (as representative of the Debtors) intends to propose a plan for the adjustment of the Debtors' debts. Future notice concerning any such plan will be provided pursuant to the form and manner of notice ordered by the Court. The Title III filings for the Debtors should not preclude efforts to continue voluntary debt restructuring negotiations and to seek consensual agreements with creditors.

Background information regarding the Commonwealth and its instrumentalities, and the commencement of these Title III Cases, is contained in the *Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* [D.I. 1], attached to the Commonwealth's Petition, which is available, free of charge, by accessing the Case Website.

**Automatic Stay**

Pursuant to Bankruptcy Code sections 362 and 922, which are made applicable in these Title III Cases, the filing of the Debtors' Petitions operates as an automatic stay of actions against the Debtors, including, among other things: the commencement or continuation of a judicial, administrative, or other action or proceeding against the Debtors or against an officer or inhabitant of the Debtors that was or could have been commenced before the commencement of these Title III Cases, or to recover a claim against the Debtors or against an officer or inhabitant of the Debtors that arose before the commencement of the Titles III Cases.

**Motion to Limit Notice**

The Debtors also requested the Court to enter an order limiting notice of filings in the Debtors' Title III Cases to certain creditors and interested parties. If you wish to receive notices

3

in these Title III Cases, you are encouraged to file with the Clerk of Court a written request for

service of papers in accordance with Bankruptcy Rules 2002 and 9010(b), which are applicable

in these Title III Cases. The request should include the following: (a) the requesting party's

name, address, and telephone number; (b) the name and address of the requesting party's

counsel, if any; (c) an e-mail address at which the requesting party may be served; (d) an address

by which the requesting party may be served by U.S. mail, hand delivery, and/or overnight

delivery; (e) a facsimile number for the requesting party, if applicable; and (f) the requesting

party's relationship to the Debtor's case (*e.g.*, trade creditor, interested party, etc.).

**Inquiries**

Inquiries about the matters described herein may be directed to: (a) the Claims and

Noticing Agent, at the contact information listed above, (b) the Oversight Board's counsel,

Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, (212) 969-3000 (Attn:

Martin J. Bienenstock, Esq., Scott K. Rutsky, Esq., and Paul V. Possinger, Esq.), or (c) counsel

to the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, 7

Times Square, New York, NY 10036, (212) 326-2000 (Attn: John J. Rapisardi, Esq., Suzzanne

Uhland, Esq., and Peter Friedman, Esq.).