## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | Title III |
| COMMONWEALTH OF PUERTO RICO, and | Case No. 17-01578 (LTS) |
| PUERTO RICO SALES TAX FINANCING CORPORATION, | Case No. 17-01599 |
| Debtors. | (Joint Administration Requested) |

## MOTION OF DEBTORS FOR
## ORDER (A) IMPOSING AND RENDERING APPLICABLE LOCAL
## BANKRUPTCY RULES TO THESE TITLE III CASES, (B) AUTHORIZING
## ESTABLISHMENT OF CERTAIN NOTICE, CASE MANAGEMENT,
## AND ADMINISTRATIVE PROCEDURES, AND (C) GRANTING RELATED RELIEF

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Sales

Tax Financing Corporation ("COFINA," and together with the Commonwealth, the "Debtors"),

by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight

Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight,*

*Management, and Economic Stability Act* ("PROMESA"),[1] respectfully submit this motion (the

"Motion"), pursuant to sections 102(1) and 105 of title 11 of the United States Code (the

"Bankruptcy Code"), made applicable to these cases by PROMESA section 301(a),

Rules 2002(m) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), made applicable to these cases by PROMESA section 310, and Rule 1 of the Local Civil

Rules for the United States District Court for the District of Puerto Rico (the "Local District

Court Rules") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the

"Proposed Order"):

---

[1]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

(a) imposing and rendering applicable to these cases the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico (the "Local Bankruptcy Rules");

(b) approving and implementing the notice, case management, and administrative procedures annexed as **Exhibit 1** (the "Case Management Procedures") to the Proposed Order; and

(c) granting certain related relief.

In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction and Venue

1.      The United States Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Motion pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

3.      The statutory predicates for the relief sought herein are (i) Bankruptcy Code sections 102(1) and 105(a), made applicable to these title III cases by PROMESA section 301(a), (ii) Bankruptcy Rules 2002(m) and 9007, made applicable to these title III cases by PROMESA section 310, and (iii) Local District Court Rule 1.

## Background

4.      On June 30, 2016, the Oversight Board was established under PROMESA section 101(b).  On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

5.      Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this title is the representative of the debtor[s]" and "may take any action necessary on behalf of the debtor[s] to prosecute the case[s] of the debtor[s], including filing a petition under section 304 of [PROMESA] . . . or otherwise generally submitting filings in relation to the case[s] with the court."

2

6.     On September 30, 2016, the Oversight Board designated the Debtors as covered entities under PROMESA section 101(d).

7.     On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to section 304(a) of PROMESA, commencing a case under title III thereof (the "Commonwealth's Title III Case").

8.     On May 5, 2017,  the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA pursuant to PROMESA section 304(a), commencing a case under title III thereof ( "COFINA's Title III Case," and together with the Commonwealth's Title III Case, the "Title III Cases").

9.     Contemporaneously herewith, the Debtors filed a motion seeking the joint administration of the Title III Cases, for procedural purposes only, pursuant to PROMESA section 304(g) and Bankruptcy Rule 1015, made applicable to these Title III Cases by PROMESA section 310.

10.     Background information regarding the Commonwealth and its instrumentalities, and the commencement of these Title III Cases, is contained in the *Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* [D.I. 1], attached to the Commonwealth's title III petition.

**Case Management Procedures**

11.     These Title III Cases—the first of their kind—are, and will be, complex.  The Debtors estimate the potential creditor pool alone will be in the tens of thousands, with thousands of other parties also having an interest in these cases.  Given the sheer number of parties and anticipated complexities arising in this process, the Debtors submit that appropriate case

management procedures, including the adoption of the Local Bankruptcy Rules, which work in tandem with the Bankruptcy Rules that already apply in these cases, will ease the administrative burdens placed on the Court, provide interested parties with a predictable scheduling of hearings, afford due process, limit costs associated with overly broad noticing where appropriate, and otherwise aid in the efficient and orderly administration of these cases.  Accordingly, the Debtors request the adoption of the Local Bankruptcy Rules and the approval of the Case Management Procedures to achieve these goals without impacting interested parties' substantive rights.

12.     The specific Case Management Procedures are set forth in detail on **Exhibit 1** annexed to the Proposed Order.  Generally, the Case Management Procedures, among other things: (a) establish requirements for filing and serving notices, expedited relief, motions, applications, declarations, objections, responses, memoranda, briefs, supporting documentation, and other documents filed in these Title III Cases (collectively, the "Court Papers"); (b) delineate standards for notices of hearings and agendas; (c) fix periodic omnibus hearing dates and articulate mandatory guidelines for the scheduling of hearings and objection deadlines; and (d) limit matters required to be heard by the Court.

13.     Given the size and scope of these Title III Cases, the Debtors submit implementation of the Case Management Procedures will facilitate service of Court Papers that will be less burdensome and costly than serving such pleadings on every potentially interested party.  This will maximize the efficiency and orderly administration of these Title III Cases, while at the same time ensuring that appropriate notice is provided, particularly to parties who have made express requests for notice in these Title III Cases and those directly affected by a request for relief.

14.     In particular, the proposed Case Management Procedures will:

4

a.      reduce the need for emergency hearings and requests for expedited relief;

b.      provide for an advance schedule of "omnibus hearings"[2] at which the Court may consider motions, pleadings, applications, objections and responses thereto;

c.      foster consensual resolution of important matters;

d.      assure prompt receipt of appropriate notice affecting parties' interests;

e.      allow for electronic notice pursuant to the Court's electronic filing system;

f.      provide ample opportunity for parties in interest to prepare for and respond to matters before this Court;

g.      reduce the substantial administrative and financial burden that would otherwise be placed on the Debtors and other parties in interest who file documents in these Title III Cases; and

h.      reduce the administrative burdens on the Court and the Clerk's office.

15.     To ensure that parties in interest in these Title III Cases are made aware of the Case Management Procedures (if approved by this Court), the Debtors propose to: (a) serve the Case Management Procedures on the Master Service List (as defined in the Case Management Procedures), and (b) publish the Case Management Procedures on the website maintained by the Debtors' proposed claims and noticing agent, Prime Clerk LLC at https://cases.primeclerk.com/puertorico.  Should the Case Management Procedures be modified during these Title III Cases, the Debtors will (i) ensure that updated versions of the Case Management Procedures are available on the Case Website, (ii) file notice of such updated procedures electronically on the Court's docket, and (iii) serve such updated procedures in accordance with the then-current Case Management Procedures.

---

[2]   An omnibus hearing is a hearing at which the Court may hear a variety of different matters relating to these Title III Cases.  In large, complex bankruptcy cases under chapter 9 or chapter 11 of the Bankruptcy Code, it is customary for the bankruptcy court to schedule omnibus hearings so it may address many ongoing contested matters at once.  The Court's scheduling of omnibus hearings will likewise greatly facilitate the administration of these Title III Cases, which will inevitably have numerous contested matters.

5

## Relief Requested

16.     By this Motion, the Debtors request entry of an order: (a) imposing and rendering applicable the Local Bankruptcy Rules for these Title III Cases; (b) approving and implementing the Case Management Procedures; and (c) granting certain related relief.  The Debtors further request that, to the extent the Case Management Procedures conflict with the Bankruptcy Rules, the Local District Court Rules, or the Local Bankruptcy Rules, the Case Management Procedures shall govern and supersede such rules.

## Basis for Relief

**A.     Incorporation of Local Bankruptcy Rules**

17.     Pursuant to Local District Court Rule 1(f), this Court may "modify the requirements or provisions" of the Local District Court Rules in a particular case by written order.  *See* D.P.R. L.R. 1(f).  As noted above, under PROMESA, the Bankruptcy Rules are made applicable to title III cases.  *See* PROMESA section 310.  The Debtors request that the Court adopt the Local Bankruptcy Rules and make them applicable to these Title III Cases.  Such relief should facilitate the efficient administration of these cases because the Local Bankruptcy Rules work in tandem with the Bankruptcy Rules, which, as noted, are already applicable to these cases.  For instance, the Local Bankruptcy Rules address matters relating to the automatic stay, proofs of claim, and plans of reorganization (or in these Title III Cases, plans of adjustment).  In contrast, the Local District Court Rules are silent on these and similar matters implicating provisions of the Bankruptcy Code.  Further, the Local Bankruptcy Rules already incorporate all the Local District Court Rules to the extent a procedural matter is not covered by the Local Bankruptcy Rules, so the Local Bankruptcy Rules and the Local District Court Rules were

designed to coexist harmoniously.[3]   Accordingly, the Debtors request that this Court adopt the

Local Bankruptcy Rules for these Title III Cases.

### B.      Approval and Implementation of the Case Management Procedures

18.     As to the noticing provisions of the Case Management Procedures, the Court may

grant the relief requested pursuant to Bankruptcy Rules 2002(m) and 9007, which empower a

court with the general authority to regulate the method and manner by which notices are

provided.  Bankruptcy Rule 2002(m) states that "[t]he court may from time to time enter orders

designating the matters in respect to which, the entity to whom, and the form and manner in

which notices shall be sent except as otherwise provided by these rules."  Fed. R. Bankr. P.

2002(m).  Pursuant to Bankruptcy Rule 9007, "[w]hen notice is to be given under these rules, the

court shall designate, if not otherwise specified herein, the time within which, the entities to

whom, and the form and manner in which the notice shall be given."  *Id*. 9007.   These

Bankruptcy Rules thus provide this Court the discretion to designate the appropriate form and

manner of notice in these Title III Cases.

19.     Finally, this Court may grant the requested relief under Bankruptcy Code

sections 102(1) and 105.  Bankruptcy Code section 102(1) provides that where an action requires

"notice and a hearing," such action may occur "after such notice as is appropriate in the

particular circumstances, and such opportunity for a hearing as is appropriate in the particular

circumstances . . . ."  11 U.S.C. § 102(1)(A).  Bankruptcy Code section 105 further provides that

a court "may issue any order, process or judgment that is necessary or appropriate to carry out

---

[3]     Pursuant to Local Bankruptcy Rule 1001-1(b), all the Local District Court Rules are
incorporated into the Local Bankruptcy Rules to the extent the Local District Court Rules are
not inconsistent with the Local Bankruptcy Rules.  Further, Local Bankruptcy Rules 1001-
1(d) and 2090-1 specifically incorporate Local District Court Rules 43, 56, 65, 83A, and
83K(b) into the Local Bankruptcy Rules to the extent they are not inconsistent with the Local
Bankruptcy Rules.

the provisions of this title." *Id.* § 105(a). Therefore, the Debtors submit that omnibus hearings and electronic notice, whenever possible, should be permitted to alleviate the burden on the Debtors, the Court, the Clerk of the Court, and other parties in interest.

20.     Ultimately, approval of the Case Management Procedures will promote the efficient and orderly administration of these Title III Cases by, among other things: (a) limiting service of documents filed in the case to parties that have an interest in the subject matter thereof; (b) authorizing electronic service; and (c) fixing monthly omnibus hearings. The Case Management Procedures do not seek to waive or otherwise affect the substantive rights of any party to these Title III Cases, and, therefore, should be approved and implemented.

21.     Courts have regularly granted relief similar to the relief requested herein in both chapter 9 cases and large chapter 11 cases under the Bankruptcy Code. *See, e.g.*, *In re Jefferson Cty.*, Ch. 9 Case No. 11-5736 (Bankr. N.D. Ala. Nov. 11, 2011) [D.I. 89]; *In re SunEdison, Inc.*, Ch. 11 Case No. 16-10992 (Bankr. S.D.N.Y. May 20, 2016) [D.I. 360]; *In re GT Advanced Techs.*, Ch. 11 Case No. 14-11916 (Bankr. D. N.H. Oct. 9, 2014) [D.I. 83].

22.     Based upon the foregoing, the Debtors submit that the relief requested herein is appropriate and in the best interests of the Debtors and their creditors.

**<u>Notice</u>**

23.     The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against each Debtor; (d) the Office of the United States Attorney for the District of Puerto Rico; (e) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority on behalf of the Governor of Puerto Rico; (f) the Puerto Rico Department of Justice;

(g) the Other Interested Parties;[4] and (h) all parties filing a notice of appearance in these Title III

Cases.  The Debtors submit that, in light of the nature of the relief requested, no other or further

notice need be given.

### Reservation of Rights

24.     The Debtors file this Motion without prejudice to or waiver of its rights pursuant

to PROMESA section 305,[5] and do not by this Motion provide any consent otherwise required

by section 305.

### No Prior Request

25.     No prior request for the relief sought in this Motion has been made to this or any

other court.


*[Remainder of Page Intentionally Left Blank]*

---

[4] The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and
trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc
groups of holders of bonds issued or guaranteed by the Debtors.

[5] PROMESA section 305 provides: "Subject to the limitations set forth in titles I and II of this
Act, notwithstanding any provision in this title to the contrary, unless the Oversight Board
consents or the plan so provides, the court may not, by any stay, order, or decree, in the case or
otherwise, interfere with — (1) any of the political or governmental powers of the debtor; (2)
any of the property or revenues of the debtor; or (3) the use or enjoyment by the debtor of any
income-producing property."

WHEREFORE the Debtors respectfully requests that this Court enter the Proposed Order (a) granting the Motion, (b) imposing and rendering applicable the Local Bankruptcy Rules to these Title III Cases, (c) approving the Case Management Procedures, (d) establishing the initial omnibus hearing dates for these Title III Cases, and (e) granting the Debtors such other relief as is just and proper.

Dated: May 9, 2017
     San Juan, Puerto Rico

Respectfully submitted,

*/s/*   Martin J. Bienenstock

Martin J. Bienenstock
Scott K. Rutsky
Paul V. Possinger
Ehud Barak
Maja Zerjal
(Admission Pro Hac Vice pending)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*/s/*   Hermann D. Bauer

*Attorneys for the*
*Financial Oversight and*
*Management Board as representative for the*
*Debtors*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the*
*Financial Oversight and*
*Management Board as representative for the*
*Debtors*

## **Exhibit A**

**Proposed Order**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>COMMONWEALTH OF PUERTO RICO, and<br><br>PUERTO RICO SALES TAX<br>FINANCING CORPORATION,<br><br>                  Debtors. | Title III<br><br>Case No. 17-01578 (LTS)<br><br>Case No. 17-01599<br><br>(Joint Administration Requested)<br><br>**Re: Docket No. ___** |

### ORDER (A) IMPOSING AND RENDERING APPLICABLE LOCAL BANKRUPTCY RULES TO THESE TITLE III CASES, (B) AUTHORIZING ESTABLISHMENT OF CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES, AND (C) GRANTING RELATED RELIEF

Upon the *Motion of Debtors for Order (A) Imposing and Rendering Applicable Local Bankruptcy Rules to These Title III Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief* (the "Motion");[1] and the Court having found it has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to section 307(a) of PROMESA; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard the statements of counsel in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

overruled on the merits; and upon the record herein, after due deliberation thereon, the Court having found that good and sufficient cause exists for the granting of the relief as set forth herein,

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.       The Motion is granted as set forth herein.

2.       The Local Bankruptcy Rules are imposed for and made applicable to these Title III Cases (and all other title III cases filed by affiliates of the Debtors that are jointly administered with these Title III Cases, if any).

3.       The Case Management Procedures, as set forth on **Exhibit 1** hereto, are approved and shall govern all applicable aspects of these Title III Cases (and all other title III cases filed by affiliates of the Debtors jointly administered with these Title III Cases, if any), except as otherwise ordered by the Court.

4.       To the extent the Case Management Procedures conflict with the Bankruptcy Rules, the Local District Court Rules, or the Local Bankruptcy Rules, the Case Management Procedures shall govern and supersede such rules.

5.       The first four omnibus hearings in these Title III Cases (and all other title III cases filed by affiliates of the Debtors jointly administered with these Title III Cases, if any) are scheduled as follows:

- __:___ a.m. on the ____ day of _____, 2017;
- __:___ a.m. on the ____ day of _____, 2017;
- __:___ a.m. on the ____ day of _____, 2017; and
- __:___ a.m. on the ____ day of _____, 2017.

2

6.      The Debtors' claims and noticing agent is authorized and directed to establish a case website, where, among other things, the Case Management Procedures, and also key dates and information about these Title III Cases will be posted.

7.      Notwithstanding the applicability of any Bankruptcy Rule, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

8.      The Debtors and the Oversight Board, as the Debtors' representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this order in accordance with the Motion.

9.      The Court shall retain exclusive jurisdiction to hear and determine any and all matters arising from or related to the implementation, interpretation, and enforcement of this order.

Dated: May_____, 2017
         San Juan, Puerto Rico                    _____
                                                   Honorable Laura T. Swain
                                                   United States District Judge

## **Exhibit 1**

**Case Management Procedures**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | Title III |
| COMMONWEALTH OF PUERTO RICO, and | Case No. 17-01578 (LTS) |
| PUERTO RICO SALES TAX FINANCING CORPORATION, | Case No. 17-01599 |
| Debtors. | (Joint Administration Requested) |

## NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] filed a title III case (the "Commonwealth's Title III Case") for the Commonwealth by issuing a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filing a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a).

On May 5, 2017, the Oversight Board, as representative of the Puerto Rico Sales Tax Financing Corporation ("COFINA," and together with the Commonwealth, the "Debtors") pursuant to section PROMESA 315(b), filed a title III case ("COFINA's Title III Case," and together with the Commonwealth's Title III Case, the "Title III Cases") for COFINA by issuing a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filing a voluntary petition for relief for COFINA pursuant to PROMESA section 304(a).

On May 9, 2017, the Debtors filed a motion seeking the joint administration of these Title III Cases, for procedural purposes only, pursuant to PROMESA section 304(g) and Bankruptcy Rule 1015, made applicable to these Title III Cases by PROMESA section 310.

On _____, 2017, the Court entered an order (the "Procedures Order"): (a) incorporating the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Bankruptcy Rules") for these Title III Cases, (b) approving and implementing the notice, case management, and administrative procedures (collectively, the "Case Management Procedures"), and (c) granting certain related relief.

Anyone may obtain a copy of the Procedures Order, as well as any document filed with the Court in these Title III Cases by:  (a) accessing the website maintained by Prime Clerk LLC (the "Claims and Noticing Agent") at https://cases.primeclerk.com/puertorico (the "Case Website"); (b) contacting the Claims and Noticing Agent directly at (844)-822-9231 (toll free for U.S. and Puerto Rico) or (646)-486-7944 (for international callers); or (c) for a nominal fee, accessing the

---

[1] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

PACER system on the Court's website at www.prd.uscourts.gov.  Finally, paper copies of all pleadings filed in these Title III Cases may be available from the Court.

Pursuant to the Procedures Order, all notices, motions, applications, briefs, memoranda, affidavits, declarations, objections, responses, replies, and other documents filed in these Title III Cases are subject to, and will not be deemed properly served, unless they are served in accordance with, these Case Management Procedures.

Additionally, while the Bankruptcy Rules and the Local Bankruptcy Rules apply to these Title III Cases, to the extent there is a conflict between the foregoing and the Case Management Procedures, the Case Management Procedures govern in all respects.

**ALL PARTIES IN INTEREST ARE STRONGLY ENCOURAGED TO REVIEW THESE CASE MANAGEMENT PROCEDURES IN THEIR ENTIRETY AND CONSULT THEIR OWN LEGAL COUNSEL WITH RESPECT TO THE MATTERS DISCUSSED HEREIN PRIOR TO FILING ANY DOCUMENTS IN THESE TITLE III CASES.**

**Case Management Procedures**

**I.    General Case Administration and Pleadings**

A.    The Claims and Noticing Agent is authorized to establish the Case Website available at https://cases.primeclerk.com/puertorico, where, among other things, key dates and information about these Title III Cases will be posted.

B.    All documents filed in these Title III Cases, including, but not limited to, all notices, motions, applications, other requests for relief, all briefs, memoranda, affidavits, declarations, and other documents filed in support of such papers seeking relief (collectively, the "Pleadings"), objections or responses to the Pleadings (the "Objections"), statements related thereto ("Statements"), and replies thereto (the "Replies" and together with the Pleadings, the Statements, and the Objections, the "Documents") shall be filed electronically with the Court on the docket of *In re Commonwealth of Puerto Rico*, Case No. 17-01578 (the "Docket"), by registered users of the Court's case filing system in searchable portable document format ("PDF").

C.    A hearing notice ("Notice of Hearing") shall be filed and served concurrently with all Pleadings and shall include the following:  (i) the title of the Pleading; (ii) the parties upon whom any Objection to the Pleading is required to be served; (iii) the date and time of the applicable Objection Deadline (as defined below); (iv) the date of the hearing at which the Pleading shall be considered by the Court; and (v) a statement that the relief requested may be granted without a hearing if no Objection is timely filed and served in accordance with the Case Management Procedures.

D.    The applicable Objection Deadline and hearing date shall appear on the upper right corner of the first page of the Notice of Hearing and on the upper right corner of the

2

first page of each Pleading. The applicable hearing date shall appear on the upper right corner of the first page of any filed Objection.

E.    Unless prior permission has been granted, memoranda of law in support of motions or Objections are limited to thirty-five (35) pages and memoranda of law in support of Replies are limited to fifteen (15) pages. All memoranda shall be double-spaced, 12-point font, with 1" margins. Memoranda of ten (10) pages or more shall contain a table of contents and a table of authorities. The page(s) with the case caption shall not be counted for purposes of the foregoing page limits.

F.    Nothing in the Case Management Procedures shall prejudice the right of any party to move the Court to request relief under Bankruptcy Code section 107(b) or Bankruptcy Rule 9018 to protect: (i) any entity with respect to a trade secret or confidential research, development, or commercial information, or (ii) any person with respect to a scandalous or defamatory matter, or personally identifiable information, contained in a Document filed in these Title III Cases.

## II.    Service

A.    All Documents shall be served, in the manner descried herein, on the following parties (collectively, the "Standard Parties"):

(i)      Chambers of the Honorable Laura T. Swain;
          United States District Court for the District of Puerto Rico
          150 Carlos Chardón Street,
          Federal Building, Office 150,
          San Juan, P.R. 00918-1767

(ii)     Office of the United States Trustee for Region 21
          Edificio Ochoa, 500 Tanca Street, Suite 301
          San Juan, PR 00901-1922

(iii)    Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF)

          Puerto Rico Fiscal Agency and Financial Advisory Authority
          Roberto Sánchez Vilella (Minillas) Government Center
          De Diego Ave. Stop 22
          San Juan, Puerto Rico 00907
          Attn:    Gerardo J. Portela Franco
                    Mohammad Yassin, Esq.
          E-Mail:  Gerardo.Portela@aafaf.pr.gov
                    Mohammad.Yassin@aafaf.pr.gov

(iv)    Counsel for AAFAF

          O'Melveny & Myers LLP
          7 Times Square

3

New York, New York 10036
Attn:    John J. Rapisardi, Esq.
        Suzzanne Uhland, Esq.
        Peter Friedman, Esq.
        Diana M. Perez, Esq.
E-Mail:  jrapisardi@omm.com
        suhland@omm.com
        pfriedman@omm.com
        dperez@omm.com

    (v)    <u>Counsel for the Oversight Board</u>:

| Proskauer Rose LLP | O'Neill & Borges LLC |
|---|---|
| Eleven Times Square | 250 Muñoz Rivera Ave., Suite 800 |
| New York, New York 10036-8299 | San Juan, PR 00918-1813 |
| Attn:  Martin J. Bienenstock | Attn:    Hermann D. Bauer, Esq. |
|       Scott K. Rutsky | E-Mail:  herman.bauer@oneillborges.com |
|       Paul V. Possinger | |
|       Ehud Barak | |
|       Maja Zerjal | |
| E-Mail:  mbienenstock@proskauer.com | |
|       srutsky@proskauer.com | |
|       ppossinger@proskauer.com | |
|       ebarak@proskauer.com | |
|       mzerjal@proskauer.com | |

    (vi)    attorneys for any statutory committee of unsecured claimholders appointed in these Title III Cases (the "<u>Creditors' Committee</u>"), or until such time as any committee is appointed, the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims.

    (vii)    counsel to any other statutory committee appointed in these Title III Cases.

    (viii)    all parties filing a notice of appearance in these Title III Cases.

B.    All Documents shall be served, in the manner described herein, on any person or entity with a particularized interest in the subject matter of a certain Document (each, an "<u>Affected Party</u>").

C.    For purposes of service pursuant to Bankruptcy Rules 7004(b)(6), 7004(b)(9), and 7004(g), all service to the Debtors shall be made both to counsel to the Oversight Board and counsel to AAFAF, as listed above.

D.    Any creditor or party-in-interest that wishes to receive notice in these Title III Cases and is not otherwise entitled to notice pursuant to the Case Management Procedures shall file a notice of appearance (a "<u>Notice of Appearance</u>") and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b) and the Case

Management Procedures. The Notice of Appearance shall include the following: (i) the requesting party's name, address, and telephone number; (ii) the name and address of the requesting part's counsel, if any; (iii) the requesting party's email address for service by electronic transmission; (iv) the requesting party's address for service by U.S. mail, hand delivery, and/or overnight delivery; and (v) the requesting party's facsimile number for service by facsimile. Notwithstanding Bankruptcy Rules 2002 and 9010(b), no request for service filed in these Title III Cases shall have any effect unless the foregoing requirements are satisfied. Any creditor or party-in-interest that files a Notice of Appearance and request for service of papers in accordance with the Case Management Procedures shall receive notice via electronic transmission. Any individual or entity that does not maintain and cannot practicably obtain an email address must include in its Notice of Appearance a certification stating the same. Notice will be provided to these individuals or entities by U.S. mail, overnight delivery, or facsimile at the Debtors' discretion.

E.     The Claims and Noticing Agent shall maintain a master service list (the "Master Service List"), which shall include all persons and entities that have filed a Notice of Appearance pursuant to Bankruptcy Rules 2002 and 9010(b) and the Case Management Procedures (the "Rule 2002 Parties") and the Standard Parties. The Master Service List shall contain addresses, facsimile numbers, and email addresses. The Claims and Noticing Agent shall use reasonable efforts to update the Master Service List as often as practicable, but in no event less frequently than every thirty (30) days. The Master Service List and any updates thereto shall be filed electronically on the Court's website, ecf.prd.uscourts.gov, and on the Case Website commencing as of the date that is no later than ten (10) days from the date hereof.

F.     Pleadings and Objections must be served on the Master Service List and any Affected Parties. Replies and Documents filed in adversary proceedings are not required to be served on the Master Service List.

G.     The proceedings with respect to which notice is limited to the Master Service List shall include all matters covered by Bankruptcy Rule 2002, with the express exception of the following: (a) notice of (i) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c) and (ii) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and plan; and (b) notice and transmittal of ballots for accepting or rejecting a plan, which notices shall be given in accordance with Bankruptcy Rule 2002 and other applicable Bankruptcy Rules, unless otherwise ordered by the Court or otherwise prescribed by the Bankruptcy Code.

H.     Pleadings related to a compromise or settlement must be served on the Master Service List and any Affected Parties, but need not be served on all creditors.

I.     Parties shall serve the Standard Parties and the Affected Parties by U.S. mail, overnight delivery, hand delivery or, with the exception of the Court and the U.S. Trustee, facsimile.

J.      Any of the Standard Parties and the Affected Parties may request service by email, and if such request is made, such parties may be served by email in accordance with the Case Management Procedures.

K.     Parties shall be authorized to serve all Documents on the Rule 2002 Parties by email, with the exception of the U.S. Trustee.

L.      All Documents served by email shall include access to an attached file containing the entire Document, including the proposed form(s) of order and any exhibits, attachments and other relevant materials in PDF format, readable by Adobe Acrobat or an equivalent program.  Notwithstanding the foregoing, if a Document cannot be annexed to an email (because of its size, technical difficulties or otherwise), the party serving the Document may, in its sole discretion:  (i) serve the entire Document by U.S. mail or overnight delivery, including the proposed form(s) of order and any exhibits, attachments and other relevant materials or (ii) email the parties being served and include a notation that the Document cannot be annexed and will be (a) mailed if requested or (b) posted on the Case Website.

M.    Service by email shall be effective as of the date the Document is sent to the email address provided by the party.  If service is made by email, the Debtors shall not be required to serve a paper copy of the Document on interested parties and email service shall satisfy the Court's rules for service.

N.     If a party entitled to notice of a Document does not have an email address or an email address is not available in the Master Service List, the party shall be served by U.S. mail, overnight delivery, facsimile, or hand delivery, the choice of the foregoing being in the sole discretion of the party who is required to serve.

O.     Upon the completion of noticing any particular matter, the party seeking relief shall file with the Court within three (3) business days either an affidavit of service or a certification of service attaching the list of parties that received notice; provided, however, that parties shall not be required to serve the affidavits of service on such recipients.

## III.   Scheduling

A.     The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings (the "Omnibus Hearings") at which Pleadings shall be heard.  Upon scheduling, the Claims and Noticing Agent shall post the date of the Omnibus Hearings on the Case Website.  The first four Omnibus Hearings shall be scheduled for the following dates and times:

- __:____ a.m. on the ____ day of _____, 2017;

- __:____ a.m. on the ____ day of _____, 2017;

- __:____ a.m. on the ____ day of _____, 2017; and

- \_\_:\_\_\_\_ a.m. on the \_\_\_\_ day of _____, 2017.

B.  Subject to consultation with Chambers, hearings in connection with individual and omnibus claim objections, applications for professional compensation and reimbursement, pre-trial conferences, asset sales and trials related to adversary proceedings, approval of a disclosure statement, confirmation of a plan, and any other Pleading filed by the Debtors may be scheduled for dates other than the Omnibus Hearing dates; provided, however, that hearings in connection therewith may be scheduled on a non-Omnibus Hearing date only after consultation with counsel to the Oversight Board and counsel to the Debtors (which consultation shall occur as soon as practicable); provided, however, that initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be set on the next available Omnibus Hearing date that is at least 45 days after the filing of the complaint; provided, further, that hearings on all other Pleadings, except for those Pleadings specifically referenced in this Paragraph "B," filed by any party must be scheduled for an Omnibus Hearing except for a Pleading requiring emergency relief.

C.  If a Document is filed by a party other than the Debtors and purports to set a hearing date inconsistent with the Case Management Procedures (an "Inconsistent Filing"), the hearing shall be scheduled without the necessity of Court order for the first Omnibus Hearing date after the applicable notice period has expired and all applicable deadlines shall be accordingly extended, and the Debtors shall provide such party with notice of the Case Management Procedures within three (3) business days of receipt of the Inconsistent Filing.

D.  If a movant or applicant other than the Debtors determines that a motion or application requires emergency or expedited relief, the movant or applicant shall contact counsel for (i) the Oversight Board; (ii) the Debtors; and (iii) the Creditors' Committee (if any), each by telephone, and request that the motion or application be considered on an expedited basis. If the Oversight Board, the Debtors, and/or the Creditors' Committee disagrees with the movant's or applicant's determination regarding the emergency or expedited nature of the relief requested, the movant or applicant shall (y) inform the Court of the disagreement by telephone, and (z) arrange for a Chambers conference, telephonic or in-person, to be held to discuss the disagreement. If the Court agrees with the position of the movant or applicant regarding the necessity for expedited consideration, the movant or applicant may, by order to show cause, request an expedited hearing.

E.  In the event that the Debtors seek emergency, shortened, or expedited relief, then the Debtors shall telephonically contact the Creditors' Committee's (if any) counsel, and counsel to any of the directly affected Standard Parties (in each case a "Relevant Party") advising that the Debtors will seek that the motion or application be considered on an expedited basis. If the Creditors' Committee (if any) or any Relevant Party disagrees with the Debtors' determination regarding the emergency or expedited nature of the relief requested, the Debtors shall (i) inform the Court of the disagreement by telephone; and (ii) arrange for a Chambers conference, telephonic or in-person, to be held among the Court, the Oversight Board's counsel, Creditors'

Committee's counsel, and counsel to any Relevant Party to discuss the disagreement. If the Court agrees with the position of the Debtors regarding the necessity for expedited consideration, the Debtors may proceed with its request for an expedited hearing.

F.      If a Pleading seeks relief pursuant to Bankruptcy Rule 2002(a) or Bankruptcy Rule 2002(b), the hearing to consider such Pleading shall be set in accordance with the time period set forth in Bankruptcy Rules 2002(a) and (b) and 9006.  For all other Pleadings, with the exception of Pleadings filed pursuant to the Presentment Procedures (as described below), Pleadings shall not be considered unless filed and served in accordance with the Case Management Procedures at least seventeen (17) calendar days before the next applicable hearing date (if such seventeenth (17th) day is a date other than a business day, such Pleading must be filed and served by the first business day preceding such date); provided, however, that nothing in the Case Management Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) and (c).

G.      Notwithstanding the immediately preceding paragraph, a party may present a proposed order addressing administrative matters for approval by the Court; provided, however, that the presentment of a proposed order for administrative relief must be filed and served at least seven (7) calendar days before the presentment date, and Objections thereto must be filed and served at least one (1) calendar day before presentment date (the "Presentment Procedures").

H.      The deadline to file an Objection (the "Objection Deadline") to any Pleading shall be (i) 4:00 p.m. (Prevailing Eastern Time) on the date that is seven (7) calendar days before the applicable hearing date or (ii) any date otherwise ordered by the Court. The Objection Deadline may be extended with the consent of the movant or applicant. If such an extension has been agreed upon, the parties need not file a stipulation or other pleading with the Court reflecting the extension; provided, however, that movant shall provide notice of the extension to Chambers.  The Objection shall not be considered timely unless filed with the Court and received by the Standard Parties on or before the applicable Objection Deadline. All parties filing an Objection shall include their telephone number, facsimile number, and email in the signature block on the last page of the Objection.

I.      If any Pleading, including a Stay Relief Motion (as defined below), is adjourned, the Objection Deadline with respect thereto shall be extended to 4:00 p.m. (Prevailing Eastern Time) on the date that is seven (7) calendar days prior to the applicable hearing and all other applicable deadlines shall be likewise extended.

J.      The deadline to file Replies, joinders to an Objection, or any Statement shall be: (i) 4:00 p.m. (Prevailing Eastern Time) on the date that is two (2) calendar days before the applicable hearing date or (ii) any date and time otherwise ordered by the Court; provided, however, that the deadline for the Debtors and the Creditors'

Committee shall be 4:00 p.m. (Prevailing Eastern Time) on the date that is one (1) calendar day before the applicable hearing date.

K.      Sur-replies shall not be permitted or considered unless authorized by the Court.

L.      Two (2) business days before a scheduled hearing, the Debtors shall file with the Court an agenda (the "Agenda") setting forth each matter to be heard at the hearing (updated after the initial submission, if necessary) and shall serve the Agenda by email or facsimile on (i) the Standard Parties, (ii) the Rule 2002 Parties, and (iii) any party that filed Documents referenced in the Agenda; provided, however, that an Agenda shall not be required where the Debtors have less than 48 hours' notice of a hearing.

M.      The Agenda shall include, to the extent known by the Debtors:  (i) the docket number and title of each matter scheduled to be heard at the hearing, including the initial filing and any Objections, Statements, Replies, or Documents related thereto; (ii) whether the matter is contested or uncontested; (iii) whether the matter has been settled or is proposed to be continued; (iv) the identification number of any proof(s) of claim(s) implicated in the Document; and (v) other comments that will assist the Court; provided, however, that the matters listed on the Agenda shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

N.      The Agenda may include notice of matters that have been consensually adjourned to a later hearing date in lieu of parties filing a separate notice of such adjournment.

O.      In the event a matter is properly noticed for hearing and the parties reach an agreement to settle the dispute prior to the hearing, the parties may announce the settlement at the scheduled hearing; provided, however, that the parties notify counsel for the Oversight Board, as representative of the Debtors, and the Creditors' Committee of such agreement as soon as practicable prior to the hearing.  In the event the Court determines that notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.  In the event the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Case Management Procedures and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

P.      Notwithstanding anything contained herein, a motion for relief from the automatic stay (a "Stay Relief Motion") in accordance with Bankruptcy Code section 362 shall be noticed for consideration on the Omnibus Hearing Date that is at least 21 days after the Stay Relief Motion is filed and notice thereof is served upon counsel for the Oversight Board, as representative of the Debtors.  Unless otherwise ordered by the Court, the Objection Deadline with respect thereto shall be the later to occur of (i) fourteen (14) calendar days after the date of filing and service of the Stay Relief

Motion and (ii) three (3) calendar days prior to the hearing scheduled with respect thereto.

Q. Notwithstanding Bankruptcy Code section 362(e), if a Stay Relief Motion is scheduled in accordance with the Case Management Procedures for, or adjourned to a hearing date that falls on or after, the thirtieth (30th) day after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under Bankruptcy Code section 362(d) and shall be deemed to have waived its right to assert the termination of the automatic stay under Bankruptcy Code section 362(e).

## IV.   Other Case Management Procedures

A. Nothing in the Procedures Order shall prejudice the rights of any party in interest to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause.

B. The Debtors may seek to amend the Case Management Procedures from time to time throughout these Title III Cases, and shall present such amendments to the Court by notice of presentment in accordance with the Case Management Procedures.

C. Within three (3) business days of entry of the Procedures Order, the Claims and Noticing Agent shall serve a printed copy of the Procedures Order upon all parties on the Master Service List and post a copy of the Procedures Order on the Case Website.

D. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of the Procedures Order.


Dated: _____, 2017