**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | Title III |
| COMMONWEALTH OF PUERTO RICO, and | Case No. 17-01578 (LTS) |
| PUERTO RICO SALES TAX FINANCING CORPORATION, | Case No. 17-01599 |
| Debtors. | (Joint Administration Requested) |

**MOTION OF DEBTORS FOR ENTRY OF
ORDER (A) FIXING DATES TO FILE CREDITOR MATRIX AND
LIST OF CREDITORS AND (B) WAIVING LOCAL BANKRUPTCY RULE
1007-1 TO THE EXTENT SUCH RULE IS APPLICABLE TO THESE TITLE III CASES**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Sales

Tax Financing Corporation ("COFINA," and together with the Commonwealth, the "Debtors"),

by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight

Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight,*

*Management, and Economic Stability Act* ("PROMESA"),[1] respectfully submit this motion (the

"Motion"), pursuant to section 924 of title 11 of the United States Code (the "Bankruptcy

Code"), made applicable to these cases by PROMESA section 301(a), and rule 1007 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to these

cases by PROMESA section 310, for entry of an order, substantially in the form attached hereto

as **Exhibit A** (the "Proposed Order"), (a) fixing June 30, 2017, as the date by which the Debtors

must file the creditor mailing matrix (the "Creditor Matrix"); (b) fixing August 30, 2017, as the

date by which the Debtors must file the full list of creditors with claim amounts pursuant to

Bankruptcy Code section 924 (the "Creditor List"); (c) waiving, to the extent such rule is

---

[1] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

applicable to these title III cases, the requirements under rule 1007-1 of the Local Bankruptcy

Rules for the District of Puerto Rico (the "Local Bankruptcy Rules")[2] that may otherwise require

the Debtors to file the Creditor List within two days after the date of commencement of these

cases; and (d) granting certain related relief.  In support of this Motion, the Debtors respectfully

represent as follows:

## Jurisdiction and Venue

1.      The United States District Court for the District of Puerto Rico (the "Court") has

subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2.      Venue is proper pursuant to PROMESA section 307(a).

3.      The statutory predicates for the relief sought herein are Bankruptcy Code section

924 and Bankruptcy Rule 1007, made applicable to these title III cases by PROMESA sections

301(a) and 310, respectively.

## Background

4.      On June 30, 2016, the Oversight Board was established under PROMESA section

101(b).  On August 31, 2016, President Obama appointed the Oversight Board's seven voting

members.

5.      Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this

title is the representative of the debtor[s]" and "may take any action necessary on behalf of the

debtor[s] to prosecute the case[s] of the debtor[s], including filing a petition under section 304 of

---

[2] Concurrently herewith, the Debtors have filed the *Motion of Debtors for an Order (A) Adopting the Local Bankruptcy Rules for these Title III Cases, (B) Authorizing the Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief*, which requests, among other things, this Court to incorporate the Local Bankruptcy Rules for these Title III Cases.

[PROMESA] . . . or otherwise generally submitting filings in relation to the case[s] with the court."

6. On September 30, 2016, the Oversight Board designated the Debtors as covered entities under PROMESA section 101(d).

7. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to section 304(a) of PROMESA, commencing a case under title III thereof (the "Commonwealth's Title III Case").

8. On May 5, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA pursuant to PROMESA section 304(a), commencing a case under title III thereof ( "COFINA's Title III Case," and together with the Commonwealth's Title III Case, the "Title III Cases").

9. Contemporaneously herewith, the Debtors filed a motion seeking the joint administration of the Title III Cases, for procedural purposes only, pursuant to PROMESA section 304(g) and Bankruptcy Rule 1015, made applicable to these Title III Cases by PROMESA section 310.

10. Background information regarding the Commonwealth and its instrumentalities, and the commencement of these Title III Cases, is contained in the *Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* [D.I. 1], attached to the Commonwealth's title III petition.

## Relief Requested

11. By this Motion, the Debtors seek entry of an order: (i) fixing June 30, 2017, as the date by which the Debtors must file the Creditor Matrix with the Court pursuant to Bankruptcy

3

Rule 1007(a), and (ii) fixing August 30, 2017, as the date by which the Debtors must file the

Creditor List with the Court pursuant to Bankruptcy Code section 924.  In connection with such

relief, the Debtors seek a waiver of the filing and noticing requirements under Local Bankruptcy

Rule 1007-1, to the extent applicable to these Title III Cases, that may otherwise require the

Debtors to file the Creditor Matrix and/or Creditor List within two days after the petition date.

### Basis for Relief

12.     Bankruptcy Code section 924, made applicable to these Title III Cases by

PROMESA section 301(a), provides a "debtor shall file a list of creditors."  11 U.S.C. § 924.

Further, under Bankruptcy Rule 1007(a), made applicable to these Title III Cases by PROMESA

section 310, a debtor in a voluntary case must "file with the petition a list containing the name

and address of each entity included or to be included on Schedules D, E/F, G, and H as

prescribed by the Official Forms."  Fed. R. Bankr. P. 1007(a)(1).  While the Bankruptcy Code is

silent on when a chapter 9 debtor must file the creditor list under Bankruptcy Code section 924,

Bankruptcy Rule 1007(e) provides the Court shall fix the time by which the debtor must file the

list of creditors under Bankruptcy Rule 1007(a).  *See* Fed. R. Bankr. P. 1007(e).[3]

13.     As a result of the overwhelming number of creditors, the Debtors need extra time

to prepare and review their creditor information to ensure both the Creditor Matrix and the

Creditor List filed with the Court are as comprehensive and accurate as practicable.

---

[3] Bankruptcy Rule 1007(e) specifically refers to a "debtor in a chapter 9 municipality case."
Because PROMESA incorporates numerous provisions that are applicable to chapter 9 debtors,
the provisions of Bankruptcy Rule 1007(e) should apply here.  Alternatively, to the extent
Bankruptcy Rule 1007(e) is inapplicable to these Title III Cases, this Court may grant the relief
requested in this Motion pursuant to Bankruptcy Code section 105(a) and Bankruptcy
Rule 1007(a)(5).  Bankruptcy Rule 1007(a)(5) provides "any extension of time for the filing of
the lists required by [Bankruptcy Rule 1007(a)] may be granted only on motion for cause
shown," and Bankruptcy Code section 105(a) provides this Court with broad powers to enter
any order "necessary and appropriate" to facilitate the administration of a bankruptcy case.

14.     To prepare the Creditor Matrix and Creditor List, the Debtors must compile information from books, records, and other documents relating to a multitude of claims (including bond claims, claims for goods and services provided to the Debtors, employee claims, and claims arising under contractual arrangements).  This information is voluminous and often is not electronically accessible, which will require the Debtors to manually review the information and input it into a centralized database.  This information is also not stored in a single location— the Debtors will need to gather the requisite information from approximately 118 different agencies.  Creditor-related information also may be in English and/or in Spanish, which further delays importing the claim information into a Creditor List.  As a result, collection of the necessary information will require a considerable expenditure of time and effort.  Nevertheless, the Debtors intend to complete the Creditor Matrix and the Creditor List as quickly as possible under the circumstances.  Accordingly, the Debtors request this Court to fix June 30, 2017, as the date by which it will file its Creditor Matrix, without prejudice to the Debtors' right to seek further extensions.

15.     Furthermore, the Debtors anticipate an additional 60 days after filing the Creditor Matrix will be necessary to provide them with sufficient time to review the claim amounts for the creditors provided on the Creditor Matrix and prepare, review, and file the Creditor List that includes claim amounts for each creditor.  The Debtors believe this approach is in the best interests of the Debtors and their creditors because it allows for the Creditor Matrix to be filed as soon as practicable, while ensuring claim amounts are sufficiently reviewed and as accurate as possible prior to filing the Creditor List.  The Debtors further believe having a comprehensive and accurate Creditor List at the outset will facilitate an efficient claims reconciliation process, which is necessary to the fair and expeditious administration of these Title III Cases.

**Waiver of Local Bankruptcy Rule 1007-1, if Applicable**

16.     Concurrently herewith, the Debtors have filed the *Motion of Debtors for Order (A) Imposing and Rendering Applicable Local Bankruptcy Rules to these Title III Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief*, which requests, among other things, this Court to incorporate the Local Bankruptcy Rules for these Title III Cases.  Local Bankruptcy Rule 1007-1 provides, among other things, a Court may dismiss a bankruptcy proceeding if a debtor fails to file its list of creditors within two days after the petition date.[4]  The Debtors submit this Local Bankruptcy Rule is designed for cases governed by the requirements of Bankruptcy Code section 521, which requires debtors in cases other than chapter 9 to file the list of creditors on the petition date.  Section 521, however, is not incorporated into PROMESA and, therefore, it is not applicable here.  Out of an abundance of caution, to the extent, if any, Local Bankruptcy Rule 1007-1 applies to these Title III Cases and requires an immediate filing, the Debtors seek a waiver of this rule.

**Notice**

17.     The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against each Debtor; (d) the Office of the United States Attorney for the District of Puerto Rico; (e) counsel to the Puerto Rico Fiscal Agency and Financial Advisory

---

[4]  Local Bankruptcy Rule 1007-1(d) provides "[u]pon filing the petition, the debtor may receive a 'Notice of Deficient Filing and Notice of Possible Dismissal' indicating which documents are missing and giving the debtor two (2) days to file the required documents.  If, after the expiration of the stated time period or any court authorized extension thereof, the debtor fails to timely file the required documents, the clerk shall enter an order of dismissal without further notice."

Authority on behalf of the Governor of Puerto Rico; (f) the Puerto Rico Department of Justice;

(g) the Other Interested Parties;[5] and (h) all parties filing a notice of appearance in these Title III

Cases.  The Debtors submit, in light of the nature of the relief requested, no other or further

notice need be given.

### Reservation of Rights

18.     The Debtors file this Motion without prejudice to or waiver of its rights pursuant

to PROMESA section 305,[6] and do not by this Motion provide any consent otherwise required

by section 305.

### No Prior Request

19.     No prior request for the relief sought in this Motion has been made to this or any

other court.


*[Remainder of Page Intentionally Left Blank]*

---

[5] The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

[6] PROMESA section 305 provides: "Subject to the limitations set forth in titles I and II of this Act, notwithstanding any provision in this title to the contrary, unless the Oversight Board consents or the plan so provides, the court may not, by any stay, order, or decree, in the case or otherwise, interfere with — (1) any of the political or governmental powers of the debtor; (2) any of the property or revenues of the debtor; or (3) the use or enjoyment by the debtor of any income-producing property."

WHEREFORE the Debtors respectfully request the Court enter the Proposed Order, (a)

granting the relief requested in this Motion and (b) granting the Debtors such other and further

relief as is just and proper.

Dated: May 9, 2017
      San Juan, Puerto Rico

Respectfully submitted,

/s/   Martin J. Bienenstock

Martin J. Bienenstock
Scott K. Rutsky
Paul V. Possinger
Ehud Barak
Maja Zerjal
(Admission Pro Hac Vice pending)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the*
*Financial Oversight and*
*Management Board as representative for the*
*Debtors*

/s/   Hermann D. Bauer

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the*
*Financial Oversight and*
*Management Board as representative for the*
*Debtors*

8

**Exhibit A**

**Proposed Order**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | Title III |
| COMMONWEALTH OF PUERTO RICO, and | Case No. 17-01578 (LTS) |
| PUERTO RICO SALES TAX FINANCING CORPORATION, | Case no. 17-01599 |
| Debtors. | (Joint Administration Requested) |
| | **Re: Docket No.** ___ |

**ORDER (A) FIXING DATES TO FILE CREDITOR MATRIX AND LIST OF
CREDITORS AND (B) WAIVING LOCAL BANKRUPTCY RULE 1007-1
TO THE EXTENT SUCH RULE IS APPLICABLE TO THESE TITLE III CASES**

Upon the *Motion of Debtors for Entry of Order (A) Fixing the Dates to File Creditor Matrix and List of Creditors and (B) Waiving Local Bankruptcy Rule 1007-1 to the Extent Such Rule is Applicable to these Title III Cases* (the "Motion");[1] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard the statements of counsel in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and upon the

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

record herein, after due deliberation thereon, the Court having found that good and sufficient cause exists for the granting of the relief set forth herein,

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      On or before June 30, 2017, the Debtors shall file the Creditor Matrix pursuant to Bankruptcy Rule 1007(a), made applicable to these Title III Cases by PROMESA section 310. Upon the filing of the Creditor Matrix, the Debtors shall be deemed to have satisfied any applicable requirements under Bankruptcy Rule 1007(a).

3.      On or before August 30, 2017, the Debtors shall file the Creditor List pursuant to Bankruptcy Code section 924, made applicable to these Title III Cases by PROMESA section 301(a).  Upon the filing of the Creditor List, the Debtors shall be deemed to have satisfied all requirements under Bankruptcy Code section 924.

4.      The relief granted herein is without prejudice to the Debtors' right to seek further extensions of time to file the Creditor Matrix and Creditor List, to file a motion to modify the contents of the Creditor Matrix and Creditor List, or to amend the Creditor Matrix and Creditor List during these Title III Cases.

5.      The filing and noticing requirements of Local Bankruptcy Rule 1007-1, to the extent such rule is applicable to these Title III Cases, are waived for these Title III Cases.

6.      Nothing herein is intended to, shall constitute, or shall be deemed to constitute the Oversight Board's consent, pursuant to PROMESA section 305, to this Court's interference with (a) any of the political or governmental powers of the Debtors, (b) any of the property or revenues of the Debtors, or (c) the use or enjoyment of the Debtors of any income-producing property.

2

7.      Notwithstanding the applicability of any Bankruptcy Rule, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

8.      The Debtors and the Oversight Board, as the Debtors' representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this order in accordance with the Motion.

9.      This Court shall retain exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation, and enforcement of this order.

Dated: May_____, 2017                    _____
       San Juan, Puerto Rico                Honorable Laura T. Swain
                                            United States District Judge

3