UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>COMMONWEALTH OF PUERTO RICO, and<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>Debtors. | Title III<br><br>Case No. 17-01578 (LTS)<br><br>Case No. 17-01599<br><br>(Joint Administration Requested) |

### MOTION OF DEBTORS PURSUANT TO BANKRUPTCY CODE SECTION 105(a) FOR ENTRY OF ORDER CONFIRMING AUTHORITY OF BANKS TO CONTINUE HONORING INSTRUCTIONS AND PAYMENT INSTRUMENTS WITH RESPECT TO THE DEBTORS' BANK ACCOUNTS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Sales Tax Financing Corporation ("COFINA," and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] respectfully submit this motion (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these title III cases by PROMESA section 301(a), for entry of an order confirming the authority of the Debtors' banks (the "Banks") to continue honoring transfers, deposits, and withdrawals to or from the Debtors' depository, disbursement, and other accounts (the "Bank Accounts") without incurring any liability therefor. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

84003376_20; 1

**Jurisdiction and Venue**

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2. Venue is proper pursuant to PROMESA section 307(a).

3. The statutory basis for the relief requested herein is Bankruptcy Code section 105(a), made applicable to these title III cases by PROMESA section 301(a).

**Background**

4. On June 30, 2016, the Oversight Board was established under PROMESA section 101(b). On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

5. Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this title is the representative of the debtor[s]" and "may take any action necessary on behalf of the debtor[s] to prosecute the case[s] of the debtor[s], including filing a petition under section 304 of [PROMESA] . . . or otherwise generally submitting filings in relation to the case[s] with the court."

6. On September 30, 2016, the Oversight Board designated the Debtors as covered entities under PROMESA section 101(d).

7. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to section 304(a) of PROMESA, commencing a case under title III thereof (the "Commonwealth's Title III Case").

8. On May 5, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA

pursuant to PROMESA section 304(a), commencing a case under title III thereof ("COFINA's Title III Case," and together with the Commonwealth's Title III Case, the "Title III Cases").

9. On May 9, 2017, the Debtors filed a motion seeking the joint administration of the Title III Cases, for procedural purposes only, pursuant to PROMESA section 304(g) and Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to these Title III Cases by PROMESA section 310 [D.I. 41].

10. Background information regarding the Commonwealth and its instrumentalities, and the commencement of these Title III Cases, is contained in the *Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* [D.I. 1], attached to the Commonwealth's title III petition.

**Relief Requested**

11. By this Motion, the Debtors request entry of an order confirming the authority of the Banks to continue honoring authorized transfers, deposits, and withdrawals to or from the Bank Accounts without incurring any liability therefor.

12. While Bankruptcy Code section 363 does not apply in the Title III Cases,[2] this Motion has been filed to: (a) aid in the administration of the Title III Cases; and (b) provide notice to the Banks that they may (i) honor all authorized transfer, deposit, and withdrawal instructions and receive, process, honor, and/or pay all checks presented for payment or authorized payment requests (collectively, the "Instructions and Payment Instruments") relating to the Bank Accounts, whether such Instructions and Payment Instruments were presented and/or submitted before or after the Petition Date, and (ii) rely on the Debtors' designation of any

---

[2] *See* PROMESA section 301(a), which does not incorporate Bankruptcy Code section 363.

particular Instruction and Payment Instrument without any Bank duty of further inquiry and without incurring any liability therefor.

### Basis for Relief

13. Bankruptcy Code section 105, made applicable to these Title III Cases by PROMESA section 301(a), authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."[3] As Bankruptcy Code section 363 is not incorporated into PROMESA,[4] the Debtors may use, sell, or lease their property without regard to the restrictions set forth therein. This outcome is consistent with PROMESA section 305, which restricts the Court's power to interfere with the Debtors' use or enjoyment its property or revenues.[5] Accordingly, the Debtors are already authorized to continue using the Bank Accounts.

14. Notwithstanding the inapplicability of Bankruptcy Code section 363 and the restrictions placed on the Court by PROMESA section 305, however, the Banks may be hesitant to receive, process, honor, and/or pay all Instructions and Payment Instruments relating to the

---

[3] 11 U.S.C. § 105(a); *see also* PROMESA section 301(d) (references to "this title" under the Bankruptcy Code are deemed to be references to title III of PROMESA).

[4] *See supra* note 2.

[5] *See* PROMESA section 305(2)-(3) ("notwithstanding any power of the court . . . [it] may not . . . interfere with . . . any of the property or revenue of the debtor . . . or the use or enjoyment by the debtor of any income-producing property."); *see also* 11 U.S.C. § 904 (providing the same in a chapter 9 case under the Bankruptcy Code); *In re Richmond Unified Sch. Dist.*, 133 B.R. 221, 225 (Bankr. N.D. Cal. 1991) ("Section 904 also prohibits the court from interfering with 'any of the property or revenues of the debtor' or with 'the debtor's use or enjoyment of any income producing property' . . . [and] the debtor is free to use, sell or lease property without regard to the restrictions in section 363."); *In re City of Stockton, Cal.*, 486 B.R. 194, 199 (Bankr. E.D. Cal. 2013) ("§ 904 means that the [debtor] can expend its property and revenues during the chapter 9 case as it wishes."); 6 COLLIER ON BANKRUPTCY ¶ 901.04 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. rev. 2017) ("Congress made scrupulous efforts to avoid the application of any section that might permit interference with the political or governmental affairs or powers of the debtor in a municipal debt adjustment case, such as . . . section 363, regulating the disposition by the municipal debtor of its property.").

Bank Accounts or to permit the Debtors to transfer, deposit, and withdraw funds, due to the commencement of the Title III Cases or the Banks' lack of familiarity with PROMESA or the Bankruptcy Code. For example, under chapter 11 of the Bankruptcy Code, corporate debtors generally require authorization from the Court to continue use of prepetition cash management systems due to the applicability of Bankruptcy Code section 363, creating the opportunity for confusion. While such a requirement does not apply to the Debtors' cases, any hesitance by the Banks to follow instructions may cause irreparable harm to the Debtors' ability to provide for the health, safety, and welfare of the Commonwealth's residents.

15. Accordingly, the Debtors seek entry of an order confirming the authority of the Banks to continue honoring Instructions and Payment Instruments relating to the Bank Accounts without incurring any liability therefor. Such an order can be transmitted to the Banks to demonstrate the Debtors' continued authority with respect to the foregoing, and provide notice of the Banks' authority to (a) receive, process, honor, and/or pay all Instructions and Payment Instruments relating to the Bank Accounts, whether such instructions, checks, or requests were presented and/or submitted before or after the Petition Date, and (b) rely on the Debtors' designation of any particular Instruction and Payment Instrument without any Bank duty of further inquiry and without incurring any liability therefor. The Debtors submit that such an order will minimize the opportunity for confusion or misunderstanding, and reduce the need for future court intervention to address any issues related thereto.

## Notice

16. The Debtors have provided notice of this Motion to the following parties (the "Notice Parties"): (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against each Debtor; (d) the Office of the

United States Attorney for the District of Puerto Rico; (e) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority on behalf of the Governor of Puerto Rico; (f) the Puerto Rico Department of Justice; (g) the Other Interested Parties;[6] and (h) all parties filing a notice of appearance in these Title III Cases. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## Reservation of Rights

17. The Debtors file this Motion without prejudice to or waiver of their rights pursuant to PROMESA section 305,[7] and do not by this Motion provide any consent otherwise required by section 305.

## No Prior Request

18. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

---

[6] The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

[7] PROMESA section 305 provides: "Subject to the limitations set forth in titles I and II of this Act, notwithstanding any provision in this title to the contrary, unless the Oversight Board consents or the plan so provides, the court may not, by any stay, order, or decree, in the case or otherwise, interfere with — (1) any of the political or governmental powers of the debtor; (2) any of the property or revenues of the debtor; or (3) the use or enjoyment by the debtor of any income-producing property."

WHEREFORE the Debtors respectfully request the Court to enter the Proposed Order (a) granting the Motion, (b) confirming the Banks' authority to continue honoring instructions, transfers, deposits, and withdrawals to or from the Bank Accounts and to receive, process, honor, and pay all checks presented for payment or payment requests relating to the Bank Accounts without incurring any liability therefor, and (c) granting the Debtors such other relief as is just and proper.

Dated: May 10, 2017
      San Juan, Puerto Rico

Respectfully submitted,

/s/ Martin J. Bienenstock

Martin J. Bienenstock
Scott K. Rutsky
Paul V. Possinger
Ehud Barak
Maja Zerjal
(Admission Pro Hac Vice pending)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the
Financial Oversight and
Management Board as representative for the
Debtors*

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205

**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

84003376_20; 1

7