# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS) |

### LIMITED OBJECTION TO MOTION OF DEBTORS FOR ORDER (A) IMPOSING AND RENDERING APPLICABLE LOCAL BANKRUPTCY RULES TO THESE TITLE III CASES, (B) AUTHORIZING ESTABLISHMENT OF CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES, AND (C) GRANTING RELATED RELIEF
[Dkt. # 43]

Financial Guaranty Insurance Company ("*FGIC*"), by and through its attorneys Rexach & Picó, CSP and Butler Snow LLP, submits this limited objection (the "*Objection*") to the Motion of The Commonwealth of Puerto Rico and the Puerto Rico Sales Tax Financing Corporation (the "*Debtors*"), for Order (A) Imposing and Rendering Applicable Local Bankruptcy Rules to These Title III Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief [Dkt. No. 43] (the "*Motion*").

## OBJECTION

1. Case management orders should be neutral. They should not provide procedural advantages to any particular party. And they should not change the standard local rules of a court in a manner which, at the outset of the case, alters the playing field among the parties-in-interest.

2. Accordingly, FGIC objects to two (2) discrete provisions of the Debtors' proposed Case Management Procedures (the "***Proposed CMO***").

**I. All non-emergency and non-expedited matters, including those raised by the Debtors, must be presented for hearing on the scheduled Omnibus Hearing Dates.**

3. <u>First</u>, an important part of the rationale underlying the Debtors' request for entry of the Proposed CMO is both to provide parties-in-interest with "a predictable scheduling of hearings"[1] and to lessen the financial burdens on the Debtors, other parties-in-interest, the Court and the Clerk.[2] A primary management tool in this regard is the establishment of a series of Omnibus Hearing Dates. *See* the Proposed CMO, pp. 6-7, ¶ III (A). As stated by the Debtors in their Motion:

> An omnibus hearing is a hearing at which the Court may hear a variety of different matters relating to these Title III Cases. In large, complex bankruptcy cases under chapter 9 or chapter 11 of the Bankruptcy Code, it is customary for the bankruptcy court to schedule omnibus hearings so it may address many ongoing contested matters at once. The Court's scheduling of omnibus hearings will likewise greatly facilitate the administration of these Title III Cases, which will inevitably have numerous contested matters.

*See* the Motion, p. 5, fn. 2.

4. Through these pre-scheduled Omnibus Hearing Dates, all parties are able to plan for important upcoming matters. And these matters are presented to the Court in a consolidated fashion which greatly improves both case administration and lessens the financial burden for all parties.

5. However, in paragraph III (B) of the same Proposed CMO by which the Omnibus Hearing Dates are established, the Debtors inexplicably exclude themselves (only and entirely) from the general rule that matters shall be presented for hearing on the scheduled Omnibus Hearing Dates:

---

[1] *See* the Motion, p. 4, ¶ 11.
[2] *See* the Motion, p. 5, ¶ 14(g).

2

> B. Subject to consultation with Chambers, hearings in connection with individual and omnibus claim objections, applications for professional compensation and reimbursement, pre-trial conferences, asset sales and trials related to adversary proceedings, approval of a disclosure statement, confirmation of a plan, **and any other Pleading filed by the Debtors** may be scheduled for dates other than the Omnibus Hearing dates; . . .

*See* the Proposed CMO, pp. 6-7, ¶ III (B) (emphasis added). *See also* the Proposed CMO, p. 7, ¶ III (C) ("If a Document is filed by a party **other than the Debtors** and purports to set a hearing date inconsistent with the Case Management Procedures . . .( emphasis added)).

6. Such inconsistency in the rules governing the Debtors and the other parties-in-interest in the Proposed CMO is not needed to deal with uncontested matters, which can be summarily addressed at the next Omnibus Hearing Date. Nor is it justified to address motions which raise matters that must be heard on an expedited or emergency basis – matters of equal concern for the both the Debtors and all other parties-in-interest – as the proposed rules regarding requests for expedited consideration are fully addressed elsewhere in the Proposed CMO. *See* the Proposed CMO, pp. 7-8, ¶¶ III (D) and (E).

7. The Debtors seek to establish a general rule (rather than the exception thereto) allowing for contested matters, for which emergency or expedited relief is not required, to be set on dates other than Omnibus Hearing Dates, but only if such motions are brought by the Debtors.

8. By excluding themselves from the general requirement that matters be heard on the Omnibus Hearing Dates, the Debtors greatly reduce the value of such pre-scheduled hearing dates for parties other than the Debtors, and improperly seek to use the Proposed CMO to tilt the scales in favor of the Debtors in a manner that is not warranted.

9. As this Court is well aware, this is not a case involving only local parties-in-interest. From both an administrative and financial perspective, it would enormously helpful for all concerned to have the important matters presented to the Court by all parties-in-interest,

3

including the Debtors, on the pre-scheduled Omnibus Hearing Dates. And any exceptions to such a general rule should be just that, exceptions granted upon formal request to the Court.

10. FGIC objects to the Debtors' effort to exclude only themselves from the general rule that contested matters for which no emergency or expedited relief is sought shall be set for hearing on the pre-scheduled Omnibus Hearing Dates.

## II. All parties, including the Debtors, must be subject to identical motion practice deadlines.

11. <u>Second</u>, in the provisions of the CMO related to briefing schedules, the Debtors propose two different deadlines for reply briefs (and joinders in objections or statements), one for all creditors and other parties-in-interest (<u>4 P.M. EST, two (2) calendar days</u> prior to the hearing), and one for the Debtors (<u>4 P.M. EST, one (1) calendar day</u> prior to the hearing). There is no legitimate basis for the distinction, and it is unfair.

12. All parties including the Debtors should be governed by the same deadline. Further, given the scope of these proceedings and the number of parties involved, the proposal by the Debtors that they be allowed to routinely file substantive briefs on matters of great importance to all parties late in the afternoon on the day prior to the hearing creates a strong procedural advantage in favor of the Debtors – and a significant unfairness to all other parties – which should not be part of a neutral CMO.

13. Even if counsel for creditors and the Court have time that night or the next morning prior to the hearing to read the Debtors' reply briefs, many of the represented creditors and other parties-in-interest – those actually appearing before the Court – will not have had time to fully review and consider such late filings. And the ability of these parties to meaningfully consult with their counsel regarding their positions to be presented to this Court as to any issues raised in such briefs will be severely impaired.

4

14. FGIC objects both (i) to the proposal that the Debtors should be governed by different briefing deadlines than creditors and other parties-in-interest, and (ii) to the proposal that substantive briefs by the Debtors may routinely be filed late on the day before the hearing date, thus greatly prejudicing the ability of creditors and other parties-in-interest to consider what has been filed and to confer with their counsel on matters being presented to this Court.

### III. Proposed changes to the Proposed Case Management Procedures

15. FGIC respectfully requests that the Court enter the Proposed CMO, subject to the following changes (highlighted) to section "III. Scheduling," paragraphs B, C, and J of the proposed Case Management Procedures consistent with this Objection:

**III. Scheduling**

\*\*\*

B. Subject to consultation with Chambers, hearings in connection with individual and omnibus claim objections, applications for professional compensation and reimbursement, pre-trial conferences, asset sales and trials related to adversary proceedings, approval of a disclosure statement, **and** confirmation of a plan, ~~and any other Pleading filed by the Debtors~~ may be scheduled for dates other than the Omnibus Hearing dates; provided, however, that hearings in connection therewith may be scheduled on a non-Omnibus Hearing date only after consultation with counsel to the Oversight Board and counsel to the Debtors (which consultation shall occur as soon as practicable); provided, however, that initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be set on the next available Omnibus Hearing date that is at least 45 days after the filing of the complaint; provided, further, that hearings on all other Pleadings, except for those Pleadings specifically referenced in this Paragraph "B," filed by any party must be scheduled for an Omnibus Hearing except for a Pleading requiring emergency relief.

C. If a Document is filed by a party ~~other than the Debtors~~ and purports to set a hearing date inconsistent with the Case Management Procedures (an "Inconsistent Filing"), the hearing shall be scheduled without the necessity of Court order for the first Omnibus Hearing date after the applicable notice period has expired and all applicable deadlines shall be accordingly extended, and the Debtors shall provide such party with notice of the Case Management Procedures within three (3) business days of receipt of the Inconsistent Filing.

5

\*\*\*

J. The deadline to file Replies, joinders to an Objection, or any Statement shall be: (i) 4:00 p.m. (Prevailing Eastern Time) on the date that is two (2) calendar days before the applicable hearing date or (ii) any date and time otherwise ordered by the Court ~~;provided, however, that the deadline for the Debtors and the Creditors' Committee shall be 4:00 p.m. (Prevailing Eastern Time) on the date that is one (1) calendar day before the applicable hearing date~~.

\*\*\*\*

WHEREFORE, FGIC respectfully requests that the Court enter the Proposed CMO subject to the changes identified in this Objection and grant such other and further relief as this Court may deem just and proper.

Respectfully submitted, in San Juan, Puerto Rico, this 15th day of May, 2017.

REXACH & PICÓ, CSP

By: *s/María E. Picó*
María E. Picó
USDC-PR 123214
802 Ave. Fernández Juncos
San Juan PR 00907-4315
Telephone: (787) 723-8520
Facsimile: (787) 724-7844
E-mail: mpico@rexachpico.com

BUTLER SNOW LLP

Martin A. Sosland (*pro hac vice* pending)
5430 LBJ Freeway, Suite 1200
Dallas, TX 75240
Telephone: (469) 680-5502
Facsimile: (469) 680-5501
E-mail: martin.sosland@butlersnow.com

Stanford G. Ladner (*pro hac vice* admission forthcoming)
1700 Broadway, 41st Floor
New York, NY 10019
Telephone: (646) 606-3996
Facsimile: (646) 606-3995
E-mail: stan.ladner@butlersnow.com

S. Ault Hootsell III (*pro hac vice* admission forthcoming)
201 St. Charles Avenue, Suite 2700
New Orleans, LA 70170
Telephone: (504) 299-7752
Facsimile: (504) 299-7701
E-mail: ault.hootsell@butlersnow.com

Christopher R. Maddux (*pro hac vice* admission forthcoming)
J. Mitchell Carrington (*pro hac vice* admission forthcoming)
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Telephone: (601) 985-2200
Facsimile: (601) 985-4500
E-mail: chris.maddux@butlersnow.com
mitch.carrington@butlersnow.com

*Attorneys for Financial Guaranty Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this same day, the ECF system sent a copy of this motion to all parties in this proceeding.

*s/ Maria E. Picó*
María E. Picó – USDC-PR 123214
Rexach & Picó, CSP
Ave Fernández Juncos 802
San Juan, Puerto Rico 00907
Telephone: 787-723-8520
Facsimile: 787-724-7844
mpico@rexachpico.com
