IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Debtor | PROMESA<br>Tittle III<br><br>NO. 17-BK-03283 (LTS) |

**LIMITED OBJECTION TO THE**
**PROPOSED NOTICE CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES, INCLUDED IN THE MOTION OF DEBTORS FOR ORDER (A) IMPOSING AND RENDERING APPLICABLE LOCAL BANKRUPTCY RULES TO THESE TITLE II CASES, (B) AUTHORIZING ESTABLISHMENT OF CERTAIN NOTICE, CASE MANEGEMENT, AND ADMINISTRATIVE PROCEDURES, AND (C)GRANTING RELATED RELIEF (DKT#43)**

**TO THE HONORABLE COURT:**

**COMES NOW** creditor and interested party **CESAR CASTILLO, INC.,** (hereinafter "CCI") through the undersigned Counsel, and respectfully prays and avers as follows:

1. On May 3, 2017 the Financial Oversight and Management Board of Puerto Rico (hereinafter "Debtor") filed a petition for relief on behalf of the Commonwealth of Puerto Rico under title III of PROMESA Pub. Law 114-187 (130 STAT. 549).

2. On May 9, 2017 Notice was served by Counsel for Debtor regarding a hearing to consider First Day Motions, to wit, Dkts.#41, 42, 43, 44 and 45[1], which hearing has been scheduled to May 17, 2017 (hereinafter the "Hearing").

---

[1] The docket numbers correspond to the original case docketed in the District Court, prior to its administrative transfer to the Bankruptcy Court.

1

3. Among other "First Day Motions" Debtor filed a Proposed Notice Case Management and Administrative Procedures, which was included in the Motion of Debtors for Order (A) imposing and Rendering Applicable Local Bankruptcy Rules to these Title II Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C)Granting Related Relief (Dkt#43) (hereinafter the "Motion").

4. CCI hereby files a limited objection to the proposed "Notice, Case Management and Administrative Procedures" included in the Motion. Debtor correctly notes that the potential pool of creditors will go in the "tens of thousands"[2]. Although Debtors correctly alleged that electronic notification will be amongst those procedures which will facilitate the service of court papers and reduce the costs associated with such service[3], in Debtor's proposed Notice, Case Management and Administrative Procedures attached to the Motion as Exhibit I, (the "Proposed Notice"), provides otherwise.

5. Section II of the Proposed Notice entitled "Service" in its subsection I indicates that parties shall serve the Standard Parties and Affected Parties by U.S. Mail, overnight delivery, hand delivery or fax (excepting the Court and the U.S. Trustee). The term "Standard Parties" includes "all parties filing a notice of appearance in these Title III Cases.[4]" (i.e., the tenths of thousands anticipated by Debtor).

6. Considering that the same proposed Notice requires in Section D that any creditor or party in interest that wishes to receive notices shall receive notices via electronic transmission, (except in specific cases provided therein), the service requirements in Section II, Subsection I, D and J are inconsistent.

---

[2] Dkt43, pg.3 ¶11.
[3] See also Dkt.#43, pg. 8¶20 (…will promote the efficiency and orderly administration of these Title III cases by, among other things…(b) authorizing electronic service…"
[4] Dkt#43, Exhibit 1, pg.4 ¶II(A)(viii).

2

7. Standard and Affected Parties represented by counsel with access to the Bankruptcy Court CM/ECF system, will receive notices sent by same, or otherwise may be served by email. Therefore, requiring service by U.S. Mail, overnight delivery, hand delivery or fax, to parties that can receive electronic notices through the CM/ECF system is burdensome and unnecessary.

8. Moreover, Section J provides that the Standard Parties and Affected parties <u>may</u> request service by email. Service by email may be made only if the particular Standard or Affected party opts for same.

9. If the purpose of the Motion and the Proposed Notice is to "facilitate service of court papers that otherwise will be burdensome", service by email and/or CM/ECF should be the first remedy to all parties, whether Standard, Affected, or otherwise, and, unless the specific party complies with the certificates set forth in Section D of the Notice, all service should be made electronically.

10. If a party will be served through the CM/ECF system, either directly or through its counsel, no further electronic service should be required (unless such additional service is already contemplated by the Local Bankruptcy Rules, such as the case of Summons and Notices related to requests for relief from stay).

**THEREFORE**, CCI files this Limited Objection and requests that the noticing procedures contemplated in the Proposed Notice be modified accordingly.

**CERTIFICATE OF SERVICE**: I hereby certify that on this same date I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM-ECF system which will send notification of such filing to all CM-ECF participants registered to receive notices in the case at bar. We further certify that a copy of this Motion was sent via email to Counsel for the Puerto Rico Fiscal and Financial Advisory Authority through Gerardo Portela at Gerardo.Portela@aafaf.pr.gov, to

Mohammad Yassin, at Mohammad.Yassin@aafaf.pr.gov; to Counsel for AAFAF through John J. Rapisardi, Esq., Suzzanne Uhland, Esq., Peter Friedman, Esq., Diana M. Perez, Esq. at the following emails jrapisardi@omm.com, suhland@omm.com, pfriedman@omm.com, dperez@omm.com; Counsel for the Oversight Board, through Martin J. Bienenstock, Scott K. Rutsky, Paul V. Possinger, Ehud Barak, Maja Zerjal, mbienenstock@proskauer.com, srutsky@proskauer.com, ppossinger@proskauer.com, ebarak@proskauer.com, mzerjal@proskauer.com, and Hermann D. Bauer, Esq. at herman.bauer@oneillborges.com. We further certify that a printed courtesy copy was sent to the office of the U.S. Trustee at Office of the U.S. Trustee, Ochoa Building, San Juan, PR; and to Honorable Judge Laura Taylor Swain, at the Clemente Ruiz Nazario United States Court House, 150 Carlos Chardon Ave., San Juan, PR.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico, on May 15, 2017.

**Totti & Rodríguez Díaz, PSC**
P.O. Box 191732
San Juan, PR 00919-1732
Tel.: (787)753-7910, Fax: (787)764-9480

s/ *Daniel Molina López*
Daniel Molina López, Esq.
USDC-PR 211813
Email: dml@trdlaw.com

4