**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>　　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO.,<br>　　　　　　　　　　Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>　　　as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION ("COFINA"),<br><br>　　　　　　　　　　Debtor. | PROMESA<br>Title III<br><br><br>No. 17 BK 3284<br>(Joint Administration Requested) |

**LIMITED OBJECTION TO MOTION OF DEBTORS FOR ORDER (A) IMPOSING AND RENDERING APPLICABLE LOCAL BANKRUPTCY RULES TO THESE TITLE III CASES, (B) AUTHORIZING ESTABLISHMENT OF CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES, AND (C) GRANTING RELATED RELIEF**

Creditors holding certain senior and subordinated bonds issued by the Puerto Rico Sales

Tax Financing Corporation (the "Puerto Rico Funds"),[1] by and through their undersigned

---

[1]　　　The Puerto Rico Funds are the following Puerto Rico-based funds that, as of April 30, 2017, held approximately $405 million in senior secured COFINA bonds and $218 million in subordinated secured COFINA bonds: Puerto Rico AAA Portfolio Bond Fund II, Inc.; Puerto Rico AAA Portfolio Bond Fund, Inc.; Puerto Rico AAA Portfolio Target Maturity Fund, Inc.; Puerto Rico Fixed Income Fund, Inc.; Puerto Rico Fixed Income Fund II, Inc.; Puerto Rico Fixed Income Fund III, Inc.; Puerto Rico Fixed Income Fund IV, Inc.; Puerto Rico Fixed

counsel, hereby file this limited objection (the "Objection") to the motion of the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Sales Tax Financing Corporation ("COFINA," and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act, 48 U.S.C. §§ 2101-2241 ("PROMESA"), pursuant to sections 102(1) and 105 of title 11 of the United States Code (the "Bankruptcy Code") and rule 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order (a) imposing and rendering applicable local bankruptcy rules to the above captioned Title III cases (the "Title III Cases"), (b) authorizing establishment of certain notice, case management, and administrative procedures, and (C) granting related relief [Docket No. 43] (the "Case Procedures Motion"). In support of the Objection, the Puerto Rico Funds respectfully represent as follows:

### LIMITED OBJECTION

1.      The Puerto Rico Funds are based in Puerto Rico and hold approximately $625 million in bonds issued by COFINA (the "COFINA Bonds").

2.      On May 3, 2017, the Oversight Board, on behalf of the Commonwealth, filed a voluntary petition for relief under section 304(a) of PROMESA.

3.      On May 5, 2017, the Oversight Board, on behalf of COFINA, filed a voluntary petition for relief under section 304(a) of PROMESA.

---

Income Fund V, Inc.; Puerto Rico Fixed Income Fund VI, Inc.; Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc.; Puerto Rico Investors Bond Fund I; Puerto Rico Investors Tax-Free Fund, Inc.; Puerto Rico Investors Tax-Free Fund, Inc. II; Puerto Rico Investors Tax-Free Fund III, Inc.; Puerto Rico Investors Tax-Free Fund IV, Inc.; Puerto Rico Investors Tax-Free Fund V, Inc.; Puerto Rico Investors Tax-Free Fund VI, Inc.; Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc.; Tax-Free Puerto Rico Fund, Inc.; Tax-Free Puerto Rico Fund II, Inc.; Tax-Free Puerto Rico Target Maturity Fund, Inc.; and UBS IRA Select Growth & Income Puerto Rico Fund.

Americas 92819143 v5

4.      On May 9, 2017, the Debtors filed the Case Procedures Motion.  Exhibit A to the

Case Procedures Motion is the Debtors' proposed order (the "Proposed Order") and the proposed

Notice, Case Management and Administrative Procedures (the "Proposed Procedures") are

attached thereto as Exhibit 1.

5.      In large part, the Proposed Procedures are acceptable.  However, the Puerto Rico

Funds object to the provisions set forth in sections III(B), III(D), III(J), and III(Q) of the

Proposed Procedures and propose revisions to the same, as reflected in the blackline attached to

this Objection as **Exhibit "A"**.

### a)  <u>The Emergency Hearing Procedures are Onerous and Would Cause Unnecessary Delay</u>

6.      The Debtors' Proposed Procedures impose effectively a mini-hearing before one

can even request an emergency hearing.  First a movant must call the counsel for the Oversight

Board, the Debtors and, if one has been appointed, the Official Unsecured Creditors' Committee

(the "Committee").  <u>See</u> Proposed Procedures III(D).  If the Oversight Board, the Debtors and/or

the Committee disagree, then the movant must notify the Court and have a Chambers conference.

<u>Id.</u>  Only if the Court agrees with the movant then can the movant, through an order to show

cause, request an expedited hearing.  <u>Id.</u>

7.      The Debtors, the Oversight Board and the Committee should not serve as

gatekeepers to whether a party in interest can file an emergency motion.  They are neither

impartial nor equipped to objectively determine what matters should be heard on an expedited

basis.  The Court on the other hand is well equipped to determine whether an actual emergency

exists in the first instance.  Several courts have acknowledged this in adopting much more

streamlined procedures.  In the City of Detroit chapter 9 case, a movant could contact the court

in advance and, upon the filing of an affidavit and a showing of good cause, "move for

3

emergency consideration of a Motion at a hearing before the next Omnibus Hearing and upon shortened notice ” In re City of Detroit Michigan, No. 13-53846, Docket No. 39 (Bankr. E.D. Mich. July 19, 2013).  The court could  "grant such request ex parte or may schedule a telephone conference with the party requesting the Emergency Hearing, counsel to the City, counsel to any statutory committee appointed in this case and the U.S. Trustee, or such other parties as determined by the Court, in its discretion."  Id.  Similarly, under the court-approved procedures in the Jefferson County chapter 9 case, a party needed to simply request an emergency hearing for "good cause shown."  In re Jefferson County, Alabama,  No. 11-05736-TBB-9, Docket No. 89 (Bankr. N.D. Ala. Nov. 11, 2011) ("In the event that a matter is filed for which the filing party desires expedited relief prior to the next Omnibus Hearing Date, said party may request an emergency hearing for good cause shown in addition to or in lieu of the Omnibus Hearing Date.").  Therefore, the Puerto Rico Funds request that Section III(D) of the Proposed Procedures be modified as follows (additions underlined and deletions stricken):

> If a movant or applicant other than the Debtors determines that a motion or application requires emergency or expedited relief, the movant or applicant shall contact counsel for (i) the Oversight Board; (ii) the Debtors; and (iii) the Creditors' Committee (if any), each by telephone, and request that the motion or application be considered on an expedited basis. If the Oversight Board, the Debtors, and/or the Creditors' Committee disagrees with the movant's or applicant's determination regarding the emergency or expedited nature of the relief requested, the movant or applicant shall (y) inform the Court of the disagreement by telephone, and (z) may for good cause shown seek an expedited hearing. arrange for a Chambers conference, telephonic or in person, to be held to discuss the disagreement. If the The Court may, in its sole discretion, grant or deny such requests. agrees with the position of the movant or applicant regarding the necessity for expedited consideration, the movant or applicant may, by order to show cause, request an expedited hearing.

4

**b) <u>The Proposed Filing Deadlines Unfairly Favor the Debtors</u>**

8.      Several of the deadlines in the Proposed Procedures establish one filing deadline
for the Debtors (and the Committee, if one is in place) and another for all other parties.  These
disparate deadlines place parties in interest, such as the Puerto Rico Funds, at an unfair
disadvantage.

9.      First, replies and joinders must be filed two calendar days before a hearing by all
parties – except the Debtors and the Committee – who can file their respective replies and
joinders one day prior to the hearing.  <u>See</u> Proposed Procedures III(J).  This cuts the amount of
time other parties would have to prepare for a hearing to just one day.  There is no justification or
rationale given as to why the Debtors and the Committee should be entitled to more time.

10.     Second, the objection deadline to a motion for relief from the automatic stay is
"the later to occur of (i) fourteen (14) calendar days after the date of filing and service of the
Stay Relief Motion and (ii) three (3) calendar days prior to the hearing scheduled with respect
thereto."  <u>See</u> Proposed Procedures III(P).  This provides the Debtors the right to wait until three
days prior to a hearing to object to a motion to lift the stay.  Such a short time between the
objection and the hearing does not give the movant ample time to prepare for the hearing and
respond to the arguments raised in the objection.  Indeed, the Proposed Procedures seemingly
acknowledges this as it does not provide a deadline to file a reply to the objection.

11.     Third and finally, motions to lift the stay must be filed 21 days in advance of a
hearing rather than the 17 days applicable to most other motions, subject to Bankruptcy Rule
2002(a).  <u>See</u> Proposed Procedures III(P).  There is no reason that motions seeking relief from
the stay should be treated differently, or to justify giving Debtors four additional days' notice
than would be required for most other motions.

5

12.     The aggregate effect of the Proposed Procedures is to provide the Debtors more time than other parties in interest to file their documents.  The most serious effect of such rigged deadlines would be to further diminish the already scarce time other parties have to respond to the Debtors.  Therefore, the Puerto Rico Funds request that the Court fix the uniform filing deadlines for the Debtors, the Committee and all other parties in interest in a manner consistent with the modifications reflected in Exhibit A.

### c)  **The Proposed Procedures Run Afoul of Section 362(e)**

13.     The provisions set forth in Section III(Q) of the Proposed Procedures run afoul of the requirements of section 362(e)(1) of the Bankruptcy Code, which is made applicable by section 301 of PROMESA.  Section 362(e)(l) provides:

> Thirty days after a request under subsection (d) of this section for relief from the stay of an act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party making such request, unless the court, after notice and hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section.

11 U.S.C. § 362(e)(l).

14.     Without giving any reason, the Debtors propose to eliminate the protections found in section 362(e).  Specifically, the Section III(Q) of the Proposed Procedures state:

> Notwithstanding Bankruptcy Code section 362(e), if a Stay Relief Motion is scheduled in accordance with the Case Management Procedures for, or adjourned to a hearing date that falls on or after, the thirtieth (30th) day after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under Bankruptcy Code section 362(d) and shall be deemed to have waived its right to assert the termination of the automatic stay under Bankruptcy Code section 362(e).

6

15.     A more appropriate solution is to provide that if the 30 day period under section 362(e) of the Bankruptcy Code would elapse prior to the next applicable omnibus hearing, then the movant shall be permitted to seek a special hearing prior to the next omnibus hearing.  If the Court declines to set such a hearing, then a movant may be deemed to waive section 362(e).

16.     The Puerto Rico Funds request that this Court modify Section III(Q) of the Proposed Order as follows (additions underlined and deletions stricken):

> Notwithstanding Bankruptcy Code section 362(e), if a Stay Relief Motion is scheduled in accordance with the Case Management Procedures for, or adjourned to a hearing date that falls on or after, the thirtieth (30th) day after the filing of the Stay Relief Motion, the moving party shall be permitted to request an expedited hearing, provided however, if the Court declines to set an expedited hearing, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under Bankruptcy Code section 362(d) and shall be deemed to have waived its right to assert the termination of the automatic stay under Bankruptcy Code section 362(e).

## CONCLUSION

For the reasons stated herein and for such other reasons as may be stated at the hearing on the Case Procedures Motion, the Puerto Rico Funds respectfully request that this Court modify the Proposed Procedures in a manner consistent with this Objection, including Exhibit A, and for any other relief the Court deems just and equitable.

Americas 92819143 v5

**RESPECTFULLY SUBMITTED,**

We hereby CERTIFY that on May 15, 2017, we caused the foregoing Objection to be electronically filed in this case with the Clerk of Court, using the CM/ECF system, which will send notifications of such filing to all counsel of record.

By:

/s/ *Jose C. Sánchez-Castro*

José C. Sánchez-Castro
USDC-PR 213312
jsanchez@lsplawpr.com

Alicia I. Lavergne-Ramírez
USDC-PR 215112
alavergne@lsplawpr.com

Maraliz Vázquez-Marrero
USDC-PR 225504
mvazquez@lsplawpr.com

LOPEZ SÁNCHEZ & PIRILLO LLC
270 Muñoz Rivera Avenue, Suite 1110
San Juan, PR 00918
Tel. (787) 522-6776
Fax: (787) 522-6777

/s/ *John K. Cunningham*

Glenn M. Kurtz (*pro hac vice* pending)
John K. Cunningham (*pro hac vice* pending)
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036
Tel. (212) 819-8200
Fax (212) 354-8113
gkurtz@whitecase.com
jcunningham@whitecase.com

Jason N. Zakia (*pro hac vice* pending)
WHITE & CASE LLP
200 S. Biscayne Blvd., Suite 4900
Miami, FL 33131
Tel. (305) 371-2700
Fax (305) 358-5744
jzakia@whitecase.com

*Counsel for Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico Fixed Income Fund VI, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., Tax-Free Puerto Rico Target Maturity Fund, Inc. and UBS IRA Select Growth & Income Puerto Rico Fund*

*Counsel for Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico Fixed Income Fund VI, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., Tax-Free Puerto Rico Target Maturity Fund, Inc. and UBS IRA Select Growth & Income Puerto Rico Fund*

Americas 92819143 v5

## **EXHIBIT A**

**Blackline of Revised Proposed Order**

Americas 92819143 v5

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | Title III |
| | |
| COMMONWEALTH OF PUERTO RICO, and | Case No. 17-01578 (LTS) |
| | |
| PUERTO RICO SALES TAX | |
| FINANCING CORPORATION, | Case No. 17-01599 |
| | |
| Debtors. | (Joint Administration Requested) |
| | |
| | **Re: Docket No. ___** |

**ORDER (A) IMPOSING AND RENDERING APPLICABLE LOCAL
BANKRUPTCY RULES TO THESE TITLE III CASES, (B) AUTHORIZING
ESTABLISHMENT OF CERTAIN NOTICE, CASE MANAGEMENT,
AND ADMINISTRATIVE PROCEDURES, AND (C) GRANTING RELATED RELIEF**

Upon the *Motion of Debtors for Order (A) Imposing and Rendering Applicable Local
Bankruptcy Rules to These Title III Cases, (B) Authorizing Establishment of Certain Notice, Case
Management, and Administrative Procedures, and (C) Granting Related Relief* (the "Motion");[1]
and the Court having found it has subject matter jurisdiction over this matter pursuant to section
306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to section
307(a) of PROMESA; and the Court having found that the relief requested in the Motion is in the
best interests of the Debtors, their creditors, and other parties in interest; and the Court having
found that the Debtors provided adequate and appropriate notice of the Motion under the
circumstances and that no other or further notice is required; and the Court having reviewed the
Motion and having heard the statements of counsel in support of the Motion at a hearing held before
the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth
in the Motion and at the Hearing establish just cause for the relief granted herein; and any

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the

objections to the relief requested herein having been withdrawn or overruled on the merits; and

upon the record herein, after due deliberation thereon, the Court having found that good and

sufficient cause exists for the granting of the relief as set forth herein,

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The Local Bankruptcy Rules are imposed for and made applicable to these Title III

Cases (and all other title III cases filed by affiliates of the Debtors that are jointly administered with

these Title III Cases, if any).

3.      The Case Management Procedures, as amended and set forth on **Exhibit 1** hereto,

are approved and shall govern all applicable aspects of these Title III Cases (and all other title III

cases filed by affiliates of the Debtors jointly administered with these Title III Cases, if any), except

as otherwise ordered by the Court.

4.      To the extent the Case Management Procedures conflict with the Bankruptcy Rules,

the Local District Court Rules, or the Local Bankruptcy Rules, the Case Management Procedures

shall govern and supersede such rules.

5.      The first four omnibus hearings in these Title III Cases (and all other title III cases

filed by affiliates of the Debtors jointly administered with these Title III Cases, if any) are

scheduled as follows:

- __:__ am on the ____ day of _____, 2017;

- __:__ am on the ____ day of _____, 2017;

- __:__ am on the ____ day of _____, 2017; and

- __:__ am on the ____ day of _____, 2017.

---

Motion.

2

6.      The Debtors' claims and noticing agent is authorized and directed to establish a case website, where, among other things, the Case Management Procedures, and also key dates and information about these Title III Cases will be posted.

7.      Notwithstanding the applicability of any Bankruptcy Rule, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

8.      The Debtors and the Oversight Board, as the Debtors' representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this order in accordance with the Motion, consistent with the Case Management Procedures set forth in Exhibit 1.

9.      The Court shall retain exclusive jurisdiction to hear and determine any and all matters arising from or related to the implementation, interpretation, and enforcement of this order.


Dated: May _____, 2017
        San Juan, Puerto Rico                          _____
                                                       Honorable Laura T. Swain
                                                       United States District Judge

Americas 92817209 v1

## Exhibit 1

**Case Management Procedures**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| |
|---|---|
| In re: | Title III |
| | |
| COMMONWEALTH OF PUERTO RICO, and | Case No. 17-01578 (LTS) |
| | |
| PUERTO RICO SALES TAX | |
| FINANCING CORPORATION, | Case No. 17-01599 |
| | |
| Debtors. | (Joint Administration Requested) |

## NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed a title III case (the "Commonwealth's Title III Case") for the Commonwealth by issuing a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filing a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a).

On May 5, 2017, the Oversight Board, as representative of the Puerto Rico Sales Tax Financing Corporation ("COFINA," and together with the Commonwealth, the "Debtors") pursuant to section PROMESA 315(b), filed a title III case ("COFINA's Title III Case," and together with the Commonwealth's Title III Case, the "Title III Cases") for COFINA by issuing a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filing a voluntary petition for relief for COFINA pursuant to PROMESA section 304(a).

On May 9, 2017, the Debtors filed a motion seeking the joint administration of these Title III Cases, for procedural purposes only, pursuant to PROMESA section 304(g) and Bankruptcy Rule 1015, made applicable to these Title III Cases by PROMESA section 310.

On _____, 2017, the Court entered an order (the "Procedures Order"): (a) incorporating the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Bankruptcy Rules") for these Title III Cases, (b) approving and implementing the notice, case management, and administrative procedures (collectively, the "Case Management Procedures"), and (c) granting certain related relief.

Anyone may obtain a copy of the Procedures Order, as well as any document filed with the Court in these Title III Cases by: (a) accessing the website maintained by Prime Clerk LLC (the "Claims and Noticing Agent") at https://cases.primeclerk.com/puertorico (the "Case Website"); (b) contacting the Claims and Noticing Agent directly at (844)-822-9231 (toll free for U.S. and Puerto Rico) or (646)-486-7944 (for international callers); or (c) for a nominal fee, accessing the PACER

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

system on the Court's website at www.prd.uscourts.gov. Finally, paper copies of all pleadings filed in these Title III Cases may be available from the Court.

Pursuant to the Procedures Order, all notices, motions, applications, briefs, memoranda, affidavits, declarations, objections, responses, replies, and other documents filed in these Title III Cases are subject to, and will not be deemed properly served, unless they are served in accordance with, these Case Management Procedures.

Additionally, while the Bankruptcy Rules and the Local Bankruptcy Rules apply to these Title III Cases, to the extent there is a conflict between the foregoing and the Case Management Procedures, the Case Management Procedures govern in all respects.

**ALL PARTIES IN INTEREST ARE STRONGLY ENCOURAGED TO REVIEW THESE CASE MANAGEMENT PROCEDURES IN THEIR ENTIRETY AND CONSULT THEIR OWN LEGAL COUNSEL WITH RESPECT TO THE MATTERS DISCUSSED HEREIN PRIOR TO FILING ANY DOCUMENTS IN THESE TITLE III CASES.**

## Case Management Procedures

I.      **General Case Administration and Pleadings**

A. The Claims and Noticing Agent is authorized to establish the Case Website available at https://cases.primeclerk.com/puertorico, where, among other things, key dates and information about these Title III Cases will be posted.

B. All documents filed in these Title III Cases, including, but not limited to, all notices, motions, applications, other requests for relief, all briefs, memoranda, affidavits, declarations, and other documents filed in support of such papers seeking relief (collectively, the "Pleadings"), objections or responses to the Pleadings (the "Objections"), statements related thereto ("Statements"), and replies thereto (the "Replies" and together with the Pleadings, the Statements, and the Objections, the "Documents") shall be filed electronically with the Court on the docket of *In re Commonwealth of Puerto Rico,* Case No. 17-01578 (the "Docket"), by registered users of the Court's case filing system in searchable portable document format ("PDF").

C. A hearing notice ("Notice of Hearing") shall be filed and served concurrently with all Pleadings and shall include the following: (i) the title of the Pleading; (ii) the parties upon whom any Objection to the Pleading is required to be served; (iii) the date and time of the applicable Objection Deadline (as defined below); (iv) the date of the hearing at which the Pleading shall be considered by the Court; and (v) a statement that the relief requested may be granted without a hearing if no Objection is timely filed and served in accordance with the Case Management Procedures.

D. The applicable Objection Deadline and hearing date shall appear on the upper right corner of the first page of the Notice of Hearing and on the upper right corner of the first page of each Pleading. The applicable hearing date shall appear on the upper right corner of the first page of any filed Objection.

E.  Unless prior permission has been granted, memoranda of law in support of motions or Objections are limited to thirty-five (35) pages and memoranda of law in support of Replies are limited to fifteen (15) pages. All memoranda shall be double-spaced, 12-point font, with 1" margins. Memoranda of ten (10) pages or more shall contain a table of contents and a table of authorities. The page(s) with the case caption shall not be counted for purposes of the foregoing page limits.

F.  Nothing in the Case Management Procedures shall prejudice the right of any party to move the Court to request relief under Bankruptcy Code section 107(b) or Bankruptcy Rule 9018 to protect: (i) any entity with respect to a trade secret or confidential research, development, or commercial information, or (ii) any person with respect to a scandalous or defamatory matter, or personally identifiable information, contained in a Document filed in these Title III Cases.

## II.  Service

A.  All Documents shall be served, in the manner descried herein, on the following parties (collectively, the "Standard Parties"):

(i)  Chambers of the Honorable Laura T. Swain;
    United States District Court for the District of Puerto Rico
    150 Carlos Chardón Street,
    Federal Building, Office 150,
    San Juan, P.R. 00918-1767

(ii) Office of the United States Trustee for Region 21
    Edificio Ochoa, 500 Tanca Street, Suite 301
    San Juan, PR 00901-1922

(iii) Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF)

    Puerto Rico Fiscal Agency and Financial Advisory Authority
    Roberto Sánchez Vilella (Minillas) Government Center
    De Diego Ave. Stop 22
    San Juan, Puerto Rico 00907
    Attn:      Gerardo J. Portela Franco
               Mohammad Yassin, Esq.
    E-Mail:    Gerardo.Portela@aafaf.pr.gov
               Mohammad.Yassin@aafaf.pr.gov

(iv) Counsel for AAFAF

    O'Melveny & Myers LLP
    7 Times Square
    New York, New York 10036
    Attn:      John J. Rapisardi, Esq.
               Suzzanne Uhland, Esq.
               Peter Friedman, Esq.

Diana M. Perez, Esq.
E-Mail:   jrapisardi@omm.com
          suhland@omm.com
          pfriedman@omm.com
          dperez@omm.com

(v) <u>Counsel for the Oversight Board</u>:

Proskauer Rose LLP                    O'Neill & Borges LLC
Eleven Times Square                   250 Munoz Rivera Ave., Suite 800
New York, New York 10036-8299         San Juan, PR 00918-1813
Attn:    Martin J. Bienenstock        Attn:   Hermann D. Bauer, Esq.
         Scott K. Rutsky              E-Mail: herman.bauer@oneillborges.com
         Paul V. Possinger
         Ehud Barak
         Maja Zerjal
E-Mail:  mbienenstock@proskauer.com
         srutsky@proskauer.com
         ppossinger@proskauer.com
         ebarak@proskauer.com
         mzerjal@proskauer.com

(vi) attorneys for any statutory committee of unsecured claimholders appointed in these Title III Cases (the "<u>Creditors' Committee</u>"), or until such time as any committee is appointed, the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims.

(vii) <u>counsel</u> to any other statutory committee appointed in these Title III Cases.

(viii) all parties filing a notice of appearance in these Title III Cases.

B. All Documents shall be served, in the manner described herein, on any person or entity with a particularized interest in the subject matter of a certain Document (each, an "<u>Affected Party</u>").

C. For purposes of service pursuant to Bankruptcy Rules 7004(b)(6), 7004(b)(9), and 7004(g), all service to the Debtors shall be made both to counsel to the Oversight Board and counsel to AAFAF, as listed above.

D. Any creditor or party-in-interest that wishes to receive notice in these Title III Cases and is not otherwise entitled to notice pursuant to the Case Management Procedures shall file a notice of appearance (a "<u>Notice of Appearance</u>") and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b) and the Case Management Procedures. The Notice of Appearance shall include the following: (i) the requesting party's name, address, and telephone number; (ii) the name and address of the requesting part's counsel, if any; (iii) the requesting party's email address for service by electronic transmission; (iv) the requesting party's address for service by U.S. mail, hand delivery, and/or overnight delivery; and (v) the requesting party's facsimile

number for service by facsimile. Notwithstanding Bankruptcy Rules 2002 and 9010(b), no request for service filed in these Title III Cases shall have any effect unless the foregoing requirements are satisfied. Any creditor or party-in-interest that files a Notice of Appearance and request for service of papers in accordance with the Case Management Procedures shall receive notice via electronic transmission. Any individual or entity that does not maintain and cannot practicably obtain an email address must include in its Notice of Appearance a certification stating the same. Notice will be provided to these individuals or entities by U.S. mail, overnight delivery, or facsimile at the Debtors' discretion.

E.  The Claims and Noticing Agent shall maintain a master service list (the "Master Service List"), which shall include all persons and entities that have filed a Notice of Appearance pursuant to Bankruptcy Rules 2002 and 9010(b) and the Case Management Procedures (the "Rule 2002 Parties") and the Standard Parties. The Master Service List shall contain addresses, facsimile numbers, and email addresses. The Claims and Noticing Agent shall use reasonable efforts to update the Master Service List as often as practicable, but in no event less frequently than every thirty (30) days. The Master Service List and any updates thereto shall be filed electronically on the Court's website, ecf.prd.uscourts.gov, and on the Case Website commencing as of the date that is no later than ten (10) days from the date hereof.

F.  Pleadings and Objections must be served on the Master Service List and any Affected Parties. Replies and Documents filed in adversary proceedings are not required to be served on the Master Service List.

G.  The proceedings with respect to which notice is limited to the Master Service List shall include all matters covered by Bankruptcy Rule 2002, with the express exception of the following: (a) notice of (i) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c) and (ii) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and plan; and (b) notice and transmittal of ballots for accepting or rejecting a plan, which notices shall be given in accordance with Bankruptcy Rule 2002 and other applicable Bankruptcy Rules, unless otherwise ordered by the Court or otherwise prescribed by the Bankruptcy Code.

H.  Pleadings related to a compromise or settlement must be served on the Master Service List and any Affected Parties, but need not be served on all creditors.

I.  Parties shall serve the Standard Parties and the Affected Parties by U.S. mail, overnight delivery, hand delivery or, with the exception of the Court and the U.S. Trustee, facsimile.

J.  Any of the Standard Parties and the Affected Parties may request service by email, and if such request is made, such parties may be served by email in accordance with the Case Management Procedures.

K.  Parties shall be authorized to serve all Documents on the Rule 2002 Parties by email, with the exception of the U.S. Trustee.

L.  All Documents served by email shall include access to an attached file containing the entire

Document, including the proposed form(s) of order and any exhibits, attachments and other relevant materials in PDF format, readable by Adobe Acrobat or an equivalent program. Notwithstanding the foregoing, if a Document cannot be annexed to an email (because of its size, technical difficulties or otherwise), the party serving the Document may, in its sole discretion: (i) serve the entire Document by U.S. mail or overnight delivery, including the proposed form(s) of order and any exhibits, attachments and other relevant materials or (ii) email the parties being served and include a notation that the Document cannot be annexed and will be (a) mailed if requested or (b) posted on the Case Website.

M. Service by email shall be effective as of the date the Document is sent to the email address provided by the party. If service is made by email, the Debtors shall not be required to serve a paper copy of the Document on interested parties and email service shall satisfy the Court's rules for service.

N. If a party entitled to notice of a Document does not have an email address or an email address is not available in the Master Service List, the party shall be served by U.S. mail, overnight delivery, facsimile, or hand delivery, the choice of the foregoing being in the sole discretion of the party who is required to serve.

O. Upon the completion of noticing any particular matter, the party seeking relief shall file with the Court within three (3) business days either an affidavit of service or a certification of service attaching the list of parties that received notice; provided, however, that parties shall not be required to serve the affidavits of service on such recipients.

### III.   Scheduling

A.     The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings (the "Omnibus Hearings") at which Pleadings shall be heard. Upon scheduling, the Claims and Noticing Agent shall post the date of the Omnibus Hearings on the Case Website. The first four Omnibus Hearings shall be scheduled for the following dates and times:

- • __:__ am on the ____ day of _____, 2017;

- __:__ am on the ____ day of _____, 2017;

- __:__ am on the ____ day of _____, 2017; and

- __:__ am on the ____ day of _____, 2017.

B.     Subject to consultation with Chambers, hearings in connection with individual and omnibus claim objections, applications for professional compensation and reimbursement, pre-trial conferences, asset sales and trials related to adversary proceedings, approval of a disclosure statement, confirmation of a plan, and any other Pleading filed by the Debtors may be scheduled for dates other than the Omnibus Hearing dates; provided, however, that hearings in connection therewith may be

scheduled on a non-Omnibus Hearing date only after consultation with counsel to the Oversight Board and counsel to the Debtors (which consultation shall occur as soon as practicable); provided, however, that initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be set on the next available Omnibus Hearing date that is at least 45 days after the filing of the complaint; provided, further, that hearings on all other Pleadings, except for those Pleadings specifically referenced in this Paragraph "B," filed by any party must be scheduled for an Omnibus Hearing except for a Pleading requiring emergency relief.

C.    If a Document is filed by a party other than the Debtors and purports to set a hearing date inconsistent with the Case Management Procedures (an "Inconsistent Filing"), the hearing shall be scheduled without the necessity of Court order for the first Omnibus Hearing date after the applicable notice period has expired and all applicable deadlines shall be accordingly extended, and the Debtors shall provide such party with notice of the Case Management Procedures within three (3) business days of receipt of the Inconsistent Filing.

D.    If a movant or applicant other than the Debtors determines that a motion or application requires emergency or expedited relief, the movant or applicant shall contact counsel for (i) the Oversight Board; (ii) the Debtors; and (iii) the Creditors' Committee (if any), each by telephone, and request that the motion or application be considered on an expedited basis. If the Oversight Board, the Debtors, and/or the Creditors' Committee disagrees with the movant's or applicant's determination regarding the emergency or expedited nature of the relief requested, the movant or applicant shall (y) inform the Court of the disagreement by telephone, and (z) arrange for a Chambers conference, telephonic or in-person, to be held to discuss the disagreement. If the Court agrees with the position of the movant or applicant regarding the necessity for expedited consideration, the movant or applicant may, by order to show cause, request may for good cause shown seek an expedited hearing. The Court may in its sole discretion grant or deny such requests.

E.    In the event that the Debtors seek emergency, shortened, or expedited relief, then the Debtors shall telephonically contact the Creditors' Committee's (if any) counsel, and counsel to any of the directly-affected Standard Parties (in each case a "Relevant Party") advising that the Debtors will seek that the motion or application be considered on an expedited basis. If the Creditors' Committee (if any) or any Relevant Party disagrees with the Debtors' determination regarding the emergency or expedited nature of the relief requested, the Debtors shall (i) inform the Court of the disagreement by telephone; and (ii) arrange for a Chambers conference, telephonic or in-person, to be held among the Court, the Oversight Board's counsel, Creditors' Committee's counsel, and counsel to any Relevant Party to discuss the disagreement. If the Court agrees with the position of the Debtors regarding the necessity for expedited consideration, the Debtors may proceed with its request for an expedited hearing.

E.    F.  If a Pleading seeks relief pursuant to Bankruptcy Rule 2002(a) or Bankruptcy Rule 2002(b), the hearing to consider such Pleading shall be set in accordance with the time period set forth in Bankruptcy Rules 2002(a) and (b) and 9006. For all other Pleadings,

with the exception of Pleadings filed pursuant to the Presentment Procedures (as described below), Pleadings shall not be considered unless filed and served in accordance with the Case Management Procedures at least seventeen (17) calendar days before the next applicable hearing date (if such seventeenth (17th) day is a date other than a business day, such Pleading must be filed and served by the first business day preceding such date); provided, however, that nothing in the Case Management Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) and (c).

F.      G. Notwithstanding the immediately preceding paragraph, a party may present a proposed order addressing administrative matters for approval by the Court; provided, however, that the presentment of a proposed order for administrative relief must be filed and served at least seven (7) calendar days before the presentment date, and Objections thereto must be filed and served at least one (1) calendar day before presentment date (the "Presentment Procedures").

G.      H. The deadline to file an Objection (the "Objection Deadline") to any Pleading shall be (i) 4:00 p.m. (Prevailing Eastern Time) on the date that is seven (7) calendar days before the applicable hearing date or (ii) any date otherwise ordered by the Court. The Objection Deadline may be extended with the consent of the movant or applicant. If such an extension has been agreed upon, the parties need not file a stipulation or other pleading with the Court reflecting the extension; provided, however, that movant shall provide notice of the extension to Chambers. The Objection shall not be considered timely unless filed with the Court and received by the Standard Parties on or before the applicable Objection Deadline. All parties filing an Objection shall include their telephone number, facsimile number, and email in the signature block on the last page of the Objection.

H.      I. If any Pleading, including a Stay Relief Motion (as defined below), is adjourned, the Objection Deadline with respect thereto shall be extended to 4:00 p.m. (Prevailing Eastern Time) on the date that is seven (7) calendar days prior to the applicable hearing and all other applicable deadlines shall be likewise extended.

I.      J. The deadline to file Replies, joinders to an Objection, or any Statement shall be: (i) 4:00 p.m. (Prevailing Eastern Time) on the date that is two (2) calendar days before the applicable hearing date or (ii) any date and time otherwise ordered by the Court; provided, however, that the deadline for the Debtors and the Creditors' Committee shall be 4:00 p.m. (Prevailing Eastern Time) on the date that is one (1) calendar day before the applicable hearing date.

J.      K. Sur-replies shall not be permitted or considered unless authorized by the Court.

K.      L. Two (2) business days before a scheduled hearing, the Debtors shall file with the Court an agenda (the "Agenda") setting forth each matter to be heard at the hearing (updated after the initial submission, if necessary) and shall serve the Agenda by email or facsimile on (i) the Standard Parties, (ii) the Rule 2002 Parties, and (iii) any party that filed Documents referenced in the Agenda; provided, however, that an Agenda

shall not be required where the Debtors have less than 48 hours' notice of a hearing.

L. ~~M.~~ The Agenda shall include, to the extent known by the Debtors: (i) the docket number and title of each matter scheduled to be heard at the hearing, including the initial filing and any Objections, Statements, Replies, or Documents related thereto; (ii) whether the matter is contested or uncontested; (iii) whether the matter has been settled or is proposed to be continued; (iv) the identification number of any proof(s) of claim(s) implicated in the Document; and (v) other comments that will assist the Court; provided, however, that the matters listed on the Agenda shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

M. ~~N.~~ The Agenda may include notice of matters that have been consensually adjourned to a later hearing date in lieu of parties filing a separate notice of such adjournment.

N. ~~O.~~ In the event a matter is properly noticed for hearing and the parties reach an agreement to settle the dispute prior to the hearing, the parties may announce the settlement at the scheduled hearing; provided, however, that the parties notify counsel for the Oversight Board, as representative of the Debtors, and the Creditors' Committee of such agreement as soon as practicable prior to the hearing. In the event the Court determines that notice of the dispute and the hearing is adequate notice of the effects of the settlement *(i.e.,* that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement. In the event the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Case Management Procedures and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

~~P.     Notwithstanding anything contained herein, a motion for relief from the automatic stay (a "Stay Relief Motion") in accordance with Bankruptcy Code section 362 shall be noticed for consideration on the Omnibus Hearing Date that is at least 21 days after the Stay Relief Motion is filed and notice thereof is served upon counsel for the Oversight Board, as representative of the Debtors. Unless otherwise ordered by the Court, the Objection Deadline with respect thereto shall be the later to occur of (i) fourteen (14) calendar days after the date of filing and service of the Stay Relief Motion and (ii) three (3) calendar days prior to the hearing scheduled with respect thereto.~~

O. ~~Q.~~ Notwithstanding Bankruptcy Code section 362(e), if a motion for relief from the automatic stay ("a Stay Relief Motion") is scheduled in accordance with the Case Management Procedures for, or adjourned to a hearing date that falls on or after, the thirtieth (30th) day after the filing of the Stay Relief Motion, the moving party shall be permitted to request an expedited hearing, provided however, if the Court declines to set an expedited hearing, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under Bankruptcy Code section 362(d) and shall be deemed to have waived its right to assert the termination of the automatic stay under

Bankruptcy Code section 362(e).

**IV.    Other Case Management Procedures**

A.    Nothing in the Procedures Order shall prejudice the rights of any party in interest to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause.

B.    The Debtors may seek to amend the Case Management Procedures from time to time throughout these Title III Cases, and shall present such amendments to the Court by notice of presentment in accordance with the Case Management Procedures.

C.    Within three (3) business days of entry of the Procedures Order, the Claims and Noticing Agent shall serve a printed copy of the Procedures Order upon all parties on the Master Service List and post a copy of the Procedures Order on the Case Website.

D.    The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of the Procedures Order.

Dated: _____, 2017