# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS)<br><br>(Joint Administration Requested) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION ("COFINA")<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-03284 (LTS) |

**LIMITED OBJECTION OF NATIONAL
PUBLIC FINANCE GUARANTEE CORPORATION TO (I) MOTION OF
DEBTORS FOR ORDER (A) IMPOSING AND RENDERING APPLICABLE
LOCAL BANKRUPTCY RULES TO THESE TITLE III CASES, (B) AUTHORIZING
ESTABLISHMENT OF CERTAIN NOTICE, CASE MANAGEMENT, AND
ADMINISTRATIVE PROCEDURES, AND (C) GRANTING RELATED RELIEF
AND (II) MOTION OF DEBTORS PURSUANT TO PROMESA SECTIONS 304(g)
AND BANKRUPTCY RULE 1015(b) FOR ENTRY OF ORDER DIRECTING JOINT
<u>ADMINISTRATION OF TITLE III CASES AND GRANTING RELATED RELIEF</u>**

**TO THE HONORABLE COURT:**

National Public Finance Guarantee Corporation ("**National**"), a party in interest in the above-referenced cases (together, the "**Title III Cases**"), files this limited objection (the "**Limited Objection**") to the *Motion of Debtors for Order (A) Imposing and Rendering*

*Applicable Local Bankruptcy Rules to these Title III Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief* [ECF No. 43] (the "**Case Management Motion**")[1] and to the *Motion of Debtors Pursuant to PROMESA sections 304(g) and Bankruptcy Rule 1015(b) for Entry of Order Directing Joint Administration of Title III Cases and Granting Related Relief* [ECF No. 41] (the "**Joint Administration Motion**") filed by the Financial Oversight and Management Board for Puerto Rico (the "**Oversight Board**") as representative of the Commonwealth of Puerto Rico (the "**Commonwealth**") and the Puerto Rico Sales Tax Financing Corporation ("**COFINA**" and, together with the Commonwealth, the "**Debtors**") pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("**PROMESA**"). In support of this Limited Objection, National states as follows:

**Background**

1. National insures more than $690 million of general obligation bonds issued by the Commonwealth[2] and more than $1.1 billion in senior sales tax revenue bonds[3] issued by COFINA, and has the right to assert bondholders' rights in these Title III Cases under applicable bond and insurance documents. National and other COFINA creditors hold statutory liens in revenues that were pledged as security for the bonds issued by COFINA.

---

[1] Capitalized terms in this Limited Objection have the meaning given to them in the Case Management Motion, unless defined herein or context requires otherwise.

[2] This amount excludes approximately $192 million of claims already paid by National as a result of the Commonwealth's failure to make scheduled payments on July 1, 2016 and January 1, 2017.

[3] For capital appreciation bonds, stated amounts reflect accreted interest of as of March 31, 2017. In addition, stated amount includes approximately $173 million of senior sales tax revenue bonds directly held by National.

2. On May 3, 2017 and May 5, 2017, the Oversight Board filed Title III petitions for the Commonwealth and COFINA, respectively, pursuant to section 304(a) of PROMESA, commencing the Title III cases.

3. On May 9, 2017, the Oversight Board filed the Case Management Motion requesting, among other things, approval of the Case Management Procedures set forth in Exhibit 1 to the proposed order granting the relief requested in the Case Management Motion.

**Limited Objection**

4. National submits this Limited Objection to the Case Management Procedures to voice a number of narrow concerns with the proposed procedures, which must be addressed to ensure that the Case Management Procedures maintain a level playing field for parties in interest and avoid procedural gamesmanship in the future. National seeks clarification on an ambiguity, exposed in the Case Management Procedures, relating to the role of the United States Trustee (the "**U.S. Trustee**") in cases under Title III of PROMESA. In addition, National submits this Limited Objection to ensure that an order approving the Joint Administration Motion will not prejudice the rights of COFINA creditors to assert rights on behalf of COFINA.

5. First, Section III(L) of the Case Management Procedures provides that "[A]n Agenda shall not be required where the Debtors have less than 48 hours' notice of a hearing." The need for parties in interest to receive full and fair notice is heightened, not reduced, in the context of an emergency hearing on less than 48 hours' notice. The preparation and filing of a hearing agenda imposes no burden on the Debtors, yet parties in interest may suffer significant harm without adequate notice. To the extent the Debtors are concerned that service of the agenda within such a shortened timeframe may not actually provide parties with effective notice—a fair concern—they should still commit to (a) file an agenda with the Court, (b) serve the agenda on parties in interest by e-mail, and (c) promptly post such agenda on the

3

website maintained by the Debtors' proposed claims and noticing agent, Prime Clerk LLC. Although less than perfect, this procedure would provide some form of notice to parties in interest that are participating in these Title III Cases.

6. Second, Section III(Q) of the Case Management Procedures provides that, if any motion for relief from the automatic stay is scheduled or adjourned to a date more than 30 days after the filing of such motion, then the automatic stay will continue in effect pending the conclusion of a hearing. This is the *exact opposite* of the protection provided to secured creditors under section 362(e) of title 11 of the United States Code (the "**Bankruptcy Code**"), made applicable to the Title III Cases pursuant to section 301(a) of PROMESA. Section 362(e) of the Bankruptcy Code provides that, in circumstances where a lift-stay hearing is scheduled or adjourned more than 30 days after the motion is filed, the automatic stay terminates unless the Court extends the stay after notice and a hearing. The Debtors offer no support or even argument as to why the Court should remove creditors' statutory protections under PROMESA. The Debtors cannot be permitted to rewrite the laws of the United States to their liking. Section III(Q) should be removed from the Case Management Procedures.

7. Third, National takes issue with the Case Management Procedures to the extent they establish a double standard for Debtors and other parties in interest. Specifically, (a) Section III(C) provides that when a party, other than the Debtors, purports to set a hearing date inconsistent with the Case Management Procedures, the hearing will be scheduled, without necessity of Court Order, for the first omnibus hearing date after the applicable notice period has expired, and (b) Section III(J) of the Case Management Procedures provides that the deadline to file replies, joinders, or other statements shall be two (2) calendar days before the applicable hearing date, but the Debtors and the Creditors' Committee may file similar papers only one (1)

4

calendar day before the applicable hearing date. There is no apparent reason to establish different, more favorable, procedures for the Debtors, and the Debtors have offered no support or justification for such preferred treatment. Rules governed by Case Management Procedures should promote efficiency and reduce the administrative burden on the Court, not provide certain parties with a relative advantage. Section III(C) and Section III(J) should establish procedures that apply uniformly to all parties in these Title III Cases.

8. Fourth, the Case Management Procedures do not provide procedures governing telephonic participation. A substantial number of parties in interest and their professionals in these Title III Cases are based outside of Puerto Rico. As such, National respectfully requests that the Court permit telephonic participation by and on behalf of parties in interest. Such participation is particularly appropriate in these cases for not only convenience but also to conserve time and resources of the parties. The Case Management Procedures should state that telephonic appearances shall be governed by Puerto Rico Local Bankruptcy Rule 9074-1. In addition, the Case Management Procedures should provide that a party who wishes to participate via a listen-only telephone line need not request permission from Chambers and need provide only such advance notice as required by Court Call Procedures.

9. Fifth, the Case Management Procedures require service of documents upon the U.S. Trustee. National does not dispute the value of such a procedure, but notes for the Court that PROMESA is ambiguous regarding whether the U.S. Trustee has authority in cases under Title III of PROMESA. Specifically, PROMESA does not incorporate sections 581–89 of title 28 of the United States Code, which are the statutory basis for the U.S. Trustee's authority in cases under the Bankruptcy Code. At the same time, various Bankruptcy Code sections incorporated pursuant to section 301(a) of PROMESA expressly refer to the U.S. Trustee or

5

contemplate their involvement, including, for example, section 1102 of the Bankruptcy Code. National respectfully requests that the Court address this ambiguity to provide clarity on the Case Management Procedures and settle parties' expectations with respect to the U.S. Trustee's involvement in these Title III Cases.

10. Finally, the Joint Administration Motion requests procedural consolidation pursuant to section 304(g) of PROMESA and rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). Bankruptcy Rule 1015(b) provides that "[p]rior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest." National does not object to procedural consolidation of these Title III Cases. However, National seeks confirmation that an order granting procedural consolidation will be without prejudice to the rights of the creditors of COFINA to protect the rights of the COFINA entities given that there is no independent representation of the COFINA entities.

**WHEREFORE,** National respectfully requests that before approving the Case Management Procedures proposed by the Oversight Board and the Joint Administration Motion, the Court (a) amend the Case Management Procedures to (i) require the Debtors to file agendas with respect to all hearings, (ii) remove Section III(Q) in its entirety, (iii) evenly apply the standards in Section III(C) and III(J) to the Debtors and non-debtors, and (iv) provide procedures for telephonic participation (b) make clear the authority and duties of the U.S. Trustee in these

Title III Cases, and (c) make clear that creditors to COFINA's rights not be prejudiced by procedural consolidation pursuant to Bankruptcy Rule 1015(b).

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 15th day of May, 2017.

**I HEREBY CERTIFY** that on this same date a true and exact copy of this objection was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record.

**ADSUAR MUÑIZ GOYCO SEDA & PÉREZ-OCHOA, P.S.C.**
208 Ponce de León Avenue, Suite 1600
San Juan, PR 00936
Telephone: 787.756.9000
Facsimile: 787.756.9010
Email: epo@amgprlaw.com
       acasellas@amgprlaw.com
       larroyo@amgprlaw.com

By:   */s/* Eric Pérez-Ochoa
Eric Pérez-Ochoa
USDC-PR No. 206314

*/s/ Alexandra Casellas-Cabrera*
Alexandra Casellas-Cabrera
USDC-PR No. 301010

*/s/ Lourdes Arroyo-Portela*
Lourdes Arroyo Portela
USDC-PR No. 226501

**WEIL, GOTSHAL & MANGES LLP**
Marcia Goldstein (*pro hac vice* pending)
Salvatore A. Romanello (*pro hac vice* pending)
Kelly DiBlasi (*pro hac vice* pending)
Gabriel A. Morgan (*pro hac vice* pending)

767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: marcia.goldstein@weil.com
       salvatore.romanello@weil.com
       kelly.diblasi@weil.com
       gabriel.morgan@weil.com