# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | PROMESA<br><br>Title III<br><br>No. 17 BK 3283 (LTS) |

### RESPONSE OF SERVIDORES PUBLICOS UNIDOS, COUNCIL 95 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO, AND ITS RETIREE CHAPTER, TO MOTION FOR ENTRY OF AN ORDER PURSUANT TO 48 U.S.C. § 2161 AND 11 U.S.C. § 1102 DIRECTING THE APPOINTMENT OF AN OFFICIAL RETIREE COMMITTEE AND APPOINTING THE PRE-PETITION AD HOC RETIREE COMMITTEE AS THE OFFICIAL RETIREE COMMITTEE

Servidores Publicos Unidos (in English, "United Public Servants," hereafter "SPU"), Council 95 of the American Federation of State, County & Municipal Employees, AFL-CIO, along with SPU's Retiree Chapter (the independently-chartered chapter for retired employees of the Commonwealth of Puerto Rico, hereafter the "SPU Retiree Chapter" and, collectively with SPU, "AFSCME"), through counsel, submit this response to the *Motion [Docket # 8] for Entry of an Order Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 1102 Directing the Appointment of an Official Retiree Committee and appointing the Pre-Petition Ad Hoc Retiree Committee as the Official Retiree Committee* (the "Retiree Committee Motion"), and respectfully state as follows:

## BACKGROUND

1. AFSCME is the exclusive collective bargaining representative for approximately 12,000 active Commonwealth employees (the "Active AFSCME Employees") who participate in and earned accrued vested benefits administered by, and deposited property into individual retirement accounts held at, the Commonwealth's Employee Retirement System ("ERS").

2. Separately, the SPU Retiree Chapter represents dues-paying retired members and other retirees receiving benefits administered by ERS who have expressed an interest in being represented by the SPU Retiree Chapter in this Title III case (together, the "ERS Retirees"). Between the Active AFSCME employees and the ERS retirees, AFSCME represents at least 25,000 active and retired participants in and beneficiaries of the ERS for purposes of these proceedings with vested claims to earned retirement benefits administered by ERS, as well as property deposited at ERS in the form of wage deductions to individual retirement accounts.

3. The ERS Retirees and the AFSCME Active Employees look primarily and in many cases solely to their pension, generally at amounts at or below the poverty level, and to already limited retiree health medical benefits. The threat that retiree pension and other benefits may be lost or diminished has instilled reasonable feelings of fear and anxiety for all of the affected retirees, that their present or future source of income will be drastically eroded, leaving them unable to afford necessities like food, a safe place to live or medicine.

## AFSCME SUPPORTS REPRESERNTATION OF RETIREES

4. AFSCME supports the Retiree Committee Motion. AFSCME believes that the claims of retired public employees holding accrued retirement benefits would benefit from committee representation to protect their interests in these proceedings. In fact, AFSCME has

already discussed with the movants that AFSCME and other retiree groups would be welcomed by the movants on their committee should the Retiree Committee Motion be granted by the Court in its entirety. As the Retiree Committee Motion states, to date, the *Ad Hoc* Retiree Committee "has not turned away any Retiree organization or association wishing to join the Committee" (Retiree Committee Motion ¶24), and AFSCME understands that the *Ad Hoc* Retiree Committee would continue that policy of openness if it were designated as the official Retiree Committee by this Court.

5. Alternatively, should the Court grant the Retiree Committee Motion in part, forming a retiree committee but leaving to the U.S. Trustee the selection process for determining who serves on that committee, AFSCME would hope to be considered by the U.S. Trustee for service on that committee either itself, through its retiree chapter or through individual AFSCME retirees.

6. AFSCME similarly has no objection to accomplishing the goal of representation for retirees pursuant to Section 301(c)(3)(A) of PROMESA, 48 U.S.C. § 2161(c)(3)(A), which, through applications filed by the holders of accrued retiree claims against the Commonwealth and its retirement systems, provides for the formation of "separate" section 1102 committees for each of the Commonwealth's several retirement system trusts. It is AFSCME's understanding that it is within this Court's discretion under Section 1102 to determine whether (or if) to order the appointment of an omnibus retiree committee as requested by the Retiree Committee Motion. Regardless, of course, Section 301(c)(3) of PROMESA allows for the formation of a separate creditors' committee to represent the claimholders of any individual Commonwealth pension fund—e.g., a Committee of ERS Claimholders—should a member of

the fund so request. And, again, AFSCME would also seek to serve on this type of committee should it be formed.

### **AFSCME WOULD LIKE TO PARTICPATE ON ANY RETIREE COMMITTEE**

7. AFSCME fully intends to protect the Active AFSCME Employees and ERS Retirees throughout this process, including, to the extent permitted, through the retiree committee process. AFSCME submits that its presence on any such committee would facilitate the committee fully and adequately representing the constituents on whose behalf it is convened. Certain public Commonwealth employees in Puerto Rico have the right to, and do, collectively bargain with their Commonwealth employer through an elected exclusive representative under Commonwealth Law 45 of 1998, as amended ("Law 45"). *See* 3 L.P.R.A. § 1451 *et seq.* The underpinnings of the Commonwealth's labor relations act include the need for labor peace, orderly resolution of disagreements, assurance of continuity of public services, and the professionalization of the commonwealth's public servants. All Active AFSCME Employees are covered by Law 45, and by virtue of their employment earn, accrue, and, upon retirement or disability receive, pension benefits from ERS (and no other current public pension system). Similarly, the ERS Retirees currently receive their retirement benefits from ERS. Thus, beyond the sheer number of claimholders AFSCME represents, AFSCME's experience renders its participation key to the methodical and legitimate resolution of matters concerning earned pension benefits and retirement security. Indeed, the Retiree Committee Motion proposes to represent the vested retirement claims of both retired and active employees, making AFSCME's participation on the committee even more facilitative. *See* Docket # 8 at p.1

(defining "Retirees" as "Puerto Rico's public employees and retirees as holders of accrued pension and other retirement benefits").[1]

8. By way of further background, AFSCME is no stranger to these types of proceedings. For example, AFSCME brought its expertise to the table as a constructive negotiating partner in Detroit's recent Chapter 9 case, in which an AFSCME representative served on the official retiree committee ordered by Judge Rhodes and appointed by the U.S. Trustee. *In re City of Detroit*, Case No. 13-53846 (SWR) (Bankr. E.D. Mi.) [Docket # 575]. AFSCME's active involvement and engagement in *In re Detroit* was critical to resolving the City's reorganization as it pertained to pension, retiree health and labor relations matters.

9. In addition, AFSCME has been involved in representing the claims at issue here prior to the Commonwealth's invocation of Title III of PROMESA. Absent the opportunity for meaningful alternative dispute resolution, on April 12, 2017, SPU, along with an individual Active AFSCME Employee (SPU member) and two ERS Retirees (who are both SPU Retiree Chapter members), filed a complaint in federal district court challenging the legality of the pension cuts proposed by the Oversight Board. *See Servidores Publicos Unidos de Puerto Rico v. Financial Oversight and Management Board,* Case No. 3:17-cv-01483 (FAB) (D.P.R.). AFSCME believes that this restructuring process would benefit from a constructive forum for it to work to resolve the issues raised in AFSCME's complaint, which was automatically stayed upon the filing of the Title III petition. AFSCME understands the serious and difficult issues

---

[1] Upon information and belief, in addition to AFSCME, the other largest non-teacher labor unions of Commonwealth employees under Law 45—the Service Employees International Union (SEIU) and the United Automobile, Aerospace and Agricultural Implement Workers of America (UAW)—are also not currently members of the *Ad Hoc Retiree Committee.*

facing Puerto Rico and wants to take advantage of the opportunity presented here for communication and frank negotiations – perhaps assisted by a Court-appointed mediator.

## CONCLUSION

For the reasons set forth herein, AFSCME respectfully submits that in the event the Court grants the Retiree Committee Motion, or approves any other retiree committee, that it should be considered for representation on any such proposed retired committee and seeks such other and further relief as the Court deems just.

Dated: May 19, 2017

SAUL EWING LLP

By: /s/ *Sharon L. Levine*
Sharon L. Levine, Esq.
Dipesh Patel, Esq.
1037 Raymond Blvd.
Suite 1520
Newark, NJ 07102
(973) 286-6713 (Telephone)
(873) 286-6821 (Facsimile)
slevine@saul.com
dpatel@saul.com

-and-

AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO
Judith Rivlin, Esq.
Teague P. Paterson, Esq.
Matthew S. Blumin, Esq.
1101 17th Street NW, Suite 900
Washington, D.C. 20036
(202) 775-5900 (Telephone)
(202) 452-0556 (Facsimile)
jrivlin@afscme.org
tpaterson@afscme.org
mblumin@afscme.org

-and-

Manuel A. Rodriguez Banchs, Esq.
P.O. Box 368006
San Juan, Puerto Rico 00936

6

(787) 764-8896 (Telephone)
(787) 721-0975 (Facsimile)
manuel@rodriguezbanchs.com