`

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re:**<br><br>**THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,**<br><br>As representative of<br><br>**THE COMMONWEALTH OF PUERTO RICO**<br><br>　　　　　　　　**Debtor.** | PROMESA<br><br>Title III<br><br><br><br>Case No. 17-CV-01578-LTS<br><br>Case No. 17-03283 |
| **In re:**<br><br>**THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,**<br><br>As representative of<br><br>**PUERTO RICO SALES TAX FINANCING CORPORATION (COFINA),**<br><br>　　　　　　　　**Debtor.** | PROMESA<br><br>Title III<br><br><br><br>Case No. 17-CV-01599-LTS<br><br>Case No. 17-03284<br><br><br><br>**(Joint Administration Requested)** |

**RESPONSE OF UNITED STATES TRUSTEE TO MOTION FOR ENTRY OF ORDER PURSUANT TO 48 U.S.C. § 2161 AND 11 U.S.C. § 1102 DIRECTING THE APPOINTMENT OF AN OFFICIAL RETIREE COMMITTEE AND APPOINTING PRE-PETITION AD HOC RETIREE COMMITTEE AS THE OFFICIAL COMMITTEE**

Guy G. Gebhardt, Acting United States Trustee for Region 21 (the "United States Trustee"), files this response to the Motion for Entry of Order Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 1102 Directing the Appointment of an Official Retiree Committee and Appointing

the Pre-Petition Ad Hoc Retiree Committee (the "Ad Hoc Retiree Committee") as the Official Retiree Committee, dated May 5, 2017, ECF No. 8 (the "Motion").

## Introduction

In the Motion, the Ad Hoc Retiree Committee seeks two forms of relief: (1) an order directing the appointment of an Official Retiree Committee; and (2) an order directing appointment of the pre-petition Ad Hoc Retiree Committee as the Official Retiree Committee. The United States Trustee agrees that retirees should have an official committee and, therefore, does not oppose that part of the Motion seeking an additional committee. In most cases, once a party files a motion for an additional committee under section 1102(a)(2) as necessary for adequate representation, the United States Trustee typically will refrain from exercising his discretion under section 1102(a)(1) to appoint an additional committee until the court has an opportunity to rule. But this case is not like most cases. This case clearly needs a retiree committee and sooner rather than later. Given this situation and the comments of the Court and the various constituencies at the first day hearing, the United States Trustee intends to solicit for and to appoint a retiree committee. The United States Trustee expects to complete the committee solicitation process no later than June 16 and will hold one or more formation meetings as soon as possible after the solicitation is complete.[1] Accordingly, that portion of the Motion will be made moot by the United States Trustee's forthcoming solicitation for and appointment of a retiree committee.

The United States Trustee, however, objects to the Motion to the extent it asks this Court to appoint or direct the appointment of the alleged Ad Hoc Retiree Committee as an Official Retiree Committee because courts do not have this authority. Under section 1102(a)(2) of the Bankruptcy Code, a court "may order the appointment of additional committees . . . to assure

---

[1] The United States Trustee's solicitation and formation plans are discussed more fully in Part B.

adequate representation of creditors . . . ," but the plain language of the statute states that "the United States Trustee shall appoint any such committee." 11 U.S.C. § 1102(a)(2). Appointing members of an official committee is a responsibility entrusted exclusively to the United States Trustee. The Bankruptcy Code does not authorize a Court to direct the United States Trustee to appoint a pre-petition committee as the official committee or to appoint specific members to an official committee. Accordingly, that portion of the Motion must be denied.

In filing this response, the United States Trustee does not suggest that members of the Ad Hoc Retiree Committee could not serve on an Official Retiree Committee (or any other official committee). But the law on committee formation must be followed.

## General Background

1. On May 3, 2017, the Federal Oversight and Management Board (the "Board") appointed under the Puerto Rico Oversight, Management, and Economic Stability Act, 48 U.S.C. § 2101, *et seq.* ("PROMESA"), filed a petition commencing a case under Title III of PROMESA, 48 U.S.C. §§ 2161, *et seq.*, on behalf of The Commonwealth of Puerto Rico. ECF No. 1.

2. On May 5, 2017, the Ad Hoc Retiree Committee filed the Motion seeking an order directing the United States Trustee to appoint an Official Committee of Retirees pursuant to 11 U.S.C. § 1102(a)(2). Motion at ¶¶ 14 – 22. The Motion also seeks to have the Court direct the United States Trustee to appoint the members of the Ad Hoc Retiree Committee as the members of the Official Retiree Committee. *Id*. at ¶¶ 23 – 29.

## Discussion

### A. The Statutory Framework

Section 1102(a) of the Bankruptcy Code—which applies to a case under PROMESA, *see* 48 U.S.C. § 2161(a)—provides that the United States Trustee may appoint an additional

3

committee as he deems appropriate or that a court may order the appointment of an additional committee to ensure adequate representation:

> (1) Except as provided in paragraph (3), as soon as practicable after the order for relief under chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors or of equity security holders as the United States Trustee deems appropriate.
>
> (2) On request of a party in interest, the court may order the appointment of additional committees of creditors or of equity security holders if necessary to assure adequate representation of creditors or of equity security holders. ***The United States Trustee shall appoint any such committee***.
>
> (3) On request of a party in interest in a case in which the debtor is a small business debtor and for cause, the court may order that a committee of creditors not be appointed.
>
> (4) On request of a party in interest and after notice and a hearing, the court may order the United States trustee to change the membership of a committee appointed under this subsection, if the court determines that the change is necessary to ensure adequate representation of creditors or equity security holders. The court may order the United States trustee to increase the number of members of a committee to include a creditor that is a small business concern (as described in section 3(a)(1) of the Small Business Act), if the court determines that the creditor holds claims (of the kind represented by the committee) the aggregate amount of which, in comparison to the annual gross revenue of that creditor, is disproportionately large.

11 U.S.C. § 1102(a)(1)–(4)(emphasis added).

Thus, there are two separate and independent paths (and standards) for the appointment of additional committees under the Bankruptcy Code: (1) section 1102(a)(1) authorizes the United States Trustee to appoint additional committees of creditors as he "deems appropriate," and(2) section 1102(a)(2) authorizes a court to direct the United States Trustee to appoint additional committees if necessary to ensure "adequate representation." A court order under section 1102(a)(2) is not a prerequisite to the United States Trustee exercising his discretion to appoint an additional committee under section 1102(a)(1). And a motion under section 1102(a)(2) is not a prerequisite to, or review of, the United States Trustee's decision to appoint

4

or not appoint an additional committee.[2] But section 1102(a) is clear that the United States Trustee appoints any and all official committees, including those committees that a court orders be appointed.

### B. The United States Trustee's Plan to Appoint a Retiree Committee

The United States Trustee appreciates the important role the retirees will play in these cases—retirees deserve official committee representation. The United States Trustee's response to the Motion and his view on the form that the retirees' representation should take have been informed by the Motion and by the comments of the Court and the various constituencies at the first day hearing. The United States Trustee also consulted with the Board and the Commonwealth on committee representation issues.

Accordingly, the United States Trustee intends to solicit for and appoint three official committees: (1) a committee of general unsecured creditors in the Commonwealth's case; (2) a committee of retirees in the Commonwealth's case; and (3) a committee of general unsecured creditors in COFINA's case (recognizing there may be an insufficient number of unsecured creditors qualified or willing to serve). The United States Trustee expects to complete the committee solicitation process no later than June 16 and will hold one or more formation meetings as soon as possible after the solicitation is complete.[3]

---

[2] The Ad Hoc Retiree Committee had every right to move the Court for relief under section 1102(a)(2) and not first ask the United States Trustee to exercise his discretion to appoint an additional committee. By exercising his discretion to appoint a retiree committee under section 1102(a)(1) and not awaiting a court order, the United States Trustee seeks to expedite the committee appointment process given that there appears to be broad agreement on the need for a retiree committee.

[3] The information and forms used in the committee solicitation will be available in both English and Spanish and will be made publicly available on the website of the United States Trustee for Region 21 at https://www.justice.gov/ust-regions-r21. The United States Trustee will also ask

Because the United States Trustee will appoint an official committee of retirees in the Commonwealth's case, the first request for relief in the Motion will be made moot. But as explained below, the appointment of committee members is a responsibility entrusted exclusively to the United States Trustee. To the extent the Motion seeks relief otherwise, it must be denied.

### C. Section 1102(a) Does Not Authorize the Court to Direct the United States Trustee to Appoint Specific Committee Members

A court's authority over committee membership is limited. Nothing in section 1102(a) confers on a court the power to appoint specific members to an official committee. *See In re Caesars Entertainment Operating Co.,* 526 B.R. 265, 268 (Bankr. N.D. Ill. 2015) (court's powers over committee are limited to those set forth in section 1102(a)). Instead, a court may, if requested:

- order the United States Trustee to appoint additional committees if necessary to assure adequate representation;

- order the United States Trustee to change committee membership if necessary to ensure adequate representation;

- order that a committee not be appointed in a small business case; or

- order the United States Trustee to increase membership to include a creditor that is a small business concern.

11 U.S.C. § 1102(a)(1)-(4). "Those are the only powers over committees the Code gives the court. There are no others." *Caesars*, 526 B.R. at 268.

Beyond these, section 1102 is entirely silent on any role for a court regarding committee appointments, composition, or modification, and it nowhere provides for a court to appoint

---

the pertinent parties to post links to the committee forms to ensure a broad and efficient solicitation process.

particular committee members. *See Caesars*, 526 B.R. at 268 ("nothing in section 1102(a) confers on the court the power to disband a committee the U.S. Trustee has appointed under section 1102(a)(1)"); *In re JNL Funding Corp.*, 438 B.R. 356, 361 (Bankr. E.D.N.Y. 2010) ("Section 1102 is silent as to this Court having power to order a committee to be disbanded. . . ."); *see also In re Hills Stores Co.,* 137 B.R. 4, 8 (Bankr. S.D.N.Y. 1992) (the statute no longer permits the addition or deletion of members of committees by the court). In short, as specifically set forth in section 1102(a)(2), "the United States Trustee shall appoint any such Committee," not the Court. *See* 11 U.S.C. § 1102(a)(2); *cf.* 7 COLLIER ON BANKRUPTCY ¶ 1102.07 (16th ed. 2009) (explaining that when a court orders a change in committee composition to ensure adequate representation, "the court will not appoint any replacement committee members. The court will order the United States trustee to change membership on the committee but appointment of replacement members is still a decision that will be made by the United States trustee.").

The relative and delineated roles for the courts and the United States Trustees in committee matters are no accident. When the Bankruptcy Code was enacted in 1978, bankruptcy courts had authority to appoint creditors' committees in chapter 11 cases, but with the 1986 expansion of the United States Trustee Program, "Congress transferred that authority to the U.S. Trustee." *Caesars*, 526 B.R. at 268. The 1986 amendments reflected Congress's desire to separate the judicial and administrative functions and to screen courts from administrative functions that could raise conflict of interest issues. *See, e.g., In re ShoreBank Corp.,* 467 B.R. 156, 160 (Bankr. N.D. Ill. 2012) (noting the "uneven history" in the case law because of statutory amendments in 1986 first restricting and in 2005 then restoring limited judicial

7

Document Page 8 of 10

authority over committees); *In re Victory Markets, Inc.*, 196 B.R. 1, 3-4 (Bankr. N.D.N.Y. 1995).

### D. Section 1102(b)(1) Does Not Authorize a Court to Direct the United States Trustee to Appoint Specific Committee Members

The Ad Hoc Retiree Committee cites section 1102(b)(1) as authority for its appointment as the Official Retiree Committee. But section 1102(b)(1) does not authorize a court to direct the United States Trustee to appoint specific members to a committee. Rather, section 1102(b)(1) provides that the United States Trustee *may* appoint a pre-petition committee as the official committee if the pre-petition committee was "fairly chosen and is representative of the different kinds of claims to be represented." 11 U.S.C. § 1102(b)(1). "Nothing in section 1102(b)(1) requires the United States Trustee to appoint a prepetition creditors' committee as the official committee. . . . Doing so is in the discretion of the United States trustee." 7 COLLIER ON BANKRUPTCY ¶ 1102.02[3] (16th ed. 2009); *see also In re Drexel Burnham Lambert Group, Inc.,* 118 B.R. 209, 212 (Bankr S.D.N.Y. 1990) (holding that language in section 1102(b)(1) is precatory and non-binding).

If the United States Trustee were to appoint a pre-petition committee as an official committee and if the appointment were challenged, Bankruptcy Rule 2007 would govern the procedure for judicial review of whether that committee satisfied section 1102(b)(1)'s "fairly chosen" and adequately representative standards.[4] Rule 2007 also details one (but not necessarily the exclusive) standard for determining if a committee were "fairly chosen": A prepetition committee can be found as "fairly chosen" when it "was selected by a majority in

---

[4] Rule 2007 neither applies to, nor authorizes judicial review of, a United States Trustee's decision *not* to appoint a pre-petition committee as an official committee. Rather, any challenge to committee composition in that circumstance would be governed by section 1102(a)(4)'s adequate representation standards.

number and amount of claims of unsecured creditors who may vote under § 702 of the Code and were present in person or represented at a meeting of which all creditors having unsecured claims of over $1,000 or the 100 largest unsecured creditors having the largest claims had at least seven days' notice in writing." *See* Bankruptcy Rule 2007(b)(1). The Motion does not address the fairly chosen standard. But the Court need not address that standard now or perhaps ever.[5]

## Conclusion

The United States Trustee is mindful of the important role that official committees occupy in bankruptcy (and Title III) cases as well as the divergent, but at times overlapping, authority that the Court and the United States Trustee have over official committees. In filing this response and outlining his planned course of action, the United States Trustee endeavors to execute his statutory duties fairly, faithfully, and transparently without trespassing in any way on the Court's statutory authorities.

WHEREFORE, the United States Trustee respectfully requests that the Court deny the Motion: (1) with respect to an order requiring the appointment of an official retiree committee because it will be made moot once the United States Trustee appoints that committee; (2) with respect to an order directing the United States Trustee to appoint the members of the Ad Hoc Retiree Committee as the Official Retiree Committee because the law does not permit it; and (3) that the Court grant such other and further relief as may be deemed just and proper.

**SPACE LEFT BLANK INTENTIONALLY**

---

[5] Any review under the "fairly chosen" standard could occur only if the United States Trustee appointed a pre-petition committee as an official committee and if a party filed a motion challenging the appointment.

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that on this day I electronically filed a true and exact copy of the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the parties on the master service list and by mail or email as provided in the Court-approved Case Management Procedures in this case.

**DATED:** May 19, 2017

GUY G. GEBHARDT
Acting United States Trustee for Region 21

U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
Edificio Ochoa
500 Tanca Street, Suite 301
San Juan, Puerto Rico 00901-1922
Tel.: (787) 729-7444
Fax: (787) 729-7449

(Electronically Filed)

By: s/ Monsita Lecaroz-Arribas
Monsita Lecaroz-Arribas
Assistant U.S. Trustee
USDC-PR No. 207707