# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HON. ROSSANA LOPEZ LEON, IN HER OFFICIAL CAPACITY<br><br>                            Plaintiff,<br><br>                     v.<br><br>HON. RICARDO ROSSELLÓ-NEVARES, IN HIS CAPACITY AS GOVERNOR OF THE COMMONWEALTH OF PUERTO RICO; THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY; GERARDO PORTELA FRANCO IN HIS CAPACITY AS EXECUTIVE DIRECTOR OF THE PUERTO RICO AGENCY AND FINANCIAL ADVISORY AUTHORITY; AND WANDA VÁZQUEZ GARCED IN HER CAPACITY AS THE PUERTO RICO SECRETARY OF JUSTICE<br><br>                           Defendants. | Case No. |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, defendants The Honorable Ricardo Rosselló-Nevares, in his official capacity as Governor of Puerto Rico ("Governor Rosselló"), The Commonwealth of Puerto Rico ("Puerto Rico"), Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), Gerardo Portela Franco in his capacity as the Executive Director of AAFAF, and the Honorable Wanda Vázquez Garced in her capacity as the Puerto Rico Secretary of Justice (collectively, "defendants") file this Notice of Removal pursuant to 48 U.S.C. § 2166(d) and Federal Rule of Bankruptcy Procedure 9027 (made applicable by 48 U.S.C. § 2170) and remove the above-captioned action from the Commonwealth of Puerto

1

Rico Court of First Instance, San Juan Part, to the United States District Court for the District of Puerto Rico.[1]  This proceeding should be transferred to the Honorable Laura Taylor Swain as a matter related to the proceeding under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") captioned *In re Commonwealth of Puerto Rico*, No. 3:17-cv-01578, Dkt. 1-2 at 16-21, Dkt. 1-3 (D.P.R. May 3, 2017) (the "Title III Proceeding"), under Local Rule 3A of the United States District Court for the District of Puerto Rico.

This proceeding seeks information about, and is effectively an attack on, the Fiscal Plan that is at the core of the Title III Proceeding.  Accordingly, the Court has original jurisdiction over this proceeding pursuant to 48 U.S.C. § 2166(a) because this matter arises in and relates to the Title III Proceeding.  In support of this Notice of Removal, defendants state as follows:

## INTRODUCTION AND BACKGROUND

1. On April 17, 2017, plaintiff Rossanna Lopez Leon, in her capacity as a Puerto Rico state senator, initiated the above-entitled action by filing a petition for writ of mandamus seeking to compel defendants to make public materials provided to the Financial Management Board for Puerto Rico (the "Board") related to the fiscal plan under PROMESA.  The plaintiff amended her complaint on April 18, 2017.

2. Under PROMESA, Governor Rosselló is given the opportunity to submit to the Board a fiscal plan, which must comply with the guidelines set forth in section 2141(b) (the "Fiscal Plan").  *See* 48 U.S.C. § 2141.  The purpose of the Fiscal Plan is to "provide a method to achieve fiscal responsibility and access to the capital markets" subject to several enumerated requirements.  *Id*. § 2141(b)(1).  The Fiscal Plan must, among other things, provide revenue and

---

[1] Defendants do not waive and expressly preserve all rights, claims, and defenses, including, without limitation, all defenses relating to jurisdiction, capacity to be sued, and the applicability of the automatic stay under 11 U.S.C. §§ 362, 922 and 48 U.S.C. § 2161(a).

2

expenditure projections, "ensure the funding of essential public services," "provide adequate funding for pension systems," "improve fiscal governance," and "include a debt sustainability analysis." *Id.* In accordance with section 2141(e) of PROMESA the Fiscal Plan must be certified by the Board.

3. On March 13, 2017, the Board certified Puerto Rico's Fiscal Plan.[2]

4. The Fiscal Plan is a critical component of the Title III Proceeding. PROMESA requires that the plan of adjustment filed by the Board be approved by the Court provided that it is consistent with the applicable Fiscal Plan. 48 U.S.C. § 2174(b)(7). The Fiscal Plan, in turn, will be implemented through a budget that conforms to the requirements of PROMESA and is certified by the Board. *See Id.* § 2142.

5. The Fiscal Plan that is reflected in the draft budget at issue in plaintiff's petition is currently the subject of litigation within the Title III Proceeding. Insurers of Puerto Rico's general obligation bonds ("GO bonds") filed an adversary complaint in the Title III Proceeding challenging the legality of the Fiscal Plan. *Assured Guar. Corp. v. Commonwealth of Puerto Rico*, No. 3:17-cv-01584, Dkt. No. 1 (D.P.R. May 3, 2017). Among other things, the *Assured* plaintiffs allege that the Fiscal Plan is "illegal" because they "allow[] the Commonwealth to simply misappropriate for its own general use special revenues that constitute property of its public corporations and their bondholders" and "fail[] to significantly cut government expenses . . . ." *Id.* ¶¶ 5-6. Allegations regarding the Fiscal Plan permeate every aspect of that complaint.

---

[2] The Board's Resolution and the Final Fiscal Plan are available on the Board's official website at https://juntasupervision.pr.gov/index.php/en/documents/.

3

## GROUNDS FOR REMOVAL

6. Defendants remove this action to the District Court under 48 U.S.C. § 2166, which allows removal of claims over which the District Court has federal subject matter jurisdiction under PROMESA to the court in which a Title III Proceeding is pending.

7. This Court has original jurisdiction of all cases "arising in" or "related to" cases under Title III of PROMESA. 48 U.S.C. § 2166(a)(2). Removal is appropriate here because Plaintiff's mandamus petition falls within both of those categories.

8. First, this matter arises in or under Title III. Arising in or under proceedings generally "are those that are not based on any right expressly created by title 11 but nevertheless, would have no existence outside of the bankruptcy." *In re Middlesex Power Equip. & Marine, Inc.*, 292 F.3d 61, 68 (1st Cir. 20002) (collecting cases) (internal marks omitted); *Heck-Dance v. Cardona-Jimenez*, 102 F. App'x 171, 172 (1st Cir. 2004) ("arising in" jurisdiction over state law malpractice claim that would not exist "but for" the underlying bankruptcy case). For these purposes decisions under Title 11 of the United States Code (the "Bankruptcy Code") are directly on-point in a Title III case.[3] At this point, litigation over the Fiscal Plan (including actions that amount to discovery inquiries into the Fiscal Plan) can have no existence outside the Title III Proceeding. That is where it will be implemented, and that is where litigation regarding its implementation has already begun.[4]

---

[3] PROMESA has its own removal statute which closely mirrors the federal bankruptcy removal statute. *Compare* 48 U.S.C. § 2166(d) *with* 28 U.S.C. § 1452(a). Accordingly, authorities concerning the scope of removal jurisdiction in the context of the Bankruptcy Code are persuasive here.

[4] Defendants do not concede that plaintiff's petition has merit, or that the draft budget may or should be disclosed. Defendants reserve the right to challenge the petition on the merits, as well as argue that this litigation is precluded by the provisions of PROMESA that immunize the Fiscal Plan from review or oversight by a court or the Puerto Rico legislature. *See, e.g.*, 48 U.S.C. §§ 2126(e) (divesting courts of jurisdiction to review Board's certification determinations

4

9. For the same reasons, this action is also indisputably "related to" the Title III Proceeding, as governed by PROMESA and the Bankruptcy Code provisions incorporated therein. "Related to" jurisdiction exists where an action "could conceivably have any effect on the estate being administered in bankruptcy." *In re G.S.F. Corp.*, 938 F.2d 1467, 1475 (1st Cir. 1991); *Garcia-Quintero v. Commonwealth of Puerto Rico*, 111 F.3d 122 (Table) (1st Cir. 1997).

10. This action's stated intent is to seek information about the Fiscal Plan, which is a critical element of the Title III Proceeding. Litigation about the Fiscal Plan will clearly affect the Title III Proceeding. And litigation outside of Title III of which the sole purpose is obtaining disclosure of documents at issue in the Title III could obviously have an effect on the Commonwealth's case, including through the prospect of inconsistent determinations with respect to the scope of discovery or disclosure obligations. As a result, this dispute falls squarely within the PROMESA's "related to" jurisdiction and can also be removed to the Title III court.

## PROCEDURAL REQUIREMENTS

11. The petition for writ of mandamus was filed on April 17, 2017 and served on defendants on March 30, 2017 and, but for AAFAF, which has not been serviced, Defendants were served on March 31, 2017. Defendants have timely filed this Notice of Removal within 90 days from the commencement of the Title III Proceedings in accordance with Fed. R. Bankr. P. 9027(a)(2).[5]

12. Pursuant to Fed. R. Bankr. P. 9027(b)-(c), defendants will file a copy of this Notice of Removal with the Clerk of Court for the Court of First Instance of the Central Court of

---

under PROMESA), 2128(a) (legislature may not exercise control, supervision, oversight or review of the Board or its activities), 2141(c)(3) (Board has sole discretion to review Fiscal Plan), 2142(c)(1) (Board has sole discretion to review budgets for compliance with Fiscal Plan).
[5] The Federal Rules of Bankruptcy Procedure apply to proceedings under Title III of PROMESA. 48 U.S.C. § 2170.

5

San Juan. They also will promptly serve a copy of this Notice of Removal on counsel for the plaintiff.

## INTRADISTRICT ASSIGNMENT

13. Venue for removal is proper in this Court as the district which has original jurisdiction over claims like this that arise in or are related to cases under PROMESA Title III. 48 U.S.C. § 2166(a)(2), (d)(1).

14. This proceeding should be transferred to the Honorable Laura Taylor Swain as a proceeding related to *In re Commonwealth of Puerto Rico*, No. 3:17-cv-01578, Dkt. 1-2 at 16-21, Dkt. 1-3 (D.P.R. May 3, 2017), under Local Rule 3A of the United States District Court for the District of Puerto Rico.

WHEREFORE, defendants hereby remove this action from the Court of First Instance of the Central Court of San Juan, to the United States District Court for the District of Puerto Rico.

Dated: May 12, 2017                                             Respectfully submitted:

WANDA VÁZQUEZ GARCED
Secretary of Justice


 *S/ WANDYMAR BURGOS VARGAS*
WANDYMAR **BURGOS VARGAS**
USDC 223502
Acting Deputy Secretary in Litigation
Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Phone: 787-721-2940 Ext. 2500, 2501
Fax 787-723-9188
wburgos@justicia.pr.gov

*Attorneys for Defendants*

6