ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| Hon. Rossana López León, en su carácter personal y como Senadora por Acumulación del Estado Libre Asociado de Puerto Rico.<br>    Demandante<br><br>    v.<br><br>Hon. Ricardo Rosselló Nevares, Gobernador del Estado Libre Asociado de Puerto Rico; Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico; Gerardo Pórtela Franco, Director Ejecutivo de la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico; Hon. Wanda Vázquez Garced, Secretaria de Justicia del Estado Libre Asociado de Puerto Rico<br>    Demandados | CIVIL NUM.: SJ2017CV00107<br><br>SOBRE:<br><br>SOLICITUD DE MANDAMUS |

**DEMANDA DE INTERVENCIÓN**

AL HONORABLE TRIBUNAL:

COMPARECE la ASOCIACIÓN PUERTORRIQUEÑA DE PROFESORES UNIVERSITARIOS, INC. (APPU) representada por su abogado que suscribe y muy respetuosamente, EXPONE, ALEGA y SOLICITA:

1. El 30 de marzo de 2017 se presentó la demanda en este caso mediante el cual la parte demandante solicita la entrega de los siguientes documentos públicos: *"todos los documentos, estudios, informes, memorandos, cartas, análisis, estudios actuariales, informes de proyecciones de recortes e ingresos, gastos e inversiones y cualquier otro documento que fueran utilizados para la confección del Plan Fiscal para Puerto Rico."*

2. La APPU respetuosamente ha presentado en el día de hoy, y conjuntamente con la presente demanda, una solicitud para ser parte interventora en el presente pleito, como parte demandante en estos procedimientos, conforme a la Regla 21 de Procedimiento Civil.

1

## II. LAS PARTES

1. La Demandante-Interventora ASOCIACIÓN PUERTORRIQUEÑA PROFESORES UNIVERSITARIOS (APPU) es una organización bona-fide de empleados públicos, certificada por el Secretario del Trabajo y Recursos Humanos al amparo de la Ley Núm. 134 de 19 de junio de 1960 y comparece en esta acción por sí y en representación de sus afiliados: sobre mil (1,000) profesores universitarios activos que trabajan en la Universidad de Puerto Rico (UPR). La APPU es representada en este acto por su Presidente, el profesor José Raúl Rivera Caballero. La dirección postal de la APPU es: P.O. Box 22511, San Juan, PR 00931-2511, su correo electrónico es appu.nacional@gmail.com y su teléfono es: 787-758-8232.

2. Como organización bonafide de empleados públicos, la APPU agrupa docentes que, en el ejercicio de sus derechos constitucionales, se han organizado *"con fines de promover su progreso social y económico, el bienestar general de los empleados públicos, y fomentar y estimular una actitud liberal y progresista hacia la administración pública, y promover la eficiencia en los servicios públicos".* [1]

3. El carácter de organización Bonafide de empleados públicos le provee a la APPU plena capacidad para entablar la presente demanda de intervención en representación de todos y cada uno de sus miembros. Véase Colegio de Ópticos v. Vani Visual, 124 D.P.R. 559 (1989).

4. De igual manera la APPU es una corporación doméstica, sin fines de lucro, con número de registro 2948 en el Departamento de Estado de Puerto Rico con capacidad jurídica para demandar y ser demandada.

5. La parte demandante en el pleito original es la Hon. Rossana López León, en su carácter personal y como Senadora por acumulación del Estado Libre Asociado de Puerto Rico.

6. El co-demandado, Hon. Ricardo Rosselló Nevares es el Gobernador del Estado Libre Asociado de Puerto Rico, es el más alto funcionario en la Rama Ejecutiva.

---

[1] 3 L.P.R.A. 702(a)

7. La co-demandada, Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico (AAFAF) es una Corporación Publica con capacidad para ser demandada.

8. El co-demandado Gerardo Pórtela Franco es el Director Ejecutivo de la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico (en adelante AAFAF)

9. La co-demanda Hon. Wanda Vázquez Garced es la Secretaria de Justicia del Estado Libre Asociado de Puerto Rico

### III.  LOS HECHOS

1. La Ley Federal PROMESA[2] requirió la confección de un Plan Fiscal (Plan) a ser sometido por el Gobierno del Estado Libre Asociado de Puerto Rico, a la Junta de Supervisión Fiscal (Junta), no más tarde del martes 28 de febrero de 2017.

2. Dicho Plan se preparó utilizando estudios, informes, memorandos, cartas, análisis, estudios actuariales, informes de proyecciones de recortes e ingresos, gastos e inversiones y documentos relacionados; con el fin de diseñar posibles escenarios y proyecciones de como resultaría dicho Plan. Estos documentos fueron pagados con fondos públicos.

3. Como parte del Plan Fiscal sometido por el Gobierno de Puerto Rico a la Junta de Control Fiscal se contemplan reducciones al presupuesto de la Universidad de Puerto Rico por la suma de $450 millones para el año 2021.

4. Un recorte de tal magnitud tendría efectos nefastos sobre la Universidad de Puerto Rico en términos generales y sobre los docentes universitarios en términos particulares. Ya se han mencionado públicamente, entre otros efectos, el inminente cierre de programas académicos en la UPR que tendría el efecto de que una cantidad indeterminada de docentes universitarios se vean amenazados con la pérdida de empleo.

5. La parte demandante-interventora tiene conocimiento de que el 13 de febrero de 2017 la parte demandante Hon. Senadora López le solicitó,

---

[2] *"Puerto Rico Oversight, Management and Economic Stability Act"* de 30 de junio de 2016.

mediante carta al Gobernador de Puerto Rico, las medidas y modelos que fueron consideradas para la confección del Plan Fiscal. Esto incluyendo, pero sin limitarse, a informes, estudios, análisis o comunicaciones escritas o electrónicas conducentes a la preparación del mencionando Plan Fiscal.

6. La parte demandante-interventora tiene conocimiento de que el 13 de febrero de 2017 la demandante radicó en la Secretaria del Senado de Puerto Rico, Petición solicitando información al Dr. Ricardo Rosselló Nevares. En esta se la solicita: todos los documentos, estudios, informes, memorandos, cartas, análisis, estudios actuariales, informes de proyecciones de recortes e ingresos, gastos e inversiones y cualquier otro documento que fueran utilizados para la confección del Plan Fiscal para Puerto Rico. Esta petición no fue aprobada por el Senado.

7. La parte demandante-interventora tiene conocimiento de que el 16 de marzo de 2017, la demandante Hon. Senadora López le solicitó mediante carta, a la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico, los modelos económicos, informes, estudios, análisis o comunicaciones, memorandos de consultores de manera escrita o electrónica que fueron utilizados para la confección del Plan Fiscal.

8. Finalmente la parte demandante-interventora tiene conocimiento de que el 23 de marzo de 2017, el Director Ejecutivo de AAFAF, contestó el requerimiento hecho el 16 de marzo de 2017. En la carta alude un alegado privilegio oficial/ejecutivo y privilegio abogado-cliente para negar la información y señala además que dicha información contemplan escenarios hipotéticos que no deben ser divulgados a la ciudadanía ya que, según argumento, podría llevar al público a conclusiones *"erradas y prematuras"*.

9. Resulta evidente de las gestiones infructuosas realizadas por la demandante Hon. Senadora López, quien es una funcionaria electa del Senado de Puerto Rico, que se han agotado todos los remedios extrajudiciales disponibles para obtener la información solicitada sin obtener lo requerido. En este contexto, cualquier gestión adicional que realice la Asociación como parte demandante-interventora resultaría ser una gestión inoficiosa e inútil.

4

### III. LA NATURALEZA DE LOS DOCUMENTOS SOLICITADOS

1. Los documentos solicitados a los demandados constituyen *"documentos públicos"* al amparo de la ley.

2. Los referidos documentos fueron preparados para confeccionar el Plan Fiscal del Gobierno de Puerto Rico o sea se prepararon por encomienda de ley, específicamente por la Ley PROMESA, supra.

3. A su vez, la "Ley de Administración de Documentos Públicos de Puerto Rico" 3 L.P.R.A. §1001 et. seq. define el concepto "documento público" como:

> *"**Todo documento que se origine, conserve o reciba en cualquier dependencia del Estado Libre Asociado de Puerto Rico de acuerdo con la ley o en relación con el manejo de los asuntos públicos** y que de conformidad con lo dispuesto en la sec. 1002 de este título se haga conservar permanentemente o temporalmente como prueba de las transacciones o por su valor legal. **Incluye aquellos producidos de forma electrónica que cumplan con los requisitos establecidos por las leyes y reglamentos**."* (énfasis suplido)

4. Así mismo, el Honorable Secretario de Justicia mediante Opinión Núm. 1964-5 expresó lo siguiente:

> *"En principio, es público **aquel documento que por ley o reglamento se requiere sea llevado, o es necesario mantener para llevar a cabo una función impuesta por ley**, o la ley lo requiere como constancia o evidencia de algo que se ha dicho, hecho o escrito."* (énfasis suplido)

5. Se trata de documentos y/o informes pagados o gestionados por agencias, corporaciones publicas e instrumentalidades del gobierno que operan con fondos públicos y a cuyo contenido la parte demandante-interventora tiene derecho a acceder.

6. No existe otro remedio adecuado y eficaz en ley para que la parte demandante-interventora obtenga la información solicitada. Por dicha razón es necesario que se expida este mandamus para la obtención de dicha información. Véase, Art. 651 Código Enjuiciamiento Civil, 32 LPRA sec. 3423; Hernández Agosto v Romero Barceló, 112 DPR 407 (1982)

5

7. Toda la información solicitada es información pública y de alto interés público para la ciudadanía y es necesaria para informar sobre la gestión y transparencia gubernamental y la correspondiente fiscalización de la misma. Dávila v Superintendente de Elecciones, 82 DPR 264 (1960)

8. Las partes contra las cuales se dirige el mandamus tienen el deber ministerial de entregar la información solicitada. "Ley de la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico" Ley Núm. 2 de 18 de enero de 2017 en su artículo cinco (5) inciso "a" dice:

> *"La Autoridad es creada con el propósito de que actúe como agente fiscal, asesor financiero y agente informativo de todos los entes del Gobierno de Puerto Rico y para asistir tales entidades en confrontar la grave crisis fiscal y emergencia económica por la que atraviesa Puerto Rico."*

9. Los documentos solicitados no son confidenciales por disposición de ley o reglamento alguno, como tampoco por interpretación jurisprudencial.

## IV. EL DEBER IMPUESTO POR LEY

1. La Parte Demandada tiene un deber impuesto por ley de suministrar copia de los documentos públicos solicitados, al amparo de la Sección 1781 del Código de Enjuiciamiento Civil, la cual establece:

> *"Todo ciudadano tiene derecho a inspeccionar y sacar copia de cualquier documento público de Puerto Rico, salvo lo expresamente dispuesto en contrario por la ley."* [3]

2. Dicho deber impuesto por ley a los funcionarios de gobierno de permitir la inspección y de proveer copias de documentos públicos ha sido confirmado y reiterado por nuestro Honorable Tribunal Supremo. Prensa Insular v. Cordero, 67 D.P.R. 89; Dávila v. Superintendente, 82 D.P.R. 264.

3. El derecho a acceso a la información está garantizado por la Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico en el Articulo II, Sec. 4 y la Primera Enmienda de la Constitución de los Estados Unidos de Norteamérica.

---

[3] 32 L.P.R.A. 1781

## V. EL INTERÉS ESPECIAL DE LA PARTE DEMANDANTE-INTERVENTORA

1. Los documentos solicitados son de fundamental importancia para la Demandante-Interventora APPU por las siguientes razones:

   a. La demandante-interventora APPU es una organización bonafide de empleados públicos, la cual representa los intereses de sobre mil (1,000) docentes universitarios en once (11) recintos del sistema universitario del sistema público.

   b. Como parte de sus funciones, APPU tiene la responsabilidad de representar y defender los mejores intereses de sus afiliados, a través de diversos medios legales tales como acciones en los tribunales y la participación en vistas públicas celebradas por la Asamblea Legislativa.

   c. Como parte de sus funciones, APPU también tiene la responsabilidad de orientar, asesorar y brindar representación a sus afiliados en los casos relacionados con su empleo, incluyendo situaciones en que se puedan cesantear sus afiliados como resultado de recortes en el presupuesto de la UPR.

   d. Al no tener acceso a los documentos solicitados, la parte demandante-interventora no puede cumplir con sus objetivos, funciones y responsabilidades como organización bonafide de docentes universitarios.

2. Por lo antes expuesto, la parte demandante-interventora tiene un interés especial en el remedio solicitado, así como legitimación activa para demandar para vindicar sus derechos como entidad, Solís v. Municipio de Caguas, 120 D.P.R. 53; así como los derechos de sus representados. Colegio de Ópticos v. Vani Visual Center, 124 D.P.R. 559.

7

## VI. RESUMEN

1. En este caso procede el recurso extraordinario de mandamus a tenor con la normativa prevaleciente, en vista de lo cual solicita que se ordene a la parte demandada a proveer la información que le ha sido solicitada.

2. Las partes demandadas obligaron a la demandante a recurrir ante este foro judicial para solicitar una información que debe estar disponible y accesible para cualquier ciudadano u organización que así lo solicite. Es por esta razón que la parte demandante-interventora se ha visto en la obligación de solicitar la intervención en el presente pleito a los fines de que la información y documentos solicitados se encuentren disponibles para su evaluación.

3. Todos los documentos requeridos en la demanda principal en estos procedimientos constituyen documentos públicos y de alto interés público para la ciudadanía, y para los docentes universitarios en particular, son necesarios para evaluar la gestión y transparencia gubernamental y la correspondiente fiscalización de la misma. Específicamente estos documentos resultan indispensables para que la interventora pueda participar en el debate público así como en las vistas públicas que se celebren para evaluar el presupuesto general del Gobierno de Puerto Rico y de la Universidad de Puerto Rico en particular.

**POR TODO LO CUAL** se solicita muy respetuosamente de este Honorable Tribunal que tome conocimiento de lo anteriormente expuesto y declare ***CON LUGAR*** la presente demanda de intervención y ordene la entrega de los documentos e información que le han sido solicitados, a saber: todos los documentos, estudios, informes, memorandos, cartas, análisis, estudios actuariales, informes de proyecciones de recortes e ingresos, gastos e inversiones y cualquier otro documento que fueran utilizados para la confección del Plan Fiscal para Puerto Rico, con cualquier otro señalamiento que proceda en derecho.

RESPETUOSAMENTE SOMETIDO

*8*

En San Juan, Puerto Rico, a 20 de abril de 2017.

**CERTIFICO** que este documento fue radicado en el día de hoy mediante el Sistema Unificado de Manejo y Administración de Casos (SUMAC). Según las *Directrices Administrativas para la Presentación y Notificación Electrónica de Documentos Mediante el Sistema Unificado de Manejo y Administración de Casos,* se presume que una notificación electrónica generada por el SUMAC fue remitida a la dirección de correo electrónico correspondiente de cada una de las partes en el pleito.

En San Juan, Puerto Rico a 20 de abril de 2017.

*s/ Carlos Quirós Méndez*
**LCDO. CARLOS QUIRÓS MÉNDEZ**
Colegiado 8958 / RUA 7638
P.O. Box 7445
San Juan, PR 00916
Tel. (787) 946-8069
E-mail: cquiros@igc.org
carlos.quiros.mendez@gmail.com