**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**CENTRO JUDICIAL DE SAN JUAN**
**SALA SUPERIOR**

| | |
|---|---|
| **HON. ROSSANA LÓPEZ LEÓN, SENADORA POR ACUMULACIÓN DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO**<br><br>Demandante<br><br>V.<br><br>**HON. RICARDO ROSELLO NEVARES, GOBERNADOR DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO; GERARDO PÓRTELA FRANCO, DIRECTOR EJECUTIVO DE LA AUTORIDAD DE ASESORÍA FINANCIERA Y AGENCIA FISCAL DE PUERTO RICO; HON. WANDA VÁZQUEZ GARCED, SECRETARIA DE JUSTICIA DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO**<br><br>Demandados | **CIVIL NÚM.:** SJ2017CV00107<br><br>**SALA:** 904<br><br>**SOBRE:**<br><br>SOLICITUD DE MANDAMUS |

**OPOSICIÓN A SOLICITUD DE INTERVENCIÓN**

**AL HONORABLE TRIBUNAL:**

      **COMPARECE** el **Gobierno de Puerto Rico** (en adelante "Estado") por sí y en representación del **Gobernador de Puerto Rico**, **Hon. Ricardo Rosselló Nevares**, exclusivamente en su carácter oficial, por conducto de la representación legal que suscribe y muy respetuosamente **EXPONE, ALEGA y SOLICITA:**

**I. INTRODUCCIÓN**

1. La demanda de autos fue presentada por medio del Sistema Unificado de Manejo y Administración de Casos (SUMAC) el día 30 de marzo de 2017.

2. El 31 de marzo de 2017, el Gobierno de Puerto Rico fue emplazado con copia de la demanda y con Orden dictada por este Tribunal mediante la cual señaló vista para el 10 de abril de 2017, para dilucidar la procedencia del recurso extraordinario solicitado.

1

3. En la mencionada vista el Tribunal le ordenó a la parte demandante de epígrafe que en el término de cinco (5) días procediera a enmendar su demanda. De la Minuta de la vista se desprende que:

> Escuchada las argumentaciones, el tribunal le concede a la parte demandante el término de 5 días para radicar la correspondiente enmienda a la demanda, incluyendo a la parte indispensable. Además, someterá por escrito su réplica a la Moción de desestimación radicada.
> La parte demandada y codemandada procederán a radicar los escritos correspondientes, luego de la enmienda a la demanda.

4. La parte demandante presentó su Demanda Enmendada el día 18 de abril de 2017 en horas de la noche.

5. El día 20 de abril de 2017 se presentó en el presente pleito una Demanda de Intervención por parte de la Asociación Puertorriqueña de Profesores Universitarios (APPU). En su solicitud de Intervención la APPU pide como remedio que se le entreguen los mismos documentos solicitados por la demandante de epígrafe. De la Demanda de Intervención presentada por la APPU no surge que dicha entidad haya cumplido con el requisito esencial de haber hecho un requerimiento previo a la parte demandada de epígrafe, por lo cual su Demanda de Intervención no debe ser considerada ya que no cumple con los requisitos esenciales para la expedición de un *mandamus*.

## II. BREVE ALEGACIONES DE LAS PARTES

6. En su Demanda de Intervención la APPU sostiene que debido a los recortes que enfrentaría la Universidad de Puerto Rico con la implementación del Plan Fiscal aprobado por la Junta de Control Fiscal le son necesarios: *"…los documentos, estudios, informes, memorandos, cartas, análisis, estudios actuariales, informes de proyecciones de recortes e ingresos, gastos e inversiones utilizados para la confección del Plan Fiscal para Puerto Rico."*

7. Debemos señalar que la parte que solicita la Intervención no cumple con los requisitos estatutarios requeridos para la expedición de un *mandamus* a su favor, por lo que no procede que no se permita su intervención.

## II.    DISCUSIÓN DEL MARCO LEGAL APLICABLE

2

## A. IMPROCEDENCIA DE LA SOLICITUD DE MANDAMUS

En cuanto al modo en que se solicita que se expidan los *Mandamus* las reglas de procedimiento civil disponen lo siguiente:

Regla 54:

El auto de *Mandamus*, tanto perentorio como alternativo podrá obtenerse presentando una solicitud jurada al efecto. Cuando se solicite dicho remedio y el derecho a exigir la inmediata ejecución de un acto sea evidente y aparezca que no se podrá dar ninguna excusa para no ejecutarlo, el tribunal podrá ordenar perentoriamente la concesión del remedio; de otro modo, ordenará que se presente una contestación y tan pronto sea conveniente, celebrará una vista, recibiendo prueba, si es necesario, y dictará su decisión prontamente. Se obtendrá el cumplimiento de las órdenes dictadas por el tribunal del mismo modo en que se exige el cumplimiento de cualquier orden.

Por su parte, el Artículo 649 del Código de Enjuiciamiento Civil establece lo siguiente:

El auto de *Mandamus* podrá dictarse por el Tribunal Supremo o por el Tribunal de Primera Instancia o por cualquiera de sus magistrados o jueces cuando se hallen en el ejercicio de sus funciones o en sus oficinas, y se dirigirá a cualquier tribunal inferior, corporación, junta o persona obligada al cumplimiento de un acto que la ley particularmente ordene como un deber resultante de un empleo, cargo o función pública..." 32 LPRA §3422 (Énfasis nuestro).

El Tribunal Supremo ha definido el concepto de deber ministerial como "aquel deber impuesto por la ley que no permite discreción en su ejercicio sino que es mandatorio e imperativo." Véase: *Acevedo* **Vilá v. Meléndez Ortiz, supra;** *Noriega Rodríguez v. Hernández Colón,* supra; *Álvarez de Choudens v. Tribunal Superior,* 103 DPR 235 (1975); *Pagán v. Towner,* 35 DPR 1, 3 (126). Es un **requisito esencial que antes de solicitar la expedición de un mandamus, el peticionario haya requerido previamente al demandado el cumplimiento de su deber**. Deberá alegar en su petición de mandamus tanto el hecho del requerimiento como la negativa u omisión del funcionario en darle curso. *Noriega vs Hernandez Colón,* 135 DPR 406 (1994).

La parte demandante no cumplió con el requisito de requerimiento previo. En su Demanda de Intervención la parte que solicita la intervención indica que debido a que la Senadora Rossana López había hecho ciertos

3

requerimientos previos de la información no especificada y solicitada procedía que sin más se le eximiera de dicho requisito ya que debería entenderse que el mismo resulta inútil e inoficioso. De un análisis de las cartas solicitando documentos al Gobernador por parte de la Senadora Rossana López surge claramente que la misma se entregó en un papel timbrado con el logo del Senado de Puerto Rico y de la Cámara de Representantes de Puerto Rico y con las firmas de los legisladores de los Rossana López en su carácter de Senadora y Jesús Manuel Ortiz en su carácter de Representante. Por lo tanto cualquier respuesta en cuanto a dichas cartas fue hecha en el carácter de Senadora de la Demandante y no a la APPU quien en ningún momento ha hecho un requerimiento previo de los documentos solicitados.

Se ha destacado en el pasado que, como condición para expedir un auto de *Mandamus*, se deben considerar los siguientes factores: "el posible impacto que éste pueda tener sobre los intereses públicos que puedan estar envueltos; el evitar una intromisión indebida en los procedimientos del poder ejecutivo, y que el auto no se preste a confusión o perjuicios de los derechos de terceros". *Noriega v. Hernández Colón*, 135 DPR 406, 448 (1994). El presente reclamo al ser tan amplio y los documentos no estar especificados resulta ser en extremo oneroso para la parte aquí compareciente.

Según lo resuelto por el Tribunal Supremo, "*el Mandamus es una acción o procedimiento judicial de naturaleza civil, extraordinario en el sentido de que procede sólo cuando no existe otro remedio adecuado, de carácter privilegiado, ya que la expedición descansa en la discreción del tribunal.*" (Énfasis nuestro). Véase: *Acevedo v. Aponte*, 2006 TSPR 115 (2006), *Bco. Des. Eco. v AMC Surgery*, 157 DPR 150 (2002); *Asoc. Res. Piñones, Inc. v. JCA*, 142 DPR 599, 604 (1997); *Ortiz v. Muñoz*, 19 DPR 850 (1913).

Sostenemos que la parte que solicita la Intervención no ha cumplido con todos los requisitos exigidos para mover a este Tribunal a conceder un recurso altamente discrecional, por lo que su solicitud no procede.

### III. CONCLUSIÓN

4

De la discusión que antecede se desprende con claridad que la parte que intenta la Intervención en el presente pleito no ha cumplido con los requisitos estatutarios para que se le expida un *mandamus* a su favor. Ciertamente de las propias alegaciones de la Demanda de Intervención se desprende que la APPU no ha hecho un requerimiento previo específico de su solicitud a la parte aquí compareciente. Siendo el requerimiento previo un requisito esencial para la expedición del *mandamus* sostenemos que no procede que se permita la Intervención ya que la solicitud que hace la parte que solicita la misma es improcedente.

**EN MÉRITO DE LO CUAL**, respetuosamente se solicita que este Tribunal declare No Ha Lugar la solicitud de Intervención de la APPU.

**CERTIFICO:** Que este escrito ha sido presentado de manera electrónica a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC) el cual da aviso al mismo tiempo a todos los abogados de récord a sus respectivas direcciones electrónicas, lo cual constituye la notificación que debe efectuarse entre abogados y abogadas, según disponen las Reglas de Procedimiento Civil.

En San Juan, Puerto Rico, a 21 de abril de 2017.

**RESPETUOSAMENTE SOMETIDO.**

| | |
|---|---|
| **WANDA VÁZQUEZ GARCED**<br>Secretaria de Justicia<br><br>**WANDYMAR BURGOS VARGAS**<br>Secretaria Auxiliar de lo Civil, Interina<br><br>**IVÁN J. RAMÍREZ CAMACHO**<br>RUA: 13131<br>Subsecretario Auxiliar de lo Civil | f/Liany Vega<br>**LIANY A. VEGA NAZARIO**<br>RUA: 16826<br>Directora Interina<br>Secretaría Auxiliar de lo Civil,<br>División de Rec. Extraordinarios<br>Y Política Pública<br>P O Box 9020192, San Juan,<br>Puerto Rico 00902-0192<br>Tel: (787)721-2900, Ext. 2196<br>Fax: (787) 721-3977<br>lvega@justicia.pr.gov |

5