ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| Hon. Rossana López León, en su carácter personal y como Senadora por Acumulación del Estado Libre Asociado de Puerto Rico, Demandante; V. Hon. Ricardo Rosselló Nevares, Gobernador del Estado Libre Asociado de Puerto Rico; Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico; Gerardo Pórtela Franco, Director Ejecutivo de la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico; Hon. Wanda Vázquez Garced, Secretaria de Justicia del Estado Libre Asociado de Puerto Rico, Demandados. | CIVIL NÚM.: SJ2017CV00107 SOBRE: *Mandamus*. SALA: **904** |

# RESOLUCIÓN

## I.

Tenemos ante nuestra consideración una Moción de Intervención presentada por la Asociación Puertorriqueña de Profesores Universitarios, Inc. (APPU) el 20 de abril de 2017. La APPU argumenta que las partes demandadas obligaron a la parte demandante a recurrir al tribunal para solicitar una información que debe estar disponible y accesible para cualquier ciudadano u organización que así lo solicite. Afirmó que es por esta razón que al igual que la parte demandante se ha visto en la obligación de solicitar la intervención en el presente pleito a los fines de que la información y documentos solicitados se encuentren disponibles para su evaluación.

Argumentó que todos los documentos requeridos en la demanda principal en estos procedimientos constituyen documentos públicos y de alto interés público para la ciudadanía, y para los docentes universitarios en particular, son necesarios para evaluar la gestión y transparencia gubernamental y la correspondiente fiscalización de la misma. Arguyó que específicamente estos documentos resultan indispensables para que esta pueda participar en el debate público así como en las vistas públicas que se celebren para evaluar el presupuesto general del Gobierno de Puerto Rico (Gobierno) y de la Universidad de Puerto Rico (UPR) en particular.

Por todo lo cual, peticionó que declaremos Con Lugar la presente demanda de intervención y ordenemos la entrega de los documentos e información solicitados, a saber: todos los documentos, estudios, informes, memorandos, cartas, análisis, estudios actuariales, informes de proyecciones de recortes e ingresos, gastos e inversiones y cualquier otro documento que fuera utilizados para la confección del Plan Fiscal para Puerto Rico.

Este caso tiene su origen el 30 de marzo de 2017 con la presentación de la demanda. La parte demandante solicita la entrega de: "todos los documentos, estudios, informes, memorandos, cartas, análisis, estudios actuariales, informes de proyecciones de recortes e ingresos, gastos e inversiones y cualquier otro documento que fueran utilizados para la confección del Plan Fiscal para Puerto Rico" al amparo de la Regla 55 de Procedimiento Civil, 32 LPRA Ap. V R.55. Aduce que la parte demandada tiene un deber ministerial de entregar dicha información, por lo que procede la concesión del *mandamus* solicitado.

De otro lado, la parte demandada aduce que el requerimiento hecho por la parte demandante constituye información protegida por el privilegio oficial/ejecutivo y privilegio abogado-cliente, por lo que no puede entregarse. Asimismo, manifiesta que la información contempla escenarios hipotéticos que no deben divulgarse a la ciudadanía porque podrían llevar al público a conclusiones "erradas y prematuras".

La APPU argumenta que los documentos solicitados son documentos públicos y se trata de documentos y/o informes pagados o gestionados por agencias, corporaciones públicas y dependencias del gobierno que operan con fondos públicos y a cuyo contenido esta tiene derecho a acceder. Alegó que no existe otro remedio adecuado y eficaz en ley para obtener la información solicitada. Arguyó que las partes contra las cuales se dirige el *mandamus* tienen el deber ministerial de entregar la información solicitada. Por lo cual, afirmó que es necesario que se expida este *mandamus* para la obtención de dicha información.

Finalmente, argumentó que al no tener acceso a los documentos solicitados, no puede cumplir con sus objetivos, funciones y responsabilidades como organización *bonafide* de docentes universitarios.

El 27 de abril de 2017, el Gobierno se opuso a la solicitud de intervención. Argumentó que de la Demanda de Intervención presentada por la APPU no surge que dicha entidad haya cumplido con el requisito esencial de haber hecho un requerimiento previo a la parte demandada, por lo cual su Demanda de Intervención no debe ser considerada al no cumplir con los requisitos esenciales para la expedición de un *mandamus*.

Ese mismo día, el codemandado Gerardo Portela Franco (Sr. Portela) en su capacidad de Director Ejecutivo de la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico (AAFAF), sin someterse a la jurisdicción de este Tribunal, presentó una moción para unirse a la Oposición a solicitud de intervención presentada por el Gobierno. Adujo que sin renunciar a ninguna defensa o argumento relativo a la solicitud de intervención presentada, la APPU tampoco le ha hecho ningún requerimiento previo de los documentos, como exige el marco de derecho que rige los recursos de *mandamus*.

Examinada la argumentación de las partes en los escritos radicados y a la luz del derecho aplicable, estamos en posición de resolver, para lo cual formulamos las siguientes:

## II.
## DETERMINACIONES DE HECHOS

1. La APPU es una organización bona-fide de empleados públicos, certificada por el Secretario del Trabajo y Recursos Humanos al amparo de la Ley Núm. 134 de 19 de junio de 1960 y comparece en esta acción por sí y en representación de sus afiliados: sobre mil (1,000) profesores universitarios activos que trabajan en la UPR.
2. Al momento de presentada la solicitud de intervención y, al presente, la APPU no ha mostrado evidencia alguna que conste que le realizó un requerimiento previo de la documentación solicitada a la parte demandada.

A tenor con lo anterior, formulamos las siguientes:

## III.
## CONCLUSIONES DE DERECHO

### A.

De entrada, es importante señalar que la Regla 21 de Procedimiento Civil, 32 LPRA Ap. V, R. 21, dispone lo relativo a la intervención. Por medio de la intervención "se faculta la comparecencia de un tercero en una acción judicial previamente instada". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 320 (2012). Sobre este particular, citando al tratadista Cuevas Segarra, el Tribunal Supremo explicó que la intervención es una disposición:

> [...] mediante la cual una persona que no es parte en el pleito comparece, voluntariamente o por necesidad, a presentar una reclamación o defensa, en una acción pendiente, [para] convertirse de ese modo en parte para fines de la reclamación o defensa presentada. Íd., págs. 320-321.

El propósito de este mecanismo "estriba en ofrecer protección a un nutrido e indefinido grupo de personas con variados intereses, en ocasiones de tremenda importancia pecuniaria o legal". *R. Mix Concrete v. R. Arellano & Co.*, 110 DPR 869, 873 (1981). Así las cosas, para que una parte pueda intervenir, deberá notificar su solicitud a todas las partes en el pleito, y deberá exponer las razones para su intervención, haciendo constar la alegación por la que surge su reclamación o motivo para la intervención. 32 LPRA Ap. V, R. 21.4.

El Tribunal Supremo ha dispuesto que la regla sobre intervención "debe interpretarse liberalmente, a la luz de los objetivos que persigue". *Chase Manhattan Bank v. Nesglo, Inc.*, 111 DPR 767, 770 (1987). Sin embargo, la liberalización que persigue la regla, no equivale a permitir la intervención indiscriminada ni a que toda duda se resuelva a favor de la intervención. Íd. El criterio para determinar si se reconoce o no el derecho de intervenir es uno práctico, no conceptual, que varía caso a caso. *Chase Manhattan Bank v. Nesglo, Inc.*, supra, pág. 770; *R. Mix Concrete v. R. Arellano & Co.*, supra, pág. 873.

De ahí que, **"[e]l solicitante debe reclamar algún derecho o interés en la propiedad o asunto objeto del litigio y debe demostrar que tal derecho o interés puede, de hecho, quedar afectado por la disposición final del pleito"**. Énfasis nuestro. *Chase Manhattan Bank v. Nesglo, Inc.*, supra, pág. 770. Sobre este particular, el Tribunal Supremo resolvió que:

> [e]n el fondo, la decisión depende del equilibrio a lograrse en la situación específica entre los valores en conflicto: el interés en la economía procesal representada por la solución en un solo pleito de varias cuestiones relacionadas entre sí y el interés en evitar que los pleitos se compliquen y eternicen innecesariamente. Íd.

En nuestra jurisdicción existen dos tipos de intervención: (1) como cuestión de derecho, y (2) la permisible. El primer tipo de intervención, permite que cualquier persona, mediante oportuna solicitud, intervenga en un pelito, en las siguientes circunstancias:

> (a) cuando por ley o por estas reglas se le confiere un derecho incondicional a intervenir; o (b) cuando la persona solicitante reclame algún derecho o interés en la propiedad o asunto objeto del litigio que pueda, de hecho, quedar afectado con la disposición final del pleito. 32 LPRA Ap. V, R. 21.1.

Por otro lado, la intervención permisible permite que cualquier persona, mediante oportuna solicitud, intervenga en un pleito:

> (1) cuando por ley se le confiera un derecho condicional a intervenir; o (2) cuando la reclamación o defensa de la persona solicitante y el pleito principal tengan en común una cuestión de hecho o de derecho. 32 LPRA Ap. V, R. 21.2.

En este tipo de intervención, el Tribunal tiene discreción para considerar "si la intervención dilatará indebidamente o perjudicará la adjudicación de los derechos de las partes originales". Íd.

Case:17-03283-LTS Doc#:194-285 Filed:05/18/17 Entered:05/19/17 16:38:49 Desc:
Exhibit Resolution Page 5 of 6
Case 3:17-cv-01642 Document 1-29 Filed 05/12/17 Page 5 of 6

SJ2017CV00107                                                                             5

B.

De otro lado, es preciso mencionar que el auto de *mandamus*, es un recurso altamente privilegiado y discrecional que se expide para ordenar a cualquier persona natural, corporación o a un tribunal de inferior jerarquía que cumpla o ejecute un acto que forme parte de sus deberes y atribuciones.

El Artículo 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421, define el *mandamus* como un recurso altamente privilegiado dictado por un Tribunal de Justicia a "nombre del Estado Libre Asociado de Puerto Rico y dirigido a alguna persona o personas naturales, a una corporación o a un tribunal judicial de inferior categoría dentro de su jurisdicción, requiriéndoles para el cumplimiento de algún acto que en dicho auto se exprese y que esté dentro de sus atribuciones o deberes. Dicho auto no confiere autoridad y la parte a quien obliga deberá tener la facultad de poder cumplirlo." 32 LPRA sec. 3241. El remedio de *mandamus* podrá obtenerse presentando una solicitud jurada al efecto. Regla 54 de Procedimiento Civil, 32 LPRA Ap. V, R. 54.

El *mandamus* está concebido para obligar a cumplir un acto que la ley particularmente ordena como un deber resultante de un empleo, cargo o función pública, cuando este deber no admite discreción en su ejercicio, sino que es ministerial. 32 LPRA sec. 3422; *Espina v. Calderón*, 75 DPR 76 (1974). Por ende, el recurso solo procede para exigir el cumplimiento de un deber calificado de ministerial y que, como tal, no admite discreción en su ejercicio, sino que es mandatario e imperativo. *AMPR v. Srio. Educación, E.L.A.*, 178 DPR 253 (2010).

El Tribunal Supremo de Puerto Rico ha resuelto además, que el *mandamus* es el recurso apropiado para compeler el cumplimiento de un deber que se alega impuesto por la ley cuando no se dispone de otro remedio adecuado. *Dávila v. Superintendente*, 82 DPR 264 (1961); *Hernández Agosto v. Romero*, 112 DPR 407. Según mencionáramos anteriormente, para compeler el cumplimiento de un deber a una persona o entidad, dicho acto o deber no puede ser de naturaleza discrecional, sino que tiene que emanar de una ley o reglamento que obligue el cumplimiento específico del mismo.

C.

En este caso la APPU solicita intervenir en el caso porque alega está sufriendo un daño al igual que la parte demandante. Sin embargo, **no ha demostrado haber realizado un requerimiento previo a la parte demandada al momento de presentar la demanda**. Es norma

Case:17-03283-LTS Doc#:194-5 Filed:05/18/17 Entered:05/18/17 16:38:49 Desc:
Exhibit Resolution Page 6 of 6
Case 3:17-cv-01642 Document 1-23 Filed 05/12/17 Page 6 of 6

SJ2017CV00107 6

reiterada que para poder concederse un *mandamus*, la parte que lo solicita debe demostrar que ha cumplido con todos sus requisitos. Ciertamente, el requerimiento previo a la parte a la cual se le solicita actuar, es uno imperativo para conceder un *mandamus*.

No obstante, a pesar de ello, la APPU afirma que debido a que la Senadora Rossana López había hecho ciertos requerimientos previos de la información no especificada y solicitada, procedía que sin más se le eximiera de dicho requisito ya que debería entenderse que el mismo resulta inútil e inoficioso.

El Gobierno afirma que de un análisis de las cartas solicitando documentos al Gobernador por parte de la Senadora Rossana López, surge claramente que la misma se entregó en un papel timbrado con el logo del Senado de Puerto Rico y de la Cámara de Representantes de Puerto Rico y con las firmas de los legisladores y de Rossana López en su carácter de Senadora y Jesús Manuel Ortiz en su carácter de Representante. Por lo que cualquier respuesta en cuanto a dichas cartas fue hecha en el carácter de Senadora de la demandante y no a la APPU quien en ningún momento ha hecho un requerimiento previo de los documentos solicitados.

Entendemos que con estos hechos fácticos se desprende que la APPU en este caso no ha cumplido con los requisitos estatutarios para que de igual manera se expida un *mandamus* a su favor. Ciertamente de las propias alegaciones de la Demanda de Intervención no se desprende que la APPU haya hecho un requerimiento previo específico de su solicitud a la parte demandada. **Siendo el requerimiento previo un requisito esencial para la expedición del** *mandamus*, **resolvemos que no procede permitir la Intervención solicitada por ser improcedente en derecho**.

Por lo cual dictamos la siguiente:

## IV.
## RESOLUCIÓN

A tenor con las determinaciones de hechos y las conclusiones de derecho expuestas, declaramos No Ha Lugar la solicitud de intervención presentada por la APPU. En su consecuencia, ordenamos la continuación de los procedimientos.

NOTIFÍQUESE,

En San Juan, Puerto Rico, a 1 de mayo de 2017.

f/ ANTHONY CUEVAS RAMOS
JUEZ SUPERIOR