```
UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO
-------------------------------------------------------------------x
In re:

THE FINANCIAL OVERSIGHT AND                    PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,              Title III

         as representative of                  Case No. 17-BK-03283 (LTS)

THE COMMONWEALTH OF PUERTO RICO

                    Debtor.
------------------------------------------------------------------- x
```

# RESPONSE OF UNITED AUTO WORKERS INTERNATIONAL UNION AND SERVICE EMPLOYEES INTERNATIONAL UNION TO MOTION OF AD HOC RETIREE COMMITTEE FOR APPOINTMENT OF AN OFFICIAL RETIREE COMMITTEE [DOCKET ENTRY NO. 8]

The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") and Service Employees International Union ("SEIU") (together, "the Unions") respond as follows to the May 5, 2017 motion ("Motion") [Docket Entry No. 8] of the Ad Hoc Committee for the Protection of Accrued Retirement Benefits of Puerto Rico's Public Employees and Retirees ("Ad Hoc Retiree Committee") *For Entry of an Order Pursuant to 48 U.S.C. §2161 and 11 U.S.C. §1102 Directing the Appointment of an Official Retiree Committee and Appointing the Pre-Petition Ad Hoc Retiree Committee as the Official Retiree Committee*.

## INTRODUCTION

1.     The Unions have no objection to, and indeed welcome, the appointment of an official retiree committee in these cases, and are in solidarity with public-sector retirees in Puerto Rico, *see* Motion ¶18, in their struggle for preservation of their hard-earned retirement

1

00845245.5

benefits. However, as explained below, the Unions believe that the official retiree committee should represent the interests of retirees *only*, and that the interests of the many tens of thousands of individuals who are still actively employed by the Commonwealth or other Puerto Rico public-sector instrumentalities ("active employees") should be represented by a separate official employee committee.

## BACKGROUND

The Unions

      2.      SEIU members employed by the Government of the Commonwealth of Puerto Rico ("Government") belong to one of two SEIU local unions: SEIU Local 1996/Sindicato Puertorriqueño de Trabajadores y Trabajadoras ("SPT"), and SEIU Local 1199/Unión General de Trabajadores ("UGT"). The two locals represent a total of approximately 27,000 employees, of whom approximately 16,000 work for the Government. Some of those who work for entities other than the Government, such as the SPT-represented employees who work for the City of San Juan and the UGT-represented employees who work for the Puerto Rico Medical Center, nonetheless participate in the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and many of the entities for which they work depend on funding from the Government.

      3.      UAW members employed by the Government belong to one of eight different UAW locals, the largest of which are UAW Local 2396, which represents school cafeteria employees, and UAW Local 2373, which represents employees of the Commonwealth's Treasury Department. The eight UAW locals together represent approximately 6,800 Government employees. A ninth UAW local, Local 1850, represents credit union employees employed under private-sector labor law but who nonetheless participate in the ERS.

The Motion

4. In its Motion, the Ad Hoc Retiree Committee asks that the Court issue an order directing the appointment of an official retiree committee with respect to the interests of Puerto Rico's "Retirees." Motion at 1. The Motion defines "Retirees," however, to include not only individuals who are already retired but also the many tens of thousands of active public-sector employees in Puerto Rico who have accrued pension or other retirement benefits.

5. The Motion also requests that the official retiree committee "consist of members currently participating on the Ad Hoc Retiree Committee." *Id.* The Motion lists fifteen associations as members of the Ad Hoc Retiree Committee, fourteen of which it identifies as associations of individuals who have already retired. *See id.* ¶6. The Motion states that the Ad Hoc Retiree Committee has two individuals as members. *See id.* ¶13. It identifies one as a retiree and gives no indication of the retirement status of the other. *See id.*

## ARGUMENT

### THE OFFICIAL RETIREE COMMITTEE SHOULD REPRESENT THE INTERESTS OF RETIREES ONLY, NOT THE INTERESTS OF ACTIVE EMPLOYEES

6. Bankruptcy Code Section 1102, which PROMESA incorporates, *see* 48 U.S.C. §2161, provides for the appointment of a committee of unsecured creditors. *See* 11 U.S.C. §1102(a)(1). Section 1102(a)(2) states that "the court may order the appointment of additional committees of creditors or of equity security holders if necessary to assure adequate representation of creditors or of equity holders." *Id.* §1102(a)(2); *see generally In re Residential Capital, LLC*, 480 B.R. 550, 557-58 (Bankr. S.D.N.Y. 2012). The Code gives courts discretion to determine whether additional committees are warranted, but "[t]he statutory focus is on adequacy of representation." *Beker Indus. Corp.*, 55 B.R. 945, 948-49 (Bankr. S.D.N.Y. 1985).

3

7. UAW and SEIU do not dispute that adequate representation of those already retired requires the appointment of an official retiree committee. Absent appointment of such a committee, retirees may go unrepresented, and have no institutional voice in these reorganization proceedings. However, the Court should *not* vest the official retiree committee with authority to represent the interests of both Puerto Rico's public-sector retirees and its public-sector active employees. Rather, SEIU and UAW submit, Puerto Rico's public-sector employees should be represented by a separate Section 1102 committee, with membership to include SEIU, UAW and other labor organizations willing to serve as representatives of the active employees affected by the reorganization proceedings.

8. An official retiree committee vested with the authority to represent the interests of active employees would deny the active employees adequate representation. The interests of active employees may diverge in significant ways from those of retirees. Retirees have a primary, if not exclusive, interest in protecting their accrued pension and other retirement benefits. Active employees who have accrued pension and other retirement benefits share that concern, but they have additional important interests: a job security interest in seeing that available resources go to jobs and job opportunities and interests in decent pay, sufficient work hours, non-retirement benefits, and fairness with respect to other terms and conditions of employment.

9. Even regarding accrued retirement benefits, retirees and active employees may differ in their degree of interest. Because retirees tend to rely heavily, if not entirely, on their retirement benefits, their degree of interest in those benefits exceeds that of active employees. Active employees share with their retired sisters and brothers a sense of solidarity and justice regarding the need for secure retirement benefits, but active employees also have a

4

strong interest in a secure income stream from present and future wages and benefits. Here, the degree of interest in accrued retirement benefits between active employees and retirees may vary if future pension payments are made from the Government's general funds, which currently finance the employment of active employees.[1] Finally, employees -- unlike retirees -- may have future opportunities, over the remainder of their careers, to earn other retirement income or savings.

10. These additional, significant, and potentially conflicting active employee interests -- which retirees by definition do not share -- make active employee and retiree representation in a single committee inappropriate in these proceedings. Moreover, the Motion's proposed membership for a "Retiree" Committee only heightens this concern. The Ad Hoc Retiree Committee has fifteen member organizations, fourteen of which the Motion identifies as associations of individuals who have already retired. *See* Motion ¶6. The Motion gives no indication that either of the individual members on the Ad Hoc Retiree Committee are active employees. *See id*. ¶13. If the members of the Ad Hoc Retiree Committee were appointed as the official "Retiree" committee, active employees would have virtually no voice on such a committee.

11. The United States Trustee has asserted that in the first instance, it has authority to appoint members of the proposed official retiree committee. *See* Response of the U.S. Trustee to Motion, Docket Entry No. 192, at 3. If the United States Trustee appoints a "Retiree" committee vested with the authority to represent retirees and employees, conflicts over

---

[1] *See* Danica Coto, *Puerto Rico seeks court's help to save public pension system*, The Washington Post, May 22, 2017, *available at* https://www.washingtonpost.com/world/the_americas/puerto-rico-seeks-courts-help-to-save-public-pension-system/2017/05/22/c15b2480-3ef3-11e7-b29f-f40ffced2ddb_story.html?utm_term=.2f69fca6e456.

5

the limited resources of the Government may cause employee and retiree interests on such a committee to diverge.

12. Congress recognized just this reality in a similar representational context -- with respect to the representational role of unions in Chapter 11 cases -- and decided that in light of the potential divergence of retiree and employee interests, separate representation of each group may be required. *See* 11 U.S.C. §1114(b)(2) (providing, in Bankruptcy Code provision governing retiree benefits, for committees of only "*retired* employees") (emphasis added); *see also* Senate Report No. 119, 100th Cong., 1st Sess. 1987, 1988 U.S.C.C.A.N. 683, 1987 WL 61477, at *686 (discussing possibility of conflict between interests of active employees and retirees), citing *In re Century Brass Prods., Inc.*, 795 F.2d 265, 275 (2d Cir. 1986) (finding, in that Chapter 11 case, that "a conflict of interest exists between active and retired employees").

13. The Motion points to the Detroit bankruptcy as precedent, *see* Motion at 9, but in that landmark public-sector reorganization, the official retiree committee represented the interests of retirees *only*, not active employees. The motion in the Detroit case seeking appointment of an official retiree committee specified that the committee would act as representative only of "former employees of the City and their beneficiaries." *Motion of Debtor, Pursuant to Section 1102(a)(2) of the Bankruptcy Code, for Entry of an Order Directing the Appointment of a Committee of Retired Employees*, Case No. 13-53846 (Bankr. S.D. Mich.), Docket No. 20 (July 19, 2013), at 5 (¶10); *see also id*. at 13 (¶24) (referring to those to be represented by the official retiree committee as "retired individuals"). The Motion also refers to orders from the Stockton and Vallejo, California municipal bankruptcies, but those orders give no indication that the official retiree committees in those cases represented active employees.

14. Given the existence of potential conflicts here between actives and retirees, SEIU and UAW believe that a separate and additional Section 1102 employee committee is an appropriate -- indeed, necessary -- alternative to the official "Retiree" committee requested by the Ad Hoc Committee that would jointly represent actives and retirees. The potential for conflict leads us to conclude that a separate committee for active employees would be needed even if the U.S. Trustee were committed to appointing employee representatives to such a joint employee/retiree committee.

15. Because the interests of active employees in these reorganization proceedings should be represented through a Section 1102 committee distinct from a committee for retirees, UAW and SEIU have sought to confer with the U.S. Trustee on this subject. SEIU and UAW will be prepared to report the results of such conferral to the Court at any scheduled hearing on the Motion, or earlier if the Court requests.

**WHEREFORE,** the Unions respectfully request that any order with respect to the Motion be entered in a manner consistent with the concerns and argument set forth herein.

Dated: May 26, 2017

Respectfully submitted,

/s/ *Peter D. DeChiara*
Thomas N. Ciantra
Peter D. DeChiara
Hiram M. Arnaud
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, New York 10036-6976
Tel.: (212) 563-4100
Fax: (646) 473-8216
tciantra@cwsny.com
pdechiara@cwsny.com
harnaud@cwsny.com

7

/s/ *Miguel Simonet Sierra*
Miguel Simonet Sierra
USDC # 210101
MONSERRATE SIMONET & GIERBOLINI
101 San Patricio Ave.
Suite 1120
Guaynabo, PR 00968
Tel.: (787) 620-5300
Fax: (787) 620-5305
msimonet@msglawpr.com

Attorneys for United Auto Workers, International Union and Service Employees International Union

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of May, 2017, I have filed a true and exact copy of the foregoing with the Clerk of the Court using the CM/ECF System which will notify all counsel of record and mailed or faxed a copy, as provided in the Court-approved Case Management Procedures in this case.

Dated: May 26, 2017 /s Hiram M. Arnaud
HIRAM M. ARNAUD