UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS |

MOTION FOR RELIEF FROM STAY

COMES NOW, Lourdes Perdigón Acevedo ("Mrs. Perdigón" or "Movant"), through the undersigned counsel, to respectfully move the Court for an Order pursuant to 11 U.S.C. Sec. 362 for relief from the Automatic Stay and, in support of its motion, states as follows:

1. On November 19, 2016, Movant filed a Claim against the Commonwealth of Puerto Rico, FAC2016-1989, under 34 LPRA sec. 1724 ss, also known as the Uniform Forfeiture Act of 2011, before the Court of First Instance in and for the Municipality of Carolina to contest the forfeiture of her automobile as a result of a criminal investigation[1].

2. Pursuant to 34 L.P.R.A. § 1724m, Mrs. Perdigón, on December 8th, 2016, posted a bond in favor of the Commonwealth of Puerto Rico in the amount of the appraisal of the forfeited property, $3,000.00, with the expectation that the automobile would be returned.

3. Said return hasn't yet been ordered by the Court of First Instance.

4. On May 23, 2017, the Commonwealth of Puerto Rico filed a motion informing the Court of First Instance that it had filed a bankruptcy petition under Title III of PROMESA, case no. 17-1578 ("Petition"), and that the filling of the Petition would have the effect of enforcing an automatic stay pursuant to Section 301(a) of PROMESA ("Section 301(a)").

---

[1] Vehicle is a 2005 Toyota Avalon.

5. Section 301(a) states that, among other things, 11 U.S.C. Sec. 362 of the United States Bankruptcy Code are applicable for petitions under Title III.

6. The automatic stay of case FAC2016-1989 should be lifted pursuant to 11 U.S.C. Sec. 362 (d)(1) for cause, including but not limited to, lack of adequate protection.

7. The automatic stay should be lifted pursuant to 11 U.S.C. Sec. 362 (d)(2) because the Commonwealth of Puerto Rico has no equity in the forfeited vehicle and said vehicle is not necessary to an effective reorganization.

WHEREFORE, Movant respectfully requests that the Court enter an order granting Movant relief from the automatic stay allowing Movant to continue the to contest the forfeiture of her automobile currently pending in the Court of First Instance and to pursue such additional actions as may be necessary with respect to her automobile and for such other and further relief as the Court deems proper.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY: That on this same date, we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF Filing system which will send a notification of such to the parties of record and to all interested subscribed users.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 26th day of May 2017.

/S/ Emanuel Rier-Soto
EMANUEL RIER-SOTO, ESQ
U.S.D.C. 304110
*Attorney for Movant*

HT28 Ave. El Comandante
Carolina, PR 00982
(787)307-5991
E-Mail: rier.emanuel@gmail.com.

2