**Presentment Date:**   May 31, 2017
**Objection Date**:   May 29, 2017 at 5:00 p.m. (AST).

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

        as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

        Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## NOTICE OF PRESENTMENT OF
## ORDER (A) IMPOSING AND RENDERING APPLICABLE LOCAL
## BANKRUPTCY RULES TO THESE TITLE III CASES, (B) AUTHORIZING
## ESTABLISHMENT OF CERTAIN NOTICE, CASE MANAGEMENT, AND
## ADMINISTRATIVE PROCEDURES, AND (C) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that upon the *Motion of Debtors for Order (A) Imposing and Rendering Applicable Local Bankruptcy Rules to These Title III Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief* [ECF No. 43] (the "Motion") the Debtors, by and through the Financial Oversight and Management Board for Puerto Rico, as the Debtors' representative pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[2] will present the amended

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

proposed order, attached as **Exhibit A** (the "Second Amended Proposed Order"), to the Honorable Laura Taylor Swain, United States District Judge, sitting in the United States District Court for the District of Puerto Rico, Courtroom 3 of the United States District Court for the District of Puerto Rico, U.S. Courthouse, 150 Chardón Avenue, San Juan, P.R. 00918-7095 for signature on **May 31, 2017**.

PLEASE TAKE FURTHER NOTICE that on May 16, 2017, the Debtors filed an *Amended Proposed Order With Respect to Debtors' Motion for Order (a) Imposing and Rendering Applicable Local Bankruptcy Rules to These Title III Cases, (b) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (c) Granting Related Relief* [Docket No. 168] (the "First Amended Proposed Order"). A redline comparing the Second Amended Proposed Order against the First Amended Proposed Order is attached hereto as **Exhibit B**.

PLEASE TAKE FURTHER NOTICE that unless a written objection to the Second Amended Proposed Order ("Objection") is filed with the Court no later than 5:00 p.m. (AST) on May 29, 2017, no hearing will be held and the Amended Proposed Order may be signed.

PLEASE TAKE FURTHER NOTICE that copies of the Motion, the Second Amended Proposed Order, the First Amended Proposed Order, and all documents filed in these title III cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

Dated: May 26, 2017                     /s/ Martin J. Bienenstock
San Juan, Puerto Rico

                                        Martin J. Bienenstock (*pro hac vice*)
                                        Paul V. Possinger (*pro hac vice*)
                                        Ehud Barak (*pro hac vice*)
                                        Maja Zerjal (*pro hac vice*)
                                        **PROSKAUER ROSE LLP**
                                        Eleven Times Square
                                        New York, NY 10036
                                        Tel:  (212) 969-3000
                                        Fax:  (212) 969-2900
                                        *Attorneys for the Financial Oversight and*
                                        *Management Board as representative for the*
                                        *Debtors*


                                        /s/ Hermann D. Bauer
                                        Hermann D. Bauer
                                        USDC No. 215205

                                        **O'NEILL & BORGES LLC**
                                        250 Muñoz Rivera Ave., Suite 800
                                        San Juan, PR 00918-1813
                                        Tel:  (787) 764-8181
                                        Fax:  (787) 753-8944
                                        *Co-Attorneys for the Financial Oversight and*
                                        *Management Board as representative for the*
                                        *Debtors*

## **Exhibit A**

Second Amended Proposed Order

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

　　　as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

　　　　　　Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## ORDER (A) IMPOSING AND RENDERING APPLICABLE LOCAL
## BANKRUPTCY RULES TO THESE TITLE III CASES, (B) AUTHORIZING
## ESTABLISHMENT OF CERTAIN NOTICE, CASE MANAGEMENT,
## AND ADMINISTRATIVE PROCEDURES, AND (C) GRANTING RELATED RELIEF

　　　Upon the *Motion of Debtors for Order (A) Imposing and Rendering Applicable Local Bankruptcy Rules to These Title III Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief* (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to section 307(a) of PROMESA; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion

---

[1]　The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474).

[2]　Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

under the circumstances and that no other or further notice is required; and the Court having

reviewed the Motion and having heard the statements of counsel in support of the Motion at a

hearing held before the Court (the "Hearing"); and the Court having determined that the legal

and factual bases set forth in the Motion and at the Hearing establish just cause for the relief

granted herein; and any objections to the relief requested herein having been withdrawn or

overruled on the merits; and upon the record herein, after due deliberation thereon, the Court

having found that good and sufficient cause exists for the granting of the relief as set forth

herein,

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The Local Bankruptcy Rules are imposed for and made applicable to these

Title III Cases (and all other title III cases filed by affiliates of the Debtors that are jointly

administered with these Title III Cases, if any).

3.      The Case Management Procedures, as amended and set forth on **Exhibit 1** hereto,

are approved and shall govern all applicable aspects of these Title III Cases (and all other title III

cases filed by affiliates of the Debtors jointly administered with these Title III Cases, if any,

upon providing parties in interest in such other Title III Cases with notice and an opportunity to

object according to the Presentment Procedures (as defined in the Case Management

Procedures)), except as otherwise ordered by the Court.

4.      To the extent the Case Management Procedures conflict with the Bankruptcy

Rules, the Local District Court Rules, or the Local Bankruptcy Rules, the Case Management

Procedures shall govern and supersede such rules to the extent that such variance is permitted by

the relevant rules.

5.      The first five omnibus hearings in these Title III Cases (and all other title III cases filed by affiliates of the Debtors that the Court may order to be jointly administered with these Title III Cases, if any) are scheduled as follows:

- 9:30 a.m. on the 28th day of June, 2017;

- 9:30 a.m. on the 9th day of August, 2017;

- 9:30 a.m. on the 27th day of September, 2017;

- 9:30 a.m. on the 15th day of November, 2017; and

- 9:30 a.m. on the 20th day of December, 2017.

6.      Those in attendance at any hearing shall refrain from wearing cologne or perfume.

7.      The Debtors' claims and noticing agent is authorized and directed to establish a case website, where, among other things, the Case Management Procedures, and also all pleadings, key dates, and information about these Title III Cases will be posted.

8.      Notwithstanding the applicability of any Bankruptcy Rule, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

9.      The Debtors and the Oversight Board, as the Debtors' representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this order in accordance with the Motion, consistent with the Case Management Procedures set forth in **Exhibit 1**.

10.     The Court shall retain exclusive jurisdiction to hear and determine any and all matters arising from or related to the implementation, interpretation, and enforcement of this order.

Dated: May_____, 2017
      San Juan, Puerto Rico                  _____
                                             Honorable Laura Taylor Swain
                                             United States District Judge

3

## <u>Exhibit 1</u>

**Case Management Procedures**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

           Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed a title III case (the "Commonwealth's Title III Case") for the Commonwealth by issuing a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filing a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a).

On May 5, 2017, the Oversight Board, as representative of the Puerto Rico Sales Tax Financing Corporation ("COFINA," and together with the Commonwealth, the "Debtors") pursuant to section PROMESA 315(b), filed a title III case ("COFINA's Title III Case," and together with the Commonwealth's Title III Case, the "Title III Cases") for COFINA by issuing a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filing a voluntary petition for relief for COFINA pursuant to PROMESA section 304(a).

On May 9, 2017, the Debtors filed a motion seeking the joint administration of these Title III Cases, for procedural purposes only, pursuant to PROMESA section 304(g) and Bankruptcy Rule 1015, made applicable to these Title III Cases by PROMESA section 310.

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474).

[2]   PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

On _____, 2017, the Court entered an order (the "Procedures Order"):  (a) incorporating the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Bankruptcy Rules") for these Title III Cases; (b) approving and implementing the notice, case management, and administrative procedures (collectively, the "Case Management Procedures"); and (c) granting certain related relief.

Anyone may obtain a copy of the Procedures Order, as well as any document filed with the Court in these Title III Cases by:  (a) accessing the website maintained by Prime Clerk LLC (the "Claims and Noticing Agent") at https://cases.primeclerk.com/puertorico (the "Case Website"); (b) contacting the Claims and Noticing Agent directly at (844)-822-9231 (toll free for U.S. and Puerto Rico) or (646)-486-7944 (for international callers); or (c) for a nominal fee, accessing the PACER system through the Court's website at www.prd.uscourts.gov.  Finally, paper copies of all pleadings filed in these Title III Cases may be available from the Court Clerk pursuant to the Court's procedures and miscellaneous fee schedule of the District of Puerto Rico.

Pursuant to the Procedures Order, all notices, motions, applications, briefs, memoranda, affidavits, declarations, objections, responses, replies, and other documents filed in these Title III Cases are subject to, and will not be deemed properly served, unless they are served in accordance with, these Case Management Procedures.

Additionally, while the Bankruptcy Rules and the Local Bankruptcy Rules apply to these Title III Cases, to the extent there is a conflict between the foregoing and the Case Management Procedures, the Case Management Procedures govern in all respects to the extent that such variance is permitted by the relevant rules.

**ALL PARTIES IN INTEREST ARE STRONGLY ENCOURAGED TO REVIEW THESE CASE MANAGEMENT PROCEDURES IN THEIR ENTIRETY AND CONSULT THEIR OWN LEGAL COUNSEL WITH RESPECT TO THE MATTERS DISCUSSED HEREIN PRIOR TO FILING ANY DOCUMENTS IN THESE TITLE III CASES.**

**Case Management Procedures**

**I.    General Case Administration and Pleadings**

A.    The Claims and Noticing Agent is authorized to establish the Case Website available at https://cases.primeclerk.com/puertorico, where, among other things, all pleadings, key dates, and information about these Title III Cases will be posted.

B.    All documents filed in these Title III Cases, including, but not limited to, all notices, motions, applications, other requests for relief, all briefs, memoranda, affidavits, declarations, and other documents filed in support of such papers seeking relief (collectively, the "Pleadings"), objections or responses to the Pleadings (the "Objections"), statements related thereto ("Statements"), and replies thereto (the "Replies" and together with the Pleadings, the Statements, and the Objections, the "Documents") shall be filed electronically with the Court on the docket of *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS (the "Docket"), by

2

registered users of the Court's case filing system in searchable portable document format ("PDF").

C.     A hearing notice ("Notice of Hearing") shall be filed and served concurrently with all Pleadings and shall include the following:  (i) the title of the Pleading; (ii) the parties upon whom any Objection to the Pleading is required to be served; (iii) the date and time of the applicable Objection Deadline (as defined below); (iv) the date of the hearing at which the Pleading shall be considered by the Court; and (v) a statement that the relief requested may be granted without a hearing if no Objection is timely filed and served in accordance with the Case Management Procedures.

D.     The applicable Objection Deadline and hearing date shall appear on the upper right corner of the first page of the Notice of Hearing and on the upper right corner of the first page of each Pleading. The applicable hearing date shall appear on the upper right corner of the first page of any filed Objection.

E.     Unless prior permission has been granted, memoranda of law in support of motions or Objections are limited to thirty-five (35) pages and memoranda of law in support of Replies are limited to fifteen (15) pages.  All memoranda shall be double-spaced, 12-point font, with 1" margins.  Memoranda of ten (10) pages or more shall contain a table of contents and a table of authorities.  The page(s) with the case caption shall not be counted for purposes of the foregoing page limits.

F.     Nothing in the Case Management Procedures shall prejudice the right of any party to move the Court to request relief under Bankruptcy Code section 107(b) or Bankruptcy Rule 9018 to protect: (i) any entity with respect to a trade secret or confidential research, development, or commercial information, or (ii) any person with respect to a scandalous or defamatory matter, or personally identifiable information, contained in a Document filed in these Title III Cases.

G.     If any Pleading or Objection seeks an evidentiary hearing, the evidentiary hearing request shall be prominently displayed on the Pleading or Objection.  The Court retains full discretion regarding the scheduling of evidentiary hearings.

H.     Scheduling requests (other than from the Debtors) must be brought by urgent motion ("Urgent Motion").  All Urgent Motions must be preceded by reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court in such Urgent Motion request.  All Urgent Motions shall have a certification that the reasonable, good-faith communications took place, and if there is knowledge that there will be an objection to the Urgent Motion, the anticipation of an objection shall be prominently disclosed in the Urgent Motion.  Courtesy copies of all Urgent     Motions     shall     be     e-mailed     to     the     Court     at swaindprcorresp@nysd.uscourts.gov.

I.     All Pleadings, whether Urgent Motions or not, that are requesting relief, shall be accompanied by a proposed order.

3

J.   All communications filed in these Title III Cases that are informative and do not request any relief shall be labeled as an informative motion.

## II.   Service

A.   All Documents shall be served, in the manner descried herein, on the following parties (collectively, the "Standard Parties"):

(i)     Chambers of the Honorable Laura Taylor Swain:

United States District Court for the District of Puerto Rico
150 Carlos Chardón Street,
Federal Building, Office 150,
San Juan, P.R. 00918-1767

-and-

United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Suite No. 3212
New York, New York 10007-1312

(ii)    Office of the United States Trustee for Region 21
Edificio Ochoa, 500 Tanca Street, Suite 301
San Juan, PR 00901-1922

(iii)   Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF):

Puerto Rico Fiscal Agency and Financial Advisory Authority
Roberto Sánchez Vilella (Minillas) Government Center
De Diego Ave. Stop 22
San Juan, Puerto Rico 00907
Attn:    Gerardo J. Portela Franco
         Mohammad Yassin, Esq.
E-Mail:  Gerardo.Portela@aafaf.pr.gov
         Mohammad.Yassin@aafaf.pr.gov

(iv)    Counsel for AAFAF:

| | |
|---|---|
| O'Melveny & Myers LLP | Law Offices of Andrés W. López, Esq. |
| 7 Times Square | 902 Fernández Juncos Ave. |
| New York, New York 10036 | San Juan, PR 00907 |
| Attn:    John J. Rapisardi, Esq. | Attn: Andrés W. López, Esq. |
|          Suzzanne Uhland, Esq. | E-Mail: andres@awllaw.com |
|          Peter Friedman, Esq. | |
|          Diana M. Perez, Esq. | |
| E-Mail:  jrapisardi@omm.com | |
|          suhland@omm.com | |

4

pfriedman@omm.com
dperez@omm.com

(v)       Counsel for the Oversight Board:

Proskauer Rose LLP                    O'Neill & Borges LLC
Eleven Times Square                   250 Muñoz Rivera Ave., Suite 800
New York, New York 10036-8299         San Juan, PR 00918-1813
Attn:   Martin J. Bienenstock         Attn:    Hermann D. Bauer, Esq.
        Paul V. Possinger             E-Mail: herman.bauer@oneillborges.com
        Ehud Barak
        Maja Zerjal
        Chris Theodoridis
E-Mail: mbienenstock@proskauer.com
        ppossinger@proskauer.com
        ebarak@proskauer.com
        mzerjal@proskauer.com
        ctheodoridis@proskauer.com

(vi)      attorneys for any statutory committee of unsecured claimholders appointed in these
          Title III Cases (the "Creditors' Committee"), or until such time as any committee is
          appointed, the entities listed on the List of Creditors Holding the 20 Largest
          Unsecured Claims.

(vii)     counsel to any other statutory committee appointed in these Title III Cases.

B.        All paper and e-mail courtesy copies served on the Court shall include the applicable
          Case Management/Electronic Case Files ("CM/ECF") header information.

C.        For purposes of service pursuant to Bankruptcy Rules 7004(b)(6), 7004(b)(9), and
          7004(g), all service to the Debtors shall be made both to counsel to the Oversight
          Board and counsel to AAFAF, as listed above.

D.        Any creditor or party in interest that wishes to receive notice in these Title III Cases
          and is not otherwise entitled to notice pursuant to the Case Management Procedures
          shall file a notice of appearance (a "Notice of Appearance") and request for service of
          papers in accordance with Bankruptcy Rules 2002 and 9010(b) and the Case
          Management Procedures.  Any party that has previous filed a *pro hac vice* motion but
          not a Notice of Appearance should file a Notice of Appearance to ensure that such
          party receives notice of Documents filed in these Title III Cases.  For purposes of
          these Title III Cases, creditors or parties in interest filing such Notices of Appearance
          shall be included in the CM/ECF system for noticing purposes and will be considered
          to have accepted, upon filing of such Notice of Appearance, to receive documents and
          notices through the CM/ECF system.    Alternatively, if direct inclusion in the
          CM/ECF system is not possible, the filer of a Notice of Appearance shall be
          considered to have consented to receive electronic notices pursuant to Local
          Bankruptcy Rule 5005-4(g), unless the filing party complies with the certificate

5

requirement set forth in the second paragraph of this Section II.D and the Court approves such certification.

The Notice of Appearance shall include the following: (i) the requesting party's name, address, and telephone number; (ii) the name and address of the requesting party's counsel, if any; (iii) the requesting party's email address for service by electronic transmission; (iv) the requesting party's address for service by U.S. mail, hand delivery, and/or overnight delivery; and (v) the requesting party's facsimile number for service by facsimile. Any creditor or party-in-interest that files a Notice of Appearance and request for service of papers in accordance with the Case Management Procedures shall receive notice via electronic transmission. Any individual or entity that does not maintain and cannot practicably obtain an email address must include in its Notice of Appearance a certification stating the same and state the reasons why obtaining such email address is not feasible or unduly burdensome. Notice will be provided to these individuals or entities by U.S. mail, overnight delivery, or facsimile at the filing party's discretion. Notwithstanding Bankruptcy Rules 2002 and 9010(b), no request for service filed in these Title III Cases shall have any effect unless the foregoing requirements are satisfied.

E.   The Claims and Noticing Agent shall maintain a master service list (the "Master Service List"), which shall include all persons and entities that have filed a Notice of Appearance pursuant to Bankruptcy Rules 2002 and 9010(b) and the Case Management Procedures (the "Rule 2002 Parties") and the Standard Parties. The Master Service List shall contain addresses, facsimile numbers, and email addresses. The Claims and Noticing Agent shall use reasonable efforts to update and post on its website the Master Service List as often as practicable, but in no event less frequently than every fifteen (15) days. The Master Service List and any updates thereto shall be filed electronically on the website of the United States Bankruptcy Court for the District of Puerto Rico, www.prb.uscourts.gov, and on the Case Website commencing as of the date that is no later than ten (10) days from the date hereof.

F.   All Documents must be served, in the manner described herein, on the Master Service List and on any person or entity with a particularized interest in the subject matter of a certain Document (each, an "Affected Party"). Subject to Paragraph II.H, Documents filed in adversary proceedings are not required to be served on the Master Service List.

G.   The proceedings with respect to which notice is limited to the Master Service List shall include all matters covered by Bankruptcy Rule 2002, with the express exception of the following: (a) notice of (i) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c) and (ii) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and plan; and (b) notice and transmittal of ballots for accepting or rejecting a plan, which notices shall be given in accordance with Bankruptcy Rule 2002 and other applicable Bankruptcy Rules, unless otherwise ordered by the Court or otherwise prescribed by the Bankruptcy Code.

H.    Pleadings related to a compromise or settlement must be served on the Master Service List and any Affected Parties, but need not be served on all creditors.

I.    Parties shall serve the Court and the U.S. Trustee by U.S. mail, overnight delivery, or hand delivery.  Parties may serve the Standard Parties and the Affected Parties, with the exception of the Court and the U.S. Trustee, via the CM/ECF system described in Section II.D, and no further notice shall be required on such Standard Parties and Affected Parties unless the Bankruptcy Rules, the Local District Court Rules, or Local Bankruptcy Rules require otherwise or the Court orders otherwise.

J.    [RESERVED]

K.    Parties shall be authorized to rely to the maximum extent possible on CM/ECF notice for all Documents on the Rule 2002 Parties.  To the extent it is known that one or more Affected Party will not receive CM/ECF notice, there shall be an obligation on the moving party to ensure service by the most efficient and timely manner possible on such Affected Parties (including service by e-mail unless the Affected Party has included a certification on its Notice of Appearance that it does not maintain an e-mail address).

L.    All Documents served by email shall include access to an attached file containing the entire Document, including the proposed form(s) of order and any exhibits, attachments and other relevant materials in PDF format, readable by Adobe Acrobat or an equivalent program.  Notwithstanding the foregoing, if a Document cannot be annexed to an email (because of its size, technical difficulties or otherwise), the party serving the Document may, in its sole discretion:  (i) serve the entire Document by U.S. mail or overnight delivery, including the proposed form(s) of order and any exhibits, attachments and other relevant materials or (ii) email the parties being served and include a notation that the Document cannot be annexed and will be (a) mailed if requested or (b) posted on the Case Website.

M.    Service by email shall be effective as of the date the Document is sent to the email address provided by the party.  If service is made by email, the Debtors shall not be required to serve a paper copy of the Document on interested parties and email service shall satisfy the Court's rules for service.

N.    If a party entitled to notice of a Document does not have an email address or an email address is not available in the Master Service List, the party shall be served by U.S. mail, overnight delivery, facsimile, or hand delivery, the choice of the foregoing being in the sole discretion of the party who is required to serve.

O.    Upon the completion of noticing any particular matter, the party seeking relief shall file with the Court within three (3) business days either an affidavit of service or a certification of service attaching the list of parties that received notice; provided, however, that parties shall not be required to serve the affidavits of service on such recipients.

7

P.  Upon the request of a non-Debtor Movant for the Claims and Noticing Agent to serve Pleadings, and provided the Oversight Board as the instructing entity permits the Claims and Noticing Agent to serve such Pleadings, the Claims and Noticing Agent shall serve such Pleadings and bill the related service expense directly to the applicable non-Debtor movant.

## III.  Scheduling

A.  The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings (the "Omnibus Hearings") at which Pleadings shall be heard.  Upon scheduling, the Claims and Noticing Agent shall post the date of the Omnibus Hearings on the Case Website.  The first five Omnibus Hearings shall be scheduled for the following dates and times:

- 9:30 a.m. on the 28th day of June, 2017;

- 9:30 a.m. on the 9th day of August, 2017;

- 9:30 a.m. on the 27th day of September, 2017;

- 9:30 a.m. on the 15th day of November, 2017; and

- 9:30 a.m. on the 20th day of December, 2017.

B.  All Omnibus Hearings may be scheduled for two consecutive days, if needed.

C.  Those in attendance at any hearing shall refrain from wearing cologne or perfume.

D.  Subject to consultation with Chambers, hearings in connection with individual and omnibus claim objections, applications for professional compensation and reimbursement, pre-trial conferences, asset sales and trials related to adversary proceedings, approval of a disclosure statement, confirmation of a plan, and any other Pleading filed by the Debtors may be scheduled for dates other than the Omnibus Hearing dates; provided, however, that hearings in connection therewith may be scheduled on a non-Omnibus Hearing date only after consultation with counsel to the Oversight Board and counsel to the Debtors (which consultation shall occur as soon as practicable); provided, further, that initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be set on the next available Omnibus Hearing date that is at least 45 days after the filing of the complaint; unless the Court expedites the pre-trial conference; provided, further, that hearings on all other Pleadings, except for those Pleadings specifically referenced in this Paragraph III.D, filed by any party must be scheduled for an Omnibus Hearing except for a Pleading requiring emergency or expedited relief in accordance with these Case Management Procedures.

E.  Except for filings that have previously been authorized by the Court in response to an Urgent Motion establishing such scheduling, if a Document is filed by a party other than the Debtors and purports to set a hearing date inconsistent with the Case

8

Management Procedures (an "Inconsistent Filing"), the hearing shall be scheduled without the necessity of Court order for the first Omnibus Hearing date after the applicable notice period has expired and all applicable deadlines shall be accordingly extended, and the Debtors shall provide such party with notice of the Case Management Procedures within three (3) business days of receipt of the Inconsistent Filing.

F.      If a movant, applicant, or other party determines that a motion, application, or pre-trial conference requires emergency or expedited relief, the movant, applicant, or other party may, for good cause shown, seek an expedited hearing or pre-trial conference pursuant to Urgent Motion, and the Debtors and other parties in interest, as applicable, shall have the right to contest such request for expedition. All requests for emergency or expedited relief shall comply with the applicable Local Bankruptcy Rule.

G.      If a Pleading seeks relief pursuant to Bankruptcy Rule 2002(a) or Bankruptcy Rule 2002(b), the hearing to consider such Pleading shall be set in accordance with the time period set forth in Bankruptcy Rules 2002(a) and (b) and 9006. For all other Pleadings, with the exception of Pleadings filed pursuant to the Presentment Procedures (as described below), Pleadings shall not be considered unless filed and served in accordance with the Case Management Procedures at least seventeen (17) calendar days before the next applicable hearing date (if such seventeenth (17th) day is a date other than a business day, such Pleading must be filed and served by the first business day preceding such date); provided, however, that nothing in the Case Management Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) and (c).

H.      Notwithstanding the immediately preceding paragraph, a party may present a proposed order addressing administrative matters for approval by the Court; provided, however, that the presentment of a proposed order for administrative relief must be filed and served at least seven (7) calendar days before the presentment date, and Objections thereto must be filed and served at least one (1) calendar day before presentment date (the "Presentment Procedures").

I.      The deadline to file an Objection (the "Objection Deadline") to any Pleading shall be (i) 4:00 p.m. (Prevailing Eastern Time) on the date that is ten (10) calendar days before the applicable hearing date or (ii) any date otherwise ordered by the Court. The Objection Deadline may be extended with the consent of the movant or applicant. If such an extension has been agreed upon, the parties need not file a stipulation or other pleading with the Court reflecting the extension; provided, however, that movant shall provide notice of the extension to Chambers. The Objection shall not be considered timely unless filed with the Court and received by the movant and the Standard Parties on or before the applicable Objection Deadline. All parties filing an Objection shall include their telephone number, facsimile number, and email in the signature block on the last page of the Objection.

9

J.       If any Pleading, including a Stay Relief Motion (as defined below), is adjourned, the Objection Deadline with respect thereto shall be extended to 4:00 p.m. (Prevailing Eastern Time) on the date that is ten (10) calendar days prior to the applicable hearing and all other applicable deadlines shall be likewise extended.

K.       The deadline to file Replies, joinders to an Objection, or any Statement shall be (i) for all parties other than the Debtors and any statutory committee, 4:00 p.m. (Prevailing Eastern Time) on the date that is five (5) calendar days before the applicable hearing date, (ii) for the Debtors and any statutory committee, 4:00 p.m. (Prevailing Eastern Time) on the date that is four (4) calendar days before the applicable hearing date, or (iii) any date and time otherwise ordered by the Court.

L.       Sur-replies shall not be permitted or considered unless authorized by the Court.

M.       Two (2) business days before a scheduled hearing, the Debtors shall file with the Court an agenda (the "Agenda") setting forth each matter to be heard at the hearing (updated after the initial submission, if necessary) and shall serve the Agenda by email or facsimile on (i) the Standard Parties, (ii) the Rule 2002 Parties, and (iii) any party that filed Documents referenced in the Agenda; provided, however, that where the Debtors have less than 48 hours' notice of a hearing, the Debtors shall file an agenda only to the extent feasible.

N.       The Agenda shall include, to the extent known by the Debtors:  (i) the docket number and title of each matter scheduled to be heard at the hearing, including the initial filing and any Objections, Statements, Replies, or Documents related thereto; (ii) whether the matter is contested or uncontested; (iii) whether the matter has been settled or is proposed to be continued; (iv) the identification number of any proof(s) of claim(s) implicated in the Document; and (v) other comments that will assist the Court; provided, however, that the matters listed on the Agenda shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

O.       The Agenda may include notice of matters that have been consensually adjourned to a later hearing date in lieu of parties filing a separate notice of such adjournment.

P.       In the event a matter is properly noticed for hearing and the parties reach an agreement to settle the dispute prior to the hearing, the parties may announce the settlement at the scheduled hearing; provided, however, that the parties notify counsel for the Oversight Board, as representative of the Debtors, and the Creditors' Committee of such agreement as soon as practicable prior to the hearing.  In the event the Court determines that notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.  In the event the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance

with the Case Management Procedures and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

Q.      Subject to Paragraphs III.F, III.R, and III.S, a motion for relief from the automatic stay (a "Stay Relief Motion") in accordance with Bankruptcy Code section 362 shall be noticed for consideration on the Omnibus Hearing Date that is at least 21 days after the Stay Relief Motion is filed and notice thereof is served upon counsel for the Oversight Board, as representative of the Debtors.  Unless otherwise ordered by the Court, the Objection Deadline with respect thereto shall be the later to occur of (i) fourteen (14) calendar days after the date of filing and service of the Stay Relief Motion and (ii) seven (7) calendar days prior to the hearing scheduled with respect thereto; effectively, this means that the Objection Deadline will be seven (7) calendar days prior to the hearing scheduled with respect to the Stay Relief Motion, except in certain situations where an expedited hearing is scheduled with respect to the Stay Relief Motion.

R.      If a moving party notices a Stay Relief Motion for an Omnibus Hearing Date that falls on or after the thirtieth (30th) day after the filing of the Stay Relief Motion, or consents to the adjournment of an Omnibus Hearing to a date that falls on or after the thirtieth (30th) day after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under Bankruptcy Code section 362(d), and shall be deemed to have waived its right to assert the termination of the automatic stay under Bankruptcy Code section 362(e) with respect to that Stay Relief Motion.  Any moving party shall be permitted to request an expedited hearing on its Stay Relief Motion, as provided in Paragraph III.F, and in that case, the moving party shall not be deemed to have waived its right to assert the termination of the automatic stay under Bankruptcy Code section 362(e); provided, however, that any expedited hearing granted in accordance with this paragraph shall be without prejudice to the right of the parties to request, and/or the Court to otherwise treat, such expedited hearing as a preliminary hearing in accordance with Bankruptcy Code section 362(e).  For the avoidance of doubt, any hearing on a Stay Relief Motion shall be scheduled as a final hearing (which the Court may later treat as a preliminary hearing in the Court's discretion) unless the Affected Parties agree otherwise or the Court orders otherwise.  A hearing on a Stay Relief Motion will take place only if an Objection is timely filed; if no Objection is timely filed, an order may be entered granting the relief requested.

S.      Notwithstanding Paragraphs III.Q and III.R, nothing in the foregoing paragraphs prejudices the rights of a party to request the expedited consideration of any motion seeking relief from stay, or the rights of the Debtors or any other party in interest to contest such request for expedited consideration.

**IV.**     **Other Case Management Procedures**

A.     Nothing in the Procedures Order shall prejudice the rights of any party in interest to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause.

B.     The Debtors may seek to amend the Case Management Procedures from time to time throughout these Title III Cases, and shall present such amendments to the Court by notice of presentment in accordance with the Case Management Procedures.

C.     Within three (3) business days of entry of the Procedures Order, the Claims and Noticing Agent shall serve a printed copy of the Procedures Order upon all parties on the Master Service List and post a copy of the Procedures Order on the Case Website.

D.     The Court retains jurisdiction to hear and determine all matters arising from or relating to the implementation of the Procedures Order.

E.     The Court retains power to provide notice of *sua sponte* amendments to the Case Management Procedures and/or Procedures Order.


Dated:  _____, 2017

12

**Exhibit B**

Redline of Second Amended Proposed Order

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

       as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

          Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

### ORDER (A) IMPOSING AND RENDERING APPLICABLE LOCAL BANKRUPTCY RULES TO THESE TITLE III CASES, (B) AUTHORIZING ESTABLISHMENT OF CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES, AND (C) GRANTING RELATED RELIEF

Upon the *Motion of Debtors for Order (A) Imposing and Rendering Applicable Local Bankruptcy Rules to These Title III Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief* (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to section 307(a) of PROMESA; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474).

[2]   Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

00462173; 1

reviewed the Motion and having heard the statements of counsel in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and upon the record herein, after due deliberation thereon, the Court having found that good and sufficient cause exists for the granting of the relief as set forth herein,

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Local Bankruptcy Rules are imposed for and made applicable to these Title III Cases (and all other title III cases filed by affiliates of the Debtors that are jointly administered with these Title III Cases, if any).

3. The Case Management Procedures, as amended and set forth on **Exhibit 1** hereto, are approved and shall govern all applicable aspects of these Title III Cases (and all other title III cases filed by affiliates of the Debtors jointly administered with these Title III Cases, if any, upon providing parties in interest in such other Title III Cases with notice and an opportunity to object according to the Presentment Procedures (as defined in the Case Management Procedures)), except as otherwise ordered by the Court.

4. To the extent the Case Management Procedures conflict with the Bankruptcy Rules, the Local District Court Rules, or the Local Bankruptcy Rules, the Case Management Procedures shall govern and supersede such rules to the extent that such variance is permitted by the relevant rules.

5.      The first ~~four~~five omnibus hearings in these Title III Cases (and all other title III cases filed by affiliates of the Debtors that the Court may order to be jointly administered with these Title III Cases, if any) are scheduled as follows:

- 9:30 a.m. on the 28th day of June, 2017;

- ~~9~~:~~30~~ a.m. on the ~~9th~~ day of ~~August~~, 2017;

- ~~9~~:~~30~~ a.m. on the ~~27th~~ day of ~~September~~, 2017;

- ~~9~~:~~30~~ a.m. on the ~~15th~~ day of ~~November~~, 2017; and

- ~~9~~:~~30~~ a.m. on the ~~20th~~ day of ~~December~~, 2017.

6.      Those in attendance at any hearing shall refrain from wearing cologne or perfume.

7.      ~~6.~~ The Debtors' claims and noticing agent is authorized and directed to establish a case website, where, among other things, the Case Management Procedures, and also all pleadings, key dates, and information about these Title III Cases will be posted.

8.      ~~7.~~ Notwithstanding the applicability of any Bankruptcy Rule, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

9.      ~~8.~~ The Debtors and the Oversight Board, as the Debtors' representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this order in accordance with the Motion, consistent with the Case Management Procedures set forth in **Exhibit 1**.

10.     ~~9.~~ The Court shall retain exclusive jurisdiction to hear and determine any and all matters arising from or related to the implementation, interpretation, and enforcement of this order.

Dated: May_____, 2017
San Juan, Puerto Rico

_____
Honorable Laura ~~T.~~ Taylor Swain
United States District Judge

## Exhibit 1

**Case Management Procedures**

00462173; 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

          Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES**

On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed a title III case (the "Commonwealth's Title III Case") for the Commonwealth by issuing a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filing a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a).

On May 5, 2017, the Oversight Board, as representative of the Puerto Rico Sales Tax Financing Corporation ("COFINA," and together with the Commonwealth, the "Debtors") pursuant to section PROMESA 315(b), filed a title III case ("COFINA's Title III Case," and together with the Commonwealth's Title III Case, the "Title III Cases") for COFINA by issuing a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filing a voluntary petition for relief for COFINA pursuant to PROMESA section 304(a).

On May 9, 2017, the Debtors filed a motion seeking the joint administration of these Title III Cases, for procedural purposes only, pursuant to PROMESA section 304(g) and Bankruptcy Rule 1015, made applicable to these Title III Cases by PROMESA section 310.

On _____, 2017, the Court entered an order (the "Procedures Order"): (a) incorporating the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474).

[2]   PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

00462173; 1

(the "Local Bankruptcy Rules") for these Title III Cases; (b) approving and implementing the notice, case management, and administrative procedures (collectively, the "Case Management Procedures"); and (c) granting certain related relief.

Anyone may obtain a copy of the Procedures Order, as well as any document filed with the Court in these Title III Cases by:  (a) accessing the website maintained by Prime Clerk LLC (the "Claims and Noticing Agent") at https://cases.primeclerk.com/puertorico (the "Case Website"); (b) contacting the Claims and Noticing Agent directly at (844)-822-9231 (toll free for U.S. and Puerto Rico) or (646)-486-7944 (for international callers); or (c) for a nominal fee, accessing the PACER system ~~on~~through the Court's website at www.prd.uscourts.gov.  Finally, paper copies of all pleadings filed in these Title III Cases may be available from the Court Clerk pursuant to the Court's procedures and miscellaneous fee schedule of the District of Puerto Rico.

Pursuant to the Procedures Order, all notices, motions, applications, briefs, memoranda, affidavits, declarations, objections, responses, replies, and other documents filed in these Title III Cases are subject to, and will not be deemed properly served, unless they are served in accordance with, these Case Management Procedures.

Additionally, while the Bankruptcy Rules and the Local Bankruptcy Rules apply to these Title III Cases, to the extent there is a conflict between the foregoing and the Case Management Procedures, the Case Management Procedures govern in all respects to the extent that such variance is permitted by the relevant rules.

**ALL PARTIES IN INTEREST ARE STRONGLY ENCOURAGED TO REVIEW THESE CASE MANAGEMENT PROCEDURES IN THEIR ENTIRETY AND CONSULT THEIR OWN LEGAL COUNSEL WITH RESPECT TO THE MATTERS DISCUSSED HEREIN PRIOR TO FILING ANY DOCUMENTS IN THESE TITLE III CASES.**

### Case Management Procedures

I.    **General Case Administration and Pleadings**

A.    The Claims and Noticing Agent is authorized to establish the Case Website available at https://cases.primeclerk.com/puertorico, where, among other things, all pleadings, key dates, and information about these Title III Cases will be posted.

B.    All documents filed in these Title III Cases, including, but not limited to, all notices, motions, applications, other requests for relief, all briefs, memoranda, affidavits, declarations, and other documents filed in support of such papers seeking relief (collectively, the "Pleadings"), objections or responses to the Pleadings (the "Objections"), statements related thereto ("Statements"), and replies thereto (the "Replies" and together with the Pleadings, the Statements, and the Objections, the "Documents") shall be filed electronically with the Court on the docket of *In re Commonwealth of Puerto Rico*, Case No. 17-~~01578~~ BK 3283-LTS (the "Docket"), by registered users of the Court's case filing system in searchable portable document format ("PDF").

C.    A hearing notice ("Notice of Hearing") shall be filed and served concurrently with all Pleadings and shall include the following:  (i) the title of the Pleading; (ii) the parties upon whom any Objection to the Pleading is required to be served; (iii) the date and time of the applicable Objection Deadline (as defined below); (iv) the date of the hearing at which the Pleading shall be considered by the Court; and (v) a statement that the relief requested may be granted without a hearing if no Objection is timely filed and served in accordance with the Case Management Procedures.

D.    The applicable Objection Deadline and hearing date shall appear on the upper right corner of the first page of the Notice of Hearing and on the upper right corner of the first page of each Pleading. The applicable hearing date shall appear on the upper right corner of the first page of any filed Objection.

E.    Unless prior permission has been granted, memoranda of law in support of motions or Objections are limited to thirty-five (35) pages and memoranda of law in support of Replies are limited to fifteen (15) pages.  All memoranda shall be double-spaced, 12-point font, with 1" margins.  Memoranda of ten (10) pages or more shall contain a table of contents and a table of authorities.  The page(s) with the case caption shall not be counted for purposes of the foregoing page limits.

F.    Nothing in the Case Management Procedures shall prejudice the right of any party to move the Court to request relief under Bankruptcy Code section 107(b) or Bankruptcy Rule 9018 to protect: (i) any entity with respect to a trade secret or confidential research, development, or commercial information, or (ii) any person with respect to a scandalous or defamatory matter, or personally identifiable information, contained in a Document filed in these Title III Cases.

G.    If any Pleading or Objection seeks an evidentiary hearing, the evidentiary hearing request shall be prominently displayed on the Pleading or Objection.  The Court retains full discretion regarding the scheduling of evidentiary hearings.

H.    Scheduling requests (other than from the Debtors) must be brought by urgent motion ("Urgent Motion").  All Urgent Motions must be preceded by reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court in such Urgent Motion request.  All Urgent Motions shall have a certification that the reasonable, good-faith communications took place, and if there is knowledge that there will be an objection to the Urgent Motion, the anticipation of an objection shall be prominently disclosed in the Urgent Motion.  Courtesy copies of all Urgent Motions shall be e-mailed to the Court at swaindprcorresp@nysd.uscourts.gov.

I.    All Pleadings, whether Urgent Motions or not, that are requesting relief, shall be accompanied by a proposed order.

J.    All communications filed in these Title III Cases that are informative and do not request any relief shall be labeled as an informative motion.

00462173; 1                                          3

II.    **Service**

A.    All Documents shall be served, in the manner descried herein, on the following
parties (collectively, the "Standard Parties"):

(i)    Chambers of the Honorable Laura ~~T.~~Taylor Swain~~:~~
;

United States District Court for the District of Puerto Rico
150 Carlos Chardón Street,
Federal Building, Office 150,
San Juan, P.R. 00918-1767

-and-

United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Suite No. 3212
New York, New York 10007-1312

(ii)    Office of the United States Trustee for Region 21
Edificio Ochoa, 500 Tanca Street, Suite 301
San Juan, PR 00901-1922

(iii)    Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF) ;

Puerto Rico Fiscal Agency and Financial Advisory Authority
Roberto Sánchez Vilella (Minillas) Government Center
De Diego Ave. Stop 22
San Juan, Puerto Rico 00907
Attn:    Gerardo J. Portela Franco
        Mohammad Yassin, Esq.
E-Mail:  Gerardo.Portela@aafaf.pr.gov
        Mohammad.Yassin@aafaf.pr.gov

(iv)    Counsel for AAFAF ;

O'Melveny & Myers LLP                    Law Offices of Andrés W. López, Esq.
7 Times Square                          902 Fernández Juncos Ave.
New York, New York 10036                San Juan, PR 00907
Attn:    John J. Rapisardi, Esq.        Attn: Andrés W. López, Esq.
        Suzzanne Uhland, Esq.           E-Mail: andres@awllaw.com
        Peter Friedman, Esq.
        Diana M. Perez, Esq.
E-Mail:  jrapisardi@omm.com
        suhland@omm.com
        pfriedman@omm.com

dperez@omm.com

(v)      Counsel for the Oversight Board:

Proskauer Rose LLP                      O'Neill & Borges LLC
Eleven Times Square                     250 Muñoz Rivera Ave., Suite 800
New York, New York 10036-8299           San Juan, PR 00918-1813
Attn:    Martin J. Bienenstock          Attn:    Hermann D. Bauer, Esq.
         Paul V. Possinger              E-Mail:  herman.bauer@oneillborges.com
         Ehud Barak
         Maja Zerjal
         Chris Theodoridis
E-Mail:  mbienenstock@proskauer.com
         ppossinger@proskauer.com
         ebarak@proskauer.com
         mzerjal@proskauer.com
         ctheodoridis@proskauer.com

(vi)     attorneys for any statutory committee of unsecured claimholders appointed in these
         Title III Cases (the "Creditors' Committee"), or until such time as any committee is
         appointed, the entities listed on the List of Creditors Holding the 20 Largest  Unsecured
         Claims.

(vii)    counsel to any other statutory committee appointed in these Title III Cases.

B.       [RESERVED]All paper and e-mail courtesy copies served on the Court shall include
         the applicable Case Management/Electronic Case Files ("CM/ECF") header
         information.

C.       For purposes of service pursuant to Bankruptcy Rules 7004(b)(6), 7004(b)(9), and
         7004(g), all service to the Debtors shall be made both to counsel to the Oversight
         Board and counsel to AAFAF, as listed above.

D.       Any creditor or party- in- interest that wishes to receive notice in these Title III Cases
         and is not otherwise entitled to notice pursuant to the Case Management Procedures
         shall file a notice of appearance (a "Notice of Appearance") and request for service of
         papers in accordance with Bankruptcy Rules 2002 and 9010(b) and the Case
         Management Procedures. Any party that has previous filed a *pro hac vice* motion but
         not a Notice of Appearance should file a Notice of Appearance to ensure that such
         party receives notice of Documents filed in these Title III Cases.  For purposes of
         these Title III Cases, creditors or parties in interest filing such Notices of Appearance
         shall be included in the CM/ECF system for noticing purposes and will be considered
         to have accepted, upon filing of such Notice of Appearance, to receive documents and
         notices through the CM/ECF system.  Alternatively, if direct inclusion in the
         CM/ECF system is not possible, the filer of a Notice of Appearance shall be
         considered to have consented to receive electronic notices pursuant to Local
         Bankruptcy Rule 5005-4(g), unless the filing party complies with the certificate

requirement set forth in the second paragraph of this Section II.D and the Court approves such certification.

The Notice of Appearance shall include the following:  (i) the requesting party's name, address, and telephone number; (ii) the name and address of the requesting part party's counsel, if any; (iii) the requesting party's email address for service by electronic transmission; (iv) the requesting party's address for service by U.S. mail, hand delivery, and/or overnight delivery; and (v) the requesting party's facsimile number for service by facsimile.  Notwithstanding Bankruptcy Rules 2002 and 9010(b), no request for service filed in these Title III Cases shall have any effect unless the foregoing requirements are satisfied.  Any creditor or party-in-interest that files a Notice of Appearance and request for service of papers in accordance with the Case Management Procedures shall receive notice via electronic transmission.  Any individual or entity that does not maintain and cannot practicably obtain an email address must include in its Notice of Appearance a certification stating the same and state the reasons why obtaining such email address is not feasible or unduly burdensome.  Notice will be provided to these individuals or entities by U.S. mail, overnight delivery, or facsimile at the Debtors' discretion. filing party's discretion. Notwithstanding Bankruptcy Rules 2002 and 9010(b), no request for service filed in these Title III Cases shall have any effect unless the foregoing requirements are satisfied.

E.      The Claims and Noticing Agent shall maintain a master service list (the "Master Service List"), which shall include all persons and entities that have filed a Notice of Appearance pursuant to Bankruptcy Rules 2002 and 9010(b) and the Case Management Procedures (the "Rule 2002 Parties") and the Standard Parties.  The Master Service List shall contain addresses, facsimile numbers, and email addresses. The Claims and Noticing Agent shall use reasonable efforts to update and post on its website the Master Service List as often as practicable, but in no event less frequently than every fifteen (15) days.  The Master Service List and any updates thereto shall be filed electronically on the Court's website, ecf.prd website of the United States Bankruptcy Court for the District of Puerto Rico, www.prb.uscourts.gov, and on the Case Website commencing as of the date that is no later than ten (10) days from the date hereof.

F.      All Documents must be served, in the manner described herein, on the Master Service List and on any person or entity with a particularized interest in the subject matter of a certain Document (each, an "Affected Party").  Subject to Paragraph II.H. Documents filed in adversary proceedings are not required to be served on the Master Service List.

G.      The proceedings with respect to which notice is limited to the Master Service List shall include all matters covered by Bankruptcy Rule 2002, with the express exception of the following:  (a) notice of (i) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c) and (ii) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and plan; and (b) notice and transmittal of ballots for accepting or rejecting a plan, which notices shall

be given in accordance with Bankruptcy Rule 2002 and other applicable Bankruptcy Rules, unless otherwise ordered by the Court or otherwise prescribed by the Bankruptcy Code.

H.      Pleadings related to a compromise or settlement must be served on the Master Service List and any Affected Parties, but need not be served on all creditors.

I.      Parties shall serve the ~~Standard Parties~~Court and the ~~Affected Parties~~U.S. Trustee by U.S. mail, overnight delivery, ~~or~~ hand delivery ~~or~~, Parties may serve the Standard Parties and the Affected Parties, with the exception of the Court and the U.S. Trustee, ~~facsimile. J.       Notwithstanding Paragraph II.I, any of the~~via the CM/ECF system described in Section II.D, and no further notice shall be required on such Standard Parties and ~~the Affected Parties may request service by email, and if such request is made, such parties may be served by email in accordance with the Case Management Procedures.~~Affected Parties unless the Bankruptcy Rules, the Local District Court Rules, or Local Bankruptcy Rules require otherwise or the Court orders otherwise.

J.      [RESERVED]

K.      Parties shall be authorized to ~~serve~~rely to the maximum extent possible on CM/ECF notice for all Documents on the Rule 2002 Parties ~~by email, with the exception of the U.S. Trustee~~. To the extent it is known that one or more Affected Party will not receive CM/ECF notice, there shall be an obligation on the moving party to ensure service by the most efficient and timely manner possible on such Affected Parties (including service by e-mail unless the Affected Party has included a certification on its Notice of Appearance that it does not maintain an e-mail address).

L.      All Documents served by email shall include access to an attached file containing the entire Document, including the proposed form(s) of order and any exhibits, attachments and other relevant materials in PDF format, readable by Adobe Acrobat or an equivalent program. Notwithstanding the foregoing, if a Document cannot be annexed to an email (because of its size, technical difficulties or otherwise), the party serving the Document may, in its sole discretion: (i) serve the entire Document by U.S. mail or overnight delivery, including the proposed form(s) of order and any exhibits, attachments and other relevant materials or (ii) email the parties being served and include a notation that the Document cannot be annexed and will be (a) mailed if requested or (b) posted on the Case Website.

M.      Service by email shall be effective as of the date the Document is sent to the email address provided by the party. If service is made by email, the Debtors shall not be required to serve a paper copy of the Document on interested parties and email service shall satisfy the Court's rules for service.

N.      If a party entitled to notice of a Document does not have an email address or an email address is not available in the Master Service List, the party shall be served by U.S. mail, overnight delivery, facsimile, or hand delivery, the choice of the foregoing being in the sole discretion of the party who is required to serve.

O.  Upon the completion of noticing any particular matter, the party seeking relief shall file with the Court within three (3) business days either an affidavit of service or a certification of service attaching the list of parties that received notice; provided, however, that parties shall not be required to serve the affidavits of service on such recipients.

P.  Upon the request of a non-Debtor Movant for the Claims and Noticing Agent to serve Pleadings, and provided the Oversight Board as the instructing entity permits the Claims and Noticing Agent to serve such Pleadings, the Claims and Noticing Agent shall serve such Pleadings and bill the related service expense directly to the applicable non-Debtor movant.

**III.  Scheduling**

A.  The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings (the "Omnibus Hearings") at which Pleadings shall be heard.  Upon scheduling, the Claims and Noticing Agent shall post the date of the Omnibus Hearings on the Case Website.   The first ~~four~~five Omnibus Hearings shall be scheduled for the following dates and times:

- 9:30 a.m. on the 28th day of June, 2017;

- ~~9~~:~~30~~ a.m. on the ~~9th~~ day of August, 2017;

- ~~9~~:~~30~~ a.m. on the ~~27th~~ day of September, 2017;

- ~~9~~:~~30~~ a.m. on the ~~15th~~ day of November, 2017; and

- ~~9~~:~~30~~ a.m. on the ~~20th~~ day of December, 2017.

B.  All Omnibus Hearings may be scheduled for two consecutive days, if needed.

C.  Those in attendance at any hearing shall refrain from wearing cologne or perfume.

D.  ~~B.~~Subject to consultation with Chambers, hearings in connection with individual and omnibus claim objections, applications for professional compensation and reimbursement, pre-trial conferences, asset sales and trials related to adversary proceedings, approval of a disclosure statement, confirmation of a plan, and any other Pleading filed by the Debtors may be scheduled for dates other than the Omnibus Hearing dates; provided, however, that hearings in connection therewith may be scheduled on a non-Omnibus Hearing date only after consultation with counsel to the Oversight Board and counsel to the Debtors (which consultation shall occur as soon as practicable); provided, further, that initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be set on the next available Omnibus Hearing date that is at least 45 days after the filing of the

complaint; unless the Court expedites the pre-trial conference; provided, further, that hearings on all other Pleadings, except for those Pleadings specifically referenced in this Paragraph B̶III.D, filed by any party must be scheduled for an Omnibus Hearing except for a Pleading requiring emergency or expedited relief in accordance with these Case Management Procedures.

E.   C̶.̶ I̶f̶Except for filings that have previously been authorized by the Court in response to an Urgent Motion establishing such scheduling, if a Document is filed by a party other than the Debtors and purports to set a hearing date inconsistent with the Case Management Procedures (an "Inconsistent Filing"), the hearing shall be scheduled without the necessity of Court order for the first Omnibus Hearing date after the applicable notice period has expired and all applicable deadlines shall be accordingly extended, and the Debtors shall provide such party with notice of the Case Management Procedures within three (3) business days of receipt of the Inconsistent Filing.

F.   D̶.̶ If a movant o̶r̶,̶ applicant, or other party determines that a motion o̶r̶,̶ application, or pre-trial conference requires emergency or expedited relief, the movant o̶r̶,̶ applicant, or other party may, for good cause shown, seek an expedited hearing or pre-trial conference pursuant to Urgent Motion, and the Debtors and other parties in interest, as applicable, shall have the right to contest such request for a̶n̶ e̶x̶p̶e̶d̶i̶t̶e̶d̶ h̶e̶a̶r̶i̶n̶g̶expedition.  All requests for emergency or expedited relief shall comply with the applicable Local Bankruptcy Rule.

G.   E̶.̶ If a Pleading seeks relief pursuant to Bankruptcy Rule 2002(a) or Bankruptcy Rule 2002(b), the hearing to consider such Pleading shall be set in accordance with the time period set forth in Bankruptcy Rules 2002(a) and (b) and 9006.  For all other Pleadings, with the exception of Pleadings filed pursuant to the Presentment Procedures (as described below), Pleadings shall not be considered unless filed and served in accordance with the Case Management Procedures at least seventeen (17) calendar days before the next applicable hearing date (if such seventeenth (17th) day is a date other than a business day, such Pleading must be filed and served by the first business day preceding such date); provided, however, that nothing in the Case Management Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) and (c).

H.   F̶.̶ Notwithstanding the immediately preceding paragraph, a party may present a proposed order addressing administrative matters for approval by the Court; provided, however, that the presentment of a proposed order for administrative relief must be filed and served at least seven (7) calendar days before the presentment date, and Objections thereto must be filed and served at least one (1) calendar day before presentment date (the "Presentment Procedures").

I.   G̶.̶ The deadline to file an Objection (the "Objection Deadline") to any Pleading shall be (i) 4:00 p.m. (Prevailing Eastern Time) on the date that is s̶e̶v̶e̶n̶ten (7̶10) calendar days before the applicable hearing date or (ii) any date otherwise ordered by the

Court.  The Objection Deadline may be extended with the consent of the movant or applicant.  If such an extension has been agreed upon, the parties need not file a stipulation or other pleading with the Court reflecting the extension; provided, however, that movant shall provide notice of the extension to Chambers.  The Objection shall not be considered timely unless filed with the Court and received by the movant and the Standard Parties on or before the applicable Objection Deadline. All parties filing an Objection shall include their telephone number, facsimile number, and email in the signature block on the last page of the Objection.

J.    H. If any Pleading, including a Stay Relief Motion (as defined below), is adjourned, the Objection Deadline with respect thereto shall be extended to 4:00 p.m. (Prevailing Eastern Time) on the date that is seventen (710) calendar days prior to the applicable hearing and all other applicable deadlines shall be likewise extended.

K.    I. The deadline to file Replies, joinders to an Objection, or any Statement shall be (i), for all parties other than  the Debtors and any statutory committee, 4:00 p.m. (Prevailing Eastern Time) on the date that is twofive (25) calendar days before the applicable hearing date or (ii, (ii) for the Debtors and any statutory committee, 4:00 p.m. (Prevailing Eastern Time) on the date that is four (4) calendar days before the applicable hearing date, or (iii) any date and time otherwise ordered by the Court.

L.    J. Sur-replies shall not be permitted or considered unless authorized by the Court.

M.    K. Two (2) business days before a scheduled hearing, the Debtors shall file with the Court an agenda (the "Agenda") setting forth each matter to be heard at the hearing (updated after the initial submission, if necessary) and shall serve the Agenda by email or facsimile on (i) the Standard Parties, (ii) the Rule 2002 Parties, and (iii) any party that filed Documents referenced in the Agenda; provided, however, that where the Debtors have less than 48 hours' notice of a hearing, the Debtors shall file an agenda only to the extent feasible.

N.    L. The Agenda shall include, to the extent known by the Debtors:  (i) the docket number and title of each matter scheduled to be heard at the hearing, including the initial filing and any Objections, Statements, Replies, or Documents related thereto; (ii) whether the matter is contested or uncontested; (iii) whether the matter has been settled or is proposed to be continued; (iv) the identification number of any proof(s) of claim(s) implicated in the Document; and (v) other comments that will assist the Court; provided, however, that the matters listed on the Agenda shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

O.    M. The Agenda may include notice of matters that have been consensually adjourned to a later hearing date in lieu of parties filing a separate notice of such adjournment.

P.    N. In the event a matter is properly noticed for hearing and the parties reach an agreement to settle the dispute prior to the hearing, the parties may announce the settlement at the scheduled hearing; provided, however, that the parties notify counsel

00462173; 1                                                    10

for the Oversight Board, as representative of the Debtors, and the Creditors'
Committee of such agreement as soon as practicable prior to the hearing. In the event
the Court determines that notice of the dispute and the hearing is adequate notice of
the effects of the settlement (*i.e.*, that the terms of the settlement are not materially
different from what parties in interest could have expected if the dispute were fully
litigated), the Court may approve the settlement at the hearing without further notice
of the terms of the settlement. In the event the Court determines that additional or
supplemental notice is required, the Debtors shall serve such notice in accordance
with the Case Management Procedures and a hearing to consider such settlement
shall be on the next hearing day deemed appropriate by the Court.

Q.    O. Notwithstanding anything contained hereinSubject to Paragraphs III.F, III.R, and
III.S, a motion for relief from the automatic stay (a "Stay Relief Motion") in
accordance with Bankruptcy Code section 362 shall be noticed for consideration on
the Omnibus Hearing Date that is at least 21 days after the Stay Relief Motion is filed
and notice thereof is served upon counsel for the Oversight Board, as representative
of the Debtors. Unless otherwise ordered by the Court, the Objection Deadline with
respect thereto shall be the later to occur of (i) fourteen (14) calendar days after the
date of filing and service of the Stay Relief Motion and (ii) seven (7) calendar days
prior to the hearing scheduled with respect thereto.P.   Notwithstanding Bankruptcy
Code section 362(e), if a; effectively, this means that the Objection Deadline will be
seven (7) calendar days prior to the hearing scheduled with respect to the Stay
Relief Motion, except in certain situations where an expedited hearing is scheduled in
accordance with the Case Management Procedures for, or adjourned to a hearingwith
respect to the Stay Relief Motion.

R.    If a moving party notices a Stay Relief Motion for an Omnibus Hearing Date that
falls on or after the thirtieth (30th) day after the filing of the Stay Relief Motion, or
consents to the adjournment of an Omnibus Hearing to a date that falls on or after, the
thirtieth (30th) day after the filing of the Stay Relief Motion, the moving party shall be
permitted to request an expedited hearing, as provided in Paragraph R, provided,
however, if the Court declines to set an expedited hearing, the moving party shall be
deemed to have consented to the continuation of the automatic stay in effect pending
the conclusion of, or as a result of, a final hearing and determination under
Bankruptcy Code section 362(d) and shall, and shall be deemed to have waived its
right to assert the termination of the automatic stay under Bankruptcy Code section
362(e) with respect to that Stay Relief Motion. Any moving party shall be permitted
to request an expedited hearing on its Stay Relief Motion, as provided in Paragraph
III.F, and in that case, the moving party shall not be deemed to have waived its right
to assert the termination of the automatic stay under Bankruptcy Code section 362(e);
provided, however, that any expedited hearing granted in accordance with this
paragraph shall be without prejudice to the right of the parties to request, and/or the
Court to otherwise treat, such expedited hearing as a preliminary hearing in
accordance with Bankruptcy Code section 362(e). For the avoidance of doubt, any
hearing on a Stay Relief Motion shall be scheduled as a final hearing (which the
Court may later treat as a preliminary hearing in the Court's discretion) unless the
Affected Parties agree otherwise or the Court orders otherwise. A hearing on a Stay

Relief Motion will take place only if an Objection is timely filed; if no Objection is timely filed, an order may be entered granting the relief requested.

S. ~~Q.~~ Notwithstanding Paragraphs III.~~P~~Q and III.~~O~~R, nothing in the foregoing paragraphs prejudices the rights of a party to request the expedited consideration of any motion seeking relief from stay, or the rights of the Debtors or any other party in interest to contest such request for expedited consideration.

## IV.   Other Case Management Procedures

~~A.   Telephonic appearances shall be permitted, and shall be governed by Local Rule 9074-1, or as otherwise ordered by the Court. A party who wishes to participate via a listen-only telephone line need not request permission from the Court for such participation, and need only provide advanced notice of such participation as required by Court Call procedures, or as otherwise provided by the Court.~~

A. ~~B.~~ Nothing in the Procedures Order shall prejudice the rights of any party in interest to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause.

B. ~~C.~~ The Debtors may seek to amend the Case Management Procedures from time to time throughout these Title III Cases, and shall present such amendments to the Court by notice of presentment in accordance with the Case Management Procedures.

C. ~~D.~~ Within three (3) business days of entry of the Procedures Order, the Claims and Noticing Agent shall serve a printed copy of the Procedures Order upon all parties on the Master Service List and post a copy of the Procedures Order on the Case Website.

D. ~~E.~~ The Court ~~shall retain~~retains jurisdiction to hear and determine all matters arising from or relating to the implementation of the Procedures Order.

E. The Court retains power to provide notice of *sua sponte* amendments to the Case Management Procedures and/or Procedures Order.

Dated: _____, 2017