UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, | (Joint Administration Pending) |
| Debtor. | |

-------------------------------------------------------------

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3284-LTS |
| PUERTO RICO SALES TAX FINANCING CORPORATION (COFINA), | (Joint Administration Pending) |
| Debtor. | |

-------------------------------------------------------------x

**ORDER PURSUANT TO PROMESA SECTION 304(g)
AND BANKRUPTCY RULE 1015(b) DIRECTING JOINT
ADMINISTRATION OF TITLE III CASES AND GRANTING RELATED RELIEF**

Upon the *Motion of Debtors Pursuant to PROMESA Section 304(g) and Bankruptcy Rule 1015(b) for Entry of Order Directing Joint Administration of Title III Cases and Granting Related Relief* (the "Motion");[1] and the Court having found it has subject matter jurisdiction over this

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard statements in support of and in opposition to the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein which has been revised to accommodate some of the opposition; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The above-captioned Title III Cases are consolidated for procedural purposes only and shall be jointly administered by this Court under lead Case No. 17 BK 3283-LTS.

3. The caption of the jointly administered cases shall read as follows:

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

---------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | (Jointly Administered) |

2

Debtors.[1]
------------------------------------------------------------------x

4. An entry shall be made on the docket of COFINA's Title III Case (but not on the docket of the Commonwealth's Title III Case), substantially as follows:

> An order has been entered in accordance with PROMESA section 304(g) and Federal Rule of Bankruptcy Procedure 1015(b), made applicable to this title III case by PROMESA section 310, directing the procedural consolidation and joint administration of the title III cases of the Commonwealth of Puerto Rico and its affiliated debtors. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, lead Case No. 17 BK 3283-LTS; provided, however, that if the pleading or other paper relates solely to this title III case, such pleading shall be filed in both the lead Case No. 17 BK 3283-LTS and this title III case.

5. To the extent a party files a motion, pleading, application, objection, reply, response or other similar court filing (any or all of the foregoing, a "Court Filing") applicable to fewer than all of the jointly administered Debtors, such party shall supplement the above case caption with a second case caption (positioned immediately underneath the main caption above) with the name(s) of the particular Debtor(s) and respective title III case number(s) implicated by the party's Court Filing. A legend shall accompany the second (and any additional) case caption(s) stating that the Court Filing relates only to the applicable Debtors(s), and the pleading shall be filed in both the lead Case No. 17 BK 3283-LTS and the applicable title III case(s).

6. The Clerk of the United States District Court for the District of Puerto Rico (the "Clerk's Office") shall maintain one consolidated docket and one file for each of the Title III

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474).

Cases. The Clerk's Office may, for administrative purposes only, maintain the consolidated docket and the dockets of the underlying Title III Cases on the CM/ECF system of the United States Bankruptcy Court for the District of Puerto Rico. The notice, claims, and solicitation agent for the Title III Cases shall maintain one consolidated service list on behalf of the Clerk's Office.

7. Nothing contained in the Motion or this order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors' cases.

8. Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

9. The Debtors and the Oversight Board, as the Debtors' representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.

11. For the convenience of the parties, a copy of this order, blacklined to show all changes over the proposed form of order (docket entry no. 235 in case no. 17 BK 3283-LTS) is annexed hereto.

12. This Order resolves docket entry no. 41 in case no. 17 BK 3283-LTS.

Dated: June 1, 2017

                                                    /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  United States District Judge