UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

  as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

  Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PRIME CLERK LLC AS SOLICITATION, NOTICE, AND CLAIMS AGENT, *NUNC PRO TUNC* TO THE PETITION DATES

Upon the *Application of the Debtors for Entry of an Order Authorizing Employment and Payment of Prime Clerk LLC as Solicitation, Notice, and Claims Agent,* Nunc Pro Tunc *to the Petition Dates* (the "Application")[2] filed by the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Sales Tax Financing Corporation ("COFINA," and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to PROMESA section 315(b); and the Court having found it has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to section 307(a) of PROMESA; and the Court having found that

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474).

[2] Capitalized terms used but not defined in this Order have the meanings used in the Application.

the Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard the statements of counsel in support of the Application at a hearing held before the Court (the "Hearing"); and upon the Schrag Declaration submitted in support of the Application; and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and upon the record herein, after due deliberation thereon, the Court having found that good and sufficient cause exists for the granting of the relief as set forth herein,

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Application is granted as set forth herein.

2. The Debtors are authorized and required to pay Prime Clerk as Solicitation, Notice, and Claims Agent effective *nunc pro tunc* to the Petition Dates, all amounts arising under the Engagement Agreement, and Prime Clerk is authorized and directed to perform the Services. The Clerk's office shall provide Prime Clerk with ECF credentials that allow Prime Clerk to receive ECF notifications and file certificates of service.

3. In connection with performing the Services, Prime Clerk is authorized to take direction from the Oversight Board and the Debtors and each of their respective representatives, employees, agents, and/or legal and financial professionals (collectively, the "Debtor Parties"); provided, however, that in the case of a conflict, the direction of the Oversight Board and its representatives, employees, agents, and professionals shall control. Prime Clerk may rely upon any requests, advice, or information provided by the Debtor Parties to the same extent as if such requests, advice, or information were provided by the Debtors or the Oversight Board.

2

4. Subject to the terms of this Order, the applicable provisions of PROMESA, the Bankruptcy Code, and the Bankruptcy Rules, and any other applicable orders of the Court, the Debtors are authorized to compensate Prime Clerk in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Prime Clerk and the rates charged for each, and to reimburse Prime Clerk for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation without the need for Prime Clerk to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

5. Prime Clerk shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Debtors, the Puerto Rico Fiscal Agency and Financial Advisory Authority, the Oversight Board, counsel for Puerto Rico Fiscal Agency and Financial Advisory Authority, counsel for the Oversight Board, counsel for any statutory committee monitoring the expenses of the Debtors, and any party in interest who specifically requests service of the monthly invoices.

6. Subject to entry of this Order, the applicable provisions of PROMESA, the Bankruptcy Code, and the Bankruptcy Rules, and any other applicable orders of this Court, all invoices shall be due and payable upon receipt. Where an expense or group of expenses to be incurred is expected to exceed $10,000 (*e.g.*, publication notice), Prime Clerk may require advance or direct payment from the Debtors before the performance of Services hereunder.

7. The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Engagement Agreement or monthly invoices; provided that the parties may seek resolution of the matter from the Court if resolution is not achieved. For the avoidance of doubt, any arbitration provision contained in the Engagement Agreement is superseded by this paragraph.

8. Pursuant to Bankruptcy Code section 503(b)(1), made applicable by PROMESA section 301(a), the fees and expenses of Prime Clerk under this Order shall be an administrative expense of the Debtors.

9. In case of a good faith dispute with respect to an invoice amount, the Debtors or the Oversight Board shall provide a detailed written notice of such dispute to Prime Clerk within 10 days of receipt of the invoice. Subject to the terms of this Order, the applicable provisions of PROMESA, the Bankruptcy Code, and the Bankruptcy Rules, and any other applicable order of the Court, the undisputed portion of the invoice will remain due and payable immediately upon receipt thereof.

10. The Debtors shall (a) pay any fees and expenses for Services relating to, arising out of, or resulting from any error or omission made by the Debtors, the Oversight Board, or the Debtor Parties and (b) pay or reimburse any taxes that are applicable to Services performed hereunder or that are measured by payments made hereunder and are required to be collected by Prime Clerk.

11. If the employment relationship of Prime Clerk is terminated pursuant to the Engagement Agreement, the Debtors shall remain liable for all amounts then accrued and/or due and owing to Prime Clerk hereunder.

12. Upon entry of this Order, the Debtors shall pay Prime Clerk an advance of $100,000. Prime Clerk may use such advance against unpaid fees and expenses under the Engagement Agreement, which advance then shall be replenished immediately by the Debtors to the original advance amount; thereafter, Prime Clerk may hold such advance to apply against any other unpaid fees and expenses hereunder. Any excess amounts left after the termination of the engagement shall be promptly returned to the Debtors.

13. Prime Clerk reserves the right to make reasonable increases to the Rate Structure

4

on an annual basis effective on the first business day of each year. If such annual increases represent an increase greater than 10% from the previous year's levels, Prime Clerk shall provide 30 days' notice to the Debtors of such increases.

14. Prime Clerk reserves all property rights in and to all materials, concepts, creations, inventions, works of authorship, improvements, designs, innovations, ideas, discoveries, know-how, techniques, programs, systems, specifications, applications, processes, routines, manuals, documentation, and any other information or property (collectively, "Property") furnished by Prime Clerk for itself or for use by the Oversight Board or the Debtors under the Engagement Agreement. Fees and expenses paid by the Debtors shall not vest in the Debtors any rights in such Property. Such Property is only being made available for the Oversight Board or the Debtors' use during and in connection with the Services provided by Prime Clerk hereunder.

15. While providing the Services, Prime Clerk shall comply with all applicable laws, rules, and regulations, as well as all applicable Oversight Board policies and rules, including without limitation the Oversight Board's Vendor Code of Conduct and Vendor Conflict of Interest Disclosure Certification, attached as an exhibit to the Engagement Agreement.

16. Prime Clerk shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these Title III Cases and is authorized and directed to maintain official claims registers (with full proofs of claim) for the Debtors on the website to be maintained by Prime Clerk for these Title III Cases, and to provide the Clerk with certified duplicates thereof upon the request of the Clerk.

17. Prime Clerk is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

18. Prime Clerk is authorized to take such other action to comply with all duties set forth in the Application.

19. The Debtors shall indemnify and hold harmless Prime Clerk and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors, and agents (collectively, the "Indemnified Parties") from and against any and all losses, claims, damages, judgments, liabilities, and expenses, whether direct or indirect (including, without limitation, counsel fees and expenses) (collectively, "Losses") resulting from, arising out of, or related to Prime Clerk's performance under the Engagement Agreement. Without limiting the generality of the foregoing, Losses include any liabilities resulting from claims by any third parties against any Indemnified Party, provided however, that any indemnification obligations will only be with respect to tasks performed in accordance with the terms of the Engagement Agreement. The Debtors' indemnification obligations shall survive the termination of the Engagement Agreement for a period of three (3) years.

20. Prime Clerk shall not be entitled to indemnification, contribution, or reimbursement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court.

21. The Debtors shall have no obligation to indemnify the Indemnified Parties, or provide contribution or reimbursement to the Indemnified Parties, for any losses, claims, damages, judgments, liabilities, and expenses resulting solely from Prime Clerk's gross negligence or willful misconduct. Furthermore, Prime Clerk and the Debtors shall notify each other in writing promptly upon the assertion, threat, or commencement of any claim, action, investigation, or proceeding that

either party becomes aware of with respect to the services rendered under the Engagement Agreement.

22. Prime Clerk's liability to the Debtors and the Oversight Board for any Losses, unless due to Prime Clerk's gross negligence or willful misconduct, shall be limited to the total amount paid by the Debtors for the portion of the particular work that gave rise to the alleged Loss. In no event shall Prime Clerk's liability to the Debtors or the Oversight Board for any Losses arising out of the Engagement Agreement exceed the total amount actually paid to Prime Clerk for Services provided under the Engagement Agreement. In no event shall Prime Clerk be liable for any indirect, special, or consequential damages (such as loss of anticipated profits or other economic loss) in connection with or arising out of the Services under the Engagement Agreement.

23. If, before the earlier of (i) the entry of an order confirming a plan of adjustment in these Title III Cases (that order having become a final order no longer subject to appeal) or (ii) the entry of an order closing these Title III Cases, Prime Clerk believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, Prime Clerk must file an application therefor in this Court, and the Debtors may not pay any such amounts to Prime Clerk before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Prime Clerk for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Prime Clerk. All parties in interest shall retain the right to object to any demand by Prime Clerk for indemnification, contribution, or reimbursement.

24. The Debtors and the Oversight Board are responsible for, and Prime Clerk does not verify, the accuracy of the programs, data, and other information provided by such party to Prime Clerk and for the output of such information. The party delivering such information agrees, represents, and warrants to Prime Clerk that before delivery of any information to Prime Clerk: (i) the party delivering such information has full authority to deliver such information to Prime Clerk; and (ii) Prime Clerk is authorized to use such information to perform the Services. Any data, storage media, programs, or other materials furnished to Prime Clerk by the Debtors or the Oversight Board may be retained by Prime Clerk until the Services provided under the Engagement Agreement are paid in full. The Debtors shall remain liable for all fees and expenses incurred by Prime Clerk under the Engagement Agreement as a result of data, storage media, or other materials maintained, stored, or disposed of by Prime Clerk. Any such disposal shall be in a manner requested by or acceptable to the Debtors and the Oversight Board; <u>provided</u> that if the Debtors and the Oversight Board have not utilized Prime Clerk's Services for a period of 90 days or more, Prime Clerk may dispose of any such materials, and be reimbursed by the Debtors for the expense of such disposition, after giving the Debtors and the Oversight Board 30 days' notice. The Debtors and the Oversight Board agree to initiate and maintain backup files that would allow the Debtors and the Oversight Board to regenerate or duplicate all programs, data, or information provided by the Debtors and the Oversight Board to Prime Clerk. Disposal of any Debtors or Oversight Board data, storage media, or other materials shall comply with any applicable court orders and rules or the Clerk's office instructions.

25. In the event Prime Clerk is unable to provide the services set out in this Order, Prime Clerk will immediately notify the Clerk and counsel to the Oversight Board and, upon approval of the Court, cause to have all original proofs of claim and computer information turned

over to another claims agent with the advice and consent of the Clerk and counsel to the Oversight Board.

26. Prime Clerk shall not cease providing the Services during these Title III Cases for any reason without prior order of the Court authorizing Prime Clerk to do so; provided that Prime Clerk may seek such an order on expedited notice by filing a request with the Court with notice of such request to be served on the Oversight Board, the Debtors, the U.S. Trustee, and any statutory committee of creditors appointed, if any, in these cases by facsimile or overnight delivery; provided, further, that except as expressly provided herein, the Debtors and Prime Clerk may otherwise terminate or suspend other services as provided under the Engagement Agreement.

27. The Debtors and Prime Clerk are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application and Engagement Agreement.

28. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

29. In the event of any inconsistency between this Order, the Engagement Agreement, and the Application, this Order shall govern.

30. Notwithstanding any term in the Engagement Agreement to the contrary, this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

31. This Order resolves docket entry no. 45.

Dated: June 1, 2017

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                United States District Judge