Objection Deadline: June 19, 2017 at 4:00 P.M. Eastern Time
Hearing Date: June 28, 2017 at 9:30 A.M.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et al*. | (Jointly Administered) |
| Debtors.[1] | |

**MOTION TO INFORM APPLICABLE OBJECTION DEADLINE OR, IN THE ALTERNATIVE, TO REQUEST EXTENSION OF TIME TO RESPOND TO DEBTORS' MOTION (A) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, (B) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (C) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE LAURA TAYLOR SWAIN**:

**COMES NOW**, Puerto Rico Telephone Company d/b/a Claro (hereafter "Claro"), by and through its undersigned counsel, and respectfully requests as follows:

1. The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") was established under section 101(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[2] on June 30, 2016. On August 31, 2016, President Barack Obama appointed the Oversight Board's seven voting members.

2. Pursuant to section 315 of PROMESA, "[t]he Oversight Board in a case under this title is the representative of the debtor[s]" and "may take any action necessary on behalf of the debtor[s] to prosecute the case[s] of the debtor[s], including filing a petition under section

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

304 of [PROMESA]…or otherwise generally submitting filings in relation to the case[s] with the court."

3. On September 30, 2016, the Oversight Board designated the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Sales Tax Financing Corporation ("COFINA" and together with the Commonwealth, the "Debtors") as covered entities under section 101(d) of PROMESA.

4. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to sections 104(j) and 206 of PROMESA, and filed a voluntary petition for relief for the Commonwealth in accordance to section 304(a) of PROMESA (the "Commonwealth Petition-Date"), commencing, thus, a case under title III thereof (the "Commonwealth's Title III Case").

5. On May 5, 2017, the Oversight Board issued a restructuring certification pursuant to sections 104(j) and 206 of PROMESA, and filed a voluntary petition for relief for COFINA in accordance to section 304(a) of PROMESA (the "COFINA Petition Date", and jointly with the Commonwealth Petition Date, the "Petition Date"), commencing, thus, a case under title III thereof ("COFINA's Title III Case" and together with the Commonwealth's Title III Case, the "Title III Cases").

6. On May 9, 2017, the Debtors filed a motion seeking the joint administration of the Title III Cases pursuant to section 304(g) of PROMESA and Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (as made applicable to these Title III Cases by virtue of section 310 of PROMESA). See, Docket No. 41 of Case No. 17-03283 (LTS). The joint administration of the Title III Cases was authorized by this Court on June 1, 2017. See, Docket No. 242 of Case No. 17-03283 (LTS) and Docket No. 131 of Case No. 17-03284 (LTS).

7. The Debtors, by and through the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), as the entity authorized to act on behalf of the Debtors pursuant

to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017, filed a motion on May 22, 2017 (the "Motion") requesting an Order (a) prohibiting utilities from altering, refusing or discontinuing service, (b) deeming utilities adequately assured of future performance, and (c) establishing procedures for determining adequate assurance of payment pursuant to section 366 of the Bankruptcy Code (the "Code"). See, Docket No. 210 of Case No. 17-03283 (LTS).

8. The Motion lists and designates Claro as one of those utility providers that will be affected by the relief sought therein. See, Docket No. 210 of Case No. 17-03283 (LTS) at page 24.

9. Although the Motion does not specify the applicable response period for parties-in-interest to answer to its contents (as mandated by Local Bankruptcy Rule 9013-1(c)), pursuant to Local Bankr. R. 9013-1(c)(1), parties would have had a period of fourteen (14) days to respond to the Motion, which period would be due today.

10. On June 2, 2017, the Court issued the *Order (a) Imposing and Rendering Applicable Local Bankruptcy Rules to these Title III Cases, (b) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (c) Granting Related Relief*, which, among other things: (i) made the Local Bankruptcy Rules for the District of Puerto Rico applicable to the Title III Cases, (ii) scheduled the next five (5) omnibus hearings in these Title III proceedings, and (iii) set forth the applicable objection deadlines to any pleadings filed in these cases (the "CMP Order"). See, Docket No. 249 of Case No. 17-03283 (LTS).

11. According to the CMP Order, the objection deadline for any Pleading[3] "shall be (i) 4:00 p.m. (Prevailing Eastern Time) **on the date that is ten (10) calendar days before the**

---

[3] The term "Pleadings" was defined in the CMP Order as "including, but not limited to, all notices, motions, applications, other requests for relief, all briefs, memoranda, affidavits, declarations, and other documents filed [in

**applicable hearing date** or (ii) any date otherwise ordered by the Court." See, Docket No. 249-1 of Case No. 17-03283 (LTS) at page 10, ¶ III (I) (Emphasis supplied). The CMP Order further states that, "…**all other Pleadings**, except for those…specifically referenced in this Paragraph III.D…**must be scheduled for an Omnibus Hearing [date]**". See, Docket No. 249-1 of Case No. 17-03283 (LTS) at page 9, ¶ III (D) (Emphasis supplied). Finally, the CMP Order clarifies that, in the event of a conflict between the terms of the CMP Order, the Federal Bankruptcy Rules, the Local District Court Rules, or the Local Bankruptcy Rules, the CMP Order shall prevail. See, Docket No. 249 at page 2, ¶ 4.

12. The next omnibus hearing date is currently scheduled for June 28, 2017 at 9:30 A.M. See, Docket No. 249-1 of Case No. 17-03283 (LTS) at page 9, ¶ III (A). Pursuant to the terms of the CMP Order, the applicable objection deadline to respond to the Motion would be June 19, 2017 at 4:00 P.M. eastern time.[4]

13. While Claro believes that the CMP Order supersedes the 14-day objection period set forth at Local Bankr. R. 9013-1(c)(1), in the event that this Court were to understand otherwise, and out of an abundance of caution, Claro respectfully prays this Court for an extension of time of fourteen (14) days, that is, until June 19, 2017 at 4:00 P.M. Eastern Time, to submit its response to the Motion.

14. Claro intends to use this period of time to continue discussions with the Debtors for resolution of any potential issues or controversies surrounding the Motion in order to avoid having to expend the Court's time and resources on these matters.

---

the Title III Cases] in support of such papers seeking relief". See, Docket No. 249-1 of Case No. 17-03283 (LTS) at page 3, ¶ I (B).

[4] The deadline is extended by an additional day pursuant to Fed. R. Bankr. P. 9006.

15. The requested relief has been filed in good faith, is in the best interest of all parties-in-interest and will not unduly delay the instant proceedings. Furthermore, a proposed Order has been submitted as **Exhibit A**.

**WHEREFORE**, Claro respectfully informs and requests this Court to take note that the applicable objection deadline to respond to the Motion (Docket No. 210) expires on June 19, 2017 at 4:00 P.M. eastern time, or, in the alternative, that Claro be afforded a fourteen (14) day extension of time to respond thereof, that is, until June 19, 2017 at 4:00 P.M. Eastern Time.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 5th day of June, 2017.

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case. We further certify that, on this same date, we served the foregoing upon all the Standard Parties as identified and defined at ¶ II of the CMP Order (Docket No. 249), as well as upon all of the parties identified in the Master Service List maintained at https://cases.primeclerk.com/puertorico/.

**MCCONNELL VALDÉS LLC**
*Attorneys for Puerto Rico Telephone Company d/b/a Claro*
270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
PO Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: 787-250-5604
Facsimile: 787-759-9225

By: *s/Antonio A. Arias*
Antonio A. Arias
USDC-PR No. 204906
aaa@mcvpr.com

By: *s/Nayuan Zouairabani*
Nayuan Zouairabani
USDC No. 226411
Email: nzt@mcvpr.com