**Hearing Date**: June 28, 2017 at 9:30 a.m. (Prevailing Eastern Time)
**Objection Deadline**: June 16, 2017 at 4:00 p.m. (Prevailing Eastern Time)

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | (Jointly Administered) |
| Debtors.[1] | |

---------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | |
| EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO ("ERS"),[2] | No. 17 BK 3566-LTS |
| | (Joint Administration Requested) |
| Debtor. | |

---------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | |
| PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA"),[3] | No. 17 BK 3567-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474).

[2] The last four (4) digits of ERS's federal tax identification number are 9686.

Debtor. (Joint Administration Requested)

-------------------------------------------------------------------x

# MOTION FOR ORDER (A) PURSUANT TO PROMESA SECTION 304(G), DIRECTING JOINT ADMINISTRATION OF INITIAL TITLE III CASES AND ADDITIONAL TITLE III CASES AND (B) PURSUANT TO SECTION 105(A) OF THE BANKRUPTCY CODE, MAKING CERTAIN ORDERS ENTERED ON FIRST DAY PLEADINGS APPLICABLE TO THE ADDITIONAL TITLE III CASES

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA," and together with the Commonwealth, the "Initial Debtors") and certain other Commonwealth instrumentalities, the (i) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"); and (ii) Puerto Rico Highways and Transportation Authority ("HTA," and collectively with ERS, the "Additional Debtors," and together with the Initial Debtors, the "Debtors," and each, a "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[4] respectfully submit this motion (the "Motion"), pursuant to PROMESA section 304(g), Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to these cases by PROMESA section 310, and section 105 of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these cases by PROMESA section 301, for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (a) directing the joint administration of the title III cases of the Initial Debtors and the Additional Debtors, and (b) making certain pleadings filed,

---

[3] The last four (4) digits of HTA's federal tax identification number are 3808.

[4] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

2

and the orders entered respectively therewith, in the title III cases of the Initial Debtors applicable as though filed or entered in the title III cases of the Additional Debtors. In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction and Venue

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2. Venue is proper pursuant to PROMESA section 307(a).

3. The statutory bases for the relief requested herein are PROMESA section 304(g), Bankruptcy Code section 105, made applicable to these cases by PROMESA section 301, and Bankruptcy Rule 1015(b), made applicable to these title III cases by PROMESA section 310.

## Background

4. On June 30, 2016, the Oversight Board was established under PROMESA section 101(b). On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

5. Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this title is the representative of the debtor[s]" and "may take any action necessary on behalf of the debtor[s] to prosecute the case[s] of the debtor[s], including filing a petition under section 304 of [PROMESA] . . . or otherwise generally submitting filings in relation to the case[s] with the court."

6. On September 30, 2016, the Oversight Board designated the Debtors as covered entities under PROMESA section 101(d).

7. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the

3

Commonwealth pursuant to section 304(a) of PROMESA, commencing a case under title III thereof (the "Commonwealth's Title III Case").

8. On May 5, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA pursuant to PROMESA section 304(a), commencing a case under title III thereof ("COFINA's Title III Case," and together with the Commonwealth's Title III Case, the "Initial Title III Cases").

9. The Initial Debtors filed the following motions in the Initial Title III Cases (collectively, the "First Day Pleadings"):

- Motion of Debtors Pursuant to PROMESA Section 304(g) and Bankruptcy Rule 1015(b) for Entry of Order Directing Joint Administration of Title III Cases and Granting Related Relief [Docket No. 41] (the "Joint Administration Motion");

- Motion of Debtors Pursuant to PROMESA Section 315, Bankruptcy Code Sections 105(a) and 923, and Bankruptcy Rules 2002, 9007, and 9008 for Order Approving Form of Notice of Commencement of Title III Cases and Related Matters, Approving Manner of Service and Publication Thereof, and Granting Related Relief [Docket No. 42] (the "Notice of Commencement Motion");

- Motion of Debtors for Order (A) Imposing and Rendering Applicable Local Bankruptcy Rules to these Title III Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief [Docket No. 43] (the "Case Management Motion");

- Motion of Debtors for Entry of Order (A) Fixing Dates to File Creditor Matrix and List of Creditors and (B) Waiving Local Bankruptcy Rule 1007-1 to the

4

Extent Such Rule is Applicable to these Title III Cases [Docket No. 44] (the "Matrix Motion");

- Application of Debtors for Entry of Order Authorizing Employment and Payment of Prime Clerk LLC as Solicitation, Notice, and Claims Agent, *Nunc Pro Tunc* to Petition Dates [Docket No. 45] (the "Prime Clerk Application");

- Motion of Debtors Pursuant to Bankruptcy Code Section 105(a) for Entry of Order Confirming Authority of Banks to Continue Honoring Instructions and Payment Instruments with Respect to the Debtors' Bank Accounts [Docket No. 60] (the "Bank Accounts Motion"); and

- Motion of Debtor Entities for Order (A) Prohibiting Utilities From Altering, Refusing, or Discontinuing Service, (B) Deeming Utilities Adequately Assured of Future Performance, and (C) Establishing Procedures for Determining Adequate Assurance of Payment [Docket No. 210] (the "Utilities Motion").

10. On May 21, 2017, the Oversight Board issued restructuring certifications pursuant to PROMESA sections 104(j) and 206 and filed voluntary petitions for relief for ERS and HTA pursuant to PROMESA section 304(a), commencing cases under title III thereof (the "Additional Title III Cases," and together with the Initial Title III Cases, the "Title III Cases").

11. On May 26, 2017, Judge Laura Taylor Swain was designated as the presiding judge in the Additional Title III Cases. *See In re Employees Retirement System of the Government of the Commonwealth of Puerto Rico*, Case No. 17-3566 [Docket No. 16]; *In re Puerto Rico Highways and Transportation Authority*, Case No. 17-3567 [Docket No. 7].

5

12. On June 1, 2017, the Court entered the following orders (collectively, the "Preexisting Orders") in the Initial Title III Cases:[5]

- Order Pursuant to PROMESA Section 304(g) and Bankruptcy Rule 1015(b) Directing Joint Administration of Title III Cases and Granting Related Relief [Docket No. 242] (the "Joint Administration Order").

- Order Pursuant to PROMESA Section 315, Bankruptcy Code Sections 105(a) and 923, and Bankruptcy Rules 2002, 9007, and 9008 Approving Form of Notice of Commencement of Title III Cases and Related Matters, Approving Manner of Service and Publication Thereof, and Granting Related Relief [Docket No. 243] (the "Notice of Commencement Order").

- Order (a) Fixing Dates to File Creditor Matrix and List of Creditors and (b) Waiving Local Bankruptcy Rule 1007-1 to the Extent Such Rule is Applicable to These Title III Cases [Docket No. 244] (the "Matrix Order").

- Order Authorizing Employment and Payment of Prime Clerk LLC as Solicitation, Notice, and Claims Agent, *Nunc Pro Tunc* to the Petition Dates [Docket No. 245] (the "Prime Clerk Order").

A revised proposed order for the Bank Accounts Motion has not been presented to the court. Additionally, the Utilities Motion has not yet been heard by the Court.

13. Background information regarding the Commonwealth and its instrumentalities, and the commencement of the Initial Title III Cases, is contained in the *Notice of Statement of*

---

[5] By order entered June 2, 2017 [Docket No. 249] (the "Case Management Order"), the Court granted the Case Management Motion. On the same date, the Court made the Case Management Order applicable to the Additional Title III Cases in all relevant respects [Case No. 17 BK 3566-LTS, Docket No. 40; Case No. 17 BK 3567-LTS, Docket No. 40], and accordingly, the Debtors do not seek any relief with respect thereto by this Motion.

6

*Oversight Board in Connection with PROMESA Title III Petition* [Docket No. 1], attached to the Commonwealth's title III petition.

### **Relief Requested**

14. By this Motion, the Debtors request entry of an order (a) pursuant to PROMESA section 304(g) and Bankruptcy Rule 1015(b), made applicable to these cases by PROMESA section 310, directing joint administration of the Initial Title III Cases and the Additional Title III Cases, solely for procedural purposes, and (b) pursuant to Bankruptcy Code section 105(a), made applicable to these cases by PROMESA section 301, and Bankruptcy Rule 1015(c), made applicable to these cases by PROMESA section 310, providing that the First Day Pleadings, and the Preexisting Orders and subsequent orders entered on the First Day Pleadings, be made applicable to the Additional Title III Cases on the terms set forth below.[6]

### **Joint Administration of Initial Title III Cases and Additional Title III Cases**

15. To facilitate the joint administration of these cases, the Debtors respectfully request that the Court apply the order for joint administration to the Initial Title III Cases [Docket No. 242], for the reasons set forth more fully in the Joint Administration Motion, such that the Initial Title III Cases and the Additional Title III Cases shall be jointly administered for procedural purposes only, and implement two administrative procedures. First, the Debtors request that the Clerk of the Court maintain a single file and docket for both the jointly-administered cases under the lead case of the Commonwealth, and that the cases be administered under a consolidated caption, as follows:

---

[6] Where PROMESA or the Bankruptcy Code sets a time frame to be calculated from the petition date, such time will be calculated separately for each Debtor from its respective petition date.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

Debtors.[7]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

16. Second, to reflect such joint administration, and to alert parties who may access the docket for any of the title III cases other than the Commonwealth's Title III Case that pleadings will be maintained on the docket of the Commonwealth's Title III Case, the Debtors request that the following notice be entered on the Additional Debtors' dockets (but not on the Commonwealth's docket):

> An order has been entered in accordance with PROMESA section 304(g) and Federal Rule of Bankruptcy Procedure 1015(b), made applicable to this title III case by PROMESA section 310, directing the procedural consolidation and joint administration of the title III cases of the Commonwealth of Puerto Rico and its affiliated debtors. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, lead Case No. 17 BK 3283-LTS; <u>provided</u>, <u>however</u>, that if the pleading or other

---

[7] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

    paper relates solely to this title III case, such pleading shall be filed in both the lead Case No. 17 BK 3283-LTS and this title III case.

17. The Debtors also request that the Proposed Order provide that to the extent a party files a motion, pleading, application, objection, reply, response, or other similar court filing (any or all of the foregoing, a "<u>Court Filing</u>") applicable to fewer than all of the jointly administered Debtors, such party shall supplement the above case caption with a second case caption (positioned immediately underneath the main caption above) with the name(s) of the particular Debtor(s) and respective title III case number(s) implicated by the party's Court Filing. If the Court Filing relates only to a particular Debtor or Debtors (other than the Commonwealth), such Court Filing shall be filed in both the lead Case No. 17 BK 3283-LTS and the applicable title III case(s). A legend shall accompany the second case caption providing the Court Filing relates only to the applicable Debtor(s), and the pleading shall be filed in both the lead Case No. 17 BK 3283-LTS and the applicable title III case(s).

## **Application of First Day Pleadings and Relief Granted**

18. Additionally, the Debtors seek application of the other relief actually granted in respect of the First Day Pleadings, in each instance only when actually granted, in the Initial Title III Cases in an effort to eliminate the filing of duplicative applications and motions and, therefore, reduce the burdens on the Court and parties in interest. Specifically, this Motion seeks to have applied to the Additional Debtors the Preexisting Orders and subsequent orders entered on the First Day Pleadings filed in the Initial Title III Cases, as of the respective petition dates of the Additional Debtors. The relief set forth in the First Day Pleadings and the Preexisting Orders is necessary for the Additional Debtors to experience a smooth transition into title III with a minimum of delay, cost, and expense for the benefit of all parties in interest. In the absence of

the relief requested in this Motion, the Additional Debtors will be required to file individual motions seeking this same relief.

19. There is one Preexisting Order that the Debtors seek to have applied to the Additional Debtors with slight modifications. The Debtors seek to modify the Matrix Motion, so that, solely with respect to the Additional Debtors, the deadline to file a Creditor Matrix (as defined in the Matrix Motion) be extended from June 30, 2017 to July 31, 2017 and the deadline to file a Creditor List (as defined in the Matrix Motion) be extended from August 30, 2017 to September 15, 2017.

20. Further, with respect to the Prime Clerk Application and Prime Clerk Order, the Debtors seek application of the Debtors' employment of Prime Clerk pursuant to the amended and restated Engagement Letter attached hereto as **Exhibit B** (which Engagement Letter is in form and substance identical to the Engagement Letter included with the original Prime Clerk Application, except that it provides for the inclusion of the Additional Debtors).[8]

## The Court has Authority to Grant the Relief Requested Herein

21. PROMESA section 301 makes applicable Bankruptcy Code section 105(a) to title III cases. Section 105(a) provides, in relevant part: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under section 105(a), the Court has expansive equitable powers to fashion any order or decree that carries out the statute. *See, e.g., In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."); *Bird v. Crown Convenience (In re NWFX, Inc.)*, 864 F.2d 588, 590 (8th Cir. 1988) ("The overriding consideration in bankruptcy . . . is that

---

[8] A redline showing changes made to the Engagement Letter included with the original Prime Clerk Application, filed under Docket No. 65, is also attached in **Exhibit B**.

equitable principles govern."); *In re Cooper Properties Liquidating Trust, Inc.*, 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) ("[T]he Bankruptcy Court is one of equity and as such it has a duty to protect whatever equities a debtor may have in property for the benefit of its creditors as long as that protection is implemented in a manner consistent with the bankruptcy laws.").

22. Bankruptcy Rule 1015(b), made applicable to title III cases by PROMESA section 310, provides that the Court may order joint administration of cases commenced by the filing of two or more petitions by a debtor and its affiliate(s) in the same court. Further, Bankruptcy Rule 1015(c) provides that, when an order for consolidation or joint administration of two or more cases is entered, the Court may "enter orders as may tend to avoid unnecessary costs and delay." Bankruptcy Rule 1001 sets forth how the Bankruptcy Rules should be construed, and states that "[t]hese rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." This motion does exactly that.

23. The entry of an order directing that the First Day Pleadings and the Preexisting Orders and subsequent orders entered on the First Day Pleadings be made applicable to the Additional Debtors will obviate the need for duplicative notices, motions, applications, affidavits, and orders to be filed in these cases. The Debtors simply seek to save time and expense for their estates and to reduce the burden on the Court and parties in interest by proceeding in this manner. The Additional Debtors require the protections and authorizations that are set forth in the Preexisting Orders to enter title III in an orderly manner. The Preexisting Orders deal with many of the first day issues and other matters that most debtors (especially large debtors) must address, such as joint administration of the cases, extensions of time to file creditors lists and matrices, and other administrative and procedural matters.

24. If the Additional Title III Cases were commenced at the same time as the Initial Title III Cases, they would have been movants with respect to all the First Day Pleadings. By proceeding in the manner set forth in this Motion, the Debtors seek to streamline the motion practice for requesting such relief, while at the same time providing the same requisite facts and justification for such relief as if the Additional Debtors were filing the First Day Pleadings in their own title III Cases.

25. The Debtors believe that the relief requested herein is appropriate to carry out the provisions of the Bankruptcy Code provisions made applicable to title III cases. Similar procedures have been authorized in complex bankruptcy cases pursuant to section 105(a) of the Bankruptcy Code. *See In re Arcapita Bank B.S.C.(c), et al.*, Case No. 12-11076 (SHL) (Bankr. S.D.N.Y. 2012); *In re Lyondell Chemical Company, et al.*, Case No 09-10023 (REG) (Bankr. S.D.N.Y. 2009); *In re Lehman Brothers Holdings Inc., et al.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. 2008); *In re Delphi Corporation, et al.*, Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. 2005); *In re Enron Corp., et al.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. 2001).

26. Based upon the foregoing, the Debtors submit that the relief requested herein is essential, appropriate, and in the best interest of the Debtors' estates and creditors, and, therefore, should be granted.

## Notice

27. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against each Debtor; (d) the Office of the United States Attorney for the District of Puerto Rico; (e) counsel to the Puerto Rico Fiscal Agency and Financial Advisory

Authority; (f) the Puerto Rico Department of Justice; (g) the Other Interested Parties;[9] and (h) all parties filing a notice of appearance in the Debtors' Title III cases. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

28. No prior request for the relief sought in this Motion has been made to this or any other court with respect to the Additional Title III Cases.

### Reservation of Rights

29. Should other covered territorial instrumentalities seek protection under title III of PROMESA, the Oversight Board reserves the right file a similar Motion at that time.

*[Remainder of Page Intentionally Left Blank]*

---

[9] The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

13

WHEREFORE the Debtors respectfully request the Court to enter the Proposed Order, (a) directing the joint administration of the Initial Title III Cases and the Additional Title III Cases; (b) making the First Day Pleadings and Preexisting Orders, as modified herein, and subsequent orders on the First Day Pleadings applicable to the Additional Debtors; and (c) granting the Debtors such other relief as is just and proper.

Dated: June 9, 2017
    San Juan, Puerto Rico

Respectfully submitted,

*/s/* Martin J. Bienenstock

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Maja Zerjal (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/* Hermann D. Bauer

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

## **Exhibit A**

**Proposed Order**

## **Exhibit B**

**Amended and Restated Prime Clerk Engagement Letter**