

**Prime Clerk LLC Engagement Agreement**

This Agreement is entered into as of May ~~3,~~ 21, 2017, between Prime Clerk LLC ("***Prime Clerk***") and the Financial Oversight and Management Board for Puerto Rico (the "***FOMB***").

For the avoidance of doubt, this Agreement supersedes any prior agreement entered into by the FOMB and Prime Clerk.

In consideration of the promises set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. **Services**

    (a) Prime Clerk agrees to act as Calculation, Information, and Notice Agent under Title VI of the Puerto Rico Oversight, Management, and Economic Stability Act ("***PROMESA***") and/or to act as Solicitation, Notice, and Claims Agent under Title III of PROMESA and to provide any other services in connection therewith as agreed upon by the FOMB and Prime Clerk or otherwise required by applicable law, governmental regulations or court rules or orders, including for the avoidance of doubt, providing legal noticing (including consultation services), assistance with the preparation of first day motions and petitions, claims management and reconciliation, solicitation on any plans of adjustment, balloting, disbursements, and preparation of schedules (all such services collectively, the "***Services***").

    (b) The FOMB acknowledges and agrees that Prime Clerk will take direction from the (i) FOMB ~~and the~~, (ii) Commonwealth of Puerto Rico ~~and~~ (the "***Commonwealth***"), (iii) Puerto Rico Sales Tax Financing Corporation, (iv) Puerto Rico Highways and Transportation Authority, and (v) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (collectively, the "***Government***") and each of their representatives, employees, agents and/or professionals (collectively, the "***Debtor Parties***") with respect to providing Services hereunder; *provided, however*, that in the case of a conflict, the direction of the FOMB and its representatives, employees, agents, and professionals shall control.  The parties agree that Prime Clerk may rely upon, and the FOMB agrees to be bound by, any requests, advice or information provided by the Debtor Parties to the same extent as if such requests, advice or information were provided by the FOMB or the Government.

    (c) Prime Clerk agrees (i) to coordinate with any other agents retained by the FOMB with respect to (A) the cases of the Government under Title III of PROMESA, and (B) any other case commenced by an instrumentality of the Commonwealth under Title III or Title VI of PROMESA, (ii) to avoid duplicating Services provided by any such agents with respect to the foregoing, and (iii) the division of any Services in connection with such cases between Prime Clerk and any such agents shall be determined in the discretion of the FOMB and the Government.

    (d) ~~(c)~~ The FOMB agrees and understands that Prime Clerk shall not provide the FOMB or any other party (including the Government) with legal advice.

    (e) ~~(d)~~ While providing services under this Agreement, Prime Clerk shall comply with all applicable laws, rules and regulations, as well as all applicable FOMB policies and rules, including without limitation the FOMB's Vendor Code of Conduct and its disclosure



certification.  A copy of the FOMB's Vendor Code of Conduct and its Vendor Conflict of Interest Disclosure Certification is attached as **Exhibit B** hereto.

2. **Rates, Expenses and Payment**

   (a) Prime Clerk will provide the Services on an as-needed basis and upon request or agreement of the FOMB and the Government, in each case in accordance with the rate structure provided to the FOMB, and incorporated by reference herein (the "**Rate Structure**", which is attached hereto as Exhibit A).  For a case under Title III of PROMESA, payment for the Services provided by Prime Clerk will be pursuant to an order of the presiding Court approving Prime Clerk's retention (the "**Retention Order**"), the terms of which shall be in form and substance reasonably acceptable to the FOMB, the Government, and Prime Clerk. For the avoidance of doubt, the FOMB shall not be liable for any and all fees and expenses incurred or any other amounts whatsoever under this agreement.
   (b) The Rate Structure sets forth individual unit pricing for each of the Services.  The FOMB may request separate Services or all of the Services.

3. **Retention by Court**

If the Government restructures its debts under Title III of PROMESA, the FOMB shall, if applicable, seek authority from the presiding Court to retain Prime Clerk as Solicitation and Claims Agent, subject to section 2 above.

4. **Confidentiality**

   (a) The FOMB and Prime Clerk agree to keep confidential all non-public records, systems, procedures, software and other information received from the other party in connection with the Services provided hereunder; provided, however, that if any such information was publicly available, already in the party's possession or known to it, independently developed, lawfully obtained from a third party or required to be disclosed by law, then a party shall bear no responsibility for publicly disclosing such information.
   (b) If any party reasonably believes that it is required to disclose any confidential information pursuant to an order from a governmental authority, such party shall provide written notice to the other party promptly after receiving such order, to allow the other party sufficient time to seek any remedy available under applicable law to prevent disclosure of the information.

5. **Bank Accounts**

Subject to section 1(b) above, at the request of the FOMB or the Government Parties, Prime Clerk shall be authorized to establish accounts with financial institutions in the name of and as agent for the FOMB or the Government to facilitate distributions pursuant to a restructuring plan or other transaction.  To the extent that certain financial products are provided to the FOMB or the Government pursuant to Prime



Clerk's agreement with financial institutions, Prime Clerk may receive compensation from such institutions for the services Prime Clerk provides pursuant to such agreement.

6. **Term and Termination**

    (a) This Agreement shall remain in effect until terminated by either party: (i) on 30 days' prior written notice to other party; or (ii) immediately upon written notice for Cause (as defined herein).  "**Cause**" means (i) gross negligence or willful misconduct of Prime Clerk that causes material harm to the FOMB's and the Government's restructuring efforts under Title VI or Title III of PROMESA, (ii) subject to the terms of the Retention Order, any applicable provisions of PROMESA, the Bankruptcy Code, and the Bankruptcy Rules, and any other applicable orders of the presiding Court, the failure of Prime Clerk to receive payment for more than 60 days from the date of invoice, (iii) the accrual of invoices or unpaid Services in excess of the advance held by Prime Clerk where Prime Clerk reasonably believes it will not be paid, or (iv) if the Retention Order, whether as proposed or as entered by the presiding Court, is not in form and substance reasonably acceptable to both the FOMB and Prime Clerk.
    (b) If this Agreement is terminated after Prime Clerk is retained pursuant to Court order, the FOMB promptly shall seek entry of a Court order discharging Prime Clerk of its duties under such retention, which order shall be in form and substance reasonably acceptable to Prime Clerk.
    (c) If this Agreement is terminated, Prime Clerk shall coordinate with the FOMB and the Government and, to the extent applicable, any applicable Court, to maintain an orderly transfer of record keeping functions, and Prime Clerk shall provide the necessary staff, services and assistance required for such an orderly transfer.
    (d) Prime Clerk's obligation to maintain the confidentiality of information as set forth in Paragraph 4 shall continue post termination of this Agreement.

7. **No Representations or Warranties**

Prime Clerk makes no representations or warranties, express or implied, including, without limitation, any express or implied warranty of merchantability, fitness or adequacy for a particular purpose or use, quality, productiveness or capacity.

8. **Non-Solicitation**

The FOMB agrees that it shall not directly or indirectly solicit for employment, employ or otherwise retain as employees, consultants or otherwise, any employees of Prime Clerk during the term of this Agreement and for a period of 12 months after termination thereof unless Prime Clerk provides prior written consent to such solicitation or retention.

9. **Force Majeure**

Whenever performance by Prime Clerk of any of its obligations hereunder is materially prevented or impacted by reason of any act of God, government requirement, strike, lock-out or other industrial or transportation disturbance, fire, flood, epidemic, lack of materials, law, regulation or ordinance, act of terrorism, war or war condition, or by reason of any other matter beyond Prime Clerk's reasonable

3



control, then such performance shall be excused, and this Agreement shall be deemed suspended during the continuation of such prevention and for a reasonable time thereafter.

**10. Choice of Law**

The validity, enforceability and performance of this Agreement shall be governed by and construed in accordance with the laws of State of New York.

**11. Arbitration**

Any dispute arising out of or relating to this Agreement or the breach thereof shall be finally resolved by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction.  There shall be three arbitrators named in accordance with such rules.  The arbitration shall be conducted in the English language in New York, New York in accordance with the United States Arbitration Act.

**12. Integration; Severability; Modifications; Assignment**

(a) Each party acknowledges that it has read this Agreement, understands it and agrees to be bound by its terms and further agrees that it is the complete and exclusive statement of the agreement between the parties, which supersedes and merges all prior proposals, understandings, agreements and communications between the parties relating to the subject matter hereof.
(b) If any provision of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall in no way be affected or impaired thereby.
(c) This Agreement may be modified only by a writing duly executed by an authorized representative of the FOMB and an officer of Prime Clerk.
(d) This Agreement and the rights and duties hereunder shall not be assignable by the parties hereto except upon written consent of the other; provided, however, that Prime Clerk may assign this Agreement to a wholly-owned subsidiary or affiliate without the FOMB or the Government's consent.

**13. Effectiveness of Counterparts**

This Agreement may be executed in two or more counterparts, each of which will be deemed an original, but all of which shall constitute one and the same agreement.  This Agreement will become effective when one or more counterparts have been signed by each of the parties and delivered to the other party, which delivery may be made by exchange of copies of the signature page by fax or email.

**14. Notices**

All notices and requests in connection with this Agreement shall be sufficiently given or made if given or made in writing via hand delivery, overnight courier, U.S. Mail (postage prepaid) or email, and addressed as follows:



| | |
|---|---|
| If to Prime Clerk: | Prime Clerk LLC |
| | 830 3rd Avenue, 9th Floor |
| | New York, NY 10022 |
| | Attn: Shai Waisman |
| | Tel: (212) 257-5450 |
| | Email: swaisman@primeclerk.com |
| | |
| If to the FOMB: | Financial Oversight and Management Board for Puerto Rico |
| | 26 Federal Plaza Room 2-128 |
| | New York, NY 10278] |
| | Attn: Jaime El Koury |
| | Tel:  (212) 225-2570 |
| | Email: jelkoury@outlook.com |
| | |
| With a copy to: | Proskauer Rose LLP |
| | Eleven Times Square |
| | New York, NY  10036 |
| | Attn: ~~Scott Rutsky~~Ehud Barak, Esq. |
| | Tel: (212) 969-3983 |
| | Email: ~~srutsky~~ebarak@proskauer.com |

5



IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective as of the date first above written.

**Prime Clerk LLC**

By:
Title:

**Financial Oversight and Management Board for Puerto Rico**

By:
Title:

Case:17-03283-LTS Doc#:298-3 Filed:06/09/17 Entered:06/09/17 22:34:20 Desc: Exhibit B-2 Prime Clerk LLC Redline Engagement Letter Page 6 of 8

6

Document comparison by Workshare Compare on Thursday, June 08, 2017 11:26:34 AM

| Input: | |
|---|---|
| Document 1 ID | file://H:\1 OVERSIGHT PUERTO RICO\Prime Clerk\Prime Clerk Engagement Agreement FOMB (5-3-17) (Final - with date).docx |
| Description | Prime Clerk Engagement Agreement FOMB (5-3-17) (Final - with date) |
| Document 2 ID | H:\1 OVERSIGHT PUERTO RICO\Prime Clerk\Revised Engagement\Prime Clerk - Revised Engagement Letter (HTA and ERS 5-21-17 final).docx |
| Description | H:\1 OVERSIGHT PUERTO RICO\Prime Clerk\Revised Engagement\Prime Clerk - Revised Engagement Letter (HTA and ERS 5-21-17 final).docx |
| Rendering set | Standard |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 11 |
| Deletions | 7 |
| Moved from | 0 |
| Moved to | 0 |

| Style change | 0 |
|---|---|
| Format changed | 0 |
| Total changes | 18 |