**Hearing Date**: June 28, 2017 at 9:30 a.m. (Prevailing Eastern Time)
**Objection Deadline**: June 16, 2017 at 4:00 p.m. (Prevailing Eastern Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

| | |
|---|---|
| In re: | |
| | PROMESA |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Title III |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | (Jointly Administered) |
| Debtors.[1] | |

---------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3566-LTS |
| as representative of | (Joint Administration Requested) |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO ("ERS"), | This Application relates only to ERS and HTA and shall be filed in the lead Case No. 17 BK 3283-LTS, Case No. 17 BK 3566-LTS (ERS) and Case No. 17 BK 3567-LTS (HTA). |
| Debtor.[2] | |

---------------------------------------------------------------x

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474).

[2] The last four (4) digits of ERS's federal tax identification number are 9686.

```
-------------------------------------------------------------x
```
| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3567-LTS |
| as representative of | (Joint Administration Requested) |
| THE PUERTO RICO HIGHWAYS AND<br>TRANSPORTATION AUTHORITY ("HTA"), | This Application relates only to ERS and HTA and shall be filed in the lead Case No. 17 BK 3283-LTS, Case No. 17 BK 3566-LTS (ERS) and Case No. 17 BK 3567-LTS (HTA). |
| Debtor.[3] | |

```
-------------------------------------------------------------x
```

**APPLICATION OF DEBTORS FOR ENTRY OF ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF EPIQ BANKRUPTCY SOLUTIONS, LLC AS SERVICE AGENT, *NUNC PRO TUNC* TO PETITION DATE**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "ERS," and together with the Commonwealth, COFINA, and HTA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[4] respectfully submit this application (the "Application"), pursuant to section 105(a) of title 11 of the United Stated Code (the "Bankruptcy Code"), made applicable to these cases by PROMESA section 301(a), and Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to these cases by PROMESA section 310, for entry of an order, substantially in the form attached hereto as **Exhibit C** (the "Proposed Order"), authorizing the employment and

---

[3] The last four (4) digits of HTA's federal tax identification number are 3808.

[4] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

payment of Epiq Bankruptcy Solutions, LLC ("Epiq") as the official service agent (the "Service Agent") in the HTA/ERS Title III Cases (as defined below), effective *nunc pro tunc* to the HTA/ERS Petition Date (as defined below). The terms of Epiq's employment are set forth in the engagement agreement, dated as of May 21, 2017, between Epiq and the Oversight Board (the "Engagement Agreement").[5] This Application requests issuance of the Proposed Order, authorizing the Debtors to pay Epiq all amounts arising under the Engagement Agreement. If there is any inconsistency between this Application, the Proposed Order, and the Engagement Agreement, the Debtors respectfully request that the Proposed Order govern. In support of this Application, the Debtors submit the *Declaration of Deirdre A. McGuinness* (the "McGuinness Declaration").[6] In support of the Application, the Debtors respectfully represent as follows:

### Jurisdiction and Venue

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2. Venue is proper pursuant to PROMESA section 307(a).

3. The statutory predicates for the relief sought herein are Bankruptcy Code section 105(a) and Bankruptcy Rule 2002, made applicable to these title III cases by PROMESA sections 301(a) and 310, respectively.

### Background

4. On June 30, 2016, the Oversight Board was established under PROMESA section 101(b). On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

---

[5] The Engagement Agreement is attached as **Exhibit A** to this Application and incorporated herein by reference.

[6] The McGuinness Declaration is attached as **Exhibit B** to this Application.

3

5. Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this title is the representative of the debtor[s]" and "may take any action necessary on behalf of the debtor[s] to prosecute the case[s] of the debtor[s], including filing a petition under section 304 of [PROMESA] . . . or otherwise generally submitting filings in relation to the case[s] with the court."

6. On September 30, 2016, the Oversight Board designated the Debtors as covered entities under PROMESA section 101(d).

7. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to section 304(a) of PROMESA, commencing a case under title III thereof (the "Commonwealth's Title III Case").

8. On May 5, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA pursuant to PROMESA section 304(a), commencing a case under title III thereof (together with the Commonwealth's Title III Case, the "Initial Title III Cases").

9. On May 21, 2017 (the "HTA/ERS Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for ERS and HTA pursuant to PROMESA section 304(a), commencing cases under title III thereof (the "HTA/ERS Title III Cases," and collectively with the Initial Title III Cases, the "Title III Cases").

10. On May 26, 2017, Judge Laura Taylor Swain was designated as the presiding judge in the HTA/ERS Title III Cases. *See In re Employees Retirement System of the*

4

*Government of the Commonwealth of Puerto Rico*, Case No. 17-3566 [ECF No. 16]; *In re Puerto Rico Highways and Transportation Authority*, Case No. 17-3567 [ECF No. 7].

11. On June 1, 2017, the Court entered an order granting the joint administration of the Initial Title III Cases, for procedural purposes only [ECF No. 242]. Contemporaneously herewith, the Debtors filed a motion seeking the joint administration of the Initial Title III Cases and the HTA/ERS Title III Cases.

12. Background information regarding the Commonwealth and its instrumentalities, and the commencement of the instant Title III Cases, is contained in the *Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* [ECF No. 1], attached to the Commonwealth's Title III petition.

## Relief Requested

13. By this Application, the Debtors request entry of the Proposed Order, requiring payment of all amounts arising under the Engagement Agreement governing the employment relationship of the Debtors with Epiq as Service Agent in the HTA/ERS Title III Cases effective *nunc pro tunc* to the HTA/ERS Petition Date.

## Basis for Relief

**I. Pertinent Facts**

**A. Epiq**

14. Epiq's senior management is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex cases under the Bankruptcy Code. Epiq's professionals have experience in servicing, noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of bankruptcy cases. The Debtors and their creditors will benefit from Epiq's retention because Epiq has developed efficient and cost-effective methods in this area of expertise, and is fully equipped to

5

handle the volume of mailing involved in properly sending the required notices to creditors in the HTA/ERS Title III Cases. Epiq has substantial experience in bankruptcy cases, and has acted as the official service and notice agent in numerous bankruptcy cases. *See*, *e.g.*, *In re Emas Chiyoda Subsea Limited*, Case No. 17-31146 (MI) (Bankr. S.D. Tex. Mar. 1, 2017); *In re Illinois Power Generating Co.*, Case No. 16-36326 (MI) (Bankr. S.D. Tex. Jan. 25, 2017); *In re Scout Media Inc.*, Case No. 16-13369 (MEW) (Bankr. S.D.N.Y. Dec. 20, 2016); *In re Basic Energy Services, Inc.*, Case No. 16-12320 (KJC) (Bank. D. Del. Oct. 26, 2016); *In re American Gilsonite Company*, Case No. 16-12316 (CSS) (Bankr. D. Del. Oct. 26, 2016); *In re Atlas Res. Partners, LP*, Case No. 16-12149 (SHL) (Bankr. S.D.N.Y. Aug. 8, 2016); *In re Halcon Resources Corporation*, Case No. 16-11724 (BLS) (Bankr. D. Del. July 29, 2016); *In re Warren Resources Inc.*, Case No. 16-32760 (MI) (Bankr. S.D. Tex. June 2, 2016); *In re Dex Media, Inc.*, Case No. 16-11200 (KG) (Bank. D. Del. May 15, 2016); *In re Offshore Group Investment Limited*, Case No. 15-12422 (BLS) (Bankr. D. Del. Dec. 04, 2015); *In re Fresh & Easy, LLC*, Case No. 15-12220 (BLS) (Bank. D. Del. October 30, 2015); *In re Allen Systems Group, Inc.*, Case No. 15-10332 (KJC) (Bankr. D. Del. Feb. 18, 2015); *In re Deb Stores Holding, LLC*, Case No. 14-12676 (KG) (Bankr. D. Del. Dec. 4, 2014); *In re AWI Delaware, Inc.*, Case No. 14-12092 (KJC) (Bankr. D. Del. Sept. 9, 2014); *In re Natrol, Inc.*, Case No. 14-11446 (BLS) (Bankr. D. Del. June 11, 2014); *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS) (Bankr. D. Del, May 2, 2014); *In re F & H Acquisition Corp.*, Case No. 13-13220 (KG) (Bankr. D. Del. Dec. 17, 2013); *In re TPO Hess Holdings, Inc.*, Case No. 13-11327 (KJC) (Bankr. D. Del. May 23, 2013).

15. Appointing Epiq as the Service Agent in the HTA/ERS Title III Cases expedites the process of serving relevant parties with motions, responses, notices, complaints, and other pleadings filed in such cases.

16. Notwithstanding the inapplicability of Bankruptcy Code section 327 to the Title III Cases, as set forth in the McGuinness Declaration, Epiq has represented, among other things, that it does not have any relationship that would preclude it from fulfilling its proposed role in the HTA/ERS Title III Cases and that it will comply with all requests of the office of the Clerk of the Court (the "Clerk").

### B. Services to be Provided

17. As the Service Agent for the HTA/ERS Title III Cases, pursuant to the Engagement Agreement, Epiq will, to the extent requested by the Oversight Board and the Debtors (collectively, the "Services"):

> (a) serve required notices and documents in the HTA/ERS Title III Cases in accordance with PROMESA, the Bankruptcy Code, and the Bankruptcy Rules, as applicable, in the form and manner directed by the Oversight Board, the Debtors, and/or the Court, including, if applicable, serving notice in the HTA/ERS Title III cases of (i) the commencement of such cases, (ii) any claims bar date, (iii) transfers of claims, (iv) objections to claims and objections to transfers of claims, (v) any hearings on a disclosure statement and confirmation of the Debtors' plans of adjustment, including under Bankruptcy Rule 3017(d), (vi) the effective date of any confirmed plan of adjustment, and (vii) all other orders, pleadings, publications, and other documents as the Oversight Board, the Debtors, and/or the Court may deem necessary or appropriate for an orderly administration of the HTA/ERS Title III Cases.
>
> (b) prepare and file or cause to be filed with the Clerk an affidavit or certificate of service for all notices, motions, orders, other pleadings, or documents served within three (3) business days of service that includes (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served.
>
> (c) (i) prepare and maintain a list of all potential creditors and other parties in interest in the HTA/ERS Title III Cases; (ii) to the extent not already maintained by any other agent, maintain a "core" mailing list in the HTA/ERS Title III Cases consisting of all parties in the described in Bankruptcy Rule 2002(i), (j), and (k) and those parties that have filed a notice of appearance under Bankruptcy Rule 9010; and (iii) update and make available the foregoing lists upon request by a party in interest or the Clerk.

(d) identify and correct any incomplete or incorrect addresses in any mailing or service lists.

(e) to the extent not already furnished by another agent, furnish a notice to all potential creditors in the HTA/ERS Title III Cases of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by the Court, and notify said potential creditors of the existence, amount, and classification of their respective claims as set forth in the Debtors' schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors.

(f) monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed in the HTA/ERS Title III Cases and make necessary notations on and/or changes to any service or mailing lists for the HTA/ERS Title III Cases, including to identify and eliminate duplicative names and addresses from such lists.

(g) assist in the dissemination of information to the public and respond to requests for administrative information regarding the HTA/ERS Title III Cases as directed by the Oversight Board, the Debtors, or the Court.

(h) thirty days before the close of the HTA/ERS Title III Cases, to the extent practicable, request that the Oversight Board, on behalf of the Debtors, submit to the Court a proposed order dismissing Epiq as Service Agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of the HTA/ERS Title III Cases.

(i) provide such other services described in the Engagement Agreement as may be requested from time to time by the Debtors, the Oversight Board, the Court, or the Clerk.

18. Epiq has agreed to coordinate with any other agents retained by the Oversight Board in the HTA/ERS Title III Cases regarding the provision of Services to avoid duplication of efforts and ensure efficiencies.

**C.    Professional Compensation**

19. Epiq has agreed to be employed by the Debtors conditioned upon its ability to work under its customary terms and conditions of employment, including the proposed compensation arrangements set forth in the Engagement Agreement (the "Rate Structure"). The

8

Rate Structure is consistent with, and typical of, arrangements entered into by Epiq and other noticing and service agents of comparable expertise and experience for engagements of similar size and complexity. In addition, the Debtors have agreed to pay Epiq a retainer of $25,000 (the "Retainer") that may be held by Epiq as security for the Debtors' payment obligations under the Engagement Agreement. Upon the Court's issuance of the Proposed Order, Epiq shall be entitled to hold the Retainer until the termination of the Engagement Agreement. Following termination of the Engagement Agreement, Epiq agrees to return to the Debtors any amount of the Retainer that remains following application of the Retainer to the payment of unpaid invoices.

20. The Debtors respectfully request that the undisputed fees and expenses incurred by Epiq in the performance of the above services be treated as administrative expenses pursuant to Bankruptcy Code section 503(b)(1)(A), made applicable by PROMESA section 301(a), and be paid in the ordinary course of business pursuant to the Engagement Agreement without further application to or order of the Court. Epiq agrees to maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and to serve monthly invoices, on the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), the Oversight Board, counsel for AAFAF, counsel for the Oversight Board, counsel for any statutory committee monitoring the expenses of the Debtors, and any party in interest who specifically requests service of the monthly invoices. If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter from the Court.

**D.      Indemnification Provisions**

21. As proposed in the Proposed Order, the Debtors will indemnify and hold harmless Epiq, its members, directors, officers, employees, representatives, affiliates, consultants,

9

subcontractors, and agents (collectively with Epiq, the "<u>Indemnified Parties</u>") under certain circumstances specified in the Engagement Agreement; <u>provided</u> the Debtors will have no obligation to indemnify the Indemnified Parties, or provide contribution or reimbursement to the Indemnified Parties, for any losses, claims, damages, judgments, liabilities, and expenses resulting solely from Epiq's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement or any order authorizing the employment of Epiq. Furthermore, Epiq and the Debtors shall notify each other in writing promptly upon the assertion, threat, or commencement of any claim, action, investigation, or proceeding that either party becomes aware of with respect to the services rendered under the Engagement Agreement. The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary to employ a Service Agent in the HTA/ERS Title III Cases.

## II. **Legal Basis for the Relief Requested**

### A. **Employment of Epiq as Service Agent is Permitted**

22. Significantly, Bankruptcy Code section 363, governing the use of property, does not apply to Title III cases. Pursuant to section 105(a) of the Bankruptcy Code, made applicable to the Title III Cases by PROMESA section 301(a), and Bankruptcy Rule 2002, made applicable to these cases by PROMESA section 310, the Oversight Board, on behalf of the Debtors, is permitted to employ Epiq as Service Agent to assume full responsibility for service of motions, responses, notices, complaints, and other pleadings in the HTA/ERS Title III Cases.

23. Bankruptcy Rule 2002, which governs the notices that must be provided to creditors and other parties in interest in bankruptcy cases, authorizes the Court to direct that some person other than the Clerk provide notice of matters arising in the HTA/ERS Title III Cases. *See*, *e.g.*, Fed. R. Bankr. P. 2002(a), (b), (d), (f) (requiring in each case that notices be given by "the clerk, *or some other person as the court may direct*") (emphasis added).

24. Section 105(a) of the Bankruptcy Code provides, in relevant part that:

> The court may issue any order, process, or judgment that is ***necessary or appropriate*** to carry out the provisions of this title. No provision of this title providing for the raising of an issue by any party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a) (emphasis added).

25. The Debtors anticipate that the Title III Cases will require tens of thousands of people and entities to be noticed, many of which are expected to be unique to the HTA/ERS Title III Cases. In view of that large number and the unique identities of parties in interest in the HTA/ERS Title III Cases, the Debtors submit that the employment of the Service Agent is in the best interests of the Debtors and their creditors. Relieved of the burdens associated with the Services and maintaining service and mailing lists across multiple dockets, the Debtors will be able to devote their full attention and resources to facilitating the orderly administration of all Title III Cases, including the HTA/ERS Title III Cases. Moreover, other agents retained by the Oversight Board will be able to focus their efforts on providing their specific services and will be alleviated of the burden of maintaining significantly different service and mailing lists across multiple debtors in the Title III Cases. Indeed, servicing in such complex cases is labor-intense, and additional servicing capabilities will increase efficiencies and permit agents to work collaboratively to provide services to the Debtors, benefiting them, their creditors, and other parties in interest.

26. Prior to the selection of Epiq as Service Agent in the HTA/ERS Title III Cases, the Oversight Board and the Debtors reviewed and compared engagement proposals from other industry-leading service agents to ensure a competitive process. The Debtors submit that, based on the engagement proposals obtained and reviewed, Epiq's rates are competitive and reasonable

11

given the quality of services and expertise Epiq provides. The Debtors are requesting authority to pay all amounts arising under the Engagement Agreement. If there is any inconsistency between the Engagement Agreement, the Application, and the Proposed Order, the Proposed Order governs.

**B.** *Nunc Pro Tunc* **Relief is Appropriate**

27. In accordance with the Debtors' request, Epiq has agreed to serve as Service Agent on and after the HTA/ERS Petition Date with assurances that the Debtors would seek approval of their employment, effective *nunc pro tunc* to the HTA/ERS Petition Date, so that Epiq can be compensated for services rendered before approval of this Application. The Debtors believe that no party in interest will be prejudiced by the granting of the *nunc pro tunc* employment, as proposed in this Application, because Epiq has provided and continues to provide valuable services to the Debtors in the interim period. Bankruptcy Courts routinely approve *nunc pro tunc* employment similar to that requested herein in large, complex bankruptcy cases.[7]

28. Accordingly, the Debtors respectfully request entry of the Proposed Order authorizing and requiring the Debtors to pay Epiq as Service Agent, effective *nunc pro tunc* to the HTA/ERS Petition Date, all amounts arising under the Engagement Agreement.

## Notice

29. The Debtors have provided notice of this Application to: (a) the Office of the

---

[7] *See, e.g.*, *In re La Paloma Generating Co., LLC*, No. 16-12700 (CSS) (Bankr. D. Del. Jan. 13, 2017) (approving *nunc pro tunc* employment of the claims and noticing agent to perform claims and noticing services); *In re Magnum Hunter Resources Corporation*, No. 15-12533 (Bankr. D. Del. Dec. 16, 2015) (same); *In re The Wet Seal, Inc., et al.*, Case No. 15-10081 (CSS) (Bankr. D. Del. Jan. 20, 2015) (D.I. 93); *In re Endeavour Operating Corporation, et al.*, Case No. 14-12308 (KJC) (Bankr. D. Del. Nov. 6, 2014) (D.I. 152); *In re AmCad Holdings, LLC, et al.*, Case No. 14-12168 (MFW) (Bankr. D. Del. Sept. 23, 2014) (D.I. 29).

United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims; (d) the Office of the United States Attorney for the District of Puerto Rico; (e) counsel to AAFAF; (f) the Puerto Rico Department of Justice; (g) the Other Interested Parties;[8] and (h) all parties filing a notice of appearance in the Title III Cases. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## Reservation of Rights

30. The Debtors file this Motion without prejudice to or waiver of their rights pursuant to PROMESA section 305,[9] and do not by this Motion provide any consent otherwise required by section 305.

## No Prior Request

31. No prior request for the relief sought in this Application has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

---

[8] The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

[9] PROMESA section 305 provides: "Subject to the limitations set forth in titles I and II of this Act, notwithstanding any provision in this title to the contrary, unless the Oversight Board consents or the plan so provides, the court may not, by any stay, order, or decree, in the case or otherwise, interfere with — (1) any of the political or governmental powers of the debtor; (2) any of the property or revenues of the debtor; or (3) the use or enjoyment by the debtor of any income-producing property."

13

WHEREFORE the Debtors respectfully request entry of the Proposed Order, attached hereto as **Exhibit C**, and such other and further relief as is just.

Dated: June 9, 2017　　　　　　　　　　　　Respectfully submitted,
　　　　San Juan, Puerto Rico

　　　　　　　　　　　　　　　　　　　　　　*/s/* Martin J. Bienenstock

　　　　　　　　　　　　　　　　　　　　　　Martin J. Bienenstock
　　　　　　　　　　　　　　　　　　　　　　Paul V. Possinger
　　　　　　　　　　　　　　　　　　　　　　Ehud Barak
　　　　　　　　　　　　　　　　　　　　　　Maja Zerjal
　　　　　　　　　　　　　　　　　　　　　　(Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　　　　**PROSKAUER ROSE LLP**
　　　　　　　　　　　　　　　　　　　　　　Eleven Times Square
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10036
　　　　　　　　　　　　　　　　　　　　　　Tel: (212) 969-3000
　　　　　　　　　　　　　　　　　　　　　　Fax: (212) 969-2900

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for the Financial*
　　　　　　　　　　　　　　　　　　　　　　*Oversight and Management Board*
　　　　　　　　　　　　　　　　　　　　　　*as representative for the Debtors*

　　　　　　　　　　　　　　　　　　　　　　*/s/* Hermann D. Bauer

　　　　　　　　　　　　　　　　　　　　　　Hermann D. Bauer
　　　　　　　　　　　　　　　　　　　　　　**O'NEILL & BORGES LLC**
　　　　　　　　　　　　　　　　　　　　　　250 Muñoz Rivera Ave., Suite 800
　　　　　　　　　　　　　　　　　　　　　　San Juan, PR 00918-1813
　　　　　　　　　　　　　　　　　　　　　　Tel: (787) 764-8181
　　　　　　　　　　　　　　　　　　　　　　Fax: (787) 753-8944

　　　　　　　　　　　　　　　　　　　　　　*Co-Attorneys for the Financial*
　　　　　　　　　　　　　　　　　　　　　　*Oversight and Management Board*
　　　　　　　　　　　　　　　　　　　　　　*as Representative for the Debtors*