**Exhibit B**

**McGuinness Declaration**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE EMPLOYEES RETIREMENT
SYSTEM OF THE GOVERNMENT OF THE
COMMONWEALTH OF PUERTO RICO ("ERS"),

    Debtor.[2]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

PROMESA
Title III

No. 17 BK 3566-LTS

(Joint Administration Requested)

This Declaration relates only to ERS and HTA and shall be filed in the lead Case No. 17 BK 3283-LTS, Case No. 17 BK 3566-LTS (ERS) and Case No. 17 BK 3567-LTS (HTA).

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474).

[2] The last four (4) digits of ERS's federal tax identification number are 9686.

```
-------------------------------------------------------x
```
| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3567-LTS |
| as representative of | (Joint Administration Requested) |
| THE PUERTO RICO HIGHWAYS AND<br>TRANSPORTATION AUTHORITY ("HTA"), | This Declaration relates only to ERS and HTA and shall be filed in the lead Case No. 17 BK 3283-LTS, Case No. 17 BK 3566-LTS (ERS) and Case No. 17 BK 3567-LTS (HTA). |
| Debtor.[3] | |

```
-------------------------------------------------------x
```

**DECLARATION OF DEIRDRE A. MCGUINNESS IN SUPPORT OF APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND PAYMENT OF EPIQ BANKRUPTCY SOLUTIONS, LLC AS SERVICE AGENT, *NUNC PRO TUNC* TO THE PETITION DATE**

I, Deirdre A. McGuinness, under penalty of perjury, declare as follows:

1. I am a Managing Director with Epiq Bankruptcy Solutions, LLC ("Epiq"), and I am authorized to make and submit this declaration on behalf of Epiq. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2. This Declaration is made in support of the *Application of the Debtors for Entry of an Order Authorizing the Employment and Payment of Epiq Bankruptcy Solutions, LLC as Service Agent,* Nunc Pro Tunc *to the Petition Date* (the "Application").[4]

3. Epiq is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex cases under the Bankruptcy Code. Epiq's professionals have experience in noticing, claims administration, solicitation, balloting,

---

[3] The last four (4) digits of HTA's federal tax identification number are 3808.

[4] Capitalized terms used but not otherwise defined herein shall have the meanings used in the Application.

2

and facilitating other administrative aspects of bankruptcy cases. The Debtors and their creditors will benefit from Epiq's retention because Epiq has developed efficient and cost-effective methods in this area of expertise, and is fully equipped to handle the volume of mailing involved in properly sending the required notices to creditors in the HTA/ERS Title III Cases. Epiq has substantial experience in bankruptcy cases, and has acted as the official notice agent in numerous bankruptcy cases. *See*, *e.g.*, *In re Emas Chiyoda Subsea Limited*, Case No. 17-31146 (MI) (Bankr. S.D. Tex. Mar. 1, 2017); *In re Illinois Power Generating Co.*, Case No. 16-36326 (MI) (Bankr. S.D. Tex. Jan. 25, 2017); *In re Scout Media Inc.*, Case No. 16-13369 (MEW) (Bankr. S.D.N.Y. Dec. 20, 2016); *In re Basic Energy Services, Inc.*, Case No. 16-12320 (KJC) (Bank. D. Del. Oct. 26, 2016); *In re American Gilsonite Company*, Case No. 16-12316 (CSS) (Bankr. D. Del. Oct. 26, 2016); *In re Atlas Res. Partners, LP*, Case No. 16-12149 (SHL) (Bankr. S.D.N.Y. Aug. 8, 2016); *In re Halcon Resources Corporation*, Case No. 16-11724 (BLS) (Bankr. D. Del. July 29, 2016); *In re Warren Resources Inc.*, Case No. 16-32760 (MI) (Bankr. S.D. Tex. June 2, 2016); *In re Dex Media, Inc.*, Case No. 16-11200 (KG) (Bank. D. Del. May 15, 2016); *In re Offshore Group Investment Limited*, Case No. 15-12422 (BLS) (Bankr. D. Del. Dec. 04, 2015); *In re Fresh & Easy, LLC*, Case No. 15-12220 (BLS) (Bank. D. Del. October 30, 2015); *In re Allen Systems Group, Inc.*, Case No. 15-10332 (KJC) (Bankr. D. Del. Feb. 18, 2015); *In re Deb Stores Holding, LLC*, Case No. 14-12676 (KG) (Bankr. D. Del. Dec. 4, 2014); *In re AWI Delaware, Inc.*, Case No. 14-12092 (KJC) (Bankr. D. Del. Sept. 9, 2014); *In re Natrol, Inc.*, Case No. 14-11446 (BLS) (Bankr. D. Del. June 11, 2014); *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS) (Bankr. D. Del, May 2, 2014); *In re F & H Acquisition Corp.*, Case No. 13-13220 (KG) (Bankr. D. Del. Dec. 17, 2013); *In re TPO Hess Holdings, Inc.*, Case No. 13-11327 (KJC) (Bankr. D. Del. May 23, 2013).

4. As the Service Agent in the HTA/ERS Title III Cases, Epiq will perform, at the request of the Debtors and the Oversight Board, the services specified in the Application. In performing such services, Epiq will charge the Debtors the rates set forth in the Engagement Agreement, which is attached as **Exhibit A** to the Application.

5. Epiq represents, among other things, the following:

   (a) Epiq will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Service Agent in the HTA/ERS Title III Cases;

   (b) By accepting employment in the HTA/ERS Title III Cases, Epiq waives any rights to receive compensation from the United States government in connection with the HTA/ERS Title III Cases;

   (c) In its capacity as the Service Agent in the HTA/ERS Title III Cases, Epiq will not be an agent of the United States and will not act on behalf of the United States;

   (d) Epiq will not employ any past or present employees of the Debtors in connection with its work as the Service Agent in the HTA/ERS Title III Cases;

   (e) In its capacity as Service Agent in the HTA/ERS Title III Cases, Epiq will not intentionally misrepresent any fact to any person;

   (f) Epiq will comply with all requests of the Clerk's office and all orders of the Court;

   (g) None of the services provided by Epiq as Service Agent in the HTA/ERS Title III Cases shall be at the expense of the Clerk's office; and

   (h) If any new facts or relationships are discovered, Epiq will supplement its disclosure to the Court.

6. The Debtors have many creditors, and accordingly, Epiq may have rendered and may continue to render services to certain of these creditors in matters unrelated to the HTA/ERS Title III Cases, either as vendors or in cases where Epiq serves in a neutral capacity as a bankruptcy solicitation, claims, and/or noticing agent. Epiq has not and will not represent the separate interests of any such creditor in the HTA/ERS Title III Cases. Epiq has working

4

relationships with certain of the professionals employed by the Debtors and other parties herein, but such relationships are unrelated to the HTA/ERS Title III Cases. In addition, Epiq personnel may have relationships with some of the Debtors' creditors. Such relationships are, however, wholly unrelated to the HTA/ERS Title III Cases. Epiq has and will continue to represent clients in matters unrelated to the HTA/ERS Title III Cases and has had and will continue to have relationships in connection with matters unrelated to the HTA/ERS Title III Cases.

7. From time to time, Epiq partners or employees personally invest in mutual funds, retirement funds, private equity funds, venture capital funds, hedge funds, and other types of investment funds (the "Investment Funds"), through which such individuals indirectly acquire a debt or equity security of many companies, often without Epiq's or its personnel's knowledge. Each Epiq partner or employee generally owns substantially less than one percent of such Investment Fund, does not manage or otherwise control such Investment Fund, and has no influence over the Investment Fund's decision to buy, sell, or vote any particular security. The Investment Fund is generally operated as a blind pool, meaning that when the Epiq partners or employees make an investment in the Investment Fund, he, she, or they do not know what securities the blind pool Investment Fund will purchase or sell, and have no control over such purchases or sales.

8. From time to time, Epiq partners or employees may personally directly acquire a debt or equity security of a company that may be involved in the HTA/ERS Title III Cases. Epiq has a policy prohibiting its partners and employees from using confidential information that may come to their attention in the course of their work. In this regard, all Epiq partners and

5

employees are barred from trading in securities with respect to matters in which Epiq is employed.

9. To the best of my knowledge and except as disclosed herein, Epiq neither holds nor represents any interest materially adverse to the Debtors in connection with any matter on which it would be employed.

10. While providing the services under the Proposed Order, Epiq will comply with all applicable laws, rules, and regulations, as well as all applicable Oversight Board policies and rules, including without limitation the Oversight Board's Vendor Code of Conduct and Vendor Conflict of Interest Disclosure Certification, attached as an exhibit to the Engagement Agreement.

[*Remainder of Page Intentionally Left Blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on June 9, 2017

                                              Epiq Bankruptcy Solutions, LLC

                                              */s/ Deirdre A. McGuinness*
                                              Deirdre A. McGuinness
                                              Managing Director
                                              Epiq Bankruptcy Solutions, LLC