**Hearing Date**: June 28, 2017 at 9:30 a.m. (Prevailing Eastern Time)
**Objection Deadline**: June 16, 2017 at 4:00 p.m. (Prevailing Eastern Time)

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | (Jointly Administered) |
| Debtors.[1] | |

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3566-LTS |
| as representative of | (Joint Administration Requested) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | |
| Debtor | |

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | No. BK 3567-LTS |
| as representative of | (Joint Administration Requested) |
| THE COMMONWEALTH OF PUERTO RICO, *et* | |

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

*al.*

                        Debtor.

------------------------------------------------------------x

**MOTION OF DEBTORS PURSUANT TO PROMESA SECTION 301(A) AND
BANKRUPTCY CODE SECTIONS 105(A), 362(A), 365, AND 922 FOR ENTRY OF
ORDER CONFIRMING (I) APPLICATION OF THE AUTOMATIC STAY TO
GOVERNMENT OFFICERS, AGENTS, AND REPRESENTATIVES (II) STAY OF
PREPETITION LAWSUITS AND ACTIONS AGAINST INHABITANTS OF PUERTO
<u>RICO (III) APPLICATION OF CONTRACT PROTECTIONS</u>**

## TABLE OF CONTENTS

Page

JURISDICTION AND VENUE ................................................................................................. 2

BACKGROUND ....................................................................................................................... 2

RELIEF REQUESTED .............................................................................................................. 4

BASIS FOR RELIEF ................................................................................................................. 4

The Title III Stay ...................................................................................................................... 4

The Contract Protections under Bankruptcy Code Section 365 .............................................. 7

Basis for Requesting Confirmation of the Application and Scope of the Title III Stay and
Contract Protections ................................................................................................................ 9

    A.    Request to Confirm Application of the Title III Stay to Government Officers, Agents,
and Representatives ................................................................................................................. 10

    B.    Request to Confirm the Application of Stay to Third Party Discovery ...................... 12

    C.    Request to Stay the Prepetition Lawsuits and Actions Against Inhabitants Pending
Further Order of the Court ...................................................................................................... 14

    D.    Request to Confirm the Application and Enforcement of the Contract Protections .. 14

NOTICE ................................................................................................................................... 15

RESERVATION OF RIGHTS ................................................................................................. 15

NO PRIOR REQUEST ............................................................................................................ 15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Almatis B.V.*, No. 10-12308 (Bankr. S.D.N.Y. May 17, 2010) ............................................ 10

*In re Carrigg*, 216 B.R. 303 (B.A.P. 1st Cir. 1998) ...................................................................... 7

*In re Chappo*, 257 B.R 852 (E.D. Mich. 2001) ............................................................................ 8

*In re China Fishery Group Limited (Cayman)*, No. 16-11895 (Bankr. S.D.N.Y. July, 14, 2016) 10

*In re City of Detroit, Michigan*, No. 13-53846 (Bankr. E.D. Mich. July 25, 2013) .................... 10

*In re City of Stockton*, 484 B.R. 372 (Bankr. E.D. Cal. 2012) ................................................ 7, 13

*In re Crocker*, 362 B.R. 49 (B.A.P. 1st Cir. 2007) ......................................................................... 6

*In re El Paso Refinery, L.P.*, 196 B.R. 58 (Bankr. W.D. Tex. 1996) ............................................. 8

*In re FBI Distribution Corp.*, 330 F.3d 36 (1st Cir. 2003) ............................................................ 8

*In re Mathson Indus., Inc.*, 423 B.R. 643 (E.D. Mich. 2010) ........................................................ 6

*In re Monarch Capital Corp.*, 163 B.R. 899 (Bankr. D. Mass. 1994) ............................................ 8

*In re MortgageAmerica Corp.*, 714 F.2d 1266 (5th Cir. 1983) ...................................................... 6

*In re New York City Off-Track Betting Corp.*, No. 09-17121 (Bankr. S.D.N.Y. Dec. 9, 2009) ... 10

*In re Pittsburgh-Canfield Corp.*, 283 B.R. 231 (Bankr. N.D. Ohio 2002) ..................................... 9

*In re PLVTZ, Inc.*, No. 07-13532 (Bankr. S.D.N.Y. Nov. 9, 2007) .............................................. 10

*In re Rimsat, Ltd.*, 98 F.3d 956 (7th Cir. 1996) ............................................................................. 8

*In re Simon*, 153 F.3d 991 (9th Cir. 1998) ..................................................................................... 8

*NLRB v. Bildisco & Bildisco*, 465 U.S. 513 (1984) ...................................................................... 8

*Sharp v. Dery*, 253 B.R. 204 (E.D. Mich. 2000) ........................................................................... 8

*Unisys Corp. v. Dataware Prod., Inc.*, 848 F.2d 311 (1st Cir. 1988) ........................................... 6

**Statutes**

11 U.S.C. § 105(a) ........................................................................................................................... 7

11 U.S.C. § 362(a) ........................................................................................................................... 5

11 U.S.C. § 362(a)(3) ..................................................................................................................... 14

11 U.S.C. § 362(a)(6) ..................................................................................................................... 14

11 U.S.C. § 365(e)(1) ....................................................................................................................... 7

11 U.S.C. § 922(a) ...................................................................................................................... 6, 10

48 U.S.C. § 2104(11) ..................................................................................................................... 12

48 U.S.C. § 2194(i)(1) ............................................................................................ 12

**Other Authorities**

H.R. Rep. No. 95-595 (1977)................................................................................. 13

S. Rep. No. 95-989 (1978)...................................................................................... 6

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, as Title III debtors (the "ERS," and together with the Commonwealth, COFINA, and HTA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] respectfully submit this motion (the "Motion"), pursuant to sections 105(a), 362(a), 365, and 922 of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these cases pursuant to PROMESA section 301(a), for entry of an order, substantially in the form attached hereto as **Exhibit B** (the "Proposed Order"), (a) confirming the application and enforcement of the automatic stay provisions of Bankruptcy Code sections 362 and 922, as made applicable to these cases pursuant to PROMESA section 301(a) (collectively, the "Title III Stay") with respect to Government Officials, Agents, and Representatives (as defined below), (b) confirming the stay of the Prepetition Lawsuits and Actions Against Inhabitants (each as defined below) pending further order of the Court, and (c) confirming the application and enforcement of the anti-termination and anti-modification provisions of Bankruptcy Code section 365, as made applicable to these cases pursuant to PROMESA section 301(a) (collectively, the "Contract Protections"). In support of this Motion, the Debtors respectfully represent as follows:

---

[1]   PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

## JURISDICTION AND VENUE

1.      The United States District Court for the District of Puerto Rico (the "Court") has jurisdiction over this matter pursuant to PROMESA section 306(a).

2.      Venue is proper pursuant to PROMESA section 307(a).

3.      The statutory bases for the relief requested herein are Bankruptcy Code sections 105(a), 362(a), 365, and 922, each made applicable to these title III cases by PROMESA section 301(a).

## BACKGROUND

4.      On June 30, 2016, the Oversight Board was established for the Commonwealth under PROMESA section 101(b)(1). On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

5.      Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this title is the representative of the debtor[s]" and "may take any action necessary on behalf of the debtor[s] to prosecute the case[s] of the debtor[s], including filing a petition under section 304 of [PROMESA] . . . or otherwise generally submitting filings in relation to the case[s] with the court."

6.      On September 30, 2016, the Oversight Board designated the Debtors as covered entities under PROMESA section 101(d).

7.      On May 3, 2017 the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under title III thereof (the "Commonwealth's Title III Case").

8.      On May 5, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA pursuant to PROMESA section 304(a), commencing a case under title III thereof ("COFINA's Title III Case").

9.      On May 21, 2017, the Oversight Board issued restructuring certifications pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for ERS and HTA pursuant to PROMESA section 304(a), commencing cases under title III thereof (the "Additional Title III Cases," and, collectively with the Commonwealth's Title III Case, COFINA's Title III Case, and any subsequent case under Title III of PROMESA commenced by a covered territorial instrumentality under PROMESA, the "Title III Cases").

10.      On May 5, 2017, Chief Justice of the United States John Roberts designated United States District Judge Laura Taylor Swain to serve as the presiding judge in Commonwealth's Title III Case.  By order dated June 1, 2017, Judge Swain directed that the Commonwealth's Title III Case and the COFINA Title III's Case would be jointly administered for procedural purposes only [ECF No. 242].  By two orders dated May 26, 2017, Chief Judge John Howard of the United States Court of Appeals for the First Circuit designated Judge Swain, as a United States District Judge for the Southern District of New York assigned for service in the United States District Court for the District of Puerto Rico, to serve as the presiding judge in the Additional Title III Cases.  *See In re Employees Retirement System of the Government of the Commonwealth of Puerto Rico*, Case No. 17-3566  [Docket No. 16];  *In re Puerto Rico Highways and Transportation Authority*, Case No. 17-3567  [Docket No. 7].

11.      Background information regarding the Commonwealth and its instrumentalities, and the commencement of the Title III Cases, is contained in the *Notice of Statement of*

3

*Oversight Board in Connection with PROMESA Title III Petition* [ECF No. 1], attached to the Commonwealth's title III petition.

12.     During the period preceding the commencement of the Title III Cases, before and after the enactment of PROMESA, several lawsuits (collectively, the "Prepetition Lawsuits," as listed (non-exhaustively) in the attached **Exhibit A**) were filed against the Debtors and various other entities, challenging certain measures taken by those entities, including their validity under PROMESA. The entities sued in these actions include, among others, the Governor, the Secretary of Treasury, the Secretary of Justice, the Director of Office of Management and Budget, and executive directors or presidents of other instrumentalities. Moreover, after the commencement of the Title III Cases, there have been numerous suits and proceedings in the Title III case and in other courts filed by creditors and others pertaining to the Debtors' restructuring efforts under PROMESA (collectively, "Actions Against Inhabitants").

## RELIEF REQUESTED

13.     By this Motion, the Debtors, out of an abundance of caution, request entry of an order: (a) confirming the application and enforcement of the Title III Stay to Government Officers, Agents, and Representatives (as defined below), (b) staying the Prepetition Lawsuits pending further order of the Court, and (c) confirming the application and enforcement of the Contract Protections.

## BASIS FOR RELIEF

### The Title III Stay

14.     Upon commencement of a title III case, Bankruptcy Code section 362, made applicable by PROMESA section 301(a), provides for a stay of certain actions by non-debtor third parties. Subject to certain enumerated exceptions, section 362 provides as follows:

"[A] petition filed . . . operates as a stay, applicable to all entities, of –

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title."

11 U.S.C. § 362(a); *see also* PROMESA section 301(a) (Bankruptcy Code section 362 applies in

a title III case under PROMESA).

15.     As the term "automatic stay" implies, the injunction contained in Bankruptcy

Code section 362 is self-executing.   This automatic statutory injunction constitutes a

fundamental debtor protection that—in combination with other provisions of the Bankruptcy

Code and PROMESA—provides a "breathing spell" essential to (a) the preservation of the

debtor's property and (b) the debtor's ability to administer its case and restructuring efforts

without undue distraction or interference.  *See*, *e.g.*, *Unisys Corp. v. Dataware Prod., Inc.*, 848

F.2d 311, 313 (1st Cir. 1988) ("[T]he automatic stay gives the debtor a 'breathing spell from his

creditors' and forestalls a 'race of diligence by creditors for the debtor's assets.'") (quoting *In re*

*MortgageAmerica Corp.*, 714 F.2d 1266 (5th Cir. 1983)); *In re Crocker*, 362 B.R. 49 (B.A.P. 1st

Cir. 2007) ("[O]ne of the fundamental purposes of the automatic stay is to give the debtor 'a

breathing spell from his creditors' and 'to be relieved of the financial pressures that drove him

into bankruptcy.'"); *In re Mathson Indus., Inc.*, 423 B.R. 643, 647 (E.D. Mich. 2010) ("[The

automatic stay] gives the debtor a breathing spell from his creditors [and] . . . permits the debtor

to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures

that drove him into bankruptcy.") (quoting S. Rep. No. 95-989, at 49, 54-55 (1978), *reprinted in*

1978 U.S.C.C.A.N. 5787, 5835, 5840-41).

16.    The automatic stay is supplemented by Bankruptcy Code section 922(a), also

made applicable by PROMESA section 301(a), which provides as follows:

> "A petition filed . . . operates as a stay, in addition to the stay
> provided by section 362 of [the Bankruptcy Code], applicable to
> all entities, of –
>
> (1) the commencement or continuation, including the issuance or
> employment of process, of a judicial, administrative, or other
> action or proceeding against an officer or inhabitant of the debtor
> that seeks to enforce a claim against the debtor; and
>
> (2) the enforcement of a lien on or arising out of taxes or
> assessments owed to the debtor."

11 U.S.C. § 922(a); *see also* PROMESA section 301(a) (Bankruptcy Code section 922 applies in

a title III case under PROMESA).  In a title III case, therefore, Bankruptcy Code section 922

extends the self-executing provisions of Bankruptcy Code section 362 to, among other things,

actions against officers and inhabitants of the debtor to enforce claims against the debtor.  *See In re City of Stockton*, 484 B.R. 372, 375-76 (Bankr. E.D. Cal. 2012) ("[T]he additional automatic stay of [section] 922(a), rather than the [section] 362 automatic stay, directly protects municipal officers in chapter 9 cases without the need for a court to perform the mental gymnastics required to extend the [section] 362 automatic stay.").

17.     Moreover, Bankruptcy Code section 105 (which applies to these cases) authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a); *see also* PROMESA section 301(d) (references to "this title" under the Bankruptcy Code are deemed to be references to title III of PROMESA).

*The Contract Protections under Bankruptcy Code Section 365*

18.     Bankruptcy Code section 365 is also made applicable in a title III case pursuant to PROMESA section 301(a).  Among other things, Bankruptcy Code section 365 prohibits all counterparties to executory contracts or unexpired leases with a debtor from modifying or terminating any such contract or lease, or any right or obligation under any such contract or lease, at any time after the commencement of the case, "solely because of a provision in such contract or lease that is conditioned on (a) the insolvency or financial condition of the debtor at any time before the closing of the case, [or] (b) the commencement of a case[, among other things.]"  11 U.S.C. § 365(e)(1).

19.     The Contract Protections in Bankruptcy Code section 365 are also self-executing and work hand-in-hand with the Title III Stay to protect a debtor's valuable property interests. To that end, the Title III Stay and Contract Protections extend to protect the Debtors' property and the contracts wherever located and by whomever held.  *See*, *e.g.*, *In re Carrigg*, 216 B.R. 303, 304–05 (B.A.P. 1st Cir. 1998) ("[A] violation of the automatic stay . . . occurs when a creditor continues to hold property of the estate post-petition, even where the initial pre-petition

retention was lawful."); *In re Rimsat, Ltd.*, 98 F.3d 956, 961 (7th Cir. 1996) (a court's *in rem* jurisdiction over property of the estate permits injunctions against foreign proceedings pursuant to the automatic stay); *In re Simon*, 153 F.3d 991, 996 (9th Cir. 1998) (a court may protect estate property wherever located by issuing a discharge injunction under Bankruptcy Code section 524). "Congress intended 'property of the estate' to encompass all interests of a debtor, including a debtor's contract right to future, contingent property." *In re Chappo*, 257 B.R 852, 853 (E.D. Mich. 2001) (quoting *Sharp v. Dery*, 253 B.R. 204, 206 (E.D. Mich. 2000)).

20.     Consistent with the foregoing, absent court approval, any actions by third parties to modify or terminate contracts or enforce their terms against the Debtors are prohibited as an interference with property of the Debtors.  *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 532 (1984) (while a debtor may enforce the terms of a contract against a creditor, such creditor is "precluded from . . . enforcing the contract terms" of an executory contract prior to assumption by the debtor); *see also In re FBI Distribution Corp.*, 330 F.3d 36, 43 (1st Cir. 2003) ("Although during the Chapter 11 proceeding a prepetition executory contract remains in effect and enforceable against the nondebtor party to the contract, the contract is unenforceable against the debtor in possession unless and until the contract is assumed.") (citing *Bildisco*, 465 U.S. at 532) (emphasis in original).

21.     Thus, the non-debtor counterparty to an executory contract or unexpired lease must continue to perform until such contract or lease is assumed or rejected.  *In re Monarch Capital Corp.*, 163 B.R. 899, 907 (Bankr. D. Mass. 1994) ("[I]n not paying [a prepetition debt] the estate was not in default, so the [t]rustee had the right to require continued performance on the part of [the non-debtor] even prior to assumption"); *In re El Paso Refinery, L.P.*, 196 B.R. 58, 72 (Bankr. W.D. Tex. 1996) ("[T]he [Bankruptcy] Code places an independent duty on the

non-debtor to continue the performance of an executory contract until it is assumed or rejected . . . Whether the debtor performs or not, the non-debtor must perform until assumption or rejection."); *see also In re Pittsburgh-Canfield Corp.*, 283 B.R. 231, 238 (Bankr. N.D. Ohio 2002) ("Until an executory contract has been rejected, generally a non-debtor must continue to perform . . . It follows that the non-debtor party cannot unilaterally elect to cease performance on an executory contract prior to its assumption or rejection.") (quotation marks and citation omitted).

### *Basis for Requesting Confirmation of the Application and Scope of the Title III Stay and Contract Protections*

22.     Notwithstanding the self-executing and global nature of the Title III Stay and Contract Protections, not all parties affected or potentially affected by the commencement of the Title III Cases are aware of these provisions of the Bankruptcy Code and PROMESA.  Even parties that generally are aware of the automatic stay and Contract Protections of the Bankruptcy Code may not appreciate their full significance or impact or how these provisions apply in PROMESA.  Notably, PROMESA is a recent act of Congress, and these are the first cases ever commenced under title III of PROMESA.  Even creditors, contract counterparties, and other stakeholders with experience in cases under title 11 may have little familiarity with PROMESA and how (or if) the Title III Stay and Contract Protections apply in a title III case under PROMESA.

23.     Therefore, for the Debtors and the Oversight Board (as their representative) to obtain the full benefit of the "breathing spell" afforded by the Title III Stay, the Debtors believe it is necessary and appropriate to advise third parties of the existence and effect of the Title III Stay and Contract Protections through a separate Court order.  Such an order can be transmitted to affected parties to demonstrate the existence of the Title III Stay and Contract Protections and

their applicability in the Title III Cases.  The Debtors submit that such an order will promote prompt compliance with the Title III Stay and Contract Protections, maximize the protections afforded by these provisions, and minimize the need for future court intervention to address these issues.

24.     For similar reasons, it is not uncommon at the outset of a bankruptcy case for a court to issue an order embodying and restating the provisions of Bankruptcy Code sections 362, 365, and, in a case under chapter 9 of the Bankruptcy Code, section 922.  *See, e.g.*, *In re City of Detroit, Michigan*, No. 13-53846 (Bankr. E.D. Mich. July 25, 2013) (order confirming the existence and effect of the Stay and Contract Protections in a chapter 9 case); *In re New York City Off-Track Betting Corp.*, No. 09-17121 (Bankr. S.D.N.Y. Dec. 9, 2009) (same); *In re China Fishery Group Limited (Cayman)*, No. 16-11895 (Bankr. S.D.N.Y. July, 14, 2016) (same with respect to applicable provisions under chapter 11); *In re Almatis B.V.*, No. 10-12308 (Bankr. S.D.N.Y. May 17, 2010) (same); *In re PLVTZ, Inc.*, No. 07-13532 (Bankr. S.D.N.Y. Nov. 9, 2007) (same).

## A. Request to Confirm Application of the Title III Stay to Government Officers, Agents, and Representatives

25.     By this motion, the Debtors request that the Court expressly confirm the application and enforcement of the Title III Stay to any action or proceeding against an officer of the Debtors that seeks to enforce a claim against the Debtors, in whatever capacity the applicable officer is serving.  For example, officers may serve other roles on behalf of, or at the request of, the Debtors beyond the specific duties of their officer position.  Bankruptcy Code section 922, made applicable to this case pursuant to PROMESA section 301(a), is clear that the Title III Stay applies to actions and proceedings against officers of the Debtors, without regard to the capacity in which the officer is serving.  See 11 U.S.C. § 922(a) (providing in part that "[a] petition filed .

. . operates as a stay . . . of . . . the commencement or continuation . . . of a judicial, administrative or other action or proceeding against an officer . . . of the debtor[.]").

26.     The Debtors further request that the Court recognize application of the Title III Stay to actions or proceedings against governmental officials (including, without limitation, the Governor), agents, and representatives carrying out functions of the Debtors and any of their instrumentalities (collectively, the "Government Officers, Agents, and Representatives"), whereby parties pursuing such actions seek to enforce claims against any of the Debtors, interfere with any of the Debtors' activities in these Title III Cases, or otherwise deny any of the Debtors the protections of the Title III Stay. While the Debtors believe the Governor, the Secretary of Treasury, the Director of the Office of Management and Budget, and other persons serving or assisting in the governmental branches of the Debtors are protected by the Title III Stay as either officers or inhabitants of the Debtors, the Debtors seek the express application of the Title III Stay to such entities out of abundance of caution.

27.     All Government Officers, Agents, and Representatives are closely connected to the Debtors and the Oversight Board.  Given the Debtors' dire financial condition, the magnitude of these Title III Cases, and the important interests at stake, the Oversight Board and Debtors have been—and continue to be—concerned that parties in interest may attempt to influence or exercise control over the Debtors through indirect means (where direct action might otherwise be prohibited by the Title III Stay), as they have already attempted through the Prepetition Lawsuits and the subpoena and request for discovery of the Governor and other government officials in their personal capacities.

28.     Notably, Congress has already recognized an identity of interest between the Debtors' and their officials for stay purposes when it provided that the stay imposed under

PROMESA section 405(b)—which closely tracked the language of Bankruptcy Code section 362(a) and expired on May 1, 2017—applied to the "Government of Puerto Rico," including "the Commonwealth of Puerto Rico . . . [,] all its territorial instrumentalities" and their respective "elected and appointed officials, directors, officers of and employees acting in their official capacity on behalf of the Government of Puerto Rico." 48 U.S.C. §§ 2104(11), 2194(i)(1).

29.     Accordingly, the Debtors very reasonably believe that—absent the relief requested pertaining to the Title III Stay—parties in interest will continue attempting to exert direct or indirect pressure on the Debtors by commencing or continuing actions or proceedings against or serving discovery requests on one or more Government Officers, Agents, and Representatives in forums other than this Court for the sole and inappropriate purpose of attempting to improve their bargaining positions with respect to their claims and otherwise denying the Debtors the appropriate protections of PROMESA.

**B.  Request to Confirm the Application of Stay to Third Party Discovery**

30.     In an effort to circumvent the protections of applicable law, creditors may (and in fact have) seek to issue and serve third party discovery against the Governor of Puerto Rico and other individuals in their "personal capacity" in connection with creditor efforts to enforce rights. Section 922(a) stays "the issuance or employment of process" against officers or inhabitants of the debtor.  Section 922(a) protects officers and inhabitants from being subjected to third party discovery in actions and proceedings brought by creditors to enforce claims against the debtor in the Title III case.  Accordingly, the Debtors respectfully request an order confirming that creditor efforts to issue or serve third party discovery against the Governor and other individuals in their "personal capacity" in actions to enforce their rights against the debtor are stayed.

31.     In the alternative, the Debtors request an order extending the stay to prevent creditors from pursuing third party discovery against the Governor and other individuals in their "personal capacity" in connection with creditor efforts to enforce their rights.  In the event that third party discovery requests against officers and inhabitants of the Debtors are not stayed by section 922(a), such requests are contrary to the spirit and intention of that section.

32.     Section 922(a) was intended ensure the debtor receives the benefit of the breathing spell afforded by section 362(a).  *See* H.R. Rep. No. 95-595, at 398 (1977) ("The automatic stay provided under section 362 of title 11 is incomplete for a municipality, because there is the possibility of action by a creditor against an officer or inhabitant of the municipality . . . .").  To this end section 922(a) prevents creditors from circumventing the stay under section 362(a) by simply reframing their collection actions against the debtor as actions against officers and inhabitants of the debtor.  *See In re Stockton*, 484 B.R. at 378.  In extending the protection of the stay to officers of the debtor, section 922(a) recognizes that the debtor's officers are essential to the restructuring effort and must be free from distraction and harassment in order to ensure that they can focus their efforts on the task at hand. *See id.* (denying a motion to lift the stay to allow a creditor to pursue a civil action against the debtor's City Manager and Deputy City Manager because doing so "necessarily would consume the time and attention of those two officers during the period in which there is intense focus on the basic substantive issue in this chapter 9. . . . It is apparent to the Court their undivided time and attention will continue to be required at least for a number of months.").

33.     Recognizing the essential role of the Governor and other officers in these Title III cases, it is appropriate to require creditors to seek relief from this Court before issuing or serving discovery against the Governor or other individuals in their "personal capacity."    Accordingly,

the Debtors request an order confirming, or, in the alternative, extending the stay of sections 362(a) and 922(a) to any attempts by creditors or others to issue and serve third party discovery against the Governor and other individuals in their "personal capacity" in connection with creditor efforts to enforce rights

### C. Request to Stay the Prepetition Lawsuits and Actions Against Inhabitants Pending Further Order of the Court

34.    The Debtors note that the Prepetition Lawsuits and any other similar lawsuit directly violate the Title III Stay to the extent that any of the relief sought therein seeks, directly or indirectly, to enforce the plaintiffs' claims against any of the Debtors or to exercise control over any of the Debtors' property, including their powers and rights under PROMESA. See 11 U.S.C. § 362(a)(3), (6).  Moreover, the Debtors assert that any Actions Against Inhabitants including the service of third-party discovery requests, which constitute the employment of process, and actions to collect a debt against any of the Debtors (including, without limitation, the collection of interpleader funds) are stayed with respect to all officers or inhabitants of Puerto Rico under Bankruptcy Code section 922.  Accordingly, the Debtors respectfully request that the Court's order confirm the automatic stay applies to the Prepetition Lawsuits and Actions Against Inhabitants, pending further order of the Court.

### D. Request to Confirm the Application and Enforcement of the Contract Protections

35.    As set forth in paragraphs 17-20, absent an order confirming the applicability of Contract Protections, contract counterparties unaware of, or, in disregard of, the Contract Protections, may stop performing under the applicable contracts, or take actions to modify or terminate contracts or enforce their terms against the Debtors. Therefore, the Debtors

respectfully request that the Court's order confirm the existence and effect of the Contract Protections.

## NOTICE

36.    The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against each Debtor; (d) the Office of the United States Attorney for the District of Puerto Rico; (e) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority; (f) the Puerto Rico Department of Justice; (g); the Other Interested Parties;[2] and (h) all parties filing a notice of appearance in the Title III Cases.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

37.    The Debtors file this Motion without prejudice to or waiver of their rights pursuant to PROMESA section 305,[3] and do not by this Motion provide any consent otherwise required by section 305.

## NO PRIOR REQUEST

38.    No prior request for the relief sought in this Motion has been made to this or any other court.

---

[2]    The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors and (ii) counsel to certain any ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

[3]    PROMESA section 305 provides: "Subject to the limitations set forth in titles I and II of this Act, notwithstanding any power of the court, unless the Oversight Board consents or the plan so provides, the court may not, by any stay, order, or decree, in the case or otherwise, interfere with—    (1)  any of the political or governmental powers of the debtor; (2) any of the property or revenues of the debtor; or    (3) the use or enjoyment by the debtor of any income-producing property."

WHEREFORE the Debtors respectfully request the Court to enter the Proposed Order, (a) granting the Motion, (b) confirming the application and enforcement of the Title III Stay to Government Officers, Agents, and Representatives, (c) confirming the stay of the Prepetition Lawsuits pending further order of the Court, (d) confirming the application and enforcement of the Contract Protections, and (e) granting the Debtors such other relief as is just and proper.

Dated: June 9, 2017
    San Juan, Puerto Rico

Respectfully submitted,

/s/ Martin J. Bienenstock

Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Maja Zerjal
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial*
*Oversight and Management Board*
*as representative for the Debtors*

/s/ Hermann D. Bauer

Hermann D. Bauer
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial*
*Oversight and Management Board*
*as Representative for the Debtors*

## Exhibit A

### Prepetition Lawsuits

Prepetition Lawsuits commenced before the enactment of PROMESA attacking certain executive orders issued by the Governor include:

1. *Assured Guaranty Corp., et al, v. Garcia-Padilla, et al.*, No. 16-01037-FAB (D.P.R. Jan. 7, 2016)

2. *Financial Guaranty Insurance Company v. Garcia-Padilla, et al.*, No. 16-01095-FAB (D.P.R. Jan. 19, 2016)

3. *National Public Finance Guarantee Corp. v. Garcia Padilla, et al.*, No. 16-02101-FAB (D.P.R. June 15, 2016)

4. *Jacana Holdings I LLC et al v. Commonwealth of Puerto Rico*, No. 16-04702-GHW (S.D.N.Y. June 21, 2016)

5. *Trigo, et al., v. Garcia-Padilla, et al.*, No. 16-02257-FAB (D.P.R. June 30, 2016)

Prepetition Lawsuits challenging the validity of certain measures under PROMESA include:

1. *Peaje Inv. LLC v. Garcia-Padilla, et al.*, No. 16-02365-FAB (D.P.R. July 18, 2016)

2. *Lex Claims et al v. Garcia Padilla,* No. 16-02374-FAB (D.P.R. July 20, 2016)

3. *Assured Guaranty Corp. v. Puerto Rico and its Highways and Transportation Authority*, No. 16-02384-FAB (D.P.R. July 21, 2016)

4. *U.S. Bank Trust, N.A. v. Garcia Padilla, et al.*, No. 16-02510-FAB (D.P.R. Aug. 19, 2016)

5. *Voya Inst'l Tr. Co. v. Univ. of Puerto Rico*, No. 16-2519-FAB (D.P.R. Aug. 22, 2016)

6. *Altair Global Credit Opportunities Fund (A), LLC v. Garcia-Padilla, et al.*, No. 16-02696-FAB (D.P.R. Sep. 21, 2016)

7. *Scotiabank de Puerto Rico v. Garcia-Padilla, et al.*, No. 16-02736-FAB (D.P.R. Sep. 28, 2016)

8. *Longo En-Tech Puerto Rico, Inc. v. The United States Environmental Protection Agency, et al.*, No. 16-03151-DRD (D.P.R. Dec. 15, 2016)

9. *Servidores Públicos Unidos, et al. v. Financial Oversight and Management Board, et al.*, No. 17-01483-FAB (D.P.R. Apr. 12, 2017)

10. *Rodríguez-Perelló v. Rosselló-Nevares*, No. 17-1566 (D.P.R. May 1, 2017)

11. *Ambac Assurance Corp. v. Commonwealth of Puerto Rico*, No. 17-1567 (D.P.R. May 1, 2017)

12. *Ambac Assurance Corp. v. Commonwealth of Puerto Rico*, No. 17-1568 (D.P.R. May 2, 2017)

13. *Aurelius Investment, LLC v. Commonwealth of Puerto Rico*, No. 652357/2017 (N.Y. Sup. Ct. May 2, 2017)

14. *Hon. Rossana Lopez Leon v. Hon. Ricardo Rossello-Nevares*, No. 3:17-cv-01642 (D.P.R.)

In addition to the Prepetition Lawsuits, an action was filed on the Petition Date against the Oversight Board, the Commonwealth, and certain of the Commonwealth's instrumentalities and officers:

1. *Assured Guar. Corp. v. Commonwealth of Puerto Rico*, No. 17-1584 (D.P.R. May 3, 2017)

## **Exhibit B**

**Proposed Order**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

           Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**ORDER PURSUANT TO PROMESA SECTION 301(A) AND BANKRUPTCY
CODE SECTIONS 105(A), 362(A), 365, AND 922 CONFIRMING (I) APPLICATION
OF THE AUTOMATIC STAY TO GOVERNMENT OFFICERS, AGENTS, AND
REPRESENTATIVES, (II) STAY OF PREPETITION LAWSUITS, AND
(III) APPLICATION OF CONTRACT PROTECTIONS**

Upon the *Motion of Debtors Pursuant to PROMESA Section 301(a) and Bankruptcy
Code Sections 105(a), 362(a), 365, and 922 for Entry of Order Confirming (I) Application of the
Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition
Lawsuits, and (III) Application of Contract Protections* (the "Motion");[2] and the Court having
found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a);
and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and
the Court having found that the relief requested in the Motion is in the best interests of the

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective bankruptcy case number and
the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i)
Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal
Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No.
17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and
Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of
Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the
Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits
of Federal Tax ID: 9686).

[2]    Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      Pursuant to Bankruptcy Code section 362, made applicable by PROMESA section 301(a), all persons (including individuals, partnerships, corporations, limited liability companies, and all those acting for or on the behalf of the foregoing), all foreign or domestic governmental units, and all other entities (and those acting for or on their behalf) are hereby stayed, restrained, and enjoined from:

(a) commencing or continuing any judicial, administrative, or other action or proceeding against the Debtors, including the issuance or employment of process, that was or could have been commenced before the Title III Cases were commenced;

(b) taking any action to enforce a judgment obtained before the commencement of the Title III Cases against the Debtors or property of the Debtors.

(c) taking any action to obtain possession of property of or from the Debtors or exercise control over property of the Debtors;

(d) taking any action to create, perfect, or enforce any lien against property of the Debtors, to the extent that such lien secures a claim that arose before the commencement of the Title III Cases;

(e) taking any action to collect, assess, or recover a claim against the Debtors that arose before the commencement of the Title III Cases; and

(f) offsetting any debt owing to the Debtors that arose before the commencement of the Title III Cases against any claim against the Debtors.

3. All entities, including all persons and foreign and domestic governmental units, and all those acting on their behalf, including sheriffs, marshals, constables, and other or similar law enforcement officers and officials are stayed, restrained, and enjoined from, in any way, seizing, attaching, foreclosing upon, levying against, or interfering with any and all property of the Debtors, wherever located.

4. Pursuant to Bankruptcy Code section 922(a), made applicable by PROMESA section 301(a), all persons (including individuals, partnerships, corporations, limited liability companies, and all those acting for or on the behalf of the foregoing), all foreign or domestic governmental units, and all other entities (and those acting for or on their behalf) are hereby stayed, restrained, and enjoined from:

> (a) commencing or continuing any judicial, administrative, or other proceeding against an officer or inhabitant of the Commonwealth, including the issuance or employment of process, that seeks to enforce a claim against the Commonwealth; and

> (b) enforcing a lien on or arising out of taxes or assessments owed to the Commonwealth.

5. For the avoidance of doubt, the protections of Bankruptcy Code section 922(a)(1) with respect to officers and inhabitants of the Debtors, as set forth in paragraph 4(a) above, apply in all respects to the Debtors' officers, in whatever capacity each may serve.

6. For the further avoidance of doubt, pursuant to Bankruptcy Code sections 105(a) and 922(a)(1), made applicable by PROMESA section 301(a), the Title III Stay applies in all respects to Government Officers, Agents, and Representatives.

7. For the further avoidance of doubt, each of the Prepetition Lawsuits and any Actions Against Inhabitants are hereby stayed, pursuant to Bankruptcy Code sections 105(a), 362(a), and 922, pending further order of the Court.

8.      Pursuant to Bankruptcy Code section 365, made applicable by PROMESA section 301(a), all persons (including individuals, partnerships, corporations, limited liability companies, and all those acting for or on the behalf of the foregoing), all foreign or domestic governmental units, and all other entities (and those acting for or on their behalf) are hereby prohibited from modifying or terminating any executory contract or unexpired lease, or any right or obligation under any such contract or lease, at any time after the commencement of the Title III Cases, solely because of a provision in such contract or lease that is conditioned on:

      (a) the insolvency or financial condition of the Debtors at any time before the closing of the Title III Cases; or

      (b) the commencement of the Title III Cases.

9.      Pursuant to Bankruptcy Code sections 362 and 365, all parties to an executory contract or unexpired lease with the Debtors shall continue to perform their obligations under such contract or lease until such contract or lease is assumed or rejected by the applicable Debtor or otherwise expires by its own terms.

10.      Notwithstanding the applicability of any Bankruptcy Rule, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

11.      The Debtors and the Oversight Board, as the Debtors' representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this order in accordance with the Motion.

12.      The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement, or interpretation of this order.

Dated: _____, 2017
     San Juan, Puerto Rico

_____
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE