**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | PROMESA |
| THE FINANCIAL OVERSIGHT AND | ) | Title III |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) | |
| | ) | |
| as representative of | ) | No. 17 BK 3283-LTS |
| | ) | |
| THE COMMONWEALTH OF PUERTO RICO, | ) | |
| | ) | |
| Debtor. | ) | |
| In re: | ) | |
| | ) | PROMESA |
| THE FINANCIAL OVERSIGHT AND | ) | Title III |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) | |
| | ) | |
| as representative of | ) | No. 17 BK 3567-LTS |
| | ) | |
| PUERTO RICO HIGHWAYS & | ) | |
| TRANSPORTATION AUTHORITY, | ) | |
| | ) | |
| Debtor. | ) | |
| PEAJE INVESTMENTS LLC, | ) | |
| | ) | Adv. Proc. No. 17-151-LTS |
| Plaintiff, | ) | in 17 BK 3567-LTS |
| | ) | |
| -against- | ) | Adv. Proc. No. 17-152-LTS |
| | ) | in 17 BK 3283-LTS |
| PUERTO RICO HIGHWAYS & | ) | |
| TRANSPORTATION AUTHORITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**INFORMATIVE / URGENT MOTION OF PEAJE INVESTMENTS
LLC REGARDING SCHEDULING OF DISCOVERY AND
BRIEFING IN ADVANCE OF AUGUST 8, 2017 HEARING**

Plaintiff Peaje Investments LLC ("Plaintiff"), by and through its undersigned attorneys, respectfully submits this Informative / Urgent Motion concerning the Court's bench ruling at the hearing held on June 5, 2017 (the "June 5 Hearing") in the above-captioned adversary proceedings and the Court's June 7, 2017 order implementing that ruling (*see* [Dkt. No. 47] in

Adv. Proc. No. 17-151-LTS) (the "Order"). The Court's Order set a hearing on Plaintiff's pending preliminary injunction and stay relief requests for August 8, 2017 at 9:30 a.m. (ET) in San Juan, Puerto Rico (the "August 8 Hearing"). The Order also directed the parties to submit a proposed discovery and briefing schedule "consistent with the principles discussed on the record at the [June 5th] Hearing." The parties have engaged in multiple rounds of discussions in an attempt to arrive at a mutually agreeable schedule, but have been unable to come to a final agreement. Both parties intend to submit their own proposed schedules to the Court. Throughout their discussions, both sides have made clear that there was no agreement on any particular deadline unless there was an agreement on an overall schedule. Nevertheless, Plaintiff's proposal below makes significant concessions beyond what it originally asked of Defendants, in an attempt to arrive at a schedule that is fair to both sides, workable, and consistent with the Court's directions at the June 5 Hearing. Plaintiff respectfully proposes as follows:

- Plaintiff shall serve any written discovery requests by June 12, 2017 and Defendants shall serve any written discovery requests by June 16, 2017.

- The parties shall serve responses and objections to discovery requests by June 23, 2017.

- Plaintiff shall file any fact witness direct testimony affidavits in support of its case-in-chief by June 23, 2017. Such affidavits shall be limited to factual averments already made in the Verified Complaint.

- Defendants shall provide a list of their witnesses which identifies the subject area of each witness' testimony by June 30, 2017.

- The parties shall make document productions on a rolling basis. Fact discovery productions shall be completed by July 7, 2017. Plaintiff shall produce any expert-related documents by June 19, 2017 and Defendants shall produce such documents by July 7, 2017.

- Defendants shall complete any depositions of Plaintiff's witnesses during June 26-30, 2017 and/or July 5-7, 2017.

2

- Defendants shall file their opposition brief and any fact and expert witness direct testimony affidavits by July 7, 2017.

- Plaintiff shall complete any depositions of Defendants' witnesses during July 14-26, 2017.

- Plaintiff shall file their reply brief and any rebuttal fact witness or rebuttal/supplemental expert witness direct testimony affidavits by July 28, 2017.

- The parties shall exchange and submit to the Court exhibit lists and marked exhibits by August 1, 2017. The parties shall deliver two hard copy sets of the exhibits to Judge Swain's chambers in San Juan and an additional two hard copy sets to Judge Swain's chambers in New York.

- Defendants shall complete any depositions of any new expert or rebuttal fact witnesses during July 31, 2017 and August 4, 2017.

The biggest sticking point between the parties concerns the deadline for Defendants to submit their opposition brief and supporting fact and expert witness affidavits. Plaintiff proposes a deadline of July 7, 2017, which would give Defendants more than five weeks to respond to Plaintiff's papers. In contrast, Defendants have taken the position that they should get six weeks, until July 14, 2017, to respond. Defendants' position would leave Plaintiff with only two weeks to try to cram in all of the work necessary to prepare a reply to Defendants' factual and legal arguments, including (1) analyzing Defendants' fact and witness testimony; (2) preparing rebuttal expert affidavits; (3) preparing rebuttal fact witness affidavits; (4) deposing all of Defendants' witnesses; and (5) writing a reply brief.

Defendants' proposal is one-sided and unfair to Plaintiff. The Oversight Board and AAFAF have been aware of Plaintiff's factual allegations regarding its request for stay relief, particularly Plaintiff's arguments regarding its lack of adequate protection, for nearly a year (since Plaintiff first sought relief from the interim PROMESA stay, giving rise to litigation in the District Court and the First Circuit). In addition, Defendants have been aware of Plaintiff's factual allegations regarding its request for a preliminary injunction since at least early May of

3

this year (when it first filed its request in the District Court). In contrast, Plaintiff has not yet seen Defendant's factual allegations or legal arguments with respect to defenses or objections Defendants may raise, and Defendants have been steadfastly unwilling to disclose their arguments to Plaintiff in advance of filing their response. Nor does Plaintiff have any idea how many witnesses Defendants plan to call. Under the circumstances, Defendants' attempt to give themselves over three quarters of the available time before the hearing and leave Plaintiff with only two weeks for rebuttal affidavits, discovery, and briefing is unfair.

Defendants have also taken the position that Plaintiff should be precluded from presenting rebuttal affidavits from *any* fact witnesses. Given that the Court has directed the parties should submit direct testimony in the form of affidavits, Defendants' proposal is unworkable. Under their proposal, Defendants would be free to raise affirmative defenses based on factual matters falling outside of the Verified Complaint and Plaintiff would be powerless to contest any of those facts because it could neither submit a rebuttal affidavit nor call a witness live at the hearing. There is no justification for such an uneven playing field. Plaintiff should have the right to admit rebuttal affidavits, subject to Defendants' right to argue it is not proper rebuttal.

In addition, Defendants have refused to agree to a streamlining proposal that Plaintiff has made. Because Plaintiff's Verified Complaint covers subject matter areas and claims for relief beyond the more limited subject matter areas and claims for relief that are the focus of the August 8 Hearing, Plaintiff has proposed to extract the relevant information from the Verified Complaint in the form of a more succinct affidavit that does not alter the substance of the allegations and will submit this affidavit by June 23, 2017. Because the Court has made clear its preference that direct testimony proceed by written affidavit, Plaintiff believes that its proposal is

4

warranted and will help streamline the hearing. Moreover, this procedure will address any potential evidentiary objections that Defendants may try to raise to allegations in the Verified Complaint. Defendants have offered no valid reason to contest this proposal.

In short, by waiting until the last minute to disclose the factual and legal basis for their position, and then refusing to agree to a process whereby Plaintiff may fairly address relevant factual contentions, Defendants are attempting to deny Plaintiff a fair opportunity to present its case.

WHEREFORE, Plaintiff respectfully requests that the Court (x) enter an order, substantially in the form annexed hereto as Exhibit A, implementing Plaintiff's proposed discovery and briefing schedule, and (y) grant such further relief to Plaintiff as the Court deems just and proper.

*[Remainder of page intentionally left blank.]*

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 12th day of June, 2017.

| | |
|---|---|
| **MONSERRATE SIMONET & GIERBOLINI, LLC** | **DECHERT LLP** |
| | _/s/ Allan S. Brilliant_____ |
| Dora L. Monserrate Peñagarícano | Allan S. Brilliant* |
| USDC-PR No. 212612 | Robert J. Jossen* |
| 101 San Patricio Avenue | Andrew C. Harmeyer* |
| Maramar Plaza, Suite 1120 | 1095 Avenue of the Americas |
| Guaynabo, Puerto Rico 00968 | New York, New York 10036 |
| Phone: (787) 620-5300 | |
| Fax: (787) 620-5305 | -and- |
| | G. Eric Brunstad, Jr.* |
| | 90 State House Square |
| | Hartford, Connecticut 06103 |
| | -and- |
| | Stuart T. Steinberg* |
| | Cira Centre |
| | 2929 Arch Street |
| | Philadelphia, Pennsylvania 19104 |

*Attorneys for Peaje Investments LLC*

\* Admitted *pro hac vice* in Nos. 17 BK 3283-LTS and 17 BK 3567-LTS.

## **CERTIFICATION**

The undersigned certifies that Plaintiff made a bona fide and good faith effort to resolve the matter without a hearing. Nonetheless, the undersigned anticipates that Defendants will oppose Plaintiff's Informative / Urgent Motion.

                                                               _/s/ *Allan S. Brilliant*_____
                                                               By: Allan S. Brilliant
                                                                (admitted *pro hac vice*)

# **EXHIBIT A**

**(Proposed Scheduling Order)**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | PROMESA |
| THE FINANCIAL OVERSIGHT AND | ) | Title III |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) | |
| | ) | |
| as representative of | ) | No. 17 BK 3283-LTS |
| | ) | |
| THE COMMONWEALTH OF PUERTO RICO, | ) | |
| | ) | |
| Debtor. | ) | |
| In re: | ) | |
| | ) | PROMESA |
| THE FINANCIAL OVERSIGHT AND | ) | Title III |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) | |
| | ) | |
| as representative of | ) | No. 17 BK 3567-LTS |
| | ) | |
| PUERTO RICO HIGHWAYS & | ) | |
| TRANSPORTATION AUTHORITY, | ) | |
| | ) | |
| Debtor. | ) | |
| PEAJE INVESTMENTS LLC, | ) | |
| | ) | Adv. Proc. No. 17-151-LTS |
| Plaintiff, | ) | in 17 BK 3567-LTS |
| | ) | |
| -against- | ) | Adv. Proc. No. 17-152-LTS |
| | ) | in 17 BK 3283-LTS |
| PUERTO RICO HIGHWAYS & | ) | |
| TRANSPORTATION AUTHORITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] ORDER SCHEDULING BRIEFING AND DISCOVERY ON
PLAINTIFF'S PRELIMINARY INJUNCTION AND STAY RELIEF REQUESTS**

Upon consideration of Plaintiff Peaje Investments LLC's ("Plaintiff") Informative / Urgent Motion (the "Motion") to schedule briefing and discovery on Plaintiff's pending preliminary injunction and stay relief requests; and it appearing that the Court has jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1332, Article III, Section 2 of the U.S. Constitution, 48 U.S.C. § 2166, and 28 U.S.C. § 1367; and upon consideration of the record of the June 5, 2017 hearing before the Court; and it appearing that notice of the Motion was adequate and proper under the circumstances and that no further or other notice need be given; it is hereby **ORDERED** that Motion is granted. It is further **ORDERED** that:

- Plaintiff shall serve any written discovery requests by June 12, 2017 and Defendants shall serve any written discovery requests by June 16, 2017.

- The parties shall serve responses and objections to discovery requests by June 23, 2017.

- Plaintiff shall file any fact witness direct testimony affidavits in support of its case-in-chief by June 23, 2017. Such affidavits shall be limited to factual averments already made in the Verified Complaint.

- Defendants shall provide a list of their witnesses which identifies the subject area of each witness' testimony by June 30, 2017.

- The parties shall make document productions on a rolling basis. Fact discovery productions shall be completed by July 7, 2017. Plaintiff shall produce any expert-related documents by June 19, 2017 and Defendants shall produce such documents by July 7, 2017.

- Defendants shall complete any depositions of Plaintiff's witnesses during June 26-30, 2017 and/or July 5-7, 2017.

- Defendants shall file their opposition brief and any fact and expert witness direct testimony affidavits by July 7, 2017.

- Plaintiff shall complete any depositions of Defendants' witnesses during July 14-26, 2017.

- Plaintiff shall file their reply brief and any rebuttal fact witness or rebuttal/supplemental expert witness direct testimony affidavits by July 28, 2017.

- The parties shall exchange and submit to the Court exhibit lists and marked exhibits by August 1, 2017. The parties shall deliver two hard copy sets of the exhibits to Judge Swain's chambers in San Juan and an additional two hard copy sets to Judge Swain's chambers in New York.

- Defendants shall complete any depositions of any new expert or rebuttal fact witnesses during July 31, 2017 and August 4, 2017.

Dated: _____, 2017

SO ORDERED:

_____
The Honorable Laura Taylor Swain
United States District Judge