# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO HIGHWAYS & TRANSPORTATION AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |
| ASSURED GUARANTY CORP., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Defendants. | Adv. Proc. No. 17-156-LTS in 17 BK 3567-LTS<br><br>Adv. Proc. No. 17-155-LTS in 17 BK 3283-LTS |
| PEAJE INVESTMENTS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>PUERTO RICO HIGHWAYS & TRANSPORTATION AUTHORITY, *et al.*,<br><br>    Defendants. | Adv. Proc. No. 17-151-LTS in 17 BK 3567-LTS<br><br>Adv. Proc. No. 17-152-LTS in 17 BK 3283-LTS |

**URGENT MOTION BY ASSURED, FGIC, AND NATIONAL IN SUPPORT OF A
<u>PARALLEL BRIEFING AND DISCOVERY SCHEDULE</u>**

**TO THE HONORABLE COURT:**

Pursuant to this Court's June 7, 2017 order (Dkt. 47) in the adversary proceeding captioned *Peaje Investments LLC v. Puerto Rico Highways & Transportation Authority, et al.*, Adv. Proc. Nos. 17-151, 17-152 (the "Peaje Action"), and the Court's instruction at the June 5, 2017 hearing, *see* 6/5 Hr'g Tr. 57:8-15, urging coordination of the litigation of any common issues raised in the Peaje Action and the adversary proceeding captioned *Assured Guaranty Corp, et al. v. Commonwealth of Puerto Rico, et al.*, Adv. Proc. Nos. 17-155, 17-156 (the "Insurer Action"), plaintiffs in the Insurer Action ("Plaintiffs")[1] submit this urgent motion in support of a parallel briefing, argument, and discovery schedule in the two proceedings.

Plaintiffs respectfully request leave to move for partial summary judgment on an expedited basis on their First Claim seeking a declaration by the Court that certain pledged revenues are "special revenues" subject to Sections 922(d) and 928(a) of the Bankruptcy Code. Because the legal issues presented in Plaintiffs' partial summary judgment motion will overlap substantially with legal issues raised in Peaje's motion for a preliminary injunction, the two motions should be briefed and argued in parallel.

**I.    BACKGROUND**

   **A.    Brief Overview of Insurer Action**

Plaintiffs are providers of financial guaranty insurance that insure bonds issued by Defendant the Puerto Rico Highways and Transportation Authority ("PRHTA"). PRHTA's bonds (the "PRHTA Bonds") are secured by a gross lien on revenues derived from PRHTA's toll facilities and certain excise tax revenues (the "Pledged Special Revenues"). Together, Plaintiffs

---

[1] Plaintiffs are Assured Guaranty Corp. ("AGC"), Assured Guaranty Municipal Corp. (f/k/a Financial Security Assurance Inc.) ("AGM" and, together with AGC, "Assured"), Financial Guaranty Insurance Company ("FGIC"), and National Public Finance Guarantee Corporation ("National").

insure over $2.6 billion of PRHTA Bonds currently outstanding. In their Adversary Complaint, Plaintiffs allege that, since at least November 2015, Defendants the Commonwealth of Puerto Rico (the "Commonwealth") and PRHTA have unlawfully taken the Pledged Special Revenues and diverted them from payment of the PRHTA Bonds to other, unauthorized uses. To stop this illegal taking and diversion, Plaintiffs seek enforcement of the special revenue protections of the Bankruptcy Code (11 U.S.C. §§ 902, 922(d), 928(a)) incorporated into Title III proceedings under PROMESA, *see* 48 U.S.C. § 2161. These protections ensure that post-petition Pledged Special Revenues remain subject to applicable liens and provide that the filing of a Title III petition does not operate as a stay against the application of Pledged Special Revenues to the repayment of debt. Plaintiffs request declaratory relief (First Claim for Relief) and injunctive relief (Second and Third Claims for Relief).

### B. Brief Overview of Peaje Action

Peaje Investments LLC ("Peaje") allegedly owns $65 million of uninsured PRHTA Bonds. Like Plaintiffs, Peaje alleges that the Commonwealth and PRHTA have unlawfully taken and diverted revenues pledged to PRHTA bondholders. Further, Peaje alleges that its bonds are secured by a gross lien on pledged toll revenues. Among other relief, Peaje's complaint seeks a declaration that the pledged toll revenues are special revenues under Section 922(d) of the Bankruptcy Code and that Section 922(d) requires the continued application of toll revenues to repayment of Peaje's bonds. Peaje has also moved for a preliminary injunction requiring PRHTA to turn over the pledged toll revenues, and granting other relief.

## II. ARGUMENT

### A. The Insurer Action Involves Targeted Legal Issues That Can Be Decided Through Partial Summary Judgment

Plaintiffs request leave to move for partial summary judgment on their First Claim for Relief, which seeks a declaration that the Pledged Special Revenues are subject to Sections 922(d) and 928(a) of the Bankruptcy Code. Plaintiffs will also seek a declaration that Section 928(b) of the Bankruptcy Code is inapplicable to the Pledged Special Revenues as a matter of law. Whether the Pledged Special Revenues are special revenues under the Bankruptcy Code and whether Section 928(b) applies to the Pledged Special Revenues are purely legal questions than can be decided by a pre-answer summary judgment motion. *See Franklin Cal. Tax-Free Trust v. Puerto Rico*, 85 F. Supp. 3d 577, 595 (D.P.R. 2015) (deciding a pre-answer partial cross-motion for summary judgment because the claim on which the plaintiffs moved was "purely legal and involve[d] no disputed issues of material fact"), *aff'd*, 805 F.3d 322 (1st Cir. 2015), *cert. granted sub nom. Acosta-Febo v. Franklin Cal. Tax-Free Trust*, 136 S. Ct. 582 (2015), *aff'd*, 136 S. Ct. 1938 (2016). Rule 56(b) of the Federal Rules of Civil Procedure provides that a summary judgment motion may be filed at any time, including before the filing of an answer. Moreover, in the Peaje Action, both Peaje and the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") acknowledge that there are significant or dispositive issues that can and should be decided as a matter of law. *See* 6/5 Hr'g Tr. 14:3-15:7, 24:4-6, 37:25-38:1, 38:12-13.

Plaintiffs also propose that limited discovery on one issue—PRHTA toll road expenses—should proceed concurrently with the partial summary judgment briefing, and in parallel with discovery for Peaje's preliminary injunction motion. Accordingly, the two proceedings should be consolidated for purposes of discovery. If the Court agrees that the Pledged Special Revenues

are special revenues but holds that Section 928(b) applies as a matter of law, then depending on what is shown by the document discovery, there may or may not be factual issues concerning the extent to which PRHTA's "necessary operating expenses" are covered by Section 928(b). Certain expenses plainly are exempt from Section 928(b), including but not limited to capital expenditures, the separately incorporated urban transit system Tren Urbano, and other expenses relating to PRHTA's operations that do not generate the Pledged Special Revenues. Therefore whether such expenses are covered by that section is a question of law that may be resolved in the partial summary judgment briefing. The Insurers believe that discovery will confirm their specific allegations that the expenses for toll highway maintenance and administration are very limited and are less than $34 million per year. *See* Complaint ¶ 97. In order to avoid any further delay following a decision on the legal issues, discovery on this limited issue of PRHTA toll road expenses should proceed concurrently with the partial summary judgment briefing, and in parallel with discovery for and briefing on Peaje's preliminary injunction motion.

**B.     There Is a Substantial Overlap of Legal Issues Between the Two Proceedings**

Parallel tracks for briefing of the partial summary judgment motion and the preliminary injunction motion are especially warranted given the substantial overlap of legal issues between the two proceedings. *Cf. SEC v. Amerindo Inv. Advisors, Inc.*, No. 05-cv-5231, 2013 WL 1385013, at *2 (S.D.N.Y. Mar. 11, 2013) (setting parallel briefing schedules for a partial summary judgment brought by the Securities and Exchange Commission and a motion to dismiss by individual defendants), *modified on reconsideration on other grounds*, 2014 WL 405339 (S.D.N.Y. Feb. 3, 2014). Both the Peaje Action and the Insurer Action allege that the Pledged Special Revenues are special revenues entitled to protection under the Bankruptcy Code. And although Peaje relies exclusively on Section 922(d), whereas Plaintiffs invoke both Sections 922(d) and 928(a), Peaje and Plaintiffs together assert that they have a valid gross lien on the

Pledged Special Revenues that cannot lawfully be taken or converted into a net lien. Plaintiffs in the Insurer Action assert that they have both a statutory lien and a lien created by a security agreement. In response to these assertions, Defendants logically will assert the same or very similar legal defenses, including those based on Section 305 of PROMESA. Therefore, the legal issues in Plaintiffs' partial summary judgment motion will largely—albeit not completely—overlap with issues in Peaje's preliminary injunction motion concerning Peaje's likelihood of success on the merits.[2]

To save judicial resources, Plaintiffs request that the Court adopt a parallel briefing schedule on Plaintiffs' partial summary judgment motion and Peaje's preliminary injunction motion. To facilitate the joint presentation of issues and arguments to the Court, Plaintiffs also request leave to participate in the Peaje Action as limited-purpose intervenors or *amici*. This procedure will allow the Court to consider Plaintiffs' and Peaje's arguments—and counterarguments by the Commonwealth and PRHTA—in the same process, while contributing to a fuller and better informed presentation of the legal issues.

---

[2] PRHTA and the Commonwealth are already very familiar with the facts regarding the Pledged Special Revenues. In 2016, the parties were engaged in litigations regarding the Pledged Special Revenues before Judge Francisco Besosa. *See Nat. Pub. Fin. Guarantee Corp. v. García Padilla*, No. 16-2101 (D.P.R. filed June 15, 2016); *Assured Guar. Corp. v. Puerto Rico*, No. 16-2384 (D.P.R. filed July 21, 2016); *Peaje Invs. LLC v. García Padilla*, No. 16-2365 (D.P.R. filed July 18, 2016). In those cases, plaintiffs sought to lift the stay of litigation imposed by section 405(e)(2) of PROMESA in order to seek, among other things, relief from defendants' diversion and taking of the Pledged Special Revenues. Defendants in those cases included PRHTA, the Commonwealth, or various individuals acting in their official capacities, and defendants filed papers in each of those cases, including to oppose lifting the stay. In the case filed by National, a two-day evidentiary hearing to determine whether to lift the stay was held on September 22-23, 2016. A full-day evidentiary hearing in the cases filed by Assured and Peaje was scheduled to take place on November 3, 2016 but was canceled on November 2, 2016 after the Court issued an order denying plaintiffs' motion to lift the stay. The legal issues in these previous cases are different from the current cases given that the special revenue protections in the Bankruptcy Code did not apply in 2016 because PRHTA and the Commonwealth had not filed their Title III cases. However, the factual, background information regarding the Pledged Special Revenues is the same.

5

**III. PROPOSED BRIEFING AND DISCOVERY SCHEDULE**

Plaintiffs have met and conferred with counsel for Peaje, AAFAF (as representative for PRHTA), the Commonwealth, and the Oversight Board. The parties, unfortunately, could not agree on jointly stipulated dates. The Plaintiffs remain willing to discuss further with the Commonwealth parties a coordinated briefing schedule, but to date Commonwealth counsel have refused to consider a joint schedule where both of these two actions will have a coordinated briefing schedule resulting in the completion of briefing on all motions in the two cases by August 8, 2017. However, based on these discussions and in an effort to accommodate the parties' respective requests, Plaintiffs propose the following briefing and discovery dates:

- <u>Discovery</u>: The Insurer Action shall be consolidated with the Peaje Action for purposes of discovery, and the parties shall participate in discovery on the same schedule in both actions.

- <u>June 23, 2017</u>: Deadline for Plaintiffs' partial summary judgment motion in the Insurer Action, and Plaintiffs' intervention motion/amicus petition in the Peaje Action.

- <u>July 11, 2017</u>: Deadline for (a) the opposition to Plaintiffs' partial summary judgment motion in the Insurer Action, (b) any opposition to Plaintiffs' intervention motion/amicus petition in the Peaje Action, and (c) any opposition to Peaje's preliminary injunction motion in the Peaje Action.

- <u>July 28, 2017</u>: Deadline for (a) Plaintiffs' reply in further support of their partial summary judgment motion in the Insurer Action, (b) Plaintiffs' reply in further support of their intervention motion/amicus petition, and (c) Peaje's reply in further support of its preliminary injunction motion.

- <u>August 8-9, 2017</u>: Evidentiary hearing on Peaje's preliminary injunction motion; oral argument of Plaintiffs' partial summary judgment motion.

This schedule provides ample time to conduct the requisite limited discovery and brief the legal issues ahead of the evidentiary hearing. A proposed briefing and discovery scheduling order is attached hereto as **Exhibit A** for the Court's consideration and approval.

6

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the proposed briefing and discovery scheduling order attached hereto as **Exhibit A**.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 12th day of June, 2017.

Dated: June 12, 2017

*/s/ Eric Pérez-Ochoa*
Eric Pérez-Ochoa
USDC-PR No. 206314
*/s/ Alexandra Casellas-Cabrera*
Alexandra Casellas-Cabrera
USDC-PR. No. 301010
*/s/ Lourdes Arroyo-Portela*
Lourdes Arroyo Portela
USDC-PR 226501
**ADSUAR MUÑIZ GOYCO.**
**SEDA & PEREZ-OCHOA, P.S.C.**
208 Ponce de León Avenue, Suite 1600
San Juan, Puerto Rico 00936
Telephone: 787. 756.9000
Facsimile: 787. 756.9010
Email: epo@amgprlaw.com
 acasellas@amgprlaw.com
 larroyo@amgprlaw.com

– and –

Marcia Goldstein (admitted *pro hac vice*)
Jonathan Polkes (admitted *pro hac vice*)
Salvatore A. Romanello (admitted *pro hac vice*)
Gregory Silbert (admitted *pro hac vice*)
Kelly DiBlasi (admitted *pro hac vice*)
Gabriel A. Morgan (admitted *pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: marcia.goldstein@weil.com
 jonathan.polkes@weil.com
 salvatore.romanello@weil.com
 gregory.silbert@weil.com

7

kelly.diblasi@weil.com
gabriel.morgan@weil.com

*Attorneys for National Public Finance Guarantee Corporation*

CASELLAS ALCOVER & BURGOS P.S.C.

By: */s/ Heriberto Burgos Pérez*
　Heriberto Burgos Pérez
　USDC-PR 204809
　Ricardo F. Casellas-Sánchez
　USDC-PR 203114
　Diana Pérez-Seda
　USDC-PR 232014
　P.O. Box 364924
　San Juan, PR 00936-4924
　Telephone: (787) 756-1400
　Facsimile: (787) 756-1401
　Email: hburgos@cabprlaw.com
　　　　rcasellas@cabprlaw.com
　　　　dperez@cabprlaw.com

CADWALADER, WICKERSHAM & TAFT LLP

By: */s/ Howard R. Hawkins*
　Howard R. Hawkins, Jr.
　(*pro hac vice* admission pending)*
　Mark C. Ellenberg
　(*pro hac vice* admission pending)*
　Ellen Halstead
　(*pro hac vice* admission pending)*
　Thomas J. Curtin
　(*pro hac vice* admission pending)*
　Casey J. Servais
　(*pro hac vice* admission pending)*
　200 Liberty Street
　New York, NY 10281
　Telephone: (212) 504-6000
　Facsimile: (212) 406-6666
　Email: howard.hawkins@cwt.com
　　　　mark.ellenberg@cwt.com
　　　　ellen.halstead@cwt.com
　　　　thomas.curtin@cwt.com
　　　　casey.servais@cwt.com

\* Also admitted *pro hac vice* in No. 17-BK-03283-LTS

*Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

REXACH & PICÓ, CSP

By: */s/ María E. Picó*
    María E. Picó
    USDC-PR 123214
    802 Ave. Fernández Juncos
    San Juan PR 00907-4315
    Telephone: (787) 723-8520
    Facsimile: (787) 724-7844
    E-mail: mpico@rexachpico.com

BUTLER SNOW LLP

By: */s/ Martin A. Sosland*
    Martin A. Sosland (*pro hac vice*)
    5430 LBJ Freeway, Suite 1200
    Dallas, TX 75240
    Telephone: (469) 680-5502
    Facsimile: (469) 680-5501
    E-mail: martin.sosland@butlersnow.com

    Stanford G. Ladner
    (*pro hac vice* admission forthcoming)
    1700 Broadway, 41st Floor
    New York, NY 10019
    Telephone: (646) 606-3996
    Facsimile: (646) 606-3995
    E-mail: stan.ladner@butlersnow.com

    Christopher R. Maddux
    (*pro hac vice* admission forthcoming)
    J. Mitchell Carrington
    (*pro hac vice* admission forthcoming)
    1020 Highland Colony Parkway, Suite 1400
    Ridgeland, MS 39157
    Telephone: (601) 985-2200
    Facsimile: (601) 985-4500
    E-mail: chris.maddux@butlersnow.com
            mitch.carrington@butlersnow.com

*Attorneys for Financial Guaranty Insurance Company*