# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

----------------------------------------------------------------X

CENTRO DE PERIODISMO INVESTIGATIVO,

   Plaintiff,

v.                                                     No. 3:17-cv-01743 (JAG)

FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO,

   Defendant.

----------------------------------------------------------------X

## MOTION TO REASSIGN CASE TO JUDGE LAURA TAYLOR SWAIN

To the Honorable United States District Judge Jay A. Garcia-Gregory:

Pursuant to Local Rule 3A, Defendant Financial Oversight and Management Board for Puerto Rico (the "FOMB") respectfully submits this Motion to Reassign the above-captioned action to the Honorable Laura Taylor Swain as a related case to the pending proceedings under Title III of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), 48 U.S.C. §§ 2101-2241. As detailed below, reassignment of this matter is warranted and necessary in order to fulfill PROMESA's purposes, to serve the interests of judicial economy, and to avoid the risk of inconsistent rulings. In support of this motion, the FOMB[1] states as follows:

## PRELIMINARY STATEMENT

1. In 2016, Congress enacted PROMESA in light of the unprecedented fiscal crisis in the Commonwealth of Puerto Rico (the "Commonwealth"). *See* 48 U.S.C. § 2101 *et seq.*

---

[1] The FOMB reserves all of its rights to move, answer, or otherwise respond to the Complaint filed in this action in accordance with the Federal Rules of Civil Procedure.

1

2. PROMESA established the FOMB, whose purpose is to provide a method for Puerto Rico to achieve fiscal responsibility and to obtain access to capital markets. PROMESA §§ 101(a), 101(b)(1). To that end, Congress empowered the FOMB to determine, in its sole discretion, whether to certify a Fiscal Plan as meeting the requirements outlined in PROMESA. *Id.* §§ 101(a), 201.

3. Upon certification of a Fiscal Plan and satisfaction of other conditions, PROMESA empowers the FOMB to petition, as representative of the Commonwealth and its instrumentalities, for adjustment of debts under Title III of PROMESA. *Id.* §§ 302, 304, 315(b). To date, the FOMB has filed four such Title III petitions in the District of Puerto Rico as representative of the respective debtors in those proceedings (collectively, the "Title III Proceedings") as follows:

  a. On May 3, 2017, the FOMB filed a petition under Title III of PROMESA on behalf of the Commonwealth (Case No. 17-BK-3283-LTS) (the "Commonwealth Proceeding");

  b. On May 5, 2017, the FOMB filed a petition under Title III of PROMESA on behalf of the Puerto Rico Sales Tax Financing Corporation, known as "COFINA" (Case No. 17-BK-3284-LTS) (the "COFINA Proceeding");

  c. On May 21, 2017, the FOMB filed a petition under Title III of PROMESA on behalf of the Puerto Rico Highways and Transportation Authority (Case No. 17-BK-3567-LTS) (the "HTA Proceeding"); and

  d. Also on May 21, 2017, the FOMB filed a petition under Title III of PROMESA on behalf of the Employees Retirement System of the

Government of the Commonwealth of Puerto Rico (Case No. 17-BK-3566-LTS) (the "ERS Proceeding").

4. Pursuant to 48 U.S.C. § 2168, the Chief Justice of the Supreme Court of the United States designated the Honorable Laura Taylor Swain to preside over the Commonwealth Proceeding. In addition, the Chief Judge of the United States Court of Appeals for the First Circuit designated Judge Swain to preside over the HTA Proceeding and the ERS Proceeding in the District of Puerto Rico. On June 1, 2017, Judge Swain entered an order granting the FOMB's request to jointly administer the COFINA Proceeding with the Commonwealth Proceeding. [Case No. 17-3283-LTS, D.I. 242.]

5. In addition to the Title III Proceedings, Judge Swain also presides over 11 adversary proceedings filed pursuant to the Federal Rules of Bankruptcy Procedure (applicable to the Title III Proceedings pursuant to PROMESA § 310), including cases against the respective debtors represented by the FOMB and against the FOMB itself, as well as others.

6. PROMESA also incorporates several provisions of the Bankruptcy Code, including the automatic stay on litigation against the debtor and officers and inhabitants of the debtor. PROMESA § 301; 11 U.S.C. §§ 362, 922(a).

7. The FOMB—both in its capacity as representative of the debtors in the Title III Proceedings, and directly—has been served with multiple discovery requests in the Title III Proceedings and the related adversary proceedings. *See, e.g.*, *Bank of New York Mellon v. COFINA*, Adv. No. 17-133-LTS (D.P.R. Bankr.) [D.I. 179 (notice of subpoena to the FOMB).] The FOMB expects that the scope of these discovery requests will be the subject of motion practice before Judge Swain.

8. On June 1, 2017, Plaintiff Centro de Periodismo Investigativo ("CPI") filed the instant case, seeking declaratory and injunctive relief requiring the FOMB to produce broad categories of documents to CPI. [D.I. 1.] Among other things, CPI seeks discovery of all "[c]ommunications, [] documents or information" exchanged between the FOMB and the Government of Puerto Rico. *Id.* at 21.

9. This case should be reassigned to Judge Swain in the interest of justice, to ensure judicial efficiency in both this action and in the Title III Proceedings, and because this case is related to the Title III Proceedings.[2]

10. Reassignment of the case to Judge Swain will promote judicial efficiency and save substantial judicial effort by avoiding piecemeal and potentially conflicting resolution of the scope of any discovery permitted from the FOMB and of stay motions.

## ARGUMENT

11. PROMESA contemplates a single forum to decide issues relating to the Title III Proceedings—including the scope of discovery from the FOMB arising out of and directly related to the Title III Proceedings. PROMESA provides a mechanism for a single judge to be designated to preside over a Title III Proceeding for a territory or its instrumentalities, PROMESA § 308, which has in fact occurred in the Commonwealth Proceeding, the HTA Proceeding, and the ERS Proceeding. PROMESA also provides for the joint administration of cases, *id.* § 304(g), which has in fact occurred in the COFINA Proceeding.

---

[2] While the complaint, which makes claims for disclosure of documents pursuant to the Puerto Rico Constitution, does its best to avoid appearing to be related to PROMESA and proceedings brought under PROMESA, it cannot avoid the fact that a ruling on the claims must take into consideration, among other things, the FOMB's charter and role under PROMESA, the immunities granted to the FOMB under PROMESA and how production of documents of the sort sought will affect the FOMB in meeting its obligations under PROMESA.

4

12. Importantly, the logic of PROMESA plainly contemplates the consolidation of any litigation "related to" the Title III Proceedings, both across federal district courts and within the District of Puerto Rico, before a single judge. Cases that arise under or relate to the Title III Proceedings are required to be transferred to this District. *Id.* § 306(d)(3). While there is no express requirement that cases arising under or relating to the Title III Proceedings, and filed in another District, must be transferred to Judge Swain, the logic behind the requirement that the case be transferred to this District (§ 306(d)(3)) requires that the case be transferred to Judge Swain. An assignment to another District Judge undermines the very purpose of § 306(d)(3). PROMESA also contemplates bringing related litigation directly as adversary proceedings under the Federal Rules of Bankruptcy Procedure, which apply to all cases "arising in or related to" Title III cases, *id.* § 310, and which permit claims seeking declaratory or injunctive relief, *see* Fed. R. Bankr. P. 7001(7).

13. Moreover, pursuant to the Local Rules, even cases that are unrelated should be reassigned if doing so will promote the interest of justice and efficiency. Local Rule 3A(b). Where different cases involve similar questions of fact and the same questions of law, and reassignment will save substantial judicial effort, the Local Rules permit reassignment and consolidation of actions with the consent of the receiving judge. Local Rule 3A(b), (d).[3]

14. Here, this case should be reassigned to Judge Swain to address, as a threshold issue, whether it may proceed in view of the automatic stay incorporated into the Title III Proceedings through the Bankruptcy Code. The stay bars litigation against the debtor— including the Commonwealth—and against officers and inhabitants of the debtor. PROMESA § 301; 11 U.S.C. §§ 362, 922(a). Because the FOMB is the representative of the Commonwealth

---

[3] The FOMB is contemporaneously filing an informative motion with Judge Swain in the Commonwealth Proceeding pursuant to Local Rule 3A(b).

5

in the Commonwealth Proceeding, PROMESA §§ 101, 315(b), whether this litigation may proceed is a question for Judge Swain to decide as the designated Title III judge.

15. The reassignment of this case to Judge Swain is also appropriate because the discovery sought from the FOMB implicates PROMESA and affects the Title III Proceedings. For example, the subject matter of the documents which CPI seeks from the FOMB arises from and relates to the Title III Proceedings. The FOMB was established to certify a Fiscal Plan for the Commonwealth (and as appropriate for its instrumentalities) and to petition for the adjustment of debts. CPI seeks documents that go to the heart of the FOMB's functions in the certification of the Fiscal Plan and the petitions for adjustment of debts.

16. In order to resolve CPI's request for documents, it will be necessary to consider the FOMB's (*i*) immunity from laws that are inconsistent with PROMESA (§ 4), (*ii*) exemption from obligations and claims resulting from its actions taken to carry out PROMESA (§ 105), and (*iii*) immunity from challenges to its certification determinations, including specifically its certification of the Fiscal Plan (§ 106(e)), in its sole discretion (§ 201(c)(3)). The FOMB also has the right to assert any applicable privileges, protections, and immunities under the law, including but not limited to the deliberative process privilege, the attorney-client privilege, and the work product doctrine. These legal issues are and will be litigated before Judge Swain in the Title III Proceedings. If this matter is not consolidated with the matters before Judge Swain, there will be an inevitable duplication of judicial effort, and a risk of inconsistent results that would create confusion in an already complicated matter of enormous significance to the Commonwealth and its people.

6

17. This case is also a "related case" to the Title III Proceedings currently before Judge Swain under Local Rule 3A. CPI's claims invoke the same facts and questions of law, including the privileges, protections, and immunities that limit access to the FOMB's documents.

18. Finally, CPI suffers no prejudice from reassignment to Judge Swain: the Title III Proceedings and related adversary proceedings are underway and subject to a rigorous case management schedule, which will enable CPI's claims to be adjudicated in an efficient and orderly manner.

19. For all of the foregoing reasons, the FOMB respectfully requests that the Court reassign this action to Judge Swain pursuant to PROMESA and Local Rule 3A.

*[Remainder of Page Intentionally Left Blank]*

Dated: June 13, 2017  
New York, NY

Respectfully submitted,

*/s/ Luis F. del Valle-Emmanuelli*
Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
**P.O. Box 79897**
**Carolina, Puerto Rico 00984-9897**
**Tel. 787.977.1932**
**Fax. 787.722.1932**
dvelawoffices@gmail.com

**OF COUNSEL FOR:**
**A&S LEGAL STUDIO, PSC**
434 Avenida Hostos
San Juan, PR 00918
Tel: (787) 751-6764/ 763-0565
Fax: (787) 763-8260

*Attorneys for the Financial Oversight and Management Board for Puerto Rico*

## CERTIFICATE OF SERVICE

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Luis F. del Valle-Emmanuelli*
Luis F. del Valle-Emmanuelli