**Hearing Date:** June 28, 2017 at 9:30 a.m. (Prevailing Eastern Time)

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al*.

    Debtors.[1]

PROMESA
Title III

No. 17 BK 03283-LTS

(Jointly Administered)

------------------------------------------------------------------ x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al*.

    Debtors.

PROMESA
Title III

No. 17 BK 03566-LTS

------------------------------------------------------------------ x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al*.

    Debtors.

PROMESA
Title III

No. 17 BK 03567-LTS

------------------------------------------------------------------ x

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474).

1

00850766.6

**RESPONSE AND RESERVATION OF RIGHTS OF INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), SERVICE EMPLOYEES INTERNATIONAL UNION, AND AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES TO DEBTORS' MOTION FOR AN ORDER CONFIRMING APPLICATION OF AUTOMATIC STAY, STAY OF PREPETITION LAWSUITS, AND APPLICATION OF CONTRACT PROTECTIONS [DOCKET ENTRY NO. 301]**

The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) ("UAW"), Service Employees International Union ("SEIU"), and American Federation of State, County & Municipal Employees ("AFSCME") (together, "the Unions") submit this Response and Reservation of Rights in response to the June 9, 2017 motion ("Motion") [Docket Entry No. 301] of the Debtors *For Entry of an Order Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition Lawsuits Against Inhabitants of Puerto Rico, (III) Application of Contract Protections.*

1. The Unions are labor unions whose memberships include thousands of employees of Debtor Commonwealth of Puerto Rico ("Commonwealth"). The Unions do not object to the Motion to the extent the Motion seeks only to confirm proper application of the automatic stay to these cases under PROMESA section 301(a). However, the Unions reserve their right to seek an order directing that employee grievance and arbitration proceedings continue,[2] since those proceedings are not subject to the automatic stay for reasons explained below. Alternatively, in the event that grievance and arbitration proceedings are for some reason held to be subject to the automatic stay (which they should not be), the Unions reserve their right to seek relief from the stay to permit those proceedings to continue. The Unions intend first to

---

[2] Grievance proceedings may be continuing.

2

discuss this issue regarding grievance and arbitration proceedings with the Oversight and Management Board for Puerto Rico ("Oversight Board").

2. Given the potential impact of these proceedings on thousands of union members whose livelihoods and families depend on the continued functioning of the Commonwealth and its instrumentalities, there is a compelling need for transparency with respect to the Debtors' financial condition. The Unions reserve the right to object to any attempt by the Debtors to expand their protections under the automatic stay or other provisions of the Bankruptcy Code to limit discovery or disclosure of the Debtors' financial condition, including any attempts by the Debtors to limit relevant third-party discovery.

## RESERVATION OF RIGHTS

3. SEIU members employed by the Commonwealth belong to one of two SEIU local unions: SEIU Local 1996/Sindicato Puertorriqueño de Trabajadores y Trabajadoras ("SPT"), and SEIU Local 1199/Unión General de Trabajadores ("UGT"). Approximately 16,000 SPT and UGT members are employed by the Commonwealth or its instrumentalities.

4. UAW members employed by the Commonwealth belong to one of eight different UAW locals, the largest of which are UAW Local 2396, which represents school cafeteria employees, and UAW Local 2373, which represents employees of the Commonwealth's Treasury Department. Approximately 6,800 UAW members are employed by the Commonwealth or its instrumentalities.

5. AFSCME members employed by the Commonwealth belong to Council 95 of AFSCME, Servidores Públicos Unidos (in English, "United Public Servants," hereafter "SPU"), as well as SPU local unions, which represent a wide range of Commonwealth employees ranging from corrections officers to social workers. SPU represents approximately 12,000 active Commonwealth employees in total.

6. The Debtors request in their Motion that the Court "expressly confirm" that the stay provisions of Bankruptcy Code sections 362 and 922 -- as made applicable by PROMESA section 301(a) -- apply to officers of the Debtors, Government officers, agents, and representatives. *See* Motion ¶¶25-26. The Unions do not oppose the Debtors' request to the extent it seeks an order confirming proper application of the stay, but the Unions submit this response to emphasize and reserve their rights on two points relevant to their members.

7. First, the Unions note that they and their members are currently involved in grievance and arbitration proceedings, including proceedings related to the improper suspension and termination of public employees, that are critically important to those employees and their children and other family members who depend on the employees' pay to cover basic living expenses. And while the Unions understand that the Debtors have taken the position that the bankruptcy stay bars the continuation of these grievance and arbitration proceedings (leaving the fates of the affected individuals and their families in limbo), the Unions believe that position is legally incorrect.[3]

8. The dispute resolution procedures governing public-employee arbitrations in Puerto Rico are established and mandated by Commonwealth statute, not just by collective bargaining agreements. Puerto Rico Law 45 requires the Commonwealth to appoint a Commission of Arbitrators to preside over grievances the Unions take to arbitration, including discipline cases. Because these proceedings are provided for and governed by Puerto Rico law in the exercise of the Government's police power (as opposed to under the terms of collective

---

[3] In Chapter 11, the grievance and arbitration procedures provided by collective bargaining agreements remain in effect pursuant to the provisions of 11 U.S.C. § 1113 (f), with questions of priority and payment of financial remedies determined by the Court. *In re Continental Airlines*, 125 F.3d 120, 137-38 (3d Cir. 1997); *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 993 (2d Cir. 1990). In major cases across many industries Chapter 11 debtors have complied with grievance and arbitration processes and gone on to reorganize successfully.

bargaining agreements), the bankruptcy stay is inapplicable, since it does not apply to administrative proceedings established by statute. *See generally Ahrens Aircraft, Inc. v. N.L.R.B.*, 703 F.2d 23, 24 (1st Cir. 1983) (*per curiam*); N.*L.R.B. v. 15th Ave. Iron Works, Inc.*, 964 F.2d 1336, 1337 (2d Cir. 1992) (*per curiam); Asseo for & on Behalf of N.L.R.B. v. Bultman Enterprises, Inc.*, 951 F. Supp. 307, 314 (D.P.R. 1996). Furthermore, PROMESA provides that, unless the Oversight Board consents, a Court by stay, order, or decree may not interfere with "any of the political or governmental powers of the debtor." 48 U.S.C. § 2165(3).

9. The Commonwealth's refusal to continue the resolution of labor disputes pursuant to Puerto Rico Law 45 has created great uncertainty and disquiet in the Commonwealth's workforce, and the Unions intend to raise these matters with the Oversight Board in an effort to resolve them without the necessity of this Court's involvement. However, to the extent the Unions' private resolution efforts are unsuccessful, the Unions reserve their right to object in these proceedings to the Commonwealth's continued failure to comply with its obligations under Law 45 and to seek an order directing the Commonwealth to comply.

10. The Unions also reserve their alternative right to seek an order lifting the stay to the extent the stay is for some reason held to apply to statutory grievance and arbitration proceedings (which it should not be). On this point, the Unions note that PROMESA incorporates the entirety of section 362, *see* 48 U.S.C. §2161, including section 362(d), which permits a party in interest, "[o]n request," to move for relief from the stay. And the Debtors' current Motion does not seek to foreclose the right of any party in interest to seek to lift the stay under section 362(d) but seeks only a Court order "to advise third parties of the existence and effect" of these provisions. *Id.* ¶23.

11. Second, the Unions reserve their rights with respect to the Motion's request for "an order confirming that creditor efforts to issue or serve third party discovery against the Governor and other individuals in their 'personal capacity' in actions to enforce their rights against the debtor are stayed." Motion ¶30. The Unions do not object to this aspect of relief, which concerns actions on prepetition claims, but reserve their right to object to any attempts by Debtors to utilize this relief as grounds for refusing to comply with their obligations under PROMESA[4], Puerto Rico law, or the parties' collective bargaining agreements with respect to financial information concerning the Debtors. This is a formal restructuring proceeding governed by statute and involving many interested parties and creditors. As this Court has noted, transparency is of paramount concern in these proceedings. In the past, the Commonwealth has resisted disclosure of financial information in connection with the restructuring of labor agreements and employee benefits.[5] The Unions reserve their rights out of a concern that any order confirming applicability of the automatic stay not be used as a shield going forward against disclosure of material financial information.

## CONCLUSION

The Unions respond and reserve their rights as stated herein.

---

[4] In this connection, PROMESA incorporates Bankruptcy Rule 2004. *See* 48 U.S.C. §2170.

[5] The Unions asked the Commonwealth to provide updated actuarial analysis and other relevant financial data to help the Commonwealth develop a retirement reform in early 2013. Despite a pledge to provide relevant actuarial information, the Commonwealth subsequently reneged on that commitment. In 2014, the Commonwealth refused the Unions' request for a liquidity analysis in connection with concessionary bargaining mandated by Puerto Rico Law 66.

Dated: June 16, 2017

Respectfully submitted,

/s/ *Peter D. DeChiara*

Richard M. Seltzer (pro hac vice motion pending)
Thomas N. Ciantra
Peter D. DeChiara
Hiram M. Arnaud
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, New York 10036-6976
Tel.: (212) 563-4100
Fax: (646) 473-8216
rseltzer@cwsny.com
tciantra@cwsny.com
pdechiara@cwsny.com
harnaud@cwsny.com

/s/ *Miguel Simonet Sierra*

Miguel Simonet Sierra
USDC # 210101
MONSERRATE SIMONET & GIERBOLINI
101 San Patricio Ave.
Suite 1120
Guaynabo, PR 00968
Tel.: (787) 620-5300
Fax: (787) 620-5305
msimonet@msglawpr.com

Attorneys for International Union, United
Automobile, Aerospace and Agricultural Implement
Workers of America (UAW) and Service
Employees International Union

/s/ *Sharon L. Levine*

SAUL EWING LLP
Sharon L. Levine
Dipesh Patel
1037 Raymond Blvd.
Suite 1520
Newark, NJ 07102
(973) 286-6713 (Telephone)
(973) 286-6821 (Facsimile)
slevine@saul.com
dpatel@saul.com

7

/s/ Manuel A. Rodriguez Banchs
P.O. Box 368006
San Juan, Puerto Rico 00936-8006
(787) 764-8896 (Telephone)
(787) 721-0975 (Facsimile)
manuel@rodriguezbanchs.com

-and-

/s/ Matthew S. Blumin
AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES
Judith Rivlin
Teague P. Paterson
Matthew S. Blumin
1101 17th Street NW, Suite 900
Washington, DC 20011
(202) 775-5900 (Telephone)
(202) 452-0556 (Facsimile)
jrivlin@afscme.org
tpaterson@afscme.org
mblumin@afscme.org

*Attorneys for the American Federation of State, County and Municipal Employees*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of June, 2017, I have filed a true and exact copy of the foregoing with the Clerk of the Court using the CM/ECF System which will notify all counsel of record and caused to be mailed or emailed a copy, as provided in the Court-approved Case Management Procedures in this case.

Dated: June 16, 2017                                         /s Hiram M. Arnaud
                                                             HIRAM M. ARNAUD