# Exhibit 1

**Redline of Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*[1]<br><br>                            ~~Debtor.~~<br><br>                            ~~Tax I.D. No. 66-0433481~~Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283~~(~~-LTS~~)~~<br><br>(Jointly Administered)<br><br>Re: Docket No. _____ |
| ~~In re:~~<br><br>~~THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,~~<br><br>    ~~as representative of~~<br><br>~~PUERTO RICO SALES TAX FINANCING CORPORATION ("COFINA"),~~<br><br>                            ~~Debtor.~~<br><br>~~Tax I.D. No. 66-0698474~~ | ~~PROMESA~~<br>~~Title III~~<br><br>~~No. 17 BK 3284 (LTS)~~<br><br>~~(Joint Administration Requested)~~<br><br>~~Re: Docket No. _____~~ |

**ORDER (A) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, (B) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (C) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

Upon the *Motion of Debtor Entities for an Order (A) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service, (B) Deeming Utilities Adequately Assured of Future Performance, and (C) Establishing Procedures* for Determining Adequate Assurance of Payment (the

---

[1] The Debtors in these Title III cases, along with each Debtor's respective bankruptcy case number and the last four digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Case No. 17 BK 3283-LTS) (Tax ID: 3481) and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Case No. 17 BK 3284) (Tax ID: 8474).

"Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard the statements of counsel in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and upon the record herein, after due deliberation thereon, the Court having found that good and sufficient cause exists for the granting of the relief as set forth herein,

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Except in accordance with the procedures set forth below and absent further order of the Court, each Utility Provider, including Utility Providers that currently provide Utility Services but are not listed on the Utilities Provider List, is prohibited from (a) altering, refusing, or discontinuing service to or discriminating against the ~~Debtors~~Commonwealth on the basis of the commencement of these Title III Cases or on account of any unpaid invoice for services provided before the ~~applicable~~ petition date and (b) requiring the payment of a deposit or other security in connection with Utility Providers' continued provision of Utility Services.

3. The relief granted herein is for all Utility Providers providing Utility Services to the

---

[2] ~~——~~ Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

~~Debtors~~Commonwealth and is not limited to those parties listed on the Utility Provider List attached to the Motion.

4. The Motion and this order shall be served, via first-class mail, on each Utility Provider included on the Utility Provider List and all other parties required to receive service.

5. The ~~Debtors are~~Commonwealth is authorized and directed to provide each of ~~their~~its Utility Providers with an administrative expense priority claim for postpetition, unpaid Utility Services (the "Adequate Assurance Claim") as adequate assurance of payment to Utility Providers.

6. If a Utility Provider is not satisfied with the assurance of future payment provided by the ~~Debtors~~Commonwealth, the Utility Provider must serve a written request (the "Additional Assurance Request") upon the ~~Debtors~~ Commonwealth setting forth (i) the location(s) for which Utility Services are provided, (ii) the account number(s) for such location(s), (iii) the outstanding balance for each account, (iv) a summary of the ~~Debtors'~~Commonwealth's payment history on each account, (v) a summary of any security deposits provided by the ~~Debtors~~Commonwealth to such Utility Provider, and (vi) an explanation of why the Adequate Assurance Claim is inadequate assurance of payment.

7. The Additional Assurance Request must be in writing, in English (or fully translated into English by a certified translator) and actually be filed with the Court and received by (i) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority and (ii) counsel to the Oversight Board, so that it is received on or before~~,~~ _____, 2017 at 5:00 p.m. (prevailing Atlantic Standard Time) (the "Request Deadline").

~~6.~~8. In accordance with PROMESA section 305, the ~~Debtors~~Commonwealth may, in ~~their~~its sole discretion and without further order of the Court, resolve any Additional Assurance Request by mutual agreement with the Utility Provider, and in connection with any such agreement, may provide a Utility Provider with additional adequate assurance of future payment

including, but not limited to, cash deposits, letters of credit, prepayments, and/or other forms of security.

9. If the ~~Debtors determine~~Commonwealth determines an Additional Assurance Request is not reasonable and is not able to reach an alternative resolution with the Utility Provider, the Court shall determine the adequacy of the proposed adequate assurance at the next regularly scheduled omnibus hearing or as otherwise determined by this Court; provided, however, that the ~~Debtors~~Commonwealth, with the consent of such Utility Provider, may continue the hearing date on any unresolved Additional Assurance Request, and provided, further that any objecting Utility Provider shall be prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, the ~~Debtors~~Commonwealth over any unpaid charges for prepetition Utility Services or any perceived inadequacy of the proposed adequate assurance, pending final resolution of the Additional Assurance Request.

~~7.~~10. A Utility Provider shall be deemed to have adequate assurance of payment unless and until (i) the Debtors, in their sole discretion, agree to an Additional Assurance Request or agree to an alternative assurance of payment with the Utility Provider or (ii) the Court enters an order requiring additional adequate assurance of payment be provided.

~~8.~~11. Any Utility Provider that fails to make a timely Additional Assurance Request by the Request Deadline shall be deemed to have received adequate assurance of payment satisfactory to such Utility Provider as required by Bankruptcy Code section 366, and shall be prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, the ~~Debtors~~Commonwealth on the basis of the commencement of these Title III Cases, on account of any unpaid invoice for services provided before the applicable petition date, or any perceived inadequacy of the proposed adequate assurance.

~~9.~~12. At any time, the ~~Debtors~~Commonwealth may terminate service from any of ~~their~~its

Utility Providers, such termination being effective immediately upon the ~~Debtors'~~Commonwealth's notice to the Utility Provider. At such time, the ~~Debtors~~Commonwealth shall no longer be required to make any more payments to such Utility Provider for any services provided after such termination, and to extent such Utility Provider holds a deposit or excess funding, it shall be returned forthwith.

~~10.~~13. To the extent the ~~Debtors identify~~Commonwealth identifies additional Utility Providers, the ~~Debtors~~Commonwealth will file amendments to the Utility Provider List, and shall serve a copy of this order on such newly- identified Utility Providers. Following the ~~Debtors'~~Commonwealth's filing and service of such amendment to the Utility Provider List (which shall include a copy of this order), the added Utility Providers identified shall have twenty-one (21) calendar days therefrom to serve an Additional Assurance Request. Thereafter, the above-described procedures shall govern if and until any such resulting Additional Assurance Requests are timely made.

~~11.~~14. In the event the ~~Debtors default~~Commonwealth defaults postpetition in respect of any of ~~their~~its obligations under this order to any Utility Provider, such Utility Provider may seek additional adequate assurances in this Court upon motion and appropriate notice to the ~~Debtors~~Commonwealth and interested parties.

~~12.~~15. Notwithstanding the relief granted herein or any actions taken pursuant thereto, nothing herein shall be deemed: (a) an admission as to the validity of any claim against the ~~Debtors~~Commonwealth; (b) a waiver of the ~~Debtors'~~Commonwealth's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined hereunder; (e) a request or authorization to assume any agreement, contract, or lease pursuant to Bankruptcy Code section 365; (f) an admission or concession that each such entity is a "utility" within the meaning of Bankruptcy Code section

366; or (g) a waiver of the ~~Debtors'~~Commonwealth's rights under PROMESA, the Bankruptcy Code, or any other applicable law.

~~13.~~16. Notwithstanding the applicability of any Bankruptcy Rule, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

~~14.~~17. The ~~Debtors~~Commonwealth and the Oversight Board, as the ~~Debtors'~~Commonwealth's representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this order in accordance with the Motion.

~~15.~~18. This Court shall retain exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation, and enforcement of this order.

Dated:_____, 2017
    San Juan, Puerto Rico

Honorable Laura Taylor Swain
United States District Judge