Hearing Date: June 28, 2017 at 9:30 a.m.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br><br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**WHITEBOX FUNDS' LIMITED OBJECTION TO**
**MOTION OF DEBTORS FOR ORDER CONFIRMING APPLICATION OF THE**
**AUTOMATIC STAY AND RELATED RELIEF**

To the Honorable United States District Judge Laura Taylor Swain:

Whitebox Asymmetric Partners, L.P., Whitebox Institutional Partners, L.P., Whitebox Multi-Strategy Partners, L.P., Pandora Select Partners, L.P., and Whitebox Term Credit Fund I L.P. (collectively, "Whitebox" or the "Whitebox Funds"), creditors and parties in interest in the above captioned Title III cases (the "Title III Cases"), respectfully submit this limited objection (the "Objection") to the *Motion of the Debtors Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365 and 922 For Entry of Order Confirming (I) Application of the Automatic Stay to Government Officers, Agents and Representatives (II) Stay of Prepetition Lawsuits and Actions Against Inhabitants of Puerto Rico and (III) Application of*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number (listed as a bankruptcy case number due to software limitations) and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474).

*Contract Protections* [Docket No. 302] (the "Motion") filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board").[2]

1. Whitebox does not object to the Motion to the extent that it seeks an order confirming the application of the automatic stay in these proceedings in accord with the proper scope of the stay within Sections 362(a) and 922 of the Bankruptcy Code, made applicable to these Title III Cases by 48 U.S.C. § 2161 (also referred to as Section 301 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA")), or to confirm the application of contract protections in accord with the proper scope of Section 365 of the Bankruptcy Code.

2. Whitebox respectfully objects to the Motion to the extent that it seeks to extend the automatic stay beyond its proper statutory scope. Specifically, Whitebox objects to the Motion to the extent that it purports to apply the automatic stay to adversary proceedings that are pending before this Court and/or to shield the Debtors or Government Officers, Agents and Representatives (as defined in the Motion) from subpoenas and discovery requests in such proceedings.

3. Although the Motion does not clearly express such an intent; that seems to be the relief it is seeking. (*See* Motion, ¶ 27 ("parties in interest may attempt to influence or exercise control over the Debtors through indirect means (where direct action might otherwise be prohibited by the Title III stay), as they have already attempted to do through the Prepetition Lawsuits and the subpoena and the request for discovery of the Governor and other government officials in their personal capacities."); Motion, ¶ 34 ("Moreover, the Debtors assert that any Actions Against Inhabitants including the service of third-party discovery requests, which constitute the employment of process, and actions to collect a debt against any of the Debtors (including, without

---

[2] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Motion.

limitation, the collection of interpleader funds) are stayed with respect to all officers or inhabitants of Puerto Rico under Bankruptcy Code section 922"); Motion, ¶ 12 (defining "Actions Against Inhabitants" to include, *inter alia*, "suits and proceedings" brought "in the Title III case … pertaining to the Debtors' restructuring efforts …").)

4. Whitebox is a defendant in adversary proceeding No. 17-00133-LTS entitled *The Bank of New York Mellon, as Trustee v. Puerto Rico Sales Tax Financing Corporation ("COFINA") et al.* (the "COFINA Interpleader Proceeding"). In accord with the scheduling order in the COFINA Interpleader Proceeding, Whitebox and other parties have served subpoenas and discovery requests on various parties including government officers, agents and representatives of the Commonwealth, and other inhabitants of Puerto Rico. (*See* Scheduling Order [Adv. Proc. Docket No. 154] at ¶ 4(a) (providing that "[a]ny Plaintiff or Defendant may serve discovery on any other party to this adversary proceeding, *or on any third party*")(emphasis added).)

5. Specifically, Whitebox, individually and jointly with other litigants, served discovery requests and/or subpoenas on, among others, COFINA and the Commonwealth (the "Debtor Discovery Targets"), Puerto Rico Fiscal Agency & Financial Advisory Authority ("AAFAF"), the Oversight Board, and the Government Development Bank (the "Entity Discovery Targets"), Governor Ricardo Antonio Rosselló Nevares, in his official and personal capacities, Elías Sánchez Sifonte, in his official and personal capacities, and Gerardo Portela Franco, in his official and personal capacities (the "Individual Discovery Targets" and together with the Debtor Discovery Targets and the Entity Discovery Targets, the "Discovery Targets").

6. The Motion, while vague, appears to request relief that would stay the ability of Whitebox and other parties to seek *any* discovery from the Discovery Targets in connection with the COFINA Interpleader Proceeding. Because the automatic stay (i) does not extend to adversary

proceedings in the bankruptcy court where the debtor's bankruptcy case is pending, and (ii) does not encompass subpoenas and discovery requests, the order sought by the Motion should clarify that any relief granted does not apply in the COFINA Interpleader Proceeding (or any other adversary proceeding pending in this Court) or in any way stays the enforcement of subpoenas or discovery requests issued in that proceeding to the Discovery Targets.

7. *First,* "the automatic stay does not apply to proceedings initiated against the debtor if the proceedings are initiated in the same bankruptcy court where the debtor's bankruptcy proceeding is pending." *Snavely v. Miller (In re Miller),* 397 F.3d 726, 730 (9th Cir. 2005); *see also Cowin v. Countrywide Home Loans (In re Cowin),* 538 B.R. 721, 732-33 (S.D. Tex. 2015) (adopting the prevailing view that "the automatic stay does not apply to proceedings initiated against the debtor if the proceedings are initiated in the same bankruptcy court where the debtor's bankruptcy proceedings are pending") (quotations and modifications omitted); *Cellceutix Corp. v. Nickless (In re Formatech, Inc.*), 496 B.R. 26, 35 (Bankr. D. Mass. 2013) ("I agree with the majority view that the automatic stay does not prohibit the commencement of an adversary proceeding against a debtor (or its trustee) in the bankruptcy court where the debtor's bankruptcy case is pending."). Although Section 362(a) does not expressly distinguish between actions filed in the court in which the debtor's bankruptcy case is pending and actions filed in other courts, a frequently cited case explains why courts have held the stay not to apply to actions in the bankruptcy court:

> It is beyond serious dispute that the application of the stay to certain proceedings in the bankruptcy court would lead to absurd results. For example, if the automatic stay were construed to apply to all proceedings in bankruptcy, a creditor would need relief from the stay to file a proof of claim or even a motion for relief from the stay. As a further example, application of the stay to bar the commencement of proceedings to determine the dischargeability of

4

> a debt in the absence of relief from the stay would be unworkable in light of the short time limits within which such proceedings must be commenced.

*In re N. Coast Vill., Ltd.*, 135 B.R. 641, 643 (9th Cir. B.A.P. 1992) (citation omitted); *accord Ramos v. Banco Popular de Puerto Rico (In re Ramos),* 493 B.R. 355, 369-70 (Bankr. D. P.R. 2013) (the filing of a proof of claim does not violate the automatic stay). Indeed, as the Court in *In re Formatech* highlighted:

> Extending the automatic stay to apply to adversary proceedings filed in a debtor's home court would not advance the primary purposes of the stay—affording a debtor breathing room, preserving the status quo by preventing a race to grab assets, and providing the orderly administration and liquidation of the estate.

496 B.R. at 35 (citation omitted). Accordingly, Whitebox respectfully submits that any Order issued on the Motion should make clear that it does not apply to any proceedings in this Court, including to the COFINA Interpleader Proceeding.

8.  *Second,* even if the automatic stay did apply to adversary proceedings, such as the COFINA Interpleader Proceeding (and it does not), the automatic stay *does not* shield the Discovery Targets from subpoenas and discovery requests. As an initial matter, even under that scenario, the COFINA Interpleader Proceeding would not be stayed and would continue notwithstanding the automatic stay -- the case involves numerous non-debtor parties that are not covered by the automatic stay and, in any event, the Debtors have appeared and taken active positions in that litigation without ever claiming the stay precludes their involvement. Moreover, the automatic stay does not preclude parties from taking discovery of a debtor in a proceeding that is not otherwise stayed. *In re Residential Capital, LLC,* 480 B.R. 529, 537 (Bankr. S.D.N.Y. 2012); *see also In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig.,* MDL No. 13-2419-FDS, 2013 WL 6058483, at *8 (D. Mass. Nov. 13, 2013) (noting that while the automatic

5

stay "generally prohibits obtaining discovery from the debtor as a party defendant to litigation" it does not preclude requesting documents from the debtor in connection with third party litigation). Indeed, the Debtors do not cite any authority to support its contention to the contrary.[3]

9. Section 362(a)(1) of the Bankruptcy Code stays "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). Discovery issued to a debtor in a proceeding that is not stayed is not covered by the automatic stay. Bankruptcy Judge Glenn reached that very conclusion in *In re Residential Capital*, 480 B.R. 529, and quoted the decision in *In re Miller*, 262 B.R. 499 (9th Cir. B.A.P. 2001), which stated:

> In this case, Groner issued the subpoenas to Debtor in an effort to continue her prosecution of her claims against Henry, a nondebtor. Section 362(a) prohibits the commencement or continuation of an action against the debtor; to the extent that Groner was eliciting Debtor's testimony for purposes other than to continue the prosecution of her claims against Debtor, the proposed discovery did not violate the automatic stay, unless the issuance of subpoenas itself constitutes "issuance or employment of process" against Debtor or a "judicial proceeding" against Debtor. If this were true, a debtor could never be called as a witness (even in actions where the debtor is not a party) without relief from the stay. Such an interpretation of section 362(a) defies common sense and the spirit of the Code. Information is information, and we believe the discovery of it as part of the development of a case against non-debtor parties is permissible, even if that information could later be used against the party protected by the automatic stay.

---

[3] *In re City of Stockton*, 484 B.R. 372 (Bankr. E.D. Cal. 2012), cited in the Motion at ¶¶ 16, 32, is readily distinguishable as it relates to a motion to lift stay to bring direct claims against an officer of the Debtor. *Id.* at 374.

262 B.R. at 505. Accordingly, the automatic stay does not prevent Whitebox and others from taking discovery of the Debtor Discovery Targets in the COFINA Interpleader Proceeding.

10. Similarly, the automatic stay does not prevent third-party discovery of the Entity Discovery Targets or the Individual Discovery Targets. As the Motion correctly points out, Section 922(a) of the Bankruptcy Code supplements the automatic stay here by making it applicable to "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against *an officer or inhabitant of the debtor that seeks to enforce any claim against the debtor*." 11 U.S.C. § 922(a) (emphasis added). But, Section 922(a) is irrelevant to the discovery that Whitebox and others seek of the Discovery Targets in the COFINA Interpleader Proceeding. First, the COFINA Interpleader Proceeding is not an "action to enforce [a] claim against the debtor." Rather, it is a proceeding to address inter-creditor disputes so as to determine the proper distribution of funds held by Bank of New York Mellon as trustee. Second, even if Section 922(a) did apply, the provision does *not* expand the reach of the automatic stay, other than supplementing covered parties to include not just debtors but also any "officer or inhabitant." *See, e.g.*, *In re City of Stockton*, 484 B.R. at 377 ("The standards for § 922(a) stay relief are basically the same as those for § 362 stay relief"). Therefore, the same reasons discussed above demonstrating that the automatic stay does not prevent taking discovery from the Debtor Discovery Targets, also establish that the automatic stay does not prevent taking discovery from any "officer or inhabitant" including any Individual Discovery Target.[4] Third, Section 922(a) would not cover the Entity Discovery Targets, who are neither officers nor inhabitants.

---

[4] The orders cited in paragraph 24 of the Motion are all inapposite, as, among other reasons, none of the orders expanded the scope of the stay to subpoenas or discovery served on government officials.

7

11. In the alternative, the Debtors "request an order extending the stay to prevent creditors from pursuing third party discovery against the Governor and other individuals in their 'personal capacity' in connection with creditor efforts to enforce their rights." (Motion, ¶ 31). Debtors' request should be denied. Only under certain limited circumstances -- not applicable here -- does a court have the authority, under Section 105(a) of the Bankruptcy Code, to extend the stay beyond its statutory reach, such as by issuing an injunction to stay conduct not automatically stayed. *In re Residential Capital,* 480 B.R. at 537.

12. Extending the stay, however, requires the commencement of an adversary proceeding and an adequate evidentiary record. *Id*. at 538 ("Where an injunction is sought by a debtor under Section 105 to stay actions against non-debtors, the relief must be sought through an adversary proceeding under FED. R. BANKR.P. 7001."). Here, the Debtors have not commenced an adversary proceeding nor provided a sufficient basis for injunctive relief. There is no plausible need for an injunction barring all discovery because the applicable rules provide sufficient protections to discovery targets. When discovery is being sought in an adversary proceeding (such as the COFINA Interpleader Proceeding ), Rules 26 and 45 of the Federal Rules of Civil Procedure, made applicable by Federal Rules of Bankruptcy Procedure 7026 and 9016, as incorporated by Section 310 of PROMESA, provide third-parties with adequate remedies for any abuses of the discovery procedures. Indeed, the Court's Scheduling Order in the COFINA Interpleader Proceeding expressly contemplated third-party discovery and set forth a comprehensive and detailed protocol for addressing any discovery disputes. (*See* Scheduling Order [Adv. Proc. Docket No. 154] at ¶¶ 4(e) – (f).)

13. Accordingly, Whitebox respectfully submits that any Order with respect to the Motion explicitly provide that any relief granted: (a) is not applicable to adversary proceedings

pending in this Court, including the COFINA Interpleader Proceeding; and (b) does not prevent Whitebox or any other party from seeking discovery of the Discovery Targets in connection with the COFINA Interpleader Proceeding.

In San Juan, Puerto Rico, this 16th day of June, 2017.

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record, and will provide hard copies to the Court and United States Trustee as soon as practical after the filing of the foregoing, consistent with the Court's June 6, 2017 First Amended Case Management Order. (*See* [Docket No. 262] § 2.I.)

Dated: San Juan, Puerto Rico
       June 16, 2017

| SALDAÑA, CARVAJAL & VÉLEZ-RIVÉ, P.S.C. | KASOWITZ BENSON TORRES LLP |
|---|---|
| 166 Avenida de la Constitución | 1633 Broadway |
| San Juan, Puerto Rico 00901 | New York, New York 10019 |
| Tel.: 787-289-9250 | Tel.: 212-506-1700 |
| Fax: 787-289-9253 | Fax: 212-506-1800 |
| | |
| *s/ Charles Bimbela-Quiñones* | Kenneth R. David (*pro hac vice*) |
| Charles Bimbela-Quiñones | E-mail: kdavid@kasowitz.com |
| USDC-PR No. 203414 | Daniel A. Fliman (*pro hac vice*) |
| E-mail: cbimbela@scvrlaw.com | E-mail: dfliman@kasowitz.com |
| *s/ Melissa Hernández-Carrasquillo* | Ryan P. Montefusco (*pro hac forthcoming*) |
| Melissa Hernández-Carrasquillo | E-mail: rmontefusco@kasowitz.com |
| USDC-P.R. No. 230511 | Isaac S. Sasson (*pro hac vice*) |
| E-mail: mhernandez@scvrlaw.com | E-mail: isasson@kasowitz.com |

*Attorneys for Whitebox Asymmetric Partners, L.P., Whitebox Institutional Partners, L.P., Whitebox Multi-Strategy Partners, L.P., Pandora Select Partners, L.P., and Whitebox Term Credit Fund I L.P.*

*Attorneys for Whitebox Asymmetric Partners, L.P., Whitebox Institutional Partners, L.P., Whitebox Multi-Strategy Partners, L.P., Pandora Select Partners, L.P., and Whitebox Term Credit Fund I L.P.*