# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS) |

**RESPONSE IN OPPOSITION OF FINANCIAL GUARANTY INSURANCE COMPANY TO PUERTO RICO FUNDS AND MUTUAL FUND GROUP'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND MOTION OF DEBTORS FOR ORDER APPROVING PROCEDURE TO RESOLVE COMMONWEALTH-COFINA DISPUTE**
[Dkt. ## 270, 303]

Financial Guaranty Insurance Company ("***FGIC***"), by and through its attorneys, Rexach & Picó, CSP and Butler Snow LLP, files this *Response in Opposition of Financial Guaranty Insurance Company to Puerto Rico Funds and Mutual Fund Group's Motion for Relief from the Automatic Stay and Motion of Debtors for Order Approving Procedure to Resolve Commonwealth-COFINA Dispute* (the "***Response***"). In support of the Response, FGIC respectfully states as follows:

## Response

### I. Procedure Motion

The *Motion of Debtors for Order Approving Procedure to Resolve Commonwealth-COFINA Dispute* [Dkt. # 303] (the "***Procedure Motion***")[1] presumes incorrectly that the Commonwealth and COFINA are the only true parties in interest with respect to what the Debtors label, "the Commonwealth-COFINA Dispute."  FGIC insures approximately $282

---
[1] All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms as in the Procedure Motion.

million of GO Bonds and, to date, has made payments with respect to approximately $43 million in claims resulting from the Commonwealth's default on certain of the GO Bonds. FGIC and all other holders and insurers of the GO Bonds have direct, material rights conferred via PROMESA, the Puerto Rico Constitution, the COFINA Act,[2] and the applicable GO Bond documents and issuing statutes, that entitle FGIC to directly negotiate or litigate any resolution of the Commonwealth-COFINA Dispute.

At a minimum, FGIC is entitled to "raise and may appear and be heard on any issue" in these Title III Cases.[3] That necessarily includes protecting FGIC's rights under Article VI, Section 8 of the Puerto Rico Constitution, which provides that, if Puerto Rico's "available resources" are insufficient to meet all of its desired spending, "*interest on the public debt and amortization thereof shall first be paid*, and other disbursements shall thereafter be made in accordance with the order of priorities established by law." P.R. Const. art. VI, § 8 (emphasis added). This promise of first priority (the "*Constitutional Debt Priority Guarantee*") unambiguously requires Puerto Rico to pay Constitutional Debt ahead of any other expenditure.

In addition, Section 16(b) of the COFINA Act is an express statutory protection conferred upon individual "*holders of bonds or notes* that constitute the public debt of the Commonwealth," against any interpretation or application of the COFINA statute that would undermine the Constitutional Debt Priority Guarantee. *Id* (emphasis supplied):

> None of the provisions of §§ 11a 16 of this title shall be interpreted or applied in such a manner as to undermine the rights of the holders of bonds or notes that constitute public debt of the Commonwealth of Puerto Rico pursuant to the provisions of Section 2 of Article VI of the Constitution of the Commonwealth of Puerto Rico.

---

[2] Act of July 5, 2007, No. 56-2007, 2007 P.R. Laws 173 (codified as amended at P.R. Laws Ann. tit. 13, §§ 11a–16) and Act of Dec. 26, 2006, No. 291-2006, sec. 1, § 2, 2006 P.R. Laws 1110, 1112 (codified as amended at P.R. Laws Ann. tit. 13, § 12) (collectively, the "*COFINA Act*").

[3] *See* 48 U.S.C. § 2161 (incorporating 11 U.S.C. § 1109 as applicable in Title III cases under PROMESA).

13 L.P.R.A. § 16(b).

FGIC has direct and protectable economic rights at stake in the so-called Commonwealth-COFINA Dispute." By appointing Agents representing only the Commonwealth and COFINA, as the sole parties to resolve the Commonwealth-COFINA Dispute, the Procedure Motion would override the constitutional and statutory rights that were granted directly to FGIC and other bondholders, in contravention of the express provisions of PROMESA and the Bankruptcy Code. *See also In re Ludlow Hosp. Soc.*, Inc., 124 F.3d 22, 27–28 (1st Cir. 1997) ("Although expansively phrased, section 105(a) affords bankruptcy courts considerably less discretion than first meets the eye, and in no sense constitutes a roving commission to do equity….Bankruptcy Code § 105(a) may not be invoked to alter substantive debtor rights defined under the applicable nonbankruptcy law.") (quotations and citations omitted).

Further, this Court in its *Order and Notice of Preliminary Designation of Mediation Team Setting Deadline for Objections to Membership* [Dkt. # 329] (the "**Mediation Order**") has appointed an esteemed panel of jurists to mediate the multitude of significant issues raised in these Title III Cases, including the Commonwealth-COFINA Dispute. FGIC is ready and willing to participate directly in mediation, other settlement discussions, or where necessary, litigation. It would be improper to deprive FGIC and other parties in interest of their right to do so.

For these reasons, FGIC respectfully requests that the Procedure Motion be denied.

## II. The Stay Motion

The Debtors assert that time is of the essence with respect to resolving several significant legal and factual disputes that must be resolved before plans of adjustment can be confirmed in these Title III Cases. As identified by counsel to the Debtors at the "first day" hearing on May 17, 2017, these significant disputes include not only the so-called Commonwealth-COFINA

3

Dispute, including the rights of bondholders contained within that dispute, but also significant issues related to the Fiscal Plans for these Debtors, and issues involving the special revenues pledged to bondholders of PRHTA and other prospective debtors.[4] The Commonwealth-COFINA Dispute and the dispute between holders of GO Bonds and holders of COFINA Bonds raised in the existing *Lex Claims* case and elsewhere constitute but one portion of these significant issues. Certifying that one piece to the Puerto Rico Supreme Court, as requested in the *Puerto Rico Funds and Mutual Fund Group's Motion for Relief from the Automatic Stay* [Dkt. # 270] (the "**Stay Motion**"), is unlikely to result in a timely resolution of these Title III Cases. For that reason, FGIC respectfully requests that the Court deny the Stay Motion.

## Conclusion

For the foregoing reasons, FGIC respectfully requests that the Court enter an order denying the Procedure Motion and the Stay Motion.

Dated: June 16, 2017.                                  Respectfully submitted,

**REXACH & PICÓ, CSP**

By: /s/ María E. Picó
   María E. Picó
   USDC-PR 123214
   802 Ave. Fernández Juncos
   San Juan PR 00907-4315
   Telephone: (787) 723-8520
   Facsimile: (787) 724-7844
   E-mail: mpico@rexachpico.com

---

[4] FGIC is an insurer of GO Bonds *and* bonds issued by the Puerto Rico Highways and Transportation Authority, the Puerto Rico Convention Center District Authority, and the Puerto Rico Infrastructure Financing Authority ("**Agency Bonds**"). As an insurer, FGIC is obligated to make payments when either the Commonwealth defaults in respect of paying GO Bonds or when its agencies default in respect of paying Agency Bonds from which pledged revenues have been clawed back or otherwise. While FGIC is not only affected by the Commonwealth's failure to pay GO Bonds with clawed back funds, FGIC is also uniquely impacted as an insurer of Agency Bonds due to the disparate application of the claw back to funds pledged to Agency Bonds.

**BUTLER SNOW LLP**

By: /s/ Martin A. Sosland

Martin A. Sosland (*pro hac vice*)
5430 LBJ Freeway, Suite 1200
Dallas, TX 75240
Telephone: (469) 680-5502
Facsimile: (469) 680-5501
E-mail: martin.sosland@butlersnow.com

Stanford G. Ladner (*pro hac vice* admission forthcoming)
1700 Broadway, 41st Floor
New York, NY 10019
Telephone: (646) 606-3996
Facsimile: (646) 606-3995
E-mail: stan.ladner@butlersnow.com

Christopher R. Maddux (*pro hac vice*)
J. Mitchell Carrington (*pro hac vice*
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Telephone: (601) 985-2200
Facsimile: (601) 985-4500
E-mail: chris.maddux@butlersnow.com
 mitch.carrington@butlersnow.com

*Attorneys for Financial Guaranty Insurance Company*

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will notify case participants.

Respectfully submitted.

Dated: June 16, 2017.

                                      Respectfully submitted,

                                      */s/ Maria E. Picó*_____
                                      María E. Picó – USDC-PR 123214
                                      Rexach & Picó, CSP
                                      Ave Fernández Juncos 802
                                      Miramar, San Juan, Puerto Rico 00907
                                      mpico@rexachpico.com
                                      Telephone: 787-723-8520
                                      Facsimile: 787-724-7844

                                      *Attorney for Financial Guaranty Insurance Company*

36995063v3