UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>             Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**OBJECTION OF THE COFINA SENIOR BONDHOLDERS' COALITION TO MOTION OF DEBTORS PURSUANT TO PROMESA SECTION 301(a) AND BANKRUPTCY CODE SECTIONS 105(a), 362(a), 365, AND 922 FOR ENTRY OF ORDER CONFIRMING (I) APPLICATION OF THE AUTOMATIC STAY TO GOVERNMENT OFFICERS, AGENTS, AND REPRESENTATIVES, (II) STAY OF PREPETITION LAWSUITS AND ACTIONS AGAINST INHABITANTS OF PUERTO RICO, AND (III) APPLICATION OF CONTRACT PROTECTIONS**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). As of the date hereof, the HTA and ERS Title III cases have not been jointly administered with the Commonwealth and COFINA Title III cases.

TO THE HONORABLE UNITED STATES DISTRICT JUDGE LAURA TAYLOR SWAIN:

The COFINA Senior Bondholders' Coalition[2] respectfully submits this objection (the "Objection") to the Debtors' Motion Pursuant to Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365, and 922 for Entry of Order Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition Lawsuits and Actions Against Inhabitants of Puerto Rico, and (III) Application of Contract Protections (the "Motion") (Dkt. 301), and in support hereof, respectfully represents as follows:

## BACKGROUND

1. On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth of Puerto Rico (the "Commonwealth"), filed a petition for relief under Title III of PROMESA for the Commonwealth (the "Commonwealth Title III Case").

2. On May 5, 2017, the Oversight Board, as representative of COFINA, filed a petition for relief under Title III for COFINA (the "COFINA Title III Case"). The Commonwealth Title

---

[2] The COFINA Senior Bondholders' Coalition includes José F. Rodríguez Perelló and the following institutional holders of the COFINA senior bonds: Aristeia Horizons, L.P.; Camino Cipres LLC; Camino Roble LLC; Canary SC Master Fund, L.P.; Canyon Capital Advisors LLC (on behalf of its participating clients); River Canyon Fund Management LLC (on behalf of its participating clients); Crescent 1, L.P.; CRS Master Fund, L.P.; Cyrus Opportunities Master Fund II, Ltd.; Cyrus Select Opportunities Master Fund, Ltd.; Cyrus Special Strategies Master Fund, L.P.; Decagon Holdings 1, L.L.C.; Decagon Holdings 2, L.L.C.; Decagon Holdings 3, L.L.C.; Decagon Holdings 4, L.L.C.; Decagon Holdings 5, L.L.C.; Decagon Holdings 6, L.L.C.; Decagon Holdings 7, L.L.C.; Decagon Holdings 8, L.L.C.; Decagon Holdings 9, L.L.C.; Decagon Holdings 10, L.L.C.; Merced Partners Limited Partnership; Merced Partners IV, L.P.; Merced Partners V, L.P.; Pandora Select Partners, L.P.; SB Special Situation Master Fund SPC, Segregated Portfolio D; Scoggin International Fund Ltd.; Scoggin Worldwide Fund Ltd.; Taconic Master Fund 1.5 L.P.; Taconic Opportunity Master Fund L.P.; Tilden Park Investment Master Fund LP; Värde Credit Partners Master, L.P.; Värde Investment Partners, L.P.; Värde Investment Partners (Offshore) Master, L.P.; The Värde Skyway Master Fund, L.P.; Whitebox Asymmetric Partners, L.P.; Whitebox Institutional Partners, L.P.; Whitebox Multi-Strategy Partners, L.P.; and Whitebox Term Credit Fund I L.P.

III Case and the COFINA Title III Case were procedurally consolidated on June 1, 2017. (Dkt. 242).

3. On May 16, 2017, the Bank of New York Mellon ("BNY"), as trustee for COFINA Bonds, commenced an adversary proceeding in the COFINA Title III Case seeking Interpleader and Declaratory Relief (the "Interpleader Action") with respect to approximately $400 million in funds it currently holds in trust for COFINA bondholders who are entitled to receive payments of principal and interest on COFINA bonds until the Court enters a final order directing the timing and manner of the disbursement of such funds. (Adv. Proc. 17-00133, Dkt. 1).

4. On June 6, 2017, after hearing the views of the parties as to how the Interpleader Action should proceed, including the need for discovery, the Court entered a scheduling order governing stage two of the Interpleader Action (the "Scheduling Order"). (Adv. Proc. 17-00133, Dkt. 154). Over the objections of a number of parties, including the Oversight Board (Adv. Proc. 17-00133, Dkts. 128, 141), the Scheduling Order allows for discovery in the form of document production and depositions. *See* Scheduling Order at 4.

5. Consistent with the Scheduling Order, on June 9, 2017, various parties, including the COFINA Senior Bondholders' Coalition, served initial document requests on COFINA and BNY, both of which are parties to the Interpleader Action. Subpoenas *duces tecum* were also served on the following third-parties: the Commonwealth, the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), the Oversight Board, the Puerto Rico Government Development Bank (the "GDB"), Governor Ricardo Rosselló (in both his official and personal capacities), AAFAF's Executive Director Gerardo Portela Franco (in both his official and personal capacities), the Governor's advisor and Oversight Board's *ex officio* member Elías Sánchez Sifonte (in both his official and personal capacities), and Banco Popular.

2

6. On June 9, 2017, the Oversight Board filed the present Motion. The Motion seeks, among other things, an order staying all discovery, including third-party discovery, against the Debtors (*i.e.*, the Commonwealth and COFINA), the Debtors' government officers (*e.g.*, Governor Rosselló and Executive Director Portela), and the Debtors' agents and representatives (*e.g.*, AAFAF, the GDB, the Oversight Board, and Sánchez Sifonte). Motion ¶¶ 26-33. Though the Motion lacks precision as to its scope, it appears to cover not only prepetition lawsuits and lawsuits filed outside of the Title III cases, but also the Interpleader Action. *See* Motion ¶ 34 ("Moreover, the Debtors assert that any Actions Against Inhabitants including the service of third-party discovery requests, which constitute the employment of process, and actions to collect a debt against any of the Debtors (***including, without limitation, the collection of interpleader funds***) are stayed with respect to all officers or inhabitants of Puerto Rico under Bankruptcy Code section 922." (emphasis added)).

## OBJECTION

7. By its Motion, the Oversight Board claims to be seeking an order "confirming the application and enforcement of the automatic stay provisions of Bankruptcy Code sections 362 and 922, as made applicable to these cases pursuant to PROMESA section 301(a)." Motion at 1. The COFINA Senior Bondholders' Coalition would have no objection to an order that merely sets forth the scope of the sections 362 and 922 stays. The Motion, however, is not limited in such fashion but instead requests relief contrary to well-established law regarding the scope of these automatic stays.

8. As an initial matter, the Bankruptcy Code's automatic stay provisions apply to actions and proceedings *outside* of the bankruptcy (and in the case of PROMESA, Title III) context. As the Ninth Circuit explained in *In re Roxford Foods, Inc.*, 12 F.3d 875, 878 (9th Cir.

3

1993), the automatic stay "did not apply to [an adversary] proceeding[] against the debtor commenced in the same bankruptcy court where the debtor's bankruptcy was pending." *See also In re Carlson*, 265 B.R. 356, 348 (Bankr. D.R.I 2001) ("Section 362 does not preclude litigating with a debtor in the debtor's bankruptcy forum."); *In re Toyota of Yonkers, Inc.*, 135 B.R. 471, 477 (Bankr. S.D.N.Y. 1992) ("A party is never stayed from litigating with a debtor in the debtor's bankruptcy forum."). The Oversight Board does not cite a single case for its suggestion that the law is otherwise.[3] Thus, to the extent the Oversight Board—both on its own behalf and as representative for COFINA—suggests that the automatic stays prevent it and COFINA from producing documents and/or sitting for depositions in the Interpleader Action due to their status as debtor parties, the Motion must be denied.

9.  The Oversight Board's argument that the automatic stay also prevents third-party discovery of the Debtor (and its officers and representatives) (¶ 34) is similarly misplaced. While framed as merely seeking a "comfort" order, the Oversight Board fails to cite a single case to support this proposition. In fact, courts throughout the country explicitly reject this argument. *See, e.g.*, *In re Miller*, 262 B.R. 499, (B.A.P. 9th Cir. 2001) ("[T]o the extent that [creditor] was eliciting Debtor's testimony for purposes other than to continue the prosecution of her claims against Debtor, the proposed discovery did not violate the automatic stay . . . . Information is information, and we believe the discovery of it as part of the development of a case against non-debtor parties is permissible, even if that information could later be used against the party protected by the automatic stay."); *In re Alem*, 2013 WL 4840486, at *3 (Bankr. D.D.C. Sept. 11, 2013)

---

[3] The Oversight Board cites *In re Stockton*, 484 B.R. 372 (E.D. Cal. 2012), but *Stockton* does not concern whether the automatic stay applies in the forum in which the bankruptcy is pending. *Stockton* merely stands for the proposition that a creditor cannot use a separate action against a debtor's officers to circumvent the automatic stay. *Id.* at 378. Indeed, *Stockton* involved a motion to lift the stay so that a former employee could continue litigating his wrongful termination case **outside of the bankruptcy context**.

4

("[T]he automatic stay of § 362(a)(1) does not bar the pursuit of discovery from a debtor in his capacity as a nonparty witness."); *Peter Rosenbaum Photography Corp. v. Otto Doosan Mail Order Ltd.*, 2004 WL 2973822, at *3 (N.D. Ill. Nov. 30, 2004) (same); *In re Barlas*, 2006 WL 1452806, at *3 (Bankr. N.D. Iowa May 19, 2006) (same); *In re Carlson*, 265 B.R. at 348 (same). In addition, the Interpleader Action is an intra-COFINA creditor dispute. It is not an action to enforce a claim against the debtor. Accordingly, to the extent the Motion seeks to prevent third-party discovery of the Commonwealth, AAFAF, the GDB, Governor Rosselló, Executive Director Portela Franco, and Mr. Sánchez Sifonte in the Interpleader Action, the Motion must be denied.[4]

Finally, the Motion requests that even if the Court concludes that the automatic stays are inapplicable, the stays should still be extended to prevent discovery under the Court's inherent authority pursuant to section 105 of the Bankruptcy Code. Motion ¶ 17; Motion Ex. B (Proposed Order) ¶¶ 6-7. The Court should reject this request—at least with respect to the Interpleader Action. Though the Motion appears to be primarily focused on prepetition litigation, the Motion includes language and arguments that appear to be directed solely at the Interpleader Action. For example, while the Motion "respectfully request[s] that the Court's order confirm the automatic stay applies to the Prepetition Lawsuits and Actions Against Inhabitants"—a list that does not

---

[4] The Motion also suggests that the stay should apply to the Governor and other Commonwealth and COFINA officers in their "personal capacity" because seeking discovery of these individuals in their personal capacities "may attempt to influence or exercise control over the Debtors through indirect means." Motion ¶ 27. Putting aside the fact that, as described above with respect to the Interpleader Action, the automatic stays do not even apply to these individuals in their official capacities, the Oversight Board once again provides no support for its novel extension of the stays. Moreover, its attempt to assign improper motives to any discovery requests of these individuals in their individual capacities has no basis. The Rosselló administration did not take office until January 2, 2017, and thus had no "official capacity" prior to that date. However, the claims in the Interpleader Action date back to at least August 2016, and it is highly likely that the Governor and many current administration officials and advisors have relevant documents stemming from the gubernatorial campaign and transition period. Seeking discovery in both official and personal capacities assures that documents from these important time periods are captured and produced.

5

include the Interpleader Action (*see* Motion Ex. A)—the preceding sentence notes, parenthetically, that the Motion "include[es], without limitation, the collection of interpleader funds." Motion ¶ 34. This argument was never raised by the Oversight Board in the Interpleader Action briefing. (*See* Adv. Proc. 17-00133, Dkts. 128, 141). Every party seeking discovery in the Interpleader Action emphasized the need for discovery against the Commonwealth, COFINA, and AAFAF.[5] In response to the parties' arguments, the Court issued an order permitting discovery. The Oversight Board should not be rewarded for remaining silent on this issue, while the parties briefed and debated the importance of that discovery, by now seeking to circumvent the Court's entire discovery ruling and schedule through an overly broad and vague stay motion in the jointly administered Title III Cases. The Court should thus decline the Oversight Board's invitation to stretch section 105 beyond its boundaries by extending the automatic stays of sections 362 and 922 of the Bankruptcy Code to encompass discovery of the Commonwealth, COFINA, their elected officials, officers, and representatives, and the Oversight Board in the Interpleader Action. *See In re Jamo*, 283 F.3d 392, 403 (1st Cir. 2002) (Section 105(a) "does not provide bankruptcy courts with a roving writ, much less a free hand" but rather "may be invoked only . . . to preserve an identifiable right conferred elsewhere in the Bankruptcy Code").

---

[5] *See* BNY's Informative Motion (Adv. Proc. 17-00133, Dkt. 120) at 2; COFINA Senior Bondholders' Coalition's Informative Motion (Adv. Proc. 17-00133, Dkt. 121) at 4-5; Ambac Assurance Corporation's Informative Motion (Adv. Proc. 17-00133, Dkt. 125) at 3-4; National's Informative Motion (Adv. Proc. 17-00133, Dkt. 126) at 2-4; Whitebox Funds' Informative Motion (Adv. Proc. 17-00133, Dkt. 127) at 4-5.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, June 16, 2017.

| REICHARD & ESCALERA | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| **By :** */s/ Rafael Escalera*_____<br>**Rafael Escalera**<br>USDC No. 122609<br>escalera@reichardescalera.com | */s/ Susheel Kirpalani*_____<br>**Susheel Kirpalani** (*admitted pro hac vice*)<br>susheelkirpalani@quinnemanuel.com |
| */s/ Sylvia M. Arizmendi*_____<br>**Sylvia M. Arizmendi**<br>USDC-PR 210714<br>arizmendis@reichardescalera.com | */s/ Eric Winston*_____<br>**Eric Winston** (*admitted pro hac vice*)<br>ericwinston@quinnemanuel.com |
| */s/ Fernando Van Derdys*_____<br>**Fernando Van Derdys**<br>USDC-PR 201913<br>fvander@reichardescalera.com | */s/ Daniel Salinas*_____<br>**Daniel Salinas**<br>USDC-PR 224006<br>danielsalinas@quinnemanuel.com |
| */s/ Carlos R. Rivera-Ortiz*_____<br>**Carlos R. Rivera-Ortiz**<br>USDC-PR 303409<br>riverac@reichardescalera.com | */s/ Eric Kay*_____<br>**Eric Kay** (*admitted pro hac vice*)<br>erickay@quinnemanuel.com |
| */s/ Gustavo A. Pabón-Rico*_____<br>**Gustavo A. Pabón-Rico**<br>USDC-PR 231207<br>pabong@reichardescalera.com | */s/ Kate Scherling*_____<br>**Kate Scherling** (*admitted pro hac vice*)<br>katescherling@quinnemanuel.com |
|  | */s/ Brant Kuehn*_____<br>**Brant Duncan Kuehn** (*admitted pro hac vice*)<br>brantkuehn@quinnemanuel.com |
| 255 Ponce de León Avenue<br>MCS Plaza, 10th Floor<br>San Juan, Puerto Rico 00917-1913 | 51 Madison Avenue, 22nd Floor<br>New York, New York 10010-1603 |

Co-Counsel for the COFINA Senior Bondholders' Coalition

## CERTIFICATE OF SERVICE

      I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the parties of record.

/s/Gustavo A. Pabón Rico
USDC-PR 231207