IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION'S
OBJECTION TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD
FOR PUERTO RICO'S MOTION FOR ORDER
<u>APPROVING PROCEDURE TO RESOLVE COMMONWEALTH-COFINA DISPUTE</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474).

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

COFINA SENIOR REPRESENTATIVES' JOINT COUNTER-PROPOSAL ............................2

BACKGROUND .............................................................................................................................3

I. The Conflicted Oversight Board Certifies a Non-Compliant Fiscal Plan That Disrespects the COFINA Bondholders' Lawful Liens and Then Files a Suspect Title III Petition for COFINA ...............................................................................3

II. The Oversight Board's Proposal ........................................................................................5

ARGUMENT...................................................................................................................................6

I. The Oversight Board's Proposal Merely Furthers The Disabling Conflict That It Has Finally Conceded................................................................................................6

    A. The Oversight Board's Proposal Would Not Resolve the Inherent Conflict by the Oversight Board and Its Advisors ...........................................................7

    B. The Oversight Board's Conflict Contaminates the Entire COFINA Title III Proceeding ........................................................................................................9

II. Litigation of the Commonwealth-COFINA Dispute Should Not Be Expedited Unless the Independent Commonwealth Agent Establishes Grounds for Expedition After Providing the Independent COFINA Agent and COFINA Creditors Discovery............................................................................................................9

CONCLUSION..............................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Ampal-Am. Israel Corp.*,
   554 B.R. 604 (S.D.N.Y. 2016), *aff'd*,
   No. 16-2855-BK, 2017 WL 2274279 (2d Cir. May 24, 2017) ................................................ 8

*In re BH & P, Inc.*,
   103 B.R. 556 (Bankr. D.N.J. 1989), *aff'd in part, rev'd in part*,
   119 B.R. 35 (D.N.J. 1990), *aff'd*, 949 F.2d 1300 (3d Cir. 1991) ............................................ 7

*Dye v. Brown (In re AFI Holding, Inc.)*,
   355 B.R. 139 (B.A.P. 9th Cir. 2006), *aff'd and adopted*, 530 F.3d 832 (9th Cir. 2008) .......... 8

*In re Martin*,
   817 F.2d 175 (1st Cir. 1987) .................................................................................................... 8

*Woods v. City Nat'l Bank & Trust Co. of Chicago*,
   312 U.S. 262 (1941) ................................................................................................................ 7

**Statutes**

48 U.S.C. § 2162 ........................................................................................................................... 4

**TO THE HONORABLE COURT:**

National Public Finance Guarantee Corporation ("National"),[2] by and through its undersigned counsel, hereby files this objection to the Financial Oversight and Management Board for Puerto Rico's (the "Oversight Board") Motion for Order Approving Procedure to Resolve Commonwealth-COFINA Dispute [ECF No. 303] (the "Motion"), and respectfully states as follows:

**PRELIMINARY STATEMENT**

By filing the Motion, the Oversight Board has finally conceded the point that National and other creditors have been making for months: the Oversight Board and its counsel have an irreconcilable conflict and cannot fairly represent the interests of the Puerto Rico Sales Tax Financing Corporation ("COFINA").[3] But after acknowledging the conflict, the Oversight Board's proposal fails to cure it. It asks the Court to vest the Oversight Board—the conflicted party—with both the ability to appoint an "independent Oversight Board agent" to serve as COFINA's representative and veto power over any settlement negotiated by that agent. Accepting this proposal would bless the conflict instead of resolving it. Simply put, given its now *admitted* conflict, the Oversight Board cannot continue to pull COFINA's strings.

The Oversight Board's Motion also asks the Court to expedite litigation of the so-called "Commonwealth-COFINA dispute" because the Commonwealth allegedly faces imminent cash

---

[2] National insures more than $690 million of general obligation bonds issued by the Commonwealth and more than $1.1 billion in senior sales tax revenue bonds issued by COFINA, and has the right to assert bondholders' rights in these Title III Cases under applicable bond and insurance documents. National and other COFINA creditors hold liens in revenues that were pledged as security for the bonds issued by COFINA.

[3] Hours before this objection was due, the Oversight Board provided still further evidence of the conflict by providing an extension to respond to the Motion to general obligation bondholders but not to COFINA bondholders.

1

management issues. This request, which serves only the Commonwealth's interests, just exacerbates the admitted conflict even further. The Oversight Board asks the Court to order expedited treatment before an independent COFINA agent has been appointed, without any evidentiary showing to support the Oversight Board's assertions.

As set forth more specifically below, the independent COFINA agent should be selected by COFINA creditors, not by the Oversight Board. In addition to its role in the Commonwealth-COFINA dispute, this agent should be empowered to review all actions taken by the conflicted Oversight Board "on behalf of" COFINA.

Accordingly, National respectfully requests that the Court deny the Oversight Board's Motion and, instead, appoint a COFINA agent according to the procedures outlined below.

## COFINA SENIOR REPRESENTATIVES' JOINT COUNTER-PROPOSAL

The COFINA Senior Bondholders' Coalition, Ambac Assurance Corp., and National (collectively, the "COFINA Senior Representatives") have been working diligently to coordinate a joint response to the Motion and, while unable to reach complete agreement on every issue, particularly given the short time frame in which to object, the COFINA Senior Representatives have identified several areas upon which they unanimously agree.[4] The COFINA Senior Representatives submit that any order approving the Motion (the "Procedures Order") should include the following:

- ***The COFINA Senior Representatives Must Unanimously Agree on the Selection of A COFINA Agent.*** The COFINA Agent must be an individual upon whom the COFINA Senior Representatives unanimously agree. The COFINA Senior Representatives will submit the nominee to serve as the COFINA Agent within 10 days of entry of the Procedures Order, who shall be appointed as the COFINA Agent.

---

[4] Attached hereto please find the COFINA Senior Representatives' *Order Approving Procedure To Resolve Commonwealth-Cofina Dispute* (attached hereto as Exhibit A).

2

- *Court Approval of Any Settlement of the Commonwealth-COFINA Dispute Shall Be Required.* Any settlement reached pursuant to the Procedures Order shall not be effective unless and until the Court has entered an order approving such settlement.

- *COFINA Senior Representatives Shall Be Granted Intervention in Any Litigation Commenced Pursuant to the Procedures Order.* The COFINA Senior Bondholders' Coalition, Ambac, and National shall be authorized to intervene in any litigation commenced pursuant to the Procedures Order without any further order of the Court.

- *The COFINA Agent Shall Owe Fiduciary Duties to COFINA.* The COFINA Agent shall owe fiduciary duties to COFINA, and not to any individual creditor or creditor group. For the avoidance of doubt, no Agent shall have the authority to litigate or settle any matter other than the Commonwealth-COFINA Dispute.

- *Pre-Petition Mediation Shall Resume.* The mediation that began prior to the commencement of the Title III Cases among the COFINA senior bondholders, COFINA subordinate bondholders, monolines, GO Bondholders, and the Oversight Board, among others, shall resume promptly. The mediator shall be selected from among the members of the Court-appointed mediation team.[5]

## BACKGROUND

### I. The Conflicted Oversight Board Certifies a Non-Compliant Fiscal Plan That Disrespects the COFINA Bondholders' Lawful Liens and Then Files a Suspect Title III Petition for COFINA

The Oversight Board's disabling conflict has been apparent since its inception. During the development of the Fiscal Plan, the Oversight Board flatly refused to engage in good-faith discussions with National or, for that matter, any creditor, and repeatedly ignored creditor suggestions and requests for information. *See* First Day Hr'g Tr. at 138–40, 143. The only party the Oversight Board was apparently willing to consult was the Puerto Rico Fiscal Agency and

---

[5] While the Commonwealth and Oversight Board did not engage in good faith mediation discussions, National is amenable to continuing that mediation process, but in order for there to be a successful mediation, the Commonwealth and Oversight Board must provide appropriate financial disclosures. Their repeated refusal to provide appropriate disclosures has prevented any serious settlement discussions, and if not addressed, will only result in another failed attempt at mediation.

3

Financial Advisory Authority ("AAFAF") and its counsel, which is similarly conflicted. *Cf. id.* at 25:23–25 (counsel for AAFAF stating that "[t]he fiscal plan as certified by the Oversight Board on March 13 is a product of cooperative discussions and dialogue between AAFAF and the Oversight Board").

Ultimately, the Oversight Board certified a non-compliant and unconstitutional Fiscal Plan that, as the Court already noted, assumes that the Commonwealth can seize revenues pledged to COFINA bondholders. *See* First Day Hr'g Tr. at 50:6–8 ("[t]he Commonwealth plan doesn't work unless the COFINA funds can be invaded."); *cf. Assured Guaranty Corp., et al. v. Commonwealth of Puerto Rico, et al.* (Case No. 17-00125, Dkt. No. 1).

Needless to say, a Fiscal Plan that raids COFINA's funds is not in the interest of COFINA or any of its stakeholders. But after certifying the Fiscal Plan and filing a Title III case as representative of the Commonwealth, the Oversight Board relied on *the same Fiscal Plan* to file a Title III case *as representative of COFINA*. And it did so even though COFINA is a fully functioning and fully solvent entity with a spotless payment record.[6] National and other COFINA creditors immediately pointed out the conflict by the Oversight Board and its advisors. *See*, *e.g.*, First Day Hr'g Tr. at 142:5–7 ("I think the conflict is just starkly in front of us today, and I just think it's one of the important things that needs to be addressed as we go forward."); *id.* at 48–49, 53–54, 59–62, 142; *see also* May 30, 2017 Hr'g Tr. at 39:19-40:4 ("One of the issues that we raised with your Honor before has to deal with the conflict that we perceive

---

[6] PROMESA expressly requires, as a precursor to a Title III petition, that a debtor "desires to effect a plan to adjust its debts." 48 U.S.C. § 2162. But did COFINA, a fully solvent entity, ever independently express a desire to restructure its debt? Or did AAFAF, in concert with the Oversight Board, make this decision *for* COFINA and then base the Title III case on a Fiscal Plan that assumes all the assets pledged to COFINA creditors are handed over to the Commonwealth instead? These are questions the COFINA Agent, creditors and the Court must understand and seriously consider.

between AAFAF and the Oversight Board on the one hand and their claim to represent the interests of COFINA on the other. COFINA, as an entity, is missing from this hearing today. As your Honor knows, the resolution commits COFINA to defending the pledge on the sales tax and, therefore, COFINA has fiduciary duties, as well as contractual duties, that we think are irreconcilably conflicted from those of the Oversight Board and AAFAF.").

In response, the Oversight Board asserted at the First Day Hearing that COFINA has an independent board of directors. First Day Hr'g Tr. at 62:7–8 ("COFINA already has an independent board, and by that I mean the government of Puerto Rico can't tell it what to do."); *see id.* at 19:2-6.[7] Nevertheless, acknowledging that the purportedly "independent" board might not be quite independent enough, *see id.* at 62:14–15, the Oversight Board represented that it planned to proffer a solution to the Court that would ensure vigorous litigation on behalf of COFINA, *see id.* at 18:25–19:6, 50:12–15, 62:25–63:4.[8] National (among others) stated that any party acting on behalf of COFINA must be satisfactory to National and other creditors. *Id*. at 59:25–60:2 ("[I]f there's going to be a fiduciary for COFINA, we want to have a part in the selection and understanding of the true independence.").

## II. The Oversight Board's Proposal

On June 10, 2017, the Oversight Board filed its proposal to resolve the Commonwealth-COFINA dispute. The Oversight Board's Motion seeks Court approval of "independent Oversight Board agents" to act on behalf of COFINA and the Commonwealth—agents that the Oversight Board will appoint. The conflicted Oversight Board also proposes to retain complete

---

[7] On May 19, 2017, National sent a letter to COFINA, in which National requested a meeting with the COFINA Board to discuss the representation of COFINA's interests. *See* May 19, 2017 Letter (attached hereto as Exhibit B). As of the date of this filing, National has not received a response.

[8] The Oversight Board reiterated its intention to submit such a proposal at the May 30, 2017 Interpleader Hearing. *See* May 30, 2017 Hr'g Tr. at 36:8–12.

5

control over any settlement of litigation between the COFINA agent and the Commonwealth agent. *See* Motion at 16 (a settlement between the agents "shall only be effective upon . . . consent of the Oversight Board"). And the Oversight Board's proposal assumes—without any evidentiary showing—that there is a fiscal emergency that requires the entire litigation to be resolved or settled by November 1, 2017.[9] This expedited treatment is supposedly needed to serve only the Commonwealth's interests, but the conflicted Oversight Board accepts, without explanation, the need for expedition on behalf of COFINA as well.

The Oversight Board is admittedly tainted with conflict, and that conflict has infected all matters leading up to and within these Title III Cases. The only remedy can be to appoint a truly independent third party who will act in the best interests of COFINA, with no allegiance to the Commonwealth or anyone else.[10]

## ARGUMENT

### I. The Oversight Board's Proposal Merely Furthers the Disabling Conflict That It Has Finally Conceded

By the Motion, the Oversight Board and its counsel have finally and publicly conceded that an inherent conflict of interest exists due to their representation of both the Commonwealth and COFINA in these Title III Cases. *See* Motion at 13 (arguing that its proposed procedure will ensure, among other things, that COFINA's "rights are protected and *independently represented*"

---

[9] According to the Oversight Board, "[t]ime is of the essence to resolve the Commonwealth-COFINA dispute because, if the Commonwealth is not entitled to any of the Pledged Sales Taxes, it will, absent borrowing or further slashing expenses to a counterproductive extent, face acute cash management issues shortly after November 1, 2017." Motion at 12. Neither the Oversight Board nor the Commonwealth has provided any information that would allow creditors to test the validity of this claimed urgency.

[10] National does not seek to modify or alter how the Commonwealth's agent is appointed.

6

(emphasis added)). Now that its conflict is acknowledged, the Oversight Board cannot exert any control over the outcome of the Commonwealth-COFINA dispute.

### A. The Oversight Board's Proposal Would Not Resolve the Inherent Conflict by the Oversight Board and Its Advisors

Instead of solving the conflict, the Oversight Board's proposal doubles down on it. It proposes not only that the Oversight Board shall select COFINA's independent agent but also that the Oversight Board will have ultimate settlement authority over any negotiated resolution. *See* Proposed Order at 3; Motion at 13 (admitting that the Oversight Board's proposed procedures would "mak[e] sure that the Oversight Board remains in control of the overall restructuring of the Commonwealth and its instrumentalities"). The Oversight Board's proposal to "resolve" the conflict issue is, therefore, just a fig leaf. In one breath it admits the inherent conflict that disables the Oversight Board and its advisors, and in the next it asks the Court to ensure that these same conflicted parties remain involved in—and in control of—all material aspects of the Commonwealth-COFINA Dispute.

The proposal therefore contravenes basic notions of conflicts and ethics. As the old saying goes, "[n]o man can serve two masters." *In re BH & P, Inc.*, 103 B.R. 556, 560 (Bankr. D.N.J. 1989) (quoting *Matthew* 6:24), *aff'd in part, rev'd in part*, 119 B.R. 35 (D.N.J. 1990), *aff'd*, 949 F.2d 1300 (3d Cir. 1991). No less so in bankruptcy court. *See id.*; *Woods v. City Nat'l Bank & Trust Co.*, 312 U.S. 262, 269 (1941) ("A fiduciary who represents security holders in a reorganization may not . . . insist[] that although he had conflicting interests, he served his several masters equally well or that his primary loyalty was not weakened by the pull of his secondary one. Only strict adherence to these equitable principles can keep the standard of conduct for fiduciaries 'at a level higher than that trodden by the crowd.'").

7

But as long as the Oversight Board and its counsel retain any control or influence over the Commonwealth-COFINA dispute, they will be presented with choices that could help one debtor at the expense of the other. Because, as the Oversight Board itself acknowledges, the interests of the Commonwealth and COFINA are diametrically opposed, the Oversight Board simply cannot have *any* involvement in selecting the COFINA Agent, much less be the sole appointer and supervisor of the "independent" agents tasked with resolving that dispute. *See Dye v. Brown (In re AFI Holding, Inc.)*, 355 B.R. 139, 147-48 (B.A.P. 9th Cir. 2006), *aff'd and adopted*, 530 F.3d 832 (9th Cir. 2008) (A fiduciary "must have no interest adverse to the estate.").

The Oversight Board's actions also trample on the statutory and contractual duties COFINA owes to creditors. Under Section 705 of the Amended and Restated COFINA Bond Resolution of June 10, 2009 (the "COFINA Resolution"), which was executed pursuant to COFINA's enabling legislation, Act 91-2006, COFINA pledged to, at all times, "defend, preserve and protect the pledge of the Pledged Property and all the rights of the . . . Bondowners" against "all claims and demands of all persons whomsoever." COFINA Resolution § 705. The independent COFINA agent should have the same duties. To ensure that those duties are fulfilled, the conflicted Oversight Board cannot exert any influence over the independent COFINA agent or control the resolution of the Commonwealth-COFINA dispute.

In short, the Oversight Board's acknowledgment of its inability to advocate on behalf of COFINA—coupled with its predilection toward the Commonwealth—should necessarily disqualify the Oversight Board and its advisors from continued participation. *See In re Martin*, 817 F.2d 175, 182–83 (1st Cir. 1987) ("The bankruptcy judge is on the front line, in the best position to gauge the ongoing interplay of factors and to make the delicate judgment calls which

8

such a decision entails. If he perceives a materially adverse interest, he has at his disposal an armamentarium of permissible remedies, including (but by no means limited to) disqualification, disallowance of all or some fees, and invalidation of the security interest."); *In re Ampal-Am. Israel Corp.,* 554 B.R. 604, 618 (S.D.N.Y. 2016) ("A court should disqualify counsel where it is plausible that the representation of another interest may cause the debtor's attorneys to act any differently than they would without that other representation." (internal quotation marks omitted), *aff'd*, No. 16-2855-BK, 2017 WL 2274279 (2d Cir. May 24, 2017).

### B. The Oversight Board's Conflict Contaminates the Entire COFINA Title III Proceeding

The Oversight Board's admitted conflict not only disqualifies the Board from all future involvement in the Commonwealth-COFINA dispute but also calls into question *every decision* that has been made on COFINA's behalf, including the decision to file a Title III petition for COFINA. Indeed, the Oversight Board's conflict of interest appears to be the only plausible motivation behind that filing. COFINA has plenty of money to pay its debts. If it were truly independent, it would have had *no* reason to file a Title III petition at all. And it certainly would not have done so based on a Fiscal Plan that assumes that all its money is taken away from it.

For this reason and others, National submits that the true "gating issue" is not, as the Oversight Board urges, the Commonwealth-COFINA dispute but, rather, the validity of the Fiscal Plan and, relatedly, the COFINA Title III petition. To that end, National and other creditors have challenged the Fiscal Plan and expect to object to the petition, and National respectfully requests that the Court and the COFINA Agent consider those matters before addressing the merits of the Commonwealth-COFINA dispute.

### II. Litigation of the Commonwealth-COFINA Dispute Should Not Be Expedited Unless the Independent Commonwealth Agent Establishes Grounds for Expedition After Providing the Independent COFINA Agent and COFINA Creditors Discovery

In light of the Oversight Board's acknowledged conflict, the Court should also reject the Oversight Board's implicit urgent motion for expedition of forthcoming litigation between the appointed Commonwealth and COFINA agents.

The Motion states that the Commonwealth-COFINA dispute must be resolved right away because the Commonwealth may otherwise "face acute cash management issues shortly after November 1, 2017." Motion at 12. This request can only be made to serve the Commonwealth's interests, not COFINA's. But the Motion asks the Court to grant the implicit request for expedition without any evidentiary showing from the Commonwealth, and before an independent COFINA agent has even been appointed. In effect, the Oversight Board in its role *as Commonwealth representative* demands relief without even trying to prove the factual predicate for it, and at the same time the Oversight Board in its role *as COFINA representative* concedes that the relief is needed. This is yet another example of how even after owning up to its conflict the Oversight Board continues to try to exert control over the Commonwealth-COFINA dispute.

If there is to be a request for expedition of litigation between the Commonwealth and COFINA, the request should come from the Commonwealth's independent agent, not from the conflicted Oversight Board. And COFINA's independent agent and the COFINA creditors must be given a fair opportunity to oppose that request. If the Commonwealth agent asserts the same ground for expedition as the Oversight Board has—an urgent fiscal problem by November 1— the COFINA agent and creditors should be afforded discovery to test the veracity of this assertion. COFINA creditors, among others, have long been seeking similar financial information from the Oversight Board and the Oversight Board has yet to provide any. In reviewing any request for expedited treatment, the Court should also consider alternatives to expedition such as the availability of financing from COFINA creditors or other lenders.

10

## **CONCLUSION**

For the foregoing reasons, the Oversight Board's Motion should be denied and the Court should instead order the appointment of a COFINA agent and other relief as set forth herein.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 16th day of June, 2017.

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notice to all counsel of record.

Dated: **June 16, 2017**
San Juan, Puerto Rico

/s/      Eric Pérez-Ochoa
Eric Pérez-Ochoa
USDC-PR No. 206314
/s/      Alexandra Casellas-Cabrera
Alexandra Casellas-Cabrera
USDC-PR. No. 301010
/s/      Lourdes Arroyo-Portela
Lourdes Arroyo Portela
USDC-PR 226501
**ADSUAR MUÑIZ GOYCO.**
**SEDA & PEREZ-OCHOA, P.S.C.**
208 Ponce de León Avenue, Suite 1600
San Juan, Puerto Rico 00936
Telephone: 787. 756.9000
Facsimile: 787. 756.9010
Email: epo@amgprlaw.com
           acasellas@amgprlaw.com
           larroyo@amgprlaw.com

– and –

Marcia Goldstein (admitted *pro hac vice*)
Jonathan Polkes (admitted *pro hac vice*)
Salvatore A. Romanello (admitted *pro hac vice*)
Gregory Silbert (admitted *pro hac vice*)
Kelly DiBlasi (admitted *pro hac vice*)
Gabriel A. Morgan (admitted *pro hac vice*)

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email:  marcia.goldstein@weil.com
           jonathan.polkes@weil.com
           salvatore.romanello@weil.com
           gregory.silbert@weil.com
           kelly.diblasi@weil.com
           gabriel.morgan@weil.com

*Attorneys for National Public Finance Guarantee Corporation*