UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**OBJECTION OF COFINA SENIOR BONDHOLDERS' COALITION
TO MOTION OF DEBTORS FOR ORDER APPROVING PROCEDURE
TO RESOLVE COMMONWEALTH-COFINA DISPUTE**

**TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION ................................................................................................................1

II. OBJECTION .......................................................................................................................3

    A. COFINA Senior Representatives Are The COFINA Creditor Constituencies Who Must Agree Upon the COFINA Agent ..................................3

    B. Any Settlement Between The Commonwealth Agent And COFINA Agent Must Be Subject To Court Approval........................................................................6

    C. The COFINA Senior Representatives Should Be Permitted To Intervene In Any Litigation Commenced Pursuant To The Protocol Motion .........................7

    D. The COFINA Agent Must Owe Fiduciary Duties To COFINA .............................7

    E. Pre-Petition Mediation Should Resume ..................................................................8

III. CONCLUSION ................................................................................................................10

TO THE HONORABLE UNITED STATES DISTRICT JUDGE LAURA TAYLOR SWAIN:

The COFINA Senior Bondholders' Coalition[1] respectfully submits this objection (the "Objection") to the Motion of the Debtors for Order Approving Procedure to Resolve Commonwealth-COFINA Dispute (the "Protocol Motion") and in support hereof, respectfully represents as follows:

## I. INTRODUCTION[2]

1. In 2006, in the midst of a then unprecedented financial crisis, the Commonwealth created COFINA as an independent instrumentality of the Commonwealth to issue bonds backed by the newly-imposed sales and use tax (the "SUT"). In order to insulate COFINA from the Commonwealth's deteriorating credit rating and to issue bonds at significantly lower costs, the Legislative Assembly transferred ownership of a portion of the SUT to COFINA (the "Dedicated Sales Tax") to be held separate and apart from the Commonwealth's general fund, and granted authority for COFINA to issue bonds and pledge the Dedicated Sales Tax, as a statutory lien.

---

[1] The COFINA Senior Bondholders' Coalition includes José F. Rodríguez Perelló and the following institutional holders of the COFINA senior bonds: Aristeia Horizons, L.P.; Camino Cipres LLC; Camino Roble LLC; Canary SC Master Fund, L.P.; Canyon Capital Advisors LLC (on behalf of its participating clients); River Canyon Fund Management LLC (on behalf of its participating clients); Crescent 1, L.P.; CRS Master Fund, L.P.; Cyrus Opportunities Master Fund II, Ltd.; Cyrus Select Opportunities Master Fund, Ltd.; Cyrus Special Strategies Master Fund, L.P.; Decagon Holdings 1, L.L.C.; Decagon Holdings 2, L.L.C.; Decagon Holdings 3, L.L.C.; Decagon Holdings 4, L.L.C.; Decagon Holdings 5, L.L.C.; Decagon Holdings 6, L.L.C.; Decagon Holdings 7, L.L.C.; Decagon Holdings 8, L.L.C.; Decagon Holdings 9, L.L.C.; Decagon Holdings 10, L.L.C.; Merced Partners Limited Partnership; Merced Partners IV, L.P.; Merced Partners V, L.P.; Pandora Select Partners, L.P.; SB Special Situation Master Fund SPC, Segregated Portfolio D; Scoggin International Fund Ltd.; Scoggin Worldwide Fund Ltd.; Taconic Master Fund 1.5 L.P.; Taconic Opportunity Master Fund L.P.; Tilden Park Investment Master Fund LP; Värde Credit Partners Master, L.P.; Värde Investment Partners, L.P.; Värde Investment Partners (Offshore) Master, L.P.; The Värde Skyway Master Fund, L.P; Whitebox Asymmetric Partners, L.P.; Whitebox Institutional Partners, L.P.; Whitebox Multi-Strategy Partners, L.P.; and Whitebox Term Credit Fund I L.P.

[2] Capitalized terms used but not defined herein shall have the meaning given to them in the Motion.

2. The COFINA structure—commonly known as a securitization—is a well-established form of municipal financing that states and municipalities use to raise funds efficiently by insulating investors from unknown risks, including political and economic risks, and allowing investors to more accurately measure the credit risk based upon a segregated, dedicated revenue stream. Notwithstanding the manifest benefits that COFINA has provided the Island over the last decade and the strong legal and contractual protections that the Legislative Assembly granted in connection with COFINA's creation and over the ensuing years, certain holders of unsecured general obligation bonds ("GO Bonds," and the holders of the bonds, the "GO Bondholders") have belatedly sought to challenge the COFINA structure by contending that the Dedicated Sales Tax should be subject to "clawback" in order to service GO Bonds.

3. While the GO Bondholders' claims lack merit for a variety of reasons, the COFINA Senior Bondholders' Coalition does not dispute that the Commonwealth-COFINA Dispute is a gating issue in the Title III Cases. Moreover, in recognition of the key role that the Oversight Board plays in the Title III Cases, the COFINA Senior Bondholders' Coalition is prepared to participate in the process that the Oversight Board has proposed, subject to modification of certain key aspects of the Proposed Procedures that it believes raise significant concerns.

4. To that end, the COFINA Senior Bondholders' Coalition has been working diligently with Ambac Assurance Corp. ("Ambac"), and National Public Finance Guarantee Corp. ("National", and with the COFINA Senior Bondholders' Coalition and Ambac, the "COFINA Senior Representatives") to coordinate a joint response to the Protocol Motion. While unable to reach complete agreement on every issue, the COFINA Senior Representatives have identified several areas upon which they unanimously agree. The COFINA Senior

Representatives submit that any order approving the Motion (the "Procedures Order") should be substantially in the form of order attached hereto as Exhibit A[3] and should include the following:

- ***The COFINA Senior Representatives Must Unanimously Agree on the Selection of A COFINA Agent.*** The COFINA Agent must be an individual upon whom the COFINA Senior Representatives unanimously agree. The COFINA Senior Representatives will submit the nominee to serve as the COFINA Agent within 10 days of entry of the Procedures Order, who shall be appointed as the COFINA Agent.

- ***Court Approval of Any Settlement of the Commonwealth-COFINA Dispute Shall Be Required.*** Any settlement reached pursuant to the Procedures Order shall not be effective unless and until the Court has entered an order approving such settlement.

- ***COFINA Senior Representatives Shall Be Granted Intervention in Any Litigation Commenced Pursuant to the Procedures Order.*** The COFINA Senior Bondholders' Coalition, Ambac, and National shall be authorized to intervene in any litigation commenced pursuant to the Procedures Order without any further order of the Court.

- ***The COFINA Agent Shall Owe Fiduciary Duties to COFINA.*** The COFINA Agent shall owe fiduciary duties to COFINA, and not to any individual creditor or creditor group. For the avoidance of doubt, no Agent shall have the authority to litigate or settle any matter other than the Commonwealth-COFINA Dispute.

- ***Pre-Petition Mediation Shall Resume.*** The mediation that began prior to the commencement of the Title III Cases among the COFINA senior bondholders, COFINA subordinate bondholders, monolines, GO Bondholders, and the Oversight Board, among others (collectively, the "Mediation Parties"), shall resume promptly. The mediator shall be selected from among the members of the Court-appointed Mediation Team (defined below).

The COFINA Senior Bondholders' Coalition expands on these points below.

## II.     OBJECTION

### A.     COFINA Senior Representatives Are The COFINA Creditor Constituencies Who Must Agree Upon the COFINA Agent

5.     The Proposed Procedures identify five groups of COFINA creditors and stakeholders to participate in the process to nominate an Agent for COFINA. *See* Mot. ¶ 38d and

---

[3] Attached hereto as Exhibit B is a redline showing the changes between Exhibit A and the proposed order that was attached to the Motion.

3

Ex. C. This list includes: (1) UBS Family of Funds/Puerto Rico Family of Funds ("UBS"); (2) Mutual Fund Group; (3) COFINA Senior Bondholders' Coalition; (4) Ambac; and (5) National. However, due to the Mutual Fund Group's conflicts of interest and UBS's questionable selling practices, selection of the COFINA Agent should require the consent only of the COFINA Senior Representatives.

6. The Mutual Fund Group holds not only COFINA subordinate and senior bonds, but also over $5.4 billion of bonds issued by the Commonwealth and other territorial instrumentalities, **including over $1.8 billion in GO Bonds**. *See* Mutual Fund Group's Response to the Bank of New York Mellon's Urgent Motion for An Order to Show Cause and Incorporated Memorandum of Law, Adv. Pro. No. 17-133 (LTS) (Docket No. 20) at 4 n.3. The $5.4 billion of non-COFINA bonds held by the Mutual Funds far exceeds the $3.5 billion of COFINA bonds they hold. The Mutual Fund Group's hedged position results in an undeniable conflict when it comes to the Commonwealth-COFINA Dispute. This conflict should not be permitted to infect the selection process of the COFINA Agent.

7. Meanwhile, UBS has been the subject of numerous lawsuits and regulatory actions brought in connection with its role as adviser, underwriter, and bond-fund manager for various bonds issued by the Commonwealth.[4] For example, a 2012 SEC order instituting administrative and cease-and-desist proceedings against UBS stated that UBS made "misrepresentations and omissions of material facts to numerous retail customers in Puerto Rico" about the liquidity and pricing of non-exchange traded, closed-end bonds.[5] UBS settled

---

[4] *See Puerto Rico Pension Fund Joins Suit Against UBS Over Muni Bonds*, Bloomberg, Sept. 27, 2016, available at: https://www.bloomberg.com/news/articles/2016-09-27/puerto-rico-pension-fund-joins-suit-against-ubs-over-muni-bonds.

[5] Order Instituting Administrative And Cease-And-Desist Proceedings Pursuant To Section 8a Of The Securities Act Of 1933 And Sections 15(B) And 21c Of The Securities Exchange Act Of 1934,

with the SEC, agreeing to pay fines and disgorge funds. Since December 2016 alone, UBS has lost three multimillion-dollar cases in FINRA proceedings relating to Commonwealth bonds or bond funds.[6] The claimant in the latest arbitration award alleged fraud, deceit, recklessness, and negligence on the part of UBS. *Id.* In fact, the issues regarding selling practices in connection with Commonwealth bonds has been of such concern that section 104(o) of PROMESA expressly authorizes the Oversight Board to "investigate the disclosure and selling practices in connection with the purchase of bonds issued by a covered territory for or on behalf of any retail investors . . . and any relationships or conflicts of interest maintained by such broker, dealer, or investment advisor as provided in applicable laws and regulations." PROMESA § 104(o). UBS' primary goals in these proceedings are to mitigate its exposure and obtain a release of all claims that could be asserted against it. These goals compromise UBS' ability to select an effective advocate for COFINA.

8. In light of the foregoing, the Mutual Fund Group and UBS should not be permitted to participate in the nomination process for appointing the COFINA Agent. At the very least, the Procedures Order should provide that any individual appointed as the COFINA Agent must by supported by all three of the COFINA Senior Representatives. The consent of the Mutual Fund Group and UBS should not be required in selecting the COFINA Agent.

---

Making Findings, And Imposing Remedial Sanctions And A Cease-And-Desist Order, *In re UBS Financial Services Inc. of Puerto Rico*, File No. 3-14863 (May 1, 2012).

[6] *See UBS Loses Another Puerto Rico Bond Claim, This Time For $4.4 Million*, InvestmentNews, Mar. 31, 2017, available at: http://www.investmentnews.com/article/20170331/FREE/170339985/ubs-loses-another-puerto-rico-bond-claim-this-time-for-4-4-million; *Finra Arbitration Panel Hits UBS With $9M Award in Puerto Rico Bond Case*, InvestmentNews, Feb. 17, 2017, available at: http://www.investmentnews.com/article/20170217/FREE/170219900/finra-arbitration-panel-hits-ubs-with-9m-award-in-puerto-rican-bond; *UBS Loses $18 Million Arbitration Award Over Puerto Rico Closed-End Bond Funds*, InvestmentNews, Dec. 5, 2016, available at: http://www.investmentnews.com/article/20161205/FREE/161209965/ubs-loses-18-million-arbitration-award-over-puerto-rico-closed-end.

9. The COFINA Senior Bondholders' Coalition therefore submits that the COFINA Agent should be an individual upon whom the COFINA Senior Representatives unanimously agree. Therefore, the COFINA Senior Representatives will submit the nominee to serve as the COFINA Agent within 10 days of entry of the Procedures Order, who should be appointed as the COFINA Agent.

### B. Any Settlement Between The Commonwealth Agent And COFINA Agent Must Be Subject To Court Approval

10. The Oversight Board has filed the Protocol Motion requesting this Court's approval of the Proposed Procedures, yet under those Proposed Procedures, the Court's approval is *not* required in order for a settlement negotiated by the two Agents to be effective. This is an unfair and unworkable process. The Proposed Procedures must be revised to require Court approval of any settlement negotiated by the Agents.

11. The Proposed Procedures currently provide that "[a]ny settlement by the Agents shall only be effective upon (i) *consent of the Oversight Board*, (ii) an order of the Court granting an Oversight Board motion requesting approval of such settlement, *or* (iii) confirmation of a title III plan of adjustment incorporating such settlement." Mot. ¶ 38j (emphasis added). Thus, a settlement may become effective without any judicial review whatsoever. The Oversight Board should not be permitted to request Court approval of the Proposed Procedures while simultaneously taking the position that it is not required to obtain Court approval of any resultant settlement. Indeed, by filing the Protocol Motion and requesting Court approval of the Proposed Procedures, the Oversight Board has consented under section 305(2) of PROMESA to the Court's review of any settlement reached under those Procedures Order. *See* PROMESA § 305(2) ("*[U]nless the Oversight Board consents* or the plan so provides, the court may not, by any stay order, or decree, in the case or otherwise, interfere with . . . any property or revenues of

6

the debtor[.]") (emphasis added). And, as a practical matter, the Court should serve as an objective check on the Agents' ability to settle issues of such legal and monetary significance. Indeed, creditors who hold billions of dollars at issue in this dispute should have assurances that any settlement resulting from the Proposed Procedures will be presented to and subject to the approval of the Court. Accordingly, the Procedures Order should provide that any settlement of the Commonwealth-COFINA Dispute shall not be effective unless and until the Court has entered an order approving such settlement.

### C. The COFINA Senior Representatives Should Be Permitted To Intervene In Any Litigation Commenced Pursuant To The Protocol Motion

The COFINA Senior Bondholders' Coalition, whose interests and legal rights will be significantly impacted by any litigation commenced pursuant to the Protocol Motion (a fact recognized by the Oversight Board, whose Proposed Procedures acknowledge this overriding interest by permitting the COFINA Senior Bondholders' Coalition to participate in the selection of the COFINA Agent), request that it and the other COFINA Senior Representatives be permitted to intervene in any such litigation for all purposes. Intervention of the economic stakeholders in the Commonwealth-COFINA Dispute is more likely to result in a settlement of the dispute rather than a final litigated outcome.

### D. The COFINA Agent Must Owe Fiduciary Duties To COFINA

12. While the Proposed Procedures provide for the appointment of "an independent agent to serve as the COFINA representative to litigate and/or settle the Commonwealth-COFINA Dispute on behalf of COFINA", Mot. ¶ 38c, they do not specify that such COFINA Agent shall be a fiduciary of, and therefore owe fiduciary duties to, COFINA. Rather, the COFINA Agent is required only to "endeavor to the best of the Agent's ability under the circumstances to litigate and negotiate from the perspective of what result is best for the Debtor

7

the Agent represents . . . ." *Id.* ¶ 38h. Given the crucial role that the COFINA Agent will play in the outcome of COFINA's Title III Case, the Procedures Order should make clear that the COFINA Agent owes fiduciary duties to only COFINA, and not to any individual creditor, any creditor group, the Commonwealth or any other entity. *Cf. Quadrant Structured Prods. Co. v. Vertin*, 102 A.3d 155, 176 (Del. Ch. 2014) (holding that directors of an insolvent corporation do not owe fiduciary duties to creditors); *North American Catholic Educational Programming Foundation, Inc. v. Gheewalla*, 930 A.2d 92, 103 (Del. 2007) (holding that a creditor even of an insolvent company does not have a direct claim for breach of fiduciary duty against the corporation's directors).

13. Similarly, the Commonwealth Agent should owe fiduciary duties to its debtor— the Commonwealth, and not to any individual creditor or creditor group. Moreover, since the Agents are to be appointed pursuant to the Oversight Board's power to delegate its authority to agents under section 104(a) of PROMESA, the Oversight Board's express purpose under PROMESA "to provide a method for [the Commonwealth] to achieve fiscal responsibility and access to the capital markets" should require the Commonwealth Agent to also act in a way that serves those stated purposes. PROMESA § 101(a).

### E. Pre-Petition Mediation Should Resume

14. Before the Title III Cases were commenced, the Mediation Parties participated in a mediation, pursuant to a mediation agreement, executed as of April 12, 2017 (the "Mediation Agreement"), in an attempt to reach a consensual resolution of the Commonwealth-COFINA Dispute. Prompt resumption of the mediation process, pursuant to the Mediation Agreement, will provide the parties with an additional opportunity to reach resolution of the Commonwealth-COFINA Dispute. Moreover, mediation dovetails directly with the process envisioned in the Court's recent order (Docket No. 329) (the "Mediation Order"), which designated a team of

distinguished sitting federal judges (the "Mediation Team") who will be available to facilitate confidential settlement negotiations of any and all issues and proceedings arising in these cases.

15. At the first hearing in these Title III Cases, counsel for the Oversight Board informed the Court that both the COFINA bondholders and the GO bondholders had expressed a willingness to continue with mediation. *See* May 17, 2017 Hr'g Tr. 18:20-24. Counsel further represented to the Court that the Oversight Board "is going to press both sides to negotiate, ***and if that doesn't produce a settlement***, [it] will either try to have the COFINA board of directors or a special committee of it negotiate a settlement with the Governor, and then bring it to Your Honor for approval, or [it] will press the parties to litigate the issue in this Court, inside or outside of a plan of adjustment." *Id.* at 18:25-19:6. Yet the Oversight Board's Proposed Procedures omit any continued mediation and instead calls for the immediate commencement of litigation within 10 days of the appointment of the Agents. The filing of the Title III Cases should not be used as a cudgel to force a litigation-only resolution of the Commonwealth-COFINA Dispute; rather, it should be used as a forum to facilitate good faith negotiations among the parties in an effort to reach a consensual resolution of the dispute. A mediated settlement would avoid the need to expend significant resources litigating the complex Commonwealth-COFINA Dispute.

16. Accordingly, in light of the Mediation Order, the COFINA Senior Bondholders' Coalition respectfully requests that the Court (i) direct the Mediation Parties to promptly resume mediation negotiations pursuant to the Mediation Agreement, and (ii) appoint a mediator from Mediation Team.

9

### III. CONCLUSION[7]

For the foregoing reasons, the COFINA Senior Bondholders' Coalition respectfully requests that the Procedures Order (a) require that the individual appointed to serve as the COFINA Agent is approved by each of the COFINA Senior Representatives, (b) require that any settlement reached pursuant to the Procedures Order be presented to and subject to the approval of the Court, (c) permit the COFINA Senior Representatives to intervene in any litigation commenced pursuant to the Procedures Order, (d) specify that the COFINA Agent owes fiduciary duties to COFINA, and not to any individual creditor, any creditor group, the Commonwealth or any other entity, (e) require that the mediation commenced pre-petition shall resume promptly, pursuant to the Mediation Agreement, and appoint a mediator from among the members of the Mediation Team, and (f) grant such other and further relief that the Court deems appropriate.

---

[7] For the avoidance of doubt, nothing herein is or should be construed to be an admission of *any* type whatsoever, nor does anything herein *limit*, restrict or waive any and all rights, claims, actions, remedies, or defenses that the COFINA Senior Bondholders' Coalition may have under the Resolution, Act 56, PROMESA or other applicable law, all of which rights, claims, actions, remedies or defenses are expressly preserved.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, June 16, 2017.

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

/s/ Susheel Kirpalani
**Susheel Kirpalani** (*admitted pro hac vice*)
susheelkirpalani@quinnemanuel.com

/s/ Eric Winston
**Eric Winston** (*admitted pro hac vice*)
ericwinston@quinnemanuel.com

/s/ Daniel Salinas
**Daniel Salinas**
USDC-PR 224006
danielsalinas@quinnemanuel.com

/s/ Eric Kay
**Eric Kay** (*admitted pro hac vice*)
erickay@quinnemanuel.com

/s/ Kate Scherling
**Kate Scherling** (*admitted pro hac vice*)
katescherling@quinnemanuel.com

/s/ Brant Kuehn
**Brant Duncan Kuehn** (*admitted pro hac vice*)
brantkuehn@quinnemanuel.com

51 Madison Avenue, 22nd Floor
New York, New York 10010-1603

Counsel for the COFINA Senior Bondholders' Coalition

11

**CERTIFICATE OF SERVICE**

  I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the parties of record.

        /s/_____
        USDC-PR [_____]