# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | |
| As representative for | NO. 17 BK 3283 (LTS) |
| THE COMMONWEALTH OF PUERTO RICO Debtor | |

## MOTION FOR RELIEF FROM STAY

**TO THE HONORABLE COURT:**

**COMES NOW** Manuel L. Morales-Schmidt, Esq., legal representative for **Emmanuel Aponte-Colón ("Mr. Aponte-Colón" or "Movant")**, and respectfully moves for an Order pursuant to 11 U.S.C. §362 for relief from the Automatic Stay and, in support of its motion, states and prays as follows:

1. On January 26, 2017, Movant filed a Claim against the Commonwealth of Puerto Rico, Emmanuel Aponte-Colón v. Estado Libre Asociado de Puerto Rico, KAC2017-0090, under the Uniform Forfeiture Act of 2011, 34 L.P.R.A. §1724 et seq., before the Court of First Instance in and for the Municipality of San Juan to contest the forfeiture of his automobile as a result of a criminal investigation. The vehicle in question is a 2007 Toyota Scion.

2. The basis for contesting the forfeiture is the lack of compliance of the Forfeiture Board with Article 13 of the Forfeiture Act, 34 L.P.R.A. §1724j, which states that the forfeiture must be notified by certified mail to the owner and any other person with interest on the vehicle within the **jurisdictional** term of thirty (30) days from the date when the property was seized.

3. In that case the Forfeiture Board notified the forfeiture of the vehicle 93 days after it was seized since the intervention and seizure was on October 3, 2016 and the order of forfeiture was notified on January 4, 2017. Following on Puerto Rico Supreme Court doctrine with regards to the interpretation of this statute, the forfeiture is null and void *ab initio* and the vehicle must be returned to the owner.

4. The case is pending only a hearing required by Art. 15 of the Uniform Act, 34 L.P.R.A. §1724l, to establish that Movant is the owner or a party with interest, which he is since the vehicle registration is under his name, in order to have standing for the claim and obtain a summary judgment in his favor to have the Court order the return of the vehicle. The Motion for Summary Judgement was filed on March 2, 2017.

5. On May 31, 2017, the Commonwealth of Puerto Rico filed a motion informing the Court in that case that it had filed a bankruptcy petition under Title III of PROMESA, case no. 17-1578 ("Petition"), and that the filing of the Petition would have the effect of enforcing an automatic stay pursuant to Section 301(a) of PROMESA ("Section 301(a)").

6. Section 301 (a) states that, among other things, 11 U.S.C. §362 of the United States Bankruptcy Code is applicable to petition under Title III of PROMESA.

7. The automatic stay of case KAC2017-0090 should be lifted pursuant to 11 U.S.C. §362 (d)(1) for cause, including but not limited to, lack of adequate protection.

8. In accordance with 11 U.S.C. §362 (d)(2), the automatic stay should be lifted because the Commonwealth of Puerto Rico has no equity in the seized vehicle as the forfeiture is null and void *ab initio* for lack of compliance with the jurisdictional term to notify the forfeiture pursuant to 34 L.P.R.A. §1724j. Neither is the property necessary to an effective reorganization of the Commonwealth of Puerto Rico.

9. At the time this Motion has been filed, the Commonwealth of Puerto Rico does not have a proprietary interest in the vehicle since in accordance with Art. 18 of the Uniform Act, 34 L.P.R.A. §1724o, the property can only be transferred to the Forfeiture Board if the term of 30 days to present the claim once the notification is sent, elapses without any of the parties with interest filing a claim to contest the forfeiture, which is not the case here.

10. Should relief be denied, Movant will suffer irreparable damages since the vehicle could be sold in auction by the Commonwealth as the Uniform Act does allow sale of the vehicle even while the case is pending and once sold, all Movant is entitled to is the appraised value, which is typically under 50% the real value, and payment would take over 18 months to be made after the order.

**WHEREFORE**, for the reasons set forth above, Movant respectfully requests that this Court enter an order granting relief from the automatic stay allowing Movant to continue to contest the forfeiture of his vehicle currently pending before the Court for and in the Municipality of San Juan and to pursue any such additional actions as may be necessary with respect to her automobile and for such other and further relief as this Court deems appropriate.

**RESPECTFULLY SUBMITTED, i**n San Juan, Puerto Rico, this 16th day of June 2017.

S/*Manuel L. Morales Schmidt*
**Manuel L. Morales-Schmidt**
USDC-PR#301608
Urb. Sta. Cruz
Esteban Padilla #47 Ste. 1-A
Bayamón, P.R. 00961
Tel.: (787) 993-2109
Fax: (787) 946-1767
lcdo.manuelmorales@delgado-morales.com