## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO ("ERS"),<br><br>     Debtor.[2] | PROMESA<br>Title III<br><br>No. 17 BK 3566-LTS<br><br>(Joint Administration Requested) |

## LIMITED RESPONSE AND JOINDER OF THE BANK OF NEW YORK MELLON, AS FISCAL AGENT, TO MOTION OF CERTAIN SECURED CREDITORS OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO REQUEST FOR ADEQUATE PROTECTION AND FOR RELIEF FROM THE AUTOMATIC STAY

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474).

[2] The last four (4) digits of ERS's federal tax identification number are 9686.

The Bank of New York Mellon (the "<u>Fiscal Agent</u>"), as fiscal agent for pension funding bonds issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>"), through its undersigned counsel, hereby responds to and joins in the *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico Request for Adequate Protection and for Relief from the Automatic Stay* [ECF No. 26] (the "<u>Motion</u>"), pursuant to which Movants seek relief from the automatic stay, and in support hereof, respectfully represents as follows:[3]

## <u>BACKGROUND</u>

### A.   ERS, the Fiscal Agent, and the Resolution

1.   As more fully set forth in the Motion, ERS is a trust established by the Commonwealth in 1951 to provide pension and other benefits to officers and employees of the government of the Commonwealth, members and employees of the Legislature, and officers and employees of public corporations and municipalities of the Commonwealth.  Motion ¶ 10.  ERS is funded by employer contributions and is authorized to incur debt and to secure such debt with its assets.  *Id.* ¶¶ 12, 16.

2.   On January 24, 2008, ERS adopted the Resolution, pursuant to which ERS issued three series of pension funding Bonds in the aggregate original principal amount of approximately $2.9 billion for the purpose of increasing the funds available to pay pension benefits to retired employees of the Commonwealth and its instrumentalities and to reduce ERS's unfunded accrued actuarial pension liability.  The Fiscal Agent serves as fiscal agent under the Resolution.  *See* Resolution § 801.

---

[3]   Capitalized terms used but not defined herein have the meanings given in the Pension Funding Bond Resolution (as supplemented, the "<u>Resolution</u>") adopted by ERS on January 24, 2008.  A copy of the Resolution is attached as Exhibit C to the Motion.

3.      The Resolution requires ERS to "punctually pay or cause to be paid the principal of and premium, if any, on every Bond" and "to promptly collect and remit the Employers' Contributions to the Fiscal Agent."  Resolution § 701.  *See also* Resolution §§ 704, 709 (requiring ERS to perform all acts required under the provisions of the Act and the Resolution).

4.      The Resolution obligates ERS to compensate the Fiscal Agent for all services rendered under the Resolution.  Resolution § 804.  To secure payment of its fees and expenses, the Fiscal Agent has a lien "prior to that of the Bondowners and other Beneficiaries . . . on any and all funds at any time held by it under th[e] Resolution."  *Id.*  Following an Event of Default, payments to Bondowners are made "after making provision for the payment of any expenses of the Fiscal Agent."  *Id.* § 1103.

5.      In accordance with the Resolution, ERS granted the Fiscal Agent, for the benefit of itself and all Bondowners, a security interest in and lien on the Pledged Property, including all employer contributions received by ERS, all right, title, and interest of ERS in and to those contributions, and all rights to receive those contributions.  Resolution § 501; *id.* Ex. B (defining "Pledged Property").  The Pledged Property is free and clear of any other pledge, lien, charge, or encumbrance, *id.* § 705, and the assignment and grant of the security interest is "valid and binding as against all parties having claims of any kind in tort, contract or otherwise against [ERS], irrespective of whether such parties have notice thereof."  *Id.* § 501.

**B.      ERS Title III Case**

6.      On May 21, 2017, the Oversight Board filed a petition for relief on behalf of ERS under title III of PROMESA in the above-captioned case.

7.      On May 31, 2017, the Movants filed their Motion, seeking, among other things, relief from the automatic stay under section 362(d)(1) of the Bankruptcy Code.

8.      By letter dated June 5, 2017, the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") advised Movants and the Fiscal Agent that ERS "will not transfer to the Fiscal Agent from the Segregated Account the amount necessary to pay interest then due on the ERS Bonds for July 1, 2017 or any subsequent payment date."  *See* June 5, 2017, Letter from Counsel for AAFAF to Counsel for the Movants (the "June 5 Letter"), attached as **Exhibit A**, at p. 1.  AAFAF further "advised that any act or action you or any other party may seek to take with respect to enforcement of rights or remedies against ERS without obtaining proper relief before the Title III Court may be a violation of the automatic stay under Bankruptcy Code section 362 (made applicable to ERS's Title III proceeding under PROMESA section 301(a)) and may cause substantial damage to ERS."  *See* Exhibit A at p. 2.

## LIMITED RESPONSE AND JOINDER

9.      The Fiscal Agent joins in the Motion for all the reasons set forth therein. To the extent that the Court grants the Motion, the relief requested should be granted to the Fiscal Agent, as the lienholder for the benefit of itself, Movants, and all other Bondowners and Beneficiaries, as opposed to relief solely for Movants.

WHEREFORE, the Fiscal Agent respectfully requests that the Court enter an order granting the Fiscal Agent, for the benefit of itself, all Bondowners, and other Beneficiaries, (a) relief from the automatic stay (i) to exercise rights and remedies under the Resolution, including enforcement of its liens and security interests and (ii) to apply funds currently held or

hereafter received by the Fiscal Agent in accordance with the Resolution; or (b) adequate

protection of the Fiscal Agent's rights and interests at law and under the Resolution.[4]

Dated:  June 19, 2017                    Respectfully submitted,
           San Juan, Puerto Rico

                                         SEPULVADO & MALDONADO, PSC

                              By:    /s/ Lee Sepulvado Ramos
                                     Lee Sepulvado Ramos
                                     USDC-PR Bar No. 211912
                                     252 Ave. Ponce de León, Suite 1900
                                     Citibank Tower San Juan, PR 00918
                                     Telephone:  (787) 765-5656
                                     Facsimile:  (787) 294-0073
                                     Email:  lsepulvado@smlawpr.com

                                     REED SMITH LLP
                                     Eric A. Schaffer (*pro hac vice*)
                                     Luke A. Sizemore (*pro hac vice*)
                                     225 Fifth Avenue, Suite 1200
                                     Pittsburgh, PA 15222
                                     Telephone:  (412) 288-3131
                                     Facsimile:  (412) 288-3063
                                     Email:  eschaffer@reedsmith.com
                                     Email:  lsizemore@reedsmith.com

                                     REED SMITH LLP
                                     Kurt F. Gwynne (*pro hac vice*)
                                     1201 N. Market Street, Suite 1500
                                     Wilmington, DE 19801
                                     Telephone:  (302) 778-7550
                                     Facsimile:  (302) 778-7575
                                     Email: kgwynne@reedsmith.com

                                     *Counsel for The Bank of New York Mellon,
                                     as Fiscal Agent*

---

[4]    Numerous cases recognize that stay relief is warranted for funds held by an indenture trustee or agent.  *See, e.g., In re Hernando Healthcare, Inc.*, 157 B.R. 701 (Bankr. M.D. Fla. 1993) (indenture trustee entitled to relief from automatic stay to apply debt service reserve fund); *In re Continental Airlines, Inc.*, 134 B.R. 536, 542 (Bankr. D. Del. 1991) (granting relief to allow trustee use of construction and debt reserve funds); *In re Central Med. Ctr., Inc.*, 122 B.R. 568, 573 (Bankr. E.D. Mo. 1990) (where funds are held in trust for the benefit of bond holders, debtors cannot divest the bondholders of their rights in such funds); *United Jersey Bank v. CS Assocs.* (*In re CS Assocs.*), 121 B.R. 942 (Bankr. E.D. Pa. 1990) (trustee granted relief from stay to apply bond reserve fund).