**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------------------x

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of,<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

------------------------------------------------------------------------------------x

**ORDER APPROVING
PROCEDURE TO RESOLVE COMMONWEALTH-COFINA DISPUTE**

Upon the *Motion of Debtors for Order Approving Procedure to Resolve the Commonwealth-COFINA Dispute* (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that certain of the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard statements in support of

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

the Motion and objections to the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion, the *Limited Objection of Assured Guaranty Corp. and Assured Guaranty Municipal Corp. to Motion of Debtors for Order Approving Procedure To Resolve Commonwealth-COFINA Dispute* and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

2. The Oversight Board may implement the following actions and procedures relating to the Commonwealth-COFINA Dispute:

   a. The Oversight Board, as representative of title III debtor Commonwealth of Puerto Rico pursuant to PROMESA section 315(b), shall appoint an independent agent to serve as the Commonwealth representative to litigate and/or settle the Commonwealth-COFINA Dispute on behalf of the Commonwealth (the "Commonwealth Agent").

   b. The Oversight Board shall select the Commonwealth Agent from among two nominations made by the creditors of the Commonwealth listed on Exhibit B of the Motion.

   c. The Oversight Board, as representative of title III debtor COFINA pursuant to PROMESA section 315(b), shall appoint an independent agent to serve as the COFINA representative to litigate and/or settle the Commonwealth-COFINA Dispute on behalf of COFINA (the "COFINA Agent").

   d. The Oversight Board shall select the COFINA Agent from among the statutory creditors' committee that may be appointed in COFINA's title III case and at least two nominations made by the creditors and other interested stakeholders of COFINA listed on Exhibit C of the Motion.

   e. If the creditors on Exhibit B and/or Exhibit C of the Motion fail to agree on two nominations, Oversight Board members Arthur J. Gonzalez and David A. Skeel shall select the Agent(s) after consulting with creditors and considering potential persons that had and had not been nominated.

   f. Each Agent shall be entitled to retain legal and other professionals it reasonably deems appropriate.

    i. Each Agent and each of its retained advisors shall be compensated by the Debtor on whose behalf they are acting, in conformity with PROMESA section 316 and any interim compensation procedures ordered by the Court.

g. The Agents shall cooperate to commence the litigation to resolve the Commonwealth-COFINA Dispute by no later than ten (10) days after the Agents are appointed. In advance of the commencement of such litigation, the Agents, the Oversight Board, and AAFAF shall agree to a schedule constructed to enable the Court to rule, on a dispositive basis, on the Commonwealth-COFINA Dispute, in the absence of a prior settlement. Subject to paragraph 2(j) of this Order, this Order does not impair or release any rights of the government or the Oversight Board under PROMESA or otherwise; provided, however, the Oversight Board may not settle the Commonwealth-COFINA Dispute without the consent of both of the Agents. Nothing in this Order shall impair any Agent's rights to appeal this Court's decision.

h. Each Agent shall endeavor to the best of the Agent's ability under the circumstances to litigate and negotiate from the perspective of what result is best for the Debtor the Agent represents based on the Agent's estimation of the probabilities of the potential outcomes, as opposed to what result is best for any particular type of creditor of the Debtor the Agent represents, consistent with the approach explained by Chancellor Allen of the Delaware Chancery Court in *Credit Lyonnais Bank Nederland, N.V. v. Pathe Communications Corp.*, 1991 Del. Ch. LEXIS 215*108 n. 55 (Del. Ch. 1991), and espoused in *Protective Committee for Independent Shareholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968).

i. To the extent it is necessary or desirable to link a settlement to the treatment of creditors' claims in a title III plan of adjustment, the Oversight Board may participate in the negotiations in an effort to reach such a settlement.

j. Any settlement negotiated by the Agents shall be effective only upon (i) adequate and appropriate notice of such settlement to creditors and an order of the Court granting an Agent's or the Oversight Board's motion requesting approval of such settlement, or (ii) confirmation of a title III plan of adjustment incorporating such settlement.

k. Notwithstanding the appointment of Agents, the Oversight Board shall remain the only party authorized by PROMESA to propose a title III plan of adjustment.

3. Nothing herein shall deprive AAFAF and the government of any standing and other rights to appear that they have in any other litigations.

4. The Debtors and the Oversight Board, as the Debtors' representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this order in accordance with the Motion.

-3-

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.

Date:_____, 2017
    San Juan, Puerto Rico

_____
Honorable Laura Taylor Swain
United States District Judge