**Hearing Date**: June 28, 2017 at 9:30 a.m. (Prevailing Eastern Time)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors.[1] | (Jointly Administered) |

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3566-LTS |
| THE EMPLOYEES RETIREMENT<br>SYSTEM OF THE GOVERNMENT OF THE<br>COMMONWEALTH OF PUERTO RICO ("ERS"), | (Joint Administration Requested) |
| Debtor.[2] | |

-------------------------------------------------------------x

[*Caption continued on next page*]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474).

[2] The last four (4) digits of ERS's federal tax identification number are 9686.



-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY ("HTA"),

      Debtor.[3]

PROMESA
Title III

No. 17 BK 3567-LTS

(Joint Administration Requested)

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

      Movants,

    v.

PEAJE INVESTMENTS LLC, *et al.*,[4]

      Respondents.

PROMESA
Title III

No. 17 BK 3283-LTS

(Joint Administration Requested)

-------------------------------------------------------------x

**OMNIBUS REPLY OF
DEBTORS TO OBJECTIONS TO MOTION
FOR ORDER (A) PURSUANT TO PROMESA SECTION 304(g),
DIRECTING JOINT ADMINISTRATION OF INITIAL TITLE III CASES
AND ADDITIONAL TITLE III CASES AND (B) PURSUANT TO SECTION
105(a) OF THE BANKRUPTCY CODE, MAKING CERTAIN ORDERS ENTERED
<u>ON FIRST DAY PLEADINGS APPLICABLE TO THE ADDITIONAL TITLE III CASES</u>**

To the Honorable United States District Court Judge Laura Taylor Swain:

     The Commonwealth of Puerto Rico (the "<u>Commonwealth</u>"),[5] the Puerto Rico Sales Tax

Financing Corporation ("<u>COFINA</u>"), the Puerto Rico Highways and Transportation Authority

---

[3] The last four (4) digits of HTA's federal tax identification number are 3808.

[4] *See* n. 7 for the list of objections.

[5] Capitalized terms used but not defined herein have the meanings given to them in the Motion (as defined herein).

("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "ERS," and together with the Commonwealth, COFINA, and HTA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico, as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[6] respectfully submit this omnibus reply (the "Omnibus Reply") to the objections[7] filed to the *Motion for Order (A) Pursuant to PROMESA Section 304(g), Directing Joint Administration of Initial Title III Cases and Additional Title III Cases and (B) Pursuant to Section 105(a) of the Bankruptcy Code, Making Certain Orders Entered on First Day Pleadings Applicable to the Additional Title III Cases* [Case No. 17-3283-LTS, ECF No. 298] (the "Motion"), and respectfully represent as follows:

## Omnibus Reply

1.     Since the filing of the Motion, the Debtors have engaged with parties in interest to address their various concerns regarding the Motion.  The parties' efforts have resulted in good-faith progress toward the consensual resolution of these objections, and resulted in revisions to the proposed order granting the Motion, a copy of which is attached hereto as **Exhibit A** (the "Revised Proposed Order").[8]

---

[6]  PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[7]  *See* (i) *Omnibus Objection of Peaje Investments LLC to the Debtors' (I) Motion for a Stay of Peaje's Pending Actions, and (II) Request Made in the Debtors' Joint Administration Motion to Render the Commonwealth's and COFINA's Bank Accounts Motion Applicable in HTA's Title III Case* [Case No. 17-3283-LTS, ECF No. 359 and Case No. 17-3567-LTS, ECF No. 104] and (ii) *Objection of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Debtor's Motion for Entry of an Order Directing Joint Administration of Title III Cases* [Case No. 17-3566-LTS, ECF No. 83].

[8]  A redline demonstrating the revisions incorporated in the Revised Proposed Order is attached hereto as **Exhibit B**.

2.      Peaje Investments LLC ("Peaje") objected to the Motion to the extent it seeks application of the Bank Accounts Motion to HTA's title III case.  The Revised Proposed Order now clarifies that all rights of parties in interest are reserved with respect to the Bank Accounts Motion. Even without the new provisions, Peaje's objection is misplaced.  At the May 17, 2017 hearing in the Commonwealth's and COFINA's cases, the Court declined to rule on the Bank Accounts Motion, instead taking it under advisement.  The Debtors have not yet presented a revised proposed order to the Bank Accounts Motion, but if and when they do, parties will have the opportunity to object to such revised proposed order.  Accordingly, Peaje's and other parties' rights—with or without the language added to the Revised Proposed Order—are not affected. This clarification should resolve Peaje's objection, though at this time Peaje has not accepted this resolution and has not withdrawn its objection.  It should therefore be overruled.

3.      Additionally, certain bondholders of the ERS (the "ERS Bondholders") objected to the Motion on the basis of an alleged conflict between the Commonwealth and ERS, virtually the same argument that other creditors raised in connection with the *Motion of Debtors Pursuant to PROMESA Section 304(g) and Bankruptcy Rule 1015(b) for Entry of Order Directing Joint Administration of Title III Cases and Granting Related Relief* [Case No. 17-3283-LTS, ECF No. 41].[9]  The ERS Bondholders' concerns were resolved with language in the Revised Proposed

---

[9] *See*, *e.g.*, (i) *Ambac Assurance Corporation's Omnibus Objection to Certain of Debtors' First Day Motions* [Case No. 17-3283-LTS, ECF No. 113] (noting conflicts of interest in the joint administration of the Commonwealth's and COFINA's Title III Cases); (ii) *Objection of the Puerto Rico Funds to Debtors' Motion for Entry of an Order Directing Joint Administration of Title III Cases* [Case No. 17-3283-LTS, ECF No. 114] (same); (iii) *Mutual Fund Group's Omnibus Objection to Debtors' First Day Motions* [Case No. 17-3283-LTS ECF No. 120] (same); (iv) *Limited Objection of National Public Finance Guarantee Corporation to (I) Motion of Debtors for Order (A) Imposing and Rendering Applicable Local Bankruptcy Rules to These Title III Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief and (II) Motion of Debtors Pursuant to PROMESA Sections 304(g) and Bankruptcy Rule 1015(b) for Entry of Order*

Order that it only provides for joint administration for procedural purposes and does not promote or prejudice any substantive rights of any party.  No party is granted or denied standing to pursue its claims.  The Debtors are not seeking substantive consolidation.  The Debtors are merely seeking to extend the protocol that has already been ordered in the title III cases of the Commonwealth and COFINA, establishing a master docket for those cases, to include the title III cases of the Additional Debtors.  The ERS Bondholders have agreed that the Revised Proposed Order addresses their concerns, and their objection is resolved.

4.     In permitting joint, procedural administration of the title III cases of the Commonwealth and COFINA, this Court recognized that joint administration does not depend on the subject debtors not having claims against each other.  Existence of a claim between two debtors should not deprive parties in interest in the Debtors' Title III Cases of the efficiency of joint administration solely for procedural purposes, through the maintenance of a single docket where all pleadings concerning the Debtors shall be made available,[10] substantially outweighing the costs of filing pleadings on multiple dockets.[11]  Indeed, the Debtors believe anything less than a single docket containing all pleadings in the Title III Cases would lead to even greater

---

*Directing Joint Administration of Title III Cases and Granting Related Relief* [Case No. 17-3283-LTS, ECF No. 127] (noting COFINA's lack of independent representation) ; and (v) *Omnibus Objection of COFINA Senior Bondholders' Coalition to First Day Motions Regarding Bank Accounts (Dkt. 60), Joint Administration (Dkt. 41), and Case Management (Dkt. 43)* [Case No. 17-3284-LTS, ECF No. 55] (noting the lack of overlap between the Commonwealth's and COFINA's assets, liabilities, and creditors).

[10] *Id.* ¶ 6 (ordering the Clerk of the United States District Court for the District of Puerto Rico to "maintain one consolidated docket and one file for each of the Title III Cases.").

[11] The Debtors would note that filing motions or other pleadings on the separate dockets of COFINA, HTA, and ERS when only such Debtors, their creditors, or other parties in interest are affected was a suggestion by the Court so that parties interested in only that Debtor's proceedings can monitor just those dockets without having to search the master docket of the Commonwealth.

confusion, as parties not versed in legal matters and other interested parties would be required to search and monitor no less than four court dockets to remain updated in the Debtors' cases.

WHEREFORE the Debtors respectfully request the Court to (a) grant the Motion, (b) overrule any objections thereto, and (c) grant the Debtors such other relief as is just and proper.

Dated: June 24, 2017
     San Juan, Puerto Rico

Respectfully submitted,

*/s/*   Martin J. Bienenstock

Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Maja Zerjal
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/*   Hermann D. Bauer

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

## <u>Exhibit A</u>

**Revised Proposed Order**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

         Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**Re: Docket No. 298**

**ORDER**
**(A) PURSUANT TO PROMESA SECTION 304(G), DIRECTING JOINT**
**ADMINISTRATION OF INITIAL TITLE III CASES AND ADDITIONAL**
**TITLE III CASES, AND (B) PURSUANT TO SECTION 105(A) OF THE**
**BANKRUPTCY CODE, MAKING CERTAIN ORDERS ENTERED ON FIRST**
**DAY PLEADINGS APPLICABLE TO THE ADDITIONAL TITLE III CASES**

Upon the *Motion for Order (a) Pursuant to PROMESA Section 304(g), Directing Joint
Administration of Initial Title III Cases and Additional Title III Cases, and (b) Pursuant to
Section 105(a) of the Bankruptcy Code, Making Certain Orders Entered on First Day Pleadings
Applicable to the Additional Title III Cases* (the "Motion");[2] and the Court having found it has
subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it
appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number
and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are
the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four
Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation
("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID:
8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case
No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees
Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS")
(Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).  (Title III
case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in
the Motion.

found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The above-captioned Title III Cases are consolidated for procedural purposes only and shall be jointly administered by this Court under lead Case No. 17 BK 3283-LTS.

3.      The caption of the jointly administered cases shall read as follows:

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

        as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

        Debtors.[3]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

    4.     An entry shall be made on the dockets of each of the Additional Debtors' Title III

Cases (but not on the docket of the Commonwealth's Title III Case), substantially as follows:

> An order has been entered in accordance with PROMESA section 304(g) and Federal Rule of Bankruptcy Procedure 1015(b), made applicable to this title III case by PROMESA section 310, directing the procedural consolidation and joint administration of the title III cases of the Commonwealth of Puerto Rico and its affiliated debtors. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, lead Case No. 17 BK 3283-LTS; <u>provided</u>, <u>however</u>, that if the pleading or other paper relates solely to this title III case, such pleading shall be filed in both the lead Case No. 17 BK 3283-LTS and this title III case.

---

[3] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

5.      To the extent a party files a motion, pleading, application, objection, reply, response, or other similar court filing (any or all of the foregoing, a "Court Filing") applicable to fewer than all of the jointly administered Debtors, such party shall supplement the above case caption with a second case caption (positioned immediately underneath the main caption above) with the name(s) of the particular Debtor(s) and respective title III case number(s) implicated by the party's Court Filing.  If the Court Filing relates only to a particular Debtor or Debtors (other than the Commonwealth), such Court Filing shall be filed in both the lead Case No. 17 BK 3283-LTS and the applicable title III case(s).  A legend shall accompany the second (and any additional) case caption(s) stating that the Court Filing relates only to the applicable Debtors(s), and the pleading shall be filed in both the lead Case No. 17 BK 3283-LTS and the applicable title III case(s).

6.      The Clerk of the United States District Court for the District of Puerto Rico (the "Clerk's Office") shall maintain one consolidated docket and one file for each of the Title III Cases.  The Clerk's Office may, for administrative purposes only, maintain the consolidated docket and the dockets of the underlying Title III Cases on the CM/ECF system of the United States Bankruptcy Court for the District of Puerto Rico.  The notice, claims, and solicitation agent for the Title III Cases shall maintain one consolidated service list on behalf of the Clerk's Office.

7.      Nothing contained in the Motion or this order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors' cases.

8.      For the avoidance of doubt, this order and the joint administration contemplated herein shall have no substantive impact and will not be cited or relied upon for any substantive

position, including, without limitation, as the basis for filing or not filing a joint plan of adjustment.

9.      All parties' rights are reserved with respect to the *Motion of Debtors Pursuant to Bankruptcy Code Section 105(a) for Entry of Order Confirming Authority of Banks to Continue Honoring Instructions and Payment Instruments with Respect to The Debtors' Bank Accounts* [Docket No. 60].

10.     The Preexisting Orders, set forth in Schedule A to this Order, and each subsequent order entered on the First Day Pleadings listed on Schedule A hereto are hereby made applicable to the Additional Debtors *nunc pro tunc* to the date of commencement of the Additional Debtors' title III cases, as if the Additional Debtors were debtors referred to in said orders, subject to the following modifications:[4]

- The Order (A) Fixing Dates to File Creditor Matrix and List of Creditors and (B) Waiving Local Bankruptcy Rule 1007-1 to the Extent Such Rule is Applicable to These Title III Cases [Docket No. 244] shall apply to the Additional Debtors, provided, however, that, with respect solely to the Additional Debtors, the deadline to file a Creditor Matrix  be extended from June 30, 2017 to July 31, 2017 and the deadline to file a Creditor List be extended from August 30, 2017 to September 15, 2017.
- The Order Authorizing Employment and Payment of Prime Clerk LLC as Solicitation, Notice, and Claims Agent, *Nunc Pro Tunc* to the Petition Dates [Docket No. 245] shall be extended to incorporate the Additional Debtors' retention of Prime Clerk pursuant to the amended and restated Engagement Letter attached to the Motion as Exhibit B.[5]

11.     Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

---

[4]  Where PROMESA or the Bankruptcy Code sets a time frame to be calculated from the petition date, such time will be calculated separately for each Debtor from its respective petition date.

[5]  For the avoidance of doubt, the amended and restated Engagement Letter attached to the Motion as Exhibit B shall apply to all Debtors as of May 21, 2017 and shall supersede the Engagement Letter included with the original Prime Clerk Application, filed under Docket No. 65.

12.     The Debtors and the Oversight Board, as the Debtors' representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this order in accordance with the Motion.

13.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.


Dated: June_____, 2017
      San Juan, Puerto Rico                      _____

                                      Honorable Laura Taylor Swain
                                      United States District Judge

## **<u>Schedule A</u>**

<u>First Day Pleadings Pending Approval</u>

1. Motion of Debtors Pursuant to Bankruptcy Code Section 105(a) for Entry of Order Confirming Authority of Banks to Continue Honoring Instructions and Payment Instruments with Respect to The Debtors' Bank Accounts [Docket No. 60].

2. Motion of Debtor Entities for Order (a) Prohibiting Utilities From Altering, Refusing, or Discontinuing Service, (b) Deeming Utilities Adequately Assured of Future Performance, and (c) Establishing Procedures for Determining Adequate Assurance of Payment [Docket No. 210].

<u>Preexisting Orders</u>

3. Order Pursuant to PROMESA Section 304(g) and Bankruptcy Rule 1015(b) Directing Joint Administration of Title III Cases and Granting Related Relief [Docket No. 242].

4. Order Pursuant to PROMESA Section 315, Bankruptcy Code Sections 105(a) and 923, and Bankruptcy Rules 2002, 9007, and 9008 Approving Form of Notice of Commencement of Title III Cases and Related Matters, Approving Manner of Service and Publication Thereof, and Granting Related Relief [Docket No. 243].

5. Order (a) Fixing Dates to File Creditor Matrix and List of Creditors and (b) Waiving Local Bankruptcy Rule 1007-1 to the Extent Such Rule is Applicable to These Title III Cases [Docket No. 244].

6. Order Authorizing Employment and Payment of Prime Clerk LLC as Solicitation, Notice, and Claims Agent, *Nunc Pro Tunc* to the Petition Dates [Docket No. 245].

## **Exhibit B**

**Redline**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

---------------------------------------------------------------x

In re:                                                         PROMESA
                                                               Title III

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

          as representative of                          No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO, *et al.*     (Jointly Administered)

          Debtors.[1]                                   **Re: Docket No. ——298**

---------------------------------------------------------------x

**ORDER**
**(A) PURSUANT TO PROMESA SECTION 304(G), DIRECTING JOINT**
**ADMINISTRATION OF INITIAL TITLE III CASES AND ADDITIONAL**
**TITLE III CASES, AND (B) PURSUANT TO SECTION 105(A) OF THE**
**BANKRUPTCY CODE, MAKING CERTAIN ORDERS ENTERED ON FIRST**
**DAY PLEADINGS APPLICABLE TO THE ADDITIONAL TITLE III CASES**

Upon the *Motion for Order (a) Pursuant to PROMESA Section 304(g), Directing Joint Administration of Initial Title III Cases and Additional Title III Cases, and (b) Pursuant to Section 105(a) of the Bankruptcy Code, Making Certain Orders Entered on First Day Pleadings Applicable to the Additional Title III Cases* (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]  Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The above-captioned Title III Cases are consolidated for procedural purposes only and shall be jointly administered by this Court under lead Case No. 17 BK 3283-LTS.

3.      The caption of the jointly administered cases shall read as follows:

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

      Debtors.[3]

---------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

4.     An entry shall be made on the dockets of each of the Additional Debtors' Title III

Cases (but not on the docket of the Commonwealth's Title III Case), substantially as follows:

> An order has been entered in accordance with PROMESA section
> 304(g) and Federal Rule of Bankruptcy Procedure 1015(b), made
> applicable to this title III case by PROMESA section 310, directing
> the procedural consolidation and joint administration of the title III
> cases of the Commonwealth of Puerto Rico and its affiliated
> debtors.  All further pleadings and other papers shall be filed in,
> and all further docket entries shall be made in, lead Case No. 17
> BK 3283-LTS; provided, however, that if the pleading or other
> paper relates solely to this title III case, such pleading shall be filed
> in both the lead Case No. 17 BK 3283-LTS and this title III case.

5.     To the extent a party files a motion, pleading, application, objection, reply,

response, or other similar court filing (any or all of the foregoing, a "Court Filing") applicable to

---

[3]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).[1]

fewer than all of the jointly administered Debtors, such party shall supplement the above case caption with a second case caption (positioned immediately underneath the main caption above) with the name(s) of the particular Debtor(s) and respective title III case number(s) implicated by the party's Court Filing. If the Court Filing relates only to a particular Debtor or Debtors (other than the Commonwealth), such Court Filing shall be filed in both the lead Case No. 17 BK 3283-LTS and the applicable title III case(s). A legend shall accompany the second (and any additional) case caption(s) stating that the Court Filing relates only to the applicable Debtors(s), and the pleading shall be filed in both the lead Case No. 17 BK 3283-LTS and the applicable title III case(s).

6.      The Clerk of the United States District Court for the District of Puerto Rico (the "Clerk's Office") shall maintain one consolidated docket and one file for each of the Title III Cases. The Clerk's Office may, for administrative purposes only, maintain the consolidated docket and the dockets of the underlying Title III Cases on the CM/ECF system of the United States Bankruptcy Court for the District of Puerto Rico. The notice, claims, and solicitation agent for the Title III Cases shall maintain one consolidated service list on behalf of the Clerk's Office.

7.      Nothing contained in the Motion or this order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors' cases.

8.      For the avoidance of doubt, this order and the joint administration contemplated herein shall have no substantive impact and will not be cited or relied upon for any substantive position, including, without limitation, as the basis for filing or not filing a joint plan of adjustment.

9.     All parties' rights are reserved with respect to the *Motion of Debtors Pursuant to Bankruptcy Code Section 105(a) for Entry of Order Confirming Authority of Banks to Continue Honoring Instructions and Payment Instruments with Respect to The Debtors' Bank Accounts* [Docket No. 60].

10.     8.  The Preexisting Orders, set forth in Schedule A to this Order, and each subsequent order entered on the First Day Pleadings listed on Schedule A hereto are hereby made applicable to the Additional Debtors *nunc pro tunc* to the date of commencement of the Additional Debtors' title III cases, as if the Additional Debtors were debtors referred to in said orders, subject to the following modifications:[4]

- The Order (A) Fixing Dates to File Creditor Matrix and List of Creditors and (B) Waiving Local Bankruptcy Rule 1007-1 to the Extent Such Rule is Applicable to These Title III Cases [Docket No. 244] shall apply to the Additional Debtors, provided, however, that, with respect solely to the Additional Debtors, the deadline to file a Creditor Matrix  be extended from June 30, 2017 to July 31, 2017 and the deadline to file a Creditor List be extended from August 30, 2017 to September 15, 2017.
- The Order Authorizing Employment and Payment of Prime Clerk LLC as Solicitation, Notice, and Claims Agent, *Nunc Pro Tunc* to the Petition Dates [Docket No. 245] shall be extended to incorporate the Additional Debtors' retention of Prime Clerk pursuant to the amended and restated Engagement Letter attached to the Motion as Exhibit B.[5]

11.     9.  Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

---

[4]  Where PROMESA or the Bankruptcy Code sets a time frame to be calculated from the petition date, such time will be calculated separately for each Debtor from its respective petition date.

[5] For the avoidance of doubt, the amended and restated Engagement Letter attached to the Motion as Exhibit B shall apply to all Debtors as of May 21, 2017 and shall supersede the Engagement Letter included with the original Prime Clerk Application, filed under Docket No. 65.

12.    ~~10.~~ The Debtors and the Oversight Board, as the Debtors' representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this order in accordance with the Motion.

13.    ~~11.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.

Dated: June_____, 2017
     San Juan, Puerto Rico

_____
Honorable Laura Taylor Swain
United States District Judge

## **Schedule A**

<u>First Day Pleadings Pending Approval</u>

1. Motion of Debtors Pursuant to Bankruptcy Code Section 105(a) for Entry of Order Confirming Authority of Banks to Continue Honoring Instructions and Payment Instruments with Respect to The Debtors' Bank Accounts [Docket No. 60].

2. Motion of Debtor Entities for Order (a) Prohibiting Utilities From Altering, Refusing, or Discontinuing Service, (b) Deeming Utilities Adequately Assured of Future Performance, and (c) Establishing Procedures for Determining Adequate Assurance of Payment [Docket No. 210].

<u>Preexisting Orders</u>

3. Order Pursuant to PROMESA Section 304(g) and Bankruptcy Rule 1015(b) Directing Joint Administration of Title III Cases and Granting Related Relief [Docket No. 242].

4. Order Pursuant to PROMESA Section 315, Bankruptcy Code Sections 105(a) and 923, and Bankruptcy Rules 2002, 9007, and 9008 Approving Form of Notice of Commencement of Title III Cases and Related Matters, Approving Manner of Service and Publication Thereof, and Granting Related Relief [Docket No. 243].

5. Order (a) Fixing Dates to File Creditor Matrix and List of Creditors and (b) Waiving Local Bankruptcy Rule 1007-1 to the Extent Such Rule is Applicable to These Title III Cases [Docket No. 244].

6. Order Authorizing Employment and Payment of Prime Clerk LLC as Solicitation, Notice, and Claims Agent, *Nunc Pro Tunc* to the Petition Dates [Docket No. 245].

Document comparison by Workshare Compare on Saturday, June 24, 2017
11:04:28 AM

| Input: | |
|---|---|
| Document 1 ID | file://C:\Users\9201\Desktop\FOMB - Motion for Joint Administration - ERS + HTA (ORDER).docx |
| Description | FOMB - Motion for Joint Administration - ERS + HTA (ORDER) |
| Document 2 ID | file://C:\Users\9201\Desktop\FOMB - Motion for Joint Administration - ERS + HTA (ORDER) (Revised 6-22).docx |
| Description | FOMB - Motion for Joint Administration - ERS + HTA (ORDER) (Revised 6-22) |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 5 |
| Deletions | 5 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |

| Total changes | 10 |
|---|---|