**Hearing Date**: June 28, 2017 at 9:30 a.m. (Prevailing Eastern Time)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

        as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

        Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

        as representative of

THE EMPLOYEES RETIREMENT
SYSTEM OF THE GOVERNMENT OF THE
COMMONWEALTH OF PUERTO RICO ("ERS"),

        Debtor.[2]

PROMESA
Title III

No. 17 BK 3566-LTS

(Joint Administration Requested)

-------------------------------------------------------------x

[*Caption continued on next page*]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474).

[2] The last four (4) digits of ERS's federal tax identification number are 9686.



-----------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY ("HTA"),

             Debtor.[3]

PROMESA
Title III

No. 17 BK 3567-LTS

(Joint Administration Requested)

-----------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

            Movants,

    v.

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT WORKERS OF
AMERICA (UAW), SERVICE EMPLOYEES
INTERNATIONAL UNION, AND AMERICAN
FEDERATION OF STATE, COUNTY &
MUNICIPAL EMPLOYEES, *et al.*,[4]

          Respondents.

PROMESA
Title III

No. 17 BK 3283-LTS

(Joint Administration Requested)

-----------------------------------------------------------x

**OMNIBUS REPLY OF DEBTORS TO RESPONSES TO MOTION
OF DEBTORS PURSUANT TO PROMESA SECTION 301(A) AND
BANKRUPTCY CODE SECTIONS 105(A), 362(A), 365, AND 922 FOR ENTRY OF
ORDER CONFIRMING (I) APPLICATION OF THE AUTOMATIC STAY TO
GOVERNMENT OFFICERS, AGENTS, AND REPRESENTATIVES, (II) STAY
OF PREPETITION LAWSUITS AND ACTIONS AGAINST INHABITANTS
OF PUERTO RICO, AND (III) APPLICATION OF CONTRACT PROTECTIONS**

To the Honorable United States District Court Judge Laura Taylor Swain:

---

[3]  The last four (4) digits of HTA's federal tax identification number are 3808.

[4]  *See* n. 7 for the full list of respondents and objections.

The Commonwealth of Puerto Rico (the "Commonwealth"),[5] the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, COFINA, and HTA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[6] respectfully submit this omnibus reply (the "Omnibus Reply") to the responses (the "Responses")[7] filed to the *Motion of Debtors*

---

[5] Capitalized terms used but not defined herein have the meanings given to them in the Motion (as defined herein).

[6] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[7] *See:* (i) *Response and Reservation of Rights of International Union, United Automobile, Aerospace and Agricultural Implement Workers Of America (UAW), Service Employees International Union, and American Federation of State, County & Municipal Employees to Debtors' Motion for an Order Confirming Application of Automatic Stay, Stay of Prepetition Lawsuits, and Application of Contract Protections [Docket Entry No. 301]* [ECF No. 356] (the "Union Response"); (ii) *Omnibus Objection of Peaje Investments LLC to the Debtors' (I) Motion for a Stay of Peaje's Pending Actions, and (II) Request Made in the Debtors' Joint Administration Motion to Render the Commonwealth's and COFINA's Bank Accounts Motion Applicable in HTA's Title III Case* [ECF No. 359] (the "Peaje Objection"); (iii) *Whitebox Funds' Limited Objection to Motion of Debtors for Order Confirming Application of the Automatic Stay and Related Relief* [ECF No. 368]; (iv) *Reservation of Rights of Ambac Assurance Corporation to Motion of Debtors Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365, and 922 Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition Lawsuits, and (III) Application of Contract Protections* [ECF No. 370]; (v) *Objection of the COFINA Senior Bondholders' Coalition to Motion of Debtors Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365, and 922 for Entry of Order Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition Lawsuits and Actions against Inhabitants of Puerto Rico, and (III) Application of Contract Protections* [ECF No. 371]; (vi) *Reservation of Rights of the Mutual Fund Group to the Debtors' Motion for Entry of an Order Confirming the Application of the Automatic Stay* [ECF No. 380]; (vii) *Ad Hoc Group of General Obligation Bondholders' Limited Objection to Debtors' Motion Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365 and 922 for Entry of Order Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition Lawsuits and Actions Against Inhabitants of Puerto Rico and (III)*

*Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365, and 922 for Entry of Order Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives (II) Stay of Prepetition Lawsuits and Actions against Inhabitants of Puerto Rico (III) Application of Contract Protections* [ECF No. 301] (the "<u>Motion</u>"), and respectfully represent as follows:

### <u>Omnibus Reply</u>

1.       Since the filing of the Motion, the Debtors have engaged with parties in interest to address their various concerns regarding the Motion.  The parties' efforts have resulted in good-faith progress toward the consensual resolution of such issues, and culminated in revisions to the proposed order granting the Motion, a copy of which is attached hereto as **<u>Exhibit A</u>** (the "<u>Revised Proposed Order</u>").[8]  The Revised Proposed Order addresses the vast majority of issues raised by the Responses and also resolves informal concerns raised by National Public Finance Guarantee Corporation.  Such revisions include, without limitation, the following clarifications:

- paragraph 14 provides the order does not interfere with any party's right to bring, prosecute, or to otherwise litigate or engage in an adversary proceeding or contested matter, or discovery related thereto, in these Title III Cases, *provided, however*, that the Debtors reserve all rights to contest any such adversary proceeding, contested matter, other matter not involving a claim against a Debtor, or any discovery in connection therewith, or to otherwise seek relief related thereto;

- paragraph 10, among others, provides that the order does not affect any parties' substantive rights, and the order and the relevant stay provisions apply subject to any exceptions thereto or defenses a party may have under applicable law, including Bankruptcy Code sections 362(b) and 922(d);

---

*Application of Contract Protections* [ECF No. 390]; and (viii) *Objection of Certain Secured Creditors of the Employee Retirement System of the Government of the Commonwealth of Puerto Rico to Debtors' Motion to Confirm Application of the Automatic Stay* [Case No. 17 BK 3566-LTS, ECF No. 84].

[8]  A redline demonstrating the revisions incorporated in the Revised Proposed Order is attached hereto as **<u>Exhibit B</u>**.

- paragraph 10 clarifies the order does not affect the right of any party in interest to seek relief from the automatic stay pursuant to Bankruptcy Code section 362(d);

- footnote 4 specifies that the automatic stay provisions are applicable to a Debtor only from the commencement of that particular Debtor's Title III case, and paragraph 12 and footnote 3 clarify that the order does not apply to any subsequent Title III case unless otherwise ordered by the Court upon notice and an opportunity to be heard; and

- paragraph 6 provides that any action against officials, agents, representatives, other instrumentalities, and inhabitants are only stayed to the extent parties pursuing such actions seek to enforce claims against the Debtors, and the order does not otherwise modify, expand, or eliminate the terms of PROMESA or the Bankruptcy Code.

The Revised Proposed Order resolves all but the Peaje Objection.[9]  Regrettably, despite their efforts, the Debtors do not know what Peaje Investment LLC wants added to or deleted from the Revised Proposed Order, but the Debtors believe most of the issues raised in the Peaje Objection are resolved in the Revised Proposed Order, and the remaining issues are addressed below.

***The Relief Requested Only Confirms Application of the Automatic Stay, and an
Order Confirming the Application of the Automatic Stay Can Be Entered by the Court***

2.    <u>Requests to Confirm the Application of the Automatic Stay are Regularly Granted
in Large Cases</u>.  The Debtors are not asking for affirmative relief from the Court with respect to the Motion.  As explained in the Motion, the Debtors merely seek an order confirming application of the automatic stay.  Similar orders are common in large, complex cases.[10]  This is not surprising—multitudes of parties, including the Commonwealth's residents, may not be

---

[9]   While the Union Response raises certain automatic stay contentions the Debtors disagree with, as set forth below, the Debtors understand the Unions (as defined herein) have no issues with the Revised Proposed Order.

[10]   *See, e.g.*, *In re City of Detroit, Michigan*, No. 13-53846 (Bankr. E.D. Mich. July 25, 2013) (order confirming the existence and effect of the stay and contract protections in a chapter 9 case); *In re New York City Off-Track Betting Corp.*, No. 09-17121 (Bankr. S.D.N.Y. Dec. 9, 2009) (same); *In re China Fishery Group Limited (Cayman)*, No. 16-11895 (Bankr. S.D.N.Y. July, 14, 2016) (same with respect to applicable provisions under chapter 11); *In re Almatis B.V.*, No. 10-12308 (Bankr. S.D.N.Y. May 17, 2010) (same); *In re PLVTZ, Inc.*, No. 07-13532 (Bankr. S.D.N.Y. Nov. 9, 2007) (same).

familiar with the automatic stay or the relief afforded to the Debtors thereby.  By having the Court issue an order confirming its application, the Debtors will have the opportunity to provide notice to parties that may otherwise inadvertently violate the stay, which would require the Debtors to divert their attention and resources from their ongoing restructuring efforts to attend to such violations.  Accordingly, entry of an order granting the Motion should not be confrontational:  such an order only inures to the benefit of the Debtors and their creditors generally by decreasing the number of unintentional violations of the automatic stay that the Debtors would have to address, as well as the cost to the Debtors of resolving any such unintentional violations.

3.      Peaje's Argument Regarding Advisory Opinions Misses the Mark.  The Peaje Objection argues the Motion seeks entry of an impermissible advisory opinion, which is incorrect as a matter of law.  "Courts traditionally have exercised broad discretion in determining whether to enter comfort orders."  *In re Hill*, 364 B.R. 826, 828 (Bankr. M.D. Fla. 2007).  Indeed, "[t]he power to issue comfort orders is encompassed within Section 105 of the Bankruptcy Code, which supplies bankruptcy courts with the authority to 'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code.'"  *Id.* (quoting 11 U.S.C. § 105(a)).

4.      Taken to its logical limits, under Peaje's theory, no court could ever enter an order on an uncontested basis, as there would not be a "case or controversy" before the Court.  This result would be absurd and cannot be the law, as evidenced by numerous courts issuing orders confirming the scope of the automatic stay and the reality that building consensus, and, thereby,

reducing the number of contested matters, is one of the primary goals of PROMESA and the Bankruptcy Code.[11]

5.        The case law cited by Peaje, *Sony BMG*, is not to the contrary.[12]  *Sony BMG* barred Article III judicial power from being used to provide an advisory opinion on a constitutional issue that did not need to be decided.  Indeed, *Sony BMG* cited *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937), for the proposition that under Article III, judicial power is constrained to "real and substantial controvers[ies] . . . as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."[13]  Here, the issue is not an issue requiring this Court to deploy its Article III power.  Rather, comfort orders concerning the automatic stay are issued routinely by Article I bankruptcy judges.  The United States Supreme Court has expressly approved use of the Article I power to issue advisory opinions:

> A like view has been taken of the status and jurisdiction of the courts provided by Congress for the District of Columbia. These courts, this Court has held, are created in virtue of the power of Congress 'to exercise exclusive legislation' over the district made the seat of the government of the United States, are legislative rather than constitutional courts, and may be clothed with the authority and charged with the duty of giving advisory decisions in proceedings which are not cases or controversies within the meaning of Article III, but are merely in aid of legislative or executive action, and therefore outside the admissible jurisdiction of courts established under that Article.

*Ex Parte Bakelite Corporation*, 279 U.S. 438, 450 (1929) (footnote omitted).

6.        While this Court is an Article III court, not every order it issues requires Article III judicial power, and this one most certainly does not.  Additionally, even bankruptcy courts that feel constrained to abide by Article III constraints, because they are units of district courts under 28 U.S.C. § 151, routinely issue comfort orders concerning the automatic stay.

---

[11]  *See ¶ 2 supra.*

[12]  *See*, *e.g.*, *Sony BMG Music Entm't v. Tenenbaum*, 660 F.3d 487, 511 (1st Cir. 2011).

[13]  *Id.*

7.     For these reasons, the Peaje Objection should be overruled, and the Court should grant the Motion by entering the Revised Proposed Order to which the vast majority of objecting parties agreed to, as no substantive rights will be affected thereby and numerous parties will benefit immensely by its issuance.

**Even if the Court determines the Motion Requests Affirmative Relief, the Motion is Procedurally Proper and Should Be Granted**

8.     Even assuming *arguendo* the relief requested by the Motion is an extension of the automatic stay,[14] the Motion should be granted, and an adversary proceeding is unnecessary. As a practical matter, the need to file an adversary proceeding would render it nearly impossible to receive the requested relief given the number and identity of potential defendants therein.[15] Indeed, the Debtors cannot possibly name plaintiffs that have not yet filed a lawsuit against them.   Accordingly, it follows that requesting relief by motion is appropriate under the circumstances, and other Courts have acknowledged the same by granting similar relief requested by motion under similar circumstances.[16]

9.     In addition to the Peaje Objection asserting, incorrectly, that such relief must be initiated by adversary proceeding, it also ignores the simple fact that no party—certainly not

[14]   Under such circumstances, the Court would be presented with a "case or controversy" because the Motion requests affirmative relief from the Court, to which objections have been lodged, and the Court would be required to determine a legal issue (*i.e.*, whether to extend the automatic stay).   Accordingly, here too, no advisory opinion would be issued, and the Peaje Objection should be overruled.

[15]   *See In re City of Detroit, Michigan*, Case. No. 13-53846, July 24, 2013 Hr'g Tr. at 83:9-14 (granting the debtor's motion to extend the automatic stay and noting "there is substantial merit in the [debtor's] concern that it would be impossible for it to file an adversary proceeding naming as defendants all of the parties that might be impacted by this injunction. Indeed, it would be a procedural and administrative nightmare.").

[16]   *See*, *e.g.*, *In re City of Detroit, Michigan*, Case No. 13-53846 (Bankr. E.D. Mich. July 25, 2013) [ECF No. 166] (order extending the automatic stay by motion); *In re Hostess Brands, Inc.*, Case No. 12-22052 (Bankr. S.D.N.Y. Feb. 23, 2012) [ECF No. 390] (order extending the automatic stay to certain employees pursuant to Bankruptcy Code sections 105 and 362).

Peaje—has demonstrated that it would be prejudiced by the form of the Debtor' request for
relief. Courts routinely hold that form should not be elevated over substance in the absence of
any showing of prejudice to the complaining party. *See*, *e.g.*, *In re Valente*, 360 F.3d 256, 265
(1st Cir. 2004) (noting that, while a movant "should have initiated its case by filing a complaint
under the rules governing adversary proceedings," the respondent was nevertheless not
prejudiced); *In re Hines*, 193 Fed. App'x 391, 397 (6th Cir. 2006) (rejecting argument that the
lower court erred in determining dischargeability in the context of plan confirmation rather than
by adversary proceeding; holding that "[i]n the absence of any demonstrable prejudice, there is
no error resulting from the lack of a formal adversary proceeding."); *In re Cannonsburg Envtl.
Assocs., Ltd.*, 72 F.3d 1260, 1264-65 (6th Cir. 1996) (affirming bankruptcy court order even
though request for relief technically "should have been filed" as an adversary proceeding rather
than as a contested matter where the appellant "has not and cannot demonstrate that it has been
prejudiced by the Trustee's failure to file an adversary proceeding," and characterizing
procedural posture as harmless error); *In re Lernout & Hauspie Speech Prods., N.V.*, 264 B.R.
336, 340 (Bankr. D. Del. 2001) ("As many other courts in similar circumstances have said, I will
decline to elevate the form of the proceeding . . . if the substance of the hearing on that issue is
such that the objecting party has been afforded due process. Courts have routinely allowed
matters to proceed that have been filed as contested matters when they should have been filed as
adversary complaints, where no prejudice has been found.") (quotation marks and internal
citation omitted); *In re Serv. Merch. Co.*, 256 B.R. 755, 765-66 (Bankr. M.D. Tenn. 2000)
("[d]espite the fact that an adversary proceeding is required for the injunctive relief sought by the
debtors, courts in many instances have found that judicial economy permits the courts to look
beyond [Bankruptcy] Rule 7001 to the merits of the dispute provided no prejudice will result . . .

."); *see also In re R&G Fin. Corp.*, 441 B.R. 401, 408 (Bankr. D.P.R. 2010) (granting debtor's motion to extend automatic stay to its subsidiary, noting that while the debtor failed to follow the appropriate procedural mechanism for filing the motion, "for the sake of expediency" the court entertained the debtor's request "as a contested matter.").

**The Grievance and Arbitration Proceedings are Stayed,**
**but Parties' Rights to Seek Relief from the Stay Are Preserved**

10.     Finally, the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), Service Employees International Union, and American Federation of State, County & Municipal Employees (collectively, the "Unions") argue the automatic stay does not prevent the continuance of grievance and arbitration proceedings against the Debtors.[17]  The Debtors disagree with such position,[18] but the Unions' and their members' rights to seek relief from the stay are fully preserved in the Revised Proposed Order.  Therefore, should anyone, including the Unions or their members, determine that seeking modification of the automatic stay is necessary or desirable, they may do so under the terms of the order.

---

[17]   The Unions also reserve their rights regarding "any attempts by Debtors to utilize this relief as grounds for refusing to comply with their obligations under PROMESA, Puerto Rico law, or the parties' collective bargaining agreements with respect to financial information concerning the Debtors."  Union Response ¶ 11.  Since the filing of the Title III Cases, the Debtors have taken extraordinary measures to ensure transparency in these Title III Cases and have made extensive information available to creditors and other parties in interest.  *See*, *e.g.*, *Debtors' Status Report Regarding (A) Financial Disclosures to Creditors and (B) Status of Settlement Discussions* [ECF No. 350].

[18]   Bankruptcy Code section 362(b)(4) exempts from the automatic stay "the commencement or continuation of an action or proceeding ***by a governmental unit*** . . . to enforce such governmental unit's . . . police and regulatory power . . . ."  11 U.S.C. § 362(b)(4) (emphasis added).  In each of the cases cited by the Unions, either a governmental unit was seeking to enforce its regulatory rights or the Court noted the unit's ability to do so.  Here, however, it is the Unions, or their members, that seek to continue grievance or arbitration proceedings, not a governmental unit or the Debtors themselves.  Also, to the extent Bankruptcy Code section 1113 causes grievance and arbitration procedures provided by collective bargaining agreements to remain in effect in cases under chapter 11 of the Bankruptcy Code, the Debtors note that Congress chose not to make such section applicable in a Title III case.  *See* PROMESA section 301(a) (omitting incorporation of Bankruptcy Code section 1113).

Understanding that several motions to lift the stay may be filed by current and former employees of the Debtors involved in grievance and arbitration proceedings, the Debtors will endeavor to coordinate with applicable Unions in establishing a process to reduce or eliminate the need for further stay relief motions and facilitate resolution of any non-monetary relief sought by individuals in such proceedings.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Debtors respectfully request the Court to enter the Revised Proposed

Order, (a) granting the Motion, (b) overruling any objections thereto, and (c) granting the

Debtors such other relief as is just and proper.

Dated: June 24, 2017                        Respectfully submitted,
      San Juan, Puerto Rico
                                         /s/   Martin J. Bienenstock

                                         Martin J. Bienenstock
                                         Paul V. Possinger
                                         Ehud Barak
                                         Maja Zerjal
                                       (Admitted *Pro Hac Vice*)
                                       **PROSKAUER ROSE LLP**
                                       Eleven Times Square
                                       New York, NY 10036
                                       Tel:  (212) 969-3000
                                       Fax:  (212) 969-2900

                                       *Attorneys for the Financial Oversight and*
                                       *Management Board as representative for the*
                                       *Debtors*

                                       /s/   Hermann D. Bauer

                                       Hermann D. Bauer
                                       USDC No. 215205
                                       **O'NEILL & BORGES LLC**
                                       250 Muñoz Rivera Ave., Suite 800
                                       San Juan, PR 00918-1813
                                       Tel:  (787) 764-8181
                                       Fax:  (787) 753-8944

                                       *Co-Attorneys for the Financial Oversight and*
                                       *Management Board as representative for the*
                                       *Debtors*

## **Exhibit A**

### **Revised Proposed Order**

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

       as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

       Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**Re: Docket No. 301**

## ORDER PURSUANT TO PROMESA SECTION 301(A) AND BANKRUPTCY CODE SECTIONS 105(A), 362(A), 365, AND 922 CONFIRMING (I) APPLICATION OF THE AUTOMATIC STAY TO GOVERNMENT OFFICERS, AGENTS, AND REPRESENTATIVES, (II) STAY OF PREPETITION LAWSUITS, AND (III) APPLICATION OF CONTRACT PROTECTIONS

Upon the *Motion of Debtors Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365, and 922 for Entry of Order Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition Lawsuits, and (III) Application of Contract Protections* (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

[2]    Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      Pursuant to Bankruptcy Code section 362(a), made applicable by PROMESA section 301(a), and subject to any exceptions thereto, or other rights or defenses a party may have, under applicable law, including the Bankruptcy Code as made applicable by PROMESA, all persons (including individuals, partnerships, corporations, limited liability companies, and all those acting for or on the behalf of the foregoing), all foreign or domestic governmental units, and all other entities (and those acting for or on their behalf) are hereby stayed, restrained, and enjoined from:

(a) commencing or continuing any judicial, administrative, or other action or proceeding against the Debtors, including the issuance or employment of process, that was or could have been commenced before the Title III Cases[3] were commenced;[4]

(b) enforcing a judgment obtained before the commencement of the Title III Cases against the Debtors or property of the Debtors.

---

[3]    As used herein, the term "Title III Cases" shall refer to the Commonwealth's Title III Case, COFINA's Title III Case, and that Additional Title III Cases but shall not refer to any subsequent case under Title III of PROMESA commenced by a covered territorial instrumentality under PROMESA, unless otherwise ordered by the Court upon notice and an opportunity to be heard in any subsequent case under Title III of PROMESA.

[4]    For the avoidance of doubt, the Title III Stay provisions are applicable to a Debtor only from the commencement of that particular Debtor's Title III Case.

(c) taking any action to obtain possession of property of or from the Debtors or exercise control over property of the Debtors;

(d) taking any action to create, perfect, or enforce any lien against property of the Debtors, to the extent that such lien secures a claim that arose before the commencement of the Title III Cases;

(e) taking any action to collect, assess, or recover a claim against the Debtors that arose before the commencement of the Title III Cases; and

(f) offsetting any debt owing to the Debtors that arose before the commencement of the Title III Cases against any claim against the Debtors.

3.     All entities, including all persons and foreign and domestic governmental units, and all those acting on their behalf, including sheriffs, marshals, constables, and other or similar law enforcement officers and officials are stayed, restrained, and enjoined from, in any way, seizing, attaching, foreclosing upon, levying against, or taking any action to obtain possession or control over any and all property of the Debtors, wherever located.

4.     Pursuant to Bankruptcy Code section 922(a), made applicable by PROMESA section 301(a), and subject to any exceptions thereto, or other rights or defenses a party may have, under applicable law, including the Bankruptcy Code as made applicable by PROMESA, all persons (including individuals, partnerships, corporations, limited liability companies, and all those acting for or on the behalf of the foregoing), all foreign or domestic governmental units, and all other entities (and those acting for or on their behalf) are hereby stayed, restrained, and enjoined from:

(a) commencing or continuing any judicial, administrative, or other proceeding against an officer or inhabitant of the Debtors, including the issuance or employment of process, that seeks to enforce a claim against the Debtors; and

(b) enforcing a lien on or arising out of taxes or assessments owed to the Debtors.

5.     For the avoidance of doubt, the protections of Bankruptcy Code section 922(a)(1) with respect to officers and inhabitants of the Debtors, as set forth in paragraph 4(a) above, apply

in all respects to the Debtors' officers in both their official and personal capacities with respect to actions whereby parties pursuing such actions seek to enforce claims against any of the Debtors.

6.     For the further avoidance of doubt, pursuant to Bankruptcy Code sections 105(a) and 922(a)(1), made applicable by PROMESA section 301(a), the Title III Stay applies in all respects to (a) government officials (including, without limitation, the Governor), agents, and representatives of (i) the Debtors and (ii) any of the Debtors' instrumentalities, and (b) any inhabitant of the Debtors, each solely with respect to actions whereby parties pursuing such actions seek to enforce claims against any of the Debtors, and provided such Title III Stay is in effect with respect to such Debtor and the pursued action.

7.     For the further avoidance of doubt, each of the Prepetition Lawsuits set forth on the attached **Exhibit A** are hereby stayed only with respect to the Debtors, and solely to the extent a Prepetition Lawsuit seeks to enforce a claim against the Debtors, any officer or inhabitant of the Debtors, pursuant to Bankruptcy Code sections 105(a), 362(a), and 922, pending further order of the Court and subject to any orders of the Court entered prior to the date of this Order.

8.     Pursuant to and solely to the extent provided by Bankruptcy Code section 365, made applicable by PROMESA section 301(a), and subject to the other provisions of PROMESA and the Bankruptcy Code (as made applicable through PROMESA section 301(a)), all persons (including individuals, partnerships, corporations, limited liability companies, and all those acting for or on the behalf of the foregoing), all foreign or domestic governmental units, and all other entities (and those acting for or on their behalf) are hereby prohibited from modifying or terminating any executory contract or unexpired lease of the Debtors, or any right or obligation

under any such contract or lease of the Debtors, at any time after the commencement of the Title III Cases, solely because of a provision in such contract or lease that is conditioned on:

> (a) the insolvency or financial condition of the Debtors at any time before the closing of the Title III Cases; or
>
> (b) the commencement of the Title III Cases.

For the avoidance of doubt, the protections of Bankruptcy Code section 365(e)(2) shall continue to apply in all respects.

9. Pursuant to and solely to the extent provided by Bankruptcy Code sections 362 and 365, and subject to the other provisions of PROMESA and the Bankruptcy Code (as made applicable through PROMESA section 301(a)), all parties to an executory contract or unexpired lease with the Debtors shall continue to perform their obligations under such contract or lease until such contract or lease is assumed or rejected by the applicable Debtor or otherwise expires by its own terms.

10. Nothing in this Order shall affect the substantive rights of any party. Nothing in this Order shall affect the exceptions to the automatic stay contained in sections 362(b) and 922(d) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code.

11. Except as expressly provided in paragraph 6 of this Order, in no event shall this Order be interpreted as modifying, expanding, or eliminating the terms of PROMESA or the Bankruptcy Code or imposing any restriction on parties in interest other than set forth in PROMESA or the Bankruptcy Code. Nothing in this Order shall undermine or conflict with any provision of PROMESA dealing with official misconduct.

12. Notwithstanding the applicability of any Bankruptcy Rule, the terms and conditions of this order shall be immediately effective and enforceable upon its entry. To the

extent that the relief provided herein exceeds the relief granted under PROMESA or the provisions of the Bankruptcy Code made applicable by PROMESA section 301(a), such relief shall not apply in any Title III Case not yet filed at the time this Order was entered, without further order of the Court upon notice and an opportunity to be heard.

13.     The Debtors and the Oversight Board, as the Debtors' representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this order in accordance with the Motion.

14.     For the avoidance of doubt, nothing in this Order shall be deemed to interfere with any party's right to bring, prosecute, or to otherwise litigate or engage in an adversary proceeding or contested matter in these Title III Cases against any other party, including the Debtors, any of the Debtors' instrumentalities or any inhabitant of the Debtors, or to seek or to otherwise engage in discovery against any party in connection with any such adversary proceeding, contested matter, or other matter not involving a claim against a Debtor.  Subject to the foregoing, the Debtors reserve all rights to contest any such adversary proceeding, contested matter, other matter not involving a claim against a Debtor, or any discovery in connection therewith or to otherwise seek relief related thereto.

15.     The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement, or interpretation of this order.

Dated: _____, 2017
       San Juan, Puerto Rico              _____
                                          HONORABLE LAURA TAYLOR SWAIN
                                          UNITED STATES DISTRICT JUDGE

## Exhibit A

### Prepetition Lawsuits

Prepetition Lawsuits commenced before the enactment of PROMESA attacking certain executive orders issued by the Governor include:

1. *Assured Guaranty Corp., et al, v. Garcia-Padilla, et al.*, No. 16-01037-FAB (D.P.R. Jan. 7, 2016)

2. *Financial Guaranty Insurance Company v. Garcia-Padilla, et al*., No. 16-01095-FAB (D.P.R. Jan. 19, 2016)

3. *National Public Finance Guarantee Corp. v. Garcia Padilla, et al.*, No. 16-02101-FAB (D.P.R. June 15, 2016)

4. *Jacana Holdings I LLC et al v. Commonwealth of Puerto Rico*, No. 16-04702-GHW (S.D.N.Y. June 21, 2016)

5. *Trigo, et al., v. Garcia-Padilla, et al*., No. 16-02257-FAB (D.P.R. June 30, 2016)

Prepetition Lawsuits challenging the validity of certain measures under PROMESA include:

1. *Peaje Inv. LLC v. Garcia-Padilla, et al.*, No. 16-02365-FAB (D.P.R. July 18, 2016)

2. *Lex Claims et al v. Garcia Padilla,* No. 16-02374-FAB (D.P.R. July 20, 2016)

3. *Assured Guaranty Corp. v. Puerto Rico and its Highways and Transportation Authority*, No. 16-02384-FAB (D.P.R. July 21, 2016)

4. *U.S. Bank Trust, N.A. v. Garcia Padilla, et al.*, No. 16-02510-FAB (D.P.R. Aug. 19, 2016)

5. *Voya Inst'l Tr. Co. v. Univ. of Puerto Rico*, No. 16-2519-FAB (D.P.R. Aug. 22, 2016)

6. *Scotiabank de Puerto Rico v. Garcia-Padilla, et al.*, No. 16-02736-FAB (D.P.R. Sep. 28, 2016)

7. *Longo En-Tech Puerto Rico, Inc. v. The United States Environmental Protection Agency, et al.*, No. 16-03151-DRD (D.P.R. Dec. 15, 2016)

8. *Servidores Públicos Unidos, et al. v. Financial Oversight and Management Board, et al.*, No. 17-01483-FAB (D.P.R. Apr. 12, 2017)

9. *Rodríguez-Perelló v. Rosselló-Nevares*, No. 17-1566 (D.P.R. May 1, 2017)

10. *Ambac Assurance Corp. v. Commonwealth of Puerto Rico*, No. 17-1567 (D.P.R. May 1, 2017)

11. *Ambac Assurance Corp. v. Commonwealth of Puerto Rico*, No. 17-1568 (D.P.R. May 2, 2017)

12. *Aurelius Investment, LLC v. Commonwealth of Puerto Rico*, No. 652357/2017 (N.Y. Sup. Ct. May 2, 2017)

13. *Hon. Rossana Lopez Leon v. Hon. Ricardo Rossello-Nevares*, No. 3:17-cv-01642
    (D.P.R.)

## Exhibit B

**Redline**

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

      Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**Re: Docket No. 301**

### ORDER PURSUANT TO PROMESA SECTION 301(A) AND BANKRUPTCY CODE SECTIONS 105(A), 362(A), 365, AND 922 CONFIRMING (I) APPLICATION OF THE AUTOMATIC STAY TO GOVERNMENT OFFICERS, AGENTS, AND REPRESENTATIVES, (II) STAY OF PREPETITION LAWSUITS, AND (III) APPLICATION OF CONTRACT PROTECTIONS

Upon the *Motion of Debtors Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365, and 922 for Entry of Order Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition Lawsuits, and (III) Application of Contract Protections* (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

[2]   Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      Pursuant to Bankruptcy Code section 362,362(a), made applicable by PROMESA section 301(a), and subject to any exceptions thereto, or other rights or defenses a party may have, under applicable law, including the Bankruptcy Code as made applicable by PROMESA, all persons (including individuals, partnerships, corporations, limited liability companies, and all those acting for or on the behalf of the foregoing), all foreign or domestic governmental units, and all other entities (and those acting for or on their behalf) are hereby stayed, restrained, and enjoined from:

(a) commencing or continuing any judicial, administrative, or other action or proceeding against the Debtors, including the issuance or employment of process, that was or could have been commenced before the Title III Cases[3] were commenced;[4]

(b) taking any action to enforceenforcing a judgment obtained before the commencement of the Title III Cases against the Debtors or property of the Debtors.

(c) taking any action to obtain possession of property of or from the Debtors or exercise control over property of the Debtors;

[3]    As used herein, the term "Title III Cases" shall refer to the Commonwealth's Title III Case, COFINA's Title III Case, and that Additional Title III Cases but shall not refer to any subsequent case under Title III of PROMESA commenced by a covered territorial instrumentality under PROMESA, unless otherwise ordered by the Court upon notice and an opportunity to be heard in any subsequent case under Title III of PROMESA.

[4]    For the avoidance of doubt, the Title III Stay provisions are applicable to a Debtor only from the commencement of that particular Debtor's Title III Case.

(d) taking any action to create, perfect, or enforce any lien against property of the Debtors, to the extent that such lien secures a claim that arose before the commencement of the Title III Cases;

(e) taking any action to collect, assess, or recover a claim against the Debtors that arose before the commencement of the Title III Cases; and

(f) offsetting any debt owing to the Debtors that arose before the commencement of the Title III Cases against any claim against the Debtors.

3.       All entities, including all persons and foreign and domestic governmental units, and all those acting on their behalf, including sheriffs, marshals, constables, and other or similar law enforcement officers and officials are stayed, restrained, and enjoined from, in any way, seizing, attaching, foreclosing upon, levying against, or ~~interfering with~~taking any action to obtain possession or control over any and all property of the Debtors, wherever located.

4.       Pursuant to Bankruptcy Code section 922(a), made applicable by PROMESA section 301(a), and subject to any exceptions thereto, or other rights or defenses a party may have, under applicable law, including the Bankruptcy Code as made applicable by PROMESA, all persons (including individuals, partnerships, corporations, limited liability companies, and all those acting for or on the behalf of the foregoing), all foreign or domestic governmental units, and all other entities (and those acting for or on their behalf) are hereby stayed, restrained, and enjoined from:

(a) commencing or continuing any judicial, administrative, or other proceeding against an officer or inhabitant of the ~~Commonwealth~~Debtors, including the issuance or employment of process, that seeks to enforce a claim against the ~~Commonwealth~~Debtors; and

(b) enforcing a lien on or arising out of taxes or assessments owed to the ~~Commonwealth~~Debtors.

5.       For the avoidance of doubt, the protections of Bankruptcy Code section 922(a)(1) with respect to officers and inhabitants of the Debtors, as set forth in paragraph 4(a) above, apply in all respects to the Debtors' officers~~, in whatever capacity each may serve~~ in both their official

and personal capacities with respect to actions whereby parties pursuing such actions seek to enforce claims against any of the Debtors.

6.    For the further avoidance of doubt, pursuant to Bankruptcy Code sections 105(a) and 922(a)(1), made applicable by PROMESA section 301(a), the Title III Stay applies in all respects to ~~Government Officers, Agents, and Representatives~~(a) government officials (including, without limitation, the Governor), agents, and representatives of (i) the Debtors and (ii) any of the Debtors' instrumentalities, and (b) any inhabitant of the Debtors, each solely with respect to actions whereby parties pursuing such actions seek to enforce claims against any of the Debtors, and provided such Title III Stay is in effect with respect to such Debtor and the pursued action.

7.    For the further avoidance of doubt, each of the Prepetition Lawsuits ~~and any Actions Against Inhabitants are hereby stayed~~set forth on the attached **Exhibit A** are hereby stayed only with respect to the Debtors, and solely to the extent a Prepetition Lawsuit seeks to enforce a claim against the Debtors, any officer or inhabitant of the Debtors, pursuant to Bankruptcy Code sections 105(a), 362(a), and 922, pending further order of the Court and subject to any orders of the Court entered prior to the date of this Order.

8.    Pursuant to and solely to the extent provided by Bankruptcy Code section 365, made applicable by PROMESA section 301(a), and subject to the other provisions of PROMESA and the Bankruptcy Code (as made applicable through PROMESA section 301(a)), all persons (including individuals, partnerships, corporations, limited liability companies, and all those acting for or on the behalf of the foregoing), all foreign or domestic governmental units, and all other entities (and those acting for or on their behalf) are hereby prohibited from modifying or terminating any executory contract or unexpired lease of the Debtors, or any right or obligation

under any such contract or lease of the Debtors, at any time after the commencement of the Title III Cases, solely because of a provision in such contract or lease that is conditioned on:

(a) the insolvency or financial condition of the Debtors at any time before the closing of the Title III Cases; or

(b) the commencement of the Title III Cases.

For the avoidance of doubt, the protections of Bankruptcy Code section 365(e)(2) shall continue to apply in all respects.

9.     Pursuant to and solely to the extent provided by Bankruptcy Code sections 362 and 365, and subject to the other provisions of PROMESA and the Bankruptcy Code (as made applicable through PROMESA section 301(a)), all parties to an executory contract or unexpired lease with the Debtors shall continue to perform their obligations under such contract or lease until such contract or lease is assumed or rejected by the applicable Debtor or otherwise expires by its own terms.

10.     Nothing in this Order shall affect the substantive rights of any party.  Nothing in this Order shall affect the exceptions to the automatic stay contained in sections 362(b) and 922(d) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code.

11.     Except as expressly provided in paragraph 6 of this Order, in no event shall this Order be interpreted as modifying, expanding, or eliminating the terms of PROMESA or the Bankruptcy Code or imposing any restriction on parties in interest other than set forth in PROMESA or the Bankruptcy Code.  Nothing in this Order shall undermine or conflict with any provision of PROMESA dealing with official misconduct.

12.     10. Notwithstanding the applicability of any Bankruptcy Rule, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.  To the

extent that the relief provided herein exceeds the relief granted under PROMESA or the
provisions of the Bankruptcy Code made applicable by PROMESA section 301(a), such relief
shall not apply in any Title III Case not yet filed at the time this Order was entered, without
further order of the Court upon notice and an opportunity to be heard.

13.    ~~11.~~ The Debtors and the Oversight Board, as the Debtors' representative, are
authorized to take all actions, and to execute all documents, necessary or appropriate, to
effectuate the relief granted in this order in accordance with the Motion.

14.    For the avoidance of doubt, nothing in this Order shall be deemed to interfere with
any party's right to bring, prosecute, or to otherwise litigate or engage in an adversary proceeding
or contested matter in these Title III Cases against any other party, including the Debtors, any of
the Debtors' instrumentalities or any inhabitant of the Debtors, or to seek or to otherwise engage
in discovery against any party in connection with any such adversary proceeding, contested
matter, or other matter not involving a claim against a Debtor. Subject to the foregoing, the
Debtors reserve all rights to contest any such adversary proceeding, contested matter, other
matter not involving a claim against a Debtor, or any discovery in connection therewith or to
otherwise seek relief related thereto.

15.    ~~12.~~ The Court retains jurisdiction to hear and determine all matters arising from or
related to the implementation, enforcement, or interpretation of this order.


Dated: _____, 2017
       San Juan, Puerto Rico          _____
                                      HONORABLE LAURA TAYLOR SWAIN
                                      UNITED STATES DISTRICT JUDGE

**Exhibit A**

**Prepetition Lawsuits**

Prepetition Lawsuits commenced before the enactment of PROMESA attacking certain executive orders issued by the Governor include:

1. *Assured Guaranty Corp., et al, v. Garcia-Padilla, et al.*, No. 16-01037-FAB (D.P.R. Jan. 7, 2016)

2. *Financial Guaranty Insurance Company v. Garcia-Padilla, et al.*, No. 16-01095-FAB (D.P.R. Jan. 19, 2016)

3. *National Public Finance Guarantee Corp. v. Garcia Padilla, et al.*, No. 16-02101-FAB (D.P.R. June 15, 2016)

4. *Jacana Holdings I LLC et al v. Commonwealth of Puerto Rico*, No. 16-04702-GHW (S.D.N.Y. June 21, 2016)

5. *Trigo, et al., v. Garcia-Padilla, et al.*, No. 16-02257-FAB (D.P.R. June 30, 2016)

Prepetition Lawsuits challenging the validity of certain measures under PROMESA include:

1. *Peaje Inv. LLC v. Garcia-Padilla, et al.*, No. 16-02365-FAB (D.P.R. July 18, 2016)

2. *Lex Claims et al v. Garcia Padilla*, No. 16-02374-FAB (D.P.R. July 20, 2016)

3. *Assured Guaranty Corp. v. Puerto Rico and its Highways and Transportation Authority*, No. 16-02384-FAB (D.P.R. July 21, 2016)

4. *U.S. Bank Trust, N.A. v. Garcia Padilla, et al.*, No. 16-02510-FAB (D.P.R. Aug. 19, 2016)

5. *Voya Inst'l Tr. Co. v. Univ. of Puerto Rico*, No. 16-2519-FAB (D.P.R. Aug. 22, 2016)

6. *Scotiabank de Puerto Rico v. Garcia-Padilla, et al.*, No. 16-02736-FAB (D.P.R. Sep. 28, 2016)

7. *Longo En-Tech Puerto Rico, Inc. v. The United States Environmental Protection Agency, et al.*, No. 16-03151-DRD (D.P.R. Dec. 15, 2016)

8. *Servidores Públicos Unidos, et al. v. Financial Oversight and Management Board, et al.*, No. 17-01483-FAB (D.P.R. Apr. 12, 2017)

9. *Rodríguez-Perelló v. Rosselló-Nevares*, No. 17-1566 (D.P.R. May 1, 2017)

10. *Ambac Assurance Corp. v. Commonwealth of Puerto Rico*, No. 17-1567 (D.P.R. May 1, 2017)

11. *Ambac Assurance Corp. v. Commonwealth of Puerto Rico*, No. 17-1568 (D.P.R. May 2, 2017)

12. *Aurelius Investment, LLC v. Commonwealth of Puerto Rico*, No. 652357/2017 (N.Y. Sup. Ct. May 2, 2017)

13. *Hon. Rossana Lopez Leon v. Hon. Ricardo Rossello-Nevares*, No. 3:17-cv-01642 (D.P.R.)

Document comparison by Workshare Compare on Saturday, June 24, 2017
3:20:25 PM

| Input: | |
|---|---|
| Document 1 ID | file://H:\1 OVERSIGHT PUERTO RICO\June 28 Hearig\Orders\FOMB - Motion to Confirm Automatic Stay (ORDER).docx |
| Description | FOMB - Motion to Confirm Automatic Stay (ORDER) |
| Document 2 ID | H:\1 OVERSIGHT PUERTO RICO\June 28 Hearig\Stay Reply\PR - Automatic Stay Order (FINAL REVISED ORDER 6-24).docx |
| Description | H:\1 OVERSIGHT PUERTO RICO\June 28 Hearig\Stay Reply\PR - Automatic Stay Order (FINAL REVISED ORDER 6-24).docx |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 73 |
| Deletions | 13 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |

| Format changed | 0 |
|----------------|---|
| Total changes  | 86 |