# EXHIBIT 3

# Reorg Research

Tue 06/13/2017 18:26 PM

Puerto Rico

## CORRECTION: Commonwealth Report Forecasts $1.15B Treasury FY 2017 Closing Balance

*Editor's Note: The story below has been amended to say that the Treasury Department's updated cash flow forecast included a cash balance of $1.15 billion at the end of June, compared with $291 million featured in the fiscal plan, representing an increase of $859 million. A previous version of this article incorrectly stated the size of the cash balance increase.*

*Relevant Document:*
Treasury Single Account Cash Flow Report

On Monday, the administration of Gov. Ricardo Rosselló released a cash flow report showing a $1.4 billion actual cash balance in the Treasury Department Single Account as of May 26 and a re-forecast projected balance of $1.15 billion at the close of fiscal year 2017 on June 30.

The re-forecast numbers show an increase in fiscal 2017 ending cash of $859 million to $1.15 billion, as compared with the forecasted balance in the commonwealth's fiscal plan, which projected $291 million. Part of the discrepancy between the two forecasts can be attributed to a forbearance agreement reached in late April that delays an obligation to repay a $400 million Tax Revenue Anticipation Note loan from the State Insurance Fund and two other public corporations, according to a footnote on the cash flow report. The fiscal plan had included $272 million in TRANS payments from May 26 through the June 30 fiscal year end, which directly diminished the TSA closing balance.

Some sources familiar with the situation say the report calls into question the commonwealth's claims of insolvency. Besides the higher cash balance at the end of fiscal 2017 - which factors in the TRANS forbearance - the sources also say the cash flow report shows that supplier payments are being made despite the commonwealth bond defaults, with a total $3.28 billion in supplier payments for the year.

The document is part of the information the administration made public related to a lawsuit filed by the journalists group Centro de Periodismo Investigativo. The lawsuit seeks a range of documents and communications exchanged between the administration and the PROMESA oversight board, including financial reporting and communications, reports, updates and other information exchanged between the entities. The group filed a similar lawsuit against the board in federal court.

In a written statement, Centro Executive Director Carla Minet said the commonwealth also  clarified that the cash flow report is not published and is updated weekly. The administration also released a summary of bond payments that mature during the first quarter of calendar year 2017 and detailed which payments were made and which payments were missed. Commonwealth officials told Centro officials that only past-due maturities are included and that it cannot include future maturing bond payments for reasons based on "attorney-client privilege." The government also delivered boxes of statements from government accounts at commercial banks, but Minet said the government failed to respond to many of its requests, including exchanges of information and communications between the administration and the board.

Although the administration released part of the information sought by the lawsuit, officials said in  court papers filed Monday that the administration reserves the right to challenge the lawsuit on its merits. It also asked that the lawsuit be removed from local court and be assigned to Judge Laura Taylor Swain as a matter related to the Puerto Rico's Title III case in federal court.

The notice of removal, filed by Justice Secretary Wanda Vázquez and Deputy Secretary in Charge of Litigation Wandymar Burgos Vargas, said while the complaint is filed against the governor in his

official capacity, "it is directly aimed at the government of the Commonwealth of Puerto Rico – it seeks the Commonwealth's documents, not just the Governor's. And it seeks to invade privileges that belong to the Commonwealth, not just the Governor."

The notice of removal also states that the lawsuit also seeks materials created prior to the commencement of the Title III case and that the suit could have commenced prior to the Title III case. "At best, this matter is an artful attempt at dodging the automatic stay. At worst, it violates the stay," the document states.

"But in any event, the action's entire purpose is to obtain documents and information from the Commonwealth which will undoubtedly be sought in many of the adversary proceedings pending before the court in the Title III case. Removal of this matter is thus both justified under the law and necessary to avoid the risk of disparate or inconsistent rulings on important discovery and evidentiary issues as well as critical privilege issues," the document adds.

The notice states that the governor "generally supports the release of relevant information to the extent permitted by law and said the administration "will make public appropriate information in response to the lawsuit as part of their efforts at transparency." However, the court filing noted that the plaintiffs "seeks every document exchanged between these parties up through May 3, 2017" and made clear in a footnote that it would reserve the right to challenge the petition on the merits, as well as argue that this litigation is precluded by the provisions of PROMESA that immunize the fiscal plan from review or oversight by a court or the Puerto Rico legislature. The notice argues that only the PROMESA board has the sole discretion to review the fiscal plan and commonwealth budgets.

In seeking the removal of the case to federal court, the administration cites PROMESA Section 306, which allows for the removal of claims over which the District Court has federal subject matter jurisdiction under PROMESA to the court in which a Title III Proceeding is pending. The notice argues that the federal  court "has original jurisdiction of all cases "arising in" or "related to" cases under Title III of PROMESA."

The notice of removal also cites the requirement under PROMESA Section 106(a) (48 U.S.C. § 2126(a)) that "any action against the Oversight Board, and any action otherwise arising out of this chapter, in whole or in part, shall be brought in a United States district court for the covered territory." The notice indicates this section is relevant because the "plaintiff filed a materially similar complaint against the [board] in this district pursuant to this statute."

---

Reorg Research, Inc. makes no representation or warranty, express or implied, as to the completeness or accuracy of this information and assumes no responsibility to update this information. This information is not, and should not be construed as, an offer to sell or the solicitation of an offer to buy any securities. In addition, nothing contained herein is intended to be, nor shall it be construed as an investment advice, nor is it to be relied upon in making any investment or other decision. Reorg Research, Inc. does not act as a broker, dealer or investment adviser. Prior to making any investment decision, you are advised to consult with your broker, investment adviser, or other appropriate tax or financial professional to determine the suitability of any investment. Reorg Research, Inc. shall not be responsible or have any liability for investment decisions based upon, or the results obtained from, the information provided.

---

© Copyright 2012 - 2017