# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### STATEMENT OF THE COFINA SENIOR BONDHOLDERS' COALITION IN RESPONSE TO DEBTORS' STATUS REPORT REGARDING (A) FINANCIAL DISCLOSURES TO CREDITORS AND (B) STATUS OF SETTLEMENT DISCUSSIONS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE LAURA TAYLOR SWAIN:

　　The COFINA Senior Bondholders' Coalition [2] respectfully submits this statement in response to *Debtors' Status Report Regarding (A) Financial Disclosures to Creditors and (B)*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474).

[2] The COFINA Senior Bondholders' Coalition includes José F. Rodríguez Perelló and the following institutional holders of the COFINA senior bonds: Aristeia Horizons, L.P.; Camino Cipres LLC; Camino Roble LLC; Canary SC Master Fund, L.P.; Canyon Capital Advisors LLC (on behalf of its participating clients); River Canyon Fund Management LLC (on behalf of its participating clients); Crescent 1, L.P.; CRS Master Fund, L.P.; Cyrus Opportunities Master Fund II, Ltd.; Cyrus Select Opportunities Master Fund, Ltd.; Cyrus Special Strategies Master Fund, L.P.; Decagon Holdings 1, L.L.C.; Decagon Holdings 2, L.L.C.; Decagon Holdings 3, L.L.C.; Decagon Holdings 4, L.L.C.; Decagon Holdings 5, L.L.C.; Decagon Holdings 6, L.L.C.; Decagon Holdings 7, L.L.C.; Decagon Holdings 8, L.L.C.; Decagon Holdings 9, L.L.C.; Decagon Holdings 10, L.L.C.; Merced Partners Limited Partnership; Merced Partners IV, L.P.; Merced Partners V, L.P.; Pandora Select Partners, L.P.; SB Special Situation Master Fund SPC, Segregated Portfolio D; Scoggin International Fund Ltd.; Scoggin Worldwide Fund Ltd.; Taconic Master Fund 1.5 L.P.; Taconic Opportunity Master Fund L.P.; Tilden Park Investment Master Fund LP; Värde Credit Partners Master, L.P.; Värde Investment Partners, L.P.; Värde Investment Partners (Offshore) Master,

*Status of Settlement Discussions* (Dkt. No. 350) (the "Status Report"),[3] filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") on June 15, 2017, and in support hereof, respectfully represents as follows:

## STATEMENT

### A. Transparency Is Important

On May 17, 2017, at the "first day" hearing held in the Initial Title III Cases, the Court stated that transparency was important to the Court, to creditors, and the general public, especially the citizens of Puerto Rico given the historic nature of these cases. *See* May 17, 2017 Hearing Tr. at 63:6-9 ("[T]ransparency is important in these proceedings. And so a method that, if these matters are controversial, will make the steps and the issues as transparent as possible is appropriate from my perspective."). Towards that end, the Court directed the Oversight Board to provide a status report on disclosure of information to creditors and mediation. *Id.* at 147:16-19 ("With respect to the disclosure and mediation issues, I would like a status report by mid June as to attention to and I hope further progress on issues relating to the disclosure of information to creditors.").

On June 15, 2017, the Oversight Board filed the Status Report. Without casting aspersions on the Oversight Board or questioning its motivations, the disclosures made to creditors to date simply do not provide creditors with the transparency of information required to make an informed decision about their ability to be repaid in light of their legal entitlements. In its current iteration, implementation of the certified Fiscal Plan would reduce Puerto Rico's annual debt service by

---

L.P.; The Värde Skyway Master Fund, L.P; Whitebox Asymmetric Partners, L.P.; Whitebox Institutional Partners, L.P.; Whitebox Multi-Strategy Partners, L.P.; and Whitebox Term Credit Fund I L.P.

[3] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Status Report.

2

approximately 75% to approximately $800 million. It is unrealistic to expect creditors to accept a reduction of debt service of this magnitude without a meaningful opportunity to diligence the numbers in the Fiscal Plan and the various assumptions that underlie the numbers. And irrespective of whether the Oversight Board is legally required to make details available at this stage of the Initial Title III Cases, providing details will encourage settlement discussions and will similarly prevent eleventh hour attempts to challenge a plan of adjustment for one or more of the Debtors based on the "best interests of creditors."

### B. Fiscal Plan Does Not Comply With Section 201(b)(1) Of PROMESA

In addition to the overall numbers, the Fiscal Plan is non-compliant with PROMESA Section 201(b)(1), which lists the fourteen requirements for a certified Fiscal Plan. Critically, the Fiscal Plan consolidates COFINA and the Commonwealth by commingling COFINA's pledged sales tax revenues and debt service with the assets and liabilities of the Commonwealth. *See* Fiscal Plan at 26–28. This blatantly violates the statutorily mandated separateness of COFINA from the Commonwealth and its long-standing fiscal woes. *See* 13 L.P.R.A. § 12. Consequently, the Fiscal Plan fails to "ensure that assets, funds, or resources of a territorial instrumentality are not loaned to, transferred to, or otherwise used for the benefit of a covered territory or another covered territorial instrumentality of a covered territory, unless permitted by the constitution of the territory, an approved plan of adjustment under title III, or a Qualifying Modification approved under title VI." PROMESA § 201(b)(1)(M). The COFINA Senior Bondholders' Coalition, among others, previously raised the failure of the Fiscal Plan to satisfy this requirement as violating the U.S. and Puerto Rico Constitutions, as well as COFINA's enabling legislation and the COFINA Bond

3

Resolution.[4] *See, e.g.,* Complaint, *Rodríguez Perelló v. Rosselló Nevares*, 17-cv-1566 (FAB) (Dkt. No. 1) at ¶¶ 84–87, 159–64; *see also* Adversary Complaint Filed by the Bank of New York Mellon, as Trustee, for Interpleader and Declaratory Relief, Adversary No. 17-133 LTS (Dkt. No. 1) at ¶¶ 48-58. While the Oversight Board contends it takes no position on the COFINA and Commonwealth dispute, a consolidated Fiscal Plan, by itself, is an action that puts a thumb on the scale.[5]

### C. Oversight Board's Section 106(e) Authority Is Beside The Point

The Oversight Board's response to any criticism of the Fiscal Plan is that its certification of the Fiscal Plan is not subject to challenge under section 106(e) of PROMESA. This contention misses the mark. The scope of the Oversight Board's statutory authority to make certifications is not the issue. Rather, creditors will not engage with the Oversight Board—or each other—when they are unsure of the real prospects of recovery. In addition, the Fiscal Plan will be relevant to any creditor's challenge to a plan of adjustment because the Oversight Board will at that time need to satisfy PROMESA's definition of "best interests of creditors."

Simply put, restoring creditor confidence is critical to ever achieving a consensual restructuring. If the Oversight Board fails to instill creditors with confidence in its own efforts and in the process that it employs, it will have failed to carry out its Congressional mandate, irrespective of the ultimate outcome of these cases. Moreover, failure will have far-reaching and

---

[4] By consolidating COFINA's pledged assets with the Commonwealth's unencumbered assets, the Fiscal Plan also constitutes a method of composition by modifying creditors' rights without their consent. Such act is preempted by Section 303 of PROMESA. The Fiscal Plan also fails to account for COFINA bondholders' statutory liens, which must be respected (independent of separateness) under Section 201(b)(1)(N) of PROMESA.

[5] For its part, AAFAF, as the conceiver of the Fiscal Plan, does not shy away from putting its thumb on the scale. It recently filed an Informative Motion (Dkt. No. 451) with the Court to assert spurious justifications for why it developed the Fiscal Plan as it did, to confuse the issue of the role of the Oversight Board as the trustee with exclusive standing to appear on behalf of the Debtors in the Initial Title III Cases, and to make new baseless legal assertions concerning the rights of creditors of COFINA as if they were creditors of the Commonwealth. The COFINA Senior Bondholders' Coalition will address these issues if and when they are properly joined before the Court.

lasting consequences, not only for Puerto Rico, its creditors, and its citizens, but also the role of the Federal Government in relation to its Territories. Under the U.S. Constitution, Congress has plenary authority over U.S. Territories. Nonetheless, its decision to exercise that authority to address the Puerto Rico financial crisis through enactment of PROMESA was unprecedented. As the Court has noted, failure is not an option. But in order to achieve a success under PROMESA, it is imperative that the Oversight Board's actions be beyond reproach and taken in good faith. Only then will creditors view the Oversight Board as an impartial arbiter, whose actions are designed to achieve fiscal responsibility and access to capital markets.

Moreover, the numbers and assumptions in the Fiscal Plan will eventually be tested and likely subject to challenge. Providing the information now will ultimately facilitate the confirmation or settlement process by narrowing challenges to legal issues instead of drawn out factual disputes. Accordingly, we agree with other creditors that the Oversight Board should provide information sooner rather than later and should make it available to advisors to all interested parties. At bottom, the principle that guides the Oversight Board's action must not be the scope of its statutory authority; rather, it must be the principle that sunlight is the best disinfectant. Restoring transparency is the surest way to achieve positive results for all stakeholders in these title III cases.

DATED: June 26, 2017

Respectfully submitted,

| REICHARD & ESCALERA | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| By : */s/ Rafael Escalera*<br>**Rafael Escalera**<br>USDC No. 122609<br>escalera@reichardescalera.com | **Susheel Kirpalani** (*pro hac vice*)<br>susheelkirpalani@quinnemanuel.com |
| */s/ Sylvia M. Arizmendi*<br>**Sylvia M. Arizmendi**<br>USDC-PR 210714<br>arizmendis@reichardescalera.com | **Eric Winston** (*pro hac vice*)<br>ericwinston@quinnemanuel.com<br><br>**Daniel Salinas**<br>USDC-PR 224006<br>danielsalinas@quinnemanuel.com |
| */s/ Fernando Van Derdys*<br>**Fernando Van Derdys**<br>USDC-PR 201913<br>fvander@reichardescalera.com | **Eric Kay** (*pro hac vice*)<br>erickay@quinnemanuel.com<br><br>**Kate Scherling** (*pro hac vice*)<br>katescherling@quinnemanuel.com |
| */s/ Carlos R. Rivera-Ortiz*<br>**Carlos R. Rivera-Ortiz**<br>USDC-PR 303409<br>riverac@reichardescalera.com | **Brant Duncan Kuehn** (*pro hac vice*)<br>brantkuehn@quinnemanuel.com<br><br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010-1603 |
| */s/ Gustavo A. Pabón-Rico*<br>**Gustavo A. Pabón-Rico**<br>USDC-PR 231207<br>pabong@reichardescalera.com | |
| 255 Ponce de León Avenue<br>MCS Plaza, 10th Floor<br>San Juan, Puerto Rico 00917-1913 | |

**Co-Counsel to the COFINA Senior Bondholders' Coalition**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the parties of record.

/s/ *Carlos R. Rivera-Ortiz*
USDC-PR 303409