# EXHIBIT A

66

…".

## CHAPTER 4.- TRANSFER FROM PUBLIC CORPORATIONS, AGENCIES AND INSTRUMENTALITIES TO THE GENERAL FUND; CREATION OF COMMITTEE AND ADJUSTMENT OF CHARGES, DUTIES AND RATES.

Article 4.01.-Transfer of Surplus

Public corporations, agencies and instrumentalities of the Government of Puerto Rico are hereby ordered to transfer to the Department of the Treasury the surplus of generated income. Said funds shall be considered as available resources of the State and deposited by the Department of the Treasury in the General Fund of the Government of Puerto Rico to comply with the liquidity requirements contemplated in the Fiscal Plan adopted under the provisions of the Puerto Rico Oversight, Management and Economic Stability Act of 2016, Public Law 114-187, also known as PROMESA.

Article 4.02.-Committee

The amount of funds to be contributed by each of the corporations and instrumentalities shall be determined by a committee composed of the Executive Director of the Fiscal Agency and Financial Advisory Authority of Puerto Rico, the Secretary of the Department of the Treasury and the Executive Director of the Office of Budget and Management, having the authority to set the necessary rates to comply with the provisions of the Fiscal Plan approved for the Government of Puerto Rico and the one governing its corporations. Said committee shall make sure that the transfer of funds as provided in Article 4.01 of the present Law does not affect the services offered by public corporations and instrumentalities and that they are the surplus available after the operational expenses and obligations of said entities have been covered, in accordance with the expense budget recommended by the Office of Budget and Management for each fiscal year.

Furthermore, said Committee shall have the authority to revise the sources of income of the public corporations, agencies and instrumentalities, and adjust, increase or reduce any charge, duty, rate, tariff, fee, premium or any income of a similar nature, in order to comply with the metrics provided in the Fiscal Plan of the Government of Puerto Rico. In addition, the Committee shall be able to impose an additional administrative fee on any contributions that it may deem necessary, which may be from five percent (5%) to ten percent (10%), to comply with the metrics of the Fiscal Plan certified by the Financial Oversight and Management Board.

This Law shall have precedence over any law establishing any charge, duty, rate, tariff, fee, premium or any income of a similar nature, and the



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

67

committee shall have the authority to revise, increase or reduce the amount even if it is provided in the Law. The committee shall have the authority to revise, increase or reduce said income without being subject to the provisions of any Law, regulations or administrative order establishing a specific amount for said income.

Any provision of law, regulations, administrative order, corporate resolution, or any other document of a similar nature, restricting or reducing the funds that may be transferred by a public corporation, agency or instrumentality of the Government of Puerto Rico to the General Fund as provided in this Chapter is hereby suspended.

The committee shall have the authority to promote any necessary administrative order, circular letter or regulations for its operation and for compliance with the provisions of the present Law.

Article 4.03.-Exclusions

The provisions of this Chapter shall not apply to the University of Puerto Rico, created by virtue of Law No. 1 enacted on January 20, 1966, as amended, known as the "Law of the University of Puerto Rico," the Puerto Rico Public Corporation for Credit Union Oversight and Insurance, created by virtue of Law 114-2001, as amended, better known as the "Puerto Rico Public Corporation for Credit Union Oversight and Insurance Act," "Municipal Finance Corporation Act," better known as COFIM, Law 19-2014, as amended, "Law of the Special Commission regarding Legislative Funds for Community Impact," Law 20-2015 and "Law of the Joint Commission regarding Special Reports of the Comptroller," Law No. 83 enacted on June 23, 1954, as amended. This Chapter shall not apply to the funds of public corporations and entities for community purposes, when they are funds received by private entities.

As to the "Urgent Interest Fund Act," better known as COFINA, Law 9-2006, as amended, the Executive shall have the authority to use the Funds of COFINA, occasionally, only as a last alternative and subject to submission of a sworn certification to the Legislative Assembly. Submission of said certification shall not be interpreted as the Executive having indefinite use of the funds of COFINA. Said certification shall have to establish the need, period and amount of funds to be used, to cover a significant occasional deficiency in the cash flow to comply with the Fiscal Plan of the Government of Puerto Rico. Said certification shall be signed and sworn by the Executive Director of the Fiscal Agency and Financial Advisory Authority (AAFAF) and by the Director of the Office of Budget and Management. The signature and oath of these officials on the certification shall be non-delegable. In said certification officials

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

68

shall certify that the information is correct, exact and true in accordance with the fiscal reality of the Government of Puerto Rico.

Article 4.04.-Compliance Clause

All transfers made under the provisions of this Chapter shall be subject to the requirements of Section 201(b)(1) (M) of Public Law 114-187 known as the Puerto Rico Oversight, Management and Economic Stability Act or PROMESA.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CHAPTER 6 - ACCOUNTING ACT OF THE GOVERNMENT OF PUERTO RICO

Article 6.01 - Article 3 of Law No. 230 of July 23, 1974, as amended and known as the "Accounting Act of the Government of Puerto Rico" is amended in order to add a new cause (o) that reads as follows:

"Article 3 - Definitions.

When used in this Law, the following terms will mean:

(a) ...

...

(o) Special Assignments - Assignments approved through Joint Resolutions that limit the use of the funds assigned."

Article 6.02 - Amends clause (b) and adds a new clause (e) to Article 7 of Law No. 230 of July 23, 1974, as amended, known as the "Accounting Act of the Government of Puerto Rico", to read as follows:

"Article 7.-Income of public funds.

a) ...

All of the public funds of the dependencies that are not destined by law to a specific purpose will be credited to the General Fund of the State Treasury and will be deposited in their entirety in the current bank account of the Secretary or in any other bank account that the same deems convenient to establish. Similarly, it is provided that as of July 1, 2017 all of the special state

Certified to be a true and correct translation from its original.
Aída Torres, USCCI
Tel. 787.225.8218/787.723.4644
Fax: 787.723.9488

funds and other income of the public dependencies and corporations will be deposited in their entirety in the State Treasury, under the custody of the Secretary of the Treasury or of the banking entity that it determines adequate. The Secretary of the Treasury will also be empowered to determine the order of priority of the disbursements of the payments charged to the special state funds and other income, pursuant to the budget approved and the Fiscal Plan, without this being understood as a limitation to the powers conferred to the Governor and the Authority of Financial Advice and Fiscal Agency of Puerto Rico pursuant to the provisions of Law 5-2017. This provision will have supremacy over any other that contravenes or is inconsistent with what is established herein. For every fiscal year, any amount in excess of the one budgeted and authorized by the Office of Management and Budget to the dependencies and public corporations originating from special state funds will enter into the Budgetary Fund created pursuant to Law No. 147 of June 18, 1980, as amended. This provision will not be applicable to those funds that are assigned to the municipalities pursuant to the Sales and Use Tax. This provision will not be applicable to the funds originating from private donations that the government entities receive for social purposes.

...

e) As of July 1, 2017, all those special state funds created by Law for specific purposes will continue to be used for those purposes for which they were

Certified to be a true and correct translation from its original.
Aída Torres, USCCI
Tel. 787.225.8218/787.723.4644
Fax: 787.723.9488

assigned by Law, pursuant to the Budget Recommended by the Management and Budget Office and with the Fiscal Plan. Similarly, the Management and Budget Office is empowered to create a reserve under its custody, as it establishes through rules, which allow the budgetary control of every expense item charged to the special state funds and other income. If there is any inconsistency between the law and the use of the funds with the Fiscal Plan, the purpose provided in the Fiscal Plan approved pursuant to the provisions of the Federal Law PROMESA will prevail."

Article 6.03.- Clauses (h), (l) and (m) of Article 8 of Law No. 230 of July 23, 1974, as amended, known as the "Accounting Act of the Government of Puerto Rico", are amended to read as follows:

"Article 8.-Assignment of public funds.

(a) ...

...

(h) The assignments and the funds without a determined economic year, that have remained in the books without any movement of disbursement or obligation for one (1) year, will be considered for purposes of this Law, as having complied their purpose wherefore they will be closed and will immediately enter the General Fund, except the assignments and the funds without a determined economic year assigned to carry out permanent improvements that have been accounted and taken to the books. These

4

>will have a term of three (3) years as of the legal effective date of the assignment to be disbursed and to comply with the purposes for which they were assigned. Having the term of three (3) years has elapsed, the obligated and non-obligated term of the permanent improvement fund will be closed and will enter into Fund 301. This provision will only be applicable to the assignments made prior to Fiscal Year 2017-2018 and will not be applicable to those assignments made by the Legislative Assembly through Legislative Donations or assignments pursuant to the Sales and Use Tax.
>
> In those cases in which the agency or organism that receives the permanent improvement funds understands that the term of the assignment should be extended for a term in excess of three (3) years, the same may request this by justifying the need to maintain these resources in the Budget and Management Office for at least three (3) months before the expiration of the aforementioned term. During this period, the Budget and Management Office will analyze the petition and will determine the need to maintain the assignment in effect, the term for which the same will be extended and the amount. Said resources will be rescheduled by the Legislative Assembly.

(i) ...

...

(l) Any assignment that remains for one (1) year withing being taken to the books will be

Certified to be a true and correct translation from its original.
Aída Torres, USCCI
Tel. 787.225.8218/787.723.4644
Fax: 787.723.9488

5

considered, as a general rule, cancelled automatically and a new legislative action will be required to use the monies so canceled. In exceptional cases in which it is demonstrated that just causes have intervened to not take an assignment to the books during the stipulated period of one (1) year, such as the tardiness in the resolution of litigations in the courts and the impossibility of performing a public work due to fiscal, technical or legal difficulties, an assignment may be accounted even after the aforementioned period of one (1) year has elapsed.

The Secretary will notify the Legislative Assembly of the action cancelling assignments in the circumstances contemplated in this clause, during the thirty (30) days subsequent to the date in which said cancellation was provided.

(m) Periodically, the Secretary will transfer to the excess of the General Fund of the State Treasury, according to the law, the balances of the deposit accounts that have remained unused or without any movement whatsoever in the accounting books for one (1) year and that, according to his opinion, were unnecessary or did not comply with the purposes for which they were created. It being provided that any claim that comes to Secretary obligated to pay with regard to said balances, after having the same been transferred in the manner previously provided, will be paid from any funds available not destined to other attentions."

Certified to be a true and correct translation from its original.
Aída Torres, USCCI
Tel. 787.225.8218/787.723.4644
Fax: 787.723.9488