**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

---------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | (Jointly Administered) |
| Debtors.[1] | **Re: Docket No. 301** |

---------------------------------------------------------------x

**ORDER PURSUANT TO PROMESA SECTION 301(A) AND BANKRUPTCY
CODE SECTIONS 105(A), 362(A), 365, AND 922 CONFIRMING (I) APPLICATION
OF THE AUTOMATIC STAY TO GOVERNMENT OFFICERS, AGENTS, AND
REPRESENTATIVES, (II) STAY OF PREPETITION LAWSUITS, AND
(III) APPLICATION OF CONTRACT PROTECTIONS**

Upon the *Motion of Debtors Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365, and 922 for Entry of Order Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition Lawsuits, and (III) Application of Contract Protections* (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Pursuant to Bankruptcy Code section 362(a), made applicable by PROMESA section 301(a), and subject to any exceptions thereto, or other rights or defenses a party may have, under applicable law, including the Bankruptcy Code as made applicable by PROMESA, all persons (including individuals, partnerships, corporations, limited liability companies, and all those acting for or on the behalf of the foregoing), all foreign or domestic governmental units, and all other entities (and those acting for or on their behalf) are hereby stayed, restrained, and enjoined from:

   (a) commencing or continuing any judicial, administrative, or other action or proceeding against the Debtors, including the issuance or employment of process, that was or could have been commenced before the Title III Cases[3] were commenced;[4]

   (b) enforcing a judgment obtained before the commencement of the Title III Cases against the Debtors or property of the Debtors.

---

[3] As used herein, the term "Title III Cases" shall refer to the Commonwealth's Title III Case, COFINA's Title III Case, and that Additional Title III Cases but shall not refer to any subsequent case under Title III of PROMESA commenced by a covered territorial instrumentality under PROMESA, unless otherwise ordered by the Court upon notice and an opportunity to be heard in any subsequent case under Title III of PROMESA.

[4] For the avoidance of doubt, the Title III Stay provisions are applicable to a Debtor only from the commencement of that particular Debtor's Title III Case.

(c) taking any action to obtain possession of property of or from the Debtors or exercise control over property of the Debtors;

(d) taking any action to create, perfect, or enforce any lien against property of the Debtors, to the extent that such lien secures a claim that arose before the commencement of the Title III Cases;

(e) taking any action to collect, assess, or recover a claim against the Debtors that arose before the commencement of the Title III Cases; and

(f) offsetting any debt owing to the Debtors that arose before the commencement of the Title III Cases against any claim against the Debtors.

3. All entities, including all persons and foreign and domestic governmental units, and all those acting on their behalf, including sheriffs, marshals, constables, and other or similar law enforcement officers and officials are stayed, restrained, and enjoined from, in any way, seizing, attaching, foreclosing upon, levying against, or taking any action to obtain possession or control over any and all property of the Debtors, wherever located.

4. Pursuant to Bankruptcy Code section 922(a), made applicable by PROMESA section 301(a), and subject to any exceptions thereto, or other rights or defenses a party may have, under applicable law, including the Bankruptcy Code as made applicable by PROMESA, all persons (including individuals, partnerships, corporations, limited liability companies, and all those acting for or on the behalf of the foregoing), all foreign or domestic governmental units, and all other entities (and those acting for or on their behalf) are hereby stayed, restrained, and enjoined from:

(a) commencing or continuing any judicial, administrative, or other proceeding against an officer or inhabitant of the Debtors, including the issuance or employment of process, that seeks to enforce a claim against the Debtors; and

(b) enforcing a lien on or arising out of taxes or assessments owed to the Debtors.

5. For the avoidance of doubt, the protections of Bankruptcy Code section 922(a)(1) with respect to officers and inhabitants of the Debtors, as set forth in paragraph 4(a) above, apply

in all respects to the Debtors' officers in both their official and personal capacities with respect to actions whereby parties pursuing such actions seek to enforce claims against any of the Debtors.

6. For the further avoidance of doubt, pursuant to Bankruptcy Code sections 105(a) and 922(a)(1), made applicable by PROMESA section 301(a), the Title III Stay applies in all respects to (a) government officials (including, without limitation, the Governor), agents, and representatives of (i) the Debtors and (ii) any of the Debtors' instrumentalities, and (b) any inhabitant of the Debtors, each solely with respect to actions whereby parties pursuing such actions seek to enforce claims against any of the Debtors, and provided such Title III Stay is in effect with respect to such Debtor and the pursued action; provided, that the stay provided in this paragraph shall not apply to any financial institutions that provide agency, fiscal agency, trustee, collateral, disbursing agent, payment agent, or other similar services to the Debtors, their instrumentalities, or their creditors, in each case, to the extent that such financial institution is acting in such capacity.

7. For the further avoidance of doubt, each of the Prepetition Lawsuits set forth on the attached **Exhibit A** are hereby stayed only with respect to the Debtors, and solely to the extent a Prepetition Lawsuit seeks to enforce a claim against the Debtors, any officer or inhabitant of the Debtors, pursuant to Bankruptcy Code sections 105(a), 362(a), and 922, pending further order of the Court and subject to any orders of the Court entered prior to the date of this Order.

8. Pursuant to and solely to the extent provided by Bankruptcy Code section 365, made applicable by PROMESA section 301(a), and subject to the other provisions of PROMESA and the Bankruptcy Code (as made applicable through PROMESA section 301(a)), all persons (including individuals, partnerships, corporations, limited liability companies, and all those

acting for or on the behalf of the foregoing), all foreign or domestic governmental units, and all other entities (and those acting for or on their behalf) are hereby prohibited from modifying or terminating any executory contract or unexpired lease of the Debtors, or any right or obligation under any such contract or lease of the Debtors, at any time after the commencement of the Title III Cases, solely because of a provision in such contract or lease that is conditioned on:

    (a) the insolvency or financial condition of the Debtors at any time before the closing of the Title III Cases; or

    (b) the commencement of the Title III Cases.

For the avoidance of doubt, the protections of Bankruptcy Code section 365(e)(2) shall continue to apply in all respects.

    9.    Pursuant to and solely to the extent provided by Bankruptcy Code sections 362 and 365, and subject to the other provisions of PROMESA and the Bankruptcy Code (as made applicable through PROMESA section 301(a)), all parties to an executory contract or unexpired lease with the Debtors shall continue to perform their obligations under such contract or lease until such contract or lease is assumed or rejected by the applicable Debtor or otherwise expires by its own terms.

    10.    Nothing in this Order shall affect the substantive rights of any party. Nothing in this Order shall affect the exceptions to the automatic stay contained in sections 362(b) and 922(d) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code.

    11.    Except as expressly provided in paragraph 6 of this Order, in no event shall this Order be interpreted as modifying, expanding, or eliminating the terms of PROMESA or the Bankruptcy Code or imposing any restriction on parties in interest other than set forth in Title III of PROMESA or the Bankruptcy Code, nor shall the entry of this Order modify, expand, or alter

any party's liability for any violation of the automatic stay that such party would have incurred had this Order not been entered, subject to paragraph 6 of this Order. Nothing in this Order shall undermine or conflict with any provision of PROMESA dealing with official misconduct.

12. Notwithstanding the applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry. To the extent that the relief provided herein exceeds the relief granted under PROMESA or the provisions of the Bankruptcy Code made applicable by PROMESA section 301(a), such relief shall not apply in any Title III Case not yet filed at the time this Order was entered, without further order of the Court upon notice and an opportunity to be heard.

13. The Debtors and the Oversight Board, as the Debtors' representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

14. For the avoidance of doubt, nothing in this Order shall be deemed to interfere with any party's right to bring, prosecute, or to otherwise litigate or engage in an adversary proceeding or contested matter in these Title III Cases against any other party, including the Debtors, any of the Debtors' instrumentalities or any inhabitant of the Debtors, or to seek or to otherwise engage in discovery against any party in connection with any such adversary proceeding, contested matter, or other matter not involving a claim against a Debtor. Subject to the foregoing, the Debtors reserve all rights to contest any such adversary proceeding, contested matter, other matter not involving a claim against a Debtor, or any discovery in connection therewith or to otherwise seek relief related thereto.

15. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement, or interpretation of this Order.

Dated: _____, 2017
      San Juan, Puerto Rico

                HONORABLE LAURA TAYLOR SWAIN
                UNITED STATES DISTRICT JUDGE

## Exhibit A

### Prepetition Lawsuits

Prepetition Lawsuits commenced before the enactment of PROMESA attacking certain executive orders issued by the Governor include:

1. *Assured Guaranty Corp., et al, v. Garcia-Padilla, et al.*, No. 16-01037-FAB (D.P.R. Jan. 7, 2016)
2. *Financial Guaranty Insurance Company v. Garcia-Padilla, et al.*, No. 16-01095-FAB (D.P.R. Jan. 19, 2016)
3. *National Public Finance Guarantee Corp. v. Garcia Padilla, et al.*, No. 16-02101-FAB (D.P.R. June 15, 2016)
4. *Jacana Holdings I LLC et al v. Commonwealth of Puerto Rico*, No. 16-04702-GHW (S.D.N.Y. June 21, 2016)
5. *Trigo, et al., v. Garcia-Padilla, et al.*, No. 16-02257-FAB (D.P.R. June 30, 2016)

Prepetition Lawsuits challenging the validity of certain measures under PROMESA include:

1. *Lex Claims et al v. Garcia Padilla,* No. 16-02374-FAB (D.P.R. July 20, 2016)
2. *Assured Guaranty Corp. v. Puerto Rico and its Highways and Transportation Authority*, No. 16-02384-FAB (D.P.R. July 21, 2016)
3. *U.S. Bank Trust, N.A. v. Garcia Padilla, et al.*, No. 16-02510-FAB (D.P.R. Aug. 19, 2016)
4. *Voya Inst'l Tr. Co. v. Univ. of Puerto Rico*, No. 16-2519-FAB (D.P.R. Aug. 22, 2016)
5. *Scotiabank de Puerto Rico v. Garcia-Padilla, et al.*, No. 16-02736-FAB (D.P.R. Sep. 28, 2016)
6. *Longo En-Tech Puerto Rico, Inc. v. The United States Environmental Protection Agency, et al.*, No. 16-03151-DRD (D.P.R. Dec. 15, 2016)
7. *Servidores Públicos Unidos, et al. v. Financial Oversight and Management Board, et al.*, No. 17-01483-FAB (D.P.R. Apr. 12, 2017)
8. *Rodríguez-Perelló v. Rosselló-Nevares*, No. 17-1566 (D.P.R. May 1, 2017)
9. *Ambac Assurance Corp. v. Commonwealth of Puerto Rico*, No. 17-1567 (D.P.R. May 1, 2017)
10. *Ambac Assurance Corp. v. Commonwealth of Puerto Rico*, No. 17-1568 (D.P.R. May 2, 2017)
11. *Aurelius Investment, LLC v. Commonwealth of Puerto Rico*, No. 652357/2017 (N.Y. Sup. Ct. May 2, 2017)
12. *Hon. Rossana Lopez Leon v. Hon. Ricardo Rossello-Nevares*, No. 3:17-cv-01642 (D.P.R.)