# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | PROMESA |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Title III |
|     As representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO<br>    Debtor. | |

## URGENT MOTION FOR RELIEF FROM STAY

**COMES NOW**, Antonio Cosme-Calderon ("Movant"), through the undersigned counsel and very respectfully move the Court for an Order pursuant to 11 U.S.C. Sec. 362 for relief from the Automatic Stay and, in support of this motion, states as follows:

1. On August 22, 2016, Movant Cosme-Calderon, a paramedic and employee of Puerto Rico's Cuerpos de Emergencias Medicas filed a civil action against the Commonwealth of Puerto Rico, Civil Case No. 3:16-cv-02516, under the Americans with Disability Act of 1990, as amended ("ADA"), 42 U.S.C. §12101 et seq., and for Employment Retaliation, currently pending before the United States District Court for the District of Puerto Rico.

2. On June 29, 2017, the Commonwealth of Puerto Rico filed a motion titled "*Notice of Automatic Stay of Proceedings Pursuant to the Commencement of Case Under Title III of Promesa*" informing the filling of a Petition would have the effect of an automatic stay pursuant to Section 301(a) of PROMESA ("Section 301(a)"). Section 301(a) states that, among other things, 11 U.S.C. Sec. 362 of the United States Bankruptcy Code are applicable for petitions under Title III.

3. The Movant in the referenced civil action seeks a declaratory judgment. As well as any relief, the Court may deem equitable, just and appropriate. His civil action arises from

federal employment anti-discrimination laws, unassociated nor related to the collection of any debt. The Movant is not an investor, nor a creditor seeking to take possession or distribute assets belonging to the Commonwealth's estate. Movant's claim for *cause* can and should be exclude from a bankruptcy discharge, given that his civil action will have very little or no effect on this bankruptcy. The undue hardship of prolonging Movant's employer's unlawful work practices is not necessary for the Commonwealth to successfully complete the bankruptcy and Movant's civil action seeks to change employer's behavior towards disabled employees just like him. Because Movant's condition of employment isn't related to a debt owed to a creditor, the Movant should be allowed to continue with his employment lawsuit. In this sense, the relief sought by the Movant will also have no significant effect at all on the bankruptcy estate.

4. The merits of Movant's claims should be adjudicated by the district court. Courts consider many factors in deciding whether cause exists to lift the automatic stay so that a creditor can pursue pending litigation in another forum. Relevant factors include the interests of judicial economy, the degree of connection or interference with the bankruptcy case, prejudice to the bankruptcy case or other creditors, the presence of non-debtor third parties, the Debtor's misconduct, and the probability that the creditor will prevail in the pending litigation. In re <u>Ulpiano Unanue-Casal</u>, 159 B.R. 90, 95-96 (D.P.R. 1993), aff'd by 23 F.3d 395. (1st Cir. 1994). Here, these factors weigh strongly in the Movant's favor.

5. The term "cause" is determined on a case-by-case basis. Courts have set forth various multi-factor tests. See <u>In re Granati</u>, 271 B.R. 89, 93 (Bankr. E. D. Va. 2001) (four factor test); <u>In re Johnson</u>, 115 B.R. 634, 636 (Bankr. D. Minn. 1989) (seven factor test); <u>In re Pro Football Weekly, Inc.</u>, 60 B.R. 824, 826 (N.D. Ill. 1986) (three factor test); <u>In re Curtis</u>, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984) (twelve factor test). Courts have relied on only a few factors, or even a single factor, in deciding to lift the stay. "*In weighing these factors,*

*this Court does not need to specifically address each of the various factors, but instead only needs to consider those factors relevant to the particular case, and this Court does not need to assign them equal weight.*" In re R.J. Groover Construction, LLC, 411 B.R. 460, 464 (S.D. Ga. 2008) (citations omitted). In In re Ulpiano Unanue-Casal, 159 B.R. 90 (D.P.R. 1993)—a district court decision that the First Circuit affirmed—the court took guidance from the following factors:

> (1) Whether the relief will result in a partial or complete resolution of the issues; (2) The lack of any connection with or interference with the bankruptcy case; (3) Whether the non-bankruptcy proceeding involves the debtor as a fiduciary; (4) Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases; (5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) Whether the action primarily involves third parties; (7) Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee or other interested parties; (8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c); (9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f); (10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties; (11) Whether the non-bankruptcy proceedings have progressed to the point where the parties are prepared for trial; and (12) The impact of the stay on the parties and the "balance of hurt."

159 B.R. at 95-96 (D.P.R. 1993) aff'd by 23 F.3d 395 (1st Cir. 1994). The court also relied on two additional factors; namely, the misconduct of the debtor and whether the creditor has a probability of prevailing on the merits. Id. at 96.

6. Here most factors weight in favor of lifting the stay for Movant's employment claim, including: *The interest of judicial economy*, *nature of district court's litigation and the lack of any interference or connection with the bankruptcy proceeding*. In Movant's case defendant engaged in motion practice by timely filing a dispositive motion *prior* to filing a motion for stay, and the Movant also timely filed his opposition. The district court has knowledge of the facts and allowing the district court to adjudicate the pending motions

will lead to the most expeditious resolution of Movant's claim. See <u>In re Aquarious Disk Services, Inc</u>. 254 B.R. 253, 260, (Bankr. N.D. Cal. 2000), here judicial economy militates in favor of the non-bankruptcy forum. The litigation in the district court does not involve bankruptcy law nor require the expertise of a bankruptcy judge, lifting the stay will not prejudice the Debtor. Further, the bankruptcy case will not resolve Movant's employment discrimination claim. As echoed in the legislative history to § 362(d)(1), Congress believed that "*it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.*" H.R. Rep. No. 95–595, at 341 (1977); S.Rep. No. 95–989, at 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836. Litigation of Movant's employment discrimination claim in the district court will not tie up significant estate assets that may be used to satisfy creditors' claims, nor interfere with distribution of assets. Commonwealth is not the only defendant in the district court, Martha R. D'Plana Collazo is also a named defendant in the case, a third-party, and the automatic stay does not apply to a non-debtor. Lifting the stay will enable the district court to adjudicate Movant's claim against all defendants in a single proceeding. The Debtor also filed for bankruptcy before the district court rules on its pending dispositive motion, the subsequent filing of a notification of stay may be an attempt to circumvent non-bankruptcy litigation and avoid an unfavorable ruling in another forum. The Movant is also likely to prevails on the merits of his case. "Even a slight probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case." In re Tribune Co., 418 B.R. 116, 129 (Bankr. D. Del. 2009) (quotation omitted). See also <u>In re Antontio L. Giordano</u>, 1:11-bk-13943.

7. The automatic stay of case 3:16-cv-02516 should be lifted pursuant to 11 U.S.C. Sec. 362 (d)(1) for *cause*, including but not limited to reasons stated in this motion for relief from

stay. The automatic stay should be lifted pursuant to 11 U.S.C. Sec. 362 (d)(2) because the adjudication of Movant's claim in this case is not necessary in this bankruptcy process for an effective reorganization of the Commonwealth either.

WHEREFORE, Movant respectfully requests that the Court enter an order granting relief from the automatic stay allowing Movant to continue his employment discrimination case no. 3:16-cv-02516 currently pending in the District Court and further relief as the Court deems proper.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY: That on this day, I electronically filed the foregoing motion with the Clerk of the Court using CM/ECF Filing system which will send notification to the parties and subscribed users.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 30th day of June 2017.

/S/ Humberto Cobo-Estrella, Esq.
Humberto Cobo-Estrella, Esq.
*Attorney for Movant Antonio Cosme-Calderon*
**USDC-PR230108**

PO Box 366451
San Juan, Puerto Rico 00936-6451
Tel. (787) 200-2715
Email: hcobo@hcounsel.com