IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>**Debtor** | PROMESA<br><br>Title III<br><br>No. 17 BK 3283-LTS |

**MOTION REQUESTING RELIEF OF STAY**

TO THE HONORABLE COURT:

COMES NOW the creditor Perfecto Crespo-Bermúdez, Janice Vanessa Colón-Vélez and the Conjugal Partnership Between Them, represented by the undersigned counsel, and respectfully states and prays as follows:

1. On January 24, 2017 creditors Perfecto Crespo-Bermúdez, Janice Vanessa-Colón Vélez and the Conjugal Partnership Between Them, filed before Puerto Rico's Superior Court a claim of discrimination, retaliation and damages against his employer, the Institute of Puerto Rican Culture (ICPR for its acronym in Spanish, a public corporation of the Commonwealth of Puerto Rico. The case is <u>Perfecto Crespo-Bermudez, et al. vs. Instituto de Cultura Puertorriqueña</u>, et al., K PE2017-0142 (902). See Exhibit I.

2. That same they, creditor Perfecto Crespo-Bermudez filed an appeal before the Appellate Commission of the Public Service (ICPR for its acronym in Spanish). Mr. Crespo-Bermudez claimed before CASP that his discharge from the CASP for its its acronym in Spanish was unjustified and discriminatory. In the case before CASP, CASP for its its acronym in Spanish requests his restitution to employment and backpay. The

        case is <u>Perfecto Crespo Bermudez vs. Instituto de Cultura Puertorriqueña</u>, 2017-01-0855. See Exhibit II.

3. Both cases are stayed because the filing of the captioned case.

4. The appearing creditors are not a public bonds investors of the Commonwealth.

5. The appearing creditors' claims does not have any relation with the debts that prompted PROMESA.

6. The stay of appearing creditors' claims cause irreparable damages, since Mr. Crespo-Bermúdez is without employment to support the needs of himself and his family.

7. appearing creditors' request to this Honorable Court the lift of the stay in order to allow Mr. Crespo-Bermúdez regain his employment and the means to make a living.

8. Furthermore, appearing creditors' claims are not necessary to the resolution of the captioned case. Neither PROMESA was drafted in order to manage employment claims.

9. 11 U.S.C. Sec. 362 (d)(1) states that:

    (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

        (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

10. The stay of appearing creditors' claims causes irreparable damages and neither is necessary for the adjudication of the PROMESA's claims.

    WHEREFORE, Movant respectfully requests that the Court enter an order granting relief from the automatic stay allowing Mr. Perez-Rivera employment cases to continue and further reliefs as the Court deems proper.

CERTIFIED: That copy of this motion has been filed through the CM/ECF system, which will serve notice electronically to all counsel of record in the case.

In San Juan, Puerto Rico, July 5, 2017.

      **s/ Pedro J. Landrau López**
Pedro J. Landrau López, Esq.
USDC No. 220812
pjlandrau@lawyer.com

Attorney for Plaintiff
P.O. Box 29407
San Juan, Puerto Rico 00929-0407
Tel.(787) 636-0135
Fax. (787) 768-6051

3