ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE SAN JUAN
SALA SUPERIOR

| | |
|---|---|
| PERFECTO CRESPO BERMÚDEZ, JANICE VANESSA COLÓN VÉLEZ Y LA SOCIEDAD LEGAL DE GANANCIALES<br><br>Apelante<br><br>vs.<br><br>INSTITUTO DE CULTURA PUERTORRIQUEÑA, JORGE IRIZARRY VIZCARRONDO, LA SOCIEDAD LEGAL DE GANANCIALES QUE INTEGRA CON FULANA DE TAL, PEDRO LÓPEZ ONNA, LA SOCIEDAD LEGAL DE GANANCIALES QUE INTEGRA CON JANE DOE Y JUAN DEL PUEBLO<br><br>Apelado | Número KPE2017-0142<br>902<br><br>Asunto: Daños y Perjuicios, Represalia, 1983 Derechos Civiles, |

**DEMANDA**

A la Honorable Comisión:

COMPARECE la parte DEMANDANTE, por conducto de la representación legal que suscribe, quien muy respetuosamente expone y solicita que:

1. La parte demandante está integrada por el Sr. Perfecto Crespo Bermúdez, la Sra. Janice Vanessa Colón Vélez y la Sociedad Legal de Gananciales integrada por ambos. Tiene dirección en la Urbanización Round Hill, Calle Cruz de Malta 350, Trujillo Alto, PR 00976 y teléfono 787-243-4951.

2. La parte demandada Instituto de Cultura de Puerto Rico, tiene capacidad para demandar y ser demandada, siendo creado por la Ley Núm. 89 de 21 de Junio de 1955, según enmendada, con dirección PO Box 9024184, San Juan, Puerto Rico 00902-4184, y tel. 787-724-0700.

3. El demandado Sr. Jorge Irizarry Vizcarrondo, se desempeñaba como Director Ejecutivo del Instituto de Cultura de Puerto Rico. Se le demanda en su carácter personal y oficial. Se hace constar como demandado la Sociedad Legal de Gananciales que integra con su esposa, la cual al desconocerse su nombre se identifica como Fulana de Tal.

4. El demandado Lcdo. Pedro López Orona se desempeñaba como Sub-Director Ejecutivo del Instituto de Cultura. En la actualidad labora para dicha institución en calidad de abogado. Se le demanda en su carácter personal y oficial. Se hace constar como demandado la Sociedad Legal de Gananciales que integra con su esposa, la cual al desconocerse su nombre se identifica como Jane Doe.

5.  Se designa como Juan del Pueblo a cualquier persona natural o jurídica que pudiera responder por los hechos alegados en la demanda.

6.  Los hechos del presente caso ocurrieron en la jurisdicción de San Juan.

## HECHOS

7.  El demandante Sr. Perfecto Crespo Bermúdez, laboró para el Instituto de Cultura por espacio de 31 años.

8.  El 29 de diciembre de 2016, el Lcdo. Pedro López Onna, actuando como Director Ejecutivo Interino, suscribió una carta dirigida al demandante, imputó al demandante el haber incurrido en las las Faltas Número 17, 18, 19 y 43 de las Normas de Conducta y Medidas Correctivas Aplicables a Empleados y Funcionarios del Instituto de Cultura Puertorriqueña y le destituyó de su puesto. Esta carta fue colocada en el correo el día 16 de enero de 2017.

9.  El apelante se desempeñaba como Director de la Oficina de Planificación y Presupuesto. En resumen, las funciones del apelante son planificar, coordinar y dirigir los trabajos correspondientes a la preparación, ejecución y control del Instituto.

10. La Ley número 66 de 17 de junio de 2014, declaró una crisis financiera y estableció una serie de medidas para atajarla. Además, el Gobernador de Puerto Rico emitió una serie de órdenes ejecutivas, dirigidas a estabilizar el presupuesto. Igualmente, agencias tales como la Oficina del Contralor y la Oficina de Gerencia y Presupuesto establecieron directrices para corregir el problema presupuestario.

11. Debido a decisiones tomadas por el Sr. Jorge Irizarry Vizcarrondo, director ejecutivo del Instituto de Cultura para ese entonces, el presupuesto del Instituto de Cultura entró en severo déficit presupuestario.

12. Aún ante la crisis financiera que presentaba la institución, el Sr. Irizarry Vizcarrondo, Director Ejecutivo, la Sra. Rosa Rodríguez Simonó, Directora de la Oficina de Asuntos de Administración y el Sr. Pedro López Onna, Subdirector Interino, comenzaron un patrón de hostigamiento y ambiente hostil en contra del demandante, a los fines de presionarlo para que no se siguiera la normativa establecida a la luz de la crisis fiscal y reducir recursos de oficina para que no pudiera realizar su función de manera adecuada.

2

13. Desde septiembre de 2014, el apelante se encontraba alertando a sus supervisores, de manera verbal y escrita, que si no se realizaban ajustes en el presupuesto del Instituto de Cultura, la institución entraría en un serio déficit al adoptar el convenio colectivo según negociado. Además, se alertó a la Oficina de Recursos sobre el riesgo de déficit.

14. El 13 de octubre de 2015, el apelante entregó un informe dirigido al Sr. Irizarry Vizcarrondo, Director de Ejecutivo del Instituto, señalando el déficit producido en las nóminas a la luz de la adopción convenio colectivo y las razones que dieron margen al mismo. Este informe contenía varios anejos evidenciando incumplimientos con la Ley 66-2014, reglamentos y órdenes administrativas, entre otros. Para esta fecha se estimó el déficit presupuestario en alrededor de $165,286.00.

15. A febrero de 2016, el Instituto de Cultura presentaba un déficit presupuestario ascendente $250,000.00 en la partida de nómina y costos relacionados, ocasionado principalmente por nuevas obligaciones de nómina asumidas con el nuevo convenio colectivo.

16. Este déficit provocó que la salud financiera del Instituto de Cultura se viera seriamente afectada.

17. Ante el descuadre presupuestario existente, era imperativo que todo gasto del Instituto tuviera los fondos debidamente identificados para realizar el correspondiente desembolso.

18. El 18 de marzo de 2016, se efectuó una reunión entre los Directores de Programas y Oficinas del Instituto, convocada por el Director Ejecutivo, cuyo propósito fue declarar en crisis fiscal al Instituto de Cultura.

19. Incluso se discutió recorte de personal transitorio, congelar contrataciones, el hecho de que el Departamento de Hacienda había retenido las remesas correspondientes al Instituto, entre otros.

20. Terminada esta reunión, permanecieron en salón el Lcdo. Pedro López Onna, Subdirector Ejecutivo Interino, la Sra. Wanda Barbosa Nevárez, Directora de la Oficina de Finanzas y Contabilidad y la Sra. Rosa Rodríguez Simonó, directora de de la Oficina de Asuntos de Administración (Q.E.P.D.) para presionar al apelante a viabilizar nuevas transacciones de personal que iban expresamente en contra de las instrucciones impartidas minutos antes por el

3

Director Ejecutivo.

21. A pesar de que se había declarado en crisis fiscal a la agencia, en esta reunión se le exigió de manera ilegal al apelante modificar el planteamiento de transferencia de Gastos de Funcionamientos y Nómina para cubrir aumentos de nómina que beneficiaban directamente al Lcdo. Pedro López Onna, Subdirector Ejecutivo Interino, y realizar dos nombramientos adicionales de confianza: puesto de confianza a la Directora de Recursos Humanos y puesto de confianza del Auditor General.

22. Estos nombramientas implicaban un desembolso de fondos públicos que a la fecha no se encontraban disponibles el presupuesto del Instituto.

23. El apelante les recordó que ya el Instituto presentaba un déficit de $250,000.00; que la petición era contraria a las instrucciones previamente impartidas por la Autoridad Nominadora; que se requería autorización de la Oficina de Gerencia y Presupuesto y la identificación de los correspondientes fondos. Estos nombramientos y aumentos de salario iban en contra de la realidad fiscal de la agencia, ya que ha dicha fecha las remesas provenientes del Departamento de Hacienda se encontraban detenidas.

24. En atención a esta exigencia, el apelante comenzó a realizar los correspondientes trámites para la autorización de la Oficina de Gerencia y Presupuesto, la identificación de los fondos para transferir de la partida de gastos de funcionamiento hacia las partida de nómina.

25. No obstante, la dificultad fiscal que presentaba la agencia y la carencia de personal, complicaba en gran manera la realización de estas labores presupuestarias. Además, de que se tenía que cumplir con los reglamentos y órdenes ejecutivas y coordinar con la oficina de Gerencia y Presupuesto la autorización de la transacción.

26. El apelante intentó comunicarse con el director ejecutivo para aclarar las directrices, pero nunca se le permitió reunirse con él. Por lo que, el apelante prosiguió con las directrices dadas previamente por la Sra. Rosa Rodríguez Simonó y el Lcdo. Pedro López Onna.

27. Posteriormente a esta fecha se discutió la aprobación, de una requisición de "Catering" para los talleres que estaría ofreciendo el Programa de la Administración de Documentos Públicos.

4

28. El Programa de la Administración de Documentos Públicos, adscrito al Archivo General de Puerto Rico, genera sus propios fondos. El apelante indicó que era necesario para realizar el desembolso para el "Catering", que el Archivo General realizara una transferencia de fondos y que se sometiera un plan de trabajo, el cual era el proceso correcto al momento de los hechos.

29. En ningún momento se le informó al apelante problema alguna con esta transacción o que hubiera un inconveniente.

30. Era tal las presiones impuestas al querellante para que se autorizaran estos movimientos de partidas presupuestarias sin los debidos trámites, que se afectó seriamente su salud emocional, por lo que tuvo que acogerse a una licencia por enfermedad del 27 de 16 de mayo de 2016, mientras tratamiento psiquiátrico.

31. El 9 de mayo de 2016, el apelante por conducto de su representación legal, solicitó acomodo razonable debido a que su salud emocional se encontraba en franco deterioro. Esta carta fue recibida por el Instituto de Cultura el 12 de mayo de 2016.

32. El 16 de mayo de 2016, el apelante se reportó a trabajar, entregándosele dos cartas de suspensión e intención de despido simultáneas suscritas por el Director Ejecutivo del Instituto, el Sr. Irizarry Vizcarrondo imputando insubordinación, entre otros, por los señalamientos que realizara sobre el trámite correcto a seguir. Además, de manera falsa se le imputó negligencia en sus funciones y divulgación de información confidencial. Incluso de manera represiva, se le imputó faltas por hechos ocurridos durante su ausencia por enfermedad.

33. Ese mismo día se le cerró todo acceso al sistema y documentación necesaria para su defensa.

34. En violación al debido proceso de ley, la suspensión del apelante fue una sumaria, esto cuando no se inmutaba ningún acto que constituye riesgo a la salud o seguridad de ninguna persona o propiedad.

35. El día 31 de mayo de 2016, dentro del término reglamentario, el apelante solicitó por escrito vista informal ante un examinador para impugnar su suspensión.

36. No fue sino hasta octubre de 2016, que la vista informal fue señalada para el día 16 de noviembre de 2016, ante el examinador Jorge L. Marchand Heredia.

5

37. Mediante comunicación escrita dirigida al Lcdo. Marchand Heredia, se le informó que el apelante dado su condición emocional y los medicamentos recetados no se encontraba apto para testificar. Se acompañó certificación de la Dra. Andrea González Dueñas, psiquiatra.

38. Nuevamente, en violación del debido del debido proceso de ley, el Lcdo Marchand Heredia se rehusó a suspender la vista informal.

39. Además, se informó que apelante había solicitado copia de su expediente de personal y no se le había hecho entrega.

40. A pesar de que el Lcdo. Marchand Heredia no contaba con contrato alguno con el Instituto de Cultura que le autorizara a actuar como oficial examinador, según certificado por la Oficina del Contralor, decidió proseguir con los procedimientos. Tampoco el Lcdo. Marchand Heredia contaba con designación oficial para actuar como oficial examinador.

41. El día 16 de noviembre de 2016, se efectuó la vista informal ante el Lcdo. Marchand Heredia. Se le informó al Lcdo. Marchand de: la incapacidad del apelante para testificar; que el Lcdo. Marchand Heredia no tenía autoridad en ley para actuar como oficial examinador al no contar con contrato; que no se siguió el procedimiento dentro de los términos requeridos y que no se había entregado el expediente de personal.

42. El Lcdo. Marchand Heredia rechazó los planteamientos de debido proceso de ley. Al indagar de dónde surgía su autoridad, se negó a manifestar para el récord la naturaleza de su nombramiento.

43. Lamentablemente, el apelante se vio forzado testificar sobre la corrección de sus actuaciones de la mejor manera que pudo a la luz de su condición de salud emocional.

44. El 15 de diciembre de 2016, renunció como Director Ejecutivo el Sr. Irizarry Vizcarrondo.

45. El 17 de enero de 2017, el apelante recibió un sobre del Instituto de Cultura colocada en el correo el día 16 de enero de 2017. Dentro del sobre se encontraba una carta de despido suscrita por el el Sr. Pedro López Onna el día 29 de diciembre de 2016 y el informe del examinador suscrito el 28 de diciembre de 2016 por el Lcdo. Marchand Heredia.

46. En el informe preparado por el oficial examinador se omitió la totalidad del testimonio

6

del apelante y se indicó de manera falsa que se negó a testificar. El apelante, aún dentro de sus limitaciones, prestó testimonio sobre la corrección de sus actuaciones y negó los actos de insubordinación imputados, lo que fue totalmente ignorado por el oficial examinador

47. En la carta se le imputó falsamente al apelante violaciones Faltas Número 17, 18, 19 y 43 de las Normas de Conducta y Medidas Correctivas Aplicables a Empleados y Funcionarios del Instituto de Cultura Puertorriqueña por alegada insubordinación y negligencia en el desempeño de sus funciones.

48. Se le imputó además divulgación de información confidencial del Instituto de Cultura, cuando el apelante maneja documentos públicos y toda divulgación realizada fue de conformidad a las órdenes administrativas de la oficina del Gobernador, las cartas circulares de la Oficina de Gerencia y Presupuesto. Incluso, se le imputaron faltas para un periodo de tiempo que el apelante se encontraba por licencia por enfermedad.

49. Por las razones anteriormente señaladas, la vista informal y simultánea suspensión y despido del apelante violentaron las normas del debido proceso de ley, privando al apelante de manera ilegal de su derecho propietario a su puesto de empleo.

## CAUSAS DE ACCIÓN

50. Los demandados Sr. Irizarry Vizcarrondo y Lcdo. López Onna responden personalmente por los hechos alegados en la demanda bajo las disposiciones de Sección 1983 de la Ley de Derechos Civiles federal, 42 U.S.C.A. sec. 1983, y la Ley Núm. 100 de 30 de junio de 1959, 29 L.P.R.A. sec. 148 et seq; al so color de autoridad estatal privar a la demandante de sus derechos civiles bajo la Constitución de los Estados Unidos de Norteamérica, tales como al debido proceso de ley, derecho propietario sobre su empleo, y a la dignidad del ser humano, al suspender y de manera simultánea despedir al demandante en violación de todos los reglamentos y las leyes vigentes, promover y mantener un ambiente hostil en su contra como represalia por este realizar de manera competente su trabajo y exigir que se cumpliera con las normas vigentes en relación al presupuesto de la agencia.

51. Se ha violentado en el presente caso la Carta de Derecho de la Constitución del Estado Libre Asociado de Puerto Rico, al no garantizarse y proteger derechos constitucionales de la

7

demandante, tales como: la dignidad del ser humano; el derecho al disfrute de la vida y la propiedad; y el derecho al debido proceso de ley. Sección 1 y 7 del Art. II, de la Constitución del Estado Libre Asociado de Puerto Rico.

52. Aplica además en el presente caso las causas de acción recogidas en el Art. 1802 del Código Civil de Puerto Rico, 31 L.P.R.A. 5141., respondiendo los demandados en su carácter personal y oficial por los daños ocasionados a la parte demandante.

53. Además, la Ley 115 de 20 de diciembre de 1991 (Ley de Represalias), provee protección contra represalias por realizar una actividad protegida. La actividad protegida es brindar información ante los foros administrativo, legislativo o judicial. *Rivera Figueroa v. AAA*, opinión de 23 de octubre de 2009, 2009 JTS 165. En el presente caso, al demandante informar a la Oficina de Gerencia y Presupuesto los cambios de nómina pretendidos e informar sobre el déficit en la agencia, procede que se le extienda al demandante la protección de la Ley 115. Por lo que, se solicita que se imponga a los demandados el remedio de triple daños establecido en dicha disposición.

54. El despido del demandante fue uno injustificado.

## DAÑOS

55. El demandante Sr. Perfecto Crespo Bermúdez ha sufrido severas angustias mentales a consecuencia de los hechos alegados en la demanda y las acciones de los demandados. Padece de depresión severa, ansiedad, miedos, inseguridades, pérdida de sueño y apetito. Ha sufrido en su dignidad y orgullo, aparte de ver como el sustento de su familia y lo que han sido 31 años de orgulloso servicio fueron arrebatados de su mano por el interés de los demandados en aumentar sus ingresos a costa del ya menguado presupuesto del Instituto de Cultura. Estos daños se estiman en $400,000.00.

56. La demandante Sra. Janice Vanessa Colón Vélez, esposa del demandante Sr. Crerpo Bermúdez, ha sufrido severas angustias mentales al ver como se ha hostigado, perseguido y por último despedido de manera injusta a su esposo. Estos daños se estiman en $200,000.00.

57. La Sociedad Legal de Gananciales integrada por el Sr. Perfecto Crespo Bermúdez y la Sra. Janice Colón Vélez sufrió una pérdida de ingresos ante el despido injustificado. Estos daños

8

se estiman en $100,000.00, por la duración de los procedimientos. Esta cuantía, podría ser modificada a medida que prosigan los procedimientos del presente caso.

58. Los demandados responden de manera solidaria.

59. Se solicita la reinstalación del demandante en su puesto de empleo.

**POR TODO LO CUAL**, se solicita respetuosamente al Honorable Tribunal que ordene a la parte demandada restituir a la demandante a su puesto, e indemnizar a la parte demandante por la suma de $700,000.00, más la doble penalidad, costas y honorarios de abogado no menores al 25% de la suma adjudicada como compensación, más costas, gastos y honorarios de abogado.

Respetuosamente presentada.

Hoy 27 de enero de 2017.

Lcdo. Pedro Joel Landrau López
RUA Núm. 14,309
Colegiado núm. 15,563
Avenida Domenech 207
Oficina 106
San Juan, PR 00918
Tel. (787) 636-0135
Fax (787) 768-6051

9

58. La Sociedad Legal de Gananciales integrada por el Sr. Perfecto Crespo Bermúdez y la Sra. Janice Colón Vélez sufrió una pérdida de ingresos ante el despido injustificado. Estos daños se estiman en $100,000.00, por la duración de los procedimientos. Esta cuantía, podría ser modificada a medida que prosigan los procedimientos del presente caso.

59. Los demandados responden de manera solidaria.

60. Se solicita la reinstalación del demandante en su puesto de empleo.

**POR TODO LO CUAL**, se solicita respetuosamente al Honorable Tribunal que ordene a la parte demandada restituir a la demandante a su puesto, e indemnizar a la parte demandante por la suma de $700,000.00, más la doble penalidad, costas y honorarios de abogado no menores al 25% de la suma adjudicada como compensación, más costas, gastos y honorarios de abogado.

Respetuosamente presentada.

Hoy 24 de enero de 2017.

Lcdo. Pedro Joel Landrau López
RUA Núm. 14,309
Colegiado núm. 15,563
Avenida Domenech 207
Oficina 106
San Juan, PR 00918
Tel. (787) 636-0135
Fax (787) 768-6051

9