GOBIERNO DE PUERTO RICO
COMISIÓN APELATIVA DEL SERVICIO PÚBLICO
PO Box 41149, San Juan, PR 00940-1149
Tel. (787) 723-4242 Fax (787) 723-4699
http://www.casp.pr.gov

| | |
|---|---|
| PERFECTO CRESPO BERMÚDEZ<br>Apelante<br><br>vs.<br><br>INSTITUTO DE CULTURA PUERTORRIQUEÑA<br><br>Apelado | Número<br><br>Asunto: Destitución |

## APELACIÓN

A la Honorable Comisión:

COMPARECE la parte apelante PERFECTO CRESPO BERMÚDEZ, por conducto de la representación legal que suscribe, quien muy respetuosamente expone y solicita que:

1. La parte apelante Perfecto Crespo Bermúdez, tiene dirección en la Urbanización Round Hill, Calle Cruz de Malta 350, Trujillo Alto, PR 00976 y teléfono 787-243-4951.

2. La parte apelada es el Instituto de Cultura de Puerto Rico, creado por la Ley Núm. 89 de 21 de Junio de 1955, según enmendada, con dirección PO Box 9024184, San Juan, Puerto Rico 00902-4184, y tel. 787-724-0700.

3. Mediante la presente se apela la destitución de Director de Planificación y Presupuesto, suscrita el 29 de diciembre de 2016 por el Lcdo. Pedro López Onna, quien se identificó como Director Ejecutivo Interino, siendo notificada y colocada en el correo el 13 de enero de 2016. En esta comunicación se le imputó al apelante el haber incurrido en las las Faltas Número 17, 18, 19 y 43 de las Normas de Conducta y Medidas Correctivas Aplicables a Empleados y Funcionarios del Instituto de Cultura Puertorriqueña.

4. El apelante se desempeñaba como Director de la Oficina de Planificación y Presupuesto. En resumen, las funciones del apelante son planificar, coordinar y dirigir los trabajos correspondientes a la preparación, ejecución y control del Instituto.

5. La Ley número 66 de 17 de junio de 2014, declaró una crisis financiera y estableció una serie de medidas para atajarla. Además, el Gobernador de Puerto Rico emitió una serie de órdenes ejecutivas, dirigidas a estabilizar el presupuesto. Igualmente, agencias tales como la Oficina del Contralor y la Oficina de Gerencia y Presupuesto establecieron directrices para corregir el problema presupuestario.

6. Debido a decisiones tomadas por el Sr. Jorge Irizarry Vizcarrondo, director ejecutivo del

Instituto de Cultura para ese entonces, el presupuesto del Instituto de Cultura entró en severo déficit.

7. Aún ante la crisis financiera que presentaba la institución, el Director Ejecutivo, la Sra. Rosa Rodríguez Simonó, Directora de la Oficina de Asuntos de Administración y el Sr. Pedro López Onna, Subdirector Interino, comenzaron un patrón de hostigamiento y ambiente hostil en contra del apelante, a los fines de presionarlo para que no se siguiera la normativa establecida a la luz de la crisis fiscal y reducir recursos de oficina para que no pudiera realizar su función de manera adecuada.

8. Desde septiembre de 2014, el apelante se encontraba alertando a sus supervisores, de manera verbal y escrita, que si no se realizaban ajustes en el presupuesto del Instituto de Cultura, la institución entraría en un serio déficit al adoptar el convenio colectivo según negociado. Además, se alertó a la Oficina de Recursos sobre el riesgo de déficit.

9. El 13 de octubre de 2015, el apelante entregó un informe dirigido al Sr. Irizarry Vizcarrondo, Director de Ejecutivo del Instituto, señalando el déficit producido en las nóminas por el convenio colectivo y las razones que dieron margen al mismo. Este informe contenía varios anejos evidenciando incumplimientos con la Ley 66-2014, reglamentos y órdenes administrativas, entre otros. Para esta fecha se estima el déficit presupuestario en alrededor de $165,286.00.

10. A febrero de 2016, el Instituto de Cultura presentaba un déficit presupuestario ascendente $250,000.00 en la partida de nómina y costos relacionados, ocasionado principalmente por nuevas obligaciones de nómina asumidas con el nuevo convenio colectivo.

11. Este déficit provocó que la salud financiera del Instituto de Cultura se viera seriamente afectada.

12. Ante el descuadre presupuestario existente, era imperativo que todo gasto del Instituto tuviera los fondos debidamente identificados para realizar el correspondiente desembolso.

13. El 18 de marzo de 2016, se una efectuó una reunión entre los Directores de Programas y Oficinas del Instituto, convocada por el Director Ejecutivo, cuyo propósito fue declarar en crisis fiscal al Instituto de Cultura.

Gerencia y Presupuesto la autorización de la transacción.

21. El apelante intentó comunicarse con el director ejecutivo para aclarar las directrices, pero nunca se le permitió reunirse con él. Por lo que, el apelante prosiguió con las directrices dadas previamente por la Sra. Rosa Rodríguez Simonó y el Lcdo. Pedro López Onna.

22. Posteriormente a esta fecha se discutió la aprobación, de una requisición de "Catering" para los talleres que estaría ofreciendo el Programa de la Administración de Documentos Públicos.

23. El Programa de la Administración de Documentos Públicos, adscrito al Archivo General de Puerto Rico, genera sus propios fondos. El apelante indicó que era necesario para realizar el desembolso para el "Catering", que el Archivo General realizara una transferencia de fondos y que se sometiera un plan de trabajo, el cual era el proceso correcto al momento de los hechos.

24. En ningún momento se le informó al apelante problema alguna con esta transacción o que hubiera un inconveniente.

25. Era tal las presiones impuestas al querellante para que se autorizaran estos movimientos de partidas presupuestarias sin los debidos trámites, que se afectó seriamente su salud emocional, por lo que tuvo que acogerse a una licencia por enfermedad del 27 de 16 de mayo de 2016, mientras tratamiento psiquiátrico.

26. El 9 de mayo de 2016, el apelante por conducto de su representación legal, solicitó acomodo razonable debido a que su salud emocional se encontraba en franco deterioro. Esta carta fue recibida por el Instituto de Cultura el 12 de mayo de 2016.

27. El 16 de mayo de 2016, el apelante se reportó a trabajar, entregándosele dos cartas de suspensión e intención de despido simultáneas suscritas por el Director Ejecutivo del Instituto, el Sr. Irizarry Vizcarrondo imputando insubordinación, entre otros, por los señalamientos que realizara sobre el trámite correcto a seguir. Además, de manera falsa se le imputó negligencia en sus funciones y divulgación de información confidencial. Incluso de manera represiva, se le imputó violar faltas por hechos ocurridos durante su ausencia por enfermedad.

28. Ese mismo día. se le cerró todo acceso al sistema y documentación necesaria para su defensa.

4

29. En violación al debido proceso de ley, la suspensión del apelante fue una sumaria, esto cuando no se inmutaba ningún acto que constituye riesgo a la salud o seguridad de ninguna persona o propiedad.

30. El día 31 de mayo de 2016, dentro del término reglamentario, el apelante solicitó por escrito vista informal ante un examinador para impugnar su suspensión.

31. No fue sino hasta octubre de 2016, que la vista informal fue señalada para el día 16 de noviembre de 2016, ante el examinador Jorge L. Marchand Heredia.

32. Mediante comunicación escrita dirigida al Lcdo. Marchand Heredia, se le informó que el apelante dado su condición emocional y los medicamentos recetados no se encontraba apto para testificar. Se acompañó certificación de la Dra. Andrea González Dueñas, psiquiatra.

33. Nuevamente, en violación del debido del debido proceso de ley, el Lcdo Marchand Heredia se rehusó a suspender la vista informal.

34. Además, se informó que apelante había solicitado copia de su expediente de personal y no se le había hecho entrega.

35. A pesar de actuar como oficial examinador, el Lcdo. Marchand Heredia no contaba con contrato alguno con el Instituto de Cultura que le autorizara a actuar como oficial examinador, según certificado por la Oficina del Contralor. Tampoco contaba con designación oficial para realizar dicha gestión.

36. El día 16 de noviembre de 2016, se efectuó la vista informal ante el Lcdo. Marchand Heredia. Se le informó al Lcdo. Marchand de: la incapacidad del apelante para testificar; que el Lcdo. Marchand Heredia no tenía autoridad en ley para actuar como oficial examinador al no contar con contrato; que no se siguió el procedimiento dentro de los términos requeridos y que no se había entregado el expediente de personal.

37. El Lcdo. Marchand Heredia rechazó los planteamientos de debido proceso de ley. Al indagar de dónde surgía su autoridad, se negó a manifestar para el récord la naturaleza de su nombramiento.

38. Lamentablemente, el apelante se vio forzado testificar sobre la corrección de sus actuaciones de la mejor manera que pudo a la luz de su condición de salud emocional.

5

39. El 15 de diciembre de 2016, renunció como Director Ejecutivo el Sr. Irizarry Vizcarrondo.

40. El 17 de enero de 2017, el apelante recibió un sobre del Instituto de Cultura colocada en el correo el día 16 de enero de 2017. Dentro del sobre se encontraba una carta de despido suscrita por el el Sr. Pedro López Onna el día 29 de diciembre de 2016 y el informe del examinador suscrito el 28 de diciembre de 2016 por el Lcdo. Marchand Heredia.

41. En el informe preparado por el oficial examinador se omitió la totalidad del testimonio del apelante y se indicó de manera falsa que se negó a testificar. El apelante, aún dentro de sus limitaciones, prestó testimonio sobre la corrección de sus actuaciones y negó los actos de insubordinación imputados, lo que fue totalmente ignorado por el oficial examinador

42. En la carta se le imputó falsamente al apelante violaciones Faltas Número 17, 18, 19 y 43 de las Normas de Conducta y Medidas Correctivas Aplicables a Empleados y Funcionarios del Instituto de Cultura Puertorriqueña por alegada insubordinación y negligencia en el desempeño de sus funciones.

43. Se le imputó además divulgación de información confidencial del Instituto de Cultura, cuando el apelante maneja documentos públicos y toda divulgación realizada fue de conformidad a las órdenes administrativas de la oficina del Gobernador, las cartas circulares de la Oficina de Gerencia y Presupuesto. Incluso, se le imputaron faltas para un periodo de tiempo que el apelante se encontraba por licencia por enfermedad.

44. Por las razones anteriormente señaladas, la vista informal y simultánea suspensión y despido del apelante violentaron las normas del debido proceso de ley, privando al apelante de manera ilegal de su derecho propietario a su puesto de empleo.

45. Esta suspensión y despido simultánea constituye represalia por el querellante solicitar que se siguieran los correspondientes canales legales ante la crisis fiscal que enfrenta la agencia.

46. En la alternativa, la parte apelada de manera indebida fragmentó las faltas alegadamente cometidas para incrementar el número de ocurrencias y no siguió el principio de disciplina progresiva.

47. El Lcdo. Marchand Heredia no tenía autoridad en ley para actuar como oficial

6

examinador.

48. El Lcdo. Pedro López Onna no tenía autorización de ley para tomar la determinación de destituir al apelante, ya que no contaba con la correspondiente designación como Director Ejecutivo o no se le había delegado la autoridad para tomar esta determinación.

49. Además, el Lcdo. Pedro López Onna mostró un claro y expreso conflicto de interés al tomar la determinación de destitución, cuando una de las acciones imputadas al apelante se relacionada directamente con un diferencial de salario que fue procurado para su propio y personal beneficio. Por lo que, el Lcdo. López Onna actuó en represalia y de mala fe, para promover su lucro personal.

50. La determinación tomada es además nula en derecho al haberse tomado dentro de la veda electoral.

POR TODO LO CUAL, se solicita a la Honorable Comisión que revoque las medidas disciplinarias impuestas y ordene la restitución de la apelante a un puesto regular, así como el pago de salario y beneficios marginales dejados de percibir por el apelante.

CERTIFICO haber notificado copia de la presente al Instituto de Cultura Puertorriqueña, PO, San Juan, Puerto Rico 00902-4184.

Respetuosamente presentada.

Hoy 24 de enero de 2017.

Lcdo. Pedro Joel Landrau López
RUA Núm. 14,309
Colegiado núm. 15,563
Avenida Domenech 207
Oficina 106
San Juan, PR 00918
Tel. (787) 636-0135
Fax (787) 768-6051

7

Case:17-03283-LTS  Doc#:584-2  Filed:07/05/17  Entered:07/05/17 16:04:17  Desc: Exhibit Appeal  Page 7 of 11

# ESTADO LIBRE ASOCIADO DE PUERTO RICO



INSTITUTO
de CULTURA
PUERTORRIQUEÑA

787-724-0700
PO BOX 9024184
SAN JUAN DE PUERTO RICO 00902-4184

**CC: 7015 3430 0000 8688 1875**

29 de diciembre de 2016

Perfecto Crespo Bermúdez
Urb. Round Hill
Calle Cruz de Malta 350
Trujillo Alto, P.R. 00976

Estimado señor Crespo:

Actualmente usted ocupa el puesto número 513 de Director de Planificación y Presupuesto, adscrito a la Oficina de Planificación y Presupuesto del Instituto de Cultura Puertorriqueña.

En comunicación del 7 de abril de 2016, la Directora de la Oficina de Asuntos Administrativos, Rosa Rodríguez Simonó, nos informó de unas situaciones que han ocurrieron, relacionada con las labores de la Oficina de Planificación y Presupuesto.

El 18 de marzo de 2016, usted estuvo presente en una reunión en la cual participaron todos los Directores de Programa y Oficinas, entre los temas discutidos hicieron referencia a la aprobación de una requisición de un "Catering" para los talleres que estaría ofreciendo el Programa de la Administración de Documentos Públicos. El Sr. Jorge Irizarry Vizcarrondo, Director Ejecutivo en ese tiempo, indicó que estaría aprobando la requisición del "Catering". El 1 de abril de 2016, usted consulta a la Sra. Rosa Rodríguez que se encontraba en la Oficina de Compras sobre la enmienda al Plan de Trabajo, relacionado con el ajuste de la requisición indicando que procedería a devolver la misma debido a que no se habían recibido todas las remesas de esa cuenta. La Sra. Rodriguez Simonó en un principio estuvo de acuerdo, sin embargo, la Sra. Rebeca Machuca González, Directora Interina de la Oficina de Compras enfatizó que la requisición correspondía a los talleres de la Administración de Documentos Públicos y que estaba previamente autorizada. La Sra. Rodríguez Simonó le indicó que la Oficina de Compras estaba realizando el trámite correcto con la aprobación del Director Ejecutivo inclusive le oriento que continuara con el trámite presupuestario que la cuenta contaba con el balance suficiente para cubrir el costo, y la parte de las remesas era situación de la Oficina de Finanzas y Contabilidad. Sin embargo, luego de las instrucciones impartidas usted cuestiono el trámite y dilato el proceso de la adquisición del servicio.
www.icp.gobierno.pr

Por dicha situación a usted se le informó que incurrió en la siguiente falta al Manual de Conducta y Medidas Correctivas Aplicables a Empleados y Funcionarios del Instituto de Cultura Puertorriqueña:

1. Falta Número 17- Insubordinación, insolencia o conducta similar- de las Normas de Conducta y Medidas Correctivas a Empleados y Funcionarios del Instituto de Cultura Puertorriqueña, según su expediente, por cuarta ocasión. Esto por no seguir las instrucciones impartidas por su Supervisora, la Directora de Asuntos Administrativos. **Incurrir en insubordinación. Se entenderá por insubordinación que el empleado se niegue a acatar órdenes e instrucciones de su supervisor compatibles con la autoridad delegada en éstos y con las funciones y objetivos de la Agencia; insolencia o comportamiento similar. En la primera infracción Reprimenda escrita o Suspensión de Empleo y Sueldo de 3 a 15 días. En la quinta infracción Destitución.**

Luego de finalizada la reunión del 18 de marzo de 2016, usted estuvo reunido con el Lcdo. Pedro López Onna, Subdirector Ejecutivo Interino, Wanda Barbosa Nevárez, Directora de la Oficina de Finanzas y Contabilidad y Rosa Rodríguez Simonó, discutieron que usted debía corregir el planteamiento de la transferencia de Gastos de Funcionamiento a la cuenta de Nómina. Debido a que la solicitud original estaba basada en la reducción del 41% y en adición a esto se realizó de cuentas internas a cuentas de PRIFAS. En la reunión le impartieron las instrucciones relacionadas a este asunto además acordaron que la Sra. Barbosa Nevárez le enviaría mediante correo electrónico la información de las cuentas PRIFAS a ser utilizadas. Posteriormente usted sometería al Sr. Hugo Jiménez Analista de la Oficina de Gerencia y Presupuesto un documento explicativo que podía ser un correo electrónico, solicitando la corrección de la transacción. No obstante, a lo indicado usted solo remitió un correo electrónico que envió la Sra. Barbosa Nevárez, documento interno que no debió salir de la Agencia por la información confidencial que contenía el mismo. Usted no envió el planteamiento a la Oficina de Gerencia y Presupuesto. La Sra. Rodríguez Simonó le ha solicitó evidencia de la transacción y usted no la entrego.

Por dicha situación a usted se le informó que incurrió usted incurrió en las siguientes faltas al Manual de Conducta y Medidas Correctivas Aplicables a Empleados y Funcionarios del Instituto de Cultura Puertorriqueña:

1. Falta Número 43 de las Normas de Conducta y Medidas Correctivas a Empleados y Funcionarios del Instituto de Cultura Puertorriqueña, según su expediente, por tercera ocasión. −**observar conducta impropia dentro o fuera del trabajo de tal manera que afecte el buen nombre, refleje descrédito o ponga en dificultad a la Agencia o cualquier agencia o dependencia del Gobierno. En la primera infracción Suspensión de Empleo y Sueldo de 15 a 45 días. En la segunda infracción Destitución.**

2. Falta Número 17- Insubordinación, insolencia o conducta similar- de las Normas de Conducta y Medidas Correctivas a Empleados y Funcionarios del Instituto de Cultura Puertorriqueña, según su expediente, por quinta ocasión. Esto por no seguir las instrucciones impartidas por su Supervisora, la Directora de Asuntos Administrativos.

3. Falta Número 18 de las Normas de Conducta y Medidas Correctivas a Empleados y Funcionarios del Instituto de Cultura Puertorriqueña, según su expediente, por tercera ocasión - **Actuar negligentemente o con descuido en la ejecución de las tareas, deberes y obligaciones. En la primera infracción Amonestación Verbal. En la segunda infracción Amonestación Escrita. En la tercera infracción Reprimenda Escrita ó Suspensión de Empleo y Sueldo de 3 a 15 días. En la cuarta infracción Suspensión de Empleo y Sueldo de 15 a 45 días. En la quinta infracción Destitución.**

El 12 de enero de 2016, el área de Análisis Fiscal de la Oficina de Servicios Legislativos de la Asamblea Legislativa del Estado Libre Asociado de Puerto Rico le solicitó una información que debía completarse en los Formularios de Ingresos y Gastos para el año fiscal 2015-2016 y debió ser entregada el 22 de enero de 2016. A pesar del tiempo estipulado para la entrega, el área de Análisis Fiscal de la Oficina de Servicios Legislativos le envió dos recordatorios con fecha del 2 y 17 de febrero de 2016. El 5 de abril de 2016, la Sra. Rodríguez le preguntó a usted por el informe y nuevamente el 20 de abril de 2016 la Oficina de Asuntos Legislativos le solicitó la información. El 2 de abril de 2016 la señora Rodríguez le envía un correo electrónico a usted solicitando que complete el informe para el 25 de abril de 2016 a las 12:00 m. El 22 de abril usted solicita una prórroga y la misma no fue concedida. Quedando la agencia en incumplimiento de este requerimiento.

Por dicha situación a usted se le informo que incurrió en la siguiente falta al Manual de Conducta y Medidas Correctivas Aplicables a Empleados y Funcionarios del Instituto de Cultura Puertorriqueña:

1. Falta Número 19 de las Normas de Conducta y Medidas Correctivas a Empleados y Funcionarios del Instituto de Cultura Puertorriqueña, según su expediente, por tercera ocasión – **Producir trabajo deficiente en calidad cantidad y demora excesiva en realizar las tareas asignadas. En la primera infracción Amonestación Verbal. En la segunda infracción Amonestación Escrita. En la tercera infracción Reprimenda Escrita. En la cuarta infracción Suspensión de Empleo y Sueldo de 15 a 45 días. En la quinta infracción Destitución.**

Las Normas de Conducta y Medidas Correctivas Aplicables a Empleados y Funcionarios del Instituto de Cultura Puertorriqueña establecen la Sección 6.2 (1) No obstante, el supervisor jefe de división u oficina o el Director Ejecutivo, podrán en el ejercicio de su discreción recomendar (en el caso de los primeros) o imponer (en el caso del Director Ejecutivo) medidas más severas, si se determina que la falta cometida por el empleado es de tal naturaleza o gravedad que así lo amerite. En la Sección 6.2 (6) se establece: En aquellos casos de mal uso de fondos públicos o cuando haya motivos razonables que existe peligro real para la salud, vida o moral de los empleados o del pueblo en general, se podrá suspender de empleo y sueldo al empleado antes de la determinación a seguir.

En comunicación del 6 de mayo de 2016, en adición a los hechos antes mencionados se le indicó que las siguientes medidas se estarían aplicando: por infringir la Falta Núm. 18 y 19 del Manual de Medidas Correctivas, se entregó una Reprimenda Escrita. Por la Falta Núm. 43 la intención de suspenderlo de

empleo y sueldo por el periodo del 9 de mayo al 12 de julio de 2016. A tales efectos se le suspendió inmediatamente de empleo más no de sueldo. Por la Falta Núm. 17 se le informó de nuestra intención de destituirlo de su puesto de Director de Planificación y Presupuesto. También se le indicó que, tenía el derecho de solicitar una vista Informal ante un Oficial Examinador dentro del término de quince (15) días a partir del recibo de la misma, derecho que usted ejerció.

El pasado 16 de noviembre de 2016, se celebró la vista administrativa informal en la cual usted compareció y fue representado por el Lcdo. Pedro Landrau López, en la cual se discutieron y se presentaron las pruebas relacionadas con el proceso de la medida disciplinaria. Del cual usted negó las alegaciones de las comunicaciones, pero no aportó evidencia para contravenir las mismas. En su Informe y Recomendación, el Oficial Examinador concluyó que, basado en los hechos y la prueba presentada, recomendaba la aplicación de las medidas disciplinarias incluyendo la destitución por haber incurrido en la violación a la falta número (17) de las Normas de Conducta y Medidas Correctivas Aplicables a Empleados y Funcionarios del Instituto de Cultura Puertorriqueña señalada anteriormente.

Por lo antes expuesto, le informamos de nuestra decisión de acoger la recomendación del Oficial Examinador de destituirlo del puesto de Director de la Oficina de Planificación y Presupuesto adscrito a la Oficina de Planificación y Presupuesto con efectividad al 31 de diciembre de 2016. Del periodo del 9 de mayo al 12 de julio de 2016 a usted se le aplicará la suspensión de empleo y sueldo. Por lo que deberá devolver a la agencia la cantidad de: $5,342.40 correspondientes a los (24) días que implica la medida disciplinaria. **Usted deberá entregar las llaves de la Oficina de Planificación y Presupuesto al recibo de esta comunicación.**

De usted no estar de acuerdo con esta determinación, se le apercibe su derecho de solicitar una vista ante la Comisión Apelativa del Servicio Público dentro de los próximos treinta (30) días laborales a partir de la fecha de recibo de esta notificación.

Atentamente,

Lcdo. Pedro López Onna
Director Ejecutivo Interino

NCM

C: Marly Ferrer Montalvo
 Área de Licencias y Nómina
 Área de Nombramiento y Cambio

**INSTITUTO DE CULT**
P.O. BOX 9024184, SAN JUAN

CERTIFIED MAIL

7015 3430 0000 8688 1875

Rec.
17/enero/2017

US POSTAGE PITNEY BOWES
$006.46
ZIP 00902
02 1W
0001397012 JAN 13 2017

Roberto Crespo Bermudez
Urbanización Round Hill
Calle Cruz de Malta 350
Trujillo Alto, PR 00976