## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors | PROMESA (TITLE III)<br><br><br>NO. 17 BK 3283 (LTS)<br><br>(Jointly Administered)[1] |

## MOTION FOR RELIEF OF STAY

**TO THE HONORABLE COURT:**

**COMES NOW**, Mr. Julio E. Leandry-Hernández and Mrs. Ileana Ortiz-Santiago ("Movants"), through the undersigned counsel, to respectfully move the Court for an Order pursuant to 11 U.S.C. § 362 for relief from the automatic stay and, in support of its motion, states as follows:

1.    On June 18, 2015, Movants filed a Complaint against the Commonwealth of Puerto Rico and its Department of Transportation and Public Works (known by its Spanish acronym, **"DTOP"**), among other defendants, under the Civil Case Number J DP2015-0283, under Article 404 of Puerto Rico's Political Code of 1902, 3 L.P.R.A. § 422, before the Court of First Instance, Superior Part of Ponce, seeking monetary relief for personal damages, medical expenses, nuisance and mental distress related to a car accident in which the Movants were

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283 (LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474).

involved on September 26, 2014 in the intersection of Highway PR-9 (also known in Spanish as "Avenida Baramaya") and Maruca Avenue in the city of Ponce, Puerto Rico.

2.      On June 5, 2017, after discovery virtually ended and with a pretrial hearing set for June 8, 2017, the Commonwealth of Puerto Rico's legal counsel filed a motion informing the Court of First Instance, Superior Part of Ponce, that it had filed a petition under Title III of PROMESA, Case No. 17-1578 ("Petition"), and that the filling of the Petition would have the effect of enforcing an automatic stay pursuant to Section 301(a) of PROMESA ("Section 301(a)").

3.      Section 301(a) of PROMESA states that, among other things, 11 U.S.C. § 362 of the United States Bankruptcy Code are applicable for petitions filed under Title III of such Act.

4.      Nevertheless, the automatic stay of Civil Case Number J DP2015-0283 should be lifted pursuant to 11 U.S.C. § 362 (d)(1) for cause, including but not limited to, lack of adequate protection.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      This is a non-core proceeding pursuant to 28 U.S.C. § 157(G)(2). The statutory predicate for the relief requested herein is 11 U.S.C. § 362(d) and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure.

## RELIEF REQUESTED

7.      The Bankruptcy Court lacks jurisdiction over personal injury claims pursuant to 28 U.S.C. § 157(b)(2)(B). Thus, the Movants cannot pursue or liquidate their personal injury claims before this Court as its procedures are regulated by the Bankruptcy Code and its pertinent

rules.  By this Motion, the Movants seek relief from the automatic stay to allowing the Movants

to continue litigation in the Court of First Instance, Superior Part of Ponce (or any other court of

competent jurisdiction) and to liquidate any claims against the Debtors.

## BASIS FOR RELIEF

8.      Relief from the automatic stay provided by 11 U.S.C. § 362(a) is governed by 11

U.S.C. § 362(d), which reads, in pertinent part, as follows:

> **On request of a party in interest and after notice and a hearing, the court
> shall grant relief from the stay provided under the subsection (a) of this
> section, such as by terminating, annulling, modifying or conditioning such
> stay - (1) for cause, including the lack of adequate protection of an interest in
> property of such party in interest...** 11 U.S.C. § 362(d)(1).

Although the Movants bear the initial burden to show that "cause" exists, once a *prima*

*facie* case of "cause" is shown, the Debtors (as the parties opposing stay relief) have the ultimate

burden of disproving the existence of "cause" pursuant to Section 362(g) of the Bankruptcy

Code. See, e.g., *In re 234-6 West 22nd St. Corp.*, 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997).

9.      The concept of "cause" is not defined by the Bankruptcy Code.  Consequently, a

Bankruptcy Court must decide what constitutes "cause" to lift the automatic stay on a case-by-

case basis. See, *Izzarelli v. Rexene Prod. Co. (In re Rexene Prod. Co.)*, 141 B.R. 574, 576

(Bankr. D. Del. 1992). According to the Court in *Rexene*, the legislative history of Section 362 of

the Bankruptcy Code provides that cause may be established by a single factor such as "a desire

to permit an action to proceed. . . in another tribunal" or "lack of any connection with or

interference with the pending bankruptcy case". *Rexene*, 141 B.R. at 576 (citing H.R. rep. No.

95-595, 95th Cong., 1st Sess., 343-344 (1977)).   Courts determine what constitutes "cause"

based on the totality of the circumstances in each case. *Baldino v. Wilson*, 116 F.3d 87, 90 (3d

Cir. 1997).

-4-

10.     The Court in *Rexene* provides a "balancing test" to determine whether cause exists to lift the automatic stay. 141 B.R. at 576. Under *Rexene*, the balancing test looks at three (3) factors to decide whether to lift the automatic stay, including:

> **a) Any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit;**
>
> **b) the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor; and**
>
> **c) the movant has a probability of prevailing on the merits.**

*Rexene*, 121 B.R. at 576; *In re Continental Airlines, Inc.*, 152 B.R. 420, 424 (D. Del. 1993); See also, *Int'l Bus. Machines v. Fernstrom Storage and Van Co. (Matter of Fernstrom Storage and Van Co.)*, 938 F.2d 731, 735 (7th Cir.1991).

11.     To establish "cause", the Movants must show that the "balance of hardships from not obtaining relief tips significantly in [their] favor". *Alt. Marine, Inc. v. Am. Classic Voyages, Co. (In re Am. Classic Voyages, Co.)*, 298 B.R. 222, 235 (D. Del. 2003) (internal citations omitted).

### The Debtors Will Not Suffer Great Prejudice

12.     As to the first factor, granting the Movants' relief from the stay will not impose great prejudice on the Debtors' or impede the administration of the cases. See, *In re Marvin Johnson's Auto Service, Inc.*, 192 B.R. 1008, 1014 (Bankr. N.D. Alaska 1996) (noting the court should consider the extent to which trial in a non-bankruptcy forum will interfere with the progress of the bankruptcy case.) Nothing before the Bankruptcy Court will be held in abeyance because of the Movants' continuing their personal injury action. Nor do the Movants anticipate that members of the Debtors' senior management will be deposed regarding any personal injury action since the relevant activities do not involve management activities. Furthermore, if the

Commonwealth's Department of Justice is tasked with the defense of the action, it is unlikely that the attention of Debtors' bankruptcy counsel will be required.

13.     More importantly, the Movants are willing to limit any recovery from the resulting litigation to either the extent of the applicable insurance coverage or to any settlement obtained between the Debtors or the Debtors' insurance company and the Movants.  Also, it is important to point out that on January 19, 2017, the Movants submitted a written transactional offer to the Commonwealth's legal counsel that hasn't been answered to this date. In addition, Movants are willing to submit any recovery award judgement to be under the Debtor Reorganization Plan.

## Hardship of the Movants Outweighs That of the Debtors

14.     As to the second factor, hardship to the Movants considerably outweighs any hardship to Debtors if the stay is lifted.

15.     As an initial matter, it is difficult for the Debtor to claim any hardship at this point in the case.  The Debtors presumably maintain the requisite insurance policies that cover personal injury actions such as the Movants' action. The Movants' claims against the Debtors will ultimately need to be liquidated anyway.

16.     The Movants, on the other hand, have been forced to bear the costs of the injuries suffered and its aftermath that weren't covered under the Commonwealth's Automobile Accident Compensation Act, 9 L.P.R.A. § 2051 *et seq.*  Unless the Bankruptcy Court lifts the automatic stay and permits the Movants to continue with the personal injury action against the Debtors, the Movants face the prospect of no recovery, no further claims against the Debtors, and would be forced to bear the continued costs of the alleged injuries, including past and future medical expenses.

17.     It makes little sense to force the Movants to wait indefinitely to obtain recovery from the Debtors when the burden on the Debtors if any, is minimal.

### Movants are Likely to Succeed on the Merits

18.     As to the third factor, the required showing of probable success is "very slight." *In re Rexene*, 141 B.R. at 578 ("Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from stay. . .").

19.     As set forth in the Accident Report attached as Exhibit A, the accident occurred was caused by the occurrence of simultaneous green lights.  Such report also states that the accident occurred around 8:30 a.m. on a clear day.

20.     Article 404 of Puerto Rico's Political Code, *supra*, establishes the civil liability of the Commonwealth of Puerto Rico for damages caused by defects, lack of repairs or lack of enough protection for the travelers in the thoroughfares belonging to the latter.  Even though the provisions of this section do not make the Commonwealth the absolute guarantor of the safety of persons using its highways, the former is liable for damages when, in a specific case, it does not establish by evidence that the defects on the State highways enumerated in said section were caused by violence of the elements or that there had not been ample time to repair them. *Resto v. P.R. Telephone Co.*, 97 P.R.R. 305 (1969).

21.     The injuries suffered and personal damages will be adequately proven through the litigation process at the state trial court.  The probability of success on the merits is high, or at least well beyond the "very slight" probability of success required to satisfy this, the third and last prong in favor of stay relief.

22.     No prior request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, Movants respectfully requests that the Court enter an order granting Movants relief from the automatic stay allowing Movants to continue their cause of action currently pending in the Court of First Instance, Superior Part of Ponce (Civil Case No. J DP2015-0283), and for such other and further relief as the Court deems proper.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on this same sate, a true copy of the foregoing was filed through the Court's CM/ECF system, which will generate a notice to all CM/ECF participants I this case.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on July 06, 2017.

**/s/ Orlando Ortiz-Cintron, Esq.**
USDC No. 221109
Urb. Jardines Fagot
C-19 Almendra Street
Ponce, PR 00716-4018
Telephone: (787) 638-4697
E-mail: orlando1701@gmail.com

**/s/ Carlos Fernández-Nadal, Esq.**
USDC No. 209208
818 Hostos Ave., Suite B
Ponce, PR 00716
Telephone: (787) 848-4612
Facsimile: (787) 848-4632
E-mail: cfernandez@cfnlaw.com