UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND | |
| MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, et al., | (Jointly Administered) |
| Debtors.[1] | |

-------------------------------------------------------------x

MEMORANDUM ORDER

Before the Court is a motion filed by Sucesión Pastor Mandry Mercado, a putative creditor of the Commonwealth of Puerto Rico, for relief from the automatic stay imposed by the filing of the above-captioned Title III case in a proceeding captioned Sucesión Pastor Mandry Mercado v. Commonwealth of Puerto Rico, No. JAC2008-0853, in the Puerto Rico Court of First Instance in Ponce (the "Litigation"). For the following reasons, the motion is granted, and the stay is lifted to allow the Litigation to proceed to a determination of damages.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

BACKGROUND

Mercado is the named Plaintiff in the Litigation, which was filed against Debtor the Commonwealth of Puerto Rico (the "Commonwealth") seeking just compensation under the Fifth Amendment to the Constitution of the United States for the taking of Mercado's property. (Docket entry no. 305, Motion for Relief from the Automatic Stay (the "Motion"), ¶ 3.) The Litigation was filed on October 4, 2008, and, following discovery, partial summary judgment in favor of the plaintiffs as to whether a taking occurred was entered on February 27, 2014. (Id.) This ruling was affirmed on appeal in June 2014, and certiorari was denied. (Id.) Trial was set to commence on June 9, 2017, but the proceedings were stayed on May 19, 2017, pursuant to the automatic stay imposed following the Commonwealth's Title III filing. (Id.)

DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e,g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical

resolution of litigation," "whether the parties are ready for trial in the other proceeding," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

Mercado has demonstrated that the Litigation meets many of these criteria. The Litigation would completely resolve the question of quantification of the Commonwealth's lability on Mercado's taking claim. Allowing the Litigation to proceed would not interfere with the Title III case. The fact that liability has already been resolved and a trial scheduled on damages in the Litigation demonstrates that the interests of judicial economy, and of the expeditious resolution of litigation, are best served by permitting the Litigation to proceed in the Puerto Rico courts.

The Commonwealth's principal objection to the requested relief from the automatic stay is premised on the balance of harms, but is not particular to this case. Rather, the Commonwealth's objection makes the general assertion that, because there is a large volume of litigation against the Commonwealth, the stay should not be lifted in any case for at least 180 days. Even if the Court were to credit the Commonwealth's assertion regarding the volume of litigation that has been stayed following the Title III filing, the Commonwealth's fear of a flood of motions for relief from the automatic stay has, to date, proved unfounded. It has already been over two months since the Commonwealth filed its Title III petition, and no more than a handful of such motions have been filed. While it is true that the Commonwealth should formulate a process to address pre-petition litigation in the context of the Title III case, the Court concludes that an extraordinary extension of the stay of Mercado's litigation is not necessary to afford the Commonwealth an opportunity to formulate such a process.

Accordingly, the Court concludes that Mercado has demonstrated that cause exists for the automatic stay to be lifted to allow the Litigation to proceed to the determination of what, if any, damages are due to the Plaintiffs in the Litigation.

CONCLUSION

For the foregoing reasons, the stay of the Litigation is lifted for all necessary damages-determination proceedings prior to the entry of judgment. This Memorandum Order resolves docket entry no. 305 in case no. 17-3283. The stay continues to apply in all other respects, including as to entry and execution of judgment and provisional remedies.

SO ORDERED.

Dated: July 7, 2017

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge