**Hearing Date**: August 9, 2017 at 9:30 a.m. (Prevailing Eastern Time)
**Objection Deadline**: July 28, 2017 at 4:00 p.m. (Prevailing Eastern Time)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

------------------------------------------------------------x
:
In re: :
: PROMESA
THE FINANCIAL OVERSIGHT AND : Title III
MANAGEMENT BOARD FOR PUERTO RICO, :
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO, et al., :
: Jointly Administered
    Debtors.[1] :
:
------------------------------------------------------------x

**APPLICATION FOR ORDER PURSUANT TO BANKRUPTCY CODE
SECTION 1103(a) AND LOCAL BANKRUPTCY RULE 2014-1(e) AUTHORIZING
EMPLOYMENT AND RETENTION OF PAUL HASTINGS LLP AS COUNSEL
TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
EFFECTIVE AS OF JUNE 26, 2017**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico (the "Committee") hereby submits this application (the "Application") for entry of an order authorizing the retention and employment of Paul Hastings LLP ("Paul Hastings") as counsel for the Committee effective as of June 26, 2017. In support of this Application, the Committee relies upon the declaration of Luc A. Despins (the "Despins Declaration"), attached hereto as **Exhibit A**, and the declaration of Mark Richard (the "Committee Declaration"), attached hereto as **Exhibit B**, and respectfully represents as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474).

**BACKGROUND**

1. On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") commenced a title III case for the Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to PROMESA section 304(a) (the "Commonwealth Title III Case").[2] Thereafter, the Oversight Board commenced a title III case for each of COFINA, the Employees Retirement System for the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority (together with the Commonwealth Title III Case, the "Title III Cases").[3]

2. By order dated June 29, 2017, the Court approved the joint administration of the Title III Cases [Docket No. 537].

3. On July 2, 2017, the Oversight Board commenced a title III case for the Puerto Rico Electric Power Authority.

4. On June 15, 2017, the Office of the United States Trustee for the District of Puerto Rico (the "U.S. Trustee") filed a *Notice Appointing Creditors Committee for Unsecured Creditors* [Docket No. 338]. The members of the Committee are the American Federation of Teachers, Drivetrain, LLC as the Creditors' Trustee for Doral Financial Corporation ("DFC"), Genesis Security Services, Inc., Puerto Rico Hospital Supply, Service Employees International Union, Total Petroleum Puerto Rico Corp., and the Unitech Engineering Group, S.E.

5. On June 26, 2017, the Committee selected Paul Hastings as counsel to the Committee. The Committee selected Paul Hastings because of the firm's extensive experience in and knowledge of complex reorganizations under chapter 11 of the Bankruptcy Code, much of which is made applicable pursuant to PROMESA. As one of the largest law firms in the world,

---

[2] References to PROMESA are references to 48 U.S.C. §§ 2101 *et. seq.*
[3] Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III Case.

2

with a national and an international practice, Paul Hastings has substantial experience in virtually all aspects of the law that may arise in the Title III Cases.

6. More specifically, Paul Hastings has extensive bankruptcy and restructuring, corporate, employee benefits, environmental, finance, intellectual property, labor and employment, litigation, real estate, securities, and tax expertise. Paul Hastings' finance and restructuring group provides an array of services to assist financially distressed businesses and their creditors in maximizing values and ultimate recoveries in a broad range of challenging circumstances. In roles ranging from debtor's counsel to committee counsel, Paul Hastings' lawyers have played a significant role in many of the largest and most complex cases under the Bankruptcy Code, including, among many others, the chapter 11 cases of Lehman Brothers, Enron, Molycorp, Vanguard Natural Resources, Refco, NewPage, Adelphia Communications, AbitibiBowater, Calpine Corporation, Dictaphone, FairPoint Communications, Fruit of the Loom, Furniture Brands International, GT Advanced Technologies, and Spansion.

7. The Committee considered the requests for retention made by various law firms and interviewed such firms before selecting Paul Hastings as its lead counsel. Consistent with the foregoing, the Committee believes that it had sufficient information to make an informed decision to retain and employ Paul Hastings.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this matter pursuant to PROMESA section 306(a), and venue is proper pursuant to PROMESA section 307(a).

## RELIEF REQUESTED

9. By this Application, the Committee seeks entry of an order authorizing the retention and employment of Paul Hastings as counsel to the Committee effective as of June 26,

3

2017, pursuant to Bankruptcy Code section 1103(a) made applicable to the Title III Cases by PROMESA section 301(a), Bankruptcy Rule 2014(a) made applicable to the Title III Cases by PROMESA section 310, Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), and, to the extent required by the foregoing, the guidelines adopted by the Executive Office for United States Trustees ("EOUST"). To the extent the Application does not comply in every respect with such requirements, the Committee respectfully requests a waiver for any such non-compliance.

10. Paul Hastings seeks to render the following services, among others, on behalf of the Committee:

   a. to consult with the Committee, the Oversight Board, the Debtors, and the U.S. Trustee concerning the administration of the Title III Cases;

   b. to review, analyze, and respond to pleadings filed with this Court by the Oversight Board, the Debtors and other parties in interest and to participate at hearings on such pleadings;

   c. to investigate the acts, conduct, assets, liabilities, and financial condition of the Debtors, the operation of the Debtors' businesses, and any matters relevant to the Title III Cases, to the extent required by the Committee;

   d. to take all necessary action to protect the rights and interests of the Committee, including, but not limited to, negotiations and preparation of documents relating to any plan of adjustment and disclosure statement;

   e. to represent the Committee in connection with the exercise of its powers and duties under PROMESA and the applicable provisions of the Bankruptcy Code in connection with the Title III Cases; and

   f. to perform all other necessary legal services in connection with the Title III Cases.

11. The Committee has been informed that Luc A. Despins is a member in good standing of the Bar of the State of New York and that he has been admitted *pro hac vice* to this Court. The Committee is further informed that the other Paul Hastings attorneys who will

4

provide services in the Title III Cases are similarly members in good standing of their respective state bar and will apply, as needed, for admission *pro hac vice*.

12. By separate application and pursuant to Local Rule 9010-1(b), the Committee will seek to retain O'Neill & Gilmore LLC. ("O'Neill & Gilmore") to serve as local counsel in connection with the Title III Cases. In order to avoid any duplication of effort, Paul Hastings and O'Neill & Gilmore have discussed each firm's respective responsibilities in connection with representation of the Committee.

## BASIS FOR RELIEF

13. Section 1103(a) of the Bankruptcy Code, made applicable pursuant to section 301(a) of PROMESA, provides that a statutory committee may, with the court's approval, select and employ attorneys to represent or perform services for such committee. The Committee believes that Paul Hastings is well qualified to act as its counsel in the Title III Cases. The Committee believes that Paul Hastings has the necessary background to deal effectively with the many potential legal issues and problems that may arise in the Title III Cases.

14. The Committee has been advised that: (i) compensation will be payable to Paul Hastings on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Paul Hastings; (ii) the partners presently designated to represent the Committee and their current standard hourly rates are:

| | |
|---|---|
| Luc A. Despins | $1,300 per hour |
| Leslie A. Plaskon | $1,275 per hour |
| Andrew V. Tenzer | $1,200 per hour |
| James R. Bliss | $1,150 per hour |
| James B. Worthington | $1,050 per hour |

Other attorneys from Paul Hastings (whose hourly rates currently range from $520 – $1,375) and paralegals may from time to time also serve the Committee in connection with the matters described herein; (iii) to reflect economic and other conditions, Paul Hastings revises its regular

hourly rates periodically and requests that, effective as of the date of such revision, the aforementioned rates be revised to the regular hourly rates that will be in effect at that time; and (iv) Paul Hastings will only charge its regular hourly rates in effect at the time services are rendered.

15. The Committee has been advised that the hourly rates set forth above are Paul Hastings' standard hourly rates for work of this nature and that these rates are set at a level designed to fairly compensate Paul Hastings for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. The Committee has been advised by Paul Hastings that it is Paul Hastings' policy to charge its clients in all areas of practice for all other expenses incurred in connection with the clients' cases.

16. Paul Hastings has represented to the Committee that Paul Hastings intends to provide the Committee monthly fee statements and, subject to any interim compensation orders entered by the Court, Paul Hastings shall submit interim and final fee applications that shall include all of its fees for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the Title III Cases.

17. Such interim and final fee applications shall be subject to the Court's approval and in compliance with PROMESA, the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court, including an interim compensation order under PROMESA sections 316 and 317, and, to the extent required by the foregoing, the U.S. Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013* (the "Appendix B Guidelines"). The Committee understands that all allowed compensation and expenses will be paid by the Commonwealth (and other title III debtor(s) (if

6

any) for which the Committee acts as the official committee of unsecured creditors), and counsel for the Puerto Rico Fiscal Agency and Financial Advisory Authority has represented to Paul Hastings that the Commonwealth (and other title III debtor(s) (if any) for which the Committee acts as the official committee of unsecured creditors) has agreed to pay the fees of Paul Hastings on a timely basis after allowance by the Court or as provided in any interim compensation order. The Committee further understands that counsel for the Oversight Board has represented to Paul Hastings that, in accordance with PROMESA section 305, the Oversight Board consents to the Commonwealth's (and other title III debtor(s) (if any) for which the Committee acts as the official committee of unsecured creditors) payment as described herein.

18. The Committee understands that under no circumstances shall the Committee members be responsible for payment of Paul Hastings' fees and expenses. The Committee believes that, in light of the nature and complexity of these cases and Paul Hastings' qualifications, the above rates, and the terms and conditions of Paul Hastings' employment, are reasonable.

19. Additionally, in light of the unprecedented nature of the Title III Cases and the fact that the Title III Cases do not involve a corporate entity but rather a U.S. territory where residents' access to basic essential services has oftentimes been limited, Paul Hastings has agreed to provide an adjustment to its fees. Paul Hastings has agreed to this reduction due to Puerto Rico being a territory of the United States, the unprecedented nature of these cases, and the severe economic distress of the people in the territory of Puerto Rico. By this reduction, Paul Hastings further endeavors to have transparency around its fees. Paul Hastings has agreed to reduce its fees by an amount equal to 20% of the total fees sought to be paid in connection with Paul Hastings' final fee application, with the precise fees to be waived to attain the 20%

7

reduction to be designated by Paul Hastings (in its sole discretion) in connection with the final fee application process.

## DISCLOSURE OF CONNECTIONS

20. Paul Hastings has advised the Committee that neither Paul Hastings nor any partner, counsel, or associate thereof holds or represents any interest adverse to the Committee in the matters upon which Paul Hastings is to be employed, except as may be set forth in the Despins Declaration.[4]

21. The Committee has been advised that in the event that Paul Hastings discovers any connections, other than as disclosed in the Despins Declaration, with any party in interest in the Title III Cases, or any information pertinent to this Application under the requirements of Bankruptcy Rule 2014, Paul Hastings will disclose such connections and information to the Court in a supplement to the Despins Declaration.

## NUNC PRO TUNC RELIEF PURSUANT TO LOCAL RULE 2014-1

22. Local Rule 2014-1(e) provides that if a professional's employment "application is filed within fourteen (14) days of either the commencement of the case or the date the professional first rendered services, whichever is later, court approval is deemed effective on the date that the services were first rendered."

23. At the request of the Committee, Paul Hastings has rendered services from June 26, 2017 following the Committee's selection of Paul Hastings through and including the date

---

[4] As demonstrated in the Despins Declaration, the scope of the Title III Cases makes it practically impossible for Paul Hastings to complete a conflicts analysis of all the parties in these cases within the 14 day deadline of Local Rule 2014-1. In fact, Paul Hastings notes that the Debtors did not file their creditor matrix – a 10,031 page document listing over 600,000 creditors – until June 30, 2017. Nonetheless, Paul Hastings has completed a preliminary conflicts analysis of the significant constituencies in the Title III Cases, as demonstrated in the Despins Declaration, and will continue to update its disclosures as appropriate.

8

hereof. Accordingly, the Committee requests that the retention of Paul Hastings be authorized effective as of June 26, 2017.

### STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

24. The Committee and Paul Hastings intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and disclosures set forth in the Appendix B Guidelines, both in connection with this Application and the interim and final fee applications to be filed in the course of Paul Hastings' engagement. In doing so, the Committee and Paul Hastings reserve all rights as to the relevance and substantive legal effect of the Appendix B Guidelines in the Title III Cases.

### NOTICE

25. Notice of this Application has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United State Attorney for the District of Puerto Rico; (iii) the Oversight Board; (iv) the Puerto Rico Fiscal Agency and Financial Advisory Authority; (v) the official committee of retirees; (vi) the insurers of the bonds issued or guaranteed by the Debtors; (vii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors[5]; and (viii) all parties that have filed a notice of appearance in the Title III Cases.

### NO PRIOR REQUEST

26. No previous request for the relief sought in this Application has been made by the Committee to this or any other court.

*[Remainder of page intentionally left blank.]*

---

[5] Which include the Mutual Fund Group, the Ad Hoc Group of General Obligation Bondholders, the COFINA Senior Bondholders' Coalition, and the QTCB Noteholder Group, each as such group is defined at Docket Nos. 28, 68, 216, and 134, respectively.

**WHEREFORE**, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit C</u>, authorizing the Committee to retain and employ the law firm of Paul Hastings, effective as of June 26, 2017, and grant such other and further relief as this Court deems just.

Dated: July 10, 2017
      San Juan, Puerto Rico

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

By:    The American Federation of Teachers
        Solely in its capacity as member of the Committee
        (and not in its individual capacity);
        authorized by the Committee to sign this
        Application

By: */s/ Mark Richard*
       Name:  Mark Richard
       Title:   Counsel to the President

Filed by:

s/ *Patrick D. O'Neill*

Patrick D. O'Neill

O'NEILL & GILMORE LLC
Patrick D. O'Neill, Esq.
USDC - PR 128202

252 Ponce de Leon Ave.
Citibank Tower Suite 1701
San Juan, Puerto Rico 00918
Tel.: (787) 620-0670

- and -

PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Tel: (212) 318-6000
lucdespins@paulhastings.com

*Proposed Co-Counsel to the Official Committee of Unsecured Creditors*