IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | PROMESA TITLE III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | NO. 17 BK 3282-LTS |
| AS REPRESENTATIVE OF | |
| THE COMMONWEALTH OF PUERTO RICO | |
| DEBTOR | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

**TO THE HONORABLE COURT:**

COMES NOW Luis Montes-Valentín ("Movant"), through the undersigned counsel and very respectfully move the Court for an Order pursuant to 11 U.S.C. sec. 362 for relief of the automatic stay, and in support of this motion, states and prays:

I.     **PROCEDURAL BACKGROUND**

On December 10, 2015, movant Luis Montes-Valentín filed a Complaint against the Municipality of San Juan, captioned *Luis Montes-Valentín v. Municipality of San Juan*, case number KDP2015-1353, before the Puerto Rico Court of First Instance in San Juan, seeking monetary compensation for the damages suffered due to a fall he sustained. In said complaint, movant alleged that while he was walking on a sidewalk property of the Municipality

of San Juan, he had a fall when one of his foot went down through a hole, suffering multiple body traumas.

Eventually, with leave of court, on August 16, 2016, an amended complaint was filed against the Commonwealth of Puerto Rico alleging that the Department of Transportation and Public Works had custody and control of cables and other contents inside the hole.

It is Montes-Valentin contention that both, The Municipality of San Juan and The Commonwealth of Puerto Rico, are jointly liable for the damages he suffered.

Discovery proceedings were conducted and the Pre-Trial Conference was held on June 12, 2017. The trial date was scheduled for June 27, 2017.

Prior to the Pre-Trial Conference, on May 22, 2017, the Commonwealth of Puerto Rico filed a motion titled: "Notice of Automatic Stay of Proceedings Pursuant to The Petition of the Government of Puerto Rico under Title III of PROMESA". On said motion, the Commonwealth of Puerto Rico requested the automatic stay of the complete case.

Although the court originally granted the automatic stay only in favor of the Commonwealth of Puerto Rico, after a motion of reconsideration, on June 20, 2017, seven days prior the commencement of trial, the court granted the automatic stay in favor of all defendants.

## II. DISCUSSION

The automatic stay of captioned case, <u>Luis Montes Valentín v. Municipality of San Juan, et. al.</u> case number KDP2015-1353 should be lifted or modified pursuant to 11 U.S.C. Sec. 362 (d)1), for cause, allowing the litigation to proceed.

Section 362 (d)(1) of the Bankruptcy Code, *supra*, states that:

> "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay---
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest."

In <u>Sonnax Indus., Inc. v. TriComponent Prods. Corp. (In re Sonnax Indus., Inc.)</u>, 907 F.2d 1280 (2d Cir. 1990), the Second Circuit Court of Appeals enumerated the factors that should be analyzed for purposes of evaluating relief from the automatic stay:

(1) **Whether relief would result in a partial or complete resolution of the issues;**

(2) **Lack of any connection with or interference with the bankruptcy case;**

(3) Whether the other proceeding involves the debtor as a fiduciary;

(4) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) Whether the debtor's insurer has assumed full responsibility for defending it;

(6) **Whether the action primarily involves third parties;**

(7) Whether litigation in another forum would prejudice the interests of other creditors;

(8) Whether the judgment claim arising from the other action is subject to equitable subordination;

(9) Whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) **The interests of judicial economy and the expeditious and economical resolution of litigation;**

(11) **Whether the parties are ready for trial in the other proceeding; and**

(12) **Impact of the stay on the parties and the balance of harms.**

Luis Monte's Litigation meets many of the criteria enumerated by _Sonnax_ in order for the stay to be lifted or modified. Particularly the factors number 1, 2, 6, 10, 11 and 12 stated above.

As mentioned before, Luis Montes litigation involves other parties besides the Commonwealth of Puerto Rico such as the Municipality of San Juan, and the parties were ready for a one-day trial that would completely resolve the controversies of liability, damages and causation.

Taking into consideration the factor regarding the balance of harm, the harm that would result to Luis Montes-Valentin from the continuation of the stay would outweigh any harm that might be suffered by the Commonwealth of Puerto Rico if the stay is lifted or modified. In the event that a judgment in favor of Luis Montes-Valentín is entered, and the court determines that defendants are jointly liable, he can continue with the execution of judgment and other provisional remedies against any of the defendants other than the Commonwealth of Puerto Rico.

Moreover, nothing prevents that this Honorable Court, after lifting or modifying the stay, determine that the stay shall continue as to the effects of the execution of judgment as to the Commonwealth of Puerto Rico if a judgment is entered in favor of movant.

Allowing Luis Montes Litigation to proceed would not interfere with PROMESA Title III case, hence the stay should be lifted of modified.

WHEREFORE, movant Luis Montes-Valentín respectfully request from this Honorable Court that the lift in the captioned case *Luis Montes-Valentín v. Municipality of San Juan, et. al*., KDP2015—1353 be lifted or modified.

I HEREBY CERTIFY that the forgoing document was filed with the Clerks of the Court using CM/ECF system, which will send notification of such filing to counsel of record.

RESPECTFULLY SUBMITTED, in San Juan, Puerto Rico this 11th day of July, 2017.

          s/   JUAN M. CANCIO-BIAGGI

          JUAN M. CANCIO-BIAGGI
          USDC-PR #229811
          Hato Rey Center
          268 Ave. Ponce de León
          Suite 1402
          San Juan, P.R. 00918
          Tel.: (787) 763-1211
          Fax: (787) 763-1215
          Email: jm@canciobiaggi.com