**Hearing Date**: August 9, 2017 at 9:30 a.m. (Prevailing Eastern Time)
**Objection Deadline**: July 28, 2017 at 4:00 p.m. (Prevailing Eastern Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re: :
: PROMESA
THE FINANCIAL OVERSIGHT AND : Title III
MANAGEMENT BOARD FOR PUERTO RICO, :
: Case No. 17-BK-3283 (LTS)
    as representative of :
: Jointly Administered
THE COMMONWEALTH OF PUERTO RICO, et al., :
:
Debtors.[1] :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF COMMONWEALTH OF PUERTO RICO FOR ENTRY OF ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ZOLFO COOPER, LLC AS FINANCIAL ADVISOR, EFFECTIVE AS OF JUNE 27, 2017

To the Honorable United States District Court Judge Laura Taylor Swain:

    The Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico (the "Committee") hereby submits this application (the "Application") for entry of an order authorizing the retention and employment of Zolfo Cooper, LLC (either "Zolfo Cooper" or the "Firm") as its financial advisors effective as of June 27, 2017. In support of this Application, the Committee relies upon the declaration of Carol Flaton (the "Flaton Declaration"), attached hereto as Exhibit B, and respectfully represents as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474).

**BACKGROUND**

1. On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") commenced a title III case for the Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to PROMESA § 304(a) (the "Commonwealth Title III Case").[2] Thereafter, the Oversight Board commenced a title III case for each of COFINA, the Employees Retirement System for the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority (together with the Commonwealth Title III Case, the "Title III Cases").[3]

2. By order dated June 29, 2017, the Court approved the joint administration of the Title III Cases [Docket No. 537].

3. On July 2, 2017, the Oversight Board commenced a title III case for the Puerto Rico Electric Power Authority.

4. On June 15, 2017, the Office of the United States Trustee for the District of Puerto Rico (the "U.S. Trustee") filed a *Notice Appointing Creditors Committee for Unsecured Creditors* [Docket No. 338]. The members of the Committee are the American Federation of Teachers, Drivetrain, LLC as the Creditors' Trustee for Doral Financial Corporation ("DFC"), Genesis Security Services, Inc., Puerto Rico Hospital Supply, Inc., Service Employees International Union, Total Petroleum Puerto Rico Corp., and the Unitech Engineering Group, S.E.

5. On June 27, 2017, the Committee selected Zolfo Cooper as financial advisor to the Committee. The engagement letter (the "Engagement Letter") providing the terms and

---

[2] References to PROMESA are references to 48 U.S.C. §§ 2101 *et. seq.*

[3] Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III Case.

conditions of the Committee's proposed retention of Zolfo Cooper, effective as of June 27, 2017, is attached hereto as Exhibit C.

6. The Committee is familiar with the professional standing and reputation of Zolfo Cooper, and selected Zolfo Cooper because of its wealth of experience in providing financial advisory services in restructurings and reorganizations across the United States and because it has exemplary qualifications to perform the services required by the Committee in these cases.

7. The Committee considered the requests for retention made by various financial advisory firms and interviewed such firms before selecting Zolfo Cooper. Consistent with the foregoing, the Committee believes that it had sufficient information to make an informed decision to retain and employ Zolfo Cooper.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this matter pursuant to PROMESA § 306(a), and venue is proper pursuant to PROMESA § 307(a).

## RELIEF REQUESTED

9. By this Application, the Committee seeks the entry of an order authorizing the retention and employment of Zolfo Cooper as financial advisor to the Committee effective as of June 27, 2017, pursuant to Bankruptcy Code section 1103(a) made applicable to the Title III Cases by PROMESA section 301(a), Bankruptcy Rule 2014(a) made applicable to the Title III Cases by PROMESA section 310, Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), and, to the extent required by the foregoing, the guidelines adopted by the Executive Office for United States Trustees ("EOUST"). To the extent the Application does not comply in every respect with such requirements, the Committee respectfully requests a waiver for any such non-compliance.

10. The Committee requires the services of Zolfo Cooper to provide financial advisory services as further detailed below.

## ZOLFO COOPER'S QUALIFICATIONS

11. Zolfo Cooper is well qualified to serve as a financial advisor to the Committee. Zolfo Cooper specializes in assisting and advising committees, debtors, lenders, creditors, investors and court-appointed officials in bankruptcy cases and out-of-court workouts. Its services have included, among other things, assistance in (i) developing, analyzing, evaluating, negotiating and confirming chapter 11 plans; (ii) testifying in cases regarding debtor-in-possession financing, feasibility, debt restructuring, valuation and insolvency-related litigation; and (iii) advising committees and debtors in the various financial aspects of bankruptcy reorganization and sale processes in numerous nationally prominent bankruptcy cases. Zolfo Cooper's qualifications, including a description of its staffing and approach in providing services are more fully set forth in the Flaton Declaration.

## ZOLFO COOPER'S DISINTERESTEDNESS

11. The Committee submits that the retention of Zolfo Cooper under the terms described herein is appropriate under sections 1103 of the Bankruptcy Code, made applicable to these Title III Cases by PROMESA section 301. Zolfo Cooper is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code and as required by section 1103(b) of the Bankruptcy Code, made applicable to these Title III Cases by PROMESA section 301. Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that:

    (A)    is not a creditor, an equity security holder, or an insider;

    (B)    is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

   (C)  does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

  12.  Pursuant to section 1103(b) of the Bankruptcy Code, a professional employed to represent a committee may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case.

  13.  As discussed in more detail in the Flaton Declaration, Zolfo Cooper has advised the Committee that it satisfies the standards set forth in the Bankruptcy Code for a disinterested persons as defined by section 101(14) of the Bankruptcy Code.  Zolfo Cooper, and its professionals, have represented that they (a) are not creditors, equity security holders, or insiders of the Debtors; (b) are not and were not, within two (2) years before the date of the filing of the Debtors' Title III cases, a director, officer, or employee of the Debtors; and (c) do not represent or hold an interest adverse to the interests of the estate with respect to the matters in which Zolfo Cooper is proposed to be employed.

  14.  To the best of the Committee's knowledge, information and belief, Zolfo Cooper is not owed any amounts with respect to pre-petition fees and expenses, is not related to or connected with, and neither holds nor represents any interest adverse to, the Debtor, their estates, their creditors or any other party in interest herein or their respective attorneys or the U.S. Trustee or anyone employed in the Office of the U.S. Trustee in the matters for which Zolfo Cooper is proposed to be retained, except that Zolfo Cooper is connected with the Committee by virtue of this engagement.  Zolfo Cooper may represent, or may have represented, certain of the Debtors' creditors or other parties in interest, or interests adverse to such creditors

or other parties in interest, in matters unrelated to these Title III cases. Zolfo Cooper is involved in other, unrelated matters in which certain of the Judges listed on Schedule 1 may be presiding over the cases and certain Unites States Trustees may also be involved. Further, Zolfo Cooper may have engaged, been engaged by or had mutual clients with, may currently be engaging, be engaged by or have mutual clients with, and may in the future engage, be engaged by or have mutual clients with certain law firms, financial advisors, accounting firms and other professionals that are potential parties-in-interest or may become parties-in-interest, in matters unrelated to these Title III Cases.

15. Consequently, Zolfo Cooper has advised the Committee that it is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code and as required by section 1103(b) of the Bankruptcy Code.

16. The Flaton Declaration, executed on behalf of Zolfo Cooper in accordance with section 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014 and which details the process for evaluating whether Zolfo Cooper is disinterested for purposes of this engagement, is appended hereto and incorporated herein by reference. Specifically, Zolfo Cooper informed the Committee that it has undertaken a detailed search of available information and records to determine and to disclose whether it is performing or has performed services for any of the Debtor, their affiliates and other interested parties identified in pleadings filed on the docket in the Title III Cases (the "Interested Party List"), and attached to the Flaton Declaration as Schedule 1. Zolfo Cooper ran the Interested Party List through Zolfo Cooper's relationship conflict database ("Database"), which is an Access computer database containing names of individuals and entities that are present or recent former clients of Zolfo Cooper. Zolfo Cooper then reviewed those results, which review was completed under the supervision of the in-house

General Counsel of Zolfo Cooper. A summary of the results of this search showing any relationships Zolfo Cooper has or had with any parties on the Interested Parties List is set forth in Schedule 2 to the Flaton Declaration. Recently Zolfo Cooper has become aware that an additional Interested Party List containing over 10,000 pages of additional parties, listing over 600,000 creditors, has been filed in these Title III Cases. Zolfo Cooper has begun efforts to run these additional parties through its conflict database and, to the extent appropriate, will be submitting supplemental declarations disclosing its relationships, if any, with these additional parties.

17. Based upon the information presently available, Zolfo Cooper has represented that (a) it is aware of no clients or client connections that would be in conflict with Zolfo Cooper's proposed engagement by the Committee, and (b) none of the services that were or will be provided in the course of any of the engagements for parties listed in Schedule 2 to the Flaton Declaration: (i) is connected in any way to these Title III Case or any matters for which the Committee is seeking to retain Zolfo Cooper; (ii) will impact or conflict with or be adverse to the Debtors or the Committee in these Title III Cases; or (iii) will compromise Zolfo Cooper's ability to provide services to the Committee and its constituents in these Title III Cases. The Committee is advised that Zolfo Cooper Management, LLC, an affiliate firm of Zolfo Cooper, was previously engaged to provide interim management services in the chapter 11 cases of both DFC, the former parent company of Doral Bank, and Doral Properties, Inc. ("DP"), where Carol Flaton, a managing director of Zolfo Cooper, served as chief restructuring officer of DFC, and Scott Martinez, a director of Zolfo Cooper, served as chief restructuring officer of DP and an associate director of restructuring for DFC. Additionally, the Committee is advised that Mr. Martinez also recently served as the liquidating trustee of DP. Further, the Committee is advised

that Enrique Ubarri, a senior advisor of Zolfo Cooper, recently served as the general counsel of various Puerto Rican companies, including serving as the Executive Vice President and General Counsel of DFC, and Mr. Ubarri has an unresolved, unsecured claim against DFC which arises as a result of Mr. Ubarri's prepetition employment agreement with DFC. The Committee is advised that Mr. Ubarri expects that this claim will be addressed in the normal course of DFC's claims resolution process, and Mr. Ubarri continues to serve as a consultant to the Committee Member, Drivetrain, LLC as the Creditors' Trustee for DFC,[4] and in that role he provides background and historical information regarding the assets of, and claims against, DFC; provided that under no circumstances will Mr. Ubarri provide advice with respect to any DFC matters related to the Title III Cases.

18. It should be understood that Zolfo Cooper's former clients and their affiliates,[5] officers, directors, principal shareholders and their respective affiliates may have had relationships with parties in interest in these Title III Cases of which Zolfo Cooper was not informed or, subsequent to the performance of Zolfo Cooper's services for such former clients, may have developed relationships with such parties of which Zolfo Cooper is unaware.

19. To the best of Zolfo Cooper's knowledge and belief, except as set forth in Schedule 2 to the Flaton Declaration, none of Zolfo Cooper's current or former clients (including their affiliates, officers, directors, principal shareholders and their respective affiliates) is connected to the entities on the Interested Party List, and any other parties in interest known to Zolfo Cooper.

---

[4] Pursuant to DFC's confirmed plan of reorganization, ownership of all of DFC's assets and claims was assigned to a newly created standalone entity, the Creditors' Trust, and Drivetrain, LLC, was appointed as the Creditors' Trustee.

[5] The "Zolfo Cooper" trademark name is owned by Zolfo Cooper Holdings, LLC, Zolfo Cooper's parent company, and it is used in the United States by Zolfo Cooper, LLC and its subsidiaries. The Zolfo Cooper trademark is used in Hong Kong and the People's Republic of China under license agreements, without common ownership with Zolfo Cooper.

20. Zolfo Cooper has indicated that it will promptly supplement the Flaton Declaration, disclosing any material developments regarding the Debtor or any other pertinent relationships that require disclosure in the above-referenced Title III Cases, if and when any such developments or relationships come to Zolfo Cooper's attention.

### Scope of Services

21. Zolfo Cooper has begun to provide assistance to the Committee in accordance with the terms and conditions which are set forth in the Flaton Declaration and in the Engagement Letter.

22. Zolfo Cooper will work closely with Paul Hastings to ensure that there will be no duplication of efforts or unnecessary overlap in the services to be provided by Zolfo Cooper and those that have been provided or which will be provided by the Committee's other professionals. It is presently anticipated that Zolfo Cooper will provide the following services:

   a) analyze the Commonwealth's 10-year Fiscal Plan and FY2018 annual budget, operations, and related financial projections, including budgets and operation assessments and assumptions of the Commonwealth;

   b) analyze the Commonwealth's debt capacity and proposed capital structure;

   c) review and analyze the Plan of Adjustment proposed by the Financial Oversight and Management Board ("Oversight Board");

   d) evaluate the financial aspects of any potential financing by the Oversight Board;

   e) assist the Committee in connection with the financial aspects of negotiations with the Commonwealth;

   f) assist the Committee with meetings with the Commonwealth or other third parties, as appropriate in connection with the matters set forth herein;

   g) advise and assist the Committee and counsel in reviewing and evaluating any court motions, applications, complaints, or other forms of relief filed or to be filed by the Debtors or any other parties-in-interest;

    h) monitor Debtors' claims management process, analyze claims, analyze guarantees, and summarize claims;

    i) advise and assist the Committee in identifying and/or reviewing any preference payments, fraudulent conveyances and other potential claims or causes of action that the Debtors' may hold against third parties;

    j) advise and assist the Committee in reviewing payments made by the Commonwealth or other governmental entities to creditors;

    k) prepare documents and provide testimony in or related to the Title III Cases, as necessary and customary, with respect to matters on which we have been engaged to advise the Committee hereunder;

    l) in connection with all the aforementioned services, assist the Committee with communication between the Committee and the other professionals performing services for the Committee in relation to these Title III Cases and potential litigation related thereto; and

    m) provide other services as requested by the Committee.

23. Zolfo Cooper represented to the Committee that Zolfo Cooper's decision to accept this engagement to advise and assist the Committee is contingent upon its ability to be retained in accordance with the terms and conditions of employment and compensated for its services and reimbursed for the out-of-pocket expenses it incurs in accordance with its customary billing practices including any indemnification provisions outlined in the Engagement Letter, and modified by the Proposed Order to comply with the practices and requirements of this Court.

## Terms of Retention and Compensation

24. Zolfo Cooper has advised the Committee that Zolfo Cooper is not owed any amounts with respect to prepetition fees and expenses in connection with these Title III Cases.

25. The Flaton Declaration and the Engagement Letter set forth the terms and conditions of Zolfo Cooper's employment, its staffing and approach, and its billing practices. Zolfo Cooper

has requested that the Committee seek this Court's approval of such matters with the filing of this Application.

26. Zolfo Cooper has represented to the Committee that it charges fees based on actual hours expended to perform its services at standard hourly rates established for each employee, as adjusted semi-annually, and it is the customary practice of the Firm to bill clients for travel time consistent with guidelines of the jurisdiction.  For this jurisdiction, therefore, Zolfo Cooper has represented to the Committee that it will apply a 50% discount rate to non-working travel time billed.  The Committee has been advised by Zolfo Cooper that its time entries are recorded in six-minute increments, and Zolfo Cooper's fees reflect economies resulting from the use of paraprofessional and support personnel to develop schedules and analyses, input computer data, perform research, work on fee applications, and other activities necessary to the efficient administration of a case.  Zolfo Cooper has advised the Committee that it does not include support services in the Firm's overhead for the purpose of establishing billing rates, and its billing rates are generally representative of prevailing market rates, as awarded by other courts in similar circumstances, based on the customary compensation charged by comparably skilled practitioners in bankruptcy and non-bankruptcy engagements.

27. Subject to this Court's approval, and as described in the Flaton Declaration and Engagement Letter, the Committee requests that Zolfo Cooper be entitled to receive compensation at the following hourly rates in effect as of January 1, 2017:

| | |
|---|---|
| Managing Directors | US $850 - $1,035 |
| Professional Staff | US $305 - $850 |
| Support Personnel | US $60  - $290 |

28. Additionally, in light of the unprecedented nature of the Title III Cases and the fact that the Title III Cases do not involve a corporate entity but rather a U.S. territory where residents'

access to basic essential services has oftentimes been limited, Zolfo Cooper has agreed to provide an adjustment to its fees. Zolfo Cooper has agreed, in advance, to this reduction to its fees due to Puerto Rico being a territory of the United States, the unprecedented nature of these Title III Cases, and the severe economic distress of the people in the territory of Puerto Rico. By this reduction, Zolfo Cooper further endeavors to have transparency around its fees. It is understood that Zolfo Cooper shall provide monthly fee statements and interim fee statements, which shall include all of its fees for hours worked. Zolfo Cooper shall be subject to any interim compensation orders entered by the District Court. Zolfo Cooper's final allowed compensation shall reflect a write off of twenty percent (20%) of the total professional fees sought during the entire case in connection with such final fee application, with the precise fees to be waived to be designated by Zolfo Cooper (in its sole discretion) in connection with the final fee application process.

29. Zolfo Cooper's charges for reasonably incurred, out-of-pocket expenses associated with an assignment including, but not limited to, costs of reproduction, typing, our legal counsel, any applicable state sales or excise taxes and other direct expenses. Except as follows, all expenses will be billed at actual cost, exclusive of amortization of the cost of any investment, equipment or capital outlay: (i) internal charges for outgoing out-of-town facsimile transmissions will be billed at $1.00 per page for domestic transmissions and $2.50 per page for foreign transmissions, and (ii) internal photocopy charges will be billed at $.25 per page.

30. The Committee understands that all allowed compensation and expenses will be paid by the Commonwealth and any other Title III debtor(s) (if any) for which the Committee acts as the official committee of unsecured creditors, and that counsel for the Puerto Rico Fiscal Agency and Financial Advisory Authority has represented that the Commonwealth (and any other Title

III debtor(s) (if any) for which the Committee acts as the official committee of unsecured creditors) have agreed to pay the fees and expenses of the Committee's professionals on a timely basis after allowance by the Court or as provided in any interim compensation order. The Committee further understands that counsel for the Oversight Board has represented that, in accordance with PROMESA section 305, the Oversight Board has consented to the Commonwealth's (and any other Title III debtor(s) (if any) for which the Committee acts as the official committee of unsecured creditors) payment as described herein.

31. The Committee understands that under no circumstances shall the Committee members be responsible for payment of Zolfo Cooper's fees and expenses. The Committee believes that, in light of the nature and complexity of these Title III Cases and Zolfo Cooper's qualifications, the above rates, and the terms and conditions of Zolfo Cooper's employment, are reasonable.

32. None of Paul Hastings, the members of the Committee, or any of their agents are or shall be responsible for the payment of Zolfo Cooper's fees and costs arising out of the engagement described and referenced herein, regardless of whether or not Zolfo Cooper is paid in full by the Debtors.

33. Zolfo Cooper negotiated the terms and conditions of the Engagement Letter at arm's length and in good faith. Notwithstanding anything to the contrary in the Engagement Letter, Zolfo Cooper has agreed to certain modifications to its standard indemnification and limitations on liability provisions as reflected in the Proposed Order attached hereto as Exhibit A. The Committee and Zolfo Cooper believe that the indemnification language proposed therein complies with similar Court's requirements for similar engagements of other professionals in chapter 11 cases similar to these Title III Cases. Zolfo Cooper has been retained with similar or more expanded indemnification language in other representations in other jurisdictions. *See,*

*e.g., In re AOG Entertainment, Inc.,* No. 16-11090 SMB) (Bankr. S.D.N.Y. March 1, 2017); *In re The Great Atlantic & Pacific Tea Company*, No. 15-23007 RDD) (Bankr. S.D.N.Y. July 24, 2015); *In re Chassix Holdings. Inc.*, No. 15-10578 MEW) (Bankr. S.D.N.Y. March 12, 2015); *In re Allied Nevada Gold Corp*., No. 15-10503 (MFW) (Bankr. D. Del. March 10, 2015); *In re The Standard Register Company*, No. 15-10541 (BLS) (Bankr. D. Del. March 12, 2015); *In re Caesars Enertainment Operating Company, Inc*., No. 15-01145 (ABG) (Bankr. N.D. Ill January 15, 2015); *In re Deb Stores Holdings LLC*, No. 14-12676 (KG) (Bankr. D. Del. December 4, 2014) and *In re Exide Technologies*, No. 13-11482 (KJC) (Bankr. D. Del. June 10, 2013).

## NOTICE

34. Notice of this Application has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United State Attorney for the District of Puerto Rico; (iii) the Oversight Board; (iv) the Puerto Rico Fiscal Agency and Financial Advisory Authority; (v) the official committee of retirees; (vi) the insurers of the bonds issued or guaranteed by the Debtors; (vii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors[6]; and (viii) all parties that have filed a notice of appearance in the Title III Cases.

## NO PRIOR REQUEST

35. No previous application for the relief requested herein has been made to this or any other Court.

*[Remainder of page left intentionally blank.]*

---

[6] Which include the Mutual Fund Group, the Ad Hoc Group of General Obligation Bondholders, the COFINA Senior Bondholders' Coalition, and the QTCB Noteholder Group, each as such group is defined at Docket Nos. 28, 68, 216, and 134, respectively.

WHEREFORE, the Committee respectfully requests that the Court enter an order substantially in the form attached hereto as <u>Exhibit A</u>, authorizing the Committee to employ and retain Zolfo Cooper, effective as of June 27, 2017, and granting such other and further relief as the Court deems just and proper.

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

By: The American Federation of Teachers
Solely in its capacity as member of the Committee (and not in its individual capacity); authorized by the Committee to sign this Application

By: /s/ Mark Richard_____

Name: Mark Richard
Title: Counsel to the President

Filed by:

s/ *Charles P. Gilmore*

Charles P. Gilmore

O'NEILL & GILMORE LLC
Charles P. Gilmore, Esq.
USDC - PR 209614

252 Ponce de Leon Ave.
Citibank Tower Suite 1701
San Juan, Puerto Rico 00918
Tel.: (787) 620-0670

- and -

PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Tel: (212) 318-6000
lucdespins@paulhastings.com

*Proposed Co-Counsel to the Official Committee of Unsecured Creditors*