**Exhibit A**

**Proposed Order**

Case:17-03283-LTS   Doc#:615-2   Filed:07/11/17   Entered:07/11/17 18:20:59   Desc:
Exhibit A - Proposed Order   Page 1 of 5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -- - - - - - - - - - -- - - - - - x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, et al.,

     Debtors. [1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -- - - - - - - - - - - - - - x

PROMESA
Title III

Case No. 17-BK-3283 (LTS)

Jointly Administered

## ORDER AUTHORIZING OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF COMMONWEALTH OF PUERTO RICO TO EMPLOY AND RETAIN ZOLFO COOPER, LLC AS FINANCIAL ADVISOR, EFFECTIVE AS OF JUNE 27, 2017

Upon the application (the "Application") [2] of the Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico (the "Committee") appointed in the above-captioned cases for entry of an order (the "Order"), pursuant to sections 1103 of the Bankruptcy Code and Local Rule 2014-1(e) authorizing the retention and employment of Zolfo Cooper, LLC ("Zolfo Cooper"), effective as of June 27, 2017, as the Committee's financial advisors; and upon the Flaton Declaration annexed to the Application in support thereof; the Court hereby FINDS AND DETREMINES that (i) the Court has jurisdiction to consider the Application and the relief requested therein pursuant to section 306(a) of PROMESA; (ii) venue of these Title III Cases

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474).

[2]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

and the Application in this district is proper pursuant to section 307(a) of PROMESA; (iii) the

Committee provided due and proper notice of the Application and no other or further notice need

be provided; (iv) it appearing that Zolfo Cooper is "disinterested" and eligible for retention

pursuant to sections 101(14) of the Bankruptcy Code, (v) the terms of the engagement pursuant

to the Engagement Letter and as modified herein, are reasonable and appropriate; and (vi) this

Court having determined that the relief requested in the Application is necessary and in the best

interests of the Committee and its members; and after due deliberation, and sufficient cause

appearing therefor, it is hereby ORDERED THAT:

1.      The Application is APPROVED.

2.      In accordance with section 1103 of the Bankruptcy Code, made applicable to the

Title III Cases pursuant to section 301(a) of PROMESA, the Committee is authorized to employ

and retain Zolfo Cooper as its financial advisors under the terms and for the purposes set forth

and as requested in the Application, the Flaton Declaration and the Engagement Letter as

modified herein.

3.      Zolfo Cooper is authorized to perform the services enumerated in the Application

and the Flaton Declaration.  The terms of the Engagement Letter are approved and Zolfo Cooper

shall be entitled to be compensated and reimbursed for the services identified in the Engagement

Letter and Application, pursuant to PROMESA sections 316 and 317, the applicable Bankruptcy

Rules, the Local Rules of this Court, and such orders as the Court may direct.

4.      Zolfo Cooper's fees for services will be based on Zolfo Cooper's standard hourly

rates, plus reasonable and necessary expenses, as set forth in the Application, Flaton Declaration

and Engagement Letter.  Zolfo Cooper shall be compensated in accordance with and will file

interim and final fee applications for allowance of its compensation and expenses in

accordance with any compensation order entered by this court.  Zolfo Cooper has agreed to reduce its fees by an amount equal to 20% of the total fees sought to be paid in connection with its final fee application; for the avoidance of doubt the precise fees to be waived pursuant to this voluntary reduction will be designated by Zolfo Cooper (in its sole discretion), with such designation to be made in connection with the final fee application process.  Pursuant to Bankruptcy Code section 503(b)(1), made applicable by PROMESA section 301(a), the fees and expenses of Zolfo Cooper under this Order shall be an administrative expense of the Debtors.

5.    The Commonwealth, and any other Title III debtor for which the Committee acts as the official committee of unsecured creditors shall be responsible for such compensation and reimbursement of expenses and have consented to pay Zolfo Cooper's fees and expenses within ten days of allowance by the Court or as provided in any interim compensation order.  The Oversight Board, in accordance with PROMESA section 305, has consented to the Commonwealth's (and any other Title III debtor(s) (if any) for which the Committee acts as the official committee of unsecured creditors) payment as provided in this Order.

6.    Such payments shall be made net of any withholding or other applicable taxes, and Zolfo Cooper shall indicate in its periodic fee statements whether there has been any increase in the rates set forth in the Application.  Under no circumstances shall the Committee members be responsible for payment of Zolfo Coopers' fees and expenses.

7.    The Committee and Zolfo Cooper are authorized and empowered to take all necessary actions to implement the relief granted in this Order.

8.    This Court shall retain jurisdiction with respect to all matters arising from or related to this Order or Zolfo Cooper's services for the Committee.

9.      To the extent there is an inconsistency between this Order, the Engagement Letter

and the Application, the terms of this Order shall govern.

10.     The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

Dated:   _____, 2017
         New York, New York

                                    _____
                                    HONORABLE LAURA T. SWAIN
                                    UNITED STATES DISTRICT JUDGE