UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO,<br>et al., | (Jointly Administered) |
| Debtors.[1] | |

-------------------------------------------------------------x

MEMORANDUM ORDER GRANTING MOTION OF
LUZ PIZARRO-CORREA FOR RELIEF FROM THE AUTOMATIC STAY

Before the Court is a motion filed by Luz Pizarro-Correa for relief from the automatic stay imposed by the filing of the above-captioned Title III case in an employment discrimination action captioned Pizarro-Correa v. Puerto Rico Internal Revenue Department, No. 16-cv-02598-FAB, which is currently pending in United States District Court for the District of Puerto Rico (the "Litigation") and in which the plaintiff seeks, among other remedies, reinstatement to her former position.  The defendants in the underlying Litigation have moved to dismiss the Complaint.  For the following reasons, the motion is granted to the extent that the

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

stay is lifted to allow the Litigation to proceed to the determination of the pending motion to dismiss. This relief is without prejudice to a further application to this Court following such determination.

## BACKGROUND

Pizarro-Correa is the named Plaintiff in the Litigation, which was filed against the Puerto Rico Internal Revenue Department (the "IRD"), the Commonwealth of Puerto Rico (the "Commonwealth"), and Alberto Cardona Crespo (together with the IRD and the Commonwealth, the "Defendants"). (Docket entry no. 328, Urgent Motion for Relief from the Automatic Stay, ¶ 3.) On September 7, 2016, Pizarro-Correa commenced the Litigation seeking, among other things, declaratory relief, reinstatement to her prior position with the IRD, injunctive relief, back pay, and compensatory and general damages. (Case No. 16-cv-02598-FAB, Docket entry no. 1.) On December 28, 2016, the Defendants filed a motion to dismiss the complaint. (Case No. 16 CV 02598-FAB, Docket entry nos. 12, 19.) In light of the automatic stay imposed by the Commonwealth's Title III filing, an order staying the Litigation was entered on June 6, 2017. (Case No. 16 CV 02598-FAB, Docket entry no. 33.)

## DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e,g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F.

Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

The Commonwealth's principal objection to the requested relief from the automatic stay is premised on the balance of harms, but is not particular to this case.[2] Rather, the Commonwealth's objection makes the general assertion that, because there is a large volume of litigation against the Commonwealth, the stay should not be lifted in any case for at least 180 days. The Commonwealth's fear of a flood of motions for relief from the automatic stay has, to date, proved unfounded given that no more than a handful of such motions have been filed.

Pizarro-Correa has demonstrated that the Litigation meets many of the Sonnax criteria. Notably, Pizarro-Correa's request for reinstatement is one that cannot efficiently be addressed in the ordinary bankruptcy claims resolution process and indicates that the pending litigation is time sensitive. Allowing the pending motion practice to proceed would not interfere materially, if at all, with the Title III case. The Commonwealth has already filed its moving papers. The interests of judicial economy, and of the expeditious resolution of the issue of the viability of Pizarro-Correa's claim are best served by permitting the completion of briefing on, and the determination of, the motion to dismiss that is pending in the United States District Court

---

[2] The Commonwealth is represented in connection with this motion practice by the Office of Wanda Vázquez Garced, the Secretary of Justice of Puerto Rico, who represents that her statements in connection with the instant motion have been authorized by the Financial Oversight and Management Board for Puerto Rico, the statutory representative of the Debtor in this Title III case. (Docket entry no. 524, at p. 2 n.2.)

for the District of Puerto Rico, without prejudice to an application for further relief from stay if the action survives the motion practice. While it is true that the Commonwealth should formulate a process to address pre-petition litigation in the context of the Title III case, the Court concludes that an extraordinary extension of the stay of Pizarro-Correa's litigation is not necessary to afford the Commonwealth an opportunity to formulate such a process. On balance, the Court finds that any hardship to the Commonwealth is outweighed by the other Sonnax factors that tilt in favor of Pizzaro-Correa's showing of cause to lift the stay.

Accordingly, the Court concludes that Pizarro-Correa has demonstrated that cause exists for the automatic stay to be lifted to allow the Litigation to proceed to the determination of the pending motion to dismiss. This relief is without prejudice to a further application to this Court following such determination.

[*Remainder of Page Intentionally Left Blank*]

CONCLUSION

For the foregoing reasons, the stay of the Litigation is lifted to permit the completion of briefing on, and the determination of, the pending motion to dismiss the complaint in Pizarro-Correa v. Puerto Rico Internal Revenue Department, No. 16-cv-02598-FAB. This grant of limited relief from the automatic stay is without prejudice to an application for further relief if the action survives the pending dismissal motion. This Memorandum Order resolves docket entry no. 328 in case no. 17-3283. The stay continues to apply in all other respects.

SO ORDERED.

Dated: July 12, 2017

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge