UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

------------------------------------------------------------x

MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RELIEF FROM
STAY FILED BY APONTE-PAGÁN AND ANDINO-GAUDÍN PLAINTIFFS

    Before the Court is a motion filed by (1) Angely M. Aponte-Pagán and the other named Plaintiffs (the "Aponte-Pagán Plaintiffs") in a proceeding captioned Aponte-Pagán v. Rivera-Aquino, Case No. CC-2016-1153 in the Supreme Court of Puerto Rico ("Aponte-Pagán") for relief from the automatic stay imposed on motion of the Debtor in the above-captioned Title III case; and (2) Javier Andino-Gaudín and the other named Plaintiffs (the "Andino-Gaudín Plaintiffs" and, with the Aponte-Pagán Plaintiffs, the "Movants") in a proceeding captioned Andino-Gaudín v. Rivero-Cubano, Case No. K AC2002-5558 in the Court of First Instance of

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Puerto Rico ("Andino-Gaudín" and, with Aponte-Pagán, the "Litigations") for relief from the automatic stay imposed on motion of the Debtor in the above-captioned Title III case. For the following reasons, the motion is granted, and the stay is lifted to allow the Litigations to proceed.

Aponte-Pagán has been proceeding for 15 years, and Andino-Gaudín has been proceeding for seven years. The defendants in the Litigations are the Agricultural Enterprises Development Administration ("ADEA"), a public corporation formed by the Debtor in this case, the Commonwealth of Puerto Rico (the "Commonwealth"), and the Commonwealth itself. The Movants assert that, although the Commonwealth is a named Defendant, they seek only to proceed against ADEA and liability on their claims rests solely with ADEA. As the Movants note, the uncontested value of their judgment against the ADEA is approximately $7 million, which would have made that judgment the sixth-largest unsecured claim against the Commonwealth according to the Commonwealth's filings in connection with this Title III case. (Docket entry no. 1.) The Commonwealth's list of unsecured creditors does not, however, include the Litigations. Nevertheless, the Commonwealth filed notices of the filing of this Title III case in the Litigations in order to obtain the benefit of the automatic stay in both cases. Movants seek a determination that the automatic stay does not apply in the Litigations because ADEA is not a Title III debtor or, alternatively, relief from the automatic stay to permit the Litigations to proceed against ADEA.

The Commonwealth opposes the relief requested on two grounds.[2] First, the Commonwealth states that it "has not yet made a determination with respect to the ADEA" as to

---

[2] The Commonwealth is represented in connection with this motion practice by the Office of Wanda Vázquez Garced, the Secretary of Justice of Puerto Rico, who represents that her statements in connection with the instant motion have been authorized by the Financial Oversight and Management Board for Puerto Rico, the statutory representative of the Debtor in this Title III case. (Docket entry no. 548, at p. 2 n.2.)

whether it is one of the Commonwealth's "agencies and instrumentalities [that] are subject to the automatic stay in the Title III Case." (Docket entry no. 548, at p. 5.) This position is curious in light of the Commonwealth's court filings seeking to impose the automatic stay in the Litigations. Regardless, the only potential impact of the Litigations on the Commonwealth is indirect: the defense costs will be incurred by the Commonwealth's Department of Justice, and the payment of a judgment against the ADEA may come from funds appropriated by the Commonwealth for the ADEA. Neither of these suffices to indicate a statutory basis for an extension of the automatic stay to ADEA, which is indisputably a separate legal entity from the Commonwealth.

Insofar as the Litigations seek to proceed against the Commonwealth itself, however, the automatic stay will remain in place, as Movants' arguments relate solely to their desire to obtain recovery from ADEA, and proffer no basis to lift the automatic stay as to the Commonwealth. Indeed, insofar as the Movants argue that the Commonwealth is no longer an appropriate party to the Litigations, maintaining the automatic stay as to the Commonwealth would not impact Movants' rights or remedies in any way.

Accordingly, the Court concludes that the Movants have demonstrated that there is no basis to extend the automatic stay in this Title III case to cover litigation against the ADEA, which is a separate legal entity from the Debtor. The motion for relief from the stay is therefore granted as to both <u>Aponte-Pagán</u> and <u>Andino-Gaudín</u> to the extent that the Litigations may proceed in all respects as against the ADEA. To the extent there is any claim asserted in the Litigations against the Commonwealth, the motion to lift the stay is denied, and the automatic stay remains in place.

This Memorandum Order resolves docket entry no. 343.

SO ORDERED.

Dated: July 12, 2017

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge