UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND | |
| MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, et al., | (Jointly Administered) |
| Debtors.[1] | |

-------------------------------------------------------------x

MEMORANDUM ORDER GRANTING
MOTION OF JAVIER PÉREZ-RIVERA FOR RELIEF FROM THE AUTOMATIC STAY

Before the Court is a motion filed by Javier Pérez-Rivera ("Movant" or "Pérez-Rivera") for relief from the automatic stay imposed by the filing of the above-captioned Title III case in an employment discrimination lawsuit commenced in the Puerto Rico Superior Court (the "Lawsuit") and an arbitration proceeding apparently arising from the same underlying employment discrimination claim (the "Arbitration"). For the following reasons, the motion is granted to the extent that the stay is lifted to allow the rendering, but not the enforcement, of an award in the Arbitration proceeding. This relief is without prejudice to a further application to this Court following such determination.

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

BACKGROUND

Pérez-Rivera, the named Plaintiff in the Lawsuit and the petitioner in the Arbitration proceeding, which were filed against the Department of Labor and Human Resources ("DLHR"), an agency of the Commonwealth of Puerto Rico (the "Commonwealth"), seeks to continue his employment discrimination Lawsuit in the Puerto Rico Superior Court as well as his Arbitration before the Appellate Commission of the Public Service ("CASP"). (Docket entry no. 383, Motion Requesting Relief from the Automatic Stay (the "Motion"), ¶¶ 1-3.) In the Lawsuit, which was filed against the DLHR in the Puerto Rico Superior Court on May 6, 2016, Pérez-Rivera seeks reinstatement to his prior position, back pay and general damages. (Id. ¶ 1, 2 & 7-8.) On September 9, 2016, Pérez-Rivera filed a request for arbitration before the CASP. (Id. ¶ 2.) On April 10, 2017, the Arbitration hearing was held before the CASP, but the arbitration proceedings were subsequently stayed pursuant to the automatic stay imposed following the Commonwealth's Title III filing. (Id. ¶ 4.) Pérez-Rivera also seeks job reinstatement, back pay and damages in the Arbitration. (Id. ¶ 2; see also Proof of Claim No. 6.)

DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e,g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or

complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "whether a specialized tribunal with the necessary expertise has been established to hear the action," "the interests of judicial economy and the expeditious and economical resolution of litigation," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

Pérez-Rivera has demonstrated that many of the Sonnax criteria weigh in his favor with respect to continuation of the Arbitration. In particular, the Arbitration hearing on his claim has been conducted by a specialized tribunal and can apparently address both his request for equitable reinstatement and his monetary claims. The matter is one of urgency from Pérez-Rivera's perspective, as he seeks reinstatement in order to regain his employment and "the means to make a living." (Motion, ¶ 8.) The Arbitration could, it appears, also resolve the question of quantification of the DLHR's financial liability on Pérez-Rivera's employment discrimination claims. Allowing the Arbitration to proceed to the rendering, but not the enforcement, of an award would not interfere materially, if at all, with the Title III case. The fact that the Arbitration has proceeded through a hearing demonstrates that the interests of judicial economy, and of the expeditious resolution of litigation, are best served by permitting the Arbitration award to be rendered. Perez-Rivera has not, however, tendered evidence that any significant proceedings have yet taken place in the Puerto Rico Superior Court, and thus no cause has been shown for relief from the stay of the Lawsuit.

The Commonwealth's principal objection[2] to the requested relief from the automatic stay is premised on the balance of harms, but is not particular to this case. The

---

[2] The Commonwealth is represented in connection with this motion practice by the Office of Wanda Vázquez Garced, the Secretary of Justice of Puerto Rico, who represents that her statements in connection with the instant motion have been authorized by the Financial

Commonwealth argues that because Pérez-Rivera is suing the DLHR, an agency charged with implementing the needs of the Commonwealth's work sector, the Commonwealth would be forced to pay costs in the defending the underlying action and would ultimately be liable on any judgment. The Commonwealth's objection generally asserts that, because there is a large volume of pending litigation against the Commonwealth, the stay should not be lifted in any case for at least 180 days. While a significant volume of lift stay activity could, as a whole, complicate the Commonwealth's ability to deal efficiently with the administration of the Title III proceedings, particularly as to the efficient resolution of financial claims and the deployment of its resources for the defense of litigation, neither the volume of such activity to date nor any issue raised by the Commonwealth in opposition to this Motion indicates that the harm to the Commonwealth arising from relief from the automatic stay permitting the rendering of an arbitration award would outweigh the harm to Movant presented by a delay of at least 180 days as to the resolution of his claim for reinstatement. While it is true that the Commonwealth should formulate a process to address pre-petition litigation in the context of the Title III cases, the Court concludes that an extraordinary extension of the stay of Pérez-Rivera's litigation is not necessary to afford the Commonwealth an opportunity to formulate such a process.

Accordingly, the Court concludes that Pérez-Rivera has demonstrated that cause exists for the automatic stay to be lifted to allow the Arbitration to proceed to the rendering, but not enforcement, of an award.

---

Oversight and Management Board for Puerto Rico, the statutory representative of the Debtor in this Title III case. (Docket entry no. 524, at p. 2 n.2.)

CONCLUSION

For the foregoing reasons, the stay of the Arbitration is lifted to permit the rendering, but not the enforcement, of an award.  The stay continues to apply in all other respects, including as to entry and execution of judgment and as to the Lawsuit in its entirety, but this decision is without prejudice to Movant's right to seek further relief from the automatic stay in the future.  This Memorandum Order resolves docket entry no. 383 in case no. 17-3283.

SO ORDERED.

Dated: July 12, 2017

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge