**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

-------------------------------------------------------------x
In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]
-------------------------------------------------------------x
In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO

    Debtor.
-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

**Re: ECF No. 549, 566**

(Jointly Administered)

PROMESA
Title III

No. 17 BK 3283-LTS

**This Objection relates only to the Commonwealth and shall only be filed in the lead Case No. 17 BK 3283-LTS.**

**RESPONSE OF THE COMMONWEALTH TO MOTION FOR
RELIEF FROM STAY FILED BY B.P., S.E.; BAHÍA PARK, S.E. [ECF NO. 549]**

To the Honorable United States District Court Judge Laura Taylor Swain:

    The Commonwealth of Puerto Rico (the "Commonwealth") respectfully submits this response (the "Response") to the *Motion for Relief from Automatic Stay* [ECF No. 549] (the "Motion") filed by B.P., S.E.; Bahía Park, S.E. (collectively, the "Movant").[2]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808).

## RESPONSE

1. After evaluating the facts of Movant's case pending before the Puerto Rico Superior Court, San Juan Part (the "State Court"), captioned B.P., S.E., Bahía Park, S.E. v. ELA, Case No. K2AC 2007-00908 (the "State Court Action"), which alleges, among other things, that Movant suffered an inverse condemnation as the result of a regulatory taking of Movant's real property, the Commonwealth does not object to a partial modification of the automatic stay set forth in Bankruptcy Code section 362 (the "Title III Stay"), made applicable by PROMESA section 301(a), to permit the State Court Action to proceed in order for the State Court to make a determination on the motions for summary judgment currently pending before it (the "Dispositive Motions"). Because the State Court Action is at a preliminary stage, which Movant acknowledges, the Commonwealth believes that the limited modification of the Title III Stay proposed herein to prosecute the Dispositive Motions is appropriate given the procedural stage of the State Court Action.[3] Such relief will balance the harms between Movant and the Commonwealth by allowing Movant to move the State Court Action forward without requiring the Commonwealth to expend significant time and resources attending to discovery and briefing, which would divert the Commonwealth's attention away from its restructuring efforts.

2. Nothing contained in this Response should be construed as a waiver or modification of the Title III Stay to permit the prosecution against the Commonwealth of any

---

[2] The Financial Oversight and Management Board for Puerto Rico, as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Department of Justice to file this Response on behalf of the Commonwealth.

[3] In the event that the State Court finds in favor of Movant with respect to the Dispositive Motions, the Commonwealth requests that the Title III Stay remain in place with respect to the entry and execution of a judgment and any provisional remedies. See In re Residential Capital, LLC, Case No. 12-12020 (MG), 2012 WL 3860586, at *4 (Bankr. S.D.N.Y. Aug. 8, 2012) ("Claims for damages against the Debtors are the usual grist for the bankruptcy claims allowance process and absent unusual circumstances the bankruptcy court remains the appropriate form to resolve such claims.")

claim by anyone other than Movant as provided for herein, and the Commonwealth reserves all rights, defenses, and protections with respect to any other motions for relief of stay or any other matters pending in the Commonwealth's Title III case. The Commonwealth further reserves its rights with respect to any claim currently pending in the State Court Action or hereinafter asserted by Movant.

## CONCLUSION

3. For the foregoing reasons, the Commonwealth requests that the Court grant a partial modification of the Title III Stay to allow the State Court to make a determination on the Dispositive Motions; *provided* that the Title III Stay shall continue to apply in all other respects to the State Court Action, including as to entry and execution of judgment and provisional remedies.

*Remainder of Page Intentionally Left Blank*

Dated: July 13, 2017
San Juan, Puerto Rico

                                                Respectfully submitted,

                                                **WANDA VÁZQUEZ GARCED**
Secretary of Justice

*/s/ Wandymar Burgos Vargas*
**WANDYMAR BURGOS VARGAS**
USDC 223502
Deputy Secretary in Litigation
Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Phone: 787-721-2940 Ext. 2500, 2501
wburgos@justicia.pr.gov

*Attorneys for the Commonwealth of Puerto Rico*