**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| The Financial Oversight and Management Board for Puerto Rico, | |
| as representative of | No. 17-BJ 3283-LTS |
| The Commonwealth of Puerto Rico, *et al.* | |
| Debtors. | |

**REPLY TO RESPONSE TO MOTION FOR RELIEF FROM *AUTOMATIC STAY***

**TO THE HONORABLE DISTRICT COURT JUDGE LAURA TAYLOR SWAIN**:

COME NOW B.P., S.E.; Bahía Park, S.E., (jointly referred to as "Bahía Park" or the "Movant"), through the undersigned counsel, and very respectfully, states and prays as follows:

1.      On June 29, 2017, Bahía Park filed a Motion for Relief from Automatic Stay ("Motion"). *See* Docket No. 549. Specifically, the Movant requests that this Honorable Court lift the automatic stay to allow the State Court to resolve two (2) controversies that are indispensable to establish Bahía Park's rights as constitutionally protected creditor of the Commonwealth. Said legal controversies are (i) whether Bahía Park's real property has been the subject of an inverse condemnation; and (ii) if so, what is the amount of just compensation that Bahía Park is entitled to as a matter of constitutional mandate. It must be clarified that Bahía Park is not requesting that this Honorable Court lift the stay to allow the State Court to execute a judgment, but to merely enter a Judgment that could provide certainty to Bahía Park's bankruptcy rights for purposes of the instant Title III proceeding.

2.      On June 30, 2017, this Honorable Court entered an Order requiring (i) the Commonwealth to respond to Bahía Parks Motion on or before July 13, 2017; and (ii) Bahía Park to file its Reply on or before July 20, 2017. *See* Docket No. 566.

3.      On July 13, 2017, the Commonwealth filed a Response to the Motion. *See* Docket No. 640. In said Motion, the Commonwealth informs the Court that it has no objection to a "**partial modification**" of the Title III stay to "**permit the State Court to proceed in order for the State Court to make a determination on the pending summary motions currently pending before it**". (Emphasis Added). Furthermore, the Commonwealth requests that this Honorable Court determine that the Title III Stay shall continue to apply to all other aspects of the State Court action, including the "entry and execution of judgment and provisional remedies".

4.      The Commonwealth alleges that "because the State Court action is at a preliminary stage, which Movant acknowledges, the Commonwealth believes that the limited modification of the Title III stay to prosecute the Dispositive Motions is appropriate given the procedural stage of the State Court Action". *Id.*

5.      In Footnote No. 3, the Commonwealth asserts that, if Movant prevails in the Dispositive Motions, the Title III stay should remain in full force and effect with respect to the entry and execution of judgment. For said purpose, it cites the case of In re Residential Capital. LLC, Case No. 12-12020 (MG), 2012 WL 38060586 at * 4 (Bankr.  S.D.N.Y Aug. 8, 2012), which allegedly stands for the proposition that, absent unusual circumstances, claims for damages against a Debtor should be resolved in the bankruptcy forum.

6.      For the reasons set forth herein, this Honorable Court should deny the Commonwealth's Response and enter an Order granting the Motion, as requested by Bahía Park.

7.  First, it must be stated that the Commonwealth's requested for a partial modification of the stay, as requested, is insufficient to safeguard Bahía Park's remedies. The mere resolution of the dispositive motions, without allowing the State Court to enter Judgment with regards to the controversies of inverse condemnation and just compensation, will give continuance to the legal uncertainty of Bahía Park's potential rights as a constitutionally protected creditor of the Commonwealth. In order for Bahía Park to defend its rights in the Title III case, the State Court must have the authority to determine the controversies that would render the Movant a creditor of the Commonwealth.

8.  Second, Bahía Park rejects the Government's misguided characterization with regards to the "preliminary stage" of the State Court case. As we have mentioned in the Motion, Bahía Park has been immersed in litigation since 2007 and has been dealing with this controversy since 2004. Consequently, we reject the Government's characterization to the contrary.

9.  Third, the Commonwealth pretends that this Honorable Court treat Bahía Park's claims as a "general tort action". As we have already stated in the Motion, inverse condemnation actions in Puerto Rico are governed by the same norms and principles as condemnation actions brought directly by the Puerto Rico government. Olivero v. Autoridad de Carreteras, 1978 WL 48858 at ** 4 (PRD 1978). In other words, expropriation cases are not mere tort actions, but rather cases in which the just compensation that is paid is mandated and guaranteed by the Puerto Rico Constitution and the Fifth Amendment of the United States Constitution.

10.  Bahía Park is not requesting that the Honorable Court lift the automatic stay to allow the State Court to execute a Judgment, but rather to enter a Judgment that could set forth Bahía Park's rights as a creditor for purposes of this Title III case. In other words, Bahía Park is

not requesting that this Honorable Court allow the State Court to enforce a monetary award. The main reason for Bahía Park's request is that "**litigation would completely resolve the question of quantification of the Commonwealth's liability**" (*See* Docket No. 600) on Bahía Park's claims.

11.     Bahía Park reiterates that allowing the State Court to proceed will not interfere with the Title III case and the interests of judicial economy, including a specialized Courtroom that solely handles expropriation cases, are better served is the case is allowed to continue.

12.     In view of the foregoing, as requested in the Motion, and in order to prevent the continuation of Bahía Park's constitutional injuries, it is respectfully requested that this Honorable Court enter an Order lifting the automatic stay in order for the San Juan Superior Court to resolve (i) whether Bahía Park has been the subject of an inverse condemnation; and (ii) if so, what is the amount of just compensation that Bahía Park is constitutionally entitled to under the Puerto Rico Constitution and the Fifth Amendment of the United States Constitution. This is essential in order to clarify Bahía Park's creditors rights for purposes of the instant Title III case.

**WHEREFORE** B.P, S.E.; Bahía Park, S.E.; respectfully requests that this Honorable Court (i) take notice of the foregoing; (ii) after notice and hearing, enter an Order vacating the automatic stay arising under §301 (a) of PROMESA and Bankruptcy Code § 362 to allow the San Juan Superior Court to adjudicate Bahía Park's rights with regards to inverse condemnation claims and just compensation in the case titled B.P., S.E., Bahía Park, S.E., v. ELA, K2AC 2007-00908; and (iii) grant any further relief that may be deemed just and proper under the particular circumstances of the instant case.

-4-

I HEREBY CERTIFY that a true and exact copy of this document was served with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 13th day of July 2017.

**CARLOS J. SAGARDÍA-ABREU**
*Attorney for B.P., S.E.; Bahía Park, S.E.*
1353 Ave. Luis Vigoreaux PMB 678
Guaynabo, PR 00966
Tel. (787) 360-7924
Email: carlos.sagardia@gmail.com
        cjsa@sagardialaw.com

By: s/*Carlos J. Sagardía-Abreu*
    Carlos J. Sagardía-Abreu
    USDC PR No. 227510
