UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO <br><br> As representative of <br><br> THE COMMONWEALTH OF PUERTO RICO, ET ALS. <br><br> Debtors | PROMESA <br> Title III <br><br> No. 17 BK 3283-LTS |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

TO THE HONORABLE COURT:

COME NOW Keila Robles Figueroa ( "Mrs. Robles" or "Movant" ), *pro se*, and respectfully request to this Court an Order pursuant to 11 U.S.C. §362 for relief from the Automatic Stay and, in support of this motion, states and prays as follows:

### I. PROCEDURAL BRACKGROUND

1. Movant is a former career government employee that worked for the Commonwealth of Puerto Rico's Department of Labor and Human Resources ( "PR-DOL" ), Fair Labor Standards Bureau.

2. As career government employee of the Commonwealth's PR-DOL, Movant has a vested right over her position as a career government employee, protected from a taking without due process, as provided in Section 7 of Article II of the Constitution of the Commonwealth of Puerto Rico. See Díaz-Carrasquillo v. García-Padilla, 191 D.P.R. 97, 111-112 (2014).

3. The administrative forum with jurisdiction to oversee any employment action against a government employee of the Commonwealth of Puerto Rico is the Appellative Commission for the Public Service (by its acronym in Spanish, "CASP"), created pursuant to the Reorganization Plan No. 2 approved on July 26, 2010, known as the "Plan for the Reorganization of the Appellative Commission for the Public Service".

4. As allowed in Puerto Rico's Act No. 184 of August 3, 2004, P.R. Laws Ann. Tit. 3, §1461 *et seq.*, known as the "Administration of the Human Resources in the Public Sector of the Commonwealth of Puerto Rico's Act", on August 24, 2015, Movant filed before CASP a claim against the Commonwealth of Puerto Rico in the case <u>Keila Robles-Figueroa v. Departamento del Trabajo y Recursos Humanos</u>, No. 2015-08-0159, challenging the PR-DOL's unlawful denial to reinstate Movant to her career position of Supervisor of the PR-DOL's Fair Labor Standards Bureau.

5. After completing all required procedural processes, on March 27, 2017, the CASP issued an administrative judgment that determined that the PR-DOL had unlawfully denied Movant's reinstatement, and in its consequence, ordered Movant's reinstatement to her career position as Supervisor of the PR-DOL's Fair Labor Standard's Bureau. In addition, also based on said determination, the CASP ordered the PR-DOL the payment to Movant of back-pay and the reinstatement of other marginal benefits, such as sick and vacation leave.

6. On May 9, 2017, the Financial Oversight and Management Board or Puerto Rico, as representative of the Commonwealth of Puerto Rico, filed the above captioned case pursuant to Title III of PROMESA. See Dkt. 1.

7. On May 25, 2017, however, the PR-DOL filed an appeal before the Puerto Rico's Court of Appeal in the case Keila Robles-Figueroa v. Departamento del Trabajo y Recursos Humanos, No. KLRA201700438, challenging the CASP determination (the "Litigation").

8. Just days after, on June 6, 2017, the PR-DOL filed a motion before the Puerto Rico's Court of Appeals, seeking to enforce the automatic stay provision pursuant to Section 301(a) of PROMESA ("Section 301(a)") to the Litigation.[1]

9. Movant opposed on June 21, 2017 the PR-DOL's request to stay the Litigation.

10. On June 30, 2017, Puerto Rico's Court of Appeals issued a document titled *Judgment (Administrative Filing)*, which was notified to the parties by mail on July 7, 2017, whereby staying the Litigation pursuant to Section 301(a) of PROMESA and, its consequence, administratively filing it until the above caption case concludes or a Relief Order is issued by this Honorable Court, allowing the reopening of the Litigation and the continuations of the proceeding before the Puerto Rico's Court of Appeals.

II. **Discussion**

---

[1] Section 301(a) states that, among other things, 11 U.S.C. §362 of the United States Bankruptcy Code are applicable for petitions under Title III.

It is Movant's position that the automatic stay of the Litigation should be lifted pursuant to 11 U.S.C. §362 (d)(1), which allows this Honorable Court to grant relief from the automatic stay "for cause".

It is Memorandum and Order issued on July 7, 2017 in the above captioned case, this Honorable Court determined that,

> [t]o determine whether cause exists to lift the bankruptcy stay, courts in this district rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990)( "Sonnax" ). Of particular relevance to the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of the litigation," "whether the parties are ready for trial in the other proceeding," and the "impact of the stay on the parties and the balance of harms."

See Dkt. 600, at page 2. (Internal citations omitted). In Sonnax, another factor to be considered is "whether a specialized tribunal with the necessary expertise has been established to hear the cause of action" . In re Sonnax Indus., Inc., 907 F.2d, at 1286.

In the case of the Litigation, Movant has already fully litigated her claim against the PR-DOL, before the administrative forum with exclusive jurisdiction to oversee claims for adverse actions taken by the Commonwealth of Puerto Rico of a constitutionally protected right, that is, to continue to maintain a career position as a public employee, and the Movant prevailed. It is the PR-DOL who, after the filing of the above captioned case, then proceeded to file the Litigation, challenging the CASP's determination, before the Puerto Rico's Court of Appeals. The Puerto Rico's Court of Appeals is the local judicial forum first called to litigate an administrative determination.[2]

---

[2] The next and final available judicial forum is the Puerto Rico's Supreme Court.

-4-

In its determination, the CASP issued equitable and legal reliefs. These are, the reinstatement of Movant's enjoyment of her constitutional rights to her position as a career government employee in the position of Supervisor at the PR-DOL's Fair Labor Standards Bureau, and the legal relief of back-pay and other marginal benefits.[3]

In sum, as stated above, the CASP has already ruled as a matter of law that Movant has a proprietary interest in her regular career position as Supervisor of the PR-DOL's Fair Labor Standards Bureau, an interest she acquired when she successfully completed her probationary period well before the PR-DOL denial of reinstatement. It is the Commonwealth of Puerto Rico's who is now challenging the CASP's determination, before the judicial forum with jurisdiction to review administrative determinations. The PR-DOL's only argument to request to the Puerto Rico's Court of Appeals for the automatic stay of the Litigation is that, amongst the various reliefs granted by the CASP, was back-pay.

Taking into consideration the factors listed above provided in Sonnax, in the balance of harm, the harm that would result to Movant from the continuation of the stay ordered by the Puerto Rico's Court of Appeals with regards to the Litigation, including her ability to continue to litigate and eventually, if she prevails, return to her position as Supervisor of the PR-DOL's Fair Labor Standards Bureau, outweighs any harm that

---

[3] It should be noted that, with regards to Movant's legal relief of back-pay, one of Movant's arguments to the Puerto Rico's Court of Appeals in her opposition to stay of the Litigation was that, despite the CASP's determination ordering the payment of back-pay, given Movant's interim earnings while she was temporarily employed elsewhere, she received an income that is greater than her regular wage as Supervisor at the PR-DOL. Thus, even in the event that Movant prevails during all of the appeal's process related to the Litigation, it is questionable whether the Commonwealth of Puerto Rico would ultimately be required to make any disbursement of public funds. See Hernández v. Municipio de Aguadilla, 154 D.P.R. 199, 209 (2001) ("According to this interpretation, we conclude that in cases where an unlawfully dismissed public employee has received income, for work obtained and performed during the period that was discontinued, the employer may deduct such income from the amount to be granted by concept of wages left to be perceived, regardless of the source from which they come").

might be suffered by the Commonwealth of Puerto Rico if the stay is lifted or modified. In the event that all of the appellate stages end in a determination that the CASP's determination is affirmed, Movant can continue with her reinstatement as a career government employee. With regards to any economic relief that may be due to Movant, nothing prevents that this Honorable Court, after lifting or modifying the stay, determine that the stay shall continue as to the effects of the execution of the CASP's determination with regards to the payment of back-pay, if any is actually determined to be owed by the PR-DOL.

In sum, allowing that the proceedings related to the Litigation proceed would not interfere with PROMESA's Title III case, hence the stay should be lifted.

WHEREFORE, Movant respectfully requests that the Court enter an order granting Movant's relief from the automatic stay, and its consequence, allowing that proceedings continue in the judicial review matter in <u>Keila Robles-Figueroa v. Departamento del Trabajo y Recursos Humanos</u>, No. KLRA201700438, currently before the Puerto Rico's Court of Appeals.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY: That on this same date, we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF Filing System which will send a notification of such to the parties of record and to all interested subscribed users.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 14th day of July, 2017.

s/Keila Robles-Figueroa
Keila Robles Figueroa, *Pro Se*

Urbanización Monte Brisas
8 Calle B
Gurabo, PR 00778-4023
Tel. (787) 533-3728
keilarobles@gmail.com