UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-----------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

-----------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO

    Debtor.

-----------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

**Re: ECF No. 553, 564**

(Jointly Administered)

PROMESA
Title III

No. 17 BK 3283-LTS

**This Objection relates only to the Commonwealth and shall only be filed in the lead Case No. 17 BK 3283-LTS.**

## OBJECTION OF THE COMMONWEALTH TO MOTION FOR RELIEF FROM STAY FILED BY ANTONIO COSME-CALDERON [ECF NO. 553]

To the Honorable United States District Court Judge Laura Taylor Swain:

    The Commonwealth of Puerto Rico (the "Commonwealth") respectfully submits this objection (the "Objection") to the *Urgent Motion for Relief from Stay* [ECF No. 553]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808).

(the "Motion") filed by Antonio Cosme-Calderon (the "Movant").[2] In support of the Objection, the Commonwealth respectfully requests that the Motion should be denied without prejudice for the reasons set forth below.

## PRELIMINARY STATEMENT

1. Two months ago, the Oversight Board, as the Debtors' representative pursuant to PROMESA section 315(b), filed a voluntary petition for relief for the Commonwealth under PROMESA section 304(a), commencing a case under title III thereof (the "Title III Case").[3] Since that time, the Commonwealth has been focused on transitioning into title III.

2. As part of that transition, the Commonwealth is evaluating how best to apply the automatic stay enumerated in Bankruptcy Code sections 362 and 922, made applicable by PROMESA section 301(a), to civil actions filed against the Commonwealth. The automatic stay is considered "one of the cornerstone protections under bankruptcy law, giving debtors a 'breathing room' from the pressures of their creditors," and PROMESA applies it with full force to title III cases. See Montalvo v. Autoridad de Acueducto y Alcantarillados (In re Montalvo), 537 B.R. 128, 140 (Bankr. D.P.R. 2015) (citing Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 975 (1st Cir. 1997)).

3. The "breathing room" afforded to the Commonwealth is of utmost importance given the massive amount of litigation it must deal with (both in terms of the volume of cases and the dollar value of liability asserted). As of December 2016, there were approximately 5,200 pending and threatened litigation cases against the Commonwealth with an estimated aggregate

---

[2] The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Department of Justice to file this Objection on behalf of the Commonwealth.

[3] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

liability of approximately $2.2 billion. See Commonwealth of Puerto Rico Financial Information and Operating Data Report (December 18, 2016) at 283, available at http://www.gdb-pur.com/documents/CommonwealthofPuertoRicoFinancialInfoFY201612-18-16.pdf. To this point, 18 motions to lift the automatic stay have been filed in the jointly-administered Title III Case so far. Rather than evaluating the Motion in isolation, this Court should consider the totality of the circumstances with respect to the litigation docket the Commonwealth faces and the implication of lifting the stay at this juncture of the case.

4. The Commonwealth and its advisors are currently working on revising the protocol for motions for relief from stay contained in the *First Amended Notice, Case Management and Administrative Procedures* [ECF No. 262-1]. The revised protocol would provide the Commonwealth with the necessary "breathing room" to evaluate the prepetition litigation claims asserted against it in the overall context of the Title III Case and would also allow for the Commonwealth to stipulate (as it has already done) with a movant to modify the stay where the litigation burden on the Commonwealth is minimal or the harm caused to the movant is grievous (e.g., agreeing to lift the stay for a movant to pursue claims related to the forfeiture of personal property [ECF Nos. 272, 562]). The Commonwealth anticipates seeking approval of the revised protocol so as to be considered at the next omnibus hearing scheduled for August 9, 2017.

## OBJECTION

5. Bankruptcy Code section 362(d)(1) provides that a court may grant relief from the automatic stay "for cause." See 11 U.S.C. § 362(d)(1). To determine whether "cause" exists to grant relief from the stay, courts examine numerous different factors, including those set forth in Sonnax Indus., Inc. v. TriComponent Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280 (2d

3

Cir. 1990).[4] See Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) ("To help guide their analysis of whether to enforce or vacate the stay, some courts, including those in this district, have relied upon a laundry list of assorted factors." (citing Sonnax, at 1286; C & A, S.E. v. P.R. Solid Waste Mgmt. Auth., 369 B.R. 87, 94-5 (D.P.R. 2007)). As an initial matter, if a movant "fails to make an initial showing of cause" under Bankruptcy Code section 362(d)(1), "the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection." In re Sonnax Indus., Inc., 907 F.2d at 1285. Where a motion seeking relief from the automatic stay is filed by an unsecured creditor, "the policies of the automatic stay weigh against granting the relief requested." In re Residential Capital, LLC, Case No. 12-12020 (MG), 2012 WL 3860586, at *5 (Bankr. S.D.N.Y. Aug. 8, 2012). "[T]he general rule is that claims that are not viewed as secured in the context of § 362(d)(1) should not be granted relief from the stay unless extraordinary circumstances are established to justify such relief." Id. (citations omitted).

6. Movant's underlying action before the United States District Court for the District of Puerto Rico (the "District Court"), captioned Antonio Cosme-Calderon v. Cuerpo de

---

[4] The twelve factors adopted by the Second Circuit in Sonnax are:

(1) whether relief would result in a partial or complete resolution of the issues;
(2) lack of any connection with or interference with the bankruptcy case;
(3) whether the other proceeding involves the debtor as a fiduciary;
(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
(5) whether the debtor's insurer has assumed full responsibility for defending it;
(6) whether the action primarily involves third parties;
(7) whether litigation in another forum would prejudice the interests of other creditors;
(8) whether the judgment claim arising from the other action is subject to equitable subordination;
(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
(10) the interests of judicial economy and the expeditious and economical resolution of litigation;
(11) whether the parties are ready for trial in the other proceedings; and
(12) impact of the stay on the parties and the balance of harms.

See In re Sonnax Indus., Inc., 907 F.2d at 1286.

Emergencias Medicas, et al., Case No. 3:16-cv-02516 (the "District Court Action") seeks, among other things, back pay, loss benefits, and compensatory and general damages in the amount of $1,000,000 in connection with Movant's claims against the defendants for alleged unlawful discrimination and retaliation under Federal and Commonwealth law. The District Court Action was commenced on August 22, 2016, and the proceedings are still at the preliminary stage. Prior to commencement of the Title III Case, the Commonwealth filed a motion to dismiss the District Court Action, which was denied by the District Court on June 28, 2017. See District Court Action ECF No. 12. Shortly thereafter, the District Court entered a judgment staying the District Court Action under Bankruptcy Code sections 362(a) and 922(a). See id. ECF No. 15, 16.

7. Considering the procedural stage of the District Court Action, the majority of the Sonnax factors are in favor of maintaining the automatic stay and denying the Motion.[5]

8. **Sonnax Factors 1, 10, and 11**: As discussed above, the District Court Action is still at a preliminary stage. Contrary to Movant's assertion, there are no dispositive motions pending before the District Court. Significant discovery, the preparation and filing of dispositive motions, and the ensuing trial, all of which will require the Commonwealth to expend considerable time and expense, are necessary for the District Court Action to move forward. As such, the parties are not ready for trial in the District Court Action and granting the Motion will neither promote judicial economy nor result in the timely resolution of the issues. Thus, Sonnax

---

[5] The cases cited by Movant in support of the Motion are factually distinguishable from the circumstances at issue here. See In re Aquarius Disk Serv., Inc., 254 B.R. 253, 260 (Bankr. N.D. Cal. 2000) (granting motion for relief from stay for attachment creditor to proceed to judgment on its claim and noting that "[movant is] unlike other unsecured creditors because they hold an unavoidable attachment lien" and "public policy . . . favors allowing an attachment creditor to proceed to judgment on its claim"); Tribune Media Serv., Inc. v. Beatty (In re Tribune Co.), 418 B.R. 116, 127 (Bankr. D. Del. 2009) (granting motion for relief from stay to allow determination of debtor's intellectual property rights because, among other things, the debtor had already brought an adversary proceeding in the chapter 11 case to obtain a determination on the same issues raised in the prepetition action and had indicated that resolving the underlying dispute would be provide a benefit to the debtor's estate).

Case:17-03283-LTS Doc#:648 Filed:07/14/17 Entered:07/14/17 17:41:54 Desc: Main
Document Page 6 of 10

factors 1, 10, and 11 weigh in favor of denying the Motion. See In re Sonnax Indus., Inc., 907 F.2d at 1287 (denying motion to lift the stay where, among other things, "the litigation in state court has not progressed even to the discovery stage [and] the bankruptcy proceeding provides a single, expeditious forum for resolution of the disputed issues."); In re Residential Capital, LLC, 2012 WL 3860586 at *6 (denying motion to lift the stay where, among other things, "there has been no motion practice addressing the sufficiency of the pleadings or of the evidence supporting the claims or defenses [and] [d]iscovery, trial preparation and, absent a settlement, trial all remain to be done").

9. **Sonnax Factors 2 and 7**: Title III of PROMESA applies with respect to all debts, claims, and liens asserted against the Commonwealth (as such terms are defined in Bankruptcy Code section 101). See 48 U.S.C. § 2101. The definition of "claim" in the Bankruptcy Code "contemplates that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case . . . [and] permits the broadest possible relief in the bankruptcy court." H.R. Rep. No. 95–595, at 309 (1977). Recognizing this principle, the Supreme Court has held that a "claim" has "the broadest available definition." FCC v. NextWave Pers. Commc'ns Inc., 537 U.S. 293, 302 (2003).

10. As a potential prepetition, unsecured creditor of the Commonwealth, Movant's claims are subject to the claim resolution process that will be undertaken in the Title III Case. Requiring the Commonwealth to defend Movant's claims before determination of what that process will look like would undermine that process and upend the "strong bankruptcy code policy that favors centralized and efficient administration of all claims in the bankruptcy court . . . ." See Publicker Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.), 980 F.2d 110, 117 (2d Cir. 1992) (citations omitted); see also In re BFW Liquidation, LLC, No. 09-00634-BGC-11,

2009 WL 8003536, at *3 (Bankr. N.D. Ala. Sept. 14, 2009) ("[T]he effect of lifting the stay for all such claimants and requiring debtors to defend lawsuits in diverse forums merely to establish what share, if any, the claimants filing those suits will have in whatever is left of bankruptcy estates would hinder the goals of the automatic stay and the summary process for adjudicating and liquidating claims.").

11. Lifting the automatic stay to proceed with the District Court Action will divert the Commonwealth's attention and resources to defending Movant's claims in multiple forums and will encourage other creditors to seek similar relief. Thus, Sonnax factors 2 and 7 weigh in favor of denying the Motion. See In re SunEdison, Inc., 557 B.R. 303, 308 (Bankr. S.D.N.Y. 2016) (citation omitted) (holding "cause" did not exist to lift automatic stay where "debtors [were] defendants in several lawsuits asserting 'massive' claims that could have a 'very major effect on stakeholder recoveries'" and allowing relief from stay in that instance would open up the "floodgates" for creditors seeking similar relief); In re Gatke Corp., 117 B.R. 406, 410 (Bankr. N.D. Ind. 1989) (denying motion to lift stay to allow state court suit to proceed against debtor, even though stay of litigation would cause hardship to defendant, because granting relief from stay would, among other things, encourage the filing of "similar requests for relief by plaintiffs of pending lawsuits"); In re Northwest Airlines Corp., No. 05-17930 (ALG), 2006 WL 694727, at *2 (Bankr. S.D.N.Y. Mar. 13, 2006) ("To allow the automatic stay to be lifted with respect to this action at this time would prompt similar motions and require the Debtors to spend an inordinate amount of time and money on litigation and detract from the Debtors' attempts to restructure . . . interfere[ing] with judicial economy and the Debtors' process of reorganization." (citations omitted)).

7

12. **Sonnax Factor 3**: The District Court Action does not involve the Commonwealth as a fiduciary and the Movant has neither made such an assertion nor provided any evidence to support such an assertion. Thus, Sonnax factor 3 weighs in favor of denying the Motion.

13. **Sonnax Factor 4**: No specialized tribunal has been established to hear the District Court Action. Thus, Sonnax factor 4 weighs in favor of denying the Motion.

14. **Sonnax Factor 5**: The Commonwealth does not appear to have insurance coverage for the claims raised in the District Court Action and the Movant has neither made such an assertion nor provided any evidence to support such an assertion. Thus, Sonnax factor 5 weighs in favor of denying the Motion.

15. **Sonnax Factor 6**: The Commonwealth and the Cuerpo de Emergencias Medicas and the Puerto Rico Department of Health, which are entities and agencies of the Commonwealth, are all protected under Bankruptcy Code section 362(a), which is not disputed by Movant.[6] The remaining defendant, Martha R. D'Plana Collazo, is an inhabitant of the Commonwealth, which is also not disputed by Movant,[7] and as such, is protected under the Bankruptcy Code section 922(a)(1).[8] Thus, the District Court Action cannot be characterized as primarily involving third parties and Sonnax factor 6 weighs in favor of denying the Motion. See City Ins. Co. v. Mego Int'l, Inc. (In re Mego Int'l, Inc.), 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983) (denying motion to lift the stay where debtor was more than a mere conduit for the flow of

---

[6] See District Court Action Complaint at 10-11 [ECF No. 1] ("Defendant Cuerpo de Emergencias Medicas ("PR CEM") is a Commonwealth of Puerto Rico entity ascribed to the Puerto Rico Department of Health. . . . Defendant Puerto Rico Department of Health a/k/a Departmento de Salud is [a] Commonwealth of Puerto Rico agency . . . .").

[7] See id. at 9 ("Defendant Martha D'Plana Collazo is . . . a resident of Puerto Rico . . . .").

[8] Bankruptcy Code section 922(a)(1), made applicable by PROMESA section 301(a), provides in relevant part that: "A petition filed . . . operates as a stay, in addition to the stay provided by section 362 of [the Bankruptcy Code], applicable to all entities, of – (1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against an officer or inhabitant of the debtor that seeks to enforce a claim against the debtor." 11 U.S.C. § 922(a)(1).

proceeds and the action impacted the "property and administration of [the debtor's estate].")

16. **Sonnax Factor 12:** The impact on the Debtors if the Motion were to be granted would outweigh any harm that Movant would suffer if the automatic stay remains in place. Balancing of the harms clearly favors denial of the Motion. The procedural state of the District Court Action, the large number of pending lawsuits against the Debtors, the diversion of the Commonwealth's resources to defend Movant's claims, and the prejudice to interests of other creditors all weigh in favor of continuing the automatic stay at this early juncture of the Title III Case. On the other hand, postponing liquidation of Movant's claims will neither adversely affect Movant nor promote judicial economy. There is nothing urgent about Movant's claims. Expedition of the claims will not save the Commonwealth any time or money. Instead, it will force the Commonwealth to spend time and money now to liquidate claims that may only be paid, if at all, under a confirmed plan of adjustment. Thus, Sonnax factor 12 weighs in favor of denying the Motion.

## CONCLUSION

17. For the foregoing reasons, the Court should grant the Objection and deny the Motion without prejudice to Movant to re-file the Motion, if needed, after the revised protocol for motions for relief from stay can be considered by the Court.

*Remainder of Page Intentionally Left Blank*

9

Dated: July 14, 2017
      San Juan, Puerto Rico

                Respectfully submitted,

**WANDA VÁZQUEZ GARCED**
Secretary of Justice

*/s/ Wandymar Burgos Vargas*
**WANDYMAR BURGOS VARGAS**
USDC 223502
Deputy Secretary in Litigation
Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Phone: 787-721-2940 Ext. 2500, 2501
wburgos@justicia.pr.gov

*Attorneys for the Commonwealth of Puerto Rico*