UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY ("HTA")

    Debtor.

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

**Re: ECF No. 180, 572**

(Jointly Administered)

PROMESA
Title III

No. 17 BK 3283-LTS

**This Motion relates only to HTA and shall be filed in the lead Case No. 17 BK 3283-LTS and Case No. 17 BK 3567-LTS.**

**URGENT MOTION TO FILE LATE OBJECTION TO MOTION
FOR RELIEF FROM AUTOMATIC STAY
FILED BY SOUTH PARCEL OF PUERTO RICO, S.E. [ECF NO. 180]**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") as the entity authorized to act on behalf of the Puerto Rico Highways and Transportation Authority ("HTA")

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808).

pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority,* Act 2-2017, respectfully submits this urgent motion to file a late objection to the *Motion for Relief From Automatic Stay* [ECF No. 180] (the "Stay Motion") filed by South Parcel of Puerto Rico, S.E. ("South Parcel").[2]

## BACKGROUND

1. On July 1, 2017, South Parcel filed the Stay Motion and on July 3, 2017, the Court issued an order [ECF No. 182] (the "Scheduling Order") setting the deadline to file opposition papers in response to the Stay Motion as July 14, 2017 (the "Objection Deadline").

2. Because of an inadvertent mistake in reading the docket entry accompanying the Scheduling Order, which identifies the opposition deadline as July 21, 2017, HTA believed objections to the Stay Motion were not due until July 21, 2017, and thus failed to file an objection by the Objection Deadline. As a result, on July 15, 2017, South Parcel filed a motion requesting entry of an order granting the Stay Motion because no objections to the Stay Motion were filed by the Objection Deadline [ECF No. 195].

## RELIEF REQUESTED

3. Under rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, made applicable by PROMESA section 310, the Court may extend an expired time period set by an order of the court "on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). Excusable neglect is not defined by the Bankruptcy Code. To determine what constitutes

---

[2] The Financial Oversight and Management Board for Puerto Rico, as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized AAFAF to file this motion on behalf of HTA. PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

"excusable neglect," Courts rely on the following four-factor balancing test set forth by the Supreme Court in <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>: (i) the danger of prejudice to the non-moving party; (ii) the length of delay and its potential impact on judicial proceedings; (iii) the reason for the delay; and (iv) whether the movant acted in good faith. 507 U.S. 380, 400 (1993). "The Supreme Court has acknowledged that excusable neglect is a fairly flexible concept that encompasses inadvertence, mistake, carelessness, as well as intervening circumstances beyond the party's control." <u>Melendez-Benitez v. U.S.</u>, 498 F. Supp. 2d 460, 463 (D.P.R. 2007) (citing <u>Pioneer</u>, 507 U.S. at 388).

4. Through an inadvertent mistake in referring to the text of the docket entry accompanying the Scheduling Order, HTA believed that the deadline to file opposition to the Stay Motion was July 21, 2017, and HTA failed to file its objection by the actual Objection Deadline of July 14, 2017. Upon realizing this mistake, counsel for AAFAF contacted South Parcel's counsel to inquire about a consensual extension of the deadline to file opposition papers to the Stay Motion, however, South Parcel was unwilling to make such an accommodation. HTA acted in good faith by reaching out to counsel to South Parcel as soon as it realized its mistake.

5. The danger of prejudice to South Parcel, the length of the delay in filing the objection, and the potential impact on the judicial proceedings are all minimal. Contemporaneously with the filing of the motion, HTA has filed its objection to the Stay Motion, less than three calendar days after the Objection Deadline. To minimize any prejudice to South Parcel, HTA is willing to consent to an extension of South Parcel's deadline to reply to HTA's objection by three additional business days so that South Parcel has the original amount of time set forth in the Scheduling Order to respond. Moreover, by the Stay Motion, South Parcel is seeking to collect on a prepetition claim against HTA, which is currently stayed under the

automatic stay. There are no proceedings or actions pending in another court that will be affected by the three-day delay in this Court ruling on the Stay Motion. For the foregoing reasons, HTA respectfully requests that the Court permit HTA to file a late objection to the Stay Motion and extend South Parcel's deadline to file a reply to HTA's objection by three business days.

*Remainder of Page Intentionally Left Blank*

Dated: July 17, 2017
San Juan, Puerto Rico

Respectfully submitted,

/s/ *Suzzanne Uhland*

John Rapisardi
Suzzanne Uhland
Diana M. Perez
(Admitted *Pro Hac Vice*)
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

-and-

Peter Freidman
(Admitted *Pro Hac Vice*)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

/s/ *Andrés W. Lopez*
Andrés W. López
USDC No. 215311

THE LAW OFFICES OF
ANDRÉS W. LÓPEZ, P.S.C.
902 Fernández Juncos Ave.
San Juan, PR 00907
Tel: (787) 294-9508
Fax: (787) 294-9519

*Co-attorney for the Puerto Rico Fiscal Agency and Financial Advisory Authority*