GOBIERNO DE PUERTO RICO
COMISIÓN APELATIVA DEL SERVICIO PÚBLICO
SAN JUAN, PUERTO RICO
www.casp.pr.gov

| | |
|---|---|
| MARIA DEL CARMEN ROLON DEL CASTILLO, MAGDALENE BARANDA PEREZ<br>Apelante<br><br>Vs.<br><br>AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN<br>Apelada | CASO NÚM. 2015-04-3596<br><br>SOBRE:<br><br>IMPUGNACIÓN DENEGATORIA DE RECLASIFICACIÓN |

## AVISO DE PARALIZACIÓN DE LOS PROCEDIMIENTOS

A LA HONORABLE COMISIÓN APELATIVA:

COMPARECE la parte apelada, **Autoridad de Carreteras y Transportación de Puerto Rico (en adelante "ACT")**, de forma especial y sin que se entienda por este acto renunciada ninguna defensa, incluyendo el no someterse a la jurisdicción de la Comisión Apelativa de Servicio Público, de proceder la misma, por conducto de la representación legal que suscribe, y muy respetuosamente expone y solicita:

1. La Apelación de epígrafe fue presentada el 29 de abril de 2015, reclamándose contra la ACT por hechos alegadamente acontecidos previo al 21 de mayo de 2017.

2. El 30 de junio de 2016 se aprobó la ley federal conocida como "Puerto Rico Oversight, Management, and Economic Stability Act" ("PROMESA", por sus siglas en ingles), 48 U.S.C. § 2101 et seq.

3. De conformidad con las disposiciones de PROMESA, el 21 de mayo de 2017, la Junta de Control Fiscal radicó una petición de quiebra a nombre de la ACT. Véase, In re: Puerto Rico Highways and Transportation Authority, case no. 17-cv-01686(LTS). A la fecha en que se presenta este escrito, dicha petición está pendiente ante la Corte de Distrito de los Estados Unidos.

4. La petición de quiebra fue presentada bajo el título III de PROMESA el cual dispone en su Sección 301(a) la aplicación, entre otras, de las Secciones 362 y 922 del título 11 del Código Federal de los Estados Unidos, conocido como Código de Quiebra de los Estados Unidos.

5. El propósito fundamental de todo procedimiento de quiebra es que el

María Del Carmen Rolón Del Castillo, et al. v. Autoridad de Carreteras y Transportación
Caso Núm.: 2015-04-3596
*Aviso de Paralización de los Procedimientos*
Página 2

deudor tenga oportunidad de reorganizar su actividad económica, mientras se protegen los intereses de los acreedores. Esto se logra al distribuir los activos del quebrado entre sus legítimos acreedores, de conformidad con las disposiciones de la Ley de Quiebra. Allende v. García, 150 D.P.R. 892, 898-899 (2000).

6. En virtud de las secciones 362 y 922 del Código de Quiebras, la presentación por la ACT de una petición de quiebra tiene el efecto inmediato y directo de paralizar toda acción civil que cualquier persona natural o jurídica haya iniciado, intente continuar o de la cual solicite la ejecución de una sentencia contra el Gobierno, mientras los procedimientos de quiebra se encuentran pendientes ante el Tribunal y/o cualquier Agencia Administrativa. 11 U.S.C. §§ 362(a), 922(a); 48 U.S.C. § 2161(a).

7. Dispuso el Tribunal Supremo de Puerto Rico en Marrero Rosado v. Marrero Rosado, 178 D.P.R. 476, 490 (2010), que "[l]a paralización automática es una de las protecciones más básicas que el legislador estadounidense instituyó en el Código de Quiebras para los deudores que se acogen a éste". Con la paralización automática se impide, "entre otras cosas, el comienzo o la continuación de cualquier proceso judicial, administrativo o de otra índole que fue o pudo haber sido interpuesto en contra del deudor, o para ejercitar cualquier acción cuyo derecho nació antes de que se iniciara la quiebra". Íd., pág. 491. Véase, además, 11 U.S.C.A. § 362; Soares v. Brockton Credit Union, 107 F.3d 969, 975 (1er Cir. 1997).

8. Puede también impedir la ejecución de una sentencia previa o detener la creación, perfección o ejecución de un gravamen anterior a la interposición de la quiebra. Íd. Sus efectos se manifiestan desde que se presenta la petición de quiebra hasta que recae la sentencia final, y no se requiere una notificación formal para que surta efecto. Jamo v. Katahdin Fed. Credit Union, 283 F.3d 392, 398 (1er Cir. 2002). Provoca también que los tribunales estatales queden privados de jurisdicción automáticamente, e incluso, es tan abarcadora que paraliza litigios que tienen poco o nada que ver con la situación financiera del deudor. 3 Collier on Bankruptcy § 362.03[3] (2009).

9. Para que esta paralización surta efecto no se requiere notificación alguna previa a tal persona, ya que la presentación de la solicitud de quiebra basta para producir la paralización aludida. Morales v. Clínica Femenina de P.R., 135 D.P.R. 810,

María Del Carmen Rolón Del Castillo, et al. v. Autoridad de Carreteras y Transportación
Caso Núm.: 2015-04-3596
*Aviso de Paralización de los Procedimientos*
Página 3

820 (1994) (Sentencia). La actuación judicial que así lo disponga es meramente declarativa del estado fijado por la ley federal.

10. No obstante, por deferencia a este foro y en consideración a los señalamientos y procedimientos previamente calendarizados en el caso de autos presentamos el presente escrito en aras de que esta Comisión Apelativa tome conocimiento oficial de lo antes expuesto y proceda con la paralización de todos los procedimientos ante su consideración, de conformidad con las Secciones 362(a) y 922(a) del Código de Quiebra, según incorporadas por referencia bajo la Sección 301(a) de Promesa. 48 USC § 2161(a).

11. Esta notificación de paralización no se debe entender como que la ACT renuncia a cualquier planteamiento adicional sobre el efecto de la aprobación de PROMESA al caso de autos, ni a ningún derecho o defensa que surja del Título III de PROMESA. Tampoco se debe entender como una renuncia a ninguna alegación o defensa que pueda levantar la ACT en el caso de epígrafe una vez culmine la paralización o se emita cualquier orden en los procedimientos bajo el Título III que incidan en el caso de autos.

**POR TODO LO CUAL**, se solicita muy respetuosamente a esta Honorable Comisión Apelativa que tome conocimiento de lo aquí informado a los efectos de que todos los procedimientos pendientes en el caso de epígrafe están paralizados.

**CERTIFICO:** Haber notificado mediante correo electrónico copia fiel y exacta del presente escrito a: **Lcdo. Jesús R. Morales Cordero,** email: moracor@gmail.com, bufetemoralescordero@gmail.com.

RESPETUOSAMENTE SOMETIDA, en San Juan, P.R., a 14 de junio de 2017.

VAZQUEZ GRAZIANI & RODRIGUEZ
OFICINA LEGAL, C.S.P.
33 Calle Resolución Suite 805
San Juan, PR 00920-2707
Tel.: (787) 783-4445
Fax: (787) 783-6250

MARÍA ELENA VÁZQUEZ GRAZIANI
RUA Núm.: 8733
Email: vazgra@vgrlaw.com

VIVIAN RAMOS SANTIAGO
RUA Núm.: 17343
Email: vramos@vgrlaw.com

ALEXIS MIGUEL ACEVEDO COLÓN
RUA 17,801
Email: aacevedo@vgrlaw.com