Case:17-03283-LTS Doc#:663-5 Filed:07/19/17 Entered:07/19/17 12:19:20 Desc: Exhibit Exhibit II-D-Sample Notice of Stay PR Court of Appeals Page 1

Exhibit II-D

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL GENERAL DE JUSTICIA**
**TRIBUNAL DE APELACIONES**
**REGION JUDICIAL DE SAN JUAN**

*PRESENTADO SECRETARIA TRIBUNAL DE APELACIONES 2017 MAY 30 PM 2: 39*

| | |
|---|---|
| Aramis Martínez Matos<br><br>Parte Recurrida-Apelante<br><br>v.<br><br>Autoridad de Carreteras y Transportación de Puerto Rico<br><br>Parte Recurrenre-Apelado | Caso Núm. KLRA2017-00304<br><br>Sobre: Revisión Judicial de decisión administrativa de la Junta de Apelaciones de Autoridad de Carreteras y Transportación de Puerto Rico<br><br>Caso Administrativo Núm. 2012-ACT-008 |

## AVISO DE PARALIZACIÓN DE LOS PROCEDIMIENTOS

**AL HONORABLE TRIBUNAL:**

Comparece la Autoridad de Carreteras y Transportación de Puerto Rico (en adelante, la "ACT"), de forma especial y sin que se entienda por este acto renunciada ninguna defensa, incluyendo el no someterse a la jurisdicción del Tribunal, de proceder la misma, por conducto de la representación legal que suscribe, y muy respetuosamente expone y solicita:

1. La Revisión Judicial de epígrafe fue presentada el 7 de abril de 2017 por hechos supuestamente acontecidos previo al 21 de mayo de 2017 y cuya decisión en el caso administrativo fue adversa a la ACT.

2. El 30 de junio de 2016 se aprobó la ley federal conocida como "Puerto Rico Oversight, Management, and Economic Stability Act" ("PROMESA", por sus siglas en inglés), 48 U.S.C. §2101 *et seq*.

3. De conformidad con las disposiciones de PROMESA, el 21 de mayo de 2017 la Junta de Control Fiscal radicó una petición de quiebra a nombre de la ACT. Ver, In re: Puerto Rico Highways and Transportation Authority, Caso Núm. 17-cv-01686(LTS). A la fecha en que se presenta este escrito, dicha petición está pendiente ante el Tribunal Federal de los Estados Unidos para el Distrito de Puerto Rico.

4. La petición de quiebra fue presentada bajo el título III de PROMESA el cual dispone en su Sección 301(a) la aplicación, entre otras, de las secciones 362 y 922 del Título 11 del Código de los Estados Unidos, conocido como Código de Quiebra de los Estados Unidos.

5. El propósito fundamental de todo procedimiento de quiebra es que el deudor tenga oportunidad de reorganizar su actividad económica, mientras se protegen los intereses de los acreedores. Esto se logra al distribuir los activos del quebrado entre sus legítimos acreedores, de conformidad con las disposiciones de la Ley de Quiebra. Allende vs. García, 150 D.P.R. 892, 898-899 (2000).

6. En virtud de las secciones 362 y 922 del Código de Quiebras, la presentación por la ACT de una petición de quiebra tiene el efecto inmediato y directo de paralizar toda acción civil que cualquier persona natural o jurídica haya iniciado, intente continuar o de la cual solicite la ejecución de una sentencia contra el Gobierno, mientras los procedimientos de quiebra se encuentran pendientes ante el Tribunal. 11 U.S.C. §§ 362(a), 922(a); 48 U.S.C. § 2161(a).

7. Dispuso el Tribunal Supremo de Puerto Rico en Marrero Rosado v. Marrero Rosado, 178 D.P.R. 476, 490 (2010), que "[l]a paralización automática es una de las protecciones más básicas que el legislador estadounidense instituyó en el Código de Quiebras para los deudores que se acogen a éste." Con la paralización automática se impide, "[…] entre otras cosas, el comienzo o la continuación de cualquier proceso judicial, administrativo o de otra índole que fue o pudo haber sido interpuesto en contra del deudor, o para ejercitar cualquier acción cuyo derecho nació antes de que se iniciara la quiebra." *Id.*, p. 491. Ver, además, 11 U.S.C.A. §362; Soares v. Brockton Credit Union, 107 F.3d 969, 975 (1er Cir. 1997).

8. Puede también impedir la ejecución de una sentencia previa o detener la creación, perfección o ejecución de un gravamen anterior a la interposición de la quiebra. *Íd.* Sus efectos se manifiestan desde que se presenta la petición de quiebra hasta que recae la sentencia final, y no se requiere una notificación formal para que surta efecto. Jamo v. Katahdin Fed. Credit Union, 283 F.3d 392, 398 (1er Cir. 2002). Provoca también que los tribunales estatales queden privados de jurisdicción automáticamente, e incluso, es tan abarcadora que paraliza litigios que tienen poco o nada que ver con la situación financiera del deudor. 3 Collier on Bankruptcy §362.03[3] (2009).

9. Para que esta paralización surta efecto no se requiere notificación alguna previa a tal persona, ya que la presentación de la solicitud de quiebra basta para producir la paralización aludida. Morales vs. Clínica Femenina de P.R., 135 D.P.R. 810, 820 n. 5 (1994). La actuación judicial que así lo disponga es meramente declarativa del estado fijado por la ley federal.

10. No obstante, por deferencia a este foro y en consideración a los señalamientos y procedimientos previamente calendarizados en el caso de autos presentamos el presente escrito en aras de que este Tribunal tome conocimiento judicial de lo antes expuesto y proceda con la paralización de todos los procedimientos ante su consideración, de conformidad con las secciones 362(a) y 922(a) del Código de Quiebra, según incorporadas por referencia bajo la Sección 301(a) de Promesa. 48 USC § 2161(a).

11. Esta notificación de paralización no se debe entender como que la ACT renuncia a cualquier planteamiento adicional sobre el efecto de la aprobación de PROMESA al caso de autos, ni a ningún derecho o defensa que surja del Título III de PROMESA. Tampoco se debe entender como una renuncia a ninguna alegación o defensa que pueda levantar la ACT en el caso de epígrafe una vez culmine la paralización o se emita cualquier orden en los procedimientos bajo el Título III que incidan en el caso de autos.

**POR TODO LO CUAL**, se solicita muy respetuosamente a este Honorable Tribunal que tome conocimiento de lo aquí informado a los efectos de que todos los procedimientos pendientes en el caso de epígrafe están paralizados.

**RESPETUOSAMENTE SOMETIDO.**

**CERTIFICO** haber notificado mediante correo electrónico copia fiel y exacta del presente escrito al **Lic. Jesús R. Morales Cordero** a su dirección moracor@gmail.com.

En San Juan, Puerto Rico a 30 de mayo de 2017.

Development & Construction Law Group, LLC
Abogados de la Autoridad de Carreteras y
Transportación de Puerto Rico
PMB 443, Suite 112
100 Grand Paseos Blvd.
San Juan, PR 00926-5902
T. 787.403.2757
F. 888.500.1827
e-mail: rcastellanos@devconlaw.com
ssaez@devconlaw.com

Raúl Castellanos Malavé
RUA 11721

Sarah Sáez López
RUA 21007