UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

     Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

MEMORANDUM ORDER DENYING MOTION OF
JOSUÉ AQUINO-COLÓN FOR RELIEF FROM THE AUTOMATIC STAY

Before the Court is the *Motion for Relief from Stay* (docket entry no. 503 (the

"Motion")) filed by Josué Aquino-Colón (the "Movant"), as the representative of a putative class

in a case in the Puerto Rico Court of First Instance in San Juan (the "Litigation"), for relief from

the automatic stay imposed by the filing of the above-captioned Title III case.  For the following

reasons, the Motion is denied without prejudice to renewal.

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case
number and the last four (4) digits of each Debtor's federal tax identification number, as
applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS)
(Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation
("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID:
8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No.
17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement
System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No.
17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).  (Title III case numbers are listed
as Bankruptcy Case numbers due to software limitations).

BACKGROUND

Movant commenced the Litigation on September 23, 2015, seeking either the

return of certain vehicles seized by Debtor the Commonwealth of Puerto Rico (the

"Commonwealth") or damages in the amount of the fair market value of the vehicles.  (Motion

¶ 3.)  In the Litigation, Movant asserts that the Commonwealth seized the vehicles in violation of

their owners' right to due process.  (Id. ¶¶ 2-3.)  Movant does not, however, provide any further

information about the Litigation from which the Court could determine the extent of proceedings

or the procedural posture of the case or assess Movant's argument that he and the class members

lack adequate protection.  The Commonwealth, in responding to the Motion, proffers that there is

a pending motion to dismiss the Litigation, which motion also challenges the sufficiency of the

Movant's class action allegations.  (Docket entry no. 616, at ¶ 6.)  Movant did not timely file a

reply to the Commonwealth's objection.

DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these

proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from

the automatic stay "for cause."  To determine whether cause exists to lift the automatic stay,

courts in this district rely on the factors first enumerated by the United States Court of Appeals

for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990)

("Sonnax").  See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F.

Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax).  Of particular relevance to the instant case are

the following factors identified by the Sonnax Court: "whether relief would result in a partial or

complete resolution of the issues," "lack of any connection with or interference with the

bankruptcy case," "the interests of judicial economy and the expeditious and economical

resolution of litigation," "whether the parties are ready for trial in the other proceedings," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

The Court concludes that Movant has not demonstrated that cause exists to lift the automatic stay. Although the Litigation could resolve the dispute between Movant and the Commonwealth, the Litigation is in its very early stages—an initial dispositive motion is pending, and no class certification or discovery proceedings have been initiated—and the parties are far from ready for trial. Nor has Movant proffered any information indicating that any interests in property lack adequate protection; indeed, the Commonwealth asserts that Movant and the putative class members are unsecured creditors. Although allowing the Litigation to proceed would not necessarily interfere with the Title III case directly, the Commonwealth has made a strong showing that there would be a considerable impact on the Debtor were this case, and others like it, allowed to proceed. Highly complex litigation, like cases involving class action claims, is time-consuming and expensive to defend, and the Commonwealth is entitled to the protection of the automatic stay to provide it with the space necessary to establish an efficient system for the resolution of stayed complex litigation. The Court notes in this connection that the Commonwealth has proffered that it will seek Court approval of a revised protocol for the filing and determination of motions for relief from the automatic stay at the August omnibus hearing, which is less than a month away. Movants will be afforded an opportunity to seek their requested relief once those procedures are in place.

## CONCLUSION

Accordingly, Movants have not shown that cause exists to lift the automatic stay to allow the Litigation to proceed at this time, and the Motion is denied, without prejudice to

renewal at an appropriate time and on a more developed record.  This Order resolves docket

entry no. 503.

SO ORDERED.

Dated: July 19, 2017

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        United States District Judge