**Hearing Date and Time: August 9, 2017, 9:30 a.m. EDT**
**Objection Deadline: July 28, 2017, 4:00 p.m. EDT**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                 Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF**
**RETIRED EMPLOYEES OF THE COMMONWEALTH**
**OF PUERTO RICO FOR ORDER APPROVING**
**THE EMPLOYMENT OF JENNER & BLOCK LLP**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") hereby submits this application (this "**Application**") for entry of an order to employ the law firm of Jenner & Block LLP ("**Jenner & Block**") as attorneys for the Retiree Committee effective as of June 16, 2017, pursuant to sections 105(a) and 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), made applicable to these cases pursuant to section 301(a) of the *Puerto Rico Oversight, Management, and Economic Stability Act*

---

[1] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

("**PROMESA**"), 48 U.S.C. § 2161(a).[2] In support of this Application, the Retiree Committee submits the Declaration of Robert Gordon of Jenner & Block LLP (the "**Gordon Declaration**"), attached hereto as Exhibit A. In further support of this Application, the Retiree Committee states as follows:

### Jurisdiction and Venue

1. The United States District Court for the District of Puerto Rico (the "**Court**") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2. Venue is proper pursuant to PROMESA section 307(a).

3. The statutory bases for the relief requested herein are Bankruptcy Code sections 105(a) and 1103(a), each made applicable pursuant to PROMESA section 301(a).

### Background

4. On May 3, 2017, the Commonwealth of Puerto Rico (the "**Commonwealth**"), by and through the Financial Oversight and Management Board for Puerto Rico (the "**Oversight Board**"), as the Commonwealth's representative pursuant to section 315(b) of PROMESA, filed a petition with the Court under title III of PROMESA.

5. On May 5, 2017, the Puerto Rico Sales Tax Financing Corporation ("**COFINA**"), by and through the Oversight Board, as COFINA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

6. On May 21, 2017, the Puerto Rico Highways and Transportation Authority ("**HTA**"), by and through the Oversight Board, as HTA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241. Unless otherwise noted, all Bankruptcy Code sections cited in this Application are made applicable to these Title III Cases by section 301(a) of PROMESA.

7. On May 21, 2017, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**"), by and through the Oversight Board, as ERS's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

8. Through Orders of this Court, the Commonwealth, COFINA, HTA, and ERS title III cases (the "**Title III Cases**") are jointly administered for procedural purposes only, pursuant to PROMESA section 304(g) and Bankruptcy Rule 1015, made applicable to these Title III Cases by PROMESA section 310. (*See* Dkt. Nos. 242, 537.)

9. On May 5, 2017, the Ad Hoc Committee for the Protection of Accrued Retirement Benefits of Puerto Rico's Public Employees and Retirees (the "**Ad Hoc Retiree Committee**") filed a motion seeking the appointment of an official committee of retired employees. (Dkt. No. 8.) On May 19, 2017, Guy G. Gebhardt, Acting United States Trustee for Region 21 (the "**U.S. Trustee**") filed a response in opposition to the Ad Hoc Committee's motion. (Dkt. No. 192.)

10. On June 15, 2017, U.S. Trustee, pursuant to section 1102(a)(1) of the Bankruptcy Code, appointed nine individuals to the Retiree Committee: Blanca Paniagua, Carmen Nunez, José Marin, Juan Ortiz, Lydia Pellot, Marcos A. Lopez, Miguel Fabre, Milagros Acevedo, and Rosario Pacheco.

11. On June 16, 2017, the Retiree Committee elected to employ Jenner & Block to represent the Retiree Committee.

**Relief Requested**

12. Section 1103(a) provides that a committee appointed under section 1102 may, "with the court's approval . . . select and authorize the employment by such committee of one or

more attorneys, accountants, or other agents to represent or perform services for such committee." 11 U.S.C. § 1103(a). By this Application, the Retiree Committee seeks authority from this Court to employ the law firm of Jenner & Block as its counsel effective as of June 16, 2017, under section 1103(a) of the Bankruptcy Code, to represent the Retiree Committee in the Title III Cases.[3] The Retiree Committee requests that Jenner & Block be employed to perform the services described and on the terms set forth in this Application.

### Jenner & Block's Qualifications

13. The Retiree Committee selected Jenner & Block as its counsel because its attorneys have extensive experience, knowledge and resources in the areas of complex restructuring and bankruptcy, municipal finance, employee benefits and litigation, and Jenner & Block has the ability to commit substantial resources to the representation of the Retiree Committee.

14. Jenner & Block has more than 500 lawyers in offices in New York, Chicago, Los Angeles, Washington D.C. and, through an affiliated law firm, in London. Jenner & Block's bankruptcy attorneys have represented hundreds of clients in high-profile bankruptcy cases, adversary proceedings, and contested matters. It has extensive experience representing parties in chapter 9 proceedings and addressing issues affecting governmental pension plans.

15. As set forth in the Gordon Declaration, Jenner & Block attorney Robert Gordon served as lead counsel to the Detroit Retirement Systems and played a central role on behalf of retirees in the *City of Detroit* landmark chapter 9 bankruptcy case. In addition, Jenner & Block has significant experience representing retiree committees in complex chapter 11 cases,

---

[3] In a chapter 11 case, a committee appointed under section 1102 ordinarily would seek authority to employ counsel pursuant to section 328. Because PROMESA does not incorporate section 328 of the Bankruptcy Code, the Retiree Committee moves for approval of this Application pursuant to Bankruptcy Code sections 105(a) and 1103(a). *See* PROMESA § 301(a) (omitting Bankruptcy Code sections 327 and 328 from incorporation into PROMESA).

including its representation of the official retiree committees in the chapter 11 bankruptcies of The Budd Company, Inc., Walter Energy, Inc., AMR Corp., Northwest Airlines Corporation, and United Airlines, Inc. The Retiree Committee therefore believes that Jenner & Block is well qualified to represent it in these Title III Cases, and requests that the Court approve such employment.

## Services to Be Provided

16. The Retiree Committee requires Jenner & Block to act as its counsel for all matters relating to the performance of the Retiree Committee's duties, including, without limitation, the following services:

   a. providing advice and representation concerning any proposed modifications of pension, healthcare, and other accrued retirement benefits (collectively, "**benefits**") of Puerto Rico's public-employment retirees (the "**Retirees**");

   b. negotiating with the Oversight Board and any other parties to the Title III Cases concerning the Retirees' benefits and any matters that may affect those benefits;

   c. representing the Retiree Committee in any proceedings and hearings and any mediation sessions that involve or might involve matters pertaining to the benefits of the Retirees;

   d. preparing on behalf of the Retiree Committee any necessary adversary complaints, motions, applications, orders and other legal papers relating to such matters;

   e. advising the Retiree Committee of its powers and duties;

   f. prosecuting and defending litigation matters and such other matters concerning the Retirees' benefits; and

   h. performing such other legal services as may be necessary and appropriate for the effective resolution of the Retiree Committee's interests in the Title III Cases.

**Professional Compensation**

17. The professional services of Jenner & Block are necessary to ensure that the interests of the Retirees are properly represented and safeguarded and that all matters relevant to the Retiree Committee are handled in an appropriate manner. Jenner & Block intends to apply to the Court for allowance of compensation and reimbursement of expenses for professional services rendered to the Retiree Committee in connection with the Title III Cases pursuant to any procedures established and required by PROMESA, the Court, and the U.S. Trustee.

18. Jenner & Block will charge for its legal services on an hourly basis based on its ordinary and customary hourly rates in effect as of January 1 of the calendar year in which the services are rendered, plus reimbursement of actual, necessary out-of-pocket expenses and other charges incurred by Jenner & Block on behalf of the Retiree Committee. Jenner & Block adjusts its rates annually at the start of each calendar year. The rates set forth herein are Jenner & Block's 2017 rates, and are consistent with the rates charged to other clients, including outside of bankruptcy. The Gordon Declaration sets forth information concerning hourly rates currently in effect, which are: $770–$1250 for partners; $625–$750 for of counsel; $445–$795 for associates; $380–$480 for staff attorneys, $175 for discovery attorneys, and $305–$365 for paralegals. For this matter, Jenner & Block agrees to discount its fee rates, but not out-of-pocket expenses and internal charges, by 15% off of its rates in effect at the time the services are rendered.

19. The Retiree Committee submits that such rates are reasonable and should be approved by the Court subject to a determination of the amount to be paid to Jenner & Block upon application for allowance. The Retiree Committee requests that all fees and related costs and expenses incurred by Jenner & Block be paid as administrative expenses pursuant to sections 316 and 317 of PROMESA and section 503(b) of the Bankruptcy Code.

20. By separate application, the Retiree Committee has asked or will ask the Court to approve the employment of Bennazar, García & Milián, C.S.P., co-counsel to the Retiree Committee in these Title III Cases. Jenner & Block will work closely with co-counsel and any other professionals employed by the Retiree Committee to avoid any unnecessary duplication of effort.

### Jenner & Block's Disinterestedness

21. As described in the Gordon Declaration, Jenner & Block has conducted a search of its conflict database and has made other internal inquiries about connections with certain Parties in Interest (as defined in the Gordon Declaration and attached thereto as Exhibit 2). The Gordon Declaration sets forth the scope of the search and those inquiries and their results.

22. The Retiree Committee believes that none of Jenner & Block's connections to Parties in Interest identified in the Gordon Declaration disqualify Jenner & Block from serving as counsel to the Retiree Committee.

23. Based upon the Gordon Declaration, the Retiree Committee believes that Jenner & Block does not hold or represent an interest adverse to these Title III Cases and that Jenner & Block's attorneys do not hold or represent any interest adverse to these Title III Cases or the Debtors. The disclosures by Jenner & Block set forth in the Gordon Declaration have been made based upon a review of the best information available at the time.

24. Jenner & Block has agreed to review its files periodically during and at the conclusion of its employment in these Title III Cases to identify any additional connections and, to the extent that any are discovered, will file a supplemental declaration setting forth the additional disclosures required by Bankruptcy Rule 2014(a), made applicable to this case by section 310 of PROMESA.

25. Prior to the appointment of the Retiree Committee, Jenner & Block attorney Robert Gordon and the law firm of Bennazar, García & Milián, C.S.P. served as counsel to the Ad Hoc Retiree Committee. Mr. Gordon and Bennazar, García & Milián, C.S.P. have since terminated their representation of the Ad Hoc Retiree Committee. (Dkt. Nos. 413, 432.) Certain of the members of the Ad Hoc Retiree Committee are members of the Retiree Committee.

26. The Retiree Committee believes that the employment of Jenner & Block would be in the best interests of the Retiree Committee and desires to employ Jenner & Block, effective as of June 16, 2017, with compensation to be determined upon application to the Court.

**Notice**

27. Notice of this Application has been given in accordance with this Court's *Order (A) Imposing and Rendering Applicable Local Bankruptcy Rules to These Title III Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief,* as amended. (Dkt. Nos. 249, 262.)

WHEREFORE, the Retiree Committee respectfully requests the entry of an Order in the form attached hereto as <u>Exhibit B</u>: (i) authorizing and approving the employment by the Retiree Committee of Jenner & Block as its attorneys for the express purposes set forth herein, effective as of June 16, 2017, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by this Court pursuant to sections 316 and 317 of PROMESA, 503(b) of the Bankruptcy Code, and any order of this Court governing the compensation and reimbursement of professionals' fees and expenses; and (ii) granting such other and further relief as this Court deems just and proper.

July 19, 2017

JENNER & BLOCK LLP

By:

*/s/ Robert Gordon*

Robert Gordon (admitted *pro hac vice*)
Richard Levin (admitted *pro hac vice*)
919 Third Ave
New York, NY 10022-3908
rgordon@jenner.com
rlevin@jenner.com
212-891-1600 (telephone)
212-891-1699 (facsimile)

Catherine Steege (admitted *pro hac vice*)
Melissa Root (admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
312-222-9350 (telephone)
312-239-5199 (facsimile)

Respectfully submitted,

BENNAZAR, GARCÍA & MILIÁN, C.S.P.

By:

*/s/ A.J. Bennazar-Zequeira*

A.J. Bennazar-Zequeira
Edificio Union Plaza
PH-A piso 18
Avenida Ponce de León #416
Hato Rey, San Juan
Puerto Rico 00918
ajb@bennazar.org
787-754-9191 (telephone)
787-764-3101 (facsimile)

*Proposed Counsel for The Official Committee of Retired Employees of Puerto Rico*