# *<u>Exhibit A</u>*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                       Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**DECLARATION OF ROBERT GORDON
IN SUPPORT OF APPLICATION OF THE OFFICIAL
COMMITTEE OF RETIRED EMPLOYEES OF THE
COMMONWEALTH OF PUERTO RICO FOR ORDER
<u>APPROVING THE EMPLOYMENT OF JENNER & BLOCK LLP</u>**

I, Robert Gordon, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

    1.    I am a partner of the firm of Jenner & Block LLP ("**Jenner & Block**") which maintains offices for the practice of law in New York, New York; Chicago, Illinois; Washington D.C.; Los Angeles, California; and London, England. I am currently resident in Jenner & Block's New York office, located at 919 Third Avenue, New York, New York 10022. I am an attorney duly licensed in and am a member in good standing of the bar for the States of New York, Illinois,

---

[1] The Debtors in these jointly-administered PROMESA title III cases (these "**Title III Cases**"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

and Michigan and am admitted to practice before several United States District Courts, as well as the United States Courts of Appeals for the Second and Sixth Circuits. I am admitted *pro hac vice* before this Court.

2. I submit this Declaration in connection with the Application of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") for an order approving the employment of Jenner & Block effective as of June 16, 2017. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

3. To the extent that any information disclosed herein requires subsequent amendment or modification upon Jenner & Block's completion of further analysis or as additional information regarding creditors and other parties in interest becomes available, one or more supplemental declarations will be submitted to the Court reflecting the same.

**Qualifications of Jenner & Block**

4. On June 16, 2017, the Retiree Committee selected Jenner & Block as its counsel, subject to this Court's approval.

5. I and others at Jenner & Block have extensive experience and knowledge in the areas of complex restructuring and bankruptcy, municipal finance, employee benefits and litigation, and Jenner & Block has the ability to commit substantial resources to the representation of the Retiree Committee. I previously served as lead counsel for the Detroit Retirement Systems in the *City of Detroit* Chapter 9 bankruptcy case, and others at Jenner & Block have significant experience representing retiree committees in complex chapter 11 cases, including representation of the official retiree committees in the chapter 11 bankruptcies of The Budd Company, Inc., Walter Energy, Inc., AMR Corp., Northwest Airlines Corporation, and United Airlines, Inc. In

addition, Jenner & Block has other significant experience representing parties in chapter 9 proceedings and addressing issues affecting governmental pension plans.

6. As required by Rule 2014-1(a) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "**Local Rules**"), I attach hereto, collectively as Exhibit 1, the *curricula vitae* for Robert Gordon, Richard Levin, Catherine Steege, and Melissa Root.

7. As a result of Jenner & Block's extensive experience in this area, as well as my own personal expertise, I believe Jenner & Block is well qualified and uniquely able to represent the Retiree Committee.

**Services to Be Provided**

8. The Retiree Committee requires Jenner & Block to act as its counsel for all matters relating to the performance of the Retiree Committee's duties under 11 U.S.C. § 1103(a), made applicable by section 301(a) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("**PROMESA**"),[2] 48 U.S.C. § 2161(a), including, without limitation, the following services:

    a. providing advice and representation concerning any proposed modifications of pension, healthcare, and other accrued retirement benefits (collectively, "**benefits**") of Puerto Rico's public-employment retirees (the "**Retirees**");

    b. negotiating with the Financial Oversight and Management Board for Puerto Rico (the "**Oversight Board**") and any other parties to the Title III Cases concerning the Retirees' benefits and any matters that may affect those benefits;

    c. representing the Retiree Committee in any proceedings and hearings and any mediation sessions that involve or might involve matters pertaining to the benefits of the Retirees;

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241. Unless otherwise noted, all Bankruptcy Code sections cited in this application are made applicable to these Title III Cases by section 301(a) of PROMESA.

3

      d.      preparing on behalf of the Retiree Committee any necessary adversary complaints, motions, applications, orders and other legal papers relating to such matters;

      e.      advising the Retiree Committee of its powers and duties;

      f.      prosecuting and defending litigation matters and such other matters concerning the Retirees' benefits; and

      h.      performing such other legal services as may be necessary and appropriate for the effective resolution of the Retiree Committee's interests in the Title III Cases.

### Jenner & Block's Conflicts Checks Procedures and Disinterestedness

9. In connection with its proposed employment by the Retiree Committee, Jenner & Block undertook to determine whether it had any conflicts or other connections that might cause it to hold or represent an interest adverse to the Debtors' estates with respect to the matters on which Jenner & Block is to be employed.

10. By reference to the dockets in the Title III Cases, the pending adversary proceedings, and certain pre-title III litigation, Jenner & Block prepared a list of parties in interest in the Title III Cases (the "**Parties in Interest**"), which are set forth on the list found at Exhibit 2 attached hereto.

11. In the ordinary course of business, Jenner & Block requires its professionals, before accepting the representation of a new client or the representation of an existing client in a new matter, to perform a conflict check. Jenner & Block's conflict check procedures include a review of a database that includes every matter on which Jenner & Block is or at one time was retained and, in each instance, to the extent known, includes the identity of related and adverse parties. Jenner & Block regularly updates this database. Following those procedures, I asked Jenner & Block personnel to compare the names of Parties in Interest against its database for all Jenner & Block clients and former clients who were clients at any time in the past two years, to research

4

information about affiliates of certain of the Parties in Interest, to distribute email inquiries to all Jenner & Block attorneys, and to make follow-up inquiries.

12.     Based upon information ascertained using the foregoing procedures, Jenner & Block and its attorneys are not providing and will not provide any representation or advice to any of the entities listed on the Parties in Interest list, including any who are current clients, for any matter arising in or in connection with these Title III Cases, and has not provided any such services.

13.     My connections and Jenner & Block's connections with the Debtors, any creditor or other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed by the United States trustee are as set forth below.

14.     For disclosure purposes, Jenner & Block identified the following Parties in Interest that Jenner & Block or Jenner & Block attorneys have represented in the last two years, in matters unrelated to the Title III Cases: Mason Capital, Brigade Capital Management, Fir Tree, Banco Santander Suisse, Ambac Assurance Corporation, D.E. Shaw & Company, Goldman Sachs, King Street Capital Management LP, Fore Research & Management, Marathon Asset Management LP, the American Federation of Teachers, the Service Employees International Union, the Depository Trust and Clearing Corporation, and Monarch Alternative Capital.  In addition, Jenner & Block previously provided counsel to Columbus Hill Capital Management regarding certain investments in Puerto Rico; Columbus Hill Capital Management remains a client of the firm, but Jenner & Block no longer provides counsel to Columbus Hill Capital Management on any matters relating to Puerto Rico.  None of the clients identified in this paragraph represent more than 1% of Jenner's annual revenue.

15.     In addition to the foregoing, prior to the appointment of the Retiree Committee, I and the law firm of Bennazar, García & Milián, C.S.P. served as counsel to the Ad Hoc Committee

5

for the Protection of Accrued Retirement Benefits of Puerto Rico's Public Employees and Retirees (the "**Ad Hoc Retiree Committee**"). I and Bennazar, García & Milián, C.S.P. have since terminated our representation of the Ad Hoc Retiree Committee. (Dkt. Nos. 413, 432.) Certain of the members of the Ad Hoc Retiree Committee are members of the Retiree Committee.

16. Jenner & Block's practice encompasses the representation of many entities, some of which may be or may become parties in interest without Jenner & Block's knowledge. Further, as part of its practice, Jenner & Block represents clients in numerous matters involving other law firms, financial advisory firms and professionals in either adverse and non-adverse roles, some of whom may represent the Debtors, creditors, or parties in interest, or may themselves be creditors or parties in interest in these Title III Cases, or may employ persons with whom Jenner & Block attorneys have personal or familial relationships. Although it is not practicable for Jenner & Block to identify all such connections, except as otherwise disclosed herein, I am unaware of any such connections that are material and believe that none of them would prevent Jenner & Block from being disinterested; would involve the holding or representation of an interest adverse to the Debtors' respective estates; or would create a conflict of interest with respect to this employment.

17. I am not related to, and, to the best of my knowledge, no other attorney at Jenner & Block is related to, any United States Bankruptcy Judge for the District of Puerto Rico, any of the District Judges for the District of Puerto Rico, presiding Judge Swain, Judge Dein, any of the mediators appointed in the Title III Cases, the United States Trustee for Region 21, or any employee in the Office of the United States Trustee for Region 21. Accordingly, I submit that Bankruptcy Rule 5002 would not prohibit employment of Jenner & Block as counsel to the Retiree Committee.

18.     Based on the foregoing, I believe that I am, and each Jenner & Block attorney is, a "disinterested person" as that term is defined in 11 U.S.C. § 101(14); that neither I nor any Jenner & Block attorney holds or represents any interest adverse to the Debtors' estates; and that Jenner & Block's attorneys do not represent in other matters parties with any interest adverse to the Debtors' estates, except as otherwise specified in this Declaration. Accordingly, I submit that Jenner & Block is not disqualified for employment by the Retiree Committee to represent it in these Title III Cases.

19.     I will amend this Declaration immediately upon my learning that: (a) any of the representations made herein are incorrect, or (b) there is any change of circumstance relating thereto.

## Compensation

20.     Jenner & Block will charge for its legal services on an hourly basis based on its ordinary and customary hourly rates in effect as of January 1 of the calendar year in which the services are rendered. As of January 1, 2017, the applicable rates are:

| | |
|---|---|
| Partners | $770 to $1250 |
| Counsel | $625 to $750 |
| Associates | $445 to $795 |
| Staff Attorneys | $380 to $480 |
| Discovery Attorneys | $175 |
| Litigation Support | $365 |
| Paralegals | $305 to $365 |

The current hourly rates for the Jenner & Block attorneys with primary responsibility for this matter are: Robert Gordon, $1,025; Richard Levin $1,250; Catherine Steege, $1,025; and Melissa Root, $840. For this matter, Jenner & Block agrees to discount its fee rates, but not out-of-pocket expenses and internal charges, by 15% off of its rates in effect at the time the services are rendered. I have reviewed the provisions of Local Rule 2016-1 and other applicable guidance, and Jenner &

7

Block will seek payment of our fees in these Title III Cases pursuant to any procedures established and required by PROMESA, the Local Rules, the Court, and the U.S. Trustee.

21. The charges for the attorneys who will render services to the Retiree Committee will be based upon actual time spent and upon the experience and expertise of the attorney or legal assistant involved. The hourly rates set forth above are subject to periodic adjustments (generally on January 1 of each year) to reflect economic and other conditions.

22. The hourly rates set forth above are consistent with the rates that Jenner & Block charges other comparable clients for similar services, whether in or outside of bankruptcy, regardless of the location of the client or the court in which a matter is pending. The hourly rates listed above are appropriate and not significantly different from (a) the rates that Jenner & Block charges for other similar types of representations or (b) the rates that other counsel of similar expertise and experience would charge to do work similar to the work Jenner & Block will perform in these Title III Cases.

23. It is Jenner & Block's policy to charge its clients in all areas of practice for expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone conference call and international call charges, mail, express mail, and overnight delivery service charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mass mailings (including envelopes and labels) provided by Jenner & Block to outside copying services, travel expenses, expenses for "working meals," computerized research, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime. Jenner & Block will charge these Title III Cases for these expenses in a manner and at rates consistent with charges made generally to Jenner & Block's other clients.

8

Jenner & Block believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

24. Notwithstanding the foregoing, Jenner & Block will charge no more than $0.10 per page for black-and-white photocopying and no more than $0.25 per page for color copies. Jenner & Block does not charge its clients for domestic facsimile transmissions or for office supplies and will not seek reimbursement for them in this case.

25. Jenner & Block will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with theses Title III Cases in compliance with sections 316 and 317 of PROMESA and pursuant to any procedures established and required by PROMESA, the Court, and the U.S. Trustee.

26. I have not agreed to share with any person, except members of Jenner & Block, the compensation to be paid for the services rendered in these cases. No agreement or understanding exists between Jenner & Block and any other person, other than as permitted by section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with this/these case(s), nor shall Jenner & Block share or agree to share compensation received for services rendered in connection with this/these case(s) with any other person other than as permitted by section 504 of the Bankruptcy Code.

27. Jenner & Block has received no retainer or compensation from the Debtors, or the Retiree Committee, including for any services provided prior to the commencement of these Title III Cases.

28. Other than the disclosed representation of the Ad Hoc Retiree Committee, certain members of which are members of the Retiree Committee, Jenner & Block has not represented the Retiree Committee or any member of the Retiree Committee in the past twelve months.

I declare under penalty of perjury as provided in 28 U.S.C. § 1746 that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: July 19, 2017

*/s/ Robert Gordon*
Robert Gordon