**Hearing Date and Time: August 9, 2017, 9:30 a.m. EDT**
**Objection Deadline: July 28, 2017, 4:00 p.m. EDT**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>          Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## APPLICATION OF THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO FOR ORDER APPROVING THE EMPLOYMENT OF SEGAL CONSULTING

To the Honorable United States District Court Judge Laura Taylor Swain:

The Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") hereby submits this application (this "**Application**") for entry of an order to employ the firm of Segal Consulting ("**Segal**") as consultants and actuaries for the Retiree Committee effective as of June 27, 2017, pursuant to sections 105(a) and 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), made applicable to these cases pursuant to section 301(a) of the *Puerto Rico Oversight, Management, and Economic Stability Act*

---

[1] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

("**PROMESA**"), 48 U.S.C. § 2161(a).[2]  In support of this Application, the Retiree Committee

submits the Declaration of Kim Nicholl of Segal Consulting (the "**Nicholl Declaration**"),

attached hereto as <u>Exhibit A</u>.  In further support of this Application, the Retiree Committee states

as follows:

## Jurisdiction and Venue

1.      The United States District Court for the District of Puerto Rico (the "Court") has

subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2.      Venue is proper pursuant to PROMESA section 307(a).

3.      The statutory bases for the relief requested herein are Bankruptcy Code sections

105(a) and 1103(a), each made applicable pursuant to PROMESA section 301(a).

## Background

4.      On May 3, 2017, the Commonwealth of Puerto Rico (the "**Commonwealth**"), by

and through the Financial Oversight and Management Board for Puerto Rico (the "**Oversight

Board**"), as the Commonwealth's representative pursuant to section 315(b) of PROMESA, filed

a petition with the Court under title III of PROMESA.

5.      On May 5, 2017, the Puerto Rico Sales Tax Financing Corporation ("**COFINA**"),

by and through the Oversight Board, as COFINA's representative pursuant to PROMESA

section 315(b), filed a petition with the Court under title III of PROMESA.

6.      On May 21, 2017, the Puerto Rico Highways and Transportation Authority

("**HTA**"), by and through the Oversight Board, as HTA's representative pursuant to PROMESA

section 315(b), filed a petition with the Court under title III of PROMESA.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.  Unless otherwise noted, all Bankruptcy Code sections cited in
this Application are made applicable to these Title III Cases by section 301(a) of PROMESA.

7.      On May 21, 2017, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**"), by and through the Oversight Board, as ERS's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

8.      Through Orders of this Court, the Commonwealth, COFINA, HTA, and ERS title III cases (the "**Title III Cases**") are jointly administered for procedural purposes only, pursuant to PROMESA section 304(g) and Bankruptcy Rule 1015, made applicable to these title III Cases by PROMESA section 310.  (*See* Dkt. Nos. 242, 537.)

9.      On May 5, 2017, the Ad Hoc Committee for the Protection of Accrued Retirement Benefits of Puerto Rico's Public Employees and Retirees (the "**Ad Hoc Retiree Committee**") filed a motion seeking the appointment of an official committee of retired employees.  (Dkt. No. 8.)  On May 19, 2017, Guy G. Gebhardt, Acting United States Trustee for Region 21 (the "**U.S. Trustee**") filed a response in opposition to the Ad Hoc Committee's motion.  (Dkt. No. 192.)

10.     On June 15, 2017, U.S. Trustee, pursuant to section 1102(a)(1) of the Bankruptcy Code, appointed nine individuals to the Retiree Committee: Blanca Paniagua, Carmen Nunez, José Marin, Juan Ortiz, Lydia Pellot, Marcos A. Lopez, Miguel Fabre, Milagros Acevedo, and Rosario Pacheco.

11.     On June 27, 2017, the Retiree Committee elected to employ Segal Consulting to serve as consultants and actuaries to represent the Retiree Committee.

### Relief Requested

12.     Section 1103(a) provides that a committee appointed under section 1102 may, "with the court's approval . . . select and authorize the employment by such committee of one or

more attorneys, accountants, or other agents to represent or perform services for such committee." 11 U.S.C. § 1103(a).   By this Application, the Retiree Committee seeks authority from this Court to employ Segal as its consultants and actuaries effective as of June 27, 2017, under section 1103(a) of the Bankruptcy Code to serve the Retiree Committee in the Title III Cases.[3]   The Retiree Committee requests that Segal be employed to perform the services described and on the terms set forth in this Application.

### Segal's Qualifications

13.    The Retiree Committee selected Segal as its consultants and actuaries because it is one of the nation's leading actuarial and employee benefit plan consulting firms.  Segal provides both pension and health benefit consulting services.  Segal has approximately 1,000 employees with offices located in 23 cities in the United States and Canada.  Segal provides employee benefits and human resource consulting to over 2,500 clients.  Segal consults on the full range of health and welfare, retirement and human resources-related issues. Segal has the ability to commit substantial resources to the Retiree Committee.

14.    Segal and its professionals have extensive experience and an excellent reputation for providing high quality services to retiree committees in bankruptcy cases.  Segal was retained by the retiree committee in the Detroit Chapter 9 bankruptcy.  Segal was retained by the City of Stockton in its Chapter 9 bankruptcy.  In addition, Segal has a long history in assisting and advising 1114 committees in bankruptcy proceedings.  Its services have included assistance in educating 1114 committees on health, life and other benefits, the actuarial valuations of such benefits, analyzing debtor offers, helping 1114 committees develop counter-offers and negotiate

---

[3] In a chapter 11 case, a committee appointed under section 1102 ordinarily would seek authority to employ consultants and actuaries pursuant to section 328.  Because PROMESA does not incorporate section 328 of the Bankruptcy Code, the Retiree Committee moves for approval of this Application pursuant to Bankruptcy Code sections 105(a) and 1103(a). *See* PROMESA § 301(a) (omitting Bankruptcy Code sections 327 and 328 from incorporation into PROMESA).

over such benefit offers, testifying regarding retiree benefits and providing overall actuarial and benefit consulting services to 1114 committees.  Segal has been retained by retiree committees in numerous nationally prominent bankruptcy proceedings including United Airlines, Kodak, Lone Star Industries, Federated-Allied Department Stores, Solutia, American Airlines, Eastern Airlines, Pan Am Airways, Northwest Airlines and others. The Retiree Committee therefore believes that Segal is well qualified to serve as consultants and actuaries in these Title III Cases, and requests that the Court approve such employment.

<b>Services to Be Provided</b>

15.    The Retiree Committee requests that Segal serve as its consultant and actuary to the  Retiree Committee to provide the following services:

a.    Actuarial analysis and valuation of pension, healthcare, and other accrued retirement benefits (collectively, "**benefits**") of Puerto Rico's public-employment retirees (the "**Retirees**");

b.    Actuarial forecasting of the benefits of the Retirees, including assessment of liabilities, expenses and cash flow;

c.    Actuarial analysis of any proposed modification to the benefit plan design;

d.    Work with counsel and other professionals in business modeling in its negotiating with the Oversight Board and any other parties to the Title III Cases concerning the Retirees' benefits and any matters that may affect those benefits;

e.    Attend mediation sessions that involve or might involve matters pertaining to the benefits of the Retirees; and

f.    Perform actuarial and consulting services as requested for the efficient and economical resolution of the Retiree Committee's interests in the Title III Cases.

**Professional Compensation**

16.     The professional services of Segal are necessary to ensure that the Retiree Committee is provided with the analyses and financial effects of any changes to benefits.  Segal intends to apply to the Court for allowance of compensation and reimbursement of expenses for professional services rendered to the Retiree Committee in connection with the Title III Cases pursuant to any procedures established and required by PROMESA, the Court and the United States Trustee.

17.     Segal will charge for its services on an hourly basis based on its ordinary and customary hourly rates, chargeable by the ¼ hour plus reimbursement of actual, necessary out-of-pocket expenses and other charges incurred by Segal on the Retiree Committee's behalf. Segal adjusts its rates periodically at the start of each calendar year and for promotions.  The rates set forth herein are Segal's current rates, and are consistent with the rates charged to other clients, including outside of bankruptcy.   The Nicholl Declaration sets forth information concerning hourly rates currently in effect, which are: $590–$890 for senior vice presidents; $300–$490 for actuaries; $280–$540 for consultants; and $225–$340 for analysts.

18.     The Retiree Committee submits that such rates are reasonable and should be approved by the Court subject to a determination of the amount to be paid to Segal upon application for allowance.  The Retiree Committee requests that all fees and related costs and expenses incurred by Segal be paid as administrative expenses and subject to sections 316 and 317 of PROMESA and section 503(b) of the Bankruptcy Code.

**Segal's Disinterestedness**

19.     As described in the Nicholl Declaration, Segal has conducted a search of its conflict database and has made other internal inquiries about connections with certain Parties in Interest (as defined in the Nicholl Declaration and attached thereto as Exhibit 2).  The Nicholl Declaration sets forth the scope of the search and those inquiries and their results.

20.     The Retiree Committee believes that none of Segal's connections to Parties in Interest identified in the Nicholl Declaration disqualify Segal from serving as actuary and consultant to the Retiree Committee.

21.     Based upon the Nicholl Declaration, the Retiree Committee believes that Segal does not hold or represent an interest adverse to these Title III Cases and that Segal's professionals do not hold or represent any interest adverse to these Title III Cases or the Debtors. The disclosures by Segal set forth in the Nicholl Declaration have been made based upon a review of the best information available at the time.

22.     Segal has agreed to review its files periodically during and at the conclusion of its employment in these Title III Cases to identify any additional connections and, to the extent that any are discovered, will file a supplemental declaration setting forth the additional disclosures required by Bankruptcy Rule 2014(a), made applicable to this case by section 310 of PROMESA.

23.     The Retiree Committee believes that the employment of Segal would be in the best interests of the Retiree Committee and desires to employ Segal, effective as of June 27, 2017, with compensation to be determined upon application to the Court.

**Notice**

24.     Notice of this Application has been given in accordance with this Court's *Order (A) Imposing and Rendering Applicable Local Bankruptcy Rules to These Title III Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief,* as amended.  (Dkt. Nos. 249, 262.)

[*Remainder of page left intentionally blank*]

WHEREFORE, the Retiree Committee respectfully requests the entry of an Order in the form attached hereto as <u>Exhibit B</u>: (i) authorizing and approving the employment by the Retiree Committee of Segal as its actuary and consultant for the express purposes set forth herein, effective as of June 27, 2017, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by this Court pursuant to sections 316 and 317 of PROMESA, 503(b) of the Bankruptcy Code, and any order of this Court governing the compensation and reimbursement of professionals' fees and expenses; and (ii) granting such other and further relief as this Court deems just and proper.

July 19, 2017

JENNER & BLOCK LLP

By:

*/s/ Robert Gordon*

Robert Gordon (admitted *pro hac vice*)
Richard Levin (admitted *pro hac vice*)
919 Third Ave
New York, NY 10022-3908
rgordon@jenner.com
rlevin@jenner.com
212-891-1600 (telephone)
212-891-1699 (facsimile)

Catherine Steege (admitted *pro hac vice*)
Melissa Root (admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
312-222-9350 (telephone)
312-239-5199 (facsimile)

Respectfully submitted,

BENNAZAR, GARCÍA & MILIÁN, C.S.P.

By:

*/s/ A.J. Bennazar-Zequeira*

A.J. Bennazar-Zequeira
Edificio Union Plaza
PH-A piso 18
Avenida Ponce de León #416
Hato Rey, San Juan
Puerto Rico 00918
ajb@bennazar.org
787-754-9191 (telephone)
787-764-3101 (facsimile)

*Proposed Counsel for The Official Committee of Retired Employees of Puerto Rico*