# *Exhibit A*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**DECLARATION OF KIM NICHOLL IN SUPPORT OF**
**APPLICATION OF THE OFFICIAL COMMITTEE**
**OF RETIRED EMPLOYEES OF THE COMMONWEALTH**
**OF PUERTO RICO FOR ORDER APPROVING THE**
**<u>EMPLOYMENT OF SEGAL CONSULTING</u>**

I, Kim Nicholl, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

1. I am a senior vice president of the firm of Segal Consulting ("**Segal**") which provides employee benefits and human resource consulting. Segal has approximately 1,000 employees with offices located in 23 cities in the United States and Canada. I am currently resident in Segal's Chicago Office, located at 101 N. Wacker, Chicago, Illinois 60606.

---

[1] The Debtors in these jointly-administered PROMESA title III cases (the "**Title III Cases**"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

2. I submit this Declaration in connection with the Application of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") for an order approving the employment of Segal effective as of June 27, 2017. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

3. To the extent that any information disclosed herein requires subsequent amendment or modification upon Segal's completion of further analysis or as additional information regarding creditors and other parties in interest becomes available, one or more supplemental declarations will be submitted to the Court reflecting the same.

## Qualifications of Segal

4. On June 27, 2017, the Retiree Committee selected Segal as its consultant and actuary, subject to this Court's approval.

5. I and others at Segal have extensive experience and an excellent reputation for providing high quality services to retiree committees in bankruptcy cases, and Segal has the ability to commit substantial resources to serving the Retiree Committee. I previously served as expert witness (for pension plan matters) for the retiree committee in the *City of Detroit* Chapter 9 bankruptcy case and for the *City of Stockton* in the Stockton Chapter 9 bankruptcy case. Others at Segal have significant experience serving as consultant and actuary to retiree committees in complex chapter 11 cases, including the official retiree committees in the chapter 11 bankruptcies of United Airlines, Kodak, Lone Star Industries, Federated-Allied Department Stores, Solutia, American Airlines, Eastern Airlines, Pan Am Airways, Northwest Airlines and others. In addition, Segal has other significant experience serving as consultant and actuary to governmental pension and health plans throughout the United States.

6. As required by Rule 2014-1(a) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "**Local Rules**"), I attach hereto, collectively as Exhibit 1, the *curricula vitae* for myself, Tom Levy, Stuart Wohl, Matthew Strom, and Jacob Libauskas.

7. As a result of Segal's extensive experience in this area, as well as my own personal expertise, I believe Segal is well qualified and uniquely able to serve the Retiree Committee.

**Services to Be Provided**

7. The Retiree Committee requests that Segal serve as its consultant and actuary to the Retiree Committee to provide the following services:

   a. Actuarial analysis and valuation of pension, healthcare, and other accrued retirement benefits (collectively, "**benefits**") of Puerto Rico's public-employment retirees (the "**Retirees**");

   b. Actuarial forecasting of the benefits of the Retirees, including assessment of liabilities, expenses and cash flow;

   c. Actuarial analysis of any proposed modification to the benefit plan design;

   d. Work with counsel and other professionals in business modeling in its negotiating with the Financial Oversight and Management Board for Puerto Rico and any other parties to the Title III Cases concerning the Retirees' benefits and any matters that may affect those benefits;

   e. Attend mediation sessions that involve or might involve matters pertaining to the benefits of the Retirees; and

   f. Perform actuarial and consulting services as requested for the efficient and economical resolution of the Retiree Committee's interests in the Title III Cases.

**Segal's Conflicts Checks Procedures and Disinterestedness**

8. In connection with its proposed employment by the Committee, Segal undertook to determine whether Segal had any relationships that might cause it to hold or represent an interest adverse to the Retiree Committee. Specifically, Segal obtained from counsel to the Retiree

3

Committee the names of individuals and entities that may be parties in interest in these bankruptcy proceedings (the "**Interested Party List**"), attached hereto as Exhibit 2. Segal reviewed that list and compared it to lists of current and past clients. We then reviewed those results. Based upon the information presently available, Segal is aware of no conflicts in connection with this engagement.

9. My connections and Segal's connections with the Debtors, any creditor or other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed by the United States trustee are as set forth below.

10. Segal has no connection with the Commonwealth of Puerto Rico, its creditors or any other party in interest, or its attorneys or accountants, or with the U.S. Trustee, members of the Retirees Committee or the professionals employed by individual members of the Retiree Committee.

11. Given the size of the firm and the breadth of Segal's client base, it is possible, however, that Segal may now or in the future be retained by creditors and other parties in interest in these Title III Cases in unrelated matters. Segal may continue its relationship with such parties, but has not and will not serve any of them in any matter relating to the Commonwealth or the Title III Cases. To the extent that Segal discovers any, or enters into any new, material relationship with creditors and other parties in interest in these Title III Cases, it will supplement this disclosure to the Court promptly.

12. I am not related to, and, to the best of my knowledge, no other employee at Segal is related to, any United States Bankruptcy Judge for the District of Puerto Rico, any of the District Judges for the District of Puerto Rico, presiding Judge Swain, Judge Dein, any of the mediators

4

appointed in the Title III Cases, the United States Trustee for Region 21, or any employee in the Office of the United States Trustee for Region 21.

13. Based on the foregoing, I believe that I am, and each Segal professional is, a "disinterested person" as that term is defined in 11 U.S.C. § 101(14); that neither I nor any Segal professional holds or represents any interest adverse to the Debtors' estates; and that Segal does not provide services to parties with any interest adverse to the Debtors' estates, except as otherwise specified in this Declaration. Accordingly, I submit that Segal is not disqualified for employment by the Retiree Committee to serve it in these Title III Cases.

14. I will amend this Declaration immediately upon my learning that: (a) any of the representations made herein are incorrect, or (b) there is any change of circumstance relating thereto.

**Compensation**

15. At present, subject to periodic revisions and upward adjustment in accordance with our firm's general billing procedures, the range of hourly billing rates, chargeable in ¼ hour increments are: $590–$890 for senior vice presidents; $300–$490 for actuaries; $280–$540 for consultants; and $225–$340 for analysts. The current hourly rates for the Segal consultants with primary responsibility for this matter are: Kim Nicholl, $680; Stuart Wohl, $590; and Tom Levy, $890. I have reviewed the provisions of Local Rule 2016-1 and other applicable guidance, and Segal will seek payment of our fees in these Title III Cases pursuant to any procedures established and required by PROMESA, the Local Rules, the Court, and the U.S. Trustee.

16. The charges for the actuaries and consultants who will render services to the Retiree Committee will be based upon actual time spent and upon the experience and expertise of the

professional involved. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

17. The hourly rates set forth above are consistent with the rates that Segal charges other comparable clients for similar services, whether in or outside of bankruptcy, regardless of the location of the client or the court in which a matter is pending. The hourly rates listed above are appropriate and not significantly different from the rates that Segal charges for other similar types of services.

18. It is Segal's policy to charge its clients in all areas of practice for travel and out of pocket expenses incurred in connection with the client's case.

19. Segal will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Title III Cases in compliance with sections 316 and 317 of PROMESA and pursuant to any procedures established and required by PROMESA, the Court, and the U.S. Trustee.

20. I have not agreed to share with any person, except members of Segal, the compensation to be paid for the services rendered in these cases. No agreement or understanding exists between Segal and any other person, other than as permitted by section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with this/these case(s), nor shall Segal share or agree to share compensation received for services rendered in connection with this/these case(s) with any other person other than as permitted by section 504 of the Bankruptcy Code.

21. Segal has received no retainer or compensation from the Debtors, or the Retiree Committee, including for any services provided prior to the commencement of these Title III Cases.

I declare under penalty of perjury as provided in 28 U.S.C. § 1746 that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: July 19, 2017

_____
Kim Nicholl