Hearing Date and Time: August 9, 2017, 9:30 a.m. EDT
Objection Deadline: July 28, 2017, 4:00 p.m. EDT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## APPLICATION OF THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO FOR ORDER APPROVING THE EMPLOYMENT OF BENNAZAR, GARCÍA & MILIAN, CSP

To the Honorable United States District Court Judge Laura Taylor Swain:

The Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") respectfully submits this application ("**Application**") for entry of an order to employ and retain the law firm of *Bennazar, García & Milián, CSP, Abogados y Notarios* ("**BGM, CSP**") as attorneys for the Retiree Committee effective as of June 16, 2017, pursuant to sections 105(a) and 1103(a) of Title 11 of the United States Code (the "**Bankruptcy Code**"), made applicable to these cases pursuant to Section 301(a) of the *Puerto Rico Oversight,*

---

[1] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are:(i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

*Management, and Economic Stability Act* ("**PROMESA**"), 48 U.S.C. § 2161(a).[2] In support of this Application, the Retiree Committee submits the Declaration of A. J. Bennazar Zequeira, of BGM, CSP (the "**Bennazar Declaration**"), attached hereto as <u>Exhibit A</u>. In further support of this Application, the Retiree Committee moves and advises the Court as follows:

### Jurisdiction and Venue

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2. Venue is proper pursuant to PROMESA section 307(a).

3. The statutory bases for the relief requested herein are Bankruptcy Code sections 105(a) and 1103(a), each made applicable pursuant to PROMESA section 301(a).

### Background

4. On May 3, 2017, the Commonwealth of Puerto Rico (the "**Commonwealth**"), by and through the Financial Oversight and Management Board for Puerto Rico (the "**Oversight Board**"), as the Commonwealth's representative pursuant to section 315(b) of PROMESA, filed a petition with the Court under title III of PROMESA.

5. On May 5, 2017, the Puerto Rico Sales Tax Financing Corporation ("**COFINA**"), by and through the Oversight Board, as COFINA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241. Unless otherwise noted, all Bankruptcy Code sections cited in this Application are made applicable to these Title III Cases by Section 301(a) of PROMESA.

6. On May 21, 2017, the Puerto Rico Highways and Transportation Authority ("**HTA**"), by and through the Oversight Board, as HTA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

7. On May 21, 2017, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**"), by and through the Oversight Board, as ERS's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

8. Through Orders of this Court, the Commonwealth, COFINA, HTA, and ERS title III (the "**Title III Cases**") are jointly administered for procedural purposes only, pursuant to PROMESA section 304(g) and Bankruptcy Rule 1015, made applicable to these Title III Cases by PROMESA section 310. (*See* Dkt. Nos. 242, 537).

9. On May 5, 2017, the Ad Hoc Committee for the Protection of Accrued Retirement Benefits of Puerto Rico's Public Employees and Retirees (the "**Ad Hoc Committee**") filed a motion seeking the appointment of an official committee of retired employees. (Dkt. No. 8.) On May 19, 2017, Guy G. Gebhardt, Acting United States Trustee for Region 21 (the "**U.S. Trustee**") filed a response to the Ad Hoc Committee's motion (Dkt. No. 192).

10. On June 15, 2017, the US Trustee, pursuant to section 1102(a)(1) of the Bankruptcy Code, appointed nine individuals to constitute the Retiree Committee: Blanca Paniagua, Carmen Núñez, José Marin, Juan Ortiz, Lydia Pellot, Marcos A. López, Miguel Fabre, Milagros Acevedo, and Rosario Pacheco.

11. The Ad Hoc Committee's motion (Dkt. 8), was subsequently denied as moot (Dkt. No. 349).

12. On June 16, 2017, the Retiree Committee met and unanimously elected to retain Jenner & Block to represent the Retiree Committee as stateside counsel, and BGM, CSP to represent the Retiree Committee as local counsel in the Title III Cases.

### Relief Requested

13. Section 1103(a) provides that a committee appointed under Section 1102 may, "with the court's approval . . . select and authorize the employment by such committee of one or more attorneys, accountants, or other agents to represent or perform services for such committee." 11 U.S.C. § 1103(a). By this Application, the Retiree Committee seeks authority from this Court to employ the law firm of BGM, CSP as its counsel effective as of June 16, 2017, to represent the Retiree Committee in the Title III Cases[3] and to perform the services described and on the terms set forth in this Application.

### BGM, CSP's Qualifications

14. The Retiree Committee selected BGM, CSP as its counsel because its attorneys have extensive experience, knowledge and resources in the areas of civil, commercial and administrative law, including, specifically, those related to Puerto Rico's Retirement Systems enabling acts, civil litigation, as well as arbitration and mediation procedures. BGM, CSP has the capacity to commit competent resources to the representation of the Retiree Committee.

15. The origins of BGM, CSP date back to 1979. From the outset, the firm developed a general commercial practice, engaging in civil and commercial litigation, employment law,

---

[3] In a chapter 11 case, a committee appointed under section 1102 ordinarily would seek authority to employ counsel pursuant to section 328. Because PROMESA does not incorporate section 328 of the Bankruptcy Code, the Retiree Committee moves for approval of this Application pursuant to Bankruptcy Code sections 105(a) and 1103(a). *See* PROMESA § 301(a) (omitting Bankruptcy Code sections 327 and 328 from incorporation into PROMESA).

4

corporate, banking law, bankruptcy, notarial work and real estate, tax exemption, land use and zoning, urban development and commercial arbitration. The professionals at BGM, CSP have extensive experience serving commercial enterprises, financial institutions, insurance companies, a public agency of the United States and agencies of the Government of Puerto Rico, health service providers, hotels, advertising and public relations agencies, distributors, retail chain operations, and others. The firm has substantial experience in civil and commercial litigation, including labor disputes, contracts, commercial arbitration and mediation, distribution matters, trademarks and intellectual property, international business transactions, torts, estates, and notarial work related to commercial financing and real estate transactions. Senior Counsel and other professionals at the firm also have extensive experience as administrators and legal counsel at Puerto Rico's Retirement Systems. From its facilities in Hato Rey, the firm offers the services of legal professionals and highly competent support personnel who serve an ample scope of clients from different parts of the World, with a solid reputation in the legal and financial community, at home and abroad.

### Services to be Provided

16. The Retiree Committee requires BGM, CSP to act as its counsel for all matters relating to the performance of the Retiree Committee's duties in these Title III cases including, without limitation, the following:

   a. providing advice and representation concerning any proposed modifications of pension, healthcare, and other accrued retirement benefits (collectively, "**benefits**") of Puerto Rico's public-employment retirees (the "**Retirees**");

   b. negotiating with the Oversight Board and any other parties to the Title III Cases concerning the Retirees' benefits and any matters that may affect those benefits;

    c.    representing the Retiree Committee in any proceedings and hearings and any mediation sessions that involve or might involve matters related to, or potentially affecting the benefits of the Retirees;

    d.    preparing on behalf of the Retiree Committee any necessary adversary complaints, motions, memoranda, applications, orders and other legal papers relating to such matters;

    e.    advising the Retiree Committee with respect to its powers and duties;

    f.    prosecuting and defending litigation matters and such other matters concerning the Retirees' rights and benefits; and

    h.    performing such other legal services as may be necessary and appropriate for the effective protection and preservation of the Retiree Committee's interests in the Title III Cases.

**Professional Compensation**

17.    The professional services of BGM, CSP are necessary to ensure that the interests of Retirees are properly represented and safeguarded and that all matters relevant to the Retiree Committee are handled in a prompt and professional manner. BGM, CSP intends to apply to the Court for allowance of compensation and reimbursement of expenses for professional services rendered to the Retiree Committee in connection with the Title III Cases pursuant to the procedures established by the Court and the U.S. Trustee.

18.    BGM, CSP will charge for its legal services on an hourly basis, based on its ordinary hourly rates in effect as of January 1 of the calendar year in which the services are rendered, plus reimbursement of actual, necessary out-of-pocket expenses and other charges incurred on behalf of the Retiree Committee. The rates set forth herein are BGM, CSP's 2017 rates, and are consistent with the rates charged to other clients, including outside of bankruptcy. The Bennazar Declaration sets forth information concerning hourly rates currently in effect,

6

which are: $375 for partners and senior counsel; $250–$275 for of counsel; $125–$175 for associates and staff attorneys, and $65–$95 for law clerks or paralegals.

19. The Retiree Committee submits that such rates are reasonable and should be approved by the Court upon application for allowance. The Retiree Committee requests that all fees and related costs and expenses incurred by BGM, CSP be paid as administrative expenses pursuant to sections 316 and 317 of PROMESA and section 503(b) of the Bankruptcy Code.

20. By separate application, the Retiree Committee has asked the Court to approve the retention of Jenner & Block as counsel to the Retiree Committee in these Title III Cases (Dkt. 670). BGM, CSP will work closely as co-counsel with Jenner & Block and will also work with any other professionals retained by the Retiree Committee to avoid unnecessary duplication of efforts.

**BGM, CSPs Disinterestedness**

21. As described in the Bennazar Declaration, BGM, CSP has conducted a review of all its clients and matters, and has verified that it complies with the criteria of a disinterested party, as attested in the Bennazar declaration, **Exhibit A** hereto.

22. The Retiree Committee believes that none of BGM, CSPS's connections to Parties in Interest identified the Bennazar Declaration disqualify BGM, CSP from serving as counsel to the Retiree Committee in these Title III Cases.

23. Based upon the Bennazar Declaration, the Retiree Committee believes that BGM, CSP does not hold or represent an interest adverse to the debtors or the Retiree Committee in these Title III Cases. The disclosures by BGM, CSP set forth in the Bennazar Declaration have been made based upon a review of the best information available at the time.

24. Prior to the appointment of the Retiree Committee, Jenner & Block attorney Robert Gordon and BGM, CSP served as counsel to an Ad Hoc Retiree Committee (the "**Ad Hoc Committee**"). Mr. Gordon and BGM, CSP have since terminated their representation of the Ad Hoc Committee. (Dkt. Nos. 413, 432.) Some of the members of the initial Ad Hoc Committee are now members of the Retiree Committee.

25. The Retiree Committee believes that the employment of BGM, CSP is in the best interests of the Retiree Committee and desires to employ BGM, CSP, effective as of June 16, 2017, with compensation to be determined upon application to the Court.

## Notice

26. Notice of this Application has been given in accordance with this Court's *Order (A) Imposing and Rendering Applicable Local Bankruptcy Rules to These Title III Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief,* as amended (Dkt. Nos. 249, 262).

**WHEREFORE**, the Retiree Committee respectfully requests the entry of an Order in the form attached hereto as **Exhibit B**: (i) authorizing and approving the retention and employment by the Retiree Committee of Jenner & Block as its attorneys for the express purposes set forth herein, effective as of June 16, 2017, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by this Honorable Court pursuant to sections 316 and 317 of PROMESA, 503(b) of the Bankruptcy Code, and any order of this Court governing the compensation and reimbursement of retained professionals' fees and expenses; and (ii) granting such other and further relief as this Court deems just and proper.

| | |
|---|---|
| July 20th, 2017 | Respectfully submitted, |
| **JENNER & BLOCK LLP** | **BENNAZAR, GARCÍA & MILIÁN, C.S.P.** |
| By: */s/ Robert Gordon* | By: */s/ A.J. Bennazar-Zequeira* |
| Robert Gordon (admitted *pro hac vice*)<br>Richard Levin (admitted *pro hac vice*)<br>919 Third Ave<br>New York, NY 10022-3908<br>rgordon@jenner.com<br>rlevin@jenner.com<br>212-891-1600 (telephone)<br>212-891-1699 (facsimile) | A. J. Bennazar-Zequeira<br>Edificio Union Plaza<br>PH-A Piso 18<br>Avenida Ponce de León #416<br>Hato Rey, San Juan<br>Puerto Rico 00918<br>ajb@bennazar.org<br>787-754-9191 (telephone)<br>787-764-3101 (facsimile) |
| Catherine Steege (admitted *pro hac vice*)<br>Melissa Root (admitted *pro hac vice*)<br>353 N. Clark Street<br>Chicago, IL 60654<br>csteege@jenner.com<br>mroot@jenner.com<br>312-222-9350 (telephone)<br>312-239-5199 (facsimile) | *Proposed Counsel for The Official Committee of Retired Employees of Puerto Rico* |