UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT MANAGEMENT BOARD FOR PUERTO RICO<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>        DEBTOR | PROMESA<br>TITLE III<br><br><br><br>No. 17 BK 3283-LTS |

REPLY TO MOTION REQUESTING TO VACATE JUDGMENT
(DOCKET 600) FOR FRAUD UPON THE COURT AND OTHER RELIEFS

    COMES NOW, creditor Sucesión Pastor Mandry Mercado, through its undersigned counsel and very respectfully states and prays:

    1. Although Mr. Javier Mandry Mercado's (hereinafter "Javier Mandry") *MOTION REQUESTING TO VACATE JUDGMENT (DOCKET 600) FOR FRAUD UPON THE COURT AND OTHER RELIEFS* (hereinafter the "Motion") clearly shows his lack of knowledge and understanding of the nature of the proceedings before this Court, the request for relief from stay pursuant to §362(d)(1) of the Bankruptcy Code applicable to the present case through section 301 (a) of Title III of the Puerto Rico Oversight, Management, and Economic Stability Act (hereinafter "PROMESA"), in compliance with the order issued by this Honorable Court, creditor Sucesión Pastor Mandry Mercado (hereinafter "the Estate") replies to his unfounded allegations.

    1. Contrary to what Mr. Javier Mandry states in his Motion, the undersigned counsel has not represented him without his authorization. The undersigned counsel only appeared on behalf of the persons that were listed in "Exhibit A'" of the Motion for Relief from Automatic Stay

(docket no. 305), which are the plaintiffs in civil case no. JAC2008-0853. As stated in footnotes 1 and 3 of said motion, Javier Mandry was included in the complaint filed in that case as a defendant under the provisions of Rule 16.1 of the Puerto Rico Civil Procedure Rules, similar to Rule 19(a) of the Federal Rules of Civil Procedures.

2. While it is true that Mr. Javier Mandry is a member of the estate of Salvador Mandry Nones, his father, his consent was not necessary for the undersigned counsel to represent the Estate. The appearance was authorized by the majority of the members of the Estate. Article 332 of the Puerto Rico Civil Code (31 L.P.R.A. 1277) states that matters related to the management of property held in common ownership may be decided by a majority of the participants.

3. The filing of the Motion for Relief from Automatic Stay, having been made on behalf of plaintiffs in case no. JAC2008-0853, did not have to be notified to Javier Mandry, thus, there was no "concealment" of the filing as stated by Mr. Javier Mandry.

4. The allegations that appear in ¶ 11 and following of the Motion, are not correct, nor are they within this Court's subject matter jurisdiction. His claims that he has been victimized in the local courts, even if true, and they are not, have been made by Mr. Javier Mandry, without any success both in the local courts and in this District Court. A lengthy complaint filed on June 29, 2016, by Javier Mandry, pro se, against all his family members, a state judge, attorneys for the Commonwealth of Puerto Rico and the Municipality of Ponce in this Court based on the same allegations (Civil No. 16-2229 (JAG)) was dismissed "sua sponte' by Judge García Gregory on January 26, 2017, for a number of reasons, among which, that no basis was found for federal jurisdisction. See Exhibit A (Opinion and Order).

5. Mr. Javier Mandry's insistence of self-representation on matters in which he clearly does not understand the applicable statutory and case law, has been the source of his confusion as to the development of case JAC2008-0853 in the local courts. Having recognized Mr. Javier

Mandry's inability to understand the issues presented in the inverse condemnation case, the Puerto Rico Court of First Instance in Ponce ordered him repeatedly to retain legal representation. His continuing disregard of the court orders resulted in the entry of default under 39.2 of the Puerto Rico Civil Procedure Rules. See "Resolution" dated May 28, 2010, and identified as Exhibit B (the Resolution is in the Spanish language; a certified translation will be provided upon request).

6. Far from there being collusion and fraud involving high ranking members of the Department of Justice of Debtor, the record shows that attorneys representing Debtor have vigorously opposed plaintiffs' allegations and have taken appeals on the partial judgment entered by the Puerto Rico Court of First Instance in Ponce.

WHEREFORE, it is respectfully prayed that Mr. Javier Mandry's Motion be denied, with such other and further relief as this Court deems just and proper.

**CERTIFICATE OF SERVICE**: I hereby certify that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Office of the United States Trustee and to the attorneys of record; and by regular mail to Mr. Javier Mandry Mercado, 1326 Calle Salud, Apt. 1101, Ponce, P.R. 00717.

RESPECTFULLY SUBMITTED.

In Ponce, Puerto Rico, this 20th of July, 2017.

/s/María E. Vicéns Rivera
MARÍA E. VICÉNS RIVERA
USDC- PR 226711
9140 MARINA ST., SUITE 801
PONCE, PUERTO RICO 00717
TEL. / FAX: (787) 259-1999
E-mail: mevicens@yahoo.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Javier Mandry-Mercado,<br><br>    Plaintiff,<br><br>            v.<br><br>Victor R. Fingerhut-Mandry, *et al.*,<br><br>    Defendants. | CIVIL NO. 16-2229 (JAG) |

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

On June 29, 2016, Plaintiff Javier Mandry-Mercado ("Mr. Mandry" or "Plaintiff") appearing *pro se*, filed a Motion for Leave to Proceed *in forma pauperis*, Docket No. 1, and a Complaint against multiple Defendants, Docket No. 2. Plaintiff Amended the Complaint on June 19, 2016. Docket No. 3. From what the Court can gather from the confusing facts set forth by Plaintiff, this Complaint arises out of an alleged inverse condemnation claim. *Id.* at 9. Plaintiff alleges there was a large conspiracy to deprive him of his property rights in a share of two lots of land located on the coastline around the city of Ponce, Puerto Rico. *Id.* at 3, 9. The inverse condemnation claim appears to spawn from a law that was passed by an unidentified legislative assembly that declares the "Punta Las Cucharas" a natural reserve area and in turn affects the southern portion of both properties. *Id.* at 15-16. Plaintiff, in an unintelligible manner, seems to explain that there was a conspiracy to deny him the right to defend his property rights in his shared interest in the two lots. *Id.* at 10-13, 30-33. According to Plaintiff, a state court judge, his previous attorney, and the Municipality of Ponce were all involved in this conspiracy, among many other high profile

CIVIL NO. 16-2229 (JAG) 2

Defendants. *Id.* For the reasons state below, the Court *sua sponte* DISMISSES Plaintiff's Amended Complaint.

Because Plaintiff is proceeding *in forma pauperis*, Docket No. 1, the Court may *sua sponte* dismiss Plaintiff's case at any time for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). Section 1952(e)(2) provides

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

The Court also exercises its discretion to dismiss this complaint, *sua sponte*, under Rule 8(a), which provides that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ," *see* Fed. R. Civ. P. 8(a); and under Rule 12(b)(6), which permits a court to dismiss an action *sua sponte* "[i]f it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile . . . ." *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001).[1] To comply with Rule 8(a) and "to state a claim upon which relief can be granted" pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

---

[1] Since the standard of 28 U.S.C. § 1915(e)(2) is similar to that of Fed. R. Civ. P. 8(a), the Court makes no distinction of and proceeds to evaluate the Amended Complaint under the Rule 8(a) and 12(b)(6) duo. At any rate, the Court notes that the standard under Section 1915 is less stringent than that of Rule 8(a), and that Plaintiff's Amended Complaint fails both tests.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted). It "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570) (citation omitted).

Here, while the Court has carefully reviewed the Amended Complaint, it cannot discern the factual basis, legal theories, or grounds for jurisdiction upon which Plaintiff relies. The Complaint is jumbled with conclusory allegations that intertwine with state court cases involving wills and an inheritance. Docket No. 3 at 21, 23-24, 29-33. As such, it provides no notice of the potential claims asserted against Defendants because it fails to state a specific cause of action, the specific relief sought, or if and why this Court has jurisdiction. Considering that this is Plaintiff's second attempt at drafting a complaint that could survive dismissal and that both attempts have been similarly unintelligible, it is evident that allowing Plaintiff to amend the complaint would be futile. Thus, the Amended Complaint is **DISMISSED** *without prejudice* in this regard.

Alternatively, and based on the unclear facts of the Amended Complaint, the Court would lack subject-matter jurisdiction based on the *Rooker-Feldman* doctrine. "Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over 'federal complaints . . . [that] essentially invite[ ] federal courts of first instance to review and reverse unfavorable state-court judgments.'" *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 20 (1st

CIVIL NO. 16-2229 (JAG) 4

Cir. 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005)).[2] "Specifically, the doctrine applies only to 'limited circumstances' where 'the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Galibois v. Fisher*, 174 F. App'x 579, 580 (1st Cir. 2006) (quoting *Exxon Mobil Corp.*, 544 U.S. at 291-92).

Here, Plaintiff states that some, or all, his allegations have been reviewed by the Puerto Rico Supreme Court. Docket No. 3 at 12, 20, 24, 56. Thus, we would not be able to hear Plaintiff's case, as this Court cannot act as an appellate ombudsman for allegedly erroneous state court decisions. *Lancellotti v. Fay*, 909 F.2d 15, 17 (1st Cir. 1990) (recognizing that a federal district court lacks appellate jurisdiction to review a state court judgment under the *Rooker-Feldman* doctrine).

Plaintiff also puts forth, albeit in a confusing manner, allegations involving questionable professional conduct. Among the conflated disciplinary issues, Plaintiff alleges that attorneys have been acting in an unprofessional and sanctionable manner that may be subject to disbarment. *Id.* at 56. Plaintiff also alleges that the state court judge that is, or was, presiding over his inverse condemnation claim is biased, conspired against Plaintiff, and does not care about the law. *Id.* at 61, 29-30. The disciplinary committee of the local bar, not this Court, should hear these issues.

---

[2] The Court also entertains the possibility of alternative doctrines such as abstention under *Younger v. Harris*, 401 U.S. 37 (1971), or refusal to grant declaratory relief under *El Dia, Inc. v. Hernandez Colon*, 963 F.2d 488 (1st Cir. 1992), to justify dismissal.

CIVIL NO. 16-2229 (JAG) 5

Therefore, the Amended Complaint is hereby **DISMISSED** *without prejudice*.[3] [4] Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Thursday, January 26, 2017.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge

---

[3] The Court is mindful of the First Circuit's warnings about *sua sponte* dismissal. *See Clorox Co. P.R. v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 30 (1st Cir. 2000). However, the First Circuit has stated that *sua sponte* dismissals may be warranted without notice to plaintiffs in cases with frivolous claims or where a defective pleading could not be cured by an amendment. *Id.* at 30-31. Based on the Plaintiff's unintelligible and long complaint as explained above, the Court finds that *sua sponte* dismissal is warranted in this case. The Court also clarifies that it is dismissing this case without any prejudice to Plaintiff and that he can continue this case in state court where it may be the best forum to litigate these issues.

[4] Although *pro se* plaintiffs are generally afforded leeway in their complaints, in this case, the Amended Complaint is so unintelligible that the Court cannot accurately discern what the Plaintiff wants or if he can even get relief from this Court.

# EXHIBIT B

# ESTADO LIBRE ASOCIADO DE PUERTO RICO

*TRIBUNAL GENERAL DE JUSTICIA*
*CENTRO JUDICIAL DE PONCE*
**P. O. BOX 331791**
**PONCE, PR 00733-1791**

✓ **FAX 840-5913**

TELEFONO: (787) 841-1510    FAX (787) 841-7779

# FAX

FECHA: 2 de junio de 2010

A: Lcdo. César J. Hernández Colón   Número de Fax (787) 840-8741

Teléfono: **787-651-2304**

DE: **JUEZ LAURACELIS ROQUES ARROYO**

NÚM DE PÁGINAS: 5
(Incluyendo Portada)

**SALVADOR EDUARDO MANDRY NONES, ET ALS vs. ESTADO LIBRE ASOCIADO DE PUERTO RICO, ET ALS**

(Ponce)

MENSAJE

- Lcdo. Javier R. Miranda Rodríguez
- Lcdo. [illegible]

Si no recibe el número de páginas arriba indicado, favor de comunicarse al teléfono del suscribiente.

By bmr

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE PONCE
SALA SUPERIOR

| | |
|---|---|
| SALVADOR EDUARDO MANDRY NONES, ET ALS. *Parte Demandante* | Civil Núm.: JAC 2008-0853 (604) |
| v. | SOBRE: EXPROPIACIÓN A LA INVERSA |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO, ET ALS. *Parte Demandada* | |



## RESOLUCIÓN

El 19 de diciembre de 2009, el Sr. Javier Mandry Mercado, quien figura como demandado en el caso de epígrafe, presentó *"Contestación Enmendada a la Demanda"*. En la misma incluyó una serie de defensas afirmativas y enmiendas a las alegaciones, incorporando a su vez una "Demanda en Reconvención" y "Sentencia Declaratoria".

A tales efectos, el 12 de enero de 2010, la parte demandante presentó *"Moción Eliminatoria de 'Contestación Enmendada a la Demanda'"*, en la que solicitó, en primer lugar, que se haga cumplir la Orden emitida por este Tribunal el 15 de diciembre de 2009, en la que se le requiere al Sr. Mandry contratar representación legal. Por otro lado, la parte demandante señaló en la *"Moción Eliminatoria..."* que el demandado está haciendo alegaciones relacionadas a unos hechos que ya están siendo ventilados en otro procedimiento judicial[1], por lo que solicitó que se eliminara la *"Contestación Enmendada a la Demanda"*.

Es preciso señalar que el Sr. Javier Mandry inicialmente compareció al presente pleito con representación legal, provista por el Lcdo. Manuel R. Purcell Requena, quien suscribió la *Contestación a la Demanda* el 9 de diciembre de 2008. En respuesta a la *"Moción Eliminatoria..."* presentada por la parte demandante, el 19 de enero de 2010 el Sr. Mandry presentó *"Moción en Oposición a "Moción Eliminatoria" y en Solicitud de*

---

[1] JJV 2008-0709 (603) Sobre: Nombramiento de Contador Partidor y División de Comunidad Hereditaria

*Reconsideración"*, en la que alegó que culminó su relación profesional con el Lcdo. Purcell debido a que le ocultó información sobre lo plasmado en su contestación a la demanda.

Examinadas las alegaciones de las partes, procedemos a resolver. En la Orden de este Tribunal del 15 de diciembre de 2009, este Tribunal apercibió al Sr. Mandry a que contratara representación legal en un término de 30 días. Esta Orden no fue cumplida.

El derecho a auto representarse en los Tribunales no es absoluto ni ilimitado. Sobre este particular, el Tribunal Supremo de Puerto Rico ha expresado una serie de criterios que el juzgador deberá atender al momento de evaluar una solicitud de auto-representación legal. Estos son: 1) que la representación, como regla general, no puede ser híbrida, esto es, el acusado no debe estar representado por abogado, y a la vez, representarse por derecho propio; 2) que la decisión tiene que haber sido tomada voluntariamente, inteligente y con pleno conocimiento de causa; 3) que tiene que hacerse mediante una solicitud expresa e inequívoca al tribunal; 4) que debe ser formulada oportunamente; 5) que, además, se tomará en consideración la demora o interrupción de los procedimientos y su efecto sobre la adecuada administración de la justicia; 6) que se deberá atender el factor de la calidad de la representación que la parte habrá de procurarse, así como la complejidad de la controversia que se adjudicará; 7) que el acusado tendrá el deber de cumplir esencialmente con las reglas procesales y el derecho aplicables, aunque no se le requerirá un conocimiento técnico de éstos; 8) que el magistrado no está obligado a ilustrar al acusado acerca de las leyes o reglas; 9) que el magistrado tampoco está obligado a nombrarle abogados asesores durante el proceso; 10) que el magistrado no tiene el deber de inquirir respecto a las razones por las cuales el acusado ha elegido la representación por derecho propio, aunque en los casos que estime convenientes podría hacerlo; y 11) que el magistrado tampoco tiene la obligación de informar a su acusado su derecho a la auto-representación. *Pueblo v. Juan Manuel Cruzado Laureano*, 161 DPR 840 (2004), *Lizarribar v. Martínez Gelpí*, 121 D.P.R. 770 (1988).

2

Además, el Tribunal Supremo ha manifestado que los Tribunales al conceder o denegar una solicitud de auto-representación, deben balancear de manera justa todas las consideraciones y atender las circunstancias particulares del caso, los intereses de las partes y la eficiencia en la administración de la justicia, *Lizarríbar v. Martínez Gelpí*, 121 DPR 770 (1988).

En el presente caso, han transcurrido aproximadamente 5 meses y medio desde que este Tribunal ordenó al Sr. Mandry a comparecer al pleito con representación legal. Tal incumplimiento ha ocasionado una clara dilación en el caso, y constituye a su vez un quebrantamiento de los requisitos jurisprudenciales establecidos sobre tomar en consideración la demora o interrupción de los procedimientos y su efecto sobre la adecuada administración de la justicia. Debemos considerar a su vez, el factor que responde a la calidad de la representación que la parte habrá de procurarse, así como la complejidad de la controversia que se adjudicará. La ignorancia sobre la complejidad del procedimiento está plasmada en los escritos del Sr. Javier Mandry, los que poseen un sinnúmero de errores en derecho.[2] Por último, consideremos el hecho de que la representación, no puede ser híbrida, esto es, que la parte no debe estar representada por abogado, y a su vez, representarse por derecho propio; toda vez que el Sr. Mandry originalmente había presentado la "Contestación a la Demanda" a través de su abogado.



Aún cuando la jurisprudencia dispone que se debe ser liberal en la aceptación de las enmiendas a las alegaciones, en el caso de autos no procede la "Contestación Enmendada a la Demanda" pues el escrito refleja la falta de conocimiento del Sr. Mandry sobre las reglas procesales y el derecho aplicable. Tampoco procede que se le permita enmendar la misma, por ocasionar indebidas dilaciones y demoras en los procedimientos, pues la Demanda ya había sido contestada el 9 de diciembre de 2008 por la representación legal del Sr. Mandry, que es la persona que posee el conocimiento necesario para llevar a cabo tal función.

---

[2] Cabe señalar además que el Sr. Javier Mandry está tratando de ventilar asuntos en el caso de epígrafe que están siendo dilucidados en el JJV2008-0709.

3

Por los fundamentos antes expuestos se declara HA LUGAR la "*Moción Eliminatoria de 'Contestación Enmendada a la Demanda'*", y en su consecuencia no se autoriza la "*Contestación Enmendada a la Demanda*", por lo que prevalece la "*Contestación a la Demanda*" presentada por el Lcdo. Purcell el 9 de diciembre de 2008.

Además, se **ORDENA** al Sr. Javier Mandry a contratar representación legal en un término perentorio de 20 días; se le apercibe que el incumplimiento con esta Orden conllevará desde una sanción económica hasta la sanción más severa de eliminarle las alegaciones.

Por lo antes expuesto, el Tribunal transfiere *motu proprio* el señalamiento de Conferencia con Antelación a Juicio para el **17 de agosto de 2010.**

En cuanto a la "Moción Asumiendo Representación Legal" presentada por la Lcda. Marilyn Betancourt Jiménez, se declara HA LUGAR.

Ante el hecho de que las nuevas Reglas de Procedimiento Civil entran en vigor el 1 de julio de 2010, se apercibe a las partes a dar fiel cumplimiento a la Regla 37.4 y 37.5. El incumplimiento con las referidas reglas conllevaría sanciones económicas a la parte que incumpla a tenor con la nueva Regla 37.7 de Procedimiento Civil.[3]

NOTIFÍQUESE

En Ponce, Puerto Rico a 28 de mayo de 2010.

*LAURACELIS ROQUES ARROYO*
Juez Superior

---

[3] Las nuevas Reglas de Procedimiento Civil incorporan los criterios de *Lizarribar v. Martínez Getol* en la Regla 9.4.

4