UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | |
| THE FINANCIAL MANAGEMENT AND OVERSIGHT BOARD FOR PUERTO RICO | PROMESA TITLE III |
| as representative of | CASE NO. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et als.* | (Jointly Administered) |
| Debtor | |
| IN RE: | |
| THE FINANCIAL MANAGEMENT AND OVERSIGHT BOARD FOR PUERTO RICO | PROMESA TITLE III |
| as representative of | CASE NO. 17 BK 3566-LTS |
| EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO | (Joint Administration Requested) |
| Debtor | |
| IN RE: | |
| THE FINANCIAL MANAGEMENT AND OVERSIGHT BOARD FOR PUERTO RICO | PROMESA TITLE III |
| as representative of | CASE NO. 17 BK 3567 - LTS |
| THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY (PRHTA) | (Joint Administration Requested) |
| Debtor | |

**MOTION TO COMPEL THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO ASSUME OR REJECT EXECUTORY CONTRACTS**

TO THE HONORABLE JUDGE LAURA TAYLOR SWAIN:

NOW COMES creditor FERROVIAL AGROMAN, S.A. ("FERROVIAL"), **party in interest in the PROMESA TITLE III Case No. 17 BK 3567-LTS** represented by the undersigned law office and respectfully sets forth and prays:

### Jurisdiction

This Court has jurisdiction over the subject matter pursuant to the provisions of 28 USC Section 1334 and Section 1 *et seq.* of PROMESA, 48 USC §§ 2101 *et seq.*

### Nature of the Action

This is a contested matter to compel PRHTA to assume or reject executory contracts filed pursuant to 48 USC § 2161 and 11 USC § 365 (d)(2).

### *The Facts*

1. That FERROVIAL is a corporation organized and existing pursuant to the laws of the Commonwealth of Puerto Rico, with principal place of business in San Juan, Puerto Rico.
2. That FERROVIAL is engaged in the development and construction of infrastructure projects throughout the Island of Puerto Rico.
3. That FERROVIAL as a general contractor is a party to the ongoing construction contracts (the "Executory Contracts") executed with the Puerto Rico Highways and Transportation Authority ("PRHTA") described in *Exhibit A*.
4. That PRHTA as the Commonwealth's Transportation Agency, has jurisdictional and maintenance responsibilities for highways and bridges within the Island of Puerto Rico.
5. That 23 U.S.C. § 302(a) requires a State Transportation Agency, including PRHTA, to be suitable equipped and organized to discharge to the satisfaction of the Secretary the duties required by Title 23 U.S.C., thus, the federal government has a compelling interest to see the projects listed in *Exhibit A* completed according to the construction contract, construction plans, approved specifications and federal requirements.
6. That all the Executory Contracts described in *Exhibit A* are federally funded infrastructure ongoing projects much needed in our dire economy for the safety and transportation of residents, tourist and visitors and for the safety and transportation of goods and services in our local

economy.

7. That on May 21, 2017, the Financial Oversight and Management Board for Puerto Rico filed a petition for relief on behalf of PRHTA pursuant to Title III of PROMESA, 48 USC §§ 2161 *et seq* (the "Petition"). The Petition was filed with the intention to reorganize and adjust the debts of PRHTA.

8. That Financial Oversight and Management Board for Puerto Rico has not filed a plan of reorganization on behalf of PRHTA and from a cursory review of the docket FERROVIAL can make a reasonable inference that none will be filed in the coming months.

9. That at the time of the Petition, all Executory Contracts listed in *Exhibit A* were and still are in full effect and force and the obligations of PRHTA and FERROVIAL are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other.

10. That it is best to the interest of all concerned parties to know if PRHTA will assume or reject the Executory Contracts listed in *Exhibit A*.

### *The Code, the Authorities and the Jurisprudence*

11. That Section 301 of PROMESA, 42 USC § 2161 adopts by reference and makes applicable to these proceedings certain dispositions of the Bankruptcy Code (the "Code"), 11 USC §§ 101 *et seq*. including but not limited to the dispositions of Section 365 (d)(2) of the Code.

Section 365(d)(2) of the Code provides as follows:

> "(2) In a case under chapter 9, 11, 12, or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor at any time before the confirmation of a plan but the court, <u>on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease</u>." (Emphasis supplied).

12. The above captioned proceedings under PROMESA is as close that one can get to a hybrid combination of Chapter 9 and Chapter 11 reorganization proceedings that requires the filing of a plan of reorganization. See 11 USC § 941 and 11 USC § 1121.

13. An executory contract is considered a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other.

See Professor Vern Countryman, *Executory Contracts in Bankruptcy: Part I,* 57 Minn.L.Rev. 439, 460 (1973). See also Mason v. Official Comm. of Unsecured Creditors (In re FBI Distrib. Corp.), 330 F.3d (1st Cir. 2003).

14. The definition espoused by Professor Vern Countryman in his treatise on executory contracts has been accepted by the Supreme Court and the third circuit and other circuits as well. See N.L.R.B. v. Bildisco and Bildisco, 465 U.S. 513, 522-6, 104 S.Ct. 1188, 1194 n.6, 79 L. Ed. 2d 482 (1984) and Sharon Steel Corp. v. National Fuel Gas Distribution Corp., 872 F.2d 36, 39 (3rd Cir. 1989).

15. Construction agreements like the ones listed in *Exhibit A* are considered by their own nature as executory contracts. See In re Independent American Real Estate, Inc., 146 B.R. 546 (Bankr. N.D. Tx. 1992).

16. The Courts in the cases of In re Adelphia Communications Corp., 291 B.R. 283, 292 (Bankr. S.D. N.Y. 203) and In re Telijent, Inc., 268 B.R. 723, 738 (Bankr. S.D.N.Y. 2001) have articulated various tests or guidelines that should be taken into consideration when deciding under § 365(d)(2), *supra*, like in the case at bar, whether to enlarge or reduce a debtor's time to assume or reject an executory contract. In the In re Adelphia case, the court synthesized these decisions and developed a twelve factor test that included the following elements:

> "1. the nature of the interests at stake;
>
> 2. the balance of the hurt to the litigants;
>
> 3. the good to be achieved;
>
> 4. the safeguards afforded to the litigants;
>
> 5. whether the action to be taken is so in derogation of Congress' scheme that the court may be said to be arbitrary;
>
> 6. the debtor's failure or ability to satisfy post-petition obligations;
>
> 7. the damage that the non-debtor will suffer beyond the compensation available under the Bankruptcy Code;
>
> 8. the importance of the contract to the debtor's business and reorganization;
>
> 9. whether the debtor has sufficient time to appraise its financial situation and the potential value of its assets in formulating a plan of reorganization;

10. whether there is a need for judicial determination as to whether an executory contract exists;

11. whether exclusivity has been terminated; and

12. above all, the broad purpose of Chapter 11, which is to permit successful rehabilitation of debtors."

17. If we take into consideration that there is no certainty nor a time fixed for the filing of a plan of reorganization and if we further take into consideration that due to the nature of the Executory Contracts and the high cost to perform that is incurred and assumed by FERROVIAL on a day to day basis, including labor and materials it behooves the best interest of the contracting parties to know early at this stage of the proceedings if PRHTA is going to assume or reject the Executory Contracts. Both § 365(d)(2) and Rule 9006 (c)(1) of the Federal Rules of Bankruptcy Procedure grant the discretion to the Court to reduce for cause the term granted to PRHTA to assume or reject the Executory Contracts.

18. There is sufficient cause for the remedy requested if the Court takes into consideration that while the Executory Contracts are in full force and effect and PRHTA is taking its time to elect whether it will assume or reject the Executory Contracts, FERROVIAL is bound to honor them and to continue incurring in expenses to pay the labor and materials needed to perform under each Executory Contract. *See* Bordewieck, *The Postpetition, Pre-Rejection, Pre-Assumption Status of an Executory Contract*, 59 Am. Bankr. L.J. 197, 200, 2011-13 (1985). Just to illustrate the Court, FERROVIAL currently employs 54 of constructions workers in the projects listed in ***Exhibit A***, with a weekly payroll of $26,788.50; in addition to that, FERROVIAL makes substantial weekly disbursements for the purchase of materials and for the rental and or upkeep of construction machinery and equipment.

19. PRHTA is liable for the payment of the retainage in the Executory Contracts in the aggregate amount of $1,934,308.57 and the amount of $95,581.36 for unpaid certifications.

20. PRHTA is also liable for the compensation of damages and or claims arising out of the Executory Contracts in the aggregate amount of $485,223.13 as claimed in a complaint filed before the local courts and the amount of $896,205.76 for a variety of claims arising under the executory contracts in query as fully disclosed in ***Exhibit A***.

21. That there is no certainty that PRHTA will be able to pay the amounts retained nor the damages and or claims arising out of the Executory Contracts listed in ***Exhibit A***.

22. In view of the aforementioned facts, FERROVIAL respectfully request that PRHTA be

granted a term of 21 days to elect whether it will assume or reject the Executory Contracts listed in *Exhibit A*.

## NOTICE OF RESPONSE TIME

**Pursuant to the provisions of Local Bankruptcy Rule 9013-1(c)(1) within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.**

WHEREFORE appearing party prays for an Order granting the foregoing motion and in its consequence granting PRHTA 21 days to elect whether to assume or reject the Executory Contracts listed in *Exhibit A*.

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that on even date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: to all attorneys that have filed their respective notice of appearance and to the Standard Parties as such term is defined in the Court's Order Establishing Case Management Procedures, supra:

(i)     <u>Chambers of the Honorable Laura Taylor Swain (two copies shall be delivered to each chambers listed below)</u>:

United States District Court for the District of Puerto Rico
150 Carlos Chardón Street,
Federal Building, Office 150,
San Juan, P.R. 00918-1767

-and-

United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Suite No. 3212

New York, New York 10007-1312

(ii)  Office of the United States Trustee for Region 21
Edificio Ochoa, 500 Tanca Street, Suite 301
San Juan, PR 00901-1922

(iii) <u>Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF)</u>:

Puerto Rico Fiscal Agency and Financial Advisory Authority
Roberto Sánchez Vilella (Minillas) Government Center
De Diego Ave. Stop 22
San Juan, Puerto Rico 00907
Attn:  Gerardo J. Portela Franco
       Mohammad Yassin, Esq.
E-Mail: Gerardo.Portela@aafaf.pr.gov
        Mohammad.Yassin@aafaf.pr.gov

(iv) <u>Counsel for AAFAF</u>:

| | |
|---|---|
| O'Melveny & Myers LLP | Law Offices of Andrés W. López, Esq. |
| 7 Times Square | 902 Fernández Juncos Ave. |
| New York, New York 10036 | San Juan, PR 00907 |
| Attn: John J. Rapisardi, Esq. | Attn: Andrés W. López, Esq. |
|      Suzzanne Uhland, Esq. | E-Mail: andres@awllaw.com |
|      Peter Friedman, Esq. | |
|      Diana M. Perez, Esq. | |
| E-Mail: jrapisardi@omm.com | |
|      suhland@omm.com | |
|      pfriedman@omm.com | |
|      dperez@omm.com | |

(v) <u>Counsel for the Oversight Board</u>:

| | |
|---|---|
| Proskauer Rose LLP | O'Neill & Borges LLC |
| Eleven Times Square | 250 Muñoz Rivera Ave., Suite 800 |
| New York, New York 10036-8299 | San Juan, PR 00918-1813 |
| Attn: Martin J. Bienenstock | Attn: Hermann D. Bauer, Esq. |
|      Paul V. Possinger | E-Mail: herman.bauer@oneillborges.com |
|      Ehud Barak | |
|      Maja Zerjal | |
|      Chris Theodoridis | |
| E-Mail: mbienenstock@proskauer.com | |
|      ppossinger@proskauer.com | |
|      ebarak@proskauer.com | |
|      mzerjal@proskauer.com | |
|      ctheodoridis@proskauer.com | |

  (vi)  Counsel for the Creditor's Committee

| | |
|---|---|
| Paul Hastings, LLP | O'Neill & Gilmore |
| 200 Park Ave. | City Towers, Suite 1701 |
| New York, NY 10166 | 252 Ponce de León Ave. |
| Tel. 212-318-6626 | San Juan, PR 00918 |
| Fax 212-230-7845 | Tel. 787-620-0670 |
| Attn. James R. Bliss | Fax 787-620-0671 |
| E-mail:jamesbliss@paul hastings.com | Attn. Patrick D. O'Neill |
| | E-mail: pdo@go-law.com |

  And I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: to the members of the Creditors' Committee at their postal address of record. In San Juan, Puerto Rico, on the day 20th of July, 2017.

        CARDONA JIMENEZ LAW OFFICES, PSC
        Attorney for FERROVIAL
        PO Box 9023593
        San Juan, PR 00902-3593
        Tel: (787) 724-1303, Fax (787) 724-1369
        E-mail: jf@cardonalaw.com

        *s/José F. Cardona Jiménez*, USDC PR 124504
        jf@cardonalaw.com

EXHIBIT A

## Ferrovial Agroman SA

| PROJECT'S NAME | Original Contract amount | Current Contract amount | Amount Certified | Amount paid | Accumulated Retainage | Certification pending payment | Complaint Filed Against PRHTA | Variety of claims | Future work to be certified | Total | % COMPLETED |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Traffic Singnal System Improvements, Flomar Zone II, PR-25(AC-800308) LP-9999(104) | $ 2,432,515.00 | $ 3,266,652.11 | $ 3,081,461.95 | $ 2,928,656.71 | $ 152,805.24 | $ 0.00 | $ - | $ - | $ 185,190.16 | $ 337,995.40 | 94.33% |
| Construction of highway PR-9 from PR-132 TO PR-123, Ponce (AC-00911) LP-9(6) | $ 38,496,658.00 | $ 41,643,632.20 | $ 36,685,214.34 | $ 34,808,129.65 | $ 1,781,503.33 | $ 95,581.36 | $ 485,223.13 | $ 896,205.76 | $ 4,958,417.86 | $ 8,216,931.44 | 88.09% |
| | | | | | $ 1,934,308.57 | $ 95,581.36 | | | | $ 8,554,926.84 | |

| DESCRIPTION | Amount |
|---|---|
| Redesign Steel Posts (Extra Work Order) | $ 110,191.99 |
| Lower pile driving | $ 132,019.53 |
| Plans Existing Conditions in Río Cañas | $ 2,012.91 |
| Additional Assembly Mounting of Beams | $ 17,813.35 |
| Team Demobilization | $ 634,167.98 |
| **TOTAL** | **$ 896,205.76** |

| | |
|---|---|
| Detention of EPA paralyzed equipment | |
| **TOTAL** | **$ 485,223.13** |