# Exhibit B

**Engagement Agreement**

Prime Clerk

### Prime Clerk LLC Engagement Agreement

This Agreement is entered into as of July 7, 2017 between Prime Clerk LLC ("**Prime Clerk**") and the Official Committee of Unsecured Creditors (the "**Committee**") appointed in the PROMESA Title III case (the "**Case**") of the Commonwealth of Puerto Rico ("**Commonwealth**") (and other title III Debtors (if any) for which the Committee acts as the official committee of unsecured creditors) (together with the Commonwealth, the "**Debtors**").

In consideration of the promises set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. **Services**

   (a) Prime Clerk agrees to provide the Committee with technology, website and consulting services regarding the Committee's involvement in the Case (and any other Title III cases for which the Committee acts as the official committee of unsecured creditors), and any other services agreed upon by the parties or otherwise required by applicable law, governmental regulations or court rules or orders (all such services collectively, the "**Services**").

   (b) The Committee and Prime Clerk acknowledge and agree that Prime Clerk will take all direction from the Committee's representatives, employees, agents and/or professionals (collectively, the "**Committee Parties**") with respect to providing Services hereunder. The parties agree that Prime Clerk may rely upon, and the Committee agrees to be bound by, any requests, advice or information provided by the Committee Parties to the same extent as if such requests, advice or information were provided by the Committee.

   (c) The Committee agrees and understands that Prime Clerk shall not provide the Committee or any other party with legal advice.

2. **Rates, Expenses and Payment**

   (a) Prime Clerk will provide the Services on an as-needed basis and upon request or agreement of the Committee Parties, in each case in accordance with the rate structure attached hereto and incorporated by reference herein (the "**Rate Structure**"); provided, however, that Prime Clerk will provide a discount of (i) 10% off hourly rates (other than Director of Solicitation and Solicitation Consultant) for the life of the engagement and (ii) 10% off monthly invoices (other than media noticing, PACER or postage related charges). The Committee shall file a motion to retain Prime Clerk, which will provide that the Commonwealth shall pay for the Services and reasonable out of pocket expenses incurred by Prime Clerk in connection with this Agreement in accordance with any order entered by the Court approving Prime Clerk's retention ("**Retention Order**") and any other applicable law or rules including PROMESA, the Bankruptcy Code, Bankruptcy Rules and any other applicable order of the court. For the avoidance of doubt, the Committee and its legal and financial advisors shall not be liable for any and all fees and expenses incurred or any other amounts whatsoever under the Agreement.

   (b) The Rate Structure sets forth individual unit pricing for each of the Services. The Committee may request separate Services or all of the Services.



(c) The Committee is advised that the Commonwealth shall pay or reimburse any taxes that are applicable to Services performed hereunder or that are measured by payments made hereunder and are required to be collected by Prime Clerk.

(d) The Committee understands that Prime Clerk reserves the right to make reasonable increases to the Rate Structure on an annual basis effective on the first business day of each year. If such annual increases represent an increase greater than 10% from the previous year's levels, Prime Clerk shall provide 30 days' notice to the Committee of such increases.

(e) The Committee is advised that the Commonwealth shall pay any fees and expenses for Services relating to, arising out of or resulting from any error or omission made by the Committee or the Committee Parties.

3. **Confidentiality**

(a) The Committee and Prime Clerk agree to keep confidential all non-public records, systems, procedures, software and other information received from the other party in connection with the Services provided hereunder; provided, however, that if any such information was publicly available, already in the party's possession or known to it, independently developed, lawfully obtained from a third party or required to be disclosed by law, then a party shall bear no responsibility for publicly disclosing such information.

(b) If either party reasonably believes that it is required to disclose any confidential information pursuant to an order from a governmental authority, such party shall provide written notice to the other party promptly after receiving such order, to allow the other party sufficient time to seek any remedy available under applicable law to prevent disclosure of the information.

4. **Property Rights**

Prime Clerk reserves all property rights in and to all materials, concepts, creations, inventions, works of authorship, improvements, designs, innovations, ideas, discoveries, know-how, techniques, programs, systems, specifications, applications, processes, routines, manuals, documentation and any other information or property (collectively, "***Property***") furnished by Prime Clerk for itself or for use by the Committee hereunder. Such Property is only being made available for the Committee's use during and in connection with the Services provided by Prime Clerk hereunder.

5. **Term and Termination**

(a) This Agreement shall remain in effect until terminated by either party: (i) on 30 days' prior written notice to other party; or (ii) immediately upon written notice for Cause (as defined herein). "***Cause***" means (i) gross negligence or willful misconduct of Prime Clerk that causes material harm to the Committee's efforts in the Debtors' title III cases, or (ii) subject to the terms of the Retention Order, and any applicable laws or rules including PROMESA, the Bankruptcy Code, the Bankruptcy Rules and any other applicable order of the Court, the failure of the Debtors to pay Prime Clerk invoices for more than 60 days from the date of invoice.

(b) If this Agreement is terminated after Prime Clerk is retained pursuant to the Retention Order, the Committee promptly shall seek entry of a Court order discharging Prime Clerk of its duties



under such retention, which order shall be in form and substance reasonably acceptable to Prime Clerk.
(c) If this Agreement is terminated, the Commonwealth shall remain liable for all amounts then accrued and/or due and owing to Prime Clerk hereunder.
(d) If this Agreement is terminated, Prime Clerk shall coordinate with the Committee and, to the extent applicable, the clerk of the Court, to maintain an orderly transfer of record keeping functions, and Prime Clerk shall provide the necessary staff, services and assistance required for such an orderly transfer. The Commonwealth shall pay for such Services pursuant to the Rate Structure.

### 6. No Representations or Warranties

Prime Clerk makes no representations or warranties, express or implied, including, without limitation, any express or implied warranty of merchantability, fitness or adequacy for a particular purpose or use, quality, productiveness or capacity.

### 7. Limitations of Liability

Except as expressly provided herein, Prime Clerk's liability to the Committee for any and all losses, claims, damages, judgments, liabilities and expenses, whether direct or indirect (including, without limitation, counsel fees and expenses) (collectively, "*Losses*"), unless due to Prime Clerk's gross negligence or willful misconduct, shall be limited to the total amount paid by the Commonwealth for the portion of the particular work that gave rise to the alleged Loss. In no event shall Prime Clerk's liability to the Committee for any Losses arising out of this Agreement exceed the total amount actually paid to Prime Clerk for Services provided hereunder. In no event shall Prime Clerk be liable for any indirect, special or consequential damages (such as loss of anticipated profits or other economic loss) in connection with or arising out of the Services provided hereunder.

### 8. Committee Data

(a) The Committee is responsible for, and Prime Clerk does not verify, the accuracy of the programs, data and other information it or any Committee Party submits for processing to Prime Clerk and for the output of such information.
(b) The Committee agrees, represents and warrants to Prime Clerk that before delivery of any information to Prime Clerk: (i) the Committee has full authority to deliver such information to Prime Clerk; and (ii) Prime Clerk is authorized to use such information to perform Services hereunder.
(c) Any data, storage media, programs or other materials furnished to Prime Clerk by the Committee may be retained by Prime Clerk until the Services provided hereunder are paid in full. The Commonwealth shall remain liable for all fees and expenses incurred by Prime Clerk under this Agreement as a result of data, storage media or other materials maintained, stored or disposed of by Prime Clerk. Any such disposal shall be in a manner requested by or acceptable to the Committee; provided that if the Committee has not utilized Prime Clerk's Services for a period of 90 days or more, Prime Clerk may dispose of any such materials, and

3

**Prime Clerk**

be reimbursed by the Debtors for the expense of such disposition, after giving the Debtors and the Committee 30 days' notice.
(d) If Prime Clerk is retained pursuant to Court order, disposal of any Committee data, storage media or other materials shall comply with any applicable court orders and rules or clerk's office instructions.

### 9. No Agency Relationship

The Committee and Prime Clerk are and shall be independent contracts of each other, and no agency, partnership, joint venture or employment relationship shall arise as a result of this Agreement. Further, Prime Clerk acknowledges and understands that it holds multiple representations in connection with the Debtors' cases and will avoid conflicts, if any, that arise in connection with the title III cases of the Debtors.

### 10. Force Majeure

Whenever performance by Prime Clerk of any of its obligations hereunder is materially prevented or impacted by reason of any act of God, government requirement, strike, lock-out or other industrial or transportation disturbance, fire, flood, epidemic, lack of materials, law, regulation or ordinance, act of terrorism, war or war condition, or by reason of any other matter beyond Prime Clerk's reasonable control, then such performance shall be excused, and this Agreement shall be deemed suspended during the continuation of such prevention and for a reasonable time thereafter.

### 11. Choice of Law

The validity, enforceability and performance of this Agreement shall be governed by and construed in accordance with the laws of the State of New York.

### 12. Integration; Severability; Modifications; Assignment

(a) Each party acknowledges that it has read this Agreement, understands it and agrees to be bound by its terms and further agrees that it is the complete and exclusive statement of the agreement between the parties, which supersedes and merges all prior proposals, understandings, agreements and communications between the parties relating to the subject matter hereof.
(b) If any provision of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall in no way be affected or impaired thereby.
(c) This Agreement may be modified only by a writing duly executed by an authorized representative of the Committee and an officer of Prime Clerk.
(d) This Agreement and the rights and duties hereunder shall not be assignable by the parties hereto except upon written consent of the other; provided, however, that Prime Clerk may assign this Agreement to a wholly-owned subsidiary or affiliate without the Committee's consent.



### 13. Effectiveness of Counterparts

This Agreement may be executed in two or more counterparts, each of which will be deemed an original, but all of which shall constitute one and the same agreement. This Agreement will become effective when one or more counterparts have been signed by each of the parties and delivered to the other party, which delivery may be made by exchange of copies of the signature page by fax or email.

### 14. Notices

All notices and requests in connection with this Agreement shall be sufficiently given or made if given or made in writing via hand delivery, overnight courier, U.S. Mail (postage prepaid) or email, and addressed as follows:

| | |
|---|---|
| If to Prime Clerk: | Prime Clerk LLC<br>830 3rd Avenue, 9th Floor<br>New York, NY 10022<br>Attn: Shai Waisman<br>Tel: (212) 257-5450<br>Email: swaisman@primeclerk.com |
| If to the Committee: | Paul Hastings LLP<br>200 Park Avenue<br>New York, NY 10166<br>Attn: Luc A. Despins, Esq.<br>Tel: (212) 318-6000<br>Email: lucdespins@paulhastings.com |
| With a copy to: | The American Federation of Teachers (AFT)<br>555 New Jersey Avenue, N.W., 11th Floor<br>Washington, DC 20001<br>Attn: Mark Richard, Esq., Counsel to the President<br>Tel: (202) 879-4440<br>Email: mrichard@aft.org |

*[Remainder of page intentionally left blank]*



IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective as of the date first above written.

**Prime Clerk LLC**

By:
Title:

**The Committee**

/s/ Mark Richard

By:   The American Federation of Teachers solely in its capacity as member of the Committee (and not in its individual capacity); authorized by the Committee to sign this Engagement Agreement

By:   Mark Richard
Title:   Counsel to the President

6



IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective as of the date first above written.

Prime Clerk LLC

By: *(signature)*
Title: Executive Vice President
Benjamin Schrag

The Committee

By: The American Federation of Teachers
solely in its capacity as member of the
Committee (and not in its individual capacity);
authorized by the Committee to sign this
Engagement Agreement

By: Mark Richard
Title: Counsel to the President

6