**Hearing Date:** August 9, 2017 at 9:30am (Prevailing Eastern Time)
**Objection Deadline:** July 28, 2017 at 4:00pm (Prevailing Eastern Time)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.<br>Debtors.[1] | PROMESA<br>Title III<br><br>NO. 17-BK-3283 (LTS)<br><br>(Jointly Administered) |

### NOTICE OF HEARING ON MOTION REQUESTING APPOINTMENT OF ADDITIONAL COMMITTEE OF GOVERNMENT EMPLOYEES AND ACTIVE PENSION PLAN PARTICIPANTS OR, IN THE ALTERNATIVE, FOR THE RECONSTITUTION OF THE RETIREE COMMITTEE

**PLEASE TAKE NOTICE** that a hearing on the annexed *Motion Requesting Appointment of Additional Committee of Government Employees and Active Pension Plan Participants or, in the Alternative, for the Reconstitution of the Retiree Committee* (the "Motion") filed by the University of Puerto Rico Retirement System Trust (the "Trust"), pursuant to 11 U.S.C. §1102(a)(2) and (a)(4), made applicable to these Title III cases by section 301 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 or "PROMESA," will be held before the Honorable Laura Taylor Swain, United States District Court Judge, at the United States District Court for the District of Puerto Rico, in Room 3, 150 Carlos Chardón Street, Federal Building,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

Office 150, San Juan, Puerto Rico 00918-1767 on **August 9, 2017 at 9:30 a.m. (Prevailing Eastern Time)** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Puerto Rico, shall be filed with the Court (a) by attorneys practicing in the District Court, including attorneys admitted *pro hac vice*, electronically in accordance with rule 5 of the Local Rules for the District of Puerto Rico (the "Local District Court Rules"), and (b) by all other parties in interest, on a CD-ROM, in text searchable portable document format (PDF), to the extent applicable, and shall be served in accordance with the First Amended Case Management Procedures (Docket No. 262-1), so as to be so filed and received no later than **July 28, 2017 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an Objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the District Court may enter an order granting the relief sought without a hearing pursuant to the First Amended Case Management Procedures.

Dated: July 21, 2017
San Juan, Puerto Rico

        Respectfully submitted,

        **ANTONETTI MONTALVO & RAMIREZ COLL**
        P.O. Box 13128
        San Juan, PR 00908
        Tel: (787) 977-0303
        Fax: (787) 977-0323

        **s/ Jose L. Ramirez-Coll**
        JOSE L. RAMIREZ-COLL
        USDC-PR No. 221702
        jramirez@amrclaw.com

**Hearing Date:** August 9, 2017 at 9:30am (Prevailing Eastern Time)
**Objection Deadline:** July 28, 2017 at 4:00pm (Prevailing Eastern Time)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.<br>Debtors.[2] | PROMESA<br>Title III<br><br>NO. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**MOTION REQUESTING APPOINTMENT OF ADDITIONAL COMMITTEE OF GOVERNMENT EMPLOYEES AND ACTIVE PENSION PLAN PARTICIPANTS OR, IN THE ALTERNATIVE, FOR THE RECONSTITUTION OF THE RETIREE COMMITTEE**

**TO THE HONORABLE COURT:**

**COMES NOW** creditor University of Puerto Rico Retirement System Trust (the "Trust"), through the undersigned counsel, and respectfully states and prays as follows:

**I. INTRODUCTION**

On May 5, 2017 the "Ad Hoc Retiree Committee," which purported to represent some of the Trust's retirees, filed a motion requesting its appointment as the official retiree committee in these bankruptcy proceedings. Docket No. 8. On May 19, 2017 the U.S. Trustee responded to this

---

[2] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

3

motion by stating that, even though he disagreed with the scope of the relief requested in the motion, he agreed that the creation of a retiree committee was necessary given the particular circumstances of this case. Docket No. 192.

On May 19, 2017, the University of Puerto Rico ("UPR")[3] filed a response to the motion filed at Docket No. 8 and explained that the members of the Ad Hoc Retiree Committee do not represent the interests of 18,555 current Trust participants, including UPR employees who are actively contributing to the Trust ("Active Trust Participants") and retired UPR employees ("Retired Trust Participants"), and that the Trust was uniquely positioned to represent the interest of all Trust participants, through its Retirement Board. Docket No. 196.

On May 26, 2017 the United Auto Workers International Union ("UAW") filed a response to the motion filed at Docket No. 8, arguing that, in light of potential conflicts of interests, any official retiree committee should represent the interests of retirees only and that the interests of the many tens of thousands of individuals who are still actively employed by the Commonwealth of Puerto or other Puerto Rico public-sector instrumentalities should be represented by a separate official employee committee. Docket No. 222. The U.S. Trustee did not respond to the UPR's or the UAW's motions and the Court has not entered any orders in this regard.

On June 12, 2017 the Trust appeared in this case through the undersigned. Docket No. 312. On June 13, 2017, the Trust wrote to the U.S. Trustee explaining the scope of the claims of the Trust in this case, on behalf of the Trust's Participants, and discussing the possibility of the participation of the Trust in the retiree committee to be appointed in the case of reference, through one of its Retirement Board members, who represent all of the 18,855 Trust´s Participants and are elected by vote. **Exhibit 1**.

---

[3] The UPR is an entity separate and distinct from the Trust, which has separate assets and claims in these proceedings.

On June 15, 2017 the U.S. Trustee appointed the official Retiree Committee. Docket No. 340. None of the members of the Retiree Committee are Active Trust's Participants.

On June 19, 2017, the Trust wrote again to the U.S. Trustee, respectfully requesting that the Trustee reconsider the current constitution of the Retiree Committee in order to: (1) appoint a separate committee of Active Trust's Participants (vis-à-vis retirees); (2) reconstitute the Retiree Committee to remove any Trust's Participants that are existing retirees (who for the reasons explained below are not creditors in this case) and (3) include a representative of the Active Trust's Participants in the applicable committee. **Exhibit 2**.

On June 23, 2017, the Office of the U.S. Trustee served a letter on the undersigned explaining that it was not considering any further action at this time, but that, if facts and circumstances changed, it would revisit the issue of other committees and committee composition. **Exhibit 3**.

For the reasons that follow, the Trust respectfully submits that, pursuant to 11 U.S.C. §1102(a)(2), the Court should order the appointment of an additional committee of active government employees (an "Employee Committee"), which should include, among others, Active Trust's Participants. In the alternative, and pursuant to 11 U.S.C. §1102(a)(4), this Court should order the reconstitution of the Retiree Committee in order to exclude Retired Trust Participant's and to include at least one Active Trust's Participant.

## II. ARGUMENT

### A. Statutory predicate for relief requested

Bankruptcy Code Section 1102, which PROMESA[4] incorporates, see 48 U.S.C. §2161, provides for the appointment of a committee of unsecured creditors. See 11 U.S.C. §1102(a)(1).

---

[4] The Puerto Rico Oversight, Management, and Economic Stability Act, 48 U.S.C. § 2101, et seq.

5

Section 1102(a)(2) states that "the court may order the appointment of additional committees **of creditors** or of equity security holders if necessary to assure **adequate representation of creditors** or of equity holders." 11 U.S.C. §1102(a)(2) (emphasis ours). The Code gives courts discretion to determine whether additional committees are warranted, but "[t]he statutory focus is on adequacy of representation." Beker Indus. Corp., 55 B.R. 945, 949 (Bankr. S.D.N.Y. 1985). "[O]nce the statutory tests are met, the burden shifts to the opponent of the motion to show that the cost of the additional committee sought significantly outweighs the concern for adequate representation and cannot be alleviated in other ways." Id.

"[W]hile the United States trustee appoints committee members, the court determines the adequacy of creditor representation, if raised by a party in interest. If raised, the issue of adequate representation must be determined by the court de novo after the United States trustee performs his administrative task of appointing the committee members. If the court determines that additional committees must be appointed to assure adequate creditor representation, the United States trustee actually appoints the additional committees. Presumably, the court might determine that adequate representation can be obtained by the United States trustee expanding a committee's membership." In re First RepublicBank Corp., 95 B.R. 58, 59 (Bankr. N.D. Tex. 1988) (internal citations omitted).

The standard of "adequate representation," for purposes of determining whether an additional committee of creditors should be appointed, lies not in the uniqueness of a single claim but in the nature of the case and the composition of the committee. In re Drexel Burnham Lambert Grp., Inc., 118 B.R. 209, 212 (Bankr. S.D.N.Y. 1990). "[T]he chief concern of adequacy of representation is whether it appears that different classes of debt and equity holders may be treated

6

differently under a plan and need representation through appointment of additional committees." Id.

For example, an additional committee representing employees of debtor would be appointed, where employees were also creditors by virtue of their participation in employee stock ownership plan trust, which had filed a claim for over $500,000, and secured creditors committee's conduct in raising issue of whether employees were equity security holders or even creditors of debtor indicated that it was not in a position adequately to represent interests of employees. See Matter of Mansfield Ferrous Castings, Inc., 96 B.R. 779, 781 (Bankr. N.D. Ohio 1988).

On the other hand, Section 1102(a)(4) provides that "[o]n request of a party in interest and after notice and a hearing, the court may order the United States trustee to change the membership of a committee appointed under this subsection, if the court determines that the change is necessary to ensure adequate representation of creditors or equity security holders." 11 U.S.C. §1102(a)(4).

"Section 1102(a)(4) does not authorize the court to 'review' any decision of the U.S. Trustee." In re ShoreBank Corp., 467 B.R. 156, 161 (Bankr. N.D. Ill. 2012). "The plain language of the statute, in other words, calls for an independent determination of whether a change in committee composition is necessary; it does not give the bankruptcy court an appellate function or a role akin to administrative review." Id. at 162. In other words, "Section 1102(a)(4) demands an independent judicial determination of whether committee membership must be changed 'to ensure adequate representation.'" Id. at 163.

### B. Claims of Trust's Participants in these bankruptcy proceedings

This Court can take judicial notice of the fact that the Trust--an entity with interests separate from the Commonwealth--is not debtor in this case. In addition, as of this date, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") has not

7

approved a fiscal plan for the UPR pursuant to Section 201 of PROMESA, 48 U.S.C. §2141, and no Title III proceeding is pending in connection therewith.[5] Retired Trust's Participants receive their pension benefits directly from the Trust, which is funded through their previous contributions, the contributions of Active Trust's Participants and their employer, the UPR. Bayron Toro v. Serra, 119 P.R. Dec. 605, 608, 19 P.R. Offic. Trans. 646, 650 (1987). Hence, to the extent that neither the UPR nor the Trust are debtors in these proceedings, Retired Trust Participant's are not creditors in this case and are not eligible to participate in any committees formed pursuant to 11 U.S.C. §1102(a)(2).

On the other hand, the Active Trust's Participants do have an interest in this case, and the Trust is actually a creditor in these proceedings on behalf of these participants. See Docket No. 568-3 at 1918. The Trust is separate and distinct from the UPR, and has claims against other retirement systems, agencies or instrumentalities of the Commonwealth of Puerto Rico, pursuant to the Reciprocity Act, PR Law No. 59 of June 10, 1953, 3 P.R. Laws Ann. §797, et seq., which requires the Commonwealth and its instrumentalities to transfer to the Trust a percentage of added contributions from previous government employers of certain Active Trust´s Participants that transferred from other agencies to become UPR employees. See 3 P.R. Laws Ann. §799. The Trust has all the necessary information regarding all Trust Participants and is uniquely positioned to advocate the interests of these 18,555 individuals. The Trust's Retirement Board, in particular its President, who is also an Active Trust's Participant, could readily serve in any committee as a representative of the 10,438 Active Trust´s Participants.

---

[5] See, for example, https://juntasupervision.pr.gov/index.php/en/documents/

### C. The interests of all Trust´s Participants are not adequately represented by the Retiree Committee

At present, it is unclear at best whether the Retiree Committee purports to represent only the interests of retirees or also the interests of active government employees and pension plans participants, including but not limited to the Active Trust Participants. The appearances filed to date by committee counsel have been filed on behalf of the "Official Committee of Retired Employees of the Commonwealth of Puerto Rico." <u>See for example</u>, Docket No. 435.

In addition to the potential conflicts of interests outlined by the UAW in its motion at Docket No. 222, incorporated herein by reference, a committee of **retired** employees, even if it includes Trust participants who are retirees, cannot and does not adequately represent the interests of over 10,438 Active Trust´s Participants, simply because Trust participants who are retired are not creditors in these proceedings, are ineligible and lack standing to participate in any committees and their interests are thus not aligned with those of Active Trust's Participants in this case. For these reasons, we respectfully submit that the Court should order the appointment of a separate committee of active Commonwealth employees, which should include Active Trust Participants, that can adequately represent the interests of 10,438 UPR employees.

In the alternative, and to the extent the Retiree Committee purports to represent both active as well as retired Commonwealth employees, this Court should order the reconstitution of the Retiree Committee in order to exclude any Retired Trust Participants,[6] who are not creditors in this case, and include at least one Active Trust Participant in the committee who can actually represent the interests of the 10,432 individuals that are truly at stake in these proceedings.

---

[6] Upon information and belief, there is at least one Retired Trust Participant currently in the Retiree Committee, but no Active Trust Participants.

9

## Notice

Notice of this Motion has been given in accordance with this Court's Order (A) Imposing and Rendering Applicable Local Bankruptcy Rules to These Title III Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief, as amended. (Docket Nos. 249, 262.) The Trust submits that, in light of the nature of the relief requested, no other or further notice need be given. The relief requested herein may be granted without a hearing if no objection is timely filed and served in accordance with the Amended Case Management Procedures adopted in this case (Docket No. 262-1).

**WHEREFORE**, on behalf of all Trust participants, particularly its 10,432 active members not currently represented by the Retiree Committee, the Trust respectfully requests that the Court order the appointment of an additional committee of active government employees and pension plan participants (an "Employee Committee"), which should include, among others, at least one Active Trust Participant. In the alternative, the Trust respectfully requests that the Court order the reconstitution of the Retiree Committee in order to exclude any Retired Trust Participants and include at least one Active Trust Participant.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 21st day of July, 2017.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

**ANTONETTI MONTALVO & RAMIREZ COLL**
P.O. Box 13128
San Juan, PR 00908
Tel: (787) 977-0303
Fax: (787) 977-0323

**s/ Jose L. Ramirez-Coll**
JOSE L. RAMIREZ-COLL
USDC-PR No. 221702
jramirez@amrclaw.com