# Antonetti Montalvo & Ramírez-Coll
## ATTORNEYS AT LAW



June 13, 2017

**VIA EMAIL**
The Office of the Unites States Trustee
Guy G. Gebhardt
Vivian Kelly
ustp.region21.at.prcommittees@usdoj.gov

Re: In re The Financial Iversight and Management Board of Puerto Rico, as representative of the Commonwealth of Puerto Rico, Case No. 17-03283 (PROMESA, Tit. III)

Dear all:

The undersigned represents the University of Puerto Rico Retirement System (the "System") in the PROMESA Title III case of the Commonwealth of Puerto Rico, Case No. 17-03283. The System is a trust with assets that are separate and distinct from the University of Puerto Rico ("UPR"). The System's Board is comprised of 18 members, including plan participants and retirees, who are elected by the plan participants and retirees themselves, and who represent their interests. The undersigned was authorized to represent the System as legal counsel on June 8, 2017 and formally filed an appearance on June 12, 2017.

As you know, on May 5, 2017 the Ad Hoc Retiree Committee, which purports to represent some of the System's plan participants and retirees, filed a motion requesting its appointment as the official retiree committee in these bankruptcy proceedings. Several parties reacted to this motion, including the Trustee, the United Auto Workers International Union ("UAW") and the UPR. In particular, in its motion, filed on May 19, 2017, UPR explained that the members of the Ad Hoc Retiree Committee do not represent the interests of all of the System's plan participants and retirees, and that the System was uniquely positioned to represent the interest of all UPR plan participants and retirees, through its Board. No response to the UPR's motion was filed.

On June 8, 2017 counsel for UPR contacted the US Trustee, Monsita Lecaroz, to inform her that the System was retaining separate counsel and asking whether the System could participate in a meeting regarding the formation of a retiree committee in this case, scheduled for June 9, 2017. Counsel for UPR got the impression that even though the System should not attend the meeting, no final decision would be reached regarding the committee and that the undersigned should contact the Trustee once he was formally retained by the System in order to discuss its potential participation. Apparently, this was a misunderstanding, as today I spoke to Trustee Lecaroz and she informed me that only those persons that had completed the relevant form by June 5, 2017 had been invited to the meeting. I briefly explained to Ms. Lecaroz what the System could bring to the committee and she referred me directly to you.

PO Box 13128 San Juan, PR 00908

T + 1 [787] 977 0303   F + 1 [787] 977 0323
info@amrclaw.com
amrclaw.com

The System, as a trust separate and distinct from the UPR, has potential claims against other retirement systems, agencies or instrumentalities of the Commonwealth of Puerto Rico, pursuant to the Reciprocity Act, PR Law No. 59 of June 10, 1953, which requires the Commonwealth and its instrumentalities to transfer to the System employer contributions of employees that transfer from other agencies to become UPR employees. The System also has up-to-date information regarding all plan participants, beneficiaries and retirees and is uniquely positioned to advocate the interests of **all of these individuals** (approximately 20,000 persons), not just the interests of the members of the associations that belong to the Ad Hoc Committee.

The undersigned is aware that the formal deadline to request admission to the committee elapsed before he was retained by the System. However, since May 19, 2017 the UPR had informed the Court and the Trustee of the System's unique position, vis-à-vis purported representatives of UPR plan participants and retirees. The System is not a government unit, it is a retirement trust that is separate and distinct from the UPR and could participate in the committee through its Executive Director or one of its Board members, who would also be a plan participant. Any of these individuals have the necessary expertise and knowledge regarding the inner workings of the relevant pension plan (including its approximately 20,000 members), plan investments, actuarial issues, applicable laws and regulations and the scope of any claims against the debtor or its instrumentalities in this case. The System believes that it has valuable information to add in any negotiation process conducted by the committee and that its absence from the committee would actually prejudice UPR retirees and may delay instead of facilitate the process.

We would appreciate if you could contact us to discuss the possibility of the participation of the System in the retiree committee to be appointed in the case of reference, either through its Executive Director or one of its Board members, all of whom are plan participants. We would also appreciate if you could let us know the Trustee's position regarding the UAW's motion, to the effect that separate committees should be created for plan participants vis-à-vis retirees.

Thank you in advance for your attention to this matter.

Regards,

José L. Ramírez-Coll, Esq.

