# Antonetti Montalvo & Ramírez-Coll
## ATTORNEYS AT LAW



June 19, 2017

**VIA EMAIL**
The Office of the Unites States Trustee
Guy G. Gebhardt
Vivian Kelly
ustp.region21.at.prcommittees@usdoj.gov

Re: <u>In re The Financial Oversight and Management Board of Puerto Rico, as representative of the Commonwealth of Puerto Rico</u>, Case No. 17-03283 (PROMESA, Tit. III)

Dear all:

On June 13, 2017, prior to the appointment of the Official Committee of Retirees (the "Committee") in the case of reference, we wrote to you on behalf of the University of Puerto Rico ("UPR") Retirement System (the "UPR System") regarding the UPR System's interest in participating in the Committee through one of the members of the UPR Retirement Board (the "Retirement Board"), who are retirees or active plan participants themselves. We explained that any of these individuals have the necessary expertise and knowledge regarding the inner workings of the relevant pension plan, plan investments, actuarial issues, applicable laws and regulations and the scope of any claims against the debtor or its instrumentalities in this case. In fact, the 16 members of the Retirement Board are the only true representatives of all of the approximately 20,000 members of the UPR System, democratically elected by retirees and active plan participants to represent their interests.

In our communication, we also inquired about the Trustee's position regarding the motion filed by the United Auto Workers International Union ("UAW"), to the effect that separate committees should be created for active plan participants vis-à-vis retirees, in light of potential conflicts between these two groups.

We are in receipt of the notice of appointment of the official committee of retirees dated June 15, 2017 (Docket No. 340). We are also in receipt of your e-mail of even date in response to our June 13, 2017 correspondence, which we appreciate. However, your communication did not clarify whether the Committee, as constituted, would represent active plan participants as well as retirees. This distinction is material, and at present we can only assume that the Committee members purport to represent both groups.

PO Box 13128 San Juan, PR 00908

T + 1 [787] 977 0303    F + 1 [787] 977 0323
info@amrclaw.com
amrclaw.com

In this connection, we respectfully submit that the Trustee should consider the appointment of a separate committee of plan participants who are active employees. The President of the Retirement Board, who is an active plan participant, is willing and able to participate in such a committee, on behalf of the UPR System members who have an interest in the outcome of these proceedings. We also respectfully submit that the current Committee should be reconstituted to exclude UPR System retirees, who are ineligible and lack standing to participate in the Committee, and—to the extent a separate committee is not created—include in the Committee a representative of the UPR System active plan participants, such as the President of the Retirement Board, to represent the interests of the UPR System's members that can actually be affected by these proceedings.

Beyond the potential conflicts of interests outlined in the motion filed by UAW at docket No. 222, there is a fundamental difference between the interests of the UPR System's retirees vis-à-vis the UPR System's active plan participants in these Title III proceedings. Neither the UPR nor the UPR System are debtors in these proceedings. These proceedings do not involve the restructuring of UPR's debt, and the UPR System's trust funds are also not at stake here. Hence, UPR retirees do not have a claim against the Commonwealth in this case. In other words, UPR retirees are not creditors in this case and do not share the same interests as retirees from other government entities or instrumentalities covered by these Title III proceedings. For these reasons, UPR System retirees lack the requisite standing and are ineligible to participate as members of the Committee, as they do not share the same interests as active plan participants.

On the other hand, as explained in our June 13 correspondence, the UPR System, as a trust separate and distinct from the UPR, has potential claims against other retirement systems, agencies or instrumentalities of the Commonwealth of Puerto Rico, pursuant to the Reciprocity Act, PR Law No. 59 of June 10, 1953, which requires the Commonwealth and its instrumentalities to transfer to the UPR System employer contributions of employees that transfer from other agencies or instrumentalities to become UPR employees. The application of this statute in the context of these Title III proceedings directly affects UPR System plan participants and active UPR employees (vis-à-vis UPR retirees), none of whom are adequately represented in the Committee as constituted. We submit that the President of the Retirement Board, an active plan participant himself, is the individual best suited to represent the interests of active plan participants for whom the appropriate transfer of employer contributions has not been made by debtor. UPR retirees do not have standing to advocate on behalf of these plan members.

For the reasons outlined above, we respectfully request that the Trustee reconsider the current constitution of the Committee in order to: (1) appoint a separate committee of active plan participants (vis-à-vis retirees); (2) reconstitute the Committee to remove any UPR System retirees (who are not creditors in this case) and (3) include a representative of the UPR System's active plan participants in the applicable committee. The President of the System's Retirement Board is the person best suited to represent the UPR's System's active plan participants in either a separate committee or in the reconstituted Committee, as outlined above.



These proceedings present challenges and issues that go beyond those usually handled in ordinary bankruptcy proceedings in our District. In light of the foregoing, we ask that you allow us the opportunity to discuss these issues further in a telephone conference, in order to safeguard the interests of all of the UPR System's members.

Cordially,

José L. Ramírez-Coll

