IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT<br>AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AND NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION TO THE NOTICE OF PRESENTMENT OF ORDER (A) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, (B) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (C) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

To the Honorable United States District Court Judge Laura Taylor Swain:

Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (f/k/a Financial Security Assurance Inc.) (together, "Assured") National Public Finance Guarantee Corporation ("National" and, together with Assured, the "Objectors") file this limited objection and reservation of rights (the "Limited Objection") to the *Notice Of Presentment Of Order (A) Prohibiting Utilities From Altering, Refusing Or Discontinuing Service, (B) Deeming Utilities Adequately Assured Of Future Performance, And (C) Establishing Procedures For Determining Adequate Assurance Of Payment* (ECF No. 658) (the "Proposed Order").[1] In support of its Limited Objection, the Objectors respectfully submit as follows:

---

[1] Capitalized terms that are used but not defined herein shall have meanings given to them in the Proposed Order.

-1-

**BACKGROUND**

1. On May 16, 2017, the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") filed an urgent motion seeking interim and final orders that prohibited utilities from altering, refusing, or discontinuing service (ECF No. 167) (the "Motion"). The Motion set forth various adequate assurance procedures, which among other things, required utility providers to provide AAFAF with an additional assurance request on or before seven days before a final hearing on the Motion.

2. On July 17, 2017, AAFAF filed a notice of presentment (the "Notice") on behalf of certain debtor entities in these Title III cases, including the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highway and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"). The Notice presents the Proposed Order, which requires certain utility providers to continue to provide utility services to ERS, the Commonwealth, and HTA in exchange for administrative expense priority claims as adequate assurance of payment. The Proposed Order includes the Puerto Rico Electric Power Authority ("PREPA") and the Puerto Rico Aqueduct and Sewer Authority ("PRASA") among the Utility Providers that are to be bound by the Proposed Order. Both entities act at the direction of AAFAF, and their legal and financial advisors are retained by AAFAF.

3. On July 2, 2017, after AAFAF filed its Motion and before it filed its Proposed Order, the Financial Oversight and Management Board for Puerto Rico ("FOMB") filed a Title III petition on behalf of PREPA. Assured holds and/or insures over $840 million of revenue bonds issued by PREPA. National holds and/or insures over $1.3 billion of revenue bonds issued by PREPA. The revenue bonds are secured by the receipts and income that PREPA

receives through the sale of electricity to customers and by virtue of PREPA's operation of its system, including receipts to be collected from various governmental entities.[2]

4. As a Title III debtor, PREPA is an entity that acts at the direction the FOMB, as well as AAFAF. Both FOMB and AAFAF also act as representatives on behalf of other Title III debtors, including HTA, ERS, and the Commonwealth. *See* ECF No. 658, p. 1 (noting AAFAF filed the Proposed Order as the "entity authorized to act on behalf of the Debtor entities" pursuant to Act 2-2017). Certain of those governmental entities have consistently been delinquent in paying PREPA for electric power. *See, e.g.,* Accounts Receivable and CILT Report (attached hereto as Exhibit C), at 78, 81 (noting that HTA and Tren Urbano refused "to make even partial payments of their current invoices" and that HTA and Tren Urbano refused to make any payments to PREPA since September 2013 despite incurring approximately $1.1 million per month in utility bills). Notably, HTA listed PREPA as its largest unsecured creditor, holding a $46 million unsecured claim. *See* Case No. 17-03567-LTS, ECF No. 1 (May 22, 2017).

5. On July 18, 2017, the Objectors and other PREPA revenue bondholders (the "Movants") filed a motion pursuant to section 362(d) of the Bankruptcy Code for relief from the automatic stay to allow those creditors to enforce their statutory right to have a receiver appointed for PREPA ("Lift Stay Motion"). *See* Case No. 17-04780-LTS, ECF No. 74. In the Lift Stay Motion, the Movants contend that a receiver must be appointed to ensure that PREPA

---

[2] Assured is also an insurer of approximately $373 million of revenue bonds issued by PRASA. As with PREPA, PRASA's revenue bonds are secured by a lien on receipts that PRASA receives in connection with utility services that it provides to its customers. On July 20, 2017, PREPA filed a motion pursuant to section 366 of the Bankruptcy Code requiring PRASA to continue to deliver utility services to PREPA. *See* Case No. 17-04780-LTS, ECF No. 96. Assured reserves the right to object to that motion, particularly given that AAFAF has retained the ***same*** law firm to represent ***both*** PREPA and PRASA. *See Greenberg Traurig Lands New Contracts with AAFAF, PRASA*, Reorg Research, July 13, 2017, attached as Exhibit D.

begins to charge and collect revenues in amounts sufficient to cover debt service and current operating expenses, and to disentangle PREPA from its conflicts of interest with AAFAF and FOMB. As part of the Lift Stay Motion, the Movants seek relief to have the stay lifted in order to file a complaint with a court of competent jurisdiction to appoint a receiver pursuant to PREPA's enabling statute and the trust agreement governing the issuance of PREPA's revenue bonds (the "Receiver Complaint"). The Lift Stay Motion has been scheduled to be heard at the August 9, 2017 omnibus hearing.

## LIMITED OBJECTION

6. For the reasons set forth herein, PREPA and PRASA should not be included in the list of Utility Providers covered by the Proposed Order. Alternatively, the Proposed Order should be denied unless the Proposed Order is amended to delete paragraph 11 and to otherwise incorporate the changes as set forth in the Objectors' proposed order, attached hereto as Exhibit A ("Objectors' Proposed Order").[3]

7. First, the inclusion of PREPA as a Utility Provider covered by the Proposed Order is deeply troubling given that PREPA is a Title III debtor that acts at the direction of AAFAF and FOMB. PREPA's liquidity issues stem, in part, from PREPA's inability to collect from delinquent governmental entities and municipalities, including HTA. While the Proposed Order authorizes and directs ERS, HTA, and the Commonwealth to make payments to PREPA for any services that it provides, the provisions pertaining to adequate assurance are deficient in light of the conflicts of interest that exist between PREPA and the other entities represented by AAFAF and FOMB. The Proposed Order further provides that "[e]xcept to the extent that a Utility Provider agrees to different treatment, Adequate Assurance

---

[3] Attached hereto as Exhibit B is a blackline of AAFAF's Proposed Order compared to the Objectors' Proposed Order.

Claims against a Debtor that have not been paid during these cases prior to the confirmation of such Debtor's plan shall be paid in cash by such Debtor on the effective date of its plan . . . ." Proposed Order ¶ 5.

8. Even though a Utility Provider, such as PREPA, may seek additional adequate assurance beyond the administrative expense claim, it is highly implausible to believe that PREPA—an entity that currently acts at the direction of, and whose advisors are retained by, the conflicted AAFAF (the entity that filed the Motion on behalf of HTA)—would make or vigorously pursue such a request. AAFAF and FOMB act as representatives for HTA, the Commonwealth, and the ERS. HTA, in turn, has been delinquent in making payments to PREPA on account of the electricity that it receives. There is no plausible reason to believe that HTA or other delinquent Commonwealth entities would provide current payments, and it is difficult to believe that PREPA (acting at the direction of AAFAF and FOMB) will request additional assurance of payment. This will mean that PREPA will provide free power to HTA and other delinquent Commonwealth entities during the Title III case. Providing free power, in turn, will result in decreased revenues for PREPA, which will exacerbate its liquidity position and prejudice its stakeholders, including revenue bondholders.

9. Second, in light of the conflicts of interest of AAFAF and FOMB, if PREPA or PRASA are granted an administrative expense claim, PREPA or PRASA should not have blanket authority to agree to different treatment under any plan of adjustment for the administrative expense claim, and should be required to receive cash from the applicable debtor on the effective date of the plan. Any treatment to the contrary would unduly prejudice PREPA's or PRASA's stakeholders by depriving them of revenues that are sorely needed to pay PREPA's or PRASA's current operating expenses and its debt service. Moreover, as a debtor, PREPA owes a duty to its stakeholders to maximize the value of its estate. *See, e.g., Toibb v.*

*Radloff,* 501 U.S. 157, 163-64 (1991) (noting that a primary purpose of the Bankruptcy Code is to maximize the value of the bankruptcy estate); *In re Wintex, Inc.*, 158 B.R. 540, 543 (D. Mass. 1992) (noting that a debtor's principal obligation was "to maximize value for its creditors").

10. Third, paragraph 11 of the Proposed Order, as currently drafted, is both ambiguous and unnecessary given the inclusion of paragraph 10 of the Proposed Order. Moreover, as noted above, the Objectors and other Movants filed the Lift Stay Motion. If granted, the Movants intend to file the Receiver Complaint in a court of competent jurisdiction in order to appoint a receiver. Such a receiver would be afforded powers pursuant to PREPA's enabling act, and would have the power to make an Additional Assurance Request on HTA, the Commonwealth, and ERS. Thus, the Proposed Order should not prejudice any receiver's ability to make such a request on behalf of PREPA, and any requirement for a "timely Additional Assurance Request" under paragraph 11 of the Proposed Order should not apply to any receiver unless and until such receiver is appointed by a court of competent jurisdiction.

11. For these reasons, paragraph 11 of the Proposed Order should be struck. In the alternative, paragraph 11 should be amended as set forth in Objectors' Proposed Order. *See* Exs. A, B.

## CONCLUSION

For the reasons set forth herein, the Objectors respectfully request that the Proposed Order be denied unless it is amended to delete paragraph 11 and to otherwise incorporate the changes set forth in the Objectors' Proposed Order. The Objectors further reserve all of its rights under PROMESA, the Bankruptcy Code, and other applicable law in the event that PREPA or PRASA fail to act in the best interests of their stakeholders.

Dated: San Juan, Puerto Rico
July 21, 2017

        CASELLAS ALCOVER & BURGOS P.S.C.

By: */s/ Heriberto Burgos Pérez*
    Heriberto Burgos Pérez
    USDC-PR 204809
    Ricardo F. Casellas-Sánchez
    USDC-PR 203114
    Diana Pérez-Seda
    USDC-PR 232014
    P.O. Box 364924
    San Juan, PR 00936-4924
    Telephone: (787) 756-1400
    Facsimile: (787) 756-1401
    Email: hburgos@cabprlaw.com
             rcasellas@cabprlaw.com
             dperez@cabprlaw.com

CADWALADER, WICKERSHAM & TAFT LLP

By: */s/ Howard R. Hawkins Jr.*
    Howard R. Hawkins, Jr.*
    Mark C. Ellenberg*
    Nathan Bull
    Ellen M. Halstead*
    Thomas J. Curtin*
    Casey J. Servais*
    200 Liberty Street
    New York, NY 10281
    Telephone: (212) 504-6000
    Facsimile: (212) 406-6666
    Email: howard.hawkins@cwt.com
             mark.ellenberg@cwt.com
             nathan.bull@cwt.com
             ellen.halstead@cwt.com
             thomas.curtin@cwt.com
             casey.servais@cwt.com

\* Admitted *pro hac vice* in No. 17-BK-03283-LTS.

*Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC

s/ *Eric Pérez-Ochoa*
Eric Pérez-Ochoa
USDC-PR No. 206,314
E-mail: epo@amgprlaw.com
208 Ponce de Leon Ave., Suite 1600
San Juan, PR 00936
Tel.: (787) 756-9000
Fax: (787) 756-9010

WEIL, GOTSHAL & MANGES LLP

s/ *Marcia Goldstein*
Marcia Goldstein*
Jonathan Polkes*
Salvatore A. Romanello*
Gregory Silbert*
767 Fifth Avenue
New York, New York 10153
Tel.: (212) 310-8000
Fax: (212) 310-8007

Stephen A. Youngman
200 Crescent Court, Suite 300
Dallas, Texas 75201-6950
Tel.: (214) 746-7700
Fax: (214) 746-7777
Email: marcia.goldstein@weil.com
jonathan.polkes@weil.com
salvatore.romanello@weil.com
gregory.silbert@weil.com
stephen.youngman@weil.com

*admitted *pro hac vice* in No. 17-03283-LTS

*Counsel for National Public Finance Guarantee Corp.*