# **EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---

| | |
|---|---|
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | Re:  ECF No. 210 |
| Debtors.[1] | |

---

### ORDER (A) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, (B) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (C) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT

Upon the *Motion of Debtor Entities for an Order (A) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service, (B) Deeming Utilities Adequately Assured of Future Performance, and (C) Establishing Procedures for Determining Adequate Assurance of Payment* (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808).  For purposes of this Order, the term "Debtors" does not include the Puerto Rico Sales Tax Financing Corporation ("COFINA") and the terms of this Order shall not apply to COFINA.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard the statements of counsel in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and upon the record herein, after due deliberation thereon, the Court having found that good and sufficient cause exists for the granting of the relief as set forth herein,

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Except in accordance with the procedures set forth below and absent further order of the Court, each Utility Provider, including Utility Providers that currently provide Utility Services but are not listed on the Utilities Provider List attached as Schedule 1 to this Order, is prohibited from (a) altering, refusing, or discontinuing service to or discriminating against the Debtors on the basis of the commencement of these Title III Cases or on account of any unpaid invoice for services provided before the applicable petition date and (b) requiring the payment of a deposit or other security in connection with Utility Providers' continued provision of Utility Services.

3. The relief granted herein is for all Utility Providers providing Utility Services to the Debtors and is not limited to those parties listed on the Utility Provider List attached to the Motion.

4. The Motion and this order shall be served, via first-class mail, on each Utility Provider included on the Utility Provider List and all other parties required to receive service.

5. Each Debtor is authorized and directed to pay amounts that come due to its Utility Providers for postpetition Utility Services during these cases in accordance with the parties' terms in the ordinary course of business or the terms of any utility contract or other agreement to provide Utility Services (each, a "Contract"). Each Debtor is authorized and directed to provide each of its Utility Providers, and each Utility Provider is hereby granted, an allowed administrative expense claim against such Debtor pursuant to Bankruptcy Code sections 503(b) and 507(a)(2), made applicable to these title III cases by PROMESA section 301(a), for postpetition, unpaid Utility Services provided to such Debtor, including under (a) prepetition Contracts, including any extensions thereto, and (b) postpetition Contracts (the "Adequate Assurance Claim") as adequate assurance of payment to Utility Providers. Except to the extent that a Utility Provider (other than the Puerto Rico Electric Power Authority and the Puerto Rico Aqueduct and Sewer Authority) agrees to different treatment, Adequate Assurance Claims against a Debtor that have not been paid during these cases prior to confirmation of such Debtor's plan shall be paid in cash by such Debtor on the effective date of its plan pursuant to PROMESA section 314(b)(4).

6. If a Utility Provider is not satisfied with the assurance of future payment provided by the Debtors, the Utility Provider must serve a written request (the "Additional Assurance Request") upon the Debtors setting forth (i) the location(s) for which Utility Services are provided, (ii) the account number(s) for such location(s), (iii) the outstanding balance for each account, (iv) a summary of the Debtors' payment history on each account, (v) a summary of any security deposits provided by the Debtors to such Utility Provider, and (vi) an explanation of why the Adequate Assurance Claim is inadequate assurance of payment.

3

7. The Additional Assurance Request must be in writing, in English (or fully translated into English by a certified translator) and actually be filed with the Court and received by (i) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority and (ii) counsel to the Oversight Board, in accordance with the *First Amended Notice, Case Management and Administrative Procedures* [ECF No. 262-1] (the "Case Management Order").

8. In accordance with PROMESA section 305, the Debtors may, in their sole discretion and without further order of the Court, resolve any Additional Assurance Request by mutual agreement with the Utility Provider, and in connection with any such agreement, may provide a Utility Provider with additional adequate assurance of future payment including, but not limited to, cash deposits, letters of credit, prepayments, and/or other forms of security.

9. If the Debtors determine an Additional Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider, the Court shall determine the adequacy of the proposed adequate assurance at the next regularly scheduled omnibus hearing in accordance with the Case Management Order or as otherwise determined by this Court; provided, however, that the Debtors, with the consent of such Utility Provider, may continue the hearing date on any unresolved Additional Assurance Request, and provided, further that any objecting Utility Provider shall be prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors over any unpaid charges for prepetition Utility Services or any perceived inadequacy of the proposed adequate assurance, pending final resolution of the Additional Assurance Request.

10. A Utility Provider shall be deemed to have adequate assurance of payment unless and until (i) the Debtors, in their sole discretion, agree to an Additional Assurance Request or agree to an alternative assurance of payment with the Utility Provider or (ii) the Court enters an order requiring additional adequate assurance of payment be provided.

11. Any Utility Provider that fails to make an Additional Assurance Request pursuant to the provisions of this Order shall be deemed to have received adequate assurance of payment satisfactory to such Utility Provider as required by Bankruptcy Code section 366, and shall be prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors on the basis of the commencement of these Title III Cases, on account of any unpaid invoice for services provided before the applicable petition date, or any perceived inadequacy of the proposed adequate assurance; provided, however, that nothing in this Order shall prejudice the ability a receiver of a Utility Provider, if any, from making an Additional Assurance Request and any requirements pertaining to Additional Assurance Request shall not apply to such receiver unless and until such receiver is appointed by a court of competent jurisdiction.

12. At any time, the Debtors may terminate service from any Utility Provider; provided, however, that if a Debtor is party to a Contract with a Utility Provider, any such termination shall be in accordance with the terms and provisions of the Contract with such Utility Provider, including any notice provisions, and such termination shall be effective as provided for in the Contract; provided, further that the Debtors reserve all rights to object to any claims that may be asserted by a Utility Provider arising out of or in connection with the termination of a Contract. Upon termination of service from a Utility Provider, the Debtors shall no longer be required to make any more payments to such Utility Provider for any services provided after such termination, and to the extent such Utility Provider holds a deposit or excess funding, it shall be returned forthwith.

13. To the extent the Debtors identify additional Utility Providers, the Debtors will file amendments to the Utility Provider List, and shall serve a copy of this order on such newly-identified Utility Providers. Following the Debtors' filing and service of such amendment

to the Utility Provider List (which shall include a copy of this order), the added Utility Providers identified shall serve an Additional Assurance Request pursuant to the terms of this Order.

14. In the event a Debtor defaults postpetition in respect of any of its obligations to any Utility Provider under this order, or under any new postpetition Contracts, such Utility Provider may seek additional adequate assurances, including enforcement of contractual and state law remedies, in this Court upon motion and appropriate notice to the Debtors and interested parties; <u>provided</u>, <u>however</u>, the Debtors reserve all rights to object to any such motion. These remedies include, but are not limited to, a Utility Provider seeking the immediate payment of any Adequate Assurance Claim allowed under this Order.

15. Notwithstanding the relief granted herein or any actions taken pursuant thereto, nothing herein shall be deemed: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) other than as set forth in paragraph 5 above, a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined hereunder; (e) a request or authorization to assume any agreement, contract, or lease pursuant to Bankruptcy Code section 365; (f) an admission or concession that each such entity is a "utility" within the meaning of Bankruptcy Code section 366; or (g) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code, or any other applicable law.

16. Notwithstanding the relief granted herein or any actions taken pursuant thereto, nothing in this Order herein shall be deemed, interpreted or construed as: (a) as an automatic extension of any expired Contracts or (b) an imposition to force Utility Providers to enter into any new postpetition Contracts with the Debtors or to agree to an extension of any expired Contracts.

6

17. For purposes of this Order, the Debtors shall only include, and the relief granted herein to the Debtors shall only apply to, each of the Debtors as set forth in footnote 1 and the governmental agencies and instrumentalities listed on Schedule 2 attached hereto (subject to the Debtors' right to remove any of the agencies and instrumentalities listed on Schedule 2 at any time; provided that the Debtors provide Utility Providers with reasonable prior written notice and an opportunity to object). If the Debtors seek to extend the relief set forth herein to any other governmental agency or instrumentality, the Debtors shall file an amended Schedule 2 with the Court and provide notice thereof to the Utility Providers and each Utility Provider shall have twenty-one (21) days from service of such notice to make an Additional Assurance Request with respect to such newly-identified governmental agency or instrumentality; provided, however, that pending resolution of any such Additional Assurance Request any objecting Utility Provider shall be prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, the newly-identified governmental agency or instrumentality over any unpaid charges for prepetition Utility Services or any perceived inadequacy of the proposed adequate assurance.

18. Notwithstanding the applicability of any Bankruptcy Rule, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

19. The Debtors and the Oversight Board, as the Debtors' representative, have consented to the relief in this order, and are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this order.

20. This Court retains exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation, and enforcement of this order.

Dated: _____ , 2017
San Juan, Puerto Rico

_____
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE