**Hearing Date**: August 9, 2017 at 9:30 a.m. (prevailing Eastern Time)
**Objection Deadline**: July 28, 2017 at 4:00 p.m. (prevailing Eastern Time)

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------x
In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]
---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

### MOTION FOR ENTRY OF ORDER EXTENDING TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO BANKRUPTCY CODE SECTION 365(d)(4)

To the Honorable United States District Court Judge Laura Taylor Swain:

    The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, COFINA, and HTA, the "Debtors"), as Title III debtors, by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

submit this motion (the "Motion"), pursuant to section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these cases by PROMESA section 301(a), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting an extension, through and including (i) November 29, 2017 for the Commonwealth, (ii) December 1, 2017 for COFINA, and (iii) December 18, 2017[3] for ERS and HTA, to assume or reject any of the leases, subleases or other agreements under which a Debtor is a lessee that may be considered an unexpired lease of nonresidential real property (collectively, the "Real Property Leases"). In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction and Venue

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2. Venue is proper pursuant to PROMESA section 307(a).

3. The statutory predicates for the relief sought herein are Bankruptcy Code section 365(d)(4), made applicable to these cases by PROMESA section 301(a).

### Background

4. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to section 304(a) of PROMESA, commencing a case under title III thereof (the "Commonwealth's Title III Case").

---

[3] A 90-day extension of the deadline for ERS and HTA to assume or reject Real Property Leases would expire on Sunday, December 17, 2017. Consequently, the Debtors seek to extend HTA's and ERS's deadline through and including the next business day, Monday, December 18, 2017. *See* Fed. R. Bankr. P. 9006(a)(1)(C) (providing that any period ending on a Sunday is automatically continued until the next day that is not a Saturday, Sunday, or legal holiday).

5. On May 5, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA pursuant to PROMESA section 304(a), commencing a case under title III thereof ("COFINA's Title III Case").

6. On May 21, 2017, the Oversight Board issued restructuring certifications pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for each of ERS and HTA pursuant to PROMESA section 304(a), commencing cases under title III thereof (the "Additional Title III Cases," and collectively with the Commonwealth's Title III Case, COFINA's Title III Case, and any subsequent case under Title III of PROMESA commenced by a covered territorial instrumentality under PROMESA, the "Title III Cases").

7. On June 1, 2017, the Court entered an order granting the joint administration of the Commonwealth's Title III Case and COFINA's Title III Case, for procedural purposes only [ECF No. 242], and on June 29, 2017, the Court entered an order granting the joint administration of the Additional Title III Cases with the Commonwealth's Title III Case, for procedural purposes only [ECF No. 537].

8. Background information regarding the Commonwealth and its instrumentalities, and the commencement of the instant Title III Cases, is contained in the *Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* [ECF No. 1], attached to the Commonwealth's Title III petition.

**Relief Requested**

9. By this Motion, pursuant to Bankruptcy Code section 365(d)(4), made applicable to these cases by PROMESA section 301(a), the Debtors seek entry of an order extending the time within which the Debtors must assume or reject the Real Property Leases for 90 days, through and including (i) November 29, 2017 for the Commonwealth, (ii) December 1, 2017 for

3

COFINA, and (iii) December 18, 2017 for ERS and HTA, without prejudice to the Debtors' right to seek further extension as contemplated by Bankruptcy Code section 365(d)(4)(B)(ii).

### The Real Property Leases

10. The Debtors are parties to thousands of Real Property Leases that support their many operations. Pursuant to Bankruptcy Code section 365(d)(4), made applicable to these cases by PROMESA section 301(a), the time within which the Debtors must assume or reject the Real Property Leases is currently set to expire on (i) August 31, 2017 for the Commonwealth, (ii) September 2, 2017 for COFINA, and (iii) September 18, 2017 for ERS and HTA.

11. To date, the Debtors have not yet had an opportunity to determine conclusively which Real Property Leases should be assumed or rejected as part of their overall restructuring objectives.[4] Rather, the Debtors have been principally focused transitioning into title III by, among other things, obtaining the entry of orders approving vital first- and second-day relief and liaising with key creditor groups. The Debtors therefore require additional time to complete their analysis of the Real Property Leases in light of their overarching statutory obligation to provide a method for the Commonwealth and its instrumentalities to achieve fiscal responsibility and access to the capital markets in these Title III Cases.

### Basis for Relief

12. Section 365(d)(4)(A) of the Bankruptcy Code provides that an unexpired lease of nonresidential real property under which a debtor is the lessee will be considered rejected if the debtor does not assume or reject the unexpired lease within 120 days after filing or before plan confirmation, whichever is earlier. A court may extend the period for 90 days on the motion of the debtor or lessor for cause. 11 U.S.C. § 365(d)(4)(B)(i).

---

[4] Indeed, the Debtors are still working on finalizing the list of such Real Property Leases.

13. The term "cause" as used in section 365(d)(4) is not defined in the Bankruptcy Code. In determining whether cause exists for the purposes of section 365(d)(4), courts have relied upon several factors relevant to the Debtors' Title III Cases, including:

    a. whether the case is exceptionally complex and involves a large number of leases;

    b. whether the leases are an important asset such that the decision to assume or reject would be central to any plan; and

    c. whether the debtor has had insufficient time to intelligently appraise each lease's value to a plan.

*See, e.g.*, *In re Service Merchandise Co., Inc.*, 256 B.R. 744, 748 (Bankr. M.D. Tenn. 2000); *In re Columbus One Parcel Service, Inc.*, 138 B.R. 194, 195 (Bankr. S.D. Ohio 1992); *In re Perfectlite Co.*, 116 B.R. 84, 86 (Bankr. N.D. Ohio 1990); *see also In re Channel Home Ctrs., Inc.*, 989 F.2d 682, 689 (3d Cir. 1993) ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating."); *South St. Seaport L.P. v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761 (2d Cir. 1996) (citing *In re Wedtech Corp.*, 72 B.R. 464, 471–72 (Bankr. S.D.N.Y. 1987)) (considering the complexity of the debtors' cases and the number of leases the debtors must evaluate).

14. Applying the above factors, requisite "cause" exists in these Title III Cases to extend the time to assume or reject the Real Property Leases. These Title III Cases are one of the largest restructurings in history, with over $70 billion of bonded debt, and approximately $50 billion of pension obligations, all being restructured pursuant to a new statute—PROMESA—which has no precedent or case law. To date, the Oversight Board and its advisors have focused their attention on understanding the financial circumstances the Commonwealth faces, the many

5

disparate parties involved and their interests, and the key legal and financial decisions points that will drive the resolution of these Title III Cases, among many other issues.

15. The decision to assume or reject the Real Property Leases involves the consideration of various factors, not all of which can be addressed expeditiously. For example, prior to making the decision to assume or reject any of the Real Property Leases, the Debtors must carefully analyze, among other things, (a) the availability of potential new locations for the relevant governmental operations, (b) the logistics and costs of relocation, and (c) the possible "move-out" dates for the affected governmental departments. In addition, final decisions about certain of these leases are difficult without understanding the restructuring terms under any plan of adjustment, which remain forthcoming in these Title III Cases.

16. The Debtors require more time to ensure that any proposed assumptions or rejections will promote cost savings, while preserving efficient governance, and will be consistent with any plan of adjustment presented for confirmation. These combined factors provide proper "cause" for the Court to approve the requested extension.

17. Courts routinely grant similar relief on similar basis in complex cases under chapter 9 or chapter 11 of the Bankruptcy Code. *See, e.g.*, *In re City of Detroit, Mich.*, No. 13-53846 (Bankr. E.D. Mich., Mar. 26, 2014) [ECF No. 3233] (extending the deadline by which the debtors must assume or reject certain unexpired leases of nonresidential real property by 90 days); *In re Caesars Entertainment Operating Company, Inc.*, No. 15-01145 (Bankr. N.D. Ill., May 6, 2015) [ECF No. 1474] (same); *In re Breitburn Energy Partners LP*, No. 16-11390 (Bankr. S.D.N.Y., Aug. 22, 2016) [ECF No. 447] (same); *In re American Hospice Management Holdings, LLC*, No. 16-10670 (Bankr. D. Del., July 11, 2016) [ECF No. 301] (same).

**Notice**

18. The Debtors have provided notice of this Motion to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against each Debtor; (d) proposed counsel to the statutory committees appointed in these Title III Cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority; (g) the Puerto Rico Department of Justice; (h) the Other Interested Parties;[5] and (i) all parties filing a notice of appearance in these Title III Cases. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

19. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

---

[5] The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

WHEREFORE the Debtors respectfully request the Court to enter an order, substantially in the form attached hereto as **Exhibit A**, (a) granting this Motion, (b) granting a 90-day extension of the time for the Debtors to assume or reject any of the Real Property Leases, through and including (i) November 29, 2017 for the Commonwealth, (ii) December 1, 2017 for COFINA, and (iii) December 18, 2017 for ERS and HTA, and (c) granting the Debtors such other relief as is just and proper.

Dated: July 21, 2017
San Juan, Puerto Rico

Respectfully submitted,

*/s/* Martin J. Bienenstock

Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Maja Zerjal
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial*
*Oversight and Management Board*
*as representative for the Debtors*

*/s/* Hermann D. Bauer

Hermann D. Bauer
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial*
*Oversight and Management Board*
*as Representative for the Debtors*

## Exhibit A

**Proposed Order**

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## ORDER GRANTING MOTION FOR ENTRY OF ORDER EXTENDING TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO BANKRUPTCY CODE SECTION 365(d)(4)

Upon the Debtors' *Motion for Entry of Order Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Bankruptcy Code Section 365(d)(4)* (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest, it is **HEREBY ORDERED THAT:**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

1. The Motion is granted as set forth herein.

2. The deadline of the time for the Debtors to assume or reject any of the Real Property Leases is extended for 90 days, through and including (i) November 29, 2017 for the Commonwealth, (ii) December 1, 2017 for COFINA, and (iii) December 18, 2017 for ERS and HTA, without prejudice to the Debtors' right to seek further extension as contemplated by Bankruptcy Code section 365(d)(4)(B)(ii).

3. Nothing in the Motion or this Order shall be deemed or construed as (a) an assumption or rejection of any agreement, contract, or lease pursuant to Bankruptcy Code section 365, or (b) an admission with respect to whether any of the Debtors' contracts or leases is an unexpired lease of nonresidential real property within the meaning of Bankruptcy Code section 365(d). The relief granted by this Order shall not affect the Debtors' rights to assume or reject any Real Property Leases.

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.

Dated: _____, 2017
      San Juan, Puerto Rico

Honorable Laura Taylor Swain
United States District Judge