# **EXHIBIT D**

**July 18, 2017 Request for Documents from the**

**Committee of Unsecured Creditors of the Commonwealth of Puerto Rico**

**to Popular Securities LLC**

The Committee of Unsecured Creditors of the Commonwealth of Puerto Rico (the "UCC") requests the following documents from Popular Securities LLC.

## I. INSTRUCTIONS AND DEFINITIONS

1. *Popular Securities* means Popular Securities LLC and its parents, subsidiaries, and affiliates, as well as its or their current and former officers, directors, attorneys, agents, accountants, employees, representatives, financial advisors, or any other person acting or purporting to act on Popular Securities' behalf, and each of their predecessors and successors.

2. The UCC requests that documents be produced in a form to be mutually agreed between the UCC and Popular Securities.

3. The UCC requests that all non-privileged documents responsive to the requests below be produced in their entirety.  The UCC further requests that (i) if a document is withheld in its entirety because it is believed to be protected from disclosure, Popular Securities produce a privilege log, in a form to be mutually agreed between the UCC and Popular Securities, and (ii) if part of a document is believed to be protected from disclosure, a redacted document be produced (and the redaction logged).

4. These Requests apply to documents that are within Popular Securities' possession, custody, or control, or the possession, custody, or control of Popular Securities' agents, employees, affiliates, predecessors-in-interest, successors, assigns, attorneys or other legal representatives, trustees, consultants, advisors, accountants, and all other persons acting on Popular Securities' behalf, and all other documents that are otherwise within Popular Securities' control or entities over which Popular Securities exerts control.

5. In construing these Requests, instructions or definitions, the singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whenever doing so broadens the scope of any of the Requests.

6. The past tense in these Requests, instructions or definitions shall be construed to include the present tense, and vice versa, whenever doing so broadens the scope of any of the Requests.

7. *Document*  is used herein in the broadest sense permitted by the Rules of the Bankruptcy Court of the District of Puerto Rico, and it includes any medium, including electronically stored information, upon which intelligence or information can be recorded or retrieved, including, without limitation, all written, electronic, or graphic matter of every kind and description however produced or reproduced, all documents and tangible things, whether draft or final, original or reproduction, including, but not limited to, all non-original, non-conforming, and non-identical copies, whether by reason of subsequent modification, notation,

1

deletion, or otherwise.  This includes, without limitation, all analyses, calculations, charts, communications, computer readable media, correspondence, diaries, e-mails and other electronically stored information, files, formulae, graphs, journals, calendars, letters, lists, log books, manuals, memoranda, minutes of conversations or meetings, transcripts, microfiche, microfilm, models, notebooks or notes, outlines, papers, policies, presentations, publications, records, recordings, reports, statements, summaries, tangible things, video tapes, and files.

      8.      ***Communications*** means any contact, transmission or exchange of information in any form and includes without limitation all inquiries, discussions, conversations, testimony, presentations, negotiations, agreements, understandings, meetings, telephone conversations, e-mails, social media (including posts), letters, notes, telegrams, advertisements, correspondence, memoranda, or other forms of verbal, written or electronic transmissions, including drafts, facsimiles and copies, as well as originals.

      9.      The words ***concern*** or ***concerning***, in addition to other customary and usual meanings, means relating to, referring to, alluding to, responding to, connected with, commenting on, describing, mentioning, memorializing, embodying, analyzing, showing, constituting, evidencing, containing, identifying, stating, discussing, tending to support, tending to refute, or in any way pertinent to the specified subject.

      10.      The words ***all*** and ***any*** shall be construed as any and all, and the term each shall be construed as each and every, so as to bring within the scope of a given Request all responses that might otherwise be construed as outside its scope.

      11.      The words ***and*** and ***or*** shall be construed to mean and/or and each of the functional words each, every, and, and all, and shall be deemed to include each of the other words whenever doing so broadens the scope of any of the Requests.

      12.      The word ***reflecting***, in addition to other customary and usual meanings, means memorializing, documenting, embodying, or in any way recording the specified information.

      13.      The word ***including*** shall mean "including, without limitation" and "including, but not limited to."

      14.      The word ***draft*** includes both final and any preliminary or intermediate drafts.

      15.      ***Banco Popular*** and ***Popular, Inc.*** mean Popular, Inc., its present and former affiliates and direct and indirect subsidiaries (including, without limitation, Banco Popular de Puerto Rico, Popular Securities, Popular Asset Management, Westernbank, and Doral Bank), their respective parents, subsidiaries, predecessors, successors, and assigns, any entities acting under the direction or control or on behalf of any of the foregoing entities (including, without limitation, any mutual funds or other investment funds managed, advised, or administered by a Banco Popular entity), and the respective present and former employees, officers, directors, agents, and representatives of each of the foregoing entities and any other persons acting under their direction or control or on their behalf.

      16.      ***Banco Popular de Puerto Rico*** means the entity of that same name and its parents, subsidiaries, and affiliates, as well as its or their current and former officers, directors,

2

attorneys, agents, accountants, employees, representatives, financial advisors, or any other person acting or purporting to act on Banco Popular de Puerto Rico's behalf, and each of their predecessors and successors.

17. ***COFINA*** means the Puerto Rico Sales Tax Financing Corporation.

18. ***COFINA Structure*** means the debt financing structure created and governed by the statutes, resolutions, agreements, and other transaction documents relating to COFINA.

19. ***Commonwealth*** means the Commonwealth of Puerto Rico, as well as its elected officials, employees, agents, representatives, attorneys, advisors, or any other person or persons acting or purporting to act on its behalf including all related government agencies / instrumentalities.  For purposes of these requests, the term Commonwealth does not include COFINA.

20. ***Commonwealth Constitutional Debt Limit*** means any limit imposed by the Constitution of the Commonwealth of Puerto Rico on the issuance or guarantee of debt by the Commonwealth or its instrumentalities, including the restrictions described in Article VI, Sec. 2 of the Commonwealth Constitution.

21. ***Commonwealth Municipal Bonds*** means any bonds issued by the Commonwealth, the GDB, COFINA, the Puerto Rico Highway Transportation Authority ("PRHTA"), the Puerto Rico Infrastructure Financing Authority ("PRIFA"), the Puerto Rico Convention Center District Authority ("PRCDA"), the Puerto Rico Public Buildings Authority ("PRPBA"), and any other instrumentality, municipality, entity, or public corporation of the Commonwealth.

22. ***GDB*** means the Government Development Bank for Puerto Rico and each of its present and former employees, officers, directors, representatives, parents, subsidiaries, affiliates, agents, successors, predecessors and all other persons or entities controlled by or acting on its or their behalf.

23. ***Popular Asset Management*** means Popular Asset Management, Inc. and its parents, subsidiaries, and affiliates, as well as its or their current and former officers, directors, attorneys, agents, accountants, employees, representatives, financial advisors, or any other person acting or purporting to act on Popular Asset Management's behalf, and each of their predecessors and successors.

24. ***Puerto Rico Bond Funds*** means any and all funds holding or trading in, in whole or in part, Commonwealth Municipal Bonds, including but not limited to:  Puerto Rico Investors Tax-Free Fund, Inc.; Puerto Rico Investors Tax-Free Fund II, Inc.; Puerto Rico Investors Tax-Free Fund III, Inc.; Puerto Rico Investors Tax-Free Fund IV, Inc.; Puerto Rico Investors Tax-Free Fund V, Inc.; Puerto Rico Investors Tax-Free Fund VI, Inc.; Puerto Rico Investors Bond Fund I; Puerto Rico Tax-Free Target Maturity Fund, Inc.; and Puerto Rico Tax-Free Target Maturity Fund II, Inc.

25. ***Regulator*** means any entity—state or local, national or international, governmental or non-governmental, including but not limited to the Federal Deposit Insurance

Corporation ("FDIC"), the Federal Reserve Board, the Municipal Securities Rulemaking Board ("MSRB"), the Securities and Exchange Commission ("SEC"), and the Financial Industry Regulatory Authority ("FINRA")—which has authority to regulate banks, financial institutions or the issuance or sale of securities or bonds, including for example the Commonwealth Municipal Bonds or the Puerto Rico Bond Funds.

26. *Santander* means Santander Securities LLC, Santander Securities Corporation, Santander Asset Management, Banco Santander Puerto Rico, their present and former affiliates and direct and indirect subsidiaries, and their respective parents, subsidiaries, predecessors, successors, and assigns, any entities acting under the direction or control or on behalf of any of the foregoing entities (including, without limitation, any mutual funds or other investment funds managed, advised, or administered by a Santander entity, including, without limitation, any funds part of the Santander "First Puerto Rico Family of Funds"), and the respective present and former employees, officers, directors, agents, and representatives of each of the foregoing entities and any other persons acting under their direction or control or on their behalf.

27. *You* or *Your* shall mean Popular Securities LLC and its parents, subsidiaries, and affiliates, as well as its or their current and former officers, directors, attorneys, agents, accountants, employees, representatives, financial advisors, or any other person acting or purporting to act on Popular Securities LLC's behalf, and each of their predecessors and successors.

## II.     TIME PERIOD

Unless otherwise specified, this Document Request relates to the period commencing January 1, 2006, and continuing through May 3, 2017.

## III.    REQUESTS FOR DOCUMENTS

1.      All Documents or Communications concerning the Commonwealth Constitutional Debt Limit, including, without limitation, all Documents or Communications concerning:

   (a) Any evaluations, analyses, or assessments of the Commonwealth Constitutional Debt Limit;
   (b) Any calculation or consideration (draft or final) of the Commonwealth Constitutional Debt Limit;
   (c) Any certifications (draft or final) concerning compliance with the Commonwealth Constitutional Debt Limit;
   (d) Any actual or potential risk that an issuance or guarantee of debt could or would exceed, or had exceeded, the Commonwealth Constitutional Debt Limit, including but not limited to any legal opinion (draft or final) concerning the Commonwealth Constitutional Debt Limit; or
   (e) Any issuance or guarantee or contemplated issuance or guarantee of debt obligations in excess of a debt limit.

2.      All Documents or Communications concerning COFINA or the COFINA Structure, including, without limitation, all Documents or Communications concerning:

4

    (a) The contemplation or creation of COFINA or the COFINA Structure;
    (b) Any analyses of the structure of COFINA and the projected tax receipts, projected revenues, and any other flows of funds attributable to, or available to, COFINA.
    (c) Any opinion letter (draft or final) concerning COFINA or the COFINA Structure;
    (d) The COFINA Enabling Act (Act 91 of 2006, and any amendments thereto);
    (e) Any contemplated, proposed, or enacted legislation (including any drafts thereof) affecting or potentially affecting COFINA or the COFINA Structure (including the Sales and Use Tax);
    (f) Any question, concern, consideration, or analysis concerning the legality, illegality, constitutionality or unconstitutionality of COFINA, the COFINA Structure, or any aspect thereof;
    (g) Whether the Puerto Rico Legislative Assembly has the authority to create, eliminate, encumber, or modify the assets of COFINA; or
    (h) Any actual or contemplated benefit or advantage of COFINA or the COFINA Structure relative to any other structure or form of debt financing.

    3.    All documents or communications concerning the constitutionality or unconstitutionality of issuing debt to finance deficit spending or pay pre-existing debt.

    4.    All Documents or Communications concerning the application of Government Accounting Standards Board rules and principles concerning "blended component units" to (a) the calculation of the Commonwealth Constitutional Debt Limit, (b) COFINA, (c) the Puerto Rico Infrastructure Financing Authority ("PRIFA"), or (d) the Puerto Rico Building Authority ("PBA").

    5.    All Documents or Communications reflecting financial modeling, evaluation, or analysis of the creditworthiness of the Commonwealth and/or its instrumentalities, including any financial modeling, evaluation or analysis of the economic condition, economic activity, and economic performance of the Commonwealth and/or any of its instrumentalities.

    6.    All Documents or Communications concerning any evaluation, calculation, analyses or assessments of whether the debt load of the Commonwealth or its instrumentalities exceeded its (and/or their) ability to repay.

    7.    All Documents or Communications concerning any evaluations, calculations, analyses, or assessments of the creditworthiness of any Commonwealth Municipal Bonds.

    8.    All Documents or Communications concerning COFINA and the Commonwealth Constitutional Debt Limit.

    9.    With respect to COFINA, all Documents or Communications reflecting agreements to which COFINA, the Commonwealth, or the Bank of New York (individually or as trustee) is or was a party, relating to any funds or accounts into which Sales and Use Tax revenues are deposited and/or from which they are withdrawn or invested (including, without limitation, the revenue account of the project fund held under the COFINA Resolution (the Amended and Restated Sales Tax Revenue Bond Resolution as amended and restated on June 10, 2009, and as further supplemented)).

10. All Communications between one or all of Popular Securities, Popular, Inc., Popular Asset Management, Banco Popular de Puerto Rico, and the GDB.

11. All Communications between Popular Securities and any entities or instrumentalities associated with the Commonwealth concerning Commonwealth Municipal Bonds.

12. All Documents or Communications concerning the actual or potential acquisition by any credit union or cooperativa located in Puerto Rico of any Commonwealth Municipal Bonds.

13. All Communications with any entities or institutions who may have assisted with the issuance of Commonwealth Municipal Bonds, including but not limited to other institutions serving as underwriters or brokers for Commonwealth Municipal Bonds.

14. All Communications between Popular Securities and any other related entities, including but not limited to Banco Popular de Puerto Rico, Popular Asset Management, and Popular, Inc., regarding evaluations, calculations, analyses, or assessments of the creditworthiness of the Commonwealth and/or any of its instrumentalities.

15. All Communications between Popular Securities and any other related entities, including but not limited to Banco Popular de Puerto Rico, Popular Asset Management, and Popular, Inc., regarding evaluations, calculations, analyses, or assessments of the actual or potential risk that the Commonwealth could or would exceed, or has exceeded, the Commonwealth Constitutional Debt Limit.

16. All Communications between Popular Securities and any other related entities, including but not limited to Banco Popular de Puerto Rico, Popular Asset Management, and Popular, Inc., regarding the underwriting, brokering, sale, or marketing of Commonwealth Municipal Bonds or any funds holding, in whole or in part, Commonwealth Municipal Bonds.

17. All Communications between Popular Securities and any other related entities, including but not limited to Banco Popular de Puerto Rico, Popular Asset Management, and Popular, Inc., regarding actual or potential compensation associated with the underwriting, brokering, sale, issuance, transfer, or administration of Commonwealth Municipal Bonds or the Puerto Rico Bond Funds.

18. All Documents or Communications concerning any payments of any kind (potential or realized) made by the GDB or by any other entity or instrumentality of the Commonwealth to Popular Securities, in connection with any activities (including, without limitation, underwriting, consulting, advisory engagements, or any other services of any kind).

19. All Documents and Communications, including all drafts thereof, of the underwriting or offering documents and agreements, prospectuses, opinion letters, and due diligence for each offering of Commonwealth Municipal Bonds in which You participated or considered participating.

20. All Documents and Communications exchanged between You and the GDB or the Commonwealth concerning any sales, offerings, or placement of Commonwealth Municipal Bonds in which You participated or considered participating.

21. All Documents and Communications concerning (a) SEC Rule 15c2-12, (b) underwriter compliance with the obligations therein, or (c) actual, anticipated or projected compliance or noncompliance by the Commonwealth with any related information disclosure obligations.

22. All Documents or Communications concerning any actual or perceived conflicts of interest between any Banco Popular entities or employees (including but not limited to Popular Securities, Popular Asset Management, Popular, Inc., and Banco Popular de Puerto Rico) and the GDB, including but not limited to Documents and Communications concerning whether an employee, officer, or director of Popular Securities or GDB had any actual or perceived conflicts of interest.

23. Copies of all Popular Securities compliance manuals, policies, and codes of conduct.

24. Copies of all Popular Securities conflict of interest policies, including but not limited to any policies, procedures and ethical walls established to address conflict of interest concerns related to the GDB, the Commonwealth Municipal Bonds, or the Puerto Rico Bond Funds.

25. Copies of all employment agreements relating to employees of Popular Securities (i) earning more than $75,000 per year (inclusive of base compensation, bonus, and equity grants) who were employed by the GDB at any time and (ii) who served as an officer or director of Popular Securities at any time.

26. Copies of all agreements between any Banco Popular entity (including but not limited to Popular Securities, Popular Asset Management, Popular Inc., and Banco Popular de Puerto Rico) and any other institution which relate in any part to the structuring or execution of transactions involving Commonwealth Municipal Bonds.

27. For each series of Commonwealth Municipal Bonds issued during the period from 2006 through the present in which You participated or considered participating:

(a) All closing binders and bond transcripts;
(b) Documents reflecting the flow of funds (including account numbers and/or wire transfer numbers) of the bond proceeds;
(c) All Documents or Communications concerning any due diligence You performed prior to the underwriting, brokering, sale, or marketing of Commonwealth Municipal Bonds.
(d) All Documents or Communications concerning any actual or contemplated investment in or disposition of such bonds by (i) any Banco Popular entity (including but not limited to Popular Securities, Popular Asset Management, Banco Popular de Puerto Rico, and Popular, Inc.), (ii) Santander, (iii) any underwriter or broker of such bonds, or (iv) the GDB;

(e) All Documents or Communications concerning any efforts to sell, offer, or place such bonds, including, without limitation, any requirement(s) that any Commonwealth-sponsored, Commonwealth-regulated, or Commonwealth-related entity acquire bonds or invest in the Puerto Rico Bond Funds;
(f) All sales, marketing, and/or roadshow materials or Documents;
(g) All Documents or Communications concerning actual or potential compensation associated with the underwriting, brokering, sale, issuance, transfer, or administration of such Commonwealth Municipal Bonds; and
(h) All agreements with any institution which relate in any part to the structuring or execution of transactions involving such Commonwealth Municipal Bonds.

28. All Documents or Communications regarding political contributions made by Popular Securities or any of its employees to any candidate, political party, official or other entity with any connection to the island of Puerto Rico or the Commonwealth.

29. All Documents or Communications regarding charitable contributions made by You to any entity where an executive or director of the GDB held a position or served as a director.

30. All Documents or Communications reflecting the engagement or other retention by any Banco Popular entity (including but not limited to Popular Securities, Popular Asset Management, Banco Popular de Puerto Rico, and Popular, Inc.) of any lobbyists or lobbying firm(s) and any amounts spent on lobbying.

31. All Documents or Communications concerning the sale or marketing of Commonwealth Municipal Bonds or the Puerto Rico Bond Funds.

32. All Documents or Communications pertaining to the risk of the Commonwealth Municipal Bonds or the Puerto Rico Bond Funds and the suitability of those bonds for certain investors, including but not limited to analyses regarding the risk classification for placement of Commonwealth Municipal Bonds or Puerto Rico Bond Funds.

33. All Documents or Communications with any bank association of Puerto Rico (including but not limited to Asociación de Bancos de Puerto Rico) or any securities association of Puerto Rico concerning Commonwealth Municipal Bonds or the Puerto Rico Bond Funds.

34. All Documents or Communications concerning actual or potential revenues obtained from the underwriting, brokering, sale, or marketing of Commonwealth Municipal Bonds or Puerto Rico Bond Funds.

35. All Documents or Communications concerning the pooling or packaging of Commonwealth Municipal Bonds for sale, including but not limited to any discussions regarding the creation of the Puerto Rico Bond Funds.

36. All Documents or Communications regarding the suitability of Commonwealth Municipal Bonds for the Puerto Rico Bond Funds.

37. All Documents or Communications concerning the use of lending, margin accounts, or margin borrowing to fund the purchase of Commonwealth Municipal Bonds or the Puerto Rico Bond Funds.

38. All Documents or Communications reflecting any analysis or evaluation of the suitability of the Commonwealth Municipal Bonds or the Puerto Rico Bond Funds for Your customer accounts.

39. All Documents or Communications regarding any analysis or evaluation of the mix of assets to be placed into the Puerto Rico Bond Funds.

40. All Documents or Communications regarding the fees, including but not limited to advisory fees, earned by Popular Securities or any related entities, including but not limited to Banco Popular de Puerto Rico, and Popular, Inc., which related in any way to the placement of Commonwealth Municipal Bonds in the Puerto Rico Bond Funds.

41. All Documents or Communications regarding road show and/or investor presentation materials related to Commonwealth Municipal Bonds or the Puerto Rico Bond Funds.

42. All prospectuses, circulars, or other sales, marketing, and offering materials, including all drafts of such documents, concerning the Commonwealth Municipal Bonds and the Puerto Rico Bond Funds.

43. All Documents or Communications reflecting any analysis or evaluation of the concentration of Puerto Rico Municipal Bonds or the Puerto Rico Bond Funds in Your customers' accounts.

44. All Documents and Communications concerning the pricing of Commonwealth Municipal Bonds or interests in the Puerto Rico Bond Funds.

45. All Documents or Communications sufficient to show the manner in which Your brokers or employees were compensated for the sale or placement of Commonwealth Municipal Bonds or the Puerto Rico Bond Funds.

46. All Documents or Communications regarding any guidance to brokers involved in the selling or marketing of Commonwealth Municipal Bonds or the Puerto Rico Bond Funds, including any scripts provided to brokers and any marketing materials distributed to potential purchasers.

47. All Documents or Communications to or from any Regulator concerning the Commonwealth, the Commonwealth Municipal Bonds, or the Puerto Rico Bond Funds.

48. All Documents or Communications produced to the Financial Industry Regulatory Authority (FINRA) in Disciplinary Action No. 2013035309401.

49. All Documents or Communications produced to the Financial Industry Regulatory Authority (FINRA) in Disciplinary Action No. 2006003711001.

50. All Documents or Communications produced to the Securities and Exchange Commission which relate in any way to Popular Securities' relationship with the Commonwealth, the Commonwealth Municipal Bonds, or the Puerto Rico Bond Funds.

51. All Documents or Communications produced to any Regulator which relate in any way to Popular Securities' relationship with the Commonwealth, the Commonwealth Municipal Bonds, or any of the Puerto Rico Bond Funds.

52. All Documents and Communications concerning (a) any evaluations, calculations, analyses or assessments of the risks associated with ownership by You for Your own account of Commonwealth Municipal Bonds or Puerto Rico Bond Funds, or (b) any evaluations, calculations, analyses or assessments by any of Your investment committees or risk committees (or any other committee with similar functions, however titled) of actual or contemplated disposition of Commonwealth Municipal Bonds or Puerto Rico Bond Funds held by You for Your own account.

53. All board of directors materials, including but not limited to, all board books, meeting minutes and presentations, concerning the Commonwealth Municipal Bond and the Puerto Rico Bond Funds, including but not limited to, the risks thereof.

54. All Documents and Communications between You and Santander concerning the Commonwealth Municipal Bonds or the Puerto Rico Bond Funds.

55. Identify all of Your employees who have worked at any time for the GDB or for any Santander entity.