**Hearing Date**: August 9, 2017 at 9:30 a.m. (prevailing Eastern Time)
**Objection Deadline**: July 28, 2017 at 4:00 p.m. (prevailing Eastern Time)

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

-----------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors.[1] | |

-----------------------------------------------------------------x

### DEBTORS ENTITIES' MOTION TO FURTHER AMEND FIRST AMENDED NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES TO INCORPORATE REVISED PROTOCOL FOR STAY RELIEF MOTIONS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") as the entity authorized to act on behalf of the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, COFINA, and HTA, the "Debtors"), pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017, respectfully submits this motion (the "Motion"), pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these cases by section 301(a) of the *Puerto Rico Oversight,*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Management, and Economic Stability Act* ("PROMESA"),[2] for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), amending the *First Amended Notice, Case Management and Administrative Procedures* (the "Case Management Procedures") [ECF No. 262-1], to provide for a brief notice period for the Debtors to work with parties that seek relief from the automatic stay to continue prepetition ordinary course civil actions against the Debtors. In support of this Motion, the Debtor entities respectfully represent as follows:[3]

### Jurisdiction and Venue

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2. Venue is proper pursuant to PROMESA section 307(a).

3. The statutory predicate for the relief sought herein is Bankruptcy Code section 105(a), made applicable to these title III cases by PROMESA section 301(a).

### Background

4. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to section 304(a) of PROMESA, commencing a case under title III thereof (the "Commonwealth's Title III Case").

5. On May 5, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA pursuant to PROMESA section 304(a), commencing a case under title III thereof ("COFINA's Title III Case").

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[3] The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to PROMESA section 315(b), has authorized AAFAF to file this Motion on behalf of the Debtors.

2

6. On May 21, 2017, the Oversight Board issued restructuring certifications pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for ERS and HTA pursuant to PROMESA section 304(a), commencing cases under title III thereof (the "Additional Title III Cases," and, collectively with the Commonwealth's Title III Case, COFINA's Title III Case, the "Title III Cases").

7. On June 1, 2017, the Court entered an order granting the joint administration of the Commonwealth's Title III Case and COFINA's Title III Case, for procedural purposes only [ECF No. 242], and on June 29, 2017, the Court entered an order granting the joint administration of the Additional Title III Cases with the Commonwealth's Title III Case and COFINA's Title III Case, for procedural purposes only [ECF No. 537].

8. On June 2, 2017, the Court entered an order that, among other things, established the Case Management Procedures, which set forth certain notice, case management, and administrative procedures for the Title III Cases [ECF No. 249]. On June 6, 2017, the Court entered an order amending the Case Management Procedures to make certain non-substantive clarifications and amendments to the procedures [ECF No. 262].

**Relief Requested**

9. By this Motion, the Debtors seek entry of an order, substantially in the form of the Proposed Order, further amending the Case Management Procedures to provide for a brief notice period for the Debtors to work with parties that seek relief from the automatic stay to continue prepetition ordinary course civil actions against the Debtors.[4]

---

[4] Under the *Order Establishing Case Management Procedures* [ECF No. 11] entered in the title III case of the Puerto Rico Electric Power Authority ("PREPA"), Case No. 17 BK 4780-LTS, "[i]f the Case Management Order is amended by order of the Court, such amendment shall be deemed to apply to [PREPA's] Title III Case." Accordingly, the amendments to the Case Management Procedures set forth in the Proposed Order shall also apply to PREPA's title III case and counsel to AAFAF will file a notice of this Motion, and serve it on the appropriate parties, in PREPA's title III case.

3

**Basis for Relief**

10. Section IV.B of the Case Management Procedures permits the Debtors to "amend the Case Management Procedures from time to time throughout these Title III Cases." Further, under Bankruptcy Code section 105(a), the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

11. As part of the Debtors' transition in title III, the Debtors have been evaluating how best to apply the automatic stay enumerated in Bankruptcy Code sections 362 and 922, made applicable by PROMESA section 301(a), to prepetition civil actions filed against the Debtors. The "breathing room" afforded to the Debtors under the automatic stay is of utmost importance given the massive amount of litigation the Debtors must deal with (both in terms of the volume of cases and the dollar value of liability asserted). As of December 2016, there were approximately 5,200 pending and threatened litigation cases against the Commonwealth and its agencies and entities alone with an estimated aggregate liability of approximately $2.2 billion. *See Commonwealth of Puerto Rico Financial Information and Operating Data Report* (December 18, 2016) at 283, *available at* http://www.gdb-pur.com/documents/Commonwealth ofPuertoRicoFinancialInfoFY201612-18-16.pdf.

12. To date, 22 motions to lift the automatic stay have been filed in the Title III Cases. The Debtors and their advisors have had to expend significant time and resources addressing these motions, some of which could have been resolved consensually without the need for filing a motion. The proposed amendments to the Case Management Procedures are designed to provide the Debtors with the necessary "breathing room" to evaluate the prepetition ordinary course civil actions asserted against the Debtors in the overall context of the Title III Cases, while also allowing the Debtors to stipulate (as they already have done) with a movant to

4

modify the automatic stay where the litigation burden on the Debtors is minimal or the harm caused to the movant is grievous. The proposed amendments will also diminish the burden of unnecessary filings where the Debtors and the applicable movant can agree to a resolution.

13. To address these concerns, the Debtors propose amending Section III (Scheduling) of the Case Management Procedures to add a new Paragraph III.U, which provides:

> Subject to Paragraphs III.F and III.T, at least **fifteen (15)** business days prior to filing a Stay Relief Motion to continue a prepetition ordinary course civil action against a Debtor, the movant shall contact counsel for the Oversight Board (Attn: Hermann Bauer (Hermann.Bauer@oneillborges.com) and Ubaldo M. Fernández Barrera (ubaldo.fernandez@oneillborges.com)) and AAFAF (Attn: Diana M. Perez (dperez@omm.com) and Andrés W. López (andres@awllaw.com)) by electronic-mail to advise them of the movant's intent to seek relief from the automatic stay (the "Lift Stay Notice" and the notice period, the "Lift Stay Notice Period").
>
> The Lift Stay Notice shall include (i) the identity of the movant and its contact information, (ii) the claim(s), lawsuit(s), or other proceeding(s) for which movant seeks relief from the automatic stay, including the relevant case number and court information, (iii) the amount of the claim(s) and the asserted causes of action, (iv) a brief description of the status of the underlying claim(s), lawsuit(s), or proceeding(s), and (v) cause as to why the stay should be lifted.
>
> During the Lift Stay Notice Period, the Debtors and the movant shall meet and confer (in person or telephonically) to attempt to resolve, in whole or in part, the movant's request for relief from the automatic stay.
>
> If the Debtors consent to the movant's request for relief from the automatic stay, then the movant and the Debtors shall enter into a stipulation to lift the automatic stay and present such stipulation and proposed order pursuant to the Presentment Procedures set forth herein.
>
> If (i) the Debtors disagree with the movant's request for relief from the automatic stay and/or (ii) the Lift Stay Notice Period expires without the parties reaching an agreement governing the scope of the relief from the automatic stay, then the movant may file a Stay Relief Motion pursuant to the Case Management Procedures. Such Stay Relief Motion must include a certification that the movant has met and conferred with the Debtors regarding the requested relief. If movant did not meet and confer with the Debtors prior to filing a Stay Relief Motion, and cannot show exigent circumstances for failing to meet and confer, the Court shall deny the Stay Relief Motion without prejudice until the movant has met and conferred with the Debtors.

> For the avoidance of doubt, nothing in this Paragraph III.U prejudices the rights of a party to request the consideration of any Stay Relief Motion on an expedited basis, or the rights of the Debtors or any other party in interest to contest such request for expedited consideration.

14. The Debtors are only seeking to modify the Case Management Procedures with respect to movants who are seeking relief from the automatic stay to continue prepetition ordinary course civil actions against the Debtors (i.e., tort and contract complaints filed by residents of Puerto Rico against the Debtors or their agencies and entities) to require such movants to provide the Debtors with a brief notice period prior to filing a motion for relief from the automatic stay to permit the parties to attempt to reach a consensual resolution. The Debtors believe that the amendments to the Case Management Procedures will provide them with the necessary breathing room to evaluate the prepetition litigation claims asserted against them and reach consensual resolutions of such claims where practical. Moreover, under the proposed amendments to the Case Management Procedures, movants will retain the ability to file an urgent motion for relief from the automatic stay if the circumstances warrant such filing. Based upon the foregoing, the Debtors submit that the relief requested herein is appropriate and in the best interests of the Debtors and their creditors.

## Notice

15. The Debtors have provided notice of this Motion to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against each Debtor; (d) proposed counsel to the statutory committees appointed in these Title III Cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority; (g) the Puerto Rico Department of Justice; (h) the Other Interested

6

Parties;[5] and (i) all parties filing a notice of appearance in these Title III cases. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*Remainder of Page Intentionally Left Blank*

---

[5] The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

WHEREFORE the Debtor entities respectfully request the Court enter the Proposed Order (a) granting the Motion, (b) amending the Case Management Procedures as set forth herein, and (c) granting the Debtors such other relief as is just and proper.

Dated: July 21, 2017
     San Juan, Puerto Rico

Respectfully submitted,

/s/ *Peter Friedman*

John Rapisardi
Suzzanne Uhland
Diana M. Perez
(Admitted *Pro Hac Vice*)
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

-and-

Peter Friedman
(Admitted *Pro Hac Vice*)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

/s/ *Andrés W. López*
Andrés W. López
USDC No. 215311

THE LAW OFFICES OF ANDRÉS W. LÓPEZ, P.S.C.
902 Fernández Juncos Ave.
San Juan, PR 00907
Tel: (787) 294-9508
Fax: (787) 294-9519

*Co-attorney for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

8

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**Re: ECF No. 262, 249**

------------------------------------------------------------------x

## ORDER FURTHER AMENDING CASE MANAGEMENT PROCEDURES

Upon the *Debtor Entities' Motion to Further Amend First Amended Notice, Case Management and Administrative Procedures to Incorporate Revised Protocol for Stay Relief Motions* (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306; and it appearing that venue in this district is proper pursuant to PROMESA section 307; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

    1.    The Motion is granted as set forth herein.

    2.    Section III (Scheduling) of the Case Management Procedures is hereby amended to add Paragraph III.U, which provides:

> Subject to Paragraphs III.F and III.T, at least **fifteen (15)** business days prior to filing a Stay Relief Motion to continue a prepetition ordinary course civil action against a Debtor, the movant shall contact counsel for the Oversight Board (Attn: Hermann Bauer (Hermann.Bauer@oneillborges.com) and Ubaldo M. Fernández Barrera (ubaldo.fernandez@oneillborges.com)) and AAFAF (Attn: Diana M. Perez (dperez@omm.com) and Andrés W. López (andres@awllaw.com)) by electronic-mail, to advise them of the movant's intent to seek relief from the automatic stay (the "Lift Stay Notice" and the notice period, the "Lift Stay Notice Period").

> The Lift Stay Notice shall include (i) the identity of the movant and its contact information, (ii) the claim(s), lawsuit(s), or other proceeding(s) for which movant seeks relief from the automatic stay, including the relevant case number and court information, (iii) the amount of the claim(s) and the asserted causes of action, (iv) a brief description of the status of the underlying claim(s), lawsuit(s), or proceeding(s), and (v) cause as to why the stay should be lifted.

> During the Lift Stay Notice Period, the Debtors and the movant shall meet and confer (in person or telephonically) to attempt to resolve, in whole or in part, the movant's request for relief from the automatic stay.

> If the Debtors consent to the movant's request for relief from the automatic stay, then the movant and the Debtors shall enter into a stipulation to lift the automatic stay and present such stipulation and proposed order pursuant to the Presentment Procedures set forth herein.

> If (i) the Debtors disagree with the movant's request for relief from the automatic stay and/or (ii) the Lift Stay Notice Period expires without the parties reaching an agreement governing the scope of the relief from the automatic stay, then the movant may file a Stay Relief Motion pursuant to the Case Management Procedures. Such Stay Relief Motion must include a certification that the movant has met and conferred with the Debtors regarding the requested relief. If movant did not meet and confer with the Debtors prior to filing a Stay Relief Motion, and

cannot show exigent circumstances for failing to meet and confer, the Court shall deny the Stay Relief Motion without prejudice until the movant has met and conferred with the Debtors.

For the avoidance of doubt, nothing in this Paragraph III.U prejudices the rights of a party to request the consideration of any Stay Relief Motion on an expedited basis, or the rights of the Debtors or any other party in interest to contest such request for expedited consideration.

3. Within five (5) business days of entry of this Order, the Debtors shall file a copy of the amended Case Management Procedures on the docket of each prepetition ordinary course civil action currently pending against a Debtor.

4. Pursuant to the *Order Establishing Case Management Procedures* [ECF No. 11] entered in the title III case of the Puerto Rico Electric Power Authority ("PREPA"), Case No. 17 BK 4780-LTS, the terms of this Order and the amended Case Management Procedures shall be deemed to apply to PREPA's title III case.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement, or interpretation of this order.

Dated: _____, 2017

          HONORABLE LAURA TAYLOR SWAIN
          UNITED STATES DISTRICT JUDGE