# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
|       as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | No. 17 BK 3283-LTS |
| Debtors.[1] | (Jointly Administered) |

---------------------------------------------------------------x

## MOTION OF DEBTORS PURSUANT TO PROMESA SECTION 317 AND BANKRUPTCY CODE SECTION 105(a) FOR ENTRY OF ORDER SETTING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, COFINA, and HTA, the "Debtors"), as Title III debtors, by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808).

*Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submit this motion (the "Motion"), pursuant to PROMESA section 317 and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these cases pursuant to PROMESA section 301(a), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), setting a regular process for the allowance and payment of interim compensation and reimbursement of expenses for the following (collectively, the "Professionals"):[3] (a) attorneys and other professionals employed by the Debtors and all future Title III petitioners to represent or assist the Debtors with respect to these Title III Cases, (b) attorneys and other professionals employed by the Oversight Board to the extent they render services for the Oversight Board as representative of any Debtors, (c) attorneys and other professionals employed by any committee appointed under Bankruptcy Code section 1103 in any of the Title III Cases (as defined below), (d) any trustee appointed pursuant to Bankruptcy Code section 926 in any of the Title III Cases, and (e) any attorneys and other professionals employed by Agents appointed, if any, as such term is defined in the *Revised Motion of Debtors for Order Approving Stipulation Providing Procedure to Resolve Commonwealth-COFINA Dispute* filed contemporaneously herewith.  In support of this Motion, the Debtors respectfully represent as follows:

---

[2]  PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[3]  The Debtors take the position that the undefined term "professional person" in PROMESA section 316 includes only professionals engaged in the Debtors' restructuring and does not include ordinary course professionals ("OCP"), which the Debtors can employ in their sole discretion.  Accordingly, the term "Professionals" in this Motion does not include OCP.

## **Table of Contents**

Jurisdiction and Venue ................................................................................................... 5

Background ...................................................................................................................... 5

Relief Requested ............................................................................................................. 7

Retention of Professionals .............................................................................................. 7

Proposed Procedures ....................................................................................................... 8

Applicable Authority ..................................................................................................... 13

Notice ............................................................................................................................. 14

Reservation of Rights .................................................................................................... 14

No Prior Request ............................................................................................................ 15

## **Table of Authorities**

**Statutes**

11 U.S.C. § 105(a) ........................................................................................................13

PROMESA § 301 .........................................................................................................13

PROMESA § 317 .........................................................................................................13

## Jurisdiction and Venue

1.      The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2.      Venue is proper pursuant to PROMESA section 307(a).

3.      The statutory bases for the relief requested herein are PROMESA section 317 and Bankruptcy Code section 105(a), made applicable in the Title III Cases pursuant to PROMESA section 301(a).

## Background

4.      On June 30, 2016, the Oversight Board was established under PROMESA section 101(b).  On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

5.      Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this title is the representative of the debtor[s]" and "may take any action necessary on behalf of the debtor[s] to prosecute the case[s] of the debtor[s], including filing a petition under section 304 of [PROMESA] . . . or otherwise generally submitting filings in relation to the case[s] with the court."

6.      On September 30, 2016, the Oversight Board designated the Debtors as covered entities under PROMESA section 101(d).

7.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to section 304(a) of PROMESA, commencing a case under title III thereof (the "Commonwealth's Title III Case").

8.      On May 5, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA

5

pursuant to PROMESA section 304(a), commencing a case under title III thereof ("COFINA's Title III Case").

9.     On May 21, 2017, the Oversight Board issued restructuring certifications pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for each of ERS and HTA pursuant to PROMESA section 304(a), commencing cases under title III thereof (the "Additional Title III Cases," and collectively with the Commonwealth's Title III Case, COFINA's Title III Case, and any subsequent case under Title III of PROMESA commenced by a covered territorial instrumentality under PROMESA, the "Title III Cases").

10.     On May 5, 2017, Chief Justice of the United States John Roberts designated United States District Judge Laura Taylor Swain to serve as the presiding judge in Commonwealth's Title III case.  By order dated June 1, 2017, Judge Swain directed that the Commonwealth Title III case and the COFINA Title III case would be jointly administered for procedural purposes only [ECF No. 242].  By two orders dated May 26, 2017, Chief Judge John Howard of the United States Court of Appeals for the First Circuit designated Judge Swain, as a United States District Judge for the Southern District of New York assigned for service in the United States District Court for the District of Puerto Rico, to serve as the presiding judge in the Additional Title III Cases.  *See In re Employees Retirement System of the Government of the Commonwealth of Puerto Rico*, Case No. 17-3566  [ECF No. 16];  *In re Puerto Rico Highways and Transportation Authority*, Case No. 17-3567  [ECF No. 7].

11.     Background information regarding the Commonwealth and its instrumentalities, and the commencement of the instant Title III Cases, is contained in the *Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* [ECF No. 1], attached to the Commonwealth's Title III petition.

**Relief Requested**

12.     By this Motion, pursuant to PROMESA section 317 and Bankruptcy Code section 105(a), the Debtors seek entry of an order, substantially in the form of the Proposed Order, setting an orderly and regular process for the allowance and payment of interim compensation and reimbursement of expenses for the Professionals that will be required to file fee applications for allowance of payment of compensation and reimbursement of expenses pursuant to PROMESA section 316.   Additionally, the Debtors seek approval of a procedure for reimbursement of reasonable out-of-pocket expenses incurred by Agents and members of each statutory committee appointed in the Title III Cases.[4]

**Retention of Professionals**

13.     The Debtors and the Oversight Board have retained professionals in connection with the instant Title III Cases.   Unlike in cases commenced under the Bankruptcy Code, professionals retained by the Debtors and the Oversight Board do not require court authorization for retention.[5]   Such professionals, however, do need to apply to this Court under PROMESA section 316 for approval of compensation and reimbursement of expenses for services and disbursements provided to prosecute the Title III Cases.   Moreover, with regard to interim compensation of Professionals and reimbursement of expenses incurred thereby, PROMESA section 317 provides that:

> [A] debtor's attorney, or any professional person employed by the debtor (in the debtor's sole discretion), the Oversight Board (in the Oversight Board's sole

---

[4]  The Debtors anticipate filing a separate motion, or amending this motion prior to the hearing, seeking the appointment of a fee examiner, after the U.S. Trustee has had the opportunity to make determinations concerning such examiner.

[5]  *See* PROMESA § 301(a) (omitting Bankruptcy Code sections 327 and 328 from incorporation into PROMESA).  Note, however, that by virtue of PROMESA's incorporation of section 1103 of the Bankruptcy Code, the retention of any Professionals for any official committees will require court approval.

discretion), a committee under section 1103 of title 11, United States Code, or a trustee appointed by the court under section 926 of title 11, United States Code, may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such application or reimbursement of expenses incurred before such date as is provided under section 317 of this title.

PROMESA § 317.

14.     In the ordinary course of business outside Title III cases, the Debtors employ hundreds of professionals that provide services to the Debtors relating to issues that directly impact the Debtor' day-to-day operations, including specialized legal services, accounting services, and tax services.  Accordingly, the Debtors propose the Motion and Proposed Order will not apply to work of professionals that was customarily required outside Title III cases, including, for the avoidance of doubt, professionals performing services related to the preparation of audited financial statements.   For the avoidance of doubt, the Debtors' professionals subject to this motion include all professionals retained through the Commonwealth's instrumentalities that render services in connection with Title III cases including AAFAF.

**<u>Proposed Procedures</u>**

15.     The Debtors propose that the Professionals be paid interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "<u>Interim Compensation Procedures</u>"):

  a.   On or before the 15th day of each calendar month, or as soon as practicable thereafter, each Professional may serve a statement (a "<u>Monthly Fee Statement</u>") of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, by email or overnight mail, on each of the following entities (collectively, the "<u>Notice Parties</u>"):

    i.   attorneys for the Oversight Board, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, Attn: Martin J. Bienenstock, Esq. and

Ehud Barak, Esq., and Proskauer Rose LLP, 70 West Madison Street, Chicago, IL 60602, Attn: Paul V. Possinger, Esq.;

ii.   attorneys for the Oversight Board, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918, Attn: Hermann D. Bauer, Esq.;

iii.   attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq., Suzzanne Uhland, Esq., and Diana M. Perez, Esq.;

iv.   the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: *In re: Commonwealth of Puerto Rico*);

v.   proposed attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc. A Despins, Esq.;

vi.   proposed attorneys for the Official Committee of Unsecured Creditors, O'Neill & Gilmore Law Office LLC, 252 Ponce de Leon Ave., Citibank Tower Suite 1701, San Juan, PR 00918, Attn: Patrick D. O'Neill, Esq.;

vii.   proposed attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. and Richard Levin, Esq., and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. and Melissa Root, Esq.;

viii.   proposed attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar-Zequeira, Esq.;

ix.   counsel to any other statutory committee appointed; and

x.   any fee examiner retained with Court approval.

b.   Any Professional that fails to serve a Monthly Fee Statement for a particular month or months may subsequently serve a consolidated Monthly Fee Statement for such month or months.  All Monthly Fee Statements shall comply with PROMESA and applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules").

c.   In accordance with the procedures described in subparagraph (d) below, each Notice Party may file and serve upon the Professional that filed the Monthly

Fee Statement and the other Notice Parties, so as to be received on or before 4:00 p.m. (Atlantic Standard Time) on the 10th day (or the next business day if such day is not a business day) following service of the Monthly Fee Statement (the "Objection Deadline") any objection to the requested fees and expenses.   Upon expiration of the Objection Deadline, the Debtors shall promptly pay, and in no event later than ten calendar days after the expiration of the Objection Deadline, the Professional an amount equal to the lesser of (i) 90% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement (the "Maximum Monthly Payment") or (ii) the Maximum Monthly Payment less the portion thereof subject to an objection (the "Incremental Amount") pursuant to subparagraph (d) below.   The Fee Examiner (as defined below) may object to the Interim Fee Applications (as defined below) if not consensually resolved.

d.  If any Notice Party wishes to object to a Professional's Monthly Fee Statement, it must (i) file a written objection (an "Objection") with the Court on or before the Objection Deadline and (ii) serve the Objection on the Professional that filed the Monthly Fee Statement and each of the other Notice Parties, so it is received by each of these parties on or before the Objection Deadline.   Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis.   If the parties are unable to reach a resolution of the Objection, the affected Professional may either (i) file a request with the Court for payment of the fees and expenses that are subject to the Objection or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court may consider and dispose of the Objection if requested by the parties.

e.  Each Professional's initial Monthly Fee Statement shall cover the period from the Petition Date of the Commonwealth's Title III Case through the end of the full month preceding the filing date of the Monthly Fee Statement. Thereafter, Professionals may serve Monthly Fee Statements in the manner described above.

f.  Consistent with PROMESA section 317, at four-month intervals or such other intervals designated by the Court (the "Interim Fee Period"), each of the Professionals shall file with the Court and serve on the Notice Parties an application (an "Interim Fee Application") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Statements, including any holdback, filed during the Interim Fee Period, pursuant to PROMESA section 317.   Each Interim Fee Application must include a brief description identifying the following:

   i.   the Monthly Fee Statements that are the subject of the request;

   ii.  the amount of fees and expenses requested;

10

iii.   the amount of fees and expenses paid to date or subject to an Objection;

iv.   the deadline for parties other than the Notice Parties to file objections (the "<u>Additional Objections</u>") to the Interim Fee Application; and

v.   any other information requested by the Court or required by the Local Rules.

g.   Objections, if any, to the Interim Fee Applications shall be filed and served upon the Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or before the 20th day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application.

h.   The Debtors shall request that the Court schedule a hearing on the Interim Fee Applications at least once every six months.  The Debtors, however, may request that a hearing be held every four months or at such other intervals as the Court deems appropriate.  If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing.  The hearing on the first Interim Fee Applications will take place at the December 20, 2017 omnibus hearing.

i.   If a fee examiner (the "<u>Fee Examiner</u>") is appointed, at least twenty days before each hearing on Interim Fee Applications, the Fee Examiner shall issue a report to each Professional listing and explaining each reduction to the Professional's fees and disbursements that the Fee Examiner recommends, and shall file a report at least five days before such hearing, which report shall disclose the consensual resolution with each Professional and each issue and amount not resolved.

j.   The first Interim Fee Period shall cover the month in which the Petition Date of the Commonwealth's Title III Case occurred and the four full months immediately following such month.  Accordingly, the first Interim Fee Period will cover May 3, 2017, through September 30, 2017.  Each Professional must file and serve its Interim Fee Application on or before the 45th day following the end of the applicable Interim Fee Period.

k.   The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Interim Compensation Procedures.  Any Professional that fails to submit a Monthly Fee Statement or file an Interim Fee Application when due or permitted shall be ineligible to receive further interim payments of fees or reimbursement of expenses under the Interim Compensation Procedures until such time as a Monthly Fee Statement or Interim Fee Application is submitted by the Professional.  There

shall be no other penalties for failing to file a Monthly Fee Statement or an Interim Fee Application in a timely manner.

l.   Payment and allowance of interim fees shall not bind any party in interest or the Court with respect to the final allowance of applications for payment of compensation and reimbursement of expenses of Professionals.  All fees and expenses paid to Professionals under the Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

m.  For all Professionals, any application made pursuant to PROMESA sections 316 and 317, shall be subject to Appendix B of the U.S. Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013* (the "U.S. Trustee Guidelines").

16.     The Debtors also request that each member of any statutory committee be permitted to submit statements of expenses (excluding third-party professional expenses of individual committee members) and supporting vouchers to the respective committee's counsel, which counsel will collect and submit for reimbursement in accordance with the Interim Compensation Procedures.  Approval of these Interim Compensation Procedures, however, shall not authorize payment of such expenses to the extent that such authorization does not comply with PROMESA, applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, applicable First Circuit law, and the practices of this Court.

17.     In addition, the Debtors request that the Court limit the notice of interim and final fee applications to (a) the Notice Parties and (b) all parties that have filed a notice of appearance with the Clerk of this Court pursuant to Bankruptcy Rule 2002, and requested such notice.  The Debtors further request that (a) the Notice Parties be entitled to receive the Monthly Fee Statements, any Interim Fee Applications, any final fee applications, and any notices of hearing on interim or final fee applications (the "Hearing Notices") and (b) all other parties entitled to notice shall be entitled to receive only the Hearing Notices.  Providing notice of interim and final fee applications in this manner will permit the parties most active in the Title III Cases to review

and, if warranted, object to Professional fees and expenses, and will save the expense of undue
duplication and mailing.

<strong><u>Applicable Authority</u></strong>

18.     Pursuant to PROMESA section 317 and Bankruptcy Rule 2016(a), all
professionals are entitled to submit applications for interim compensation and reimbursement of
expenses every 120 days or more often if the court permits.  Section 105(a) of the Bankruptcy
Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the
provisions of this title."  11 U.S.C. § 105(a); *see also* PROMESA section 301(d) (references to
"this title" under the Bankruptcy Code are deemed to be references to title III of PROMESA).
Thus, this Court has authority to enter an order authorizing the proposed Interim Compensation
Procedures.  The proposed Interim Compensation Procedures comply with the requirements of
PROMESA section 317 and Bankruptcy Rule 2016(a).

19.     The implementation of the proposed Interim Compensation Procedures is justified
in the Title III Cases.  The Title III Cases will add further complexities to the day-to-day
administrative burden already being shouldered by the Debtors, their employees and resources,
and the Commonwealth's government.  It is anticipated that the Professionals will provide
integral advice and services to the Debtors during these cases.  Absent streamlined compensation
procedures, the professional fee application and review process would be exceptionally
burdensome on the Debtors, the Professionals, the Court, and other parties in interest.  By
contrast, the proposed Interim Compensation Procedures will enable the Debtors to closely
monitor the costs of administration of the Title III Cases, maintain a level cash flow, and
implement efficient cash management procedures.  Moreover, these procedures will also allow
the Court and key parties in interest to verify the reasonableness and necessity of the
compensation and reimbursement sought pursuant to the Interim Compensation Procedures.

20.     The proposed procedures are similar to those approved in large cases under the Bankruptcy Code. *See*, *e.g.*, *In re Breitburn Energy Partners LP*, Case No. 16-11390 (Bankr. S.D.N.Y. June 15, 2016) [ECF No. 132]; *In re Caesars Entertainment Operating Co., Inc.*, Case No. 15-01145 (Bankr. N.D. Ill. Mar. 4, 2015) [ECF No. 587]; *In re NewPage Corp.*, Case No. 11-12804 (Bankr. D. Del. Oct. 4, 2011) [ECF No. 301]; *In re Lehman Bros. Holdings, Inc.*, Case No. 08-13555 (Bankr. S.D.N.Y. Nov. 5, 2008) [ECF No. 1388].  The Debtors submit that similar relief is warranted in the Title III Cases.

## Notice

21.     The Debtors have provided notice of this Motion to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against each Debtor; (d) counsel to the statutory committees appointed in these Title III Cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to AAFAF; (g) the Puerto Rico Department of Justice; (h) the Other Interested Parties;[6] and (i) all parties filing a notice of appearance in these Title III Cases. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## Reservation of Rights

22.     The Debtors file this Motion without prejudice to or waiver of their rights pursuant to PROMESA section 305.[7]

---

[6] The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

[7] PROMESA section 305 provides: "Subject to the limitations set forth in titles I and II of this Act, notwithstanding any power of the court, unless the Oversight Board consents or the plan

14

## **No Prior Request**

23.     No prior request for the relief sought in this Motion has been made to this or any
other court.

*[Remainder of Page Intentionally Left Blank]*

---

so provides, the court may not, by any stay, order, or decree, in the case or otherwise, interfere with — (1) any of the political or governmental powers of the debtor; (2) any of the property or revenues of the debtor; or (3) the use or enjoyment by the debtor of any income-producing property."

WHEREFORE the Debtors respectfully request the Court to enter an order, substantially in the form attached hereto as **Exhibit A**, (a) granting the Motion, (b) setting an orderly and regular process for the allowance and payment of interim compensation and the reimbursement of expenses for all Title III work of Professionals retained by the Debtors, the Oversight Board, and the statutory committees, (c) approving the Interim Compensation Procedures, and (d) granting the Debtors such other relief as is just and proper.

Dated: July 21, 2017
      San Juan, Puerto Rico

Respectfully submitted,

*/s/* Martin J. Bienenstock

Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Maja Zerjal
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/* Hermann D. Bauer

Hermann D. Bauer
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as Representative for the Debtors*

## Exhibit A

**Proposed Order**

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

     Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## ORDER SETTING PROCEDURES FOR INTERIM
## COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the *Motion of Debtors Pursuant to PROMESA Section 317 and Bankruptcy Code
Section 105(a) for Entry of Order Setting Procedures for Interim Compensation and
Reimbursement of Expenses of Professionals* (the "Motion");[2] and the Court having found it has
subject matter jurisdiction over this matter pursuant to PROMESA sections 306(a); and it
appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having
found that the relief requested in the Motion is in the best interests of the Debtors, their creditors,
and other parties in interest; and the Court having found that the Debtors provided adequate and
appropriate notice of the Motion under the circumstances and that no other or further notice is

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number
listed as a bankruptcy case number due to software limitations and the last four (4) digits of
each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of
Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID:
3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No.
17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement
System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case
No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico
Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS)
(Last Four Digits of Federal Tax ID: 3808).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in
the Motion.

required; and the Court having reviewed the Motion and having heard statements in support of

the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined

that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for

the relief granted herein; and any objections to the relief requested herein having been withdrawn

or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      All Professionals in the Title III Cases may be paid interim payment of

compensation and reimbursement of expenses in accordance with the following procedures (the

"Interim Compensation Procedures"):

    a.  On or before the 15th day of each calendar month, or as soon as practicable
thereafter, each Professional may serve a statement (a "Monthly Fee Statement")
of compensation for services rendered and reimbursement of expenses incurred
during any preceding month or months, by overnight mail, on each of the
following entities (collectively, the "Notice Parties"):

        i.  attorneys for the Oversight Board, Proskauer Rose LLP, Eleven Times
Square, New York, NY 10036, Attn: Martin J. Bienenstock, Esq. and
Ehud Barak, Esq., and Proskauer Rose LLP, 70 West Madison Street,
Chicago, IL 60602, Attn: Paul V. Possinger, Esq.;

        ii.  attorneys for the Oversight Board, O'Neill & Borges LLC, 250 Muñoz
Rivera Ave., Suite 800, San Juan, PR 00918, Attn: Hermann D. Bauer,
Esq.;

        iii.  attorneys for the Puerto Rico Fiscal Agency and Financial Advisory
Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times
Square, New York, NY 10036, Attn: John J. Rapisardi, Esq., Suzzanne
Uhland, Esq., and Diana M. Perez, Esq.;

        iv.  the Office of the United States Trustee for the District of Puerto Rico,
Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: *In
re: Commonwealth of Puerto Rico*);

        v.  proposed attorneys for the Official Committee of Unsecured Creditors,
Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc. A
Despins, Esq.;

vi.   proposed attorneys for the Official Committee of Unsecured Creditors, O'Neill & Gilmore LLC, 252 Ponce de Leon Ave., Citibank Tower Suite 1701, San Juan, PR 00918, Attn: Patrick D. O'Neill, Esq.;

vii.   proposed attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. and Richard Levin, Esq., and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. and Melissa Root, Esq.;

viii.   proposed attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar-Zequeira, Esq.;

ix.   counsel to any other statutory committee appointed; and

x.   the fee examiner to be retained with Court approval.

b.   Any Professional that fails to serve a Monthly Fee Statement for a particular month or months may subsequently serve a consolidated Monthly Fee Statement for such month or months. All Monthly Fee Statements shall comply with PROMESA and applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules").

c.   In accordance with the procedures described in subparagraph (d) below, each Notice Party may file and serve upon the Professional that filed the Monthly Fee Statement and the other Notice Parties, so as to be received on or before 4:00 p.m. (Atlantic Standard Time) on the 10th day (or the next business day if such day is not a business day) following service of the Monthly Fee Statement (the "Objection Deadline") any objection to the requested fees and expenses. Upon expiration of the Objection Deadline, the Debtors shall promptly pay, and in no event later than ten calendar days after the expiration of the Objection Deadline, the Professional an amount equal to the lesser of (i) 90% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement (the "Maximum Monthly Payment") or (ii) the Maximum Monthly Payment less the portion thereof subject to an objection (the "Incremental Amount") pursuant to subparagraph (d) below. The Fee Examiner (as defined below) may object to the Interim Fee Applications (as defined below) if not consensually resolved.

d.   If any Notice Party wishes to object to a Professional's Monthly Fee Statement, it must (i) file a written objection (an "Objection") with the Court on or before the Objection Deadline and (ii) serve the Objection on the Professional that filed the Monthly Fee Statement and each of the other Notice Parties, so it is received by each of these parties on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection

3

on a consensual basis.  If the parties are unable to reach a resolution of the Objection, the affected Professional may either (i) file a request with the Court for payment of the fees and expenses subject to the Objection or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court may consider and dispose of the Objection if requested by the parties.

e.   Each Professional's initial Monthly Fee Statement shall cover the period from the Petition Date of the Commonwealth's Title III Case through the end of the full month preceding the filing date of the Monthly Fee Statement.  Thereafter, Professionals may serve Monthly Fee Statements in the manner described above.

f.   Consistent with PROMESA section 317, at four-month intervals or such other intervals convenient to the Court (the "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Notice Parties an application (an "Interim Fee Application") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Statements, including any holdback, filed during the Interim Fee Period, pursuant to PROMESA section 317.  Each Interim Fee Application must include a brief description identifying the following:

  i.   the Monthly Fee Statements subject to the request;

  ii.   the amount of fees and expenses requested;

  iii.   the amount of fees and expenses paid to date or subject to an Objection;

  iv.   the deadline for parties other than the Notice Parties to file objections (the "Additional Objections") to the Interim Fee Application; and

  v.   any other information requested by the Court or required by the Local Rules.

g.   Objections, if any, to the Interim Fee Applications shall be filed and served upon the Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or before the 20th day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application.

h.   The Debtors shall request that the Court schedule a hearing on the Interim Fee Applications at least once every six months.  The Debtors, however, may request that a hearing be held every four months or at such other intervals as the Court deems appropriate.  If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing.  The hearing on the first Interim Fee Applications will take place at the December 20, 2017 omnibus hearing.

i.   If a fee examiner (the "Fee Examiner") is appointed, at least twenty days before each hearing on Interim Fee Applications, the Fee Examiner shall issue a report to

4

each Professional listing and explaining each reduction to the Professional's fees and disbursements that the Fee Examiner recommends, and shall file a report at least five days before such hearing, which report shall disclose the consensual resolution with each Professional and each issue and amount not resolved.

j. The first Interim Fee Period shall cover the month in which the Petition Date of the Commonwealth's Title III Case occurred and the four full months immediately following such month.  Accordingly, the first Interim Fee Period shall cover May 3, 2017, through September 30, 2017.  Each Professional must file and serve its Interim Fee Application on or before the 45th day following the end of the applicable Interim Fee Period.

k. The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Interim Compensation Procedures.  Any Professional that fails to submit a Monthly Fee Statement or file an Interim Fee Application when due or permitted shall be ineligible to receive further interim payments of fees or reimbursement of expenses under the Interim Compensation Procedures until such time as a Monthly Fee Statement or Interim Fee Application is submitted by the Professional.  There shall be no other penalties for failing to file a Monthly Fee Statement or an Interim Fee Application in a timely manner.

l. Payment and allowance of interim fees shall not bind any party in interest or the Court with respect to the final allowance of applications for payment of compensation and reimbursement of expenses of Professionals.  All fees and expenses paid to Professionals under the Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

m. For all Professionals, any application made pursuant to PROMESA sections 316 and 317, shall be subject to Appendix B of the U.S. Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013* (the "U.S. Trustee Guidelines").

3. Notwithstanding anything to the contrary in this Order, this Order shall not apply to work of professionals that was customarily required outside Title III cases, excluding restructuring professionals who are performing legal, financial, or operational services for a Title III Debtor, but including, for the avoidance of doubt, professionals performing services related to the preparation of audited financial statements, and such professionals shall be exempt from the

requirements of applying for Court approval of their fees and reimbursements that were customarily required outside Title III.

4.     Each member of any statutory committee is permitted to submit statements of expenses (excluding third-party professional expenses of individual committee members) and supporting vouchers to the respective committee's counsel, which counsel shall collect and submit for reimbursement in accordance with the Interim Compensation Procedures.

5.     Notice of interim and final fee applications is limited to (a) the Notice Parties and (b) all parties that have filed a notice of appearance with the Clerk of this Court, pursuant to Bankruptcy Rule 2002 and applicable provisions of the Local Rules, and requested such notice.

6.     The Notice Parties shall receive the Monthly Fee Statements, any Interim Fee Applications, any final fee applications, and any Hearing Notices, and all other parties entitled to notice pursuant to this Order shall only receive the Hearing Notices.

7.     The amount of fees and disbursements sought shall be set out in U.S. dollars.

8.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

**Cooperation of Retained Professionals**

9.     This Order applies to all Professionals retained in these cases by the Debtors, the Government and AAFAF (as it relates to the Debtor entities in the Title III Cases), the Oversight Board (as representative of the Debtors), and the statutory committees, to the extent the professionals render services in the Title III Cases.

10.     Nothing alters or impairs the right of any party in interest in these cases to object to any applications subject to this Order.

6

11.     Nothing herein is intended to, shall constitute, or shall be deemed to constitute the Oversight Board's consent, pursuant to PROMESA section 305, to this Court's interference with (a) any of the political or governmental powers of the Debtors, (b) any of the property or revenues of the Debtors, or (c) the use or enjoyment of the Debtors of any income-producing property.

12.     The Debtors and the Oversight Board, as the Debtors' representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

13.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2017
       San Juan, Puerto Rico                _____
                                           Honorable Laura Taylor Swain
                                           United States District Judge