**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

      Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**AMENDED MOTION OF DEBTORS**
**PURSUANT TO BANKRUPTCY CODE**
**SECTION 105(A) FOR ENTRY OF ORDER**
**(A) CONFIRMING AUTHORITY OF BANKS**
**TO CONTINUE HONORING INSTRUCTIONS**
**AND PAYMENT INSTRUMENTS WITH RESPECT**
**TO THE DEBTORS' BANK ACCOUNTS WITHOUT**
**INCURRING ANY LIABILITY THEREFOR, AND (B)**
**DIRECTING BANCO POPULAR TO RETAIN DEPOSITED**
**FUNDS IN THE CONDUIT ACCOUNT UNTIL NOVEMBER**
**30, 2017, WITHOUT INCURRING ANY LIABILITY THEREFOR**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

Jurisdiction and Venue........................................................................................ 2

Background .......................................................................................................... 2

Relief Requested ................................................................................................. 7

Basis for Relief ................................................................................................... 8

A.          Authority of Banks to Continue Honoring Instructions and Payment Instruments With Respect to the Debtors' Bank Accounts ...........................................8

B.          Directing Banco Popular to Retain Deposited Funds in the Conduit Account Until November 30, 2017 ...........................................................................10

Notice  12

Reservation of Rights.......................................................................................... 12

<u>Exhibit A</u>  Proposed Order...................................................................................1

<u>Exhibit B</u>  Redline Comparing Bank Motion Proposed Order to ....................................1

Amended Bank Motion Proposed Order.........................................................................1

## TABLE OF AUTHORITIES

**Page(s)**

CASES

The Bank of New York Mellon v. COFINA, et al.,
Case No. 17-00133-LTS (D.P.R. May 16, 2017) ............................................................1, 11

In re City of Stockton, Cal.,
486 B.R. 194 (Bankr. E.D. Cal. 2013) ................................................................................8

In re Richmond Unified Sch. Dist.,
133 B.R. 221 (Bankr. N.D. Cal. 1991) ...............................................................................8

STATUTES

11 U.S.C. § 105 ............................................................................................................1, 2, 3, 8

11 U.S.C. § 363 ...................................................................................................................7, 8, 9

11 U.S.C. § 904 ........................................................................................................................8

48 U.S.C. §§ 2101-2241 ..........................................................................................................1

PROMESA § 101(d) .................................................................................................................2

PROMESA § 104(j) ..............................................................................................................2,3

PROMESA § 206 .................................................................................................................2,3

PROMESA § 301(a) .................................................................................................................2

PROMESA § 301(d) .................................................................................................................8

PROMESA § 304(a) ............................................................................................................2,3

PROMESA § 305 ............................................................................................................8,9,12

PROMESA § 306(a) .................................................................................................................2

PROMESA § 307(a) .................................................................................................................2

PROMESA § 315 .....................................................................................................................2

OTHER AUTHORITIES

6 COLLIER ON BANKRUPTCY ¶ 901.04 (Alan N. Resnick & Henry J. Sommer eds.,
16th ed. rev. 2017) ...............................................................................................................8

2

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, as Title III debtors ("ERS," and together with the Commonwealth, COFINA, and HTA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] respectfully submit this motion (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these title III cases by PROMESA section 301(a), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (a) confirming the authority of the Debtors' banks (the "Banks") to continue honoring instructions, transfers, deposits, and withdrawals to or from the Debtors' depository, disbursement, and other accounts (the "Bank Accounts") and to receive, process, honor, and pay all checks presented for payment or payment requests relating to the Bank Accounts without incurring any liability therefor, and (b) directing Banco Popular de Puerto Rico ("Banco Popular") to retain and hold all Deposited Funds (defined below) in the Conduit Account (defined below) and to not deposit, transfer, or distribute such Deposited Funds to any other account until November 30, 2017, without incurring any liability therefor; provided, however that (i) such Deposited Funds may be used to make a loan from COFINA to the Commonwealth pursuant to further Court order and (ii) COFINA may use such Deposited Funds to pay its

---

[1] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

1

operating expenses and any administrative expenses of its Title III case without further Court order.  In support of this Motion, the Debtors respectfully represent as follows:

**Jurisdiction and Venue**

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2. Venue is proper pursuant to PROMESA section 307(a).

3. The statutory basis for the relief requested herein is Bankruptcy Code section 105(a), made applicable to these title III cases by PROMESA section 301(a).

**Background**

4. On June 30, 2016, the Oversight Board was established under PROMESA section 101(b).  On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

5. Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this title is the representative of the debtor[s]" and "may take any action necessary on behalf of the debtor[s] to prosecute the case[s] of the debtor[s], including filing a petition under section 304 of [PROMESA] . . . or otherwise generally submitting filings in relation to the case[s] with the court."

6. On September 30, 2016, the Oversight Board designated the Debtors as covered entities under PROMESA section 101(d).

7. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to section 304(a) of PROMESA, commencing a case under title III thereof (the "Commonwealth's Title III Case").

2

8.     On May 5, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA pursuant to PROMESA section 304(a), commencing a case under title III thereof ("COFINA's Title III Case").

9.     On May 21, 2017, the Oversight Board issued restructuring certifications pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for ERS and HTA pursuant to PROMESA section 304(a), commencing cases under title III thereof (the "Additional Title III Cases," and, collectively with the Commonwealth's Title III Case, COFINA's Title III Case, and any subsequent case under title III of PROMESA commenced by a covered territorial instrumentality under PROMESA, the "Title III Cases").

10.     On June 1, 2017, the Court entered an order granting the joint administration of the Commonwealth's Title III Case and COFINA's Title III Case, for procedural purposes only [Docket No. 242], and on June 29, 2017, the Court entered an order granting the joint administration of the Additional Title III Cases with the Commonwealth's Title III Case, for procedural purposes only [Docket No. 537].

**A.  The Bank Motion**

11.     On May 11, 2017, the Debtors[2] filed the *Motion of Debtors Pursuant to Bankruptcy Code Section 105(a) for Entry of Order Confirming Authority of Banks to Continue Honoring Instructions and Payment Instruments with Respect to the Debtors' Bank Accounts* [Docket No. 60] (the "Bank Motion").

12.     The Bank Motion was discussed at the May 17, 2017 omnibus hearing with the Court stating it would "hold this [Bank Motion] under an advisement pending an attempt to

---

[2]  At such time, only the Commonwealth and COFINA were title III debtors.

negotiate a consensual document." May 17, 2017 Hr'g Tr. at 79:1–3. On June 29, 2017, the Court entered an order granting the dismissal without prejudice of the Bank Motion for the reasons stated at the omnibus hearing held on June 28, 2017, where counsel to the Oversight Board requested that the Bank Motion be dismissed without prejudice. See Docket No. 541.

13.    The Bank Motion requested relief allowing the Debtors' banks to continue honoring the Debtors' transactions without incurring any liability therefor.  After further discussing the Bank Motion with Banco Popular and parties in interest, the Debtors determined to file this Motion.  A redline comparing the Bank Motion's proposed order to the new Proposed Order is attached hereto as **Exhibit B**.

### B.  The Commonwealth-COFINA Dispute

14.    On June 10, 2017, the Debtors filed the *Motion of Debtors for Order Approving Procedure to Resolve the Commonwealth-COFINA Dispute* [Docket No. 303] (the "COFINA Procedures Motion").  The COFINA Procedures Motion provides background information regarding the Commonwealth-COFINA Dispute (as defined in the COFINA Procedures Motion), which is a dominant issue in the Title III Cases.  The dispute centers around whether the portion of sales and use taxes COFINA receives every year (the "Pledged Sales Tax")[3] is property of COFINA or the Commonwealth within the meaning of PROMESA section 301(c)(5).

15.    On June 28, 2016, the Court denied the COFINA Procedures Motion without prejudice and directed the Oversight Board to seek the agreement of all interested parties to a procedure for resolving the Commonwealth-COFINA Dispute though confidential mediation

---

[3] The Pledged Sales Tax is the greater of (i) a fixed amount (currently ~$750 million), which grows at 4% per year (the "Pledged Sales Tax Base Amount"), or (ii) 2.75% of the sales and use tax collected that is shared between the Commonwealth and COFINA. The Pledged Sales Tax currently equals the Pledged Sales Tax Base Amount given (i) currently exceeds, and is expected to continue exceeding, (ii).

with Chief Bankruptcy Judge Houser of the Northern District of Texas. See Docket No. 544.  In an effort to advance the Title III Cases and facilitate the litigation or settlement of the Commonwealth-COFINA Dispute, contemporaneously with the filing of this Motion, the Debtors have filed a motion seeking entry of an order approving that certain *Stipulation and Agreed Order Approving Procedure to Resolve Commonwealth-COFINA Dispute* (the "Agent Stipulation").   The Agent Stipulation requests an expedited timeline to resolve the Commonwealth-COFINA Dispute because, if the Commonwealth is not entitled to any of the Pledged Sales Tax, it may, absent borrowing or further slashing expenses to a counterproductive extent, face acute cash management issues.  If there is no settlement or final adjudication as to the Commonwealth-COFINA Dispute by December 15, 2017, the Commonwealth may need to borrow funds from COFINA to fund the Commonwealth's operating budget.

### C.  Flow of Pledged Sales Taxes to COFINA

16.     Although numerous parties have asserted competing and conflicting claims and rights to the Pledged Sales Tax, such funds have continued to flow through various collection and conduit bank accounts, in the normal course, until reaching an account controlled by The Bank of New York Mellon ("BNYM"), in its capacity as trustee for the COFINA bonds (the "BNYM-Held Revenue Account").

17.     Pursuant to that certain Banking Services Agreement by and among Banco Popular, the Department of Treasury of Puerto Rico ("Hacienda"), the Government Development Bank ("GDB"), and COFINA, Banco Popular is responsible for processing, collecting, and depositing the sales and use taxes for the Commonwealth and its municipalities into the various accounts owned by GDB, COFINA, and Hacienda.

5

18.     The GDB and COFINA currently maintain a joint account at Banco Popular named "Estado Libre de Puerto Rico Impuesto Estatal Ofic 421" (Account No. ******4406) where all sales and use taxes collected by merchants and retailers, including the Pledged Sales Taxes, are deposited daily (the "Sales Tax Account").

19.     COFINA currently maintains a separate account at Banco Popular named "COFINA – Cuenta Conducto" (Account No. *****8017) (the "Conduit Account") where the portion of the sales and use tax allocated to COFINA pursuant to Act 91 has been historically deposited every two business days (the "Deposited Funds").

20.     In each Fiscal Year, commencing on July 1st, Banco Popular first transfers on a daily basis Deposited Funds in the Conduit Account to BNYM until moneys equivalent to the Pledged Sales Tax Base Amount have been deposited into the BNYM-Held Revenue Account.

21.     All subsequent Commonwealth sales and use tax collections are transferred to Hacienda until the end of the Fiscal Year (June 30th) or until such time as it has received an amount equal to the Pledged Sales Tax Base Amount.[4]

22.     The Commonwealth's 2018 fiscal year commenced on July 1, 2017.   In accordance with the above procedures, Banco Popular is transferring, on a daily basis, Deposited Funds in the Conduit Account to BNYM until the approximately $750 million Pledged Sales Tax Base Amount has been deposited into the BNYM-Held Revenue Account.

23.     Due to the competing and conflicting claims and rights to the Deposited Funds asserted by numerous parties, including COFINA and the Commonwealth, the Debtors have instructed Banco Popular to retain the Deposited Funds and to cease depositing, transferring, or

---

[4] Thereafter, Banco Popular is required to transfer 50% of each dollar of Commonwealth sales and use taxes collected to BNYM for deposit in the BNYM-Held Revenue Account and the other 50% to the Hacienda account at GDB.  In practice, the sales and tax that was collected runs out before there is any excess above the Pledged Sales Tax Base Amount.

distributing any such amounts to any other account, including the BNYM-Held Revenue Account, until November 30, 2017.  Until such time the Deposited Funds shall remain at the Conduit Account for the benefit of the rightful owner.

## Relief Requested

24.     By this Motion, the Debtors request entry of an order (a)  confirming the authority of the Banks to continue honoring authorized transfers, deposits, and withdrawals to or from the Bank Accounts and to receive, process, honor, and pay all checks presented for payment or payment requests relating to the Bank Accounts without incurring any liability therefor, (b) directing Banco Popular to retain and hold all Deposited Funds in the Conduit Account and to not deposit, transfer, or distribute such Deposited Funds to any other account until November 30, 2017, without incurring any liability therefor; provided, however that (i) such Deposited Funds may be used to make a loan from COFINA to the Commonwealth pursuant to further Court order and (ii) COFINA may use such Deposited Funds to pay its operating expenses and any administrative expenses of its title III case without further Court order, and (c) directing Banco Popular to allow the Deposited Funds to Flow In the Ordinary Course (as defined below) after November 30, 2017 to the extent such funds are not part of a Court approved loan from COFINA to the Commonwealth.

25.     While Bankruptcy Code section 363 does not apply in the Title III Cases,[5] this Motion has been filed to: (a) aid in the administration of the Title III Cases; (b) provide notice to the Banks that they may (i) honor all authorized transfer, deposit, and withdrawal instructions and receive, process, honor, and/or pay all checks presented for payment or authorized payment requests (collectively, the "Instructions and Payment Instruments") relating to the Bank

---

[5]  See PROMESA section 301(a), which does not incorporate Bankruptcy Code section 363.

Accounts, whether such Instructions and Payment Instruments were presented and/or submitted before or after the Petition Date, and (ii) rely on the Debtors' designation of any particular Instruction and Payment Instrument without any Bank duty of further inquiry and without incurring any liability therefor; (c) provide for the segregation and protection of the Deposited Funds that are the subject of the Commonwealth-COFINA Dispute until November 30, 2017; and (d) specify and clarify how sales and use tax collections should be deposited and distributed.[6]

**Basis for Relief**

### A. Authority of Banks to Continue Honoring Instructions and Payment Instruments With Respect to the Debtors' Bank Accounts

26.     Bankruptcy Code section 105, made applicable to these Title III Cases by PROMESA section 301(a), authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."[7] As Bankruptcy Code section 363 is not incorporated into PROMESA,[8] the Debtors may use, sell, or lease their property without regard to the restrictions set forth therein. This outcome is consistent with PROMESA section 305, which restricts the Court's power to interfere with the Debtors' use or enjoyment its property or revenues.[9] Accordingly, the Debtors are already authorized to continue using the

---

[6] The Order includes an indemnification, among other things, and holds that Banco Popular shall be harmless against any and all claims and liabilities and costs and expenses that are or might be incurred by Banco Popular as a result of Banco Popular's stipulation to this Order and Banco Popular's compliance with the Debtors' instructions concerning the Disputed Funds and compliance with the terms of this Order.

[7] 11 U.S.C. § 105(a); *see also* PROMESA section 301(d) (references to "this title" under the Bankruptcy Code are deemed to be references to title III of PROMESA).

[8] See supra note 10.

[9] See PROMESA section 305(2)-(3) ("notwithstanding any power of the court . . . [it] may not . . . interfere with . . . any of the property or revenue of the debtor . . . or the use or enjoyment by the debtor of any income-producing property."); see also 11 U.S.C. § 904 (providing the same

Bank Accounts.

27.     Notwithstanding the inapplicability of Bankruptcy Code section 363 and the restrictions placed on the Court by PROMESA section 305, however, the Banks may be hesitant to receive, process, honor, and/or pay all Instructions and Payment Instruments relating to the Bank Accounts or to permit the Debtors to transfer, deposit, and withdraw funds, due to the commencement of the Title III Cases or the Banks' lack of familiarity with PROMESA or the Bankruptcy Code.  For example, under chapter 11 of the Bankruptcy Code, corporate debtors generally require authorization from the Court to continue use of prepetition cash management systems due to the applicability of Bankruptcy Code section 363, creating the opportunity for confusion.  While such a requirement does not apply to the Debtors' cases, any hesitance by the Banks to follow instructions may cause irreparable harm to the Debtors' ability to provide for the health, safety, and welfare of the Commonwealth's residents.

28.     Accordingly, the Debtors seek entry of an order confirming the authority of the Banks to continue honoring Instructions and Payment Instruments relating to the Bank Accounts of Debtors without incurring any liability therefor.  Such an order can be transmitted to the Banks to demonstrate the Debtors' continued authority with respect to the foregoing, and provide notice of the Banks' authority to (a) receive, process, honor, and/or pay all Instructions and

---

in a chapter 9 case under the Bankruptcy Code); In re Richmond Unified Sch. Dist., 133 B.R. 221, 225 (Bankr. N.D. Cal. 1991) ("Section 904 also prohibits the court from interfering with 'any of the property or revenues of the debtor' or with 'the debtor's use or enjoyment of any income producing property' . . . [and] the debtor is free to use, sell or lease property without regard to the restrictions in section 363."); In re City of Stockton, Cal., 486 B.R. 194, 199 (Bankr. E.D. Cal. 2013) ("§ 904 means that the [debtor] can expend its property and revenues during the chapter 9 case as it wishes."); 6 COLLIER ON BANKRUPTCY ¶ 901.04 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. rev. 2017) ("Congress made scrupulous efforts to avoid the application of any section that might permit interference with the political or governmental affairs or powers of the debtor in a municipal debt adjustment case, such as . . . section 363, regulating the disposition by the municipal debtor of its property.").

Payment Instruments relating to the Bank Accounts, whether such instructions, checks, or requests were presented and/or submitted before or after the Petition Date, and (b) rely on the Debtors' designation of any particular Instruction and Payment Instrument without any Bank duty of further inquiry and without incurring any liability therefor.  The Debtors submit that such an order will minimize the opportunity for confusion or misunderstanding, and reduce the need for future court intervention to address any issues related thereto.

### B. Directing Banco Popular to Retain Deposited Funds in the Conduit Account Until November 30, 2017

29.      In addition, the Debtors seek entry of an order directing Banco Popular to retain and hold all Deposited Funds in the Conduit Account, and to not deposit, transfer, or distribute any such Deposited Funds to any other account until November 30, 2017, without incurring any liability therefor; provided, however that (a) such Deposited Funds may be used to make a loan from COFINA to the Commonwealth pursuant to further Court order (the "Loan") and (b) COFINA may use such Deposited Funds to pay its operating expenses and any administrative expenses of its title III case without further Court order.  The Deposited Funds are directly implicated by the Commonwealth-COFINA Dispute, and, as a result, are subject to competing and conflicting claims and rights of various parties, including the Commonwealth and COFINA. By directing Banco Popular to retain the Deposited Funds until November 30, 2017, such funds are segregated and preserved while the processes contemplated by the Agent Stipulation take place.   Upon settlement or final adjudication of the Commonwealth-COFINA Dispute, the Deposited Funds can then be transferred to the party or parties in accordance with the terms of such resolution.  If no settlement or final adjudication is reached by November 30, 2017, the Deposited Funds will revert to flowing in a manner consistent with the flow of Deposited Funds prior to entry of the Proposed Order ("Flow in the Ordinary Course") unless the Court (a)

extends the November 30, 2017 date or (b) approves a Loan from COFINA to the Commonwealth, in which case the remaining portion of the Deposited Funds that are not part of the Loan will Flow in the Ordinary Course.

30.      Regardless of which Debtors hold the Pledged Sales Taxes in which accounts, the funds shall be held on behalf of their actual owner or beneficiary as ultimately determined by a final order of this Court.   Moreover, the fact that the Pledged Sales Taxes are collected, deposited into and held in the Conduit Account shall not be considered by the Court for purposes of determining whether the Pledged Sales Taxes are property of the Commonwealth or COFINA, or otherwise affect, impact, or change in any manner whatsoever the rights and interests of any party in or to the Pledged Sales Taxes.

31.      The Debtors submit that such an order is an equitable solution as it reserves all parties' rights and ensures that the Deposited Funds will be available for the rightful owner(s) upon resolution of the Commonwealth-COFINA Dispute while also providing COFINA and the Commonwealth the flexibility, if needed, upon further Court approval, to allow COFINA to make a Loan to the Commonwealth to fund the Commonwealth's operating budget.   Further, this solution will enable litigation as to the Commonwealth-COFINA Dispute to proceed on the merits while minimizing other disputes or complications that may arise if such funds were to be transferred to the BNYM-Held Account, as evidenced by BNYM's adversary complaint for interpleader and declaratory relief.   See The Bank of New York Mellon v. COFINA, et al., Case No. 17-00133-LTS (D.P.R. May 16, 2017) (the "BNYM Interpleader") [Docket No. 1]. Similar to the relief requested herein, this Court ordered in the BNYM Interpleader that funds in the BNYM-Held Account may be held in trust on behalf of the party or parties to whom the Court ultimately determines the funds rightfully belong, and that doing so would not trigger an event of

default under the applicable COFINA bond resolution. BNYM Interpleader [Docket No. 131], at

5. Since the Deposited Funds will be held in a COFINA account, the same is true here.

## Notice

32.     The Debtors have provided notice of this Motion to the following parties: (a) the

Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees

and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors

holding the 20 largest unsecured claims against each Debtor; (d) proposed counsel to the

statutory committees appointed in these Title III Cases; (e) the Office of the United States

Attorney for the District of Puerto Rico; (f) counsel to the Puerto Rico Fiscal Agency and

Financial Advisory Authority on behalf of the Governor of Puerto Rico; (g) the Puerto Rico

Department of Justice; (h) the Other Interested Parties;[10] and (i) all parties filing a notice of

appearance in these Title III Cases.  The Debtors submit that, in light of the nature of the relief

requested, no other or further notice need be given.

## Reservation of Rights

33.     The Debtors file this Motion without prejudice to or waiver of their rights

pursuant to PROMESA section 305,[11] and do not by this Motion provide any consent otherwise

required by section 305.

---

[10] The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

[11] PROMESA section 305 provides: "Subject to the limitations set forth in titles I and II of this Act, notwithstanding any provision in this title to the contrary, unless the Oversight Board consents or the plan so provides, the court may not, by any stay, order, or decree, in the case or otherwise, interfere with — (1) any of the political or governmental powers of the debtor; (2) any of the property or revenues of the debtor; or (3) the use or enjoyment by the debtor of any income-producing property."

WHEREFORE the Debtors respectfully request the Court to enter the Proposed Order (a) granting the Motion; (b) confirming the Banks' authority to continue honoring instructions, transfers, deposits, and withdrawals to or from the Bank Accounts and to receive, process, honor, and pay all checks presented for payment or payment requests relating to the Bank Accounts without incurring any liability therefor; (c) directing Banco Popular to retain and hold all Deposited Funds in the Conduit Account and to not deposit, transfer, or distribute any such Deposited Funds to any other account until November 30, 2017, without incurring any liability therefore; provided, however that (i) such Deposited Funds may be used to make a loan from COFINA to the Commonwealth pursuant to further Court order and (ii) COFINA may use such Deposited Funds to pay its operating expenses and any administrative expenses of its title III case without further Court order; (d) directing Banco Popular to allow the Deposited Funds to Flow in the Ordinary Course after November 30, 2017 to the extent such funds are not part of a Court approved loan from COFINA to the Commonwealth; and (e) granting the Debtors such other relief as is just and proper.

Dated: July 21, 2017
     San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Maja Zerjal
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial*
*Oversight and Management Board*
*as representative for the Debtors*

13

<u>*/s/ Hermann D. Bauer*</u>

Hermann D. Bauer
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial
Oversight and Management Board
as Representative for the Debtors*

14

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

      Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III


No. 17 BK 3283-LTS

(Jointly Administered)

**ORDER (A) CONFIRMING
AUTHORITY OF BANKS TO CONTINUE
HONORING INSTRUCTIONS AND PAYMENT
INSTRUMENTS WITH RESPECT TO THE DEBTORS'
BANK ACCOUNTS WITHOUT INCURRING ANY LIABILITY
THEREFOR, AND (B) DIRECTING BANCO POPULAR TO
RETAIN DEPOSITED FUNDS IN THE CONDUIT ACCOUNT UNTIL
NOVEMBER 30, 2017, WITHOUT INCURRING ANY LIABILITY THEREFOR**

Upon the *Amended Motion of Debtors Pursuant to Bankruptcy Code Section 105(a) for
Entry of Order (a) Confirming Authority of Banks to Continue Honoring Instructions and
Payment Instruments With Respect to the Debtors' Bank Accounts Without Incurring Any
Liability Therefor, and (b) Directing Banco Popular to Retain Deposited Funds in the Conduit
Account Until November 30, 2017, Without Incurring Any Liability Therefor* (the "Motion");[2]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number
and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are
the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four
Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation
("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID:
8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case
No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees
Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS")
(Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III
case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in
the Motion.

and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306; and it appearing that venue in this district is proper pursuant to PROMESA section 307; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      Subject to paragraphs 4-6, pursuant to Bankruptcy Code section 105, made applicable by PROMESA section 301(a), the Banks are authorized to continue honoring authorized transfers, deposits, and withdrawals to or from Bank Accounts (as defined below) of Debtors without incurring any liability therefor.

3.      For the avoidance of doubt, without further order of the Court, but subject to paragraphs 4-6 hereof, Banks may (a) honor all authorized transfer, deposit, and withdrawal instructions to or from the Debtors' depository, disbursement and other accounts ("Bank Accounts") of the Debtors and receive, process, honor, and/or pay all checks presented for payment or authorized payment requests (collectively, the "Instructions and Payment Instruments"), whether such Instructions and Payment Instruments were presented and/or submitted before or after the Petition Date, and (b) rely on the Debtors' designation of any

2

particular Instruction and Payment Instrument without any Bank duty of further inquiry and without incurring any liability therefor.

4.     Commencing as of the date of this Order, Banco Popular shall retain and hold all collected Pledged Sales Taxes in the Conduit Account, and shall not deposit, transfer, or distribute any such Deposited Funds to any other account until November 30, 2017 (the "November 30th Date"), without further Court order and after notice to parties in interest; provided however that such Deposited Funds may be used to make a loan from COFINA to the Commonwealth on terms approved by the Court after notice to parties in interest (the "Loan").

5.     After November 30, 2017, any balance of the Deposited Funds that are not part of a Loan will flow in the ordinary course in a manner consistent with the flow of Deposited Funds prior to the entry of this Order ("Flow In the Ordinary Course"); provided further that if (i) the November 30th Date is not extended, or (ii) the Loan is not approved by a Court order, then Banco Popular shall allow the Deposited Funds to Flow In The Ordinary Course.

6.     Notwithstanding anything in this Order, Banco Popular may comply with directions from COFINA to use the Deposited Funds to pay COFINA's operating expenses and the administrative expenses of its title III case.

7.     Regardless of which Debtors hold the Pledged Sales Taxes in which accounts, they shall be held on behalf of their actual owner or beneficiary as ultimately determined by a final order of this Court.

8.     Notwithstanding anything in this Order, the fact that the Pledged Sales Taxes are collected, deposited into and held in the Conduit Account shall not be considered by the Court for purposes of determining whether the Pledged Sales Taxes are property of the Commonwealth

or COFINA, or otherwise affect, impact, or change in any manner whatsoever the rights and interests of any party in or to the Pledged Sales Taxes.

9.      Except as provided in paragraphs 4-6 hereof to which the Oversight Board consents, nothing herein is intended to, shall constitute, or shall be deemed to constitute the Debtors' waiver of their rights under PROMESA section 305, and the Debtors do not by this Order provide any consent otherwise required by PROMESA section 305.

10.     Banco Popular shall be and is hereby released and discharged from any and all claims and liability relating to the Deposited Funds or any right to, or interest in (beneficial, legal, or otherwise), the Deposited Funds, including, without limitation, claims of or liability to (a) any person or entity claiming a right to or interest (beneficial, legal, or otherwise) in the Deposited Funds and (b) all other persons or entities claiming by, through, or with any of the foregoing that arise out of Banco Popular's compliance with this Order and the Debtors' instructions set forth in the Motion concerning the Deposited Funds. The Debtors hereby indemnify and hold harmless Banco Popular against any and all claims and liabilities and costs and expenses that are or might be incurred by Banco Popular as a result of Banco Popular's stipulation to this Order and Banco Popular's compliance with the Debtors' instructions concerning the Disputed Funds and compliance with the terms of this Order.

11.     Notwithstanding the applicability of any Bankruptcy Rule, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

12.     The Debtors and the Oversight Board, as the Debtors' representative, are and shall be authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this order in accordance with the Motion.

13.     The Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, enforcement, or interpretation of this order.

Dated: _____, 2017                    _____

LAURA TAYLOR SWAIN
United States District Judge

## Exhibit B

**Redline Comparing Bank Motion Proposed Order to
Amended Bank Motion Proposed Order**

## UNITED STATES DISTRICT COURT
## ~~FOR THE~~ DISTRICT OF PUERTO RICO

----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

_____ as representative of

THE COMMONWEALTH OF PUERTO RICO,
~~and~~*et al.*

~~PUERTO RICO SALES TAX~~
~~FINANCING CORPORATION,~~

Debtors.[1]

----------------------------------------------------------------x

PROMESA
Title III

~~Case~~ No. 17 BK 3283 ~~01578 (~~LTS~~)~~

~~Case No. 17-01599~~

(Jointly Administered)

~~Re: Docket No. __~~

## ORDER (A) CONFIRMING
~~I.      Order Pursuant to BANKRUPTCY~~
~~CODE SECTION 105(a) Confirming the Authority~~
AUTHORITY OF BANKS TO CONTINUE ~~HONORING Instructions and payment~~
~~instruments with Respect to the Debtors' bank accounts~~
HONORING INSTRUCTIONS AND PAYMENT
INSTRUMENTS WITH RESPECT TO THE DEBTORS'
BANK ACCOUNTS WITHOUT INCURRING ANY LIABILITY
THEREFOR, AND (B) DIRECTING BANCO POPULAR TO
RETAIN DEPOSITED FUNDS IN THE CONDUIT ACCOUNT UNTIL
NOVEMBER 30, 2017, WITHOUT INCURRING ANY LIABILITY THEREFOR

Upon the *Amended Motion of Debtors Pursuant to Bankruptcy Code Section 105(a) for*

*Entry of Order (a) Confirming Authority of Banks to Continue Honoring Instructions and*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808).

*Payment  Instruments* ~~*with*~~*With Respect to the Debtors' Bank Accounts* ~~(the "Motion");[1]~~ *Without*

*Incurring Any Liability Therefor, and (b) Directing Banco Popular to Retain Deposited Funds in*

*the Conduit Account Until November 30, 2017, Without Incurring Any Liability Therefor (the*

*"Motion");[2]* and the Court having found it has subject matter jurisdiction over this matter

pursuant to PROMESA section 306; and it appearing that venue in this district is proper pursuant

to PROMESA section 307; and the Court having found that the relief requested in the Motion is

in the best interests of the Debtors, their creditors, and other parties in interest; and the Court

having found that the Debtors provided adequate and appropriate notice of the Motion under the

circumstances and that no other or further notice is required; and the Court having reviewed the

Motion and having heard statements in support of the Motion at a hearing held before the Court

(the "Hearing"); and the Court having determined that the legal and factual bases set forth in the

Motion and at the Hearing establish just cause for the relief granted herein; and any objections to

the relief requested herein having been withdrawn or overruled on the merits; and after due

deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      ~~Pursuant~~Subject to paragraphs 4-6, pursuant to Bankruptcy Code section 105,

made applicable by PROMESA section 301(a), the Banks are authorized to continue honoring

authorized transfers, deposits, and withdrawals to or from Bank Accounts (as defined below) of

Debtors without incurring any liability therefor.

3.      For the avoidance of doubt, without further order of the Court, but subject to

paragraphs 4-6 hereof, Banks may (a) honor all authorized transfer, deposit, and withdrawal

instructions to or from the Debtors' depository, disbursement and other accounts ("~~"~~"Bank

---

[1][2]Capitalized terms used but not otherwise defined herein have the meanings given to them in
the Motion.

2

Accounts"")") of the Debtors and receive, process, honor, and/or pay all checks presented for payment or authorized payment requests (collectively, the "Instructions and Payment Instruments"), whether such Instructions and Payment Instruments were presented and/or submitted before or after the Petition Date, and (b) rely on the Debtors' designation of any particular Instruction and Payment Instrument without any Bank duty of further inquiry and without incurring any liability therefor.

4.      Commencing as of the date of this Order, Banco Popular shall retain and hold all collected Pledged Sales Taxes in the Conduit Account, and shall not deposit, transfer, or distribute any such Deposited Funds to any other account until November 30, 2017 (the "November 30th Date"), without further Court order and after notice to parties in interest; provided however that such Deposited Funds may be used to make a loan from COFINA to the Commonwealth on terms approved by the Court after notice to parties in interest (the "Loan").

5.      After November 30, 2017, any balance of the Deposited Funds that are not part of a Loan will flow in the ordinary course in a manner consistent with the flow of Deposited Funds prior to the entry of this Order ("Flow In the Ordinary Course"); provided further that if (i) the November 30th Date is not extended, or (ii) the Loan is not approved by a Court order, then Banco Popular shall allow the Deposited Funds to Flow In The Ordinary Course.

6.      Notwithstanding anything in this Order, Banco Popular may comply with directions from COFINA to use the Deposited Funds to pay COFINA's operating expenses and the administrative expenses of its Title III case.

7.      Regardless of which Debtors hold the Pledged Sales Taxes in which accounts, they shall be held on behalf of their actual owner or beneficiary as ultimately determined by a final order of this Court.

3

8.      Notwithstanding anything in this Order, the fact that the Pledged Sales Taxes are collected, deposited into and held in the Conduit Account shall not be considered by the Court for purposes of determining whether the Pledged Sales Taxes are property of the Commonwealth or COFINA, or otherwise affect, impact, or change in any manner whatsoever the rights and interests of any party in or to the Pledged Sales Taxes.

9.      4. NothingExcept as provided in paragraphs 4-6 hereof to which the Oversight Board consents, nothing herein is intended to, shall constitute, or shall be deemed to constitute the Debtors' waiver of their rights pursuantunder PROMESA section 305, and the Debtors do not by the Motionthis Order provide any consent otherwise required by PROMESA section 305.

10.      Banco Popular shall be and is hereby released and discharged from any and all claims and liability relating to the Deposited Funds or any right to, or interest in (beneficial, legal, or otherwise), the Deposited Funds, including, without limitation, claims of or liability to (a) any person or entity claiming a right to or interest (beneficial, legal, or otherwise) in the Deposited Funds and (b) all other persons or entities claiming by, through, or with any of the foregoing that arise out of Banco Popular's compliance with this Order and the Debtors' instructions set forth in the Motion concerning the Deposited Funds. The Debtors hereby indemnify and hold harmless Banco Popular against any and all claims and liabilities and costs and expenses that are or might be incurred by Banco Popular as a result of Banco Popular's stipulation to this Order and Banco Popular's compliance with the Debtors' instructions concerning the Disputed Funds and compliance with the terms of this Order.

11.      5. Notwithstanding the applicability of any Bankruptcy Rule, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

4

12.   6. The Debtors and the Oversight Board, as the Debtors' representative, are and shall be authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this order in accordance with the Motion.

13.   7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement, or interpretation of this order.

Dated: May _____, 2017
San Juan, Puerto Rico

_____
Honorable Laura T. Swain
LAURA TAYLOR SWAIN
United States District Judge

5