**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | PROMESA |
| THE FINANCIAL OVERSIGHT AND | ) | Title III |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) | |
| | ) | |
| as representative of | ) | No. 17 BK 3283-LTS |
| | ) | |
| THE COMMONWEALTH OF PUERTO RICO, | ) | |
| | ) | |
| Debtor. | ) | |
| In re: | ) | |
| | ) | PROMESA |
| THE FINANCIAL OVERSIGHT AND | ) | Title III |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) | |
| | ) | |
| as representative of | ) | No. 17 BK 3567-LTS |
| | ) | |
| PUERTO RICO HIGHWAYS & | ) | |
| TRANSPORTATION AUTHORITY, | ) | |
| | ) | |
| Debtor. | ) | |
| PEAJE INVESTMENTS LLC, | ) | |
| | ) | Adv. Proc. No. 17-151-LTS |
| Plaintiff, | ) | in 17 BK 3567-LTS |
| | ) | |
| -against- | ) | Adv. Proc. No. 17-152-LTS |
| | ) | in 17 BK 3283-LTS |
| PUERTO RICO HIGHWAYS & | ) | |
| TRANSPORTATION AUTHORITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**CORRECTED NOTICE OF URGENT MOTION AND APPLICATION BY
PLAINTIFF PEAJE INVESTMENTS LLC FOR SEALED TREATMENT[1]**

**PLEASE TAKE NOTICE** that, pursuant to the Court's July 14, 2017 Order Granting

Urgent Motion for Leave to File Documents Under Seal, Sections 105(a) and 107(b) of title 11

---

[1]   This corrected version merely replaces the word "Brief" with "Urgent Motion" on the sixth line
of the first paragraph.

of the United States Code ("Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 9018 ("Bankruptcy Rules"), and Paragraph 16 of the Stipulated Protective Order, Adv. Pro. No. 17-151-LTS [Dkt. 91] and Adv. Pro. No. 17-152-LTS [Dkt. 83] ("Protective Order"), and upon the accompanying Urgent Motion, Exhibits A and B thereto, and the accompanying Declaration of Gabriel Schwartz, dated July 24, 2017, Plaintiff Peaje Investments LLC ("Plaintiff") hereby applies for sealed treatment of certain references to, and excerpts from, the deposition testimony of Gabriel Schwartz filed in support of Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction, dated July 14, 2017 (the "Opposition") and Defendants' Corrected Opposition to Plaintiff's Motion for a Preliminary Injunction, filed on July 20, 2017 (the "Corrected Opposition").

Specifically, Plaintiff requests sealed treatment for (1) the references to Mr. Schwartz's testimony on page 33 of the Opposition (also page 33 of the Corrected Opposition); (2) the portion of Mr. Schwartz's deposition transcript attached as Exhibit 1 to the Declaration of Bradley R. Bobroff in support of the Opposition ("Bobroff Decl.") at page 160, line 9, through page 162, line 16; and (3) the remaining, un-highlighted portions of Mr. Schwartz's deposition transcript attached as Bobroff Decl. Exhibit 1.

Dated: July 24, 2017

**MONSERRATE SIMONET &
GIERBOLINI, LLC**

Dora L. Monserrate Peñagarícano
USDC-PR No. 212612
101 San Patricio Avenue
Maramar Plaza, Suite 1120
Guaynabo, Puerto Rico 00968
Phone:      (787) 620-5300
Fax:         (787) 620-5305

**DECHERT LLP**

_/s/ Allan S. Brilliant _____

Allan S. Brilliant (*pro hac vice*)
Robert J. Jossen (*pro hac vice*)
Andrew C. Harmeyer (*pro hac vice*)
1095 Avenue of the Americas
New York, New York 10036

-and-

G. Eric Brunstad, Jr. (*pro hac vice*)
90 State House Square
Hartford, Connecticut 06103

-and-

Michael S. Doluisio (*pro hac vice*)
Stuart T. Steinberg (*pro hac vice*)
Cira Centre
2929 Arch Street
Philadelphia, Pennsylvania 19104
*Attorneys for Plaintiff Peaje Investments LLC*

23656423.2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | PROMESA |
| THE FINANCIAL OVERSIGHT AND | ) | Title III |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) | |
| | ) | |
| as representative of | ) | No. 17 BK 3283-LTS |
| | ) | |
| THE COMMONWEALTH OF PUERTO RICO, | ) | |
| | ) | |
| Debtor. | ) | |
| In re: | ) | |
| | ) | PROMESA |
| THE FINANCIAL OVERSIGHT AND | ) | Title III |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) | |
| | ) | |
| as representative of | ) | No. 17 BK 3567-LTS |
| | ) | |
| PUERTO RICO HIGHWAYS & | ) | |
| TRANSPORTATION AUTHORITY, | ) | |
| | ) | |
| Debtor. | ) | |
| PEAJE INVESTMENTS LLC, | ) | |
| | ) | Adv. Proc. No. 17-151-LTS |
| Plaintiff, | ) | in 17 BK 3567-LTS |
| | ) | |
| -against- | ) | Adv. Proc. No. 17-152-LTS |
| | ) | in 17 BK 3283-LTS |
| PUERTO RICO HIGHWAYS & | ) | |
| TRANSPORTATION AUTHORITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## CORRECTED URGENT MOTION AND APPLICATION BY PLAINTIFF PEAJE INVESTMENTS LLC FOR SEALED TREATMENT[1]

Pursuant to the Court's July 14, 2017 Order Granting Urgent Motion for Leave to File

Documents Under Seal, Sections 105(a) and 107(b) of title 11 of the United States Code

("Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 9018 ("Bankruptcy Rules"), and

---

[1]     This corrected version merely removes "Brief in support of" from the title.

Paragraph 16 of the Stipulated Protective Order, Adv. Pro. No. 17-151-LTS [Dkt. 91] and Adv.

Pro. No. 17-152-LTS [Dkt. 83] ("Protective Order"), Plaintiff Peaje Investments LLC

("Plaintiff" or "Peaje") hereby applies for sealed treatment of certain references to, and excerpts

from, the deposition testimony of Gabriel Schwartz filed in support of Defendants' Opposition to

Plaintiff's Motion for a Preliminary Injunction, dated July 14, 2017 (the "Opposition") and

Defendants' Corrected Opposition to Plaintiff's Motion for a Preliminary Injunction, filed on

July 20, 2017 (the "Corrected Opposition").

    Specifically, Plaintiff requests sealed treatment for (1) the references to Mr. Schwartz's

testimony on page 33 of the Corrected Opposition (also page 33 of the Opposition); (2) the

portion of Mr. Schwartz's deposition transcript attached as Exhibit 1 to the Declaration of

Bradley R. Bobroff in support of the Opposition ("Bobroff Decl.") at page 160, line 9, through

page 162, line 16; and (3) the remaining, un-highlighted portions of Mr. Schwartz's deposition

transcript attached as Bobroff Decl. Exhibit 1 (the "Confidential Schwartz Material"). Plaintiff

consents to unsealing the references to Mr. Schwartz's testimony on page 30 of the Corrected

Opposition (pages 29-30 of the Opposition), as well as the following portions of Mr. Schwartz's

deposition transcript as Bobroff Decl. Exhibit 1: Tr. 99:6-25 and 165:23-167:24. Plaintiff does

not consent to the disclosure of other portions of Mr. Schwartz's deposition transcript (or

exhibits thereto), and maintains that they are confidential and must be filed under seal in the

future.[2] The portions of the Corrected Opposition and Bobroff Decl. Exhibit 1 that Plaintiff

hereby requests remain under seal are attached hereto as Exhibits A and B, respectively.

---

[2]     Peaje does not object to the unsealing of the references to, and excerpts from, the deposition
testimony of Thomas Stanford filed in support of the Opposition. Peaje, however, does not
consent to the disclosure of other portions of Mr. Stanford's deposition transcript (or exhibits
thereto), and maintains that they are confidential and must be filed under seal in the future.

**Background**

1.      Plaintiff is the owner of bonds issued by HTA, a public corporation and government
instrumentality of the Commonwealth.  Plaintiff's bonds are secured by a lien on, among other
things, certain "special revenues" consisting of tolls and other charges (the "Toll Revenues") that
HTA collects from its operation of certain highways. HTA is required to pay the Toll Revenues to
a fiscal agent (the "Fiscal Agent") for the bonds, and the Fiscal Agent is, in turn, required to make
periodic payments to the bondholders. Despite its obligation to continue turning over the Toll
Revenues to the Fiscal Agent, HTA has been diverting the Toll Revenues to other uses.
Accordingly, on May 31, 2017, Plaintiff filed this action to remedy Defendants' breaches.
Plaintiff also filed a Motion for a Temporary Restraining Order and a Preliminary Injunction (the
"Motion") to require HTA, among other things, to resume depositing the Toll Revenues with the
Fiscal Agent and to prohibit the other Defendants from interfering with that order.

2.      Defendants' filed their Opposition to Plaintiff's Motion on July 14, 2017 (the
"Opposition"). In their Opposition, Defendants refer to the deposition testimony of Gabriel
Schwartz and attach excerpts from the deposition transcript of Mr. Schwartz as Bobroff Decl.
Exhibit 1. Mr. Schwartz is Vice President of Peaje and the Managing Member of Peaje's
investment manager. He was deposed on June 29, 2017, and the deposition transcript was
properly marked "confidential" in accordance with the Protective Order. Among other things,
Mr. Schwartz testified about Peaje's confidential investments and proprietary investment
strategies, and the excerpts from and references to Mr. Schwartz's testimony in Defendants'
Opposition reflect this confidential, commercial information.

3.      Defendants redacted the references to, and excerpts from, Mr. Schwartz's testimony in
the public version of their July 14 Opposition and its supporting documents.  Defendants

3

simultaneously filed an Urgent Motion for Leave to File Documents Under Seal.  Later that same

day, the Court issued an Order granting Defendants Urgent Motion to File Documents Under

Seal.  With respect to information designated confidential by Plaintiff, including the Confidential

Schwartz Material, the Court granted leave for the material to be filed under seal until July 26,

2017, and granted Plaintiff the opportunity to file an application for an extension of the sealed

treatment by 5:00 p.m. on July 24, 2017. Plaintiff, therefore, files this Urgent Motion and

Application to extend the sealed treatment of the Confidential Schwartz Material.

### Legal Standard

4.      "On request of a party in interest, the bankruptcy court shall . . . protect an entity with

respect to a trade secret or confidential research, development, or commercial information." 11

U.S.C.A. § 107(b)(1). If the court determines that a party in interest is seeking protection of

information that falls within one of the categories enumerated in Bankruptcy Code Section

107(b), "protection is mandatory." *In re Gitto Global Corp.*, 422 F. 3d 1, 7 (1st Cir. 2005); *Video

Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d

Cir. 1994) ("the court is required to protect a requesting interested party and has no discretion to

deny the application."). In such cases, "[o]n motion or on its own initiative, with or without

notice, the court may make any order which justice requires [] to protect the estate or any entity

in respect of a trade secret or other confidential research, development, or commercial

information . . ." Fed. R. Bankr. P. 9018.

5.      Commercial information need not rise "to the level of a trade secret" to be entitled to

protection under Section 107(b). *In re Orion Pictures Corp.*, 21 F. 3d at 28. Unlike Rule 26(c) of

the Federal Rules of Civil Procedure, Section 107(b) does not require a party seeking protection

to demonstrate "good cause" or require a finding of "extraordinary circumstances or compelling

need." *In re Rivera*, 524 B.R. 438, 443 (D. Pr. Bankr. 2015) (*citing In re Orion Pictures Corp.*,

21 F.3d at 28); *In re Orion Pictures Corp.*, 21 F.3d at 27. Rather, a party seeking the protection

of section 107(b) need only demonstrate that the information is "confidential" and "commercial"

in nature. *Id.* at 27.

6.      The commercial information exception "protects parties from the release of information

that could cause them harm or give competitors an unfair advantage." *Gowan v. Westford Asset

Mgmt. LLC* (*In re Dreier LLP*), 485 B.R. 821, 823 (Bankr. S.D.N.Y. 2013) (*citing In re Orion

Pictures Corp.*, 21 F.3d at 27; *In re Global Crossing Ltd.*, 295 B.R. 720, 725

(Bankr.S.D.N.Y.2003); *In re Borders Group, Inc.*, 462 B.R. 42, 47 (Bankr.S.D.N.Y.2011)); *In re

Handy Andy Home Improvement Ctrs., Inc.*, 199 B.R. 376, 382 (Bankr.N.D.Ill.1996) (defining

commercial information as information which would cause "an unfair advantage to competitors

by providing them information as to the commercial operations of the debtor."); *Ad Hoc

Protective Comm. for 10 1/2% Debenture Holders v. Itel Corp.* (*In re Itel Corp.*), 17 B.R. 942,

944 (9th Cir.BAP 1982). In *In re Dreier LLP*, the Court granted Defendants' motion to file under

seal excerpts of a deposition transcript in which the witness explained how one of the Defendants

decided which fund would make an investment on the grounds that the testimony "involves the

type of strategic decision making that could rightly be categorized as 'commercial information.'"

*In re Dreier LLP*, 485 B.R. at 823. The Court found that "[a]lthough the discussion is very

general, another hedge fund could conceivably copy it to its own advantage and, possibly, the

disadvantage of [the Defendant] which may be competing for the same investors and same

investments." *Id.* at 823-24.

<u>**Argument**</u>

7.      The Confidential Schwartz Material reflects confidential and proprietary information regarding Peaje's investments and investment strategies. There is a substantial risk of competitive harm to Peaje if this information is publicly disclosed. Because the Schwartz Material is "confidential" and "commercial" in nature, Peaje is entitled to prevent its public disclosure under the Bankruptcy Code and Bankruptcy Rules.

8.      During his deposition, Mr. Schwartz testified about Peaje's confidential investments and proprietary investment strategies. Specifically, the deposition excerpts contain testimony from Mr. Schwartz regarding, *inter alia*, Peaje's analysis and diligence related to certain positions (Tr. 100, 161-169); Peaje's investment priorities (Tr. 101); internal investment memoranda (Tr. 99-101, 158-160); and the timing of and strategy behind Peaje's purchase of securities (Tr. 160-161). Similarly, references to Mr. Schwartz's testimony in the Opposition includes an assertion regarding Peaje's confidential commercial information, *i.e.* its investment positions and strategies. Opp. at 33; Corrected Opp. at 33.

9.      If publicly disclosed, this information could be useful to Peaje's competitors and harmful to Peaje. Peaje and its co-managed funds operate in an extremely competitive market environment.  Declaration of Gabriel Schwartz, dated July 24, 2017 ("Decl."), at ¶ 1. They compete with numerous other investment funds and institutional investors with a principal focus on credit investments. *Id*. To the extent Peaje's competitors learn proprietary information about Peaje's investments and strategies, they may be able to obtain an advantage in the market.  Decl. at ¶ 2. Such disclosure would therefore place an undue risk on Peaje and its co-managed funds' ability to successfully obtain, maintain and exit its positions. *Id*.  Moreover, the investment performance of Peaje and its co-managed funds is critical to the funds' ability to raise capital;

6

thus, any disclosure of the Schwartz Material could put Peaje at a competitive disadvantage that

goes beyond the specific investments discussed in the Schwartz Material. Decl. at ¶ 3.

10.     The Confidential Schwartz Material is the precise type of information Bankruptcy Code

Section 107(b) intended to shield from disclosure. Mr. Schwartz's testimony "involves the type

of strategic decision making that could rightly be categorized as 'commercial information.'" *See*

*In re Dreier LLP*, 485 B.R. at 823. A competitor could "conceivably copy it to its own advantage

and, possibly, the disadvantage of [Peaje] which may be competing for the same investors and

same investments." *Id*. at 823-24. Therefore, Peaje is entitled to the relief it seeks here under the

Bankruptcy Code and Rules.

### Certification in Compliance with the
### First Amended Case Management Procedures and Local Rule 9013-1

11.     Pursuant to Local Rule 9013-1 and paragraph I.H of the First Amended Case

Management Procedures, Plaintiff hereby certifies that it has (a) carefully examined the matter

and concluded that there is a true need for an urgent hearing; (b) not created the urgency through

any lack of due diligence; (c) made a bona fide effort to resolve the matter without a hearing; and

(d) made reasonable, good-faith communications in an effort to resolve or narrow the issues that

are being brought to the Court; and (e) understands that The Financial Oversight and

Management Board for Puerto Rico, as representative of The Commonwealth of Puerto Rico and

the Puerto Rico Highways & Transportation Authority, will not oppose the relief requested.

### Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this urgent

motion and application for sealed treatment of certain references to, and excerpts from, the

deposition testimony of Gabriel Schwartz filed in support of Defendants' Opposition to

Plaintiff's Motion for a Preliminary Injunction, dated July 14, 2017, and order that this

information remain under seal.

Dated: July 24, 2017

**MONSERRATE SIMONET &
GIERBOLINI, LLC**

Dora L. Monserrate Peñagarícano
USDC-PR No. 212612
101 San Patricio Avenue
Maramar Plaza, Suite 1120
Guaynabo, Puerto Rico 00968
Phone:      (787) 620-5300
Fax:        (787) 620-5305

**DECHERT LLP**

  _/s/ Allan S. Brilliant_____
Allan S. Brilliant (*pro hac vice*)
Robert J. Jossen (*pro hac vice*)
Andrew C. Harmeyer (*pro hac vice*)
1095 Avenue of the Americas
New York, New York 10036

-and-

G. Eric Brunstad, Jr. (*pro hac vice*)
90 State House Square
Hartford, Connecticut 06103

-and-

Michael S. Doluisio (*pro hac vice*)
Stuart T. Steinberg (*pro hac vice*)
Cira Centre
2929 Arch Street
Philadelphia, Pennsylvania 19104

*Attorneys for Plaintiff Peaje Investments LLC*

8

# EXHIBIT A

49-56; Wolfe ¶ 50 (removing toll revenues would "reduce the estimated real economic growth for fiscal year 2026 to 0.7%," which would be below the 0.8% minimum threshold required to achieve fiscal sustainability); Arnold Decl. ¶¶ 29-38.



Finally, under the current facts at the inception of the HTA Title III case where toll revenues must be used to sustain the transportation system, Peaje's collateral value is much smaller than it contends, and there is no basis to assert it is diminishing while the Commonwealth and HTA are taking steps to solve their problems.

## III. AN INJUNCTION WOULD GRIEVOUSLY HARM HTA AND THE PUBLIC, FAR OUTWEIGHING THE THREAT OF INJURY TO PEAJE.

If the Court grants Peaje the injunction it seeks, the consequences for the people of Puerto Rico, the Commonwealth, and HTA will be calamitous. An injunction that pays the toll revenues to bondholders will derail Puerto Rico's chance at recovery. As explained by Andrew Wolfe, the CW Fiscal Plan projects real economic growth of 1.01% after 10 years, which would be sufficient to sustain growth and enable Puerto Rico to regain access to capital markets. Wolfe Decl. ¶¶ 8-9, 43-44. The minimum level of real economic growth necessary to achieve those goals is 0.8%. *Id.* ¶ 10. If future toll revenues are removed and dedicated to debt service, the

# EXHIBIT B

CONFIDENTIAL

Page 1

```
 1
 2                UNITED STATES DISTRICT COURT
                    DISTRICT OF PUERTO RICO
 3
      In re:                      )
 4    THE FINANCIAL OVERSIGHT AND )
      MANAGEMENT BOARD FOR PUERTO )  PROMESA
 5    RICO                        )  Title III
                                  )
 6       as representative of     )  No. 17 BK
                                  )  3283-LTS
 7    THE COMMONWEALTH OF PUERTO  )
      RICO,                       )  (Jointly
 8                    Debtor.     )  Administered)
      _____ )
 9                                )
      In re:                      )
10    THE FINANCIAL OVERSIGHT AND )
      MANAGEMENT BOARD FOR PUERTO )  PROMESA
11    RICO                        )  Title III
                                  )
12       as representative of     )  No. 17 BK
                                  )  3567-LTS
13    PUERTO RICO HIGHWAYS AND    )
      TRANSPORTATION AUTHORITY    )
14    ("HTA"),                    )
                    Debtors.      )
15    --------------------------- )
                                  )
16    PEAJE INVESTMENTS LLC,      )  Adv. Proc. No.
                                  )  17-151-LTS in 17
17                    Plaintiff,  )  BK 3567-LTS
               -v-                )
18                                )
      PUERTO RICO HIGHWAYS AND    )  Adv. Proc. No.
19    TRANSPORTATION AUTHORITY,   )  17-152-LTS in 17
      et al.,                     )  BK 3283-LTS
20                    Defendants. )
      --------------------------- )
21
                      CONFIDENTIAL
22        VIDEO DEPOSITION OF GABRIEL SCHWARTZ
                    New York, New York
23              Thursday, June 29, 2017
24    Reported by:
      PATRICIA A. BIDONDE, RPR
25    JOB #:  126322
```

CONFIDENTIAL

Page 2

1
2
3
4                    June 29, 2017
                     9:35 a.m.
5
6
7        CONFIDENTIAL Video Deposition of
8    GABRIEL SCHWARTZ, held at the offices of
9    PROSKAUER ROSE LLP, Eleven Times Square,
10   New York, New York, before Patricia A.
11   Bidonde, a Registered Professional
12   Reporter, Certified eDepoze Court
13   Reporter, and Notary Public of the State
14   of New York.
15
16
17
18
19
20
21
22
23
24
25

Page 3

1
2              A P P E A R A N C E S
3
4    DECHERT
5    Attorneys for Peaje
6         1095 Avenue of the Americas
7         New York, New York 10036
8    BY:   ROBERT JOSSEN, ESQ.
9          STUART STEINBERG, ESQ.
10
11        101 Ave San Patricio
12        Guaynabo, Puerto Rico 009682646
13   BY:   DORA MONSERRATE, ESQ.
14        (Via teleconference)
15
16
17   DAVIDSON KEMPNER
18        520 Madison Avenue
19        New York, New York 10022
20   BY:   KEVIN DIBBLE, ESQ.
21
22
23
24
25

Page 4

1
2         A P P E A R A N C E S  (CONTINUED)
3
4    PROSKAUER ROSE
5    Attorneys for oversight board as
6    representatives for the Commonwealth of Puerto
7    Rico and the Highways and Transportation
8    Authority
9         Eleven Times Square
10        New York, New York 10036
11   BY:   BRADLEY BOBROFF, ESQ.
12
13        2049 Century Park East
14        Los Angeles, California 90067
15   BY:   LARY ALAN RAPPAPORT, ESQ.
16
17
18        1 International Place
19        Boston, Massachusetts 02110
20   BY:   LAURA STAFFORD, ESQ.
21
22        2255 Glades Road
23        Boca Raton, Florida 33431
24   BY:   MATTHEW ROCHMAN, ESQ.
25        (Via teleconference)

Page 5

1
2         A P P E A R A N C E S  (CONTINUED)
3
4    O'NEILL & BORGES
5         250 Munoz Rivera Ave
6         San Juan, Puerto Rico 00913
7    BY:   HERMANN BAUER, ESQ.
8         (Via teleconference)
9
10   O'MELVENY & MYERS
11   Attorneys for Puerto Rico Fiscal Agency and
12   Financial Advisory Authority
13        Times Square Tower
14        7 Times Square
15        New York, New York 10036
16   BY:   GARO HOPLAMAZIAN, ESQ.
17
18   ALSO PRESENT:
19   CHRISTIAN BIDONDE, Videographer
20
21
22
23
24
25



Page 98

G. Schwartz - Confidential

Page 99

G. Schwartz - Confidential

6    Q.   Mine's worse.
7         If you look at bottom of 1880.
8    It says, "Puerto Rico Highway and
9    Transportation Authority."  And the bullet
10   point says, "Responsible for construction and
11   maintenance of highways and transportation in
12   the Commonwealth."
13        Do you see that?
14   A.   Yes.
15   Q.   What was that based on?
16   A.   It would have been an overview of
17   some type of document provided either by the
18   Commonwealth or, more likely, the highway
19   authority, explaining its purpose.
20   Q.   But that was your understanding
21   at the time.  Right?
22   A.   Yes.
23   Q.   You didn't think HTA was just
24   responsible for three toll roads.  Right?
25   A.   No.

Page 100

G. Schwartz - Confidential

Page 101

G. Schwartz - Confidential

CONFIDENTIAL



Page 158

G. Schwartz - Confidential

Page 159

G. Schwartz - Confidential

Page 160

G. Schwartz - Confidential

Page 161

G. Schwartz - Confidential

CONFIDENTIAL



|  | Page 162 |
| --- | --- |

G. Schwartz - Confidential

|  | Page 163 |
| --- | --- |

G. Schwartz - Confidential

|  | Page 164 |
| --- | --- |

G. Schwartz - Confidential

|  | Page 165 |
| --- | --- |

G. Schwartz - Confidential

Q.    If you look at page 2 of the
complaint.  Paragraph 2, second sentence,
"Plaintiff is the holder of certain bonds

CONFIDENTIAL

Page 166

G. Schwartz - Confidential
1
2    secured by a valid, enforceable,
3    first-priority lien on certain toll revenues
4    that HTA collects in its operations."
5         Do you see that?
6         A.   Yes.
7         Q.   So with respect to the allegation
8    that you hold a valid enforceable,
9    first-priority lien, is that based on the same
10   facts and documents that you just described to
11   me?
12        A.   No, that deals with the specifics
13   of the statutory lien, in terms of the fact
14   that we have a lien in general.  In addition
15   to those documents, it would be based upon the
16   offering memorandum, multiple financial
17   statements that have been filed over time, as
18   well as statements from various government
19   officials, generally, that I've gotten third
20   party, i.e., my colleagues have -- have met
21   with them, for example, the highway authority,
22   and then explained to me, but also with some
23   of the meetings that we had where this was a
24   portion of the overall discussion we had.
25        Q.   "Multiple financial statements,"

Page 167

G. Schwartz - Confidential
1
2    what do you mean by that?
3         A.   PRHTA regularly files final
4    statements and, within that, would
5    descriptions of their debt.
6         Q.   To the best of your knowledge,
7    have you produced all documents that Peaje has
8    on which you base your allegation that Peaje
9    holds a lien with respect to the HTA bonds?
10        A.   Again, to the best of my
11   knowledge, we've fully met the document
12   request and -- and provided you guys with
13   everything you've asked for.  I'm not at all
14   close to the details of that document request.
15        Q.   Okay.  So with respect to your
16   enforceable, first-priority lien, I just want
17   to make sure I have this clear.
18        In addition to the Enabling Act
19   and the resolutions, I thought you said the
20   official statements --
21        A.   Yeah, or offering memorandums.
22        Q.   Offering memorandums, financial
23   statements?
24        A.   Yup.
25

Page 168

G. Schwartz - Confidential



Page 169

G. Schwartz - Confidential