# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL MANAGEMENT AND OVERSIGHT BOARD FOR PUERTO RICO<br><br>    as representative of:<br><br>THE COMMONWEALTH OF PUERTO RICO et, al<br><br>Debtor [1] | PROMESA<br>TITLE III<br><br><br>NO.: **17 BK 3283-LTS**<br><br><br>(Jointly Administered) |

## MOTION REQUESTING LIFT OF STAY TO PERMIT THE EVICTION OF DEBTOR FOR THE PREMISES OF CREDITOR'S "EDIFICIO BULA, INC."

**TO THE HONORABLE JUDGE LAURA TAYLOR SWAIN:**

**NOW COMES**, creditor EDIFICIO BULA, INC., party in interest in the PROMESA TITLE III Case No. 17 BK 03283, represented by the undersigned law office and respectfully sets forth and prays:

Debtor is occupying the premises of EDIFICIO BULA, property of the Creditor EDIFICIO BULA, INC., under the terms of a contract lease executed by both parties (see Attachment 1). No rent is being paid by the Commonwealth's Department of Labor

---

[1] The debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last four digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284 LTS (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS")(Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

and Human Resources (hereinafter CDLH) for the payment of such rent. At this moment the Debtor owes the Creditor $117,166.66 in post-petition rent. (see Attachement 2).

The Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA), 48 U.S.C.S. § 2101 et seq., provides for a temporary stay of debt- related litigation against the Puerto Rico government. 48 U.S.C.S. §2194(a)(b). Under certain circumstances the bankruptcy court may lift the stay under 304 section (analogous to Sec. 362), either for cause, including lack of adequate protection of a creditor's interest. *In re Vitreous Steel Products Co.*, 911 1223, 1232, 1990 U.S. App. LEXIS 13453, *22, (7th Cir. Ind. Aug. 7, 1990).

Furthermore, the statute provides creditors for relief from the stay and directed district courts to grant such relief "after notice and a hearing, for cause shown", 48 U.S.C.S. § 2194(e)(2); *Peaje Invs. LLC v. García-Padilla*, 845 F.3d 505, 509, 2017 U.S. App. LEXIS 529, *1, 96 Fed. R. Serv. 3d (Callaghan) 944, 2017 WL 104826 (1st Cir. P.R. Jan. 11, 2017).

The U.S. Court of Appeals for the First Circuit holds that lack of adequate protection for creditors constitutes cause to lift the PROMESA stay *Peaje Invs. LLC v. García-Padilla*, 845 F.3d 505, 509, 2017 U.S. App. LEXIS 529, *1, 96 Fed. R. Serv. 3d (Callaghan) 944, 2017 WL 104826 (1st Cir. P.R. Jan. 11, 2017).

Furthermore, the PROMESA stay, while similar in operation to its bankruptcy counterpart, was designed to address a truly unique situation, namely the "immediate . . . and imminent" fiscal crisis facing Puerto Rico. 48 U.S.C. § 2194(n)(1). Congress found that a stay of litigation was necessary to allow the Commonwealth [**13] "a limited period of time during which it can focus its resources on negotiating a

voluntary resolution with its creditors instead of defending numerous, costly creditor lawsuits." Id. § 2194(n)(2).

Moreover, the PROMESA stay, which lasts a maximum of about ten (10) months, is less burdensome to creditors than a bankruptcy stay, which may persist for the entirety of the bankruptcy proceeding. *Peaje Invs. LLC v. García-Padilla,* 845 F.3d 505, 513, 2017 U.S. App. LEXIS 529, *12-13, 96 Fed. R. Serv. 3d (Callaghan) 944, 2017 WL 104826 (1st Cir. P.R. Jan. 11, 2017).

Furthermore, the statute provides creditors for relief from the stay and directed district courts to grant such relief "after notice and a hearing, for cause shown", 48 U.S.C.S. § 2194(e)(2); *Peaje Invs. LLC v. García-Padilla,* 845 F.3d505, 509, 2017 U.S. App. LEXIS 529, *1, 96 Fed. R. Serv. 3d (Callaghan) 944,2017 WL 104826 (1st Cir. P.R. Jan. 11, 2017).

The U.S. Court of Appeals for the First Circuit holds that lack of adequate protection for creditors constitutes cause to lift the PROMESA stay *Peaje Invs.LLC v. García-Padilla,* 845 F.3d 505, 509, 2017 U.S. App. LEXIS 529, *1, 96 Fed. R. Serv. 3d (Callaghan) 944, 2017 WL 104826 (1st Cir. P.R. Jan. 11, 2017). Furthermore, the PROMESA stay, while similar in operation to its bankruptcy counterpart, was designed to address a truly unique situation, namely the "immediate . . . and imminent" fiscal crisis facing Puerto Rico. 48 U.S.C. § 2194(n)(1). Congress found that a stay of litigation was necessary to allow the Commonwealth [**13] "a limited period of time during which it can focus its resources on negotiating a voluntary resolution with its creditors instead of defending numerous, costly creditor lawsuits." Id. § 2194(n)(2).

Moreover, the PROMESA stay, which lasts a maximum of about ten (10)

months, is less burdensome to creditors than a bankruptcy stay, which may persist for the entirety of the bankruptcy proceeding. *Peaje Invs. LLC v. García-Padilla,* 845 F.3d 505, 513, 2017 U.S. App. LEXIS 529, *12-13, 96 Fed. R. Serv. 3d (Callaghan) 944, 2017 WL 104826 (1st Cir. P.R. Jan. 11, 2017).

In fact, § 362(e) requires a bankruptcy court to hold a preliminary hearing on a motion to lift the stay within thirty days from the date the motion is filed, or the stay will be considered lifted. 11 U.S.C. §362(e). Section 362(e) also requires that a final hearing be commenced within thirty days after the preliminary hearing, making the entire process last sixty days, at a maximum. *Colvin v. Amegy Mortg. Co., L.L.C.,* 507 B.R. 169, 184, 2014 U.S. Dist. LEXIS 41580, *37 (W.D. Tex. Mar. 28, 2014).

The cause that is required for this Honorable Court to issue an order lifting the stay is self- evident in this case. 48 U. S. C., Title III, Section 311disposes the following:
"A lease to a territory or territorial instrumentality shall not be treated as an executory contract or unexpired lease for the purposes of section 365 or 502 (b) (6) of title 11, United States Code, solely by reason of the lease being subject to termination in the event the Debtor fails to appropriate rent."

The only remedy available to a creditor lessor of a building to the Commonwealth's CDLH is to lift the PROMESA stay and evict lessee through the appropriate proceedings in the local courts. The debtor cannot assume the lease, according to Section 311, quoted above, since it cannot be considered an "unexpired lease". Therefore, this procedure is not relevant to the instant case and provides no

remedy for the movant. The lessor has to evict the debtor in order to be able to rent the property to another entity or person.

The lifting of the stay or the commencement of eviction proceedings in the local courts does not preclude negotiations between the creditor and CDLH regarding the reestablishment of a contractual relationship whereby, if it wishes to do so, the debtor may continue to occupy the premises of the building at issue.

WHEREFORE: It is respectfully requested from this Honorable Court that the PROMESA stay be lifted and creditor movant be allowed to initiate and prosecute eviction proceedings against the Commonwealth's CDLH.

**Respectfully Submitted..**

**I HEREBY CERTIFY,** that we have filed this Motion using the CM/ECT electronic filing, which will notify all appearing instead parties.

In San Juan, Puerto Rico, this _____ day of July, 2017.

**HECTOR FIGUEROA VINCENT, Esq.**
CALLE SAN FRANCISCO 310
SUITE 32
SAN JUAN, PR 00901
USDC: 120006
quiebras@elbufetedelpueblo.com