# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------- x
                                              :
In re:                                        :
                                              :
THE FINANCIAL OVERSIGHT AND                   : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,             : Title III
                                              :
       as representative of                   : Case No. 17-BK-3283 (LTS)
                                              :
THE COMMONWEALTH OF PUERTO RICO et al.,       : (Jointly Administered)
                                              :
       Debtors.¹                              :
------------------------------------------------------------------- x
                                              :
In re:                                        :
                                              :
THE FINANCIAL OVERSIGHT AND                   : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,             : Title III
                                              :
       as representative of                   : Case No. 17-BK-3566 (LTS)
                                              :
THE EMPLOYEE RETIREMENT SYSTEM OF             :
THE GOVERNMENT OF THE                         :
COMMONWEALTH OF PUERTO RICO,                  :
                                              :
       Debtor.                                :
------------------------------------------------------------------- x
```

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474).

**RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS WITH RESPECT TO JOINT STIPULATION**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico (and other title III debtor(s) (if any) for which it acts as the official committee of unsecured creditors) (the "Committee") submits this reservation of rights (the "Reservation of Rights") with respect to the *Joint Stipulation Regarding (I) Motion of Certain Secured Claimholders of Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Adequate Protection and Stay Relief and Reservation of Rights and (II) Motion of Debtors Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365, and 922 for Entry of an Order Confirming Application of the Automatic Stay, Stay of Prepetition Lawsuits and Actions and Application of Contract Protections*, dated July 14, 2017 [Docket No. 170 in Case No. 17-BK-3566 (LTS)] (the "Stipulation").[2] In support of its Reservation of Rights, the Committee respectfully states as follows:

**RESERVATION OF RIGHTS**

1. Prior to the filing of the Stipulation, counsel to the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") provided counsel to the Committee with a draft of the Stipulation. Among other things, the Stipulation provided that "[t]he Commonwealth shall cause" the deposits to be made into the Post-Petition Segregated Account and that such "amounts shall be deemed to be made by entities other than the Commonwealth in respect of retirement benefits owed to retirees of such entities." Stipulation ¶ F. The Stipulation contained no further detail as to the source of funding for the Post-Petition Segregated Account.

---

[2] The Stipulation was so-ordered by the Court on July 17, 2017 [Docket No. 171 in Case No. 17-BK-3566 (LTS)]. Capitalized terms used but not defined in this Reservation of Rights have the meanings set forth in the Stipulation.

2

2. Also prior to the filing of the Stipulation, counsel to the Committee advised counsel to the Oversight Board that it was the Committee's position that in no event should Commonwealth assets be used to fund the Post-Petition Segregated Account—an account that is established to provide adequate protection to holders of **ERS bonds** (subject to the terms of the Stipulation). Counsel to the Oversight Board represented that no Commonwealth assets would be used to fund the account; however, at that time, the Committee was not able to independently verify whether this would be the case.

3. Thereafter, on July 14, 2017, the Oversight Board filed the Stipulation with the Court.[3] The docket entry accompanying the filing identified August 4, 2017 as the deadline to object to entry of the Stipulation.[4] In reliance on the August 4 docket entry objection deadline, the Committee did not file an objection or responsive pleading and continued its efforts to obtain confirmation that no Commonwealth funds would be used to fund the Post-Petition Segregated Account. However, on July 17, 2017, while these efforts were ongoing, the Stipulation was "so-ordered" by the Court.[5]

4. Following entry of the Stipulation, the Committee was able to obtain confirmation from counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") that the first payment to the Post-Petition Segregated Account (which the Committee understands was made on or about July 18, 2017) had not been made from Commonwealth funds. Accordingly, the Committee has no objection to the first payment and, at this time, is not seeking

---

[3] The Stipulation as filed with the Court contained the same funding language as the draft provided to counsel to the Committee.

[4] In particular, docket entry 170 noted: "**21 Day(s) Objection language due by 08/4/2017**."

[5] This may not be the first time that an objection deadline identified in a docket entry has caused some confusion. As the Court is aware, the docket entry with respect to a scheduling order for a stay relief motion [Docket No. 181 in Case No. 17-BK-3283 (LTS)] specified a later, incorrect objection deadline. At the request of AAFAF, the Court granted AAFAF additional time to respond "[i]n the interests of justice and in light of the inadvertent error in the docket entry accompanying this Court's prior scheduling order and the short period of time that has elapsed." [Docket No. 657 in Case No. 17-BK-3283 (LTS).]

3

reconsideration of the so-ordered Stipulation. However, as of the filing of this Reservation of Rights, the Committee has not yet been able to obtain similar confirmation for any of the subsequent payments to be made under the Stipulation.

5. The Committee will continue to work with the Oversight Board and AAFAF to ensure that no Commonwealth assets will be used to fund the Post-Petition Segregated Account. However, until it has obtained confirmation that this will be the case, the Committee reserves all its rights in regard to the Stipulation. The Committee has no objection to the Stipulation itself, other than the possible use of Commonwealth funds to comply with the Stipulation.

Dated: July 24, 2017
       San Juan, Puerto Rico

*G. Alexander Bongartz*

PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
Andrew V. Tenzer, Esq. *(Pro Hac Vice)*
Michael Comerford, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
andrewtenzer@paulhastings.com
michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*[6]

- and –

*/s/ Juan J. Casillas Ayala*

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312

---

[6] Paul Hastings LLP represents the Committee in this matter other than as to certain Oaktree entities that are ERS Bondholders, *i.e.*, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., and Oaktree Value Opportunities Fund, L.P.

4

Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Proposed Replacement Local Counsel to the Official Committee of Unsecured Creditors*

5