IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>**THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO**<br><br>as representative of<br><br>**THE COMMONWEALTH OF PUERTO RICO, et al**<br><br>**Debtors** | PROMESA<br><br>Title III<br><br>No. 17 BK 3283-LTS |

## MOTION FOR RELIEF FROM STAY IMPOSED BY U.S DISTRICT JUDGE GARCÍA

**TO THE HONORABLE JUDGE LAURA TAYLOR SWAIN:**

**NOW COMES THE CENTRO DE PERIODISMO INVESIGATIVO, INC.**, through undersigned counsel, and respectfully moves this court for relief from the Order of U.S. District Judge Jay García Gregory, subjecting the case of *Centro de Periodismo Investigativo, Inc. v. Financial Oversight and Management Board for Puerto Rico, Civil No. 17-1743 (JAG)* to the PROMESA automatic stay.

The Centro de Periodismo Investigativo ("CPI"), a non-profit organization dedicated to investigative journalism and transparency in government, presented the above-referenced case against the Financial Oversight and Management Board for Puerto Rico ("the Board") on June 1, 2017. The only relief sought is an order the Board to turn over to the CPI certain documentation which, pursuant to well-established constitutional analysis in Puerto Rico, the citizenry is entitled to obtain. A copy of the complaint is appended hereto as Exhibit A. (The case will hereinafter be referred to as "the Litigation.")

This is not a damage action. Nor is it an action for equitable relief which will imply

expenditures by the Board. Rather, the CPI is requesting access to documents to which it is entitled pursuant to the Constitutional law of Puerto Rico, as firmly established in cases such as *Soto v. Sro. de Justicia*, 112 DPR 477 (1982); 12 P.R. Offic. Trans. 597 (1982) (copy appended as Exh B.)

On July 14, 2017, Judge García granted a motion filed by the Board, ordering the application of the PROMESA stay to this case and instructing the parties that "any request to lift or vacate the stay must be filed in the bankruptcy court in Bankruptcy Case No. 17-BK-03283." *See, Exh. C.*

It is respectfully submitted that this court should vacate the stay. The enforcement of the stay will subject the CPI to ongoing, immediate constitutional injury, in that it is effectively barred from obtaining information and documentation to which it is entitled. The application of the stay to a case of this nature is completely inconsistent with the PROMESA and its essential purpose.

There is no claim of money damages in the Litigation; there are no significant costs associated with the case. In point of fact, the defendant in the Litigation (the Board) is not even the "debtor" in this Title III action. The CPI is not, by any stretch of the imagination, a "creditor" whose interests must be balanced against those of other creditors. All factors governing the lifting of the stay favor allowing the CPI to continue with its case independently of the PROMESA Title III filing.

## PROCEDURAL BACKGROUND

1. The Centro de Periodismo Investigativo ("CPI") is a non-profit organization dedicated to investigative journalism and legal and educational efforts to achieve transparency with respect to actions of decision-makers in Puerto Rico.

2. On June 1, 2017, the CPI presented a complaint against the Financial Oversight and Management Board for Puerto Rico, requesting compliance with long-standing requests made by the CPI for documents it asserts are subject to disclosure as a matter of constitutional and statutory law.

3. There is no request for damages in this action. Nor is there a request for equitable relief

requiring major expenditures on the part of the Board. Rather, CPI seeks access to certain weekly, monthly and quarterly reports, financial statements, communications, contracts, protocols, regulations or memoranda, minutes of meetings, and financial disclosure forms.

4. On June 13, 2017, the Board moved to have this case reassigned to this court. After plaintiff opposed the request, Judge García denied the Board's motion on June 16, 2017. The court also requested briefing on whether or not PROMESA's "automatic stay" provisions apply to this case.

5. On June 26, 2013, the Board moved for the PROMESA stay, despite the fact that the Commonwealth has not been sued in the Litigation. The Board argued that the stay was necessary to provide a "breathing spell" for the defendant, which would not have to expend efforts defending against this action.

6. The CPI opposed the stay, arguing that it is thoroughly inapplicable to the Litigation, in which the CPI seeks vindication of the important constitutional right of access to information in the hands of governing bodies in Puerto Rico, in furtherance of the goal of transparency. The CPI also noted that the Litigation is not related to and does not arise from the Title III case before this court. Granting of relief in this action will not interfere with or diminish the property subject to the Title III action. Nor will it cause any disruption to the debtor. In point of fact, the Board is not even the *debtor* which filed for protection under Title III. While the relief sought in the Litigation will not affect the property of the debtor, it will, however, vindicate a right of the people to obtain information about that which is transpiring in their government.

8. On July 14, 2017, Judge García issued the stay, relying on the breadth of these provisions under PROMESA, sufficient in his view to encompass this action, which "could have been commenced before" the Title III proceeding. Judge García also rejected the CPI's contention that the Board is not the "debtor" in this action. *See, Memorandum and Order in Civ No. 17-1743 (JAG),*

3

*Docket No. 18, copy appended hereto as Exhibit C.* The CPI respectfully disputes these conclusions.

9. In any event, Judge García anticipated the possibility that a motion to lift the stay might be presented, observing that a request of this nature must be brought in this court.

## DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, incorporated into PROMESA by Section 201 of the law, *48 U.S.C. 2161,* provides for the relief from the automatic stay for "cause." Although "cause" is not defined, this court has looked to the factors enunciated in the bankruptcy context by the Second Circuit in *In re Sonnax Indus, Inc., 907 F.2d 1280, 1286 (2nd Cir. 1990),* to address such questions. *See, Docket No.600 in the instant case, granting relief from the stay for Sucesión Pastor Mandry Mercado, a putative creditor of the Commonwealth.*

CPI respectfully submits that the factorial analysis demonstrates the utter lack of justification for the imposition of a stay. *Cf, Brigade Leveraged Capital Structures Fund v. García Padilla, 217 F.Supp. 3d 508 (D. PR 2016.)* This case involves the constitutional rights of a non-profit news organization to obtain information from the Board. This kind of constitutional litigation should not be subject to a stay intended to protect creditors who have rights of payment and claims against the Commonwealth for monetary compensations.

Factors applicable to such stay decisions include, but are not limited to: the following: (1) the relationship between the action and the bankruptcy case; (2) whether relief would result in a partial or complete resolution of the issues; (3) whether litigation in another forum will prejudice the interests of other creditors; (4) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; and (5) the impact of the stay on the parties; and the balance of harms. *Goya Foods v. Ulpiano Unanue-Casal, et al, 159 B.R. 90, at 95-96 (D.P.R. 1993).*

4

This court has considerable discretion in making this determination. *See, Brigade Leveraged Capital, 217 F.Supp. 3d at page \*518; see also In re Myers, 491 F.2d 120, 130 (3rd Cir. 2007)* (noting the "wide latitude" which bankruptcy courts have with respect to lifting a stay.) Each situation must be decided on a "case-by-case basis." *Brigade Leveraged Capital, op. cit (internal citations omitted).*

It is respectfully submitted that applicable factors favor continuation of this case:

- There is no relationship whatsoever between the Title III filing and the Litigation, nor is there any hint that implementation of the constitutional protection for public access to documents will imply a greater expenditure of public funds.

- The Litigation would completely resolve the question of whether the CPI has the right to access the documents it has requested.

- Allowing the Litigation to proceed will cause absolutely no prejudice the interests of other creditors.

- The "interest of judicial economy and the expeditious and economical determination of litigation" clearly favors allowing this case to go forward. The Litigation is a simple matter, which in all likelihood will be resolved expeditiously on the basis of motion papers.

- The imposition of a stay will have a grave impact on the CPI, whose mission is to assure transparency in government (such as has been promised publicly time and again by the Board and its President José Carrión.) The Government of Puerto Rico is not even a party to the Litigation. It certainly will not be significantly harmed if the case is allowed to proceed.

As discussed in *Brigade Leveraged Capital, supra,* the key inquiry boils down to an equitable analysis of the "impact of the stay on the parties and the balance of harms." *Id.* The evaluation of "cause" with respect to the stay "requires the court to engage in an equitable case-by-case balancing of the various harms at stake." *Id, 217 F.3d at *518.* Such an equitable analysis clearly mitigates against the imposition of a stay in this Litigation.

Allowing the Litigation to proceed will cause absolutely no harm to the Commonwealth debtor, as the case has been brought against the Board and not the Commonwealth. Even accepting *arguendo* Judge García's view that the Board is in fact the debtor in the case before *this* court— a conclusion which the CPI disputes — the "debtor" will not suffer any damages whatsoever. All that is being required of the Government is compliance with the Constitution and with the orders of this court. The "balance of harms" clearly tips in favor of this group of patients and their families.

In requesting the stay to be lifted, CPI is not requesting this court to chart entirely new territory. At least three cases in this district have rejected attempts by the Government of Puerto Rico to extend the PROMESA stay to actions which do not imply the expenditure of the property of the debtor, but which implicate important constitutional or statutory rights.

- In *Atiles-Gabriel v. Commonwealth of Puerto Rico, Civil No. 15-2108 (GAG), 2017 WL 2709757 (June 23, 2017),* Judge Gelpí held that a petition for *habeas* relief was not covered by the PROMESA stay.

- In *Vázquez-Carmona v. Dep't of Educ, 2017 U.S. Dist LEXIS 85077 (May 31, 2017),* Judge Gelpí rejected a PROMESA stay, allowing review of an administrative resolution of the Puerto Rico Education Department under the Individuals with Disabilities Education Act ("IDEA"), because it was an action to enforce federal rights and not

"debt-related litigation against the government of Puerto Rico.")

- In late June of this year, Visiting Judge William Young of Massachusetts issued an "Order re Purported Stay" in the case of *Cruz-Rodríguez v. Administración de Corrección et al, Case No. 17-01464 (WGY),* in a case involving a claim for relief from wrongful ongoing imprisonment. Judge Young provisionally rejected the government's attempt to invoke the PROMESA automatic stay, in light of the importance of the rights involved in that matter.

As Visiting Judge Young has observed, the current situation in Puerto Rico is "unique and challenging," as it involves an operating government which must *still* respect constitutional rights. *Cruz-Rodríguez, Exhibit E hereto, at page 3*:

> In Puerto Rico's unique circumstances, any overbreadth in the application of the automatic stay .... may possibly transgress the constitutional rights of United States citizens. Let's be clear - the Commonwealth continues to be a viable government. Its citizens continue to enjoy all their constitutional rights .... whatever may happen to their monetary claims against the Commonwealth.

Judge Young's concerns have been echoed by Judge Gelpí, who has ruled that neither a *habeas* claim nor an IDEA review of services to children are barred by the PROMESA stay:

> Despite its critical financial state, the Commonwealth of Puerto Rico continues to function as a government. The people of Puerto Rico continue to enjoy their constitutional rights as United States citizens .... [G]iven Puerto Rico's unique status and the unparalleled scope of the Commonwealth's obligations to both creditors and citizens, an overbroad application of the automatic stay would risk transgressing PROMESA's statutory framework and the boundaries of the Constitution.

While not dealing directly with the issue, this court has had the opportunity to address the inapplicability of PROMESA in analogous cases requesting documents from the Commonwealth. For example, on June 13, 2017, this court ordered Remand of a *Mandamus* case filed by a Senator who was seeking disclosure of budget documents submitted by the Governor to the Board. *See,*

7

*Bhatia Gautier v. Rosselló-Nevares*, Case No. 17-01636, Docket 4.[1] This court's expression that the *Bhatia* case was not within the jurisdiction of the Title III case is of particular note. The Commonwealth in *Bhatia* had not made a showing "that the outcome of the litigation regarding access to the documents could affect the Commonwealth's rights, liabilities or freed of action, or otherwise conceivably have an effect on the adjustment of its debts or treatment of its property, in the context of this Title II Proceeding." *Id, at page 7*. The same analysis demonstrates the inappropriateness of the stay in the Litigation initiated by the CPI.

In light of the foregoing, it is respectfully requested that this Honorable Court enter an Order lifting the stay in order to have the Litigation proceed in federal court, to judgment declaring the rights of the parties and if appropriate, to ordering the Board to deliver the requested documents to the CPI.

WHEREFORE, the Centro de Periodimso Investigativo respectfully requests that this court enter an Order vacating the PROMESA stay issued by Judge García in the case of *Centro de Periodismo Investigativo, Inc. v. Financial Oversight and Management Board for Puerto Ric*, Civ. No. 17-1745.

Respectfully submitted in San Juan, Puerto Rico this 25th day of July, 2017.

**Berkan/Mendez**
O'Neill St. G-11
San Juan, P.R. 00918-2301
Tel. (787) 764-0814;Fax (787) 250-0986
bermen@prtc.net

By: /s/ JUDITH BERKAN
 USDC No.200803
 berkanj@microjuris.com

---

[1] Judge Swain's Memorandum Opinion and Order is appended hereto as Exhibit D.

8

**CERTIFICATION**: This is to certify that this motion is being submitted through the ECF filing system, which will automatically notify all counsel of record.

I also certify that I am sending a copy of this motion via email to Luis F. Del Valle-Emmanuelli, dvelawoffices@gmail.com.

/s/ JUDITH BERKAN