UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO,<br>et al., | (Jointly Administered) |
| Debtors.¹ | |

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3567-LTS<br>This Order relates only to<br>Case No. 17-3567 and<br>shall be filed in the lead Case<br>No. 17-3283 and Case No.<br>17-3567 |
| PUERTO RICO HIGHWAYS &<br>TRANSPORTATION AUTHORITY, | |
| Debtor. | |

------------------------------------------------------------x

MEMORANDUM ORDER GRANTING IN PART MOTION OF AMADO RAVELO GUERRERO, MARLENE JÁQUEZ UREÑA AND HENESSY RAVELO JÁQUEZ FOR RELIEF FROM THE AUTOMATIC STAY

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Before the Court is a motion filed by Amado Ravelo Guerrero ("Guerrero") Marlene Jáquez Ureña ("Jáquez Ureña"), and Henessy Ravelo Jáquez ("Ravelo Jáquez" and, collectively, the "Movants") for relief from the automatic stay imposed by the filing of the above-captioned Title III case in a personal injury lawsuit commenced on July 21, 2016, in the United States District Court for the District of Puerto Rico, captioned <u>Ravelo, et al. v. Di Gregorio Hernández</u>, (D.P.R.) Case No. 16-cv-2383 (the "Lawsuit"). Movants, who are the named Plaintiffs in the Lawsuit, which asserts personal injury claims against Debtor HTA, its insurance carrier Mapfire Insurance Company ("Mapfire"), and other non-debtor defendants, seeks relief from the automatic stay to continue the prosecution of the Lawsuit. (Case No. 17-3567, Docket entry no. 164, Urgent Motion for Relief from Automatic Stay (the "Motion"), ¶¶ 1-3.) For the following reasons, the Motion is granted and the stay is lifted as against Defendant HTA to the extent that the court may determine liability and enter judgment, but the collection of any recovery against HTA is limited to the proceeds of available insurance absent further relief from the stay. The Court need not grant relief as to the non-debtor defendants in the Lawsuit, as they are not debtors subject to the automatic stay in these Title III proceedings.

BACKGROUND

In the Lawsuit, which was filed on July 21, 2016, Movants seek damages against HTA, its insurance carrier, and other non-debtor defendants in connection with a personal injury action. (<u>Id.</u> ¶¶ 1, 2 & 5.) Movants assert in the Motion that they only seek to collect damages against HTA pursuant to its applicable insurance policies. (<u>Id.</u> ¶¶ 8-10). On July 12, 2017, HTA filed a response ("HTA Response") to the Motion consenting a partial modification of the automatic stay to permit Movants to continue the Lawsuit provided that any recovery as to HTA is limited to available insurance policies of HTA. (Case No. 17-3567, Docket entry no. 193, the

HTA Response ¶ 1.) On July 19, 2017, Movants responded to the HTA Response (the "Reply"). In their Reply submission, Movants expressed concern that they be able to pursue the collection of any HTA liability exceeding the insurance policy limits from other joint tortfeasors if they are unable to collect on HTA's full liability as determined by the District Court. (Movants' Reply ¶¶ 13-16.)

### DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e,g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

Movants have demonstrated that some of the Sonnax criteria weigh in their favor with respect to the continuation of the Lawsuit against HTA, named as a co-defendant. In particular, the Lawsuit could also resolve the question of quantification of HTA's financial liability in connection with Movants' personal injury claims. Allowing the Lawsuit to proceed to the rendering of a judgment as to HTA's liability, with the collection of any recovery from HTA

limited to the available insurance coverage, would not interfere with the Title III case. Indeed, HTA has consented to a partial modification of relief from the automatic stay requested by Movants but only to the extent that any recovery against HTA remain limited to the amount of insurance coverage available under its insurance policies. (HTA Response ¶¶ 1 & 3.) Because there have not yet been any liability determinations or insurance collection efforts, the Court does not address Movants' concern regarding potential collection of HTA-related liability from sources other than HTA's insurance. To the extent relief from the automatic stay may be required to pursue such collection, Movants may seek such relief at an appropriate future point in time.

Accordingly, the Court concludes that Movants have demonstrated that cause exists for the automatic stay to be lifted to allow the Lawsuit to proceed to final judgment with any recovery of liability on the part of HTA limited to HTA's available insurance coverage.

## CONCLUSION

For the foregoing reasons, the stay of the Lawsuit is lifted to allow the Lawsuit to proceed to final judgment, with any recovery of liability on the part of HTA limited to HTA's available insurance coverage. This decision is without prejudice to Movant's right to seek further relief from the automatic stay in the future in the event HTA's insurance coverage is inadequate to cover any liability of HTA. This Memorandum Order resolves docket entry no. 164 in case no. 17-3567.

SO ORDERED.

Dated: July 25, 2017

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge