**EXHIBIT A**

# AMERICAN HOSPITAL ASSOCIATION
# MASTER COMPENSATION DEFERRAL PLAN
# (TAX-EXEMPT ORGANIZATIONS)

## ARTICLE I

## INTRODUCTION

The American Hospital Association ("AHA") Master Compensation Deferral Plan ("Prior Plan") established on April 11, 1975, is hereby amended and restated pursuant to the terms, conditions and provisions contained within this plan ("Plan"). The purpose of the Plan is to attract and retain certain officers, employees and contractors of AHA by permitting them to enter into deferral agreements with the AHA to provide for the payment of deferred compensation on retirement or separation from service as well as death benefits in the event of death before or after retirement.

The Plan is also available for use by any tax-exempt hospital, health care institution or allied hospital association which is a member of or affiliated with the AHA or any other similar tax-exempt entity approved by the AHA. Any such organization may adopt the Plan or amend and restate its Prior Plan by executing a Plan Joinder Agreement whereby such organization agrees to accept the provisions of the Plan as the provisions of its own plan of deferred compensation. Any tax-exempt hospital, health care institution or allied hospital association or tax-exempt entity approved by the AHA thus adopting the Plan shall be solely responsible for carrying out and fulfilling the obligations of the "Employer," as this term is defined herein. Once adopted, the Plan becomes the deferred compensation plan of the adopting Employer, and such Plan shall be maintained and operated independently from the AHA Plan or any other Plan adopted by a different Employer.

The term "Employer," wherever it shall appear in the Plan or accompanying Plan documents, shall mean such tax-exempt hospital, health care institution, allied hospital association or tax-exempt entity approved by the AHA which has adopted the Plan. As to any "Participant," as this term is defined herein, the term "Employer" shall mean that entity with which such Participant has executed a "Participation Agreement," as this term is defined herein and in accordance with Article IV. The term "Participant" shall mean the officer, employee or independent contractor who (or which) has executed a Participation Agreement with the Employer adopting the Plan.

Nothing contained in this Plan shall be deemed to constitute an employment contract or agreement for services between the Participant and the Employer nor shall it be deemed to give a Participant any right to be retained in the employ of, or under contract to, the Employer. Nothing herein shall be construed to modify the terms of any employment contract or agreement for services between a Participant and the Employer as this Plan is intended to be a supplement thereto.

## ARTICLE II

## DEFINITIONS

2.01 *Compensation:* The total annual remuneration for employment or contracted services payable by the Employer that would be included in the federal gross income of the Participant but for the Participant's election to participate in the Plan.

2.02 *Deferred Compensation:* The amount of Compensation not yet earned, as designated in the Participation Agreement which is made a part hereof, which the Participant and the Employer mutually agree shall be deferred in accordance with the provisions of this Plan.

2.03 *Retirement:* Severance of the Participant's employment contract or agreement for services with the Employer on or after the Participant's 65th birthday by reason other than death whereby the Participant thereafter is not providing services for the Employer.

2.04 *Separation from Service:* Severance of the Participant's employment contract or agreement for services with the Employer prior to the Participant's 65th birthday by reason other than death whereby the Participant thereafter is not providing services to the Employer.

2.05 *Beneficiary:* Beneficiary or Beneficiaries of certain benefits of this Plan designated by the Participant in the Participation Agreement. Nothing herein shall prevent the Participant from designating more than one Beneficiary or primary and secondary Beneficiaries or changing the designation of a Beneficiary. If two or more or less than all designated Beneficiaries survive the Participant, payments shall be made equally to all such Beneficiaries, unless otherwise provided in the Beneficiary designation. Elections made by a Participant in the Participation Agreement shall be binding on any such Beneficiary or Beneficiaries.

2.06 *Eligible Person:* Any individual, corporation, partnership or other "person," as defined in the Internal Revenue Code of 1954, as amended ("Code") to include those appointed, elected or under contract, who performs services for the Employer as an employee or independent contractor for which Compensation is paid.

2.07 *Participant:* Any Eligible Person who fulfills the eligibility and enrollment requirements of Article IV.

2.08 *Participation Agreement:* A written agreement between the Employer and a Participant setting forth certain provisions and elections relative to the Plan, establishing the amount of Deferred Compensation and the manner and method of paying benefits under the Plan, incorporating the terms and conditions of the Plan and establishing the Participant's participation in the Plan.

2.09 *Plan Year:* The calendar year.

2.10 *Retirement Age:* The Participant's 75th birthday.

## ARTICLE III

## ADMINISTRATION

3.01 This Plan shall be administered by a committee ("Committee") of one or more individuals under contract to or in the employment of the Employer as appointed by the Employer. The Committee shall represent the Employer in all matters concerning the administration of this Plan. The Employer may remove a Committee member for any reason by giving such member ten (10) days' written notice and may thereafter fill any vacancies thus created.

3.02 The Committee shall have full power and authority: to adopt rules and regulations for the administration of the Plan, provided they are not inconsistent with the provisions of this Plan; to interpret, alter, amend, or revoke any rules and regulations so adopted; to enter into contracts on behalf of the Employer with respect to this Plan; to make discretionary decisions under this Plan such as called for in Article VIII; and to perform any and all administrative duties under this Plan.

3.03 A Committee member shall be eligible to participate in the Plan, but such a member shall not be entitled to participate in discretionary decisions under Article VII relating to such member's own participation in the Plan.

3.04 The Employer or the Committee acting on behalf of the Employer may contract with the Ætna Life Insurance and Annuity Company to issue to the Employer an annuity contract as described in Article V of the Plan and to provide services under the Plan for the convenience of the Employer including, but not limited, the enrollment of Eligible Persons as Participants on behalf of the Employer, the maintenance of individual or other accounts and other records, the making of periodic reports and the disbursement of benefits to Participants and Beneficiaries.

## ARTICLE IV

## PARTICIPATION IN THE PLAN

4.01 Any Eligible Person who performs services for the Employer for which Compensation is paid and who executes a Participation Agreement with the Employer is eligible to participate in the Plan; provided however, such Eligible Person must also meet any additional eligibility standards imposed by the Committee, to include, but not limited to, the requirements of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") for unfunded plans of deferred compensation.

4.02 *Enrollment in the Plan:*

(a) An Eligible Person may become a Participant and agree to defer Compensation not yet earned by entering into a Participation Agreement prior to the first day of the calendar month for which it is to become effective. With respect to a new Eligible Person, the Participation Agreement may be effective for Compensation not yet earned at any time during the first month such person becomes an Eligible Person provided the Participation Agreement was entered into on or before the first day on which the person became an Eligible Person.

(b) At the time of entering into or modifying the Participation Agreement hereunder to defer Compensation or at the time of re-entry following a withdrawal under Article VII, a Participant must agree to defer the greater of an amount determined by reference to the minimum provided in the annuity contract described in Article V of the Plan or an amount specified by the Committee.

(c) A Participant who agrees to defer Compensation may not modify such agreement to change the amount deferred except with respect to Compensation to be earned in a subsequent calendar month or except as provided in Article VII hereof with respect to withdrawals; provided however, notice of such modification must be given prior to the beginning of the calendar month for which such modification is to be effective.

(d) A Participant may at any time revoke the Participation Agreement to defer Compensation with respect to any calendar month, and the Participant's full Compensation will be thereupon restored in the month subsequent to the effective date of such revocation; provided however, the Participant must notify the Committee in writing of such revocation prior to the beginning of the calendar month for which such revocation is to be effective. However, amounts previously deferred shall be paid only as provided in this plan.

(e) A Participant who has withdrawn from the Plan, as set forth in Article VII, or a Participant who has revoked the Participation Agreement, as set forth in subsection (d) above, or a Participant who returns to perform services for the Employer after a Separation from Service, may again become a Participant in the Plan and agree to defer Compensation not yet earned by entering into a new Participation Agreement prior to the first day of the calendar month for which it is to become effective.

## ARTICLE V
## CALCULATION OF BENEFITS

5.01 The amount of any benefit payment to a Participant or Beneficiary made pursuant to this Plan shall be determined by the value at the time of such payment of the annuity contract described below in accordance with elections in the Participation Agreement and the provisions of the Plan:

(a) An amount equal to the amount which would have been payable to the Employer under an annuity contract issued by the Ætna Life Insurance and Annuity Company ("Annuity Contract") with the Participant included as the annuitant thereunder, and had the manner and method of payment selected been as specified in the Participation Agreement, and had the time of commencement of such payment selected been as provided in the Plan pursuant to elections made in the Participation Agreement, and had the premium been equal to the Participant's Deferred Compensation as if such Deferred Compensation had been applied as a premium to such Annuity Contract within a reasonable time subsequent to the actual deferral and as specified in the Participant's Participation Agreement.

5.02 The Employer at its discretion may acquire the Annuity Contract and invest amounts of Deferred Compensation in the Annuity Contract in order to provide a fund from which it can satisfy its obligation to make benefit payments pursuant to this Plan. Any Annuity Contract so acquired for the convenience of the Employer shall be the sole and exclusive property of the Employer with the Employer named as owner and beneficiary; provided further, such Annuity Contract shall not be held in trust or collateral security for the benefit of any Participant or Beneficiary.

5.03 All amounts of Compensation deferred under this Plan, all property and rights which may be purchased by the Employer with such amounts and all income attributable to such amounts, property or rights to property shall remain the sole property and rights of the Employer without being restricted by the provisions of this Plan, subject only to the claims of the Employer's general creditors. The obligation of the Employer under this Plan is purely contractual and shall not be funded or secured in any way.

5.04 The Employer shall be liable to pay benefits under this Plan only to the extent of amounts that would have been available under the Annuity Contract as measured by elections made in the Participation Agreement, and the Employer shall not be responsible for the investment or performance results of such Annuity Contract. Furthermore, if the Annuity Contract is so acquired to measure benefits payable under this Plan, the value of any benefit shall be determined by the actual value of the Annuity Contract at the time of a benefit payment unaffected by any independent or arbitrary standard of calculation with respect to such Annuity Contract.

# ARTICLE VI
# BENEFITS

GENERAL

6.01 *General Benefit Terms:*

(a) Benefit payments to a Participant or Beneficiary shall be made according to the manner and method of payment as elected in the Participation Agreement, which election may be changed by a Participant or a Beneficiary as appropriate at any time prior to the commencement of such benefit payments pursuant to the execution of a revised Participation Agreement.

(b) In the absence of an election in the Participation Agreement as to the manner and method of such benefit payments as provided in Section 6.01(a), the Employer shall make monthly payments on a fixed basis to the Participant or Beneficiary as a continuous lifetime annuity with one hundred twenty (120) payments guaranteed.

(c) At the time benefits commence the present value of all payments to be made to a Participant must exceed one-half of the present value of the total payments to be made to the Participant and the Beneficiary as if no Beneficiary were designated based on the life expectancy of the Participant according to the mortality tables of Ætna Life Insurance and Annuity Company.

(d) Benefit payments to a Participant or Beneficiary shall commence at the time provided in the Plan, subject to an election by the Participant or Beneficiary as appropriate, prior to the time such benefits first become payable, to defer the beginning of such payments to a later date as allowed by the Plan and pursuant to the Participation Agreement.

(e) For purposes of interpreting the provisions of the Plan, the Committee shall only consider a Participation Agreement signed by the Participant or Beneficiary as appropriate and submitted to the Committee.

6.02 *Benefits Upon Retirement:* Beginning no earlier than thirty-one (31) days and no later than sixty (60) days following the Participant's Retirement, the Employer shall begin benefit payments to the Participant; provided however, the Participant may elect prior to the time such benefits become payable to defer the beginning of any portion of such payments to a later date not later than the Retirement Age as provided in the Participation Agreement.

6.03 *Benefits Upon Separation from Service:*

(a) If, upon Separation from Service, the Participant continues to receive remuneration for employment or contracted services and such remuneration is deemed by the Committee to be substantially equivalent to the Participant's Compensation, benefit payments shall be delayed until the Participant attains age 65 at which time benefits shall be payable according to the terms of Section 6.02 of the Plan as if Retirement occurred at age 65.

(b) If, upon Separation from Service, the Participant does not satisfy the provisions of 6.03(a), benefit payments shall not be deferred but shall rather commence no earlier than thirty-one (31) days and no later than sixty (60) days following Separation from Service. However, the Participant may elect prior to the time such benefits become payable to defer the beginning of any portion of such payments to a later date not later than the Retirement Age as provided in the Participation Agreement.

6.04 *Benefits Upon Death After Commencement of Benefits:*

(a) Should the Participant die at any time after benefit payments have commenced, the Employer shall commence payment to the Beneficiary of the balance remaining of such payments within thirty (30) days of receipt of satisfactory proof of death of the Participant and according to the manner and method selected by the Participant in the Participation Agreement.

(b) If no Beneficiary is designated as provided in Section 2.05 or if no Beneficiary survives the Participant for a period of thirty (30) days, the Employer shall pay to the estate of the Participant a single lump sum amount equal to the current value of such remaining payments. If a Beneficiary does not survive the period after the Participant's death during which such payments to the Beneficiary are to be made, the Employer shall pay to the estate of that Beneficiary a single lump sum amount equal to the current value of such remaining payments to that Beneficiary.

6.05 *Benefits Upon Death Prior to Commencement of Benefits:*

(a) Should the Participant die at any time before benefit payments have commenced, the Employer shall commence benefit payments to the Beneficiary no earlier than sixty-one (61) days and no later than ninety (90) days subsequent to the Participant's death, subject to satisfactory proof of death of the Participant and according to the manner and method provided in the Participation Agreement or as selected by the Beneficiary pursuant to a revised Participation Agreement submitted to the Committee prior to the commencement of such benefit payments.

(b) However, at the discretion of the Employer the Beneficiary may elect within the sixty (60) day period subsequent to the death of the Participant to defer the beginning of such payments to a later date not later than the date the Participant would have attained Retirement Age. The Beneficiary may also elect, prior to the date when such deferred benefits are to commence, pursuant to Section 6.05(b) of the Plan, the manner and method of benefit payments as allowed under the Plan.

(c) If no Beneficiary is designated as provided in Section 2.05 or if no Beneficiary survives the Participant for a period of thirty (30) days, the Employer shall pay to the estate of the Participant a single lump amount equal to the current value of any remaining payments. If a Beneficiary does not survive the period after the Participant's death during which such payments to the Beneficiary are to be made, then the Employer shall pay to the estate of that Beneficiary a single lump sum amount equal to the current value of such remaining payments to that Beneficiary.

## ARTICLE VII

## WITHDRAWALS

7.01 In the case of an unforeseeable emergency prior or subsequent to the commencement of benefit payments, a Participant may apply to the Committee for withdrawal of an amount reasonably necessary to satisfy the emergency need. If an application for emergency withdrawal is approved by the Committee, the withdrawal will be effective at the later of the date specified in the Participant's application or the date of approval by the Committee, and the approved amount shall be payable in a lump sum within thirty (30) days of such effective date or in some other manner consistent with emergency need as determined by the Committee.

7.02 For the purposes of this Plan, the term "unforeseeable emergency" means a severe financial hardship to the Participant resulting from a sudden and unexpected illness or accident of the Participant or of a dependent (as defined in the Code) of the Participant, loss of the Participant's property due to casualty, or other similar extraordinary and unforeseeable circumstances arising as a result of events beyond the control of the Participant. Withdrawals for foreseeable expenditures normally budgetable, such as a down payment on a home or purchase of an auto or college expenses, will not be permitted. The Committee shall not permit withdrawal for unforeseeable emergency to the extent that such hardship is or may be relieved:

(1) through reimbursement of compensation by insurance or otherwise;

(2) by liquidation of the Participant's assets, to the extent the liquidation of such assets would not itself cause severe financial hardship; or

(3) by cessation of deferrals under the Plan.

7.03 In no event shall the amount of a withdrawal for an unforeseeable emergency exceed the total amount of benefits which would have been available to the Participant at the time of withdrawal. Notwithstanding any other provision of this Plan, if a Participant makes a withdrawal hereunder, the value of benefits under the Plan shall be appropriately reduced to reflect such withdrawal, and the remainder of any benefits shall be payable in accordance with otherwise applicable provisions of the Plan.

## ARTICLE VIII

## LEAVE OF ABSENCE

A Participant on an approved leave of absence with or without Compensation may continue to participate in the Plan subject to all the terms and conditions of the Plan; provided further, Compensation may be deferred for such Participant if such Compensation continues while the Participant is on an approved leave of absence.

## ARTICLE IX
## NON-ASSIGNABILITY CLAUSE

Neither the Participant nor any other person shall have any right to commute, sell, assign, pledge, transfer or otherwise convey or encumber the right to receive any payments hereunder, which payments and rights thereto are expressly declared to be unassignable and non-transferrable. Nor shall any unpaid benefits be subject to attachment, garnishment or execution for the payment of any debts, judgments, alimony or separate maintenance owed by the Participant or any other person or be transferrable by operation of law in the event of bankruptcy or insolvency of the Participant or any other person.

## ARTICLE X
## AMENDMENT OR TERMINATION OF PLAN

10.01 The Employer may terminate or amend the provisions of this Plan at any time; provided however, that no termination or amendment shall affect the rights of Participants or their Beneficiaries to the receipt of payment of benefits to the extent of any Compensation deferred before the time of the termination or amendment, as adjusted for investment experience under the Annuity Contract prior to or subsequent to the amendment or termination.

10.02 Upon termination of the Plan, the Participants in the Plan will be deemed to have withdrawn from the Plan as of the date of such termination. The Participant's full Compensation on a non-deferred basis will be thereupon restored, and the Employer shall pay such benefit or benefits as otherwise provided by and according to the terms of the Plan.

## ARTICLE XI
## DISCLAIMER

In making this Plan available for Employers and their respective Participants, the AHA does so solely for their accommodation. As to such Employers and their respective Participants, AHA makes no representations or assurances and assumes no responsibility as to the success, solvency, compliance with state and federal securities laws and regulations or state and federal tax consequences with respect to the Plan or participation therein. It shall be the responsibility of such Employers and their respective Participants to determine such issues or any other pertinent issues to their own satisfaction.

## ARTICLE XII
## APPLICABLE LAW

With respect to the AHA and its Participants, this Plan shall be construed under the law of the State of Illinois. With respect to Employers adopting the Plan, the Plan shall be construed under the laws of the state of the adopting Employer.

IN WITNESS WHEREOF, the AHA has caused this Plan to be signed and attested to by its duly authorized officers on the 1st day of June, 1983.

ATTEST:                                                          AMERICAN HOSPITAL ASSOCIATION

*[signature: J. Phillips O'Brien]*                               *[signature: David H. Drake]*

Title: Assistant Secretary                                       Title: Secretary-Treasurer

TE-6