**EXHIBIT B**

**TRUST UNDER** THE UNIVERSITY OF PUERTO RICO **DEFERRED COMPENSATION PLAN**

(a) This agreement made this 17 day of Sept, 2013, by and between The University of Puerto Rico (VK8236) (Employer) and **ING National Trust** (Trustee);

(b) WHEREAS, Employer has adopted a nonqualified deferred compensation Plans(s) as listed under Appendix A.

(c) WHEREAS, Employer has incurred or expects to incur liability under the terms of such Plan(s) with respect to the individuals participating in such Plan(s);

(d) WHEREAS, Employer wishes to establish a Trust (hereinafter called "Trust") and to contribute to the Trust assets that shall be held therein, subject to the claims of Employer's creditors in the event of Employer's Insolvency, as herein defined, until paid to Plan participants and their beneficiaries in such manner and at such times as specified in the Plan(s);

(e) WHEREAS, it is the intention of the parties that this Trust shall constitute an unfunded arrangement and shall not affect the status of the Plan(s) as an unfunded Plan maintained for the purpose of providing deferred compensation intention of the parties that this Trust Shall constitute an unfunded arrangement;

(f) WHEREAS, it is the intention of Employer to make contributions to the Trust to provide itself with a source of funds to assist it in the meeting of its liabilities under the Plan(s);

NOW, THEREFORE, the parties do hereby establish the Trust and agree that the Trust shall be comprised, held and disposed of as follows:

**Section 1. ESTABLISHMENT OF TRUST.**

(a) Employer hereby deposits with Trustee in Trust such sums of money and such other property acceptable to the Trustee as shall from time to time be paid or delivered to the Trustee, which shall become the principal of the Trust to be held, administered and disposed of by Trustee as provided in this Trust Agreement.

(b) The Trust hereby established shall be irrevocable.

(c) The Trust is intended to be a grantor Trust, of which Employer is the grantor, within the meaning of subpart E, part I, subchapter J, chapter 1, subtitle A of the Internal Revenue Code of 1986, as amended, and shall be construed accordingly.

(d) The principal of the Trust, and any earnings thereon shall be held separate and apart from

1

Exhibit B

other funds of Employer and shall be used exclusively for the uses and purposes of Plan participants and general creditors as herein set forth. Plan participants and their beneficiaries shall have no preferred claim on, or any beneficial ownership interest in, any assets of the Trust. Any rights created under the Plan(s) and this Trust Agreement shall be mere unsecured contractual rights of Plan participants and their beneficiaries against Employer. Any assets held by the Trust will be subject to the claims of Employer's general creditors under federal and state law in the event of Insolvency, as defined in Section 3(a) herein.

(e) Employer, in its sole discretion, may at any time, or from time to time, make additional deposits of cash or other property in Trust with Trustee to augment the principal to be held, administered and disposed of by Trustee as provided in this Trust agreement. Neither Trustee nor any Plan participant or beneficiary shall have any right to compel such additional deposits.

(f) The Trustee agrees to accept contributions that are paid or remitted to it by the Employer in accordance with the terms of this Trust Agreement. Such contributions shall be in cash or in such other form as may be acceptable to the Trustee. The Employer shall have the sole duty and responsibility for the determination of the accuracy or sufficiency of the contributions, the transmittal of same to the Trustee, and compliance with any statute or regulation applicable to the contributions.

**Section 2. PAYMENTS TO PLAN PARTICIPANTS AND THEIR BENEFICIARIES.**

(a) Employer shall deliver to Trustee a schedule (the "Payment Schedule") that indicates the amounts payable in respect of each Plan participant (and his or her beneficiaries), that provides a formula or other instructions acceptable to Trustee for determining the amounts so payable, the form in which such amount is to be paid (as provided for or available under the Plan(s)), and the time of commencement for payment of such amounts. Except as otherwise provided herein, Trustee shall make payments to the Plan participants and their beneficiaries in accordance with such Payment Schedule. The Trustee shall make provision for the reporting and withholding of any federal, state or local taxes that may be required to be withheld with respect to the payment of benefits pursuant to the terms of the Plan(s) and shall pay amounts withheld to the appropriate taxing authorities or determine that such amounts have been reported, withheld and paid by Employer.

(b) The entitlement of a Plan participant or his or her beneficiaries to benefits under the Plan(s) shall be determined by Employer or such party as it shall designate under the Plan(s), and any claim for such benefits shall be considered and reviewed under the procedures set out in the Plan(s).

(c) Employer may make payment of benefits directly to Plan participants or their beneficiaries as they become due under the terms of the Plan(s). Employer shall notify Trustee of its decision to make payment of benefits directly prior to the time amounts are payable to participants or their beneficiaries. In addition, if the principal of the Trust, and any earnings thereon, are not sufficient to make payments of benefits in accordance with the terms of the Plan(s), Employer shall make

2

the balance of each such payment as it falls due. Trustee shall notify Employer where principal and earnings are not sufficient.

**Section 3. TRUSTEE RESPONSIBILITY REGARDING PAYMENTS TO TRUST BENEFICIARY WHEN EMPLOYER IS INSOLVENT.**

(a) Trustee shall cease payment of benefits to Plan participants and their beneficiaries if the Employer is Insolvent. Employer shall be considered "Insolvent" for purposes of this Trust Agreement if (i) Employer is unable to pay its debts as they become due, or (ii) Employer is subject to a pending proceeding as a debtor under the United States Bankruptcy Code.

(b) At all times during the continuance of this Trust, as provided in Section 1(d) hereof, the principal and income of the Trust shall be subject to claims of general creditors of Employer under federal and state law as set forth below.

1. The Board of Directors and the Chief Executive Officer of Employer shall have the duty to inform Trustee in writing of Employer's Insolvency. If a person claiming to be a creditor of Employer alleges in writing to Trustee that Employer has become Insolvent, Trustee shall determine whether Employer is Insolvent and, pending such determination, Trustee shall discontinue payment of benefits to Plan participants or their beneficiaries.

2. Unless Trustee has actual knowledge of Employer's Insolvency, or has received notice from Employer or a person claiming to be a creditor alleging that Employer is Insolvent, Trustee shall have no duty to inquire whether Employer is Insolvent. Trustee may in all events rely on such evidence concerning Employer's solvency as may be furnished to Trustee and that provides Trustee with a reasonable basis for making a determination concerning Employer's solvency.

3. If at any time Trustee has determined that Employer is Insolvent, Trustee shall discontinue payments to Plan participants or their beneficiaries and shall hold the assets of the Trust for the benefit of Employer's general creditors. Nothing in this Trust Agreement shall in any way diminish any rights of Plan participants or their beneficiaries to pursue their rights as general creditors of Employer with respect to benefits due under the Plan(s) or otherwise.

4. Trustee shall resume the payment of benefits to Plan participants or their beneficiaries in accordance with Section 2 of this Trust Agreement only after Trustee has determined that Employer is not Insolvent (or is no longer Insolvent).

(c) Provided that there are sufficient assets, if Trustee discontinues the payment of benefits from the Trust pursuant to Section 3(b) hereof and subsequently resumes such payments, the first payment following such discontinuance shall include the aggregate amount of all payments due to Plan participants or their beneficiaries under the terms of the Plan(s) for the period of such discontinuance, less the aggregate amount of any payments made to Plan participants or their beneficiaries by Employer in lieu of the payments provided for hereunder during any such period

3

of discontinuance.

### Section 4. PAYMENTS TO EMPLOYER.

Except as provided in Section 3 hereof, after the Trust has become irrevocable, Employer shall have no right or power to direct Trustee to return to Employer or to divert to others any of the Trust assets before all payment of benefits have been made to Plan participants and their beneficiaries pursuant to the terms of the Plan(s).

### Section 5. INVESTMENT AUTHORITY.

(a) Employer has elected to invest the assets of the Plan by means of an investment program offered by ING Life Insurance and Annuity Company of its affiliates.

(b) The assets of the Trust shall be invested and reinvested among the investments selected by the Employer. Employer shall have sole responsibility for the investment and reinvestment of the assets of the Trust, except to the extent that the Plan permits participants to instruct Employer with respect to the investment of their individual account credits among investment options selected by Employer for the Plan. The Trustee shall have no duty or responsibility for (a) selecting or providing advice with respect to the selection of any investment options, (b) determining or reviewing any securities or other property purchased or (c) providing advice with respect to the purchase, retention, redemption, or sale of any securities or other property for the Trust. In the event Employer has selected particular investment options offered by ING into which Plan assets previously invested with another investment provider are to be placed (a procedure known as "mapping"), the Trustee shall bear no duty or responsibility for determining the suitability of the ING investment offerings selected for this purpose.

(c) The duties of the Trustee hereunder are as a directed trustee and the Trustee shall act solely in accordance with the instructions of Employer. Nothing in this Agreement is intended to give the Trustee any discretionary responsibility, authority or control with respect to the management or administration of the Plan or the management of Trust assets. Further, the Trustee is not a party to the Plan and has no duties or responsibilities other than those that may be expressly contained in this Agreement. In any case in which a provision of this Agreement conflicts with any provision in the Plan, this Agreement shall control.

(d) In administering the Trust, the Trustee shall be specifically authorized to:
- In accordance with authorized instructions, receive, hold and maintain custody of, and disburse Trust assets;
- Hold securities or other Trust property in book entry form or through another agent or nominee, including without limitation in an omnibus account arrangement;
- Collect income payable to and dividends or other distributions due to the Trust and sign any declarations, affidavits, and certificates of ownership required to collect income and principal payments;
- Collect proceeds from assets of the Trust that may mature or be called;

4

- Until authorized instructions are received, hold the assets of the Trust uninvested, or invest the assets of the Trust in bank accounts of any bank, and the Trustee may retain any earnings on such deposits as part of its compensation for services hereunder;
- Submit or cause to be submitted to Employer all information received by the Trustee regarding ownership rights pertaining to property held in the Trust;
- Make, execute and deliver any and all documents, agreements or other instruments in writing as is necessary or desirable for the accomplishment of any of the powers and duties in this Agreement; and
- Generally take any action, whether or not expressly authorized, which the Trustee may deem necessary or desirable for the fulfillment of its duties hereunder.

(e) In no event may Trustee invest in securities (including stock or rights to acquire stock) or obligations issued by Employer, other than a de minimis amount held in common investment vehicles in which Trustee invests. All rights associated with assets of the Trust shall be exercised by Trustee or the person designated by Trustee, and shall in no event be exercisable by or rest with Plan participants except that voting rights with respect to Trust assets will be exercised by Employer.

(f) Employer shall have the right, at any time, and from time to time, in its sole discretion to substitute assets of equal fair market value for any asset held by the Trust.

### Section 6. DISPOSITION OF INCOME.

(a) During the term of this Trust, all income received by the Trust, net of expenses and taxes, shall be accumulated and reinvested.

### Section 7. ACCOUNTING BY TRUSTEE.

Trustee shall keep accurate and detailed records of all investments, receipts, disbursements, and all other transactions required to be made, including such specific records as shall be agreed upon in writing between Employer and Trustee. Within 30 days following the close of each calendar year and 30 days after the removal or resignation of Trustee, Trustee shall deliver to Employer a written account of its administration of the Trust during such year or during the period from the close of the last preceding year to the date of such removal or resignation, setting forth all investments, receipts, disbursements and other transactions effected by it, including a description of all securities and investments purchased and sold with the cost or net proceeds of such purchases or sales (accrued interest paid or receivable being shown separately), and showing all cash, securities and other property held in the Trust at the end of such year or as of the date of such removal or resignation, as the case may be.

### Section 8. RESPONSIBILITY OF TRUSTEE.

(a) Trustee shall incur no liability to any person for any action taken pursuant to a direction, request or approval given by Employer which is contemplated by, and in conformity with, the

5

terms of the Plan(s) or this Trust and is given in writing by Employer. In the event of a dispute between Employer and a party, Trustee may apply to a court of competent jurisdiction to resolve the dispute.

(b) If Trustee undertakes or defends any litigation arising in connection with this Trust, Employer agrees to indemnify Trustee against Trustee's costs, expenses and liabilities (including, without limitation, attorneys' fees and expenses) relating thereto and to be primarily liable for such payments. If Employer does not pay such costs, expenses and liabilities in a reasonably timely manner, Trustee may obtain payment from the Trust.

(c) Trustee may consult with legal counsel (who may also be counsel for Employer generally) with respect to any of its duties or obligations hereunder.

(d) Trustee may hire agents, accountants, actuaries, investment advisors, financial consultants or other professionals to assist it in performing any of its duties or obligations hereunder.

(e) Trustee shall have, without exclusion, all powers conferred on Trustees by applicable law, unless expressly provided otherwise herein, provided, however, that if an insurance policy is held as an asset of the Trust, Trustee shall have no power to name a beneficiary of the policy other than the Trust, to assign the policy (as distinct from conversion of the policy to a different form) other than to a successor Trustee, or to loan to any person the proceeds of any borrowing against such policy.

(f) Notwithstanding any powers granted to Trustee pursuant to this Trust Agreement or to applicable law, Trustee shall not have any power that could give this Trust the objective of carrying on a business and dividing the gains therefrom, within the meaning of section 301.7701-2 of the Procedure and Administrative Regulations promulgated pursuant to the Internal Revenue Code.

**Section 9. COMPENSATION AND EXPENSES OF TRUSTEE.**

(a) Employer shall pay all administrative and Trustee's fees and expenses. If not so paid, the fees and expenses shall be paid from the Trust.

(b) Trustee shall be entitled to compensation for services under this Agreement as set forth in the Fee Exhibit attached hereto and to reimbursement for expenses incurred by it in the discharge of its duties under this Agreement. Employer acknowledges that the Trustee may increase the amount of compensation on an annual basis with sixty (60) days' prior written notice to the Employer.

(c) The Trustee shall also be entitled to receive as part of its compensation any amounts earned under section 5 (d) related to earnings on deposits. Such earnings shall include earnings on uninvested cash relating to Plan contributions and earnings on uninvested cash pending distributions, or earnings on cash otherwise held uninvested as directed by Employer.

6

### Section 10. RESIGNATION AND REMOVAL OF TRUSTEE.

(a) Trustee may resign at any time by written notice to Employer, which shall be effective 60 days after receipt of such notice unless Employer and Trustee agree otherwise.

(b) Trustee may be removed by Employer on 60 days notice or upon shorter notice accepted by Trustee.

(c) Upon resignation or removal of Trustee and appointment of a successor Trustee, all assets shall subsequently be transferred to the successor Trustee. The transfer shall be completed within 60 days after receipt of notice of resignation, removal or transfer, unless Employer extends the time limit.

(d) If Trustee resigns or is removed, a successor shall be appointed, in accordance with Section 11 hereof, by the effective date of resignation or removal under paragraphs (a) or (b) of this section. If no such appointment has been made, Trustee may apply to a court of competent jurisdiction for appointment of a successor or for instructions. All expenses of Trustee in connection with the proceeding shall be allowed as administrative expenses of the Trust.

### Section 11. APPOINTMENT OF SUCCESSOR.

(a) If Trustee resigns or is removed in accordance with section 10(a) or (b) hereof, Employer may appoint any third party, such as a bank trust department or other party that may be granted corporate Trustee powers under state law, as a successor to replace Trustee upon resignation or removal. The appointment shall be effective when accepted in writing by the new Trustee, who shall have all of the rights and powers of the former Trustee, including ownership rights in the Trust assets. The former Trustee shall execute any instrument necessary or reasonably requested by Employer or the successor Trustee to evidence the transfer.

(b) The successor Trustee need not examine the records and acts of any prior Trustee and may retain or dispose of existing Trust assets, subject to sections 7 and 8 hereof. The successor Trustee shall not be responsible for and Employer shall indemnify and defend the successor Trustee from any claim or liability resulting from any action or inaction of any prior Trustee or from any other past event, or any condition existing at the time it becomes successor Trustee.

(c) Any entity into which the Trustee may be merged or with which it may be consolidated, or any entity resulting from any merger or consolidation to which the Trustee is a party, or any entity succeeding to the trust business of the Trustee, shall become the successor of the Trustee hereunder, without the execution or filing of any instrument or the performance of any further act on the part of the parties hereto.

### Section 12. AMENDMENT OR TERMINATION.

(a) The Trustee may amend this Agreement as necessary to comply with the provisions of applicable law and regulations. This Trust Agreement may be amended by a written instrument

7

executed by Trustee and Employer. Notwithstanding the foregoing, no such amendment shall conflict with the terms of the Plan(s) or shall make the Trust revocable after it has become irrevocable in accordance with Section 1(b) hereof.

(b) The Trust shall not terminate until the date on which Plan participants and their beneficiaries are no longer entitled to benefits pursuant to the terms of the Plan(s). Upon termination of the Trust any assets remaining in the Trust shall be returned to Employer.

(c) Upon written approval of participants or beneficiaries entitled to payment of benefits pursuant to the terms of the Plan(s), Employer may terminate this Trust prior to the time all benefit payments under the Plan(s) have been made. All assets in the Trust at termination shall be returned to Employer.

**Section 13. MISCELLANEOUS.**

(a) Any provision of this Trust Agreement prohibited by law shall be ineffective to the extent of any such prohibition, without invalidating the remaining provisions hereof.

(b) Benefits payable to Plan participants and their beneficiaries under this Trust Agreement may not be anticipated, assigned (either at law or in equity), alienated, pledged, encumbered or subjected to attachment, garnishment, levy, execution or other legal or equitable process.

(c) This Trust Agreement shall be governed by and construed in accordance with the laws of Connecticut.

(d) Until such time as the Trustee receives a written notice to the contrary with respect to a particular security, the Trustee may release the identity and the address of the Trust to the security issuer which requests such information pursuant to the Shareholder Communications Act of 1985 for the specific purpose of the direct communication between such security issuer and shareholder.

(e) All notices and other communications hereunder shall be in writing and shall be sufficient if delivered by hand or if sent by telefax or mail (including electronic mail), postage prepaid, addressed:

    (a)    If to the Trustee:

        Molly Garrett
        Vice President, ING Life Insurance and Annuity Company
        One Orange Way, C3N
        Windsor, CT 06095-4774

8

    with a copy to:

    J. Denise Jackson
    President
    ING National Trust
    One Orange Way, C4R
    Windsor, Connecticut 06095-4475


 (b) If to the Employer:
    DR. ANGEL R PAGAN, CHAIRMAN
    DEFERRED COMPENSATION PLAN COMMITTEE (OFFICE A-744)
    P.O. BOX 365067
    SAN JUAN, PR 00936-5067

The parties may by like notice, designate any future or different address to which subsequent notices shall be sent. Any notice shall be deemed given when received.

(f) <u>Authority to Execute Agreement.</u> The Employer hereby certifies that it has the power and authority to enter into this Agreement on behalf of the Plan. The person(s) signing below on behalf of the Employer as Authorized Parties warrant, as individuals, that each is an authorized to act on behalf of the Employer all signatures are genuine and the persons indicated are authorized to sign.

(g) <u>Authorized Parties.</u> The Employer shall concurrently with the execution of this Agreement, furnish the Trustee with a written list of the names, signatures, and extent of authority of all persons authorized to direct the Trustee and otherwise act on behalf of the Employer under the terms of this Agreement as "Authorized Parties." Such persons designated by the Employer to act on its behalf hereunder are "Authorized Parties". The Trustee shall be entitled to rely on and shall be fully protected in acting upon directions, instructions, and any information provided by an Authorized Party until notified in writing by the Employer of a change of the identity or extent of authority of an Authorized Party.

(h) <u>Authorized Instructions.</u> All directions and instructions to the Trustee from an Authorized Party ("Authorized Instructions") shall be in writing, transmitted by mail (including electronic mail) or by facsimile. The Trustee shall be entitled to rely on and shall be fully protected in acting in accordance with all such directions and instructions which it reasonably believes to have been given by an Authorized Party and in failing to act in the absence thereof.

## Section 14. EFFECTIVE DATE.

The effective date of this Trust Agreement shall be September 17, 2013.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the effective date set forth above.

9

UNIVERSITY OF
PUERTO RICO

By: _____
Name: Jose F Rodriguez Orengo
Title: Chancellor

ING National Trust

By: _____
Name: Andrew F. Levesque
Title: Vice President

## FEES PAYABLE TO TRUSTEE

In consideration for services rendered according to the terms of this Agreement, the Trustee shall be paid according to the following fee schedule:

| | |
|---|---|
| $750 for each calendar year: | No explicit charge to the plan. Included as part of compensation received by ING Life Insurance and Annuity Company for its performance of recordkeeping services |

## INCUMBENCY CERTIFICATE – AUTHORIZED PARTIES

UNIVERSITY OF PUERTO RICO, (the "Employer") hereby certifies that the persons whose names appear below are Authorized Parties to act on behalf of the Employer and the UNIVERSITY OF PUERTO RICO NON QUALIFIED DEFERRED COMPENSATION PLAN and to direct and instruct the Trustee through Authorized Instructions in accordance with Section 13(g) and Section 13(h) of the **TRUST UNDER** UNIVERSITY OF PUERTO RICO NON QUALIFIED DEFERRED COMPENSATION PLAN (the "Agreement") between the Employer and ING National Trust, as Trustee dated September 17th, 2013.

**NAME**                          **SIGNATURE**

DR ANGEL R PAGAN

DR FRANCISCO LOPEZ

---

**EMPLOYER**

BY:

TITLE: Chancellor

DATE: 9/17/13

12