UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO,<br>et al., | (Jointly Administered) |
| Debtors.[1] | |

------------------------------------------------------------x

MEMORANDUM ORDER GRANTING IN PART THE MOTION OF
B.P., S.E. AND BAHÍA PARK S.E. FOR RELIEF FROM THE AUTOMATIC STAY

Before the Court is a motion filed by B.P., S.E. and Bahía Park, S.E. (collectively, the "Movant" or "Bahía Park") for relief from the automatic stay imposed by the filing of the above-captioned Title III case in a case titled B.P., S.E., Bahía Park, S.E. v. ELA, K2AC 2007-00908 (the "Litigation"), which is currently pending in Puerto Rico Superior Court, San Juan Part (the "State Court"). The parties proffer that motions for summary judgment are pending in the Litigation. For the following reasons, the motion is granted to the extent that the automatic stay is lifted to allow the Litigation to proceed to the determination of the pending motions for

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

summary judgment. This relief is without prejudice to a further application to this Court following such determination(s) by the State Court.

## BACKGROUND

Bahía Park is the named Plaintiff in the Litigation, which was filed against Debtor the Commonwealth of Puerto Rico (the "Commonwealth"). (Docket entry no. 549, Motion for Relief from the Automatic Stay ("Motion") at 2.) On October 29, 2007, Bahía Park commenced the Litigation seeking, among other things, just compensation for the alleged regulatory taking of certain land located in the Municipality of Cataño, Puerto Rico. (Id.) The parties assert that certain dispositive motions, including motions for summary judgement, are currently pending in the Litigation. (Id.; docket entry no. 640, Response of the Commonwealth to Motion for Relief from the Automatic Stay filed by B.P, S.E. and Bahía Park, S.E. ("Response") at 2.) The Commonwealth filed a notice of the automatic stay in the Litigation on May 24, 2017. (Mot. at 2.)

## DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are

the following factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," "whether the parties are ready for trial in the other proceeding," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

The Commonwealth has consented to a partial modification of the automatic stay to permit the adjudication of certain motions for summary judgment that are currently pending before the State Court. (Response at 2.) The Commonwealth argues that this limited modification of the automatic stay is appropriate in light of the procedural stage of the Litigation and that such limited modification will balance the harms between the parties. (Id.) In response, Bahía Park argues, among other things, that a partial modification of the automatic stay is insufficient to protect its interest. (Docket entry no. 641 at 3.)

The Court concludes that Bahía Park has not demonstrated that cause exists to lift the automatic stay beyond the resolution of the pending summary judgment motions. Although the Litigation would ultimately resolve the question of quantification of the Commonwealth's lability on Bahía Park's taking claim, the Litigation appears to be in its early dispositive motion practice stage and the parties are not ready for trial. Although the parties assert that motions for summary judgment are pending in the underlying Litigation, the exact procedural history of the Litigation and the status of the dispositive motions pending before the State Court is unclear from the parties' submissions. The Movant has not tendered evidence that any significant proceedings have yet taken place in the State Court. Based on the limited record before the Court, it is unclear whether allowing the Litigation to proceed to a determination of damages

would interfere materially, if at all, with the Title III case. Accordingly, the Court concludes that only a partial modification of the automatic stay is appropriate at this time.

### CONCLUSION

For the foregoing reasons, the stay of the Litigation is lifted to permit the completion of briefing on, and the determination of, the pending motions for summary judgement in <u>B.P., S.E., Bahía Park, S.E. v. ELA</u>, K2AC 2007-00908. The stay continues to apply in all other respects, including as to entry and execution of judgment and provisional remedies. This grant of limited relief from the automatic stay is without prejudice to an application for further relief if the action survives the pending motions for summary judgement. This Memorandum Order resolves docket entry no. 549 in case no. 17 BK 3283.

SO ORDERED.

Dated: July 26, 2017

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge