IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNIVERSIDAD DE PUERTO RICO<br><br>Plaintiff,<br><br>v.<br><br>VOYA INSTITUTIONAL TRUST COMPANY,<br><br>Defendant. | Civil No. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and 48 U.S.C. §§ 2126 and 2194, Voya Institutional Trust Company ("Voya") hereby removes to this Court the Commonwealth-court action described below.

1. On August 22, 2016, Voya filed Civil Case. No. 16-CV-02519 (FAB) before this Honorable Court against the University of Puerto Rico ("UPR"), the President of the UPR, and the Governor of Puerto Rico, pursuant to the exclusive jurisdictional provisions of The Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA), 48 U.S.C. § 2101, *et seq.* (2016) ("Voya's PROMESA Action").  Voya seeks declaratory relief concerning the validity, under PROMESA and other applicable law, of the UPR's demand that Voya transfer trust assets to a new trustee, for the purpose of distributing trust assets to UPR retirement plan participants.

2. On December 30, 2016, Voya received via hand-delivery a copy of a document titled "Demanda Jurada" ("Verified Complaint"), dated December 28, 2016, together with an "Urgente Mocion Para Que Se Expida Auto De *Injunction*" ("Motion for Preliminary Injunction"), dated December 28, 2016, and an "Orden" ("Order") issued by the Superior Court

of the Commonwealth of Puerto Rico, San Juan Part, dated December 29, 2016, which sets an evidentiary hearing on Plaintiff's Motion for Preliminary Injunction for January 9, 2017, in the matter captioned *Universidad De Puerto Rico v. Voya Institutional Trust Company*, Civil Número: SJ 2016 CV 00350, Estado Libre Asociado de Puerto Rico, Tribunal de Primera Instancia, Sala Superior de San Juan (the "Superior Court Action"). The Superior Court Action seeks an order compelling Voya to comply with the UPR's demand to transfer the trust assets that gives rise to Voya's PROMESA Action.

## STANDARD FOR REMOVAL

3. Voya files this Notice of Removal pursuant to 28 U.S.C. § 1441, which provides that "any action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed," and pursuant to 28 U.S.C. § 1446(b), which provides that notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."

4. Voya is filing this Notice of Removal within thirty (30) days of the filing of the Verified Complaint and within thirty (30) days of its receipt, through service or otherwise, of the Verified Complaint. Accordingly, removal of this action is timely under 28 U.S.C. § 1446(b).

5. The Superior Court Action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and 48 U.S.C. §§ 2126 and 2194. This action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

6. PROMESA provides that "any action otherwise arising out of this chapter, in whole or in part, shall be brought in a United States district court for the covered territory." 48 U.S.C. § 2126(a); *see also* 48 U.S.C. § 2194(e) ("The United States District Court for the District of Puerto Rico shall have original and exclusive jurisdiction of any civil actions arising under

2

this section," including an "action filed by a party in interest" for "relief from the stay provided under subsection (b) of this section.").

7. The Superior Court Action arises under PROMESA, and requires the same determinations concerning PROMESA that are currently *sub judice* in Voya's PROMESA Action. It therefore may be removed to this Court.

8. The injunctive relief sought by the UPR in the Superior Court Action—to remove Voya as trustee and transfer the trust assets to a new trustee—necessarily requires resolution of numerous questions under PROMESA, including (1) whether the transfer would violate the PROMESA restrictions on transfer of government property, 48 U.S.C. § 2195(a); (2) whether the transfer would "respect the relative lawful priorities or lawful liens, as may be applicable […] or agreements of a covered territory or covered territorial instrumentality in effect prior to the date of enactment of [PROMESA]," as required with respect to the fiscal plan requested by the PROMESA Board of the UPR, 48 U.S.C. § 2141(b)(N); (3) whether the UPR's requested termination of Voya and transfer of assets constitutes "executive […] action authorizing the movement of funds or assets during this time period [prior to the PROMESA Board being fully functional]" that is "subject to rescission by the Oversight Board," 48 U.S.C. § 2144(c)(3)(A); and (4) whether the relief sought in the Superior Court Action would violate the PROMESA automatic stay, 48 U.S.C. § 2194(j).

9. The clear purpose behind PROMESA, moreover, is the orderly and fair handling of claims arising out of Puerto Rico's financial crisis. That includes the equitable resolution of competing claims to the Commonwealth's (including the UPR's) property, such as the trust assets at issue in the pending action.

3

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

10. Venue is proper in this Court as this is the Court for the district and division embracing the place in which the state court action was pending. 28 U.S.C. § 1441(a).

11. Pursuant to 28 U.S.C. § 1446, this Notice is accompanied by a civil cover sheet and copies of all process, pleadings, and orders served upon Voya in the state court action. The Superior Court Complaint, summons, and Order are attached to this Notice of Removal as Exhibits A, B, and C. For ease of reference, and as required by the Local Rules, the Superior Court Complaint, summons and Order have been subjected to a certified English translation, and such translations are also attached hereto as Exhibits A1, B1 and C1.

12. Upon filing of this Notice, Voya will give written notice thereof to Plaintiff's counsel and will file an informative motion together with a copy of this Notice with the Clerk of the Superior Court of the Commonwealth of Puerto Rico.

**WHEREFORE**, Defendant removes the above-captioned action to the United States District Court for the District of Puerto Rico, and respectfully requests that this court assume jurisdiction over the action, to the exclusion of any further proceedings in the Commonwealth court.

Respectfully submitted,

**ADSUAR MUÑIZ GOYCO SEDA & PÉREZ-OCHOA, P.S.C.**

*By: /s/ Pedro Jiménez*
Pedro Jiménez
USDC-PR No. 121912
pjime@icepr.com
*By: /s/ Katarina Stipec Rubio*
Katarina Stipec Rubio
USDC-PR No. 206611
kstipec@amgprlaw.com

**P. O. Box 70294**
**San Juan, PR 00936-8294**
**Tel: (787) 756.9000**
**Fax: (787) 756.9010**

**FAEGRE BAKER DANIELS LLP**

Michael B. Fisco (*pro hac admission pending*)
Robert L. Schnell (*pro hac admission pending*)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
Email: Robert.Schnell@FaegreBD.com

*Attorneys for Defendant Voya Institutional Trust Company*

5