UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors | PROMESA (TITLE III)<br><br>NO. 17 BK 3283 (LTS)<br><br>**Re: ECF No. 587, 591 & 688**<br><br>(Jointly Administered)[1] |

**REPLY TO OBJECTION OF THE COMMONWEALTH OF PUERTO RICO TO MOTION FOR RELIEF OF STAY FILED BY JULIO E. LEANDRY-HERNANDEZ & ILEANA ORTIZ-SANTIAGO [ECF NO. 587]**

**TO THE HONORABLE COURT:**

**COMES NOW**, Mr. Julio E. Leandry-Hernández and Mrs. Ileana Ortiz-Santiago (hereinafter "the Movants"), through the undersigned counsel, and respectfully alleges and prays as follows:

**I. INTRODUCTION**

1. On July 6, 2017, Mr. Julio E. Leandry-Hernández and Mrs. Ileana Ortiz-Santiago (hereinafter **"the Movants"**), filed a motion for relief from stay pursuant to 11 U.S.C. § 362 (d)(1) of the Bankruptcy Code applicable to the present case through Section 301(a) of Title III of the

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement Systems of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case number due to software limitations).

-1-

Puerto Rico Oversight, Management and Economic Stability Act (hereinafter **"PROMESA"**) (ECF No. 587).

2. The Debtor, the Commonwealth of Puerto Rico, having been authorized by the Financial Oversight and Management Board for Puerto Rico (hereinafter the **"Oversight Board"**) and through the Commonwealth's own Department of Justice, filed an "*OBJECTION OF THE COMMONWEALTH OF PUERTO RICO TO MOTION FOR RELIEF OF STAY FILED BY JULIO E. LEANDRY-HERNANDEZ & ILEANA ORTIZ-SANTIAGO ECF NO. 587*" (hereinafter the **"Objection"**). (ECF No. 688).

3. In its Objection, the Commonwealth alleges the Movants does not make any showing of "cause" in their motion for relief from stay or establish how it would suffer harm if the stay remains in place. Whereas, if the stay is lifted that would open the gates for other creditors seeking similar relief with the effect of diverting the Commonwealth's attention and resources to defending claims in the state courts.

4. After reviewing the Objection filed by the Commonwealth, the Movants sustains the Debtor has failed to meet its burden by failing to demonstrate that it is entitled to the stay.

**II. REPLY TO THE COMMONWEALTH'S "PRELIMINARY STATEMENT"**

5. First, the Commonwealth argues that, as of December 2016, it has 5,200 pending and threatened litigation cases against it, representing nearly $2.2 billion in potential aggregate liability. The Commonwealth goes on to ask this Honorable Court for "breathing space", to treat all requests for relief of the automatic stay as a whole, and not individually, and that the Commonwealth is currently developing the protocol contained in the *First Amended Notice, Case Management and Administrative Procedures* [ECF No. 262-1] "…to evaluate the prepetition litigation claims asserted against it…" (See Objection, at ¶4). On July 21, 2017, the Debtors filed

a *"Motion to Further Amend First Amended Notice, Case Management and Administrative Procedures to Incorporate Revised Protocol for Stay Relief Motions"* [ECF No. 715] and expects that such "protocol" would be considered by this Court at the next *Omnibus Hearing* scheduled for August 9, 2017.

6. Even if the Court were to credit the Commonwealth's assertion regarding the volume of litigation that has been stayed following the Title III filings, the Commonwealth's fear of a flood of motions for relief from the automatic stay has, to date, proved unfounded. It has already been almost three (3) months since the Commonwealth filed its Title III petition, and no more than a handful of such motions have been filed. While it is true that the Commonwealth should formulate a process to address pre-petition litigation in the context of the Title III cases, the Court must conclude that an extension of the stay of the Movants' litigation is not necessary to afford the Commonwealth an opportunity to formulate such a process.

7. Therefore, the balance of interests certainly leans towards giving the Movants leave to prosecute the case in the state court to obtain a final judgment. By allowing the continuance of the case and to obtain judgment, will not be opening the "floodgate" to other creditors which Debtor seems to fear. Each party has the right to pursue the continuance of his case and avoid uncertainty. Surely, out of the 5,200 cases against the Commonwealth to which Debtor refers in its Objection, no more than a handful is of this nature. The alleged floodgate is not a reason to deny the lift of stay.

8. Besides, this Court lacks jurisdiction over personal injury claims pursuant to 28 U.S.C. § 157(b)(2)(B) because is not deemed a core proceeding to a bankruptcy case. Thus, the Movants cannot pursue or liquidate their personal injury claims before this Court as its procedures

are regulated by the Bankruptcy Code and its pertinent rules, including the application of the automatic stay under Section 362.

### III. REPLY TO THE COMMONWEALTH'S OBJECTION

9. Apart from the jurisdictional issue, the Movants also sustains the Commonwealth has failed to meet its burden by failing to demonstrate that it is entitled to the automatic stay protection. Section 362(d)(1) of the Bankruptcy Code reads as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -- (1) for cause, including the lack of adequate protection of an interest in property of such party in interest…11 U.S.C. § 362(d)(1)

10. Section 362 (d) should be read in conjunction with § 362(g) since the latter subsection allocates the burden of proof in motions seeking relief from stay. Section 362(g) provides as follows:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section –
>
> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>
> (2) the party opposing such relief has the burden of proof on all other issues. 11 U.S.C. § 362(g)

11. If debtor's equity in property is not an issue, it follows that the debtor has the burden of proof in opposing motions for relief from stay. *In re Highcrest Management Co., Inc.*, 30 Bankr. 776 (Bankr. S.D. N.Y. 1983). Once the moving party establishes cause for relief from stay, a stricter burden then shifts to the debtor to demonstrate he is entitled to the stay. *Goya Foods v. Unanue-Casal (In re Unanue-Casal)*, 159 B.R. 90, 95 (1993); *In Re Unionoil*, 54 Bankr. 192, 194 (Bankr. D. Colo. 1985). See *In re Curtis*, 40 Bankr. 795 (Bankr. D. Utah 1984) ("Once the party

-4-

seeking relief from stay establishes a legally sufficient basis, i.e., 'cause', for such relief, the burden then lies with the debtor to demonstrate that it is entitled to the stay.").

12. The Commonwealth contends that the Movants does not make any showing of "cause" in their motion for relief from stay or establish how it would suffer harm if the stay remains in place. Objection ¶6. It also mentions that the courts examine numerous different factors, including those set forth in *In re Sonnax Indus.*, 907 F.2d 1280 to determine whether "cause" exists to grant relief from stay. The twelve (12) factors adopted by the court in *Sonnax* are:

> (1) whether relief would result in partial or complete issue resolution; (2) lack of connection with or interference with bankruptcy case; (3) whether other proceeding involves debtor as fiduciary; (4) whether specialized tribunal with necessary expertise has been established to hear cause of action; (5) whether debtor's insurer has assumed full defense responsibility; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice interests of other creditors; (8) whether judgment claim arising from other action is subject to equitable subordination; (9) whether movant's success in other proceeding would result in a judicial lien avoidable by debtor; (10) interests of judicial economy and expeditious and economical resolution of litigation; (11) whether parties are ready for trial in other proceeding; (12) impact of stay on parties and balance of harms. *In re Sonnax Inds.*, *supra*, at 1287 citing *In re Curtis*, 40 Bankr. 795, 799-800 (Bankr. D. Utah 1984).

Other courts have established that the *Curtis* moving party "need not prove a plurality of Curtis factors before it has shown cause existed for lifting the stay." *Goya Foods v. Unanue-Casal (In re Unanue-Casal)*, *supra*, at 96. Some courts have relied on only a few factors to determine that sufficient cause existed to lift the stay. See, e.g., *In re Unioil*, *supra*, at 194-95 (court considered five factors such as resolution of the issues, lack of connection with the bankruptcy case, judicial economy and balance of hurt). See also *Highcrest Management Co.*, 30 Bankr. at 778-779 (court considered only the debtor's misconduct, without any *Curtis* factors).

The court in *Goya Foods v. Unanue-Casal (In re Unanue-Casal)*, *supra*, at 96 correctly stated that "the question of what is cause . . . is developed primarily by case law." In other words, the determination of cause is made on a case by case basis. Of the twelve (12) factors adopted by the court in *Sonnax*, at least **four (4)** apply to the case pending resolution at the Court of First Instance, Superior Part of Ponce.

13. **First**, whether relief would result in partial or complete issue resolution and **second**, whether parties are ready for trial in other proceeding. The Movants have a claim under Article 404 of Puerto Rico's Political Code of 1902, 3 L.P.R.A. § 422, pending final disposition in the Court of First Instance, Superior Part of Ponce, against the Commonwealth in which the trial was about to be set by the state court when the Commonwealth requested the state court to stay the proceedings due to the filing by the Oversight Board of a petition under Title III of PROMESA. After almost three (3) years of litigation, the controversy was about to come to an end.

14. Contrary to the Commonwealth's statements in its Objection, discovery proceedings al the state court had been completed, since depositions to the Movants were taken by the Commonwealth's legal counsel from the Puerto Rico's Department of Justice on February 9, 2017, all documents requested by the Commonwealth's legal counsel were produced, no continuation of such depositions was requested and the pretrial conference was scheduled for June 8, 2017. Since the date such depositions were taken, all attempts by the Movants' legal counsel to coordinate with the Commonwealth's legal counsel to prepare the pretrial conference plan has been fruitless. Nevertheless, it is quite clear that the case is mature for a final determination in a court with proper jurisdiction.

15. **Third**, there is a lack of any connection with or interference with the bankruptcy case, in the sense that the state court action is a non-core proceeding that does not depend upon

the filing of a case under Title III of PROMESA for its existence, see *Weiner's, Inc. v. T.G. & Y. Stores Co.*, 191 B.R. 30, 34 (S.D.N.Y. 1996) (citing *In re Lipstein*, 1995 WL 675486, at *1 (S.D.N.Y. Nov. 14, 1995), (holding that tort claims that "could have been brought outside the bankruptcy environment" are non-core).

16. **Fourth**, interests of judicial economy and expeditious and economical resolution of litigation. Debtor's litigation of the case in the local courts is being handled by Puerto Rico Department of Justice attorneys. Appeals under guidance of the Puerto Rico Attorney General Office. Government attorneys as employees of the Department of Justice must be paid regardless of whether the state court awaiting determination of compensation continues. Moreover, their duties are precisely taking care of the cases and defending the Puerto Rico Government's interests. Thus, the Commonwealth will be incurring in almost no litigation expenses. In the alternative, removing the case from the state court to this forum will be in detriment to the Movants and the Commonwealth since the costs of litigation at the Federal level will be very burdensome for both parties, e.g., translation costs. The court in *In re Saunders*, 103 Bankr. 298, 299 (B.C.N.D. Fl. 1989), allowed the stay to be lifted on the state proceedings that had begun almost two years before the filing of the bankruptcy petition and found that that judicial economy was served because the court "could perceive no rationale for curtailing" the efforts of two years in court only for the court to retrace the same path. In the present case, the parties have been litigating in state court for the last three (3) years. Concluding the litigation at the state court will cause no prejudice to the Debtor.

17. The present case should be distinguished from the determination in *Brigade Leveraged Capital Structures Fund Ltd. V. García-Padilla*, 217 F. Supp.3d 508, (D.P.R. 2016). In the referred case, the plaintiffs' arguments were whether there is sufficient "cause" to grant them relief from the automatic stay imposed by section 405(b) of PROMESA. Among PROMESA's

provisions is an automatic stay of all liability-related litigation against the Commonwealth of Puerto Rico, which was or could have been commenced before the law's enactment. PROMESA § 405(b). The present case can be distinguished from *Brigade* since here the lifting of the automatic stay to prosecute the determination of damages and compensation will not represent any detriment to Debtor. The state court litigation is not related to the PROMESA process or to the medullar controversy that urged Congress to pass the legislation. The Movants are not bondholders or retirees whose pensions is at risk because of lack of funds to pay it.

18. As per established in PROMESA, Congress deemed that the stay component of the legislation is "essential to stabilize the region for the purposes of resolving" Puerto Rico's financial crisis. *Id.* § 405(m)(5). To that extent, the stay is designed not only to "allow the Government of Puerto Rico a limited period 'to negotiate' a voluntary resolution with its creditors instead of defending numerous, costly creditor lawsuits", but also "to ensure all creditors have a fair opportunity to consensually renegotiate terms of repayment" and to allow the Oversight Board time "to determine whether to appear or intervene on behalf of the Government of Puerto Rico in any litigation." *Id.* § 405(n)(2) and § 405(m)(5)(B), (A).

19. Despite the relevance of the stay for the consecution of PROMESA's objectives, legislation does provide certain instances under which the court may grant a relief from the stay. The legislation provides that the court may grant relief from the stay to "a party in interest" either "for cause shown," or "to prevent irreparable damage" to the party's interest in property. *Id.* § 405(e)(2), (g).

### IV. CONCLUSION

20. The Movants has established with substantial arguments there is cause for lifting of the automatic stay. Thus, once the party seeking relief from the stay establishes there is "cause"

for such relief, the burden then lies with the debtor to demonstrate that it is entitled to the stay. *In re Curtis, supra*. It is therefore irrelevant whether a protocol is being established to deal with pending claims against the Commonwealth. By the same token, the relief sought does not present any harm to the Commonwealth.

21. Thus, the Movants respectfully affirm that the stay is inapplicable to their case. Alternatively, Movants respectfully aver that cause has been shown to lift or otherwise modify the stay to resume proceedings at the state court level so it promotes the judicial economy and the expeditious resolution of the litigation.

**WHEREFORE**, the Movants respectfully prays the Court that the Commonwealth's objection be denied, enter an Order vacating the stay arising under § 301(a) of PROMESA and Bankruptcy Code § 362 allowing the Movants to continue their cause of action currently pending in the Court of First Instance, Superior Part of Ponce; and (iii) grant any further relief that may be deemed just and proper under the circumstances of the instant case.

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on this same sate, a true electronic copy of the foregoing was filed through the Court's CM/ECF system, which will generate a notice to all CM/ECF participants in this case.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on July 26, 2017.

/s/ Orlando Ortiz-Cintron, Esq.
USDC No. 221109
Urb. Jardines Fagot
C-19 Almendra Street
Ponce, PR 00716-4018
Telephone: (787) 638-4697
E-mail: orlando1701@gmail.com

/s/ Carlos Fernández-Nadal, Esq.
USDC No. 209208
818 Hostos Ave., Suite B
Ponce, PR 00716
Telephone: (787) 848-4612
Facsimile: (787) 848-4632
E-mail: cfernandez@cfnlaw.com