# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>No. 17 BK 3567-LTS<br><br>THIS PLEADING RELATES ONLY TO THIS TITLE III CASE[2] |

## MOTION FOR MODIFICATION OF THE AUTOMATIC STAY

**TO THE HONORABLE COURT**:

    **COMES NOW** Rexach Hermanos, Inc. ("Rexach"), through the undersigned legal counsel, and respectfully submits this motion (the "Motion") to request the modification of the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] This clarification is made in accordance to the Court's *Order (A) Pursuant to PROMESA Section 304(G), Directing Joint Administration of Initial Title III Cases and Additional Title III Cases, and (B) Pursuant to Section 105(A) of The Bankruptcy Code, Making Certain Orders Entered on First Day Pleadings Applicable to the Additional Title III Cases*. See, Docket No. 167 at ¶ 5 of p. 4.

automatic stay over the Puerto Rico Highways and Transportation Authority ("HTA" or the "Debtor") in order to allow Rexach to continue with the eminent domain action filed by the Debtor against real estate property owned by Rexach and other co-defendants, before the Puerto Rico Court of First Instance, Superior Court of San Juan, in the case captioned *Autoridad de Carreteras y Transportación de P.R. v. Corporación Rexach Hermanos, Inc. y Citizens Reonovation & Dev. Corp.*, Civil Num. K EF2001-0272 (the "State Court Action" or the "Complaint").

## PROCEDURAL HISTORY

1. The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") was established under section 101(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[3] on June 30, 2016. On August 31, 2016, President Barack Obama appointed the Oversight Board's seven voting members.

2. Pursuant to section 315 of PROMESA, "[t]he Oversight Board in a case under this title is the representative of the debtor[s]" and "may take any action necessary on behalf of the debtor[s] to prosecute the case[s] of the debtor[s], including filing a petition under section 304 of [PROMESA]…or otherwise generally submitting filings in relation to the case[s] with the court."

3. On September 30, 2016, the Oversight Board designated HTA as a covered entity under section 101(d) of PROMESA.

4. On May 21, 2017, the Oversight Board issued a restructuring certification pursuant to sections 104(j) and 206 of PROMESA, and filed a voluntary petition for relief for HTA in accordance to section 304(a) of PROMESA (the "Petition-Date"), thus commencing a case under Title III of PROMESA on behalf of the Commonwealth (the "Title III Case"). See,

---

[3] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Docket No. 1 of Case No. 17-03567 (LTS).

5. On June 9, 2017, the Debtor filed a motion seeking the joint administration of the Title III Case with the pending Title III proceedings for the Commonwealth, COFINA and ERS[4] (jointly, the "Title III Cases") pursuant to section 304(g) of PROMESA and Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (as made applicable to these Title III Cases by virtue of section 310 of PROMESA). See, Docket No. 79 of Case No. 17-03567 (LTS). The joint administration of the Title III Cases was authorized by this Court on June 29, 2017. See, Docket No. 167 of Case No. 17-03567 (LTS).

6. The State Court Action was commenced on June 15, 2001 when HTA filed an eminent domain action against two parcels of land, the largest owned by Rexach and the smaller by the other named defendant, Citizens Renovation & Development Corp. ("Citizens"). The case was filed under the Puerto Rico Declaration of Taking Act (32 LPRA 2907) under which title of the property being taken is vested onto HTA immediately upon filing, and possession of the property being taken is delivered to HTA after an estimate of the just compensation amount is deposited in court by HTA. In the State Court Action, HTA has had title and possession of the property taken since the filing in 2001.

7. On July 2, 2004, HTA amended Exhibit A to the complaint to reflect that there were two parcels included in the eminent domain action and the only parties with an interest in said parcels were Rexach, with respect to the larger parcel, and Citizens, with respect to the smaller parcel. **Exhibit A**.

8. After many years of inaction and discovery proceedings, HTA amended its estimate of just compensation during 2016 and commenced depositing in court the additional

---

[4] Please refer to footnote 1 for the meaning of these defined terms.

-3-

estimated just compensation amounts. The court ordered HTA to distribute the revised just compensation estimate between the two parcels subject to the eminent proceedings, an action that has been interrupted by the filing of the Title III Case and the resulting automatic stay. At this point in time, there is no additional discovery pending in the State Court Action and the State Court Action is ready for a settlement conference, a pre-trial hearing and subsequent trial. The pre-trial conference was originally scheduled for May 25, 2017, and on April 19, 2017 was rescheduled for October 2, 2017.

9. The State Court Action has been ongoing for over sixteen (16) years and is currently at a very advanced stage of the proceedings.

## REQUEST TO MODIFY STAY AND BASIS THEREFORE

10. Section 301(a) of PROMESA, 48 U.S.C. § 2161(a), incorporates a number of provisions of the Bankruptcy Code (the "Code"), including the protections afforded by the automatic stay under 11 U.S.C. § 362. The automatic stay is a form of injunctive relief which:

> provides for a broad stay of litigation, lien enforcement and other actions, judicial or otherwise, that are attempts to enforce or collect prepetition claims. It also stays a wide range of actions that would affect or interfere with property of the estate, property of the debtor or property in the custody of the estate.

3-362 Collier on Bankruptcy ¶ 362.01 (16th Ed. Rev.); Velasquez v. Hanes PR, Inc. (In re Velasquez), 2010 Bankr. LEXIS 2448, 4-5 (Bankr. D.P.R. 2010).

11. While the automatic stay may be broad in scope, its protection is not unlimited.

> Section 362 [ ] recognizes circumstances in which a party subject to the stay may be entitled to relief. It provides grounds for seeking relief from the stay and, in conjunction with Bankruptcy Rule 4001, provides a procedure for seeking such relief.

3 Collier on Bankruptcy ¶ 362.01 at 20 (16th ed.).

12. Rexach requests relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 4001-1. Section 362(d) reads, at its pertinent parts:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) **for cause**, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d)(1) (Emphasis added).

13. Although section 362(d)(1) mentions lack of adequate protection as a reason for the lifting of the automatic stay, "the use of the word 'cause' suggests an intention that the bases for relief from the stay should be broader than merely lack of adequate protection." Collier at 362.06 [3][a].

14. The term "cause" is not defined in the Bankruptcy Code. As a result, the courts usually turn to the legislative intent to determine what constitutes cause under the meaning of section 362(d)(1). Goya Foods v. Unanue-Casal (In re Unanue-Casal), 159 B.R. 90, 95 (D.P.R. 1993), as aff'd at 23 F.3d 395 (1st Cir. 1994); In re Sonnax Industries, Inc., 907 F.2d 1280, 1286 (2nd Cir. 1990). The factors which are typically taken into consideration in order to determine whether sufficient "cause" exists for relief of the automatic stay include (i.e., the "*Sonnax*" factors):

> (a) whether the relief will result in a partial or complete resolution of the issues;
>
> (b) the lack of any connection with or interference with the bankruptcy case;
>
> (c) whether the foreign proceeding involves the debtor as fiduciary;
>
> (d) whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases;

 (e) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

 (f) whether the action essentially involves third parties;

 (g) whether litigation in another forum would prejudice the interest of other creditors and/or other interested parties;

 (h) whether the judgment claim arising from the foreign action is subject to equitable subordination under section 510(c);

 (i) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor;

 (j) the interest of judicial economy and the expeditious and economical determination of litigation for the parties;

 (k) whether the foreign proceedings have progressed to the point where the parties are prepared for trial;

 (l) the impact of the stay on the parties and the balance of hurt.

Lawrence v. Motors Liquidation Co. (In re Motors Liquidation Co.), 2010 U.S. Dist. LEXIS 125182 (S.D.N.Y. 2010); C & A, S.E. v. P.R. Solid Waste Mgmt. Auth., 369 B.R. 87, 94-95 (D.P.R. 2007); Goya, 159 B.R. at 95 -96; In re Curtis, 40 Bankr. 795, 799-800 (Bankr. D. Utah 1984).

15. "The party moving for the automatic stay to be lifted need not prove a plurality of these factors. The Courts will generally rely 'in only a few factors…to determine that sufficient cause exist[s] to lift the stay.'" C & A, S.E., 369 B.R. at 95, citing Goya, 159 B.R. at 95 -96.

16. The *Sonnax* factors above-outlined weigh favorably towards the modification of the automatic stay in order to continue with the State Court Action against the Debtor due to the fact that:

  a. The State Court Action has been ongoing for over sixteen (16) years and is currently at a very advanced stage. Discovery has concluded in the State Court Action and the case is ready for a settlement conference, pre-trial

-6-

hearing and subsequent trial. The pre-trial conference was originally scheduled for May 25, 2017 and later rescheduled for October 2, 2017;

b. The continuation of the State Court Action will result in a complete resolution of the pending issues given the advanced stage of the proceedings;

c. The continuation of the State Court Action has no connection, and will not interfere with, the instant Title III Case. This fact becomes even more paramount when considering that funds deposited or consigned in the State Court Action as part of the just compensation estimated by HTA *do not belong to the Debtor and, thus, are not subject to the automatic stay under either sections 362(a) or 922(a) of the Code*. See, Endeavour GP, LLC v. Endeavour Highrise, L.P. (In re Endeavour Highrise, L.P.), 432 B.R. 583, 629 (Bankr. S.D. Tex. 2010) ("**the automatic stay extends to… property in which the debtor held an interest at the time of the commencement of the bankruptcy case**") (Emphasis added). These funds belong to Rexach, Citizens and other parties with an interest in the real property taken at the time the eminent proceedings began back in 2001;

d. The State Court is the appropriate forum with the knowledge and necessary expertise to consider the Complaint in light of the fact that it has been involved with the issues addressed therein for over sixteen (16) years and is fully aware of the parties and the facts of said case;

e. The State Court Action involves other co-defendants aside from Rexach;

f. The State Court Action will not prejudice the interests of other creditors;

g. The judgment that may arise from the State Court Action will not be subject to equitable subordination nor would result in a judicial lien avoidable by the Debtor. Furthermore, the judgment will not be subject to a discharge since it would constitute a money award for a takings action under the U.S. Constitution. According to the case of In re City of Detroit, 524 B.R. 147, 270 (Bankr. E.D. Mich. 2014) "…when the Constitution requires a money damage award—as is the case here—**sec. 944 (c)(1) allows the Court to except claims for that award from discharge in the confirmation order [which] eliminates all issues regarding the constitutionality of chapter 9 in that respect**." (Emphasis added);

h. The interests of judicial economy and the expeditious and economical resolution of the Complaint warrant the continuation of the State Court Action, particularly when such tribunal has been considering the issues raised in the Complaint for over five (5) years;

i. The proceedings in the State Court Action have progressed to the point where the parties are prepared for settlement conference, pre-trial hearing and subsequent trial; and

j. The impact of the stay on Rexach outweighs any possible harm upon Debtor.

## CONCLUSION

In light of the foregoing, Rexach hereby respectfully requests this Court to enter an order modifying the automatic stay for "cause" under 11 U.S.C. § 362(d)(1) so that Rexach can continue and conclude the eminent domain proceedings commenced by Debtor in the State Court Action.

**WHEREFORE**, Rexach respectfully requests this Court to enter an order modifying the automatic stay pursuant to 11 U.S.C. Sec. 362(d)(1):

A. Permitting Rexach to exercise all remedies under non-bankruptcy and non-PROMESA law to enforce its rights and obligations, including but not limited to the continuation and culmination of the eminent domain proceeding filed by HTA in the State Court Action; and

B. Granting Rexach such other relief as may be just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 27th day July, 2017.

## NOTICE OF TIME TO RESPOND

Pursuant to ¶III.Q of the Court's *Order (a) Imposing and Rendering Applicable Local Bankruptcy Rules to these Title III Cases, (b) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (c) Granting Related Relief* (Docket No. 249 of Case No. 17-03283 (LTS)), as amended on June 6, 2017 (Docket No. 262 of Case No. 17-03283 (LTS)) (the "CMP Order"), unless otherwise ordered by the Court, the Objection Deadline with respect to the Motion shall be the later to occur of (i) fourteen (14) calendar days after the date of filing and service of the Motion and (ii) seven (7) calendar days prior to the hearing scheduled with respect thereto (*i.e.,* August 9, 2017); effectively, this means that the Objection Deadline will be seven (7) calendar days prior to the hearing scheduled with respect to the Motion (*i.e.*, August 2, 2017), except in certain situations where an expedited hearing is scheduled with respect to the Motion.

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case. We further certify that, on this same date, we served the foregoing upon all the Standard Parties as identified and defined at ¶ II of the and the Court's CMP Order, as amended on June 6, 2017 (Dockets No. 249 and 262 of Case No. 17-03283 (LTS), as well as upon all of the parties identified in the Master Service List maintained at https://cases.primeclerk.com/puertorico/.

                          **McCONNELL VALDÉS LLC**
                          *Attorneys for Rexach Hermanos, Inc.*
                          270 Muñoz Rivera Avenue, Suite 900
                          Hato Rey, Puerto Rico 00918
                          PO Box 364225
                          San Juan, Puerto Rico 00936-4225
                          Telephone: 787-250-5604

Facsimile: 787-759-8282

By: *s/Antonio A. Arias*
Antonio A. Arias
USDC-PR No. 204906
aaa@mcvpr.com

By: *s/Nayuan Zouairabani*
Nayuan Zouairabani
USDC No. 226411
Email: nzt@mcvpr.com

-10-