UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND | |
| MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, | (Jointly Administered) |
| et al., | |
| Debtors.[1] | |

-------------------------------------------------------------x

MEMORANDUM ORDER DENYING ANTONIO COSME-CALDERON'S
URGENT MOTION FOR RELIEF FROM STAY (DOCKET ENTRY NO. 553)

Before the Court is a motion filed by Antonio Cosme-Calderon (the "Movant") for relief from the automatic stay imposed by the filing of the above-captioned Title III case in an employment discrimination lawsuit commenced on August 22, 2016 in the United States District Court for the District of Puerto Rico (the "District Court"), captioned Antonio Cosme-Calderon v. Cuerpo de Emergencias Medicas, et al., (D.P.R.) Case No. 16-cv-2516 (the "Lawsuit"). For the following reasons, the motion is denied with leave to renew after no fewer than 120 days have elapsed, and in accordance with any stay relief protocol that may be established by the Court.

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

BACKGROUND

Movant, the named Plaintiff in the Lawsuit, which was filed against the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), the Commonwealth's Department of Health and a supervisor at the Commonwealth's Department of Health (sued in her representative capacity), in the District Court, seeks to continue to prosecute the Lawsuit. (Case No. 17-3283, Docket Entry No. 553, Urgent Motion for Relief from Stay (the "Motion"), ¶ 1.) In the Lawsuit, Movant seeks over $1 million in money damages and a declaratory judgment in connection with alleged violations of the Americans with Disabilities Act (the "ADA") and retaliation by his employer for Movant's reporting of alleged violations of the ADA, and other relief. (Id. ¶¶ 1 & 3.) Movant asserts in the Motion that he seeks to continue his employment discrimination lawsuit in order to obtain a declaratory judgment "to change [his] employer's behavior towards disabled people just like him." (Id. ¶ 3). Movant further asserts that the District Court is the appropriate forum in which to adjudicate the matter because the parties have engaged in dispositive motion practice which resulted in the denial of the defendants' motion to dismiss. (Id. ¶ 6.) On July 14, 2017, the Commonwealth filed its objection (the "Debtor's Objection") to the Motion. (Case No. 17-3283, Docket Entry No. 648.) Movant did not file a reply to the Debtor's Objection.

The Debtor argues that the Motion must be denied for several reasons, including interference with the "breathing space" needed by the Commonwealth to formulate and implement procedures for efficient management of pending litigation and the claims process, and burdens on Debtor resources that would be occasioned by resumption of the litigation of the Lawsuit, which is in its early stages.

DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district examine the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," "whether litigation in another forum would prejudice the interests of other creditors," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

Movant has not demonstrated that the Sonnax criteria weigh in his favor with respect to the continuation of the Lawsuit. Continuation of the Lawsuit would not result in an expeditious resolution of Movant's claims. Rather, the Lawsuit is far from ready for trial and its continuation through necessary discovery and other pretrial proceedings would require the expenditure of Debtor resources and potentially disrupt the claims resolution process established by the bankruptcy code and incorporated into PROMESA. The interests of judicial economy and of the expeditious resolution of litigation are not served by permitting the Lawsuit to continue. Movant's unsecured claims for monetary relief can be liquidated and addressed through the claims process. While declaratory relief is not available through that process, Movant has not

demonstrated that the harm from delay of the resolution of that aspect of his Lawsuit outweighs the burden that would accrue to the Debtor by recommencement of full litigation of the Lawsuit in the near term. Furthermore, the Debtor has pending before the Court a proposed protocol for motions to lift the automatic stay that includes a notice period during which conciliation efforts are to be undertaken.

Accordingly, the Court concludes that Movant has not demonstrated that cause exists for the automatic stay to be lifted to allow the Lawsuit to proceed. Movant's motion for relief from the automatic stay is denied, without prejudice to renewal after at least 120 days and in accordance with any lift stay motion protocol that may be established by the Court. The automatic stay continues in place as against all defendants in the District Court action. See 11 U.S.C. §§ 362(a) and 922(a)(1).

## CONCLUSION

For the foregoing reasons, Movant's motion for relief from the automatic stay is denied, without prejudice to renewal after at least 120 days and in accordance with any lift stay motion protocol that may be established by the Court. The automatic stay continues in place as against all defendants in the District Court action. See 11 U.S.C. §§ 362(a) and 922(a)(1). This Memorandum Order resolves docket entry no. 553 in case no. 17-3283.

SO ORDERED.

Dated: July 27, 2017

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge