IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Debtor | PROMESA<br>Title III<br>No. 17 BK 3283-LTS |
| In Re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION ("COFINA")<br><br>Debtor | PROMESA<br>Title III<br>No. 17 BK 3284<br><br>(Joint Administration Requested) |

**OBJECTION TO AD HOC MUNICIPALITIES COMMITTEE'S REQUEST FOR APPOINTMENT OF AN OFFICIAL PUERTO RICO MUNICIPALITIES COMMITTEE**

**TO THE HONORABLE COURT:**

COMES NOW the Municipality of San Sebastian and very respectfully states, alleges and prays:

1. Eleven of Puerto Rico's municipalities filed a request that they be named as the Official Puerto Rico Municipalities Committee. The Municipality of San Sebastian (SS)

opposes said designation for the reasons set forth below and requests that this group's motion be denied in its entirety. Movants put forward several reasons for the appointment of said Committee and SS will discuss them individually.

2. Movants claim that they have "important and vested interest in the Title III Petition because any plan of adjustment and the budgets mandated by that plan, will directly affect each and every Municipality."[1] Although the plan of adjustment may treat municipalities different, the budgets are determined by the Fiscal Plan, which has already been certified. Moreover, although movants complain of the reduction in the amounts they receive in the approved budget, the reality is that they have no control over it since it is a function of the Executive, the Legislature and the Board, irrespective of the existing Title III.

3. Movants also complain, with good reason, about the actions taken by the GDB that affect their budgets. The GDB, however, is not in Title III. Moreover, although two municipalities (Caguas and San Juan) have sued over the RSA approved by the Board for the GDB, none of these Municipalities has sued or moved to join any of these suits, putting in doubt their opposition to the deal and its consequences. In addition, although movants claim might also affect them, they do not explain how they would be affected in a manner different from all other residents of Puerto Rico.

4. The reality is that no Committee can adequately represent the interest of the Municipalities as a whole since they have different interests. Some are large as San Juan, Bayamón and Carolina and some small like Maunabo and SS. Some are coastal, some are in the mountains and some like Vieques and Culebra are small islands. Their needs, fiscal situation and interests are different. Hence, a Committee, especially a Committee of 11 of the 78 municipalities cannot adequately represent them. Makes more sense to have each municipality

represent (or not) itself or as movants have done, join together to save costs. The differences mentioned make it even harder for a group of 11 municipalities to negotiate in mediation, which brings us to an important question, negotiate what?

5. Movants claim they are "parties in interest in and beneficiaries of claims against the Commonwealth, but also the Government Development Bank (GDB) and the Puerto Rico Highway and Transportation Authority (HTA)"[2]. The problem is that they do not explain what their claims are against the Commonwealth, GDB or HTA[3]. SS, for example, filed proof of claim against the Commonwealth and HTA so it clearly has claims against these agencies[4]. Eliminating a source of funding by the Commonwealth or the Board cannot be a cause of action since the funds claimed are part of a budget and movants cannot claim entitlement to said funds pursuant to PR law, see *Board of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972).

6. Finally, it must be pointed out that movants motion can be characterized as a long criticism of the GDB. "The financial solvency of the Municipalities of the Commonwealth is not only related to, but fundamentally dependent upon, the GDB and its various affiliates"[5] is the essence of their claim. But again, the GDB is NOT in Title III and hence their grievances have no place in these proceedings, much less as the representatives of 78 municipalities, most of which have not made a notice of appearance in this case. For the reasons here stated, SS objects to the naming of movants as the Official Committee of Municipalities and the appointment of an Official Committee of Municipalities at this stage.

---

[1] Page 8 of their petition, docket 709.
[2] Page 17 of Movants' petition, docket 709.
[3] Also, the GDB is not in a Title III proceeding and none of these 11 municipalities has sued this entity for the alleged moneys owed or joined the two cases already filed.
[4] SS expressly reserves its right to amend or file further proofs of claim against the Commonwealth or its instrumentalities, present or future or file suit against any part of the Commonwealth, including the GDB.

WHEREFORE: the undersigned respectfully requests from the Honorable Court it deny movants' motion for the appointment of an Official Municipalities Committee

Respectfully submitted on this 27th day of July, 2017.

CERTIFY: That on this same day, the ECF system sent a copy of this motion to all parties in this litigation.

/s John E. Mudd
John E. Mudd
Bar Number: 201102
Attorney for Plaintiffs
LAW OFFICES JOHN E. MUDD
P. O. BOX 194134
SAN JUAN, P.R. 00919
(787) 413-1673
Fax. (787) 753-2202
jemudd@yahoo.com

---

5 Page 19 of Movants' petition, docket 709.