UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS |

MOTION FOR RELIEF FROM STAY

    COMES NOW, Maria J. Marchand Sánchez ("Movant"), through the undersigned counsel, to respectfully move the Court for an Order pursuant to 11 U.S.C. § 362 for relief from the Automatic Stay and, in support of its motion, states as follows:

BACKGROUND

1. On January 4th, 2017, Real Legacy Assurance Company, Inc. and Popular Auto, Inc.[1] (jointly, the "Plaintiffs"), filed a Claim against the Commonwealth of Puerto Rico ("Commonwealth"), Real Legacy Assurance Company Inc. v. ELA, KAC2017-0005 ("the Litigation"), under 34 LPRA §1724 ss, also known as the Uniform Forfeiture Act of 2011, before the Court of First Instance in and for the Municipality of San Juan ("Court of First Instance") to contest the forfeiture of Movant's automobile.

2. The automobile was seized on October 5th, 2016 for an alleged violation of Article 5.06 of the Commonwealth's Vehicle and Traffic Law, 9 L.P.R.A. § 5126.

---

[1] Real Legacy Assurance Company, Inc. is the insurer of Movants' automobile, while Popular Auto, Inc. is the secured creditor of said automobile.

3. In the Litigation, the Plaintiffs claimed: (a) that the seizure was illegal, as the criminal complaint for the alleged violation <u>was dismissed for lack of probable cause</u>; and (b) that the Commonwealth failed to notify the forfeiture to them and Movant within the jurisdictional term of thirty (30) days as of the date of the seizure of the property; and as a result, claimed that the Commonwealth violated their due process rights under both the Commonwealth's and the United States Constitution.

4. On June 2nd, 2017, Movant filed a request for intervention to join the ongoing Litigation, as the judgment in the case would affect her property rights.

5. On July 6th, 2017, the Court of First Instance, *sua sponte,* ordered the application of the Section 301(a) of PROMESA, 48 U.S.C. § 2161, stay to the Litigation as a result of Debtor's bankruptcy petition under Title III of PROMESA, case no. 17-1578 (the "Petition").

6. At the time of filing this Motion, the Commonwealth does not have property interest in the vehicle, as the property can only be transferred to the Commonwealth's Forfeiture Board if none of the persons notified of the forfeiture has filed the corresponding complaint to contest said forfeiture within thirty (30) days after the receipt of the notice. See Article 18 of the Uniform Forfeiture Act of 2011, 34 L.P.R.A. § 1724o.

DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, *supra,* allows this Court to grant relief from the automatic stay "for cause". Even though "cause" is not defined in any section the United States Bankruptcy Code, this district and this Court have relied on the factors enumerated by the Second Circuit in <u>In re Sonnax Indus, Inc.</u>, 907 F.2d 1280, 1286 (2d Cir. 1990) ("<u>Sonnax</u>") to

determine whether cause exists to lift the bankruptcy stay. See, e,g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax) Docket entries no. 746, 620, 617, 600. Of the twelve (12) factors identified by the Sonnax Court, the following are of particular relevance to the Litigation: (a) "Whether the relief will result in a partial or complete resolution of the issues"; (b) "lack of any connection with or interference with the bankruptcy case"; (c) "the interests of judicial economy and the expeditious and economical resolution of litigation"; (d) "whether the parties are ready for trial in the other proceeding"; and (e) the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

       The Litigation meets the criteria of all five (5) of the Sonnax factors mentioned above. The Litigation would resolve the question of whether the forfeiture was legal under the Uniform Forfeiture Act of 2011 and if both Plaintiffs and Movant's constitutional due process rights were protected. The seized automobile is not part of the bankruptcy estate, as the Commonwealth does not have property interest in the vehicle; therefore, the Litigation lacks any connection to the Petition. The Litigation is in an advanced enough stage that the matter could be resolved via a Motion for Summary Judgment; thus, demonstrating that the interests of judicial economy, and of the expeditious resolution of litigation, are best served by permitting the Litigation to proceed in the Court of First Instance. Also, allowing the Litigation to proceed will cause absolutely no harm to the Commonwealth, as Movant only seeks for her automobile to be returned. Finally, the only potential impact of the Litigation to the Commonwealth would be minor, as the defense costs will be incurred by the Commonwealth's Department of Justice; therefore, the balance of harms tips heavily in favor of Movant.

WHEREFORE, Movant respectfully requests that the Court enter an order granting relief from the automatic stay allowing Movant to continue to contest the forfeiture of her automobile currently pending in the Court of First Instance and to pursue such additional actions as may be necessary with respect to her automobile and for such other and further relief as the Court deems proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY: That on this same date, we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF Filing system which will send a notification of such to the parties of record and to all interested subscribed users.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 28th day of July 2017.

/S/ Emanuel Rier-Soto
EMANUEL RIER-SOTO, ESQ
U.S.D.C. 304110
*Attorney for Movant*

HT28 Ave. El Comandante
Carolina, PR 00982
(787) 307-5991
E-Mail: rier.emanuel@gmail.com.