*Hearing Date*: August 9, 2017 at 9:30 (EST)

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re: | PROMESA |
|  | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | Case No. 17-cv-01578 |
| As representative of | (Jointly Administered)[1] |
| THE COMMONWEALTH OF PUERTO RICO, | Hon. Laura Taylor Swain |
| Debtor, |  |

## RESPONSE OF UNITED STATES TRUSTEE TO MOTION REQUESTING APPOINTMENT OF ADDITIONAL COMMITTEE OF GOVERNMENT EMPLOYEES AND ACTIVE PENSION PLAN PARTICIPANTS OR, IN THE ALTERNATIVE, FOR THE RECONSTITUTION OF THE RETIREE COMMITTEE

Guy G. Gebhardt, the Acting United States Trustee for Region 21 (the "U.S. Trustee"), files this response to the Motion Requesting Appointment of Additional Committee of Government Employees and Active Plan Participants or, in the Alternative, for the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). Case Nos. 17 BK 3283-LTS and 17 BK 3284-LTS are jointly administered by order of the court.

Reconstitution of the Retiree Committee, dated July 21, 2017, ECF No. 692 (the "Motion"),[2] filed by the University of Puerto Rico Retirement System Trust (the "Trust").

## SUMMARY OF ARGUMENT

The Official Committee of Retirees (the "Retiree Committee") represents all beneficiaries of vested pension and other post-employment benefits while the Official Committee of Unsecured Creditors (the "Mandatory Committee") represents any residual creditor claims that active employees hold. In the Motion, the Trust requests an order either (a) directing the appointment of an additional committee of active government employees or (b) directing changes to the Retiree Committee to add a member from the Trust's ranks of active employees. Although the Trust correctly identifies the statutory predicates for both requests, it does not and cannot carry its burden in establishing a right to relief.

The U.S. Trustee understands the gravity of these proceedings and is sensitive to the plight of active employees. But that does not create a legal entitlement to official committee representation. The Bankruptcy Code requires a different showing—necessity for adequate representation—and that is not present here for at least two reasons. <u>First</u>, the existing committees adequately represent employee interests, and the Motion provides no evidence otherwise. Therefore, any additional representation would be duplicative. But even if disagreements were to arise between active employees and the existing committees, the result would be the same. Adequate representation does not require perfect alignment or lock-step agreement. <u>Second</u>, mere dissatisfaction with the U.S. Trustee's selection of particular

---

[2] The Trust previously filed its *Motion Requesting Appointment of Additional Committee of Government Employees and Active Plan Participants or, in the Alternative, for the Reconstitution of the Retiree Committee* on July 10, 2017, ECF No. 607 (the "Prior Pleading"). The Trust withdrew the Prior Pleading due to noncompliance with the First Amended Case Management Procedures. *See Notice of Withdrawal of Motion Filed at Docket No. 607*, ECF No. 691. The Motion currently before this Court does not differ in substance from the Prior Pleading.

2

committee members does not equate to a lack of adequate representation, nor does it form a proper legal basis to modify the Retiree Committee.

For these reasons, the Court should deny the Motion.

## **STATEMENT OF FACTS**

1. On May 3, 2017, the Federal Oversight and Management Board appointed under the Puerto Rico Oversight, Management, and Economic Stability Act, 48 U.S.C. § 2101, *et seq.* ("PROMESA"), filed a petition commencing a case under Title III of PROMESA, 48 U.S.C. §§ 2161, *et seq.* on behalf of The Commonwealth of Puerto Rico. ECF No. 1.

2. On May 5, 2017, the Ad Hoc Retiree Committee filed a motion seeking an order directing the U.S. Trustee to appoint an Official Committee of Retirees pursuant to 11 U.S.C. § 1102(a)(2) (the "Ad Hoc Motion"). ECF No. 8.

3. On June 15, 2017, the U.S. Trustee filed the *Appointment of Official Committee of Unsecured Creditors in the Commonwealth of Puerto Rico* appointing certain creditors to the Mandatory Committee. ECF No. 338. On the same day, the U.S. Trustee also filed the *Appointment of Official Committee of Retirees in the Commonwealth of Puerto Rico* appointing certain individuals to the Retiree Committee (collectively with the Mandatory Committee, the "Existing Committees"). ECF No. 340.

4. The Mandatory Committee consists of seven members, including the American Federation of Teachers and the Service Employees International Union (collectively, the "Labor Unions"). In addition, one member of the Retiree Committee served as a professor at the University of Puerto Rico and participates in distributions from the Trust.[3]

---

[3] Upon information and belief, this individual is the retired Trust participant referenced by the Motion.

3

5. The Trust is funded through the previous and ongoing contributions from employees and from the University of Puerto Rico. *See* Motion at 6. In turn, "[a]ppropriations of Commonwealth funds are the principal source of UPR's revenues." Statement in Response to Ad Hoc Motion filed by the University of Puerto Rico at ¶ 2, ECF No. 196.

6. Shortly after the U.S. Trustee appointed the Existing Committees, on June 15, 2017, this Court denied the Ad Hoc Motion (the "Denial Order"). ECF No. 349. The Denial Order found that the Ad Hoc Motion was "moot" in light of the U.S. Trustee's appointment of the Retiree Committee and observed that "the Motion is inconsistent with the statutory requirements . . . in so far as it seeks the Court's designation of specific committee members." Denial Order at 1.

## STATUTORY FRAMEWORK AND STANDARDS

Section 1102(a) of the Bankruptcy Code (the "Code")—which applies to a case under PROMESA, *see* 48 U.S.C. § 2161(a)—governs the formation, appointment, and modification of official committees. Congress gave the U.S. Trustee and courts important, but different, authority over official committees, and section 1102(a) specifies under what circumstances courts and the U.S. Trustee may act and under what standards:

> (1) Except as provided in paragraph (3), as soon as practicable after the order for relief under chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors or of equity security holders as the United States Trustee deems appropriate.
>
> (2) On request of a party in interest, the court may order the appointment of additional committees of creditors or of equity security holders if necessary to assure adequate representation of creditors or of equity security holders. The United States Trustee shall appoint any such committee.

\* \* \*

> (4) On request of a party in interest and after notice and a hearing, the court may order the United States trustee to change the membership of a committee appointed under this subsection, if the court determines that the change is necessary to ensure adequate representation of creditors or equity security holders. . . .

11 U.S.C. § 1102(a)(1), (2), and (4).

A court's authority over committee formation and membership is limited. A court may, if requested:

- order the U.S. Trustee to appoint additional committees if necessary to assure adequate representation;

- order the U.S. Trustee to change committee membership if necessary to ensure adequate representation;

- order that a committee not be appointed in a small business case; or

- order the U.S. Trustee to increase membership to include a creditor that is a small business concern.

11 U.S.C. § 1102(a)(1)-(4). "Those are the only powers over committees the Code gives the court. There are no others." *See In re Caesars Entertainment Operating Co.,* 526 B.R. 265, 268 (Bankr. N.D. Ill. 2015). Beyond these, section 1102 is entirely silent on any role for a court regarding committee appointments, composition, or modification. *See In re ShoreBank Corp.*, 467 B.R. 156, 160 (Bankr. N.D. Ill. 2012).[4] Courts perform the adjudicative function of

---

[4] The Motion quotes *In re First RepublicBank Corp.*, 95 B.R. 58, 59 (Bankr. N.D. Tex. 1988), a decision which referenced *a de novo* review process. *See* Motion at 4. Regardless of whether that decision was correct at the time, it has been superseded by statute through the addition of section 1102(a)(4) in 2005. *See ShoreBank*, 467 B.R. at 163 ("Now that section 1102(a)(4) allows the court to determine for itself whether a committee's make-up must be changed to ensure adequate representation of creditors, judicial review of the U.S. Trustee's decision is not only unnecessary, it is prohibited under the doctrine that when a specific Code section addresses an issue, a court may not employ its equitable powers to achieve a result not contemplated by the Code.") (internal citations omitted).

5

determining, upon request, whether an official committee is adequately representative, while U.S. Trustees perform the administrative function of appointing specific members. *Id*.

Consequently, the statute presents this Court with just two questions: is the Trust entitled to relief under section 1102(a)(2) or 1102(a)(4) of the Code? The absolute predicate for judicial relief either directing the appointment of an additional committee under section 1102(a)(2) or ordering a change in committee composition under section 1102(a)(4) is that the existing committee or committees do not adequately represent the unsecured creditor body.[5] 11 U.S.C. § 1102(a)(2) and (4). Without a threshold finding that the committee or committees are not adequately representative, no relief may be afforded. "The statute clearly requires an initial determination of whether a party is adequately represented." *Mirant Americas Energy Marketing, LP*, v. *The Official Comm. Of Unsecured Creditors of Enron Corp*., 2003 WL 22327118, * 3 (S.D.N.Y. Oct. 10, 2003) (additional committee request). The movant "bears the burden of proving that the Official Committee does not provide them with adequate representation." *In re Garden Ridge Corp*., 2005 WL 523129, *3 (Bankr. D. Del. Mar. 2, 2005) (additional committee request); *see also In re Allied Holdings, Inc*., 2007 WL 7138349, *3 (Bankr. N.D. Ga. Mar. 13, 2007) (once the court found the movants failed to prove the predicate issue of inadequate representation, the court refused to address any further issues and denied the motion for an additional committee).

---

[5] Most cases addressing the issue of "adequate representation" have arisen under section 1102(a)(2), which authorizes a court to direct the appointment of additional committees—rather than modifying committee membership— upon finding an additional committee is "necessary to assure adequate representation . . . ." Accordingly, cases decided under section 1102(a)(2) can illuminate the analysis required in a challenge to committee membership arising under section 1102(a)(4). Indeed, case law addressing section 1102(a)(4) is limited.

# ARGUMENT

### A. There is No Basis to Appoint an Additional Committee Under Section 1102(a)(2).

In this case, the request for an additional committee consisting of active employees is both unprecedented and unwarranted.[6] In the largest corporate and municipal restructuring cases in recent memory, the U.S. Trustee has never appointed an additional committee of active employees.

The Trust has not met its burden in demonstrating that the appointment of an additional committee is necessary to assure adequate representation. That burden is considerable; any order under section 1102(a)(2) is an extraordinary remedy that courts are reluctant to grant. *See In re Residential Capital, LLC*, 480 B.R. 550, 557 (Bankr. S.D.N.Y. 2012) (*citing In re Dana Corp.*, 344 B.R. 35, 38 (Bankr. S.D.N.Y. 2006)) (further citations omitted). All "the Code requires is that conflicting groups of creditors have a voice through adequate representation on a Committee." *In re Hill Stores Co.*, 137 B.R. 4, 7 (Bankr. S.D.N.Y. 1992). As the *Hill* court recognized, adequate representation is not perfect representation. "[T]he ultimate aim is to strike a proper balance between the parties such that an effective and viable reorganization of the debtor may be accomplished." *Id*.

The Existing Committees adequately represent employee interests. The Retiree Committee has an interest in maximizing recoveries on the primary claims held by active

---

[6] Any reliance upon *In re Mansfield Ferrous Castings, Inc*., 96 B.R. 779 (Bankr. N.D. Ohio 1988), cited in the Motion (at p. 5), would be misplaced. In *Mansfield*, the debtor was owned by an Employee Stock Option Plan and Trust ("ESOP"), and 141 current and former employees were participants and beneficiaries of the ESOP. In addition, the employees claimed to be creditors (accounting for more than 10% of the total debt) based on a loan made through the ESOP. *Id*. at 780. The *Mansfield* court's finding that the employees were not adequately represented was therefore based on these "unique" circumstances where the employees wore three hats: employee, creditor, and equity security holder. *Id*. *See also In re SunEdison, Inc*., 556 B.R. 94, 106 (Bankr. S.D.N.Y. 2016) (limiting *Mansfield* to its "unique" facts).

employees: pension benefits, health care, and other post-employment benefits. And if that were not enough, the Retiree Committee membership includes a Trust participant who possesses personal familiarity with Trust-related issues. The Motion provides no evidence or explanation as to why the Retiree Committee would not protect similar claims held by active employees. Likewise, the Mandatory Committee complements the Retiree Committee's role. Even without lock-step agreement, the Labor Unions share some common ground with active employees on important employee issues, such as workplace safety, compensation, and active benefits. Taken together, the Existing Committees adequately represent the creditor interests of active employees.

The Motion implicitly argues that somehow employee rights are prejudiced or curtailed in the absence of official committee membership. That fear is misplaced. The Trust's own statements demonstrate that it is capable of effectively representing the interests of its member participants. In particular, the Trust highlights its functioning internal leadership structure and acknowledges that it receives active funding through employee contributions. If the Existing Committees take some action with which the Trust or its active employee participants disagree, section 1109(b) of the Code will allow them to object and be heard. *See* 11 U.S.C. § 1109(b) (allowing any "party in interest" to be heard "on any issue") and 48 U.S.C. § 2161(a) (incorporating section 1109 to a case filed under PROMESA). *See also In re Johns–Manville*, 38 B.R. 331, 332 (S.D.N.Y. 1983). These proceedings may be challenging and impose hardship, but employees will have the opportunity to make their voices heard.

Therefore, the Court should deny the Trust's request for an additional committee of active employees under section 1102(a)(2).

### B. There is No Basis to Order a Change in Membership Under Section 1102(a)(4).

The Court should deny the Trust's request to change the Retiree Committee's membership for the same reason that it should not order the appointment of a separate committee of active employees: the Trust has not met its burden in establishing the change is necessary to ensure adequate representation, as section 1102(a)(4) requires. Nowhere does the Code mandate a committee must faithfully reproduce the exact composition of the creditor body. "What is required is adequate representation of various creditor types." *In re Hill Stores Co.*, 137 B.R. 4, 7 (Bankr. S.D.N.Y. 1992). This type of creditor is already represented by the existing Trust participant who serves on the Retiree Committee, and the Motion effectively seeks to replace that member.

The statute does not authorize relief simply because the Trust's leadership would have preferred that a different Trust participant serve on the Retiree Committee. Instead, the Trust must demonstrate to the Court that the replacement of this particular Retiree Committee member is "absolutely required," "essential," or "indispensable." *See ShoreBank*, 467 B.R. at 164–65. With nothing more than potential tensions identified, it has not been shown that a change in committee membership is "necessary" to assure adequate representation—certainly not in the usual sense of "absolutely required," "essential," or "indispensable." *ShoreBank*, 467 B.R. at 164–65 (interpreting the word "necessary" in section 1102(a)(4) context) (*quoting* Webster's Third New Int'l Dictionary 1511 (1981)).

The Motion provides no evidence to make this required showing and instead claims, in conclusory fashion, that the existing Trust participant should be replaced with an active Trust participant[7] who can purportedly "represent the interests of the 10,432 individuals that are truly

---

[7] The Motion implicitly suggests that the replacement Retiree Committee member should come from the Trust's leadership ranks. *See* Motion at 6 ("The Trust's Retirement Board, in

9

at stake in these proceedings." Motion at 7. This argument is wholly speculative, and "mere speculation that a committee member's conflict of interest might one day ripen into an outright breach of fiduciary duty and a lack of adequate representation is not enough to warrant reconstituting a committee." *ShoreBank*, 467 B.R. at 164. Moreover, the Motion's argument that retired Trust participants "are not creditors in this case and are not eligible to participate in any committees" is a red herring. *See* Motion at 6. Commonwealth appropriations are the primary funding source for Trust distributions and any reduction to such appropriations clearly affect retired Trust participants. Moreover, the Trust's claim that the appointment of an *active employee* to the *Retiree* Committee is necessary to ensure adequate representation raises questions on how the active employee could serve as a proper fiduciary to all retirees.

**WHEREFORE,** the U.S. Trustee respectfully requests that the Court deny the Motion and grant such other and further relief as may be deemed just and proper.

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that on this day I electronically filed a true and exact copy of the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the parties on the master service list and by email as provided in the Court-approved Case Management Procedures in this case.

**DATED:  July 28, 2017.**

---

particular its President, who is also an Active Trust's Participant, could readily serve in any committee as a representative of the 10,438 Active Trust's Participants."). To the extent that this is a direct request to the Court to seat any particular individual, it is inappropriate—a point this Court previously made in the Denial Order. *See* Statement of Facts, ¶ 5; *see also* 7 COLLIER ON BANKRUPTCY ¶ 1102.07 (16th ed.) (noting that "[t]he court will order the United States trustee to change membership on the committee but appointment of replacement members is still a decision that will be made by the United States trustee.").

10

GUY G. GEBHARDT
Acting United States Trustee for Region 21

U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
Edificio Ochoa
500 Tanca Street, Suite 301
San Juan, Puerto Rico 00901-1922
Tel.: (787) 729-7444
Fax: (787) 729-7449

(Electronically Filed)

By: s/ *Monsita Lecaroz-Arribas*
Monsita Lecaroz-Arribas
Assistant U.S. Trustee
USDC-PR No. 207707

11