*Hearing Date*: August 9, 2017 at 9:30 (EST)

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | Case No. 17-cv-01578 |
| As representative of | (Jointly Administered)[1] |
| THE COMMONWEALTH OF PUERTO RICO, | |
| | Hon. Laura Taylor Swain |
| Debtor, | |

## UNITED STATES TRUSTEE'S RESPONSE TO THE AD HOC PUERTO RICO MUNICIPALITIES COMMITTEE'S REQUEST FOR AN ORDER DIRECTING THE APPOINTMENT OF AN OFFICIAL COMMITTEE OF PUERTO RICO MUNICIPALITIES

Guy G. Gebhardt, the Acting United States Trustee for Region 21 (the "U.S. Trustee"), files this response to the Request for An Order Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 1102 Directing the Appointment of An Official Puerto Rico Municipalities Committee dated July 21, 2017, ECF Docket No. 709 (the "Motion"), filed by the Ad Hoc Puerto Rico Municipalities Committee (the "Municipalities").

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). Case Nos. 17 BK 3283-LTS and 17 BK 3284-LTS are jointly administered by order of the court.

## INTRODUCTION

The U.S. Trustee understands the importance of these proceedings to the many affected stakeholders, including the municipal governments. That does not, however, establish a legal entitlement to an additional committee under section 1102(a)(2). The Municipalities, while eloquently pleading their request for committee representation, fail to satisfy the threshold eligibility requirement for appointment to any official committee—personhood. Their Motion must therefore be denied.

## STATUTORY FRAMEWORK

Sections 1102 and 101(41) of the Bankruptcy Code, 11 U.S.C. 101 *et seq.*, are made applicable to these Title III proceedings by Section 301 of the Puerto Rico Oversight, Management and Economic Stability Act or PROMESA, 48 U.S.C. § 2161. These provisions state that only "persons" are eligible to serve on a creditors' committee and that the term "person" specifically excludes virtually all governmental units, including specifically municipalities.

In particular, "[a] committee of creditors appointed under subsection (a) of this section shall ordinarily consist of the *persons*, willing to serve, that hold the seven largest claims against the debtor of the kinds represented on such committee . . . ." 11 U.S.C § 1102(b) (emphasis added). "Person" as defined in 11 U.S.C. § 101(41) includes "individual, partnership and corporation but does not include governmental unit," with three limited and detailed exceptions not applicable here. "The term 'governmental unit' means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other

foreign or domestic government." 11 U.S.C. § 101(27). A municipality is a "political subdivision or public agency or instrumentality of a State," 11 U.S.C. § 101(40), and Puerto Rico is deemed to be a State for most purposes (except chapter 9 eligibility) under the Bankruptcy Code. 11 U.S.C. § 101(52).

## ARGUMENT

1. **Congress intentionally excluded governmental units from committee service, and the limited exceptions it created do not apply to municipalities.**

The plain language of the Bankruptcy Code incorporated by PROMESA unequivocally excludes municipalities from service on official committees. Section 1102(b) requires that committee members be persons, and municipalities are not persons. 11 U.S.C. §§ 101(27), 101(41), and 101(52). Notwithstanding the policy arguments the Municipalities advance, they cannot overcome their legal impediment to committee service: Puerto Rico's Municipalities are not "persons" eligible for committee appointments under the Bankruptcy Code.

This is no accident. When Congress enacted the Bankruptcy Code in 1978, it intentionally excluded governmental entities from service on official committees. "The exclusion of governmental entities is made explicit in order to avoid any confusion that may arise if, for example, a municipality is incorporated and thus is legally a corporation as well as a governmental unit." H.R. REP. NO. 95-595, at 313, *reprinted in* 1977 U.S.C.C.A.N. 5963, 6270.

Later, in 1984 and 1994, Congress enacted limited amendments to the definition of "person" to include a specific and defined universe of governmental entities—such as the Federal Deposit Insurance Corp. (FDIC), Resolution Trust Corp. (RTC), and Pension Benefit Guaranty Corp. (PBGC)—as persons eligible to serve on committees under section 1102 under certain circumstances. The amendments allowed these and other similar agencies to become

3

members of a creditors' committee when they became owners or guarantors of debt obligations or pension plans. *See* 7 COLLIER ON BANKRUPTCY ¶ 1102.02[2][a][viii] (16th ed. 2017). If Congress wanted to further expand committee eligibility to include other types of governmental units, such as municipalities, it could have done so.[2] But it did not.

It is a fundamental canon of statutory construction that courts should not create statutory exceptions in addition to those specified by Congress. *United States v. Smith*, 499 U.S. 160, 167 (1991). "Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent." *Id.* (quoting *Andrus v. Glover Construction Co.,* 446 U.S. 608, 616–617, 100 S. Ct. 1905, 1910–1911 (1980)). Similarly, the canon of *expressio unius est exclusio alterius*—when one or more things of a class are expressly mentioned, others of the same class are excluded, *see, e.g., O'Melveny & Myers v. Fed. Deposit Ins. Co.*, 114 S. Ct. 2048, 2054 (1994)—compels the conclusion that Congress did not intend municipalities to be persons eligible to serve on committees. Thus, it would be inappropriate for the U.S. Trustee to appoint or this Court to direct the appointment of a committee of municipalities in contravention of the law that Congress wrote.

---

[2] Congress amended the definition of "person" in the Bankruptcy Amendments and Federal Judgeship Act of 1984 and the Bankruptcy Reform Act of 1994. Congress also enacted substantial amendments to the Bankruptcy Code in the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986 and in the Bankruptcy Abuse and Consumer Protection Act of 2005, but it did not further amend the definition of "persons" in either law. With one limited exception not relevant here, Congress has never amended the definition of "governmental unit" since the enactment of the Bankruptcy Code in 1978.

2. **Statutory construction is a holistic endeavor, and interpreting the word "ordinarily" in section 1102(b)(1) to permit governmental entities to serve in extraordinary cases is inconsistent with the statutory scheme.**

In an effort to overcome their statutory ineligibility, the Municipalities argue that the word "ordinarily" in section 1102 modifies the word "persons" and permits governmental entities to serve on committees in extraordinary cases. But that simply does not work as a matter of statutory construction. The statute provides that an unsecured creditors' committee "shall ordinarily consist of the persons, willing to serve, that hold the seven largest claims against the debtor. . . ." 11 U.S.C § 1102(b)(1). The U.S. Trustee interprets "ordinarily" as modifying the "seven largest claims," not "persons." This makes sense given that U.S. Trustees need to ensure "adequate representation" on committees of the different kinds of claims and creditors represented by the committee, and the largest claims will not always provide the diversity needed for adequate representation.

One of the few and the earliest decisions on the committee service ban for governmental units held that this interpretation of "ordinarily" is exactly right:

> The clause "shall ordinarily consist of persons . . . that hold the seven largest claims against the debtor" refers either to the ordinary size of the committee or the persons ordinarily eligible to serve. **Nothing in this clause indicates that the committee will usually consist of persons, but may alternatively consist of non-persons.** Moreover, even if the literal language could be construed as meaning that non-persons such as government entities may serve on the committee, the House Committee note clearly negates that interpretation. The House Committee's statement that "the court is restricted to persons to exclude governmental holders of claims and interests" plainly refutes any interpretation of 1102(b)(1) which would allow governmental entities to serve on the committee.[3]

---

[3] The reference to the restriction on the court's appointment powers in this 1983 case reflects that courts appointed committees before the U.S. Trustee Program expanded beyond the original pilot to become a permanent, national program.

*In re Mansfield Tire & Rubber Co.*, 39 B.R. 974, 976 (N.D. Ohio 1983) (emphasis added).

Moreover, statutory interpretation is a holistic endeavor. *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 371 (1988). Interpreting the Bankruptcy Code, the Supreme Court held that "[a] provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme . . . because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law." *Id.* That is true here. Reading "ordinarily" in section 1102 to permit non-persons (governmental units) to serve on committees is incompatible with the carefully crafted definitions Congress wrote in 1978 to exclude all governmental actors from committee service and later modified narrowly to include only a limited subset—an exception that does not apply here.

### 3. Former instances of statutory misinterpretation should not be repeated.

As support for their "out of the ordinary" argument, the Municipalities cite four aberrational cases, the most recent of which is 18-years old.[4] All are from other jurisdictions and lack precedential value. *See*, *e.g.*, *Martinez-Alvarez v. Ryder Mem. Hosp.*, 2010 U.S. Dist. Lexis 90499 (D.P.R. 2010). All are distinguishable. And, to the extent that in three of these cases committees of governmental entities were appointed, they are contrary to the express language of the statute.

In only one of these four cases—*Lion Capital,* which at 33-years old is the oldest case cited in the Motion—did the court order the appointment of governmental entities to an official committee. But the *Lion Capital* court failed to discuss the legislative history of section 1102. The court's statutory analysis was wrong at the time, and subsequent amendments by Congress

---

[4] *In re Davis Industries, Inc.*, No. 99-bk-19302 (Bankr. C.D. Cal. 1999); *In re County of Orange*, No. 94-bk-22272 (Bankr C.D. Cal. 1994); *In re Gates Eng'g Co.*, 104 B.R. 653 (Bankr. D. Del. 1989); *In re Lion Capital Grp.*, 44 B.R. 684 (Bankr. S.D.N.Y 1984).

6

eliminated any doubt that most governmental units are not persons eligible for official committee membership.

Two of the remaining cases—*County of Orange* and *Davis Industries*, both of which are unreported decisions—never came before the court at all. Instead, the U.S. Trustee incorrectly appointed official committees of governmental entities.[5]

In the fourth case, the court declined a request to direct the appointment of a committee of governmental claimants, although it suggested in *dicta* that it had the authority to do so. *Gates Engr'g*, 104 B.R. at 655. Nevertheless, in construing the predecessors to 11 U.S.C. §§ 101(27) and 101(41), the court affirmed the U.S. Trustee's exclusion of the State of Tennessee from the Warranty Claimants' Committee: "Section 101(35) excludes, with one exception not pertinent here, a governmental unit from the meaning of person. Section 101(26) defining governmental units includes a state. The U.S. Trustee quite appropriately excluded Tennessee as a member of the Warranty Claimants Committee." *Id.* at 654.

Finally, these cases are outliers and outweighed by other decisions from the same period that considered and denied governmental units' service on a creditors' committee. One court held soon after the enactment of the Bankruptcy Code—and years before any of the four aberrational cases cited in the Motion—that the definition of person "does not include

---

[5] The National Bankruptcy Review Commission's report issued in 1997 advocated further statutory changes to the ban on governmental units so that municipalities could serve on committees in chapter 9 cases. In the report, the Commission acknowledged that the U.S. Trustee's appointment of a committee of governmental creditors in Orange County was made "despite the statutory prohibition against governmental units serving on a creditors' committee." *National Bankruptcy Review Comm'n Report*, ¶ 4.3.3, p. 996, available at http://govinfo.library.unt.edu/nbrc/index.html. *Cf*. Ester E. Tryban Telser, *Affairs of State, Governmental Entities: The Disenfranchised Creditors*, 31-11 ABI J. 16 (2013) (advocating for statutory amendments to permit all governmental entities to serve on official committees).

7

governmental units," and the legislative history states that membership is "restricted to . . . persons in order to exclude governmental holders of claims and interests." *In re American Atomics Corp.,* 2 B.R. 526, 527 (Bankr. D. Ariz. 1980). *See also Mansfield Tire*, 39 B.R. at 976 (finding that statutory language and legislative intent require the exclusion of governmental units from committee service); *In re Baldwin-United Corp.,* 38 B.R. 802, 806 (Bankr. S.D. Ohio 1984) (finding FDIC's effort to "sidestep this clear statutory language" barring governmental units from committees was a "far more serious problem" than the other issues before the court, even with FDIC's non-voting status).[6] Moreover, in denying a public service district's request for committee membership, another court found that reliance on *Lion Capital* was "misplaced." *In re VTN, Inc.,* 65 B.R. 278 (Bankr. S.D. Fla. 1986). Thus, the statutory language, the legislative intent, and the weight of the case law all firmly support the conclusion that the Municipalities' Motion must be denied.

4. **PROMESA does not authorize committee appointments inconsistent with the requirements of section 1102(a).**

The Municipalities argue that PROMESA § 301(c)(3)(A) separately authorizes the appointment of a committee of creditors to represent their interests because they are parties in interest in and beneficiaries of claims against the Commonwealth of Puerto Rico, the Government Development Bank, and the Puerto Rico Highways and Transportation Authority. But this PROMESA provision is not independent authority for appointment of a committee of or including governmental units. Rather, any order directing the appointment of a committee under this section rests on the authority conferred by section 1102(a)(2): the court may "order the appointment of a separate committee of creditors pursuant to section 1102(a)(2)

---

[6] This was before the statutory amendments defining the FDIC as a person for limited purposes.

8

of title 11." Because section 1102(a)(2) renders municipalities ineligible for committee service, the analysis and the conclusion are the same—there is no authority that permits this Court to order the appointment of a committee of municipalities.

### 5. Section 105(a) does not grant the Court authority to appoint a committee at odds with the requirements of section 1102(a).

Because section 1102(a) forecloses the relief that the Municipalities seek, they ultimately rely on the equitable powers conferred by section 105(a), which gives a court authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. But in *Law v. Siegel*, __ U.S. __, 134 S. Ct. 1188, 1194 (2014), the Supreme Court reaffirmed once again that section 105(a) is no authority for a court to act in contravention of express provisions of the Bankruptcy Code: "[I]n exercising those statutory and inherent powers, a bankruptcy court may not contravene specific statutory provisions." *Id.* In *Law*, the Court considered the "carefully calibrated exceptions and limitations" to the exemption rules established in section 522 of the Bankruptcy Code. The case trustee invoked the bankruptcy court's equitable powers to surcharge the debtor's exempt property based on debtor misconduct, effectively denying the statutory exemption, and the lower courts agreed that the trustee's surcharge on exempt property was permissible. But the Supreme Court reversed, finding that the "detailed . . . exceptions to those exemptions confirm[] that courts are not authorized to create additional exceptions." *Id*. at 1196; *see also In re Colon,* 558 B.R. 563 (Bankr. D.P.R. 2016) (finding that the specific statutory requirement for the number of creditors filing an involuntary petition could not be obviated by the court's equitable powers under section 105). Similarly here, Congress created specific and detailed exceptions to the definitions of governmental units that are persons—and thus eligible for committee service—in the 1984 and

9

1994 amendments, and a court is not authorized to create additional exceptions based on the equitable powers conferred by section 105.

## CONCLUSION

Although the U.S. Trustee fully appreciates the Municipalities' dire situation, applicable statutory provisions preclude them from service on official committees of creditors. Therefore, the Municipalities' request for an order directing the Appointment of An Official Puerto Rico Municipalities Committee should be denied.

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that on this day I electronically filed a true and exact copy of the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the parties on the master service list and by mail or email as provided in the Court-approved Case Management Procedures in this case.

**DATED: July 28, 2017**

GUY G. GEBHARDT
Acting United States Trustee for Region 21

U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
Edificio Ochoa
500 Tanca Street, Suite 301
San Juan, Puerto Rico 00901-1922
Tel.: (787) 729-7444
Fax: (787) 729-7449

(Electronically Filed)

By: s/ *Monsita Lecaroz-Arribas*
Monsita Lecaroz-Arribas
Assistant U.S. Trustee
USDC-PR No. 207707

10