**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, ET ALS.<br><br>DEBTORS | PROMESA TITLE III<br><br>NO. 17 BKT 3283-LTS |

**REPLY TO OBJECTION OF THE COMMONWEALTH OF PUERTO RICO
TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

**TO THE HONORABLE DISTRICT COURT JUDGE LAURA TAYLOR SWAIN:**

**COMES NOW, Caribbean Airport Facilities, Inc.**, (hereinafter referred as "CAF"), through the undersigned attorney and very respectfully states, alleges and prays as follows:

**INTRODUCTION**

1. On July 21st, 2017 the Commonwealth of Puerto Rico (hereinafter referred as "Commonwealth") filed its objection to CAF's Motion for Relief from Automatic Stay (See Docket 708 of Case No. 17-03283).

2. In its objection, the Commonwealth is grossly misleading this Honorable Court by falsely stating that CAF's State Court expropriation case KEF2011-0453 (hereinafter referred as "Expropriation Case") is a new claim that relates to a prior expropriation proceeding. The Commonwealth falsely states this in their objection in order to mislead this Honorable Court into thinking that "the action still requires significant work and discovery by the parties" (See paragraphs 7 and 8 of Docket 708 of Case No. 17-03283).

This statement is quite simply false, and as CAF will briefly demonstrate below, the case is at its final stages in order to determine the amount of just compensation.

**REPLY TO OBJECTION**

3. CAF incorporates by reference the Applicable Law cited in its original Motion for Relief of Automatic Stay. (See pages 4-9 of Docket 603 of Case No. 17-03283).

4. In the Commonwealth's Objection, the Commonwealth erroneously states that the Expropriation Case was dismissed and a new action was filed in order to consider damages. Regardless if the Commonwealth is intentionally or unintentionally misstating these facts, it is CAF's obligation to clarify to this Honorable Court that there is only one case and that case is the Expropriation Case.

5. In order to facilitate this Honorable Court into making a correct decision, CAF is submitting with this Reply a Certified Translation of a Court Resolution and Minutes of the Pre Trial Conference held on February of 2017 (See **Exhibit A**).

6. For the sake of brevity, in said Court Resolution and Minutes of the Pre Trial Conference held on February of 2017 (hereinafter referred as "PT Minutes"), the State Court in the Expropriation Case was notifying the parties that the trial to be held will be to determine the amount owed by the Commonwealth to CAF for the temporary taking that occurred when the Commonwealth filed the Expropriation Case. The State Court determined that the just compensation owed to CAF for the temporary taking must take into consideration the time frame of the Expropriation Case, starting from the original filing date of December 26th of 2011 until the involuntary dismissal[1] issued on November 3rd of

---

[1] This involuntary dismissal occurred because the State Court ordered the Commonwealth to amend and correct its Expropriation Petition, which the Commonwealth did not do. Therefore, the State Court issued a judgment dismissing the Expropriation Case as to the Condemnation, but retaining jurisdiction in the same

2

2015. (See pages 6-7 of **Exhibit A**).

7. The Commonwealth fruitlessly argues in its Objection that there still exists an issue as to whether the Commonwealth had actual possession or not of CAF's properties. This argument is non-existent. In the PT Minutes, the State Court in the Expropriation case clearly stated to the Commonwealth that it has already decreed the following "[y]ou seized, you took the title and Petitioner (i.e. Commonwealth) cannot not say now that it never took it." (See page 3 of **Exhibit A**). This issue was appealed to the State Appeals Court and the State Supreme Court, and both Courts issued firm and final judgments stating that the Commonwealth exercised a temporary taking of CAF's property interest and must pay just compensation. Therefore, this issue that the Commonwealth brings to this Honorable Court is misleading. (See paragraphs 8 to 10 of Docket 708 of Case No. 17-03283).

8. Additionally, the Commonwealth also fruitlessly argues that as of the commencement of the Commonwealth's Title III Case, discovery is still pending. (See paragraphs 10-11 of Docket 708 of Case No. 17-03283). This is another false statement. The PT Minutes of the State Court clearly establishes that the Pre-Trial Conference was continued and scheduled for August 22nd, 2017. (See paragraph 16 of page 10 of **Exhibit A**). The Pre-Trial Conference was continued in order to give the Commonwealth thirty (30) days, from the February 2017 Hearing, to conclude its discovery of evidence and revise the appraisal reports, (See paragraph 10 of page 10 of **Exhibit A**). In summary, discovery in the Expropriation Case was concluded by March of 2017.

9. The parties are ready for the Pre-Trial Conference of August 22nd, 2017. The parties are ready to participate in a trial to adjudge the Just Compensation for the

---

Expropriation Case in order to determine the just compensation owed for the temporary taking. Therefore there is only one case involved, the Expropriation Case.

3

temporary taking of CAF's private property interests. This Honorable Court should lift the stay of the Expropriation Case because it is in an advanced stage, and should allow the State Court determine the just compensation owed to CAF for the temporary taking.

10. As explained before in CAF's Motion for Relief of Automatic Stay (See pages 4-9 of Docket 603 of Case No. 17-03283), in *Brigade Leveraged Capital Structures Fund Ltd. v. Alejandro García-Padilla et al.,* 217 F. Supp. 3d 508, 517 (1st Cir. 2016), the First Circuit stated that to help guide the analysis of whether to enforce or vacate the stay, some Courts, including those in this district, have relied upon a laundry list of assorted factors. See, e.g., *Sonnax Industries, Inc. v. Tri Component Prods. Corp. (In re Sonnax Industries, Inc.),* 907 F.2d 1280, 1286 (2d Cir. 1990).

11. The *Sonnax* case cites *In re Curtis,* 40 Bankr. 795 (Bankr. D. Utah 1984), which catalogues a dozen factors to be weighed in deciding whether litigation should be permitted to continue in another forum. These are: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for

trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms. See *id.* at 799-800. *Sonnax, supra,* at 1286.

12. If this Honorable Court utilizes the *Sonnax* factors enumerated by the Courts in this Circuit, this Honorable Court will recognize that these factors are met in this Expropriation Case.

13. This Honorable Court issued an opinion on July 7th, 2017 (See Docket 600) with regards to a similar case compared to the Expropriation Case, in which it analyzed the *Sonnax* factors and deemed that the factors relevant to this type of case are the following: "whether relief would result in a partial or complete resolution of the issues", "lack of any connection with or interference with the bankruptcy case", "the interests of judicial economy and the expeditious and economical resolution of litigation", "whether the parties are ready for trial in the other proceedings", and the "impact of the stay on the parties and the balance of harms." *Sonnax*, 907 F.2d at 1286.

14. The Expropriation case meets these *Sonnax* factors. The Expropriation Case will completely resolve the issue regarding the quantification of the Commonwealth's liability for the temporary taking of CAF's property rights. Allowing the Expropriation Case to proceed will not interfere with the Title III Case. The fact that liability has already been resolved and a trial scheduled on damages in the Expropriation Case demonstrates that the interests of judicial economy, and of the expeditious resolution of litigation, are best served by permitting the Expropriation case to proceed in the State Courts.

15. CAF understands that if the Automatic Stay is lifted, the parties may participate in the August 22nd, 2017 Pretrial Conference and be able to set a prompt date for trial in order to adjudicate the just compensation owed by the Commonwealth to CAF, a

non-dischargeable constitutional debt because it arises from the Fifth Amendment of the Constitution. As the Supreme Court has consistently held, bankruptcy laws are subject to the prohibition against governmental taking of private property without just compensation. *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 55 S. Ct. 854, 79 L. Ed. 1593 (1935), *Blanchette v. Connecticut General Insurance Corps.*, 419 U.S. 102, 95 S. Ct. 335, 42 L. Ed. 2d 320 (1974).

16. The Commonwealth's constitutional debt obligation originated from expropriation proceedings they themselves filed. This constitutional debt cannot be discharged in the case at bar.

17. The Commonwealth will not be damaged by the lift of stay against the constitutionally protected right of CAF to determine its just compensation for the temporary taking incurred by the Commonwealth. In fact, the lift of stay will allow CAF and the Commonwealth to litigate the issue and clarify the quantity of the just compensation owed. This in turn will further help these Title III proceedings as they continue onward, when CAF must seek the payment due as a constitutional creditor.

18. In this case, the balance of harm clearly favors lifting the stay and allowing CAF and the Commonwealth to participate in the trial of the Expropriation Case in order to determine the just compensation owed.

**WHEREFORE**, CAF respectfully requests that this Honorable Court (1) take NOTE of the foregoing, (2) enter an ORDER vacating the automatic stay, (3) ORDER the Commonwealth to participate in the Expropriation Case, and (4) GRANT any other further relief that may be deemed just and proper.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

**RESPECTFULLY SUBMITTED**: In San Juan, Puerto Rico on this 28th day of July, 2017.

*S/VICTOR M. RIVERA-RIOS*
VICTOR M. RIVERA-RIOS
USDC BAR NUMBER 301202
RIVERA COLÓN, RIVERA TORRES & RIOS BERLY, PSC
1502 FERNANDEZ JUNCOS AVE
SAN JUAN, PR 00909
Telephone: (787) 727-5710
Facsimile: (787) 268-1835
E-Mail: victorriverarios@rcrtrblaw.com