**Translation**

The Commonwealth of Puerto Rico<br>
GENERAL COURT OF JUSTICE<br>
COURT OF FIRST INSTANCE<br>

San Juan ⊠Superior  ☐ Municipal Part          **Hand written:** *Notified*
                                                               *2-14-17*

| | |
|---|---|
| THE COMMONWEALTH OF P.R.<br><br>Petitioner<br><br>VS.<br><br>CARIBBEAN AIRPORT FACILITIES, INC. (CAP)<br><br>Party with Interest | CIVIL NO.: KEF2011-0453 (1003)<br><br>RE:<br><br>Condemnation under eminent domain |

# R E S O L U T I O N   M I N U T E S

The case having been called for a Pre Trial Conference today, the petitioner started by Counsel Godohaldo Perez Torres. The party with interest, Caribbean Airport Facilities, Inc. (CAF), appeared represented by Counsel Victor M. Rivera Torres accompanied by Ms. Jean Tirri, President of CAF. The creditor, First Bank Puerto Rico, appeared represented by Counsel Ferando J. Valderrábano Marina.

The procedures having started the Court stated the purpose of today's hearing for the record. In fact it warned of having had the opportunity to examine the content of the *Preliminary Pre-Trial Conference Report* filed on the 24th of January of 2017, but it deemed appropriate to inform the parties that the discovery of evidence had not concluded yet pursuant to some expressions made by the petitioner in the record. Because of that, the attorneys must take some clear notions in light of what is already provided in the case, although what remains pending per terms of the discovery of evidence will be structured further on, which will be regarding what is being appraised here which is the temporary possession by the petitioner of the lease contract and its subleases, that as of the date in which the expropriation was carried out, and up to the

**Translation**

K EF20011-8453 (1003)
Minutes Resolution of February 1, 2017

date in which the Judgment was entered under Rule 39.2(a) of Civil Procedure, which in no way is at odds with Rule 58.8 which governs the abandonments of an action in the Rules of Civil Procedure; since if it goes to the expropriations law the one that would apply is Rule 29.10.

Having said that, the Court proceeded to make a summary of everything that happened in this case since its beginning something that on occasions has provoked the intervention of higher forums. Because of that, it instructed the attorneys that they include all these procedural processes in their *Stipulations of Facts* starting with the date in the expropriation papers was filed and as of that point every important procedural incident above all, the judgments and resolutions entered by this Court of First Instance and the one of the higher court such as the Court of Appeals, since the Supreme Court did not intervene because at some point in time the petitioners started to have settlement efforts with the party with interest and does not recur from that determination of Appeals, thus validating what at the proper time was the Resolution entered by the Hon. Héctor López García. Regarding this, they were advised that everything they are going to stipulate will have a firm and final character.

With that in mind, the Court warned the petitioner that regarding what was indicated in the second paragraph of page 4 of the conference report about *"the position of the party appearing herein is that no prejudice or damage has been caused to CAF because it never took possession of the property during the length of the term that the temporary seizure lasted"* . . . that started from a mistaken premise since at the beginning the Court of First Instance stated that a defective expropriation recourse had been filed in the sense that what the law unilaterally allows was not complied with, which is consigning an appraisal unilaterally as the petitioner has done when it discounted from the party with interest the sum of *$5,780,964* from its fair compensation on account of rent

**Translation**  Page 3 of 11

K EF20011-8453 (1003)
Minutes Resolution of February 1, 2017

owed by CAF to the Authority and of which the petitioner as such had previously recognized to that party with interest was *$31,131,643,* and which judge López García resolved that it was not in order in this case. It should be pointed out that CAF has some defenses that are not proper to this Part (Court) as to any litigation for failure to pay the rent. Regarding the question the parties ask themselves as to whether the only way to expropriate is with the material surrender the answer is no, and the higher courts in their decisions apparently compare Section 2907, which provides that if the party wants to have immediate possession it must file the document titled *Statement for the Material Surrender of the Property.* In fact the Supreme Court rests equally on that the judges of First Instance and Appeals as to because the material surrender is petitioned, 2907 is the only way to expropriate and that 2909 exists for such purpose which provides that even without requesting the material surrender of the property a party may occupy a property and go in there physically, what happens is that a payment fee must be imposed on it. So in the opinion of this Court, one must start to become conscious that the Expropriations Law is not based on 2907 solely. Having said that, the Court of First Instance already told the petitioner, you seized, you took the title, and the petitioner cannot not say now that it never took it. It is because of this reason that in an upcoming conference report and as part of its theory, you cannot turn your back to what the law is in this case since the title was transferred temporarily and has nothing to do with going to the Real Estate Record Office or not having recorded it, although the Expropriations Law does not impose the obligation of recording a preliminary title the material surrender having been transferred, nor does it require that once a complete Judgment is entered in which the case ended and the appraisal and damages are disposed of, that the party that finally takes the title records it, something that must be done to avoid that a party with interest could mortgage the property after it is expropriated and create other situations. Thus, the petitioner cannot

**Translation**    Page 4 of 11

K EF20011-8453 (1003)
Minutes Resolution of February 1, 2017

raise that the title was not transferred since that was transferred to it since 2011 until the Judgment dismissing was entered. Under Rule 58.8 in which the tools given by the Expropriations act that giving publicity to the party with interest is a responsibility of the petitioner so that in the event it is dismissed, they have the right to determine if they are going to file a damages claim or not.

During its presentation the Court stopped to request that the minutes reflect that the experts for both parties were not present and were ordered to appear here today to comply with Rule 37.5 of Civil Procedure. Having disposed of this matter and with this in mind, what the Court expects from CAF the party with interest and its experts is that they show to it how much is the right temporarily acquired by the petitioner as to that Lease Contract and its Sub-Lessees, and that it not do as it has been doing, an allegation of damages because it is not in order. At the proper time the Court will order the Account Unit to prepare a Subsidiary so the parties know how much money is consigned.

Once validated by the Court the title legally acquired, the remedy petitioned by the party with interest may be granted in terms of costs, expert fees and attorneys' fees.

Pursuant to what arises from the file, CAF started to defend itself in this case prematurely, despite the title not having been formalized. However, after that all the rest started to defend themselves, but at no time did the Court tell CAF to stop. Therefore, what the petitioner exposes itself in this case is to all amounts because a violation of that temporary holding of the lease and its sub-lessees between the date of expropriation up to the date in which the Court dismissed, and it is from there that the numbers will be taken. In view of this, both parties were ordered to make a distinction between Rule 58.8 and Rule 39.2(a), which is what the Court used for its determination and that was not

**Translation**   Page 5 of 11

K EF20011-8453 (1003)
Minutes Resolution of February 1, 2017

recurred by any of the parties, becoming firm and final. In this manner counsels are advised that what this Court of First Instance is interested in is that the parties concentrate their efforts in the discovery of evidence they may have left and balance their numbers in light of that, if they do not see fit to take it to the Court of Appeals so they are the ones who interpret otherwise, although what is being complied with here is its Mandate and with the Judgement for dismissal entered already. However, if there is any controversy regarding what the Court proposes to them today, it is expected that it is the computation for that title acquired already.

Regarding the petition for improvements made by the party with interest, what the Court can indeed say to that party is that the duty the Civil Code imposes on any person who has a property needing improvements to do them because at the end of the line they are recoverable and it as to that aspect that the party with interest must illustrate the Court.

Regarding the costs, expert and attorneys' fees and how the party with interest had to defend itself, since there is no controversy as to appraisal, nor fully acquired title and in eternity, but indeed a title, a temporarily acquired title, everything will be examined and compensated pursuant to Rule 39.2(a) of Civil Procedure. However, the party with interest must eliminate from
the report every allegation of damages and the petitioner every acceptance that here the title was not acquired.

Having said this, the Court advised that this is the first time a lease was appraised before this Court, that it was precisely the question it was going to ask of the experts, although this did not mean that the expropriation judges do not know how to do it, and also probably the first time that the appearing attorneys heard that. In this case, the guidelines that could be applied to when the State acquires title temporarily, which is what

**Translation**

K EF20011-8453 (1003)
Minutes Resolution of February 1, 2017

the Appeals Court ordered done, is the imposition of annual rent of 8% of the market value of the real property or of the right it acquired. Therefore, to be able to value this lease the experts for both parties would have to consider the date in which title was reverted to the party with interest when the Court of First Instance dismissed going year by year, month by month and day by day.

This matter having been disposed the Court went on to deal with the question of the damages claimed by the party with interest which attorney Pérez López argued as being convenient in order to be able to take that information to the State. To such ends attorney Rivera Torres stated as to the regulations in effect but warned of there not being a formula as such as to how to appraise that lease.

Taking that under advisement the Court entered for the record precisely that because of that reason it would have to take Exhibit "A" as a starting point, since exactly from there arises what the State expropriated for a public purpose, including the lease agreement, the sub-leases and their corresponding amendments. Therefore, using the numbers of the petitioner, who consigned $25,350,679 when it made a deduction to the fair compensation of $5,780,064 on account of some owed rents, which is a defense that the party with interest has, the petitioner unilaterally acknowledged a value of $31,131,643.00 for the lease contract, its subleases and all its amendments it being understood that it was the title it wanted to acquire temporarily. That being so, when 8% of the annual rent is applied to the fair value that the State would pay for all the asset or title it would acquire temporarily, and multiply it by .06, that the 8% of annual rent, would give $2,490,531.44, which have to be divided by 365 days to get a daily and which finally give a total of $6,823.36 per day.

For purposes of making the computation the Court stated for the record that in this

**Translation**

Page 7 of 11

K EF20011-8453 (1003)
Minutes Resolution of February 1, 2017

case the expropriation was on the *26th of December of 2011* and the judgment dismissing entered by the Court was on the *3rd of November of 2015*, notified on the 9th of November of 2015, although after that there was a defective notice and it was noticed again. So taking these dates under advisement there would be a rent period of three years and 11 months approximately which when computed give a total to be compensated of $8,586,820.42 *at an annual rent of 8%*, which is the only thing there is in the law that can shed light regarding what is imposed on the State when it acquires titles temporarily:

    28 Dic., 2011 – 28 Dic., 2012 (1 year)        $2,490,531.44

    28 Dic., 2012 – 28 Dic., 2013 (2 years)       $2,490,531.44

    28 Dic., 2013 – 28 Dic., 2014 (3 years)       $2,490,531.44

    28 Dic., 2014 – 3 Nov., 2015 (Approx. 11 months)       $2,115,226.00

However, the Court warned that these numbers are without the input of expertise from the party with interest as to how much the title acquired temporarily is worth, something that will be obtained through the expert of that party and from the appraisal reports filed originally. In addition, anything else that the Court includes to give to the party with interest who having defended itself from a temporary expropriation has to be compensated. Lastly, any other item that the court grants and is not at odds with Rule 39.2(a) of Civil Procedure such as costs that include the expert fees and attorneys' fees. Since in this case there was no abandonment of the action, the party with interest cannot base its damage appraisal report which means that its appraisal reports have to be tempered to the Mandate of the Appeals Court and the Judgment entered by the Court of First Instance which was not recurred by any of the parties. Of course, this does not mean that the petitioner is going to leave with zero vis a vi what it attained in this case, nor that the party with interest has to be paid the loss of business by the expropriation of that

**Translation**

K EF20011-8453 (1003)
Minutes Resolution of February 1, 2017

contract, its sub-leases and corresponding amendments since that is not contemplated under the Expropriations Law although the petitioner indeed will have to pay for everything it asked and was appropriated from the party with interest.

It is important that when the Court goes to trial it can hear the opinion of experts and it is decanted by some of them. To the contrary it would be up to the Court to decide and see if based of the technology used by both experts there is something that brings them close to be able to reach a settlement.

Another of the things that the parties must take under advisement is the Documentary Evidence stipulation, for example, the full Exhibit "A" except for the appraisal and regarding that title they would have to sectioned that it was acquired temporarily during the years that have been established already.

Regarding testimony evidence the party with interests does not have to bring anyone from the company since the expert is the one that is going to illustrate the Court in terms of appraisal for the temporary acquisition of that title. If an expert is not going to testify no discovery about him can be done, nor touch him or her in the discovery of evidence, not bring him or her as rebuttal evidence.

In keeping with the foregoing the Court ordered as follows:

1. The pre-trial conference report is going to be amended so that regarding the theories, so that in terms of the petitioner in particular, it starts from the premise that the title already provided by the law of the case is the determination of the Appeals Court validating the one of the Court of First Instance, that the title was transferred.

2. Will amend the respective theories in light that we have a dismissal not an abandonment of the action under Rule 39.2(a), not Rule 58.8.

3. They will stipulate the facts over which there should be no controversy, for

**Translation**

K EF20011-8453 (1003)

Minutes Resolution of February 1, 2017

    example, the temporary expropriation of the title by the State in 2011-2015 and any other pursuant claim that legitimates the party with interest dismissing a case to claim under 39.2(a) of Civil Procedure, which is more of a legal question and not so much of an expertise one.

4. They must temper the list of witnesses to the reality that the witnesses they are going to use are the expert ones who will lead the Court to conclude the appraisal.

5. In terms of the law, the applicable jurisprudence applicable to the controversy that is had because of the appraisal of a title temporarily acquired by the State will be used.

6. It is hereby established that the terms provided herein are final, firm and cannot be extended.

7. It was ordered that these Minutes be notified to the Director of the Ports Authority, Mr. Omar Rivera, so he assists the petitioner in the effort to finish the hiring of the expert and for which thirty days are granted. Anyway attorney Pérez Torres is given the responsibility of seeing that he gets it once approved.

8. The expert for the petitioner must advance his or her methodology to the attorney, since once retained he or she will have thirty (30) days to file a report.

9. Once those terms have elapsed and the appraisal report of the petitioner has been filed for the temporary holding of this acquired title during the dates established already, the party with interest is going to have thirty (30) days to temper its appraisal report to what has been discussed already so

**Translation**

K EF20011-8453 (1003)

Minutes Resolution of February 1, 2017

that the methodology used by the expert can be had.

10. The parties will have thirty (30) days to conclude the discovery of evidence in terms of the revision of the appraisal reports.

11. The attorneys were advised that there is a 1962 case that provides what can be asked and what cannot be asked of an expert, it has not been revoked, in the event that deposing the experts is necessary.

12. Here the Mandate of the Appeals Court if the temporary appraisal of the title of the petitioner.

13. Regarding the improvements, as part of what the expert of the party with interest will do all items in the appraisal of the temporary that the Court will have to take under advisement.

14. The parties are hereby advised that no more continuances will be allowed, as well granting of time periods since the ones granted today are final, firm, and not extendible and subject to the imposition of sanctions.

15. Withing the thirty (30) days the petitioner will have to revise its appraisal report, it must file an Amended Exhibit "A", not regarding the intent of expropriating all of it, even temporarily, but rather in the light of what was discussed today and that it serve as a starting point as of the date we are in and signifying to the parties with interest to the effects of the distribution of funds.

16. **The Pre Trial Conference is scheduled for Tuesday August 22, 2017, at 9:00 in the morning** an open date for the attorneys.

17. In compliance with what is provided pursuant to Rule 37.5 of Civil Procedure, the experts are ordered to be in the Courtroom that day so that

**Translation**  Page 11 of 11

K EF20011-8453 (1003)
Minutes Resolution of February 1, 2017

      they inform if they used the method suggested by the Court or any other immediately after what was ordered by the Court of Appeals.

18. If a settlement is not reached, the trial on the merits will be scheduled.

19. The representative of the party with interest may be present if he or she wishes.

20. The Accounts Unit has been ordered to generate a Subsidiary regarding the funds that are consigned in this case.

21. It was suggested to counsel Rivera Torres that he speak with his expert to see if he reaffirms himself in his number or there is a margin of doubt so they can then start from there.

22, If the recommendation of the Court were to be followed and the computation is done according to that, there are $25,350,679 consigned here already and if the settlement for those $15,000,000 occurs, then the State would be saving around $10,000,000, after the controversy regarding the temporary possession of title by the petitioner is resolved . However regarding the $5,780,964 that the petitioner did not consign voluntarily, it will be ordered to consign them at the proper time since it was precisely that what provoked the dismissal by consigning a much smaller sum than the one it had originally determined that it fair compensation in this case.

|  |  |
|---|---|
| (Initials) | (Flourish) |
| **Hon. Leticia D. Garcia** | **Luis Daniel Vazquez Baez** |
| Name of Judge | Name of Bailiff |
| **Jackline Laureanon García** | **Certified - Griselda Rodriguez Collazo** |
| Recording System Operator | Regional Clerk II |
| **Court Room Number 1003** | By: **Jackline Laureanon García** |
|  | **Courtroom Services Clerk** |

**Hearing Date: Wednesday February 2, 2017**
**OAT 438 Civil Minutes**
(Court of First Instance) (Rev. February/2009)

**Translation**

THE COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SAN JUAN JUDICIAL CENTER
SUPERIOR PART

| THE COMMONWEALTH OF PUERTO RICO<br>Petitioner<br><br>V.<br><br>CARIBBEAN AIRPORT FACILITIES INC. ET ALS<br>Party with Interest | CIVIL NO.: KEP2011-483<br>ROOM 1003<br><br>RE:<br><br>CONDEMNATION UNDER EMINENT DOMAIN |
|---|---|

### ORDER

The following briefs having been dealt with, the Court orders the following:

1. "Motion in compliance with order" – presented by the party with interest

    See another today

2. "Answer to objection to motion petitioning a hearing" presented by the petitioner.

    Follow what is resolved at the February 1, 2017 hearing which was notified to the parties with what was ordered in it being final and firm at this time. The holding of a hearing denied.

LET IT BE NOTIFIED.

In San Juan, Puerto Rico, on the 27th of April of 2017.

(Flourish)

**Translation**

THE COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SAN JUAN JUDICIAL CENTER
SUPERIOR PART

| THE COMMONWEALTH OF PUERTO RICO<br>Petitioner<br><br>V.<br><br>CARIBBEAN AIRPORT FACILITIES INC. ET ALS<br>Party with Interest | CIVIL NO.: KEP2011-483<br>ROOM 1003<br><br>RE:<br><br>CONDEMNATION UNDER EMINENT DOMAIN |
|---|---|

ORDER

The following briefs having been dealt with, the Court orders the following:

1. "Motion requesting additional time" – presented by the particular

See the one entered on the 17th of May 2017 regarding this particular.

2. "Objection to petition for sanction" presented by petitioner.

LET IT BE NOTIFIED.

In San Juan, Puerto Rico, on the 23rd of May 2017

(Flourish)

LETICIA D. ORTIZ FELICIANO
SUPERIOR JUDGE

# CERTIFICATION

I **MANUEL CRUZ-HORTA,** JR. an otherwise qualified/competent professional Translator and Interpreter pursuant to the provisions of USC Title 28 §1827 (a), (b)(2) and (d)(1), and recognized as such by the Office of the U.S. Attorney for Puerto Rico, the U.S. District Court for Puerto Rico, the Department of Justice of the Commonwealth of Puerto Rico, the U.S. Bankruptcy Court, the Courts of the Commonwealth of Puerto Rico and other Federal and Commonwealth Agencies, **CERTIFY:** that the foregoing is a correct translation of original pages to the English / Spanish language.

In San Juan, Puerto Rico on July 26, 2017.

*[signature]*
MANUEL CRUZ-HORTA, JR.