UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-----------------------------------------------------------------x

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.¹ | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**Re: ECF Nos. 692, 709, 694** |

-----------------------------------------------------------------x

**STATEMENT OF PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY IN OPPOSITION TO VARIOUS MOTIONS REQUESTING APPOINTMENT OF ADDITIONAL STATUTORY COMMITTEES AND/OR THE RECONSTITUTION OF STATUTORY COMMITTEES**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), as the entity authorized to act on behalf of the Debtor entities pursuant to the authority granted to it under the *Puerto Rico Fiscal Agency and Financial Advisory Authority Act*, Act 2-2017 respectfully submits this statement (the "Statement") in opposition to the (i) *Motion Requesting Appointment of Additional Committee of Government Employees and Active Pension Plan Participants or, in the Alternative, for the Reconstitution of the Retiree Committee* [ECF No. 692] (the "UPR Trust Motion"); (ii) *Motion of the Ad Hoc Group of General Obligation Bondholders to Reconstitute the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 105(a) and 1102(a)(4)* [ECF

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

No. 694] (the "GO Bondholder Motion"); and (iii) *Ad Hoc Puerto Rico Municipalities Committee's Request for an Order Pursuant to 48 U.S.C. §2161 and 112 U.S.C. §1102 Directing the Appointment of an Official Puerto Rico Municipalities Committee* [ECF No. 709] (the "Municipalities Committee Motion," and together with the UPR Trust Motion and GO Bondholder Motion, the "Motions").[2] In support of this Statement, AAFAF respectfully represents as follows:

## STATEMENT IN OPPOSITION

1. The Movants' requests for additional statutory committees and/or reconstitution of the two official committees appointed in these Title III cases is unwarranted at this juncture of the Title III cases and should be denied by the Court. Not only are each of the Movants already adequately represented in these Title III cases, but the appointment of additional statutory committees creates an additional layer of fees and expenses to be borne by the Debtors in the Title III cases.

2. There are already two statutory committees appointed in the Title III cases: the Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico (the "UCC") and the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "Retiree Committee"). Each of these committees is beholden to the entire body of creditors that it represents and not just the members that were appointed to the committee. As potential unsecured creditors and/or retirees of the Commonwealth, each of the Movants is adequately represented by the UCC, which is comprised of two labor unions, among other entities, and the Retiree Committee. Further, there is nothing prohibiting these groups seeking appointment of

---

[2] The parties seeking relief pursuant to the Motions are the (i) University of Puerto Rico Retirement System Trust (the "UPR Trust") [ECF No. 692]; (ii) Ad Hoc Group of General Obligation Bondholders (the "GO Group") [ECF No. 694]; and (iii) Ad Hoc Puerto Rico Municipalities Committee (the "Municipalities Committee," and together with the UPR Trust and GO Group, the "Movants") [ECF No. 709].

2

statutory committees to benefit their own parochial interests from actively participating in the Title III cases. Indeed, the GO Group has already been an active participant in the Title III cases and there is nothing impeding the Municipalities Committee[3] and UPR Trust from doing so.

3. The Commonwealth is already responsible for paying the fees and expenses of numerous professionals, including the professionals of the UCC and the Retiree Committee. Indeed, each of these committees has filed applications to retain multiple professionals under Bankruptcy Code section 1103(a) to represent and/or perform services for the committees [ECF Nos. 610, 611, 670, 671, 683]. The appointment of additional statutory committees would add millions of dollars of professional fees and expenses per month to be borne by the Debtors without providing any justifiable benefit as the Movants' interests are already adequately represented. Movants' request that their participation in these Title III cases be funded by the cash-strapped Debtors, and ultimately by the people and creditors of the Commonwealth, is completely unjustified. For the foregoing reasons, the Court should deny each of the Motions.

*[Remainder of Page Intentionally Left Blank]*

---

[3] While AAFAF does not respond to every argument made by each of the Movants, it notes that the Municipalities Committee's assertions with respect to the restructuring of the Government Development Bank of Puerto Rico ("GDB") are i) wholly inaccurate and misleading and ii) cannot provide a basis for appointing a statutory committee in these Title III cases. GDB is not a debtor, and issues related to GDB's restructuring are not before this Court in any manner.

WHEREFORE AAFAF respectfully requests the Court (a) deny the Motions and (b) grant the Debtors such other relief as is just and proper.

<table>
<tr><td>Dated: July 28, 2017<br>San Juan, Puerto Rico</td><td>Respectfully submitted,<br><br>/s/ John J. Rapisardi<br><br>John J. Rapisardi<br>Suzzanne Uhland<br>Diana M. Perez<br>(Admitted *Pro Hac Vice*)<br>**O'MELVENY & MYERS LLP**<br>7 Times Square<br>New York, NY 10036<br>Tel: (212) 326-2000<br>Fax: (212) 326-2061<br><br>-and-<br><br>Peter Friedman<br>(Admitted *Pro Hac Vice*)<br>**O'MELVENY & MYERS LLP**<br>1625 Eye Street, NW<br>Washington, DC 20006<br>Tel: (202) 383-5300<br>Fax: (202) 383-5414<br><br>*Attorneys for the Puerto Rico Fiscal*<br>*Agency and Financial Advisory Authority*<br><br>/s/ Andrés W. López<br>Andrés W. López<br>USDC No. 215311<br><br>**THE LAW OFFICES OF**<br>**ANDRÉS W. LÓPEZ, P.S.C.**<br>902 Fernández Juncos Ave.<br>San Juan, PR 00907<br>Tel: (787) 294-9508<br>Fax: (787) 294-9519<br><br>*Co-Attorney for the Puerto Rico Fiscal*<br>*Agency and Financial Advisory Authority*</td></tr>
</table>