# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br>　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>This Document Relates to:<br>17 BK 3283<br><br>**Re: ECF No. 706** |

### POPULAR, INC., POPULAR SECURITIES LLC, AND BANCO POPULAR DE PUERTO RICO'S OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO THE COMMITTEE'S BANKRUPTCY RULE 2004 MOTION

To the Honorable Magistrate Judge Judith Gail Dein:

Popular, Inc. ("Popular"), Popular Securities LLC ("Popular Securities"), and Banco Popular de Puerto Rico ("Banco Popular," and collectively with Popular and Popular Securities, the "Popular Entities") respectfully submit this objection and reservation of rights (the "Objection") with respect to the *Motion of Official Committee of Unsecured Creditors for Order, Under Bankruptcy Rule 2004, Authorizing Discovery Program With Respect to Certain Causes of Puerto Rico Financial Crisis* [ECF No. 706] (the "Motion").[2]  As an initial matter, the Popular

---

[1]  The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474).

[2]  Capitalized terms used but not otherwise defined in this Objection shall have the meanings ascribed to them in the Motion.

Entities take issue with the inflammatory tone of the Motion and the Committee's unfounded accusations and innuendo. The Popular Entities deny any wrongdoing on their part. In further support of this Objection, the Popular Entities respectfully state as follows:

1. The Motion suggests that the Committee seeks issuance of "targeted document requests" directed to the Popular Entities and others. A cursory review of the Document Requests,[3] however, shows that they relate to a period that spans more than eleven years[4] and are otherwise stunningly overbroad and outside the permissible scope of a Rule 2004 examination. By way of example only, request nos. 2 and 10, respectively, direct the Popular Entities to produce, for that entire (more than eleven year) span, "[a]ll Documents or Communications concerning COFINA or the COFINA Structure" and "[a]ll Communications" between any of the Popular Entities and the GDB.[5] Putting aside the breadth of the remaining fifty-three requests, these two requests alone would require the Popular Entities to collect, review, and produce a massive number of documents having only speculative relevance to the Title III Cases and providing no benefit to the Commonwealth or the body of all general unsecured creditors on whose collective behalf the Committee has been appointed. The Document Requests generally suffer from numerous other infirmities,[6] which, as discussed below, should and will be addressed on a request-by-request basis if the Court authorizes the Committee's requested examination.

---

[3] As used in this Objection, the term "Document Requests" refers only to the requests directed to the Popular Entities set forth in Exhibits B through D to the Motion and does not include the requests directed to Santander and the GDB set forth in Exhibits E through H.

[4] The Document Requests state that they relate "to the period commencing January 1, 2006, and continuing through May 3, 2017." *See, e.g.*, Motion, Ex. C at Section II ("Time Period").

[5] *See* Motion, Ex. C at 5-6. The Document Requests directed to each of the three Popular Entities are identical in all material respects. *See id.*, Ex. B through D.

[6] As an example of these infirmities, request no. 39 seeks documents that are unrelated to any potential claims by the Committee or the Commonwealth given that the documents requested concern evaluations by the Popular Entities in connection with *their own* customers. *See* Motion, Ex. B through D, request no. 39.

2. Notwithstanding the scope of the Document Requests and the lack of any exigencies of which the Popular Entities are aware, the Committee provided the Popular Entities a mere three days' notice before filing the Motion[7] and rebuffed the Popular Entities' suggestion that the Committee hold off on filing a motion to afford time for the Popular Entities to analyze the requests and for the parties to meet-and-confer on the scope of the requests. This course of action taken by the Committee is disappointing to say the least, and potentially previews the Committee's intended approach to any discovery process that might be authorized by the Court.

3. In any event, the Committee's desired examination is overreaching and would require the Popular Entities to expend an inordinate amount of resources, especially when considering that much of the information requested appears to have only tangential relevance to the issues that will be presented for resolution by the Court in these Title III Cases. Given that the Document Requests (as currently drafted) clearly would subject the Popular Entities to undue burden and expense, the relief currently sought by the Committee is objectionable. The Motion should therefore be denied and the Committee should be instructed to rethink its approach to the Discovery Program and, if it chooses to do so, deliver new requests to the Popular Entities that truly are "targeted." Requiring the Committee to do so will set the stage for meaningful and productive meet-and-confers.

4. To the extent that the Court is inclined to grant the Motion and authorize the issuance of the Document Requests at this time, the Popular Entities respectfully submit that the proposed order attached as Exhibit A to the Motion (the "Proposed Order") is inappropriate and does not sufficiently safeguard the Popular Entities' objections to the Document Requests and

---

[7] The Document Requests were initially emailed to counsel for the Popular Entities on July 18, 2017 and the Motion was filed on July 21, 2017.

01:22194169.3

3

their other procedural rights. Certain modifications to the Proposed Order are therefore required if the Court is inclined to enter an order granting the Motion, in whole or in part.

5. Specifically, clause (iv) of the Proposed Order's recitals must be revised because it suggests that the Court finds that the Document Requests themselves are appropriate rather than a limited determination (if the Court so concludes) that the Committee is permitted to initiate a Rule 2004 examination (with all other rights and objections being preserved). Hence, the Popular Entities request that the Court strike "including but not limited to examination of the documents sought in the Document Requests identified as Exhibits B to H of the Motion (the "<u>Document Requests</u>")." This revision will make clear that the Court is not giving its tacit approval of the scope or substance of the Document Requests.

6. Paragraph 3 of the Proposed Order also must be revised because it does not sufficiently preserve the Popular Entities' rights, and the issues potentially subject to dispute or the Popular Entities' ability to lodge valid objections or assert their other procedural and substantive rights. The Motion indicates that under the Proposed Order "[a]ll objections … with respect to scope, burden or privilege as to specific document requests would be reserved."[8] The Proposed Order, however, falls far short of actually protecting all of the Popular Entities' rights and objections.[9] Accordingly, the Popular Entities propose that Paragraph 3 read as follows:

> The Committee and recipients of the Document Requests are directed to meet-and-confer on issues concerning the Document Requests, including, without limitation, objections to any specific Document Request, claims of privilege or other protection from disclosure, confidentiality issues, and issues concerning the scope and timing of production in response to the Document Requests. For the avoidance of doubt, other than authorizing the Committee to issue the Document

---

[8] Motion, ¶ 36.

[9] Paragraph 3 of the Proposed Order simply provides, in pertinent part, that "[t]his Order does not address any objections as to discovery scope and timing, all of which are reserved."

> Requests, this Order does not address, waive, or otherwise affect any rights of any person or entity to assert or make any objections to any Document Request, objections as to discovery scope and timing, claims of privilege or other protections from disclosure, or claims of confidentiality, all of which are reserved including rights to seek protective orders.

This revision to the Proposed Order is warranted and preserves the Popular Entities' fundamental procedural rights.

7. To be clear, if the Court grants the Motion in whole or in part, the Popular Entities will, of course, participate in meet-and-confers with the Committee in good faith and will endeavor to reach agreements on the appropriate scope of examination of the Popular Entities, including the scope, manner, and timing of production.

## RESERVATION OF RIGHTS

8. To the extent necessary, the Popular Entities expressly reserve all rights and objections with respect to the Document Requests. The Popular Entities also reserve the right to join in and adopt as their own any other objections to the Motion, including any objections filed by the Financial Oversight Management Board, Santander, the GDB, or any of their agents.

Dated: July 28, 2017
San Juan, Puerto Rico

Respectfully submitted,

*S/ Angélica Toro-Lavergne*
USDC-PR Bar No. 214804

Popular Center-9th Floor
209 Muñoz Rivera Ave.
San Juan, P.R. 00918
Tel. 787-753-1017
Fax 787-754-4984
E-mail: Angélica.Toro@popular.com

-and-

01:22194169.3

5

YOUNG CONAWAY STARGATT & TAYLOR, LLP- *pro hac vice, applications pending*

*/s/ Robert S. Brady*
James L. Patton
Robert S. Brady
John T. Dorsey
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel to Popular, Inc., Popular Securities LLC, and Banco Popular de Puerto Rico*