## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO

   as representative of

THE COMMONWEALTH OF PUERTO RICO,

           Debtor.[1]

PROMESA
Title III

Case No. 17-BK-03283 (LTS)

---

## FINANCIAL GUARANTY INSURANCE COMPANY'S
## RESPONSE IN SUPPORT OF MOTION OF THE AD HOC GROUP OF GENERAL
## OBLIGATION BONDHOLDERS TO RECONSTITUTE THE OFFICIAL COMMITTEE
## OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §§ 105(a) AND 1102(a)4)
[Dkt. # 694]

Financial Guaranty Insurance Company ("**FGIC**"), by and through its attorneys Rexach & Picó, CSP and Butler Snow LLP, files this response in support of the *Motion of the Ad Hoc Group of General Obligation Bondholders to Reconstitute the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 105(a) and 1102(a)(4)* [Dkt. # 694] (the "*Motion*").[2] In support of its Response, FGIC respectfully states as follows:

    1.     FGIC provides financial guaranty insurance covering in excess of $1.17 billion in principal amount of bonds outstanding and issued by the Commonwealth of Puerto Rico (the "**Commonwealth**") and various Commonwealth instrumentalities. With respect to the

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms as in the Motion..

Commonwealth Title III case, FGIC insures approximately $282 million of outstanding general obligation bonds issued by the Commonwealth and bonds guaranteed by the Commonwealth (e.g. Public Building Authority bonds) ("**Constitutional Debt**" and holders thereof, the "**Constitutional Debtholders**"). In addition, FGIC insures bonds issued by the Puerto Rico Highways and Transportation Authority, the Puerto Rico Convention Center District Authority, and the Puerto Rico Infrastructure Financing Authority. Under relevant provisions of the applicable bond documents, bond insurance policies, and applicable law, payment by FGIC neither satisfies nor discharges an issuer's obligation to pay and, to the extent FGIC makes such payments, it obtains assignments of rights from the bondholders, becomes owner of the bonds, and/or becomes subrogated to the rights of bondholders and effectively steps into the shoes of such bondholders.

2.      As an insurer of approximately $282 million of Constitutional Debt, FGIC files this Response in support of the Motion. Constitutional Debtholders, as the largest class of unsecured creditors, are not adequately represented–if they are represented at all–on the Official Committee of Unsecured Creditors of the Commonwealth (the "**Committee**").[3] *See* Ginsberg & Martin on Bankr. § 4.02 ("[E]ach committee member must be representative of the creditor claims within the class represented by the committee, and the committee as a whole must also be representative of such claims."). As stated in the Motion, the current membership of the Committee includes classes that have been paid in full or are pledged to be paid in full. Yet,

---

[3]      Like the GO Group, FGIC disputes the Commonwealth's assertion that Constitutional Debtholders are general unsecured creditors. FGIC asserts that the Constitutional Debt is entitled to an absolute first-priority claim on all of the Commonwealth's "available resources" under applicable law including, without limitation, the Puerto Rico Constitution, Puerto Rico statutes, applicable bond documents, PROMESA and the Bankruptcy Code. FGIC reserves all rights with respect to any and all overdue amounts owing by the Commonwealth in respect of Constitutional Debt, including, without limitation, interest on all such overdue amounts, whether representing principal, interest, premium or other obligations, and further asserts that interest has accrued thereon, and will continue to accrue thereon until all such overdue amounts are paid in full, including interest upon interest, at the maximum rate allowed under applicable contract or applicable law, rule or regulation, and compounding on regular intervals (semiannually, quarterly or monthly, as applicable).

under its Fiscal Plan, the Commonwealth proposes to dramatically reduce the recovery of Constitutional Debtholders in contravention of the Constitutional Debt's absolute first-priority claim on all of the Commonwealth's "available resources." *See In re Drexel Burnham Lambert Grp., Inc.*, 118 B.R. 209, 212 (Bankr. S.D.N.Y. 1990) (court noted the chief concern of adequacy of representation is "whether it appears that different classes of debt and equity holders may be treated differently under a plan and need representation" on one or more committees).

3.      Constitutional Debtholders should be afforded membership on the Committee notwithstanding the first-priority status of Constitutional Debt. Indeed, "[o]ften    single committees represent what can be characterized as different 'classes' of unsecured creditors…. Courts have upheld single committees with memberships consisting of such disparate creditors as debenture holders, trade creditors and labor representatives; subordinated debenture holders and unsubordinated creditors; and even unsecured trade creditors and partially secured institutional lenders with a 'clear conflict of interest.'" *Mirant Americas Energy Mktg., L.P. v. Official Comm. of Unsecured Creditors of Enron Corp.*, 2003 WL 22327118, at *7 (S.D.N.Y. 2003) (citations omitted).

4.      Notably, trade creditors serve on the Committee even though some may be entitled to priority on a portion of their claims pursuant to Section 503(b)(9) of the Bankruptcy Code, made applicable to the Title III cases by Section 301 of PROMESA.  Indeed, no one seriously contends that priority under Section 503(b)(9) is a disabling condition preventing service.  The same should be true of the Constitutional priority afforded to the Constitutional Debt.

5.      Even *undersecured* creditors have been permitted to serve on unsecured creditors' committees. In *In re Walat Farms, Inc*. 64 B.R. 64 (Bankr. E.D. Mich. 1986), the court held that

a secured creditor whose claim exceeded the value of its collateral and held, in part, an unsecured claim, may be appointed to the unsecured creditors' committee under § 1102. The court reasoned:

> True, an undersecured creditor's rights and position *vis à vis* the debtor are somewhat different than the rights of, for example, a general trade creditor. The former may be able to look to the collateral to reduce the debt, while the latter is left with only what the debtor's plan or the Code will give him. However, to the extent the undersecured creditor has an unsecured claim under § 506, he and the trade creditor are in the same position. Both the undersecured and unsecured creditor enjoy equal protection of their claims under the Code. They have the same rights to accept or reject the debtor's plan, § 1126; to file a plan for the debtor, § 1121; and to receive a distribution under the terms of the plan. Conversely, each creditor is equally subject to having the debtor's plan crammed down, § 1129(b), and, if the case is converted, each debtor is entitled to a pro rata distribution of any assets collected by the trustee. Since the rights of the undersecured creditor to protect or satisfy its unsecured claim are the same as those of a general unsecured creditor, the undersecured creditor should not be precluded from participating on the creditors' committee.

*Id.* at 69.

6.     Accordingly, there is no basis to exclude Constitutional Debtholders from the Committee on account of the Constitutional Debt's absolute first-priority claim on all "available resources." FGIC, therefore, supports the Motion and the relief requested therein.

Dated: July 28, 2017

Respectfully submitted,

REXACH & PICÓ, CSP

By: */s/ María E. Picó*
　　María E. Picó
　　USDC-PR 123214
　　802 Ave. Fernández Juncos
　　San Juan PR 00907-4315
　　Telephone: (787) 723-8520
　　Facsimile: (787) 724-7844
　　E-mail: mpico@rexachpico.com

4

BUTLER SNOW LLP

By: */s/ Martin A. Sosland*
  Martin A. Sosland (*pro hac vice*)
  5430 LBJ Freeway, Suite 1200
  Dallas, TX 75240
  Telephone: (469) 680-5502
  Facsimile: (469) 680-5501
  E-mail: martin.sosland@butlersnow.com

  Stanford G. Ladner (*pro hac vice*)
  1700 Broadway, 41st Floor
  New York, NY 10019
  Telephone: (646) 606-3996
  Facsimile: (646) 606-3995
  E-mail: stan.ladner@butlersnow.com

  Christopher R. Maddux (*pro hac vice*)
  J. Mitchell Carrington (*pro hac vice*)
  1020 Highland Colony Parkway, Suite 1400
  Ridgeland, MS 39157
  Telephone: (601) 985-2200
  Facsimile: (601) 985-4500
  E-mail: chris.maddux@butlersnow.com
   mitch.carrington@butlersnow.com

  Jason W. Callen (*pro hac vice*)
  150 3rd Avenue, South, Suite 1600
  Nashville, TN 37201
  Telephone: (615) 651-6774
  Facsimile: (615) 651-6701
  E-mail: jason.callen@butlersnow.com

*Attorneys for Financial Guaranty Insurance Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system.

Respectfully submitted.

Dated:  July 28, 2017.

Respectfully submitted,

*/s/ María E. Picó* _____
María E. Picó – USDC-PR 123214
Rexach & Picó, CSP
Ave Fernández Juncos 802
Miramar, San Juan, Puerto Rico 00907
mpico@rexachpico.com
Telephone:  787-723-8520
Facsimile:  787-724-7844

*Attorney for Financial Guaranty Insurance Company*

37534866v1

6