Hearing Date and Time: August 9, 2017, 9:30 a.m. EDT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>        as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE
COMMONWEALTH OF PUERTO RICO'S OBJECTION
TO MOTION REQUESTING APPOINTMENT OF ADDITIONAL
COMMITTEE OF GOVERNMENT EMPLOYEES AND ACTIVE
PENSION PLAN PARTICIPANTS OR, IN THE ALTERNATIVE,
<u>FOR RECONSTITUTION OF THE RETIREE COMMITTEE</u>**

The Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the

"**Retiree Committee**"), respectfully submits its Objection to the *Motion Requesting Appointment*

*of Additional Committee of Government Employees and Active Pension Plan Participants or, in*

*the Alternative, for Reconstitution of the Retiree Committee* [Dkt. No. 692] (the "**Motion**") filed

by the University of Puerto Rico Retirement System Trust (the "**Trust**"), and states:

---

[1] The Debtors in these jointly-administered PROMESA title III cases (these "**Title III Cases**"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

## INTRODUCTION

The Trust's Motion should be denied because the Trust has failed to demonstrate that the existing committees—the Unsecured Creditors Committee ("**UCC**") and the Retiree Committee— do not adequately represent its interests.  Both a motion to direct the appointment of an additional committee and a motion to change the membership of an existing committee require the movant to demonstrate that any existing committee as a whole, or in part, does not adequately represent creditors' interests.  *See* 48 U.S.C. § 2161(a) incorporating 11 U.S.C. § 1102(a)(2) and (4).  Here, the Trust admits, at most, that its only interest is as an unsecured creditor holding claims against the Commonwealth.[2] (*See* Motion at 6.) The Trust has not explained, however, how its interest differs from those of any other unsecured creditor that the UCC represents or why the UCC, which already includes two active employee representatives, cannot represent the same interest it holds. (*See* Dkt. No. 338.)

Instead, the Trust argues that it is "uniquely positioned to advocate the interests" of the beneficiaries of the Trust.  But every creditor is "uniquely positioned" to advocate its own interests and the interests of its "beneficiaries," be they retirees or stockholders. That fact standing alone does not justify the creation of a separate committee (or a change in the membership of an existing committee) for every creditor who is disappointed that the United States Trustee did not select it to serve.  Indeed, the law is clear that a committee need only be broadly representative, not an "exact replica" or mirror image of the creditor body.  *See In re Dana Corp.*, 344 B.R. 35, 39 (Bankr. S.D.N.Y. 2006); *In re Enron Corp.*, 279 B.R. 671, 690 (Bankr. S.D.N.Y. 2002).  As set

---

[2] While the Trust asserts in a conclusory fashion that it is a creditor of the Commonwealth pursuant to the Reciprocity Act, P.R. LAWS ANN. tit. 3, § 799 (1953), the Motion does not provide any evidence (a) of the amount of the Trust's claims or that the Trust actually has any claims at all under the Reciprocity Act; or (b) that its claims, if any, are against the Commonwealth in its title III case and are not in fact claims against other agencies and instrumentalities of the Commonwealth that are not debtors in these jointly-administered cases.

forth herein, the existing membership of the UCC adequately represents the Trust's interest, and

the Retiree Committee is correctly constituted as well.  Accordingly, the Trust's Motion should be

denied.

## ARGUMENT

"The appointment of an additional committee under section 1102(a)(2) is considered

'extraordinary relief.'"  *Dana*, 344 B.R. at 38 (quoting *Enron*, 279 B.R. at 685.) The creditor

requesting the appointment of an additional committee bears the burden of proving that the

additional committee is necessary to ensure adequate representation of the moving party.  *Id*.

Similarly, a creditor seeking to change the membership of a committee under section 1102(a)(4)

must prove that the change is necessary to ensure adequate representation. *In re ShoreBank Corp.*,

467 B.R. 156, 160-61 (Bankr. N.D. Ill. 2012).

The factors that courts generally consider to determine the adequacy of representation

under both sections 1102(a)(2) and (a)(4) include: (1) the ability of the committee to function; (2)

the nature of the case; (3) the standing and desires of various constituencies; (4) the ability of the

moving creditor to participate in the case without its own committee; (5) the cost of an additional

committee; and (6) the tasks the separate committee would need to perform.  *See Dana*, 344 B.R.

at 38; *ShoreBank*, 467 B.R. at 161.  As set forth below, the Trust has not even attempted to address

this standard, and therefore its Motion must be denied.

**I.     The Trust Has Not Established That An Additional Committee Is Necessary To
        Adequately Represent Its Interest.**

The Trust contends that an additional committee of active employees is needed to represent

its interest as the holder of a claim under the Reciprocity Act, P.R. LAWS ANN. tit. 3, § 797 *et seq.*

(1953).  There are at least three problems with the Trust's argument.

*First*, the United States Trustee has already appointed two active employee representatives

3

to the UCC—the American Federation of Teachers and the Service Employees International Union.  (Dkt. No. 338.)  Both of those public employee unions represent the interests of active employees and share the same interest as the Trust claims to represent under the Reciprocity Act. The Reciprocity Act is designed to coordinate pension benefits for all government employees who have worked for two different government employers that provide pensions under different plans. P.R. LAWS ANN. tit. 3, § 797 (1953).  The Trust is not the only government pension system that may hold a claim under that statute.  *Id*. at § 799.  Thus, to the extent that claims arising under the Reciprocity Act require active employee representation on a committee, the existing active employee representatives on the UCC adequately represent that interest.

*Second*, the Trust's request for an additional committee misapprehends the nature and role of a committee.  A committee need not be an "exact replica" or mirror image of the creditor body. *See Dana*, 344 B.R. at 39; *Enron*, 279 B.R. at 690.  A committee also does not press the unique claims of particular creditors.  *See* 48 U.S.C. § 2161 incorporating 11 U.S.C. §1103(c). Instead a committee's job is to advocate for the class of creditors it represents *as a whole*.  *Id*.; *In re Drexel Burnham Lambert Grp., Inc.*, 118 B.R. 209, 212-13 (Bankr. S.D.N.Y. 1990).  "Committees are not designed to provide a speaker's platform for a particular creditor." *Id*. at 212.  Individual creditors such as the Trust must still advance their own unique interests.  Thus, in *Dana*, for example, the court declined to appoint an additional committee of asbestos claimants even though the asbestos claims were different from other types of unsecured claims, noting that committees frequently consist of diverse claimholders.  344 B.R. at 38-39.  Absent specific evidence that such diversity actually prevents the committee from functioning, the fact that a creditor holds an unsecured claim that is based on a different legal entitlement, is not a reason to appoint an additional committee.

4

*Id*.; *accord Drexel Burnham*, 118 B.R. at 212-13 (rejecting movants' argument that they should be

added to the committee because their claims were allegedly unique).

*Third*, the Trust has failed to address any of the factors courts examine to determine if the

representation is adequate.  The Trust has presented no evidence that the UCC is unable to function.

The Trust has identified no tasks or issues that require an additional active employee committee to

be performed.  The Trust has not explained why it cannot participate in this case without an

additional committee; indeed, its filing of the Motion demonstrates that it can participate.

Finally, the Trust has not established why the nature of these cases requires an additional

committee.  The interests of active employees are already represented by membership on the UCC.

Not every creditor can sit on the UCC in a case of this size.  The United States Trustee considered

the creditors that wanted to serve on the UCC and made a decision that the two unions it appointed

were sufficient to represent active employees on the UCC.  That decision should not be overturned.

The Trust's Motion for an additional Committee should be denied.[3]

## II.     The Trust's Motion To Change The Membership Of The Retiree Committee Also Should Be Denied.

The Trust's alternative request to change the membership of the Retiree Committee also

should be denied.  The only reason the Trust advances for changing the membership of the Retiree

Committee is its statement that if the Retiree Committee represents active employees, its

membership should be changed to replace one of the members, who is a retiree from the University

of Puerto Rico, with the President of the Trust, who is an active employee.  (Motion at 9.)  But as

---

[3] The Trust cites *In re Mansfield Ferrous Castings, Inc.*, 96 B.R. 779 (Bankr. N.D. Ohio 1988) for the proposition that an unsecured creditors' committee was not in a position to represent employees. (Motion at 7.)  But in *Mansfield*, the employees were also equity security holders and as the court noted, "[i]f the Employees' status was solely as creditors, the Committee would be able to adequately represent them."  *Id*. at 781.

the United States Trustee's composition of the two committees demonstrates, the Retiree

Committee represents existing retirees, and the UCC represents active employees.

Moreover, the Retiree Committee, which includes a member who retired from the

University of Puerto Rico, adequately represents the interest of the Trust. Under the Reciprocity

Act, the Trust is the entity that holds the claim, if any, thereunder. P.R. LAWS ANN. tit. 3, § 799

(1953). To the extent active or retired employees have an interest in that claim, it is an interest in

ensuring that the plan in which they participate has adequate funds to pay the benefits due to

participants when those benefits come due. That interest is the same for both actives and retirees;

therefore, the Retiree Committee which includes a University of Puerto Rico retiree adequately

represents the interest that concerns the Trust and its beneficiaries. In addition, as explained above,

every participant in every governmental pension plan shares the same concerns under the

Reciprocity Act.

For these reasons, the Trust has failed to demonstrate the presence of any of the factors that

justify a change in committee membership based on a lack of adequate representation, and

therefore, the Trust's alternative request for relief should be denied.

## CONCLUSION

For all of the foregoing reasons, the Retiree Committee respectfully requests that the Court

deny the Trust's Motion and grant such other relief as may be just.

Dated: July 28, 2017

Respectfully submitted,

JENNER & BLOCK LLP
By:
*/s/ Robert Gordon*
Robert Gordon (admitted *pro hac vice*)
Richard Levin (admitted *pro hac vice*)
919 Third Ave
New York, NY 10022-3908
rgordon@jenner.com
rlevin@jenner.com
212-891-1600 (telephone)
212-891-1699 (facsimile)

Catherine Steege (admitted *pro hac vice*)
Melissa Root (admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
312-222-9350 (telephone)
312-239-5199 (facsimile)

BENNAZAR, GARCÍA & MILIÁN, C.S.P.
By:
*/s/ A.J. Bennazar-Zequeira*
A.J. Bennazar-Zequeira
Edificio Union Plaza
PH-A piso 18
Avenida Ponce de León #416
Hato Rey, San Juan
Puerto Rico 00918
ajb@bennazar.org
787-754-9191 (telephone)
787-764-3101 (facsimile)

*Proposed Counsel for The Official Committee
of Retired Employees of Puerto Rico*

7