# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO WITH RESPECT TO THE ERS JOINT STIPULATION

The Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") submits this reservation of rights (the "**Reservation of Rights**") with respect to the *Joint Stipulation Regarding (I) Motion of Certain Secured Claimholders of Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Adequate Protection and Stay Relief and Reservation of Rights and (II) Motion of Debtors Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365, and 922 for Entry of an Order Confirming Application of the Automatic Stay, Stay of Prepetition Lawsuits and Actions and Application of Contract Protection*, dated July 14, 2017 [Dkt. No. 170

---

[1] The Debtors in these jointly-administered PROMESA title III cases (these "**Title III Cases**"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

in Case No. 17-BK-3566 (LTS)] (the "**ERS Stipulation**") and so ordered by this Court on July 17, 2017 [Dkt. No. 171 in Case No. 17-BK-3566 (LTS)]. In support of its Reservation of Rights, the Retiree Committee states as follows:

**Reservation of Rights**

1. The Retiree Committee is a statutorily created committee pursuant to 11 U.S.C. § 1102(a)(1). The Retiree Committee's constituents—the Commonwealth's approximately 160,000 retirees—are owed at least $49 billion in pension liabilities, making them the largest group of creditors in these Title III Cases.

2. On May 31, 2017, certain holders of bonds (the "**ERS Bondholders**") issued by title III debtor The Employment Retirement System of The Government of The Commonwealth of Puerto Rico ("**ERS**") filed the *Motion of Certain Secured Claimholders of Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Adequate Protection and Stay Relief and Reservation of Rights* [Dkt. No. 26 in Case No. 17-BK-3566 (LTS)] (the "**ERS Motion**").

3. On June 21, 2017, the Retiree Committee timely filed its objection to the ERS Motion, in which it joined the objection filed by the Financial Oversight and Management Board (the "**Oversight Board**"). [Dkt. Nos. 98, 99 in Case No. 17-BK-3566 (LTS).] The Court did not rule on the ERS Motion at the June 28, 2017 hearing. Instead, the Court continued the hearing to allow parties the opportunity to negotiate a consensual resolution of the ERS Motion.

4. Following the June 28, 2017 hearing, counsel for the Retiree Committee requested, and counsel for the Oversight Board agreed to provide, a draft of any proposed stipulation resolving the ERS Motion. Regrettably, despite this agreement (and despite the fact that the Oversight Board *did* share a draft of the stipulation with the Official Committee of

Unsecured Creditors (the "**UCC**"), the Oversight Board did not provide the Retiree Committee with a draft of the proposed stipulation. In addition to being told it would be allowed to comment on any stipulation, the Retiree Committee was told that the Commonwealth would not pay interest to the ERS Bondholders. Counsel for the Retiree Committee did not see the ERS Stipulation until the Oversight Board filed it with the Court late in the evening on Friday, July 14. This Court entered the ERS Stipulation on the next business day, Monday, July 17.[2]

5. Had the Retiree Committee had the opportunity to review the ERS Stipulation before it was filed with this Court, it would have raised the issue it now raises in this Reservation of Rights: the payment of interest to the ERS Bondholders. The ERS Stipulation provides for the payment of interest to the ERS Bondholders through October 1, 2017 (the "**Interest Payments**"), from the Post-Petition Segregated Account (as defined in the ERS Stipulation). The Retiree Committee files this Reservation of Rights to preserve its ability, as a party in interest and statutory committee, to demand that the ERS Bondholders return the Interest Payments to ERS's estate.

6. Pursuant to the terms of the ERS Stipulation, Debtor ERS, through the Oversight Board, has filed an Adversary Proceeding for a declaratory judgment attacking the validity, priority, extent and enforceability of the prepetition liens and security interests asserted by the ERS Bondholders. To the extent the Oversight Board prevails in its Adversary Proceeding, the ERS Bondholders should be required to return all Interest Payments to the ERS estate. In addition, the Retiree Committee reserves all rights with respect to any and all claims for the return of the Interest Payments and with respect to the validity of the ERS Bondholders' liens,

---

[2] As noted by the UCC in its reservation of rights, there was some confusion about the deadline to object or respond to the ERS Stipulation. (Dkt. No. 734.)

including but not limited to those claims not raised by the Oversight Board in its Adversary Proceeding, such as the validity of the authorization of the ERS bonds.

| | |
|---|---|
| July 28, 2017 | Respectfully submitted, |
| JENNER & BLOCK LLP | BENNAZAR, GARCÍA & MILIÁN, C.S.P. |
| By: | By: |
| */s/ Robert Gordon* | */s/ A.J. Bennazar-Zequeira* |
| Robert Gordon (admitted *pro hac vice*)<br>Richard Levin (admitted *pro hac vice*)<br>919 Third Ave<br>New York, NY 10022-3908<br>rgordon@jenner.com<br>rlevin@jenner.com<br>212-891-1600 (telephone)<br>212-891-1699 (facsimile) | A.J. Bennazar-Zequeira<br>Edificio Union Plaza<br>PH-A piso 18<br>Avenida Ponce de León #416<br>Hato Rey, San Juan<br>Puerto Rico 00918<br>ajb@bennazar.org<br>787-754-9191 (telephone)<br>787-764-3101 (facsimile) |
| Catherine Steege (admitted *pro hac vice*)<br>Melissa Root (admitted *pro hac vice*)<br>353 N. Clark Street<br>Chicago, IL 60654<br>csteege@jenner.com<br>mroot@jenner.com<br>312-222-9350 (telephone)<br>312-239-5199 (facsimile) | *Proposed Counsel for The Official Committee of Retired Employees of Puerto Rico* |