Hearing Date and Time: August 9, 2017, 9:30 a.m. EDT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO'S OBJECTION TO THE MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER, UNDER BANKRUPTCY RULE 2004, AUTHORIZING DISCOVERY PROGRAM WITH RESPECT TO <u>CERTAIN CAUSES OF THE PUERTO RICO FINANCIAL CRISIS</u>

The Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**"), respectfully submits this objection (the "**Objection**") to the *Motion Of Official Committee Of Unsecured Creditors For Order, Under Bankruptcy Rule 2004, Authorizing Discovery Program With Respect To Certain Causes Of Puerto Rico Financial Crisis* [Dkt. No. 706] (the "**2004 Motion**" filed by the "**UCC**"). In support of this Objection, the Retiree Committee states as follows:

---

[1] The Debtors in these jointly-administered PROMESA title III cases (these "**Title III Cases**"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

**Objection**

1. The Retiree Committee files this Objection, not because it opposes discovery on the issues set forth in the 2004 Motion, but because the procedures advocated by the UCC do not allow for an inclusive, streamlined, efficient discovery process. The Title III Cases present enormously complex factual issues. Any Court-approved "Discovery Program" should be coordinated and inclusive, not a "first come, first served" process that creates redundancy and discord and adds unnecessary expense to the administration of the Title III Cases.

2. The subject of the proposed 2004 examination—the issuance, sale, and creation of Commonwealth debt—goes to one of the most fundamental issues in these Title III Cases. The Retiree Committee shares the UCC's interest in discovering information relating to the cause of the Commonwealth's financial crisis and the circumstances leading to the commencement of these Title III Cases. And like the UCC, it also has a duty to investigate issues that are important to the class of creditors it represents and to which it owes a fiduciary duty—Puerto Rico's 160,000 governmental retirees holding approximately $49 billion in pension claims. *See* 11 U.S.C. § 1103(c)(2); *see also Official Unsecured Creditors' Comm. v. Stern (In re SPM Mfg. Corp.)*, 984 F.2d 1305, 1315 (1st Cir. 1993) (the committee "is a fiduciary for those whom it represents" and "is charged with pursuing whatever lawful course best serves the interests of the class of creditors represented"). Because the information sought may provide a basis to assert causes of action against certain parties or subordinate certain claims for the benefit of retirees, and thus will be critical in any negotiations about the terms of the Commonwealth's plan of adjustment, it is imperative that the Retiree Committee be a participant in any "Discovery Program" on these issues.

3. Because of this shared interest, as well as the Retiree Committee's desire to promote efficiency and avoid duplication of effort, the Retiree Committee requested that the UCC

amend the proposed order granting the 2004 Motion to permit the Retiree Committee to participate in all aspects of the Discovery Program and to treat the proposed subpoenas as jointly-issued discovery requests. The UCC declined this request, agreeing only to provide information produced by parties to the Retiree Committee pursuant to a yet-to-be-negotiated protective order and to consider any concerns that the Retiree Committee might raise about the document productions. The UCC further suggested that the Retiree Committee would be treated like any other creditor that might ask to see the produced documents.

4. This accommodation is not sufficient. The Retiree Committee is not just any other creditor. Like the UCC, it is a statutory committee with the same powers and duties under 11 U.S.C. § 1103. *See* Dkt. Nos. 340 and 338; *see also* 11 U.S.C. § 1102(a)(1). As such, *both* committees have investigative powers and duties and are authorized to, among other things, "investigate the acts, conduct, assets, liabilities, and financial condition of the debtor." 11 U.S.C. § 1103(c)(2). While there may be reasons not to allow every creditor who wants access to this discovery to fully participate in the proposed Discovery Program, there is simply no legitimate basis or rationale to approve a "Discovery Program" that authorizes only one of the two committees to investigate issues that are relevant to both committees' constituencies.

5. Cutting the Retiree Committee out of meaningful participation in the proposed Discovery Program will result in nothing more than redundancy and additional expense to the Title III Cases. The Retiree Committee would have to conduct separate investigations, meet and confer sessions, and negotiations on the very same issues that are the subject of the UCC's 2004 Motion. Because the Retiree Committee has the same statutory duties and authority as the UCC, if the Court grants the UCC's request, it would be required to similarly grant the Retiree Committee's motion for the same relief. In that case, instead of there being a coordinated procedure, there

3

would be two separate discovery processes against many of the same entities, creating inefficiencies for the recipients and for this Court. To prevent such unnecessary duplication, if this Court grants the UCC's motion, it should enter the attached proposed order that includes the Retiree Committee in the process. *See* Exhibit A hereto.

6. The Retiree Committee reserves all rights with respect to any motions it files under Rule 2004 and any discovery the Retiree Committee may seek to propound on any party and on any topic.

WHEREFORE, the Retiree Committee respectfully requests that the Court deny the 2004 Motion's request for a Discovery Program that excludes the Retiree Committee and instead enter the Order proposed by the Retiree Committee, and grant such additional relief as may be just.

Dated: July 28, 2017

JENNER & BLOCK LLP
By:
*/s/ Robert Gordon*
Robert Gordon (admitted *pro hac vice*)
Richard Levin (admitted *pro hac vice*)
919 Third Ave
New York, NY 10022-3908
rgordon@jenner.com
rlevin@jenner.com
212-891-1600 (telephone)
212-891-1699 (facsimile)

Catherine Steege (admitted *pro hac vice*)
Melissa Root (admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
312-222-9350 (telephone)
312-239-5199 (facsimile)

Respectfully submitted,

BENNAZAR, GARCÍA & MILIÁN, C.S.P.
By:
*/s/ A.J. Bennazar-Zequeira*
A.J. Bennazar-Zequeira
Edificio Union Plaza
PH-A piso 18
Avenida Ponce de León #416
Hato Rey, San Juan
Puerto Rico 00918
ajb@bennazar.org
787-754-9191 (telephone)
787-764-3101 (facsimile)

*Proposed Counsel for The Official Committee of Retired Employees of Puerto Rico*

4