Hearing Date: **August 9, 2017 at 9:30 a.m.**

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### AMBAC ASSURANCE CORPORATION'S OBJECTION TO MOTION OF THE AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS TO RECONSTITUTE THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Ambac Assurance Corporation ("Ambac"), a holder and/or insurer of approximately $2.7 billion of bonds issued by the Commonwealth, COFINA, and other Commonwealth instrumentalities, hereby submits this objection (the "Objection") to the Motion (the "Motion" or "Mot.") of the Ad Hoc Group of General Obligation Bondholders (the "GO Group") to Reconstitute the Official Committee of Unsecured Creditors (the "Committee") Pursuant to 11 U.S.C. §§ 105(a) and 1102(a)(4) (Dkt No. 694). In support of its Objection, Ambac respectfully submits as follows:

### OBJECTION

1. Ambac objects to the Motion to the extent it requests appointment of holders of general obligation ("GO") bonds to the Committee, but not insurers of such debt. Like certain

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284 (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

members of the GO Group, monoline insurers also expressed an interest in serving on the Committee and attended the Committee formation meeting. The United States Trustee ultimately did not appoint GO bondholders or insurers of GO debt to the Committee. The GO Group has now asked this Court to overrule the United States Trustee's judgment. To the extent the Court grants the GO Group's Motion, Ambac respectfully requests that the Court also appoint a monoline insurer to serve on the Committee.

2. As the GO Group noted, the "court may order the United States trustee to change the membership of a committee appointed under [section 1102 of the Bankruptcy Code] if the court determines that the change is necessary to ensure adequate representation of creditors or equity security holders." 11 U.S.C. § 1102(a)(4). The GO Group argues that the "Committee, as currently constituted, does not adequately represent the Commonwealth's creditors." (Mot. ¶ 18.) Appointing only GO bondholders to serve on the Committee, but not insurers of that debt, will not solve that problem.

3. Indeed, the GO Group argues that adequate representation "requires that various different types of creditors . . . have a meaningful voice on and participation in the Committee." (*Id.* ¶ 2.) That principle applies equally to different types of GO creditors. Monoline insurers, like GO bondholders, have "outsized economic interests in these Title III Cases," but the two groups' interests are not perfectly aligned. In particular, monoline insurers are by definition "long" investors in Puerto Rico's debt—unlike the hedge funds making up the GO Group, they cannot easily trade in and out of their exposures. Thus, monoline insurers have a unique perspective on the financial difficulties facing Puerto Rico and a deep investment in its long-term success, and are critical participants in any solutions to the current fiscal situation. A Committee that gives a

2

"meaningful voice" to GO bondholders, but not GO debt insurers, does not "adequately represent all Commonwealth creditors." (*See* Mot. ¶ 61.)

4. Accordingly, to the extent the Court grants the Motion, Ambac respectfully requests that the Court also direct the United States Trustee to appoint a monoline insurer of GO debt to the Committee in a manner that ensures monoline insurers are adequately represented on the Committee.

Dated: July 28, 2017
San Juan, Puerto Rico

**FERRAIUOLI LLC**

By: /s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
Sonia Colón (USDC-PR No. 213809)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com
scolon@ferraiuoli.com

**MILBANK, TWEED, HADLEY & McCLOY LLP**

By: /s/ *Dennis F. Dunne*
Dennis F. Dunne
Andrew M. Leblanc
Atara Miller
Grant R. Mainland
(admitted *pro hac vice*)
28 Liberty Street
New York, NY 10005
Telephone: (212) 530-5770
Facsimile: (212) 822-5770
Email: ddunne@milbank.com
aleblanc@milbank.com
amiller@milbank.com
gmainland@milbank.com

*Attorneys for Ambac Assurance Corporation*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.

/s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com