Hearing Date: August 9, 2017 at 9:30 a.m. (prevailing Eastern Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------- x
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.*, : (Jointly Administered)
:
Debtors.[1] :
---------------------------------------------------------------------- x

**OMNIBUS OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO MOTIONS OF UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM TRUST
AND AD HOC PUERTO RICO MUNICIPALITIES COMMITTEE REQUESTING
<u>APPOINTMENT OF ADDITIONAL OFFICIAL CREDITORS' COMMITTEES</u>**

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474).

**Table of Contents**

**Page**

BACKGROUND .................................................................................................................. 1

OMNIBUS OBJECTION .................................................................................................... 2

    I.    Committee Adequately Represents Active Trust Participants and Municipalities .................................................................................................... 4

    II.   Even if Court Determined That Active Trust Participants and Municipalities Were Not Adequately Represented, Court Should Not Exercise Discretion to Appoint Additional Official Committees .......................... 9

RESERVATION OF RIGHTS ........................................................................................... 12

CONCLUSION ................................................................................................................... 13

## Table of Authorities

**Page(s)**

**Cases**

*In re Dana Corp.*,
    344 B.R. 35 (Bankr. S.D.N.Y. 2006) ................................................................................. 4, 5

*In re Dewey & Leboeuf LLP*,
    12-12321 MG, 2012 WL 5985325 (Bankr. S.D.N.Y. Nov. 29, 2012) ............................. 9, 13

*In re Dow Corning Corp.*,
    194 B.R. 121 (Bankr. E.D. Mich. 1996), *rev'd on other grounds*, 212 B.R. 258
    (E.D. Mich 1997) ................................................................................................................ 9

*In re Enron Corp.*,
    279 B.R. 671 (Bankr. S.D.N.Y. 2002) ......................................................................... 4, 9, 12

*In re First RepublicBank Corp.*,
    95 B.R. 58 (Bankr. N.D. Tex. 1988) .................................................................................... 7

*In re Garden Ridge Corp.*,
    No. 04–10324, 2005 WL 523129 (Bankr. D. Del. Mar. 2, 2005) ........................................ 12

*In re Grant Broad. of Philadelphia, Inc.*,
    71 B.R. 655 (Bankr. E.D. Pa. 1987) ................................................................................... 10

*In re Hills Stores Co.*,
    137 B.R. 4 (Bankr. S.D.N.Y. 1992) ..................................................................................... 7

*Mirant Americas Energy Mktg., L.P. v. Official Comm. of Unsecured Creditors of
    Enron Corp.*,
    No. 02-cv-6274 (GBD), 2003 WL 22327118 (S.D.N.Y. Oct. 10, 2003) ............. 5, 7, 10, 11, 12

*In re New Century TRS Holdings, Inc.*,
    No. 07-10416 (KJC), 2013 WL 5377962 (Bankr. D. Del. Sept. 26, 2013) ............................ 2

*In re Pub. Serv. Co. of New Hampshire*,
    89 B.R. 1014 (Bankr. D.N.H. 1988) .................................................................................... 9

*In re Residential Capital, LLC*,
    480 B.R. 550 (Bankr. S.D.N.Y. 2012) ....................................................................... 5, 6, 8, 12

*In re Sharon Steel Corp.*,
    100 B.R. 767 (Bankr. W.D. Pa. 1989) ........................................................................ 4, 7, 11

*In re ShoreBank Corp.*,
    467 B.R. 156 (Bankr. N.D. Ill. 2012) ............................................................................... 4, 8

*In re Texaco Inc.*,
    79 B.R. 560 (Bankr. S.D.N.Y. 1987) ............................................................................... 8

*In re Wang Labs., Inc.*,
    149 B.R. 1 (Bankr. D. Mass. 1992) ............................................................................ 9, 10

*In re Winn-Dixie Stores, Inc.*,
    326 B.R. 853 (Bankr. M.D. Fla. 2005) .......................................................................... 10

**Statutes**

11 U.S.C.
    § 503(b) ........................................................................................................................ 12

48 U.S.C.
    §§ 2101 *et. seq.* ............................................................................................................. 1

The Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico (and other title III debtor(s) (if any) for which it acts as the official committee of unsecured creditors) (the "Committee") hereby submits this omnibus objection (the "Omnibus Objection") to the (i) *Motion Requesting Appointment of Additional Committee of Government Employees and Active Pension Plan Participants or, in the Alternative, for the Reconstitution of the Retiree Committee* [Docket No. 692] (the "UPR Motion") and (ii) *Ad Hoc Puerto Rico Municipalities Committee's Request for an Order Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 1102 Directing the Appointment of an Official Puerto Rico Municipalities Committee* [Docket No. 709] (the "Municipalities Motion" and, together with the UPR Motion, the "Multiple Committees Motions"). In support of the Omnibus Objection, the Committee respectfully represents as follows:

## BACKGROUND

1. On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") commenced a title III case for the Commonwealth of Puerto Rico (the "Commonwealth") by filing a voluntary petition for relief pursuant to section 304(a) of PROMESA (the "Commonwealth Title III Case").[2] Thereafter, the Oversight Board commenced title III cases (together with the Commonwealth Title III Case, the "Title III Cases") for each of COFINA, the Employees Retirement System for the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Electric Power Authority (collectively, and together with any other Commonwealth instrumentalities that file title III cases, the "Debtors").[3]

---

[2] References to PROMESA are references to 48 U.S.C. §§ 2101 *et. seq.*

[3] Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III Case.

1

2. By order dated June 29, 2017, the Court approved the joint administration of the title III cases of the Commonwealth, COFINA, the Employees Retirement System for the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority (together, the "Jointly Administered Cases") [Docket No. 537].

3. On June 15, 2017, the Office of the United States Trustee for the District of Puerto Rico (the "U.S. Trustee") filed a *Notice Appointing Creditors Committee for Unsecured Creditors* [Docket No. 338]. The members of the Committee are the American Federation of Teachers, Drivetrain, LLC as the Creditors' Trustee for Doral Financial Corporation, Genesis Security Services, Inc., Puerto Rico Hospital Supply, Service Employees International Union, Total Petroleum Puerto Rico Corp., and the Unitech Engineering Group, S.E.

4. On July 21, 2017, the University of Puerto Rico Retirement System Trust (the "Trust") filed the UPR Motion seeking appointment of an additional official committee to represent the Active Trust Participants (as defined in the UPR Motion).

5. Also on July 21, 2017, the Ad Hoc Puerto Rico Municipalities Committee (the "AHMC"), a group representing 11 of the Commonwealth's 78 municipalities (the "Municipalities"), filed the Municipalities Motion seeking appointment of an additional official committee to represent all of the Municipalities.

6. On July 28, 2017, the U.S. Trustee filed oppositions to each of the UPR Motion and the Municipalities Motion [Docket Nos. 785, 786].

## OMNIBUS OBJECTION

7. Requests such as the Multiple Committees Motions are routinely raised in large and complex chapter 11 and chapter 9 cases, and are just as routinely denied—and for good reason. The "appointment of an additional committee is an extraordinary remedy that courts are

2

reluctant to grant." *In re New Century TRS Holdings, Inc.*, No. 07-10416 (KJC), 2013 WL 5377962, at *3 (Bankr. D. Del. Sept. 26, 2013). The proliferation of multiple official committees will lead to substantial and unnecessary increases in professional fees and costs for all parties, cause significant delays and confusion, and impair the prospects for successful Title III Cases.

8. The Committee does and will continue to represent the interests of all general unsecured creditors, including (to the extent they have valid unsecured claims against the Commonwealth) the Active Trust Participants and the Municipalities. Additional official committees are not needed to advance the parochial interests of individual creditors or individual classes of creditors. Neither the UPR Motion nor the Municipalities Motion identifies any compelling need for an additional official committee that would justify overruling the U.S. Trustee and incurring the substantial cost of multiple official committees.

9. A party seeking the appointment of an additional official committee has the burden of showing that the additional committee is necessary to adequately represent its interests, and the standard is a high one. Courts consider a number of factors to determine whether a party seeking appointment of an additional committee is adequately represented, and application of these factors to the Title III Cases establishes that no additional official committees are warranted. But even if the Court found that there was not adequate representation, it should not exercise its discretion to appoint additional official committees. Inadequate representation, standing alone, is not grounds for the appointment of additional official committees. The Court should not tolerate the costs, inefficiencies, and complexity that additional committees would create in the Title III Cases. The Court should be wary of opening the floodgates to a host of additional requests for new statutory committees in these incredibly complex and high-stakes restructurings. These requests could easily get out of control and bog

down the Title III Cases to the point where they could not be administered without a "committee of committees." For these reasons, the Multiple Committees Motions should be denied.

### I. Committee Adequately Represents Active Trust Participants and Municipalities

10. To the extent they have valid unsecured claims against the Commonwealth, the Committee already adequately represents the interests of the Active Trust Participants and the Municipalities, and no additional official committees are warranted. Courts interpreting "adequate representation" under section 1102(a) have employed a variety of factors in their evaluations, including the (1) nature of the case, (2) tasks that the proposed additional committee is to perform, (3) ability of the committee to function, (4) ability to participate in the case without an official committee or ability to recover expenses, (5) standing and desires of the various constituencies, (6) timing of the request, and (7) other factors relevant to the issue of adequate representation. *See In re Enron Corp.*, 279 B.R. 671, 685 (Bankr. S.D.N.Y. 2002). No factor alone is dispositive, and courts should apply the factors with a fact-intensive inquiry. *In re Dana Corp.*, 344 B.R. 35, 38 (Bankr. S.D.N.Y. 2006).

11. <u>Ability of the Committee to Function</u>. "The ability of an official committee to function is a significant factor in the determination of whether a court should order the appointment of another committee." *In re Dana Corp.*, 344 B.R. at 38 (citing *In re Enron Corp.*, 279 B.R. at 671); *see also See In re Sharon Steel Corp.*, 100 B.R. 767, 778 (Bankr. W.D. Pa. 1989) (denying additional committee where movant had not demonstrated that official committee was not able to function); *In re ShoreBank Corp.*, 467 B.R. 156, 163 (Bankr. N.D. Ill. 2012) (explaining that a court should not appoint additional committees unless there is "specific evidence" that the committee will breach its fiduciary duty to all general unsecured creditors). The Committee is functioning effectively performing all of its duties. The Committee has moved to intervene in several adversary proceedings, served Rule 2004 discovery, appeared in

court, began an investigation into sources of revenue and causes of action, started to diligence the Commonwealth's fiscal plan, been heavily involved in the proposed stipulations to resolve the dispute between the Commonwealth and COFINA (one of the gating issues in the Title III Cases), and has worked well with different stakeholders.

12. <u>Nature of the Case</u>. "The large size of a bankruptcy case is not determinative of whether additional committees should be appointed." *In re Dana Corp.*, 344 B.R. at 39 (applying "nature of the case" factor); *see also Mirant Americas Energy*, 2003 WL 22327118, at *1 (affirming bankruptcy court's denial of motion to appoint additional creditors' committee in what was, at the time, the largest bankruptcy matter in history). To the contrary, appointment of one official creditors' committee is the norm in large and complex cases. *See In re Residential Capital, LLC*, 480 B.R. 550, 558 (Bankr. S.D.N.Y. 2012) (single committee deemed sufficient "in the vast majority of cases"). Further, because the specific interests of the Active Trust Participants and the Municipalities are not disproportionately impactful on the Title III Cases, they do not require additional official committees. *See In re Dana Corp.*, 344 B.R. at 39 (denying motion of ad hoc committee of asbestos claimants where "as is clear from the myriad documents filed in these cases, the Debtors' economic plight is not asbestos driven").

13. <u>Standing and Desires of the Constituencies</u>. The Municipalities argue that the Committee cannot represent their purportedly unique interests because they will be treated differently under a plan. This does not support the appointment of additional official committees. First, "no plan has been filed in these cases," which remain in their early stages. *In re Dana* at 39. Moreover, plans in large, complex cases frequently provide different recoveries for different creditors and any issues resulting from such circumstances are best addressed at a confirmation hearing. *See generally see also Mirant Americas Energy Mktg., L.P. v. Official*

5

*Comm. of Unsecured Creditors of Enron Corp.*, No. 02-cv-6274 (GBD), 2003 WL 22327118, at *7 (S.D.N.Y. Oct. 10, 2003) ("Bankruptcy Courts have recognized that—at least prior to submission of a reorganization plan—creditors possessing claims with significantly different characteristics nonetheless continue to possess greater commonality as unsecured creditors.").

14. <u>Other Considerations</u>. As an initial matter, the Committee notes that the UPR Motion is concerned only with the Retiree Committee, and makes no effort to even meet its burden of demonstrating that the Committee does not adequately represent the Active Trust Participants. Indeed, it bears repeating that the Committee includes two unions whose members include current employees. *See In re Residential Capital*, 480 B.R. 550, 560 (declining to appoint Borrowers Committee where Committee "already include[d] one borrower representative" and noting that borrowers were adequately represented). Moreover, while the UPR Motion makes the conclusory assertion that the Active Trust Participants have an interest in the case, nowhere does that motion, or the letters from the Trust to the United States Trustee attached as exhibits, actually say that it, or its beneficiaries, is owed any money by the Commonwealth or the other Debtors.

15. Unlike the UPR Motion, the Municipalities Motion does argue that the Municipalities are not adequately represented by the Committee (or the Retirees Committee).[4] The Municipalities, however, point to no facts that support this conclusory allegation. Their argument seems to be predicated on the fact that the Municipalities are largely dependent on funding from the Commonwealth. Assuming, *arguendo*, that is accurate, concerns about levels of appropriations are political issues to be addressed through the political process; they do not

---

[4] The Municipalities Motion also addresses whether, as a legal matter, the Municipalities are even eligible to serve on an official committee; in its objection to the Municipalities Motion, the U.S. Trustee argues that the Municipalities are **not** eligible. The Committee takes no position on this matter, and reserves all rights accordingly.

6

create a claim or make the Municipalities a creditor. Furthermore, even if Municipalities are creditors within the meaning of the Bankruptcy Code, their interests lie in increasing the amount of money available to the Commonwealth. Their interests are consistent with the interests of all general unsecured creditors and, if they are creditors of the Commonwealth, the Municipalities are adequately represented by the Committee. *See Mirant Americas Energy*, 2003 WL 22327118 at *10 (committee owes fiduciary obligation to all unsecured creditors, "whether or not a member of a particular group is included in its membership").

16. In fact, the Municipalities have acknowledged their "interests may align with those of the other Official Committees in some areas."[5] This is the very essence of a creditors' committee, and any absence of complete overlap of interests is not a basis to appoint an additional committee. At this pre-plan of adjustment stage, the commonality of interest is more important than any differences. *See Mirant Americas Energy*, 2003 WL 22327118 at *7 ("Bankruptcy Courts have recognized that—at least prior to submission of a reorganization plan—creditors possessing claims with significantly different characteristics nonetheless continue to possess greater commonality as unsecured creditors."). If courts were to agree with the Municipalities and require complete and total overlap of interests, every case would have multitudes of official committees. *Mirant Americas Energy*, 2003 WL 22327118, at *6 (members of creditors' committee "will necessarily have varying and frequently conflicting interests"); *In re Hills Stores Co.*, 137 B.R. 4, 6 (Bankr. S.D.N.Y. 1992) ("creditors' committees often contain creditors having a variety of viewpoints. Conflicts are not unusual in reorganization and in most cases can be expected among creditors who are acting to protect their separate business interests"); *Sharon Steel*, 100 B.R. at 778 ("reconciliation of differing interests

---

[5] Municipalities Motion. ¶ 2.

7

of creditors within a single committee is the norm"); *In re First RepublicBank Corp.*, 95 B.R. 58, 61 (Bankr. N.D. Tex. 1988) ("The Code-required adequate representation implicitly recognizes that creditors will disagree on strategy and objectives. Those conflicts must be resolved through the committee's decision-making process.").

17. The Municipalities Motion discusses extensively the Municipalities' claims against the GDB. Their argument seems to be that because these claims include allegations that the GDB wrongfully seized monies held in trust, the Municipalities are akin to secured creditors. It is unclear, however, how these claims support the Municipalities' argument that they cannot be represented by the Committee. The GDB is not a debtor in these Title III Cases. Even if the Municipalities are correct that the Commonwealth was the ultimate beneficiary of the GDB's alleged misconduct, the Municipalities do not allege that their resulting claims with respect to the Commonwealth would be secured. The Municipalities, therefore, have the same interest as the Committee—namely, increasing the amount of money available to the Commonwealth and increasing distributions to its general unsecured creditors.

18. Finally, even if the Municipalities had identified an actual conflict—***which they have not***—the case law is clear that "the mere presence of a conflict of interest does not necessitate an additional committee." *In re Residential Capital, LLC*, 480 B.R. at 558; *see also In re ShoreBank Corp.*, 467 B.R. at 163 (Bankr. N.D. Ill. 2012) (denying request for appointment of additional committee because "[t]he problem with the movants' position is that they have discovered a conflict of interest, but that is all they have done, and conflicts of this kind are inevitable"). Moreover, and particularly in light of the many lawyers and other professionals already involved in the Title III Cases, "[s]urely, the sophisticated counsel and creditors in this

8

case are capable of handling [any such conflicts] fairly and diplomatically." *In re Texaco Inc.*, 79 B.R. 560, 565 (Bankr. S.D.N.Y. 1987).

## II. Even if Court Determined That Active Trust Participants and Municipalities Were Not Adequately Represented, Court Should Not Exercise Discretion to Appoint Additional Official Committees

19. Even if the Court found that the above-cited factors pointed to inadequate representation, appointment of additional committees is not mandatory. The Court would still have to "decide whether it ***should*** exercise its discretion and appoint additional committees." *In re Dewey & Leboeuf LLP*, 12-12321 MG, 2012 WL 5985325, at *3 (Bankr. S.D.N.Y. Nov. 29, 2012) (emphasis added); *In re Wang Labs., Inc.*, 149 B.R. 1, 2 (Bankr. D. Mass. 1992) (if appointment of additional committee is necessary to assure adequate representation, court must then consider whether it should exercise its discretion and make the appointment); *In re Enron Corp.*, 279 B.R. 685 (court can deny additional committee "even once inadequate representation is found"); *In re Pub. Serv. Co. of New Hampshire*, 89 B.R. 1014, 1020 (Bankr. D.N.H. 1988) (declining to appoint additional committee notwithstanding conclusion that "there is a question of adequate representation" and "there is no question that [moving creditors] would "benefit" from the appointment of a separate committee").

20. In considering whether to exercise its discretion to appoint additional committees even where there are questions of inadequate representation, courts consider (1) the cost associated with the appointment, (2) the time of the application, (3) the potential for added complexity, and (4) the presence of other avenues for creditor participation. *In re Enron Corp.*, 279 B.R. 671, 685 (Bankr. S.D.N.Y. 2002). Bankruptcy courts are "generally reluctant to appoint additional committees, and their decisions have placed great weight on these discretionary factors." *In re Dow Corning Corp.*, 194 B.R. 121, 143 (Bankr. E.D. Mich. 1996), *rev'd on other grounds*, 212 B.R. 258 (E.D. Mich 1997).

9

21. As noted above, the Committee adequately represents the Active Trust Participants and the Municipalities. But assuming, *arguendo*, that the Committee's representation is inadequate, application of the Court's discretion demonstrates that it should not appoint additional official committees. The extreme cost associated with additional official committees is reason alone for the Court to decline to exercise its discretion. As one court explained in declining to exercise its discretion, appointing an additional committee would "open [the court] to the otherwise justifiable criticism that we allowed two firms to tax the Debtors' estate, at the ultimate cost to the Debtors and the creditors, by appointing two Creditors' Committees, just because they could not resolve a squabble between themselves . . . appointment of multiple Creditors' Committees should be the rare exception." *In re Grant Broad. of Philadelphia, Inc.*, 71 B.R. 655, 661 (Bankr. E.D. Pa. 1987); *see also Mirant Americas Energy*, 2003 WL 22327118, at *8 (appointing additional committees simply because cases are large and complex with inter-creditor conflicts would lead to the "unnecessary proliferation of committees at an astronomical cost to the bankruptcy estates") (internal quotation marks omitted); *see also In re Winn-Dixie Stores, Inc.*, 326 B.R. 853, 857–58, n.4 (Bankr. M.D. Fla. 2005) ("The Court finds that the additional costs, especially those associated with the retention of experts, militate against the appointment of an additional committee.").

22. These concerns are particularly acute in the Title III Cases. Additional committees would retain their own attorneys, financial advisors, and other experts. *See In re Winn-Dixie*, 326 B.R. at 858, n.4 ("In light of the numerous experts retained by the Debtors and the Creditors' Committee, the Court has little doubt that an additional committee would seek to retain its own experts."); *In re Wang*, 149 B.R. at 4 ("appointment of additional committees is closely followed by applications to retain attorneys and accountants"). Indeed, despite the

combined resources of AAFAF and the Oversight Board, which are significant,[6] the Debtors appear at times to be unable to operate smoothly and meet the demands of the various creditor groups in the Title III Cases. Adding additional official committees would only exacerbate this situation. Separate committees would also lead to an unnecessary duplication of efforts, as the connections between the Title III Cases will require the Committee (and likely any other committee the Court would appoint) to participate in all of the Title III Cases in order to safeguard the interests of its constituents, who will assuredly be impacted by each of the cases. Further, if the Court appoints additional official committees, it will assuredly face a flood of requests for new statutory committees in these incredibly complex and high-stakes cases.

23. Appointing additional official committees would also make the Title III Cases (which are complicated enough) even more complex and decrease the likelihood of a successful reorganization. *See In re Sharon Steel*, 100 B.R. at 770–71 (describing consensus that appointment of additional committee was "met with general disfavor in view of the obvious complexities it would create, complicating negotiations of the [debtor, regulatory agencies, creditors], the union, and current lenders by a geometric progression [and favoring] the "one-stop shopping" expression of the preferability of one committee"). Multiple official committees, each focused on the parochial interests of one specific class of creditors, "will only weaken the impetus to compromise" on which a successful reorganization depends. *Id.* at 779; *see also Mirant Americas Energy*, 2003 WL 22327118 at *8 ("because creditors would be balkanized into several independent committees, each furthering the interests of only certain groups, the consultation and balancing of interests necessary for a successful negotiation of a reorganization plan would be severely hampered, leading to increased costs and delay").

---

[6] For example, the Debtors in these cases are already represented by two separate noticing and service agents, at least three separate international law firms, and at least seven financial advisors.

11

24. Nothing prevents the Trust and the Municipalities from participating in the Title III Cases. Indeed, the Trust has already appeared in the case, and, as the Municipalities Motion admits, at least two of the Municipalities has filed a complaint alleging similar issues to those identified in the Municipalities Motion.[7] *See In re Garden Ridge Corp.*, No. 04–10324, 2005 WL 523129, at *4, 2005 (Bankr. D. Del. Mar. 2, 2005) (an "Official Committee is simply not intended to represent individual creditor interests"). The Trust and the Municipalities are able to protect, and have been protecting, the interests of their class.[8] "The only missing component is the [m]ovants' access to immediate compensation for their efforts. Their ability to be compensated has not been foreclosed, and the [m]ovants' may file an appropriate application for administrative expense payment for substantial contribution to the estate pursuant to 11 U.S.C. § 503(b) at an appropriate time." *In re Enron Corp.*, 279 B.R. 671, 694 (Bankr. S.D.N.Y. 2002).

## RESERVATION OF RIGHTS

25. The Committee submits this Omnibus Objection in response to the request to appoint multiple additional official committees.[9] Notwithstanding anything in this Omnibus Objection, the Committee reserves all its rights relating to eligibility of the Municipalities, the Trust, or the Active Trust Participants, to serve on an official committee, including, but not limited to, whether they are creditors within the meaning of sections 1102 and 101(10) of the

---

[7] Municipalities Motion ¶ 9 n.5.

[8] Additionally, representing the interests of one specific creditor class is not sufficient grounds to appoint an additional official committee. *In re Residential Capital, LLC*, 480 B.R. 550, 558–59 (Bankr. S.D.N.Y. 2012) ("forming a Borrowers Committee solely to advance individual borrowers' claims is not appropriate, because acting as *de facto* counsel for borrowers would be an impermissible role for an official committee"); *Mirant Americas Energy*, 2003 WL 22327118, at *6 (S.D.N.Y. Oct. 10, 2003) ("principal purpose of creditors' committees is not to advocate any particular creditor class's agenda").

[9] The Committee takes no position with respect to the Trust's alternative request to reconstitute the Retiree Committee.

12

Bankruptcy Code and whether their membership on an official committee is necessary to ensure adequate representation.

## CONCLUSION

26. "Despite having discretion to direct the appointment of additional official committees, courts are hesitant to grant such relief." *In re Dewey*, 2012 WL 5985325 at *4. Courts have required applicants requesting additional committees show that an additional committee is "absolutely required," "essential," or "indispensable." *Id.* (internal quotation marks and citations omitted). Neither the Trust nor the Municipalities have met this standard. To the contrary, their motions raise the same arguments courts routinely dismiss. Accordingly, the Court should deny the Municipalities Motion and the UPR Motion.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Committee respectfully requests that this Court enter an order denying the relief requested the Multiple Committees Motions and granting such other and further relief as this Court deems appropriate.

Dated: July 28, 2017
      San Juan, Puerto Rico

*/s/ G. Alexander Bonartz*

PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
Andrew V. Tenzer, Esq. *(Pro Hac Vice)*
Michael E. Comerford, Esq. (*Pro Hac Vice*)
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
andrewtenzer@paulhastings.com
michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

- and –

*/s/ Juan J. Casillas Ayala*

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Proposed Replacement Local Counsel to the Official Committee of Unsecured Creditors*

14