**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

----------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | (Jointly Administered) |
| Debtors.[1] | |

----------------------------------------------------------x

**AFFIDAVIT OF PUBLICATION**

I, Christian Rivera, depose and say that I am employed by Prime Clerk LLC, the solicitation, claims and noticing agent for the Debtors in the above-captioned cases under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA).

This Affidavit of Publication includes sworn statements verifying that the *Notice of Commencement of Cases Under Title III of PROMESA, Entry of Order for Relief and Related Matters*, as conformed for publication, was published on July 13th, 20th and 27th, 2017 in (1) *The Bond Buyer* as described on **Exhibit A** attached hereto; (2) *El Diario/La Prensa* as described on **Exhibit B** attached hereto; (3) *El Nuevo Dia* as described on **Exhibit C** attached hereto; (4) *El Nuevo Herald* as described on **Exhibit D** attached hereto; and (5) *Caribbean Business* as described on **Exhibit E** attached hereto.

---

1 The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Dated: August 1, 2017

Christian Rivera

State of New York
County of New York

Subscribed and sworn to (or affirmed) before me on August, 1, 2017, by Christian Rivera, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: ____________________

HERBERT BAER
Notary Public, State of New York
No. 01BA6205563
Qualified in Westchester County
Commission Expires May 11, 2021

SRF 17790

**Exhibit A**

# Copy Of Advertisement Of

# City and County of New York, ss.: -

Yohanna Beato being duly sworn, says that she is the Billing Coordinator of the BOND BUYER, a daily newspaper printed and published at One State Street Plaza, in the City of New York, County of New York, State of New York; and the notice, of which the annexed is a printed copy, was regularly published in said BOND BUYER on July 13th, 20th, 27th 2017.

*Billing Coordinator*

*Subscribed and sworn to before me this*

July 31st, 2017

**Cynthia D. Lewis**
**Notary Public, State of New York**
**No. 01LE6202296**
**Qualified in New York County**
**Commission Expires March 9, 2021**

# Legal Notice

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of THE COMMONWEALTH OF PUERTO RICO, *et al.*, Debtors.[1] | PROMESA Title III No. 17 BK 3283-LTS (Jointly Administered) |
| In re: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO ("ERS"), Debtor. | PROMESA Title III No. 17 BK 3566-LTS (Jointly Administered) |
| In re: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA"), Debtor. | PROMESA Title III No. 17 BK 3567-LTS (Jointly Administered) |

**NOTICE OF COMMENCEMENT OF CASES UNDER TITLE III OF PROMESA, ENTRY OF ORDER FOR RELIEF AND RELATED MATTERS**

**TO ALL CREDITORS OF THE DEBTORS, AND TO OTHER PARTIES IN INTEREST, PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Commencement of Title III Cases and Orders for Relief**

On May 21, 2017 ("ERS's Petition Date"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as ERS's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed a petition ("ERS's Petition") with the United States District Court for the District of Puerto Rico (the "Court") under title III of PROMESA.

On May 21, 2017, the Puerto Rico Highways and Transportation Authority ("HTA," and together with ERS, the "Debtors"), by and through the Oversight Board, as HTA's representative pursuant to PROMESA section 315(b), filed a petition ("HTA's Petition," and together with ERS's Petition, the "Petitions") with the Court under title III of PROMESA. The filings of the Petitions constitute orders for relief under title III of PROMESA.

On June 29, 2017, the Court entered an order jointly administering of the title III cases (the "Title III Cases"), for procedural purposes only with the title III cases of the Commonwealth of the Puerto Rico (the "Commonwealth") and the Puerto Rico Sales Tax Financing Corporation ("COFINA"), pursuant to PROMESA section 304(g) and Bankruptcy Rule 1015, made applicable to these Title III Cases by PROMESA section 310.

These Title III Cases are pending before the Honorable Laura Taylor Swain, United States District Judge.

**General Case Information**

All documents filed in the above-captioned Title III Cases are available free of charge by accessing the website maintained by Prime Clerk LLC (the "Claims and Noticing Agent") at https://cases.primeclerk.com/puertorico (the "Case Website") or by contacting the proposed Claims and Noticing Agent directly at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers). You may also obtain copies of any documents by visiting the Court's website at www.prd.uscourts.gov in accordance with the procedures and fees set forth therein.

**Purpose of the Title III Cases**

Title III of PROMESA provides a means for a covered territory (such as the Commonwealth) or a covered instrumentality (such as ERS and HTA) that has encountered financial difficulty to work with its creditors to adjust its debts. To that end, certain sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (hereinafter, the "Bankruptcy Code") are incorporated in and made applicable to cases under title III of PROMESA.

During these Title III Cases, the Debtors will remain in possession and control of their property, and will continue to maintain their functions and provide services for the benefit of the residents of Puerto Rico. Under PROMESA, however, the Oversight Board is the representative of the Debtors (as debtors in these Title III Cases) and may take any action necessary on behalf of the Debtors to prosecute these Title III Cases. Under PROMESA, only the Oversight Board may file a plan of adjustment for the Debtors. In that regard, the Oversight Board (as representative of the Debtors) intends to propose a plan for the adjustment of the Debtors' debts. Future notice concerning any such plan will be provided pursuant to the form and manner of notice ordered by the Court. The Title III filings for the Debtors should not preclude efforts to continue voluntary debt restructuring negotiations and to seek consensual agreements with creditors.

Background information regarding the Commonwealth and its instrumentalities is contained in the *Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* [Case No. 17-3283, D.I. 1], attached to the Commonwealth's title III petition, which is available, free of charge, by accessing the Case Website.

**Automatic Stay**

Pursuant to Bankruptcy Code sections 362 and 922, which are made applicable in these Title III Cases, the filing of the Debtors' Petitions operates as an automatic stay of actions against the Debtors, including, among other things: the commencement or continuation of a judicial, administrative, or other action or proceeding against the Debtors or against an officer or inhabitant of the Debtors that was or could have been commenced before the commencement of these Title III Cases, or to recover a claim against the Debtors or against an officer or inhabitant of the Debtors that arose before the commencement of the Title III Cases.

**Motion to Limit Notice**

The Court also entered an order limiting notice of filings in the Debtors' Title III Cases to certain creditors and interested parties. If you wish to receive notices in these Title III Cases, you are encouraged to file with the Clerk of Court a written request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b), which are applicable in these Title III Cases. The request should include the following: (a) the requesting party's name, address, and telephone number; (b) the name and address of the requesting party's counsel, if any; (c) an e-mail address at which the requesting party may be served; (d) an address by which the requesting party may be served by U.S. mail, hand delivery, and/or overnight delivery; (e) a facsimile number for the requesting party, if applicable; and (f) the requesting party's relationship to the Debtors' case (*e.g.*, trade creditor, interested party, etc.).

**Inquiries**

Inquiries about the matters described herein may be directed to: (a) the Claims and Noticing Agent, at the contact information listed above, (b) the Oversight Board's counsel, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, (212) 969-3000 (Attn: Martin J. Bienenstock, Esq., Paul V. Possinger, Esq., Ehud Barak, Esq., and Maja Zerjal, Esq.), or (c) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, 7 Times Square, New York, NY 10036, (212) 326-2000 (Attn: John J. Rapisardi, Esq., Suzzanne Uhland, Esq., and Peter Friedman, Esq.).

[1] The Debtors in these Title III Cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808).

[2] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

# THE BOND BUYER

**The Bond Buyer Network**
of Products and Services

Your Direct Route to the **$3.7 Trillion** Municipal Market

**The Bond Buyer Newspaper —**
The only newspaper committed to serving the municipal bond market. No other publication covers and penetrates the municipal market and reaches the movers and shakers who set the pace for record sales. Make sure this powerful audience sees your message every day.

**The Bond Buyer Network**
is a powerful line of products and services targeted to bring your message directly to the $3.7 trillion Municipal Market.

**Put The Bond Buyer Network to work for you.**

For complete information on creating integrated advertising programs, contact
**MICHAEL BALLINGER |** 212.803.8481 | *Michael.Ballinger@sourcemedia.com*

**REACH YOUR TARGET AUDIENCE**
**Place your Redemption Advertising in**

**THE BOND BUYER**
**THE DAILY NEWSPAPER OF PUBLIC FINANCE**

*For more info e-mail nos@sourcemedia.com*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of THE COMMONWEALTH OF PUERTO RICO, *et al.*, Debtors.[1] | PROMESA Title III No. 17 BK 3283-LTS (Jointly Administered) |
| In re: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO ("ERS"), Debtor. | PROMESA Title III No. 17 BK 3566-LTS (Jointly Administered) |
| In re: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA"), Debtor. | PROMESA Title III No. 17 BK 3567-LTS (Jointly Administered) |

**NOTICE OF COMMENCEMENT OF CASES UNDER TITLE III OF PROMESA, ENTRY OF ORDER FOR RELIEF AND RELATED MATTERS**

**TO ALL CREDITORS OF THE DEBTORS, AND TO OTHER PARTIES IN INTEREST, PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Commencement of Title III Cases and Orders for Relief**

On May 21, 2017 ("ERS's Petition Date"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as ERS's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed a petition ("ERS's Petition") with the United States District Court for the District of Puerto Rico (the "Court") under title III of PROMESA.

On May 21, 2017, the Puerto Rico Highways and Transportation Authority ("HTA," and together with ERS, the "Debtors"), by and through the Oversight Board, as HTA's representative pursuant to PROMESA section 315(b), filed a petition ("HTA's Petition," and together with ERS's Petition, the "Petitions") with the Court under title III of PROMESA. The filings of the Petitions constitute orders for relief under title III of PROMESA.

On June 29, 2017, the Court entered an order jointly administering of the title III cases (the "Title III Cases"), for procedural purposes only with the title III cases of the Commonwealth of the Puerto Rico (the "Commonwealth") and the Puerto Rico Sales Tax Financing Corporation ("COFINA"), pursuant to PROMESA section 304(g) and Bankruptcy Rule 1015, made applicable to these Title III Cases by PROMESA section 310.

These Title III Cases are pending before the Honorable Laura Taylor Swain, United States District Judge.

**General Case Information**

All documents filed in the above-captioned Title III Cases are available free of charge by accessing the website maintained by Prime Clerk LLC (the "Claims and Noticing Agent") at https://cases.primeclerk.com/puertorico (the "Case Website") or by contacting the proposed Claims and Noticing Agent directly at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers). You may also obtain copies of any documents by visiting the Court's website at www.prd.uscourts.gov in accordance with the procedures and fees set forth therein.

**Purpose of the Title III Cases**

Title III of PROMESA provides a means for a covered territory (such as the Commonwealth) or a covered instrumentality (such as ERS and HTA) that has encountered financial difficulty to work with its creditors to adjust its debts. To that end, certain sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (hereinafter, the "Bankruptcy Code") are incorporated in and made applicable to cases under title III of PROMESA.

During these Title III Cases, the Debtors will remain in possession and control of their property, and will continue to maintain their functions and provide services for the benefit of the residents of Puerto Rico. Under PROMESA, however, the Oversight Board is the representative of the Debtors (as debtors in these Title III Cases) and may take any action necessary on behalf of the Debtors to prosecute these Title III Cases. Under PROMESA, only the Oversight Board may file a plan of adjustment for the Debtors. In that regard, the Oversight Board (as representative of the Debtors) intends to propose a plan for the adjustment of the Debtors' debts. Future notice concerning any such plan will be provided pursuant to the form and manner of notice ordered by the Court. The Title III filings for the Debtors should not preclude efforts to continue voluntary debt restructuring negotiations and to seek consensual agreements with creditors.

Background information regarding the Commonwealth and its instrumentalities is contained in the *Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* [Case No. 17-3283, D.I. 1], attached to the Commonwealth's title III petition, which is available, free of charge, by accessing the Case Website.

**Automatic Stay**

Pursuant to Bankruptcy Code sections 362 and 922, which are made applicable in these Title III Cases, the filing of the Debtors' Petitions operates as an automatic stay of actions against the Debtors, including, among other things: the commencement or continuation of a judicial, administrative, or other action or proceeding against the Debtors or against an officer or inhabitant of the Debtors that was or could have been commenced before the commencement of these Title III Cases, or to recover a claim against the Debtors or against an officer or inhabitant of the Debtors that arose before the commencement of the Title III Cases.

**Motion to Limit Notice**

The Court also entered an order limiting notice of filings in the Debtors' Title III Cases to certain creditors and interested parties. If you wish to receive notices in these Title III Cases, you are encouraged to file with the Clerk of Court a written request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b), which are applicable in these Title III Cases. The request should include the following: (a) the requesting party's name, address, and telephone number; (b) the name and address of the requesting party's counsel, if any; (c) an e-mail address at which the requesting party may be served; (d) an address by which the requesting party may be served by U.S. mail, hand delivery, and/or overnight delivery; (e) a facsimile number for the requesting party, if applicable; and (f) the requesting party's relationship to the Debtors' case (*e.g.*, trade creditor, interested party, etc.).

**Inquiries**

Inquiries about the matters described herein may be directed to: (a) the Claims and Noticing Agent, at the contact information listed above, (b) the Oversight Board's counsel, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, (212) 969-3000 (Attn: Martin J. Bienenstock, Esq., Paul V. Possinger, Esq., Ehud Barak, Esq., and Maja Zerjal, Esq.), or (c) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, 7 Times Square, New York, NY 10036, (212) 326-2000 (Attn: John J. Rapisardi, Esq., Suzzanne Uhland, Esq., and Peter Friedman, Esq.).

[1] The Debtors in these Title III Cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808).

[2] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

The Honorable Frederick P. Corbit
Chapter: 9

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re: Kennewick Public Hospital District, Debtor. | Case No. 17-02025-9<br>NOTICE OF COMMENCEMENT OF CASE UNDER CHAPTER 9, NOTICE OF AUTOMATIC STAY, NOTICE OF DEADLINE FOR FILING OBJECTIONS TO THE PETITION, AND NOTICE OF RELATED ORDERS |

TO CREDITORS AND OTHER PARTIES IN INTEREST:

NOTICE IS HEREBY GIVEN THAT:

1. **Commencement of a Case Under Chapter 9**. Kennewick Public Hospital District, a Washington public hospital district (d/b/a Trios Health) (the "District" or "Trios") filed its voluntary petition under chapter 9 of the United States Bankruptcy Code (the "Petition") on June 30, 2017 (the "Petition Date"). The District is established in Benton County as a "public hospital district," a form of municipal corporation authorized under Chapter 44 of Title 70 of the Revised Code of Washington.

2. **Automatic Stay**. The filing of the Petition operates as a stay, applicable to all entities, of, among other things, the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action against the District or against an officer or inhabitant of the District that seeks to enforce a claim against the District, the enforcement of a lien on or arising out of taxes or assessments owed by the District, and certain other acts and proceedings against the District or its property as provided in 11 U.S.C. §§ 362 and 922. The Court has entered an order ([ECF No. 66], the "Stay and Contract Protections Order") containing additional information confirming and detailing the protections of 11 U.S.C. §§ 362 and 922, regarding the automatic stay, and the protections of 11 U.S.C. § 365, regarding the anti-termination and anti-modification provisions applicable to executory contracts and unexpired leases. Parties in interest are encouraged to consult with counsel and review the Stay and Contract Protections Order by accessing (a) the website maintained by Garden City Group, LLC ("GCG" or the "Notice Agent") at http://cases.gardencitygroup.com/kphd/ or (b) PACER on the Court's website at http://www.waeb.uscourts.gov/ for a nominal fee. Paper copies of all pleadings filed in this Chapter 9 Case may be available from the Court.

3. **Deadline for Filing Objections to the Petition**. Objections to the Petition may be filed by a creditor or party in interest by no later than July 28, 2017 (the "Eligibility Objection Deadline"). Any such objection shall state the facts and legal authorities relied on in support of such objection; and shall be filed with the Bankruptcy Court and served on the following parties by the Eligibility Objection Deadline: (a) the District at 900 South Auburn Street, P.O. Box 6128, Kennewick, WA 99336 (Attn: Tony Sudduth, Chief Financial Officer); and (b) counsel to the District at Foster Pepper PLLC, 1111 Third Avenue, Suite 3000, Seattle, WA 98101 (Attn: Jack Cullen). If a timely objection is filed and served, a hearing will be held on the objection upon notice to parties in interest of such hearing.

4. **Order for Relief**. If no objection to the Petition is timely filed, the filing of the Petition shall be deemed an Order for Relief under Chapter 9 and this notice shall be deemed notice of such Order for Relief.

5. **List of Creditors**. The District will file a list of creditors (the "List of Creditors") pursuant to section 924 of the Bankruptcy Code on or before July 21, 2017.

DATED this 13th day of July, 2017.

FOSTER PEPPER PLLC, By: /s/ Jack Cullen, Jack Cullen, WSBA #7330, Bryan Glover, WSBA #51045, Andy Morton, WSBA #49467, Ella Vincent, WSBA #51351, *Attorneys for Debtor Kennewick Public Hospital District*

**It's more than a bond deal—**
You're creating a cleaner, safer environment.

**Price matters—get the best yield.**
Advertise your Competitive Sale in *The Bond Buyer.*
For more information, contact Kerry-Ann C. Parkes at 1.212.803.8436 or at nos@sourcemedia.com.

REACH YOUR TARGET AUDIENCE
Place your Redemption Advertising in
THE BOND BUYER
THE DAILY NEWSPAPER OF PUBLIC FINANCE
*For more info e-mail nos@sourcemedia.com*

# Legal Notices/Career Zone

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of THE COMMONWEALTH OF PUERTO RICO, *et al.*, Debtors.[1] | PROMESA Title III No. 17 BK 3283-LTS (Jointly Administered) |
| In re: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO ("ERS"), Debtor. | PROMESA Title III No. 17 BK 3566-LTS (Jointly Administered) |
| In re: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA"), Debtor. | PROMESA Title III No. 17 BK 3567-LTS (Jointly Administered) |

**NOTICE OF COMMENCEMENT OF CASES UNDER TITLE III OF PROMESA, ENTRY OF ORDER FOR RELIEF AND RELATED MATTERS**

**TO ALL CREDITORS OF THE DEBTORS, AND TO OTHER PARTIES IN INTEREST, PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Commencement of Title III Cases and Orders for Relief**

On May 21, 2017 ("ERS's Petition Date"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as ERS's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed a petition ("ERS's Petition") with the United States District Court for the District of Puerto Rico (the "Court") under title III of PROMESA.

On May 21, 2017, the Puerto Rico Highways and Transportation Authority ("HTA," and together with ERS, the "Debtors"), by and through the Oversight Board, as HTA's representative pursuant to PROMESA section 315(b), filed a petition ("HTA's Petition," and together with ERS's Petition, the "Petitions") with the Court under title III of PROMESA. The filings of the Petitions constitute orders for relief under title III of PROMESA.

On June 29, 2017, the Court entered an order jointly administering of the title III cases (the "Title III Cases"), for procedural purposes only with the title III cases of the Commonwealth of the Puerto Rico (the "Commonwealth") and the Puerto Rico Sales Tax Financing Corporation ("COFINA"), pursuant to PROMESA section 304(g) and Bankruptcy Rule 1015, made applicable to these Title III Cases by PROMESA section 310.

These Title III Cases are pending before the Honorable Laura Taylor Swain, United States District Judge.

**General Case Information**

All documents filed in the above-captioned Title III Cases are available free of charge by accessing the website maintained by Prime Clerk LLC (the "Claims and Noticing Agent") at https://cases.primeclerk.com/puertorico (the "Case Website") or by contacting the proposed Claims and Noticing Agent directly at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers). You may also obtain copies of any documents by visiting the Court's website at www.prd.uscourts.gov in accordance with the procedures and fees set forth therein.

**Purpose of the Title III Cases**

Title III of PROMESA provides a means for a covered territory (such as the Commonwealth) or a covered instrumentality (such as ERS and HTA) that has encountered financial difficulty to work with its creditors to adjust its debts. To that end, certain sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (hereinafter, the "Bankruptcy Code") are incorporated in and made applicable to cases under title III of PROMESA.

During these Title III Cases, the Debtors will remain in possession and control of their property, and will continue to maintain their functions and provide services for the benefit of the residents of Puerto Rico. Under PROMESA, however, the Oversight Board is the representative of the Debtors (as debtors in these Title III Cases) and may take any action necessary on behalf of the Debtors to prosecute these Title III Cases. Under PROMESA, only the Oversight Board may file a plan of adjustment for the Debtors. In that regard, the Oversight Board (as representative of the Debtors) intends to propose a plan for the adjustment of the Debtors' debts. Future notice concerning any such plan will be provided pursuant to the form and manner of notice ordered by the Court. The Title III filings for the Debtors should not preclude efforts to continue voluntary debt restructuring negotiations and to seek consensual agreements with creditors.

Background information regarding the Commonwealth and its instrumentalities is contained in the *Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* [Case No. 17-3283, D.I. 1], attached to the Commonwealth's title III petition, which is available, free of charge, by accessing the Case Website.

**Automatic Stay**

Pursuant to Bankruptcy Code sections 362 and 922, which are made applicable in these Title III Cases, the filing of the Debtors' Petitions operates as an automatic stay of actions against the Debtors, including, among other things: the commencement or continuation of a judicial, administrative, or other action or proceeding against the Debtors or against an officer or inhabitant of the Debtors that was or could have been commenced before the commencement of these Title III Cases, or to recover a claim against the Debtors or against an officer or inhabitant of the Debtors that arose before the commencement of the Title III Cases.

**Motion to Limit Notice**

The Court also entered an order limiting notice of filings in the Debtors' Title III Cases to certain creditors and interested parties. If you wish to receive notices in these Title III Cases, you are encouraged to file with the Clerk of Court a written request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b), which are applicable in these Title III Cases. The request should include the following: (a) the requesting party's name, address, and telephone number; (b) the name and address of the requesting party's counsel, if any; (c) an e-mail address at which the requesting party may be served; (d) an address by which the requesting party may be served by U.S. mail, hand delivery, and/or overnight delivery; (e) a facsimile number for the requesting party, if applicable; and (f) the requesting party's relationship to the Debtors' case (*e.g.*, trade creditor, interested party, etc.).

**Inquiries**

Inquiries about the matters described herein may be directed to: (a) the Claims and Noticing Agent, at the contact information listed above, (b) the Oversight Board's counsel, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, (212) 969-3000 (Attn: Martin J. Bienenstock, Esq., Paul V. Possinger, Esq., Ehud Barak, Esq., and Maja Zerjal, Esq.), or (c) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, 7 Times Square, New York, NY 10036, (212) 326-2000 (Attn: John J. Rapisardi, Esq., Suzzanne Uhland, Esq., and Peter Friedman, Esq.).

[1] The Debtors in these Title III Cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808).

[2] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

give NOTICE

You could save some money.

Advertise your Competitive Sale in *The Bond Buyer.*

For more information, contact Kerry-Ann C. Parkes at 1.212.803.8436 or at nos@sourcemedia.com.

THE BOND BUYER CAREERZONE

Contact:
Reana Teichman
Phone: 212-803-8620
reana.teichman@sourcemedia.com

MSRB

DEPUTY GENERAL COUNSEL

The Municipal Securities Rulemaking Board (MSRB) seeks a Deputy General Counsel to support the General Counsel in overseeing and executing the development of the MSRB's rules and regulatory guidance. The Deputy General Counsel will be responsible for supervising a professional staff of attorneys as well as managing the day-to-day operations of the Department work and timelines.

**Qualifications:**

- Law degree plus 15 years of legal experience in the securities industry, at a national law firm or a regulated organization
- In-depth knowledge of the municipal securities market, securities laws, MSRB rules and self-regulatory organization rulemaking
- Extensive experience dealing with brokers, dealers, banks, municipal advisors and other municipal market participants
- Demonstrated success in strong people management, and in managing numerous activities and initiatives simultaneously

**Skills:**

- Proven self-sufficient, results-oriented team player
- High ethical standards and a profound sense of integrity, consistent with the MSRB's vision and values
- Excellent judgment and critical thinking skills

To apply, go to our website **www.msrb.org** and click "join our team" on the careers page.

*NOTICE OF PARTIAL REDEMPTION TO THE HOLDERS OF*

**Wanaque Valley Sewerage Authority**

**Sewer Revenue Bonds, Series 1993B**

**NOTICE IS HEREBY GIVEN** that, pursuant to the applicable provisions of the governing documents of the above captioned Bonds (the "Bonds"), $450,000 principal amount of the Bonds will be redeemed on September 1, 2017, at the referenced Redemption Price, together with interest accrued to September 1, 2017. From and after September 1, 2017, interest on the Bonds shall cease to accrue.

The following Bonds will be redeemed and paid upon presentation to the office(s) shown below

| *CUSIP Number | Rate | Maturity | Redemption Price | Bond Number | Amount Called |
|---|---|---|---|---|---|
| 933685BM0 | 5.75% | 09/01/2018 | 100.00% | BOOK | $435,000 |
| 933685BM0 | 5.75% | 09/01/2018 | 100.00% | RB_550 | $10,000 |
| 933685BM0 | 5.75% | 09/01/2018 | 100.00% | RB_465 | $5,000 |

Payment of the Bonds called for redemption will be made upon presentation and surrender of said Bonds, at the location shown below. In the case of any registered Bonds to be redeemed in part only, upon presentation of such Bond for redemption, there will be issued in lieu of the unredeemed portion of the principal thereof a new registered Bond or Bonds in principal amount equal to such unredeemed portion.

Called Bonds should be presented as follows:

| *First Class/Registered/Certified* | *Express Delivery Only* | *By Hand Only* |
|---|---|---|
| **The Bank of New York Mellon** | **The Bank of New York Mellon** | **The Bank of New York Mellon** |
| Global Corporate Trust | Global Corporate Trust | Global Corporate Trust |
| P.O. Box 396 | 111 Sanders Creek Pkwy. | Corporate Trust Window |
| East Syracuse, | East Syracuse, | 101 Barclay Street, 1st Fl. E. |
| New York 13057 | New York 13057 | New York, New York 10286 |

WANAQUE VALLEY SEWERAGE AUTHORITY
**By: The Bank of New York Mellon**
*as Trustee Agent*
**Bondholder Communications: 800-254-2826**

THE BANK OF NEW YORK MELLON

Dated: July 27, 2017

**IMPORTANT TAX INFORMATION**

Withholding of 28% of gross redemption proceeds of any payment made within the United States may be required by the Jobs and Growth Tax Relief Reconciliation Act of 2003 (the "Act"), unless the Paying Agent has the correct taxpayer identification number (social security or employer identification number) or exemption certificate of the payee. Please furnish a properly completed Form W-9 or exemption certificate or equivalent when presenting your securities.

***NOTE:** *The Issuer and Trustee/Agent shall not be responsible for the selection or use of the CUSIP numbers selected, nor is any representation made as to their correctness indicated in the notice or as printed on any Bond. They are included solely for the convenience of the holders.*

To place your Bond Redemption Advertisement in *The Bond Buyer,* please call Kerry-Ann Blake-Parkes at 1.212.803.8436 or email it to nos@sourcemedia.com.

**Exhibit B**



# AFFIDAVIT OF PUBLICATION

**State of New York )**

**:**

**County of New York )**

Ana Vera, Being duly sworn declares that she is

Senior Account Executive for the daily newspaper El Diario / La Prensa,

Published in the City, County and State of New York by CPK NYC, LLC.,

with main offices located at One Metrotech Center, 18th Floor, Brooklyn, NY 11201

And that Legal Notice

(Advertisement), a true copy of which is annexed, was published in the said

Newspaper for THE COMMONWEALTH OF PUERTO RICO on Thursday

July 13, 20, 27 Of the year 2017.

Ana Vera

Sworn to before me this 27th

Day of July 2017

Notary Public

MARTHA CITY
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CI6147323
Qualified in Queens County
Certificate Filed in New York County
My Commission Expires May 30, 2018

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| In re:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>Como representante del<br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *et al.*,<br>Deudores.[1] | PROMESA<br>Título III<br>No. 17 BK 3283-LTS<br>(Administración Conjunta) |
| In re:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>Como representante del<br>SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO,<br>Deudor. | PROMESA<br>Título III<br>No. 17 BK 3566-LTS<br>(Administración Conjunta) |
| In re:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>Como representante de la<br>AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO,<br>Deudor. | PROMESA<br>Título III<br>No. 17 BK 3567-LTS<br>(Administración Conjunta) |

**NOTIFICACIÓN DE COMIENZO DE PROCESOS BAJO EL TÍTULO III DE PROMESA, EMISIÓN DE ORDEN CONCEDIENDO REMEDIOS Y OTROS ASUNTOS RELACIONADOS**

**A TODOS LOS ACREEDORES DE LOS DEUDORES, Y OTRAS PARTES INTERESADAS, FAVOR TOMAR NOTA DE LO SIGUIENTE:**

**Comienzo de Procesos bajo el Título III y Orden de Remedios**

El 21 de mayo de 2017 (la "Fecha de la Petición del ERS"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "ERS" por su siglas en inglés), por conducto de y a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante del ERS a tenor con el artículo 315 de la Ley de Supervisión, Administración y Estabilidad Económica de Puerto Rico (*Puerto Rico Oversight, Management, and Economic Stability Act*) ("PROMESA"),[2] presentó una petición (la "Petición del ERS") bajo el Título III de PROMESA ante el Tribunal de Distrito Federal para el Distrito de Puerto Rico (el "Tribunal").

El 21 de mayo de 2017, la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA" por su siglas en inglés y conjuntamente con el ERS, los "Deudores"), por conducto de y a través de la Junta de Supervisión, como representante de HTA a tenor con el artículo 315(b) de PROMESA, presentó ante el Tribunal una petición (la "Petición de HTA", y conjuntamente con la Petición del ERS, la "Peticiones") bajo el Título III de PROMESA. La radicación de las Peticiones constituye órdenes de remedio bajo el Título III de PROMESA.

El 29 de junio de 2017, el Tribunal emitió una orden para la administración conjunta de los casos bajo el Título III (los "Casos Título III") junto a los casos bajo el Título III del Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") y de la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), para propósitos procesales solamente, según permite la sección 304(g) de PROMESA y la Regla 1010 de las Reglas de Procedimiento de Quiebras (*Bankruptcy Rules*), extensiva a estos Casos Título III bajo la sección 310 de PROMESA.

Estos Casos Título III se encuentran ante la consideración de la Honorable Laura Taylor Swain, Juez de Distrito de los Estados Unidos.

**Información General del Caso**

Todos los documentos radicados en los Casos Título III de epígrafe están disponibles sin costo alguno accediendo a la página web de Prime Clerk LLC (el "Agente de Reclamaciones y Notificaciones") a través del siguiente enlace: https://cases.primeclerk.com/puertorico, (la "Página Web del Caso") o contactando directamente al propuesto Agente de Reclamaciones y Notificaciones al (844)-822-9231 (llamadas gratuitas para EE.UU. y Puerto Rico) o (646)-486-7944 (llamadas internacionales). Además, se pueden obtener copias de los documentos a través de la página web del Tribunal, www.prd.uscourts.gov, sujeto a los requisitos y tarifas que allí se desglosan.

**Propósito del Caso de Título III**

El Título III de PROMESA provee un mecanismo que le permite a un territorio cubierto por la ley (como lo es el Estado Libre Asociado) o una instrumentalidad territoriales cubierta (como lo son ERS y HTA) que enfrenta dificultades financieras trabajar con sus acreedores para ajustar sus deudas. Con este fin, ciertas disposiciones del Código de Quiebras de los Estados Unidos, 11 U.S.C. § 101 *et seq.* (en adelante, el "Código de Quiebras") se han incorporado y son aplicables a los casos radicados bajo el Título III de PROMESA.

Durante estos Casos Título III, los Deudores mantendrán posesión y control de su propiedad, y continuarán manteniendo sus funciones y proveyendo servicios para el beneficio de los ciudadanos de Puerto Rico. Sin embargo, bajo PROMESA, la Junta de Supervisión será la representante de los Deudores (como deudores en los Casos Título III) y podrá tomar cualquier acción necesaria en representación de los Deudores para ejercer sus funciones en estos Casos Título III. Bajo las disposiciones de PROMESA, únicamente la Junta de Supervisión puede presentar planes de ajuste de deuda para los Deudores. La Junta de Supervisión (como representante de los Deudores) planifica proponer un plan de ajuste de las deudas delos Deudores. Cualquier notificación futura respecto al plan mencionado será provista en la forma y manera de notificación que sea ordenada por el Tribunal. Las radicaciones de los Casos Título III a nombre de los Deudores no deben impedir los esfuerzos de continuar negociaciones voluntarias para la reestructuración de deuda y el llegar a un acuerdo consensual con los acreedores.

La información de trasfondo relacionada con el Estado Libre Asociado y sus instrumentalidades territoriales se encuentra en la Notificación de la Declaración de la Junta de Supervisión en Relación con la Petición del Estado Libre Asociado bajo el Título III de PROMESA (*Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* ) [Caso Núm. 17-3283, D.I. 1], anejada a la petición bajo el Título III del Estado Libre Asociado, la cual está disponible, sin costo alguno, accediendo a la Página Web del Caso.

**La Paralización Automática**

De conformidad con las secciones 362 y 922 del Código de Quiebras, las cuales son aplicables a los Casos Título III, la radicación de las Peticiones de los Deudores opera como una paralización automática que impide acciones en contra de los Deudores, incluyendo, entre otras cosas: el comienzo o la continuación de cualquier acción o proceso judicial, administrativo o de otra índole que fue o pudo haber sido interpuesto en contra de los Deudores, de sus oficiales o habitantes de los Deudores que fue o pudo haberse iniciado antes del comienzo de los Caso Título III, o para ejercer cualquier reclamo en contra de los Deudores, sus oficiales o habitantes cuyo derecho surgió antes de que se iniciara el Caso de Título III.

**Moción Solicitando Limitar Notificaciones**

El Tribunal también emitió una orden limitando las notificaciones de los escritos radicados en los Casos Título III de los Deudores a ciertos acreedores y partes interesadas. Si a usted le interesa recibir las notificaciones que se emitirán en los Casos Título III, se le exhorta radicar ante el Secretario(a) del Tribunal una solicitud de notificación de documentos conforme a los términos establecidos en las Reglas de Procedimiento de Quiebras 2002 y 9010(b), aplicables a estos Casos Título III. La solicitud debe incluir lo siguiente: (a) el nombre, dirección y número de teléfono del peticionario; (b) el nombre y dirección de los abogados del peticionario, de ser aplicable; (c) el correo electrónico donde el peticionario puede recibir notificaciones; (d) una dirección donde el peticionario pueda ser notificado mediante correo de los EE.UU., entregado en sus manos y/o por correo expreso; (e) un número de facsímil para el peticionario, de ser aplicable; y (f) una descripción de la relación del peticionario con los Casos Título III de los Deudores (*e.g.*, acreedor, parte interesada, etc.).

**Consultas**

Cualquier consulta sobre los asuntos aquí descritos podrá dirigirse a: (a) el Agente de Reclamaciones y Notificaciones, usando la información de contactos provista anteriormente, (b) los abogados de la Junta de Supervisión, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, (212) 969-3000 (Atención a: Lcdo. Martin J. Bienenstock, Lcdo. Paul V. Possinger, Lcdo. Ehud Barak, y Lcda. Maja Zerjal), o (c) a los abogados para la Agencia Fiscal y Autoridad de Asesoría Financiera de Puerto, O'Melveny & Myers LLP, 7 Times Square, New York, NY 10036, (212) 326-2000 (Atención a: Lcdo. John J. Rapisardi, Lcda. Suzzanne Uhland, y Lcdo. Peter Friedman).

[1] Los Deudores en estos casos bajo el Titulo III de PROMESA, junto con el número del caso de quiebra y los últimos cuatro dígitos de su identificación contributiva federal, según aplique, correspondiente a cada Deudor, son (i) Estado Libre Asociado de Puerto Rico (Caso de Quiebra No. 17 BK 3283-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra No. 17 BK 3284-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 8474); (iii) el Sistema de Retiro de los Empleados del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de Quiebra No. 17 BK 3566-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 9686); y (iv) la Autoridad de Carreteras y Transportación ("HTA") Caso de Quiebra No. 17 BK 3567-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 3808).

[2] PROMESA ha sido codificada bajo 48 U.S.C. §§ 2101-2241.

923-16749-1

THE 6TH ANNUAL DOMINICAN FILM FESTIVAL NEW YORK

SOMOS MAS QUE MERENGUE Y BACHATA, SOMOS CINEMA

JULY 25-30 2017

VENUES

UNITED PALACE THEATER
4140 Broadway New York, NY 10033

AMC EMPIRE 25
234 W 42nd Street, New York, NY 10036

THE ARMORY FOUNDATION HALL OF FAME THEATER
216 Forth Washington Ave. (at 168th Street) New York NY10032

NEW YORK-PRESBYTERIAN HOSPITAL
The Myrna L. Daniels Auditorium
173 Fort Washington Avenue New York, NY 10032

COMISIONADO DOMINICANO DE CULTURA EN USA
541 W 145th Street, (2nd Floor) New York, NY 10031

COLUMBIA UNIVERSITY MEDICAL CENTER
Vagelos Education Center
104 Haven Avenue New York, NY 10033

NOCHE DE APERTURA

CARPINTEROS
José Maria Cabral | 2017 | Ficción | 106min

Jueves, Julio 25 @7:00pm
United Palace Theater

7:00pm Alfombra Roja
8:00pm Presentacion del FestivaL
8:30pm Premiere del filme "CARPINTEROS"
11:00pm Fiesta de Apertura at 809 Grill & Bar

NOCHE DE CLAUSURA

FLOR DE AZUCAR
Fernando Báez Mella | Ficción | 2016 | 110min
NEW YORK PREMIERE
Sunday, Julio 30 @7:00 PM • AMC Empire 25

EVENTOS DESTACADOS DEL FESTIVAL

HOMENAJE A MANNY PEREZ
Una retrospectiva celebrando su carrera como actor.

TRIBUTO A FERNANDO BAEZ:
Restrospectiva celebrando su carrera de director y productor

RETROSPECTIVAS "La Experiencia Haitina en la República Dominicana"
Muestra de cine documental socio-político sobre la emigración haitiana en la Republica Dominicana

VOLVER A MIRAR:
Una gran oportunidad para ver algunas de la películas que hemos presentado en los ultimos cinco años y volver a disfrutar

CONVERSATORIOS & PANELES
• La Ley de Cine Dominicana • Entretenimiento y Leyes
• Distribución en el Caribe • Master Class de Producción

924-16529-1

Organiza: CINE-ART ENTERTAINMENT PRODUCTIONS

NewYork-Presbyterian · hispanicfederation · Columbia University Medical Center · LatinMaps · 41 Univision Nueva York · UniMás Nueva York · Cine Latino · DELTA · CHIVAS · WADO · EL DIARIO · BARCELÓ · CREATIVE · CAFA · The Armory Foundation · United Palace · NCMA · Independent · enVivo · Edge Hotel · IMPACTO Latino · SEAWALK · LatinTRENDS · Dominican Republic · AGAPE · Papi

DOMINICANFILMFESTIVAL.COM
@DFFNYC #DFFNYC #ViveTuCine

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| In re:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>Como representante del<br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *et al.*,<br>Deudores.[1] | PROMESA<br>Título III<br>No. 17 BK 3283-LTS<br>(Administración Conjunta) |
| In re:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>Como representante del<br>SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO,<br>Deudor. | PROMESA<br>Título III<br>No. 17 BK 3566-LTS<br>(Administración Conjunta) |
| In re:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>Como representante de la<br>AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO,<br>Deudor. | PROMESA<br>Título III<br>No. 17 BK 3567-LTS<br>(Administración Conjunta) |

**NOTIFICACIÓN DE COMIENZO DE PROCESOS BAJO EL TÍTULO III DE PROMESA, EMISIÓN DE ORDEN CONCEDIENDO REMEDIOS Y OTROS ASUNTOS RELACIONADOS**

**A TODOS LOS ACREEDORES DE LOS DEUDORES, Y OTRAS PARTES INTERESADAS, FAVOR TOMAR NOTA DE LO SIGUIENTE:**

**Comienzo de Procesos bajo el Título III y Orden de Remedios**

El 21 de mayo de 2017 (la "Fecha de la Petición del ERS"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "ERS" por su siglas en inglés), por conducto de y a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante del ERS a tenor con el artículo 315 de la Ley de Supervisión, Administración y Estabilidad Económica de Puerto Rico (*Puerto Rico Oversight, Management, and Economic Stability Act)* ("PROMESA"),[2] presentó una petición (la "Petición del ERS") bajo el Título III de PROMESA ante el Tribunal de Distrito Federal para el Distrito de Puerto Rico (el "Tribunal").

El 21 de mayo de 2017, la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA" por su siglas en inglés y conjuntamente con el ERS, los "Deudores"), por conducto de y a través de la Junta de Supervisión, como representante de HTA a tenor con el artículo 315(b) de PROMESA, presentó ante el Tribunal una petición (la "Petición de HTA", y conjuntamente con la Petición del ERS, la "Peticiones") bajo el Título III de PROMESA. La radicación de las Peticiones constituye órdenes de remedio bajo el Título III de PROMESA.

El 29 de junio de 2017, el Tribunal emitió una orden para la administración conjunta de los casos bajo el Título III (los "Casos Título III") junto a los casos bajo el Título III del Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") y de la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), para propósitos procesales solamente, según permite la sección 304(g) de PROMESA y la Regla 1010 de las Reglas de Procedimiento de Quiebras (*Bankruptcy Rules*), extensiva a estos Casos Título III bajo la sección 310 de PROMESA.

Estos Casos Título III se encuentran ante la consideración de la Honorable Laura Taylor Swain, Juez de Distrito de los Estados Unidos.

**Información General del Caso**

Todos los documentos radicados en los Casos Título III de epígrafe están disponibles sin costo alguno accediendo a la página web de Prime Clerk LLC (el "Agente de Reclamaciones y Notificaciones") a través del siguiente enlace: https://cases.primeclerk.com/puertorico, (la "Página Web del Caso") o contactando directamente al propuesto Agente de Reclamaciones y Notificaciones al (844)-822-9231 (llamadas gratuitas para EE.UU. y Puerto Rico) o (646)-486-7944 (llamadas internacionales). Además, se pueden obtener copias de los documentos a través de la página web del Tribunal, www.prd.uscourts.gov, sujeto a los requisitos y tarifas que allí se desglosan.

**Propósito del Caso de Título III**

El Título III de PROMESA provee un mecanismo que le permite a un territorio cubierto por la ley (como lo es el Estado Libre Asociado) o una instrumentalidad territoriales cubierta (como lo son ERS y HTA) que enfrenta dificultades financieras trabajar con sus acreedores para ajustar sus deudas. Con este fin, ciertas disposiciones del Código de Quiebras de los Estados Unidos, 11 U.S.C. § 101 *et seq.* (en adelante, el "Código de Quiebras") se han incorporado y son aplicables a los casos radicados bajo el Título III de PROMESA.

Durante estos Casos Título III, los Deudores mantendrán posesión y control de su propiedad, y continuarán manteniendo sus funciones y proveyendo servicios para el beneficio de los ciudadanos de Puerto Rico. Sin embargo, bajo PROMESA, la Junta de Supervisión será la representante de los Deudores (como deudores en los Casos Título III) y podrá tomar cualquier acción necesaria en representación de los Deudores para ejercer sus funciones en estos Casos Título III. Bajo las disposiciones de PROMESA, únicamente la Junta de Supervisión puede presentar planes de ajuste de deuda para los Deudores. La Junta de Supervisión (como representante de los Deudores) planifica proponer un plan de ajuste de las deudas delos Deudores. Cualquier notificación futura respecto al plan mencionado será provista en la forma y manera de notificación que sea ordenada por el Tribunal. Las radicaciones de los Casos Título III a nombre de los Deudores no deben impedir los esfuerzos de continuar negociaciones voluntarias para la reestructuración de deuda y el llegar a un acuerdo consensual con los acreedores.

La información de trasfondo relacionada con el Estado Libre Asociado y sus instrumentalidades territoriales se encuentra en la Notificación de la Declaración de la Junta de Supervisión en Relación con la Petición del Estado Libre Asociado bajo el Título III de PROMESA (*Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* ) [Caso Núm. 17-3283, D.I. 1], anejada a la petición bajo el Título III del Estado Libre Asociado, la cual está disponible, sin costo alguno, accediendo a la Página Web del Caso.

**La Paralización Automática**

De conformidad con las secciones 362 y 922 del Código de Quiebras, las cuales son aplicables a los Casos Título III, la radicación de las Peticiones de los Deudores opera como una paralización automática que impide acciones en contra de los Deudores, incluyendo, entre otras cosas: el comienzo o la continuación de cualquier acción o proceso judicial, administrativo o de otra índole que fue o pudo haber sido interpuesto en contra de los Deudores, de sus oficiales o habitantes de los Deudores que fue o pudo haberse iniciado antes del comienzo de los Caso Título III, o para ejercer cualquier reclamo en contra de los Deudores, sus oficiales o habitantes cuyo derecho surgió antes de que se iniciara el Caso de Título III.

**Moción Solicitando Limitar Notificaciones**

El Tribunal también emitió una orden limitando las notificaciones de los escritos radicados en los Casos Título III de los Deudores a ciertos acreedores y partes interesadas. Si a usted le interesa recibir las notificaciones que se emitirán en los Casos Título III, se le exhorta radicar ante el Secretario(a) del Tribunal una solicitud de notificación de documentos conforme a los términos establecidos en las Reglas de Procedimiento de Quiebras 2002 y 9010(b), aplicables a estos Casos Título III. La solicitud debe incluir lo siguiente: (a) el nombre, dirección y número de teléfono del peticionario; (b) el nombre y dirección de los abogados del peticionario, de ser aplicable; (c) el correo electrónico donde el peticionario puede recibir notificaciones; (d) una dirección donde el peticionario pueda ser notificado mediante correo de los EE.UU., entregado en sus manos y/o por correo expreso; (e) un número de facsímil para el peticionario, de ser aplicable; y (f) una descripción de la relación del peticionario con los Casos Título III de los Deudores (*e.g.*, acreedor, parte interesada, etc.).

**Consultas**

Cualquier consulta sobre los asuntos aquí descritos podrá dirigirse a: (a) el Agente de Reclamaciones y Notificaciones, usando la información de contactos provista anteriormente, (b) los abogados de la Junta de Supervisión, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, (212) 969-3000 (Atención a: Lcdo. Martin J. Bienenstock, Lcdo. Paul V. Possinger, Lcdo. Ehud Barak, y Lcda. Maja Zerjal), o (c) a los abogados para la Agencia Fiscal y Autoridad de Asesoría Financiera de Puerto, O'Melveny & Myers LLP, 7 Times Square, New York, NY 10036, (212) 326-2000 (Atención a: Lcdo. John J. Rapisardi, Lcda. Suzzanne Uhland, y Lcdo. Peter Friedman).

1 Los Deudores en estos casos bajo el Titulo III de PROMESA, junto con el número del caso de quiebra y los últimos cuatro dígitos de su identificación contributiva federal, según aplique, correspondiente a cada Deudor, son (i) Estado Libre Asociado de Puerto Rico (Caso de Quiebra No. 17 BK 3283-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra No. 17 BK 3284-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 8474); (iii) el Sistema de Retiro de los Empleados del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de Quiebra No. 17 BK 3566-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 9686); y (iv) la Autoridad de Carreteras y Transportación ("HTA") Caso de Quiebra No. 17 BK 3567-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 3808).

2 PROMESA ha sido codificada bajo 48 U.S.C. §§ 2101-2241.

923-16749-1

Vive la pasión de los DEPORTES todos los días en...

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| In re:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>Como representante del<br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *et al.*,<br>Deudores.[1] | PROMESA<br>Título III<br>No. 17 BK 3283-LTS<br>(Administración Conjunta) |
| In re:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>Como representante del<br>SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO,<br>Deudor. | PROMESA<br>Título III<br>No. 17 BK 3566-LTS<br>(Administración Conjunta) |
| In re:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>Como representante de la<br>AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO,<br>Deudor. | PROMESA<br>Título III<br>No. 17 BK 3567-LTS<br>(Administración Conjunta) |

**NOTIFICACIÓN DE COMIENZO DE PROCESOS BAJO EL TÍTULO III DE PROMESA, EMISIÓN DE ORDEN CONCEDIENDO REMEDIOS Y OTROS ASUNTOS RELACIONADOS**

**A TODOS LOS ACREEDORES DE LOS DEUDORES, Y OTRAS PARTES INTERESADAS, FAVOR TOMAR NOTA DE LO SIGUIENTE:**

**Comienzo de Procesos bajo el Título III y Orden de Remedios**

El 21 de mayo de 2017 (la "Fecha de la Petición del ERS"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "ERS" por su siglas en inglés), por conducto de y a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante del ERS a tenor con el artículo 315 de la Ley de Supervisión, Administración y Estabilidad Económica de Puerto Rico (*Puerto Rico Oversight, Management, and Economic Stability Act)* ("PROMESA"),[2] presentó una petición (la "Petición del ERS") bajo el Título III de PROMESA ante el Tribunal de Distrito Federal para el Distrito de Puerto Rico (el "Tribunal").

El 21 de mayo de 2017, la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA" por su siglas en inglés y conjuntamente con el ERS, los "Deudores"), por conducto de y a través de la Junta de Supervisión, como representante de HTA a tenor con el artículo 315(b) de PROMESA, presentó ante el Tribunal una petición (la "Petición de HTA", y conjuntamente con la Petición del ERS, la "Peticiones") bajo el Título III de PROMESA. La radicación de las Peticiones constituye órdenes de remedio bajo el Título III de PROMESA.

El 29 de junio de 2017, el Tribunal emitió una orden para la administración conjunta de los casos bajo el Título III (los "Casos Título III") junto a los casos bajo el Título III del Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") y de la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), para propósitos procesales solamente, según permite la sección 304(g) de PROMESA y la Regla 1010 de las Reglas de Procedimiento de Quiebras (*Bankruptcy Rules*), extensiva a estos Casos Título III bajo la sección 310 de PROMESA.

Estos Casos Título III se encuentran ante la consideración de la Honorable Laura Taylor Swain, Juez de Distrito de los Estados Unidos.

**Información General del Caso**

Todos los documentos radicados en los Casos Título III de epígrafe están disponibles sin costo alguno accediendo a la página web de Prime Clerk LLC (el "Agente de Reclamaciones y Notificaciones") a través del siguiente enlace: https://cases.primeclerk.com/puertorico, (la "Página Web del Caso") o contactando directamente al propuesto Agente de Reclamaciones y Notificaciones al (844)-822-9231 (llamadas gratuitas para EE.UU. y Puerto Rico) o (646)-486-7944 (llamadas internacionales). Además, se pueden obtener copias de los documentos a través de la página web del Tribunal, www.prd.uscourts.gov, sujeto a los requisitos y tarifas que allí se desglosan.

**Propósito del Caso de Título III**

El Título III de PROMESA provee un mecanismo que le permite a un territorio cubierto por la ley (como lo es el Estado Libre Asociado) o una instrumentalidad territoriales cubierta (como lo son ERS y HTA) que enfrenta dificultades financieras trabajar con sus acreedores para ajustar sus deudas. Con este fin, ciertas disposiciones del Código de Quiebras de los Estados Unidos, 11 U.S.C. § 101 *et seq.* (en adelante, el "Código de Quiebras") se han incorporado y son aplicables a los casos radicados bajo el Título III de PROMESA.

Durante estos Casos Título III, los Deudores mantendrán posesión y control de su propiedad, y continuarán manteniendo sus funciones y proveyendo servicios para el beneficio de los ciudadanos de Puerto Rico. Sin embargo, bajo PROMESA, la Junta de Supervisión será la representante de los Deudores (como deudores en los Casos Título III) y podrá tomar cualquier acción necesaria en representación de los Deudores para ejercer sus funciones en estos Casos Título III. Bajo las disposiciones de PROMESA, únicamente la Junta de Supervisión puede presentar planes de ajuste de deuda para los Deudores. La Junta de Supervisión (como representante de los Deudores) planifica proponer un plan de ajuste de las deudas delos Deudores. Cualquier notificación futura respecto al plan mencionado será provista en la forma y manera de notificación que sea ordenada por el Tribunal. Las radicaciones de los Casos Título III a nombre de los Deudores no deben impedir los esfuerzos de continuar negociaciones voluntarias para la reestructuración de deuda y el llegar a un acuerdo consensual con los acreedores.

La información de trasfondo relacionada con el Estado Libre Asociado y sus instrumentalidades territoriales se encuentra en la Notificación de la Declaración de la Junta de Supervisión en Relación con la Petición del Estado Libre Asociado bajo el Título III de PROMESA (*Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* ) [Caso Núm. 17-3283, D.I. 1], anejada a la petición bajo el Título III del Estado Libre Asociado, la cual está disponible, sin costo alguno, accediendo a la Página Web del Caso.

**La Paralización Automática**

De conformidad con las secciones 362 y 922 del Código de Quiebras, las cuales son aplicables a los Casos Título III, la radicación de las Peticiones de los Deudores opera como una paralización automática que impide acciones en contra de los Deudores, incluyendo, entre otras cosas: el comienzo o la continuación de cualquier acción o proceso judicial, administrativo o de otra índole que fue o pudo haber sido interpuesto en contra de los Deudores, de sus oficiales o habitantes de los Deudores que fue o pudo haberse iniciado antes del comienzo de los Caso Título III, o para ejercer cualquier reclamo en contra de los Deudores, sus oficiales o habitantes cuyo derecho surgió antes de que se iniciara el Caso de Título III.

**Moción Solicitando Limitar Notificaciones**

El Tribunal también emitió una orden limitando las notificaciones de los escritos radicados en los Casos Título III de los Deudores a ciertos acreedores y partes interesadas. Si a usted le interesa recibir las notificaciones que se emitirán en los Casos Título III, se le exhorta radicar ante el Secretario(a) del Tribunal una solicitud de notificación de documentos conforme a los términos establecidos en las Reglas de Procedimiento de Quiebras 2002 y 9010(b), aplicables a estos Casos Título III. La solicitud debe incluir lo siguiente: (a) el nombre, dirección y número de teléfono del peticionario; (b) el nombre y dirección de los abogados del peticionario, de ser aplicable; (c) el correo electrónico donde el peticionario puede recibir notificaciones; (d) una dirección donde el peticionario pueda ser notificado mediante correo de los EE.UU., entregado en sus manos y/o por correo expreso; (e) un número de facsímil para el peticionario, de ser aplicable; y (f) una descripción de la relación del peticionario con los Casos Título III de los Deudores (*e.g.*, acreedor, parte interesada, etc.).

**Consultas**

Cualquier consulta sobre los asuntos aquí descritos podrá dirigirse a: (a) el Agente de Reclamaciones y Notificaciones, usando la información de contactos provista anteriormente, (b) los abogados de la Junta de Supervisión, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, (212) 969-3000 (Atención a: Lcdo. Martin J. Bienenstock, Lcdo. Paul V. Possinger, Lcdo. Ehud Barak, y Lcda. Maja Zerjal), o (c) a los abogados para la Agencia Fiscal y Autoridad de Asesoría Financiera de Puerto, O'Melveny & Myers LLP, 7 Times Square, New York, NY 10036, (212) 326-2000 (Atención a: Lcdo. John J. Rapisardi, Lcda. Suzzanne Uhland, y Lcdo. Peter Friedman).

[1] Los Deudores en estos casos bajo el Título III de PROMESA, junto con el número del caso de quiebra y los últimos cuatro dígitos de su identificación contributiva federal, según aplique, correspondiente a cada Deudor, son (i) Estado Libre Asociado de Puerto Rico (Caso de Quiebra No. 17 BK 3283-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra No. 17 BK 3284-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 8474); (iii) el Sistema de Retiro de los Empleados del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de Quiebra No. 17 BK 3566-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 9686); y (iv) la Autoridad de Carreteras y Transportación ("HTA") Caso de Quiebra No. 17 BK 3567-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 3808).

[2] PROMESA ha sido codificada bajo 48 U.S.C. §§ 2101-2241.

923-16749-1

# #NuestrosPaíses

**Panorama de calles en Caracas parcialmente vacías ayer, durante la huelga general de 48 horas convocada por la oposición.** /EFE

#Venezuela

## EEUU: la Constituyente podría provocar "el fin de la democracia"

Quienes se unan a la ANC se exponen a sanciones del Tío Sam

**EFE**
**WASHINGTON**

El Gobierno de EEUU afirmó ayer que, de seguir adelante, la Asamblea Nacional Constituyente (ANC) programada para este domingo podría marcar el "fin de la democracia en Venezuela" y advirtió de que quienes se unan a ese órgano impulsado por el chavismo se expondrán a sanciones estadounidenses.

"Vemos la fecha del 30 de julio como una línea roja que, si se cruza, podría suponer el fin de la democracia en Venezuela", dijo a periodistas un alto funcionario del Gobierno de Donald Trump, que pidió el anonimato.

"Estamos preparados para anunciar que cualquiera que decida unirse a la ANC deberá saber que su papel a la hora de socavar los procesos democráticos y las instituciones de Venezuela les expondrá a posibles sanciones de EEUU", añadió la fuente.

El funcionario se pronunció así después de anunciar la imposición de sanciones a 13 funcionarios venezolanos, entre ellos tres relacionados con la organización de la ANC: el jefe de la Comisión Presidencial para la Constituyente, Elías Jaua; una integrante de ese comité, María Iris Varela; y la presidenta del Consejo Nacional Electoral (CNE), Tibisay Lucena.

Trump advirtió la semana pasada de que, si Maduro sigue adelante con sus planes de celebrar este domingo una Asamblea Nacional Constituyente (ANC), respondería con acciones económicas «fuertes» contra el Gobierno venezolano, y esa amenaza sigue activa.

"Aún esperamos que Maduro cambie de opinión, pero si sigue adelante con ello, será inaceptable y pueden esperar sanciones económicas inmediatas y fuertes", afirmó el citado funcionario.

La coalición opositora venezolana Mesa de la Unidad Democrática (MUD) considera la convocatoria de la ANC un intento del Gobierno para "consolidar la dictadura" del chavismo en Venezuela y sigue intentando forzar a Maduro a detener el proceso con numerosas acciones de protesta.

Cerca de 19,500.000 de venezolanos están llamados a participar el domingo en la elección convocada por el Gobierno, que tendrá como principal reto vencer la abstención para legitimar un proceso que, según la fiscal general, Luisa Ortega, es rechazado por el 90 % de los ciudadanos.

Un total de 6,120 candidatos buscarán un puesto en la ANC, cuando más de 200,000 efectivos custodiarán los comicios y el CNE activará centros de contingencia para atender a electores debido a las "amenazas" que se ciernen sobre esa jornada.

**Exhibit C**

TRUBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO

IN RE: JUNTA DE SUPERVISIÓN Y ADMINISTRACION FIANANCIERA PARA PUERTO RICO
COMO REPRESENTANTE DEL
ESTADO LIBRE ASOCIADO DE PUERTO RICO, ET AL
DEUDORES

**PROMESA: TÍTULO III, NO. 17 BK 3823-LTS (ADMINISTRACIÓN CONJUNTA)**
**PROMESA: TÍTULO III NO 17 BK 3566-LTS (ADMINISTRACIÓN CONJUNTA)**
**PROMESA: TÍTULO III NO 17 BK 3567-LTS (ADMINISTRACIÓN CONJUNTA)**

# AFIDAVIT

Yo, Carmencita Santana Rosado, habiendo prestado el debido juramento declaro:

Que soy Representante del periódico "EL NUEVO DIA" que se publica en Guaynabo, P.R.: que en las ediciones de este periódico correspondientes a los días:

**13, 20 Y 27 DE JULIO DE 2017**

se dio publicidad al anuncio expedido por

**JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO**

en el caso arriba mencionado y copia del cual se une al presente afidavit para que forme parte del mismo:

Guaynabo, P.R. 27 julio 20 17

Afidávit No. 20660 del Registro.

Jurado y reconocido ante mí por Carmencita Santana Rosado, vecina de San Juan, mayor de edad, soltera, Representante del periódico "EL NUEVO DIA", a quien doy fe de conocer personalmente.

Guaynabo, P.R. 27 julio 20 17

NOTARIO



VEA LOS PAISAJES
**EN SU COLOR VERDADERO**

Los lentes polarizados le ayudan a atrapar los rayos solares, no la resolana.

LENSCRAFTERS®  

Plaza Las Américas en Hato Rey
(787) 753-6431

Plaza Del Caribe en Ponce
(787) 259-8882

Mayagüez Mall en Mayagüez
(787) 831-2480

Plaza Centro 2 en Caguas
(787) 744-0088

LENSCRAFTERS®
At Macy's
 

Plaza Del Caribe
(787) 259-9497

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| In re:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>Como representante del<br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *et al.*,<br>Deudores.[1] | PROMESA<br>Título III<br>No. 17 BK 3283-LTS<br>(Administración Conjunta) |
| In re:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>Como representante del<br>SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO,<br>Deudor. | PROMESA<br>Título III<br>No. 17 BK 3566-LTS<br>(Administración Conjunta) |
| In re:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>Como representante de la<br>AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO,<br>Deudor. | PROMESA<br>Título III<br>No. 17 BK 3567-LTS<br>(Administración Conjunta) |

**NOTIFICACIÓN DE COMIENZO DE PROCESOS BAJO EL TÍTULO III DE PROMESA, EMISIÓN DE ORDEN CONCEDIENDO REMEDIOS Y OTROS ASUNTOS RELACIONADOS**

**A TODOS LOS ACREEDORES DE LOS DEUDORES, Y OTRAS PARTES INTERESADAS, FAVOR TOMAR NOTA DE LO SIGUIENTE:**

**Comienzo de Procesos bajo el Título III y Orden de Remedios**

El 21 de mayo de 2017 (la "Fecha de la Petición del ERS"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "ERS" por su siglas en inglés), por conducto de y a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante del ERS a tenor con el artículo 315 de la Ley de Supervisión, Administración y Estabilidad Económica de Puerto Rico (*Puerto Rico Oversight, Management, and Economic Stability Act)* ("PROMESA"),[2] presentó una petición (la "Petición del ERS") bajo el Título III de PROMESA ante el Tribunal de Distrito Federal para el Distrito de Puerto Rico (el "Tribunal").

El 21 de mayo de 2017, la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA" por su siglas en inglés y conjuntamente con el ERS, los "Deudores"), por conducto de y a través de la Junta de Supervisión, como representante de HTA a tenor con el artículo 315(b) de PROMESA, presentó ante el Tribunal una petición (la "Petición de HTA", y conjuntamente con la Petición del ERS, la "Peticiones") bajo el Título III de PROMESA. La radicación de las Peticiones constituye órdenes de remedio bajo el Título III de PROMESA.

El 29 de junio de 2017, el Tribunal emitió una orden para la administración conjunta de los casos bajo el Título III (los "Casos Título III") junto a los casos bajo el Título III del Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") y de la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), para propósitos procesales solamente, según permite la sección 304(g) de PROMESA y la Regla 1010 de las Reglas de Procedimiento de Quiebras (*Bankruptcy Rules*), extensiva a estos Casos Título III bajo la sección 310 de PROMESA.

Estos Casos Título III se encuentran ante la consideración de la Honorable Laura Taylor Swain, Juez de Distrito de los Estados Unidos.

**Información General del Caso**

Todos los documentos radicados en los Casos Título III de epígrafe están disponibles sin costo alguno accediendo a la página web de Prime Clerk LLC (el "Agente de Reclamaciones y Notificaciones") a través del siguiente enlace: https://cases.primeclerk.com/puertorico, (la "Página Web del Caso") o contactando directamente al propuesto Agente de Reclamaciones y Notificaciones al (844)-822-9231 (llamadas gratuitas para EE.UU. y Puerto Rico) o (646)-486-7944 (llamadas internacionales). Además, se pueden obtener copias de los documentos a través de la página web del Tribunal, www.prd.uscourts.gov, sujeto a los requisitos y tarifas que allí se desglosan.

**Propósito del Caso de Título III**

El Título III de PROMESA provee un mecanismo que le permite a un territorio cubierto por la ley (como lo es el Estado Libre Asociado) o una instrumentalidad territoriales cubierta (como lo son ERS y HTA) que enfrenta dificultades financieras trabajar con sus acreedores para ajustar sus deudas. Con este fin, ciertas disposiciones del Código de Quiebras de los Estados Unidos, 11 U.S.C. § 101 *et seq.* (en adelante, el "Código de Quiebras") se han incorporado y son aplicables a los casos radicados bajo el Título III de PROMESA.

Durante estos Casos Título III, los Deudores mantendrán posesión y control de su propiedad, y continuarán manteniendo sus funciones y proveyendo servicios para el beneficio de los ciudadanos de Puerto Rico. Sin embargo, bajo PROMESA, la Junta de Supervisión será la representante de los Deudores (como deudores en los Casos Título III) y podrá tomar cualquier acción necesaria en representación de los Deudores para ejercer sus funciones en estos Casos Título III. Bajo las disposiciones de PROMESA, únicamente la Junta de Supervisión puede presentar planes de ajuste de deuda para los Deudores. La Junta de Supervisión (como representante de los Deudores) planifica proponer un plan de ajuste de las deudas delos Deudores. Cualquier notificación futura respecto al plan mencionado será provista en la forma y manera de notificación que sea ordenada por el Tribunal. Las radicaciones de los Casos Título III a nombre de los Deudores no deben impedir los esfuerzos de continuar negociaciones voluntarias para la reestructuración de deuda y el llegar a un acuerdo consensual con los acreedores.

La información de trasfondo relacionada con el Estado Libre Asociado y sus instrumentalidades territoriales se encuentra en la Notificación de la Declaración de la Junta de Supervisión en Relación con la Petición del Estado Libre Asociado bajo el Título III de PROMESA (*Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* ) [Caso Núm. 17-3283, D.I. 1], anejada a la petición bajo el Título III del Estado Libre Asociado, la cual está disponible, sin costo alguno, accediendo a la Página Web del Caso.

**La Paralización Automática**

De conformidad con las secciones 362 y 922 del Código de Quiebras, las cuales son aplicables a los Casos Título III, la radicación de las Peticiones de los Deudores opera como una paralización automática que impide acciones en contra de los Deudores, incluyendo, entre otras cosas: el comienzo o la continuación de cualquier acción o proceso judicial, administrativo o de otra índole que fue o pudo haber sido interpuesto en contra de los Deudores, de sus oficiales o habitantes de los Deudores que fue o pudo haberse iniciado antes del comienzo de los Caso Título III, o para ejercer cualquier reclamo en contra de los Deudores, sus oficiales o habitantes cuyo derecho surgió antes de que se iniciara el Caso de Título III.

**Moción Solicitando Limitar Notificaciones**

El Tribunal también emitió una orden limitando las notificaciones de los escritos radicados en los Casos Título III de los Deudores a ciertos acreedores y partes interesadas. Si a usted le interesa recibir las notificaciones que se emitirán en los Casos Título III, se le exhorta radicar ante el Secretario(a) del Tribunal una solicitud de notificación de documentos conforme a los términos establecidos en las Reglas de Procedimiento de Quiebras 2002 y 9010(b), aplicables a estos Casos Título III. La solicitud debe incluir lo siguiente: (a) el nombre, dirección y número de teléfono del peticionario; (b) el nombre y dirección de los abogados del peticionario, de ser aplicable; (c) el correo electrónico donde el peticionario puede recibir notificaciones; (d) una dirección donde el peticionario pueda ser notificado mediante correo de los EE.UU., entregado en sus manos y/o por correo expreso; (e) un número de facsímil para el peticionario, de ser aplicable; y (f) una descripción de la relación del peticionario con los Casos Título III de los Deudores (*e.g.*, acreedor, parte interesada, etc.).

**Consultas**

Cualquier consulta sobre los asuntos aquí descritos podrá dirigirse a: (a) el Agente de Reclamaciones y Notificaciones, usando la información de contactos provista anteriormente, (b) los abogados de la Junta de Supervisión, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, (212) 969-3000 (Atención a: Lcdo. Martin J. Bienenstock, Lcdo. Paul V. Possinger, Lcdo. Ehud Barak, y Lcda. Maja Zerjal), o (c) a los abogados para la Agencia Fiscal y Autoridad de Asesoría Financiera de Puerto, O'Melveny & Myers LLP, 7 Times Square, New York, NY 10036, (212) 326-2000 (Atención a: Lcdo. John J. Rapisardi, Lcda. Suzzanne Uhland, y Lcdo. Peter Friedman).

[1] Los Deudores en estos casos bajo el Titulo III de PROMESA, junto con el número del caso de quiebra y los últimos cuatro dígitos de su identificación contributiva federal, según aplique, correspondiente a cada Deudor, son (i) Estado Libre Asociado de Puerto Rico (Caso de Quiebra No. 17 BK 3283-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra No. 17 BK 3284-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 8474); (iii) el Sistema de Retiro de los Empleados del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de Quiebra No. 17 BK 3566-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 9686); y (iv) la Autoridad de Carreteras y Transportación ("HTA") Caso de Quiebra No. 17 BK 3567-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 3808).

[2] PROMESA ha sido codificada bajo 48 U.S.C. §§ 2101-2241.

# ATENCIÓN INVERSIONISTAS

## ALGUNOS BONOS DE PUERTO RICO DEJAN DE PAGAR A INVERSIONISTAS

**¿Perdió dinero en los Fondos Mutuos Cerrados y en Bonos de Puerto Rico?**

Usted puede tener derecho a recuperar lo que perdió

**Tendremos orientaciones individuales**
**Los días 1, 2 y 3 de agosto**
**Llame ahora para hacer cita**

**LLAME AL 787.545.0156**

Para una consulta gratis y confidencial.

JF Nevares
Assoc.
ATTORNEYS AT LAW
&

Levin • Papantonio
Thomas • Mitchell
Rafferty & Proctor • P.A.
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

Los Abogados de John F. Nevares & Asociados están licenciados para practicar en Puerto Rico. John F. Nevares & Asociados maneja casos de arbitraje con el bufete Levin Papantonio de Pensacola, Florida, quienes no están licenciados en Puerto Rico.

**Resultados anteriores no garantizan un resultado similar**

Agradecimiento a:
Claro
CulturArte
DE PUERTO RICO
Nuestra Junta de Directores y su Presidente, Guillermo L. Martínez, se honran en contar con el respaldo de Claro. Agradecen a su Presidente y Principal Oficial Ejecutivo, Enrique Ortiz de Montellano, por su auspicio a El Concertone IV:
Jules Massenet
WERTHER
ópera en semi-concierto
Piotr Beczala • Kate Aldrich
tenor mezzo soprano
Alexey Lavrov • Larisa Martínez • Ricardo Lugo
barítono soprano bajo
Dirección: maestro Maximiano Valdés
Colaboración: Orquesta Sinfónica de P.R.
16 de agosto de 2017
7:30 PM
Sala Sinfónica Pablo Casals
Centro de Bellas Artes Luis A. Ferré

A la izquierda, Guillermo L. Martínez, Presidente de CulturArte de Puerto Rico; junto a Enrique Ortiz de Montellano, Presidente y POE de Claro.

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| In re:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>Como representante del<br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *et al.*,<br>Deudores.[1] | PROMESA<br>Título III<br>No. 17 BK 3283-LTS<br>(Administración Conjunta) |
| In re:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>Como representante del<br>SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO,<br>Deudor. | PROMESA<br>Título III<br>No. 17 BK 3566-LTS<br>(Administración Conjunta) |
| In re:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>Como representante de la<br>AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO,<br>Deudor. | PROMESA<br>Título III<br>No. 17 BK 3567-LTS<br>(Administración Conjunta) |

**NOTIFICACIÓN DE COMIENZO DE PROCESOS BAJO EL TÍTULO III DE PROMESA, EMISIÓN DE ORDEN CONCEDIENDO REMEDIOS Y OTROS ASUNTOS RELACIONADOS**

**A TODOS LOS ACREEDORES DE LOS DEUDORES, Y OTRAS PARTES INTERESADAS, FAVOR TOMAR NOTA DE LO SIGUIENTE:**

**Comienzo de Procesos bajo el Título III y Orden de Remedios**

El 21 de mayo de 2017 (la "Fecha de la Petición del ERS"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "ERS" por su siglas en inglés), por conducto de y a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante del ERS a tenor con el artículo 315 de la Ley de Supervisión, Administración y Estabilidad Económica de Puerto Rico (*Puerto Rico Oversight, Management, and Economic Stability Act*) ("PROMESA"),[2] presentó una petición (la "Petición del ERS") bajo el Título III de PROMESA ante el Tribunal de Distrito Federal para el Distrito de Puerto Rico (el "Tribunal").

El 21 de mayo de 2017, la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA" por su siglas en inglés y conjuntamente con el ERS, los "Deudores"), por conducto de y a través de la Junta de Supervisión, como representante de HTA a tenor con el artículo 315(b) de PROMESA, presentó ante el Tribunal una petición (la "Petición de HTA", y conjuntamente con la Petición del ERS, la "Peticiones") bajo el Título III de PROMESA. La radicación de las Peticiones constituye órdenes de remedio bajo el Título III de PROMESA.

El 29 de junio de 2017, el Tribunal emitió una orden para la administración conjunta de los casos bajo el Título III (los "Casos Título III") junto a los casos bajo el Título III del Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") y de la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), para propósitos procesales solamente, según permite la sección 304(g) de PROMESA y la Regla 1010 de las Reglas de Procedimiento de Quiebras (*Bankruptcy Rules*), extensiva a estos Casos Título III bajo la sección 310 de PROMESA.

Estos Casos Título III se encuentran ante la consideración de la Honorable Laura Taylor Swain, Juez de Distrito de los Estados Unidos.

**Información General del Caso**

Todos los documentos radicados en los Casos Título III de epígrafe están disponibles sin costo alguno accediendo a la página web de Prime Clerk LLC (el "Agente de Reclamaciones y Notificaciones") a través del siguiente enlace: https://cases.primeclerk.com/puertorico, (la "Página Web del Caso") o contactando directamente al propuesto Agente de Reclamaciones y Notificaciones al (844)-822-9231 (llamadas gratuitas para EE.UU. y Puerto Rico) o (646)-486-7944 (llamadas internacionales). Además, se pueden obtener copias de los documentos a través de la página web del Tribunal, www.prd.uscourts.gov, sujeto a los requisitos y tarifas que allí se desglosan.

**Propósito del Caso de Título III**

El Título III de PROMESA provee un mecanismo que le permite a un territorio cubierto por la ley (como lo es el Estado Libre Asociado) o una instrumentalidad territoriales cubierta (como lo son ERS y HTA) que enfrenta dificultades financieras trabajar con sus acreedores para ajustar sus deudas. Con este fin, ciertas disposiciones del Código de Quiebras de los Estados Unidos, 11 U.S.C. § 101 *et seq.* (en adelante, el "Código de Quiebras") se han incorporado y son aplicables a los casos radicados bajo el Título III de PROMESA.

Durante estos Casos Título III, los Deudores mantendrán posesión y control de su propiedad, y continuarán manteniendo sus funciones y proveyendo servicios para el beneficio de los ciudadanos de Puerto Rico. Sin embargo, bajo PROMESA, la Junta de Supervisión será la representante de los Deudores (como deudores en los Casos Título III) y podrá tomar cualquier acción necesaria en representación de los Deudores para ejercer sus funciones en estos Casos Título III. Bajo las disposiciones de PROMESA, únicamente la Junta de Supervisión puede presentar planes de ajuste de deuda para los Deudores. La Junta de Supervisión (como representante de los Deudores) planifica proponer un plan de ajuste de las deudas delos Deudores. Cualquier notificación futura respecto al plan mencionado será provista en la forma y manera de notificación que sea ordenada por el Tribunal. Las radicaciones de los Casos Título III a nombre de los Deudores no deben impedir los esfuerzos de continuar negociaciones voluntarias para la reestructuración de deuda y el llegar a un acuerdo consensual con los acreedores.

La información de trasfondo relacionada con el Estado Libre Asociado y sus instrumentalidades territoriales se encuentra en la Notificación de la Declaración de la Junta de Supervisión en Relación con la Petición del Estado Libre Asociado bajo el Título III de PROMESA (*Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* ) [Caso Núm. 17-3283, D.I. 1], anejada a la petición bajo el Título III del Estado Libre Asociado, la cual está disponible, sin costo alguno, accediendo a la Página Web del Caso.

**La Paralización Automática**

De conformidad con las secciones 362 y 922 del Código de Quiebras, las cuales son aplicables a los Casos Título III, la radicación de las Peticiones de los Deudores opera como una paralización automática que impide acciones en contra de los Deudores, incluyendo, entre otras cosas: el comienzo o la continuación de cualquier acción o proceso judicial, administrativo o de otra índole que fue o pudo haber sido interpuesto en contra de los Deudores, de sus oficiales o habitantes de los Deudores que fue o pudo haberse iniciado antes del comienzo de los Caso Título III, o para ejercer cualquier reclamo en contra de los Deudores, sus oficiales o habitantes cuyo derecho surgió antes de que se iniciara el Caso de Título III.

**Moción Solicitando Limitar Notificaciones**

El Tribunal también emitió una orden limitando las notificaciones de los escritos radicados en los Casos Título III de los Deudores a ciertos acreedores y partes interesadas. Si a usted le interesa recibir las notificaciones que se emitirán en los Casos Título III, se le exhorta radicar ante el Secretario(a) del Tribunal una solicitud de notificación de documentos conforme a los términos establecidos en las Reglas de Procedimiento de Quiebras 2002 y 9010(b), aplicables a estos Casos Título III. La solicitud debe incluir lo siguiente: (a) el nombre, dirección y número de teléfono del peticionario; (b) el nombre y dirección de los abogados del peticionario, de ser aplicable; (c) el correo electrónico donde el peticionario puede recibir notificaciones; (d) una dirección donde el peticionario pueda ser notificado mediante correo de los EE.UU., entregado en sus manos y/o por correo expreso; (e) un número de facsímil para el peticionario, de ser aplicable; y (f) una descripción de la relación del peticionario con los Casos Título III de los Deudores (*e.g.*, acreedor, parte interesada, etc.).

**Consultas**

Cualquier consulta sobre los asuntos aquí descritos podrá dirigirse a: (a) el Agente de Reclamaciones y Notificaciones, usando la información de contactos provista anteriormente, (b) los abogados de la Junta de Supervisión, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, (212) 969-3000 (Atención a: Lcdo. Martin J. Bienenstock, Lcdo. Paul V. Possinger, Lcdo. Ehud Barak, y Lcda. Maja Zerjal), o (c) a los abogados para la Agencia Fiscal y Autoridad de Asesoría Financiera de Puerto, O'Melveny & Myers LLP, 7 Times Square, New York, NY 10036, (212) 326-2000 (Atención a: Lcdo. John J. Rapisardi, Lcda. Suzzanne Uhland, y Lcdo. Peter Friedman).

[1] Los Deudores en estos casos bajo el Título III de PROMESA, junto con el número del caso de quiebra y los últimos cuatro dígitos de su identificación contributiva federal, según aplique, correspondiente a cada Deudor, son (i) Estado Libre Asociado de Puerto Rico (Caso de Quiebra No. 17 BK 3283-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra No. 17 BK 3284-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 8474); (iii) el Sistema de Retiro de los Empleados del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de Quiebra No. 17 BK 3566-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 9686); y (iv) la Autoridad de Carreteras y Transportación ("HTA") Caso de Quiebra No. 17 BK 3567-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 3808).

[2] PROMESA ha sido codificada bajo 48 U.S.C. §§ 2101-2241.

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| In re: JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, Como representante del ESTADO LIBRE ASOCIADO DE PUERTO RICO, *et al.*, Deudores.[1] | PROMESA Título III No. 17 BK 3283-LTS (Administración Conjunta) |
| In re: JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, Como representante del SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, Deudor. | PROMESA Título III No. 17 BK 3566-LTS (Administración Conjunta) |
| In re: JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, Como representante de la AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO, Deudor. | PROMESA Título III No. 17 BK 3567-LTS (Administración Conjunta) |

**NOTIFICACIÓN DE COMIENZO DE PROCESOS BAJO EL TÍTULO III DE PROMESA, EMISIÓN DE ORDEN CONCEDIENDO REMEDIOS Y OTROS ASUNTOS RELACIONADOS**

**A TODOS LOS ACREEDORES DE LOS DEUDORES, Y OTRAS PARTES INTERESADAS, FAVOR TOMAR NOTA DE LO SIGUIENTE:**

**Comienzo de Procesos bajo el Título III y Orden de Remedios**

El 21 de mayo de 2017 (la "Fecha de la Petición del ERS"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "ERS" por su siglas en inglés), por conducto de y a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante del ERS a tenor con el artículo 315 de la Ley de Supervisión, Administración y Estabilidad Económica de Puerto Rico (*Puerto Rico Oversight, Management, and Economic Stability Act)* ("PROMESA"),[2] presentó una petición (la "Petición del ERS") bajo el Título III de PROMESA ante el Tribunal de Distrito Federal para el Distrito de Puerto Rico (el "Tribunal").

El 21 de mayo de 2017, la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA" por su siglas en inglés y conjuntamente con el ERS, los "Deudores"), por conducto de y a través de la Junta de Supervisión, como representante de HTA a tenor con el artículo 315(b) de PROMESA, presentó ante el Tribunal una petición (la "Petición de HTA", y conjuntamente con la Petición del ERS, la "Peticiones") bajo el Título III de PROMESA. La radicación de las Peticiones constituye órdenes de remedio bajo el Título III de PROMESA.

El 29 de junio de 2017, el Tribunal emitió una orden para la administración conjunta de los casos bajo el Título III (los "Casos Título III") junto a los casos bajo el Título III del Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") y de la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), para propósitos procesales solamente, según permite la sección 304(g) de PROMESA y la Regla 1010 de las Reglas de Procedimiento de Quiebras (*Bankruptcy Rules*), extensiva a estos Casos Título III bajo la sección 310 de PROMESA.

Estos Casos Título III se encuentran ante la consideración de la Honorable Laura Taylor Swain, Juez de Distrito de los Estados Unidos.

**Información General del Caso**

Todos los documentos radicados en los Casos Título III de epígrafe están disponibles sin costo alguno accediendo a la página web de Prime Clerk LLC (el "Agente de Reclamaciones y Notificaciones") a través del siguiente enlace: https://cases.primeclerk.com/puertorico, (la "Página Web del Caso") o contactando directamente al propuesto Agente de Reclamaciones y Notificaciones al (844)-822-9231 (llamadas gratuitas para EE.UU. y Puerto Rico) o (646)-486-7944 (llamadas internacionales). Además, se pueden obtener copias de los documentos a través de la página web del Tribunal, www.prd.uscourts.gov, sujeto a los requisitos y tarifas que allí se desglosan.

**Propósito del Caso de Título III**

El Título III de PROMESA provee un mecanismo que le permite a un territorio cubierto por la ley (como lo es el Estado Libre Asociado) o una instrumentalidad territoriales cubierta (como lo son ERS y HTA) que enfrenta dificultades financieras trabajar con sus acreedores para ajustar sus deudas. Con este fin, ciertas disposiciones del Código de Quiebras de los Estados Unidos, 11 U.S.C. § 101 *et seq.* (en adelante, el "Código de Quiebras") se han incorporado y son aplicables a los casos radicados bajo el Título III de PROMESA.

Durante estos Casos Título III, los Deudores mantendrán posesión y control de su propiedad, y continuarán manteniendo sus funciones y proveyendo servicios para el beneficio de los ciudadanos de Puerto Rico. Sin embargo, bajo PROMESA, la Junta de Supervisión será la representante de los Deudores (como deudores en los Casos Título III) y podrá tomar cualquier acción necesaria en representación de los Deudores para ejercer sus funciones en estos Casos Título III. Bajo las disposiciones de PROMESA, únicamente la Junta de Supervisión puede presentar planes de ajuste de deuda para los Deudores. La Junta de Supervisión (como representante de los Deudores) planifica proponer un plan de ajuste de las deudas delos Deudores. Cualquier notificación futura respecto al plan mencionado será provista en la forma y manera de notificación que sea ordenada por el Tribunal. Las radicaciones de los Casos Título III a nombre de los Deudores no deben impedir los esfuerzos de continuar negociaciones voluntarias para la reestructuración de deuda y el llegar a un acuerdo consensual con los acreedores.

La información de trasfondo relacionada con el Estado Libre Asociado y sus instrumentalidades territoriales se encuentra en la Notificación de la Declaración de la Junta de Supervisión en Relación con la Petición del Estado Libre Asociado bajo el Título III de PROMESA (*Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* ) [Caso Núm. 17-3283, D.I. 1], anejada a la petición bajo el Título III del Estado Libre Asociado, la cual está disponible, sin costo alguno, accediendo a la Página Web del Caso.

**La Paralización Automática**

De conformidad con las secciones 362 y 922 del Código de Quiebras, las cuales son aplicables a los Casos Título III, la radicación de las Peticiones de los Deudores opera como una paralización automática que impide acciones en contra de los Deudores, incluyendo, entre otras cosas: el comienzo o la continuación de cualquier acción o proceso judicial, administrativo o de otra índole que fue o pudo haber sido interpuesto en contra de los Deudores, de sus oficiales o habitantes de los Deudores que fue o pudo haberse iniciado antes del comienzo de los Caso Título III, o para ejercer cualquier reclamo en contra de los Deudores, sus oficiales o habitantes cuyo derecho surgió antes de que se iniciara el Caso de Título III.

**Moción Solicitando Limitar Notificaciones**

El Tribunal también emitió una orden limitando las notificaciones de los escritos radicados en los Casos Título III de los Deudores a ciertos acreedores y partes interesadas. Si a usted le interesa recibir las notificaciones que se emitirán en los Casos Título III, se le exhorta radicar ante el Secretario(a) del Tribunal una solicitud de notificación de documentos conforme a los términos establecidos en las Reglas de Procedimiento de Quiebras 2002 y 9010(b), aplicables a estos Casos Título III. La solicitud debe incluir lo siguiente: (a) el nombre, dirección y número de teléfono del peticionario; (b) el nombre y dirección de los abogados del peticionario, de ser aplicable; (c) el correo electrónico donde el peticionario puede recibir notificaciones; (d) una dirección donde el peticionario pueda ser notificado mediante correo de los EE.UU., entregado en sus manos y/o por correo expreso; (e) un número de facsímil para el peticionario, de ser aplicable; y (f) una descripción de la relación del peticionario con los Casos Título III de los Deudores (*e.g.*, acreedor, parte interesada, etc.).

**Consultas**

Cualquier consulta sobre los asuntos aquí descritos podrá dirigirse a: (a) el Agente de Reclamaciones y Notificaciones, usando la información de contactos provista anteriormente, (b) los abogados de la Junta de Supervisión, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, (212) 969-3000 (Atención a: Lcdo. Martin J. Bienenstock, Lcdo. Paul V. Possinger, Lcdo. Ehud Barak, y Lcda. Maja Zerjal), o (c) a los abogados para la Agencia Fiscal y Autoridad de Asesoría Financiera de Puerto, O'Melveny & Myers LLP, 7 Times Square, New York, NY 10036, (212) 326-2000 (Atención a: Lcdo. John J. Rapisardi, Lcda. Suzzanne Uhland, y Lcdo. Peter Friedman).

[1] Los Deudores en estos casos bajo el Título III de PROMESA, junto con el número del caso de quiebra y los últimos cuatro dígitos de su identificación contributiva federal, según aplique, correspondiente a cada Deudor, son (i) Estado Libre Asociado de Puerto Rico (Caso de Quiebra No. 17 BK 3283-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra No. 17 BK 3284-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 8474); (iii) el Sistema de Retiro de los Empleados del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de Quiebra No. 17 BK 3566-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 9686); y (iv) la Autoridad de Carreteras y Transportación ("HTA") Caso de Quiebra No. 17 BK 3567-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 3808).

[2] PROMESA ha sido codificada bajo 48 U.S.C. §§ 2101-2241.

BENEFICIARIO DE MEDICARE

Benji, surfer de 80 años,
solo confía en MCS Classicare,
que le brinda acceso a
todos sus medicamentos.
Benji vive la vida plena con MCS Classicare.
"Las olas son como la vida, están llenas de retos. Y cada reto es diferente."
BENJI LA LEYENDA

¡LLAMA AHORA!

1-855-831-6308

(Libre de Costo)

787-945-1309 (Área Metro)

1-866-627-8182 (TTY Audioimpedidos)

Lunes a domingo de 8:00 a.m. a 8:00 p.m.

MCS Classicare

(OSS)

mcsclassicare.com

Endoso pagado. MCS Classicare es un producto suscrito por MCS Advantage Inc. MCS Classicare es un plan OSS con un contrato Medicare. La afiliación en MCS Classicare depende de la renovación del contrato. La información no es una descripción detallada de los beneficios. Para más información contacte al plan. Limitaciones, copagos y restricciones podrían aplicar. Beneficios pueden cambiar el 1º de enero de cada año. MCS Advantage, Inc. cumple con las leyes federales de derechos civiles aplicables y no discrimina por motivos de raza, color, nacionalidad, edad, discapacidad o sexo. MCS Advantage, Inc. complies with applicable Federal civil rights laws and does not discriminate on the basis of race, color, national origin, age, disability, or sex. MCS Advantage, Inc. 遵守適用的聯邦民權法律規定，不因種族、膚色、民族血統、年齡、殘障或性別而歧視任何人。ATENCIÓN: Si habla español, tiene a su disposición servicios gratuitos de asistencia lingüística. Llame al 1-866-627-8183 (TTY: 1-866-627-8182). ATTENTION: If you speak English, language assistance services, free of charge, are available to you. Call 1-866-627-8183 (TTY: 1-866-627-8182). 注意：如果您使用繁體中文，您可以免費獲得語言援助服務。請致電 1-866-627-8183 (TTY: 1-866-627-8182). H5577_2130417S Aceptado

**Exhibit D**

Miami Herald
el Nuevo Herald

State of: Florida
County of: Monroe, Dade and Broward

July 27, 2017

I *Matthew Weisberg* Being Duly Sworn on oath say he is and during all times herein stated has been the publisher's designated agent of the publication known as ***EL Nuevo Herald*** has full knowledge of the facts herein stated as follows:

The run of paper advertisement (ROP) in the Main section A of EL Nuevo Herald for The Commonwealth of Puerto Rico, *Legal Notice* was distributed to Publishers full circulations (**EL Nuevo Herald** ) On the 13th day of July, 2017, On the 20th day of July, 2017 and, On the 27th day of July, 2017

By: [signature]

Subscribed and sworn to before me this 27th day of July 2017

Notary public: [signature]

Notary seal: SILVIA SENDRA
MY COMMISSION # FF 109693
EXPIRES: August 1, 2018
Bonded Thru Notary Public Underwriters

# Trabajando
## para mejorar su servicio

**Estamos trabajando continuamente para brindarle un servicio eléctrico fiable y seguro, y eso incluye las luces de la calle.**

**Si usted detecta algún problema con una luz de la calle, por favor déjenoslo saber. Puede informarnos por Internet en www.FPL.com/streetlight o llamando al 1-800-4OUTAGE (1-800-468-8243).**

**Al contactar a FPL, por favor tenga a mano la siguiente información:**

» La ubicación del poste de luz, incluyendo la calle más cercana y cualquier punto de referencia del área. Otra opción es indicarnos el número de 11 dígitos que aparece montado sobre el poste.

» Una descripción del problema.

» Información sobre dónde le podemos contactar, incluyendo su nombre, dirección postal, dirección de correo electrónico o número de teléfono.



No todas las luces de la calle son mantenidas por FPL. Su pedido puede necesitar que su municipalidad local o la asociación de dueños de su urbanización hagan reparación final.

De acuerdo con los estatutos de la Florida, FPL publica estos procedimientos anualmente para que nuestros clientes y el público en general sepan cómo reportar las luces de la calle inservibles o defectuosas.



CAMBIANDO LA CORRIENTE. FPL



# DURA-SEX

### Alternativa Natural a Viagra

Erección Firme y Prolongada, Sin efectos secundarios, 100% Natural Efectiva en diabéticos e Hipertensos.

**Tiene usted erección blanda, falta de erección o Eyaculación rápida?**

Durasex es la solución

PARA HOMBRES DE 19 A 90 AÑOS

**OFERTA ESPECIAL**

**$48** por 6 pastillas ó
**$90** por 12 pastillas

Resuelva sin riesgo y disfrute su relación

**Suplementos Naturales, para cada día:**

| | |
|---|---|
| Para combatir la **eyaculación rápida** y aumentar la **libido** | $60.00 |
| Para elevar el nivel de su **testosterona** | $40.00 |
| Para combatir **cancer / próstata inflamada** | $47.00 |
| Para combatir **diabetes tipo 2** y su **presion alta** | $65.00 |

**Kareli, Inc (9am a 6pm)**
1661 s.w.67 ave. Miami, FL 33155
**(305) 926-6559**   www.durasexcap.com   www.durasexsublingual.com



SUMMER Oficialmente GAY 1 Y 2

COMEDIAS DE: ALEXIS VALDÉS

1. QUE DARÍAS POR UN TRABAJO?   SÁBADOS 8:00 PM
2. EL INTERCAMBIO CULTURAL   10:30 PM

Trail   305.443.1009   WWW.TEATROTRAIL.COM

3715 SW 8ᵗʰ Street · Coral Gables, FL 33134

CONSEJOS EXPERTOS

# CRUISE.COM

LOS PRECIOS MÁS BAJOS

Nunca un cargo de reserva

**LOS PRECIOS MÁS BAJOS, ¡GARANTIZADO!**

**¡SUPER VENTA EXCLUSIVA DE CRUCEROS!**

Hasta $1700 de Crédito a Bordo, hasta $1700 de Reembolso, BOGO: 50% DCT. en 2.º Huésped, Reciba hasta $600 de DCT, y además hasta 4 Comodidades, Cena Especial Gratis, Propinas Prepagadas Gratis, Mejoras Gratis, Paquete de Bebidas Gratis, Internet Gratis, 3.º/4.º Huésped Viaja Gratis, Tratamiento de Spa Gratis y Rebaja en Depósito en ciertos cruceros

## ALASKA

| 6 Días a Alaska | 3 Días a Alaska | 3 Días a Alaska |
|---|---|---|
| Saliendo de Seattle, Ida y Vuelta | Saliendo de Seward a Vancouver | Saliendo de Vancouver a Seward |
| **$469*** | **$529*** | **$599*** |

| 7 Días a Alaska | 7 Días a Alaska | 3 Días a Alaska |
|---|---|---|
| Saliendo de Vancouver a Whittier | Saliendo de Seward a Vancouver | Saliendo de Seattle a Vancouver, Ida y Vuelta |
| **$699*** | **$699*** | **$789*** |

## BAHAMAS

| 3 Días a Bahamas | 3 Días a Bahamas | 3 Días a Bahamas |
|---|---|---|
| Saliendo de Miami, FL Ida y vuelta | Saliendo de Ft. Laud. Ida y vuelta | Saliendo de Miami, FL Ida y vuelta |
| **$209*** | **$239*** | **$219*** |

| 4 Días a Bahamas | 3 Días a Bahamas | 3 Días a Bahamas |
|---|---|---|
| Saliendo de Miami, FL Ida y vuelta | BAR ABIERTO | Crucero Nandino Salida de Ft. Laud |
| **$279*** | **$319*** | **$609*** |

## CARIBE

| 5 Días al Caribe | 7 Días al Caribe | 7 Días al Caribe |
|---|---|---|
| Saliendo de Ft. Laud. Ida y vuelta | Saliendo de Miami, FL Ida y vuelta | Saliendo de Ft. Laud. Ida y vuelta |
| **$349*** | **$399*** | **$429*** |

**OFERTA DE LA SEMANA**
5 Días Crucero al Caribe saliendo de Miami, Ida y Vuelta
**$259***

| 7 Días al Caribe | 7 Días al Caribe | 7 Días al Caribe |
|---|---|---|
| Saliendo de Ft. Laud. | Saliendo de Miami, FL | Saliendo de Ft. Laud. |
| **$549*** | **$579*** | **$609*** |

| 7 Días al Caribe | 7 Días al Caribe | 10 Días al Caribe |
|---|---|---|
| | | |
| **$589*** | **$639*** | **$709*** |

## EUROPA

| 3 Días a Europa | 7 Días a Europa | 7 Días a Europa |
|---|---|---|
| **$429*** | **$449*** | **$649*** |

| 10 Días a Europa | 10 Días a Europa | 12 Días a Europa |
|---|---|---|
| **$699*** | **$1029*** | **$1299*** |

## EXÓTICO

| 4 Días EU./Canadá | 7 Días EU./Canadá | 7 Días a Canadá |
|---|---|---|
| **$269*** | **$470*** | **$599*** |

| 9 Días a México | 7 Días a Panamá | |
|---|---|---|
| **$649*** | **$920*** | |

# 866-263-5855

TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| En la JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, Como representante del ESTADO LIBRE ASOCIADO DE PUERTO RICO, *et al.*, Deudores.[1] | PROMESA Título III No. 17 BK 3283-LTS (Administración Conjunta) |
| En la JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, Como representante del SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, Deudor. | PROMESA Título III No. 17 BK 3566-LTS (Administración Conjunta) |
| En la JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, Como representante de la AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO, Deudor. | PROMESA Título III No. 17 BK 3567-LTS (Administración Conjunta) |

## NOTIFICACIÓN DE COMIENZO DE PROCESOS BAJO EL TÍTULO III DE PROMESA, EMISIÓN DE ORDEN CONCEDIENDO REMEDIOS Y OTROS ASUNTOS RELACIONADOS

**A TODOS LOS ACREEDORES DE LOS DEUDORES, Y OTRAS PARTES INTERESADAS, FAVOR TOMAR NOTA DE LO SIGUIENTE:**

*Comienzo de Procesos bajo el Título III y Orden de Remedios*

[Full legal notice text in Spanish continues...]

*Información General del Caso*

*Propósito del Caso de Título III*

*La Paralización Automática*

*Misión Solicitando Limitar Notificaciones*

## Buen amigo y aliado clave de EE.UU. en la región

## Honduras se afianza como líder en la lucha contra las drogas y la corrupción en Centroamérica

Tillerson reconoce al presidente Hernandez por su labor

El liderazgo del presidente de Honduras, Juan Orlando Hernández, crece en la región centroamericana y ha sido reconocido por la Casa Blanca, gracias a los significativos avances de su gestión en materia de seguridad y la lucha contra las drogas y la corrupción.

En una reciente visita a Estados Unidos, Hernández se reunió con el vicepresidente Mike Pence, quien elogió su trabajo en el abordaje en cuanto los retos de seguridad y gobernabilidad, al tiempo que ofreció la sólida asociación de Washington para mantener este compromiso en la región.

El vicepresidente alabó a Honduras "por sus progresos en la lucha contra la corrupción y la seguridad fronteriza" y calificó al presidente Hernández como "un buen amigo y aliado clave en la promoción de la seguridad, estabilidad y democracia en Centroamérica".

El mandatario hondureño se mostró complacido por el recibimiento en Washington y afirmó que la seguridad de Estados Unidos está directamente relacionada con que en Honduras y Centroamérica haya un clima de paz. "Si hay violencia en la región, si hay inestabilidad, y no combatimos juntos este flagelo del narcotráfico, las maras y pandillas, esto será de mucho riesgo para Estados Unidos, pero, si tenemos una Centroamérica en paz, próspera, con oportunidades de empleos y en los temas sociales, es una buena inversión, un buen negocio para Estados Unidos", enfatizó.

Hernández también fue recibido por el Secretario de Estado norteamericano, Rex Tillerson, quien reconoció al mandatario hondureño como una persona comprometida con la causa de los derechos humanos e hizo un llamado a los países hermanos de las Américas a fortalecer la integración, la protección de los derechos humanos y la seguridad dentro de sus fronteras.

Por su parte, el Secretario de Seguridad de Estados Unidos, John Kelly, calificó como un milagro la reducción de la violencia en Honduras y los demás países del triángulo norte.

En los últimos tres años, la gestión del presidente Hernández logró reducir más de 30 puntos la tasa de homicidios en Honduras y para este 2017 se espera que descienda unos 10 puntos más.

Luego de trascender una crisis política sin precedentes, una economía desordenada y unos niveles de violencia descomunal (una tasa de homicidios de 90 muertes por cada 100.000 habitantes), el mandatario Juan Orlando Hernández, quien ocupa la silla presidencial desde 2014 y hoy busca la reelección, erigió a Honduras como una de las naciones más fuertes de Centroamérica, con una economía sana y robusta, respeto irrestricto a los derechos humanos y una lucha sin cuartel contra el crimen organizado, por los que se ha ganado los elogios de Estados Unidos y toda la región.

Sponsored by
Avila News Productions LLC
1235 Fairlake Trace # 511 Weston F. 33326 • 7868068426

SABOREE LO MEJOR DE LA COMIDA PORTUGUESA

HAPPY HOUR
5:00 P.M TO 8:00 P.M
MONDAY TO THURSDAY
WINE GLASS/BEERS/APPETIZERS 2x1

@OPORTO_CAFE

2257 Coral Way, Miami Fl 33145. Tel.: 305 859 2228
www.oportocafemiami.com

DURA-SEX
Alternativa Natural a Viagra
Erección Firme y Prolongada, Sin efectos secundarios, 100% Natural Efectiva en diabéticos e Hipertensos.
Tiene usted erección blanda, falta de erección o Eyaculación rápida?
Durasex es la solución

PARA HOMBRES DE 19 A 90 AÑOS
OFERTA ESPECIAL
$48 por 6 pastillas o
$90 por 12 pastillas
Resuelva sin riesgo y disfrute su relación
Suplementos Naturales, para cada día:
Para combatir la eyaculación rápida y aumentar la libido ........$60.00
Para elevar el nivel de su testosterona ........$40.00
Para combatir cancer y próstata inflamada ........$47.00
Para combatir su diabetes tipo 2 y su presion alta ........$65.00
Kareli, Inc (9am a 6pm)
1661 s.w.67 ave. Miami, FL. 33155
(305) 926-6559
www.durasexcap.com
www.durasexsublingual.com

### TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| In re:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>Como representante del<br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *et al.*,<br>Deudores.[1] | PROMESA<br>Título III<br>No. 17 BK 3283-LTS<br>(Administración Conjunta) |
| In re:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>Como representante del<br>SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO,<br>Deudor. | PROMESA<br>Título III<br>No. 17 BK 3566-LTS<br>(Administración Conjunta) |
| In re:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>Como representante de la<br>AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO,<br>Deudor. | PROMESA<br>Título III<br>No. 17 BK 3567-LTS<br>(Administración Conjunta) |

**NOTIFICACIÓN DE COMIENZO DE PROCESOS BAJO EL TÍTULO III DE PROMESA, EMISIÓN DE ORDEN CONCEDIENDO REMEDIOS Y OTROS ASUNTOS RELACIONADOS**

**A TODOS LOS ACREEDORES DE LOS DEUDORES, Y OTRAS PARTES INTERESADAS, FAVOR TOMAR NOTA DE LO SIGUIENTE:**

**Comienzo de Procesos bajo el Título III y Orden de Remedios**

El 21 de mayo de 2017 (la "Fecha de la Petición del ERS"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "ERS" por su siglas en inglés), por conducto de y a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante del ERS a tenor con el artículo 315 de la Ley de Supervisión, Administración y Estabilidad Económica de Puerto Rico (*Puerto Rico Oversight, Management, and Economic Stability Act*) ("PROMESA"),[2] presentó una petición (la "Petición del ERS") bajo el Título III de PROMESA ante el Tribunal de Distrito Federal para el Distrito de Puerto Rico (el "Tribunal").

El 21 de mayo de 2017, la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA" por su siglas en inglés y conjuntamente con el ERS, los "Deudores"), por conducto de y a través de la Junta de Supervisión, como representante de HTA a tenor con el artículo 315(b) de PROMESA, presentó ante el Tribunal una petición (la "Petición de HTA", y conjuntamente con la Petición del ERS, la "Peticiones") bajo el Título III de PROMESA. La radicación de las Peticiones constituye órdenes de remedio bajo el Título III de PROMESA.

El 29 de junio de 2017, el Tribunal emitió una orden para la administración conjunta de los casos bajo el Título III (los "Casos Título III") junto a los casos bajo el Título III del Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") y de la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), para propósitos procesales solamente, según permite la sección 304(g) de PROMESA y la Regla 1010 de las Reglas de Procedimiento de Quiebras (*Bankruptcy Rules*), extensiva a estos Casos Título III bajo la sección 310 de PROMESA.

Estos Casos Título III se encuentran ante la consideración de la Honorable Laura Taylor Swain, Juez de Distrito de los Estados Unidos.

**Información General del Caso**

Todos los documentos radicados en los Casos Título III de epígrafe están disponibles sin costo alguno accediendo a la página web de Prime Clerk LLC (el "Agente de Reclamaciones y Notificaciones") a través del siguiente enlace: https://cases.primeclerk.com/puertorico, (la "Página Web del Caso") o contactando directamente al propuesto Agente de Reclamaciones y Notificaciones al (844)-822-9231 (llamadas gratuitas para EE.UU. y Puerto Rico) o (646)-486-7944 (llamadas internacionales). Además, se pueden obtener copias de los documentos a través de la página web del Tribunal, www.prd.uscourts.gov, sujeto a los requisitos y tarifas que allí se desglosan.

**Propósito del Caso de Título III**

El Título III de PROMESA provee un mecanismo que le permite a un territorio cubierto por la ley (como lo es el Estado Libre Asociado) o una instrumentalidad territoriales cubierta (como lo son ERS y HTA) que enfrenta dificultades financieras trabajar con sus acreedores para ajustar sus deudas. Con este fin, ciertas disposiciones del Código de Quiebras de los Estados Unidos, 11 U.S.C. § 101 *et seq.* (en adelante, el "Código de Quiebras") se han incorporado y son aplicables a los casos radicados bajo el Título III de PROMESA.

Durante estos Casos Título III, los Deudores mantendrán posesión y control de su propiedad, y continuarán manteniendo sus funciones y proveyendo servicios para el beneficio de los ciudadanos de Puerto Rico. Sin embargo, bajo PROMESA, la Junta de Supervisión será la representante de los Deudores (como deudores en los Casos Título III) y podrá tomar cualquier acción necesaria en representación de los Deudores para ejercer sus funciones en estos Casos Título III. Bajo las disposiciones de PROMESA, únicamente la Junta de Supervisión puede presentar planes de ajuste de deuda para los Deudores. La Junta de Supervisión (como representante de los Deudores) planifica proponer un plan de ajuste de las deudas delos Deudores. Cualquier notificación futura respecto al plan mencionado será provista en la forma y manera de notificación que sea ordenada por el Tribunal. Las radicaciones de los Casos Título III a nombre de los Deudores no deben impedir los esfuerzos de continuar negociaciones voluntarias para la reestructuración de deuda y el llegar a un acuerdo consensual con los acreedores.

La información de trasfondo relacionada con el Estado Libre Asociado y sus instrumentalidades territoriales se encuentra en la Notificación de la Declaración de la Junta de Supervisión en Relación con la Petición del Estado Libre Asociado bajo el Título III de PROMESA (*Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* ) [Caso Núm. 17-3283, D.I. 1], anejada a la petición bajo el Título III del Estado Libre Asociado, la cual está disponible, sin costo alguno, accediendo a la Página Web del Caso.

**La Paralización Automática**

De conformidad con las secciones 362 y 922 del Código de Quiebras, las cuales son aplicables a los Casos Título III, la radicación de las Peticiones de los Deudores opera como una paralización automática que impide acciones en contra de los Deudores, incluyendo, entre otras cosas: el comienzo o la continuación de cualquier acción o proceso judicial, administrativo o de otra índole que fue o pudo haber sido interpuesto en contra de los Deudores, de sus oficiales o habitantes de los Deudores que fue o pudo haberse iniciado antes del comienzo de los Caso Título III, o para ejercer cualquier reclamo en contra de los Deudores, sus oficiales o habitantes cuyo derecho surgió antes de que se iniciara el Caso de Título III.

**Moción Solicitando Limitar Notificaciones**

El Tribunal también emitió una orden limitando las notificaciones de los escritos radicados en los Casos Título III de los Deudores a ciertos acreedores y partes interesadas. Si a usted le interesa recibir las notificaciones que se emitirán en los Casos Título III, se le exhorta radicar ante el Secretario(a) del Tribunal una solicitud de notificación de documentos conforme a los términos establecidos en las Reglas de Procedimiento de Quiebras 2002 y 9010(b), aplicables a estos Casos Título III. La solicitud debe incluir lo siguiente: (a) el nombre, dirección y número de teléfono del peticionario; (b) el nombre y dirección de los abogados del peticionario, de ser aplicable; (c) el correo electrónico donde el peticionario puede recibir notificaciones; (d) una dirección donde el peticionario pueda ser notificado mediante correo de los EE.UU., entregado en sus manos y/o por correo expreso; (e) un número de facsímil para el peticionario, de ser aplicable; y (f) una descripción de la relación del peticionario con los Casos Título III de los Deudores (*e.g.*, acreedor, parte interesada, etc.).

**Consultas**

Cualquier consulta sobre los asuntos aquí descritos podrá dirigirse a: (a) el Agente de Reclamaciones y Notificaciones, usando la información de contactos provista anteriormente, (b) los abogados de la Junta de Supervisión, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, (212) 969-3000 (Atención a: Lcdo. Martin J. Bienenstock, Lcdo. Paul V. Possinger, Lcdo. Ehud Barak, y Lcda. Maja Zerjal), o (c) a los abogados para la Agencia Fiscal y Autoridad de Asesoría Financiera de Puerto, O'Melveny & Myers LLP, 7 Times Square, New York, NY 10036, (212) 326-2000 (Atención a: Lcdo. John J. Rapisardi, Lcda. Suzzanne Uhland, y Lcdo. Peter Friedman).

[1] Los Deudores en estos casos bajo el Titulo III de PROMESA, junto con el número del caso de quiebra y los últimos cuatro dígitos de su identificación contributiva federal, según aplique, correspondiente a cada Deudor, son (i) Estado Libre Asociado de Puerto Rico (Caso de Quiebra No. 17 BK 3283-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra No. 17 BK 3284-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 8474); (iii) el Sistema de Retiro de los Empleados del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de Quiebra No. 17 BK 3566-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 9686); y (iv) la Autoridad de Carreteras y Transportación ("HTA") Caso de Quiebra No. 17 BK 3567-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 3808).

[2] PROMESA ha sido codificada bajo 48 U.S.C. §§ 2101-2241.

LOS PRECIOS MÁS BAJOS, ¡GARANTIZADO!
¡SUPER VENTA EXCLUSIVA DE CRUCEROS!
Hasta $1700 de Crédito a Bordo, hasta $1700 de Reembolso, BOGO: 50% DCT. en 2.º Huésped, Reciba hasta $600 de DCT. y además hasta 4 Comodidades, Cena Especial Gratis, Tratamiento de Spa Gratis, Propinas Gratis, Mejoras Gratis, Paquete de Bebidas Gratis, 3.º/4.º Huésped Viaja Gratis e Internet Ilimitada Gratis en ciertos cruceros y categorías

ALASKA
NCL Norwegian — 6 Días a Alaska, Saliendo de Seattle, Ida y Vuelta — Desde $469* pp — Vista al mar $549* — Balcón $849*
Celebrity Cruises — 7 Días a Alaska, Saliendo de Seward a Vancouver — Desde $529* pp — Vista al mar $889* — Balcón $1479* — Impuestos y cuotas $215.92pp
Royal Caribbean — 7 Días a Alaska, Saliendo de Seward a Vancouver — Desde $599* pp — Vista al mar $799* — Balcón $999* — Impuestos y cuotas $216.21pp
Holland America Line — 7 Días a Alaska, Saliendo de Vancouver a Seward — Desde $639* pp — Vista al mar $689* — Balcón $889*
Princess Cruises — 7 Días a Alaska, Saliendo de Vancouver a Whittier — Desde $669* pp — Vista al mar $699* — Balcón $1389*
Carnival — 7 Días a Alaska, Saliendo de Seattle a Vancouver — Desde $789* pp — Vista al mar $1269* — Balcón $1579*

BAHAMAS
Royal Caribbean — 3 Días a Bahamas, Saliendo de Miami, FL Ida y vuelta — Desde $199* pp — Vista al mar $229* — Balcón $419* — Impuestos y cuotas 92.06pp
Carnival — 4 Días a Bahamas, Saliendo de Miami, FL Ida y vuelta — Desde $209* pp — Vista al mar $229* — Balcón $309*
Holland America Line — 3 Días a Bahamas, Saliendo de Ft. Laud. Ida y vuelta — Desde $239* pp — Vista al mar $269* — Balcón $349*
NCL Norwegian — 4 Días a Bahamas, Saliendo de Miami I/V, BAR ABIERTO — Desde $279* pp — Vista al mar $379* — Balcón $649*
Celebrity Cruises — 3 Días a Bahamas, Saliendo de Miami, FL Ida y vuelta — Desde $319* pp — Vista al mar $399* — Balcón $499* — Impuestos y cuotas $93.44pp
Costa — 7 Días a Bahamas, Crucero Navideño Salida de Ft. Lauderdale Ida y Vuelta — Desde $429* pp — Vista al mar $519* — Balcón $699*

CARIBE
Royal Caribbean — 5 Días al Caribe, Saliendo de Ft. Laud. Ida y vuelta — Desde $259* pp — Vista al mar $299* — Balcón $509* — Impuestos y cuotas $103.74pp
Princess Cruises — 5 Días al Caribe, Saliendo de Ft. Laud. Ida y vuelta — Desde $379* pp — Vista al mar $399* — Balcón $529*
Holland America Line — 7 Días al Caribe, Saliendo de Ft. Laud. Ida y vuelta — Desde $589* pp — Vista al mar $609* — Balcón $829*
NCL Norwegian — 7 Días al Caribe, Saliendo de Miami, FL Ida y vuelta — Desde $639* pp — Vista al mar $799* — Balcón $899*

OFERTA DE LA SEMANA
NCL Norwegian Cruise Line
10 Días Crucero al Caribe saliendo de Miami, Ida y Vuelta
Desde $749* pp
Vista al mar $849* — Balcón $1249*
• EXCLUSIVO: HASTA $1700 DE REEMBOLSO
• BENEFICIOS A BORDO: Paquete de Cena/Bebidas, Crédito a Bordo + Más!
• ¡3.º y 4.º Huésped VIAJA GRATIS!

CARIBE
MSC Cruceros — 7 Días al Caribe, Saliendo de Miami Ida y vuelta — Desde $399* pp — Vista al mar $499* — Balcón $679*
Carnival — 7 Días al Caribe, Saliendo de Miami Ida y vuelta — Desde $399* pp — Vista al mar $519* — Balcón $659*
Celebrity Cruises — 7 Días al Caribe, Saliendo de Miami Ida y vuelta — Desde $649* pp — Vista al mar $749* — Balcón $749* — Impuestos y cuotas $134.61pp
Costa — 10 Días al Caribe, Saliendo de Ft. Laud. Ida y vuelta — Desde $619* pp — Vista al mar $709* — Balcón $839*

EUROPA
Costa — 7 Días a Europa, Saliendo de Barcelona, España, Ida y Vuelta — Desde $379* pp — Vista al mar $519* — Balcón $659*
Royal Caribbean — 7 Días a Europa, Saliendo de Venecia, Italia, Ida y Vuelta — Desde $399* pp — Vista al mar $549* — Balcón $829* — Impuestos y cuotas $86.20pp
MSC Cruceros — 10 Días a Europa, Saliendo de Génova, Italia, Ida y Vuelta — Desde $579* pp — Vista al mar $769* — Balcón $969*
NCL Norwegian — 10 Días a Europa, Saliendo de Málaga, España, Ida y Vuelta — Desde $649* pp — Vista al mar $909* — Balcón $1299*
Holland America Line — 10 Días a Europa, Saliendo de Barcelona, España a Roma, Italia — Desde $1029* pp — Vista al mar $1469* — Balcón $1559*
Princess Cruises — 12 Días a Europa, Saliendo de Roma, Italia, Ida y Vuelta — Desde $1299* pp — Vista al mar $1389* — Balcón $1589*

EXÓTICO
Royal Caribbean — 4 Días a Cuba, Saliendo de Miami, Ida y Vuelta — Desde $369* pp — Vista al mar $439* — Jr. Suite $1240* — Impuestos y cuotas $115.89pp
Carnival — 7 Días EE.UU./Canadá, Saliendo de Nueva York, Ida y Vuelta — Desde $489* pp — Vista al mar $609* — Balcón $869*
NCL Norwegian — 7 Días EE.UU./Canadá, Saliendo de Nueva York, Ida y Vuelta — Desde $599* pp — Vista al mar $699* — Balcón $1049*
Celebrity Cruises — 7 Días a Bermuda, Saliendo de Bayonne, NJ, Ida y Vuelta — Desde $659* pp — Vista al mar $899* — Balcón $999* — Impuestos y cuotas $195.75pp
Princess Cruises — 10 Días a México, Saliendo de San Francisco, Ida y Vuelta — Desde $749* pp — Vista al mar $749* — Balcón $1049*
Holland America Line — 11 Días a Panamá, Saliendo de Fort Lauderdale, Ida y Vuelta — Desde $929* pp — Vista al mar $1079* — Balcón $1469*

866-263-5855

*Precios por pers. c/aloj. dbl. sólo en Crucero en algunas gíras. Hay ciertas restricciones. Los impuestos y cargos del gobierno son adicionales. Los precios incluyen NFCs. Los precios son en dólares de EE.UU. Todos los itinerarios y precios están vigentes el día de la publicación de este anuncio y están sujetos a cambio sin aviso. Todas las Ofertas Exclusivas son por camarote en ciertos barcos y fechas de viaje y no son canjeables por dinero en efectivo ni pueden combinarse con otras promociones. Barcos Registrados en Las Bahamas y Panamá. CST #2015595-50 / Precios Más Bajos, Garantizado: Para tener derecho a esta garantía, el precio de la competencia que aparece en el anuncio debe estar disponible para reservación y ser una oferta idéntica de Sólo-Crucero. (Barco, Fecha, Destino, Categoría, etc). El cliente debe cumplir con las normas vigentes de las líneas de cruceros que anuncien la oferta. La garantía no incluye transporte aéreo ni terrestre, ciertos cargos a bordo, etc. Esta oferta es válida sólo para líneas de cruceros afiliadas con CLIA.

Case:17-03283-LTS Doc#:835 Filed:08/01/17 Entered:08/01/17 14:23:57 Desc: Main Document Page 22 of 27

# Congresista rechaza anuncio sobre transgéneros

EFE

La congresista por Florida Ileana Ros-Lehtinen, quien tiene un hijo transexual, lamentó el miércoles el anuncio del presidente Donald Trump de no permitir que aquellos que cambian de género sirvan en las Fuerzas Armadas del país.

"Ningún americano, sin importar su orientación sexual o identidad de género, debe prohibírsele el honor y privilegio de servir a nuestra nación", expresó la republicana en su cuenta de Twitter.

Sin precisar cuándo entrará en vigor, Trump anunció este miércoles esa prohibición, dando así marcha atrás a la apertura ordenada en 2016 por el gobierno del ex presidente Barack Obama.

## TRUMP NO LOS PERMITE EN LAS FUERZAS ARMADAS

En febrero pasado Trump también revocó una norma proclamada por Obama, que permitía a los alumnos transexuales usar los baños y los vestuarios que prefieran en función del género con el que se identifiquen.

El hecho fue considerado en ese momento como "un error" por el hijo de la congresista, Rodrigo Lehtinen, de 30 años y que de pequeño fue Amanda.

"Si eres gay o transexual, si tienes o no protección contra la discriminación depende de tu código postal, eso realmente subraya la necesidad de una ley federal", expresó Rodrigo Lehtinen en esa ocasión.

The Miami Herald

ILEANA ROS-Lehtinen, quien tiene un hijo transexual, lamentó el miércoles el anuncio del Presidente.

STEVE ROTHAUS Miami Herald File

EL ACTIVISTA Tobías Packer (izq.) y Rodrigo Heng-Lehtinen en el Miami Recognition Dinner 2014.

Trump hizo el miércoles el anuncio a través de su cuenta personal de Twitter.

Detalló que, tras haber consultado con sus "generales y expertos militares", su Gobierno "no aceptará ni permitirá" que individuos transgénero "sirvan en ninguna capacidad" en las Fuerzas Armadas de los Estados Unidos.

DURA-SEX
Alternativa Natural a Viagra
Erección Firme y Prolongada, Sin efectos secundarios,
100% Natural Efectiva en diabéticos e Hipertensos.
Tiene usted erección blanda, falta de erección o Eyaculación rápida?
Durasex es la solución
PARA HOMBRES DE 19 A 90 AÑOS
OFERTA ESPECIAL
$48 por 6 pastillas o
$90 por 12 pastillas
Resuelva sin riesgo y disfrute su relación
Suplementos Naturales, para cada día:
Para combatir la eyaculación rápida y aumentar la libido ..........$60.00
Para elevar el nivel de su testosterona ..........$40.00
Para combatir cancer y próstata inflamada ..........$47.00
Para combatir su diabetes tipo 2 y su presion alta ..........$65.00
Kareli, Inc (9am a 6pm)
1661 s.w.67 ave. Miami, FL. 33155
(305) 926-6559
www.durasexcap.com
www.durasexsublingual.com

SUMMER
Oficialmente
GAY 1 Y 2
COMEDIAS DE:
ALEXIS VALDÉS
SÁBADOS
1. QUE DARÍAS POR UN TRABAJO? 8:00 PM
2. EL INTERCAMBIO CULTURAL 10:30 PM
Trail THEATER TEATRO
305.443.1009
3715 SW 8th Street • Coral Gables, FL 33134
www.TEATROTRAIL.com

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| In re:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>Como representante del<br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *et al.*,<br>Deudores.[1] | PROMESA<br>Título III<br>No. 17 BK 3283-LTS<br>(Administración Conjunta) |
| In re:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>Como representante del<br>SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO,<br>Deudor. | PROMESA<br>Título III<br>No. 17 BK 3566-LTS<br>(Administración Conjunta) |
| In re:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>Como representante de la<br>AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO,<br>Deudor. | PROMESA<br>Título III<br>No. 17 BK 3567-LTS<br>(Administración Conjunta) |

**NOTIFICACIÓN DE COMIENZO DE PROCESOS BAJO EL TÍTULO III DE PROMESA, EMISIÓN DE ORDEN CONCEDIENDO REMEDIOS Y OTROS ASUNTOS RELACIONADOS**

**A TODOS LOS ACREEDORES DE LOS DEUDORES, Y OTRAS PARTES INTERESADAS, FAVOR TOMAR NOTA DE LO SIGUIENTE:**

**Comienzo de Procesos bajo el Título III y Orden de Remedios**

El 21 de mayo de 2017 (la "Fecha de la Petición del ERS"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "ERS" por su siglas en inglés), por conducto de y a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante del ERS a tenor con el artículo 315 de la Ley de Supervisión, Administración y Estabilidad Económica de Puerto Rico (*Puerto Rico Oversight, Management, and Economic Stability Act)* ("PROMESA"),[2] presentó una petición (la "Petición del ERS") bajo el Título III de PROMESA ante el Tribunal de Distrito Federal para el Distrito de Puerto Rico (el "Tribunal").

El 21 de mayo de 2017, la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA" por su siglas en inglés y conjuntamente con el ERS, los "Deudores"), por conducto de y a través de la Junta de Supervisión, como representante de HTA a tenor con el artículo 315(b) de PROMESA, presentó ante el Tribunal una petición (la "Petición de HTA", y conjuntamente con la Petición del ERS, la "Peticiones") bajo el Título III de PROMESA. La radicación de las Peticiones constituye órdenes de remedio bajo el Título III de PROMESA.

El 29 de junio de 2017, el Tribunal emitió una orden para la administración conjunta de los casos bajo el Título III (los "Casos Título III") junto a los casos bajo el Título III del Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") y de la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), para propósitos procesales solamente, según permite la sección 304(g) de PROMESA y la Regla 1010 de las Reglas de Procedimiento de Quiebras (*Bankruptcy Rules*), extensiva a estos Casos Título III bajo la sección 310 de PROMESA.

Estos Casos Título III se encuentran ante la consideración de la Honorable Laura Taylor Swain, Juez de Distrito de los Estados Unidos.

**Información General del Caso**

Todos los documentos radicados en los Casos Título III de epígrafe están disponibles sin costo alguno accediendo a la página web de Prime Clerk LLC (el "Agente de Reclamaciones y Notificaciones") a través del siguiente enlace: https://cases.primeclerk.com/puertorico, (la "Página Web del Caso") o contactando directamente al propuesto Agente de Reclamaciones y Notificaciones al (844)-822-9231 (llamadas gratuitas para EE.UU. y Puerto Rico) o (646)-486-7944 (llamadas internacionales). Además, se pueden obtener copias de los documentos a través de la página web del Tribunal, www.prd.uscourts.gov, sujeto a los requisitos y tarifas que allí se desglosan.

**Propósito del Caso de Título III**

El Título III de PROMESA provee un mecanismo que le permite a un territorio cubierto por la ley (como lo es el Estado Libre Asociado) o una instrumentalidad territoriales cubierta (como lo son ERS y HTA) que enfrenta dificultades financieras trabajar con sus acreedores para ajustar sus deudas. Con este fin, ciertas disposiciones del Código de Quiebras de los Estados Unidos, 11 U.S.C. § 101 *et seq.* (en adelante, el "Código de Quiebras") se han incorporado y son aplicables a los casos radicados bajo el Título III de PROMESA.

Durante estos Casos Título III, los Deudores mantendrán posesión y control de su propiedad, y continuarán manteniendo sus funciones y proveyendo servicios para el beneficio de los ciudadanos de Puerto Rico. Sin embargo, bajo PROMESA, la Junta de Supervisión será la representante de los Deudores (como deudores en los Casos Título III) y podrá tomar cualquier acción necesaria en representación de los Deudores para ejercer sus funciones en estos Casos Título III. Bajo las disposiciones de PROMESA, únicamente la Junta de Supervisión puede presentar planes de ajuste de deuda para los Deudores. La Junta de Supervisión (como representante de los Deudores) planifica proponer un plan de ajuste de las deudas delos Deudores. Cualquier notificación futura respecto al plan mencionado será provista en la forma y manera de notificación que sea ordenada por el Tribunal. Las radicaciones de los Casos Título III a nombre de los Deudores no deben impedir los esfuerzos de continuar negociaciones voluntarias para la reestructuración de deuda y el llegar a un acuerdo consensual con los acreedores.

La información de trasfondo relacionada con el Estado Libre Asociado y sus instrumentalidades territoriales se encuentra en la Notificación de la Declaración de la Junta de Supervisión en Relación con la Petición del Estado Libre Asociado bajo el Título III de PROMESA (*Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* ) [Caso Núm. 17-3283, D.I. 1], anejada a la petición bajo el Título III del Estado Libre Asociado, la cual está disponible, sin costo alguno, accediendo a la Página Web del Caso.

**La Paralización Automática**

De conformidad con las secciones 362 y 922 del Código de Quiebras, las cuales son aplicables a los Casos Título III, la radicación de las Peticiones de los Deudores opera como una paralización automática que impide acciones en contra de los Deudores, incluyendo, entre otras cosas: el comienzo o la continuación de cualquier acción o proceso judicial, administrativo o de otra índole que fue o pudo haber sido interpuesto en contra de los Deudores, de sus oficiales o habitantes de los Deudores que fue o pudo haberse iniciado antes del comienzo de los Caso Título III, o para ejercer cualquier reclamo en contra de los Deudores, sus oficiales o habitantes cuyo derecho surgió antes de que se iniciara el Caso de Título III.

**Moción Solicitando Limitar Notificaciones**

El Tribunal también emitió una orden limitando las notificaciones de los escritos radicados en los Casos Título III de los Deudores a ciertos acreedores y partes interesadas. Si a usted le interesa recibir las notificaciones que se emitirán en los Casos Título III, se le exhorta radicar ante el Secretario(a) del Tribunal una solicitud de notificación de documentos conforme a los términos establecidos en las Reglas de Procedimiento de Quiebras 2002 y 9010(b), aplicables a estos Casos Título III. La solicitud debe incluir lo siguiente: (a) el nombre, dirección y número de teléfono del peticionario; (b) el nombre y dirección de los abogados del peticionario, de ser aplicable; (c) el correo electrónico donde el peticionario puede recibir notificaciones; (d) una dirección donde el peticionario pueda ser notificado mediante correo de los EE.UU., entregado en sus manos y/o por correo expreso; (e) un número de facsímil para el peticionario, de ser aplicable; y (f) una descripción de la relación del peticionario con los Casos Título III de los Deudores (*e.g.*, acreedor, parte interesada, etc.).

**Consultas**

Cualquier consulta sobre los asuntos aquí descritos podrá dirigirse a: (a) el Agente de Reclamaciones y Notificaciones, usando la información de contactos provista anteriormente, (b) los abogados de la Junta de Supervisión, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, (212) 969-3000 (Atención a: Lcdo. Martin J. Bienenstock, Lcdo. Paul V. Possinger, Lcdo. Ehud Barak, y Lcda. Maja Zerjal), o (c) a los abogados para la Agencia Fiscal y Autoridad de Asesoría Financiera de Puerto, O'Melveny & Myers LLP, 7 Times Square, New York, NY 10036, (212) 326-2000 (Atención a: Lcdo. John J. Rapisardi, Lcda. Suzzanne Uhland, y Lcdo. Peter Friedman).

[1] Los Deudores en estos casos bajo el Titulo III de PROMESA, junto con el número del caso de quiebra y los últimos cuatro dígitos de su identificación contributiva federal, según aplique, correspondiente a cada Deudor, son (i) Estado Libre Asociado de Puerto Rico (Caso de Quiebra No. 17 BK 3283-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra No. 17 BK 3284-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 8474); (iii) el Sistema de Retiro de los Empleados del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de Quiebra No. 17 BK 3566-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 9686); y (iv) la Autoridad de Carreteras y Transportación ("HTA") Caso de Quiebra No. 17 BK 3567-LTS) (Últimos Cuatro Dígitos de su ID Contributiva Federal: 3808).

[2] PROMESA ha sido codificada bajo 48 U.S.C. §§ 2101-2241.

CONSEJOS EXPERTOS
CRUISE.COM®
LOS PRECIOS MÁS BAJOS
Nunca un cargo de reserva
LOS PRECIOS MÁS BAJOS, ¡GARANTIZADO!

¡SUPER VENTA EXCLUSIVA DE CRUCEROS!
Hasta $1700 de Crédito a Bordo, hasta $1700 de Reembolso, BOGO: 50% de DCT. en 2.º Huésped, reciba hasta $600 de DCT. y además hasta 4 Comodidades, Cena Especial Gratis, Tratamiento de Spa Gratis, Propinas Gratis, Mejoras Gratis, Paquete de Bebidas Gratis, 3.º/4.º Huésped Viaja Gratis e Internet Ilimitada Gratis en ciertos cruceros y categorías.

ALASKA
Norwegian Cruise Line — 6 Días a Alaska, Saliendo de Seatle ida y vuelta — Desde $469* PP — Vista al mar $549* — Balcón $849*
Holland America Line — 7 Días a Alaska, Saliendo de Vancouver a Seward — Desde $499* PP — Vista al mar $599* — Balcón $989*
Celebrity Cruises — 7 Días a Alaska, Saliendo de Seward a Vancouver — Desde $529* PP — Vista al mar $889* — Balcón $1499* — Impuestos y cuotas $215.92pp
Royal Caribbean International — 7 Días a Alaska, Saliendo de Seward a Vancouver — Desde $599* PP — Vista al mar $829* — Balcón $999* — Impuestos y cuotas $216.21pp
Princess Cruises — 7 Días a Alaska, Saliendo de Seattle, ida y vuelta — Desde $649* PP — Vista al mar $699* — Balcón $1499*
Carnival — 7 Días a Alaska, Saliendo de Seattle a Vancouver — Desde $789* PP — Vista al mar SOLD OUT! — Balcón $1579*

BAHAMAS
Royal Caribbean International — 3 Días a Bahamas, Saliendo de Miami, FL ida y vuelta — Desde $219* PP — Vista al mar $249* — Balcón $459* — Impuestos y cuotas $92.05pp
Carnival — 4 Días a Bahamas, Saliendo de Miami, FL ida y vuelta — Desde $209* PP — Vista al mar $249* — Balcón $309*
Holland America Line — 3 Días a Bahamas, Saliendo de Ft. Laud. ida y vuelta — Desde $239* PP — Vista al mar $269* — Balcón $349*
Norwegian Cruise Line — 4 Días a Bahamas, Saliendo de Miami, FL i/v, BAR ABIERTO — Desde $279* PP — Vista al mar $379* — Balcón $649*
Celebrity Cruises — 3 Días a Bahamas, Saliendo de Miami, FL ida y vuelta — Desde $299* PP — Vista al mar $399* — Balcón $499* — Impuestos y cuotas $93.44pp
Costa — 7 Días a Bahamas, Crucero Navideño Saliendo de Ft. Laud. ida y vuelta — Desde $429* PP — Vista al mar $519* — Balcón $699*

CARIBE
Royal Caribbean International — 5 Días al Caribe, Saliendo de Ft. Laud. ida y vuelta — Desde $279* PP — Vista al mar $319* — Balcón $609* — Impuestos y cuotas $107.08pp
Princess Cruises — 5 Días al Caribe, Saliendo de Ft. Laud. ida y vuelta — Desde $349* PP — Vista al mar $369* — Balcón $499*
Holland America Line — 7 Días al Caribe, Saliendo de Ft. Laud. ida y vuelta — Desde $499* PP — Vista al mar $549* — Balcón $689*
Costa — 10 Días al Caribe, Saliendo de Ft. Laud., ida y vuelta — Desde $619* PP — Vista al mar $709* — Balcón $839*

OFERTA DE LA SEMANA
Royal Caribbean International
7 Días Crucero al Caribe saliendo de Fort Lauderdale, ida y vuelta
Desde $539* PP — Vista al mar $579* — Balcón $759*
• EXCLUSIVO: PROPINAS GRATIS
• VENTA BOGO: 50% DCT. a 2.º Huésped + 25% DCT. a 3.º /4.º Huésped
• ¡Hasta $100 de Crédito a Bordo y Más!

CARIBE
MSC Cruises — 7 Días al Caribe, Saliendo de Miami FL, ida y vuelta — Desde $369* PP — Vista al mar $449* — Balcón $449*
Carnival — 7 Días al Caribe, Saliendo de Miami, FL ida y vuelta — Desde $429* PP — Vista al mar $519* — Balcón $659*
Norwegian Cruise Line — 7 Días al Caribe, Saliendo de Miami, FL ida y vuelta — Desde $639* PP — Vista al mar $799* — Balcón $899*
Celebrity Cruises — 7 Días al Caribe, Saliendo de Miami, FL ida y vuelta — Desde $649* PP — Vista al mar $749* — Balcón $749* — Impuestos y cuotas $134.61pp

EUROPA
Royal Caribbean International — 7 Días a Europa, Saliendo de Venecia, Italia, ida y vuelta — Desde $449* PP — Vista al mar $549* — Balcón $849* — Impuestos y cuotas $86.20pp
Costa — 10 Días a Europa, Saliendo de Barcelona, España, ida y vuelta — Desde $569* PP — Vista al mar $795* — Balcón $1065*
MSC Cruises — 10 Días a Europa, Saliendo de Génova, Italia, ida y vuelta — Desde $579* PP — Vista al mar $769* — Balcón $969*
Norwegian Cruise Line — 10 Días a Europa, Saliendo de Málaga, España, ida y vuelta — Desde $579* PP — Vista al mar $799* — Balcón $999*
Holland America Line — 10 Días a Europa, Saliendo de Barcelona, España a Roma, Italia — Desde $1049* PP — Vista al mar $1499* — Balcón $1599*
Princess Cruises — 12 Días a Europa, Saliendo de Roma, Italia, ida y vuelta — Desde $1299* PP — Vista al mar $1339* — Balcón $1589*

EXÓTICO
Royal Caribbean International — 4 Días a Cuba, Saliendo de Miami, FL ida y vuelta — Desde $399* PP — Vista al mar $479* — Balcón $1359* — Impuestos y cuotas $115.89pp
Carnival — 7 Días EE.UU./Canadá, Saliendo de Nueva York, ida y vuelta — Desde $479* PP — Vista al mar $619* — Balcón $899*
Norwegian Cruise Line — 7 Días EE.UU./Canadá, Saliendo de Nueva York, ida y vuelta — Desde $579* PP — Vista al mar $749* — Balcón $1199*
Celebrity Cruises — 7 Días a Bermuda, Saliendo de Bayonne, NJ, ida y vuelta — Desde $699* PP — Vista al mar $849* — Balcón $1099* — Impuestos y cuotas $195.75pp
Princess Cruises — 10 Días al Caribe, Saliendo de Ft. Laud., ida y vuelta — Desde $899* PP — Vista al mar $969* — Balcón $1489*
Holland America Line — 11 Días a Panamá, Saliendo de Ft. Laud., ida y vuelta — Desde $949* PP — Vista al mar $1049* — Balcón $1499*

866-263-5855

*Precios por pers. c/aloj. dbl. sólo en Crucero en algunas giras. Hay ciertas restricciones. Los impuestos y cargos del gobierno son adicionales. Los precios incluyen NFCs. Los precios son en dólares de EE.UU. y pueden incluir Tarifas de Residente. Todos los itinerarios y precios están vigentes el día de la publicación de este anuncio y están sujetos a cambio sin aviso. Todas las ofertas exclusivas son por camarote en ciertos barcos y fechas de viaje y no son canjeables por dinero en efectivo ni pueden combinarse con otras promociones. Barcos Registrados en Las Bahamas y Panamá. CST #2015595-50 / Precios Más Bajos, Garantizado: Para tener derecho a esta garantía, el precio de la competencia que aparece en el anuncio debe estar disponible para reservación y ser una oferta idéntica de Sólo-Crucero. (Barco, Fecha, Destino, Categoría, etc). El cliente debe cumplir con las normas vigentes de las líneas de cruceros que anuncien la oferta. La garantía no incluye transporte aéreo ni terrestre, ciertos cargos a bordo, etc. Esta oferta es válida sólo para líneas de cruceros afiliadas con CLIA.

**Exhibit E**

Latin Media House

1700 Ave. Fernández Juncos
San Juan, P.R.00909

# AFFIDAVIT OF PUBLICATION

In the city of San Juan, Puerto Rico, on July 31, 2017, I Angel Rodriguez representing Latin Media House, LLC., hereby certify that in our weekly newspaper of Caribbean Business for the editions dated July 13, July 20 and July 27 of the present year, was published:

"NOTICE OF COMMENCEMENT OF CASES UNDER TITLE III OF PROMESA, ENTRY OF ORDER FOR RELIEF AND RELATED MATTERS"

From the United States District Court for the District of Puerto Rico In re:

"THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE COMMENWEALTH OF PUERTO RICO, *et al.*

*Debtors"*

Signed: ______________________________
Angel Rodriguez – Chief Financial Officer

# Few Economic Benefits Seen After Labor Reform

Alicia Lamboy, president of the P.R. Chamber of Commerce

Carlos Saavedra, secretary of the P.R. Labor & Human Resources Department

## Private Sector Still Evaluating Changes

**BY CINDY BURGOS ALVARADO**
c.burgos@lmh.pr

Five months after labor reform was enacted in Puerto Rico, changes in the local economic landscape have been almost imperceptible.

On the one hand, the government says employment indicators are "positive" if you look at the figures from January 2017 to May 2017, but on the other hand, members of the private sector argue that it is "too early" to see the effects since there have been very few new hires in employment.

"In January, the unemployment rate was at 12.2% and in May it was at 11%, down 1.2% since labor reform was approved. That number is the lowest since 2008," Labor Secretary Carlos Saavedra told Caribbean Business. This change, however, is accompanied by a reduction in the labor-force participation rate, which in January stood at 40.6% and in May at 39.9%.

However, the working group's number—which is the sum of unemployed and employed people, including contracts and salaried workers—shows an increase of 2,000 people from January to May: from 1.118 million to 1.12 million. This number is lower than what was reported for the working group in 2016, when it reached 1.126 million.

"They are positive indicators since labor reform came into force. You have more people working, [it is] the lowest point in unemployment. From January to date, there are 16,000 more people employed," Saavedra said.

The Labor secretary added that there are no active complaints related to unjustified layoffs from the labor reform. He explained that the Walgreens pharmacy chain's case was resolved in favor of the employer, as it showed the firing of a group of workers did not represent the hiring of workers with fewer benefits, one of the concerns involved in the approval of the new labor law.

Despite the government's position, private-sector representatives argued that most employers are evaluating their employee regulations and determining how labor reform alters their HR systems.

For this reason, they believe it would not be until next year that employers would see the financial benefits of the Law on Labor Transformation & Flexibility, since it would allow new hirings with the benefits provided by the legislation.

Employees hired after labor reform accumulate six days of vacation a year instead of 12; will see their Christmas bonuses reduced; and must undergo a probationary period lasting nine to 12 months—which formerly lasted three months—among other aspects. The changes that apply to current employees are related to the elimination of the Closing Act on Sundays, religious accommodation and the lactating period granted to nursing mothers.

"It is too early to see the effects concretely.... There are a number of conditions that have to be met [for job creation], not just the approval of labor reform. We have other factors that are affecting business operations," said P.R. Chamber of Commerce (CofC) President Alicia Lamboy, referring to the island's high energy costs and tax complications.

Former CofC President José Vázquez agreed with her and said that although labor reform "was necessary," a rotation of employees is required for employers to see the savings.

Kenneth Fernández, chairman of the P.R. Hotel & Tourism Association's Human Resources Committee, highlighted the challenges employers have managing employees hired before and after labor reform, as these workers have different benefits. "It's not necessarily more expensive, but it's more complicated. You need to have two employee manuals, two policies," he said.

Fernández said that in the hotel sector, employers are evaluating how they will apply labor reform, since they will not be hiring new staff until the peak tourism season begins in December. "[The inclination is] to create a balance between the company's benefit and the employee's benefit," he said.

For attorney Luis Pabón Roca, who has offered seminars on labor reform, what is reigning among employers is confusion because personnel management is now more complicated in some aspects.

"The law has not led to the creation of new businesses. Those who were in the process of setting up a business took advantage of the provisions. But I don't think the reform has caused people to become motivated to create a business because it is easier," he said, adding that he believes the changes could be seen next year.

> It is too early to see the effects concretely.... There are a number of conditions that have to be met [for job creation], not just the approval of labor reform. We have other factors that are affecting business operations."
>
> **—P.R. Chamber of Commerce President Alicia Lamboy, referring to the island's high energy costs and tax complications**

---

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br>Debtors.[1] | PROMESA Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO ("ERS"),<br>Debtor. | PROMESA Title III<br>No. 17 BK 3566-LTS<br>(Jointly Administered) |
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA"),<br>Debtor. | PROMESA Title III<br>No. 17 BK 3567-LTS<br>(Jointly Administered) |

**NOTICE OF COMMENCEMENT OF CASES UNDER TITLE III OF PROMESA, ENTRY OF ORDER FOR RELIEF AND RELATED MATTERS**

**TO ALL CREDITORS OF THE DEBTORS, AND TO OTHER PARTIES IN INTEREST, PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Commencement of Title III Cases and Orders for Relief**

On May 21, 2017 ("ERS's Petition Date"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as ERS's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed a petition ("ERS's Petition") with the United States District Court for the District of Puerto Rico (the "Court") under title III of PROMESA.

On May 21, 2017, the Puerto Rico Highways and Transportation Authority ("HTA," and together with ERS, the "Debtors"), by and through the Oversight Board, as HTA's representative pursuant to PROMESA section 315(b), filed a petition ("HTA's Petition," and together with ERS's Petition, the "Petitions") with the Court under title III of PROMESA. The filings of the Petitions constitute orders for relief under title III of PROMESA.

On June 29, 2017, the Court entered an order jointly administering of the title III cases (the "Title III Cases"), for procedural purposes only with the title III cases of the Commonwealth of the Puerto Rico (the "Commonwealth") and the Puerto Rico Sales Tax Financing Corporation ("COFINA"), pursuant to PROMESA section 304(g) and Bankruptcy Rule 1015, made applicable to these Title III Cases by PROMESA section 310.

These Title III Cases are pending before the Honorable Laura Taylor Swain, United States District Judge.

**General Case Information**

All documents filed in the above-captioned Title III Cases are available free of charge by accessing the website maintained by Prime Clerk LLC (the "Claims and Noticing Agent") at https://cases.primeclerk.com/puertorico (the "Case Website") or by contacting the proposed Claims and Noticing Agent directly at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers). You may also obtain copies of any documents by visiting the Court's website at www.prd.uscourts.gov in accordance with the procedures and fees set forth therein.

**Purpose of the Title III Cases**

Title III of PROMESA provides a means for a covered territory (such as the Commonwealth) or a covered instrumentality (such as ERS and HTA) that has encountered financial difficulty to work with its creditors to adjust its debts. To that end, certain sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (hereinafter, the "Bankruptcy Code") are incorporated in and made applicable to cases under title III of PROMESA.

During these Title III Cases, the Debtors will remain in possession and control of their property, and will continue to maintain their functions and provide services for the benefit of the residents of Puerto Rico. Under PROMESA, however, the Oversight Board is the representative of the Debtors (as debtors in these Title III Cases) and may take any action necessary on behalf of the Debtors to prosecute these Title III Cases. Under PROMESA, only the Oversight Board may file a plan of adjustment for the Debtors. In that regard, the Oversight Board (as representative of the Debtors) intends to propose a plan for the adjustment of the Debtors' debts. Future notice concerning any such plan will be provided pursuant to the form and manner of notice ordered by the Court. The Title III filings for the Debtors should not preclude efforts to continue voluntary debt restructuring negotiations and to seek consensual agreements with creditors.

Background information regarding the Commonwealth and its instrumentalities is contained in the *Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* [Case No. 17-3283, D.I. 1], attached to the Commonwealth's title III petition, which is available, free of charge, by accessing the Case Website.

**Automatic Stay**

Pursuant to Bankruptcy Code sections 362 and 922, which are made applicable in these Title III Cases, the filing of the Debtors' Petitions operates as an automatic stay of actions against the Debtors, including, among other things: the commencement or continuation of a judicial, administrative, or other action or proceeding against the Debtors or against an officer or inhabitant of the Debtors that was or could have been commenced before the commencement of these Title III Cases, or to recover a claim against the Debtors or against an officer or inhabitant of the Debtors that arose before the commencement of the Title III Cases.

**Motion to Limit Notice**

The Court also entered an order limiting notice of filings in the Debtors' Title III Cases to certain creditors and interested parties. If you wish to receive notices in these Title III Cases, you are encouraged to file with the Clerk of Court a written request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b), which are applicable in these Title III Cases. The request should include the following: (a) the requesting party's name, address, and telephone number; (b) the name and address of the requesting party's counsel, if any; (c) an e-mail address at which the requesting party may be served; (d) an address by which the requesting party may be served by U.S. mail, hand delivery, and/or overnight delivery; (e) a facsimile number for the requesting party, if applicable; and (f) the requesting party's relationship to the Debtors' case (*e.g.*, trade creditor, interested party, etc.).

**Inquiries**

Inquiries about the matters described herein may be directed to: (a) the Claims and Noticing Agent, at the contact information listed above, (b) the Oversight Board's counsel, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, (212) 969-3000 (Attn: Martin J. Bienenstock, Esq., Paul V. Possinger, Esq., Ehud Barak, Esq., and Maja Zerjal, Esq.), or (c) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, 7 Times Square, New York, NY 10036, (212) 326-2000 (Attn: John J. Rapisardi, Esq., Suzzanne Uhland, Esq., and Peter Friedman, Esq.).

[1] The Debtors in these Title III Cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808).

[2] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.



FDIC Arlington office

downturn levels, which were below 2%," according to the report.

In the area of capital adequacy, V2A found the industry's Tier 1 Risk-Based Capital Ratio exceeds 20%. The Tier 1 Risk-Based Capital Ratio reached 20.5% in the first quarter of 2017, a hike with respect to 2012 when it reached 14.2%.

"When analyzing capital adequacy by bank, Scotia and Santander, which operate locally as affiliates of large multinational financial entities and are therefore less dependent on the Puerto Rico market, boast the highest capital ratios, with Tier 1 Risk-Based Capital Ratios of 34.4 and 27.2, respectively.

"The somewhat lower capital ratios of Popular, FirstBank and Oriental, vis-à-vis Scotia and Santander, reflect the more aggressive strategies of these banks to further consolidate their presence in the island through the deployment of excess capital while still maintaining very robust capital levels. It should be noted that there is pressure being put by the federal regulators to lessen the stringency of annual stress test rules," the report said.

## Asset quality

In the area of asset quality, the 90-plus past due non-accruing ratio continues to decrease and is at 6.3%.

"The 90+ days past due non-accruing ratio, which excludes loans and other real estate owned that remain covered under the terms of the FDIC-sponsored single-family loss-share agreement, has continued a downward trend, reaching 6.3% in YTD 2017, reflecting the local banking sector's aggressive and steady derisking strategy," the report said.

When analyzing asset quality by bank, the 90+ days past due-non accruing ratio of all banks, except Scotia, fluctuated between 4.5% and 6.3% so far in the past year. Scotia has continued to struggle with its delinquent loans reaching a 90+ days past due non-accruing ratio of 23.9%, a clear outlier among its peers. "Further aggravating this issue is the fact that Scotia has a relatively low reserve-to-nonperforming loan (NPL) ratio. If further economic and fiscal deterioration materializes in the short and medium term, as has been forecasted by local private economists, negatively impacting the jobs market, delinquent loans may begin to creep up," the report said.

## Total loan originations

On the other hand, when comparing 2016 against 2005, the report found that total loan originations have dropped by 71% and loan portfolios by 39%. Loan originations have experienced a significant drop since the beginning of the economic downturn in 2006. Total loan originations in 2016 reached $7.2 billion, a decrease of 71%, or $17.3 billion, with respect to 2005. When compared to 2012, the most recent peak, loan originations decreased by 42%, or $5.2 billion. However, the total loans and leases portfolio of the banking sector has decreased at a lower rate: 39% since 2005 and 27% since 2012.

"If the total loan portfolio of the market is brought in line with the current level of loan originations, the profitability of banks would be seriously adversely affected, given its fixed cost structure and the high margins of loan portfolios compared to investments or cash management. Given the current economic outlook with no clear engines of growth and the tightening of monetary policy through the raising of the Federal Funds Rate, among other factors, it is completely sensible to expect that loan originations will remain subdued going forward.

"Moreover, knowing that another mortgage boom is unlikely to occur in the short and medium term, the loan origination mix will move toward shorter-lived portfolio segments (i.e. consumer and commercial loans), which would ultimately lead to a downsized total loan portfolio," the report said.

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br>Debtors.[1] | PROMESA Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO ("ERS"),<br>Debtor. | PROMESA Title III<br>No. 17 BK 3566-LTS<br>(Jointly Administered) |
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA"),<br>Debtor. | PROMESA Title III<br>No. 17 BK 3567-LTS<br>(Jointly Administered) |

**NOTICE OF COMMENCEMENT OF CASES UNDER TITLE III OF PROMESA, ENTRY OF ORDER FOR RELIEF AND RELATED MATTERS**

**TO ALL CREDITORS OF THE DEBTORS, AND TO OTHER PARTIES IN INTEREST, PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Commencement of Title III Cases and Orders for Relief**

On May 21, 2017 ("ERS's Petition Date"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as ERS's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed a petition ("ERS's Petition") with the United States District Court for the District of Puerto Rico (the "Court") under title III of PROMESA.

On May 21, 2017, the Puerto Rico Highways and Transportation Authority ("HTA," and together with ERS, the "Debtors"), by and through the Oversight Board, as HTA's representative pursuant to PROMESA section 315(b), filed a petition ("HTA's Petition," and together with ERS's Petition, the "Petitions") with the Court under title III of PROMESA. The filings of the Petitions constitute orders for relief under title III of PROMESA.

On June 29, 2017, the Court entered an order jointly administering of the title III cases (the "Title III Cases"), for procedural purposes only with the title III cases of the Commonwealth of the Puerto Rico (the "Commonwealth") and the Puerto Rico Sales Tax Financing Corporation ("COFINA"), pursuant to PROMESA section 304(g) and Bankruptcy Rule 1015, made applicable to these Title III Cases by PROMESA section 310.

These Title III Cases are pending before the Honorable Laura Taylor Swain, United States District Judge.

**General Case Information**

All documents filed in the above-captioned Title III Cases are available free of charge by accessing the website maintained by Prime Clerk LLC (the "Claims and Noticing Agent") at https://cases.primeclerk.com/puertorico (the "Case Website") or by contacting the proposed Claims and Noticing Agent directly at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers). You may also obtain copies of any documents by visiting the Court's website at www.prd.uscourts.gov in accordance with the procedures and fees set forth therein.

**Purpose of the Title III Cases**

Title III of PROMESA provides a means for a covered territory (such as the Commonwealth) or a covered instrumentality (such as ERS and HTA) that has encountered financial difficulty to work with its creditors to adjust its debts. To that end, certain sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (hereinafter, the "Bankruptcy Code") are incorporated in and made applicable to cases under title III of PROMESA.

During these Title III Cases, the Debtors will remain in possession and control of their property, and will continue to maintain their functions and provide services for the benefit of the residents of Puerto Rico. Under PROMESA, however, the Oversight Board is the representative of the Debtors (as debtors in these Title III Cases) and may take any action necessary on behalf of the Debtors to prosecute these Title III Cases. Under PROMESA, only the Oversight Board may file a plan of adjustment for the Debtors. In that regard, the Oversight Board (as representative of the Debtors) intends to propose a plan for the adjustment of the Debtors' debts. Future notice concerning any such plan will be provided pursuant to the form and manner of notice ordered by the Court. The Title III filings for the Debtors should not preclude efforts to continue voluntary debt restructuring negotiations and to seek consensual agreements with creditors.

Background information regarding the Commonwealth and its instrumentalities is contained in the *Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* [Case No. 17-3283, D.I. 1], attached to the Commonwealth's title III petition, which is available, free of charge, by accessing the Case Website.

**Automatic Stay**

Pursuant to Bankruptcy Code sections 362 and 922, which are made applicable in these Title III Cases, the filing of the Debtors' Petitions operates as an automatic stay of actions against the Debtors, including, among other things: the commencement or continuation of a judicial, administrative, or other action or proceeding against the Debtors or against an officer or inhabitant of the Debtors that was or could have been commenced before the commencement of these Title III Cases, or to recover a claim against the Debtors or against an officer or inhabitant of the Debtors that arose before the commencement of the Title III Cases.

**Motion to Limit Notice**

The Court also entered an order limiting notice of filings in the Debtors' Title III Cases to certain creditors and interested parties. If you wish to receive notices in these Title III Cases, you are encouraged to file with the Clerk of Court a written request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b), which are applicable in these Title III Cases. The request should include the following: (a) the requesting party's name, address, and telephone number; (b) the name and address of the requesting party's counsel, if any; (c) an e-mail address at which the requesting party may be served; (d) an address by which the requesting party may be served by U.S. mail, hand delivery, and/or overnight delivery; (e) a facsimile number for the requesting party, if applicable; and (f) the requesting party's relationship to the Debtors' case (*e.g.*, trade creditor, interested party, etc.).

**Inquiries**

Inquiries about the matters described herein may be directed to: (a) the Claims and Noticing Agent, at the contact information listed above, (b) the Oversight Board's counsel, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, (212) 969-3000 (Attn: Martin J. Bienenstock, Esq., Paul V. Possinger, Esq., Ehud Barak, Esq., and Maja Zerjal, Esq.), or (c) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, 7 Times Square, New York, NY 10036, (212) 326-2000 (Attn: John J. Rapisardi, Esq., Suzzanne Uhland, Esq., and Peter Friedman, Esq.).

1 The Debtors in these Title III Cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808).

2 PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

Case:17-03283-LTS Doc#:835 Filed:08/01/17 Entered:08/01/17 14:23:57 Desc: Main Document Page 27 of 27

# PRMA: More Local Participation in Construction

## Law Requires Use of Local Materials in Government Projects

BY EVA LLORÉNS VÉLEZ
e.llorens@cb.pr

Despite the existence of a law dating back to 1985 that requires the use of construction materials manufactured in Puerto Rico for government projects, agencies constantly ignored the public policy to the detriment of the local economy, according to the P.R. Manufacturers Association (PRMA).

Act 109 of 1985 was approved to strengthen and promote jobs by increasing the use of locally manufactured products. This was done by recognizing the contributions of the construction sector, identifying the Puerto Rican cement industry as a direct and indirect source of jobs, a source of resources for contributions, taxes, patents and other revenues that benefit the government.

On the other hand, the Government Procurement Preferential Policy Act of 2004 also guarantees greater participation of Puerto Rican producers of goods and services in government purchases by providing mechanisms and structures that allow them to access the government's purchasing market.

"However, we continue to have little involvement of local manufacturers and producers in government procurement processes, where more than 75% of imported products are consumed. The local industry is unable to participate effectively in these processes, in the same circumstances as in 2004 when Law 14 of 2004 was enacted, but that is now completely ignored by those who lead the government's purchasing processes," said Rodrigo Masses, president of the PRMA.

Many of the association's members face situations in which they compete to provide certain manufactured products from Puerto Rico, but face roadblocks in the bidding process." Examples such as Olein Recovery Corp., which has had to challenge bidding processes because Act 14 of 2004 is not enforced, because agencies alleged that the company does not meet requirements, but provide no evidence or justification to that effect. On multiple occasions, they have gone to the Investment in the Puerto Rican Industry Board to file complaints, and the result usually is a fine and adjudication to a supplier that exports products," he said.

"The association has filed complaints on behalf of members such as Danosa P.R., only to find agency heads ratifying the illegal action and simply delegating the responsibility to the 'technical judgment' of a procurement officer, with no justification that prioritized the imported products," Masses said.

There are numerous excuses to support or favor specifications that have the effect of excluding local suppliers and that favor imported products and are hurting the Puerto Rican industry, he indicated.

The local industry is unable to participate effectively in these processes, in the same circumstances as in 2004 when Law 14 of 2004 was enacted, but that is now completely ignored by those who lead the government's purchasing processes.

—Rodrigo Masses, president of the PRMA

"Worse yet, when there are challenges to the process and there is evidence of noncompliance to the highest level, it is incredible to see agency chiefs who prefer to litigate against local firms in defense of imported goods or services, instead of correcting the mistake."

The controversy, in fact, is the object of an investigation by the P.R. Senate Committee on Social & Economic Revitalization.

Ricardo Álvarez, president of the Builders Association, stressed that the issue is an example of a law that does not apply. "We have to give priority to local suppliers and contractors," he said.

Ralph A. Kreil Rivera, president of the Engineers & Land Surveyors Association, said that as part of the investigation, Law 109 has too many exceptions that render it unusable. "There are also state and municipal government officials who fail to enforce the law. It should be noted that a public official who fails to enforce the law can be declared in insubordination," he said.

Although there are legal remedies such as a mandamus to require agency heads to obey the law, he said: "We are of the belief, that since there is a single political party in control of the executive and legislative branches, there is no need to resort to extraordinary legal procedures to enforce the law.... There should be no controversy."

The House is evaluating Senate Bill 437, whose goal is to establish the Preference Law for Local Contractors or Construction Suppliers to ensure the largest-possible participation of Puerto Rican producers of goods and services in purchases. It has the backing of private-sector organizations.

### Issue of federal funds

Government officials said part of the problem is the lack of local funds to finance projects, which are mostly provided by federal sources that ban preferential treatment.

P.R. Housing Secretary Fernando Gil said his entity's projects are mostly financed by federal funds that prevent the use of geographical limitations to restrict competition. "This does not mean the Public Housing Administration does not support the use of locally produced building materials. It promotes the voluntary use of local materials," he said, arguing that it reduces the environmental impact from long-distance transportation.

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br>Debtors.[1] | PROMESA Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO ("ERS"),<br>Debtor. | PROMESA Title III<br>No. 17 BK 3566-LTS<br>(Jointly Administered) |
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA"),<br>Debtor. | PROMESA Title III<br>No. 17 BK 3567-LTS<br>(Jointly Administered) |

**NOTICE OF COMMENCEMENT OF CASES UNDER TITLE III OF PROMESA, ENTRY OF ORDER FOR RELIEF AND RELATED MATTERS**

**TO ALL CREDITORS OF THE DEBTORS, AND TO OTHER PARTIES IN INTEREST, PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Commencement of Title III Cases and Orders for Relief**

On May 21, 2017 ("ERS's Petition Date"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as ERS's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed a petition ("ERS's Petition") with the United States District Court for the District of Puerto Rico (the "Court") under title III of PROMESA.

On May 21, 2017, the Puerto Rico Highways and Transportation Authority ("HTA," and together with ERS, the "Debtors"), by and through the Oversight Board, as HTA's representative pursuant to PROMESA section 315(b), filed a petition ("HTA's Petition," and together with ERS's Petition, the "Petitions") with the Court under title III of PROMESA. The filings of the Petitions constitute orders for relief under title III of PROMESA.

On June 29, 2017, the Court entered an order jointly administering of the title III cases (the "Title III Cases"), for procedural purposes only with the title III cases of the Commonwealth of the Puerto Rico (the "Commonwealth") and the Puerto Rico Sales Tax Financing Corporation ("COFINA"), pursuant to PROMESA section 304(g) and Bankruptcy Rule 1015, made applicable to these Title III Cases by PROMESA section 310.

These Title III Cases are pending before the Honorable Laura Taylor Swain, United States District Judge.

**General Case Information**

All documents filed in the above-captioned Title III Cases are available free of charge by accessing the website maintained by Prime Clerk LLC (the "Claims and Noticing Agent") at https://cases.primeclerk.com/puertorico (the "Case Website") or by contacting the proposed Claims and Noticing Agent directly at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers). You may also obtain copies of any documents by visiting the Court's website at www.prd.uscourts.gov in accordance with the procedures and fees set forth therein.

**Purpose of the Title III Cases**

Title III of PROMESA provides a means for a covered territory (such as the Commonwealth) or a covered instrumentality (such as ERS and HTA) that has encountered financial difficulty to work with its creditors to adjust its debts. To that end, certain sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (hereinafter, the "Bankruptcy Code") are incorporated in and made applicable to cases under title III of PROMESA.

During these Title III Cases, the Debtors will remain in possession and control of their property, and will continue to maintain their functions and provide services for the benefit of the residents of Puerto Rico. Under PROMESA, however, the Oversight Board is the representative of the Debtors (as debtors in these Title III Cases) and may take any action necessary on behalf of the Debtors to prosecute these Title III Cases. Under PROMESA, only the Oversight Board may file a plan of adjustment for the Debtors. In that regard, the Oversight Board (as representative of the Debtors) intends to propose a plan for the adjustment of the Debtors' debts. Future notice concerning any such plan will be provided pursuant to the form and manner of notice ordered by the Court. The Title III filings for the Debtors should not preclude efforts to continue voluntary debt restructuring negotiations and to seek consensual agreements with creditors.

Background information regarding the Commonwealth and its instrumentalities is contained in the *Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* [Case No. 17-3283, D.I. 1], attached to the Commonwealth's title III petition, which is available, free of charge, by accessing the Case Website.

**Automatic Stay**

Pursuant to Bankruptcy Code sections 362 and 922, which are made applicable in these Title III Cases, the filing of the Debtors' Petitions operates as an automatic stay of actions against the Debtors, including, among other things: the commencement or continuation of a judicial, administrative, or other action or proceeding against the Debtors or against an officer or inhabitant of the Debtors that was or could have been commenced before the commencement of these Title III Cases, or to recover a claim against the Debtors or against an officer or inhabitant of the Debtors that arose before the commencement of the Title III Cases.

**Motion to Limit Notice**

The Court also entered an order limiting notice of filings in the Debtors' Title III Cases to certain creditors and interested parties. If you wish to receive notices in these Title III Cases, you are encouraged to file with the Clerk of Court a written request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b), which are applicable in these Title III Cases. The request should include the following: (a) the requesting party's name, address, and telephone number; (b) the name and address of the requesting party's counsel, if any; (c) an e-mail address at which the requesting party may be served; (d) an address by which the requesting party may be served by U.S. mail, hand delivery, and/or overnight delivery; (e) a facsimile number for the requesting party, if applicable; and (f) the requesting party's relationship to the Debtors' case (*e.g.*, trade creditor, interested party, etc.).

**Inquiries**

Inquiries about the matters described herein may be directed to: (a) the Claims and Noticing Agent, at the contact information listed above, (b) the Oversight Board's counsel, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, (212) 969-3000 (Attn: Martin J. Bienenstock, Esq., Paul V. Possinger, Esq., Ehud Barak, Esq., and Maja Zerjal, Esq.), or (c) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, 7 Times Square, New York, NY 10036, (212) 326-2000 (Attn: John J. Rapisardi, Esq., Suzzanne Uhland, Esq., and Peter Friedman, Esq.).

[1] The Debtors in these Title III Cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808).

[2] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.