**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | PROMESA |
| | TITLE III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | |
| | NO. 17 BK 3283-LTS |
| AS REPRESENTATIVE OF | |
| THE COMMONWEALTH OF PUERTO RICO | |
| DEBTOR | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

**TO THE HONORABLE COURT:**

COMES NOW Karen Odalys Fuentes Rivera, Luis Iván Fuentes Vázquez, y Carmen Iris Rivera Cosme (hereinafter collectively "Movants"), through the undersigned counsel and very respectfully move the Court for an Order pursuant to 11 U.S.C. sec. 362 for relief of the automatic stay, and in support of this motion, states and prays:

**I. PROCEDURAL BACKGROUND**

On June 23, 2016, the Movants filed a Complaint before the Puerto Rico Court of First Instance, Superior Court of Caguas, against the Commonwealth of Puerto Rico/Department of Transportation and Public Works ("Commonwealth"), the Municipality of Aguas Buenas, the Puerto Rico Road and Transportation Authority ("PRRTA") and others, seeking monetary compensation for damages suffered due to a traffic accident. On July 5, 2016 and December 14, 2016 Movants amended the Complaint

to include Triple S Propiedad and Mapfre-Praico Insurance Company as codefendants, and to amend their claims. Karen Odalys Fuentes Rivera, et als v. Departamento de Transportación y Obras Públicas, et als, E DP2016-0075. **Pretrial hearing in the case has been set for August 8, 2017.**

In said complaint, movants alleged that while Karen Odalys Fuentes Vazquez was driving on road PR-156 she had to move to the side of the road. Nevertheless, because the road lacked illumination, nor the road had the proper safety barriers, movant Fuentes Vázquez fell by the side of a bridge, suffering multiple body traumas.

It is the Movants contention that The Commonwealth of Puerto Rico, the Municipality of Aguas Buenas and PRRTA, are jointly liable for the damages they suffered as consequence of the negligence of all defendants.

On May 19, 2017, the Commonwealth filed before the Caguas Superior Court a motion requesting an order of stay of the proceedings in the above-mentioned case pursuant to Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").

On June 26, 2017, the Caguas Superior Court entered an order granting the Commonwealth's petition of stay of the claim against the Commonwealth, but ordered that the case continued against all the other parties of the case.

**II. DISCUSSION**

Movants respectfully request this Honorable Court that the automatic stay of captioned case, <u>Karen Odalys Fuentes Rivera, et als v. Departamento de Transportación y Obras Públicas, et als</u>, E DP2016-0075 be lifted or modified pursuant to 11 U.S.C. Sec. 362 (d)1), for cause, allowing the litigation to proceed against the Commonwealth.

Section 362 (d)(1) of the Bankruptcy Code, supra, states that:

> "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay---.
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest."

In <u>Sonnax Indus., Inc. v. TriComponent Prods. Corp.</u> (In re Sonnax Indus., Inc.), 907 F.2d 1280 (2d Cir. 1990), the Second Circuit Court of Appeals enumerated the factors that should be analyzed for purposes of evaluating relief from the automatic stay:

**(1) Whether relief would result in a partial or complete resolution of the issues;**

**(2) Lack of any connection with or interference with the bankruptcy case;**

(3) Whether the other proceeding involves the debtor as a fiduciary;

(4) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

3

(5) Whether the debtor's insurer has assumed full responsibility for defending it;

**(6) Whether the action primarily involves third parties;**

(7) Whether litigation in another forum would prejudice the interests of other creditors;

(8) Whether the judgment claim arising from the other action is subject to equitable subordination;

(9) Whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

**(10) The interests of judicial economy and the expeditious and economical resolution of litigation;**

(11) Whether the parties are ready for trial in the other proceeding; and

**(12) Impact of the stay on the parties and the balance of harms.**

Movant's litigation meets many of the criteria enumerated by Sonnax for the stay to be lifted or modified. Particularly the factors number 1, 2, 6, 10, and 12 stated above.

First, the lifting of the stay will avoid that the Caguas Superior Court issues a partial resolution in the Karen Odalys Fuentes Vázquez case. If the lift is not granted then the Caguas Superior Court might enter a Judgment against all the other codefendants in the case, but only after assessing the Commonwealth percentage of liability in the case even though that assessment will not be enforceable against the Commonwealth. See Adria Maldonado Rivera v. Estado Libre Asociado de Puerto Rico, 195 D.P.R. 182, at 210. On the other hand, this Honorable Court will still need to determine the

validity of the claim of movants in the Commonwealth bankruptcy case which might be different from the assessment that the Caguas Superior Court makes in the Karen Odalys Fuentes Vázquez case. Therefore, there might be conflicting assessments of the Commonwealth liability in the case.

Second, the lifting of the stay against the Commonwealth in the Karen Odalys Fuentes Vázquez case will not cause any harm to the Commonwealth because any amount awarded against the Commonwealth will not be enforce by Movants, but instead, will be listed as an unsecured claim in the bankruptcy proceeding. But if there is any harm that might result of such determination, is more than clear that the harm that the Movants might suffer outweighs any harm that will be suffered by the Commonwealth. It must be noted, that pursuant to Adria Maldonado Rivera, *supra*, a plaintiff might execute the full monetary judgment award against one of the codefendants only if all of them were able to defend themselves in the case.

Finally, allowing Movant's Litigation to proceed would not interfere with PROMESA Title III case, hence the stay should be lifted of modified.

WHEREFORE, movant Movants respectfully request from this Honorable Court that the lift in the captioned case Luis Montes-Valentín v. Municipality of San Juan, et. al., KDP2015—1353 be lifted or modified.

I HEREBY CERTIFY that the forgoing document was filed with the Clerks of the Court using CM/ECF system, which will send notification of such filing to counsel of record.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico this 2nd day of August 2017.

**/s/Luis E. Fusté Lacourt**
USDC No. 221403
IGARTÚA & FUSTÉ
LAW OFFICES
P.O. Box 194921
San Juan, PR 00919
TEL: (787) 753-7753
luis.fuste@gmail.com
