UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

-------------------------------------------------------------x

MEMORANDUM ORDER DENYING
JULIO E. LEANDRY-HERNÁNDEZ AND ILEANA ORTIZ-SANTIAGO'S
MOTION FOR RELIEF OF STAY (DOCKET ENTRY NO. 587)

Before the Court is a motion filed by Julio E. Leandry-Hernández and Ileana Ortiz-Santiago (the "Movants") for relief from the automatic stay imposed by the filing of the above-captioned Title III case in a personal injury action commenced on June 18, 2015 in the Court of First Instance, Superior Part of Ponce against the Commonwealth of Puerto Rico and its Department of Transportation and Public Works under the Civil Case Number J DP2015-0283 (the "Lawsuit"). For the following reasons, the motion is denied.

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

BACKGROUND

Movants, the named Plaintiffs in the Lawsuit, which was filed against the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor") and the Commonwealth's Department of Transportation and Public Works, seek to continue to prosecute the Lawsuit. (Case No. 17-3283, Docket Entry No. 587, Motion for Relief of Stay (the "Motion"), ¶ 1.) In the Lawsuit, Movants seek an unspecified amount of money damages and medical expenses in connection with injuries allegedly sustained in a car accident in which the Movants were involved in on September 26, 2014. (Id. ¶ 1.) Movants assert in the Motion that, on June 5, 2017, "discovery virtually ended . . . ." (Id. ¶ 2). Movants further assert that the Court of First Instance, Superior Part of Ponce is the appropriate forum in which to adjudicate the matter because the parties have engaged in discovery and various pre-trial proceedings. (Id. ¶ 7.) Movants also assert that they are willing to limit their money damages to any "applicable insurance coverage" the Debtor may maintain, based on their presumption that the Debtor "maintain[s] the requisite insurance policies that cover personal injury actions such as the Movants' action." (Id. ¶¶ 13 & 15.) Movants further assert that they "are willing to submit any recovery award judgment to be under the Debtor Reorganization Plan." (Id. ¶ 13.) On July 20, 2017, the Commonwealth filed its objection (the "Debtor's Objection") to the Motion. (Case No. 17-3283, Docket Entry No. 688.) On July 26, 2017, Movants filed a reply to the Debtor's Objection (the "Movants' Reply"). (Case No. 17-3283, Docket Entry No. 762.) The Court has reviewed the submissions thoroughly.

The Debtor argues that the Motion must be denied for several reasons, including interference with the "breathing space" needed by the Commonwealth to formulate and implement procedures for efficient management of pending litigation and the claims process, and

burdens on Debtor resources that would be occasioned by resumption of the litigation of the Lawsuit. The Debtor disputes the Movants' contention that discovery has concluded, proferring that, prior to the commencement of the Title III case, "the parties were undergoing discovery and were in the process of conducting depositions," and asserts that dispositive motion practice may be undertaken. (Debtor's Objection, ¶¶ 6 & 8.) The Debtor denies that there is any applicable insurance coverage, and asserts that Movants' claims should be subject to the claims resolution process. (Id. ¶¶ 10 & 14.)

## DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district examine the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," "whether litigation in another forum would prejudice the interests of other creditors," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

Movants have not demonstrated that the Sonnax criteria weigh in their favor with respect to the continuation of the Lawsuit. Continuation of the Lawsuit would not necessarily result in an expeditious resolution of Movants' claims. Rather, it is unclear whether the Lawsuit is ready for trial; furthermore, any remaining pretrial proceedings and a trial would require the expenditure of Debtor resources and potentially disrupt the claims resolution process established by the bankruptcy code and incorporated into PROMESA. The interests of judicial economy and of the expeditious resolution of litigation are not served by permitting the Lawsuit to continue. Movants' unsecured claims for monetary relief can be liquidated and addressed through the claims process in this district court proceeding,[2] and provision for any payment made, as Movants acknowledge, through a plan of adjustment. Movants have not demonstrated that the harm from delay of liquidation of their claim outweighs the burden that would accrue to the Debtor by recommencement of full litigation of the Lawsuit in the near term. Furthermore, the Debtor has pending before the Court a proposed protocol for motions to lift the automatic stay that includes a notice period during which conciliation efforts are to be undertaken.

Accordingly, the Court concludes that Movants have not demonstrated that cause exists for the automatic stay to be lifted to allow the Lawsuit to proceed. Movants' motion for relief from the automatic stay is denied.

CONCLUSION

For the foregoing reasons, Movants' motion for relief from the automatic stay is denied. The automatic stay continues in place as against all defendants in the Lawsuit. See 11

---

[2] The "jurisdictional" concerns raised in Movants' opening papers regarding the adjudication of personal injury claims in bankruptcy cases are inapposite in this case, which is pending pursuant to PROMESA in the federal district court.

U.S.C. §§ 362(a) and 922(a)(1). This Memorandum Order resolves docket entry no. 587 in case no. 17-3283.

    SO ORDERED.

Dated: August 2, 2017

/s/ Laura Taylor Swain  
LAURA TAYLOR SWAIN  
United States District Judge