# IN THE UNITED STATES DISTRICT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA |
| | Title III |
| As representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO | |
| Debtor | |

## URGENT MOTION FOR RELIEF FROM STAY

COMES NOW, Maria J. Diaz Castro ("Movant"), through the undersigned counsel and very respectfully moves the Court for an Order pursuant to 11 U.S.C. Sec. 362 for relief from the Automatic Stay and, in support of this motion, states as follows:

1. On October 25, 2016, Movant Diaz Castro, filed her civil action against the Commonwealth of Puerto Rico and several Commonwealth of Puerto Rico governmental employees in their individual capacities, Civil Case No. 3:16-cv-2873, under 42 U.S.C. §1983, the Constitution of the United States and the Commonwealth of Puerto Rico for having been wrongfully charged, prosecuted, convicted and incarcerated, currently pending before the United States District Court for the District of Puerto Rico. Movant Diaz was sentenced to over one hundred years for a crime she did not commit, serving twelve of those years in a women's maximum security prison until she was finally exonerated of all wrongdoing.

2. On June 19, 2017, the Commonwealth of Puerto Rico filed a motion titled "Notice of Automatic Stay of Proceedings Pursuant to the Commencement of Case Under Title III of

Promesa" informing the filling of a Petition would have the effect of an automatic stay pursuant to Section 301(a) of PROMESA ("Section 301(a)"). Section 301(a) states that, among other things, 11 U.S.C. Sec. 362 of the United States Bankruptcy Code are applicable for petitions under Title III.

3. The Movant in the referenced civil action seeks compensatory damages for all her sufferings as a result of her wrongful accusation, prosecution, conviction and sentence, as well as any relief the Court may deem equitable, just and appropriate. Her civil action arises from violation of her civil rights, unassociated nor related to the collection of any debt. The Movant is not an investor, nor a creditor seeking to take possession or distribute assets belonging to the Commonwealth's estate. Movant's claim for cause can and should be excluded from a bankruptcy discharge, given that her civil action will have very little or no effect on this bankruptcy. The undue hardship of prolonging Movant's potential compensatory damages for her sufferings is not necessary for the Commonwealth to successfully complete the bankruptcy and Movant's civil action seeks to change the Commonwealth's behavior and that of certain employees towards citizens who are wrongfully convicted and sentenced to prison despite being innocent, just like her. Because Movant's cause of action for civil rights violation isn't related to a debt owed to a creditor, the Movant should be allowed to continue with her lawsuit. In this sense, the relief sought by the Movant will also have no significant effect on the bankruptcy estate. Furthermore, there are defendants sued in their personal capacity who have no connection to the bankruptcy estate.

4. The merits of Movant's claims should be adjudicated by the district court. Courts consider many factors in deciding whether cause exists to lift the automatic stay so that a creditor can pursue pending litigation in another forum. Relevant factors include the interests of judicial economy, the degree of connection or interference with the bankruptcy case, prejudice to the

bankruptcy case or other creditors, the presence of non-debtor third parties, the Debtor's misconduct, and the probability that the creditor will prevail in the pending litigation. *In re Ulpiano Unanue-Casal*, 159 B.R. 90, 95-96 (D.P.R. 1993), aff'd by 23 F.3d 395. (1st Cir. 1994). Here, these factors weigh strongly in the Movant's favor.

5. The term "cause" is determined on a case-by-case basis. Courts have set forth various multifactor tests. See *In re Granati*, 271 B.R. 89, 93 (Bankr. E. D. Va. 2001) (four factor test); *In re Johnson*, 115 B.R. 634, 636 (Bankr. D. Minn. 1989) (seven factor test); *In re Pro Football Weekly, Inc.,* 60 B.R. 824, 826 (N.D. Ill. 1986) (three factor test); *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984) (twelve factor test). Courts have relied on only a few factors, or even a single factor, in deciding to lift the stay. "In weighing these factors, this Court does not need to specifically address each of the various factors, but instead only needs to consider those factors relevant to the particular case, and this Court does not need to assign them equal weight." *In re R.J. Groover Construction, LLC*, 411 B.R. 460, 464 (S.D. Ga. 2008) (citations omitted). In *In re Ulpiano Unanue-Casal*, 159 B.R. 90 (D.P.R. 1993)—a district court decision that the First Circuit affirmed—the court took guidance from the following factors:

> (1) Whether the relief will result in a partial or complete resolution of the issues; (2) The lack of any connection with or interference with the bankruptcy case; (3) Whether the non-bankruptcy proceeding involves the debtor as a fiduciary; (4) Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases; (5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) Whether the action primarily involves third parties; (7) Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee or other interested

parties; (8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c); (9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f); (10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties; (11) Whether the non-bankruptcy proceedings have progressed to the point where the parties are prepared for trial; and (12) The impact of the stay on the parties and the "balance of hurt." 159 B.R. at 95-96 (D.P.R. 1993) aff'd by 23 F.3d 395 (1st Cir. 1994).

The court also relied on two additional factors; namely, the misconduct of the debtor and whether the creditor has a probability of prevailing on the merits. *Id.* at 96.

6. Here most factors weight in favor of lifting the stay for Movant's civil rights claims, including: the interest of judicial economy, nature of district court's litigation and the lack of any interference or connection with the bankruptcy proceeding. Judicial economy militates in favor of the non-bankruptcy forum. The litigation in the district court does not involve bankruptcy law nor requires the expertise of a bankruptcy judge, lifting the stay will not prejudice the Debtor. Further, the bankruptcy case will not resolve Movant's civil rights claim. As echoed in the legislative history to § 362(d)(1), Congress believed that "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." H.R. Rep. No. 95–595, at 341 (1977); S.Rep. No. 95–989, at 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836. Litigation of Movant's civil rights claim in the district court will not tie up significant estate assets that may be used to satisfy creditors' claims, nor interfere with distribution of assets.

Commonwealth is not the only defendant in the district court, other Commonwealth employees are also named as defendants in the case, non-debtor third-parties, and the automatic stay does not apply to a non-debtor. Lifting the stay will enable the district court to adjudicate Movant's claim against all defendants in a single proceeding. The Movant is also likely to prevail on the merits of her case given the fact that she was completely exonerated of any wrongdoing. "Even a slight probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case." *In re Tribune Co.*, 418 B.R. 116, 129 (Bankr. D. Del. 2009) (quotation omitted). See also *In re Antontio L. Giordano*, 1:11-bk-13943.

7. The automatic stay of case 3:16-cv-2873 should be lifted pursuant to 11 U.S.C. Sec. 362 (d)(1) for cause, including but not limited to reasons stated in this motion for relief from stay. The automatic stay should be lifted pursuant to 11 U.S.C. Sec. 362 (d)(2) because the adjudication of Movant's claim in this case is not necessary in this bankruptcy process for an effective reorganization of the Commonwealth either.

WHEREFORE, Movant respectfully requests that the Court enter an order granting relief from the automatic stay allowing Movant to continue her civil rights claims in case no. 3:16-cv-2873 currently pending in the District Court and further relief as the Court deems proper.

RESPECTFULLY SUBMITTED

Dated: August 2, 2017

I HEREBY CERTIFY that on this date I electronically filed the forgoing Motion with the clerk of the court using the CM/ECF electronic filing system, which will send notification of such filing to the attorneys of record.

*Juan A. Albino Gonzalez*
/s/ JUAN A. ALBINO GONZALEZ
Attorney for Movant

U.S.D.C. – P.R. #225405  
Capital Center Building  
South Tower Suite 702  
239 Arterial Hostos Ave.  
Hato Rey, San Juan, P.R. 00918  
albinogonzalezlaw@gmail.com