UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------------ X
                                                                         :
In re:                                                                   :
                                                                         :
THE FINANCIAL OVERSIGHT AND                                              :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                        :  Title III
                                                                         :
        as representative of                                             :  Case No. 17-BK-3283 (LTS)
                                                                         :
THE COMMONWEALTH OF PUERTO RICO et al.,                                  :  (Jointly Administered)
                                                                         :
        Debtors.¹                                                        :
------------------------------------------------------------------------ X
```

**INFORMATIVE MOTION OF OFFICIAL COMMITTEE OF
UNSECURED CREDITORS REGARDING APPLICABILITY OF
BANKRUPTCY RULE 2019 TO TITLE III CASES AND FURTHER
PROPOSED AMENDMENT TO CASE MANAGEMENT ORDER**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico (and other title III debtor(s) (if any) for which it acts as the official committee of unsecured creditors) (the "Committee") submits this informative motion (the "Informative Motion") with respect to the *Order Regarding the Applicability of F.R.B.P. 2019 to the Title III Cases and A Further Proposed Amendment to the Case Management Order*, entered in the above-captioned cases (the "Title III Cases") of the debtors ("Debtors") on July 26, 2017 [Docket No. 754] (the "Order").[2]

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474).

[2] The response and objection deadline is August 2, 2017 as provided in the Order.

**Informative Motion**

1. As the Court set forth in its Order, Bankruptcy Rule 2019 is applicable to the Title III Cases. Thus, full and timely compliance by each group, committee, or entity ("2019(b) Entity") subject to Bankruptcy Rule 2019 is required even without the 2019 Amendment.[3] However, the Committee believes that addressing what is required to be disclosed by each 2019(b) Entity is also essential to the Title III Cases and will help ensure a level playing field, promote transparency and avoid conflicts. This will help foster good faith discussions in the context of negotiating, litigating and/or mediating towards resolution of the complex issues in the Title III Cases and, ultimately, a confirmed plan of adjustment.

2. Many of the complex issues that are being, and will be, addressed in the Title III Cases relate to bond claims issued by different instrumentalities of Puerto Rico or the Commonwealth itself. The Debtors and other instrumentalities of the Commonwealth issued over $73 billion of bond indebtedness, and there are thousands of holders of such claims. There is a further complication as well, which is that a significant portion of bond indebtedness is insured by Monoline Insurers (as defined below) and such insurers have been very active in these Title III Cases. In fact, it has been said that the financial viability and/or future prospects of some Monoline Insurers depends significantly on the treatment afforded, and distributions received, on account of bond claims in these Title III Cases.

3. The Committee submits that compliance with Bankruptcy Rule 2019(b) (and with section 104(d) of PROMESA, which also addresses obtaining creditor information) should include, without limitation, the name, nature, face amount, and CUSIP number of all disclosable

---

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Order.

economic interests[4] for which the Rule 2019(b) Entity (including any subsidiaries or affiliates of the Rule 2019(b) Entity) is the beneficial owner or serves as the nominee, investment manager, or advisor for holders with respect to any bond indebtedness issued by a debtor in the Title III Cases or by any other instrumentality of the Commonwealth of Puerto Rico (collectively, the "<u>Bond Claims</u>").  In addition, each Rule 2019(b) Entity should disclose whether (i) its Bond Claims, if any, are insured by bond insurance or other credit protection including by a monoline insurer (including, without limitation, Ambac Assurance Corporation, National Public Finance Guarantee Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Insurance Guaranty Corp., and Syncora Guarantee, Inc., (together, a "<u>Monoline Insurer</u>")) and, if so, disclose the specific face amounts by CUSIP number that are so insured, and (ii) such Rule 2019(b) Entity has invested in, or is holding claims against, a Monoline Insurer and, if so, disclose such investments, claims, and/or positions, in each case for (i) and (ii), as of the date that the Bankruptcy Rule 2019 statement is submitted.  Including the disclosure of investments in the Monoline Insurers as part of the disclosure of "economic interests" is necessary because the viability and/or future prospects of such insurers may be tied to how they fare on their insured positions in these Title III Cases, and in some cases how such monoline insurers fare on a particular critical issue in the Title III Cases such as the Commonwealth-COFINA dispute. Therefore, investments in Monoline Insurers can be used as a hedge against a Rule 2019(b) Entity's principal investment in the Title III Cases.  In order to understand a Rule 2019(b) Entity's true position in these Title III Cases the Court, the mediation team, and other parties in interest need to see the full economic position of each Rule 2019(b) Entity.  Thus, when a party will purport to speak on behalf of a large block of bonds (e.g., the senior COFINA bondholders'

---

[4] "Disclosable economic interest" means any claim, interest, pledge, lien, option, participation, derivative instrument, or any other right or derivative right granting the holder an economic interest that is affected by the value, acquisition, or disposition of a claim or interest.  Bankruptcy Rule 2019(a)(1).

3

coalition or ad hoc general obligation bondholders) the Court, the mediation team, and parties in interest will be able to ascertain whether such statement is accurate or should be qualified by other investments (including investments in Monoline Insurers, if any) that such party holds.

4. This level of detail is consistent with the definition of "disclosable economic interest," which is "intended to be sufficiently broad to cover any economic interest that could affect the legal and strategic positions a stakeholder takes in a chapter 9 or chapter 11 case." 2011 Advisory Committee Note to Fed. R. Bankr. P. 2019; *see also*, 9-2019 Collier on Bankruptcy P 2019.02 (16th 2017) ("Disclosable economic interest" is a broad term meant to encompass almost any interest that can be held."). Given the relationships among various parties in interest, these disclosures advance Rule 2019's purpose of "ensuring open[ness] and good faith participation [and] to root out conflicts of interest, and to secure overall fairness of the Plan." *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 168 (D.N.J. Feb. 25, 2005); *see also In re Milacron, Inc.*, 436 B.R. 515, 517 (Bankr. S.D. Ohio Sept. 15, 2010) ("the Bankruptcy Court is a public place [and w]hile the case is in the hands of the lawyers before it has been filed in court, it is their business - but after it reaches the court, it is the public's business") (internal quotation marks and citations omitted).

[*Remainder of page intentionally left blank*]

WHEREFORE, the Committee respectfully requests that this Court require each Rule 2019(b) Entity to include the proposed disclosures in paragraph 3 of this Informative Motion in its Bankruptcy Rule 2019 verified statement and grant such other and further relief as this Court deems appropriate.

Dated: August 2, 2017
       San Juan, Puerto Rico

/s/ G. Alexander Bongartz

PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
Andrew V. Tenzer, Esq. *(Pro Hac Vice)*
Michael E. Comerford, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
andrewtenzer@paulhastings.com
michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

- and -

/s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com
*Proposed Replacement Local Counsel to the Official Committee of Unsecured Creditors*