UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

| | |
|---|---|
| In re: | : |
| | : |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | : PROMESA<br>: Title III |
| as representative of | : Case No. 17-BK-3283 (LTS) |
| THE COMMONWEALTH OF PUERTO RICO *et al.*, | : (Jointly Administered) |
| Debtors.[1] | : |

---

| | |
|---|---|
| In re: | : |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | : PROMESA<br>: Title III |
| as representative of | : Case No. 17-BK-3567 (LTS) |
| PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA"), | : |
| Debtor. | : |

---

**LIMITED JOINDER OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO OBJECTION OF PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO MOTION FOR RELIEF FROM AUTOMATIC STAY FILED BY SOUTH PARCEL OF PUERTO RICO, S.E. [ECF NO. 180]**

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474).

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (and other title III debtor(s) (if any) for which it acts as the official committee of unsecured creditors) (the "Committee") of the Commonwealth of Puerto Rico (the "Commonwealth") hereby files this limited joinder (the "Joinder") to the *Objection of the Puerto Rico Highways and Transportation Authority to Motion for Relief From Automatic Stay Filed by South Parcel of Puerto Rico, S.E. [ECF No. 180]* [Docket No. 197] (the "Objection") filed by the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"). In support of this Joinder, the Committee respectfully represents as follows:

## Limited Joinder

1. On July 1, 2017, South Parcel of Puerto Rico, S.E. ("South Parcel") moved for entry of an order (i) "vacating" the stay pursuant to 11 U.S.C. § 362(d) (made applicable to this proceeding pursuant to 48 U.S.C. § 2161 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"))[2] and (ii) requiring the Puerto Rico Highways and Transportation Authority (the "HTA") "to continue complying with its constitutional obligation to make South Parcel whole" [Docket No. 180] (the "Stay Relief Motion"). In the Stay Relief Motion, South Parcel asserts that, as a result of certain prepetition judgments and a prepetition stipulation with the HTA, it holds a claim for just compensation against the HTA for the condemnation of its private property and that such claim is non-dischargeable because it arises from a violation of the Takings Clause of the United States Constitution.[3]

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[3] The Committee reserves all its rights to object to the amount, validity, and priority of South Parcel's claim, including whether the claim is, in fact, a claim based on a violation of the Takings Clause.

2

2. On July 17, 2017, AAFAF filed its Objection on behalf of the HTA, arguing, among other things, that (i) South Parcel is attempting to "jump to the front of the line by collecting on prepetition claims against HTA," (ii) even if the allegedly unconstitutional expropriation of South Parcel's property gave rise to non-dischargeable claims, non-dischargeability does not constitute "cause" for lifting the stay, (iii) the allowance and dischargeability of South Parcel's claims have not been briefed and are not currently before this Court, and (iv) the dischargeability of claims is a confirmation issue, not a relief from stay issue.

3. To date, the Committee has chosen, in the interest of preserving the Commonwealth's limited resources, not to become involved in the dozens of stay relief requests filed in these title III cases and, instead, to defer the handling of these matters to AAFAF. Similarly, the Committee does not intend to take a position in respect of the Stay Relief Motion, except to join in and support AAFAF's Objection in one critical regard: the question whether a claim based on a constitutional violation is dischargeable is a confirmation issue that should be analyzed in the context of a plan of adjustment, not within the context of a stay relief request.

4. As this Court is well aware, numerous creditors in these title III cases have asserted, in adversary proceedings and elsewhere, that certain actions taken by the Puerto Rico government or the Oversight Board in connection with Puerto Rico's restructuring efforts violate the Takings, Contract, and/or Due Process Clauses of the U.S. Constitution. Among these adversary proceedings are:

- *Assured Guaranty Corp. et al. v. Commonwealth of Puerto Rico, et al.*, Adv. Proc. No. 17-125 (LTS) (monoline insurer alleging that Fiscal Plan and Fiscal Plan Act violate the Contracts, Takings, and Due Process Clauses of the U.S. Constitution);

- *Peaje Investments LLC v. Puerto Rico Highways & Transportation Authority, et al.*, Adv. Proc. No. 17-151 (LTS) (HTA bondholder alleging that diversion of HTA toll revenues violates the Takings and Contract Clauses of the U.S. Constitution);

3

- *Assured Guaranty Corp. et al. v. Commonwealth of Puerto Rico, et al.*, Adv. Proc. No. 17-155 (LTS) (monoline insurers alleging that impairment of HTA bondholders' revenue streams violates Takings and Due Process Clauses of the U.S. Constitution);

- *Ambac Assurance Corporation v. Commonwealth of Puerto Rico, et al.*, Adv. Proc. No. 17-159 (LTS) (monoline insurer alleging that Moratorium Legislation, Moratorium Orders, Fiscal Plan, and Fiscal Plan Compliance Act violate Takings and Contracts Clause of the U.S. Constitution);

- *ACP Master, Ltd. et al. v. Commonwealth of Puerto Rico, et al.*, Ad. Proc. No. 17-189 (LTS) (general obligation bondholders alleging that Commonwealth's use of clawed back funds for uses other than payment of constitutional debt, without just compensation, constitutes violation of Takings Clause under the U.S. Constitution); and

- *Altair Global Credit Opportunities Fund (A), LLC v. The Commonwealth of Puerto Rico, et al.* (ERS bondholders alleging that Joint Resolution 188 violates the Takings and Contracts Clauses of the U.S. Constitution).

5. Clearly, a ruling that a claim based on a constitutional violation is non-dischargeable would have far-reaching implications for all Debtors in these title III cases, and, accordingly, any such ruling should only be made after all parties in interest have had the opportunity to fully brief this important issue. Moreover, this issue cannot be decided in the context of a stay relief motion without the benefit of any plan of adjustment on file, but, instead, should be deferred to the plan confirmation stage, so that it can be considered as part of Puerto Rico's overall restructuring. Indeed, the only case relied upon by South Parcel in support of its argument that its purported takings claim is non-dischargeable, *i.e.*, *In re City of Detroit*, 524 B.R. 147, 306-07 (Bankr. E.D. Mich. 2014), addressed the dischargeability question in the context of plan confirmation, not a request for relief from the automatic stay.

6. The Committee reserves the right to amend and supplement this Joinder.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Committee joins in and supports AAFAF's Objection with respect to deferring the question of whether a claim based on a constitutional violation is non-dischargeable to the plan confirmation stage.

Dated: August 2, 2017  /s/ G. Alexander Bongartz

PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
Andrew V. Tenzer, Esq. *(Pro Hac Vice)*
Michael Comerford, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
andrewtenzer@paulhastings.com
michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

- and -

/s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Proposed Replacement Local Counsel to the Official Committee of Unsecured Creditors*