IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as a representative of THE COMMONWEALTH OF PUERTO RICO, et al.<br><br>Debtors | CIVIL NO. 17 BK 3283-LTS<br><br>Jointly Administered Bankruptcy Petition filed pursuant to Title III of PROMESA |

## URGENT MOTION TO INFORM POTENTIALLY UNLAWFUL DISPOSITION OF ESTATE PROPERTY

**TO THE HONORABLE COURT:**

**COME NOW** Interested Party **Senator Roxana López-León**, through the undersigned attorneys and very respectfully **SET FORTH** and **PRAY**:

The above-captioned matter is likely the most complex bankruptcy that the U.S. Judiciary has been tasked to handle in its over two plus centuries of history. The rules governing this proceeding stem from Sections 301 to 317 of the Puerto Rico Oversight, Management and Economic Stability Act (hereinafter referred to as "PROMESA"), 48 U.S.C. § 2161-2177. The Commonwealth of Puerto Rico filed a bankruptcy petition back on May 3, 2017 and other qualified instrumentalities have since followed, most relevant to the instant motion, the several retirement systems that are charged with the pension plans for retired Commonwealth personnel. Said case has been docketed as Case No. 17 BK 3566-LTS all of which are being jointly administered by the Hon. Laura Taylor Swain, U.S. District Judge.

Before the appearing party, a minority Puerto Rico Senator brings forth the specific facts that concern her and compel her to appear before the Court as an

interested party, we feel that its appropriate to set forth to basic mandates of PROMESA which are intimately entwined with our argument.

Section 306(b) of PROMESA, 48 U.S.C. § 2166(b), categorically states that "[t]he district court in which a case under this title [48 USCS §§ 2161 et seq.] is commenced or is pending **shall have exclusive jurisdiction of all property, wherever located, of the debtor as of the commencement of the case**" (emphasis added).

On the other hand, on the specific subject matter of the administration of the retirement systems, Section 211 of PROMESA, 48 U.S.C. § 2151, requires the Fiscal Oversight Board to conduct an independent actuarial study, shall the Board understand that the retirement systems are "materially underfunded". The May 21, 2017 Title III bankruptcy filing by the retirement systems makes the fact said systems are materially under funded a foregone conclusion that goes without saying. Congress did not leave the preparation of this actuarial study to the Board's discretion but rather said that, once it is determined that the systems are materially underfunded, "the Oversight Board **shall conduct** an analysis prepared by an independent actuary of such pension system". Id. (emphasis added). The actuarial study "shall include information regarding the **fair market value** and liabilities using an appropriate discount rate as determined by the Oversight Board". 48 U.S.C. § 2151(c) (emphasis added).

The first ordinary legislative session in Puerto Rico ended on June 30, 2017, leaving the Commonwealth's Legislative Branch in recess until the start of the second ordinary legislative session later in August. Nonetheless, by Executive Order dated July 27, 2017, the Governor of Puerto Rico, Hon. Ricardo Rosselló-Nevares, exercised his

constitutional authority to convene an extraordinary session to consider several bills, one of which is Senate Bill Number 603, which introduces mayor changes to the retirement systems' administrative structure. The bill, both in its statement of legislative intent and in Article 1.3 acknowledges the existence of Title III of PROMESA proceedings involving the retirement systems. Articles 1.4 and 2.1 of the bill provide for the creation of a special account within the Commonwealth's General Fund (i.e., subject to attachment by the government's many creditors) that will be made up of, *inter alia*, **the funds derived from the liquidation of the assets of the several retirement systems**. In support of said liquidation, the bill makes reference to Puerto Rico House Resolution Number of February 16, 2017, which only commissions an investigation to be carried out by a Committee of said legislative body.

The relevant statutory enactment dealing with funding for the retirement systems provides that "[t]he system created by §§ 761–788 of this title **shall be considered a trust**". 3 P.R. Laws Ann. § 775 (emphasis added). Hence, the Commonwealth does not own the assets of the several retirement systems but rather such funds are part of a trust. The administration of this trust is to be handled by an 11-member board of trustees, 4 of whom are *ex-officio* members (the Secretary of the Treasury, the Commissioner of Municipal Affairs, the President of the Government Development Bank and the Director of the Human Resources Office); 3 of whom are appointed by the Governor to 3-year terms; 2 of whom are the respective chairs of the Federation and Association of Mayors and the remaining two being pensioners of the system. Id. Hence, the retirees currently collecting pensions from the retirement

systems spend decades putting funds into such systems with the understanding that their monies will be going into a trust administered by an 11-member board of trustees, not that such funds would be liquidated pursuant to legislative action. While the retirement systems are creatures of law, subject to the authority of the Puerto Rico Legislature, it is no less true that participants into the program entered into the program in contractual fashion. The Contract Clause (U.S. Const. § 10, cl. 1) is implicated where retirement legislation was enacted in the nature of a contract. National R.R. Passenger Corp. v. Atchison, Topeka & Santa Fe Ry. Co., 470 U.S. 451, 465-466 (1985); Dodge v. Board of Educ., 302 U.S. 74, 78-79(1937). In Bayrón Toro v. Serra, 119 D.R.R. 605 (1987), the Puerto Rico Supreme Court held that the **Puerto Rico retirement systems were created in the nature of contracts**, a holding that was reiterated in 2014. See Asociación de Maestros de Puerto Rico v. Sistema de Retiro para Maestros de Puerto Rico, 190 D.P.R. 854, 870-871 (2014). Hence, there are potential constitutional considerations surrounding the pending bill.

In any event, we respectfully understand that the liquidation of assets proposed in the bill goes beyond the mere administration of the estate and must be viewed in light of this Honorable Court's post-petition exercise of jurisdiction over the debtor's property, mandated by PROMESA. Likewise, unless it has already been done (which does not appear to be the case), the potential liquidation of assets under this bill, shall it be signed into law, would impair the Fiscal Oversight's Board exercise of PROMESA's mandate to perform an actuarial study of the system and, concretely, to assess the fair

4

market value of its assets. This would create the risk that such assets may be sold below fair market value to the detriment of pensioners and of creditors of the system.

The appearing party respectfully believes that, given the marked effects that the proposed legislation entails for the retirement systems and its effect on estate property, the matter is worth bringing before the Court's attention. If the Court is interested in making any further inquiries into this matter to either the Commonwealth Government or to the Fiscal Oversight Board, prior to the passing of the bill, time is of the essence as it is supposed to be voted on by the House today and by the Senate today.

**WHEREFORE** it is respectfully requested from this Honorable Court to take knowledge of the above stated.

### CERTIFICATE OF SERVICE

It is hereby certified that the foregoing document has been filed with the Court's Electronic Case Filing (ECF) System, which shall automatically serve notice on all attorneys of record to their respective registered electronic addresses. If there is any unregistered party or attorney, they shall be served notice by regular USPS mail to their last known mailing address.

In San Juan, Puerto this 2nd day of August, 2016.

**RESPECTFULLY SUBMITTED**,

**M.L. & R.E. LAW FIRM**
513 Juan J. Jiménez St.
San Juan, Puerto Rico 00918
Tel (787) 999-2979
Fax (787) 751-2221

*S/ Jorge Martínez Luciano*
**JORGE MARTINEZ LUCIANO**
USDC-PR Number 216312

5

e-mail: jorge@mlrelaw.com

*S/Emil Rodríguez Escudero*
**EMIL RODRÍGUEZ ESCUDERO**
USDC-PR Number 224312
e-mail: emil@mlrelaw.com