**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO

    Debtor.

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

**Re: ECF No. 667, 669**

(Jointly Administered)

PROMESA
Title III

No. 17 BK 3283-LTS

**This Objection relates only to the Commonwealth and shall only be filed in the lead Case No. 17 BK 3283-LTS.**

**OBJECTION OF THE COMMONWEALTH TO MOTION REQUESTING
TEMPORARY LIFT OF STAY TO ALLOW CIVIL LITIGATION TO PROCEED
FILED BY CARLOS GUZMAN NIEVES, ORLANDO ARROYO MORALES, ANGEL L.
MARTINEZ ALVAREZ, AND SAMMY BAEZ FIGUEROA [ECF NO. 667]**

To the Honorable United States District Court Judge Laura Taylor Swain:

    The Commonwealth of Puerto Rico (the "Commonwealth") respectfully submits this objection (the "Objection") to the *Motion Requesting Temporary Lift of Stay to Allow Civil Litigation to Proceed* [ECF No. 667] (the "Motion") filed by Carlos Guzman Nieves, Orlando

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Arroyo Morales, Angel L. Martinez Alvarez, and Sammy Baez Figueroa (collectively, "Movants").[2] The Commonwealth respectfully requests that the Court should deny the Motion for the reasons set forth below.

## PRELIMINARY STATEMENT

1. By the Motion, Movants are seeking to lift the automatic stay to proceed with prepetition civil actions that are either fully resolved or are still in the preliminary stages of litigation. Movants rely on conclusory statements regarding why cause exists to lift the automatic stay without applying any of the Sonnax factors to the actual facts of the underlying actions. Indeed, the Motion addresses the underlying actions in summary fashion, failing to provide any supporting detail regarding the procedural status of each action. Notably, the Motion is silent on the judgments that have been entered in favor of the Commonwealth in two of the actions. Not only is the Motion facially deficient in that it fails to make an initial showing of cause as to why the automatic stay should be lifted with respect to the underlying actions but upon examining the procedural status of each action it is clear that the automatic stay should be maintained with respect to each of the prepetition actions.

## OBJECTION

2. The automatic stay is considered "one of the cornerstone protections under bankruptcy law, giving debtors a 'breathing room' from the pressures of their creditors," and PROMESA applies it with full force to Title III cases. See Montalvo v. Autoridad de Acueducto y Alcantarillados (In re Montalvo), 537 B.R. 128, 140 (Bankr. D.P.R. 2015) (citing Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 975 (1st Cir. 1997)).

3. Bankruptcy Code section 362(d)(1), made applicable by PROMESA section

---

[2] The Financial Oversight and Management Board for Puerto Rico, as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Department of Justice to file this Objection on behalf of the Commonwealth.

301(a), provides that a court may grant relief from the automatic stay "for cause." See 11 U.S.C. § 362(d)(1). To determine whether "cause" exists to grant relief from the automatic stay, courts examine numerous different factors, including those set forth in Sonnax Indus., Inc. v. TriComponent Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280 (2d Cir. 1990).[3] See Brigade Leveraged Capital Structures Fund Ltd. v. García-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) ("To help guide their analysis of whether to enforce or vacate the stay, some courts, including those in this district, have relied upon a laundry list of assorted factors." (citing Sonnax, at 1286; C & A, S.E. v. P.R. Solid Waste Mgmt. Auth., 369 B.R. 87, 94-5 (D.P.R. 2007)).

4.  As an initial matter, if a movant "fails to make an initial showing of cause" under Bankruptcy Code section 362(d)(1), "the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection." In re Sonnax Indus., Inc., 907 F.2d at 1285. Where a motion seeking relief from the automatic stay is filed by an unsecured creditor, "the policies of the automatic stay weigh against granting the relief requested." In re Residential Capital, LLC, Case No. 12-12020 (MG), 2012 WL 3860586, at *5 (Bankr. S.D.N.Y. Aug. 8, 2012). "[T]he general rule is that claims that are not viewed as secured in the context of §

---

[3] The twelve factors adopted by the Second Circuit in Sonnax are:

(1) whether relief would result in a partial or complete resolution of the issues;
(2) lack of any connection with or interference with the bankruptcy case;
(3) whether the other proceeding involves the debtor as a fiduciary;
(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
(5) whether the debtor's insurer has assumed full responsibility for defending it;
(6) whether the action primarily involves third parties;
(7) whether litigation in another forum would prejudice the interests of other creditors;
(8) whether the judgment claim arising from the other action is subject to equitable subordination;
(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
(10) the interests of judicial economy and the expeditious and economical resolution of litigation;
(11) whether the parties are ready for trial in the other proceedings; and
(12) impact of the stay on the parties and the balance of harms.

See In re Sonnax Indus., Inc., 907 F.2d at 1286.

3

362(d)(1) should not be granted relief from the stay unless extraordinary circumstances are established to justify such relief." Id. (citations omitted).

5.  The "breathing room" afforded to the Commonwealth is of utmost importance given the massive amount of litigation it and its agencies and entities must deal with (both in terms of the volume of cases and the dollar value of liability asserted). As of December 2016, there were approximately 5,200 pending and threatened litigation cases against the Commonwealth and its agencies and entities with an estimated aggregate liability of approximately $2.2 billion. See Commonwealth of Puerto Rico Financial Information and Operating Data Report (December 18, 2016) at 283, available at http://www.gdb-pur.com/documents/CommonwealthofPuertoRicoFinancialInfoFY201612-18-16.pdf. To this point, 31 motions to lift the automatic stay have been filed in the Title III cases.[4]

6.  As detailed below, each of the actions underling Movants' claims has either been fully resolved with no dispute currently pending or is still at the preliminary stage of litigation.

   (i) **Carlos Guzman Nieves.** On December 1, 2016, Mr. Nieves commenced an action before the state court of San Juan (the "San Juan State Court"), captioned Carlos Guzman Nieves v. the Commonwealth of Puerto Rico, et al., Civil Case No. K DP2017-0071 (the "Nieves Action"), which seeks, among other things, monetary relief for damages arising from Mr. Nieves' alleged unlawful arrest, imprisonment, and bail in connection with an incident that occurred on March 9, 2016 in the municipality of San Juan. The Nieves Action names the Commonwealth, the Department of Justice, the Puerto Rico Police Department, and certain inhabitants of Puerto Rico in their personal and official capacities as defendants. In April and May of 2017, numerous of the defendants filed motions to dismiss based on theories of judicial and conditional immunity and procedural defects, which are currently pending before the San Juan State Court. Because the motions to dismiss were filed shortly before the commencement of the Commonwealth's Title III case, the parties had not begun discovery before the Nieves Action was stayed by the San Juan State Court.

---

[4] On July 21, 2017, the Debtor entities filed the *Debtors Entities' Motion to Further Amend First Amended Notice, Case Management and Administrative Procedures to Incorporate Revised Protocol for Stay Relief Motions* [ECF No. 715], which seeks to revise the case management procedures to implement a revised protocol for motions for relief from the automatic stay. No objections to the revised protocol were filed and the Debtor entities intend to present the motion for approval at the omnibus hearing scheduled for August 9, 2017.

4

(ii) **Orlando Arroyo Morales.** On September 20, 2012, Mr. Morales, *pro se*, commenced an action before the state court of Bayamon (the "Bayamon State Court"), captioned Orlando Arroyo Morales v. Trinity Services Group, Inc., Civil Case No. D DP2012-0748 (the "Morales Action"), which seeks, among other things, monetary relief for personal injury and damages arising from an alleged food poisoning incident from food served by Trinity Services Group while Mr. Morales was imprisoned at the Bayamon Correctional Complex. The Morales Action names the Commonwealth and Trinity Services Group, the food supplier to the prison, as defendants. No dispositive motions have been filed in the Morales Action and the parties were in the middle of discovery before the action was stayed by the Bayamon State Court.

(iii) **Angel L. Martinez Alvarez.** On March 18, 2016, Mr. Alvarez commenced an action before the state court of Fajardo (the "Fajardo State Court"), captioned Angel L. Martinez Alvarez v. Estado Libre Asociado de Puerto Rico, Civil Case No. NSCI201600168 (the "Alvarez Action"), which seeks, among other things, monetary relief for alleged physical and emotional damages arising from Mr. Alvarez's arrest in connection with an incident that occurred in the municipality of Fajardo. The Alvarez Action names the Commonwealth, the Puerto Rico Police Department, a private corporation, and certain inhabitants of Puerto Rico in their personal and official capacities as defendants. Before the commencement of the Commonwealth's Title III case, the Commonwealth filed a partial motion to dismiss the Alvarez Action, which was granted by the Fajardo State Court on November 28, 2016, and upheld on appeal by the appellate court on March 14, 2017 (the "Dismissed Alvarez Action"). See Case No. KLAN201700134. On May 9, 2017, Mr. Alvarez petitioned for certiorari with the Supreme Court of the Commonwealth of Puerto Rico (the "Supreme Court"), which was denied on June 13, 2017. See Case No. CC2017-0376. On June 22, 2017, Mr. Alvarez filed a motion with the Supreme Court arguing that the Supreme Court did not have jurisdiction to render the certiorari decision because the decision was entered after the commencement of the Commonwealth's Title III case. This motion is currently pending before the Supreme Court. Because Mr. Alvarez filed his petition for certiorari with respect to the Dismissed Alvarez Action after the commencement of the Commonwealth's Title III case, the petition is void. See In re Soares, 107 F.3d at 976 (holding that actions taken in violation of the stay are void).

On April 11, 2017, the Commonwealth filed a second motion to dismiss the remaining allegations in the Alvarez Action, which is currently pending before the Fajardo State Court (the "Pending Alvarez Action"). Before the commencement of the Commonwealth's Title III case, only an initial conference report had been filed in the Pending Alvarez Action and with the exception of exchanging interrogatories, the parties had not begun to exchange discovery requests.

(iv) **Sammy Baez Figueroa.** On May 21, 2015, Mr. Figueroa commenced an action in the state court of Ponce (the "Ponce State Court," together with the San Juan State Court, Bayamon State Court, and Fajardo State Court, the "State Courts"),

5

captioned <u>Sammy Baez Figueroa v. Estado Libre Asociado de Puerto Rico</u>, Civil Case No. J DP2015-0279 (the "<u>Figueroa Action</u>"), which seeks, among other things, monetary relief for physical and emotional damages arising from an injury that Mr. Figueroa allegedly suffered while imprisoned at a prison in the municipality of Fajardo on April 1, 2015. The Figueroa Action only names the Commonwealth as a defendant. In February 2017, a trial was held in the Figueroa Action and judgment was entered in favor of the Commonwealth on March 21, 2017 and notified on March 29, 2017. <u>See</u> Case No. JDP2015-0279. This decision was upheld on appeal by the appellate court on May 30, 2017 and notified on June 2, 2017. <u>See</u> Case No. KLAN201700596. Subsequently, Mr. Figueroa filed a motion for reconsideration of the appellate court's decision, which was denied on June 23, 2017 and notified on June 27, 2017. <u>See</u> Case No. KLAN201700596. Accordingly, there are no pending motions or disputes in connection with the Figueroa Action.

7. Given the procedural status of the actions pending before the State Courts, the majority of the <u>Sonnax</u> factors weigh in favor of maintaining the automatic stay and denying the Motion.

8. **<u>Sonnax Factors 1, 10, and 11</u>**: As discussed above, the Nieves Action, Morales Action, and Pending Alvarez Action are still at the preliminary stage. No dispositive motions are pending in the Morales Action and while motions to dismiss were filed in the Nieves Action and Pending Alvarez Action, the parties have not commenced discovery in either action. The conclusion of ongoing discovery and the preparation and filing of dispositive motions in the Morales Action, the commencement of discovery in the Nieves Action and Pending Alvarez Action, and the ensuing trials, all of which will require the Commonwealth to expend considerable time and expense, are necessary for those actions to move forward. As such, the parties are not ready for trial and granting the Motion will neither promote judicial economy nor result in the timely resolution of the issues. Thus, <u>Sonnax</u> factors 1, 10, and 11 weigh in favor of denying the Motion with respect to the Nieves Action, Morales Action, and Pending Alvarez Action. <u>See</u> <u>In re Sonnax Indus., Inc.</u>, 907 F.2d at 1287 (denying motion to lift the stay where, among other things, "the litigation in state court has not progressed even to the discovery stage

6

[and] the bankruptcy proceeding provides a single, expeditious forum for resolution of the disputed issues."); In re Residential Capital, LLC, 2012 WL 3860586 at *6 (denying motion to lift the stay where, among other things, "there has been no motion practice addressing the sufficiency of the pleadings or of the evidence supporting the claims or defenses [and] [d]iscovery, trial preparation and, absent a settlement, trial all remain to be done").

9. On the other hand, judgments in favor of the Commonwealth have been entered in the Figueroa Action and Dismissed Alvarez Action. The Dismissed Alvarez Action was dismissed by the Fajardo State Court and confirmed by the appellate court before the commencement of the Commonwealth's Title III case. Likewise, a judgment was entered by the Ponce State Court in favor of the Commonwealth in the Figueroa Action, which was confirmed by the appellate court. All of the underlying issues in the Figueroa Action and Dismissed Alvarez Action have been resolved in favor of the Commonwealth. The trial stage has concluded in both of these actions and judicial economy would not be served by allowing Movants to re-file appeals or reconsideration motions in an attempt to re-litigate resolved issues. Thus, Sonnax factors 1, 10, and 11 weigh in favor of denying the Motion with respect to the Figueroa Action and Dismissed Alvarez Action.

10. **Sonnax Factors 2 and 7**: Title III of PROMESA applies with respect to all debts, claims, and liens asserted against a Title III debtor (as such terms are defined in Bankruptcy Code section 101), created before, on, or after the commencement of the Title III case. See 48 U.S.C. § 2101. The definition of "claim" in the Bankruptcy Code "contemplates that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case . . . [and] permits the broadest possible relief in the bankruptcy court." H.R. Rep. No. 95–595, at 309 (1977). Recognizing this principle, the Supreme Court has held that a

"claim" has "the broadest available definition." FCC v. NextWave Pers. Commc'ns Inc., 537 U.S. 293, 302 (2003).

11. As potential prepetition, unsecured creditors of the Commonwealth, Movants' claims are subject to the claim resolution process that will be undertaken in the Commonwealth's Title III case. Because no insurance coverage exists for Movants' claims in the pending actions, any judgment obtained by Movants would be satisfied by the Commonwealth directly. Requiring the Commonwealth to defend Movants' claims before determination of what the claim resolution process will look like would undermine that process and upend the "strong bankruptcy code policy that favors centralized and efficient administration of all claims in the bankruptcy court . . . ." See Publicker Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.), 980 F.2d 110, 117 (2d Cir. 1992) (citations omitted); see also In re BFW Liquidation, LLC, No. 09-00634-BGC-11, 2009 WL 8003536, at *3 (Bankr. N.D. Ala. Sept. 14, 2009) ("[T]he effect of lifting the stay for all such claimants and requiring debtors to defend lawsuits in diverse forums merely to establish what share, if any, the claimants filing those suits will have in whatever is left of bankruptcy estates would hinder the goals of the automatic stay and the summary process for adjudicating and liquidating claims.").

12. Lifting the automatic stay to proceed with the actions in the State Courts will divert the Commonwealth's attention and resources to defending Movants' claims in multiple State Courts and will encourage other creditors to seek similar relief. Because the outcome of the actions in the State Courts will impact other creditors in the Title III case, the Department of Justice will need to coordinate its defense of the Commonwealth with the Commonwealth's and the Oversight Board's bankruptcy advisors, thereby increasing the Commonwealth's defense costs. Thus, Sonnax factors 2 and 7 weigh in favor of denying the Motion. See In re SunEdison,

8

Inc., 557 B.R. 303, 308 (Bankr. S.D.N.Y. 2016) (citation omitted) (holding "cause" did not exist to lift automatic stay where "debtors [were] defendants in several lawsuits asserting 'massive' claims that could have a 'very major effect on stakeholder recoveries'" and allowing relief from stay in that instance would open up the "floodgates" for creditors seeking similar relief); In re Gatke Corp., 117 B.R. 406, 410 (Bankr. N.D. Ind. 1989) (denying motion to lift stay to allow state court suit to proceed against debtor, even though stay of litigation would cause hardship to defendant, because granting relief from stay would, among other things, encourage the filing of "similar requests for relief by plaintiffs of pending lawsuits"); In re Northwest Airlines Corp., No. 05-17930 (ALG), 2006 WL 694727, at *2 (Bankr. S.D.N.Y. Mar. 13, 2006) ("To allow the automatic stay to be lifted with respect to this action at this time would prompt similar motions and require the Debtors to spend an inordinate amount of time and money on litigation and detract from the Debtors' attempts to restructure . . . interfer[ing] with judicial economy and the Debtors' process of reorganization." (citations omitted)).

13. **Sonnax Factor 3**: The actions pending in the State Courts do not involve the Commonwealth as a fiduciary and Movants have not made such an assertion nor provided any evidence to support such an assertion. Thus, Sonnax factor 3 weighs in favor of denying the Motion.

14. **Sonnax Factor 4**: No specialized tribunal has been established to hear the actions pending in the State Courts. Thus, Sonnax factor 4 weighs in favor of denying the Motion.

15. **Sonnax Factor 5**: The only action where the Commonwealth may have insurance coverage is the Figueroa Action. However, because a judgment was entered in favor of the Commonwealth in the Figueroa Action before the commencement of the Title III case, the Commonwealth's insurance coverage is no longer relevant. Despite Movants' unsupported

claims to the contrary with respect to the Nieves Action, Morales Action, and Alvarez Action, the Commonwealth does not have insurance coverage for the claims raised in these actions. Thus, Sonnax factor 5 weighs in favor of denying the Motion.

16. **Sonnax Factor 6**: In addition to the Commonwealth, the defendants in the actions pending in the State Courts primarily include the Department of Justice and the Puerto Rico Police Department, which are agencies of the Commonwealth and protected under Bankruptcy Code section 362(a), and various inhabitants of the Commonwealth in their personal and official capacities, which are protected under Bankruptcy Code section 922(a)(1) as the various actions seek to enforce claims against the Commonwealth. Thus, the actions pending in the State Courts cannot be characterized as primarily involving third parties and Sonnax factor 6 weighs in favor of denying the Motion. See City Ins. Co. v. Mego Int'l, Inc. (In re Mego Int'l, Inc.), 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983) (denying motion to lift the stay where debtor was more than a mere conduit for the flow of proceeds and the action impacted the "property and administration of [the debtor's estate].").

17. **Sonnax Factor 12:** Balancing of the harms clearly favors denial of the Motion. The impact on the Commonwealth if the Motion were to be granted would outweigh any harm that Movants would suffer if the automatic stay remains in place. The procedural status of the actions pending in the State Courts, the large number of pending lawsuits against the Debtors, the diversion of the Commonwealth's resources to defend Movants' claims, and the prejudice to interests of other similarly situated creditors all weigh in favor of continuing the automatic stay at this early juncture of the Title III case. On the other hand, postponing liquidation of Movants' claims will neither adversely affect Movants nor promote judicial economy. There is nothing urgent about Movants' claims. Expedition of the claims will not save the Commonwealth any

time or money. Rather, it will force the Commonwealth to spend time and money now to liquidate claims that may only be paid, if at all, under a confirmed plan of adjustment. Thus, Sonnax factor 12 weighs in favor of denying the Motion.

## **CONCLUSION**

18. Movants have failed to establish extraordinary circumstances that justify the lifting of the automatic stay in the Title III case. Accordingly and for the foregoing reasons, the Court should grant the Objection and deny the Motion.

*Remainder of Page Intentionally Left Blank*

Dated: August 2, 2017
       San Juan, Puerto Rico

                                         Respectfully submitted,

**WANDA VÁZQUEZ GARCED**
Secretary of Justice

*/s/ Wandymar Burgos Vargas*
**WANDYMAR BURGOS VARGAS**
USDC 223502
Deputy Secretary in Litigation
Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Phone: 787-721-2940 Ext. 2500, 2501
wburgos@justicia.pr.gov

*Attorneys for the Commonwealth of Puerto Rico*