# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

-----------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

-----------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY ("HTA")

    Debtor.

-----------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

**Re: ECF No. 663, 674**

(Jointly Administered)

PROMESA
Title III

No. 17 BK 3567-LTS

**This Objection relates only to HTA and shall be filed in the lead Case No. 17 BK 3283-LTS and Case No. 17 BK 3567-LTS.**

# OBJECTION OF THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO MOTION REQUESTING RELIEF FROM STAY FILED BY CERTAIN MANAGERIAL EMPLOYEES OF THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY [ECF NO. 663]

To the Honorable United States District Court Judge Laura Taylor Swain:

    The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") as the entity authorized to act on behalf of the Puerto Rico Highways and Transportation Authority ("HTA") pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Financial Advisory Authority*, Act 2-2017, respectfully submits this objection (the "Objection") to the *Motion Requesting Relief From Stay* [ECF No. 663] (the "Motion") filed by certain managerial employees of HTA (collectively, "Movants").[2] HTA respectfully requests that the Court should deny the Motion without prejudice for the reasons set forth below.

## PRELIMINARY STATEMENT

1. The Motion seeks to lift the automatic stay in order for 115 different Movants to continue their pending prepetition employment claims against HTA in various judicial and administrative forums.[3] The Motion simply lists each of the pending actions in an exhibit, without any supporting detail regarding the procedural status of each action. Rather, Movants rely on conclusory statements regarding why cause exists to lift the automatic stay without applying the factors for determining cause to each individual action. Indeed, Movants spend the majority of their Motion discussing the background of the automatic stay and the various definitions of "cause," and only spend a few paragraphs making broad, general statements as to why the automatic stay should be lifted. Compare Motion ¶¶ 16-32 and ¶¶ 33-36. Without further detail as to each prepetition action, HTA needs additional time to evaluate Movants' claims in the overall context of HTA's Title III case. Movants should not be permitted to effectively shift the burden of demonstrating cause to lift the automatic stay to HTA by filing a Motion lumping together 115 different claims without providing evidence why the automatic stay should be lifted with respect to each individual action.

---

[2] The Financial Oversight and Management Board for Puerto Rico, as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized AAFAF to file this Objection on behalf of HTA. PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Counsel to the 115 different Movants who by filing the Motion are acting in concert to advance their allegedly common interests has not yet filed a statement in accordance with rule 2019 of the Federal Rules of Bankruptcy Procedure.

2

**OBJECTION**

2.  The automatic stay is considered "one of the cornerstone protections under bankruptcy law, giving debtors a 'breathing room' from the pressures of their creditors," and PROMESA applies it with full force to Title III cases. See Montalvo v. Autoridad de Acueducto y Alcantarillados (In re Montalvo), 537 B.R. 128, 140 (Bankr. D.P.R. 2015) (citing Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 975 (1st Cir. 1997)).

3.  Bankruptcy Code section 362(d)(1), made applicable by PROMESA section 301(a), provides that a court may grant relief from the automatic stay "for cause." See 11 U.S.C. § 362(d)(1). To determine whether "cause" exists to grant relief from the stay, courts examine numerous different factors, including those set forth in Sonnax Indus., Inc. v. TriComponent Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280 (2d Cir. 1990).[4] See Brigade Leveraged Capital Structures Fund Ltd. v. García-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) ("To help guide their analysis of whether to enforce or vacate the stay, some courts, including those in this district, have relied upon a laundry list of assorted factors." (citing Sonnax, at 1286; C & A, S.E. v. P.R. Solid Waste Mgmt. Auth., 369 B.R. 87, 94-5 (D.P.R. 2007)).

4.  As an initial matter, if a movant "fails to make an initial showing of cause" under Bankruptcy Code section 362(d)(1), "the court should deny relief without requiring any showing

---

[4] The twelve factors adopted by the Second Circuit in Sonnax are:

(1) whether relief would result in a partial or complete resolution of the issues;
(2) lack of any connection with or interference with the bankruptcy case;
(3) whether the other proceeding involves the debtor as a fiduciary;
(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
(5) whether the debtor's insurer has assumed full responsibility for defending it;
(6) whether the action primarily involves third parties;
(7) whether litigation in another forum would prejudice the interests of other creditors;
(8) whether the judgment claim arising from the other action is subject to equitable subordination;
(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
(10) the interests of judicial economy and the expeditious and economical resolution of litigation;
(11) whether the parties are ready for trial in the other proceedings; and
(12) impact of the stay on the parties and the balance of harms.

See In re Sonnax Indus., Inc., 907 F.2d at 1286.

3

from the debtor that it is entitled to continued protection." In re Sonnax Indus., Inc., 907 F.2d at 1285. Where a motion seeking relief from the automatic stay is filed by an unsecured creditor, "the policies of the automatic stay weigh against granting the relief requested." In re Residential Capital, LLC, Case No. 12-12020 (MG), 2012 WL 3860586, at *5 (Bankr. S.D.N.Y. Aug. 8, 2012). "[T]he general rule is that claims that are not viewed as secured in the context of § 362(d)(1) should not be granted relief from the stay unless extraordinary circumstances are established to justify such relief." Id. (citations omitted).

5. Given the scant supporting detail in the Motion regarding the status of the 115 claims asserted by Movants, the Motion should be denied without prejudice to permit HTA additional time to review each of the underling actions and work with Movants to achieve a consensual resolution where possible. Moreover, as discussed below, the automatic stay should be maintained as Movants have failed to establish that cause exists to lift the automatic stay under the Sonnax factors.

6. **Sonnax Factors 1, 10, and 11**: Beyond providing that the cases "have not concluded" and "some of the cases . . . are in an advanced stage or proximate to trial or evidentiary hearing," the Motion is devoid of any discussion of the procedural status of the individual actions. See Motion ¶¶ 11, 34. Accordingly, HTA needs additional time to review and evaluate the procedural status of each of the actions to determine whether they are at the preliminary stage or ready for trial. In the event that any of the underlying actions require further discovery or the preparation and filing of dispositive motions, all of which will require HTA to expend considerable time and expense, such actions would most likely not be ready for trial and granting the Motion will neither promote judicial economy nor result in the timely resolution of the issues in such actions. Thus, based on the limited detail provided in the Motion, Sonnax

4

factors 1, 10, and 11 weigh in favor of denying the Motion. See In re Sonnax Indus., Inc., 907 F.2d at 1287 (denying motion to lift the stay where, among other things, "the litigation in state court has not progressed even to the discovery stage [and] the bankruptcy proceeding provides a single, expeditious forum for resolution of the disputed issues."); In re Residential Capital, LLC, 2012 WL 3860586 at *6 (denying motion to lift the stay where, among other things, "there has been no motion practice addressing the sufficiency of the pleadings or of the evidence supporting the claims or defenses [and] [d]iscovery, trial preparation and, absent a settlement, trial all remain to be done").

7. **Sonnax Factors 2 and 7**: Title III of PROMESA applies with respect to all debts, claims, and liens asserted against a Title III debtor (as such terms are defined in Bankruptcy Code section 101), created before, on, or after the commencement of the Title III case. See 48 U.S.C. § 2101. The definition of "claim" in the Bankruptcy Code "contemplates that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case . . . [and] permits the broadest possible relief in the bankruptcy court." H.R. Rep. No. 95–595, at 309 (1977). Recognizing this principle, the Supreme Court has held that a "claim" has "the broadest available definition." FCC v. NextWave Pers. Commc'ns Inc., 537 U.S. 293, 302 (2003).

8. Movants' arguments that they "are not investors nor creditors of public debt of the HTA" and that their "employment claims do not have any relation with the debts that prompted PROMESA" are misplaced. See Motion ¶¶ 13-14. Given that PROMESA applies to all claims filed against HTA and the broad definition of a claim under the Bankruptcy Code, Movants are potential prepetition, unsecured creditors of HTA and Movants' claims are therefore subject to the claim resolution process that will be undertaken in the Title III case. Requiring HTA to

5

defend Movants' claims in a variety of forums before determination of what the claim resolution process will look like would undermine that process and upend the "strong bankruptcy code policy that favors centralized and efficient administration of all claims in the bankruptcy court . . . ." See Publicker Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.), 980 F.2d 110, 117 (2d Cir. 1992) (citations omitted); see also In re BFW Liquidation, LLC, No. 09-00634-BGC-11, 2009 WL 8003536, at *3 (Bankr. N.D. Ala. Sept. 14, 2009) ("[T]he effect of lifting the stay for all such claimants and requiring debtors to defend lawsuits in diverse forums merely to establish what share, if any, the claimants filing those suits will have in whatever is left of bankruptcy estates would hinder the goals of the automatic stay and the summary process for adjudicating and liquidating claims.").

9. Pending HTA's review of the status of the actions at issue, lifting the automatic stay to proceed with Movants' actions will most likely divert HTA's attention and resources to defending Movants' claims in a variety of forums and will encourage other creditors to seek similar relief to avoid having their claims adjudicated through the claims resolution process to be undertaken in the Title III case. Thus, Sonnax factors 2 and 7 weigh in favor of denying the Motion. See In re SunEdison, Inc., 557 B.R. 303, 308 (Bankr. S.D.N.Y. 2016) (citation omitted) (holding "cause" did not exist to lift automatic stay where "debtors [were] defendants in several lawsuits asserting 'massive' claims that could have a 'very major effect on stakeholder recoveries'" and allowing relief from stay in that instance would open up the "floodgates" for creditors seeking similar relief); In re Gatke Corp., 117 B.R. 406, 410 (Bankr. N.D. Ind. 1989) (denying motion to lift stay to allow state court suit to proceed against debtor, even though stay of litigation would cause hardship to defendant, because granting relief from stay would, among other things, encourage the filing of "similar requests for relief by plaintiffs of pending

6

lawsuits"); In re Northwest Airlines Corp., No. 05-17930 (ALG), 2006 WL 694727, at *2 (Bankr. S.D.N.Y. Mar. 13, 2006) ("To allow the automatic stay to be lifted with respect to this action at this time would prompt similar motions and require the Debtors to spend an inordinate amount of time and money on litigation and detract from the Debtors' attempts to restructure . . . interfer[ing] with judicial economy and the Debtors' process of reorganization." (citations omitted)).

10. **Sonnax Factor 3**: Movants have neither asserted that the prepetition actions involve HTA as a fiduciary nor provided any evidence to support such a conclusion. Thus, Sonnax factor 3 weighs in favor of denying the Motion.

11. **Sonnax Factor 5**: Movants have neither asserted that HTA has insurance coverage for the claims underlying the prepetition actions nor provided any evidence to support such a conclusion. Thus, Sonnax factor 5 weighs in favor of denying the Motion.

12. **Sonnax Factor 6**: While Movants assert in the Motion that "many of the actions currently paralyzed involve third parties," Movants do not provide any evidence to support this conclusion. See Motion ¶ 34. HTA needs additional time to review the prepetition actions and the defendants named in each action to determine whether the actions can be characterized as primarily involving third parties. Thus, based on the limited detail provided in the Motion, Sonnax factor 6 weighs in favor of denying the Motion. See City Ins. Co. v. Mego Int'l, Inc. (In re Mego Int'l, Inc.), 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983) (denying motion to lift the stay where debtor was more than a mere conduit for the flow of proceeds and the action impacted the "property and administration of [the debtor's estate].").

13. **Sonnax Factor 12:** Balancing of the harms clearly favors denial of the Motion. The impact on HTA if the Motion were to be granted would outweigh any harm that Movants

would suffer if the automatic stay remains in place. Contrary to Movants' assertion in the Motion that "[t]he stay of the Movants' claims causes irreparable damages since it leaves them with no forum in which to prosecute such claims" and that Movants would be unduly prejudiced "if they continue to be precluded from prosecuting their causes of action in the original forums," Movants' claims can and will be liquidated and addressed through the claims resolution process in the Title III case along with all of HTA's other prepetition claims. See Motion ¶ 34. Lifting the automatic stay to permit 115 Movants to proceed with their prepetition claims in a variety of different forums will not promote judicial economy, will completely undermine the Title III process, and will prejudice the interests of HTA and its creditors. At this juncture of HTA's Title III case, and in a vacuum where not all claims against HTA can be fully assessed, letting the multitude of claimants of this type proceed would not be appropriate at this time without further review by HTA of the underlying actions. On the other hand, postponing liquidation of Movants' claims will neither adversely affect Movants nor promote judicial economy. Expedition of the claims will not save HTA any time or money. Rather, it will force HTA to spend time and money now to liquidate claims that may only be paid, if at all, under a confirmed plan of adjustment. Thus, Sonnax factor 12 weighs in favor of denying the Motion.

## CONCLUSION

14. Movants have failed to establish extraordinary circumstances that justify lifting the automatic stay in HTA's Title III case. Accordingly and for the foregoing reasons, the Court should grant the Objection and deny the Motion without prejudice to renewal after at least 120 days and in accordance with any lift stay motion protocol that may be established by the Court,

8

which will allow HTA adequate time to review each of the underlying actions and discuss consensual resolutions, where possible, with Movants.[5]

*Remainder of Page Intentionally Left Blank*

---

[5] On July 21, 2017, the Debtor entities filed the *Debtors Entities' Motion to Further Amend First Amended Notice, Case Management and Administrative Procedures to Incorporate Revised Protocol for Stay Relief Motions* [ECF No. 715], which seeks to revise the case management procedures to implement a revised protocol for motions for relief from the automatic stay. No objections to the revised protocol were filed and the Debtor entities intend to present the motion for approval at the omnibus hearing scheduled for August 9, 2017.

Dated: August 2, 2017
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Peter Friedman*
John J. Rapisardi
Suzzanne Uhland
Diana M. Perez
(Admitted *Pro Hac Vice*)
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

-and-

Peter Friedman
(Admitted *Pro Hac Vice*)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

*/s/ Andrés W. López*
Andrés W. López
USDC No. 215311

THE LAW OFFICES OF
ANDRÉS W. LÓPEZ, P.S.C.
902 Fernández Juncos Ave.
San Juan, PR 00907
Tel: (787) 294-9508
Fax: (787) 294-9519

*Co-Attorney for the Puerto Rico Fiscal Agency and Financial Advisory Authority*