Hearing Date: **August 9, 2017 at 9:30 a.m. (prevailing Eastern Time)**

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

-----------------------------------------------------------------x

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

-----------------------------------------------------------------x

| | |
|---|---|
| OFFICIAL COMMITTEE OF UNSECURED<br>CREDITORS OF PUERTO RICO (the "Committee")<br><br>    Movant,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Respondents. | PROMESA<br>Title III<br><br>**Re: ECF No. 706** |

-----------------------------------------------------------------x

**OBJECTION OF DEBTORS TO MOTION OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF ORDER, UNDER
BANKRUPTCY RULE 2004, AUTHORIZING DISCOVERY PROGRAM WITH
<u>RESPECT TO CERTAIN CAUSES OF PUERTO RICO FINANCIAL CRISIS</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (together with the Commonwealth, COFINA, and HTA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submit this objection to the *Motion of Official Committee of Unsecured Creditors for Entry of Order, Under Bankruptcy Rule 2004, Authorizing Discovery Program With Respect to Certain Causes of Puerto Rico Financial Crisis* [ECF. No. 706] (the "Motion").[3]

## OBJECTION

1.  Through its Motion, the Committee seeks authority to launch an investigation into the "causes of the Puerto Rico Financial crisis, and in particular the role of public and private financial institutions in the structuring, underwriting, repackaging, and selling of [Puerto Rico's] debt obligations . . . ." Motion at 1. PROMESA section 104 expressly empowers and equips the Oversight Board to conduct investigations, specifically including, without limitation, selling practices and conflicts of brokers, dealers, and investment advisors. PROMESA § 104. The Oversight Board and not the Committee, is expressly equipped, authorized, and empowered by Congress to conduct such an investigation under PROMESA section 104. It is empowered to hold hearings, to subpoena witnesses and documents, to take testimony, and to obtain data from

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

[3] Capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

the Commonwealth. *See* PROMESA § 104. The Oversight Board is committed to fulfilling its duties and responsibilities under PROMESA, including the specific investigations contemplated by PROMESA § 104(o). The importance of the Oversight Board conducting the investigations is highlighted by PROMESA § 104(p) which requires the Oversight Board to publish the findings of the investigations described in section 104(o). In contrast, findings of statutory committee investigations are not required to be publicized and virtually never are. In conducting the investigations, however, the Oversight Board hopes to receive input from the Committee in its (the Oversight Board's) efforts to formulate a protocol under which the investigation will proceed. Consistent with the *Procedures for Conducting PROMESA Investigations*, adopted by the Oversight Board on May 26, 2017,[4] the Oversight Board will perform a comprehensive investigation of the debt and its relationship to the fiscal crisis. The Oversight Board has announced that to conduct the investigation it will create a special independent committee of its members, will employ an independent investigator, and will make its finding public.[5] For these reasons, and for the reasons set forth below, the Committee's Motion should be denied pending the conclusion of the Oversight Board's investigation.

2. *First*, Congress specifically entrusted the Oversight Board with the important role of investigating the "disclosure and selling practices in connection with the purchase of bonds" issued by Puerto Rico and its instrumentalities. PROMESA § 104(o). Such role is consistent with the fact that the Oversight Board was established by Congress to exercise the rights the

---

[4] *See Request for Judicial Notice in Support of AAFAF Objection to the Motion of the Official Committee of Unsecured Creditors for Order, Under Bankruptcy Rule 2004, Authorizing Discovery Program with Respect to Certain Causes of Puerto Rico Financial Crisis* [ECF No. 827].

[5] *See Oversight Board to Conduct Investigation of Puerto Rico's Debt*, (2017), https://juntasupervision.pr.gov/wp-content/uploads/wpfd/49/598239c5a7286.pdf.

3

Bankruptcy Code assigns to trustees. *See* PROMESA 301(c)(7) (defining the term "trustee," when used in the Bankruptcy Code, as "Oversight Board" for purposes of Title III). In doing so, Congress provided the Oversight Board with a number of tools to conduct such an investigation, including the power to obtain official data from federal authorities, obtain information from the Commonwealth and its instrumentalities, "hold hearings, . . . take testimony, and receive evidence as the Oversight Board considers appropriate," issue subpoenas requiring the attendance and testimony of witnesses and the production of documents relating to any matter under investigation, and penalize and/or prosecute any Commonwealth officer or employee who provides false or misleading information. PROMESA § 104(a), (f). Congress not only selected the Oversight Board for this very investigation, it equipped it with the tools necessary to conduct it. No party is better situated or better able to conduct the investigation than the Oversight Board.

3. *Second*, the Oversight Board's broad investigatory mandate under PROMESA section 104(o) is not limited to causes of actions that it can assert in its capacity as "trustee." Under Bankruptcy Rule 2004, the examinations relate to the debtors assets and liabilities, not to causes of action that may be owned by creditors. Therefore, the Committee cannot investigate or unearth creditors' causes of action. The purpose of discovery under Rule 2004 is to determine "the extent of the estate's assets and recover those assets for the benefit of creditors." *In re MF Global Inc.*, 2013 WL 74580, at *1 (citing *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. at 708). To the extent the Committee seeks to use the Rule 2004 investigation to identify or assert bondholders' or other creditors' direct claims against third parties for misconduct in connection with the issuance of bond debt, it does not have the authority to assert such claims and thus is not entitled to any discovery. *See In re AppliedTheory Corp.*, 493 F. 3d 82, 87

4

(2d Cir. 2007)("Since the Committee is not itself a creditor, it does not have any rights held by any creditor to assert such a claim against another creditor."). The Oversight Board, by contrast, is expressly empowered to investigate such claims "on behalf of retail investors" under PROMESA § 104(o). To the extent the Committee seeks to use the investigation to identify causes of action that are property of the Debtors, the Committee would require derivative standing to pursue such claims.[6] However, even if the Committee sought derivative standing to pursue such actions, the Court could not grant derivative standing without the Oversight Board's consent in light of PROMESA section 305, which provides that only the Oversight Board can consent to any stay, order or decree of the Court that interferes with the power of the Commonwealth to exercise its political and governmental powers or any of its property or revenues. PROMESA § 305.

4. *Third,* if the Committee were allowed to conduct a parallel investigation, it would be unnecessarily duplicative and inefficient as the investigations would inevitably overlap. Such "double investigation" would, among other things, (i) add millions of dollars of unnecessary costs to be borne by the Commonwealth, (ii) impede the Oversight Board's own investigation, and (iii) make it burdensome to witnesses involved. This is why committee investigations are nearly always curtailed in chapter 11 cases where an examiner is appointed to conduct an investigation. Especially in light of the powers directly bestowed on it by Congress, the Oversight Board is the only appropriate party to conduct an efficient and thorough investigation (in terms of both time and cost).

---

[6] It is well settled that causes of action are property of a debtor's estate and the trustee has exclusive standing to assert such claims. *See Matter of Educators Grp. Health Tr.,* 25 F.3d 1281, 1284 (5th Cir. 1994) (citing *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1153-54 (5th Cir.1987)).

5. *Fourth,* PROMESA section 104(p) requires the Oversight Board to make its findings public. If, as the Committee proclaims, sunlight is the best disinfectant, Motion ¶ 9, then only an investigation led by the Oversight Board ensures that the investigation's findings come to light. A Committee-led investigation comes with no such guarantees. Indeed, as noted by the objection of the Retiree Committee [ECF No. 806], the Committee has not agreed, and would be under no obligation to agree, to make public or share information it uncovers in an investigation.

6. *Finally,* the Committee will suffer no prejudice from the Oversight Board exercising the Oversight Board's statutorily granted role as investigator with respect to this subject matter. In addition to making its findings public, the Oversight Board will establish a procedure for sharing with the Committee documents uncovered in discovery and transcripts from depositions. Moreover, the Oversight Board will permit the Committee to submit deposition questions and document requests it wishes the Oversight Board to propound.

## CONCLUSION

For the foregoing reasons, the Debtors respectfully request that the Court deny the Motion.

Dated: August 3, 2017  
      San Juan, Puerto Rico

Respectfully submitted,

*/s/* Martin J. Bienenstock

Martin J. Bienenstock  
Paul V. Possinger  
Ehud Barak  
Maja Zerjal  
(Admitted *Pro Hac Vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel: (212) 969-3000  
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

/s/   Hermann D. Bauer

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*