# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | |
| THE FINANCIAL MANAGEMENT AND OVERSIGHT BOARD FOR PUERTO RICO | PROMESA TITLE III |
|    as representative of | CASE NO. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et als.* | (Jointly Administered) |
|    Debtor | |
| IN RE: | |
| THE FINANCIAL MANAGEMENT AND OVERSIGHT BOARD FOR PUERTO RICO | PROMESA TITLE III |
|    as representative of | CASE NO. 17 BK 3566-LTS |
| EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO | (Joint Administration Requested) |
|    Debtor | |
| IN RE: | |
| THE FINANCIAL MANAGEMENT AND OVERSIGHT BOARD FOR PUERTO RICO | PROMESA TITLE III |
|    as representative of | CASE NO.  17 BK 3567 - LTS |
| THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY | (Joint Administration Requested) |
|    Debtor | |

## REPLY TO ONMIBUS OBJECTION OF DEBTORS TO MOTIONS TO COMPEL THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO ASSUME OR REJECT EXECUTORY CONTRACTS

TO THE HONORABLE JUDGE LAURA TAYLOR SWAIN:

NOW COMES creditor FERROVIAL AGROMAN, LLC ("FALLC"), **party in interest in the PROMESA TITLE III Case No. 17 BK 3567-LTS** represented by the undersigned law office and respectfully sets forth and prays:

### *Procedural Posture*

That on July 20, 2017, FALLC filed a Motion to Compel Puerto Rico Highways and Transportation Authority ("PRHTA") to Assume or Reject certain executory contracts fully described in *Exhibit A* (the "Motion to Compel"). See docket entry # 204 in 17 BK 3567 LTS.

On July 21, 2017, the Honorable Judge Laura Taylor Swain issued a "Scheduling Order Regarding Certain Motions to Compel" (docket # 206 in 17 BK 3567 LTS) whereby granted respondent PRHTA until July 28, 2017 to file its opposition to the Motion to Compel and granted movant until August 3, 2017 to file its reply papers. The contested matter was scheduled for a hearing to be held on August 9, 2017 at 9:30 a.m. (EST).

### *The Facts*

1.      On July 28, 2017 respondent PRHTA filed an Omnibus Objection of Debtors to Motions to Compel the Puerto Rico Highway and Transportation Authority to Assume or Reject Executory Contracts (the "Omnibus Objection") to the Motion to Compel filed by FALLC.  See docket # 216 in 17 BK 3567 LTS.

2.      FALLC is sensitive to PRHTA's position, but in sum, respondents' position felt short in the sense that it fails to provide to FALLC and to the Court an acceptable timetable for the acceptance or the rejection of the executory contracts in query.

3.      The only option presented by PRHTA is for the non-debtor party to the executory contract to wait to make its election as part of a Plan of Reorganization. A Plan of Reorganization is not foreseen to be filed in a near future. In the meantime, FALLC is legally bound to honor the construction agreements listed in *Exhibit A* without the certainty that it will be able to collect the unpaid certifications for work performed and be able to collect the retainage and any other claim

arising out of the contracts.

4.      We must bear in mind that the Financial Oversight and Management Board for Puerto Rico
as representative of PRHTA filed a petition for relief on May 21, 2017. In sum, to this date more
than 70 days have elapsed since the filing of the petition and in our opinion PRHTA with such an
excellent legal team and financial group of advisors have had more than ample time to assess the
financial situation of PRHTA and are more than qualified to make a sound business decision to
elect to assume or reject the construction agreements in *Exhibit A* within a reasonable term
ordered by the Court.

5.      In the Motion to Compel, FALLC requested a term of 21 days, that in our opinion is more
than reasonable for PRHTA to elect to assume or reject the executory contracts listed in *Exhibit
A*.

6.      As previously alleged in the Motion to Compel, FALLC as a general contractor is a party to
the construction contracts (the "Executory Contracts") executed with PRHTA described in
*Exhibit A*.

7.      The nature, the scope and the importance of the executory contracts listed in *Exhibit A* has
been recognized by PRHTA in its Omnibus Objection.  As of June 30, 2017, an updated *Exhibit
A* shows unpaid certifications for work performed in the amount of $876,326.32, accumulated
retainage in the amount of $1,283,136.91 and a variety of claims arising under the contracts in
the aggregate amount of $455,163.10.

8.      That all the Executory Contracts described in *Exhibit A* are federally funded
infrastructure projects much needed in our dire economy for the safety and transportation of
residents, tourist and visitors and for the safety and transportation of goods and services in
our local economy.

### *The Jurisprudence*

9.       The Omnibus Objection strongly relies in the cases cited in our Motion to Compel. For
example in the cases of In re Adelphia Communications Corp., 291 B.R. 283, 292 (Bankr.
S.D. N.Y. 203) and In re Telijent, Inc., 268 B.R. 723, 738 (Bankr. S.D.N.Y. 2001) the Courts
have articulated various tests or guidelines that should be taken into consideration when
deciding under § 365(d)(2), *supra*, like in the case at bar, whether to enlarge or reduce a
debtor's time to assume or reject an executory contract. In the In re Adelphia case, the court
synthesized these decisions and developed a twelve factor test that included the following

elements:

"1. the nature of the interests at stake;

2. the balance of the hurt to the litigants;

3. the good to be achieved;

4. the safeguards afforded to the litigants;

5. whether the action to be taken is so in derogation of Congress' scheme that the court may be said to be arbitrary;

6. the debtor's failure or ability to satisfy post-petition obligations;

7. the damage that the non-debtor will suffer beyond the compensation available under the Bankruptcy Code;

8. the importance of the contract to the debtor's business and reorganization;

9. whether the debtor has sufficient time to appraise its financial situation and the potential value of its assets in formulating a plan of reorganization;

10. whether there is a need for judicial determination as to whether an executory contract exists;

11. whether exclusivity has been terminated; and

12. above all, the broad purpose of Chapter 11, which is to permit successful rehabilitation of debtors."

10.    We will discuss those factors *ad seriatim* as applicable to the case at bar.

11.    <u>The nature of the interests at stake</u> – In the Omnibus Objection respondents recognize and admit at paragraph 3 and we quote that: "HTA has hundreds of executory contracts, all of which are important to its purpose of providing a transportation system and related services to the Commonwealth and its residents." There is no doubt that the interest at stake is of paramount importance both to PRHTA as the authority in charge for the efficiency and safety of the transportation system and to FALLC as a general contractor specialized in infrastructure projects.

12.    <u>The balance of the hurt to the litigants</u> – At paragraph 10 of the Omnibus Objection PRHTA alleges that FALLCS' interest is not being hurt by the fact that respondents are paying the post-petition obligations in the ordinary course of business. We respectfully submit to the Court that PRHTA allegation is a double edge sword that cuts both ways. If PRHTA is making the post-petition payments is because they have the funds available and because they believe that the executory contracts in Exhibit A are for the benefit of the estate. The assumption of the

executory contracts will be a mere formality of providing for curing any pre-petition default within a reasonable period of time and providing adequate assurance of future performance.

13. <u>The good to be achieved</u> – Both parties will have certainty that their contractual obligations will be fulfilled for the benefit of the Commonwealth and its residents. PRHTA will have an infrastructure project completed as per specifications and FALLC will benefit from the payment of the contractual amounts owed.

14. <u>The safeguards afforded to the litigants</u> – PRHTA's <u>right to elect</u> will be protected until such time granted by the Court to elect whether to assume of reject the executory contracts listed in *Exhibit A* and FALLC will be in position to know if its executory contracts will be assumed or rejected and how to proceed from thereon in protection of its initerest. In sum, this will put an end to the uncertainty created by the period of time granted to respondents to elect whether to assume or reject the executory contracts included in *Exhibit A*.

15. <u>Whether the action to be taken is so in derogation of Congress' scheme that the court may be said to be arbitrary</u> – PRHTA position to wait for the filing of the Plan of Reorganization to elect whether it will assume or reject the executory contracts listed in *Exhibit A,* leaves to the discretion of the Court based on the equities of the case to shorten the time as requested by movant to 21 days.

16. <u>The debtor's failure or ability to satisfy post-petition obligations</u> – as previously alleged the executory contracts listed in *Exhibit A* are federally funded projects and as alleged by PRHTA the post-petition certifications are being paid in the ordinary course of business. But FALLC has not been provided with adequate assurance that the accumulated retainage and claims for reimbursement of expenses will be paid.

17. <u>The damage that the non-debtor will suffer beyond the compensation available under the Bankruptcy Code</u> – there is no sufficient financial data on file at this time to assess if FALLC will suffer beyond the compensation available under the Bankruptcy Code.

18. <u>The importance of the contract to the debtor's business and reorganization</u> - In the Omnibus Objection PRHTA recognize and admit at paragraph 3 and we quote that: "HTA has hundreds of executory contracts, all of which are important to its purpose of providing a transportation system and related services to the Commonwealth and its residents." So there is no doubt of the importance of the executory contracts listed in *Exhibit A* for PRHTA business and reorganization.

19. <u>Whether the debtor has sufficient time to appraise its financial situation and the potential</u>

value of its assets in formulating a plan of reorganization – according to PRHTA they have not had sufficient time to evaluate whether they will assume or reject the executory contracts listed in *Exhibit A*, but we are confident that with such an excellent legal team and group of financial advisors they will be able to do so within the term granted by the Court or the term of 21 days as requested by FALLC.

20.  Whether there is a need for judicial determination as to whether an executory contract exists – in the case at bar there is no controversy that the contracts listed in Exhibit A are executory contracts by their own nature. In sum, it is an undisputed and admitted fact that they are executory contracts.

21.  Whether exclusivity has been terminated – the exclusivity has not been terminated.

22.  Above all, the broad purpose of Chapter 11, which is to permit successful rehabilitation of debtors – respondents acknowledge that "HTA has hundreds of executory contracts, all of which are important to its purpose of providing a transportation system and related services to the Commonwealth and its residents." In sum, there will be no effective reorganization without a safe and efficient transportation system.

WHEREFORE appearing party prays for an Order granting the foregoing motion and in its consequence granting PRHTA 21 days to elect whether to assume or reject the Executory Contracts.

### CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that on even date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: to all attorneys that have filed their respective notice of appearance and to the Standard Parties as such term is defined in the Court's Order Establishing Case Management Procedures, supra:

(i)  Chambers of the Honorable Laura Taylor Swain (two copies shall be delivered to each chambers listed below):

United States District Court for the District of Puerto Rico
150 Carlos Chardón Street,
Federal Building, Office 150,
San Juan, P.R. 00918-1767

-and-

United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse

500 Pearl St., Suite No. 3212
New York, New York 10007-1312

(ii) Office of the United States Trustee for Region 21
Edificio Ochoa, 500 Tanca Street, Suite 301
San Juan, PR 00901-1922

(iii) <u>Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF)</u>:

Puerto Rico Fiscal Agency and Financial Advisory Authority
Roberto Sánchez Vilella (Minillas) Government Center
De Diego Ave. Stop 22
San Juan, Puerto Rico 00907
Attn: Gerardo J. Portela Franco
   Mohammad Yassin, Esq.
E-Mail: Gerardo.Portela@aafaf.pr.gov
   Mohammad.Yassin@aafaf.pr.gov

(iv) <u>Counsel for AAFAF</u>:

O'Melveny & Myers LLP
7 Times Square
New York, New York 10036
Attn: John J. Rapisardi, Esq.
   Suzzanne Uhland, Esq.
   Peter Friedman, Esq.
   Diana M. Perez, Esq.
E-Mail: jrapisardi@omm.com
   suhland@omm.com
   pfriedman@omm.com
   dperez@omm.com

Law Offices of Andrés W. López, Esq.
902 Fernández Juncos Ave.
San Juan, PR 00907
Attn: Andrés W. López, Esq.
E-Mail: andres@awllaw.com

(v) <u>Counsel for the Oversight Board</u>:

Proskauer Rose LLP
Eleven Times Square
New York, New York 10036-8299
Attn: Martin J. Bienenstock
   Paul V. Possinger
   Ehud Barak
   Maja Zerjal
   Chris Theodoridis
E-Mail: mbienenstock@proskauer.com
   ppossinger@proskauer.com
   ebarak@proskauer.com
   mzerjal@proskauer.com
   ctheodoridis@proskauer.com

O'Neill & Borges LLC
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Attn: Hermann D. Bauer, Esq.
E-Mail: herman.bauer@oneillborges.com

And I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: to the members of the Creditors' Committee at their postal address of record.

In San Juan, Puerto Rico, on the 03rd day of August, 2017.

CARDONA JIMENEZ LAW OFFICES, PSC
Attorney for FALLC
PO Box 9023593
San Juan, PR  00902-3593
Tel: (787) 724-1303, Fax (787) 724-1369
E-mail:  jf@cardonalaw.com


*s/José F. Cardona Jiménez*, USDC PR 124504
 jf@cardonalaw.com