# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| *In re* | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | |
| Debtors.[1] | |

## AMENDED NOTICE OF FILING OF REVISED STIPULATION AND AGREED ORDER APPROVING PROCEDURE TO RESOLVE COMMONWEALTH-COFINA DISPUTE

**PLEASE TAKE NOTICE** that on July 21, 2017, the Commonwealth of Puerto Rico (the "Commonwealth") and Puerto Rico Sales Tax Financing Corporation ("COFINA," and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") filed the *Revised Motion of Debtors for Order Approving Stipulation Providing Procedure to Resolve Commonwealth-COFINA Dispute* [ECF No. 718] (the

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

"Motion").  Attached as Exhibit A to the Motion is the Debtors' initial proposed stipulation and agreed order in connection therewith (the "Initial Proposed Stipulation and Agreed Order").

PLEASE TAKE FURTHER NOTICE that on August 2, 2017, the Debtors filed a first revised proposed stipulation and agreed order, which reflect further agreements with the stipulation parties (the "First Revised Proposed Stipulation and Agreed Order"), at ECF No. 857.[2]

PLEASE TAKE FURTHER NOTICE that the redline filed as Exhibit B at ECF No. 857 was a comparison of the First Revised Proposed Stipulation and Agreed Order against a revised version of the Initial Proposed Stipulation and Agreed Order.

PLEASE TAKE FURTHER NOTICE that a redline comparing the First Revised Proposed Stipulation and Agreed Order against the Initial Proposed Stipulation and Agreed Order filed at ECF No. 718 is attached hereto as **Exhibit A**, demonstrating the cumulative changes incorporated into the First Revised Proposed Stipulation and Agreed Order.

PLEASE TAKE FURTHER NOTICE that since the filing of the First Revised Proposed Stipulation and Agreed Order, the QTBC Noteholder Group has joined the First Revised Proposed Stipulation and Agreed Order, and its signature page is attached hereto as **Exhibit B**.

PLEASE TAKE FURTHER NOTICE that copies of the foregoing documents, and all documents filed in these title III cases are available (a) free of charge by visiting

---

[2] The Debtors understand the First Revised Proposed Stipulation and Agreed Order is uncontested.  In light of the parties' agreement on the First Revised Proposed Stipulation and Agreed Order, Ambac represented that it is withdrawing the reservation of its right to renew its objection to the Motion, and that this withdrawal is without prejudice to Ambac's reservation of rights concerning Governor Rosselló, AAFAF, and their advisors [*see* Dkt. No. 813 ¶ 8], which reservation does not impact the Motion.

https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's

website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

[*Remainder of Page Intentionally Left Blank*]

Dated: August 3, 2017
     San Juan, Puerto Rico

Respectfully submitted,

*/s/* Martin J. Bienenstock
Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Maja Zerjal
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

*/s/* Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

**<u>Exhibit A</u>**

**Redline of First Revised Proposed Stipulation and Agreed Order Against the Initial
Proposed Stipulation and Agreed Order**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

---------------------------------------------------------x

*In re:*

THE FINANCIAL OVERSIGHT AND

MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

ALTH OF PUERTO RICO, *et al.*

Debtors.[1]

---------------------------------
---------------------------------
---------------------------------
----x

[*Caption continued on next page*]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA" and, together with the Commonwealth, the "Debtors") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

~~In re:~~              ~~x~~        ~~PROMESA~~
~~Title III~~

~~THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,~~

~~as representative of~~      ~~No. 17 BK 3283-LTS~~

~~THE COMMONWEALTH OF PUERTO RICO~~

~~Debtor.~~

~~In re:~~

~~THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,~~    ~~PROMESA~~
~~Title III~~

~~as representative of~~

~~PUERTO RICO SALES TAX FINANCING CORPORATION,~~    ~~No. 17 BK 3284-LTS~~

~~Debtor.~~

## STIPULATION AND AGREED ORDER APPROVING
## PROCEDURE TO RESOLVE COMMONWEALTH-COFINA DISPUTE

This stipulation and agreed order ("Stipulation") is entered into by the undersigned parties (the "Signatories") to resolve the issues raised by the *Motion of Debtors for Order Approving Procedure to Resolve Commonwealth-COFINA Dispute* (the "Motion") and this Stipulation shall be noticed generally prior to consideration by the Court so the Court's ruling shall be binding on all parties in interest.[2]

## RECITALS

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

**WHEREAS,** the Oversight Board filed the Motion in order to authorize a procedure to resolve the Commonwealth-COFINA Dispute in furtherance of fulfilling its responsibilities under PROMESA;

**WHEREAS**, the Court denied the Motion without prejudice at the omnibus hearing held in San Juan, Puerto Rico, on June 28, 2017 (the "Hearing");

**WHEREAS**, at the Hearing, the Court directed the Oversight Board to seek the agreement of all interested parties to a procedure for resolving the Commonwealth-COFINA Dispute through confidential mediation with Chief Bankruptcy Judge Houser of the Northern District of Texas (the "Mediation"), and authorized the Oversight Board to file a revised motion with or without unanimous support of interested parties;

**WHEREAS**, in an effort to advance the Title III Cases and facilitate the litigation or settlement of the Commonwealth-COFINA Dispute, the Signatories have agreed upon a revised procedure as set forth below and respectfully request the Court to enter this Stipulation as an agreed Order, binding on all parties in interest in the Debtors' cases.

**NOW, THEREFORE**, the Signatories agree and, upon the Court's approval, it shall be ordered and binding on all parties in interest as follows:

1. Notice; Jurisdiction; Venue.  The Debtors provided adequate and appropriate notice of the Motion and of this Stipulation under the circumstances and no other and further notice is required.  The Court has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.  Venue is proper pursuant to section 307(a) of PROMESA.

2. Appointment Of Agents.  With respect to the appointment of the Commonwealth Agent (as defined below), Bankruptcy Code sections 105(a), 503(b)(3)(B), 1103(c), and 1109(b) permit the Oversight Board to consensually grant standing to the Creditors' Committee (as

defined below), when necessary and beneficial to do so (*see Commodore International, Ltd. v. Gould (In re Commodore International, Ltd.)*, 262 F.3d 96 (2d Cir. 2001) (setting forth test for consensual grant of derivative standing); *see generally Official Committee of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548 (3d Cir. 2003) (court may authorize creditors' committee to recover property for the benefit of the debtor's estate); *accord In re Sunset Hollow Properties, LLC*, 359 B.R. 366, 383 (Bankr. D. Mass. 2007) (approving of "standing derived from the [] debtor passed on to its Creditors' Committee" and citing with approval *Commodore Int'l Ltd. v. Gould et al, (In re Commodore Int'l Ltd.)*, 262 F.3d 96, 98 (2d Cir. 2001) ("a debtor in possession may stipulate to representation by an unsecured creditors' committee 'so long as the bankruptcy court exercises its judicial oversight and verifies that the litigation is indeed necessary and beneficial.'")).  Further, with respect to the appointment of the Commonwealth Agent and the COFINA Agent (as defined below and, together with the Commonwealth Agent, the "Agents"), section 104(g) of PROMESA authorizes the Executive Director to enter into any contracts that are appropriate to carry out the Oversight Board's responsibilities under PROMESA and section 104(b) permits the appointment of an agent by the Oversight Board to take any action that the Oversight Board is authorized to take by section 104 of PROMESA.  The Signatories agree and, upon entry of the Stipulation by the Court, the Court finds, that approval of the procedures is necessary and appropriate to carry out the provisions of Title III of the Debtors' cases, the conferral of agent status on the Commonwealth Agent and COFINA Agent is (i) in the best interests of the Debtors and their respective property and (ii) necessary and beneficial to the efficient resolution of these cases, and this Stipulation constitutes a permitted contract pursuant to sections 104(b) and (g) of PROMESA.  This finding with respect to section 104 of PROMESA is limited to the facts and circumstances presented by this

Stipulation, and shall have no binding effect outside of these facts and circumstances. Solely to the extent, if any, that section 305 of PROMESA serves as a limitation on judicial power over the authority delegated to the Agents, the Oversight Board hereby consents.

3. 3. Objections Withdrawn or Overruled. All objections to the procedures approved herein by any Signatory have been withdrawn by such Signatory, subject to the explicit reservation of rights herein, or are overruled on the merits upon entry of this Stipulation by the Court; *provided, however* that nothing herein shall be deemed, asserted, or construed as an admission by any Signatory and nothing herein shall substantively impact any party's rights, claims, defenses, or counterclaims in connection with the Commonwealth-COFINA Dispute or under the COFINA Bond Resolution.

4. 4. Procedures. Upon entry by the Court of this Stipulation, and subject to paragraph 11 herein, the Oversight Board shall implement the following actions and procedures relating to this issue: Whether, after considering all procedural and substantive defenses and counterclaims, including constitutional issues, the sales and use taxes purportedly pledged by COFINA to secure debt (the "Pledged Sales Taxes") are property of the Commonwealth or COFINA under applicable law (the "Commonwealth-COFINA Dispute").[3]

    a. The Oversight Board, as representative of title III debtor Commonwealth of Puerto Rico pursuant to PROMESA section 315(b), authorizes the statutory committee of unsecured claimholders appointed by the United States Trustee on June 15, 2017 (the "Creditors' Committee") to serve as the Commonwealth representative to litigate and/or settle the Commonwealth-COFINA Dispute on behalf of the Commonwealth (the "Commonwealth Agent").

    b. The Oversight Board, as representative of title III debtor COFINA pursuant to PROMESA section 315(b), authorizes Bettina Whyte to serve as the COFINA representative to litigate and/or settle the Commonwealth-COFINA Dispute on behalf of COFINA (the "COFINA Agent").

---

[3] If any creditors contend the determination of the foregoing issue requires determination of claims or defenses personal to such creditors and not owned by the Commonwealth or COFINA, the Court shall separately determine how such claims and defenses shall be adjudicated.

c.  Solely in respect of settlement discussions, the Commonwealth shall have two creditor representatives (the "Commonwealth Creditor Representatives") appointed as follows—

    i.  One Commonwealth Creditor Representative shall be selected by the Ad Hoc Group of GO Bondholders and Assured Guaranty Corp. ("AGO"). For the avoidance of doubt, the Commonwealth Creditor Representatives that are not statutory committees shall not, by virtue of their selection for such position or their participation in settlement discussions, take on any duties to any other person or entity, including, without limitation, any duty to refrain from trading any securities (or derivatives of securities), provided, however, that nothing herein exempts any person or entity from compliance with all applicable securities laws.;[4] and

    ii.  One Commonwealth Creditor Representative shall be the Official Committee of Retirees;

d.  Each of the Commonwealth Agent and the COFINA Agent shall be entitled to retain legal and other professionals it reasonably deems appropriate.  The COFINA Agent shall retain the law ~~firm _____~~ firms Willkie Farr & Gallagher LLP as lead counsel, with the matter led by ~~_____, to serve as its counsel~~Matthew A. Feldman, and Klee Tuchin Bogdanoff & Stern LLP as special municipal bankruptcy counsel, with the matter led by Kenneth N. Klee.  The Creditors' Committee's retained advisors, the COFINA Agent and its retained advisors, and the Commonwealth Creditor Representatives shall be compensated by the Debtor on whose behalf they are acting, in conformity with PROMESA section 316 and any interim compensation procedures ordered by the Court; and in the case of counsel for the Creditors' Committee and counsel for the Official Committee of Retirees, the order of this Court authorizing the retention of such counsel.   For the avoidance of doubt, the Commonwealth Creditor Representative selected by the Ad Hoc Group of GO Bondholders and AGO ~~shall~~may be an individual.[5], group, or committee. If it is a group or committee, its compensation shall not exceed compensation for the time of one individual.  Such individual shall not be authorized to retain legal or other professionals at the expense of the Commonwealth to assist  him/her in carrying out  his/her functions in this Stipulation, but the individual shall be compensated for his/her time and

---

[4] ~~If the Ad Hoc GO Group of GO bondholders becomes a Signatory, the following shall be added to paragraph 4.c.(i):[1]~~
~~For the avoidance of doubt, the Commonwealth Creditor Representatives that are not statutory committees shall not, by virtue of their selection for such position or their participation in settlement discussions, take on any duty to refrain from trading any securities (or derivatives of securities), provided, however, that nothing herein exempts any person or entity from compliance with all applicable securities laws.[1]~~

[5] ~~If the Ad Hoc GO Group of GO bondholders becomes a Signatory, the Commonwealth Creditor Representative selected by the Ad Hoc Group of GO Bondholders and Assured Guaranty Corp. may be an individual, group, or committee.  If it is a group or committee, its compensation shall not exceed compensation for the time of one individual.~~

reasonable expenses. The Official Committee of Retirees shall be entitled to compensation of its advisors, but not to compensation for its members' time.

e.  By no later than ten (10) days after this Stipulation is so ordered, the Agents shall meet and confer regarding the time and form of commencement of litigation to resolve the Commonwealth-COFINA Dispute.  In advance of the commencement of such litigation, the Agents, the Oversight Board, AAFAF, and the Permitted Intervenors (as defined below) shall agree to a schedule constructed to enable the Court to rule, on a final basis, on the Commonwealth-COFINA Dispute, on or before December 15, 2017, unless extended by the Court, for cause, *sua sponte* or upon application of any of the Signatories, in the absence of a prior settlement (the "Resolution Date"); provided, that, if the parties do not agree on a schedule within 15 days after entry of this Stipulation, the Agents may together or separately seek approval from the Court by motion upon shortened notice of a proposed schedule.

f.  Each Agent shall have a duty of good faith, care, and loyalty to the Debtor the Agent represents.  In furtherance of such duties, each Agent shall, with the advice and assistance of counsel, endeavor to the best of the Agent's ability under the circumstances to litigate and negotiate from the perspective of what result is best for the Debtor the Agent represents, as opposed to what result is best for any particular type of creditor of the Debtor the Agent represents.  If the Agents negotiate a settlement, they should be guided by *Protective Committee of Independent Shareholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968).  Neither the Agent nor its professionals (in their capacities as professionals to the Agent) shall litigate, nor attempt to negotiate, or participate in the mediation of, any of the rights of any bondholder versus another bondholder under the COFINA Bond Resolution, or any bondholder versus an insurer of such bonds. Each Agent shall have the rights of its respective debtor solely in respect of the conduct of the litigation and settlement of the Commonwealth-COFINA Dispute. In connection with fulfilling its duties hereunder, the Agent shall consult with the major creditor constituencies of the Debtor it represents and any Permitted Intervenors that intervene on that Agent's side of the Commonwealth-COFINA Dispute.[6]  To the extent not already required herein, the Commonwealth Agent shall consult with the Commonwealth Creditor Representatives, the Ad Hoc Group of GO Bondholders, FGIC, and AGO (to the extent that the Ad Hoc Group of GO Bondholders and AGO have not been selected as a Commonwealth Creditor Representative) regarding the status of negotiations with respect to settlement of the Commonwealth-COFINA dispute.  In agreeing to this Stipulation, no Signatory waives any right to object to a settlement negotiated by the Agent on any ground, including that such settlement is a denial of adequate protection or other right that

---

[6] If the Ad Hoc GO Group of GO bondholders becomes a Signatory, the following shall be added to paragraph 4.f.:[1]

To the extent not already required herein, the Commonwealth Agent shall consult with the Commonwealth Creditor Representatives, the Ad Hoc Group of GO Bondholders, and AGO (to the extent that the Ad Hoc Group of GO Bondholders and AGO have not been selected as a Commonwealth Creditor Representative) regarding the status of negotiations with respect to settlement of the Commonwealth-COFINA dispute.

may be asserted by such objector.  Each Agent shall have access to any nonprivileged information of the Debtor it represents reasonably necessary to the Agent performing its duties in resolving the Commonwealth-COFINA Dispute; provided that any objections of the Debtors may be resolved by the mediators.  For the avoidance of doubt,  this does not include access to information of the Oversight Board.  To the extent a Debtor ~~provides~~agrees to provide privileged information or work product, such production shall remain subject to all privileges notwithstanding the production, and the Agent is not authorized to waive ~~the privilege~~any privileges or to share the information with any third parties for any purpose, unless authorized to do so in writing by its Debtor.  Notwithstanding the foregoing, in the mediation process, (i) the Agent(s) reserve the right to seek access to relevant Commonwealth and/or Oversight Board information that is neither privileged nor work product that will allow them to understand the financial need that the Commonwealth anticipates satisfying from the Pledged Sales Taxes, and (ii) the Commonwealth and the Oversight Board reserve the right to oppose such access on any ground including that the certified fiscal plans show all financial needs to be satisfied.  The Assigned Mediator(s) (as defined in the Mediation Agreement) will work with all parties to attempt to resolve any dispute over access to this information (including disputes with respect to privilege and work product).  Nothing herein shall (a) preclude the Signatories from sharing with the Agents information obtained in the Mediation necessary to understand the financial need that the Commonwealth anticipates satisfying from the Pledged Sales Taxes, or from sharing privileged information with the Agents and Agents' counsel in furtherance of any common interest, and (b) entitle any Signatory to any privileged information or work product.

~~g.~~ g.  In addition, each Agent may consider what result, through litigation, negotiation and mediation, will render its Debtor best able to achieve fiscal responsibility and access to the capital markets, in the judgment of each Agent.  Nothing herein waives any rights of the Commonwealth and AAFAF under PROMESA sections 303 and 305 subject to any limitations thereon imposed by the Puerto Rico Constitution, the U.S. Constitution, or PROMESA.

~~h.~~ h.  To the extent it is necessary or desirable to link a settlement to the treatment of creditors' claims in a title III plan of adjustment, the Oversight Board and AAFAF may participate in the negotiations and Mediation in an effort to reach such a settlement.

~~i.~~ i.  Any settlement negotiated pursuant to the protocol approved herein shall be ~~filed with the Court~~presented simultaneously to both Commonwealth Creditor Representatives by the Agents upon reaching agreement~~but~~.  Such settlement shall be filed with the Court by the Agents no fewer than 7 days after it is presented to the Commonwealth Creditor Representatives; provided, however, that if the Commonwealth Creditor Representative selected by the Ad Hoc Group of GO Bondholders and AGO objects to such settlement, the settlement shall not be filed with the Court unless and until Chief Bankruptcy Judge Barbara Houser, serving as Mediation Team Leader by order dated June 14, 2017 of U.S. District Judge Laura

Taylor Swain, makes a determination that, under all the circumstances, it is appropriate for such settlement to be presented to the Court for approval. Such settlement shall only be effective upon (i) with respect to the Commonwealth, (a) approval of the Commonwealth Agent and at least one of the Commonwealth Creditor Representatives, provided, however, the Commonwealth Creditor Representatives are not authorized to negotiate any proposed settlement, but only to consent thereto, and (b)(1) this Court's approval of such settlement pursuant to a final order as to which (A) the deadline to file a notice of appeal or petition for certiorari has lapsed (including any extension provided by Bankruptcy Rule 8002(b)(1)) and no appeal or petition is pending or, (B) if the subject of a timely appeal or petition, no stay, suspension, or injunction precluding effectiveness has been granted and is continuing (a "Final Order"), or (2) confirmation of a title III plan of adjustment in the Commonwealth title III case incorporating such settlement pursuant to a Final Order, and which plan has become effective; and (ii) with respect to COFINA, confirmation of a title III plan of adjustment in the COFINA title III case incorporating such settlement pursuant to a Final Order, and which plan has become effective; *provided, however*, that, other than with respect to ensuring that such settlement is properly embodied within the title III plan of adjustment, the COFINA Agent shall not participate in the negotiations of a title III plan of adjustment in the COFINA title III case. ~~Any settlement negotiated pursuant to the protocol approved herein shall be presented simultaneously for approval to both Commonwealth Creditor Representatives~~

j.~~i.~~ If the Oversight Board determines it is impracticable to schedule a timely confirmation hearing on a Commonwealth plan of adjustment embodying the proposed settlement negotiated by the Agents, then any proposed settlement negotiated by the Agents that can be implemented by the Commonwealth independently of a plan of adjustment (*e.g.*, a settlement that allocates the Pledged Sales Taxes between COFINA and the Commonwealth, but does not provide for how the Commonwealth will distribute such assets to creditors), may be submitted for this Court's approval with respect to the Commonwealth only by the Commonwealth Agent or the Oversight Board. Absent agreement of all Signatories, any proposed settlement outside a plan of adjustment for the Commonwealth shall be submitted for approval on not less than 45 days' notice, and shall be heard and if approved, approved contemporaneously with confirmation of a title III plan of adjustment in the COFINA title III case incorporating such settlement.

~~k.~~ k. All parties in interest, including the Oversight Board and AAFAF, may appear and be heard with respect to any proposed settlement; *provided, however*, that neither the Oversight Board nor AAFAF shall have any right to contest any judgment made by the Agents pursuant to subparagraph f.

~~l.~~ l. In the event that the Commonwealth-COFINA Dispute is resolved by a settlement developed under this protocol, the Oversight Board shall file a title III plan of adjustment for COFINA incorporating such settlement, with an accompanying disclosure statement, and the Oversight Board shall propose how COFINA's property will be distributed to COFINA creditors (consistent with the plan distributions, if any, agreed to by all parties in the Mediation), no later than [45] days after such settlement

is presented by the Agents to the Oversight Board; provided that, no hearing to consider approval of any settlement of the Commonwealth-COFINA Dispute with respect to COFINA shall occur, and objections to such settlement by COFINA's creditors and other parties in interest shall not be due, until a reasonable time after the Oversight Board files a title III plan of adjustment for COFINA, and such hearing date and objection deadline may be concurrent with the hearing date and objection deadline for the COFINA plan of adjustment.  If any court of competent jurisdiction denies confirmation of the plan incorporating the settlement developed under this protocol, the Oversight Board shall use good faith efforts to file one or more amended plans, each of which incorporates such settlement, in order to comply with the confirmation requirements of section 314(b) of PROMESA; *provided*, *however*, that if the Court determines no confirmable plan for COFINA can be proposed consistent with the settlement, then the settlement shall be deemed null and void.

m.  For the avoidance of doubt, the litigation or negotiation by the Agents shall not include issues other than the Commonwealth-COFINA Dispute; *provided, however,* that any resolution of the Commonwealth-COFINA Dispute implemented under a title III plan of adjustment shall be a final resolution of all issues affecting entitlements of each allowed claim against COFINA to its distributions under the plan, including with respect to the nature, validity, extent and priority of the liens pledged to secure the COFINA bonds, and may resolve all potential claims by holders of COFINA bonds against the Commonwealth, provided further that any such treatment of COFINA bondholders' claims, if any, against the Commonwealth as part of the settlement shall be on terms acceptable to the Commonwealth Agent and the Oversight Board.

n.  Notwithstanding anything in this Stipulation, the Oversight Board shall remain the only party authorized by PROMESA to propose a title III plan of adjustment, and to carry out that power and duty, the Oversight Board may, at any time, propose title III plans of adjustment for the Commonwealth and COFINA that incorporate a settlement of the Commonwealth-COFINA Dispute, developed by the Agents, or developed by the Oversight Board, and the Oversight Board may negotiate and mediate with creditors to achieve such settlement of the Commonwealth-COFINA Dispute; provided, however, that if the Agents reach a proposed settlement of the Commonwealth-COFINA Dispute before the Court fixes a date for a hearing on the disclosure statement of the Oversight Board's proposed plan of adjustment for COFINA, the Oversight Board shall amend its proposed disclosure statement so at the confirmation hearing on the proposed plan of adjustment for COFINA, the Agents' proposed settlement shall first be considered by the Court together with the proposed plan distributions, if any, agreed to by all parties in the Mediation, or otherwise, together with plan distributions proposed by the Oversight Board.

5. 5. Intervention; Rights To Participate.  Each of the creditor parties, statutory committees, and

Creditor Representatives,  that are Signatories (the "Permitted Intervenors"), shall be authorized

to intervene, in its individual capacity or as part of a group, and be heard in any litigation

between the Agents to resolve the Commonwealth-COFINA Dispute without further order of the Court; *provided, however*, that the Court may impose reasonable limitations on participation by the Permitted Intervenors to avoid duplication and undue burdens on the Court.  AAFAF, as the government's agent in accordance with the *Puerto Rico Fiscal Agency and Financial Advisory Authority*, Act 2-2017 (Jan. 18, 2017) (the "AAFAF Enabling Act"), may also intervene as of right to exercise its rights to be heard under applicable law.  AAFAF shall not contravene the FOMB's statutory status as the Commonwealth's representative pursuant to PROMESA § 315(b).  Nothing herein waives the rights of any party in interest from asserting any intervenor is conflicted.  Nothing herein shall deprive AAFAF and the government of any other intervention rights they have and shall not deprive any other party in interest of any standing, intervention rights,  and other rights to appear that they have in any litigation relating to the Commonwealth-COFINA Dispute or any other litigation.  For the avoidance of doubt, the grant of intervention to any party, including the Permitted Intervenors, shall neither affect nor impair the ability of the Agents to settle the Commonwealth-COFINA Dispute in accordance with paragraph 4 above nor modify the standards for approval by the Court of any settlement reached by the Agents.

6.  6. Effectiveness.  Immediately upon entry by the Court of this Stipulation and Order, (a) the Debtors and the Oversight Board, as the Debtors' representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted herein, and (b) this Stipulation and Order shall be binding on all entities having received prior notice of the hearing on this Stipulation and Order

7. 7. Jointly Drafted.  The preparation of this Stipulation has been a joint effort of the Signatories and the resulting document shall not, solely as a matter of judicial construction, be construed more severely against one of the Signatories than the other.

8. 8. Retention Of Jurisdiction.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Order.

9. 9. Whole Agreement.  This is the whole agreement among the Signatories in respect of its subject matter, and all prior statements and actions are merged herein.

10. 10. Amendment.  This Stipulation may not be amended except in a writing signed by the Signatories and approved by the Court.

11. 11. Rights Preserved.  Except as expressly provided herein, no Signatory waives or releases any rights, including, without limitation, (i) the right to seek dismissal of the Commonwealth and/or COFINA Title III petitions, (ii) any rights under the COFINA Bond Resolution and any applicable bond resolutions, statutes, and constitutional provisions, (iii) the right, if any, to challenge any fiscal plan, (iv) the right to seek Court approval of certification to the Supreme Court of Puerto Rico of the Commonwealth law issues in the Commonwealth-COFINA Dispute, subject to all other parties' rights to oppose such relief on any ground including without limitation that similar relief was previously requested and denied, and (v) the right to seek a stay of other litigation in the Title III cases that may involve the Commonwealth-COFINA Dispute or property subject to it.  Except as provided in paragraph 2, the Oversight Board does not consent or otherwise release any rights of the Oversight Board under PROMESA or otherwise, including section 305 of PROMESA.  The rights and powers of the government of Puerto Rico under the Puerto Rico Constitution and PROMESA, including without limitation under sections 303 and

305 of PROMESA, are expressly reserved, subject to any limitations thereon imposed by the

Puerto Rico Constitution, the U.S. Constitution, or PROMESA.

12. 12. Confidentiality.   There shall be common interest and joint defense privileges for all

communications (including work product shared) between or among an Agent and the Creditor

Representatives or creditors of the Debtor such Agent represents.  All such communications shall

be confidential and shall not be subject to discovery or other disclosure.

13. 13. Further Assurances.  Each Signatory shall take such actions and sign such documents as

necessary or desirable to carry out this Stipulation.

14.      Counterpart Originals.   This Stipulation may be signed in counterpart originals as if

signed in one original document.  Emailed scans of this Stipulation signed by a Signatory shall be

deemed an original for all purposes.

15. 15. No Conflict.  The representation by counsel to the Creditors' Committee of the Creditors'

Committee as Commonwealth Agent with respect to the Commonwealth-COFINA Dispute shall

not create an attorney-client relationship between such Creditors' Committee counsel and the

Commonwealth, AAFAF, or the Oversight Board and therefore counsel for the Creditors'

Committee shall be free to advocate positions adverse to such parties in the Title III cases.

Accepted and Agreed:

The Parties to the Stipulation:                    AD HOC GROUP OF GO BONDHOLDERS

_____

Name:
Title:

UBS FAMILY OF FUNDS/PUERTO RICO
FAMILY OF FUNDS

_____
Name:
Title:

MUTUAL FUND GROUP


_____
Name:
Title:

COFINA SENIOR BONDHOLDERS


_____
Name:
Title:

AMBAC ASSURANCE CORP.


_____
Name:
Title:


NATIONAL PUBLIC FINANCE
GUARANTEE CORP.


_____
Name:
Title:


OFFICIAL COMMITTEE OF UNSECURED
CREDITORS


_____
Name:
Title:

Dated:  ~~-~~ as of July 21, 2017
      San Juan, Puerto Rico

                                        SO ORDERED on August ___, 2017:


                                        _____
                                        Honorable Laura Taylor Swain
                                        United States District Judge

Document comparison by Workshare Compare on Thursday, August 03, 2017
11:22:50 AM

| Input: | |
|---|---|
| Document 1 ID | file://C:\Users\9359\Desktop\FOMB - Amended Motion for Procedures to Resolve GO-COFINA Dispute.DOCX |
| Description | FOMB - Amended Motion for Procedures to Resolve GO-COFINA Dispute |
| Document 2 ID | file://C:\Users\9359\AppData\Local\Temp\Workshare\wmtemp1284\Commonwealth COFINA Protocol stip 072917 c.docx |
| Description | Commonwealth COFINA Protocol stip 072917 c |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 41 |
| Deletions | 82 |
| Moved from | 2 |
| Moved to | 2 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 127 |

## **<u>Exhibit B</u>**

**QTBC Noteholder Group Signature Page**

Signature page for "**STIPULATION AND AGREED ORDER APPROVING PROCEDURE TO RESOLVE COMMONWEALTH-COFINA DISPUTE**"

Dated as of July 21, 2017 and distributed by email on Saturday July 29, 2017 at 10:26 p.m.

QTCB Noteholder Group

By its attorneys:
Bracewell LLP
City Place I, 34th Floor
185 Asylum Street
Hartford, CT 06103

By: _____

Print Name:  Kurt A. Mayr