UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

        Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

-------------------------------------------------------------x

MEMORANDUM ORDER DENYING
CARIBBEAN AIRPORT FACILITIES, INC.'S
MOTION FOR RELIEF FROM AUTOMATIC STAY (DOCKET ENTRY NO. 603)

       Before the Court is a motion filed by Caribbean Airport Facilities, Inc. ("CAF" or the "Movant") for relief from the automatic stay imposed by the filing of the above-captioned Title III case in a damages action before the Court of First Instance of the Commonwealth of Puerto Rico ("Court of First Instance") in connection with an expropriation case commenced on December 28, 2011, under the case caption Estado Libre Asociado de Puerto Rico v. Caribbean Airport Facilities, Inc., Case No. KEF2011-0453 (the "Lawsuit"). For the following reasons, the motion is denied because Movants have not demonstrated "cause" to lift the automatic stay.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

BACKGROUND

Movant, the named Defendant in the Lawsuit, which was filed by the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), seeks to continue to prosecute the damages portion of the Lawsuit. (Case No. 17-3283, Docket Entry No. 603, Motion for Relief of Stay (the "Motion"), ¶ 1.) In the Lawsuit, the Court of First Instance rendered a judgment against the Commonwealth, finding the Commonwealth liable for the unlawful taking of a lease agreement. (Id.) Movant seeks to quantify the damages it suffered in connection with the temporary taking of such lease agreement. (Id. ¶ 30.) Movant asserts in the Motion that, if the automatic stay were lifted, it could continue with a pretrial conference scheduled for August 22, 2017, receive a prompt trial date and proceed to adjudication of the amount of damages owed by the Commonwealth to CAF. (Id. ¶ 31). On July 20, 2017, the Commonwealth filed its objection (the "Debtor's Objection") to the Motion. (Case No. 17-3283, Docket Entry No. 708.) On July 28, 2017, Movant filed a reply to the Debtor's Objection (the "Movant's Reply"). (Case No. 17-3283, Docket Entry No. 788.) The Court has considered all of the submissions carefully.

DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district examine the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e,g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F.

Supp. 3d 508, 518 (D.P.R. 2016) (citing <u>Sonnax</u>). Of particular relevance to the instant case are the following factors identified by the <u>Sonnax</u> Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," "whether litigation in another forum would prejudice the interests of other creditors," and the "impact of the stay on the parties and the balance of harms." <u>Sonnax</u>, 907 F.2d at 1286.

Movant has not demonstrated that the <u>Sonnax</u> criteria weigh in its favor with respect to the continuation of the Lawsuit. Continuation of the Lawsuit would not result in an expeditious resolution of Movant's claims. It appears that further revision of expert reports, discovery and other pretrial proceedings may be necessary before the Lawsuit is ready for trial. Such preparation would require the expenditure of Commonwealth resources. In any event, the determination of the damages liability of the Commonwealth can be accomplished in the context of the claims process in this case and any payment would have to await the approval of a plan of adjustment. Movant has not demonstrated that the harm from delay of the resolution of the damages aspect of the Lawsuit outweighs the burden that would accrue to the Debtor from recommencement of full litigation of the Lawsuit.

Accordingly, the Court concludes that Movant has not demonstrated that cause exists for the automatic stay to be lifted to allow the Lawsuit to proceed.

## CONCLUSION

For the foregoing reasons, Movants' motion for relief from the automatic stay is denied because Movant has not demonstrated "cause" to lift the automatic stay. The automatic

stay continues in place. See 11 U.S.C. §§ 362(a). This Memorandum Order resolves docket entry no. 603 in case no. 17-3283.

    SO ORDERED.

Dated: August 4, 2017

       /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      United States District Judge