UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

                   Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

------------------------------------------------------------x

MEMORANDUM ORDER GRANTING IN PART MOTION OF LUIS MONTES-VALENTÍN
FOR RELIEF FROM AUTOMATIC STAY (DOCKET ENTRY NO. 613)

        Before the Court is a motion filed by Luis Montes-Valentín (the "Movant") for relief from the automatic stay imposed by the filing of the above-captioned Title III case in a personal injury lawsuit pending before the Puerto Rico Court of First Instance, San Juan (the "Commonwealth Court"), captioned Luis Montes-Valentin v. Municipality of San Juan, et al., Case No. KDP2015-1353 (the "Lawsuit").  For the following reasons, the motion is granted to the extent that the stay is lifted to allow the rendering, but not the enforcement, of any judgment in the Lawsuit against Debtor defendants.  The automatic stay is inapplicable as to non-debtor defendants.

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## BACKGROUND

Montes-Valentín, the named Plaintiff in the Lawsuit, which was filed against the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Electric Power Authority ("PREPA"), the Puerto Rico Aqueduct and Sewer Authority ("PRASA") and the municipality of San Juan ("San Juan"), seeks to continue his personal injury lawsuit. (Docket entry no. 613, Motion for Relief from Automatic Stay (the "Motion"), pp. 1-2.) In the Lawsuit, Movant seeks monetary damages in connection with injuries he allegedly suffered in a slip and fall accident on the sidewalk of the Municipality of San Juan. (Id.) On June 12, 2017, the pre-trial conference was held and the trial was scheduled for June 27, 2017. (Id.) On July 25, 2017, the Commonwealth filed a response to the Motion (the "Response"). (Case No. 17-3283, Docket Entry No. 748.) In its response, the Commonwealth consents to lifting of the stay to permit the Lawsuit to proceed to a determination as of liability and damages, and enforcement of any judgment as to PRASA and San Juan, but seeks maintenance of the stay as to the enforcement of any judgment against the Commonwealth and PREPA, as they are Title III debtors. (Response, ¶¶ 1-2.) Movant did not file a reply to the Commonwealth's Response. The Court has considered all of the submissions carefully.

## DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990)

("Sonnax"). See, e,g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

Montes-Valentín has demonstrated that many of the Sonnax criteria weigh in his favor with respect to continuation of the Lawsuit. In particular, the Lawsuit is trial ready and it could also resolve the question of quantification of the Commonwealth's and PREPA's financial liability, if any, on Montes-Valentín's personal injury claim. Because there are non-debtor defendants, allowing the Lawsuit to proceed to the rendering of a judgment and enforcement of the judgment against the non-debtor defendants while maintaining the stay of enforcement of any judgment against the Debtors would not interfere materially, if at all, with the Title III case and would permit efficient resolution of material issues raised in the Lawsuit. The fact that the Lawsuit is trial ready demonstrates that the interests of judicial economy, and of the expeditious resolution of litigation, are best served by permitting the Lawsuit to proceed to this limited extent.

Accordingly, the Court concludes that Montes-Valentín has demonstrated that cause exists for the automatic stay to be lifted to allow the Lawsuit to proceed to the rendering of judgment and enforcement of any such judgment as against San Juan and PRASA only.

## CONCLUSION

For the foregoing reasons, the stay of the Lawsuit is lifted to proceed to the rendering of judgment and the enforcement of such judgment against San Juan and PRASA only. The automatic stay remains in place with respect to judgment enforcement against the Commonwealth and PREPA. This Memorandum Order resolves docket entry no. 613 in case no. 17-3283.

SO ORDERED.

Dated: August 4, 2017

       /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge