**Hearing Date**: August 9, 2017 at 9:30 a.m. (prevailing Eastern Time)

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | (Jointly Administered) |
| Debtors.[1] | |

---------------------------------------------------------------x

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | **Re: ECF No. 815** |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Movants, | |
| -against- | |
| THE MUTUAL FUND GROUP, | |
| Respondent. | |

---------------------------------------------------------------x

# REPLY OF DEBTORS TO MUTUAL
# FUND GROUP'S LIMITED OBJECTION TO DEBTORS'
# MOTION TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION

To the Honorable United States District Court Judge Laura Taylor Swain:

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Commonwealth of Puerto Rico (the "Commonwealth"),[2] the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (together with the Commonwealth, COFINA, and HTA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] respectfully submit this reply (the "Reply") to *Mutual Fund Group's Limited Objection to Debtors' Motion to Establish Procedures For Interim Compensation* [ECF No. 815] (the "Limited Objection" of the "Mutual Fund Group"), and respectfully represent as follows:

## Reply

1. <u>Use of COFINA Cash</u>. The Mutual Fund Group first seeks a clarification that any order granting the Motion "does not amount to a finding that the Debtors (or any other party) may pay such expenses out of collateral securing either COFINA bonds or any other secured debt." Limited Objection at 2. The Mutual Fund Group fails to take two critical facts into account. *First*, the professional fees are administrative expenses pursuant to Bankruptcy Code section 503(b)(4), and no COFINA Title III plan of adjustment can be confirmed without paying all such allowed fees pursuant to Bankruptcy Code section 507(a)(2), made applicable by PROMESA section 301(a), and PROMESA section 314(b)(4). *Second*, COFINA's revenue

---

[2] Capitalized terms used but not defined herein have the meanings given to them in the *Motion of Debtors Pursuant to PROMESA Section 317 and Bankruptcy Code Section 105(a) for Entry of Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 716] (the "Motion") or *Revised Motion of Debtors for Order Approving Stipulation Providing Procedure to Resolve Commonwealth-COFINA Dispute* [ECF No. 718], as applicable.

[3] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

2

consists solely of sales and use taxes (the "SUTs") ultimately determined to be property of COFINA. If COFINA does not pay the expenses required to defend against the Commonwealth Agent's assertion that the SUTs belong to the Commonwealth and not COFINA, COFINA will default, lose, and have no assets. All the professional fees charged to COFINA will arise out of the creation of the protocol to deal with the dispute and the actual litigation, mediation, and negotiation of the dispute. Manifestly, all of such efforts are essential components of COFINA's need to vindicate its claim to the SUTs. Indeed, COFINA's Title III case cannot be prosecuted without its Professionals, including counsel to the COFINA Agent, the Oversight Board, and AAFAF, being compensated.[4] Pursuant to PROMESA sections 316 and 317, each debtor is obligated to pay professional fees allocated to it. Accordingly, allowed professional fees of COFINA are a valid obligation of COFINA. COFINA, therefore, can, and must, pay such Professionals.

2. Because it is impossible to confirm a plan if allowed administrative claims are not paid, it became common practice in chapter 11 cases, including cases where all the debtor's assets are encumbered, that professionals are be paid from the debtor's estate. Even in cases that convert to liquidation, it is common to have a 'carve-out' to pay professional fees. In addition, PROMESA section 316 does not prevent the Court from approving professional fees in cases where all assets of a debtor are encumbered. To be sure, the Commonwealth also has an interest in COFINA resolving the Commonwealth-COFINA Dispute and in restructuring to whatever

---

[4] The revised proposed order to the Motion, filed contemporaneously herewith, clarifies that professional fees and expenses will be paid by "Debtors in whose cases such Professionals are retained and/or employed . . . ." Only the COFINA Agent's, the Oversight Board's, and AAFAF's Professionals would be paid by COFINA since no statutory committee was appointed [ECF No. 339].

3

extent necessary. Therefore, if COFINA does not pay the allowed administrative expenses against it, the Commonwealth should do so because COFINA is its instrumentality.

3. <u>Notice Party</u>. The Mutual Fund Group requests to be added as a Notice Party so it may receive Monthly Fee Statements and object thereto, which leads to preventing payment to Professionals until the objections are resolved. No party, however, is prejudiced by not receiving Monthly Fee Statements because all creditors have opportunities to object to Interim Fee Applications when they are filed every four months. At that time, there will be a fee examiner who will have screened all the fees before the hearings. Allowing the Mutual Fund Group to be a Notice Party would mean that any creditor can be a Notice Party. In turn, that would mean the Professionals are subject to having their monthly invoices unpaid due to objections from any of hundreds or thousands of creditors. We respectfully submit that would be unfair to all the Professionals and render it a huge burden to carry these cases until all objections are resolved. As explicitly set forth in the Motion, Professionals will file Interim Fee Applications approximately every four months, seeking interim approval of fees and expenses covered by earlier Monthly Fee Statements. *See* Motion ¶15(i). All parties in interest, including the Mutual Fund Group, will have sufficient notice and opportunity to review and, as appropriate, object to such applications if they are dissatisfied with the fee examiner's review. Accordingly, the Court should not afford individual creditors the opportunity to cause monthly disruption to the Debtors' cases, and distract their Professionals from focusing on issues pertinent to the Debtors' restructuring, when they suffer no prejudice. Therefore, all requests to be added to the list of Notice Parties should be denied.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Debtors respectfully request the Court to (a) grant the Motion, (b) overrule the Limited Objection, and (c) grant the Debtors such other relief as is just.

Dated: August 4, 2017
    San Juan, Puerto Rico

Respectfully submitted,

*/s/*   Martin J. Bienenstock

Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Maja Zerjal
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

5