**Hearing Date and Time: October 4, 2017, 9:30 a.m. EDT**
**Objection Deadline: September 22, 2017, 4:00 p.m. EDT**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF**
**RETIRED EMPLOYEES OF THE COMMONWEALTH**
**OF PUERTO RICO FOR ORDER APPROVING THE**
**EMPLOYMENT OF FTI CONSULTING, INC.**

The Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") hereby submits this application (this "**Application**") for entry of an order to employ the firm of FTI Consulting, Inc., together with certain of its wholly-owned subsidiaries ("**FTI**"),[2] as financial advisor to the Retiree Committee effective as of June 27, 2017, pursuant to sections 105(a) and 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), made applicable to these cases pursuant to *Puerto Rico Oversight, Management, and Economic Stability*

---

[1] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

[2] As discussed in greater detail below, for purposes of this Application, FTI does not include Compass Lexecon, LLC ("**CL**"), a subsidiary of FTI.

*Act*, 48 U.S.C. § 2161(a) ("**PROMESA**") section 301(a).[3] In support of this Application, the Retiree Committee submits the Declaration of Steven Simms of FTI attached hereto as Exhibit A (the "**Simms Declaration**"). In further support of this Application, the Retiree Committee states as follows:

### Jurisdiction and Venue

1. The United States District Court for the District of Puerto Rico (the "**Court**") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2. Venue is proper pursuant to PROMESA section 307(a).

3. The statutory bases for the relief requested herein are Bankruptcy Code sections 105(a) and 1103(a), each made applicable pursuant to PROMESA section 301(a).

### Background

4. On May 3, 2017, the Commonwealth of Puerto Rico (the "**Commonwealth**"), by and through the Financial Oversight and Management Board for Puerto Rico (the "**Oversight Board**"), as the Commonwealth's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

5. On May 5, 2017, the Puerto Rico Sales Tax Financing Corporation ("**COFINA**"), by and through the Oversight Board, as COFINA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

6. On May 21, 2017, the Puerto Rico Highways and Transportation Authority ("**HTA**"), by and through the Oversight Board, as HTA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

---

[3] PROMESA is codified at 48 U.S.C. §§ 2101–2241. Unless otherwise noted, all Bankruptcy Code sections cited in this Application are made applicable to these Title III Cases (as defined below) by PROMESA section 301(a).

7. On May 21, 2017, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**"), by and through the Oversight Board, as ERS's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

8. Through Orders of this Court, the Commonwealth, COFINA, HTA, and ERS title III cases (the "**Title III Cases**") are jointly administered for procedural purposes only, pursuant to PROMESA section 304(g) and Bankruptcy Rule 1015, made applicable to these Title III Cases by PROMESA section 310. (*See* Dkt. Nos. 242, 537).

9. On May 5, 2017, the Ad Hoc Committee for the Protection of Accrued Retirement Benefits of Puerto Rico's Public Employees and Retirees (the "**Ad Hoc Retiree Committee**") filed a motion seeking the appointment of an official committee of retired employees. (Dkt. No. 8.) On May 19, 2017, Guy G. Gebhardt, Acting United States Trustee for Region 21 (the "**U.S. Trustee**") filed a response in opposition to the Ad Hoc Committee's motion. (Dkt. No. 192.)

10. On June 15, 2017, U.S. Trustee, pursuant to section 1102(a)(1) of the Bankruptcy Code, appointed nine individuals to the Retiree Committee: Blanca Paniagua; Carmen Nunez; José Marin; Juan Ortiz; Lydia Pellot; Marcos A. Lopez; Miguel Fabre; Milagros Acevedo; and Rosario Pacheco.

11. On June 16, 2017, the Retiree Committee selected Jenner & Block LLP and Bennazar, García & Milián, C.S.P. to represent the Retiree Committee as its counsel. On June 27, 2017, the Retiree Committee selected FTI Consulting, Inc. as its financial advisor. Also on June 27, 2017, the Retiree Committee selected Segal Consulting ("**Segal**") to serve as consultants and actuaries.

**Relief Requested**

12. Section 1103(a) of the Bankruptcy Code provides that a committee appointed under section 1102 of the Bankruptcy Code may, "with the court's approval . . . select and authorize the employment by such committee of one or more attorneys, accountants, or other agents to represent or perform services for such committee." 11 U.S.C. § 1103(a). By this Application, the Retiree Committee seeks authority from this Court to employ FTI as its financial advisor effective as of June 27, 2017, under section 1103(a) of the Bankruptcy Code, to serve the Retiree Committee in the Title III Cases.[4] The Retiree Committee requests that FTI be employed to perform the services described and on the terms set forth in this Application.

**FTI's Qualifications**

13. The Retiree Committee selected FTI as its financial advisor because FTI has a wealth of experience in providing financial advisory services in restructurings and reorganizations, including those involving municipalities, and enjoys an excellent reputation for services it has rendered on behalf of debtors and creditors throughout the United States. The Retiree Committee is familiar with the professional standing and reputation of FTI. FTI is a global business advisory firm with more than 4,000 professionals in 80 cities around the world, and is well positioned to represent the Retiree Committee.

14. The services of FTI are necessary to enable the Retiree Committee to evaluate any proposed modifications to the retirees' benefits and to negotiate with the Commonwealth

---

[4] In a chapter 11 case, a committee appointed under section 1102 of the Bankruptcy Code ordinarily would seek authority to employ a financial advisor pursuant to section 328 of the Bankruptcy Code. Because PROMESA does not incorporate section 328 of the Bankruptcy Code, the Retiree Committee moves for approval of this Application pursuant to sections 105(a) and 1103(a) of the Bankruptcy Code. *See* PROMESA § 301(a) (omitting sections 327 and 328 of the Bankruptcy Code from incorporation into PROMESA).

4

concerning any such proposed modifications. FTI is well qualified and able to represent the Retiree Committee in a cost-effective, efficient and timely manner.

## Scope of Services

15. FTI has agreed to provide financial advisory services to the Retiree Committee subject to the terms and conditions of employment as set forth in FTI's engagement letter dated as of June 27, 2017, a copy of which is attached to the Simms Declaration as Exhibit 1 (together with the Terms and Conditions attached thereto, the "**Engagement Contract**"), including any indemnification provisions set forth therein. Among other things, FTI will provide such financial advisory services to the Retiree Committee and its legal counsel as they deem appropriate and feasible in order to advise the Retiree Committee in the course of these Title III Cases, including but not limited to the following:

    a.    Assistance in the review and analysis of financial projections of the Commonwealth or relevant territorial instrumentalities, including, but not limited to, the certified Fiscal Plan, cash flow projections, annual budgets, business plans, and any material proposed transactions;

    b.    Assistance with the assessment and monitoring of the Commonwealth's short term cash flow, liquidity, and operating results;

    c.    Attendance at meetings and assistance in discussions with the Oversight Board, the Commonwealth, potential investors, banks, other secured lenders, the official committee of unsecured creditors, and any other official committees organized in these Title III Cases, other parties in interest and professionals hired by the same, as requested;

    d.    Assistance in coordination with Segal in the evaluation of any proposed modifications to retirees' benefits, including review and analysis of underlying assumptions, and any other relevant information utilized to support proposed modifications;

    e.    Assistance in coordination with Segal in the assessment of the financial impact of any proposed modifications of the retirees' benefits on the retired employees as well as the Commonwealth, and any resultant claims;

    f.    Assistance in negotiating with the Oversight Board, the Commonwealth, and any other constituents regarding proposed modifications to and any matters that may affect retirees' benefits and resultant claims;

    g.    Assistance in the prosecution of the Retiree Committee responses/objections to the Commonwealth's motions, including attendance at depositions and provision of declarations, expert reports and court testimony on case issues as required by the Retiree Committee;

    h.    Assistance in the review and analysis of the Commonwealth's exit strategy, including plan of adjustment, as appropriate;

    i.    Assistance in the development and execution of communications strategies that educate key stakeholders on the issues to be addressed in the case, provide context around key milestones and Court decisions, and counter any misinformation that may be communicated by other parties in the case; and to

    j.    Render such other general business consulting or such other assistance as the Retiree Committee or its counsel may deem necessary and not duplicative of services provided by other professionals in this proceeding.

### No Duplication of Services

16.    By separate application, the Retiree Committee has also filed an application for authority to retain Segal to provide certain actuarial services to the Retiree Committee. The services that Segal is to provide to the Retiree Committee are separate and distinct from the financial advisory services that FTI will be providing to the Retiree Committee. In order to ensure that there is no unnecessary duplication of services by either firm during the pendency of these Title III Cases, FTI and Segal will coordinate on the services they are providing to the Retiree Committee.

### Terms of Retention

17.    The Retiree Committee understands that FTI intends to apply to the Court for allowances of compensation and reimbursement of expenses for its financial advisory services in connection with the Title III Cases pursuant to any procedures established and required by PROMESA, the Local Rules (including Local Rule 2016-1), the Court and the U.S. Trustee.

18. FTI seeks to be compensated on an hourly fee basis based on its ordinary and customary rates in effect, plus reimbursement of actual and necessary out-of-pocket expenses incurred by FTI, including any reasonable legal fees incurred by FTI related to FTI's employment and defense of fee applications in these Title III Cases, subject to Court approval.

19. The ordinary and customary hourly rates currently in effect charged by FTI professionals anticipated to be assigned to these Title III Cases are as follows:

|  | Per Hour (USD) |
|---|---|
| Senior Managing Directors | $695 - $1,170 |
| Directors/Sr. Directors/Managing Directors | $530 – $980 |
| Consultants/Senior Consultants | $310 - $750 |
| Administrative/Paraprofessionals/Associates | $120 - $265 |

20. The Retiree Committee submits that such rates are reasonable and should be approved by the Court subject to a determination of the amount to be paid to FTI upon application for allowance. The Retiree Committee requests that all fees and related costs and expenses incurred by FTI be paid as administrative expenses pursuant to PROMESA sections 316 and 317 and section 503(b) of the Bankruptcy Code.

### FTI's Eligibility for Employment

21. As described in the Simms Declaration, FTI has conducted a search of its conflicts database and has made other internal inquiries about connections with certain Potentially Interested Parties (as defined in the Simms Declaration and attached thereto as Exhibit 3). The Simms Declaration sets forth the scope of the search and those inquires and their results.

22. The Retiree Committee believes that none of FTI's connections to Potentially Interested Parties disqualify FTI from serving as financial advisor to the Retiree Committee. Based upon the Engagement Contract and Simms Declaration, the Retiree Committee believes that FTI is disinterested. FTI and its employees do not hold or represent any interest adverse to the Title

7

III Cases or the Debtors, and FTI is not by virtue of any services provided by CL (as discussed below), representing any other entity having an adverse interest in connection with these Title III Cases while employed by the Retiree Committee. The disclosures by FTI set forth in the Simms Declaration have been made based upon a review of the best information available at the time. FTI has agreed to review its files periodically during and at the conclusion of its employment in these Title III Cases to identify any additional connections and, to the extent that any are discovered, will file a supplemental declaration setting forth the additional disclosures required by Bankruptcy Rule 2014(a) made applicable to the Title III Cases by PROMESA section 310.

23. FTI has advised the Retiree Committee of the following:

- Prior to July 2015, FTI provided services to the Government of Puerto Rico (as defined in PROMESA), including the Government Development Bank, the Puerto Rico Highways and Transportation Authority, the Puerto Rico Electric Power Authority ("**PREPA**") and the Puerto Rico Aqueduct and Sewer Authority;

- FTI's Clinical Research and Compliance Practice has provided services with respect to unrelated issues to the University of Puerto Rico in a project completed by May 31, 2017;

- FTI's Technology segment continues to provide unrelated data hosting and processing services to PREPA (the "**FTI Tech Engagement**");

- FTI is not owed any amounts by the Debtors with respect to pre-petition fees and expenses;

- No FTI employees professionals, experts and staff (collectively, the "**FTI Professionals**") participating in the FTI Tech Engagement will participate in the services to be provided by FTI to the Retiree Committee (the "**FTI Retiree Committee Engagement**") and no FTI Professionals participating in the FTI Retiree Committee Engagement will participate in the FTI Tech Engagement.

8

> In an abundance of caution, FTI will establish an ethical wall between the FTI Professionals participating in the FTI Tech Engagement and the FTI Retiree Committee Engagement; and

- As set forth in greater detail in the Engagement Letter and Simms Declaration, in addition, CL has previously provided, continues to provide and may in the future be engaged to provide economic consulting services to the Government of Puerto Rico (the "**CL Economic Consulting Engagement**"). CL is a separate legal entity from FTI, with separate information technology infrastructure. The CL employees, professionals, experts and staff (the "**CL Professionals**") currently rendering services to the Government of Puerto Rico reside in a stand-alone office separate from FTI and the FTI Professionals. Such CL Professionals will not provide services in connection with the FTI Retiree Committee Engagement or the FTI Tech Engagement, nor will FTI Professionals (including those providing services in connection with the FTI Retiree Committee Engagement and the FTI Tech Engagement) provide services in connection with the CL Economic Consulting Engagement. In an abundance of caution, FTI and CL will establish an ethical wall to ensure that client confidences and information are kept separate from the respective engagement teams.

24. The Retiree Committee believes that the employment of FTI would be in the best interests of the Retiree Committee and desires to employ FTI, effective as of June 27, 2017, with compensation to be determined upon application to the Court.

## Notice

25. Notice of this Application has been given in accordance with this Court's *Order (A) Imposing and Rendering Applicable Local Bankruptcy Rules to These Title III Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief,* as amended (Dkt. Nos. 249, 262).

WHEREFORE, the Retiree Committee respectfully requests the entry of an Order in the form attached hereto as <u>Exhibit B</u>: (i) authorizing and approving the employment by the Retiree Committee of FTI as its financial advisor for the express purposes set forth herein, effective as of June 27, 2017, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by this Court pursuant to PROMESA sections 316 and 317, section 503(b) of the Bankruptcy Code, and any order of this Court governing the compensation and reimbursement of professionals' fees and expenses; and (ii) granting such other and further relief as this Court deems just and proper.

| | |
|---|---|
| August 4, 2017 | Respectfully submitted, |
| JENNER & BLOCK LLP | BENNAZAR, GARCÍA & MILIÁN, C.S.P. |
| By: | By: |
| */s/ Robert Gordon* | */s/ A.J. Bennazar-Zequeira* |
| Robert Gordon (admitted *pro hac vice*)<br>Richard Levin (admitted *pro hac vice*)<br>919 Third Ave<br>New York, NY 10022-3908<br>rgordon@jenner.com<br>rlevin@jenner.com<br>212-891-1600 (telephone)<br>212-891-1699 (facsimile) | A.J. Bennazar-Zequeira<br>Edificio Union Plaza<br>PH-A piso 18<br>Avenida Ponce de León #416<br>Hato Rey, San Juan<br>Puerto Rico 00918<br>ajb@bennazar.org<br>787-754-9191 (telephone)<br>787-764-3101 (facsimile) |
| Catherine Steege (admitted *pro hac vice*)<br>Melissa Root (admitted *pro hac vice*)<br>353 N. Clark Street<br>Chicago, IL 60654<br>csteege@jenner.com<br>mroot@jenner.com<br>312-222-9350 (telephone)<br>312-239-5199 (facsimile) | *Proposed Counsel for The Official Committee of Retired Employees of Puerto Rico* |