# *Exhibit A*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### DECLARATION OF STEVEN SIMMS IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO FOR ORDER APPROVING THE EMPLOYMENT OF FTI CONSULTING, INC.

I, Steven Simms, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

1.   I am a Senior Managing Director with FTI Consulting, Inc., together with certain of its wholly-owned subsidiaries ("**FTI**"),[2] an international consulting firm. The Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") respectfully requests the entry of an Order: (i) authorizing and approving the

---

[1] The Debtors in these jointly-administered PROMESA title III cases (these "**Title III Cases**"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

[2] For purposes of this Declaration, as discussed in greater detail in Paragraph 7 below, FTI does not include Compass Lexecon LLC ("**CL**"), a subsidiary of FTI.

employment by the Retiree Committee of FTI as its financial advisor for the express purposes set forth herein, effective as of June 27, 2017, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by this Court pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act*, 48 U.S.C. § 2161(a) ("**PROMESA**")[3] sections 316 and 317, section 503(b) of the Bankruptcy Code, and any order of this Court governing the compensation and reimbursement of professionals' fees and expenses; and (ii) granting such other and further relief as this Court deems just and proper. I submit this Declaration on behalf of FTI (the "**Declaration**") in support of the application (the "**Application**") of the Retiree Committee for an order authorizing the employment of FTI as financial advisor effective as of June 27, 2017, under the terms and conditions set forth in the engagement letter and the standard terms and conditions attached thereto (collectively, the "**Engagement Contract**") attached hereto as Exhibit 1. Except as otherwise noted,[4] I have personal knowledge of the matters set forth herein.

2. As required by Rule 2014-1(a) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "**Local Rules**"), I attach hereto, collectively as Exhibit 2, the *curricula vitae* for myself and Sean Gumbs.

### FTI's Eligibility for Employment

3. In connection with the preparation of this Declaration, FTI conducted a review of its contacts with the Debtors, their affiliates and certain entities holding large claims against or interests in the Debtors that were made reasonably known to FTI (collectively, the "**Potentially Interested Parties**"). A listing of the Potentially Interested Parties reviewed is reflected on

---

[3] PROMESA is codified at 48 U.S.C. §§ 2101–2241. Unless otherwise noted, all Bankruptcy Code sections cited in this Application are made applicable to these Title III Cases (as defined below) by PROMESA section 301(a).

[4] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at FTI and are based on information provided by them.

2

Exhibit 3 to this Declaration. FTI's review, completed under my supervision, consisted of a query of such Potentially Interested Parties within an internal computer database containing names of individuals and entities that are present or recent former clients of FTI. The relationships that FTI identified during this process is set forth on Exhibit 4 to this Declaration.

4. Based on the results of its review, except as otherwise discussed herein, FTI does not have a relationship with any of the parties on Exhibit 3 in matters related to these proceedings.

5. My connections and FTI's connections with the Debtors, any creditor or other party in interest, their respective attorneys and accountants, the United States trustee (the "**U.S. Trustee**"), or any person employed by the U.S. Trustee are as set forth below.

6. FTI has provided and could reasonably expect to continue to provide services unrelated to the Debtors' cases for the various entities shown on Exhibit 4. FTI's assistance to these parties has been related to providing various financial restructuring, litigation support, technology, strategic communications, and economic consulting services. To the best of my knowledge, FTI does not hold or represent any interest adverse to the estate, nor does FTI's involvement in these Title III Cases compromise its ability to continue such consulting services.

7. As set forth on Exhibit 4,

- Prior to July 2015, FTI provided services to the Government of Puerto Rico (as defined in PROMESA), including the Government Development Bank, the Puerto Rico Highways and Transportation Authority, the Puerto Rico Electric Power Authority ("**PREPA**") and the Puerto Rico Aqueduct and Sewer Authority;

- FTI's Clinical Research and Compliance Practice has provided services with respect to unrelated issues to the University of Puerto Rico in a project completed by May 31, 2017;

- FTI's Technology segment continues to provide unrelated data hosting and processing services to PREPA (the "**FTI Tech Engagement**"); and

3

- Upon information and belief, CL, a subsidiary of FTI, has previously provided, continues to provide and may in the future be engaged to provide economic consulting services to the Government of Puerto Rico (the "**CL Economic Consulting Engagement**").  CL is a separate legal entity from FTI, with separate information technology infrastructure.  The CL employees, professionals, experts and staff (the "**CL Professionals**") currently rendering services to the Government of Puerto Rico reside in a stand-alone office separate from FTI and its employees, professionals, experts and staff (the "**FTI Professionals**") including those rendering services as part of the FTI Tech Engagement and FTI's engagement on behalf of the Retiree Committee (the "**FTI Retiree Committee Engagement**").  In an abundance of caution, in order to maintain the confidentiality of the client information obtained in connection with the FTI Tech Engagement, the CL Economic Consulting Engagement, and the FTI Retiree Committee Engagement, FTI will protect the client information through the use of its ethical wall and confidentiality agreement procedures as set forth below.  In conjunction with the foregoing, FTI has established and will maintain the following internal procedures in which (i) each FTI Professional on the FTI Retiree Committee Engagement and each FTI Professional on the FTI Tech Engagement shall and (ii) each FTI Professional on the FTI Retiree Committee Engagement and on the FTI Tech Engagement and each CL Professional on the CL Economic Consulting Engagement shall, in each instance (i) and (ii) above, execute a confidentiality letter acknowledging that he or she may receive certain nonpublic information and shall execute an ethical wall agreement acknowledging that he or she is aware of the information wall in effect and will follow the information wall procedures therein. No FTI Professionals participating in the FTI Tech Engagement will participate in the FTI Retiree Committee Engagement and no FTI Professionals participating in the FTI Retiree Committee Engagement will participate in the FTI Tech Engagement.  No CL Professionals will participate in the FTI Retiree Committee Engagement or the FTI Tech Engagement and no FTI Professionals including those participating in the FTI Retiree Committee Engagement and the FTI Tech Engagement will participate in the CL Economic Consulting Engagement.

4

8. Further, as part of its diverse practice, FTI appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtors' Title III Cases. Also, FTI has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been represented by several attorneys, law firms and financial institutions, some of whom may be involved in these proceedings.

9. In addition, FTI has in the past, may currently and will likely in the future be working with or against other professionals involved in these Title III Cases in matters unrelated to the Debtors and these Title III Cases. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests adverse to the estate, and none are in connection with these Title III Cases.

10. FTI is not believed to be a "Creditor" with respect to fees and expenses of any of the Debtors within the meaning of section 101(10) of the Bankruptcy Code. According to FTI's books and records, during the ninety day period prior to the Debtors' petition date, FTI performed no professional services or incurred any reimbursable expenses on behalf of the Debtors except as discussed herein and FTI is not owed any amounts by the Debtors with respect to pre-petition fees and expenses. Further, neither I nor any other member of the FTI Retiree Committee Engagement, to the best of my knowledge, is a direct holder of any outstanding debt instruments issued by any of the Debtors.

11. I am not related to, and, to the best of my knowledge, no other employee of FTI is related to, any United States Bankruptcy Judge of the District of Puerto Rico, any of the District Judges for the District of Puerto Rico, presiding Judge Swain, Judge Dein, any of the mediators

5

appointed in the Title III Cases, the United States Trustee for Region 21, or any employee in the Office of the United States Trustee for Region 21.

12. Based on the foregoing, although not required by PROMESA, I believe that I am, and each FTI Professional is, a "disinterested person" as that term is defined in 11 U.S.C. § 101(14); that neither I nor any FTI Professional holds or represents any interest adverse to the Debtors' estates; and that FTI does not provide services to parties with any interest adverse to the Debtors' estates, except as otherwise specified in this Declaration.[5]  Accordingly, I submit that FTI is not disqualified for employment by the Retiree Committee to serve it in these Title III Cases.

13. It is FTI's policy and intent to review its files periodically during and at the conclusion of its employment in these Title III Cases to identify any additional connections and additional information regarding creditors or Potentially Interested Parties. I will amend this Declaration immediately upon my learning that: (a) any of the representations made herein are incorrect, or (b) there is any change of circumstance relating thereto.

**Professional Compensation**

14. FTI will seek payment for compensation on an hourly basis, plus reimbursement of actual and necessary out-of-pocket expenses incurred by FTI, including legal fees related to the Application and future fee applications as approved by the court. FTI's ordinary and customary hourly rates as charged in bankruptcy and non-bankruptcy matters of this type by the professionals assigned to this engagement are outlined in the Application for the employment of FTI. These hourly rates are adjusted periodically.

15. I have reviewed the provisions of Local Rule 2016-1 and other applicable statutes and FTI will apply for compensation for professional services rendered and reimbursement of

---

[5] FTI reserves its right to assert that the requirements of sections 328(c) and 1103(b) do not apply to financial advisors in these Title III Cases.

expenses incurred in connection with theses Title III Cases in compliance with PROMESA sections 316 and 317 and pursuant to any procedures established and required by PROMESA, the Local Rules, the Court, and the U.S. Trustee.

16. To the best of my knowledge, a) no commitments have been made or received by FTI with respect to compensation or payment in connection with these Title III Cases other than in accordance with the provisions of the Bankruptcy Code and PROMESA and b) FTI has no agreement with any other entity to share with such entity any compensation received by FTI in connection with these Title III Cases.

[SIGNATURE PAGE FOLLOWS]

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 1, 2017

_____
Steven Simms