**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors. | PROMESA<br>Title III<br><br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>PUERTO RICO SALES TAX FINANCING<br>CORPORATION ("COFINA"),<br><br>    Debtors. | PROMESA<br>Title III<br><br><br>No. 17 BK 3284-LTS<br><br><br><br>This Document relates to<br>COFINA Title III Case only |

**RESPONSE OF THE COFINA SENIOR BONDHOLDERS' COALITION
TO THE INFORMATIVE MOTION OF OFFICIAL COMMITTEE OF
UNSECURED CREDITORS REGARDING APPLICABILITY OF
BANKRUPTCY RULE 2019 TO TITLE III CASES AND FURTHER
<u>PROPOSED AMENDMENT TO CASE MANAGEMENT ORDER</u>**

The COFINA Senior Bondholders' Coalition[1] hereby submits this statement in response to the *Informative Motion (the "Informative Motion")*[2] *of the Official Committee of Unsecured Creditors Regarding the Applicability of Bankruptcy Rule 2019 to Title III Cases and Further Proposed Amendment to the Case Management Order* [Docket No. 850],[3] and respectfully represents as follows:

## STATEMENT

1.      On July 26, 2017, the Court entered its *Order Regarding the Applicability of F.R.B.P. 2019 to the Title III Cases and a Further Proposed Amendment to the Case Management Order* [Docket No. 754] (the "Order").  Among other things, the Order (i) stated that the disclosure requirements of Rule 2019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") applied to the Title III Cases, (ii) proposed an amendment to the Case Management Order [Docket No. 262-1] governing the Title III Cases, and (iii) provided that "[e]very group, committee and entity described in Federal Rule of Bankruptcy Procedure 2019(b)(1) (each, a 'Rule 2019(b)

---

[1]      The COFINA Senior Bondholders' Coalition are comprised of José F. Rodríguez Perelló, Fideicomiso Plaza and the following institutional holders of the COFINA senior bonds:  Aristeia Horizons, L.P.; Canary SC Master Fund, L.P.; Canyon Capital Advisors LLC (on behalf of its participating clients); River Canyon Fund Management LLC (on behalf of its participating clients); Crescent 1, L.P.; CRS Master Fund, L.P.; Cyrus Opportunities Master Fund II, Ltd.; Cyrus Select Opportunities Master Fund, Ltd.; Cyrus Special Strategies Master Fund, L.P.; Decagon Holdings 1, L.L.C.; Decagon Holdings 2, L.L.C.; Decagon Holdings 3, L.L.C.; Decagon Holdings 4, L.L.C.; Decagon Holdings 5, L.L.C.; Decagon Holdings 6, L.L.C.; Decagon Holdings 7, L.L.C.; Decagon Holdings 8, L.L.C.; Decagon Holdings 9, L.L.C.; Decagon Holdings 10, L.L.C.; GoldenTree Asset Management LP; Merced Partners Limited Partnership; Merced Partners IV, L.P.; Merced Partners V, L.P.; Pandora Select Partners, L.P.; SB Special Situation Master Fund SPC, Segregated Portfolio D; Scoggin International Fund Ltd.; Scoggin Worldwide Fund Ltd.; Taconic Master Fund 1.5 L.P.; Taconic Opportunity Master Fund L.P.; Tilden Park Investment Master Fund LP; Värde Credit Partners Master, L.P.; Värde Investment Partners, L.P.; Värde Investment Partners (Offshore) Master, L.P.; The Värde Skyway Master Fund, L.P; Whitebox Asymmetric Partners, L.P.; Whitebox Institutional Partners, L.P.; Whitebox Multi-Strategy Partners, L.P.; and Whitebox Term Credit Fund I L.P.

[2]      Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Informative Motion.

[3]      Unless otherwise noted, docket number citations are to the docket maintained in the lead Title III Case, the Financial Oversight and Management Board, as representative of the Commonwealth of Puerto Rico, *et al.*, Case No. 17-BK-3283-LTS.

Group') that, on or before August 9, 2017, has taken a position before the Court must file a verified statement that complies with the disclosure requirements enumerated by Federal Rule of Bankruptcy Procedure 2019 by August 16, 2017 at 5:00 p.m. (prevailing Eastern Time)."  The Order also provided that "responses or objections to the Proposed Amendment must be filed, in the form of an informative motion not to exceed five (5) pages, no later than August 2, 2017."[4]

2.    On August 2, 2017, the Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico (the "Commonwealth UCC") filed its Informative Motion requesting that the Court direct each Rule 2019(b) Entity to disclose all of its Bond Claims (including CUSIP-level detail) against all Title III Debtors (regardless of whether the entity seeks to participate in all Title III Cases), and whether its Bond Claims are insured by bond insurance provided by a Monoline Insurer and, if so, disclose the specific face amount by CUSIP number that are so insured, and further disclose any investment in or claims against a Monoline Insurer. The Commonwealth UCC's request is overreaching, improper, and should be denied for the following reasons.

3.    *First*, unless and until the Court enters an order directing otherwise, the Commonwealth UCC has standing to be heard only in the Commonwealth Title III Case, not the COFINA Title III Case.  *See* Memorandum Granting Urgent Motion of Official Committee of Unsecured Creditors to Expedite Consideration of Motion for Leave to Intervene and Denying Motion for Leave to Intervene Under Bankruptcy Rule 7024 [Docket No 301, Adv. Proc. No. 17-

---

[4]    The COFINA Senior Bondholders' Coalition had previously filed its Verified Statement pursuant to Federal Rule of Bankruptcy Procedure 2019 on July 24, 2017 [Docket No. 205 in Case No. 17-3284 and Docket No. 749 in Case No. 17-3283] (the "COFINA Seniors' 2019 Statement").  Although the COFINA Senior Bondholders' Coalition seek to participate as creditors only in the COFINA Title III Case, the COFINA Seniors' 2019 Statement was filed in both the COFINA and Commonwealth Title III Cases to comply with the Court's Order directing joint administration of the Title III Cases [Docket No. 242] at ¶ 5 (directing parties to file pleadings applicable to only one debtor in both the lead Commonwealth Title III Case and the applicable debtor's Title III Case).

133-LTS] (noting that the Commonwealth UCC is not a creditor of COFINA and, thus, it does not have standing to be heard in the COFINA Title III Case).  The scope of a committee's statutory mandate under section 1103 of the Bankruptcy Code is specifically circumscribed to the committee's particular debtor.  Nothing in the Bankruptcy Code or PROMESA provides the Commonwealth UCC with the license to freelance across Title III Cases as it sees fit.  Accordingly, unless and until the Court rules otherwise, the Commonwealth UCC should be directed to cease seeking relief in the COFINA Title III Case.[5]

4.      **Second**, the Commonwealth UCC's requested disclosures seek to re-write Bankruptcy Rule 2019 by engrafting disclosures not required under that Rule.  The COFINA Seniors' 2019 Statement faithfully complies with the requirements of Bankruptcy Rule 2019 as it provides the nature and amount of disclosable economic interests held in relation to COFINA of each member of the COFINA Senior Bondholders' Coalition.  Nothing more is required.  The Commonwealth UCC appears to be engaged in a campaign of harassment of COFINA bondholders who seek to participate in the COFINA Title III Case consistent with the rules promulgated by the Supreme Court.  As stated in the COFINA Seniors' 2019 Statement, the undersigned counsel does not represent members of the COFINA Senior Bondholders' Coalition, individually or collectively, with respect to any investments one or more may have in entities other than COFINA.

5.      For the foregoing reasons, the Court should deny the Commonwealth UCC's request to expand the requirements of Bankruptcy Rule 2019.

---

[5]     Pending before the Court is the Oversight Board's Revised Motion for Order Approving Stipulation Providing Procedure to Resolve Commonwealth-COFINA Dispute [Docket No. 718] (the "Commonwealth-COFINA Protocol Motion").  Pursuant to the Commonwealth-COFINA Protocol Motion, the Commonwealth UCC would be appointed the "Commonwealth Agent" for purposes of the Commonwealth-COFINA dispute.  *See id.*  The role of the Commonwealth Agent is **limited** in scope to resolution of the Commonwealth-COFINA Dispute, as such term is carefully defined by parties to the proposed Stipulation.  It would not give the Commonwealth Agent carte blanche to be heard on any other issue in the COFINA Title III Case.

## CONCLUSION

WHEREFORE, the COFINA Senior Bondholders' Coalition respectfully requests that the

Court enter an order (a) denying the Commonwealth UCC's Informative Motion, and (b) granting

the COFINA Senior Bondholders' Coalition such other and further relief as is just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, August 4, 2017.

| | |
|---|---|
| **REICHARD & ESCALERA** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| **By:**  */s/ Rafael Escalera* | |
| **Rafael Escalera** | **Susheel Kirpalani** (*pro hac vice*) |
| USDC No. 122609 | susheelkirpalani@quinnemanuel.com |
| escalera@reichardescalera.com | |
| | **Eric Winston** (*pro hac vice*) |
| */s/ Sylvia M. Arizmendi* | ericwinston@quinnemanuel.com |
| **Sylvia M. Arizmendi** | |
| USDC-PR 210714 | **Daniel Salinas** |
| arizmendis@reichardescalera.com | USDC-PR 224006 |
| | danielsalinas@quinnemanuel.com |
| */s/ Fernando Van Derdys* | |
| **Fernando Van Derdys** | **Eric Kay** (*pro hac vice*) |
| USDC-PR 201913 | erickay@quinnemanuel.com |
| fvander@reichardescalera.com | |
| | **Kate Scherling** (*pro hac vice*) |
| */s/ Carlos R. Rivera-Ortiz* | katescherling@quinnemanuel.com |
| **Carlos R. Rivera-Ortiz** | |
| USDC-PR 303409 | **Brant Duncan Kuehn** (*pro hac vice*) |
| riverac@reichardescalera.com | brantkuehn@quinnemanuel.com |
| */s/ Gustavo A. Pabón-Rico* | |
| **Gustavo A. Pabón-Rico** | 51 Madison Avenue, 22nd Floor |
| USDC-PR 231207 | New York, New York 10010-1603 |
| pabong@reichardescalera.com | |
| 255 Ponce de León Avenue | |
| MCS Plaza, 10th Floor | |
| San Juan, Puerto Rico 00917-1913 | |

*Co-Counsel to the COFINA Senior Bondholders' Coalition*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the parties of record.

<u>/s/ *Carlos R. Rivera-Ortiz*   </u>
USDC-PR 303409