# EXHIBIT A

# REVISED PROPOSED ORDER

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------- x
                                                                       :
In re:                                                                 :
                                                                       :
THE FINANCIAL OVERSIGHT AND                                            : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                      : Title III
                                                                       :
    as representative of                             : Case No. 17-BK-3283 (LTS)
                                                                       :
THE COMMONWEALTH OF PUERTO RICO *et al.,*                              : (Jointly Administered)
                                                                       :
    Debtors.¹                                        :
---------------------------------------------------------------------- x

### ORDER, UNDER BANKRUPTCY CODE SECTIONS 105(a), 107(b), 1102(b)(3) AND 1103 AND BANKRUPTCY RULE 9018, (I) CLARIFYING SCOPE OF AND ESTABLISHING PROCEDURES IN CONNECTION WITH CREDITOR ACCESS TO INFORMATION AND (II) RETAINING PRIME CLERK LLC AS INFORMATION SERVICES AGENT IN CONNECTION THEREWITH

Upon consideration of the Motion² filed by the Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico (and other title III debtor(s) (if any) for which it acts as the official committee of unsecured creditors) (the "Committee") for an order pursuant to sections 105(a), 107(b), 1102(b)(3) and 1103 of the Bankruptcy Code and Bankruptcy Rule 9018, (i) clarifying scope of and establishing procedures in connection with creditor access to information and (ii) retaining Prime Clerk LLC as information services agent in connection therewith; the Court hereby FINDS AND DETERMINES that (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to section 306(a) of PROMESA;

---

1     The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474).

2     Capitalized terms used herein that are not otherwise defined shall have the meaning set forth in the Motion.

(ii) venue of these cases and the Motion in this district is proper pursuant to section 307(a) of PROMESA; and (iii) the Committee provided due and proper notice of the Motion and no other or further notice need be provided. The Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, and it appearing that the relief requested is in the best interests of the Commonwealth, its creditors and other parties in interest;

**IT IS HEREBY ORDERED THAT:**

1. <u>Motion</u>. The Motion is granted, as set forth herein.

2. <u>Confidential Information</u>. Without further order of the Court, neither the Committee, nor any of its members, shall be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Confidential Information[3] to any Entity except as provided in this Order (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "<u>Entity</u>").

3. <u>Privileged Information</u>. Without further order of the Court, neither the Committee, nor any of its members, shall be required pursuant to section 1102(b)(3)(A) of the

---

[3] For purposes of this Order, the term "Confidential Information" shall mean (i) all matters discussed at Committee meetings (whether or not memorialized in any minutes thereof) not generally available to the public, and (ii) all nonpublic information of, or concerning, the Debtors or any of their instrumentalities, including, without limitation, nonpublic information concerning the assets, liabilities, businesses, projections, analyses, compilations, studies, and documents of the Debtors or any of their non-Debtor instrumentalities, which is furnished, disclosed, or made known to the Committee, by the Debtors or any of their non-Debtor instrumentalities or their agents or advisors, whether intentionally or unintentionally, and in any manner, including in written form (including, any notes, summaries, compilations, memoranda, or other written materials disclosing or discussing Confidential Information, whether prepared by the Debtors or the Committee or their respective advisors), orally, or through any electronic, facsimile or computer-related communication. Confidential Information shall also include (a) any written Confidential Information that is marked confidential by the Debtors or their agents and (b) any other Confidential Information conveyed to the Committee orally that the Debtors or their advisors or other agents advise the Committee should be treated as confidential. Notwithstanding any of the foregoing, Confidential Information shall not include any information or portions of information that: (i) is or becomes generally available to the public or is or becomes available to the Committee on a non-confidential basis, in each case to the extent that such information became so available other than by a violation of a contractual, legal, or fiduciary obligation to the Debtors or any of their non-Debtor instrumentalities; or (ii) was in the possession of the Committee prior to its disclosure by the Debtors or any of their non-Debtor instrumentalities and is not subject to any other duty or obligation to maintain confidentiality.

2

Bankruptcy Code to provide access to any Privileged Information[4] to any Entity except as provided in this Order.  The Committee shall be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information is not Confidential Information, and (b) the relevant privilege is held and controlled solely by the Committee and is not subject to a joint privilege with the Debtors or any other person.

4.       <u>Protocol for Dissemination of Information to Creditors</u>.  The Committee shall implement the following protocol for providing access to information for creditors ("<u>Creditor Information Protocol</u>") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code.  The Committee shall, until the earliest to occur of dissolution of the Committee or dismissal of these Title III Cases, and a further order of the Court, set up and maintain a website.  For the sake of efficiency, economy and ease of access by creditors, the Committee shall keep creditors informed by directing them to a website the Committee will maintain with specific links for case information.  Further, in fulfillment of its obligation to solicit and receive comments from general unsecured creditors as set forth in section 1102(b)(3)(B) of the Bankruptcy Code, the Committee's website information page(s) will include contact information for the Committee's counsel, including an inquiry form to allow unsecured creditors to send questions and comments in connection with the case to the Committee's counsel.

5.       Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery shall not be governed by the terms of this Order but, rather, by any order governing such discovery; <u>provided</u>, <u>however</u>, that any information received

---

[4] For the purposes of this Order, the term "Privileged Information" shall mean any information subject to the attorney-client or some other state, federal, or other jurisdictional law privilege (including attorney work product), whether such privilege is solely controlled by the Committee or is a joint privilege with the Debtors or some other party.

by the Committee from the Debtors shall be governed by the terms of this Order and the Committee bylaws (which expressly include the Debtors as third party beneficiaries).

6. The Debtors shall assist the Committee in identifying any Confidential Information concerning the Debtors that is provided by the Debtors or their agents or professionals, or by any third party, to the Committee, its agents and professionals; <u>provided, however</u>, that the Debtors' failure to specifically designate information as "Confidential Information" shall not mean the documents, communications, information or other materials do not constitute Confidential Information.

7. <u>Creditor Information Requests.</u> Subject to paragraph 10 below, if a creditor (the "<u>Requesting Creditor</u>") submits a written request to the Committee (the "<u>Information Request</u>") for the Committee to disclose information, the Committee shall, as soon as practicable, but no more than twenty (20) business days after receipt of the Information Request, (a) provide a response to the Information Request (the "<u>Response</u>"), either by providing access to the information requested or the reasons the Information Request cannot be complied with and (b) provide the Debtors with (i) notice of the Information Request within five (5) business days of the Committee's receipt of the Information Request and (ii) a copy of the Response at least five (5) business days before it is disseminated. If the Response is to deny the Information Request because the Committee believes the Information Request implicates Confidential Information that need not be disclosed pursuant to the terms of this Order or otherwise under 11 U.S.C. § 1102(b)(3)(A), because the Debtors object to such disclosure, or because the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee and the Debtors regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be served on (i) the U.S. Trustee; (ii) the Office of the United State

4

Attorney for the District of Puerto Rico; (iii) the Oversight Board; (iv) the Puerto Rico Fiscal Agency and Financial Advisory Authority; (v) the official committee of retirees; (vi) the insurers of the bonds issued or guaranteed by the Debtors; (vii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors[5]; (viii) counsel to the Committee; and (ix) all parties that have filed a notice of appearance in the Title III Cases, and the hearing on such motion shall be noticed and scheduled in accordance with the Bankruptcy Rules, Local Rules, and procedural orders of this Court. The Committee shall not object to any Requesting Creditor's request to participate in any such hearing by telephone conference. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee or the Debtors from objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information; <u>provided, however</u>, that the log or index does not contain any Confidential Information or Privileged Information. Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an *in camera* review of any information specifically responsive to the Requesting Creditor's request that the Committee asserts is Confidential Information or Privileged Information. The Debtors shall have the right to object to any request for Confidential Information, and nothing herein shall in any way limit any of the Debtors' rights.

8. In its Response to an Information Request for access to Confidential Information, the Committee shall consider whether (a) the Requesting Creditor is willing to agree to reasonable confidentiality and trading restrictions approved by the Debtors with respect to such

---

[5] Which include the Mutual Fund Group, the Ad Hoc Group of General Obligation Bondholders, the COFINA Senior Bondholders' Coalition, and the QTCB Noteholder Group, each as such group is defined at Docket Nos.

5

Confidential Information and represents that such trading restrictions and any information-screening process complies with applicable securities laws; and (b) under the particular facts, such agreement and any information-screening process that it implements will reasonably protect the confidentiality of such information;[6] provided, however, that so long as the Committee complies with the requirements of paragraph 10 below, if the Committee elects to provide access to Confidential Information on the basis of such confidentiality and trading restrictions, the Committee shall have no responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable securities or other laws. Any disputes with respect to this paragraph shall be resolved as provided in the preceding paragraph, and, to the extent applicable, paragraph 10.

9. Exculpation. None of the Debtors, the Committee and any of their respective directors, officers, employees, members, attorneys, consultants, advisors and agents (acting in such capacity) (collectively, the "Exculpated Parties"), shall have or incur any liability to any Entity (including the Debtors and their instrumentalities) for any act taken or omitted to be taken in connection with the preparation, dissemination, or implementation of the Creditor Information Protocol, the committee website and other information to be provided pursuant to section 1102(b)(3) of the Bankruptcy Code; provided, however, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph 9 that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final non-appealable order to have constituted a breach of fiduciary duty, gross negligence, or

---

[6] 28, 68, 216, and 134, respectively.

6

willful misconduct, including, without limitation, fraud and criminal misconduct, or the breach of this Order. Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

10. <u>Release of Confidential Information of Third Parties.</u> Subject to paragraph 5 of this Order, if any Information Request implicates Confidential Information of the Debtors (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee of its own accord determines to disclose such Confidential Information to creditors, the Committee may demand (the "<u>Demand</u>") for the benefit of the Debtors' creditors: (a) if the Confidential Information is information with respect to the Debtors (or any of their non-Debtor instrumentalities), by submitting a written request, each captioned as a "Committee Information Demand," to counsel for the Debtors stating that such information will be disclosed in the manner described in the Demand unless the Debtors object to such Demand on or before fifteen (15) days after the service of such Demand; and, if the Debtors raise such an objection, the Debtors, the Committee, and the Requesting Creditor shall work in good faith to resolve the Debtors' objection to the Demand, <u>provided</u> that if the Debtors' objection is not resolved, the Debtors, the Committee or the Requesting Creditor may schedule a hearing with the Court to seek a ruling with respect to the Demand and no production shall be made with respect to information subject to an objection until the Court has ruled on the Demand; and (b) if the Confidential Information is information with respect to another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to Debtors' counsel, stating that

---

[6] In addition, if the Requesting Creditor is involved in purchasing, selling or trading claims against the Debtors, the Requesting Creditor must file with the Court and serve upon counsel to the Committee and the Debtors, and the United States Trustee, a document confirming that it has established an information screening barrier that will be enforced, that no Confidential Information or Privileged Information will be revealed to purchasers, sellers, or claims traders or any persons or entities involved in trading of claims and listing the name of the person that has been designated as monitor to ensure compliance with the provisions hereof.

7

such information will be disclosed in the manner described in the Demand unless such Entity or the Debtors object to such Demand on or before fifteen (15) days after the service of such Demand; and if the Debtors or the Entity raise an objection, the Debtors, the Committee, the Entity, and the Requesting Creditor shall work in good faith to resolve the Debtors' or the Entity's objection, <u>provided</u> that if not resolved, the Debtors, the Entity, the Committee, or the Requesting Creditor may schedule a hearing with the Court seeking a ruling with respect to the Demand and no production shall be made with respect to information subject to an objection until the Court has ruled on the Demand.

11. <u>Access to Information for Unsecured Claimants</u>. Nothing in this Order requires the Committee to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

12. <u>No Expansion of Rights</u>. Nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of a Committee or its members to provide access or not to provide access, to any information of the Debtors to any party except as explicitly provided herein.

13. <u>Public Information Under Applicable Law</u>. Nothing in this Order (including, for the avoidance of doubt, the definition of Confidential Information) shall be deemed to create or impose a confidentiality obligation with regard to any information that is public information under applicable law, and the rights of all parties in interest concerning whether information is Confidential Information are hereby expressly preserved.

14. <u>Retention of Information Agent</u>. The Committee is authorized to employ and retain Prime Clerk LLC ("<u>Prime Clerk</u>") as its Information Agent, subject to the terms of the Engagement Agreement, the Pricing Structure, and the terms and conditions set forth herein.

15. <u>Reimbursement of Prime Clerk</u>. The Commonwealth (and other title III Debtors (if any) for which the Committee acts as the official committee of unsecured creditors) is authorized and directed to compensate Prime Clerk on a monthly basis in accordance with the terms and conditions of the Engagement Agreement, the Pricing Schedule, and as set forth herein. Upon Prime Clerk's submission to the Committee, the Commonwealth, and the Office of the U.S. Trustee (the "<u>Notice Parties</u>") of monthly invoices summarizing in reasonable detail the services rendered and expenses incurred in connection therewith, the Notice Parties shall have ten (10) days to advise Prime Clerk and the other Notice Parties of any objections to Prime Clerk's monthly invoices. If an objection is raised to an invoice, the Commonwealth will remit to Prime Clerk only the undisputed portion of the invoice and, if applicable, will pay the remainder to Prime Clerk upon the resolution of the dispute. All objections that are not resolved by the parties shall be preserved and presented to the Court by the objecting party at the next interim or final fee application hearing to be heard by the Court. The fees and expenses Prime Clerk incurs in the performance of its services shall be treated as an administrative expense of the Debtors' Title III Cases; <u>provided</u>, <u>however</u>, that to the extent that any of Prime Clerk's fees and expenses are disallowed by this Court, Prime Clerk shall not be entitled to an administrative expense for such disallowed fees and expenses. The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Engagement Agreement or monthly invoices; provided that the parties may seek resolution of the matter from the Court if resolution is not achieved. Under no circumstances shall the Committee, its members and/or the advisors to the Committee be responsible for payment of Prime Clerk's fees and expenses.

16. <u>Prime Clerk Limitation of Liability</u>. Prime Clerk's liability to the Committee for any and all losses, claims, damages, judgments, liabilities and expenses, whether direct or indirect (including, without limitation, counsel fees and expenses) (collectively, "<u>Losses</u>"),

9

unless due to Prime Clerk's gross negligence or willful misconduct, shall be limited to the total amount paid by the Commonwealth for the portion of the particular work that gave rise to the alleged Loss. In no event shall Prime Clerk's liability to the Committee for any Losses arising pursuant to this Order exceed the total amount actually paid to Prime Clerk for Services (as defined in the Engagement Agreement) provided pursuant to this Order. In no event shall Prime Clerk be liable for any indirect, special or consequential damages (such as loss of anticipated profits or other economic loss) in connection with or arising out of the Services provided pursuant to this Order.

17. <u>Order Controls</u>. Any discrepancy between the Motion, the Engagement Agreement, the Pricing Structure, and the Order shall be controlled by the Order.

18. <u>Retention of Jurisdiction</u>. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

19. <u>Notice of Order</u>. Upon entry of this Order, the Committee will serve a copy of this Order on (i) the U.S. Trustee; (ii) the Office of the United State Attorney for the District of Puerto Rico; (iii) the Oversight Board; (iv) the Puerto Rico Fiscal Agency and Financial Advisory Authority; (v) the official committee of retirees; (vi) the insurers of the bonds issued or guaranteed by the Debtors; (vii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors[7]; and (viii) all parties that have filed a notice of appearance in the Title III Cases.

Dated: _____, 2017

                                                                                      HONORABLE LAURA T. SWAIN

---

[7] Which include the Mutual Fund Group, the Ad Hoc Group of General Obligation Bondholders, the COFINA Senior Bondholders' Coalition, and the QTCB Noteholder Group, each as such group is defined at Docket Nos. 28, 68, 216, and 134, respectively.