# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>This Document Relates to:<br>17 BK 3283<br><br>**Re: ECF No. 706, 859** |

## LIMITED JOINDER OF POPULAR, INC., POPULAR SECURITIES LLC, AND BANCO POPULAR DE PUERTO RICO TO THE DEBTORS' OBJECTION TO THE COMMITTEE'S BANKRUPTCY RULE 2004 MOTION

To the Honorable Magistrate Judge Judith Gail Dein:

Popular, Inc. ("Popular"), Popular Securities LLC ("Popular Securities"), and Banco Popular de Puerto Rico ("Banco Popular," and collectively with Popular and Popular Securities, the "Popular Entities") respectfully submit this limited joinder to the *Objection of Debtors to Motion of Official Committee of Unsecured Creditors for Entry of Order, Under Bankruptcy Rule 2004, Authorizing Discovery Program With Respect to Certain Causes of Puerto Rico Financial Crisis* [ECF No. 859] (the "Debtors' Objection")[2] filed by the Oversight Board on behalf of the Debtors. Pursuant to the Debtors' Objection, the Oversight Board made clear its

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474).

[2] Capitalized terms used but not otherwise defined in this Joinder shall have the meanings ascribed to them in the Debtors' Objection.

01:22221174.3

intention to conduct investigations contemplated by PROMESA § 104(o). The Oversight Board also confirmed that it has not authorized the Committee to conduct such investigations on behalf of the Oversight Board.[3] The Court should deny the Committee's attempt to supplant the Oversight Board's authority under PROMESA to investigate claims and other matters and should deny Committee standing, to the extent requested by the Committee, to undertake such investigations. The Court should also deny the Committee's attempt to utilize Rule 2004 to investigate potential direct creditor claims held by individual creditors – rather than the Commonwealth itself – against third parties. Accordingly, the Popular Entities join in paragraphs 2 and 3 of the Debtors' Objection.

As is now evident from the Debtors' Objection, permitting the Committee to perform its own parallel investigation would unnecessarily expend the Commonwealth's resources, impede the Oversight Board's own investigations, and subject the Popular Entities and others to undue burden and expense by having to respond to duplicative discovery requests.

For these reasons, and for the additional reasons set forth in the Popular Entities' Objection, the Motion should be denied.

Dated: August 4, 2017
      San Juan, Puerto Rico         Respectfully submitted,

                                          *S/ Angélica Toro-Lavergne*
                                          USDC-PR Bar No. 214804

                                          Popular Center-9th Floor
                                          209 Muñoz Rivera Ave.
                                          San Juan, P.R. 00918
                                          Tel. 787-753-1017
                                          Fax 787-754-4984
                                          E-mail: Angélica.Toro@popular.com

---

[3] While the Popular Entities were cognizant of the Oversight Board's authority under PROMESA to conduct the investigation it now has made clear it intends to conduct at the time the Popular Entities filed their objection [ECF No. 793] ("Popular Entities' Objection") to the Motion, it was not clear whether the Oversight Board would exercise its authority to conduct investigations under PROMESA § 104(o) or even if such authority had been delegated to the Committee.

01:22221174.3

2

-and-

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Robert S. Brady*
James L. Patton (*admitted pro hac vice*)
Robert S. Brady (*admitted pro hac vice*)
John T. Dorsey (*admitted pro hac vice*)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel to Popular, Inc., Popular Securities LLC, and Banco Popular de Puerto Rico*