IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT<br>AND MANAGEMENT BOARD FOR<br>PUERTO RICO<br>as representative of<br>THE COMMONWEALTH OF<br>PUERTO RICO,<br>Debtor | PROMESA<br>Title III<br>No. 17-bk-3283 (LTS) |
| In re:<br>THE FINANCIAL OVERSIGHT<br>AND MANAGEMENT BOARD FOR<br>PUERTO RICO<br>as representative of<br>PUERTO RICO SALES TAX<br>FINANCING CORPORATION<br>("COFINA"),<br>Debtor | PROMESA<br>Title III<br>No. 17-bk-3284 (LTS) |

**LIMITED OBJECTION TO THIRD PROPOSED ORDER**

**OF THE UTILITIES MOTION**

**TO THE HONORABLE COURT**

**COMES NOW**, Stericycle of Puerto Rico, Inc., by and through its undersigned counsel, and respectfully requests as follows:

**I. INTRODUCTION AND BACKGROUND**

1. The Debtors, by and through the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), as the entity authorized to act on behalf of the Debtors pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017, filed a motion on May 22, 2017 (the "Utilities Motion") requesting an Order (a) prohibiting utilities from altering, refusing or discontinuing service, (b) deeming utilities adequately assured of future performance, and (c)

1

establishing procedures for determining adequate assurance of payment pursuant to section 366 of the Bankruptcy Code (the "Code"). See, Docket No. 210 of Case No. 17-03283 (LTS).

2. The Utilities Motion lists and designates Stericycle as one of those utility providers that will be affected by the relief sought therein. See, Docket No. 167, 210 of Case No. 17-03283 (LTS) at page 24.

3. A third proposed order has been filed by Debtor on August 4, 2014. See docket no. 897.

4. After reviewing the proposed order, Stericycle has the following objection.

## II. ABOUT STERICYCLE

### A. A brief description

5. Stericycle of Puerto Rico, Inc. is a corporation mainly dedicated to **biomedical waste management**. See docket no. 391 for a more complete description.

### B. SERVICES PROVIDED BY STERICYCLE TO DEBTOR

6. Services provides to the Debtor's agencies of the closed-captioned includes several hospitals, such as Centro Médico de Puerto Rico; Hospital Cardiovascular de Puerto Rico y el Caribe; Department of Health of Puerto Rico and their dependencies, including: The Pediatric Universitary Hospital, Adult Universitary Hospital, Regional Hospital of the municipality of Bayamón, Puerto Rico and the Department of Health Laboratory, among others.

7. As this Honorable Court may see, the services provided by Stericycle are imperative and essential, to the point that **it's not an option to alter or discontinue them, not even for a day**. Also, the medical waste disposal services provided by Stericycle are required by the hospitals and health care facilities accreditation standards.

2

### III. STERICYCLE'S RESPONSE TO THE THIRD PROPOSED ORDER OF THE UTILITIES MOTION

8. The Debtor is requesting an Order (a) prohibiting utilities from altering, refusing or discontinuing service, (b) deeming utilities adequately assured of future performance, and (c) establishing procedures for determining adequate assurance of payment pursuant to section 366 of the Bankruptcy Code (the "Code"). See, Docket No. 210, 897 of Case No. 17-03283 (LTS).

9. Stericycle **has no objection** to receive as adequate assurance of future payment to Utility Providers, an administrative expense priority claim for post-petition, unpaid Utility Services pursuant to Bankruptcy Code sections 503(b) and 507(a)(2), made applicable to these Title III Cases by PROMESA section 301(a) (the "Adequate Assurance Claim").

10. Nevertheless, after reviewing the contract with the Debtor, there is no term to pay current invoices.

11. The proposed order establishes in paragraph 5: "Each Debtor is authorized and directed to pay amounts that come due to its Utility Providers for postpetition Utility Services during these cases in accordance with the parties' terms in the ordinary course of business or the terms of any utility contract or other agreement to provide Utility Services (each, a "Contract")".

12. The proposed clause does not establish a term for payment. Term should be established to make effective said clause. Court has established the need for a term for payment when debtor still has the ability to make payments. "[T]he Court concludes that upon the facts of this case, an administrative expense priority constitutes adequate assurance of payment if coupled with a procedure for payment of telephone bills within 10 days after

3

receipt." **In re GEORGE C. FRYE CO., Debtor in Possession (Ch. 11), 7 B.R. 856 (1980).**

13. Stericycle has maintained the services contracted with the Debtor.

14. As of today, Debtor has not made any payments for services rendered post-petition.

15. **Stericycle respectfully request that the adequate assurance of payment be coupled with a procedure and term for payment within 30 days after receipt of invoice. In re GEORGE C. FRYE CO., supra.**

**RESPECTFULLY SUBMITTED**, this 7th day of August, 2017.

**CERTIFICATE OF SERVICE**: I hereby certify that on this same date, I electronically filed the foregoing document with the Clerk of the Court's CM/ECF system, which will provide notice thereof to all attorneys of record.

        **LINARES PALACIOS LAW OFFICES**
        *Attorney for Stericycle*
        /s/ *Adrián R. Linares Palacios*
        **Adrián R. Linares Palacios**
        USDC 224909
        PMB 456 Suite 102
        405 Ave. Esmeralda
        Guaynabo, PR 00969
        Tel.: (787) 638-1389
        Fax.: (787) 790-9374
        Email: alinares2020@yahoo.com