IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ALVIN MARRERO-MÉNDEZ**, individually and on behalf the conjugal partnership comprised by him and his spouse Cynthia Pérez-Valentin.<br><br>Plaintiff<br><br>v.<br><br>**HECTOR PESQUERA**, Superintendent of the Puerto Rico Police Department; **WILLIAM OROZCO**, Carolina Area Commander of the Puerto Rico Police Department; **GUILLERMO CALIXTO-RODRÍGUEZ**, former Carolina Area Commander for the Puerto Rico Police Department; **MARIO RIVERA**, Chief of the Carolina Precinct of the Puerto Rico Police Department; **RICARDO CRUZ-DOMÍNGUEZ**, Supervisor of the Puerto Rico Police Department; all of the above named Defendants acting in their official and individual capacities and on behalf of their respective conjugal partnerships comprised by them and their respective spouses.<br><br>Defendants | Case No. |

## **COMPLAINT**

1

## I. INTRODUCTION

1.  The First Amendment to the U.S. Constitution, and the Constitution and laws of the Commonwealth of Puerto Rico, clearly prohibit the Puerto Rico Police Department ("Department") and its supervisors from proselytizing employees, sponsoring official prayer, or engaging in any form of discrimination in the workplace on account of religion. The U.S. Constitution and the Constitution of the Commonwealth of Puerto Rico, furthermore, protect from retaliation by their supervisors any officers who object to these unlawful practices.

2.  When Department supervisors engage in these unconstitutional activities, they subject the officers under their command to unwelcome indoctrination and religious messages, creating a tense and hostile work environment and harming the community as a whole by sending a divisive message of religious favoritism for those who adhere to the supervisors' preferred faith.

3.  This is a civil action brought under the First Amendment to the U.S. Constitution and 42 U.S.C. § 1983 for declaratory relief, equitable relief, and monetary damages for discriminatory and retaliatory actions taken against Plaintiff, Alvin Marrero-Méndez, by his supervisory officers due to Plaintiff's religious beliefs.

4.  This action is also brought under Article II, Sections 1, 3, and 4 of the Constitution of the Commonwealth of Puerto Rico; Act #115 of December 20, 1991, 29 L.P.R.A. §194a; and Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. §5141 and §5142.

5.  Specifically, as set forth in greater detail below, Plaintiff has suffered discrimination, humiliation, and stigmatization after being subjected to unwanted, officially sponsored prayer and proselytizing during various mandatory meetings called by his supervisors to discuss work-related matters. He also has been subjected to retaliation, including downgraded professional responsibilities, and has confronted a hostile work environment as a consequence of informing his

2

supervisors about his refusal to participate in unlawful state-sponsored prayers in the workplace. These unlawful practices are ongoing and are likely to continue in the future unless this Court intervenes.

## II. JURISDICTION

6. This Honorable Court has jurisdiction over the federal constitutional and statutory claims set forth in this complaint pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights).

7. This Honorable Court is also authorized to order declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

8. This Honorable Court may exercise supplemental jurisdiction over Plaintiff's Commonwealth of Puerto Rico statutory and constitutional claims pursuant to 28 U.S.C. § 1367(a) because those arise from the same nucleus of operative facts as Plaintiff's federal claims.

9. Venue properly lies before this Court under 28 U.S.C. § 1391(b). Plaintiff and Defendants are residents of the Commonwealth of Puerto Rico and the acts and/or omissions giving rise to Plaintiff's claims have occurred in this district.

## III. PARTIES

10. Plaintiff Alvin Marrero-Méndez has served as a police agent for the Puerto Rico Police Department since 1999. As a Department officer, he is subject to the customs, policies, and practices of Defendants in the employment area. Before the events alleged herein, Plaintiff's professional duties included, among others, patrolling, attending to complaints, conducting arrests, dealing with the public, and undertaking other crime-prevention activities.

11. Plaintiff is an open atheist, and as such, does not subscribe to the Christian faith or any other religious doctrine. He values his right to adopt no religious beliefs as much as others surely value

3

their right to follow a particular faith. He is deeply offended by and objects to the Defendants' official religious practices because these practices promote religious beliefs with which he does not agree. Plaintiff further objects to these practices because they are religiously coercive in that they pressure him to participate in prayer and worship.

12. Defendant Guillermo Calixto-Rodríguez was, until January 2013, the Carolina Area Commander of the Puerto Rico Police Department. During that time, he was in a supervisory position over Plaintiff. Guillermo Calixto-Rodríguez is responsible for the actions and policies that led to the events described in this complaint.

13. Defendant William Orozco is currently the Carolina Area Commander of the Puerto Rico Police Department.

14. Defendant Mario Rivera is, and was at all times material to this complaint, Chief of the Carolina Airport Area Precinct of the Puerto Rico Police Department and is responsible for the actions and policies that led to the events described in this complaint.

15. Defendant Ricardo Cruz-Domínguez is, and was at all times material to this complaint, Plaintiff's immediate supervisor at the Puerto Rico Police Department and is responsible for the actions and policies that led to the events complained of in this action.

16. On information and belief, at all times material to this complaint, Defendants Rivera and Cruz-Domínguez acted pursuant to authority delegated or conferred to them by Guillermo Calixto-Rodríguez and/or the Puerto Rico Police Department. Defendants' actions and/or omissions fall within the scope of that authority and pursuant to an official policy and practice adopted by them and the Department.

17. Defendant Hector Pesquera is the current Superintendent of the Puerto Rico Police Department. Since assuming this role in March 2013, he has had the ultimate authority in the

adoption of official policies and practices within the Department and is responsible for ensuring the Department's compliance with the laws and Constitutions of the Commonwealth of Puerto Rico and the United States.

18. Defendants are employees, agents, and/or supervisory personnel of the Puerto Rico Police Department and were, at all times material to this complaint, acting in the course and scope of their employment.

19. Defendants participated in and/or directed the constitutionally unlawful violations alleged herein, or knew of the violations and failed to act or prevent them.

20. At all times relevant to this complaint, Defendants all acted under color of state law and acted in the course and scope of their employment.

21. All individual Defendants are jointly liable for the monetary damages alleged herein.

### IV. FACTUAL ALLEGATIONS

22. Plaintiff incorporates the preceding paragraphs as if fully set forth herein at length.

23. On March 9, 2012, around 7:30 p.m., then-Carolina Area Commander, Defendant Guillermo Calixto-Rodríguez, summoned over forty (40) police officers of the Carolina region of the Puerto Rico Police Department to discuss an intervention plan for the area. The meeting took place in the parking lot at the Plaza Carolina Shopping Mall in Carolina. Defendants Mario Rivera and Ricardo Cruz-Domínguez also attended the meeting.

24. All police officers present at the meeting, including Plaintiff, were standing in military formation. After the briefing, Defendant Guillermo Calixto-Rodríguez asked for a volunteer to close the meeting with a prayer.

25. Plaintiff called Defendant Guillermo Calixto-Rodríguez aside and told him that he objects to such official prayers because they promote religious beliefs to which he does not subscribe. He also

5

pointed out that the prayer violated Department regulations, which provide that "[a] strict separation shall be maintained between the church and the state." 25 L.P.R.A.§ 3134. Plaintiff informed Defendant Guillermo Calixto-Rodríguez that he felt very uncomfortable taking part in the prayer and that he did not want to participate.

26. Defendant Guillermo Calixto-Rodríguez became upset and ordered Plaintiff to abandon the formation. Following the commanding officer's instructions, Plaintiff separated himself from the formation. As Plaintiff was walking away, Defendant Calixto-Rodríguez shouted that Plaintiff should stop and stand still until the prayer was finished. Then, in front of the entire formation, Defendant Guillermo Calixto-Rodríguez shouted that Plaintiff was standing apart from everyone else because "he doesn't believe in what we believe." Plaintiff felt humiliated and turned his back to the formation until the prayer, which was explicitly Christian, ended.

27. After the prayer, Plaintiff was assigned to work with his immediate supervisor, Defendant Cruz-Domínguez, for the rest of the night. Plaintiff told Cruz-Domínguez that he felt humiliated and upset and that, as a result of the incident with Defendant Guillermo Calixto-Rodríguez, he preferred to be assigned to work performing his usual duties at the airport station. Plaintiff also began to cry because he was so humiliated. On his way to the airport station, Plaintiff told Cruz-Domínguez that what had happened was an outrage and that he was going to file an administrative complaint.

28. After arriving at the airport station, Defendant Cruz-Domínguez requested that the Plaintiff hand over his weapon because he was allegedly in an "emotional state." Defendant Cruz-Domínguez also instructed Plaintiff to report to Defendant Mario Rivera the following Monday, March 12, 2012, to receive further orders about a transfer.

29. On March 12, 2012, early in the morning, Plaintiff filed an administrative complaint with the Administrative Investigation Division at Police Headquarters in San Juan, alleging that his

6

constitutional right of freedom of religion had been violated.

30. That same day, Plaintiff personally delivered copies of the administrative complaint to the office of the Auxiliary Superintendent of Field Operations, Leovigildo Vázquez, and to the office of the Carolina Region Commander Carlos J. Miranda.

31. Plaintiff's administrative complaint was inexplicably referred to the Police Department's Domestic Violence Division and was assigned to Inspector Margarita George. To date, Plaintiff has not been officially notified on the status of his complaint and no proper investigation has been carried out.

32. On March 14, 2012, Plaintiff met with Defendant Mario Rivera. Defendant told Plaintiff that he had two options: either report to the Command Office (Comandancia) for clerical tasks in the office, or stay in the airport station to perform vehicle-maintenance tasks. Plaintiff chose the latter even though both alternatives effectively constituted demotions from Plaintiff's usual responsibilities as a police officer.

33. Since then, Plaintiff has been deprived of performing the usual law-enforcement tasks of a regular police officer, such as patrolling, attending to complaints, conducting arrests, dealing with the public, and carrying out other crime-prevention activities.

34. Now, instead of carrying out the law enforcement duties for which he is trained, the sole employment duties assigned to Plaintiff, a 14-year veteran of the Department, have been those of a car-washer and messenger.

35. On several occasions, Plaintiff has been ordered to report to work during the night shift, when the vehicle garage is closed, leaving him without any work to do. He has also been ordered to wash patrol cars under the harsh blazing sun of the early afternoons.

36. Plaintiff remains disarmed and is treated arbitrarily and discriminatorily in other ways. For

7

instance, during the last year, he has been capriciously denied his weekly day off without justification.

37. Plaintiff also continues to be subjected to unwelcomed proselytizing and prayer as a result of Defendants' practice of commencing or ending official mandatory gatherings and meetings with Christian prayer. Indeed, every other month or so, the Puerto Rico Police Department for the Carolina Area meets to discuss work and intervention plans. These meetings typically include a Christian invocation or closing prayer.

38. Based on Defendants' past and ongoing custom, policy, and practice of promoting prayer, and proselytizing at official meetings and activities, Plaintiff reasonably believes and fears that Defendants will continue to infringe his constitutional rights in the near future and beyond.

39. Based on Defendants' past and ongoing retaliation against him for objecting to unlawful practices and policies, Plaintiff further reasonably believes and fears that Defendants will continue to retaliate against him in violation of his constitutional rights in the near future and beyond.

40. The hostile work environment and unconstitutional customs, policies, and practices to which Plaintiff has been subjected have caused him severe mental distress, anguish, humiliation, and shame and have prompted him to seek professional psychological help.

41. Superintendent Hector Pesquera, has or should have had knowledge of the customs, practices, and policies alleged of herein. However, he has ignored, promoted and/or endorsed the unlawful police conduct described above.

## V. CAUSES OF ACTIONS

### COUNT I: Establishment Clause Violation (42 U.S.C. §1983)

42. Plaintiff incorporates the preceding paragraphs as if fully set forth herein at length.

43. By the conduct alleged above, Defendants violated, and continue to violate, Plaintiff's rights

8

under the Establishment Clause of the First Amendment to the U.S. Constitution, made applicable to the states and territories through the Fourteenth Amendment to the U.S. Constitution. The customs, practices, and policies established by Defendants are the cause-in-fact of the constitutional violations.

44. Defendants' conduct coercively exposes Plaintiff to unwanted religious exercise and messages sponsored by Department officials.

45. Defendants' conduct also improperly endorses religion. A reasonable, objective observer aware of the conduct alleged of above would conclude that Defendants have endorsed and continue to endorse religion within the Department.

46. Defendants' conduct, in addition, has the primary purpose and effect of promoting and advancing religion and excessively entangles Defendants and the Department, a government agency, with religion.

47. As a direct and proximate consequence of the conduct described above, Plaintiff has suffered severe mental distress, anguish, humiliation, and shame.

48. There is a real and immediate threat that Defendants will cause similar violations against Plaintiff in the future. Therefore, Plaintiff is in immediate danger of sustaining a direct injury as a result of Defendants' unlawful and abusive behavior.

**COUNT II: First Amendment Violation for Retaliation (42 U.S.C. §1983)**

49. Plaintiff incorporates the preceding paragraphs as if fully set forth herein at length.

50. By Defendants' retaliatory conduct described above, Defendants have violated, and are continuing to violate, Plaintiffs' First Amendment rights under the U.S. Constitution.

51. Plaintiff has been subjected to a hostile work environment and was demoted from the usual responsibilities of his position as a law enforcement officer in retaliation for his refusal to participate

9

in state-sponsored prayer, for speaking out in opposition to unlawful religious activities and official prayer during working hours, and for filing an administrative complaint regarding these practices.

52. Defendants' official reprisal against Plaintiff, as alleged in this complaint, offends the Constitution because it effectively inhibits Plaintiff's exercise of protected rights under the First Amendment.

## COUNT III: Supplemental State Law Claims Alleging Violations of the Constitution of the Commonwealth of Puerto Rico

53. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein at length.

54. The facts set forth in this complaint constitute violations of Plaintiff's rights by Defendants under Article II, Sections 1, 3, and 4 of the Constitution of the Commonwealth of Puerto Rico; and the Civil Code of Puerto Rico of 1930, Article 1802, et seq., 31 LPRA §5141, et seq.

55. Section 1, Article II, of the Constitution of the Commonwealth of Puerto Rico states that the dignity of humankind is inviolable; and that all men and women are equal before the law; and that no discrimination shall be made on account of race, color, sex, birth, social origin or condition, or political or religious ideas.

56. Section 3, Article II, of the Constitution of the Commonwealth of Puerto Rico provides that there shall be complete separation of church and state.

57. Section 4, Article II, of the Constitution of the Commonwealth of Puerto Rico establishes that no law shall be made abridging freedom of speech or of the press.

58. Defendants' discriminatory and retaliatory conduct has caused Plaintiff to suffer public humiliation, as well as severe mental distress, anguish, humiliation, and shame.

### COUNT IV: Supplemental State Law Claims Alleging Violations of Puerto Rico Antidiscrimination Statutes (Act # 115 of December 20, 1991)

59. Plaintiff incorporates the preceding paragraphs as if fully set forth herein at length.

60. Defendants' conduct, as alleged herein, violates Puerto Rico Act #115 of December 20, 1991, 29 L.P.R.A. §194a, as it constitutes reprisal for Plaintiff's opposition to discriminatory practices carried out by employer subordinates.

61. Defendants' illegal, discriminatory, and retaliatory conduct has caused Plaintiff to suffer severe mental distress, anguish, and shame.

### COUNT V: Supplemental State Law Claim Under Puerto Rico's Tort Statute

62. Plaintiff incorporates the preceding paragraphs as if fully set forth herein at length.

63. Defendants' conduct, as alleged herein, make them liable under Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. §5141 and §5142.

64. Defendants' actions and omissions were tortious and caused plaintiff severe mental distress, anguish, humiliation, and shame, which should to be compensated.

65. Defendants' conduct and omissions are the proximate cause of all damages complained of herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court declare that Defendants' conduct was illegal and in violation of the constitutional provisions and statutes herein identified, and that it grant Plaintiff the following remedies:

A. That this Honorable Court issue a Declaratory Judgment declaring that Defendants' actions and/or omissions violate the First and Fourteenth Amendments of the Constitution of the United States, the Bill of Rights of the Commonwealth of Puerto Rico Constitution, and Puerto Rico's anti-

discrimination statutes.

B.	That this Honorable Court issue preliminary and permanent injunctive relief prohibiting Defendants from subjecting subordinates to prayer or any other form of proselytizing in violation of the Establishment Clause of the First Amendment to the U.S. Constitution while performing their official duties as police officers.

C.	That this Honorable Court issue preliminary and permanent injunctive relief requiring the Defendants to develop policies and procedures that will ensure the protection of Plaintiff's rights alleged herein, including restoring Plaintiff's regular job duties as a police officer.

D.	That this Honorable Court award compensatory and general damages against all Defendants sued in their individual capacities, for Plaintiff, in an amount to be determined according to proof, as a remedy for the mental and emotional distress and discomfort that Plaintiff suffered, as provided by the laws and statutes of the United States and the Commonwealth of Puerto Rico.

E.	That this Honorable Court award exemplary and punitive damages against all Defendants sued in their individual capacities in an amount to be determined at trial, in light of Defendants' willful, wanton, and malicious acts with conscious disregard and deliberate indifference to Plaintiff's civil rights.

F.	That this Honorable Court award Plaintiff his costs, expenses, and attorneys' fees.

G.	Pre-judgment interest; and

H.	Any other relief this Court deems equitable and just.

In San Juan, Puerto Rico, on this 8th day of March, 2013.

Respectfully submitted,

/S/ Josue Gonzalez-Ortiz, Esq**.**

Josue Gonzalez-Ortiz, Esq.
USDC-PR NO: 221808

William Ramirez-Hernandez, Esq.
American Civil Liberties Union
of Puerto Rico
Union Plaza, Suite 1105
416 Ave. Ponce de Leon
San Juan, Puerto Rico, 00918
Tel: 787-753-8493
Fax: 787-753-4268

Email: *jgonzalez-ortiz@aclu.org*

/S/ Daniel Mach
Daniel Mach (*Motion for Pro Hac Vice Admission Filed Herewith*)
Heather L. Weaver (*Motion for Pro Hac Vice Admission Filed Herewith*)
American Civil Liberties Union Foundation
915 15th Street, NW, Suite 600
Washington, D.C. 20005
Tel: 202- 675-2330
Fax: 202- 546-0738
Email: *dmach@aclu.org*
*hweaver@aclu.org*