Case:17-03283-LTS Doc#:952-2 Filed:08/08/17 Entered:08/08/17 12:06:13 Desc:
Appendix Notice of Stay Page 1 of 6
Case 3:13-cv-01203-JAG Document 125 Filed 06/05/17 Page 1 of 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ALVIN MARRERO-MENDEZ**<br><br>Plaintiff<br><br>v.<br><br>**HECTOR PESQUERA, et al.**<br><br>Defendants | Case No. 13-1203 (JAG) |

**NOTICE OF AUTOMATIC STAY OF PROCEEDINGS PURSUANT TO THE COMMENCEMENT OF CASE UNDER TITLE III OF PROMESA**

**COME NOW** defendants Guillermo Calixto-Rodríguez, Mario Rivera and Ricardo Cruz-Domínguez, in their official and individual capacities, through the undersigned counsel, without waving any defense, and very respectfully SET FORTH and PRAY as follows**:**

1. The above-captioned action was commenced on March 8, 2013 (ECF No. 1), alleging claims against the appearing defendants of the Puerto Rico Police Department ("PRPD"),[1] in their official and individual capacities, for events that allegedly occurred before May 3, 2017.

2. The Department of Justice represents the appearing defendants in the instant case in accordance with the benefits of legal representation under Law No. 104 of June 29, 1955, as amended, P.R. Laws Ann. tit. 32, § 3085[2] et seq. and the Regulation Regarding Legal

---

[1] On August 19, 2014, this Court dismissed the claims against former Superintendent Héctor Pesquera and William Orozco. **ECF No. 74**.

[2] Article 12 of law 104, as amended, is clear and precise in determining that:

> Every official, ex-official, employee or ex-employee of the Commonwealth of Puerto Rico who is sued for damages in his personal capacity, when the cause of action is based on alleged violations of the plaintiff's civil rights, due to acts or omissions committed in good faith, in the course of his employment and within the scope of his functions, **may request the Commonwealth of Puerto Rico to provide him with legal representation, and to subsequently assume the payment of any judgment that may be entered against his person**.

32 L.P.R.A. § 3085 (emphasis added). Law 9 of November 26, 1975 amended Law 104 by adding, among others, Article 12.

Case:17-03283-LTS Doc#:952-2 Filed:08/08/17 Entered:08/08/17 12:06:13 Desc:
Appendix Notice of Stay Page 2 of 6
Case 3:13-cv-01205-JAG Document 125 Filed 06/05/17 Page 2 of 6

Representation and Payment of Judgment, Regulation No. 8405 of 2013. Accordingly, the Commonwealth of Puerto Rico ("Commonwealth") assumes the cost of the legal representation, including, but not limited to, the costs of depositions, transcripts, and translations.[3]

3. Likewise, pursuant to Law 104 and its Regulation 8405, the Commonwealth assumes the payment of a subsequent adverse judgment against every official, ex-official, employee or ex-employee of the Commonwealth covered by the provisions of §§ 3085-3092a. P.R. Laws Ann. tit.32, §§ 3085, 3092.

Particularly, section 3092 provides, in part, the following:

The Secretary of Justice shall notify the Secretary of the Treasury of his determination regarding the payment, on the basis of the provisions of §§ 3085—3092a of this title. The Secretary of the Treasury shall pay the judgments, costs and attorney's fees imposed on the defendants from available funds in the Treasury of Puerto Rico.

P.R. Laws Ann. tit.32, § 3092.[4]

4. On June 30, 2016, the federal law known as Puerto Rico Oversight, Management and Economic Stability Act, also known as PROMESA, 48 U.S.C. § 2101 et seq., was enacted.

5. On May 3, 2017, the Commonwealth of Puerto Rico, by its representative pursuant to section 315 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), the Financial Oversight and Management Board for Puerto Rico, filed a petition in the United States District Court for the District of Puerto Rico under Title III of PROMESA. *In re: Commonwealth of Puerto Rico*, Case No. 17-1578 (the "Petition").

---

[3] Any adverse determination by the Secretary of Justice is subject to judicial review. P.R. Laws Ann. tit. 32, § 3087.

[4] Officials or former officials of municipalities and public corporations, in their individual capacities, may also benefits from legal representation under Law 9. *See* P.R. Laws Ann. tit. 32, § 3085. Notwithstanding, the payment of judgment against these officials or former officials falls within the purview of such municipalities and public corporations. *See* P.R. Laws Ann. tit. 32, § 3092; *Municipality of Fajardo v. Secretario de Justicia*, 187 DPR 245, 257 (2012). In the event that "the affected Government corporation or instrumentality, or municipality, does not have the necessary funds available to defray said amount, the Commonwealth shall make payment thereof", subject to a subsequent reimbursement. P.R. Laws Ann. tit. 32, § 3092.

Case:17-03283-LTS Doc#:952-2 Filed:08/08/17 Entered:08/08/17 12:06:13 Desc:
Case 3:13-cv-01205-JAG Document 125 Filed 06/05/17 Page 3 of 6
Appendix Notice of Stay Page 3 of 6

6. Pursuant to sections 362(a) and 922(a) of the Bankruptcy Code, as incorporated by reference under Section 301(a) of PROMESA, the commencement <u>or continuation</u> "of a judicial, administrative, or other actions or proceedings against the debtor that was or could have been commenced <u>before</u> the commencement" of the petition under Title III or "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under" a Title III proceeding <u>is automatically stayed without further action</u>. 11 U.S.C. §§ 362(a), **922(a)**; 48 U.S.C. § 2161(a)(emphasis provided). The Commonwealth is the debtor in the Petition pursuant to 48 U.S.C. § 2161(c)(2) (PROMESA § 301(c)(2)).

7. "The automatic stay is among the most basic of debtor protections under bankruptcy law", *Midlantic Nat'l Bank* v. *New Jersey Dep't of Envtl. Protection*, 474 U.S. 494, 503 (1986); *see also Jamo v. Katahdin Fed. Credit Union*, 283 F.3d 292, 398 (1st Cir. 2002), and takes effect "immediately upon the filing of a bankruptcy petition "because the automatic stay is exactly what the name implies -- 'automatic' -- it operates without the necessity for judicial intervention." *Soares v. Brockton Credit Union* (*In re Soares*), 107 F.3d 969, 975 (1st Cir. Mass. Mar. 10, 1997) (citing *Sunshine Dev., Inc.* v. *FDIC*, 33 F.3d 106, 113 (1st Cir. 1994)). It is aimed at "giv[ing] the debtor breathing room by "'stopping all collection efforts, all harassment, and all foreclosure actions.'" *In re Soares*, 107 F.3d at 975 (citations omitted); *see also Jamo*, 283 F.3d at 398. And, the stay "remains in force until a federal court either disposes of the case, *see* 11 U.S.C. § 362(c)(2), or lifts the stay, *see Id.* § 362(d)-(f)", allowing "debtors to resolve their debts in a more orderly fashion [citation omitted], and at the same time safeguards their creditors". *Id.*

8. Moreover, section 922 has the effect of staying the cases against officials represented under Law 104, as amended by Law 9. Precisely, section 922(a)(1) provides that:

> A petition filed under this chapter [11 USCS §§ 901 et seq.] operates as a stay, in addition to the stay provided by section 362 of this title [11 USCS § 362], applicable to all entities,

3

Case:17-03283-LTS Doc#:952-2 Filed:08/08/17 Entered:08/08/17 12:06:13 Desc:
Appendix Notice of Stay Page 4 of 6
Case 3:13-cv-01205-JAG Document 125 Filed 06/05/17 Page 4 of 6

> **(1)** the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against an officer or inhabitant of the debtor that seeks to enforce a claim against the debtor…

11 USCA § 922.

9. The case of *In re City of Stockton*, 484 B.R. 372 (Bankr. E.D. Cal.2012), wherein the defendants were individual capacity municipality officials, illustrates how section 922 interplays with the present case. The *In re City of Stockton* Court recognized that "in chapter 9 municipal debt adjustment cases", there is an "additional automatic stay imposed by 11 U.S.C. § 922(a)", "supplement[ing] the basic automatic stay of 11 U.S.C. § 362 by stopping actions against municipal officers and inhabitants to enforce a claim against the municipality." 484 B.R. at 374; *see also In re Jefferson County*, 474 B.R. 228, 247-248 (Bankr. N.D. Ala., 2012). *In re City of Stockton* held that "the § 922(a) stay will not be modified to permit a lawsuit against municipal officers to proceed." *Id*.

The court in *In re City of Stockton* reasoned that:

> For the same reason that geometry holds that the shortest distance between two points is a straight line, the additional automatic stay of § 922(a), rather than the § 362 automatic stay, directly protects municipal officers in chapter 9 cases without the need for a court to perform the mental gymnastics required to extend the § 362 automatic stay.

484 B.R. at 375-376. "**In § 922(a), the phrase 'to enforce a claim against the debtor' necessarily encompasses both direct and indirect claims** against a municipality." *Id*. at 378 (Emphasis ours). The California court, in recognizing the sovereign immunity landscape related to doctrines associated with *Ex Parte Young*, 209 U.S. 123 (1908), further stated:

> The action against the individual officers is an exercise of the well-known strategy of suing a sovereign by falsely pretending to sue an officer. To the extent that there is a judgment against the individuals, the City, having undertaken their defense, will be required to pay the judgment. Cal. Gov't Code §§ 825 & 825.2. Hence, the civil action against the individuals "seeks to enforce a claim against the debtor" within the meaning of § 922(a). 11 U.S.C. § 922(a)(1).

4

*Id*. at 376; *see also Id*. at 378.  As expounded by *In re City of Stockton*:

> These doctrines tolerating suits by indirection were so embedded in the law of sovereign immunity at the time of the enactments of § 922(a) and its predecessors that it is apparent that the additional automatic stay was designed to deal with situations like the one now in issue.

*Id.* 378.

10. It bears noting that the benefit of legal representation alluded in *In re Stockton* is governed by the California Government Code § 825, which language is very similar to the provisions of legal representation under Law 104, as amended.[5]

11. Being the automatic stay under section 922 of the Bankruptcy Code applicable to the present case, the undersigned request the court to take judicial notice of the above, staying the proceedings in the above-captioned case pursuant to sections 362(a) and 922(a) of the Bankruptcy Code, as incorporated by reference under section 301(a) of PROMESA, 48 USC § 2161(a).

12. The appearing parties do not waive any right or defense arising from Title III of PROMESA and the Commonwealth's Petition under Title III; and, reserve their rights to plead or

---

[5] California Government Code§ 825 provides in its pertinent part:

> (a)Except as otherwise provided in this section, if an employee or former employee of a public entity requests the public entity to defend him or her against any claim or action against him or her for an injury arising out of an act or omission occurring within the scope of his or her employment as an employee of the public entity and the request is made in writing not less than 10 days before the day of trial, and the employee or former employee reasonably cooperates in good faith in the defense of the claim or action, the public entity shall pay any judgment based thereon or any compromise or settlement of the claim or action to which the public entity has agreed.
>
> If the public entity conducts the defense of an employee or former employee against any claim or action with his or her reasonable good-faith cooperation, the public entity shall pay any judgment based thereon or any compromise or settlement of the claim or action to which the public entity has agreed. However, where the public entity conducted the defense pursuant to an agreement with the employee or former employee reserving the rights of the public entity not to pay the judgment, compromise, or settlement until it is established that the injury arose out of an act or omission occurring within the scope of his or her employment as an employee of the public entity, the public entity is required to pay the judgment, compromise, or settlement only if it is established that the injury arose out of an act or omission occurring in the scope of his or her employment as an employee of the public entity.
>
> Nothing in this section authorizes a public entity to pay that part of a claim or judgment that is for punitive or exemplary damages.

5

Case:17-03283-LTS Doc#:952-2 Filed:08/08/17 Entered:08/08/17 12:06:13 Desc:
Case 3:13-cv-01205-JAG Document 125 Filed 06/05/17 Page 6 of 6
Appendix Notice of Stay Page 6 of 6

address any pending matter or claim in this case if the stay is lifted or if any order is issued in the Petition proceedings under Title III. Moreover, the appearing parties' request shall not be construed as a waiver of any defense by the Commonwealth of Puerto Rico, including any right or defense arising from Title III of PROMESA and the Commonwealth's Petition under Title III.

**WHEREFORE**, Defendants respectfully request the Court to take judicial notice of the above, staying all proceedings in this case.

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to all parties and attorneys of record.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 5th day of June, 2017.

> s/ José Luis González Castañer
> JOSÉ LUIS GONZALEZ CASTANER
> USDC-PR No. 201905
> jgonzalez@gcpsc.com
>
> s/ Magaly Rodríguez Quiñones
> MAGALY RODRIGUEZ QUIÑONES
> USDC-PR No. 205010
> mrqvlaw@gmail.com /mrodriguez@gcpsc.com
> GONZALEZ CASTAÑER, CSP
> 128 F.D. Roosevelt Ave., 2nd Floor
> San Juan, Puerto Rico 00918-2409
> Tel. 787-758-7819 / Fax 787-758-4152