Case:17-03283-LTS Doc#:952-3 Filed:08/08/17 Entered:08/08/17 12:06:13 Desc:
Appendix Opposition to Motion to Stay Page 1 of 10

Case 3:13-cv-01203-JAG Document 126 Filed 06/19/17 Page 1 of 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ALVIN MARRERO-MENDEZ** Plaintiff v. **HECTOR PESQUERA, et al** Defendants | Case No. 13-1203 (JAG) JURY TRIAL DEMANDED |

**OPPOSITION TO MOTION TO STAY**

TO THE HONORABLE COURT:

Comes now Plaintiff Alvin Marrero Méndez, through the undersigned attorneys, and respectfully states as follows:

On June 5, 2017, Defendants Guillermo Calixto, Ricardo Cruz Domínguez and Mario Rivera filed a *Notice of Automatic Stay of Proceedings Pursuant to the Commencement of Case Under Title III of PROMESA*. (Dkt. 125). On June 6, 2017, the Court clerk modified the docket to title the filing a "Motion to Stay."[1] Through said motion, Defendants notified the District Court that they believe they are entitled to an automatic stay of the instant proceedings under Sections 362(a) and 922(a) of the Bankruptcy Code (11 U.S.C. §§ 362 and 922(a)), as a result of the filing of the Commonwealth of Puerto Rico's petition of debt adjustment under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA). *See In re Commonwealth of Puerto Rico*, Case No. 17-1578.

---

[1] Plaintiff thus refers to Defendants' filing as a "Motion to Stay." This Court has authority to decide whether the automatic stay *Pursuant to the Commencement of Case Under Title III of PROMESA* applies to the proceeding pending before it. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1107 (9th

1

Case:17-03283-LTS Doc#:952-3 Filed:08/08/17 Entered:08/08/17 12:06:13 Desc:
Appendix Opposition to Motion to Stay Page 2 of 10
Case 3:15-cv-02203-JAG Document 126 Filed 06/19/17 Page 2 of 10

Defendants are wrong. The PROMESA stay does not apply to pending civil rights lawsuits for equitable relief. Nor does it apply to suits for compensatory relief against officials in their personal capacities, as they do not constitute "debtors" under the terms of PROMESA. Accordingly, the Court should deny Defendants' Motion for Stay and the case should proceed.

**ARGUMENT**

The Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. §§ 2102-2241, is a *sui generis* bankruptcy-like statute enacted by Congress in June 2016 to address the imminent financial crisis in Puerto Rico. *See generally Peaje Inv. LLC v. García-Padilla*, 845 F.3d 505, 509 (1st Cir. 2017) (discussing the statute's purpose). Title IV of PROMESA includes a temporary, automatic stay provision for debt-related litigation against the government of Puerto Rico upon the establishment of an Oversight Board for Puerto Rico. *See* 48 U.S.C. § 2194(a)-(b). Title III of the statute also incorporates by reference many provisions of the Bankruptcy Code, including Sections 362 and 922 of the Bankruptcy Code. 42 USC § 2161(a), although it is unclear the extent to which these provisions are *fully* incorporated into the PROMESA statute.[2] Defendants' Motion to Stay is based on Sections 362 and 922. Mot. to Stay ¶ 6. The Motion should be denied because Plaintiff's civil rights claims against the individual defendants are separate and completely unrelated to any claim for collection debt or credit of the nature that PROMESA was designed to address. *See, e.g. Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla,* 217 F.Supp.3d 508 (D.P.R. 2016) (discussing the application of the temporary stay of Title IV of PROMESA for claims brought by bonds holders).

---

Cir. 2005).
[2] The District Court of Puerto Rico has evaluated similar stay requests under Sections 362(a) and 922(a), without making any distinction to the temporary automatic stay of Title IV of PROMESA. *See Vázquez-Carmona v. Department of Education,* Slip Copy, Civil No. 16-1846, 2017 WL

2

Case:17-03283-LTS Doc#:952-3 Filed:08/08/17 Entered:08/08/17 12:06:13 Desc:
Appendix Opposition to Motion to Stay Page 3 of 10

Case 3:15-cv-01205-JAG Document 126 Filed 06/19/17 Page 3 of 10

I. **PLAINTIFF'S CLAIM FOR EQUITABLE RELIEF SHOULD NOT BE STAYED UNDER THE PROMESA STATUTE.**

PROMESA provides that "nothing in this chapter shall be construed as impairing or in any manner relieving a territorial government, or any territorial instrumentality thereof, from compliance with Federal laws or requirements or territorial laws and requirements implementing a federally authorized or federally delegated program protecting the health, safety, and environment of persons in such territory." 48 U.S.C. § 2106. The automatic stay authorized by the PROMESA statute does not, therefore, "apply to suits to enforce federal rights." *See Vazquez-Carmona v. Dep't of Educ. of Puerto Rico*, No. CV 16-1846 (GAG), 2017 WL 2352153, at *1 (D.P.R. May 31, 2017). Plaintiff's Complaint seeks equitable relief against Defendants for their egregious violation of his First Amendment rights. PROMESA should not be used as a vehicle to thwart that relief. *See id.*

II. **PLAINTIFF'S CLAIM FOR COMPENSATORY RELIEF AGAINST THE DEFENDANTS IN THEIR PERSONAL CAPACITIES SHOULD NOT BE STAYED BECAUSE DEFENDANTS ARE NOT "DEBTORS" UNDER PROMESA.**

Plaintiff's claim for compensatory relief is directed at Defendants *in their personal capacities*. Thus, Defendants are not entitled to an automatic stay of Plaintiff's claims for compensatory relief because Defendants are not "debtors" within the meaning of the PROMESA statute. Even assuming sections 362(a) and 922(a) of the Bankruptcy Code were fully incorporated into PROMESA, automatic stays issue only against a "debtor." *McCartney v. Integra Nat. Bank N.*, 106 F.3d 506, 509 (3d Cir. 1997) (internal quotation marks omitted). "[I]t is universally acknowledged that an automatic stay . . . may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the . . . debtor." *Id.* (internal quotation marks omitted).

---

2352153 (D.P.R. 2017).

3

Case:17-03283-LTS Doc#:952-3 Filed:08/08/17 Entered:08/08/17 12:06:13 Desc:
Appendix Opposition to Motion to Stay Page 4 of 10

Case 3:13-cv-01205-JAG Document 126 Filed 06/19/17 Page 4 of 10

PROMESA provides for the adjustment of the Commonwealth's debts, initiated through a petition filed by the Oversight Board on behalf of a *debtor*, in this instance, the Commonwealth of Puerto Rico. 48 USC § 2164. Under PROMESA, a *debtor* means "the territory or covered territorial instrumentality concerning which a case under this subchapter has been commenced." *See* 48 USC § 2161(c)(2). Section 2162 also establishes that an entity may be a debtor under Section III if the entity is (A) a territory that has requested the establishment of an Oversight Board or has had an Oversight Board established for it by the United States Congress in accordance with section 2121 of this title; or (B) a covered territorial instrumentality of a territory described in paragraph (1)(A); (2) the Oversight Board has issued a certification under section 2146(b) for such entity; and (3) the entity desires to effect a plan to adjust its debts. *See* 48 U.S.C.A. § 2162. The statute's definition of debtor does *not* encompass natural persons, and none of the appearing Defendants, who are sued in their personal capacities, conform to those terms.

Nor do the debtor in the PROMESA petition (*i.e*., the Commonwealth) and Defendants Guillermo Calixto, Ricardo Cruz Dominguez and Mario Rivera share an identity of interest sufficient to invoke the limited exception to this "universally acknowledged" rule. *Cf. In re Siskin,* 231 B.R. 514, 518–19 (Bankr.E.D.N.Y.1999) (noting that special circumstances may exist where "there is such identity between a debtor and a third party that judgment against a non-debtor would be binding upon a debtor" so that the automatic stay would also apply to the non-debtor).

Although not specifically articulated in their Motion, Defendants appear to suggest that they share an identity of interest with the *debtor* of the PROMESA petition. Citing Sec. 922(a) of the Bankruptcy Code, *supra,* they argue that Plaintiff's pending civil right claims under Section 1983 against them constitute a direct and indirect claim against the Commonwealth because the Commonwealth has assumed their legal representation and possibly will assume any judgment

4

Case:17-03283-LTS Doc#:952-3 Filed:08/08/17 Entered:08/08/17 12:06:13 Desc:
Appendix Opposition to Motion to Stay Page 5 of 10
Case 3:13-cv-01205-JAG Document 126 Filed 06/19/17 Page 5 of 10

against them through the benefits provided to public servants through Law 104, P.R. Laws Ann. Tit. 32 sec. 3085 *et seq.* Mot. to Stay 2-3. But, as noted above, Plaintiff's claims seeking compensatory relief are directed against the individual officers in their personal capacities, as allowed by 42 U.S.C 1983. It is the Defendants, then, and not the Commonwealth, who are liable for compensatory damages, since state officials, sued in their individual capacities, are "persons" within the meaning of § 1983. *See Hafer v. Melo,* 502 U.S. 21 (1991) (holding that (1) state officers may be personally liable for damages under § 1983 based upon actions taken in their official capacities; (2) officers' potential liability is not limited to acts under color of state law that are outside their authority or not essential to operation of state government, but also extends to acts within their authority and necessary to performance of governmental functions; and (3) Eleventh Amendment does not erect barrier against suits to impose individual and personal liability on state officers under § 1983).

The benefits provided by Law 104 do not alter this conclusion, or modify the nature of Plaintiff's section 1983 claim against the individual defendants. Law 104 permits an official, charged in a civil rights action relating to official duties, to voluntarily request legal representation by the Commonwealth, and it permits the Commonwealth to subsequently assume payment of any judgment. P.R. Laws Ann. tit. 32, § 3085. But, under the statute, labeled by the First Circuit as "*idiosyncratic*" in nature, the Puerto Rico Secretary of Justice has discretion to decide in which cases the Commonwealth assumes representation and "subsequently, after considering the findings of the court or which arise from the evidence presented," whether it is "in order" to pay the judgment. *Id.* § 3087. *See Whitfield v. Municipality of Fajardo,* 564 F.3d 40 at 42 (2009); *Ortiz-Feliciano v. Toledo Díaz.* 175 F.3d 37 (1999); *Burgos-Yantin v. Municipality of Juana Diaz,* Slip Copy, Civil No. 07–1146 (JA) 2013 WL 435203. And, even if the Commonwealth has agreed to provide representation for an official, there is nothing stopping the Commonwealth from reversing that decision at any time.

5

Case:17-03283-LTS Doc#:952-3 Filed:08/08/17 Entered:08/08/17 12:06:13 Desc:
Appendix Opposition to Motion to Stay Page 6 of 10
Case 3:13-cv-01205-JAG Document 126 Filed 06/19/17 Page 6 of 10

Moreover, no decision about whether to pay a judgment on behalf of an official sued in his personal capacity is made under *after* compensatory relief is awarded and the Commonwealth has an opportunity to assess the Court's findings, evaluate the relief awarded, and determine whether there are sufficient resources to cover the cost of the judgment.[3]

Hence, the benefits provided by Law 104 do not constitute a substitution of parties or an admission of liability for the Commonwealth. It ultimately constitutes an arrangement between the Defendants and Puerto Rico Department of Justice in which the Secretary retained the discretion to *possibly* provide ongoing legal representation and *possibly* pay the judgment against individual defendants pursuant to certain conditions established by law, and subject to the available resources. *See* P.R. Laws Ann. Tit. 32 sec. 3092.[4] *See* P.R. Laws Ann. Tit. 32 sec. 3085 (emphasis added) ("[T]hese provisions shall *not be construed*, for any reason whatsoever, as making the Commonwealth an insurer of the aforesaid public servants, nor as a waiver of the sovereign immunity of the Commonwealth.") (emphasis added). Accordingly, contrary to Defendants' suggestion, there is no identity of interest between themselves and the Commonwealth sufficient to apply the automatic stay to this case.[5] Plaintiff's ability to protect his fundamental constitutional

---

[3] Under the Eleventh Amendment a plaintiff is unable to request an execution of judgment against the Commonwealth, even when the Secretary of Justice has granted the judgment debtors' request to indemnify them with respect to the judgment. *See Ortiz-Feliciano supra,* at 40. *Pietri-Giraldi v. Alvarado-Santos* 443 F.Supp. 2d 214, 217 (D.C.P.R. 2006) (holding that pursuant to Section 3085 of Law 104, the claim for indemnification concerning payment of judgment lies with defendant public officers, not with the plaintiff).

[4] Section 3092 of Law 9 provides that "[t]he Secretary of Justice shall notify the Secretary of the Treasury of his determination regarding the payment, on the basis of the provisions of §§ 3085-3092a of this title. If the Secretary of Justice decides payment should occur, the Secretary of the Treasury shall pay the judgment, costs and attorney's fees imposed on the defendants *from available funds* in the Treasury of Puerto Rico. P.R. Laws Ann. Tit. 32 sec. 3092.

[5] *In re City of Stockton*, 484 B.R. 372 (Bankr. E.D. Cal.2012), does not support Defendants'

Case:17-03283-LTS Doc#:952-3 Filed:08/08/17 Entered:08/08/17 12:06:13 Desc:
Appendix Opposition to Motion to Stay Page 7 of 10
Case 3:13-cv-01205-JAG Document 126 Filed 06/19/17 Page 7 of 10

rights, and the authority of this District Court to enforce federal law through section 1983 of the Civil Rights Act, should not yield to Puerto Rico's *idiosyncratic* Law 104.

### III. DEFENDANTS' REQUESTED STAY WOULD CAUSE PLAINTIFF UNDUE HARDSHIP AND UNFAIR PREJUDICE.

Finally, a stay at this stage of the judicial proceedings is unwarranted, considering that this litigation has taken more than three years, discovery proceedings have been completed, and only dispositive motions and the trial remain. *See* Dkt. 120. A stay would place this litigation in an indefinite procedural limbo, leaving Plaintiff without any permanent equitable relief and unfairly prejudicing his ability to present his case should there be a trial.

Moreover, even assuming that Plaintiff's claim for compensatory relief *might* eventually fall within the reach of PROMESA, it does not qualify for a stay *now* because it is not currently a payable claim against the Commonwealth's resources: Damages would have to be awarded to Plaintiff; the Secretary of Justice would have to agree for the Commonwealth to pay those damages on behalf of Defendants; and it would have to be determined whether that liability would be qualify as a payment of credit, obligation, or debt as defined under PROMESA. Under these circumstances,

---

argument. *See* Mot. to Stay ¶ 9. As Defendants note, *Stockton* was premised on California Government Code § 825, which—contrary to Defendants' contention—is *not* "very similar to the provisions" of Law 104. *See* Mot. to Stay ¶ 10 & n. 5. As discussed above, Law 104 confers discretion on the Commonwealth as to whether it will provide legal representation to an official who requests it, and thereafter, it provides discretion to the Commonwealth as to whether it will pay any damages award on behalf of an official who requests it—a determination that is not made until after any such award is entered against the official. Pursuant to Law 104, the initial determination to grant legal representation to the public official sued for violations of a citizen's civil rights and the subsequent determination of whether the Commonwealth will assume the payment of judgment are two separate and independent proceedings. The payment of the judgment is not automatic, but at the discretion if the Secretary of Justice. *See Ortiz et al. v. E.L.A.*, 158 D.P.R. 62, 71-72 (Supreme Court of Puerto Rico, 2002) California law, by contrast, is not discretionary, providing that, once a municipal official requests representation in writing, and the official "reasonably cooperates in good faith in the defense of the claim or action, the public entity *shall pay any judgment* based thereon or any compromise or settlement of the claim or action to which the public entity has agreed." Cal. Gov't Code § 825 (emphasis added). Moreover, as discussed above, PROMESA has a very specific

7

Case:17-03283-LTS Doc#:952-3 Filed:08/08/17 Entered:08/08/17 12:06:13 Desc:
Appendix Opposition to Motion to Stay Page 8 of 10

Case 3:15-cv-01205-JAG Document 126 Filed 06/19/17 Page 8 of 10

public policy favors the resolution of this civil rights action and denial of Defendants' request for a stay. *See In re Santa Clara County Fair Ass'n, Inc*. 180 B.R. 564, 566-567 (U.S. Bankruptcy Appellate Panel, 9th Cir. 1995) (holding that the Bankruptcy Court did not abuse its discretion in modifying an automatic stay to allow prosecution of a district court civil rights action, under the reasoning that "the public policy favored the resolution of civil rights actions and outweighed any competing policy served by the automatic stay under the circumstances").

**WHEREFORE**, Plaintiff respectfully requests that this Court to deny Defendants' Motion for Stay.

Respectfully submitted,

/s/ *Josue Gonzalez-Ortiz,*
Josue Gonzalez-Ortiz, Esq.
USDC-PR NO: 221808
William Ramirez-Hernandez, Esq.
American Civil Liberties Union
of Puerto Rico
Union Plaza, Suite 1105
416 Ave. Ponce de Leon
San Juan, Puerto Rico, 00918
Tel: 787-753-8493
Fax: 787-753-4268
Email: jgonzalez-ortiz@aclu.org

Daniel Mach (Pro Hac Vice Admission)
Heather L. Weaver (Pro Hac Vice Admission)
American Civil Liberties Union Foundation
915 15th Street, NW, Suite 600
Washington, D.C. 20005
Tel: 202- 675-2330
Fax: 202- 546-0738
Email: dmach@aclu.org
hweaver@aclu.org

---

definition of "debtor," which did not apply in *Stockton*.

Case:17-03283-LTS Doc#:952-3 Filed:08/08/17 Entered:08/08/17 12:06:13 Desc:
Case 3:13-cv-01205-JAG Document 126 Filed 06/19/17 Page 9 of 10
Appendix Opposition to Motion to Stay Page 9 of 10

In San Juan, Puerto Rico, on this June 19, 2017

9

Case:17-03283-LTS Doc#:952-3 Filed:08/08/17 Entered:08/08/17 12:06:13 Desc:
Appendix Opposition to Motion to Stay Page 10 of 10

Case 3:13-cv-01203-JAG Document 126-7 Filed 06/19/17 Page 10 of 10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this same date, I have electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all attorneys of record.

/s/ *Josue Gonzalez-Ortiz,*
Josue Gonzalez-Ortiz, Esq.
USDC-PR NO: 221808