Case:17-03283-LTS Doc#:952-4 Filed:08/08/17 Entered:08/08/17 12:06:13 Desc:
Appendix Order on Motion To Stay Page 1 of 2

Case 3:13-cv-01203-JAG Document 131 Filed 07/20/17 Page 1 of 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALVIN MARRERO-MENDEZ, *et al.*,

    **Plaintiffs,**

    v.

HECTOR PESQUERA, *et al.*,

    **Defendants.**

CIVIL NO. 13-1203 (JAG)

## ORDER

GARCIA-GREGORY, D.J.

    The Court GRANTS Defendants' Motion to Stay this case, Docket No. 125, pursuant to the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. §§ 2101, *et seq.* PROMESA's automatic stay applies to any action "against the debtor that was or could have been commenced before" the Title III proceeding. 11 U.S.C. § 362(a); 48 U.S.C. § 2161(a) (incorporating by reference 11 U.S.C. § 362). This includes actions for equitable relief. *See Advanced Computer Servs. of Michigan, Inc. v. MAI Sys. Corp.*, 161 B.R. 771, 774 (E.D. Va. 1993) ("There is no merit to the argument that a suit for injunctive and declaratory relief is an equitable suit and not a 'judicial action' as to which a stay is applicable.").

    The automatic stay also applies to actions against "an officer or inhabitant of the debtor that seeks to enforce a claim against the debtor." 11 U.S.C. § 922(a); 48 U.S.C. § 2161(a) (incorporating by reference 11 U.S.C. § 922). The police officers in this case are represented under Law 104 of June 29, 1955, as amended, P.R. Laws Ann. tit. 32, §§ 3085, *et seq.* ("Law 104"). Docket No. 125. Thus, the Commonwealth of Puerto Rico has assumed the costs of their representation and possibly the payment of any adverse judgment. *Id.* §§ 3087, 3088. As a result, the claims against

Case:17-03283-LTS Doc#:952-4 Filed:08/08/17 Entered:08/08/17 12:06:13 Desc:
Appendix Order on Motion To Stay Page 2 of 2
Case 3:13-cv-01203-JAG Document 131 Filed 07/20/17 Page 2 of 2

Civil No. 13-1203 (JAG)                                                                 2

the officers in their personal capacities are also covered by the stay, because they ultimately "seek to enforce a claim against the debtor." *See In re City of Stockton, Cal.*, 484 B.R. 372, 376 (Bankr. E.D. Cal. 2012) (holding that an action against officers of the City of Stockton, California, who were being represented by the City under a California law that is similar to Law 104, was covered by the automatic stay of actions against the City, because the action was one that "seek[ed] to enforce a claim against the debtor" since "[t]o the extent that there is a judgment against the individuals, the City, having undertaken their defense, will be required to pay the judgment.").

Accordingly, all of Plaintiffs' claims are covered by PROMESA's automatic stay. Thus, this case is stayed pursuant to 48 U.S.C. § 2161(a) and 11 U.S.C. §§ 362(a), 922(a). Any request to lift or vacate the stay must be filed in the Bankruptcy Court in the District of Puerto Rico in Case No. 17-BK-03283 (LTS).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of July, 2017.

                                                                      S/ Jay A. Garcia-Gregory
                                                                      JAY A. GARCIA-GREGORY
                                                                      United States District Judge