# Exhibit 3

(To the August 8, 2017 Opposition of Financial Oversight and Management Board of Puerto Rico, as Commonwealth Representative, to Motion for Relief from Automatic Stay)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CENTRO DE PERIODISMO INVESTIGATIVO, INC., <br><br> Plaintiff, <br><br> v. <br><br> FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> Defendant | CIVIL NO. 17-1743 (JAG) |

MEMORANDUM & ORDER

GARCIA-GREGORY, D.J.

Before the Court is Defendant Financial Oversight and Management Board for Puerto Rico's (the "Board") Brief in Support of Application of Automatic Stay. Docket No. 13. Plaintiff Centro de Periodismo Investigativo, Inc. ("Plaintiff") filed a timely Response. Docket No. 14. The Board filed a Reply. Docket No. 15-1. For the reasons set forth below, this case is stayed pursuant to 48 U.S.C. § 2161(a) and 11 U.S.C. §§ 362(a), 922. Any request to lift or vacate the stay must be filed in the bankruptcy court in Bankruptcy Case No. 17-BK-03283 (LTS).

The Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. §§ 2101, *et seq.*, was enacted by Congress to address Puerto Rico's financial crisis. *See Peaje Investments LLC v. García-Padilla*, 845 F.3d 505, 509 (1st Cir. 2017). Title III of PROMESA provides for a bankruptcy-like procedure for the Commonwealth of Puerto Rico ("The Commonwealth") and covered territorial instrumentalities to restructure their debts. 48 U.S.C. §§ 2161-77. A Title III proceeding was filed by the Board on behalf of The Commonwealth on May 3, 2017.

Case:17-03283-LTS Doc#:959-3 Filed:08/08/17 Entered:08/08/17 16:00:58 Desc:
Exhibit 3 Page 3 of 4
Case 3:17-cv-01743-JAG Document 18 Filed 07/14/17 Page 2 of 3

Civil No. 17-1743 (JAG)     2

As part of the Title III proceeding, PROMESA incorporates the Bankruptcy Code's automatic stay of actions against the debtor or against the property of the debtor. 48 U.S.C. § 2161; 11 U.S.C. §§ 362, 922. Specifically, § 362 stays "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the [Title III case], or to recover a claim against the debtor that arose before the commencement of a [Title III case]." The automatic stay is broad in its scope and it is intended to provide the debtor "a breathing spell" from creditors. 2 Norton Bankr. L. & Prac. 3d § 43:4.

Plaintiff admits that the automatic stay is "quite broad." Docket No. 14. However, Plaintiff contends that it does not apply to this lawsuit for two reasons. The Court is unconvinced.

First, Plaintiff argues that the automatic stay does not apply to this action because Plaintiff is not requesting money damages, or equitable relief "implying diminution of the property of the debtor." Docket No. 14 at 4-12. Specifically, Plaintiff points to the definition of a "claim" in the Bankruptcy Code, 11 U.S.C.§ 101, to argue that it is not asserting a "claim," and thus the stay does not apply. Docket No. 14 at 4-12. The automatic stay, however, is not limited to "claims" against the property of the debtor. *See Advanced Computer Servs. of Michigan, Inc. v. MAI Sys. Corp.*, 161 B.R. 771, 774 (E.D. Va. 1993) ("There is no merit to the argument that a suit for injunctive and declaratory relief is an equitable suit and not a 'judicial action' as to which a stay is applicable."). As the Board correctly points out, the automatic stay applies to (1) an action "against the debtor that was or could have been commenced before" the Title III proceeding, *or* (2) an action "to recover a claim against the debtor . . . ." 11 U.S.C. § 362. Since Plaintiff's suit could have been commenced prior to the Title III proceeding, it falls into the first category of actions covered by the automatic stay.

Second, Plaintiff argues that the Board is not the "debtor" in the Title III action. Docket No. 14 at 12-15. The Court disagrees. PROMESA created the Board "as an entity within the

Case:17-03283-LTS Doc#:959-3 Filed:08/08/17 Entered:08/08/17 16:00:58 Desc:
Exhibit 3 Page 4 of 4
Case 3:17-cv-01743-JAG Document 18 Filed 07/14/17 Page 3 of 3

Civil No. 17-1743 (JAG) 3

[Commonwealth's government]." 48 U.S.C. § 2121(c)(1). Moreover, the Board's funding comes entirely from the Commonwealth's budget. *Id.* § 2127(b). In fact, Plaintiff's basis for this lawsuit is that the Board, as an entity within the Commonwealth's government, must guarantee the public access to information and documents pursuant to Commonwealth's Constitution. Docket No. 1. Under this same logic, an action against the Board is an action against the Commonwealth.

Accordingly, this case is subject to PROMESA's automatic stay. Any request to lift or vacate the stay must be filed in the bankruptcy court in Bankruptcy Case No. 17-BK-03283 (LTS).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 14th day of July, 2017.

S/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge