# Exhibit 4

(To the August 8, 2017 Opposition of Financial Oversight and Management Board of Puerto Rico, as Commonwealth Representative, to Motion for Relief from Automatic Stay)

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| HON. EDUARDO BHATIA GAUTIER, IN HIS CAPACITY AS SPEAKER OF THE POPULAR DEMOCRATIC PARTY IN THE SENATE OF PUERTO RICO,<br><br>Plaintiff,<br>v.<br><br>HON. RICARDO ROSSELLÓ-NEVARES, IN HIS CAPACITY AS GOVERNOR OF THE COMMONWEALTH OF PUERTO RICO; THE COMMONWEALTH OF PUERTO RICO,<br><br>Defendants. | Adv. Proc. No: 17-136-LTS |

MEMORANDUM OPINION AND ORDER

Plaintiff Eduardo Bhatia Gautier ("Plaintiff") originally filed this action (the "Mandamus Action") in the Commonwealth of Puerto Rico Court of First Instance, San Juan Part (the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474).

"Commonwealth Court") seeking to compel Defendants (as defined below) to make public a copy of a draft budget (the "Draft Budget") that the Governor's office provided to the Financial Oversight and Management Board for Puerto Rico (the "Board"). Defendants removed the action to the United States District Court for the District of Puerto Rico. (Docket Entry No. 1.) The Defendants' notice of removal (the "Removal Notice") asserts that the Court has original jurisdiction of the action, pursuant to 48 U.S.C. § 2166(a)(2), because it arises "under," arises "in" or is "related to" the Title III proceeding *In re Commonwealth of Puerto Rico*, No. 3:17-bk-3283 (D.P.R. May 3, 2017) (the "Title III Proceeding") filed pursuant to the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"). Plaintiff now moves for entry of an order remanding this action to the Commonwealth Court, arguing that this Court lacks subject matter jurisdiction. Defendants move pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012(b) to dismiss the case, and Plaintiffs have requested that the Court hold the dismissal motion in abeyance (the "Abeyance Request") pending the determination of the remand motion. The Court has considered carefully all of the parties' submissions. For the following reasons, Plaintiff's Abeyance Request is granted, and Plaintiff's remand motion is granted. In light of its conclusion that it lacks jurisdiction of this action, the Court does not address the Defendants' motion to dismiss the complaint.

BACKGROUND

Except as otherwise indicated, the following facts are alleged in the Removal Notice or drawn from the documents annexed thereto. Plaintiff is the leader of the Popular Democratic Party of Puerto Rico in Puerto Rico's Senate. (Removal Notice ¶ 1.) The Defendants are the Commonwealth of Puerto Rico (the "Commonwealth" or "Puerto Rico") and the Honorable Ricardo Rosselló-Nevares, in his capacity as Governor of Puerto Rico. (Removal Notice at 1.)

2

Under PROMESA, Governor Rosselló may submit fiscal plans and budgets to the Board for review and certification. See 48 U.S.C. § 2141. On March 13, 2017, the Board certified Puerto Rico's fiscal plan. (Removal Notice ¶ 3.) Governor Rosselló submitted the Draft Budget to the Board for certification on April 30, 2017. (Id. ¶ 1.)

The Board, as representative of the Commonwealth, commenced the above-captioned Title III Proceeding on May 3, 2017. Case No. 17-BK-3283-LTS, Docket Entry No. 1. (D.P.R. May 3, 2017). The next day, Plaintiff filed a petition for writ of mandamus before the Commonwealth Court seeking public disclosure of the Draft Budget pursuant to Section 1781 of Puerto Rico's Code of Civil Procedure, which provides that "[e]very citizen has a right to inspect and take a copy of any public document of Puerto Rico, except as otherwise expressly provided by law." 32 L.P.R.A. § 1781. (Mot. to Dismiss at 3-4.)

On May 12, 2017, Defendants filed the Removal Notice, removing the action to this Court. (Docket Entry No. 1.) On May 19, 2017, Plaintiff filed an *Urgent Motion to Remand Case to the Commonwealth Court of First Instance and/or Request for Abstention* (the "Motion") arguing that this Court lacks subject matter jurisdiction. (Docket Entry No. 4.) On May 26, 2017, Defendants filed their opposition to Plaintiff's Motion (the "Opposition") and a *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), Fed. R. Bankr. P. 7012(b)* (the "Motion to Dismiss"). (Docket Entry Nos. 11, 12.) The Plaintiff subsequently replied to the Opposition and filed the Abeyance Request. (Docket Entry Nos. 13, 14.)

DISCUSSION

Plaintiff's Abeyance Request is granted, insofar as the Court must always first determine whether it has jurisdiction of an action before addressing the merits of the action. See Mills v. Harmon Law Offices, P.C., 344 F.3d 42, 46 (1st Cir. 2003). Title III of PROMESA permits the

3

removal of a civil action pending in another court to this district court, if the district court has jurisdiction of the claim or cause of action under PROMESA's jurisdictional grant. 48 U.S.C. § 2166(d)(1). If a case is removed and the district court determines that it lacks jurisdiction over the matter, the court must order remand. 28 U.S.C. § 1447. The removal statute is "strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." Rios Ortiz v. Velazquez-Ortiz, No. CIV. 14-1467 JAF, 2014 WL 3734490, at *1 (D.P.R. July 28, 2014) (internal citation omitted). The Court may also remand a claim or cause of action of which it has PROMESA Title III jurisdiction "on any equitable ground." 48 U.S.C. § 2166(d)(2).

Defendants assert that this Court has jurisdiction of this action pursuant to 48 U.S.C. § 2166(a)(2), which confers on district courts "original but not exclusive jurisdiction of all civil proceedings arising under [PROMESA], or arising in or related to cases under [PROMESA]." (Removal Notice ¶¶ 7-8.) The jurisdictional language of 48 U.S.C. § 2166(a)(2) is analogous to that of 28 U.S.C. § 1334(b), which confers exclusive jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11" upon the district courts. Decisions construing Section 1334(b) thus provide persuasive authority with respect to the construction of PROMESA's jurisdictional language.

Defendants' contention that the Mandamus Action arises "in" the Commonwealth's Title III case or arises "under" PROMESA is premised on the proposition that any litigation regarding the Commonwealth's fiscal plan or budget has "no existence outside of the Title III Proceeding" because those documents are foundational to a plan of adjustment under Title III and, as such, any litigation regarding those documents would necessarily take place in the context of the Title

4

III Proceeding and "can have no existence outside" of the Title III Proceeding. (Removal Notice ¶ 9; Opp'n at 8). Defendants' theory is flawed.

Construing 28 U.S.C. § 1334(b) in the context of cases under title 11 of the United States Code (the "Bankruptcy Code"), the First Circuit has explained that "'arising under' proceedings are (at least) those cases in which the cause of action is created by" the Bankruptcy Code. In re Middlesex Power Equip. & Marine, Inc., 292 F.3d 61, 68 (1st Cir. 2002). The Draft Budget, and controversies concerning rights of access to it, clearly did not arise under Title III. The obligations to create and certify fiscal plans and related budgets are imposed by Title II of PROMESA, which is not addressed by the 48 U.S.C. § 2166 jurisdictional grant. Indeed, the Draft Budget was created and submitted to the Oversight Board before the commencement of the Commonwealth's Title III Proceeding. No provision of PROMESA addresses access to such draft documents. Rather, Plaintiff's claim of a right of access is premised solely on the laws of Puerto Rico. Accordingly, there is no plausible factual or legal basis for the proposition that the Mandamus Action arises "under" Title III of PROMESA. Nor, for substantially the same reasons, can the Mandamus Action be said to have arisen "in" the Commonwealth's Title III Proceeding.

"Arising in" proceedings are generally "those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." Middlesex Power, 292 F.3d at 68. It is not, however, sufficient for "arising in" jurisdiction that a claim merely arises in the context of a bankruptcy case or that it only exists because of the bankruptcy filing. Gupta v. Quincy Med. Ctr., No. 15-1183, 2017 WL 2389407, at *6 (1st Cir. June 2, 2017) (internal citation omitted). Instead, "for 'arising in' jurisdiction to apply, the relevant proceeding must have 'no existence outside of the bankruptcy.'" Id. (citation omitted).

5

"[T]he fundamental question is whether the proceeding by its nature, not its particular factual circumstance, could arise only in the context of a bankruptcy case." Id. (emphasis in original) (citation omitted).

The Mandamus Action predates the Commonwealth's Title III Proceeding and, while it is being maintained during the Title III Proceeding, it does not arise "in" that proceeding. Mere temporal concurrency is insufficient to bring a controversy within the scope of the jurisdictional grant for matters "arising" in a Title III Proceeding. The Mandamus Action could, and did, exist outside of the Title III context. It was brought independently, outside of PROMESA, and invokes Puerto Rican substantive and procedural law. See 32 L.P.R.A. § 1781.

Defendants have likewise failed to demonstrate that this action is "related to" the Commonwealth's PROMESA Title III case within the meaning of the jurisdictional statute. The First Circuit has recognized the well-established Pacor standard for determining whether a proceeding is "related to" a bankruptcy case. In re Santa Clara Cty Child Care Consortium, 223 B.R. 40, 45 (B.A.P. 1st Cir. 1998) (citing In re Parque Forestal, Inc., 949 F.2d 504, 509 (1st Cir. 1991) and In re G.S.F. Corp., 938 F.2d 1467, 1475 (1st Cir. 1991)). This standard, first adopted by the Third Circuit in Pacor, Inc. v. Higgins, 743 F.2d 984 (3rd Cir. 1984) and since followed by most Circuit Courts of Appeal, holds that "related to" jurisdiction exists when "the outcome of [the] proceeding could conceivably have any effect on the estate being administered in bankruptcy." Pacor, 743 F.2d at 994 (internal citations omitted). Although the proceeding "need not necessarily be against the debtor or against the debtor's property," its "outcome" must be one that "could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively)" and in some way "impact[] . . . the handling and administration of the bankruptcy estate." Id. "[T]he mere fact that there may be common issues of fact between a

6

civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope" of the provision. Id.

The Mandamus Action falls short of this conceivable effects test. Although litigation outside the Title III Proceeding, over rights of access to financial documents developed by the Commonwealth under PROMESA, could complicate the prosecution of the Title III Proceeding, there has been no showing that the outcome of the litigation regarding access to the documents could affect the Commonwealth's rights, liabilities or freedom of action, or otherwise conceivably have an effect on the adjustment of its debts or treatment of its property, in the context of this Title III Proceeding.

Furthermore, even if the conceivable effect of the Mandamus Action on this Title III Proceeding could be deemed sufficient to support "related to" jurisdiction, the Court finds that equitable remand of the issues herein, which are raised solely under Puerto Rican law, is appropriate because any such effect is greatly attenuated from the core issues on which this debt adjustment proceeding will turn. As noted above, PROMESA permits the remand of a claim or cause of action "on any equitable ground." See 48 U.S.C. § 2166(d)(2). Under the analogous statutory provision that applies to the remand of actions within the bankruptcy jurisdictional grant under 28 U.S.C. § 1452, courts in the First Circuit look to the following non-exclusive list of factors in determining whether equitable remand of a bankruptcy-related claim or cause of action is appropriate:

> (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed party.

7

Santa Clara, 223 B.R. at 46. These factors favor equitable remand of the Mandamus Action. As explained above, the Defendants have failed to articulate any plausible way in which the action will affect the administration of the Title III Proceeding. Plaintiff's claim exclusively involves Puerto Rican law. Comity considerations favor remand, as Commonwealth legal issues substantially predominate in the Mandamus Action. Finally, Defendants have not identified any prejudice, other than complication of discovery issues, that would result from this action being remanded to the Puerto Rican court.

## CONCLUSION

For the foregoing reasons, Plaintiff's Abeyance Request and Motion are granted. The Clerk of Court is directed to effectuate the remand and close this case. The Court does not address Defendants' Motion to Dismiss the complaint, which may be prosecuted in the original forum. This Memorandum Opinion and Order resolves Docket Entry Nos. 4, 12 and 14.

SO ORDERED.

Dated: June 13, 2017

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

8