# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

----------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

      Debtors.[1]

----------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO

      Debtor.

----------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

**Re: ECF No. 741**

(Jointly Administered)

PROMESA
Title III

No. 17 BK 3283-LTS

**This Objection relates only to the Commonwealth and shall only be filed in the lead Case No. 17 BK 3283-LTS.**

# OBJECTION OF THE COMMONWEALTH
# TO URGENT MOTION FOR RELIEF FROM THE AUTOMATIC STAY
# FILED BY BERNICE BEAUCHAMP-VELÁZQUEZ [ECF NO. 741]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

OBJECTION ........................................................................................................... 2

    I.    Movant's Claim that the Title III Stay Does Not Apply to the Prepetition
    Action is Barred by Res Judicata ......................................................... 2

    II.    The Title III Stay Applies to Movant's Claims for Attorneys' Fees and
    Costs Under IDEA ............................................................................... 4

    III.    Movant Has Failed to Establish that Cause Exists To Lift the Title III Stay
    to Continue the Prepetition Action ...................................................... 8

    IV.    The Governmental Unit Exception Under Bankruptcy Code Section
    362(b)(4) Does Not Apply to Movant ................................................ 14

CONCLUSION ....................................................................................................... 15

# TABLE OF AUTHORITIES

**Page**

**Cases**

Aunyx Corp. v. Canon U.S.A., Inc.,
   978 F.2d 3 (1st Cir. 1992), cert. denied, 507 U.S. 973 (1993) .................................. 3

Beauchamp-Velázquez v. Department of Education of Puerto Rico, et al.,
   Case No. 17-cv-1419 (WGY) (D.P.R. July 13, 2017) ............................... 2

Brandt v. Schal Assocs., Inc.,
   131 F.R.D. 512, 522 (N.D. Ill. 1990), aff'd, 960 F.2d 640 (7th Cir. 1992) ............................... 7

Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla,
   217 F. Supp. 3d 508 (D.P.R. 2016)........................................................................ 2, 7, 8

C & A, S.E. v. P.R. Solid Waste Mgmt. Auth.,
   369 B.R. 87 (D.P.R. 2007)........................................................................................ 8

Canales-Cancel v. Office of Civil Rights,
   Case No. 16-cv-2609 (FAB) [ECF No. 80] (D.P.R. June 23, 2017) ........................ 5

City Ins. Co. v. Mego Int'l, Inc. (In re Mego Int'l, Inc.),
   28 B.R. 324 (Bankr. S.D.N.Y. 1983).................................................................... 13

FCC v. NextWave Pers. Commc'ns Inc.,
   537 U.S. 293 (2003)............................................................................................... 11

Federated Dep't Stores, Inc. v. Moitie,
   452 U.S. 394 (1981).................................................................................................. 3

García-Cabeza v. Department of Education of Puerto Rico,
   Case No. 17-cv-1181 (WGY) [ECF No. 29] (D.P.R. June 21, 2017) ....................... 5

Grella v. Salem Five Cent Sav. Bank,
   42 F.3d 26 (1st Cir. 1994)........................................................................................ 3

In re BFW Liquidation, LLC, No. 09-00634-BGC-11, 2009 WL 8003536 (Bankr. N.D. Ala.
   Sept. 14, 2009) ...................................................................................................... 11

In re City of San Bernardino,
   558 B.R. 321 (C.D. Cal. 2016) ............................................................................ 6, 7

In re Gatke Corp.,
   117 B.R. 406 (Bankr. N.D. Ind. 1989)................................................................... 12

In re Jerome Berg,
   230 F.3d 1165 (9th Cir. 2000) ............................................................................... 14

In re Kmart Corp.,
   No. 02 C 7568, 2002 WL 31819033 (N.D. Ill. Dec. 11, 2002) .......................... 7, 14

In re Northwest Airlines Corp.,
   No. 05-17930 (ALG), 2006 WL 694727 (Bankr. S.D.N.Y. Mar. 13, 2006) ........... 12

# TABLE OF AUTHORITIES

**Page**

In re Residential Capital, LLC,
   Case No. 12-12020 (MG), 2012 WL 3860586 (Bankr. S.D.N.Y. Aug. 8, 2012) ................ 9, 10

In re SunEdison, Inc.,
   557 B.R. 303 (Bankr. S.D.N.Y. 2016) ...................................................................................... 12

Publicker Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.),
   980 F.2d 110 (2d Cir. 1992) ...................................................................................................... 11

Sonnax Indus., Inc. v. TriComponent Prods. Corp. (In re Sonnax Indus., Inc.),
   907 F.2d 1280 (2d Cir. 1990) ................................................................................................. 8, 10

Vázquez-Carmona v. Department of Education of Puerto Rico,
   No. 16-cv-1846, 2017 WL 2352153 (D.P.R. May 31, 2017) ...................................................... 5

Winkleman v. Parma City School District,
   550 U.S. 516 (2007)................................................................................................................ 6, 7

**Statutes**

48 U.S.C. § 2101 ............................................................................................................................ 10

48 U.S.C. § 2106 .............................................................................................................................. 5

48 U.S.C. § 2161 ............................................................................................................................ 10

48 U.S.C. § 2164 .............................................................................................................................. 4

Bankruptcy Code § 362 ................................................................................................................ 1, 5

Bankruptcy Code § 362(a) ............................................................................................................. 13

Bankruptcy Code § 362(a)(3) .......................................................................................................... 6

Bankruptcy Code § 362(b)(4) ....................................................................................................... 1, 4

Bankruptcy Code § 362(d)(1) .......................................................................................................... 1

Bankruptcy Code § 922 .................................................................................................................... 1

IDEA § 1400(c)(6) ............................................................................................................................ 1

IDEA § 1400(c)(8) ............................................................................................................................ 1

IDEA § 1400(i)(3)(B) ....................................................................................................................... 1

IDEA § 1412(a)(6) ............................................................................................................................ 4

IDEA § 1412(a)(6)(A) ...................................................................................................................... 1

IDEA § 1415 (i)(3) ........................................................................................................................... 4

IDEA § 1415(d)(2)(L) ...................................................................................................................... 1

IDEA § 1415(i)(3)(B) .................................................................................................................... 5, 9

IDEA §§ 1400-50 ............................................................................................................................. 1

PROMESA § 301(c)(3) ..................................................................................................................... 1

## TABLE OF AUTHORITIES

**Page**

PROMESA § 304(h) ................................................................................................. 1, 4, 6

PROMESA § 4 ........................................................................................................... 1, 4

PROMESA § 405(b) ................................................................................................... 5, 6

PROMESA § 7 ....................................................................................................... 1, 4, 5, 6

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") respectfully submits this objection (the "Objection") to the *Urgent Motion for Relief from the Automatic Stay Pursuant to PROMESA's Sections 4, 7, 301(c)(3), 304(h), IDEA's Sections 1400(c)(6), (c)(8), 1412(a)(6)(A), 1415(d)(2)(L), (i)(3)(B), Bankruptcy Code's Sections 362(b)(4), (d)(1), and Congress' Broad Powers Under the Spending Clause of the U.S. Constitution* [ECF No. 741] (the "Motion") filed by Bernice Beauchamp-Velázquez ("Movant").[2] The Commonwealth respectfully requests that the Court deny the Motion for the reasons set forth below.

## PRELIMINARY STATEMENT

1.     The Motion is a blatant attempt by Movant to re-litigate whether the automatic stay set forth in Bankruptcy Code sections 362 and 922 (the "Title III Stay"), made applicable by PROMESA section 301(a), applies to Movant's action to recover attorneys' fees and costs under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400-50. Movant's claims were already fully briefed and litigated before the United States District Court for the District of Puerto Rico (the "District Court") and the District Court entered an order finding that the Title III Stay applies to Movant's claims for attorneys' fees and costs. By the Motion, Movant seeks to re-litigate the same claims, between the same parties, under the same statutes, and before the same court but now within the context of the Commonwealth's Title III case. This Court should not entertain Movant's flagrant attempt to end-run the District Court's order that found the Title III Stay applies to Movant's claims.

---

[2]     The Financial Oversight and Management Board for Puerto Rico, as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Department of Justice to file this   Objection on behalf of the Commonwealth.

2.      Regardless of how Movant disguises its claims, Movant is seeking to recover a claim for compensatory relief against the Commonwealth, which is subject to the Title III Stay. Despite Movant's contentions that enforcing a claim for attorneys' fees and costs under a federal law somehow exempts it from the Title III Stay, Movant "must still satisfy the relevant balancing analysis applicable to all proceedings seeking relief from stay 'for cause shown.'" See Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 526 (D.P.R. 2016). As demonstrated below, Movant has failed to satisfy this burden and thus, the Motion should be denied.

## **OBJECTION**

### I.    **Movant's Claim that the Title III Stay Does Not Apply to the Prepetition Action is Barred by Res Judicata**

3.      By the Motion, Movant is seeking a determination that the Title III Stay does not apply to Movant's prepetition action for attorneys' fees and taxable costs under IDEA, which was filed on March 31, 2017 (the "Prepetition Action") in the District Court against the Commonwealth and the Department of Education (the "DOE"). While Movant acknowledges in the Motion that the District Court held that the Title III Stay applies to the Prepetition Action, Movant fails to acknowledge that the District Court specifically found that by asserting claims for attorneys' fees and costs under IDEA, Movant is seeking to recover a claim against the Commonwealth that is stayed under the Title III Stay (the "District Court Order"). See Memorandum and Order at 2-3, Beauchamp-Velázquez v. Department of Education of Puerto Rico, et al., Case No. 17-cv-1419 (WGY) (D.P.R. July 13, 2017), ECF No. 15.[3] Accordingly, Movant's claim that the Title III Stay does not apply to the Prepetition Action is barred by the doctrine of res judicata.

---

[3]     The District Court Order is attached hereto as Exhibit A.

2

4.      Under the doctrine of res judicata or claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) (applying res judicata and holding that plaintiff cannot file a state court action to avoid the preclusive effect of a prior federal judgment). Res judicata applies when a party attempts to re-litigate a claim where there is (i) a final judgment on the merits in the earlier action; (ii) an identity of parties in the two suits; and (ii) an identity of the cause of action in both suits. Aunyx Corp. v. Canon U.S.A., Inc., 978 F.2d 3, 6 (1st Cir. 1992), cert. denied, 507 U.S. 973 (1993). Once these elements are established, res judicata bars the re-litigation of any issue that was, or might have been, raised in respect to the subject matter of the prior litigation. Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 30 (1st Cir. 1994).

5.      Each of the elements of res judicata are satisfied with respect to Movant's claim that the Title III Stay does not apply to Movant's claims for attorneys' fees and costs under IDEA. First, the District Court Order denying Movant's claim in the Prepetition Action is a final order. Second, the parties in the Prepetition Action are the same parties implicated by the Motion. The Prepetition Action was brought by Movant against the Commonwealth and the DOE in the District Court and now Movant filed the Motion in the Commonwealth's Title III case pending before the District Court, implicating both the Commonwealth and the DOE. Not only is there an identity of parties in the two actions, but both actions are before the District Court. Third, by the Motion, Movant is asserting the exact same claims against the Commonwealth that it asserted against the Commonwealth with respect to the District Court Order. In its opposition to the notice of commencement of the Commonwealth's Title III case, which was overruled by the District Court, Movant argued pursuant to the Supremacy Clause of

the U.S. Constitution, PROMESA sections 4 and 7, IDEA sections 1412(a)(6) and 1415 (i)(3), and Bankruptcy Code section 362(b)(4) of the Bankruptcy Code that the Title III Stay did not apply to its claim for attorneys' fees and costs under IDEA. See Opposition Pursuant to the Supremacy Clause, PROMESA's Sections 4 and 7, IDEA's Section 1412(a)(6) and 1415(i)(3), and Bankruptcy Code's Section 362(b)(4) to Defendant's Motion to Stay the Proceedings, Beauchamp-Velázquez, Case No. 17-cv-1419 (D.P.R.), ECF No. 9. The District Court already examined the almost identical arguments now raised by Movant in the Motion when it entered the District Court Order, which clearly provides that the Title III Stay applies to Movant's claims for attorneys' fees and costs under IDEA. Accordingly, Movant is precluded under the doctrine of res judicata from re-litigating its claims that were previously resolved by the District Court in the Prepetition Action and the Court should deny the Motion with respect to Movant's argument that the Title III Stay does not apply to the Prepetition Action.

## II.   The Title III Stay Applies to Movant's Claims for Attorneys' Fees and Costs Under IDEA

6.      Even if this Court were to find that Movant is not barred by the doctrine of res judicata from pursuing its argument that the Title III Stay does not apply to the Prepetition Action, because Movant is asserting claims for compensatory relief under IDEA, such claims are subject to the Title III Stay.

7.      PROMESA section 304(h) provides that PROMESA "may not be construed to permit the discharge of obligations arising under Federal police or regulatory laws . . . or territorial laws implementing such Federal legal provisions. This includes compliance obligations, requirements under consent decrees or judicial orders, and obligations to pay associated with administrative, civil, or other penalties." 48 U.S.C. § 2164(h). In addition, PROMESA section 7 provides that "[e]xcept as otherwise provided in this Act, nothing in this

4

Act shall be construed as impairing or in any manner relieving a territorial government . . . from compliance with Federal laws or requirements or territorial laws and requirements implementing a federally authorized or federally delegated program protecting the health, safety, and environment of persons in such territory." Id. at § 2106.

8.     The Prepetition Action does not seek injunctive or declaratory relief against the Commonwealth under IDEA. Rather, the Prepetition Action seeks attorneys' fees and costs incurred by Movant in connection with Movant's resolved action under IDEA, which are claims for compensatory relief that fall under the administrative procedures provisions of IDEA. See 20 U.S.C. § 1415(i)(3)(B). Because Movant's claims are compensatory claims, the Prepetition Action is subject to the Title III Stay and PROMESA sections 7 and 304(h) do not apply. This distinction between injunctive and declaratory relief versus compensatory claims under IDEA is reinforced by the cases cited to Movant in the Motion. For example, in Vázquez-Carmona v. Department of Education of Puerto Rico, the District Court distinguished a claim for compensatory relief under IDEA from an action for injunctive or declaratory relief in finding that PROMESA section 405(b) (which by its terms is narrower than the Title III Stay) does not apply to an action seeking injunctive and declaratory relief under IDEA. No. 16-cv-1846, 2017 WL 2352153, at *1 (D.P.R. May 31, 2017) ("The relief requested is not monetary damages; rather, Plaintiff seeks injunctive and declaratory relief to enforce a federally protected right.").[4] See also Orders, García-Cabeza v. Department of Education of Puerto Rico, Case No. 17-cv-1181 (WGY) (D.P.R. June 21, 2017 and July 10, 2017), ECF Nos. 29 & 34 (allowing underlying IDEA action to proceed and expressly noting "PROMESA may ultimately affect the remedies that may be

---

[4]     Movant also cites to Order, Canales-Cancel v. Office of Civil Rights, Case No. 16-cv-2609 (FAB) (D.P.R. June 23, 2017), ECF No. 80, in support of its argument that the Title III Stay does not apply to the Prepetition Action. However, this case involved a motion to lift the PROMESA stay to proceed with a substantive action under IDEA and did not involve an administrative request for attorneys' fees and costs and is thus, distinguishable from the Prepetition Action.

afforded [under that order]" and that the Court has not determined whether the stay applies to attorneys' fees).[5]

9.      Notably, in the District Court Order pursuant to which the District Court determined that the Title III Stay applies to the Prepetition Action, the District Court examined and explicitly distinguished the Vázquez-Carmona decision by noting that in Vázquez-Carmona the District Court addressed whether the merits of IDEA litigation are stayed and not whether a request for attorneys' fees and costs are stayed, which are a "different matter." See District Court Order at 2-3. Thus, the cases that have examined whether the Title III Stay or the stay under PROMESA section 405(b) apply to actions under IDEA have made a clear distinction between actions seeking declaratory or injunctive relief under IDEA and those actions seeking attorneys' fees and costs under IDEA. Although PROMESA sections 304(h) and 7 may operate to forbid using PROMESA to impair the Commonwealth's compliance with federal laws protecting the health and safety of the public, such sections do not operate to disarm the Commonwealth from the protections of the automatic stay with respect to claims for compensatory relief. This is because "[a]t bottom, an action that seeks to recover attorneys' fees from the debtor is unquestionably one that attempts to obtain possession of the property of the debtor, and is thus subject to stay under §362(a)(3)." In re City of San Bernardino, 558 B.R. 321, 331 (C.D. Cal. 2016).

10.     Movant's reliance on the Supreme Court's decision in Winkleman v. Parma City Sch. Dist., 550 U.S. 516 (2007) is similarly misplaced. Movant cites to Winkleman for further support that the Title III Stay does not apply to the Prepetition Action. See Motion at 8-10. However, the question before the Supreme Court in Winkleman was limited to "whether parents,

---

[5]     Judge Young's decision regarding attorneys' fees in the García-Cabeza case predates the District Court Order, in which Judge Young determined that the Title III Stay applies to claims for attorneys' fees.

either on their own behalf or as representatives of the child, may proceed in court unrepresented by counsel though they are not trained or licensed as attorneys." Winkleman, 550 U.S. at 520. The Supreme Court was focused on the distinction between rights afforded to parents and children under IDEA and not the distinction between substantive and administrative rights under IDEA. The Winkleman decision makes reference to claims for attorneys' fees under IDEA for the limited purpose of providing evidence of independent, enforceable rights provided to parents under IDEA. Id. at 526. While the Supreme Court does not evaluate the nature of attorneys' fees under IDEA, it does note that claims for attorneys' fees are a means of cost recovery, thereby supporting the argument that a claim for attorneys' fees is a claim for compensatory relief subject to the Title III Stay. Id.

11.     Lastly, the fact that Movant's claims arise under Federal law or the Constitution does not automatically exempt such claims from the Title III Stay. See Brigade, 217 F. Supp. 3d at 526 ("The mere fact that [Movant] bring[s] claims pursuant to the Federal and Commonwealth Constitutions does not, however, entitle them to automatic circumvention of the PROMESA stay."); In re City of San Bernardino, 558 B.R. at 330 (finding that there is no exception to the Bankruptcy Code's automatic stay for constitutional claims, even if that category of claims is "deserving" of an exemption); Brandt v. Schal Assocs., Inc., 131 F.R.D. 512, 522 (N.D. Ill. 1990), aff'd, 960 F.2d 640 (7th Cir. 1992) (holding that although attorneys' fees are warranted pursuant to statutory authority, the court "cannot order the current payment [of such fees] by reason of the bankruptcy stay . . . ."); In re Kmart Corp., No. 02 C 7568, 2002 WL 31819033, at *3 (N.D. Ill. Dec. 11, 2002) (affirming bankruptcy court's denial of plaintiffs request for relief from stay, requiring plaintiff to show "cause" for stay relief notwithstanding underlying action was brought under the Americans with Disabilities Act (ADA)).

12.     Accordingly, Movant's claims for attorneys' fees and costs under IDEA are subject to the Title III Stay. To obtain relief from the Title III Stay, Movant must satisfy the relevant balancing analysis and demonstrate that "cause" exists to lift the stay, which as demonstrated below, Movant has failed to do.

### III.   Movant Has Failed to Establish that Cause Exists To Lift the Title III Stay to Continue the Prepetition Action

13.     To determine whether "cause" exists to grant relief from the automatic stay, courts examine numerous different factors, including those set forth in Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1286 (2d Cir. 1990).[6] See Brigade, 217 F. Supp. 3d 5at 518 ("To help guide their analysis of whether to enforce or vacate the stay, some courts, including those in this district, have relied upon a laundry list of assorted factors." (citing In re Sonnax Indus., Inc., at 1286; C & A, S.E. v. P.R. Solid Waste Mgmt. Auth., 369 B.R. 87, 94-5 (D.P.R. 2007)).

14.     As an initial matter, if a movant "fails to make an initial showing of cause" under Bankruptcy Code section 362(d)(1), "the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection." In re Sonnax Indus., Inc., 907 F.2d at 1285. Where a motion seeking relief from the automatic stay is filed by an unsecured creditor,

---

[6]   The twelve factors adopted by the Second Circuit in Sonnax are:

   (1) whether relief would result in a partial or complete resolution of the issues;
   (2) lack of any connection with or interference with the bankruptcy case;
   (3) whether the other proceeding involves the debtor as a fiduciary;
   (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
   (5) whether the debtor's insurer has assumed full responsibility for defending it;
   (6) whether the action primarily involves third parties;
   (7) whether litigation in another forum would prejudice the interests of other creditors;
   (8) whether the judgment claim arising from the other action is subject to equitable subordination;
   (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
   (10) the interests of judicial economy and the expeditious and economical resolution of litigation;
   (11) whether the parties are ready for trial in the other proceedings; and
   (12) impact of the stay on the parties and the balance of harms.

   See In re Sonnax Indus., Inc., 907 F.2d at 1286.

"the policies of the automatic stay weigh against granting the relief requested." In re Residential Capital, LLC, No. 12-12020 (MG), 2012 WL 3860586, at *5 (Bankr. S.D.N.Y. Aug. 8, 2012). "[T]he general rule is that claims that are not viewed as secured in the context of § 362(d)(1) should not be granted relief from the stay unless extraordinary circumstances are established to justify such relief." Id. (citations omitted).

15.     As discussed above, the Prepetition Action seeks only attorneys' fees and costs under IDEA. The Prepetition Action was filed on March 31, 2017, and on July 13, 2017, the District Court entered the District Court Order finding that the Title III Stay stayed the continuation of the Prepetition Action and administratively closed the Prepetition Action. See District Court Order at 5. Because the Prepetition Action was filed shortly before commencement of the Commonwealth's Title III case, the action is still at a preliminary stage, and thus, the majority of the Sonnax factors are in favor of maintaining the Title III Stay and denying the Motion.

16.     **Sonnax Factors 1, 10, and 11**: Although, Movant argues that the "only issue remaining is to determine the exact amount of attorneys' fees deemed reasonable," such a determination is quite an undertaking. See Motion at 20. As Movant disclosed in the Motion, the Commonwealth and the DOE need to review the invoices and time entries submitted by Movant's counsel and prepare and file a memorandum stating objections to such time entries. Id. Movant must also be given an opportunity to reply to such opposition and the Commonwealth and the DOE have the ability to file a sur-reply to any reply filed by Movant. Id. That does not take into account any discovery or briefing that may need to be undertaken in connection with the determination of Movant's attorneys' fees and costs.

17.     Due to the timing of the filing of the Prepetition Action, the majority of the action

9

has been spent litigating whether the Title III Stay applies to Movant's claims. In order for the Prepetition Action to move forward, the Commonwealth will need to expend considerable time and expense to review and defend Movant's claims for attorneys' fees and costs. As such, the parties are not ready to proceed to trial in the Prepetition Action and granting the Motion will neither promote judicial economy nor result in the timely resolution of the issues. Thus, Sonnax factors 1, 10, and 11 weigh in favor of denying the Motion. See In re Sonnax Indus., Inc., 907 F.2d at 1287 (denying motion to lift the stay where, among other things, "the litigation in state court has not progressed even to the discovery stage [and] the bankruptcy proceeding provides a single, expeditious forum for resolution of the disputed issues."); In re Residential Capital, LLC, 2012 WL 3860586 at *6 (denying motion to lift the stay where, among other things, "there has been no motion practice addressing the sufficiency of the pleadings or of the evidence supporting the claims or defenses …[and] trial preparation … all remain to be done").[7]

18.    **Sonnax Factors 2 and 7**: Title III of PROMESA applies with respect to all debts, claims, and liens asserted against a Title III debtor (as such terms are defined in Bankruptcy Code section 101), created before, on, or after the commencement of the Title III case. See 48 U.S.C. § 2101. The definition of "claim" in the Bankruptcy Code "contemplates that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case . . . [and] permits the broadest possible relief in the bankruptcy court." H.R. Rep. No. 95–595, at 309 (1977).[8] Recognizing this principle, the Supreme Court has held that a

---

[7]    Further, Movant argues that denying the Motion would not promote judicial economy because "special needs children cannot be treated 'as though they were nonperishable commodities able to be warehoused until the termination of in rem proceedings.'" See Motion at 24. Not only is this argument inflammatory but Movant blatantly ignores that the Prepetition Action only seeks the payment of attorneys' fees and costs. Movant's substantive action under IDEA has been resolved and the Commonwealth is fully complying with such order.

[8]    In the Motion, Movant cites to PROMESA section 301(c)(3) as the definition of "holder of claim or interest" for all purposes of PROMESA, however, that is clearly not what this section provides. Rather, section 301(c)(3) provides that for purposes of Bankruptcy Code section 1126 certain types of claims are excluded from the term "holder of a claim or interest." See 48 U.S.C. § 2161.

"claim" has "the broadest available definition." <u>FCC v. NextWave Pers. Commc'ns Inc.</u>, 537
U.S. 293, 302 (2003).

19.     As a potential prepetition, unsecured creditor of the Commonwealth, Movant's
claims are subject to the claim resolution process that will be undertaken in the Title III Case.
Requiring the Commonwealth to defend Movant's claims before determination of what that
process will look like would undermine such process and upend the "strong bankruptcy code
policy that favors centralized and efficient administration of all claims in the bankruptcy court"
<u>See</u> <u>Publicker Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.)</u>, 980 F.2d 110, 117 (2d
Cir. 1992) (citations omitted); <u>see also</u> <u>In re BFW Liquidation, LLC</u>, No. 09-00634-BGC-11,
2009 WL 8003536, at *3 (Bankr. N.D. Ala. Sept. 14, 2009) ("[T]he effect of lifting the stay for
all such claimants and requiring debtors to defend lawsuits in diverse forums merely to establish
what share, if any, the claimants filing those suits will have in whatever is left of bankruptcy
estates would hinder the goals of the automatic stay and the summary process for adjudicating
and liquidating claims.").

20.     Movant argues that creditors will not be affected by any disbursements for
payment of its attorneys' fees because such fees will be paid from federal funds, however,
Movant fails to recognize that defending actions in various forums costs the Commonwealth
time, resources, and money. Lifting the Title III Stay to proceed with the Prepetition Action will
divert the Commonwealth's limited attention and resources to defending Movant's claims in
multiple forums. Moreover, Movant is not the only claimant who may assert that their claim is
entitled to payment from federal funds. To permit Movant to move forward with such claims
now on the basis that its claims may be entitled to payment from federal funds could impact
similarly situated creditors in the Title III case and could encourage other creditors to seek

similar relief. Thus, <u>Sonnax</u> factors 2 and 7 weigh in favor of denying the Motion. <u>See</u> <u>In re</u> <u>SunEdison, Inc.</u>, 557 B.R. 303, 308 (Bankr. S.D.N.Y. 2016) (holding "cause" did not exist to lift automatic stay where "debtors [were] defendants in several lawsuits asserting 'massive' claims that could have a 'very major effect on stakeholder recoveries'" and allowing relief from stay in that instance would open up the "floodgates" for creditors seeking similar relief) (citation omitted); <u>In re Gatke Corp.</u>, 117 B.R. 406, 410 (Bankr. N.D. Ind. 1989) (denying motion to lift stay to allow state court suit to proceed against debtor, even though stay of litigation would cause hardship to defendant, because granting relief from stay would, among other things, encourage the filing of "similar requests for relief by plaintiffs of pending lawsuits"); <u>In re Northwest Airlines Corp.</u>, No. 05-17930 (ALG), 2006 WL 694727, at *2 (Bankr. S.D.N.Y. Mar. 13, 2006) ("To allow the automatic stay to be lifted with respect to this action at this time would prompt similar motions and require the Debtors to spend an inordinate amount of time and money on litigation and detract from the Debtors' attempts to restructure . . . interfer[ing] with judicial economy and the Debtors' process of reorganization.") (citations omitted).

21.     **<u>Sonnax Factor 3</u>**: The Prepetition Action does not involve the Commonwealth as a fiduciary and Movant has not made such an assertion nor provided any evidence to support such an assertion. Thus, <u>Sonnax</u> factor 3 weighs in favor of denying the Motion.

22.     **<u>Sonnax Factor 4</u>**: If the Motion is denied and this Court finds that the Title III Stay applies to the Prepetition Action, Movant's claims will be addressed in the claims resolution process that will be undertaken in the Commonwealth's Title III case, which is pending before the District Court. Contrary to Movant's assertion in the Motion, Movant's claims will not be adjudicated by a bankruptcy court. <u>See</u> Motion at 24. Moreover, as Movant acknowledges in the Motion, "the District Court is not a specialized tribunal for hearing IDEA cases." <u>Id.</u> Regardless,

as the Commonwealth's Title III case is pending before the District Court, the District Court will still be the court to adjudicate Movant's claims. Thus, Sonnax factor 4 weighs in favor of denying the Motion.

23. **Sonnax Factor 5**: The Commonwealth does not have insurance coverage for the claims raised in the Pending Action and Movant has not provided any evidence to support such an assertion. Thus, Sonnax factor 5 weighs in favor of denying the Motion.

24. **Sonnax Factor 6**: The Commonwealth and the DOE, which is an agency of the Commonwealth, are both protected under Bankruptcy Code section 362(a). Thus, the Prepetition Action cannot be characterized as primarily involving third parties and Sonnax factor 6 weighs in favor of denying the Motion. See City Ins. Co. v. Mego Int'l, Inc. (In re Mego Int'l, Inc.), 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983) (denying motion to lift the stay where debtor was more than a mere conduit for the flow of proceeds and the action impacted the "property and administration of [the debtor's] estate.").

25. **Sonnax Factor 12:** Balancing of the harms clearly favors denial of the Motion. The impact on the Debtors if the Motion were to be granted would outweigh any harm that Movant would suffer if the automatic stay remains in place. The procedural status of the Prepetition Action, the large number of pending lawsuits against the Commonwealth, the diversion of the Commonwealth's resources to defend Movant's claims, and the prejudice to interests of other similarly situated creditors all weigh in favor of continuing the Title III Stay at this early juncture of the Commonwealth's Title III case. On the other hand, postponing liquidation of Movant's claims will neither adversely affect Movant's nor promote judicial economy. Since, the underlying IDEA case was resolved and Movant's child is being provided proper care, there is nothing urgent about Movant's claim for attorneys' fees and costs.

Expedition of Movant's claims for attorneys' fees and costs will not save the Commonwealth any time or money. Rather, it will force the Commonwealth to spend time and money now to liquidate claims that may only be paid, if at all, under a confirmed plan of adjustment. See In re Kmart Corp., 2002 WL 31819033, at *1 (affirming bankruptcy court's denial of plaintiffs' request for relief from stay to allow action arising under the Americans with Disabilities Act (ADA) to proceed where the debtors would have to absorb the cost of litigating the action and could be required to pay attorneys' fees under the ADA's fees-shifting provision). Thus, Sonnax factor 12 weighs in favor of denying the Motion.

## IV. The Governmental Unit Exception Under Bankruptcy Code Section 362(b)(4) Does Not Apply to Movant

26.    Lastly, as Movant admits in the Motion, it is "clearly not a 'governmental unit' qualified to seek exemption [from the automatic stay] under section 362(b)(4)." See Motion at 31-32. That should be the end of this inquiry, however, Movant attempts to argue that the District Court is the governmental unit that is exempt from the Title III Stay under Bankruptcy Code section 362(b)(4). Id. There are very few instances where a court has been deemed a governmental unit exempt from the automatic stay under Bankruptcy Code section 362(b)(4) and none of those circumstances apply here. For example, in In re Jerome Berg, which was cited by Movant in support of its argument, the court was allowed to act as a governmental unit under section 362(b)(4) for public policy reasons to sanction the debtor for misconduct. 230 F.3d 1165, 1167 (9th Cir. 2000) ("[The 362(b)(4)] exemption 'prevent[s] the bankruptcy court from becoming a haven for wrongdoers.'"). In Berg, the court held that "the purpose of such sanctions is to effectuate public policy, not to protect private rights." Id. at 1168. Movant has not cited any cases where a court was allowed to step into the shoes of a bankruptcy claimant to lift the automatic stay to enforce private rights. Accordingly, Movant's argument that the Prepetition

Action is exempt for the Title III Stay under Bankruptcy Code section 362(b)(4) should be denied. Movant is not a governmental unit within the meaning of section 362(b)(4) and the District Court should not be allowed to step into the shoes of Movant to bring Movant's claims against the Commonwealth.

## <u>CONCLUSION</u>

27.     For the foregoing reasons, this Court should deny Movant's blatant attempt to re-litigate the District Court Order under the doctrine of res judicata and enter an order maintaining the Title III Stay with respect to the Prepetition Action as Movant has failed to establish extraordinary circumstances that justify the lifting of the stay. Accordingly, the Court should grant the Objection and deny the Motion.

*[Remainder of Page Intentionally Left Blank]*

Dated:  August 8, 2017
         San Juan, Puerto Rico

Respectfully submitted,

**WANDA VÁZQUEZ GARCED**
Secretary of Justice

*/s/ Wandymar Burgos Vargas*
**WANDYMAR BURGOS VARGAS**
USDC 223502
Deputy Secretary in Litigation
Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Phone: 787-721-2940 Ext. 2500, 2501
wburgos@justicia.pr.gov

*Attorneys for the Commonwealth of Puerto Rico*

16

## Exhibit A

**District Court Order**

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO (San Juan)

|  |  |
|---|---|
| BERNICE BEAUCHAMP-VELAZQUEZ, *personally and on behalf of her minor daughter, A.M.B.,*<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF EDUCATION OF PUERTO RICO, and COMMONWEALTH OF PUERTO RICO,<br><br>Defendants. | CIVIL ACTION NO. 3:17-01419-WGY |

YOUNG, D.J.[1]                                           July 13, 2017

## MEMORANDUM AND ORDER

The Court has been under a misapprehension concerning the procedural posture of this case (Candidly, I mixed it up with another IDEA case with a similar caption). Accordingly, the Court's orders of June 21, 2017 (Docket No. 11) and July 10, 2017 (Docket No. 14) are VACATED as inapposite.

In fact, this case presents the issue whether a valid claim for attorneys' fees and costs made following the successful resolution of an IDEA case in the plaintiffs' favor must nevertheless be stayed pursuant to Title III of PROMESA. The

---

[1] Of the District of Massachusetts, sitting by designation.

issue has been fully briefed and well presented. Reluctantly, this Court concludes that the stay applies here.

The Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400-50, provides that successful claimants may recover their reasonable attorneys' fees and costs. Id. § 1415(i)(3)(B). The plaintiffs here are such successful claimants. Title III of the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA"), 48 U.S.C. §§ 2101-2241, incorporates -- with certain exceptions -- the automatic litigation stay provisions expressed in sections 362(a) and 922(a) of the Bankruptcy Code. Id. § 2161. Section 362(a) automatically stays any judicial proceeding "to recover a claim against the debtor" (here the Commonwealth of Puerto Rico) and Section 101(5) of the Bankruptcy Code provides:

> The term 'claim' means --
> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

Read harmoniously, PROMESA's bankruptcy-like stay operates to delay this otherwise lawful claim for attorneys' fees.

The decision of my colleague Judge Gelpi in Vazquez-Carmona v. Department of Education of Puerto Rico, No. 16-1846 (GAG),

[2]

Case 3:17-cv-01918-WGY Document 15 Filed 07/13/17 Page 9 of 9

2017 WL 2352153 (D.P.R. May 31, 2017), is not to the contrary,
as Judge Gelpi made clear in his order of June 9, 2017.  Like
Judge Gelpi, I agree that the automatic stay does not frustrate
the proper adjudication of the merits of IDEA litigation or the
immediate implementation of any remedial orders stemming
therefrom (even though the very fact of on-going litigation and
remedial orders may impose a financial burden on the
Commonwealth of Puerto Rico).  The claim for attorneys' fees,
however, is a different matter -- one not yet addressed by Judge
Gelpi.  That sad duty falls to this Court.

The decision of Judge Wright in a similar governmental
bankruptcy is instructive and persuasive:

> At bottom, an action that seeks to recover attorneys' fees
> from the debtor is unquestionably one that attempts to
> obtain possession of the property of the debtor, and is
> thus subject to stay under §362(a)(3).  In re City of
> Stockton, Cal., 499 B.R. 802, 807 (Bankr. E.D. Cal 2013)
> ("[A] monetary award in the form of fees, costs, or
> otherwise leaves a potential for offending § 362(a)(3)
> . . .").

In re City of San Bernardino, 558 B.R. 321, 331 (C.D. Cal.
2016).

This Court is not unmindful of the consequences of its
ruling.  The attorneys' fees provisions of IDEA were carefully
crafted by Congress to give the parents of our most vulnerable
children some support and leverage in fighting for the rights of
their disadvantaged sons and daughters.  Now this Court consigns

[3]

successful counsel to the limbo of a bankruptcy claim along with
hundreds of thousands of other claimants who may be equally
deserving.

Let's talk plainly.  This ruling illustrates the
difficulties of applying bankruptcy principles to government
entities.  Governments large and small are not capitalist for-
profit entities, investing for hope of gain while running the
risk of loss.  Governments are intimately involved in securing
to each of us the blessings of "life, liberty, and the pursuit
of happiness."  The Declaration of Independence para 2 (U.S.
1776).  Indeed, we believe that is why governments are
"instituted among [us], deriving their just powers from the
consent of the governed."  Id.

In this case, no well-run law firm can long endure in this
line of work if all they can expect is a bankruptcy claim.  As
competent legal representation dries up, parents in Puerto Rico
in need of the protections of IDEA will find themselves bereft
of the advantages enjoyed by their fellow citizens throughout
the states of the United States.  In a very real sense, they
will no longer share equally in the protection of the laws.  And
this is but one example.  It is amplified across the entire
swath of governmental services provided by the Commonwealth of
Puerto Rico.  True, no such constitutional issue is yet before
me but it looms imminent.  Practically, our fellow citizens in

Puerto Rico understand this full well.  They are leaving in droves.  Eric Platt, <u>Puerto Rico: An island's exodus</u>, Financial Times (Aug. 25, 2016), https://www.ft.com/content/f9251a80-652b-11e6-a08a-c7ac04ef00aa; Leonor Ayala Polley, <u>'Forced Exile,' Say Puerto Ricans Leaving Island Amid Financial Crisis</u>, NBC News (May 3, 2016), http://www.nbcnews.com/news/latino/forced-exile-say-puerto-ricans-leaving-island-amid-financial-crisis-n566781; Jonathan Levin & Rebecca Spalding, <u>Puerto Rico's Exodus is Speeding the Island's Economic Collapse</u>, Bloomberg (June 2, 2017), https://www.bloomberg.com/news/articles/2017-06-02/-i-had-to-choose-for-my-family-thousands-fleeing-puerto-rico. Do those of us who enjoy voting representation in Congress truly appreciate what we have done?

**ORDER**

For the reasons set forth above, this application for attorneys' fees and costs is stayed and the case administratively closed.  It may be reopened upon motion of any party should the stay be lifted or the bankruptcy proceedings conclude, whichever shall first occur.

**SO ORDERED.**

By the Court,

*William G. Young*
WILLIAM G. YOUNG
DISTRICT JUDGE