# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: | PROMESA |
| **THE FINANCIALOVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO** | Title III |
| | Case No. **17 BK 3283-LTS** |
| As representative of: | (Jointly Administered) |
| **THE COMMONWEALTH OF PUERTO RICO, et al.** | |
| Debtor | |

**REPLY TO OBJECTION OF THE COMMONWEALTH OF PUERTO RICO TO MOTION FOR RELIEF OF STAY FILED BY CARLOS GUZMAN NIEVES; ORLANDO ARROYO MORALES; ANGEL L. MARTINEZ ALVAREZ & SAMMY BAEZ FIGUEROA (DOCKET NO. 855)**

**TO THE HONORABLE COURT:**

**COMES NOW,** Mr. Carlos Guzman Nieves; Mr. Orlando Arroyo Morales; Mr. Angel L. Martinez Alvarez and Mr. Sammy Baez Figueroa (hereinafter "the Movants"), through the undersigned counsel, and respectfully alleges and prays as follows:

## I. INTRODUCTION

1. On July 19, 2017, Mr. Carlos Guzman Nieves; Mr. Orlando Arroyo Morales; Mr. Angel L. Martinez Alvarez and Mr. Sammy Baez Figueroa (hereinafter **"the Movants"**), filed a motion for relief from stay pursuant to 11 U.S.C. § 362 (d)(1) of the Bankruptcy Code applicable to the present case through Section 301(a) of Title III of the Puerto Rico Oversight, Management and Economic Stability Act (hereinafter **"PROMESA"**) (Docket No. 667).

2. The Debtor, the Commonwealth of Puerto Rico, having been authorized by the Financial Oversight and Management Board for Puerto Rico (hereinafter the

1

"Oversight Board") and through the Commonwealth's own Department of Justice, filed an *"OBJECTION OF THE COMMONWEALTH TO MOTION REQUESTING TEMPORARY LIFT OF STAY TO ALLOW CIVIL LITIGATION TO PROCEEED FILED BY CARLOS GUZMAN NIEVES, ORLANDO ARROYO MORALES, ANGEL L. MARTINEZ ALVAREZ AND SAMMY BAEZ FIGUEROA ECF NO. 667"* (hereinafter the "Objection") (Docket No. 855).

3. After reviewing the Objection filed by the Commonwealth, the Movants sustains the Debtor has failed to meet its burden by failing to demonstrate that it is entitled to the stay.

4. First of all Debtor fails to prove any prejudice by temperately lifting the stay, and no great prejudice to the bankruptcy estate would result.

Second, All movants - Plaintiff' in the local courts are entitle to know want amount is owed to them, if any, by Debtor so they can filed a valid proof of claim, and or request payment by the other co-defendants.

Third, according to the estimate time that this case will last, many, many years, it is highly probable that movants will be extremely prejudice, due to the lost of evidence, destruction of the videos, lost of witnesses, etc.

According to the Secretary of Justice, the attorneys for the Civil Litigation Department are not doing anything due to the fact that all cases have been stayed.

It is obvious that Debtor will not stipulate to a temperately lifting of the stay, never the less, one is not necessary. An exoneration stipulation is not needed. On two occasions, this Court has reserved ruling on the issue of whether an exoneration stipulation is required before a stay may be lifted. See *Odeco Oil &*

2

*Gas Co. v. Bonnette*, 74 F.3d 671, 675 n.7 (5th Cir. 1996); *Texaco v. Williams*, 47 F.3d 765, 769 (5th Cir. 1995); *In re Falcon Inland, Inc.*, 2 F.Supp. 2d 835 (E.D. La. 1998)(Fallon, J.), and *In re TT Boat Corp.*, 1999 WL 380863 (E.D. La. 1999)(Duval, J.). Those cases that do not require an exoneration stipulation stand on firmer ground. See generally *In re Falcon Inland, Inc.*, 2 F.Supp. 2d 835 (E.D. La. 1998).

In determining whether cause exists, most courts "balance the hardship to the creditor, if he is not allowed to proceed with his lawsuit, against potential prejudice to the debtor, debtor's estate and other creditors." *In re R.J. Groover Constr., LLC,* 411 B.R. 460, 463-64 (Bankr. N.D. Ga. 2008). In carrying out this balancing test, courts have considered numerous factors, including:

(1) Whether relief would result in a partial or complete resolution of the issues.

(2) The lack of any connection with or interference with the bankruptcy case.

(3) Whether the other proceeding involves the debtor as a fiduciary.

(4) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action.

(5) Whether the debtor's insurer has assumed full responsibility for defending it;

(6) Whether the action primarily involves third parties.

(7) Whether litigation in another forum would prejudice the interests of other creditors.

(8) Whether the judgment claim arising from the other action is subject to equitable subordination.

(9) Whether Movant's success in the other proceeding would result in a judicial lien available by the debtor.

(10) The interests of judicial economy and the expeditious and economical resolution of the litigation.

(11) Whether the parties are ready for trial in the other proceeding;

(12) The impact of the stay on the parties and the balance of harms. *In re New York Medical Group, P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001); *see also Sonnax Industries Inc. v. Tri Component Production Corp.* (*In re Sonnax Industries, Inc.*), 907 F.2d 1280, 1286 (2d Cir. 1990); *Goya Foods, Inc. v. Unanue-Casal, (In re Unanue-Casal)* 159 B.R. 90, 96 (D.P.R. 1993) *aff'd* 23 F.3d 395 (1st Cir. 1994); *In re Busch*, 294 B.R. 137, 141 n.4 (10th Cir. B.A.P. 2003); *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984). In weighing these factors, courts only consider those factors that are relevant to the particular case at hand and do not assign equal weight to each factor. *In re Mazzeo*, 167 F.3d 139, 143 (2d Cir. 1999). In this case, eight of the factors are relevant and all weigh heavily in favor of lifting the stay so that the Movants can continue to prosecute their personal injury claims in the Puerto Rico courts.

**A. LIFTING THE STAY TO ALLOW THE STATE COURT LITIGATION TO PROCEED WILL COMPLETELY RESOLVE THE ISSUES BETWEEN THE DEBTORS AND THE MOVANTS (FACTOR ONE)**

This Court can completely resolve the issues between the parties by lifting the automatic stay. The only issues that exist between the Movants and the Debtors are the amounts, owed if any, underlying personal injury lawsuits. If the Court lifts the stay and allows the Movants to litigate their personal injury claims to conclusion, the relationship

between the Movants and the Debtors will be over and movants can file their claims. Thus, the first factor favors lifting the stay.

B. **LIFTING THE STAY WILL NOT INTERFERE WITH THE BANKRUPTCY CASE (FACTOR TWO)**

The second factor—whether the state court proceedings are connected with or will interfere with the bankruptcy case—also supports lifting the stay. Movants seek to liquidate their claims in the state court litigation as a predicate to recovering under applicable insurance policies and from other non-debtor sources. "Numerous courts have permitted the stay to be lifted when the movant is simply seeking to establish the fact and amount of the debtor's liability and, as in this case, the movant has stipulated that any recovery will be sought from the debtor's insurer or a codefendant." *In re Peterson,* 116 B.R. 247, 250-51 (D. Colo. 1990). In such cases, "there can be no legitimate complaint that the estates will be dissipated by allowing the litigation to go forward." *In re 15375 Memorial Corp*, 382 B.R. 652, 689 (Bankr. D. Del. 2008); "Where, as here, the plaintiffs have agreed that they will not seek any recovery from estate assets, there is no basis for continuing the automatic stay"; *In re Grace Indus., Inc*., 341 B.R. 399, 405 (Bankr. E.D.N.Y. 2006); s*ee also In re Todd Shipyards Corp*., 92 B.R. 600, (Bankr. D. N.J. 1988)("Since the movants only seek to litigate their claims to the point of judgment and do not seek relief from the stay in order to attach the property of the debtor, such relief does not interfere with the bankruptcy proceedings").

### C. THE STATE COURT LITIGATION HAS BEEN COORDINATED BEFORE A SPECIALIZED TRIBUNAL WITH NECESSARY EXPERTISE (FACTOR FOUR)

The motion to lift stay should be granted for another reason: the cases are pending before a specialized tribunal with the necessary expertise, because the cases contain numerous common issues of law and fact. The present case requires experts in medicine, engineering, etc. Thus, the fourth factor supports lifting the stay so the cases may continue before a state court judge. *See In re White*, 851 F.2d 170, 173-74 (6th Cir. 1988)(lifting of stay affirmed because state law issues are best left to state courts to resolve).

### D. THE DEBTOR'S INSURANCE CARRIER HAS ASSUMED RESPONSIBILITY (FACTOR FIVE)

The next relevant factor is whether a debtor's insurance carrier has assumed responsibility for defending the state court litigation. If so, then lifting the stay to allow the state court litigation to proceed will not prejudice the debtors.

The Debtors and/or co-defendants in the state court proceedings have insurance coverage for the claims that are the subject of this case. They purchased liability policies from Insurance Company. Movants made claims during the period covered by the policies so there is no doubt there is a duty to defend the litigation.

Debtors are represented in the state court litigation by its own law firm. Therefore no extra cost in paying the attorneys' fees and expenses related to that defense, they will not suffer any financial burden from continuing to defend those cases. Thus, factor five also strongly favors lifting the stay. *Holtkamp v. Littlefield* (*In re Holtkamp*), 669 F.2d 505, 508 (7th Cir. 1982)(stay lifted to allow civil action to go forward since insurer assumed full responsibility for defending litigation); *Elliott v. Hardison*, 25 B.R. 305, 308

6

(E.D. Va. 1982)("Where the claim is one covered by insurance or indemnity, continuation of the action should be permitted since hardship to the debtor is likely to be outweighed by hardship to the plaintiff." (quoting 2 Collier on Bankruptcy ¶ 362.07[3] (15th ed. 1980).

E.  THE STATE COURT LITIGATION PRIMARILY INVOLVES THIRD PARTIES (FACTOR SIX)

The sixth factor—whether the litigation outside of bankruptcy primarily involves third parties—also favors lifting the stay. The state court litigation is comprised of four cases. Of those only Debtor is in bankruptcy. The stay should be lifted so that the rights of the non-bankrupt parties can be adjudicated promptly in the state courts.

F.  LIFTING THE STAY WILL NOT PREJUDICE OTHER CREDITORS (FACTOR SEVEN)

Another factor that supports granting the motion to lift the stay is that the state court litigation will not prejudice the interests of other creditors. Movants will most likely would collect any judgment against the Debtors solely from the applicable insurance proceeds and or other co-defendants. In addition the lifting of the stay would be until judgment is entered, thus, the other creditors in the bankruptcy will not be harmed by granting the motion because Movants will not be able to enforce any judgment directly against the Debtors or their estates. See *R.J. Groover Construction*, 411 B.R. at 465; *In re Loudon*, 284 B.R. 106, 108 (8th Cir. B.A.P. 2002); *In re G.S. Distribution. Inc.*, 331 B.R. 552, 567-68 (Bankr. S.D.N.Y. 2005)(finding no prejudice to creditors from lifting stay because movant would not be able to enforce judgment without permission of bankruptcy court); *In re 15375 Memorial Corp.*, 382 B.R. at 690 (lifting stay because movant's

7

"recovery against available insurance proceeds will in no way negatively impact the rights of the handful of other creditors in these cases").

### G. LIFTING THE STAY WILL PROMOTE JUDICIAL ECONOMY (FACTOR TEN)

The Court should grant relief from the automatic stay because doing so will serve the interests of judicial economy and expeditious resolution of the issues in the cases. See *In re Laventhol & Horwath*, 139 B.R. 109, 116 (S.D.NY. 1992) (important factors for a court to consider in deciding whether to lift an automatic stay for cause are "the interests of judicial economy and the expeditious and economical resolution of litigation").

The state court litigation began a few years ago. The parties have exchanged discovery requests. Sum responses to those have been complied with and others request are due soon. In addition, the parties are awaiting on rulings on partial motions to dismiss that were filed by some of the defendants, including the Debtors. It would be extraordinarily inefficient to halt the personal injury litigation that is well underway in Puerto Rico and start over in bankruptcy court.

Moreover, Puerto Rico is the only court that has jurisdiction over all the parties. Besides the Debtors, there are more defendants in the coordinated proceedings. All the proceedings in Puerto Rico are in Spanish and the cost to litigate in federal court would be too high. "Because this Court does not have jurisdiction over [any of the non-bankrupt defendants], two trials, one in the state court and one in the bankruptcy court, with attendant duplication and waste of judicial resources, will be required to resolve the same cause of action, if the stay is not lifted." *In re Marvin Johnson's Auto Service, Inc.*, 192 B.R. 1008, 1015-16 (Bankr. N.D. Ala. 1996). Faced with the prospect of ordering the parties to try the same facts once in bankruptcy court and once in state court, the

bankruptcy judge in *In re Marvin Johnson Auto Service, Inc.*, lifted the automatic stay for the benefit of all concerned, including the bankruptcy court:

> Principles of judicial economy require that, without good reason, judicial resources should not be spent by duplicitous litigation, and that a lawsuit should only be tried once, that is if one forum with jurisdiction over all parties is available to dispose of all issues relating to the lawsuit. The state court is in the best posture to provide a relatively quick and complete consideration of all the issues, among all the parties, and to do so while guaranteeing to each, the constitutional rights of due process and a trial by jury. *Id.*

### H. CONTINUING THE AUTOMATIC STAY WILL IMPOSE SUBSTANTIAL HARDSHIPS ON MOVANTS THAT FAR OUTWEIGH ANY HARDSHIPS ON THE DEBTORS (FACTOR TWELVE)

The final factor looks to whether maintaining the automatic stay will cause Movants a greater hardship than the Debtors would suffer if the Court lifted the stay. *In re Pro Football Weekly, Inc.*, 60 B.R. 824, 826 (N.D. Ill. 1986); *In re Peterson*, 116 B.R. at 250. Here, the automatic stay is causing significant hardship to the Movants with no corresponding benefit to the Debtors. The Movants' lawsuits against not only the two Debtors, but the other defendants as well, are in limbo because of the automatic stay. If the automatic stay is not lifted, Movants will have to wait an inordinately long time to get their personal injury claims decided. The indefinite delay creates enormous hardships for the Movants. "A number of Courts have attributed a considerable weight to the fact that a plaintiff, by having to wait, may effectively be denied an opportunity to litigate. The aging of evidence, loss of witnesses, and crowded court dockets are factors which contribute to these hardships." *In re Bock Laundry Machine Co.*, 37 B.R. 564, 566

9

(Bankr. N.D. Ohio 1984); *In re 15375 Memorial Corp*, 382 B.R. at 690 (Lifting stay because, among other reasons, Movant was "prejudiced by the lapse of time in terms of its ability to effectively prosecute its claims"); *see also In re Robertson,* 244 B.R. 880, 883 (Bankr. N.D. Ga. 2000)("Movant['s] claim for damages will evaporate if the stay is not lifted . . ."). Moreover, if the automatic stay is not lifted, Movants will be required to litigate their claims against the Debtors in Tennessee. Practically, that will be the end of their litigation against the Debtors. Movants—low-income young children and their parents—will not be able to travel to Tennessee to attend a trial in bankruptcy court against two of several defendants. *See In re Bock Laundry Machine, Co*., 37 B.R. at 567 ("Personal injury litigation can consume a considerable length of time before the final award is made. Requiring the Movants to forego prosecution of their claims until such time as the stay is no longer in effect will effectively deny them an opportunity to be heard.").

Conversely, if the stay is lifted, Debtors will not suffer at all. With all probability Movants obtain against the Debtors will be paid out of insurance proceeds and not by the Debtors or the bankruptcy estates. Indeed, "the only party that stands to benefit financially if the stay is not lifted is Debtors' *In re Robertson*, 244 B.R. at 883. As one bankruptcy judge said in lifting the stay under similar circumstances: "[I]t would be grossly unfair for others to benefit at Movant's expense." *Id*; *see also Awashi v. Jet Florida System, Inc*., 883 F.2d 970 (11th Cir. 1989)("The 'fresh start' policy is not intended to provide a method by which an insurer can escape its obligations based simply on the financial misfortunes of the insured.").

## II. CONCLUSION

"The automatic stay was never intended to preclude a determination of tort liability and the attendant damages. It was merely intended to prevent a prejudicial dissipation of a debtor's assets. A lifting of the stay to allow a plaintiff-creditor to determine liability will not affect the estate. It will only allow the Movants to establish the amount of [their] claim . . . In this respect, a relief from the stay will not violate the purpose for which it was imposed." *In re Bock Laundry Machine, Co.*, 37 B.R. at 567. On the other hand, Movants believe the interests of judicial economy will be served by lifting the stay to permit these Puerto Rico personal injury cases to continue in the state courts before a judge who is familiar with the cases, the applicable Puerto Rico law, and has special expertise to hear them. For all the reasons stated above, Movants respectfully request that this Court grant their Motion.

**WHEREFORE** the Movants respectfully prays the Court that the Debtor's objection be denied, enter an Order vacating the stay arising under § 301(a) of PROMESA and Bankruptcy Code § 362 allowing the Movants to continue their causes of action currently pending in the Superior Courts of Puerto Rico; and grants any further relief that may be deemed just and proper under the circumstances of the instant case.

In Bayamon, Puerto Rico, today August 10th, 2017.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on this same date a copy of the preceding document has been electronically filed with the Clerk of the Court using CM/ECF system, which will send notification to all interested parties.

11

                                              **S/ Julio E. Gil de Lamadrid**
                                              **JULIO E. GIL DE LAMADRID**
                                              USDC-PR 126505
                                              A-11 Granada St.
                                              Reparto Alhambra
                                              Bayamon, P.R. 00957
                                              Telephone: 787-786-7805
                                              Fax: 787-798-9116
                                              E-Mail: jgil@gildelamadrid-psc.com