IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**ORDER AUTHORIZING THE
EMPLOYMENT OF JENNER & BLOCK LLP AS
ATTORNEYS FOR THE COMMITTEE OF RETIRED EMPLOYEES**

Upon the Application filed by the Official Committee of Retired Employees of Puerto Rico (the "**Retiree Committee**") in these Title III Cases for entry of an order to employ the law firm of Jenner & Block LLP ("**Jenner & Block**") as attorneys for the Retiree Committee effective as of June 16, 2017, pursuant to sections 105(a) and 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), made applicable to these cases pursuant to section 301(a) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("**PROMESA**"), 48 U.S.C. § 2161(a);[2] and upon the Declaration of Robert Gordon in Support of the Application (the "**Gordon**

---

[1] The Debtors in these jointly-administered PROMESA title III cases (these "**Title III Cases**"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241. Unless otherwise noted, all Bankruptcy Code sections cited in this Order are made applicable to these Title III Cases by section 301(a) of PROMESA.

**Declaration**"); and the Court having heard the statements of counsel in support of the relief requested therein and at a hearing thereon (the "**Hearing**"); and the Court finding that (a) the Court has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a), (b) Jenner & Block does not hold or represent any interest materially adverse to the Retiree Committee with respect to matters for which Jenner & Block is to be employed, and (c) the Retiree Committee's employment of Jenner & Block is in the best interest of the Retiree Committee; and the Court finding that notice of the Application given by the Retiree Committee was sufficient under the circumstances and that no other or further notice is necessary; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Application, the Gordon Declaration, and at the Hearing on the Application establish just cause for the relief herein granted; it is hereby:

ORDERED, ADJUDGED AND DECREED THAT:

1. The Application is GRANTED, as set forth herein.

2. The Retiree Committee is authorized, pursuant to section 1103(a) of the Bankruptcy Code, to employ Jenner & Block as its counsel in these Title III Cases in accordance with the terms and conditions set forth in the Application, effective as of June 16, 2017.

3. Jenner & Block shall be entitled to allowance and payment of compensation for professional services rendered and reimbursement of expenses incurred in connection with these Title III Cases as an administrative priority expense under section 503(b) of the Bankruptcy Code pursuant to any procedures established and required by PROMESA, this Court, and the United States Trustee.

4. The Retiree Committee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

7. This Order resolves docket entry no. 670.

SO ORDERED.

Dated: August 10, 2017

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge