**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **In re:** | PROMESA |
| **THE FINANCIAL OVERSIGHT MANAGEMENT BOARD FOR PUERTO RICO** | TITLE III |
| **as representative of** | NO. 17 BKT 3283-LTS |
| **THE COMMONWEALTH OF PUERTO RICO, ET ALS.** | |
| DEBTORS | |

**MOTION FOR RECONSIDERATION OF ORDER DENYING CAF'S
MOTION FOR RELIEF FROM AUTOMATIC STAY**

**TO THE HONORABLE DISTRICT COURT JUDGE LAURA TAYLOR SWAIN:**

**COMES NOW, Caribbean Airport Facilities, Inc.**, (hereinafter referred as "CAF"), through the undersigned attorney and very respectfully states, alleges and prays as follows:

1.      On August 4th, 2017, this Honorable Court issued an Order Denying CAF's Motion for Relief from Automatic Stay (See Docket 872 of Case No. 17-03283).

2.      In said order, this Honorable Court understood that CAF did not demonstrate that the criteria established by *Sonnax Industries, Inc. v. Tri Component Prods. Corp. (In re Sonnax Industries, Inc.),* 907 F.2d 1280, 1286 (2d Cir. 1990) (hereinafter referred as "*Sonnax*") weighted in its favor with respect to the continuation of the expropriation case of *Estado Libre Asociado de Puerto Rico v. Caribbean Airport Facilities, Inc.,* Case No. KEF2011-0453 (hereinafter referred as "Expropriation Case").

3.      This Honorable Court denied CAF's motion because it understood that certain proceedings were pending which demonstrated that the Expropriation Case is not

ready for trial.

4.      CAF respectfully requests this Honorable Court to reconsider its Order denying CAF's Motion for Relief from Automatic Stay.

5.      In CAF's Motion for Relief from Automatic Stay (See Docket 603 of Case No. 17-03283), as well as its Reply (See Docket 788 of Case No. 17-03283), CAF particularly explains and details how the Expropriation Case is ready for trial.

6.      In fact, a copy of the Court Resolution and Minutes of the Pre-Trial Conference (hereinafter referred as "PT Minutes") for the Expropriation Case were attached as an exhibit for the Reply in order to demonstrate to this Court that the Expropriation Case is ready for trial. (See **Exhibit A**).

7.      The PT Minutes demonstrates that the State Court was ready to determine the just compensation owed to CAF for the temporary taking by the Commonwealth from December 26th, 2011 until the dismissal issued on November 3rd of 2015. (See pages 6-7 of **Exhibit A**). The PT Minutes further reflect that the Courts have decreed that the Commonwealth seized CAF's property rights, took title of CAF's property rights and now cannot deny that it took title of CAF's property because these issues have been appealed and have been resolved by the Appeals Court and Supreme Court of Puerto Rico. (See page 3 of **Exhibit A**). Therefore, the only issue that is pending is the quantification of the taking.

8.      For purposes of determining the quantification of the just compensation, the Court indicated in the PT Minutes that discovery ended thirty (30) days from February 2017. (See paragraph 10 at page 10 **Exhibit A**). The State Court allowed the experts to revise the appraisal reports within that span of time. Discovery was completed by March of 2017. The PT Conference was continued and re-scheduled for August 22nd, 2017. (See

paragraph 16 at page 10 **Exhibit A**).

9.      The parties are ready for the continuation of the Pre-Trial Conference of August 22nd, 2017, which was originally held on February 2017. The only reason why the Pre-Trial Conference was continued was to allow the experts to revise their appraisal reports in order to use the formula suggested by the Court in the Pre-Trial Conference of February of 2017. That was the only reason for the continuation and the experts have already revised their reports.

10.     The parties are ready to participate in a trial to quantify the just compensation owed to CAF for the temporary taking of CAF's private property interests. This Honorable Court should lift the stay of the Expropriation Case because it is in an advanced stage, and should allow the State Court determine the just compensation owed to CAF for the temporary taking.

11.     If we analyze each factor in *Sonnax* with the Expropriation Case, this Honorable Court should reconsider its prior order. Let us see.

12.     *Sonnax* (1) whether relief would result in a partial or complete resolution of the issues: If this Honorable Court lifts the stay of the Expropriation Case, it will allow the parties to hold trial over the quantification issue of the just compensation. The Parties are trial ready, due to the fact that it has been pending for nearly six years in the State Court and all participants are knowledgeable of said issues and may participate without the need to restart rehashing issues within this bankruptcy case. If this Honorable Court allows the parties to go to trial this year, that would result in one less adversary proceeding before this Honorable Court and it would further clarify CAF's Proof of Claim.

13.     *Sonnax* (2) lack of any connection with or interference with the bankruptcy

case: the Expropriation Case will not interfere with the Bankruptcy Case and in fact will assist it by allowing the parties to quantify the claim.

14.     *Sonnax* (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action: the Expropriation Case is being handled before the Expropriation Judges that are located at the Commonwealth State Court of First Instance of San Juan. Said Court has only two judges who specialize particularly with Expropriation proceedings. CAF respectfully requests that this Honorable Court allow the expropriation judge to hold trial of the Expropriation Case and quantify the just compensation owed to CAF. All expert witnesses are ready and have revised their appraisal reports, which should allow the expropriation judge to issue its determination rapidly. The determination of the quantification owed will be swift because liability has already been imposed on the Commonwealth in prior appellate proceedings.

15.     *Sonnax* (6) whether the action primarily involves third parties: in this action, Firstbank of Puerto Rico is involved because it has interest in all the leases held by CAF.

16.     *Sonnax* (7) whether litigation in another forum would prejudice the interests of other creditors: the litigation of the Expropriation Case will not in any way prejudice the interests of the other creditors, because once the quantification is determined by the state court, CAF must file its proof of claim before this Honorable Court along with the other Creditors.

17.     *Sonnax* (10) the interests of judicial economy and the expeditious and economical resolution of litigation: the Expropriation Case is ripe for trial. Over five years have passed since it commenced, and all parties are ready to participate in trial and request the Court to quantify the just compensation. CAF submits to this Honorable Court that the

need of commencing a new adverse proceeding within the context of the bankruptcy case will not lead to an expeditious resolution. CAF understands that if this Honorable Court lifts the stay, the Expropriation case will be expedited and resolved within the next months after the PT Conference is held on August 22nd, 2017.

18.    *Sonnax* (11) whether the parties are ready for trial in the other proceeding: as described above, the Parties are ready for trial. Discovery ended on march of 2017. The appraisal reports are ready and will be submitted before the Expropriation Case for the PT Conference of August 22nd, 2017 and the trial will most likely be held within the next few months after the PT Conference is held.

19.    *Sonnax* (12) impact of the stay on the parties and the balance of harms: CAF understands that if the stay is lifted, the Expropriation Case will be expedited in order to determine finally the quantification of the just compensation.

20.    As this Honorable Court can see, the *Sonnax* factors are met in this Expropriation Case.

21.    CAF again reiterates that this Honorable Court has issued other opinions[1] in which it allowed the parties to continue to trial in order to determine the quantification at issue. This case is similar. The Expropriation case meets these *Sonnax* factors. The Expropriation Case will completely resolve the issue regarding the **quantification** of the Commonwealth's liability for the temporary taking of CAF's property rights. Allowing the

---

[1] See Docket 600: Court Order Granting Docket 305 Motion for Relief from Stay filed by Sucesion Mandry Mercado. See Docket 753: Court Order Granting Docket 549 Motion for Relief from Stay filed by B.P.S.E. Bahia Park, S.E. Both of these cases were not in the similar advanced stage as CAF's expropriation case. It is important to note that the case of Sucesion Mandry Mercado is an inverse expropriation proceeding. Once the trial is held at said case, if the Court deems that an expropriation did indeed occur, then the Commonwealth must file an Expropriation Petition before the Expropriation Court at the First Instance Court of San Juan. Meanwhile, the case of Bahia Park was not even at trial stage, and was in a dispositive motion stage. Therefore, if we evaluate said cases, the CAF Expropriation Case is in a far more advanced stage.

Expropriation Case to proceed will not interfere with the Title III Case. Liability has already been resolved and a trial scheduled for the quantification in the Expropriation Case demonstrates that the interests of judicial economy, and of the expeditious resolution of litigation, are best served by permitting the Expropriation case to proceed in the State Court.

22.     CAF understands that if the Automatic Stay is lifted, the parties may participate in the August 22nd, 2017 PT Conference, which is a continuation of the February 2017 PT Conference, and be able to set a prompt date for trial in order to adjudicate the just compensation owed by the Commonwealth to CAF, which is a non-dischargeable constitutional debt because it arises from the Fifth Amendment of the Constitution. There is no additional hearing pending and the State Court understood that the only pending date is the trial date. (See **Exhibit B**)

23.     The Commonwealth will not be damaged by the lift of stay against the constitutionally protected right of CAF to determine its just compensation for the temporary taking incurred by the Commonwealth.  In fact, the lift of stay will allow CAF and the Commonwealth to litigate the issue and clarify the quantity of the just compensation owed. This in turn will further help these Title III proceedings as they continue onward, when CAF must seek the payment due as a constitutional creditor.

24.     In this case, the balance of harm clearly favors lifting the stay and allowing CAF and the Commonwealth to participate in the trial of the Expropriation Case in order to quantify the just compensation owed.

**WHEREFORE**, CAF respectfully requests that this Honorable Court (1) take NOTE of the foregoing, (2) enter an ORDER reconsidering the Docket 872 Court Order, (3) ORDER

the lift of stay in the Expropriation Case, and (4) GRANT any other further relief that may

be deemed just and proper.

**CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system, which will send notification of such filing

to all counsel of record.

  **RESPECTFULLY SUBMITTED**: In San Juan, Puerto Rico on this 11th day of August,

2017.

          ***S/VICTOR M. RIVERA-RIOS***
          VICTOR M. RIVERA-RIOS
          USDC BAR NUMBER 301202
          RIVERA COLÓN, RIVERA TORRES & RIOS BERLY, PSC
          1502 FERNANDEZ JUNCOS AVE
          SAN JUAN, PR 00909
          Telephone: (787) 727-5710
          Facsimile: (787) 268-1835
          E-Mail: victorriverarios@rcrtrblaw.com