UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO,<br>et al., | (Jointly Administered) |
| Debtors.[1] | |

------------------------------------------------------------x

MEMORANDUM OPINION AND ORDER DENYING
THE MOTION OF THE AD HOC GROUP OF GENERAL OBLIGATION
BONDHOLDERS TO RECONSTITUTE THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Before the Court is the *Motion of the Ad Hoc Group of General Obligation Bondholders to Reconstitute the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 105(A) And 1102(A)(4)* in the above-captioned Title III case. (Docket Entry No. 694 (the "Motion").) The Court has considered carefully all of the submissions in connection with the Motion, as well as the arguments presented at the August 9, 2017, Omnibus Hearing. For the following reasons, the request of the Ad Hoc Group of General Obligation Bondholders (the "GO Group") to either (i) change the membership of the Official Committee of Unsecured

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Creditors (the "Unsecured Creditors' Committee") or, in the alternative, (ii) direct the appointment of an official committee of constitutional debtholders, is denied in its entirety.

For the purposes of this Memorandum Opinion, the term "Constitutional Debtholders" is used to denote holders of full faith and credit general obligation bonds issued by the Commonwealth of Puerto Rico (the "Commonwealth"). These bondholders, from whom the GO Group's membership is drawn, have consistently asserted that their bonds are secured and that they are entitled under Puerto Rico's Constitution to a payment priority superior to that of all other Commonwealth creditors.

Section 1102 of the Bankruptcy Code, in relevant part, governs the formation of "committee[s] of creditors holding unsecured claims." 11 U.S.C. § 1102(a)(1). From the text of the statute, it is evident that a creditor that only holds a secured claim is not entitled to serve on a committee of unsecured creditors. This reasoning is supported by the fact that secured creditors will be classified separately under any plan of adjustment and will, as a result of plan classification, have interests adverse to those of the unsecured creditors.

In this case, the GO Group asserts that it is entitled to representation on the Unsecured Creditors' Committee because the Financial Management and Oversight Board for Puerto Rico and the Commonwealth have asserted that the Constitutional Debtholders are unsecured creditors. However, the GO Group itself has never conceded that it is unsecured. To the contrary, it argues that the Constitutional Debt is protected by a statutory lien on "all available resources" of the Commonwealth. The GO Group cannot have it both ways. Its legal stance is fundamentally at odds with that of the general unsecured creditors, rendering it entirely unsuitable as a representative of those creditors' interests.

That the Commonwealth's Fiscal Plan proposes to treat the GO Group's members as unsecured creditors is of no moment in this regard; the job of an unsecured creditors committee is to act from the perspective of those who are unsecured. The GO Group has never identified itself as a member of that cohort and thus is not qualified to constitute or participate on an Unsecured Creditors' Committee.

Furthermore, even if the Constitutional Debtholders' contingent unsecured claim were a proper basis for service on the Unsecured Creditors' Committee, the Constitutional Debtholders have not established a lack of adequate representation as required by Section 1102 of the Bankruptcy Code. The Constitutional Debtholders have retained sophisticated counsel and have regularly and actively participated on a broad range of issues in these Title III cases. These actions demonstrate that they are already adequately represented and that the appointment of an additional statutory committee is unwarranted. For this same reason, while there may be precedents in other cases of senior and subordinated claim holders participating on the statutory committees, the interests the GO Group identifies are sufficiently well represented by the robust Unsecured Creditors' Committee insofar as the Constitutional Debtholders may be partially unsecured, and by their own very active coalition insofar as they claim that they are secured, so there is no need to add a general obligation bondholder to the existing committee or create an additional committee. This decision does not preclude the general obligation bondholders from continuing to act through an ad hoc group or independently in these cases.

For the foregoing reasons, the Motion is denied in its entirety. The Memorandum Opinion and Order resolves docket entry nos. 694, 695, and 811.

SO ORDERED.

Dated: August 11, 2017

  /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge