UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

**Re: ECF No. 784, 818**

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO

    Debtor.

PROMESA
Title III

No. 17 BK 3283-LTS

**This Response relates only to the Commonwealth and shall only be filed in the lead Case No. 17 BK 3283-LTS.**

---------------------------------------------------------------x

### COMMONWEALTH'S RESPONSE TO MOTION FOR RELIEF OF STAY AT ECF. NO. 784

**To the Honorable United States District Court Judge Laura Taylor Swain:**

Comes now the Commonwealth of Puerto Rico (the "Commonwealth")[2] to respectfully move the Court for an Order granting partial relief from the automatic stay, and state as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Financial Oversight and Management Board for Puerto Rico, as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Department of Justice to file this Response on behalf of the Commonwealth.

1. On July 28, 2017, Maria J. Marchand Sánchez ("Movant") appeared before this Honorable Court requesting relief from the automatic stay under Bankruptcy Code section 362, made applicable to the Commonwealth's Title III case by PROMESA section 301(a) (the "Title III Stay") requesting that the state civil case captioned *Real Legacy Assurance Company Inc. v. ELA,* Case No. KAC2017-0005 ("Forfeiture Action") be allowed to continue before the San Juan Court [ECF No. 784]. The Commonwealth is due to respond to the request by August 11, 2017, as ordered by the Court [ECF No. 818].

2. The plaintiffs in the Forfeiture Action are Real Legacy Assurance Company, Inc. and Popular Auto, Inc. (collectively, the "Plaintiffs").[3] Movant is not a party to the Forfeiture Action but moved to intervene in it on June 2, 2017. Because Movant filed the intervention action after the commencement of the Commonwealth's Title III case, the action is void and had not been fully briefed. See Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 976 (1st Cir. 1997) (holding that actions taken in violation of the stay are void).

3. The Commonwealth informs the Honorable Court that good faith efforts were made to reach an agreement with the Movant to effect a joint motion seeking the partial lift of the Title III Stay to allow Movant to proceed with her claims to intervene in the Forfeiture Action. However, the parties were unable to reach an agreement at the present time.

4. The Commonwealth believes that it is in the best interest of both parties for this Honorable Court to grant the partial lift of the Title III Stay in the Commonwealth's Title III case to let Ms. Marchand proceed with her claims to intervene in the Forfeiture Action, solely to contest the forfeiture of her alleged automobile as a result of a criminal intervention by law enforcement agents. By agreeing to the partial lift of the Title III Stay, in no event shall the

---

[3] Real Legacy Assurance Company, Inc. is the insurer of Movants' automobile, while Popular Auto, Inc. is the secured creditor of said automobile.

Commonwealth be required to satisfy any liability to Ms. Marchand in any way whatsoever with respect to the Forfeiture Action.

5. Nothing contained in this Response should be construed as a waiver or modification of the Title III Stay to permit the prosecution against the Commonwealth of any claim by anyone other than Movant as provided for herein, and the Commonwealth reserves all rights, defenses, and protections with respect to any other motions for relief of stay or any other matters pending in the Commonwealth's Title III case. The Commonwealth further reserves its rights with respect to any claim currently pending in the Forfeiture Action or hereinafter asserted by Movant, including any claims for damages. As a potential prepetition, unsecured creditor of the Commonwealth, Movant's claims for damages are subject to the claim resolution process that will be undertaken in the Title III case.

6. The Commonwealth asserts that the stay of the litigation may be lifted partially for all necessary forfeiture-determination proceedings prior to the entry of judgment; <u>provided</u> <u>that</u> the Title III Stay shall continue to apply in all other respects, including as to entry and execution of judgment and provisional remedies.

**WHEREFORE**, it is respectfully requested that the Honorable Court take notice of the above, and in consideration to the *Motion for Relief From Stay* [ECF No. 784], GRANT partial relief, provided that the Title III Stay is lifted solely with respect to Ms. Marchand's action to contest the Forfeiture Action. The Title III Stay shall continue to apply with respect to any claims for damages and provisional remedies and the execution of any judgment for damages and provisional remedies. It is expressly asserted that nothing contained herein shall require the Commonwealth or any of the other Debtors in the above-captioned cases or their assets or properties to satisfy any liability to Movant in any way whatsoever with respect to the Forfeiture

Action. Nothing contained herein operates as a waiver or modification of the stay for any purpose other than as expressly provided for in this paragraph.

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing Motion with the Clerk of the Court, using the CM/ECF System, which will send notification of such filing to all appearing parties and counsels using the Court's electronic system.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on August 11, 2017.

<u>**Attorney for the Commonwealth of Puerto Rico:**</u>

Wanda Vázquez Garced
Secretary of Justice

*/s/ Wandymar Burgos Vargas*
**WANDYMAR BURGOS VARGAS**
USDC 223502
Deputy Secretary in Litigation
Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Phone: 787-721-2940 Ext. 2500, 2501
wburgos@justicia.pr.gov