UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND | |
| MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, | (Jointly Administered) |
| et al., | |
| Debtors.[1] | |

-------------------------------------------------------------x

MEMORANDUM ORDER GRANTING IN PART MOTION OF KEILA ROBLES-FIGUEROA
FOR RELIEF FROM AUTOMATIC STAY (DOCKET ENTRY NO. 647)

Before the Court is a motion filed by Keila Robles-Figueroa (the "Movant") for relief from the automatic stay imposed by the filing of the above-captioned Title III case in an appeal pending before the Puerto Rico Court of Appeals (the "Appeals Court"), captioned Keila Robles-Figueroa v. Departamento del Trabajo y Recursos Humanos, Case No. KLRA201700438 (the "Appeal"). For the following reasons, the motion is granted to the extent that the stay is lifted for the limited purpose of facilitating a determination as to whether the Movant is entitled to reinstatement of her job at the Commonwealth of Puerto Rico Department of Labor and Human Resources ("DOL").

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

BACKGROUND

On August 24, 2015, Movant filed a claim against the DOL in the Appellative Commission for the Public Service ("CASP").[2] ((Docket Entry No. 647, Motion for Relief from Automatic Stay (the "Motion"), ¶ 4.) On March 27, 2017, CASP issued an administrative judgment holding that the DOL had unlawfully denied Movant's reinstatement of employment and that Movant be reinstated to her position as supervisor at the DOL. (Id. ¶ 5.) Movant asserts that the CASP also ordered the DOL to provide her with back-pay and other benefits such as sick and vacation leave. (Id.) The Commonwealth of Puerto Rico (the "Commonwealth"), acting on behalf of the Commonwealth's DOL, filed the Appeal, challenging CASP's reinstatement determination. (Id. ¶¶ 7-10.)

In its Response to the Motion (the "Response"), the Commonwealth consents to lifting of the stay to permit the Appeal to proceed to a determination as to whether Movant is entitled to reinstatement to her job at the DOL, but seeks maintenance of the stay and reserves its rights as to whether Movant is entitled to back-pay and other benefits. (Response, Docket Entry No. 814, ¶ 1.) Movant did not file a reply to the Commonwealth's Response. The Court has considered all of the submissions carefully.

DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay,

---

[2] The CASP case is captioned Keila Robles-Figueroa v. Departamento del Trabajo y Recursos Humanos, Case No. 2015-08-0159.

courts in this district rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e,g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

Movant has demonstrated that many of the Sonnax criteria weigh in her favor with respect to continuation of the Appeal. In particular, the Appeal was initiated by the Commonwealth and could also resolve the question of Movant's entitlement to reinstatement. Allowing the Appeal to proceed to a determination as to whether Movant is entitled to reinstatement while maintaining the stay as to any monetary claims against the Debtors would not interfere materially, if at all, with the Title III case and would permit efficient resolution of the issue raised in the Appeal. The facts that the Commonwealth initiated the Appeal and consents to this limited relief from the automatic stay demonstrate that the interests of judicial economy, and of the expeditious resolution of litigation, are best served by permitting the Appeal to proceed to a limited extent.

Accordingly, the Court concludes that Movant has demonstrated that cause exists for the automatic stay to be lifted to allow the Appeal to proceed on the issue of whether Movant is entitled to reinstatement to her position as supervisor at the DOL.

CONCLUSION

For the foregoing reasons, the stay of the Appeal is lifted to permit the Appeal to proceed to a determination as to whether Movant is entitled to reinstatement to her position as a supervisor at the DOL. The automatic stay remains in place with respect to any claims for back pay, health benefits and other monetary relief. This Memorandum Order resolves docket entry no. 647 in case no. 17-3283.

SO ORDERED.

Dated: August 11, 2017

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy Mailed to:

Keila Robles Figueroa
Urbanizacion Monte Brisas
8 Calle B
Gurabo, PR 00778-4023