UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

                  Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

MEMORANDUM OPINION AND ORDER DENYING MOTION REQUESTING APPOINTMENT OF
ADDITIONAL COMMITTEE OF GOVERNMENT EMPLOYEES AND ACTIVE PENSION PLAN
PARTICIPANTS OR, IN THE ALTERNATIVE, FOR THE RECONSTITUTION OF THE RETIREE COMMITTEE

        Before the Court is the *Motion Requesting Appointment of Additional Committee of Government Employees and Active Pension Plan Participants or, in the Alternative, for the Reconstitution of the Retiree Committee* in the above-captioned Title III case. (Docket Entry No. 692 (the "Motion").) On August 9, 2017, the Court heard oral argument on the Motion in connection with an Omnibus Hearing (the "Hearing"). At the Hearing, the University of Puerto Rico Retirement System Trust (the "Trust") withdrew its request for an additional committee of government employees and active pension plan participants. The Court has considered carefully

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

all of the submissions in connection with the Motion, as well as the arguments presented at the Hearing (the "Hearing"). For the reasons stated on the record at the Hearing, and for the reasons that follow, the Motion is denied.

Section 1102(a) of title 11 of the United States Code provides, in relevant part, that on the request of a party in interest, the Court may "change the membership of a committee" if "necessary to assure adequate representation of creditors." 11 U.S.C. § 1102(a). The statute does not define "adequate representation," and bankruptcy courts generally consider various factors in determining the adequacy of representation. These factors include, in relevant part: the nature of the case; the ability of the existing committee to function; and the ability of creditors to participate in a case without an additional committee or a change in committee membership. See, e.g., In re Residential Capital, LLC, 480 B.R. 550, 558 (Bankr. S.D.N.Y. 2012). No one factor is dispositive, and the consideration given to any particular factor depends on the circumstances of a particular case.

The Court recognizes the unprecedented magnitude and complexity of these cases and the fact that there are particular issues that arise for historical, practical, statutory and other reasons that may be different among groups of retirees from specific state institutions and may overlap. Additionally, there is a relationship between the concerns of active employees with future retirement-related issues and the concerns that are specifically the focus of the Official Committee of Retired Employees (the "Retirees' Committee"). However, the Court concludes that the circumstances do not warrant the exercise of the Court's discretionary power to order the appointment to the Retirees' Committee of an active government employee who is contributing to the Trust (an "Active Trust Participant"). The Trust has failed to carry its burden of establishing a lack of adequate representation. A general committee of unsecured creditors, as

well as a general committee of retirees, already exists in these cases and, in many ways, the interests represented by the statutory committees are aligned with those of the Trust. The Official Committee of Unsecured Creditors, for example, has a vested interest in maximizing value for all unsecured creditors, no matter the particular nature of the unsecured claims to be asserted. The Retirees' Committee includes representatives of active employees whose interests include the funding and payment of future retirement benefits. Although the interests of the existing statutory committees may not entirely overlap with the asserted interests of the Active Trust Participants, adequate representation does not require proportionate representation of distinct groups of creditors on a committee of unsecured creditors. Importantly, the Active Trust Participants may still be heard individually or as one or more ad hoc committees in these cases.

For the foregoing reasons, the Motion is denied in its entirety. The Memorandum Opinion and Order resolves docket entry no. 692.

SO ORDERED.

Dated: August 11, 2017

 /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge