UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND | |
| MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, et al., | (Jointly Administered) |
| Debtors.[1] | |

------------------------------------------------------------x

MEMORANDUM OPINION AND ORDER DENYING
THE MOTION OF THE AD HOC PUERTO RICO MUNICIPALITIES COMMITTEE

Before the Court is the *Ad Hoc Puerto Rico Municipalities Committee's Request For an Order Pursuant to 48 U.S.C. §2161 and 11 U.S.C. §1102 Directing the Appointment of an Official Puerto Rico Municipalities Committee* in the above-captioned Title III case. (Docket Entry No. 709 (the "Motion").) The Court has considered carefully all of the submissions in connection with the Motion, as well as the arguments presented at the August 9, 2017, Omnibus Hearing (the "Hearing"). For the reasons stated on the record at the Hearing, and for the reasons that follow, the Motion is denied.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

As a preliminary matter, neither Section 301(c)(3)(A) of the Puerto Rico Oversight, Management, and Economic Stability Act, Public Law No. 114-187 ("PROMESA") nor Section 105 of the Bankruptcy Code provides independent authority for the appointment of a statutory committee. Rather, any order directing the appointment of a statutory committee must rest on the grant of authority contained in Section 1102 of the Bankruptcy Code. Pursuant to Section 1102, the Court may appoint an additional committee of creditors or of equity security holders if necessary to assure adequate representation of such creditors or of equity security holders. In this case, the concerns articulated in the Motion are not concerns that arise from creditor status with respect to any Title III Debtor, and the municipalities do not contend that they are equity holders.

Section 101(5) of the Bankruptcy Code defines a "claim" to mean either a "right to payment" or a "right to an equitable remedy for breach of performance." 11 U.S.C. § 101(5). On the record before the Court, the Ad Hoc Puerto Rico Municipalities Committee (the "Municipalities Group") has failed to proffer evidence of either type of claim as against the Commonwealth of Puerto Rico (the "Commonwealth") or any of the Commonwealth instrumentalities that have filed a Title III petitions, and therefore the Municipalities Group has failed to establish that it is qualified to constitute or serve on a creditors' committee. Although the potential elimination of a source of funding from the Commonwealth is a monumental concern, the Municipalities Group has not established that it had a right to the funding in question. Thus, the Municipalities Group thus has not shown that it has a "claim" against any Title III Debtor.

The Municipalities Group asserts that it or its members have a claim against the Government Development Bank for Puerto Rico ("GDB"). However, GDB is not a Title III

Debtor. The Municipalities Group also incorrectly asserts that PROMESA treats the Commonwealth and its instrumentalities as one and the same. However, Section 302 of PROMESA provides that either a "territory" or a "territorial instrumentality" of a territory may be a debtor pursuant to Title III of PROMESA, and clearly contemplates separate Commonwealth and instrumentality filings. For instance, Section 302 defines "territory" and "territorial instrumentality" as separately eligible debtor entities, and Section 308 has different procedures for selecting presiding judges for territorial and instrumentality cases. The treatment of GBD and the Commonwealth as a single entity for Title III purposes would run afoul of this statutory structure.

The Court declines to consider the Municipalities Group's "alter ago" arguments, which were advanced for the first time in the Municipalities Group's Reply brief and are therefore procedurally improper.

Even if the Municipalities Group had satisfied the threshold requirement of establishing creditor status, its Motion must still be denied because the Municipalities Group has failed to carry its burden of establishing a lack of adequate representation and such a showing is a necessary predicate for Court-ordered appointment of a committee under Section 1102 of the Bankruptcy Code. Instead, the record shows that the municipalities are capable of representing represent their own interests in these cases and have already been active in that regard. Indeed, various municipalities have already filed PROMESA–related lawsuits. Moreover, to the extent that the municipalities hold unsecured claims against a Title III debtor, their interests are represented by the existing Official Unsecured Creditors' Committee. In light of the foregoing, it is unnecessary for the Court to address the United States Trustee's argument regarding the ineligibility of municipalities to serve on a committee due to a lack of personhood.

For the foregoing reasons, the Motion is denied in its entirety. The Memorandum Opinion and Order resolves docket entry no. 709 and 888.

SO ORDERED.

Dated: August 11, 2017

  /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge