**Presentment Date**: August 21, 2017 at 12:00 p.m. (prevailing Eastern Time)
**Objection Deadline**: August 20, 2017 at 4:00 p.m. (prevailing Eastern Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

-----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

     Debtors.[1]

-----------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

-----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

PUERTO RICO ELECTRIC POWER AUTHORITY
("PREPA"),

     Debtor.[2]

-----------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 4780-LTS[3]

## APPLICATION OF OVERSIGHT BOARD FOR ENTRY OF ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PHOENIX MANAGEMENT SERVICES, LLC AS FINANCIAL ADVISOR FOR MEDIATION TEAM

To the Honorable United States District Court Judge:

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The last four (4) digits of PREPA's federal tax identification number are 3747.

[3] The PREPA title III case is not jointly administered with the Commonwealth of Puerto Rico, *et al.* title III cases jointly administered under No. 17 BK 3283-LTS. This Application is filed both in the PREPA title III case and the Commonwealth of Puerto Rico, *et al.* title III cases.

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Electric Power Authority ("PREPA," and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[4] respectfully submits this application (the "Application"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), made applicable in these cases pursuant to PROMESA section 301(a), for entry of an order (the "Proposed Order"),[5] substantially in the form attached hereto as **Exhibit A**: (a) authorizing the employment and payment of Phoenix Management Services, LLC ("Phoenix") as financial advisor for the mediation team appointed in the Title III cases and related proceedings (the "Mediation Team") to help resolve issues pertaining to the Commonwealth and its instrumentalities, and (b) providing any additional relief required to effectuate the foregoing.   In support of this Application, the Oversight Board, as the Debtors' representative, submits the Declaration of Martha E. M. Kopacz (the "Kopacz Declaration"), attached hereto as **Exhibit B**, and respectfully states as follows:

### Jurisdiction and Venue

1.     The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Application pursuant to PROMESA section 306(a).

---

[4]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[5]  In the event of any inconsistency between this Application and the Proposed Order, the Oversight Board, as the Debtors' representative, respectfully requests that the Proposed Order govern.

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

3.      The statutory predicate for the relief sought herein is Bankruptcy Code section
105(a), made applicable to these cases by PROMESA section 301(a).

## Background

4.      On June 30, 2016, the Oversight Board was established under PROMESA section
101(b).  On August 31, 2016, President Obama appointed the Oversight Board's seven voting
members.

5.      Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this
title is the representative of the debtor[s]" and "may take any action necessary on behalf of the
debtor[s] to prosecute the case[s] of the debtor[s], including filing a petition under section 304 of
[PROMESA] . . . or otherwise generally submitting filings in relation to the case[s] with the
court."

6.      On September 30, 2016, the Oversight Board designated the Debtors as covered
entities under PROMESA section 101(d).

7.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant
to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the
Commonwealth pursuant to PROMESA section 304(a), commencing a case under title III
thereof (the "Commonwealth's Title III Case").

8.      On May 5, 2017, the Oversight Board issued a restructuring certification pursuant
to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA
pursuant to PROMESA section 304(a), commencing a case under title III thereof ("COFINA's
Title III Case").

9.      On May 21, 2017, the Oversight Board issued restructuring certifications pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for each of ERS and HTA pursuant to PROMESA section 304(a), commencing cases under title III thereof (the "ERS and HTA Title III Cases").

10.     On June 29, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case under title III thereof (the "PREPA's Title III Case," and collectively with the Commonwealth's Title III Case, COFINA's Title III Case, ERS and HTA Title III Cases, and any subsequent case under Title III of PROMESA commenced by a covered territorial instrumentality under PROMESA, the "Title III Cases").[6]

11.     United States District Judge Laura Taylor Swain was designated to serve as the presiding judge in the Title III Cases.  The Commonwealth's Title III Case, COFINA Title III Case, and ERS and HTA Title III Cases are administered jointly [No. 17 BK 3283-LTS, ECF Nos. 242, 537], while PREPA's Title III Case is administered separately.

12.     On June 23, 2017, the Court entered an order appointing the Mediation Team to facilitate confidential settlement negotiations of any and all issues and proceedings arising in the Title III Cases [No. 17 BK 3283-LTS, ECF No. 430].  The members of the Mediation Team are the Honorable Barbara Houser, the Honorable Thomas Ambro, the Honorable Nancy Atlas, the Honorable Victor Marrero, and the Honorable Christopher Klein (collectively, the "Mediators").

---

[6]  Background information regarding the Commonwealth and its instrumentalities, and the commencement of the instant Title III Cases, is contained in the *Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* [No. 17 BK 3283-LTS, ECF No. 1], and the *Notice of Filing of Statement of Oversight Board Regrading PREPA's Title III Case* [No. 17 BK 4780-LTS, ECF No. 2].

13.     The Mediation Team invited all creditor groups to an organizational meeting that took place on July 12, 2017 [No. 17 BK 3283-LTS, ECF No. 560].  At the organizational meeting, the Mediation Team inquired as to whether creditors objected to the Mediation Team having a financial advisor at the Debtors' expense.  No creditor objected; in fact, many creditors affirmatively stated their desire that the Mediation Team have a financial advisor to assist it in the Title III Cases.

14.     The Mediation Team made clear that all mediation would proceed on a voluntary basis.  The Mediation Team and its financial advisor are not parties in interest, and any provision of nonpublic data by parties in interest to the Mediation Team or its financial advisor is completely voluntary.  The Mediation Team's financial advisor will not negotiate on behalf of any party in interest.

15.     On August 4, 2017, after receiving various proposals and interviewing various firms, the Mediation Team selected Phoenix as its financial advisor.  The Mediation Team is familiar with the professional standing and reputation of Phoenix, and selected Phoenix because of its wealth of experience in providing financial advisory services in restructurings and reorganizations across the United States and because it has exemplary qualifications to perform the Services (as defined herein) required by the Mediation Team.  The Mediation Team believes that it had sufficient information to make an informed decision to employ Phoenix.

**<u>Relief Requested</u>**

16.     By this Application, the Oversight Board, as the Debtors' representative, seeks entry of an order authorizing the employment and payment, subject to review and allowance by the Court, of Phoenix as financial advisor to the Mediation Team, effective as of August 4, 2017, to provide services to the Mediation Team the Oversight Board believes will be beneficial to the

Debtors and all participating creditors.

17.     The Mediation Team is comprised of sitting federal judges who have agreed to serve as Mediators in the Title III Cases at no cost to the Debtors or the Oversight Board and, in that capacity, will use their law clerks to assist them, also at no cost to the Debtors or the Oversight Board.  Thus, the reasonable fees and expenses associated with Phoenix's retention are the only costs currently expected to be borne by the Debtors in connection with the Mediation Team's services in the Title III Cases.

### Phoenix's Qualifications

18.     Phoenix is a 30-year-old boutique financial advisory firm, providing interim management, turnaround consulting, and investment banking services to a broad range of enterprises and their stakeholders completing over 1,300 engagements.  Phoenix has significant qualifications and experience in the types of matters for which the Mediation Team seeks to engage it.   Phoenix has provided financial advisory and interim management services to municipalities, public corporations and their oversight boards for more than twenty years. Phoenix has a reputation for analytical quality, intellectual honesty, and pragmatic advice in complex and dynamic situations.

19.     Martha E. M. Kopacz will be responsible for the overall delivery of Phoenix's services and direction of the engagement team.  Ms. Kopacz has over 30 years of experience in restructuring, having advised debtors, creditors, and equity holders engaged in restructurings, served as a Court-appointed expert, examiner, and chapter 11 trustee, and has been retained as an Interim President and Chief Restructuring Officer at various times in her career.  She was appointed by Judge Steven Rhodes to serve as his Independent Expert on the feasibility of the Plan of Adjustment for the City of Detroit (the "City").  Supported by a team of Phoenix

6

professionals, she issued three expert reports and testified during the confirmation hearing about the City's 40 year financial projections, the risks associated with the projections and the $1.7 billion of restructuring and reinvestment initiatives that formed the cornerstone of the City's revitalization.

### Phoenix's Disinterestedness

20.    Notwithstanding the inapplicability of Bankruptcy Code section 327 to the Title III Cases, Phoenix believes it is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), made applicable to the Title III Cases by PROMESA section 301. Bankruptcy Code section 101(14) defines "disinterested person" as a person that:

> (A) is not a creditor, an equity security holder, or an insider;
>
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and
>
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

21.    Phoenix, and its professionals, have represented that they (a) are not creditors, equity security holders, or insiders of the Debtors; (b) are not and were not, within two (2) years before the date of the filing of the Title III Cases, a director, officer, or employee of the Debtors; and (c) do not represent or hold an interest adverse to the interests of the Debtors with respect to the matters in which Phoenix is proposed to be employed.

22.    Phoenix represents it is not related to or connected with, and neither holds nor represents any interest adverse to, the Debtors, their creditors, or any other party in interest herein or their respective attorneys or the U.S. Trustee or anyone employed in the Office of the U.S. Trustee in the matters for which Phoenix is proposed to be employed, except that Phoenix is connected with the Mediation Team by virtue of this engagement. Phoenix may represent, or

may have represented, certain of the Debtors' creditors or other parties in interest, or interests adverse to such creditors or other parties in interest, in matters unrelated to the Title III Cases. Phoenix may have been engaged or had mutual clients with certain law firms, financial advisors, accounting firms and other professionals that are potential parties-in-interest or may become parties-in-interest, in matters unrelated to the Title III Cases but no such matters relate to any of the Title III Cases or to matters related to the Commonwealth of Puerto Rico generally.

23.    Specifically, Phoenix represents it has undertaken a detailed search of available information and records to determine and to disclose whether it is performing or has performed services for any of the Debtors, their affiliates, and other interested parties identified in pleadings filed on the docket in the Title III  Cases  (the  "Interested  Party  List"),  and  attached  to  the Kopacz  Declaration as  Schedule 1.   Phoenix reviewed the Interested Party List and compared it to Phoenix's list of current and former clients for the past 3 years.

24.    Phoenix represents, based upon the information presently available, it is aware of no clients or client connections that would (i) be in conflict with Phoenix's proposed engagement by the Mediation Team, (ii) impact or conflict with or be adverse to the Debtors or the Mediation Team in the Title III Cases; or (iii) compromise Phoenix's ability to provide services to the Mediation Team in the Title III Cases.

25.    Phoenix represents it will promptly supplement the Kopacz Declaration, disclosing any material developments regarding the Debtors or any other pertinent relationships that require disclosure in the Title III Cases, if and when any such developments or relationships come to Phoenix's attention.

### Scope of Services

26.    Phoenix has begun to provide assistance to the Mediation Team in accordance

with the terms of its agreement with the Mediation Team.

27.    It is presently anticipated that Phoenix will provide the following services (collectively, the "Services"):

(A)    Assist the Mediation Team with:

- Understanding the fiscal plan(s) based on all data made available;

- Understanding the types of consideration that may be offered under plans of adjustment; and

- Identifying capital structures and debt restructuring techniques that may be useful in mediating plans of adjustment;

(B)    Provide other services to the Mediation Team that may be requested to support facilitative and directive mediation sessions, including, but not limited to:

- Identifying financial and information-related observations made by the parties to identify common ground on assumptions and methodologies, factual consistencies and inconsistencies, disjointed perceptions and incomplete information;

- Sharing insights with the Mediators and participants, as appropriate, including reflecting and reframing parties' comments;

- Helping the Mediators work through overlapping financial issues and impacts across the different mediations; and

- Helping the Mediators identify underlying priorities and options for negotiated resolutions related to ongoing financial issues on-island; and

(C)    Provide other services as requested by the Mediation Team.

### Terms of Retention and Compensation

28.    As indicated above, the reasonable fees and expenses of Phoenix are the only costs that the Mediation Team currently contemplates will be borne by the Debtors in connection with the Mediation Team's service.

29.    Phoenix has represented to the Oversight Board and the Mediation Team that it charges fees based on actual hours expended to perform its services at standard hourly rates

established for each employee, as adjusted annually, and it is the customary practice of Phoenix to bill clients for travel time consistent with guidelines of the jurisdiction.  For this jurisdiction, therefore, Phoenix has represented it will apply a 50% discount rate to non-working travel time billed.  For this engagement, Phoenix has represented it will record time entries in six-minute increments, and will devise categories for its time keeping as approved by the Mediation Team Leader and that allow for allocation of Phoenix's fees to individual mediations, as appropriate.

30.     Subject to this Court's approval, Phoenix requests that it be entitled to receive compensation at the following hourly rates in effect as of August 4, 2017:

| | |
|---|---|
| Senior Managing Directors | $495 - $695 |
| Senior Advisors | $400 - $650 |
| Managing Directors | $395 - $525 |
| Directors & Senior Directors | $320 - $450 |
| Vice Presidents, Associates & Analysts | $150 - $350 |
| Support Staff | $75 - $150 |

31.     Phoenix has represented it charges for reasonably incurred, out-of-pocket expenses associated with an assignment including, but not limited to, costs of travel, Phoenix's legal counsel, any applicable sales or excise taxes and other direct expenses.  Phoenix has represented all expenses will be billed at actual cost.

32.     Phoenix's fees and expenses shall be subject to review and allowance by the Court under the procedures and standards applicable to fees and expenses of professional persons under PROMESA section 316.  Phoenix shall be entitled to seek interim compensation under the procedures set forth in PROMESA section 317, and shall be subject to any interim compensation orders entered by the Court, except that any objection to the allocation of Phoenix's fees and expenses or the reasonableness of those fees and expenses shall be raised in the first instance

with the Mediation Team Leader.[7]

33.     Phoenix will maintain records of time and expenses on a Debtor-specific basis. Phoenix's allowed fees and expenses shall be paid by, and allocated among, the Commonwealth and its instrumentalities that are, at the time the fees and expenses are incurred, debtors under title III of PROMESA.  Under no circumstances shall the Mediation Team or any Mediator be responsible for payment of Phoenix's fees and expenses.

34.     The Oversight Board, as the Debtors' representative, and the Mediation Team believe that, in light of the nature and complexity of the Title III Cases and Phoenix's qualifications, the above rates, and the terms and conditions of Phoenix's employment, are reasonable.

## Indemnification

35.     Phoenix has represented it negotiated the terms and conditions of its employment at arm's length and in good faith.  Phoenix has represented it believes that it is appropriate to include Phoenix in the existing indemnification provisions and the exclusions to subpoena and legal proceedings in the same manner and to the same extent as the Mediators.   Phoenix has agreed to these provisions, if approved by the Court, in lieu of its standard indemnification and limitations on liability provisions.

## Basis for Relief

### A.  Employment of Phoenix as Financial Advisor to the Mediation Team Is Permitted

36.     Bankruptcy Code section 363, governing the use of a debtor's property, does not apply to title III cases.  Pursuant to Bankruptcy Code section 105(a), made applicable to the

---

[7] In the event no agreement is reached regarding the allocation of Phoenix's fees and expenses or the reasonableness of those fees and expenses, those objections may be filed with the Court in accordance with any interim compensation order entered by the Court.

Title III Cases by PROMESA section 301(a), the Oversight Board is permitted to employ Phoenix as financial advisor for the Mediation Team in the Title III Cases and related proceedings.  Additionally, Bankruptcy Code section 105(a) provides, in relevant part that: "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

37.     Prior to the selection of Phoenix as financial advisor to the Mediation Team, the Mediation Team reviewed and compared proposals from other industry-leading financial advisors, to ensure a competitive process.

38.     The Oversight Board, as the Debtors' representative, and the Mediation Team submit, based on the proposals obtained and reviewed, that Phoenix's rates are competitive and reasonable given the quality of services and expertise Phoenix provides.  The Oversight Board, as the Debtors' representative, is requesting authority for the Debtors to pay all amounts arising under Phoenix's engagement, subject to Court approval.

### B.  *Nunc Pro Tunc* **Relief Is Warranted**

39.     In accordance with the Oversight Board's and the Mediation Team's request, Phoenix has agreed to serve as financial advisor for the Mediation Team as of August 4, 2017 with the understanding that the Oversight Board would seek approval of its employment, effective *nunc pro tunc* to such date, so that Phoenix may be compensated for Services rendered before approval of this Application.

40.     The Oversight Board believes that no party in interest will be prejudiced by the granting of the *nunc pro tunc* employment, as proposed in this Application, because Phoenix has provided and continues to provide valuable Services to the Mediation Team in the interim period.

41.     This Court has approved similar relief in the Title III Cases.  *See, e.g.*, *In re Commonwealth of Puerto Rico, et al.*, 17 BK 3283 (D.P.R. June 1, 2017) [ECF No. 245]. Additionally, bankruptcy courts routinely approve *nunc pro tunc* employment similar to that requested herein in large, complex bankruptcy cases.  *See, e.g.*, *In re La Paloma Generating Co., LLC*, Ch. 11 Case No. 16-12700 (CSS) (Bankr. D. Del. Jan. 13, 2017) (approving *nunc pro tunc* employment of the claims and noticing agent to perform claims and noticing services); *In re Magnum Hunter Resources Corp.*, No. 15-12533 (Bankr. D. Del. Dec. 16, 2015) (same).

42.     Accordingly, the Oversight Board, as the Debtors' representative, respectfully requests entry of the Proposed Order authorizing and requiring the Debtors to pay Phoenix as financial advisor for the Mediation Team, effective *nunc pro tunc* to August 4, 2017, all amounts arising under Phoenix's engagement, subject to Court approval.

## Notice

43.     The Oversight Board has provided notice of this Motion to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against each Debtor; (d) counsel to the statutory committees appointed in the Title III Cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to AAFAF; (g) the Puerto Rico Department of Justice; (h) the Other Interested Parties;[8] and (i) all parties filing a notice of appearance in the Title III Cases.  The Oversight Board submits that, in light of the nature of the relief requested, no other or further notice need be given.

---

[8] The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

**Reservation of Rights**

44.     The Oversight Board files this Application without prejudice to or waiver of any rights pursuant to PROMESA section 305,[9] and does not by this Application provide any consent otherwise required by section 305.

*[Remainder of Page Intentionally Left Blank]*

---

[9] PROMESA section 305 provides:

LIMITATIONS ON JURISDICTION AND POWER OF COURT.

Subject to the limitations set forth in titles I and II of this Act, notwithstanding any power of the court, unless the Oversight Board consents or the plan so provides, the court may not, by any stay, order, or decree, in the case or otherwise, interfere with—

(1) any of the political or governmental powers of the debtor;

(2) any of the property or revenues of the debtor; or

(3) the use or enjoyment by the debtor of any income-producing property.

PROMESA § 305.

WHEREFORE the Oversight Board, as the Debtors' representative, respectfully requests the Court enter the Proposed Order (a) granting the Application, and (b) granting the Oversight Board such other and further relief as is just.

Dated: August 13, 2017                   Respectfully submitted,
       San Juan, Puerto Rico
                                         /s/ Martin J. Bienenstock

                                         Martin J. Bienenstock
                                         Paul V. Possinger
                                         Ehud Barak
                                         Maja Zerjal
                                         (Admitted Pro Hac Vice)
                                         **PROSKAUER ROSE LLP**
                                         Eleven Times Square
                                         New York, NY 10036
                                         Tel:  (212) 969-3000
                                         Fax:  (212) 969-2900

                                         *Attorneys for the Financial Oversight and
                                         Management Board as representative for the
                                         Debtors*

                                         /s/ Hermann D. Bauer

                                         Hermann D. Bauer
                                         USDC No. 215205
                                         **O'NEILL & BORGES LLC**
                                         250 Muñoz Rivera Ave., Suite 800
                                         San Juan, PR 00918-1813
                                         Tel:  (787) 764-8181
                                         Fax:  (787) 753-8944

                                         *Co-Attorneys for the Financial Oversight and
                                         Management Board as representative for the
                                         Debtors*

## Exhibit A

**Proposed Order**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al*.,

      Debtors.[1]

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

PUERTO RICO ELECTRIC POWER AUTHORITY
("PREPA"),

      Debtor.[2]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

PROMESA
Title III

No. 17 BK 4780-LTS[3]

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The last four (4) digits of PREPA's federal tax identification number are 3747.

[3] The PREPA title III case is not jointly administered with the Commonwealth of Puerto Rico, *et al*. title III cases jointly administered under No. 17 BK 3283-LTS. This Application is filed both in the PREPA title III case and the Commonwealth of Puerto Rico, *et al*. title III cases.

## ORDER AUTHORIZING EMPLOYMENT
## AND PAYMENT OF PHOENIX MANAGEMENT
## <u>SERVICES, LLC, AS FINANCIAL ADVISOR FOR MEDIATION TEAM</u>

Upon the *Application of Oversight Board for Entry of Order Authorizing Employment and Payment of Phoenix Management Services, LLC as Financial Advisor for Mediation Team* (the "<u>Application</u>");[4] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Application is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Oversight Board provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and the Kopacz Declaration and having heard the statements of counsel in support of the Application at a hearing, if any; and the Court having determined that the legal and factual bases set forth in the Application, including the absence of other costs associated with the Mediation Team's service, and at any hearing thereon establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and upon the record herein, after due deliberation thereon, the Court having found that good and sufficient cause exists for the granting of the relief as set forth herein,

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Application is **GRANTED** as set forth herein.

---

[4] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

2.      The Debtors are authorized and required to pay Phoenix as financial advisor for the Mediation Team effective *nunc pro tunc* to August 4, 2017, all amounts arising under Phoenix's engagement, and Phoenix is authorized and directed to perform the Services.

3.      In connection with performing the Services, Phoenix is authorized to take direction from the Mediation Team.

4.      Phoenix shall be entitled to allowance and payment of compensation for professional services rendered and reimbursement of expenses incurred pursuant to the terms of the Application and its engagement as an administrative expense pursuant to Bankruptcy Code section 503(b)(1), made applicable by PROMESA section 301(a).

5.      Phoenix's fees and expenses shall be subject to review and allowance by the Court under the procedures and standards applicable to fees and expenses of professional persons under PROMESA section 316.  Phoenix shall be entitled to seek interim compensation under the procedures set forth in PROMESA section 317, and shall be subject to any interim compensation orders entered by the Court, except that any objection to the allocation of Phoenix's fees and expenses or the reasonableness of those fees and expenses shall be raised in the first instance with the Mediation Team Leader.[5]

6.      Phoenix will maintain records of time and expenses on a Debtor-specific basis. Phoenix's allowed fees and expenses shall be paid by, and allocated among, the Commonwealth and its instrumentalities that are, at the time the fees and expenses are incurred, debtors under title III of PROMESA.  Under no circumstances shall the Mediation Team or any Mediator be responsible for payment of Phoenix's fees and expenses.

---

[5] In the event no agreement is reached regarding the allocation of Phoenix's fees and expenses or the reasonableness of those fees and expenses, those objections may be filed with the Court in accordance with any interim compensation order entered by the Court.

7.　　Phoenix shall be entitled to indemnification and exclusion from subpoena and legal proceedings in same manner and to the same extent as are the Mediators.

8.　　In the event of any inconsistency between this Order and the Application, this Order shall govern.

9.　　Nothing herein is intended to, shall constitute, or shall be deemed to constitute Debtors' or the Oversight Board's consent, pursuant to PROMESA section 305, to this Court's interference with (a) any of the political or governmental powers of the Debtors, (b) any of the property or revenues of the Debtors, or (c) the use or enjoyment of the Debtors of any income-producing property.

10.　　Notwithstanding any applicability of any Federal Rule of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.　　Phoenix, the Mediation Team, and the Oversight Board, as the Debtors' representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this order in accordance with the Application.

12.　　This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.


Dated: _____, 2017　　　　_____

　　　　　　　　　　　　　　　　　　　　　Honorable Laura Taylor Swain
　　　　　　　　　　　　　　　　　　　　　United States District Judge

## Exhibit B

**Kopacz Declaration**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

```
-------------------------------------------------------------x
```

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND | |
| MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | (Jointly Administered) |
| Debtors.[1] | |

```
-------------------------------------------------------------x
```

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND | |
| MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 4780-LTS3 |
| as representative of | |
| Puerto Rico Electric Power Authority | |
| ("PREPA"), | |
| Debtor.[2] | |

```
-------------------------------------------------------------x
```

---

[1]  The Debtors in these title III cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]  The last four (4) digits of PREPA's federal tax identification number are 3747.

[3]  The PREPA title III case is not jointly administered with the Commonwealth of Puerto Rico, *et al.* title III cases jointly administered under No. 17 BK 3283-LTS.  This Application is filed both in the PREPA title III case and the Commonwealth of Puerto Rico, *et al.* title III cases.

### DECLARATION OF MARTHA E. M. KOPACZ IN SUPPORT OF APPLICATION OF OVERSIGHT BOARD FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PHOENIX MANAGEMENT SERVICES, LLC AS FINANCIAL ADVISOR FOR MEDIATION TEAM

I, Martha E. M. Kopacz, under penalty of perjury, declare as follows:

1.     I am a Senior Managing Director of the firm Phoenix Management Services, LLC ("Phoenix"), a limited liability company with offices at Ten Post Office Square, Suite 605N, Boston, MA 02109.  The information included in this declaration (the "Declaration") concerning Phoenix is based upon my personal knowledge.

2.     This Declaration is made in support of the *Application of Oversight Board for Entry of Order Authorizing Employment and Payment of Phoenix Management Services, LLC as Financial Advisor for Mediation Team* (the "Application") filed in connection with the proposed retention of Phoenix as financial advisor for the Mediation Team.[4]

3.     On August 4, 2017, the Mediation Team selected Phoenix to serve as its financial advisor effective August 4, 2017, subject to Court approval.

4.     The Mediation Team engaged Phoenix to provide financial advisory services. The Mediation Team is familiar with the professional standing and reputation of Phoenix.  The Mediation Team understands and recognizes that Phoenix has significant experience in providing financial advisory services in restructurings and reorganizations and has exemplary qualifications to perform the services required by the Mediation Team in the Title III Cases.  Phoenix has been requested to and began immediately to provide assistance to the Mediation Team as of August 4, 2017.

---

[4]  Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

5.      Phoenix has begun to provide assistance, as agreed, to the Mediation Team in accordance with the terms and conditions set forth herein and in the Application.  Accordingly, I make this Declaration in support of an entry of order approving the Application.

### Qualifications

6.      Phoenix is a 30-year-old boutique financial advisory firm, providing interim management, turnaround consulting, and investment banking services to a broad range of enterprises and their stakeholders completing over 1,300 engagements.  Phoenix has significant qualifications and experience in the types of matters for which the Mediation Team seeks to engage us.  Our firm has provided financial advisory and interim management services to municipalities, public corporations and their oversight boards for more than twenty years.  Phoenix has a reputation for analytical quality, intellectual honesty, and pragmatic advice in complex and dynamic situations.

7.      I, Martha E. M. Kopacz, will be responsible for the overall delivery of Phoenix's services and direction of the engagement team.  I have over 30 years of experience in restructuring, having advised debtors, creditors and equity holders engaged in restructurings, served as a Court-appointed expert, examiner, and chapter 11 trustee, and have been retained as an Interim President and Chief Restructuring Officer at various times in my career.  I was appointed by Judge Steven Rhodes to serve as his Independent Expert on the feasibility of the Plan of Adjustment for the City of Detroit (the "City").  Supported by a team of Phoenix professionals, I issued three expert reports and testified during the confirmation hearing about the City's 40 year financial projections, the risks associated with the projections and the $1.7 billion of restructuring and reinvestment initiatives that formed the cornerstone of the City's revitalization.

8.      I hold a BS degree in marketing and an MBA degree in finance and investments from the Kelley School of Business at Indiana University.  I am a Fellow of the American College of Bankruptcy, treasurer of the College's Foundation and a member of the American Bankruptcy Institute, the Turnaround Management Association, and the International Women's Insolvency and Restructuring Confederation.  I am an associate member of the National Federation of Municipal Analysts and have completed the ABI/St. John's University Bankruptcy Mediation Training.

9.      It is presently anticipated that Phoenix will provide the following services:

(A)     Assist the Mediation Team with:

- Understanding the fiscal plan(s) based on all data made available;

- Understanding the types of consideration that may be offered under plans of adjustment; and

- Identifying capital structures and debt restructuring techniques that may be useful in mediating plans of adjustment;

(B)     Provide other services to the Mediation Team that may be requested to support facilitative and directive mediation sessions, including, but not limited to:

- Identifying financial and information-related observations made by the parties to identify common ground on assumptions and methodologies, factual consistencies and inconsistencies, disjointed perceptions and incomplete information;

- Sharing insights with the Mediators and participants, as appropriate, including reflecting and reframing parties' comments;

- Helping the Mediators work through overlapping financial issues and impacts across the different mediations; and

- Helping the Mediators identify underlying priorities and options for negotiated resolutions related to ongoing financial issues on-island; and

(C)     Provide other services as requested by the Mediation Team.

4

**Staffing and Approach**

10.     Phoenix employs predominately highly experienced professionals with more than
20 years of consulting, restructuring, business management, commercial and investment banking
experience, particularly in the context of organizational stress.  We have committed a team of
Senior Managing Directors to support the Mediation Team along with additional Managing
Directors and other senior staff as needed.  Phoenix takes pride in providing high value for its
fees, efficiently leveraging our clients' and other professionals' work.

**Terms of Retention and Compensation**

11.     Phoenix charges fees based on actual hours expended to perform its services at
standard hourly rates established for each employee, as adjusted annually, and it is the customary
practice of the firm to bill clients for travel time consistent with guidelines of the jurisdiction.
For this jurisdiction, therefore, Phoenix will apply a 50% discount rate to non-working travel
time billed.  For this engagement, we will record time entries in six-minute increments, and will
devise categories for its time keeping that allow for allocation of Phoenix's fees to individual
debtors and individual mediations, as appropriate.

12.     Subject to this Court's approval, Phoenix requests that we be entitled to receive
compensation at the following hourly rates in effect as of August 4, 2017:

| | |
|---|---|
| Senior Managing Directors | $495 - $695 |
| Senior Advisors | $400 - $650 |
| Managing Directors | $395 - $525 |
| Directors & Senior Directors | $320 - $450 |
| Vice Presidents, Associates & Analysts | $150 - $350 |
| Support Staff | $75 - $150 |

13.     Phoenix charges for reasonably incurred, out-of-pocket expenses associated with
an assignment including, but not limited to, costs of travel, Phoenix's legal counsel, any
applicable sales or excise taxes and other direct expenses.  All expenses will be billed at actual

cost.

14.     Phoenix understands that all allowed compensation and expenses will be paid by the Commonwealth and any other title III debtor(s) whose assets and liabilities are the subject of the mediation process, and that counsel for the Puerto Rico Fiscal Agency and Financial Advisory Authority has represented that the Commonwealth (and any other applicable title III debtor(s)) have agreed to pay the fees and expenses of the Mediation Team's professionals on a timely basis consistent with other professionals whose fees and expenses are being paid by the Debtors.

## **Indemnification**

15.     Phoenix negotiated the terms and conditions of its employment at arm's length and in good faith.   Phoenix believes that it is appropriate to include Phoenix in the indemnification provisions and the exclusions to subpoena and legal proceedings in the same manner and to the same extent as the Mediators.   Phoenix has agreed to these provisions, if approved by the Court, in lieu of its standard indemnification and limitations on liability provisions.

## **Disinterestedness**

16.     Notwithstanding the inapplicability of Bankruptcy Code section 327 to the Title III cases, I believe Phoenix is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14).   Bankruptcy Code section 101(14) defines "disinterested person" as a person that:

(A)     is not a creditor, an equity security holder, or an insider;

(B)     is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

(C)     does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct

or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

17.     I believe Phoenix satisfies the standards set forth in the Bankruptcy Code for disinterested persons as defined by Bankruptcy Code section 101(14).  Phoenix, and its professionals, have represented that they (a) are not creditors, equity security holders, or insiders of the Debtors; (b) are not and were not, within two (2) years before the date of the filing of the Title III cases, a director, officer, or employee of the Debtors; and (c) do not represent or hold an interest adverse to the interests of the Debtors with respect to the matters in which Phoenix is proposed to be employed.

18.     Phoenix is not related to or connected with, and neither holds nor represents any interest adverse to, the Debtor, their creditors, or any other party in interest herein or their respective attorneys or the U.S.  Trustee or anyone employed in the Office of the U.S.  Trustee in the matters for which Phoenix is proposed to be employed, except that Phoenix is connected with the Mediation Team by virtue of this engagement.   Phoenix may represent, or may have represented, certain of the Debtors' creditors or other parties in interest, or interests adverse to such creditors or other parties in interest, in matters unrelated to the Title III Cases.  Phoenix may have been engaged or had mutual clients with certain law firms, financial advisors, accounting firms and other professionals that are potential parties-in-interest or may become parties-in-interest, in matters unrelated to the Title III Cases but no such matters relate to any of the Title III cases or to matters related to the Commonwealth of Puerto Rico generally.

19.     Specifically, Phoenix has undertaken a detailed search of available information and records to determine and to disclose whether it is performing or has performed services for any of the Debtor, their affiliates and other interested parties identified in pleadings filed on the docket in the Title III Cases (the "Interested Party List"), and attached to this Declaration

7

as <u>Schedule 1</u>.  Phoenix reviewed the Interested Party List and compared it to Phoenix's list of current and former clients for the past 3 years.

20.     Based upon the information presently available, Phoenix is aware of no clients or client connections that would be in conflict with Phoenix's proposed engagement by the Mediation Team, will impact or conflict with or be adverse to the Debtors or the Mediation Team in the Title III Cases, or will compromise Phoenix's ability to provide services to the Mediation Team and its constituents in the Title III Cases.

21.     I will promptly supplement this Declaration, disclosing any material developments regarding the Debtors or any other pertinent relationships that require disclosure in the above-referenced Title III Cases, if and when any such developments or relationships come to Phoenix's attention.

*[Remainder of Page Intentionally Left Blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on August 11, 2017

Martha E. M. Kopacz
Senior Managing Director
Phoenix Management Services, LLC

## Schedule 1

**Interested Party List**

**<u>SCHEDULE 1</u>**

**<u>Interested Parties</u>**

**Representative of Debtors**
The Financial Oversight and Management Board for Puerto Rico

**Debtors**
Commonwealth of Puerto Rico (Primary Government)
Employees' Retirement System (ERS) of the Government of the Commonwealth of Puerto Rico
PR Highways and Transportation Authority (HTA)
PR Sales Tax Financing Corporation (COFINA)
PR Electric Power Authority (PREPA)

**Oversight Board Members and Professionals**
Andrew G. Biggs, Member of the Board
Jose B. Carrión III, Member of the Board
Jaime A. El Koury, General Counsel of the Board
Carlos M. Garcia, Member of the Board
Gov. Alejandro García Padilla, Ex-Officio Member of the Board
Arthur J. Gonzalez, Member of the Board
José R. González, Member of the Board
Ana J. Matosantos, Member of the Board
Natalie Jaresko, Executive Director of the Board
David A. Skeel Jr., Member of the Board
Noel Zamot, Revitalization Coordinator
Proskauer Rose, Counsel to the Oversight Board
O'Neill & Borges, Counsel to the Oversight Board
McKinsey & Co, Consultant to the Oversight Board
EY Puerto Rico, Consultant to the Oversight Board

**Other Parties Identified**
Additional (Electronic) Lottery
Agricultural Enterprises Development Administration
Automobile Accidents Compensation Administration
Cardiovascular Center Corporation of Puerto Rico and the Caribbean
Commonwealth of Puerto Rico Regional Center Corporation
Company for the Integral Development of the "Península de Cantera"
Corporation for the "Caño Martin Peña" Project (ENLACE)
Corporation of Industries for the Blind and Mentally Retarded and Incapacitated Persons of Puerto Rico
Culebra Conservation and Development Authority
Economic Development Bank for Puerto Rico
Employment and Training Enterprises Corporation
Farm Insurance Corporation of Puerto Rico
Fine Arts Center Corporation
Fiscal Agency and Financial Advisory Authority (AAFAF)

1

Governmental Development Bank for PR (GDB)
Institute of Puerto Rican Culture
Institutional Trust of the National Guard of Puerto Rico
Judiciary Retirement System (JRS)
Land Authority of Puerto Rico
Local Redevelopment Authority of the Lands and Facilities of Naval Station Roosevelt Roads
Model Forest
Municipal Revenue Collection Center (CRIM)
Musical Arts Corporation
Port of the Americas Authority
PR Aqueduct and Sewer Authority (PRASA)
PR Infrastructure Finance Authority (PRIFA)
PR Maritime Shipping Authority
PR Medical Services Administration (ASEM)
Public Building Authority (PBA)
Public Corporation for the Supervision and Deposit Insurance of Puerto Rico Cooperatives
    (COSSEC)
Puerto Rico and Municipal Islands Transport Authority
Puerto Rico Conservatory of Music Corporation
Puerto Rico Convention Center District Authority (PRCCDA)
Puerto Rico Council on Education
Puerto Rico Health Insurance Administration (HIA / ASES)
Puerto Rico Industrial Development Company (PRIDCO)
Puerto Rico Industrial, Tourist, Educational, Medical, and Environmental Control Facilities Financing
    Authority (AFICA)
Puerto Rico Integrated Transit Authority (PRITA)
Puerto Rico Land Administration
Puerto Rico Metropolitan Bus Authority (AMA)
Puerto Rico Municipal Finance Agency (MFA)
Puerto Rico Ports Authority
Puerto Rico Public Broadcasting Corporation
Puerto Rico Public Private Partnerships Authority (PPP)
Puerto Rico School of Plastic Arts
Puerto Rico Telephone Authority
Puerto Rico Tourism Company
Puerto Rico Trade and Export Company
Solid Waste Authority
Special Communities Perpetual Trust State Insurance Fund Corporation (SIF)
Teachers' Retirement System (TRS)
The Children's Trust Fund (CTF)
Traditional Lottery
Unemployment Insurance Fund
University of Puerto Rico (UPR)
University of Puerto Rico Comprehensive Cancer Center

2

**20 Largest Unsecured Creditors (Commonwealth, case # 17-03283)**
Baxter Sales & Distribution PR Corp.
Braxton School of Puerto Rico
Cardinal Health PR
Cesar Castillo Inc.
Corporacion de Servicios Educativos de Yabucoa
COSALL
Ediciones Santillana, Inc.
Ediciones SM
EVERTEC Inc.
IKON Solutions, Inc.
Institucion Educativa NETS, LLC
Kirkland & Ellis LLP
Manpower
MC&CS
Microsoft
Puerto Rico Telephone Company
Total Petroleum Corps.
U.S. Army Corps of Engineers
Workforce Training and Employment Center, Inc.

**20 Largest Unsecured Creditors (COFINA)**
Lehman Brothers Holdings Inc.
KPMG, LLC

**20 Largest Unsecured Creditors (ERS)**
Arroyo Flores Consulting Group Inc.
Taplin, Canida and Habacht
Autoridad Financiamiento Vivienda
Database Marketing Services
OL Maintenance
The Bank of New York Mellon
Popular Asset Management
Santander Asset Management
Chicago Equity Partners
Alpha Guards Mgt Inc
Mesirow Financial Investment Mgt Inc.
State Street Global Advisors
Air Chiller Mechanical Const. Inc.
Netwave Equipment Corp.
Mainline Information Systems
Puerto Rico Attorneys and Counselors at Law PSC
Marta Gisela Alvarez
Beltran Beltran and Assoc PSC
Hernandez Gutierrez Law
Banco Popular DE PR

3

**20 Largest Unsecured Creditors (HTA)**
Autoidad de Energia Electrica
Administracion Sistema de Retiro del Gobierno
Secretario Tribunal de San Juan
Gila LLC
First Transit, Inc.
Aut Edificios Publicos
Ferrovial Agroman
Del Valle Group, S.P.
Constructora I. Melendez
The Enian Corporation
L.P.C.&D., Inc
Puerto Rico Telephone Co
Tamrio Inc.
Super Asphalt Pavement Corp.
ACI-Herzon A Joint Venture
CD Builders, Inc.
Betterrecycling Corp.
Bermudez, Longo, Diaz-Masso,S.E.
Global Insurance Agency Inc
Peerless Oil & Chemicals, Inc.

**20 Largest Unsecured Creditors (PREPA)**
Santiago Mendez, Pedro J.
Scotiabank De Puerto Rico
PBJL Energy Corporation
Solus Alternative Asset Management LP
Carmona Resto. Hector
Freepoint Commodities LLC
Sistema Retiro Empleados AEE Aportacion Patronal
Rodriguez Ramirez, Myrna
KDC Solar PRSI LLC
EcoElectrica, LP
AES Puerto Rico
Aguas Puros
Marrero, Ishmael
Abengoa Puerto Rico, S.E.
JP Morgan Libor Fixed / Floating
Tradewinds Energy Barcelona LLC
Vitol Inc.
Rivera, Ana Teresa
Lawes, Grandville T
Puma Energy Caribe, LLC

**Litigation Parties**
322 De Diego Holdings, LLC
419 Ponce de Leon, Inc.

4

Aaron C. Bielenberg
Adriel Longo-Ravelo
Adrienne Muentes-Ortiz
AG Financial Solutions
AG Financial Solutions Funds
Altair Global Credit Opportunities
Ambac Assurance Corporation
Ambac Financial Group
Aristeia Horizons, L.P.
Artau Feliciano Conjugal Property Partnership
Asociación Puertorriqueña De La Judicatura, Inc.
Assured Guaranty Corp/Assured Guaranty Municipal Corp. f/k/a Financial Security Assurance
Corporation
Aurelius Capital Management LP
Autonomy Capital (Jersey) LP
Baldr Mason Fund
Banco Popular de Puerto Rico
Banco Santander Puerto Rico
Bank of New York Mellon
Bank of Nova Scotia
Benigno Trigo-Gonzalez
Bertita Martinez-Martinez
Blue Mountain Capital Management LLC
Bonistas de Patio
Brigade Capital Management
Buckeye Partners
Camino Cipres LLC
Camino Roble LLC
Canary SC Master Fund, L.P
Canyon Balanced Master Fund,Ltd.
Canyon Funds
Canyon Value Realization Fund, L.P.
Carlos Reyes Castro
Carmen Feliciano Vargas
Carmen Regina Suarez-Sein
Ceci Montilla-Rojo
Centerbridge Partners
Claren Road and Avenue
Claren Road Asset Management
Conjugal Partnership Gonzalez Simounet
Conjugal Partnership Hermida-Colon
Conjugal Partnership Hess-Trigo
Conjugal Partnership Martinez-Martinez
Conjugal Partnership Smith-Smith
Conjugal Partnership Trigo-Suarez
Conjugal Partnership Trigo-Zapata
Conjugal Partnership Valdes-Muentes

Corbin Opportunity Fund L.P.
Covalent Partners LLC
Crescent 1, L.P.
CRS Master Fund, L.P.
Cyrus Funds
Davidson Kempner
Davidson Kempner Capital Management
Decagon Holdings
Dionisio Trigo-Gonzalez
Eduardo Artau Gomez
EJF
Elías Sánchez
Ernesto A. Smith
Excelerate Energy
FCO Advisors LP
Federico M. Stubbe Arzuaga
Federico Stubbe Gonzalez
Financial Guaranty Insurance Co.
Fir Tree Partners
First Medical Health Plan, Inc.
Fore Research & Management
Fore Solus Alternative Asset Management
Franklin Advisors Inc.
Franklin Templeton Inc.
FSA Investments, LLC
FT Opportunistic Distressed Fund
Fundamental
Glendon Opportunities Fund
Gloria Colon
GoldenTree
GoldenTree Asset Management LP
Goldman Sachs
Goldman Sachs Asset Management
Guillermo L. Martinez
Gustavo Hermida-Ceda
Heirs of The Estate of Rosario Ferre Ramirez De Arellano Comp by BTF-RLTF-LATF
Jacana Holdings
Jorge Hess
Jorge Irizarry
Jose A. Valdes-Mazaurieta
José F. Rodríguez Perelló
Ketty SIimounet de Gonzalez
King Street
Knighthead
KTRS Credit Fund LP
Lex Claims, LLC
LMA SPC

6

LMAP 903 Limited
Long En-Tech Puerto Rico, Inc.
Marathon
MassMutual
Master SIF SICAV SIF
MBIA
MC Holdings Master LP
Merced Capital LP
Miguel Angel Ortiz Ramos
Monarch
Monarch Alternative Capital LP
MPR Investors, LLC
Municipio Autonomo de Ponce
Natalie Jaresko
National Public Finance Guarantee Corp.
Nokota Capital
Northshore Management, Corp.
Nutmeg Partners
Ocher Rose LLC
Old Bellows Partners
Oppenheimer Funds Inc.
Oriental Bank
Pandora Select Partners
Peaje Investments
Penteli Master Fund
Pinehurst Partners, L.P.
Prisma SPC Holdings Ltd. – Segregated Portfolio AG
Puerto Rico Funds and Portfolios
Puerto Rico GNMA & U.S. Government Target Maturity Fund
Rafael Rojo
Ramon Gonzalez-Cordero
Regina Trigo de Hess
ROLSG LLC
RRW I LLC
San Rafael Holdings, LLC
Sandra Pacheco Santiago
Santander Asset Management Corporation
Santander BanCorp
Santander Financial Services, Island Insurance Corporation
Santander Insurance Agency, Inc.
Santander International Bank of Puerto Rico, Inc.
Santander PR Capital Trust I
Santander Securities Corporation
Saress E. Smith
SB Special Situation Master Fund SPC, Segregated Portfolio D
Scoggin Funds
Scotiabank de Puerto Rico

7

Senator Global Opportunity Master Fund L.P.
Servidores Publicos Unidos Council 95 of The American Federation of State, County and Municipal
      Employees
SL Funds
SL Puerto Rico Fund II LP
Sola Ltd.
Stone Lion Capital Partners LP
Stugo, LLC
SV Credit LP
Syncora
Taconic Master Fund 1.5 LP / Taconic Opportunity Master Fund
Tasman Fund LP
Teresa Zapata-Bird
The Canyon Value Realization Master Fund, L.P.
Tilden Park Capital Management
Trigo Corp.
Trimar Investments Corp.
Bank Trust National Association
UBS IRA Select Growth and Income Puerto Rico Fund
Ultra Master Ltd.
Valmu Trust 2015, LLC
Varde Partners
Voya Institutional Trust Company
Whitebox Advisors LLC
Wilmington Trust

**All Parties and Professionals on the Master Service List as of July 28, 2017 [Case No. 17-03283, Docket No. 819]**

**All Parties and Professionals on the Master Service List as of August 8, 2017 [Case No. 17-04780, Docket No. 204]**