# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>The Financial Oversight and Management Board for Puerto Rico,<br><br>as representative of<br><br>The Commonwealth of Puerto Rico, *et al.* | PROMESA Title III<br><br>No. 17-BK-3283-LTS |
| In re:<br>GLENDA COLON-FIGUEROA V. EVERTEC GROUP, LLC; EVERTEC, INC., ET AL.<br>Debtor | 17-BK- 03566- LTS |

## MOTION FOR RELIEF OF AUTOMATIC STAY

TO THE HONORABLE COURT:

COMES NOW, movant, Glenda Colon-Figueroa, through the undersigned Counsel, and respectfully move this Court to Relief the Automatic Stay in the ongoing civil action against private companies Evertec, Inc., Evertec Group, LLC and the Government Development Bank of Puerto Rico (GDB)[1], civil no. KAC2015-0756 (505) before the Court of First Instance of Puerto Rico:

### Jurisdiction

This Court has jurisdiction over this contested matter pursuant to the provisions of 28 USC Section 1334, 48 USC § 2161 and 11 USC § 362(d)(1).

---

[1] GDB serves as a bank, fiscal agent and financial advisor for the Commonwealth of Puerto Rico, and its

1

**Preliminary Facts**

1. On August 15th, 2015, movant filed a civil Class Action Law Suit against Evertec Group and Evertec, Inc., under Act 118 of June 25, 1971, 32 LPRA sec 3341. In the complaint movant requested Evertec (not GDB or Debtor) to return of an unlawful $0.40 charge made directly against child support alimony for the use of the UNICA card system. We explain.

2. It is the policy of the government of Puerto Rico that the right to obtain Child Support is a fundamental constitutional right with the highest public interest. See Article II, Sec. 7 of the Constitution of the Commonwealth of Puerto Rico. Puerto Rico Supreme Court has determined that the right to receive child support alimony is the cornerstone of the constitutional right to life. Martínez v. Rodríguez, 2003 TSPR 134.

3. Because of the above, child support alimony cannot be subject to taxation or garnisments of any type. See article 149 of the Puerto Rico Civil Code and Raúl Serrano Geyls, Derecho de Familia en Puerto Rico, Vol. II. Página 1427.

4. ASUME (non-party on the case) is the Child Support Administration agency for Puerto Rico. Its primary duty is to assure that the custodian or non-custodian parent comply with their legal obligation of providing child support to their children. It collects hundreds of millions of dollar per year in child support alimonies. After depositing the money in local banks, the money is sent to the custodial parent of the subject children in different manners.

5. One of the manners to withdraw the money from the ASUME account is using the UNICA Card system. The UNICA card is a card that works as a debit card: it allows the custodial parent to use it in commercial establishments and ATM machines.

6. The use of the UNICA card on ATM machines comes with a $0.40 charge that goes directly against the child support alimony.

7. Evertec is the entity contracted by Debtor through the GDB to administer the UNICA Card system. Evertc is the entity that charges the $0.40 fee to the child support alimony accounts.

8. Evertec has charged GDB over $56,000,000.00 for these services on top of the $0.40 charge.

9. The mentioned Class Action suit seeks the return of the $0.40 charge by Evertec (not the GDB or Debtor) to the accounts of the children members of the class. Additionally we claim interest and attorneys fees.

10. Movant is not seeking any payments from Debtor or GDB in the civil suit. However, the Instance Court determined that GDB and Debtor are an indispensable party to the suit.

11. On May 3rd, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") filed a petition on behalf of Debtor, commencing a case under Title III of PROMESA, triggering an automatic stay on creditor remedies against Debtor. 48 U.S.C. § 2161(a) (incorporating 11 U.S.C. §§ 362 and 922 into PROMESA).

12. On June 6ty, 2017, Debtor requested the stay of proceedings at the local Court.

13. Therefore, Movant respectfully requests the modification of the Automatic Stay under PROMESA Title III, "for cause" under §362(d)(1), to proceed to recover against Evertec in the civil action before the Court of First Instance of Puerto Rico, case no. KAC2015-0756 (505), since no harm or economic impact will be imposed on the bankruptcy Debtor.

3

## Legal Argument

14. Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for Cause." In the case of *Brigade Leveraged Capital Structures Fund Ltd. v. Alejandro García-Padilla et al.*, 217 F. Supp. 3d 508, 517 (1st Cir. 2016), the First Circuit Court of Appeals expressed that certain circumstances might justify relief from the stay's significant and rigid effects, and established the governing standard for vacating the automatic stay "for cause" in the context of PROMESA, utilizing the factors set in *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2nd Cir. 1990).

15. The twelve factors adopted by the court in *Sonnax* are:

> (1) whether relief would result in partial or complete issue resolution;
> (2) lack of connection with or interference with bankruptcy case;
> (3) whether other proceeding involves debtor as fiduciary;
> (4) whether specialized tribunal with necessary expertise has been established to hear cause of action;
> (5) whether debtor's insurer has assumed full defense responsibility;
> (6) whether the action primarily involves third parties;
> (7) whether litigation in another forum would prejudice interests of other creditors;
> (8) whether judgment claim arising from other action is subject to equitable subordination;
> (9) whether movant's success in other proceeding would result in a judicial lien avoidable by debtor;
> (10) interests of judicial economy and expeditious and economical resolution of litigation;
> (11) whether parties are ready for trial in other proceeding;
> (12) impact of stay on parties and balance of harms.

16. Movant respectfully submits that the factorial analysis demonstrate the utter lack of justification for the imposition of stay. *Cf, Brigade Leveraged Capital Structures Fund v. Garcia Padilla*, 217 F. Supp. 3d 508 (D. PR 2016). Our case involves the constitutional rights that minors have to child support alimony. This kind of constitutional rights should

4

not be subject to a stay intended to protect Debtor from creditors who have rights of payment and claims against the Commonwealth for monetary compensations.

17. The fact that Debtor's is not the entity that has to return the illegal charges will not interference with the PROMESA process, nor with Debtor's endeavors in the bankruptcy proceedings. The Relief of the Automatic Stay in this case, will not prejudice Debtor's as it does not impact the debtor economically under PROMESA.

18. In the civil case at hand, no monetary harm will come to Debtor because Movant has no monetary claim against it. Debtor is on the case only as an indispensable party due to the fact that it entrusted to Evertec the administration of the UNICA card system.

*19.* As the legislative history of Sec. 362 shows, "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere". *In Re Lamberjack, 149 B.R. 467, 470 (Bankr. Ohio 1992).*

20. "Numerous Courts have permitted the stay to be lifted when the Movants are simply seeking to establish the fact and amount of the Debtor's liability and, as is these case the Movant has stipulated that any recovery will be sought from the Debotr's insurer or **co-defendant**". In Re Peterson, 116 B.R. 247, 250-251 (D. Colo. 1990). In such cases, "there can be no legitimate complaint that the estates will be dissipated by allowing the litigation to move forward". In Re 15375 Memorial Corp., 382 B.R. 652, 689 (Bankr. D. Del. 2008).

21."Where, as here, the Plaintiffs have agreed that they will not seek any recovery from estate assets, there is no basis for continuing the automatic stay"; <u>*In re Grace Indus., Inc.,*</u> 341 B.R. 399, 405 (Bankr.E.D.N.Y.2006); also see, <u>In re Todd Shipyards Corp.,</u> 92 B.R.

5

600, (Bankr. D.N.J. 1988) ("Since the Movants only seek to litigate their claims and obtain proceeds through the Debtor's available insurance coverage and do not seek relief from the stay in order to attach the property of the Debtor, such relief does not interfere with the bankruptcy proceedings.")

22. Another factor that supports granting the motion to lift the stay is that the Puerto Rico State court litigation will not prejudice the interests of other creditors. Movants will not collect any sum from Debtors since its claim is against another party, to wit, Evertec. Thus the other creditors in the bankruptcy will not be harmed by granting the motion because the Movants will not be able to enforce any judgment directly against the Debtor or its estate. See _R.J. Groover Construction,_ 411 B.R. at 465; In re Loudon, 284 B.R. 106, 108 (8th Cir. B.A.P. 2002); _In re; G.S. Distribution, Inc.,_ 331 B.R. 552, 567-68 (Bankr. S.D.N.Y. 2005) (finding no prejudice to creditors from lifting the stay because Movant will not be able to enforce judgment without permission of Bankruptcy Court); _In re 15375 Memorial Corp.,_ 382B.R. at 690 (lifting the stay because Movants "recovery against available insurance proceeds will in no way negatively impact the rights of the handful of other creditors in these cases").

23. Also, when a different entity form Debtor is the one to respond economically (Evertec in our case), several courts have held that the automatic stay either does not apply or should be lifted when the claim is made only against insurance proceeds because it does not affect the Debtor economically. See _In Matter of Fernstrom Storage and Van Company_, 938 F.2d 731, 735 (7th Cir.1991), the court rejected the debtor's argument that the insurance proceeds were property of the estate. "Where, as here, the Plaintiffs have agreed that they will not seek any recovery from estate assets, there is no basis for continuing the automatic stay"; _In re Grace Indus., Inc._, 341 B.R. 399, 405 (Bankr. E.D.N.Y. 2006); also

6

see, In re Todd Shipyards Corp., 92 B.R. 600, (Bankr. D.N.J. 1988) ("Since the Movants only seek to litigate their claims and obtain proceeds through the Debtor's available insurance coverage and do not seek relief from the stay in order to attach the property of the Debtor, such relief does not interfere with the bankruptcy proceedings.")

24. The process of evaluating whether there is sufficient "cause" to vacate the automatic stay is determined on a case-by-case basis, with the bankruptcy court having wide latitude in crafting relief from the automatic stay. In re Kissinger, 72 F. 3d 107, 108-109 (9th Cir. 1995); In re Tucson Estates, Inc., 912 F. 2d 1162, 1166 (9th Cir. 1990). Once cause is shown for the relief from the stay, the burden shifts to the debtor to demonstrate that it is entitled to the stay. 11 U.S.C. § 362(g); In re Marine Power & Equipment Company, Inc., 71 B.R. 925, 928 (W.D.Wash. 1987).

**WHEREFORE**, movant, respectfully requests that this Honorable Court Modify the Automatic Stay to allow the continuation of the a civil action before the Court of First Instance of Puerto Rico, against Evertec.

### NOTICE PURSUANT TO RULE 9013-1(C)

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record.

  I FURHER CERTIFY that on this date, I sent copy of this motion to the Court of First Instance.

  RESPECTFULLY SUBMITTED.

  In San Juan, Puerto Rico, this 9th day of August of 2017.


S/Juan R. Dávila Díaz
Juan R. Dávila Díaz
USDC-PR 224209

134 Mayagüez
Hato Rey, PR 00917
Tel. (787)525-7417
Fax. (787)763-9595
E-Mail: davilajuanr@yahoo.com