Certified Translation MC-2017-163
Page 1 of 4

EXHIBIT II-C

**COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SAN JUAN COURT HOUSE
SUPERIOR PART**

| | |
|---|---|
| FERDINDAND CEDEÑO RIVERA<br>**Plaintiff** | **CASE NO.:** K AC 2016-0762 |
| Vs. | **ROOM:** 906 |
| HIGHWAYS AND TRANSPORTATION<br>AUTHORITY<br>**Respondent** | **RE:** CIVIL ACTION |

RECEIVED
SAN JUAN COURTHOUSE
2017MAY 31 AM 10:44

## NOTICE OF STAY OF PROCEEDINGS

**TO THE HONORABLE COURT:**

Comes now, Puerto Rico Highways and Transportation Authority (hereinafter "PRHTA"), especially and without it hereby being deemed that it waives any defense, including not submitting itself to the jurisdiction of the Court, if proper, through the undersigned legal representative, and very respectfully states and prays:

1.      The above-captioned Complaint was filed on August 8, 2016, claiming against PRHTA for acts allegedly occurred prior to May 21, 2017.

2.      On June 30, 2016, the federal law known as the "Puerto Rico Oversight, Management, and Economic Stability Act" ("PROMESA"), 48 U.S.C. §2101 et seq., was passed.

3.      In accordance with PROMESA provisions, on May 21, 2017, the Financial Oversight Board filed a bankruptcy petition on behalf of PRHTA. See, *In Re: Puerto Rico Highways and Transportation Authority*, case no. 17-cv-01686(LTS). As of the date when this brief was filed, said petition is pending before the United States District Court.

4.      The bankruptcy petition was filed under PROMESA Title III, which provides in its Section 301(a) the application, among others, of Sections 362 and 922 of Title 11 of the United States Federal Code, known as the United States Bankruptcy Code.

5.       The main purpose of every bankruptcy proceeding is for the debtor to have the opportunity of reorganizing its economic activity, while protecting the interests of the creditors. This is achieved by distributing debtor's assets among its legitimate creditors, in accordance with the provisions of the Bankruptcy Act. Allende v. Garcia, 150 D.P.R. 892, 898-899 (2000).

6.       Under sections 362 and 922 of the Bankruptcy Code, the filing of a bankruptcy petition by the PRHTA has the immediate and direct effect of staying all civil actions that any natural or legal person may have initiated, attempts to continue, or from which they request the execution of a judgment against the Government while bankruptcy proceedings are pending before the Court and/or any Administrative Agency. 11 U.S.C. §§362(a), 922(a); 48 U.S.C. §2161(a) (emphasis added).

7.       The Supreme Court of Puerto Rico decided in *Marrero Rosado v. Marrero Rosado*, 178 D.P.R. 476, 490 (2010), that "[t]he automatic stay is one of the most basic protections that the United States Congressman instituted in the Bankruptcy Code for debtors to seek its protection."  The automatic stay prevents, "among other things, the start or the continuation of any judicial or administrative proceeding or of any other nature that was or could have been filed against the debtor, or to exercise any action which right has arisen before the bankruptcy was initiated." Id., pg.  491. See also, 11 U.S.C. §362; *Soares v. Brockton Credit Union*, 107 F.3d 969, 975 (1st Cir. 1997).

8.       It may also prevent the execution of a prior judgment or stop the creation, perfection, or execution of a lien prior to the filing of the bankruptcy. Id. Its effects are expressed ever since the bankruptcy petition is filed until the final judgment is entered, and no formal notice is required in order for it to have effect. Jamo v. Katahdin Fed. Credit Union, 283 F.3d 392, 398 (1st Cir. 2002). It also provokes that state courts will automatically be deprived of jurisdiction, and, it is even so broad that it stays litigation having little or nothing to do with debtor's financial situation. 3 Collier on Bankruptcy §362.03[3] (2009).

9.       **No prior notice whatsoever** to any person is required in order for this stay to have effect, because the filing of the bankruptcy petition is enough to produce the alluded stay. *Morales v. Clínica Feminina de P.R.*, 135 D.P.R. 810,

820 (1994) (judgment). The judicial action that so provides is merely declarative of the status set forth by federal law.

10.      Nevertheless, by deference to this forum and in consideration to the findings and proceedings previously scheduled in the case at bar, we file this brief in order for this Court to take official knowledge of what is set forth above and to proceed with the stay of all proceedings before its consideration, in accordance with Sections 362(a) and 922(a) of the Bankruptcy Code, as incorporated by reference under Promesa Section 301(a). 48 U.S.C. §2161(a).

11.      This notice of stay shall not be deemed as PRHTA waiving any additional statement regarding the effect of the approval of PROMESA to the case at bar, nor any right or defense that may arise from PROMESA Title III. Neither shall it be deemed as a waiver to any pleading or defense that PRHTA may raise in the above captioned case once the stay ends or any order is issued under Title III proceedings inuring in the case at bar.

**I**N **WITNESS WHEREOF**, it is very respectfully prayed of this Honorable Court to take knowledge of what is informed herein in order for all proceedings pending in the above-captioned case to be stayed.

**RESPECTFULLY SUBMITTED.**

**I CERTIFY**: Having notified by e-mail true and exact copy to: Atty. Jesús R. Cordero,

moracor@gmail.com; bufetemoralescordero@gmail.com.

In San Juan, PR., May _31_, 2017.

[Signature]
CARLOS JAVIER GARCIA BONILLA, ESQ.
RUA No. 14177
Highways and Transportation Authority
of Puerto Rico
(Legal Counsel Office – Floor 17)
Box 42007
San Juan, Puerto Rico 00949-2007
Tel. (787) 722-2929; Ext. 2384 and 2391
Fax: (787) 723-2560
e-mail: cjgarcia@dtop.pr.gov

**No. 2016-163  TRANSLATOR'S CERTIFICATE OF ACCURACY**

I, Mayra Cardona Durán, of legal age, single, resident of Guaynabo, Puerto Rico, Certified Interpreter of the United States Courts (Certification No. 98-020) and certified member of the National Association of Judiciary Interpreters (Member No. 10671) member in good standing of the American Translators Association (Member No. 230112), and admitted to the Puerto Rico Bar Association (Bar No. 12390) hereby CERTIFY: that according to the best of my knowledge and abilities, the foregoing is a true and rendition into English of the original Spanish text, which I have translated and it is stamped and sealed as described therein.  This document is comprised of Four (4) Pages, including this certification page, and does not contain changes or erasures.

In Guaynabo, Puerto Rico, today, Friday, August 11, 2017.

Lcda. Mayra Cardona
BA Lit/Fr, MA Trans, JD
**United States Courts Certified Interpreter**
**NAJIT Certified Interpreter and Translator**
3071 Alejandrino Ave. PMB 306 Guaynabo, Puerto Rico 00969-7035
Tel. (787) 530-1414 Fax (787) 789-7363
e-mail: mayra@cardona.com