**EXHIBIT II-D**

COMMONWEALTH OF PUERTO RICO
GENERAL COURT OF JUSTICE
COURT OF APPEALS
SAN JUAN JUDICIAL REGION

FILED CLERK
COURT OF APPEALS
2017 MAY 30 PM 2:39

| | |
|---|---|
| Aramis Martinez Matos | CASE NO.: KLRA2017-00304 |
| Respondent-Appellant | |
| v. | Re: Judicial Review of administrative decision of the Board of Appeals of the Puerto Rico Highways and Transportation Authority |
| PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY | |
| Movant-Respondent | Administrative Case No. 2012-ACT-008 |

## NOTICE OF STAY OF PROCEEDINGS

**TO THE HONORABLE COURT:**

COMES NOW, **Pue**rto Rico Highways and Transportation Authority (hereinafter "PRHTA"), especially and without it hereby being deemed waving any defense, including not submitting to the jurisdiction of the Court, if proper, through the undersigned legal representation, and very respectfully states and prays:

1. The above-captioned Judicial Review was filed on April 7, 2017, claiming against PRHTA for acts allegedly occurred prior to May 21, 2017.

2. On June 30, 2016, the federal law known as "Puerto Rico Oversight, Management, and Economic Stability Act" ("PROMESA"), 48 U.S.C. §2101 *et seq*.

3. In accordance with PROMESA provisions, on May 21, 2017, the Financial Oversight Board filed a bankruptcy petition on behalf of PRHTA. See, <u>In Re: Puerto Rico Highways and Transportation Authority</u>, case no. 17-cv-01686(LTS). As of the date in which this brief is filed, said petition is pending before the United States District Court.

4. The bankruptcy petition was filed under PROMESA Title III, which provides in its Section 301(a) the application, among others, of Sections 362 and 922 of Title 11 of the United States Federal Code, known as the United States Bankruptcy Code.

5. The main purpose of every bankruptcy proceeding is for the debtor to have the opportunity of reorganizing its economic activity, while protecting the interests of the creditors. This is achieved by distributing debtor's assets among its legitimate creditors, in accordance with the provisions of the Bankruptcy Act. Allende v. Garcia, 150 D.P.R. 892, 898-899 (2000).

6. By virtue of sections 362 and 922 of the Bankruptcy Code, the filing of a bankruptcy petition by the PRHTA has the immediate and direct effect of staying every civil action that any natural or legal person may have initiated, attempts to continue or from which they request the execution of a judgment against the Government, while bankruptcy proceedings are pending before the Court and/or any Administrative Agency. 11 U.S.C. §§362(a), 922(a); 48 U.S.C. §2161(a) emphasis added).

7. The Supreme Court of Puerto Rico provided in Marrero Rosado v. Marrero Rosado, 178 D.P.R. 476, 490 (2010), that "[t]he automatic stay is one of the most basic protections that the United States Congressman instituted in the Bankruptcy Code for debtors to seek its protection." The automatic stay prevents, "[…] among other things, the start or the continuation of any judicial or administrative proceeding or of any other nature that was or could have been filed against the debtor, or to exercise any action which right has arisen before the bankruptcy was initiated." Id., pg. 491. See also, 11 U.S.C. §362; Soares v. Brockton Credit Union, 107 F.3d 969, 975 (1st Cir. 1997).

8. It can also prevent the execution of a prior judgment or stop the creation, perfection, or execution of a lien prior to the filing of the bankruptcy. Id. Its effects are expressed ever since the bankruptcy petition is filed until the final judgment is entered, and no formal notice is required in order for it to have effect. Jamo v. Katahdin Fed. Credit Union, 283 F.3d 392, 398 (1st Cir. 2002). It also provokes the state courts to be deprived of jurisdiction automatically, and, it is even so broad that it stays litigations having little or nothing to do with the financial situation of the debtor. 3 Collier on Bankruptcy §362.03[3] (2009).

9. No prior notice whatsoever to any person is required in order for this stay to have effect, because the filing of the bankruptcy petition is enough to produce the alluded stay. Morales v. Clínica Feminina de P.R., 135 D.P.R. 810, 820 (1994) (judgment). The judicial action that so provides is merely declarative of the status set forth by federal law.

10. Nevertheless, by deference to this forum and in consideration to the findings and proceedings previously scheduled in the case at bar, we file this brief in order for this Court to take official knowledge of what is set forth above and to proceed with the stay of all proceedings before its consideration, in accordance with Sections 362(a) and 922(a) of the Bankruptcy Code, as incorporated by reference under Promesa Section 301(a). 48 U.S.C. §2161(a).

11. This notice of stay shall not be deemed as PRHTA waiving any additional statement regarding the effect of the approval of PROMESA to the case at bar, nor any right or defense that may arise from PROMESA Title III. Neither shall it be deemed as a waiver to any pleading or defense that PRHTA may raise in the above caption case once the stay ends or any order is issued under Title III proceedings inuring in the case at bar.

I**N WITNESS WHEREOF**, it is very respectfully prayed of this Honorable Court to take knowledge of what is informed herein in order for all proceedings pending in the above-captioned case be stayed.

**RESPECTFULLY SUBMITTED.**

**I CERTIFY**: having sent true and accurate copy of this brief by e-mail to: **Atty. Jesús R. Morales Cordero** at his e-mail: moracor@gmail.com

In San Juan, PR., May 30, 2017.

Development & Construction Law Group, LLC
Attorney for Puerto Rico Highways and Transportation Authority
PMB 443, Suite 112
100 Grand Paseos Blvd.
San Juan, PR 00926-5902
T. 787-403-2757
F. 888-500-1827
Email: rcastellanos@devconlaw.com
ssaez@devconlaw.com

[Signature]
Raul Castellanos Malave
RUA 11721

[Signature]
Sarah Saez Lopez
RUA 21007

### No. 2016-164 TRANSLATOR'S CERTIFICATE OF ACCURACY

I, Mayra Cardona Durán, of legal age, single, resident of Guaynabo, Puerto Rico, Certified Interpreter of the United States Courts (Certification No. 98-020) and certified member of the National Association of Judiciary Interpreters (Member No. 10671) member in good standing of the American Translators Association (Member No. 230112), and admitted to the Puerto Rico Bar Association (Bar No. 12390) hereby CERTIFY: that according to the best of my knowledge and abilities, the foregoing is a true and rendition into English of the original Spanish text, which I have translated and it is stamped and sealed as described therein. This document is comprised of Four (4) Pages, including this certification page, and does not contain changes or erasures.

In Guaynabo, Puerto Rico, today, Friday, August 11, 2017.

Lcda. Mayra Cardona
BA Lit/Fr, MA Trans, JD
United States Courts Certified Interpreter
NAJIT Certified Interpreter and Translator
3071 Alejandrino Ave. PMB 306 Guaynabo, Puerto Rico 00969-7035
Tel. (787) 530-1414 Fax (787) 789-7363
e-mail: mayra@cardona.com