**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors. | NO. 17-BK-3283 (LTS)<br><br>(Jointly Administered)<br><br>PROMESA TITLE III |

REPLY TO OBJECTION TO URGENT MOTION FOR RELIEF FROM THE AUTOMATIC STAY, REQUEST FOR EXPEDITED HEARING PURSUANT TO SECTION 362(d) AND THE ORDER AT DOCKET ENTRY NO. 743 AND FOR ISSUANCE OF AN ORDER SOLICITING BRIEFS AMICI CURIAE

To the Honorable United States District Court Judge Laura Taylor Swain:

NOW COME Mrs. Bernice Beauchamp-Velázquez, personally and on behalf of her minor special needs daughter, AMB (collectively referred to as "Movants"), through their undersigned attorney, and respectfully submits this reply to debtors' objection to the urgent motion for relief from the automatic stay pursuant to PROMESA's sections 4, 7, 301(c)(3), 304(h), IDEA's sections 1400(c)(6), (c)(8), 1412(a)(6)(A), 1415(d)(2)(L), (i)(3)(B), Bankruptcy Code's sections 362(b)(4), (d)(1), and Congress' Broad Powers under the Spending Clause of the U.S. Constitution:

> This is like the David and Goliath struggle; David with his slingshot slew the mighty Goliath. In this case, the school system is the Goliath. The parents are David. The unfortunate part of it is that this David does not have a slingshot. The slingshot in this instance would be represented by the presence of an attorney, with an assurance that legal fees will be paid and providing that they will not be swayed from engaging an attorney because they are afraid of the cost of said lawyer.

131 Cong. Rec. 31348, 31371 (1985)(Congressman Pat Williams).

1. Debtors filed on August 8, 2017 an Objection to the Urgent Motion or Relief from the Automatic Stay filed by Mrs. Bernice Beauchamp-Velázquez and her minor special needs daughter, AMB. See Docket No. 967. Debtors devote the preliminary statement of their objection

1

Reply to Objection to Urgent Motion for Relief from the Automatic Stay and Request for Expedited Hearing and for Order Soliciting Amici Curiae
Case No. 17-BK-3283 (LTS)

to claiming that the urgent motion for relief at docket entry 741 "is a blatant attempt by Movant[sic] to re-litigate whether the automatic stay set forth in Bankruptcy Code sections 362 and 922… applies to Movant's[sic] action to recover attorneys' fees and costs under the Individuals with Disabilities Education Improvement Act (IDEA)." Id. at 1, ¶1.

2. The doctrine of res judicata does not preclude Movants' request for relief because there has been no final judgment entered in the merits in case number 17-cv-1419. Honorable District Judge Young stayed the proceedings without issuing a final ruling on the merits of Movants' three independent arguments against the stay. See Case No. 17-cv-1419 (WGY) at DE 15, Memorandum and Order. In the absence of a ruling on the merits of any of the three independent arguments raised by Movants in the urgent motion for relief at docket entry 741, debtors' res judicata argument should be denied.[1]

3. The basic rule of preclusion is that "[l]itigation of a 'cause of action' or 'claim' is barred if (1) the same (or a closely related) party (2) brought a prior suit asserting the same cause of action or claim, (3) the prior case was adjudicated by a court of competent jurisdiction and (4) was decided on the merits, (5) a final judgment was entered, and (6) there is no ground, such as fraud, to invalidate the prior judgment." See, e.g., Whole Woman's Health v. Hellerstedt, 579 U.S. ___, 136 S. Ct. 2292, 2331 (2016). No final judgment on the merits has been entered in case number 17-cv-1419. For sake of argument, even if such a ruling on the merits would have been issued, this District Court sitting in a Title III bankruptcy-like proceeding would still have "broad authority to reconsider judgments." See In Re Iannochino, 242 F.3d 36, 42 (1st Cir. 2001). See also 11 U.S.C. §362(d)-(f) (providing the instances where the Bankruptcy Court "shall grant relief from

---

[1] In an overabundance of caution, Movants filed a Notice of Appeal in case number 17-cv-1419 (WGY) to reserve the right to appeal the stay order to the First Circuit if this Court were to determine that the res judicata doctrine applies to any of the three independent grounds for relief from the stay. See Case No. 17-cv-1419 (WGY) at DE 17.

2

Reply to Objection to Urgent Motion for Relief from the Automatic Stay and Request for Expedited Hearing and for Order Soliciting Amici Curiae
Case No. 17-BK-3283 (LTS)

the stay"); In re Mid-City Parking, Inc., 332 B.R. 798, 805-06 (Bankr. N.D. Ill. 2005)( recognizing that "[a] rule has emerged for both state and federal courts handling nonbankruptcy litigation that is somehow tied to the filing of a federal bankruptcy case: The state or federal forum handling the nonbankruptcy litigation has concurrent jurisdiction to initially determine whether *§ 362(a)-(b)* stays the proceeding, but the federal bankruptcy forum may entertain a collateral attack on that ruling."); In re Eagle Enterprises, Inc., 265 B.R. 671, 674 (E.D. Penn. 2001)(recognizing that "[t]he decision of whether or not to modify an automatic stay falls squarely within the Bankruptcy Court's discretion.").

4.  Thru the urgent motion at docket entry 741, Movants respectfully request that this Honorable Court lift the automatic stay due to PROMESA's inapplicability to debtors' compliance with one of the conditions upon whose timely and strict compliance the Commonwealth became eligible for at least $117,597,000 in federal funding for fiscal year 2017 under the IDEA federal law or, as arguments in the alternative, to terminate the automatic stay for cause under section 362(d)(1) or pursuant to the government unit exception of section 362(b)(4).

5.  Movants' urgent request for relief from the automatic stay is a core proceeding. Core proceedings before this Court include, among others, motions to terminate, annul, or modify the automatic stay. See 28 U.S.C. § 157(b)(2)(G). See also In re Cambridge Woodbridge Apts. L.L.C., 292 B.R. 832, 835 (Bankr. N.D. Ohio 2003)("[A] motion to terminate, annul or modify the automatic stay is a core proceeding.") The memorandum and order entered in case number 17-cv-1419 has no "findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052." Id. Hence, this Court is authorized to hear and enter judgment as to all core proceedings, such as the annulment or termination of the stay entered. See Stern v. Marshall, 564 U.S. 462, 474 (2011).

6.  Once District Judge Young entered the stay order, section 157(b)(2)(G) provides

3

Reply to Objection to Urgent Motion for Relief from the Automatic Stay and Request for Expedited Hearing and for Order Soliciting Amici Curiae
Case No. 17-BK-3283 (LTS)

that the District Court lost jurisdiction and only this Court sitting in Title III Bankruptcy can nullify the stay entered. It is for such reason that Movants opted to file the urgent motion before this Honorable Court to seek relief from the automatic stay due to PROMESA's express exemption in sections 7 and 304(h) from being used by debtors to avoid compliance with their duties towards special needs' children in Puerto Rico under the IDEA federal statute.

7. If this Honorable Court were to find that PROMESA allows Debtors to continue to benefit from IDEA federal funding without having to provide prevailing special education students and their parents with the procedural safeguard for recovery of attorneys' fees as part of the costs, as expressly and unambiguously provided in IDEA's sections 1412(a)(6)(A), 1415(d)(2)(L) and (i)(3)(B), then the Court should consider if there is cause for relief from the stay pursuant to 362(d)(1) of the Bankruptcy Code, or whether the government regulatory exemption of section 362(b)(4) applies to Movants' case. For want of a final judgment on the merits of Movants' three independent grounds for relief from the stay, there is no issue preclusion or res judicata that could allow debtors to avoid this Honorable Court's adjudication of the urgent motion for relief at docket entry 741.

8. Debtors go to great lengths to categorize Movants as regular creditors, albeit the fact that the appearing parties are simply Puerto Rican citizens from one of historically most vulnerable social groups seeking redemption in federal court of their federally-provided right to recover the attorney's fees spent in their effective litigation against Puerto Rico's public education agency ("PR-DOE") for the denial of AMB's right to a free appropriate public education.

9. Put simply, this is not a collection of monies case, or a damages action. This is an action requesting the Commonwealth's strict and timely compliance with a condition of federal funds that bestows Movants with a federally-provided right to recover as prevailing parties the

Reply to Objection to Urgent Motion for Relief from the Automatic Stay and Request for Expedited Hearing and for Order Soliciting Amici Curiae
Case No. 17-BK-3283 (LTS)

attorney's fees spent in the administrative and judicial cases against the Commonwealth and its public education agency.

10. The procedural safeguards, as IDEA recognizes them, are one of the conditions expressly provided in section 1412 of the IDEA that a state such as Puerto Rico must provide assurances to the Secretary of the U.S. Department of Education that it has in effect policies and procedures for all students with disabilities within the jurisdiction in order to become and continue to be eligible for federal funding for every fiscal year. See 20 U.S.C. §1412(a).

11. Congress left no room for states to receive federal funding under the IDEA while short changing children with disabilities. The 25 conditions expressly listed in section 1412 must be ensured for every special needs' child residing in Puerto Rico aged 3 thru 21, inclusive. In fact, the right to attorney's fees is of such importance that Congress expressly required the Commonwealth, <u>as a condition to obtaining eligibility for federal funding</u>, to provide yearly notice to parents of special education children in their native language and written in an easily understandable manner of the procedural safeguards "available under this section and under regulations promulgated by the Secretary [of Education] relating to: (A)…, … (L) attorney's fees." 20 U.S.C. §§1415(d)(1)(A), (d)(2)(L).

12. The Commonwealth of Puerto Rico can and should be held liable for breaching the conditions or requirements of the IDEA (i.e. attorney's fees). As recognized by the Seventh Circuit, "IDEA is a program of financial assistance to states conditioned on the states' complying with certain requirements of the Act, such as paying for the private education of disabled children in some instance. From the Act's standpoint, **the state is an indivisible unit. It must not be allowed to crawl out from under the Act's requirements--while retaining the federal money that it gets in exchange for submitting itself to those requirements**…". <u>Casey K. v. St. Anne</u>

5

Reply to Objection to Urgent Motion for Relief from the Automatic Stay and Request for Expedited Hearing and for Order Soliciting Amici Curiae
Case No. 17-BK-3283 (LTS)

Cmty. High Sch. Dist. No. 302, 400 F.3d 508, 511-12 (7th Cir. 2005), *cert. denied*, St. Anne Cmty. High Sch. Dist. No. 302 v. Norman K., 546 U.S. 821 (2005) (our emphasis). See also Assoc. for Retarded Citizens v. Frazier, 517 F. Supp. 105, 113 (D. Colo. 1981)(thoroughly discussing the legislative history of the Education for all Handicapped Children Act, Public Law 94-142 (IDEA's predecessor), and the state's responsibility to resolve any conflicts between two federal laws "in such way as to assure that a free appropriate public education is provided to the plaintiff children and that procedural safeguards are afforded."); Howard v. Friendswood Indep. Sch. Dist., 454 F. Supp. 634, 637-38 (S.D. Tex. 1978)(finding the school district in violation of section 504 of the Rehabilitation Act of 1973 for failure to provide procedural safeguards to a brain damaged-emotionally disturbed child and finding that the school district "received extremely poor advice concerning its legal obligations and the possible liability of individual administrators and Trustees for intentional violation of plaintiffs' constitutional rights.")(citing Wood v. Strickland, 420 U.S. 308, 321 (1975)).

13. Although cognizant of their current eligibility and active receipt of federal funding under the IDEA, the Commonwealth is actively and aggressively moving this Court to exempt it after-the-fact from having to provide the special needs' citizens of Puerto Rico with one of the most basic and essential safeguards afforded by the IDEA: attorney's fees.

14. Such strategy --aimed to circumvent IDEA's plain-text provisions after pocketing at least $117,597,000 in federal funding for fiscal year 2017[2] while ignoring PROMESA's sections 7 and 304(h) express exemptions-- is nothing less than preposterous, even Machiavellian. Debtors' intention to be allowed by this Court to deny IDEA's procedural safeguards raises serious concerns

---

[2] For up to date information on the amount of IDEA federal funding that the PR-DOE received from 2015 until presently, and what the agency expects to receive for year 2018, see pages 9-10 of the PR-DOE's budget available at http://www2.pr.gov/presupuestos/PresupuestoRecomendado2017-2018/PresupuestosAgencias/Departamento%20de%20Educacion.pdf

Reply to Objection to Urgent Motion for Relief from the Automatic Stay and Request for Expedited Hearing and for Order Soliciting Amici Curiae
Case No. 17-BK-3283 (LTS)

since IDEA's "legislative history indicates that § 1412(6) was included in the statute to 'assure a single line of responsibility with regard to the education of handicapped children.' Therefore, we hold that **the SEA is ultimately responsible for the provision of a free appropriate public education to all of its students <u>and may be held liable for the state's failure to assure compliance with IDEA</u>**." <u>Gadsby by Gadsby v. Grasmick</u>, 109 F.3d 940, 952 (4th Cir. 1997)(<u>citing</u> S. Rep. No. 94-168, at 24 (1975)) (emphasis ours).

15. The Commonwealth's conduct demonstrates a total disregard of their duty to protect its most vulnerable citizens, clashes head on with the broad spending powers of Congress, and infringes state laws such as Act 51 of June 7, 1996, known as the Law of Integral Educational Services for Individuals with Disabilities, 18 Laws of P.R. Ann. §§1351-1359, and Act 238 of August 31, 2004, known as the "Bill of Rights of Individuals with Disabilities," 1 Laws of P.R. Ann. §512.[3] Every governmental instrumentality and public officer in Puerto Rico (including counsel for the P.R. Department of Justice) is tasked with the express duty of ensuring "that the state and federal resources appropriated for the rendering of educational services and related services of persons with disabilities are used in the most effective manner and in accordance with the applicable laws and regulations," 18 Laws of P.R. Ann. §1355(14)(official translation), and for undertaking "any other procedure deemed necessary to comply with the public policy and the rights acknowledged herein or established in the special laws [such as IDEA] promulgated in benefit of individuals with disabilities," 1 Laws of P.R. Ann. §512b(p)(official translation). In total disregard of PROMESA and IDEA's plain text, and of the aforementioned duties imposed by state law, the Government of Puerto Rico seeks to have this Court allow them to continue to benefit

---

[3] Local laws 51 of 1996 and 238 of 2006 are both expressly exempted from PROMESA's reach because they constitute "territorial laws and requirements implementing a federally authorized or federally delegated program protecting the health, safety, and environment of persons in such territory." 48 U.S.C. § 2103.

7

Reply to Objection to Urgent Motion for Relief from the Automatic Stay and Request for Expedited Hearing and for Order Soliciting Amici Curiae
Case No. 17-BK-3283 (LTS)

from federal funding without having to provide children with disabilities with one of the main conditions that made them eligible for federal funding under the IDEA.

16. Although at first glimpse it appears to be a gross misinterpretation of PROMESA and/or a flagrant mistake by the Government of Puerto Rico (who would be expected to be fiercely defending the rights of special education children against any creditor who dared to claim an interest in the federal and required state matching funds assigned to them, instead of the opposite), such strategy casts serious doubts about the true intentions of the Government of Puerto Rico. This Court should be mindful of avoiding being used as a scapegoat to justify the Commonwealth's becoming ineligible to federal funding under the IDEA for fiscal year 2017 (and every other year during the entire duration of the Title III bankruptcy proceedings) under the pretext that the cause of their ineligibility was this Court's decision to maintain the stay.

17. From a strategical standpoint, using this Court's ruling to maintain a stay that violates a federal law and therefore makes them ineligible to IDEA funding allows the Government of Puerto Rico to escape unscathed from the severely detrimental political and public consequences that such eventuality would cause the current Administration while paving the way for the dismantling of the entire Special Education Program.

18. Among other benefits that this scenario would bring the Government at the behest of children with disabilities and their parents, it would be allowed to seek the dismissal of the 37-year old ongoing <u>Rosa Lydia Vélez</u> state court class action and its ongoing daily sanctions, repeal Acts 51 of 1996 and 238 of 2006, deny payment for the numerous special education students currently placed in private schools at public cost, discontinue the State-Court created and monitored Provisional Remedy Program ("Remedio Provisional") thru which special education services are provided to tens of thousands of children with disabilities in Puerto Rico who would

Reply to Objection to Urgent Motion for Relief from the Automatic Stay and Request for Expedited Hearing and for Order Soliciting Amici Curiae
Case No. 17-BK-3283 (LTS)

otherwise be deprived of such essential educational and/or related services, and discharge any monies currently owed to contractors, specialists, carriers, attorneys and other third-parties that serve special needs' individuals for the Commonwealth to comply with IDEA's strict requirements.

19. The Government would be allowed clean slate and mostly low income special needs' children would be left completely devoid of their constitutional right to an adequate public education in the least restrictive environment, all the while this Court would be left to blame for the Commonwealth's ineligibility to federal funding under the IDEA. In the landmark ruling of Brown v. Bd. of Educ., 347 U.S. 483, 494 (1954), the U.S. Supreme Court shaped the future of the Nation by rejecting the discrimination of a child based on the color of his skin "from others of similar age and qualifications solely because of their race generates a feeling of inferiority as to their status in the community that may affect their hearts and minds in a way unlikely ever to be undone," whereas here the discrimination that would result by depriving children with disabilities in Puerto Rico from their right to engage competent legal representation would certainly cause same harm to those who already bear the steep challenge of living with their disabling conditions.

20. Such strategy should be vehemently rejected by this Court, as well as any other similar initiative to curtail the citizens of Puerto Rico of their constitutional right to equal protection of the laws as Judge Young recognized in the memorandum and order. See Case No. 17-cv-1419 (WGY) at DE 15, Memorandum and Order, p.4 (recognizing that the lack of "competent legal representation" for special education litigation in Puerto Rico "will find [parents of special education children in Puerto Rico] bereft of the advantages enjoyed by their fellow citizens throughout the states of the United States" causing "[i]n a real sense, [that] they will no longer share equally in the protection of the laws."). To hold PROMESA inapplicable to Movants'

9

Reply to Objection to Urgent Motion for Relief from the Automatic Stay and Request for Expedited Hearing and for Order Soliciting Amici Curiae
Case No. 17-BK-3283 (LTS)

case to vindicate a federally provided right pursuant to sections 7 and 304(h) would therefore avoid significant constitutional problems. As District Judge Gelpí recently recognized in <u>Atiles-Gabriel v. Commonwealth of P.R.</u>, Case No. 15-cv-2108 (D.P.R. June 23, 2017), "[w]hen two interpretations of a statute are possible, one of which would raise serious constitutional problems, and the other which would avoid [them], the court 'is obligated to construe the statute to avoid such problems.'" (<u>citing</u> <u>INS v. St. Cyr</u>, 533 U.S. 289, 300 (2001)). <u>See</u> also <u>Zadvydas v. Davis</u>, 533 U.S. 678, 689 (2001)(holding that courts must determine whether it is "fairly possible" to construe the statute to avoid the constitutional question when the legislation's constitutionality is in serious doubt). In fact, the legislative records of PROMESA reflect that was genuine doubts amongst members of Congress about the constitutional validity of the statute. <u>See</u>, e.g., Congressional Record, Senate, June 29, 2016. <u>See</u> also Statement of Andrew Kent, Law Professor, Fordham Univ. Sch. of Law, Discussion Draft, HR 5278, PROMESA Hearing before H. Comm. Natural Resources, 114 Cong. 30 (April 13, 2016).

21. This Court should shut the doors to the Government's strategy of using this case as a scapegoat for losing eligibility to IDEA federal funding. Congress anticipated and disallowed such a strategy by the Commonwealth by including the express exemptions from PROMESA's application provided in sections 7 and 304(h). <u>See</u>, e.g., <u>J. L. v. Mercer Island Sch. Dist.</u>, 592 F.3d 938, 950 (9th Cir. 2010) (holding that "[p]lain meaning interpretation is a 'cardinal canon' of statutory construction, and evolutionary arguments are by no means plain. When we find the terms of a statute unambiguous, judicial inquiry is complete, except in rare and exceptional circumstances. Additionally, for legislation enacted pursuant to the Spending Clause, U.S. Const. art. I, § 8, cl. 1, such as the Individuals with Disabilities Education Act, it would seem that 'evolutionary' theories by their very nature are foreclosed by the Supreme Court.") (internal

10

Reply to Objection to Urgent Motion for Relief from the Automatic Stay and Request for Expedited Hearing and for Order Soliciting Amici Curiae
Case No. 17-BK-3283 (LTS)

citations omitted).

22.     What probably Congress did not anticipate was that even with the clear and direct exemptions of sections 7 and 304(h) the Government of Puerto Rico would dare to put this Court in this delicate and uncomfortable situation of adjudicating whether the stay can make the Commonwealth ineligible to IDEA federal funding from now until the confirmation of the debt restructuring plan. See, e.g., Mass. Dep't of Ed. v. U.S. Dep't of Ed., 837 F.2d 536 (1st Cir. 1988) (affirming the U.S. Secretary of Education's decision to request the Commonwealth of Massachusetts to refund federal funds that had been allocated in violation of the Education of Handicapped Act's (IDEA's predecessor) procedural and substantive requirements). When the state fails to comply with the regulatory or statutory conditions, the U.S. Department of Education may recover funds from the defaulting state as per IDEA's regulation. See 34 C.F.R. §§76.1, 76.50(d), 76.104(a)(1).

23.     The state plan under the IDEA must meet the eligibility conditions set forth in section 1412 which includes compliance with section 1415 procedural safeguards where attorneys' fees are provided. See 34 C.F.R. §76.700 (titled "Compliance with statutes, regulations, State plan, and applications"). Otherwise, the Commonwealth will end having intentionally breached the IDEA with the severely detrimental consequences that such finding will entail not only on the territory but on its most vulnerable citizens: children with disabilities aged 3 thru 21, inclusive.

24.     Debtors' conduct should be strongly rejected in order not only to avoid any further misuse of the automatic stay,[4] but to free every other child with disabilities in Puerto Rico from

---

[4] The Commonwealth has already been found to be misemploying the Title III automatic stay in a myriad of instances such as, inter alia, cases for habeas corpus actions, IDEA judicial review, injunction, declaratory judgment, mandamus, inmates' rights while incarcerated, and for publication of public domain information. See, e.g., Atiles-Gabriel v. Commonwealth of P.R., Case No. 15-cv-2108 (D.P.R. June 23, 2017) (habeas corpus); Cruz-Rodríguez v. Admn. de Corrección de P.R., Case No. 17-cv-1464 (J. Young) (D.P.R. June 20, 2017)(wrongful imprisonment); Vázquez-Carmona v. Department of Education of P.R., Case No. 16-cv-1846, 2017 WL 2352153 (D.P.R. May 31, 2017) (IDEA judicial review, injunction urgent and declaratory judgment); García-Cabeza v. PR-DOE, Case No. 17-cv-1181 (D.P.R. July

11

Case:17-03283-LTS Doc#:1043 Filed:08/15/17 Entered:08/15/17 21:59:36 Desc: Main
Document Page 12 of 18

Reply to Objection to Urgent Motion for Relief from the Automatic Stay and Request for Expedited Hearing and for Order Soliciting Amici Curiae
Case No. 17-BK-3283 (LTS)

the perilous consequences that the deprivation of their federally provided right to "competent legal representation" that Congress meant to assure them thru IDEA's section 1415(i)(3)(B) fee-shifting provision. If the Government of Puerto Rico intends to lose eligibility to federal funding under the IDEA, it shall have the will and face the political and public consequences of their outright decision to voluntarily withdraw from the IDEA and return all unearned federal funding. Such result should not be obtained under the disguise of PROMESA because Congress expressly disallowed its use via sections 7 and 304(h).

25. While the Commonwealth focuses its efforts to have this Court make them ineligible to IDEA funding, the Fiscal Oversight & Management Board for Puerto Rico ("FOMB") created by PROMESA issued on July 30, 2017 its Annual Report to Congress omitting any recommendation for amending the IDEA for exempting the Commonwealth from having to provide prevailing children with disabilities with the procedural safeguard to recover attorney's fees. See **Exhibit #1**, FOMB's Annual Report for Fiscal Year 2017, at 14-16. To the contrary, in the recommendations the FOMB proposes a "comprehensive overhaul of benefits programs while maintaining a responsible safety net for the neediest." Id. at 14. Furthermore, the FOMB made recommendations applicable to benefits reform while stressing the need to "maintain a responsible safety net for children, people with disabilities, and seniors." Id. at 14, section II, Benefits Reform.

26. If the Commonwealth truly desires to be excluded from compliance with IDEA's

---

10, 2017) (same); Canales-Cancel v. Office of Civil Rights, Case No. 16-cv-2609 (D.P.R. July 25, 2017) (IDEA case for compensatory special education and related services); In re: Commonwealth of P.R., Case No. 17-bk-3283 (D.P.R. June 13, 2017) (mandamus case by P.R. Senator Bhatia to make public a copy of the draft budget); Laboratorio Clínico Irizarry v. Dept. de Salud, 2017 T.S.P.R. 145, 198 D.P.R. ___ (August 3, 2017) (P.R. Supreme Court reversal of the P.R. Court of Appeals decisions to stay and holding PROMESA inapplicable to several consolidated cases that sought issuance of governmental permits and "exhorting the intermediate appeals court to proceed with more caution in the context of the governmental bankruptcy and the staying of cases pursuant to PROMESA")(our translation); Lacourt-Martínez v. Junta de Libertad, 2017 T.S.P.R. 144, 198 D.P.R. ___ (August 3, 2017) (P.R. Supreme Court reversal of the P.R. Court of Appeals decisions to stay and holding PROMESA inapplicable to several consolidated cases for judicial review of administrative decisions concerning inmates' rights while incarcerated).

Case:17-03283-LTS Doc#:1043 Filed:08/15/17 Entered:08/15/17 21:59:36 Desc: Main
Document Page 13 of 18

Reply to Objection to Urgent Motion for Relief from the Automatic Stay and Request for Expedited Hearing and for Order Soliciting Amici Curiae
Case No. 17-BK-3283 (LTS)

procedural safeguards, PROMESA empowered the FOMB to recommend Congress the amendment of IDEA in its annual report, yet no such action was undertaken in the report identified as Exhibit #1. To the contrary, the recommendations made by the FOMB to Congress reflect their intention and concern to maintain a "safety net for children" and "people with disabilities" in general in Puerto Rico. Although the Commonwealth states in note 2 of their objection to have been authorized by the FOMB to file such document, Movants believe that the FOMB does not truly approves such strategy, and its Annual Report to Congress confirms such suspicion. <u>See</u> Objection at DE967, p.1, n.2.

27. Since July 25, 2017, when the appearing party filed their urgent motion at docket entry 741 before this Honorable Court, <u>300 documents have been filed up to date</u>, yet no single creditor of the Commonwealth has opposed or even addressed Movants' urgent request for relief from the automatic stay. In fact, debtors readily admit that the federal and state funds that the Commonwealth must keep pursuant to the IDEA separately from the general fund would not be otherwise available to its bondholders and other non-IDEA creditors. However, they object relief from the stay merely because of the purported tidal wave of other individuals with disabilities who would rush to this Court to seek relief from the stay. With such claim debtors admit their aggressive and general misuse of PROMESA for depriving children with disabilities of their procedural safeguard for attorney's fees in violation to IDEA's eligibility conditions.

28. This is a very disturbing admission of the Commonwealth's wide spread inability to provide a FAPE to children with disabilities in Puerto Rico, since only parents and children who manage to prevail against its public education agency can enforce in federal or state court their federally provided right to recover attorney's fees under IDEA's section 1415(i)(3)(B). However, if this Court were to issue an order holding PROMESA inapplicable to IDEA fee-shifting actions

13

Reply to Objection to Urgent Motion for Relief from the Automatic Stay and Request for Expedited Hearing and for Order Soliciting Amici Curiae
Case No. 17-BK-3283 (LTS)

in both federal or state courts, as Movants' request, none such parents or their special needs' children would need to undertake the costly and time consuming process of seeking leave from the stay since the ruling would set a precedent under which all IDEA fee-shifting actions currently stayed would be reactivated without the need for each individual to occupy this Court's resources in obtaining individual relief. As former Senator Robert T. Stafford expressed during the U.S. Senate hearings for the approval of the Handicapped Children's Protection Act of 1985 (S. 415), "**A law that mandates a free and appropriate public education to handicapped children, that at the same time denies the awarding of legal fees incurred to uphold that mandate, is a hollow promise at best. It hurts the families most that can least afford it**." 131 Cong. Rec. 21287, 21390 (1985) (emphasis added). After the corresponding legislative conference report, Congress adopted the Handicapped Children's Protection Act of 1985 including attorneys' fees as an additional procedural safeguard upon whose strict compliance by the states federal funding would be conditioned.

29. The Brown Supreme Court unanimously found that "education is perhaps the most important function of state and local governments" because it is "the very foundation of good citizenship. Today it is a principal instrument in awakening the child to cultural values, in preparing him for later professional training, and in helping him to adjust normally to his environment. In these days, it is doubtful that any child may reasonably be expected to succeed in life if he is denied the opportunity of an education.  Such an opportunity, where the state has undertaken to provide it, is a right which must be made available to all on equal terms." 347 U.S. at 493.

30. As recognized by Congress, IDEA's procedural safeguards provide children with disabilities the equal protection of law. The underlying case for recovery of attorney's fees

14

Case:17-03283-LTS   Doc#:1043   Filed:08/15/17   Entered:08/15/17 21:59:36   Desc: Main
Document   Page 15 of 18

Reply to Objection to Urgent Motion for Relief from the Automatic Stay and Request for Expedited Hearing and for Order Soliciting Amici Curiae
Case No. 17-BK-3283 (LTS)

pursuant to IDEA's section 1415(i)(3)(B) is simply an action to enforce a specific procedural safeguard listed in the IDEA to which the Commonwealth's eligibility to federal funding is conditioned. As such, Movants' case is exempted from PROMESA's stay under sections 7 and 304(h) as an action to enforce compliance with a federal law.

31. Distinctive of other fee-shifting provisions --such as section 1988 of the Civil Rights Act who was found to be stayed in In re City of San Bernardino, 558 B.R. 321 (C.D. Cal. 2016)—the availability of attorney's fees for parents of children with disabilities under the IDEA is a federally provided right provided by and guaranteed by the Commonwealth's eligibility to federal funding under the IDEA and consequently exempted from the automatic stay pursuant to PROMESA's sections 7 and 304(h). The attorney's fees in San Bernardino were not a condition of federal funds that the state swore to provide by accepting federal funding under a federal law such as the IDEA, but only a part of the remedy for the violation of plaintiff's civil rights. Hence the application of the stay in San Bernardino, whereas in Movants' case it is inapposite.

32. Another evidently meritless allegation made by debtors is that the attorney's fees recovery proceedings before the District Court would require the Commonwealth to spend substantial resources in the litigation, discovery and preparation of a memorandum objecting any time entries deemed redundant, unnecessary, duplicative or clerical in nature. Firstly, the Commonwealth already has a Federal Litigation Division within its Department of Justice that has several attorneys on full time payroll who routinely handle IDEA fee-shifting cases. Hence, there is no added expenditure for the Commonwealth for handling cases such as Movants'. Secondly, discovery (written, oral or expert) is extremely rare in IDEA fee-shifting cases to the extent that in Movants' counsel experience a sole case required discovery and it was limited to a set of requests for admissions. Thirdly, Movants' detailed invoice for attorney's fees in the underlying case is

15

Reply to Objection to Urgent Motion for Relief from the Automatic Stay and Request for Expedited Hearing and for Order Soliciting Amici Curiae
Case No. 17-BK-3283 (LTS)

merely 6 pages long, including the two pages for the itemized list of taxable costs. See Case No. 17-cv-1419 (WGY) at DE 1-2, Invoice No. 16048. To claim that the evaluation and objection process to a six-page long invoice causes "undue hardship" to debtors and/or otherwise compromises its fisc is simply unavailing. The lack of any valid grounds for justifying the abominable confirmation of a stay that effectively deprives Movants and every other prevailing child with disabilities and their parents in Puerto Rico of their federally protected and assured right to engage competent counsel thru IDEA's section 1415(i)(3)(B) fee-shifting provision is therefore evident in the objection at docket entry 967.

33. Pursuant to section 362(d) of the Bankruptcy Code, and as provided in the Order Scheduling Briefing issued on July 25, 2017 (Docket Entry no. 743), Movants hereby request a hearing at the Court's earliest availability. The hearing would serve the parties and any other entity that could be allowed to brief *amici curiae* to thoroughly argument the three independent grounds asserted by Movants for relief from the stay, and to ascertain the consequences that a denial of Movants' urgent motion for relief from the stay would cause on every child with disabilities aged 3 thru 21 (inclusive) in Puerto Rico, as well as the potential for making the Commonwealth ineligible to IDEA federal funding from the current fiscal year up to the date of confirmation of the restructuring plan, with its dire consequences on both the Commonwealth and its citizens.

34. In the event that this Court would deem it necessary prior to adjudicating whether PROMESA applies to Movants' case for the exercise of their federally-provided right to recover as prevailing parties the attorney's fees spent in the administrative and judicial cases against the Commonwealth and its public education agency, or of the consequences of maintaining such stay on Movants and every other special education student in Puerto Rico, and/or on the potential ineligibility of the Commonwealth to continue being funded under the IDEA during the stay

16

Reply to Objection to Urgent Motion for Relief from the Automatic Stay and Request for Expedited Hearing and for Order Soliciting Amici Curiae
Case No. 17-BK-3283 (LTS)

period, it is respectfully requested that this Court solicits briefs *amici curiae* from the U.S. Department of Education, U.S. Department of Justice, Current and Former Members of Congress, States of the United States, the Puerto Rico Department of Education, the Puerto Rico Ombudsman of Persons with Disabilities, the Puerto Rico Ombudsman of Minors, the American, Federal and Puerto Rico Bar Associations, the Puerto Rico Civil Rights Commission, the American Civil Liberties Union, and all interested local, state and federal associations, groups, councils, boards, and entities. See, e.g., Cruz-Rodríguez v. Admn. de Corrección de P.R., Case No. 17-cv-1464 (J. Young) (D.P.R. June 20, 2017)(requesting briefs *amici curiae* from the Civil Rights Division of the Department of Justice and the U.S. Department of Education as they have "responsibility for Title IX and the IDEA.").

35. For the foregoing legal arguments, Movants respectfully request that this Honorable Court grants their urgent motion at docket entry 741 or schedules a hearing to hold oral argument and/or solicits *amici curiae* on this sensitive matter capable of depriving over 120,000 individuals with disabilities in Puerto Rico of their federal provided right to "competent legal representation" that Congress assured them by issuing the Commonwealth for all times pertinent with federal funding expressly conditioned to the timely and strict provision to Movants, and every other prevailing child with disabilities in Puerto Rico, of the procedural safeguard for recovery of attorney's fees pursuant to sections 1400(c)(6), (c)(8), 1412(a)(6)(A), 1415(d)(2)(L), and (i)(3)(B) of the IDEA federal statute.

**WHEREFORE**, Movants respectfully request that this Honorable Court grants their urgent motion at docket entry 741 or schedules a hearing to hold oral argument and/or solicits *amici curiae* on this sensitive matter capable of depriving over 120,000 individuals with disabilities in Puerto Rico of their federal provided right to "competent legal representation" that

17

Reply to Objection to Urgent Motion for Relief from the Automatic Stay and Request for Expedited Hearing and for Order Soliciting Amici Curiae
Case No. 17-BK-3283 (LTS)

Congress assured them by issuing the Commonwealth with federal funding expressly conditioned to the timely and strict provision to Movants, and every other prevailing child with disabilities in Puerto Rico, of the procedural safeguard for recovery of attorney's fees pursuant to sections 1400(c)(6), (c)(8), 1412(a)(6)(A), 1415(d)(2)(L), and (i)(3)(B) of the IDEA federal statute, and issues any other relief deemed proper.

    **RESPECTFULLY SUBMITTED.**

    **CERTIFICATE OF SERVICE:** I hereby certify that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for all parties of record.

    In San Juan, Puerto Rico, 15th day of August, 2017.

*S/Francisco J. Vizcarrondo-Torres*
FRANCISCO J. VIZCARRONDO-TORRES
USDC-PR No. 221714
P.O. Box 195642
San Juan, P.R. 00919-5642
Tels No. (787) 296-9521/9523
Fax No. (787) 777-1399
fvizcarrondo@fjvtlaw.com

*Attorney for Movants*

18