IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>AS REPRESENTATIVE OF<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>DEBTOR | PROMESA<br>TITLE III<br><br>NO. 17 bk 3283- LTS |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

TO THE HONORABLE COURT:

**COMES NOW** Leslie Jay Bonilla Sauder (hereinafter Movant), through the undersigned counsel and very respectfully moves the Court for an order pursuant to 11 U.S.C. sec. 362 for the relief of the automatic stay, and in support of this motion, states and prays:

### I. PROCEDURAL BACKGROUND

1. On April 24, 2017, Leslie Jay Bonilla Sauder (Movant), filed a Claim against the Commonwealth of Puerto Rico (Commonwealth), <u>Leslie Jay Bonilla Sauder v. ELA</u>, BAC2017-0017 ("the litigation"), under 34 LPRA § 1724, also known as the Uniform Confiscation Act of 2011, before the Court of First Instance in the Municipality of Aibonito ("Court of First Instance") to contest the forfeiture of movant's automobile.

2. The automobile was seized on March 4, 2017, for an alleged violation of Article 5.0+ of the Commonwealth's Vehicle and Traffic Law, 9L.P.R.A. § 5126.

3. In the Litigation, the Movant claimed that the seizure was illegal; criminal charges for alleged violation of law <u>were dismissed for lack of probable cause.</u>

4. On May 2017, the Commonwealth filed a motion alleging that Section 301(a) of PROMESA, 48 U.S.C. § 2161, stayed the claim to recover movant's vehicle.

## II. DISCUSSION

Movant respectfully requests this Honorable Court to lift the automatic stay for the captioned case, <u>Leslie Jay Bonilla Sauder v. ELA</u>, BAC2017-0017 pursuant to 11 U.S.C. Sec. 362(d)(1), for cause, allowing movant to recover his automobile Honda Civic 2015.

Section 362 (d)(1) of the Bankruptcy Code, provides that:

> *"On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay---.*
>
> *(1) for cause, including the lack of adequate protection of an interest in property of such party in interest."*

In <u>Sonnax Indus., Inc. v. Tricomponent Prods. Corp.</u> (In re Sonnax Indus., Inc.), 907 F.2d 1280 (2d Cir. 1990), the Second Circuit Court of Appeals enumerated the factors that should be analyzed when evaluating a petiton of relief from the automatic stay:

1. **Whether relief would result in a partial or complete resolution of the issues;**
2. **Lack of any connection with or interference with the bankruptcy case;**
3. whether the other proceeding involves the debtor as a fiduciary;
4. Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
5. Whether the debtor's insurer has assumed full responsibility for defending it;
6. **Whether the action primarily involves third parties;**
7. Whether litigation in another forum would prejudice the interests of other creditors;
8. Whether the judgment claim arising from the other action is subject to equitable subordination;

9. Whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

10. **The interests of judicial economy and the expeditious and economical resolution of litigation;**

11. Whether the parties are ready for trial in the other proceeding; and

12. **The impact of the stay on the parties and the balance of harms. (Our emphasis)**

The litigation meets the criteria of all five (5) of the *Sonnax* factors bolded above. The Litigation would resolve the question of whether the forfeiture of movant's vehicle violated his constitutional due process rights. The seized automobile is no part of the bankruptcy estate, as the Commonwealth does not have a property interest on the vehicle; therefore, the Litigation lacks any connection to the Petition under Art III of PROMESA. The Litigation is in an advanced enough stage that the matter could be resolved via a Motion for Summary Judgment; thus, demonstrating that the interests of judicial economy, and of the expeditious resolution of litigation, are best served by permitting the Litigation to proceed in the Court of First Instance. Also, allowing the Litigation to proceed will cause absolutely no harm to the Commonwealth, as Movant only seeks for his automobile to be returned.[1] The only potential impact of the Litigation to the Commonwealth would be minor, therefore, the balance of harms tips heavily in favor of Movant.[2]

Finally, allowing Movant's Litigation to proceed would not interfere with PROMESA Title III case, hence the stay should by lifted or modified.

**WHEREFORE,** Movant respectfully requests that the Court enters an order granting relief from the automatic stay allowing Movant to continue to contest the

---

[1] Atiles-Gabriel v. Puerto Rico, 2017 WL 2709757, 2 (D. PR 2017) (J. Gelpí) ("The relief sought concerns a person's liberty; it does not seek a right to payment, nor an equitable remedy for which monetary payment is an alternative remedy") and Carmona v. Department of Education of Puerto Rico, 2017 WL 2352153, 1 (D. PR) (J. Gelpí) ("The relief requested is not monetary damages")

[2] It must be noted, that Movant provided a Mandatory Premium of the amount of $15,000.00 in favor of the Commonwealth

forfeiture of his automobile currently pending in the Court of First Instance and to pursue such additional actions as may be necessary with respect to his automobile and for such other and further relief as the Court deems proper.

**RESPECTFULLY SUBMITTED**

In Caguas, Puerto Rico, this 16th day of August 2017.

**NOTICE:** Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE:** I CERTIFY that on this same date the foregoing document has been electronically filed WITH THE Clerk of the Court using the CM/ECF system which sends notification of such filing to all system's participants, including the U.S. Trustee's Office and the Trustee and to the Puerto Rico Department of Justice's Attorneys of record, Jose M. Tous Cardona and Javier Burgo Ruiz via First Class Mail to the following address: Division de Confiscaciones y Fianza Criminal, Oficina de Litigiio Generales, Departamento de Jusiticia, PO BOX 9020192 SAN JUAN, PR, 00902-0192.

/s/ **CARLOS A. RUIZ RODRIGUEZ**
**USDC-PR 210009**
Lcdo. Carlos Alberto Ruiz, CSP
P.O. Box 1298, Caguas, PR 00726-1298
Phone: (787) 286-9775 / Fax: (787) 747-2174
carlosalbertoruizquiebras@gmail.com