UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO,<br>et al., | (Jointly Administered) |
| Debtors.¹ | |

-------------------------------------------------------------x

MEMORANDUM ORDER DENYING
MOTION REQUESTING TEMPORARY LIFT OF STAY TO
ALLOW CIVIL LITIGATION TO PROCEED (DOCKET ENTRY NO. 667)

Before the Court is a motion filed by Carlos Guzman Nieves ("Nieves"), Orlando Arroyo Morales ("Morales"), Angel L. Martinez Alvarez ("Alvarez"), and Sammy Baez Figueroa ("Figueroa," collectively, the "Movants") for relief from the automatic stay imposed by the filing of the above-captioned Title III case in various civil litigations. For the following reasons, the motion is denied.

---

¹ The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

BACKGROUND

Each of the Movants is a named plaintiff in a separate lawsuit against the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor") and other debtor defendants. (Case No. 17-3283, Docket Entry No. 667, Motion Requesting Temporary Lift of Stay to Allow Civil Litigation to Proceed (the "Motion"), ¶¶ 1-6.) On August 2, 2017, the Commonwealth filed its objection (the "Objection") to the Motion. (Case No. 17-3283, Docket Entry No. 855.) On August 10, 2017, the Movants filed a reply to the Commonwealth's Objection (the "Movants' Reply"). (Case No. 17-3283, Docket Entry No. 987.) The Court has reviewed the submissions thoroughly.

Nieves is a plaintiff in a personal injury action pending in the state court of San Juan captioned, Carlos Guzman Nieves v. the Commonwealth of Puerto Rico, et al., Civil Case No. K DP2017-0071 (the "Nieves Lawsuit"). In the Nieves Lawsuit, Nieves alleges that he suffered personal injury due to an unlawful arrest and seeks damages. (Motion, ¶ 1.) The Nieves Lawsuit names the Commonwealth, the Commonwealth's Department of Justice, the Puerto Rico Police Department and certain inhabitants of Puerto Rico in their personal and official capacities as defendants in connection with his lawsuit seeking money damages in connection with an unlawful arrest, imprisonment and bail in the municipality of San Juan. (Objection, ¶ 6(i).) In April and May 2017, numerous defendants filed motions to dismiss that are currently pending. (Id.) Discovery has not commenced in the Nieves Lawsuit. (Id.)

Morales is a plaintiff in a personal injury action pending in the state court of Bayamon captioned, Orlando Arroyo Morales v. Trinity Services Group, Inc., Case No. D DP2012-0748 (the "Morales Lawsuit"). In the Morales Lawsuit, Morales alleges that he suffered personal injury and seeks damages. (Id. ¶ 3.) The Morales Lawsuit names the Commonwealth

as a defendant as well as Trinity Services Group, the non-debtor food supplier to the Bayamon Correctional Complex in connection with the alleged food poisoning he suffered while imprisoned. (Objection, ¶ 6(ii).) According to the Commonwealth, no dispositive motions have been filed and discovery was in progress when the Title III case was filed. (Id.)

Alvarez is a plaintiff in a personal injury action pending in the state court of Fajardo captioned, Angel L. Martinez Alvarez v. Estado Libre Asociado de Puerto Rico, Civil Case No. NSCI201600168 (the "Alvarez Lawsuit"). In the Alvarez Lawsuit, Alvarez alleges that he suffered personal injury and seeks damages. (Id. ¶ 4.) The Alvarez Lawsuit names as defendants the Commonwealth, the Puerto Rico Police Department, a private corporation, and certain inhabitants of Puerto Rico in their personal and official capacities. (Objection, ¶ 6(iii).) On November 28, 2016, the Commonwealth's partial motion to dismiss the Alvarez Lawsuit was granted, which decision was upheld by the appellate court. (Id.) Ultimately, the Supreme Court of the Commonwealth of Puerto Rico denied a petition for certiorari by Mr. Alvarez. (Id.) Mr. Alvarez again sought review by the Supreme Court of the Commonwealth of Puerto Rico after the commencement of the Title III case. (Id.) On April 11, 2017, the Commonwealth filed a second motion to dismiss the remaining claims in the Alvarez Lawsuit, which remains pending. (Id.). According to the Commonwealth, no discovery has occurred in the case with exception of the exchange of interrogatories. (Id.)

Figueroa is a plaintiff in a personal injury action pending in the state court of Ponce captioned Sammy Baez Figueroa v. Estado Libre Asociado de Puerto Rico, Civil Case No. J DP2015-0279 (the "Figueroa Lawsuit"). In the Figueroa Lawsuit, Figueroa alleges that he suffered personal injury and seeks damages. (Id. ¶ 6.) The Figueroa Lawsuit names only the Commonwealth as a defendant in connection with his lawsuit for physical and emotional

damages arising from an injury Mr. Figueroa allegedly sustained in prison in the municipality of Fardo. (Objection, ¶ 6(iv).) The Commonwealth obtained a judgment in its favor after trial, which judgment was subsequently upheld on appeal. (Id.) Mr. Figueroa's motion for reconsideration of the appellate decision was denied and, according to the Commonwealth, no pending motions or disputes remain in the Figueroa Lawsuit. (Id.)

Movants argue that there is cause to lift the stay because "[t]he only issue that exists between the Movants and the Debtor is the underlying personal injury and damages actions," and further argue that they will suffer harm by reason of delay of the determination and liquidation of their damages claims. (Motion p. 7; see also Movants' Reply p. 2.) Movants further assert generally that the Debtor has insurance policies for claims asserted in the lawsuits. (Movants' Reply, p. 6.) The Debtor denies that there is relevant insurance coverage, cites the burden on its resources of defending active litigation of unsecured damages claims in thousands of pending lawsuits, and argues that the Motion must be denied for several reasons, including interference with the "breathing space" needed by the Commonwealth to formulate and implement procedures for efficient management of pending litigation and the claims process, burdens on Debtor resources that would be occasioned by resumption of the litigation of the lawsuits, the prior resolution of two of the lawsuits through final judgments in favor of the Commonwealth, and the lack of insurance coverage with respect to the claims asserted in the Nieves, Morales and Alvarez Lawsuits. (Commonwealth's Objection, ¶¶ 9, 11 & 15.)

## DISCUSSION

Section 362(a) of the Bankruptcy Code, made applicable by Section 301(a) of PROMESA, 48 U.S.C. § 2161, imposes an automatic stay on "the commencement or

continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . ." 11 U.S.C. § 362(a)(1); see also PROMESA § 301(a) (incorporating 11 U.S.C. § 362 into Title III cases). Section 922(a)(1), made applicable by Section 301(a) of PROMESA, 48 U.S.C. § 2161, stays actions and proceeding against officers or inhabitants of a Title III debtor that seek to enforce claims against the Debtor. These stays apply here to Movants' claims against the Commonwealth, the Commonwealth's department of justice and police department, and the Commonwealth's inhabitants who are sued in their official capacities ("Covered Defendants"). They do not apply to Trinity Services Group, the food service vendor sued in the Morales Lawsuit, or to the private corporation sued in the Alvarez Lawsuit.

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay as against Covered Defendants, the Court examines the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e,g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," "whether litigation in another forum would prejudice the interests of other creditors," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

Movants have not demonstrated that the Sonnax criteria weigh in their favor with respect to the continuation of the Figueroa Lawsuit and the Alvarez Lawsuit. In the Figueroa Lawsuit, the Commonwealth, which was the only named defendant, obtained a judgment after trial that was subsequently upheld on appeal. The interests of judicial economy are not served by permitting Mr. Figueroa to re-file his lawsuit or further appeal his lawsuit. Similarly, the Commonwealth obtained a partial dismissal of the Alvarez Lawsuit and the interests of judicial economy are not served by permitting the Alvarez Lawsuit to go forward as against the Covered Defendants when discovery has not commenced and only a partial dispositive motion remains pending.

Likewise, the continuation of the Nieves Lawsuit would not necessarily result in an expeditious resolution of Mr. Nieves' claims. The Nieves Lawsuit is not ready for trial because no pretrial proceedings or discovery have occurred and a trial would require the expenditure of Debtor resources and potentially disrupt the claims resolution process established by the bankruptcy code and incorporated into PROMESA. The Morales Lawsuit does not appear to be ready for trial because no discovery has occurred.

Claims resolution procedures will be established in connection with these Title III proceedings, and unsecured claims such as those asserted here can be addressed in connection with the claims process. In the event certain claims cannot be settled or must be tried to a jury, appropriate relief from the stay may be sought at a later date, pursuant to the protocol the Court has approved. Movants have not demonstrated that the harm from delay of liquidation of their unresolved claims outweighs the burden that would accrue to the Debtor (principally by reason of expenditure of resources in defense of claims in multitudinous forums) by recommencement of full litigation of the various lawsuits against the Covered Defendants.

Accordingly, the Court concludes that Movants have not demonstrated that cause exists for the automatic stay to be lifted to allow the Nieves, Morales, Alvarez and Figueroa Lawsuits to proceed as to any Covered Defendants. Movants' motion for relief from the automatic stay is denied.

## CONCLUSION

For the foregoing reasons, Movants' motion for relief from the automatic stay is denied. This Memorandum Order resolves docket entry no. 667 in case no. 17-3283.

SO ORDERED.

Dated: August 17, 2017

/s/ Laura Taylor Swain  
LAURA TAYLOR SWAIN  
United States District Judge