UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

Re: ECF No. 716

## ORDER SETTING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the *Motion of Debtors Pursuant to PROMESA Section 317 and Bankruptcy Code Section 105(a) for Entry of Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA sections 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard statements in support of

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. All Professionals in the Title III Cases may be paid interim payment of compensation and reimbursement of expenses in accordance with the following procedures (the "Interim Compensation Procedures"):

   a. On or before the 15th day of each calendar month, or as soon as practicable thereafter, each Professional may serve a statement (a "Monthly Fee Statement") of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, by overnight mail, on each of the following entities (collectively, the "Notice Parties"):

      i. attorneys for the Oversight Board, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, Attn: Martin J. Bienenstock, Esq. and Ehud Barak, Esq., and Proskauer Rose LLP, 70 West Madison Street, Chicago, IL 60602, Attn: Paul V. Possinger, Esq.;

      ii. attorneys for the Oversight Board, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918, Attn: Hermann D. Bauer, Esq.;

      iii. attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq., Suzzanne Uhland, Esq., and Diana M. Perez, Esq.;

      iv. the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: *In re: Commonwealth of Puerto Rico*);

      v. proposed attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc. A Despins, Esq.;

     vi.  proposed attorneys for the Official Committee of Unsecured Creditors, ~~O'Neill & Gilmore LLC, 252 Ponce de Leon Ave., Citibank Tower Suite 1701,~~Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR ~~00918, Attn: Patrick D. O'Neill~~00901, Attn: Juan J. Casillas Ayala, Esq. and Alberto J.E. Aenses Negron, Esq.;

     vii.  proposed attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. and Richard Levin, Esq., and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. and Melissa Root, Esq.;

     viii.  proposed attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar-Zequeira, Esq.;

     ix.  counsel to any other statutory committee appointed; and

     x.  the fee examiner to be retained with Court approval.

b. Any Professional that fails to serve a Monthly Fee Statement for a particular month or months may subsequently serve a consolidated Monthly Fee Statement for such month or months. All Monthly Fee Statements shall comply with PROMESA and applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules").

c. In accordance with the procedures described in subparagraph (d) below, each Notice Party may file and serve upon the Professional that filed the Monthly Fee Statement and the other Notice Parties, so as to be received on or before 4:00 p.m. (Atlantic Standard Time) on the 10th day (or the next business day if such day is not a business day) following service of the Monthly Fee Statement (the "Objection Deadline") any objection to the requested fees and expenses. Upon expiration of the Objection Deadline, the ~~Debtors~~Professionals that filed a Monthly Fee Statement shall provide a statement (the "Monthly Fee Objection Statement") to the applicable Debtor(s) and the Puerto Rico Fiscal Agency and Financial Advisory Authority, providing the calculation of the fees and reimbursement requested, any amounts that were objected to, and the amount that should be paid after the holdback described further below. Upon receipt of the Monthly Fee Objection Statement, the Debtors in whose cases such Professionals are retained and/or employed shall promptly pay, and in no event pay later than ~~ten~~fourteen (14) calendar days after receiving the ~~expiration of the~~Monthly Fee Objection ~~Deadline~~Statement, the Professional an amount equal to the lesser of (i) 90% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement (the "Maximum Monthly Payment") or (ii) the Maximum Monthly

Payment less 90% of the fee portion and 100% of the expense portion thereof subject to an objection (the "Incremental Amount") pursuant to subparagraph (d) below; provided that, in the case of Paul Hastings LLP, as counsel for the Official Committee of Unsecured Creditors, and Zolfo Cooper, LLC, as financial advisor to the Official Committee of Unsecured Creditors, the applicable Debtors shall promptly pay, and in no event pay later than fourteen (14) calendar days after receiving the Monthly Fee Objection Statement, 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement, but such 80% of fees or 100% of expenses shall not be paid with respect to such fees or expenses that are subject to an objection pursuant to subparagraph (d) below. The Fee Examiner (as defined below) may object to the Interim Fee Applications (as defined below) if not consensually resolved.

d.  If any Notice Party wishes to object to a Professional's Monthly Fee Statement, it must (i) file a written objection (an "Objection") with the Court on or before the Objection Deadline and (ii) serve the Objection on the Professional that filed the Monthly Fee Statement and each of the other Notice Parties, so it is received by each of these parties on or before the Objection Deadline.  Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis.  If the parties are unable to reach a resolution of the Objection, the affected Professional may either (i) file a request with the Court for payment of the fees and expenses subject to the Objection or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court may consider and dispose of the Objection if requested by the parties.

e.  Each Professional's initial Monthly Fee Statement shall cover the period from the Petition Date of the Commonwealth's Title III Case through the end of the full month preceding the filing date of the Monthly Fee Statement.  Thereafter, Professionals may serve Monthly Fee Statements in the manner described above.

f.  Consistent with PROMESA section 317, at four-month intervals or such other intervals convenient to the Court (the "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Notice Parties an application (an "Interim Fee Application") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Statements, including any holdback, filed during the Interim Fee Period, pursuant to PROMESA section 317.  Each Interim Fee Application must include a brief description identifying the following:

   i.   the Monthly Fee Statements subject to the request;

   ii.  the amount of fees and expenses requested;

   iii. the amount of fees and expenses paid to date or subject to an Objection;

    iv. the deadline for parties other than the Notice Parties to file objections (the "<u>Additional Objections</u>") to the Interim Fee Application; and

    v. any other information requested by the Court or required by the Local Rules.

g. Objections, if any, to the Interim Fee Applications shall be filed and served upon the Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or before the 20th day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application.

h. The Debtors shall request that the Court schedule a hearing on the Interim Fee Applications at least once every six months. The Debtors, however, may request that a hearing be held every four months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing. The hearing on the first Interim Fee Applications will take place at the December 20, 2017 omnibus hearing.

i. If a fee examiner (the "<u>Fee Examiner</u>") is appointed, at least twenty days before each hearing on Interim Fee Applications, the Fee Examiner shall issue a report to each Professional listing and explaining each reduction to the Professional's fees and disbursements that the Fee Examiner recommends, and shall file a report at least five days before such hearing, which report shall disclose the consensual resolution with each Professional and each issue and amount not resolved.

j. The first Interim Fee Period shall cover the month in which the Petition Date of the Commonwealth's Title III Case occurred and the four full months immediately following such month. Accordingly, the first Interim Fee Period shall cover May 3, 2017, through September 30, 2017. Each Professional must file and serve its Interim Fee Application on or before the 45th day following the end of the applicable Interim Fee Period.

k. The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Interim Compensation Procedures. Any Professional that fails to submit a Monthly Fee Statement or file an Interim Fee Application when due or permitted shall be ineligible to receive further interim payments of fees or reimbursement of expenses under the Interim Compensation Procedures until such time as a Monthly Fee Statement or Interim Fee Application is submitted by the Professional. There shall be no other penalties for failing to file a Monthly Fee Statement or an Interim Fee Application in a timely manner.

l. Payment and allowance of interim fees shall not bind any party in interest or the Court with respect to the final allowance of applications for payment of

    compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

    m. For all Professionals, any application made pursuant to PROMESA sections 316 and 317, shall be subject to Appendix B of the U.S. Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013* (the "U.S. Trustee Guidelines").

3. Notwithstanding anything to the contrary in this Order, this Order shall not apply to work of professionals that was customarily required outside Title III cases, excluding restructuring professionals who are performing legal, financial, or operational services for a Title III Debtor, but including, for the avoidance of doubt, professionals performing services related to the preparation of audited financial statements, and such professionals shall be exempt from the requirements of applying for Court approval of their fees and reimbursements that were customarily required outside Title III.

4. Each member of any statutory committee is permitted to submit statements of expenses (excluding third-party professional expenses of individual committee members) and supporting vouchers to the respective committee's counsel, which counsel shall collect and submit for reimbursement in accordance with the Interim Compensation Procedures.

5. Notice of interim and final fee applications is limited to (a) the Notice Parties and (b) all parties that have filed a notice of appearance with the Clerk of this Court, pursuant to Bankruptcy Rule 2002 and applicable provisions of the Local Rules, and requested such notice.

6. The Notice Parties shall receive the Monthly Fee Statements, any Interim Fee Applications, any final fee applications, and any Hearing Notices, and all other parties entitled to notice pursuant to this Order shall only receive the Hearing Notices.

7. The amount of fees and disbursements sought shall be set out in U.S. dollars.

8. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

**Cooperation of Retained Professionals**

9. This Order applies to all Professionals retained in these cases by the Debtors, the Government and AAFAF (as it relates to the Debtor entities in the Title III Cases), the Oversight Board (as representative of the Debtors), and the statutory committees, to the extent the professionals render services in the Title III Cases.

10. Nothing alters or impairs the right of any party in interest in these cases to object to any applications subject to this Order.

11. Nothing herein is intended to, shall constitute, or shall be deemed to constitute the Oversight Board's consent, pursuant to PROMESA section 305, to this Court's interference with (a) any of the political or governmental powers of the Debtors, (b) any of the property or revenues of the Debtors, or (c) the use or enjoyment of the Debtors of any income-producing property.

12. The Debtors and the Oversight Board, as the Debtors' representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2017  
      San Juan, Puerto Rico                _____  
                                             Honorable Laura Taylor Swain  
                                             United States District Judge

Document comparison by Workshare 9 on Thursday, August 17, 2017 6:40:36 PM

| Input: | |
|---|---|
| Document 1 ID | file://C:\Users\2697\Desktop\FOMB - Interim Compensation Procedures (Original Order).docx |
| Description | FOMB - Interim Compensation Procedures (Original Order) |
| Document 2 ID | C:\Users\2697\Desktop\FOMB - Interim Compensation Procedures (Revised Order).docx |
| Description | C:\Users\2697\Desktop\FOMB - Interim Compensation Procedures (Revised Order).docx |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 13 |
| Deletions | 6 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |

| Total changes | 19 |
|---|---|

Case:17-03283-LTS Doc#:1074-2 Filed:08/17/17 Entered:08/17/17 20:05:22 Desc: Exhibit B - Redline Against Initial Proposed Order Page 9 of 9