IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA TITLE III No. 17 BK 3283-LTS |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, et al. | |
| Debtors | |

**MOTION REQUESTING RELIEF FROM AUTOMATIC STAY**

**TO THE HONORABLE COURT:**

**COMES NOW**, Luisa Murray Soto ("Ms. Murray" or "Movant"), *pro se*, and respectfully request to this Court an Order pursuant to 11 U.S.C. §362 for relief the Automatic Stay and, in support of this motion, states and pray as follows:

I. **PROCEDURAL BACKGROUND**

1. Movant is a former career government employee that work for the Commonwealth of Puerto Rico's Office of Management and Budget ("PR-OMB").

2. As career government employee of the Commonwealth's PR-OMB, Movant has a vested right over her position as a career government employee, protected from a taking without due process, as provided in Section 7 of Article II of the Constitution of the Commonwealth of Puerto Rico. See Díaz Carrasquillo v. García Padilla, 191 D.P.R. 97, 111-112 (2014).

3. The administrative forum with jurisdiction to oversee any employment action against a government employee of the Commonwealth of Puerto Rico is the Appellative Commission for the Public Service (by its acronym in Spanish, "CASP"). The CASP created pursuant to the Reorganization Plan No. 2 approved on July 26, 2010, known as the "Plan for the Reorganization of the Appellative Commission for the Public Service".

1

4. On September 3rd, 2004, the Movant filed before the Puerto Rico Personnel Administration System Board of Appeals (by its acronym in Spanish, "JASAP")[1] a claim against the <u>Commonwealth of Puerto Rico in the case Luisa Murray Soto v. Oficina de Gerencia y Presupuesto</u> No. 2004-09-0329, challenging the PR-OMB's unlawful denial to reclassifying Movant to her career position as Auditor III of the PR-OMB.

5. After completing all required procedural processes, on June 6, 2014, the CASP issued an administrative judgment and determined deny the Movant's Case without sufficient evidence.

6. On August 12, 2014, however, the Movant filed an appeal before the Puerto Rico's Court of Appeals in the case <u>Luisa Murray Soto v. Oficina de Gerencia y Presupuesto,</u> No. KLRA201400798, challenging the CASP determination (the "Litigation").

7. On December 31, 2014, the Puerto Rico's Court of Appeals determined to return the case to the CASP and ordered to the administrative forum to celebrate a public hearing called "novo" with another Official Examiner.

8. The public hearing was performed on May 18, 2016 before CASP as ordered by the Puerto Rico's Court of Appeals. However, the case is paralyzed and pending before CASP because has not express the administrative resolution.

9. On May 9, 2017, the Financial Oversight and Management Board of Puerto Rico, as representative of the Commonwealth of Puerto Rico, filed the above captioned case pursuant to Title III of PROMESA. See Dkt. 1.

10. On June 2nd, 2017, the Legal Representative of PR-OMB filed a Notice before CASP to explain about a petition under Title III has the effect of an automatic stay pursuant to Section 301(a) of PROMESA, which states, among other things, that 11 U.S.C. §362 of the United States Bankruptcy Code are applicable for petitions under Title III.

---

[1] The Puerto Rico Personnel Administration System Board of Appeals (by its acronym in Spanish, "JASAP" created by the Act No. 5 of October 14, 1975. The Puerto Rico Act No. 184 of August 3, 2004 repealed the Act No. 5 and was replaced by the Appeal Commission of Public Service Human Resources Administration System (known as acronym "CASARH"). Then, the Appeal Commission of the Public Service (by its acronym in Spanish, "CASP") was created pursuant to the Reorganization Plan No. 2 approved on July 26, 2010, known as the "Plan for the Reorganization of the Appellative Commission for the Public Service".

## II. DISCUSSION

Mrs. Murray Soto is not a public bonds investor, neither a creditor of the Commonwealth of Puerto Rico.

Mrs. Murray Soto's claim does not have any relation with the debts that prompted PROMESA.

It is Movant's position that the automatic stay of the Case before CASP should be lifted pursuant to 11 U.S.C. §362 (d)(1), which allows this Honorable Court to grant relief from the automatic stay "for cause".

It is Memorandum and Order issued on July 7, 2017 in the above captioned case, this Honorable Court determined that,

> [t]o determine whether cause exists to lift the bankruptcy stay, courts in this district rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990)("Sonnax"). Of particular relevance to the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case", "the interests of judicial economy and the expeditious and economical resolution of the litigation," "whether the parties are ready for trial in the other proceeding," and the "impact of the stay on the parties and the balance of harms".

See Dkt. 600, at page 2, (Internal citations omitted). In Sonnax, another factor to be considered is "whether a specialized tribunal with the necessary expertise has been established to hear the cause of action". In re Sonnax Indus., Inc., 907 F.2d, at 1286.

The Puerto Rico's Court of Appeals is the local judicial forum first called to litigate an administrative determination. In the case of the Litigation, the Court of Appeal cited the Article II, Section 7 of the Constitution of the Commonwealth of Puerto Rico, stated that:

> The right to life, liberty and the enjoyment of property is recognized as a fundamental right of man. The death penalty shall not exist. **No person shall be deprived of his liberty or property without due process of law. No person in Puerto Rico shall be denied the equal protection of the laws. No laws impairing the obligation of contracts shall be enacted.** A minimum amount of property and possessions shall be exempt from attachment as provided by law. (Emphasis by Movant)

In sum, as stated above, the Appeal's Court has already ruled as a matter of law that Movant has a proprietary interest in her regular career position as public employee, and then assign to Movant the correct job classification. The PR Court Appeals reviewed the administrative determination and

returned this case. Then, the public hearing was held on the CASP and the Movant is interested to know the CASP determination by the constitutional rights.

Taking into consideration the factors listed above provided in <u>Sonnax</u>, in the balance of harm, the harm that would result to Movant from the continuation of the stay noticed by the Legal Representation of PR-OMB with regards to the Case, including her ability to continue the case and eventually, if she prevails, reclassify her position as Auditor III of the PR-OMB, outweighs any harm that might be suffered by the Commonwealth of Puerto Rico if the stay is lifted or modified. In the event that all of the appellate stages end in a determination that the CASP's determination is to reclassify her position.

In sum, allowing that the CASP determination related to the Case proceed would not interfere with PROMESA's Title III case, hence the stay should be lifted.

WHEREFORE, Movant respectfully requests that the Court enter an order granting Movant's relief from the automatic stay, and allowing issuing an administrative judgment in the case <u>Luisa Murray Soto v. Oficina de Gerencia y Presupuesto</u>, No. 2004-09-0329, currently before the Appellative Commission for the Public Service.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY: That on this same date, we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF Filing System which will send a notification of such to the parties of record and to all interested subscribed users.

RESPECTFULLY SUBMITTED

IN SAN JUAN, PUERTO RICO, this 17th day of August 2017.

s/Luisa Murray-Soto
**Luisa Murray Soto, *Pro Se***
3 Carr 784 Apt 3201
Caguas, PR 00727
Phone number: 239.986.1793
lumurr@gmail.com

4