IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Debtor. | PROMESA<br><br>Title III<br><br>No. 17-3283 (LTS)<br><br>**This motion request renewal of ECF No. 503 (Aquino's Motion requesting relief from stay) and also relates to ECF Nos. 616 (objection) and 668 (Order denying motion)** |

### JOSUÉ AQUINO-COLÓN'S MOTION REQUESTING RENEWAL OF MOTION FOR RELIEF FROM DEBTOR'S[1] AUTOMATIC STAY

**COMES NOW, Josué Aquino-Colón** and the purported class ("Aquino" or "Movant"), through the undersigned counsel, to respectfully move the Court for an Order pursuant to 11 U.S.C. Sec. 362 for relief from the Automatic Stay and, in support of its motion, states as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

1

**Factual Background**

1. On December 16, 2014, the Puerto Rico Legislature passed an amendment to Article 5.06 of the Puerto Rico Vehicle and Traffic Act of 2000 raising the penalty for illegal car races to that of immediate seizure and impounding of the vehicle used in the illegal car race. The amendment was codified under Act 218-2014.

2. Under Act 218-2014 the Legislature ordered the Puerto Rico Department of Motor Vehicles (DMV) to prepare and file the Administrative Remedies and Rules for the mentioned forfeitures. Act 218-2014 required the Rules to discuss "*everything necessary to the process of asset seizure*". This would have provided the people with administrative remedies, guidance and venues to contest the seizure of the assets. The penalties of Act 218-2014 were immediate, however the DMV published its Administrative Rules on August 25, 2015; almost 8 months after the approval of Act 218-2014.

3. Aquino's automobile was seized on February 17, 2015 pursuant to the amended Article 5.06 of the Puerto Rico Vehicle and Traffic Act of 2000 and Act 218-2014. At the time of the seizure the DMV had not created nor filed the required Administrative Rules.

4. During the 8 months between the approval of Act 218-2014 and the publishing of the DMV's Administrative Rules the Commonwealth continued to illegally impound cars in prejudice of the people's rights to a due process, which affected both Aquino and the purported class that he seeks to represent. The class requests the return of the vehicles or damages in the amount of the fair market value of the vehicles.

5. The seizure of the Aquino's vehicle (and those of the class) is punitive in nature. The Supreme Court of Puerto Rico has already ruled that even when the asset

forfeiture is made within a civil proceeding the main objective is to punish someone for an alleged criminal act. See Coop. Seg. Mult. v. E.L.A., 2011 T.S.P.R. 5 (2011). As the purpose is punitive important criminal proceedings protection and complex issues of applicability of criminal defenses according to state law become involved such as the Legality Principle[2] which dictate that punitive laws must be clear and complete.

## Procedural Background

6. On September 23, 2015, Movant filed a Claim against the Commonwealth of Puerto Rico, KPE 2015-3235, under the Commonwealth's Constitution, Puerto Rico Act 218 of 2014 (Act 218-2014) as well as Rule 20 of the Puerto Rico Rules of Civil Procedure (Class Action Suits) before the First Instance Court in San Juan to contest the forfeiture of Movant's automobile as well as all other forfeitures similarly situated that affect the purported class as a result of the Commonwealth's violation of Act 218-2014.

7. A hearing was held on February 14, 2017 and both parties requested summary judgment on their behalf as it was agreed that there are no genuine issues as to any material fact.

8. The case before the First Instance Court is ready for adjudication through the Summary Judgment proceeding under the PR Rules of Civil Procedure as there are no genuine issues as to any material fact. Both parties have performed discovery, there are no real controversy as to the issues to be adjudicated, briefs and replies have been submitted[3] and are pending before the Court. The First Instance Court needed only to resolve the law as applied to the facts.

---

[2] "Nullum crimen sine lege, nulla poena sine lege,"
[3] The Commonwealth requested summary judgment on December 4, 2015 and movant replied and requested summary judgment of its own on December 20, 2016.

3

9. This case revolves around specific issues of Puerto Rico law that are unique and largely unresolved. There is no evident controversy or issues as to the facts as Aquino and the classes' car have been impounded pursuant to the law, and there is no controversy as to the non-existence of the Administrative Rules as required by law.

10. On May 31, 2017, the Court of First Instance *sua sponte* took Judicial Knowledge that the Commonwealth had filed a bankruptcy petition under Title III of PROMESA, case no. 17-1578 ("Petition"), and that the filling of the Petition would have the effect of enforcing an automatic stay pursuant to Section 301(a) of PROMESA ("Section 301(a)"). The Order of the Court of First Instance was filed on June 13, 2017 and ordered Movant to answer within 20 days of receipt or otherwise it will order a stay in the proceedings.

**Legal Standard**

11. Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the automatic stay, courts in this district rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in <u>In re Sonnax Indus., Inc.</u>, 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e,g., <u>Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla</u>, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax).

12. Of particular relevance to the instant case are the following factors identified by the <u>Sonnax</u> Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical Section 301(a) states

4

that, among other things, 11 U.S.C. Sec. 362 of the United States Bankruptcy Code are applicable for petitions under Title III. See *ad verbatim* ECF 668.

## Argument

13. Lifting the stay would not prejudice the interests of other creditors as the value of the property illegally retained is either, still in the form of vehicles, or have been sold in auctions with the commonwealth retaining its profits. Even when other creditors could be prejudiced, the harm caused by the Commonwealth's actions is irreparable and constitutes a substantial threat of irreparable damage to the people's constitutional rights.

14. A balance of the harms favors that this litigation be promptly resolved, as important constitutional rights of the people are been treated with criminal punishments in the form of a taking of private property without due process. The government is basically stealing people's vehicles without following the Law's procedural framework. The impact of the stay on the people is enormous; it only means that the illegal actions of the government in taking their property rights through a criminal process are protected (besides a house, a vehicle is one of the most important assets held by families and individuals through the island and the US).

15. The Commonwealth's actions do involve and affect the rights of third parties in the form of financial institutions (banks, insurance companies and their underwriters) that provide insurance coverage and financing to people for their cars. When the car gets seized the insurance needs to cover the value of the debt and absorb it as a loss. The actions also involve a proposed class of people who have suffered from the government's illegal actions.

16. The granting of the relief would result in an almost complete resolution of the case as there are essentially no genuine issues of material facts. Summary judgment is held proper when there are no genuine issues of material facts. See <u>Meléndez González v. M. Cuevas, Inc. y Bohío International Corporation,</u> 2015 TSPR 70 (2015). If the Commonwealth triumphs in its motion for summary judgment (titled motion to dismiss and requesting summary judgment) it would be the end of the litigation. If Aquino prevails only the issue as to class certification would remain. Attending the class issue is procedurally sound as class actions are usually a bifurcated process under the rational that it is almost impossible to determine the outcome of a case and the existence of a class at the same time. Resolving the summary judgment first and declaring the rights of the parties prior to engaging in the process of class certification is the most efficient and judicially economical method for expediting this type of action that albeit complex could be swiftly disposed of when the Court rules of the summary judgment.

17. As the parties have both submitted motions for summary judgment that greatly mirror each other claims of lack of genuine issues it would be wrong to conclude that a judgment from the Court would not resolve a lot of the issues if not all. This would also make a trial unnecessary as a lot of the facts are stipulated (Puerto Rico Courts are required to make legal and factual determinations in their Opinions when deciding summary judgment motions and they are a way to unclog the judicial calendar when there are no real issues of facts). Summary judgment is a fair, quick and economical solution of issues when a trial is unnecessary to perform. See <u>Nieves Díaz v. González Massas</u>, 178 DPR 820, 847 (2010) and <u>Const. José Carro v. Mun. Dorado</u>, 186 DPR 113, 128 (2012).

18. The automatic stay of case KPE 2015-3235 should be lifted pursuant to 11 U.S.C. Sec. 362 (d)(1) for cause, specially when the government is using its criminal power to take property from the people without the proper safeguards yet now is seeking legal protection. The government's actions constitute an attack on the constitutional rights of the citizenship to be secure in their property and should not be afforded protection under the bankruptcy proceedings.

19. An important issue remains. The complaint alleges that the government illegally took property from claimant and the class at their expense without giving anything of value back, not even a penny. This constitutes an unjust enrichment and is fundamentally repugnant to our Constitution and rule of law. When the government takes and retains property without giving anything of value and said taken property is easily identifiable said property should be returned. Debts which are incurred because of unjust enrichment cannot be discharged in bankruptcy. The bankruptcy court should demand that the debtor who unjustly gained the benefit, reimburse the party who was harmed.

**WHEREFORE**, Movant respectfully requests that the Court enter an order granting Movant relief from the automatic stay allowing Movant and the class to continue to contest the illegal forfeitures currently pending in the Court of First Instance and to pursue such additional actions as may be necessary and for such other and further relief as the Court deems proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**: That on this same date, we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF Filing system which will send a notification of such to the parties of record and to all interested subscribed users.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 18th day of August of 2017.

*S/ALLAN AMIR RIVERA FERNÁNDEZ*
**ALLAN AMIR RIVERA FERNÁNDEZ**
**USDC-PR 301904**
*Attorney for Movant*

**LUIS RAFAEL RIVERA LAW OFFICES**
**CAPITAL CENTER BLDG., SUITE 401**
**239 ARTERIAL HOSTOS AVENUE**
**SAN JUAN, PUERTO RICO 00918**
**PHONE: (787) 763-1780**
**FAX: (787) 763-2145**
**E-MAIL: luiswichyrivera@hotmail.com**