UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                  :

In re:                               :

Refco Inc., et al.,                   :           Chapter 11
                                    :           Case No. 05-60006 (RDD)
Debtors.                         :           (Jointly Administered)
                                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER GRANTING THE MOTION OF THE UNITED STATES TRUSTEE
## FOR THE APPOINTMENT OF AN EXAMINER

Upon the motion (the "Motion") of the United States Trustee pursuant to 11 U.S.C. 1104(c)(2)

for the appointment of an examiner in the above-captioned cases; and adequate notice of the Motion

having been given; and upon the responses, statements and objections to the Motion filed by the above-

captioned debtors (the "Debtors"), the Official Committee of Unsecured Creditors (the "Creditors

Committee"), and Bank of America, as agent; and the Court having held a hearing (the "Hearing") on

the Motion on March 7, 2006; and upon due consideration, for the reasons stated by the Court in its

bench ruling at the Hearing, sufficient cause appearing therefor, it is hereby

ORDERED:

1.  The Motion is granted as provided herein, and the United States Trustee is directed to

appoint an examiner (the "Examiner") pursuant to 11 U.S.C. § 1104(c)(2), subject to approval of this

Court.  No appointment made pursuant hereto shall be effective before March 14, 2006.

2.  Subject to paragraph 3 hereof and further order of the Court, the Examiner is authorized to

investigate and to report on any topic that might reasonably result in the assertion of a claim or right by

1

05-60006-rdd Doc 1487 Filed 03/16/06 Entered 03/16/06 18:47:02 Main Document
Pg 2 of 5

any of the Debtors' estates with the exception of any claim or right of Refco Capital Markets, Ltd.

("RCM").

    3. The Examiner shall, before commencing any investigations hereunder, develop a work plan

and budget for such investigations. The Examiner shall consult with the Debtors and the Creditors

Committee in developing the work plan. The Debtors and the Creditors Committee shall cooperate

with the Examiner in the development of the work plan and budget, and shall provide the Examiner with

such information as the Examiner reasonably requests to determine: (a) the events that have transpired

to date in these cases; (b) the issues that are appropriate for investigation; and (c) the status and

progress of any other investigations into those issues that might already have been commenced. In

preparing the work plan and budget, the Examiner shall be mindful of the general goal of avoiding

duplication of existing investigations. The Examiner shall also take into account the status of pending

governmental investigations in developing the work plan. If issues arise in connection with the

development of the work plan and budget that the Examiner, the Debtors, and the Creditors Committee

are unable to resolve, the parties may seek the resolution of those issues by the Court. If any of the

Examiner, the Debtors, or the Creditors Committee believes that public disclosure of such dispute

and/or the work plan and budget might be prejudicial to the Debtors' estates or to the course of future

investigations, such party may request to proceed *in camera* or by motion filed under seal. The

Examiner shall submit for Court approval the final work plan and budget prior to commencing any

investigation.

    4. In conducting these investigations, the Examiner shall use best efforts to coordinate with and

Case 17-08283-LTS   Doc #1080-6   Filed 08/18/17   Entered 08/18/17 14:54:08   Desc
Exhibit F   Page 3 of 5

to avoid interference with any investigations being conducted by the Securities and Exchange

Commission, the United States Department of Justice, the Commodities Futures Trading Commission,

or other governmental agencies, and will follow a protocol to be established with the investigatory

agencies for the sharing of information to the extent that such sharing benefits the Debtors' estates, and

such sharing of information shall be subject to appropriate conditions to protect the Debtors' estates.

5.  The Debtors and all of the Debtors' affiliates, subsidiaries and other companies under their

control and the Examiner shall mutually coordinate and cooperate in connection with the performance of

any of the Examiner's duties.  The Debtors shall provide to the Examiner all non-privileged documents

and information that the Examiner deems relevant to discharge the Examiner's duties under this Order.

If the Examiner seeks the disclosure of documents or information as to which any of the Debtors assert

a claim of privilege and the Examiner and the Debtors are unable to reach a resolution on whether or on

what terms such documents or information should be disclosed to the Examiner, the matter may be

brought before the Court for resolution.

6.  Subject to (a) any applicable confidentiality agreement signed by the Creditors Committee

and/or its advisors, and (b) the restrictions contained in the "Order Under 11 U.S.C. §1103(c) and

Bankruptcy Rule 2004, Directing Production of Documents by Certain (i) Current Directors and

Former Officers and Employees and (ii) Investors, Attorneys, and Accountants of Refco Inc." signed on

December 5, 2005, the Creditors Committee shall provide the Examiner with access to all materials it

has received in response to discovery heretofore authorized by the Court, and the Examiner and the

Creditors Committee shall cooperate and coordinate their efforts to assure, to the extent possible, that

05-60006-rdd Doc 1487 Doc#1080-6 Filed 03/16/06 Entered 03/16/06 18:47:02 Main Document
Pg Page 4 of 5

their investigations are not unduly duplicative.

7.  Subject to the requirements for mutual cooperation and coordination set forth herein, nothing contained in this Order shall diminish the powers and authority of the Debtors or the Creditors Committee under the Bankruptcy Code or any trustee for RCM, including the powers to investigate transactions and entities, to commence contested matters and adversary proceedings, and to object to claims.

8.  Until the Examiner has filed the Examiner's report or reports pursuant to 11 U.S.C. § 1106(4)(A), neither the Examiner nor the Examiner's representatives or agents shall make any public disclosures concerning the performance of the Examiner's duties, except in hearings before the Court. The Examiner may disclose information and reports to investigative agencies pursuant to the protocol to be developed under paragraph 4 hereof.

9.  The Examiner may retain counsel and other professionals if he or she determines that such retention is necessary to discharge his or her duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327.

10.  The Examiner and any professionals retained by the Examiner pursuant to any order of this Court shall be compensated and reimbursed for their expenses pursuant to the procedures established in the Final Order Under 11 U.S.C. §§ 105 and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (entered Dec. 13, 2005).  Compensation and reimbursement of the Examiner shall be determined pursuant to 11 U.S.C. § 330, and compensation and reimbursement of the Examiner's professionals shall be determined pursuant to standards equivalent

to those set forth in 11 U.S.C. § 330.

11. The Examiner shall be a "party in interest" under 11 U.S.C. § 1109(b) with respect to matters that are within the scope of the duties delineated in this Order or as such duties may hereafter be modified by this Court, and shall be entitled to appear at hearings and be heard with respect to matters that are within the Examiner's duties.

12. Nothing in this Order shall impede the right of the United States Trustee or of any other party in interest to request any other lawful relief, including but not limited to the expansion or limitation of the scope of the Examiner's investigation.

Dated: New York, New York
      March 16, 2006                      /s/Robert D. Drain
                                               UNITED STATES BANKRUPTCY COURT