UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:                                                          PROMESA
                                                                Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of                                 No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO,                                (Jointly Administered)
et al.,

                  Debtors.[1]

-------------------------------------------------------------x

MEMORANDUM ORDER GRANTING MOTION OF CENTRO DE PERIODISMO INVESTIGATIVO
FOR RELIEF FROM THE AUTOMATIC STAY

        Before the Court is the *Motion for Relief from Stay* (docket entry no. 740 (the "Motion")) filed by the Centro de Periodismo Investigativo, Inc. ("CPI" or the "Movant"), the plaintiff in Centro de Periodismo Investigativo, Inc. v. Financial Oversight and Management Board for Puerto Rico, No. 17 CV 1743-JAG, pending in the United States District Court for the District of Puerto Rico (the "Litigation").  For the following reasons, the Motion is granted.

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

BACKGROUND

CPI is a non-profit organization of investigative journalists. (Motion ¶ 1.) In the Litigation, the CPI seeks to force the Financial Oversight and Management Board for Puerto Rico (the "FOMB") to produce certain documents that had been requested by the CPI under Puerto Rican law. (Id. ¶ 2.) The CPI does not seek damages or a money judgment of any kind in the Litigation. (Id. pp. 1-2.)

DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the automatic stay, courts in this district rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e,g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

The Court concludes that Movant has demonstrated that cause exists to lift the automatic stay. The Litigation would completely resolve the CPI's issues and can be most economically resolved in a forum other than these Title III proceedings. The FOMB's objections

to the lifting of the stay primarily implicate merits issues, such as preemption, undue burden, and privileges, which can appropriately be raised in the context of the Litigation.[2] Additionally, because the Litigation seeks only the production of documents by the FOMB, it lacks a connection to, or likelihood of interference with, the Title III cases, whose principal purpose is to adjust the financial liabilities of the various debtors, including the Commonwealth.[3] Although the FOMB will be required to expend time and resources defending the Litigation, the most significant effect of continuing the stay of the Litigation would be to deprive the CPI of any opportunity to obtain timely determinations as to its entitlement to the disclosure it seeks on behalf of the Puerto Rican public. Accordingly, the balance of harms tips decidedly in favor of the Movant.

## CONCLUSION

For the foregoing reasons, the Motion is granted, and the automatic stay is lifted as to the Litigation. This Memorandum Order resolves docket entry no. 740.

SO ORDERED.

Dated: August 18, 2017

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[2] This decision is without prejudice to any party's position with respect to the merits of the issues raised in the Litigation.

[3] Indeed, the opposition to the Motion effectively concedes this point, noting that "CPI's litigation would not resolve any issues remotely relevant to the Commonwealth's Title III plan or financial claims against the Commonwealth." (Docket entry no. 959, at pp. 13-14.)