# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO ELECTRIC POWER AUTHORITY
(PREPA),

    Debtor.[2]

PROMESA
Title III

No. 17 BK 4780-LTS[3]

---------------------------------------------------------------x

ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF
<u>PHOENIX MANAGEMENT SERVICES, LLC, AS FINANCIAL ADVISOR FOR MEDIATION TEAM</u>

Upon the *Application of Oversight Board for Entry of Order Authorizing Employment and Payment of Phoenix Management Services, LLC as Financial Advisor for Mediation Team* (the

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The last four (4) digits of PREPA's federal tax identification number are 3747.

[3] The PREPA title III case is not jointly administered with the Commonwealth of Puerto Rico, *et al.* title III cases jointly administered under No. 17 BK 3283-LTS. This Application is filed both in the PREPA title III case and the Commonwealth of Puerto Rico, *et al.* title III cases.

"Application");[4] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Application is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Oversight Board provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and the Kopacz Declaration and having determined that the legal and factual bases set forth in the Application, including the absence of other costs associated with the Mediation Team's service establish just cause for the relief granted herein; and no objections to the relief requested herein having been asserted; and upon the record herein, after due deliberation thereon, the Court having found that good and sufficient cause exists for the granting of the relief as set forth herein,

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized and required to pay Phoenix as financial advisor for the Mediation Team effective *nunc pro tunc* to August 4, 2017, all amounts arising under Phoenix's engagement, and Phoenix is authorized and directed to perform the Services.

3. In connection with performing the Services, Phoenix is authorized to take direction from the Mediation Team.

4. Phoenix shall be entitled to allowance and payment of compensation for professional services rendered and reimbursement of expenses incurred pursuant to the terms of

---

[4] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

the Application and its engagement as an administrative expense pursuant to Bankruptcy Code section 503(b)(1), made applicable by PROMESA section 301(a).

5. Phoenix's fees and expenses shall be subject to review and allowance by the Court under the procedures and standards applicable to fees and expenses of professional persons under PROMESA section 316. Phoenix shall be entitled to seek interim compensation under the procedures set forth in PROMESA section 317, and shall be subject to any interim compensation orders entered by the Court, except that any objection to the allocation of Phoenix's fees and expenses or the reasonableness of those fees and expenses shall be raised in the first instance with the Mediation Team Leader.[5]

6. Phoenix will maintain records of time and expenses on a Debtor-specific basis. Phoenix's allowed fees and expenses shall be paid by, and allocated among, the Commonwealth and its instrumentalities that are, at the time the fees and expenses are incurred, debtors under title III of PROMESA. Under no circumstances shall the Mediation Team or any Mediator be responsible for payment of Phoenix's fees and expenses.

7. Phoenix shall be entitled to indemnification and exclusion from subpoena and legal proceedings in same manner and to the same extent as are the Mediators.

8. In the event of any inconsistency between this Order and the Application, this Order shall govern.

9. Nothing herein is intended to, shall constitute, or shall be deemed to constitute Debtors' or the Oversight Board's consent, pursuant to PROMESA section 305, to this Court's interference with (a) any of the political or governmental powers of the Debtors, (b) any of the

---

[5] In the event no agreement is reached regarding the allocation of Phoenix's fees and expenses or the reasonableness of those fees and expenses, those objections may be filed with the Court in accordance with any interim compensation order entered by the Court.

property or revenues of the Debtors, or (c) the use or enjoyment of the Debtors of any income-producing property.

10. Notwithstanding any applicability of any Federal Rule of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. Phoenix, the Mediation Team, and the Oversight Board, as the Debtors' representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this order in accordance with the Application.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

13. This Order resolves Docket Entry No. 1018 in Case No. 17-3283 and Docket Entry No. 229 in Case No. 17-4780.

Dated: August 21, 2017

                                                                   /s/ Laura Taylor Swain
                                                                  LAURA TAYLOR SWAIN
                                                                  United States District Judge