Hearing Date and Time: October 4, 2017, 9:30 a.m. (AST)
Objection Deadline: September 19, 2017, 4:00 p.m. (AST)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,* Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS)<br><br>(Jointly Administered) |

**COFINA AGENT'S MOTION
PURSUANT TO 48 U.S.C. § 2161
AND 11 U.S.C. § 105(a) FOR ORDER:
(I) CONFIRMING THAT 48 U.S.C. § 2125
APPLIES TO COFINA AGENT; (II) CONFIRMING
RETENTION OF LOCAL COUNSEL; AND (III) CLARIFYING PAYMENT
OF FEES AND EXPENSES OF COFINA AGENT AND HER PROFESSIONALS**

Bettina M. Whyte, in her capacity as the Court-appointed representative ("**COFINA Agent**") for COFINA[2] in the Commonwealth-COFINA Dispute, through her undersigned counsel, respectfully submits this motion seeking an order: (i) confirming the applicability of 48 U.S.C. § 2125 ("**PROMESA Section 105**") to the COFINA Agent and her employees with respect to her work in resolving the Commonwealth-COFINA Dispute; (ii) confirming that the COFINA Agent's local Puerto Rico counsel, Navarro-Cabrer Law Offices led by Nilda M.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("**COFINA**") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("**HTA**") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the *Stipulation and Order Approving Procedure to Resolve Commonwealth-COFA Dispute* [ECF 996] (the "**Stipulation and Order**").

Navarro-Cabrer, may be employed by the COFINA Agent without further application or order of Court; and (iii) clarifying that the COFINA Agent and her professionals retained pursuant to the Stipulation and Order (including local counsel) shall have their allowed fees and expenses (such allowed fees and expenses, the "**Agent/Professional Fees**") paid pursuant to the Interim Compensation Order[3] and any other order of this court either (a) by COFINA or, at COFINA's request, Bank of New York Mellon in its capacity as trustee under the COFINA Bond Resolution ("**BNYM**") out of the Disputed Funds being held in trust pursuant to the order issued by this Court on May 30, 2017 (the "**Interpleader Order**"),[4] or (b) if COFINA (or BNYM) do not or cannot pay the Agent/Professional Fees for any reason within the time periods required by the Interim Compensation Order or other order of the Court, by the Commonwealth within five (5) business days of being provided with written notice by the COFINA Agent or affected professional that such Agent/Professional Fees have not so been paid.

## PRELIMINARY STATEMENT

1. Since the initiation of these title III cases, the Financial Management and Oversight Board for Puerto Rico (the "**Oversight Board**") has highlighted the importance of resolving the Commonwealth-COFINA Dispute. According to the Oversight Board, "until a resolution is reached on this gating issue [the Commonwealth-COFINA Dispute], it is far less feasible for the Oversight Board to negotiate a consensual title III plan of adjustment for the

---

[3] By *Motion of Debtors Pursuant to PROMESA Section 317 and Bankruptcy Code Section 105(a) for Entry of Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 716], the Oversight Board as representative of the Commonwealth of Puerto Rico seeks Court approval of certain interim compensation procedures. On August 16, 2017, the Oversight Board filed a third order in respect of this motion, with a presentment date of August 22, 2017 [ECF 1063]. As used herein, the term "Interim Compensation Order" shall mean any order entered by the Court with respect to this motion, or any other applicable order governing compensation procedures in these title III cases.

[4] *Order Granting Interpleader, Staying Pending and Future Litigation Against the Bank of New York Mellon, as Trustee Pursuant to 28 U.S.C. § 2361, and Granting Related Relief*, Bank of New York Mellon v. Puerto Rico Sales Tax Financing Corporation ("COFINA"), et al., Case No. 17-001330-LTS (May 30, 2017) [ECF 110]. The term "Disputed Funds" as used herein shall have the definition ascribed to it in the Interpleader Order.

Commonwealth and COFINA or any of their other Debtor-affiliates."[5] In August 2017, the Court entered the Stipulation and Order, thereby establishing procedures to resolve this Commonwealth-COFINA Dispute. By the Stipulation and Order, the Oversight Board authorized the Agents to act as a representative of its respective Debtor, while also imposing on each Agent duties of good faith, care, and loyalty to its respective Debtor. Pursuant to the Stipulation and Order, and the relevant portions of PROMESA,[6] the Oversight Board conferred its rights to the Agents, including the COFINA Agent.

2. Section 105 of PROMESA provides that "The Oversight Board, its members, and its employees shall not be liable for any obligation of or claim against the Oversight Board or its members or employees or the territorial government resulting from actions taken to carry out this chapter." As the approved agent appointed by the Oversight Board, the COFINA Agent should enjoy this protection—a result otherwise would needlessly encumber the COFINA Agent with the threat of litigation.

3. This Court should confirm at the outset of the COFINA Agent's involvement in this matter that the protections from liabilities provided to the Oversight Board under PROMESA Section 105 are among the rights conferred on the COFINA Agent and her employees pursuant to the Stipulation and Order. Such a confirming order is consistent with the Stipulation and Order's language, and would confirm the COFINA Agent's rights and role as representative of COFINA. Additionally, such confirmation would provide comfort to the COFINA Agent and her employees, thereby allowing them to more fully and faithfully execute

---

[5] *Motion of Debtors for Order Approving Procedure to Resolve Commonwealth-COFINA Dispute* [ECF 303], at ¶ 32.

[6] 48 U.S.C. §§ 2101 – 2241.

her mandate of working toward a resolution of the Commonwealth-COFINA Dispute without the threat of litigation from parties looking to advance their parochial interests.

4. In furtherance of assuring that the COFINA Agent is best positioned to fulfill her mandate, this motion has two additional objectives. First, while the Stipulation and Order expressly approved the COFINA Agent's retention of Willkie Farr & Gallagher LLP and Klee, Tuchin, Bogdanoff & Stern LLP, and provided that the COFINA Agent may "retain legal and other professionals [she] reasonably deems appropriate," out of an abundance of caution the COFINA Agent seeks approval of its retention of Navarro-Cabrer as local counsel. The second objective is clarification regarding the payment of the Agent/Professional Fees. Accordingly, the COFINA Agent requests that the Court enter an order directing that the Agent/Professional Fees be paid pursuant to the Interim Compensation Order or any other order of the Court either: (a) by COFINA (or, at COFINA's request, BNYM); or (b) if COFINA or BNYM do not or cannot pay the Agent/Professional Fees for any reason within the time periods required by the Interim Compensation Order or other order of the Court, by the Commonwealth within five (5) business days of being provided with written notice by the COFINA Agent or the affected professional that such Agent/Professional Fees have not so been paid.

## RELIEF REQUESTED

5. Pursuant to 11 U.S.C. § 105(a), which has been incorporated into PROMESA pursuant to 48 U.S.C. § 2161, the COFINA Agent, through her undersigned counsel, asks that the Court enter an order: (i) confirming that the protections provided to the Oversight Board pursuant to 48 U.S.C. § 2125 apply to the COFINA Agent and her employees with respect to the COFINA Agent's execution of her duties as provided in the Stipulation and Order; (ii) approving the COFINA Agent's employment and retention of Navarro-Cabrer; and (iii) clarifying that the

- 4 -

Agent/Professional Fees shall be paid pursuant to the Interim Compensation Order or any other order of the Court either: (a) by COFINA (or, at COFINA's request, BNYM); or (b) if COFINA or BNYM do not or cannot pay the Agent/Professional Fees for any reason within the time periods required by the Interim Compensation Order or other order of the Court, by the Commonwealth within five (5) business days of being provided with written notice by the COFINA Agent or the affected professional that such Agent/Professional Fees have not so been paid.

## BASIS FOR RELIEF

6. Section 105(a) of the Bankruptcy Code provides:

> "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the Court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement Court orders or rules, or to prevent an abuse of process."

7. Section 105(a) of the Bankruptcy Code is incorporated into PROMESA pursuant to 48 U.S.C. § 2161. Section 105(a) is a catch-all provision that permits a Court to exercise its equitable powers to carry out the provisions of the Bankruptcy Code, and enforce its own orders. See In re Trudeau, 2015 WL 5095905, at *3 (B.A.P. 1st Cir. 2015). As discussed below, the COFINA Agent respectfully requests that this Court use its authority pursuant to section 105(a) of the Bankruptcy Code to enter an order confirming that the Stipulation and Order provides the protections of 48 U.S.C. § 2125 to the COFINA Agent.

### A. The COFINA Agent is Entitled to the Protections of 48 U.S.C. § 2125

8. In seeking to resolve the Commonwealth-COFINA Dispute, the Oversight Board, as representative of the title III Debtor COFINA, authorized the COFINA Agent to serve as the COFINA representative to litigate and/or settle the Commonwealth-COFINA Dispute on behalf

- 5 -

of COFINA.[7] Given the importance of the Commonwealth-COFINA Dispute to the restructuring of the Commonwealth and its instrumentalities or affiliates of the title III debtors—to say nothing of the numerous internal and external disagreements between the interested parties—this Court should ensure that the COFINA Agent and her employees have the same protections as the Oversight Board under 48 U.S.C. § 2125, which will best enable her to carry out her duties in resolving the Commonwealth-COFINA Dispute. Accordingly, the COFINA Agent seeks confirmation that the Stipulation and Order provides her and her employees with the same protections from liability provided for the Oversight Board. Confirming that PROMESA Section 105's protections cover the COFINA Agent and her employees would be consistent with the COFINA Agent's role as the agent appointed by the Oversight Board to serve as a representative of COFINA (a representative role that would otherwise be served by the Oversight Board). In the event the Court determines the Stipulation and Order does not already provide the COFINA Agent with PROMESA Section 105 protections, the COFINA Agent respectfully submits that this Court is authorized to (and should) extend such protections to the COFINA Agent and her employees under its equitable powers.

9. Pursuant to Section 4(f) of the Stipulation and Order: "Each Agent shall have the rights of its respective debtor solely in respect of the conduct of the litigation and settlement of the Commonwealth-COFINA Dispute." Absent the Stipulation and Order, the "respective debtor" would be COFINA, as represented by the Oversight Board. The Oversight Board's rights in respect of the conduct of the litigation and settlement of the Commonwealth-COFINA Dispute would include those in PROMESA Section 105. The COFINA Agent respectfully

---

[7] *See Stipulation and Order*, at ¶ 4(b).

submits that the Stipulation and Order gives the COFINA Agent and her employees, as representative of COFINA, the protections of 48 U.S.C. § 2125.

10. Although the COFINA Agent believes the Stipulation and Order already provides her with these protections, out of an abundance of caution, the COFINA Agent seeks confirmation that 48 U.S.C. § 2125 applies to her actions in her capacity as COFINA Agent. The need for this confirmation arises from one potential interpretation of PROMESA Section 105; namely, that the COFINA Agent does not enjoy PROMESA Section 105's protections because "agents" are not specifically named as being exempt from liability. Despite this apparent gap in drafting, the COFINA Agent should receive the same protections as the Oversight Board. As discussed above, any gap—to the extent there is one—has been filled by this Court pursuant to the Stipulation and Order. Additionally, the COFINA Agent has assumed rights of the Oversight Board to take certain actions. In appointing the COFINA Agent, the Oversight Board exercised its authority pursuant to section 48 U.S.C. § 2124(b), which allows an agent appointed by the Oversight Board "to take any action that the Oversight Board is authorized to take by this section." Expecting the COFINA Agent to fully step into the shoes of the Oversight Board without the corresponding statutory protections for its actions would needlessly encumber the COFINA Agent with the threat of future litigation. Such a result reads 48 U.S.C. § 2124(b) and 48 U.S.C. § 2125 as being in conflict, rather than complementary provisions that ensure representatives and agents acting on behalf of the Oversight Board are not effectively limited by the threat of litigation in "taking any action" that the Oversight Board would be authorized to take.

11. This Court would be well within its power pursuant to 11 U.S.C. § 105(a) to enforce its own Stipulation and Order by issuing a clarifying order that resolves any doubt as to

the applicability of PROMESA Section 105 to the COFINA Agent (or, in the alternative, granting the COFINA Agent this protection through its equitable powers). The COFINA Agent has spoken to counsel for the Oversight Board regarding this request for relief, and the Oversight Board's counsel did not express any objection.

### B. The Appointment of Local Counsel Pursuant to the Stipulation and Order Should Be Confirmed

12. The Stipulation and Order contemplates that the COFINA Agent will promptly commence litigation in this Court, and authorizes her to retain such advisors as are necessary to meet her responsibilities.[8] The Local Rules of the District Court for the District of Puerto Rico require the COFINA Agent to retain Puerto Rico counsel to appear in litigation in this forum.[9] While the Stipulation and Order expressly approved the COFINA Agent's retention of Willkie Farr & Gallagher LLP and Klee, Tuchin, Bogdanoff & Stern LLP, the Stipulation and Order did not identify and authorize the employment of any particular local counsel. The COFINA Agent has now identified and entered into an engagement letter with the Navarro-Cabrer Law Offices with the matter to be led by Nilda M. Navarro-Cabrer. The COFINA Agent requests that this Court confirm its employment on the same basis as her existing counsel, Willkie Farr & Gallagher LLP and Klee, Tuchin, Bogdanoff & Stern LLP, without need for further application or order in this Court.

### C. The Agent/Professional Fees Should Be Paid

13. Section 4(d) of the Stipulation and Order provides "the COFINA Agent and its retained advisors…shall be compensated by the Debtor on whose behalf they are acting, in conformity with PROMESA section 316 and any interim compensation procedures ordered by

---

[8] *See Stipulation and Order*, at ¶ 4(d).

[9] *See* P.R. LBR 83(A)(f)(1).

the Court[.]" Here, it is not clear whether COFINA will have access to sufficient funds to timely make payment of the Agent/Professional Fees as and when required by the Interim Compensation Order or other orders of the Court.[10] In order to ensure that payment of the Agent/Professional Fees are not at risk, the COFINA Agent respectfully requests that the Court order that the Agent/Professional Fees be paid pursuant to the Interim Compensation Order or any other order of the Court either: (a) by COFINA (or, at COFINA's request, BNYM); or (b) if COFINA or BNYM do not or cannot pay the Agent/Professional Fees for any reason within the time periods required by the Interim Compensation Order or other order of the Court, by the Commonwealth within five (5) business days of being provided with written notice by the COFINA Agent or the affected professional that such Agent/Professional Fees have not so been paid.

14. The Commonwealth-COFINA Dispute is a "gating issue" in part because of a potential winner-take-all resolution: absent a negotiated resolution, it is likely that either all of the Pledged Sales Taxes are property of COFINA or it is all property of the Commonwealth. While the COFINA Agent believes it is unlikely that a resolution of the Commonwealth-COFINA Dispute will leave COFINA unable to pay the Agent/Professional Fees, it is a possibility acknowledged by the Oversight Board.[11]

15. The COFINA Agent and professionals working on her behalf need assurance that in the unlikely event that COFINA cannot pay the Agent/Professional Fees for any reason,

---

[10] The property from which the COFINA Agent and her professionals would have their Agent/Professional Fees paid is currently being held in trust subject to the Interpleader Order. The Interpleader Order requires BNYM to "hold the entirety of the Disputed Funds in the existing accounts into which they have been deposited, on behalf of the party or parties ultimately determined by the Court to be entitled to the Disputed Funds." *See* Interpleader Order, at ¶ 2. The COFINA Agent and her professionals hereby reserves the right to seek payment of the Agent/Professional Fees pursuant to section 506(c) of the Bankruptcy Code.

[11] *Response of Debtors to Mutual Fund Group's Limited Objection to Debtors' Motion to Establish Procedures for Interim Compensation* [ECF 876], at ¶¶ 2-3.

including following the resolution of the Commonwealth-COFINA Dispute, their efforts will not go uncompensated. As the Oversight Board has stated, "COFINA's Title III case cannot be prosecuted without its Professionals, including counsel to the COFINA Agent."[12] When addressing the possibility of COFINA lacking assets to pay its professionals following the resolution of the Commonwealth-COFINA Dispute, the Oversight Board stated "if COFINA does not pay the allowed administrative expenses against it, the Commonwealth should do so because COFINA is its instrumentality."[13] The COFINA Agent has discussed this request for relief with counsel to the Oversight Board, and the Oversight Board's counsel did not express any objection.

## CONCLUSION

For the reasons set forth above, the COFINA Agent respectfully requests that the Court enter an order granting this motion and the relief requested herein.

---

[12] *Id.* at ¶ 2.

[13] *Id.* at ¶ 3.

Dated: August 21, 2017
San Juan, Puerto Rico

Respectfully submitted,

/s/ Nilda M. Navarro-Cabrer

Nilda M. Navarro-Cabrer
**NAVARRO-CABRER LAW OFFICES**
El Centro I, Suite 206
500 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Telephone: (787) 764-9595
Facsimile: (787) 765-7575

*Local Counsel to the COFINA Agent*

/s/ Matthew A. Feldman

Matthew A. Feldman (*pro hac vice* pending)
Joseph G. Minias (*pro hac vice* pending)
Paul V. Shalhoub (*pro hac vice* pending)
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
Fax: (212) 728-8111

*Counsel to the COFINA Agent*

/s/ Kenneth N. Klee

Kenneth N. Klee (*pro hac vice* pending)
Daniel J. Bussel (*pro hac vice* pending)
Jonathan M. Weiss (*pro hac vice* pending)
**KLEE, TUCHIN, BOGDANOFF & STERN LLP**
1999 Avenue of the Stars
39th Floor
Los Angeles, California 90067
Telephone: (310) 407-4000
Facsimile: (310) 407-9090

*Special Municipal Bankruptcy Counsel to the COFINA Agent*