```
UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO
```
------------------------------------------------------------x

In re:                                                                              PROMESA
                                                                                    Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of                                         No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO,                                                    (Jointly Administered)
et al.,

              Debtors.[1]

------------------------------------------------------------x

MEMORANDUM ORDER GRANTING IN PART
MOTION OF MARIA J. MARCHAND SÁNCHEZ FOR RELIEF FROM STAY (DOCKET ENTRY NO. 784)

        Before the Court is a motion filed by Maria J. Marchand Sánchez (the "Movant") for relief from the automatic stay imposed by the filing of the above-captioned Title III case in a forfeiture lawsuit commenced on January 4, 2017 in the Court of First Instance for the Municipality of San Juan, captioned Real Legacy Assurance Company Inc. v. ELA, KAC2017-0005 (the "Lawsuit"), by Real Legacy Assurance Company, Inc. ("Real") and Popular Auto, Inc. ("Popular") against the Commonwealth of Puerto Rico (the "Commonwealth"), contesting the forfeiture of Movant's vehicle. Movant is not a party to the Lawsuit but filed a request to intervene in the Lawsuit after the above-captioned Title III proceeding was commenced. For the

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

following reasons, the Motion is granted in part and the stay is lifted solely to permit Movant to proceed with her motion to intervene in the Lawsuit and to permit all necessary forfeiture determination proceedings in the Lawsuit prior to entry of judgment.

BACKGROUND

Movant, who is not a named party in the Lawsuit, which contests the forfeiture of Movant's automobile, seeks relief from the automatic stay to proceed with her motion to intervene in the Lawsuit. (Case No. 17-3283, Docket Entry No. 784, Motion for Relief of Stay (the "Motion"), ¶¶ 1-3.) Real, the insurer of Movant's automobile and Popular, the secured creditor of Movant's automobile, commenced an action against the Commonwealth alleging that the seizure of Movant's automobile was illegal and violated Puerto Rico's Uniform Forfeiture Act of 2011. (Id.) On June 2, 2017, Movant filed a motion to intervene in the Lawsuit. (Id. ¶ 4.)

On August 11, 2017, the Commonwealth filed a response ("Response") to the Motion. (Case No. 17-3283, Docket Entry No. 1011.) Movant did not file a reply to the Commonwealth's Response. In the Commonwealth's Response, the Commonwealth consents to a partial modification of the automatic stay solely to permit the Movant to proceed with her request to intervene in the Lawsuit and for necessary forfeiture-determination proceedings prior to entry of judgment in the Lawsuit. (See Response, ¶¶ 4 & 6.) The Commonwealth requests that the stay remain in place in all other respects, including the entry of and the satisfaction of any judgment against the Commonwealth. (Id.)

DISCUSSION

Section 362(a) of the Bankruptcy Code, made applicable by Section 301(a) of PROMESA, 48 U.S.C. § 2161, imposes an automatic stay on "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . ." 11 U.S.C. § 362(a)(1); see also PROMESA § 301(a) (incorporating 11 U.S.C. § 362 into Title III cases). Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e,g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

Movant has demonstrated that some of the Sonnax criteria weigh in her favor with respect to the continuation of the Lawsuit. In particular, the Lawsuit could resolve the question of whether the Commonwealth is entitled to the forfeiture of Movant's vehicle. As indicated by the Commonwealth's assent to partial relief from the automatic stay, allowing the Lawsuit to proceed to a determination of the intervention and forfeiture issues would not interfere with the

Title III case. To the extent relief from the automatic stay may be required to achieve a final resolution of the issues raised in the Lawsuit, the parties thereto may seek further stay relief at an appropriate future point in time pursuant to the stay relief protocol approved by this Court.

Accordingly, the Court concludes that Movant has demonstrated that cause exists for the automatic stay to be lifted to the extent set forth above.

## CONCLUSION

For the foregoing reasons, the stay of the Lawsuit is lifted solely to allow Movant to proceed with her request to intervene in the Lawsuit and for all necessary forfeiture-determination proceedings prior to the entry of judgment in the Lawsuit. The stay shall remain in place in all other respects. This decision is without prejudice to the parties' right to seek further relief from the automatic stay in the future pursuant to the stay relief protocol approved by this Court. This Memorandum Order resolves docket entry no. 784 in case no. 17-3283.

SO ORDERED.

Dated: August 22, 2017

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge