UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO

*As representative of*

| | |
|---|---|
| COMMONWEALTH OF PUERTO RICO | Bcy. No. 17-03283-LTS |
| *ET AL.* | Jointly administered |
| Debtor | TITLE III, PROMESA ACT |

------------------------------------------------------

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO

*As representative of*

| | |
|---|---|
| EMPLOYEES RETIREMENT SYSTEMS OF | Bcy. No. 17-3566-LTS |
| THE GOVERNMENT OF THE COMMONWEALTH | |
| OF PUERTO RICO ("ERS") | (Joint Administration Requested) |

------------------------------------------------------

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO

*As representative of*

| | |
|---|---|
| PUERTO RICO HIGHWAY AND | Bcy. No. 17-03567-LTS |
| TRANSPORTATION AUTHORITY | TITLE III, PROMESA ACT |
| Debtor | |
| | (Joint Administration Requested) |

------------------------------------------------------

MOTION TO REVIEW AND STAY DEBTOR'S REPRESENTATIVE
TO DEPRIVE THE COMMONWEALTH OF INTERNAL REVENUE
(REFILED AS PERMITED)

1

TO THE HONORABLE COURT:

NOW COME Interamericas Turnkey, Inc. [1], through undersigned counsel, and respectfully states and prays:

1.- Debtor's representative in these cases: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO (hereinafter the "BOARD") has proposed that the salaries of public employees be cut by 20% and that their Christmas bonuses be cut as well (they are part of their income).

2.- The BOARD has legislative powers pursuant to PROMESA section 202(e)(3).

3.- The action contemplated by the BOARD will reduce the internal revenue of the Commonwealth of Puerto Rico by reducing the collection of income tax and sales taxes ("IVU" by its Spanish acronym).

4.- All classes of creditors will be adversely affected because the reduction in the amount collected in taxes, the less the eventual payout to creditors in going to be.

5.- The payment Plan to be finally approved by the Honorable Court will have a pre-determination, a rule of decision, *supra,* for approval of the Plan provided for by the Board.

6.- The legislative department, in this case the Board, CANNOT PROVIDE A RULE OF DECISION ON A PENDING CASE. It is a violation of the separation of powers under the United States Constitution: *United States v. Klein,* 80 U.S. 138.

7.- The legislative action of the Board also faces other infirmities under the Equal Protection Clause of the Vth Amendment to the United States Constitution: public employees are the only group of employees to be taxed by a surtax of 20% of their gross

---

[1] Eminent domain creditor of the Puerto Rico Highways and Transportation Authority, that has appeared in Bcy. No. 17-3567-LTS.

2

income, a tax that is confiscatory and, therefore, a further violation of the Vth Amendment of the United States Constitution.

8.- It is commendable the preoccupation of the Board with the liquidity of the Treasury of the Commonwealth of Puerto Rico, nevertheless there are other measures that can be implemented to assure the cash flow of the Commonwealth. One of such measures is the implementation of on or various actions by the United States Treasury.[2]

9.- In case some kind of *interim* financial instrument or structure is needed, this Honorable Court can grant super priority to any Federal Reserve Bank for any outlays of moneys under 11 USC 507(a)(2)[3] which was specifically in PROMESA, section 301(a).

IT IS THEREFORE respectfully requested that this Honorable Court GRANT a temporary stay of any legislative action by the BOARD to reduce the COMMONWEALTH Internal Revenue, which would have to be approved in due course by this Honorable Court, but this Court cannot do that pursuant to Puerto Rico Federal Relations Act 48 USC 872 par.2: *No suit for the purpose of restraining the assessment or collection of any tax imposed by the laws of Puerto Rico shall be maintained in the United States District Court for the District of Puerto Rico.*

In San Juan, Puerto Rico, this 25th day of August, 2017.

/s/MAXIMILIANO TRUJILLO-GONZALEZ, ESQ.
US DC PR No. 122208
PMB 429
100 Grand Paseos Blvd Suite 112
San Juan PR 00926-5902
787-438-8802

---

[2] See: Aníbal Acevedo-Vilá, "With Plenary Powers Comes Plenary Responsibility. Puerto Rico Economic and Fiscal Crisis and the United States, 85 *Revista Jurídica de la Universidad de Puerto Rico* 729, at page 745 with reference to Section 14(2) Of. the Federal Reserve Act.

[3] The clear intention of Congress was for this remedy to be available to the case at bar, since subsection 507(a)(2) *is the only of all those included in section 507 that was included in PROMESA.*

3

maxtruj@gmail.com

CERTIFICATE OF SERVICE

The present document shall be sent, via the electronic system of the Clerk of the U.S. Bankrupty Court, to attorneys for petitioner: Mr. Hermann D. Bauer-Alvarez, Esq., O'Neill & Borges, Hermann.bauer@oneillborges.com, and Mr. Martin J. Bienenstock, Esq., Proskauer Rose LLP, mbienenstock@proskauer.com; and to Ms. Monsita Lecaroz, Esq., Office of the United States Trustee, Puerto Rico Division; and all other parties in the electronic system of the U.S. Bankruptcy Court. Those parties included in the master address list will be served by first class U.S. mail.

In San Juan, Puerto Rico, this 25th day of August, 2017.

/s/Maximiliano Trujillo-González, Esq.