PROPOSED ORDER

UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO

*As representative of*

| | |
|---|---|
| COMMONWEALTH OF PUERTO RICO | Bcy. No. 17-03283-LTS |
| *ET AL.* | Jointly administered |
| Debtor | TITLE III, PROMESA ACT |

------------------------------------------------------

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO

*As representative of*

| | |
|---|---|
| EMPLOYEES RETIREMENT SYSTEMS OF | Bcy. No. 17-3566-LTS |
| THE GOVERNMENT OF THE COMMONWEALTH | |
| OF PUERTO RICO ("ERS") | (Joint Administration Requested) |

------------------------------------------------------

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO

*As representative of*

| | |
|---|---|
| PUERTO RICO HIGHWAY AND | Bcy. No. 17-03567-LTS |
| TRANSPORTATION AUTHORITY | TITLE III, PROMESA ACT |
| Debtor | |
| | (Joint Administration Requested) |

------------------------------------------------------

1

ORDER TO SHOW CAUSE

Interamericas Turnkey, Inc.[1], filed a Motion for the Court (this case docket no. 228) to review and stay a determination of the debtor's representative: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, hereinafter the "Board" to require the Government of Puerto Rico cut 2 days wage-income for all employees of the Executive Branch, as well as the retirement benefits of retirees.

The BOARD has legislative powers pursuant to PROMESA section 202(e)(3).

Moving creditor alleges that said action by the BOARD will reduce the internal revenue of the Commonwealth of Puerto Rico by reducing the collection of income tax and sales taxes ("IVU" by its Spanish acronym), and that all classes of creditors will be adversely affected because the reduction in the amount collected in taxes, the less the eventual payout to creditors in going to be.

Moving creditor further alleges that the payment Plan to be finally approved by this Court will have a pre-determination, a rule of decision, *supra,* for approval of the Plan predetermined by the Board. And that the legislative department, in this case the Board, CANNOT PROVIDE A RULE OF DECISION ON A PENDING CASE. *United States v. Klein,* 80 U.S. 138 (citation by movant).

Moving creditor further alleges that the legislative action of the Board also faces other infirmities under the Equal Protection Clause of the Vth Amendment to the United States Constitution: public employees are the only group of employees to be taxed by a

---

[1] Foot note from movant: Eminent domain creditor of the Puerto Rico Highways and Transportation Authority, that has appeared in Bcy. No. 17-3567-LTS.

2

surtax equivalent to two (2) worth their monthly gross income, a tax that is confiscatory and, therefore, a further violation of the Vth Amendment of the United States Constitution.

Moving creditor further alleges that it is commendable the preoccupation of the Board with the liquidity of the Treasury of the Commonwealth of Puerto Rico, nevertheless there are other measures that can be implemented to assure the cash flow of the Commonwealth. One of such measures is the implementation of one or various actions by the Federal Reserve Banks.[2] and that any such action should be granted priority under under 11 USC 507(a)(2)[3] which is specifically authorizied in PROMESA, section 301(a).

IT IS THEREFORE ORDERED that the debtor`s representative: the Board show cause, withing _____ days of the entry of this Order, why the Court GRANT should not issued a temporary stay of any action taken by the BOARD to reduce the Commonwealth of Puerto Rico Internal Revenue, by forcing a two (2) days monthly furlough of the employees of the Executive Branch.

DATED:_____

/s/Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Court

---

[2] Foot note from movant: See: Aníbal Acevedo-Vilá, "With Plenary Powers Comes Plenary Responsibility. Puerto Rico Economic and Fiscal Crisis and the United States, 85 *Revista Jurídica de la Universidad de Puerto Rico* 729, at page 745 with reference to Section 14(2) of the Federal Reserve Act.

[3] Foot note from movant: The clear intention of Congress was for this remedy to be available to the case at bar, since subsection 507(a)(2) *is the only of all those included in section 507 that was included in PROMESA.*

3