UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>   Debtor | PROMESA<br><br>TITLE III<br><br><br>NO: 17 BK 3283-LTS |

**MOTION FOR RELIEF FROM STAY**

COMES NOW, Popular Auto LLC through the undersigned counsel and respectfully moves the Court for an Order pursuant to 11 U.S.C. § 362 for relief from the Automatic Stay and in support states and prays as follows:

**FACTS**

1. On June 8, 2017, Popular Auto LLC (Plaintiff) filed a complaint against the Commonwealth of Puerto Rico (Commonwealth) before the Court of First Instance for the Municipality of San Juan ("Court of First Instance"), under 34 LPRA §1724 ss, also known as Uniform Forfeiture Act of 2011[1], to contest the forfeiture of Plaintiff automobile, case number K AC2017-0489.

2. The automobile was occupied on March 31, 2017 and seized on April 18, 2018 for alleged violation of Article 215 of Law 146-2012, Article 2.23 of Law 22-2000,

---
[1] Law 119-2011.

1

Article 4(i) of Law 253-1995 at San Juan, Puerto Rico.

3. In the complaint, Plaintiff's main allegation consist in that the forfeiture is illegal, null and void as the Commonwealth failed to notify the forfeiture within the jurisdictional term of thirty (30) days, commencing from the date of the seizure of the automobile, and as result the Commonwealth violated Plaintiffs due process rights under both the Commonwealth and the United States Constitution.

4. The Puerto Rico Supreme Court doctrine regarding the interpretation of the Uniform Forfeiture Act of 2011 is that the seizure/forfeiture is null and void *ab initio* and the vehicle or its value must be returned to its owner in any case were the forfeiture was notified past the thirty (30) day jurisdictional term established by the law.

5. Immediately after being notified, and the filing of the complaint, the Commonwealth was summoned on July 9, 2017, well within the time frame period thirty days (30)-(jurisdictional) imposed by the Uniform Forfeiture Act of 2011.

6. On June 27, 2017, the Commonwealth filed a motion with the Court of First Instance, San Juan Part, seeking the enforcement of the automatic stay, claiming the application the Puerto Rico Oversight Management and Economic Stability Act ("PROMESA"), 48 USC §2101 et. Seq. and the Commonwealth bankruptcy proceeding under Title III of PROMESA, case no 17-1578 asserting that the filing of the petition has the effect of the Automatic Stay provisions under 11 USC 362 and 922 and Section 301(a) of PROMESA.

7. The Automatic Stay of case KAC2017-0489 should be lifted for cause pursuant to 11 USC §362(d)(1), including but not limited to lack of adequate protection.

8. At the time of filing this Motion, the Commonwealth does not have property

2

interest in the vehicle, as the property can only be transferred to the Commonwealth's Forfeiture Board if none of the persons notified of the forfeiture has filed the corresponding complaint to contest said forfeiture within thirty (30) days after the receipt of the notice. See Article 18 of the Uniform Forfeiture Act of 2011, 34 L.P.R.A. § 1724o.

## DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, *supra,* allows this Court to grant relief from the automatic stay "for cause". Even though "cause" is not defined in any section the United States Bankruptcy Code, this district and this Court have relied on the factors enumerated by the Second Circuit in **In re Sonnax Indus, Inc.**, 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax") to determine whether cause exists to lift the bankruptcy stay. See, e,g., **Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla**, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax) Docket entries no. 746, 620, 617, 600. Of the twelve (12) factors identified by the Sonnax Court, the following are of particular relevance to the Litigation at hand: (a) "Whether the relief will result in a partial or complete resolution of the issues"; (b) "lack of any connection with or interference with the bankruptcy case"; (c) "the interests of judicial economy and the expeditious and economical resolution of litigation"; (d) "whether the parties are ready for trial in the other proceeding"; and (e) the "impact of the stay on the parties and the balance of harms." Sonnax, *supra,* at 1286.

The Litigation meets the criteria of all five (5) of the Sonnax factors mentioned above. The Litigation would resolve the question of whether the forfeiture was legal under the Uniform Forfeiture Act of 2011 and if Plaintiffs constitutional due process rights were

violated. The seized automobile is not part of the bankruptcy estate, as the Commonwealth does not have property interest in the vehicle; therefore, the Litigation lacks any connection to the Petition. Although, the Litigation is not in an advanced stage the matter could be resolved via a Motion for Summary Judgment; thus, demonstrating that the interests of judicial economy, and of the expeditious resolution of litigation, are best served by permitting the Litigation to proceed in the Court of First Instance. Also, allowing the Litigation to proceed will cause absolutely no harm to the Commonwealth, as Plaintiffs only seeks for the automobile to be returned or paid if been disposed of. Finally, the only potential impact of the Litigation to the Commonwealth would be minor, as the defense costs will be incurred by the Commonwealth's Department of Justice; therefore, the balance of harms tips heavily in favor of Plaintiff.

WHEREFORE, Movant respectfully requests that the Court enter an order granting relief from the automatic stay allowing Movant to continue to contest the forfeiture of her automobile currently pending in the Court of First Instance and to pursue such additional actions as may be necessary with respect to her automobile and for such other and further relief as the Court deems proper.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY: That on this same date, we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF Filing system which will send a notification of such to the parties of record and to all interested subscribed users and by certified mail to Nancy Morales Cruz, Esq., attorney for the Department of Justice in the KAC2017-0489 case, to her address, Departamento de Justicia, División de Confiscaciones, PO Box 9020192, San Juan, PR 00902,0192.

RESPECTFULLY SUBMITTED

At San Juan, Puerto Rico, this 25th day of August, 2017.

*S/ Ricardo R. Pérez Pietri*
Ricardo R. Pérez Pietri
USDC-PR No: 126513
Attorney for Popular Auto, LLC
Practical Legal Solutions, PSC
PO Box 190743
San Juan, PR 00919-0743
Tel. (787) 792-7013
Fax (787) 792-8520
e-mail: rperez@ppdrlaw.com