# EXHIBIT C

# ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP

1801 K STREET, N.W., SUITE 411 L
WASHINGTON, D.C. 20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

Gary A. Orseck  (202) 775-4504
gorseck@robbinsrussell.com

June 14, 2017

*Via E-mail*

John J. Rapisardi  Martin J. Bienenstock
O'Melveny & Myers LLP  Proskauer Rose LLP
Time Square Tower  Eleven Time Square
7 Times Square  New York, NY 10036
New York, NY 10036

Re: *In re Commonwealth of Puerto Rico*, No. 17-bk-3283 (Bankr. D.P.R)

Dear Messrs. Rapisardi and Bienenstock:

I write in response to your June 13, 2017, letter. We are still in the process of reviewing that letter and exhibits, and will also review the material you have committed to upload to the data room.[1] When that exercise is complete, we will provide a point-by-point response to your letter, as appropriate. In the meantime, we note that you have refused to produce many categories of requested documents on the basis of objections that are legally unfounded and inapplicable to this matter. We want to address those issues immediately, in advance of your June 15 report to the Court on the status of disclosure.

*First*, there is no basis to resist disclosure on the ground that Section 106 of PROMESA allows you to withhold from production any information used to create the Fiscal Plan (*e.g.*, Letter at 6). We do not concede that Section 106 grants the Board unreviewable discretion to certify any Fiscal Plan, regardless of its compliance with the terms of PROMESA. In any event, as Judge Swain acknowledged (*Peaje* Tr., June 5, 2017, at 21), a fundamental issue in this matter is whether a plan of adjustment proposed by the Oversight Board can be confirmed. See PROMESA § 314(b). And given that one of the requirements of confirmation is that a plan of adjustment be consistent with the Fiscal Plan, *id.* § 314(b)(7), both the Court and creditors must fully understand the latter to evaluate the former.

---

[1] For the avoidance of doubt, we construe your production of disclosure materials to the data room as a waiver of the provision in the Non-Disclosure Agreement that prohibits the use of information contained therein as part of this court proceeding.

Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP

J. Rapisardi and M. Bienenstock
June 14, 2017
Page 2

*Second*, you appear to take the position that any proposal or report that was not directly incorporated into the Fiscal Plan is irrelevant to this proceeding, regardless of when it was prepared, by whom, or for what purpose. See, *e.g.,* Letter at 4 (objecting to request for information prepared by prior administration), 15-16 (objecting to request for information prepared by current administration). That is wrong. Creditors are entitled to broad discovery,[2] including information adequate to allow creditors to evaluate any proposal of voluntary restructuring and to challenge as necessary any proposed plan of restructuring at confirmation. Moreover, the current Fiscal Plan builds upon earlier efforts. Indeed, your letter contends that you have provided meaningful information about Puerto Rico's fiscal situation because, you say, there is ample publicly available information that was similarly prepared before—and not explicitly included in—the current Fiscal Plan. You cannot have it both ways: if you choose to take credit for information not incorporated into the Fiscal Plan, then you cannot refuse production on that very ground.

*Third*, you assert that vast swaths of factual information regarding the Commonwealth's financial situation are subject to the deliberative process and executive privileges. Letter at 2, 4, 8, 9, 10, 11, 12, 13, 14, 15, 16. These privileges are extremely limited. Among other things, they protect only "advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997). The vast majority of the information covered by our requests is factual in nature or statements designed to explain and justify a decision already made, which fall well outside the scope of this very limited privilege. *Texaco PR., Inc. Dep't of Consumer Affairs*, 60 F.3d 867, 884-85 (1st Cir. 1995); *McCormick on Evidence* § 108n (7th ed.).

*Fourth*, you object to production of "proprietary" models prepared by any number of third party consultants. Letter at 2, 4, 5, 6, 7, 8, 9, 11, 12, 13, 16. You do not claim that these models are privileged or that they would not be subject to production if they had been prepared by employees of the Commonwealth. They do not become protected simply because your clients opted, in their discretion, to employ professional consultants rather than hire employees to perform the same work. Moreover, they are critical to understanding what you are (or will be) providing, which you characterize as simply "raw data."

We urge you promptly to reconsider the meritless objections you have asserted, which we address above. Please contact me if you would like to discuss further. Judge Swain clearly anticipated transparency in the sharing of financial information with creditors, and the Commonwealth's and the Board's approach has been anything but. If we cannot resolve these issues, we intend to seek an order from the court compelling production.

---

[2] We do not agree with your contention that Rule 2004 discovery is prohibited once any party has filed an adversary proceeding (Letter at 2-3). *See In re Buick*, 174 B.R. 299, 305 (Bankr. Colo. 1994). In any event, the requested information is plainly discoverable under Rules 7026 and 26. See Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . "); Fed. R. Bank. P. 7026 (incorporating Fed. R. Civ. P. 26).

J. Rapisardi and M. Bienenstock
June 14, 2017
Page 3

                                                Sincerely,

                                                /s/ Gary A. Orseck

                                                Gary A. Orseck