IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: THE FINANCIAL OVERSIGHT MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of THE COMMONWEALTH OF PUERTO RICO | CASE NO. 17-BK- 3283-LTS |

**MOTION REQUESTING LEAVE TO FILE NOTICE OF APPEAL
INSTANTER PURSUANT TO RULE 8002(d)(B)**

Comes now, Javier Mandry Mercado, pro se, declares and requests this Court to grant leave to file the attached notice for appeal for cause for the following reasons to justify excusable neglect:

1. Per Docket 712, this issued judgment on motion filed by this litigant regarding a motion to vacate (Docket 634). The judgment was considered a reconsideration of the original judgment (Docket 600). It <u>was not</u> notified by mail as required by Rule 9022-1[1] because I am a pro se litigant without filing privileges. Upon careful analysis, this issue to properly notify and to consider it a reconsideration/rehearing unjustly affects my right to appeal.

2. Per Docket 844, on August 2, 2017, this Honorable Court declared judgment considering motion filed per Docket 822 as a second reconsideration. The motion was filed on 7/25/2017 but not entered until 7/31 because the docket was busy. This judgment was mailed pursuant to Rule 9022-1 on 8/2/2017.

---

[1] See also Rule 5005-4(g)

3. Upon careful analysis of the bankruptcy rules and relevant law, this litigant believes that the issue has merit because it affects the obligations of the Commonwealth of Puerto Rico. However, per the strict requirement of the rules, Rule 8002(d)(2)(A) "*The bankruptcy court **may not extend the time** to file a notice of appeal if the judgment, order, or decree appealed from grants [of] relief from an automatic stay under **§362**, 922, 1201, or 1301 of the Code*"

4. Although judgment under Docket 600 falls within the category of Rule 8002(d)(2)(A), supra, it was not notified per Rule 9002-1 to this litigant, nor was I a party to the case at the time. Additionally, it is suggested that motion to vacate judgment (Docket 634) should be considered a motion for relief per Rule 9024[2] and for sanctions per Rule 9013-5; The motion filed under Docket 822 should then be a first reconsideration which was finally resolved by judgment on 8/2/2017.

5. In light that Rule 9006(f) allows for three additional days for mail service, it would make the notice for appeal timely.[3]

6. It is suggested that instead of notifying Docket 712 correctly, as the substance of the judgment would not vary, to grant an extension of time to file notice of appeal regarding the aforementioned, with whichever clarification this Court would consider necessary. Alternatively, it is requested that although the mailing date be considered timely considering that I cannot file electronically.

Wherefore, litigant requests this Court to grant extension of time to file notice of appeal per Rule 8002 and to consider the motions as requested above.

JAVIER E. MANDRY-MERCADO
1326 Calle Salud Apt 1101
Ponce, PR 00717

CERTIFICATE OF SERVICE: I hereby certify that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Office of the United States Trustee and to the attorneys of record.

---

[2] Rule 60 F.R.Civ.P. applies in cases under the Code
[3] August 2, 2017 + 3 days + 14 days = August 19, 2017 (Saturday) Next day per FRAP 26(a)(3). Mailed on due date.