# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>The Financial Oversight and Management Board for Puerto Rico,<br><br>as representative of<br><br>The Commonwealth of Puerto Rico, *et al.* | PROMESA Title III<br><br>No. 17-BK-3283-LTS |
| In re:<br>ARNALDO ORTIZ-ORTIZ V. AEELA., ET AL.<br>KPE2013-2721 (906) | 17-BK- 03566- LTS |

## MOTION FOR RELIEF OF AUTOMATIC STAY

TO THE HONORABLE COURT:

COMES NOW, movant, Arnaldo Ortiz-Ortiz, through the undersigned Counsel, and respectfully moves this Honorable Court for Relief from the Automatic Stay in the ongoing civil action against private company, Asociación de Empleados del Estado Libre Asociado ("AEELA") and Debtor civil no. KPE2013-2721 (906) before the Court of First Instance of Puerto Rico, San Juan Part:

### Jurisdiction

This Court has jurisdiction over this contested matter pursuant to the provisions of 28 USC Section 1334, 48 USC § 2161 and 11 USC § 362(d)(1).

### Preliminary Facts

1. On August 15th, 2015, movant filed a Civil Action against AEELA and its board of directors, alleging unlawful termination, political discrimination, retaliation and damages. Debtor was included as a Defendant under a cause of action pursuant of Article II, section 7 of the Constitution of the Commonwealth of Puerto Rico, which prohibits states and

1

territories from enacting laws to impair existing contractual obligations[1]. NO monetary compensation is requested against Debtor.

2. In the averments against Debtor, Movant requested the local Court to declare illegal and unconstitutional article 53G of Act 9 of 2013 (the "Act"). Movant's allegation is that this section of the Act impaired the contract obligations AEELA had assumed towards Movant as its Executive Director. As such, Section 53G states that:

> "the executive director appointed by the Board of Directors that this Law herein eliminates, will cease in all his functions immediately after the promulgation of this law"[2]

3. The effect of the Act was the immediate termination of Movant's employment contract.

4. Movant is not seeking any economic compensation from Debtor in his civil suit. Our only cause of action is to enforce a constitutional right.

5. On May 3rd, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") filed a petition on behalf of Debtor, commencing a case under Title III of PROMESA, triggering an automatic stay on creditor remedies against Debtor. 48 U.S.C. § 2161(a) (incorporating 11 U.S.C. §§ 362 and 922 into PROMESA).

6. On May 26th, 2017 Debtor filed a motion to stay of proceedings at the local Court.

7. Movant seeks the modification of the Automatic Stay under PROMESA Title III, "for cause" under §362(d)(1), to proceed to recover damages against AEELA in the civil

---

[1] Article II, section 7 of the Constitution of the Commonwealth is known as the Contract Clause that

[2] The Spanish version reads as follows: El Director Ejecutivo nombrado por la Junta de Directores eliminada en virtud de esta Ley, cesará en sus funciones inmediatamente con la aprobación de ésta

action before the Court of First Instance of Puerto Rico, case no. KPE2013-2721 (906) since no harm or economic impact will be imposed on the bankruptcy Debtor.

## Legal Argument

8.  Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for Cause."  In the case of *Brigade Leveraged Capital Structures Fund Ltd. v. Alejandro García-Padilla et al.*, 217 F. Supp. 3d 508, 517 (1st Cir. 2016), the First Circuit Court of Appeals expressed that certain circumstances might justify relief from the stay's significant and rigid effects, and established the governing standard for vacating the automatic stay "for cause" in the context of PROMESA, utilizing the factors set in *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2nd Cir. 1990).

9.  The twelve factors adopted by the court in *Sonnax* are:

> (1) whether relief would result in partial or complete issue resolution;
> (2) lack of connection with or interference with bankruptcy case;
> (3) whether other proceeding involves debtor as fiduciary;
> (4) whether specialized tribunal with necessary expertise has been established to hear cause of action;
> (5) whether debtor's insurer has assumed full defense responsibility;
> (6) whether the action primarily involves third parties;
> (7) whether litigation in another forum would prejudice interests of other creditors;
> (8) whether judgment claim arising from other action is subject to equitable subordination;
> (9) whether movant's success in other proceeding would result in a judicial lien avoidable by debtor;
> (10) interests of judicial economy and expeditious and economical resolution of litigation;
> (11) whether parties are ready for trial in other proceeding;
> (12) impact of stay on parties and balance of harms.

10.  Movant respectfully submits that the factorial analysis demonstrate the utter lack of justification for the imposition of stay. *Cf, Brigade Leveraged Capital Structures Fund v. Garcia Padilla*, 217 F. Supp. 3d 508 (D. PR 2016).  Our case involves a claim to protect

3

constitutional rights under the Constitution of the Commonwealth of Puerto Rico. This kind of constitutional right should not be subject to a stay intended to protect Debtor from creditors who have claims against the Commonwealth for monetary compensations.

11. Since the only claim against Debtor is the constitutionality of a Law, and not any economic damages, movant's claim will not interference with the PROMESA process, nor with Debtor's endeavors in the bankruptcy proceedings. The Relief of the Automatic Stay in this case, will not prejudice Debtor's as it does not impact the debtor economically under PROMESA.

12. As the legislative history of Sec. 362 shows, "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere". *In Re Lamberjack, 149 B.R. 467, 470 (Bankr. Ohio 1992).*

13. Our request is not uncharted territory. In *Cruz-Rodriguez v. Administracion de Correccion*, case No. 17-01464, visiting Judge William Young stated that the current situation in Puerto Rico is "unique and challenging" as it involves an operating government which must still respect constitutional rights. He said: "In Puerto Rico's unique circumstances, any overbreadth in the application of the automatic stay… may possibly transgress the constitutional rights of United States citizens. Let's be clear, the Commonwealth continues to be a viable government. Its citizens continue to enjoy all their constitutional rights… whatever may happen to their monetary claims against the Commonwealth".

14. This line of thinking has been followed by other Courts. Judge Gelpi has ruled that neither a *habeas corpus* claim nor a IDEA review of services to children are barred by

4

PROMESA. See *Antiles-Gabriel v. Commonwealth of Puerto Rico*, Civil No. 15-2108 and *Vazquez-Carmona v. Department of Education*, 2017 U.S. LEXIS 85077.

15. Furthermore, "Numerous Courts have permitted the stay to be lifted when the Movants are simply seeking to establish the fact and amount of the Debtor's liability and, as is this case the Movant has stipulated that any recovery will be sought from the Debtor's insurer or **co-defendant**". In Re Peterson, 116 B.R. 247, 250-251 (D. Colo. 1990). In such cases, "there can be no legitimate complaint that the estates will be dissipated by allowing the litigation to move forward". In Re 15375 Memorial Corp., 382 B.R. 652, 689 (Bankr. D. Del. 2008).

16. "Where, as here, the Plaintiffs have agreed that they will not seek any recovery from estate assets, there is no basis for continuing the automatic stay"; In re Grace Indus., Inc., 341 B.R. 399, 405 (Bankr.E.D.N.Y.2006); also see, In re Todd Shipyards Corp., 92 B.R. 600, (Bankr. D.N.J. 1988) ("Since the Movants only seek to litigate their claims and obtain proceeds through the Debtor's available insurance coverage and do not seek relief from the stay in order to attach the property of the Debtor, such relief does not interfere with the bankruptcy proceedings.")

17. Another factor that supports granting the motion to lift the stay is that the Puerto Rico State court litigation will not prejudice the interests of other creditors. Movants will not collect any sum from Debtor since his monetary claim is against another party, to wit, AEELA. Thus the other creditors in the bankruptcy case will not be harmed by granting this motion because Movant will not be able to enforce any judgment directly against the Debtor or its estate. See R.J. Groover Construction, 411 B.R. at 465; In re Loudon, 284 B.R. 106, 108 (8th Cir. B.A.P. 2002); In re; G.S. Distribution, Inc., 331 B.R. 552, 567-68 (Bankr. S.D.N.Y. 2005) (finding no prejudice to creditors from lifting the stay because Movant will

5

not be able to enforce judgment without permission of Bankruptcy Court); *In re 15375 Memorial Corp.,* 382B.R. at 690 (lifting the stay because Movants "recovery against available insurance proceeds will in no way negatively impact the rights of the handful of other creditors in these cases").

18. Also, when a different entity form Debtor is the one to respond economically (AEELA in our case), several courts have held that the automatic stay either does not apply or should be lifted when the claim is made only against insurance proceeds because it does not affect the Debtor economically. See *In Matter of Fernstrom Storage and Van Company*, 938 F.2d 731, 735 (7th Cir.1991), the court rejected the debtor's argument that the insurance proceeds were property of the estate. "Where, as here, the Plaintiffs have agreed that they will not seek any recovery from estate assets, there is no basis for continuing the automatic stay"; *In re Grace Indus., Inc.*, 341 B.R. 399, 405 (Bankr. E.D.N.Y. 2006); also see, *In re Todd Shipyards Corp.*, 92 B.R. 600, (Bankr. D.N.J. 1988) ("Since the Movants only seek to litigate their claims and obtain proceeds through the Debtor's available insurance coverage and do not seek relief from the stay in order to attach the property of the Debtor, such relief does not interfere with the bankruptcy proceedings.")

19. The process of evaluating whether there is sufficient "cause" to vacate the automatic stay is determined on a case-by-case basis, with the bankruptcy court having wide latitude in crafting relief from the automatic stay. *In re Kissinger*, 72 F. 3d 107, 108-109 (9th Cir. 1995); *In re Tucson Estates, Inc.*, 912 F. 2d 1162, 1166 (9th Cir. 1990). Once cause is shown for the relief from the stay, the burden shifts to the debtor to demonstrate that it is entitled to the stay. 11 U.S.C. § 362(g); *In re Marine Power & Equipment Company, Inc.*, 71 B.R. 925, 928 (W.D.Wash. 1987).

20. We respectfully submit that this Court should vacate the stay. The enforcement of the stay will subject movant to ongoing constitutional injury. The application of the stay to a case of this nature is completely inconsistent with the PROMESA purpose.

**WHEREFORE**, movant, respectfully requests that this Honorable Court Modify the Automatic Stay to allow the continuation of the civil action against AEELA before the Court of First Instance of Puerto Rico,.

### NOTICE PURSUANT TO RULE 9013-1(C)

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record.

I FURHER CERTIFY that on this date, I sent copy of this motion to the Court of First Instance.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 29th day of August of 2017.

S/Juan R. Dávila Díaz
Juan R. Dávila Díaz
USDC-PR 224209

134 Mayagüez
Hato Rey, PR 00917
Tel. (787)525-7417
Fax. (787)763-9595
E-Mail: davilajuanr@yahoo.com

8