UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | PROMESA |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Title III |
| As representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO<br>   Debtor. | |

**REQUEST FOR: RECONSIDERATION OF ORDER AT ECF NO. 1123; AND ENTRY OF ORDER UNDER 11 U.S.C. 105 (a)**

To the Honorable United States District Court Judge Laura Taylor Swain:

COMES NOW, María J. Marchand Sánchez ("Movant"), through the undersigned counsel, and very respectfully, states and prays as follows:

BACKGROUND

1. On July 28th, 2017, Movant appeared before the Court and filed a motion ("Motion") [ECF No. 784] to request relief from the automatic stay imposed by the filing of the above-captioned Title III case in a forfeiture lawsuit commenced on January 4, 2017 in the Court of First Instance for the Municipality of San Juan, captioned Real Legacy Assurance Company Inc. v. ELA, KAC2017-0005 ("Litigation"), by Real Legacy Assurance Company, Inc. ("Real Legacy") and Popular Auto, Inc. ("Popular") against the Commonwealth of Puerto Rico (the "Commonwealth"), contesting the forfeiture of Movant's vehicle. Movant is not a party to the Litigation but filed a request to intervene in the Litigation after the above-captioned Title III proceeding was commenced.

2. The Commonwealth was due to respond to the request by August 11, 2017, **while Movant had until reply by August 28, 2017**, as ordered by the Court. *See* ECF No. 818.

3. When the Motion was filed, the Commonwealth did not have property interest in the vehicle and was only the custodian of the property.

4. During the week of July 31st, 2017[1], and after the Motion was filed, the Commonwealth **sold Movant's vehicle at auction** (the "Postpetition Transaction"), even though in the Litigation Movant and the plaintiffs claimed: **(a) that the seizure was illegal, as the criminal complaint for the alleged violation was dismissed for lack of probable cause;** and (b) that the **Commonwealth failed to notify the forfeiture to Movant within the jurisdictional term** of thirty (30) days as of the date of the seizure of the property; **and as a result, claimed that the Commonwealth violated her due process rights under both the Commonwealth's and the United States Constitution**.

5. On August 11th, 2017, the Commonwealth filed a Response to the Motion ("Response") [ECF No. 1011]. In the Response, the Commonwealth informs the Court that it has no objection to a "partial lift of the Title III Stay in the Commonwealth's Title III case to let Ms. Marchand proceed with her claims." However, the Commonwealth failed to mention in the Response that the Postpetition Transaction had occurred and that it was made without approval from the Court.

6. On August 22nd, 2017, this Court entered the Order at ECF No. 1123 ("Order"), granting in part Movant's motion for relief of stay. This, before Movant's deadline for a reply expired.

---

[1] We have been unable to ascertain the exact date the vehicle was sold.

2

7. In the Order, the relief was granted in part and the stay was lifted solely to permit Movant to proceed with her motion to intervene in the Lawsuit and to permit all necessary forfeiture determination proceedings in the Lawsuit prior to entry of judgment.

## RELIEFS REQUESTED

Movant respectfully requests that this Court: (a) reconsiders the Order at ECF No. 1123 and enter an Order granting relief from the automatic stay, allowing all parties to continue to contest the forfeiture of her automobile currently pending in the Court of First Instance; and (b) enter an Order for the Oversight Board to declare null and void the Postpetiton Transfer and recover the vehicle.

## BASIS FOR RELIEF

**A. Reconsideration of Order**

In this matter, unfortunately, the Court entered the Order before Movant's deadline to reply expired. *See* ECF No. 818. Therefore, Movant was not granted her right to be heard. However, instead of asking the Court to abide by its *Order Scheduling Briefing*, and in the interest of judicial economy, we ask the Court to reconsider the Order on the same basis as we would have expressed in our Reply.

A motion for reconsideration is directed at allowing a court to correct its own errors. White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). The Court has established that such motion is an extraordinary remedy, which must be used sparingly. *See* ECF No. 1045; In re Pabon Rodriguez, 233 B.R. 212, 220 (Bankr. D.P.R. 1999), aff'd, 2000 WL 35916017 (B.A.P. 1st Cir. 2000), aff'd, 17 F. App'x 5 (1st Cir. 2001). However, when filing a Motion for Reconsideration, movant must clearly establish a "manifest

errors[sic] of law or fact, newly discovered or previously unavailable evidence, **manifest injustice**, and an intervening change in controlling law." Marie v. Allied Home Mortgage Corp., 402 F3rd at 7 (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed.1995)).

Although this Court has not precisely defined "manifest injustice", the term is commonly defined as "[a] direct, obvious, and observable error in a trial court ..." BLACK'S LAW DICTIONARY 1048 (9th ed.2009). *See* Grynberg v. Ivanhoe Energy, Inc 2010 WL 2802649 (D.Colo.2010). **"Where reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is 'apparent to the point of being indisputable.'"** Shirlington Limousine & Transp., Inc. v. United States, 78 Fed.Cl. 27, 31 (2007) (quoting Pacific Gas & Electric Co. v. United States, 74 Fed.Cl. 779, 785 (2006), *aff'd in part*, *rev'd* in part on other grounds, 536 F.3d 1282 (Fed.Cir.2008)).

We respectfully believe that this Court should reconsider the Order, as it constitutes a manifest injustice and the remedy granted in it only prolongs Movant's unjust situation. There is no doubt that the Commonwealth seized Movant's vehicle without probable cause and that, in the process of notifying the forfeiture, violated her and Popular's[2] due process rights under both the Commonwealth's and the United States Constitution. One can argue that the action taken by the Commonwealth constitutes a "taking", rather than a "forfeiture". Unfortunately, the Order only prolongs the legal uncertainty of the rights of all parties in the case and does not give way for the complete resolution of the issues. The Order also forces Movant to again ask for relief from the automatic stay if she seeks to enter a judgement against the Commonwealth and later file a proof of claim if a judgement is entered. All of this, at her cost and with no assurance of

---

[2] Represented in the Litigation by Real Legacy.

4

getting her vehicle back or, at least, payment of an amount equal to all of the appraisal value at the time of the seizure.[3]

These facts clearly demonstrate the manifest injustice criteria, as a wrong is being committed by the automatic application of the law. The Commonwealth has a right to the automatic stay of litigation, but that cannot give way for them to stomp its citizens' constitutional and property rights. This Court must remember, that Bankruptcy courts are inherently courts of equity, therefore bound by those principles. *See* Pepper v. Litton, 308 U.S. 295 (1939).

Movant's situation not only is obviously unfair but it shocks the conscience how her rights have been trampled one too many times regarding this matter. Therefore, we ask the Court to reconsider its stance on the Order and grant relief to the Litigation in its entirety. That is the only way to allow to the complete and just resolution of the Litigation.

**B. Entry of Order Under 11 U.S.C. 105 (a) for The Avoidance of the Postpetition Transfer:**

Section 549 (a) of Title 11 of the United States Code, made applicable in these proceedings by Section 301(a) of PROMESA, *supra*, allows the trustee to avoid a transfer of property by the debtor: **(1) that occurs after the commencement of the case**; and **(2)** that is authorized only under section 303(f) or 542(c) of this title; **or that is not authorized under this title[4] or by the court.** This Section provides a remedy to creditors when the debtor himself initiates an unauthorized postpetition transfer of property and authorizes the trustee to avoid the transfer and recover the property from the transferees for the creditors' benefit. *See* In re Paige, Bkrtcy.D.Utah 2009, 413 B.R. 882, stay denied 2009 WL 3418156, *affirmed* 443 B.R. 878,

---

[3] The only remedies provided in the Uniform Forfeiture Act of 2011. *See* 34 L.P.R.A. § 1724p.
[4] Any reference to ''this title'' in any section the United States Bankruptcy Code incorporated into Section 301 (a) of PROMESA shall be deemed to be a reference to PROMESA. *See* Section 301 (d) of PROMESA, 48 U.S.C. § 2161.

5

*affirmed in part, reversed in part* 685 F.3d 1160. The Trustee can recover the property by suing the recipient of the transfer for recovery under 11 U.S.C. §§ 549 and 550. In a Title III case, the term "trustee" is applied to the Oversight Board. Section 301 (c) (7) of PROMESA, *supra*.

Even though Section 549 (a), in cases under Title III, only allows the Oversight Board to seek recovery, this court has the power, under 11 U.S.C. § 105(a), to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. Again, that's because Bankruptcy courts are inherently courts of equity with broad remedial powers. See In re Baldwin-United Corp. Litigation, C.A.2 (N.Y.) 1985, 765 F.2d 343. Nothing in 11 U.S.C. § 105(a) or PROMESA forbids the Court from ordering the performance of the Oversight Board's administrative tasks, especially when said task is mandated by the Code. *See* In re First RepublicBank Corp., 95 B.R. 58, 60 (Bankr. N.D. tex. 1988) (holding that § 105(a) authorizes the court to review of the United States trustee's administrative task). Therefore, this Court can order the Oversight Board to recover property that was transferred after the commencement of the case and that was not authorized by PROMESA or by the Court.

We seek for the Court to enter an order so that the Oversight Board can recover the property subject of the Postpetition Transaction. That way, if judgement is entered in the Litigation, Movant can ask for her vehicle to be returned instead of requesting the payment of an amount equal to the appraisal value at the time of the seizure. We believe that there is reason for the Postpetition Transaction to be declared null and void, as: (1) the Commonwealth initiated it without authorization by PROMESA or by the Court; and (2) said property was converted into property of the estate with the Commonwealth having **full knowledge** that the criminal court found that there was no probable cause for the alleged violation that gave way to the forfeiture and after the Commonwealth violated Movant's and Popular's due process rights under both the

6

Commonwealth's and the United States Constitution. <u>Also, the Postpetition Transaction could only be done by converting private property into property of the estate, which in turn rendered the debt dischargeable</u>.

If the Court were to allow this action by the Commonwealth, it would set a dangerous precedent that may shake the very foundations of the Commonwealth's relationship with its citizens. **Said precedent would give power to the Commonwealth to pay some of the public debt with private property by seizing and forfeiting it on baseless criminal grounds**; forcing the average citizen to go to court to contest the forfeiture (in what the Commonwealth or the Court could perceive as a willful violation of the stay) to later seek relief from the automatic stay, and if relief is given, post a bond in favor of the Commonwealth in the amount of the appraisal of the forfeited property (if they have the money to do so)[5], to later seek another relief to enter judgement (if the Court grants relief), and finally, <u>file a proof of claim that only guarantees the citizen a place in line, as they will not receive the full value for their property</u>. This is an unnecessary burden to the Puerto Rican people, who are suffering as much (or more) as the Government in these times of economic turmoil and allows the Commonwealth to effectively take property for public use without just compensation.

[*Remainder of Page Intentionally Left Blank*]

---

[5] This last step is essential, as the Commonwealth would not be able to transfer the property if bond is posted. *See* 34 L.P.R.A. § 1724o.

7

CONCLUSION

*When elephants fight, it is the grass that suffers.*
-Old proverb

The Commonwealth, in its attempt to defend the application of the automatic stay to all cases against it, has stated that the bankruptcy stay is considered "one of the cornerstone protections under bankruptcy law, giving debtors a 'breathing room' from the pressures of their creditors," and that "PROMESA applies it with full force to Title III cases". ECF No. 1140. Certainly, the automatic stay provision of the Bankruptcy Code was established to protect the weak (the debtor) from the powerful (the creditors); <u>but the Commonwealth is not an ordinary debtor and people such as Movant are not ordinary creditors, not even in the context of PROMESA</u>. To say that the Commonwealth is the weakest of the two, as it pertains to this matter, would be an overstatement. **And, unfortunately, in cases such as Movant's, that "breathing room" is being used more as a type of immunity than protection.**

We know that the Court faces uncharted waters, as Puerto Rico filed for the biggest US municipal bankruptcy in history; but in the wake of this event the Court cannot allow the Commonwealth to shield itself behind the subterfuge of the bankruptcy stay, while it takes private property from its citizens without cause or just compensation. Movant's matter, like many others, shows the truly special circumstance, in which a wrong would be committed by a mechanical application of the law. This Court, as a bankruptcy court, is a court of equity, and its bound by that principle. We do not ask the Court to grant new or unlimited rights, we simply ask the Court to protect Movant's established constitutional and property rights by providing fair and just remedies.

WHEREFORE, Movant respectfully requests that this Court: (a) reconsiders the Order at ECF No. 1123 and enter an Order granting relief from the automatic stay, allowing all parties to continue to contest the forfeiture of her automobile currently pending in the Court of First Instance; (b) enter an Order for the Oversight Board to declare null and void the Postpetiton Transfer and recover the vehicle; and (c) grant such other relief as is just and proper.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY: That on this same date, we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF Filing system which will send a notification of such to the parties of record and to all interested subscribed users.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 29th day of August 2017.

/S/ Emanuel Rier-Soto
EMANUEL RIER-SOTO, ESQ
U.S.D.C. 304110
*Attorney for Movant*

HT28 Ave. El Comandante
Carolina, PR 00982
(787) 307-5991
E-Mail: rier.emanuel@gmail.com.