UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA  Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, et al., | (Jointly Administered) |
| Debtors.[1] | |

------------------------------------------------------------x

MEMORANDUM ORDER DENYING
KAREN ODALYS FUENTES RIVERA, LUIS IVÁN FUENTES VÁZQUEZ, AND CARMEN IRIS RIVERA
COSME'S MOTION FOR RELIEF FROM AUTOMATIC STAY (DOCKET ENTRY NO. 840)

Before the Court is a motion filed by Karen Odalys Fuentes Rivera, Luis Iván Fuentes Vázquez, and Carmen Iris Rivera Cosme (collectively, the "Movants") for relief from the automatic stay imposed by the filing of the above-captioned Title III case in a personal injury action commenced on June 23, 2016 in the Court of First Instance, Superior Part of Caguas, against the Commonwealth of Puerto Rico, its Department of Transportation and Public Works, the Puerto Rico Road and Transportation Authority, the Municipality of Aguas Buenas, Triple S Propiedad and Mapfire Praico Insurance Company captioned Karen Odalys Fuentes Rivera, et al.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

v. Departamento de Transportación y Obras Públicas, et al., under Case No. E DP2016-0075 (the "Lawsuit"). For the following reasons, the motion is denied.

BACKGROUND

Movants, the named Plaintiffs in the Lawsuit, which was filed against the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), the Commonwealth's Department of Transportation and Public Works ("DTW"), the Puerto Rico Road and Transportation Authority ("PRRTA"), the Municipality of Aguas Buenas, Triple S Propiedad and Mapfire Praico Insurance Company, seek to continue to prosecute the Lawsuit. (Case No. 17-3283, Docket Entry No. 840, Motion for Relief from Automatic Stay (the "Motion"), pp. 1 & 2.) In the Lawsuit, Movants seek an unspecified amount of money damages connection with injuries allegedly sustained in a car accident in which the Movants were involved in. (Id.) Movants assert in the Motion that a pretrial conference was scheduled for August 8, 2017. (Id. p. 2.) Movants further assert that they "any amount awarded against the Commonwealth will not be enforced by Movants, but instead, will be listed as an unsecured claim in the bankruptcy proceeding." (Id. p. 5.) On August 16, 2017, the Commonwealth filed its objection (the "Debtor's Objection") to the Motion. (Case No. 17-3283, Docket Entry No. 1059.) Movants did not file a reply to the Debtor's Objection. The Court has reviewed the submissions thoroughly.

The Debtor argues that the Motion must be denied for several reasons, including interference with the "breathing space" needed by the Commonwealth to formulate and implement procedures for efficient management of pending litigation and the claims process, and burdens on Debtor resources that would be occasioned by resumption of the litigation of the Lawsuit. The Debtor asserts that the parties were in the middle of discovery and no dispositive motions are currently pending in the Lawsuit. (Debtor's Objection, ¶¶ 6 & 8.) The Debtor also

asserts that there is no applicable insurance coverage for the claims raised in the Lawsuit. (Id. ¶ 14.) Debtor further asserts that Defendant DTW is an agency of the Commonwealth which is protected by the stay imposed as against the Commonwealth, and that Defendant PRRTA is the Puerto Rico Highway and Transportation Authority (HTA), which has also filed a PROMESA Title III proceeding. (Id. ¶ 6.)

## DISCUSSION

Section 362(a) of the Bankruptcy Code, made applicable by Section 301(a) of PROMESA, 48 U.S.C. § 2161, imposes an automatic stay on "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . ." 11 U.S.C. § 362(a)(1); see also PROMESA § 301(a) (incorporating 11 U.S.C. § 362 into Title III cases). Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district examine the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e,g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," "whether litigation in another forum would prejudice the interests of

other creditors," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

Movants have not demonstrated that the Sonnax criteria weigh in their favor with respect to the continuation of the Lawsuit. Continuation of the Lawsuit would not necessarily result in an expeditious resolution of Movants' claims. Rather, it appears that the Lawsuit is not yet ready for trial; furthermore, any remaining pretrial proceedings and a trial would require the expenditure of Debtor resources and potentially disrupt the claims resolution process established by the bankruptcy code and incorporated into PROMESA. Furthermore, since it appears that many of the defendants are entities as against which collection activities would have to await confirmation of Title III plans of adjustment, resumption of the Lawsuit does not appear likely to advance meaningfully Movants' ability to collect on a judgment against third parties. The interests of judicial economy and of the expeditious resolution of litigation thus are not served by permitting the Lawsuit to continue. Movants' unsecured claims for monetary relief against Title III debtors can be liquidated and addressed through the claims process in these district court proceedings, as Movants acknowledge. Movants have not demonstrated that the harm from delay of liquidation of their claim outweighs the burden that would accrue to the Debtor by recommencement of litigation of the Lawsuit in the near term.

Accordingly, the Court concludes that Movants have not demonstrated that cause exists for the automatic stay to be lifted to allow the Lawsuit to proceed. Movants' motion for relief from the automatic stay is denied.

CONCLUSION

For the foregoing reasons, Movants' motion for relief from the automatic stay is denied. The automatic stay continues in place. <u>See</u> 11 U.S.C. §§ 362(a). This Memorandum Order resolves docket entry no. 840 in case no. 17-3283.

SO ORDERED.

Dated: August 29, 2017

 /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge
