IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>As representative of the Commonwealth of Puerto Rico | Case No. 17-BK-03283(LTS)<br><br>TITLE III PROMESA |

**MOVANT ALVIN MARRERO-MÉNDEZ'S REPLY TO OBJECTION OF THE COMMONWEALTH TO MOTION FOR RELIEF FROM STAY**

TO THE HONORABLE COURT:

Comes now the Movant, Alvin Marrero-Méndez, through the undersigned attorneys, and respectfully states as follows:

On August 22, 2017, the Commonwealth of Puerto Rico filed its opposition to Movant's Motion for Relief from Stay. Dkt. 1140. The Commonwealth sustains that Movant's petition for relief, Dkt. 952, is barred under the doctrines of *res judicata* and *collateral estoppel*; that Title III applies to the claims before the District Court against defendants in their personal capacity; and that Movant here failed to establish cause to lift the Title III stay.

    A. ***Res Judicata* and *Collateral Estoppel* do not bar the Movant from bringing the Motion for Relief from Stay to this Court.**

It is incorrect to apply *res judicata* principles to orders granting a stay under Title III of PROMESA. Ordinarily, litigation of a "cause of action" or "claim" is barred if (1) the same (or a closely related) party (2) brought a prior suit asserting the same cause of action or claim, (3) the prior case was adjudicated by a court of competent jurisdiction, (4) was decided on the merits, (5) a final judgment was entered, and (6) there is no ground, such as fraud, to invalidate the prior

1

judgment. See *Montana v. United States*, 440 U.S. 147, 153 (1979). However, by its own terms, the order of automatic stay imposed by the District Court in no way constitutes a *final adjudication on the merits*. In fact, the District Court's order explicitly provides that "[a]ny request to lift or vacate the stay must be filed in the Bankruptcy Court in the District of Puerto Rico in Case No. 17-BK-03283 (LTS)."[1] Dkt. 952, Attachment 2.

This is because "a final decision on a motion for relief from stay does not have the same type of res judicata and collateral estoppel effect that is given to final decisions in traditional litigation." *In re Philbert,* 340 B.R. 886, 889 (Bankr. N.D. Ind. 2006) (citing *Matter of Vitreous Steel Products Co.*, 911 F.2d 1223, 1234 (7th Cir.1990)). A creditor that files a motion for relief from stay and loses is not prevented from filing another, potentially more successful, motion at a later date. *See In re Carson*, 34 B.R. 502, 507 (D. Kan. 1983); *In re Sun Valley Ranches, Inc.*, 43 B.R. 641, 642 (Bankr. D. Idaho 1984) (Holding that creditor was not precluded from bringing motion for modification of automatic stay to begin judicial foreclosure of its mortgage by earlier decision denying previous motion to lift stay, since "[t]o hold that a secured creditor is precluded from moving to lift the stay a second time after being denied relief on an earlier motion to lift stay could leave a creditor inadequately protected over time").

Moreover, whether the automatic stay applies to "litigation otherwise within the jurisdiction of a district court . . . is an issue of law within the competence of both the court within which the litigation is pending, and the bankruptcy court supervising the reorganization." *In re Baldwin-United Corp. Litig.,* 765 F.2d 343, 347 (2d Cir. 1985) (internal citations omitted). Accordingly, "[a] rule has emerged for both state and federal courts handling nonbankruptcy litigation that is somehow tied to the filing of a federal bankruptcy case: The state or federal

---

[1] As a general rule, orders denying relief of stay are not final, and thus, not appealable as of right. *In re Henriquez*, 261 B.R. 67 (B.A.P. 1st Cir. 2001).

2

forum handling the nonbankruptcy litigation has concurrent jurisdiction to initially determine whether § 362(a)-(b) stays the proceeding, *but the federal bankruptcy forum may entertain a collateral attack on that ruling.*" *In re Mid–City Parking, Inc.*, 332 B.R. 798, 805-06 (Bankr. N.D. Ill. 2005) (emphasis added). *See also In re Eagle Enterprises, Inc.* 265 B.R. 671, 674 (E.D. Pa. 2001) (recognizing that "[t]he decision of whether or not to modify an automatic stay falls squarely within the Bankruptcy Court's discretion"). The reasoning supporting this norm is simple: because the application of the automatic stay is a "core" bankruptcy proceeding, *see* 28 U.S.C. § 157(b)(2)(G), if "the non-bankruptcy court's initial jurisdictional determination is erroneous, the parties run the risk that the entire action later will be declared void ab initio." *In re Cox*, 433 B.R. 911, 920 (Bankr. N.D., Ga. 2010) (quoting *Chao v. Hosp. Staffing Servs., Inc.,* 270 F.3d 374 (6th Cir. 2001)); *see also In re Mid–City Parking, Inc., supra*

  The above has precisely become the law of the case in the PROMESA litigation at bar. During this proceeding this Honorable Court has modified and lifted stay orders originating in the District Court. For example, acting on a Motion for Relief of Stay filed by Movant *Centro de Periodismo Investigativo*, this Court reviewed the District Order granting the Stay and, upon application of *Sonnax* criteria, lifted the stay imposed by the District Court. *See* Dkt. 1084. All issues pertaining to the application of the stay had been previously and fully litigated in the District Court. As in the case at bar, the District Court stay order provides that "any request to lift or vacate the stay must be filed in the bankruptcy court in the Bankruptcy Case No. 17-BK-03283". *See* Dkt. 740-1, *Exhibit* C at 42. There is no reason why the order to stay in the case at bar should be treated differently. In any event it is beyond question that the Bankruptcy Court has broad authority to reconsider the District Court's determination. *In Re Iannochino,* 242 F.3d 36, 42 (1st Cir. 2001) (explaining that Fed. R. Civ. P. 59 and 60 are applicable in bankruptcy, thus giving bankruptcy courts broad authority to reconsider judgments). *See also In re Rodríguez*

*Camacho,* 361 B.R. 294, 300 (B.A.P. 1st Cir. 2009) (Bankruptcy courts may reconsider orders granting stay relief).

**B. Title III stay does not apply to the individual officers because they are not debtors under the terms of PROMESA.**

As discussed in Movant's Motion for Relief, the individual defendants Guillermo Calixto-Rodríguez, Mario Rivera, and Ricardo Cruz-Domínguez, are not debtors pursuant to the terms of PROMESA. Under PROMESA, a debtor means "the territory or covered territorial instrumentality concerning which a case under this subchapter has been commenced." 48 U.S.C. § 2161(c)(2). Section 2162 also establishes that an entity may be a debtor under Section III if: "(1) the entity is (A) a territory that has requested the establishment of an Oversight Board or has had an Oversight Board established for it by the United States Congress . . . ; or (B) a covered territorial instrumentality of a territory described in paragraph (1)(A); (2) the Oversight Board has issued a certification under section 2146(b) . . . for such entity; and (3) the entity desires to effect a plan to adjust its debts." 48 U.S.C. § 2162. As discussed, the statute's definition of debtor does not encompass natural persons, and so none of the defendants, who are sued for damages in only their personal capacities, satisfies those terms.

Movant's lawsuit is a personal and direct cause of action against defendants in their personal capacity as allowed by Section 1983 of the Civil Rights Act. *See* 42 U.S.C. § 1983; *see also Cao v. Puerto Rico*, 525 F.3d 112, at 114-115 (1st Cir. 2008). Accordingly it is the individual Defendants, then, and not the Commonwealth, who are liable for compensatory damages, since state officials, sued in their individual capacities, are "persons" within the meaning of § 1983. *See Hafer v. Melo, 502 U.S. 21, 26-27, 28-29, 30-31 (1991) (holding that (1) state officers may be held personally liable for damages under § 1983 even when acting in their official capacities; (2) officials can be subject to personal liability for acts taken under color of*

4

*state law even when "within the official's authority and necessary to the performance of governmental functions"; and (3) the Eleventh Amendment does not preclude suits to impose personal liability under § 1983.)*

Heavily relying on *In re City of Stockton*, 484 B.R. 372, 374 (Bankr. E.D. Cal. 2012), the Commonwealth sustains that because the Government has assumed the legal representation of the individual defendants under Law 104, P.R. Laws Ann. tit. 32 §§ 3085, 3090, Title III applies to the lawsuit filed against them in their personal capacities in the District Court. According to the Commonwealth: "[w]hether the Commonwealth's assumption of liability in the District Court Action was mandatory is irrelevant. Under Puerto Rico law, the Officers have the right to request that the Commonwealth assume the costs of defending the District Court Action and then also can request the payment of any judgment entered in connection with such action. The Officers elected to do so, and the Commonwealth agreed to assume the liability of defending them." Dkt. 1140, at 10.

Movant strongly disagrees with the Commonwealth's interpretation, and its reliance on *In re City of Stockton* is misplaced. The differences between the law at issue in *Stockton* and Puerto Rico Law 104 are central to the evaluation of Movant's motion for relief. As discussed in the Motion for Relief from Stay, footnote 7, pursuant to Law 104, the initial determination to grant legal representation to the public official sued for violations of a citizen's civil rights and the subsequent determination of whether the Commonwealth will assume the payment of judgment are two separate and independent proceedings. The payment of the judgment is not automatic, but at the discretion of the Secretary of Justice. *See Ortiz et al. v. E.L.A.,* 158 D.P.R. 62, 71-72 (P.R. 2002). California law, by contrast, is not discretionary, providing that, once a municipal official requests representation in writing, and the official "reasonably cooperates in good faith in the defense of the claim or action, the public entity *shall pay any judgment* based thereon or any

5

compromise or settlement of the claim or action to which the public entity has agreed." Cal. Gov't Code § 825 (emphasis added). Also, the "City turns out to be self-insured for the first $1 million of liability, including cost of defense, and is required by California Government Code §§ 825 and 825.2 to indemnify its officers for liability in their official capacities." *In re City of Stockton*, 484 B.R. at 375.

As discussed in Movant's Motion for Relief from Stay, under Law 104, the Secretary of Justice has broad discretion in authorizing the government to provide legal representation to government officials sued in their personal capacity. Providing legal representation to individual officers in their personal capacity under Law 104 does not make the Commonwealth *liable* as a PROMESA debtor. The provisions of Law 104 constitute an arrangement between the Defendants and Puerto Rico Department of Justice in which the Secretary retains the discretion to provide ongoing legal representation and potentially pay the judgment against individual defendants pursuant to certain conditions established by law, and subject to the available resources. *See* P.R. Laws Ann. tit. 32 § 3092.

Also, as opposed to the California statute, Law 104 provisions "shall not be construed, for any reason whatsoever, *as making the Commonwealth an insurer of the aforesaid public servants, nor as a waiver of the sovereign immunity of the Commonwealth*." P.R. Laws Ann. tit. 32 § 3085 (emphasis added). In fact, under the Eleventh Amendment the Movant is unable to request an execution of monetary judgment against the Commonwealth, even when the Secretary of Justice has granted the judgment debtors' request to indemnify them with respect to the judgment. *See Ortiz-Feliciano v. Toledo-Davila*, 175 F.3d 37, 40 (1st Cir. 1999); *Pietri-Giraldi v. Alvarado-Santos,* 443 F. Supp. 2d 214, 217 (D.P.R. 2006) (holding that pursuant to Section 3085 of Law 104, "the claim for indemnification concerning payment of judgment lies with defendant public officers, not with the plaintiff").

6

Finally, the court in *City of Stockton* extended the Section 922(a) stay under the premise that "[t]he action against the individual officers is an exercise of the well-known strategy of suing a sovereign by falsely pretending to sue an officer. To the extent that there is a judgment against the individuals, the City, having undertaken their defense, will be required to pay the judgment. Hence, the civil action against the individuals 'seeks to enforce a claim against the debtor' within the meaning of § 922(a)." *In re City of Stockton*, 484 B.R., at 376 (internal citations omitted).

In the case of Alvin Marrero-Méndez, nothing in the record minimally suggests that his claim against Calixto-Rodríguez, Mario Rivera and Ricardo Cruz-Domínguez in their personal capacity constitutes a subterfuge to make the Government accountable by suing its officials in their personal capacity. *Movant vehemently denies any intention to falsely sue the individual defendants in order to make the Government indirectly liable to him*. As discussed above, under Law 104, Movant does not have any legal right whatsoever to compel the Commonwealth to respond for the unlawful actions of its officials. Upon the outrageous violations of the Establishment Clause of the Constitution, plaintiff opted to employ the remedies available by federal law, which, as discussed above happen to be a personal claim against the officials in their personal capacity under Section 1983. *See Hafer, supra.* In any event nothing in the statute prevents the officer from procuring their own legal defense as any other litigant could.

**C. Title III of PROMESA should not be applied to the equitable relief sought against the Commonwealth of Puerto Rico.**

As discussed in Movant's Motion, Movant insists that the automatic stay authorized by the PROMESA statute does not "apply to suits to enforce federal rights." *See Vázquez-Carmona v. Dep't of Educ. of Puerto Rico*, No. CV 16-1846 (GAG), 2017 WL 2352153, at *1 (D.P.R. May 31, 2017) (holding that action of student's mother, seeking judicial review of administrative

7

resolution of Puerto Rico Department of Education, did not seek monetary damages, and thus action would not be stayed under PROMESA). Movant's claim against the Commonwealth does not seek monetary relief. It seeks the adoption of sound constitutional policies related to religious practices in the work environment to prevent constitutional violations as the one narrated in the complaint. PROMESA should not be used as a vehicle to thwart that relief. *See id*. The Commonwealth failed to establish that the adoption of constitutionally sound policies and protocols to correct unlawful practices interferes or have any connection to Title III, "whose principal purpose is to adjust the financial liabilities of the various debtors, including the Commonwealth." *See, e.g., Mem. Order Granting Mot. of Centro de Periodismo Investigativo for Relief from the Automatic Stay*, Docket 1084.

    **D. Accordingly, upon the application of the criteria elaborated in *In re Sonnax Indus., Inc*., Movant successfully has shown cause to lift the automatic stay.**

Finally, the Commonwealth elaborates on a generic application of the criteria established in *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990), to justify the imposition of the stay in this case. However, the arguments explained in Movant's Motion for Relief, and in this Motion to Reply, squarely provide for the lifting of the stay imposed by employing the *Sonnax* criteria.

Of particular relevance to the instant case are the following factors identified by the *Sonnax* Court:

    **1. Lack of any connection with or interference with the bankruptcy case and whether the action primarily involves third parties**

As discussed, Guillermo Calixto-Rodríguez, Mario Rivera and Ricardo Cruz-Domínguez, are not debtors under the terms of PROMESA, and the claim against them is a personal and direct cause of action for constitutional violations completely unrelated with the core proceedings under PROMESA. On the other hand, the equitable relief sought against the

8

Commonwealth lacks a connection to, or likelihood of interference with, the Title III cases.

### 2. Whether litigation in another forum would prejudice the interests of other creditors

For the same reasons, Movant's personal action against Guillermo Calixto-Rodríguez, Mario Rivera and Ricardo Cruz-Domínguez does not affect the interest of Governments' creditors under PROMESA. Movant's action under 42 U.S.C. § 1983, is completely independent from the PROMESA proceedings. He is not claiming monies as a creditor of the Commonwealth and as provided by section 1983, *supra,* he has a personal cause of action against the individual defendants in their personal capacity.

### 3. The interests of judicial economy and the expeditious and economical resolution of litigation and impact of the stay on the parties and the balance of harms

As explained in the Motion for Relief, a stay at this stage of the judicial proceedings is unwarranted, considering that this litigation has taken more than four years, discovery is complete, the First Circuit has conclusively resolved the qualified immunity issue, and only dispositive motions and the trial remain. A stay would place this litigation in an indefinite procedural limbo, leaving Plaintiff without any permanent equitable relief and unfairly prejudicing his ability to present his case should there be a trial.

Moreover, even assuming that Plaintiff's claim for compensatory relief might eventually fall within the reach of PROMESA, it does not qualify for a stay now because it is not currently a payable claim against the Commonwealth's resources: Damages would have to be awarded to Plaintiff; the Secretary of Justice would have to agree for the Commonwealth to pay those damages on behalf of Defendants; and it would have to be determined whether that liability would be qualify as a payment of credit, obligation, or debt as defined under PROMESA. Under these circumstances, public policy favors the resolution of this civil rights action and denial of Defendants' request for a stay. *See In re Santa Clara Cty. Fair Ass'n, Inc.*, 180 B.R. 564, 566-67

9

(B.A.P. 9th Cir. 1995) (holding that the Bankruptcy Court did not abuse its discretion in modifying an automatic stay to allow prosecution of a district court civil rights action, concluding that "public policy favored the resolution of civil rights actions and outweighed any competing policy served by the automatic stay under the circumstances").

### 4. Whether relief would result in a partial or complete resolution of the issues

Certainly, the relief sought by Movant does not represent a bifurcation of his cause of action, since all compensatory claims are against the individual defendants, which are unrelated to the PROMESA proceedings. As elaborated in detailed above, the benefits provided by Puerto Rico Law 104 does not make the individuals defendants debtors under PROMESA.

WHEREFORE, Plaintiff respectfully requests that this Court to lift the stay in this case, or alternatively to allow the continuation of the judicial proceedings holding in abeyance any monetary relief the Commonwealth would be compelled to provide by judgment.

Respectfully submitted, in San Juan, Puerto Rico, on August 29, 2017.

/s/ Josue Gonzalez-Ortiz
Josue Gonzalez-Ortiz, Esq.
USDC-PR NO: 221808
William Ramirez-Hernandez, Esq.
American Civil Liberties Union
of Puerto Rico
Union Plaza, Suite 1105
416 Ave. Ponce de Leon
San Juan, Puerto Rico, 00918
Tel: 787-753-8493
Fax: 787-753-4268
Email: jgonzalez-ortiz@aclu.org

Daniel Mach (Pro Hac Vice Admission)
Heather L. Weaver (Pro Hac Vice Admission)
American Civil Liberties Union Foundation
915 15th Street, NW, Suite 600
Washington, D.C. 20005
Tel: 202- 675-2330

Fax: 202- 546-0738  
Email:  dmach@aclu.org  
   hweaver@aclu.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this same date, I have electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all attorneys of record.

/s/ Josue Gonzalez-Ortiz,

Josue Gonzalez-Ortiz, Esq.
USDC-PR NO: 221808