Hearing date: October 4, 2017 at 9:30 a.m.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br>Re: 770, 1085, 1157 |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br>No. 17 BK 3567-LTS<br><br>THIS PLEADING RELATES ONLY TO THIS TITLE III CASE[2] |

### REPLY TO PUERTO RICO HIGHWAYS & TRANSPORTATION AUTHORITY'S "RESPONSE TO MOTION FOR RELIEF FROM STAY FILED BY REXACH HERMANOS INC." (Docket no. 1157)

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] This clarification is made in accordance to the Court's *Order (A) Pursuant to PROMESA Section 304(G), Directing Joint Administration of Initial Title III Cases and Additional Title III Cases, and (B) Pursuant to Section 105(A) of The Bankruptcy Code, Making Certain Orders Entered on First Day Pleadings Applicable to the Additional Title III Cases*. See, Docket No. 167 at ¶ 5 of p. 4.

**TO THE HONORABLE COURT**:

**COMES NOW** Rexach Hermanos, Inc. ("Rexach"), through the undersigned legal counsel, and respectfully submits its reply (the "Reply") to the Puerto Rico Highways and Transportation Authority's "Response to Motion for Modification of the Automatic Stay filed by Rexach Hermanos, Inc." ("Response"). In its Response, the Puerto Rico Highways and Transportation Authority ("HTA" or the "Debtor") agrees with the partial modification of the automatic stay to allow the continuation of the eminent domain action filed by the Debtor against real estate property owned by Rexach and other co-defendants, before the Puerto Rico Court of First Instance, Superior Court of San Juan, in the case captioned *Autoridad de Carreteras y Transportación de P.R. v. Corporación Rexach Hermanos, Inc. y Citizens Reonovation & Dev. Corp.*, Civil Num. K EF2001-0272 (the "State Court Action" or the "Complaint"). However, HTA's indicates that the stay should be modified only to allow the "State Court Action to proceed in order for the State Court to make a determination of the issue of just compensation; provided that the Title III Stay shall continue to apply in all other respects to the State Court Action, including the entry and execution of a judgment and provisional remedies", see Docket no, 1157 at ¶ 1 of page 2. Rexach disagrees and respectfully submits that the stay should be modified to allow the State Court to take all necessary actions that may be necessary to determine the just compensation amount payable by HTA to Rexach and/or the other parties to the State Court Action for the property taken, including without limitation, entering any order that may be necessary to determine the value of each of the parcels, any order regarding the distribution of the payments made by HTA to Rexach and/or the other parties to the State Court Action and any judgment stating the final determination of the just compensation amount payable to Rexach and/or the other parties to the State Court Action.

**PROCEDURAL HISTORY**

1. The State Court Action was commenced on June 15, 2001 when HTA filed an eminent domain action against two parcels of land, the largest owned by Rexach and the smaller by the other named defendant, Citizens Renovation & Development Corp. ("Citizens"). On July 2, 2004, HTA amended Exhibit A of the complaint to reflect that there were two parcels included in the eminent domain action and the only parties with an interest in said parcels were Rexach, with respect to the larger parcel, and Citizens, with respect to the smaller parcel, see Exhibit A of Docket No. 770 of Case No. 17-BK-3283.

2. During the year 2016, HTA amended its original estimate of just compensation and commenced making additional payments to Rexach and Citizens through monthly deposits made in the State Court Action proceedings.

3. On July 27, 2017, Rexach filed a "Motion for Modification of the Automatic Stay" ("MFR"), see Docket No. 770 of Case No. 17-BK-3283. In essence, Rexach is requesting an order from this Court modifying the automatic stay in order to continue with the 16-year state court eminent domain proceeding.

4. On August 23, 2017, Debtor filed its Response, see Docket No. 1157 of Case No. 17-BK-3283. Mainly, Debtor "*does not object to a partial modification of the Title III stay to permit the State Court Action to proceed in order for the State Court to make a determination on the issue of just compensation; provided, however, that the Title III Stay shall remain in place with respect to **the entry and execution of a judgment** and any provisional remedies.*" (Emphasis ours.) See, Docket no, 1157 at ¶ 1 of page 2.

5. Rexach has no objection to stay the execution of any judgment that may be entered in the State Court Action. However, Rexach objects to a stay of the State Court Action which would prevent the State Court from entering judgment in the State Court Action or to

distribute the amounts paid by HTA in the State Court to pay for the additional just compensation estimated by HTA.

6. In order for the State Court to determine the just compensation amount payable to Rexach and Citizens for the parcels taken it is necessary to allow the State Court to order the HTA to allocate the additional estimated just compensation amount between the two parcels, review any evidence that may be presented by the parties in the State Court Action as to the value of each of the parcels, enter any other order that may be necessary to allow the State Court to reach a determination as to the just compensation payable by HTA for each of the two parcels, enter a judgment in the State Court Action determining precisely the just compensation payable by HTA. Not to allow the State Court to exercise these inherent powers will impede the State Court from adjudicating the controversies and reaching a conclusion as to what is the just compensation payable by HTA in the State Court Action.

7. Due to the steep penalties for a violation of the stay, and out of abundance of caution, Rexach is also requesting that the modification of the stay also allows for the State Court to allocate and distribute to Rexach and Citizens the additional estimated just compensation amount payments made by HTA and currently being held in the State Court for distribution. In support thereof, a brief discussion of the state law's eminent domain provisions is necessary at this juncture.

## DISCUSSION

8. The right to enjoy private property is a fundamental right protected by the Constitution of the Commonwealth of Puerto Rico, (Art. II, Sec. 7), as well as, by the

Constitution of the United States[3]. The Puerto Rico constitutional provision follows the federal constitution and states that private property for public use shall not be taken except upon the payment of just compensation and according to applicable law, see In re El Comandante, 358 B.R. 1 (D.P.R. 2006).

9. Puerto Rico law implements the constitutional provision through its eminent domain law (32 L.P.R.A. §§ 2901 *et seq.*), the Civil Code (Article 282), 31 L.P.R.A. § 1113, and the Political Code (Article 8), 1 L.P.R.A. § 5. The Constitution of Puerto Rico imposes the condition that the eminent domain action not only be for public use, but must also be necessary and useful to the public. Id. "The eminent domain is the right of the nation or the state, or of those to whom the power has been lawfully delegated, to condemn private property for public use." Autoridad Sobre Hogares de Puerto Rico v. Corte de Distrito de Arecibo, 68 P.R.R. 50, 1948 PR Sup. LEXIS 2016 (P.R. 1948).

10. To commence an eminent domain proceeding, a civil complaint must be filed, stating the authority under which, and the public use for which, the acquisition of said property is sought; a description of the property, a statement of the estate or interest in said property the acquisition of which is sought for public use and the fixing of the sum of money estimated to be just compensation, see 32 L.P.R.A. § 2907.

11. With the filing of the complaint, the Commonwealth or the government entity with eminent domain powers commencing the eminent domain proceedings must pay to the

---

[3] The Takings Clause of the Fifth Amendment prohibits the government from taking private property for public use without just compensation. *Palazzolo v. Rhode Island,* 533 U.S. 606, 121 S.Ct. 2448, 150 L.Ed.2d 592 (2001). Even a minimal "permanent physical occupation of real property" requires compensation under the Clause. *Id.* (citing *Loretto v. Teleprompter Manhattan CATV Corp.,* 458 U.S. 419, 427, 102 S.Ct. 3164, 73 L.Ed.2d 868 (1982)). The Takings Clause requires that just compensation be paid "to put the owner of condemned property 'in as good a position pecuniarily as if his property had not been taken.' " *United States v. 564.54 Acres of Land,* 441 U.S. 506, 510, 99 S.Ct. 1854, 60 L.Ed.2d 435 (1979) (quoting *Olson v. United States,* 292 U.S. 246, 255, 54 S.Ct. 704, 78 L.Ed. 1236 (1934)).

owners of the property and other parties with an interest in the property taken the amount it has estimated to be the just compensation payable for the property taken; then, the title of the property taken shall vest in the Commonwealth or the government entity with eminent domain powers that commenced the expropriation, see Id.

12. "The only restriction to the state's power of eminent domain is to pay a just compensation and to act according to the manner provided by law." Estado Libre Asociado de Puerto Rico v. Sociedad Civil Agrícola e Industrial Sucesión J. Serralles y Otros, 1045 D.P.R. 932 (P.R. 1975).

13. Once the estimated just compensation amount is paid through a deposit of said amounts in the State Court for distribution to the parties with an interest in the property being taken and title is vested in the Commonwealth or the government entity that commenced the proceedings, defendant(s) in an eminent domain action can argue that said amount does not represent just compensation for the property taken. In that case, the State Court will allow the distribution of the estimated just compensation amount to the parties with an interest in the property taken and proceed to determine, "the just compensation amount payable for said property or rights thereon [and the] Commonwealth of Puerto Rico shall pay the difference between the sum thus fixed by said plaintiff and deposited in the court and the amount that is determined by the court to be the just compensation payable for said property or the rights thereon", see 32 L.P.R.A. § 2908.

14. Rexach has argued before the State Court that the original amount paid by HTA through a deposit made by the Debtor at the commencement of the State Court Action does not represent just compensation for the property taken. HTA revised its original estimate of just compensation and accordingly, made additional payments to the Rexach and Citizens which are

currently deposited in the State Court and are pending distribution to Rexach and Citizens. These amounts are <u>not</u> property of HTA's estate and Rexach and Citizens are entitled to these funds.

15. The filing of a bankruptcy case creates an estate which is comprised of all of debtor's property, as defined in Bankruptcy Code, see <u>In re Brown</u>, 189 B.R. 653 (M.D. La. 1995). As stated in section 541 of the Bankruptcy Code, and in general terms, all legal or equitable interests of the debtor in property as of the commencement of the case is property of the estate. HTA has no legal or equitable interest in the moneys deposited in the State Court to pay for HTA's revised estimated just compensation amount. Thus, these moneys which were deposited by Debtor into the State Court prior to the filing of the present Title III petition to pay for the estimated additional compensation are not property of the Debtor's estate.

16. The only parties with a legal or equitable interest to these amounts are Rexach and Citizens. The State Court only needs to determine how much of these funds belong to each, Rexach, the former owner of the larger parcel, and Citizens, the former owner of the smaller parcel. The State Court allocation of these amounts will be based on the just compensation payable for each of the parcels. The State Court has yet to rule on this matter. If Debtor's Response suggested language is incorporated into the order modifying the stay, the State Court would not be able to make this determination.

17. In light of the above, and in order to enable the State court to make determinations and/or entry of provisional remedies which are customary in eminent domain proceedings, Rexach respectfully requests that this Court enter an order modifying the automatic stay until execution of judgment in the State Court Action and allowing the State Court to distribute any amount currently deposited in court to Rexach and Citizens as it deems proper and to enter judgment as to the just compensation payable by HTA for the property taken.

**WHEREFORE**, Rexach respectfully requests this Court to enter an order modifying the automatic stay pursuant to 11 U.S.C. Sec. 362(d)(1) until execution of judgment:

A. To permit the State Court to enter judgment in the State Court Action as to the just compensation payable to Rexach and Citizens for the property taken;

B. To permit the State Court to enter any order or take any action that may be necessary for it to make a final determination and enter judgment as to the just compensation payable to Rexach and Citizens in the State Court Action;

C. To permit the State Court to distribute to Rexach and/or Citizen any amounts currently on deposit with the Court which correspond to payments made by HTA in the State Court Action prior to the HTA's filing of its Title III Petition.

D. To allow Rexach to exercise all remedies under non-bankruptcy and non-PROMESA law and to enforce its rights and obligations, including but not limited to the continuation and culmination of the eminent domain proceeding filed by HTA in the State Court Action up to and including the entering of judgment by the State Court in the State Court Action; and

E. To grant Rexach such other relief as may be just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 30th day of August, 2017.

### NOTICE OF TIME TO RESPOND

Pursuant to the *Second Amended Notice Case Management and Administrative Procedures*, as amended on August 17, 2017, (Docket No. 1065 of Case No. 17-03283 (LTS)) (the "CMP Order"), unless otherwise ordered by the Court, this matter may be discussed during the Omnibus Hearing scheduled for October 4th, 2017. Sur-replies shall not be permitted unless authorized by the Court.

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case. We further certify that, on this same date, we served the foregoing upon all the Standard Parties as identified and defined at ¶ II of the and the Court's CMP Order, as amended on August 17, 2017 (Docket No. 1065-1 of Case No. 17-03283 (LTS).

**McCONNELL VALDÉS LLC**
*Attorneys for Rexach Hermanos, Inc.*
270 Muñoz Rivera Avenue, Suite 900
Hato Rey, Puerto Rico 00918
PO Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: 787-250-5604
Facsimile: 787-759-8282

By: *s/Antonio A. Arias*
Antonio A. Arias
USDC-PR No. 204906
aaa@mcvpr.com

By: *s/Nayuan Zouairabani*
Nayuan Zouairabani
USDC No. 226411
Email: nzt@mcvpr.com

By: *s/Rosamar García-Fontán*
Rosamar García-Fontán
USDC-PR No. 221004
Email: rgf@mcvpr.com