## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,

    Debtor.

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

**Re: ECF No. 244**

(Jointly Administered)

PROMESA
Title III

No. 17 BK 3283-LTS

**This filing relates only to the Commonwealth and shall only be filed in the lead Case No. 17 BK 3283-LTS.**

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODS, AND DISCLAIMERS REGARDING THE CREDITOR LIST FOR THE COMMONWEALTH OF PUERTO RICO

**Introduction**

1. The Commonwealth of Puerto Rico (the "Commonwealth"), with the assistance of its advisors, herewith files its list of creditors (the "Creditor List") with the United States District Court for the District of Puerto Rico (the "District Court"), pursuant to section 924 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to the Commonwealth's Title III Case (as defined below) by sections 301(a) and 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), respectively.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

2. These *Global Notes and Statement of Limitations, Methods, and Disclaimers Regarding the Creditor List for the Commonwealth of Puerto Rico* (the "Global Notes") pertain to, are incorporated by reference in, and constitute an integral part of, the Creditor List. Any party reviewing the Creditor List should refer to, consider, and consult the Global Notes in connection with such review.

Background

3. On June 30, 2016, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") was established under PROMESA section 101(b). On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

4. Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this title is the representative of the debtor[s]" and "may take any action necessary on behalf of the debtor[s] to prosecute the case[s] of the debtor[s], including filing a petition under section 304 of [PROMESA] . . . or otherwise generally submitting filings in relation to the case[s] with the court."

5. On September 30, 2016, the Oversight Board designated the Commonwealth as a "covered entity" under PROMESA section 101(d).

6. On May 3, 2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth in the District Court pursuant to PROMESA section 304(a), commencing a case under title III thereof (the "Commonwealth's Title III Case"). Pursuant to PROMESA section 315(b), the Oversight Board is the Commonwealth's representative in the Commonwealth's Title III Case.[2]

7. Background information regarding the Commonwealth and its instrumentalities, and the commencement of the Commonwealth's Title III Case, is contained in the *Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* [ECF No. 1], attached to the Commonwealth's Title III petition.

Global Notes

8. The Creditor List includes the information contemplated by Bankruptcy Code section 924 and Bankruptcy Rule 1007(a), made applicable by PROMESA sections 301(a) and 310, respectively, as qualified by the assumptions, explanations, and reservations of rights set forth below.

9. Unless otherwise stated, all claims listed in the Creditor List are general unsecured claims. No claim priorities are accorded recognition under PROMESA except for those claims eligible for priority under Bankruptcy Code section 507(a)(2), which is made applicable to the Commonwealth's Title III Case by PROMESA section 301(a). With respect to any secured claims identified by the Commonwealth, the value of the collateral, if any, securing the claim and the

---

[2] For the avoidance of doubt, unless otherwise provided in PROMESA, the Oversight Board can perform any action on behalf of the Commonwealth as its representative in Title III (including when the Oversight Board is not specifically referenced in connection to such action herein).

amount of any unsecured deficiency claim are undetermined, and the Commonwealth reserves all rights with respect thereto.

10. The Commonwealth historically has closed its books as of June 30 of each year — the end of the Commonwealth's fiscal year — and not more frequently. The audit process is complex and takes approximately six months to complete. Delays in invoicing, reconciliation, or accounting for outstanding invoices and payments in the Commonwealth's financial systems also impact the amounts identified in the Commonwealth's books and records at any given point in time. Accordingly, in many cases, the Commonwealth cannot be certain that it has identified its precise liability, if any, to a specific creditor as of the Petition Date, and reserves all rights related thereto.

11. The financial information disclosed herein was not prepared in accordance with federal securities laws or other applicable non-bankruptcy laws or in lieu of complying with any reporting requirements thereunder. Entities trading in or otherwise purchasing, selling, or transferring claims against the Commonwealth should evaluate this financial information in light of the purposes for which it was prepared. The Commonwealth and the Oversight Board, as the Commonwealth's representative, are not liable for, and undertake no responsibility to indicate, variations between any information and reports prepared (a) for securities law disclosure purposes, and (b) for any evaluations of the Commonwealth based on this financial information or any other information.

12. Amendment and Reservation of Rights

    a.  While the Commonwealth and the Oversight Board, as the Commonwealth's representative, have exercised best efforts to ensure the Creditor List and other information are accurate and complete, the Creditor List is based on information known at the time of its preparation, and inadvertent errors or omissions may exist. In addition, the discovery of conflicting or subsequent information could cause a material change to the Creditor List. Moreover, because the Creditor List contains unaudited information that is subject to further review and potential adjustment, there can be no assurance the Creditor List is wholly accurate and complete. Accordingly, the Commonwealth and the Oversight Board, as the Commonwealth's representative, reserve the right to amend, supplement, or otherwise modify the Creditor List from time to time, in all respects, as may be necessary or appropriate to recharacterize, reclassify, recategorize, re-designate, add, or delete items reported in the Creditor List at a later time as is necessary or appropriate as additional information becomes available. Without limiting anything else expressly reserved herein, the Commonwealth and the Oversight Board, as the Commonwealth's representative, reserve the right to dispute, offset against, or assert defenses to, any claim reflected on the Creditor List as to amount, priority, liability, or classification.

    b.  Nothing contained in the Creditor List shall constitute a waiver of rights with respect to the Commonwealth's Title III Case, including, without limitation, issues involving claims, the validity, extent, or perfection of any lien, substantive consolidation, defenses, equitable subordination, recharacterization, assumption or rejection of any executory contracts or unexpired leases, and/or any causes of action arising under chapter 5 of the Bankruptcy Code, made applicable by PROMESA section 301(a), and other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in

the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

c. In no event shall the Commonwealth, the Oversight Board, as the Commonwealth's representative, or their respective agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Commonwealth or damages to business reputation, lost business, or profits), whether foreseeable or not and however caused, even if the Commonwealth, the Oversight Board, as the Commonwealth's representative, or their respective agents, attorneys, and financial advisors are advised of the possibility of such damages, arising out the inclusion or omission of any claim in the Creditor List.

d. Except as otherwise ordered by the District Court, the Commonwealth and the Oversight Board, as the Commonwealth's representative, reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of an entity or person listed in the Creditor List. The Commonwealth and the Oversight Board, as the Commonwealth's representative, reserve all rights to dispute or challenge the secured nature or priority of any such claim or the characterization of the structure of any such transaction or any document or instrument related to such claim as well as any proof of claim filed by a purported creditor.

e. The Commonwealth files the Creditor List without prejudice to or waiver of the Oversight Board's rights pursuant to PROMESA section 305, and nothing herein is intended to, shall constitute, or shall be deemed to constitute the Oversight Board's consent, pursuant to PROMESA section 305 to the District Court's interference with (a) any of the political or governmental powers of the Commonwealth, (b) any of the property or revenues of the Commonwealth, or (c) the Commonwealth's use or enjoyment of any income-producing property.

### General Assumptions

13. <u>Unaudited.</u> The books and records and financial statements of the Commonwealth utilized in the preparation of the Creditor List are unaudited.

14. <u>Currency.</u> All amounts are reflected in U.S. dollars, unless otherwise indicated.

15. <u>As of Information Date</u>. The information provided herein, except as otherwise noted, represents the data of the Commonwealth as of the close of business on May 2, 2017.

16. <u>Totals</u>. While the Commonwealth made good faith efforts to list all known amounts for each creditor in the aggregate, all creditor relationships may not have been identified. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

17. <u>Undetermined Amounts.</u> The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

18. <u>Confidentiality</u>.  To ensure confidentiality of personal information, all address information for individuals has been redacted from Schedule E — Employee Obligations and Schedule G — Income Tax Refunds.  In addition, the Commonwealth has made best efforts to redact address information for individuals included in Schedule D — Trade Vendor Obligations.

19. <u>Claims Description</u>.  Any failure to designate a claim listed on the Creditor List as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Commonwealth that such claim is not "disputed," "contingent," or "unliquidated" or that such claim is not subject to objection.  The Commonwealth reserves the right to dispute, or to assert setoff rights, counterclaims, or defenses to, any claim reflected on the Creditor List as to amount, liability, priority, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated," whether by amending the Creditor List or in another filing.  Additionally, the Commonwealth reserves its rights to object to any listed claims, including, without limitation, on the grounds they have been satisfied.  Listing a claim does not constitute an admission of liability by the Commonwealth, and the Commonwealth reserves the right to amend the Creditor List accordingly.

20. <u>Satisfied Claims</u>.  The identification herein of any creditor or claim amount does not constitute an admission by the Commonwealth or the Oversight Board, as the Commonwealth's representative, that the Commonwealth has any ongoing liability to any party.  Pursuant to the authority granted to the Oversight Board under PROMESA section 305, the Commonwealth may have satisfied certain claims identified in the Creditor List in whole or in part since the Petition Date or may satisfy such claims in whole or in part in the future, particularly with respect to certain trade claims relating to goods and services related to the health, safety, and welfare of the Commonwealth's residents.  In certain cases, therefore, the Commonwealth has identified claims — including all trade claims on Schedule D — as contingent, unliquidated, and/or disputed out of an abundance of caution.

21. <u>Schedule Classification.</u>  The Creditor List divides the Commonwealth's potential creditors and claimants into 10 separate schedules (collectively, the "<u>Schedules</u>"), as follows:

    A – Long Term Debt
    B – Insurers of Long Term Debt
    C – Guarantee Obligations
    D – Trade Vendor Obligations
    E – Employee Obligations
    F – Banks and Financial Institution Obligations
    G – Income Tax Refunds – Corporations and Individuals
    H – Litigation-Related Obligations
    I – US Federal Government Obligations
    J – Labor Union Obligations

    The foregoing classifications are used for convenience of presentation and are not intended to be, and shall not be deemed to be, dispositive of the nature of any particular claim or obligation listed on any schedule.

*Summary of Schedules*

22. The Schedules are preceded by a summary that identifies, with respect to each Schedule, the aggregate estimated amount of the claims therein (if known) and the percentage that these liabilities represent of the Commonwealth's total estimated liabilities on all of the Schedules.

*Schedule A – Long Term Debt*

23. Schedule A sets forth the Commonwealth's outstanding bonds, which are represented by Cede & Company, the nominee of the Depositary Trust Company.  The amount listed for such bonds includes outstanding principal and accrued interest as of the Petition Date.

24. The description provided in Schedule A is intended only to be a summary.  Reference to the applicable bond agreements and related documents is necessary for a complete description of the bonds.  Nothing in these Global Notes or the Schedules shall be deemed a modification or interpretation of the terms of such documents.

25. The amount listed on Schedule A does not reflect amounts that were previously paid by insurers of the bonds and that may be owed by the Commonwealth to such insurers pursuant to rights of subrogation.  Schedule A does not reflect any verification or evaluation of the specific rights of an insurer.

26. Schedule A does not reflect whether the individual creditors have a secured interest.

27. In certain instances, the Commonwealth may be a guarantor with respect to claims of other Title III debtors.  No claim set forth on Schedule A is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  Please refer to Schedule C for claims where the Commonwealth may be a guarantor with respect to scheduled claims of other Title III debtors.

*Schedule B – Insurers of Long Term Debt*

28. The descriptions provided in Schedule B are intended only to be a summary of the creditors that insure a certain amount of the bond debt listed in Schedule A.  Reference to the applicable bond agreements and related documents is necessary for a complete description of the bonds.  Nothing in these Global Notes or the Schedules shall be deemed a modification or interpretation of the terms of such documents.

*Schedule C – Guarantee Obligations*

29. Schedule C identifies obligations associated with Commonwealth guarantees (including bonds and notes).

30. The Commonwealth has made reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, the "Guarantees") to which the Commonwealth is a party.  However, the Commonwealth may not have identified all Guarantees that are embedded in its executory contracts and other agreements.

31. The securities associated with the Puerto Rico Public Buildings Authority ("PBA"), to which the Commonwealth is guarantor, includes payments previously made by insurers to the bondholders. These previously paid amounts may still be owed to the insurers by PBA pursuant to the rights of subrogation.  The amounts listed in Schedule C do not reflect any verification or evaluation of specific insurer rights on an individual party basis.

Schedule D – Trade Vendors

32. In addition to trade vendor obligations owed by the Commonwealth, Schedule D includes obligations related to (a) government organizations designated and authorized to disburse funds on behalf of the central government, (b) government organizations provided with independent payment processing systems from the Commonwealth, and (c) landlord liabilities.

33. Pursuant to the authority granted to the Oversight Board under PROMESA section 305, the Commonwealth may have satisfied some or all of its prepetition obligations to certain trade vendors since the Petition Date, or may do so in the future, which payments are not reflected in Schedule D.  In addition, the amounts identified as liabilities of the Commonwealth on Schedule D may include checks that the Commonwealth has issued but the applicable payee has not yet presented for payment.  For these reasons, out of an abundance of caution, the Commonwealth has categorized each of the obligations identified on Schedule D as contingent and unliquidated.

*Schedule E – Employee Obligations*

34. The Commonwealth has sought to identify all employees who are or were employed by the Commonwealth or one of the Commonwealth's component units as of the Petition Date, as set forth on Schedule E.  The respective employee status includes and is not limited to (a) active, (b) terminated, (c) retired, or (d) on leave.

35. Since the Petition Date, the Commonwealth has paid, and intends to continue to honor and pay, all accrued obligations for wages and salaries, including earned vacation, severance and sick-leave pay, and contributions to employee benefit plans.  Accordingly, except as specifically identified elsewhere in Creditor List, the Commonwealth believes that it has satisfied or will satisfy all prepetition claims of active employees for current liabilities.  The Commonwealth also continues to file and pay severance in the ordinary course.

36. Schedule E is not intended to represent claims related to retirement plans or Other Postemployment Benefits-related liabilities.

*Schedule F – Banks and Financial Institution Obligations*

37. The Commonwealth has listed on Schedule F financial institutions with undetermined claims as unliquidated and contingent out of an abundance of caution.

*Schedule G – Income Tax Refunds – Corporations and Individuals*

38. The Commonwealth has made best efforts to process all income tax returns.  However, the Commonwealth owes various creditors, including individuals and corporations, who have made overpayments on income taxes filed in prior years and are entitled to refunds, as set forth on Schedule G.

39. Notwithstanding the foregoing, the Commonwealth has continued to process and pay income tax refunds in the ordinary course and intends to continue processing and paying income tax refund claims in the future.

40. Taxpayer information is confidential under the Puerto Rico Internal Revenue Code of 2011, as amended, absent a formal pronouncement from the Secretary of the Treasury. <u>See</u> 13 L.P.R.A. §§ 30021(b), 33213(a)(2).  Accordingly, all taxpayer information has been redacted in Schedule G.

### *Schedule H – Litigation-Related Obligations*

41. Litigation claims against the Commonwealth, including demands made to the Commonwealth short of litigation are identified on Schedule H.  However, certain omissions may have occurred. The inclusion of any litigation action in Schedule H does not constitute an admission by the Commonwealth or the Oversight Board, as the Commonwealth's representative, of the liability, validity, amount, or treatment of any claim asserted against the Commonwealth with respect to any litigation action or demand made to the Commonwealth.

42. All litigation claims are identified as contingent, unliquidated, and disputed.

### *Schedule I – US Federal Government Obligations*

43. The Commonwealth has several relationships with United States federal agencies.  The amounts owed by the Commonwealth to such agencies are undetermined.  Out of an abundance of caution, all potential obligations to such agencies have been classified as contingent and unliquidated, as set forth on Schedule I.

### *Schedule J – Labor Union Obligations*

44. Labor union obligations are listed on Schedule J.  Supporting information relating to grievance claims brought by unions on behalf of individual employees is voluminous and not processed centrally.  Accordingly, the Commonwealth has chosen to include each known union on Schedule J.  The inclusion of any union in Schedule J does not constitute an admission by the Commonwealth of any liability, validity, amount, or treatment of any claim asserted against the Commonwealth with respect to any labor union obligations.  Out of an abundance of caution, all such claims are identified as contingent, unliquidated, and disputed.