**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

---------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | **Re: ECF No. 244** |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | (Jointly Administered) |
| Debtors.[1] | |

---------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3284-LTS |
| as representative of | **This filing relates only to COFINA and shall be filed in the lead Case No. 17 BK 3283-LTS and Case No. 17 BK 3284 (COFINA).** |
| PUERTO RICO SALES TAX FINANCING CORPORATION ("COFINA"), | |
| Debtor. | |

---------------------------------------------------------------x

GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODS, AND DISCLAIMERS
REGARDING THE CREDITOR LIST FOR THE PUERTO RICO SALES TAX FINANCING CORPORATION

**Introduction**

1. The Puerto Rico Sales Tax Financing Corporation ("COFINA"), with the assistance of its advisors, herewith files its list of creditors (the "Creditor List") with the United States District Court for the District of Puerto Rico (the "District Court"), pursuant to section 924 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to COFINA's Title III Case (as defined below) by sections 301(a) and 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), respectively.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

2. These *Global Notes and Statement of Limitations, Methods, and Disclaimers Regarding the Creditor List for the Puerto Rico Sales Tax Financing Corporation* (the "Global Notes") pertain to, are incorporated by reference in, and constitute an integral part of, the Creditor List. Any party reviewing the Creditor List should refer to, consider, and consult the Global Notes in connection with such review.

### Background

3. On June 30, 2016, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") was established under PROMESA section 101(b). On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

4. Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this title is the representative of the debtor[s]" and "may take any action necessary on behalf of the debtor[s] to prosecute the case[s] of the debtor[s], including filing a petition under section 304 of [PROMESA] . . . or otherwise generally submitting filings in relation to the case[s] with the court."

5. On September 30, 2016, the Oversight Board designated COFINA as a "covered entity" under PROMESA section 101(d).

6. On May 5, 2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA in the District Court pursuant to PROMESA section 304(a), commencing a case under title III thereof ("COFINA's Title III Case"). Pursuant to PROMESA section 315(b), the Oversight Board is COFINA's representative in COFINA's Title III Case.[2]

7. Background information regarding COFINA, and the commencement of COFINA's Title III Case, is contained in the *Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* [ECF No. 1, Case No. 17 BK 3283-LTS], attached to the Commonwealth of Puerto Rico's Title III petition.

### Global Notes

8. The Creditor List includes the information contemplated by Bankruptcy Code section 924 and Bankruptcy Rule 1007(a), made applicable by PROMESA sections 301(a) and 310, respectively, as qualified by the assumptions, explanations, and reservations of rights set forth below.

9. Unless otherwise stated, all claims listed in the Creditor List are general unsecured claims. No claim priorities are accorded recognition under PROMESA except for those claims eligible for priority under Bankruptcy Code section 507(a)(2), which is made applicable to COFINA's Title III Case by PROMESA section 301(a). With respect to any secured claims identified by COFINA, the value of the collateral, if any, securing the claim and the amount of any unsecured deficiency claim are undetermined, and COFINA reserves all rights with respect thereto.

---

[2] For the avoidance of doubt, unless otherwise provided in PROMESA, the Oversight Board can perform any action on behalf of COFINA as its representative in Title III (including when the Oversight Board is not specifically referenced in connection to such action herein).

10. The financial information disclosed herein was not prepared in accordance with federal securities laws or other applicable non-bankruptcy laws or in lieu of complying with any reporting requirements thereunder. Entities trading in or otherwise purchasing, selling, or transferring claims against COFINA should evaluate this financial information in light of the purposes for which it was prepared. COFINA and the Oversight Board, as COFINA's representative, are not liable for, and undertake no responsibility to indicate, variations between any information and reports prepared (a) for securities law disclosure purposes, and (b) for any evaluations of COFINA based on this financial information or any other information.

11. Amendment and Reservation of Rights

    a. While COFINA and the Oversight Board, as COFINA's representative, have exercised best efforts to ensure the Creditor List and other information are accurate and complete, the Creditor List is based on information known at the time of its preparation, and inadvertent errors or omissions may exist. In addition, the discovery of conflicting or subsequent information could cause a material change to the Creditor List. Moreover, because the Creditor List contains unaudited information that is subject to further review and potential adjustment, there can be no assurance the Creditor List is wholly accurate and complete. Accordingly, COFINA and the Oversight Board, as COFINA's representative, reserve the right to amend, supplement, or otherwise modify the Creditor List from time to time, in all respects, as may be necessary or appropriate to recharacterize, reclassify, recategorize, re-designate, add, or delete items reported in the Creditor List at a later time as is necessary or appropriate as additional information becomes available. Without limiting anything else expressly reserved herein, COFINA and the Oversight Board, as COFINA's representative, reserve the right to dispute, offset against, or assert defenses to, any claim reflected in the Creditor List as to amount, priority, liability, or classification.

    b. Nothing contained in the Creditor List shall constitute a waiver of rights with respect to COFINA's Title III Case, including, without limitation, issues involving claims, the validity, extent, or perfection of any lien, substantive consolidation, defenses, equitable subordination, recharacterization, assumption or rejection of any executory contracts or unexpired leases, and/or any causes of action arising under chapter 5 of the Bankruptcy Code, made applicable by PROMESA section 301(a), and other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

    c. In no event shall COFINA, the Oversight Board, as COFINA's representative, or their respective agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against COFINA or damages to business reputation, lost business, or profits), whether foreseeable or not and however caused, even if COFINA, the Oversight Board, as COFINA's representative, or their respective agents, attorneys, and financial advisors are advised of the possibility of such damages, arising out of the inclusion or omission of any claim in the Creditor List.

    d. Except as otherwise ordered by the District Court, COFINA and the Oversight Board, as COFINA's representative, reserve their rights to dispute or challenge the validity, perfection,

or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of an entity or person listed in the Creditor List. COFINA and the Oversight Board, as COFINA's representative, reserve all rights to dispute or challenge the secured nature or priority of any such claim or the characterization of the structure of any such transaction or any document or instrument related to such claim as well as any proof of claim filed by a purported creditor.

e. COFINA files the Creditor List without prejudice to or waiver of the Oversight Board's rights pursuant to PROMESA section 305, and nothing herein is intended to, shall constitute, or shall be deemed to constitute the Oversight Board's consent, pursuant to PROMESA section 305 to the District Court's interference with (a) any of the political or governmental powers of COFINA, (b) any of the property or revenues of COFINA, or (c) COFINA's use or enjoyment of any income-producing property.

### General Assumptions

12. Unaudited. The books and records and financial statements of COFINA utilized in the preparation of the Creditor List are unaudited.

13. Currency. All amounts are reflected in U.S. dollars, unless otherwise indicated.

14. As of Information Date. The information provided herein, except as otherwise noted, represents the data of COFINA as of the close of business on May 4, 2017.

15. Totals. While COFINA made good faith efforts to list all known amounts for each creditor in the aggregate, all creditor relationships may not have been identified. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

16. Undetermined Amounts. The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

17. Claims Description. Any failure to designate a claim listed in the Creditor List as "disputed," "contingent," or "unliquidated" does not constitute an admission by COFINA that such claim is not "disputed," "contingent," or "unliquidated" or that such claim is not subject to objection. COFINA reserves the right to dispute, or to assert setoff rights, counterclaims, or defenses to, any claim reflected in the Creditor List as to amount, liability, priority, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated," whether by amending the Creditor List or in another filing. Additionally, COFINA reserves its rights to object to any listed claims, including, without limitation, on the grounds they have been satisfied. Listing a claim does not constitute an admission of liability by COFINA, and COFINA reserves the right to amend the Creditor List accordingly.

18. Satisfied Claims. The identification herein of any creditor or claim amount does not constitute an admission by COFINA or the Oversight Board, as COFINA's representative, that COFINA has any ongoing liability to any party. Pursuant to the authority granted to the Oversight Board under PROMESA section 305, COFINA may have satisfied certain claims identified in the Creditor List in whole or in part since the Petition Date or may satisfy such claims in whole or in part in the future. In certain cases, therefore, COFINA has identified claims as contingent, unliquidated, and/or disputed out of an abundance of caution.

19. <u>Schedule Classification.</u>  The Creditor List divides COFINA's potential creditors and claimants into 4 separate schedules (collectively, the "<u>Schedules</u>"), as follows:

    A – Long Term Debt
    B – Insurers of Long Term Debt
    C – Swap Termination Claims
    D – Audit Fees

    The foregoing classifications are used for convenience of presentation and are not intended to be, and shall not be deemed to be, dispositive of the nature of any particular claim or obligation listed on any schedule.

*Summary of Schedules*

20. The Schedules are preceded by a summary that identifies, with respect to each Schedule, the aggregate estimated amount of the claims therein (if known) and the percentage that these liabilities represent of COFINA's total estimated liabilities on all of the Schedules.

*Schedule A – Long Term Debt*

21. Schedule A sets forth COFINA's outstanding bonds, which are represented by Bank of New York Mellon, the bond trustee.  The amount listed for such bonds includes outstanding principal and accrued interest as of April 30, 2017.

22. The description provided in Schedule A is intended only to be a summary.  Reference to the applicable bond agreements and related documents is necessary for a complete description of the bonds.  Nothing in these Global Notes or the Schedules shall be deemed a modification or interpretation of the terms of such documents.

23. The amount listed on Schedule A does not reflect amounts that were previously paid by insurers of the bonds and that may be owed by COFINA to such insurers pursuant to rights of subrogation.  Schedule A does not reflect any verification or evaluation of the specific rights of an insurer.

24. Schedule A does not reflect whether the individual creditors have a secured interest.

*Schedule B – Insurers of Long Term Debt*

25. The descriptions provided in Schedule B are intended only to be a summary of the creditors that insure a certain amount of the bond debt listed in Schedule A.  Reference to the applicable bond agreements and related documents is necessary for a complete description of the bonds.  Nothing in these Global Notes or the Schedules shall be deemed a modification or interpretation of the terms of such documents.

*Schedule C – Swap Termination Claims*

26. Schedule C sets forth claims against COFINA in connection with the termination of prepetition swap agreements.

*Schedule D – Audit Fees*

27. Schedule D sets forth claims against COFINA for fees related to prepetition audits.