UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND | |
| MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, et al., | (Jointly Administered) |
| Debtors.[1] | |

------------------------------------------------------------x

MEMORANDUM ORDER DENYING
ALVIN MARRERO-MÉNDEZ'S MOTION FOR RELIEF FROM STAY (DOCKET ENTRY NO. 952)

Before the Court is a motion filed by Alvin Marrero-Méndez (the "Movant") for relief from the automatic stay imposed by the filing of the above-captioned Title III case in an action, commenced on March 8, 2013, in the District Court for the District of Puerto Rico against three police officers sued in their personal and official capacities, captioned Marrero-Méndez v. Pesquera, et al., Civil Case No. 13-1203 (the "Lawsuit").  Although the Court is deeply mindful of the serious nature of the factual allegations underlying the Lawsuit, the Movant has not made the requisite showing of cause for relief from the automatic stay and, for the reasons explained below, the motion is denied.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

BACKGROUND

Movant, the named Plaintiff in the Lawsuit, filed the Lawsuit against three police officers in their personal and official capacities for alleged violations of the Establishment Clause of the First Amendment to the U.S. Constitution. (Case No. 17-3283, Docket Entry No. 952, Motion for Relief from Stay (the "Motion") at 1.) Specifically, Movant seeks monetary damages against the defendants in their individual capacities and equitable relief against defendants in their official capacities in connection with alleged violations of Movant's First Amendment rights during Movant's employment as a police officer in the Puerto Rico Police Department. (Id. at 1-4.) The District Court determined that the Lawsuit is subject to the automatic stay in its entirety. See Order (Docket Entry No. 131 in Case No. 13-cv-1203). Movant argues here that the automatic stay does not apply to the Lawsuit and alternatively, that cause exists to lift the automatic stay. (Id. at 3.) On August 22, 2017, the Commonwealth of Puerto Rico (the "Commonwealth") filed its objection (the "Objection") to the Motion. (Case No. 17-3283, Docket Entry No. 1130.) Movant subsequently filed a reply to the Debtor's Objection. (Case No. 17-3283, Docket Entry No. 1207.) The Court has reviewed the submissions thoroughly.

DISCUSSION

As a preliminary matter, the Court will not consider whether the automatic stay, established pursuant to Sections 362(a) and 922(a)(1) of the Bankruptcy Code, applies to the Lawsuit. That issue has already been decided by Judge Garcia-Gregory. See Order (Docket Entry No. 131 in Case No. 13-cv-1203). Specifically, Judge Garcia-Gregory entered an order finding that the automatic stay applies to the Movant's claims against the three police officers

because the Commonwealth, among other things, (i) represents the officers in the Lawsuit, through the Commonwealth's Department of Justice, and (ii) has assumed the costs of the representation and possibly the payment of an adverse judgement. (Id. at 1.) This order, which is the product of litigation between the Movant and the Respondent on the issue of applicability of the stay, collaterally estops Movant from relitigating that issue before the undersigned.

The Court now turns to the question of whether "cause" exists to grant the Movant relief from the automatic stay. Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district examine the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e,g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," "whether litigation in another forum would prejudice the interests of other creditors," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

The Sonnax criteria do not weigh in Movant's favor with respect to the continuation of the Lawsuit. The Lawsuit is not ready for trial, as dispositive motion practice has not occurred. Continuation of the Lawsuit thus would not necessarily result in an expeditious resolution of Movant's claims. Furthermore, any pretrial proceedings and a trial would require

the expenditure of Debtor resources, since the Debtor's Department of Justice represents the individual defendants and the interests of the Commonwealth, and would potentially disrupt the claims resolution process established by the bankruptcy code and incorporated into PROMESA. The interests of judicial economy and of the expeditious resolution of litigation therefore are not served by permitting the Lawsuit to continue. Movant's claims for equitable relief, moreover, implicate the operation of government functions, an area in which PROMESA affords territorial debtors deference and breathing space. See 48 U.S.C. § 2165 (providing that court may not interfere with "any of the political or governmental powers of the debtor"). Movant's unsecured claims for monetary relief can be liquidated and addressed through the claims process in this district court PROMESA Title III proceeding. Movant has not demonstrated that the harm from delay of liquidation and final determination of his claims outweighs the burden that would accrue to the Debtor by recommencement of full litigation of the Lawsuit.

Accordingly, the Court concludes that Movant has not demonstrated that cause exists for the automatic stay to be lifted to allow the Lawsuit to proceed. Movant's motion for relief from the automatic stay is denied.

[*Remainder of Page Intentionally Left Blank*]

CONCLUSION

For the foregoing reasons, Movants' motion for relief from the automatic stay is denied. The automatic stay continues in place as against all defendants in the Lawsuit. See 11 U.S.C. §§ 362(a) and 922(a). This Memorandum Order resolves docket entry no. 952 in case no. 17-3283.

SO ORDERED.

Dated: September 5, 2017

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge