UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA <br> Title III |
| THE FINANCIAL OVERSIGHT AND <br> MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, <br> et al., | (Jointly Administered) |
| Debtors.[1] | |

-------------------------------------------------------------x

ORDER

The Court has received the attached email and enclosed motion from pro se movant Pedro A. Vargas Fontánez, seeking relief from the automatic stay. Pursuant to the operative Case Management Order, motions for relief from the automatic stay must be accompanied by a certification, as required by Paragraph III.U, "that the movant has met and conferred with the Debtors regarding the requested relief." Paragraph III.U reads in pertinent part as follows:

> Subject to Paragraphs III.F and III.U, at least fifteen (15) business days prior to filing a Stay Relief Motion to continue a prepetition ordinary course civil action against a Debtor, the movant shall contact counsel for the Oversight Board (Attn: Hermann Bauer (Hermann.Bauer@oneillborges.com) and Ubaldo M. Fernández Barrera (ubaldo.fernandez@oneillborges.com)) and AAFAF (Attn: Diana M. Perez (dperez@omm.com) and Andrés W. López (andres@awllaw.com)) by electronic-mail

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

to advise them of the movant's intent to seek relief from the automatic stay (the "Lift Stay Notice" and the notice period, the "Lift Stay Notice Period").

The Lift Stay Notice shall include (i) the identity of the movant and its contact information, (ii) the claim(s), lawsuit(s), or other proceeding(s) for which movant seeks relief from the automatic stay, including the relevant case number and court information, (iii) the amount of the claim(s) and the asserted causes of action, (iv) a brief description of the status of the underlying claim(s), lawsuit(s), or proceeding(s), and (v) cause as to why the stay should be lifted.

During the Lift Stay Notice Period, the Debtors and the movant shall meet and confer (in person or telephonically) to attempt to resolve, in whole or in part, the movant's request for relief from the automatic stay.

If the Debtors consent to the movant's request for relief from the automatic stay, then the movant and the Debtors shall enter into a stipulation to lift the automatic stay and present such stipulation and proposed order pursuant to the Presentment Procedures set forth herein.

See Second Amended Case Management Procedures (docket entry no. 1065, Ex. 1).

The attached motion is not accompanied by this certification. Accordingly, the motion is denied without prejudice to renewal following the required meet-and-confer process. In light of the movant's pro se status, counsel for the Debtors is hereby ordered to contact the movant by **September 20, 2017**, in order to begin the meet-and-confer process.

SO ORDERED.

Dated: September 6, 2017

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:

Pedro A. Vargas Fontánez
G-14 Calle Bohío
Reparto Caguax
Caguas, PR 00725



**Fwd: MotionRequestingRelieffromStay**
**Pedro Vargas** to: swaindprcorresp 09/01/2017 12:49 PM

From: Pedro Vargas <pevarfon@gmail.com>
To: swaindprcoresp@nysd.uscourts.gov

---------- Forwarded message ----------
From: **Pedro Vargas** <pevarfon@gmail.com>
Date: Tue, Jul 25, 2017 at 3:17 PM
Subject: MotionRequestingRelieffromStay
To: swaindprcorresp@nysd.usccourts.gov
Cc: "Pedro A. Vargas" <pavargasechevarria@gmail.com>

Good afternoon:

Please see the attach document. Thanks for the consideration of the documents submitted

Truly yours,

Pedro A. Vargas-Fontánez
Reparto Caguax, G-14 Calle Bohio
Caguas, Puerto Rico 00725
(787)529-7309
pevarfon@gmail.com


scan0073.pdf

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>The FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br>THE COMMONWALTH OF PUERTO RICO, et al.<br><br>Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## MOTION REQUESTING RELIEF OF STAY

**TO THE HONORABLE COURT:**

COMES NOW the "Movant", Mr. **Pedro A. Vargas-Fontánez,** *pro se,* and respectfully **STATES and PRAYS as follow**:

### INTRODUCTION

1. Plaintiff applied for a vacant position in the civil service of the Commonwealth's of Puerto Rico Environmental Quality Board ( "PREQB"), classified as Deputy Human Resources Manager, on August, 2012. The interviews for the position were held during electoral "Veda", which began on Septembre 6, 2012. Ms. Damaris I. Miranda-Maisonave, who already ocupied a "trust" position in the PREQB, as Labor Relations Consultan since October, 2010; also applied for the aforementioned position and was interview by two (2) collegues "staff members" of the PREQB on the same as the "Movant", i.e. September 21, 2012.

2. Movant also worked for ten (10) years in the PREQB in various civil service positions since 1991 until 2001. On november 2001 he was transfered to the Commonwealth's Waste Management Authority, were he worked at the time PREQB interviews for the Deputy Human Resources Manager were held.

1

3. One of the two (2) interviewers of Miranda-Maisonave was Vilma Ojeda-Rodríguez, Special Aide of the PREQB's Executive Director and candidate for the civil service position, classified as Attorney I. The final administrative complection of Ojeda-Rodríguez transfer from a "trust" position to a civil service position hinged upon the interviewed candidate for the Deputy Human Resources Manager taking the Oath of Office, under her advice to the PREQB Executive Director, contrary to the Commonwealth's Governmental Ethics Law. Note that Miranda-Maisonave was Acting Human Resources Manager at the date the interviews for the Deputy Human Resources Manager were held.

4. Ms. Miranda-Maisonave was selected for the position although she had far less experience in the public service and even less in environmental related Human Resources Management. On september 21, 2012, Movant had duly acredited in his job application twenty nine (29) years of progressive experience in the Commonwealth's Government and twenty (20) of them managing the Human Resources of environment regulation/related agencies.

5. Movant submitted a timelly appeal to the "Comisión Apelativa del Servicio Público de Puerto Rico" ("CASPD" by its spanish acronym, Doc. No. 2012-11-0563, copy of which is included and a translation to the English language has been requested to the "CASP"-Exhibit I), exhausting the administrative remedies; in which he alleged "political discrimination" for not been hired due to his lack of New Progressive Party affiliation, in the alternative as a reprisal for having testified in the case of Lula Fernández-Fontán against the PREQB on April 2012, in which the "CASP" ruled against the PREQB (No. 2010-10-1888) and subsequently was upheld by the Commonwealths's Court of Appeals ( Admin. Rev. No. KLRA2014-00886) and in the alternative for age discrimination for been over forty (40) years old and all interviewers and the person finally selected for the position on october 9, 2012 were not forty (40) years and were biased against the older people for job purpuses.

2

6. The remedy prayed in the Movant's case at "CASP" was as follow: "**POR TODO LO CUAL** se solicita muy respetuosamente de esta Honorable Comisión que **declare nulo el proceso de reclutamiento del Sub-Gerente de Recursos Humanos y se Ordene a la "JCA" que vuelva a llevar a cabo un proceso de reclutamiento con entrevistadores idóneos que no maculen el proceso con elementos ajenos al principio del Mérito y contrarios a la ley de Ética Gubernamental** y cualquier otro pronunciamiento que en derecho proceda." **Translate to English is as follow:** "Wherefore it is respectfully prayed of this Honorable Commision **a declaration of nullity of the recruitment process for the Deputy Human Resources Manager and issue an Order to the "EQB" to make another recruitment process with duly interviewers who do not taint the recruitment process with foreign elements to the Merit Principle and contrary to the Governmental's Ethics Law,** and any other pronouncement that in law applies." (An official English translation has been requested from the "CASP" and is forthcoming. See Exhibit I)

7. Meanwhile, Miranda-Maisonave was fired by the PREQB on march 2014 for failing to comply with the Law 184, August 3, 2004 in securing a "dispensa", a leave for proceed with the recruitment of the Deputy Human Resource Manager and other three (3) members of the PREQB "Trust Staff" at less than a month to the General Elections." (See Civil Action No. 14-1745, P.R. District Court, included as Exhibit II.)

8. Miranda-Maisonave also appealed to the CASP in three (3) ocasions, one (1) on 2014 (2014-03-1295) and two (2) on 2016 alleging political discrimination by the Partido Popular Democráticos (PDP) incumbents. (Nos. 2016-09-0404, 2016-09-0431.) The "CASP" has consistently deny to "movant" access to the administrative file of Miranda-Maisonave, although it was requested by motion several times. A copy of those appeals is not availiable to include with the present.

3

9. On July 27, 2015 Miranda-Maisonave also sue PREQB in the Commonwealth's Court of First Instance claiming damages for wrongful termination and mental anguish. (Civil No. KPE2015-2740 copy of which is included as Exhibit III)

10. For instance, during the month of August 2016 the opposite of what has happen previously ocurred on October 9, 2012 in the PREQB. Ms. Marta Beltrán-Dones, then Labor Relations Counselor was interviewed to fill the vacancy of the Deputy Human Resources Manager, by a fellow "trust staff" member and was selected over Miranda-Maisonave who also applied for the position. At that time the interviewer of Beltrán-Dones was not competing for a civil service position in the PREQB, so that the helping hand of Beltrán-Dones would not be of aid to complete interviewers transfer to a civil service position. For instance, the complection of Beltrán-Dones transfer to a civil service position was completed before the "Veda electoral" began on September 6, 2016.

11. As can be observed by the succinct exposition of the material facts, the case at hand is not for a grant of an amount of money to the movant nor retroactive disbursement of public money, as the inevitable result seeked in the caso <u>Miranda-Maisonave v. EQB</u>, No. 2014-03-1295, at a rate of $5,235.00 monthly payments, a salary above the basic pay schedule which is $3,214.00 monthly. Without considering the corresponding overhead cost of Social Security employer's contribution, retirement employer contribution, medical insurance employer share, bonuses, etc.; make Miranda-Maisonave case No. 2014-03-1295 more suitable for the PROMESA automatic stay, although the PREQB has not yet submitted a "AVISO DE PARALIZACION" on that case.

12. On August 29, 2016 the "CASP" Associate Commissioner Héctor A. Santiago González issued an ORDER, that corcerning the appellee PREQB states as follow: "En un término de veinte (20) días calendario, contado a partir de la fecha de archivo en autos de la presente, se le ordena mostrar causa por la cual no debamos anotarle la rebeldía y/o imponer una sanción económica, por

4

incumplimiento con el Artículo II Sección 2.5 de nuestro Reglamento Procesal Núm. 7313 y no haber radicado la contestación a la apelación y radicar la misma con sus defensas y alegaciones." (Copy of which is included as Exhibit IV, and official translation to the English language was requested to the "CASP" and is forthcoming.) Up to this date PREQB has not shown cause for not been noted in default and no sanctions were assessed. The dispositive action is still pending.

13. As ancilliary matter in the Movant's case at "CASP", the legal representation of the PREQB refuse to admit that he had notarized the Oath of Office of Miranda-Maisonave on October 9, 2012, with the two (2) thousand dollars salary hike autorized in the instrument. (See copy include as Exhibit III). This is a serious Ethical concern and has been object of a "Motion of Disqualification" which is pending in the "CASP" since June 9, 2017.

14. On July 19, 2017 the "CASP" Associate Commissioner Héctor A. Santiago González issued an ORDER, directed to the appellant, here "movant" which states among other things as follow: "Conforme a lo anterior, en un término de veinte (20) días calendario, contado a partir de la fecha de autos en autos (sic) de la presente, se le ordena a la parte Apelante a que muestre causa por la cual no debamos desestimar y archivar la presente apelación por academicidad. Su desvinculación del servicio por jubilación convertiría en académica la presente apelación." (Copy of which is included as Exhibit V, and official translation to the English language is forthcoming.)

15. On July 22, 2017, movant receive a copy of the "AVISO DE PARALIZACION DE LOS PROCEDIMIENTOS POR VIRTUD DE LA PETICION PRESENTADA POR EL GOBIERNO DE PUERTO RICO BAJO EL TITULO III DE LA LEY PROMESA" (Notice of PROMESA Stay) submitted by the PREQB on July 21, 2017 to the "CASP", copy of which is included as EXHIBIT VI, and official English translation have been requested from the "CASP"and is forthcoming.)

16. The Court may take judicial notice of the Motion Requesting Relief from Stay presented on june 21, 2017, by Mr. Javier Pérez-Rivera, Doc. no. 383, that was also in relation to a case pending at the "CASP".

17. The Court may also take judicial notice of the Memorandum Order Granting Motion of Javier Perez-Rivera for Relief of the Automaitc Stay, entered in the present case on July 12, 2017 DOC No. 620, in which, among other things, Judge Laura Taylor Swain, granted Pérez-Rivera ("Movant" on that case) motion: "...to the extent that the stay is lifted to allow the rendering, but not the enforcement, of an award in the arbitration proceeding. This relief is without prejudice to a further application to this court following such determination."

18. Section 362(d)(1) of Title 11 of the United States Code, made applicable in this proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause".

19. To determine whether cause exist to lift the bankruptcy stay, courts in this district rely on the factors first enumerated by the United Staes Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F2d. 1280, 1286 (2nd. Cir 1990)

20. Among the factors to be considered by the Court to lift the bankrupcy stay are the following: 1) Whether the relief will result in partial resolution of the issues, 2) lack of any connection with or interference with the bankrupcy case... 4) whether a specialized tribunal has been established to the particular cause of action and that tribunal has the expertise to hear such cases... 9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor, 10) the interesst of judicial economy and the expeditious and economical determination of litigation for the parties, 11) whehter the foreign proceedings has progressed to the point that where the parties are prepare for trial, 12) the impact of the stay on the parties and 13) the balance of hurt. C & A, S.E. v. Puerto Rico Waste Management Authority, 369 B. R. 87, 95.

6

21. As a pensión earner from the Commonwealth's Retirement System, the fair opportunity to compete for a job to which the "movant" is extraordinarily suited, in the wake of threats of pension cuts is an urging matter to be resolve without further delay and pose no further restrictions to the ongoing bankruptcy litigation.

22. For almost five (5) years the Commonwealth's government had an opportunity to rule on the lawfulness of the recruitment process to the Deputy Human Resources Manager in the PREQB in the sucesive electoral years of 2012 (NPP transition to PDP) and 2016 (PDP transition to NPP). The lawfuness of the recruitment process for filling the vacancy of Deputy Human Resources Manager at the PREQB on October 9, 2012 is a two prone inquiry. Once the issue of appointment, at almost three weeks before the general election of 2012 on November 6, 2012, there still remains the adjudication of the use of public office to advance the person's own private interest. Justice well serve deserve that prior to reinstatement and the disbursement of further public money, (that in fact amounts to two thousand dollars monthly hike over the schedule beginning step), requires that the discrimination prone of the case be adjudicated by the specialized administrative forum designed by law to resolve the matter without further delay.

23. Movant is not a public bonds investor.

24. Movant's claims does not has any relation with the debts that prompted PROMESA.

25. The stay on Movant's claims cause irreparable harm in view of the inminent cut in his pension and the fact that he is still able to compete (in a leveled field) for a position in his chosen profession as Human Resources Specialist in environmental/goverment setting.

26. The Court can take judicial notice of the emigration increase to the "mainland" during the las five (5) years. The emigrant profile is of younger professional workers. For those high skilled professionals, like movant, who strive to remain in the island and contribute with its economical recuperation, a fair change to make a living without false expectations in the employment

7

oportunities in the government must be accorded. After thirty (30) years of civil service career there is much to offer for the aging citizen like movant.

27. The U.S. Supreme Court has ruled, among other things that: "Although the right to hold a specific private employment and to follow a chosen profession free from unreasonable interference comes within the "liberty" and "property" concepts of the Fifth Amendment( internal quotations omitted), respondents contend that the admitted interferences which have occured are indirect by-products of necessary governmental action to protect the integrity of secret information and hence are not unreasonable and do not constitute deprivations within the meaning of the Amendment... The issue, as we see it, is whether the Department of Defense is authorized to create an industrial security clearance program under which affected persons may lose their jobs and may be restrained in following their chosen professions on the basis of fact for clearance made in proceedings in which they are denied the traditional procedural safeguards of confrontation and cross-examination." Greene v. McElroy, 360 U.S. 474, 492-3 (1959).

28. The Court can take judicial notice of the visiting Judge Young words concerning the overbreath in the application of the automatic stay in the current situation of Puerto Rico which is "unique and challenging," although it involves an operating government which must *still* respect constitutional rights. *Cruz-Rodríguez Administración de Corrección et al, Case No. 17-01464 (WGY), at page 3*: "In Puerto Rico's unique circumstances, any overbreadth in the application of the automatic stay .... may possibly transgress the constitutional rights of United States citizens. Let's be clear - the Commonwealth continues to be a viable government. Its citizens continue to enjoy all their constitutional rights .... whatever may happen to their monetary claims against the Commonwealth."

8

**WHEREFORE**, "MOVANT" respectfully request that the court enter an order granting relief from the authomatic stay allowing Mr. Vargas-Fontánez to continue his employment case and further reliefs as the Court deems proper.

**CERTIFIED:** That copy of this motion has been sended to **swaindprcorresp@nysd.usccourts.gov,** which through the main desk will serve notice electronically to all counsels of record in the case.

In Caguas, Puerto Rico July 25, 2017.

                                                                                              _____
                                                                                              **PEDRO A. VARGAS FONTÁNEZ/ pro se**
                                                                                              G-14 Calle Bohío
                                                                                              Reparto Caguax
                                                                                              Caguas, PR  00725
                                                                                              C: 787 529-7309
                                                                                              e-mail: pevarfon@gmail.com

9