**<u>Exhibit A</u>**

**Motion**

Case:17-03283-LTS   Doc#:1253-1   Filed:09/08/17   Entered:09/08/17 17:59:33   Desc:
Exhibit A   Page 1 of 11

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No. 244, 537**<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA")<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS<br><br>**This Motion relates only to HTA and shall be filed in the lead Case No. 17 BK 3283-LTS and Case No. 17 BK 3567-LTS** |

## URGENT MOTION OF THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY FOR ENTRY OF ORDER EXTENDING DATE TO FILE CREDITOR LIST

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Highways and Transportation Authority ("HTA"), as a debtor in the above-captioned title III cases, by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the debtor's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this urgent motion (the "Motion"), pursuant to sections 105(a) and 924 of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these cases by PROMESA section 301(a), and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to these cases by PROMESA section 310, for entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "Proposed Order"), extending the date by which HTA must file its full list of creditors with claim amounts pursuant to Bankruptcy Code section 924 (the "Creditor List") by an additional 46 days to October 31, 2017.

## Jurisdiction and Venue

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2. Venue is proper pursuant to PROMESA section 307(a).

3. The statutory predicates for the relief sought herein is Bankruptcy Code sections 105(a) and 924, made applicable to these title III cases by PROMESA section 301(a), and Bankruptcy Rule 1007, made applicable to these title III cases by PROMESA section 310.

---

[2]   PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

**Background**

4.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to section 304(a) of PROMESA, commencing a case under title III thereof (the "Commonwealth's Title III Case").

5.      On May 5, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Puerto Rico Sales Tax Financing Corporation ("COFINA") pursuant to PROMESA section 304(a), commencing a case under title III thereof ( "COFINA's Title III Case").

6.      On May 21, 2017, the Oversight Board issued restructuring certifications pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for HTA and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS" and together with the Commonwealth, COFINA, and HTA, the "Debtors") pursuant to PROMESA section 304(a), commencing cases under title III thereof (the "Additional Title III Cases," and, collectively with the Commonwealth's Title III Case, COFINA's Title III Case, the "Title III Cases").

7.      On June 1, 2017, the Court entered an order granting the joint administration of the Commonwealth's Title III Case and COFINA's Title III Case, for procedural purposes only [ECF No. 242].

8.      On June 29, 2017, the Court entered an order (a) granting the joint administration of the Additional Title III Cases with the title III cases of the Commonwealth and COFINA for procedural purposes only and (b) making certain pleadings filed, and the orders entered respectively therewith, in the title III cases of the Commonwealth and COFINA applicable as

though filed or entered in the Additional Title III Cases [ECF No. 537] (the "Additional Debtors Joint Administration Order"). Pursuant to the Additional Debtors Joint Administration Order, the Court fixed September 15, 2017, as the deadline by which HTA must file its Creditor List.

**Relief Requested**

9.      By this Motion, HTA seeks entry of an order, substantially in the form of the Proposed Order, extending the date by which it must file its Creditor List by 46 days to October 31, 2017.

**Basis for Relief**

10.      Bankruptcy Code section 924, made applicable to these Title III Cases by PROMESA section 301(a), provides a "debtor shall file a list of creditors." 11 U.S.C. § 924. Further, under Bankruptcy Rule 1007(a), made applicable to these Title III Cases by PROMESA section 310, a debtor in a voluntary case must "file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H as prescribed by the Official Forms." Fed. R. Bankr. P. 1007(a)(1). While the Bankruptcy Code is silent on when a chapter 9 debtor must file the creditor list under Bankruptcy Code section 924, Bankruptcy Rule 1007(e) provides the Court shall fix the time by which the debtor must file the list of creditors under Bankruptcy Rule 1007(a). See Fed. R. Bankr. P. 1007(e).[3]

11.      HTA is responsible for constructing, operating, and maintaining roads, bridges, avenues, highways, tunnels, public parking, tolls, and other transit facilities in Puerto Rico. HTA

---

[3]   Bankruptcy Rule 1007(e) specifically refers to a "debtor in a chapter 9 municipality case." Because PROMESA incorporates numerous provisions that are applicable to chapter 9 debtors, the provisions of Bankruptcy Rule 1007(e) should apply here. Alternatively, to the extent Bankruptcy Rule 1007(e) is inapplicable to these Title III Cases, this Court may grant the relief requested in this Motion pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rule 1007(a)(5). Bankruptcy Rule 1007(a)(5) provides "any extension of time for the filing of the lists required by [Bankruptcy Rule 1007(a)] may be granted only on motion for cause shown," and Bankruptcy Code section 105(a) provides this Court with broad powers to enter any order "necessary and appropriate" to facilitate the administration of a bankruptcy case.

and its employees provide an integrated transportation system to Puerto Rico and its people. To prepare its Creditor List, HTA must compile information from books, records, and other documents that are voluminous and often not electronically accessible, which will require HTA and its advisors to manually review the information. HTA estimates that its Creditor List may contain over 10,000 creditors. As a result, collection of the necessary information has required a considerable expenditure of time and effort thus far. Due to unforeseen circumstances, including the recent passage of Hurricane Irma, and competing demands with respect to the ongoing Title III litigation involving HTA, paired with the considerable number of HTA's potential creditors, HTA requires additional time to prepare its Creditor List.

12.     While HTA intends to complete its Creditor List as quickly as possible under the circumstances, HTA requests an extension of the date by which it must file its Creditor List by 46 days to October 31, 2017, without prejudice to HTA's right to seek further extensions. HTA believes this extension is in the best interests of HTA and its creditors because having a comprehensive and accurate Creditor List at the outset will facilitate an efficient claims reconciliation process, which is necessary to the fair and expeditious administration of HTA's Title III case.

## Notice

13.     HTA has provided notice of this Motion to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) counsel to the statutory committees appointed in these Title III Cases; (d) the Office of the United States Attorney for the District of Puerto Rico; (e) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority; (f) the Puerto

Rico Department of Justice; (g) the Other Interested Parties;[4] and (h) all parties filing a notice of appearance in these Title III cases. HTA submits that, in light of the nature of the relief requested, no other or further notice need be given.

*Remainder of Page Intentionally Left Blank*

---

[4]   The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

WHEREFORE, HTA respectfully requests the Court enter the Proposed Order

(a) extending the date by which HTA must file its Creditor List to October 31, 2017; and

(b) granting HTA such other relief as is just and proper.

Dated: September 8, 2017
San Juan, Puerto Rico

Respectfully submitted,

*/s/Martin J. Bienenstock*

Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Maja Zerjal
(Admission Pro Hac Vice)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

*/s/Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

## Exhibit 1

## Proposed Order

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO**

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**Re: ECF No.** _____

### ORDER EXTENDING DATE FOR THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO FILE CREDITOR LIST

Upon the *Urgent Motion of the Puerto Rico Highways and Transportation Authority for Entry of Order Extending Date to File Creditor List* (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of HTA, its creditors, and other parties in interest; and the Court having found that HTA provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]   Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

merits; and upon the record herein, after due deliberation thereon, the Court having found that

good and sufficient cause exists for the granting of the relief set forth herein,

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      On or before October 31, 2017, HTA shall file its full list of creditors with claim

amounts pursuant to Bankruptcy Code section 924 (the "Creditor List"), made applicable to these

Title III Cases by PROMESA section 301(a). Upon the filing of the Creditor List, HTA shall be

deemed to have satisfied all requirements under Bankruptcy Code section 924.

3.      The relief granted herein is without prejudice to HTA's right to seek further

extensions of time to file the Creditor List, to file a motion to modify the contents of the Creditor

List, or to amend the Creditor List during these Title III Cases.

4.      Notwithstanding the applicability of any Bankruptcy Rule, the terms and

conditions of this order shall be immediately effective and enforceable upon its entry.

5.      The Debtors and the Oversight Board, as the Debtors' representative, are

authorized to take all actions, and to execute all documents, necessary or appropriate, to

effectuate the relief granted in this order in accordance with the Motion.

6.      This Court shall retain exclusive jurisdiction to hear and determine any and

all disputes related to or arising from the implementation, interpretation, and enforcement

of this order.

Dated: _____, 2017

                                       _____

                                         HONORABLE LAURA TAYLOR SWAIN
                                         UNITED STATES DISTRICT JUDGE

11