# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERT RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    As representative for<br><br>THE COMMONWEALTH OF PUERTO RICO<br>    Debtor | PROMESA<br>Title III<br><br>NO. 17-BK-3283-JTS |

## MOTION FOR RELIEF FROM STAY

**THE HONORABLE CURT:**

**COMES NOW, José Enrique Ortiz Rivera, (hereinafter "Movant")**, and respectfully moves for an Order pursuant to 11 U.S.C. §362 for relief from the Automatic Stay and, in support of its motion, states and prays as follows:

    1.   On September 13, 2015 The Commonwealth of Puerto Rico (hereinafter "ELA") seized Movant's vehicle.

    2.   On October 16, 2015, the ELA notified Movant of the forfeiture of his motor vehicle 2002 Ford Pickup model 450-Harley Davidson (hereinafter the "Vehicle") pursuant to an alleged violation of Article 15.3 of Law No. 8 of August 5, 1987 ("Law for the Protection of Vehicular Property"), in the Coamo Municipality, and other violations that were incorporated in the notice of forfeiture.

    3.   On November 9 of 2015, Movant filed a complaint against the ELA, in the case of *José Enrique Ortiz Rivera v. Estado Libre Asociado de Puerto Rico*, B Civil # AC2015-0045, under the Uniform Forfeiture Act of 2011, 34 L.P.R.A. §1724 et seq., before the Court of First Instance

of the Municipality of Aibonito ("First Instance Court") to contest and impeach the forfeiture of his Vehicle as a result of the criminal investigation.

4. Movant's basis for contesting the forfeiture was due to an illegal and irrational forfeiture by the ELA.

5. On November 23, 2015 Movant served summons against defendant. On November 25, 2015, Movant made a $500.00 deposit in the Court, as required by the Forfeiture Board, as a bond during the forfeiture process, so that the Vehicle could be protected from irregular used or damages during the judicial proceeding.

6. On November 30, 2015, in a First Instance Court Resolution that was notified on December 8, 2015 ("the Resolution"), the Court prohibited ELA from make use of Movant's Vehicle.

7. On February 3, 2016, Movant notified the Court that ELA was acting in contempt of the Court's Resolution by making use of the forfeited Vehicle. Furthermore, Movant notified the Court that ELA had removed from Movant's Vehicle a music system and other parts of the vehicle, as well as its original truck labels.

8. On March 7, 2016, the First Instance Court held the final hearing. After the hearing, the Court held judgment in favor of Movant, finding ELA responsible for the Vehicle's damages (dismantlement and exterior damages). Exhibit 1.

9. The First Instance Court's judgment included an order to the ELA to deliver the Vehicle to Movant who is the Vehicle's owner, in the same original conditions that it was when the forfeiture took place. The First Instance Court also ordered ELA to replace any and all of the parts that where removed from the Vehicle during the time was in ELA's possession or in the alternative, to compensate Movant for the value and cost to replace the parts removed from the Vehicle. In addition the Court ordered ELA to deliver the bond that Movant had delivered.

Movant, is the sole owner of the Vehicle, and the same is under his name and proved enough information to have standing for his claim and obtained judgment.

10. On May 31, 2017, ELA filed a motion informing the Court in the forfeiture case that it had filed a bankruptcy petition under Title III of Puerto Rico Oversight, Management, and Economic Stability Act (hereinafter "PROMESA"), Case no. 17-1578 ("Petition"), and that the filing of the Petition would have the effect of enforcing an automatic stay pursuant to Section 301(a) of PROMESA ("Section 301(a)").

11. However, as of today, ELA has refused to comply with the First Instance Court's Judgment, by alleging that there is a Stay Order under PROMESA[1] that prevents Movant from obtaining possession of his vehicle and the remedies granted by the Court's judgment.

12. Movant hereby requests this Honorable Court that the Automatic Stay be lifted in Civil Case No. KAC2017-0090 for impeachment of forfeiture for the following reasons of law stated herein.

13. Section 362(d)(1) of Title 11 of the United States Code, which is made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for Cause." This Court has applied the factors set in *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2nd Cir. 1990).

14. The automatic stay in this case should be lifted pursuant to 11 U.S.C. §362 (d)(1) for cause, because: (1) relief would result in complete issue resolution; (2) there is no economic impact upon the Government by complying with the Courts Order; (3) specialized tribunal with necessary expertise already entered a Final Judgment in favor of Movant and only remains to be executed; (4) such compliance will not interfere with the Bankruptcy under PROMESA nor will prejudice other creditors, and (5) in the balance of harms, Movant will suffer an irreparable harm

---

[1] Section 301 (a) states that, among other things, 11 U.S.C. §362 of the United States Bankruptcy Code is applicable to petition under Title III of PROMESA.

if the Stay is not lifted and there is a Government's lack of adequate protection upon the vehicle.

15. In accordance with 11 U.S.C. §362 (d)(2), the automatic stay should be lifted since many of the factors set forth in *In re Sonnax Indus., Inc*. are met in the instant case and ELA has no proprietary interest in the seized Vehicle, as the forfeiture has been rendered null and void by the First Instance Court. Neither is the Vehicle necessary to an effective reorganization of the ELA.

16. Furthermore, the Forfeiture Board returned the bond to Movant and the Judgment orders ELA to return Movant the possession of the Vehicle.

17. As Movant has been allowed to obtain possession of his Vehicle by the Court Order the relief sought would result in the complete resolution of the controversy.

18. Moreover, the First Instance Court already rendered a Final Judgment in this case, so no further judicial proceeding is needed to comply with the judgment.

19. Should relief be denied, Movant will continue suffering irreparable damages since the Vehicle could be sold in public auction by ELA, involving a third party acquirer, and once sold, Movant would be entitled to the appraised value, which is typically under 50% the real value, and payment by ELA would take over 18 months to be made after the order.

20. This Honorable Court already lifted the Stay in a similar proceeding at Docket 280, to allow the return of a confiscated vehicle in a proceeding that was pending for a Summary Motion.

21. In the instant case an Order through a Judgment had already been rendered but this time Movant is unduly burdened with the risk of loss in case he cannot recover the possession of his Vehicle in a timely manner despite successfully having contested the ELA forfeiture before the First Instance Court.

**WHEREFORE**, for the reasons set forth above, Movant respectfully requests that this Court enters an order: granting relief from the automatic stay allowing Movant to enforce the First Instance Court judgment pursue in order to obtain the immediate possession of his Vehicle, and to pursue any such additional actions as may be necessary with respect to his Vehicle, and for such

other and further relief as this Court deems appropriate.

**RESPECTFULLY SUBMITTED,** in San Juan, Puerto Rico, this 8th day of September 2017.

                                                 s/ Francisco L. Charles-Gómez

                                                 USDC-PR-303211
                                                 ***Charles Gomez Law Office, LLC***
                                                 P.O. Box 1360
                                                 Trujillo Alto, P.R. 00977
                                                 fcharleslaw@gmail.com