1607 Ponce de León Ave. 787.725.3785 P.O. Box 19857
Cobian Plaza Bldg. 787.721.6965 San Juan, PR 00910
Suite 109 f. 787.725.6780
San Juan, PR 00909 e. translators@ctipr.net

EXHIBIT 1

I, JUAN LUIS LLAGOSTERA, Certified Court Interpreter and Translators, certified pursuant to the provisions of Public Law 95-539, otherwise known as the Court Interpreters Act; enacted in 1978, do hereby certify that **CONFISCATION IMPEACHMENT JUDGMENT OF JOSÉ ENRIQUE ORTÍZ RIVERA VS CÉSAR MARÍN** in his capacity as **SECRETARY OF JUSTICE OF THE COMMONWEALTH OF PUERTO RICO** is a true and correct translation of its originals.

AND SO TO MAKE IT KNOWN, I hereby affix my official seal hereonto and sign this document today, August 21, 2017.



CERTIFIED TRANSLATION

COMMONWEALTH OF PUERTO RICO
FIRST INSTANCE COURT
AIBONITO SUPERIOR PART

| | |
|---|---|
| **JOSÉ ENRIQUE ORTÍZ RIVERA**<br>Plaintiff | Civ. No.: **B AC2015-0045** |
| Vs. | RE: |
| **CÉSAR MARÍN** in his capacity as **SECRETARY OF JUSTICE OF THE COMMONWEALTH OF PUERTO RICO**<br>Defendants | CONFISCATION IMPEACHMENT |

# JUDGMENT

On November 9, 2015, the captioned complaint was filed under the Uniform Confiscation Act of 2011, Act No. 119-2011, as amended, impeaching the confiscation of a Ford motor-vehicle, model F-450, license plate H32644, 2002. As alleged in the complaint, the notification of the confiscation was made on October 16, 2015. On said notification it was alleged that the vehicle had been used in violation of Article 15.3, Act No. 8 of August 5, 1987, known as "Act for the Protection of Vehicular Property".

It comes from the record that party defendant was duly notified of the complaint, through personal delivery on November 23, 2015. On November 25, 2015, plaintiff deposited at the Clerk's Office of the Court $500.00 on behalf of the defendant Commonwealth, as guarantee within the handling of the confiscation. On November 30, 2015, notified on December 8, 2015, this Court

CIVIL NO. B AC2015-0045
JUDGMENT

issued a Resolution forbidding the Commonwealth of Puerto Rico to dispose of the confiscated vehicle. On February 1, 2016, the Commonwealth filed its answer to the complaint.

On February 3, 2016, party plaintiff notified the Court through Motion that it had found out that the Commonwealth of Puerto Rico was using the confiscated motor vehicle to transport to the town of Guayama certain all terrain four tracks confiscated. As well as the music equipment and other parts had been dismantled, thus decreasing the same in opened violation of the Order issued by the Court.

The corresponding hearing was held on March 7, 2016 and we determined through a Resolution dated March 16, 2016 that plaintiff had standing for the impeachment filed, so that it was ordered to continue with further proceedings in the case. After several handling steps, the full hearing was scheduled for March 6, 2017.

Pursuant to the evidence shown during the hearing, we present below the following finding of facts.

### FINDING OF FACTS

1. On October 6, 2015, the Commonwealth, notified plaintiff José Enrique Ortíz Rivera, the confiscation of his motor vehicle and alleged that said vehicle had been used in violation of Article 15.3 of Act 8-1987 in the Municipality of Coamo. "...Further, it violated Act #8 of August 5, 1987, as

2

CIVIL NO. B AC2015-0045
JUDGMENT

amended, known as the "Act to Protect Vehicular Property". The certificate of Inspection of Motor Vehicles issued on September 14, 2015, states that it has the "Federal Label" tag mutilated and the inside of a Ford 250 Harley Davidson, with liens of robbery (complaint 2012-13-010-5954); it has the front side of the hood, fenders, grid and the bumper modified".

2. Plaintiff José Enrique Ortíz Rivera acquired the vehicle object of the confiscation on or about September, 2012.

3. The inside of the vehicle were acquired by plaintiff through purchase made to Mr. Anel Rivera in 2012, in the amount of $950.00. He in turn, acquired them through purchase on March 16, 2007, at the business establishment Willy Parts Service. Said business establishment was located on 136 Gorrión Street of Bairoa Ave., in Caguas, Puerto Rico.

4. Plaintiff acquired the parts allegedly modified in said vehicle, to wit, hood, fender and bumper in Caguas Expressway Motors for $953.38.

5. The federal identification tags of the vehicle were not mutilated at the time of the confiscation, later on, the mentioned tags were altered while it was confiscated by the State.

6. Being the vehicle confiscated and therefore, under the custody of the State, the music equipment was removed, consisting in speakers, sound amplifying plants, door speakers, boxes, electronic radio valued in $4,000.00. Also the upholstery was altered and the power windows.

3

CIVIL NO. B AC2015-0045
JUDGMENT

Based on the preceding determinations, we outline the law applicable to the controversy.

## APPLICABLE LAW

In our code, confiscation is an action performed by the State over the right to property over any asset that had been used in relation to the commission of determined crimes. *Centeno Rodríguez v. ELA,* 170 DPR 907, 912-913 (2007). The confiscation procedure is regulated by the Uniform Confiscation Act, Act No. 119-2011, as amended, (34 LPRA sec. 1724, et seq.). It constitutes an act of justice for the benefit of society which has been harmed by criminal actions. The confiscation not only has the intention to avoid that the confiscated vehicle or property could be used again for illegal purposes, but also it serves as punishment to dissuade criminals. Confiscation seeks and reflexes a punishing purpose. Id., p. 913.

The confiscation procedure has a civil or in rem character. It is directed against the object itself and not against the owner or the person with any legal interest on the asset. Regardless of the character of the confiscation, it has been established that the confiscating statutes must be restrictively interpreted, inasmuch as the procedures filed with the purpose of confiscating the property of an individual, due to a crime committed by him, even civil in its form, has a criminal nature. Id.

Particularly, Article 8 of Act 119-2011 expressly provides that:

4

CIVIL NO. B AC2015-0045
JUDGMENT

> The Confiscation process shall be a civil one directed against the assets and regardless of any other purpose of a criminal, civil or administrative nature that may be filed against the owner or possessor of the confiscated goods under the provisions of any act authorizing the confiscation of assets by the State.

Likewise, Article 5 of Act 119-2011 provides that the process of confiscation shall be presumed legal and correct independently from any criminal, administrative case or against any other proceeding related to the same facts. Therefore, it behooves plaintiff to carry the burden of the evidence to defeat the legality of said presumption. (34 LPRA sec. 1724).

Our code contemplates several confiscatory ways. The Uniform Confiscation Act authorizes the confiscation action on behalf of the State when the property is related to the commission of determined crimes. On the other hand, the State also has the faculty to seize motor vehicles under the Act for the Protection of Vehicular Property, Act No. 8 of August 5, 1987, as amended, even when the vehicle has not been used in the commission of a crime. Specifically, Art. 14 of Act 8, supra, establishes that the law enforcement agents may, in certain circumstances, detain and inspect and retain for investigation any vehicle or part thereof, for a reasonable term, not to exceed thirty (30) calendar days.

As to this last part it has been established that even when the vehicle has not been used in the commission of a crime, the same could be seized by law

5

CIVIL NO. B AC2015-0045
JUDGMENT

enforcement agents, and later on confiscated, when one or more of the circumstances detailed in the mentioned Art. 14 would be present. *First Bank v. ELA,* 164 DPR 835, 846-847 (2005). One of the circumstances in which the State may seize property is when "[s]ome of the serial numbers of identification for the vehicle or essential parts thereof which are on sight had been erased, mutilated, altered, substituted, overlaid, loosen, adapted or in any manner modified". *Art. 14 (3) of Act #8, supra.*

In its pertinent part, Art. 21 of said Act (9 LPRA sec. 3220), provides that:

> Any person who voluntarily or willingly owes any part or motor vehicle with the motor or serial numbers, or any other identification number printed by the manufacturer or maker or assigned by the Secretary of the Department of Transportation and Public Works, erased, mutilated, destroyed, loosen or in any manner modified shall incur in a misdemeanor crime.

As to said provision in *Centeno Rodríguez v. ELA, supra,* the Supreme Court determined that before ordering the return of a motor vehicle whose parts had the identification numbers erased, mutilated, altered, destroyed, loosen or in any manner modified, it behooves the Instance forum to hold an evidentiary hearing where plaintiff may rebut the presumption of legality as such, of all such parts. To that effect the Appeals Court has stated the following: "due to the fact that possession of motor vehicle that has the identification number erased, mutilated, altered, destroyed, loosen, or in any manner modified, constitutes

6

CIVIL NO. B AC2015-0045
JUDGMENT

prima facie evidence of its voluntary possession (9 L.P.R.A. § 3320), this presumption must be rebutted at the evidentiary hearing and shall be plaintiff who shall have the weight of the evidence to show that its holding said parts is legal." Cited from the Judgment of the Appeals Court in *Cruz Canales v. ELA*, 2012 TA 239, which we incorporate to our determination due to its dissuasive value.

Having analyzed the findings of facts under the light of the applicable law, below is our analysis and determination.

## ANALYSIS AND CONCLUSION

During the Full Hearing, plaintiff Ortíz Rivera produced evidence showing the legitimacy of the acquisition and legal holding of the parts which motivated the seizure, as well as the existence of legible federal identification seals, prior to the confiscation and its partial removal after the confiscation.

As we have determined, the parts were purchased in bona fide businesses establishments and it is so shown on the receipts presented into evidence.

Defendant, Commonwealth of Puerto Rico, did not file any evidence of its allegations during the trial. It was not able to rebut the testimonies of the witnesses, nor of party plaintiff through the cross-examination performed. So that we determine that plaintiff José Enrique Ortíz Rivera, was able to rebut the legislative presumption of illegality of the parts which provoke the confiscation

7

CIVIL NO. B AC2015-0045
JUDGMENT

showing the required evidence to that effect by the Act for the Protection of Vehicular Property and its interpretative jurisprudence.

On the other side, it comes forth from the handling of this case, that after filing the complaint for impeachment on November 9, 2015, and the filing on November 25, 2015, of the bond required on confiscation cases, the Court issued a Resolution on December 8, 2015, banning the Commonwealth of Puerto Rico from disposing of the seized vehicle. Despite the express order by the Court, it was shown that the Commonwealth allowed the use of the same and that being the vehicle under its custody, the same suffered considerable damages.

The Court concludes that the State was bound to see to the integrity of the seized vehicle, since it was in its possession when literary its interior and part of its exterior were dismantled, the State is liable for said actions.

On the grounds stated above, sentence is issued **Granting** the complaint, and as a consequence therefore, we order the immediate return of the seized vehicle in the same state it was at the time of the seizure. This Judgment shall be sufficient mandate for plaintiff be able to handle before the corresponding authorities the issuance of new tags to the seized vehicle. The State shall respond for each and every of the parts that it allowed to be taken off the vehicle while under its custody, or in its defect, it shall reimburse the value of the same.

The return of the bond posted by plaintiff is hereby ordered. The attorneys' fees in the amount of $1,500.00 is hereby imposed.

8

CIVIL NO. B AC2015-0045
JUDGMENT

**TO BE REGISTERED AND NOTIFIED.**

In Aibonito, Puerto Rico, on June 5, 2017.

(sgd.) BETSY ASENCIO QUILES
Superior Court Judge