UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO,<br>et al., | (Jointly Administered) |
| Debtors.[1] | |

------------------------------------------------------------x

MEMORANDUM ORDER GRANTING IN PART MOTION FOR
RELIEF FROM AUTOMATIC STAY FILED BY JOSUÉ ISMAEL
SAAVEDRA VERA AND MICHAEL ANGELO RIVERA OLIVERAS (DOCKET ENTRY NO. 1027)

Before the Court is a motion filed by Josué Ismael Saavedra Vera and Michael Angelo Rivera Oliveras (collectively, the "Movants") for relief from the automatic stay imposed by the filing of the above-captioned Title III case in an action pending before the Puerto Rico Court of First Instance in San Lorenzo (the "State Court"), captioned Michael Rivera Oliveras and Josué Ismael Saavedra Vera v. Garage Europa, et al., Case No. E2C12008-0187(201) (the "State Court Action"). For the following reasons, the motion is granted to the extent that the stay is lifted for the limited purpose of allowing the State Court Action to proceed to entry of judgment.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

BACKGROUND

On March 14, 2008, Movants filed a claim against Porsche Cars North America, Inc., Garage Europa, and the Puerto Rico Water and Sewer Authority. (Docket Entry No. 1027, Motion for Relief from Automatic Stay (the "Motion") at 1.) Subsequently, Garage Europa filed a third party complaint against the Puerto Rico Department of Transportation and Public Works ("DTOP"), an agency of the Commonwealth of Puerto Rico (the "Commonwealth"). (Id. at 2.) Prior to the commencement of the above-captioned Title III case, the State Court Action was scheduled to proceed to trial in June 2017. (Id.; Docket Entry No. 1196, Response of the Commonwealth to the Motion for Relief from Automatic Stay Filed by Josué Ismael Saavedra Vera and Michael Angelo Rivera Oliveras [ECF No. 1027] (the "Response") at 2.) The Commonwealth filed a notice of automatic stay in the State Court Action on May 23, 2017. (Mot. at 3.)

On August 28, 2017, the Commonwealth consented to a partial modification of the automatic stay to permit the State Court Action to proceed to entry of judgment. (Response at 2.) However, the Commonwealth objects to any attempts by the Movants to enforce any judgment entered by the State Court against the Commonwealth or DTOP. (Id.) The Commonwealth argues that this limited modification of the automatic stay is appropriate in light of the procedural stage of the State Court Action and that such limited modification will balance the harms between the parties. (Id. at 2-3.) Movants have not filed a reply to the Commonwealth's Response. The Court has considered all of the submissions carefully.

DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e,g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," "whether the parties are ready for trial in the other proceeding," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

Movants have demonstrated that some of the Sonnax criteria weigh in their favor with respect to the continuation of the State Court Action. In particular, the Litigation would ultimately resolve the question of quantification of the Commonwealth's liability on the Movants' tort claim and the parties assert that they are ready for trial in the State Court Action. As indicated by the Commonwealth's assent to partial relief from the automatic stay, allowing the State Court Action to proceed will balance the harms between the Movants and the Commonwealth, without requiring the Commonwealth to expend unnecessary time and resources. To the extent relief from the automatic stay may be required to enforce a judgment

from the State Court, the Movants may seek further stay relief at an appropriate future point in time pursuant to the stay relief protocol approved by this Court.

Accordingly, the Court concludes that a partial modification of the automatic stay is appropriate at this time to allow the State Court Action to proceed to entry of judgment.

## CONCLUSION

For the foregoing reasons, the stay of the State Court Action is lifted to permit the action to proceed to trial and entry of judgment. The stay continues to apply in all other respects, including execution of any judgment against the Commonwealth, DOTP or any of the Commonwealths' instrumentalities. This grant of limited relief from the automatic stay is without prejudice to an application for further relief. This Memorandum Order resolves docket entry no. 1027 in case no. 17 BK 3283.

SO ORDERED.

Dated: September 11, 2017

       /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge