# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO | PROMESA (TITLE III) |
| As representative of THE COMMONWEALTH OF PUERTO RICO, et al. | NO. 17 BK 3283 (LTS) |
| Debtors[1] | (Jointly Administered) |

## MOTION FOR RELIEF OF STAY

**TO THE HONORABLE COURT:**

COMES NOW, Movants Milagros Méndez Arvelo and Maritza Nieves Torres, through the undersigned counsel to respectfully move the Court for an Order pursuant to 11 U.S.C. § 362 for relief from the automatic stay and, in support of this motion, states as follows:

1. On February 27th, 2017, Movants, employees of the Commonwealth of Puerto Rico, filed a Demand of Declaratory Judgement against the Commonwealth of Puerto Rico, the Department of the Family of Puerto Rico, among other defendants, under the Civil Case Number CAC2017-0030, under the Voluntary Pre-Retirement Program Act, Law 211 of December 8, 2015, 3 L.P.R.A. §9261 et seq., breach of contract

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (1) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID:8474).

1

and damages under the Puerto Rico Civil Code, 31 L.P.R.A. §2991 et seq., before the Court of First Instance, Superior Part of Arecibo, seeking the Movants be declared by the court as a Pre-retiree by the Voluntary Pre-Retirement Program and compensation for damages due to negligence of the Commonwealth of Puerto Rico to declare them as a Pre-retiree.

2. The Movants are employees of the Commonwealth of Puerto Rico assigned to the Department of the Family of Puerto Rico. In December 8 of 2015, the Commonwealth of Puerto Rico enacted Voluntary Pre-Retirement Program Act, Law 211 of December 8, 2015, 3 L.P.R.A. §9261 et seq.

3. The aforementioned Act was created to "establish a program whereby eligible employees of the Government of the Commonwealth of Puerto Rico may voluntarily separate from service by receiving incentives until they meet the requirements for retirement."[2]

4. After the Commonwealth of Puerto Rico offer the Movants to participate in the Voluntary Pre-Retirement Program and they elected to be part of it – election that is irrevocably[3] – the Commonwealth of Puerto Rico revoked their election.

5. The demand was unanswered by the defendants, and after the Movants filed a Summary Judgement by May 5, of 2017, the Commonwealth of Puerto Rico's

---

[2] Voluntary Pre-Retirement Program Act, Law 211 of December 8, 2015, 3 L.P.R.A. §9261 et seq.
[3] Section 2(g) "Shall mean a term of thirty (30) calendar days from the time the employee irrevocably is notified of his/her eligibility to participate in the Program, during which the employee may enroll in the Program." 3 3 L.P.R.A. §9261(g).

legal counsel filed a motion by May 24 of 2017, informing the Court of First Instance, Superior Part of Arecibo, that it filed a petition under Title III of PROMESA, Case No. 17-1578 ("Petition"), and that the filing of the Petition would have the effect of enforcing an automatic stay pursuant to Section 301(a) of PROMESA ("Section 301(a)").

6. The Movants are not public bonds investors or creditors of the Commonwealth of Puerto Rico.

7. The Movants' claims do not have any relation with the debts that prompted PROMESA.

8. The stay of the Movants' claims causes irreparable damages, since they are only entitled to the Voluntary Pre-Retirement Program until the age of 61 when the Movants are 59 and 57 years old as of this year.

9. The Movants request this Honorable Court to lift the stay in order to continue the procedures in the First Instance Court that are only declarable if the Movants are in Pre-retirement and entitled to the Voluntary Pre-Retirement Program.

10. Furthermore, the Movants' claims are not necessary in this case since PROMESA was not drafted in order to manage employment claims.

11. 11 U.S.C. Sec. 362 (d)(1) states that:

(d) after notice and a hearing on request of a party in interest, the court shall grant
relief from the stay provided under subsection (a) of this section, such as by terminating,
annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of
such party in interest;

12. The stay of the Movants' claims causes irreparable damages and is unnecessary for the adjudication of the conditions by PROMESA.

WHEREFORE, Movants respectfully requests that the Court enter an order granting relief from the automatic stay, allowing the Movants' employment case to continue as the Court deems proper.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on, August 21, 2017, a true and exact copy of the foregoing document was filed from the Clerk of this Court using the CM/ECF system, which will send notice of such filing to all relevant parties.

In Ponce, Puerto Rico, this day of August 21, 2017.

                                           s/<u>Ricardo L. Castillo Filippetti</u>
                                           Ricardo L. Castillo Filippetti, Esq.
                                           USDC No: 304211
                                           Paseo Las Colonias #1705
                                           Ponce, Puerto Rico 00717
                                           787.457.6957/787.840.7532
                                           filippetti_r@hotmail.com
                                           castilloricardo977@gmail.com