**Hearing Date**: October 4, 2017 at 9:30 a.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

      Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**Re: ECF No. 1121**

### STATEMENT IN SUPPORT OF COFINA AGENT'S MOTION PURSUANT TO 48 U.S.C. § 2161 AND 11 U.S.C. § 105(a) FOR ORDER: (I) CONFIRMING THAT 48 U.S.C. § 2125 APPLIES TO COFINA AGENT; (II) CONFIRMING RETENTION OF LOCAL COUNSEL; AND (III) CLARIFYING PAYMENT OF FEES AND EXPENSES OF COFINA AGENT AND HER PROFESSIONALS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "<u>Commonwealth</u>"),[2] the Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>"), the Puerto Rico Highways and Transportation Authority ("<u>HTA</u>"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (together with the Commonwealth, COFINA, and HTA, the "<u>Debtors</u>"), by and through the Financial Oversight and Management Board for Puerto Rico (the "<u>Oversight Board</u>"), as the

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion (as defined herein) or *Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 1150] (the "<u>Interim Compensation Order</u>"), as applicable.

Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] respectfully submit this statement in support (the "Statement") of the *COFINA Agent's Motion Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(a) for Order: (I) Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent; (II) Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals* [ECF No. 1121] (the "Motion"), and respectfully represent as follows:

**Statement**

1.     The Oversight Board supports the relief requested by the Motion and, as indicated in the *Reply of Debtors to Mutual Fund Group's Limited Objection to Debtors' Motion to Establish Procedures for Interim Compensation* [ECF No. 876] (the "Debtors' Reply"), further requests that the requested relief regarding payment of Professionals be clarified to include the Oversight Board's and AAFAF's Professionals.  Indeed, as the Debtors argued in the Debtors' Reply,[4] payment of COFINA's Professionals, including counsel to the COFINA Agent, the Oversight Board, and AAFAF, from COFINA's property should be authorized for two independent reasons.

2.     *First*, Professional fees are administrative expenses pursuant to Bankruptcy Code section 503(b)(4), and no Title III plan of adjustment for COFINA can be confirmed without paying all such allowed fees pursuant to Bankruptcy Code section 507(a)(2), made applicable by PROMESA section 301(a), and PROMESA section 314(b)(4).  Accordingly, for the avoidance

---

[3]  PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[4]  *See Reply of Debtors to Mutual Fund Group's Limited Objection to Debtors' Motion to Establish Procedures for Interim Compensation* [ECF No. 876] (the "Debtors' Reply").  In response to the Debtors' Reply, the Mutual Fund Group withdrew its limited objection.  *See* Aug. 9, 2017 Hr'g Tr. at 60:6-9 ("We are satisfied by the points that the Oversight Board made in their reply, and we're prepared to withdraw our objection.").

of doubt, the Court should confirm that COFINA is responsible for payment of all its Professional fees and expenses and that such payment may be made from its available revenues on deposit either in COFINA's own bank accounts or those of Bank of New York Mellon as its fiscal agent, at COFINA's direction, to remain eligible to pursue and confirm a Title III plan of adjustment.

3.      *Second*, COFINA's revenues consist solely of sales and use taxes (the "<u>SUTs</u>"). As the COFINA Agent accurately described,[5] the ownership of the SUTs is a "gating issue": if COFINA does not pay the expenses required to defend against the Commonwealth Agent's assertion that the SUTs belong to the Commonwealth and not COFINA, COFINA will default, lose, and have no assets.  Indeed, the Professional fees charged to COFINA arise out of the creation of the protocol to deal with the Commonwealth-COFINA Dispute and the actual litigation, mediation, and negotiation of such dispute.  Manifestly, all of such efforts are essential components of COFINA's need to vindicate its claim to the SUTs for the benefit of its stakeholders, and compensating COFINA's Professionals is necessary in that endeavor.

4.      Further, pursuant to the Interim Compensation Order and PROMESA sections 316 and 317, each debtor is obligated to pay Professional fees allocated to it.[6]  Accordingly, the allowed Professional fees of COFINA are a valid obligation of COFINA.  COFINA, therefore, can, and must, pay such Professionals.

---

[5] Motion ¶14.

[6] The Interim Compensation Order clarifies that Professional fees and expenses will be paid by "Debtors in whose cases such Professionals are retained and/or employed . . . ."  Interim Compensation Order ¶4(d).  Only the COFINA Agent's, the Oversight Board's, and AAFAF's Professionals would be paid by COFINA since no statutory committee was appointed [ECF No. 339].

5.     Finally, PROMESA section 316 does not prevent the Court from approving professional fees in cases where all assets of a debtor are encumbered.[7]  Moreover, and as stated in the Debtors' Reply,[8] the Commonwealth also has an interest in COFINA resolving the Commonwealth-COFINA Dispute.  Therefore, if COFINA does not, or cannot, pay the allowed administrative expenses against it, the Commonwealth should do so because COFINA is its instrumentality.

[*Remainder of Page Intentionally Left Blank*]

---

[7] The Debtors previously noted it is common practice in chapter 11 cases, including cases where all the debtor's assets are encumbered, that professionals are paid from the debtor's estate.  *See* Debtors' Reply ¶ 2.  Even in cases that convert to liquidation, it is common to have a 'carve-out' to pay professional fees.

[8] *See id*.

WHEREFORE the Debtors respectfully request the Court to (a) grant the Motion; (b) order COFINA, or in the alternative, the Commonwealth, to pay the Professional fees of COFINA, including counsel to the COFINA Agent, the Oversight Board, and AAFAF; (c) overrule any objections to the Motion; and (d) grant the Debtors and COFINA Agent such other and further relief as is just.

Dated: September 11, 2017
      San Juan, Puerto Rico

Respectfully submitted,

/s/   Martin J. Bienenstock

Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Maja Zerjal
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

/s/   Hermann D. Bauer

Hermann D. Bauer
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*