**Objection Deadline: September 19, 2017 at 4:00 p.m. (AST)**
**Hearing Date: October 4, 2017 at 9:30 a.m. (AST)**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,* Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS)<br><br>(Jointly Administered) |

**APPLICATION OF COFINA AGENT FOR**
**ENTRY OF ORDER AUTHORIZING RETENTION OF**
**CENTERVIEW PARTNERS LLC AS FINANCIAL ADVISOR AND EXPERT**

Bettina M. Whyte, in her capacity as the Court-appointed representative (the "**COFINA Agent**") for COFINA[2] in the Commonwealth-COFINA Dispute, through her undersigned counsel, respectfully submits this application (the "**Application**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), made applicable in these cases pursuant to section 301(a) of PROMESA, for entry of an order (the "**Proposed Order**"), substantially in the form attached hereto as **Exhibit A**, authorizing the retention of Centerview Partners LLC ("**Centerview**") as financial advisor and expert for the COFINA Agent to assist in

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are:  (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

[2]     Capitalized terms not defined herein shall have the meanings ascribed to them in the *Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA Dispute* [Docket No. 996] (the "**Stipulation and Order**").

the resolution of the Commonwealth-COFINA Dispute.  In support of this Application, the

COFINA Agent and her undersigned counsel respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States District Court for the District of Puerto Rico (the

"**Court**") has subject matter jurisdiction over this Application pursuant to section 306(a) of

PROMESA.

2.      Venue is proper in this district pursuant to section 307(a) of PROMESA.

3.      The statutory predicate for the relief sought herein is section 105(a) of the

Bankruptcy Code, made applicable to these cases by section 301(a) of PROMESA.

## BACKGROUND

4.      On May 3, 2017, the Oversight Board issued a restructuring certification

pursuant to sections 104(j) and 206 of PROMESA and filed a voluntary petition for relief for the

Commonwealth pursuant to section 304(a) of PROMESA, commencing a case under title III

thereof (the "**Commonwealth's Title III Case**").

5.      On May 5, 2017, the Oversight Board issued a restructuring certification

pursuant to sections 104(j) and 206 of PROMESA and filed a voluntary petition for relief for

COFINA pursuant to section 304(a) of PROMESA, commencing a case under title III thereof

("**COFINA's Title III Case**," and collectively with the Commonwealth's Title III Case, and any

other case under title III of PROMESA commenced by a covered territorial instrumentality of the

Commonwealth, the "**Title III Cases**").[3]

---

[3]      Background information regarding the Commonwealth and its instrumentalities, and the commencement of
the instant Title III Cases, is contained in the Notice of Statement of Oversight Board in Connection with
PROMESA Title III Petition [No. 17 BK 3283-LTS, Docket No. 1], and the Notice of Filing of Statement
of Oversight Board Regrading PREPA's Title III Case [No. 17 BK 4780-LTS, Docket No. 2].

6.      United States District Judge Laura Taylor Swain was designated to serve

as the presiding judge in the Title III Cases.  The Title III Cases are administered jointly [No. 17

BK 3283-LTS, Docket Nos. 242, 537].

7.      On August 10, 2017, the Court entered the Stipulation and Order

appointing Bettina M. Whyte to serve as the COFINA Agent, and approving the retention of

Willkie Farr & Gallagher LLP ("**Willkie Farr**") as lead counsel to the COFINA Agent and Klee

Tuchin Bogdanoff & Stern LLP as special municipal bankruptcy counsel to the COFINA Agent

[No. 17 BK 3283-LTS, Docket No. 996].

8.      The Stipulation and Order further authorizes the COFINA Agent to "retain

legal and other professionals [she] reasonably deems appropriate."[4]  Out of an abundance of

caution, by this Application, the COFINA Agent seeks approval of Willkie Farr's retention of

Centerview, for and on behalf of the COFINA Agent, as financial advisor and expert.

9.      On August 21, 2017, the COFINA Agent selected Centerview as her

financial advisor and expert with respect to the Commonwealth-COFINA Dispute.  The

COFINA Agent is familiar with the professional standing and reputation of Centerview, and

selected Centerview because of its wealth of experience and its exemplary qualifications to

provide the services required for the COFINA Agent to satisfy her mandate in the

Commonwealth-COFINA Dispute.  The COFINA Agent believes that she had sufficient

information to make an informed decision to employ Centerview.

### RELIEF REQUESTED

10.      By this Application, the COFINA Agent, through her undersigned

counsel, seeks the entry of the Proposed Order, substantially in the form attached hereto as

---

[4]      Stipulation and Order at 5.

**Exhibit A,** pursuant to section 105(a) of the Bankruptcy Code, which has been incorporated into PROMESA pursuant to section 301(a) thereof:  (a) authorizing Willkie Farr's retention of Centerview, for and on behalf of the COFINA Agent, as financial advisor and expert, in accordance with the terms and conditions set forth in the engagement letter between Centerview and Willkie Farr, dated as of August 21, 2017 (the "**Engagement Letter**"), a copy of which is attached as **Exhibit B**; (b) approving the provisions of the Engagement Letter, including the proposed compensation arrangements and the indemnification and reimbursement provisions set forth in the Engagement Letter, pursuant to the authority granted to the COFINA Agent under the Stipulation and Order; (c) modifying the timekeeping requirements of Local Rule 2016-1 and the United States Trustee Fee Guidelines (the "**Trustee Guidelines**") in connection with Centerview's proposed engagement; and (d) granting such other relief as may be just and proper.

## CENTERVIEW'S QUALIFICATIONS

11.      Established in 2006, Centerview is an  independent investment banking firm providing financial advisory services, including mergers and acquisitions and restructuring advice, across a broad range of industries.  Centerview serves a diverse set of clients around the world from its offices in New York, London, San Francisco, Palo Alto and London. Centerview's Debt Advisory and Restructuring Group, which was founded in 2011, has expertise in designing and managing complex restructuring processes involving a wide range of stakeholders, and has a demonstrated track record of designing, negotiating and implementing amendments, exchange offers, financings, distressed merger and acquisition transactions and out-of-court and in-court restructurings.  Centerview and its principals have advised debtors, lenders, committees and acquirers in many complex financial reorganizations and Centerview's professionals have collectively advised on transactions representing over $200 billion in restructured debt.

12.    Centerview's professionals, including while employed at other firms, have

provided, or are currently providing, financial advisory, investment banking and other services in

connection with more than fifty in-court restructurings, including: *Acterna Corp.*, Case No. 03-

12837 (BRL) (Bankr. S.D.N.Y.); *Amtrol Holdings, Inc.*, Case No. 06-11446 (KG) (Bankr. D.

Del.); *AT&T Latin America Corp., et al.*, Case No. 03-13538-BKC-RAM (Bankr. S.D. Flo.);

*Avaya Inc., et al.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y.);  *Birch Telecom, Inc., et al.*,

Case No. 05-12237 (PJW) (Bankr. D. Del.); *BPS US Holdings Inc., et al.*, Case No. 16-12373

(KJC) (Bankr. D. Del.); *Bruno's Inc.*, Case No. 98-212 (SLR) (Bankr. N.D. Ala.); *Caesars*

*Entertainment Operating Company, Inc., et al.*, Case No. 15-10047 (KG) (Bankr. D. Del.);

*Calpine Corp.*, Case No. 05-60200 (BRL) (Bankr. S.D.N.Y.); *Charter Commc'ns, Inc.*, Case No.

09-11435 (JMP) (Bankr. S.D.N.Y.); *Citation Corporation, et al.*, Case No. 04-08130-TOM-11

(Bankr. N.D. Ala.); *CommerceConnect Media Holdings, Inc., et al.*, Case No. 09-12765 (BLS)

(Bankr. D. Del.); *CTC Communications Group, Inc.*, Case No. 02-12873 (PJW) (Bankr. D. Del.);

*Dana Corp.*, Case No. 06-10354 (BRL) (Bankr. S.D.N.Y.); *Dendreon Corporation, et al.,* Case

No. 14-12515 (LSS) (Bankr. D. Del.); *Dura Automotive Systems, Inc.*, Case No. 06-11202 (KJC)

(Bankr. D. Del.); *EaglePicher Holdings, Inc., et al.*, Case No. 05-12601 (VA) (Bankr. S.D. Oh.);

*Edison Mission Energy, et al.*, Case No. 12-49219 (JPC) (Bankr. N.D. Ill.); *Endeavour*

*Operating Corporation, et al.*, Case No. 14-12308 (KJC) (Bankr. D. Del.); *Energy Future*

*Holdings Corp.*, Case No. 14-10979 (CSS) (Bankr. D. Del.); *Fairpoint Commc'n Inc.*, Case No.

09-16335 (BRL) (Bankr. S.D.N.Y.); *Favorite Brands International Holding Co.*, Case No. 99-

00726 (PJW) (Bankr. D. Del.); *FLYi, Inc., et al.*, Case No. 05-20011 (MFW) (Bankr. D. Del.);

*General Growth Properties, Inc.*, Case No. 09-11977 (ALG) (Bankr. S.D.N.Y.); *GW Limited 51,*

*Inc., f/k/a GWLS Holdings, Inc., et al.*, Case No. 08-12430 (PJW) (Bankr. D. Del.); *Hilex Poly*

*Co. LLC, et al.*, Case No. 08-10890 (KJC) (Bankr. D. Del.); *Interstate Bakeries Corp.*, Case No. 04-45814 (JWV) (Bankr. W.D. Mo.); *Lear Corp.*, Case No. 09-14326 (ALG) (Bankr. S.D.N.Y.); *Lenox Group, Inc.*, Case No. 08-14680-ALG (Bankr. S.D.N.Y.); *MACH Gen LLC, et al.*, Case No. 14-10461 (MFW) (Bankr. D. Del.); *Magna Entm't Corp.*, Case No. 09-10720 (MFW) (Bankr. D. Del.); *MagnaChip Semiconductor Finance Co., et al.*, Case No. 09-12008 (PJW) (Bankr. D. Del.); *McLeodUSA Inc.*, Case No. 05-63230 (JHS) (Bankr. D. Del.); *Mirant Corp.*, Case No. 03-46590 (DML) (Bankr. N.D. Tex.); *Oakwood Homes Corporation*, Case No. 02-13396 (PJW) (Bankr. D. Del.); *Pacific Crossing Ltd.*, Case No. 02-12088 (PJW) (Bankr. D. Del.); *Patriot Coal Corporation, et al.*, Case No 15-32450 (KLP) (Bankr. E.D. Va.); *Pegasus Satellite Television, Inc.*, Case No. 04-20878 (JBH) (Bankr. D. Me.); *Polaroid Corporation*, Case No. 01-10864 (PJW) (Bankr. D. Del.); *PSI Net Inc.*, 01-13213 (REG) (Bankr. S.D.N.Y.); *Residential Capital, LLC, et al.*, Case No. 12-12020 (MG) (Bankr. S.D.N.Y.); *Simmons Bedding Co.*, Case No. 09-14037 (MFW) (Bankr. D. Del.); *SLI, Inc.*, Case No. 02-12608 (CSS) (Bankr. D. Del.); *Spiegel, Inc.*, Case No. 03-11540 (BRL) (Bankr. S.D.N.Y.); *Stallion Oilfield Services Ltd.*, Case No. 09-13562 (BLS) (Bankr. D. Del.); *Station Casinos, Inc.*, Case No. BK-09-52477 (Bankr. D. Nev.); *Sunbeam Corporation*, Case No. 01-40291 (AJG) (Bankr. S.D.N.Y.); *The Reader's Digest Ass'n, Inc.*, Case No. 09-23529 (RDD) (Bankr. S.D.N.Y.); *THQ Inc., et al.*, Case No. 12-13398 (MFW) (Bankr. D. Del.); *United Australia/Pacific, Inc.*, Case No. 02-11467 (REG) (Bankr. S.D.N.Y.); and *US Office Products Company*, Case No. 01-00646 (JKF) (Bankr. D. Del.). Centerview's professionals have also qualified as experts in over twenty in-court restructurings and have provided services in connection with the out-of-court restructurings of numerous companies, including: *Anchor Danly*; *Autocam Corporation*; *Broder Bros Co.*; *CDX Gas*; *Cloud Peak Energy, Inc.; CMS Energy*; *CNL Hotels & Resorts*; *Culligan*; *DS Waters of*

*America, Inc.*; *Gate Gourmet, Inc.*; *Grupo TMM, S.A.*; *Huntsman Corporation*; *Ion Media*

*Networks*; *Isola Group Ltd.*; *Keystone Automotive Operations, Inc.*; *Mashantucket Pequot*

*Gaming Enterprise/Foxwoods*; *OSI Restaurant Partners*; *LLC*; *Palisades Center*; *PlayPower*;

*Progressive Moulded Products*; *R.J. O'Brien*; *SI Corporation*; *Stolt-Nielsen, S.A.*; *Targus Group*

*International*; *Tronox Inc.*; and *Vonage Holdings Corporation*.

13.     The COFINA Agent has selected Centerview as her financial advisor and

expert based upon, among other things:  (a) the need of the COFINA Agent to retain a skilled

financial advisor and expert to discharge her duties in connection with the resolution of the

Commonwealth-COFINA Dispute; (b) Centerview's extensive experience and excellent

reputation in situations of this type; and (c) Centerview's extensive knowledge of capital markets

and finance.  Since its retention by the COFINA Agent, Centerview has provided critical services

to the COFINA Agent in connection with COFINA Agent's review and assessment of the

Title III Cases, the fiscal plan certified by the Oversight Board and the Commonwealth-COFINA

Dispute.  As a result, Centerview has acquired significant knowledge of the issues confronting

the COFINA Agent and related matters.  In addition, Centerview is familiar with the other major

stakeholders that will are involved in the Title III Cases and the Commonwealth-COFINA

Dispute, including the advisors of such stakeholders.  Accordingly, Centerview has developed

the relevant experience and expertise regarding the issues confronting the COFINA Agent that

(i) make Centerview a natural choice to serve as the COFINA Agent's financial advisor and

expert and (ii) will assist Centerview in providing effective and efficient services to the COFINA

Agent.  Indeed, Centerview is both well qualified and uniquely able to represent the COFINA

Agent in the Title III Cases in an efficient and timely manner.  The COFINA Agent believes that

Centerview's resources, capabilities and experience are crucial to the COFINA Agent's ability to carry out her duties.

## SERVICES TO BE PROVIDED

14.     Subject to further order of the Court, in consideration for the compensation contemplated in the Engagement Letter (summarized below), Centerview has and will perform the services set out in paragraph 1 of the Engagement Letter for the COFINA Agent.  Such services are necessary to the COFINA Agent's dispute resolution efforts and to the effective representation of COFINA in litigation with the Commonwealth Agent.

## COMPENSATION

15.     As compensation for its work in this matter, Centerview shall be entitled to receive the following (the "**Fee Structure**"):

(a)     Fixed Fee:  A fee of $1,750,000 (the "**Fixed Fee**"), payable in five equal installments of $350,000, the first such fees of which shall be due and payable upon court approval of the Engagement Letter and thereafter on each monthly anniversary thereof during the term of Centerview's engagement; provided, however, that in the event Centerview's engagement terminates before the full Fixed Fee has been paid in full, such remaining portion shall then be due and payable to the extent provided in Paragraph 5 of the Engagement Letter; and

(b)     Additional Fees:  Solely to the extent the term of Centerview's engagement extends beyond January 21, 2018, additional fees (the "**Additional Fees**"), the precise amount of which shall be separately agreed upon by Centerview and the COFINA Agent.

16.     In addition to any fees payable to Centerview, COFINA will reimburse Centerview, for all reasonable and documented out-of-pocket expenses, in accordance with the Court's interim compensation procedures.  Such expenses include travel, any sales, use or similar taxes and other reasonable documented out-of-pocket expenses (including all fees, disbursements and other charges of counsel to be retained by Centerview, and of other consultants and advisors retained by Centerview with Willkie Farr's consent), incurred in connection with, or arising out

- 8 -

of Centerview's activities under or contemplated by the engagement. In the event that Centerview's engagement terminates before all of its accrued expenses have been reimbursed, such remaining portion of accrued expenses shall then be reimbursed to the extent provided in Paragraph 3 of the Engagement Letter.

17. Centerview has agreed to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Title III Cases, in accordance with this Court's interim compensation procedures order[5] and any other applicable procedures and orders of the Court.

18. Centerview's strategic and financial expertise as well as its capital markets knowledge, financing skills, and restructuring capabilities, all of which have been and will continue to be required by the COFINA Agent during the term of Centerview's engagement, were all important factors in determining the Fee Structure. The COFINA Agent believes that the ultimate benefit of Centerview's services hereunder cannot be measured by reference to the number of hours expended by Centerview's professionals in the performance of such services. Indeed, the COFINA Agent and Centerview agreed upon the Fee Structure in anticipation that a substantial commitment of professional time and effort would be required of Centerview and its professionals prior to and in connection with this assignment and in light of the fact that such commitment would foreclose other opportunities for Centerview, and the actual time and commitment required of Centerview and its professionals to perform its services under the Engagement Letter would vary substantially from week to week and month to month, creating "peak load" issues for Centerview.

---

[5]      See *Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 1150].

19.     The COFINA Agents requests that notwithstanding anything to the

contrary in the Bankruptcy Code, the Bankruptcy Rules, orders of this Court, or any guidelines

regarding submission and approval of fee applications, in light of the services to be provided by

Centerview and the structure of Centerview's compensation pursuant to the Engagement Letter,

Centerview and its professionals should be excused from maintaining time records as set forth in

Bankruptcy Rule 2016(a) and the Trustee Guidelines in connection with the services to be

rendered pursuant to the Engagement Letter.  Notwithstanding the foregoing, Centerview intends

to file interim and final fee applications for the allowance of compensation for services rendered

and reimbursement of expenses incurred.  Such applications will include time records setting

forth, in a summary format, a description of the services rendered by each professional, and the

amount of time spent on each date by each such individual in rendering services on behalf of the

COFINA Agent.  Because Centerview does not ordinarily maintain contemporaneous time

records in one-tenth hour (.1) increments or provide or conform to a schedule of hourly rates for

its professionals, Centerview intends to file time records in one half (.5) hour increments.

Moreover, the COFINA Agent respectfully requests that Centerview's professionals not be

required to keep time records on a "project category" basis, that its personnel in administrative

departments (including legal) not be required to maintain any time records, and that it not be

required to provide or conform to any schedule of hourly rates.  Centerview will also maintain

detailed records of any actual and necessary costs and expenses incurred in connection with the

services discussed above.  To the extent that Centerview would otherwise be required to submit

more detailed time records for its professionals by the Bankruptcy Code, the Bankruptcy Rules,

the Local Rules, the Amended Guidelines, the Trustee Guidelines, or other applicable procedures

and orders of the Court, the COFINA Agent respectfully requests that this Court waive such

requirements.

20.     The COFINA Agent believes the Fee Structure is consistent with, and

typical of, compensation arrangements entered into by Centerview and other comparable firms in

connection with the rendering of similar services under similar circumstances.  The COFINA

Agent believes that the Fee Structure is reasonable and designed to compensate Centerview

fairly.

### INDEMNIFICATION AND CONTRIBUTION OF CENTERVIEW

21.     The Engagement Letter requires that COFINA indemnify any and all

Indemnified Persons (as defined therein), and pay certain contributions and reimbursements to,

Centerview in accordance with the terms and conditions set forth in the Engagement Letter,

including the annex thereto (such provisions, collectively, the "**Indemnification Provisions**").

As set forth more fully therein, under the Indemnification Provisions, if any Indemnified Person

becomes involved in an Action, COFINA will reimburse such Indemnified Persons for the

reasonable out-of-pocket costs and expenses of investigating, preparing for and responding to

such Action or enforcing the Indemnification Provisions, as they are incurred.  COFINA will

also indemnify and hold harmless any Indemnified Person from and against, and COFINA agrees

that no Indemnified Person shall have any liability to COFINA or the Commonwealth, or their

respective employees, security holders or creditors, for any losses, claims, damages or liabilities

arising out of, related to or in connection with the Engagement Letter or Centerview's

performance thereunder, except that this clause shall not apply to any losses, claims, damages,

demands or liabilities that are finally judicially determined to have resulted from the willful

misconduct, bad faith or gross negligence of such Indemnified Person.

22.     The indemnification, contribution, and reimbursement provisions reflected in the Indemnification Provisions are customary and reasonable provisions included in engagement letters for investment bankers such as Centerview for both out-of-court and in-court restructuring proceedings.

23.     The terms of the Indemnification Provisions were fully negotiated between the COFINA Agent and Centerview at arm's length and the COFINA Agent respectfully submits that the Indemnification Provisions are reasonable and in the best interests of the COFINA Agent.  Accordingly, as part of this Application, the COFINA Agent requests that this Court approve the Indemnification Provisions.

## CENTERVIEW'S DISINTERESTEDNESS

24.     Notwithstanding the inapplicability of section 327 of the Bankruptcy Code to the Title III Cases, the COFINA Agent believes that Centerview is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, made applicable to the Title III Cases by section 301 of PROMESA.  Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that:

(a)     is not a creditor, an equity security holder, or an insider;

(b)     is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

(c)     does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

25.     Centerview has informed the COFINA Agent that, to the best of Centerview's knowledge, neither Centerview nor its professionals that will work on COFINA's engagement (a) are creditors, equity security holders, or insiders of COFINA; (b) are and were not, within two (2) years before the date of the filing of the Title III Cases, a director, officer, or

employee of COFINA; and (c) represent or hold an interest adverse to the interests of COFINA

with respect to the matters in which Centerview is proposed to be engaged.

26. Centerview also has informed the COFINA Agent that, to the best of

Centerview's knowledge, it is not related to or connected with, and neither holds nor represents

any interest adverse to, COFINA, its creditors, or any other potential party-in-interest listed on

**Exhibit C** (the "**Potential Parties-In-Interest**"), a copy of which is attached hereto, or their

respective attorneys or the U.S. Trustee or anyone employed in the Office of the U.S. Trustee in

the matters for which Centerview is proposed to be engaged, except that Centerview is connected

with the COFINA Agent by virtue of this engagement.  Centerview may represent, or may have

represented, or may have other relationships with certain of COFINA's creditors or other

Potential Parties-in-Interest, or interests adverse to such creditors or other parties in interest, in

matters unrelated to the Title III Cases.  Centerview has further informed the COFINA Agent

that it may have been engaged, have other relationships or had mutual clients with certain law

firms, financial advisors, accounting firms and other professionals that are Potential Parties-in-

Interest or may become Parties-in-Interest, in matters unrelated to the Title III Cases but no such

matters relate to any of the Title III Cases or to matters related to the Commonwealth of Puerto

Rico generally.  Based on Centerview's current knowledge of the entities listed as Potential

Parties-in-Interest in the Title III Cases and the professionals involved, none of these business

relations constitute interests materially adverse to COFINA in the matters upon which

Centerview is to be engaged.

27. Given the size of the Firm and the breadth of Centerview's client base, it

is possible that Centerview may now or in the future be retained by one or more of the Potential

Parties-in-Interest in matters unrelated to COFINA or the Title III Cases.  To the extent that

Centerview discovers any, or enters into any new, material commercial or other professional relationship with Potential Parties-in-Interest, it will provide the COFINA Agent with the information necessary to supplement this disclosure to the Court promptly.

28.     Centerview is a global investment banking and advisory firm.  Centerview has several legal and separate affiliates and related parties (the "Corporate Group Entities") that engage in a variety of investment activities.  However, none of the Corporate Group Entities is being retained in connection with this engagement and none of the professionals of Centerview has discussed or will discuss COFINA's cases with any professional of the Corporate Group Entities.  Centerview has informed the COFINA Agent that there has not been and will not be any flow of information between Centerview and any Corporate Group Entity with respect to any matter pertaining to COFINA or the Title III Cases.  Centerview can make no representation as to the disinterestedness of the Corporate Group Entities in respect of COFINA or the Title III Cases.

29.     Certain employees of Centerview may have mortgages, consumer loans, investment, brokerage accounts, or other banking brokerage, or other customer relationships with institutions that are creditors, equity holders or other Potential Parties-in-Interest in the Title III Cases or with funds sponsored by or affiliated with such parties.  Centerview has informed the COFINA Agent that it does not believe that these relationships create a conflict of interest regarding COFINA or the Title III Cases.

30.     Certain employees of Centerview were formerly employed by other investment banking, financial services or other professional services firms that are among, or may represent other parties that are among, the creditors, equity holders or other Potential Parties-in-Interest in the Title III cases in connection with matters unrelated to COFINA and the

Title III Cases. Centerview has informed the COFINA Agent that it does not believe that these matters create a conflict of interest regarding COFINA or the Title III Cases.

31.     In addition, certain employees of Centerview and certain of such persons' relatives may directly or indirectly hold, in the ordinary course, debt or equity securities of certain of the Potential Parties-in-Interest or investment funds sponsored by them. However, Centerview believes that any such holdings are insignificant and, none of these investors controls or has any influence on such Potential Party-in-Interest. Further, Centerview does not believe that these investments, considered separately or collectively, are material or create a conflict of interest regarding COFINA or the Title III Cases.

32.     In the light of the number of COFINA's creditors, Potential Parties-in-Interest and potential additional parties in interest, COFINA reserves the right to supplement this disclosure as additional relationships come to Centerview's attention. Centerview has informed the COFINA Agent that if any new relevant facts or relationships are discovered or arise, Centerview will use reasonable efforts to identify such further developments to enable the COFINA Agent to supplement this disclosure to the Court promptly.

33.     Centerview has informed the COFINA Agent that, to the best of Centerview's knowledge as of the date hereof and except to the extent disclosed herein, Centerview:  (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; (b) does not hold or represent an interest adverse to COFINA's estate; and (c) has no connection to COFINA, its creditors or related parties.

34.     The COFINA Agent is informed that Centerview will not share any compensation to be paid to it under the Engagement Letter, in connection with services to be

performed after the Petition Date, with any other person, other than principals and employees of

Centerview, to the extent required by section 504 of the Bankruptcy Code.

## BASIS FOR RELIEF

35.     Section 363 of the Bankruptcy Code, governing the use of a debtor's

property, does not apply to title III cases.  Section 105(a) of the Bankruptcy Code provides, in

relevant part that: "[t]he court may issue any order, process, or judgment that is necessary or

appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Pursuant to section

105(a) of the Bankruptcy Code, made applicable to the Title III Cases by section 301(a) of

PROMESA, and paragraph 4(d) of the Stipulation and Order, the COFINA Agent is permitted to

employ Centerview as financial advisor and expert in the Title III Cases and related proceedings.

36.     The COFINA Agent submits, based on her experience, knowledge of the

industry and the level of work that will be necessary, that Centerview's rates are competitive and

reasonable given the quality of services and expertise Centerview provides.

37.     The COFINA Agent requires sophisticated financial advice to

comprehensively evaluate the capital structure of both COFINA and the Commonwealth, in

connection with negotiations with the Commonwealth Agent.  The retention of Centerview also

is critical to the COFINA Agent otherwise effectively fulfilling her mandate as agent for

COFINA in resolving the COFINA-Commonwealth Dispute.  Further, financial advice and

expert testimony may be necessary in the litigation regarding a variety of issues (which are not

set out herein to avoid unnecessarily disclosing litigation strategy).

38.     Denial of the relief requested herein will deprive the COFINA Agent of

the assistance of uniquely qualified investment banking advisors and would effect an unjust

disadvantage to COFINA.  Indeed, COFINA would be forced to engage new investment bankers

who lack a thorough understanding of COFINA's business and the restructuring initiatives that

have been implemented over the course of the last few months and which will continue through

the pendency of these cases.  It would require the commitment of significant resources for a

newly retained investment banking advisor to get up to speed given the steep learning curve

involved.  Moreover, comparable investment bankers would likely charge an equivalent level of

fees.

39.     Based on the foregoing, the COFINA Agent requests that the Court enter

an order authorizing the retention of Centerview on the terms described herein and in the

Engagement Letter.

## NOTICE

40.     Notice of this Application will be given to: (a) the Office of the United

States Trustee for the District of Puerto Rico; (b) counsel to the Oversight Board; (c) the

indenture trustees and/or agents, as applicable, for the Debtors' bonds; (d) the entities on the list

of creditors holding the 20 largest unsecured claims against each Debtor; (e) counsel to the

statutory committees appointed in the Title III Cases; (f) the Office of the United States Attorney

for the District of Puerto Rico; (g) counsel to AAFAF; (h) the Puerto Rico Department of Justice;

(i) the Other Interested Parties;[6] and (j) all parties filing a notice of appearance in the Title III

Cases.  The COFINA Agent submits that, in light of the nature of the relief requested, no other or

further notice need be given.

---

[6]     The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of
the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds
issued or guaranteed by the Debtors.

## CONCLUSION

WHEREFORE, the COFINA Agent respectfully requests that the Court enter the

Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief

requested herein and such other and further relief as the Court may deem just and proper.

Dated: September 11, 2017
      San Juan, Puerto Rico

Respectfully submitted,

/s/ Nilda M. Navarro-Cabrer

Nilda M. Navarro-Cabrer, Esq.
USDC – PR 20212
**NAVARRO-CABRER LAW OFFICES**
El Centro I, Suite 206
500 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Telephone:  (787) 764-9595
Facsimile:  (787) 765-7575

*Local Counsel to the COFINA Agent*

/s/ Matthew A. Feldman

Matthew A. Feldman (admitted *pro hac vice*)
Joseph G. Minias (admitted *pro hac vice*)
Paul V. Shalhoub (admitted *pro hac vice*)
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
Fax: (212) 728-8111

*Counsel to the COFINA Agent*

Kenneth N. Klee (admitted *pro hac vice*)
Daniel J. Bussel (admitted *pro hac vice*)
Jonathan M. Weiss (admitted *pro hac vice*)
**KLEE, TUCHIN, BOGDANOFF & STERN LLP**
1999 Avenue of the Stars
39th Floor
Los Angeles, California 90067
Telephone:  (310) 407-4000

Facsimile: (310) 407-9090

*Special Municipal Bankruptcy Counsel*
*to the COFINA Agent*