## **EXHIBIT B**

**Engagement Letter**

CENTER|VIEW PARTNERS

August 21, 2017

To: Matthew A. Feldman, Partner
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

CC: Bettina M. Whyte
545 West Sagebrush Drive
Jackson, WY 83001

Dear Matt:

This letter (the "Agreement") confirms the terms under which Willkie Farr & Gallagher LLP ("Willkie"), solely in its capacity as legal counsel for and on behalf of Bettina M. Whyte (the "COFINA Agent") in her capacity as the agent authorized by the Financial Oversight and Management Board for Puerto Rico (the "Board") to serve as representative for the Puerto Rico Sales Tax Financing Corporation ("COFINA") in resolving that certain dispute between COFINA and the Commonwealth of Puerto Rico regarding sales and use taxes pledged by COFINA to secure debt (such dispute, the "Commonwealth-COFINA Dispute"),[1] has engaged Centerview Partners LLC ("Centerview") on an exclusive basis as a financial advisor and expert with respect to the Commonwealth-COFINA Dispute. If appropriate in connection with performing its services hereunder, Centerview may utilize the services of one or more of its affiliates, in which case references herein to Centerview shall include, as applicable, such affiliates. The terms of this Agreement shall apply to all services provided by Centerview in connection with the matters contemplated by herein, including those provided prior to the date of this Agreement.

1. Centerview will perform the following services in connection with its engagement as a financial advisor and expert:

   a. familiarize itself with the current fiscal condition and prospects of the Commonwealth of Puerto Rico (the "Commonwealth") and COFINA, including the Commonwealth's and COFINA's financial projections and forecasts;

   b. review and evaluate COFINA's capital structure and advise on possible restructuring strategies, including financing and debt issuance models and alternatives, in connection with negotiations with the Commonwealth Agent;

---

[1] See In re The Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico, et. al., Case No. 17-03283 (LTS) (D.P.R. Aug. 13, 2017), ECF No. 1018 (the "Dispute Resolution Procedures Stipulation"). All capitalized terms used herein and otherwise undefined shall have the meanings ascribed to them in the Dispute Resolution Procedures Stipulation.

c. if necessary, provide Marc D. Puntus, in his capacity as a partner of Centerview and Co-Head of Centerview's Debt Advisory and Restructuring Practice and not in any personal capacity, to testify in hearings in connection with the Commonwealth-COFINA Dispute, with respect to the matters upon which Centerview has provided advice hereunder;

d. in connection with the resolution of the Commonwealth-COFINA Dispute, advise and assist Willkie and the COFINA Agent determine the appropriate negotiation or mediation strategy; and

e. provide such other services as may from time to time be specifically agreed upon in writing by Centerview and Willkie.

In rendering its services hereunder, Centerview is not assuming any responsibility for the COFINA Agent's ultimate decision to pursue any particular strategy with respect to a potential resolution of the Commonwealth-COFINA Dispute. Willkie and the COFINA Agent agree that Centerview shall not have any obligation or responsibility to provide accounting, audit, "crisis management," or business consultant services, and shall have no responsibility for designing or implementing operating, organizational, administrative, cash management or liquidity improvements, or to provide any fairness or valuation opinions. Willkie and the COFINA Agent acknowledge that Centerview is not providing any advice on tax, legal, regulatory or accounting matters, and Willkie and the COFINA Agent agree that they will seek and rely on the advice of their own professional advisors for such matters, and will make an independent decision with respect to the matters that are the subject of this engagement based on such advice.

Willkie shall use its best efforts to provide Centerview all information available to Willkie concerning the assets, operations, financial condition and prospects of the Commonwealth and COFINA that Centerview reasonably requests in connection with the services to be performed hereunder and shall request such additional information from the Commonwealth and COFINA as Centerview reasonably requests in connection with the services provided herein. Willkie understands and agrees that, in performing our services hereunder, Centerview may, and is entitled to, use, review and rely upon publicly available information and materials, data, financial projections and other information furnished to Centerview by or on behalf of COFINA, the COFINA Agent, Willkie, the Commonwealth and other parties, but does not assume any responsibility for the accuracy or completeness of such information. Centerview will not conduct an independent evaluation or appraisal of the assets or liabilities (including any contingent, derivative or off-balance sheet assets or liabilities) of the Commonwealth or COFINA, or advise or opine on any solvency or viability issues, nor will it make an inspection of the properties or assets of the Commonwealth or COFINA. We will use all nonpublic information concerning COFINA and the Commonwealth solely for the performance of our services hereunder and will treat it confidentially for as long as it remains nonpublic. Except as otherwise required by applicable law, regulation or judicial or regulatory process, or requested by any regulatory body or securities exchange, we will not disclose material nonpublic information about COFINA, the CONFINA/Commonwealth mediation (or other mediations), the COFINA Agent or the Commonwealth to a third party who is not subject to a confidentiality obligation to COFINA, the COFINA Agent or the Commonwealth without the COFINA Agent's consent.

2.  As compensation for services rendered under this Agreement, Centerview shall be entitled to receive in cash, by wire transfer of immediately available funds when due, the following fees:

    a.  A fee of $1,750,000 (the "Fixed Fee"), payable in five equal installments of $350,000, the first such fees of which shall be due and payable upon court approval of this Agreement and thereafter on each monthly anniversary thereof during the term of this engagement; provided, however, that in the event this engagement terminates before the full Fixed Fee has been paid in full, such remaining portion shall then be due and payable to the extent provided in Paragraph 5 below; and

    b.  Solely to the extent the term of this engagement extends beyond January 21, 2018, additional fees (the "Additional Fees"), the precise amount of which shall be separately agreed upon by Centerview and the COFINA Agent.

Each party hereto acknowledges and agrees that Centerview's restructuring expertise as well as its capital markets/financing knowledge and mergers and acquisitions capabilities, some or all of which may be required during the term of Centerview's engagement hereunder, were important factors in determining the amount of the fees set forth herein, and that the ultimate benefit of Centerview's services hereunder could not be measured merely by reference to the number of hours to be expended by Centerview's professionals in the performance of such services. Each party hereto also acknowledges and agrees that the various fees set forth herein have been agreed upon by the parties in anticipation that a substantial commitment of professional time and effort will be required of Centerview and its professionals hereunder over the life of the engagement, and in light of the fact that such commitment may foreclose other opportunities for Centerview and that the actual time and commitment required by Centerview and its professionals to perform its services hereunder may vary substantially from week to week or month to month, creating "peak load" issues for the firm. In addition, given numerous issues which Centerview may be required to address in the performance of its services hereunder, Centerview's commitment to the variable level of time and effort necessary to address all such issues as they arise, and the market prices for Centerview's services for engagements of this nature in an out-of-court context, each party hereto agrees that the fee and expense arrangements hereunder are reasonable under all applicable legal standards.

Each party hereto also acknowledges and agrees that Centerview shall seek compensation for its fees, and reimbursement for its expenses as provided in Paragraph 3 below, in accordance with any interim compensation procedures order or other applicable order entered by the United States District Court for the District of Puerto Rico (the "District Court") in the Title III cases of COFINA and the Commonwealth (the "Title III Cases"). Neither Willkie nor the COFINA Agent shall be responsible for payment of any such fees or expenses to Centerview hereunder. Willkie shall supply Centerview and its counsel with a draft of any motion to approve the terms of this Agreement or application for fees and expenses required in the Title III Cases sufficiently in advance of the filing of such motion or application to enable Centerview and its counsel to review and comment thereon. Centerview shall have no obligation to keep time records except as it does so in its normal practice and will have no obligation to provide services under this Agreement if it will be required to vary its normal time-keeping practices. Willkie acknowledges that it believes that Centerview's experience and expertise, its knowledge of the capital markets and its other capabilities will inure to the benefit of Willkie and the COFINA Agent, that the value to Willkie and the COFINA Agent of Centerview's services hereunder derives in substantial part from that expertise and experience and that, accordingly, the structure and amount of the fees payable to Centerview hereunder are reasonable regardless of the number of hours to be expended by Centerview's professionals in performance of the services to be provided hereunder. Willkie also

agrees to assist Centerview in preparing, filing and serving all required fee statements, interim fee applications, and/or final fee applications required in the Title III Cases and Willkie and the COFINA Agent agree to support Centerview's fee applications during any District Court hearing on such fee applications, so long as the fees and expenses sought by Centerview therein are consistent with this Agreement.

3. In addition to the fees payable to Centerview hereunder, Centerview shall be reimbursed on a periodic basis for its travel and other reasonable documented out-of-pocket expenses (including all fees, disbursements and other charges of counsel to be retained by Centerview, and of other consultants and advisors retained by Centerview with Willkie's consent), incurred in connection with, or arising out of Centerview's activities under or contemplated by this engagement. Centerview shall also be reimbursed, at such times as Centerview shall request, for any sales, use or similar taxes (including additions to such taxes, if any) arising in connection with any matter referred to in, or contemplated by, this engagement. Such reimbursements shall be made promptly upon submission by Centerview of statements for such expenses in accordance with any interim compensation procedures adopted in the Title III Cases. It is understood and agreed that nothing contained herein shall be deemed to limit in any manner the indemnification, expense reimbursement and other obligations of COFINA contained in the Annex A hereto. Such Annex A is an integral part of this Agreement and the terms thereof are incorporated by reference herein. As stated therein, the terms of Annex A shall survive any termination or completion of Centerview's engagement hereunder.

4. Each party hereto agrees that neither Centerview nor any of its affiliates, their respective members, directors, officers, employees and controlling persons, and each of their respective successors and assigns (collectively, the "Centerview Persons" and each individually, a "Centerview Person") shall have any liability (whether direct or indirect, in contract, tort or otherwise) to Willkie, the COFINA Agent, COFINA or any person asserting claims on behalf of or in right of any of them for or in connection with this engagement or any transactions or conduct in connection herewith, except to the extent that any losses, claims, damages or liabilities incurred by the Willkie, the COFINA Agent, or COFINA are finally judicially determined to have resulted directly from the willful misconduct or gross negligence of such Centerview Person.

5. This Agreement and Centerview's engagement hereunder may be terminated by either (i) Willkie at any time upon written notice to Centerview, or (ii) Centerview upon thirty (30) days' prior written notice to Willkie; provided, however, that (a) termination of Centerview's engagement hereunder shall not affect COFINA's continuing obligations under Annex A and its continuing obligations and agreements under paragraphs 4 and 6 hereof, (b) notwithstanding any such termination, unless the engagement is terminated by Willkie for Cause or by Centerview without good cause, Centerview shall be entitled to the full fees in the amounts and at the times provided for in paragraph 2 hereof and (c) termination of Centerview's engagement hereunder shall not affect Centerview's right to receive reimbursement of the expenses accrued prior to such termination to the extent provided in paragraph 3 hereof. As used herein, "Cause" shall mean a final judicial determination that Centerview acted with gross negligence or willful misconduct in the performance of its services hereunder, which gross negligence or willful misconduct was not cured (if curable) within 30 days following written notice thereof by the COFINA Agent.

6. Centerview has been retained under this Agreement as an independent contractor with duties owed solely to Willkie and the COFINA Agent, in connection with Willkie's representation of the COFINA Agent, and the COFINA Agent and Willkie acknowledge that Centerview is not acting as an agent of COFINA, the COFINA Agent or Willkie or in a fiduciary capacity, whether pursuant to contract or otherwise, with respect to COFINA, the COFINA Agent or Willkie or their respective

stockholders, employees, creditors or any other third party. The services provided, and any advice (oral or written) rendered, by Centerview pursuant to this Agreement are intended solely for the benefit and use of Willkie and the COFINA Agent in considering the matters to which this Agreement relates, and Willkie agrees that such services or advice may not be relied upon by any person other than Willkie and the COFINA Agent, used for any other purpose or reproduced, disseminated, quoted or referred to at any time, in any manner or for any purpose, nor shall any public references to Centerview be made by the COFINA Agent or Willkie without the prior consent of Centerview. Centerview is not assuming any duties or obligations other than those expressly set forth in this Agreement.

7. The COFINA Agent and Willkie agree that Centerview shall have the right, after the completion of this engagement, to place advertisements in financial and other newspapers and journals and in marketing materials at its own expense describing its services hereunder.

8. Centerview is being engaged hereunder pursuant to the authority granted to the COFINA Agent under the Dispute Resolution Procedures Stipulation.

9. This Agreement shall be deemed made in New York. This Agreement and all controversies arising from or relating to performance hereunder shall be governed by, and construed in accordance with, the laws of the State of New York applicable to agreements made and to be performed entirely in such State, without giving effect to such State's rules concerning conflicts of laws that might provide for any other choice of law. Each of Willkie, the COFINA Agent and Centerview agree that any action or proceeding based hereon, or arising out of Centerview's engagement hereunder, shall be brought and maintained in (i) if during the course of the Title III Cases, the United States District Court for the District of Puerto Rico, and (ii) thereafter, the courts of the State of New York located in the City and County of New York or in the United States District Court for the Southern District of New York. The COFINA Agent, Willkie and Centerview each hereby irrevocably submit to the jurisdiction of such courts for the purpose of any such action or proceeding as set forth above. Each of the COFINA Agent, Willkie and Centerview hereby irrevocably waive, to the fullest extent permitted by law, any objection which it may have or hereafter may have to the laying of venue of any such action or proceeding brought in any such court referred to above and any claim that any such action or proceeding has been brought in an inconvenient forum and agree not to plead or claim the same. EACH OF THE COFINA AGENT, WILLKIE AND CENTERVIEW EACH HEREBY IRREVOCABLY WAIVE ANY RIGHT THEY MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY CLAIM BASED UPON OR ARISING OUT OF THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

10. This Agreement may be executed in counterparts, each of which together shall be considered a single document. This Agreement may not be assigned by the parties hereto without the prior written consent of the other. This Agreement shall be binding upon Centerview, Willkie and the COFINA Agent and their respective successors and permitted assigns. This Agreement is not intended to confer any rights upon any shareholder, creditor, owner or partner of COFINA, the COFINA Agent or Willkie or any other person or entity not a party hereto, other than the Indemnified Persons referenced in Annex A and the Centerview Persons referenced in paragraph 4 hereof. This Agreement and Annex A constitute the entire agreement of the parties with respect to the subject matter hereof, and may not be amended or otherwise modified or its provisions waived except by a writing executed by Centerview, Willkie and the COFINA Agent.

11. Centerview is engaged directly and through its affiliates and related parties in a number of investment banking, financial advisory and merchant banking activities. The COFINA Agent and Willkie acknowledge and agree that in performing its services for Willkie hereunder, Centerview shall have no duty to disclose to Willkie, or to use for the benefit of Willkie, any proprietary or nonpublic information

obtained by Centerview or its affiliates or related parties in the course of providing services to any other entity or person, engaging in any transaction (including as principal) or otherwise conducting its business.

*[Signature Page Follows]*

We are pleased to accept this engagement and look forward to working with Willkie. Please confirm that the foregoing is in accordance with our mutual understanding by signing and returning to Centerview this Agreement, which shall thereupon constitute binding agreements between Centerview, Willkie and the COFINA Agent.

Very truly yours,

CENTERVIEW PARTNERS LLC

By: _____
Name: Marc Puntus
Title: Partner


Accepted and Agreed to:

Willkie Farr & Gallagher LLP

By: _____
Name: Matthew A. Feldman
          Partner

Bettina M. Whyte, solely in her capacity as COFINA Agent

By: _____
Name: Bettina M. Whyte

7

We are pleased to accept this engagement and look forward to working with Willkie. Please confirm that the foregoing is in accordance with our mutual understanding by signing and returning to Centerview this Agreement, which shall thereupon constitute binding agreements between Centerview, Willkie and the COFINA Agent.

Very truly yours,

CENTERVIEW PARTNERS LLC

By: _____

Name: Marc Puntus
Title: Partner


Accepted and Agreed to:

Willkie Farr & Gallagher LLP

By: _/s/ Matthew A. Feldman_____
Name: Matthew A. Feldman
　　　　Partner

Bettina M. Whyte, solely in her capacity as COFINA Agent

By: _____
Name: Bettina M. Whyte

7

We are pleased to accept this engagement and look forward to working with Willkie. Please confirm that the foregoing is in accordance with our mutual understanding by signing and returning to Centerview this Agreement, which shall thereupon constitute binding agreements between Centerview, Willkie and the COFINA Agent.

Very truly yours,

CENTERVIEW PARTNERS LLC

By: _____

Name: Marc Puntus
Title: Partner


Accepted and Agreed to:

Willkie Farr & Gallagher LLP

By: _____
Name: Matthew A. Feldman
        Partner

Bettina M. Whyte, solely in her capacity as COFINA Agent

By: *[signature]*
Name: Bettina M. Whyte

Annex A

## Annex A

In connection with the engagement (the "Engagement") of Centerview Partners LLC ("Centerview") by Willkie, for and on behalf of Bettina M. Whyte (the "COFINA Agent") in her capacity as the agent authorized by the Financial Oversight and Management Board for Puerto Rico (the "Board") to serve as representative for the Puerto Rico Sales Tax Financing Corporation ("COFINA") in litigating and/or resolving that certain dispute between COFINA and the Commonwealth of Puerto Rico regarding sales and use taxes purportedly pledged by COFINA to secure debt (such dispute, the "Commonwealth-COFINA Dispute"),[1] as a financial advisor and expert pursuant to the letter agreement dated the date hereof prefixed hereto (the "Engagement Agreement"):

1. Except as provided in paragraph 3 hereof, COFINA shall indemnify and hold harmless Centerview and each of its affiliates, their respective members, directors, officers, employees and controlling persons, and each of their respective successors and assigns (collectively, the "Indemnified Persons" and each individually, an "Indemnified Person") from and against any and all losses, claims, damages, demands and liabilities, joint or several, or actions or proceedings in respect thereof, brought by or against any person (collectively, "Losses"), which are related to or arise out of the Engagement or any matter or transaction contemplated thereby.

2. COFINA shall reimburse each Indemnified Person promptly upon request for all reasonably incurred, documented and out of pocket costs and expenses (including fees, disbursements and other charges of legal counsel), as they are incurred in connection with investigating, preparing for, pursuing, defending against or providing evidence in, any pending or threatened action, claim, suit, investigation or other proceeding brought by or against any person in any jurisdiction related to or arising out of the Engagement or any matter or transaction contemplated thereby (whether or not Centerview or any other Indemnified Person is a named party or witness, and whether or not any liability to any person results therefrom), including in connection with enforcing the terms hereof.

3. Notwithstanding the foregoing, COFINA shall have no obligation to indemnify and hold harmless any Indemnified Person under this Annex A in respect of any Losses to the extent that such Losses are finally judicially determined to have resulted directly from the willful misconduct, bad faith or gross negligence of such Indemnified Person.

4. COFINA shall not, without Centerview's prior written consent, settle, compromise, consent to the entry of any judgment in or otherwise seek to terminate any pending or threatened action, claim, suit, investigation or proceeding in respect of which indemnification or contribution may be sought hereunder (whether or not Centerview or any other Indemnified Person is an actual or potential party thereto) unless such settlement, compromise, consent or termination includes an unconditional release of each Indemnified Person from all liability arising out of such action,

---

[1] See In re The Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico, et. al., Case No. 17-03283 (LTS) (D.P.R. Aug. 13, 2017), ECF No. 1018 (the "Dispute Resolution Procedures Stipulation"). All capitalized terms used herein and otherwise undefined shall have the meanings ascribed to them in the Dispute Resolution Procedures Stipulation.

5. claim, suit, investigation or proceeding and does not impose any monetary or financial obligation on any Indemnified Person or contain any admission of culpability or liability on the part of any Indemnified Person. No Indemnified Person seeking indemnification, reimbursement or contribution under this Annex A will, without COFINA's prior written consent (which consent shall not be unreasonably withheld or delayed), settle, compromise, consent to the entry of any judgment in or otherwise seek to terminate any action, claim, suit, investigation or proceeding referred to herein.

6. If the foregoing indemnification provided for herein is determined to be unavailable to an Indemnified Person for any reason or is insufficient to hold it harmless in respect of any Losses referred to herein, then, in lieu of indemnifying such Indemnified Person hereunder, COFINA shall contribute to the amount paid or payable by such Indemnified Person as a result of such Losses (and expenses related thereto) (a) in such proportion as is appropriate to reflect the relative benefits to COFINA (and its constituents), on the one hand, and to Centerview, on the other hand, with respect to the Engagement or (b) if the allocation provided by clause (a) of this paragraph is not available, in such proportion as is appropriate to reflect not only the relative benefits referred to in clause (a) but also the relative fault of each of COFINA, together with its officers, directors, employees and other advisors, on the one hand, and Centerview, on the other hand, and any other relevant and equitable considerations; <u>provided, however</u>, that in no event shall the aggregate contribution of the Indemnified Persons to the amounts so paid or payable exceed the aggregate amount of all fees actually received by Centerview from COFINA in connection with the Engagement (excluding any amounts received by Centerview as reimbursement of expenses pursuant to the Engagement Agreement). For purposes of this Annex A, the relative benefit to COFINA (and its constituents) and Centerview of the Engagement shall be deemed to be in the same proportion as (x) the total value paid or contemplated to be paid or received or contemplated to be received by COFINA (and its constituents) in the transaction or transactions that are the subject of the Engagement, whether or not such transaction is proposed or completed, bears to (y) the fees paid or to be paid to Centerview under the Engagement Agreement.

7. This Annex A shall be deemed made in New York. This Annex A and all controversies arising from or relating to performance hereunder shall be governed by, and construed in accordance with, the laws of the State of New York applicable to agreements made and to be performed entirely in such State, without giving effect to such State's rules concerning conflicts of laws that might provide for any other choice of law. Any action or proceeding based on, arising out of or resulting from any matter referred to in this Annex A, shall be brought and maintained exclusively in (i) if during the course of the Title III Cases, the United States District Court for the District of Puerto Rico, and (ii) thereafter, the courts of the State of New York located in the City and County of New York or in the United States District Court for the Southern District of New York. COFINA and Centerview shall be deemed to have irrevocably submitted to the jurisdiction of such courts for the purpose of any such action or proceeding as set forth above, and shall be bound by any judgment rendered thereby in connection with such action or proceeding. Each of COFINA and Centerview shall be deemed to have irrevocably waived, to the fullest extent permitted by law, any objection which it may have or hereafter may have to the laying of venue of any such action or proceeding brought in any such court referred to above and any claim that any such action or proceeding has been brought in an inconvenient forum, and agree not to plead or claim the same. ANY RIGHTS OF TRIAL BY JURY WITH RESPECT TO ANY CLAIM, COUNTERCLAIM OR ACTION ARISING OUT OF THIS ANNEX A OR THE ENGAGEMENT IS HEREBY WAIVED.

*iii*

8. The indemnity, contribution, reimbursement and other obligations of COFINA hereunder shall be in addition to any liability that COFINA may have, at common law or otherwise, and shall be binding on its successors and permitted assigns. The obligations of COFINA hereunder cannot be assigned without the prior written consent of Centerview.

9. The terms of this Annex A shall apply to all services provided by Centerview in connection with the matters contemplated by the Engagement, including those provided prior to the date of the Engagement Agreement. The provisions of this Annex A shall apply to any subsequent amendment to or modification of the Engagement Agreement, and shall survive the termination or completion of the Engagement.