Hearing Date: October 4, 2017 at 9:30 a.m. (Atlantic Time)
Objection Deadline: September 26, 2017 at 4:00 p.m. (Atlantic Time)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>Plaintiff,<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Debtor[1] | CIVIL NO.: 17-BK-03283 (LTS)<br><br>PROMESA<br><br>TITLE III |

**COOPERATIVA DE SEGUROS MULTIPLES' MOTION FOR CLARIFICATION OF AUTOMATIC STAY AND IN THE ALTERNATIVE RELIEF FROM THE AUTOMATIC STAY**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Table of Contents*

**I.    INTRODUCTION**................................................................................................**6**

**II.   JURISDICTION** ...............................................................................................**8**

**III.  MATERIAL FACTS** ........................................................................................**8**

   A.   The Parties ..............................................................................................................8

      1.   Cooperativa de Seguros Multiples de Puerto Rico ("Cooperativa").........................8

      2.   Debtor Commonwealth of Puerto Rico ("Debtor") ..................................................9

      3.   The Commonwealth Department of Justice .............................................................9

      4.   The Commonwealth Department of Justice's Forfeiture Board .................................9

   B.   The Puerto Rico Uniform Forfeiture Act of 2011 ...................................................10

   C.   The Forfeiture Actions ............................................................................................12

**IV.   RELIEF REQUESTED** ...................................................................................**12**

   A.   Cooperativa seeks clarification that the PROMESA §301 Stay does not apply Debtor's forfeiture proceedings under the 2011 Act.............................................................................12

   B.   In the alternative it seeks the following modifications to the Stay: .................................12

   Continuation of all active state court proceedings under the 2011 Act: .............................12

**V.    ARGUMENT** ...................................................................................................**13**

   A.   Debtor's Civil Forfeiture Proceedings Are Not Claims against Debtor or Property of the Debtor's Estate.................................................................................................................13

      1.   Forfeiture actions are not claims against the Debtor.................................................13

      2.   The Forfeiture Actions are not claims against Debtor's property either......................14

   B.   The "police power" exception to the automatic stay (11 U.S.C. §362(b)(4))  allows actions under the 2011 Act to proceed ..............................................................................................17

   C.   The Lifting of the Stay Is Warranted Under 11 §362(d) ............................................19

      1.   Debtor Has Failed to Provide Cooperativa Adequate Protection................................19

      2.   Debtor has no equity in the seized vehicles and the vehicles are not necessary to Debtor's reorganization. ...................................................................................................21

      3.   The In re Sonnax factors weigh in favor of stay relief...............................................21

**VI.   CONCLUSION** ................................................................................................**26**

**VII.  PRAYER FOR RELIEF**...................................................................................**27**

**VIII. CERTIFICATE OF COMPLIANCE WITH SECOND AMENDED CASE
MANAGEMENT ORDER'S MEET AND CONFER REQUIREMENT**............................**28**

*Table of Authorities*

**Cases**

*Boricua Motors Leasing Corp. v. Puerto Rico*, 154 B.R. 834 (B.P.R. 1993)........................ 14, 16

*Capital Communications Federal Credit Union v. Boodrow ( In re Boodrow)*, 126 F.3d 43, 53
(2d Cir.1997) ........................................................................................................ 19

*Diversified Fiber Prods. v. United States, (In re Thena Inc.)*, 190 B.R. 407 (D. Ore. 1995).. 6, 15,
24

*General Accident v. ELA*, 137 D.P.R. 466 (P.R. 1994) ..................................................... 10, 13, 17

*In re City of Detroit,* 524 B.R. 127 (E.D. Mich. 2014)..................................................... 22, 24, 25

*In re Concepcion*, 494 B.R. 622 (B. PR 2013). ........................................................................ 20

*In re James*, 940 F.2d 46 (3rd Cir. 1991)................................................................................ 14, 16

*In re Jug End in Berkshires,* 46 B.R. 892, 899-900 (Bankr. D. Mass. 1985) ........................ 18, 19

*In re Sonnax,*  907 F.2d 1280 (2nd Cir. 1990) ...................................................................... 7, 20, 23

*In re Townley*, 256 B.R. 697 (Bankr. D.N.J. Dec. 20, 2000)........................................................ 19

*In re Williams,* 246 B.R. 591, 596 (8th Cir. B.A.P. 1999)........................................................... 19

*Louisville Joint Stock Land Bank v. Radell,* 295 U.S. 555, 602 (1935)........................................ 25

*Luis v. United States*, 136 U.S. 1083 ................................................................................... 14, 15

*Reliable Financial Services v. Puerto Rico*, 2017 T.S.P.R. 19 (2017) ......................................... 17

*State of Arizona v. Rodriguez (In re Rodriguez)*, 2008 Bankr. LEXIS 4672, 12 (9th Cir. BAP) 13,
15

*Tidewater Fin. Co. v. Henson*, 272 B.R. 135 (D. Md. Dec. 31, 2001) ......................................... 18

*U.S. 92 Buena Vista Ave.*, 507 U.S. 111, 127 (1992) ...................................................... 10, 20, 23

*United States v. A Group of Islands Known as "Cayos de Barca"*, 185 F. Supp. 2d 117, 121

(D.P.R. 2001) ................................................................................................ 13

*United States v. Klein (In re Chapman*), 264 B.R. 565 (9th Cir. BAP 2001)................... 13, 14, 16

*United States v. Sec. Ind. Bank*, 459 U.S. 70, 75 (1982) ............................................. 25

*United States v. Stowell*, 133 U.S. 1, 16-17 (1890). ..................................................... 13

*Universal v. DOJ*, 866 F.Supp. 2d. 49 (D.P.R. 2012) ............................................. 9, 18

**Statutes**

11 U.S.C §362(d) .......................................................................................... 6, 18

11 U.S.C. §362 .................................................................................................. 10

11 U.S.C. §362(b)(4) ........................................................................................... 6

11 U.S.C. §362(d)(2) .......................................................................................... 20

11 U.S.C. §901 .................................................................................................. 20

11 U.S.C. §902(1 ............................................................................................... 13

11 U.S.C. §922 .................................................................................................. 10

21 U.S.C. §853(c) .............................................................................................. 15

Article 13 of the Uniform Forfeiture Act of 2011, 34 L.P.R.A. §1724j ........................................ 9

Article 15 of the Uniform Forfeiture Act of 2011, 34 L.P.R.A. §1724(l) .................................... 9

Article 16 of the Uniform Forfeiture Act of 2011, 34 L.P.R.A.§1724(m) .................................... 9

Article 18 of the Uniform Forfeiture Act of 2011, 34 L.P.R.A. §1724(o) .................................. 10

Article 20 of the Uniform Forfeiture Act of 2011,  34 L.P.R.A §1724(q). .................................. 9

Article 6 of the Uniform Forfeiture Act of 2011, 34 L.P.R.A §1724(c)........................................ 9

Article 8 of the Uniform Forfeiture Act of 2011, 34 L.P.R.A. §1724(e).................................... 13

Puerto Rico Commercial Transactions Act, 19 L.P.R.A. §2203 .................................. 18

Section 301 of the Puerto Rico Oversight, Management, and Economic Stability Act of 2016, 48

U.S.C. §2161. ................................................................................................ 6

Uniform Forfeiture Act of 1988, 34 L.P.R.A. §1723 *et.seq* ........................................ 16

Uniform Forfeiture Act of 2011, 34 L.P.R.A. §1724 et.seq ........................................ 5

**Treatises**

3-362 *Collier on Bankruptcy, 16*[th] *Ed.,*. P 362.05 ...................................................... 17

**TO THE HONORABLE COURT:**

**COMES NOW** creditor **Cooperativa de Seguros Múltiples de Puerto Rico** (**"Cooperativa"**), through the undersigned counsel, and respectfully states and prays the Court to enter an order determining that the automatic stay does not apply to forfeiture proceedings pending in Puerto Rico state courts under Puerto Rico's Uniform Forfeiture Act of 2011 or, in the alternative, to lift the stay so that the proceedings may continue to judgment, and states as follows:

I.      <u>INTRODUCTION</u>

The Commonwealth of Puerto Rico ("Debtor"), is presently prosecuting more than 114 prepetition and several postpetition forfeiture claims in Puerto Rico state courts against Cooperativa, its policyholders and loss payees (the "Forfeiture Actions").[2]   These claims arise when Debtor exercises its police power pursuant to the  Uniform Forfeiture Act of 2011, 34 L.P.R.A. §1724 et.seq. ("the 2011 Act") to forfeit assets – in this case, motor vehicles --  owned by the Cooperativa's policyholders, financed by the secured loss payees and insured by Cooperativa, on the grounds that they were used or involved in criminal activity.  Debtor seized these particular vehicles between 2004 and 2017. The 2011 Act inverts the taker/takee relationship by placing the burdens of filing suit and proving its superior title upon the party defending the property instead of on the party trying to take it (Debtor).  In accordance with the Act, Cooperativa initiated the Forfeiture Actions prior to the initiation of Debtor's bankruptcy.

In each of the Forfeiture Actions, Debtor has asserted that the automatic stay provided by Section 362 of the U.S. Bankruptcy Code and made applicable to these proceedings pursuant to Section 301 of the Puerto Rico Oversight, Management, and Economic Stability Act of 2016, 48

---

[2] These cases are listed on **Exhibit A,** attached.

U.S.C. §2161. In other words, the Debtor takes the position that by filing bankruptcy, the Debtor is entitled to retain and even sell the vehicles, to which it does not have title or any rights of ownership, and Cooperativa is powerless to defend its rights in the property. Cooperativa respectfully submits to the Court that these claims are not subject to the §301 stay, which applies to claims against Debtor or the Debtor's property.  Forfeiture claims are neither *against* Debtor nor its property; instead they are claims initiated *by* Debtor against *other persons* to take *those other persons' property.*   Courts have consistently held that ownership of property subject to a forfeiture proceeding does not vest in the government until a judgment granting forfeiture is entered. *See, e.g.*, *Diversified Fiber Prods. v. United States, (In re Thena Inc.)*, 190 B.R. 407 (D. Ore. 1995). Accordingly they cannot be subject to the stay. The Court should allow these cases to continue their course in state courts.

Even if forfeiture claims are within the stay, they fall within 11 U.S.C. §362(b)(4)'s police power exception. Civil asset forfeiture claims in general, and those under the 2011 Act in particular, are based on allegations that the property in question participated in violating the government's criminal statutes. Moreover, it bears stressing that the Puerto Rico Supreme Court has consistently held that the 2011 Act and its predecessor statutes are punitive in nature. Such a remedy is undoubtedly an exercise of the Debtor's police power excepted from the stay by §362(b)(4).  Tellingly, this is exactly what Debtor has argued when it has initiated forfeiture proceedings against property owned by a citizen who declares bankruptcy --- the stay does not apply to the forfeiture because it is an exercise of Debtors' police powers.

Cause also exists to lift or modify the stay under 11 U.S.C §362(d). Proceedings under the 2011 Act lack adequate protection of Cooperativa and its loss payees' security interests in the property because Debtor extinguishes such security interests in the seized properties without

paying off the underlying loans or providing any substitute whatsoever in the course of those proceedings.

Finally, an analysis of the factors listed in *In re Sonnax,* 907 F.2d 1280 (2nd Cir. 1990), also demonstrates that stay relief is warranted. The balance of equities lies with allowing interested parties to defend their property from Debtor's attacks upon it. The Debtor's full faith and credit is the only remedy that the 2011 Act provides to interested parties that succeed in challenging Debtor's attempted taking of their property. Debtor's filing for relief under PROMESA Title III and the consequent stay of the forfeiture proceedings has rendered that relief worthless.

Cooperativa respectfully submits to the Honorable Court that it is entitled to obtain relief from the PROMESA §301 stay to be given an opportunity to defend its property from Debtor's attempts to take it.  For the reasons stated herein, Cooperativa seeks an order clarifying that the stay does not apply to forfeiture proceedings under the 2011 Act, or, in the alternative, an order modifying the stay to allow claims arising under the 2011 Act to continue through the pendency of the Commonwealth's readjustment process.

## II.     JURISDICTION

This Court has jurisdiction to consider this Petition pursuant to 11 USC §362 and §922, which are applicable to the above captioned matter pursuant to PROMESA §301, 48 U.S.C. §2161.

## III.    MATERIAL FACTS

A.     The Parties

1.     Cooperativa de Seguros Multiples de Puerto Rico ("Cooperativa")

Cooperativa is a Puerto Rico cooperative society. It is licensed by the Office of

Commissioner of Insurance of Puerto Rico to operate as a property and casualty insurance carrier in Puerto Rico. Cooperativa is one of Puerto Rico's largest automobile property and casualty insurance underwriters. Its automobile insurance policies cover a range of risks including automobile lenders' security arising from asset forfeiture.

Cooperativa's automobile policies contain a forfeiture endorsement that provides coverage to lenders who provide purchase money loans secured by a lien on the vehicles' title. Debtor's notice to the lender that it intends to forfeit the vehicle constitutes a loss covered by the policy; upon receipt of the notice, Cooperativa either posts a bond and recovers the vehicle or pays lender's claim and subrogates in the lender's position as the secured party. In either scenario Cooperativa possesses a legal interest in the vehicle, its title and security interest.

2.  Debtor Commonwealth of Puerto Rico ("Debtor")

Debtor is a political structure that governs over the Island of Puerto Rico (a territory of the United States), pursuant to the authority vested by the Congress of the United States of America. As such, the Commonwealth is subject to the U.S. Constitution and federal laws, except for certain internal revenue laws and others that the Congress has chosen not to extend to the territory.

3.  The Commonwealth Department of Justice

The Department of Justice is a political subdivision of the Debtor. The Secretary of Justice is the head of the Department and executes the public policy set forth in the 2011 Act.

4.  The Commonwealth Department of Justice's Forfeiture Board

The Forfeiture Board is a subdivision of the Department of Justice which administers the assets seized pursuant to the 2011 Act.

B.   The Puerto Rico Uniform Forfeiture Act of 2011

Debtor prosecutes forfeiture proceedings under this legislation's auspices. This civil asset forfeiture scheme is unlike any other employed by the several states and the federal government. Under this scheme Debtor seizes its citizens' property and then provides written notice of the seizure to all interested persons, including the secured loss payees, of its intent to forfeit the same. §1724j   Interested persons who wish to secure their property must, within 30 days of receiving the notice, contest the intent to forfeit property by filing suit against the Commonwealth of Puerto Rico and the government official who authorized the service. §1724l. Failure to comply with this deadline is fatal to interested party's claims; if suit is not timely filed their claim to title of the property expires and the title vests with the Debtor.

If suit is timely filed, the court must adjudicate the competing claims within six (6) months after the answer to the complaint is filed, with one 30-day extension permitted if the parties agree and show good cause. §1724l.  Suits under the Forfeiture Act are intended to proceed quickly to final judgment.

 Interested parties that timely file suit and wish to recover the seized asset *pendente lite* must then post a bond in lieu of the property within 20 days of filing suit. §1724m. If no bond is posted before this deadline expires, the 2011 Act grants Debtor the discretion to extinguish all security interests in the vehicle's title and transfer both the vehicle and the title free and clear of encumbrances directly from the previous titleholder to either itself for its own use or to third parties who purchase the property at auction. §1724q. This security extinguishment and sale or transfer takes place *while the claim to the property's title is being litigated*. *Universal v. DOJ*, 866 F.Supp. 2d. 49 (D.P.R. 2012) When Debtor auctions the property it deposits the sale proceeds into a segregated account within its Department of Treasury. §1724(c). Debtor

regularly withdraws money from this account to use in for several purposes as the Act provides. The 2011 Act allows Debtor to destroy lenders' security interests on the property without compensation even though it lacks title over the property. It bears reminding that Debtor's title does not vest until a forfeiture judgment becomes final, and that this never happens in those cases where the parties opposing forfeiture prevail. *U.S. v. 92 Buena Vista Ave.*, 507 U.S. 111, 127 (1992) ("*Until the Government does win such a [forfeiture] judgment, however, someone else owns the property. That person may therefore invoke any defense available to the owner of the property before the forfeiture is decreed.*") Debtor does not ever satisfy the loan underlying the security interest it extinguishes, or provide any relief for loss of said interest. The creditor's interest then becomes unsecured, and the creditor is left solely with its personal action against the property's previous owner for breach of contract. *General Accident v. ELA*, 137 D.P.R. 466 (P.R. 1994)

In those cases where the interested party prevails, Debtor must return the property to the interested party. If the property is not available, Debtor must deliver to the prevailing party the cash equivalent of the greater of its market value or the auction sale price, with legal interest. §1724(o).

Debtor has sought this Court's protection under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act of 2016, 48 U.S.C. §2161 *et.seq*. Debtor has also appeared in the state courts informing of the Title III filing and of the stays under 11 U.S.C. §362 and 11 U.S.C. §922, as adopted by PROMESA §301. The 2011 Act's measure of relief, which was bare before the Title III filing, has now become illusory when combined with the automatic stay provisions and Debtor's position that takings claims under the U.S. Constitution are dischargeable under PROMESA. *See* Docket No. 654, at 4 *("Notably, compensation for Fifth*

11

*Amendment violations is dischargeable like any other debt, and there is nothing in the Bankruptcy Code or PROMESA to suggest otherwise.*")[3]

C.     The Forfeiture Actions

Debtor has asserted the PROMESA Automatic Stay in 114 cases where it is presently attempting to vehicles insured by Cooperativa. A list of these cases is attached as Exhibit A to this Motion. Debtor further wishes to assert the Stay to all postpetition cases in which Cooperativa prevails and Debtor is required to return the seized vehicles or their cash value. Were this Court to hold that automatic stay applies to all forfeiture proceedings, the alternative relief Cooperativa seeks through this motion is to lift or modify the stay in all of these cases and in all future forfeiture proceedings the Debtor undertakes pursuant to the 2011 Act.

IV.     RELIEF REQUESTED

A.  Cooperativa seeks clarification that the PROMESA §301 Stay does not apply Debtor's forfeiture proceedings under the 2011 Act.

B.  In the alternative it seeks the following modifications to the Stay:

Continuation of all active state court proceedings under the 2011 Act:

*A-In cases where bond is not posted:*

1) Debtor will segregate the sale proceeds in an account to secure their availability to provide for their return to Cooperativa in those cases where it eventually prevails; and

2) Debtor will allow Cooperativa to post bonds now in those cases where the vehicle remains available in Debtor's control despite the expiration of the statutory limit.

---

[3]  Cooperativa rejects Debtor's contention that Fifth Amendment Takings debts are dischargeable. Nonetheless Debtor's position on this point of law is relevant to this discussion because it highlights the absence of relief that warrants the Court's intervention.

3) When a judgment denying forfeiture and ordering Debtor to return the seized property becomes final:

> a) Debtor shall return property to the prevailing party if it is still under its possession;
>
> b) The Bankruptcy Court shall have jurisdiction over judgments in those cases where the property is no longer under Debtor's control and Debtor is required to return the property's cash equivalent with interest.

*B-In cases where an interested party posts a bond:*

> 1)  Debtor shall deliver the property to the party posting the bond;
>
> 2)  The forfeiture proceedings shall continue in Debtor's courts without further Bankruptcy Court involvement.

V.    <u>ARGUMENT</u>

A. Debtor's Civil Forfeiture Proceedings Are Not Claims against Debtor or Property of the Debtor's Estate

In each of the Forfeiture Actions, the Debtor asserts that the automatic stay applies to actions "against the Debtor" or against the "property of the estate" 11 U.S.C. §362(a). The Forfeiture Actions are not against the Debtor, nor against its property.

1.   <u>Forfeiture actions are not claims against the Debtor</u>

First, forfeiture proceedings under the 2011 Act are not subject to the PROMESA §301 Stay because they are claims initiated *by* Debtor and not *against* it. They are actions to *challenge* Debtor's intent to acquire the *interested persons' property.* These cases all involve property whose title is vested and registered in parties other than Debtor. It is Debtor whom affirmatively asserts a superior claim of ownership over the property of the registered titleholders and not the other way around. It is *Debtor* and not the interested parties whom initiates the claims on the

13

property by giving notice of its intent to forfeit it. The interested parties who file suit are merely answering the Act's call to defend their property upon learning of Debtor's intention of taking it.

Proceedings under the Forfeiture Act are *in rem*, or against the property, as set forth explicitly in in the Act itself: "Forfeitures shall be civil proceedings initiated ***against property*** and independent from any other criminal, civil, or administrative proceeding that may be initiated against the owner or holder of the property…." §1724e. (emphasis added). The "guilt" at issue is "the 'guilt' of the property seized" not of the owners as occurs in criminal forfeiture. *In re Rodriguez)* 2008 Bankr. LEXIS 4672, 12; 2008 WL 8448043 (9th Cir. B.A.P., July 10, 2008) (quoting *U.S. v. One 1985 Mercedes,* 917 F.2d 415, 419 (9ᵗʰ Cir. 1990). Proceedings under the Forfeiture Act's predecessor were also *in rem. General Accident v. Puerto Rico*, *supra.* The Debtor faces no "personal" liability.

### 2.   The Forfeiture Actions are not claims against Debtor's property either.

Section 902(1) of the U.S. Bankruptcy Code, 11 U.S.C. §902(1), adopted by PROMESA 301, defines the term "property of the estate" as "property of the debtor." Hence the property subject to the §362 stay is Debtor's property. Property which governments intend to forfeit still belongs to the interested parties and not the government unless and until the latter prevails in the forfeiture litigation. *United States v. Stowell*, 133 U.S. 1, 16-17 (1890). The government is merely a claimant against the property unless and until it prevails in the forfeiture action. *United States v. A Group of Islands Known as "Cayos de Barca"*, 185 F. Supp. 2d 117, 121 (D.P.R. 2001) ("the government does not own the property seized for forfeiture until it provides its right to forfeiture, under the applicable forfeiture statute…. The government's title is simply not perfected until judicial condemnation."); *United States v. Klein (In re Chapman)*, 264 B.R. 565, 569 (9ᵗʰ Cir. B.A.P. 2001) (seized property remained property of citizen because government did not yet have a forfeiture judgment). Thus it cannot be said that these claims are made against

Debtor.

As discussed above, Debtor's interest in the property does not vest until it prevails in the forfeiture proceeding; and in those cases where the interested parties prevail no such vesting occurs *ever*. Accordingly the *res* at issue in forfeiture proceeding cannot be said to owned by the Debtor.   The §362 stay therefore simply does not apply.

Bankruptcy case law contains many examples where the §362 stay is applied in the opposite direction: where debtors attempt to employ it as a shield against a forfeiting government that is acting as a creditor pursuing debtors' assets. *In re James*, 940 F.2d 46 (3rd Cir. 1991); *Boricua Motors Leasing Corp. v. Puerto Rico*, 154 B.R. 834 (B.P.R. 1993); *Diversified Fiber Prods. v. United States, (In re Thena Inc.), supra; United States v. Klein (In re Chapman)*, 264 B.R. 565 (9th Cir. BAP 2001). In all of these cases the government is attempting to avoid the stay to prosecute its forfeiture claims and the debtors are using it as a defense to prevent the forfeiture claims from depleting the estate.

These cases show that a government's posture as a forfeiture claimant like Debtor under the 2011 Act is not worthy of the automatic stay's protections under §362 or §922. A government's status as a bankruptcy debtor does not alter its relationship to the forfeited property: someone else owns it and the government is trying to take it from that someone for itself. It cannot reasonably be true that *with respect to the same claim* a government forfeiting property is simultaneously both *a creditor* against whom the automatic stay may be opposed *and a debtor* that may oppose it. Cooperativa submits to the Court that the correct conclusion lies with the weight of legal authority which holds that in forfeiture cases the government is the creditor and not the debtor.

In *Luis v. United States*, 136 U.S. 1083 (2016), the U.S. Supreme Court validated the creditor/debtor analogy to illustrate the relationship between the government and the *res* in forfeiture proceedings similar to those under the 2011 Act[4]. In *Luis* the statute at issue, 21 U.S.C. §853(c), provided for the government to obtain an order preserving the property for future forfeiture and not the forfeiture itself. The Supreme Court likened the government's §853(c) interest in forfeitable crime-tainted assets to that of a secured creditor with a lien on the interested parties' assets. *Luis, at 1092 ("If we analogize to bankruptcy law, the Government, by application of §853(c)'s relation-back provision, became something like a secured creditor with a lien on the defendant's tainted assets superior to that of most any other party.")*

Extending the *Luis* analogy to cases under the 2011 Act helps define Debtor's forfeiture claims in a bankruptcy context. Where an order preserving property for future forfeiture is like the government claiming a lien over it, the subsequent forfeiture proceeding is like the government foreclosing on that lien and executing on the underlying property. Thus Debtor's claims under the 2011 Act are like foreclosing on its interest in Cooperativa's property including the secured loss payees' security interest in the assets' titles. This analogy is consistent with Debtor's posture as a creditor and not a debtor, seeking to add property to its estate and not to defend it from another party's attack. Such activity is inconsistent with the §362 and §922 stays' purpose which is to defend the estate and not to enhance it. *Diversified Fiber Products v. United States, supra.*, at, 412

As demonstrated above, government's role in forfeiture claims is that of a creditor pursuing interested parties' property for itself. Such efforts involve neither Debtor nor its

---

[4]  In *Luis v. United States* the statute at issue was 21 U.S.C. §853(c), a criminal forfeiture statute which allowed the government to freeze a defendant's assets to avoid their depletion before the criminal trial. That criminal statute is similar to the 2011 Act in that both adopt the relation back doctrine; which provides that when a government prevails in civil or criminal forfeiture action the title transfer relates back to the moment of the criminal offense. *State of Arizona v. Rodriguez (In re Rodriguez), supra.* The *Luis* Court held that the relation back doctrine was what created the government's lien-like interest in the property.

property. As the §362 stay applies to claims against a debtor or its property, and Cooperativa's claims under the 2011 Act involve neither, Debtor's use of the stay to halt these cases is improper. The Court should so hold, declare that the stay does not affect forfeiture claims under the 2011 Act, and allow Cooperative to continue defending its property.

B.   The "police power" exception to the automatic stay (11 U.S.C. §362(b)(4)) allows actions under the 2011 Act to proceed

The automatic stay is not absolute; it provides certain exceptions where cases may proceed despite the debtor's bankruptcy filing. One of these exceptions allows actions by a governmental unit to enforce its police and regulatory power to proceed despite the stay.  Section 362(d)(4) of the Bankruptcy Code provides that the automatic stay does not apply to: "the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's policy and regulatory power Cooperativa submits to the Court that forfeiture claims under the 2011 Act are excepted from the stay; because forfeiture is an exercise of the Debtor's police and regulatory power.

This Court has previously held that proceedings under Debtor's prior forfeiture statute, the Uniform Forfeiture Act of 1988, 34 L.P.R.A. §1723 *et.seq.,* are not subject to the automatic stay under §362(b)(4)'s police power exception. *Boricua Motors Leasing Corp., v. Puerto Rico*, *154 B.R. 834, 835 (D.P.R. 1993).* This is in keeping with other federal courts who have likewise ruled that civil forfeiture actions fell within Section 362(b)(4) exception. *United States v. Klein (In re. Chapman), supra.* (holding that federal government's civil forfeiture action directed to debtor's home on the ground it was used to illegally grow marijuana fell into police power exception*); In re James., supra*, at 51 (3rd Cir. 1991) ("a civil forfeiture action is an action by a governmental unit to enforce its police or regulatory power."). Debtor promulgated the 2011 Act using the same police power authority that authorized its predecessor.

To determine whether an action is excepted from the automatic stay as a police or regulatory power action or simply a collection action, the courts have developed two tests to judge the government's action:—the pecuniary purpose test (is the governmental unit pursuing a matter of public safety and welfare rather than a governmental pecuniary interest?); and—the public policy test (is the government action designed to effectuate public policy rather than to adjudicate private rights?).If the answer to either question if "yes," then the exception applies. 3-362 *Collier on Bankruptcy, 16th Ed.,* P 362.05

The Puerto Rico Supreme Court has consistently held that the 2011 Act and its predecessor statute both serve punitive purposes and seek to implement public policy. In *General Accident v. Puerto Rico, supra., at 13,* the Supreme Court held that the 1988 Act was promulgated on the rule that forfeiture of an instrument of crime is an important mean to support the governmental authorities' struggle against illegal events and seek to avoid seized property from being reused for illegal purposes. In turn, in *Reliable Financial Services v. Puerto Rico*, 2017 T.S.P.R. 19, 6 (2017) it held that that forfeiture proceedings under the 2011 Act serve as a deterrent against law breakers.

These Puerto Rico Supreme Court holdings demonstrate that Debtor's forfeiture statutes pursue public safety and welfare purposes as opposed to its own profit, and proceedings under such statutes seek to implement public policies such as deterring crime and keeping criminal property out of wrongdoers' reach. These policy purposes satisfy both the pecuniary purpose and public policy tests. Accordingly, the police power exception applies and forfeiture proceedings under the 2011 Act fall outside of the PROMESA §301 stay Debtor has asserted in state courts. This Court should find that the Forfeiture Actions fall within the §362(b)(4) exception and permit then to proceed to conclusion.

C.  The Lifting of the Stay Is Warranted Under 11 §362(d)

1.  Debtor Has Failed to Provide Cooperativa Adequate Protection

Section 362(d)(1) of the Bankruptcy Code, 11 §362(d)(1), provides that relief from the stay may be granted "for cause, including the lack of adequate protection of an interest in property..." Adequate protection attempts to prevent the unlawful taking of a secured creditor's constitutionally protected property interest by compensating for any diminution in the value of the collateral that occurs after the bankruptcy petition is filed. *Tidewater Fin. Co. v. Henson*, 272 B.R. 135 (D. Md. Dec. 31, 2001) The concept is derived from the Fifth Amendment's constitutional protection and seeks to reconcile the conflicting interests of the debtor seeking reorganization and the creditor entitled to protect his bargain. *In re Jug End in Berkshires,* 46 B.R. 892, 899-900 (Bankr. D. Mass. 1985)

There are two distinct forms of property at issue in cases under the 2011 Act. The first property is naturally the seized asset itself, which in Cooperativa's cases is a motor vehicle. The second form of property is the security interest in the loan that encumbers the vehicle's title pursuant to the Puerto Rico Commercial Transactions Act, 19 L.P.R.A. §2203. This security interest is property in and of itself separate from the vehicle. *Universal v. DOJ, supra.*, ("*[I]t is well-settled that a lien is a constitutionally protectable property interest.*")

By filing for protection under Title III of PROMESA, Debtor has now assumed 11 U.S. C §362(d)'s obligation to provide adequate assurance to its creditors. Its implementation of the 2011 Act, however, does the opposite of providing adequate assurance. Through the 2011 Act Debtor attempts to avails itself of property in which property Cooperativa has interests and dispose of it for the benefit of its estate. In doing so it destroys Cooperativa's security interest in the vehicle instead of protecting it. In doing so Debtor fails to protect Cooperativa's interests as required under §361 and §362(d)(4). Such an outcome is incompatible with both the Bankruptcy

19

Code and with Cooperativa's rights under the Fifth Amendment. *In re Townley*, 256 B.R.
697 (Bankr. D.N.J. Dec. 20, 2000)  ("*The right of a secured creditor to the value of its collateral
is a property right protected by the Fifth Amendment.  Before the plan is confirmed, that
property right is protected by the requirement of Code section 361 for adequate protection.*")
Cooperativa requests of this Court now, as it must, adequate protection of its interests. A secured
party must appear before the Court and request adequate protection of its secured interest. *In re
Williams,* 246 B.R. 591, 596 (8th Cir. B.A.P. 1999).

An equity cushion is the most common adequate protection provided to a secured
creditor. It consists of the value in the property above the amount owed to the creditor with a
secured claim that will protect that creditor's secured interest from decreasing in value during the
period that the automatic stay remains in effect. *In re Jug End in Berkshires, Inc.*, *supra*
However Debtor cannot provide Cooperativa with such a cushion for the vehicles in these
Forfeiture Actions because it cannot have equity in property which it holds as a custodian for the
eventual prevailing party. It also cannot provide such a cushion in those cases where it sells the
property. An equity cushion is also inapplicable to Cooperativa's security interest in the property
which Debtor customarily destroys.

Cooperativa's interest in the seized property would be affirmatively harmed if the Court
allowed continuation of the stay because it would not be able redeem its property from Debtor.
*Capital Communications Federal Credit Union v. Boodrow ( In re Boodrow)*, 126 F.3d 43, 53
(2d Cir.1997) Debtor already destroys Cooperativa's security interest property as a matter of
course, and has now advised its intention to also discharge debts arising from Fifth Amendment
takings.  Debtor's actions render the 2011 Act's remedies illusory. Conversely, allowing
Cooperativa to defend its property will allow it to post bonds and retrieve its property, thus

20

stopping Debtor from avoiding its constitutional duty to compensate Cooperativa for the property it takes.

2. <u>Debtor has no equity in the seized vehicles and the vehicles are not necessary to Debtor's reorganization.</u>

Lifting of the stay is also warranted under 11 U.S.C. §362(d)(2). This section provides that a secured creditor may obtain relief from the automatic stay with respect to an act against property of the bankruptcy estate if (a) the debtor does has no equity in such property; and (b) such property is not necessary to an effective reorganization. Cooperativa meets both prongs of this test.

It is impossible for Debtor to have equity in the seized property because, as discussed elsewhere, it does not own equitable title to it while the parties litigate forfeiture. Instead it holds either the property or its proceeds in custody for the prevailing party. Debtor cannot have any equity in property that it does not own. By the same token property that Debtor does not own cannot be necessary to Debtor's effective reorganization. 11 U.S.C. §901 of the Code states that "property of the estate" is property of the Debtor. As discussed above, seized property cannot be property of the debtor because its interest in does not vest until after judgment. *U.S. v. 92 Buena Vista Ave.*, 507 U.S. at 127   ("*Until the Government does win such a [forfeiture] judgment, however, someone else owns the property. That person may therefore invoke any defense available to the owner of the property before the forfeiture is decreed.*")

3. <u>The *In re Sonnax* factors weigh in favor of stay relief</u>

Cooperativa also has sufficient cause to warrant relief from the Stay under the *In re Sonnax* factors[5] which this District has adopted.  *In re Concepcion*, 494 B.R. 622 (Bankr. D.P.R 2013). We proceed to discuss the factors below.

---

[5]  The *In re Sonnax* factors are:

i.      ***Partial or Complete Resolution of the Issues*** – The lift of the stay in forfeiture cases will allow complete resolution in those cases where bonds are posted. Even in those cases where Debtor no longer has the seized property available, lifting the stay will allow state courts to liquidate these claims by adjudicating if Debtor is entitled to the property or if it should be returned to Cooperativa. It will also allow the state courts to determine the seized property's reasonable market value. This will assist the Court by determining the property values in those cases where the interested parties prevail.

ii.      ***Lack of Connection or Interference with Bankruptcy Case*** –Lifting the stay will not interfere with the above captioned case because, as discussed above, claims under the 2011 Act are not against Debtor nor its property. This is especially so in those cases where the interested parties have posted bonds and recovered the seized property's possession. In those cases the litigated *res* becomes the bond instead of the property, which remains under the state court's custody rather than Debtor's. This solution also benefits Debtor by relieving it of its responsibility under the 2011 Act to serve as the property's custodian for the ultimate prevailing party's benefit, avoiding adding to Debtor's already unsustainable liabilities.

Even in those cases where bonds cannot be posted, the connection to the bankruptcy case is attenuated because Debtor is holding the seized property solely as a custodian for the

---

(1) whether relief would result in a partial or complete resolution of the issues;
(2) lack of any connection with or interference with the bankruptcy case;
(3) whether the other proceeding involves the debtor as a fiduciary;
(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
(5) whether the debtor's insurer has assumed full responsibility for defending it;
(6) whether the action primarily involves third parties;
(7) whether litigation in another forum would prejudice the interests of other creditors;
(8) whether the judgment claim arising from the other action is subject to equitable subordination;
(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
(10) the interests of judicial economy and the expeditious and economical resolution of litigation;
(11) whether the parties are ready for trial in the other proceeding; and
(12) impact of the stay on the parties and the balance of harms.

*In re Sonnax,*  907 F.2d 1280  (2nd Cir. 1990)

benefit for the eventual prevailing party. The Court can minimize the impact on the bankruptcy case by reserving jurisdiction on execution of judgments ordering the return of the property.

    iii.    ***Interests of Judicial Economy and Expeditious and Economical Resolution of Litigation*** – Judicial economy favors lifting the stay to allow forfeiture proceedings to continue in the Commonwealth courts to their conclusion. Cooperativa's claims arise from takings prohibited under the 5th Amendment and as such they are not dischargeable. *In re City of Detroit,* 524 B.R. 147, 270 (E.D. Mich. 2014). Accordingly, judicial economy is best served by allowing litigated these claims to their conclusion, in some of which the Debtor will surely prevail. These cases will reduce the amount of property that Debtor will have to return.

    iv.    ***Whether the Parties Are Ready for Trial in the Other Proceeding*** – this factor will vary with the circumstances of each case. However the 2011 Act provides that forfeiture proceedings under it must proceed to trial in six months after Debtor answers the complaint. The lifting of the stay so the Forfeiture Actions may proceed will not cause a delay of any kind.

    v.    ***Impact of the Stay on the Parties and Balance of Harms*** – The balance of harms favors lifting the stay and allowing the forfeiture cases to proceed. Continuing the stay will allow Debtor to continue taking its citizens' property while denying them a meaningful opportunity to be heard and, when they prevail, receive compensation for their property. In Cooperativa's case the stay it will also secured interest in the property as well. Oppositely, lifting the stay will not harm Debtor. Forcing it to prosecute its forfeiture claims cannot be considered a hardship as this is the constitutional duty it assumed when it decided to deprive its citizens of their property under the 2011 Act. This is particularly true given that the 2011 Act allows Debtor to benefit from the vehicle and, in the case of the extinguished security interest on the title to destroy the property outright, before taking title to it.

vi. **Whether the other proceeding involves the debtor** as a fiduciary – Pursuant to the 2011 Act, the Debtor holds the seized property as a fiduciary for the eventual prevailing party. *U.S. v. 92 Buena Vista Ave., supra.* ("*If the Government wins a judgment of forfeiture under the common-law rule -- which applied to common-law forfeitures and to forfeitures under statutes without specific relation back provisions -- the vesting of its title in the property relates back to the moment when the property became forfeitable. Until the Government does win such a judgment, however, someone else owns the property.*") The *Sonnax* analysis favors lifting the stay in those cases where the debtor acts as a fiduciary because "they bear no relationship to the purpose of the automatic stay, which is protection of the debtor and his estate from his creditors." *In re Sonnax Indus.,* 907 F.2d at 1286.

vii. **Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action**. This factor favors modifying the stay. The Commonwealth courts have developed an expertise in the 2011 Act, which operates differently from the federal government and the states' civil asset forfeiture statutes. These courts are also versed in the specific arguments that parties may raise, including those procedural defenses specifically arising under the 2011 Act. Notices and other documents prepared pursuant to the Act are prepared in Spanish; and the vast majority of witnesses in these cases speak Spanish only. Bringing these cases to this Court would require incurring significant translation costs. Also, a small portion of the Puerto Rico legal community on the either side of the issue specializes in these matters, and few of them are also admitted to practice before this Court. Finally, it bears considering that the 2011 Act provides for summary proceedings which would likely be delayed if transferred to federal court. This factor favors leaving the state courts to manage this caseload.

viii. ***Whether the debtor's insurer has assumed full responsibility for defending*** it – This factor is inapplicable to cases under the 2011 Act because, as discussed above, it is Debtor who is prosecuting these claims to acquire Cooperativa's property. If it does not prevail its exposure is limited to returning Cooperativa's property, either in the form of the actual seized property or its cash value equivalent.

ix. ***Whether the action primarily involves third parties*** – This factor is neutral. In some of the Forfeiture Actions, the property's titleholder owner has also filed its own claim and the state court has consolidated all claims in one proceeding.

x. ***Whether litigation in another forum would prejudice the interests of other creditors*** -Litigation in another forum would not prejudice the interests of other creditors. In those cases where Cooperativa has or will prevail, the court's determination is and will be that the seized property never became the property of the Debtor and thus was unavailable for distribution to the Debtor's creditors. *Diversified Fiber Prods. v. United States (In re Thena, Inc.,), supra.* (*"These provisions suggest that debtors in possession may garner for inclusion in the estate only those property rights which the debtor held at the time the bankruptcy petition was filed. Chapter 11 is a tool for protecting, not enhancing the debtor's estate."*)[6]

xi. **Whether the judgment claim arising from the other action is subject to equitable subordination** – the forfeiture litigation's judgments would not be subject to equitable subordination because they are not dischargeable. *In re City of Detroit*, 524 B.R. 127 (E.D. Mich. 2014). Subordinating or discharging Cooperativa's claims would be paramount to taking its property without just compensation. *Louisville Joint Stock Land Bank v. Radell,* 295 U.S. 555,

---

[6] While this case concerns forfeiture in the context of a bankruptcy under Chapter 11 of the Code, its holdings are instructive in this matter.

602 (1935). The bankruptcy power is subject to the Fifth Amendment's prohibition against taking private property without compensation. *United States v. Sec. Ind. Bank*, 459 U.S. 70, 75 (1982)

xii.   ***Whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor*** – Cooperativa's success in these cases may result in a judicial lien; this lien is not avoidable by Debtor because the judgment against it will provide for the return of Cooperativa's property as required by the Fifth Amendment's takings clause. These claims are not avoidable by Debtor. *In re City of Detroit*, *supra*.

The *Sonnax* factors favor modifying the stay to allow forfeiture proceedings to continue in state court, with the Bankruptcy Court retaining jurisdiction over any adverse money judgments against the Commonwealth.

VI.   <u>CONCLUSION</u>

Debtor has asserted the 11 U.S.C. §362 and §922 automatic stays adopted by PROMESA §301, in all civil asset forfeiture cases against Cooperativa arising under the 2011 Act. These stays are inapplicable to such cases which do not involve claims against either Debtor or its property. These Forfeiture Actions are instead initiated by Debtor who chose to attempt to take Cooperativa's property and forced the latter to defend the same. If anything, Debtor is pursuing the property much like a secured creditor forecloses on a lien and executes on the underlying property. This construction is consistent with the weight of authority interpreting §362 in the forfeiture context, which views the forfeiting government as the creditor and the interested party as the debtor protected by the stay.

Assuming that Debtor is entitled to assert the §362 stay against Cooperativa, the stay should be lifted because Debtor's forfeiture proceedings and Cooperativa's challenge thereto are covered by the §362(b)(4) police power exception.

The stay should also be lifted because cause exists under §362(d). Debtor is disposing of Cooperativa's property without providing adequate protection of its security interest, which it literally destroys without compensation as a matter of course. That alone justifies lifting the stay. Finally, the *In re Sonnax* factors favor lifting the stay. Allowing the forfeiture cases to continue will adjudicate the parties' claims over the property resolving the matters at issue; these cases are not connected and will not interfere with Debtor's bankruptcy; judicial economy favors these cases reaching resolution in the specialized courts handling them now; and the balance of equities favors lifting the stay and allowing Cooperativa to defend its property from Debtor.

VII. <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, the appearing party requests from this Honorable Court to clarify that the 11 U.S.C. §362 stay adopted by PROMESA §301 does not apply to forfeiture proceedings pursuant to the Uniform Forfeiture Act of 2011, 34 L.P.R.A. §1724 et.seq.; or in the alternative modify the Stay to allow Plaintiffs to continue prosecuting their challenges to proposed forfeitures the Commonwealth pursues under the Uniform Forfeiture Act as follows, with the Court reserving its jurisdiction over money judgments entered against the Commonwealth:

1-Continuation of all active state court proceedings under the 2011 Act:

A-In cases where bond is not posted:

1) Debtor will segregate the sale proceeds in an account to secure their availability to provide for their return to Cooperativa in those cases where it eventually prevails; and

2) Debtor will allow Cooperativa to post bonds now in those cases where the vehicle remains available in Debtor's control despite the expiration of the statutory limit.

3) When a judgment denying forfeiture and ordering Debtor to return the seized property becomes final:

    a) Debtor shall return property to the prevailing party if it is still under its possession;

    b) The Bankruptcy Court shall have jurisdiction over judgments in those cases where the property is no longer under Debtor's control and Debtor is required to return the property's cash equivalent with interest.

B-In cases where bond is posted and the property is in Cooperativa's possession:

1) The continuation of forfeiture proceedings in Debtor's courts without further Bankruptcy Court involvement.

## VIII. CERTIFICATE OF COMPLIANCE WITH SECOND AMENDED CASE MANAGEMENT ORDER'S MEET AND CONFER REQUIREMENT

Cooperativa certifies to the Court that it has met and conferred with Debtor regarding the relief requested in this Motion as required under this Motion. It notified counsel for AAFAF and the Oversight Board of its intent to seek the relief requested herein on August 18, 2017. Cooperativa and the Debtor have conferred on the matter but have failed to reach an agreement.

*[Continues on following page]*

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this 12th day of September 2017.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send electronic notification of such filing

to all counsel of record.

VALDES ORTIZ LAW OFFICES, PA
8461 Lake Worth Rd.
Suite 420
Lake Worth, FL 33467
Tel: (561) 340-1410

s/ Hector E. Valdes Ortiz
HECTOR E. VALDES  ORTIZ
USDC-PR No. 219411
hvaldes@v-olaw.com

# EXHIBIT

# A

In re: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO

Cooperativa de Seguros Multiples' Motion to Lift Stay

Exhibit A - List of Active Prepetition Forfeiture Cases

| Case No. | Court No. | Policyholder | Court Part | Litigation Status |
|---|---|---|---|---|
| 1 | AAC-2017-0051 | Jasmin Román Torres | Aguadilla | Bond Posted/Standing Questioned |
| 2 | AAC-2017-0037 | Jesmarie Sepúlveda Cardona | Aguadilla | Complaint Filed |
| 3 | AAC-2016-0103 | Andres Días López | Aguadilla | Petitioner's Summary Judgment Motion Filed |
| 4 | BAC-2017-0029 | Angel Colón Rios | Aibonito | Bond Posted/Standing Questioned |
| 5 | BAC-2017-0016 | Jorge Cruz Roblez | Aibonito | Bond Posted/ Standing Questioned |
| 6 | BAC-2017-0014 | Igal Murphy Perez | Aibonito | Discovery |
| 7 | BAC-2017-0002 | Hector Rivera Alvarado | Aibonito | Discovery |
| 8 | BAC-2016-0010 | Miguel Vázquez Molina | Aibonito | Bond Posted/Discovery |
| 9 | BAC-2012-0020 | Giovanny Martínez Torres | Aibonito | Set fot Trial |
| 10 | CAC-2017-0154 | Jackelyn Echevarria Gonzáles | Arecibo | Bond Posted/Standing Questioned |
| 11 | CAC-2017-0079 | Pedro Rosado Montañez | Arecibo | Discovery |

| 12 | CAC-2016-1796 | Angie Ynoa Guzmán | Arecibo | Bond Posted/Standing Questioned |
|----|---------------|-------------------|---------|--------------------------------|
| 13 | CAC-2015-2472 | Eduardo Vélez Vargas | Arecibo | Bond Posted/Discovery |
| 14 | CAC-2015-2340 | Wilma Torres Carasquillo | Arecibo | Bond/Standing Summary Judgment Filed |
| 15 | CAC-2015-2203 | Alcidy Maldonado Rosado | Arecibo | Bond/Pretrial |
| 16 | CAC-2015-1895 | José López López | Arecibo | Bond/Discovery |
| 17 | DAC-2017-0320 | Michael Pagán Vargas | Bayamon | Complaint Filed |
| 18 | DAC-2017-0532 | Feliciano Rivera Marrero | Bayamón | Bond Posted/Standing Questioned |
| 19 | DAC-2017-0390 | Daniel Rodríguez Rivera | Bayamón | Bond Posted/Standing Questioned |
| 20 | DAC-2017-0319 | Dayane Rosado Vega | Bayamón | Bond Posted/Debtor's Motion to Dismiss Filed |
| 21 | DAC-2017-0191 | Alfonso López Guzmán | Bayamón | Discovery |
| 22 | DAC-2017-0190 | Maritza Rivera Jimenez | Bayamón | Complaint Filed |
| 23 | DAC-2017-0029 | Zeydi Olivo Muñoz | Bayamón | Petitioner's Summary Judgment Motion Filed |
| 24 | DAC-2017-0030 | Angel Burgo Albino | Bayamón | Bond Posted/Standing Questioned |
| 25 | DAC-2016-1649 | José Toledo Aponte | Bayamón | Bond Posted/Standing Questioned |
| 26 | DAC-2016-1250 | Sergio Centeno Rivera | Bayamón | Petitioner's Summary Judgment Motion Filed |

| 27 | DAC-2016-0815 | Luis Nieves Torres | Bayamón | Discovery |
| 28 | DAC-2016-0814 | Keysla Rodríguez Guadalupe | Bayamón | Discovery |
| 29 | DAC-2015-2401 | Maria Moreno Marrero | Bayamón | Petitioner's Summary Judgment Motion Filed |
| 30 | DAC-2015-2302 | Wilfredo Santiago Rivera | Bayamón | Petitioner's Summary Judgment Motion Filed |
| 31 | DAC-2012-3527 | Dolores Rivera Hostos | Bayamón | Pretrial |
| 32 | DAC-2011-3125 | Sarylsa M. Ortiz Acevedo | Bayamón | Bond Posted/Stayed |
| 33 | EAC-2017-0157 | Joannie López Quiñonez | Caguas | Complaint Filed |
| 34 | EAC-2017-0146 | Carlos Bonilla Rodríguez | Caguas | Complaint Filed |
| 35 | EAC-2017-0145 | Brenda Lee Quintero De Jesús | Caguas | Complaint Filed |
| 36 | EAC-2017-0109 | Gil Centeno Carrucini | Caguas | Petitioner's Summary Judgment Motion Filed |
| 37 | EAC-2016-0344 | Angelo Soto Rivera | Caguas | Petitioner's Summary Judgment Motion Filed |
| 38 | EAC-2014-0379 | Maria Merced Rosado | Caguas | Standing Questioned |
| 39 | EAC-2014-0364 | Rafael Seda Lebrón | Caguas | Debtor's Motion to Dismiss Filed |
| 40 | EAC-2014-0278 | Irma Santiago Oyola | Caguas | Petitioner's Summary Judgment Motion Filed |
| 41 | FAC-2017-0901 | Rubén Santiago Soto | Carolina | Bond Posted/Standing Questioned |

| 42 | FAC-2017-0747 | Adolfo Morel Severino | Carolina | Bond Posted/Standing Questioned |
| 43 | FAC-2017-0119 | David Bayron González | Carolina | Discovery |
| 44 | FAC-2016-1201 | Christian Delbrey Encarnación | Carolina | Bond Posted/Standing Questioned |
| 45 | FAC-2016-1200 | Aracelis Quiñones Cintrón | Carolina | Bond Posted/Standing Questioned |
| 46 | FAC-2016-0374 | Abdias Beniquez Rodríguez | Carolina | Bond Posted/Discovery |
| 47 | FAC-2015-3510 | Victor Hernández Vincens | Carolina | Bond Posted/ Petitioner's Summary Judgment Motion Filed |
| 48 | FAC-2015-2836 | Reynalda De Jesus Arias | Carolina | Petitioner's Summary Judgment Motion Filed |
| 49 | FAC-2015-1683 | Lorna Camacho Cubero | Carolina | Bond Posted/Petitioner's Summary Judgment Motion Filed |
| 50 | FAC-2015-1579 | Frank Sánchez Reyes | Carolina | Petitioner's Summary Judgment Motion Filed |
| 51 | NSCI-2017-00374 | Johnathan Benabe Piñero | Fajardo | Bond Posted/Standing Questioned |
| 52 | NSCI-2017-00173 | Josefina Rodríguez Pérez | Fajardo | Bond Posted/Petitioner's Summary Judgment Motion Filed |
| 53 | NSCI-2016-00761 | Aricel Alvarez  Becerril | Fajardo | Petitioner's Summary Judgment Motion Filed |
| 54 | GAC-2017-0069 | Aida Burgos Santiago | Guayama | Bond Posted/Standing Questioned |
| 55 | GAC-2017-0021 | Anibal Soto Burgos | Guayama | Petitioner's Summary Judgment Motion Filed |
| 56 | GAC-2016-0094 | Tito De Armas Saez | Guayama | Bond Posted/Discovery |

| 57 | GAC-2016-0011 | Angel Rivera Vázquez | Guayama | Petitioner's Summary Judgment Motion Filed |
| 58 | GAC-2015-0157 | Maria Pedraza Carrasco | Guayama | Petitioner's Summary Judgment Motion Filed |
| 59 | GAC-2015-0001 | Sulai Morales Marquez | Guayama | Petitioner's Summary Judgment Motion Filed |
| 60 | KAC-2014-1131 | Madeline Luna Santiago | Guayama | Petitioner's Summary Judgment Motion Filed |
| 61 | GAC-2013-0093 | Ivan Burgos Cruz | Guayama | Standing Questioned |
| 62 | GAC-2013-0083 | Wilfrido Vargas Rodríguez | Guayama | Pretrial |
| 63 | GAC-2008-0277 | Laura D. Ortiz Ferrer | Guayama | Standing Questioned |
| 64 | HSCI-2016-01068 | Anicasio De Jesús | Humacao | Standing Questioned |
| 65 | HSCI-2016-00898 | Alba Rosado Rodríguez | Humacao | Summary Judgment Motion Filed |
| 66 | HSCI-2015-01178 | Eileen Kercado Morán | Humacao | Standing Questioned |
| 67 | HSCI-2015-00839 | Myra Pagán Benítez | Humacao | Bond Posted/Petitioner's Summary Judgment Motion Filed |
| 68 | HSCI-2015-00248 | Elizabeth Santiago Soto | Humacao | Standing Questioned |
| 69 | HSCI-2014-00655 | Melvin Lebrón Lebrón | Humacao | Legitimación Activa |
| 70 | HSCI-2014-00490 | Giovanni De León Vázquez | Humacao | Bond Posted/Standing Questioned/Petitioner's Summary Judgment Motion Filed |
| 71 | HSCI-2013-01258 | Mayra Lozada Ortiz | Humacao | Petitioner's Summary Judgment Motion Filed |

| 72 | HSCI-2011-00681 | Etienne Couvertier Benítez | Humacao | Bond Posted/Pretrial |
|---|---|---|---|---|
| 73 | HSCI-2011-00682 | Shirelle Cardona Flores | Humacao | Petitioner's Summary Judgment Motion Filed |
| 74 | ISCI-2017-00498 | Ramona Sánchez Sojo | Mayaguez | Complaint Filed |
| 75 | ISCI-2017-00323 | Antonio Torres Vergara | Mayaguez | Bond Posted/Discovery |
| 76 | ISCI-2017-00246 | Laury Pérez Col | Mayaguez | Standing Questioned |
| 77 | ISCI-2016-01147 | Mayra Valentín Valentín | Mayaguez | Bond Posted/Standing Questioned |
| 78 | ISCI-2015-01067 | Lucilda Pérez De Irizarry | Mayaguez | Standing Questioned |
| 79 | ISCI-2015-01018 | Eddie Ramos Troche | Mayaguez | Bond Posted/Petitioner's Summary Judgment Motion Filed |
| 80 | ISCI-2013-01503 | Luis Rivera Ruiz | Mayaguez | Petitioner's Summary Judgment Motion Filed |
| 81 | JAC-2017-0123 | Javier Tiru Ramos | Ponce | Bond Posted/Standing Questioned |
| 82 | JAC-2013-0479 | Alexander Centeno Ortiz | Ponce | Stayed |
| 83 | N3CI-2017-00369 | Ricardo Torres Filomeno | Rio Grande | Bond Posted/Standing Questioned |
| 84 | N3CI-2017-00167 | Jon Menard Kercado | Rio Grande | Bond Posted/Standing Questioned |
| 85 | FBCI-2015-02848 | Christopher Rivera Sierra | Rio Grande | Petitioner's Summary Judgment Motion Filed |
| 86 | N3CI-2015-00485 | Meliza Rosario Anderson | Rio Grande | Petitioner's Summary Judgment Motion Filed |

| 87 | N3SCI-2014-00188 | Christian Rodriguez Castro | Rio Grande | Discovery |
| 88 | N3SCI-2014-00149 | Maria C. Alemán Galarza | Rio Grande | Discovery |
| 89 | KAC-2017-0280 | Adaliz Serafin Quiñonez | San Juan | Bond Posted/ Standing Questioned/ Petitioner's Summary Judgment Motion Filed |
| 90 | KAC-2017-0281 | Gabriel Torres Rodríguez | San Juan | Bond Posted/Discovery |
| 91 | KAC-2017-0222 | Julio Cruz Rivera | San Juan | Standing Questioned |
| 92 | KAC-2016-0853 | Luis Alicea Ramos | San Juan | Discovery |
| 93 | KAC-2016-0796 | Lilliam Verdejo Rosa | San Juan | Set fot Trial |
| 94 | KAC-2015-0999 | Jan Oliver Cintrón | San Juan | Pretrial |
| 95 | KAC-2016-0570 | Ivette Isaac Santiago | San Juan | Pretrial |
| 96 | KAC-2016-0544 | Eliezer Rodríguez Rodríguez | San Juan | Set fot Trial |
| 97 | KAC-2016-0545 | Marvilla Valentín | San Juan | Bond Posted/Standing Questioned |
| 98 | KAC-2016-0435 | Dashirya Roselló Báez | San Juan | Standing Questioned |
| 99 | KAC-2016-0371 | Luis Ortiz Hernández | San Juan | Petitioner's Summary Judgment Motion Filed |
| 100 | KAC-2016-0184 | José Rivera Ayala | San Juan | Bond Posted/Petitioner's Summary Judgment Motion Filed |
| 101 | KAC-2016-0160 | Brenda Rivera Rojas | San Juan | Petitioner's Summary Judgment Motion Filed |

| 102 | KAC-2015-1062 | Luis J. Rodríguez Crúz | San Juan | Bond Posted/Discovery |
| 103 | KAC-2015-0722 | John Rodríguez Román | San Juan | Petitioner's Summary Judgment Motion Filed |
| 104 | KAC-2015-0431 | Maria E. Trigo Moreno | San Juan | Pretrial |
| 105 | KAC-2014-1122 | Juan A Castro Pérez | San Juan | Set fot Trial |
| 106 | KAC-2014- 0780 | Amaury B Nazario Martiz | San Juan | Discovery |
| 107 | KAC-2014-0562 | Enery Roque Rosario | San Juan | Bond Posted/Petitioner's Summary Judgment Motion Filed |
| 108 | KAC-2013-0477 | Rafael Cruz Cruz | San Juan | Standing Questioned |
| 109 | KAC-2012-0406 | Norma Villegas | San Juan | Pretrial |
| 110 | KAC-2011-1024 | Norma Serrano Del Valle | San Juan | Bond Posted/Petitioner's Summary Judgment Motion Filed |
| 111 | KAC-2011-0518 | M & S Delivery, Inc. | San Juan | Set fot Trial |
| 112 | KAC-2011-0436 | Esequiel Gerena López | San Juan | Motion to Lift Administrative Stay |
| 113 | KAC-2004-0803 | Yolanda Vélez Arroyo | San Juan | Motion to Set Aside Judgment |
| 114 | KAC-2014- 0778/DAC-2014-3027 | Ramón Romero Medina | San Juan | Petitioner's Summary Judgment Motion Filed |

# EXHIBIT

# B

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | CIVIL NO.: 17-BK-03283 (LTS) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| | PROMESA |
| Plaintiff, | TITLE III |
| As representative of | |
| THE COMMONWEALTH OF PUERTO RICO | |
| Debtor[1] | |

## [PROPOSED] ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY COOPERATIVA DE SEGUROS MULTIPLES

Upon the motion dated September 11, 2017 (the "**Motion**") filed by Cooperativa de Seguros Múltiples, pursuant to sections 362(a), 362(b)(4), and 362(d) of the Bankruptcy Code, made applicable to this proceeding by section 301(a) of the Puerto Rico Opportunity Management and Economic Stability Act of 2016 ("**PROMESA**"), 48 U.S.C. § 2161(a); and the Court having jurisdiction over this matter under 28 U.S.C. § 1331, and under section 306(a)-(b) of PROMESA, 48 U.S.C. § 2166(a)-(b); and venue being proper under section 307(a) of PROMESA, 48 U.S.C. § 2167(a); and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and opposition thereto and having heard the statements of counsel at the hearing held before the Court (the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

"**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that the automatic stay arising under Bankruptcy Code § 362 is modified as follows:

A. The PROMESA §301 Stay does not apply Debtor's forfeiture proceedings under the 2011 Uniform Forfeiture Act of 2011, 34 L.P.R.A. §§1724 *et.seq*.

B. [WERE THE COURT TO HOLD THAT THE STAY APPLIES TO ACTIONS UNDER THE 2011 ACT] The cases listed in the Motion and all subsequent cases under the 2011 Act against Cooperativa's policyholders or loss payees may proceed under the following conditions:

*A-In cases where bond is not posted:*

1) Debtor will segregate the sale proceeds in an account to secure their availability to provide for their return to Cooperativa in those cases where it eventually prevails; and

2) Debtor will allow Cooperativa to post bonds now in those cases where the vehicle remains available in Debtor's control despite the expiration of the statutory limit.

3) When a judgment denying forfeiture and ordering Debtor to return the seized property becomes final:

a) Debtor shall return property to the prevailing party if it is still under its possession;

b) The Bankruptcy Court shall have jurisdiction over judgments in those cases where the property is no longer under Debtor's control and Debtor is required to return the property's cash equivalent with interest.

*B-In cases where an interested party posts a bond:*

    1)  Debtor shall deliver the property to the party posting the bond;

    2)  The forfeiture proceedings shall continue in Debtor's courts without further Bankruptcy Court involvement.

**ORDERED** that this Order is without prejudice to the Movants' right to seek other or further relief from the automatic stay in appropriate circumstances; and it is further

**ORDERED** that notice of the Motion as provided therein shall be deemed good and sufficient notice of the relief granted herein; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement, or interpretation of this Order.

Dated: _____, 2017

_____
Honorable Laura Taylor Swain
United States District Judge