**Hearing Date and Time: October 4, 2017, 9:30 a.m. AST**
**Objection Deadline: September 19, 2017, 4:00 p.m. AST**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>          Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## MOTION OF THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO FOR ORDER (I) ESTABLISHING PROCEDURES FOR RETIREE ACCESS TO INFORMATION PURSUANT TO 11 U.S.C. §§ 105(a), 1102(b)(3) AND 1103(a) AND (II) EMPLOYING MARCHAND ICS GROUP IN CONNECTION THEREWITH

---

[1] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i
TABLE OF AUTHORITIES ......................................................................................................... ii
JURISDICTION AND VENUE .....................................................................................................1
BACKGROUND .............................................................................................................................1
RELIEF REQUESTED....................................................................................................................2
BASIS FOR RELIEF ......................................................................................................................3
I. INFORMATION PROTOCOL PROCEDURES ARE NECESSARY AND APPROPRIATE.......................................................................................................3
II. THE EMPLOYMENT OF MARCHAND IS NECESSARY AND APPROPRIATE. .....10
    A. Services To Be Performed By Marchand. ...............................................11
    B. Marchand's Professional Compensation..................................................11
    C. Marchand's Disinterestedness. .................................................................13
NOTICE........................................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Linn Energy, LLC*,
  Case No. 16-60040 (DRJ) (Bankr. S.D. Tex. Aug. 25, 2016) ...................................................4

*In re Peabody Energy Corporation*,
  Case No. 16-42529 (BSS) (Bankr. E.D. Mo. July 21, 2016) .....................................................4

*In re Refco Inc.*,
  336 B.R. 187 (Bankr. S.D.N.Y. 2006) .......................................................................................4

*In re SunEdison, Inc.*,
  Case No. 16-10992 (SMB) (Bankr. S.D.N.Y. June 8, 2016) .....................................................5

The Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") hereby submits this motion (this "**Motion**") for entry of an Order (i) establishing certain procedures for providing Puerto Rico's public employment retirees access to information, pursuant to §§ 105(a), 1102(b)(3), and 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), made applicable to these cases pursuant to §301(a) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("**PROMESA**"), 48 U.S.C. §2161(a);[2] and (ii) approving the Retiree Committee's employment of Marchand Integrated Communications Services Group ("**Marchand**") as information agent (the "**Information Agent**") in connection therewith. In support of this Motion, the Retiree Committee respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States District Court for the District of Puerto Rico (the "**Court**") has subject matter jurisdiction over this matter pursuant to PROMESA §306(a).

2. Venue is proper pursuant to PROMESA §307(a).

3. The statutory bases for the relief requested herein are Bankruptcy Code §§ 105(a) 1102(b)(3), and 1103(a).

## BACKGROUND

4. On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico (the "**FOMB**") filed a Title III petition for the Commonwealth of Puerto Rico (the "**Commonwealth**"). Thereafter, the FOMB commenced Title III cases for the Puerto Rico Sales Tax Financing Corporation ("**COFINA**"), the Puerto Rico Highways and Transportation Authority ("**HTA**"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**").

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241. Unless otherwise noted, all Bankruptcy Code sections cited in this Motion are made applicable to these Title III Cases by section 301(a) of PROMESA.

5. Through Orders of this Court, the Commonwealth, COFINA, HTA, and ERS Title III cases (the "**Title III Cases**") are jointly administered for procedural purposes only, pursuant to PROMESA §304(g) and Rule 1015 of the Federal Rules of Bankruptcy Procedure (made applicable to these Title III Cases by PROMESA §310). (Dkt. Nos. 242, 537.) The Commonwealth, COFINA, HTA, ERS, and any other Title III debtor are referred to herein collectively as the "**Debtors**."

6. On June 15, 2017, the United States Trustee appointed nine individuals to the Retiree Committee, all of whom retired from government jobs and reside in Puerto Rico: Blanca Paniagua, Carmen Nunez, José Marin, Juan Ortiz, Lydia Pellot, Marcos A. Lopez, Miguel Fabre, Milagros Acevedo, and Rosario Pacheco. (Dkt. No. 340.) These nine individuals are charged with representing the interests of approximately 160,000 retired employees of the Commonwealth and various governmental bodies and their surviving beneficiaries.

7. On July 21, 2017, the Retiree Committee elected to employ Marchand to serve as its information agent, subject to the Court's approval.

## RELIEF REQUESTED

8. The Retiree Committee represents the interests of approximately 160,000 retirees. Many of these retirees have very limited access to information regarding the Title III Cases, and many do not speak English. Accordingly, to meet the needs of its constituents and the requirements of §1102(b)(3) of the Bankruptcy Code, the Retiree Committee seeks this Court's approval of its employment of a local Puerto Rico firm, Marchand, as Information Agent pursuant to §1103(a) of the Bankruptcy Code, both to satisfy the Retiree Committee's obligations to provide information to retirees under §1102(b)(3) and to perform such additional communications services as may be necessary and directed by the Retiree Committee. A copy of Marchand's engagement letter (the "**Marchand Engagement Letter**") is attached hereto as **Exhibit A**.

2

9. In addition, by this Motion, the Retiree Committee seeks entry of an order establishing procedures to guide the Retiree Committee and Marchand in connection with retiree access to information pursuant to §1102(b)(3) of the Bankruptcy Code. Specifically, the Retiree Committee seeks entry of an order indicating that it shall not be required to provide retirees with access to certain Confidential Information and/or Privileged Information (each as defined below). The procedures proposed herein are consistent with the §1102(b)(3) procedures requested by the Official Committee of Unsecured Creditors (the "**UCC**") and approved by an Order of this Court. [Dkt. No. 998.]

## BASIS FOR RELIEF

**I. Information Protocol Procedures Are Necessary And Appropriate.**

10. Section 105(a) of the Bankruptcy Code empowers this Court to "issue any order … that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a). The Retiree Committee submits that the relief requested herein is necessary for the Retire Committee to fulfill its obligations as set forth under §1102(b)(3) of the Bankruptcy Code.

11. Section 1102(b)(3) of the Bankruptcy Code states:

> A committee appointed under subsection (a) shall—
> (A) Provide access to information for creditors who—
>   (i) hold claims of the kind represented by that committee; and
>   (ii) are not appointed to the committee;
> (B) solicit and receive comments from the creditors described in paragraph (A); and
> (C) be subject to a court order that compels any additional report or disclosure to be made to the creditors described in subparagraph (A).

11 U.S.C. §1102(b)(3).

12. Neither the Bankruptcy Code nor its legislative history provide any additional guidance as to *how* a committee should provide information to its constituents, or *what* information should be provided. The lack of guidance is of particular concern with respect to confidential and

3

non-public proprietary information that will be shared with the Retiree Committee (as defined further in footnote 3, the "**Confidential Information**")[3] as well as information that is subject to the attorney-client or some other state, federal or other jurisdictional law privilege, whether such privilege is solely controlled by the Retiree Committee or is a joint privilege with some other party ("**Privileged Information**").

        13. In light of §1102(b)(3)'s lack of clear direction, committees routinely request and seek court approval regarding procedures for disseminating information to creditors and appropriately protecting confidential and privileged information. *See e.g. In re Refco Inc.*, 336 B.R. 187 (Bankr. S.D.N.Y. 2006) (approving procedures under which the creditors' committee is not required to provide access to confidential or privileged information); *BPS US Holdings Inc.*, Case No. 16-12373 (KJC) (Bankr. D. Del. Jan. 6, 2017) [Dkt. No. 510] (same); *In re Linn Energy, LLC*, Case No. 16-60040 (DRJ) (Bankr. S.D. Tex. Aug. 25, 2016) [Dkt. No. 869] (same); *In re Peabody Energy Corporation*, Case No. 16-42529 (BSS) (Bankr. E.D. Mo. July 21, 2016) [Dkt.

---

[3] For purposes of this Motion, the term "Confidential Information" shall mean (i) all matters discussed at Retiree Committee meetings (whether or not memorialized in any minutes thereof) not generally available to the public, and (ii) all nonpublic information of, or concerning, the Debtors or any of their instrumentalities, including, without limitation, nonpublic information concerning the assets, liabilities, businesses, projections, analyses, compilations, studies, and documents of the Debtors or any of their non-Debtor instrumentalities, which is furnished, disclosed, or made known to the Retiree Committee, by the Debtors or any of their non-Debtor instrumentalities or their agents or advisors, whether intentionally or unintentionally, and in any manner, including in written form (including, any notes, summaries, compilations, memoranda, or other written materials disclosing or discussing Confidential Information, whether prepared by the Debtors or the Retiree Committee or their respective advisors), orally, or through any electronic, facsimile or computer-related communication. Confidential Information shall also include (a) any written Confidential Information that is marked as confidential by the Debtors or their agents and (b) any other Confidential Information conveyed to the Retiree Committee orally that the Debtors or their advisors or other agents advise the Retiree Committee should be treated as confidential. Notwithstanding any of the foregoing, Confidential Information shall not include any information or portions of information that: (i) is or becomes generally available to the public or is or becomes available to the Retiree Committee on a non-confidential basis, in each case to the extent that such information became so available other than by a violation of a contractual, legal, or fiduciary obligation to the Debtors or any of their non-Debtor instrumentalities; or (ii) was in the possession of the Retiree Committee prior to its disclosure by the Debtors or any of their non-Debtor instrumentalities and is not subject to any other duty or obligation to maintain confidentiality.

4

No. 951] (same); *In re SunEdison, Inc.*, Case No. 16-10992 (SMB) (Bankr. S.D.N.Y. June 8, 2016) [Dkt. No. 507]. Indeed, this Court has already entered an Order in the Title III Cases approving the UCC's procedures for dissemination of information and protection of confidential and privileged information. [Dkt. No. 998.]

14. Here, the Retiree Committee will require access to Confidential Information provided by the Debtors. In the absence of appropriate protections for this Confidential Information, the Debtors and other parties might be unwilling to share such information with the Retiree Committee, which would undoubtedly impede the Retiree Committee's ability to do its work. Given the importance of this issue, the Retiree Committee is seeking an order of the Court confirming that §1102(b)(3)(A) does not require the Retiree Committee to provide access to the Confidential Information to any creditor except to the extent provided by the procedures set forth below. Similarly, the Retiree Committee is seeking clarification that it is not required to provide access to Privileged Information except to the extent provided by the procedures set forth below.

15. Accordingly, in accordance with §1102(b)(3)(A) and (B) of the Bankruptcy Code, the Retiree Committee proposes the following protocol for providing information to the Retirees (the "**Retiree Information Protocol**"):

> (a) <u>Dissemination of Information to Retirees</u>. The Retiree Committee may, until the earliest to occur of dissolution of the Retiree Committee, dismissal of these Title III Cases, confirmation of a plan of adjustment, or further order of the Court, set up and maintain a website. For the sake of efficiency and economy and ease of access by retirees, the Retiree Committee proposes to keep retirees informed as required by the statute by directing them to a website, established and maintained by Marchand as directed by the Retiree Committee and as set forth in greater detail herein, which will maintain, among other things, specific links for case information. Further, in fulfillment of its obligation to solicit and receive comments from retirees as set forth in §1102(b)(3)(B) of the Bankruptcy Code, the Retiree Committee's website information page(s) will include contact information for the Retiree Committee's counsel, including an inquiry form, to allow retirees to send questions and comments in connection with these cases to the Retiree Committee's counsel.

5

(b) <u>Limitation on Access to Information for Retirees</u>. The Retiree Committee requests that it shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in §101(15) of the Bankruptcy Code, "**Entity**"), without further order of the Court, (i) Confidential Information or (ii) Privileged Information. In addition, the Retiree Committee proposes that it not be required to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Retiree Committee, in its sole discretion, or to the Court, that it holds claims of the kind represented by the Retiree Committee.

(c) <u>Identifying Confidential Information</u>. The Debtors shall assist the Retiree Committee in identifying any Confidential Information concerning the Debtors that is provided by the Debtors or their agents or professionals, or by any third party, to the Committee, its agents and professionals; provided, however, that the Debtors' failure to specifically designate information as "Confidential Information" shall not mean the documents, communications, information or other materials do not constitute Confidential Information.

(d) <u>Retiree Information Requests</u>. If a retiree (the "**Requesting Retiree**") submits a written request to the Retiree Committee (the "**Information Request**") for the Retiree Committee to disclose information, the Retiree Committee shall, as soon as practicable, but no more than twenty (20) business days after receipt of the Information Request, (a) provide a response to the Information Request (the "**Response**"), either by providing access to the information requested or the reasons the Information Request cannot be complied with and (b) provide the Debtors with (i) notice of the Information Request within five (5) business days of the Retiree Committee's receipt of the Information Request and (ii) a copy of the Response at least five (5) business days before it is disseminated. If the Response is to deny the Information Request because the Retiree Committee believes the Information Request implicates Confidential Information that need not be disclosed pursuant to the terms of the Proposed Order or otherwise under §1102(b)(3)(A), because the Debtors object to such disclosure, or because the Information Request is unduly burdensome, the Requesting Retiree may, after a good faith effort to meet and confer with an authorized representative of the Retiree Committee and the Debtors regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be served on (i) the U.S. Trustee; (ii) the Office of the United State Attorney for the District of Puerto Rico; (iii) the FOMB and its counsel; (iv) the Puerto Rico Fiscal Agency and Financial Advisory Authority and its counsel; (v) the UCC and its counsel; (vi) the insurers of the bonds issued or guaranteed by the Debtors; (vii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors;[4] and (vii) all parties that have filed a notice of appearance in the Title III Cases, and the hearing on such motion shall be noticed and scheduled in accordance with the Bankruptcy Rules, Local Rules, and procedural orders of this Court. The Requesting Retiree

---

[4] Which include the Mutual Fund Group, the Ad Hoc Group of General Obligation Bondholders, the COFINA Senior Bondholders' Coalition, and the QTCB Noteholder Group, each as such group is defined at Docket Nos. 28, 68, 216, and 134, respectively.

6

may direct the Retiree Committee to serve any such motion. The Retiree Committee shall not object to any Requesting Retiree's request to participate in any such hearing by telephone conference. Nothing herein shall be deemed to preclude the Requesting Retiree from requesting (or the Retiree Committee or the Debtors from objecting to such request) that the Retiree Committee provide the Requesting Retiree a log or other index of any information specifically responsive to the Requesting Retiree's request that the Retiree Committee deems to be Confidential Information or Privileged Information; provided, however, that the log or index does not contain any Confidential Information or Privileged Information. Furthermore, nothing herein or in the Proposed Order shall be deemed to preclude the Requesting Retiree from requesting that the Court conduct an *in camera* review of any information specifically responsive to the Requesting Retiree's request that the Retiree Committee asserts is Confidential Information or Privileged Information. The Retiree Committee proposes that the Debtors have the right to object to any request for Confidential Information, and nothing in the Proposed Order should in any way limit any of the Debtors' rights.

(e) <u>Response to Information Request</u>. In its Response to an Information Request for access to Confidential Information, the Retiree Committee shall consider whether (a) the Requesting Retiree is willing to agree to reasonable confidentiality and trading restrictions approved by the Debtors with respect to such Confidential Information and represents that such trading restrictions and any information screening process complies with applicable securities laws; and (b) under the particular facts, such agreement and any information-screening process that it implements will reasonably protect the confidentiality of such information;[5] provided, however, that so long as the Retiree Committee complies with the requirements of paragraph (f) below, if the Retiree Committee elects to provide access to Confidential Information on the basis of such confidentiality and trading restrictions, the Retiree Committee shall have no responsibility for the Requesting Retiree's compliance with, or liability for violation of, applicable securities or other laws. Any disputes with respect to this paragraph shall be resolved as provided in the preceding paragraph, and, to the extent applicable, the next paragraph.

(f) <u>Release of Confidential Information of Third Parties</u>. If any Information Request implicates Confidential Information of the Debtors (or any other Entity) and the Retiree Committee agrees that such request should be satisfied, or if the Committee of its own accord determines to disclose such Confidential Information to retirees, the Retiree Committee may demand (the "**Demand**") for the benefit of retirees: (a) if the Confidential Information is information with respect to the

---

[5] In addition, if the Requesting Retiree is involved in purchasing, selling, or trading claims against the Debtors, the Requesting Retiree must file with the Court and serve upon counsel to the Retiree Committee and the Debtors, and the United States Trustee, a document confirming that it has established an information screening barrier that will be enforced, that no Confidential Information or Privileged Information will be revealed to purchasers, sellers, or claims traders or any persons or entities involved in trading of claims and listing the names of the person that has been designated as monitor to ensure compliance with the provisions hereof.

7

Debtors (or any of their non-Debtor instrumentalities), by submitting a written request, each captioned as a "**Retiree Committee Information Demand**," to counsel for the Debtors stating that such information will be disclosed in the manner described in the Demand unless the Debtors object to such Demand on or before fifteen (15) days after the service of such Demand; and, if the Debtors raise such an objection, the Debtors, the Retiree Committee, and the Requesting Retiree shall work in good faith to resolve the Debtors' objection to the Demand, provided that if the Debtors' objection is not resolved, the Debtors, the Retiree Committee or the Requesting Retiree may schedule a hearing with the Court to seek a ruling with respect to the Demand and no production shall be made with respect to information subject to an objection until the Court has ruled on the Demand; and (b) if the Confidential Information is information with respect to another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to Debtors' counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity or the Debtors object to such Demand on or before fifteen (15) days after the service of such Demand; and if the Debtors or the Entity raise an objection, the Debtors, the Retiree Committee, the Entity, and the Requesting Retiree shall work in good faith to resolve the Debtors' or the Entity's objection, provided that if not resolved, the Debtors, the Entity, the Retiree Committee, or the Requesting Retiree may schedule a hearing with the Court seeking a ruling with respect to the Demand, and no production shall be made with respect to information subject to an objection until the Court has ruled on the Demand.

(g) <u>Exculpation</u>. None of the Debtors, the Retiree Committee, its members and any of their respective directors, officers, employees, members, attorneys, consultants, advisors and agents (acting in such capacity) (collectively, the "**Exculpated Parties**"), shall have or incur any liability to any Entity (including the Debtors and their instrumentalities) for any act taken or omitted to be taken in connection with the preparation, dissemination, or implementation of the Retiree Information Protocol, the committee website and other information to be provided pursuant to §1102(b)(3) of the Bankruptcy Code; provided, however, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final non-appealable order to have constituted a breach of fiduciary duty, gross negligence, or willful misconduct, including, without limitation, fraud and criminal misconduct, or the breach of this paragraph or the Retiree Information Protocol. Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

(h) <u>Rule 2004 Examination</u>. The Retiree Committee further requests that any information received (formally or informally) by the Retiree Committee from any Entity in connection with an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure or in connection with any formal or informal discovery in any contested matter, adversary proceeding or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any

8

order governing such discovery; provided, however, that any information received by the Retiree Committee from the Debtors shall be governed by the terms of the Proposed Order and the Retiree Committee bylaws.

16. The public dissemination of the Debtors' Confidential Information could cause serious harm to the Debtors. The Retiree Committee understands that if there is a risk that Confidential Information given by the Debtors to the Retiree Committee would have to be turned over to any retiree, the Debtors may not support delivering Confidential Information to the Retiree Committee. The inability of the Retiree Committee to gain access to Confidential Information, in turn, would limit the ability of the Retiree Committee to fulfill its statutory obligations under the Bankruptcy Code. As such, the relief sought by the Retiree Committee is not only for the benefit of the Debtors and the Retiree Committee, but for the benefit of all constituencies in that it ensures the proper functioning of the Title III process.

17. Finally, the risk to the Retiree Committee of having to provide access to Privileged Information to retirees creates obvious and serious problems. If the Retiree Committee believes that there could be a risk that Privileged Information would need to be turned over to such retirees, with the possible loss of the relevant privilege at that time, the entire purpose of the privileged would be eviscerated, and both the Debtors and the Retiree would likely be unable to obtain the independent and unfettered advice and consultation that such privileges are designed to foster.

18. The Retiree Committee submits that the requested relief regarding establishment of a protocol for dissemination of information to retirees is appropriate and within the Court's authority. Therefore, pursuant to §§ 105(a), 107(b)(1), and 1102(b)(3)(A) of the Bankruptcy Code, the Retiree Committee respectfully requests that the Court grant the Motion and approve the Retiree Information Protocol.

## II. The Employment Of Marchand Is Necessary And Appropriate.

19. Section 1103(a) of the Bankruptcy Code provides that a committee appointed under section 1102 of the Bankruptcy Code may, "with the court's approval . . . select and authorize the employment by such committee of one or more attorneys, accountants, or other agents to represent or perform services for such committee."  11 U.S.C. §1103(a).

20. The Retiree Committee is the representative of the Commonwealth's 160,000 retirees.  Many of these retirees have very little, if any, access to reliable and accurate information regarding the Title III Cases, and many of the Retiree Committee's constituents do not speak English.  Yet, the disposition of the Title III Cases, and in particular the potential modification to retirement benefits upon which the retirees and their families rely, has the ability to profoundly affect the day-to-day lives of retirees.  Given the importance of effective communication and the intense public interest in these Title III Cases, the Retiree Committee submits that its employment of Marchand as Information Agent is more than warranted.

21. The Retiree Committee has selected Marchand to serve as the Retiree Committee's Information Agent and to carry out the provisions of the Retiree Information Protocol.  As set forth more fully in the Declaration of Jorge Marchand (the "**Marchand Declaration**," attached hereto as **Exhibit B**), the Retiree Committee believes that Marchand is well qualified to serve as its Information Agent.  Marchand has deep roots in Puerto Rico and is one of Puerto Rico's leading strategic communications firms with decades of experience in media relations, community relations, litigation support, and strategic communications services.  Through its work, Marchand has earned a reputation as an honest and reliable source of information throughout the Commonwealth.

10

### A. Services To Be Performed By Marchand.

22. The Retiree Committee has employed Marchand, subject to this Court's approval, as Information Agent. As one of the primary outward facing ways of communicating with retirees, Marchand will develop and maintain a bilingual Retiree Committee website (the "**Retiree Website**") as well as a bilingual Facebook page (the Retiree Committee understands that many retirees rely upon Facebook for much of their information). The Retiree Website will contain links to the Prime Clerk website for these Title III Cases, as well as to the Prime Clerk website maintained by the UCC. The Retiree Website will include contact information for the Retiree Committee's counsel, including an inquiry form, to allow retirees to send questions and comments in connection with these cases to the Retiree Committee's counsel. The Retiree Committee submits that the Retiree Website and the Facebook site are necessary and appropriate measures to provide retirees with accurate, understandable information regarding the Title III Cases.

23. As described in detail in the Marchand Engagement Letter, through the Retiree Website and other methods of communication, Marchand will assist the Retiree Committee in providing to retirees timely updates on the status of the Title III Cases and their impact on retirees. Marchand will also assist the Retiree Committee in implementing a communications and messaging plan, as necessary, to deliver clear and consistent messaging to retirees. Finally, Marchand may assist the Retiree Committee with any forward facing communications or public relations needs as necessary to best represent the interests of the Retiree Committee's constituents.

### B. Marchand's Professional Compensation.

24. The professional services of Marchand are necessary to ensure that the Retiree Committee can quickly and effectively communicate with its constituents and the general public while it represents the interests of the retirees in these Title III Cases. Marchand intends to apply to the Court for allowance of compensation and reimbursement of expenses for professional

11

services rendered to the Retiree Committee in connection with the Title III Cases pursuant to any procedures established and required by PROMESA, the Court and the United States Trustee.

25. As set forth in greater detail in the Marchand Engagement Letter and the Marchand Declaration, Marchand will charge a combination of hourly fees and non-recurring fixed fees for its services, both subject to very reasonable caps. Generally, Marchand will (a) charge for its professionals' time on an hourly basis based on its ordinary and customary hourly rates, chargeable in 1/10 hour increments; (b) charge fixed fees for the completion of specific services; and (c) charge for the reimbursement of actual, necessary out-of-pocket expenses and other charges incurred by Marchand on the Retiree Committee's behalf. Marchand has agreed to a monthly cap of $25,000 for services provided by its professionals and billed at hourly rates (which rates range from $95 for Media Managers to $175 for Principals). Marchand has agreed to an annual cap of $50,000 for certain "non-recurring" services, which include creation and hosting of the Retiree Website and Facebook page, signage design, and certain other services as necessary and directed by the Retiree Committee.

26. Marchand will seek compensation from the Commonwealth in accordance with the rates and fees set forth in the Marchand Engagement Letter and pursuant to this Court's Order Setting Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals (the "**Interim Compensation Order**"). [Dkt. No. 1150.] Marchand reserves its right to seek modification of the caps set forth in the Marchand Engagement Letter upon further application to this Court.

27. The Retiree Committee submits that such rates and fees are reasonable and should be approved by the Court subject to a determination of the amount to be paid to Marchand upon application for allowance. The Retiree Committee requests that all fees and related costs and

12

expenses incurred by Marchand be paid as administrative expenses and subject to §§ 316 and 317 of PROMESA and §503(b) of the Bankruptcy Code.

### C. Marchand's Disinterestedness.

28. As described in the Marchand Declaration, Marchand has conducted a search of its client database and has made other internal inquiries about connections with certain Parties in Interest (as defined in the Marchand Declaration and attached thereto as Exhibit 2). The Marchand Declaration sets forth the scope of the search and those inquiries and their results.

29. The Retiree Committee believes that none of Marchand's connections to Parties in Interest identified in the Marchand Declaration disqualify Marchand from serving as communications and public relations consultants to the Retiree Committee.

30. Based upon the Marchand Declaration, the Retiree Committee believes that Marchand does not hold or represent an interest adverse to these Title III Cases and that Marchand's professionals do not hold or represent any interest adverse to these Title III Cases or the Debtors. The disclosures by Marchand set forth in the Marchand Declaration have been made based upon a review of the best information available at the time.

31. Marchand has agreed to review its files periodically during and at the conclusion of its employment in these Title III Cases to identify any additional connections and, to the extent that any are discovered, will file a supplemental declaration setting forth the additional disclosures required by Bankruptcy Rule 2014(a), made applicable to this case by §310 of PROMESA.

32. The Retiree Committee believes that the employment of Marchand would be in the best interests of the Retiree Committee and desires to employ Marchand, effective as of July 21, 2017, with compensation to be determined upon application to the Court pursuant to the Interim Compensation Order.

## NOTICE

33. Notice of this Motion has been given in accordance with this Court's Order (A) Imposing and Rendering Applicable Local Bankruptcy Rules to These Title III Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief, as amended. (Dkt. Nos. 249, 262, 1065.)

WHEREFORE, the Retiree Committee respectfully requests the entry of an Order in the form attached hereto as **Exhibit C**, granting the relief requested herein and such other and further relief as this Court deems appropriate.

September 12, 2017

JENNER & BLOCK LLP

By:

*/s/ Robert Gordon*

Robert Gordon (admitted *pro hac vice*)
Richard Levin (admitted *pro hac vice*)
919 Third Ave
New York, NY 10022-3908
rgordon@jenner.com
rlevin@jenner.com
212-891-1600 (telephone)
212-891-1699 (facsimile)

Catherine Steege (admitted *pro hac vice*)
Melissa Root (admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
312-222-9350 (telephone)
312-239-5199 (facsimile)

Respectfully submitted,

BENNAZAR, GARCÍA & MILIÁN, C.S.P.

By:

*/s/ A.J. Bennazar-Zequeira*

A.J. Bennazar-Zequeira
Edificio Union Plaza
PH-A piso 18
Avenida Ponce de León #416
Hato Rey, San Juan
Puerto Rico 00918
ajb@bennazar.org
787-754-9191 (telephone)
787-764-3101 (facsimile)

*Counsel for The Official Committee of Retired Employees of Puerto Rico*

14