***Exhibit B***

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>        as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### DECLARATION OF JORGE MARCHAND SIFRE IN SUPPORT OF THE MOTION OF THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO FOR ORDER (I) ESTABLISHING PROCEDURES FOR RETIREE ACCESS TO INFORMATION PURSUANT TO 11 U.S.C. §§ 105(a), 1102(b)(3) AND 1103(a) AND (II) EMPLOYING MARCHAND ICS GROUP IN CONNECTION THEREWITH

I, Jorge Marchand Sifre, hereby declare (this "**Declaration**") that the following is true and correct to the best of my knowledge, information and belief:

1.  I am the founder and principal of Marchand Integrated Communication Strategies Group ("**Marchand**") which provides communications consulting. Marchand has more than two decades of experience providing strategic communications consulting services for a wide array of

---

[1] The Debtors in these jointly-administered PROMESA title III cases (the "**Title III Cases**"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

clients across dozens of industries. I am currently resident in Marchand's San Juan office, located at the Edif Marvel & Marchand Arquitectos, 161 San Jorge St., San Juan, Puerto Rico 00910.

2. I submit this Declaration in connection with the Motion of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") (I) Establishing Procedures for Retiree Access to Information Pursuant to 11 U.S.C. §§ 105(a), 1102(b)(3), and 1103(a) and (II) Employing Marchand ICS Group in Connection Therewith. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

3. To the extent that any information disclosed herein requires subsequent amendment or modification upon Marchand's completion of further analysis or as additional information regarding creditors and other parties in interest becomes available, I will cause one or more supplemental declarations to be submitted to the Court.

## Qualifications of Marchand

4. On July 21, 2017, the Retiree Committee selected Marchand as its information agent, subject to this Court's approval.

5. I and others at Marchand have extensive experience and an excellent reputation for providing high quality services to a wide array of clients, including in connection with high profile litigation. I have more than 30 years of experience providing both internal and external communications support for individuals, associations, and companies across Puerto Rico and around the world. Marchand's experience developing communications strategies pertaining to Puerto Rico's fiscal crisis uniquely qualify us to effectively communicate the Retiree Committee's message to all of Puerto Rico's public-employment retirees.

6. As required by Rule 2014-1(a) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "**Local Rules**"), I attach hereto, as **Exhibit 1**, my *curriculum vitae*.

7. As a result of Marchand's extensive experience in this area, as well as my own personal expertise, I believe Marchand is well qualified and uniquely able to serve the Retiree Committee as information agent.

### Services to Be Provided

8. Marchand will serve as the Retiree Committee's information agent to develop and maintain a bilingual Retiree Committee website (the "**Retiree Website**") as well as a bilingual Facebook page. As described in detail in the Marchand Engagement Letter attached to the Motion as Exhibit A, through the Retiree Website and other methods of communication, Marchand will also assist the Retiree Committee in providing to retirees timely updates on the status of the Title III Cases and their impact on retirees. Marchand will also assist the Retiree Committee in implementing a communications and messaging plan, as necessary, to deliver clear and consistent messaging to retirees. Finally, Marchand may assist the Retiree Committee with any forward facing communications needs as necessary to best represent the interests of the Retiree Committee's constituents.

### Marchand's Conflicts Checks Procedures and Disinterestedness

9. In connection with its proposed employment by the Retiree Committee, Marchand undertook to determine whether Marchand had any relationships that might cause it to hold or represent an interest adverse to the Retiree Committee. Specifically, Marchand obtained from counsel to the Retiree Committee the names of individuals and entities that may be parties in interest in these bankruptcy proceedings (the "**Parties in Interest**"), attached hereto as **Exhibit 2**.

3

Marchand reviewed that list and compared it to lists of current and past clients. We then reviewed those results.

10. Based upon the information presently available, my connections and Marchand's connections with the Debtors, any creditor or other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed by the United States trustee are as set forth below.

11. For disclosure purposes, Marchand identified the following Parties in Interest that were clients of Marchand or Marchand professionals in the last two years, in matters unrelated to these Title III Cases: the Governmental Development Bank for Puerto Rico, Excelerate Energy, and the Corporation for the "Caño Martín Peña" Project (ENLACE).

12. In addition, Marchand identified two Parties in Interest that were or are clients of Marchand in the last two years, in matters related to these Title III Cases. From April 2016 to July 2016, Marchand provided public relations services to Ambac Assurance Corporation, in particular, communications to educate Commonwealth citizens about PROMESA. That engagement has concluded and Ambac Assurance Corporation is no longer a client of Marchand. Further, Marchand provides communications, risk management, and related services to UBS. Prior to its engagement by the Retiree Committee, certain of these services related to UBS's underwriting of certain pension obligation bonds and related proceedings. Marchand has advised UBS and the Retiree Committee that, if it is employed by the Retiree Committee, it will no longer provide any services to UBS on any matters relating to the pension obligation bonds. Marchand will continue to provide services to UBS on matters unrelated to the pension obligation bonds and unrelated to these Title III Cases.

13. Given the size of the firm and the breadth of Marchand's client base, it is possible, however, that Marchand may now or in the future be retained by creditors and other parties in interest in these Title III Cases in unrelated matters. Marchand may continue its relationship with such parties, but has not and will not serve any of them in any matter relating to the Title III Cases. To the extent that Marchand discovers any, or enters into any new, material relationship with creditors and other parties in interest in these Title III Cases, it will supplement this disclosure to the Court promptly.

14. I am not related to, and, to the best of my knowledge, no other employee at Marchand is related to, any United States Bankruptcy Judge for the District of Puerto Rico, any of the District Judges for the District of Puerto Rico, presiding Judge Swain, Judge Dein, any of the mediators appointed in the Title III Cases, the United States Trustee for Region 21, or any employee in the Office of the United States Trustee for Region 21.

15. Based on the foregoing, I believe that I am, and each Marchand professional is, a "disinterested person" as that term is defined in 11 U.S.C. §101(14); that neither I nor any Marchand professional holds or represents any interest adverse to the Debtors' estates; and that Marchand does not provide services to parties with any interest adverse to the Debtors' estates, except as otherwise specified in this Declaration. Accordingly, I submit that Marchand is not disqualified for employment by the Retiree Committee to serve it in these Title III Cases.

16. I will amend this Declaration immediately upon my learning that: (a) any of the representations made herein are incorrect, or (b) there is any change of circumstance relating thereto.

**Compensation**

17. Marchand will seek compensation from the Commonwealth under the terms of this Court's Order Setting Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals [Dkt. No. 1150] based on hourly fees for its professionals' time chargeable in 1/10 hour increments, and non-recurring fixed fees for the completion of specific services, both subject to applicable caps. Marchand's fee structure and the rates it charges are commensurate with industry standards. The fees and commissions that Marchand will charge to the Retiree Committee are as follows:

    a. **Recurrent Fees.** Marchand will charge the following hourly rates for its professionals' time, billed in 1/10 hour increments and subject to a monthly cap of $25,000:

        i. Jorge Marchand Sifre (Principal), $175;
        ii. Ferdinand Díaz (Project Manager), $100;
        iii. Mari Carmen Schell (Business Editor), $110;
        iv. Media Manager, $95.

    b. **Non-Recurrent Fixed Fees.** Marchand will charge one-time fixed fees for the completion of specific tasks, which are set forth in the Engagement Letter attached to the Motion as Exhibit A.

18. The hourly charges for the Marchand professionals who will render services to the Retiree Committee will be based upon actual time spent and upon the experience and expertise of the professional involved. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Marchand reserves its right to seek modification of the caps set forth in the Marchand Engagement Letter upon further application to this Court.

19. The hourly rates and other fees set forth above are consistent with the rates and fees that Marchand charges other comparable clients for similar services, whether in or outside of bankruptcy, regardless of the location of the client or the court in which a matter is pending. The

hourly rates and other fees listed above are appropriate and not significantly different from the rates and fees that Marchand charges for other similar types of services.

20. It is Marchand's policy to charge its clients for travel and out of pocket expenses incurred in connection with the client's matter.

21. I have reviewed the provisions of Local Rule 2016-1 and other applicable guidance, and Marchand will seek payment of our fees and expenses in these Title III Cases pursuant to any procedures established and required by PROMESA, the Local Rules, the Court, and the U.S. Trustee.

22. I have not agreed to share with any person, except members of Marchand, the compensation to be paid for the services rendered in these cases. No agreement or understanding exists between Marchand and any other person, other than as permitted by §504 of the Bankruptcy Code, to share compensation received for services rendered in connection with this/these case(s), nor shall Marchand share or agree to share compensation received for services rendered in connection with this/these case(s) with any other person other than as permitted by §504 of the Bankruptcy Code.

23. Marchand has received no retainer or compensation from the Debtors, or the Retiree Committee, including for any services provided prior to the commencement of these Title III Cases.

I declare under penalty of perjury as provided in 28 U.S.C. § 1746 that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: September 12, 2017

_____
Jorge Marchand Sifre