Hearing Date:  October 4, 2017 at 9:30 a.m. (Atlantic Standard Time)
Objection Deadline: September 19, 2017 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

     Debtors.[1]

PROMESA
Title III

Case No. 17 BK 3283-LTS

(Jointly Administered)

-------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

PUERTO RICO ELECTRIC POWER AUTHORITY,

     Debtor.[2]

PROMESA
Title III

Case No. 17 BK 4780-LTS

(Joint Administration Requested)

-------------------------------------------------------------------x

## MOTION FOR ORDER (A) ESTABLISHING
## DEADLINES AND PROCEDURES FOR FILING PROOFS OF CLAIM
## AND (B) APPROVING FORM AND MANNER OF NOTICE THEREOF

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    The last four (4) digits of PREPA's federal tax identification number are 3747.

## TABLE OF CONTENTS

**Page**

JURISDICTION AND VENUE ........................................................................................... 1

BACKGROUND ............................................................................................................... 2

RELIEF REQUESTED........................................................................................................ 4

    A.      Bar Dates for Filing Proofs of Claim .................................................. 5

          a.      General Bar Date................................................................ 5

          b.      Rejection Bar Date ............................................................ 6

          c.      Bar Date if Creditor List is Amended or Supplemented............................ 6

    B.      Notice of Entry of Order and of Bar Dates and Related Procedures ................... 11

NOTICE.......................................................................................................................... 14

RESERVATION OF RIGHTS ............................................................................................. 15

NO PRIOR REQUEST ...................................................................................................... 15

ii

## TABLE OF AUTHORITIES

*In re City of Detroit, Mich.*,
    Case No. 13-53846 [ECF No. 1782] (Bankr. E.D. Mich., Nov. 21, 2013) ..............................5

*In re Jefferson Cty.*,
    Case No. 11-5735-TBB-9 (Bankr. S.D. Ala., Apr. 6, 2012)......................................................6

**STATUTES**

11 U.S.C. § 101(27) ........................................................................................................2, 3, 5

11 U.S.C. § 101(5) ........................................................................................................ passim

11 U.S.C. § 105(a) ......................................................................................................1, 2, 3

11 U.S.C. § 501, 502, 503, and 925 ..............................................................................1, 2

11 U.S.C. § 502(b)(9) ..........................................................................................................5

11 U.S.C. § 503(b)(9) .................................................................................................. passim

11 U.S.C. § 507(a)(2)......................................................................................................8, 12

11 U.S.C. § 924 ....................................................................................................................3

48 U.S.C. §§ 2101-2241 .......................................................................................................1

PROMESA § 304(a) ...................................................................................................... 2, 3, 4

PROMESA § 307(a) ...............................................................................................................2

PROMESA § 315(b) ...............................................................................................................1

**OTHER AUTHORITIES**

Fed. R. Bankr. P 1015(b) .....................................................................................................3

Fed. R. Bankr. P 2002 ...............................................................................................1, 2, 11

Fed. R. Bankr. P 3001 ..........................................................................................................1

Fed. R. Bankr. P. 3002(c) .............................................................................................. passim

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Highways and Transportation Authority ("HTA," and together with the Commonwealth, COFINA, and ERS, the "Initial Debtors") and the Puerto Rico Electric Power Authority ("PREPA" or the "Additional Debtor," and together with the Initial Debtors, the "Debtors," and each, a "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] respectfully submit this motion (the "Motion"), pursuant to sections 105(a), 501, 502, 503, and 925 of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these cases pursuant to PROMESA section 301(a), Rules 2002(a)(7), 2002(f), 2002(m), 3001, 3002(a) and 3003(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to these cases pursuant to PROMESA section 310, and Rule 1007-1(f) of the Puerto Rico Local Bankruptcy Rules (the "Local Bankruptcy Rules"), for entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), (a) establishing deadlines and procedures for filing proofs of claim, (b) approving the form and manner of notice thereof, and (c) granting related relief.  In support of this Motion, the Debtors respectfully state as follows:

## Jurisdiction and Venue

1.      The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Motion pursuant to PROMESA section 306(a).

---

[3]      PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2.     Venue is proper in this district pursuant to PROMESA section 307(a).

3.     The statutory predicates for the relief sought herein are Bankruptcy Code sections 105(a), 501, 502, 503, and 925, Bankruptcy Rules 2002(a)(7), 2002(f), 2002(m), 3001, 3002(a) and 3003(c), made applicable to these cases by PROMESA sections 301(a) and 310, respectively, and Local Bankruptcy Rule 1007-1(f).

### Background

4.     On June 30, 2016, the Oversight Board was established under PROMESA section 101(b).  On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

5.     Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this title is the representative of the debtor" and "may take any action necessary on behalf of the debtor to prosecute the case of the debtor, including filing a petition under section 304 of [PROMESA] . . . or otherwise generally submitting filings in relation to the case with the court."

6.     On September 30, 2016, the Oversight Board designated the Debtors as covered entities under PROMESA section 101(d).

7.     On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth's Title III Case").

8.     On May 5, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA pursuant to PROMESA section 304(a), commencing a case under Title III thereof ("COFINA's Title III Case").

2

9.      On May 21, 2017, the Oversight Board issued restructuring certifications pursuant to PROMESA sections 104(j) and 206 and filed voluntary petitions for relief for ERS and HTA pursuant to PROMESA section 304(a), commencing cases under Title III thereof (collectively with the Commonwealth's Title III Case and COFINA's Title III Case, the "Initial Title III Cases").

10.     On June 1, 2017, in connection with the Commonwealth's Title III Case and COFINA's Title III Case, the Court entered the *Order Pursuant to PROMESA Section 304(g) and Bankruptcy Rule 1015(b) Directing Joint Administration of Title III Cases and Granting Related Relief* [Case No. 17-3283, Docket No. 242].

11.     Also on June 1, 2017, the Court entered an order directing, among other things, the Commonwealth and COFINA to file their lists of creditors with claim amounts pursuant to Bankruptcy Code section 924 (each, a "Creditor List") by August 30, 2017 [Case No. 17-3283, Docket No. 244].

12.     On June 29, 2017, the Court entered an order directing, among other things, the joint administration of the Initial Title III Cases.  *See Order (A) Pursuant to PROMESA Section 304(g), Directing Joint Administration of Initial Title III Cases and Additional Title III Cases, and (B) Pursuant to Section 105(a) of the Bankruptcy Code, Making Certain Orders Entered on First Day Pleadings Applicable to the Additional Title III Cases* [Case No. 17-3283, Docket No. 537].[4]

13.     In connection with the joint administration of the Initial Title III Cases, on June 29, 2017, the Court entered an order directing, among other things, ERS and HTA to file their Creditor Lists by September 15, 2017 [Case No. 17-3283, Docket No. 537].

---

[4] The same order was entered in the ERS and HTA Title III cases in Case No. 17-3566, Docket No. 156, and Case No. 17-3567, Docket No. 167, respectively.

14.     Also on June 29, 2017, the Oversight Board issued a restructuring certification for PREPA pursuant to PROMESA sections 104(j) and 206.

15.     On July 2, 2017, the Oversight Board filed a voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case under title III thereof (the "Additional Title III Case," and together with the Initial Title III Cases, the "Title III Cases").

16.     On August 10, 2017, the Court entered an order directing, among other things, PREPA to file its Creditor List by October 31, 2017. *See Order (A) Fixing Date to File Creditor Matrix and List of Creditors, and (B) Waiving Local Bankruptcy Rule 1007-1* [Case No. 17-4780, Docket No. 225].

17.     On August 23, 2017, the Oversight Board filed a motion, seeking to (i) jointly administer the Initial Title III Cases with the Additional Title III Case and (ii) make certain orders previously entered in the Initial Title III Cases applicable to the Additional Title III Case [Case No. 17-3283, Docket No. 1149; Case No. 17-4780, Docket No. 250].

18.     On August 30, 2017, the Commonwealth and COFINA filed their Creditor Lists [Case No. 17-3283, Docket Nos. 1215, 1216].

19.     On September 8, 2017, HTA filed an urgent motion seeking to extend the deadline to file its Creditor List to October 31, 2017 [Case No. 17-3567, Docket No. 262].

## Relief Requested

20.     By this Motion, the Debtors seek to have the Court establish deadlines and procedures for filing proofs of claim (as defined in Bankruptcy Code section 101(5)) against the Debtors on account of claims arising, or deemed to have arisen, prior to the respective commencement dates for their Title III Cases (collectively, the "Bar Dates").

21.     In addition, the Debtors request the Court approve the form of notice thereof and the proposed procedures for mailing and publishing the notice set forth herein.

A.     **Bar Dates for Filing Proofs of Claim**

22.     Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix . . . the time within which proofs of claim or interest may be filed."  Fed. R. Bankr. P. 3002(c)(3).

23.     For the Debtors to proceed with the administration of these Title III Cases and for the development and the confirmation of plans of adjustment, the Debtors must have, among other things, complete and accurate information with respect to the claims asserted against them. This includes the nature, validity and amount of any such claims.

24.     In accordance with the Court's orders, the Commonwealth and COFINA filed their Creditor Lists on August 30, 2017, ERS will file its Creditor List on or before September 15, 2017, and PREPA and HTA (subject to Court ruling on HTA's requested extension) will file their Creditor Lists on or before October 31, 2017.

25.     **Bar Dates**.  The Debtors request the Court establish the following Bar Dates and approve the form and manner of notice thereof:

a.     **General Bar Date**: fixing 5:00 p.m. (Atlantic Standard Time) on February 15, 2018, as the deadline (the "General Bar Date") for filing proofs of claim (as defined in Bankruptcy Code section 101(5)), against the Debtors on account of (i) claims arising, or deemed to have arisen, prior to the respective commencement dates for their Title III Cases, including, for the avoidance of doubt, bond claims and claims arising under Bankruptcy Code section 503(b)(9), and (ii) claims asserted by governmental units (as defined in Bankruptcy Code section 101(27));[5]

---

[5]     The General Bar Date, which includes the bar date for governmental units to submit proofs of claim, is 228 days after the commencement of the last filed Debtor, and thus, the Debtors submit that the General Bar Date satisfies Bankruptcy Code section 502(b)(9) for each of the Debtors.  The General Bar Date provides reasonable time for claimants to complete and file proof of claims (specifically, approximately 134 days between the order (if entered on the omnibus hearing date of October 4, 2017) and the General Bar Date, and 156 days between the filing of the Motion and the General Bar Date), which is similar to periods provided in comparable cases. *See, e.g., In re City of Detroit, Mich.*, Case No. 13-53846 [ECF No. 1782] (Bankr. E.D. Mich., Nov. 21, 2013) (establishing a bar date occurring 92 days after the bar date order and 134 days after the filing of the bar date

b. **Rejection Bar Date**:  except as otherwise set forth in any order authorizing the rejection of an executory contract or unexpired lease, fixing 5:00 p.m. (Atlantic Standard Time) on the date that is the later of (i) the General Bar Date and (ii) the first business day that is thirty-five (35) calendar days after the entry of an order by the Court authorizing such rejection as the deadline for a party to any such rejected executory contract or unexpired lease to file proofs of claim relating to the rejection of such contract or lease (the "Rejection Bar Date," and together with the General Bar Date, the "Bar Dates"); and

c. **Bar Date if Creditor List is Amended or Supplemented**:  if, after the Bar Date Notice (as defined below) is served, any Debtor (a) amends its respective Creditor List to reduce a claim and/or to change the classification, nature or characterization of a claim, or (b) supplements its respective Creditor List, such Debtor shall give notice of any amendment or supplement to the holders of claims reduced or changed thereby, and advise such holders they shall each have until the later of (i) the General Bar Date and (ii) thirty-five (35) days from the date of such notice to file a proof of claim, or an amended proof of claim, if applicable, or be barred from so doing.

26.    The Debtors propose that, except as set forth below, the Bar Dates apply to each person or entity (including, without limitation, each individual, partnership, joint venture, limited liability company, corporation, estate, trust, or governmental unit) asserting a claim against one or more of the Debtors.

27.    **Master Proofs of Claim.**  The Debtors propose that the following parties file a master proof of claim on behalf of their respective constituents:

a. Bond Claims.  The Debtors have issued numerous series of bonds under certain trust agreements, indentures or resolutions.  The Debtors propose that the indenture trustees, or any similar agent or nominee (to the extent such indenture trustee, or similar agent or nominee exists),[6] for each respective series of bonds file a master proof of claim (each, a "Bond Debt Master Proof of Claim") against the applicable Debtor on behalf of themselves and all

---

motion); *In re Jefferson Cty.*, Case No. 11-5735-TBB-9 [ECF No. 889] (Bankr. S.D. Ala., Apr. 6, 2012) (establishing a bar date occurring 59 days after the bar date order and 87 days after the filing of the bar date motion).

[6]    To the extent the Debtors become aware of any series of bonds issued by any of the Debtors that do not have an indenture trustee, or similar agent or nominee, the Debtors may propose supplemental procedures regarding filing proofs of claim and related deadlines that would be applicable to holders of such bonds.

holders of bond claims for the respective series of bonds for obligations under the respective trust agreements or bond document.[7]

b.   Union Claims.   Certain of the Debtors are party to collective bargaining agreements.  The Debtors propose that each union file a separate master proof of claim on behalf of their respective constituents (each, a "Union Master Proof of Claim") against the applicable Debtor on account of all obligations due under their respective collective bargaining agreements.

c.   Pension Claims.  As described below in paragraph 28(g) of this Motion, the Debtors propose that the Official Committee of Retirees (in the Title III Cases in which it is appointed), or any other organization (including unions as described above) with authority to assert claims on behalf of retirees, active employees, and former employees asserting claims for accrued benefits under any pension or retirement plan of a title III Debtor (the "Pension Claimants"), be authorized to file a master proof of claim on behalf of the Pension Claimants.  (The Official Committee of Retirees shall only file a proof of claim for retirees if authorized to do so by the Court in the proposed order attached hereto or otherwise.)

28.   **Persons NOT Required to File Proofs of Claim by the Applicable Bar Dates**.

The Debtors propose that the following persons and entities should **not** be required to file a proof

of claim on or before the applicable Bar Dates:

a.   Allowed Claims:   any person or entity whose claim was previously allowed by an order of this Court entered on or before the applicable Bar Date;

b.   Paid Claims:   any person or entity whose claim was paid in full by a Debtor, including claims paid by a Debtor after the commencement date of its respective Title III Case;

c.   Proofs of Claim Already Filed:  any person or entity who already properly filed a proof of claim, which substantially conforms to the Proof of Claim Form (defined below), in these Title III Cases with the Court or the Debtors' claims and noticing agent;

d.   Claims Properly Listed and Categorized on Creditor Lists:  any person or entity whose claim is listed on one of the Creditor Lists and (i) the claim is not listed as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount and nature of the claim as set forth on

---

[7]   As discussed in greater detail in the *Statement of Oversight Board in Connection with PROMESA Title III Petition* ¶¶ 11-12 [Case No. 17-3283, Docket No. 1], the Commonwealth and its instrumentalities issued over $70 billion in principal amount of bonds.

the applicable Creditor List, and (iii) the person or entity does not dispute that the claim is an obligation of the subject Debtor;

e.  <u>Individual Bondholder Claims</u>: any person or entity that holds a claim that is limited to the repayment of principal, interest and other fees and expenses, if the relevant indenture trustee or similar agent or nominee, to the extent such indenture trustee, or similar agent or nominee exists, files a Bond Debt Master Proof of Claim against the relevant Debtor on or before the General Bar Date on account of all bond claims against the relevant Debtor under the respective trust agreement or bond document; <u>provided</u>, that any such holder should assert a claim, other than a bond claim, by filing a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

f.  <u>Individual Union Members' Claims</u>:  any person or entity that holds a claim limited to obligations due under their respective collective bargaining agreements, if the relevant union files a master proof of claim on behalf of their respective constituents against the relevant Debtor; <u>provided</u>, that any such holder should assert a claim, other than a claim arising from collective bargaining agreements, by filing a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

g.  <u>Pension Claims</u>:  Pension Claimants; <u>provided</u>, that the Official Committee of Retirees (in the Title III Cases in which it is appointed), or any other organization with authority to assert claims on behalf of Pension Claimants may file a master proof of claim on behalf of Pension Claimants against the applicable Debtors; <u>provided</u>, <u>further</u>, that any Pension Claimant should assert a claim, other than a claim for accrued benefits under any pension or retirement plan of a title III Debtor, by filing a proof of claim with respect to such claim on or before the General Bar Date  to avoid disallowance of such claim;

h.  <u>Administrative Expenses</u>:  any holder of a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an administrative expense (**other** than a claim under Bankruptcy Code section 503(b)(9));

i.  <u>PREPA Customers</u>:  customers of PREPA in connection with the disposition of their deposits or any individual billing or service disputes;

j.  <u>Proofs of Claim with Separate Deadlines</u>:  any holder of a claim for which a separate deadline is or has been fixed by this Court; and

k.  <u>Professionals' Administrative Claims</u>:  professionals who assert administrative claims for fees and expenses subject to the Court's approval pursuant to PROMESA section 316.

29.         The Debtors request that all proofs of claim be filed with Prime Clerk, either by mail, hand delivery, overnight courier or electronically through the Debtors' case management site at https://cases.primeclerk.com/puertorico/EPOC-Index, and **actually received on or before the applicable Bar Date**, and that such proofs of claim (i) be written in English;[8] (ii) be denominated in lawful currency of the United States as of the relevant Title III Case commencement date; (iii) set forth with specificity the legal and factual basis for the asserted claim; (iv) include supporting documentation or an explanation as to why such documentation is not available, with such documentation or explanation being provided in English, or if not in English, accompanied by a translation into English; (v) include an original or electronic signature of the claimant or an authorized agent of the claimant; and (vi) substantially conform to the Proof of Claim Form (defined below).  Proofs of claim delivered by first class mail should be sent to The Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, PO Box 4708, New York, NY 10163-4708, and proofs of claim delivered by overnight courier or hand delivery should be sent to The Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.

30.         The Debtors propose that all entities asserting proofs of claim against more than one Debtor be required to file a separate proof of claim with respect to each such Debtor and identify on each proof of claim the particular Debtor (and to the extent reasonably ascertainable, the Commonwealth department or agency, if applicable, for claims asserted against the

---

[8]     In accordance with Rule 5(g) of the Local Rules of the United States District Court for the District of Puerto Rico (the "Local Rules"), any proof of claim that is completed in a language other than English, when submitted to Prime Clerk, must be accompanied by a certified translation into English, prepared by a federally-certified interpreter; **provided, however, that the certification requirement of the interpreter is hereby deemed waived by Debtors, provided, further, that the translation into English may be submitted within 30 days after the original proof of claim is submitted, with the original proof of claim deemed timely if filed within the applicable Bar Date, and provided, further, that the English translation of the proof of claim will govern**.

Commonwealth) against which their claim is asserted.  Requiring parties to identify the Debtor

against which a claim is asserted will greatly expedite the Debtors' review of proofs of claim in

the Title III Cases and will not be unduly burdensome on claimants.

31.     Proofs of claim may not be submitted by facsimile, telecopy, or email, but may be

submitted electronically through Prime Clerk's website.   After the applicable Bar Dates,

amendments to timely filed proofs of claim should only be allowed to the extent an amended

claim is based on the same facts and circumstances as a timely filed claim, and then only if the

amended claim was not reasonably ascertainable prior to the applicable Bar Date.

32.     Bankruptcy Rule 3003(c)(2) provides that any creditor who fails to file a proof of

claim by the applicable bar date "shall not be treated as a creditor with respect to such claim for

the purposes of voting and distribution."  Fed. R. Bankr. P. 3002(c)(2).  Accordingly, the Debtors

request that, unless otherwise provided with respect to a holder of a claim by Court order, any

holder of a claim against the Debtors who fails to file a proof of claim for such claim by the

applicable Bar Date be forever barred, estopped, and enjoined from asserting such claim against

the Debtors (or filing a proof of claim with respect thereto), and the Debtors and their property

shall be forever discharged from any and all indebtedness or liability with respect to such claim.

33.     The holder of a claim who fails to file a proof of claim by the applicable Bar Date

(unless permitted to file a proof of claim after the applicable Bar Date pursuant to an order of the

Court) shall not be permitted to vote to accept or reject any plan of adjustment filed in these

Title III Cases, participate in any distribution in these Title III Cases on account of such claim, or

receive further notices with respect to these Title III Cases on account of such claim.

34.     Notwithstanding anything else herein and for the avoidance of doubt, the (i)

classification and treatment of claims for principal and interest under general obligation bonds

10

issued by the Commonwealth of Puerto Rico ("GO Bonds"), and distribution on account of the foregoing claims, pursuant to any title III plan of adjustment for a Debtor, (ii) right for holders of GO Bonds to vote to accept or reject a plan of adjustment, and (iii) right to receive further notices with respect to these Title III Cases on account of such GO Bond claims, shall in each case not be affected by any provision of the Proposed Order or by whether or not the holders of GO Bonds file or do not file proofs of claim.

**B.**     **Notice of Entry of Order and of Bar Dates and Related Procedures**

35.     The Debtors further seek the Court's approval of the proposed notice of the Bar Dates (the "Bar Date Notice"), substantially in the form annexed to the Proposed Order as **Exhibit 1** and incorporated herein by reference.  Under Bankruptcy Rule 2002(a), all known creditors and indenture trustees are to be provided with at least twenty-one (21) days' notice by mail of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c).

36.     Additionally, all known creditors and indenture trustees are to be provided notice by mail of the order for relief in accordance with Bankruptcy Rule 2002(f)(1).  The Bar Date Notice will advise the Debtors' creditors of the order for relief as well as the Bar Dates and provide instruction for filing proofs of claim.

37.     With the assistance of Prime Clerk, the Debtors have prepared the Proof of Claim Form, substantially in the form annexed to the Proposed Order as **Exhibit 2**, which substantially conforms to Official Form B 410, but is tailored to these Title III Cases.  The modifications to Official Form B 410 proposed by the Debtors include: (a) allowing creditors to assert 503(b)(9) claims; (b) adding certain instructions applicable to the Title III Cases, including a translation of the instruction to Spanish; (c) removing non-applicable priority eligibility for

unsecured claims;[9] (d) adding a checkbox for a creditor to identify the appropriate Debtor; and (e) adding a section for a creditor of the Commonwealth to identify the specific Commonwealth agency or department against which the claim is filed.

38.     The Debtors, through Prime Clerk, propose to serve a copy of the Bar Date Notice along with a Proof of Claim Form,[10] on or before November 17, 2017, by United States Postal Service first-class mail, postage prepaid, on the following parties: (a) all parties listed on the Debtors' Creditors Lists; (b) the Office of the United States Trustee for the District of Puerto Rico; (c) the statutory committees appointed in these Title III Cases; (d) the Office of the United States Attorney for the District of Puerto Rico; (e) the Puerto Rico Department of Justice; (f) the Internal Revenue Service; (g) local taxing authorities; and (h) all parties filing a notice of appearance in these Title III Cases.

39.     The Debtors also propose to provide notice of the Bar Dates by causing a copy of a publication notice, substantially in the form of the Bar Date Notice, to be published on or before November 17, 2017, in (a) *El Nuevo Día* in Spanish (primary circulation is in Puerto Rico), (b) *Caribbean Business* in English (primary circulation is in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation is in New York and Miami, respectively), and (d) *The Bond Buyer*.  The publication notice has been tailored to provide notice of the Bar Dates on an extensive basis through Puerto Rico and the United States.  The Debtors believe the publication notice would provide any claimants unknown to the Debtors that may potentially hold claims against any of the Debtors with adequate notice of the Bar Dates.

---

[9]     PROMESA section 301(a) does not incorporate section 507 in its entirety; instead, only section 507(a)(2) of the Bankruptcy Code—which prioritizes administrative expenses—is applicable in these Title III Cases.

[10]     Copies of the Bar Date Notice and the Proof of Claim Form served on creditors and parties in interest in these Title III Cases will be provided in both Spanish and English; provided, however, as set forth in note [8] *supra*, in accordance with Local Rule 5(g), a proof of claim submitted to Prime Clerk must be either prepared in English or otherwise accompanied by an English translation.

40.     Furthermore, Rule 1007-1(f) of the Puerto Rico Local Bankruptcy Rules (the "Local Bankruptcy Rules") obligates a debtor in a chapter 11 case, within fourteen (14) days after filing its schedules of liabilities or amending such schedules to add creditors, to serve on each creditor whose claim is listed on the schedules as disputed, contingent, or unliquidated, a separate, form notice advising those creditors of their right to file proofs of claim in the debtor's chapter 11 case and warn of the consequences for failing to do so.

41.     While the Debtors are not chapter 11 debtors, out of an abundance of caution and with an interest in providing proper notice to all potential creditors, for those persons or entities listed on the Creditor Lists as holding a claim classified as contingent, unliquidated, and/or disputed, the Debtors, through Prime Clerk, will serve such creditor with a Proof of Claim Form that will include the contingent, unliquidated, and/or disputed status of such claim.

42.     PREPA Customers.  As noted above, the Debtors propose to exempt customers of PREPA from filing proofs of claim in connection with the disposition of their deposits and any individual billing or service disputes.  In lieu of serving the Bar Date Notice on and providing the Proof of Claim Form to its customers, PREPA proposes to notify its customers of the Bar Dates and the means by which a customer may file a proof of claim against PREPA, if applicable, by serving the customers a notice substantially in the form annexed to the Proposed Order as **Exhibit 3** (the "PREPA Customer Bar Date Notice") in the same manner by which PREPA notified its customers of the commencement of its Title III Case, as set forth in Paragraphs 5 and 6 of the *Order (A) Approving Form of Notice of Commencement of Title III Case and (B) Manner of Service and Publication Thereof*, entered by the Court on August 24, 2017 [Case No. 17-4780, Docket No. 254]:

a. For those customers that receive hard-copies of their bills, PREPA shall cause the PREPA Customer Bar Date Notice to be printed and mailed with the next monthly bill; and

b. For those customers that have previously requested to have their bills delivered electronically, PREPA shall cause the PREPA Customer Bar Date Notice to be served via electronic mail, on or before November 17, 2017, with the following subject line on the electronic mail: "Important Legal Information /Información Legal Importante".

43. The Debtors believe that the Bar Dates and procedures for filing proofs of claim set forth herein will provide ample time and opportunity for the Debtors' creditors to file proofs of claim and permit the Debtors to identify the scope of prepetition claims (including claims under Bankruptcy Code section 503(b)(9) ) in a quick and efficient manner, which will facilitate the Debtors' evaluation of the nature and extent of the claims for purposes of preparing plans of adjustment.

44. The Debtors submit that the proposed procedures for serving and publishing the Bar Date Notice comply with the requirements of PROMESA, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Local Bankruptcy Rules, made applicable in these Title III Cases pursuant to the *Second Amended Notice, Case Management and Administrative Procedures* [Case No. 17-3283, Docket No. 1065].

## Notice

45. The Debtors have provided notice of this Motion to (collectively, the "Notice Parties"): (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against COFINA; (d) the statutory committees appointed in these Title III Cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority; (g) the Puerto Rico Department of Justice; and (h) all parties filing a notice of

14

appearance in these Title III Cases.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### Reservation of Rights

46.     The Debtors file this Motion without prejudice to or waiver of their rights pursuant to PROMESA section 305,[11] and do not by this Motion provide any consent (of the Debtors or the Oversight Board) otherwise required by section 305.

### No Prior Request

47.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

---

[11]   PROMESA section 305 provides:

LIMITATIONS ON JURISDICTION AND POWER OF COURT.

Subject to the limitations set forth in titles I and II of this Act, notwithstanding any provision in this title to the contrary, unless the Oversight Board consents or the plan so provides, the court may not, by any stay, order, or decree, in the case or otherwise, interfere with—

(1) any of the political or governmental powers of the debtor;

(2) any of the property or revenues of the debtor; or

(3) the use or enjoyment by the debtor of any income-producing property.

WHEREFORE the Debtors respectfully request the Court (a) to enter the Proposed

Order granting the relief requested in the Motion, and (b) to grant the Debtors such other relief as

is just and proper.

Dated: September 12, 2017                    Respectfully submitted,
       San Juan, Puerto Rico

                                             */s/*   Martin J. Bienenstock
                                             _____

                                             Martin J. Bienenstock (admitted *pro hac vice*)
                                             Paul V. Possinger (admitted *pro hac vice*)
                                             Ehud Barak (admitted *pro hac vice*)
                                             Maja Zerjal (admitted *pro hac vice*)
                                             **PROSKAUER ROSE LLP**
                                             Eleven Times Square
                                             New York, NY 10036
                                             Tel:  (212) 969-3000
                                             Fax:  (212) 969-2900

                                             *Attorneys for the Financial Oversight and*
                                             *Management Board as representative for the*
                                             *Debtors*


                                             */s/*   Hermann D. Bauer
                                             _____

                                             Hermann D. Bauer
                                             USDC No. 215205
                                             **O'NEILL & BORGES LLC**
                                             205 Muñoz Rivera Ave., Suite 800
                                             San Juan, PR 00918-1813
                                             Tel:  (787) 764-1813
                                             Fax:  (787) 753-8944

                                             *Co-Attorney for the Financial Oversight and*
                                             *Management Board as representative for the*
                                             *Debtors*

16

**<u>Exhibit A</u>**

**Proposed Order**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

      Debtors.[1]

PROMESA
Title III

Case No. 17 BK 3283-LTS

(Jointly Administered)

-------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

PUERTO RICO ELECTRIC POWER AUTHORITY,

      Debtor.[2]

PROMESA
Title III

Case No. 17 BK 4780-LTS

(Joint Administration Requested)

**RE:  ECF No. ___**

-------------------------------------------------------------------x

## ORDER (A) ESTABLISHING
## DEADLINES AND PROCEDURES FOR FILING PROOFS OF CLAIM
## AND (B) APPROVING FORM AND MANNER OF NOTICE THEREOF

Upon *the Debtors' Motion for Order (A) Establishing Deadlines and Procedures for*

*Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* (the "Motion");[3]

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    The last four (4) digits of PREPA's federal tax identification number are 3747.

and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard the statements of counsel in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.       The Motion is **GRANTED** as set forth herein.

2.       The proposed Bar Date Notice, substantially in the form annexed hereto as **Exhibit 1**, the proposed Proof of Claim Form, substantially in the form annexed hereto as **Exhibit 2**, and the proposed PREPA Customer Bar Date Notice, substantially in the form annexed hereto as **Exhibit 3**, are approved.

3.       The following Bar Dates are hereby established:

a.   **General Bar Date**: **5:00 p.m. (Atlantic Standard Time) on February 15, 2018**, is the deadline (the "General Bar Date") for filing proofs of claim (as defined in Bankruptcy Code section 101(5)), against the Debtors on account of (i) claims arising, or deemed to have arisen, prior to the respective commencement dates for their Title III Cases, including, for the avoidance of

---

3       Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

2

doubt, bond claims and claims arising under Bankruptcy Code
section 503(b)(9), and (ii) claims asserted by governmental units (as defined
in Bankruptcy Code section 101(27));

b. <u>**Rejection Bar Date**</u>:  except as otherwise set forth in any order authorizing
the rejection of an executory contract or unexpired lease, **5:00 p.m. (Atlantic
Standard Time) on the date that is the later of (i) the General Bar Date
and (ii) the first business day that is thirty-five (35) calendar days after
the entry of an order by the Court authorizing such rejection** is the
deadline for a party to any such rejected executory contract or unexpired lease
to file proofs of claim relating to the rejection of such contract or lease (the
"<u>Rejection Bar Date</u>," and together with the General Bar Date, the "<u>Bar
Dates</u>"); and

c. <u>**Bar Date if Creditor List is Amended or Supplemented**</u>:  if, after the Bar
Date Notice (as defined below) is served, any Debtor (a) amends its respective
Creditor List to reduce a claim and/or to change the classification, nature or
characterization of a claim, or (b) supplements its respective Creditor List,
such Debtor shall give notice of any amendment or supplement to the holders
of claims reduced or changed thereby, and advise such holders they shall each
have until the **later of (i) the General Bar Date and (ii) thirty-five (35) days
from the date of such notice** to file a proof of claim, or an amended proof of
claim, if applicable, or be barred from so doing.

4. <u>Persons Required to File Proofs of Claim by the Applicable Bar Dates</u>.  Except as
set forth below, the Bar Dates apply to each person or entity (including, without limitation, each
individual, partnership, joint venture, limited liability company, corporation, estate, trust, or
governmental unit) asserting a claim against one or more of the Debtors.

5. The following persons and entities are permitted and authorized to file Master
Proofs of Claim:

a. <u>Bond Claims</u>.  The indenture trustees, or any similar agent or nominee (to the
extent such indenture trustee, or similar agent or nominee, exists)[4] for each
respective series of bonds may file a master proof of claim (each, a "<u>Bond

---

[4]   To the extent the Debtors become aware of any series of bonds issued by any of the Debtors that do not have an
indenture trustee, or similar agent or nominee, the Debtors may propose supplemental procedures regarding
filing proofs of claim and related deadlines that would be applicable to holders of such bonds.

3

Debt Master Proof of Claim") against the applicable Debtor on behalf of themselves and all holders of bond claims for the respective series of bonds for obligations under the respective trust agreements or bond document.

b. Union Claims.  Each union may file a separate master proof of claim on behalf of their respective constituents (each, a "Union Master Proof of Claim") against the applicable Debtor on account of all obligations due under their respective collective bargaining agreements.

c. Pension Claims.  The Official Committee of Retirees (in the Title III Cases in which it is appointed), or any other organization (including unions as described above) with authority to assert claims on behalf of retirees, active employees, and former employees asserting claims for accrued benefits under any pension or retirement plan of a title III Debtor (the "Pension Claimants"), are authorized to file a master proof of claim on behalf of the Pension Claimants.

6.    Persons NOT Required to File Proofs of Claim by the Applicable Bar Dates.  The

following persons and entities are **not** required to file a proof of claim on or before the applicable

Bar Dates:

a. Allowed Claims:  any person or entity whose claim was previously allowed by an order of this Court entered on or before the applicable Bar Date;

b. Paid Claims:  any person or entity whose claim was paid in full by a Debtor, including claims paid by a Debtor after the commencement date of its respective Title III Case;

c. Proofs of Claim Already Filed:  any person or entity who already properly filed a proof of claim, which substantially conforms to the Proof of Claim Form (defined below), in these Title III Cases with the Court or the Debtors' claims and noticing agent;

d. Claims Properly Listed and Categorized on Creditor Lists:  any person or entity whose claim is listed on one of the Creditor Lists and (i) the claim is not listed as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount and nature of the claim as set forth on the applicable Creditor List, and (iii) the person or entity does not dispute that the claim is an obligation of the subject Debtor;

4

e.     <u>Individual Bondholder Claims</u>: any person or entity that holds a claim that is limited to the repayment of principal, interest and other fees and expenses, if the relevant indenture trustee or similar agent or nominee, to the extent such indenture trustee, or similar agent or nominee exists, files a Bond Debt Master Proof of Claim against the relevant Debtor on or before the General Bar Date on account of all bond claims against the relevant Debtor under the respective trust agreement or bond document; <u>provided</u>, that any such holder should assert a claim, other than a bond claim, by filing a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

f.     <u>Individual Union Members' Claims</u>:  any person or entity that holds a claim limited to obligations due under their respective collective bargaining agreements, if the relevant union files a master proof of claim on behalf of their respective constituents against the relevant Debtor; <u>provided</u>, that any such holder should assert a claim, other than a claim arising from collective bargaining agreements, by filing a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

g.     <u>Pension Claims</u>:   Pension Claimants; <u>provided</u>, that the Official Committee of Retirees (in the Title III Cases in which it is appointed), or any other organization with authority to assert claims on behalf of Pension Claimants may file a master proof of claim on behalf of Pension Claimants against the applicable Debtors; <u>provided</u>, <u>further</u>, that any Pension Claimant should assert a claim, other than a claim for accrued benefits under any pension or retirement plan of a title III Debtor, by filing a proof of claim with respect to such claim on or before the General Bar Date  to avoid disallowance of such claim;

h.     <u>Administrative Expenses</u>:   any holder of a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an administrative expense (**other** than a claim under Bankruptcy Code section 503(b)(9));

i.     <u>PREPA Customers</u>:   customers of PREPA in connection with the disposition of their deposits or any individual billing or service disputes;

j.     <u>Proofs of Claim with Separate Deadlines</u>: any holder of a claim for which a separate deadline is or has been fixed by this Court; and

k.     <u>Professionals' Administrative Claims</u>:   professionals who assert administrative claims for fees and expenses subject to the Court's approval pursuant to PROMESA section 316.

7.      To the extent duplicate claims are filed under the foregoing provisions or otherwise, the Debtors representative may file objections thereto, and duplicates shall be disallowed.

8.      Any creditor who desires to participate or share in any distribution in the Title III Cases and whose claim (i) is not listed on one of the Creditor Lists, or (ii) is listed on one of the Creditor Lists as "disputed," "contingent," or "unliquidated," to avoid disallowance, must file a proof of claim on or before the applicable Bar Date for such claim.  Additionally, any creditor (x) whose claim is listed on one of the Creditor Lists, (y) believes the classification and/or amount of the claim is incorrect, and/or (z) desires to have its claim allowed in a classification and/or amount other than as set forth on the applicable Creditor List(s), must file a proof of claim on or before the applicable Bar Date for such claim.

9.      All entities asserting proofs of claim against more than one Debtor are required to file a separate proof of claim with respect to each such Debtor and identify on each proof of claim the particular Debtor (and to the extent reasonably ascertainable, the Commonwealth department or agency, if applicable, for claims asserted against the Commonwealth) against which their claim is asserted.

10.     All proofs of claim must (i) be written in English;[5] (ii) be denominated in lawful currency of the United States as of the relevant Title III Case commencement date; (iii) set forth

---

[5]     In accordance with Rule 5(g) of the Local Rules of the United States District Court for the District of Puerto Rico (the "Local Rules"), any proof of claim that is completed in a language other than English, when submitted to Prime Clerk, must be accompanied by a certified translation into English, prepared by a federally-certified interpreter; **provided, however, that the certification requirement of the interpreter is hereby deemed waived by Debtors, provided, further, that the translation into English may be submitted within 30 days after the original proof of claim is submitted, with the original proof of claim deemed timely if filed within the applicable Bar Date, and provided, further, that the English translation of the proof of claim will govern**.

with specificity the legal and factual basis for the asserted claim; (iv) include supporting documentation or an explanation as to why such documentation is not available, with such documentation or explanation being provided in English, or if not in English, accompanied by a translation into English; (v) include an original or electronic signature of the claimant or an authorized agent of the claimant; and (vi) substantially conform to the Proof of Claim Form approved by this Order if submitted using an alternative form.  After the applicable Bar Dates, amendments to timely filed proofs of claim will only be allowed to the extent an amended claim is based on the same facts and circumstances as a timely filed claim, and then only if the amended claim was not reasonably ascertainable prior to the applicable Bar Date.

11.     **All proofs of claim shall be delivered to and received by Prime Clerk no later than 5:00 p.m. (Atlantic Standard Time) on the applicable Bar Date**.  If proofs of claim are delivered (i) by first class mail, they are to be delivered to the following address: Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, PO Box 4708, New York, NY 10163-4708; or (ii) by overnight courier or hand delivery: Commonwealth of Puerto Rico Claims Processing Center c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 1123.  Alternatively, proofs of claim may be submitted electronically through the Debtors' case management site at the following address: https://cases.primeclerk.com/puertorico/EPOC-Index.   Prime Clerk **shall not** accept proofs of claim by facsimile, telecopy, or email; provided, however, they may be submitted through Prime Clerk's website.

12.     Subject to paragraph 6 of this Order, any creditor who fails to file a proof of claim on or before the applicable Bar Date (subject to the acceptance of a proof of claim after the

applicable Bar Date pursuant to an order of this Court), with respect to such claim: (a) shall not be treated as a creditor of the Debtors for purposes of voting upon or receiving distributions under any plan of adjustment in these Title III Cases, and (b) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors or thereafter filing a proof of claim thereto in these Title III Cases (unless otherwise ordered by the Court), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim. A holder of any such claim shall not be permitted to vote to accept or reject any plan of adjustment filed in these Title III Cases on account of such claim, participate in any distribution in these Title III Cases on account of such claim, or receive further notices with respect to these Title III Cases on account of such claim. Moreover, any creditor that relies on the Creditor Lists bears responsibility for determining that its claim is accurately listed therein.

13. Notwithstanding anything else herein and for the avoidance of doubt, the (i) classification and treatment of claims for principal and interest under general obligation bonds issued by the Commonwealth of Puerto Rico ("GO Bonds"), and distribution on account of the foregoing claims, pursuant to any title III plan of adjustment for a Debtor, (ii) right for holders of GO Bonds to vote to accept or reject a plan of adjustment, and (iii) right to receive further notices with respect to these Title III Cases on account of such GO Bond claims, shall in each case not be affected by any provision of the Proposed Order or by whether or not the holders of GO Bonds file or do not file proofs of claim.

14. The Debtors' proposed procedures for serving and publishing the Bar Date Notice comply with the requirements of PROMESA, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Local Bankruptcy Rules, made applicable in these Title III Cases pursuant to

8

the *Second Amended Notice, Case Management and Administrative Procedures* [Case No. 17-3283, Docket No. 1065], and are hereby approved.

15.     In accordance with Bankruptcy Rule 2002, the Debtors, through Prime Clerk, are authorized and directed to serve the Bar Date Notice and a Proof of Claim Form by first-class mail, postage prepaid, on or before November 17, 2017, upon:   (a) all parties listed on the Debtors' Creditors Lists; (b) the Office of the United States Trustee for the District of Puerto Rico; (c) the statutory committees appointed in these Title III Cases; (d) the Office of the United States Attorney for the District of Puerto Rico; (e) the Puerto Rico Department of Justice; (f) the Internal Revenue Service; (g) local taxing authorities; and (h) all parties filing a notice of appearance in these Title III Cases.

16.     In accordance with Bankruptcy Rule 2002, the Debtors, through Prime Clerk, are authorized and directed to cause a copy of a notice, substantially in the form of the Bar Date Notice, to be published, on or before November 17, 2017, in (a) *El Nuevo Día* in Spanish (primary circulation is in Puerto Rico), (b) *Caribbean Business* in English (primary circulation is in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation is in New York and Miami, respectively), and (d) *The Bond Buyer*.

17.     In addition to the Bar Date Notice and Proof of Claim Form, in accordance with Local Bankruptcy Rule 1007-1(f), for those persons or entities listed on one of the Creditor Lists as holding a claim classified as contingent, unliquidated, and/or disputed, the Debtors, through Prime Clerk, will serve each such creditor with a Proof of Claim Form that will include the contingent, unliquidated, and/or disputed status of such claim.

9

18.     <u>Customers</u>.  Notwithstanding the foregoing, in lieu of serving the Bar Date Notice

on and providing the Proof of Claim Form to its customers, PREPA shall notify its customers of

the General Bar Date and the means by which a customer may file a proof of claim against

PREPA, if applicable, by providing the PREPA Customer Bar Date Notice to its customers:

> a.  For those customers that receive hard-copies of their bills, PREPA shall cause
>     the PREPA Customer Bar Date Notice to be printed and mailed with the next
>     monthly bill; and
>
> b.  For those customers that have previously requested to have their bills
>     delivered electronically, PREPA shall cause the PREPA Customer Bar Date
>     Notice to be served via electronic mail, on or before November 17, 2017, with
>     the following subject line on the electronic mail: "Important Legal
>     Information/Información Legal Importante."

19.     The Bar Date Notice, the PREPA Customer Bar Date Notice, the Proof of Claim

Form, and the Creditor Lists shall be posted and available for download, free-of-charge on the

Debtors' case website, https://cases.primeclerk.com/puertorico/.  Further, the Bar Date Notice,

the PREPA Customer Bar Date Notice, the Proof of Claim Form, and PREPA's Creditor List

shall be posted and available for download, free-of-charge on PREPA's case website,

http://dm.epiq11.com/PREPA.  In addition, the Bar Date Notice, the PREPA Customer Bar Date

Notice, and the Proof of Claim Form will be posted and available for download, free-of-charge,

on the case website for the statutory creditors' committee appointed in the Title III cases,

www.prcreditorscommittee.com or www.comitedeacreedoresdePR.com.

20.     This Order is without prejudice to the rights, claims, objections, counterclaims,

offsets, recoupments, and defenses of the Debtors with respect to any claim or duplicate claim

filed against the Debtors, and nothing herein shall be deemed to allow or compel payment of any

claim.

21.      Nothing herein is intended to, shall constitute, or shall be deemed to constitute the Debtors' or the Oversight Board's consent, pursuant to PROMESA section 305, to this Court's interference with (a) any of the political or governmental powers of the Debtors, (b) any of the property or revenues of the Debtors, or (c) the use or enjoyment of the Debtors of any income-producing property.

22.      Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

23.      The Debtors and the Oversight Board, as the Debtors' representative, have consented to the relief in this Order, and are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

24.      The Court retains exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation and enforcement of this Order.

Dated: _____, 2017           _____
                                        Honorable Laura Taylor Swain
                                        United States District Judge

11

## Exhibit 1

**Bar Date Notice**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

          Debtors.[1]

PROMESA
Title III

Case No. 17 BK 3283-LTS

(Jointly Administered)

------------------------------------------------------------------x

## NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM

**TO ALL CREDITORS OF THE DEBTORS, AND TO OTHER PARTIES IN INTEREST, PLEASE TAKE NOTICE OF THE FOLLOWING:**

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") has filed voluntary petitions under section 304(a) of *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] initiating Title III cases under PROMESA (each, a "Title III Case" and collectively, the "Title III Cases") for the above-captioned debtors (each, a "Debtor" and collectively, the "Debtors"). You may be a creditor of one of the Debtors, and you may be required to file a proof of claim ("Proof of Claim").

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]     PROMESA is codified at 48 U.S.C. §§ 2101-2241.

A list of the names of the Debtors, their case numbers, and the commencement date of the Debtors' Title III Cases is as follows:

| **Title III Cases** | **Federal Tax ID No.** | **Case No.** | **Commencement Date** |
|---|---|---|---|
| Commonwealth of Puerto Rico | 3481 | 17 BK 3283 | May 3, 2017 |
| Puerto Rico Sales Tax Financing Corporation ("COFINA") | 8474 | 17 BK 3284 | May 5, 2017 |
| Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") | 9686 | 17 BK 3566 | May 21, 2017 |
| Puerto Rico Highways and Transportation Authority ("HTA") | 3808 | 17 BK 3567 | May 21, 2017 |
| Puerto Rico Electric Power Authority ("PREPA") | 3747 | 17 BK 4780 | July 2, 2017 |

On October [___], 2017 the United States District Court for the District of Puerto Rico (the "District Court") entered an order (the "Bar Date Order") in the above-captioned Title III Cases in accordance with Bankruptcy Rule 3003(c) fixing the following deadlines to file Proofs of Claim (collectively, the "Bar Dates"):

(a) **General Bar Date**: **5:00 p.m. (Atlantic Standard Time) on February 15, 2018**, is the deadline (the "General Bar Date") for filing proofs of claim (as defined in Bankruptcy Code section 101(5)), against the Debtors on account of (i) claims arising, or deemed to have arisen, prior to the respective commencement dates for their Title III Cases, including, for the avoidance of doubt, bond claims and claims arising under Bankruptcy Code section 503(b)(9), and (ii) claims asserted by governmental units (as defined in Bankruptcy Code section 101(27));

(b) **Rejection Bar Date**:  except as otherwise set forth in any order authorizing the rejection of an executory contract or unexpired lease, **5:00 p.m. (Atlantic Standard Time) on the date that is the later of (i) the General Bar Date and (ii) the first business day that is thirty-five (35) calendar days after the entry of an order by the Court authorizing such rejection** is the deadline for a party to any such rejected executory contract or unexpired lease to file proofs of claim relating to the rejection of such contract or lease (the "Rejection Bar Date," and together with the General Bar Date, the "Bar Dates"); and

2

(c) **Bar Date if Creditor List is Amended or Supplemented**:  if, after the Bar Date Notice (as defined below) is served, any Debtor (a) amends its respective Creditor List to reduce a claim and/or to change the classification, nature or characterization of a claim, or (b) supplements its respective Creditor List, such Debtor shall give notice of any amendment or supplement to the holders of claims reduced or changed thereby, and advise such holders they shall each have until the **later of (i) the General Bar Date and (ii) thirty-five (35) days from the date of such notice** to file a proof of claim, or an amended proof of claim, if applicable, or be barred from so doing.

All "claims," as defined in section 101(5) of the Bankruptcy Code, whenever arising, including in each case any claims against any of the Debtors based upon the Debtors' primary, secondary, direct, indirect, fixed, secured, unsecured, contingent, guaranteed, disputed, undisputed, liquidated, unliquidated, matured, unmatured, legal, or equitable liability or otherwise, including, for the avoidance of doubt, claims arising under section 503(b)(9) of the Bankruptcy Code (each, a "Claim"), except as otherwise provided for or specifically excepted herein, shall be filed with the claims and noticing agent, Prime Clerk LLC (the "Claims Agent") pursuant to the procedures provided herein **so as to actually be received** on or before the applicable Bar Date, depending upon the nature of the Claim: (i) by completing the electronic Proof of Claim on the Claims Agent's website at https://cases.primeclerk.com/puertorico/EPOC-Index, (ii) at the following address if delivered by first class mail:  Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, PO Box 4708, New York, NY 10163-4708, or (iii) if by overnight courier or hand delivery: Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission will **not** be accepted; provided, however, they may be submitted through Prime Clerk's website.

The following persons and entities are **not** required to file a Proof of Claim on or before the applicable Bar Date:

A.    Allowed Claims:  any person or entity whose claim was previously allowed by an order of this Court entered on or before the applicable Bar Date;

B.    Paid Claims:  any person or entity whose claim was paid in full by a Debtor, including claims paid by a Debtor after the commencement date of its respective Title III Case;

C.    Proofs of Claim Already Filed:  any person or entity who already properly filed a proof of claim, which substantially conforms to the Proof of Claim Form (defined below), in these Title III Cases with the Court or the Debtors' claims and noticing agent;

3

D.   <u>Claims Properly Listed and Categorized on Creditor Lists</u>:  any person or entity whose claim is listed on one of the Creditor Lists and (i) the claim is not listed as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount and nature of the claim as set forth on the applicable Creditor List, and (iii) the person or entity does not dispute that the claim is an obligation of the subject Debtor;

E.   <u>Individual Bondholder Claims</u>: any person or entity that holds a claim that is limited to the repayment of principal, interest and other fees and expenses, if the relevant indenture trustee or similar agent or nominee, to the extent such indenture trustee, or similar agent or nominee exists, files a Bond Debt Master Proof of Claim against the relevant Debtor on or before the General Bar Date on account of all bond claims against the relevant Debtor under the respective trust agreement or bond document; <u>provided</u>, that any such holder should assert a claim, other than a bond claim, by filing a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

F.   <u>Individual Union Members' Claims</u>:  any person or entity that holds a claim limited to obligations due under their respective collective bargaining agreements, if the relevant union files a master proof of claim on behalf of their respective constituents against the relevant Debtor; <u>provided</u>, that any such holder should assert a claim, other than a claim arising from collective bargaining agreements, by filing a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

G.   <u>Pension Claims</u>:   retirees, active employees, and former employees asserting claims for accrued benefits under any pension or retirement plan of a title III Debtor (the "<u>Pension Claimants</u>"); <u>provided</u>, that the Official Committee of Retirees (in the Title III Cases in which it is appointed), or any other organization with authority to assert claims on behalf of Pension Claimants may file a master proof of claim on behalf of Pension Claimants against the applicable Debtors; <u>provided</u>, <u>further</u>, that any Pension Claimant should assert a claim, other than a claim for accrued benefits under any pension or retirement plan of a title III Debtor, by filing a proof of claim with respect to such claim on or before the General Bar Date  to avoid disallowance of such claim;

H.   <u>Administrative Expenses</u>:   any holder of a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an administrative expense (**<u>other</u>** than a claim under Bankruptcy Code section 503(b)(9));

4

I.       PREPA Customers:   customers of PREPA in connection with the disposition of their deposits or any individual billing or service disputes;

J.       Proofs of Claim with Separate Deadlines:  any holder of a claim for which a separate deadline is or has been fixed by this Court; and

K.       Professionals' Administrative Claims:   professionals who assert administrative claims for fees and expenses subject to the Court's approval pursuant to PROMESA section 316.

Should the District Court, in the future, fix a date by which the Claims described in Paragraphs A. through K. above must be filed, you will be notified of such bar date at the appropriate time.

You **MUST** file a **Proof of Claim** to vote on any plan of adjustment filed by the Oversight Board on behalf of the Debtors or to share in any distributions from the Debtors if you have a Claim that arose prior to the commencement dates and it is not one of the types of Claims described in Paragraphs A. through K. above.

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN PARAGRAPHS A. THROUGH K. ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED (UNLESS OTHERWISE ORDERED BY THE COURT) FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, FROM VOTING ON ANY PLAN OF ADJUSTMENT FILED IN THESE TITLE III CASES, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THESE TITLE III CASES ON ACCOUNT OF SUCH CLAIM.**

Each Proof of Claim, to be properly filed pursuant to this Notice, shall: (i) be written in the English language, (ii) be denominated in lawful currency of the United States as of the relevant Title III Case commencement date; (iii) set forth with specificity the legal and factual basis for the asserted claim; (iv) include supporting documentation or an explanation as to why such documentation is not available, each in the English language, or if not in English, accompanied by a translation into English; (v) include an original or electronic signature of the claimant or an authorized agent of the claimant; and (vi) substantially conform to the Proof of Claim Form approved by the Bar Date Order.

The Proof of Claim Form can be obtained, as well as filed, on the website established and maintained by the Claims Agent at https://cases.primeclerk.com/puertorico/.

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST

WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S TITLE III CASE.

The Debtors' Creditor Lists and the Bar Date Order may be downloaded and examined free of charge from the Claims Agent website, https://cases.primeclerk.com/puertorico/.   Any creditor that relies on the Debtors' Creditor Lists bears responsibility for determining that its Claim is accurately listed therein.

If you require additional information regarding this Notice, you may contact the Claims Agent at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), or by email at puertoricoinfo@primeclerk.com.

**A holder of a possible Claim against the Debtors should consult an attorney if such holder has any questions regarding this Notice, including whether the holder should file a Proof of Claim.**

**THE FACT THAT YOU RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM AGAINST THE DEBTORS OR THAT THE DEBTORS BELIEVE YOU HAVE A CLAIM.**

Dated:  [_____], 2017

6

## **Exhibit 2**

**Proof of Claim Form**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ☐ | Commonwealth of Puerto Rico - El Estado Libre Asociado de Puerto Rico<br>Case No. 17-bk-03283<br>Commencement Date:  May 3, 2017 |
| ☐ | Puerto Rico Sales Tax Financing Corporation (COFINA) – La Corporación del Fondo de Interés Apremiante de Puerto Rico<br>Case No. 17-bk-03284<br>Commencement Date:  May 5, 2017 |
| ☐ | Puerto Rico Highways and Transportation Authority – La Autoridad de Carreteras y Transportación<br>Case No. 17-bk-03567<br>Commencement Date:  May 21, 2017 |
| ☐ | Employees Retirement System of the Government of the Commonwealth of Puerto Rico – El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico<br>Case No. 17-bk-03566<br>Commencement Date:  May 21, 2017 |
| ☐ | Puerto Rico Electric Power Authority – La Autoridad de Energía Eléctrica de Puerto Rico<br>Case No. 17-bk-04780<br>Commencement Date:  July 2, 2017 |

Modified Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

**Fill in all the information about the claim as of the date the case was filed.**

| | **Identify the Claim** |
|---|---|

| | | |
|---|---|---|
| 1. | **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. | **Has this claim been acquired from someone else?** | ☐ No<br>☐ Yes. From whom? _____ |
| 3. | **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Name<br>_____<br>Number        Street<br><br>City                    State            ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ | **Where should payments to the creditor be sent?** (if different)<br><br>Name<br>_____<br>Number        Street<br><br>City                    State            ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ |
| 4. | **Does this claim amend one already filed?** | ☐ No<br>☐ Yes.  Claim number on court claims registry (if known)_____        Filed on _____ / _____ / _____<br>                                                                MM / DD / YYYY |

5.  **Do you know if anyone else has filed a proof of claim for this claim?**
☐ No
☐ Yes. Who made the earlier filing? _____

---

**Part 2:**     **Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have a claim against a specific agency or department of the Commonwealth of Puerto Rico?**
☐ No
☐ Yes.  Identify the agency or department. _____

7. **Do you have any number you use to identify the debtor?**
☐ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____  ____  ____  ____

8. **How much is the claim?**     $_____ . **Does this amount include interest or other charges?**
☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

9. **What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

10. **Is all or part of the claim secured?**
☐ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**     $_____

**Amount of the claim that is secured:**     $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%
☐ Fixed
☐ Variable

---

Modified Official Form 410                     **Proof of Claim**                     page 2

| | |
|---|---|
| 11. **Is this claim based on a lease?** | ☐ No<br><br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**  $_____ |
| 12. **Is this claim subject to a right of setoff?** | ☐ No<br><br>☐ Yes. Identify the property: _____ |
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br><br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.**  $_____ |

---

**Part 3:**   **Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

*Check the appropriate box:*

☐  I am the creditor.

☐  I am the creditor's attorney or authorized agent.

☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   _____ (mm/dd/yyyy)


        Signature


**Print the name of the person who is completing and signing this claim:**

Name       _____
           First name              Middle name              Last name

Title      _____

Company    _____
           Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    _____
           Number      Street

           _____
           City                            State      ZIP Code

Contact phone  _____        Email  _____

---

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                    12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

### How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A** *Proof of Claim* **form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or contact the Claims and Noticing Agent at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), or by email at puertoricoinfo@primeclerk.com. You may view a list of filed claims in the Title III cases by visiting the Claims and Noticing Agent's website at https://cases.primeclerk.com/puertorico.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. § 503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy or confidential information. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

---

### Do not file these instructions with your form

---

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4708
New York, NY 10163-4708

**If by overnight courier or hand delivery:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk, LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

# Instrucciones para la Evidencia de reclamación

Tribunal de Quiebras de los Estados Unidos                                                         12/15

**Estas instrucciones y definiciones explican la ley de forma general. En ciertas circunstancias, tales como casos de quiebra que los deudores no presentan de forma voluntaria, se pueden aplicar excepciones a estas normas generales. Debe considerar la posibilidad de obtener el asesoramiento de un abogado, en especial si no conoce el proceso de quiebra y las reglamentaciones de privacidad.**

## Cómo completar este formulario

- **Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.**

- **Complete el título en la parte superior del formulario.**

- **Si la reclamación se ha adquirido de otra persona, indique la identidad de la última parte** que fue propietaria de la reclamación o fue titular de la reclamación y que la transfirió a usted antes de que se presente la reclamación inicial.

- **Adjunte cualquier documento de respaldo a este formulario.**
  Adjunte copias editadas de cualquier documento que demuestre que la deuda existe, que un gravamen garantiza la deuda, o ambos. (Ver la definición de *edición* en la siguiente página.)

  También adjunte copias editadas de cualquier documento que demuestre el perfeccionamiento de un derecho de garantía o cualquier cesión o transferencia de la deuda. Además de los documentos, puede agregarse un resumen. Norma federal del procedimiento de quiebra (denominada "Norma de quiebra") 3001(c) y (d).

- **No adjunte documentos originales, ya que es posible que los documentos adjuntos se destruyan luego de examinarlos.**

- **Si la reclamación se basa en la prestación de bienes o servicios de atención médica, no divulgue información de atención médica confidencial. Omita o edite la información confidencial tanto en la reclamación como en los documentos adjuntos.**

- **El formulario de** *Evidencia de reclamación* **y los documentos adjuntos solo deben mostrar los últimos 4 dígitos de un número de seguridad social, el número de identificación tributaria de una persona o un número de cuenta financiera, y solo el año de la fecha de nacimiento de una persona.** Ver la Norma de quiebra 9037.

- **En el caso de un menor, complete solamente las iniciales del menor y el nombre completo y la dirección del padre o madre o el tutor del menor.** Por ejemplo, escriba *A.B., un menor* (*John Doe, padre, calle 123, ciudad, estado*). Ver la Norma de quiebra 9037.

## Confirmación de que se ha presentado la reclamación

Para recibir una confirmación de que se ha presentado la reclamación, puede adjuntar un sobre autodirigido y estampillado y una copia de este formulario o comunicarse con el representante de reclamaciones y notificaciones al (844) 822-9231 (número gratuito para EE. UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), o por correo electrónico a puertoricoinfo@primeclerk.com. Para ver una lista de las reclamaciones presentadas en los casos del Título III, visite el sitio web del representante de reclamaciones y notificaciones en https://cases.primeclerk.com/puertorico.

## Comprenda los términos utilizados en este formulario

**Gastos administrativos:** En términos generales, gastos que se generan luego de presentar un caso de quiebra en relación con el manejo, la liquidación o la distribución del patrimonio de la quiebra.
Título 11 § 503 del Código de los Estados Unidos (U.S.C.).

**Reclamación:** El derecho de un acreedor a recibir un pago por una deuda del deudor a la fecha en la que el deudor solicitó la quiebra. Título 11 §101 (5) del U.S.C. Una reclamación puede estar garantizada o no garantizada.

**Reclamación de conformidad con el Título 11 § 503(b)(9) del U.S.C.:** Una reclamación que surge del valor de cualquier bien recibido por el Deudor dentro de los 20 días anteriores a la fecha de inicio del caso mencionado anteriormente, en el que los bienes se han vendido al Deudor en el transcurso normal de los negocios del Deudor. Adjunte la documentación que respalde dicha reclamación.

**Acreedor:** Una persona, una sociedad anónima u otra entidad con la que el deudor tiene una deuda que se contrajo en la fecha en la que el deudor solicitó la quiebra o con anterioridad. Título 11 § 101 (10) del U.S.C.

**Deudor:** Una persona, una sociedad anónima u otra entidad que está en quiebra. Utilice el nombre del deudor y el número de caso tal como se muestran en el aviso de quiebra que recibió. Título 11 § 101 (13) del U.S.C.

**Prueba de pasos adicionales:** La prueba de la realización de pasos adicionales para hacer valer un derecho de garantía puede incluir documentos que demuestren que se ha presentado o registrado un derecho de garantía, tal como una hipoteca, un derecho de retención, un certificado de propiedad o una declaración de financiamiento.

**Información que debe mantenerse en privado:** El formulario de *Evidencia de reclamación* y los documentos adjuntos solo deben mostrar los últimos 4 dígitos de un número de seguridad social, el número de identificación tributaria de una persona o un número de cuenta financiera, y solo las iniciales del nombre de un menor y el año de la fecha de nacimiento de una persona. Si una reclamación se basa en la prestación de bienes o servicios de atención médica, limite la divulgación de los bienes o servicios a fin de evitar la incomodidad o la divulgación de información de atención médica confidencial. Es posible que, más adelante, se le solicite que brinde más información si el síndico u otra persona de interés se opone a la reclamación.

**Evidencia de reclamación:** Un formulario que detalla el monto de la deuda que el deudor mantiene con un acreedor a la fecha de la presentación de la quiebra. El formulario debe ser presentado en el distrito donde el caso se encuentra pendiente de resolución.

**Edición de información:** Ocultamiento, corrección, o eliminación de cierta información para proteger la privacidad o la información confidencial. Quienes presenten la documentación deben editar u omitir información sujeta a **privacidad** en el formulario de *Evidencia de reclamación* y en cualquier documento adjunto.

**Reclamación garantizada en virtud del Título 11 § 506(a) del U.S.C.:** Una reclamación respaldada por un derecho de retención sobre un bien en particular del deudor. Una reclamación está garantizada en la medida que un acreedor tenga el derecho a recibir un pago proveniente del bien antes de que se les pague a otros acreedores. El monto de una reclamación garantizada generalmente no puede ser mayor que el valor del bien en particular sobre el cual el acreedor mantiene un derecho de retención. Cualquier monto adeudado a un acreedor que sea mayor que el valor del bien generalmente se lo considera una reclamación no garantizada. Sin embargo existen excepciones; por ejemplo, el Título 11 § 1322(b) del U.S.C., y la oración final de § 1325(a).

Algunos ejemplos de derechos de retención sobre bienes incluyen una hipoteca sobre un inmueble o un derecho de garantía sobre un automóvil. Un derecho de retención puede ser otorgado de manera voluntaria por un deudor o puede obtenerse a través de un procedimiento judicial. En algunos estados, una resolución judicial puede ser un derecho de retención.

**Compensación:** Ocurre cuando un acreedor se paga a sí mismo con dinero que pertenece al deudor y que mantiene en su poder, o cuando el acreedor cancela una deuda que mantiene con el deudor.

**Reclamación no garantizada:** Una reclamación que no cumple con los requisitos de una reclamación garantizada. Una reclamación puede no estar garantizada en parte en la medida que el monto de la reclamación sea mayor que el valor del bien sobre la cual un acreedor tiene un derecho de retención.

## Ofrecimiento de compra de una reclamación

Algunas entidades compran reclamaciones por un monto menor que su valor nominal. Estas entidades pueden contactar a acreedores para ofrecerles la compra de sus reclamaciones. Algunas comunicaciones por escrito de estas entidades pueden confundirse fácilmente con documentación judicial oficial o con comunicaciones del deudor. Estas entidades no representan al tribunal de quiebras, al síndico de la quiebra, ni al deudor. Un acreedor no tiene obligación alguna de vender su reclamación. Sin embargo, si decide hacerlo, cualquier transferencia de esa reclamación está sujeta a la Norma de Quiebras 3001(e), a las correspondientes disposiciones del Código de Quiebras (Título 11 § 101 y subsiguientes del U.S.C.) y a cualquier resolución del tribunal de quiebras que corresponda al caso.

## Envíe la(s) Evidencia(s) de reclamación completa(s) a:

**Si por correo de primera clase:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4708
New York, NY 10163-4708

**Si por el mensajero de una noche o la entrega de mensajero a mano:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk, LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

---

## No presente estas instrucciones con su formulario

## <u>Exhibit 3</u>

**PREPA Customer Bar Date Notice**

# IMPORTANT LEGAL NOTICE

## TO ALL CUSTOMERS OF THE
## PUERTO RICO ELECTRIC POWER AUTHORITY

On July 2, 2017, the Puerto Rico Electric Power Authority ("PREPA") filed a case under Title III of the *Puerto Rico Oversight, Management, and Economic Stability Act* (the "Title III Case").  The United States District Court for the District of Puerto Rico entered an order establishing a deadline for PREPA's creditors to file proofs of claim against PREPA in this Title III Case (the "Bar Date Order").

Pursuant to the Bar Date Order, PREPA customers **are not** required to file proofs of claim against PREPA in connection with the disposition of their deposits and/or any individual billing or service disputes.  However, to the extent you believe you are a creditor of PREPA for **any other reason**, you must file a proof of claim against PREPA by **5:00 p.m. (Atlantic Standard Time) on February 15, 2018**.

All documents filed in the Title III Case, including the Bar Date Order and the Proof of Claim Form, are available, free of charge, by accessing the website maintained by Epiq Bankruptcy Solutions, LLC at http://dm.epiq11.com/PREPA.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

# AVISO LEGAL IMPORTANTE

## A TODOS LOS CLIENTES DE LA
## AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO RICO

El 2 de julio de 2017, la Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") presentó un caso en virtud del Título III de la *Ley de Supervisión, Administración y Estabilidad Económica de Puerto Rico (Puerto Rico Oversight, Management, and Economic Stability Act)* (el "Caso en virtud del Título III"). El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico emitió una resolución que establece un plazo para que los acreedores de PREPA presenten las evidencias de reclamación contra PREPA en el presente Caso en virtud del Título III (la "Resolución de la fecha límite").

De acuerdo con la Resolución de la fecha límite, **no** se les exige a los clientes de PREPA presentar evidencias de reclamación contra PREPA en relación a la disposición de sus depósitos o a disputas individuales de servicio o facturación. Sin

embargo, en la medida que considere ser un acreedor de PREPA por **cualquier otra razón**, debe presentar una evidencia de reclamación contra PREPA a más tardar a **las 5:00 p. m. (Hora del Atlántico) del 15 de febrero de 2018**.

Todos los documentos presentados en el Caso en virtud del Título III, incluida la Resolución de la fecha límite y el formulario de Evidencia de reclamación, están disponibles, gratuitamente, en el sitio web que mantiene Epiq Bankruptcy Solutions, LLC en http://dm.epiq11.com/PREPA.

2