UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO

    Debtor.

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

**Re: ECF No. 1123, 1200, 1204**

(Jointly Administered)

PROMESA
Title III

No. 17 BK 3283-LTS

**This Limited Objection relates only to the Commonwealth and shall only be filed in the lead Case No. 17 BK 3283-LTS.**

**THE COMMONWEALTH OF PUERTO RICO'S LIMITED OBJECTION TO
REQUEST FOR RECONSIDERATION OF ORDER AT ECF NO. 1123;
AND ENTRY OF ORDER UNDER 11 U.S.C. 105(a)**

To the Honorable United States District Court Judge Laura Taylor Swain:

    The Commonwealth of Puerto Rico (the "Commonwealth") respectfully submits this limited objection (the "Objection") to the *Request for Reconsideration of Order at ECF No. 1123; and Entry of Order Under 11 U.S.C. 105(a)* [ECF No. 1200] (the "Motion") filed by

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

María J. Marchand Sánchez ("Movant").[2] The Commonwealth respectfully requests that the Court grant the relief requested herein for the reasons set forth below.

## PRELIMINARY STATEMENT

1. As a preliminary matter, the Commonwealth has already agreed to a partial modification of the automatic stay under Bankruptcy Code sections 362(a) and 922(a), made applicable to the Commonwealth's Title III case by PROMESA section 301(a) (the "Title III Stay"), to allow Movant to proceed with her motion to intervene in the prepetition action pending against the Commonwealth to contest the forfeiture of her vehicle and to permit all necessary forfeiture determination proceedings prior to entry of judgment.[3] See *Commonwealth's Response to Motion for Relief of Stay at ECF No. 784* [ECF No. 1011] at ¶¶ 3, 4. While the Commonwealth does not take a position on whether reconsideration of the Court's order modifying the Title III Stay is appropriate, after further consideration, the Commonwealth has no objection to lifting the Title III Stay to allow for the entry of judgment in the prepetition action, including allowing Movant to pursue remedies under section 19 of the Uniform Forfeiture Act (the "UFA"). 34 L.P.R.A. §1724p ("If the [Commonwealth] has already disposed of said property, the [Commonwealth] shall pay an amount equal to the appraisal value at the time of the seizure, or the amount for which it was sold, whichever is higher, plus the prevailing legal interest . . . .").

2. Although the Commonwealth does not object to Movant's request to lift the Title III Stay to permit all necessary forfeiture determination proceedings in the prepetition Action,

---

[2] The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Department of Justice to file this Objection on behalf of the Commonwealth.

[3] Movant is not a party to the forfeiture action, but moved to intervene in the action on June 2, 2017, a month after the Commonwealth commenced its Title III case.

including the entry of judgment, the Commonwealth does object to Movant's request for an order, under Bankruptcy Code sections 549(a) and 105(a), to avoid the sale of Movant's vehicle (the "Forfeited Property") by the Commonwealth. See Motion at 3.

3. Movant's request to avoid the sale of the Forfeited Property should be denied for several reasons. First, the Motion is in violation of Bankruptcy Rules 7001 and 7003, which provide that an action to recover property must be pursued through an adversary proceeding commenced by filing a complaint with the Court. Rather than abide by the Bankruptcy Rules and commence an adversary proceeding against the Commonwealth (which would be meritless), Movant is trying to slip her unfounded request to avoid the Commonwealth's sale of the Forfeited Property into a motion to reconsider the Court's order modifying the Title III Stay. The Court should not disregard the express command of the Bankruptcy Rules. Second, as acknowledged by Movant in the Motion, Movant lacks standing to bring an action under Bankruptcy Code section 549(a). Third, by its unequivocal terms Bankruptcy Code section 549(a) does not apply to the Commonwealth's exercise of its powers to dispose of forfeited vehicles under the UFA in the ordinary course of its governmental operations. Finally, to allow Movant to use Bankruptcy Code section 105(a) to prohibit the application of the UFA when neither section 549(a) nor any provision of PROMESA justifies such a request would be improper. Accordingly, Movant's request that the Court avoid the sale of the Forfeited Property should be denied.

**LIMITED OBJECTION**

I. **THE COMMONWEALTH DOES NOT OBJECT TO MOVANT'S REQUEST TO LIFT THE TITLE III STAY TO PERMIT ALL NECESSARY FORFEITURE DETERMINATION PROCEEDINGS IN THE STATE COURT ACTION**

4. The underlying action at issue in the Motion was commenced by Movant's insurer, Real Legacy Assurance Company, Inc. and, the automobile's secured creditor, Popular

Auto, Inc. (collectively, "Plaintiffs") against the Commonwealth on January 4, 2017, before the Puerto Rico Court of First Instance, San Juan (the "State Court"), and is captioned Real Legacy Assurance Company Inc. v. ELA, Case No. KAC2017-0005 (the "State Court Action"). Prior to the commencement of the Commonwealth's Title III case, the State Court Action was dismissed with respect to Plaintiffs for lack of standing. In response to the dismissal, Plaintiffs filed a motion for reconsideration, which is currently pending before the State Court. On June 2, 2017, Movant sought to intervene in the State Court Action, which was stayed by the State Court due to the commencement of the Commonwealth's Title III case.

5. On July 28, 2017, Movant filed a motion requesting relief from the Title III Stay to allow the State Court Action to proceed. On August 11, 2017, the Commonwealth filed a response to Movant's motion (the "Response"), which agreed to a partial modification of the Title III Stay to allow Movant to proceed with her motion to intervene in the State Court Action solely to contest the forfeiture of her vehicle [ECF No. 1011]. On August 22, 2017, the Court entered an order partially granting Movant's request to lift the Title III Stay to allow Movant to proceed with her intervention motion in the State Court Action and permit the State Court to make a determination prior to the entry of judgment [ECF No. 1123]. While in its Response the Commonwealth only agreed to a partial modification of the Title III Stay to allow Movant to contest the forfeiture of her vehicle prior to entry of a judgment, after further consideration of the facts of the State Court Action and Movant's current circumstances, the Commonwealth has no objection to granting Movant's request to lift the Title III Stay to permit all necessary forfeiture determination proceedings in the State Court Action, including the entry of judgment and to allow Movant to pursue remedies under section 19 of the UFA.

## II. MOVANT'S REQUEST TO AVOID THE SALE OF THE FORFEITED PROPERTY SHOULD BE DENIED

6. In the Motion, Movant asserts that the sale of the Forfeited Property should be avoided under Bankruptcy Code sections 549(a) and 105(a) since the sale was "unauthorized." See Motion at 5, 6. Not only is this incorrect but the Motion itself is procedurally deficient and in violation of Bankruptcy Rules 7001 and 7003, which provide that a proceeding to recover property is an adversary proceeding that is commenced by filing a complaint with the Court. See Fed. R. Bankr. P. 7001, 7003; see also In re Perkins, 902 F.2d 1254, 1258 (7th Cir. 1990) (finding that an order entered in favor of creditor seeking turnover of debtor's pension fund must be vacated since action was commenced by motion rather than by complaint under Bankruptcy Rule 7001(1)); In re Montellano, No. 2:15-BK-11049-RK, 2015 WL 3878412, at *1 (Bankr. C.D. Cal. June 19, 2015) (holding that "a proceeding to recover money or property" is required to be brought in an adversary proceeding). The Court should not permit Movant to side-step the Bankruptcy Rules by slipping an avoidance action into a motion for reconsideration.

7. Moreover, Movant lacks standing to bring an avoidance action under Bankruptcy Code section 549(a), which Movant acknowledges in the Motion. See Motion at 6 ("Even though Section 549 (a), in cases under Title III, only allows the Oversight Board to seek recovery."). Under Bankruptcy Code section 549(a) "only trustees and debtors-in-possession, *not* creditors, have standing to invoke avoidance powers." City of Farmers Branch v. Pointer (In re Pointer), 952 F.2d 82, 87 (5th Cir. 1992) (emphasis in original); see also In re Metropolitan Elec. Mfg. Co., 295 B.R. 7, 12 (Bankr. E.D.N.Y. 2003) (The "grant of authority to bring avoidance actions under the various sections of the Bankruptcy Code is specific to the trustee or debtor in possession."). As discussed below, Movant cannot use Bankruptcy Code section 105(a) to create substantive rights that do not otherwise exist under PROMESA or the Bankruptcy Code.

8.  Further, Bankruptcy Code section 549(a) does not apply to the Commonwealth's lawful disposition of the Forfeited Property. Bankruptcy Code section 549(a) permits a debtor to avoid a postpetition transfer of property of the estate that is (a) only authorized under Bankruptcy Code sections 303(f) or 542 or (b) not authorized under the Bankruptcy Code or by the court. 11 U.S.C. § 549(a). The purpose of section 549(a) is to "avoid those postpetition transfers which deplete the [bankruptcy] estate," not to limit a debtor from exercising its powers under applicable law. See In re PSA, Inc., 335 B.R. 580, 584 (Bankr. D. Del. 2005). Neither Bankruptcy Code sections 303(f) or 542 apply to Title III cases, thus the first prong of section 549(a) does not apply here. See 48 U.S.C. 2161 (excluding Bankruptcy Code sections 303 and 542 from the list of sections incorporated into PROMESA). As to the second prong of section 549(a), Bankruptcy Code section 363 similarly does not apply to Title III cases, thus a Title III debtor does not need authorization from the Court to use, sell, or lease its property. See 48 U.S.C. 2161 (excluding Bankruptcy Code section 363 from the list of sections incorporated into PROMESA).

9.  The seizure and subsequent sale of the Forfeited Property was a valid exercise of the Commonwealth's governmental powers under section 20 of the UFA, which empowers the Commonwealth "to determine the method and order of priority to dispose of forfeited property." 34 L.P.R.A. §1724q. Specifically, the UFA authorizes the Commonwealth to "dispose of forfeited property by sale, auction, donation, transfer, exchange, or any other lawful means." Id. Neither Bankruptcy Code section 549(a) nor any provision of PROMESA prohibits the Commonwealth from exercising its powers to dispose of forfeited vehicles under the UFA in the ordinary course of its governmental operations.[4] To the contrary, PROMESA specifically

---

[4] None of the cases cited by Movant in the Motion not support Movant's argument that Bankruptcy Code sections 549(a) and 105(a) allow the Court to avoid the transfer of the Forfeited Property. See In re Paige, 413 B.R. 882, 913 (Bankr. D. Utah 2009), aff'd, 443 B.R. 878 (D. Utah 2011), aff'd in part, rev'd in part, 685 F.3d 1160 (10th Cir. 2012) (converted title 7 case holding that section 549 did not apply where the debtor was not the party who

permits the Commonwealth to retain its political and governmental powers. See, e.g., 48 U.S.C. § 2163.

10. There is nothing ambiguous about Bankruptcy Code section 549(a). To allow Movant to use Bankruptcy Code section 105(a) to alter section 549(a) beyond its clear terms exceeds the scope of section 105(a) and would create unnecessary confusion. While section 105(a) gives the court general equitable powers, those powers are limited by the provisions of the Bankruptcy Code. See Law v. Siegel, 134 S. Ct. 1188, 1191 (2014) ("A bankruptcy court may not exercise its authority to 'carry out' the provisions of the Code . . . by taking action prohibited elsewhere in the Code."); In re Ludlow Hosp. Soc., Inc., 124 F.3d 22, 27 (1st Cir. 1997) ("Bankruptcy Code § 105(a) may not be invoked to alter substantive debtor rights defined under the applicable nonbankruptcy law."). Accordingly, Movant's attempt to invoke Bankruptcy Code section 105(a) to authorize the Court to order the Commonwealth to avoid the sale of the Forfeited Property under Bankruptcy Code section 549(a) is improper and should be denied.

## CONCLUSION

11. For the foregoing reasons, the Court should (a) lift the Title III Stay to permit all necessary forfeiture determination proceedings in the State Court Action, including the entry of judgment and to allow Movant to pursue remedies under section 19 of the UFA and (b) deny the Motion with respect to Movant's request under Bankruptcy Code sections 549(a) and 105(a) to avoid the Commonwealth's sale of the Forfeited Property.

---

initiated or authorized the postpetition transfer); In re Baldwin-United Corp. Litig., 765 F.2d 343, 347 (2d Cir. 1985) (title 11 case noting that section 105 gives the bankruptcy court broad power to enforce the stay); In re First RepublicBank Corp., 95 B.R. 58, 60 (Bankr. N.D. Tex. 1988) (title 11 case holding that a trustee's refusal to remove member of creditors' committee who held claims against both debtor and debtor's subsidiary, a debtor in a separate proceeding, was not arbitrary or capricious).

Dated: September 12, 2017
San Juan, Puerto Rico

Respectfully submitted,

**WANDA VÁZQUEZ GARCED**
Secretary of Justice

*/s/ Wandymar Burgos Vargas*
**WANDYMAR BURGOS VARGAS**
USDC 223502
Deputy Secretary in Litigation
Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Phone: 787-721-2940 Ext. 2500, 2501
wburgos@justicia.pr.gov

*Attorneys for the Commonwealth of Puerto Rico*