UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND | |
| MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, | (Jointly Administered) |
| et al., | |
| Debtors.[1] | |

-------------------------------------------------------------x

MEMORANDUM ORDER GRANTING IN PART MOTION OF LESLIE JAY BONILLA SAUDER
FOR RELIEF FROM AUTOMATIC STAY (DOCKET ENTRY NO. 1048)

Before the Court is a motion filed by Leslie Jay Bonilla Sauder (the "Movant") for relief from the automatic stay imposed by the filing of the above-captioned Title III case in a lawsuit pending before the Court of First Instance in the Municipality of Aibonito, captioned Leslie Jay Bonilla Sauder v. ELA, BAC2017-0017 (the "Lawsuit"), contesting the forfeiture of Movant's vehicle. For the following reasons, the Motion is granted in part and the stay is lifted solely to permit all necessary forfeiture determination proceedings in the Lawsuit prior to entry and enforcement of any judgment for damages.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

BACKGROUND

Movant, the named Plaintiff in the Lawsuit, which was filed against the Commonwealth of Puerto Rico (the "Commonwealth") ((Docket Entry No. 1048, Motion for Relief from Automatic Stay (the "Motion"), pp. 1-2.), seeks to continue the Lawsuit against the Commonwealth. In the Lawsuit, Movant contests the forfeiture of his automobile as a result of a criminal intervention by law enforcement agents. (Id. p. 2.) Movants asserts that the Lawsuit is advanced enough to a stage that it could be resolved through summary judgment motion practice. (Id. p. 3.)

On August 30, 2017, the Commonwealth filed a response ("Response") to the Motion. (Case No. 17-3283, Docket Entry No. 1214.) In the Commonwealth's Response, the Commonwealth consents to a partial modification of the automatic stay solely to permit the Movant to proceed with the Lawsuit for necessary forfeiture determination proceedings prior to entry and execution of judgment in connection with any claims for damages in the Lawsuit. (See Response, ¶¶ 2-3.) Movant did not file a reply to the Commonwealth's Response. The Court has considered all of the submissions carefully.

DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e,g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F.

Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

Movant has demonstrated that many of the Sonnax criteria weigh in his favor with respect to continuation of the Lawsuit. In particular, the Lawsuit could resolve the question of Movant's entitlement to obtain his vehicle. Allowing the Lawsuit to proceed to a determination as to whether Movant is entitled to the return of his vehicle while maintaining the stay as to any monetary claims against the Debtors would not interfere materially, if at all, with the Title III case and would permit efficient resolution of the issues raised in the Lawsuit. The fact that the Commonwealth consents to this limited relief from the automatic stay demonstrates that the interests of judicial economy, and of the expeditious resolution of litigation, are best served by permitting the Lawsuit to proceed to a limited extent.

Accordingly, the Court concludes that Movant has demonstrated that cause exists for the automatic stay to be lifted to allow the Lawsuit to proceed for necessary forfeiture determination proceedings prior to entry and enforcement of any judgment for money damages.

## CONCLUSION

For the foregoing reasons, the stay of the Lawsuit is lifted to the extent set forth herein. The automatic stay remains in place with respect to any claims for damages, and

execution and enforcement of any judgment for damages. This Memorandum Order resolves docket entry no. 1048 in case no. 17-3283.

    SO ORDERED.

Dated: September 13, 2017

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge