**Hearing Date and Time: October 4, 2017, at 9:30 a.m. AST**
**Objection Deadline: September 19, 2017, at 4:00 p.m. AST**

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

---------------------------------------------------------- -x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO,
*et al.*

     Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

----------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

  as representative of

PUERTO RICO ELECTRIC POWER
AUTHORITY ("PREPA"),[2]

  Debtor.

PROMESA
Title III

No. 17 BK 4780-LTS
(Joint Administration Requested)

---------------------------------------------------------- -x

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808).

[2] The last four (4) digits of PREPA's federal tax identification number are 3747.

**URGENT MOTION OF THE UNITED STATES TRUSTEE PURSUANT
TO PROMESA SECTIONS 316 AND 317 AND BANKRUPTCY
CODE SECTION 105(A) FOR ENTRY OF ORDER
APPOINTING A FEE EXAMINER AND RELATED RELIEF**

To the Honorable United States District Court Judge Laura Taylor Swain:

Guy G. Gebhardt, Acting United States Trustee for Region 21, respectfully submits this motion (the "Motion") for entry of an order appointing a Fee Examiner and to do so on less than 22-calendar days' notice. *See* **Exhibit A** (the "Proposed Order").

**Jurisdiction and Venue**

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to section 306(a) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[3]

2. Venue is proper pursuant to PROMESA section 307(a).

3. The statutory bases for the relief requested are PROMESA sections 316 and 317 and Bankruptcy Code section 105(a), made applicable in the title III cases by PROMESA section 301(a).

**Background**

4. On June 30, 2016, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") was established under PROMESA section 101(b).  On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.  Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this title is the representative of

---

[3]  PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

the debtor[s]" and "may take any action necessary on behalf of the debtor[s] to prosecute the case[s] of the debtor[s], including filing a petition under section 304 of [PROMESA] . . . or otherwise generally submitting filings in relation to the case[s] with the court."

5.  On May 3, 2017, the Oversight Board filed a voluntary petition for relief for the Commonwealth pursuant to section 304(a) of PROMESA, commencing a case under title III.

6.  On May 5, 2017, the Oversight Board filed a voluntary petition for relief for COFINA pursuant to PROMESA section 304(a), commencing a case under title III.

7.  On May 21, 2017, the Oversight Board filed voluntary petitions for relief for ERS and HTA pursuant to PROMESA section 304(a), commencing cases under title III.

8.  On July 2, 2017, the Oversight Board filed a voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case under title III.

9.  Through orders issued on June 1 and June 29, 2017, the Court ordered the joint administration of the title III cases for the Commonwealth, COFINA, ERS, and HTA, for procedural purposes only [ECF Nos. 242 and 537].

10.  On August 23, 2017, the Oversight Board filed a motion seeking joint administration of PREPA's title III case with the four other title III cases. [ECF No. 1149].

11.  Background information regarding the Commonwealth and its instrumentalities and the commencement of the title III cases is contained in the *Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* [ECF No. 1] attached to the Commonwealth's title III petition.

12.  On June 15, 2017, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee") and amended its membership through

amended notices of appointment filed on August 25, 2017, and August 31, 2017. [ECF Nos. 338, 1171, and 1218].

13.   On June 15, 2017, the United States Trustee appointed an Official Committee of Retirees ("Retirees' Committee") in the Commonwealth's case (collectively with the Creditors' Committee, the "Statutory Committees").  [ECF No. 340].

## Relief Requested

14.   By this Motion, the United States Trustee seeks appointment of a Fee Examiner to review compensation and expenses subject to Court approval under sections 316 and 317 of PROMESA in these title III cases (and in all other title III cases filed by affiliates of the Debtors that are or become jointly administered with these title III cases, if any).

## Relief Requested on Shortened Notice

15.   Pursuant to Federal Rule of Bankruptcy Procedure 9006(c), the United States Trustee respectfully moves the Court to waive provisions of the Second Amended Case Management Procedures Order requiring parties to file and serve pleadings at least twenty-two calendar days before the next applicable hearing date and to consider the Motion at the next Omnibus Hearing, scheduled October 4, 2017.

16.   The United States Trustee has conferred with counsel for the Debtors and the Statutory Committees, and they do not object to the request for hearing on shortened notice or, as discussed below, to the substantive relief sought in the Motion.

17.   The Second Amended Case Management Procedures Order provides, in relevant part:

> . . . Pleadings shall not be considered unless filed and served in accordance with the Case Management Procedures at least twenty-two (22) calendar days before the next applicable hearing date; provided, however, that nothing in the Case Management Procedures shall prejudice the right of any party to move the Court

to request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) and (c).

[ECF No. 1065-1, Paragraph III.G.].

18. September 12, 2017, was the deadline for filing pleadings to be considered at the Omnibus Hearing scheduled October 4, 2017.

19. The passage of Hurricane Irma prompted the closing of all eight offices in Region 21--Puerto Rico, Atlanta, Macon, Savannah, Miami, Tampa, Tallahassee, and Orlando. Accordingly, the United States Trustee was unable to prepare, file, and serve the Motion by the September 12th deadline.

20. The Second Amended Case Management Procedures Order provides that "[n]othing in the Procedures Order shall prejudice the rights of any party in interest to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause." [ECF No. 1065-1, Paragraph V.A.].

## Applicable Authority

21. PROMESA section 316, similar to Bankruptcy Code section 330, provides that professionals to be compensated by the Debtors for services rendered in these title III cases may "after notice to the parties in interest and the United States Trustee and a hearing" be awarded by the Court "reasonable compensation for actual, necessary services . . . and reimbursement for actual, necessary expenses."

22. Section 316 further provides that the "court may, on its own motion or on the motion of the United States Trustee or any other party in interest, award compensation that is less than the amount of compensation that is requested." It then lists a number of factors to be considered in determining reasonable compensation and reimbursement.

5

23.  Section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a); *see also* PROMESA section 301(d) (references to "this title" under the Bankruptcy Code are deemed to be references to title III of PROMESA).

24.  Under PROMESA section 317, similar to Bankruptcy Code section 331, and Fed. Rule Bankr. P. 2016(a), professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days or more often if the Court permits.

25.  By Order dated August 23, 2017 (the "Interim Compensation Order"), this Court approved procedures permitting the professionals to seek interim payment of compensation and reimbursement of expenses in accordance with the Interim Compensation Procedures.  [ECF No. 1150].

26.  The Interim Compensation Order contemplates a "fee examiner to be retained with Court approval" and anticipates that a fee examiner will file reports before hearings on Applications.  Interim Compensation Order, ¶ 2.a.x.; ¶ 2.i.

27.  In the Case Management Procedures Order, this Court ordered that the "Local Bankruptcy Rules are imposed for and made applicable to these Title III Cases (and all other title III cases filed by affiliates of the Debtors that are jointly administered with these Title III Cases, if any)."  [ECF No. 249].

28.  Local Bankruptcy Rule 2016-1(a) provides that fee applications "must comply with the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses."  *See* 28 CFR Part 58, Appendices A and B ("U.S. Trustee Guidelines").

29. The Interim Compensation Order provides that "any application made pursuant to PROMESA sections 316 and 317, shall be subject to Appendix B of the U.S. Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases . . . ." Interim Compensation Order, ¶ 2.m.

30. The U.S. Trustee Guidelines for Attorneys in Larger Chapter 11 Cases provide that "where a significant number of professionals will be retained and the normal fee application and review process would be especially burdensome, the United States Trustee ordinarily will seek the court's appointment of a special fee review entity, such as a fee review committee or an independent fee examiner. Such an entity can assist the court and parties in reviewing fee applications and can bring consistency, predictability, and transparency to the process." U.S. Trustee Guidelines, ¶ G, 1 (Appendix B) available at https://www.justice.gov/ust/fee-guidelines.

31. The proposed Fee Examiner procedures are similar to those approved in large chapter 11 cases under the Bankruptcy Code where either an independent fee examiner or a fee committee with an independent chair has been appointed. *See, e.g., In re Motors Liquidation Co. (f/k/a/ General Motors Corp.)*, No. 09-50026 (Bankr. S.D.N.Y. Dec. 23, 2009) (No. 4708) (order appointing fee examiner); *In re Lehman Brothers Holdings, Inc.*, No. 08-13555 (Bankr. S.D.N.Y. May 26, 2009) (No. 3651) (order appointing fee committee); *In re Lehman Brothers Holdings, Inc.*, No. 08-13555 (Bankr. S.D.N.Y. Apr. 14, 2011) (No. 15998) (amended order appointing fee committee); *In re AMR Corp.,* No. 11-15463 (Bankr. S.D.N.Y. June 12, 2012) (No. 3184) (order appointing fee examiner); *In re Energy Future Holdings Corp.*, No. 14-10979 (Bankr. D. Del. Aug. 21, 2014) (No. 1896) (order appointing fee committee).

32. This Court has authority to enter an order authorizing the appointment of a Fee Examiner.

## **Retention of Professionals**

33. All professionals who will be compensated under PROMESA section 316, regardless of whether their employment must be approved by this Court,[4] must apply for and receive this Court's approval of compensation and reimbursement of expenses.

34. The Interim Compensation Order provides that it "shall not apply to work of professionals that was customarily required outside Title III cases, excluding restructuring professionals who are performing legal, financial, or operational services for a Title III Debtor . . . and such [non-Title III] professionals shall be exempt from the requirements of applying for Court approval of their fees and reimbursements that were customarily required outside Title III." Interim Compensation Order, ¶ 3. Accordingly, the Fee Examiner will not review the fees of the Debtors' professionals whose fees are not subject to Court approval.

## **Appointment of a Fee Examiner**

35. Given the size and complexity of these title III cases, the United States Trustee has proposed to the Debtors and the Statutory Committees that an independent Fee Examiner be recommended to and appointed by the Court to review and to report on, as appropriate, monthly fee statements, interim fee applications, and final fee applications for the allowance of compensation and reimbursement of expenses (collectively, "the Applications") and on expense requests of members of the Statutory Committees.

---

[4] Unlike in cases commenced under the Bankruptcy Code, professionals retained by the Debtors and the Oversight Board do not require court authorization for retention. *See* PROMESA § 301(a) (omitting Bankruptcy Code sections 327 and 328 from incorporation into PROMESA). Note, however, that PROMESA's incorporation of section 1103 of the Bankruptcy Code requires Court approval for the employment of professionals by the Statutory Committees.

36. The Debtors and Statutory Committees concur in the request of the United States Trustee that the Court appoint a Fee Examiner with the responsibilities and authorities described below.

37. The Fee Examiner must be a natural person who does not work for or represent any of the professionals whose fees are examined.

38. After consultation with the Debtors and the Statutory Committees, the United States Trustee proposes that the Fee Examiner be Brady Williamson, who has served as fee examiner and counsel to the fee committee in several large reorganization cases.[5] The Debtors and the Statutory Committees do not object to Mr. Williamson's appointment. If the Fee Examiner position becomes vacant, the United States Trustee, after consultation with the Debtors and Statutory Committees, shall recommend a successor for appointment by the Court.

---

[5] In 2009, the U.S. Bankruptcy Court for the Southern District of New York appointed him as fee examiner in the General Motors reorganization cases. *In re Motors Liquidation Co.* (*f/k/a/ General Motors Corp.*), No. 09-50026 (Bankr. S.D.N.Y. Dec. 23, 2009) (No. 4708) (order appointing fee examiner). Mr. Williamson and his law firm previously served as counsel to the Fee Committee in the Lehman Brothers Chapter 11 proceedings. *In re Lehman Brothers Holdings, Inc.*, No. 08-13555 (Bankr. S.D.N.Y. Apr. 6, 2011) (No. 15663) (order approving retention of counsel for fee committee); *In re Lehman Brothers Holdings, Inc.*, No. 08-13555 (SCC) (Bankr. S.D.N.Y. Feb. 27, 2012) (No. 25827) (amended order approving retention of counsel for fee committee). Mr. Williamson currently represents the Fee Committee in the Energy Future case. *In re Energy Future Holdings Corp.*, No. 14-10979-CSS (Bankr. D. Del. Sept. 16, 2014) (No. 2065) (order approving retention of counsel for fee committee).

Mr. Williamson's legal practice focuses on appellate advocacy and corporate law and reorganization. In 1996, Mr. Williamson was appointed by the President of the United States to chair the National Bankruptcy Review Commission, which submitted its comprehensive recommendations to Congress, the Chief Justice and the President in 1997. Mr. Williamson is a member of the National Bankruptcy Conference, whose membership is limited to 60 academics, judges, and practitioners with a focus on bankruptcy law. He is also a member of the American Bankruptcy Institute and the American College of Bankruptcy.

39. Based on preliminary information provided by the Fee Examiner, the United States Trustee believes that the Fee Examiner has no connection with the Court or the U.S. Trustee which would render his appointment improper.

40. Brady Williamson's Declaration of Disinterestedness will be submitted no later than seven calendar days before the hearing date.

## Responsibilities and Authority of the Fee Examiner

41. The Fee Examiner shall, among other things, review and report on, as appropriate, the Applications filed by the professionals.

42. The Fee Examiner is responsible for monitoring, reviewing, and assessing all Applications for compliance with:

    a.  The Motion;

    b.  PROMESA sections 316 and 317;

    c.  Rule 2016(a) of the Federal Rules of Bankruptcy Procedure;

    d.  The Local Bankruptcy Rules;

    e.  The Interim Compensation Order; and

    f.  U.S. Trustee Guidelines.

43. The Fee Examiner has the authority to:

    a.  Develop case-specific guidelines supplementing, but not in conflict with, the authorities listed above

    b.  Establish procedures to facilitate preparation and review of the Applications, including;

        i.  the use of specific forms and billing codes;

     ii.  the submission of Applications to the Fee Examiner by electronic mail contemporaneously with the filing of each Application; and

    iii.  the submission to the Fee Examiner by electronic mail of the fee detail containing the time entries and the expense detail ("Fee Detail") in the LEDES electronic format (for law firms) or Excel spreadsheets (for all professionals other than law firms).   The Fee Examiner and any professional submitting data in Excel will work together to ensure the Fee Detail contains all necessary information.   Fee Detail should be submitted contemporaneously with the submission of each Application.

c.  Establish procedures to resolve disputes with the professionals concerning the Applications, including:

     i.  Communicating concerns to the professionals about their Applications and requesting further information as appropriate;

    ii.  Presenting reports to the professionals of the Fee Examiner's review of Applications describing the Fee Examiner's  concerns;

    iii.  Providing a copy of the Fee Examiner's reports to the U.S. Trustee;

    iv.  Negotiating with the professionals any concerns the Fee Examiner has concerning Applications; and

    v.  Resolving consensually any concerns the Fee Examiner has about Applications, subject to the Court's approval.

d.  Request budgets and staffing plans from the professionals. Any budgets requested shall not limit the amount of fees or expenses that may be allowed or

restrict the extent or scope of services that a professional may determine are necessary to fulfill professional responsibilities.

e. Appear and be heard on any matter before this Court or an appellate court regarding the Applications, including but not limited to:

    i. Filing comments and summary reports with the Court on Applications;

    ii. Objecting to Applications and litigating the objections;

    iii. Conducting discovery, including filing and litigating discovery motions or objections; and

    iv. Appealing, defending an appeal, or appearing in an appeal regarding an Application.

f. Retain professionals to represent or assist the Fee Examiner with his work under standards and procedures analogous to section 327 of the Bankruptcy Code and to have them compensated by the Debtors under standards and procedures analogous to those that apply to the professionals, including but not limited to PROMESA sections 316 and 317.[6]

**<u>Cooperation of Retained Professionals</u>**

44. Professionals must cooperate with the Fee Examiner in the discharge of his duties and should promptly respond to requests from the Fee Examiner for information.

45. If a professional or its client provides privileged or work product information to the Fee Examiner and identifies the nature of such information to the Fee Examiner, the Fee Examiner shall treat such information as confidential. The disclosure of such information to the

---

[6] The Fee Examiner proposes, subject to Court approval, to hire as his counsel the firm of Godfrey & Kahn, where he is a partner.

Fee Examiner shall not be deemed to be a waiver by the disclosing party of any applicable work product, attorney client, or other privilege.

### Fee Examiner Compensation and Reimbursement of Expenses

46. The Fee Examiner shall be entitled to reasonable compensation, including reimbursement of reasonable, actual, and necessary expenses, from the Debtors. The Fee Examiner's compensation and reimbursement shall be subject retrospectively to Court approval under standards and procedures analogous to those that apply to the professionals.

47. The Fee Examiner shall file interim and final fee applications under standards and procedures analogous to sections 316 and 317 of PROMESA.

48. The Fee Examiner is required to keep reasonably detailed time records and submit them with any interim or final fee application along with a narrative summary of services rendered.

49. The Fee Examiner's proposed compensation and terms of appointment are attached as **Exhibit B**.

### Exculpation

50. The Fee Examiner shall be given the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of his duties.  In addition to such immunity, no action may be commenced against the Fee Examiner in connection with Fee Examiner matters except in this Court and only with the prior approval of this Court, which retains exclusive jurisdiction.

**Reservations of Rights**

51. Nothing in this Motion or the Proposed Order shall alter or impair the right of the United States Trustee or any party in interest to object to Applications subject to review and comment by the Fee Examiner.  Nothing in this Motion or the Proposed Order shall alter or modify prior orders governing the retention of professionals.

**Notice**

52. The United States Trustee has provided notice of this Motion in accordance with paragraph II(I) of the Second Amended Case Management Procedures Order [ECF No. 1065] to the following parties (the "Notice Parties"): (a) the Debtors; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against each Debtor; (d) the attorneys for the statutory committees appointed in these title III cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority; (g) the Puerto Rico Department of Justice; and (h) all parties filing a notice of appearance in these title III cases.  The United States Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

53. No prior request for the relief sought in this Motion has been made to this Court or any other.

WHEREFORE the United States Trustee respectfully requests that the Court enter an order, substantially in the form attached as **Exhibit A**, (a) granting the Motion, including the waiver of the 22-day filing deadlines, (b) appointing Brady Williamson as Fee Examiner in the title III cases, and (c) granting other relief as is just and proper.

14

**CERTIFICATE OF SERVICE**

**I DO HEREBY CERTIFY** that on this day I electronically filed a true and exact copy of the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the parties on the master service list and by email as provided in the Court-approved Case Management Procedures in this case.


Dated: September 13, 2017

GUY G. GEBHARDT
Acting United States Trustee for Region 21

U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
Edificio Ochoa
500 Tanca Street, Suite 301
San Juan, Puerto Rico 00901-1922
Tel.: (787) 729-7444
Fax: (787) 729-7449

(Electronically Filed)


By:   s/ Julio Guzmán-Carcache
Julio Guzmán-Carcache
Trial Attorney
USDC-PR No. 230104
Julio.Guzman@usdoj.gov

**<u>Exhibit A</u>**

**Proposed Order**

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

--------------------------------------------------------- -x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO,
*et al.*

       Debtors.[1]

--------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

 as representative of

PUERTO RICO ELECTRIC POWER
AUTHORITY ("PREPA"),[2]

  Debtor.

--------------------------------------------------------- -x

|  |
|---|
| PROMESA<br>Title III |
| No. 17 BK 3283-LTS<br>(Jointly Administered) |
| PROMESA<br>Title III |
| No. 17 BK 4780-LTS<br>(Joint Administration Requested) |

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808).

[2] The last four (4) digits of PREPA's federal tax identification number are 3747.

**ORDER PURSUANT
TO PROMESA SECTIONS 316 AND 317 AND
BANKRUPTCY CODE SECTION 105(A)
<u>APPOINTING A FEE EXAMINER AND RELATED RELIEF</u>**

Upon the *Urgent Motion of the United States Trustee Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) for Entry of Order Appointing a Fee Examiner and Related Relief* (the "<u>Motion</u>");[3] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA sections 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the United States Trustee provided adequate and appropriate notice of the Motion under the circumstances, including that the relief sought in the Motion is supported by good cause as contemplated by Bankruptcy Rule 9006, and that no other or further notice is required; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before the Court (the "<u>Hearing</u>"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

54.  The Motion is granted as set forth herein.

---

[3] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

## The Appointment of the Fee Examiner

55. Brady Williamson is hereby appointed to serve as Fee Examiner in the title III cases (and in all other title III cases filed by affiliates of the Debtors that are or become jointly administered with these title III cases, if any).

56. If the Fee Examiner position becomes vacant, the United States Trustee, after consultation with the Debtors and Statutory Committees, shall recommend a successor for appointment by the Court.

57. This Order applies to all professionals who will file Applications seeking compensation and expenses under PROMESA sections 316 and 317 in the title III cases (and in all other title III cases filed by affiliates of the Debtors that are or become jointly administered with these title III cases, if any) for services rendered in connection with the title III cases.

## Responsibilities and Authority of the Fee Examiner

58. The Fee Examiner shall, among other things, review and report on, as appropriate, the Applications filed by the professionals.

59. The Fee Examiner is responsible for monitoring, reviewing, and assessing all Applications for compliance with:

    g.  The Motion;

    h.  PROMESA sections 316 and 317;

    i.  Rule 2016(a) of the Federal Rules of Bankruptcy Procedure;

    j.  The Local Bankruptcy Rules;

    k.  The Interim Compensation Order; and

    l.  U.S. Trustee Guidelines.

60. The Fee Examiner has the authority to:

g.  Develop case-specific guidelines supplementing, but not in conflict with, the authorities listed above

h.  Establish procedures to facilitate preparation and review of the Applications, including;

    i.  the use of specific forms and billing codes;

    ii.  the submission of Applications to the Fee Examiner by electronic mail contemporaneously with the filing of each Application; and

    iii.  the submission to the Fee Examiner by electronic mail of the fee detail containing the time entries and the expense detail ("Fee Detail") in the LEDES electronic format (for law firms) or Excel spreadsheets (for all professionals other than law firms). The Fee Examiner and any professional submitting data in Excel will work together to ensure the Fee Detail contains all necessary information.  Fee Detail should be submitted contemporaneously with the submission of each Application.

i.  Establish procedures to resolve disputes with the professionals concerning the Applications, including:

    vi.  Communicating concerns to the professionals about their Applications and requesting further information as appropriate;

    vii.  Presenting reports to the professionals of the Fee Examiner's review of Applications describing the Fee Examiner's concerns;

    viii.  Providing a copy of the Fee Examiner's reports to the U.S. Trustee;

    ix.  Negotiating with the professionals any concerns the Fee Examiner has concerning Applications; and

4

    x. Resolving consensually any concerns the Fee Examiner has about Applications, subject to the Court's approval.

j. Request budgets and staffing plans from the professionals. Any budgets requested shall not limit the amount of fees or expenses that may be allowed or restrict the extent or scope of services that a professional may determine are necessary to fulfill professional responsibilities.

k. Appear and be heard on any matter before this Court or an appellate court regarding the Applications, including but not limited to:

    v. Filing comments and summary reports with the Court on Applications;

    vi. Objecting to Applications and litigating the objections;

    vii. Conducting discovery, including filing and litigating discovery motions or objections; and

    viii. Appealing, defending an appeal, or appearing in an appeal regarding an Application.

l. Retain professionals to represent or assist the Fee Examiner with his work under standards and procedures analogous to section 327 of the Bankruptcy Code and to have them compensated by the Debtors under standards and procedures analogous to those that apply to the professionals, including but not limited to PROMESA sections 316 and 317.

### Cooperation of Retained Professionals

61. Professionals shall cooperate with the Fee Examiner in the discharge of his duties and shall promptly respond to requests from the Fee Examiner for information.

62.  If a professional or its client provides privileged or work product information to the Fee Examiner and identifies the nature of such information to the Fee Examiner, the Fee Examiner shall treat such information as confidential. The disclosure of such information to the Fee Examiner shall not be deemed to be a waiver by the disclosing party of any applicable work product, attorney client, or other privilege.

### Fee Examiner Compensation and Reimbursement of Expenses

63.  The Fee Examiner shall be entitled to reasonable compensation, including reimbursement of reasonable, actual, and necessary expenses, from the Debtors. The Fee Examiner's compensation and reimbursement shall be subject retrospectively to Court approval under standards and procedures analogous to those that apply to the professionals.

64.  The Fee Examiner shall file interim and final fee applications under standards and procedures analogous to sections 316 and 317 of PROMESA.

65.  The Fee Examiner is required to keep reasonably detailed time records and submit them with any interim or final fee application along with a narrative summary of services rendered.

66.  The Fee Examiner's compensation and terms of appointment attached as **Exhibit B** are hereby approved.

### Exculpation

67.  The Fee Examiner shall be given the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of his duties.  In addition to such immunity, no action may be commenced against the Fee Examiner in connection with Fee Examiner matters except in this Court and only with the prior approval of this Court, which retains exclusive jurisdiction.

## **Reservations of Rights and Jurisdiction**

68. Nothing in this Order shall alter or impair the right of the United States Trustee or any party in interest to object to Applications subject to this Order. Nothing in this Order shall alter or modify prior orders governing the retention of professionals.

69. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


Dated: ___, 2017                                        _____
                                                        Laura Taylor Swain
                                                        United States District Judge

7

## Exhibit B

Brady Williamson Terms of Engagement



ONE EAST MAIN STREET, SUITE 500 · POST OFFICE BOX 2719
MADISON, WISCONSIN 53701-2719

TEL · 608.257.3911   FAX · 608.257.0609

WWW · GKLAW.COM

# MEMORANDUM

| | |
|---|---|
| **TO:** | Interested Parties |
| **FROM:** | Brady C. Williamson |
| **DATE:** | September 13, 2017 |
| **SUBJECT:** | Commonwealth of Puerto Rico<br>Title III Proceedings—Fee Examiner Engagement |

Subject to Court approval, I appreciate the opportunity to serve as Fee Examiner in these PROMESA proceedings. My role as an individual, in conjunction with Godfrey & Kahn, S.C., will be to fulfill the duties of Fee Examiner outlined in the pertinent court-approved documents. Upon my appointment, I will seek Court approval to retain Godfrey & Kahn to serve as counsel, and the firm will prepare a separate engagement letter and retention documents outlining the terms of its retention for Court approval.

The monthly flat fee for my services will be $17,500, which would provide discounted compensation for all of the time expended by me on this engagement. Godfrey & Kahn will outline its fee basis in its forthcoming retention application, but we anticipate using discounted hourly rates for 2018 throughout the course of the representation (without any rate increases).

In addition, once approved, I will seek Court-approved reimbursement for other charges and expenses associated with Fee Examiner services such as reproduction costs, express mail service, travel expenses, filing fees, and other such items. We will submit summary invoices for payment on a monthly basis, due on the first of each month for the following month's Fee Examiner services. The monthly fee for October 2017 will be prorated to reflect the actual date of the Fee Examiner's appointment. I will, as contemplated in the motion and proposed order, submit periodically interim fee applications consistent with the requirements of the Interim Compensation Order and the U.S. Trustee's large case fee guidelines.

Upon my appointment, you will soon receive more detailed correspondence outlining general standards for professional fee applications as well as an initial schedule and procedures for processing applications. With some exceptions and subject to discussion, the standards and process will parallel those in *Energy Future Holdings*, *Lehman Brothers*, and several other proceedings with a significant number of firms and timekeepers.

I look forward to working with you and all of the interested parties on this unique engagement. Should you have any questions regarding the engagement or any of the other matters discussed in this memorandum, please do not hesitate to call. Office: 608-284-2636 (direct) / cell: 414-510-9049.

OFFICES IN MILWAUKEE, MADISON, WAUKESHA, GREEN BAY AND APPLETON, WISCONSIN AND WASHINGTON, D.C.
GODFREY & KAHN, S.C. IS A MEMBER OF TERRALEX,® A WORLDWIDE NETWORK OF INDEPENDENT LAW FIRMS.