**Hearing Date**: October 4, 2017 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: September 20, 2017 at 4:00 p.m. (Atlantic Standard Time)

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**Re: ECF No. 249, 262, 1065** |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY ("PREPA")<br><br>        Debtor.[2] | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>(Joint Administration Requested) |

**DEBTORS ENTITIES' MOTION TO AMEND SECOND AMENDED NOTICE,
CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES
TO FURTHER REVISE PROTOCOL FOR STAY RELIEF MOTIONS**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The last four (4) digits of PREPA's federal tax identification number are 3747.

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") as the entity authorized to act on behalf of the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors"), pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017, respectfully submits this motion (the "Motion"), pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these cases by section 301(a) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), amending the *Second Amended Notice, Case Management and Administrative Procedures* (the "Case Management Procedures") [ECF No. 1065-1], to allow the Debtors (a) to enter into stipulations modifying or lifting the automatic stay under Paragraph III.Q of the Case Management Procedures without further order of the Court (as defined below) and (b) in their discretion, to modify or lift the automatic stay with respect to any prepetition ordinary course civil action against a Debtor without the filing of a Lift Stay Notice (as defined below) and further order of the Court. In support of this Motion, the Debtor entities respectfully represent as follows:[4]

---

[3] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[4] The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to PROMESA section 315(b), has authorized AAFAF to file this Motion on behalf of the Debtors.

2

**Jurisdiction and Venue**

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2. Venue is proper pursuant to PROMESA section 307(a).

3. The statutory predicate for the relief sought herein is Bankruptcy Code section 105(a), made applicable to these title III cases by PROMESA section 301(a).

**Background**

4. On June 2, 2017, the Court entered an order approving the Case Management Procedures, which set forth certain notice, case management, and administrative procedures for the Title III cases [ECF No. 249]. On June 6, 2017, the Court entered an order amending the Case Management Procedures to make certain non-substantive clarifications and amendments to the procedures [ECF No. 262].

5. On August 17, 2017, the Court entered an order further amending the Case Management Procedures [ECF No. 1065] to, among other things, implement a protocol (the "Lift Stay Protocol") for filing motions for relief from the automatic stay set forth in Bankruptcy Code sections 362(a) and 922(a), made applicable to the Title III cases by PROMESA section 301(a) (the "Title III Stay") [ECF No. 1065].

6. Under the Lift Stay Protocol, a movant is required to (a) send notice (the "Lift Stay Notice") to counsel to the Oversight Board and AAFAF to advise them of movant's intent to seek relief from the Title III Stay at least fifteen (15) business days prior to filing a motion seeking such relief (the "Lift Stay Notice Period") and (b) meet and confer with the Debtors during the Lift Stay Notice Period.

3

## Relief Requested

7. By this Motion, the Debtors seek entry of an order, substantially in the form of the Proposed Order, further amending the Case Management Procedures to allow the Debtors (a) to enter into stipulations modifying or lifting the automatic stay under Paragraph III.Q of the Case Management Procedures without further order of the Court and (b) in their discretion, to modify or lift the automatic stay with respect to any prepetition ordinary course civil action against a Debtor without the filing of a Lift Stay Notice and further order of the Court.

## Basis for Relief

8. Section IV.B of the Case Management Procedures permits the Debtors to "amend the Case Management Procedures from time to time throughout these Title III Cases." Further, under Bankruptcy Code section 105(a), the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

9. As part of the Debtors' transition into Title III, the Debtors have been evaluating how best to apply the automatic stay enumerated in Bankruptcy Code sections 362 and 922, made applicable by PROMESA section 301(a), to prepetition civil actions filed against the Debtors. The "breathing room" afforded to the Debtors under the automatic stay is of utmost importance given the massive amount of litigation the Debtors must deal with (both in terms of the volume of cases and the dollar value of liability asserted). As of December 2016, there were approximately 5,200 pending and threatened litigation cases against the Commonwealth and its agencies and entities alone with an estimated aggregate liability of approximately $2.2 billion. *See Commonwealth of Puerto Rico Financial Information and Operating Data Report* (December 18, 2016) at 283, *available at* http://www.gdb-pur.com/documents/CommonwealthofPuertoRicoFinancialInfoFY 201612-18-16.pdf.

10. Since implementing the Lift Stay Protocol on August 17, 2017, the Debtors have received 46 Lift Stay Notices seeking relief from the Title III Stay to prosecute various prepetition actions. While the Debtors are working diligently through each movant's request to modify or lift the Title III Stay, the Debtors now believe it would be more efficient to begin resuming more pre-Title III litigation in the ordinary course without burdening the Court with stipulations and notices of presentment if the Debtors are prepared to modify or lift the Title III Stay. To this end, the Debtors seek the ability to resolve a movant's Lift Stay Notice by entering into a stipulation with such movant without further order from the Court.

11. In addition, the Debtors seek authorization to use their discretion to modify or lift the Title III Stay to allow prepetition ordinary course civil actions to proceed without the need for a Lift Stay Notice to be filed or further order from the Court where (a) the civil actions at issue lack connections with the proceedings in this Court; (b) allowing the actions to proceed in the underlying courts will not prejudice the interest of creditors or other interested parties; (c) relief from the Title III Stay will best serve the interest of judicial economy and the expeditious and economical determination of the actions; and (d) the impact of the Title III Stay on the parties and the balance of hurt mandate that the Court modify or lift the Title III Stay. Such relief will not only ease the aforementioned administrative burden on the Debtors, but will reduce professional fees related to the preparation and filing of stipulations and notices of presentment.

12. In the City of Detroit's chapter 9 case, the bankruptcy court granted relief similar to what the Debtors seek here. In Detroit, the court entered an order approving a set of mandatory alternative dispute resolution procedures, allowing the City to lift the automatic stay to liquidate prepetition litigation claims without further order of the court. *See* Order Pursuant to

5

Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims, *In re City of Detroit, Michigan*, Case No. 13-53846 (SWR) (Bankr. E.D. Mich. 2013) (ECF No. 2302). Similar to the Debtors' situation, the City of Detroit requested such relief in response to an overwhelming amount of requests to lift the automatic stay from prepetition litigation claimants. Here, the Debtors have already received 45 Lift Stay Notices (and expect to receive many more) and require similar flexibility.

13. Accordingly, the Debtors propose amending Paragraph III.Q of Section III (Scheduling) of the Case Management Procedures to provide (added or changed language is bolded):[5]

> Subject to Paragraphs III.F and III.T, at least fifteen (15) business days prior to filing a Stay Relief Motion to continue a prepetition ordinary course civil action against a Debtor **other than PREPA**, the movant shall contact counsel for the Oversight Board (Attn: Hermann Bauer (Hermann.Bauer@oneillborges.com) and Ubaldo M. Fernández Barrera (ubaldo.fernandez@oneillborges.com)) and **counsel for** AAFAF (Attn: Diana M. Perez (dperez@omm.com) and Andrés W. López (andres@awllaw.com)), **and, for all Lift Stay Notices related to PREPA, movant shall contact counsel for the Oversight Board (Attn: Hermann Bauer (Hermann.Bauer@oneillborges.com) and Ubaldo M. Fernández Barrera (ubaldo.fernandez@oneillborges.com)) and counsel for AAFAF (Attn: Nathan Haynes (haynesn@gtlaw.com))** by electronic-mail to advise them of the movant's intent to seek relief from the automatic stay (the "Lift Stay Notice" and the notice period, the "Lift Stay Notice Period"). **The Lift Stay Notice Period and the procedures set forth below shall not apply to Stay Relief Motions that are filed by creditors seeking to enforce a financial debt claim.**
>
> The Lift Stay Notice shall include (i) the identity of the movant and its contact information, (ii) the claim(s), lawsuit(s), or other proceeding(s) for which movant

---

[5] In addition to the proposed amendments discussed above, the Debtors also request that the Lift Stay Protocol be amended to (a) require movants to send Lift Stay Notices related to PREPA to Nathan Haynes of Greenberg Traurig, LLP, counsel to AAFAF with respect to PREPA and (b) add language that was proposed by the Debtors in the *Notice of Filing of Amended Proposed Order Regarding Debtor Entities' Motion to Further Amend First Amended Notice, Case Management and Administrative Procedures to Incorporate Revised Protocol for Stay Relief Motions [ECF No. 715]* [ECF No. 898], which resolved an informal comment the Debtors received from Ambac Assurance Corporation to the original proposed order.

seeks relief from the automatic stay, including the relevant case number and court information, (iii) the amount of the claim(s) and the asserted causes of action, (iv) a brief description of the status of the underlying claim(s), lawsuit(s), or proceeding(s), and (v) cause as to why the stay should be lifted.

During the Lift Stay Notice Period, the Debtors and the movant shall meet and confer (in person or telephonically) to attempt to resolve, in whole or in part, the movant's request for relief from the automatic stay.

If the Debtors consent to the movant's request for relief from the automatic stay, then the movant and the Debtors shall enter into a stipulation to **modify or** lift the automatic stay **without further order of this Court, subject to the Oversight Board's consent.**

If (i) the Debtors disagree with the movant's request for relief from the automatic stay and/or (ii) the Lift Stay Notice Period expires without the parties reaching an agreement governing the scope of the relief from the automatic stay, then the movant may file a Stay Relief Motion pursuant to the Case Management Procedures. Such Stay Relief Motion must include a certification that the movant has met and conferred with the Debtors regarding the requested relief. If movant did not meet and confer with the Debtors prior to filing a Stay Relief Motion, and cannot show exigent circumstances for failing to meet and confer, the Court shall deny the Stay Relief Motion without prejudice until the movant has met and conferred with the Debtors.

For the avoidance of doubt, nothing in this Paragraph III.**Q** prejudices the rights of a party to request the consideration of any Stay Relief Motion on an expedited basis, or the rights of the Debtors or any other party in interest to contest such request for expedited consideration.

**Notwithstanding anything to the contrary in this paragraph, the Debtors, in their discretion and subject to the Oversight Board's consent, may modify or lift the automatic stay with respect to any prepetition ordinary course civil action against a Debtor without the filing of a Lift Stay Notice and further order of this Court.**

14. The Debtors are only seeking to modify the Case Management Procedures with respect to prepetition ordinary course civil actions against the Debtors (i.e., tort and contract complaints filed by residents of Puerto Rico against the Debtors or their agencies and entities). As discussed herein, the Debtors believe that the amendments to the Case Management Procedures are in the best interests of the Debtors, their creditors, and movants, since the amendments will allow the Debtors to further streamline the stay relief process and reduce

7

professional fees by permitting the Debtors to agree to lift the Title III Stay without having to file numerous pleadings with the Court. Based upon the foregoing, the Debtors submit that the relief requested herein is appropriate and in the best interests of the Debtors and their creditors.

### Notice

15. The Debtors have provided notice of this Motion to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against COFINA; (d) counsel to the statutory committees appointed in these Title III Cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Oversight Board; (g) the Puerto Rico Department of Justice; (h) the Other Interested Parties;[6] and (i) all parties filing a notice of appearance in these Title III cases. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*Remainder of Page Intentionally Left Blank*

---

[6] The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

WHEREFORE the Debtor entities respectfully request the Court enter the Proposed Order (a) granting the Motion, (b) amending the Case Management Procedures as set forth herein, and (c) granting the Debtors such other relief as is just and proper.

Dated: September 13, 2017  
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Peter Friedman*

John Rapisardi  
Suzzanne Uhland  
Diana M. Perez  
(Admitted *Pro Hac Vice*)  
O'MELVENY & MYERS LLP  
7 Times Square  
New York, NY 10036  
Tel: (212) 326-2000  
Fax: (212) 326-2061

-and-

Peter Friedman  
(Admitted *Pro Hac Vice*)  
O'MELVENY & MYERS LLP  
1625 Eye Street, NW  
Washington, DC 20006  
Tel: (202) 383-5300  
Fax: (202) 383-5414

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

/s/ *Andrés W. López*  
Andrés W. López  
USDC No. 215311

THE LAW OFFICES OF ANDRÉS W. LÓPEZ, P.S.C.  
902 Fernández Juncos Ave.  
San Juan, PR 00907  
Tel: (787) 294-9508  
Fax: (787) 294-9519

*Co-attorney for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

9

## Exhibit A

**Proposed Order**

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**Re: ECF No.** _____ |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY ("PREPA")<br><br>Debtor.[2] | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>(Joint Administration Requested) |

### ORDER FURTHER AMENDING CASE MANAGEMENT PROCEDURES

Upon the *Debtor Entities' Motion to Amend Second Amended Notice, Case Management and Administrative Procedures to Further Revise Protocol for Stay Relief Motions* (the "Motion");[3] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306; and it appearing that venue in this district is proper pursuant

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The last four (4) digits of PREPA's federal tax identification number are 3747.

[3] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

2

to PROMESA section 307; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Paragraph III.Q of Section III (Scheduling) of the Case Management Procedures is hereby amended as follows:

> Subject to Paragraphs III.F and III.T, at least fifteen (15) business days prior to filing a Stay Relief Motion to continue a prepetition ordinary course civil action against a Debtor other than PREPA, the movant shall contact counsel for the Oversight Board (Attn: Hermann Bauer (Hermann.Bauer@oneillborges.com) and Ubaldo M. Fernández Barrera (ubaldo.fernandez@oneillborges.com)) and counsel for AAFAF (Attn: Diana M. Perez (dperez@omm.com) and Andrés W. López (andres@awllaw.com)), and, for all Lift Stay Notices related to PREPA, the movant shall contact counsel for the Oversight Board (Attn: Hermann Bauer (Hermann.Bauer@oneillborges.com) and Ubaldo M. Fernández Barrera (ubaldo.fernandez@oneillborges.com)) and counsel for AAFAF (Attn: Nathan Haynes (haynesn@gtlaw.com)) by electronic-mail to advise them of the movant's intent to seek relief from the automatic stay (the "Lift Stay Notice" and the notice period, the "Lift Stay Notice Period"). The Lift Stay Notice Period and the procedures set forth below shall not apply to Stay Relief Motions that are filed by creditors seeking to enforce a financial debt claim.

> The Lift Stay Notice shall include (i) the identity of the movant and its contact information, (ii) the claim(s), lawsuit(s), or other proceeding(s) for which movant seeks relief from the automatic stay, including the relevant case number and court information, (iii) the amount of the claim(s) and the asserted causes of action, (iv) a brief description of the status of the underlying claim(s), lawsuit(s), or proceeding(s), and (v) cause as to why the stay should be lifted.

During the Lift Stay Notice Period, the Debtors and the movant shall meet and confer (in person or telephonically) to attempt to resolve, in whole or in part, the movant's request for relief from the automatic stay.

If the Debtors consent to the movant's request for relief from the automatic stay, then the movant and the Debtors shall enter into a stipulation to modify or lift the automatic stay without further order from this Court, subject to the Oversight Board's consent.

If (i) the Debtors disagree with the movant's request for relief from the automatic stay and/or (ii) the Lift Stay Notice Period expires without the parties reaching an agreement governing the scope of the relief from the automatic stay, then the movant may file a Stay Relief Motion pursuant to the Case Management Procedures. Such Stay Relief Motion must include a certification that the movant has met and conferred with the Debtors regarding the requested relief. If movant did not meet and confer with the Debtors prior to filing a Stay Relief Motion, and cannot show exigent circumstances for failing to meet and confer, the Court shall deny the Stay Relief Motion without prejudice until the movant has met and conferred with the Debtors.

For the avoidance of doubt, nothing in this Paragraph III.Q prejudices the rights of a party to request the consideration of any Stay Relief Motion on an expedited basis, or the rights of the Debtors or any other party in interest to contest such request for expedited consideration.

Notwithstanding anything to the contrary in this paragraph, the Debtors, in their discretion and subject to the Oversight Board's consent, may modify or lift the automatic stay with respect to any prepetition ordinary course civil action against a Debtor without the filing of a Lift Stay Notice and further order of this Court.

3. The Court shall retain jurisdiction to hear and determine all matters (a) arising from or related to the implementation, enforcement, or interpretation of this order and (b) concerning the execution or enforcement in the Title III Cases of any judgment entered in a prepetition ordinary course civil action where the Debtors agreed to modify or lift the Title III Stay to allow the action to proceed to judgment by the underlying court.

Dated: _____, 2017

_____
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

4