UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| | No. 17 BK 3283-LTS |
| as representative of | |
| | Re: ECF No. 244, 537 |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| | (Jointly Administered) |
| Debtors.[1] | |

---------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| | No. 17 BK 3566-LTS |
| as representative of | |
| | **This filing relates only to ERS and shall be filed in the lead Case No. 17 BK 3283-LTS and Case No. 17 BK 3566-LTS.** |
| EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO ("ERS"), | |
| Debtor. | |

---------------------------------------------------------------x

GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODS,
AND DISCLAIMERS REGARDING THE CREDITOR LIST FOR THE EMPLOYEES
RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO

**Introduction**

1. The Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), with the assistance of its advisors, herewith files its list of creditors (the "Creditor List") with the United States District Court for the District of Puerto Rico (the "District Court"), pursuant to section 924 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to ERS's

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Title III Case (as defined below) by sections 301(a) and 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), respectively.

2. These *Global Notes and Statement of Limitations, Methods, and Disclaimers Regarding the Creditor List for the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* (the "Global Notes") pertain to, are incorporated by reference in, and constitute an integral part of, the Creditor List. Any party reviewing the Creditor List should refer to, consider, and consult the Global Notes in connection with such review.

Background

3. On June 30, 2016, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") was established under PROMESA section 101(b). On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

4. Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this title is the representative of the debtor[s]" and "may take any action necessary on behalf of the debtor[s] to prosecute the case[s] of the debtor[s], including filing a petition under section 304 of [PROMESA] . . . or otherwise generally submitting filings in relation to the case[s] with the court."

5. On September 30, 2016, the Oversight Board designated ERS as a "covered entity" under PROMESA section 101(d).

6. On May 21, 2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for ERS in the District Court pursuant to PROMESA section 304(a), commencing a case under title III thereof ("ERS's Title III Case"). Pursuant to PROMESA section 315(b), the Oversight Board is ERS's representative in ERS's Title III Case.[2]

Global Notes

7. The Creditor List includes the information contemplated by Bankruptcy Code section 924 and Bankruptcy Rule 1007(a), made applicable by PROMESA sections 301(a) and 310, respectively, as qualified by the assumptions, explanations, and reservations of rights set forth below.

8. Unless otherwise stated, all claims listed in the Creditor List are general unsecured claims. No claim priorities are accorded recognition under PROMESA except for those claims eligible for priority under Bankruptcy Code section 507(a)(2), which is made applicable to ERS's Title III Case by PROMESA section 301(a). With respect to any secured claims identified by ERS, the value of the collateral, if any, securing the claim and the amount of any unsecured deficiency claim are undetermined, and ERS reserves all rights with respect thereto.

9. ERS historically has closed its books at the end of its fiscal year, June 30. The audit process is complex and time consuming. Delays in invoicing, reconciliation or accounting for outstanding invoices and payments in the ERS financial system also impacts the amounts identified in ERS's

---

[2] For the avoidance of doubt, unless otherwise provided in PROMESA, the Oversight Board can perform any action on behalf of ERS as its representative in Title III (including when the Oversight Board is not specifically referenced in connection to such action herein).

books and records at any given point in time. Accordingly, in many cases, ERS cannot be certain that it has identified its precise liability to a specific creditor as of the Petition Date, and reserves all rights related thereto. Furthermore, ERS has not finalized an audit since fiscal year 2014. Where possible, ERS has provided the claim amount as of the Petition Date, otherwise the claim amount listed reflects the closest month end balance, May 31, 2017.

10. The financial information disclosed herein was not prepared in accordance with federal securities laws or other applicable non-bankruptcy laws or in lieu of complying with any reporting requirements thereunder. Entities trading in or otherwise purchasing, selling, or transferring claims against ERS should evaluate this financial information in light of the purposes for which it was prepared. ERS and the Oversight Board, as ERS's representative, are not liable for, and undertake no responsibility to indicate, variations between any information and reports prepared (a) for securities law disclosure purposes, and (b) for any evaluations of ERS based on this financial information or any other information.

11. Amendment and Reservation of Rights

    a. While ERS and the Oversight Board, as ERS's representative, have exercised best efforts to ensure the Creditor List and other information are accurate and complete, the Creditor List is based on information known at the time of its preparation, and inadvertent errors or omissions may exist. In addition, the discovery of conflicting or subsequent information could cause a material change to the Creditor List. Moreover, because the Creditor List contains unaudited information that is subject to further review and potential adjustment, there can be no assurance the Creditor List is wholly accurate and complete. Accordingly, ERS and the Oversight Board, as ERS's representative, reserve the right to amend, supplement, or otherwise modify the Creditor List from time to time, in all respects, as may be necessary or appropriate to recharacterize, reclassify, recategorize, re-designate, add, or delete items reported in the Creditor List at a later time as is necessary or appropriate as additional information becomes available. Without limiting anything else expressly reserved herein, ERS and the Oversight Board, as ERS's representative, reserve the right to dispute, offset against, or assert defenses to, any claim reflected on the Creditor List as to amount, priority, liability, or classification.

    b. Nothing contained in the Creditor List shall constitute a waiver of rights with respect to ERS's Title III Case, including, without limitation, issues involving claims, the validity, extent, or perfection of any lien, substantive consolidation, defenses, equitable subordination, recharacterization, assumption or rejection of any executory contracts or unexpired leases, and/or any causes of action arising under chapter 5 of the Bankruptcy Code, made applicable by PROMESA section 301(a), and other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

    c. In no event shall ERS, the Oversight Board, as ERS's representative, or their respective agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against ERS or damages to business reputation, lost business, or profits), whether foreseeable or not and however caused, even if ERS, the Oversight Board, as ERS's representative, or their respective agents, attorneys, and financial

advisors are advised of the possibility of such damages, arising out the inclusion or omission of any claim in the Creditor List.

d. Except as otherwise ordered by the District Court, ERS and the Oversight Board, as ERS's representative, reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of an entity or person listed in the Creditor List. ERS and the Oversight Board, as ERS's representative, reserve all rights to dispute or challenge the secured nature or priority of any such claim or the characterization of the structure of any such transaction or any document or instrument related to such claim as well as any proof of claim filed by a purported creditor.

e. ERS files the Creditor List without prejudice to or waiver of the Oversight Board's rights pursuant to PROMESA section 305, and nothing herein is intended to, shall constitute, or shall be deemed to constitute the Oversight Board's consent, pursuant to PROMESA section 305 to the District Court's interference with (a) any of the political or governmental powers of ERS, (b) any of the property or revenues of ERS, or (c) ERS's use or enjoyment of any income-producing property.

f. Certain parties listed in the Creditor List may have other legal relationships with ERS. These parties are listed in the Creditor List as creditors of ERS out of an abundance of caution, and were provided notice of the commencement of ERS's Title III Case and important deadlines. The inclusion of a creditor in the Creditor List, however, is not an admission by ERS that a creditor-debtor relationship exists between ERS and such creditor, and ERS and the Oversight Board, as ERS's representative, reserve all rights with respect thereto.

### General Assumptions

12. <u>Unaudited.</u>  The books and records and financial statements of ERS utilized in the preparation of the Creditor List are unaudited.

13.  <u>Currency.</u>  All amounts are reflected in U.S. dollars, unless otherwise indicated.

14. <u>As of Information Date</u>.  The information provided herein, except as otherwise noted, represents the data of ERS as of the close of business on May 20, 2017.

15. <u>Totals</u>.  While ERS made good faith efforts to list all known amounts for each creditor in the aggregate, all creditor relationships may not have been identified. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

16. <u>Undetermined Amounts.</u>  The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

17. <u>Confidentiality</u>.  To ensure confidentiality of personal information, all address information for individuals has been redacted from Schedule C — Employee Obligations, Schedule D — ERS Act 70 Obligations, Schedule E — Pension Obligations, Schedule F — Participant Obligations, and Schedule G — Other Participant and Pension Liabilities. In addition, ERS has made best efforts to redact address information for individuals included in Schedule B — Trade Vendor Obligations.

18. Claims Description.  Any failure to designate a claim listed in the Creditor List as "disputed," "contingent," or "unliquidated" does not constitute an admission by ERS that such claim is not "disputed," "contingent," or "unliquidated" or that such claim is not subject to objection. ERS reserves the right to dispute, or to assert setoff rights, counterclaims, or defenses to, any claim reflected on the Creditor List as to amount, liability, priority, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated," whether by amending the Creditor List or in another filing. Additionally, ERS reserves its rights to object to any listed claims, including, without limitation, on the grounds they have been satisfied. Listing a claim does not constitute an admission of liability by ERS, and ERS reserves the right to amend the Creditor List accordingly.

19. Satisfied Claims.  The identification herein of any creditor or claim amount does not constitute an admission by ERS or the Oversight Board, as ERS's representative, that ERS has any ongoing liability to any party. Pursuant to the authority granted to Oversight Board under PROMESA section 305, ERS may have satisfied certain claims identified in the Creditor List in whole or in part since the Petition Date or may satisfy such claims in whole or in part in the future.

20. Schedule Classification. The Creditor List divides ERS's potential creditors and claimants into 12 separate schedules, (collectively, the "Schedules"), as follows:

| Schedule | Classification |
|---|---|
| A | Long-Term Debt |
| B | Trade Vendor Obligations |
| C | Employee Obligations |
| D | ERS Act 70-2010 Obligations |
| E | Pension Obligations |
| F | Participant Obligations |
| G | Other Participant and Pension Liabilities |
| H | Litigation Related Obligations |
| I | Liabilities to Banks, Credit Unions, and Cooperatives |
| J | Liabilities Related to Investment Activities |
| K | Property Tax Related Obligations |
| L | Obligations to Other Agencies |

The foregoing classifications are used for convenience of presentation and are not intended to be, and shall not be deemed to be, dispositive of the nature of any particular claim or obligation listed in any schedule.

**Summary of Schedules**

21. The Schedules are preceded by a summary that identifies, with respect to each Schedule, the aggregate estimated amount of the claims therein (if known) and the percentage that these liabilities represent of ERS's total estimated liabilities on all of the Schedules.

**Schedule A – Long-Term Debt**

22. Schedule A lists the long-term bond obligations of ERS related to the Series A-C Senior Pension Funding Bonds issuances. Schedule A identifies the (a) original principal amount, year, and series of the obligation; (b) whether ERS considers the obligation secured or unsecured; (c) the amount of principal and interest outstanding as of the Petition Date; and (d) the identity and capacity of any trustee or similar entity with respect to the obligation.

23. Interest payments continue to be made on such bonds. In addition, the bonds are capital appreciation bonds and continue to appreciate. For these reasons, these claims are characterized as unliquidated and contingent.

24. The description provided in Schedule A is intended only to be a summary. Reference to the applicable bond agreements and related documents is necessary for a complete description of the bonds. Nothing in these Global Notes or the Schedules shall be deemed a modification or interpretation of the terms of such documents.

**Schedule B – Trade Vendor Obligations**

25. Schedule B reflects all trade liabilities recorded in the ERS financial system as of the Petition Date. There may be additional unrecorded invoices or amounts due as of the Petition Date that will be subsequently identified and entered.

26. Certain employee and participant claims that may typically be reflected in the accounts payable balance were not scheduled in Schedule B, but reclassified to Schedule G. If it was not possible to determine the exact nature of the employee or participant claim, but the claim existed in the accounts payable balance, such claim was included in Schedule B.

27. Pursuant to the authority granted to Oversight Board under PROMESA section 305, ERS may have satisfied some or all of its prepetition obligations to certain trade vendors since the Petition Date, or may do so in the future, which payments are not reflected in Schedule B. In addition, the amounts identified as liabilities of ERS on Schedule B may include checks that ERS has issued but the applicable payee has not yet presented for payment. These payments are not reflected in Schedule B. For these reasons, and out of an abundance of caution, ERS has categorized these claims as contingent and unliquidated.

**Schedule C – Employee Obligations**

28. Schedule C represents the accrued vacation benefit for each active ERS employee as of May 31, 2017. Employees continue to earn and utilize vacation benefits so these balances are constantly changing. These benefits are only payable upon an employee's termination of service. For these reasons, ERS has categorized these claims as contingent and unliquidated.

**Schedule D – ERS Act 70-2010 Obligations**

29. Schedule D lists former ERS employees entitled to early retirement benefits paid directly by ERS until the employee reaches retirement age and pension benefit payments commence. The balances listed are as of May 31, 2017. Payments with respect to such benefits are continuing in

the normal course, which may impact the amount. For these reasons, ERS has characterized these claims as contingent and unliquidated.

30. Other agencies and corporations also have employees receiving Act 70-2010 benefits; however, in certain instances, those benefits are due from the respective agency or corporation and have no rights against ERS. Once the employee reaches retirement age, the normal pension payments from ERS will commence. These employees and their respective claims are listed in Schedule E.

31. Participants under Act 70-2010, formerly employed by ERS or another entity, may assert claims against ERS related to the transition from Act 70-2010 payments to normal pension payments or other claims related to Act 70-2010 payments. These claims are listed in Schedule G. ERS and the Oversight Board, as ERS's representative reserve all rights with respect to such claims.

**Schedule E – Pension Obligations**

32. Schedule E lists all pensioners and beneficiaries currently receiving benefits from ERS. The latest, draft actuarial valuation prepared as of June 30, 2016 by Milliman, Inc., ERS's actuary, projects ERS's aggregate, actuarial pension liability to be $23,359,163,000. Milliman is in the process of determining the actuarial pension liability as of June 30, 2017.

33. Attempting to distill an actuarial estimate of the aggregate ERS pension liability at the individual level requires too many subjective assumptions and would result in highly inaccurate and unreliable amounts. For these reasons, the amounts listed in Schedule E have been marked as undetermined and are categorized as unliquidated and contingent.

**Schedule F – Participant Obligations**

34. Schedule F lists all active and former participants of ERS. Participants have made contributions into the ERS and, under various laws, may be entitled to a future benefit upon retirement. The latest, draft actuarial valuation prepared as of June 30, 2016 by Milliman projects ERS's aggregate, actuarial participant liability to be $13,073,710,000. Milliman is in the process of determining the actuarial participant liability as of June 30, 2017.

35. Attempting to distill an actuarial estimate of the aggregate ERS participant liability at the individual level requires too many subjective assumptions and would result in highly inaccurate and unreliable amounts. For these reasons, the amounts listed in Schedule F have been marked undetermined and are categorized as unliquidated and contingent.

**Schedule G – Other Participant and Pension Obligations**

36. Schedule G lists claims by participants of ERS that are not related to future retirement benefits, and are therefore not included in Schedules E or F. Examples of ERS's potential obligations to participants that arise from ERS's operational activities are set forth below.

37. ERS historically provided loans to participants and pensioners with accumulated contribution balances serving as collateral. ERS would automatically deduct funds from their paychecks to repay the loans. In certain cases, automatic deductions continued beyond the point in which the loan was repaid creating a claim against ERS by the participant or pensioner for the over deduction. The amounts set forth on Schedule G related to these claims are as of May 31, 2017.

Many of these obligations may have been satisfied partially or in full postpetition. For these reasons, these claims are categorized as unliquidated and contingent.

38. Participants, under varying restrictions, can request refunds, reimbursements, transfers, adjustments, applications, and other payments related to death or disability benefits. The amounts set forth on Schedule G related to these claims are as of May 31, 2017. Certain parties that have not filed a formal claim, have a claim that has not been processed, or could potentially have a claim for such benefits are listed in Schedule G with a claim amount of zero. Further, many of the obligations with claim amounts listed may have been satisfied partially or in full postpetition. For these reasons, the claims listed in Schedule G are categorized as unliquidated and contingent.

**Schedule H – Litigation Related Obligations**

39. Schedule H lists various litigation claims as well as demands that fall short of litigation, but may ultimately result in litigation, against ERS by employees, participants, pensioners, credit cooperatives, and other parties. However, certain omissions may have occurred. The inclusion of any litigation action in Schedule H does not constitute an admission by ERS or the Oversight Board, as ERS's representative, of the liability, validity, amount, or treatment of any claim asserted against ERS with respect to any litigation action or demand made to ERS.

40. The litigation claims relate to a variety of issues, including, but not limited to: employee discrimination, labor law and collective bargaining disputes, assignment of death benefits, disputes over benefit amounts, disputes over collateral for loans to participants by credit cooperatives, among others.

41. All litigation claims have been characterized as contingent, unliquidated and disputed.

**Schedule I – Liabilities to Banks, Credit Unions, and Cooperatives**

42. Schedule I lists potential claims of banks, credit unions, and cooperatives related to loans made by such financial institutions to ERS participants and pensioners where the participants or pensioners pledged their ERS accumulated contribution balance as collateral. Any banks, credit unions, and cooperatives that participated in this program with ERS has been listed as a potential claimant and the claim has been characterized as unliquidated and contingent. Where specific claims have been made by the bank, credit unions, or cooperatives related to a specific loan default, the value of the claim has been aggregated by financial institution. Claims by such financial institutions that are currently being disputed by ERS are included in Schedule H.

43. Certain loans made by ERS to participants were sold to Banco Popular de Puerto Rico and Banco Cooperativo; however, the servicing and loan payments are still made to ERS and ERS remits these payments to the banks. Many of these obligations may have been satisfied partially or in full postpetition. For these reasons, these claims are characterized as unliquidated and contingent.

**Schedule J – Liabilities Related to Investment Activities**

44. Schedule J lists private equity funds in which ERS was invested in as of the Petition Date and where ERS has an unfunded capital commitment. These claims are characterized as contingent.

45. As of the Petition Date there were other potential claims related to various investing, trading, and brokerage account activities, primarily related to various unsettled trades and transactions. All activity has since settled and all active investing has ceased. For these reasons, such claims are not listed in Schedule J.

**Schedule K – Property Tax Related Obligations**

46. As of the Petition Date, ERS owed property taxes on certain properties that ERS repossessed from a former participant. As of the date of filing, ERS is in the process of disputing such taxes and has not made payment on the taxes. For these reasons, this claim is characterized as disputed and contingent.

**Schedule L – Obligations to Other Agencies**

47. Schedule L lists amounts due to other agencies for various cost sharing and other pass through arrangements. Examples of such arrangements are set forth below.

48. The Department of Treasury ("Treasury") pays for all pensioners' medical plan expenses. The corporations and municipalities then pay ERS for such expenses, and ERS is responsible for reimbursing Treasury. Many of these obligations may have been satisfied partially or in full postpetition. For these reasons, these claims are categorized as unliquidated and contingent.

49. In certain cases, Treasury pays ERS pensioners the pension benefits and ERS reimburses Treasury. Many of these obligations may have been satisfied partially or in full postpetition. For these reasons, these claims are categorized as unliquidated and contingent.

50. Other amounts are due to Treasury, Teacher's Retirement System ("TRS"), and other agencies due to various cost sharing and other fee for service arrangements. Many of these obligations may have been satisfied partially or in full postpetition. For these reasons, these claims are categorized as unliquidated and contingent.