Hearing Date: October 4, 2017 at 9:30 a.m. (AST)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

    Debtors.[1]

PROMESA
Title III

No. 17 BK 03283-LTS

(Jointly Administered)

------------------------------------------------------------------ x

## AFSCME'S REPLY TO OPPOSITION TO MOTION OF INTERAMERICAS TURNKEY, INC. TO REVIEW AND STAY

**To The Honorable United States District Court Judge Laura Taylor Swain:**

American Federation of State, County and Municipal Employees ("AFSCME") has a strong interest in preventing or ameliorating the proposed furlough of government employees at issue in the above-captioned motion (Docket No. 1167) (the "Interamericas Furlough Motion"), and previously filed an adversary proceeding challenging that furlough program. In opposition to the instant motion, which seeks to dismiss Interamericas' challenge to the proposed furlough program, the Financial Oversight and Management Board ("FOMB" or the "Board") has proposed one ground for dismissal (of four identified) that, if indulged by the Court, could affect AFSCME's pending adversary proceeding challenging the furlough program (Adv. P. No. 17-

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474).

1

242) (the "AFSCME Action"), as well as numerous other adversary proceedings in these Title III cases.

## PRELIMINARY STATEMENT

Whether the FOMB can force the sovereign government of Puerto Rico to furlough its own public servants—including those who provide essential government services—is a major issue in these Title III cases and raises foundational questions about the meaning of PROMESA, issues implicated by both the AFSCME Action as well as a later-filed adversary proceeding instituted by the FOMB against the Hon. Ricardo Antonio Rossello Nevares (in his official capacity) (Adv. P. No. 17-250) (the "FOMB Action"). Those adversary proceedings, in turn, will undoubtedly surface additional important information about whether the Puerto Rican people and economy can withstand the Board's furloughs (they cannot), whether the Board has engaged in the appropriate factual due diligence to justify the furloughs (it has not), and how unions such as AFSCME which statutorily represent public employees under Commonwealth law can and should be formally included in any discussions about furloughs, outsourcing, and other matters concerning the provision of essential public services required by PROMESA (which they have not been to this point).

Likewise, AFSCME respectfully submits that the statement by AAFAF in its Reservation of Rights in Response to the Interamericas Furlough Motion (Docket No. 1271) is wrong about one major assertion: the Board and Governor Ricardo Antonio Rossello Nevares (the "Governor") are *not* "the two real parties in interest to request that the Court adjudicate the issues relating to the disputed Furlough Program." Puerto Rico's public workers also have a deeply vested interest in this issue and must be heard in any discussions to resolve it.

The purpose of this Reply is to alert the Court to fundamental points of legal authority that the Oversight Board does not fully explore—but which AFSCME reserves the right to raise in connection with the AFSCME Action and FOMB Action if necessary in the future—as to the meaning of PROMESA § 305. This issue, which is one of first impression, is substantially more complex than conveyed by the FOMB in its Opposition to the Furlough Motion (Docket No. 1258) ("FOMB Opposition") and, if decided now in connection with the Interamercias Furlough Motion, could have serious and perhaps unintended implications for the AFSCME Action and FOMB Action, as well as other adversary proceedings in these Title III cases. For this reason, and also because the meaning of PROMESA § 305 is, as a matter of black letter civil procedure, neither necessary, nor sufficient, nor the first question this Court should answer in addressing the Interamericas Furlough Motion, PROMESA § 305 should not form the basis of this Court's ultimate ruling on that motion.

AFSCME agrees with the Interamericas Furlough Motion that the Board's proposed furlough program would harm the Puerto Rican economy—as many business groups with no connection to public employees or their unions, such both as the Puerto Rico Chamber of Commerce and Banking Association, have stated[2]—but also recognizes that the Interamericas Furlough Motion cannot rebut significant legal contentions of the FOMB as to standing and procedural defects. AFSCME therefore respectfully asks that this Court rule on those straightforward standing and procedural issues, rather than the significant legal question presented by PROMESA § 305. The AFSCME Action and the FOMB Action, not the Interamericas Furlough Motion, constitute the "main event" with respect to furloughs, and, if the Court's decision on the instant motion is to affect the rights of parties to those other two

---

[2] *See* http://caribbeanbusiness.com/cofc-bankers-association-warn-of-economic-impact-if-puerto-rico-govt-furlough-implemented/

proceedings, the Court should ensure all parties are heard on the issue with the full complement of briefing on it that would occur in connection with those adversary proceedings which, unlike the Interamericas Furlough Motion, have been filed in a procedurally-proper manner. As the furloughs have not yet begun, there is no time-sensitive harm to allowing these issues to proceed to a simultaneous resolution, especially given the existence of procedural matters currently before Judge Dein which, respectfully, should be resolved at one time before one judge given their substantial impact.

## PROCEDURAL HISTORY

AFSCME adopts the procedural history of the FOMB Opposition and adds the following.

On August 22, 2017, AFSCME filed the AFSCME Action seeking declaratory and injunctive relief against the Board's proposed furloughs on the grounds that, *inter alia*, the Board's purported amendments to the Governor's Proposed Fiscal Plan, including and as applied by the Board's August 4 Decrees ordering the furloughs over the Governor's objections, were in excess of the authority conferred on the Board by PROMESA.

A week later, on August 28, 2017, the Board filed the FOMB Action seeking declaratory and injunctive relief of precisely the opposite ruling on questions identically presented in the AFSCME Action, namely, an order (i) determining that the Board's purported amendments to the Fiscal Plan are valid and binding under PROMESA and within its authority, and (ii) forcing the Governor to impose the furloughs. However, rather than responding to the complaint filed in the AFSCME Action or even naming the plaintiffs in the AFSCME Action as parties or parties-in-interest to its subsequently filed action, the Board excluded AFSCME entirely from the FOMB Action, presumably in an attempt to freeze-out AFSCME and thus the voices of the Puerto Rico public employees who will be directly affected by the furloughs the Board seeks to

impose, not only from resolution of these complex legal issues but, perhaps more importantly, from any settlement discussions or negotiations on a constructive resolution.

On August 29, 2017, AFSCME filed a motion to stay the FOMB Action or, in the alternative, to (i) to consolidate the AFSCME Action and the FOMB Action or (ii) for leave to intervene in the FOMB Action which addresses the same and other common issues as those raised in the previously-filed AFSCME Action. Subsequently, other Commonwealth unions moved to intervene in the FOMB Action as well.

On September 11, 2017, the Board filed the FOMB Opposition to the Interamericas Furlough Motion, raising four arguments in support of denial of the motion: (1) the Court lacks subject matter jurisdiction to grant the Interamericas Furlough Motion due to PROMESA § 305; (2) Interamericas lacks standing; (3) the Interamericas Furlough Motion is procedurally defective; and (4) the Interamericas Furlough Motion is substantively defective. It is the first argument with which AFSCME is concerned, as the FOMB has raised this issue in its response to virtually every adversary proceeding filed in these Title III cases,. *See, e.g.,* Motion to Dismiss Adv. P. No. 17-125, Docket No. 54. The Court has not yet ruled on that question, however.

## ARGUMENT

### I. This Court Should Not Resolve the Interamericas Furlough Motion Based on PROMESA § 305

PROMESA Section 305 states:

> Subject to the limitations set forth in titles I and II of this Act, notwithstanding any power of the court, unless the Oversight Board consents or the plan so provides, the court may not, by any stay, order, or decree, in the case or otherwise, interfere with – (1) any of the political or governmental powers of the debtor; (2) any of the property or revenues of the debtor; or (3) the use or enjoyment by the debtor of any income-producing property.

5

48 U.S.C. § 2165.

The meaning of this provision—which the FOMB has relied on in its defense to numerous adversary proceedings—has never before been addressed by any court. For the following reasons, this Court should not pass on the meaning of this crucial provision for the first time as part of its ruling on the Interamericas Furlough Motion.

### A. PROMESA § 305 is Neither Necessary, Sufficient, nor the First Question this Court Should Answer, to Resolve the Interamericas Furlough Motion

While the FOMB Opposition leads with its argument that this Court lacks jurisdiction under PROMESA § 305, the FOMB Opposition makes two other arguments which are also jurisdictional in nature and a better fit to resolve the Interamericas Furlough Motion.

*First*, FOMB argues that Interamericas Turnkey, Inc. ("Interamericas") lacks constitutional and statutory standing to challenge the furloughs because, unlike the members AFSCME represents, Interamericas "is not a public employee of the Commonwealth that would be directly impacted by any salary reduction." FOMB Opposition at p. 8. Standing is a requisite to a Court's jurisdiction and authority to render rulings under Article III, Section 2 of the U.S. Constitution. *See generally Reddy v. Foster,* 845 F.3d 493 (1st Cir. 2017).

Standing is undoubtedly a question of federal subject matter jurisdiction which the Court *can* resolve before ever reaching PROMESA § 305, and the question of Article III standing specifically *should* be resolved first. *See Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 101 (1998) ("The statutory and (especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers, restraining the courts from acting at certain times, and even restraining them from acting permanently regarding certain subjects. For a court to pronounce upon the meaning or the constitutionality of a state or federal law when

6

it has no jurisdiction to do so is, by very definition, for a court to act ultra vires." (internal quotations omitted)) (holding that lower court should have resolved question of Article III standing before question of whether federal statute created a cause of action). Under *Steel Co.* the First Circuit has observed the need to decide Article III *constitutional* standing questions as a threshold matter, noting that the same rationale does not apply to *statutory* subject matter jurisdiction questions (like the meaning of PROMESA § 305). *See First State Ins. Co. v. National Cas. Co.*, 781 F.3d 7, 11 n.2 (1st Cir. 2015) (bypassing statutory jurisdictional question in favor of resolving case on the merits because "the Court's rationale [in *Steel Co.*] extends only to situations that implicate Article III jurisdiction" as opposed to "those jurisdictional issues [that] implicate only statutory or prudential considerations").

Reaching out to decide the PROMESA § 305 question here is further inadvisable and unnecessary because PROMESA § 305 cannot—unlike Article III standing—even conclusively dispose of the Interamericas Furlough Motion in the first place. This is because the Interamericas Furlough Motion forwards an Equal Protection claim under the 14th Amendment of the U.S. Constitution, and Section 305 of PROMESA cannot by statute strip this Court of its constitutional jurisdiction to grant relief for a violation of the federal constitution. *See, e.g., Webster v. Doe,* 486 U.S. 592, 603 (1988); *Bowen v. Mich. Acad. of Family Physicians,* 476 U.S. 667, n. 12 (1986); *United States v. Klein,* 80 U.S. (13 Wall.) 128, 146-47 (1871); *Bartlett v. Bowen,* 816 F.2d 695, 703 (D.C. Cir. 1987); *Battaglia v. Gen. Motors,* 169 F.2d 254, 257 (2d Cir. 1948). In contrast, the absence of Article III standing *does* strip this Court of jurisdiction to rule on the 14th Amendment question raised by the Interamericas Furlough Motion, thus resolving the motion in its entirety. *See, e.g., Warth v. Seldin,* 422 U.S. 490 (1975) (affirming dismissal of complaint under 14th amendment due to lack of Article III standing).

*Second*, the FOMB Opposition argues that the Interamericas Furlough Motion is procedurally defective because it should have been brought as an adversary proceeding (like the AFSCME Action was) under Fed. R. Bankr. P. 7001(7). FOMB Opposition at p. 11. As with the standing question—but, again, not the PROMESA § 305 question—the procedural defect identified by the Board would also conclusively resolve this motion. And also like the standing question, the Court is free to reach this procedural defect *before* it rules on statutory subject-matter jurisdiction under PROMESA § 305. *Kramer v. Gates*, 481 F.3d 788, 790 (D.C. Cir. 2007) (holding that federal courts can, consistent with *Steel Co.,* "resolve a case on procedural grounds before addressing a *statutory* obstacle to subject-matter jurisdiction" (emphasis in original)) (dismissing case on ground that district court improperly exercised its authority to reopen a final judgment under Fed. R. Civ. P. Rule 60(b)(6)). The First Circuit's decision in *First State Insurance, supra,* is entirely consistent with this rule from *Kramer.* Indeed, *First State Insurance* even authorizes this Court to resolve the Interamericas Furlough Motion on the merits before reaching the PROMESA § 305 question.

> **B. The Meaning of PROMESA § 305 is More Complex than the FOMB Opposition Conveys and Should be Resolved in Procedurally-Proper Adversary Proceedings Where It Has or Will Be Fully Briefed**

As the First Circuit explained in *First States Insurance,* it is often advisable to bypass "thorny" jurisdictional issues where possible, so long as those jurisdictional issues are statutory as opposed to constitutional. 781 F.3d at 11 n.2. This is precisely the case with the PROMESA § 305 question—it is both "thorny" and statutory. For this reason, and also because the thorniness of the meaning of PROMESA § 305 is not as likely to be fully addressed by the Interamericas Furlough Motion as it has been or will be briefed at length in other procedurally-

8

proper adversary proceedings (including likely the AFSCME Action or FOMB Action), this Court should not rule on it to resolve the Interamericas Furlough Motion.

For the purposes of this brief, AFSCME respectfully represents that it is not necessary or appropriate at this juncture to set forth in full its counterarguments to the FOMB Opposition on the meaning of PROMESA § 305, because the Board has not yet raised those arguments in opposition to the AFSCME Action (and AFSCME reserves all rights to make those arguments at the appropriate time in the AFSCME Action if and when a defendant asserts § 305 in that case). For now, AFSCME hopes it suffices to highlight for this Court that many such arguments have been set forth elsewhere by plaintiffs in other adversary proceedings (though AFSCME has additional arguments it plans to make specific to furloughs if, again, the PROMESA § 305 argument is raised in the AFSCME Action). *See, e.g.,* Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss at pp. 28-33 (Adv. P. No. 17-125-LTS, Docket No. 54). As reflected in briefing in those adversary proceedings (and as will be reflected in AFSCME's briefing in support of the AFSCME Action if necessary), the meaning of PROMESA § 305 is a hotly-contested issue of first impression.

Thus this Court should reserve any ruling on the meaning of PROMESA § 305 for another case in which it is fully briefed and presented by a party with standing under Article III and through a properly-filed adversary proceeding. Furthermore, if this Court is to resolve the meaning of PROMESA § 305 as it applies to furloughs, the Court should, at a minimum, allow the issues to proceed to a simultaneous resolution with its presentation in the AFSCME Action and FOMB Action, especially given the existence of procedural matters currently before Judge Dein which, respectfully, should be resolved at one time before one judge given their substantial impact on these Title III cases globally.

## **CONCLUSION**

AFSCME respectfully submits this Reply Brief to ensure the Court recognizes and addresses first the significant constitutional standing and procedural defects in the Interamericas Furlough Motion, and leaves the dispositive and statutory issues of first impression relating to the application of PROMESA section 305 to properly-filed adversary proceedings to be addressed more fully by parties who have the requisite standing and interest to fully raise and address those issues, such as AFSCME.

Dated: September 18, 2017　　　　　　　　**SAUL EWING ARNSTEIN & LEHR LLP**

By:　*/s/ Sharon L. Levine*
Sharon L. Levine *(pro hac vice)*
Dipesh Patel *(pro hac vice)*
1037 Raymond Blvd.
Suite 1520
Newark, NJ 07102
(973) 286-6713 (Telephone)
(973) 286-6821 (Facsimile)
sharon. levine@saul.com; dipesh.patel@saul.com

-and-

*/s/ Judith E. Rivlin*
**AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES**
Judith E. Rivlin (*pro hac vice*)
Teague P. Paterson *(pro hac vice)*
Matthew S. Blumin *(pro hac vice)*
1101 17th Street NW, Suite 900
Washington, DC 20011
(202) 775-5900 (Telephone)
(202) 452-0556 (Facsimile)
jrivlin@afscme.org; tpaterson@afscme.org;
mblumin@afscme.org

-and-

*/s/ Manuel A. Rodriguez Banchs*
Manuel A. Rodriguez Banchs
P.O. Box 368006

San Juan, Puerto Rico 00936-8006
(787) 764-8896 (Telephone)
(787) 721-0975 (Facsimile)
manuel@rodriguezbanchs.com

*Attorneys for the American Federation of State, County and Municipal Employees*