# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

---

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, et al.,

    Debtors.[1]

---

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO

    Debtor.

---

PROMESA
Title III

No. 17 BK 3283-LTS

**Re: ECF No. 1123, 1200, 1204, 1288**

(Jointly Administered)

PROMESA
Title III

No. 17 BK 3283-LTS

**This Reply relates only to the Commonwealth and shall only be filed in the lead Case No. 17 BK 3283-LTS.**

## REPLY TO "THE COMMONWEALTH OF PUERTO RICO'S LIMITED OBJECTION TO REQUEST FOR RECONSIDERATION OF ORDER AT ECF NO. 1123; AND ENTRY OF ORDER UNDER 11 U.S.C. 105 (a)" [ECF No. 1288]

To the Honorable United States District Court Judge Laura Taylor Swain:

    COMES NOW María J. Marchand Sánchez ("Movant"), through the undersigned counsel, and very respectfully, submits this reply ("Reply") to *The Commonwealth of Puerto Rico's Limited Objection to Request for Reconsideration of Order at ECF No. 1123; And Entry*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*of Order Under 11 U.S.C. 105 (a)* ("Objection") [ECF No. 1288] filed by The Commonwealth of Puerto Rico ("Commonwealth").

DISCUSSION

**A. THE COMMONWEALTH'S CHANGE OF STANCE REGARDING THE RELIEF FROM THE STAY LEAVES MORE QUESTIONS THAN ANSWERS.**

In its Objection, the Commonwealth has stated that it "has no objection to lifting the Title III Stay to allow for the entry of judgment in the prepetition action, including allowing Movant to pursue remedies under section 19 of the Uniform Forfeiture Act (the "UFA"). 34 L.P.R.A. §1724p." Objection at ¶ 1. Of importance to the present matter, the UFA states that if the Commonwealth has already disposed a forfeited property, it shall pay an amount equal to the appraisal value at the time of the seizure, or the amount for which it was sold, whichever is higher, plus the prevailing legal interest. 34 L.P.R.A. §1724p.

One cannot be surprised by the change of stance by the Commonwealth, as evidenced in the case docket. *See*, ECF No. 967 and its "revised" position at ECF. No. 1124. However, the change of stance regarding Movant's relief request, unfortunately, leaves more questions than answers. The Commonwealth states that Movant should be allowed to pursue remedies under section 19 of UFA, but it does not state whether the amount will be payable to Movant at the time of judgement, or if she would have to wait in line for the payout of the Department of Justice's illegal forfeiture judgements (as of December 31st, 2015, the Department of Justice and its Forfeiture Board owed $4,407,616 in judgements[2], which could result in Movant having to wait years for a payout) or if Movant would be required to file a proof of claim (which would be

---

[2] Department of Justice, Forfeiture Board, *Audit Report DA-17-17*, December 14, 2016,
https://iapconsulta.ocpr.gov.pr/OpenDoc.aspx?id=fc9782f0-cbd4-4edc-b71b-f41dc0799b78&nombre=DA-17-17
(last visited on September 14, 2017).

2

worst, as Movant would be getting only pennies on the dollar for the amount owed)³. The Commonwealth is also not clear on whether all parties in the State Court Action will be allowed to continue, or if the relief from the stay only applies to Movant.

For these reasons, we respectfully ask of the Court to grant an Order lifting the automatic stay in the State Court Action that addresses these issues. An Order that grants relief for all parties in the litigation and that allows for all necessary forfeiture determination proceedings in the State Court Action, including the entry of judgment and to allow any of the parties to pursue remedies under section 19 of the UFA, if necessary. Taking into consideration the issues that we have raised in the *Request for Reconsideration* [ECF No. 1200] ("Motion"), that is the only way to allow to the complete and just resolution of the State Court Action.

### B. THE REQUEST TO AVOID THE SALE OF THE FORFEITED PROPERTY SHOULD BE GRANTED.

In it Objection, the Commonwealth asked the Court to deny our request for an Order under 11 U.S.C. 105 (a) that would allow the Oversight Board to avoid the postpetition transaction of Movant's vehicle. In an attempt to substantiate their position, the Commonwealth relies on Bankruptcy Rules 7001 and 7003, standing arguments, the applicability of 11 U.S.C. 549 and the UFA. Unfortunately, its reliance on said arguments is misplaced.

At ¶ 6 of the Objection, the Commonwealth states that, according to Bankruptcy Rules 7001 and 7003, a proceeding to recover property is an adversary proceeding that is commenced by filing a complaint with the Court. That is true, however, we did not ask the Court to recover Movant's property. We asked the Court to order the performance of an administrative task by the

---

³ This, again, after the Commonwealth seized Movant's vehicle without probable cause.

3

Oversight Board's, specifically, a task that is mandated by the Code. Nothing in the language of 11 U.S.C. 105 or PROMESA forbids this type of order from the Court.

At ¶ 7 of the Objection, the Commonwealth states that Movant lacks standing to bring an avoidance action 11 U.S.C. 549. Again, we did not bring an avoidance action before the Court, we simply asked the Court to order the Oversight Board to avoid the postpetition transaction.

At ¶ 8 of the Objection, the Commonwealth states that 11 U.S.C. 549 (a) does not apply to the Commonwealth's lawful disposition of the Forfeited Property. Our first concern with the Commonwealth's argument is that it shows its stance that a property seized without probable cause can be lawfully transferred for its gain. Our second concern with the Commonwealth's argument is that it portrays 11 U.S.C. 549 as having no real value in the Title III proceedings. Especially, the second prong of section 549(a), which is not dependent of 11 U.S.C. 363, as the Commonwealth portrays (11 U.S.C. 549 does not even mention11 U.S.C. 363). **Why would PROMESA incorporate 11 U.S.C. 549 and 11 U.S.C. 550 if transfers by the Commonwealth cannot be avoided?** As the Commonwealth states in ¶ 10 of the Objection, "[t]here is nothing ambiguous about Bankruptcy Code section 549(a)."

At ¶ 9 of the Objection, the Commonwealth states that the seizure and subsequent sale of the Forfeited Property was a valid exercise of the Commonwealth's governmental powers. Again, this is worrisome, as the Commonwealth states that a seizure of property without probable cause for the alleged crime committed and the subsequent sale of said property, is within its governmental powers. **If that were true, the Commonwealth would have power and authority to pay some of the public debt with private property by seizing and forfeiting it on baseless criminal grounds.**

4

Finally, at footnote 4 of the Objection, the Commonwealth states that none of the cases cited in the Motion grant an avoidance of the transfer of forfeited property. **That is true, however, none of the cases cited by the Commonwealth deny a request of that sort.** The fact that our argument in the Motion is a novel one, does not mean that the Court is barred from granting it.

WHEREFORE, Movants respectfully request that this Honorable Court grants their urgent motion at ECF. No. 1200, and issues any other relief deemed proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY: That on this same date, we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF Filing system which will send a notification of such to the parties of record and to all interested subscribed users.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 19$^{h}$ day of September 2017.

/S/ Emanuel Rier-Soto
EMANUEL RIER-SOTO, ESQ
U.S.D.C. 304110
*Attorney for Movant*

HT28 Ave. El Comandante
Carolina, PR 00982
(787) 307-5991
E-Mail: rier.emanuel@gmail.com.