## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**LIMITED OBJECTION OF THE BANK OF NEW YORK MELLON, AS TRUSTEE, TO THE COFINA AGENT'S MOTION PURSUANT TO 48 U.S.C. § 2161 AND 11 U.S.C. § 105(a) FOR ORDER: (I) CONFIRMING THAT 48 U.S.C. § 2125 APPLIES TO COFINA AGENT; (II) CONFIRMING RETENTION OF LOCAL COUNSEL; AND (III) CLARIFYING PAYMENT OF FEES AND EXPENSES OF COFINA AGENT AND HER PROFESSIONALS**

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

The Bank of New York Mellon ("BNYM"), as trustee, through its undersigned counsel, hereby files this limited objection to the *COFINA Agent's Motion Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(a) for Order:  (I) Confirming That 48 U.S.C. § 2125 Applies to COFINA Agent; (II) Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals* [ECF No. 1121] (the "Motion") and, in support hereof, respectfully represents as follows:

## PRELIMINARY STATEMENT[2]

1.      The COFINA Agent and her professionals must be paid for their services in litigating and/or settling the Commonwealth-COFINA Dispute.  Payment should be made by COFINA from unencumbered funds available for such purpose and, if and when no such funds are available, by the Commonwealth.  BNYM objects to the Motion solely insofar as it seeks an order authorizing COFINA to pay the Agent/Professional Fees with funds that are held by BNYM in trust for the benefit of itself and the Bondowners or that are otherwise subject to BNYM's liens, security interests, and setoff rights.  There is no contractual or legal basis for COFINA to access the funds held in trust by BNYM or for the COFINA Agent and her professionals to prime BNYM's liens and security interests in the Pledged Sales Tax.  Any such relief should be denied.

## BACKGROUND

2.      BNYM serves as the trustee under the Resolution, pursuant to which COFINA issued several series of sales tax revenue bonds (collectively, the "Bonds").  Pursuant to section 501 of the Resolution and related security agreements between COFINA and BNYM,

---

[2]  Capitalized terms used but not defined in this limited objection have the meanings given in the Motion, the *Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA Dispute* [ECF No. 996] (the "Commonwealth-COFINA Stipulation"), or the Amended and Restated Sales Tax Revenue Bond Resolution (as amended and supplemented, the "Resolution"), adopted by COFINA on July 13, 2007, as the context requires.

- 1 -

payment of the principal of and interest on the Bonds and other amounts due under the Resolution are secured by, among other things, a pledge of the Pledged Sales Tax and a security interest in all amounts on deposit with BNYM under the Resolution and all right, title, and interest of COFINA in and to the Pledged Sales Tax. *See* Resolution § 501.

3. On August 10, 2017, the Court entered the Commonwealth-COFINA Stipulation, appointing Bettina M. Whyte to serve as the COFINA Agent, and approving the retention of Willkie Farr & Gallagher LLP as lead counsel and Klee Tuchin Bogdanoff & Stern LLP as special municipal bankruptcy counsel to the COFINA Agent. *See* Commonwealth-COFINA Stipulation ¶¶ 4(b), (d). The Commonwealth-COFINA Stipulation provides that "the COFINA Agent and its retained advisors . . . shall be compensated by the Debtor on whose behalf they are acting . . . ." *See id.* ¶ 4(d).

4. On August 21, 2017, the COFINA Agent filed the Motion seeking the entry of an order directing that the Agent/Professional Fees be paid: "(a) by COFINA or, at COFINA's request, [BNYM] in its capacity as trustee under the [Resolution] . . . out of the Disputed Funds being held in trust pursuant to the [Interpleader Order], or (b) if COFINA (or BNYM) do not or cannot pay the Agent/Professional Fees for any reason . . . by the Commonwealth . . . ." Motion at 2.

## LIMITED OBJECTION

5. BNYM agrees that the COFINA Agent and her professionals must be paid for their work on behalf of COFINA, but payment cannot be made in contravention of the Resolution, the Interpleader Order, and existing liens, security interests, and setoff rights held by BNYM, as trustee, for the benefit of itself and the Bondowners. Accordingly, BNYM objects to the Motion solely insofar as it seeks an order authorizing COFINA to pay the Agent/Professional

- 2 -

Fees with funds that are held by BNYM in trust for the benefit of itself and the Bondowners or that are otherwise subject to BNYM's liens and security interests.

6.      Consistent with BNYM's rights and interests, the Commonwealth-COFINA Stipulation provides that the Agent/Professional Fees shall be paid by COFINA. Commonwealth-COFINA Stipulation ¶ 4(d).  The COFINA Agent's right to be paid from certain funds can be no greater than COFINA's right to access those funds.  *See Rodriguez de Oller v. Transamerica Occidental Life Ins. Co.*, 171 D.P.R. 293 (2007) ("[a] general agent 'stands in the shoes' of the principal[ ] and, ordinarily, has authority coextensive with that of the [principal].");[3] *BancOklahoma Mortg. Corp. v. Capital Title Co.*, 194 F.3d 1089, 1105 (10th Cir. 1999) ("agent's authority cannot extend beyond his principal's authority").  Pursuant to the terms of the Resolution and the Interpleader Order, COFINA has no interest—certainly no present interest—in any funds in BNYM's possession.

7.      COFINA's ability to pay its legal fees and expenses from funds in BNYM's possession is limited by the terms of the Resolution.  Amounts held by BNYM under the Resolution are "held in trust" and "shall be applied only in accordance with the provisions of the Resolution . . . ."  Resolution § 502.3.  Accordingly, BNYM holds legal title to the Pledged Sales Tax in its possession, and BNYM is required to maintain and disseminate such funds solely in accordance with the Resolution—a contract among BNYM, COFINA, the Bondowners, and certain other Beneficiaries.  Resolution § 103.

8.      Prior to an Event of Default, the Pledged Sales Tax in BNYM's possession generally must be applied in the following order:  first, to the payment of COFINA's Operating Expenses, including its legal fees and expenses, but not to exceed the Operating Cap; second, to fund the debt service accounts up to the requisite amounts; and third, the balance, if

---

[3] An English translation is available through Westlaw.

- 3 -

Case:17-03283-LTS  Doc#:1336  Filed:09/19/17  Entered:09/19/17 12:10:13  Desc: Main
Document    Page 5 of 9

any, shall be applied upon the written direction of COFINA for specific purposes, including the

payment of Operating Expenses in excess of the Operating Cap.[4]  Resolution § 505.  The term

"Operating Cap" is defined to mean "$200,000 in the Fiscal Year ending June 30, 2008 and, in

each following Fiscal Year, the prior year's Operating Cap inflated by 2%."  Resolution § 101,

"Operating Cap."  As a result, for the current fiscal year, and in the absence of an Event of

Default, COFINA may requisition only approximately $243,000 to pay its legal fees and

expenses, including the Agent/Professional Fees, prior to the debt service accounts being fully

funded.  Although COFINA may requisition funds in excess of the Operating Cap after the debt

service accounts are funded, those accounts are not anticipated to be fully funded in the current

fiscal year until after the Commonwealth-COFINA Dispute is decided by the Court.[5]

> 9.      COFINA's limited contractual right to requisition funds held in trust by

BNYM is suspended by the Interpleader Order.  BNYM filed the interpleader complaint because

it was subjected to competing and conflicting claims and demands of various groups of holders

of beneficial interests in the Bonds, insurers, and COFINA.  *See Memorandum Opinion* [No. 17-

0133-LTS, ECF No. 131] at 4.  These claims and demands relate to the Bondowners' contractual

rights and priorities as against each other, depending upon whether there has been a default or an

event of default under the Resolution, whether any default or event of default has been cured,

and whether the Bonds have been accelerated by operation of law or otherwise.  *See*

*Memorandum Opinion and Order* [No. 17-0133-LTS, ECF No. 276] at 3-4.  The disposition of

these disputes may alter the flow of funds under the Resolution and eliminate COFINA's already

---

[4]  Pursuant to section 804 of Resolution, BNYM is entitled to reasonable compensation for all services rendered under the Resolution and has "a lien prior to that of the Bondowners and other Beneficiaries therefor on any and all funds at any time held by it under the Resolution." *See* Resolution § 804.

[5]  The amounts held by BNYM in the debt service accounts for the payment of principal and interest due on any date with respect to particular Bonds shall "be set aside on its books and held in trust by it for the Owners of such Bonds." Resolution § 1203.  Accordingly, COFINA has no right to these funds.

- 4 -

limited contractual right to requisition funds to pay its legal fees and expenses.  Understanding

that the rightful recipients of the Disputed Funds await the Court's resolution of these disputes,

the Court ordered BNYM to "hold the entirety of the Disputed Funds in the existing accounts

into which they have been deposited, on behalf of the party or parties ultimately determined by

the Court to be entitled to the Disputed Funds . . . ."  Interpleader Order ¶ 2.  Until Stage Two of

the interpleader proceeding is resolved, it is premature to allow COFINA access to the Disputed

Funds.  Indeed, COFINA may never be able to access the Disputed Funds.

10.     The COFINA Agent may not be paid from the Pledged Sales Tax that has

not yet been deposited with BNYM in the absence of adequate protection of BNYM's rights and

interests.  Because COFINA has no right to use the Pledged Sales Tax in any manner

inconsistent with the terms of the Resolution, authorizing payment of the Agent/Professional

Fees from the Pledged Sales Tax prior to BNYM would grant a priming lien—effectively

subordinating BNYM's rights and security interests to claims of the COFINA Agent.  There is

no basis for priming BNYM's interests.

11.     The Court may authorize COFINA to incur debt secured by a senior lien

on the Pledged Sales Tax "only if . . . there is adequate protection" of BNYM's interest in the

Pledged Sales Tax.  11 U.S.C. § 364(d)(1);[6] *see Resolution Trust Corp. v. Swedeland Dev. Group*

*Inc. (In re Swedeland Dev. Group, Inc.)* 16 F.3d 552, 564 (3d Cir. 1994); *In re Sabana del*

*Palmar, Inc.*, No. 12-06177-ESL, 2013 WL 2367830, at *6 (Bankr. D.P.R. May 29, 2013); *see*

*also In re YL W. 87th Holdings I LLC,* 423 B.R. 421, 441 (Bankr. S.D.N.Y. 2010) ("[P]riming is

impermissible unless there is adequate protection to existing lien holders.").  When the value of a

secured creditor's interest in its collateral is being diminished or eroded post-petition, such

---

[6]  Section 364(d) of the Bankruptcy Code is made applicable to this proceeding by section 301 of
PROMESA.

security interest is entitled to adequate protection as a matter of right, not merely as a matter of

discretion. *See In re Frank*, 103 B.R. 771, 774 (W.D. Va. 1989).[7]  The purpose of adequate

protection is to ensure that the secured party receives the value for which it bargained

prepetition. *In re Swedeland Dev. Group, Inc.*, 16 F.3d at 564; *see also Martin v. United States
(In re Martin)*, 761 F.2d 472, 476 (8th Cir. 1985) (proposal of adequate protection "should as

nearly as possible . . . provide the creditor with the value of his bargained for rights.").  There is

no proposal to provide adequate protection to BNYM.  Accordingly, the Court cannot permit

BNYM's liens and security interests to be primed by the COFINA Agent.

   12. Although the Agent/Professional Fees cannot be paid from funds that are

held by BNYM in trust under the Resolution or that are otherwise subject to BNYM's liens and

security interests, that does not mean that the Agent/Professional Fees should not or cannot be

paid.  Consistent with the Commonwealth-COFINA Stipulation and representations made by the

Oversight Board, the Agent/Professional Fees should be paid by COFINA from unencumbered

funds available for such purpose and, if and when no such funds are available, by the

Commonwealth.  The Oversight Board acknowledged that the Commonwealth "has an interest in

COFINA resolving the Commonwealth-COFINA Dispute" and that, "*if COFINA does not, or
cannot, pay the allowed administrative expenses against it, the Commonwealth should do so
because COFINA is its instrumentality.*"  *See Statement in Support of COFINA Agent's Motion*
[ECF No. 1272] ¶ 5 (emphasis added).  The Commonwealth must be held to its commitment to

pay the COFINA Agent.

---

[7]  This protection is provided both as a matter of policy and as a matter of constitutional law. *See In re
Timbers of Inwood Forest Associates, Ltd.*, 793 F.2d 1380, 1396 (5th Cir. 1986), *aff'd, United Sav.
Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 376 (1988) ("The concept [of
adequate protection] is derived from the fifth amendment protection of property interests.  It is not
intended to be confined strictly to the constitutional protection required, however.  The . . . concept of
adequate protection is based as much on policy grounds as on constitutional grounds.  Secured creditors
should not be deprived of the benefit of their bargain . . . ." (internal quotations and citations omitted)).

WHEREFORE, BNYM respectfully requests that the Court enter an order sustaining the limited objection, denying the Motion to the extent that it seeks payment of the Agent/Professional Fees from funds that are held by BNYM in trust for the benefit of itself and the Bondowners or that are otherwise subject to BNYM's rights, liens, and security interests, and granting such other and further relief as may be just and proper.

*[The remainder of this page was intentionally left blank.]*

- 7 -

Dated:  September 19, 2017
        San Juan, Puerto Rico

Respectfully submitted,

SEPULVADO & MALDONADO, PSC

By:  */s/ Albéniz Couret-Fuentes*_____
     Elaine Maldonado-Matías
     USDC-PR No. 217309
     Albéniz Couret-Fuentes
     USDC-PR Bar No. 222207
     José Javier Santos Mimoso
     USDC-PR Bar No. 208207
     252 Ave. Ponce de León, Suite 1900
     Citibank Tower San Juan, PR 00918
     Telephone:  (787) 765-5656
     Facsimile:  (787) 294-0073
     Email:  emaldonado@smlawpr.com
     Email:  acouret@smlawpr.com
     Email:  jsantos@smlawpr.com

     REED SMITH LLP
     Eric A. Schaffer (*pro hac vice*)
     Luke A. Sizemore (*pro hac vice*)
     225 Fifth Avenue, Suite 1200
     Pittsburgh, PA 15222
     Telephone:  (412) 288-3131
     Facsimile:  (412) 288-3063
     Email:  eschaffer@reedsmith.com
     Email:  lsizemore@reedsmith.com

     REED SMITH LLP
     Kurt F. Gwynne (*pro hac vice*)
     1201 N. Market Street, Suite 1500
     Wilmington, DE 19801
     Telephone:  (302) 778-7550
     Facsimile:  (302) 778-7575
     Email: kgwynne@reedsmith.com

     *Counsel for The Bank of New York Mellon*,
     *as trustee*

- 8 -