**Exhibit D**

**Letter of Kevin J. Perra, Esq.
to Kathryn S. Zecca, Esq., dated September 13, 2017**



Proskauer Rose LLP  Eleven Times Square  New York, NY 10036-8299

September 13, 2017

By Email

Kathryn S. Zecca, Esq.
Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP
1801 K Street, N.W., Suite 411L
Washington, D.C. 20006

Kevin J. Perra
Member of the Firm
d 12129693454
f 212.969.2900
kperra@proskauer.com
www.proskauer.com

Re:   *ACP Master Fund, Ltd. v. Commonwealth of Puerto Rico*, No. 17-189

Dear Kathryn:

I write in response to your letter of August 16.

*First*, you mischaracterize the parties' positions with respect to the telephone discussion we had on August 10. It was not merely "our position" that the call would not be treated as a formal Rule 26(f) Conference. Rather, that is exactly how the parties agreed to treat the call. *See* Email from Donald Burke to Jonathan Richman, August 3, 2017 at 6:02 pm. Regardless, as I told you during our call, although we believe it is inappropriate to have the Rule 26(f) conference prior to the Court's ruling on the motion to dismiss, we believed any such conference would make more sense after you saw our motion. Now that you have our motion, we are available during the week of September 18.

*Second,* even though we are willing to participate in the Rule 26(f) conference, our position on discovery has not changed. We continue to believe that the most efficient way to proceed would be to stay discovery pending a decision on the motion to dismiss. Indeed, two of the three cases you cite in your July 26 email support our position (and the third is wholly distinguishable). As the court held in *Spencer Trask Software and Information Services, LLC v. RPost International Ltd.* (cited in your email): "A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." This is consistent with the approach followed by Judge Dein in postponing the joint pretrial conference in HTA indefinitely, noting the pendency of motions to dismiss.

*Third,* we agree that neither side should serve Rule 26(a) initial disclosures at this time. And, as I suggested during our call, in lieu of serving formal document demands and deposition notices during the pendency of the motion to dismiss, the Oversight Board would be prepared to:

  i.   make available to you financial data that has been produced to date by the Oversight Board, the Commonwealth, and its instrumentalities in Title III adversary proceedings commenced by claimholders;

  ii.  adjust the limitations on your clients' use of the materials loaded into the data room (not including mediation materials), such that your clients may also use the

**Proskauer»**

Kathryn S. Zecca, Esq.
September 13, 2017
Page 2

>data room materials for the purposes of this adversary proceeding (in addition to the purposes, and subject to the other limitations, set forth in the non-disclosure agreement).

The foregoing proposals are conditioned on the following: (i) the parties enter into a confidentiality agreement and protective order that is consistent with the confidentiality agreement in the HTA adversary proceedings; (ii) the non-public material in the data room will be treated as confidential thereunder; and (iii) you agree that defendants are not waiving any objections (including but not limited to under the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and/or the Federal Rules of Bankruptcy Procedure) to the use of such documents and information, including to their relevancy and admissibility. As I also stated during our call, once you review these materials, we are willing to discuss what additional materials your clients believe they need prior to the resolution of the motion to dismiss. All of this is more than sufficient during the short time period that the motion to dismiss will be pending.

Please provide us with a suggestion for a day and time during the week of September 18 that works for you for the Rule 26(f) conference.

Sincerely,

Kevin J. Perra