**Hearing Date**: October 4, 2017 at 9:30 a.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

-----------------------------------------------------------------x

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.¹ | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

-----------------------------------------------------------------x

| | |
|---|---|
| BETTINA WHYTE, as COFINA AGENT,<br><br>    Movant,<br><br>    v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>    Respondent. | **Re: ECF No. 1273** |

-----------------------------------------------------------------x

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**OBJECTION OF COFINA TO APPLICATION OF
COFINA AGENT FOR ENTRY OF ORDER AUTHORIZING RETENTION
OF CENTERVIEW PARTNERS LLC AS FINANCIAL ADVISOR AND EXPERT**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Sales Tax Financing Corporation ("COFINA"),[2] by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] respectfully submits this objection (the "Objection") to the *Application of COFINA Agent for Entry of Order Authorizing Retention of Centerview Partners LLC as Financial Advisor and Expert* [ECF No. 1273] (the "Application"), and respectfully represents as follows:

**Objection**

1. <u>The Application Exceeds the COFINA Agent's Authority</u>. The COFINA Agent is unauthorized to undertake the primary tasks for which the COFINA Agent requests a financial advisor. Under the Stipulation and Order, the COFINA Agent is authorized solely to "litigate and/or settle the Commonwealth-COFINA Dispute on behalf of COFINA." Stipulation and Order ¶ 4(b); *see also* ¶ 4(f) ("Each Agent shall have the rights of its respective debtor solely in respect of the conduct of the litigation and settlement of the Commonwealth-COFINA Dispute."); ¶ 4(m) ("For the avoidance of doubt, the litigation or negotiation by the Agents *shall not* include issues other than the Commonwealth-COFINA Dispute.") (emphasis added). The Commonwealth-COFINA Dispute simply addresses "[w]hether, after considering all procedural and substantive defenses and counterclaims, including constitutional issues, the sales and use

---

[2] Capitalized terms used but not defined herein have the meanings given to them in the Application (as defined herein) or the *Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA Dispute* [ECF No. 996] (the "Stipulation and Order"), as applicable.

[3] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

2

taxes purportedly pledged by COFINA to secure debt are property of the Commonwealth or COFINA under applicable law."[4] Accordingly, the dispute for which the COFINA Agent was appointed is wholly **_legal_** in nature, concerning whether the Commonwealth or COFINA owns the subject tax streams. Additionally, Stipulation and Order ¶ 4(g), in pertinent part, restricts the COFINA Agent's analysis to its debtor, COFINA: "In addition, each Agent may consider what result, through litigation, negotiation and mediation, will render its Debtor best able to achieve fiscal responsibility and access to the capital markets, in the judgment of each Agent." COFINA's capital structure is exceedingly simple. Its only assets are whatever interest it is determined to have in certain sales and use taxes. And, it has debt secured by such interest in the taxes.

2. The Application and Centerview's contemplated scope of services thereunder, however, go beyond that dispute and outside the COFINA Agent's authority. Simply put, the Agents were appointed to litigate and/or settle whether the Commonwealth or COFINA own certain sales and use taxes. Notwithstanding the foregoing, the Application and the COFINA Agent's counterclaims discussed below demonstrate the COFINA Agent intends to utilize Centerview to engage in unauthorized restructuring efforts going well beyond COFINA and into the finances and debt issues in the Commonwealth. *See* Exhibit B to the Application (Among other things, Centerview intends to "familiarize itself with the current fiscal condition and prospects of the [Commonwealth] and COFINA, including the Commonwealth's and COFINA's financial projections and forecasts[, and] review and evaluate COFINA's capital structure and advise on possible restructuring strategies, including financing and debt issuance models and alternatives, in connection with negotiations with the Commonwealth Agent[.]"). Centerview's

---

[4] *Id.* ¶ 4.

proposed role is to advise the COFINA Agent on a plan of adjustment. Stipulation and Order ¶ 4(i), in pertinent part, provides: "other than with respect to ensuring that such settlement is properly embodied within the title III plan of adjustment, the COFINA Agent shall not participate in the negotiations of a title III plan of adjustment in the COFINA title III case." The Oversight Board, as COFINA's representative in its Title III case, is the only entity authorized to negotiate and propose a plan of adjustment for COFINA, and that authority has not been delegated to the COFINA Agent. On this basis alone, the Application should be denied.

3. <u>The COFINA Agent Cannot Utilize a Financial Advisor to Pursue Ultra Vires Counterclaims</u>. By its counterclaims, dated September 15, 2017,[5] the COFINA Agent has asserted, among other things, that certain Commonwealth debt and PBA debt was issued in violation of the Puerto Rico Constitution and cannot share in the sales and use taxes.[6] The COFINA Agent also requests dismissal of the COFINA Title III case.[7] Neither request for relief is within the COFINA Agent's authority. COFINA should not pay for the COFINA Agent to use a financial advisor to pursue claims the COFINA Agent is unauthorized to prosecute or negotiate.

4. <u>The Proposed Engagement Letter is Not Reasonable</u>. Under no metric could the COFINA Agent's retention of Centerview be "***reasonably*** deem[ed] appropriate," as required by the Stipulation and Order.[8] It provides for fees of approximately $1.75 million.[9] As the

---

[5] *Answer, Defenses, and Counterclaims of the Appointed Agent of the Puerto Rico Sales Tax Financing Corporation (COFINA)* [Case No. 17-00257-LTS, ECF No. 27] (the "<u>COFINA Agent Answer and Counterclaims</u>").

[6] *See id.* at 38-40.

[7] *See id.* at 41.

[8] Stipulation and Order ¶ 4(d) (emphasis added).

[9] Application at Exhibit B, ¶ 2(a).

4

COFINA Agent was appointed to resolve a legal issue – ownership of certain tax streams – there is no need to retain a financial advisor to analyze the Commonwealth's fiscal plans and negotiate plans of adjustment. Indeed, financial analysis is not required to resolve or adjudicate the Commonwealth-COFINA Dispute over ownership of sales and use taxes. Moreover, because the sole revenue of COFINA is whatever sales and use taxes it is determined to own based on the litigation or settlement of the legal dispute, COFINA's revenues and financial position is and will be exceedingly simple. Therefore, the retention of Centerview is neither necessary, nor reasonable, nor appropriate in litigating or resolving the Commonwealth-COFINA Dispute.

5. To the extent the COFINA Agent needs estimates of the amounts of sales and use taxes likely to be generated, and the amount of debt those taxes can service, COFINA will not object to the retention of an accountant or financial advisor to render those estimates. That, however, is a simple exercise that does not require a $1.75 million contract.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE COFINA respectfully requests the Court to (a) sustain the Objection; (b) deny the Application; and (c) grant COFINA such other and further relief as is just.

Dated: September 19, 2017
      San Juan, Puerto Rico

Respectfully submitted,

*/s/*  Martin J. Bienenstock

Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Maja Zerjal
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for COFINA*

*/s/*  Hermann D. Bauer

Hermann D. Bauer
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for COFINA*