**Hearing Date**: October 4, 2017 at 9:30 a.m. (Atlantic Standard Time)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

-----------------------------------------------------------------x

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

-----------------------------------------------------------------x

| | |
|---|---|
| BETTINA WHYTE, as COFINA AGENT,<br>    Movant,<br>v.<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>THE COMMONWEALTH OF PUERTO RICO and THE PUERTO RICO SALES TAX FINANCING CORPORATION,<br>    Respondents. | **Re: ECF Nos. 1121, 1272, and 1279** |

-----------------------------------------------------------------x

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**OBJECTION OF DEBTORS TO COFINA
AGENT'S MOTION PURSUANT TO 48 U.S.C.
§ 2161 AND 11 U.S.C. § 105(a) FOR ORDER: (I) CONFIRMING
THAT 48 U.S.C. § 2125 APPLIES TO COFINA AGENT; (II) CONFIRMING
RETENTION OF LOCAL COUNSEL; AND (III) CLARIFYING PAYMENT
OF FEES AND EXPENSES OF COFINA AGENT AND HER PROFESSIONALS**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Sales Tax Financing Corporation ("COFINA," and together with the Commonwealth, the "Debtors"),[2] by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] respectfully submit this objection (the "Objection")[4] to the *COFINA Agent's Motion Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(a) for Order: (I) Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent; (II) Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals* [ECF No. 1121] (the "Motion"), and respectfully represent as follows:

**Objection**

1. The Oversight Board believes the COFINA Agent and Commonwealth Agent (collectively, the "Agents") should only receive the protections of PROMESA section 105 for

---

[2] Capitalized terms used but not defined herein have the meanings given to them in the Application (as defined herein) or the *Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA Dispute* [ECF No. 996] (the "Stipulation and Order"), as applicable.

[3] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[4] On September 11, 2017, the Debtors filed a separate statement regarding the Motion [ECF No. 1272].

acts within their respective scope of authority,[5] and objects to the extent any protections would extend to acts outside such scope of authority. Indeed, it appears the COFINA Agent intends to exceed the scope of her authority. Her application to retain a financial advisor [ECF No. 1273] explains the advisor is needed to analyze the Commonwealth fiscal plan. Additionally, the relief she requests in her counterclaims in the *Answer, Defenses, and Counterclaims of the Appointed Agent of the Puerto Rico Sales Tax Financing Corporation (COFINA)* [Case No. 17-00257-LTS, ECF No. 27] (the "Answer and Counterclaims"), filed on September 15, 2017, include (a) a declaration that *Commonwealth* debt was issued in violation of the Puerto Rico Constitution, and (b) the dismissal of the entire COFINA Title III case.[6] The COFINA Agent was appointed and authorized to resolve a wholly *legal* dispute, namely whether the Commonwealth or COFINA owns certain sales and use taxes. The COFINA Agent is not authorized to do anything else.

2. As explicitly set forth in the *Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA Dispute* [ECF No. 996] (the "Stipulation and Order"), the Agents' authority is limited solely to "litigat[ing] and/or settl[ing] the Commonwealth-COFINA Dispute on behalf of [their respective debtors]."[7] The Stipulation and Order defines the Commonwealth-COFINA Dispute as follows: "Whether, after considering all procedural and substantive defenses and counterclaims, including constitutional issues, the sales and use taxes purportedly pledged by COFINA to secure debt … are property of the Commonwealth or

---

[5] On September 12, 2017, the Commonwealth Agent filed a response to the Motion "merely to ensure that any order confirming the application of section 105 of PROMESA to the COFINA Agent . . . equally applies to the Commonwealth Agent." *Response of Commonwealth Agent to Motion of COFINA Agent for Order Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent* [ECF No. 1279].

[6] *See* Answer and Counterclaims at 38-41.

[7] *Id.* ¶ 4(a)-(b).

3

COFINA under applicable law."[8] The Commonwealth-COFINA Dispute does not include the allowance of claims against the Commonwealth, whether the COFINA Title III petition was proper, or the content of any plan of adjustment for COFINA.

3. Indeed, the limitations set on the Agents' authority are restated throughout the Stipulation and Order. *Id.* ¶ 4(f) ("Each Agent shall have the rights of its respective debtor *solely* in respect of the conduct of the litigation and settlement of the Commonwealth-COFINA Dispute.") (emphasis added); ¶ 4(m) ("For the avoidance of doubt, the litigation or negotiation by the Agents *shall not* include issues other than the Commonwealth-COFINA Dispute.") (emphasis added). Additionally, Stipulation and Order ¶ 4(g), in pertinent part, restricts the COFINA Agent's analysis to its debtor, COFINA: "In addition, each Agent may consider what result, through litigation, negotiation and mediation, will render its Debtor best able to achieve fiscal responsibility and access to the capital markets, in the judgment of each Agent." COFINA's capital structure is exceedingly simple. Its only assets are whatever interest it is determined to have in certain sales and use taxes. And, it has debt secured by such interest in the taxes. Stipulation and Order ¶ 4(i), in pertinent part, provides: "other than with respect to ensuring that such settlement is properly embodied within the title III plan of adjustment, the COFINA Agent shall not participate in the negotiations of a title III plan of adjustment in the COFINA title III case." Accordingly, any protection granted by PROMESA section 105 for acts performed by the Agents should be limited to those performed within the scope of authority granted by the Stipulation and Order. The Agents should not receive any protection for acts that exceed their authorized scope, and all rights and remedies of the Oversight Board and the Debtors should be fully preserved with respect thereto.

---

[8] *Id.* ¶ 4.

WHEREFORE the Debtors respectfully request that either the Court deny the Motion, or require any order granting the Motion to clearly state PROMESA section 105 applies to the Agents for acts within the scope of their authority, but does not apply for acts outside their respective scope of authority.

Dated: September 19, 2017
      San Juan, Puerto Rico

Respectfully submitted,

*/s/*   Martin J. Bienenstock

Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Maja Zerjal
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/*   Hermann D. Bauer

Hermann D. Bauer
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

5