**Hearing Date:** October 4, 2017 at 9:30 a.m.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO'S OBJECTION TO INFORMATIVE MOTION AND STATEMENT REGARDING STATUS REPORTS FILED IN CONNECTION WITH THE MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER, UNDER BANKRUPTCY RULE 2004, AUTHORIZING DISCOVERY PROGRAM WITH RESPECT TO CERTAIN <u>CAUSES OF THE PUERTO RICO FINANCIAL CRISIS</u>

The Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**"), respectfully submits its Objection to the *Informative Motion of Official Committee of Unsecured Creditors And Status Report Regarding Discovery Discussions, Renewed Request For Authorization Of Discovery Under Bankruptcy Rule 2004, And Agreed Notice To Conduct Hearing On Motion At October 4, 2007 Omnibus Hearing* [Dkt. 1284] and its Statement

---

[1] The Debtors in these jointly-administered PROMESA title III cases (these "**Title III Cases**"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

regarding the Status Reports filed by the Financial Oversight and Management Board ("**FOMB**") and the Unsecured Creditors Committee (the "**UCC**") [Dkts. 1289, 1284] in connection with the *Motion Of Official Committee Of Unsecured Creditors For Order, Under Bankruptcy Rule 2004, Authorizing Discovery Program With Respect To Certain Causes Of Puerto Rico Financial Crisis* [Dkt. No. 706] (the "**2004 Motion**"). In support of this Objection, the Retiree Committee states as follows:

## BACKGROUND

1. On July 21, 2017, the UCC filed its 2004 Motion asking for leave to serve three Rule 2004 subpoenas. Although the motion only sought leave to serve three subpoenas, it was couched in much broader terms, proclaiming the UCC as the party who should be charged with commencing a whole-scale investigation into the causes of the Commonwealth's fiscal crisis. (*See* 2004 Motion ¶¶ 30-33.)

2. Both the Retiree Committee and the FOMB objected to the 2004 Motion. (*See* Dkts. 859, 806.) The FOMB argued that the UCC should not be allowed to issue Rule 2004 subpoenas until it had completed its own investigation of the issues and that it was in the process of hiring an independent investigator to conduct that investigation.

3. As the Retiree Committee addressed in its Objection, despite the UCC's rhetoric, the UCC is not the only statutory committee with an obligation to its constituents to examine these matters. Like the UCC, the Retiree Committee is a statutory committee with the same powers and duties under 11 U.S.C. § 1103. (*See* Dkts. 340, 338; *see also* 11 U.S.C. § 1102(a)(1).) Thus, *both* committees have investigative powers and duties and are authorized to, among other things, "investigate the acts, conduct, assets, liabilities, and financial condition of the debtor." 11 U.S.C. § 1103(c)(2). As the First Circuit explained in *Official Unsecured Creditors' Committee v. Stern*

*(In re SPM Mfg. Corp.)*, a committee appointed pursuant to 11 U.S.C. § 1102, like the Retiree Committee, "is a fiduciary for those whom it represents" and "is charged with pursuing whatever lawful course best serves the interests of the class of creditors represented." 984 F.2d 1305, 1315 (1st Cir. 1993). Because the information sought may provide a basis to assert causes of action against certain parties or subordinate certain claims for the benefit of the Commonwealth's retirees, and thus will be critical in any negotiations about the terms of the Commonwealth's plan of adjustment, the Retiree Committee has an interest in these matters.

4. Thus, the Retiree Committee's concerns with the 2004 Motion do not relate to the need to investigate but rather with the procedures the UCC proposes, which do not allow for an *inclusive*, streamlined, efficient discovery process. The Retiree Committee agreed with the FOMB that the independent investigator to be hired by the FOMB should take the lead in issuing discovery and that the independent investigator should be required to consult with *both* statutory committees about its work plan, to allow the participation of *both* committees in examinations, and to share all discovered information with *both* committees, all without prejudice to the rights of *both* committees to conduct *non-duplicative* discovery on matters that the independent investigator had not or would not address. In effect, the independent investigator would serve the role that an examiner has in a commercial chapter 11 case, wherein the examiner would normally consult with *both* committees.

5. On August 18, 2017, this Court held a hearing on the Rule 2004 Motions and Objections. It entered an Order which directed the FOMB and UCC to file a joint status report by September 12 and was without prejudice to the rights of the Retiree Committee "to request Rule 2004 authority or other relief." (Dkt. 1163 at ¶ 6.)

6. The UCC and the FOMB were unable to reach any agreement; they could not even

3

agree on the filing of a joint status report. Representatives of the FOMB's investigative firm, Kobre & Kim LLP, have met with the Retiree Committee about the Retiree Committee's participation in the investigation. The UCC has not.

## OBJECTION

7. The Retiree Committee is very concerned that the UCC has transformed what should be a collaborative process into a "turf" war over who should control the investigative process. This is not productive. It makes no sense for the FOMB, the UCC, and the Retiree Committee to conduct separate investigations of the same facts. The UCC attempts to justify the expense of separate investigations by claiming that because certain FOMB members have conflicts, the UCC should conduct the investigation. But the FOMB has screened those individuals from the investigation, appointing a subcommittee of FOMB members to oversee the work of an independent law firm. Absent concrete proof of a conflict problem in the future, that should be sufficient to avoid the expense of dueling investigations. For these reasons, the Retiree Committee refrained after the last hearing from filing its own Rule 2004 Motion, expecting that reasonable parties concerned with the limited resources of the Commonwealth would include both statutory committees in their discussions and reach common agreement on how the investigation would proceed. But that did not happen.

8. The Retiree Committee believes that the Court should therefore force the issue by denying the UCC's Rule 2004 Motion at this time, thereby requiring all parties to work together. The denial should be without prejudice so that if: (a) the FOMB's investigative firm does not include *both* committees in the investigative process, the aggrieved committee can move for the right to take Rule 2004 discovery; or (b) an actual conflict develops, that conflict can be brought to the Court's attention.

9. The Retiree Committee reserves all rights with respect to any motions it files under Rule 2004 and any discovery the Retiree Committee may seek to propound on any party and on any topic.

WHEREFORE, the Retiree Committee respectfully requests that the Court deny the 2004 Motion and grant such other relief as may be just.

Dated: September 19, 2017

Respectfully submitted,

JENNER & BLOCK LLP
By:
*/s/ Robert Gordon*
Robert Gordon (admitted *pro hac vice*)
Richard Levin (admitted *pro hac vice*)
919 Third Ave
New York, NY 10022-3908
rgordon@jenner.com
rlevin@jenner.com
212-891-1600 (telephone)
212-891-1699 (facsimile)

Catherine Steege (admitted *pro hac vice*)
Melissa Root (admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
312-222-9350 (telephone)
312-239-5199 (facsimile)

BENNAZAR, GARCÍA & MILIÁN, C.S.P.
By:
*/s/ A.J. Bennazar-Zequeira*
A.J. Bennazar-Zequeira
Edificio Union Plaza
PH-A piso 18
Avenida Ponce de León #416
Hato Rey, San Juan
Puerto Rico 00918
ajb@bennazar.org
787-754-9191 (telephone)
787-764-3101 (facsimile)

*Counsel for The Official Committee of Retired Employees of Puerto Rico*

5