**Hearing Date:**  TBD

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

-----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

      Debtors.[1]

-----------------------------------------------------------------x

PROMESA
Title III


No. 17 BK 3283-LTS

(Jointly Administered)

[*Caption continued on next page*]

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808).

----------------------------------------------------------------x

GROUP OF SECURED CREDITORS OF THE
EMPLOYEES RETIREMENT SYSTEM OF THE
COMMONWEALTH OF PUERTO RICO,

      Movants,

v.

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO

      as representative of

THE COMMONWEALTH OF PUERTO RICO,

      Respondents.

----------------------------------------------------------------x

PROMESA
Title III

**Re: ECF No. 1340**

**DEBTORS' OBJECTION TO THE ERS BONDHOLDERS' MOTION FOR
PROPOSED JOINDER TO RULE 2004 MOTIONS**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................... 1

RELEVANT BACKGROUND ............................................................................................. 3

     I.     THE 219/220 PROCEEDING ................................................................5

     II.    THE JOINDER MOTION ......................................................................7

ARGUMENT ........................................................................................................................ 8

           THE PENDING PROCEEDING RULE BARS THE ERS
           BONDHOLDERS FROM SEEKING RULE 2004 DISCOVERY ON
           ISSUES RELATED TO PENDING ADVERSARY PROCEEDINGS ..................8

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re 2435 Plainfield Ave., Inc.*,
    223 B.R. 440 (Bankr. D.N.J. 1998) .........................................................................................9

*In re Bennett Funding Grp., Inc.*,
    203 B.R. 24 (Bankr. S.D.N.Y. 1996) ......................................................................................9

*In re Enron Corp.*,
    281 B.R. 836 (Bankr. S.D.N.Y. 2002).....................................................................................9

*Sentinel Trust Co. v. Newcare Health Corp. (In re Newcare Health Corp.)*,
    244 B.R. 167 (B.A.P. 1st Cir. 2000) .......................................................................................8

OTHER AUTHORITIES

48 U.S.C. §§ 2101–2241.................................................................................................................1

3 L.P.R.A. § 775 .............................................................................................................................4

3 L.P.R.A. §§ 761-788 ....................................................................................................................4

PROMESA § 101(d)(1) ...................................................................................................................4

PROMESA § 106(e) ........................................................................................................................5

PROMESA § 315(b) ........................................................................................................................1

11 U.S.C. § 1109(b) ........................................................................................................................8

P.R. LBR 2004-1..............................................................................................................................3

H.B. 938, P.R. Act No. 26-2017 .....................................................................................................4

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax

Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority

("HTA"), and the Employees Retirement System of the Government of the Commonwealth of

Puerto Rico ("ERS" and together with the Commonwealth, COFINA, and HTA, the "Debtors"),

by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight

Board"),[2] as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight,*

*Management, and Economic Stability Act* ("PROMESA"),[3] respectfully submit this objection (the

"Joinder Objection") to the "ERS Secured Creditors Joinder to Rule 2004 Motions" [ECF No.

1340] (the "Joinder Motion").

## PRELIMINARY STATEMENT

A group of holders of bonds issued by ERS (the "ERS Bondholders")[4] have filed the

Joinder Motion in the Commonwealth's Title III case seeking joinder to (i) the "Motion of

National Public Finance Guarantee Corporation ["National"] for Entry of an Order Pursuant to

Bankruptcy Rule 2004 Authorizing Discovery" [ECF No. 1177] (the "National Motion"); and (ii)

the "Joint Motion by the Ad Hoc Group of General Obligation Bondholders, Assured Guaranty

Corp., Assured Guaranty Municipal Corp., and the Mutual Fund Group [collectively, the "GO

Group"] for Order Authorizing Rule 2004 Examination" [ECF No. 1178] (the "GO Motion," and

---

[2]   Although the Oversight Board submits this Joinder Objection in its capacity as representative of the Debtors, to the extent the Motion is targeted towards the Oversight Board, this Joinder Objection covers the Oversight Board as well.

[3]   PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

[4]   The ERS Bondholders are comprised of Altair Global Credit Opportunities Fund (A), LLC; Andalusian Global Designated Activity Company; Glendon Opportunities Fund, L.P.; Mason Capital Master Fund LP; Nokota Capital Master Fund, L.P.; Oaktree-Forrest Multi-Strategy, LLC (SERIES B); Oaktree Opportunities Fund IX, L.P.; Oaktree Opportunities Fund IX (PARALLEL 2), L.P.; Oaktree Value Opportunities Fund, L.P.; Ocher Rose, L.L.C.; and SV Credit, L.P.

together with the National Motion, the "Rule 2004 Motions").[5]  The ERS Bondholders request that

any order granting the Rule 2004 Motions "provide that the ERS Bondholders receive the

information produced in connection with the [National Motion and the GO Motion] and that the

ERS Bondholders be authorized to participate in any related examinations or proceedings."

Joinder Motion at 2.

The Debtors have opposed the Rule 2004 Motions by filing, on September 19, 2017, the

"Debtors' Omnibus Objection to Motions for Orders Authorizing Rule 2004 Discovery" [ECF No.

1345] and the "Declaration of Timothy W. Mungovan in Support of Debtors' Omnibus Objection

to Motions for Orders Authorizing Rule 2004 Discovery" [ECF No. 1346] (together, the

"Omnibus Objection").  The Rule 2004 Motions[6] have been referred to Magistrate Judge Dein[7]

and were scheduled to be heard by the Court on October 4, 2017, but have been adjourned pursuant

to the "Order Regarding September 27, 2017 Oral Argument and Omnibus Hearing"[8].

As explained fully in the Omnibus Objection and below, the ERS Bondholders are not

entitled to join in or otherwise seek Rule 2004 relief because they are parties to several lawsuits,

including an adversary proceeding that they filed (along with others) against the Commonwealth

in which the issues overlap directly with the examination materials subject to the Rule 2004

---

[5]  The ERS Bondholders do not seek to join (or mention) "Ambac Assurance Corporation's ["Ambac"] Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004" [ECF No. 1283] (the "Ambac Motion"), which was the third Rule 2004 motion filed before this Joinder Motion and is also the subject of the Omnibus Objection.

[6]  The Rule 2004 Motions seek permission pursuant to Section 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004") to propound a combined 181 exhaustive document requests (including the Ambac Motion), leave to take testimony from the Debtors and their representatives, and to issue subpoenas for the production of documents and examination of other third parties.  To avoid further unnecessary duplication, the Oversight Board respectfully refers the Court to the Omnibus Objection for descriptions of the Rule 2004 Motion and the Oversight Board's position in opposition to the Rule 2004 Motions.

[7]  *See* ECF Nos. 1183 and 1186.

[8]  *See* ECF No. 1365.

2

Motions.[9]  The Joinder Motion is thus barred by the "pending proceeding rule," which prohibits

Rule 2004 examinations where the movant is party to related adversary proceedings.  *See* Local

Rule of Bankruptcy Procedure 2004-1, Omnibus Objection at 17-26.  Indeed, ERS and the other

defendants are preparing motions to dismiss the 219/220 Proceeding, which will be filed by

October 2, 2017.  The ERS Bondholders should not be permitted to circumvent the Federal Rules

of Bankruptcy Procedure and Local Rules in that proceeding by means of the Joinder Motion.[10]

Nor should they otherwise be permitted to participate in burdensome and excessively costly

examinations that neither reflect the established standards applicable to Rule 2004 nor the special

procedures established by Congress in adopting PROMESA.  The Joinder Motion therefore should

be denied.[11]

## RELEVANT BACKGROUND

The Oversight Board has previously submitted relevant background information to the

Court covering the current state of Puerto Rico's economy, the adoption of PROMESA, the

---

[9]   *See Altair Global Credit Opportunities Fund (A), LLC, et al. v. Commonwealth of Puerto Rico, et al.*, Adv. Proc.
No. 17-00219, 17-00220 (Bankr. D.P.R.) (the "219/220 Proceeding"), filed in the ERS Title III and
Commonwealth Title III cases by, among others, the ERS Bondholders.  The ERS Bondholders are also
defendants in a declaratory relief action, *Employees Retirement System of the Government of the Commonwealth
of Puerto Rico v. Altair Global Credit Opportunities Fund (A), LLC,* Adv. Proc. No. 17-00213 (the "213
Proceeding"), filed in the ERS Title III case by the Oversight Board as representative of ERS.

[10]   As set forth in the Debtors' Omnibus Objection, the relief requested in the Rule 2004 Motions (upon which the
Joinder Motion is predicated), is infirm because the Rule 2004 movants are parties to related adversary
proceedings.  *See Assured Guaranty Corp., et al. v. Commonwealth of Puerto Rico, et al.*, Adv. Proc. No.
17-00125 (Bankr. D.P.R.) (the "125 Proceeding"), filed by Assured Guaranty Corp., Assured Guaranty Municipal
Corp., and National; and *ACP Master, Ltd. v. Commonwealth*, Adv. Proc. No. 17-00189- (Bankr. D. P.R.) (the
"189 Proceeding"), filed by the Ad Hoc Group, which is one of the movants within the GO Group; and *Ambac
Assurance Corp v. Commonwealth of Puerto Rico*, Adv. Proc. No. 17-00159-LTS (Bankr. D.P.R.) (the "159
Proceeding") (filed by Ambac).  Discovery in the 125, 189 and 159 Proceedings has been stayed pending the
disposition of motions to dismiss.  *See* Order Deferring Issuance of Pre-Trial Discovery Order [ECF No. 69; Adv.
Proc. No. 17-00125]; Order Deferring Issuance of Pre-Trial Discovery Order [ECF No. 42; Adv. Proc. No.
17-00189], and Order Continuing Pre-Trial Conference [ECF No. 68; Adv. Proc. No. 17-00159].

[11]   To the extent that the Court grants the Rule 2004 Motions and the Joinder Motion, the Oversight Board and the
Commonwealth request that the Court authorize a schedule for a normal objection and meet-and-confer process to
address the Oversight Board and Commonwealth's specific objections to the multitude of requests.  *See* Omnibus
Objection at n.11.

Compliance Law,[12] the Oversight Board and its certification of the Fiscal Plan, and the various

bonds at issue in the Title III cases.  To avoid unnecessary duplication, the Oversight Board

respectfully refers the Court to those prior presentations.[13]

ERS is a trust established by the Commonwealth in 1951 for the economic well-being of

the Commonwealth's public employees.  *See* Act No. 447-1951 (codified, as amended, at 3

L.P.R.A. §§ 761-788 (the "Enabling Act")).  It held in trust the funds for payment of pension and

other benefits to officers and employees of the Commonwealth government, members and

employees of the Legislature of the Commonwealth, and officers and employees of public

corporations and municipalities.  *See* 3 L.P.R.A. § 761.  ERS is a covered instrumentality under

PROMESA (*see* PROMESA § 101(d)(1)), and a debtor separate and apart from the

Commonwealth and the Commonwealth's agencies and instrumentalities (*see* 3 L.P.R.A. § 775).

Under the Enabling Act, creditors of ERS are not creditors of the Commonwealth.

ERS was funded primarily by contributions from employers, the amount of which were

determined by statute.  Employers covered by ERS included the Commonwealth, its

instrumentalities, and municipalities, excluding, among others, teachers and judges.  The ERS

Bondholders allege that the ERS Enabling Act authorized the ERS Board of Trustees to (i) incur

debt on behalf of ERS, and (ii) secure such debt with assets of ERS.[14]  The Enabling Act did not

create any debt or liens.

On January 24, 2008, ERS issued senior and subordinate pension funding bonds (the "ERS

Bonds") pursuant to the pension funding bond resolution of 2008 (the "ERS Bond Resolution"), in

---

[12]    H.B. 938, P.R. Act No. 26-2017.

[13]    *See* the Oversight Board's "Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6)," filed in the 125 Proceeding [ECF No. 27 at 7-14].

[14]    *See*, *e.g.*, *Altair Adversary Complaint* [ECF No. 1, ¶ 50; Adv. Proc. No. 17-00219].

4

the aggregate original principal amount of approximately $2.9 billion.  The ERS Bondholders are,

among others, owners of ERS Bonds.[15]  The Commonwealth owes no obligations to the ERS

Bondholders, nor do the ERS Bondholders possess any rights or claims with respect to the

Commonwealth.

Although the ERS Bondholders have filed the Joinder Motion in the Commonwealth Title

III case, the ERS Bondholders have previously filed, and are party to, the 219/220 Proceeding filed

in the ERS Title III and Commonwealth Title III cases that, as discussed below, implicates many

of the issues that underlie the examination requests in the Rule 2004 Motions.  The 219/220

Proceeding is inherently a challenge to the Fiscal Plan (for which the Court has no subject matter

jurisdiction[16]) and the yet-to-be-presented plan of adjustment.  The pendency of the 219/220

Proceeding, among other things, precludes the relief requested here and, accordingly, we begin

with a brief description of that proceeding.

## I.        The 219/220 Proceeding

The ERS Bondholders, among others, commenced the 219/220 Proceeding on July 27,

2017.  The plaintiffs in that proceeding allege that they are owners of ERS Bonds and secured

creditors of ERS.

The 219/220 Proceeding plaintiffs take direct aim at the Fiscal Plan.  They contend that

Joint Resolution 188[17] (the "Joint Resolution") requires ERS to liquidate its assets and directs

participating employers to make future employer contributions to the Commonwealth, rather than

---

[15]    *See ERS Adversary Complaint* [ECF No. 1; Adv. Proc. No. 17-00213].

[16]    *See* PROMESA 106(e).

[17]    Joint Resolution 188 is a budget resolution for Fiscal Year 2017-2018, passed by Puerto Rico's Legislative
        Assembly and signed by the Governor, in accordance with the Fiscal Plan, to safeguard the pensions of the
        Commonwealth's public employees.

to ERS, and puts the funds out of reach of the 219/220 Proceeding plaintiffs.[18]  The plaintiffs

further assert that the Joint Resolution violates the ERS Title III automatic stay and, even if it does

not, the Puerto Rico Uniform Commercial Code provides that a lien follows collateral transferred

without a secured creditor's consent, and thus continues in any property received by the

Commonwealth pursuant to the Joint Resolution.[19]  The plaintiffs also contend that the Joint

Resolution (1) violates the Takings Clause of the United States and Puerto Rico Constitutions

because the plaintiffs are entitled to just compensation for the Joint Resolution stripping ERS of its

assets and diverting the employer contributions to the Commonwealth[20]; and (2) violates the

Contract Clause of the United States and Puerto Rico Constitutions because the Joint Resolution

substantially impaired the contractual relationship created between ERS and the plaintiffs by the

ERS Bond Resolution[21].  According to the plaintiffs, any Title III plan of adjustment or order

confirming a plan of adjustment cannot impair the plaintiffs' claim for just compensation.[22]

   The 219/220 Proceeding plaintiffs seek: (1) declaratory relief that the plaintiffs have a

perfected security interest in ERS revenues in (a) the ERS Title III case, and (b) the

Commonwealth Title III case;[23] (2) declaratory relief that the Joint Resolution (a) violates the ERS

automatic stay, (b) was void ab initio, and (c) cannot be implemented;[24] (3) declaratory relief that

any transfer of ERS revenues pursuant to the Joint Resolution will result in unjust enrichment of

---

[18]   *See Altair Adversary Complaint* [ECF No. 1, ¶¶ 3, 98, 137; Adv. Proc. No. 17-00219]

[19]   *See id.* at ¶¶ 4, 87.

[20]   *See id.* at ¶¶ 5, 129-47.

[21]   *See id.* at ¶¶ 5, 154-65.

[22]   *See id.* at ¶¶ 5, 148-53.

[23]   *See id.* at ¶¶ 104-10.

[24]   *See id.* at ¶¶ 94-103.

the Commonwealth;[25] (4) declaratory relief that (a) the transfer of ERS revenues to the

Commonwealth was not for a "public use" within the meaning of the United States and Puerto

Rico Constitutions,[26] (b) violates the Takings Clause of the United States and Puerto Rico

Constitutions,[27] and (c) violates the Contract Clause of the United States and Puerto Rico

Constitutions;[28] and (5) declaratory relief that any award of just compensation or damages for

violation of the Takings Clause cannot be impaired by a PROMESA plan or an order confirming a

PROMESA plan[29].

The ERS Bondholders in the 219/220 Proceeding have not yet served discovery requests.

The defendants in the 219/220 Proceeding are preparing motions to dismiss the 219/220

Proceeding, which will be filed by October 2, 2017.

## II.     The Joinder Motion

Following the filing of the National Motion, the GO Motion, the Ambac Motion, and the

Omnibus Objection, the ERS Bondholders filed the Joinder Motion seeking to join the Rule 2004

Motions.  Without any explanation as to why the Rule 2004 Motions will be relevant to their

interests as claimholders of ERS or demonstrating good cause for participating in any Rule 2004

examinations, the ERS Bondholders demand to receive whatever discovery is provided to National

and the GO Group in response to the Rule 2004 Motions.  The ERS Bondholders simply contend

that "financial transparency is essential to the advancement of all of the Title III cases and that

providing information to the ERS Bondholders to the extent it is produced to other creditors will

---

[25]    *See id.* at ¶¶ 124-28.

[26]    *See id.* at ¶¶ 129-39.

[27]    *See id.* at ¶¶ 140-47.

[28]    *See id.* at ¶¶ 154-65.

[29]    *See id.* at ¶¶ 148-53.

not create any additional burdens for the Commonwealth or the Oversight Board." *See* Joinder

Motion at 2. The ERS Bondholders, however, fail to address the pending proceeding rule, which

bars them from seeking discovery under Rule 2004 given the pendency of the 219/220

Proceeding.[30]

## ARGUMENT

**THE PENDING PROCEEDING RULE BARS THE ERS BONDHOLDERS FROM SEEKING RULE 2004 DISCOVERY ON ISSUES RELATED TO PENDING ADVERSARY PROCEEDINGS**

The ERS Bondholders fail to provide any argument or authority explaining why the Court

should grant their proposed joinder to the Rule 2004 Motions beyond asserting that the Joinder

Motion should be granted "for substantially the same reasons set forth" in the Rule 2004 Motions.

*See* Joinder Motion at 2. That, however, condemns the Joinder Motion to failure. As

demonstrated in the Omnibus Objection, the Rule 2004 Motions violate the pending proceeding

---

[30] In addition to having violated the pending proceeding rule, the ERS Bondholders lack standing to seek Rule 2004 relief in the Commonwealth's Title III case. The ERS Bondholders are not creditors of the Commonwealth, but a creditor of ERS, which itself is at most a contingent creditor of the Commonwealth (having not asserted a claim against the Commonwealth). The ERS Bondholders have thus run afoul of the strict rule denying Rule 2004 standing to "creditors of creditors" (here, a creditor of a contingent creditor). Such creditors are not "parties in interest" within the meaning of Rule 2004(a), which Bankruptcy Code §1109(b) defines to include "the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee." *See e.g., Sentinel Trust Co. v. Newcare Health Corp. (In re Newcare Health Corp.)*, 244 B.R. 167, 170 (B.A.P. 1st Cir. 2000) (alleged secured creditor of a debtor's creditor failed to meet its burden to establish "party in interest" standing because the movant sought to assert "the rights and interests of a third party and not its own interest."). Further, to the extent that the ERS Bondholders would hinge standing on their having filed the 219/220 Proceeding naming the Commonwealth as a defendant, that bootstrapping argument is futile. The Oversight Board is preparing to move to dismiss that proceeding on the grounds that any claims against the Commonwealth would belong to ERS, not ERS' creditors.

Additionally, although the ERS Bondholders seek Rule 2004 disclosure in the Commonwealth's Title III case rather than in the ERS Title III case, they have recognized the distinction between the ERS and Commonwealth estates in their objection to the joint administration of the Debtors' Title III cases, further demonstrating the infirmity of their seeking Rule 2004 examinations in a distinct Title III case. *See*, *e.g.*, *Objection of Certain Secured Creditors . . .*" [ECF No. 83; Case No. 17-03566-LTS].

rule, misstate the scope of disclosure voluntarily provided to creditors and claimholders, and, to a considerable extent, seek documents foreclosed from disclosure by the deliberative process privilege.  To avoid unnecessary duplication, the Oversight Board respectfully refers the Court to the Omnibus Objection for a full statement of its arguments.[31]  The Oversight Board thus limits its remaining argument here to explaining the specific overlap between the examinations sought by the Rule 2004 Motions and the 219/220 Proceeding.

At the outset, and to summarize briefly, the pending proceeding rule ensures that Rule 2004 cannot be used as a tactic to circumvent the procedural safeguards of the Federal Rules of Civil Procedure (made applicable by Part VII of the Federal Rules of Bankruptcy Procedure).  *See* Omnibus Objection at 18; *In re Enron Corp.*, 281 B.R. 836, 841 (Bankr. S.D.N.Y. 2002); *In re 2435 Plainfield Ave., Inc.*, 223 B.R. 440, 456 (Bankr. D.N.J. 1998).  As a result, the ERS Bondholders cannot use Rule 2004 as a "back door through which [they] could avoid using the Federal Rules of Civil Procedure."  *Enron*, 281 B.R. at 841.  *See also In re Bennett Funding Grp., Inc.,* 203 B.R. 24, 30 (Bankr. S.D.N.Y. 1996) (complex nature of the relationship between the parties and the subject matter of the requested Rule 2004 discovery rendered the requests inseparable from the issues raised in the adversary proceedings).  As is the case with respect to the underlying Rule 2004 Motions, the Joinder Motion violates the pending proceeding rule.

In the 219/220 Proceeding, the ERS Bondholders seek declarations that the Joint Resolution (and thus the Fiscal Plan which is implemented by the Joint Resolution) violate the United States and Puerto Rico Constitutions.  The Bondholders contend that the Joint Resolution requires ERS to liquidate its assets and directs participating employers to make future employer contributions to the Commonwealth, rather than ERS and out of the reach of the 219/220

---

[31]    *See* Omnibus Objection at 17-33.

Proceeding plaintiffs.  They further contend that any Title III plan of adjustment or order

confirming a plan of adjustment cannot impair ERS Bondholders' claims for just compensation.

*See supra* at 5-7 (describing the 219/220 Proceeding).  The 219/220 Proceeding constitutes an

inherent challenge to the Fiscal Plan and the yet-to-be-presented plan of adjustment.

The overlap between the claims in the 219/220 Proceeding and the examinations sought by

the Rule 2004 Motion is irrefutable.  The Rule 2004 Motions seek authorization to conduct "a

'broad and unfettered' look into [the Commonwealth's] financial affairs" (GO Motion at 8

(citation omitted)), including voluminous examinations regarding the projections in the Fiscal

Plan (National Motion at 2) and whether "any plan of adjustment . . . *is confirmable*" (GO Motion

at 2 (emphasis in original)).

The Rule 2004 Motions cover essential issues in the 219/220 Proceeding.  The requested

documents cover every aspect of the Fiscal Plan, which the ERS Bondholders contend in the

219/220 Proceeding deprives them of their rights under the United States and Puerto Rico

Constitutions.  These requests include, *inter alia*, documents related to assumptions utilized in

formulating the Fiscal Plan, benchmarking analyses used in preparing the Fiscal Plan, and analyses

or models regarding pension reforms on the Fiscal Plan.  *See*, *e.g.*, Requests Nos. 6, 12 16, and 49.

The ERS Bondholders are also claiming that the Oversight Board's determinations regarding the

treatment of various assets to which they claim an entitlement are illegal, and the Rule 2004

Motions seek examinations that cover the Commonwealth and Oversight Board's determinations

with respect to, *inter alia*, those very same assets.  *See* Request No. 25.

This palpable overlap requires that the Court deny the Joinder Motion as a matter of law.

Rather than satisfy their burden to demonstrate that the Rule 2004 requests are unrelated to their

adversary proceeding, it is clear that the ERS Bondholders seek Rule 2004 discovery as an

10

alternative vehicle for obtaining disclosure for use in the 219/220 Proceeding or in a plan of adjustment confirmation hearing.  This is precisely what the pending proceeding rule prevents, and the ERS Bondholders should not be allowed to use Rule 2004 as a back door to circumvent Part VII of the Federal Rules of Bankruptcy Procedure.  *See supra* at 9; Omnibus Objection at 18.

Finally, the ERS Bondholders should not be heard to argue that there would be no incremental burden on the Debtors if the Court were to permit the ERS Bondholders to participate in the examinations if the Court were to grant the Rule 2004 Motions.  It would be a mistake to underestimate the burden on the Debtors and their representatives to require them to produce witnesses to every purported claimholder simply arguing, as do the ERS Bondholders, "Me too!".  As demonstrated in the Omnibus Objection (at 18-19), Rule 2004 examinations are available only to those parties who have established "good cause," a burden that the ERS Bondholders have not even come close to satisfying.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE the Debtors respectfully request the Court deny the Joinder Motion and

grant the Debtors such other relief as is just and proper.

Dated: September 29, 2017                    Respectfully submitted,
       San Juan, Puerto Rico

                                             */s/ Timothy W. Mungovan*
                                             Martin J. Bienenstock
                                             Stephen L. Ratner
                                             Timothy W. Mungovan
                                             Paul V. Possinger
                                             (Admitted *Pro Hac Vice*)
                                             **PROSKAUER ROSE LLP**
                                             Eleven Times Square
                                             New York, NY 10036
                                             Tel:  (212) 969-3000
                                             Fax:  (212) 969-2900

                                             *Attorneys for the Financial Oversight and*
                                             *Management Board as representative for the*
                                             *Debtors*

                                             Hermann D. Bauer
                                             USDC No. 215205
                                             **O'NEILL & BORGES LLC**
                                             250 Muñoz Rivera Ave., Suite 800
                                             San Juan, PR 00918-1813
                                             Tel:  (787) 764-8181
                                             Fax:  (787) 753-8944

                                             *Co-Attorneys for the Financial Oversight and*
                                             *Management Board as representative for the*
                                             *Debtors*