IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.*<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### AURELIUS'S INFORMATIVE MOTION REGARDING SCHEDULING

In response to the Court's order of September 29, 2017, Dkt. 1383, Aurelius Investment, LLC, Aurelius Opportunities Fund, LLC, and Lex Claims, LLC ("Aurelius"), respectfully states as follows:

In view of the current circumstances in Puerto Rico as a result of Hurricane Maria, and the serious effects on parties in interest and counsel present there who might wish to be heard with respect to Aurelius's motion, Aurelius proposes a 30-day extension of all current deadlines relating to Aurelius's Objection and Motion to Dismiss the Title III Petition ("Motion to Dismiss"), Dkt. 913, and Motion for Relief from the Automatic Stay ("Stay Relief Motion"), Dkt. 914. Such an extension would allow Aurelius's pending motions to be heard at the Omnibus

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

hearing on December 20, 2017. *See* Second Amended Notice, Case Management and Administrative Procedures, Dkt. 1065-1, § III.A.

To the extent the Court wishes to adjust the briefing schedules for Aurelius's motions in order to better align the briefing of Aurelius's motions with the briefing relating to the Board's forthcoming motion to dismiss UTIER's adversary complaint, Aurelius recognizes the efficiencies that would result from such alignment and would not object to such an adjustment as long as Aurelius's motions still can be heard at the December 20 Omnibus hearing. Such a schedule might provide:

- 11/3: The Board's response to Aurelius's motions and any response to UTIER's complaint due.
- 11/6: The United States' intent to participate due.
- 11/17: Aurelius's reply to the Board due.
- 12/1: UTIER's response to the Board due.
- 12/6: The United States' brief due.
- 12/15: The Board's reply to UTIER and all parties' replies to the United States due.
- 12/20: Hearing on the motions.

A 30-day extension for all parties, or a revised schedule along the lines set forth above, would reasonably balance UTIER's need for additional time and the urgent need to resolve the threshold issue of the Board's validity under the United States Constitution. *Cf.* Dkt. 1360 (AAFAF informative motion noting the importance of pressing forward on motions involving purely legal questions, despite the current situation in the Commonwealth). Aurelius's proposal adheres to the response times and concurrent hearing of Aurelius's and UTIER's filings as provided in the Court's original briefing schedule, while ensuring that adjudication of the motions is

2

not delayed more than reasonably necessary. And all counsel have long been on notice of the scheduled Omnibus hearing dates, including the December 20 date, in the Title III proceeding.

UTIER has suggested a schedule for the briefing of the Board's motion to dismiss that would extend beyond the December 20 Omnibus hearing. *See* Urgent Informative Mot. of Def. Financial Oversight and Management Board for Puerto Rico, *Unión de Trabajadores de la Industria Eléctrica y Riego (UTIER) v. Puerto Rico Electric Power Auth.*, Adversary Proc. No. 17-228, in Case No. 17-bk-480, Dkt. 40 at 4. If Aurelius's motions are not set for the December 20 Omnibus hearing, the next scheduled hearing is not until February 7, 2018; and finding a time where all counsel are available for a special hearing in the interim is likely to prove challenging.

Aurelius respectfully suggests that UTIER's motion could be heard at the December 20 Omnibus hearing either by adopting the schedule set forth above—a schedule that allows UTIER until December 1 before it must respond to the Board's forthcoming motion to dismiss—or by modestly adjusting UTIER's proposed schedule by reducing the Board's time to reply in support of its motion to dismiss to three weeks (two weeks *more* than provided by the local rules), rather than 31 days. The Board has not suggested it needs any more time than that provided under the briefing schedules now in place, and it has retained separate counsel located in Washington, D.C., specifically to address the Appointments Clause issues raised by Aurelius and UTIER. Either the 30-day extension of all deadlines proposed by Aurelius, or the scheduling proposal set forth above, would: provide UTIER the time it needs to prepare its filings; grant the Board substantial extensions of time that it has not requested; and still allow the Appointments Clause issues to be heard at the December 20 Omnibus hearing. But there is no reason to give the Board unusually long response times that push the conclusion of briefing past the December 20 Omnibus hearing.

For these reasons, Aurelius respectfully submits that the Court should adopt its proposal and, at minimum, ensure that the Aurelius motions can be heard at the December 20 Omnibus hearing. This approach appropriately balances the needs of UTIER and other parties and counsel located in Puerto Rico, with the need to resolve the important threshold issues raised in Aurelius's and UTIER's filings.[2]

Dated: October 2, 2017

Respectfully submitted,

 /s/ Luis A. Oliver-Fraticelli 

 /s/ Theodore B. Olson 

Luis A. Oliver-Fraticelli
Katarina Stipec-Rubio
USDC-PR Bar Nos. 209204, 206611
ADSUAR MUÑIZ GOYCO SEDA &
    PÉREZ-OCHOA PSC
208 Ponce de Leon Ave., Suite 1600
San Juan, P.R. 00918
Phone: (787) 756-9000
Fax: (787) 756-9010
Email: loliver@amgprlaw.com
kstipec@amgprlaw.com

Theodore B. Olson (Admitted *pro hac vice*)
Matthew D. McGill (Admitted *pro hac vice*)
Helgi C. Walker (Admitted *pro hac vice*)
Lochlan F. Shelfer (Admitted *pro hac vice*)
Jeremy M. Christiansen (Admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 955-8500
Fax: (202) 467-0539
Email: tolson@gibsondunn.com
mmcgill@gibsondunn.com
hwalker@gibsondunn.com
lshelfer@gibsondunn.com
jchristiansen@gibsondunn.com

---

[2] If the Court nonetheless decides to postpone the hearing of Aurelius's Motion to Dismiss until after the December Omnibus hearing, Aurelius urges the Court to retain all existing deadlines relating to the Stay Relief Motion as provided by the current scheduling order. Dkt. 1245. If Aurelius is denied timely consideration of its constitutional claims in this Title III proceeding, it should at least be free to pursue elsewhere the broader relief it seeks. The Stay Relief Motion does not involve UTIER, and the Board has not asserted that it needs more time to brief this issue. The Stay Relief motion could be heard at the November 15 Omnibus hearing as planned or, alternatively, resolved without argument.