IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.*<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### AURELIUS'S REPLY TO THE BOARD'S RESPONSE REGARDING SCHEDULING

In reply to the Board's response to Aurelius's informative motion regarding scheduling, Dkt. 1386, Aurelius Investment, LLC, Aurelius Opportunities Fund, LLC, and Lex Claims, LLC ("Aurelius"), respectfully states as follows:

On October 2, 2017, Aurelius submitted an informative motion (Dkt. 1385) in which it proposed a 30-day extension of all current deadlines relating to Aurelius's Objection and Motion to Dismiss the Title III Petition ("Motion to Dismiss"), Dkt. 913, and Motion for Relief from the Automatic Stay ("Stay Relief Motion"), Dkt. 914. Alternatively, Aurelius proposed a briefing schedule that would afford UTIER the time it seeks and align the briefing of Aurelius's motions with the briefing relating to the Board's forthcoming motion to dismiss UTIER's adversary com-

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

1

plaint. Either of these approaches would allow for consideration of Aurelius's and UTIER's filings at the December 20 Omnibus hearing.

The Board opposes Aurelius's proposal, arguing in favor of its own proposed and further extended briefing schedule that concludes briefing just three days after the December 20 hearing. Dkt. 1388. The Board relies on the interest in preserving parallel briefing between the Aurelius and UTIER matters. As Aurelius previously stated, **it has no objection to parallel briefing**.[2] But that goal can be readily achieved within the framework of a December 20 hearing date simply by trimming some of the extravagant response times the Board has proposed for itself.

Critically, the Board has never asserted that it needs more time—only UTIER has so represented. Despite that fact, the Board gives itself significant extensions of time in its proposed schedule. Most notably, the Board desires 31 days to reply to UTIER's opposition to the Board's forthcoming Motion to Dismiss—a full ***17 days more*** than the time provided by the court's current scheduling order. *Compare* Order Clarifying Briefing Schedule, Dkt. 1245, at 2 (establishing a deadline of October 31 for the Board's reply to UTIER's October 17 filing), *with* Board's Response to Aurelius's Informative Motion, Dkt. 1388, at 3 (proposing a deadline of December 23 for the Board's reply to UTIER's November 22 filing). The Board has given no reason at all as to why it needs a full month to write its reply, especially when its retained counsel for the Appointments Clause issues are all located in Washington, D.C.

If the Board were given two weeks for its reply, as this Court previously provided, *see* Dkt. 1245, both of these matters could easily be heard at the December 20 hearing. In fact, this

---

[2] Contrary to the Board's assertion, *see* Dkt. 1388, at 3, Aurelius's proposal in fact furthers the court's interest in parallel briefing. Aurelius's proposal to extend all deadlines by 30 days preserves the exact level of parallel briefing that this court already established in its Scheduling Order. *See* Dkt. 1245. And Aurelius's alternative proposed briefing schedule completely aligns the two matters with a single exception: It provides UTIER with an ***extra two weeks*** to respond to the Board's Motion to Dismiss, the very requirement that prompted the proposal to extend the briefing schedule.

is exactly what Aurelius's proposed alternative briefing schedule does, giving the Board two weeks, from December 1 to December 15, to reply to UTIER's filing. That approach would obviate the need for the court and the parties to undertake the complex task of coordinating a date in January 2018 on which all sides are available for a hearing. And the December 20 date has long been noticed by the Court, whereas the Board's own proposal carries the briefing cycle through December 23, even further into the holiday season than Aurelius's schedule. *Cf.* Dkt. 1386, at 3.

In sum, the court should grant one of Aurelius's proposed briefing schedules and, at minimum, ensure that the Aurelius motions presenting important threshold issues can be heard at the December 20 Omnibus hearing. Aurelius has proposed a reasonable deferred schedule that is sensitive to the situation in Puerto Rico but still allows for consideration of its motions at the December Omnibus hearing. The Board's proposal, by contrast, precludes that hearing date based on unwarranted and unexplained extensions for itself. That is unfair to Aurelius and unnecessary to accommodate UTIER.

| | |
|---|---|
| Dated: October 2, 2017 | Respectfully submitted, |
| /s/ Luis A. Oliver-Fraticelli | /s/ Theodore B. Olson |
| Luis A. Oliver-Fraticelli<br>Katarina Stipec-Rubio<br>USDC-PR Bar Nos. 209204, 206611<br>ADSUAR MUÑIZ GOYCO SEDA &<br>    PÉREZ-OCHOA PSC<br>208 Ponce de Leon Ave., Suite 1600<br>San Juan, P.R. 00918<br>Phone: (787) 756-9000<br>Fax: (787) 756-9010<br>Email: loliver@amgprlaw.com<br>kstipec@amgprlaw.com | Theodore B. Olson (Admitted *pro hac vice*)<br>Matthew D. McGill (Admitted *pro hac vice*)<br>Helgi C. Walker (Admitted *pro hac vice*)<br>Lochlan F. Shelfer (Admitted *pro hac vice*)<br>Jeremy M. Christiansen (Admitted *pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036<br>Phone: (202) 955-8500<br>Fax: (202) 467-0539<br>Email: tolson@gibsondunn.com<br>mmcgill@gibsondunn.com<br>hwalker@gibsondunn.com<br>lshelfer@gibsondunn.com<br>jchristiansen@gibsondunn.com |