UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND | |
| MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, et al., | (Jointly Administered) |
| Debtors.[1] | |

-------------------------------------------------------------x

MEMORANDUM ORDER GRANTING IN PART REQUEST
FOR: RECONSIDERATION AT ECF NO. 1123; AND ENTRY OF ORDER UNDER 11 U.S.C. 105(A)

Before the Court is a motion filed by Maria J. Marchand Sánchez ("Movant") for reconsideration of this Court's order ("Stay Relief Order," Docket Entry No. 1123) granting in part Movant's motion for relief from the automatic stay (the "Reconsideration Motion). (Case No. 17-3283, Docket Entry No. 1200)  The Court has carefully considered the submissions.  For the following reasons, the Reconsideration Motion is granted in part and denied in part.

BACKGROUND

On July 28, 2017, Movant filed a motion for relief ("Stay Relief Motion") from the automatic stay in order to intervene in a forfeiture lawsuit commenced on January 4, 2017 in

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the Court of First Instance for the Municipality of San Juan, captioned <u>Real Legacy Assurance Company Inc. v. ELA</u>, KAC2017-0005 (the "Lawsuit"), by Real Legacy Assurance Company, Inc. ("Real") and Popular Auto, Inc. ("Popular") against the Commonwealth of Puerto Rico (the "Commonwealth"), contesting the forfeiture of Movant's vehicle. (Case No. 17-3283, Docket Entry No. 784.) Real, the insurer of Movant's automobile and Popular, the secured creditor of Movant's automobile, commenced an action against the Commonwealth alleging that the seizure of Movant's automobile was illegal and violated Puerto Rico's Uniform Forfeiture Act of 2011. (Stay Relief Motion ¶¶ 1-3.) On June 2, 2017, Movant filed a motion to intervene in the Lawsuit. (<u>Id.</u> ¶ 4.) On August 11, 2017, the Commonwealth filed a response to the Stay Relief Motion (Case No. 17-3283, Docket Entry No. 1011.) in which the Commonwealth consented to a partial modification of the automatic stay solely to permit the Movant to proceed with her request to intervene in the Lawsuit and for necessary forfeiture-determination proceedings prior to entry of judgment in the Lawsuit. On August 22, 2017, the Court issued the Stay Relief Order.[2]

In the Reconsideration Motion, the Movant requests that the Court: (i) lift the automatic stay in order to permit Movant, Real and Popular to continue the Lawsuit in its entirety and (ii) void the post-petition sale of Movant's vehicle pursuant to Sections 105(a) and 549 of the Bankruptcy Code. (Reconsideration Motion at 2-5.) Movant alleges that the Commonwealth had sold Movant's vehicle at auction during the week of July 31, 2017 prior to the interposition of the Commonwealth's response to her original Stay Relief Motion. (<u>Id.</u> at 2.)

---

[2] Due to a clerical error in the order scheduling the briefing in connection with the Stay Relief Motion, August 28, 2017, rather than August 18, 2017, was set as the deadline to reply to any opposition, and the Court decided the motion prior to receiving the reply submission. Nothing that has since been brought to the Court's attention, however, indicates that its August 22, 2017, stay relief decision was erroneous on the record then before the Court.

Movant also alleges that such seizure and subsequent sale of her vehicle were illegal because the Commonwealth failed to provide her with notice as required under Puerto Rico's Uniform Forfeiture Act ("UFA"), and violated her due process rights under the constitutions of the Commonwealth and the United States. (Id.) On September 12, 2017, the Commonwealth filed a response ("Response") to the Reconsideration Motion. (Case No. 17-3283, Docket Entry No. 1288.) In its response, the Commonwealth states that it has no objection to the lifting of the automatic stay to continue the Lawsuit and allow for the entry of judgment, including permitting Movant to pursue her remedies pursuant to the UFA. (Response at ¶¶ 1 & 5.) However, the Commonwealth objects to Movant's request to void the sale of the vehicle for the following reasons: (i) Movant's request is procedurally improper because the Federal Rules of Bankruptcy Procedure require that such relief be sought through an adversary proceeding; (ii) Movant lacks standing, a fact she acknowledges; (iii) Section 549(a) of the Bankruptcy Code "does not apply to the Commonwealth's powers to dispose of forfeited vehicles pursuant to the UFA in the ordinary course of its governmental operations;" and (v) Section 105(a) of the Bankruptcy Code cannot be invoked to alter a substantive right provided to a debtor under nonbankruptcy law. (Id. ¶¶3, 6-10.) On September 19, 2017, Movant filed a reply to the Commonwealth's Response. (Case No. 17-3283, Docket Entry No. 1333.)

## DISCUSSION

"A motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources." In re Pabon Rodriguez, 233 B.R. 212, 220 (Bankr. D.P.R. 1999), aff'd, 2000 WL 35916017 (B.A.P. 1st Cir. 2000), aff'd, 17 F. App'x 5 (1st Cir. 2001). "The movant 'must either

clearly establish a manifest error of law or must present newly discovered evidence.'" Cherena v. Coors Brewing Co., 20 F. Supp. 2d 282, 287 (D.P.R. 1998) (international citations omitted).

Here, Movant has met her burden of proffering newly discovered evidence justifying reconsideration. The Commonwealth had not disclosed its sale of the vehicle prior to the filing of its response to Movant's original motion for relief from the stay. Moreover, the Commonwealth does not object to a further lifting of the automatic stay to permit the forfeiture proceedings to continue, including through the entry of judgment, and to permit Movant to pursue applicable remedies under the UFA. Under these circumstances, reconsideration is warranted and, upon reconsideration, the stay is lifted to permit continuation of the Lawsuit, entry of judgment and Movant's pursuit of remedies under the UFA. The Reconsideration Motion is denied in all other respects. In particular, Movant's request for an order voiding the sale of the vehicle (or an order directing the Oversight Board to commence proceedings to declare void the sale of the vehicle) is denied as procedurally improper and for lack of standing.

## CONCLUSION

For the foregoing reasons, the Reconsideration Motion is granted in part and denied in part. This Memorandum Order resolves docket entry no. 1200 in case no. 17-3283.

SO ORDERED.

Dated: October 3, 2017

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge