## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>       as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>Re: ECF No. 1065, 1339 |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>       as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY ("PREPA")<br><br>              Debtor.[2] | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>(Joint Administration Requested)[3] |

## DEBTORS' URGENT MOTION SEEKING EXTENSION OF DEADLINES (I) UNDER THE LIFT STAY PROTOCOL AND (II) TO RESPOND TO MOTIONS TO LIFT THE AUTOMATIC STAY

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]  The last four (4) digits of PREPA's federal tax identification number are 3747.

[3]  The hearing on PREPA's joint administration motion was originally scheduled for October 4, 2017, but has been cancelled due to Hurricane Maria. Pursuant to the Court's scheduling order dated September 29, 2017 [ECF No. 1381], the joint administration motion will be taken on submission.

To the Honorable United States District Judge Laura Taylor Swain:

        The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") as the entity authorized to act on behalf of the Commonwealth of Puerto Rico, the Puerto Rico Sales Tax Financing Corporation, the Puerto Rico Highways and Transportation Authority, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Electric Power Authority (collectively, the "Debtors"), pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017, respectfully submits this urgent motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), seeking an extension of deadlines in connection with (a) the protocol for filing motions for relief from the automatic stay (the "Lift Stay Protocol") implemented under the *Second Amended Notice, Case Management and Administrative Procedures* (the "Second Amended Case Management Procedures") [ECF No. 1065] and (b) pending motions for relief from the automatic stay.[4]

## Background

1.      On August 17, 2017, the Court entered an order approving the Second Amended Case Management Procedures, which, among other things, implements a protocol (the "Lift Stay Protocol") for filing motions for relief from the automatic stay set forth in sections 362(a) and 922(a) of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to the Title III cases by PROMESA section 301(a) (the "Title III Stay") [ECF No. 1065].[5]

---

[4]    The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized AAFAF to file this Motion on behalf of the Debtors.

[5]    On September 13, 2017, AAFAF, on behalf of the Debtors, filed a motion to amend the Case Management Procedures to further revise the Lift Stay Protocol [ECF No. 1299].

2.      Under the Lift Stay Protocol, a movant is required to (a) send notice (the "Lift Stay Notice") to counsel to the Oversight Board and AAFAF to advise them of movant's intent to seek relief from the Title III Stay at least fifteen (15) business days prior to filing a motion seeking such relief (the "Lift Stay Notice Period") and (b) meet and confer with the Debtors during the Lift Stay Notice Period in an attempt to reach a consensual resolution. To date, the Debtors have received approximately 50 Lift Stay Notices requesting relief from the Title III Stay. The vast majority of these notices involve actions against the Commonwealth and require the Debtors and their advisors to coordinate with the Puerto Rico Department of Justice (the "DOJ") to formulate a strategy and course of action with respect to each request.

3.      One of the Lift Stay Notices was submitted by Luisa Murray Soto. Upon conferring, on September 15, 2017, the Commonwealth and Ms. Soto filed a stipulation agreeing to lift the Title III Stay [ECF No. 1314]. On September 19, 2017, however, Ms. Soto filed a separate motion seeking relief from the Title III Stay against the Commonwealth [ECF No. 1324] (the "Soto Motion").[6] On September 19, 2017, the Court entered a scheduling order setting the objection deadline with respect to the Soto Motion as September 26, 2017, with a reply deadline of October 3, 2017 [ECF No. 1339]. Prior to the passage of Hurricane Maria, the DOJ attempted to contact Ms. Soto to discuss why she had filed the Soto Motion in light of the parties already having agreed to lift the Title III Stay pursuant to the stipulation filed with the Court. While the DOJ was unable to reach Ms. Soto before the storm passed, they will continue to reach out to Ms. Soto to discuss the Soto Motion when telecommunications are back online.

4.       On September 20, 2017, Hurricane Maria—the fifth strongest hurricane to ever hit the United States—made landfall in Puerto Rico as a strong Category 4 storm bringing sustained

---

[6]   The Soto Motion asserts the Oversight Board authorized AAFAF to consent to the filing of the Soto Motion. However, no such authorization or consent was provided to Ms. Soto by either the Oversight Board or AAFAF.

winds of up to 155 miles per hour and up to 40 inches or more of rain in some regions. *See Hurricane Maria Lashes Puerto Rico*, NASA EARTH OBSERVATORY, https://earthobservatory.nasa.gov/ (last visited Sept. 23, 2017). Hurricane Maria was the strongest hurricane to hit Puerto Rico since 1932 and arrived only two weeks after Hurricane Irma—a Category 5 storm that became one of the strongest hurricanes ever recorded in the Atlantic— substantially impaired Puerto Rico's water and electricity services. As a result of these devastating storms, Puerto Rico is currently facing one of its worst crises in modern history.

### **Relief Requested**

5.     As more fully discussed in the *Urgent Informative Motion Regarding the Impact of Hurricane Maria and Proceeding Within These Title III Cases* (the "Informative Motion") [ECF No.1360], Hurricane Maria has resulted in widespread destruction and mass power outages on the island of Puerto Rico and has made it extremely difficult for parties to communicate with each other. The DOJ has suffered structural damage to its offices and its computer servers and technological information services remain offline. DOJ attorneys do not have access to their files and have limited ability to engage with the Debtors and their advisors to coordinate filings, deadlines, strategy, and other vital processes to meet the upcoming deadlines in connection with the pending Lift Stay Notices and the Soto Motion. As the DOJ is primarily responsible for defending actions against the Commonwealth and its agencies and departments, the DOJ's participation in resolving the Lift Stay Notices and the Soto Motion is critical, especially because of its unique knowledge relating to the factual background of the Lift Stay Notices. Without input from the DOJ and its attorneys, the Debtors and their advisors would be unable to gather the information necessary to resolve or respond to the Lift Stay Notices and the Soto Motion. Additionally, communications with movants, some of whom are acting *pro se*, have been severely

hindered due to the widespread power outages and lack of fully functional telecommunications infrastructure on the island as a result of Hurricane Maria.

6.      Accordingly, the Debtors respectfully request that this Court extend for 30 calendar days from the opening of the courthouse, (a) all currently pending deadlines to meet and confer during the Lift Stay Notice Period, including any deadlines to meet and confer that expired on or after September 19, 2017, and (b) deadlines to file objections and replies with respect to the Soto Motion (to the extent relevant, since the Debtors already submitted a stipulation agreeing to lift the Title III Stay [ECF No. 1314]), without prejudice to the Debtors' right to request further extensions of such deadlines. Given the hardship Hurricane Maria has caused to the island of Puerto Rico and its residents, the danger of prejudice to any parties in interest, the length of the delay in filing pleadings or conducting meet and confers in connection with the Stay Relief Protocol, and the potential impact of any delay of these proceedings on the Title III cases are all minimal. Based upon the foregoing, the Debtors submit that the relief requested herein is appropriate and in the best interests of the Debtors, their creditors, and any parties in interest.

## **Notice**

7.      The Debtors have provided notice of this Motion to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against COFINA; (d) counsel to the statutory committees appointed in these Title III Cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Oversight Board; (g) the Puerto Rico Department of Justice; (h) the Other

Interested Parties;[7] (i) all parties filing a notice of appearance in these Title III cases; (j) counsel to movants (or to the movant itself if the movant is acting *pro se*) that have pending Lift Stay Notices; and (k) Luisa Murray Soto. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*Remainder of Page Intentionally Left Blank*

---

[7]   The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

WHEREFORE the Debtors respectfully request the Court enter the Proposed Order granting the Motion and such other relief as is just and proper.

Dated: October 4, 2017
   San Juan, Puerto Rico

Respectfully submitted,

/s/ *Peter Friedman*
John J. Rapisardi
Suzzanne Uhland
Diana M. Perez
(Admitted *Pro Hac Vice*)
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Tel:  (212) 326-2000
Fax:  (212) 326-2061

-and-

Peter Friedman
(Admitted *Pro Hac Vice*)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Tel:  (202) 383-5300
Fax: (202) 383-5414

*Attorneys for the Puerto Rico Fiscal Agency
and Financial Advisory Authority*