**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
EN EL TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

807

| | | |
|---|---|---|
| UNIVERSIDAD CENTRAL DEL CARIBE, INC., ("UCC") | * | CIVIL NUM. KAC04-7269 |
| Demandante | | |
| Vs. | * | SOBRE: |
| ESTADO LIBRE ASOCIADO DE PR DEPARTAMENTO DE SALUD DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO; ADMINISTRACION DE FACILIDADES Y SERVICIOS DE SALUD ("AFASS"); PERSONAS NATURALES O JURIDICAS DESCONOCIDAS "A" y "B" ; COMPAÑÍAS ASEGURADORAS DESCONOCIDAS "X" y "Y" | * * | RETENCION ILEGAL DE DINEROS CORRESPONDIENTES A UCC POR CONTRATACION CON DEPARTAMENTO DE SALUD/AFASS; INCUMPLIMIENTO DE CONTRATO ENRIQUECIMIENTO INJUSTO |
| Demandados | | |

*********************************************

# DEMANDA

AL HONORABLE TRIBUNAL:

COMPARECE la parte demandante, **UNIVERSIDAD CENTRAL DEL CARIBE, INC. ("UCC")** por conducto de su representación legal que suscribe y muy respetuosamente incoa Demanda en contra del Departamento de Salud del Estado Libre Asociado de Puerto Rico y de la Administración de Facilidades y Servicios de Salud ("AFASS"), así como las personas naturales o jurídicas desconocidas "A" y "B" que pudieran tener inherencia en este litigio y las aseguradoras desconocidas "X" y "Y":

1- La Universidad Central del Caribe, Inc., en adelante denominada ("UCC"), es una corporación nativa sin fines de lucro, organizada en conformidad con las Leyes del Estado Libre Asociado de Puerto Rico, cuyo lugar principal de negocios es: Avenida Laurel, Urbanización Santa Juanita, Bayamón, Puerto Rico 00960, tel. (787) 798-3001.

2- Las demandadas, Departamento de Salud del Estado Libre Asociado de Puerto Rico, en adelante denominado ("SALUD"), y la Administración de Facilidades de Servicios de Salud, en adelante

01

denominado ("AFASS"), son, según nuestra mejor información y conocimiento, dependencias del Estado Libre Asociado de Puerto Rico, sus respectivas direcciones son:

(a) Departamento de Salud: P. O. Box 70184, San Juan, Puerto Rico 00936-8184.

(b) AFASS c/o Departamento de Salud: P. O. Box 70184, San Juan, Puerto Rico 00936-8184.

3- El Estado Libre Asociado de Puerto Rico, según nuestra mejor información y conocimiento, es la entidad que por conducto de Salud y de AFASS ha efectuado las retenciones ilegales objeto de la Demanda de autos. Con fecha del 3 de agosto de 2004 le fue cursada carta a la Secretaria de Salud, Hon. Anabelle Rodríguez, **Exhibit A,** sobre intención de demanda.

4- Que allá para los años fiscales 1987-88, 1988-89, 1989-90, entre otros, la UCC, mediante contratación con Salud y AFASS prestaba servicios médicos en las facilidades del Hospital Universitario Dr. Ramón Ruiz Arnau, en adelante denominado ("HURRA") también conocido como "Hospital Regional de Bayamón". Durante esos años, la UCC recibía dineros de Salud/AFASS/ELA, en adelante denominados indistintamente como ("SALUD") por la prestación de servicios médicos en diversas dependencias.

La UCC, a su vez, por lo general sub-contrataba con diversos grupos médicos para que prestasen servicios en las diversas dependencias del hospital, i.e. Departamento de Medicina Interna, Departamento de Pediatría, Departamento de Emergencia, a veces Departamento de Obstetricia y Ginecología y otros. La administración del Hospital estaba a cargo de Salud, quien no sólo era el dueño de las facilidades, sino que proveía los materiales, personal administrativo, enfermeras, laboratorios, algunos médicos, paramédicos, medicinas y tenía su propia facultad, así como nombraba el Director Médico. La UCC meramente administraba la prestación de los servicios médicos en los departamentos que le fueran contratados acorde los diversos contratos con Salud/AFASS.

5- Que durante los años fiscales en cuestión, 1987-88, 1988-89, 1989-90, la UCC prestó los servicios, los cuales fueron certificados como correctos por Salud y la administración del hospital, efectuándose los desembolsos correspondientes.

6- Que muchos años después, allá para octubre de 1999, el Departamento de Salud, a base de unas auditorías internas, efectuó un reclamo de $2,211,052.12 a la UCC, vea carta del 21 de septiembre de 1999, **Exhibit B**, por la oficina del Lcdo. Gerardo Cruz Arroyo, Director Oficina Legal de Salud, a la UCC, por alegados fondos no usados por la UCC en plazas y puestos en el hospital, así como por unos recobros de servicios médicos no utilizados alegadamente en el hospital para los años 1987-88, 1988-89 y 1989-90.

7- Estos reclamos se basaron en unas auditorías para Salud efectuadas por la firma de Santos, Carro & Caballero, que no le habían sido notificadas a la UCC.

8- Que para los años que cubre la auditoría de Santos, Carro & Caballero, a excepción de los primeros cuatro meses del año fiscal 1987-88, existía una enmienda al contrato original (1986-87) que facultaba a la UCC para reclutar la calidad y cantidad de médicos necesarios para los servicios sin preferir números específicos de plaza por el departamento del hospital.

9- Que en los mismos períodos de tiempo antes referidos existía una enmienda en el contrato original 1986-87, que facultaba a la UCC a retener los recobros por conducto de servicios médicos prestados para personas con capacidad de pago y utilizar dichos fondos para lograr las metas trazadas en el consorcio educacional y de servicios conducentes al desarrollo de un CENTRO MEDICO DE EXCELENCIA, tanto en la calidad, servicios médicos como ciencia investigación. Los dineros del recobro fueron utilizados según la disposición de dicha enmienda.

10- El Departamento de Salud efectivamente y unilateralmente retuvo el pago de $2,056,197.59 de los dineros adeudados a UCC por Salud/AFASS en el contrato 1988-89 por servicios médicos PRESTADOS Y CERTIFICADOS en el HURRA.

11- Que la UCC entiende que la retención de los referidos pagos por Salud/AFASS es una ilegal y lleva años desde la retención tratando de que Salud reintegre los referidos dineros a la UCC.

12- Que con posterioridad, el Departamento de Justicia emitió una opinión legal de la cual la UCC difiere, pero que aún, bajo el análisis de esa opinión del entonces Secretario de Justicia, Angel L. Sabat, el Departamento de Justicia le adeudaba a la UCC la friolera de $635,847.70, los cuales no ha remitido.

13- Que es la contención de la UCC que la UCC no adeuda nada al Departamento de Salud y que el Departamento de Salud debe la totalidad de los $2,056,197.59 más intereses a tipo legal por tratarse de una reclamación por incumplimiento de contrato a tipo legal desde la fecha de la retención.

14- Que según se demostrará en este caso, la UCC ha efectuado innumerables esfuerzos, todos ellos infructuosos a través de los años, para que el Departamento de Salud reintegre los dineros que ilegalmente ha retenido de la UCC, todos sin éxito. Se incluye como **Exhibit C** resumen de situación preparado por la Dra. Nilda Candelario Fernández del 16 de noviembre de 2001 y **Exhibit D** reciente carta enviada al Departamento de Salud por conducto del Honorable Dr. Johnny Rullán del 13 de septiembre de 2004 con todos sus anejos, debido a que Salud ahora pretende retener, una vez más, los mismos dineros. Lo que pasa es que ahora, de una manera inexplicable, la cantidad que Salud reclama es de $2,080,711.12 por el mismo concepto de los $2,056,197.59 que ya habían sido previamente retenidos.

15- Que la UCC ha ofrecido a Salud efectuar negociaciones a esos efectos. Que una vez se contempló un arbitraje a esos efectos, vea comunicación entre el Banco Gubernamental de Fomento y la UCC, carta de

4

04

intención **Exhibit E**, el cual nunca se efectuó, a pesar de las solicitudes de la UCC, y en fin, llevamos aproximadamente cuatro (4) años tratando que Salud reintegre a la UCC los dineros antes referidos sin éxito alguno. Para colmo, ahora Salud pretende retener los mismos dineros por segunda vez, lo cual puede llevar a la UCC a la insolvencia y/o a cerrar operaciones. Además, con el pretexto de que no se han pagado los dineros que ya nos ha retenido el propio Departamento de Salud, ahora rehúsa efectuar pagos ascendientes a la cantidad de $1,125,000.00 en otro contrato independiente de docencia que adeuda Salud a la UCC, vea carta **Exhibit D**, del 13 de septiembre de 2004 de la Dra. Nilda Candelario Fernández al Dr. Johnny Rullán.

16- Que la retención de los antes referidos dineros viola los contratos 1987-88, 1988-89, 1989-90 antes referidos y constituye incumplimiento de contrato, lo que le da derecho a la UCC a que se le devuelvan los dineros más los intereses correspondientes a los mismos y en la eventualidad que estos procedan, costas, gastos y honorarios de abogado.

17- Que el Departamento de Salud al pretender retener dos veces los mismos dineros ilegalmente retenidos actúa con manos sucias y/o en mala fe, por lo que de ser necesario se solicita de este Honorable Tribunal se otorgue un remedio extraordinario acorde a las Reglas de Procedimiento Civil, ya que lo que está en juego es la supervivencia económica de la UCC por actuaciones ilegales de Salud al pretender retener dos veces los mismos dineros en controversia y al rehusar efectuar pagos vencidos y exigibles por el contrato de docencia ascendiente a la cantidad adicional de $1,125,000.00, basándose en los pretextos antes descritos.

18- Que en la alternativa, la retención por Salud de todos los antes referidos dineros adeudados que son líquidos y exigibles a la UCC son actos ilegales en violación de contrato que constituyen enriquecimiento injusto a costa de una entidad sin fines pecuniarios que se dedica meramente a la prestación de servicios educativos para beneficios del pueblo del Estado Libre Asociado de Puerto Rico y de la educación médica y salud de esta Isla.

5

05

POR TODO LO CUAL, muy respetuosamente se solicita de este Honorable Tribunal, previo a los trámites de rigor, declare con lugar la presente demanda y ordene a Salud que:

(a) Cese y desista de inmediato de la doble retención pretendida.

(b) Desembolse los $1,125,000.00 del contrato de docencia del año 2003-2004 que son líquidos y exigibles.

(c) Ordene el pago total o parcial de los $2,056,197.59 retenidos a la UCC.

(d) Tome cualquier otra providencia que en derecho corresponda.

RESPETUOSAMENTE SOMETIDO: En San Juan, Puerto Rico, a 21 de octubre de 2004.

**GONZALEZ BADILLO & DE JESUS MARTINEZ**
1055 AVE. J. F. KENNEDY SUITE 303
SAN JUAN PUERTO RICO 00920-1713
TEL. 787-749-0233 – 787-782-9440
FAX. 787-782-7590

POR: _____
OSCAR GONZALEZ BADILLO
COL. 7193



ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | | |
|---|---|---|
| UNIVERSIDAD CENTRAL DEL CARIBE, INC., ("UCC") | * | CIVIL NUM. KAC04-7269 (8070 |
| Demandante | | |
| Vs. | * | SOBRE: |
| ESTADO LIBRE ASOCIADO DE PR DEPARTAMENTO DE SALUD DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO; ADMINISTRACION DE FACILIDADES Y SERVICIOS DE SALUD ("AFASS"); PERSONAS NATURALES O JURIDICAS DESCONOCIDAS "A" y "B"; COMPAÑÍAS ASEGURADORAS DESCONOCIDAS "X" y "Y" | * * | RETENCION ILEGAL DE DINEROS CORRESPONDIENTES A UCC POR CONTRATACION CON DEPARTAMENTO DE SALUD/AFASS; INCUMPLIMIENTO DE CONTRATO ENRIQUECIMIENTO INJUSTO |
| Demandados | | |

**DEMANDA ENMENDADA**

AL HONORABLE TRIBUNAL:

COMPARECE la parte demandante, **UNIVERSIDAD CENTRAL DEL CARIBE, INC. ("UCC")** por conducto de su representación legal que suscribe y muy respetuosamente incoa Demanda en contra del Departamento de Salud del Estado Libre Asociado de Puerto Rico y de la Administración de Facilidades y Servicios de Salud ("AFASS"), así como las personas naturales o jurídicas desconocidas "A" y "B" que pudieran tener inherencia en este litigio y las aseguradoras desconocidas "X" y "Y":

1- La Universidad Central del Caribe, Inc., en adelante denominada ("UCC"), es una corporación nativa sin fines de lucro, organizada en conformidad con las Leyes del Estado Libre Asociado de Puerto Rico, cuyo lugar principal de negocios es: Avenida Laurel, Urbanización Santa Juanita, Bayamón, Puerto Rico 00960, tel. (787) 798-3001.

2- Las demandadas, Departamento de Salud del Estado Libre Asociado de Puerto Rico, en adelante denominado ("SALUD"), y la Administración de Facilidades de Servicios de Salud, en adelante

07

denominado ("AFASS"), son, según nuestra mejor información y conocimiento, dependencias del Estado Libre Asociado de Puerto Rico, sus respectivas direcciones son:

    (a) Departamento de Salud: P. O. Box 70184, San Juan, Puerto Rico 00936-8184.

    (b) AFASS c/o Departamento de Salud: P. O. Box 70184, San Juan, Puerto Rico 00936-8184.

3- El Estado Libre Asociado de Puerto Rico, según nuestra mejor información y conocimiento, es la entidad que por conducto de Salud y de AFASS ha efectuado las retenciones ilegales objeto de la Demanda de autos. Con fecha del 3 de agosto de 2004 le fue cursada carta a la Secretaria de Salud, Hon. Anabelle Rodríguez, **Exhibit A,** sobre intención de demanda.

4- Que allá para los años fiscales 1987-88, 1988-89, 1989-90, entre otros, la UCC, mediante contratación con Salud y AFASS prestaba servicios médicos en las facilidades del Hospital Universitario Dr. Ramón Ruiz Arnau, en adelante denominado ("HURRA") también conocido como "Hospital Regional de Bayamón". Durante esos años, la UCC recibía dineros de Salud/AFASS/ELA, en adelante denominados indistintamente como ("SALUD") por la prestación de servicios médicos en diversas dependencias.

La UCC, a su vez, por lo general sub-contrataba con diversos grupos médicos para que prestasen servicios en las diversas dependencias del hospital, i.e. Departamento de Medicina Interna, Departamento de Pediatría, Departamento de Emergencia, a veces Departamento de Obstetricia y Ginecología y otros. La administración del Hospital estaba a cargo de Salud, quien no sólo era el dueño de las facilidades, sino que proveía los materiales, personal administrativo, enfermeras, laboratorios, algunos médicos, paramédicos, medicinas y tenía su propia facultad, así como nombraba el Director Médico. La UCC meramente administraba la prestación de los servicios médicos en los departamentos que le fueran contratados acorde los diversos contratos con Salud/AFASS.

5- Que durante los años fiscales en cuestión, 1987-88, 1988-89, 1989-90, la UCC prestó los servicios, los cuales fueron certificados como correctos por Salud y la administración del hospital, efectuándose los desembolsos correspondientes.

6- Que muchos años después, allá para octubre de 1999, el Departamento de Salud, a base de unas auditorías internas, efectuó un reclamo de $2,211,052.12 a la UCC, vea carta del 21 de septiembre de 1999, **Exhibit B**, por la oficina del Lcdo. Gerardo Cruz Arroyo, Director Oficina Legal de Salud, a la UCC, por alegados fondos no usados por la UCC en plazas y puestos en el hospital, así como por unos recobros de servicios médicos alegadamente no utilizados en el hospital para los años 1987-88, 1988-89 y 1989-90.

7- Estos reclamos se basaron en unas auditorías para Salud efectuadas por la firma de Santos, Carro & Caballero, que no le habían sido notificadas a la UCC.

8- Que para los años que cubre la auditoría de Santos, Carro & Caballero, a excepción de los primeros cuatro meses del año fiscal 1987-88, existía una enmienda al contrato original (1986-87) que facultaba a la UCC para reclutar la calidad y cantidad de médicos necesarios para los servicios sin especificar números específicos de plaza por departamento del hospital.

9- Que en los mismos períodos de tiempo antes referidos existía una enmienda en el contrato original 1986-87, que facultaba a la UCC a retener los recobros por conducto de servicios médicos prestados para personas con capacidad de pago y utilizar dichos fondos para lograr las metas trazadas en el consorcio educacional y de servicios conducentes al desarrollo de un CENTRO MEDICO DE EXCELENCIA, tanto en la calidad, servicios médicos como ciencia investigación. Los dineros del recobro fueron utilizados según la disposición de dicha enmienda.

10- El Departamento de Salud efectivamente y unilateralmente

3

09

retuvo el pago de $2,056,197.59 y/u otras sumas adicionales de los dineros adeudados a UCC por Salud/AFASS en el contrato 1988-89 por servicios médicos PRESTADOS Y CERTIFICADOS en el HURRA.

11- Que la UCC entiende que la retención de los referidos pagos por Salud/AFASS es una ilegal y lleva años desde la retención tratando de que Salud reintegre los referidos dineros.

12- Que con posterioridad, el Departamento de Justicia emitió una opinión legal de la cual la UCC difiere, pero que aún, bajo el análisis de esa opinión del entonces Secretario de Justicia, Angel L. Sabat, el Departamento de Justicia le adeudaba a la UCC la friolera de $635,847.70, los cuales no ha remitido.

13- Que es la contención de la UCC que la UCC no adeuda nada al Departamento de Salud y que el Departamento de Salud debe la totalidad de los aproximadamente $2,056,197.59 y/u otras sumas adicionales más intereses a tipo legal por tratarse de una reclamación por incumplimiento de contrato a tipo legal desde la fecha de la retención.

14- Que según se demostrará en este caso, la UCC ha efectuado innumerables esfuerzos, todos ellos infructuosos a través de los años, para que el Departamento de Salud reintegre los dineros que ilegalmente ha retenido de la UCC, todos sin éxito. Se incluye como **Exhibit C** resumen de situación preparado por la Dra. Nilda Candelario Fernández del 16 de noviembre de 2001 y **Exhibit D** reciente carta enviada al Departamento de Salud por conducto del Honorable Dr. Johnny Rullán del 13 de septiembre de 2004 con todos sus anejos, debido a que Salud ahora pretende retener, una vez más, los mismos dineros. Lo que pasa es que ahora, de una manera inexplicable, la cantidad que Salud reclama es de $2,080,711.12 por el mismo concepto de los $2,056,197.59 que ya habían sido previamente retenidos.

15- Que la UCC ha ofrecido a Salud efectuar negociaciones a esos efectos. Que una vez se contempló un arbitraje a esos efectos, vea comunicación entre el Banco Gubernamental de Fomento y la UCC, carta de

4

10

intención **Exhibit E**, el cual nunca se efectuó, a pesar de las solicitudes de la UCC, y en fin, llevamos aproximadamente cuatro (4) años tratando que Salud reintegre a la UCC los dineros antes referidos sin éxito alguno. Para colmo, ahora Salud pretende retener los mismos dineros por segunda vez, lo cual puede llevar a la UCC a la insolvencia y/o a cerrar operaciones.

16- Que la retención de los antes referidos dineros viola los contratos 1987-88, 1988-89, 1989-90 antes referidos y constituye incumplimiento de contrato, lo que le da derecho a la UCC a que se le devuelvan los dineros más los intereses correspondientes a los mismos y en la eventualidad que estos procedan, costas, gastos y honorarios de abogado.

17- Que en la alternativa, la retención por Salud de todos los antes referidos dineros adeudados que son líquidos y exigibles a la UCC son actos ilegales en violación de contrato que constituyen enriquecimiento injusto a costa de una entidad sin fines pecuniarios que se dedica meramente a la prestación de servicios educativos para beneficios del pueblo del Estado Libre Asociado de Puerto Rico y de la educación médica y salud de esta Isla.

POR TODO LO CUAL, muy respetuosamente se solicita de este Honorable Tribunal, previo a los trámites de rigor, declare con lugar la presente demanda y ordene a Salud que:

(a) Cese y desista de inmediato de la doble retención pretendida.
(b) Ordene el pago total o parcial de los $2,056,197.59 retenidos a la UCC.
(c) Tome cualquier otra providencia que en derecho corresponda.

RESPETUOSAMENTE SOMETIDO: En San Juan, Puerto Rico, a 7 de marzo de 2005.



**GONZALEZ BADILLO & DE JESUS MARTINEZ**
1055 AVE. J. F. KENNEDY SUITE 303
SAN JUAN PUERTO RICO 00920-1713
TEL. 787-749-0233 – 787-782-9440
FAX. 787-782-7590

POR: _____
OSCAR GONZALEZ BADILLO
COL. 7193

5

11