**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY'S OBJECTION TO APPLICATION OF COFINA AGENT FOR ENTRY OF ORDER AUTHORIZING RETENTION OF CENTERVIEW PARTNERS LLC AS FINANCIAL ADVISOR AND EXPERT [ECF No. 1273]**

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), as the entity authorized to act on behalf of the Debtor entities under its authority under the Enabling Act of the Fiscal Agency and Financial Advisory Authority, Act 2-2017, respectfully submits this objection to the *Application of COFINA Agent for Entry of Order Authorizing Retention of Centerview Partners LLC as Financial Advisor and Expert* [ECF No. 1273] and states as follows:[2]

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]     As used in this Objection, (i) "Agents" shall mean the Commonwealth and COFINA Agents together; (ii) "Application" shall mean *Application of COFINA Agent for Entry of Order Authorizing Retention of Centerview Partners LLC as Financial Advisor and Expert* [ECF No. 1273]; (iii) "Centerview" shall mean Centerview Partners LLC; (iv) "COFINA" shall mean the Puerto Rico Sales Tax Financing Authority; (v) "COFINA Agent" shall mean Bettina Whyte, appointed as the agent for the Oversight Board, in its capacity as representative of COFINA in its Title III case pursuant to PROMESA section 315(b), under the Stipulation and Order; (vi) "COFINA Enabling Act"

## PRELIMINARY STATEMENT

1. The COFINA Agent seeks to retain Centerview, among other things, to: (i) "familiarize itself with the current fiscal condition and prospects of the Commonwealth of Puerto Rico . . . and COFINA, including the Commonwealth's and COFINA's financial projections and forecasts"; (ii) "review and evaluate COFINA's capital structure and advise on possible restructuring strategies . . ."; and (iii) provide an expert "to testify in hearings in connection with the Commonwealth-COFINA Dispute." (Application, Ex. B ¶ 1.) AAFAF objects to this Application because the proposed engagement far exceeds the COFINA Agent's narrowly tailored authority under the Stipulation and Order and is unnecessary to resolve the Commonwealth-COFINA Dispute. That dispute concerns one question: Whether the Pledged Sales Taxes "are property of the Commonwealth or COFINA under applicable law." (Stipulation and Order ¶ 4.) Moreover, the COFINA Agent has agreed to pay Centerview a flat fee of $1.75 million (*see* Application ¶ 15), an unreasonable sum for the mere *four months* of work proposed. Furthermore, the engagement letter includes separate indemnification provisions (*see id.* ¶ 21) that are unnecessary in light of PROMESA section 105. The Application to retain Centerview should therefore be denied in its entirety.

---

shall mean Act 91-2006, as subsequently amended, P.R. Laws. Ann. tit. 13, §§ 11a-16; (vii) "Commonwealth" shall mean the Commonwealth of Puerto Rico; (viii) "Commonwealth Agent" shall mean the Official Committee of Unsecured Creditors, appointed as agent for the Oversight Board, in its capacity as representative of the Commonwealth in its Title III case under PROMESA section 315(b), under the Stipulation and Order; (ix) "Complaint" shall mean the complaint filed by the Commonwealth Agent against the COFINA Agent, commencing an adversary proceeding styled as *The Official of Unsecured Creditors of the Commonwealth of Puerto Rico, as agent of the Commonwealth of Puerto Rico v. Bettina Whyte, as agent of the Puerto Rico Sales Tax Financing Corporation*, Adv. Proc. No. 17-257-LTS (D. P.R. Sept. 8, 2017) [ECF No. 1]; (x) "Counterclaims" shall mean the *Answer, Defenses, and Counterclaims of the Appointed Agent of the Puerto Rico Sales Tax Financing Corporation (COFINA)* [Adv. Proc. No. 17-257-LTS, ECF No. 27]; (xi) "Engagement Letter" shall mean the agreement entered between Willkie and Centerview dated August 21, 2017, attached as Exhibit B to the Application; (xii) "Pledged Sales Taxes" shall have the meaning assigned to it in the Stipulation and Order; (xiii) "PROMESA" shall mean the Puerto Rico Oversight, Management, and Economic Stabilization Act, 48 U.S.C. § 2101, *et seq.*; (xiv) "Oversight Board" means the Financial Oversight and Management Board for Puerto Rico; (xv) "Stipulation and Order" means the *Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA Dispute* [ECF No. 996]; and (xvi) "Willkie" shall mean Willkie Farr & Gallagher LLP. Unless otherwise specified, all emphasis is added, and all citations and quotations are omitted.

## BACKGROUND

2. On August 10, 2017, the Court entered the Stipulation and Order by and among (i) the Oversight Board, (ii) AAFAF, and (iii) the major general obligation bondholder groups, the major COFINA bondholder groups, and certain monoline insurers.

3. The Stipulation and Order appointed (i) the Commonwealth Agent as agent for the Oversight Board in its capacity as representative of Title III debtor the Commonwealth under PROMESA section 315(b), and (ii) the COFINA Agent as agent for the Oversight Board in its capacity as representative of Title III debtor COFINA under PROMESA section 315(b). (Stipulation and Order ¶¶ 4.a-4.b.) The Stipulation and Order appoints the Agents *solely* to "litigat[e] and/or settl[e] the Commonwealth-COFINA Dispute on behalf of" their respective debtors. (*Id.* ¶ 4.) The Commonwealth-COFINA Dispute is limited to answering the narrow question of "[w]hether, after considering all procedural and substantive defenses and counterclaims, including constitutional issues, the sales and use taxes purportedly pledged by COFINA to secured debt . . . are property of the Commonwealth or COFINA under applicable law." (*Id.*)

4. On September 8, 2017, the Commonwealth Agent filed the Complaint against the COFINA Agent. On September 15, 2017, the COFINA Agent filed the Counterclaims.

5. On September 11, 2017, the COFINA Agent filed the Application seeking authority for Willkie, as counsel to the COFINA Agent, to retain Centerview as financial advisor and expert for the COFINA Agent.

6. On September 19, 2017, the Oversight Board filed the *Objection of COFINA to Application of COFINA Agent for Entry of Order Authorizing Retention of Centerview Partners LLC As Financial Advisor and Expert* [ECF No. 1352] arguing, among other things, that (i) the

3

Application exceeds the COFINA Agent's authority; and (ii) Centerview cannot be engaged in support of counterclaims that are beyond the Stipulation and Order's scope. That same day, the Oversight Board also filed *Objection of Debtors to COFINA Agent's Motion Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(a) for Order: (I) Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent; (II) Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals* [ECF No. 1348], which, among other things, further challenged the Application to retain Centerview and noted that the Counterclaims exceeded the COFINA Agent's authority.

## OBJECTION

**I. THE COFINA AGENT CANNOT RETAIN CENTERVIEW FOR AN ENGAGEMENT THAT EXCEEDS THE COFINA AGENT'S AUTHORITY .**

7. Granting the Application will add $1.75 million in extra fees to this case for no valid reason, because the COFINA Agent lacks authority to engage in the tasks for which it proposes to retain Centerview. The Application should therefore be denied.

8. The Oversight Board delegated its authority to the COFINA Agent solely to litigate or settle the Commonwealth-COFINA Dispute. (Stipulation and Order ¶ 4.) The Commonwealth-COFINA Dispute is a narrow dispute that presents a *legal* issue regarding ownership of the Pledged Sales Taxes. (*Id.*) That issue does not implicate the Commonwealth's or COFINA's current financial condition or future prospects. Nor does COFINA's capital structure have any bearing on who owns the Pledged Sales Taxes as between the Commonwealth and COFINA. Given that, it is hard to fathom on what subject any financial advisor would testify as an expert in this dispute.

9. The COFINA Agent has no authority to do anything other than litigate or settle the narrow ownership question. (*Id.* ¶ 4.m.) And the Stipulation and Order restricts the COFINA

4

Agent's authority to those powers necessary to carry out those functions. In particular, the Stipulation and Order expressly limits the COFINA Agent's authority by providing that (i) "[e]ach Agent shall have the rights of its respective debtor *solely* in respect of the conduct of the litigation and settlement of the Commonwealth-COFINA Dispute" (*id.* ¶ 4.f); and (ii) "[f]or the avoidance of doubt, the litigation or negotiation by the Agents *shall not* include issues other than the Commonwealth-COFINA Dispute," (*id.* ¶ 4.m). Moreover, the Stipulation and Order expressly prohibits the COFINA agent from participating in any aspect of the Title III cases aside from litigating the Commonwealth-COFINA Dispute and ensuring that any settlement it reaches is accurately reflected in a plan of adjustment. (Stipulation and Order ¶ 4.i ("[O]ther than with respect to ensuring that such settlement is properly embodied within the title III plan of adjustment in the COFINA title III case, the COFINA Agent shall not participate in the negotiations of a title III plan of adjustment in the COFINA title III case.").) And yet, the COFINA Agent has filed the type of retention application that would be filed for a financial advisor with no restraints.

10. The Commonwealth-COFINA Dispute does not call for expert testimony, let alone financial expert testimony: It is a legal dispute. Thus, any Centerview expert testimony offered would almost certainly be inadmissible. *See Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997) ("[E]xpert testimony on . . . purely legal issues is rarely admissible."); *see also Burkhart v. Washington Metropolitan Area Transit Authority*, 112 F.3d 1207, 1212 (D.C. Cir. 1997) ("Expert testimony that consists of legal conclusions cannot properly assist the trier of fact in either respect and thus is not [admissible].").

11. The request to hire Centerview is one link in a chain of the COFINA Agent's overstepping her authority. With the exception of the COFINA Agent's First Cause of Action,

5

all her remaining counterclaims go beyond the scope of the Commonwealth-COFINA Dispute as defined by the Stipulation and Order. (*See* Stipulation and Order ¶ 4.) For example, the Second through Eighth Causes of Action in her Counterclaim allege claims that (i) are predicated on or presuppose that COFINA already owns the Pledged Sales Taxes, and thus, by definition, are beyond the scope of the Commonwealth-COFINA Dispute; (ii) can only be brought by the bondholders and could never have been asserted by the Oversight Board; and/or (iii) have no bearing on whether the Pledged Sales Taxes are property of the Commonwealth or COFINA.

12. In perhaps the most blatant effort to exceed its delegated authority, the COFINA Agent requests a judgment dismissing COFINA's Title III case. (*Id.* at 41.) This request is unrelated to the question of which entity owns the Pledged Sales Taxes, and amounts to an unauthorized repudiation of the decision made by the Oversight Board (after COFINA's request) to commence a Title III case for COFINA. PROMESA prohibits the COFINA Agent from seeking this relief, in any event. PROMESA Section 104(b) limits Oversight Board agents to actions that the Oversight Board has authorized the agent to take. 48 U.S.C. § 2124(b). Nothing in the Stipulation and Order authorizes the COFINA Agent to dismiss COFINA's Title III case and the Oversight Board has unequivocally taken the position that she was not authorized to do so. (*See* ECF No.1348 ¶ 1).

13. Given that these claims exceed the COFINA Agent's narrow authority, any request to retain Centerview to assist in pursuing such claims should be denied.

14. The COFINA Agent also proposes to retain Centerview to conduct numerous other activities that go far outside the Commonwealth-COFINA Dispute's narrow bounds and concern broader restructuring efforts in the Title III cases. (*See* Application, Ex. B ¶ 1 (proposing to engaged Centerview to "familiarize itself with the current fiscal condition and

6

prospects of the Commonwealth of Puerto Rico" and "review and evaluate COFINA's capital structure and advise on possible restructuring strategies.")). The COFINA Agent has no role in the restructuring other than reviewing COFINA's plan of adjustment for compliance with any settlement the COFINA Agent may negotiate with the Commonwealth Agent. (*See* Stipulation and Order ¶ 4.i.) This does not require a financial advisor. The COFINA Agent cannot retain a financial advisor to "advise on possible restructuring strategies" because those actions are beyond the COFINA Agent's authority. Similarly, analyzing the "condition and prospects of the Commonwealth of Puerto Rico" is not relevant to litigating or settling the Commonwealth-COFINA Dispute.

15. The Application should be denied.

## II. CENTERVIEW'S PROPOSED FEES ARE UNREASONABLE.

16. The Stipulation and Order authorizes the COFINA Agent to retain "legal and other professionals it *reasonably* deems appropriate." (Stipulation and Order ¶ 4.d). The COFINA Agent's proposed retention of Centerview is *un*reasonable. As noted above, the COFINA Agent does not need a financial advisor to carry out its limited function under the Stipulation and Order. Financial analysis is not required to litigate the purely legal issues presented by the Commonwealth-COFINA Dispute. The COFINA Agent does not need assistance understanding COFINA's capital structure or projecting COFINA's revenues and debt service obligations to formulate a litigation and negotiation strategy. That calculation is straightforward. COFINA has issued two types of bonds—senior and subordinate sales tax revenue bonds. And the Pledged Sales Taxes are COFINA's only material source of revenue. Studying this simple capital structure and projecting future revenues and expenditures under it do not warrant a $1.75 million fee.

17. Moreover, the COFINA Agent has demanded that the Commonwealth backstop payment of her fees and expenses—which presumably include Centerview's costs—to the extent that they are not paid by COFINA. (*See* ECF No. 1121 ¶ 5.) For all the reasons stated in the concurrently filed objection to that motion, the COFINA Agent's request should be denied. The professional fees in the Title III actions—currently running millions of dollars per month—place a significant strain on the Commonwealth. And the island's decade-long economic depression's effects have been exacerbated by the devastating effects of Hurricanes Irma and Maria. The COFINA Agent's implicit demand that the Commonwealth devote its scarce resources to paying Centerview's unnecessary fees are particularly unreasonable in light of these facts and violates the terms of the Stipulation and Order. (Stipulation and Order ¶ 4.d. ("The Creditors' Committee's retained advisors [and] the COFINA Agent and its retained advisors . . . shall be compensated by the Debtor on whose behalf they are acting . . . .").)

18. Because the proposed fee is unreasonable, the Application should be denied.

### III. THE INDEMNIFICATION PROVISIONS IN THE ENGAGEMENT LETTER ARE IMPROPER.

19. The Engagement Letter's indemnification provisions are unnecessary and unreasonable in light of the immunity provided to "the Oversight Board, its members, and its employees" under PROMESA section 105. The Engagement Letter between Centerview and Willkie requires that "COFINA indemnify any and all Indemnified Persons [as defined in the Engagement Letter], and pay certain contributions and reimbursements to Centerview in accordance with the terms and conditions set forth in the Engagement Letter." (Application at ¶ 21.)

20. While there is no per se prohibition against indemnifying financial advisors, *United Artists Theatre Co. v. Watson*, 315 F.3d 217, 233-34 (3d Cir. 2003), indemnification

8

provisions in engagement letters with estate fiduciaries are extraordinary and warrant close scrutiny, *In re DEC Intern., Inc.*, 282 B.R. 423, 424 (W.D. Wis. 2002) (although not "unreasonable in all situations," indemnification provisions "need to be scrutinized with care"); *see also In re Drexel Burnham Lambert Group, Inc.*, 133 B.R. 13, (Bankr. S.D.N.Y. 1991) ("Indemnification is not consistent with professionalism" for fiduciaries).

21. If retained, Centerview would benefit from the Oversight Board's immunity under PROMESA section 105(a) for all acts within the scope of its authority under the Stipulation and Order. *See* 48 U.S.C. § 2125 (a) ("The Oversight Board, its members, and its employees shall not be liable for any obligation of or claim against the Oversight Board or its members or employees or the territorial government resulting from actions taken to carry out this Act."). Given this statutory immunity, the extraordinary indemnification provisions included in the Engagement Letter are unreasonable and unnecessary.

22. At minimum, the Application should be denied to the extent that it seeks to obligate COFINA to indemnify Centerview. *See In re Mogul-Global, Inc.*, 348 F.3d 390, 397 (3d Cir. 2003) ("[I]f presented with an application containing an unreasonable term or condition, [the court] may approve the application but correct the unreasonable term . . . .").

## RESERVATION OF RIGHTS

23. AAFAF reserves its rights with respect to any claim or argument in connection with the Complaint and Counterclaims.

*Remainder of Page Intentionally Left Blank*

Dated: October 6, 2017
       San Juan, Puerto Rico

Respectfully submitted,

*/s/ Peter Friedman*
John J. Rapisardi
Suzzanne Uhland
William J. Sushon
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

M. Randall Oppenheimer
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
400 South Hope Street
Los Angeles, California 90071
Tel: (213) 430-6000
Fax: (213) 430-6407

Peter Friedman
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414

*Attorneys for the Puerto Rico Fiscal*
*Agency and Financial Advisory Authority*

Respectfully submitted,

*/s/ Andrés W. López*
Andrés W. López
USDC No. 215311
**THE LAW OFFICES OF**
**ANDRÉS W. LÓPEZ, P.S.C.**
902 Fernández Juncos Ave.
San Juan, PR 00907
Tel: (787) 294-9508
Fax: (787) 294-9519

*Co-Attorney for the Puerto Rico Fiscal*
*Agency and Financial Advisory Authority*