UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |

**THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY'S OMNIBUS OBJECTION AND RESPONSE TO: (1) COFINA AGENT'S MOTION PURSUANT TO 48 U.S.C. § 2161 AND 11 U.S.C. § 105(a) FOR ORDER: (I) CONFIRMING THAT 48 U.S.C. § 2125 APPLIES TO COFINA AGENT; (II) CONFIRMING RETENTION OF LOCAL COUNSEL; AND (III) CLARIFYING PAYMENT OF FEES AND EXPENSES OF COFINA AGENT AND HER PROFESSIONALS [ECF No. 1121]; (2) RESPONSE OF COMMONWEALTH AGENT TO MOTION OF COFINA AGENT FOR ORDER CONFIRMING THAT 48 U.S.C. § 2125 APPLIES TO COFINA AGENT [ECF No. 1279]; AND (3) LIMITED OBJECTION OF BANK OF NEW YOUR MELLON, AS TRUSTEE, TO THE COFINA AGENT'S MOTION [ECF No. 1336]**

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), as the entity authorized to act on behalf of the Debtor entities under its authority under the Enabling Act of the Fiscal Agency and Financial Advisory Authority, Act 2-2017, respectfully submits this objection to (1) the *COFINA Agent's Motion Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(a) for Order: (I) Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent; (II)*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals* [ECF No. 1121]; (2) the *Response of Commonwealth Agent to Motion of COFINA Agent for Order Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent* [ECF No. 1279]; and (3) *Limited Objection of the Bank of New York Mellon, as Trustee, to the COFINA Agent's Motion* [ECF No. 1336], and states as follows: [2]

## PRELIMINARY STATEMENT

1. The COFINA Agent seeks an order confirming that it is entitled to protections given to the Oversight Board, its members, and its employees under PROMESA Section 105. (*See* Motion ¶ 5.) The Commonwealth Agent argues that it is entitled to the same protections. (*See* Response ¶ 2.) AAFAF agrees that the Agents are entitled to such protection as agents of

---

[2] As used in this Objection, (i) "Agents" shall mean the Commonwealth and COFINA Agents together; (ii) "BNYM" shall mean Bank of New York Mellon; (iii) "BNYM Objection" shall mean the *Limited Objection of the Bank of New York Mellon, as Trustee, to the COFINA Agent's Motion Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(a) for Order: (I) Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent; (II) Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals* [ECF No. 1336]; (iv) "COFINA" shall mean the Puerto Rico Sales Tax Financing Authority; (v) "COFINA Agent" shall mean Bettina Whyte, appointed as the agent for the Oversight Board, in its capacity as representative of COFINA in its Title III case pursuant to PROMESA section 315(b), under the Stipulation and Order; (vi) "COFINA Enabling Act" shall mean Act 91-2006, as subsequently amended, P.R. Laws. Ann. tit. 13, §§ 11a-16; (vii) "Commonwealth" shall mean the Commonwealth of Puerto Rico; (viii) "Commonwealth Agent" shall mean the Official Committee of Unsecured Creditors, appointed as agent for the Oversight Board, in its capacity as representative of the Commonwealth in its Title III case under PROMESA section 315(b), under the Stipulation and Order; (ix) "Complaint" shall mean the complaint filed by the Commonwealth Agent against the COFINA Agent, commencing an adversary proceeding styled as *The Official of Unsecured Creditors of the Commonwealth of Puerto Rico, as agent of the Commonwealth of Puerto Rico v. Bettina Whyte, as agent of the Puerto Rico Sales Tax Financing Corporation*, Adv. Proc. No. 17-257-LTS (D. P.R. Sept. 8, 2017) [ECF No. 1]; (x) "Counterclaims" shall mean the *Answer, Defenses, and Counterclaims of the Appointed Agent of the Puerto Rico Sales Tax Financing Corporation (COFINA)* [Adv. Proc. No. 17-257-LTS, ECF No. 27]; (xi) "Interpleader Order" shall mean the *Order Granting Interpleader Staying Pending and Future Litigation Against the Bank of New York Mellon, as Trustee, Pursuant to 28 U.S.C. § 2361, and Granting Related Relief* [Adv. Pro. No. 17-133, ECF No. 110]; (xii) "Pledged Sales Taxes" shall have the meaning assigned to it in the Stipulation and Order; (xiii) "PROMESA" shall mean the Puerto Rico Oversight, Management, and Economic Stabilization Act, 48 U.S.C. § 2101, *et seq.*; (xiv) "Motion" shall mean *COFINA Agent's Motion Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(a) for Order: (I) Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent; (II) Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals* [ECF No. 1121]; (xv) "Oversight Board" means the Financial Oversight and Management Board for Puerto Rico; (xvi) "Response" shall mean the *Response of Commonwealth Agent to Motion of COFINA Agent for Order Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent* [ECF No. 1279]; (xvii) "Resolution" shall mean the Sales Tax Bond Resolution, adopted July 13, 2007, and as amended and restated on June 10, 2009; and (xviii) "Stipulation and Order" means the *Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA Dispute* [ECF No. 996]. Unless otherwise specified, all emphasis is added, and all citations and quotations are omitted.

2

the Oversight Board under the Stipulation and Order. *But* PROMESA section 105 should apply to the Agents only insofar as they act within their authority under the Stipulation and Order. That authority is limited solely to litigating or otherwise resolving the simple question whether the Pledged Sales Taxes "are property of the Commonwealth or COFINA under applicable law." (Stipulation and Order ¶ 4.)

2. Unfortunately, both the Commonwealth and COFINA Agents have grossly exceeded that authority. Merely by way of example, the Commonwealth Agent claims to "breach, revoke, and/or reject" any contractual obligations between the Commonwealth and COFINA. (Compl. ¶¶ 73, 75.) And the COFINA Agent requests a judgment dismissing COFINA's Title III case. (Counterclaims at 41.) These claims are not only irrelevant to the question of ownership but also seek to usurp powers and rights reserved to the Debtors. Such unauthorized actions are not entitled to protection, and AAFAF intends to intervene and seek relief barring the Agents from squandering resources pursuing these rogue claims. In any event, the Motion should be denied to extent they illegitimately seek to expand PROMESA section 105 to cover actions or claims beyond the Agents' authority under the Stipulation and Order.

3. The COFINA Agent also requests that the Commonwealth be ordered to bear its attorneys' fees and costs if they are not paid by COFINA or BNYM. (*See* Motion ¶ 5.) BNYM has objected to this request to the extent that it would require BNYM to pay, because BNYM asserts the Commonwealth must do so. (*See* BNYM Objection ¶ 1.) These requests flout the Stipulation and Order, which requires the Commonwealth to bear only the fees and costs of the Commonwealth Agent. (Stipulation and Order ¶ 4.d.) These requests should also be denied.

3

## BACKGROUND

4. On August 10, 2017, the Court entered the Stipulation and Order by and among (i) the Oversight Board, (ii) AAFAF, and (iii) the major general obligation bondholder groups, the major COFINA bondholder groups, and certain monoline insurers.

5. The Stipulation and Order appointed (i) the Commonwealth Agent as an agent for the Oversight Board in its capacity as representative of Title III debtor the Commonwealth under PROMESA section 315(b), and (ii) the COFINA Agent as an agent for the Oversight Board in its capacity as representative of Title III debtor COFINA under PROMESA section 315(b). (Stipulation and Order ¶ 4.a-4.b.) The Stipulation and Order appoints the Agents *solely* to "litigate and/or settle the Commonwealth-COFINA Dispute on behalf of" their respective debtors. (*Id.* ¶ 4.) The Commonwealth-COFINA Dispute is limited to answering the narrow question "[w]hether, after considering all procedural and substantive defenses and counterclaims, including constitutional issues, the sales and use taxes purportedly pledged by COFINA to secured debt . . . are property of the Commonwealth or COFINA under applicable law." (*Id.*)

6. On August 21, 2017, the COFINA Agent filed the Motion seeking, among other things, an order: (i) providing the COFINA Agent and her professionals with the same protections under PROMESA section 105 as granted to the Oversight Board; and (iii) requiring the Commonwealth to pay her professional's fees if COFINA—or, at COFINA's request, BNYM—did not do so. (Motion ¶ 5.) On September 12, 2017, the Commonwealth Agent filed the Response seeking the same protections under PROMESA section 105. (Response ¶ 2.)

7. On September 8, 2017, the Commonwealth Agent filed the Complaint commencing litigation of the Commonwealth-COFINA Dispute. On September 15, 2017, the COFINA Agent filed the Counterclaims.

8. On September 11, 2017, the Oversight Board filed a statement in support of the COFINA Agent's Motion, arguing that *COFINA*, as opposed to the Commonwealth, should pay the COFINA Agent's fees and costs as administrative expenses pursuant to Bankruptcy Code Section 503(b)(4). (*See* ECF No. 1272 ¶ 2.) Subsequently, on September 19, 2017, the Oversight Board filed an objection to the COFINA Agent's request for PROMESA section 105 protections to the extent that the COFINA Agent acts beyond her authority. (*See* ECF No. 1348 ¶¶ 1-3.)

9. On September 19, 2017, BNYM filed its limited objection to the arguing that the COFINA Agent's fees and costs should not come from the COFINA funds held by BNYM for its and the COFINA bondholders benefit. (*See* BNYM Objection ¶ 1.)

**OBJECTION**

**I. PROMESA SECTION 105 PROTECTIONS SHOULD BE LIMITED TO ACTIONS WITHIN THE SCOPE OF THE AGENTS' AUTHORITY.**

10. The Agents should not receive protections under PROMESA section 105 insofar as they act beyond their authority. The Oversight Board delegated its authority to the Agents solely to litigate or settle the Commonwealth-COFINA Dispute. (Stipulation and Order ¶ 4.) The Commonwealth-COFINA Dispute is a narrow dispute that presents a legal issue regarding ownership of the Pledged Sales Taxes. (*Id.*) The Agents have no authority to do anything other than litigate or settle that question. Indeed, the Stipulation and Order expressly limits the Agents' authority, providing that (i) "[e]ach Agent shall have the rights of its respective debtor *solely* in respect of the conduct of the litigation and settlement of the Commonwealth-COFINA Dispute" (*id.* ¶ 4.f); and (ii) "[f]or the avoidance of doubt, the litigation or negotiation by the Agents *shall not* include issues other than the Commonwealth-COFINA Dispute" (*id.* ¶ 4.m).

5

11. Both Agents appear intent on exceeding their authority. The Complaint and Counterclaims include allegations, claims, and requests for relief that reach far beyond the Commonwealth-COFINA Dispute and arguably beyond the authority of the Oversight Board.

12. For example, the Commonwealth Agent claims in its Complaint that it seeks to "breach, revoke, and/or reject" any contractual obligations between the Commonwealth and COFINA. (Compl. ¶¶ 73, 75.) It has no authority to do so. Section 104(b) limits Oversight Board agents to actions that the Oversight Board has authorized the agents to take. 48 U.S.C. § 2124(b). And nothing in the Stipulation and Order authorizes the Commonwealth Agent to breach, revoke, or reject the Commonwealth's contracts, resolutions, or legislation. Moreover, PROMESA section 303 expressly reserves the power to control the territory and instrumentalities, including political and governmental powers, to the Commonwealth. *See* 48 U.S.C. § 2163 ("[T]his title does not limit or impair the power of a covered territory to control, by legislation or otherwise, the territory or any territorial instrumentality thereof in the exercise of the political or governmental powers of the territory or territorial instrumentality . . ."). The Stipulation and Order expressly reaffirmed that reservation of rights. (*See* Stipulation and Order ¶ 4.g ("Nothing herein waivers and rights of the Commonwealth and AAFAF under PROMESA section 303 and 305 . . .").)

13. In addition, the Commonwealth Agent challenges COFINA's constitutionality, alleging that COFINA's structure violates the so-called debt limit, balanced budget, and debt priority provisions of the Puerto Rico Constitution, Article VI, Sections 2, 7, and 8. (Compl. ¶¶ 138-174.) As alleged, these claims go beyond the question at issue, ownership of the Pledged Sales Tax. For these constitutional issues, the only question the Court should address, if

6

necessary, is whether the Puerto Rico Constitution requires that the Pledged Sales Taxes be made available to the Commonwealth.

14. The COFINA Agent's Counterclaims likewise overstep its delegated authority under the Stipulation and Order. With the exception of the First Cause of Action, all the COFINA Agent's remaining counterclaims exceed the Commonwealth-COFINA Dispute's narrow scope under the Stipulation and Order. (*See* Stipulation and Order ¶ 4.) For example, the Second through Eighth Causes of Action in her Counterclaim allege claims that (i) are predicated on or presuppose that COFINA already owns the Pledged Sales Taxes, and thus, by definition, are beyond the scope of the Commonwealth-COFINA Dispute; (ii) can only be brought by the bondholders and could never have been asserted by the Oversight Board; and/or (iii) have no bearing on whether the Pledged Sales Taxes are property of the Commonwealth or COFINA.

15. The COFINA Agent also requests a judgment dismissing COFINA's Title III case. (*Id.* at 41.) This request is unrelated to the question of which entity owns the Pledged Sales Taxes, and amounts to an unauthorized repudiation of the decision made by the Oversight Board (after COFINA's request) to commence a Title III case for COFINA. Again, under PROMESA 104(b) an agent's actions must be authorized. *See* 48 U.S.C. § 2124(b). Nothing in the Stipulation and Order authorizes the COFINA Agent to dismiss COFINA's Title III case and the Oversight Board has unequivocally taken the position that she was not authorized to do so. *See* ECF No.1348 ¶ 1.

16. In short, both the Commonwealth and COFINA Agents have strayed far beyond the limits of their delegated powers by filing everything-but-the-kitchen-sink pleadings that assert claims unrelated to the narrow issue they were appointed to litigate. AAFAF will pursue appropriate relief with regard to these claims. In any event, the Agents are not entitled to the

7

protections afforded by PROMESA section 105 for claims that are outside the scope of the Stipulation and Order. *See In re Allen*, 119 F.3d 1129 (4th Cir. 1997) (government agents "acting beyond the scope of their authority are not" entitled to statutory immunity).

## II. THE COMMONWEALTH SHOULD NOT BE OBLIGATED TO PAY THE COFINA AGENT'S FEES.

17. The COFINA Agent has also demanded that the Commonwealth backstop payment of her fees and expenses, which in the first instance would be charged to COFINA itself. (Motion ¶ 5.) This request should be denied.

18. The Stipulation and Order provides that "[t]he Creditors' Committee's retained advisors [and] the COFINA Agent and its retained advisors . . . shall be compensated by the Debtor on whose behalf they are acting . . . ." (Stipulation and Order ¶ 4.d.) No provision of the Stipulation and Order provides that the Commonwealth has or could have any responsibility for the COFINA Agent's fees. This is consistent with the American system's well-established default rule that "all litigants must pay their own attorneys' fees." *Fontanillas-Lopez v. Morell Bauza Cartagena & Dapena, LLC*, 832 F.3d 50, 59 (1st Cir. 2016). The COFINA Agent should not be permitted to flout the Stipulation and Order's plain language by forcing the Commonwealth to fund litigation against its interest.

19. COFINA is currently receiving the Pledged Sales Taxes. Under the COFINA Enabling Act and the Resolution, those Pledged Sales Taxes are deposited in the Dedicated Sales Tax Fund, a joint account of the Government Development Bank and COFINA at Banco Popular. (*See* Interpleader Order ¶ 2.) From the Dedicated Sales Tax Fund, the Pledged Sales Taxes are transferred to BNYM and held for "the party or parties ultimately determined by the Court to be entitled to [them]" under the Interpleader Order. (*Id.*) To ensure that the COFINA Agent and her professionals' fees are paid, COFINA should be permitted either to (i) retain funds

8

in the Dedicated Sales Tax Fund sufficient to pay the COFINA Agent and her professionals or (ii) direct BNYM to make such payments from the funds held pursuant to the Interpleader Order.

20. BNYM filed a limited objection to the Motion arguing that the COFINA Agent's fees and expenses should not be paid from the COFINA funds it holds for its and the COFINA bondholders' benefit. (BNYM Objection ¶ 1.) But BNYM and the COFINA bondholders—not the Commonwealth—stand to benefit from the COFINA Agent's litigating the Dispute. Indeed, the COFINA Agent brought some of her Counterclaims in the name of and for expressly the benefit of the COFINA bondholders. (*See e.g.,* Counterclaims ¶¶ 84-85, 111-116.) While these claims are beyond the scope of the Stipulation and Order, and AAFAF will seek appropriate relief to address that fact, this is just another example of how the COFINA bondholders are the beneficiaries of the COFINA Agent's efforts, and should accordingly bear her fees and costs, if COFINA cannot pay in the first instance.

21. The COFINA Agent may not foist her fees and expenses on the Commonwealth, which needs every penny now, more than ever, to rebuild in the wake of two devastating hurricanes.

22. For these reasons, the COFINA Agent's request that the Commonwealth bear the burden of its fees should be denied.

**RESERVATION OF RIGHTS**

23. AAFAF reserves its rights with respect to any claim or argument in connection with the Complaint and Counterclaims.

Dated: October 6, 2017
San Juan, Puerto Rico

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| */s/ Peter Friedman* | */s/* Andrés W. López |
| John J. Rapisardi | Andrés W. López |
| Suzzanne Uhland | USDC No. 215311 |
| William J. Sushon | **THE LAW OFFICES OF** |
| (Admitted *Pro Hac Vice*) | **ANDRÉS W. LÓPEZ, P.S.C.** |
| **O'MELVENY & MYERS LLP** | 902 Fernández Juncos Ave. |
| 7 Times Square | San Juan, PR 00907 |
| New York, NY 10036 | Tel: (787) 294-9508 |
| Tel: (212) 326-2000 | Fax: (787) 294-9519 |
| Fax: (212) 326-2061 | |
| | *Co-Attorney for the Puerto Rico Fiscal Agency and Financial Advisory Authority* |
| M. Randall Oppenheimer | |
| (Admitted *Pro Hac Vice*) | |
| **O'MELVENY & MYERS LLP** | |
| 400 South Hope Street | |
| Los Angeles, California 90071 | |
| Tel: (213) 430-6000 | |
| Fax: (213) 430-6407 | |

Peter Friedman
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414

*Attorneys for the Puerto Rico Fiscal
Agency and Financial Advisory Authority*