**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

---------------------------------------------------------- -x
In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
*et al.*

                 Debtors.[1]
--------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO ELECTRIC POWER
AUTHORITY ("PREPA"),[2]

                 Debtor.
---------------------------------------------------------- -x

PROMESA
Title III

No. 17 BK 4780-LTS
(Joint Administration Requested)

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808).

[2] The last four (4) digits of PREPA's federal tax identification number are 3747.

## ORDER PURSUANT
## TO PROMESA SECTIONS 316 AND 317 AND
## BANKRUPTCY CODE SECTION 105(A)
## APPOINTING A FEE EXAMINER AND RELATED RELIEF

Upon the *Urgent Motion of the United States Trustee Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) for Entry of Order Appointing a Fee Examiner and Related Relief* (the "Motion");[3] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA sections 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the United States Trustee provided adequate and appropriate notice of the Motion under the circumstances, including that the relief sought in the Motion is supported by good cause as contemplated by Bankruptcy Rule 9006, and that no other or further notice is required; and the Court having reviewed the Motion and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

    1.    The Motion is granted as set forth herein.

---

[3] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

## The Appointment of the Fee Examiner

2. Brady Williamson is hereby appointed to serve as Fee Examiner in the title III cases (and in all other title III cases filed by affiliates of the Debtors that are or become jointly administered with these title III cases, if any).

3. If the Fee Examiner position becomes vacant, the United States Trustee, after consultation with the Debtors and Statutory Committees, shall recommend a successor for appointment by the Court.

4. This Order applies to all professionals who will file Applications seeking compensation and expenses under PROMESA sections 316 and 317 in the title III cases (and in all other title III cases filed by affiliates of the Debtors that are or become jointly administered with these title III cases, if any) for services rendered in connection with the title III cases.

## Responsibilities and Authority of the Fee Examiner

5. The Fee Examiner shall, among other things, review and report on, as appropriate, the Applications filed by the professionals.

6. The Fee Examiner is responsible for monitoring, reviewing, and assessing all Applications for compliance with:

    a. The Motion;

    b. PROMESA sections 316 and 317;

    c. Rule 2016(a) of the Federal Rules of Bankruptcy Procedure;

    d. The Local Bankruptcy Rules;

    e. The Interim Compensation Order; and

    f. U.S. Trustee Guidelines.

7. The Fee Examiner has the authority to:

a. Develop case-specific guidelines supplementing, but not in conflict with, the authorities listed above

b. Establish procedures to facilitate preparation and review of the Applications, including;

 i. the use of specific forms and billing codes;

 ii. the submission of Applications to the Fee Examiner by electronic mail contemporaneously with the filing of each Application; and

 iii. the submission to the Fee Examiner by electronic mail of the fee detail containing the time entries and the expense detail ("Fee Detail") in the LEDES electronic format (for law firms) or Excel spreadsheets (for all professionals other than law firms). The Fee Examiner and any professional submitting data in Excel will work together to ensure the Fee Detail contains all necessary information. Fee Detail should be submitted contemporaneously with the submission of each Application.

c. Establish procedures to resolve disputes with the professionals concerning the Applications, including:

 i. Communicating concerns to the professionals about their Applications and requesting further information as appropriate;

 ii. Presenting reports to the professionals of the Fee Examiner's review of Applications describing the Fee Examiner's concerns;

 iii. Providing a copy of the Fee Examiner's reports to the U.S. Trustee;

 iv. Negotiating with the professionals any concerns the Fee Examiner has concerning Applications; and

      v. Resolving consensually any concerns the Fee Examiner has about Applications, subject to the Court's approval.

d. Request budgets and staffing plans from the professionals. Any budgets requested shall not limit the amount of fees or expenses that may be allowed or restrict the extent or scope of services that a professional may determine are necessary to fulfill professional responsibilities.

e. Appear and be heard on any matter before this Court or an appellate court regarding the Applications, including but not limited to:

      i. Filing comments and summary reports with the Court on Applications;

      ii. Objecting to Applications and litigating the objections;

      iii. Conducting discovery, including filing and litigating discovery motions or objections; and

      iv. Appealing, defending an appeal, or appearing in an appeal regarding an Application.

f. Retain professionals to represent or assist the Fee Examiner with his work under standards and procedures analogous to section 327 of the Bankruptcy Code and to have them compensated by the Debtors under standards and procedures analogous to those that apply to the professionals, including but not limited to PROMESA sections 316 and 317.

### Cooperation of Retained Professionals

8.     Professionals shall cooperate with the Fee Examiner in the discharge of his duties and shall promptly respond to requests from the Fee Examiner for information.

9. If a professional or its client provides privileged or work product information to the Fee Examiner and identifies the nature of such information to the Fee Examiner, the Fee Examiner shall treat such information as confidential. The disclosure of such information to the Fee Examiner shall not be deemed to be a waiver by the disclosing party of any applicable work product, attorney client, or other privilege.

### Fee Examiner Compensation and Reimbursement of Expenses

10. The Fee Examiner shall be entitled to reasonable compensation, including reimbursement of reasonable, actual, and necessary expenses, from the Debtors. The Fee Examiner's compensation and reimbursement shall be subject retrospectively to Court approval under standards and procedures analogous to those that apply to the professionals.

11. The Fee Examiner shall file interim and final fee applications under standards and procedures analogous to sections 316 and 317 of PROMESA.

12. The Fee Examiner is required to keep reasonably detailed time records and submit them with any interim or final fee application along with a narrative summary of services rendered.

13. The Fee Examiner's compensation and terms of appointment attached as **Exhibit B** to the Motion are hereby approved.

### Exculpation

14. The Fee Examiner shall be given the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of his duties. In addition to such immunity, no action may be commenced against the Fee Examiner in connection with Fee Examiner matters except in this Court and only with the prior approval of this Court, which retains exclusive jurisdiction.

**Reservations of Rights and Jurisdiction**

15. Nothing in this Order shall alter or impair the right of the United States Trustee or any party in interest to object to Applications subject to this Order. Nothing in this Order shall alter or modify prior orders governing the retention of professionals.

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

17. This Order resolves docket entry nos. 1296 and 1306 (17-3283); and docket entry nos. 297 and 302 (17-4780).

SO ORDERED.

Dated: October 6, 2017

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge