# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br>    as representative of <br><br> THE COMMONWEALTH OF PUERTO RICO, *et al.*, <br><br>    Debtors.[1] | PROMESA <br> Title III <br><br> No. 17 BK 3283-LTS <br><br> (Jointly Administered) |

**REPLY OF THE BANK OF NEW YORK MELLON, AS TRUSTEE, TO THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY'S OMNIBUS OBJECTION AND RESPONSE TO: (1) COFINA AGENT'S MOTION PURSUANT TO 48 U.S.C. § 2161 AND 11 U.S.C. § 105(a) FOR ORDER: (I) CONFIRMING THAT 48 U.S.C. § 2125 APPLIES TO COFINA AGENT; (II) CONFIRMING RETENTION OF LOCAL COUNSEL; AND (III) CLARIFYING PAYMENT OF FEES AND EXPENSES OF COFINA AGENT AND HER PROFESSIONALS [ECF NO. 1121]; (2) RESPONSE OF COMMONWEALTH AGENT TO MOTION OF COFINA AGENT FOR ORDER CONFIRMING THAT 48 U.S.C. § 2125 APPLIES TO COFINA AGENT [ECF NO. 1279]; AND (3) LIMITED OBJECTION OF BANK OF NEW YORK MELLON, AS TRUSTEE, TO THE COFINA AGENT'S MOTION [ECF NO. 1336]**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Bank of New York Mellon ("BNYM"), as trustee, through its undersigned counsel, hereby replies to the omnibus objection filed by The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") to: (i) the *COFINA Agent's Motion Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(a) for Order: (I) Confirming That 48 U.S.C. § 2125 Applies to COFINA Agent; (II) Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals* [ECF No. 1121] (the "Motion"); (ii) the Commonwealth Agent's response [ECF No. 1279] to the Motion; and (iii) BNYM's limited objection [ECF No. 1336] (the "Limited Objection") to the Motion; and, in support hereof, respectfully represents as follows:[2]

       1.     AAFAF agrees that the COFINA Agent and her professionals are entitled to be paid for their services in litigating and/or settling the Commonwealth-COFINA Dispute; AAFAF simply prefers that payment be made from funds that are outside its control. Citing the Resolution, the Bankruptcy Code, and case law, BNYM objects to payment with funds to which BNYM holds title, or are held by BNYM in trust for the benefit of itself and the Bondowners, or that are otherwise subject to BNYM's liens, security interests, and setoff rights. AAFAF does

---

[2] On September 18, 2017, the Clerk's Office for the United States District Court for the District of Puerto Rico issued a *Notice of Extension of Terms Due to Imminent Passage of Hurricane María* (the "Extension Notice"), which extended the deadlines for all filings due in these cases and related adversary proceedings between September 18 and 22, 2017, by five working days from the date the Courthouse reopens. Subsequently, this Court entered an order [ECF No. 1325] (the "Prior Order") stating that such extensions did not apply to the objection deadline for matters scheduled for the October 4, 2017 Omnibus Hearing. Accordingly, BNYM filed the Limited Objection on September 19, 2017—the original deadline to respond to the Motion. Later that afternoon, the Court withdrew the Prior Order, and directed that the Extension Notice governs all deadlines in these Title III cases. On September 29, 2017, the Court entered the *Order Regarding Matters Originally Noticed for October 4, 2017 Omnibus Hearing* [ECF No. 1381], requiring any objections to the Motion to be filed by October 6, 2017, and any replies to be filed by October 10, 2017. In its omnibus objection, AAFAF objected to BNYM's Limited Objection. BNYM files this reply to respond to AAFAF's objection.

not question BNYM's recitation of governing provisions of the Resolution, the Bankruptcy Code, or case law; it merely prefers that the payment be made from other people's money.[3]

2. There is no basis for AAFAF to question payment by COFINA from its own unencumbered funds—funds not owned by or subject to liens and security interests of BNYM. AAFAF's sole argument on this issue, that the Bondowners benefit from the work of the COFINA Agent, does not give AAFAF a right to reorder legal priorities without regard for contract and property rights—let alone to create some sort of preference.[4]

3. Similarly, there is no basis for AAFAF to deny the benefits accruing to the Commonwealth. The Oversight Board acknowledged that the Commonwealth "has an interest in COFINA resolving the Commonwealth-COFINA Dispute" and that, "if COFINA does not, or cannot, pay the allowed administrative expenses against it, the Commonwealth should do so because COFINA is its instrumentality." *See Statement in Support of COFINA Agent's Motion* [ECF No. 1272] ¶ 5. AAFAF cannot disavow the Commonwealth's commitment.

4. As set forth in the Limited Objection, COFINA's ability to pay legal fees from funds in BNYM's possession is constrained by the terms of the Resolution. BNYM holds legal title to the Pledged Sales Tax in its possession and, under its agreement with COFINA, funds may be distributed only in accordance with the Resolution. COFINA's limited contractual right to requisition funds held in trust by BNYM is suspended by the Interpleader Order. It would be premature to grant COFINA access to the Disputed Funds before its rights and interests are determined as part of Stage Two of the interpleader proceeding. Further, the COFINA Agent

---

[3] Capitalized terms used but not defined in this reply have the meanings given in the Limited Objection.

[4] AAFAF cannot challenge any rights and interests in funds held by BNYM outside the context of the interpleader action. *See Opinion and Order Denying Motion of the Committee of Unsecured Creditors, as Agent for the Commonwealth, to Intervene*, No. 17-00133-LTS, ECF No. 416, at 7-8 (claims and defenses raised in the interpleader proceeding "concern the rights of COFINA and its creditors *inter se*," and the interpleader will "remain in effect until entry of a final order of this Court directing the timing and manner of the disbursement of the Disputed Funds.") (internal quotations omitted).

may not be paid from the Pledged Sales Tax that has not yet been deposited with BNYM in the absence of adequate protection.

5. It is unclear what capacity AAFAF has to object. For purposes of the Motion, COFINA and the Commonwealth are represented by the Board. *See* 48 U.S.C. § 2175(b) ("The Oversight Board in a case under [title III] is the representative of the debtor."). AAFAF has no independent interest that would give it standing. Insofar as it would act for COFINA, it has a duty to defend the rights of BNYM and the Bondowners under the Resolution against all claims and demands. Resolution § 705. Insofar as AAFAF would act for the Commonwealth, it again has a duty not to limit or restrict COFINA's right to meet its obligations to the Bondowners. *Id.* § 706. The title III petitions of the Commonwealth and COFINA do not excuse them from their obligations.

WHEREFORE, BNYM respectfully requests that the Court enter an order sustaining the Limited Objection, denying the Motion to the extent that it seeks payment of the Agent/Professional Fees from funds that are held by BNYM in trust for the benefit of itself and the Bondowners or that are otherwise subject to BNYM's rights, liens, and security interests, and granting such other and further relief as may be just and proper.

*[The remainder of this page was intentionally left blank.]*

| | |
|---|---|
| Dated: October 10, 2017<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>SEPULVADO & MALDONADO, PSC |
| By: | /s/ Albéniz Couret-Fuentes<br>Elaine Maldonado-Matías<br>USDC-PR No. 217309<br>Albéniz Couret-Fuentes<br>USDC-PR Bar No. 222207<br>José Javier Santos Mimoso<br>USDC-PR Bar No. 208207<br>252 Ave. Ponce de León, Suite 1900<br>Citibank Tower San Juan, PR 00918<br>Telephone: (787) 765-5656<br>Facsimile: (787) 294-0073<br>Email: emaldonado@smlawpr.com<br>Email: acouret@smlawpr.com<br>Email: jsantos@smlawpr.com<br><br>REED SMITH LLP<br>Eric A. Schaffer (*pro hac vice*)<br>Luke A. Sizemore (*pro hac vice*)<br>225 Fifth Avenue, Suite 1200<br>Pittsburgh, PA 15222<br>Telephone: (412) 288-3131<br>Facsimile: (412) 288-3063<br>Email: eschaffer@reedsmith.com<br>Email: lsizemore@reedsmith.com<br><br>REED SMITH LLP<br>Kurt F. Gwynne (*pro hac vice*)<br>1201 N. Market Street, Suite 1500<br>Wilmington, DE 19801<br>Telephone: (302) 778-7550<br>Facsimile: (302) 778-7575<br>Email: kgwynne@reedsmith.com<br><br>*Counsel for The Bank of New York Mellon, as trustee* |