IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,* Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS)<br><br>(Jointly Administered) |

**REPLY IN SUPPORT OF COFINA AGENT'S MOTION PURSUANT TO
48 U.S.C. § 2161 AND 11 U.S.C. § 105(a) FOR ORDER: (I) CONFIRMING
THAT 48 U.S.C. § 2125 APPLIES TO COFINA AGENT; (II) CONFIRMING
RETENTION OF LOCAL COUNSEL; AND (III) CLARIFYING PAYMENT
OF FEES AND EXPENSES OF COFINA AGENT AND HER PROFESSIONALS**

Bettina M. Whyte, in her capacity as the Court-appointed representative ("**COFINA Agent**") for COFINA[2] in the Commonwealth-COFINA Dispute, through her undersigned counsel, respectfully submits this reply to the objections (the "**Objections**")[3] filed in opposition

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("**COFINA**") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("**HTA**") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

[3] See (i) *Limited Objection of the Bank of New York Mellon, as Trustee, to the COFINA Agent's Motion Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(a) for Order: (I) Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent; (II) Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals* [Dkt. No. 1336] (the "**BNYM Objection**"); (ii) *Objection of Debtors to COFINA Agent's Motion Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(a) for Order: (I) Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent; (II) Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals* [Dkt. No. 1348] (the "**Oversight Board Objection**"); and (iii) *The Puerto Rico Fiscal Agency and Financial Advisory Authority's Omnibus Objection and Response to: (1) COFINA Agent's Motion Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(a) for Order: (I) Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent; (II) Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals [ECF No. 1121]; (2) Response of Commonwealth Agent to Motion of COFINA Agent for Order Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent [ECF No. 1279]; and (3) Limited Objection of Bank of New York Mellon, As Trustee, to the COFINA Agent's Motion [ECF No. 1336]* [Dkt. No. 1407] (the "**AAFAF Objection**").

to the *COFINA Agent's Motion Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(a) for Order: (I) Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent; (II) Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals* [Dkt. No. 1121] (the "**Motion**") and respectfully represents as follows:

## REPLY

1. The COFINA Agent's ability to effectively litigate or settle the claims raised by the Commonwealth Agent in its Complaint, and those anticipated from prospective intervenors on the Commonwealth side, requires that she be cloaked with quasi-judicial immunity for all actions taken in good faith in protecting COFINA's interest in that litigation and the related mediation. It also requires that she and her professionals be fairly compensated regardless of the outcome of the litigation. Toward that end she must as a matter of fundamental fairness be empowered to raise all the claims and defenses that COFINA itself could assert that, in the exercise of her reasonable judgment, fall within the parameters of her court-ordered discretion. And she and her professionals must be compensated for the reasonable value of services rendered in good faith regardless of the outcome. AAFAF and the Oversight Board (while protesting to the contrary) seek to constrain Ms. Whyte and her professionals, on threat of imposing personal liability, to limit their claims or defenses to a select few, and their position threatens to impair the independent judgment of Ms. Whyte and her professionals by creating an environment where an adverse outcome in litigation results in nonpayment of fees. But no other party in litigation is so limited and no settlement can be reached unless all the leverage points of both sides are part of the discussion and factored into the final settlement. Creating an Agent to stand in the shoes of COFINA and then preemptively limiting her ability to assert the claims and defenses that, in the exercise of her reasonable judgment, COFINA should assert in response to

this challenge will result in a process that favors the Commonwealth over COFINA; certainly both AAFAF and the Oversight Board have an acknowledged conflict of interest that not only precludes them from representing COFINA but that also suggests that the positions asserted in their Objections are contrary to the best interests of the COFINA Agent and her constituencies. In any event the result of so limiting the scope of the COFINA Agent's immunity and her right to compensation for herself and her professionals is a lack of fundamental fairness and therefore due process.

2.  For the reasons explained below, the COFINA Agent must be protected from liability for work undertaken in the exercise of her Court-ordered discretion. Exposure to potential liability and threats of litigation serve no one other than parties looking to interfere with the Court-mandated process. Moreover, the COFINA Agent and her professionals, like the other professionals involved in these cases, should not be exposed to fee risk. There should not be any uncertainty as to their source of payment and reimbursement, because any situation otherwise would allow their judgments and motivations to be challenged. Accordingly, the Motion should be granted.

### A. The COFINA Agent Requires the Full Extent of PROMESA Protections to Accomplish Her Job.

3.  Through an order of this Court the Oversight Board was directed to authorize the COFINA Agent "to carry out the Oversight Board's responsibilities under PROMESA" in her role as "the COFINA representative to litigate and/or settle the Commonwealth-COFINA Dispute on behalf of COFINA."[4] Section 105 of PROMESA provides that: "The Oversight Board, its members, and its employees shall not be liable for any obligation of or claim against the Oversight Board or its members or employees or the territorial government resulting from

---

[4] Stipulation and Order ¶ 4(b).

actions taken to carry out this Act."[5] It should be undeniable that the COFINA Agent, acting in the Oversight Board's stead, and imbued with the powers of the Oversight Board, is protected by the same immunity the Oversight Board would be, were it performing the role it was ordered to delegate to the COFINA Agent.

4. Indeed, the COFINA Agent must enjoy the same protections the Oversight Board would have so long as she acts in accordance with the broad discretion granted her by this Court to maximize the return to COFINA's stakeholders by establishing COFINA's ownership of the sales and use taxes it pledged to secure COFINA's bonds. This Court has imposed on the COFINA Agent a "duty of good faith, care and loyalty."[6] Mediation has already commenced, and for the COFINA Agent to continue to serve, she must receive the same level of protections conferred on the Oversight Board by statute for any and all actions taken that she judges, in the reasonable exercise of her Court-ordered discretion, to be in furtherance of those duties.

5. The Oversight Board and AAFAF argue that if the COFINA Agent steps outside the bounds of what these parties believe to be her role, then the COFINA Agent loses the protections of the statute. But the COFINA Agent was appointed precisely because the Oversight Board cannot navigate the conflicts inherent in this inter-debtor dispute. For the same reason the Oversight Board could not faithfully and simultaneously represent COFINA's and the Commonwealth's interest, neither the Oversight Board nor AAFAF can be permitted to dictate and thereby chill the methods and arguments the COFINA Agent utilizes to represent COFINA's interests. The job of determining how best to represent COFINA's interests in the Commonwealth-COFINA Dispute has been delegated to the COFINA Agent, and she must be

---

[5] 48 U.S.C. § 2125.
[6] Stipulation and Order ¶ 4(f).

protected for carrying out her assignment. No objector has challenged the COFINA Agent's good faith.

6. For these reasons, the Stipulation and Order[7] by which the Court appointed the COFINA Agent contains multiple references to the COFINA Agent's discretion:

- "Each of the Commonwealth Agent and the COFINA Agent shall be entitled to retain legal and other professionals *it reasonably deems appropriate*." Stipulation and Order ¶ 4(d) (emphasis added).

- "In furtherance of [its fiduciary] duties, each Agent shall, with the advice and assistance of counsel, endeavor to the best of the Agent's ability under the circumstances to litigate and negotiate from *the perspective of what result is best for the Debtor the Agent represents*." Stipulation and Order ¶ 4(f) (emphasis added).

- "[E]ach Agent may consider what result, through litigation, negotiation and mediation, will render its Debtor best able to achieve fiscal responsibility and access to the capital markets, *in the judgment of each Agent*." Stipulation and Order ¶ 4(g) (emphasis added).

- [N]either the Oversight Board nor AAFAF shall have any right to contest any *judgment made by the Agents* pursuant to subparagraph (f) [subparagraph (f) establishes the Agents fiduciary duties to their respective Debtors]." Stipulation and Order ¶ 4(k) (emphasis added).

Absent this authority to determine how best to negotiate, settle, and/or litigate COFINA's interest in the sales and use tax that the COFINA enabling legislation requires to be deposited in an account owned by COFINA (the "**Pledged Sales Tax**"), the COFINA Agent would be unable to comply with her fiduciary duties and accomplish the task for which she was appointed. The entire purpose of appointing the COFINA Agent will be undermined if the Oversight Board and AAFAF are permitted at this early stage of the case to chill the COFINA Agent's decision-making authority and the means and tools at her disposal.

---

[7] See *Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA Dispute* [Dkt. No. 996] (the "**Stipulation and Order**") dated August 10, 2017.

7. AAFAF's objection illustrates the very reason the COFINA Agent needs PROMESA section 105 protections. The Commonwealth Agent's arguments run the gamut; from asserting the Commonwealth's purported right to reject agreements with COFINA, to attacking the constitutional underpinning of the COFINA legislation. AAFAF asserts these arguments exceed the scope of authority granted the Commonwealth Agent, and therefore should be excluded from the Commonwealth-COFINA Dispute. But the COFINA Agent must be able to defend against *any and all* arguments raised in the litigation whether or not they are ultimately determined to be within the scope of the dispute (an argument AAFAF and the Oversight Board will surely raise in the proper context). She has a fiduciary duty to COFINA's estate and should not have her decision making chilled by concerns that she is not protected when she acts in COFINA's best interest. Similarly, she must be free to bring the counterclaims that she believes in her discretion are appropriate.

8. Finally, the immunity being sought by the COFINA Agent is common in chapter 11 restructurings and other insolvency proceedings. In the First Circuit, bankruptcy trustees are entitled to quasi-judicial immunity in the execution of their fiduciary duties.[8] Similarly, courts have read the broad mandate given to unsecured creditors' committees pursuant to Bankruptcy Code section 1103(c) as triggering both fiduciary duties and corresponding immunity.[9] Courts extend immunity to these parties in insolvency cases so that they may carry out their official duties unburdened and unaffected by the threat of personal liability. The same considerations

---

[8] In re Mailman Steam Carpet Cleaning Corp., 196 F.3d 1, 7 (1st Cir. 1999). Also, Securities Investor Protection Act (SIPA) trustees also enjoy quasi-judicial immunity from personal liability, and can only be held liable for breaches of their fiduciary duties. Picard v. Chais (In re Bernard L. Madoff Inv. Secs. LLC), 440 B.R. 282, 290 (Bankr. S.D.N.Y. 2010).

[9] Philip v. L.F. Rothschild Holdings, Inc. (In re L.F. Rothschild Holdings, Inc.), 163 B.R. 45, 49 (S.D.N.Y. 1994).

apply with equal force here, and the Court should confirm that the COFINA Agent is protected by PROMESA Section 105 as an agent of the Oversight Board.

### B. The COFINA Agent and Her Professionals Should Be Paid From Sales Tax Revenue Before It Is Deposited in BNYM's Trust Account.

9. As an initial matter, the COFINA Agent, through counsel, is in communication with BNYM, AAFAF and the Oversight Board to try to find a workable, consensual solution that resolves the BNYM Objection and AAFAF Objection, and, if a consensual resolution is achieved, is prepared to file a revised order with respect to the payment of the fees and expenses of the COFINA Agent and her professionals in advance of any hearing on the Motion. In the event no consensual resolution is reached, the BNYM Objection and AAFAF Objection should be overruled for the reasons set forth below.

10. The COFINA Agent does not dispute that "consistent with the Commonwealth-COFINA Stipulation and representations made by the Oversight Board, the Agent/Professional Fees should be paid from unencumbered funds" and/or by the Commonwealth, if COFINA cannot pay. But the COFINA Agent does dispute BNYM's argument that the Court cannot authorize the COFINA Agent and her professionals to be paid with funds purportedly subject to BNYM's senior lien.[10] COFINA should be permitted to pay the Agent/Professional Fees from potentially encumbered funds, for at least two reasons: (a) BNYM and the Bondholders are adequately protected; and (b) the Court may authorize surcharging the expense of preserving secured parties' collateral.[11]

11. *First*, the Court should find that any BNYM security interest is adequately protected from diminution in value by the work the COFINA Agent and her professionals are

---

[10] BNYM Objection ¶ 12.
[11] Sections 361, 364(d), and 506 of the Bankruptcy Code are made applicable to this proceeding by section 301 of PROMESA. See 48 U.S.C. § 2161.

- 7 -

performing. Adequate protection is "not explicitly defined in the Bankruptcy Code" and its exact form is "flexible."[12] The COFINA Agent is the entity authorized and charged with the responsibility of maximizing the bondholders' collateral, because the Oversight Board is conflicted and admittedly cannot work in the best interests of COFINA's estate (at least with respect to the Commonwealth-COFINA Dispute). If the COFINA Agent and her professionals were not representing COFINA's interests in the Commonwealth-COFINA Dispute, COFINA's estate (and the bondholders' collateral) surely would be diminished. Thus, the work performed by the COFINA Agent and her professionals, in and of itself, serves as adequate protection of BNYM's interest to the extent necessary.

12. *Second*, the Bankruptcy Code contemplates and permits charging against a secured party's collateral "the reasonable, necessary costs and expenses of preserving . . . such property."[13] Bankruptcy courts routinely hold that it is appropriate to pay the legal fees incurred by the debtor in possession's law firm from secured creditor's collateral pursuant to section 506(c).[14] But the case here is stronger. If section 506(c) can be used to charge a secured party with the general costs of operating and reorganizing in chapter 11, then it certainly applies to the payment of the Agent/Professional Fees as the COFINA Agent's explicit mission is to protect COFINA's ownership of the Pledged Sales Tax, and thereby enhance the bondholders' collateral. For all the reasons ordered by the Court in the Stipulation and Order appointing the COFINA Agent (and her retention of professionals as authorized therein), payment of the

---

[12] See Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 532 (D.P.R. 2016).
[13] 11 U.S.C. § 506(c).
[14] See e.g., In re Reese, No. 06-50133, 2007 WL 4365777, at *4 (Bankr. N.D. Tex. Dec. 12, 2007); In re Croton River Club, Inc., 162 B.R. 656, 664 (Bankr. S.D.N.Y. 1993); see also In re Strategic Labor, Inc., 467 B.R. 11, 22 (Bankr. D. Mass. 2012) (recognizing attorneys' fees can be paid pursuant to section 506(c)).

Agent/Professional Fees are reasonable and necessary costs of preserving COFINA's ownership of BNYM's and the COFINA bondholders' collateral.

13. Accordingly, the COFINA Agent is amenable to AAFAF's suggestion that she and her professionals be paid from the Dedicated Sales Tax Fund. However, recourse to that account alone is insufficient. The Commonwealth must stand behind that obligation, and the AAFAF Objection should likewise be overruled. If the Commonwealth Agent prevails in the Commonwealth-COFINA Dispute, there may be no funds available to pay claims against COFINA in the Dedicated Sales Tax Fund, including professional fees. That possibility alone injects incentives and considerations that have no place in the wider Commonwealth-COFINA Dispute, and the COFINA Agent objects to any arrangement that could later be used to challenge her professionalism or her ability to fulfill her fiduciary responsibilities. AAFAF essentially is demanding that the COFINA Agent and her professionals work on a contingency fee basis and assume the risk of the negotiation and/or litigation. The Oversight Board appointed independent agents and did not oppose the Commonwealth paying the bill, because the Oversight Board surely wants a fair resolution devoid of all conflicts.[15] The only arrangement that furthers that worthwhile aim is for the COFINA Agent to be able to look to the Commonwealth if COFINA cannot or does not pay.

## **CONCLUSION**

14. For the reasons set forth above, the COFINA Agent respectfully requests that the Court overrule the Objections and enter an order substantially in the form attached to the Motion

---

[15] See *Statement in Support of COFINA Agent's Motion Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(a) for Order: (I) Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent; (II) Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals* [Dkt. No. 1272] at ¶ 5 ("Therefore, if COFINA does not, or cannot, pay the allowed administrative expenses against it, the Commonwealth should do so because COFINA is its instrumentality.").

(i) confirming that the protections provided to the Oversight Board pursuant to 48 U.S.C. § 2125 apply to the COFINA Agent and her employees with respect to the COFINA Agent's execution of her duties as provided in the Stipulation and Order; (ii) approving the COFINA Agent's employment and retention of Navarro-Cabrer; and (iii) clarifying that the Agent/Professional Fees shall be paid pursuant to the Interim Compensation Order or any other order of the Court either: (a) by COFINA (or, at COFINA's request, BNYM); or (b) if COFINA or BNYM do not or cannot pay the Agent/Professional Fees for any reason within the time periods required by the Interim Compensation Order or other order of the Court, by the Commonwealth within five (5) business days of being provided with written notice by the COFINA Agent or the affected professional that such Agent/Professional Fees have not so been paid.

Dated: October 10, 2017
      New York, New York

Respectfully submitted,

/s/ Paul V. Shalhoub

Matthew A. Feldman (*pro hac vice*)
Joseph G. Minias (*pro hac vice*)
Paul V. Shalhoub (*pro hac vice*)
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
*Counsel to the COFINA Agent*

Kenneth N. Klee (*pro hac vice*)
Daniel J. Bussel (*pro hac vice*)
Jonathan M. Weiss (*pro hac vice*)
**KLEE, TUCHIN, BOGDANOFF & STERN LLP**
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067
Telephone: (310) 407-4000
Facsimile: (310) 407-9090
*Special Municipal Bankruptcy Counsel to the COFINA Agent*

/s/ Nilda M. Navarro-Cabrer

Nilda M. Navarro-Cabrer
**NAVARRO-CABRER LAW OFFICES**
USDC–PR 20212
El Centro I, Suite 206
500 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Telephone: (787) 764-9595
Facsimile: (787) 765-7575
*Local Counsel to the COFINA Agent*