IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS)<br><br>(Jointly Administered) |

### REPLY IN SUPPORT OF COFINA AGENT'S APPLICATION
### FOR ENTRY OF AN ORDER AUTHORIZING RETENTION OF
### CENTERVIEW PARTNERS LLC AS FINANCIAL ADVISOR AND EXPERT

Bettina M. Whyte, in her capacity as the Court-appointed representative ("**COFINA**

**Agent**") for COFINA[2] in the Commonwealth-COFINA Dispute, through her undersigned

counsel, respectfully submits this reply to the objections[3] filed by the Oversight Board and the

Puerto Rico Fiscal Agency and Financial Advisory Authority ("**AAFAF**") in opposition to the

*Application of COFINA Agent for Entry of Order Authorizing Retention of Centerview Partners*

*LLC as Financial Advisor and Expert* [Dkt. No. 1273] (the "**Application**") and respectfully

represents as follows:

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("**COFINA**") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("**HTA**") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

[2]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

[3]    *See Objection of COFINA to Application of COFINA Agent for Entry of Order Authorizing Retention of Centerview Partners LLC as Financial Advisor and Expert* [Dkt. No. 1352] (the "**Oversight Board Objection**"), and *The Puerto Rico Fiscal Agency and Financial Advisory Authority Objection to Application of COFINA Agent for Entry of Order Authorizing Retention of Centerview Partners LLC as Financial Advisor and Expert* [Dkt. No. 1406] (the "**AAFAF Objection**" and with the Oversight Board Objection, the "**Objections**").

## REPLY

1. The Commonwealth-COFINA Dispute is being resolved by two judicially appointed Agents for a simple reason:  the Oversight Board cannot simultaneously and credibly represent COFINA and the Commonwealth in regards to this dispute.  AAFAF also finds itself sitting on both sides of the table with respect to this dispute.  The Objections demonstrate the inherent conflicts and reinforce the Court's judgment in appointing the COFINA Agent.  The Oversight Board's and AAFAF's opposition to the COFINA Agent's retention of a financial advisor, if sustained, would undermine the COFINA Agent's ability to satisfy her duty to COFINA's estate and force the COFINA Agent to litigate and negotiate the Commonwealth-COFINA Dispute with one arm tied behind her back.  For the reasons set forth below, the COFINA Agent respectfully asks that this Court overrule the Objections, and approve her Application to retain Centerview as a financial advisor and expert.

2. The Stipulation and Order specifically authorizes the relief sought in the Application by providing that the "COFINA Agent shall be entitled to retain legal *and other professionals it reasonably deems appropriate*"[4] to assist her to "litigate and/or settle the Commonwealth-COFINA Dispute on behalf of COFINA."[5]  The Stipulation and Order also imbues the COFINA Agent with a "duty of good faith, care and loyalty to the Debtor [she] represents" and charges her to "endeavor to the best of [her] ability under the circumstances to litigate and negotiate from the perspective of what result is best for the Debtor the Agent represents."[6]  In seeking to retain a financial advisor, the COFINA Agent is doing what she reasonably deems appropriate to litigate and negotiate on behalf of COFINA, and what she believes necessary to fulfill her fiduciary duties.

---

[4] Stipulation and Order ¶ 4(b) (emphasis added).
[5] *Id.* at ¶ 4(d).
[6] *Id.* at ¶ 4(f).

3.      In addition to granting the authority to hire a financial advisor, the Stipulation and Order outlines certain considerations that the COFINA Agent may take into account that require the assistance of a financial advisor and expert, such as "each Agent may consider what result, through litigation, negotiation and mediation, will render its Debtor best able to achieve fiscal responsibility and access to the capital markets, in the judgment of each Agent."[7]   That the COFINA Agent has decided to retain a financial advisor to help her determine what allows COFINA to "achieve fiscal responsibility" and "access to the capital markets" is an eminently reasonable exercise of the discretion granted to her under the Stipulation and Order.

4.      The Oversight Board and AAFAF argue that the determination of whether the Pledged Sales Tax is property of the Commonwealth or COFINA is "wholly legal in nature,"[8] and a "narrow dispute that present a *legal* issue."[9]  But the Stipulation and Order grants the COFINA Agent a larger role than merely assessing the legal merits of COFINA's claims. Indeed, the COFINA Agent is the appointed representative of COFINA's estate tasked with *negotiating* and *settling* a resolution that will have massive implications for COFINA creditors' recoveries.  To negotiate any settlement it is critical to understand the effect on both your constituents and the other sides' constituents.  Indeed, it is unreasonable to expect that the COFINA Agent could negotiate a fair resolution in good faith, and with due care and loyalty to COFINA, without the kind of comprehensive understanding of the financial motivations of the various parties which only a dedicated financial advisor can provide.  The COFINA Agent requires such advice to assess the financial motivations for not only COFINA's stakeholders (the Debtor for which she is a fiduciary), but also for the Commonwealth and its stakeholders (so that

---

[7]      Stipulation and Order ¶ 4(g).
[8]      Oversight Board Objection ¶ 1.
[9]      AAFAF Objection ¶ 8.

she can appropriately assess how the Commonwealth's financial considerations affect settlement
negotiations).

5.      The Oversight Board notes that the COFINA Agent is not empowered to propose
a plan of adjustment and accordingly mischaracterizes Centerview's proposed role of reviewing
the Commonwealth and COFINA's fiscal condition as "unauthorized restructuring efforts."[10]
But that is not the reason the COFINA Agent has sought to retain Centerview to assist her.
Rather than amplify the dispute, the input of a financial advisor could help uncover workable
solutions.  The Agents' (and all stakeholders') differing views of the Commonwealth's finances
have to coalesce for a negotiated resolution to be a real possibility.  The COFINA Agent's
financial advisor's role is not to design a plan of adjustment, but to understand all parties'
financial positions and help facilitate a resolution to this dispute.

6.      The Oversight Board and AAFAF also object to the COFINA Agent utilizing
Centerview to pursue certain counterclaims.  But the negotiation and mediation strategy of
acquiring a full understanding of the Commonwealth's fiscal picture goes hand in hand with the
litigation strategy of proactively defining the Commonwealth's enforceable obligations—
including via counterclaims that benefit from the advice of a financial advisor.  In fact, there is a
specific carve out to the limitations on the COFINA Agent's role in the Stipulation and Order
that covers "all potential claims by holders of COFINA bonds against the Commonwealth":

> For the avoidance of doubt, the litigation or negotiation by the Agents shall not
> include issues other than the Commonwealth-COFINA Dispute; *provided,*
> *however,* that any resolution of the Commonwealth-COFINA Dispute
> implemented under a title III plan of adjustment . . . may resolve all potential
> claims by holders of COFINA bonds against the Commonwealth.

> Stipulation and Order ¶ 4(m) (emphasis in original).

---

[10]      Oversight Board Objection ¶ 2.

Even if a final, non-appealable order from a court of proper jurisdiction is eventually entered that bars the COFINA Agent from pursuing certain claims, intervening parties may bring substantially similar claims, and the COFINA Agent will need the aid of financial professionals to understand the implications of such claims and fulfill her duties.

7.      The Objections to Centerview's fee structure should also be rejected.  First, the COFINA Agent believes that Centerview's compensation is reasonable in light of the substantial amount of work it will have to perform to provide the level of advice described herein. Moreover, the only objection the Oversight Board and AAFAF offer to the reasonableness of Centerview's fee structure is that the scope of work for which Centerview will be compensated falls outside the COFINA Agent's mandate.  For the reasons set forth above, these positions conflict with the plain meaning of the Stipulation and Order and the COFINA Agent's reasonable assessment of how best to fulfill her role and comply with her fiduciary duties.

8.      Finally, in two pleadings filed the same hour, AAFAF argues that:  Centerview's work is outside the COFINA Agent's mandate;[11] the COFINA Agent should not receive protections under PROMESA section 105 insofar as she acts beyond her authority;[12] and the indemnification provisions in Centerview's engagement letter are "unnecessary"[13] in light of the immunity granted by section 105(a) of PROMESA.  AAFAF should not be permitted to give with one hand and take with the other.  Given the Oversight Board and AAFAF's appetite to strip the COFINA Agent's statutory protection, it is wholly reasonable to seek additional

---

[11]    AAFAF Objection ¶¶ 7-15.

[12]    *The Puerto Rico Fiscal Agency and Financial Advisory Authority's Omnibus Objection and Response to: (1) COFINA Agent's Motion Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(a) for Order: (I) Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent; (II) Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals [ECF No. 1121]; (2) Response of Commonwealth Agent to Motion of COFINA Agent for Order Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent [ECF No. 1279]; and (3) Limited Objection of Bank of New York Mellon, As Trustee, to the COFINA Agent's Motion [ECF No. 1336]* [Dkt. No. 1407], ¶¶ 10-16.

[13]    AAFAF Objection ¶ 19.

assurance that Centerview will have recourse in the event it is sued for doing its job. Moreover, the indemnification provision is an integral piece of Centerview's retention, without which Centerview would not have agreed to the engagement. This Court has already approved indemnification provisions in the Commonwealth Agent financial advisor's engagement letter;[14] the COFINA Agent's financial advisor should receive the benefit of its agreement as well.

9.     The restructuring of the Commonwealth's and its instrumentalities' debts is incredibly complex, but it shares certain fundamental characteristics with every chapter 11 debtor that facilitates negotiations between its secured and unsecured constituents. Even secured parties with ironclad legal entitlement to their collateral are often willing to negotiate with the debtor and its lower priority stakeholders to facilitate faster, cheaper exits from an expensive proceeding, and to avoid value destroying litigation. Legal *and* financial considerations nearly always influence such negotiations. The COFINA Agent would be doing a disservice to the interests of the COFINA estate if she did not consider both the legal arguments (including counterclaims and intervenor claims) that may be raised in the Commonwealth-COFINA Dispute, and the financial implications of proposed settlements from all parties' perspectives.

10.     For the reasons set forth above, the COFINA Agent respectfully requests that the Court overrule the Objections and enter an order substantially in the form attached to the Application authorizing the retention of Centerview as financial advisor and expert for the COFINA Agent to assist in the resolution of the Commonwealth-COFINA Dispute.

*[remainder of the page intentionally left blank]*

---

[14]     *See Order Authorizing Official Committee of Unsecured Creditors of Commonwealth of Puerto Rico to Employ and Retain Zolfo Cooper, LLC as Financial Advisor, Effective as of June 27, 2017* [Dkt. No. 1001].

Dated: October 10, 2017
  New York, New York

Respectfully submitted,

/s/ Paul V. Shalhoub

Matthew A. Feldman (*pro hac vice*)
Joseph G. Minias (*pro hac vice*)
Paul V. Shalhoub (*pro hac vice*)
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, NY 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111

*Counsel to the COFINA Agent*

/s/ Nilda M. Navarro-Cabrer

Nilda M. Navarro-Cabrer
**NAVARRO-CABRER LAW OFFICES**
USDC–PR 20212
El Centro I, Suite 206
500 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Telephone:  (787) 764-9595
Facsimile:  (787) 765-7575

*Local Counsel to the COFINA Agent*

Kenneth N. Klee (*pro hac vice*)
Daniel J. Bussel (*pro hac vice*)
Jonathan M. Weiss (*pro hac vice*)
**KLEE, TUCHIN, BOGDANOFF & STERN LLP**
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067
Telephone:  (310) 407-4000
Facsimile:  (310) 407-9090

*Special Municipal Bankruptcy Counsel
to the COFINA Agent*