UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.*, : (Jointly Administered)
:
    Debtors.[1] :
:
------------------------------------------------------------------------ x

**REPLY OF COMMONWEALTH AGENT IN SUPPORT OF ITS
RESPONSE TO MOTION OF COFINA AGENT FOR ORDER
CONFIRMING THAT 48 U.S.C. § 2125 APPLIES TO COFINA AGENT**

The Official Committee of Unsecured Creditors of all title III Debtors (other than COFINA) (the "Committee"), as the "Commonwealth Agent" with respect to the "Commonwealth-COFINA Dispute," as defined in the *Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA Dispute* [Docket No. 996] (the "Stipulation and Order"), hereby submits this reply (the "Reply")[2] (a) in further support of its response (the "Response") to the *Motion of COFINA Agent Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(a) for Order: (I) Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent; (II)*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Stipulation and Order.

1

*Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals* [Docket No. 1121] (the "COFINA Agent Motion") and (b) in response to the omnibus objection [Docket No. 1407] (the "AAFAF Objection") of the Puerto Rico Fiscal Agency and Financial Advisory Authority (the "AAFAF") to the COFINA Agent Motion and the Commonwealth Agent's Response. In support of this Reply, the Commonwealth Agent respectfully states as follows:

## REPLY

1. As a threshold matter, the court should ignore the AAFAF Objection as it relates to the Commonwealth Agent's request that any order confirming the application of section 105 of PROMESA[3] to the COFINA Agent be made equally applicable to the Commonwealth Agent. Pursuant to section 315(b) of PROMESA, it appears that the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") is the sole representative of the title III Debtors for purposes of these title III cases,[4] and, to the Commonwealth Agent's knowledge, the Oversight Board does not object to the relief requested by the Commonwealth Agent or the scope of the claims asserted by the Commonwealth Agent in its Commonwealth-COFINA complaint.[5]

2. In any event, the Court should overrule the AAFAF Objection. First, it is plainly not correct that the Commonwealth Agent "illegitimately seek[s] to expand PROMESA section

---

[3] References to PROMESA are references to 48 U.S.C. §§ 2101 *et. seq.*

[4] *See* PROMESA § 315(b) ("The Oversight Board in a case under this title is the representative of the debtor."); *see also id.* § 301(c)(7) ("The term 'trustee', when used in a section of title 11, United States Code, made applicable in a case under title by subsection (a) means the Oversight Board, except as provided in section 926 of title 11, United States Code.").

[5] As noted in the Commonwealth Agent's Response, the Oversight Board consents to the Commonwealth Agent receiving the same relief under section 105 of PROMESA as granted to the COFINA Agent by any order of this Court. In its objection to the COFINA Agent Motion [Docket No. 1348] (the "Oversight Board Objection"), the Oversight Board only objects to the COFINA Agent's apparent efforts to exceed the scope of her authority, pointing to, among other things, the COFINA Agent challenging to Commonwealth debt and seeking dismissal of COFINA's title III case. Oversight Board Objection ¶ 1.

2

105 to cover actions or claims beyond the [Commonwealth Agent's] authority under the Stipulation and Order." Omnibus Objection ¶ 2. In fact, the Commonwealth Agent's proposed order[6] provides that the Commonwealth Agent, the COFINA Agent, and their respective employees are entitled to the protections of section 105 of PROMESA with respect to the "execution of their duties under the Stipulation and Order." Response, Ex. A. ¶ 2 (emphasis added).[7]

3. Second, if the Commonwealth Agent, as agent for the Oversight Board, determines, in good faith,[8] to pursue a particular claim against COFINA, then the Commonwealth Agent should be entitled to the same protections under section 105 of PROMESA that the Oversight Board enjoys. This should be the case regardless of whether it is ultimately determined that a particular claim falls outside the scope of the Stipulation and Order. Indeed, under the Stipulation and Order, the Commonwealth Agent has broad discretion as to how to prosecute the Commonwealth-COFINA Dispute in furtherance of its fiduciary duties to the Commonwealth, including which particular causes of action to pursue in its efforts to recover SUT revenues for the benefit of the Commonwealth and its stakeholders.[9] That broad discretion

---

[6] A copy of the Commonwealth Agent's proposed order is attached as Exhibit A (clean) and Exhibit B (blackline) to the Response.

[7] The proposed order attached to the COFINA Agent Motion contains the same language, except that it would only apply to the COFINA Agent and her employees. As noted in the Commonwealth Agent's Response, the COFINA Agent consents to the Commonwealth Agent receiving the same relief under section 105 of PROMESA as granted to the COFINA Agent by any order of this court.

[8] No party has disputed that the Commonwealth Agent is acting in good faith.

[9] For example, the Stipulation and Order provides that (i) "[i]n furtherance of [its fiduciary] duties, each Agent shall, with the advice and assistance of counsel, endeavor to the best of the Agent's ability under the circumstances to litigate and negotiate from **the perspective of what result is best for the Debtor the Agent represents**," Stipulation and Order ¶ 4(f) (emphasis added), (ii) "each Agent may consider what result, through litigation, negotiation and mediation, will render its Debtor best able to achieve fiscal responsibility and access to the capital markets, **in the judgment of each Agent**," *id.* ¶ 4(g) (emphasis added), and (iii) "neither the Oversight Board nor AAFAF shall have any right to contest any **judgment made by the Agents** pursuant to subparagraph (f) [which establishes the Agents' fiduciary duties to their respective Debtors]," id. ¶ 4(k) (emphasis added).

3

should not be chilled by leaving the Commonwealth Agent in doubt as to whether asserting a particular claim in good faith exposes the Commonwealth Agent to liability.

4. Third, it is not appropriate, in the context of the COFINA Agent Motion, to determine whether any particular cause of action asserted by the Commonwealth Agent or the COFINA Agent actually falls within the scope of the Agents' duties under the Stipulation and Order. The question of the precise scope of the Stipulation and Order should be left for another day and needs to be decided in another procedural context, after all parties had the opportunity to brief this issue.[10]

5. Finally, the Commonwealth Agent disputes AAFAF's assertion that certain allegations, claims, and requests for relief in the Commonwealth Agent's Complaint "reach far beyond the Commonwealth-COFINA Dispute and arguably beyond the authority of the Oversight Board." Omnibus Objection ¶ 11. The Commonwealth Agent is acting well within its authority when, in its Complaint, it (a) challenges COFINA's constitutionality and (b) indicates its intent to breach, revoke, and/or reject the Commonwealth's unsecured promise that SUT revenues would be transferred to COFINA in the future. These claims go to the very core of the Commonwealth-COFINA Dispute, *i.e.*, the question whether "after considering all procedural and substantive defenses and counterclaims, **including constitutional issues**, the sales and use taxes purportedly pledged by COFINA to secure debt . . . are property of the Commonwealth or COFINA under applicable law." Stipulation and Order ¶ 4 (emphasis added).

6. For one, the constitutionality of the COFINA structure directly affects the ownership question of the SUT revenues. If the COFINA structure were found to be void as

---

[10] The Commonwealth Agent believes that certain claims asserted by the COFINA Agent fall outside the scope of authority granted to the COFINA Agent under the Stipulation and Order, and, if unable to reach a resolution of this issue consensually with the COFINA Agent, will so assert in the context of the Commonwealth-COFINA adversary proceeding. However, it does not follow that the COFINA Agent (and the Commonwealth Agent) should not be protected from liability for asserting such claims in good faith.

being in violation of the Puerto Rico Constitution, then the SUT revenues would not (and could not) be property of COFINA. Indeed, the Stipulation and Order expressly recognizes that the Commonwealth-COFINA Dispute **includes** consideration of "constitutional issues." The Commonwealth Agent is also acting within its authority when, as part of its challenge to the COFINA structure, it indicated its intend to reject the Commonwealth's unsecured promise to transfer SUT revenues to COFINA. Rejection of that promise cuts off COFINA's contractual right to receive future SUT revenues, which also goes directly to the ownership of the SUT revenues. Moreover, and contrary to AAFAF's assertion, the Oversight Board, as "trustee" for the title III Debtors, (and, by extension, the Commonwealth Agent, as agent for the Oversight Board)[11] clearly has the authority to reject executory contracts.[12]

[*Remainder of page intentionally left blank.*]

---

[11] *See* PROMESA § 301(c)(7) ("The term 'trustee', when used in a section of title 11, United States Code, made applicable in a case under title by subsection (a) means the Oversight Board, except as provided in section 926 of title 11, United States Code.").

[12] *See* 11 U.S.C. 365(a) ("the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor") (incorporated into title III of PROMESA by section 301 of PROMESA).

WHEREFORE, the Commonwealth Agent respectfully requests that any order of this Court granting the COFINA Agent's Motion be made equally applicable to the Commonwealth Agent and that the Court grant such other and further relief as the Court deems just and proper.

Dated: October 10, 2017 /s/ G. Alexander Bongartz

PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
Andrew V. Tenzer, Esq. *(Pro Hac Vice)*
Michael E. Comerford, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
andrewtenzer@paulhastings.com
michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

- and -

/s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*