**Presentment Date**: October 17, 2017
**Objection Deadline**: October 16, 2017 at 5:00 p.m. (AST)

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No. 1065-1**<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**This Notice relates only to the Commonwealth and shall only be filed in the lead Case No. 17 BK 3283-LTS** |

### NOTICE OF PRESENTMENT OF STIPULATIONS MODIFYING AND LIFTING THE AUTOMATIC STAY

**PLEASE TAKE NOTICE** on August 17, 2017, the Court entered the *Order Amending Case Management Procedures* (the "Case Management Order"), which revised the *Notice, Case Management and Administrative Procedures* to implement a protocol (the "Lift Stay Protocol")

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

for filing motions for relief from the automatic stay (the "Title III Stay") set forth in Bankruptcy Code sections 362(a) and 922(a), made applicable Commonwealth's Title III case by section 301(a) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") [ECF No. 1065].

**PLEASE TAKE FURTHER NOTICE** that, under the Lift Stay Protocol, a movant is required to send notice (the "Lift Stay Notice") to counsel to the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") to (a) advise them of movant's intent to seek relief from the Title III Stay at least fifteen (15) business days prior to filing a motion seeking such relief (the "Lift Stay Notice Period") and (b) meet and confer with the Oversight Board and AAFAF during the Lift Stay Notice Period.

**PLEASE TAKE FURTHER NOTICE** that on August 17, 2017, Aquasur Corporation ("Aquasur") sent its Lift Stay Notice to the Oversight Board and AAFAF seeking to lift the Title III Stay to proceed with the case captioned *Puerto Rico Land and Fruit S.E. v. Aquasur Corporation*, Civil Case No. 17-1992 (CCC) pending before the District Court, originally filed as case number NSCI201600518 (302) before the Superior Court of Fajardo (collectively, the "Aquasur Prepetition Action");

**PLEASE TAKE FURTHER NOTICE** that on August 23, 2017, José Orbi and José Ortíz Bibiloni ("Orbi and Bibiloni," and along with Aquasur, the "Movants") sent their Lift Stay Notice to the Oversight Board and AAFAF seeking to lift the Title III Stay to proceed with the civil action against the Municipality of San Juan captioned *José Orbi and Jorge Ortiz v. Municipality of San Juan and the Commonwealth of Puerto Rico*, Case No. SJ2017CV00058, Court of First Instance, San Juan Branch, whereby Orbi and Bibiloni are seeking compensatory damages from the

Municipality of San Juan and the Commonwealth for damage to their house (the "Orbi and Bibiloni Prepetition Action," and along with the Aquasur Prepetition Action, the "Prepetition Actions").

**PLEASE TAKE FURTHER NOTICE** that during the Lift Stay Notice Periods, the Commonwealth and Movants resolved Movants' requests for relief from the Title III Stay by agreeing to a partial modification of the Title III Stay in accordance with the terms of the (a) *Stipulation Lifting the Automatic Stay Between the Commonwealth of Puerto Rico and Aquasur Corporation*, attached hereto as Exhibit A, and (b) *Stipulation Modifying the Automatic Stay Between the Commonwealth of Puerto Rico and José Orbi and Jorge Ortiz Bibiloni*, attached hereto as Exhibit B, (collectively, the "Stipulations").

**PLEASE TAKE FURTHER NOTICE** that, under the Stipulations, the Commonwealth and the Movants have agreed to modify or lift the Title III Stay to allow the Prepetition Actions to proceed pursuant to the terms of the Stipulations.

**PLEASE TAKE FURTHER NOTICE** that the Commonwealth and the Oversight Board do not agree with the assertions contained in the Lift Stay Notices, and the Stipulations do not constitute a waiver of any argument with respect thereto to the extent raised by Movants or any other party in any subsequent proceeding in this Title III case or otherwise.

**PLEASE TAKE FURTHER NOTICE** that the Commonwealth will present the Stipulations to the Honorable Laura Taylor Swain, United States District Judge, sitting in the United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, Office 150, San Juan, P.R. 00918-1767 for signature on **October 17, 2017**.[2]

---

[2] The Oversight Board, as the Debtors' representative pursuant to PROMESA section 315(b) has authorized the Department of Justice to file this Notice on behalf of the Commonwealth.

3

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Stipulations is filed with the Court **no later than 5:00 p.m. (AST) on October 16, 2017**, no hearing will be held and the Stipulations may be approved.

**PLEASE TAKE FURTHER NOTICE** that copies of the Stipulations and all documents filed in these title III cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

Dated: October 10, 2017.
San Juan, Puerto Rico

        Respectfully submitted,

        **WANDA VÁZQUEZ GARCED**
        Secretary of Justice

        */s/ Wandymar Burgos*
        **WANDYMAR BURGOS VARGAS**
        USDC 223502
        Deputy Secretary in Litigation
        Department of Justice
        P.O. Box 9020192
        San Juan, Puerto Rico 00902-0192
        Phone: 787-721-2940 Ext. 2500, 2501
        wburgos@justicia.pr.gov

        *Attorney for the Commonwealth of Puerto Rico*

## **Exhibit A**

**Aquasur Stipulation**

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No. 1065-1**<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**This Stipulation relates only to the Commonwealth and shall only be filed in the lead Case No. 17 BK 3283-LTS** |

## STIPULATION LIFTING THE AUTOMATIC STAY BETWEEN
## THE COMMONWEALTH OF PUERTO RICO AND AQUASUR CORPORATION

This stipulation (the "Stipulation") is made as of October 10, 2017, by and between the Commonwealth of Puerto Rico (the "Commonwealth") and Aquasur Corporation (the "Movant").[2]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), has authorized the Department of Justice to file this Stipulation on behalf of the Commonwealth.

2

## RECITALS

**WHEREAS**, on May 9, 2017, the Commonwealth, by and through the Oversight Board, as the Commonwealth's representative pursuant to PROMESA section 315(b), filed a petition with the United States District Court for the District of Puerto Rico (the "District Court") under title III of PROMESA (the "Title III Case");

**WHEREAS**, on August 17, 2017, the District Court entered the *Order Amending Case Management Procedures* (the "Case Management Order"), which revised the *Notice, Case Management and Administrative Procedures* to implement a protocol (the "Lift Stay Protocol") for filing motions for relief from the automatic stay set forth in Bankruptcy Code sections 362(a) and 922(a), made applicable to the Title III Case by PROMESA section 301(a) (the "Title III Stay") [ECF No. 1065];

**WHEREAS**, under the Lift Stay Protocol, Movant is required to (a) send notice (the "Lift Stay Notice") to counsel to the Oversight Board and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") to advise them of Movant's intent to seek relief from the Title III Stay at least fifteen (15) business days prior to filing a motion seeking such relief (the "Lift Stay Notice Period") and (b) meet and confer with the Commonwealth during the Lift Stay Notice Period

**WHEREAS**, on August 17, 2017, Movant sent its Lift Stay Notice to the Oversight Board and AAFAF seeking to lift the Title III Stay to proceed with the case captioned Puerto Rico Land and Fruit S.E. v. Aquasur Corporation, Civil Case No. 17-1992 (CCC) pending before the District Court, originally filed as case number NSCI201600518 (302) before the Superior Court of Fajardo (collectively, the "Prepetition Action");

**WHEREAS**, after the commencement of the Prepetition Action, the plaintiff in the Prepetition Action filed a third-party complaint against the Puerto Rico Department of Natural Resources, an agency of the Commonwealth protected by the Title III Stay (the "PRDNR");

**WHEREAS**, the parties to the Prepetition Action are not seeking (a) any monetary awards or compensation from the Commonwealth or the PRDNR, (b) to create, perfect, or enforce any lien against the Commonwealth or the PRDNR, or (c) to collect or setoff any debt or liability claim against the Commonwealth or the PRDNR; and

**WHEREAS**, during the Lift Stay Notice Period, the Commonwealth and Movant met and conferred and have resolved Movant's request for relief from the Title III Stay.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the Commonwealth and Movant, through their counsel, each of whom represent and warrant they possess the requisite authority to bind the respective parties hereto, as follows:

1. The Title III Stay is hereby lifted in favor of Movant in order to commence and/or continue with the Prepetition Action. Movant represents that lifting the stay will have no interference with the Title III case since it regards private parties and the Commonwealth or PRDNR is only being brought as a third-party defendant and/or party in interest.

2. Upon approval of this Stipulation, Movant shall move, within 30 days, for the dismissal of the third-party complaint against the PRDNR for lack of subject matter jurisdiction in the District Court, and for remand of the remainder of the case to the Court of First Instance.

3. Movant represents that the claims alleged in the Prepetition Action lack any connection to the Title III case and Movant further represents that lifting the stay, will not interfere with it. Furthermore, Movant represents and warrants that Movant will not try to create, perfect or enforce any lien against the Commonwealth and/or any of its instrumentalities nor it has and will

4

not have any allegations to collect or setoff any debt or liability claim against the Commonwealth and/or any of its instrumentalities. In addition, no monetary award or compensation from the Commonwealth and/or any of its instrumentalities is or will be sought and/or enforced by Movant.

4. It is understood by Movant that nothing contained herein shall: (a) require the Commonwealth or the PRDNR to satisfy any monies allegedly owed to Movant regarding the claims asserted in the Prepetition Action; or (b) constitute a determination of any type of liability or monetary claim of any kind as to the Commonwealth or the PRDNR.

5. Nothing contained in this Stipulation shall operate as a waiver or modification of the Title III Stay so as to permit the prosecution of any claim against the PRDNR, the Commonwealth, or any of the other Title III debtors, including by Movant, and the Commonwealth reserves all rights, defenses, and protections with respect to any matters pending in the Title III Case.

6. The Commonwealth and Movant represent and warrant that they are properly and fully empowered to enter into and execute this Stipulation, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that the Stipulation is legal, valid, and binding upon them.

7. Neither this Stipulation, nor the settlement provided for herein, nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of the Commonwealth's rights to dispute, contest, setoff, or recoup any claim, including any claims asserted by Movant in the Prepetition Action or assert any related rights, claims, or defenses and all such rights are reserved; or (c) an approval or assumption of any agreement or contract between the parties under Bankruptcy Code section 365.

5

8. This Stipulation contains the entire agreement by and between the parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

9. This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico. For purposes of construing this Stipulation, neither of the parties shall be deemed to have been the drafter of the Stipulation.

10. Electronic copies of signatures on this Stipulation are acceptable, and an electronic copy of a signature on this Stipulation is deemed an original. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

11. This Stipulation may not be modified other than by a signed writing executed by the parties hereto.

12. The District Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

13. This Stipulation shall be immediately effective and enforceable upon approval by the District Court.

*Remainder of Page Intentionally Left Blank*

**IN WITNESS WHEREOF** and in agreement herewith, by and through their counsel, the parties have executed and delivered this Stipulation as of the date first set forth above.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 10th day of October, 2017.

| | |
|---|---|
| **WANDA VÁZQUEZ GARCED** <br> Secretary of Justice <br><br> */s/ WANDYMAR BURGOS* <br> **WANDYMAR BURGOS VARGAS** <br> USDC 223502 <br> Deputy Secretary in Litigation <br> Department of Justice <br> P.O. Box 9020192 <br> San Juan, Puerto Rico 00902-0192 <br> Phone: 787-721-2940 Ext. 2500, 2501 <br> wburgos@justicia.pr.gov <br><br> *Attorneys for the Commonwealth of Puerto Rico* | **McCONNELL VALDÉS LLC** <br> *Attorneys for Aquasur Corporation* <br> Raúl M. Arias Marxuach <br> 270 Muñoz Rivera Avenue, Suite 900 <br> Hato Rey, Puerto Rico 00918 <br> PO Box 364225 <br> San Juan, Puerto Rico 00936-4225 <br><br> By: *s/ Raúl M. Arias-Marxuach* <br> Raúl M. Arias-Marxuach <br> USDC-PR No. 209706 <br> rma@mcvpr.com <br><br> By: *s/Rosamar García-Fontán* <br> Rosamar García-Fontán <br> USDC-PR 221004 <br> rgf@mcvpr.com <br><br> *Attorneys for Movant* |

SO ORDERED, this __ day of _____, 2017

---

HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

## **Exhibit B**

**Orbi and Bibiloni Stipulation**

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No. 1065-1**<br><br> (Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>   Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**This Stipulation relates only to the Commonwealth and shall only be filed in the lead Case No. 17 BK 3283-LTS** |

## STIPULATION MODIFYING THE AUTOMATIC STAY BETWEEN THE COMMONWEALTH OF PUERTO RICO AND <u>JOSE ORBI AND JOSE ORTIZ BIBILONI</u>

This stipulation (the "<u>Stipulation</u>") is made as of October 10, 2017, by and between the Commonwealth of Puerto Rico (the "<u>Commonwealth</u>") and José Orbi and José Ortíz Bibiloni (collectively, the "<u>Movants</u>").[2]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Financial Oversight and Management Board for Puerto Rico (the "<u>Oversight Board</u>"), as the Debtors' representative pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("<u>PROMESA</u>"), has authorized the Department of Justice to file this Stipulation on behalf of the Commonwealth.

3

## RECITALS

**WHEREAS**, on May 9, 2017, the Commonwealth, by and through the Oversight Board, as the Commonwealth's representative pursuant to PROMESA section 315(b), filed a petition with the United States District Court for the District of Puerto Rico (the "District Court") under title III of PROMESA (the "Title III Case");

**WHEREAS**, on August 17, 2017, the District Court entered the *Order Amending Case Management Procedures* (the "Case Management Order"), which revised the *Notice, Case Management and Administrative Procedures* to implement a protocol (the "Lift Stay Protocol") for filing motions for relief from the automatic stay set forth in Bankruptcy Code sections 362(a) and 922(a), made applicable to the Title III Case by PROMESA section 301(a) (the "Title III Stay") [ECF No. 1065];

**WHEREAS**, under the Lift Stay Protocol, Movants are required to (a) send notice (the "Lift Stay Notice") to counsel to the Oversight Board and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") to advise them of Movants' intent to seek relief from the Title III Stay at least fifteen (15) business days prior to filing a motion seeking such relief (the "Lift Stay Notice Period") and (b) meet and confer with the Commonwealth during the Lift Stay Notice Period;

**WHEREAS**, on August 23, 2017, Movants sent their Lift Stay Notice to the Oversight Board and AAFAF seeking to lift the Title III Stay to proceed with the civil action against the Municipality of San Juan under the following caption: José Orbi and Jorge Ortiz v. Municipality of San Juan and the Commonwealth of Puerto Rico, Case No. SJ2017CV00058, Court of First Instance, San Juan Branch, whereby Movants are seeking compensatory damages from the Municipality of San Juan and the Commonwealth for damage to their house (the "State Court Action"); and

4

**WHEREAS**, during the Lift Stay Notice Period, the Commonwealth and Movants met and conferred and have resolved Movants' request for relief from the Title III Stay.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the Commonwealth and Movants, through their counsel, each of whom represent and warrant they possess the requisite authority to bind the respective parties hereto, as follows:

14. The Title III Stay is hereby modified solely to the limited extent necessary to allow Movants to proceed with the State Court Action solely against the Municipality of San Juan; provided, however, that the Title III Stay shall continue to apply with respect to any claims asserted by Movants against the Commonwealth.

15. Nothing contained in this Stipulation shall operate as a waiver or modification of the Title III Stay so as to permit the prosecution of any claim against the Commonwealth or any of the other Title III debtors, and the Commonwealth reserves all rights, defenses, and protections with respect to any matters pending in the Title III Case.

16. The Commonwealth and Movants represent and warrant that they are properly and fully empowered to enter into and execute this Stipulation; that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that the Stipulation is legal, valid, and binding upon them.

17. Neither this Stipulation, nor the settlement provided for herein, nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of the Commonwealth's rights to dispute, contest, setoff, or recoup any claim, including any claims asserted by Movants in the State Court Action, or assert

5

any related rights, claims, or defenses and all such rights are reserved; or (c) an approval or assumption of any agreement or contract between the parties under Bankruptcy Code section 365.

18. This Stipulation contains the entire agreement by and between the parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

19. This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico. For purposes of construing this Stipulation, neither of the parties shall be deemed to have been the drafter of the Stipulation.

20. Electronic copies of signatures on this Stipulation are acceptable, and an electronic copy of a signature on this Stipulation is deemed an original. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

21. This Stipulation may not be modified other than by a signed writing executed by the parties hereto.

22. The District Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

23. This Stipulation shall be immediately effective and enforceable upon approval by the District Court.

*Remainder of Page Intentionally Left Blank*

**IN WITNESS WHEREOF** and in agreement herewith, by and through their counsel, the parties have executed and delivered this Stipulation as of the date first set forth above.

In San Juan, Puerto Rico, this 10th day of October, 2017.

**WANDA VÁZQUEZ GARCED**
Secretary of Justice

| | |
|---|---|
| */s/ Wandymar Burgos* | */s/ Hiram Lozada* |
| **WANDYMAR BURGOS VARGAS** | **HIRAM LOZADA PEREZ** |
| USDC 223502 | 452 Ave. Ponce de León |
| Deputy Secretary in Litigation | Oficina 416 San Juan, PR 00918-3412 |
| Department of Justice | Tel. 787-758-7267 |
| P.O. Box 9020192 | |
| San Juan, Puerto Rico 00902-0192 | *Attorneys for Movant* |
| Phone: 787-721-2940 Ext. 2500, 2501 | |
| wburgos@justicia.pr.gov | |

*Attorney for the Commonwealth of Puerto Rico*

SO ORDERED, this __ day of _____, 2017

_____
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE