**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>    as representative of<br><br>The Commonwealth of Puerto Rico, et al.<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**INFORMATIVE MOTION OF COFINA SENIOR BONDHOLDERS' COALITION
WITH RESPECT TO MOTION OF COFINA AGENT FOR ORDER
CONFIRMING THAT 48 U.S.C. § 2125 APPLIES TO COFINA AGENT**

The COFINA Senior Bondholders' Coalition[2] submits this informative motion with respect to the *Motion of COFINA Agent Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(a) for Order:*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

[2] The COFINA Senior Bondholders' Coalition comprises José F. Rodríguez Perelló, Fideicomiso Plaza and the following institutional holders of the COFINA senior bonds: Aristeia Horizons, L.P.; Canary SC Master Fund, L.P.; Canyon Capital Advisors LLC (on behalf of its participating clients); River Canyon Fund Management LLC (on behalf of its participating clients); Crescent 1, L.P.; CRS Master Fund, L.P.; Cyrus Opportunities Master Fund II, Ltd.; Cyrus Select Opportunities Master Fund, Ltd.; Cyrus Special Strategies Master Fund, L.P.; Decagon Holdings 1, L.L.C.; Decagon Holdings 2, L.L.C.; Decagon Holdings 3, L.L.C.; Decagon Holdings 4, L.L.C.; Decagon Holdings 5, L.L.C.; Decagon Holdings 6, L.L.C.; Decagon Holdings 7, L.L.C.; Decagon Holdings 8, L.L.C.; Decagon Holdings 9, L.L.C.; Decagon Holdings 10, L.L.C.; GoldenTree Asset Management LP; Merced Partners Limited Partnership; Merced Partners IV, L.P.; Merced Partners V, L.P.; Pandora Select Partners, L.P.; SB Special Situation Master Fund SPC, Segregated Portfolio D; Scoggin International Fund Ltd.; Scoggin Worldwide Fund Ltd.; Taconic Master Fund 1.5 L.P.; Taconic Opportunity Master Fund L.P.; Tilden Park Investment Master Fund LP; Whitebox

*(I) Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent; (II) Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals* [Docket No. 1121] (the "COFINA Agent Motion")[3] and (b) in response to the omnibus objection [Docket No. 1407] (the "AAFAF Objection") of the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") to, *inter alia*, the COFINA Agent Motion. In support of the COFINA Agent Motion, the COFINA Senior Bondholders' Coalition respectfully states as follows:

## STATEMENT

1. On August 10, 2017, the Court entered a *Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA Dispute* [Docket No. 996] (the "Commonwealth-COFINA Stipulation"). Because of the conflicts plaguing AAFAF and the Oversight Board, the Oversight Board, with the Court's approval, appointed an agent for each of the Commonwealth and COFINA. The agents are charged with litigating or settling the issue of whether the sales and use tax transferred, by statute, to COFINA is the property of COFINA or the Commonwealth. Collectively, COFINA and the Commonwealth have approximately $34 billion of bonds outstanding. As a consequence, ownership of the Pledged Sales Tax will greatly impact creditor recoveries. To be clear, the issue of ownership of the Pledged Sales Tax is an inter-creditor dispute between competing groups of bondholders, and the resolution of that dispute will not impact the provision of essential services to U.S. citizens residing in Puerto Rico.

---

Asymmetric Partners, L.P.; Whitebox Institutional Partners, L.P.; Whitebox Multi-Strategy Partners, L.P.; and Whitebox Term Credit Fund I L.P.

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the COFINA Agent Motion. This Informative Motion only addresses the aspect of the COFINA Agent Motion that seeks to confirm that 48 U.S.C. § 2125 applies to the COFINA Agent.

2. Given the stakes, the COFINA Agent Motion makes a straightforward request: In carrying out her duties as the Oversight Board's agent for COFINA under section 104(b) of PROMESA, the COFINA Agent requests that her actions be protected to the same degree the Oversight Board, its members and employees are immunized from personal liability under section 105 of PROMESA. In particular, the COFINA Agent asserts that her "ability to effectively litigate or settle the claims raised by the Commonwealth Agent in its Complaint, and those anticipated from prospective intervenors on the Commonwealth side, requires that she be cloaked with quasi-judicial immunity for all actions taken in good faith in protecting COFINA's interest in that litigation and the related mediation." *See Reply in Support of COFINA Agent Motion Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(a) for Order: (I) Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent; (II) Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals* [Docket No. 1422].

3. AAFAF, which is not a party to the litigation that the Commonwealth Agent commenced in accordance with the Commonwealth-COFINA Stipulation, and whose standing to appear and be heard on behalf of a debtor in the Title III cases remains something of a mystery, filed an objection to the COFINA Agent Motion. While AAFAF generally acknowledges that the COFINA Agent is entitled to the same immunity as the Oversight Board, AAFAF seeks to undermine the protections by contending that the COFINA Agent is exceeding the scope of her authority when she is faithfully defending COFINA from the Commonwealth Agent—which is highly coordinated with AAFAF on various ways that COFINA can be attacked.

4. As an initial matter, while AAFAF has not been shy about undermining COFINA in its pleadings, AAFAF does not have standing to be heard on this matter. Under PROMESA, the Oversight Board is the exclusive representative for each of the Title III debtors, including

COFINA and the Commonwealth, essentially functioning as a chapter 11 trustee on behalf of the Title III debtors. By contrast, AAFAF has a limited role in connection with the administration of the Title III cases. Section 303 of PROMESA preserves the Commonwealth's authority to exercise its political and governmental powers outside the courtroom (authority which is separately constrained by the U.S. and Puerto Rico Constitutions). In all other aspects of the Title III cases, AAFAF has no authority.

5. The resolution of the Commonwealth-COFINA Dispute, through litigation or otherwise, is not an exercise of political or governmental powers. Rather, it is a pure legal dispute among competing creditor groups that the Oversight Board submitted to this Court for resolution. *See* Commonwealth-COFINA Stipulation ¶ 2, at 3 ("Solely to the extent, if any, that section 305 of PROMESA serves as a limitation on judicial power over the authority delegated to the Agents, the Oversight Board hereby consents.") The AAFAF Objection should be overruled not only on standing grounds, but as an improper attempt to control and intimidate the COFINA side (and favor the Commonwealth side, as it has consistently done and continues to do) by using veiled threats of personal liability against the COFINA Agent.

6. The COFINA Agent is now charged with protecting COFINA's property from the hands of the Commonwealth and its creditors. AAFAF has shown time and again that it is unwilling to defend and protect COFINA's interest from the Commonwealth.[4] Given that AAFAF has cast its lot with the Commonwealth side against COFINA, AAFAF should not be allowed to interfere with the COFINA Agent's litigation strategy. Simply put, as long as the COFINA Agent is carrying out her duties under the Commonwealth-COFINA Stipulation in good faith, she should

---

[4] *See, e.g., Answer, Counterclaims, and Crossclaims of Intervenor-Defendant the COFINA Senior Bondholders' Coalition to the Adversary Complaint filed by the Bank of New York Mellon, as Trustee, for Interpleader and Declaratory Relief* [Adv. Proc. No. 17-133, Docket No. 196].

4

be entitled to the same protections that the Oversight Board receives in the Title III cases and that court-appointed fiduciaries routinely receive in chapter 11 cases.

7. By seeking to circumscribe the COFINA Agent's litigation options, AAFAF appears to be, once again, putting its thumb on the scale in favor of the Commonwealth in this dispute. Under the Commonwealth-COFINA Stipulation, the COFINA Agent has duties of good faith, care, and loyalty to COFINA, and in furtherance of such duties, the COFINA Agent is required to endeavor to the best of the COFINA Agent's ability under the circumstances to litigate and negotiate from the perspective of what result is best for COFINA, as opposed to what result is best for any particular type of creditor of COFINA. *See* Commonwealth-COFINA Stipulation ¶ 4.f. This charge requires the use of strategic judgment in prosecuting and/or settling the dispute, including which particular causes of action to pursue in its efforts to maximize the value of COFINA's property for the benefit of its creditors. If a party to the litigation with standing (which, to be sure, is not AAFAF) truly believes that the COFINA Agent is exceeding her authority in how to maximize the value of COFINA's property there are other ways to address the issue (*i.e.,* motion to dismiss) that do not interfere with the COFINA Agent's independence and vigor. Accordingly, the Court should reject AAFAF's attempt to chill the COFINA Agent from faithfully carrying out her charge on how best to protect COFINA from the Commonwealth and its creditors.

**CONCLUSION**

The COFINA Senior Bondholders' Coalition therefore respectfully requests that the Court enter an Order granting the COFINA Agent Motion and such other and further relief that the Court deems appropriate.

Respectfully submitted,

DATED: October 11, 2017

REICHARD & ESCALERA

By :  */s/ Rafael Escalera*_____
**Rafael Escalera**
USDC No. 122609
escalera@reichardescalera.com

*/s/ Sylvia M. Arizmendi*_____
**Sylvia M. Arizmendi**
USDC-PR 210714
arizmendis@reichardescalera.com

*/s/ Fernando Van Derdys*_____
**Fernando Van Derdys**
USDC-PR 201913
fvander@reichardescalera.com

*/s/ Carlos R. Rivera-Ortiz*\_\_\_\_\_
**Carlos R. Rivera-Ortiz**
USDC-PR 303409
riverac@reichardescalera.com

*/s/ Gustavo A. Pabón-Rico*\_\_\_\_
**Gustavo A. Pabón-Rico**
USDC-PR 231207
pabong@reichardescalera.com

255 Ponce de León Avenue
MCS Plaza, 10th Floor
San Juan, Puerto Rico 00917-1913

QUINN EMANUEL URQUHART & SULLIVAN, LLP

**Susheel Kirpalani** (*pro hac vice*)
susheelkirpalani@quinnemanuel.com

**Eric Winston** (*pro hac vice*)
ericwinston@quinnemanuel.com

**Daniel Salinas**
USDC-PR 224006
danielsalinas@quinnemanuel.com

**Eric Kay** (*pro hac vice*)
erickay@quinnemanuel.com

**Kate Scherling** (*pro hac vice*)
katescherling@quinnemanuel.com

**Brant Duncan Kuehn** (*pro hac vice*)
brantkuehn@quinnemanuel.com

51 Madison Avenue, 22nd Floor
New York, New York 10010-1603

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the parties of record.

/s/ *Carlos R. Rivera-Ortiz*
USDC-PR 303409
