UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-----------------------------------------------------------x

In re:                                                                PROMESA
                                                                      Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

        as representative of                                          No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO,                                      (Jointly Administered)
et al.,

                Debtors.[1]

-----------------------------------------------------------x

ORDER DENYING APPLICATION OF COFINA AGENT FOR ENTRY OF ORDER AUTHORIZING
RETENTION OF CENTERVIEW PARTNERS LLC AS FINANCIAL ADVISOR AND EXPERT

        The Court has received and reviewed the *Application of COFINA Agent for Entry*

*of Order Authorizing Retention of Centerview Partners LLC as Financial Advisor and Expert*

(the "Centerview Application") filed on September 11, 2017.  (Docket Entry No. 1273.)  For the

reasons set forth below, the Centerview Application is denied without prejudice.


BACKGROUND

        On August 10, 2017, the Court entered a *Stipulation and Order Approving*

*Procedure to Resolve Commonwealth-COFINA Dispute* (the "Procedures").  (Docket Entry No.

---

[1]      The Debtors in these Title III Cases, along with each Debtor's respective Title III case
number and the last four (4) digits of each Debtor's federal tax identification number, as applicable,
are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four
Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA")
(Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto
Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS)
(Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government
of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last
Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA")
(Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).  (Title III
case numbers are listed as Bankruptcy Case numbers due to software limitations).

996.)  Pursuant to the Procedures, Bettina M. Whyte (the "COFINA Agent") was designated to

serve as the COFINA Agent and the Official Committee of Unsecured Creditors for the

Commonwealth of Puerto Rico (the "Commonwealth Agent" and the "Commonwealth,"

respectively) was designated to serve as the Commonwealth Agent in the Commonwealth-

COFINA dispute.  <u>See</u> Procedures, ¶ 4a & b.  The Procedures, which were negotiated and agreed

to by the Financial Oversight and Management Board (the "Oversight Board"), the Puerto Rico

Fiscal Agency and Financial Advisory Authority ("AAFAF"), major bondholder groups, and

certain monoline insurers, are designed to provide a mechanism for resolution of a principal

"gating" issue (the "Commonwealth-COFINA Dispute") in these Title III proceedings, which the

Procedures define as follows: "[w]hether, after considering all procedural and substantive

defenses and counterclaims, including constitutional issues, the sales and uses taxes purportedly

pledged by COFINA to secure debt . . . are property of the Commonwealth or COFINA under

applicable law . . . ."  <u>Id.</u> ¶ 4.

The Procedures permit the Commonwealth Agent and the COFINA Agent each

"to retain legal and other professionals it reasonably deems appropriate."  <u>Id.</u> ¶ 4d.  In addition to

governing the respective agents' retention of professionals, the Procedures establish a general

framework for resolution of the Commonwealth-COFINA Dispute through litigation and/or

negotiation.  The Procedures impose certain constraints on the scope of the respective Agents'

authority.  Thus, they provide that "[n]either the [COFINA] Agent nor its professionals (in their

capacities as professionals to the Agent) shall litigate, nor attempt to negotiate, or participate in

the mediation of, any of the rights of any bondholder versus bondholder under the COFINA

Bond Resolution, or any bondholder versus an insurer of such bonds."  <u>Id.</u> ¶ 4f.  They specify

that "each Agent shall have the rights of its respective debtor solely in respect of the conduct of

the litigation and settlement of the Commonwealth-COFINA Dispute." Id.  On the other hand, the Procedures, which provide that "each Agent may consider what result, through litigation, negotiation and mediation, will render its Debtor best able to achieve fiscal responsibility and access to the capital markets, in the judgment of each Agent," id. ¶ 4g, might be read to suggest that the Agents' duties require them to formulate holistic competence as to the broad potential impact of resolution of the Commonwealth-COFINA Dispute on the future economic prospects of the Debtors.  In at least arguable tension with such a reading are the Procedures' admonition that "[f]or the avoidance of doubt, the litigation or negotiation by the Agents shall not include issues other than the Commonwealth-COFINA Dispute" and explicit recognition that "the Oversight Board shall remain the only party authorized by PROMESA to propose a Title III plan of adjustment . . . ." Id. ¶ 4m & n.

On September 8, 2017, in accordance with the Procedures, the Commonwealth Agent commenced an adversary proceeding by filing a complaint (the "Complaint").  (Adv. Pro. No. 17-257, Docket Entry No. 1.)  In the Complaint, the Commonwealth Agent asserts thirteen causes of action, including, but not limited to, claims turning on the propositions that:  COFINA has no enforceable security interest in the disputed tax revenues;  the COFINA structure is unconstitutional because it was designed to avoid Puerto Rico's constitutional debt limits; and various transfers constituted fraudulent conveyances.  On September 15, 2017, the COFINA Agent filed her answer to the Complaint (the "Answer"), asserting various defenses and counterclaims.  (Adv. Pro. No. 17-257; Docket Entry No. 27 at 41.)  The COFINA Agent's eight counterclaims include requests for the following relief: a declaratory judgment that the COFINA statutes are constitutional; determinations that the Commonwealth's alleged misappropriation of the sales and use taxes constitute violations of the takings clause and contracts clause of the both

the U.S. and Puerto Rican constitutions; determinations that various acts passed by the Puerto

Rico legislative assembly and signed into law by the Governor violate the Puerto Rico Oversight,

Management, and Economic Stability Act ("PROMESA"); findings that certain actions

constituted tortious interference with COFINA's governing Resolution; determinations that

fraudulent misrepresentations were made to investors, such as that the sales tax was not subject

to the Commonwealth's "clawback" provisions, and the declaration of a constructive trust; a

permanent injunction precluding the Commonwealth from transferring any COFINA funds; a

declaratory judgment that the Commonwealth's issuance of the general obligation bonds, among

other bond issuances, violated the debt limit under the Puerto Rico Constitution; and dismissal of

COFINA's PROMESA Title III case.

In the instant motion practice, the COFINA Agent seeks authorization of her

retention of  Centerview Partners LLC ("Centerview") to provide, inter alia, the following

services: familiarizing itself with the fiscal condition of the Commonwealth and COFINA,

including financial projections and forecasts; reviewing and evaluating COFINA's capital

structure and advising on possible restructuring strategies; providing expert testimony at any

hearings in connection with the Commonwealth-COFINA Dispute; and assisting and advising

with negotiation and mediation strategy.  See ¶ 1 of Engagement Letter attached as **Exhibit B** to

the Centerview Application.  The COFINA Agent further seeks authorization for payment to

Centerview of a fixed fee in the amount of $1,750,000 (the "Fee").  Id. ¶ 2.  The COFINA Agent

represents that Centerview also requires that COFINA indemnify and reimburse the out of

pocket expenses of Centerview and each of its affiliates, members, directors, officers, employees

and controlling persons, and each of their successors and assigns, in connection with any action

arising out of Centerview's engagement in these Title III proceedings (the "Indemnification")

and seeks authorization of such Indemnification.  Id. at annex A to Engagement Letter attached

as **Exhibit B** to the Centerview Application.

On September 19, 2017, the Oversight Board, as representative of COFINA, filed

an objection to the Centerview Application (the "Oversight Board Objection").  (Docket Entry

Nos. 1347 & 1352.)[2]  On October 6, 2017, AAFAF filed its own objection (the "AAFAF

Objection") to the Centerview Application.  (Docket Entry No. 1406.)  Characterizing the

Commonwealth-COFINA dispute as a narrow, purely legal issue that requires little if any

sophisticated financial analysis, the Oversight Board argues that the scope of services for which

the COFINA Agent proposes to retain Centerview exceeds the scope of the COFINA Agent's

authority under the Procedures.  In particular, the Oversight Board criticizes the COFINA Agent

as preparing to engage, with Centerview's assistance, in unauthorized efforts to restructure

Commonwealth and COFINA debt.  See Oversight Board Objection, ¶ 2.  Based on the same

reasoning, the Oversight Board criticizes certain of the COFINA Agent's counterclaims as ultra

vires, and objects to payment of a financial advisor to pursue them.  Id. ¶ 3.  The Oversight

Board objects to the Fee as inappropriate and unreasonable given its view of the COFINA

Agent's proposed scope of work as well outside of the COFINA Agent's authorization.  Id. ¶ 4.

AAFAF objects to the Centerview Application on essentially the same grounds as

those raised by the Oversight Board and specifically objects to the Indemnification as

unnecessary in light of the liability exemption provisions of Section 105 of PROMESA.  See

AAFAF Objection, ¶¶ 8-10, 16, 19 & 21.  On October 10, 2017, the COFINA Agent filed her

reply ("Reply") to both the Oversight Board Objection and the AAFAF Objection.  In her Reply

---

[2]     The Oversight Board's Objection appears to have been filed twice.

(docket entry no. 1423), the COFINA Agent asserts that, based on her knowledge of the issues at stake and the market for financial advisory services, the Fee and Indemnification are reasonable, and that the services for which she seeks to retain Centerview and the scope of her own activities as reflected in the pleadings are proper and "[go] hand in hand with the litigation strategy of proactively defining the Commonwealth's enforceable obligations . . . ."  Reply, ¶6.

DISCUSSION

The objections interposed to the Centerview Application, and similar objections raised to the COFINA Agent's companion application for the confirmation of certain statutory protections and fee payment arrangements, make it clear that key parties' views of the scope of activity authorized by the stipulated Procedures differ significantly.  These disputes, which will be argued at a hearing on the companion application on October 25, 2017, highlight certain ambiguities in the stipulated Procedures and persuade the Court that the proper scope and terms of retention of a financial advisor, if any, for the COFINA Agent, cannot properly be addressed prior to clarification of the scope of the COFINA Agent's duties and authority.  Among the more significant scope issues to be determined is whether formulation of hypothetical restructuring scenarios is an appropriate exercise of the COFINA Agent's negotiation responsibilities under the Procedures even though PROMESA reserves to the Oversight Board the exclusive power to propose any plan of adjustment for confirmation.  Only after such clarification can the appropriate potential range and valuation of the proposed Centerview services be assessed.  For this reason alone, denial of the Centerview Application, without prejudice, is appropriate at this juncture.

The Centerview Application is also insufficiently fleshed out as to the reasons for certain of the proposed services, and provides the Court with no nonconclusory factual or legal basis for a determination that advance approval of a flat fee of the magnitude sought is in the best interests of the Debtors.  Therefore, any renewed application should provide further information as to the connection between the proposed services and the proper scope of litigation and/or negotiation activity of the COFINA Agent and, like professional retention arrangements previously approved in these cases, provide for the Court's retrospective evaluation of the value and propriety of the services in the context of fee applications, and incorporate holdback and final approval procedures.  The COFINA Agent's representation that her subjective standards are satisfied sufficiently to justify advance final approval of a flat fee does not persuade the Court that the proposed arrangements are in the best interests of the administration of justice and constitute prudent allocation of scarce Debtor resources.

CONCLUSION

Accordingly, the Centerview Application is denied without prejudice to renewal at a time and in a manner consistent with the foregoing discussion.  This Order resolves docket entry no. 1273 in case no. 17-3283.

SO ORDERED.

Dated: October 18, 2017

 /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge