UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO *et al.*,

    Debtors.[1]

PROMESA
Title III

Case No. 17-BK-3283 (LTS)

(Jointly Administered)

---

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY,

    Debtor.

PROMESA
Title III

Case No. 17-BK-3567 (LTS)

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

```
------------------------------------------------------------------------ x
                                                         :
In re:                                                   :
                                                         :
THE FINANCIAL OVERSIGHT AND                              :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                        :   Title III
                                                         :
       as representative of                              :   Case No. 17-BK-4780 (LTS)
                                                         :
PUERTO RICO ELECTRIC POWER                               :
AUTHORITY,                                               :
                                                         :
       Debtor.                                           :
------------------------------------------------------------------------ x
```

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF URGENT JOINT MOTION OF COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, PUERTO RICO ELECTRIC POWER AUTHORITY, AND PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY FOR ORDER CONCERNING RECEIPT AND USE OF ANTICIPATED FEDERAL DISASTER RELIEF FUNDS AND <u>PRESERVING RIGHTS OF PARTIES</u>**

The Official Committee of Unsecured Creditors of all title III Debtors (other than COFINA) (the "<u>Committee</u>"), hereby submits this statement in support (the "<u>Statement</u>") of the *Urgent Joint Motion of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, Puerto Rico Electric Power Authority, and the Puerto Rico Fiscal Agency and Financial Advisory Authority for Order Concerning Receipt and Use of Anticipated Federal Disaster Relief Funds and Preserving Rights of Parties* [Docket No. 1444] (the "<u>Motion</u>") and respectfully represents as follows:

**STATEMENT**

1. Subject to the statements contained below in paragraph 3, the Committee fully supports the relief requested in the Motion by FOMB[2] and AAFAF (collectively, the "<u>Movants</u>") to ensure that the Federal Disaster Relief Funds (i) will be received by the Commonwealth as

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

2

soon as possible, (ii) will be utilized for their intended and required purposes, (iii) will be deposited into segregated and non-commingled accounts, and (iv) will not be subject to existing creditor or third-party claims. As explained in the Motion, Puerto Rico is in crisis and must receive Federal Disaster Relief Funds as soon as possible so that the urgent needs of the island and its residents can be addressed. The Committee appreciates and commends all of the efforts and continuing commitment by the Movants in connection with obtaining and distributing Federal Disaster Relief Funds for the benefit of Puerto Rico.

2. The Committee also notes that it had raised one issue with the Movants regarding a **purely intra-mural issue** between the Commonwealth and Non-Federal Entities, which issue (as detailed below) has now been resolved. The Committee's issue related to the Commonwealth's obligation, as the sole recipient of Federal Disaster Relief Funds under the FEMA Agreement, to reimburse FEMA in connection with any disobligation of Federal Disaster Relief Funds. More specifically, if Federal Disaster Relief Funds are not administered in a manner consistent with underlying agreements, program objectives, and/or the terms and conditions of a federal award at a Non-Federal Entity, the Commonwealth (and not the Non-Federal Entity) would have the obligation to reimburse FEMA. Therefore, the Committee wanted to ensure that the Commonwealth could seek payment on a superpriority basis from the Non-Federal Entity that had administered Federal Disaster Relief Funds improperly, whether or not such entity currently is, or later becomes, a title III debtor.

3. Initially, the Committee's concern was addressed, in part, by the language set forth in paragraph 7 of the proposed order [Docket No. 345-1] attached to the Motion. Paragraph 7 provides that "[t]o the extent any Federal Disaster Relief Funds become disobligated, the Commonwealth, as recipient of such funds, shall have a priority claim against

3

the Non-Federal Entity to which it transferred such funds, which claim shall be a superpriority administrative expense claim against any debtor in a case under Title III of PROMESA." As a result of further discussions with the Movants, the Committee has resolved any remaining concerns, as the Movants have agreed to add clarifying language stating that the superpriority administrative expense claim granted to the Commonwealth will apply not only to existing title III Debtors, but also to any future title III debtors. Therefore, subject to entry of an order containing such clarifying language, the Committee's issue is resolved.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Committee respectfully requests that the Court approve the Motion subject to incorporating the clarification described herein into the proposed order and granting such other and further relief as the Court deems just and proper.

Dated: October 19, 2017 /s/ G. Alexander Bongartz

PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
Andrew V. Tenzer, Esq. *(Pro Hac Vice)*
Michael E. Comerford, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
andrewtenzer@paulhastings.com
michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

- and -

/s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*

5