# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO HIGHWAYS & TRANSPORTATION AUTHORITY,<br><br>                     Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

*Caption Continued on Following Page*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 04780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br>                     Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

**AMBAC ASSURANCE CORPORATION'S LIMITED OBJECTION TO
URGENT JOINT MOTION OF THE COMMONWEALTH OF PUERTO RICO,
PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, PUERTO
RICO ELECTRIC POWER AUTHORITY, AND THE PUERTO RICO FISCAL
AGENCY AND FINANCIAL ADVISORY AUTHORITY FOR ORDER CONCERNING
RECEIPT AND USE OF ANTICIPATED FEDERAL DISASTER RELIEF FUNDS AND
<u>PRESERVING RIGHTS OF PARTIES</u>**

Ambac Assurance Corporation ("<u>Ambac</u>"), a holder and/or insurer of approximately $2.7 billion in net accreted value of bonds issued by certain Debtors and other Commonwealth instrumentalities, hereby submits this limited objection (the "<u>Limited Objection</u>") to the Urgent Joint Motion of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, Puerto Rico Electric Power Authority, and the Puerto Rico Fiscal Agency and Financial Advisory Authority for Order Concerning Receipt and Use of Anticipated Federal Disaster Relief Funds and Preserving Rights of Parties (Dkt. 1444)[2] (the "<u>Motion</u>"). In support of its Limited Objection, Ambac respectfully submits as follows:

**<u>LIMITED OBJECTION</u>**

1.    Ambac is supportive of the Motion's stated goal of "provid[ing] FEMA (and other applicable federal agencies) assurances that the Federal Disaster Relief Funds will be applied toward the statutorily mandated disaster relief work, and not be subject to creditor claims in the Title III cases[.]" (Motion ¶ 20.) Ambac has only a limited objection to the Motion and to the

---

[2] Unless otherwise specified, all references to docket numbers will be to the docket for 17 BK 3283-LTS.

proposed order annexed thereto (the "Proposed Order") to the extent that the terms of the Proposed Order (i) could be construed to be broader in scope than represented in the Motion; (ii) grant excessive discretion to the Commonwealth with respect to the use of Federal Disaster Relief Funds, with no obligation to account for the disposition of such funds; and (iii) needlessly complicate the Commonwealth's capital structure by unnecessarily giving rise to new, long-term inter-debtor obligations. Each of these issues is addressed more fully below, and the narrow changes to the Proposed Order that would remedy the problems identified are reflected in the Revised Proposed Order that is annexed hereto as Exhibit A (*see also* Exhibit B, blackline reflecting changes from the Proposed Order).

2. *First*, the definitions of "Federal Disaster Relief Funds" (Motion at 3 n.3) and "Commonwealth Disaster Relief Advances" (*Id.* ¶ 19 n.6) are overbroad. These definitions should be narrowly tailored to provide that "Federal Disaster Relief Funds" expressly exclude funds and sources of revenue beyond those funds specifically disbursed by the federal government to aid in disaster relief, including funds that are validly pledged to creditors under applicable law. The definitions should further specify that "Federal Disaster Relief Funds" does not include loans. At present, the definition provides that it includes any "funds . . . in the form of grants"; the exclusion of loans received for disaster relief or any other purposes should be made explicit. (*Id.* At 3 n.3.)

3. *Second*, given that the Motion contemplates the deobligation of Federal Disaster Relief Funds and the consequences of such deobligation (Motion ¶¶ 7, 22), the Proposed Order should contain a commitment by the Commonwealth, AAFAF, and the Oversight Board to communicate with creditors in good faith for purposes of, *inter alia*, identifying all recipients of Federal Disaster Relief Funds and the uses to which such funds have been put by the Commonwealth and all such recipients.

2

4. *Third*, to the extent the Commonwealth makes Commonwealth Disaster Relief Advances prior to receipt of Federal Disaster Relief Funds and receives a superpriority administrative expense claim as a result, the Commonwealth should be required to reimburse itself for such Commonwealth Disaster Relief Advances as soon as the Commonwealth receives the Federal Disaster Relief Funds anticipated in the making of the Commonwealth Disaster Relief Advance. This will avoid the unnecessary accrual of long-term inter-debtor claims.

For all the foregoing reasons, Ambac respectfully requests that the Court (i) deny the Motion in its current form; (ii) grant the Motion to extent that the Proposed Order is modified as requested herein; and/or (iii) grant such other and further relief as the Court deems appropriate.

*Remainder of Page Intentionally Left Blank*

Dated: October 19, 2017
      San Juan, Puerto Rico

**FERRAIUOLI LLC**

By: /s/ *Roberto Cámara-Fuertes*
    Roberto Cámara-Fuertes (USDC-PR No. 219002)
    Sonia Colón (USDC-PR No. 213809)
    221 Ponce de León Avenue, 5th Floor
    San Juan, PR 00917
    Telephone: (787) 766-7000
    Facsimile: (787) 766-7001
    Email: rcamara@ferraiuoli.com
          scolon@ferraiuoli.com

**MILBANK, TWEED, HADLEY & McCLOY LLP**

By: /s/ *Andrew M. Leblanc*
Dennis F. Dunne
Andrew M. Leblanc
Atara Miller
Grant R. Mainland
(admitted *pro hac vice*)
28 Liberty Street
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
Email: ddunne@milbank.com
      aleblanc@milbank.com
      amiller@milbank.com
      gmainland@milbank.com

*Attorneys for Ambac Assurance Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

/s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
221 Ponce de León Avenue, 5th Floor
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com