## Exhibit A

**Revised Proposed Order**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA Title III<br><br>No. 17 BK 3567-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's Federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LtS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 04780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                      Debtor. | PROMESA Title III<br><br>No. 17 BK 4780-LTS |

**[PROPOSED] ORDER GRANTING URGENT JOINT MOTION OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, PUERTO RICO ELECTRIC POWER AUTHORITY, AND THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY FOR ORDER CONCERNING RECEIPT AND USE OF ANTICIPATED FEDERAL DISASTER RELIEF FUNDS AND PRESERVING RIGHTS OF PARTIES**

*Upon consideration of the Urgent Joint Motion of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Puerto Rico Electric Power Authority, and the Puerto Rico Fiscal Agency and Financial Advisory Authority for Order Concerning Receipt and Use of Anticipated Federal Disaster Relief Funds and Preserving Rights of Parties* (the "Urgent Motion") filed jointly by the Financial Oversight and Management Board for Puerto Rico (the "FOMB"), as the representative of the Commonwealth of Puerto Rico (the "Commonwealth" or "Puerto Rico"), Puerto Rico Highways and Transportation Authority ("HTA"), and Puerto Rico Electric Power Authority ("PREPA") (collectively, the "Debtors") in these Title III cases pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. §§ 2101-2241, and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), as the entity authorized to act on behalf of the Debtors pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017; the Court having jurisdiction pursuant to

PROMESA section 306(a); it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Urgent Motion is in the best interest of the Debtors, their creditors, and other parties in interest; and the Court having found that the FOMB and AAFAF, as co-movants, provided adequate and appropriate notice of the Urgent Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Urgent Motion and having heard statements in support of the Urgent Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Urgent Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief granted herein having been withdrawn or are overruled on the merits; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Urgent Motion is GRANTED to the extent set forth herein;

2. All Federal Disaster Relief Funds,[2] Commonwealth Disaster Relief Advances, and Disaster Relief Accounts shall not be subject to any liens, encumbrances, priorities, or other claims by pre-existing creditors in any form whatsoever, and such funds and accounts shall not be considered available funds, revenues, or resources for any purpose in connection with any restructuring proceeding under Title III of PROMESA;

---

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Urgent Motion, except that (i) "Federal Disaster Relief Funds" shall mean "funds disbursed by and/or otherwise earmarked or provided by the Federal Emergency Management Agency ("FEMA") to the Commonwealth and Non-Federal Entities (defined below) for the purpose of providing emergency assistance, disaster relief, and/or recovery and restorative assistance in the form of grants, or by any other federal agency for the express purpose of providing emergency assistance, disaster relief, and/or recovery and restorative assistance in the form of grants; provided, however, that Federal Disaster Relief Funds shall not include loans received by such entities, nor shall Federal Disaster Relief Funds include funds received by the Commonwealth as reimbursement for Commonwealth Disaster Relief Advances" and (ii) "Commonwealth Disaster Relief Advances" shall mean "advances by the Commonwealth of funds other than Federal Disaster Relief Funds to any Commonwealth instrumentality, including public corporations, to pay the costs of a project approved by FEMA, or another federal agency entitled to approve the use of disaster relief funds, and to be reimbursed by Federal Disaster Relief Funds."

2

3. All Federal Disaster Relief Funds shall be received by the Commonwealth and deposited by it or the instrumentality of the Commonwealth, including public corporations, to which such funds are transferred solely into Disaster Relief Accounts and shall be used solely for the emergency assistance, disaster relief, and/or recovery and restorative assistance purposes designated in the FEMA Agreement, any governing Project Worksheet, and/or applicable federal law;

4. Any Commonwealth Disaster Relief Advances shall be received and deposited by instrumentalities of the Commonwealth, including public corporations, into Disaster Relief Accounts and used solely for the emergency assistance, disaster relief, and/or recovery and restorative assistance purposes set forth in the FEMA Agreement, any governing Project Worksheet, and/or applicable federal law; *provided that* as soon as practicably possible upon receipt of the Federal Disaster Relief Funds from which a Commonwealth Disaster Relief Advance is to be reimbursed, the Commonwealth shall reimburse itself from such Federal Disaster Relief Funds for such Commonwealth Disaster Relief Advance;

5. No creditor of the Commonwealth or any Non-Federal Entity shall assert a lien on or priority to or shall exercise any remedies against any Federal Disaster Relief Funds, Commonwealth Disaster Relief Advances, or Disaster Relief Accounts whether held by the Commonwealth or Non-Federal Entities, or be entitled to take any enforcement action against such funds or accounts or interfere in any way with the payment of Federal Disaster Relief Funds or Commonwealth Disaster Relief Advances to parties entitled to such payment in each case so long as such funds are used in accordance with any restrictions imposed by or agreements reached with FEMA and/or applicable federal law;

6. No creditor shall be entitled to adequate protection premised on the Commonwealth's or any Non-Federal Entity's use of Federal Disaster Relief Funds or Commonwealth Disaster Relief Advances;

7. To the extent any Federal Disaster Relief Funds become deobligated, the Commonwealth, as recipient of such funds, shall have a priority claim against the Non-Federal Entity to which it transferred such funds, which claim shall be a superpriority administrative expense claim against any debtor in a case under Title III of PROMESA;

8. The Commonwealth, AAFAF, the Non-Federal Entities, and the FOMB, as the Debtors' representative in the Title III cases, shall endeavor in good faith to communicate with creditors concerning how Federal Disaster Relief Funds and Commonwealth Disaster Relief Advances for purposes of identifying all recipients of such funds and advances and the uses to which funds and advances have been put by the Commonwealth and all such recipients;

9. This Order shall be without prejudice to: (i) any party's rights under applicable agreements or applicable law to assert a lien, encumbrance, priority, or other claim against any property other than Federal Disaster Relief Funds, Commonwealth Disaster Relief Advances, or Disaster Relief Accounts, or to argue solely for the purposes of determining the extent of its claim or treatment in respect of such claim that the Federal Disaster Relief Funds or the proceeds thereof would, notwithstanding any restrictions under applicable federal law and/or this order, be subject to that party's lien or priority, or otherwise subject to the terms of agreement with creditors or any rights granted under the terms of applicable agreements or law; and (ii) the right of the Commonwealth, any Non-Federal Entity, federal agency, or other party to dispute the same;

4

10. Immediately upon entry by the Court of this Order, (i) AAFAF, the Commonwealth, the Non-Federal Entities, and the FOMB, as the Debtors' representative in the Title III cases, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted herein, and (ii) this Order shall be binding on all entities having received prior notice of the Urgent Motion;

11. The Court shall retain exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation, and enforcement of this order.

SO ORDERED.


Dated: October _____, 2017

_____
HON. LAURA TAYLOR SWAIN
United States District Judge