**Hearing Date:**  October 25, 2017 at 10:00 a.m.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**LIMITED OBJECTION OF THE AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS TO URGENT MOTION FOR ORDER CONCERNING RECEIPT AND USE OF ANTICIPATED FEDERAL DISASTER RELIEF FUNDS AND <u>PRESERVING RIGHTS OF PARTIES</u>**

---

[1]    The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's Federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 04780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Case:17-03283-LTS  Doc#:1472  Filed:10/19/17  Entered:10/19/17 16:35:53  Desc: Main
Document    Page 2 of 10

The Ad Hoc Group of General Obligation Bondholders ("GO Group"), consisting of holders of bonds issued or guaranteed by the Commonwealth of Puerto Rico (the "Commonwealth") and backed by a pledge of its full faith, credit, and taxing power, respectfully submits this Limited Objection to the *Urgent Joint Motion Of The Commonwealth Of Puerto Rico, Puerto Rico Highways And Transportation Authority, Puerto Rico Electric Power Authority, And The Puerto Rico Fiscal Agency And Financial Advisory Authority For Order Concerning Receipt And Use Of Anticipated Federal Disaster Relief Funds And Preserving Rights Of Parties* (Dkt. 1444) (the "Motion").[2]

## DISCUSSION

At a general level, the GO Group does not object to the relief sought in the Motion. In light of the conditions prevailing in Puerto Rico as a result of Hurricane Maria, the first priority should be insuring that disaster relief funds made available by the federal government are put to their intended use as promptly as possible. Thus, grant funds provided by the Federal Emergency Management Agency ("FEMA") to the Commonwealth and other eligible recipients (referred to as "Non-Federal Entities" in the motion) for the purpose of disaster relief and recovery should be free of interference by the creditors of the Commonwealth and the Non-Federal Entities, and if the Commonwealth advances funds to a Non-Federal Entity in anticipation of reimbursement by FEMA, those advanced funds should likewise be free of interference by the creditors of the Non-Federal Entity.

---

[2] The members of the GO Group filing this Limited Objection are certain funds or entities managed or advised by Aurelius Capital Management, LP, Autonomy Capital (Jersey) LP, FCO Advisors LP, Monarch Alternative Capital LP, and Stone Lion L.P. The GO Group submits this Limited Objection exclusively on its own behalf and does not assume any fiduciary or other duties to any other creditor or person.

However, the proposed order accompanying the Motion (the "Proposed Order") contains a series of deficiencies, most of them technical or formal, which we explain in detail below.  If the Court is otherwise prepared to grant the relief requested in the Motion, the Proposed Order should be modified to correct these deficiencies.   Attached as Exhibit A to this Limited Objection is a redline of the Proposed Order, setting forth the changes that would address the deficiencies noted below.   In addition, because the insertion of revised definitions into the Proposed Order obscures the changes we have proposed to the defined terms set forth in the Motion, a separate redline is attached as Exhibit B setting forth our proposed changes to these definitions.  A clean version of the Proposed Order, as suggested by the GO Group, is attached as Exhibit C.[3]

1.  As an initial matter, the Proposed Order's scope should be modified so that it covers only funds provided to the Commonwealth by FEMA or by other federal agencies under the Stafford Act, 42 U.S.C. § 5121 *et seq.*, for disaster relief and recovery purposes.  The Motion focuses on this category of funds, providing details on the applicable statutory and regulatory restrictions that limit the purposes for which such funds may be used.  See Motion 5-10, 12-14. The Motion also asserts that, in addition to FEMA, "[c]ertain other federal agencies, such as U.S. Department of Housing and Urban Development and the U.S. Department of Health and Human Services, may also provide Federal Disaster Relief Funds."  *Id.* at 9.  But the Motion does not cite the statutory and regulatory provisions governing the use of any such funds, and it therefore does not explain why the relief requested in the Motion is appropriate as to them.  If the Debtors desire additional comfort as to this broader category of federal funds, they should be required to

---

[3] The GO Group intends to confer with the Debtors following the filing of this Limited Objection, in the hope that, through further dialogue, the parties may arrive at consensual resolution of the issues raised herein prior to the hearing scheduled on the Motion.

identify the relevant funds with greater particularity and to establish a legal basis for the requested relief.  On the basis of the present Motion, the Proposed Order's terms should not sweep so broadly.

To implement this concept, the Proposed Order should be changed in two respects.  First, the Proposed Order's definition of Federal Disaster Relief Funds should be modified to apply only to funds provided by FEMA or any other federal agency pursuant to the Stafford Act.  See Ex. A note 1; Ex. B.  Second, the Proposed Order contains several references to "applicable federal law," which are evidently intended to cover situations in which federal agencies other than FEMA may provide funding outside of the Stafford Act's terms.  These references to generic federal law should be deleted, so that the relevant restrictions on the use of funds would be provided by the FEMA Agreement and the Project Worksheets that will govern Stafford Act disbursements.  See Ex. A. ¶¶ 3-5; see also Ex. A note 1; Ex. B (definition of Disaster Relief Accounts).

2.    The Motion's definition of Federal Disaster Relief Funds attempts to address a "double-counting" problem that would arise if the Proposed Order's provisions applied both to funds advanced by the Commonwealth to a Non-Federal Entity in anticipation of federal reimbursement (referred to in the Motion and Proposed Order as Commonwealth Disaster Relief Advances) and to the funds received as reimbursement from the federal government.  As the Motion recognizes, it would be inappropriate for the Proposed Order to provide that such reimbursement funds will not be subject to creditor claims, liens, or priorities, because they merely replace the Commonwealth's own resources that were previously transferred to the Non-Federal Entity.  Thus, the Motion's definition of Commonwealth Disaster Relief Funds excludes

3

"funds received by the Commonwealth as reimbursement for Commonwealth Disaster Relief Advances." Motion 3 n.3.

There are two flaws in the Proposed Order's response to this double-counting problem. First, it is incomplete because it does not address the conceptually identical scenario in which the Commonwealth spends directly on disaster relief purposes in anticipation of federal reimbursement, rather than advancing funds to a Non-Federal Entity. In that case, as well, the federal reimbursement funds should not be excluded from creditors' claims, liens, or priorities, because they merely replace funds previously spent by the Commonwealth from its own resources for the purposes designated in the federal program. To address this issue, we suggest broadening the definition of Commonwealth Disaster Relief Advances to include "expenditures by the Commonwealth" that would otherwise qualify under the Motion's definition. See Ex. A note 1; Ex. B.

Second, the Motion's definitions of Federal Disaster Relief Funds and Commonwealth Disaster Relief Advances are problematic because they are circular. In particular, the Motion provides that Federal Disaster Relief Funds shall not include amounts received as reimbursement for Commonwealth Disaster Relief Advances, while Commonwealth Disaster Relief Advances are defined as transfers that, among other things, are to be reimbursed by Federal Disaster Relief Funds—a possibility that is logically inconsistent with the exclusion of reimbursement payments from the definition of Federal Disaster Relief Funds. To address this problem, the definition of Commonwealth Disaster Relief advances should be modified to avoid referring to Federal Disaster Relief Funds and to instead describe the applicable sources of federal reimbursement directly. See Ex. A note 1; Ex. B.

3.  The Proposed Order should also be modified to provide that the Commonwealth and the Non-Federal Entities shall deposit no funds other than Federal Disaster Relief Funds or Commonwealth Disaster Relief Advances into the Disaster Relief Accounts.  That obligation appears to be implicit in the Motion's definition of Disaster Relief Accounts as "segregated, non-commingled" accounts, but it should be made explicit for the avoidance of any doubt since the Proposed Order provides that creditors will not have any claims or liens against Disaster Relief Accounts.  See Ex. A ¶ 4.  Moreover, the Proposed Order should provide that, if any other funds are improperly deposited into Disaster Relief Accounts in violation of this prohibition, they must be immediately removed upon discovery and that they will remain subject to any lien, encumbrance, priority, or other claim that they would have been otherwise subject to but for the improper deposit.  See *id.*  Such a provision would ameliorate the unfairness to creditors that would otherwise result from an improper deposit of funds in a Disaster Relief Account.

4.  Recognizing that the Commonwealth should be treated, insofar as possible, as a pass-through for Federal Disaster Relief Funds, paragraph 7 of the Proposed Order provides that, if any Federal Disaster Relief Funds become "disobligated," the Commonwealth shall have a priority claim against any Non-Federal Entity to which it transferred such funds, and that this claim shall be a superpriority administrative claim against any debtor in a Title III case.  We agree that these protections are reasonable and appropriate.  Again, however, we respectfully submit that they are incomplete because they fail to address all circumstances in which a claim in favor of the Commonwealth should be recognized and they do not provide sufficient protections when the Commonwealth transfers funds to a recipient that is not yet a debtor under Title III of PROMESA.

Our proposed changes to paragraph 7 address these issues by providing that the

Commonwealth shall have a "Reimbursement Claim" against the Non-Federal Entity to which

funds were transferred whenever Federal Disaster Relief Funds are "disobligated, de-obligated,

disallowed, or are otherwise required to be reimbursed, repaid or returned to the federal

government, or to the extent the Commonwealth fails to receive reimbursement from the federal

government for any Commonwealth Disaster Relief Advances or the Commonwealth is required

to reimburse, repay, or return any funds made available by, disbursed by, or otherwise provided

by any federal agency that reimbursed a Commonwealth Disaster Relief Advance, the

Commonwealth."  Ex. A ¶ 7.  In addition, because the notion of a superpriority administrative

claim does not make sense in the context of a Non-Federal Entity that is not a debtor in a case

under Title III of PROMESA, our proposed changes to paragraph 7 would require the

Commonwealth to condition transfers to any such Non-Federal Entity on the prior grant of a lien

in favor of the Commonwealth, provided that such lien would not prime holders of preexisting

valid liens.  See *id.*  Finally, we propose modifying the definitions of Federal Disaster Relief

Funds and Commonwealth Disaster Relief Advances to provide, solely for the avoidance of

doubt, that these terms do not encompass Reimbursement Claims or funds received by the

Commonwealth on account of Reimbursement Claims, which, again, eliminates any potential

"double counting" issues.  See Ex. A note 1; Ex. B.

5.  We propose deleting the provision in paragraph 2 of the Proposed Order stating that

Federal Disaster Relief Funds, Commonwealth Disaster Relief Advances, and Disaster Relief

Funds "shall not be considered available funds, revenues, or resources for any purpose in

connection with any restructuring proceeding under Title III of PROMESA."  Ex. A ¶ 2.  The

Motion does not explain why that provision is necessary, especially in light of the language in

paragraph 2 stating that such funds and accounts will not be subject to claims, liens, encumbrances, or other claims by pre-existing creditors and the language in paragraphs 3 and 4 stating that Federal Disaster Relief Funds and Commonwealth Disaster Relief Advances shall be used only as provided by federal law.

6. We agree that the reservation of rights language in paragraph 8 of the Proposed Order is generally appropriate but suggest that a few minor modifications are warranted.

First, the language stating that the Order shall be without prejudice to any party's rights to assert arguments with respect to "proceeds" of Federal Disaster Relief Funds should be deleted. See Ex. A. ¶ 8. No other provision of the Proposed Order suggests that the Proposed Order could have any effect with respect to such proceeds, but retaining this language in paragraph 8 could lead to an unwarranted inference that other provisions of the Proposed Order do in fact address such proceeds. The language should therefore be deleted.

Second, the reservation of rights should extend beyond Federal Disaster Relief Funds to encompass Commonwealth Disaster Relief Advances and Disaster Relief Advances. Ex. A. ¶ 8. There is no evident reason for excluding these items from the scope of paragraph 8.

Third, in order to track language elsewhere in the Proposed Order, the reservation of rights should be expanded to include "encumbrances" and "other claims." Ex. A. ¶ 8. Again, there is no evident reason for exclusion of these items from the scope of paragraph 8.

7. In two instances, the Proposed Order uses the phrase "instrumentalities of the Commonwealth, including public corporations" when it appears that the defined term Non-Federal Entities would be a better fit. We propose using the defined term. See Ex. A ¶¶ 3, 4.

8. Under the Motion's definition, funds that are "earmarked" by FEMA may qualify as Federal Disaster Relief Funds. Motion 3 n.3. In our view, this language has the potential to

7

create confusion because, unlike the other portions of the definition, it suggests that funds may become Federal Disaster Relief funds while they are still in the federal government's custody. The Motion does not explain why that result would be desirable.  We therefore suggest that the "earmarked" language be deleted.  See Ex. A note 1; Ex. B.

9.    The Motion's definition of Disaster Relief Accounts includes only accounts established in the name of an instrumentality to which Federal Disaster Relief Funds or Commonwealth Disaster Relief Advances are transferred.  See Motion 10-11.  To the extent that any Federal Disaster Relief Funds are allocated for spending by the Commonwealth itself, however, those funds should be deposited into a segregated, non-comingled account in the Commonwealth's name.   The definition of Disaster Relief Accounts should be modified accordingly to encompass accounts established in the Commonwealth's name.  See Ex. A note 1; Ex. B.

## CONCLUSION

The Court should deny the Motion unless the Proposed Order is revised as set forth in Exhibit A to this Limited Objection.


[*Remainder of page intentionally left blank.*]

8

Dated: October 19, 2017

Respectfully submitted,

/s/ Ramón Rivera Morales

J. Ramón Rivera Morales
USDC-PR Bar No. 200701
JIMÉNEZ, GRAFFAM & LAUSELL
P.O. Box 366104
San Juan, PR 00936
Telephone: (787) 767-1030
Facsimile: (787) 751-4068
Email: rrivera@jgl.com

/s/ Mark T. Stancil

Lawrence S. Robbins (admitted *pro hac vice*)
Mark T. Stancil (admitted *pro hac vice*)
Gary A. Orseck (admitted *pro hac vice*)
Ariel N. Lavinbuk (admitted *pro hac vice*)
Donald Burke (admitted *pro hac vice*)
ROBBINS, RUSSELL, ENGLERT, ORSECK,
UNTEREINER & SAUBER LLP
1801 K Street, N.W., Suite 411-L
Washington, DC 20006
Telephone: (202) 775-4500
Facsimile: (202) 775-4510
Email: mstancil@robbinsrussell.com

/s/ Andrew N. Rosenberg

Andrew N. Rosenberg (admitted *pro hac vice*)
Richard A. Rosen (admitted *pro hac vice*)
Walter Rieman (admitted *pro hac vice*)
Kyle J. Kimpler (admitted *pro hac vice*)
Karen R. Zeituni (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: arosenberg@paulweiss.com

*Counsel to the Ad Hoc Group of General Obligation Bondholders*

9