UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-03283-LTS<br><br>(Jointly Administered) |

**AAFAF'S (1) SUR-REPLY TO BANK OF NEW YORK MELLON'S REPLY TO AAFAF'S OMNIBUS OBJECTION [ECF NO. 1421]; AND (2) RESPONSE TO THE COFINA SENIOR BONDHOLDERS' COALITION'S INFORMATIVE MOTION SEEKING TO CONFIRM THAT 48 U.S.C. § 2125 APPLIES TO COFINA AGENT [ECF NO. 1430]**

AAFAF,[2] as the entity authorized to act on behalf of the Debtor entities under its authority under the Enabling Act of the Fiscal Agency and Financial Advisory Authority, Act 2-2017 (the "AAFAF Enabling Act"), respectfully submits this (1) sur-reply to the *Reply of the*

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

[2] All terms not independently defined herein shall have the same meaning ascribed to them in *AAFAF's Omnibus Objection and Response to: (1) COFINA Agent's Motion Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(a) for Order: (I) Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent; (II) Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals [ECF No. 1121]; (2) Response of Commonwealth Agent to Motion of COFINA Agent for Order Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent [ECF No. 1279]; AND (3) Limited Objection of Bank of New York Mellon, As Trustee, to the COFINA Agent's Motion[ECF No. 1336]* (the "AAFAF Objection") [ECF No. 1407]. Unless otherwise specified, all emphasis is added and all citations and quotations are omitted.

1

*Bank of New York Mellon, as Trustee, to AAFAF's Omnibus Objection and Response to the COFINA Agent's Motion Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(A)* [ECF No. 1421] (the "BNYM Reply") and (2) response to the *Informative Motion of the COFINA Senior Bondholders' Coalition with Respect to Motion of COFINA Agent for Order Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent* [ECF No. 1430] (the "Senior Bondholders' Informative Motion").

**PRELIMINARY STATEMENT**

1. AAFAF submits this filing to address an issue introduced in BNYM's Reply and the Senior Bondholders' Informative Motion: the assertion that AAFAF somehow lacks standing to object to the COFINA Agent's Motion. BNYM and the Senior Bondholders maintain that the Court should not hear from AAFAF, the only party in the Title III cases that speaks directly on behalf of the Government elected by the people of Puerto Rico. Their position is untenable both under the Stipulation and Order authorizing the COFINA-Commonwealth proceeding and as a matter of law and common sense.

2. *First*, the Stipulation and Order expressly provides that AAFAF "*may intervene as of right* to exercise its rights to be heard under applicable law" in any litigation between the Agents to resolve the Commonwealth-COFINA Dispute. (Stipulation and Order ¶ 5.) Because all the parties and the Court agreed that AAFAF has standing to be heard on issues concerning the COFINA-Commonwealth Dispute, that alone should end the matter.

3. *Second*, the Stipulation and Order tacitly recognize the more fundamental reason that AAFAF has standing to be heard here. As the agent of Puerto Rico's Government, AAFAF represents the interests of the Government and its instrumentalities, including the authority to negotiate on the Government's behalf and take other actions concerning COFINA's debt obligations (*see* AAFAF Enabling Act § 8(q))—including being heard in proceedings that

2

implicate the Commonwealth's and COFINA's ability to restructure, such as litigation related to the Commonwealth-COFINA Dispute.

4. The COFINA Agent's Motion squarely implicates these concerns. The COFINA Agent has demanded that the Commonwealth pay her fees, if COFINA—or, at COFINA's request, BNYM—does not do so. Thus, her motion seeks money from the Government's coffers, a request that goes to the heart of the issues for which AAFAF was created. And the COFINA Agent seeks to shield herself and her professionals under PROMESA section 105 from any liability—including claims from the Government—arising from their participation in the Commonwealth-COFINA Dispute. But the COFINA Agent should not be allowed to insulate herself and her agents from such liability for actions that are outside the scope of their authority. Any such exculpation would infringe on the Government's legal rights, including rights reserved under PROMESA. Thus, AAFAF—on behalf of the Government—has standing and the right to be heard.

## BACKGROUND

5. AAFAF was created on April 6, 2016, under the Puerto Rico Emergency Moratorium and Financial Rehabilitation Act (Act 21-2016), to take over "[a]ll fiscal agency, financial advisory, and reporting functions of the [Government Development] Bank. 2016 P.R. Laws 21, § 602(b). On January 18, 2017, the Puerto Rico Legislature enacted the AAFAF Enabling Act, which expanded AAFAF's authority and designated it as the exclusive government entity authorized to renegotiate, restructure, and reach agreements with creditors concerning debt issued by the Government or any Government entity. *See* AAFAF Enabling Act § 8(q). The legislature also empowered AAFAF to compel any governmental entity to comply with the Oversight Board-certified Fiscal Plan, or, if necessary, to act on behalf of any government entity to ensure compliance. *See id*. §§ 8(m) and (o). AAFAF acts on behalf of the

3

Commonwealth and all of its related entities and instrumentalities in devising and implementing (in conjunction with the Oversight Board) the strategies necessary to achieve the dual goals of PROMESA—achieving fiscal responsibility and regaining access to the capital markets. *See* 48 U.S.C. 2121(a).

6.     On August 10, 2017, the Court entered the Stipulation and Order by and among (i) the Oversight Board, (ii) AAFAF, and (iii) the major general obligation bondholder groups— including the Senior Bondholders—and certain monoline insurers. The Stipulation and Order established procedures to resolve this Commonwealth-COFINA Dispute. Among other things, the Stipulation and Order expressly recognized AAFAF's right to intervene and be heard with respect to the Commonwealth-COFINA Dispute. (*See* Stipulation and Order ¶ 5.) The Stipulation and Order also reserved all of AAFAF's, the Oversight Board's, and the Puerto Rico Government's rights under PROMESA sections 303 and 305. (*See id.* ¶¶ 4.g, 11.) Section 303 preserves the Government's and its instrumentalities rights "to exercise political and governmental powers of the territory or territorial instrumentalities." 48 U.S.C. § 2163. Section 305 prohibits the Court from exercising jurisdiction over "any political or governmental powers of the debtor[s]," their property and revenues, and their use and enjoyment of "income producing property," unless the Oversight Board consents or the plan provides for such jurisdiction.

7.     On August 21, 2017, the COFINA Agent filed her Motion seeking, among other things, an order: (i) extending to the Agent and her professionals the same protections PROMESA section 105 grants the Oversight Board; and (ii) requiring the Commonwealth to pay her professional's fees if COFINA—or, at COFINA's request, BNYM—did not do so. (COFINA Agent's Motion ¶ 5.) On September 12, 2017, the Commonwealth Agent filed its Response seeking the same PROMESA section 105 protections. On September 19, 2017, the

4

Oversight Board objected to the COFINA Agent's request for PROMESA section 105 protections to the extent that the COFINA Agent acts beyond her authority.

8. On October 6, 2017, AAFAF filed its Objection to address the Agents' attempts to exceed their authority under the Stipulation and Order and enforce the terms and restrictions of that order. (*See, e.g.,* AFA Objection ¶¶ 2-3.) To be clear, AAFAF did not and does not take issue with the Agents' right to receive PROMESA section 105 protections in their capacity as Agents. (*See id.* ¶ 1.) But AAFAF maintains that such protections must be limited to those that the Stipulation and Order authorizes. (*See id.* ¶¶ 4-16.) AAFAF also agrees that the COFINA Agent is entitled to the payment of her legitimate fees and costs. But those expenses must be paid by the parties that benefit from her services—namely COFINA or BNYM and the COFINA bondholders—not the Commonwealth. (*See id.* ¶¶ 17-22.) This is consistent with the Stipulation and Order, which mandates that the Agents be compensated by "the Debtor on whose behalf they are acting." (*Id.* ¶ 18 (quoting Stipulation and Order ¶ 4.d).) Thus, to pay the COFINA Agent and her professionals, COFINA should be permitted to either to (i) retain funds in the Dedicated Sales Tax Fund deposited at Banco Popular or (ii) direct BNYM to make such payments. (AAFAF Objection ¶ 19.)

9. On October 10, 2017, the Agents filed their respective replies in support of their requested relief. Notably, while both replies addressed the arguments raised in AAFAF's Objection, neither challenged AAFAF's standing to object. (*See* ECF Nos. 1422, 1424.)

10. That same day, BNYM filed its Reply arguing—for the first time in the briefing related to the COFINA Agent's Motion—that AAFAF somehow lacks standing to object to the COFINA Agent's Motion. On October 11, 2017—after the submission deadline—the Senior

5

Bondholders filed their Informative Motion, likewise maintaining that AAFAF lacks standing to object to the COFINA Agent's Motion.[3]

## ARGUMENT

11. BNYM and the Senior Bondholders assert that AAFAF lacks standing to object to the COFINA Agent's Motion because the Oversight Board represents the Debtors in these Title III cases. (BNYM Reply ¶ 5; Senior Bondholders' Informative Motion ¶ 4.) This assertion rests on the erroneous premise that the Oversight Board's authority to represent the Commonwealth and COFINA is exclusive. It is not. Both the Commonwealth and COFINA are not merely debtors, but also an ongoing government that continues to function and govern Puerto Rico and its people. Nothing in PROMESA confers exclusive authority on the Oversight Board or deprives Puerto Rico's duly elected Government (via AAFAF) from advancing the Government's and its instrumentalities' interests on matters of critical importance to Puerto Rico's future.[4] Indeed, that right is enshrined in the Stipulation and Order, Puerto Rico law, and PROMESA.

12. The Stipulation and Order provides that AAFAF has standing to be heard on all matters relating to the Commonwealth-COFINA Dispute:

> [I]n any litigation between the Agents to resolve the Commonwealth-COFINA Dispute . . . . AAFAF, as the government's agent in accordance with the [AAFAF Enabling Act], may . . . intervene as of right to exercise its rights to be heard under applicable law.

---

[3] Pursuant to the Court's Order Regarding Matters Originally Noticed for October 4, 2017 Hearing [ECF No. 1381 at 3], objections to the COFINA Agent's Motion were due on October 6 and replies were due on October 10.

[4] Notably, the Oversight Board has not asserted that AAFAF has in any way usurped its role. Similarly, the Agents—whose Complaint and Counterclaims are at issue in AAFAF's Objection—did not challenge AAFAF's right to file the Objection in their respective replies. (*See* ECF Nos. 1422, 1424.)

6

(Stipulation and Order ¶ 5.) This language, ordered by the Court and agreed to by the Senior COFINA Bondholders, makes clear that AAFAF has the right to be heard here.[5] That, without more, should end the matter.

13. But there is more. The Puerto Rico legislature has empowered AAFAF as the sole Puerto Rico government entity with authority to engage in negotiations and other actions related to restructuring both the Commonwealth's and COFINA's debt obligations. *See* AAFAF Enabling Act § 8(q).[6] And to ensure Puerto Rico and its governmental entities' compliance with the Fiscal Plan, the legislature granted AAFAF all rights and powers necessary to carry out that purpose, including the authority to act on behalf of the Commonwealth and COFINA. *See id.* §§ 8(m) and (o). Thus, AAFAF is tasked with, among other things, preserving Commonwealth and COFINA funds to ensure that they are available to help put Puerto Rico back on the road to fiscal responsibility. *See, e.g., id.* § 8(a)(ii).

14. The issues the COFINA Agent's motion presents squarely implicate AAFAF's authority. As an initial matter, the COFINA Agent insists that the Commonwealth must back-stop any of the COFINA Agent's (and its professionals') fees and expenses to the extent that COFINA or BNYM are unable or unwilling to pay. (COFINA Agent Motion ¶ 5.) To suggest that AAFAF—as the government's representative in these Title III proceedings—lacks standing to appear to protect the Government fisc from unfounded claims borders on the frivolous. For this reason, too, AAFAF has standing to be heard on the COFINA Agent's motion.

---

[5] As a party to the Stipulation and Order, the Senior Bondholders cannot now complain about or seek to contradict its terms. *See Morales Feliciano v. Rullan*, 303 F.3d 1, 8 (1st Cir. 2002) ("A party's stipulations are binding on that party and may not be contradicted by him at trial or on appeal."); *see also Geremia v. First Nat. Bank of Boston*, 653 F.2d 1, 5 (1st Cir. 1981).

[6] COFINA is a public corporation and instrumentality of the Commonwealth (13 L.P.R.A. § 11a(a) (2017)), and therefore is subject to the AAFAF Enabling Act. (3 L.P.R.A. § 9302(a) (2017) (granting AAFAF authority over "the Commonwealth and its public corporations, instrumentalities, commissions, authorities, municipalities and political subdivisions.").)

7

15. Aside from threatening to deplete the Government's financial resources, the COFINA Agent has requested that the Court, under PROMESA section 105, shield her and her professionals—in their capacity as agents—against *any* claims by *any* party, including the Puerto Rico Government. (*See* COFINA Agent's Motion ¶ 5.) The Commonwealth Agent has sought identical relief. (*See* Commonwealth Agent's Response ¶ 2.) AAFAF's Objection is necessary to preserve the Puerto Rico Government's claims arising from the COFINA Agent's unauthorized actions, which include many of the Agents' existing claims in the related Adversary Proceeding. (*See* AAFAF Objection ¶¶ 4-15.) This is among the reasons why the Stipulation and Order confers standing on AAFAF to intervene "*as of right*" in this dispute. (*See* Stipulation and Order ¶ 5)

16. The Senior Bondholders are wrong in arguing that AAFAF has no authority in the Title III cases beyond merely "preserv[ing] the Commonwealth's authority to exercise its political and governmental powers outside the courtroom." (Senior Bondholders' Informative Motion ¶ 4.) Section 303 is not so limited. That section concerns not only the Government's powers "outside the courtroom," but also its rights and powers in restructuring governmental entities, including COFINA. *See* 48 U.S.C. § 2163. Section 303 makes clear that (apart from certain provisions in Titles I and II that are inapplicable here) Title III does not "limit or impair the power of a covered territory to control, by legislation or otherwise, the territory or any territorial instrumentality thereof in the exercise of the political or governmental powers of the territory or territorial instrumentality[.]" *Id.* Allocating resources is a fundamental political and governmental power. *See, e.g., Owen v. City of Indep., Mo.*, 445 U.S. 622, 668 (1980) ("The allocation of public resources and the operational policies of the government itself are activities that lie peculiarly within the competence of executive and legislative bodies."); *Alden v. Maine*,

8

527 U.S. 706, 751, 119 S. Ct. 2240, 2264, 144 L. Ed. 2d 636 (1999) ("Today, as at the time of the founding, the allocation of scarce resources among competing needs and interests lies at the heart of the political process."). Similarly, the power to bring claims to prevent harm to the Puerto Rico government and its people are, at bottom, governmental. *See, e.g., Hawaii v. Standard Oil Co. of Calif.*, 405 U.S. 251, 258 (1972) (noting that a state may sue to "prevent or repair harm to its 'quasi-sovereign' interests.").

17. The Senior Bondholders' reading of section 303 likewise ignores both PROMESA section 305 and the statute's overarching intent. Section 305 fortifies section 303 by providing that:

> [N]otwithstanding any power of the court, unless the Oversight Board consents or [the debtor's Title III] plan [of adjustment] so provides, the court may not by any stay, order or decree, in the case or otherwise, interfere with – (1) any of the political or governmental powers of the debtor; (2) any of the property or revenues of the debtor; or (3) the use or enjoyment by the debtor of any income-producing property.

48 U.S.C. § 2165. As the Court has previously recognized, section 305 taken together with other provisions of PROMESA:

> ***[C]reates a statutory structure that is deeply respectful and protective of the autonomy of public entities engaged in debt adjustment proceedings.*** Indeed, the origins of Section 305's Chapter 9 counterpart can be traced directly to congressional efforts to avoid infringing on the sovereignty of states, from which the authority of counties and municipalities is derived. . . In enacting PROMESA, ***Congress chose to grant the governmental authority and the property of territories and their instrumentalities the same level of protection during Title III debt adjustment proceedings.***

(*Opinion and Order Denying Motion of Ad Hoc Group of PREPA Bondholders, et al., for Relief from the Automatic Stay*, Case No. 17-04780-LTS [ECF No. 299] at 10.) In other words, PROMESA "protects the authority of the people's elected officials and their appointees to direct the restructuring effort." (*Id.* at 12.) Consistent with PROMESA's intent, this Court has already recognized AAFAF's—and thereby the Puerto Rico Government's—standing to be heard in the

9

Commonwealth-COFINA Dispute. (*See* Stipulation and Order ¶ 5.) Neither BNYM nor the Senior Bondholders have offered any reason to cast that aside.

18. Contrary to the Senior Bondholders' speculation, AAFAF is not seeking "to control and intimidate the COFINA side . . . and favor the Commonwealth side." (Senior Bondholders' Informative Motion ¶ 5; *see also id.* ¶¶ 3, 6-7 (also insinuating, without basis, that AAFAF is colluding with the Commonwealth Agent).) AAFAF's Objection seeks to keep *all* parties—the COFINA and Commonwealth Agents alike—focused on litigating the narrowly circumscribed Commonwealth-COFINA Dispute and requests only that the Court deny the Agents PROMESA section 105 protections insofar as they exceed their authority under the Stipulation and Order. (*See* AAFAF Objection ¶¶ 10-16.)

*Remainder of Page Intentionally Left Blank*

Dated: October 23, 2017
San Juan, Puerto Rico

Respectfully submitted, | Respectfully submitted,

*/s/ Peter Friedman*
John J. Rapisardi
Suzzanne Uhland
William J. Sushon
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

Peter Friedman
(Admitted *Pro Hac Vice*)
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414

*Attorneys for the Puerto Rico Fiscal
Agency and Financial Advisory Authority*

*/s/ Andrés W. López*
Andrés W. López
USDC No. 215311
**THE LAW OFFICES OF
ANDRÉS W. LÓPEZ, P.S.C.**
902 Fernández Juncos Ave.
San Juan, PR 00907
Tel: (787) 294-9508
Fax: (787) 294-9519

*Co-Attorney for the Puerto Rico Fiscal
Agency and Financial Advisory Authority*