**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No. 1065-1**<br><br> (Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>                Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**This Stipulation relates only to the Commonwealth and shall only be filed in the lead Case No. 17 BK 3283-LTS** |

**STIPULATION MODIFYING THE AUTOMATIC STAY BETWEEN**
**THE COMMONWEALTH OF PUERTO RICO AND ANTONIO VEGA-FERNÁNDEZ**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

This stipulation (the "Stipulation") is made as of October 17, 2017, by and between the Commonwealth of Puerto Rico (the "Commonwealth") and Antonio Vega-Fernández (the "Movant").[2]

**RECITALS**

**WHEREAS**, on May 3, 2017, the Commonwealth, by and through the Oversight Board, as the Commonwealth's representative pursuant to PROMESA section 315(b), filed a petition with the United States District Court for the District of Puerto Rico (the "District Court") under title III of PROMESA (the "Title III Case");

**WHEREAS**, on August 17, 2017, the District Court entered the *Order Amending Case Management Procedures* (the "Case Management Order"), which revised the *Notice, Case Management and Administrative Procedures* to implement a protocol (the "Lift Stay Protocol") for filing motions for relief from the automatic stay set forth in Bankruptcy Code sections 362(a) and 922(a), made applicable to the Title III Case by PROMESA section 301(a) (the "Title III Stay") [ECF No. 1065];

**WHEREAS**, under the Lift Stay Protocol, Movant is required to (a) send notice (the "Lift Stay Notice") to counsel to the Oversight Board and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") to advise them of Movant's intent to seek relief from the Title III Stay at least fifteen (15) business days prior to filing a motion seeking such relief (the "Lift Stay Notice Period") and (b) meet and confer with the Commonwealth during the Lift Stay Notice Period;

---

[2] The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Department of Justice to file this Stipulation on behalf of the Commonwealth.

**WHEREAS**, on August 31, 2017, Movant sent its Lift Stay Notice seeking to lift the Title III Stay to proceed with the case captioned *Antonio Vega-Fernández vs. Autoridad de Acueductos de P.R.,* pending before the Puerto Rico First Instance Court, Case No. ADP2015-0063 (the "Prepetition Action"); and

**WHEREAS**, during the Lift Stay Notice Period, the Commonwealth and Movant met and conferred and have resolved Movant's request for relief from the Title III Stay.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the Commonwealth and Movant, through their counsel, each of whom represent and warrant they possess the requisite authority to bind the respective parties hereto, as follows:

1. The Title III Stay is hereby modified solely to the limited extent necessary to enable Movant to prosecute the Prepetition Action against insurance coverage, if any, available under any insurance policies issued to the Commonwealth (the "Available Coverage"); provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the entry, execution, and enforcement of any judgment in excess of the Available Coverage and for any claims for money damages and provisional remedies against the Commonwealth or any other Title III Debtor.

2. It is expressly understood by Movant that any recovery in the Prepetition Action shall be limited to the terms, conditions, and amount of the Available Coverage and such recovery shall be reduced by (i) the amount of any applicable deductible or self-insured retention under the applicable insurance policy; and (ii) the share of liability under the applicable insurance policy of any insolvent or non-performing insurer or co-insurer (or any reinsurer of any insolvent or non-performing insurer or co-insurer).

3

3. Nothing contained in this Stipulation shall operate as a waiver or modification of the Title III Stay so as to permit (i) Movant to seek any recovery in the Prepetition Action against the Commonwealth or any of the other Title III Debtors or (ii) the prosecution against the Commonwealth or any of the other Title III Debtors of any claim or claims by anyone other than Movant as provided for herein and the Commonwealth reserves all rights, defenses, and protections with respect to any matters pending or that may arise in the Title III Case, including the treatment of any claim arising from the Prepetition Action under a plan of adjustment or otherwise in the Title III Case.

4. The Commonwealth and Movant represent and warrant that they are properly and fully empowered to enter into and execute this Stipulation, which they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that the Stipulation is legal, valid, and binding upon them.

5. Neither this Stipulation, nor the settlement provided for herein, nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of the Commonwealth's rights to dispute, contest, setoff, or recoup any claim, including any claims asserted by Movant in the Prepetition Action, or assert any related rights, claims, or defenses and all such rights are reserved; or (c) an approval or assumption of any agreement or contract between the parties under Bankruptcy Code section 365.

6. Nothing in this Stipulation shall be deemed or construed as (a) creating or conferring any right upon any persons or entities (other than Movant as expressly provided in this Stipulation), or (b) evidence of any willingness or obligation on the Commonwealth's part to

consent to any other or future modifications of or relief from the Title III Stay with respect to any persons or entities.

7. This Stipulation contains the entire agreement by and between the parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

8. This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico. For purposes of construing this Stipulation, neither of the parties shall be deemed to have been the drafter of the Stipulation.

9. Electronic copies of signatures on this Stipulation are acceptable, and an electronic copy of a signature on this Stipulation is deemed an original. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

10. This Stipulation may not be modified other than by a signed writing executed by the parties hereto.

11. The District Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

12. This Stipulation shall be immediately effective and enforceable upon approval by the District Court.

**IN WITNESS WHEREOF** and in agreement herewith, by and through their counsel, the parties have executed and delivered this Stipulation as of the date first set forth above.

**WANDA VÁZQUEZ GARCED**
Secretary of Justice

| | |
|---|---|
| */s/ Wandymar Burgos* | */s/ Gerardo Santiago* |
| **WANDYMAR BURGOS VARGAS** | **GERARDO L. SANTIAGO PUIG** |
| USDC 223502 | USDC 205402 |
| Deputy Secretary in Litigation | GSP Law, P.S.C. |
| Department of Justice | Doral Bank Plaza, Suite 801 |
| P.O. Box 9020192 | 33 Resolución St. |
| San Juan, Puerto Rico 00902-0192 | San Juan, PR 00920 |
| Phone: 787-721-2940 Ext. 2500, 2501 | Phone: 787-777-8000 |
| wburgos@justicia.pr.gov | Fax: 787-767-7107 |
| | gsantiagopuig@gmail.com |
| *Attorney for the Commonwealth of Puerto Rico* | *Attorney for Movant* |

SO ORDERED.

Dated: October 24, 2017

                                           /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          United States District Judge