# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

-------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

Re: ECF No. 262, 249, 898, 1065, 1299, 1434

-------------------------------------------------------------------x

## ORDER FURTHER AMENDING CASE MANAGEMENT PROCEDURES

Upon the *Debtor Entities' Motion to Amend Second Amended Notice, Case Management and Administrative Procedures to Further Revise Protocol for Stay Relief Motions* (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306; and it appearing that venue in this district is proper pursuant to PROMESA section 307; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Paragraph III.Q of Section III (Scheduling) of the Case Management Procedures is hereby amended as follows:

> Subject to Paragraphs III.F and III.T, at least fifteen (15) business days prior to filing a Stay Relief Motion to continue a prepetition ordinary course civil action against a Debtor other than PREPA, the movant shall contact counsel for the Oversight Board (Attn: Hermann Bauer (Hermann.Bauer@oneillborges.com) and Ubaldo M. Fernández Barrera (ubaldo.fernandez@oneillborges.com)) and counsel for AAFAF (Attn: Diana M. Perez (dperez@omm.com) and Andrés W. López (andres@awllaw.com)), and, for all Lift Stay Notices related to PREPA, the movant shall contact counsel for the Oversight Board (Attn: Hermann Bauer (Hermann.Bauer@oneillborges.com) and Ubaldo M. Fernández Barrera (ubaldo.fernandez@oneillborges.com)) and counsel for AAFAF (Attn: Kevin Finger (fingerk@gtlaw.com)) by electronic-mail to advise them of the movant's intent to seek relief from the automatic stay (the "Lift Stay Notice" and the notice period, the "Lift Stay Notice Period"). The Lift Stay Notice Period and the procedures set forth below shall not apply to Stay Relief Motions that are filed by creditors seeking to enforce a financial debt claim.
>
> The Lift Stay Notice shall include (i) the identity of the movant and its contact information, (ii) the claim(s), lawsuit(s), or other proceeding(s) for which movant seeks relief from the automatic stay, including the relevant case number and court information, (iii) the amount of the claim(s) and the asserted causes of action, (iv) a brief description of the status of the underlying claim(s), lawsuit(s), or proceeding(s), and (v) cause as to why the stay should be lifted.
>
> During the Lift Stay Notice Period, the Debtors and the movant shall meet and confer (in person or telephonically) to attempt to resolve, in whole or in part, the movant's request for relief from the automatic stay.
>
> If (i) the Debtors disagree with the movant's request for relief from the automatic stay and/or (ii) the Lift Stay Notice Period expires without the parties reaching an agreement governing the scope of the relief from the automatic stay, then the movant may file a Stay Relief Motion pursuant to the Case Management Procedures. Such Stay Relief Motion must include a certification that the movant has met and conferred with the Debtors regarding the requested relief. If movant did not meet and confer with the Debtors prior to filing a Stay Relief Motion, and cannot show exigent circumstances for failing to meet and confer, the Court shall deny the Stay Relief Motion without prejudice until the movant has met and conferred with the Debtors.

The Debtors, in their discretion (subject to the Oversight Board's consent) and without immediate leave of Court, may (i) enter into stipulations modifying or lifting the automatic stay and (ii) agree to modify or lift the automatic stay with respect to any prepetition ordinary course civil action against a Debtor.

The Debtors shall file an omnibus motion, every sixty (60) days, identifying each automatic stay modification agreed to by the Debtors during the relevant period and seeking Court approval of such modifications *nunc pro tunc* to the relevant modification date (an "Omnibus Lift Stay Motion").

Each Omnibus Lift Stay Motion shall include personalized information for each automatic stay modification including, as applicable, a brief description of the modification, case information (including case number and court), and counterparty.

For the avoidance of doubt, nothing in this Paragraph III.Q prejudices the rights of a party to request the consideration of any Stay Relief Motion on an expedited basis, or the rights of the Debtors or any other party in interest to contest such request for expedited consideration.

3. The Court shall retain jurisdiction to hear and determine all matters (a) arising from or related to the implementation, enforcement, or interpretation of this order and (b) concerning the execution or enforcement in the Title III Cases of any judgment entered in a prepetition ordinary course civil action where the Debtors agreed to modify or lift the Title III Stay to allow the action to proceed to judgment by the underlying court.

4. The following are attached to this Order as Exhibit 1 and its Annex: (a) the text of the Third Amended Case Management Procedures incorporating the above modification, as well as certain non-substantive changes to reflect the cancellation of certain hearings and the joint administration of the Puerto Rico Electric Power Authority's Title III Case with the other Title III Cases, and (b) a blackline against the Second Amended Case Management Procedures.

SO ORDERED.

Dated: October 24, 2017

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge