Hearing Date: November 15, 2017, at 9:30 a.m. (AST)
Objection Deadline: October 31, 2017, at 4:00 p.m. (AST)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT<br>AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## URGENT MOTION OF FINANCIAL GUARANTY INSURANCE COMPANY REGARDING PROPOSED 90-DAY STAY OF ALL LITIGATION TO FACILITATE THE RECOVERY FROM HURRICANES IRMA AND MARIA

To the Honorable United States District Court Judge Laura Taylor Swain:

Financial Guaranty Insurance Company ("**FGIC**"), by and through its attorneys Rexach & Picó, CSP and Butler Snow LLP, files this *Urgent Motion of Financial Guaranty Insurance Company Regarding Proposed 90-Day Stay of All Litigation to Facilitate the Recovery from Hurricanes Irma and Maria* (the "**Motion**"). In support of the Motion, FGIC hereby respectfully states as follows:

### Jurisdiction and Venue

1. The Court has subject matter jurisdiction over this Motion pursuant to the Puerto Rico Oversight, Management, and Economic Stability Act ("**PROMESA**")[2] section 306(a), 48

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

U.S.C. § 2166(a) and 11 U.S.C. § 105(a) as made applicable pursuant to PROMESA section 301, 48 U.S.C. § 2161.

2. Venue is proper in this district pursuant to PROMESA section 307(a), 48, U.S.C. § 2167(a).

**Relief Requested**

3. As the Court knows, on September 20, 2017, Hurricane Maria made landfall in Puerto Rico, causing significant injury to Puerto Rico's people and damage to its infrastructure. *See, e.g.*, *Urgent Informative Motion Regarding The Impact Of Hurricane Maria And Proceeding Within These Title III Cases* [Dkt. # 1360]. Hurricane Maria was the strongest hurricane to hit Puerto Rico since 1932 and arrived only two weeks after Hurricane Irma substantially impaired Puerto Rico's water and electricity services. *Id.*

4. Roughly four weeks after Hurricane Maria made landfall, approximately 80 percent of the Commonwealth is still without electricity, with some residents having no power for the roughly 45 days since Hurricane Irma skirted north of the island.[3] Governor Rosselló optimistically estimates power production will not be restored until mid-December.[4] In addition, about 1 million residents are still without running water.[5]

5. In light of the devastation that Hurricanes Maria and Irma have caused to Puerto Rico, and in the interests of providing the government and the people of Puerto Rico with time to

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Deborah Acosta and Frances Robles, *Puerto Ricans Ask: When Will the Lights Come Back On?*, THE NEW YORK TIMES, Oct. 20, 2017, https://www.nytimes.com/2017/10/19/us/puerto-rico-electricity-power.html.

[4] Rebecca Banuchi, *Governor Calls for Celerity*, EL NUEVO DÍA, October 22, 2017, https://www.elnuevodia.com/english/english/nota/governorcallsforcelerity-2368020/.

[5] John D. Sutter, *About 1 Million Americans Without Running Water*, CNN, October 18, 2017, http://www.cnn.com/2017/10/18/health/puerto-rico-one-month-without-water/index.html.

recover from the impact of these hurricanes, FGIC respectfully requests that the Court impose a 90-day stay of all pending litigation in these Title III cases and all related adversary proceedings (collectively, "*Title III Litigations*").

6. As a practical matter, prosecuting these Title III Litigations in a vacuum—removed from any commercial considerations—is counterproductive. U.S. Representative Rob Bishop, Chairman of the House Natural Resources Committee, recently acknowledged the Commonwealth's fiscal plan will have to be completely overhauled: "They have to start over again," Bishop said. "This changes the dynamics of that plan. So they're gonna have to redo the overall funding plan again."[6]

7. Litigating based on facts and positions that existed as of May 3, 2017, when the first Title III case was commenced, would be nonsensical on the part of the parties in interest and wasteful of the Court's time and resources. Indeed, as this Court has already seen, certain pending actions challenging the current fiscal plan have or will be dismissed by those parties. Other legal issues may similarly become moot upon the certification of a new fiscal plan that takes into account the post-Hurricanes Irma and Maria landscape in the Commonwealth.[7]

8. For example, as this Court has noted, one of the central issues in the Title III Litigations is the ownership or rights to sales and use taxes among various competing creditor constituencies. Due to the devastation on the island and the inability to collect sales and use

---

[6] *House Natural Resources Committee Sets Oct. 24 Hearing on Puerto Rico's Recovery, PROMESA Board Role*, REORG RESEARCH, October 19, 2017.

[7] The Commonwealth's tax base has been projected to suffer accelerated erosion over the coming years due to Hurricane Maria. According to a recent report from Center for Puerto Rican Studies of New York's Hunter College, between 114,000 and 213,000 Puerto Rico residents will leave the island annually over the next two years, *i.e.*, about 14 percent of the total population of the Commonwealth. *See* Edwin Melédez and Jennifer Hinojosa, *Estimates of Post-Hurricane Maria Exodus from Puerto Rico*, Centro RB2017-01, October 2017 ("In other words, Puerto Rico will lose the same population in a span of a couple of years after Hurricane Maria as the island lost during a prior decade of economic stagnation.").

3

taxes, the Commonwealth's Treasury Secretary Raúl Maldonado has acknowledged the possibility that the Commonwealth will not even have a sales and use tax in the future.[8]

9. Another major point of contention for creditors and other parties in interest is the lack of audited financial information from the Commonwealth. Just yesterday, Treasury Secretary Raúl Maldonado indicated the Commonwealth's timetable for releasing its overdue audited financial statements has been further delayed due to Hurricane Maria.[9] Secretary Maldonado stated the Commonwealth now predicts it will release the fiscal 2015 comprehensive annual financial report by the end of this calendar year, with the release of the fiscal 2016 comprehensive annual financial report now pushed back to sometime in 2018.[10]

10. The reports of destruction on the island are not just statistical news reports. They reflect hardship and tragedy that affect millions of people on the island. Undersigned San Juan counsel has been without power for all but 20 hours since Hurricane Irma, now 43 days and counting. Twenty percent of the employees of her office are without water at home and shower at the office, which itself must operate at reduced hours. And these are among the fortunate. Meanwhile, we have Title III cases and adversary proceedings purporting to deal with "legal issues." FGIC, like all creditors, would like to maximize the recovery on its claims and receive that recovery as quickly as possible. What FGIC understands and others apparently are not willing to acknowledge publicly is that it will be months at a minimum before the Oversight Board has a clue what assumptions will underlie a future Fiscal Plan and drive the contents of a

---

[8] *Puerto Rico Treasury Secretary Says 'All Options on Table' as Hurricane Prompts 'Hard Look' at Tax Structure*, REORG RESEARCH, October 4, 2017.

[9] *Commonwealth Pushes Back Audited Financials in Wake of Hurricane*, REORG RESEARCH, October 24, 2017.

[10] *Id.*

4

plan of adjustment. We need recovery efforts for the Commonwealth and the citizens of Puerto Rico before we can even discuss recovery for creditors.

11. Accordingly, FGIC respectfully submits that a 90-day stay is reasonable and appropriate in light of the damage caused by the hurricanes, the suffering still being experienced by residents of the island, and the lasting uncertainty surrounding the certification of a new fiscal plan. As circumstances warrant, subject to further review by the Court, this stay could be extended or modified as appropriate. While the issues raised in the Title III Litigations are important, the current focus should be on restoration and relief for Puerto Rico.

12. Lastly, FGIC understands that the Oversight Board, Aurelius parties, and UTIER would like to proceed with the Appointments Clause issues raised in the *Objection and Motion of Aurelius to Dismiss Title III Petition* [Dkt. # 913 in Case No. 17-BK-3283 (LTS)], *Motion of Aurelius for Relief from the Automatic Stay* [Dkt. # 914 in Case no. 17-BK-3283 (LTS)] and *Union de Trabajadores de la Industria Electrica y Riego v. Puerto Rico Electric Power Authority, et al.* [Adv. Proc. No. 17-228 (LTS)]. FGIC has no objection to those matters being excepted from the requested stay and proceeding as scheduled.

13. Counsel for FGIC certifies reasonable, good-faith communications took place with counsel for the Oversight Board. Based on these reasonable, good-faith communications, counsel for FGIC anticipates the Oversight Board will object to the Motion.

WHEREFORE, FGIC respectfully requests entry of the Order substantially in the form of Exhibit A, granting the relief requested herein and any other relief as is just and proper.

Dated: October 24, 2017	Respectfully submitted,

REXACH & PICÓ, CSP

By: *María E. Picó*
    María E. Picó
    USDC-PR 123214
    802 Ave. Fernández Juncos
    San Juan PR 00907-4315
    Telephone: (787) 723-8520
    Facsimile: (787) 724-7844
    E-mail: mpico@rexachpico.com

BUTLER SNOW LLP

By: *Martin A. Sosland*
    Martin A. Sosland (*pro hac vice*)
    5430 LBJ Freeway, Suite 1200
    Dallas, TX 75240
    Telephone: (469) 680-5502
    Facsimile: (469) 680-5501
    E-mail: martin.sosland@butlersnow.com

    Stanford G. Ladner (*pro hac vice*)
    1700 Broadway, 41st Floor
    New York, NY 10019
    Telephone: (646) 606-3996
    Facsimile: (646) 606-3995
    E-mail: stan.ladner@butlersnow.com

    Christopher R. Maddux (*pro hac vice*)
    J. Mitchell Carrington (*pro hac vice*)
    1020 Highland Colony Parkway, Suite 1400
    Ridgeland, MS 39157
    Telephone: (601) 985-2200
    Facsimile: (601) 985-4500
    E-mail: chris.maddux@butlersnow.com
    mitch.carrington@butlersnow.com

    Jason W. Callen (*pro hac vice*)
    150 3rd Avenue, South, Suite 1600
    Nashville, TN 37201
    Telephone: (615) 651-6774
    Facsimile: (615) 651-6701
    E-mail: jason.callen@butlersnow.com

*Attorneys for Financial Guaranty Insurance Company*

39049416.v5