**Hearing Date**: November 15, 2017 at 9:00 a.m. (Atlantic Standard Time)
**Objection Deadline**: October 31, 2017 at 4:00 p.m. (Atlantic Standard Time)

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x
In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Electric Power Authority ("PREPA," and together with the Commonwealth, COFINA, HTA, and ERS the "Debtors"), as Title III debtors, by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

is filing the annexed *Motion for Entry of Order Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Bankruptcy Code Section 365(d)(4)* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and the Second Amended Case Management Procedures (ECF No. 1065-1) (the "Case Management Procedures"), and must be filed with the Court (a) by registered users of the Court's case filing system, electronically in accordance with rule 5 of the Local Rules for the District of Puerto Rico, and (b) by all other parties in interest, on a CDROM, in text-searchable portable document format (PDF), and served on (i) counsel for the Oversight Board, Proskauer Rose LLP, Eleven Times Square, New York, New York 10036-8299 (Attn: Martin J. Bienenstock, Esq., Paul V. Possinger, Esq., and Ehud Barak, Esq.), and O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813 (Attn: Hermann D. Bauer, Esq.); (ii) counsel for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, 7 Times Square, New York, New York 10036 (Attn: John J. Rapisardi, Esq., Suzzanne Uhland, Esq., and Peter Friedman, Esq.) and The Law Offices of Andrés W. López, P.S.C., 902 Fernández Juncos Ave., San Juan, PR 00907 (Attn: Andrés W. López, Esq.); and (iii) the Office of the United States Trustee for Region 21, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901-1922, so as to be received no later than **October 31, 2017 at 4:00 p.m. (Atlantic Standard Time)**.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held before the Honorable Laura Taylor Swain, United States District Court Judge, in Room 3 of the United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, Office 150,

San Juan, Puerto Rico 00918-1767 (the "Court"), on **November 15, 2017 at 9:00 a.m. (Atlantic Standard Time)**, or as soon thereafter as counsel may be heard, to consider the relief sought by the Debtors in the Motion.

**PLEASE TAKE FURTHER NOTICE** that the relief requested in the Motion may be granted without a hearing if no objection is timely filed, served, and received in accordance with the Case Management Procedures.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion including all exhibits, and all documents filed in these title III cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

Dated: October 24, 2017
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Maja Zerjal
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

**Hearing Date**: November 15, 2017 at 9:00 a.m. (Atlantic Standard Time)
**Objection Deadline**: October 31, 2017 at 4:00 p.m. (Atlantic Standard Time)

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

----------------------------------------------------------------x

## MOTION FOR ENTRY OF ORDER EXTENDING TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO BANKRUPTCY CODE SECTION 365(d)(4)

To the Honorable United States District Court Judge Laura Taylor Swain:

    The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Electric Power Authority ("PREPA," and together with the Commonwealth, COFINA, HTA, and ERS the "Debtors," and each individually a "Debtor"), as Title III debtors, by and through the Financial Oversight and Management Board for Puerto Rico

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

(the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submit this motion (the "Motion"), pursuant to section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these cases by PROMESA section 301(a), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting an extension of the deadline for the Debtors to assume or reject any of the leases, subleases or other agreements under which a Debtor is a lessee that may be considered an unexpired lease of nonresidential real property (collectively, the "Real Property Leases," attached hereto as **Exhibit B**), through and including the dates set forth on the list of consenting lessors attached hereto as **Exhibit B**. In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction and Venue

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2. Venue is proper pursuant to PROMESA section 307(a).

3. The statutory predicates for the relief sought herein are Bankruptcy Code section 365(d)(4), made applicable to these cases by PROMESA section 301(a).

### Background

4. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to section 304(a) of PROMESA, commencing a case under title III thereof (the "Commonwealth's Title III Case").

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

5. On May 5, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA pursuant to PROMESA section 304(a), commencing a case under title III thereof ("COFINA's Title III Case").

6. On May 21, 2017, the Oversight Board issued restructuring certifications pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for each of ERS and HTA pursuant to PROMESA section 304(a), commencing cases under title III thereof (the "Additional Title III Cases").

7. On June 1, 2017, the Court entered an order granting the joint administration of the Commonwealth's Title III Case and COFINA's Title III Case, for procedural purposes only [ECF No. 242].

8. On June 29, 2017, the Oversight Board issued a restructuring certification for PREPA pursuant to PROMESA sections 104(j) and 206 and, on July 2, 2017, filed a voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case under title III thereof ("PREPA's Title III Case" and collectively with the Commonwealth's Title III Case, COFINA's Title III Case, the Additional Title III Cases, and any subsequent case under Title III of PROMESA commenced by a covered territorial instrumentality under PROMESA, the "Title III Cases").

9. On June 29, 2017, the Court entered an order granting the joint administration of the Additional Title III Cases with the Commonwealth's Title III Case, for procedural purposes only [ECF No. 537].

10. On July 21, 2017, the Debtors filed a motion (the "365(d)(4) Motion") seeking to extend the time to assume or reject unexpired leases of nonresidential real property pursuant to

Bankruptcy Code section 365(d)(4), made applicable to these cases by PROMESA section 301(a), through and including (i) November 29, 2017 for the Commonwealth, (ii) December 1, 2017 for COFINA, and (iii) December 18, 2017 for ERS and HTA [ECF No. 705].

11. On August 8, 2017, the Court entered an order (the "365(d)(4) Order") granting the relief requested in the 365(d)(4) Motion [ECF No. 994].

12. On October 6, 2017, the Court entered an order ("PREPA's Joint Administration Order") granting the joint administration of PREPA's Title III Case with the Commonwealth's Title III Case, for procedural purposes only [ECF No. 1417]. Furthermore, in PREPA's Joint Administration Order, the Court made clear the 365(d)(4) Order applied to PREPA, and that for PREPA, the deadline to assume or reject any nonresidential real property lease be extended to January 28, 2018 [ECF No. 1417 at 5].

13. Background information regarding the Commonwealth and its instrumentalities, and the commencement of the instant Title III Cases, is contained in the *Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* [ECF No. 1], attached to the Commonwealth's Title III petition.

## Relief Requested

14. By this Motion, pursuant to Bankruptcy Code section 365(d)(4), made applicable to these cases by PROMESA section 301(a), the Debtors seek entry of an order extending the time within which the Debtors must assume or reject the Real Property Leases, through and including the dates set forth on **Exhibit B**.

## The Real Property Leases

15. The Debtors are parties to numerous Real Property Leases that support their many operations. Pursuant to Bankruptcy Code section 365(d)(4), made applicable to these cases by

PROMESA section 301(a), and the 365(d)(4) Order and the PREPA Joint Administration Order, the time within which the Debtors must assume or reject the Real Property Leases is currently set to expire on (i) November 29, 2017 for the Commonwealth, (ii) December 1, 2017 for COFINA, (iii) December 18, 2017 for ERS and HTA, and (iv) January 28, 2018 for PREPA.

16. On September 20, 2017, Hurricane Maria—the fifth strongest hurricane to ever hit the United States—made landfall in Puerto Rico as a strong Category 4 storm bringing sustained winds of up to 155 miles per hour and up to 40 inches or more of rain in some regions. *See* Hurricane Maria Lashes Puerto Rico, NASA EARTH OBSERVATORY, https://earthobservatory.nasa.gov/ (last visited Sept. 23, 2017). Hurricane Maria was the strongest hurricane to hit Puerto Rico since 1932 and arrived only two weeks after Hurricane Irma—a Category 5 storm that became one of the strongest hurricanes ever recorded in the Atlantic—substantially impaired Puerto Rico's water and electricity services.

17. Given these circumstances, the Debtors have not yet had an opportunity to determine conclusively which Real Property Leases should be assumed or rejected as part of their overall restructuring objectives. Rather, the Debtors have been principally focused transitioning into Title III by, among other things, obtaining the entry of orders approving vital relief and liaising with key creditor groups, and most recently as mentioned, dealing with the aftermath of the damage Hurricane Maria and Hurricane Irma caused in Puerto Rico. The Debtors' advisors have been reviewing the electronic databases and records maintained by the government to identify the Real Property Leases, lease counterparties, and contact information, which will ultimately assist the Debtors in making determinations on whether to assume or reject the Real Property Leases. Since this project is time consuming, and the Commonwealth's

5

challenges are mounting and require diversion of resources to more pressing matters, the Debtors require additional time to complete their analysis of the Real Property Leases.

## Basis for Relief

18. Section 365(d)(4)(A) of the Bankruptcy Code provides that an unexpired lease of nonresidential real property under which a debtor is the lessee will be considered rejected if the debtor does not assume or reject the unexpired lease within 120 days after filing or before plan confirmation, whichever is earlier. A court may extend the period for 90 days on the motion of the debtor or lessor for cause—as this Court already did. 11 U.S.C. § 365(d)(4)(B)(i). A court may also grant a subsequent extension, but only upon written consent of the lessor in each instance. *Id.* § 365(d)(4)(B)(ii).

19. As more fully discussed in the *Urgent Informative Motion Regarding the Impact of Hurricane Maria and Proceeding Within These Title III Cases* [ECF No. 1360], Hurricane Maria has resulted in widespread destruction and mass power outages on the island of Puerto Rico and has made it extremely difficult for parties to communicate with each other. As a result, as of the date of filing this Motion, the Debtors and their advisors have been unable to obtain the written consent of all their landlords to grant the requested extension of time for the Debtors to assume or reject Real Property Leases. Those landlords that have consented to an extension of such deadline, including the Puerto Rico Public Buildings Authority, are set forth on **Exhibit B**. The Debtors and their advisors are continuing to contact the Debtors' landlords to discuss extensions of the 365(d)(4) deadlines and will update the list of consenting landlords as quickly as possible by filing an amended **Exhibit B** in accordance with the presentment procedures set forth in the *Second Amended Notice, Case Management and Administrative Procedures* [ECF No. 1065-1] before each Debtor's respective deadline under Bankruptcy Code section 365(d)(4).

20. This relief has frequently been granted by bankruptcy courts in multiple circuits. *See, e.g.*, *In re Mesa Air Group, Inc., et al.*, Case No. 10-10018 (MG) (Bankr. S.D.N.Y. filed Aug. 3, 2010) [ECF No. 956] (order granting extension to assume or reject leases through effective date of Debtors' plan of reorganization); *In re Bulk Petroleum Corp.*, Case No. 09-21782, 2011 WL 6779467 (Bankr. E.D. Wis. filed Dec. 16, 2011) (same); *In re Walker Land & Cattle*, *LLC*, Case No. 13-41437, 2014 WL 2443943 (Bankr. D. Idaho filed Apr. 29, 2014) (extending deadline to assume or reject lease to date of confirmation of chapter 11 plan); *In re Buckingham Oil Interests, Inc.*, Case No. 15-13441 (JNF) (Bankr. D. Mass. filed Nov. 30, 2015) [ECF No. 402] (extending deadline to date past the effective date of debtor's plan of reorganization to assume or reject leases).

21. The Debtors' restructuring efforts would be jeopardized without the relief requested in this Motion. If the Debtors are required to decide prematurely whether to assume the Real Property Leases, only to find out that such leases are not necessary for their reorganization, the Debtors would be saddled with an administrative expense claim for all amounts due under the leases, including the cure amounts that are prepetition amounts that would otherwise be prepetition unsecured rejection damage claims. *See Nostas Assocs. v. Costich (In re Klein Sleep Prods., Inc.)*, 78 F.3d 18 (2d Cir. 1996). However, if the Debtors are required to evacuate thousands of buildings and offices in order to avoid the vast expenses of assuming burdensome leases, only to find that such space is necessary for the Debtors' operations—especially in the aftermath of Hurricane Maria and Hurricane Irma—vital services that the Debtors provide the 3.5 million residents of Puerto Rico would be further eroded. *See* PROMESA § 405(m) (Congress' findings regarding the conditions in Puerto Rico).

22. These Title III Cases are of an unprecedented size and scope, with the Commonwealth and its numerous instrumentalities owing approximately $74 billion in the aggregate. The complexities and challenges of these Title III Cases have been further exacerbated by the passage of Hurricane Maria and Hurricane Irma, which have had a disruptive effect on the process, effectively removing at least 30 days from the working calendar. Given these challenges, the Debtors and their advisors have continued to work diligently and expeditiously to review the Real Property Leases; however, because of the unprecedented size and scope of these Title III Cases, have not had sufficient time to perform the necessary economic analysis of such Real Property Leases to determine which should be assumed or rejected. Furthermore, the consenting parties would be disadvantaged if the Debtors are forced to decide prematurely to reject leases that would otherwise be assumed to the consenting parties' benefit. Thus, the Court should grant the consensual extension of the Real Property Leases through the dates set forth on **Exhibit B**, without prejudice to the Debtors' ability to amend **Exhibit B** until one week prior to the expiration of each Debtor's respective deadline under Bankruptcy Code section 365(d)(4), so that the Debtors can best satisfy their statutory mandate to allow the Commonwealth to achieve fiscal responsibility and access to capital markets.

## Notice

23. The Debtors have provided notice of this Motion to (collectively, the "Notice Parties"): (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against COFINA; (d) the statutory committees appointed in these Title III Cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Puerto Rico Fiscal Agency and Financial Advisory

Authority; (g) the Puerto Rico Department of Justice; (h) all parties filing a notice of appearance in these Title III Cases; and (i) the landlords set forth on **Exhibit B**. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

24. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Debtors respectfully request the Court to enter an order, substantially in the form attached hereto as **Exhibit A**, (a) granting this Motion, (b) granting the extension of the time for the Debtors to assume or reject any of the Real Property Leases, through and including the dates set forth on **Exhibit B**, (c) granting the ability to amend **Exhibit B** until one week prior to the expiration of each Debtor's respective deadline under Bankruptcy Code section 365(d)(4), and (d) granting the Debtors such other relief as is just and proper.

Dated: October 24, 2017
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Maja Zerjal
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/* Hermann D. Bauer

Hermann D. Bauer
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as Representative for the Debtors*

## **Exhibit A**

**Proposed Order**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors. [1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**ORDER GRANTING MOTION FOR ENTRY OF ORDER EXTENDING TIME TO
ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL
PROPERTY PURSUANT TO BANKRUPTCY CODE SECTION 365(d)(4)**

Upon the Debtors' *Motion for Entry of Order Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Bankruptcy Code Section 365(d)(4)* (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

in the best interests of the Debtors, their creditors, and other parties in interest, it is **HEREBY ORDERED THAT:**

  1.  The Motion is granted as set forth herein.

  2.  The deadline of the time for the Debtors to assume or reject any of the Real Property Leases is extended through and including the dates set forth on Exhibit B to the Motion.

  3.  The Debtors may amend Exhibit B to the Motion by adding additional landlords who have consented to an extension of the Debtors' deadline to assume or reject Real Property Lease under Bankruptcy Code section 365(d)(4) until one week prior to the expiration of each Debtor's respective deadline by filing an amended Exhibit B in accordance with the presentment procedures set forth in the *Second Amended Notice, Case Management and Administrative Procedures* [ECF No. 1065-1].

  4.  Nothing in the Motion or this Order shall be deemed or construed as (a) an assumption or rejection of any agreement, contract, or lease pursuant to Bankruptcy Code section 365, or (b) an admission with respect to whether any of the Debtors' contracts or leases is an unexpired lease of nonresidential real property within the meaning of Bankruptcy Code section 365(d). The relief granted by this Order shall not affect the Debtors' rights to assume, assume and assign, or reject any Real Property Leases.

  5.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2017
  San Juan, Puerto Rico          Honorable Laura Taylor Swain
                   United States District Judge

## Exhibit B

## List of Consenting Landlords

| Landlord/Lessor Name | Agreed Date of Extension |
|---|---|
| Puerto Rico Public Buildings Authority ("PBA") | Extended through effective date of plan of adjustment for each Debtor |
| | |
| | |
| | |
| | |
| | |
| | |