UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.*,[1]<br><br>Debtors. | ) PROMESA<br>) Title III<br>)<br>)<br>) No. 17-BK-3283 (LTS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) (Jointly Administered)<br>) |

## AFFIDAVIT OF BRADY C. WILLIAMSON IN CONJUNCTION WITH HIS APPOINTMENT AS FEE EXAMINER

STATE OF WISCONSIN   )
                     ) SS.
COUNTY OF DANE       )

Brady C. Williamson, being duly sworn and on oath, states that:

1. I am a shareholder with Godfrey & Kahn, S.C. ("**Godfrey & Kahn**"), a law firm with its principal offices at 833 East Michigan Street in Milwaukee, Wisconsin, and One East Main Street in Madison, Wisconsin, and other offices in Wisconsin and in Washington, D.C. I am authorized to make this Affidavit on behalf of myself and of

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No.17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808).

Godfrey & Kahn and in support of the *Order Pursuant to PROMESA Section 316 and 317 and Bankruptcy Code Section 105(A) Appointing a Fee Examiner and Related Relief* [D.I. 1416] (the "**Fee Examiner Order**"), entered on October 6, 2017. The Affidavit is based on my personal knowledge and if called to testify, I could and would testify competently to the written statements made in this Affidavit.

2. I am licensed to practice law in Wisconsin, and I am a member in good standing of the Bar of the State of Wisconsin. I am admitted to practice before the United States Supreme Court, the U.S. Courts of Appeal, and federal district and bankruptcy courts in a variety of jurisdictions.

3. I submit this affidavit, at the request of the United States Trustee, in connection with the Fee Examiner Motion and Order.

4. Godfrey & Kahn, which employs about 180 attorneys, has a large and diverse legal practice that primarily, though not exclusively, represents corporate and association clients based in Wisconsin. Among these clients are financial institutions, insurance companies, public utilities, manufacturers, business and industry groups, and others that may have a direct or indirect interest in these proceedings. However, except as otherwise noted below, neither Godfrey & Kahn nor I represents any entity in connection with these proceedings or hold any interest adverse to the Debtors or their estates.

5. Godfrey & Kahn has established procedures for reviewing possible conflicts and for determining connections between Godfrey & Kahn, or Godfrey & Kahn attorneys, and outside entities. Pursuant to those procedures, I performed, or caused to be performed, the following actions to identify for disclosure any parties relevant to this

Affidavit and these proceedings and to determine any Godfrey & Kahn connection to each such party.

  A. Godfrey & Kahn has obtained an eight-page list of the names of individuals and entities (collectively, the "**Interested Parties**"), organized by category, that may have an interest in these cases. *See* Appendix A (complete listing of Interested Parties); *see also Declaration of Luc A. Despins in Support of Application for Order Pursuant to Bankruptcy Code Section 1103(a) and Local Rule 2014(a) Authorizing Employment and Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors Effective as of June 26, 2017* [Dkt. 610-2, Schedule 2].

  B. Godfrey & Kahn entered the names of the Interested Parties, as well as the names of all professionals expected to perform work on these cases and subject to the Fee Examiner's review, into its conflicts check database, which contains the names of all of its clients and conflict information concerning each such client, as well as the names of entities with which Godfrey & Kahn attorneys have formal relationships, such as a position on a board of directors. As a result, I obtained a list of names from the Godfrey & Kahn conflicts check database that matched or that appeared similar to the name of any Interested Party. I have reviewed that list.

  C. I additionally sent an inquiry to all Godfrey & Kahn attorneys to determine whether any such attorney: (a) owns any interest in Puerto Rican debt instruments; (b) has any pending claims against any of the Debtors; (c) is, or has a relative who is, a current officer, director, employee, or elected official of the Debtors; (d) has any immediate family member who has been employed by, is, or was in the past

3

an elected official of any of the Debtors; or (e) has any other significant connection with the Debtors.

D. I also have inquired within the firm about connections with the United States Trustee program or any person employed in the office of the U.S. Trustee.

6. Based on the procedures described above, I have determined that neither I nor Godfrey & Kahn currently represents any of the Debtors and that neither I nor Godfrey & Kahn has represented any of the Debtors in at least five years.

7. Based on its procedures described above, I have also determined that neither Godfrey & Kahn nor I has represented nor represents—nor will we—any party other than the Fee Examiner in connection with these proceedings.

8. The Fee Examiner may serve in a capacity that is potentially adverse to any or all of the professionals retained in these cases (the "**Retained Professionals**").

9. A list of Interested Parties or Retained Professionals with which Godfrey & Kahn has a current relationship or has had a recent relationship—all wholly unrelated to these cases—is attached to this Affidavit as Appendix B. For purposes of this disclosure, representation of third parties that are adverse to Interested Parties in unrelated matters—other than Debtors, Officers, Directors, and Retained Professionals—are not "relationships."

10. Despite occasional prior co-counsel or local counsel relationships with various Retained Professionals—all in wholly unrelated matters—Godfrey & Kahn's approach to and review of the applications of such Retained Professionals will be consistent with and subject to the same standards—including the standards for the filing of objections—applicable to all other Retained Professionals. None of the connections

4

disclosed on Appendix B result in revenue to the firm exceeding one percent of annual revenue.

11. Paul Griepentrog, a Godfrey & Kahn, S.C. shareholder, serves as trustee for a family trust with investments in two mutual funds that, in turn, hold Puerto Rican government bonds. As trustee for the family trust, Mr. Griepentrog has no decision-making authority regarding the individual investments made by the mutual funds, though he does make investment decisions for the family trust. Godfrey & Kahn has implemented an "ethical wall" using the firm's standard procedures for such measures to ensure that Mr. Griepentrog will have no involvement in the firm's representation of the Fee Examiner and will have no physical or electronic access to files and other documents pertaining to the representation.

12. Godfrey & Kahn served as counsel to the Fee Examiner in *In re Motors Liquidation Company*, No. 09-50026 (Bankr. S.D.N.Y.) (Gerber, J.), and counsel to the Fee Committees in *In re Lehman Brothers Holdings, Inc.*, No. 08-13555 (Bankr. S.D.N.Y.) (Peck, J.), and *In re Energy Future Holdings Corp.*, No. 14-10979 (Bankr. D. Del.) (Sontchi, J.). In those capacities, Godfrey & Kahn has submitted publicly-filed reports and recommendations—some adverse—with respect to applications for compensation filed by some of the Retained Professionals.

13. To the best of my knowledge, this Affidavit discloses all connections between myself, Godfrey & Kahn, and the Interested Parties known to Godfrey & Kahn as of today's date. Due to the size of the Debtors and the complexity of these cases, Godfrey & Kahn cannot state with absolute certainty that, at this time, it has identified and disclosed every single connection it has with each Interested Party. However,

Godfrey & Kahn will promptly file supplemental disclosures of any such connections if any additional relevant information comes to my or Godfrey & Kahn's attention.

14. To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, including a review of the information in Godfrey & Kahn's conflicts check database and direct inquiry of Godfrey & Kahn attorneys and except as otherwise disclosed herein:

    A. Neither Godfrey & Kahn nor I holds or represents any interest adverse to the Debtors, the Debtor Affiliates, or their respective estates.

    B. Neither Godfrey & Kahn nor its attorneys are connected with the United States Trustee for Region 21, any persons employed by the United States Trustee's office for Region 21, or any district or bankruptcy judge for the District of Puerto Rico.

15. The Office of the U.S. Trustee has adopted Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "UST Guidelines"). 28 C.F.R. pt. 58, Appendix B. The purpose of this paragraph is to disclose my responses to the questions in the UST Guidelines in compliance with Paragraph D.1.

    A. I shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, the terms of the Fee Examiner Order, and any other applicable procedures and orders of the Court. I will make a reasonable effort to comply with the U.S. Trustee's requests for information and

additional disclosures as set forth in the UST Guidelines, both in connection with the Fee Examiner Order and any related application and the interim and final fee applications to be filed by me or Godfrey & Kahn in these PROMESA cases.

B. The following is provided in response to the request for additional information set forth in Paragraph D.1. of the UST Guidelines.

**Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Response:** Yes. Pursuant to the *Urgent Motion of the United States Trustee Pursuant to PROMESA Section 316 and 317 and Bankruptcy Code Section 105(a) for Entry of Order Appointing a Fee Examiner and Related Relief* [D.I. 1296] and *Fee Examiner Order*, the Fee Examiner, will receive a discounted flat monthly fee for his services. Godfrey & Kahn typically, but not always, charges clients by the hour.

**Question:** Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Response:** No.

**Question:** If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed post-petition, explain the difference and the reasons for the difference?

7

**Response:** Godfrey & Kahn has not previously represented the Fee Examiner in his capacity as Fee Examiner for the Commonwealth of Puerto Rico's Title III cases.

**Question:** Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Response:** Yes, although the flat fee arrangement described in the Fee Examiner Order provides the budget parameters, subject to Court approval and amendment.

16. I have performed work in good faith, beginning on September 13, 2017 (and earlier), in anticipation of the commencement of the Fee Examiner's work. Godfrey & Kahn also has performed work at the direction of the Fee Examiner, subject to the Court's approval of Godfrey & Kahn's retention as counsel to the Fee Examiner.

Dated this 25th day of October, 2017.

GODFREY & KAHN, S.C.

_____
Brady C. Williamson
One East Main Street, Suite 500
Madison, Wisconsin 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: bwilliam@gklaw.com

*Fee Examiner*

Subscribed and sworn to before me
this 25th day of October, 2017.

_____
Lauren D. Kowalk
Notary Public, State of Wisconsin
My Commission Expires: 2/5/21

# APPENDIX A

## Categories of Interested Parties, as provided by the Debtors

- Representative of Debtors
- Debtors
- Committee Members
- Committee-Related Professionals
- Oversight Board Members and Professionals
- Other Parties Identified in the PrimeClerk and Epiq Retention Applications
- Puerto Rico Officials
- U.S. Officials
- 20 Largest Unsecured Creditors
- Litigation Parties

## APPENDIX B

## LIST OF INTERESTED PARTIES THAT CURRENTLY EMPLOY OR HAVE FORMERLY EMPLOYED[2] GODFREY & KAHN, S.C. IN MATTERS WHOLLY UNRELATED TO THE DEBTORS OR THESE CHAPTER 11 CASES

| INTERESTED PARTY | RELATIONSHIP TO DEBTORS | RELATIONSHIP TO GODFREY & KAHN |
|---|---|---|
| AG Financial Solutions | Litigation Parties | Godfrey & Kahn has represented AG Financial Solutions in Wisconsin foreclosure, lease negotiation, and real estate matters unrelated to these cases. |
| Bank of New York Mellon | Litigation Parties | Godfrey & Kahn serves as Wisconsin counsel to Bank of New York Mellon Trust Company, N.A. in an unrelated Wisconsin receivership matter. |
| Centerbridge Partners | Litigation Parties | Godfrey & Kahn represents Centerbridge Partners, L.P. and a group of investors in a Wisconsin insurance insolvency proceeding unrelated to these cases. |
| Canyon Balanced Master Fund, Ltd. Canyon Funds Canyon Value Realization Fund, L.P. The Canyon Value Realization Master Fund, L.P. | Litigation Parties | Godfrey & Kahn represents Canyon Capital Advisors and a group of investors in a Wisconsin insurance insolvency proceeding unrelated to these cases. |

---

[2] Only client relationships for which there has been any work performed since September 2015 are included in this Appendix.

| INTERESTED PARTY | RELATIONSHIP TO DEBTORS | RELATIONSHIP TO GODFREY & KAHN |
|---|---|---|
| Davidson Kempner<br>Davidson Kempner Capital Management LLC | Litigation Parties | Godfrey & Kahn represents Davidson Kempner Capital Management LLC and a group of investors in a Wisconsin insurance insolvency proceeding unrelated to these cases. |
| Goldman Sachs<br>Goldman Sachs Asset Management | Litigation Parties | In the past, Godfrey & Kahn has represented Goldman Sachs & Co. on unrelated matters. Godfrey & Kahn currently represents Goldman Sachs Group, Inc. in a Wisconsin insurance insolvency proceeding unrelated to these cases. The firm also has represented clients adverse to Goldman Sachs entities in unrelated matters. |
| Kirkland & Ellis LLP | Professionals | Godfrey & Kahn has represented BMO Harris Bank, N.A. in Kirkland & Ellis LLP's commercial credit card lending matters unrelated to these bankruptcy cases. Kirkland & Ellis LLP represents an investment company, for which Godfrey & Kahn, S.C. represents the independent trustees. The investment company is not related in any way to these bankruptcy cases. |
| Manpower | 20 Largest Unsecured Creditors | Godfrey & Kahn, S.C. currently represents Manpowergroup, Inc. and related entities in various matters unrelated to these cases. |

2

| INTERESTED PARTY | RELATIONSHIP TO DEBTORS | RELATIONSHIP TO GODFREY & KAHN |
|---|---|---|
| Proskauer Rose, LLP | Counsel to Financial Management Oversight Board | Godfrey & Kahn, S.C. currently serves as Wisconsin co-counsel with Proskauer Rose on Wisconsin non-profit and estate planning matters unrelated to these cases. |
| Service Employees International Union | Committee Member | Godfrey & Kahn, S.C. occasionally represents S.E.I.U. in antitrust matters unrelated to these cases. Godfrey & Kahn, S.C. also has represented clients adverse to S.E.I.U., primarily in labor and employment matters unrelated to these cases. |
| Schulte Roth & Zabel, LLP | Committee-Related Professional | Godfrey & Kahn serves as Wisconsin co-counsel with Schulte Roth & Zabel LLP representing a group of investors in a Wisconsin insurance insolvency proceeding unrelated to these cases. |
| US Bank, NA | Litigation Parties | Godfrey & Kahn represents U.S. Bank National Association and certain affiliates on transactional, litigation, and regulatory matters unrelated to these cases. Aggregate billings to U.S. Bank or affiliates in the last 24 months have been less than .5 percent of Godfrey & Kahn, S.C.'s total revenue for the years 2015 and 2016. |

17801693.2

3