# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND<br>TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA Title III<br><br>No. 17 BK 3567-LTS |

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's Federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 04780-LTS) (Last Four Digits of Federal Tax ID: 3747).

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                   Debtor. | PROMESA Title III<br><br>No. 17 BK 04780-LTS |

**ORDER GRANTING URGENT JOINT MOTION OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, PUERTO RICO ELECTRIC POWER AUTHORITY, AND THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY FOR ORDER CONCERNING RECEIPT AND USE OF ANTICIPATED FEDERAL DISASTER RELIEF FUNDS AND PRESERVING RIGHTS OF PARTIES**

Upon consideration of the *Urgent Joint Motion of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Puerto Rico Electric Power Authority, and the Puerto Rico Fiscal Agency and Financial Advisory Authority for Order Concerning Receipt and Use of Anticipated Federal Disaster Relief Funds and Preserving Rights of Parties* (the "Urgent Motion") filed jointly by the Financial Oversight and Management Board for Puerto Rico (the "FOMB"), as the representative of the Commonwealth of Puerto Rico (the "Commonwealth" or "Puerto Rico"), Puerto Rico Highways and Transportation Authority ("HTA"), and Puerto Rico Electric Power Authority ("PREPA") (collectively, the "Debtors") in these Title III cases pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. §§ 2101-2241, and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), as the entity authorized to act on behalf of the Debtors pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017; the Court having jurisdiction pursuant to

PROMESA section 306(a); it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Urgent Motion is in the best interest of the Debtors, their creditors, and other parties in interest; and the Court having found that the FOMB and AAFAF, as co-movants, provided adequate and appropriate notice of the Urgent Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Urgent Motion and having heard statements in support of the Urgent Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Urgent Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief granted herein having been withdrawn or are overruled on the merits; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Urgent Motion is GRANTED to the extent set forth herein;

2. All Federal Disaster Relief Funds,[2] Commonwealth Disaster Relief Advances,[3] and Disaster Relief Accounts[4] shall not be subject to any liens, encumbrances, priorities, or other

---

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Urgent Motion. "Federal Disaster Relief Funds" means "federal assistance as defined in 2 C.F.R. § 200.40(a) made available, disbursed by, and/or otherwise earmarked or provided by the Federal Emergency Management Agency ("FEMA"), or any other federal agency, to the Commonwealth and Non-Federal Entities, whether directly or indirectly, and related program income, that may be used for the purpose of providing emergency assistance, disaster relief, and/or recovery and restorative assistance, in the form of grants; *provided, however*, that Federal Disaster Relief Funds shall not include funds received by the Commonwealth as reimbursement for Commonwealth Disaster Relief Advances; and *provided further*, for avoidance of doubt, that Federal Disaster Relief Funds shall not include any Reimbursement Claim or any funds received by the Commonwealth on account of any Reimbursement Claim."

[3] "Commonwealth Disaster Relief Advances" means "advances by the Commonwealth to Non-Federal Entities of, or expenditures by the Commonwealth from, funds other than Federal Disaster Relief Funds, to pay the costs of a project approved by FEMA or another federal agency entitled to approve the use of Federal Disaster Relief Funds, and to be reimbursed by funds made available by, disbursed by, and/or otherwise provided by FEMA or any other federal agency to the Commonwealth and Non-Federal Entities for the purpose of providing emergency assistance, disaster relief, and/or recovery and restorative assistance in the form of grants; *provided* for the avoidance of doubt, that Commonwealth Disaster Relief Advances shall not include any Reimbursement Claim or any funds received by the Commonwealth on account of any Reimbursement Claim."

[4] "Disaster Relief Accounts" means "new, segregated, non-commingled, unencumbered accounts held in the name of the Commonwealth or of the instrumentality to whom the funds have been allocated according to a governing Project Worksheet or otherwise under applicable law.

claims by pre-existing creditors in any form whatsoever, and such funds and accounts shall not be considered available funds, revenues, or resources for distribution in any restructuring proceeding under Title III of PROMESA;

3. All Federal Disaster Relief Funds received by the Commonwealth or Non-Federal Entity shall be deposited solely into Disaster Relief Accounts and shall be used solely for the emergency assistance, disaster relief, and/or recovery and restorative assistance purposes designated in the FEMA Agreement, any governing Project Worksheet, applicable federal law, and/or other related agreements with the United States or any agency thereof;

4. Any Commonwealth Disaster Relief Advances shall be received and deposited by Non-Federal Entities into Disaster Relief Accounts and used solely for the emergency assistance, disaster relief, and/or recovery and restorative assistance purposes set forth in the FEMA Agreement, any governing Project Worksheet, applicable federal law, and/or other related agreements with the United States or any agency thereof; *provided that* as soon as practicably possible upon receipt of funds from which a Commonwealth Disaster Relief Advance is to be reimbursed, the Commonwealth shall reimburse itself from such funds for such Commonwealth Disaster Relief Advance;

5. The Commonwealth and the Non-Federal Entities shall not deposit any funds, other than Federal Disaster Relief Funds and Commonwealth Disaster Relief Advances, into Disaster Relief Accounts; *provided, however*, that, notwithstanding the forgoing prohibition, in the event that any funds are so deposited, such funds shall, immediately upon discovery, be transferred out of such accounts and remain subject to any lien, encumbrance, priority, or other claim that such funds would have otherwise been subject to but for the improper deposit of such funds in a Disaster Relief Account;

6. No creditor of the Commonwealth or any Non-Federal Entity shall assert a lien on or priority to or shall exercise any remedies against any Federal Disaster Relief Funds, Commonwealth Disaster Relief Advances, or Disaster Relief Accounts whether held by the Commonwealth or Non-Federal Entities, or be entitled to take any enforcement action against such funds or accounts or interfere in any way with the payment of Federal Disaster Relief Funds or Commonwealth Disaster Relief Advances to parties entitled to such payment in each case so long as such funds and accounts are used in accordance with any restrictions imposed by or agreements reached with FEMA, applicable federal law, and/or other related agreements with the United States or any agency thereof;

7. The expenditure of Federal Disaster Relief Funds or Commonwealth Disaster Relief Advances by the Commonwealth or any Non-Federal Entity shall not give rise to adequate protection claims with respect to those funds;

8. Notwithstanding anything to the contrary herein, this Order shall not be interpreted to limit any party's rights, as a result of any preexisting lien, encumbrance, priority, or other right, if any, to the value of any improvements to infrastructure or property created through the expenditure of the Federal Disaster Relief Funds or the Commonwealth Disaster Relief Advances, or the revenues generated therefrom, as the case may be;

9. To the extent any costs charged to an award of Federal Disaster Relief Funds become disobligated, de-obligated, disallowed, unallowed, or are otherwise required to be reimbursed, repaid or returned to the United States and are not repaid to the United States in accordance with applicable federal law and regulations, the United States shall have an allowed, priority claim against either the Commonwealth or the Non-Federal Entity recipient of Federal Disaster Relief Funds for such disallowed costs, which claim shall be a superpiority

administrative expense claim in any present or future case under Title III of PROMESA in which the Commonwealth or Non-Federal Entity is a debtor;

10. To the extent any Federal Disaster Relief Funds become disobligated, de-obligated, disallowed, unallowed, or are otherwise required to be reimbursed, repaid or returned to the United States, or to the extent the Commonwealth fails to receive reimbursement from the United States for any Commonwealth Disaster Relief Advances or the Commonwealth is required to reimburse, repay, or return any funds made available by, disbursed by, or otherwise provided by any federal agency that reimbursed a Commonwealth Disaster Relief Advance, the Commonwealth shall have a claim against the Non-Federal Entity to which it transferred Federal Disaster Relief Funds or made a Commonwealth Disaster Relief Advance (such claim, a "Reimbursement Claim");

11. To the extent the Commonwealth asserts a Reimbursement Claim against a Non-Federal Entity that is a debtor in any present or future case under Title III of PROMESA, such Reimbursement Claim shall be a superpriority administrative expense claim in such Non-Federal Entities' Title III case in the amount, if any, determined by the Court after notice and a hearing;

12. The Commonwealth shall make available to creditors all quarterly reports it is required to submit to FEMA under the FEMA Agreement through the electronic dataroom established for the purpose of sharing information with creditors;

13. This Order shall be without prejudice to any party's rights: (i) under applicable agreements or applicable law to assert a lien, encumbrance, priority, or other claim against any property other than Federal Disaster Relief Funds, Commonwealth Disaster Relief Advances, Disaster Relief Accounts, or the proceeds or program income thereof; or (ii) to assert solely for the purposes of determining the extent of its claim or treatment in respect of such claim that the

Federal Disaster Relief Funds, Commonwealth Disaster Relief Advances, or Disaster Relief Accounts, or any proceeds or program income thereof would, notwithstanding any restrictions under applicable federal law and/or this Order, be subject to that party's lien, encumbrance, priority, or other claim, or otherwise subject to the terms of agreement with creditors or any rights granted under the terms of applicable agreements or law;

14. This Order shall be without prejudice to the rights of the Commonwealth, any Non-Federal Entity, the United States or any agency thereof, or other party to dispute any rights asserted pursuant to paragraphs 8 and 13, including, but not limited to, that applicable federal law does not permit the attachment, encumbrance or assertion of other claims against the Federal Disaster Relief Funds, Commonwealth Disaster Relief Advances, Disaster Relief Accounts, or the proceeds or program income thereof;

15. In no case shall the United States have any liability to any party, whether in equity or at law, for the Federal Disaster Relief Funds or any claims arising out of or relating in any way to the Commonwealth's or any Non-Federal Entities' use of such funds;

16. Immediately upon entry by the Court of this Order, (i) AAFAF, the Commonwealth, the Non-Federal Entities, and the FOMB, as the Debtors' representative in the Title III cases, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted herein, and (ii) this Order shall be binding on all entities having received prior notice of the Urgent Motion;

17. The Court shall retain exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation, and enforcement of this order.

18. This order resolves docket entry no. 1444 in Case No. 17-3283; docket entry no. 302 in Case No. 17-3567 and docket entry no. 345 in Case No. 17-4780.

SO ORDERED.

Dated: October 26, 2017

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge