# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** | **PROMESA**<br>**Title III** |
| **THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,** | **No. 17 BK 3283-LTS**<br><br>**(Jointly Administered)** |
| As a representative of | |
| **THE COMMONWEALTH OF PUERTO RICO** *et al.*, | **Objection deadline:** November 16, 2017 at 4:00 p.m. (Atlantic Standard Time) |
| Debtors.[1] | **Hearing date:** December 20, 2017 at 9:30 a.m. (Atlantic Standard Time) |

## APPLICATION OF FEE EXAMINER TO EMPLOY AND RETAIN GODFREY & KAHN, S.C. AS COUNSEL TO THE FEE EXAMINER, *NUNC PRO TUNC* TO OCTOBER 6, 2017

TO:    THE HONORABLE LAURA TAYLOR SWAIN
       UNITED STATES DISTRICT JUDGE:

The Fee Examiner appointed in this proceeding, pursuant to the agreement of the

principal parties and the Court's October 6, 2017 *Order Pursuant to PROMESA Sections 316*

*and 317 Bankruptcy Code Section 105(A) Appointing a Fee Examiner and Related Relief* (the

"**Fee Examiner Order**") [Dkt. No. 1416], hereby submits this application (the "**Application**")

to retain and employ Godfrey & Kahn, S.C. ("**Godfrey & Kahn**" or the "**Firm**") as his counsel

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the:  (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*nunc pro tunc* to October 6, 2017.  In support of the Application, the Fee Examiner represents that:

## PRELIMINARY STATEMENT

1.      Pursuant to the *Urgent Motion of the United States Trustee Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) for Entry of Order Appointing a Fee Examiner and Related Relief* (the **"Fee Examiner Motion"**) [Dkt. Nos. 1296 and 1306], the Court appointed Brady Williamson as Fee Examiner to carry out the duties set forth in the Fee Examiner Order.  His duties include, among other things, reviewing, monitoring, and reporting on the fees and expenses incurred by professionals retained in these Title III cases (the "**Retained Professionals**").

2.      With this Application, anticipated in the Fee Examiner Motion, the Fee Examiner seeks to retain Godfrey & Kahn to assist him in fulfilling the duties detailed in the Fee Examiner Order, including appearing for him and with him in proceedings before this court.

3.      In support of this Application, the Fee Examiner relies on the Affidavit of Katherine Stadler, a Godfrey & Kahn shareholder (the "**Stadler Affidavit**"), attached as **Exhibit A**.

4.      In the event of any conflict between this Application and any subsequent order or the Fee Examiner Order, the order approving this Application shall control.

## BACKGROUND

5.      On June 30, 2016, the Financial Oversight and Management Board for Puerto Rico (the "**Oversight Board**") was established under the Puerto Rico Oversight, Management, and Economic Stability Act ("**PROMESA**") section 101(b).  On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.  Pursuant to PROMESA section 315, "[t]he Oversight Board ... is the representative of the debtor[s]" and

"may take any action necessary on behalf of the debtor[s] to prosecute the case[s] of the debtor[s], including filing a petition under section 304 of [PROMESA] ... or otherwise generally submitting filings in relation to the case[s] with the court."

6.      On May 3, 2017, the Oversight Board filed a voluntary petition for relief for the Commonwealth pursuant to section 304(a) of PROMESA, commencing a case under Title III.

7.      On May 5, 2017, the Oversight Board filed a voluntary petition for relief for COFINA pursuant to section 304(a), commencing a case under Title III.

8.      On May 21, 2017, the Oversight Board filed voluntary petitions for relief for ERS and HTA pursuant to section 304(a), commencing cases under Title III.

9.      On July 2, 2017, the Oversight Board filed a voluntary petition for relief for PREPA pursuant to section 304(a), commencing a case under Title III.

10.     Through orders issued on June 1 and June 29, 2017, the Court ordered the joint administration of the Title III cases for the Commonwealth, COFINA, ERS, and HTA for procedural purposes only [Dkt. Nos. 242 and 537].

11.     Through an order issued on October 6, 2017, the Court ordered the joint administration of PREPA's Title III case with the four other Title III cases [Dkt. No. 1417].

12.     Background information regarding the Commonwealth and its instrumentalities and the commencement of the Title III cases is contained in the *Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* [Dkt. No. 1], attached to the Commonwealth's Title III petition.

13.     On June 15, 2017, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "**Creditors' Committee**") and amended its membership through

amended notices of appointment filed on August 25, 2017 and August 31, 2017 [Dkt Nos. 338,

1171, and 1218].

14.    On June 15, 2017, the United States Trustee appointed an Official Committee

of Retirees ("**Retirees' Committee**") in the Commonwealth's case (collectively with the

Creditors' Committee, the "**Statutory Committees**")  [Dkt. No. 340].

## RELIEF REQUESTED

15.    By this Application, the Fee Examiner seeks the entry of an Order for the

retention and employment of Godfrey & Kahn as the Fee Examiner's counsel as anticipated by

the Fee Examiner Order.

## QUALIFICATIONS[2]

16.    Godfrey & Kahn's Bankruptcy and Financial Restructuring Practice Group

represents clients in matters ranging from informal workouts to sophisticated corporate

reorganizations.  It has represented clients in bankruptcy cases before the U.S. Supreme Court

and before the U.S. Courts of Appeal as well as appearing in bankruptcy courts throughout the

United States, including those in the Southern District of New York and the District of Delaware.

17.    Godfrey & Kahn has been involved in some of the country's largest bankruptcies,

among them:  *Lehman Brothers Holdings, Inc.*, *Motors Liquidation Company (General Motors)*,

*Lillian Vernon*, *Saint Vincent's Catholic Medical Centers*, *Tower Automotive*, *Calpine*, *Dana

Corporation*, *Delphi Corporation*, *Northwestern Corporation* and *Global Crossing, Ltd.*

A.    It has specifically worked on bankruptcy fee analysis and fee litigation in

*Motors Liquidation Company*, No. 09-50026, and *Lehman Brothers Holdings, Inc.*,

---

[2] Local Rule 2014-2(a) requires all professionals to include a *curriculum vitae* of the professional to be employed.
Godfrey & Kahn is a 180-person law firm, and this section of the Application serves to summarize the firm's
collective credentials.  Staffing for the matter has not yet been fully determined, but *curriculum vitae* of the
attorneys expected to work on these cases are available and will be filed with the Court upon request

No. 08-13555, both in the United States Bankruptcy Court for the Southern District of New York.

> B.   In the District of Delaware, Godfrey & Kahn serves as counsel to the Fee Committee in *Energy Future Holdings, Inc.*, No. 14-10979, and in 2016 served as counsel to the Fee Examiner in *Horsehead Holding Corp.*, Bankr. D. Del. Case No. 16-10287 and in *Samson Resources Corporation*, Bank. D. Del. Case No. 15-11934.  In all of these matters, Godfrey & Kahn has assisted the Fee Examiner and Fee Committee, as applicable, in their analysis of fees and expenses of retained professionals, reporting directly to the Court on behalf of the Fee Examiner in each matter.

18.   The Fee Examiner seeks to employ Godfrey & Kahn as counsel—with Court approval—because, among other things, Godfrey & Kahn has demonstrated it can provide quality services in a specific area of the law in a timely and cost-effective manner, beginning immediately with the appointment of the Fee Examiner, retroactive to October 6, 2017 and pursuant to the Fee Examiner Order.

## SERVICES TO BE PROVIDED BY GODFREY & KAHN

19.   Godfrey & Kahn will provide a broad range of legal, technical and administrative support services to the Fee Examiner, including:

> A.   Monitoring, reviewing and, where appropriate, objecting to applications for professional fees and expenses filed by Retained Professionals and any other entity designated by the Court for compliance with;

>> 1.   The Fee Examiner Order;

>> 2.   PROMESA sections 316 and 317;

>> 3.   Rule 2016(a) of the Federal Rules of Bankruptcy Procedure;

>> 4.   The Local Bankruptcy Rules;

5.      The Interim Compensation Order;[3] and

6.      The U.S. Trustee Guidelines.

B.      Establishing measures to help the Court ensure that compensation and expenses paid by the estates are reasonable, actual, and necessary in compliance with applicable law and regulations;

C.      Reviewing and assessing monthly statements, interim and final professional fee applications, whenever filed, submitted by Retained Professionals since the inception of the Title III cases and until otherwise ordered by the Court;

D.      Filing comments, where appropriate, on the Court's docket regarding any professional fee application;

E.      Communicating concerns regarding any professional fee application to the Retained Professional to which the fee application pertains, requesting further information as appropriate;

F.      Requiring that Retained Professionals provide budgets, staffing plans, or other information to the Fee Examiner;

G.      Establishing procedures for the resolution of disagreement with Retained Professionals concerning professional fee applications;

H.      Establishing procedures, including the use of specific electronic data formats, forms, and billing codes, to facilitate preparation and review of professional fee applications;

---

[3] Capitalized terms not otherwise defined herein shall have the meanings established in the Fee Examiner Motion and the Fee Examiner Order.

I.       Negotiating with Retained Professionals regarding any objections to interim and final fee applications and monthly fee statements and consensually resolving such objections where appropriate, all subject to Court approval;

J.       Presenting periodic reports, on a timely basis, to the Retained Professionals with respect to the Fee Examiner's review of interim and final fee applications before filing an objection to any application for compensation;

K.       Periodically, in the Fee Examiner's discretion or at the Court's direction, filing summary reports with the Court concerning the Retained Professionals' fee and expense applications;

L.       Appearing and being heard on any matter before the Court concerning matters set forth in the Fee Examiner Order or any other order involving professional fees;

M.       Serving, filing and litigating, if necessary, objections to the allowance or payment of fees or reimbursement of expenses in a professional fee and expense applications;

N.       Serving objections to monthly fee statements, in whole or in part, precluding the payment of the amount questioned as provided in any Interim Compensation Order;

O.       Taking, defending, or appearing in any appeal regarding a professional's fee application;

P.       Conducting discovery, including filing and litigating discovery motions or objections concerning professional fee matters as set forth in the Fee Examiner Order; and,

Q.       Retaining, subject to Court approval, other professionals and consultants to represent or assist the Fee Examiner in connection with any of the foregoing.

20.     Other than in connection with legal advice to the Fee Examiner and assisting in his analysis, including work with any other Fee Examiner professionals, Godfrey & Kahn will not duplicate the work performed by the Fee Examiner himself.  The compensation sought to be paid pursuant to this Application does not include compensation for the Fee Examiner, which is addressed by the Fee Examiner Order.  Nor does it address the retention and compensation of Puerto Rico counsel, which will be the subject of a separate application.

21.     The employment of Godfrey & Kahn is in the best interest of the Debtors' estates and of these cases as a whole because it will assist the Fee Examiner with his analysis of fees and expenses, provide another point of contact for the Retained Professionals, augment the Fee Examiner's ability to properly and efficiently analyze a large volume of fee and expense requests within appropriate time frames, and support the presentation of the Fee Examiner's recommendations to the parties and the Court.

22.     Godfrey & Kahn will materially aid in reviewing fee and expense applications, subject to the terms of any governing agreements, fee protocols and orders, and Godfrey & Kahn's experience in this area will help enable the Debtors to achieve substantial benefits through accountability, cost control, and efficiency.

### COMPENSATION

23.     The Fee Examiner, subject to the applicable authorities cited above and subject to this Court's approval, have agreed that Godfrey & Kahn will be compensated pursuant to the terms of the Godfrey & Kahn Engagement Letter attached to the Stadler Affidavit as Exhibit A.

24.     Notwithstanding the payment arrangements outlined above and in the Godfrey & Kahn Engagement Letter, Godfrey & Kahn will apply, at least every six months beginning on or about March 1, 2018, to the Court for the interim and/or final allowance of compensation and reimbursement of expenses pursuant to section 503(b)(2) of the Bankruptcy Code.  Godfrey &

Kahn may also avail itself of the monthly compensation procedures outlined in the Interim

Compensation Order.  Godfrey & Kahn's interim and final fee applications will show its

discounted hourly rates disclosed in the Godfrey & Kahn Engagement Letter, ranging from

$219.00 to $537.00 in accordance with the applicable rules, administrative orders, and

guidelines.

      25.     According to Godfrey & Kahn's books and records, after a comprehensive review,

it has not received any compensation for any services in connection with the Debtors' Title III

cases.

## GODFREY & KAHN'S CONNECTIONS WITH PARTIES IN INTEREST
## AND POSSIBLE CONFLICTS OF INTEREST

      26.     To the best of Godfrey & Kahn's knowledge, information, and belief, other than

as set forth in the Stadler Affidavit, Godfrey & Kahn has not represented and has no relationship

with:  (i) the Debtors; (ii) their creditors or equity security holders; (iii) any other

parties-in-interest in these cases; (iv) the respective attorneys and accountants of any of the

foregoing; or (v) the United States Trustee or any person employed in the Office of the United

States Trustee in any matter related to these cases.

## APPLICABLE LEGAL AUTHORITY

      27.     11 U.S.C. § 105 provides: "[t]he court may issue any order, process, or judgment

that is necessary or appropriate to carry out the provisions of this title."

      28.     The parties have determined that the appointment of a Fee Examiner and counsel

is appropriate and that the Fee Examiner will require qualified counsel experienced in

bankruptcy fee review to assist it and to provide legal and analytical counsel in the course of his

work.  The Fee Examiner has selected Godfrey & Kahn, the firm in which he is a partner, to

fulfill this role.

**NUNC PRO TUNC**

29.     Godfrey & Kahn has performed work in good faith, beginning at least on October 6, 2017, to prepare for its retention and the analysis of fees and costs submitted by the Retained Professionals.  Accordingly, like the Fee Examiner, it is appropriate that Godfrey & Kahn be retained effective as of the date that the Fee Examiner was appointed by the Court, which is October 6, 2017.  *See* Stadler Affidavit, ¶ 19.

**CONCLUSION**

**WHEREFORE**, the undersigned respectfully requests the entry of an order, substantially in the form annexed hereto as **Exhibit B**, granting the relief requested and such other and further relief as the Court may deem just and proper.

Dated:  October 26, 2017.


By:     *s/Brady C. Williamson*
Brady C. Williamson, Fee Examiner


GODFREY & KAHN, S.C.
One East Main Street
Madison, WI  53703
Telephone:  (608) 257-3911
Facsimile:  (608) 257-0609

Katherine Stadler (*Pro Hac Vice* Pending)

*Designated Attorneys for the Fee Examiner*

17913983.2

10

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re | )   PROMESA<br>)   Title III<br>) |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | )   No. 17-BK-3283 (LTS)<br>) |
| As a representative of | ) |
| THE COMMONWEALTH OF PUERTO RICO<br>*et al.,*[1] | ) |
| Debtors. | )   (Jointly Administered)<br>) |

## AFFIDAVIT OF KATHERINE STADLER IN CONJUNCTION WITH GODFREY & KAHN, S.C.'S APPLICATION FOR APPOINTMENT AS COUNSEL TO THE FEE EXAMINER

STATE OF WISCONSIN    )
                                      ) SS.
COUNTY OF DANE         )

Katherine Stadler, being duly sworn and on oath, states that:

1.      I am a shareholder with Godfrey & Kahn, S.C. ("**Godfrey & Kahn**"), a

law firm with its principal offices at 833 East Michigan Street in Milwaukee, Wisconsin,

and One East Main Street in Madison, Wisconsin, and other offices in Wisconsin and in

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No.17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808).

Washington, D.C.  I am authorized to make this Affidavit on behalf of myself and of

Godfrey & Kahn and in support of the *Application of Fee Examiner to Employ and*

*Retain Godfrey & Kahn, S.C. as Counsel to the Fee Examiner, Nunc Pro Tunc to*

*October 6, 2017,* and the *Order Pursuant to PROMESA Section 316 and 317 and*

*Bankruptcy Code Section 105(A) Appointing a Fee Examiner and Related Relief*

[D.I. 1416] (the "**Fee Examiner Order**"), entered on October 6, 2017.  The Affidavit is

based on my personal knowledge and if called to testify, I could and would testify

competently to the written statements made in this Affidavit.

2.      Godfrey & Kahn has been engaged by Brady Williamson in his capacity

as Fee Examiner, subject to Court approval, pursuant to an engagement letter dated

October 25, 2017 and attached to this Affidavit as Appendix B (the "**Godfrey & Kahn**

**Engagement Letter**").

3.      I am licensed to practice law in Wisconsin, and I am a member in good

standing of the Bar of the State of Wisconsin.  I am admitted to practice before the United

States Supreme Court, the U.S. Courts of Appeal, and federal district and bankruptcy

courts in a variety of jurisdictions, including the Southern District of New York.

4.      Godfrey & Kahn, which employs about 180 attorneys, has a large and

diverse legal practice that primarily, though not exclusively, represents corporate and

association clients based in Wisconsin.  Among these clients are trusts, financial

institutions, insurance companies, public utilities, manufacturers, business and industry

groups, and others that may have a direct or indirect interest in these proceedings.

Godfrey & Kahn's practice encompasses the representation of many entities, some of

which may be or may become parties in interest without Godfrey & Kahn's knowledge.

Further, as part of its practice, Godfrey & Kahn represents clients in numerous matters
involving other law firms, financial advisory firms and professionals in either adverse
and non-adverse roles, some of whom may represent the Debtors, creditors, or parties in
interest, or may themselves be creditors or parties in interest in these Title III Cases, or
may employ persons with whom Godfrey & Kahn attorneys have personal or familial
relationships. Although it is not practicable for Godfrey & Kahn to identify all such
connections, except as otherwise disclosed herein, I am unaware of any such connections
that are material and believe that none of them would prevent Godfrey & Kahn from
being disinterested; would involve the holding or representation of an interest adverse to
the Debtors' respective estates; or would create a conflict of interest with respect to this
employment.[2]

    5.      Godfrey & Kahn has established procedures for reviewing possible
conflicts and for determining connections between Godfrey & Kahn, or Godfrey & Kahn
attorneys, and outside entities.  Pursuant to those procedures, I performed, or caused to be
performed, the following actions to identify for disclosure any parties relevant to this
Affidavit and these proceedings and to determine any Godfrey & Kahn connection to
each such party.

        A.      Godfrey & Kahn has obtained an eight-page list of the names of
individuals and entities (collectively, the "**Interested Parties**"), organized by category,

---

[2] Since the filing of the *Affidavit of Brady C. Williamson In Conjunction With His Appointment as Fee
Examiner* [Dkt. No. 1522] (the "Williamson Affidavit"), filed on October 25, 2017, additional disclosure
items have come to Mr. Williamson's attention.  All Godfrey & Kahn, S.C. connections disclosed in this
Affidavit are adopted by reference into the Williamson Affidavit as Mr. Williamson is also a shareholder of
Godfrey & Kahn, S.C.

that may have an interest in these cases.  *See* Appendix C (complete listing of Interested Parties); *see also Declaration of Luc A. Despins in Support of Application for Order Pursuant to Bankruptcy Code Section 1103(a) and Local Rule 2014(a) Authorizing Employment and Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors Effective as of June 26, 2017* [Dkt. No. 610-2, Schedule 2].

        B.       Godfrey & Kahn entered the names of the Interested Parties, as well as the names of all professionals expected to perform work on these cases and subject to the Fee Examiner's review, into its conflicts check database, which contains the names of all of its clients and conflict information concerning each such client, as well as the names of entities with which Godfrey & Kahn attorneys have formal relationships, such as a position on a board of directors.  As a result, I obtained a list of names from the Godfrey & Kahn conflicts check database that matched or that appeared similar to the name of any Interested Party.  I have reviewed that list.

        C.       I additionally sent an inquiry to all Godfrey & Kahn attorneys to determine whether any such attorney:  (a) owns any interest in Puerto Rican debt instruments; (b) has any pending claims against any of the Debtors; (c) is, or has a relative who is, a current officer, director, employee, or elected official of the Debtors; (d) has any immediate family member who has been employed by, is, or was in the past an elected official of any of the Debtors; or (e) has any other significant connection with the Debtors.

        D.       I also have inquired within the firm about connections with the United States Trustee program or any person employed in the office of the U.S. Trustee.

6.      Based on its procedures described above, I have also determined that
Godfrey & Kahn has not represented nor represents—nor will we—any party other than
the Fee Examiner in connection with these proceedings.

7.      The Fee Examiner may serve in a capacity that is potentially adverse to
any or all of the professionals retained in these cases (the "**Retained Professionals**").

8.      A list of Interested Parties or Retained Professionals with which Godfrey
& Kahn has a current relationship or has had a recent relationship—all wholly unrelated
to these cases—is attached to this Affidavit as Appendix A.  For purposes of this
disclosure, representation of third parties that are adverse to Interested Parties in
unrelated matters—other than Debtors, Officers, Directors, and Retained Professionals—
are not "relationships."  None of the connections to clients disclosed on Appendix A
represent more than 1% of Godfrey & Kahn's annual revenue.

9.      Despite occasional prior co-counsel or local counsel relationships with
various Retained Professionals—all in wholly unrelated matters—Godfrey & Kahn's
approach to and review of the applications of such Retained Professionals will be
consistent with and subject to the same standards—including the standards for the filing
of objections—applicable to all other Retained Professionals.

10.     Paul Griepentrog, a Godfrey & Kahn, S.C. shareholder, serves as trustee
for a family trust with investments in two mutual funds that, in turn, hold Puerto Rican
government bonds.  As trustee for the family trust, Mr. Griepentrog has no decision-
making authority regarding the individual investments made by the mutual funds, though
he does make investment decisions for the family trust.

11.     J. Gardner Govan, a Godfrey & Kahn, S.C. shareholder, serves as trustee of a trust with investments in Puerto Rico bonds.

12.     Peter Sommerhauser, James Phillips, and J. Gardner Govan, all Godfrey & Kahn, S.C. shareholders, serve as officers and managers of Hampshire Trust, LLC, a corporate trustee of trusts with investments in Puerto Rico bonds.

13.     Godfrey & Kahn has implemented an "ethical wall" using the firm's standard procedures for such measures to ensure that Messrs. Griepentrog, Govan, Sommerhauser, and Phillips, and any employee having input on investment decisions relating to Hampshire Trust, LLC trusts will have no involvement in the firm's representation of the Fee Examiner and will have no physical or electronic access to files and other documents pertaining to the representation.

14.     Godfrey & Kahn served as counsel to the Fee Examiner in *In re Motors Liquidation Company*, No. 09-50026 (Bankr. S.D.N.Y.) (Gerber, J.), and counsel to the Fee Committees in *In re Lehman Brothers Holdings, Inc.*, No. 08-13555 (Bankr. S.D.N.Y.) (Peck, J.), and *In re Energy Future Holdings Corp.*, No. 14-10979 (Bankr. D. Del.) (Sontchi, J.). In those capacities, Godfrey & Kahn has submitted publicly-filed reports and recommendations—some adverse—with respect to applications for compensation filed by some of the Retained Professionals.

15.     To the best of my knowledge, this Affidavit discloses all connections between Godfrey & Kahn, and the Interested Parties known to Godfrey & Kahn as of today's date. Due to the size of the Debtors and the complexity of these cases, Godfrey & Kahn cannot state with absolute certainty that, at this time, it has identified and disclosed every single connection it has with each Interested Party. However, Godfrey &

Kahn will promptly file supplemental disclosures of any such connections if any additional relevant information comes to my or Godfrey & Kahn's attention.

16.     To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, including a review of the information in Godfrey & Kahn's conflicts check database and direct inquiry of Godfrey & Kahn attorneys and except as otherwise disclosed herein:

17.     Based on the procedures described above, I have determined that:

A.     Godfrey & Kahn does not currently represent any of the Debtors and that Godfrey & Kahn has not represented any of the Debtors in at least five years.

B.     Neither I nor any member of my firm holds or represents any interest adverse to the estate of the above-named debtors, except as otherwise disclosed herein.

C.     My connections and my firm's connections with the Debtors, any creditor or other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed by the United States Trustee are listed in the attached Appendix A.

D.     Except as otherwise disclosed in this Affidavit and Appendix A to this Affidavit, I believe that I am, and each member of my firm is, a "disinterested person" as that term is defined in 11 U.S.C. §101(14).

E.     I have not agreed to share with any person, except members of my firm, the compensation to be paid for the services rendered in this case.

F.     The terms of compensation agreed to are set forth in the Godfrey & Kahn Engagement Letter attached to this Affidavit as Appendix B.

7

G.      I will amend this statement promptly upon my learning that: (a) any of the representations made herein are incorrect, or (b) there is any change of circumstance relating thereto.

H.      I have reviewed the provisions of LBR 2016-1.

I.      Neither Godfrey & Kahn nor its attorneys are connected with the United States Trustee for Region 21, any persons employed by the United States Trustee's office for Region 21, or any district or bankruptcy judge for the District of Puerto Rico.

18.     The Office of the U.S. Trustee has adopted Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "UST Guidelines").  28 C.F.R. pt. 58, Appendix B.  The purpose of this paragraph is to disclose my responses to the questions in the UST Guidelines in compliance with Paragraph D.1.

A.      Godfrey & Kahn shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Title III cases in compliance with sections 316 and 317 of PROMESA and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, the terms of the Fee Examiner Order, and any other applicable procedures and orders of the Court. Godfrey & Kahn will make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the UST Guidelines, both in connection with the Fee Examiner Order and any related application and the interim and final fee applications to be filed by me or Godfrey & Kahn in these PROMESA cases.

B.      The following is provided in response to the request for additional information set forth in Paragraph D.1. of the UST Guidelines.

**Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Response:** Yes.  Godfrey & Kahn is providing services at a discounted hourly rate as disclosed in the Godfrey & Kahn Engagement Letter.

**Question:** Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Response:** No.

**Question:** If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed post-petition, explain the difference and the reasons for the difference?

**Response:** Godfrey & Kahn has not previously represented the Fee Examiner in his capacity as Fee Examiner for the Commonwealth of Puerto Rico's Title III cases.

**Question:** Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Response:** Yes.

19.      Godfrey & Kahn performed work in good faith, beginning on October 6, 2017 (and earlier), in anticipation of the commencement of the Fee Examiner's work.

9

Dated this 26 day of October 2017.

I verify under penalty of perjury that the foregoing is true and correct.

GODFREY & KAHN, S.C.

Katherine Stadler
One East Main Street, Suite 500
Madison, Wisconsin 53703
Telephone:  (608) 257-3911
Facsimile:  (608) 257-0609
E-mail:  kstadler@gklaw.com

*Proposed Counsel to the Fee Examiner*

Subscribed and sworn to before me
this 26t day of October 2017.

Lauren D. Kowalk
Notary Public, State of Wisconsin
My Commission Expires:  February 5, 2021

17914848.3

10

## APPENDIX A

### LIST OF INTERESTED PARTIES THAT CURRENTLY EMPLOY OR HAVE FORMERLY EMPLOYED[3] GODFREY & KAHN, S.C. IN MATTERS WHOLLY UNRELATED TO THE DEBTORS OR THESE CHAPTER 11 CASES

| INTERESTED PARTY | RELATIONSHIP TO DEBTORS | RELATIONSHIP TO GODFREY & KAHN |
|---|---|---|
| AG Financial Solutions | Litigation Parties | Godfrey & Kahn has represented AG Financial Solutions in Wisconsin foreclosure, lease negotiation, and real estate matters unrelated to these cases. |
| Bank of New York Mellon | Litigation Parties | Godfrey & Kahn serves as Wisconsin counsel to Bank of New York Mellon Trust Company, N.A. in an unrelated Wisconsin receivership matter. |
| Centerbridge Partners | Litigation Parties | Godfrey & Kahn represents Centerbridge Partners, L.P. and a group of investors in a Wisconsin insurance insolvency proceeding unrelated to these cases. |
| Canyon Balanced Master Fund, Ltd. Canyon Funds Canyon Value Realization Fund, L.P. The Canyon Value Realization Master Fund, L.P. | Litigation Parties | Godfrey & Kahn represents Canyon Capital Advisors and a group of investors in a Wisconsin insurance insolvency proceeding unrelated to these cases. |

---

[3] Only client relationships for which there has been any work performed since September 2015 are included in this Appendix.

| INTERESTED PARTY | RELATIONSHIP TO DEBTORS | RELATIONSHIP TO GODFREY & KAHN |
|---|---|---|
| Davidson Kempner Davidson Kempner Capital Management LLC | Litigation Parties | Godfrey & Kahn represents Davidson Kempner Capital Management LLC and a group of investors in a Wisconsin insurance insolvency proceeding unrelated to these cases. |
| Goldman Sachs Goldman Sachs Asset Management | Litigation Parties | In the past, Godfrey & Kahn has represented Goldman Sachs & Co. on unrelated matters. Godfrey & Kahn currently represents Goldman Sachs Group, Inc. in a Wisconsin insurance insolvency proceeding unrelated to these cases. The firm also has represented clients adverse to Goldman Sachs entities in unrelated matters. |
| Kirkland & Ellis LLP | Professionals | Godfrey & Kahn has represented BMO Harris Bank, N.A. in Kirkland & Ellis LLP's commercial credit card lending matters unrelated to these bankruptcy cases. Kirkland & Ellis LLP represents an investment company, for which Godfrey & Kahn, S.C. represents the independent trustees. The investment company is not related in any way to these bankruptcy cases. |
| Manpower | 20 Largest Unsecured Creditors | Godfrey & Kahn, S.C. currently represents Manpowergroup, Inc. and related entities in various matters unrelated to these cases. |

2

| INTERESTED PARTY | RELATIONSHIP TO DEBTORS | RELATIONSHIP TO GODFREY & KAHN |
|---|---|---|
| Proskauer Rose, LLP | Counsel to Financial Management Oversight Board | Godfrey & Kahn, S.C. currently serves as Wisconsin co-counsel with Proskauer Rose on Wisconsin non-profit and estate planning matters unrelated to these cases. |
| Service Employees International Union | Committee Member | Godfrey & Kahn, S.C. occasionally represents S.E.I.U. in antitrust matters unrelated to these cases. Godfrey & Kahn, S.C. also has represented clients adverse to S.E.I.U., primarily in labor and employment matters unrelated to these cases. |
| U.S. Bank Trust National Association | Litigation Parties | Godfrey & Kahn represents U.S. Bank National Association and certain affiliates on transactional, litigation, and regulatory matters unrelated to these cases. Aggregate billings to U.S. Bank or affiliates in the last 24 months have been less than .5 percent of Godfrey & Kahn, S.C.'s total revenue for the years 2015 and 2016. |
|  |  |  |

**APPENDIX B**

# GODFREY&KAHN S.C.

ONE EAST MAIN STREET, SUITE 500 • POST OFFICE BOX 2719
MADISON, WISCONSIN 53701-2719

TEL · 608.257.3911   FAX · 608.257.0609

WWW · GKLAW.COM

Also admitted to Practice in
the State of New York

October 25, 2017

Brady Williamson
Fee Examiner/PROMESA
1 E. Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719

Dear Mr. Williamson:

We are pleased to have the opportunity to represent you in connection with your
October 6, 2017 appointment as Fee Examiner in the Title III cases jointly administered in the
United States District Court for the District of Puerto Rico of the Commonwealth of Puerto Rico
and related entities, Case No. 17-BK3283 (the "Puerto Rico Title III Fee Examiner
Engagement"). We look forward to working with you, confident we can provide you with
valuable services that will help you accomplish your goals as Fee Examiner.

Our client will be you, Brady Williamson, solely in your capacity as the Fee Examiner in
the Puerto Rico Title III Fee Examiner Engagement, and no other person or entity. Please refer
to the attached "Information for G&K Clients" for more information regarding the scope of our
engagement, as well as other important information with respect to your retention of our Firm.

While I will have primary initial responsibility for your representation, we will utilize
other attorneys and paralegals in the office as appropriate. This letter provides the basis for the
fees we will charge in the course of your representation.

Our basic philosophy in each case is to charge that amount which we believe to be most
appropriate and reasonable under all of the circumstances. Our starting point is ordinarily the
time spent on the matter involved, based on our regular hourly billing rates from time to time in
effect. Presently, our hourly rates range from $225.00 to $645.00 for attorneys and from $250.00
to $300.00 for paralegals. The hourly rate for each individual depends on various factors
including his or her skill and experience and the particular area of law in which he or she
concentrates. We have agreed that the Firm will use its scheduled 2018 rates, discounted due to
the public interest nature of the engagement. Those rates are:

Brady Williamson
October 25, 2017
Page 2

| Timekeeper Name | Timekeeper Title | Discounted 2018 Hourly Rate |
|---|---|---|
| Katherine Stadler | Shareholder | $537.00 |
| Andrew Dalton | Data Analyst | $561.00 |
| Kathleen Boucher | Paralegal | $247.00 |
| Linda Schmidt | Special Counsel | $375.00 |
| **Associates** | Class of 2008 | $380.00 |
| | Class of 2009 | $366.00 |
| | Class of 2010 | $352.00 |
| | Class of 2011 | $337.00 |
| | Class of 2012 | $323.00 |
| | Class of 2013 | $309.00 |
| | Class of 2014 | $290.00 |
| | Class of 2015 | $271.00 |
| | Class of 2016 | $252.00 |
| | Class of 2017 | $233.00 |
| | Class of 2018 | $219.00 |

We intend to maintain our rates at this initial retention level for the duration of our representation, subject to court approval, and we will not raise the rates disclosed here without first seeking your approval and that of the court. Payment will be due pursuant to the terms of the interim compensation order in the Title III proceeding.

In addition, you may be billed for certain other charges and expenses associated with the legal services we provide such as, for example, database support services, reproduction costs, filing fees, travel expenses, and other such items.

We look forward to working with you.

Very truly yours,

GODFREY & KAHN, S.C.

Katherine Stadler

KS:ldk

# INFORMATION FOR G&K CLIENTS

## SERVICE CORPORATION

Godfrey & Kahn, S.C. is organized as a service corporation under the Wisconsin Business Corporation Law. Shareholders of corporations, including shareholders of service corporations, generally are not personally responsible for the liabilities and obligations of the corporation. Accordingly, while each Godfrey & Kahn shareholder is individually responsible for all of his or her own work for clients, our shareholders are not personally liable for the acts of our other lawyers unless they were supervising the work in question.

## TERMINATION OF ENGAGEMENT

Either we or our client may terminate the engagement at any time for any reason by written notice, subject on our part to applicable rules of professional conduct and the title III court. In the event that we terminate the engagement, we will take such steps as are reasonably practical to protect the interests of our client in the matter and, if our client so requests, we will ordinarily suggest possible successor counsel and provide it with whatever papers our client has provided to us. If permission for withdrawal is required by a court, we will promptly apply for such permission, and our client will be obligated to promptly engage successor counsel.

## CONCLUSION OF REPRESENTATION

Unless previously terminated, our representation of a client will terminate upon court approval of our final fee application in the title III case. Following such termination, any otherwise nonpublic information our client has supplied to us which is retained by us will continue to be kept confidential in accordance with applicable rules of professional conduct. Our files pertaining to the matter (as distinguished from our client's property and papers) will be retained by our Firm. These Firm files include, for example, Firm administrative records, time and expense reports, personnel and staffing materials, and credit and accounting records; and internal lawyers' work product such as drafts, notes, internal memoranda, and legal and factual research including investigative reports, prepared by or for the internal use of our lawyers. All such documents retained by the Firm will be transferred to the person responsible for administering our records retention program. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time after the termination of the engagement.

## POST ENGAGEMENT MATTERS

Our Firm is engaged to provide legal services in connection with specific transactions or matters. After completion of a transaction or matter, changes may occur in the factual circumstances or in the applicable laws or regulations that could have an impact upon our client's future rights and liabilities. Unless we are specifically engaged after completion of the transaction or matter to provide additional advice or services on issues arising from the transaction or matter, our Firm has no continuing obligation to advise our client with respect to future legal developments.

## AFFILIATES

We often represent entities that have affiliates.  Unless otherwise expressly agreed, our representation of an entity does not give rise to an attorney-client relationship between our Firm and any of the affiliates of that entity.  Our clients are expected to refrain from providing us with confidential information regarding any of their affiliates.  Accordingly, representation of an entity in connection with a particular matter or transaction will not give rise to any conflict of interest in the event other clients of the Firm are adverse to any of that entity's affiliates (including adverse parties in litigation).  Notwithstanding anything in this paragraph, Godfrey & Kahn S.C. agrees to comply with and be bound by Federal Rule of Bankruptcy Procedure 2016 and all applicable court and trustee rules and guidelines.

17936961.1

**APPENDIX C**

## SCHEDULE 2

### Interested Parties

**Representative of Debtors**
The Financial Oversight and Management Board for Puerto Rico

**Debtors**
Commonwealth of Puerto Rico (Primary Government)
Employees' Retirement System (ERS) of the Government of the Commonwealth of Puerto Rico
PR Highways and Transportation Authority (HTA)
PR Sales Tax Financing Corporation (COFINA)
PR Electric Power Authority (PREPA)

**Committee Members**
The American Federation of Teachers (AFT)
Drivetrain, LLC, as Creditors' Trustee of DFC
Genesis Security Services, Inc.
Puerto Rico Hospital Supply
Service Employees International Union
Total Petroleum Puerto Rico Corp.
The Unitech Engineering Group, S.E.

**Committee-Related Professionals**
Cancio, Nadal, Rivera & Diaz, P.S.C. (Attorneys for AFT)
Casillas Santiago & Torres, LLC (Attorneys for Genesis Security)
Cohen, Weiss and Simon LLP (Attorneys for Service Employees International Union)
Monserrate Simonet & Gierbolini, LLC (Attorneys for Service Employees International Union)
O'Neill & Gilmore Attorneys at Law (Local Counsel to Committee)
O'Neill & Gilmore LLC (Attorneys for PR Hospital Supply)
Salichs Pou & Associates PSC (Attorneys for Drivetrain)
Schulte Roth & Zabel LLP (Attorneys for Drivetrain)
Sepulvado & Maldonado (Attorneys for Total Petroleum PC Corp.)
Zolfo Cooper LLP (Financial Advisor to Committee)

### Parties Identified in the PrimeClerk and Epiq Retention Applications

**Oversight Board Members and Professionals**
9-1-1 Service Governing Board
Andrew G. Biggs, Member of the Board
Jose B. Carrión III, Member of the Board
Jaime A. El Koury, General Counsel of the Board
Carlos M. Garcia, Member of the Board
Gov. Alejandro García Padilla, Ex-Officio Member of the Board
Arthur J. Gonzalez, Member of the Board
José R. González, Member of the Board
Ana J. Matosantos, Member of the Board
Richard Ravitch, *Ex Officio* Member of the Board

Ramón M. Ruiz, Interim Executive Director of the Board
David A. Skeel Jr., Member of the Board

**Other Parties Identified in the PrimeClerk and Epiq Retention Applications**
Additional (Electronic) Lottery
Agricultural Enterprises Development Administration
Automobile Accidents Compensation Administration
Cardiovascular Center Corporation of Puerto Rico and the Caribbean
Commonwealth of Puerto Rico Regional Center Corporation
Company for the Integral Development of the "Península de Cantera"
Corporation for the "Caño Martín Peña" Project (ENLACE)
Corporation of Industries for the Blind and Mentally Retarded and Incapacitated Persons of
    Puerto Rico
Culebra Conservation and Development Authority
Economic Development Bank for Puerto Rico
Employment and Training Enterprises Corporation
Farm Insurance Corporation of Puerto Rico
Fine Arts Center Corporation
Fiscal Agency and Financial Advisory Authority (AAFAF)
Governmental Development Bank for PR (GDB)
Institute of Puerto Rican Culture
Institutional Trust of the National Guard of Puerto Rico
Judiciary Retirement System (JRS)
Land Authority of Puerto Rico
Local Redevelopment Authority of the Lands and Facilities of Naval Station Roosevelt Roads
Model Forest
Municipal Revenue Collection Center (CRIM)
Musical Arts Corporation
Port of the Americas Authority
PR Aqueduct and Sewer Authority (PRASA)
PR Infrastructure Finance Authority (PRIFA)
PR Maritime Shipping Authority
PR Medical Services Administration (ASEM)
Public Building Authority (PBA)
Public Corporation for the Supervision and Deposit Insurance of Puerto Rico Cooperatives
    (COSSEC)
Puerto Rico and Municipal Islands Transport Authority
Puerto Rico Conservatory of Music Corporation
Puerto Rico Convention Center District Authority (PRCCDA)
Puerto Rico Council on Education
Puerto Rico Health Insurance Administration (HIA / ASES)
Puerto Rico Industrial Development Company (PRIDCO)
Puerto Rico Industrial, Tourist, Educational, Medical, and Environmental Control Facilities
    Financing Authority (AFICA)
Puerto Rico Integrated Transit Authority (PRITA)
Puerto Rico Land Administration
Puerto Rico Metropolitan Bus Authority (AMA)
Puerto Rico Municipal Finance Agency (MFA)

Puerto Rico Ports Authority
Puerto Rico Public Broadcasting Corporation
Puerto Rico Public Private Partnerships Authority (PPP)
Puerto Rico School of Plastic Arts
Puerto Rico Telephone Authority
Puerto Rico Tourism Company
Puerto Rico Trade and Export Company
Solid Waste Authority
Special Communities Perpetual Trust
State Insurance Fund Corporation (SIF)
Teachers' Retirement System (TRS)
The Children's Trust Fund (CTF)
Traditional Lottery
Unemployment Insurance Fund
University of Puerto Rico (UPR)
University of Puerto Rico Comprehensive Cancer Center

**Additional Parties Identified by Paul Hastings**

**Puerto Rico Officials**
Rafael Rovira Arbona
Alberto Baco Bague
Luis F. Cruz Batista
Miguel A. Torres Diaz
Melba Acosta Febo
Gerardo José Portela Franco
Juan Flores Galarza
Juan C. Zaragoza Gomez
Celeste Freytes Gonzalez
Gabriel Olivera Magraner
Raúl Maldonado
Víctor A. Suárez Meléndez
Jose A. Sierra Morales
Ricardo Antonio Rosello Nevares
Alejandro Garcia Padilla
Alberto C. Rodriguez Perez
Carmen Villar Prados
Jose Santiago Ramos
Jose Santiago Ramos
Ingrid Rivera Rocafort
César A. Miranda Rodríguez
José Iván Marrero Rosado
Hector Ivan Santos
Elias Sanchez Sifonte
Christian Sobrino-Vega
Juan Vaquer

**U.S. Officials**
Regina McCarthy
Steven Mnuchin

**20 Largest Unsecured Creditors**
Baxter Sales & Distribution PR Corp.
Braxton School of Puerto Rico
Cardinal Health PR
Cesar Castillo Inc.
Corporacion de Servicios Educativos de Yabucoa
COSALL
Ediciones Santillana, Inc.
Ediciones SM
EVERTEC Inc.
IKON Solutions, Inc.
Institucion Educativa NETS, LLC
Kirkland & Ellis LLP
Manpower
MC&CS
Microsoft
Puerto Rico Telephone Company
Total Petroleum Corps.
U.S. Army Corps of Engineers
Workforce Training and Employment Center, Inc.

**Litigation Parties**
322 De Diego Holdings, LLC
419 Ponce de Leon, Inc.
Aaron C. Bielenberg
Adriel Longo-Ravelo
Adrienne Muentes-Ortiz
AG Financial Solutions
AG Financial Solutions Funds
Altair Global Credit Opportunities
Ambac Assurance Corporation
Ambac Financial Group
Aristeia Horizons, L.P.
Artau Feliciano Conjugal Property Partnership
Asociación Puertorriqueña De La Judicatura, Inc.
Assured Guaranty Corp/Assured Guaranty Municipal Corp. f/k/a Financial Security Assurance
    Corporation
Aurelius Capital Management LP
Autonomy Capital (Jersey) LP
Baldr Mason Fund
Banco Popular de Puerto Rico
Banco Santander Puerto Rico
Bank of New York Mellon
Bank of Nova Scotia

4

Benigno Trigo-Gonzalez
Bertita Martinez-Martinez
Blue Mountain Capital Management LLC
Bonistas de Patio
Brigade Capital Management
Buckeye Partners
Camino Cipres LLC
Camino Roble LLC
Canary SC Master Fund, L.P.
Canyon Balanced Master Fund, Ltd.
Canyon Funds
Canyon Value Realization Fund, L.P.
Carlos Reyes Castro
Carmen Feliciano Vargas
Carmen Regina Suarez-Sein
Ceci Montilla-Rojo
Centerbridge Partners
Claren Road and Avenue
Claren Road Asset Management
Conjugal Partnership Gonzalez-Simounet
Conjugal Partnership Hermida-Colon
Conjugal Partnership Hess-Trigo
Conjugal Partnership Martinez-Martinez
Conjugal Partnership Smith-Smith
Conjugal Partnership Trigo-Suarez
Conjugal Partnership Trigo-Zapata
Conjugal Partnership Valdes-Muentes
Corbin Opportunity Fund L.P.
Covalent Partners LLC
Crescent 1, L.P.
CRS Master Fund, L.P.
Cyrus Funds
Davidson Kempner
Davidson Kempner Capital Management
Decagon Holdings
Dionisio Trigo-Gonzalez
Eduardo Artau Gomez
EJF
Elías Sánchez
Ernesto A. Smith
Excelerate Energy
FCO Advisors LP
Federico M. Stubbe Arzuaga
Federico Stubbe Gonzalez
Financial Guaranty Insurance Co.
Fir Tree Partners
First Medical Health Plan, Inc.
Fore Research & Management

Fore Solus Alternative Asset Management
Franklin Advisors Inc.
Franklin Templeton Inc.
FSA Investments, LLC
FT Opportunistic Distressed Fund
Fundamental
Glendon Opportunities Fund
Gloria Colon
GoldenTree
GoldenTree Asset Management LP
Goldman Sachs
Goldman Sachs Asset Management
Guillermo L. Martinez
Gustavo Hermida-Ceda
Heirs of The Estate of Rosario Ferre Ramirez De Arellano Comp by BTF-RLTF-LATF
Jacana Holdings
Jorge Hess
Jorge Irizarry
Jose A. Valdes-Mazaurieta
José F. Rodríguez Perelló
Ketty SIimounet de Gonzalez
King Street
Knighthead
KTRS Credit Fund LP
Lex Claims, LLC
LMA SPC
LMAP 903 Limited
Long En-Tech Puerto Rico, Inc.
Marathon
MassMutual
Master SIF SICAV SIF
MBIA
MC Holdings Master LP
Merced Capital LP
Miguel Angel Ortiz Ramos
Monarch
Monarch Alternative Capital LP
MPR Investors, LLC
Municipio Autonomo de Ponce
Natalie Jaresko
National Public Finance Guarantee Corp.
Nokota Capital
Northshore Management, Corp.
Nutmeg Partners
Ocher Rose LLC
Old Bellows Partners
Oppenheimer Funds Inc.
Oriental Bank

Pandora Select Partners
Peaje Investments
Penteli Master Fund
Pinehurst Partners, L.P.
Prisma SPC Holdings Ltd. – Segregated Portfolio AG
Puerto Rico Funds and Portfolios
Puerto Rico GNMA & U.S. Government Target Maturity Fund
Rafael Rojo
Ramon Gonzalez-Cordero
Regina Trigo de Hess
ROLSG LLC
RRW I LLC
San Rafael Holdings, LLC
Sandra Pacheco Santiago
Santander Asset Management Corporation
Santander BanCorp
Santander Financial Services, Island Insurance Corporation
Santander Insurance Agency, Inc.
Santander International Bank of Puerto Rico, Inc.
Santander PR Capital Trust I
Santander Securities Corporation
Saress E. Smith
SB Special Situation Master Fund SPC, Segregated Portfolio D
Scoggin Funds
Scotiabank de Puerto Rico
Senator Global Opportunity Master Fund L.P.
Servidores Publicos Unidos Council 95 of The American Federation of
    State, County and Municipal Employees
SL Funds
SL Puerto Rico Fund II LP
Sola Ltd.
Stone Lion Capital Partners LP
Stugo, LLC
SV Credit LP
Syncora
Taconic Master Fund 1.5 LP / Taconic Opportunity Master Fund
Tasman Fund LP
Teresa Zapata-Bird
The Canyon Value Realization Master Fund, L.P.
Tilden Park Capital Management
Trigo Corp.
Trimar Investments Corp.
U.S. Bank Trust National Association
UBS IRA Select Growth and Income Puerto Rico Fund
Ultra Master Ltd.
Valmu Trust 2015, LLC
Varde Partners
Voya Institutional Trust Company

Whitebox Advisors LLC
Wilmington Trust

**EXHIBIT B**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **In re** | ) | **PROMESA** |
| | ) | **Title III** |
| | ) | |
| THE FINANCIAL OVERSIGHT AND | ) | **No. 17 BK 3283-LTS** |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) | |
| | ) | **(Jointly Administered)** |
| | ) | |
| As a representative of | ) | |
| | ) | |
| THE COMMONWEALTH OF PUERTO RICO | ) | |
| *et al.*, | ) | |
| | ) | |
| Debtors.[1] | ) | |
| | ) | |

## ORDER AUTHORIZING THE EMPLOYMENT OF
## GODFREY & KAHN, S.C. AS COUNSEL TO THE FEE EXAMINER

Upon the Application filed by the Fee Examiner appointed in this proceeding for entry of

an order to employ Godfrey & Kahn, S.C. ("**Godfrey & Kahn**" or the "**Firm**") as his counsel

*nunc pro tunc* to October 6, 2017; and the Court having heard the statement of counsel in support

of the relief requested therein and at a hearing thereon (the "**Hearing**"); and the Court finding

that (a) the Court has subject matter jurisdiction over this matter pursuant to PROMESA section

306(a), (b) Godfrey & Kahn does not hold or represent any interest materially adverse to the

Debtors with respect to matters for which Godfrey & Kahn is to be employed, and (c) the Fee

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Examiner's employment of Godfrey & Kahn is in the best interest of the Fee Examiner; and the

Court finding that notice of the Application given by the Fee Examiner was sufficient under the

circumstances and that no other or further notice is necessary; and the Court being fully advised

in the premises and having determined that the legal and factual bases set forth in the

Application, the Stadler Affidavit, and at the Hearing on the Application establish just cause for

the relief herein granted; it is hereby:

ORDER, ADJUDGED AND DECREED THAT:

1. The Application is GRANTED, as set forth herein.

2. The Fee Examiner is authorized, pursuant to section 1103(a) of the Bankruptcy Code,

   to employ Godfrey & Kahn as its counsel in these Title III Cases in accordance with

   the terms and conditions set forth in the Application, effective as of October 6, 2017.

3. Godfrey & Kahn shall be entitled to allowance and payment of compensation for

   professional services rendered and reimbursement of expenses incurred in connection

   with these Title III Cases as an administrative priority expense under section 503(b)

   of the Bankruptcy Code pursuant to any procedures established and required by

   PROMESA, this Court, and the United States Trustee.

4. The Fee Examiner is authorized and empowered to take all actions necessary to

   implement the relief granted in this Order.

5. The terms and conditions of this Order shall be immediately effective and enforceable

   upon its entry.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or

   related to the implementation, interpretation, and enforcement of this Order.

7. This Order resolves docket entry ___.

2

Dated: _____

_____
LAURA TAYLOR SWAIN
United States District Judge

17957269.1