# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>As a representative of<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br><br>Objection deadline: *[21 days after filing]*<br><br>Hearing date: *[next omnibus after objection deadline]* |

## APPLICATION OF FEE EXAMINER TO EMPLOY AND RETAIN EDGE LEGAL STRATEGIES, PSC AS LOCAL COUNSEL TO THE FEE EXAMINER

TO:  THE HONORABLE LAURA TAYLOR SWAIN
     UNITED STATES DISTRICT JUDGE:

The Fee Examiner appointed in this proceeding, pursuant to the agreement of the principal parties and the Court's October 6, 2017 *Order Pursuant to PROMESA Sections 316 and 317 Bankruptcy Code Section 105(A) Appointing a Fee Examiner and Related Relief* (the "**Fee Examiner Order**") [D.I. 1416], hereby submits this application (the "**Application**") to retain and employ the law firm of EDGE Legal Strategies, P.S.C. ("**ELS**" or the "**Firm**") as his

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

local counsel in the captioned proceeding. In support of the Application, the Fee Examiner represents that:

## PRELIMINARY STATEMENT

1. Pursuant to the *Urgent Motion of the United States Trustee Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) for Entry of Order Appointing a Fee Examiner and Related Relief* (the **"Fee Examiner Motion"**) [D.I. 1296 and 1306], the Court appointed Brady Williamson as Fee Examiner to carry out the duties set forth in the Fee Examiner Order. His duties include, among other things, reviewing, monitoring, and reporting on the fees and expenses incurred by professionals retained in these Title III cases (the **"Retained Professionals"**).

2. With this Application, anticipated in the Fee Examiner Motion, the Fee Examiner seeks to retain ELS, in a local counsel capacity, to assist him in fulfilling the duties detailed in the Fee Examiner Order, including appearing for him and with him in proceedings before this court.

3. In support of this Application, the Fee Examiner relies on the Unsworn Statement of Eyck O. Lugo, a member of ELS (the **"ELS Statement"**), attached as **Exhibit A**.

4. In the event of any conflict between this Application and any subsequent order or the Fee Examiner Order, the order approving this Application shall control.

## BACKGROUND

5. On June 30, 2016, the Financial Oversight and Management Board for Puerto Rico (the **"Oversight Board"**) was established under the Puerto Rico Oversight, Management, and Economic Stability Act (**"PROMESA"**) section 101(b). On August 31, 2016, President Obama appointed the Oversight Board's seven voting members. Pursuant to PROMESA section 315, "[t]he Oversight Board ... is the representative of the debtor[s]" and

2

"may take any action necessary on behalf of the debtor[s] to prosecute the case[s] of the debtor[s], including filing a petition under section 304 of [PROMESA] ... or otherwise generally submitting filings in relation to the case[s] with the court."

6. On May 3, 2017, the Oversight Board filed a voluntary petition for relief for the Commonwealth pursuant to section 304(a) of PROMESA, commencing a case under title III.

7. On May 5, 2017, the Oversight Board filed a voluntary petition for relief for COFINA pursuant to section 304(a), commencing a case under title III.

8. On May 21, 2017, the Oversight Board filed voluntary petitions for relief for ERS and HTA pursuant to section 304(a), commencing cases under title III.

9. On July 2, 2017, the Oversight Board filed a voluntary petition for relief for PREPA pursuant to section 304(a), commencing a case under title III.

10. Through orders issued on June 1 and June 29, 2017, the Court ordered the joint administration of the title III cases for the Commonwealth, COFINA, ERS, and HTA for procedural purposes only [ECF Nos. 242 and 537].

11. Through an order issued on October 6, 2017, the Court ordered the joint administration of PREPA's title III case with the four other title III cases [ECF No. 1417].

12. Background information regarding the Commonwealth and its instrumentalities and the commencement of the title III cases is contained in the *Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* [ECF No. 1], attached to the Commonwealth's title III petition.

13. On June 15, 2017, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "**Creditors' Committee**") and amended its membership through

amended notices of appointment filed on August 25, 2017 and August 31, 2017 [ECF Nos. 338, 1171, and 1218].

14. On June 15, 2017, the United States Trustee appointed an Official Committee of Retirees ("**Retirees' Committee**") in the Commonwealth's case (collectively with the Creditors' Committee, the "**Statutory Committees**") [ECF No. 340].

## RELIEF REQUESTED

15. By this Application, the Fee Examiner seeks the entry of an Order for the retention and employment of ELS as the Fee Examiner's local counsel, to work in conjunction with the firm of Godfrey & Kahn, S.C., as anticipated by the Fee Examiner Order.

## QUALIFICATIONS

16. ELS represents institutional lenders, private equity funds and other business in a wide array of matters. ELS' services include bankruptcy and non-bankruptcy litigation, general business transactions and debt restructuring. It has represented numerous clients in bankruptcy cases before the U.S. Bankruptcy Court for the District of Puerto Rico.

17. The Fee Examiner seeks to employ ELS as local counsel—with Court approval—so that it may, among other things, assist the law firm of Godfrey & Kahn, S.C. with any all matters related to the appointment of the Fee Examiner and pursuant to the Fee Examiner Order.

## SERVICES TO BE PROVIDED BY ELS

18. ELS, as the Fee Examiner's local counsel, will offer whatever support is required by Godfrey & Kahn, S.C. in connection with the instant case, including:

    A. Monitoring, reviewing and, where appropriate, objecting to applications for professional fees and expenses filed by Retained Professionals and any other entity designated by the Court for compliance with;

        1. The Fee Examiner Order;

4

    2. PROMESA sections 316 and 317;

    3. Rule 2016(a) of the Federal Rules of Bankruptcy Procedure;

    4. The Local Bankruptcy Rules;

    5. The Interim Compensation Order;[2] and

    6. The U.S. Trustee Guidelines.

B. Establishing measures to help the Court ensure that compensation and expenses paid by the estates are reasonable, actual, and necessary in compliance with applicable law and regulations;

C. Reviewing and assessing monthly statements, interim and final professional fee applications, whenever filed, submitted by Retained Professionals since the inception of the title III cases and until otherwise ordered by the Court;

D. Filing comments, where appropriate, on the Court's docket regarding any professional fee application;

E. Communicating concerns regarding any professional fee application to the Retained Professional to which the fee application pertains, requesting further information as appropriate;

F. Requiring that Retained Professionals provide budgets, staffing plans, or other information to the Fee Examiner;

G. Establishing procedures for the resolution of disagreement with Retained Professionals concerning professional fee applications;

---

[2] Capitalized terms not otherwise defined herein shall have the meanings established in the Fee Examiner Motion and the Fee Examiner Order.

5

H. Establishing procedures, including the use of specific electronic data formats, forms, and billing codes, to facilitate preparation and review of professional fee applications;

I. Negotiating with Retained Professionals regarding any objections to interim and final fee applications and monthly fee statements and consensually resolving such objections where appropriate, all subject to Court approval;

J. Presenting periodic reports, on a timely basis, to the Retained Professionals with respect to the Fee Examiner's review of interim and final fee applications before filing an objection to any application for compensation;

K. Periodically, in the Fee Examiner's discretion or at the Court's direction, filing summary reports with the Court concerning the Retained Professionals' fee and expense applications;

L. Appearing and being heard on any matter before the Court concerning matters set forth in the Fee Examiner Order or any other order involving professional fees;

M. Serving, filing and litigating, if necessary, objections to the allowance or payment of fees or reimbursement of expenses in a professional fee and expense applications;

N. Serving objections to monthly fee statements, in whole or in part, precluding the payment of the amount questioned as provided in any Interim Compensation Order;

O. Taking, defending, or appearing in any appeal regarding a professional's fee application;

P. Conducting discovery, including filing and litigating discovery motions or objections concerning professional fee matters as set forth in the Fee Examiner Order; and,

6

Q. Retaining, subject to Court approval, other professionals and consultants to represent or assist the Fee Examiner in connection with any of the foregoing.

19. Other than in connection with legal advice to the Fee Examiner and assisting in his analysis, including work with any other Fee Examiner professionals, ELS will not duplicate the work performed by the Fee Examiner himself or by the firm of Godfrey & Kahn, S.C. The compensation sought to be paid pursuant to this Application does not include compensation for the Fee Examiner, which is addressed by the Fee Examiner Order.

20. The employment of ELS is in the best interest of the Debtors' estates and of these cases as a whole because it will assist the Fee Examiner with his analysis of fees and expenses, provide another point of contact for the Retained Professionals, augment the Fee Examiner's ability to properly and efficiently analyze a large volume of fee and expense requests within appropriate time frames, and support the presentation of the Fee Examiner's recommendations to the parties and the Court.

**COMPENSATION**

21. The parties, subject to the applicable authorities cited above, have agreed that the Debtors will compensate ELS pursuant to the terms of the ELS Engagement Letter attached to the ELS Statement as Exhibit A.

A. These fees will not include the fees and expenses of Godfrey & Kahn, the Fee Examiner himself, or the fees and expenses of any other consultants or auditors retained by the Fee Examiner and approved by the Court.

22. Notwithstanding the payment arrangements outlined above and in the ELS Engagement Letter, ELS will apply, at least every six months beginning on or about March 1, 2018, to the Court for the interim and/or final allowance of compensation and reimbursement of expenses. ELS may also avail itself of the monthly compensation procedures outlined in the

Interim Compensation Order. ELS' interim and final fee applications will show its discounted hourly rates disclosed in the ELS Engagement Letter, ranging from $70.00 to $200.00 in accordance with the applicable rules, administrative orders, and guidelines.

23. According to ELS' books and records, after a comprehensive review, it has not received any compensation for any services in connection with the Debtors' Title III cases.

### ELS'S CONNECTIONS WITH PARTIES IN INTEREST AND POSSIBLE CONFLICTS OF INTEREST

24. To the best of ELS' knowledge, information, and belief, other than as set forth in the ELS Statement, ELS has not represented and has no relationship with: (i) the Debtors; (ii) their creditors or equity security holders; (iii) any other parties-in-interest in these cases; (iv) the respective attorneys and accountants of any of the foregoing; or (v) the United States Trustee or any person employed in the Office of the United States Trustee in any matter related to these cases.

### APPLICABLE LEGAL AUTHORITY

25. 11 U.S.C. § 105 provides: "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

26. The parties have determined that the appointment of a Fee Examiner and counsel is appropriate and that the Fee Examiner will require qualified counsel experienced in bankruptcy fee review to assist it and to provide legal and analytical counsel in the course of his work. The Fee Examiner has selected ELS to fulfill the role of local Puerto Rico counsel.

### CONCLUSION

**WHEREFORE**, the undersigned respectfully requests the entry of an order, substantially in the form annexed hereto as **Exhibit B**, granting the relief requested and such other and further relief as the Court may deem just and proper.

8

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 26th day of October 2017.

**WE HEREBY CERTIFY** that on this date, we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all attorneys of record registered in the use of the CM/ECF system.

**EDGE Legal Strategies, P.S.C.**
252 Ponce de León Ave. Suite 1200
San Juan, PR 00918
Tel. (787) 522-2000
Fax: (787) 522-2010

s/Eyck O. Lugo
**EYCK O. LUGO**
USDC-PR No. 216708
Email: elugo@edgelegalpr.com