# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------- x
In re                                                          :   **PROMESA**
                                                               :   **Title III**
                                                               :
THE FINANCIAL OVERSIGHT AND                                    :   No. 17-BK-3283 (LTS)
MANAGEMENT BOARD FOR PUERTO RICO,                              :

As a representative of

THE COMMONWEALTH OF PUERTO RICO
*et al.*,[1]
                        Debtors.                               :   (Jointly Administered)
---------------------------------------------------------------- x

### UNSWORN STATEMENT PURSUANT TO 28 U.S.C. § 1746 OF EYCK O. LUGO IN CONJUNCTION WITH EDGE LEGAL STRATEGIES, PSC'S APPOINTMENT AS LOCAL COUNSEL TO THE FEE EXAMINER

I, Eyck O. Lugo of legal age, attorney at law and resident of San Juan, Puerto Rico, subject to perjury pursuant to 28 U.S.C. § 1746 hereby declare that:

1.  I am a member of the law firm of EDGE Legal Strategies, PSC ("ELS"), a law firm with its principal offices at 252 Ponce de Leon Avenue, Suite 1200, in San Juan, Puerto Rico. I am authorized to make this Statement on behalf of myself and of ELS and in support of the *Application of Fee Examiner to Employ and Retain EDGE Legal*

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No.17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808).

*Strategies, PSC as Local Counsel to the Fee Examiner* and the *Order Pursuant to PROMESA Section 316 and 317 and Bankruptcy Code Section 105(A) Appointing a Fee Examiner and Related Relief* [D.I. 1416] (the "Fee Examiner Order"), entered on October 6, 2017. The Statement is based on my personal knowledge and if called to testify, I could and would testify competently to the written statements made herein.

2. ELS has been engaged by Brady Williamson in his capacity as Fee Examiner, subject to Court approval, pursuant to an engagement letter dated October 23, 2017 and attached to this Statement as Appendix C (the "ELS Engagement Letter").

3. I am licensed to practice law in Puerto Rico, and I am a member in good standing of the Bar of the Commonwealth of Puerto Rico. I am admitted to practice before the Supreme Court of the State of New York, Third Department, the United States District Court for the District of Puerto Rico, the United States Court of Appeals for the First Circuit.

4. ELS, which employs about 11 attorneys, is a general services corporate law firm which primarily represents corporate clients based in Puerto Rico. Among these clients are financial institutions, professional associations, insurance companies, business and industry groups, and others that may have a direct or indirect interest in these proceedings. However, except as otherwise noted below, ELS does not represent any entity in connection with these proceedings or hold any interest adverse to the Debtors or their estates.

5. ELS has established procedures for reviewing possible conflicts and for determining connections between ELS, or ELS attorneys, and outside entities. Pursuant to those procedures, I performed, or caused to be performed, the following actions to

2

identify for disclosure any parties relevant to this Statement and these proceedings and to determine any ELS connection to each such party.

      A.    ELS has obtained an eight-page list of the names of individuals and entities (collectively, the "**Interested Parties**"), organized by category, of individuals and entities that may have an interest in these cases. *See* Appendix A (complete listing of Interested Parties); *see also Declaration of Luc A. Despins in Support of Application for Order Pursuant to Bankruptcy Code Section 1103(a) and Local Rule 2014(a) Authorizing Employment and Retention of Paul Hastings LLP as Counsel to Officcial Committee of Unsecured Creditors Effective as of June 26, 2017* [Dkt. 610-2, Schedule 2].

      B.    ELS conducted a firm-wide conflict check disclosing the names of the Interested Parties, as well as the names of all professionals expected to perform work on these cases and subject to the Fee Examiner's review. As a result, I was able to identify any firm clients who may be in the Interested Party list circulated by the Commonwealth.

      C.    I also have inquired within the firm about connections with the United States Trustee program or any person employed in the office of the U.S. Trustee.

6.    Based on the procedures described above, I have determined that ELS does not currently represent any of the Debtors.

7.    Based on its procedures described above, I have also determined that ELS has not represented nor represents any party other than the Fee Examiner in connection with these proceedings.

8. The Fee Examiner may serve in a capacity that is potentially adverse to any or all of the professionals retained in these cases (the "Retained Professionals").

9. A list of Interested Parties or Retained Professionals with which ELS has a current relationship or has had a recent relationship—all wholly unrelated to these matters—is attached to this Affidavit as Appendix B. For purposes of this disclosure, representation of third parties that are averse to Interested Parties in unrelated matters—other than Debtors, Officers, Directors, and Retained Professionals—are not "relationships."

10. To the best of my knowledge, this Statement discloses all connections between ELS and the Interested Parties known to ELS as of today's date. Due to the size of the Debtors and the complexity of these cases, ELS cannot state with absolute certainty that, at this time, it has identified and disclosed every single connection it has with each Interested Party. However, ELS will promptly file supplemental disclosures of any such connections if any additional relevant information comes to my or ELS' attention.

11. To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry:

    A. ELS does not hold or represent any interest adverse to the Debtors, the Debtor Affiliates, or their respective estates.

    B. Neither ELS nor its attorneys are connected with the United States Trustee for Region 21, any persons employed by the United States Trustee's office for Region 21, or any district or bankruptcy judge for the District of Puerto Rico.

4

12. The Office of the U.S. Trustee has adopted Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "UST Guidelines"). 28 L.F.R. pt. 58, Appendix B. The purpose of this paragraph is to disclose my responses to the questions in the UST Guidelines in compliance with Paragraph D.1.

A. ELS shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, the terms of the Fee Examiner Order, and any other applicable procedures and orders of the Court. ELS will make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the UST Guidelines, both in connection with the Fee Examiner Order and any related application and the interim and final fee applications to be filed by me or ELS in these PROMESA cases.

B. The following is provided in response to the request for additional information set forth in Paragraph D.1. of the UST Guidelines.

> **Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?
> **Response:** Yes. ELS is providing services at a discounted hourly rate as disclosed in the ELS Engagement Letter.
> **Question:** Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?
> **Response:** No.

5

**Question:** If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed post-petition, explain the difference and the reasons for the difference?

**Response:** ELS has not previously represented the Fee Examiner in his capacity as Fee Examiner for the Commonwealth of Puerto Rico's Title III cases or any other matter.

**Question:** Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Response:** Yes.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 26th day of October 2017.

        **EDGE Legal Strategies, PSC**

        *[signature]*

        **Eyck O. Lugo**
        252 Ponce de Leon Ave., Suite 1200
        San Juan, Puerto Rico 00918
        Telephone: (787) 522-2000
        Facsimile: (787) 522-2010
        E-mail: elugo@edgelegalpr.com

        *Proposed Local Counsel to the Fee Examiner*

# APPENDIX A

## Categories of Interested Parties, as provided by the Debtors

- Representative of Debtors
- Debtors
- Committee Members
- Committee-Related Professionals
- Oversight Board Members and Professionals
- Other Parties Identified in the PrimeClerk and Epiq Retention Applications
- Puerto Rico Officials
- U.S. Officials
- 20 Largest Unsecured Creditors
- Litigation Parties

## APPENDIX B

## LIST OF INTERESTED PARTIES THAT CURRENTLY EMPLOY OR HAVE FORMERLY EMPLOYED ELS IN MATTERS WHOLLY UNRELATED TO THE DEBTORS OR THESE CHAPTER 11 CASES

| INTERESTED PARTY | RELATIONSHIP TO DEBTORS | RELATIONSHIP TO GODFREY & KAHN |
|---|---|---|
| The American Federation of Teachers ("AFT") | Committee Member | ELS currently provides general legal services to AFT in Puerto Rico, but does not represent AFT in the Committee. |

2

# APPENDIX C



EDGE
LEGAL STRATEGIES, P.S.C.

October 23, 2017

BY EMAIL: kshadko@gklaw.com

Brady C. Williamson, Esq.
Fee Examiner
PROMESA Title III Proceeding
U.S. District Court for the District of Puerto Rico
c/o Godfrey & Kahn, S.C.
One East Main Street, Suite 500
Madison, Wisconsin 53703

Re: In re: The Financial Oversight and Management Board of Puerto Rico, Case No. 17-BK-3283 (LTS); United States District Court for the District of Puerto Rico.

Dear Mr. Williamson:

We are glad to be able to offer you our firm's services in connection with the above-referenced matter. Let this serve as our engagement proposal for the handling of all matters referred to our attention.

Our typical professional fee structure ranges from $160 per hour for Associates to $300 per hour for Partners and Senior Counsels. However, and as a courtesy to you, we will handle all matters related to the above-referenced case under the following discounted fee structure:

| | |
|---|---|
| Partners / Senior Counsels: | $200/hr. |
| Associates (with at least 5 years experience) | $150/hr. |
| Associates: | $125/hr. |
| Paralegals and Law Clerks: | $70/hr. |

The matters referred to our attention will be handled primarily by me. Other firm attorneys may also intervene, as necessary, under my supervision.

As an additional courtesy to you, we have waived our policy regarding initial retainer fees for new clients.

252 Ponce de León Avenue
Suite 1200
San Juan, PR 00918

Tel 787.522.2000
Fax 787.522.2010
www.edgelegalpr.com

A RESULTS ORIENTED LAW FIRM.

Brady C. Williamson, Esq.
Page 2 of 2

In addition to our fees for professional services, we will be reimbursed for all out of pocket expenses incurred by us in representing you, including fax transmission charges, electronic research charges (such as Westlaw and Lexis), photocopying charges, word processing charges, long distance telephone charges, overtime charges, delivery expenses and the like, none of which will be incurred unless required to represent you. Said expenses and charges are billed separately at cost, yet within the monthly statement for actual services rendered.

Our fees and the related out-of-pocket expenses will be billed at the hourly rates set forth herein and processed in accordance with the guidelines established by the Court in the above-referenced matter.

Should the terms and conditions set forth on this letter be acceptable to you, kindly return via facsimile (787-522-2010) or by e-mail a signed copy of this engagement letter.

Once again, I wish to express our appreciation for your decision to consider us as your counsel. We look forward to working with you and your team.

With kind personal regards and best wishes for continued success, I remain

Sincerely,

EYCK O. LUGO

Accepted By:

Brady C. Williamson, Esq.

Date: Oct. 24/2017