**Exhibit B**

**Requests for Information and Data to the Puerto Rico Electric Power Authority**

**Under Bankruptcy Rule 2004**

The Committee of Unsecured Creditors of the Commonwealth of Puerto Rico (the "UCC") requests the following documents from the Puerto Rico Electric Power Authority.

**Instructions:**

1. Documents shall be produced as soon as practicable, and no later than ten days from the date of receipt, at Paul Hastings LLP, 200 Park Avenue, New York, NY 10166.

2. All Documents shall be produced in a form to be mutually agreed between You and the UCC.  The UCC requests production in a form consistent with the specifications attached as Exhibit A.

3. Each Document request must be responded to separately and specifically.  Each Document request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Document requests.

4. The Documents that You produce must be organized and labeled to correspond with a particular Document request.

5. Each Document request operates and should be construed independently and, unless otherwise indicated, no Document request limits the scope of any other Document request.

6. All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Document requests.  The method of production of each category is to be identified at the time of production.

7. Each Document request contained herein extends to all Documents: (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf, including Your counsel.  A Document is to be deemed in Your possession, custody or control if: (a) it is in Your physical custody; or (b) it is in the physical custody of any other Person and You— (i) own such Document in whole or in part, (ii) have a right, by contract, statute or otherwise, to use, inspect, examine or copy such Document on any terms, (iii) have an understanding, express or implied, that You may use, inspect, examine, or copy such Document on any terms, or (iv) have, as a practical matter, been able to use, inspect, examine or copy such Document when You sought to do so.  Each Document shall be produced in its entirety.

8. If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must state: (a) whether such Document— (i) is missing or lost,

(ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (b) the reason for, and the facts and circumstances surrounding, such disposition; (c) the Persons who authorized such disposition; (d) the date or approximate date of such disposition; (e) when the Document was most recently in Your possession, custody or control; and (f) the identity of the Person, if any, presently in possession, custody, or control of such Document.

9. If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction: (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

10. If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state— (i) a description of the Document that You would consider adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege. If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

11. If You cannot provide a requested Document (after exercising due diligence to secure it) that was formerly in Your possession, custody, or control, then: (a) Your response must— (i) describe in detail the nature of the document and its contents, identify the person(s) who prepare or authored the Document (and, if applicable, the Person(s) to whom the Document was sent), and the date of which the document was prepared or transmitted, (ii) state that You cannot produce the requested Document, (iii) specify the reasons for Your inability to produce the requested Document (e.g., lost, destroyed or otherwise disposed of), (iv) declare that You have exercised due diligence to secure the requested Document, and (v) state all information or knowledge that You have concerning the requested Documents; and (b) You must produce all other requested Documents.

12. The Document requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately

upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the Document requests.

**Definitions and Rules of Construction:**

1. *You* and *Your* refer to PREPA.
2. *PREPA* means the Puerto Rico Electric Power Authority, each of its present and former employees, officers, directors, representatives, parents, subsidiaries, affiliates, agents, successors, predecessors and all other persons or entities controlled by or acting on its or their behalf.
3. In construing these Requests, instructions or definitions, the singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whenever doing so broadens the scope of any of the Requests.
4. The past tense in these Requests, instructions or definitions shall be construed to include the present tense, and vice versa, whenever doing so broadens the scope of any of the Requests.
5. *Document* is used herein in the broadest sense permitted by the Rules of the Bankruptcy Court of the District of Puerto Rico, and it includes any medium, including electronically stored information, upon which intelligence or information can be recorded or retrieved, including, without limitation, all written, electronic, or graphic matter of every kind and description however produced or reproduced, all documents and tangible things, whether draft or final, original or reproduction, including, but not limited to, all non-original, non-conforming, and non-identical copies, whether by reason of subsequent modification, notation, deletion, or otherwise. This includes, without limitation, all analyses, calculations, charts, communications, computer readable media, correspondence, diaries, e-mails and other electronically stored information, files, formulae, graphs, journals, calendars, letters, lists, log books, manuals, memoranda, minutes of conversations or meetings, transcripts, microfiche, microfilm, models, notebooks or notes, outlines, papers, policies, presentations, publications, records, recordings, reports, statements, summaries, tangible things, video tapes, and files.
6. *Communications* means any contact, transmission or exchange of information in any form and includes without limitation all inquiries, discussions, conversations, testimony, presentations, negotiations, agreements, understandings, meetings, telephone conversations, e-mails, text messages, social media (including posts), letters, notes, telegrams, advertisements, correspondence, memoranda, or other forms of verbal, written or electronic transmissions, including drafts, facsimiles and copies, as well as originals.
7. The words *concern* or *concerning*, in addition to other customary and usual meanings, means relating to, referring to, alluding to, responding to, connected with, commenting on, describing, mentioning, memorializing, embodying, analyzing, showing, constituting, evidencing, containing, identifying, stating, discussing, tending to support, tending to refute, or in any way pertinent to the specified subject.
8. The words *all* and *any* shall be construed as any and all, and the term each shall be construed as each and every, so as to bring within the scope of a given Request all responses that might otherwise be construed as outside its scope.

3

9. The words *and* and *or* shall be construed to mean and/or and each of the functional words each, every, and, and all, and shall be deemed to include each of the other words whenever doing so broadens the scope of any of the Requests.

10. The word *reflecting*, in addition to other customary and usual meanings, means memorializing, documenting, embodying, or in any way recording the specified information.

11. The word *including*, shall mean "including, without limitation" and "including but not limited to."

12. The word *draft* includes both final and any preliminary or intermediate drafts.

13. *EBITDA* means earnings before interest, tax, depreciation, and amortization.

14. *FEMA* means the Federal Emergency Management Agency, each of its present and former employees, officers, directors, representatives, parents, subsidiaries, affiliates, agents, successors, predecessors and all other persons or entities controlled by or acting on its or their behalf.

15. *Puerto Rico Governmental Entities* means the Commonwealth of Puerto Rico or any governmental instrumentality thereof, as well as their elected officials, employees, agents, representatives, advisors, counsel, or any other person or persons acting or purporting to act on their behalf.

16. *United States Governmental Entities* means the United States of America or any governmental instrumentality thereof, as well as their elected officials, employees, agents, representatives, advisors, counsel, or any other person or persons acting or purporting to act on their behalf.

17. *Utility Construction Work* means any and all work related to the maintenance, construction, expansion, refurbishment, repair, and reconstruction of electrical utility infrastructure including all power generator and power transmission equipment.

18. *Whitefish* means Whitefish Energy Holdings LLC, and each of its present and former employees, officers, directors, representatives, parents, subsidiaries, affiliates, agents, successors, subcontractors, and predecessors and all other persons or entities controlled by or acting on its or their behalf.

19. *Whitefish Contract* refers to the contract entered into between PREPA and Whitefish, signed on October 17, 2017, and any predecessor agreement thereof or any amendments thereto related to Utility Construction Work to be carried out by Whitefish.

**Time Period:**

Unless otherwise specified, this Document Request relates to the period commencing January 1, 2017 and continuing through the present.

**Requests:**

1. All documents concerning your policies and procedures for the bidding, evaluation, and/or award process for all third party contracts.

2. All documents concerning any policies, procedures or guidelines you maintain for the awarding of third party contracts through competitive bidding.

3. All documents concerning any standard contract terms or standard contract forms you maintain for the negotiation of third party contracts.

4. All documents concerning terms and conditions you require for third party contractors.

5. A copy of each third party contract you have entered in the last two calendar years where the total contract value exceeded $50 million dollars.

6. All documents and communications with Whitefish concerning any requests for proposal or bids concerning Utility Construction Work in Puerto Rico.

7. All documents and communications concerning the negotiation of the Whitefish Contract including, but not limited to, all terms sheets, letters of intent, and draft contracts exchanged.

8. All documents concerning your evaluation of any proposal by Whitefish to perform Utility Construction Work in Puerto Rico for you.

9. All documents concerning any due diligence you performed on Whitefish before entering into the Whitefish Contract including, but not limited to, all documents received from Whitefish as part of any due diligence process.

10. All documents in your possession from prior to the execution of the Whitefish Contract concerning Whitefish's ability to perform the Whitefish Contract.

11. All documents or communications received from any person or entity concerning Whitefish.

12. All documents or communications between you and any individual or entity representing the interests of Whitefish either formally or informally sent or received prior to the execution of the Whitefish Contract.

13. All documents concerning the evaluation or identification of any persons or entities capable of performing Utility Construction Work in Puerto Rico.

14. All documents concerning any requests for proposal or other competitive bidding proposals you issued, considered or pursued regarding Utility Construction Work in Puerto Rico.

15. All documents and communications concerning any other person, company, or entity you considered for Utility Construction Work in Puerto Rico before entering into the Whitefish Contract.

16. All documents and communications concerning any proposal you received after August 1, 2017 to perform Utility Construction Work in Puerto Rico.

17. All documents and communications with FEMA concerning Whitefish and the Whitefish Contract including, but not limited to, all documents concerning the Whitefish Contract provided to FEMA.

18. All documents and communications with any committee of the United States House of Representatives or the United States Senate concerning Whitefish including, but not limited to, all documents concerning Whitefish and the Whitefish Contract provided to the U.S. House Natural Resources Committee and the U.S. House Committee on Energy and Commerce.

19. All documents and communications concerning your evaluation of the fees and costs contemplated by the Whitefish Contract.

20. All documents and communications concerning the performance of Whitefish under the Whitefish contract.

21. All documents concerning payments made to Whitefish under the Whitefish Contract.

22. All documents and communications reflecting complaints or concerns made by any person or entity concerning performance under the Whitefish Contract.

23. All documents and communications reflecting the review and approval process for the Whitefish Contract including, but not limited to, documents sufficient to identify each PREPA individual involved in the approval process.

24. Any policies or procedures you maintain regarding conflicts of interest including, but not limited to, any codes of conduct or business ethics codes which govern your current operations.

25. All documents and communications concerning the evaluation of any potential or actual conflicts of interest between you and any of your officers, directors, or employees and Whitefish.

26. A list of all individuals and entities licensed with or registered to lobby or otherwise advocate the interests of third parties with PREPA.

27. All documents concerning your policies and procedures regarding lobbying activities.

28. All documents and communications concerning any contracts, subcontracts or consulting arrangements entered into by Whitefish related in any way to the Whitefish Contract or the goods, materials, and services to be provided under that contract.

29. Documents sufficient to identify each contractor, subcontractor, person, or entity providing goods, materials, and services related in any way to the Whitefish Contract.

30. All documents and communications between you and Puerto Rico Governmental Entities concerning Whitefish or the Whitefish Contract.

31. All documents and communications with any Puerto Rico Governmental Entities or any United States Governmental Entities related to investigations of Whitefish or the Whitefish Contract including, but not limited to, all documents produced to Puerto Rico Governmental Entities or United States Governmental Entities in connection with such investigations.