**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |

**THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY'S OBJECTION TO THE FIRST MONTHLY STATEMENT OF WILLKIE FARR & GALLAGHER LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO BETTINA WHYTE, AS THE COFINA AGENT, FOR THE PERIOD FROM AUGUST 3, 2017 THROUGH <u>AUGUST 31, 2017</u>**

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("**AAFAF**"), as the entity authorized to act on behalf of the Debtor entities pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017, respectfully submits this objection to the First Monthly Statement of Willkie Farr & Gallagher LLP for Allowance of Compensation and Reimbursement of Expenses as Counsel to Bettina Whyte, as the COFINA Agent, for the Period from August 3, 2017 Through August 31, 2017

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

1

(the "**Fee Statement**"), served on AAFAF via email on Monday, September 25, 2017. (*See* Exhibit A.)

In support of its Objection, AAFAF respectfully represents as follows:

## PRELIMINARY STATEMENT

1. In the Fee Statement, Willkie Farr & Gallagher LLP ("**Willkie Farr**"), as counsel to Bettina Whyte in her capacity as agent (the "**COFINA Agent**") of the Financial Oversight and Management Board (the "**Oversight Board**") as representative of the Puerto Rico Sales Tax Financing Corporation ("**COFINA**"), requests approval for payment of $1,979,587.88[2] of fees and expenses incurred from August 3, 2017 to August 31, 2017. AAFAF objects to the Fee Statement to the extent it seeks payment of fees and expenses for work that exceeds the COFINA Agent's authority as defined in the Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA Dispute [ECF No. 996] (the "**Stipulation and Order**"). As the Court is aware from prior argument in the COFINA Title III Case (as defined below), the Stipulation and Order makes clear that the work of the COFINA Agent's counsel is limited to: "[w]hether, after considering all procedural and substantive defenses and counterclaims, including constitutional issues, the sales and use taxes purportedly pledged by COFINA to secure debt . . . are property of the Commonwealth or COFINA under applicable law (the 'Commonwealth-COFINA Dispute')." (Stipulation and Order ¶ 4.) The Stipulation and Order further says that "[f]or the avoidance of doubt, the litigation or negotiation by the Agents shall not include issues other than the Commonwealth-COFINA Dispute." (*Id.* at ¶ 4.m.) As described below, substantial portions of the work performed by the COFINA Agent's counsel exceed these boundaries.

---

[2] This figure accounts for a 10% holdback on fees. Fee Statement at 5.

2

**BACKGROUND**

2. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to sections 104(j) and 206 of the Puerto Rico Oversight, Management, and Economic Stability Act ("**PROMESA**") and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "**Commonwealth**") pursuant to section 304(a) of PROMESA, commencing a case under title III thereof (the "**Commonwealth's Title III Case**").

3. On May 5, 2017, the Oversight Board issued a restructuring certification pursuant to sections 104(j) and 206 of PROMESA and filed a voluntary petition for relief for COFINA pursuant to section 304(a) of PROMESA, commencing a case under title III thereof (the "**COFINA Title III Case**," and collectively with the Commonwealth's Title III Case, and any other case under title III of PROMESA commenced by a covered territorial instrumentality of the Commonwealth, the "**Title III Cases**").

4. United States District Judge Laura Taylor Swain was designated to serve as the presiding judge in the Title III Cases. The Title III Cases are administered jointly [ECF Nos. 242 and 537].

5. On August 10, 2017, the Court entered the Stipulation and Order establishing procedures to resolve this Commonwealth-COFINA Dispute. For the purpose of resolving the Commonwealth-COFINA Dispute, the Court appointed Bettina M. Whyte to serve as the COFINA Agent, and approved the retention of Willkie Farr & Gallagher LLP as lead counsel to the COFINA Agent. (Stipulation and Order ¶¶ 4.b and 4.d.) The Stipulation and Order provides that "the COFINA Agent and its retained advisors…shall be compensated by the Debtor on whose behalf they are acting, in conformity with PROMESA section 316 and any interim compensation procedures ordered by the Court[.]" (Stipulation and Order ¶ 4.d.) The COFINA

3

Agent is the agent of the Oversight Board as representative of COFINA. (Stipulation and Order ¶ 4.b; *see also* Case No. 17-00133, ECF Nos. 410 and 411.)

6. As AAFAF and the Oversight Board have previously argued, the Commonwealth-COFINA Dispute is limited to answering the narrow question of "[w]hether, after considering all procedural and substantive defenses and counterclaims, including constitutional issues, the sales and use taxes purportedly pledged by COFINA to secure debt . . . are property of the Commonwealth or COFINA under applicable law[.]" (Stipulation and Order ¶ 4.)

7. On August 21, 2017, the COFINA Agent filed the COFINA Agent's Motion Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(a) for Order: (I) Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent; (II) Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and her Professionals [ECF No. 1121] (the "**COFINA Agent's Motion**"). On October 6, 2017, AAFAF objected to the COFINA Agent's Motion [ECF No. 1407]. The Court heard argument on the COFINA Agent's Motion on October 25, 2017.

8. On August 23, 2017, the Court entered the Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [ECF No. 1150] (the "**Interim Compensation Order**"),[3] establishing that "[a]ll Monthly Fee Statements shall comply with PROMESA and applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure . . . , and the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico[.]" (Interim Compensation Order ¶ 2.b.) In addition, "[f]or all Professionals, any application made pursuant to PROMESA sections 316 and 317, shall be subject to Appendix B of the U.S. Trustee's Guidelines for Reviewing Applications for

---

[3] Capitalized terms used but not defined herein have the meanings given to them in the Interim Compensation Order.

4

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013[.]" (Interim Compensation Order ¶ 2.m.) The Interim Compensation Order also sets the deadline and procedures for objecting to Monthly Fee Statements. (Interim Compensation Order ¶¶ 2.c-2.d.) The COFINA Agent has agreed to extensions of AAFAF's time to object to the Monthly Fee statement, and this objection is therefore timely.

## LEGAL STANDARD

9. Section 316(a) of PROMESA, the requirements of which are made applicable to the Fee Statement by paragraph 2.b of the Interim Compensation Order, provides that, after notice and a hearing, the court may award to a professional person employed by the debtor or the Oversight Board "reasonable compensation for actual, necessary services rendered by the professional person, or attorney and by any paraprofessional person employed by any such person" and "reimbursement for actual, necessary expenses." (PROMESA section 316(a)(1) and (2).) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including "(1) the time spent on such services; (2) the rates charged for such services; (3) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter; [and] (4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed[.]" (PROMESA section 316(c).) Additionally, section 316 provides that a court shall not allow compensation for unnecessary duplication of services; or "services that were not (A) reasonably likely to benefit the debtor; or (B) necessary to the administration of a case." (PROMESA section 316(d)(1) and (2).)

5

10. Professional fees may not be awarded unless and until the applicant shows that there is a benefit to the estate and that the fees are reasonable and necessary. *See In re Engel*, 124 F.3d 567, 573 (3d Cir. 1997).[4] The applicant bears the burden of proving an entitlement to fees. *See Engel*, 124 F.3d at 573; *Johnson v. GA Highway Express Inc.*, 488 F.2d 714 (5th Cir. 1974). If an applicant fails to sustain its burden on reasonableness, a court may properly deny the application for compensation in its entirety. *See In re Beverly Mfg. Corp.*, 841 F.2d 365, 371 (11th Cir. 1988).

## OBJECTION

11. The Oversight Board delegated its authority to the COFINA Agent solely "to litigate and/or settle the Commonwealth-COFINA Dispute on behalf of COFINA[.]" (Stipulation and Order ¶ 4.b.) The Stipulation and Order defines the Commonwealth-COFINA Dispute as limited to answering one question regarding ownership of the COFINA revenue stream: "[w]hether, after considering all procedural and substantive defenses and counterclaims, including constitutional issues, the sales and use taxes purportedly pledged by COFINA to secure debt . . . are property of the Commonwealth or COFINA under applicable law[.]" (Stipulation and Order ¶ 4.) That question implicates neither the Commonwealth's nor COFINA's current financial condition or future prospects; it also does not concern detailed analysis of the March 13, 2017 Fiscal Plan or any versions thereof. Moreover, the limited scope of the Commonwealth-COFINA Dispute does not include COFINA pursuing claims against the Commonwealth, whether the COFINA Title III petition should be dismissed, or the content of any plan of adjustment for COFINA. (*See* Objection of Debtors to COFINA Agent's Motion

---

[4] Case law regarding professional fee applications under the Bankruptcy Code is instructive for the present analysis of PROMESA section 316 pursuant to paragraphs 2.b and 2.m of the Interim Compensation Order.

Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(a) for Order: (I) Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent; (II) Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals [ECF No. 1348] ¶ 2.) The COFINA Agent has asserted that all of the work she has directed her professionals to undertake falls within the scope of her delegated authority. As the Court knows, this dispute will need to be resolved in short order. To the extent the Court concludes that the work performed falls outside of the scope of the COFINA Agent's delegated authority, AAFAF believes that her professionals should not be compensated for such work.

12. Separate and apart from the larger issue of whether the counterclaims asserted by the COFINA Agent are within her delegated scope of authority, the Fee Statement includes numerous entries unrelated to the sole question that the Stipulation and Order instructs the COFINA Agent to litigate. For example, the Fee Statement includes compensation requests for the following work:

| **Date** | **Description** | **Hours** | **Matter** |
|---|---|---|---|
| 08/05 | "Attention to ERS overview memo." | 6.2 | COFINA Bond Litigation |
| 08/06 | "Review Title III case of HTA, as well as related adversary proceedings, and draft summary of same." | 3.8 | " " |
| 08/07 | "…draft PREPA overview memo…" | 4.4 | " " |
| 08/07 | "Review Title III and adversary cases re: HTA, and related news stories, to draft summary." | 4.6 | " " |
| 08/08 | "Prepare for and attend evidentiary hearing on Peaje preliminary injunction . . ." | 3.0 | " " |
| 08/10 | "draft/revise fiscal plan summary and diligence list . . ." | 1.9 | " " |
| 08/15 | "Research motions seeking the appointment of examiners under section 1104(c) . . . and related correspondence re: same with J. Burbage . . ." | 0.5 | " " |
| 08/21 | ". . . review of press articles and related information compiled by A. Mendel . . ." | 0.6 | " " |
| 08/22 | "Compare new AFSCME complaint to prior adversary proceeding . . ." and ". . . review pension union complaint . . ." | 1.0 and 0.1 | " " |

| Date | Description | Hours | Matter |
|---|---|---|---|
| 08/30 | "Meeting on GDB Liquidation issues (0.4); review Pleadings in related case (1.5)" | 1.9 | " " |
| 08/30 | ". . . Review projection, debt analysis, certified plan overview (2.4); review other docs from data room, related (1.4)" | 3.8 total | " " |
| 08/04 | ". . . attention to ERS overview memo. . ." | 3.1 | Case Administration |
| 08/15 | ". . . attention to production of general obligation bond documents . . ." | 0.5 | " " |

13. The above list is far from comprehensive; it presents only illustrative examples of the wide variety of non-compensable topics for which counsel seeks compensation. Plainly, litigation related to ERS, HTA, PREPA, and AFSCME has nothing to do with the question whether the sales and use taxes are property of the Commonwealth or COFINA.

14. Similarly, the March 13, 2017 Fiscal Plan takes no position regarding this question. (*See e.g.*, March 13, 2017 Fiscal Plan at 5 ("The Fiscal Plan as proposed does not presume cash flow for debt service for any particular bondholder constituency, including clawed back cash and special revenues, nor does it take a position with respect to asserted constitutional or contractual rights and remedies, validity of any bond structure, or the dedication or application of tax streams/available resources.").) Other than understanding how much cash may be available for debt service under the Fiscal Plan (which is an easy calculation to make), research, analysis, conferences and other work regarding the Fiscal Plan, its projections, and the financial data on which it is based fall outside the scope of what the Court authorized the COFINA Agent to do.

15. Likewise, research on the appointment of examiners under Bankruptcy Code section 1104(c) (which section is not incorporated into PROMESA), or any potential GDB liquidation are irrelevant to the COFINA Agent's litigation mandate.

8

16. In addition, news stories of any kind have no bearing on resolution of the question that the Court has instructed the COFINA Agent to litigate.

17. Finally, other time entries in the Fee Statement also appear unrelated to the scope of the COFINA Agent's authority, but whether they are cannot be fully discerned from the entries. Because the Fee Statement contains such numerous deviations from the Stipulation and Order, it is impossible to determine whether or not the following entries fall within the COFINA Agent's limited authority:

| Date | Description | Hours | Matter |
|---|---|---|---|
| 08/10 | "Draft and revise memo re: major Title III disputes." | 3.7 | COFINA Bond Litigation |
| 08/20 | "Continued reviewing pertinent documents from related litigations." | 4.3 | " " |
| 08/21 | ". . . review of new pleadings in related actions . . ." | 0.6 | " " |
| 08/28 | "Revise flowchart summarizing litigation (3.1); Draft memo summarizing various relevant Title III and adversary proceedings (3.9)." | 7.0 | " " |
| 08/06 | "Review, summarize and organize key pleadings by dispute." | 5.9 | Case Administration |

Further, while the broad scope of these entries may be appropriate in a general litigation matter, they are improper for special counsel in the narrowly circumscribed Commonwealth-COFINA Dispute.

18. With such work descriptions, parties cannot accurately reduce the Fee Statement to an amount that represents only work done within the COFINA Agent's scope of authority. Thus, the Fee Statement should be denied. *See In re Beverly Mfg. Corp.*, 841 F.2d 365, 370 (11th Cir. 1988) (affirming denial of fee application in its entirety because "there was no indication of the specific nature of each service performed and its relation to the bankruptcy proceeding.").

## **CONCLUSION**

19. WHEREFORE, for the foregoing reasons, AAFAF respectfully requests that the Court deny the Fee Statement.

Dated: October 30, 2017
San Juan, Puerto Rico

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| */s/ Peter Friedman* | */s/ Andrés W. López* |
| John J. Rapisardi | Andrés W. López |
| Suzzanne Uhland | USDC No. 215311 |
| William J. Sushon | **THE LAW OFFICES OF** |
| (Admitted *Pro Hac Vice*) | **ANDRÉS W. LÓPEZ, P.S.C.** |
| **O'MELVENY & MYERS LLP** | 902 Fernández Juncos Ave. |
| 7 Times Square | San Juan, PR 00907 |
| New York, NY 10036 | Tel: (787) 294-9508 |
| Tel: (212) 326-2000 | Fax: (787) 294-9519 |
| Fax: (212) 326-2061 | |
| | *Co-Attorney for the Puerto Rico Fiscal* |
| Peter Friedman | *Agency and Financial Advisory Authority* |
| (Admitted *Pro Hac Vice*) | |
| **O'MELVENY & MYERS LLP** | |
| 1625 Eye Street, NW | |
| Washington, DC 20006 | |
| Tel: (202) 383-5300 | |
| Fax: (202) 383-5414 | |
| | |
| *Attorneys for the Puerto Rico Fiscal* | |
| *Agency and Financial Advisory Authority* | |

## **Exhibit A**

First Monthly Statement of Willkie Farr & Gallagher LLP for Allowance of Compensation and Reimbursement of Expenses as Counsel to Bettina Whyte, as the COFINA Agent, for the Period from August 3, 2017 Through August 31, 2017