Hearing Date: November 15, 2017 at 9:30 a.m. (AST)

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

-----------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | (Jointly Administered) |
| Debtors.[1] | **Re: ECF No. 1514** |

-----------------------------------------------------------------x

### DEBTORS' OBJECTION TO URGENT MOTION OF FINANCIAL GUARANTY INSURANCE COMPANY REGARDING PROPOSED 90-DAY STAY OF ALL LITIGATION TO FACILITATE RECOVERY FROM HURRICANES IRMA AND MARIA

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Electric Power Authority ("PREPA," and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and*

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.

*Economic Stability Act* ("PROMESA"),[2] respectfully submit this objection (the "Objection") to the *Urgent Motion of Financial Guaranty Insurance Company Regarding Proposed 90-Day Stay of All Litigation to Facilitate the Recovery from Hurricanes Irma and Maria* [ECF No. 1514] (the "Motion")[3] filed by Financial Guaranty Insurance Company ("FGIC"), and respectfully represent as follows:

**Objection**

**A. Resolving Outstanding Legal Issues will Benefit Puerto Rico's Restructuring during this Fragile Economic Period**

1. Over a month after Hurricane Maria, FGIC propounds an urgent motion about the hurricane, attempting to stall litigation in which it is not even a party. The Oversight Board opposes FGIC's requested "90-day stay of all pending litigation in these Title III cases and all related adversary proceedings."[4] Such a stay would be detrimental to Puerto Rico's recovery. The government has filed pleadings urging the prompt continuation of all litigation because it raises threshold issues requiring resolution before any restructuring can be finalized. A stay would hinder the Debtors' ongoing efforts to formulate plans of adjustment ("Plans"). The Oversight Board, the Debtors, the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), and many others are working tirelessly to resolve threshold legal disputes, rebuild the island's infrastructure after the devastation wrought by Hurricanes Irma and Maria, and expeditiously set Puerto Rico back on a prosperous path that is fiscally responsible with capital market access. Delaying such progress by calling for an unnecessary "timeout" will only retard

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

[4] Motion ¶ 5.

2

the recovery and yield zero benefits. We understand some creditors desire to delay resolutions of the treatment of existing debt for as long as possible.

2. PROMESA section 301(a) does not incorporate Bankruptcy Code section 305 (under which cases can be suspended) into Title III. Thus, FGIC is requesting relief Congress chose not to provide, probably because the resolution of fiscal emergencies should not be delayed. Congress was right, and if it was wrong, FGIC's remedy is with Congress, not the Court.

3. FGIC argues in the Motion that "prosecuting these Title III Litigations in a vacuum – removed from any commercial considerations – is counterproductive"[5] and that "[l]itigating based on facts and positions that existed as of May 3, 2017, when the first Title III case was commenced, would be nonsensical on the part of the parties in interest and wasteful of the Court's time and resources."[6] These arguments incorrectly presuppose that the resolutions to the Title III Litigations are somehow impacted by the crisis on the island. In reality, there are a variety of threshold legal disputes that must first be resolved so the Debtors can progress towards confirmable Plans and break free from the current entanglement in which they find themselves. Moreover, FGIC offers no explanation as to how a stay of the Title III Litigations would be of any use to the people of Puerto Rico or their recovery efforts, none of which are affected one way or another by the progress of the disputed matters in this Court.

4. For instance, the following legal disputes (among others) are all critical to the Debtors' formulation of confirmable Plans and are in no way affected by the crisis on the island: (i) whether fiscal plans certified by the Oversight Board are subject to creditor challenge; (ii)

---

[5] Motion ¶ 6.

[6] Motion ¶ 7.

whether the Commonwealth or COFINA is the rightful owner to the disputed portion of the sales and use taxes; (iii) whether the general-obligation bondholders' claims to priorities under Puerto Rico law are preempted because they are inconsistent with PROMESA; and (iv) whether the holders of HTA or ERS bonds have valid, perfected liens or security interests. FGIC mentions the Commonwealth/COFINA dispute as one of the "central issues in the Title III Litigations," but then reaches the curious conclusion that (a) this central dispute should not be litigated at the moment, and (b) only the Appointments Clause litigation (seeking to dismiss the Commonwealth's Title III case altogether) should be allowed to proceed.[7] Critically, the amount of future sales and use taxes collected is in no way related to whether the Commonwealth or COFINA is the rightful owner of such taxes. The resolutions of the above outstanding issues are holding up the Debtors' restructurings and should continue to progress. At best, FGIC's motives are transparently self-serving. At worst, the Motion attempts to exploit a humanitarian crisis to advance certain creditors' desires to delay all resolutions to the detriment of Puerto Rico's broader recovery.

5. Indeed, FGIC cites to AAFAF's *Urgent Informative Motion Regarding The Impact Of Hurricane Maria And Proceeding Within These Title III Cases* [ECF No. 1360] (the "AAFAF Motion") for evidence of the damage caused by Hurricane Maria, but fails to address AAFAF's express desire "to move forward with these Title III cases with as little disruption as possible."[8] Contrary to FGIC's argument, and in line with AAFAF's desires,[9] the Oversight Board believes resolving the outstanding legal disputes will help propel the Debtors towards confirmable Plans. If a 90-day stay were to be implemented, such legal disputes would need to

---

[7] *See* Motion ¶¶ 8, 12.

[8] AAFAF Motion ¶ 11.

[9] *See* AAFAF Motion ¶¶ 11-12.

be resolved <u>after</u> the expiration of such stay and the Debtors' emergence from Title III would be unnecessarily delayed by at least three months while the Debtors' hands are tied. During this time, the people of Puerto Rico and their recovery efforts will have received no benefit from the lack of activity in this Court, and the only result will be a loss of 90 days that can never be recovered (other than for creditors who seek or support the end of these Title III cases through the dismissal dispute that FGIC insists goes forward).[10] If there is pending litigation that has or will become moot as a result of the crisis or upon any certification of a new fiscal plan, then such actions may be dismissed without prejudice by the litigating parties – FGIC admits as much in the Motion.[11]

### B. The Motion Obstructs the Debtors' Formulation of Plans of Adjustment

6. FGIC overlooks that delaying the restructuring of the Commonwealth's debt would delay progress towards fiscal responsibility and market access. To attract new investments in PREPA, one must show how PREPA's debt will be resolved. Similarly, to attract investments to the Commonwealth, investors must be assured that the existing humongous debt will be under control. Delaying the restructurings would delay investment and progress.

7. The Oversight Board has exclusive authority to represent the Title III Debtors and to propose plans of adjustment. PROMESA establishes the Oversight Board as the sole representative of the Debtors in their Title III cases.[12] In its capacity as debtor representative, PROMESA authorizes the Oversight Board to take any action necessary on behalf of the debtor

---

[10] Of course, it is fully expected that creditors will continue their lobbying efforts in Congress even if the relief requested in the Motion is granted. *See Hurricane Maria Expected to Reshape Role of PROMESA Board as Fiscal Plan is Revisited*, Reorg Research, Oct. 13, 2017 ("Another source near the situation said there is 'lots of creditor lobbying going on' for Congress to take action on PROMESA . . . .").

[11] *See* Motion ¶ 7.

[12] *See* PROMESA § 315(b).

to prosecute the case of the debtor.[13] PROMESA also provides the Oversight Board with exclusivity to file and modify a Plan.[14]

8. In requesting a 90-day stay of the Title III Litigations, FGIC is attempting to usurp the role of the Oversight Board as the Debtors' representative. FGIC complains that "[w]e need recovery efforts for the Commonwealth and the citizens of Puerto Rico before we can even discuss recovery for creditors,"[15] but it is the Oversight Board as the Debtors' representative, in the first instance, that decides where the Debtors' best interests lie.

9. The Oversight Board agrees with AAFAF that "[i]t is in the best interest of the people of Puerto Rico that these Title III cases continue to progress to provide greater clarity for the future of Puerto Rico, especially as the island turns its focus to rebuilding its infrastructure and long-term economic recovery. Continuing all efforts to clear Puerto Rico's legal uncertainties (and the resulting economic uncertainties) will be essential to putting Puerto Rico back on the path to economic recovery."[16] The Oversight Board is singularly focused on achieving confirmable Plans as expeditiously as possible, and the outstanding legal disputes must be resolved before such Plans can be formulated.

10. Notably, the only adversary proceeding in the Debtors' Title III cases to which FGIC is a named party is *Assured Guaranty Corp., et al. v. Commonwealth of Puerto Rico, et al.*, Case Nos. 17-ap-155 & 17-ap-156. Further, FGIC, as a party in interest under Bankruptcy Code section 1109(b), does not have an unfettered ability to control adversary proceedings in which it is not a party. The First Circuit made this crystal clear in the context of the statutory creditors'

---

[13] *See* PROMESA § 315(a)

[14] *See* PROMESA §§ 312-313.

[15] Motion ¶ 10.

[16] AAFAF Motion ¶ 11.

6

committee's intervention motion. *See Assured Guaranty Corp. v. The Financial Oversight and Management Board for Puerto Rico*, 2017 U.S. App. LEXIS 18387, at *12 (1st Cir. Sept. 22, 2017) ("Our holding that the UCC is entitled to participate in the district court proceedings does not, of course, dictate the scope of that participation. *See Adelphia Commun's Corp. v. Rigas (In re Adelphia Commun's Corp.)*, 285 B.R. 848, 851 (Bankr. S.D.N.Y. 2002) ('[I]t does not necessarily follow that once having intervened, intervenors have the right to litigate as the possessors of causes of action do, or to act wholly free of any limitations imposed by the Court in the interests of orderly procedure.')."). Here, FGIC does not have standing to dismiss or even suspend adversary proceedings to which it is not a party. The Court should not allow FGIC, as a single creditor and party to one outstanding adversary proceeding in the Debtors' Title III cases, to derail the Oversight Board's exclusive authority to proceed accordingly.

## C. In the Event the Motion is Granted, any Resulting Stay Should Only Apply to Discovery Issues

11. In the event the Court believes that some form of stay is appropriate, the Oversight Board requests that such stay be limited to discovery issues alone and not affect the progress surrounding underlying substantive issues. Several adversary proceedings in the Debtors' Title III cases involve limited or no factual issues and are at advanced stages with the Court being asked for certain rulings. Such proceedings should be allowed to proceed without delay.

*[Remainder of page intentionally left blank]*

WHEREFORE the Debtors respectfully request that either the Court (i) deny the Motion or (ii) limit the relief granted to discovery issues and not with respect to underlying substantive issues.

Dated: October 31, 2017  
      San Juan, Puerto Rico

Respectfully submitted,

*/s/* Martin J. Bienenstock

Martin J. Bienenstock  
Paul V. Possinger  
Ehud Barak  
Maja Zerjal  
(Admitted *Pro Hac Vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel: (212) 969-3000  
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/* Hermann D. Bauer

Hermann D. Bauer  
**O'NEILL & BORGES LLC**  
250 Muñoz Rivera Ave., Suite 800  
San Juan, PR 00918-1813  
Tel: (787) 764-8181  
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s Hermman D. Bauer*
Hermann D. Bauer