**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

------------------------------------------------------------x

**THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY'S JOINDER TO DEBTORS' OMNIBUS OBJECTION TO MOTIONS FOR ORDERS AUTHORIZING RULE 2004 DISCOVERY**

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), as the entity authorized to act on behalf of the debtor entities under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017, joins the arguments advanced by the Financial Oversight and Management Board for Puerto Rico ("FOMB") in its (i) *Omnibus Objection to Motions for Orders Authorizing Rule 2004 Discovery* [ECF No. 1345] (the "Omnibus Objection") and (ii) *Objection to the ERS Bondholders' Motion (the "Joinder Motion") for Proposed Joinder to Rule 2004 Motions* [ECF No. 1380] (the "Joinder Objection").[2] AAFAF also reserves its rights to the same extent that the FOMB reserved its rights in the Omnibus Objection and the Joinder

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808).

[2] Capitalized terms used but not defined herein shall have the meaning set forth in the Omnibus Objection.

Objection, including with respect to asserting specific objections to requests and the timing for production of documents and materials or examinations, if Movants are authorized to serve the proposed Rule 2004 discovery.[3]

As explained in the Omnibus Objection, the Movants (and the ERS Bondholders through the Joinder Motion) seek to conduct staggeringly burdensome discovery on AAFAF, the Government of Puerto Rico and its instrumentalities, and the FOMB under Rule 2004, notwithstanding having already been provided with substantial due diligence, financial data and informational materials through the mediation process and the good faith efforts of the Government and the FOMB in response to creditor information requests. Not only are Movants' requests for Rule 2004 discovery impermissible under the Federal Rules of Bankruptcy Procedure and the Local Rules given the overlap of the subject matter with the pending adversary proceedings (as discussed at length in Omnibus Objection and the Joinder Objection), allowing Movants to frustrate the orderly management of discovery in those adversary proceedings -- and to circumvent the disclosure process already underway in connection with various mediation tracks -- would strain Puerto Rico's already taxed resources.

Indeed, these discovery requests were unreasonable enough when they were first served, but in light of hurricanes Maria and Irma the enormous amount of information requested is particularly inappropriate.[4] As a result of these devastating storms, Puerto Rico is currently facing one of its worst crises ever. Granting the relief requested in the Motion would require the

---

[3] Nothing in this Joinder shall constitute an admission in respect to any fact or legal matter at issue in the lawsuit captioned *The Financial Oversight and Management Board for Puerto Rico v. Hon. Ricardo Antonio Rosselló Nevares*, No. 17-00250 (D.P.R. Aug. 28, 2017).

[4] AAFAF reserves the right to supplement this Joinder, as necessary, in response to future developments related to Hurricane Maria that are relevant to the relief requested in the Motion.

Commonwealth to expend millions of extra dollars in professional fees collecting and reviewing documents responsive to wildly overbroad discovery requests at a time when funds are badly needed elsewhere. This reality is reflected in Ambac's *Statement Regarding the October Omnibus Hearing* [ECF No. 1376], in which Ambac acknowledges the uncertainties created by hurricanes Maria and Irma and concedes that production of materials on the time frame it originally proposed is no longer necessary.

Against this backdrop, the overbreadth and oppressive nature of the Movants' discovery requests is plain:

- The GO and National Motions seek "Documents and Communications concerning the assets of the Commonwealth, including Documents and Communications concerning: (1) estimates of the aggregate book and market value of government and public enterprise-owned land and real estate (register of government owned property); (2) break-outs of assumed revenues and/or cash inflows from privatizations and P3s in the Fiscal Plan; and (3) any additional analyses performed on potential privatizations and P3s." *See* GO Motion and National Motion, Schedule A to Exhibit A, Request 25.

- The GO and National Motions seek "Documents, Communications, analyses, or models (in native format) relating to the continued need for such subsidies to municipalities. This Request explicitly includes any information regarding the number of municipalities, population of those municipalities, services provided by such municipalities, and employees hired to provide services to those municipalities. The time period for this Request shall be 2000 to the present." *See* GO Motion and National Motion, Schedule A to Exhibit A, Request 59.

- The GO and National Motions seek "Documents sufficient to identify the total number of permanent employees, temporary hires, subcontractors and consultants, of the Territorial Government. This information should be provided by department or instrumentality. To the extent that You have information regarding the number of employees of municipalities, this Request explicitly includes such information. The time period for this Request is 2000 to the present." *See* GO Motion and National Motion, Schedule A, Request 44.

- The GO and National Motions seek "Documents, Communications, analyses or models (in native format) relating to the GDB Municipal Loan portfolio, including but not limited to (1) any valuation of the portfolio, (2) loan and deposit agreements, (3) current loan balances, and (4) Documents identifying the source of repayment for SUT-backed GDB Municipality loans, as that term is used in the

>GDB RSA and associated Documents released on February 28, 2017. This Request includes Documents sufficient to identify how SUT flowing to municipalities (if any) in excess of municipal loan debt service is distributed or spent." *See* GO Motion and National Motion, Schedule A, Request 65.
>
>- The Ambac Motion seeks "All documents, communications, studies, and/or analyses concerning the estimated payroll expenses contained in the Fiscal Plan." *See* Ambac Motion, Schedule A to Exhibit A, Request 17.

Moreover, Ambac seeks "all documents and data You intend to use to support any plan of adjustment You may make in the above-captioned proceeding." Ambac Motion, Schedule A, Request 32. This request is woefully deficient both substantively and procedurally. There is no plan of adjustment on file, so what documents AAFAF may rely on are unknown. And, when a plan of adjustment is proposed (and opposed) a contested matter will exist, and Part IX of the Federal Rules of Bankruptcy Procedure will govern discovery rather than Rule 2004. *See* Puerto Rico Local Bankruptcy Rule 2004-1 (noting that Rule 2004 does not apply in contested matters).

Therefore, for all the reasons set forth in the Omnibus Objection and the Joinder Objection, including AAFAF and the Government's demonstrated voluntary provision of information to creditors, this Court need not authorize Rule 2004 discovery that is at odds with applicable procedural rules, this Court's commitment to the efficient conduct of these proceedings, and will impose unreasonable and inappropriate financial burdens on Puerto Rico. The Government remains committed to working in good faith to provide information in response to reasonable and targeted information requests and will continue to confer with the Movants and other creditors as information requests are received.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| */s/ Peter Friedman* | */s/ Andrés W. López* |
| John J. Rapisardi<br>Suzzanne Uhland<br>(Admitted *Pro Hac Vice*)<br>**O'MELVENY & MYERS LLP**<br>7 Times Square<br>New York, NY 10036<br>Tel: (212) 326-2000<br>Fax: (212) 326-2061 | Andrés W. López<br>USDC No. 215311<br><br>THE LAW OFFICES OF ANDRÉS W. LÓPEZ, P.S.C.<br>902 Fernández Juncos Ave.<br>San Juan, PR 00907<br>Tel: (787) 294-9508<br>Fax: (787) 294-9519 |
| -and- | *Co-attorney for the Puerto Rico Fiscal Agency and Financial Advisory Authority* |
| Peter Friedman<br>(Admitted *Pro Hac Vice*)<br>1625 Eye Street, NW<br>Washington, DC 20006<br>Tel: (202) 383-5300<br>Fax: (202) 383-5414 | |
| -and- | |
| Elizabeth L. McKeen<br>(Admitted *Pro Hac Vice*)<br>610 Newport Center Drive<br>17th Floor<br>Newport Beach, California 92660<br>Tel: (949) 823-6900<br>Fax: (949) 823-6994 | |
| *Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* | |