**Hearing Date:** November 15, 2017 at 9:30 a.m. (AST)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-bk-03283 (LTS)<br><br>(Jointly Administered) |

## OBJECTION TO URGENT MOTION OF FINANCIAL GUARANTY INSURANCE COMPANY REGARDING PROPOSED 90-DAY STAY OF ALL LITIGATION TO FACILITATE THE RECOVERY FROM HURRICANES IRMA AND MARIA

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") respectfully submits this opposition to the Urgent Motion of Financial Guaranty Insurance Company ("**Movant**") Regarding Proposed 90-Day Stay of all Litigation to Facilitate the Recovery from Hurricanes Irma and Maria [Dkt. No. 1514] (the "**Motion**").

### INTRODUCTION

1.    Movant stylizes its Motion and its request for a sweeping stay as a chance to give

---

[1] The Debtors in these jointly-administered PROMESA title III cases (these "**Title III Cases**"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric and Power Authority (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747).

"the government and the people of Puerto Rico … time to recover from the impact of [Hurricane Irma and Hurricane Maria]." (Mot. ¶ 5.) That proffered justification, however, is little more than a smoke screen for the Movant's true purpose—to stop these Title III Cases in their tracks *except* for the Appointments Clause challenge to the constitutionality of PROMESA. (*See* Mot. ¶ 12.)

2. In support of the Motion, Movant proffers nothing. That failure is unsurprising. Stays of adversary proceedings are disfavored, and stays of entire bankruptcy cases even more so. It does not appear that any court has allowed a party to do what Movant seeks here— cherry-pick the one issue it wishes to address through a court-ordered shutdown of all other matters. The Motion should be denied.

## OBJECTION

3. While the Motion is devoid of any case law, the law concerning a court's inherent power to issue stays in the bankruptcy context and other civil contexts is well-developed and has arisen in a variety of contexts. For example, parties request stays when there is competing foreign litigation that seeks to resolve a similar dispute, *see Detroit Int'l Bridge Co. v. Gov't of Canada*, 78 F.Supp.3d 117, 120 (D.D.C. 2015), or when a bankruptcy proceeding intersects with criminal law implicating rights against self-incrimination, *see Layng v. Garcia (In re Garcia)*, 569 B.R. 480, 487–88 (Bankr. N.D. Ill. 2017), or when a party seeks a stay pending appeal, *see Elias v. Sumski (In re Elias)*, 182 Fed. App'x 3, 4 (1st Cir. 2006).

4. While the exact test a court uses to determine a stay request may vary depending on the precise context in which it arises, three themes emerge. *First*, it is the movant's burden to demonstrate why a stay is necessary. As one court explained, "[t]he moving party must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damages to someone else." *Ohio Willow Wood Co v. Thermo-Ply, Inc.*, 2008 WL 8793604, at *1 (E.D. Tex. Mar. 26, 2008) (internal quotations

omitted); *MD Acquisition, LLC v. Myers (In re Myers)*, 2012 WL 2884890, at *2 (Bankr. N.D. Ohio July 13, 2012) (denying stay and holding that the "burden is on … movant to demonstrate that the prejudice to it outweighs the harm to [non-movant].")

5. *Second*, principles of fairness drive the analysis. In *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 78 (1st Cir. 2004), the First Circuit denied a stay, holding that "[t]he decision to grant or deny such a stay involves competing interests[,]" which include "the interests of the civil plaintiff in proceeding expeditiously with the civil litigation, including the avoidance of any prejudice to the plaintiff should a delay transpire; ... the hardship to the defendant …; [and] the interests of third parties." *Accord In re Elias*, 182 Fed. App'x at 4 (same); *Solidus Networks, Inc. v. Excel Innovations, Inc. (In re Excel Innovations, Inc.)*, 502 F.3d 1086, 1094-96 (9th Cir. 2007) (holding that when determining whether to issue a stay against a non-debtor, a court should use the traditional standard for a preliminary injunction, which includes an analysis of "the relative hardship of the parties"); *First Bank Puerto Rico Inc. v. Foti (In re Int'l Home Products Inc.)*, 491 B.R. 607, 626-27 (Bankr. D.P.R. 2013) (same).

6. *Third*, a stay in any circumstance is considered "an extraordinary remedy," and the broader the stay sought, the more skeptical courts become. *In re Shubh Hotels Pittsburgh, LLC*, 495 B.R. 274, 288 (Bankr. W.D. Penn. 2013); *see also Walsh Sec., Inc. v. Cristo Corp. Mgmt. Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998). Attempts to stay entire bankruptcy/restructuring proceedings find *no* favor with the courts. *See Phillips v. First Nat'l Ins. Co. of America (In re Phillips)*, No. 10-3075, 2011 WL 2447954, at *3 (S.D. Tex. June 15, 2011) (denying request to stay adversary proceeding and classifying such an action as an "extraordinary step"). For example, in *FMG Inc. v. Western Development Corp. (In re FMG, Inc.)*, No. 91 C 6018, 1991 WL 247595, at *3 (N.D. Ill. Nov. 14, 1991), the movant sought to stay the debtor's bankruptcy case in its

3

entirety.  There, as here, the movant "cited no support for its position," and the court had no trouble denying the request.  In doing so, the court held that movant's request was "too extreme [and] would only hamper the expediency of the bankruptcy process."  *Id*.  The court refused to "sanction a practice that will permit matters to languish in bankruptcy court."  *Id*.

7. The application of the relevant case law requires the denial of the Motion.  Movant has failed to carry (or even attempt to carry) its burden of showing why fairness dictates the imposition of any stay, much less the broad stay Movant seeks.  Movant provides no legal support for its position and wholly ignores the *sine non qua* of a stay analysis—that the prejudice Movant would suffer if the stay is not given clearly outweighs the harm other parties in interest will suffer if it is.  Instead, Movant rests on the claim that there should be a stay because the Fiscal Plan will need to be adjusted.  That argument is suspect for at least four reasons.

8. *First,* the Retiree Committee believes that Puerto Rico and its citizens are in fact better served if the recovery efforts and the reorganization move forward in tandem as that will bring relief to the Commonwealth (both structurally and financially) as quickly as possible.  The numerous important legal issues that have arisen and that continue to arise in these Title III Cases—involving, for example, the relative priority of various claims and the extent of certain creditors' secured claims—are not going away, even if the Fiscal Plan changes.  The sooner these issues are resolved, the sooner Puerto Rico will be able to move forward towards a better future.  In recognition of that fact, both the Commonwealth and the Financial Management and Oversight Board (the "**FOMB**") have opposed Movant's stay request.  Indeed, shortly after Hurricane Maria, the Commonwealth advised this Court that it would speak up if matters needed to be stayed to assist the recovery effort.  [Dkt. No. 1360.]  The Commonwealth and the FOMB have not asked for a stay here, and their views as the *only* parties which must address *both* the recovery efforts

and the pending litigation should be respected.

9. *Second*, as a practical matter, most of the litigation that is currently pending has been brought by creditors located in the mainland United States. Movant is located in New York. Of the 27 adversary proceedings that are pending in these Title III cases, 22 have been filed by bondholders, bond insurers, or other creditors. If those creditors no longer want to proceed with those adversary proceedings because they believe their claims may become moot as a result of a new fiscal plan, they should seek to dismiss their cases. Indeed, plaintiffs in the *Assured Guaranty Corp., et al. v. Commonwealth of Puerto Rico, et al.* adversary proceeding already have done so. [Adv. Pro. 17-125, Dkt. No. 108.]

10. *Third,* courts generally consider granting stay requests only where the movant needs the protection of the stay and other parties are not severely impacted or where the court has found that it would be more efficient to allow another court in a parallel proceeding to decide certain overlapping issues in the first instance. In contrast, there does not appear to be any case where a party even sought, much less achieved, a stay based on the argument that there would be a more convenient time to adjudicate disputes or that the stay was requested for the benefit of its opponent, over its opponent's objection. Here, the Commonwealth and the FOMB state that they want to proceed; Movant, which is located in New York, certainly can proceed. The stay request should be denied.

11. *Finally,* Movant's proffered concern for the rebuilding of Puerto Rico rings hollow. On the one hand, Movant derides the fact that "we have Title III cases and adversary proceeding purporting to deal with 'legal issues'" while Puerto Rico seeks to rebuild from the hurricanes. (Mot. ¶ 10.) On the other hand, Movant is perfectly fine with the "Appointments Clause issues … being excepted from the requested stay and proceeding as scheduled." (Mot. ¶ 12.) Movant,

5

however, does not explain why "restoration and relief for Puerto Rico" requires the cessation of *all* contested matters and adversary proceedings *except* the one issue that challenges the very existence of these Title III cases. (Mot. ¶ 11.) The answer for this apparent dissonance is that the Motion is a litigation tactic. Its true purpose to press forward with the issue that best enhances Movant's position while keeping all other parties and issues at bay. No case supports that approach.

12. The Retiree Committee, whose approximately 160,000 constituents mainly live on the Island and are personally experiencing the hardships that Hurricanes Irma and Maria have inflicted on the Island's residents, support the FOMB's and Commonwealth's position. The Motion should be denied.

Dated: October 31, 2017                                         Respectfully submitted,

JENNER & BLOCK LLP                        BENNAZAR, GARCÍA & MILIÁN, C.S.P.

By:                                                             By:

*/s/ Robert Gordon*                                             */s/ A.J. Bennazar-Zequeira*

Robert Gordon (admitted *pro hac vice*)          A.J. Bennazar-Zequeira
Richard Levin (admitted *pro hac vice*)          Edificio Union Plaza
919 Third Ave                                    PH-A piso 18
New York, NY 10022-3908                          Avenida Ponce de León #416
rgordon@jenner.com                               Hato Rey, San Juan
rlevin@jenner.com                                Puerto Rico 00918
212-891-1600 (telephone)                         ajb@bennazar.org
212-891-1699 (facsimile)                         787-754-9191 (telephone)
                                                 787-764-3101 (facsimile)

Catherine Steege (admitted *pro hac vice*)
Melissa Root (admitted *pro hac vice*)           *Counsel for The Official Committee of Retired*
353 N. Clark Street                              *Employees of Puerto Rico*
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
312-222-9350 (telephone)
312-239-5199 (facsimile)