## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re | ) **PROMESA**<br>) **Title III**<br>) |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | ) **No. 17 BK 3283-LTS**<br>)<br>) **(Jointly Administered)**<br>) |
| as representative of | )<br>) |
| THE COMMONWEALTH OF PUERTO RICO<br>*et al.*, | ) **Objection deadline:** November 7, 2017 at<br>) 4:00 p.m. (Atlantic Standard Time) or such other<br>) deadline as ordered by the Court<br>) |
| Debtors.[1] | ) **Hearing date:** November 15, 2017 at 4:00 p.m.<br>) (Atlantic Standard Time)<br>) |

## URGENT MOTION OF THE FEE EXAMINER TO AMEND THE INTERIM COMPENSATION ORDER, INCLUDING THE DUE DATE AND HEARING DATE FOR INTERIM COMPENSATION

TO:    THE HONORABLE LAURA TAYLOR SWAIN
       UNITED STATES DISTRICT JUDGE:

The Fee Examiner in these proceedings, pursuant to the agreement of the principal parties

and the Court's October 6, 2017 *Order Pursuant to PROMESA Sections 316 and 317 and*

*Bankruptcy Code Section 105(A) Appointing a Fee Examiner and Related Relief* (the "**Fee**

**Examiner Order**") [Dkt. No. 1416], moves the Court to amend the *Order Setting Procedures*

*for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. 1150] (the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the:  (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

"**Interim Compensation Order**") as further described herein and in the *Draft First Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* attached hereto as **Exhibit A** (the "**Proposed First Amended Interim Compensation Order**").  A redline comparing the Proposed First Amended Interim Compensation Order against the Interim Compensation Order is attached hereto as **Exhibit B**. The purpose of this Motion is to:

> (1)   Request that the Motion be heard on an expedited basis;
>
> (2)   Revise and update the Interim Compensation Order in light of the Fee Examiner Order;
>
> (3)   Preserve the ability of the Court to approve interim compensation for professionals in Puerto Rico before year-end;
>
> (4)   Defer the hearing on interim compensation now scheduled for December 20, 2017 for all non-Puerto Rican professionals; and
>
> (5)   Provide additional time for the Fee Examiner to issue instructions and guidelines for the submission of Interim Fee Applications[2] and for Retained Professionals to submit initial applications.

In support of the motion, the Fee Examiner represents that:

## PRELIMINARY STATEMENT

1.     The Court, in its August 23, 2017 *Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "**Interim Compensation Order**") [ECF No. 1150], established November 15, 2017 as the deadline for Title III PROMESA professionals (the "**Retained Professionals**") for filing Interim Fee Applications, and it scheduled a fee hearing as part of the previously-scheduled December 20, 2017 omnibus hearing.  *See* Order, ¶ 2.i.

---

[2] Capitalized terms in this motion, if not otherwise defined, shall have the meanings defined in the Interim Compensation Order.

2.     The Court entered the Fee Examiner Order on October 6, 2017.

3.     On October 26, 2017, as anticipated, the Fee Examiner's proposed counsel filed the *Application of Fee Examiner to Employ and Retain Godfrey & Kahn, S.C. as Counsel to the Fee Examiner, Nunc Pro Tunc to October 6, 2017* [ECF No. 1548], and the *Application of Fee Examiner to Employ and Retain Edge Legal Strategies, PSC as Local Counsel to the Fee Examiner* [ECF No. 1549].

4.     On October 24, 2017, the Court entered an order approving the *Third Amended Notice, Case Management and Administrative Procedures* [ECF No. 1512-1] (the "**Case Management Procedures**").

5.     Paragraph III.G. of the Case Management Procedures requires parties to file and serve pleadings at least twenty-two (22) calendar days before the next applicable hearing date to be heard at such hearing.

6.     The next scheduled omnibus hearing is November 15, 2017, the same date that first Interim Fee Applications are due under the Interim Compensation Order.  The relief requested in this motion—amending the schedule for the filing of first and subsequent Interim Fee Applications—requires expedited treatment pursuant to Paragraph III.F. of the Case Management Procedures and Local Rule 9013-1.

7.     After consulting with counsel for many, though not necessarily all, of the principal parties in these proceedings as well as the U.S. Trustee, the Fee Examiner has concluded that it is in the best interest of the estates—for a variety of reasons, including the devastation wrought by the September 20, 2017 hurricane—to move the first Interim Fee Application filing deadline from November 15, 2017 to December 15, 2017, to adjourn the

December 20, 2017 hearing on fees, and to make further adjustments to the schedule established in the Interim Compensation Order in light of these proposed changes.

8.      If the relief requested in this motion is granted, Retained Professionals based in Puerto Rico that wish to have their fee and expense applications reviewed and determined before the end of the calendar year may file their interim fee applications by November 15, 2017 for hearing on December 20, 2017.

9.      This Motion is not intended to affect the Monthly Fee Statement protocol established at ¶¶ 2(a)-2(e) of the Interim Compensation Order.

## GROUNDS

10.      Through October 30, 2017, the Fee Examiner had received limited time records and related data supporting some Retained Professionals' Monthly Fee Statements—for May, June, July, August and September 2017.  This data has not been yet accompanied by a fee application or narrative explanation because no Interim Fee Applications have yet been filed.

11.      Based on the initial and, necessarily, incomplete data received to date, the Fee Examiner anticipates reviewing applications for at least ten professionals with at least 250 timekeepers, collectively.  The vast majority of these submissions pertain to Retained Professionals based outside of Puerto Rico.

12.      The Fee Examiner, consistent with the approach in major Chapter 11 proceedings in the Southern District of New York and in the District of Delaware, will promptly distribute suggested practical guidelines and protocols for time-keeping and billing as well as detailed requests relating to the format of interim and final fee and expense applications.  At least some of the Retained Professionals may well require time, beyond the current deadline (November 15, 2017) for Interim Fee Applications to adapt their applications to the Fee Examiner's guidelines and recommendations.  These guidelines and protocols are designed to streamline the interim

4

compensation process and, ultimately, allow more prompt reporting to the Court by the Fee
Examiner.

13.     Given the importance of the first Interim Fee Application process, the initial
deadline established for Interim Fee Applications does not allow sufficient time for
communication and extended discussion with professionals.  Further, the interval between the
due date for interim fee applications (November 15, 2017) and the December 20, 2017 hearing is
insufficient for a complete analysis of the first Interim Fee Applications.  Of equal importance,
the schedule leaves insufficient time for constructive dialogue between the Fee Examiner and the
Retained Professionals, as the Interim Compensation Order contemplates, to attempt to resolve
any differences.

14.     If the relief requested in this Motion is granted, the exigent circumstances created
by the hurricane warrant an exception for professional firms based in Puerto Rico.  The Fee
Examiner will be prepared to present recommendations to the Court on any timely and
properly-supported Puerto Rican Retained Professional Interim Fee Applications at least seven
days before the December 20, 2017 hearing—as contemplated in the Proposed First Amended
Interim Compensation Order.  With his written recommendations, the Fee Examiner will submit
draft compensation orders for Puerto Rican professionals for consideration, if there are no
objections, for entry without a hearing pursuant to § 2(h) of the Interim Compensation Order and
the Proposed First Amended Interim Compensation Order.

**RELIEF REQUESTED**

15.     For all these reasons, this motion seeks the entry of the Proposed First Amended
Interim Compensation Order, attached as **Exhibit A**.

## CERTIFICATION

16.     The Fee Examiner has engaged in reasonable, good-faith communications with the Standard Parties identified in the Case Management Procedures and the Notice Parties identified in the Interim Compensation Order.

17.     The Fee Examiner has made revisions to the Proposed First Amended Interim Compensation Order in response to comments from some of the Standard Parties and the Notice Parties.

18.     The Fee Examiner anticipates no objection to this Motion or the relief requested herein.

Dated this 31st day of October, 2017.

EDGE Legal Strategies, PSC


   *s/Eyck O. Lugo*
Eyck O. Lugo
252 Ponce de León Avenue
Citibank Tower, 12th Floor
San Juan, PR  00918
Telephone:  (787) 522-2000
Facsimile:  (787) 522-2010

*Puerto Rico Counsel*

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI  53703
Telephone:  (608) 257-3911
Facsimile:  (608) 257-0609

Katherine Stadler (*Pro Hac Vice* Pending)

*Proposed Counsel for the Fee Examiner*

**WE HEREBY CERTIFY** that on this date, we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all attorneys of record registered in the use of the CM/ECF system.

EDGE Legal Strategies, PSC

_s/Eyck O. Lugo_
Eyck O. Lugo
252 Ponce de León Avenue
Citibank Tower, 12th Floor
San Juan, PR  00918
Telephone:  (787) 522-2000
Facsimile:  (787) 522-2010

_Puerto Rico Counsel_

17963828.3

7

# **<u>Exhibit A</u>**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

|  |  |  |
|---|---|---|
| In re | ) | PROMESA |
|  | ) | Title III |
|  | ) |  |
| THE FINANCIAL OVERSIGHT AND | ) | No. 17 BK 3283-LTS |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) |  |
|  | ) | (Jointly Administered) |
|  | ) |  |
| As a representative of | ) |  |
|  | ) |  |
| THE COMMONWEALTH OF PUERTO RICO | ) |  |
| *et al.*, | ) |  |
|  | ) |  |
| Debtors.[1] | ) |  |
|  | ) |  |

## FIRST AMENDED ORDER SETTING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the *Motion of Debtors Pursuant to PROMESA Section 317 and Bankruptcy Code Section 105(a) for Entry of Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. 716];[2] and the *Urgent Motion of the Fee Examiner to Amend the Interim Compensation Order, Including the Due Date and Hearing Date for Interim Compensation* [Dkt. No. ___] (the "**Motion**"), the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the:  (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion and the Order Further Amending Case Management Procedures [Dkt. No. 1512-1] (the "**Case Management Procedures**")..

sections 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors and the Fee Examiner provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT:**

1.       The Motion is granted as set forth herein.

2.       All Professionals in the Title III Cases may be paid interim payment of compensation and reimbursement of expenses in accordance with the following procedures (the "**Interim Compensation Procedures**"):

       a. On or before the 15th day of each calendar month, or as soon as practicable thereafter, each Professional may serve a statement (a "**Monthly Fee Statement**") of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, by overnight mail, on each of the following entities (collectively, the "**Notice Parties**"):

          i. attorneys for the Oversight Board, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, Attn: Martin J. Bienenstock, Esq. and Ehud Barak, Esq., and Proskauer Rose LLP, 70 West Madison Street, Chicago, IL 60602, Attn: Paul V. Possinger, Esq.;

          ii. attorneys for the Oversight Board, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918, Attn: Hermann D. Bauer, Esq.;

          iii.       attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7

2

Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq., Suzzanne Uhland, Esq., and Diana M. Perez, Esq.;

iv.   the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: *In re: Commonwealth of Puerto Rico*);

v.   attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc. A Despins, Esq.;

vi.   attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. and Alberto J.E. Aenses Negron, Esq.;

vii.   attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. and Richard Levin, Esq., and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. and Melissa Root, Esq.;

viii.   attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar-Zequeira, Esq.;

ix.   counsel to any other statutory committee appointed; and

x.   the fee examiner to be retained with Court approval.

b.   Any Professional that fails to serve a Monthly Fee Statement for a particular month or months may subsequently serve a consolidated Monthly Fee Statement for such month or months. All Monthly Fee Statements shall comply with PROMESA and applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "**Local Rules**").

c.   In accordance with the procedures described in subparagraph (d) below, each Notice Party may file and serve upon the Professional that filed the Monthly Fee Statement and the other Notice Parties, so as to be received on or before 4:00 p.m. (Atlantic Standard Time) on the 10th day (or the next business day if such day is not a business day) following service of the Monthly Fee Statement (the "**Objection Deadline**") any objection to the requested fees and expenses. Upon expiration of the Objection Deadline, the Professionals that filed a Monthly Fee Statement shall provide a statement (the "**Monthly Fee Objection Statement**") to

3

the applicable Debtor(s) and the Puerto Rico Fiscal Agency and Financial Advisory Authority, providing the calculation of the fees and reimbursement requested, any amounts that were objected to, and the amount that should be paid after the holdback described further below. Upon receipt of the Monthly Fee Objection Statement, the Debtors in whose cases such Professionals are retained and/or employed shall promptly pay, and in no event pay later than fourteen (14) calendar days after receiving the Monthly Fee Objection Statement, the Professional an amount equal to the lesser of (i) 90% of the fees and 100% of the expenses requested in the applicable Monthly Statement (the "**Maximum Monthly Payment**") or (ii) the Maximum Monthly Payment less 90% of the fee portion and 100% of the expense portion thereof subject to an objection (the "**Incremental Amount**") pursuant to subparagraph (d) below; provided that, in the case of Paul Hastings LLP, as counsel for the Official Committee of Unsecured Creditors, and Zolfo Cooper, LLC, as financial advisor to the Official Committee of Unsecured Creditors, the applicable Debtors shall promptly pay, and in no event pay later than fourteen (14) calendar days after receiving the Monthly Fee Objection Statement, 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement, but such 80% of fees or 100% of expenses shall not be paid with respect to such fees or expenses that are subject to an objection pursuant to subparagraph (d) below. The Fee Examiner (as defined below) may object to the Interim Fee Applications (as defined below) if not consensually resolved.

d.  If any Notice Party wishes to object to a Professional's Monthly Fee Statement, it must (i) file a written objection (an "Objection") with the Court on or before the Objection Deadline and (ii) serve the Objection on the Professional that filed the Monthly Fee Statement and each of the other Notice Parties, so it is received by each of these parties on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection, the affected Professional may either (i) file a request with the Court for payment of the fees and expenses subject to the Objection or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court may consider and dispose of the Objection if requested by the parties.

e.  Each Professional's initial Monthly Fee Statement shall cover the period from the Petition Date of the Commonwealth's Title III Case through the end of the full month preceding the filing date of the Monthly Fee Statement. Thereafter, Professionals may serve Monthly Fee Statements in the manner described above.

f.  Consistent with PROMESA section 317, at four-month intervals (an "**Interim Fee Period**"), each of the Professionals may file with the Court

and serve on the Notice Parties an application (an "**Interim Fee Application**") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Professional for the Interim Fee Period, including any holdback pursuant to PROMESA section 317. Each Interim Fee Application must include a brief description identifying the following:

   i.  the Monthly Fee Statements subject to the request;

   ii.  the amount of fees and expenses requested;

   iii.  the amount of fees and expenses paid to date or subject to an Objection;

   iv.  the deadline for parties other than the Notice Parties to file objections (the "**Additional Objections**") to the Interim Fee Application; and

   v.  any other information requested by the Court or required by the Local Rules or the Fee Examiner in accordance with the order appointing the Fee Examiner [Dkt. No. 1416].

g.  Objections, if any, to the Interim Fee Applications shall be filed and served upon the Professional that filed the Interim Fee Application and the other Notice Parties so as to be received at least seven days prior to a scheduled hearing on interim fee applications, as described herein (or the next business day if such day is not a business day).

h.  The Court shall schedule a hearing on the Interim Fee Applications every four months pursuant to the schedule outlined below. The fee hearings may be held in conjunction with or separately from an Omnibus Hearing Date in the Court's discretion. If no Objections are pending and no Additional Objections are timely filed, and if the Fee Examiner issues the Fee Examiner Report (defined below) recommending approval of the Interim Compensation Applications in full or in part, the Court may grant an Interim Fee Application without a hearing.

i.  The Fee Examiner shall issue a letter report to each Professional listing and explaining each reduction to the Professional's fees and disbursements that the Fee Examiner recommends, and shall file a report at least seven calendar days before such hearing, which report shall disclose the consensual resolution with each Professional and each issue and amount not resolved (the "**Fee Examiner Report**").

j.  The first Interim Fee Period shall cover the month in which the Petition Date of the Commonwealth's Title III Case occurred and the four full months immediately following such month. Accordingly, the first Interim Fee Period shall cover May 3, 2017, through September 30, 2017. Each Professional must file and serve its Interim Fee Application on or

before the 45th day following the end of the applicable Interim Fee Period, with the exceptions outlined in the following schedule:

| Fee Period | First Interim<br>May 3, 2017 – September 30, 2017 | Second Interim<br>October 1, 2017 – January 31, 2018 | Third Interim<br>February 1, 2018 – May 31, 2018 | Fourth Interim<br>June 1, 2018 – September 30, 2018 |
|---|---|---|---|---|
| End of Interim Compensation Period | September 30, 2017 | January 31, 2018 | May 31, 2018 | September 30, 2018 |
| Interim Fee Applications Due | December 15, 2017 | March 19, 2018 | July 16, 2018 | November 16, 2018 |
| Initial Report to Retained Professionals | February 15, 2018 | May 18, 2018 | September 14, 2018 | January 14, 2019 |
| Final (Summary) Report Filed | February 28, 2018 (or 7 days prior to scheduled hearing date) | May 30, 2018 (or 7 days prior to scheduled hearing date) | 7 days prior to scheduled hearing date | 7 days prior to scheduled hearing date |
| Estimated Hearing Date | March 7, 2018 (Omnibus Hearing) or an earlier date as ordered by the Court | June 6, 2018 (Omnibus Hearing) or an earlier date as ordered by the Court | Mid-October | Mid-February |

k.  The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the First Amended Interim Compensation Procedures. Any Professional that fails to submit a Monthly Fee Statement or file an Interim Fee Application when due or permitted shall be ineligible to receive further interim payments of fees or reimbursement of expenses under the First Amended Interim Compensation Procedures until such time as a Monthly Fee Statement or Interim Fee Application is submitted by the Professional. There shall be no other penalties for failing to file a Monthly Fee Statement or an Interim Fee Application in a timely manner.

l.  Payment and allowance of interim fees shall not bind any party in interest or the Court with respect to the final allowance of applications for payment of compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

m. For all Professionals, any application made pursuant to PROMESA sections 316 and 317, shall be subject to Appendix B of the U.S.

6

Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013* (the "**U.S. Trustee Guidelines**").

3.    Notwithstanding anything to the contrary in this Order, this Order shall not apply to work of professionals that was customarily required outside Title III cases, excluding restructuring professionals who are performing legal, financial, or operational services for a Title III Debtor, but including, for the avoidance of doubt, professionals performing services related to the preparation of audited financial statements, and such professionals shall be exempt from the requirements of applying for Court approval of their fees and reimbursements that were customarily required outside Title III.

4.    Each member of any statutory committee is permitted to submit statements of expenses (excluding third-party professional expenses of individual committee members) and supporting vouchers to the respective committee's counsel, which counsel shall collect and submit for reimbursement in accordance with the Interim Compensation Procedures.

5.    Notice of interim and final fee applications is limited to (a) the Notice Parties (b) the Fee Examiner, and (c) all parties that have filed a notice of appearance with the Clerk of this Court, pursuant to Bankruptcy Rule 2002 and applicable provisions of the Local Rules, and requested such notice.

6.    The Notice Parties a n d t h e F e e E x a m i n e r shall receive the Monthly Fee Statements, any Interim Fee Applications, any final fee applications, and any Hearing Notices, and all other parties entitled to notice pursuant to this Order shall only receive the Hearing Notices.

7.    The amount of fees and disbursements sought shall be set out in U.S. dollars.

8.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

**Cooperation of Retained Professionals**

9.      This Order applies to all Professionals retained in these cases by the Debtors, the Government and AAFAF (as it relates to the Debtor entities in the Title III Cases), the Oversight Board (as representative of the Debtors), and the statutory committees, to the extent the professionals render services in the Title III Cases.

10.     Nothing alters or impairs the right of any party in interest in these cases to object to any applications subject to this Order.

11.     Nothing herein is intended to, shall constitute, or shall be deemed to constitute the Oversight Board's consent, pursuant to PROMESA section 305, to this Court's interference with (a) any of the political or governmental powers of the Debtors, (b) any of the property or revenues of the Debtors, or (c) the use or enjoyment of the Debtors of any income-producing property.

12.     The Debtors and the Oversight Board, as the Debtors' representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

13.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

14.     This Order resolves Docket Entry No. _____ in Case No. 17-3283.


Dated: _____, 2017


_____
THE HONORABLE JUDGLE LAURA TAYLOR SWAIN

17964723.4

8

# Exhibit B

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

~~Debtors.¹~~

| | | |
|---|---|---|
| **In re** | ) | **PROMESA** |
| | ) | **Title III** |
| | ) | |
| **THE FINANCIAL OVERSIGHT AND** | ) | **No. 17 BK 3283-LTS** |
| **MANAGEMENT BOARD FOR PUERTO RICO,** | ) | |
| | ) | **(Jointly Administered)** |
| | ) | |
| As a representative of | ) | |
| | ) | |
| **THE COMMONWEALTH OF PUERTO RICO** | ) | |
| *et al.,* | ) | |
| | ) | |
| **Debtors.**¹ | ) | |
| | ) | |

**FIRST AMENDED** ORDER SETTING PROCEDURES FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the *Motion of Debtors Pursuant to PROMESA Section 317 and Bankruptcy Code Section 105(a) for Entry of Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. 716];² and the *Urgent Motion of the*

---

¹ ~~The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808).~~

¹ The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

² Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion and the Order Further Amending Case Management Procedures [Dkt. No. 1512-1] (the "**Case Management Procedures**")..

1

*Fee Examiner to Amend the Interim Compensation Order, Including the Due Date and Hearing Date for Interim Compensation* [Dkt. No. ___] (the "**Motion**");² and, the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA sections 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors a n d   t h e   F e e   E x a m i n e r provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT:**

1.    The Motion is granted as set forth herein.

2.    All Professionals in the Title III Cases may be paid interim payment of compensation and reimbursement of expenses in accordance with the following procedures (the "**Interim Compensation Procedures**"):

   a.   On or before the 15th day of each calendar month, or as soon as practicable thereafter, each Professional may serve a statement (a "**Monthly Fee Statement**") of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, by overnight mail, on each of the following entities (collectively, the "**Notice Parties**"):

---

² Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

i.   attorneys for the Oversight Board, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, Attn: Martin J. Bienenstock, Esq. and Ehud Barak, Esq., and Proskauer Rose LLP, 70 West Madison Street, Chicago, IL 60602, Attn: Paul V. Possinger, Esq.;

ii.   attorneys for the Oversight Board, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918, Attn: Hermann D. Bauer, Esq.;

iii.   attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq., Suzzanne Uhland, Esq., and Diana M. Perez, Esq.;

iv.   the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: *In re: Commonwealth of Puerto Rico*);

v.   ~~proposed~~ attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc. A Despins, Esq.;

vi.   ~~proposed~~ attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. and Alberto J.E. Aenses Negron, Esq.;

vii.   ~~proposed~~ attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. and Richard Levin, Esq., and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. and Melissa Root, Esq.;

viii.   ~~proposed~~ attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar-Zequeira, Esq.;

ix.   counsel to any other statutory committee appointed; and

x.   the fee examiner to be retained with Court approval.

b.   Any Professional that fails to serve a Monthly Fee Statement for a particular month or months may subsequently serve a consolidated Monthly Fee Statement for such month or months. All Monthly Fee Statements shall comply with PROMESA and applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "**Local Rules**").

c. In accordance with the procedures described in subparagraph (d) below, each Notice Party may file and serve upon the Professional that filed the Monthly Fee Statement and the other Notice Parties, so as to be received on or before 4:00 p.m. (Atlantic Standard Time) on the 10th day (or the next business day if such day is not a business day) following service of the Monthly Fee Statement (the "**Objection Deadline**") any objection to the requested fees and expenses.  Upon expiration of the Objection Deadline, the Professionals that filed a Monthly Fee Statement shall provide a statement (the "**Monthly Fee Objection Statement**") to the applicable Debtor(s) and the Puerto Rico Fiscal Agency and Financial Advisory Authority, providing the calculation of the fees and reimbursement requested, any amounts that were objected to, and the amount that should be paid after the holdback described further below. Upon receipt of the Monthly Fee Objection Statement, the Debtors in whose cases such Professionals are retained and/or employed shall promptly pay, and in no event pay later than fourteen (14) calendar days after receiving the Monthly Fee Objection Statement, the Professional an amount equal to the lesser of (i) 90% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement (the "**Maximum Monthly Payment**") or (ii) the Maximum Monthly Payment less 90% of the fee portion and 100% of the expense portion thereof subject to an objection (the "**Incremental Amount**") pursuant to subparagraph (d) below; provided that, in the case of Paul Hastings LLP, as counsel for the Official Committee of Unsecured Creditors, and Zolfo Cooper, LLC, as financial advisor to the Official Committee of Unsecured Creditors, the applicable Debtors shall promptly pay, and in no event pay later than fourteen (14) calendar days after receiving the Monthly Fee Objection Statement, 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement, but such 80% of fees or 100% of expenses shall not be paid with respect to such fees or expenses that are subject to an objection pursuant to subparagraph (d) below.  The Fee Examiner (as defined below) may object to the Interim Fee Applications (as defined below) if not consensually resolved.

d. If any Notice Party wishes to object to a Professional's Monthly Fee Statement, it must (i) file a written objection (an "Objection") with the Court on or before the Objection Deadline and (ii) serve the Objection on the Professional that filed the Monthly Fee Statement and each of the other Notice Parties, so it is received by each of these parties on or before the Objection Deadline.  Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection, the affected Professional may either (i) file a request with the Court for payment of the fees and expenses subject to the Objection or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court may consider and dispose of the Objection if requested by the parties.

e.  Each Professional's initial Monthly Fee Statement shall cover the period from the Petition Date of the Commonwealth's Title III Case through the end of the full month preceding the filing date of the Monthly Fee Statement.  Thereafter, Professionals may serve Monthly Fee Statements in the manner described above.

f.  Consistent with PROMESA section 317, at four-month intervals or such other intervals convenient to the Court (the(an "**Interim Fee Period**"), each of the Professionals may file with the Court and serve on the Notice Parties an application (an "**Interim Fee Application**") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Statements, including any holdback, filed duringfor the Interim Fee Period, including any holdback pursuant to PROMESA section 317.  Each Interim Fee Application must include a brief description identifying the following:

i.  the Monthly Fee Statements subject to the request;

ii.  the amount of fees and expenses requested;

iii.  the amount of fees and expenses paid to date or subject to an Objection;

iv.  the deadline for parties other than the Notice Parties to file objections (the "**Additional Objections**") to the Interim Fee Application; and

v.  any other information requested by the Court or required by the Local Rules or the Fee Examiner in accordance with the order appointing the Fee Examiner [Dkt. No. 1416].

g.  Objections, if any, to the Interim Fee Applications shall be filed and served upon the Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or before the 20th dayat least seven days prior to a scheduled hearing on interim fee applications, as described herein (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application.

h.  The Debtors shall request that the Court shall schedule a hearing on the Interim Fee Applications at least once every six months.  The Debtors, however, may request that a hearing be held every four months or at such other intervals as the Court deems appropriatepursuant to the schedule outlined below.  The fee hearings may be held in conjunction with or separately from an Omnibus Hearing Date in the Court's discretion.   If no Objections are pending and no Additional Objections are timely filed, and if the Fee Examiner issues the Fee Examiner Report (defined below) recommending approval of the Interim Compensation

Applications in full or in part, the Court may grant an Interim Fee Application without a hearing. The hearing on the first Interim Fee Applications will take place at the December 20, 2017 omnibus hearing.

i.   If a fee examiner (the "Fee Examiner") is appointed, at least twenty days before each hearing on Interim Fee Applications, theThe Fee Examiner shall issue a letter report to each Professional listing and explaining each reduction to the Professional's fees and disbursements that the Fee Examiner recommends, and shall file a report at least fiveseven calendar days before such hearing, which report shall disclose the consensual resolution with each Professional and each issue and amount not resolved (the "**Fee Examiner Report**").

j.   The first Interim Fee Period shall cover the month in which the Petition Date of the Commonwealth's Title III Case occurred and the four full months immediately following such month.  Accordingly, the first Interim Fee Period shall cover May 3, 2017, through September 30, 2017.  Each Professional must file and serve its Interim Fee Application on or before the 45th day following the end of the applicable Interim Fee Period., with the exceptions outlined in the following schedule:

| Fee Period | First Interim May 3, 2017 – September 30, 2017 | Second Interim October 1, 2017 – January 31, 2018 | Third Interim February 1, 2018 – May 31, 2018 | Fourth Interim June 1, 2018 – September 30, 2018 |
|---|---|---|---|---|
| End of Interim Compensation Period | September 30, 2017 | January 31, 2018 | May 31, 2018 | September 30, 2018 |
| Interim Fee Applications Due | December 15, 2017 | March 19, 2018 | July 16, 2018 | November 16, 2018 |
| Initial Report to Retained Professionals | February 15, 2018 | May 18, 2018 | September 14, 2018 | January 14, 2019 |
| Final (Summary) Report Filed | February 28, 2018 (or 7 days prior to scheduled hearing date) | May 30, 2018 (or 7 days prior to scheduled hearing date) | 7 days prior to scheduled hearing date | 7 days prior to scheduled hearing date |
| Estimated Hearing Date | March 7, 2018 (Omnibus Hearing) or an earlier date as ordered by the Court | June 6, 2018 (Omnibus Hearing) or an earlier date as ordered by the Court | Mid-October | Mid-February |

k.   The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses under

the First Amended Interim Compensation Procedures. Any Professional that fails to submit a Monthly Fee Statement or file an Interim Fee Application when due or permitted shall be ineligible to receive further interim payments of fees or reimbursement of expenses under the First Amended Interim Compensation Procedures until such time as a Monthly Fee Statement or Interim Fee Application is submitted by the Professional. There shall be no other penalties for failing to file a Monthly Fee Statement or an Interim Fee Application in a timely manner.

l.   Payment and allowance of interim fees shall not bind any party in interest or the Court with respect to the final allowance of applications for payment of compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

m.  For all Professionals, any application made pursuant to PROMESA sections 316 and 317, shall be subject to Appendix B of the U.S. Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013* (the "**U.S. Trustee Guidelines**").

3.   Notwithstanding anything to the contrary in this Order, this Order shall not apply to work of professionals that was customarily required outside Title III cases, excluding restructuring professionals who are performing legal, financial, or operational services for a Title III Debtor, but including, for the avoidance of doubt, professionals performing services related to the preparation of audited financial statements, and such professionals shall be exempt from the requirements of applying for Court approval of their fees and reimbursements that were customarily required outside Title III.

4.   Each member of any statutory committee is permitted to submit statements of expenses (excluding third-party professional expenses of individual committee members) and supporting vouchers to the respective committee's counsel, which counsel shall collect and submit for reimbursement in accordance with the Interim Compensation Procedures.

5.   Notice of interim and final fee applications is limited to (a) the Notice Parties and (b) the Fee Examiner, and (c) all parties that have filed a notice of appearance with the Clerk

of this Court, pursuant to Bankruptcy Rule 2002 and applicable provisions of the Local Rules, and requested such notice.

6.     The Notice Parties and the Fee Examiner shall receive the Monthly Fee Statements, any Interim Fee Applications, any final fee applications, and any Hearing Notices, and all other parties entitled to notice pursuant to this Order shall only receive the Hearing Notices.

7.     The amount of fees and disbursements sought shall be set out in U.S. dollars.

8.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

**Cooperation of Retained Professionals**

9.     This Order applies to all Professionals retained in these cases by the Debtors, the Government and AAFAF (as it relates to the Debtor entities in the Title III Cases), the Oversight Board (as representative of the Debtors), and the statutory committees, to the extent the professionals render services in the Title III Cases.

10.     Nothing alters or impairs the right of any party in interest in these cases to object to any applications subject to this Order.

11.     Nothing herein is intended to, shall constitute, or shall be deemed to constitute the Oversight Board's consent, pursuant to PROMESA section 305, to this Court's interference with (a) any of the political or governmental powers of the Debtors, (b) any of the property or revenues of the Debtors, or (c) the use or enjoyment of the Debtors of any income-producing property.

12.     The Debtors and the Oversight Board, as the Debtors' representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

13.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

14.     This Order resolves Docket Entry No. 716 in Case No. 17-3283.

Dated:  August 23, 2017

                                                    /s/ Laura Taylor Swain

17964723.117964723.4

| Summary report: Litéra® Change-Pro TDC 10.1.0.300 Document comparison done on 10/31/2017 1:05:39 PM | |
|---|---|
| **Style name:** GKFirm | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://GKDMS2K8/Active/17964723/1 | |
| **Modified DMS:** iw://GKDMS2K8/Active/17964723/4 | |
| **Changes:** | |
| Add | 28 |
| Delete | 24 |
| Move From | 1 |
| Move To | 1 |
| Table Insert | 2 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 56 |