IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS)<br><br>(Jointly Administered) |

**INFORMATIVE MOTION OF COFINA AGENT
SUBMITTING REVISED PROPOSED ORDER**

Bettina M. Whyte, in her capacity as the Court-appointed representative (the "**COFINA Agent**") for COFINA[2] in the Commonwealth-COFINA Dispute, through her undersigned counsel, respectfully submits as follows:

On August 21, 2017, the COFINA Agent filed her *Motion Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(a) for Order: (I) Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent; (II) Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals* [Docket No. 1121] (the "**Motion**"). The Motion included a proposed order as Exhibit A (the "**Initial Proposed Order**").

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

[2]     Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

On October 25, 2017, the Court held a hearing (the "**Hearing**") and indicated that the Court would grant the Motion after certain changes were incorporated to the Initial Proposed Order.

The COFINA Agent has conferred with counsel to the Commonwealth Agent, AAFAF, the Oversight Board, and Bank of New York Mellon ("**BNYM**") and incorporated their comments to the Initial Proposed Order.  Aside from BNYM, these parties have raised no objections to the final version of the order, and no party has objected to the language relating to the two contested issues that were before the Court at the Hearing (the immunity of the COFINA Agent and the source of payment of the fees and expenses of the COFINA Agent and her professionals).  The sole disagreement is between BNYM and the Oversight Board.  The Oversight Board requested certain language in paragraph 5 that includes payment of the Oversight Board's professionals in the definition of Agent/Professional Fees (the "**Oversight Board Disputed Language**").  BNYM has argued that the Oversight Board Disputed Language was not properly before the Court as part of the Motion or the Hearing, and the Oversight Board has argued that this issue was raised in its response to the Motion [Docket No. 1272] and no party objected to this requested relief.

After multiple discussions among the COFINA Agent, BNYM and the Oversight Board, the disagreement remains between BNYM and the Oversight Board.  The COFINA Agent does not object to the inclusion of the Oversight Board Disputed Language.  Attached are orders reflecting both positions for the Court's consideration. The COFINA Agent respectfully requests that (i) if the Court agrees with the Oversight Board, the Court enter the order attached hereto as Exhibit A that includes the Oversight Board Disputed Language (the "**Oversight Board Order**"), (ii) if the Court agrees with BNYM, the Court enter the order attached hereto as

<u>Exhibit B</u> that does not include the Oversight Board Disputed Language (the "**BNYM Order**"),
or (iii) if the Court would like additional briefing on the Oversight Board Disputed Language, the
Court enter the BNYM Order and order additional briefing to assist the Court in resolving the
disagreement regarding the Oversight Board Disputed Language.

Attached hereto as <u>Exhibit C</u> is a redline reflecting the changes between the Oversight
Board Order and the BNYM Order.

Attached hereto as <u>Exhibit D</u> is a redline reflecting the changes between the Oversight
Board Order and the Initial Proposed Order.

*[The rest of this page is intentionally left blank]*

Dated: November 1, 2017          Respectfully submitted,
      New York, New York


/s/ Antonio Yanez, Jr.

Matthew A. Feldman (*pro hac vice*)
Joseph G. Minias (*pro hac vice*)
James C. Dugan (*pro hac vice*)
Antonio Yanez, Jr. (*pro hac vice*)
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Counsel to the COFINA Agent*


/s/ Nilda M. Navarro-Cabrer

Nilda M. Navarro-Cabrer
**NAVARRO-CABRER LAW OFFICES**
USDC-PR 20212
El Centro I, Suite 206
500 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Telephone:  (787) 764-9595
Facsimile:  (787) 765-7575

*Local Counsel to the COFINA Agent*


Kenneth N. Klee (*pro hac vice*)
Daniel J. Bussel (*pro hac vice*)
Jonathan M. Weiss (*pro hac vice*)
**KLEE, TUCHIN, BOGDANOFF & STERN LLP**
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067
Telephone:  (310) 407-4000
Facsimile:  (310) 407-9090

*Special Municipal Bankruptcy Counsel
to the COFINA Agent*

## **EXHIBIT A**

**Oversight Board Order**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | Case No. 17-BK-3283 (LTS) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.,* Debtors.[1] | (Jointly Administered) |

### ORDER APPROVING COFINA AGENT'S MOTION PURSUANT TO 48 U.S.C. § 2161 AND 11 U.S.C. § 105(a) FOR ORDER: (I) CONFIRMING THAT 48 U.S.C. § 2125 APPLIES TO COFINA AGENT; (II) CONFIRMING RETENTION OF LOCAL COUNSEL; AND (III) CLARIFYING PAYMENT OF FEES AND EXPENSES OF COFINA AGENT AND HER PROFESSIONALS

Upon the motion for an order: (i) confirming that the protections provided to the Oversight Board pursuant to 48 U.S.C. § 2125 apply to the COFINA Agent with respect to the COFINA Agent's execution of her duties as provided in the Stipulation and Order; (ii) approving the COFINA Agent's employment and retention of Navarro-Cabrer as local counsel; and (iii) clarifying payment of the fees and expenses of the COFINA Agent and her professionals ("**Motion**");[2] and no party having alleged or argued that the COFINA Agent or Commonwealth Agent have not acted in good faith; and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("**COFINA**") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("**HTA**") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the COFINA Agent provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required;  and the Court having reviewed the Motion and having heard argument on the Motion at a hearing held before the Court (the "**Hearing**"); and for the reasons set forth by the Court at the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having expressly found that the Puerto Rico Fiscal Agency and Financial Advisory Authority ("**AAFAF**") had standing to be heard on the Motion; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The protections of 48 U.S.C. § 2125 ("**Immunity Protections**") shall apply to the COFINA Agent, the Commonwealth Agent (together with the COFINA Agent, the "**Agents**") and their respective professionals and employees with respect to all actions of the COFINA Agent or Commonwealth Agent, as applicable, taken in good faith to carry out their duties under the Stipulation and Order; provided, however, that the foregoing shall not prohibit the Oversight Board or any other party in interest from asserting that a claim, counterclaim or defense asserted by an Agent in the Commonwealth-COFINA Dispute, or any other action of an Agent, is outside of the scope of the authority delegated by the Oversight Board to the Agents or otherwise set forth in the Stipulation and Order (a "**Scope Objection**"), and if the Court enters an order that (i) sustains a Scope Objection or (ii) otherwise rules that the Agents do not have the authority to

take an action or litigate a claim, counterclaim or defense (a "**Scope Order**"), then the Immunity

Protections shall not apply to any further actions by the Agents, their professionals or employees

to continue to litigate such claim, counterclaim or defense, except that the Immunity Protections

shall apply to any appeal of a Scope Order and to any actions taken in mediation with respect to

such claim, counterclaim or defense prior to appeals being exhausted.

3.      Nothing herein shall limit the rights, powers, and responsibilities conferred on the

Agents pursuant to the Stipulation and Order.  Nothing herein shall limit or prevent the Agents,

the Oversight Board, or AAFAF from seeking further clarification from this Court regarding the

extent or applicability of their rights, powers, and responsibilities pursuant to the Stipulation and

Order.

4.      The COFINA Agent's retention of the Navarro-Cabrer Law Offices as local

counsel is hereby approved without need for further application or order in this Court.

5.      Based on the arguments presented at the Hearing that the Agent/Professional Fees

should be paid out of the collateral purportedly pledged to COFINA bondholders because the

services of the COFINA Agent (i) serve as adequate protection for the collateral and/or (ii) are

"reasonable" and "necessary" to protect the collateral pursuant to section 506(c) of the

Bankruptcy Code, the Agent/Professional Fees shall be paid pursuant to the Interim

Compensation Order or any other order of the Court either: (a) by COFINA (from the COFINA

Custody Account (Account No. 72-0118-01-7) at Banco Popular, and Banco Popular is explicitly

authorized and instructed hereby to make such payments as instructed by COFINA) or (b) if

COFINA does not or cannot pay the Agent/Professional Fees for any reason within the time

periods required by the Interim Compensation Order or other order of the Court, by the

Commonwealth within fourteen (14) calendar days of the Commonwealth being provided with

written notice by the COFINA Agent or the affected professional that such Agent/Professional Fees have not so been paid; provided, however, that nothing in this Order shall (i) prejudice BNYM's right to seek relief from the Court with respect to adequate protection for the Agent/Professional Fees, or the Commonwealth to seek reimbursement from COFINA for any professional fees paid on COFINA's behalf or BNYM's or any other party in interest's right to object thereto, or (ii) constitute findings of fact with regard to or alter or impair any rights of BNYM under the Resolution, applicable law, or otherwise; provided, however, that any payment of the Agent/Professional Fees (including payment to the Oversight Board's professionals) from the COFINA Custody Account (Account No. 72-0118-01-7) at Banco Popular shall not be deemed to be a breach of any of the relevant COFINA bond resolutions or provision of Puerto Rico law.  Nothing herein shall be deemed or construed as an admission by the Commonwealth Agent or the COFINA Agent as to any issue in the Commonwealth-COFINA Dispute.

6.     Nothing in the Order limits the powers and authority of the Oversight Board, under any applicable law including the Stipulation and Order with respect to any of its agents and employees; and the Oversight Board, in its sole discretion, may file a motion in the form of a Scope Objection to be heard before the Court after a notice.

7.     The Court retains jurisdiction to hear and determine all matters, claims and disputes arising from or relating to implementation of this Order.

Dated: _____, 2017                    _____
San Juan, Puerto Rico                                    Hon. Laura Taylor Swain
                                                                      United States District Judge

- 4 -

# __EXHIBIT B__

**BNYM Order**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | Case No. 17-BK-3283 (LTS) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.,* Debtors.[1] | (Jointly Administered) |

## ORDER APPROVING COFINA AGENT'S MOTION PURSUANT TO 48 U.S.C. § 2161 AND 11 U.S.C. § 105(a) FOR ORDER: (I) CONFIRMING THAT 48 U.S.C. § 2125 APPLIES TO COFINA AGENT; (II) CONFIRMING RETENTION OF LOCAL COUNSEL; AND (III) CLARIFYING PAYMENT OF FEES AND EXPENSES OF COFINA AGENT AND HER PROFESSIONALS

Upon the motion for an order: (i) confirming that the protections provided to the Oversight Board pursuant to 48 U.S.C. § 2125 apply to the COFINA Agent with respect to the COFINA Agent's execution of her duties as provided in the Stipulation and Order; (ii) approving the COFINA Agent's employment and retention of Navarro-Cabrer as local counsel; and (iii) clarifying payment of the fees and expenses of the COFINA Agent and her professionals ("**Motion**");[2] and no party having alleged or argued that the COFINA Agent or Commonwealth Agent have not acted in good faith; and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("**COFINA**") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("**HTA**") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the COFINA Agent provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required;  and the Court having reviewed the Motion and having heard argument on the Motion at a hearing held before the Court (the "**Hearing**"); and for the reasons set forth by the Court at the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having expressly found that the Puerto Rico Fiscal Agency and Financial Advisory Authority ("**AAFAF**") had standing to be heard on the Motion; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The protections of 48 U.S.C. § 2125 ("**Immunity Protections**") shall apply to the COFINA Agent, the Commonwealth Agent (together with the COFINA Agent, the "**Agents**") and their respective professionals and employees with respect to all actions of the COFINA Agent or Commonwealth Agent, as applicable, taken in good faith to carry out their duties under the Stipulation and Order; provided, however, that the foregoing shall not prohibit the Oversight Board or any other party in interest from asserting that a claim, counterclaim or defense asserted by an Agent in the Commonwealth-COFINA Dispute, or any other action of an Agent, is outside of the scope of the authority delegated by the Oversight Board to the Agents or otherwise set forth in the Stipulation and Order (a "**Scope Objection**"), and if the Court enters an order that (i) sustains a Scope Objection or (ii) otherwise rules that the Agents do not have the authority to

- 2 -

take an action or litigate a claim, counterclaim or defense (a "**Scope Order**"), then the Immunity

Protections shall not apply to any further actions by the Agents, their professionals or employees

to continue to litigate such claim, counterclaim or defense, except that the Immunity Protections

shall apply to any appeal of a Scope Order and to any actions taken in mediation with respect to

such claim, counterclaim or defense prior to appeals being exhausted.

3.      Nothing herein shall limit the rights, powers, and responsibilities conferred on the

Agents pursuant to the Stipulation and Order.  Nothing herein shall limit or prevent the Agents,

the Oversight Board, or AAFAF from seeking further clarification from this Court regarding the

extent or applicability of their rights, powers, and responsibilities pursuant to the Stipulation and

Order.

4.      The COFINA Agent's retention of the Navarro-Cabrer Law Offices as local

counsel is hereby approved without need for further application or order in this Court.

5.      Based on the arguments presented at the Hearing that the Agent/Professional Fees

should be paid out of the collateral purportedly pledged to COFINA bondholders because the

services of the COFINA Agent (i) serve as adequate protection for the collateral and/or (ii) are

"reasonable" and "necessary" to protect the collateral pursuant to section 506(c) of the

Bankruptcy Code, the Agent/Professional Fees shall be paid pursuant to the Interim

Compensation Order or any other order of the Court either: (a) by COFINA (from the COFINA

Custody Account (Account No. 72-0118-01-7) at Banco Popular, and Banco Popular is explicitly

authorized and instructed hereby to make such payments as instructed by COFINA) or (b) if

COFINA does not or cannot pay the Agent/Professional Fees for any reason within the time

periods required by the Interim Compensation Order or other order of the Court, by the

Commonwealth within fourteen (14) calendar days of the Commonwealth being provided with

written notice by the COFINA Agent or the affected professional that such Agent/Professional Fees have not so been paid; provided, however, that nothing in this Order shall (i) prejudice BNYM's right to seek relief from the Court with respect to adequate protection for the Agent/Professional Fees, or the Commonwealth to seek reimbursement from COFINA for any professional fees paid on COFINA's behalf or BNYM's or any other party in interest's right to object thereto, or (ii) constitute findings of fact with regard to or alter or impair any rights of BNYM under the Resolution, applicable law, or otherwise; provided, however, that any payment of the Agent/Professional Fees from the COFINA Custody Account (Account No. 72-0118-01-7) at Banco Popular shall not be deemed to be a breach of any of the relevant COFINA bond resolutions or provision of Puerto Rico law.  Nothing herein shall be deemed or construed as an admission by the Commonwealth Agent or the COFINA Agent as to any issue in the Commonwealth-COFINA Dispute.

6.      Nothing in the Order limits the powers and authority of the Oversight Board, under any applicable law including the Stipulation and Order with respect to any of its agents and employees; and the Oversight Board, in its sole discretion, may file a motion in the form of a Scope Objection to be heard before the Court after a notice.

7.      The Court retains jurisdiction to hear and determine all matters, claims and disputes arising from or relating to implementation of this Order.

Dated: _____, 2017                    _____
San Juan, Puerto Rico                          Hon. Laura Taylor Swain
                                               United States District Judge

- 4 -

## **EXHIBIT C**

**Redline of Oversight Board Order Against BNYM Order**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>          as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br>          Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS)<br><br>(Jointly Administered) |

**ORDER APPROVING
COFINA AGENT'S MOTION PURSUANT TO
48 U.S.C. § 2161 AND 11 U.S.C. § 105(a) FOR ORDER: (I) CONFIRMING
THAT 48 U.S.C. § 2125 APPLIES TO COFINA AGENT; (II) CONFIRMING
RETENTION OF LOCAL COUNSEL; AND (III) CLARIFYING PAYMENT
OF FEES AND EXPENSES OF COFINA AGENT AND HER PROFESSIONALS**

Upon the motion for an order: (i) confirming that the protections provided to the

Oversight Board pursuant to 48 U.S.C. § 2125 apply to the COFINA Agent with respect to the

COFINA Agent's execution of her duties as provided in the Stipulation and Order; (ii) approving

the COFINA Agent's employment and retention of Navarro-Cabrer as local counsel; and

(iii) clarifying payment of the fees and expenses of the COFINA Agent and her professionals

("**Motion**");[2] and no party having alleged or argued that the COFINA Agent or Commonwealth

Agent have not acted in good faith; and the Court having found it has subject matter jurisdiction

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("**COFINA**") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("**HTA**") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the COFINA Agent provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required;  and the Court having reviewed the Motion and having heard argument on the Motion at a hearing held before the Court (the "**Hearing**"); and for the reasons set forth by the Court at the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having expressly found that the Puerto Rico Fiscal Agency and Financial Advisory Authority ("**AAFAF**") had standing to be heard on the Motion; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The protections of 48 U.S.C. § 2125 ("**Immunity Protections**") shall apply to the COFINA Agent, the Commonwealth Agent (together with the COFINA Agent, the "**Agents**") and their respective professionals and employees with respect to all actions of the COFINA Agent or Commonwealth Agent, as applicable, taken in good faith to carry out their duties under the Stipulation and Order; provided, however, that the foregoing shall not prohibit the Oversight Board or any other party in interest from asserting that a claim, counterclaim or defense asserted by an Agent in the Commonwealth-COFINA Dispute, or any other action of an Agent, is outside of the scope of the authority delegated by the Oversight Board to the Agents or otherwise set forth in the Stipulation and Order (a "**Scope Objection**"), and if the Court enters an order that (i)

- 2 -

sustains a Scope Objection or (ii) otherwise rules that the Agents do not have the authority to take an action or litigate a claim, counterclaim or defense (a "**Scope Order**"), then the Immunity Protections shall not apply to any further actions by the Agents, their professionals or employees to continue to litigate such claim, counterclaim or defense, except that the Immunity Protections shall apply to any appeal of a Scope Order and to any actions taken in mediation with respect to such claim, counterclaim or defense prior to appeals being exhausted.

3.      Nothing herein shall limit the rights, powers, and responsibilities conferred on the Agents pursuant to the Stipulation and Order. Nothing herein shall limit or prevent the Agents, the Oversight Board, or AAFAF from seeking further clarification from this Court regarding the extent or applicability of their rights, powers, and responsibilities pursuant to the Stipulation and Order.

4.      The COFINA Agent's retention of the Navarro-Cabrer Law Offices as local counsel is hereby approved without need for further application or order in this Court.

5.      Based on the arguments presented at the Hearing that the Agent/Professional Fees should be paid out of the collateral purportedly pledged to COFINA bondholders because the services of the COFINA Agent (i) serve as adequate protection for the collateral and/or (ii) are "reasonable" and "necessary" to protect the collateral pursuant to section 506(c) of the Bankruptcy Code, the Agent/Professional Fees shall be paid pursuant to the Interim Compensation Order or any other order of the Court either: (a) by COFINA (from the COFINA Custody Account (Account No. 72-0118-01-7) at Banco Popular, and Banco Popular is explicitly authorized and instructed hereby to make such payments as instructed by COFINA) or (b) if COFINA does not or cannot pay the Agent/Professional Fees for any reason within the time periods required by the Interim Compensation Order or other order of the Court, by the

Commonwealth within fourteen (14) calendar days of the Commonwealth being provided with written notice by the COFINA Agent or the affected professional that such Agent/Professional Fees have not so been paid; provided, however, that nothing in this Order shall (i) prejudice BNYM's right to seek relief from the Court with respect to adequate protection for the Agent/Professional Fees, or the Commonwealth to seek reimbursement from COFINA for any professional fees paid on COFINA's behalf or BNYM's or any other party in interest's right to object thereto, or (ii) constitute findings of fact with regard to or alter or impair any rights of BNYM under the Resolution, applicable law, or otherwise; provided, however, that any payment of the Agent/Professional Fees **(including payment to the Oversight Board's professionals)** from the COFINA Custody Account (Account No. 72-0118-01-7) at Banco Popular shall not be deemed to be a breach of any of the relevant COFINA bond resolutions or provision of Puerto Rico law.  Nothing herein shall be deemed or construed as an admission by the Commonwealth Agent or the COFINA Agent as to any issue in the Commonwealth-COFINA Dispute.

6.     Nothing in the Order limits the powers and authority of the Oversight Board, under any applicable law including the Stipulation and Order with respect to any of its agents and employees; and the Oversight Board, in its sole discretion, may file a motion in the form of a Scope Objection to be heard before the Court after a notice.

7.     The Court retains jurisdiction to hear and determine all matters, claims and disputes arising from or relating to implementation of this Order.

Dated: _____, 2017
San Juan, Puerto Rico

_____
Hon. Laura Taylor Swain
United States District Judge

# **EXHIBIT D**

**Redline of Oversight Board Order Against Initial Proposed Order**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS)<br><br>(Jointly Administered) |

**ORDER APPROVING
COFINA AGENT'S MOTION PURSUANT TO
48 U.S.C. § 2161 AND 11 U.S.C. § 105(a) FOR ORDER: (I) CONFIRMING
THAT 48 U.S.C. § 2125 APPLIES TO COFINA AGENT; (II) CONFIRMING
RETENTION OF LOCAL COUNSEL; AND (III) CLARIFYING PAYMENT
OF FEES AND EXPENSES OF COFINA AGENT AND HER PROFESSIONALS**

Upon the motion for an order: (i) confirming that the protections provided to the
Oversight Board pursuant to 48 U.S.C. § 2125 apply to the COFINA Agent with respect to the
COFINA Agent's execution of her duties as provided in the Stipulation and Order; (ii) approving
the COFINA Agent's employment and retention of Navarro-Cabrer as local counsel; and
(iii) clarifying payment of the fees and expenses of the COFINA Agent and her professionals
("**Motion**");[2] and **no party having alleged or argued that the COFINA Agent or
Commonwealth Agent have not acted in good faith; and** the Court having found it has subject

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a
bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax
identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK
3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation
("**COFINA**") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii)
Puerto Rico Highways and Transportation Authority ("**HTA**") (Bankruptcy Case No. 17 BK 3567-LTS)
(Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of
the Commonwealth of Puerto Rico ("**ERS**") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of
Federal Tax ID: 9686).

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the
Motion.

matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that

venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief

requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in

interest; and the Court having found that the COFINA Agent provided adequate and appropriate

notice of the Motion under the circumstances and that no other or further notice is required;  and

the Court having reviewed the Motion and having heard ~~statements in support of~~**argument on**

the Motion at a hearing held before the Court (the "**Hearing**")**; and for the reasons set forth by**

**the Court at the Hearing**; and the Court having determined that the legal and factual bases set

forth in the Motion and at the Hearing establish just cause for the relief granted herein; and **the**

**Court having expressly found that the Puerto Rico Fiscal Agency and Financial Advisory**

**Authority ("AAFAF") had standing to be heard on the Motion; and** any objections to the

relief requested herein having been withdrawn or overruled on the merits; and after due

deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The protections of 48 U.S.C. § 2125 **("Immunity Protections")** shall apply to the

COFINA Agent ~~and her~~**, the Commonwealth Agent (together with the COFINA Agent, the**

**"Agents") and their respective professionals and** employees with respect to **all actions of** the

COFINA ~~Agent's execution of her~~**Agent or Commonwealth Agent, as applicable, taken in**

**good faith to carry out their** duties under the Stipulation and Order~~.~~**; provided, however, that**

**the foregoing shall not prohibit the Oversight Board or any other party in interest from**

**asserting that a claim, counterclaim or defense asserted by an Agent in the**

**Commonwealth-COFINA Dispute, or any other action of an Agent, is outside of the scope**

**of the authority delegated by the Oversight Board to the Agents or otherwise set forth in**

the Stipulation and Order (a "Scope Objection"), and if the Court enters an order that (i) sustains a Scope Objection or (ii) otherwise rules that the Agents do not have the authority to take an action or litigate a claim, counterclaim or defense (a "Scope Order"), then the Immunity Protections shall not apply to any further actions by the Agents, their professionals or employees to continue to litigate such claim, counterclaim or defense, except that the Immunity Protections shall apply to any appeal of a Scope Order and to any actions taken in mediation with respect to such claim, counterclaim or defense prior to appeals being exhausted.

3.      Nothing herein shall limit the rights, powers, and responsibilities conferred on the ~~COFINA Agent~~Agents pursuant to the Stipulation and Order.  Nothing herein shall limit or prevent the ~~COFINA Agent~~Agents, the Oversight Board, or AAFAF from seeking further clarification from this Court regarding the extent or applicability of ~~her~~their rights, powers, and responsibilities pursuant to the Stipulation and Order.

4.      The COFINA Agent's retention of the Navarro-Cabrer Law Offices as local counsel is hereby approved without need for further application or order in this Court.

5.      ~~The~~Based on the arguments presented at the Hearing that the Agent/Professional Fees should be paid out of the collateral purportedly pledged to COFINA bondholders because the services of the COFINA Agent (i) serve as adequate protection for the collateral and/or (ii) are "reasonable" and "necessary" to protect the collateral pursuant to section 506(c) of the Bankruptcy Code, the Agent/Professional Fees shall be paid pursuant to the Interim Compensation Order or any other order of the Court either: (a) by COFINA (~~or, at COFINA's request, BNYM);~~from the COFINA Custody Account (Account No. 72-0118-01-7) at Banco Popular, and Banco Popular is explicitly authorized

**and instructed hereby to make such payments as instructed by COFINA)** or (b) if COFINA ~~or BNYM do~~**does** not or cannot pay the Agent/Professional Fees for any reason within the time periods required by the Interim Compensation Order or other order of the Court, by the Commonwealth within ~~five~~**fourteen** (~~5~~**14**) ~~business~~**calendar** days of the Commonwealth being provided with written notice by the COFINA Agent or the affected professional that such Agent/Professional Fees have not so been paid~~.~~**; provided, however, that nothing in this Order shall (i) prejudice BNYM's right to seek relief from the Court with respect to adequate protection for the Agent/Professional Fees, or the Commonwealth to seek reimbursement from COFINA for any professional fees paid on COFINA's behalf or BNYM's or any other party in interest's right to object thereto, or (ii) constitute findings of fact with regard to or alter or impair any rights of BNYM under the Resolution, applicable law, or otherwise; provided, however, that any payment of the Agent/Professional Fees (including payment to the Oversight Board's professionals) from the COFINA Custody Account (Account No. 72-0118-01-7) at Banco Popular shall not be deemed to be a breach of any of the relevant COFINA bond resolutions or provision of Puerto Rico law. Nothing herein shall be deemed or construed as an admission by the Commonwealth Agent or the COFINA Agent as to any issue in the Commonwealth-COFINA Dispute.**

**6.    Nothing in the Order limits the powers and authority of the Oversight Board, under any applicable law including the Stipulation and Order with respect to any of its agents and employees; and the Oversight Board, in its sole discretion, may file a motion in the form of a Scope Objection to be heard before the Court after a notice.**

**7.**    ~~6.~~The Court retains jurisdiction to hear and determine all matters, claims and disputes arising from or relating to implementation of this Order.

Dated: _____, 2017
San Juan, Puerto Rico

_____
Hon. Laura Taylor Swain
United States District Judge