Hearing Date: November 15, 2017

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------- x
                                                                          :
In re:                                                                    :
                                                                          :
THE FINANCIAL OVERSIGHT AND                         :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                   :   Title III
                                                    :
    as representative of                           :   Case No. 17-BK-3283 (LTS)
                                                    :
THE COMMONWEALTH OF PUERTO RICO, *et al.*,          :   (Jointly Administered)
                                                    :
    Debtors.[1]                                     :   Re: ECF No. 1514
------------------------------------------------------------------------- x

## OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO URGENT MOTION OF FINANCIAL GUARANTY INSURANCE COMPANY REGARDING PROPOSED 90-DAY STAY OF ALL LITIGATION TO FACILITATE RECOVERY FROM HURRICANES IRMA AND MARIA

To the Honorable United States District Court Judge Laura T. Swain:

The Official Committee of Unsecured Creditors of all title III Debtors (other than COFINA) (the "Committee") hereby submits its objection (the "Objection") to the *Urgent Motion of Financial Guaranty Insurance Company Regarding Proposed 90-Day Stay of All Litigation to Facilitate the Recovery from Hurricanes Irma and Maria* [Docket No. 1514] (the "Stay Motion"), and respectfully represents as follows:

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

**Objection**

1. The Committee fully understands and shares many of the concerns expressed by FGIC[2] regarding the devastating impact of Hurricanes Irma and Maria on the island of Puerto Rico. However, the Committee—whose constituency includes thousands of general unsecured creditors living in Puerto Rico and still struggling daily with the effects of these devastating hurricanes—does not support the global stay requested in the Stay Motion (the "Global Stay"), as such a stay is not in the public interest and would needlessly delay the resolution of purely legal issues, which are integral to formulating plans of adjustment that will allow Puerto Rico, as a whole, to emerge from these title III cases in an improved financial position.

A. Relevant Considerations

2. "Generally, courts have the discretionary power to stay an action in the interest of justice and efficiency." *Total Petroleum Puerto Rico Corp. v. T.C. Oil Corp.*, No. CV 09-1105 (JP), 2010 WL 11545626, at *1 (D.P.R. May 7, 2010). "When and how to stay proceedings is within the sound discretion of the trial court." *Id.* The First Circuit has explained that the decision to grant or deny a stay of proceedings is a "situation-specific task" that requires the court to balance competing interests and carefully consider "the idiosyncratic circumstances of the case before it." *Microfinancial, Inc. v. Premier Holidays Intern., Inc.*, 385 F.3d 72, 78 (1st Cir. 2004). The First Circuit has identified seven factors that "typically bear" on a court's determination of whether to grant a stay, five of which are relevant to the instant Stay Motion.[3]

---

[2] Capitalized terms used but not otherwise defined herein shall the meanings ascribed to them in the Stay Motion.

[3] *Id.* As the First Circuit has recognized, these are the factors that are "typically" relevant—not all will be relevant in all circumstances, as the specific factors that are relevant will depend on the circumstances in which the request for a stay arises. For example, "the convenience of both the civil and criminal courts" is obviously not a factor in these title III cases, and nor does the Committee question "the good faith of [FGIC] (or the absence of it)" in bringing the Stay Motion.

2

- the interests of the civil plaintiff in proceeding expeditiously with the civil litigation, including the avoidance of any prejudice to the plaintiff should a delay transpire;

- the hardship to the defendant;

- the interests of third parties;

- the public interest; and

- the status of the cases.

*Id.* In applying these factors the "touchstone" of any determination of whether to grant a discretionary stay is whether "the interests of justice counsel in favor of such a course." *Id.*

B. <u>Relevant Considerations Require Denial of Requested Global Stay</u>

3. Each of the relevant factors identified by the First Circuit militates against the Global Stay. First and foremost, both the Oversight Board and the government of Puerto Rico oppose the Global Stay. They have a strong interest in proceeding expeditiously with their title III cases. Indeed, as both the Oversight Board and AAFAF have explained in their respective objections to the Stay Motion, the Global Stay would—to the detriment of all parties (including FGIC)—imperil Puerto Rico's recovery and, therefore, its ability to attain fiscal responsibility and access to the capital markets. FGIC, in contrast, has not explained the hardship it would face if the Stay Motion was not granted. On the limited issue of the harm to the residents of Puerto Rico if the Global Stay is not granted, the Committee does not believe that it is in a position to second guess the judgment of the Oversight Board and AAFAF.

4. The public interest also favors denying the Global Stay. The residents of Puerto Rico are faced with a need to recover from two historic and calamitous events—an unprecedented fiscal crisis and unprecedented damage from Hurricanes Irma and Maria. However, the damages from the hurricanes makes it more imperative than ever that Puerto Rico be able to successfully emerge from these title III cases, as it will be more likely to be in a

3

position to attract the investment needed to rebuild Puerto Rico if it emerges promptly from the title III cases. Moreover, a month after the hurricanes there is no reason to believe that recovery efforts have been slowed down by the ongoing title III cases, or that the Global Stay requested by FGIC would aid Puerto Rico's recovery efforts. To the contrary, the Oversight Board and the government of Puerto Rico have publicly and repeatedly stated that the Global Stay is not in the best interests of the residents of Puerto Rico.

5. Finally, the status of the cases favors denying the Global Stay. There are numerous disputed matters presently before the court that, depending on how they are resolved, will shape the course of the title III cases and any plan of adjustment. Many of these currently pending matters have been, or shortly will be, fully briefed, and/or involve purely legal matters presenting limited or no questions of fact. There is simply no need for, or benefit from, the Global Stay as applied to these important legal issues.

C. Committee Supports Limited, Case-by-Case Stay

6. While the Committee believes that the Global Stay is unnecessary, the Committee also believes that certain individual matters should be postponed or stayed on a case by case basis to take account of the devastating impact of Hurricanes Irma and Maria on the island of Puerto Rico. *See Microfinancial*, 385 F.3d at 78 (noting that "each instance" of a stay "is sui generis"). For example, as the court is aware, the Oversight Board has already withdrawn its bar date motion until some "later date when the conditions in the Commonwealth have improved."[4] The Committee believes that this is exactly the kind of relief that should not be pursued for several months until, at the very least, it can be ensured that the thousands of general unsecured creditors in Puerto Rico could even receive notice of a bar date motion.

---

[4] See *Notice of Withdrawal, Without Prejudice, of Debtors' Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice* [Docket No. 1442].

4

WHEREFORE, the Committee respectfully requests that the court deny the Stay Motion's request for a global stay.

Dated: November 2, 2017
      San Juan, Puerto Rico

/s/ G. Alexander Bongartz

PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
Andrew V. Tenzer *(Pro Hac Vice)*
Michael E. Comerford, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
andrewtenzer@paulhastings.com
michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

- and -

/s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*