**Hearing Date:** November 15, 2017, 9:30 a.m.

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

----------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

[*Caption continued on next page*]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808).

---------------------------------------------------------------x

NATIONAL PUBLIC FINANCE GUARANTEE
CORPORATION, *et al.*

  Movants,

v.

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO

  as representative of

THE COMMONWEALTH OF PUERTO RICO,

  Respondents.

PROMESA
Title III

**Re: ECF No. 1177**

---------------------------------------------------------------x

AD HOC GROUP OF GENERAL OBLIGATION
BONDHOLDERS, ASSURED GUARANTY CORP.,
AND THE MUTUAL FUND GROUP,

  Movants,

v.

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO

  as representative of

THE COMMONWEALTH OF PUERTO RICO,

  Respondents.

PROMESA
Title III

**Re: ECF No. 1178**

---------------------------------------------------------------x

AMBAC ASSURANCE CORPORATION,

  Movants,

v.

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO

  as representative of

THE COMMONWEALTH OF PUERTO RICO,

  Respondents.

PROMESA
Title III

**Re: ECF No. 1283**

---------------------------------------------------------------x

GROUP OF SECURED CREDITORS OF THE
EMPLOYEES RETIREMENT SYSTEM OF THE
COMMONWEALTH OF PUERTO RICO,

    Movants,

v.

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO

    as representative of

THE COMMONWEALTH OF PUERTO RICO,

    Respondents.

-----------------------------------------------------------------x

PROMESA
Title III

**Re: ECF No. 1340**

**UNOPPOSED URGENT JOINT MOTION OF DEBTORS AND AAFAF IN SUPPORT OF THEIR MOTION TO FILE A JOINT SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEBTORS' OMNIBUS OBJECTION TO MOTIONS FOR ORDERS AUTHORIZING RULE 2004 DISCOVERY**

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS" and together with the Commonwealth, COFINA, and HTA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") respectfully move this Court for an order allowing the Debtors and AAFAF to file a joint supplemental memorandum (the "Proposed Supplemental Memorandum") in further support of "Debtors' Omnibus Objection to Motions for Orders Authorizing Rule 2004 Discovery" (the "Omnibus Objection"),[3] "Debtors' Objection to the ERS Bondholders' Motion for Proposed Joinder to Rule 2004 Motions" (the "Joinder Objection"),[4] and "The Puerto Rico Fiscal Agency and Financial Advisory Authority

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

[3] *See* ECF No. 1345. The Omnibus Objection opposes (i) the "Motion of National Public Finance Guarantee Corporation ["National"] for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Discovery" [ECF No. 1177] (the "National Motion"); (ii) the "Joint Motion by the Ad Hoc Group of General Obligation Bondholders [the "Ad Hoc Group"], Assured Guaranty Corp., Assured Guaranty Municipal Corp., and the Mutual Fund Group [together with the Ad Hoc Group, the "GO Group"] for Order Authorizing Rule 2004 Examination" [ECF No. 1178] (the "GO Motion"); and (iii) "Ambac Assurance Corporation's ["Ambac"] Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004" [ECF No. 1283] (the "Ambac Motion") (the "National Motion," the "GO Motion," and the "Ambac Motion" are collectively referred to as the "Rule 2004 Motions").

[4] *See* ECF No. 1380. The Joinder Objection opposes the "ERS Secured Creditors Joinder to Rule 2004 Motions" [ECF No. 1340] (the "Joinder Motion"). The Joinder Motion movants are referred to as the "ERS Bondholders." National, the GO Group, Ambac, and the ERS Bondholders are collectively referred to as the "Movants." The Rule 2004 Motions and the Joinder Motion are collectively referred to as the "Motions."

1

Joinder to Debtor's Omnibus Objection to Motions for Orders Authorizing Rule 2004 Discovery" ("AAFAF's Objection")[5].

As set forth more fully in the Proposed Supplemental Memorandum of Law, Debtors seek leave to supplement the record before the Court in connection with the Rule 2004 Motions in light of events that transpired subsequent to the Debtors submitting their Omnibus Objection on September 19, 2017. These subsequent events include,

(i) the catastrophic effects of Hurricanes Maria and Irma on Puerto Rico, its citizens, and its economy, resulting in the Oversight Board's public announcement on October 31, 2017, that the Fiscal Plan would be revised and the Oversight Board would certify a new Fiscal Plan or recommend revisions by February 23, 2018. The Rule 2004 Motions seek, in material part, the revenue and expense projections underlying the existing Fiscal Plan and any plan of adjustment that would emanate from it; and

(ii) the determination by Assured Guaranty Corp., Assured Guaranty Municipal Corp., and National Public Finance Guarantee Corporation to withdraw the adversary proceeding (*Assured Guaranty Corp., et al. v. Commonwealth of Puerto Rico, et al.*, Adv. Proc. No. 17-00125 (Bankr. D. P.R.) (the "125 Proceeding")). The Debtors referred the 125 Proceeding in asserting its "pending proceeding" argument in opposition to the Rule 2004 Motions but, as demonstrated in the Proposed Supplemental Memorandum, the argument remains in full force despite the withdrawal of the 125 Proceeding.

During a meet and confer on October 31, 2017, counsel for the Oversight Board and AAFAF advised Movants as to the two issues they proposed to raise in a Proposed Supplemental Memorandum. After discussion, counsel for the parties agreed that Movants would not object to the Oversight Board filing a motion by 3:00 p.m. (EDT) on November 3, requesting permission from the Court to file a supplemental brief of less than six pages,

---

[5] *See* ECF No. 1582.

2

to which Movants could include their response in their reply to the Omnibus Objection scheduled to be filed on November 7, 2017.

WHEREFORE, Debtors and AAFAF respectfully request that leave to file the Proposed Supplemental Memorandum be granted, and such other relief as is just and proper.

| | |
|---|---|
| Dated: November 3, 2017<br>      San Juan, Puerto Rico<br><br>*/s/ Peter Friedman*<br><br>John J. Rapisardi<br>Suzzanne Uhland<br>(Admitted *Pro Hac Vice*)<br>**O'MELVENY & MYERS LLP**<br>7 Times Square<br>New York, NY 10036<br>Tel: (212) 326-2000<br>Fax: (212) 326-2061<br><br>Peter Friedman<br>(Admitted *Pro Hac Vice*)<br>1625 Eye Street, NW<br>Washington, DC 20006<br>Tel: (202) 383-5300<br>Fax: (202) 383-5414<br><br>Elizabeth L. McKeen<br>(Admitted *Pro Hac Vice*)<br>610 Newport Center Drive<br>17th Floor<br>Newport Beach, California 92660<br>Tel: (949) 823-6900<br>Fax: (949) 823-6994<br><br>*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*<br><br>*/s/ Andrés W. López*<br>Andrés W. López | Respectfully submitted,<br><br>*/s/ Timothy W. Mungovan*<br>Martin J. Bienenstock<br>Stephen L. Ratner<br>Timothy W. Mungovan<br>Paul V. Possinger<br>(Admitted *Pro Hac Vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*<br><br>*/s/ Hermann D. Bauer*<br>Hermann D. Bauer (USDC No. 215205)<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors* |

3

| | |
|---|---|
| USDC No. 215311 **THE LAW OFFICES OF ANDRÉS W. LÓPEZ, P.S.C.** 902 Fernández Juncos Ave. San Juan, PR 00907 Tel: (787) 294-9508 Fax: (787) 294-9519 *Co-Attorney for the Puerto Rico Fiscal Agency and Financial Advisory Authority* | |

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**
-----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[6]
-----------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

[*Caption continued on next page*]

---

[6] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808).

```
-----------------------------------------------------------------x
```
| | |
|---|---|
| NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, *et al.* | PROMESA<br>Title III |
| Movants, | **Re: ECF No. 1177** |
| v. | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, | |
| Respondents. | |

```
-----------------------------------------------------------------x
```
| | |
|---|---|
| AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS, ASSURED GUARANTY CORP., AND THE MUTUAL FUND GROUP, | PROMESA<br>Title III |
| Movants, | |
| v. | **Re: ECF No. 1178** |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, | |
| Respondents. | |

```
-----------------------------------------------------------------x
```
| | |
|---|---|
| AMBAC ASSURANCE CORPORATION, | |
| Movants, | PROMESA<br>Title III |
| v. | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | **Re: ECF No. 1283** |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, | |
| Respondents. | |

```
-----------------------------------------------------------------x
```

GROUP OF SECURED CREDITORS OF THE
EMPLOYEES RETIREMENT SYSTEM OF THE
COMMONWEALTH OF PUERTO RICO,

    Movants,

v.

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO

    as representative of

THE COMMONWEALTH OF PUERTO RICO,

    Respondents.

-----------------------------------------------------------------x

PROMESA
Title III

**Re: ECF No. 1340**

# DEBTORS' AND AAFAF'S JOINT PROPOSED SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEBTORS' OMNIBUS OBJECTION TO MOTIONS FOR ORDERS AUTHORIZING RULE 2004 DISCOVERY [7]

---

[7] Unless otherwise defined herein, capitalized terms in this Proposed Supplemental Memorandum are defined in the accompanying Urgent Joint Motion and in the Omnibus Objection.

Debtors and AAFAF respectfully submit this joint Proposed Supplemental Memorandum to inform the Court of materially changed circumstances since the filing of the Omnibus Objection, which constitute additional reasons, in addition to those set forth in the Omnibus Objection and AAFAF's Objection, why the Court should deny the Rule 2004 Motions.

## PRELIMINARY STATEMENT

Debtors filed the Omnibus Objection on September 19, 2017.[8] On September 20, 2017, Hurricane Maria made landfall in Puerto Rico, devastating the island, its people and its economy. After Hurricane Irma skirted the island on September 7, one-million Puerto Ricans had lost power. In the wake of Hurricane Maria, however, 90% of the island was left without power and, as late as October 26, approximately 75% of Puerto Ricans did not have electricity and 20% did not have reliable access to water.[9] In its motion filed with the Court on September 25, 2017, AAFAF provided a full description of the hurricanes' catastrophic impact on Puerto Rico and its efforts to restructure its debts under PROMESA. Rather than duplicate that presentation, Debtors incorporate and respectfully refer the Court to AAFAF's submission.[10]

---

[8] The Joinder Objection was filed on September 29, 2017 and AAFAF's Objection was filed on October 31, 2017. The Omnibus Objection, the Joinder Objection, and AAFAF's Objection are collectively referred to as the "Objections."

[9] *See, NY Governor Visits Puerto Rico, Pledges Power, Water Aid*, N.Y. TIMES, Oct. 26, 2017, available at https://www.nytimes.com/aponline/2017/10/26/world/americas/ap-cb-puerto-rico-hurricane-maria.html (last visited on Nov. 2, 2017).

[10] *See* Urgent Informative Motion Regarding the Impact of Hurricane Maria and Proceeding Within These Title III Cases, filed on Sept. 25, 2017, ECF No. 1360 at 2-6.

As a result of Hurricanes Irma and Maria, the Oversight Board announced publicly on October 31, 2017 that it would be necessary to revise the Fiscal Plan and certify a new Fiscal Plan by February 23, 2018, or recommend revisions toward that goal. The Oversight Board's Executive Director stated:

> The fiscal and structural reforms approved by the Board in the Fiscal Plan certified March 13 were ambitious and would have required unprecedented levels of effort by the Commonwealth, but would have enabled Puerto Rico to achieve fiscal responsibility and renewed access to capital markets . . . . Hurricanes Maria and Irma have fundamentally changed Puerto Rico's reality and the revised Fiscal Plan must take that new reality into account.[11]

In embarking on this process, the Oversight Board has expressly provided for public input into the development of a revised plan for certification, and has scheduled three "listening sessions" over the next month.[12]

In the face of this fundamentally changed circumstance, the Rule 2004 Motions, devoted in material part to obtaining discovery into the existing Fiscal Plan in furtherance of Movants' efforts to challenge the Plan and any proposed plan of adjustment emanating from it, are requesting stale data. Revenue projections will have to be adjusted in light of factors such as business interruption, impaired revenue and tax collection, and increased out-migration. Expense projections must factor in developments such as the cost to the Commonwealth of the hurricanes and right-sizing necessitated by out-migration. For that reason, as well as the other reasons set forth in the Omnibus Objection, they should be

---

[11] *See Oversight Board Announces Certification Process for Revised Fiscal Plans*, Oct. 31, 2017, available at https://juntasupervision.pr.gov/wp-content/uploads/wpfd/49/59f89d677482f.pdf (last visited on Nov. 2, 2017).

[12] *See Fiscal Plan Revision Process*, available at https://juntasupervision.pr.gov/wp-content/uploads/wpfd/50/59f892e3ce7f4.pdf (last visited on Nov. 2, 2017) (describing timeline for public engagement leading to certification of new Fiscal Plan).

2

denied.

Additionally, several weeks after Debtors filed the Omnibus Objection, plaintiffs in the 125 Proceeding voluntarily dismissed that proceeding, without prejudice.[13] As demonstrated below, despite plaintiffs in the 125 Proceeding having dismissed that case, the pending proceeding rule and Rule 2004 jurisprudence still operate to bar the National Motion under Rule 2004 because its original filing demonstrates plaintiffs had sufficient facts to develop their causes of action.

## ARGUMENT

### I. THE DISCOVERY SOUGHT IS IRRELEVANT AND MOOT GIVEN THE NEED FOR A REVISED FISCAL PLAN

Because "Hurricanes Maria and Irma have fundamentally changed Puerto Rico's reality and the revised Fiscal Plan must take that new reality into account,"[14] the revenue and expense projections sought by the Rule 2004 Motions will be different than those underlying the revised Fiscal Plan.

The Rule 2004 Motions, by their very terms, go to the revenue and expenses of the existing Fiscal Plan. As an example, the GO Group states that its motion "seeks an examination of documents and key witnesses concerning the projections in the Fiscal Plan, which will no doubt form the basis of any plan of adjustment, and the Commonwealth's

---

[13] *See* Notice of Voluntary Dismissal Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and Fed. R. Bankr. P. 7041, ECF No. 108. *See also* Order Dismissing Adversary Proceeding Without Prejudice, Oct. 10, 2017, ECF No. 109.

[14] *See* n. 11.

3

fiscal health in general." GO Motion at 2.[15] Indeed, nearly all of the discovery requests attached to the Rule 2004 Motions either directly reference the existing Fiscal Plan or seek information related to Commonwealth revenues or expenditures that are components of the Fiscal Plan.

However, as the Oversight Board's October 31 public announcement made plain, the fiscal "reality" that existed before the hurricanes and which animated the Fiscal Plan simply no longer exist. Even under the broadest interpretations of Rule 2004, good cause clearly does not exist for commencing burdensome and expensive discovery related to a Fiscal Plan that is in the process of being revised. Movants' argument, as articulated during the October 31 meet and confer that they need to understand the methodologies that went into the soon-to-be superseded Fiscal Plan to evaluate the new Fiscal Plan is plainly contrived as formulas to project revenue and expenses may well change in light of devastating events, and is not legitimate, especially when PROMESA § 106(e) bars challenges in the first place.

While the legal issues raised by Movants in their pending adversary proceedings are threshold issues requiring resolution regardless of how the data changes, the data being requested is outdated. Moreover, the government's and Oversight Board's accommodation of the judicial mediators' requests to put government data and answers to hundreds of creditor questions in a data room available to Movants serves little purpose if

---

[15] *See also* GO Motion at 8 ("By this Motion, Movants seek an examination, pursuant to Bankruptcy Rule 2004, of categories of documents and testimony relating to the support for the numerous projections in the Fiscal Plan . . . ."); Omnibus Objection at 26, 31-32, quoting Ambac Motion, Schedule A, Request No. 9 ("All documents, communications, studies, and/or analyses concerning the Oversight Board's decision to certify the Fiscal Plan."); GO Motion, Request Nos. 10 and 16.

4

the Rule 2004 Motions continue to be prosecuted. In light of the fundamentally changed fiscal reality facing Puerto Rico, the related need to avoid accrual of all unnecessary legal fees and expenses, and all the arguments set forth in the Objections, the Rule 2004 Motions should be denied.[16]

## II. THE DISMISSAL OF THE 125 PROCEEDING DOES NOT AFFECT THE MOTIONS

Since the Omnibus Objection was filed, the National/Assured Group withdrew the 125 Proceeding without prejudice. Although the Omnibus Objection relies on the pending proceeding rule and Rule 2004 jurisprudence in arguing the Rule 2004 Motions should be denied, Debtors' argument remains fully intact despite plaintiffs' withdrawal of the 125 Proceeding which was just one of several adversary proceedings that remain pending.[17]

As set forth in the Omnibus Objection, Rule 2004 is designed to permit discovery *before* a litigant knows its cause of action or defenses so that it can investigate potential claims and determine whether to bring an adversary proceeding. *See In re Noone v. St. Cyr (In Re Noone)*, 188 B.R. 710, 713 (Bankr. D. Mass. 1995).

Having filed the 125 Proceeding, the National/Assured Group already identified their causes of action and "theory of the case" – that they can seize control of the Commonwealth's restructuring by nullifying certified fiscal plans at the outset. Their strategic decision, in the wake of Hurricanes Maria and Irma, to withdraw the proceeding *without prejudice*, does not alter the fact that they have identified their claims and

---

[16] The Debtors and AAFAF maintain that, based on the arguments made in the Objections, the Movants would not be entitled to the Rule 2004 discovery even if the current certified Fiscal Plan remained in place.

[17] *See* Omnibus Objection at 17-26.

5

intentions, which they are free to reassert at will.[18] The essential purpose of Rule 2004 disclosure is thus absent. Indeed, to permit the plaintiffs in the 125 Proceeding to circumvent the pending proceeding rule simply by withdrawing their adversary proceedings without prejudice, conducting Rule 2004 discovery, and then relaunching their adversary proceeding, would make a mockery of the pending proceeding rule.[19]

In any event, as addressed in the Omnibus Objection (at 8, n.17), the National/Assured Group are still plaintiffs in another pending adversary proceeding, *Assured Guaranty Corp. v. Commonwealth of Puerto Rico*, Adv. Proc. No. 17-00155-LTS, 17-001156-LTS, which similarly implicates the discovery sought by the National Motion, and for this additional reason, the pending proceeding rule requires dismissal of the Rule 2004 Motions.

*[Remainder of Page Intentionally Left Blank]*

---

[18] Indeed, in a recent press release Assured stated that "If insufficient progress is made in developing a new fiscal plan that complies with PROMESA and respects Assured Guaranty's constitutional, statutory and contractual rights, Assured Guaranty will refile the lawsuit at an appropriate time." Press Release, Assured Guaranty Corp., Assured Guaranty Withdraws Complaint Against Puerto Rico's Fiscal Plan (Oct. 6, 2017), *available at* http://assuredguaranty.newshq.businesswire.com/press-release/other/assured-guaranty-withdraws-complaint-against-puerto-ricos-fiscal-plan (last visited on Nov. 2, 2017). New projections do not alter Debtors' and AAFAF's beliefs as to how to respect all Assured Guaranty's rights. We regret that Assured withdrew its complaint after the Oversight Board's motion to dismiss was fully briefed and scheduled for argument. After all the expense had been incurred, it declined to allow the Court to rule on its legal positions. Had it lost, the Rule 2004 discovery would serve no purpose.

[19] Motions. *See* Omnibus Objection at 8 n.17.

6

WHEREFORE the Debtors and AAFAF respectfully request the Court (a) deny the National Motion, (b) deny the GO Motion, (c) deny the Ambac Motion, (d) deny the Joinder Motion, and (e) grant such other relief as is just and proper.

Dated: November 3, 2017
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Timothy W. Mungovan*
Martin J. Bienenstock
Stephen L. Ratner
Timothy W. Mungovan
Paul V. Possinger
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/ Hermann D. Bauer*
Hermann D. Bauer (USDC No. 215205)
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/ Peter Friedman*
John J. Rapisardi
Suzzanne Uhland
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

Peter Friedman
(Admitted *Pro Hac Vice*)
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414

Elizabeth L. McKeen
(Admitted *Pro Hac Vice*)
610 Newport Center Drive
17th Floor
Newport Beach, California 92660
Tel: (949) 823-6900
Fax: (949) 823-6994

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

*/s/ Andrés W. López*
Andrés W. López (USDC No. 215311)
**THE LAW OFFICES OF ANDRÉS W. LÓPEZ, P.S.C.**
902 Fernández Juncos Ave.
San Juan, PR 00907
Tel: (787) 294-9508
Fax: (787) 294-9519

*Co-Attorney for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

7