UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, et al., | (Jointly Administered) |
| Debtors.[1] | |

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 4780-LTS |
| | **This order relates to PREPA and shall be filed in the lead Case No. 17 BK 3283-LTS and Case No. 17 BK 4780-LTS** |
| PUERTO RICO ELECTRIC POWER AUTHORITY, | |
| Debtor. | |

------------------------------------------------------------x

MEMORANDUM ORDER DENYING MOTION OF PV PROPERTIES, INC.
REGARDING AUTOMATIC STAY (DOCKET ENTRY NO. 332)

Before the Court is a motion filed by PV Properties, Inc. ("Movant") for a

determination that a proceeding commenced by Movant on March 3, 2017, before the Energy

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Commission of the Commonwealth of Puerto Rico ("PREC") against the Puerto Rico Electric Power Authority ("PREPA"), captioned <u>PV Properties, Inc. v. Autoridad de Energia de Puerto Rico</u>, Case No. CEPR-QR-2017-0001 (the "PREC Proceeding"), is not subject to the automatic stay imposed by 11 U.S.C. § 362(a) pursuant to Section 301 of PROMESA or, alternatively, for relief from the automatic stay. (Case No. 17-4780, docket entry no. 332, Motion Regarding Relief from Stay 11 USCS § 362(b)(4) (the "Motion").) For the reasons explained below, the motion is denied in its entirety.

<u>BACKGROUND</u>

On March 3, 2017, Movant commenced the PREC Proceeding, seeking a determination that PREPA violated Puerto Rico's Public Policy on Energy Diversification by Means of Sustainable and Alternative Renewable Energy in Puerto Rico Act (the "Renewable Energy Act") by failing to purchase Renewable Energy Certificates ("RECs") offered by Movant. (Appendix 1 & 2 to Motion, docket entry no. 332 at 1.) Movant also sought an order requiring PREPA to purchase all offered RECs at the price specified by Movant. (Motion ¶¶ 2, 15-17; <u>see</u> <u>also</u> Appendix 1 to Motion, docket entry no. 332 at 1.) The Renewable Energy Act requires electricity suppliers to comply with a Renewable Portfolio Standard ("RPS") which mandates that a specified percentage of the suppliers' energy come from renewable sources. (<u>Id.</u> ¶ 12.) Movant is not the only enterprise that offers RECs for sale. (<u>Id.</u> ¶ 15.)

On March 23, 2017, PREPA moved to dismiss the PREC Proceeding, arguing that PREC lacked jurisdiction to consider Movant's violation claims, and that PREC could not proceed properly on Movant's administrative complaint because PREC had not yet issued regulations concerning RECs. PREC denied PREPA's motion to dismiss, holding that it has

primary and exclusive jurisdiction of proceedings asserting violations of Puerto Rico's public energy policy and mandates. (See Appendix 1 to Motion, docket entry no. 332 at 7-9.) PREC determined that the question of whether it could address Movant's complaint without first issuing regulations is substantive rather than jurisdictional. (Id. at 7-9.) PREC ordered the parties to brief a number of specific issues relevant to its ability to act in the absence of regulations, as well as issues going to the merits of PV's claims. (Id. at 8-9.)

On July 12, 2017, following the commencement of PREPA's Title III proceeding, PREPA filed a notice with PREC asserting that the PREC Proceeding is subject to the automatic stay. (See Motion ¶ 2.) On September 13, 2011, PREC rejected PREPA's notice, issuing a Resolution and Order in which it declared that the PREC Proceeding furthers the Commonwealth's public policy concerning the RPS, and finding that the Proceeding falls within the automatic stay exception of 11 U.S.C. § 362(b)(4). (See Appendix 2 to Motion, docket entry no. 332-2.) Section 362(b)(4), made applicable in these proceedings by section 301 of PROMESA, 48 U.S.C. § 2161, provides that the "filing of a [bankruptcy] petition does not operate as a stay . . . of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power. . . ." 11 U.S.C. § 362(b)(4) (LexisNexis 2009 & Supp. 2017). PREC concluded that the PREC Proceeding is exempted under section 362(b)(4) because PREC has enforcement authority over mandatory Renewable Energy Act standards and goals. Although PREC acknowledged that Movant seeks "a determination that PREPA should purchase certain Renewable Energy Certificates at a set price," PREC characterized the Proceeding's "main controversy" as the issue of whether actions to enforce the RPS can go forward in the absence of regulations. In support, PREC cited "an underlying and compelling public interest in clarifying

and determining the scope and applicability" of the relevant provisions of the Renewable Energy Act. (See Appendix 2 to Motion, docket entry no. 332-2 at 4-5.) Thus, according to PREC, the "primary purpose" of the PREC Proceeding is to determine whether the Act "is currently and readily enforceable." (Id.)

One week after PREC's Resolution and Order was issued, Hurricane Maria devastated Puerto Rico, completely disabling its power grid. PREPA has since been engaged in efforts to restore power to the inhabitants of Puerto Rico. Movant initiated this motion practice on October 4, 2017, requesting that this Court adopt PREC's conclusion concerning section 362(b)(4) or, in the alternative, grant relief from the automatic stay for cause pending resolution of the PREC Proceeding. PREPA opposes the motion.

DISCUSSION

Police Power/Regulatory Exception from the Automatic Stay

Movant concedes that PREC's interpretation of section 362(b)(4) does not bind this Court, but argues that PREC's interpretation was correct. Accordingly, the Court first addresses the question of whether the automatic stay applies to the PREC Proceeding. The section 362(b)(4) automatic stay exception "discourages debtors from submitting bankruptcy petitions either primarily or solely for the purpose of evading impending governmental efforts to invoke the governmental police powers to enjoin or deter ongoing debtor conduct which would seriously threaten the public safety and welfare (*e.g.*, environmental and/or consumer protection regulations)." In re McMullen, 386 F.3d 320, 324-25 (1st Cir. 2004). The section 362(b)(4) exception "is to be narrowly construed." Id. at 324. By its plain language, the exception applies only to "an action or proceeding by a governmental unit." See 11 U.S.C. § 362(b)(4). It is undisputed that Movant commenced the PREC Proceeding, and that PREC is not a party to that

Proceeding. PREC has not taken over prosecution of the Proceeding, and it seeks no relief in the Proceeding. Movant contends that the stay is nonetheless inapplicable because PREC, a governmental body, has "continued" the proceeding by denying PREPA's motion to dismiss and ordering the parties to brief various issues. (See Motion ¶ 12.)

The First Circuit has recognized that a governmental proceeding commenced by a private party can come within the section 362(b)(4) exception under certain circumstances, and applies "two interrelated, fact-dominated inquiries—the so-called 'public policy' and 'pecuniary purpose' tests—for assessing whether a particular governmental proceeding comes within the section 362(b)(4) exception." McMullen, 386 F.3d at 325. "These inquiries contemplate that the bankruptcy court, after assessing the totality of the circumstances, determine whether the particular regulatory proceeding at issue is designed primarily to protect the public safety and welfare, *or* represents a governmental attempt to recover from property of the debtor estate, whether on its own claim, or on the nongovernmental debts of private parties." Id.

Application of these standards to the PREC Proceeding leads this Court to the conclusion that the section 362(b)(4) exception is not applicable here. Notwithstanding PREC's characterization of the Proceeding as one focused on the clarification of the scope of PREC's own regulatory powers, Movant's claims in the PREC Proceeding clearly and exclusively focus on its interest in a determination that PREPA is obligated to purchase Movant's commodities. Movant has not requested an abstract determination of the circumstances under which PREC can exercise its regulatory powers; to the contrary, the issue of whether PREC can act on Movant's complaint was raised by PREPA by way of a jurisdictional defense. Thus, while PREC's interest in the issues raised by the Proceeding goes to public energy policy and the scope of its own regulatory powers, the PREC Proceeding is primarily designed to impose financial obligations

on PREPA, the debtor, in favor of the Movant, which is a private party. Furthermore, the public policy issue identified in PREC's Resolution and Order—clarification of the scope of its general authority to promote compliance with Puerto Rico's RPS—is not an issue implicating "ongoing debtor conduct which would seriously threaten the public safety and welfare." Cf. McMullen, 386 F.3d at 325. The PREC Proceeding, viewed in light of the totality of the circumstances, thus fails to meet both the "public policy" and "pecuniary interest" prongs of the McMullen test and is not exempt from the automatic stay under section 362(b)(4).

Relief from the Automatic Stay for "Cause"

The Court next turns to Movant's alternative request for relief from the automatic stay. 11 U.S.C. § 362(d)(1), made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay for cause. To determine whether cause exists to lift the bankruptcy stay, courts in this district examine the factors enumerated by the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e,g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant motion are the following factors identified by the Sonnax court: "whether relief would result in a partial or complete resolution of the issues," "the interests of judicial economy and the expeditious and economical resolution of litigation," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

Movant has not demonstrated that the Sonnax criteria weigh in its favor with respect to the continuation of the PREC Proceeding. Continuation of the PREC Proceeding, which is in its initial stages, would not necessarily result in an expeditious resolution of Movant's claims. Indeed, even Movant concedes that the PREC Proceeding cannot move

forward to a determination of any obligation on PREPA's part to purchase Movant's RECs at a price demanded prior to Hurricane Maria; thus, the requested relief from the automatic stay would not result in a complete or materially significant partial resolution of Movant's claims against PREPA. For the same reasons, relief from stay to continue the PREC Proceeding would not serve the interests of judicial economy or the economical resolution of Movant's dispute with PREPA. Furthermore, the continuation of the PREC Proceeding would prejudice PREPA at a time when its resources are particularly constrained by requiring the expenditure of PREPA resources and diverting attention from the reconstruction of PREPA's electrical grid, which was destroyed by Hurricane Maria in September 2017. The hardship of the demands on PREPA's resources at a time when it must focus on the restoration of power to the vast majority of Puerto Rico's residents and businesses and formulate appropriate energy policies going forward far outweighs the burden on Movant that may result from the deprivation of a ruling that might give it a future business advantage. Thus, Movant has not demonstrated that the harm from delaying the PREC Proceeding outweighs the burden on PREPA that would arise from recommencing the Proceeding.

Accordingly, the Court concludes that Movant has neither demonstrated that the section 362(b)(4) exception to the automatic stay applies, nor shown that cause exists to lift the automatic stay and allow the PREC Proceeding to move forward. Movant's motion for relief from the automatic stay is denied.

<u>CONCLUSION</u>

For the foregoing reasons, Movant's motion is denied and the automatic stay continues in place. <u>See</u> 11 U.S.C. §§ 362(a). This Memorandum Order resolves docket entry no. 332 in case no. 17-4780.

SO ORDERED.

Dated: November 3, 2017

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge