**Hearing Date:** January 10, 2018, at 11:00 a.m.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br><br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### STATEMENT OF THE AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS IN SUPPORT OF OBJECTION AND MOTION OF AURELIUS TO DISMISS TITLE III PETITION

The Ad Hoc Group of General Obligation Bondholders (the "GO Group")[2] respectfully submits this statement in support of the *Objection and Motion of Aurelius to Dismiss Title III Petition* (Dkt. 913) (the "Appointments Clause Motion" or "Motion"), and states as follows:

1. The members of the GO Group are beneficial owners of a substantial amount of general obligation bonds issued by the Commonwealth and bonds issued by certain of the Commonwealth's public corporations and guaranteed by the Commonwealth.

---

[1] The Debtors in these title III cases (collectively, the "Title III Cases"), along with each Debtor's respective Title III Case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III Case numbers are listed as bankruptcy case numbers due to software limitations).

[2] This statement is not submitted on behalf of Aurelius Capital Management, LP, or any of its managed entities.

2. The GO Group supports the Appointments Clause Motion. As set forth in the Motion, the members of the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") are officers of the United States and were not appointed in compliance with the Appointments Clause of the United States Constitution. Consequently, as set forth in the Motion, the Commonwealth's Title III case was not validly initiated.

3. A determination that the members of the Oversight Board were not appointed in compliance with the Appointments Clause would not necessarily invalidate PROMESA,[3] but rather would give the President the full discretion (subject to Senate confirmation) to select the best people for the job in light of the circumstances as they presently exist. Whether they are the same people, new people, or a combination of the two would be for the President to decide. The GO Group is hopeful that application of the constitutionally enshrined procedure of presidential appointment and Senate confirmation will result in the selection of Oversight Board members who are best equipped to work with all stakeholders to address the serious challenges facing Puerto Rico today, which are very different from the ones Puerto Rico faced at the time the Oversight Board was constituted.

4. Moreover, given this Court's authority to stay the effect of a judgment of dismissal for a reasonable period of time to permit the nomination and confirmation of new members of the Oversight Board, an order granting the Appointments Clause Motion need not cause any undue disruption of the broader process contemplated by PROMESA. See, *e.g.*, *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 88-89 (1982) (ordering "limited stay" of judgment invalidating certain jurisdictional provisions of the Bankruptcy Act of 1978, in order to "afford Congress an opportunity to reconstitute the bankruptcy courts or to

---

[3] The Puerto Rico Oversight, Management, and Economic Stability Act, Pub. L. No. 114-187, 130 Stat. 549 (2016), codified at 48 U.S.C. §§ 2101-2241.

2

adopt other valid means of adjudication, without impairing the interim administration of the bankruptcy laws").

Dated: November 3, 2017

/s/ Ramón Rivera Morales
J. Ramón Rivera Morales
USDC-PR Bar No. 200701
Andrés F. Picó Ramírez
USDC-PR Bar No. 302114
JIMÉNEZ, GRAFFAM & LAUSELL
P.O. Box 366104
San Juan, PR 00936
Telephone: (787) 767-1030
Facsimile: (787) 751-4068
Email: rrivera@jgl.com

Respectfully submitted,

/s/ Mark T. Stancil
Lawrence S. Robbins (admitted *pro hac vice*)
Gary A. Orseck (admitted *pro hac vice*)
Kathryn S. Zecca (admitted *pro hac vice*)
Mark T. Stancil (admitted *pro hac vice*)
Ariel N. Lavinbuk (admitted *pro hac vice*)
Donald Burke (admitted *pro hac vice*)
ROBBINS, RUSSELL, ENGLERT, ORSECK,
UNTEREINER & SAUBER LLP
1801 K Street, N.W., Suite 411-L
Washington, DC 20006
Telephone: (202) 775-4500
Facsimile: (202) 775-4510
Email: mstancil@robbinsrussell.com

/s/ Andrew N. Rosenberg
Andrew N. Rosenberg (admitted *pro hac vice*)
Richard A. Rosen (admitted *pro hac vice*)
Walter Rieman (admitted *pro hac vice*)
Kyle J. Kimpler (admitted *pro hac vice*)
Karen R. Zeituni (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: arosenberg@paulweiss.com

*Counsel to the Ad Hoc Group of General Obligation Bondholders*