**Hearing Date:** November 15, 2017, 9:30 a.m.

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

        Debtors.[1]

----------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## STATUS REPORT OF THE DEBTORS, AAFAF AND RETIREE COMMITTEE REGARDING CREDITORS' COMMITTEE RULE 2004 MOTION

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808).

To the Honorable United States Magistrate Judge Judith Gail Dein:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS" and together with the Commonwealth, COFINA, and HTA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] (ii) the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), (iii) the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "Retiree Committee"), (iv) Santander Securities LLC, Santander Asset Management LLC and Banco Santander Puerto Rico (together, "Santander"), and (v) Popular, Inc., Popular Securities LLC and Banco Popular de Puerto Rico (together, "Popular")[3] respectfully submit this joint status report (the "Joint Status Report") regarding the "Motion of Official Committee of Unsecured Creditors for Order, Under Bankruptcy Rule 2004, Authorizing Discovery Program with Respect to Certain Causes of Puerto Rico Financial Crisis" [ECF No. 706] (the "Motion"), as directed by the Court's October 19, 2017 "Order for Joint Status Reports Regarding Motions for Order Authorizing Rule 2004 Examinations" [ECF No. 1471].

The Parties report as follows:

**Procedural Report**

On July 21, 2017, the Official Committee of Unsecured Creditors (the "Creditors' Committee") filed the Motion seeking entry of an order, pursuant to Fed. R. Bankr. P. 2004,

---

[2]   PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

[3]   The Debtors, Oversight Board, AAFAF, Retiree Committee, Santander, and Popular are collectively referred to as the "Parties."

1

allowing the Creditors' Committee "to pursue a program of investigation with respect to certain

causes of the Puerto Rico financial crisis . . . ."  Motion at 1.  On July 28, 2017, the Retiree

Committee filed "The Official Committee of Retired Employees of the Commonwealth of Puerto

Rico's Objections to the Motion of Official Committee of Unsecured Creditors for Order, Under

Bankruptcy Rule 2004, Authorizing Discovery Program with Respect to Certain Causes of Puerto

Rico Financial Crisis" [ECF No. 806] (the "Retiree Committee Objection").

On July 28, 2017, Santander filed the "Objection of Santander Securities LLC, Santander

Asset Management LLC and Banco Santander Puerto Rico to Motion of Official Committee of

Unsecured Creditors for Order, Under Bankruptcy Rule 2004, Authorizing Discovery Program

with Respect to Certain Causes of Puerto Rico Financial Crisis" [ECF No. 808] (the "Santander

Objection").  On July 31, 2017, AAFAF filed the "Objection of AAFAF to the Motion of the

Official Committee of Unsecured Creditors for Order, Under Bankruptcy Rule 2004, Authorizing

Discovery Program with Respect to Certain Causes of Puerto Rico Financial Crisis" [ECF No.

825] and the related Request for Judicial Notice [ECF No. 827] (the "AAFAF Objection").

On, August 3, 2017, the Debtors filed the "Objection of Debtors to Motion of Official

Committee of Unsecured Creditors for Order, Under Bankruptcy Rule 2004, Authorizing

Discovery Program with Respect to Certain Causes of Puerto Rico Financial Crisis" [ECF No.

859] (the "Debtors' Objection").  On August 4, 2017, Popular filed the "Limited Joinder of

Popular, Inc., Popular Securities LLC, and Banco Popular de Puerto Rico to the Debtors'

Objection to the Committee's Bankruptcy Rule 2004 Motion" [ECF No. 890] (the "Popular

Objection").[4]  On August 18, 2017, the Creditors' Committee filed the "Omnibus Reply of Official

---

[4]    The Retiree Committee Objection, Santander Objection, AAFAF Objection, Debtors' Objection, and Popular
       Objection are collectively referred to as the "Objections."

Committee of Unsecured Creditors to Various Objections and Responses to Committee Motion for

Order, Under Bankruptcy Rule 2004, Authorizing Discovery Program with Respect to Certain

Causes of Puerto Rico Financial Crisis" [ECF No. 1080].  The matter is scheduled to be heard at

the Omnibus Hearing on November 15, 2017 at 9:30 a.m.[5]

On October 31, 2017, the Parties and Creditors' Committee met and conferred to discuss

the Motions, Objections and this Joint Status Report.  The Parties and Creditors' Committee have

not resolved this dispute.  During the meet and confer, counsel for the Parties and the Creditors'

Committee agreed that this Joint Status Report would contain a substantive section outlining for

the Court the points of contention.  Despite agreeing to provide a status update similar to the ones

provided by the Retiree Committee, Debtors, AAFAF and Popular below, the Creditors'

Committee proposed submitting a ten page document that amounts to a supplemental brief further

arguing the Motion, which is not what the Court requested.  Counsel for the Debtors informed

counsel for the Creditors' Committee that it should provide a status report, not a brief.  The

Creditors' Committee declined, and filed a separate statement with the Court.  The Debtors object

to the Creditors' Committee's unilateral statement, and ask the Court to disregard it.  In the event

the Court accepts the Creditors' Committee's separate statement, the Debtors reserve the right to

request an opportunity to respond.

The substantive report follows below:

**<u>Substantive Report</u>**

<u>Retiree Committee</u>:

The Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the

"<u>Retiree Committee</u>") position continues to be that everyone is better served if the Oversight

---

[5]   *See* ECF No. 1381.

Board, the Creditor's Committee, and the Retiree Committee coordinate their discovery efforts but with the understanding that such efforts will be led by the Special Investigation Committee of the Financial Oversight and Management Board for Puerto Rico (the "Special Investigation Committee").  Such an approach will ensure a robust investigation while minimizing duplication of efforts and administrative costs.  To that end, the Retiree Committee and the Special Investigation Committee have entered into a Confidentiality, Cooperation, and Non-Disclosure Agreement (the "Common Interest Agreement").  Pursuant to the Common Interest Agreement, the Special Investigation Committee will share with the Retiree Committee materials and information learned and obtained in the course of the Special Investigation Committee's investigation.  The Retiree Committee would urge the Creditors' Committee to adopt a similar approach.

The Debtors/AAFAF:

The Debtors and AAFAF maintain their position that good cause does not exist under Rule 2004 for the conduct of the investigation proposed by the Creditors' Committee for the reasons set forth in the Debtors' Objection and the AAFAF Objection, including the fact that an independent investigation regarding the same subject matter is already significantly underway at the behest of the Oversight Board's Special Investigation Committee.[6]  In its first interim report, the independent investigator, Kobre & Kim LLP[7] (the "Independent Investigator"), stated:

---

[6] The Special Investigation Committee of the Oversight Board includes Ana J. Matosantos, David A. Skeel, and Judge Arthur J. Gonzales, and is charged with pursuing investigations of disclosure and selling practices in connection with bond issuances by the Commonwealth under authority granted to the Oversight Board by PROMESA section 104(o) and other authority granted under PROMESA. *See Independent Investigator's First Interim Report*, Oct. 30, 2017, available at https://juntasupervision.pr.gov/wp-content/uploads/wpfd/50/59f751d7658d2.pdf (last visited Nov. 2, 2017) ("First Interim Report").

[7]  The Creditors' Committee has inquired about John Couriel's prior work for Banco Santander Puerto Rico as an associate at Davis Polk.  For the Court's benefit, in 2005, Mr. Couriel met Mr. Garcia and Mr. Gonzalez when Mr. Couriel was a second-year associate at Davis Polk.  At that time, Davis Polk represented Banco Santander Puerto Rico in a matter that did not involve the issuance of debt by any governmental agency.  Mr. Couriel had not

➢ In the initial days of its engagement, the Independent Investigator collected and reviewed voluminous documents and materials related to the bond offerings and the Commonwealth of Puerto Rico Fiscal Plan, including, by way of example, the March 13, 2017 Commonwealth of Puerto Rico Fiscal Plan, the March 7, 2017 Financial Bridge Analysis prepared by EY, other documents prepared by the Oversight Board's professionals concerning debt issuances by the Debtors, and a preliminary review of all of the offering statements for debt issuances since 1990.[8]

➢ The Independent Investigator has also met with counsel for various interested parties, including the Official Committee of Retired Employees of the Commonwealth of Puerto Rico and the Official Committee of Unsecured Creditors.[9]

➢ The Independent Investigator has identified potential witnesses, subjects, and targets, and causes of action, and is working to preserve relevant evidence.[10]

➢ As of this writing, approximately 79 witnesses have responded to confirm that they have implemented preservation measures. With the vast majority of these respondents, the Independent Investigator has had substantive discussions about prioritizing materials for production. In many cases, those discussions have already yielded production of easily-identifiable materials relevant to the Independent Investigator's work.[11]

➢ In addition to the Informal Investigative measures described above, pursuant to the Investigative Subpoenas Resolution, the Independent Investigator issued subpoenas on October 27, 2017 to Popular, Inc., Popular Securities, LLC, and Banco Popular de Puerto Rico.[12]

Given the substantial progress made in the investigation being conducted by the

Independent Investigator, the Debtors hoped to resolve the Motion prior to the return date. Toward

that end, the Independent Investigator contacted counsel for both the Retiree Committee and

Creditors' Committee in attempts to reach agreements for (1) coordination (e.g. counsel for the

---

spoken to either Mr. Garcia or Mr. Gonzalez in the intervening 12 years. Prior to Kobre & Kim's engagement in this matter, Mr. Couriel had met no other members of the Oversight Board.

[8]   First Interim Report at 7, ¶ 19.

[9]   *Id.* at 7, ¶ 21.

[10]  *Id.* at 8, ¶ 23.

[11]  *Id.* at 8, ¶ 26.

[12]  *Id.* at 9, ¶ 28.

Retiree Committee and Creditors' Committee being present at depositions), and (2) the exchange of information obtained during the investigation, and provided draft non-disclosure agreements to counsel for both the Retiree Committee and Creditors' Committee.

As noted above, the Retiree Committee and the Special Investigation Committee have entered into the Common Interest Agreement to govern the sharing of information between the Special Investigation Committee and the Retiree Committee.  Counsel for the Retiree Committee also has indicated that the Retiree Committee (i) will wait until the conclusion of the Independent Investigator's investigation and the review of all related reports to determine if any additional investigatory work is necessary, and (ii) believes that the conduct of a parallel investigation by the Creditors' Committee would be an unnecessary waste of legal fees and Commonwealth resources. On the other hand, counsel for the Creditors' Committee has indicated that it is not interested in coordination and information sharing, is intent on proceeding with the Motion, and seeks to pursue its own program of investigation on the subject matter currently under examination by the Independent Investigator.  AAFAF has cooperated with the Independent Investigator and intends to continue doing so.  AAFAF believes that it is essential to avoid duplicative expenses and professional fees that will strain Puerto Rico's liquidity.

Debtors maintain that the Motion should be denied for all the reasons stated within Debtors' Objection, the AAFAF Objection, and the above substantive report.

Popular:

Popular maintains their position that any investigation should be conducted by the Independent Investigator alone, with coordination between the Independent Investigator, the Creditors' Committee, and the Retiree Committee.  A coordinated investigation performed by the Independent Investigator ensures that the Commonwealth's creditor constituencies are provided

6

with necessary information, preserves the Commonwealth's critically important resources,

prevents unnecessary duplication of efforts, and avoids subjecting Popular and others to the undue

burdens and expenses associated with multiple, overlapping investigations.

* * *

The Parties look forward to appearing before the Court to address the issues raised in the

Motion.  By filing this Joint Status Report, the Parties do not waive or release any rights.


*[Remainder of Page Intentionally Left Blank]*

Dated: November 3, 2017
San Juan, Puerto Rico

Respectfully submitted,

/s/ Timothy W. Mungovan
Martin J. Bienenstock
Stephen L. Ratner
Timothy W. Mungovan
Paul V. Possinger
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

/s/ Peter Friedman
John Rapisardi
Suzzanne Uhland
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

Peter Friedman
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414

*Attorneys for the Puerto Rico Fiscal Agency
and Financial Advisory Authority*

/s/ Andrés W. López
Andrés W. López
USDC No. 215311
**THE LAW OFFICES OF ANDRÉS W.
LÓPEZ, P.S.C.**
902 Fernández Juncos Ave.
San Juan, PR 00907
Tel: (787) 294-9508
Fax: (787) 294-9519

*Co-Attorneys for the Puerto Rico Fiscal Agency
and Financial Advisory Authority*

*/s/ Robert Gordon*
Robert Gordon
Richard Levin
(Admitted *Pro Hac Vice*)
**JENNER & BLOCK LLP**
919 Third Ave
New York, NY 10022-3908
Tel: (212) 891-1600
Fax: (212) 891-1699

Catherine Steege
Melissa Root
(Admitted *Pro Hac Vice*)
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
Fax: (312) 239-5199

*/s/ A.J. Bennazar-Zequeira*
A.J. Bennazar-Zequeira
**BENNAZAR, GARCÍA & MILIÁN, C.S.P.**
Edificio Union Plaza
PH-A piso 18
Avenida Ponce de León #416
Hato Rey, San Juan
Puerto Rico 00918
Tel: (787) 754-9191
Fax: (787) 764-3101

*Counsel for the Official Committee of Retired
Employees of Puerto Rico*

*/s/ Juan R. Rivera Font*
JUAN R. RIVERA FONT
USDC-PR No. 221703
**JUAN R RIVERA FONT, LLC**
27 González Giusti Ave.
Office 602
Guaynabo, PR 00968
Tel: (787) 751-5290
Fax: (787) 751-6155

*Attorneys for Santander Securities LLC,
Santander Asset Management LLC and Banco
Santander Puerto Rico*

Andrew W. Stern (*pro hac vice* pending)
Nicholas P. Crowell (admitted *pro hac vice*)
Alex R. Rovira (*pro hac vice* pending)
James Heyworth (*pro hac vice* pending)
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, New York 10019
Tel: (212) 839-5300
Fax: (212) 839-5599

*Co-Attorneys for Santander Securities LLC,
Santander Asset Management LLC and Banco
Santander Puerto Rico*

9

*/s/ John T. Dorsey*

James L. Patton (*admitted pro hac vice*)
Robert S. Brady (*admitted pro hac vice*)
John T. Dorsey (*admitted pro hac vice*)
**YOUNG CONAWAY STARGATT**
**& TAYLOR, LLP**
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Attorney for Popular, Inc., Popular Securities*
*LLC, and Banco Popular de Puerto Rico*

Angélica Toro-Lavergne
USDC-PR Bar No. 214804
Popular Center-9th Floor
209 Muñoz Rivera Ave.
San Juan, P.R. 00918
Tel. (787) 753-1017
Fax (787) 754-4984

*Co-Attorneys for Popular, Inc., Popular*
*Securities LLC, and Banco Popular de Puerto*
*Rico*