Hearing Date and Time: January 10, 2018 at 11:00 a.m. AST

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-bk-03283 (LTS)<br><br>(Jointly Administered) |

## OBJECTION OF THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO TO MOTION OF AURELIUS FOR RELIEF FROM THE AUTOMATIC STAY

The Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") respectfully submits its opposition to the Motion of Aurelius For Relief From The Automatic Stay [Dkt. No. 914] (the "**Stay Motion**").

### INTRODUCTION

Aurelius's Stay Motion asks this Court to sanction its filing of a second lawsuit in a different court that duplicates exactly the constitutional challenges Aurelius is making in its pending motion to dismiss these Title III cases. Although it finally acknowledges on the

---

[1] The Debtors in these jointly-administered PROMESA title III cases (these "**Title III Cases**"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric and Power Authority (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747).

penultimate page of its Motion that "[t]o be sure, a favorable ruling for Aurelius in a separate action would more than 'conceivably have an effect' on the Title III proceeding," Aurelius nonetheless claims that all it is asking for is this Court's advice that if it were to file a second suit in another court it would not be in violation of the automatic stay. (Mot. 2, 26.) Ironically, Aurelius's request for an advisory opinion—or a "comfort order" as Aurelius describes it—is itself seeking unconstitutional relief. *See, e.g.*, *Golden v. Zwickler*, 394 U.S. 103, 108 (1969).

Alternatively, Aurelius contends that cause exists to modify the automatic stay because the "[Financial Management and Oversight] Board is unconstitutional." (Mot. 11.) But that is the very same question that Aurelius has put before this Court in its motion to dismiss. Indeed, Aurelius's Stay Motion repeats almost verbatim the very same arguments it advances in its motion to dismiss. Aurelius has not explained, nor can it credibly do so, why it needs to launch a parallel, duplicative lawsuit that may lead to inconsistent decisions and will certainly impose more expense on the Commonwealth's already fragile economy. By granting creditors the right to move for dismissal of a Title III case, Congress plainly intended that challenges to a Title III filing would occur in the court where the case was pending. 28 U.S.C. §304(b); *see also* §306(a)(1) (granting the district court original and exclusive jurisdiction over all cases under this title). Aurelius has taken advantage of that provision by filing its motion to dismiss. It is not entitled to stay relief so that it can hedge its bets by forum shopping for another court in which to present its claims. Aurelius's Motion should be denied.

## ARGUMENT

### I. Aurelius Is Not Entitled To An Advisory Opinion.

Aurelius is not entitled to an advisory opinion from this Court for two reasons. *First*, assuming Aurelius is correct and the automatic stay does not apply to its contemplated duplicative lawsuit, Aurelius's request for a "comfort order" violates the bedrock principle that "[t]he federal

2

courts established pursuant to Article III of the Constitution do not render advisory opinions." *Golden*, 394 U.S. at 108. "The prohibition against advisory opinions … ensur[es] that cases are presented to courts as specific disputes with precisely framed issues and arguments, not hypothetical legal questions." *In re Smith*, 409 B.R. 1, 3 (Bankr. D.N.H. 2009).

Consistent with this principle, in the bankruptcy context, courts decline to enter "comfort orders" advising parties about "the general applicability of the automatic stay." *In re Agrawal*, No. 16-11253-JDL, 2017 Bankr. LEXIS 3417, at *3 (Bankr. W.D. Okla. Oct. 3, 2017); *accord In re Rolins Parking Lot Serv., LLC*, No.17-10337-SAH, 2017 Bankr. LEXIS 909, at *2-3 (Bankr. W.D. Okla. Mar. 31, 2017); *see also In re Mid-States Express, Inc.*, 433 B.R. 688, 700 & n.17 (Bankr. N.D. Ill. 2010) (declining to enter comfort order because court lacked jurisdiction to do so); *In re NSCO, Inc.*, 427 B.R. 165, 176 (Bankr. D. Mass. 2010) ("bankruptcy courts, although not established pursuant to Article III, are governed by the same case or controversy restriction that limits the jurisdiction of Article III courts. They may not issue advisory opinions." (internal citations omitted)); *In re Ouellette*, No. 05-11558-JMD, 2005 Bankr. LEXIS 1260, at *3-4 (Bankr. D.N.H. June 29, 2005).

Aurelius cites *In re Hill*, 364 B.R. 826 (Bankr. M.D. Fla. 2007), and 11 U.S.C. § 105 to support its request for an advisory opinion. (Mot. 8.) But section 105 does not (and indeed could not) override the constitutional principle that federal courts cannot issue advisory opinions. As the Supreme Court recently made clear, section 105 does not even allow bankruptcy courts to "override" the Bankruptcy Code. *Law v. Siegel*, 134 S. Ct. 1188, 1194 (2014). It certainly, therefore, could not authorize a court to override the Constitution's ban on advisory opinions.

*Hill* is equally unhelpful to Aurelius. *Hill* addresses the applicability of section 362(j), which explicitly allows a bankruptcy court to enter an order finding that the automatic stay has

3

been terminated under section 362(c). Section 362(c), in turn, deals with instances where the stay applied to protect property of the estate and then was terminated during the case as a result of one of the events listed in that subsection. In *Hill*, the court entered an order stating that the stay had terminated because the conditions set forth in section 362(c) applied, allowing the court to enter the order under section 362(j). 364 B.R. at 831-32. The *Hill* court's additional statements about its broad discretion under section 105 to issue "comfort orders" was nothing more than *dicta* and contrary to controlling law. Here, Aurelius's position is that its "proposed suit is outside of the parameters of the bankruptcy stay" making section 362(j) inapplicable. (Mot. 9.) Simply put, Aurelius is not entitled to this Court's advice on whether it may bring a duplicative constitutional challenge to PROMESA in another court.

*Second*, even if this Court could be in the business of issuing advisory opinions, Aurelius is not entitled to the comfort order it seeks because its proposed duplicative action would violate the stay. Aurelius contends that because it intends to sue the Board and its members in its duplicative suit and is not seeking to obtain property of the Commonwealth, its proposed lawsuit does not violate either sections 362 or 922. (Mot. 9-10.) According to Aurelius, its second duplicative suit would simply seek a declaration that the Board was unconstitutionally constituted and the entry of an injunction prohibiting the Board from acting until it is lawfully constituted. (Mot. 10.)

The fallacy of Aurelius's argument is that PROMESA makes the Board the debtor's representative and grants it the role of the trustee under the applicable provisions of the Bankruptcy Code. 48 U.S.C. §§ 2161(c)(7); 2175(b). PROMESA also establishes that the Board is "an entity within the territorial government" of Puerto Rico. 48 U.S.C. §2121. The Board, therefore, is the debtor for purposes of these Title III cases and thus a suit against the Board violates the automatic

4

stay. *See Centro De Periodismo Investigativo, Inc. v. Fin. Oversight & Mgmt. Bd. for P.R.*, Case No. 17-1743 (JAG), Dkt. No. 18, Mem. Op. & Order at 2-3 (holding stay applied to action against the Board).

Relying upon this Court's decision to modify the automatic stay to allow a lawsuit to proceed against the Agricultural Enterprises Development Administration (Case No. 17-3283, Dkt.618), Aurelius argues that this Court has recognized that "the stay does not apply to entities, like the Board, that are legally distinct from the Commonwealth." (Mot. 10 n.6). But the "legally distinct" entity at issue in that order was not the Board, it was an independent public corporation—the Agricultural Enterprises Development Administration—which was not a debtor in a Title III case. The Agricultural Enterprises Development Administration is a far cry from the Board which acts as the debtor/trustee in these cases and is established within the government of the Commonwealth. 48 U.S.C. §§ 2121; 2161(c)(7); 2175(b).

Moreover, Aurelius's argument ignores the real-world effect of its proposed duplicative suit. By enjoining the Board and seeking a declaration that its actions have all been illegal, including by filing these Title III cases, Aurelius takes actions to collect on collect its claim by eliminating the automatic stay that currently prevents it from doing so. Simply put, Aurelius is not asking to bring a second duplicative lawsuit because it is an independent watchdog concerned about constitutional compliance. Aurelius wants to bring this suit because it believes doing so will allow it to collect on its claim. Its proposed lawsuit, therefore, violates the automatic stay.

## II. Cause Does Not Exist To Modify The Automatic Stay.

To determine whether cause exists, courts in this District rely upon the factors established in *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990). *See Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla*, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing *Sonnox*).

Aurelius argues that it satisfies these factors because: (i) its proposed second suit would completely resolve the constitutional issue; (ii) its proposed second suit would seek relief that is broader than that which is available in the Title III cases; (c) its proposed second suit will not be filed against the Title III debtors, only the Board; (d) creditors will be vindicated by the proposed second suit, not prejudiced; and (e) Aurelius will suffer irreparable harm if it cannot bring its second suit. Each of these arguments is without merit.

*First*, although Aurelius contends that only its proposed second suit would completely resolve all of the constitutional issues, it has not explained how that could be the case. As the duplication between its Stay Motion and its motion to dismiss makes clear, the only constitutional issue here is whether the manner in which the members of the Board were appointed violates the Constitution's Appointments Clause. A ruling in this Court on the motion to dismiss will completely resolve that issue.

*Second*, Aurelius does not need stay relief to obtain the remedies it seeks. As it concedes, if it needs more relief than dismissal of the Title III cases, it could file an adversary complaint against the Board in this Court. (Mot. 11 n.7.) In fact, another creditor—UTIER—has done exactly that. UTIER filed suit against both PREPA and the members of the Board seeking a declaration that the manner in which the Board members were appointed violates the Appointments Clause and that all of the Board's actions are therefore invalid. UTIER also requests an injunction against the Board. (Adv. Case No. 17-00228-LTS, Dkt. No. 1 at 24-25.) This is the exact same relief Aurelius claims it would seek in its second, duplicative action. (Mot. 25.) Because the remedies Aurelius seeks are already being pursued in this Court, this factor does not weigh in favor of stay relief.

Moreover, the underlying premise of Aurelius's argument—that the Board members will

continue to act under the other provisions of PROMESA in the face of an order of this Court declaring their appointments unconstitutional—cannot justify relief now. If this Court were to hold that PROMESA violates the Appointments Clause *and* the Board members failed to stay that order pending appeal *and* refused to stop work until Congress remedied the problem, Aurelius could seek its injunction. Aurelius does not need a second case at this time in which to press its constitutional claim.

*Third*, as set forth above, a suit against the Board is a suit against the Commonwealth. *Fourth*, granting Aurelius stay relief will prejudice other creditors, including the Commonwealth's retirees. Multiple lawsuits will deplete the Commonwealth's resources by driving up attorneys' fees and other expenses. Multiple lawsuits also will divert the Commonwealth's and the Board's attention away from achieving a confirmable plan of adjustment. *Finally*, Aurelius will suffer no prejudice if its motion is denied. Aurelius has a forum in which to advance its constitutional claim and it is in fact doing so right now. Denying its Stay Motion will only deprive Aurelius of its plan to forum shop and that is not an interest the law protects.

## CONCLUSION

For all of the foregoing reasons, the Court should deny Aurelius's Stay Motion and grant such other relief as may be just.

| | |
|---|---|
| Dated: November 3, 2017 | Respectfully submitted, |
| JENNER & BLOCK LLP | BENNAZAR, GARCÍA & MILIÁN, C.S.P. |
| By: | By: |
| */s/ Robert Gordon* | */s/ A.J. Bennazar-Zequeira* |
| Robert Gordon (admitted *pro hac vice*) | A.J. Bennazar-Zequeira |
| Richard Levin (admitted *pro hac vice*) | Edificio Union Plaza |
| 919 Third Ave | PH-A piso 18 |
| New York, NY 10022-3908 | Avenida Ponce de León #416 |
| rgordon@jenner.com | Hato Rey, San Juan |
| rlevin@jenner.com | Puerto Rico 00918 |
| 212-891-1600 (telephone) | ajb@bennazar.org |
| 212-891-1699 (facsimile) | 787-754-9191 (telephone) |
| | 787-764-3101 (facsimile) |
| Catherine Steege (admitted *pro hac vice*) | |
| Melissa Root (admitted *pro hac vice*) | *Counsel for The Official Committee of Retired Employees of Puerto Rico* |
| 353 N. Clark Street | |
| Chicago, IL 60654 | |
| csteege@jenner.com | |
| mroot@jenner.com | |
| 312-222-9350 (telephone) | |
| 312-239-5199 (facsimile) | |
| | |
| Ian Heath Gershengorn (*pro hac vice* submitted) | |
| Lindsay C. Harrison (*pro hac vice* submitted) | |
| William Dreher (*pro hac vice* submitted) | |
| 1099 New York Ave NW | |
| Washington, DC 20001 | |
| igershengorn@jenner.com | |
| lharrison@jenner.com | |
| wdreher@jenner.com | |
| 202-639-6000 (telephone) | |
| 202-639-6066 (facsimile) | |