IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>Plaintiff,<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Debtor[1] | CIVIL NO.: 17-BK-03283 (LTS)<br><br>PROMESA<br><br>TITLE III |

**COOPERATIVA DE SEGUROS MULTIPLES' REPLY TO DEBTOR'S OBJECTION MOTION FOR CLARIFICATION OF AUTOMATIC STAY AND IN THE ALTERNATIVE RELIEF FROM THE AUTOMATIC STAY IN THE TITLE III CASE [ECF NO. 1276]**

**TO THE HONORABLE COURT:**

**COMES NOW** creditor **Cooperativa de Seguros Múltiples de Puerto Rico ("Cooperativa")**, through the undersigned counsel, and presents this Reply to Debtor's Objection to its Motion to Lift Stay, and respectfully states and prays as follows:

Debtor has conceded to Cooperativa's request to lift the stay with respect to the Forfeiture Cases, whereby the Court may enter an Order allowing the Cases to run their course. However lifting the stay addresses only a portion of the relief Cooperativa sought in its Motion. Cooperativa

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

also moved the Court to address Debtor's failure to provide Cooperativa adequate protection of the property of which it disposes to Cooperativa's detriment.

Debtor's Objection ignored this portion of the Motion to Lift Stay with good reason: In at least one of the 54 Forfeiture Cases' vehicles for which Cooperativa posted a bond, Debtor disposed of the same after the trial court ordered its return *and after it sought relief under PROMESA §301*. In this case the trial court accepted Cooperativa's bond and ordered Debtor to return the vehicle on July 5, 2017; yet Debtor sold the vehicle at auction on August 23, 2017. In so acting Debtor eliminated Cooperativa's loss payee's lien on the vehicle and destroyed the security upon which the loss payee relied on to issue the underlying purchase money loan. Cooperativa must now compensate that loss payee for the loss of that security.[2]

Debtor has also failed to return to Cooperativa 20 of those 54 bonded vehicles for which the orders to return the same were entered *after Debtor's petition for relief*. This situation creates a likelihood that Debtor will further destroy Cooperativa's loss payees' property in contravention of its duty under 11 U.S.C. §362(B)(1). A list of the 21 cases where Cooperativa has posted postpetition bonds for vehicles that have been returned is attached as Exhibit A to this Motion.

It merits noting that Debtor's refusal to recognize: (1) Cooperativa's legitimate interest in retrieving the bonded vehicles, (2) the manner in which its own conduct renders the bond remedy moot, or (3) its aforementioned duty to provide Cooperativa adequate protection, made it impossible for the parties to reach a Stipulation resolving Cooperativa's Motion. Cooperativa attempted to seek a negotiated solution of this issue as well as to the lifting of the stay but Debtor's obstinate refusal to compromise on the vehicle returns made it necessary to reject the proposed Stipulation and continue litigation.

---

[2] This vehicle corresponds to Case No. 84 on Exhibit A to Cooperativa's Motion to Lift Stay, and Case No. 15 in the Exhibit to this Motion.

2

Cooperativa is also not seeking an "advisory opinion" as Debtor's Objection describes it, but rather real and concrete relief from Debtor's conduct in violation of its duty to provide adequate protection pursuant to 11 U.S.C. 362(d)(1). Cooperativa has identified one example of such harm, and expects others to occur from within the attached list. The relief sought in Cooperativa's Motion to Lift Stay provides a minimally invasive framework that provides Cooperativa adequate protection in Uniform Forfeiture Act cases without the need to continue to appear before this Court on a case by case basis.[3]

**WHEREFORE**, Cooperativa de Seguros Múltiples requests from this Honorable Court that it enter an Order allowing the Forfeiture Actions to proceed to judgement in the ordinary course in accordance with the Uniform Forfeiture Act of 2011, 34 L.P.R.A. § 1724 et seq., if judgment is entered in Movant's favor, to allow Movant to pursue remedies against the Commonwealth under section 19 of the Act, as follows:

*A-In cases where bond is not posted:*

1) Debtor will segregate the sale proceeds in an account to secure their availability to provide for their return to Cooperativa in those cases where it eventually prevails; and

2) Debtor will allow Cooperativa to post bonds now in those cases where the vehicle remains available in Debtor's control despite the expiration of the statutory limit.

3) When a judgment denying forfeiture and ordering Debtor to return the seized property becomes final:

---

[3] It merits noting that Debtor's disposal of vehicles seized under the Forfeiture Act despite trial courts accepting Cooperativa's bonds and ordering their return occasionally occurred prior to seeking relief pursuant to PROMESA §301. However, now that Debtor has taken advantage of the Bankruptcy Code's privileges it must also observe the obligations the Code imposes upon it.

3

      a) Debtor shall be subject to all remedies available to Cooperativa under Section 19 of the Uniform Forfeiture Act of 2011, 34 L.P.R.A. § 1724 et seq.;

*B-In cases where an interested party posts a bond:*

1) Debtor shall deliver the property to the party posting the bond;

2) The forfeiture proceedings shall continue in Debtor's courts without further Bankruptcy Court involvement.

RESPECTFULLY SUBMITTED.

In Lake Worth, Florida, for San Juan, Puerto Rico, on this 6th day of November 2017.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

VALDES ORTIZ LAW OFFICES, PA
8461 Lake Worth Rd.
Suite 420
Lake Worth, FL 33467
Tel: (561) 340-1410

**s/ Hector E. Valdes Ortiz**
HECTOR E. VALDES ORTIZ
USDC-PR No. 219411
hvaldes@v-olaw.com

*Counsel for Creditor*
*Cooperativa de Seguros Múltiples*
*De Puerto Rico*

**Exhibit A**

**Cooperativa's Bonded and Not Returned Vehicles List**

| COOPERATIVA DE SEGUROS MULTIPLES' MOTION TO LIFT STAY REPLY ||||| 
|---|---|---|---|---|
| **BONDED AND NOT RETURNED VEHICLES** |||||
| NO. | CIVIL NO. | POLICYHOLDER | COURT | RESULT |
| 1 | BAC-2017-0029 | Angel Colón Rios | Aibonito | Not Recovered |
| 2 | CAC-2017-0154 | Jackelyn Echevarria Gonzáles | Arecibo | Not Recovered |
| 3 | DAC-2017-0191 | Alfonso López Guzmán | Bayamón | Not Recovered |
| 4 | DAC-2017-0390 | Daniel Rodríguez Rivera | Bayamón | Not Recovered |
| 5 | DAC-2017-0532 | Feliciano Rivera Marrero | Bayamón | Not Recovered |
| 6 | EAC-2017-0284 | Felipe Cruz Hernández | Caguas | Not Recovered |
| 7 | EAC-2017-0288 | Wilfredo Lugo Luna | Caguas | Not Recovered |
| 8 | FAC-2017-1545 | Victor Rondón Reyes | Carolina | Not Recovered |
| 9 | NSCI-2017-00374 | Johnathan Benabe Piñero | Fajardo | Not Recovered |
| 10 | GAC-2017-0085 | Keisla Vargas González | Guayama | Not Recovered |
| 11 | HSCI-2017-00656 | José Nieves Rodríguez | Humacao | Not Recovered |
| 12 | HSCI-2017-00655 | Abinadad Hernández Meléndez | Humacao | Not Recovered |
| 13 | HSCI-2017-00719 | Rafael Zayas Santa | Humacao | Not Recovered |
| 14 | JAC-2017-0307 | Marangely Martínez De Jesús | Ponce | Not Recovered |
| 15 | N3CI-2017-00167 | Jon Menard Kercado | Rio Grande | Debtor disposed of vehicle |
| 16 | N3CI-2017-00369 | Ricardo Torres Filomeno | Rio Grande | Not Recovered |
| 17 | KAC-2017-0281 | Gabriel Torres Rodríguez | San Juan | Not Recovered |
| 18 | KAC-2017-0280 | Adaliz Serafin Quiñonez | San Juan | Not Recovered |
| 19 | SJ2017-CV-01083 | Carlos Falcón Ramos | San Juan | Not Recovered |
| 20 | SJ2017-CV-01330 | Julio A. Ortiz Ortiz | San Juan | Not Recovered |
| 21 | SJ2017-CV-01660 | Sonny A. Cruz Rodriguez | San Juan | Not Recovered |