# EXHIBIT B

# KOBRE & KIM LLP

201 SOUTH BISCAYNE BOULEVARD
SUITE 1900
MIAMI, FLORIDA 33131
WWW.KOBREKIM.COM

TEL +1 305 967 6100

NEW YORK
LONDON
HONG KONG
SHANGHAI
SEOUL
WASHINGTON DC
SAN FRANCISCO
MIAMI
CAYMAN ISLANDS
BVI

## INDEPENDENT INVESTIGATOR'S FIRST INTERIM REPORT

Kobre & Kim LLP, the independent investigator ("Independent Investigator") retained by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), acting by and through the Special Investigation Committee of the Oversight Board, provides this first interim report on the first 60 days of its engagement. Due to the ongoing nature of the investigation and related confidentiality considerations, this first interim report is intended to provide a general update to the public and any interested parties on the progress of the investigation without comprising the confidentiality of the investigative measures taken to date.

## INTRODUCTION

1. On September 1, 2017, the Oversight Board, acting by and through the Special Investigation Committee of the Oversight Board, retained the Independent Investigator. A copy of the engagement letter is available on the Oversight Board's website: https://juntasupervision.pr.gov/index.php/en/documents.

2. The Independent Investigator's sole interest in this matter is to find facts as effectively and efficiently as possible to assist the Oversight Board in achieving its mandate under PROMESA, while maintaining the independence of the investigation. To that end, the Independent Investigator reports to the Oversight Board's General Counsel and the Oversight Board's Special

Investigation Committee, and has been in regular communication with them during the period relevant to this interim report.[1]

3. At the conclusion of the investigation, the Oversight Board will publish the Independent Investigator's final report. At this time, based upon discussions with the Special Investigation Committee and the General Counsel, the Independent Investigator believes that a realistic time frame for the preparation of a final investigation report is 200 days from the Independent Investigator's retention, subject to adjustment if after ongoing due diligence, or in light of document-recovery issues that have arisen in the aftermath of Hurricanes Irma and Maria, a different time period appears to be more reasonable. The scope of the Informal Investigation authorized by the General Counsel is broad, and could expand as the Independent Investigator uncovers facts, identifies targets, and crystalizes the relevant legal issues to claims identified or policy proposals made. Given this, while the Independent Investigator believes that the size and complexity of the Debtors' debt issuances, claims, and issues to be examined make the proposed 200-day timeframe an ambitious one, the Independent Investigator is committed to completing the investigation as efficiently and effectively as possible.

4. The Independent Investigator understands its mandate to include maintaining the thematic focus of the investigation on the issues identified by the Special Investigation Committee and statute, and maintaining the independence of the investigation from biases that may arise from participating as a litigant in this or other litigation involving the matters under investigation. To that end, the Independent Investigator will regularly update the Special Investigation Committee

---

[1] The Special Investigation Committee of the Oversight Board comprises of Members Ana J. Matosantos, David A. Skeel, and Judge Arthur J. Gonzalez (Ret.), and is charged with pursuing investigations pursuant to the authority granted to the Oversight Board by PROMESA Section 104(o) and such other authority invested in the Oversight Board pursuant to PROMESA.

and the General Counsel on the status of the investigation and will consult the Special Investigation Committee and the General Counsel, as appropriate. The Independent Investigator also intends to make regular public reports, like this one, to keep the public apprised of its progress.

## PRELIMINARY NOTE ON THE ONGOING EFFECTS OF HURRICANES IRMA AND MARIA

5. Hurricanes Irma and Maria have made the work of the Independent Investigator to assist the Oversight Board in regaining Puerto Rico's access to the capital markets more difficult, but all the more important. As of this writing, it has been estimated that 75% of Puerto Rico's consumers of electricity are without power and 20% are without reliable access to running water.[2] Hundreds of press reports have detailed the devastating human cost of the damage to Puerto Rico's infrastructure, the financing of which is a focus of the Independent Investigator's work. Mindful of these developments, the Independent Investigator has prioritized in its collection and review of materials information that is likeliest to inform its recommendations regarding the reconstruction of Puerto Rico's electrical, water management, and other infrastructure most affected by the storms.

6. The Independent Investigator is also mindful of the ongoing difficulties that Hurricanes Irma and Maria have visited upon the living and work conditions on the island. Internet connectivity, access to electronically-stored documents, and the normal attorney-client communications that witnesses require in preparing to respond to investigative requests have all been made unusually challenging. Accordingly, upon any reasonable request, the Independent Investigator has accommodated witnesses' requests for extensions of response deadlines,

---

[2] *See, e.g.*, *NY Governor Visits Puerto Rico, Pledges Power, Water Aid*, N.Y. TIMES, Oct. 26, 2017, https://www.nytimes.com/aponline/2017/10/26/world/americas/ap-cb-puerto-rico-hurricane-maria.html.

3

prioritizing wherever possible the specific materials likeliest to inform its focused work.

## OVERSIGHT BOARD'S PROCEDURES
## FOR CONDUCTING PROMESA INVESTIGATIONS

7. On May 26, 2017, the Oversight Board adopted the PROMESA Investigative Procedures, setting forth the procedures for informal and formal investigations under PROMESA. The PROMESA Investigative Procedures are available on the Oversight Board's website.

8. Under the PROMESA Investigative Procedures, an "Informal Investigation" is defined as "any inquiry or review of Relevant Activities undertaken by the Board pursuant to PROMESA Section 104(o) or any other authority invested in the Board pursuant to PROMESA for which the Board has not adopted an Investigative Resolution." *See* PROMESA Investigative Procedures, § 1.3(10).

9. The Oversight Board's General Counsel may authorize an Informal Investigation, without further Oversight Board resolution, from complaints received from members of the public, communications with departments or agencies of the United States, communications with the Puerto Rico Government, examination of publicly available information, or otherwise, if it appears that misconduct may have occurred in connection with Relevant Activities. *See* PROMESA Investigative Procedures, § 3.1.

10. A "Formal Investigation" is defined as "any formal inquiry or review of Relevant Activities undertaken by the Board pursuant to PROMESA Section 104(o) or any other authority invested in the Board pursuant to PROMESA, for which inquiry or review the Board or its designated agent has adopted an Investigative Resolution." *See* PROMESA Investigative Procedures, § 1.3(6).

11. If the General Counsel, in collaboration with the Oversight Board's counsel, determines that (*i*) evidence appears to support a finding that misconduct has occurred, is

4

occurring, or is about to occur regarding any Relevant Activities (*a*) based upon information developed in an Informal Investigation or (*b*) even though an Informal Investigation has not been initiated, based upon information otherwise available, or (*ii*) an Informal Investigation has been initiated, but the Oversight Board's counsel has been unable to conduct such Investigation without access to Investigative Subpoenas, the General Counsel shall so advise the Oversight Board and recommend to it that a Formal Investigation be initiated. *See* PROMESA Investigative Procedures, § 3.2.a.

12. If, after considering the recommendations of the General Counsel and the Oversight Board's counsel and all available information, the Oversight Board determines to initiate such Formal Investigation, it shall: (1) adopt an Investigative Resolution authorizing the General Counsel to initiate a Formal Investigation, and (2) authorize the use of process to obtain Investigative Materials and compel testimony as the General Counsel, in collaboration with the Oversight Board's counsel, deems necessary and appropriate. *See* PROMESA Investigative Procedures § 3.2.b.

13. On October 18, 2017, and pursuant to PROMESA Section 104 and the PROMESA Investigative Procedures, the Special Investigation Committee approved a Resolution Initiating Formal Investigation for Purpose of Issuing Investigative Subpoenas (the "Investigative Subpoenas Resolution"). The Investigative Subpoenas Resolution is available on the Oversight Board's website.

## SCOPE OF INVESTIGATION

14. At this time, the Oversight Board's General Counsel has authorized the Independent Investigator to conduct an Informal Investigation, as defined in Section 4.1 of the PROMESA Investigative Procedures, regarding: (i) a review of the factors contributing to Puerto Rico's fiscal crisis, including changes in the economy, expansion of spending commitments and

5

entitlement programs, changes in the federal funding it receives, and its reliance on debt to finance a structural budget deficit; (ii) a review of Puerto Rico's debt, the general use of proceeds, the relationship between the debt and Puerto Rico's structural budget deficit, the range of its debt instruments, and how Puerto Rico's debt practices compare to the debt practices of states and large municipal jurisdictions; and (iii) a review of Puerto Rico's debt issuance, disclosure, and selling practices, including its interpretation of Puerto Rico's constitutional debt limit.

15. To the extent evidence received and assessed by the Independent Investigator appears to support a finding that misconduct has occurred, is occurring, or is about occur, the Independent Investigator will escalate to the Special Investigation Committee for consideration of the initiation of a Formal Investigation under Section 3.2 of the PROMESA Investigative Procedures.

## THE INDEPENDENT INVESTIGATOR'S WORK TO DATE

16. The Independent Investigator has been working as expeditiously and efficiently as possible to obtain the information needed to assist the Oversight Board in achieving its mandate under PROMESA. In the first instance, this has meant relying upon the powers available pursuant to the Informal Investigation authorized by the Board, which have in large measure resulted in voluntary cooperation from entities from which materials have been requested.

### A. Development of Investigative Work Plan

17. To develop the initial scope of an investigative work plan and identify efficiencies, the Independent Investigator has conferred at length with the Special Investigation Committee and General Counsel about areas of inquiry, objectives, and priorities. As a result of these meetings, the Independent Investigator prepared a detailed investigative work plan setting forth the scoping and phasing of the investigation, including proposals for investigative case studies, which the

Special Investigation Committee approved on October 11, 2017.

18. The Independent Investigator continues to discuss the status of the investigation to further develop investigative case studies and implement the scope, means, and proposed timing of the Independent Investigator's investigation at regular, standing meetings with the General Counsel and Special Investigation Committee.

### B. Factual Investigation

#### i. Initial Data Collection

19. In the initial days of its engagement, the Independent Investigator collected and reviewed voluminous documents and materials related to the bond offerings and the Commonwealth of Puerto Rico Fiscal Plan, including, by way of example, the March 13, 2017 Commonwealth of Puerto Rico Fiscal Plan, the March 7, 2017 Financial Bridge Analysis prepared by EY, other documents prepared by the Oversight Board's professionals concerning debt issuances by the Debtors, and a preliminary review of all of the offering statements for debt issuances since 1990.

20. In addition, the Independent Investigator met with the Oversight Board's outside Ethics Advisor, the Oversight Board's outside legal representatives at Proskauer Rose LLP, and the Oversight Board's accounting advisors at Ernst & Young.

21. The Independent Investigator has also met with counsel for various interested parties, including the Official Committee of Retired Employees of the Commonwealth of Puerto Rico and the Official Committee of Unsecured Creditors.

22. As a result of these meetings, the Independent Investigator has already gathered substantial facts and evidence that are readily available and helpful in providing scope to the investigation and its timing.

### ii. Identification of Potential Witnesses, Subjects, and Targets, and Efforts to Preserve Evidence and Claims

23. The Independent Investigator has identified potential witnesses, subjects, and targets, and causes of action, and is working to preserve relevant evidence.

24. The Independent Investigator has invoked Sections 104(c)(1) & (2) of PROMESA to request relevant documents and records from AAFAF. To date, AAFAF has committed to cooperating with the investigation, and has begun production of relevant documents on a rolling basis.

25. The Independent Investigator has issued approximately 84 document preservation notices to individuals and entities involved in the issuance of debt securities in Puerto Rico over the last twenty years, including to issuers, underwriters, advisors, and rating agencies, and other stakeholders.

26. As of this writing, approximately 79 witnesses have responded to confirm that they have implemented preservation measures. With the vast majority of these respondents, the Independent Investigator has had substantive discussions about prioritizing materials for production. In many cases, those discussions have already yielded production of easily-identifiable materials relevant to the Independent Investigator's work. Wherever possible, in light of the ongoing effects of Hurricanes Irma and Maria, the Independent Investigator has prioritized obtaining copies of materials from off-island sources while taking all measures available to preserve records likely to exist in Puerto Rico. In sum, a large majority of the witnesses have expressed a willingness to cooperate in the investigation, and produce documents and information on a voluntary basis.

27. To the extent any of the aforementioned parties decline or fail to produce the requested documents and compulsory process becomes necessary, the Independent Investigator

8

may issue Investigative Subpoenas pursuant to the Investigative Subpoenas Resolution.

28. In addition to the Informal Investigative measures described above, pursuant to the Investigative Subpoenas Resolution, the Independent Investigator issued subpoenas on October 27, 2017 to Popular, Inc., Popular Securities, LLC, and Banco Popular de Puerto Rico. The Independent Investigator will update the public in its next interim report regarding these and any other subpoenas.

29. As the Independent Investigator continues to identify potential witnesses, subjects, and targets, the Independent Investigator will issue additional document preservation notices and voluntary requests for information and documents.

### iii. Witness Interviews and Depositions

30. The Independent Investigator anticipates that it will conduct interviews with and take sworn testimony from numerous witnesses and subjects, including underwriters, professionals, and government officials.

31. The Independent Investigator will generally seek to conduct voluntary interviews of witnesses with respect to the issues subject to the investigation. To the extent, however, the Independent Investigator requires compulsory process, as with the document requests, the Independent Investigator will issue Investigative Subpoenas pursuant to the Investigative Subpoenas Resolution.

32. The Independent Investigator expects to commence witness interviews in the near term, but is mindful that many witnesses continue to have limited connectivity due to Hurricanes Irma and Maria.

### RESERVATION OF RIGHTS

33. The Independent Investigator's work is ongoing. This interim report is based upon currently available information, and reflects that, to date, the Independent Investigator has received

clear direction from the Special Investigation Committee and substantial cooperation from numerous parties in interest. Given the early stage of the investigation, the ongoing effects of Hurricanes Irma and Maria, the volume of potentially relevant data, and the number of potential witnesses, subjects, and targets, it will take significant time to assemble, review, and analyze the documents and related information. As the investigation unfolds, the Independent Investigator will supplement and amend its investigative work plan to fulfill the Special Investigation Committee's directives regarding the scope and goals of the investigation, and, as appropriate, will continue to report to the public on its progress.

Dated: October 30, 2017

Respectfully submitted,

*[signature]*

John D. Couriel
+1 305 967 6115

D. Farrington Yates
+1 212 488 1211

Stephanie L. Hauser
+1 305 967 6124

Daniel J. Saval
+1 212 488 1259

Adam Lavine
+1 212 488 1279