Hearing Date: November 15, 2017 at 9:30 a.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-bk-03283 (LTS)<br><br>(Jointly Administered) |

## ERS SECURED CREDITORS' REPLY IN SUPPORT OF JOINDER TO RULE 2004 MOTIONS

---

[1] The Debtors in these Title III Cases, along with the Bankruptcy Court case number and the last four digits of each Debtor's federal tax identification number, as applicable, are (i) The Commonwealth of Puerto Rico (Bankr. Case No. 17-bk-3283 (LTS)) (Last Four Digits of Fed. Tax ID: 3481); (ii) The Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankr. Case No. 17-bk-3566 (LTS)) (Last Four Digits of Fed. Tax ID: 9686); (iii) Puerto Rico Sales Tax Financing Corporation (Bankr. Case No. 17-bk-3284 (LTS)) (Last Four Digits of Fed. Tax ID: 8474); (iv) Puerto Rico Highways and Transportation Authority (Bankr. Case No. 17-bk-3567 (LTS)) (Last Four Digits of Fed. Tax ID: 3808).

1. Debtors assert that the pending proceeding rule bars the ERS Bondholders' joinder to the Other Creditor Rule 2004 Motions because the requested examination would usurp the discovery process in the ERS Bondholders' pending adversary proceedings.[2] ECF Doc. 1380, at 8-11. Just a glance at these requests, however, refutes that assertion as these requests seek information relevant to the financial transparency of the Title III cases and are not an attempt to circumvent the discovery rules applicable to the adversary proceedings. Accordingly, this Court should reject Debtors' attempts to transform the pending proceeding rule into a general grant of immunity from discovery and allow the ERS Bondholders to participate in the Rule 2004 process.[3]

## ARGUMENT

### I. The "Pending Proceeding" Rule Does Not Apply to the Rule 2004 Requests.

2. It is well established that "when [a] Rule 2004 examination relates not to the pending adversary litigation, but to another matter, the 'pending proceeding' rule does not apply." *In re Int'l Fibercom, Inc.*, 283 B.R. 290, 292-93 (Bankr. D. Ariz. 2002); *see, e.g.*, *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 29 (Bankr. N.D.N.Y. 1996); *In re Szadkowski*, 198 B.R. 140, 142 (Bankr. D. Md. 1996). This is because the judge-made pending proceeding rule exists to prevent litigants from using Rule 2004 "to circumvent or overcome the more restrictive procedural rules in place for discovery in an adversary proceeding." *In re Int'l Fibercom, Inc.*, 283 B.R. at 293. When this concern is not implicated, the pending proceeding rule does not

---

[2] Capitalized terms have the same meaning as defined in the Joinder.

[3] Debtors suggest in a footnote that the ERS Bondholders lack standing to seek Rule 2004 relief in these consolidated cases because the ERS Bondholders' lack standing in the Commonwealth's Title III case. ECF Doc. 1380, at 8 n.30. Yet the ERS Bondholders have asserted claims against the Commonwealth and therefore are parties in interest in the Commonwealth Title III case. Further, the ERS Bondholders' standing in the ERS Title III case is undisputed.

apply. *Id.* at 292 ("[T]he court holds the ultimate discretion whether to permit the use of Rule 2004, and courts have for various reasons done so despite the existence of other pending litigation.").

3. Here, the Other Creditor Rule 2004 Motions and ERS Bondholders' joinder are not an end-run around the discovery process in the adversary proceedings. While those adversary proceedings concern questions such as the proper interpretation and application of amendments to Puerto Rico's Uniform Commercial Code and whether a takings has occurred, the Rule 2004 discovery requests focus on the Commonwealth's overall financial condition and the data and models that the Oversight Board used to assess it. *See, e.g.*, ECF Doc. 1178, Sch. A, Request 9 (seeking "Documents, Communications, or analysis regarding the Budget and any drafts thereof"); Request 10 (seeking "[a] fully functional version of the macroeconomic growth model (in native format) used to calculate each forward-looking projection contained in the Fiscal Plan"); Request 57 (seeking "Documents, Communications, analyses or models relating to the Territorial Government's liquidity position and cash balances"). On their face, the Rule 2004 discovery requests seek general financial information that does not directly bear on the ERS Bondholders' specific constitutional and statutory claims advanced in the adversary proceedings.

4. Nonetheless, Debtors contend that the Rule 2004 discovery requests "cover essential issues" in the adversary proceedings because those proceedings "constitute[] an inherent challenge to the Fiscal Plan and the yet-to-be-presented plan of adjustment." ECF Doc. 1380, at 10. But Debtors do not explain how requests regarding information about the Commonwealth's overall fiscal health relate to claims regarding whether certain actions taken by the Commonwealth were lawful. And Debtors' suggestion that any claim that might impair any

-3-

part of a fiscal plan in some way must be barred would effectively give a debtor "immunity from discovery in [a] bankruptcy case." *In re Int'l Fibercom, Inc.*, 283 B.R. at 292.

5. What is more, that an adversary proceeding addresses legislation enacted as part of a Fiscal Plan does not directly implicate the basis and methodologies of that plan. Holding to the contrary will only undermine the financial transparency essential to the advancement of all of the Title III cases as that interpretation will unnecessarily disadvantage one group of creditors by denying them information that will be readily available to others. Indeed, even assuming that the adversary proceedings are related to the Rule 2004 discovery requests, denying joinder here will unfairly prejudice the ERS Bondholders by allowing other creditors to review important information that the ERS Bondholders cannot access.

6. Lastly, Debtors' assertion of an "incremental" burden is misplaced as providing identical information to the various creditors does not create an undue burden, but rather advances the financial transparency necessary for a prompt and fair resolution of the Title III cases.

## II. The Requested Rule 2004 Discovery Still Is Relevant and Necessary.

7. In their supplemental memorandum of law, Debtors now suggest that the requested Rule 2004 discovery is "outdated" due to the "fundamentally changed fiscal reality facing Puerto Rico." ECF Doc. 1616, at 4-5. Yet the existing information remains important, and the methodologies used to create the current Fiscal Plan can – and should – be used to evaluate revisions to that plan as such information will be critical to understanding the new fiscal plan and the data and models underlying it. Providing that information to the creditors will thus advance transparency – a goal which this Court has already recognized as "important in these proceedings." Tr. of 5/17/17 Hr'g, ECF Doc. 207, at 63:5-9.

-5-

8. Debtors' related mootness argument is also unavailing as Debtors continue to "maintain that . . . the Movants would not be entitled to Rule 2004 discovery even if the current certified Fiscal Plan remained in place." ECF Doc. 1616, at 5 n.16. The key dispute between the parties therefore is still alive and has been fully briefed. Delaying consideration of this issue will only increase costs and delay resolution of these important issues.

## **CONCLUSION**

9. For these reasons, as well as for substantially the reasons set forth in the Other Creditor Rule 2004 Motions and the related replies, the ERS Bondholders respectfully request that the Other Creditor Rule 2004 Motions be granted and that the ERS Bondholders be authorized to participate in the Rule 2004 process herein.

In San Juan, Puerto Rico, today November 7, 2017.

By:

| | |
|---|---|
| */s/ Alfredo Fernández-Martínez* | */s/ Bruce Bennett* |
| Alfredo Fernández-Martínez | Bruce Bennett (*pro hac vice*) |
| DELGADO & FERNÁNDEZ, LLC | JONES DAY |
| PO Box 11750 | 555 South Flower Street |
| Fernández Juncos Station | Fiftieth Floor |
| San Juan, Puerto Rico 00910-1750 | Los Angeles, California 90071 |
| Tel. (787) 274-1414 | Tel. (213) 489-3939 |
| Fax: (787) 764-8241 | Fax: (213) 243-2539 |
| afernandez@delgadofernandez.com | bbennett@jonesday.com |
| USDC-PR 210511 | |
| | Benjamin Rosenblum (*pro hac vice*) |
| *Counsel for Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Management, LLC, Nokota Capital Master Fund, L.P., Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., and SV Credit, L.P.* | JONES DAY |
| | 250 Vesey Street |
| | New York, NY 10281 |
| | Tel. (212) 326-3939 |
| | Fax: (212) 755-7306 |
| | brosenblum@jonesday.com |
| | |
| | Geoffrey S. Stewart (*pro hac vice*) |
| | Beth Heifetz (*pro hac vice*) |
| | Christopher J. DiPompeo (*pro hac vice*) |
| | Sparkle L. Sooknanan (*pro hac vice*) |
| | JONES DAY |
| | 51 Louisiana Ave. N.W. |
| | Washington, DC 20001 |
| | Tel. (202) 879-3939 |
| | Fax: (202) 626-1700 |
| | gstewart@jonesday.com |
| | bheifetz@jonesday.com |
| | cdipompeo@jonesday.com |
| | |
| | *Counsel for Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Management, LLC, Nokota Capital Master Fund, L.P., Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., and SV Credit, L.P.* |