UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------- x
: 
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO, *et al.,* : (Jointly Administered)
:
Debtors.[1] :
-------------------------------------------------------------------------x
In re: :
: Adv. Proc. No. 17-BK-4780-LTS
THE FINANCIAL OVERSIGHT AND MANAGEMENT :
BOARD FOR PUERTO RICO, :
:
as representative of :
:
PUERTO RICO ELECTRIC POWER AUTHORITY, : **Court Filing Relates Only to**
: **PREPA and Shall Only be Filed**
Debtor. : **in Case No. 17-BK-4780-LTS**
: **and Main Case 17-BK-3283-**
: **LTS**
:
-------------------------------------------------------------------------x

**OBJECTION OF OFFICIAL CREDITORS' COMMITTEE TO MOTION TO STRIKE
URGENT MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
ORDER, UNDER 11 U.S.C. § 1103 AND BANKRUPTCY RULE 2004, AUTHORIZING
DISCOVERY WITH RESPECT TO PREPA ENGAGEMENT OF WHITEFISH
<u>ENERGY HOLDINGS, LLC AND URGENT REQUEST FOR HEARING</u>**

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

**Objection Date**: 11/07/2017

To the Honorable United States Magistrate Judge Judith G. Dein:

## BACKGROUND

1. On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") commenced a title III case for the Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to PROMESA section 304(a) (the "Commonwealth Title III Case"). Thereafter, the Oversight Board commenced title III cases (together with the Commonwealth Title III Case, the "Title III Cases") for each of COFINA, the Employees Retirement System for the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and PREPA (collectively, and together with any other Commonwealth instrumentalities that file title III cases, the "Debtors").[1]

2. On August 25, 2017, the Official Committee of Unsecured Creditors of all title III debtors (other than COFINA) (the "Committee") was appointed as the Official Committee of Unsecured Creditors in PREPA's title III case. *See Am. Notice of Appt. of Official Comm. of Unsecured Creditors*, Case No. 17-3283 [Docket No. 1171].

3. On October 6, 2017, the Court entered an order directing that PREPA's title III case be jointly administered with the Title III Cases. *See Joint Admin. Order*, No. 17-4780 [Docket No. 340].

4. On October 30, 2017, the Committee filed the *Urgent Motion Of Official Committee Of Unsecured Creditor For Order, Under 11 U.S.C. §1103 And Bankruptcy Rule 2004, Authorizing Discovery With Respect To PREPA Engagement Of Whitefish Energy Holdings, LLC And Urgent Request For Hearing,* Case No. 17-4780 [Docket No. 364] (the "Whitefish Motion"). On November 7, 2017, PREPA filed a consent form agreeing to the entry

---

[1] Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III Case.

of an order authorizing the Whitefish Motion. In the Whitefish Motion, the Committee explained in detail the concerning background to the contract entered into between PREPA and Whitefish Energy Holdings, LLC, regarding repair of the Puerto Rico electrical grid (the "Whitefish Contract"). As part of the issues of concern surrounding the Whitefish Contract, the Committee noted numerous news reports concerning potential improper influence levied in connection with the Whitefish Contract. One such news report referenced in the Whitefish Motion, an article published in El Nuevo Día, contained a statement regarding Elías Sánchez Sifonte ("Mr. Sanchez").[2] (Whitefish Mot. ¶ 20, n. 32.) That article suggested that Mr. Sanchez had lobbied PREPA to secure the Whitefish Contract in exchange for some financial gain. *Id.*

5. The Committee introduced the news report by noting that the Committee has "no present ability to validate" the troubling news story, but explained that this story and other news reports only heightened the need for a thorough investigation regarding the troubling history of the Whitefish Contract. *Id.*

6. Despite the fact that the Committee merely reproduced a news story already in the public domain, Mr. Sanchez moved on November 3, 2017, to strike all references to him in the Whitefish Motion (the "Motion to Strike").[3] Mr. Sanchez's filing included a sworn declaration from him disputing the allegations in the Whitefish Motion and noting that the El Nuevo Día story stated that he denied the allegations. What Mr. Sanchez's filing does not mention is that the Committee's initial Whitefish Motion linked to the full article including the denial. According to Mr. Sanchez, his declaration demonstrates that the statements in the Whitefish

---

[2] The Committee utilized a computer-assisted translation tool to provide an English language translation of that statement.

[3] The Committee notes that the El Nuevo Día story itself republished a statement publicly made by former Puerto Rico Governor Anabel Acevedo Vilá on a radio program in Puerto Rico.

2

Motion are "scandalous" and should be stricken under section 107 of the Bankruptcy Code. Mr. Sanchez's position lacks merit.

7. The Motion to Strike entirely ignores the fact that the Committee did not originate the allegedly "scandalous" material. Rather, the Committee merely noted with concern the relevance of this, and other, reporting in the press as one of many justifications for commencing an investigation under Bankruptcy Rule 2004. (Whitefish Mot. ¶ 20, n. 32.) Further, the Motion to Strike takes the position that merely submitting a declaration disputing the press reports decides the truthfulness of the issue and renders the report "scandalous." Mr. Sanchez offers no support for this position, nor could he. The mere fact that a person contests an allegation, even under oath, does not conclude an issue. Under the caselaw governing motions to strike pursuant to section 107 of the Bankruptcy Code, a statement can be found "scandalous" only when it is "readily apparent" that the statement is untrue on its face. A mere denial, whether or not made under oath, does not meet this standard. Indeed, from a process point of view, the court can imagine the challenges, particularly in a Bankruptcy Rule 2004 investigations context, of the court having to conduct mini-trials every time a person feels slighted by a reference in a court pleading. The Motion to Strike may be summarily denied on this basis alone.

8. The Committee is not, however, unsympathetic to Mr. Sanchez's concerns. Therefore, contemporaneous with the filing of this *Objection Of Official Creditors' Committee To Motion To Strike Urgent Motion Of Official Committee Of Unsecured Creditors For Order, Under 11 U.S.C. § 1103 And Bankruptcy Rule 2004, Authorizing Discovery With Respect To PREPA Engagement Of Whitefish Energy Holdings, LLC And Urgent Request For Hearing* (the "<u>Objection</u>"), the Committee filed an amended Whitefish Motion to include an express mention of Mr. Sanchez's denial of the press reports reproduced in that filing, although the Committee

3

again notes that its initial filing contained a link to the full article containing Mr. Sanchez's denial. Further, should the Committee's investigation support Mr. Sanchez's contentions, the Committee will happily confirm that fact by a court filing at the conclusion of its investigation. Finally, while striking the statements regarding Mr. Sanchez is plainly inappropriate, the Committee has no objection to sealing the Whitefish Motion should Mr. Sanchez so request.

## ARGUMENT

9. Section 107 of the Bankruptcy Code titled, "Public access to papers," states in relevant part that, subject only to limited exceptions set forth in the statute, "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination ...." 11 U.S.C. § 107(a). *See Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.),* 422 F.3d 1, 8 (1st Cir. 2005). There are only two exceptions to the section 107(a) right of public access, both codified in section 107(b):

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

10. The Motion to Strike proceeds under section 107(b)(2). In the leading case interpreting that section, *In re Gitto Global Corp.*, the United States Court of Appeals for the First Circuit held that the section 107(b)(2) exception for scandalous or defamatory material applies only where (1) the material at issue "would cause a reasonable person to alter his opinion of an interested party … based on a showing that either (1) the material is untrue, or (2) the material is potentially untrue and irrelevant or included within a bankruptcy filing for an

4

improper end." *In re Gitto Global Corp.*, 422 F.3d at 14. Mr. Sanchez cannot meet this standard.

### A. Sanchez Has No Standing To Seek To Strike Portions Of Whitefish Motion That Do Not Mention Him

11. The order sought by Mr. Sanchez seeks to strike the entire paragraph 20 of the Whitefish Motion while only a portion of that paragraph contains references to Mr. Sanchez. As a threshold mater, the court should obviously reject any attempt by Mr. Sanchez to strike any portion of paragraph 20 that does not mention Mr. Sanchez.

### B. Disputed Allegations Do Not Qualify For Protection Under Section 107(b)(2)

12. *In re Gitto Global Corp.*, holds that only scandalous or defamatory material "that would cause a reasonable person to alter his opinion of an interested party triggers the protections of [section] 107(b)(2)." *In re Gitto Global Corp.*, 422 F.3d at 14. The Motion to Strike takes issue with the Committee's inclusion in the Whitefish Motion of an English translation of allegations concerning Mr. Sanchez that were published in an El Nuevo Día news article.[4] Because the disputed statements were already in the public domain, citing to the statements in the news article does not affect Mr. Sanchez's reputation.

13. Furthermore, the simple act of filing a declaration contesting the veracity of the El Nuevo Día news report hardly concludes the issue under section 107(b)(2). As the First Circuit held in *In re Gitto Global Corp.*, a party will rarely be able to prove untruthfulness "solely on the basis of the papers filed with the court" because "[m]ore often than not, statements in a court filing are disputed." *Id.* at 11. The court explained:

---

[4] To the extent Mr. Sanchez is arguing solely that the Committee's omission of his denial of the disputed allegations would alter his reputation in the eyes of a reasonable person, that argument is mooted by the inclusion of a link to the full article in the Committee's initial filing, and the Committee's filing of an amended motion that includes Mr. Sanchez's denial.

5

> [A]lthough a bankruptcy court may grant protection under §107(b)(2) based on a showing of untruthfulness, protection on this basis is available only in the rare case where the untruthfulness is readily apparent. Bankruptcy courts are under no obligation to resolve questions of truthfulness presented by a §107(b)(2) motion where doing so would require discovery or additional hearings, or would be otherwise burdensome. In most cases, a party filing a motion for protection under §107(b)(2) will only be able to show that the material at issue is potentially untrue.

*Id. See also Burton v. Krohn (In re Swift),* No. 94-10285-CEC, 2016 WL 355515, at *7 (Bankr. E.D.N.Y. Jan. 28, 2016) ("[T]hat the statements are untrue must be readily apparent on their face." (citing *In re Gitto Global Corp.,* 422 F.3d at 11)); *United States v. Associated Cmty. Servs., Inc. (In re Associated Cmty. Servs., Inc.),* 547 B.R. 236, 242 (Bankr. E.D. Mich. 2016) (citing *In re Gitto Global Corp.* approvingly and deeming contested allegations potentially untrue because though the court "could potentially resolve the truth of some of these allegations without receiving evidence based solely on the application of legal principles …, to resolve the truth of most of these …, the Court would of necessity have to conduct an evidentiary hearing …, [and] on the record as it presently exists, the Court could not determine whether the offending allegations … are true or untrue."). In this case, the court would have to conduct an evidentiary hearing before the Committee investigation even commences in order to determine the truthfulness of the statement at issue, which makes no sense.

14. Here, Mr. Sanchez may have filed a declaration to dispute the El Nuevo Día article, but it is not "readily apparent" that the statements contained in the original news article are untrue. Mr. Sanchez plainly disputes that, but disputing an allegation does not make it facially untrue. The issue is disputed and can be resolved only through actual investigation and discovery, rendering relief under section 107(b)(2) inappropriate. To rule otherwise would invite targets of Bankruptcy Rule 2004 motions (which Mr. Sanchez is not, at this time) to file tailor-made declarations in the hopes of obtaining the equivalent of summary judgments protecting

6

them.  Moreover, the Motion to Strike conflates two issues: the statement that the Committee made in the Whitefish Motion, which is that El Nuevo Día published an article concerning allegations regarding Mr. Sanchez, with the statement contained in that press report.  The first statement, which the Committee made in the Whitefish Motion, was, and remains, absolutely true today.

15. Nor can Mr. Sanchez rely on the contention that the allegations are potentially untrue because even then they must also be "irrelevant or included for an improper end." *In re Gitto Global Corp.*, 422 F.3d at 16.  Notably, Mr. Sanchez does not attempt to argue that the disputed allegations are irrelevant—likely because their relevance is clear.  One of the chief purposes of the Whitefish Motion is to make apparent the substantial concerns surrounding the Whitefish Contract and ground an investigation into whether PREPA's decision-making process with respect to the Whitefish Contract was affected by improper considerations.  The cited news report at issue, which concerns claims made by others that Mr. Sanchez was involved in facilitating the execution of the Whitefish Contract (Whitefish Mot. ¶ 20, n. 32), were undoubtedly relevant to this particular basis for the Whitefish Motion.

16. Nor can Mr. Sanchez show that the disputed allegations were made for an "improper end," as *In re Gitto Global Corp.* requires.  *See In re Gitto Global Corp.,* 422 F.3d at 16.  All allegations set forth in the Whitefish Motion by the Committee were made in good faith and to highlight its justifiable concerns in this matter.  Indeed, in its initial filing, the Committee explicitly stated that it had "no present ability to validate the troubling news stories available." (Whitefish Mot. ¶ 20.)

### C. Committee Has Acted To Address Mr. Sanchez's Concerns

17. While Mr. Sanchez improperly moves to strike under section 107(b), the Committee has taken a number of proactive steps to address his concerns.  First, the Committee

7

has amended the Whitefish Motion to reflect Mr. Sanchez's denial of the allegations in the El Nuevo Día article. Second, by this Objection, the Committee commits to report to the court on this matter through later public filing once its investigation concludes as to whether Mr. Sanchez or his family or affiliates had an improper role in the Whitefish Contract. Indeed, despite the fact that Mr. Sanchez has interjected himself into the proceedings, the Committee notes that the motion does not seek discovery from him. Finally, if Mr. Sanchez so requests, the Committee agrees to having the original and amended Whitefish Motion (and attached papers) sealed, which is a recognized alternative remedy under section 107(b). *See In re Gitto Global Corp.,* 422 F.3d at 10 (discussing both motions to strike and motions to seal in the context of section 107 and stating that section 107 "permits a court to act *sua sponte*—to protect the affected party"). Such a sealing order would more than address Mr. Sanchez's concerns here.

### D. Request For A Hearing

18. Given the steps that the Committee has taken to address Mr. Sanchez's concerns, the Committee does not believe that the court needs to hold a hearing with respect to the Motion to Strike unless the court is inclined to grant any relief to Mr. Sanchez, which would be based on a finding that the statements contained in his declaration would be accepted as true, for all purposes in these cases, in which case the Committee requests that an evidentiary hearing be held after it has had an opportunity to conduct its investigation.

### RELIEF REQUESTED

19. For the foregoing reasons, the Committee respectfully requests that the Motion to Strike be denied in its entirety or, in the alternative, converted to a motion to seal.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Committee respectfully requests that this Court enter an order denying the relief requested in the Motion to Strike, and granting the Committee such other relief as this Court deems just and proper.

Dated: November 7, 2017
San Juan, Puerto Rico

*Luc A. Despins, Esq__*

PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

- and –

*Juan J. Casillas Ayala, Esq. ___*

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*