UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-----------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

                Debtors.[1]

-----------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

MEMORANDUM ORDER DENYING MOTION OF COOPERATIVA DE SEGUROS MULTIPLES'
MOTION FOR CLARIFICATION OF THE AUTOMATIC STAY AND IN THE
ALTERNATIVE RELIEF FROM THE AUTOMATIC STAY (DOCKET ENTRY NO. 1276)

        Before the Court is a motion filed by Cooperativa de Seguros Múltiples de Puerto Rico ("Cooperativa" or "Movant") for a determination that the automatic stay under 11 U.S.C. § 362(a), made applicable in these proceedings by PROMESA § 301, does not apply to certain forfeiture-related litigation or that the subject forfeiture actions brought pursuant to the Uniform Forfeiture Act (the "UFA") are excepted from the stay by 11 U.S.C. § 362(b)(4). Alternatively, Movant alternatively seeks relief from the automatic stay permitting the continuation of the

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

forfeiture actions and the grant of additional procedural and financial protections as a form of adequate protection.[2] (Case No. 17-3283, docket entry no. 1276, Cooperativa de Seguros Múltiples' Motion for Clarification of Automatic Stay and in the Alternative Relief from the Automatic Stay (the "Motion").) Cooperativa is a property and casualty insurance carrier that represents that it has paid claims of vehicle financers on cars seized by Commonwealth in connection with forfeiture claims. It has commenced 114 actions against the Commonwealth in the courts of the Commonwealth under the UFA, challenging the seizures and seeking return of the vehicles.

In its October 30, 2017, response to Cooperativa's Motion (the "Response"), the Commonwealth of Puerto Rico (the "Commonwealth") consents to relief from the automatic stay permitting Cooperativa to prosecute the UFA actions that it has commenced, through final judgment and relief mechanisms under the UFA, but opposes Cooperativa's remaining requests for relief and reserves the Commonwealth's rights in connection with these Title III proceedings, including rights as to the treatment of claims arising from the UFA actions under a plan of adjustment. (See Response, ¶¶ 2 &5; Case No. 17-3283, Docket Entry No. 1574.) For the following reasons, Cooperativa's Motion is granted insofar as it seeks relief from the automatic stay consistent with the Commonwealth's consent, and is denied in all other respects.

---

[2] Cooperativa seeks an order: (i) requiring that the Commonwealth segregate proceeds of forfeited vehicles that are sold; (ii) permitting untimely posting of bonds in connection with forfeiture actions, and (iii) directing that the Commonwealth deliver subject vehicles to a party posting a bond upon the posting of a bond under the UFA. These requests for relief appear to go beyond the procedures and remedies provided under the UFA. (See Motion at 12-13 and Movant's Reply at 3-4.)

<u>DISCUSSION</u>

<u>Applicability of the Automatic Stay</u>

Cooperativa argues that the automatic stay is inapplicable to its UFA lawsuits, either because the Commonwealth has no protected interests in the seized vehicles or because the UFA lawsuits are exercises of governmental police powers that are excepted from the automatic stay by 11 U.S.C. § 362(b)(4). (<u>See</u> Motion at 7-8.) Neither argument has merit. Under the UFA, depending on whether a bond has been posted, the Commonwealth has title to the seized vehicles or, at a minimum, has a property interest or conditional interest in the vehicles, as explained in the Commonwealth's Response. (<u>See</u> Response ¶ 3.) In the event the seizure is found to have been wrongful, the Commonwealth is required to return the property and/or pay its value to the claimant. (<u>Id.</u> ¶¶ 13 & 14.) Section 362(a) of the Bankruptcy Code, which is made applicable here by Section 301 of PROMESA, stays actions to recover claims against the debtor that, like Cooperativa's UFA lawsuits, were or could have been commenced prior to the Title III proceeding or that seek to obtain possession of property of or from the estate. <u>See</u> 11 U.S.C. §§ 362(a)(1), 362(a)(3). Cooperativa's UFA lawsuits are thus within the broad scope of the automatic stay.

Cooperativa's lawsuits are not excepted from the stay by 11 U.S.C. § 362(b)(4), which provides that section 362(a) does not operate as a stay of, among other things, the "commencement or continuation of" proceedings by "a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power." 11 U.S.C.S. § 362(b)(4) (LexisNexis 2009 & Supp. 2017). The UFA litigation has been commenced and is being prosecuted by Cooperativa, a private entity, in accordance with the procedural provisions of the UFA, not by

any governmental unit. Section 362(b)(4) is, thus, inapplicable on its face. The Court must therefore address Cooperativa's request for relief from the automatic stay for "cause."

Application for relief from the Automatic Stay

Section 362(d)(1) of the Bankruptcy Code, made applicable in these proceedings by PROMESA section 301, empowers this court to provide relief from the automatic stay for cause, including lack of adequate protection of an interest in property of [a] party in interest." 11 U.S.C.S § 362(d)(1) (LexisNexis 2009 & Supp. 2017). Here, the Commonwealth consents to relief from the automatic stay as follows:

> . . . the Commonwealth does not object to modifying the Title III Stay to allow the Forfeiture Actions to proceed to judgment in the ordinary course in accordance with the UFA and, if judgment is entered in Movant's favor, to allow Movant to pursue remedies against the Commonwealth under section 19 of the UFA solely with respect to the return of the Forfeited Property or compensation owed in connection with the disposition of the Forfeited Property; however the Commonwealth does not consent to any waiver or modification of the Title III Stay so as to permit the prosecution against the Commonwealth or any of the other Title III debtors of any claim or claims by anyone other than Movant as provided for herein and the Commonwealth reserves all rights, defenses, and protections with respect to any matters pending or that may arise in the Title III Case, including the treatment of any claims arising from the Forfeiture Actions under a plan of adjustment or otherwise in the Title III Case.

(Response ¶ 1.)

The Court finds that the Commonwealth's proffered consent, which permits Cooperativa's prosecution through all phases of its actions under the UFA, including UFA remedies with respect to the return of property or compensation owed in connection with the disposition of property, is sufficient to permit Cooperativa to protect its rights under Commonwealth law.

Application of Adequate Protection Measures

Arguing that it requires adequate protection in addition to stay relief because the Commonwealth has allegedly sold vehicles in contravention of court orders to return them, and because certain provisions of the UFA allegedly work to the legal disadvantage of Cooperativa and its insureds, Cooperative requests that this court enter an order: (1) requiring the Commonwealth segregate proceeds of vehicles that are sold, (2) permitting untimely posting of bonds in connection with forfeiture actions, and (3) requiring that the Commonwealth deliver the subject vehicles to a party posting a bond upon the posting of a bond under the UFA. None of these measures appears to be provided for under the UFA; Cooperativa merely asserts that it has a right to such relief as "adequate protection."

Section 361 of the Bankruptcy Code, made applicable in these proceedings by PROMESA Section 301, requires the provision of adequate protection measures "when adequate protection is required under section 362." 11 U.S.C.S. § 361 (LexisNexis 2009 & Supp. 2017). Section 362 (the automatic stay provision), addresses the lack of adequate protection as a factor in the determination as to whether there is cause to lift the automatic stay but imposes no affirmative obligation to provide adequate protection. Accordingly, because the Court is granting Cooperativa full relief from the automatic stay to pursue its UFA proceedings, Cooperativa has not shown that it has any right to additional measures by way of adequate protection, and its requests for additional relief are denied.

CONCLUSION

With the Commonwealth's consent, the Title III Stay is modified to allow Coopertiva's UFA lawsuits to proceed to judgment in the ordinary course in accordance with the

UFA. If judgment is entered in Cooperativa's favor, Cooperativa is allowed to pursue remedies against the Commonwealth under section 19 of the UFA solely with respect to the return of the Forfeited Property or compensation owed in connection with the disposition of the Forfeited Property.

Cooperativa's Motion is denied in all other respects. This Order resolves docket entry no. 1276 in case no. 17-3283.

SO ORDERED.

Dated: November 13, 2017

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge