**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| CONSEJO DE SALUD PLAYA DE PONCE, et. al.<br><br>Plaintiffs<br><br>v.<br><br>SECRETARY OF HEALTH OF THE COMMONWEALTH OF PUERTO RICO, et. al.<br><br>Defendants | **CONSOLIDATED<br>CIVIL NOS. 06-1260 (GAG)**<br><br>**06-1524 (GAG)**<br><br>**06-1291 (GAG)**<br><br>**03-1640 (GAG)** |

## ORDER AND PRELIMINARY INJUNCTION

In its January 13, 2009 order (Docket No. 180) and order clarifying the same (Docket No. 254) the court ruled that with the exception of FQHCs Loiza andBelaval, the court had not entered a preliminary injunction or TRO directing the Secretary to issue prospective wraparound payments to all FQHCs in these consolidated cases. The court would, in turn, issue an injunction once the Special Master calculated the precise amounts due to the FQHCs.

Special Master César Soto Cintrón on March 14, 2010 indeed calculated the amounts due to the 17 plaintiff FQHCs (including Loiza and Belaval) (see Docket No. 536). On August 31, 2010, the Court issued a show cause order as to why the Court should not enter an order of payment of said amounts (see Docket No. 659).

In the meantime, on October 27, 2010, the Court of Appeals issued yet another opinion in these consolidated cases. See CSILO v. Pérez Perdomo, No. 09-2067, 2010 WL 4227301. In the same, the Court held that the Eleventh Amendment did not preclude *prospective* FQHC wraparound payments *following a forward-looking court order*.

In the case at bar, as pertains to the fifteen FQHCs at issue[1], excluding Loiza and Belaval, the writing was clearly on the wall that prospective injunctive relief *would* issue. However, because no formal injunctive order has yet been issued, the Court is, thus, compelled to deny an injunctive

---

[1] Playa de Ponce, Patillas, Migrant, Gurabo, Ciales, Hatillo, Arroyo, Camuy, Morovis, Cossma, Barceloneta, Castañer, La Montaña, Lares and Rincón.

**Civil No. 06-1260 (GAG)**, **06-1524 (GAG)**, 2
**06-1291 (GAG)**, **03-1640 (GAG)**

request as to the entire amounts calculated by Special Master Soto Cintrón. In doing so, the court disagrees with plaintiffs' contention that defendant in effect waived Eleventh Amendment protection.

The Court nonetheless, hereby enters a preliminary[2] injunction **ORDERING as of this date** the Commonwealth to issue prospective payments to the 15 FQHCs as per the Court's formula. The Court, herein, adopts all of its earlier findings (see order at Docket No. 180).

The Special Master shall **within the next thirty (30) working days** calculate the wraparound sums for these 15 FQHCs for the current quarter. In doing so, he may issue any necessary orders directed at the parties.

The Court, at this time, is not including FQHCs Belaval and Loiza (plaintiffs in consolidated case 03-1640 (GAG)) in this order. Once the mandate in the appeal issues, the Court will enter appropriate orders therein. It will also order the Special Master to calculate the prospective amounts due to these plaintiffs as of the entry of injunctive relief on November 1, 2004.[3]

SO ORDERED.

In San Juan, Puerto Rico this 8th day of November, 2010.

*S/Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge

---

[2] The defendant has requested the entry of a permanent injunction and judgment. See Docket 677 at pages 18-19.

[3] The Special Master already calculated that from April, 2006 until June, 2009, Belaval was owed $3,374,239.00 (Docket Nos. 421, 536) and Loiza $8,064,912 (Docket No. 536). Certainly, these amounts will now be much greater.