IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Debtor | PROMESA<br>Title III<br>No. 17 BK 3283-LTS |
| In Re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTOHORITY<br><br>Debtor | Title III<br>No. 17 BK 4780-LTS<br><br>**Court Filing Relates Only to PREPA and Shall only be Filed Case No. 17-BK-4780 (LTS) and Main Case 17-BK-3283 (LTS)** |

**MOTION REQUESTING LIFTING OF THE STAY**

**TO THE HONORABLE COURT:**

COMES NOW PBJL Energy Corporation, through its undersigned attorney hereby respectfully states as follows:

INTRODUCTION

1. PBJL Energy Corporation seeks the lifting of the stay in *PBJL Energy v. AEE*, Civil Num. KAC 2015-0465, before the Court of First Instance in San Juan. Discovery in the case had ended and the parties were waiting for the Court to celebrate the Pretrial and select dates for trial. The case has to do with PREPA's failure to honor a Power Purchase Agreement with

said company. Movant seeks the specific performance of the contract and if that fails, contractual and extracontractual damages in an amount that is not specified in the complaint. As stated before, discovery has been completed and at the time of the filing of this Title III petition all that was pending was a trial date.

**II. RELIEF REQUESTED**

2. The appearing creditors seeks a modification of the stay imposed by Section 362 of the Bankruptcy Code so that they may continue the Commonwealth Court litigation, the breach of contract, damages, unveiling of the corporate vei and injunctive relief, all issues which are governed by Puerto Rico law, provided, however, that movants will not execute against any assets of the estate, without further order of this Court.

**III. BASES FOR MODIFICATION OF STAY**

3. Pursuant to 11 U.S.C. § 362(d), a bankruptcy court may modify the automatic stay "for cause" to permit the liquidation of a claim in a different court in a pending action. See, *In re Murray Industries, Inc.*, 121 B.R. 635, 636 (Bankr. M.D. Fla. 1990). Although a creditor must make a prima facie case to justify relief from the stay, the Debtor has the ultimate burden of persuasion that "cause" for relief does not exist under § 362 (d). See, *In re Anton*, 145 B.R. 767, 769 (Bankr. E.D.N.Y. 1992).

4. In *Peerles Insurance Company v. Peerless Insurance Comapany*, 208 B.R. 313, 315 (D.R.I. 1997), discussed the term cause:

> Section 362(d)(1) permits a "party in interest" to obtain relief from the Bankruptcy Code's automatic stay provision "for cause." 11 U.S.C. § 362(d)(1). The statute does not define "cause"; but, generally speaking, "cause" is said to exist when the harm that would result from a continuation of the stay would outweigh any harm that might be suffered by the debtor or the debtor's estate if the stay is lifted. Determining whether "cause" exists requires a fact intensive inquiry that must be made on a case by case basis

Courts have identified a number of factors to be considered in making that determination. *See In re Unanue-Casal,* 159 B.R. 90, 95-96 (D.P.R.1993), *aff'd,* 23 F.3d 395 (1st Cir.1994) (listing twelve factors). Four factors that are especially applicable in this case are:
1. the harm to the party seeking relief from the stay (i.e., Peerless) if the stay is not lifted;
2. the harm to the debtor (i.e., Annie's) if the stay is lifted;
3. the interests of creditors; and
4. the effect on the fair and efficient administration of justice.

8. In addition, other courts have considered the following factors:

a. Whether relief would result in a partial or complete resolution of the issue;

b. The lack of any connection with or interference with the bankruptcy case;

c. Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

d. Whether litigation in another forum would prejudice the interests of other creditors;

e. Whether the judgment claim arising from the other litigation is subject to equitable subordination;

f. The interests of judicial economy and the expeditious and economic resolution of litigation;

See e.g., *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990) and *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984).

5. As discussed, a bankruptcy court, may consider many factors when deciding whether to allow existing litigation related to a debtor to continue outside the bankruptcy court. However, bankruptcy courts consistently modify the stay to allow pending litigation to continue when, as in this case, the requested relief from the stay will promote judicial economy and create saving for the litigants without undue prejudice to the estate. See, e.g. *In re Tricare Rehabilitation Systems, Inc.*, 181 BR 569 (Bankr. N.D. Ala. 1994); *In re Robbins*, 964 F.2d 342

(4th Cir. 1992).

6. Here, the cause of action arose before the bankruptcy, litigation was begun before the filing of the petition. Moreover, any decision by the state court would decide the issue of whether movant's contract was valid and if there has been any breach. The state court resolution of the case would not interfere with the management of this Title III case or prejudice creditors. In addition, since the state court would only have to celebrate the pretrial and trial, this would result in judicial economy and an expeditious and economic resolution of this litigation. Hence, the balance of equities and the Sonnax factors weight in favor of lifting the stay as herein requested.

7. Also, as in *In Re Annie's, Inc.*, 201 B.R. 29, 30 (Bankr. R.I. 1996), stated "[w]here neither prejudice to the bankruptcy estate nor interference with the bankruptcy proceeding is demonstrated, the desire of a stayed party to proceed in another forum is sufficient cause to warrant lifting the automatic stay." See also, In *C & A, S. E., v. Puerto Rico Solid Waste Management Authority*, 360 B.R. 12 (Bankr.P.R. 2006). Since that is the case here, the Honorable Court should grant the request for modification of the automatic stay.

8. In sum, the Court should modify the automatic stay and allow the continuation of the Pending Litigation, as there is "cause" pursuant to Section 362(d)(1) of the Bankruptcy Code: the Pending Litigation is a purely a matter of Commonwealth law; as of the Bankruptcy Petition date the aforesaid litigation had already commenced and can be timely adjudicated. Hence, movants request the modification of the automatic stay.

9. Movant PBJL Energy Corporation files Motion Seeking Lifting of the Stay pursuant to Paragraph III.Q of the operative Case Management Order. Movant certifies that pursuant to Paragraph III.Q, it conferred and met with debtor via telephone during the required Lift Stay

Notice period prior to filing the instant motion but could not come to any agreements.

WHEREFORE: PBJL respectfully requests from the Honorable Court a modification of the stay imposed by Section 362 of the Bankruptcy Code so that they may continue the Commonwealth Court litigation, all issues which are governed by Puerto Rico law, provided, however, that movants will not execute against any assets of the estate, without further order of this Court.

Respectfully submitted on this 27th of November, 2017.

CERTIFY: That on this same day, the ECF system sent a copy of this motion to all parties in this litigation.

/s John E. Mudd
John E. Mudd
Bar Number: 201102
Attorney for Plaintiffs
LAW OFFICES JOHN E. MUDD
P. O. BOX 194134
SAN JUAN, P.R. 00919
(787) 413-1673
Fax. (787) 753-2202
jemudd@yahoo.com

5