IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>Plaintiff,<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Debtor[1] | CIVIL NO.: 17-BK-03283 (LTS)<br><br>PROMESA<br><br>TITLE III |

**COOPERATIVA DE SEGUROS MULTIPLES' FOR RECONSIDERATION OF ORDER [ECF NO. 1765]**

**TO THE HONORABLE COURT:**

**COMES NOW** creditor **Cooperativa de Seguros Múltiples de Puerto Rico ("Cooperativa")**, through the undersigned counsel, and respectfully moves the Court for Reconsideration of its November 13, 2017 Order [ECF No. 1765] ("the Order) and states and prays as follows:

LEGAL STANDARD

A motion for reconsideration is directed at allowing a court to correct its own errors. *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). The Court has established that such motion is an extraordinary remedy,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

which must be used sparingly. *In re Pabon Rodriguez*, 233 B.R. 212, 220 (Bankr. D.P.R. 1999), aff'd, 2000 WL 35916017 (B.A.P. 1st Cir. 2000), aff'd, 17 F. App'x 5 (1st Cir. 2001). However, when filing a Motion for Reconsideration, movant must clearly establish a "manifest errors[sic] of law or fact, newly discovered or previously unavailable evidence, **manifest injustice**, and an intervening change in controlling law." *Marie v. Allied Home Mortgage Corp.*, 402 F3rd at 7 (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed.1995)).

Although this Court has not precisely defined "manifest injustice", the term is commonly defined as "[a] direct, obvious, and observable error in a trial court ..." BLACK'S LAW DICTIONARY 1048 (9th ed.2009). *See Grynberg v. Ivanhoe Energy, Inc*. 2010 WL 2802649 (D.Colo.2010). "Where reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is 'apparent to the point of being indisputable.'" *Shirlington Limousine & Transp., Inc. v. United States*, 78 Fed.Cl. 27, 31 (2007) (quoting *Pacific Gas & Electric Co. v. United States*, 74 Fed.Cl. 779, 785 (2006), *aff'd in part*, *rev'd* in part on other grounds, 536 F.3d 1282 (Fed.Cir.2008)).

## RECONSIDERATION

In denying Cooperativa's relief concerning the applicability of the PROMESA §301 and 11 U.S.C. §362 stays to UFA proceedings, the November 13, 2017 Order held that Debtor maintains a conditional interest in property in those cases where an owner challenges the forfeiture and successfully posts a bond. This conditional property interest could also reasonably be called a claim to that property. The UFA is the legislative tool through which Debtor may assert its claim, property owners may defend their property from that claim, and State courts eventually determine whether Debtor's claim of interest is lawful.

Notwithstanding the above, the Order maintains the fiction that Debtor is the defending

party even after recognizing the reality of Debtor's relationship as claimant to its citizens' property in forfeiture proceedings. *Order at p. 3. ("Under the UFA... the Commonwealth has title to the seized vehicles, or at a minimum, has a property interest or conditional interest in the vehicles...")* It is beyond dispute that when a property owner defends its seized property the government's interest in it remains conditional until a court of law holds that government's claim is superior. *United States v. Stowell, 133 U.S. 1, 16-17 (1890); United States v. A Group of Islands Known as "Cayos de Barca", 185 F. Supp. 2d 117, 121 (D.P.R.2001); United States v. Klein (In re Chapman), 264 B.R. 565,569 (9th Cir. B.A.P. 2001).*

The Order allows Debtor to force its citizenry into becoming its involuntary creditors by asserting such a conditional interest, or claim, through the UFA and then using §362 and PROMESA §301 stays to resist property owners' efforts under the same UFA to vindicate their property while it sells the property and finances its operations with the proceeds. Cooperativa submits that such outcomes are manifestly unjust and warrant relief.

The Order also held that §361 applies only in cases where §362 requires adequate protection and concludes in the following sentence that §362 does not require adequate protection. *Order at p. 5. ("Section 362... imposes no affirmative obligation to provide adequate protection.")* 11 U.S.C. §361's adequate protection measures codifies the Fifth Amendment's protections in the Bankruptcy Code. However, the Order's reading of the two statutes renders such protection moot. It also ignores that secured creditors have a Fifth Amendment right to have the value of their secured positions maintained throughout bankruptcy proceedings. *Timbers of Inwood Forest Associates, Ltd.*, 793 F.2d 1380, 1391 (5th Cir. 1986), *aff'd* 484 U.S. 365, 108 S. Ct. 626, 98 L. Ed. 2d 740 (1987). Debtor's elimination of Cooperativa's security interest in the vehicles violates that principle. The Order's failure to recognize Cooperativa's Fifth Amendment

3

right to adequate assurance in the face of Debtor's conduct is another instance of manifest injustice warranting relief.

The Order also held that the UFA, including Article 19, grants CSM all of the adequate protection to which it is entitled. *Order, at p. 4. ("The Court finds that the Commonwealth's proffered consent... is sufficient to permit Cooperativa to protect its rights under Commonwealth law.")* This holding ignores that in reality Article 19 grants CSM and its loss payees no protection whatsoever, adequate or otherwise. The UFA allows Debtor to legally dispose of the vehicles before it is required to make its initial appearance in UFA suits and can therefore claim lack of notice of the State court orders for the return of bonded property. As Cooperativa discussed in its Reply, Debtor does this with regularity. This situation has been brought to the Court's attention before. *See María J. Marchand Sanchez's Motion for Reconsideration of Order* [ECF No. 1200].

In the instant matter Debtor has returned 27 of the 114 Forfeiture Case vehicles, which leaves 87 cases for for which the sole remedy will likely be a money judgment. Cooperativa prevails in approximately 70% of the UFA proceedings it pursues, which should result in approximately 60 money judgments against Debtor. Debtor will then likely oppose execution of those adverse UFA judgments in State courts arguing that, because it commingled the property sale proceeds with other Debtor monies, those UFA Article 19 execution proceedings are claims against Debtor's estate stayed pursuant to PROMESA §301. It will also likely move this Court to stay execution of those money judgments for disposition as part of its plan of adjustment. At that point CSM and its loss payees will have been deprived of their property and will also have been demoted to unsecured creditors from their initial secured positions because the adequate protection the Order provides does not prevent Debtor's destruction of the security interest in the

4

vehicles. Cooperativa submits that this result is also manifestly unjust and warrants relief.

It bears noting that Debtor has accumulated over $1 million in pre-petition Article 19 judgments for Cooperativa despite the latter's efforts to collect on them. Cooperativa focused its prayer for relief on the bond safeguard remedies precisely because it knows that Article 19 provided it no meaningful protection *before* Debtor's PROMESA petition. Unless the Court reconsiders the Order, Article 19 will provide even less protection now when combined with Debtor's use of the PROMESA §301 stay to deflect such proceedings. At a minimum, the Court should clarify whether execution of money judgments under UFA Article 19 will be subject to the Court's 11 U.S.C. §362 and PROMESA §301 stays.

## CONCLUSION

The Court's November 13, 2017 Order creates a framework under PROMESA where Debtor can take its citizens's property, impose an inferior position upon their resulting bankruptcy claim by eliminating its accompanying security interest, and then deny them the return of their property in those cases where they prevail. This manifestly unjust outcome can be avoided granting Cooperative the relief sought in its Motion.

**WHEREFORE**, Cooperativa de Seguros Múltiples respectfully requests that this Honorable Court Reconsider its November 13, 2017 Order and allow Movant to pursue remedies against the Commonwealth under section 19 of the UFA, under the following conditions:

A-In cases where bond is not posted:

1) Debtor will segregate the sale proceeds in an account to secure their availability to provide for their return to Cooperativa in those cases where it eventually prevails; and

5

2) Debtor will allow Cooperativa to post bonds now in those cases where the vehicle remains available in Debtor's control despite the expiration of the statutory limit.

3) When a judgment denying forfeiture and ordering Debtor to return the seized property becomes final:

a) Debtor shall be subject to all remedies available to Cooperativa under Section 19 of the Uniform Forfeiture Act of 2011, 34 L.P.R.A. § 1724 et seq.;

B-In cases where bond is posted and the property is in Cooperativa's possession:

1) The continuation of forfeiture proceedings in Debtor's courts without further Bankruptcy Court involvement.

C- Alternatively, Cooperativa seeks that the Court specifically hold that the PROMESA §301 and 11 U.S.C. §362 Stays are lifted for Cooperativa to execute money judgments under Article 19 of the Uniform Forfeiture Act.

RESPECTFULLY SUBMITTED.

In Lake Worth, Florida, for San Juan, Puerto Rico, on this 27th day of November 2017.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

6

VALDES ORTIZ LAW OFFICES, PA
8461 Lake Worth Rd.
Suite 420
Lake Worth, FL 33467
Tel: (561) 340-1410

**s/ Hector E. Valdes Ortiz**
HECTOR E. VALDES ORTIZ
USDC-PR No. 219411
hvaldes@v-olaw.com

*Counsel for Creditor*
*Cooperativa de Seguros Múltiples*
*De Puerto Rico*