**Hearing Date:** December 20, 2017 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline:** December 5, 2017 at 4:00 p.m. (Atlantic Standard Time)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ———————————————X | |
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-03283 (LTS) |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors.[1] | |
| ———————————————X | |
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-03566 (LTS) |
| as representative of | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, | **This Court filing relates only to Debtor Employees Retirement System of the Commonwealth of Puerto Rico** |
| Debtor. | |
| ———————————————X | |

## THE PUERTO RICO FUNDS' MOTION
## CONDITIONING THE AUTOMATIC STAY ON THE
## CONTINUATION OF ERS BONDHOLDER PROTECTIONS OR,
## ALTERNATIVELY, TO ENFORCE THE COURT'S JULY 17, 2017 ORDER

---

[1] The Debtors in these Title III cases, along with each Debtor's Bankruptcy Court case number and last four (4) digits of each Debtor's federal tax identification number are (i) The Commonwealth of Puerto Rico (Bankr. Case No. 17-bk-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) The Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankr. Case No. 17-bk-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (iii) Puerto Rico Sales Tax Financing Corporation (Bankr. Case No. 17-bk-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iv) Puerto Rico Highways and Transportation Authority (Bankr. Case No. 17-bk-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority (Bankr. Case No. 17-bk-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................... ii

PRELIMINARY STATEMENT ................................................................................... 2

JURISDICTION AND VENUE ................................................................................... 5

BACKGROUND ........................................................................................................ 5

ARGUMENT .......................................................................................................... 10

I.      THE COURT SHOULD CONDITION THE AUTOMATIC STAY ON THE
        CONTINUATION OF THE CURRENT INTERIM ERS BONDHOLDER
        PROTECTIONS SET FORTH IN THE COURT'S ORDER........................................ 10

II.     IN THE ALTERNATIVE, THE COURT SHOULD ENFORCE ITS JULY 17
        ORDER ..................................................................................................... 12

III.    THE COURT SHOULD GRANT THE STAY RELIEF MOTION IF NONE OF THE
        ERS BONDHOLDER PROTECTIONS ARE PROVIDED BY ERS……........................17

NOTICE AND PRIOR COMMUNICATIONS ....................................................... 17

CONCLUSION ....................................................................................................... 17

## <u>TABLE OF AUTHORITIES</u>

### CASES

*Altair Global Credit Opportunities Fund (A), L.L.C., et al. v. Governor Alejandro
    García Padilla, et al.*,
    No. 16-cv-2696 (D.P.R.) ................................................................................................11

*Gomez v. Rivera Rodriguez*,
    344 F.3d 103 (1st Cir. 2003) .................................................................................13, 14, 15

*McAdams v. Mass. Mut. Life Ins. Co.*,
    391 F.3d 287 (1st Cir. 2004) .................................................................................13, 14, 15

*New Seabury Co. Ltd. P'ship v. New Seabury Props., LLC (In re New Seabury
    Co. Ltd. P'ship)*, 374 B.R. 446 (Bankr. D. Mass. 2007) .........................................13

*Peaje Invs. LLC v. García-Padilla*,
    845 F.3d 505 (1st Cir. 2017) .................................................................................6, 10, 12

*Peaje Invs. LLC v. García-Padilla*,
    No. 16-2365 (FAB), 2016 U.S. Dist. LEXIS 153711 (D.P.R. Nov. 2, 2016) .........10

### STATUTES AND OTHER AUTHORITY

11 U.S.C. § 362 ............................................................................................................1

28 U.S.C. § 1331 ..........................................................................................................5

28 U.S.C. § 1391 ..........................................................................................................5

48 U.S.C. § 2161(a) .....................................................................................................1

48 U.S.C. § 2166 ..........................................................................................................5

48 U.S.C. § 2167 ..........................................................................................................5

Certain Puerto-Rico based mutual funds (collectively, the "Puerto Rico Funds," or the "Movants")[2] that hold approximately $719.5 million in uninsured bonds (the "ERS Bonds") issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "ERS") respectfully request, in accordance with this Court's *Order Approving Joint Stipulation Regarding (I) Motion of Certain Secured Claimholders of Employees Retirement System of the Government of the Commonwealth of Puerto Rico For Adequate Protection and Stay Relief and Reservation of Rights and (II) Motion of Debtors Pursuant to PROMESA Section 301(a) and Bankruptcy Code Section 105(a), 362(a), 365, and 922 for Entry of an Order Confirming Application of the Automatic Stay, Stay of Prepetition Lawsuits and Actions and Application of Contract Protections* entered on July 17, 2017 [ECF No. 171] (the "Order"), that the Court condition the automatic stay imposed pursuant to Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), *see* 48 U.S.C. § 2161(a) (incorporating 11 U.S.C. § 362) on the continuation of the current *status quo* protections for holders of the ERS Bonds (the "ERS Bondholders") mandated by the Court's Order, and in the absence of such continued protections, grant relief from the automatic stay.  Alternatively, Movants seek enforcement of the Court's Order requiring ERS to continue to make current monthly interest payments to ERS Bondholders pending resolution of the summary judgment motions in ERS's declaratory judgment action, Adversary Proceeding No. 17-00213-LTS.

---

[2] These funds include the following:  Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

In support of the Motion, Movants respectfully state as follows: [3]

## PRELIMINARY STATEMENT

1.     This is a simple, yet urgent, motion necessitated by the position taken by the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), on behalf of ERS, that **all** interim protections for ERS Bondholders approved by this Court's Order ended on October 31, 2017.  The Order approved that certain Joint Stipulation dated July 14, 2017 (the "Joint Stipulation"),[4] which resolved the ERS Bondholders' initial stay relief motion (the "Stay Relief Motion").[5]  That Joint Stipulation sets forth, *inter alia*, (i) a declaratory relief action by ERS (the "Declaratory Relief Action") to resolve challenges to the validity, priority and extent of the liens and security interests of the ERS Bonds; (ii) a discovery period and briefing schedule for motions for summary judgment in the Declaratory Relief Action, with the motions originally scheduled for hearing on October 31, 2017; and (iii) the provision of certain interim ERS Bondholder protections including (x) payment of current interest to ERS Bondholders from the Prepetition Segregated Account (defined in the Joint Stipulation) through the Briefing Period[6] (the "Monthly Interest Payments"), and (y) the establishment of a new Post-Petition Segregated Account (defined in the Joint Stipulation) into which the Commonwealth of Puerto Rico (the "Commonwealth") was required to deposit $18.5 million a month from June through October 2017, such amounts deemed to be made by entities other than the Commonwealth in respect of

---

[3] A proposed order is attached hereto as **Exhibit A.**

[4] Joint Stipulation [ECF No. 170], attached hereto as **Exhibit B.**

[5] *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico Request for Adequate Protection and for Relief from the Automatic Stay* [ECF No. 26].

[6] Specifically, the Joint Stipulation defines "Briefing Period" as July 17, 2017 "through and including the date that the Court renders a ruling with respect to the Parties' motions for summary judgment on the Declaratory Relief Action in accordance with Schedule 1 [of the Joint Stipulation]."  Joint Stipulation at ¶ C.

retirement benefits owed to retirees of such entities (the "Post-Petition Deposits" and collectively with the Monthly Interest Payments, the "Interim ERS Bondholder Protections").

2.      As stated, the Court originally scheduled the hearing on the parties' motions for summary judgment in the Declaratory Relief Action for October 31, 2017 (the "Hearing").[7]  Due to unresolved discovery issues and the impact of Hurricanes Maria and Irma on Puerto Rico, the Court rescheduled that Hearing to December 13, 2017.  To maintain the *status quo* under this modified litigation schedule, counsel for Movants discussed with counsel for AAFAF a consensual continuation of the Interim ERS Bondholder Protections.  AAFAF, however, flatly refused every proposal.

3.      To make matters worse, on November 17, 2017, AAFAF sent a letter to counsel to the fiscal agent, Bank of New York Mellon ("BNYM"), threatening BNYM with a violation of ERS's automatic stay for ***complying*** with this Court's Order and the Joint Stipulation by making the November interest payments to the ERS Bondholders (the "AAFAF Letter").[8]  There could be no such violation, however, where, among other things, paragraph F of the Joint Stipulation required ERS to transfer funds for the Monthly Interest Payments to BNYM ***until the conclusion of this Court's ruling on the parties' summary judgment motions***.  And, as required by paragraph F of the Joint Stipulation, ERS did in fact transfer the funds for the November interest payments (approximately $13.87 million) to BNYM ***on October 18, 2017***, and BNYM distributed such payment to ERS Bondholders ***on November 1*** in accordance with the Order, the Joint Stipulation and the ERS Bond Resolutions.  Now, a month after transferring the November interest payments to BNYM and after BNYM distributed the November interest payments to ERS Bondholders, AAFAF has threatened BNYM with a violation of the automatic stay ***and***

---

[7] Order [ECF No. 171], attached hereto as **Exhibit C.**

[8] A copy of the AAFAF Letter is attached hereto as **Exhibit D**.

made a demand on BNYM that "the [November interest payments] be immediately restored in their entirety to the appropriate ERS account."  BNYM responded to the AAFAF Letter on November 21, 2017 (the "BNYM Response Letter.").[9]

4.      Put simply, AAFAF has put ERS Bondholders in an untenable position that requires further relief from this Court.  The Joint Stipulation makes clear that Movants may seek additional relief from this Court beginning October 31, 2017.[10]  Movants are based in Puerto Rico and thus acutely aware of the devastation caused by Hurricanes Maria and Irma.  While Movants have consistently pointed out that the majority of their thousands of Puerto Rico-based shareholders are retirees who rely heavily on the Puerto Rico Funds' dividends derived from the interest payments on the ERS Bonds to cover their basic living expenses, the catastrophic impact of those hurricanes on these shareholders make this Motion even more necessary.  Movants' shareholders are in many cases wholly reliant on the Puerto Rico Funds' Monthly Interest Payments as their principal (or even sole) source of income to meet their most pressing needs in these difficult times.  And yet, as these shareholders currently face an unprecedented humanitarian crisis, AAFAF, on behalf of ERS, refuses to continue those desperately needed payments, despite its prior agreement to provide them in the Joint Stipulation and this Court's Order requiring it to do so.  This position appears all the more egregious in view of the Commonwealth's recent announcement that it will, in the coming days, make Christmas bonus payments of close to $113 million to central government employees, including to retired workers, in order to help public employees confront great challenges.

5.      To be clear, all that Movants seek here is maintaining the *status quo* by continuing the Interim ERS Bondholder Protections pending this Court's ruling on the parties'

---

[9] A copy of the BNYM Response Letter is attached hereto as **Exhibit E**.

[10] Joint Stipulation at ¶ C.

motions for summary judgment in the Declaratory Relief Action.[11]  Alternatively, at the very

least, the Court should enforce its Order and the Joint Stipulation, which require payment of the

Monthly Interest Payments to ERS Bondholders from the Prepetition Segregated Account

pending the Court's summary judgment ruling in the Declaratory Relief Action.[12]  Finally, in the

absence of any such relief, the Court should grant the Stay Relief Motion.[13]

## JURISDICTION AND VENUE

6.       This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1331 and 48

U.S.C. § 2166(a).  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 48 U.S.C.

§ 2167(a).

## BACKGROUND[14]

7.       ERS has long acknowledged that ERS Bondholders are entitled to adequate

protection.  Indeed, ERS agreed to provide adequate protection twice before this Title III case

was even filed:

- *First*, in January, after the United States Court of Appeals for the First Circuit

---

[11] For the avoidance of doubt, nothing in this Motion or the relief requested herein shall constitute an admission by movants regarding adequate protection of their interests under the ERS Bonds.  Movants expressly reserve all rights with respect to adequate protection, including seeking additional adequate protection from this Court as expressly provided in paragraph C of the Joint Stipulation.

[12] Additionally, Movants submit that the ERS Bonds are comprised of "current interest bonds" ("ERS CIBs") and "capital appreciation bonds" ("ERS CABs") – which rank *pari passu* with each other.  Unlike COFINA, there are *no* subordinated ERS Bonds.  Accordingly, to provide equal protection among ERS bondholders, Movants respectfully request that all further Interest Payments transferred by ERS to BNYM for payment to ERS bondholders in accordance with the Joint Stipulation (without increasing such aggregate amounts transferred by ERS) be paid by BNYM ratably to the holders of ERS CIBs (based upon actual monthly interest) and ERS CABs (based upon accreted monthly interest).

[13] Movants incorporate herein the Stay Relief Motion by reference.

[14] Again, for the avoidance of doubt, Movants hereby fully incorporate by reference the factual, statutory, and procedural background set forth in the Stay Relief Motion.  *See* Stay Relief Motion at 4-17.

described Movants' request for adequate protection by means of sequestering ERS's employer contributions "to be quite modest" when ruling that the ERS Bondholders were entitled to a hearing on adequate protection, [15] the parties entered into their first stipulation, which this Court approved, requiring that all employer contributions received by ERS during the pendency of the section 405 PROMESA stay would be transferred into a segregated account.  *See* Case No. 16-cv-02696, ECF No. 82 (first joint stipulation); ECF No. 83 (Besosa, J.) (Jan. 17, 2017 order approving first joint stipulation).

- ***Second,*** in April, the parties entered into their second stipulation, which this Court approved, requiring ERS to transfer to the Fiscal Agent amounts necessary for the payment of interest on the ERS Bonds until notice is given otherwise.  *See* Case No. 16-cv-02696, ECF No. 85 (second joint stipulation); ECF No. 86 (Besosa, J.) (Apr. 11, 2017 order approving second joint stipulation).

8.      After ERS's Title III case was filed, however, the Oversight Board refused to continue providing adequate protection in a manner similar in design to the parties' first and second stipulations.  Thus, on May 31, 2017, Movants and other ERS Bondholders were forced to file their Stay Relief Motion.  [ECF No. 26.]

9.      ERS, the Oversight Board, and AAFAF opposed the Stay Relief Motion, taking positions directly at odds with their prior representations to this Court and the First Circuit by arguing for the first time that Movants did not have valid and enforceable liens on ERS's pledged property because their security interests allegedly had never been perfected.  *See, e.g.*, ECF No. 98 at 12-16; ECF No. 100.

10.     This Court held a hearing on the Stay Relief Motion in San Juan on June 28, 2017. Almost immediately, the Court questioned the Oversight Board why it would not be appropriate to – as an interim step – have the employer contributions "sequestered in a manner similar to the interpleader arrangement that was set up in the BNY COFINA" case.  Hr'g Tr. 4:24-5:1 (June 28, 2017).  The Oversight Board did not immediately respond.  *See id.*  Later, after the conclusion of

---

[15] *Peaje Invs. LLC v. García-Padilla*, 845 F.3d 505, 514, n.5 (1st Cir. 2017) ("We note that the [ERS Bondholders'] request for adequate protection here appears to be quite modest. They ask only that the employer contributions collected during the PROMESA stay be placed 'in an account established for the benefit of Movants.'").

the parties' presentations, the Court again proposed the idea of sequestering the employer contributions pending resolution of ERS's perfection arguments.  Hr'g Tr. 47:14-23.  The Court asked whether the parties would "negotiate something along the lines of what I said."  Hr'g Tr. 48:17-19.  The parties agreed.  Hr'g 48:20-49:12.

11.     After a series of negotiations, Movants (along with other ERS Bondholders), ERS, the Commonwealth, AAFAF, and the Oversight Board resolved the Stay Relief Motion by executing the Joint Stipulation.  [ECF No. 170.]  The Court entered its Order approving the Joint Stipulation on July 17, 2017.  [ECF No. 171.]

12.     The Joint Stipulation and Order accomplished two things: *First*, they established a litigation schedule for a new adversary proceeding to determine ERS's perfection challenges – *i.e.,* the Declaratory Relief Action.  *Second*, they established the Interim ERS Bondholder Protections.

13.     With respect to the litigation, the parties agreed that ERS would institute the Declaratory Relief Action, and Schedule 1 of the Joint Stipulation delineated a detailed timeline for the litigation.  Specifically, Schedule 1 included a period of fact discovery to allow the parties to fully develop their claims, as well as a briefing schedule for the parties' motions for summary judgment, which they anticipated being heard at the originally scheduled Hearing set for October 31.  *See* Joint Stipulation, Sch. 1; *see also* Order at 2.

14.     With respect to the Interim ERS Bondholder Protections, the parties agreed that the Commonwealth would cause the Post-Petition Deposits to be deposited into the Post-Petition Segregated Account on the specific dates set forth in Schedule 2 of the Joint Stipulation, such amounts being deemed to be made by entities other than the Commonwealth in respect of retirement benefits owed to retirees of such entities.  *See* Joint Stipulation at ¶ F.  Consistent with

- 7 -

the parties' anticipated October 31 summary judgment hearing date, the last Deposit was scheduled for October 31, 2017. *Id.* As required by the Joint Stipulation, counsel for AAFAF has represented that the last Post-Petition Deposit was made on October 31, 2017. The parties also agreed that ERS would make the Monthly Interest Payments to ERS Bondholders from the Prepetition Segregated Account that had been established under the parties' first stipulation. *Id.* Unlike the Post-Petition Deposits, however, there was no final scheduled date for the Monthly Interest Payments. Instead, consistent with the notion that there could be no ruling on the parties' motions for summary judgment before the October 31 hearing, the parties agreed that Monthly Interest Payments would be made each month through at least October 1, but in any event through and including the date this Court renders a ruling on the motions for summary judgment in the Declaratory Relief Action. *See* Joint Stipulation at ¶ D ("Interest on the ERS Bonds shall be paid when due through the interest due on October 1…."); ¶ F ("[U]ntil the conclusion of the Briefing Period, ERS shall transfer from the Prepetition Account to the Fiscal Agent for the payment of interest on the ERS Bonds…the amount necessary to pay interest on the ERS Bonds due and payable on the first day of the next succeeding month, in accordance with the ERS Bond Resolutions."); ¶ C ("The term 'Briefing Period' shall mean the date hereof <u>through and including the date that the Court renders a ruling</u> with respect to the Parties' motions for summary judgment ….") (emphasis added).

15.     For their part, the ERS Bondholders agreed that the Monthly Interest Payments and Post-Petition Deposits together would constitute interim adequate protection through October 31, 2017.

16.     In accordance with Schedule 1 of the Joint Stipulation, ERS filed its complaint in the Declaratory Relief Action on July 21, 2017. Case No. 17-00213, ECF No. 1. ERS and the

bondholder defendants then propounded significant discovery requests, again in accordance with
Schedule 1 of the Joint Stipulation.  *See* Case No. 17-00213, ECF No. 40, Exhibits G, K.  It
quickly became apparent, however, that the parties disagreed on the scope of discovery and
privilege issues.  The parties subsequently engaged in a series of meet-and-confers, as well as
discovery motion practice.  *See, e.g.*, Case No. 17-00213, ECF Nos. 38, 70.  Meanwhile,
Hurricanes Maria and Irma tore through Puerto Rico, sowing disaster on the island's residents
and further complicating and delaying discovery.

17.     Consequently, the litigation schedule set forth in Schedule 1 of the Joint
Stipulation required modification, and the Court entered an order resetting the October 31
hearing on the parties' motions for summary judgment for December 13, 2017.  *See* Case No.
17-00213, ECF No. 68.

18.     The parties filed their respective motions for summary judgment on November 3,
2017, and briefing on those motions concluded on November 22, 2017.  *See id.*

19.     Consistent with the Joint Stipulation, ERS transferred the funds necessary for the
Monthly Interest Payments for each month, through and including the November 1, 2017 interest
payment, for the benefit of the ERS Bondholders.  It was only *after* ERS transferred the funds for
the November 1, 2017 interest payments that it did an about face – without explanation – and
took the position a month later that it was only required to make Monthly Interest Payments
through October 1, 2017.  On November 17, 2017, AAFAF, on behalf of ERS, sent the AAFAF
Letter, accusing BNYM of having violated the automatic stay for distributing the November 1,
2017 interest payments to the ERS Bondholders on the grounds that the October interest
payments should have been the last of the Monthly Interest Payments.  Yet AAFAF does not
even attempt to explain why, if this was its understanding of the Order all along, ERS caused the

funds for the November interest payments to be transferred to BNYM on October 18, 2017 in the first place.

20.     Not only did AFFAF demand the return of the November 1, 2017 interest payments, it also refused to transfer the funds necessary for the December 1, 2017 interest payments to BNYM on or before November 20, 2017 as required by the Joint Stipulation and this Court's Order.  *See* Joint Stipulation, ¶ F.  BNYM delivered the BNYM Response Letter to AAFAF on November 21, 2017.  This Motion followed.

## ARGUMENT[16]

## I.   THE COURT SHOULD CONDITION THE AUTOMATIC STAY ON THE CONTINUATION OF THE CURRENT INTERIM ERS BONDHOLDER PROTECTIONS SET FORTH IN THE COURT'S ORDER

21.     As this Court and the First Circuit have already recognized, Movants hold a constitutionally-protected property interest, unless and until this Court rules otherwise in the Declaratory Relief Action.  *See Peaje Invs. LLC v. García -Padilla*, No. 16-2365 (FAB), 2016 U.S. Dist. LEXIS 153711, at *23-*25 (D.P.R. Nov. 2, 2016) (agreeing that the Movants were entitled to adequate protection); *Peaje Invs. LLC v. García-Padilla*, 845 F.3d 505 (1st Cir. 2017) (stating that ERS Bondholders sufficiently stated a claim entitling them to a hearing on whether adequate protection was present under the circumstances).  Indeed, the Commonwealth, ERS, and the Oversight Board all previously acknowledged the breadth of Movants' security interests and liens:

- the **ERS** stated that Movants have "valid and enforceable liens over hundreds of millions of dollars of ERS revenue, which will continue to grow";[17]

---

[16] Once again, for the avoidance of any doubt, Movants hereby fully incorporate by reference the legal arguments set forth in the Stay Relief Motion.  *See* Stay Relief Motion at 17-27.

[17] Brief for ERS at 14, Case No. 16-2433 (1st Cir. Dec. 23, 2016).

- the **Commonwealth** stated that the "security interest and lien in favor of the ERS Bondholders is indefinite, and ends only upon satisfaction of ERS's outstanding debt obligations";[18] and

- the **Oversight Board** represented that the "perpetual revenue streams that secure [Movants'] claims would still be available for future payments under yet-to-be negotiated fiscal plans or in future proceedings under PROMESA."[19]

22. The Commonwealth has already ceased making employer contributions to ERS and recently enacted legislation that completely dismantles ERS, replacing it with a new "PayGo" pension system. Specifically, Joint Resolution 188 ("Joint Resolution 188")[20] requires, *inter alia*, ERS to liquidate its assets for distribution to the Commonwealth General Fund and directs participating employers to make future employer contributions to the Commonwealth General Fund, rather than ERS. *See* Joint Resolution 188 §§ 1, 2, 3. Joint Resolution 188, as later supplemented by P.R. Act 106-2017, was enacted to strip ERS of its assets and divert ERS's employer contributions away from the reach of ERS Bondholders. According to this new legislation, ERS is to be completely dissolved by the end of this year. *See* Act 106-2017, §§ 4.1, 5.1(b), 5.3 (providing that, unless an extension is granted, ERS is to be dissolved by December 31, 2017 and that the new retirement board will have the authority to dispose of all of ERS's property and equipment).

23. Despite this obvious impairment of Movants' collateral, ERS refuses to continue the Interim ERS Bondholder Protections or comply with the Joint Stipulation requiring deposit of the Monthly Interest Payments with BNYM through this Court's ruling on the summary

---

[18] Brief in Opposition, *Altair Global Credit Opportunities Fund (A), L.L.C., et al. v. Governor Alejandro García Padilla, et al.*, No. 16-cv-2696 (D.P.R.), ECF No. 53, at 5.

[19] Brief in Opposition, *Altair Global Credit Opportunities Fund (A), L.L.C., et al. v. Governor Alejandro García Padilla, et al.*, No. 16-cv-2696 (D.P.R.), ECF No. 56, at 12.

[20] The Puerto Rico legislature passed Joint Resolution 188 on June 25, 2017, and the Oversight Board adopted it on behalf of the Governor on June 30, 2017. An unofficial English translation of Joint Resolution 188 can be found at https://juntasupervision.pr.gov/wp-content/uploads/wpfd/50/5983ddf3eed0e.pdf.

judgment motions in the Declaratory Relief Action. Previously, in accordance with the parties'

first stipulation, ERS, the Commonwealth, and the Oversight Board agreed to provide adequate

protection by transferring all employer contributions received during the PROMESA automatic

stay to a segregated account for the benefit of Movants – a solution the First Circuit described as

"quite modest" and "sensible," *Peaje Invs. LLC v. García-Padilla*, 845 F.3d at 514.

24.     Then, pursuant to the Joint Stipulation, ERS, the Commonwealth, the Oversight

Board, and AAFAF agreed to the Interim ERS Bondholder Protections (*i.e.*, the Post-Petition

Deposits and Monthly Interest Payments). *See* ¶¶ 13-16, *supra*. But while the parties anticipated

a summary judgment hearing on October 31, they could not have foreseen the discovery battles

and natural disasters that pushed them off course.

25.     AAFAF has flatly rejected Movants' attempts to negotiate any kind of extension

of the Interim ERS Bondholder Protections through the date of the Court's summary judgment

ruling. These refusals come at a time when Movants' shareholders – who consist of residents of

Puerto Rico – desperately need to protect their property interests and receive their Monthly

Interest Payments as they strive to rebuild their lives post-Hurricanes Maria and Irma.

## II.  <u>IN THE ALTERNATIVE, THE COURT SHOULD ENFORCE ITS JULY 17 ORDER</u>

26.     It is undisputed that the Court has not yet ruled in the Declaratory Relief Action

and thus the "Briefing Period," as that term is used in the Joint Stipulation, has not yet

concluded. *See* Joint Stipulation at ¶ C ("The term 'Briefing Period' shall mean the date hereof

through and including the date that the Court renders a ruling with respect to the Parties' motions

for summary judgment ….").

27.     It is also undisputed that the Joint Stipulation and Order requires ERS to make the

Monthly Interest Payments to the ERS Bondholders through the "Briefing Period." *See* Joint

Stipulation at ¶ F ("[U]ntil the conclusion of the Briefing Period, ERS shall transfer from the Prepetition Account to the Fiscal Agent for the payment of interest on the ERS Bonds…the amount necessary to pay interest on the ERS Bonds due and payable on the first day of the next succeeding month, in accordance with the ERS Bond Resolutions.").

28.     And yet, ERS, through AAFAF, refuses to make any further Monthly Interest Payments for the benefit of Movants' shareholders – vulnerable residents of Puerto Rico who are in desperate need of those funds ***now***.

29.     ERS may try to argue that further Monthly Interest Payments are not required under the Court's Order, isolating and relying solely on paragraph D of the Joint Stipulation. That paragraph provides: "Interest on the ERS Bonds shall be paid when due through the interest due on October 1…." Joint Stipulation, ¶ D. But this interpretation is contrary to the well-established cannons of contract construction and ERS's own conduct.

30.     Stipulations are subject to general contract interpretation principles. *Gomez v. Rivera Rodriguez*, 344 F.3d 103, 121 (1st Cir. 2003); *New Seabury Co. Ltd. P'ship v. New Seabury Props., LLC (In re New Seabury Co. Ltd. P'ship)*, 374 B.R. 446, 461 & n.36 (Bankr. D. Mass. 2007). "The meaning of a contract cannot be understood merely by isolating words and interpreting them as though they stood alone." *New Seabury*, 374 B.R. at 462 (internal quotation marks and citation omitted). Instead, it "is axiomatic that a contractual term should be construed in the context of the contract as a whole" and "separate clauses should be reconciled whenever possible." *Gomez*, 344 F.3d at 121; *see also McAdams v. Mass. Mut. Life Ins. Co.*, 391 F.3d 287, 299 (1st Cir. 2004) (terms should be reconciled "[e]ven if a contract might arguably appear ambiguous from its words alone…if the alternative reading is inherently unreasonable when placed in context").

31.     Here, the term of the Monthly Interest Payments is clear – paragraph F of the
Joint Stipulation requires ERS to make such payments until the conclusion of "Briefing Period,"
which paragraph C in turn defines to mean "through and including the date that the Court renders
a ruling with respect to the Parties' motions for summary judgment on the Declaratory Relief
Action," *id.* at ¶ C.  The fact that paragraph D provides for Monthly Interest Payments through
October 1 is not inconsistent with paragraph F.  Paragraph F requires ERS to make Monthly
Interest Payments until the Court's decision on the motions for summary judgment, and Schedule
1 of the Joint Stipulation contemplated that no such decision could be made prior to October 1
where such motions would not be heard until October 31.  In other words, the Joint Stipulation
provides that Monthly Interest Payments "shall" be due through October 1, but they might also
be due thereafter if the Briefing Period remains open.  In fact, that is now the case.  Thus,
paragraph D, when considered in context with the Joint Stipulation as a whole, can (and indeed
must) be reconciled with paragraph F.  *See McAdams*, 391 F.3d at 299; *Gomez*, 344 F.3d at 121.

32.     Other provisions of the Joint Stipulation also support interpreting the term of
Monthly Interest Payments to include the time until the Court rules on the parties' motions for
summary judgment.  For example, the Joint Stipulation requires the Commonwealth to make the
Post-Petition Deposits into the Post-Petition Segregated Account on specific dates set forth in
Schedule 2 of the Joint Stipulation.  The Joint Stipulation then provides the following limiting
language with respect to the Post-Petition Deposits: "Except as set forth in Schedule 2, no further
deposits into the [Post-Petition Segregated Account] shall be required without further Court
order until the Briefing Period ends, at which time the rights of the Parties will be determined by
applicable law."  Joint Stipulation at ¶ F.  Thus, the Joint Stipulation was careful to expressly
limit the term for the Post-Petition Deposits to the dates set forth in Schedule 2, irrespective of

- 14 -

whether the Briefing Period extended past those dates.  There is no parallel limiting language or caveat, meanwhile, for the term of Monthly Interest Payments.  Indeed, unlike the Post-Petition Deposits, no schedule was even included for the Monthly Interest Payments; rather, the term was expressly defined to include the time through which the Court ruled on the motions for summary judgment.

33.     Movants' interpretation allows both paragraphs to be acknowledged and read together reasonably, while the alternative reading that Monthly Interest Payments are due only through October 1 wholly ignores paragraph F and is therefore unreasonable.  *See McAdams*, 391 F.3d at 299.  Because the two provisions can be harmonized, the Joint Stipulation is clear and unambiguous as a matter of law.  *See id.*; *Gomez*, 344 F.3d at 121.

34.     Finally, Movants' interpretation is consistent with ERS's own course of conduct. On October 18, 2017, ERS transferred to the fiscal agent amounts sufficient to make the November 1, 2017 interest payments.  This was in keeping with the terms of the Joint Stipulation and Order, which required the Monthly Interest Payments to continue until the lien challenge litigation is resolved.  This payment is entirely contrary to a reading that the Monthly Interest Payments were only required through October 1, 2017.  If the language of paragraph D provided a firm end date for the Monthly Interest Payments – for the reasons explained above, it does not – the November 1 interest payment should not have been made.  But it was.  Movants' reading of the Joint Stipulation not only harmonizes all of the provisions of the document, but it is also consistent with ERS's own conduct.  *See P.R. Tel. Co. v. Sprintcom, Inc.*, 662 F. 3d 74, 90-91 (1st Cir. 2011) (noting that, under Puerto Rico law, the parties' intent is relevant for contract interpretation and that a party's act subsequent to the contract is evidence of its intent); P.R. Laws Ann. tit. 31, § 3472 ("In order to judge as to the intention of the contracting parties,

attention must principally be paid to their acts, contemporaneous and subsequent to the contract.").

35.     ERS and AAFAF will undoubtedly reference the AAFAF Letter to BNYM to argue that the November 1, 2017 interest payments should not have been made, and that BNYM violated the automatic stay when disbursing such payments.  However, as BNYM emphatically states in the BNYM Response Letter, these allegations are unequivocally contrary to the following facts: (i) that ERS voluntarily transferred the funds for the November interest payments to BNYM on October 18, 2017, (ii) that neither ERS nor AAFAF asked BNYM to withhold the scheduled interest payment prior to the November 1 payment date,[21] and (iii) that payment of the November interest payments was required by paragraph F of the Joint Stipulation and therefore timely and properly made by BNYM.  In further support of interpreting the term of Monthly Interest Payments to include the time until the Court rules on the parties' motions for summary judgment, the BNYM Response Letter specifically refers to paragraph F of the Joint Stipulation, explaining that paragraph F requires ERS to transfer funds for the Monthly Interest Payments "'until conclusion of the Briefing Period,'" defined as "'through and including the date the Court renders a ruling with respect to the Parties' motions for summary judgment,'" which has not yet occurred.[22]  In making the November interest payments, BNYM "merely performed its administrative function…as required by the parties' agreement to distribute the interest payment to its intended recipients."[23]  Indeed, BNYM notes that "ERS may be in violation of paragraph F of the Stipulation for failing to remit the debt service payment due on December 1,

---

[21] As BNYM points out in the BNYM Response Letter, "[b]y comparison, when AAFAF contended that ERS's May 2017 debt service payment was sent in error, ERS submitted a requisition, demanding that the funds be returned, on the same day." BNYM Response Letter at p. 1.

[22] *Id.* at p. 2 (quoting the Joint Stipulation).

[23] *Id*. at p. 3.

2017, to BNYM by November 20, 2017."[24]  For these reasons, among others, BNYM determines that AAFAF's "allegations are contrary to the facts and the law" and requests that AAFAF withdraw its letter accordingly.[25]  Simply put, as already recognized by BNYM, the AAFAF Letter does not change the course of ERS's conduct nor the fact that it continued to transfer funds for Monthly Interest Payments after October 1; the letter simply represents an attempt by lawyers to create a different record after the fact.

### III.  THE COURT SHOULD GRANT THE STAY RELIEF MOTION IF NONE OF THE ERS BONDHOLDER PROTECTIONS ARE PROVIDED BY ERS

36.     Finally, if the Interim ERS Bondholder Protections are not continued through this Court's rulings on the summary judgment motions or the Court does not grant Movants' request to enforce the Order and Joint Stipulation with respect to the continued payment of the Monthly Interest Payments, the Court should grant the Stay Relief Motion.

### NOTICE AND PRIOR COMMUNICATIONS

37.     Prior to filing this Motion, counsel for Movants engaged in reasonable good-faith communications to resolve or narrow the issues identified herein.  Counsel for AFFAF, on behalf of ERS, notified counsel for Movants that it opposed the relief sought herein.

### CONCLUSION

Based on the above and foregoing, Movants respectfully request that the Court enter an order (a) conditioning the automatic stay on the continuation of the *status quo* Interim ERS Bondholder Protections mandated in this Court's Order through and until such time as the Court enters a ruling on the parties' motions for summary judgment in the Declaratory Relief Action; (b) in the alternative, enforcing the Court's Order and requiring ERS to continue Monthly

---

[24]  *Id.* at p. 2.

[25]  *Id.* at p. 1.

Interest Payments through and until such time as the Court enters a ruling on the parties' motions

for summary judgment in the Declaratory Relief Action; or (c) in the alternative, granting the

Stay Relief Motion and any such other and further relief as the Court may deem proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, today November 28, 2017.

By:

| | |
|---|---|
| */s/ Alicia I. Lavergne-Ramírez* | */s/ John K. Cunningham* |
| José C. Sánchez-Castro | Glenn M. Kurtz (*pro hac vice*) |
| USDC-PR 213312 | John K. Cunningham (*pro hac vice*) |
| jsanchez@sanpir.com | WHITE & CASE LLP |
| | 1221 Avenue of the Americas |
| Alicia I. Lavergne-Ramírez | New York, NY 10036 |
| USDC-PR 215112 | Tel. (212) 819-8200 |
| alavergne@sanpir.com | Fax (212) 354-8113 |
| | gkurtz@whitecase.com |
| Maraliz Vázquez-Marrero | jcunningham@whitecase.com |
| USDC-PR 225504 | |
| mvazquez@sanpir.com | Jason N. Zakia (*pro hac vice*) |
| | WHITE & CASE LLP |
| SÁNCHEZ PIRILLO LLP | 200 S. Biscayne Blvd., Suite 4900 |
| 270 Muñoz Rivera Avenue, Suite 1110 | Miami, FL 33131 |
| San Juan, PR 00918 | Tel. (305) 371-2700 |
| Tel. (787) 522-6776 | Fax (305) 358-5744 |
| Fax: (787) 522-6777 | jzakia@whitecase.com |

*Counsel for Movants Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free*

*Counsel for Movants Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Inc., Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V,*

*Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.*

*Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send certifications of such filing to all CM/ECF participants in this case.

*/s/ Alicia I. Lavergne-Ramírez*
Alicia I. Lavergne-Ramírez

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ———————————————————X | ) | PROMESA |
| In re: | ) | Title III |
| | ) | |
| THE FINANCIAL OVERSIGHT AND | ) | |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) | Case No. 17-03283 (LTS) |
| | ) | |
| as representative of | ) | (Jointly Administered) |
| | ) | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | ) | |
| | ) | |
| Debtors.[1] | ) | |
| | ) | |
| | ) | |
| ———————————————————X | ) | PROMESA |
| | ) | Title III |
| In re: | ) | |
| | ) | Case No. 17-03566 (LTS) |
| THE FINANCIAL OVERSIGHT AND | ) | |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) | |
| | ) | |
| as representative of | ) | |
| | ) | |
| THE EMPLOYEES RETIREMENT SYSTEM OF | ) | **This Court filing relates only to** |
| THE GOVERNMENT OF THE | ) | **Debtor Employees Retirement** |
| COMMONWEALTH OF PUERTO RICO, | ) | **System of the Commonwealth of** |
| | ) | **Puerto Rico** |
| Debtor. | ) | |
| ———————————————————X | | |

## ORDER GRANTING THE PUERTO RICO FUNDS' MOTION CONDITIONINING THE AUTOMATIC STAY ON THE CONTINUATION OF ERS BONDHOLDER PROTECTIONS OR, ALTERNATIVELY, TO ENFORCE THE COURT'S JULY 17, 2017 ORDER

Upon consideration of the *Puerto Rico Funds' Motion Conditioning the Automatic Stay on*

---

[1] The Debtors in these Title III cases, along with each Debtor's Bankruptcy Court case number and last four (4) digits of each Debtor's federal tax identification number are (i) The Commonwealth of Puerto Rico (Bankr. Case No. 17-bk-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) The Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankr. Case No. 17-bk-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (iii) Puerto Rico Sales Tax Financing Corporation (Bankr. Case No. 17-bk-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iv) Puerto Rico Highways and Transportation Authority (Bankr. Case No. 17-bk-3567 (LTS)) (Last Four Digits of Federal Tax ID:  3808); and (v) Puerto Rico Electric Power Authority (Bankr. Case No. 17-bk-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

*the Continuation of ERS Bondholder Protections or, alternatively, to Enforce the Court's July 17, 2017 Order*, dated November 28, 2017 (the "Motion"),[2] and it appearing (i) that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a); (ii) that venue of this proceeding and the Motion in this District is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); and (iii) that notice of the Motion was adequate and proper under the circumstances and that no further or other notice need be given; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED that:

1.      The Motion is GRANTED as set forth herein.

2.      The ERS shall transfer to the Fiscal Agent[3] for the payment of interest on the ERS Bonds those amounts from the Prepetition Segregated Account necessary to pay interest that became due and payable on December 1, 2017.  The ERS shall continue to transfer monthly interest payments to the Fiscal Agent according to the terms set forth in the Joint Stipulation until and including the date that the Court renders a ruling with respect to the Parties' motions for summary judgment on the Declaratory Relief Action.

3.      Within five (5) business days of the entry of this Order, the Commonwealth shall cause $18,500,000 to be deposited into the Post-Petition Segregated Account for the November 30, 2017 post-petition deposit.  Thereafter, the Commonwealth shall cause further monthly deposits in the amount of $18,500,000 on the last calendar date of each month until and including

---

[2] These funds include the following: Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc., II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

[3] Terms not otherwise defined herein shall have the meaning ascribed to them in the Joint Stipulation, dated July 14, 2017 [ECF No. 170].

the date that the Court renders a ruling with respect to the Parties' motions for summary

judgment on the Declaratory Relief Action.    All deposits shall be held in the Post-Petition

Segregated Account in accordance with the terms set forth in the Joint Stipulation.

4.    The Court shall retain jurisdiction to hear and determine all matters arising from

the implementation of this Order.


Dated _____
San Juan, Puerto Rico


_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF<br>THE GOVERNMENT OF THE<br>COMMONWEALTH OF PUERTO RICO,<br><br>               Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 CV 1685 (LTS)<br>No. 17 BK 3566 (LTS) |

### NOTICE OF FILING OF JOINT STIPULATION REGARDING (I) MOTION OF CERTAIN SECURED CLAIMHOLDERS OF EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO FOR ADEQUATE PROTECTION AND STAY RELIEF AND RESERVATION OF RIGHTS AND (II) MOTION OF DEBTORS PURSUANT TO PROMESA SECTION 301(a) AND BANKRUPTCY CODE SECTIONS 105(a), 362(a), 365, AND 922 FOR ENTRY OF AN ORDER CONFIRMING APPLICATION OF THE AUTOMATIC STAY, STAY OF PREPETITION LAWSUITS AND ACTIONS AND APPLICATION OF CONTRACT PROTECTIONS

**PLEASE TAKE NOTICE** that, on May 31, 2017, Altair Global Credit Opportunities

Fund (A), LLC, Andalusian Global Limited, Glendon Opportunities Fund, L.P., Mason Capital

Master Fund LP, Nokota Capital Master Fund, L.P., Oaktree-Forrest Multi-Strategy, LLC (Series

B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P.,

Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., Puerto Rico AAA Portfolio Bond

Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target

Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II,

Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto

---

[1] Last Four Digits of Federal Tax ID: 9686.

1

Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund II, Inc., Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., SV Credit, L.P., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., Tax-Free Puerto Rico Target Maturity Fund, Inc., and UBS IRA Select Growth & Income Puerto Rico Fund (collectively, the "ERS Bondholders") filed the *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico Request for Adequate Protection and for Relief from the Automatic Stay* [Case No. 17 BK 3566 (LTS), ECF No. 26] (the "Adequate Protection Motion").

**PLEASE TAKE FURTHER NOTICE** that, on June 9, 2017, the (i) Commonwealth of Puerto Rico, (ii) Puerto Rico Sales Tax Financing Corporation, (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "ERS"), and (iv) Puerto Rico Highways and Transportation Authority (collectively, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* filed the *Motion of Debtors Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365, and 922 for Entry of Order Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition Lawsuits and Actions Against Inhabitants of Puerto Rico, and (III) Application of Contract Protections* [Case No. 17 BK 3566 (LTS), ECF No. 64] (the "Automatic Stay Motion").

**PLEASE TAKE FURTHER NOTICE** that, on June 16, 2017, the ERS Bondholders filed an objection to the Automatic Stay Motion [Case No. 17 BK 3566 (LTS), ECF No. 84], , which was consensually resolved through revisions to the proposed order granting such motion [Case No. 17 BK 3566 (LTS), ECF No. 152]. By order entered June 29, 2017, the Court granted the Automatic Stay Motion [Case No. 17 BK 3283 (LTS), ECF No. 543].

**PLEASE TAKE FURTHER NOTICE** that, on June 21, 2017, the ERS, by and through the Oversight Board, filed an objection to the Adequate Protection Motion [Case No. 17 BK 3566 (LTS), ECF No. 98].

**PLEASE TAKE FURTHER NOTICE** that, at the June 28, 2017 hearing on the Adequate Protection Motion, the parties agreed to negotiate and attempt to resolve the issues pertaining to such motion, and the Court agreed to delay ruling thereon until July 11, 2017, which date was further extended by subsequent Court orders [Case No. 17 BK 3566 (LTS), ECF Nos. 166 and 169].

**PLEASE TAKE FURTHER NOTICE** that, on July 14, 2017, (i) the Puerto Rico Fiscal Agency and Financial Advisory Authority, pursuant to the authority granted to it under the Enabling Act of the Fiscal Agency and Financial Advisory Authority, Act 2-2017, and the Oversight Board in its capacity as representative of the ERS, (ii) the Bank of New York Mellon, as fiscal agent for pension funding bonds issued by ERS, and (iii) the ERS Bondholders filed the annexed *Joint Stipulation Regarding (I) Motion of Certain Secured Claimholders of Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Adequate Protection and Stay Relief and Reservation of Rights and (II) Motion of Debtors Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365, and 922 for Entry of an Order Confirming Application of the Automatic Stay, Stay of Prepetition Lawsuits and*

*Actions and Application of Contract Protections* (the "Stipulation"), establishing a procedure and

schedule for the resolution of issues pertaining to the Adequate Protection Motion.

**PLEASE TAKE FURTHER NOTICE** that copies of the Stipulation, including all

exhibits, and all documents filed in these title III cases are available (a) free of charge by visiting

https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's

website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.


Dated: July 14, 2017　　　　　　　　　　Respectfully submitted,
　　　　San Juan, Puerto Rico

　　　　　　　　　　　　　　　　　　　/s/   Martin J. Bienenstock

　　　　　　　　　　　　　　　　　　　Martin J. Bienenstock
　　　　　　　　　　　　　　　　　　　Paul V. Possinger
　　　　　　　　　　　　　　　　　　　Ehud Barak
　　　　　　　　　　　　　　　　　　　Maja Zerjal
　　　　　　　　　　　　　　　　　　　(Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　**PROSKAUER ROSE LLP**
　　　　　　　　　　　　　　　　　　　Eleven Times Square
　　　　　　　　　　　　　　　　　　　New York, NY 10036
　　　　　　　　　　　　　　　　　　　Tel:  (212) 969-3000
　　　　　　　　　　　　　　　　　　　Fax:  (212) 969-2900

　　　　　　　　　　　　　　　　　　　*Attorneys for the Financial Oversight and*
　　　　　　　　　　　　　　　　　　　*Management Board as representative for the*
　　　　　　　　　　　　　　　　　　　*Debtors*

　　　　　　　　　　　　　　　　　　　/s/   Hermann D. Bauer

　　　　　　　　　　　　　　　　　　　Hermann D. Bauer
　　　　　　　　　　　　　　　　　　　USDC No. 215205
　　　　　　　　　　　　　　　　　　　**O'NEILL & BORGES LLC**
　　　　　　　　　　　　　　　　　　　250 Muñoz Rivera Ave., Suite 800
　　　　　　　　　　　　　　　　　　　San Juan, PR 00918-1813
　　　　　　　　　　　　　　　　　　　Tel:  (787) 764-8181
　　　　　　　　　　　　　　　　　　　Fax:  (787) 753-8944

　　　　　　　　　　　　　　　　　　　*Co-Attorneys for the Financial Oversight and*
　　　　　　　　　　　　　　　　　　　*Management Board as representative for the*
　　　　　　　　　　　　　　　　　　　*Debtors*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>                    Debtor. | PROMESA<br>Title III<br><br>No. 17 CV 1685 (LTS)<br>No. 17 BK 3566 (LTS) |

**JOINT STIPULATION REGARDING (I) MOTION OF CERTAIN SECURED CLAIMHOLDERS OF EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO FOR ADEQUATE PROTECTION AND STAY RELIEF AND RESERVATION OF RIGHTS AND (II) MOTION OF DEBTORS PURSUANT TO PROMESA SECTION 301(a) AND BANKRUPTCY CODE SECTIONS 105(a), 362(a), 365, and 922 FOR ENTRY OF AN ORDER CONFIRMING APPLICATION OF THE AUTOMATIC STAY, STAY OF PREPETITION LAWSUITS AND ACTIONS AND APPLICATION OF CONTRACT PROTECTIONS**

To the Honorable United States District Court Judge Laura Taylor Swain:

(i) The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), pursuant to the authority granted to it under the Enabling Act of the Fiscal Agency and Financial Advisory Authority, Act 2-2017, and the Financial Oversight and Management Board for Puerto Rico ("FOMB") in its capacity as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), (ii) The Bank of New York Mellon (the "Fiscal Agent"), as fiscal agent for pension funding bonds issued by ERS, and (iii) Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund LP, Nokota Capital Master Fund, L.P., Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P.,

Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund II, Inc., Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., SV Credit, L.P., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., Tax-Free Puerto Rico Target Maturity Fund, Inc., and UBS IRA Select Growth & Income Puerto Rico Fund (collectively, the "Bondholders" and together with the Fiscal Agent, the "Creditors"; the Creditors together with AAFAF, the Commonwealth of Puerto Rico, ERS and FOMB, the "Parties" and each, a "Party"), by and through their attorneys, hereby stipulate as follows:

1. ERS issued certain bonds (the "ERS Bonds") pursuant to a resolution adopted by the board of trustees of ERS on January 24, 2008 and supplemental resolutions adopted thereafter (together, the "ERS Bond Resolutions").

2. On May 21, 2017, ERS commenced a proceeding under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").

3. On May 31, 2017, the Bondholders filed their *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of*

*Puerto Rico Request for Adequate Protection and for Relief from the Automatic Stay* (Doc. No. 26) (the "Bondholders' Motion").

4.      On June 19, 2017, the Fiscal Agent filed its *Limited Response and Joinder of The Bank of New York Mellon, as Fiscal Agent, to Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico Request for Adequate Protection and For Relief from the Automatic Stay* (Doc. No. 392).

5.      On June 28, 2017, the Court held a hearing on the Bondholders' Motion and directed the Parties to submit any stipulation by July 10, 2017 as to any agreement to resolve the Bondholders' Motion.

6.      On June 30, 2017, legislation was enacted as House Resolutions 186, 187 and 188 (the "Legislation").

BASED ON THE FOREGOING, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:

A.      On or before July 21, 2017, ERS, through its representatives, shall file an adversary complaint with this Court, seeking solely declaratory relief regarding (a) the validity, priority, extent and enforceability of the prepetition and postpetition liens and security interests asserted by the Bondholders with respect to the ERS Bonds, and (b) the ERS's rights with respect to employer contributions received during the month of May 2017 (the "Declaratory Relief Action").  The Creditors shall have the right, but not the obligation, to counterclaim on (a) matters pertinent to the main claims, and (b) the Creditors' rights and remedies with respect to employer contributions received by the ERS during the month of May 2017, but no other claims may be made by either side in the Declaratory Relief Action, except upon further order of the Court.

3

B.     The briefing schedule attached hereto as <u>Schedule 1</u> shall apply to the Declaratory Relief Action.

C.     By entry into this stipulation, the Bondholders' Motion is resolved, without prejudice to being re-filed on or after October 31, 2017, or due to changed circumstances.  The term "Briefing Period" shall mean the date hereof through and including the date that the Court renders a ruling with respect to the Parties' motions for summary judgment on the Declaratory Relief Action in accordance with Schedule 1 (the "<u>Briefing Period</u>").  Subject to the right to re-file the Bondholders' Motion seeking further adequate protection as provided herein, the Parties agree that the satisfaction of the commitments of the Commonwealth of Puerto Rico (the "<u>Commonwealth</u>"), ERS, AAFAF and the FOMB contained herein shall constitute adequate protection of the Bondholders' and the Fiscal Agent's interests in property until October 31, 2017 solely with respect to imposition of the automatic stay.  The automatic stay extant in ERS's Title III case shall remain in effect until further Court order or statutory expiration, including Bankruptcy Code section 362(e) with respect to any subsequent motion for stay relief.

D.     Interest on the ERS Bonds shall be paid when due through the interest payment due on October 1, 2017 from the prepetition segregated account established pursuant to the Order and Stipulation dated January 17, 2017 (the "<u>Prepetition Segregated Account</u>"), commencing with the interest payment that became due on July 1, 2017. For the avoidance of doubt, and notwithstanding anything herein to the contrary, ERS shall not transfer any additional funds that it will receive on or after the date hereof, to the Prepetition Segregated Account.   All Parties reserve all rights and defenses with respect to such payments or the Bondholders' and Fiscal Agent's rights to future payments on the ERS Bonds based on, among other things, the outcome of the Declaratory Relief Action.

E.     All Parties reserve all rights with respect to the Legislation.  Without limiting the

generality of the foregoing, no Creditor has or is consenting to such Legislation or any other

legislation (including its validity, legality, or enforceability) in any way, and any delay by any

Party in exercising any rights relating in any way to the Legislation or any additional action that

may be taken by the Commonwealth, ERS, AAFAF, any employer or the FOMB until the

Declaratory Relief Action is decided shall not be a basis to object to such rights.

F.     The Commonwealth shall cause to be deposited the amounts set forth on Schedule

2 on the respective dates indicated on Schedule 2 into a new post-petition segregated account of

ERS (the "Post-Petition Segregated Account"), which amounts shall be deemed to be made by

entities other than the Commonwealth in respect of retirement benefits owed to retirees of such

entities, which Post-Petition Segregated Account shall be and hereby is made subject to a

security interest and lien in favor of the Creditors having the same prepetition and postpetition

validity, attachment, perfection, priority and enforceability, if any, and subject to the same

defenses, if any, as existed prior to the commencement of the ERS Title III case, with respect to

the liens and security interest referred to in paragraph A of this Joint Stipulation.  The ERS shall

transfer to the Fiscal Agent for the payment of interest on the ERS Bonds, no later than 2

business days after entry of an order approving this Stipulation, those amounts from the

Prepetition Segregated Account necessary to pay interest that became due and payable on July 1,

2017. Thereafter, until the conclusion of the Briefing Period, ERS shall transfer from the

Prepetition Segregated Account to the Fiscal Agent for the payment of interest on the ERS

Bonds, no later than the 20th day of each subsequent month, the amount necessary to pay interest

on the ERS Bonds due and payable on the first day of the next succeeding month, in accordance

with the ERS Bond Resolutions.  In the event the Court enters a final order invalidating or

5

avoiding all or any portion of such prepetition or postpetition liens or security interests, and after

the exhaustion of all applicable appeals, (a) the Creditors' lien on the Post-Petition Segregated

Account and the amounts deposited therein shall be invalidated or avoided, as applicable, to the

extent set forth in such ruling, and (b) all or a portion of the funds in the Post-Petition Segregated

Account, depending on the extent of the Court's ruling, shall be remitted to the Commonwealth.

For the avoidance of doubt, in the event that the Court finds that (a) the Bondholders' liens on

the prepetition assets of ERS are valid, perfected and enforceable, but (b) the liens asserted by

the Bondholders do not extend to employer contributions received by ERS after the filing of its

Title III petition pursuant to 11 U.S.C. § 552(a), then the lien on the Post-Petition Segregated

Account established hereby shall be released, subject to the rights of the Bondholders to seek a

replacement lien or other adequate protection with respect to any diminution in value of their

prepetition collateral. Except as set forth on Schedule 2, no further deposits into the Post-Petition

Segregated Account shall be required without further Court order until the Briefing Period ends,

at which time the rights of the Parties will be determined by applicable law.

G.      The Parties each reserve all of their respective rights and defenses concerning the

validity, attachment, perfection, priority, and enforceability of the Creditors' liens and security

interests to any payments, rights to payments, obligations or property affected by the Legislation

or otherwise.

H.      Except as expressly provided in this Stipulation or in the Order approving it,

nothing in this Joint Stipulation or the Order approving this Joint Stipulation is intended to or

shall prejudice whatever rights the Parties have pursuant to Title III of PROMESA.  Without

limiting the generality of the foregoing, nothing herein shall constitute a waiver of any automatic

stay applicable under Title III of PROMESA.  For greater certainty, neither this paragraph, nor

anything else contained in this Stipulation expands or extends the scope of the automatic stay in any Title III case.

I.      All other rights, claims and remedies of the Parties are expressly reserved.

J.      The Parties consent to this Joint Stipulation and the Order approving this Joint Stipulation.

*Remainder of page intentionally left blank*

Agreed to as of: July 14, 2017

**Counsel for Moving Bondholders:**

_/s/ Alfredo Fernández-Martínez_
Alfredo Fernández-Martínez
DELGADO & FERNÁNDEZ, LLC
PO Box 11750
Fernández Juncos Station
San Juan, Puerto Rico 00910-1750
Tel. (787) 274-1414
Fax: (787) 764-8241
afernandez@delgadofernandez.com
USDC-PR 210511

_Counsel for Altair Global Credit
Opportunities Fund (A), LLC, Andalusian
Global Designated Activity Company, Glendon
Opportunities Fund, L.P., Mason Capital
Master Fund, LP, Nokota Capital
Master Fund, L.P., Oaktree-Forrest Multi-
Strategy, LLC (Series B), Oaktree
Opportunities Fund IX, L.P., Oaktree
Opportunities Fund IX (Parallel 2), L.P.,
Oaktree Value Opportunities Fund, L.P.,
Ocher Rose, L.L.C., and SV Credit, L.P._

_/s/ Bruce Bennett_
Bruce Bennett (*pro hac vice*)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Tel. (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, NY 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart (*pro hac vice*)
Beth Heifetz (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel. (202) 879-3939
Fax: (202) 626-1700
gstewart@jonesday.com
bheifetz@jonesday.com
ssooknanan@jonesday.com

_Counsel for Altair Global Credit
Opportunities Fund (A), LLC, Andalusian
Global Designated Activity Company, Glendon
Opportunities Fund, L.P., Mason Capital
Master Fund, LP, Nokota Capital
Master Fund, L.P., Oaktree-Forrest
Multi-Strategy, LLC (Series B), Oaktree
Opportunities Fund IX, L.P., Oaktree
Opportunities Fund IX (Parallel 2), L.P.,
Oaktree Value Opportunities Fund, L.P.,
Ocher Rose, L.L.C., and SV Credit, L.P._

8

/s/ Arturo Díaz-Angueira
Arturo Díaz-Angueira
USDC-PR 117907
adiaz@lsplawpr.com

José C. Sánchez-Castro
USDC-PR 213312
jsanchez@lsplawpr.com

Alicia I. Lavergne-Ramírez
USDC-PR 215112
alavergne@lsplawpr.com

Maraliz Vázquez-Marrero
USDC-PR 225504
mvazquez@lsplawpr.com

LÓPEZ SÁNCHEZ & PIRILLO LLP
270 Muñoz Rivera Avenue, Suite 504
San Juan, PR 00918
Tel. (787) 522-6776
Fax: (787) 522-6777

*Counsel for Movants Puerto Rico AAA
Portfolio Bond Fund, Inc., Puerto Rico AAA
Portfolio Bond Fund II, Inc., Puerto Rico AAA
Portfolio Target Maturity Fund, Inc., Puerto
Rico Fixed Income Fund, Inc., Puerto Rico
Fixed Income Fund II, Inc., Puerto Rico Fixed
Income Fund III, Inc., Puerto Rico Fixed
Income Fund IV, Inc., Puerto Rico Fixed
Income Fund V, Inc., Puerto Rico GNMA &
U.S. Government Target Maturity Fund, Inc.,
Puerto Rico Investors Bond Fund I, Puerto
Rico Investors Tax-Free Fund, Inc., Puerto
Rico Investors Tax-Free Fund II, Inc., Puerto
Rico Investors Tax-Free Fund III, Inc., Puerto
Rico Investors Tax-Free Fund IV, Inc., Puerto
Rico Investors Tax-Free Fund V, Inc., Puerto
Rico Investors Tax-Free Fund VI, Inc., Puerto
Rico Mortgage-Backed & U.S. Government
Securities Fund, Inc., Tax-Free Puerto Rico
Fund, Inc., Tax-Free Puerto Rico Fund II, Inc.,
Tax-Free Puerto Rico Target Maturity Fund,
Inc., and UBS IRA Select Growth & Income*

/s/ John K. Cunningham
Glenn M. Kurtz (*pro hac vice*)
John K. Cunningham (*pro hac vice*)
Jason Zakia (*pro hac vice*)
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036
Tel. (212) 819-8200
Fax (212) 354-8113
gkurtz@whitecase.com
jcunningham@whitecase.com
jzakia@whitecase.com

*Counsel for Movants Puerto Rico AAA
Portfolio Bond Fund, Inc., Puerto Rico
AAA Portfolio Bond Fund II, Inc., Puerto
Rico AAA Portfolio Target Maturity Fund,
Inc., Puerto Rico Fixed Income Fund,
Inc., Puerto Rico Fixed Income Fund II,
Inc., Puerto Rico Fixed Income Fund III,
Inc., Puerto Rico Fixed Income Fund IV,
Inc., Puerto Rico Fixed Income Fund V,
Inc., Puerto Rico GNMA & U.S.
Government Target Maturity Fund, Inc.,
Puerto Rico Investors Bond Fund I, Puerto
Rico Investors Tax-Free Fund, Inc., Puerto
Rico Investors Tax-Free Fund, Inc. II, Puerto
Rico Investors Tax-Free Fund III, Inc., Puerto
Rico Investors Tax-Free Fund IV, Inc., Puerto
Rico Investors Tax-Free Fund V, Inc., Puerto
Rico Investors Tax-Free Fund VI, Inc., Puerto
Rico Mortgage-Backed & U.S. Government
Securities Fund, Inc., Tax-Free Puerto Rico
Fund, Inc., Tax-Free Puerto Rico Fund II, Inc.,
Tax-Free Puerto Rico Target Maturity Fund,
Inc., and UBS IRA Select Growth & Income
Puerto Rico Fund*

9

*Puerto Rico Fund*

**Counsel for AAFAF:**


__/s/Suzzanne Uhland_____
Suzzanne Uhland
John Rapisardi
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY  10036
Tel:  (212) 326-2000
Fax: (212) 326-2061
suhland@omm.com
jrapisardi@omm.com

**Counsel for the Oversight Board:**

   /s/ _Martin J. Bienenstock_
Martin J. Bienenstock
Steven O. Weise
Paul V. Possinger
Ehud Barak
Maja Zerjal
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

Hermann D. Bauer
USDC No. 215205
O'NEILL & BORGES LLC
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

**Schedule 1**

| Deadline[1] | Action |
| --- | --- |
| 7/17/17 | Bondholders to submit to ERS and FOMB an informal list of document requests, with rights reserved to supplement with formal discovery after filing of Declaratory Relief Action |
| 7/21/17 | ERS, through its representatives, to file Declaratory Relief Action |
| 7/24/2017 | Deadline to serve requests for production of documents |
| 8/2/2017 | Deadline to serve responses to requests for production of documents |
| 8/8/2017 | Deadline for Bondholders to file responsive pleadings to Declaratory Relief Motion, including any counter-claims. |
| 8/22/17 | Deadline for ERS to respond to counterclaims |
| 8/25/2017 | Deadline for production of documents, written certification by respondents that production of documents has been completed. Plaintiffs will produce a privilege log compliant with the provisions of S.D.N.Y. Local Civil Rule 26.2 |
| 9/20/2017 | Deadline for completion of depositions |
| 10/1/17 | Deadline to file motions for summary judgment on issues relating to perfection and application of section 552 of the Bankruptcy Code |
| 10/15/17 | Deadline to file oppositions to motions for summary judgment |
| 10/22/17 | Deadline to filed replies to oppositions to motions for summary judgment |
| 10/31/17 (subject to Court's schedule) | Hearing on motions for summary judgment |

---

[1] The parties agree that there will be no expert testimony in connection with the Declaratory Relief Action, and if any experts are to testify in connection with the Declaratory Relief Action, a new schedule and new adequate protection arrangement must first be agreed to among the Parties.

## Schedule 2

| Date | Amount |
|---|---|
| On the second business day after the entry of an order approving this Stipulation | Amount of Employers' Contributions (as defined in the ERS Bond Resolutions) actually received by ERS from May 22, 2017 through and including May 31, 2017. |
| On the second business day after the entry of an order approving this Stipulation | $18,500,000 |
| On each of July 31, August 31, and September 30, 2017, and October 31, 2017 | $18,500,000 |

## Exhibit A

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>              Debtor. | PROMESA<br>Title III<br><br>No. 17 CV 1685 (LTS)<br>No. 17 BK 3566 (LTS) |

**ORDER APPROVING JOINT STIPULATION REGARDING (I) MOTION OF CERTAIN SECURED CLAIMHOLDERS OF EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO FOR ADEQUATE PROTECTION AND STAY RELIEF AND RESERVATION OF RIGHTS AND (II) MOTION OF DEBTORS PURSUANT TO PROMESA SECTION 301(a) AND BANKRUPTCY CODE SECTIONS 105(a), 362(a), 365, and 922 FOR ENTRY OF AN ORDER CONFIRMING APPLICATION OF THE AUTOMATIC STAY, STAY OF PREPETITION LAWSUITS AND ACTIONS AND APPLICATION OF CONTRACT PROTECTIONS**

Upon consideration of the *Joint Stipulation Regarding (I) Motion of Certain Secured Claimholders of Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Adequate Protection and Stay Relief and Reservation of Rights and (II) Motion of Debtors Pursuant to PROMESA Section 301(A) and Bankruptcy Code Sections 105(A), 362(A), 365, and 922 for Entry of an Order Confirming Application of the Automatic Stay, Stay of Prepetition Lawsuits and Actions and Application of Contract Protections* (the "Stipulation"),[2] a copy of which has been provided to the Court, as agreed to by and among the above-captioned debtor (the "Debtor") and the Creditors named therein, it is hereby

---

[2] Capitalized terms used herein without definitions have the meanings given to them in the Stipulation.

ORDERED that the Stipulation is APPROVED; and it is further

ORDERED that the briefing schedule set forth in Schedule 1 to the Stipulation is APPROVED; and it is further

ORDERED that the Parties are hereby authorized to take any and all actions reasonably necessary to effectuate the terms of the Stipulation; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of the Stipulation or this Order.

Dated: _____ ___, 2017
      San Juan, Puerto Rico
                                    _____
                                    THE HONORABLE LAURA TAYLOR SWAIN:
                                    UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

--------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

           Debtors.[1]

--------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**ORDER APPROVING JOINT STIPULATION REGARDING (I) MOTION OF
CERTAIN SECURED CLAIMHOLDERS OF EMPLOYEES RETIREMENT SYSTEM
OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO FOR
ADEQUATE PROTECTION AND STAY RELIEF AND RESERVATION OF RIGHTS
AND (II) MOTION OF DEBTORS PURSUANT TO PROMESA SECTION 301(a) AND
BANKRUPTCY CODE SECTIONS 105(a), 362(a), 365, and 922 FOR ENTRY OF AN
ORDER CONFIRMING APPLICATION OF THE AUTOMATIC STAY, STAY OF
PREPETITION LAWSUITS AND ACTIONS
<u>AND APPLICATION OF CONTRACT PROTECTIONS</u>**

Upon consideration of the *Joint Stipulation Regarding (I) Motion of Certain Secured*

*Claimholders of Employees Retirement System of the Government of the Commonwealth of*

*Puerto Rico for Adequate Protection and Stay Relief and Reservation of Rights and (II) Motion*

*of Debtors Pursuant to PROMESA Section 301(A) and Bankruptcy Code Sections 105(A),*

*362(A), 365, and 922 for Entry of an Order Confirming Application of the Automatic Stay, Stay*

*of Prepetition Lawsuits and Actions and Application of Contract Protections* (the "<u>Stipulation</u>"),[2]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used herein without definitions have the meanings given to them in the Stipulation.

a copy of which has been provided to the Court, as agreed to by and among the above-captioned debtor (the "Debtor") and the Creditors named therein, it is hereby

ORDERED that the Stipulation at docket entry no. 652 in Case No. 17-3283 and docket entry no. 170 in Case No. 17-3566 is APPROVED; and it is further

ORDERED that the briefing schedule set forth in Schedule 1 to the Stipulation is APPROVED; and it is further

ORDERED that the Parties are hereby authorized to take any and all actions reasonably necessary to effectuate the terms of the Stipulation; and it is further

ORDERED that a hearing (the "Hearing") as provided in the Stipulation is hereby scheduled as follows: **October 31, 2017, at 10:30 a.m.**[3] (prevailing Eastern Time) by video transmission in the United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, San Juan, PR 00918-1767, and in person in Courtroom 17C of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007-1312; and it is further

ORDERED that this Order resolves docket entry no. 652 in Case No. 17-3283, docket entry no. 170 in Case No. 17-3566 and docket entry no. 26 in Case No. 17-3566; and it is further

---

[3] Further details of the video-conference and courtroom location will be finalized by a separate order to be issued by the Court.

Case 17-03566-LTS Doc#137 Filed 07/29/17 Entered 07/29/17 16:39:09 Desc: Main
Document Page 3 of 5

      ORDERED that this Court shall retain jurisdiction over any and all matters arising from
or related to the implementation or interpretation of the Stipulation or this Order.

      SO ORDERED.

Dated: July 17, 2017

                    /s/ Laura Taylor Swain   
                    LAURA TAYLOR SWAIN
                    United States District Judge

# EXHIBIT D

O'Melveny

November 17, 2017

Eric A. Schaffer
Reed Smith LLP
Reed Smith Centre
225 Fifth Ave
Pittsburgh, PA 15222
Tel 412.288.4202
Fax 412.288.3063

Re: Notice of Automatic Stay and Remittance of November 1, 2017 Payment

Dear Mr. Schaffer:

We are counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"). AAFAF is the government entity authorized to act on behalf of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") pursuant to the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017. AAFAF expressly has the sole authority to renegotiate, restructure and/or reach an agreement with creditors on all or part of the public debt or any other debt issued by any government entity, and is authorized to take action on behalf of any government entity to ensure compliance with the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").[1]

We understand that on November 1, 2017, Bank of New York distributed $13,876,582.48 (the "Distributed Funds") for payment of interest on certain bonds issued by ERS pursuant to a resolution adopted by the board of trustees of ERS on January 24, 2008 and supplemental resolutions adopted thereafter (the "ERS Bonds"), despite the automatic stay being in place.

Pursuant to PROMESA section 304(a), the Financial Oversight and Management Board for Puerto Rico commenced a Title III case[2] for ERS on May 21, 2017. Immediately upon commencement of the Title III case, an automatic stay pursuant to sections 362 and 922 of the Bankruptcy Code went into effect.[3] The automatic stay operates as a stay applicable to all entities, and prevents, among other things, any act to obtain or retain possession of or exercise control over property of ERS.[4]

As you are aware, on July 14, 2017, certain ERS Bondholders,[5] AAFAF, and the Financial Oversight Board for Puerto Rico, as ERS's representative in the Title III case under PROMESA

---

[1] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[2] *In re Employees Retirement System of the Government of the Commonwealth of Puerto Rico*, Case No. 17-01685 (D. P.R. 2017).

[3] *See* PROMESA § 301.

[4] *See* 11 U.S.C. § 362(a).

[5] The ERS Bondholders are Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Limited, Glendon Opportunities Fund, L.P., Mason Capital Master Fund LP, Nokota Capital Master Fund, L.P., Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico

section 315(b), entered the *Joint Stipulation Regarding (I) Motion of Certain Secured Claimholders of Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Adequate Protection and Stay Relief and Reservation of Rights and (II) Motion of Debtors Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365, and 922 for Entry of an Order Confirming Application of the Automatic Stay, Stay of Prepetition Lawsuits and Actions and Applications of Contract Protections* [Dkt. No. 170] (the "Stipulation").

The Stipulation provides that interest on the ERS Bonds "shall be paid when due through the interest payment due on October 1, 2017 from the prepetition segregated account established pursuant to the Order and Stipulation dated January 17, 2017 . . . ." Stipulation ¶ D.

The Stipulation also provides: "[N]othing herein shall constitute a waiver of any automatic stay applicable under Title III of PROMESA. For greater certainty, neither this paragraph, nor anything else contained in this Stipulation expands or extends the scope of the automatic stay in any Title III case." Stipulation ¶ H.

As noted above, the distribution of the Distributed Funds was made on account of the interest payment due November 1, 2017 on the ERS Bonds. The distribution of the Distributed Funds was not approved or authorized under the Stipulation and therefore was in violation of the stay.

Accordingly, AAFAF and ERS hereby demand that the Distributed Funds be immediately restored in their entirety to the appropriate ERS account. AAFAF and ERS reserve all of their rights and remedies as related to this matter.

Please feel free to contact me should you have any questions.

*Signature Page to Follow*

---

AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund II, Inc., Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., SV Credit, L.P., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., Tax-Free Puerto Rico Target Maturity Fund, Inc., and UBS IRA Select Growth & Income Puerto Rico Fund.

Sincerely,

Suzzanne Uhland, Esq.
O'Melveny & Myers LLP

*Counsel to AAFAF, as representative for Title III
Debtor ERS*


cc:     Mohammad Yassin Mahmud, Esq.
        Martin Bienenstock, Esq.
        John Rapisardi, Esq.

# EXHIBIT E



Eric A. Schaffer
Direct Phone:  +1 412 288 4202
Email:  eschaffer@reedsmith.com

Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716
Tel +1 412 288 3131
Fax +1 412 288 3063
reedsmith.com

November 21, 2017

**Via Email (suhland@omm.com) and U.S. Mail**

Suzzanne Uhland, Esq.
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY  10036

**Employees Retirement System of the Government of the Commonwealth of Puerto Rico—
November 1, 2017 Debt Service Payment**

Dear Suzzanne:

Consistent with your earlier discussion with Luke Sizemore, I am writing in response to your letter dated November 17, 2017, in which the Puerto Rico Fiscal Agency and Advisory Authority ("AAFAF"), asserted that distribution of the debt service payment on November 1, 2017, constituted a violation of the automatic stay.  As you know, this firm represents The Bank of New York Mellon ("BNYM") as fiscal agent under the Pension Funding Bond Resolution (as supplemented, the "Resolution"), adopted on January 24, 2008, by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), pursuant to which ERS issued certain pension funding bonds (the "Bonds"). Having reviewed your letter carefully, we have determined that the allegations are contrary to the facts and the law.  Accordingly, we ask that AAFAF withdraw its letter.

Consistent with the parties' practice and in accordance with the Resolution, ERS sent BNYM the sum of $13,876,582.48 on October 18, 2017.  Also in accordance with the Resolution, BNYM distributed these funds to the bondowners on November 1, 2017, on account of interest then due on the Bonds.  Neither ERS nor AAFAF asked BNYM to withhold the scheduled interest payment prior to the November 1 payment date.  Indeed, neither ERS nor AAFAF objected to the payment at all until your November 17 letter—a full thirty days after ERS sent the payment to BNYM.  By comparison, when AAFAF contended that ERS's May 2017 debt service payment was sent in error, ERS submitted a requisition, demanding that the funds be returned, on the same day.  No similar objection was raised here.

AAFAF's claim that BNYM distributed the November 2017 interest payment in violation of the automatic stay is based on the *Joint Stipulation Regarding (I) Motion of Certain Secured Claimholders of Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Adequate Protection and Stay Relief and Reservation of Rights and (II) Motion of Debtors Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365, and 922 for Entry of an Order Confirming Application of the Automatic Stay, Stay of Prepetition Lawsuits and Actions and Applications of Contract Protections* [ECF No. 170] (the "Stipulation").  The Stipulation does not support AAFAF's position for three reasons.

ABU DHABI ♦ ATHENS ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH
NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

US_ACTIVE-137476818.3-EASCHAFF 11/21/2017 5:00 PM

Suzzanne Uhland, Esq.
November 21, 2017
Page 2

**ReedSmith**

*First*, the Stipulation is not binding upon BNYM.  BNYM is not a party to the Stipulation.  BNYM was excluded from negotiations concerning the Stipulation.  As expressed in my email to you and others on July 20, 2017, the Stipulation was filed without BNYM's knowledge or approval, and BNYM reserved all rights with regard to the Stipulation and, as appropriate, any order approving the same.  BNYM is not bound by the agreements of others.  Its rights under the Resolution, as well as its obligations to make distributions, cannot be altered thereby.

*Second*, even if BNYM were bound by the Stipulation, it would not alter BNYM's rights or obligations.  Paragraph F of the Stipulation provides:

> [U]ntil conclusion of the Briefing Period, ERS shall transfer from the Prepetition Segregated Account to [BNYM] for the payment of interest on the ERS Bonds, no later than the 20th day of each subsequent month, the amount necessary to pay interest on the ERS Bonds due and payable on the first day of the next succeeding month, in accordance with the [Resolution].

The term "Briefing Period" is defined in the Stipulation to mean "the date hereof through and including the date the Court renders a ruling with respect to the Parties' motions for summary judgment . . . ."  The Court has not issued a decision on the parties' summary judgment motions.  Under this paragraph, the November 1 payment was timely and proper.  Indeed, ERS may be in violation of paragraph F of the Stipulation for failing to remit the debt service payment due on December 1, 2017, to BNYM by November 20, 2017.

*Third*, even if BNYM were bound by the Stipulation and paragraph F were not included, the Stipulation would not apply to the recent payment.  Nothing in the Stipulation precludes ERS from making voluntary payments after October 1, 2017.  Nothing in the Stipulation alters or limits BNYM's rights and obligations as fiscal agent when it receives a voluntary payment from ERS.  Although the Stipulation references the automatic stay, it does not compel the conclusion that BNYM's distribution of debt service payments voluntarily made by ERS is a violation of the stay.

In the absence of a contrary Court order entered upon notice and a hearing, BNYM is bound by the terms of the Resolution and title III of PROMESA, including the provisions of chapter 9 of the Bankruptcy Code incorporated therein.  Under the Resolution, BNYM generally is required to pay interest on the Bonds as and when due and payable so long as there are funds on deposit to make such payment.  *See generally* Resolution §§ 504-505, 701.  Even assuming that ERS could demonstrate that it retains a property interest in the funds in BNYM's possession, which remains in dispute, the automatic stay of section 362 of the Bankruptcy Code would not prohibit BNYM from performing its administrative function of distributing interest to the Bondowners when such payments are funded voluntarily by ERS.  ERS's voluntary payment of interest to BNYM on October 18, 2017, clearly intended to fund the interest payment due on November 1, 2017, demonstrates ERS's contemporaneous consent to the distribution of that amount in accordance with the Resolution.  That ERS later changed course and decided—thirty days after ERS sent funds and sixteen days after BNYM performed its administrative duties in accordance with the Resolution—that it did not want to make the interest payment does not retroactively make BNYM's distribution of the interest payment a violation of the stay.

Suzzanne Uhland, Esq.
November 21, 2017
Page 3

**ReedSmith**

In attempting to shift responsibility for ERS's action to BNYM, AAFAF seeks to impose duties that do not exist under the Resolution.  BNYM has "only such duties as are specifically set forth in the Resolution, and no implied covenants or obligations shall be read into [the] Resolution against [BNYM]."  Resolution § 802.  Under AAFAF's theory, BNYM would be obligated to contact ERS after receiving each monthly payment and obtain written confirmation that ERS actually intended to make the payment.  Even then, BNYM would be at risk that ERS would change its position thirty days later.  Such an obligation to police ERS's conduct and ensure that ERS does not remit any payment in error (or later change its position) does not exist under the Resolution and cannot be imposed.  To the contrary, BNYM has a contractual right to assume that, when ERS sends an interest payment to BNYM, ERS intends that it be distributed in accordance with the Resolution.  *See* Resolution § 803.1 (BNYM may conclusively rely and shall be fully protected in acting upon any paper or document believed by it to be genuine).

No less importantly, BNYM took no independent action to obtain or retain possession of or exercise control over ERS's property.  ERS voluntarily sent funds to BNYM for the purpose of making the November 1 interest payment.  ERS did not request that the interest payment be retained.  Contrary to retaining possession or exercising independent control over the funds, BNYM merely performed its administrative function on ERS's behalf and as required by the parties' agreement to distribute the interest payment to its intended recipients.  For these purposes, BNYM functions as a mere conduit for payments from ERS to the Bondowners.  In recognition of BNYM's very limited administrative role, ERS commenced litigation against the bondholders and negotiated the Stipulation with the bondholders—not BNYM.  There is simply no basis to involve BNYM in whatever issues underlie AAFAF's assertions.

For these reasons, we ask that AAFAF reconsider its position and withdraw its letter alleging that BNYM's distribution of the November 1 interest payment violated the automatic stay.  If the letter is not withdrawn by November 29, 2017, BNYM will be compelled to take action to protect its interests.

Very truly yours,

REED SMITH LLP

By: _Eric A. Schaffer_
   Eric A. Schaffer

EAS:aei

cc:   Martin J. Bienenstock, Esq. (*via Email mbienenstock@proskauer.com*)
      John J. Rapisardi, Esq. (*via Email jrapisardi@omm.com*)
      Bruce Bennett, Esq. (*via Email bbennett@jonesday.com*)
      John K. Cunningham, Esq. (*via Email jcunningham@whitecase.com*)