# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>Re: ECF No. 994 |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>        Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>This Motion relates only to the Commonwealth and shall only be filed in the lead Case No. 17 BK 3283-LTS. |

## COMMONWEALTH OF PUERTO RICO'S MOTION FOR AN ORDER AUTHORIZING ASSUMPTION OF AGREEMENT WITH EDUARDO JOSÉ MANDRY MERCADO AND LUCÍA CASAS CASAL PURSUANT TO BANKRUPTCY CODE SECTION 365

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), as a Title III debtor, by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Commonwealth's representative pursuant to section 315(b) of the *Puerto Rico*

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as

*Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this

motion (the "Motion"), pursuant to section 365 of title 11 of the United States Code

(the "Bankruptcy Code"), made applicable to this case by PROMESA section 301(a), for entry of

an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"),

authorizing the Commonwealth to assume that certain Assignment of Usufruct Agreement dated

August 11, 2016 (the "Agreement") by and between Eduardo José Mandry Mercado and Lucía

Casas Casal (collectively, the "Landlord") and the Puerto Rico Police Department ("PRPD").[3] In

support of this Motion, the Commonwealth respectfully represents as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico (the "Court") has

subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2.      Venue is proper pursuant to PROMESA section 307(a).

3.      The statutory predicate for the relief sought herein is Bankruptcy Code section

365, made applicable to this case by PROMESA section 301(a).

## BACKGROUND

**A.      The Title III Case**

4.      On May 3, 2017, the Oversight Board issued a restructuring certification for the

Commonwealth pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for

relief for the Commonwealth pursuant to section 304(a) of PROMESA, commencing a case

under title III thereof (the "Title III Case").

---

Bankruptcy Case numbers due to software limitations).

[2]      PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3]      The Commonwealth is in the process of obtaining a certified English translation of the Agreement and will file
such translation in accordance with rule 5(g) the Local Rules of the United States District Court for the District
of Puerto Rico in a supplemental filing.

5.      On July 31, 2017, the Commonwealth filed a motion pursuant to Bankruptcy Code section 365(d)(4)(b)(i) seeking entry of an order extending the time within which the Commonwealth must assume or reject its non-residential real property leases (the "Assumption/Rejection Deadline") for 90 days, through and including November 29, 2017 [ECF No. 705]. On August 10, 2017, the Court entered an order setting November 29, 2017 as the Assumption/Rejection Deadline for the Commonwealth [ECF No. 994].

6.      On October 24, 2017, the Commonwealth filed a motion pursuant to Bankruptcy Code section 365(d)(4)(b)(ii) seeking to further extend the Assumption/Rejection Deadline with the consent of certain of the Debtors' landlords [ECF No. 1518] (the "Extension Motion"). As discussed in the Extension Motion, due to the impact of Hurricane Maria on Puerto Rico, the Debtors were unable to obtain the written consent of all their landlords to extend the Assumption/Rejection Deadline prior to filing the Extension Motion. Accordingly, after the filing of the Extension Motion, the Debtors and their advisors sent approximately 1,000 letters to the Debtors' landlords requesting a consensual extension of the Assumption/Rejection Deadline until the earlier of (i) January 1, 2019, (ii) the date of expiration or termination of the applicable lease pursuant to its terms, or (iii) the date on which a plan of adjustment is confirmed for each Debtor. Each letter provided that the landlord will be deemed to consent to the extension absent an affirmative indication that they do not consent.

7.      On November 17, 2017, counsel for the Landlord notified counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") that the Landlord does not consent to an extension of the Assumption/Rejection Deadline. Since receiving the Landlord's notification, counsel for AAFAF (i) attempted to extend the deadline for the Assumption/Rejection Deadline with respect to the Agreement, and (ii) evaluated the benefits

and costs of assuming or rejecting the Agreement alongside with the Oversight Board's professionals.

8. Background information regarding the Commonwealth and its instrumentalities, and the commencement of the Title III Case, is contained in the *Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* [ECF No. 1], attached to the Commonwealth's Title III petition.

**B. The Agreement**

9. On August 11, 2016, the PRPD and the Landlord entered into the Agreement, whereby the PRPD acquired the right to use an area of .43892 *cuerdas* (acres) located in the Municipality of Ponce as a shooting range. The parties entered into the Agreement as a result of a settlement agreement entered in the case of *Estado Libre Asociado de Puerto Rico v. Mango S.E., Eduardo José Mandry Mercado v. Municipio Autónomo de Ponce, Finca Matilde, Inc.*, Civil Num. J DP2006-0598. The Agreement has a five year term ending on April 1, 2021 and requires the PRPD to pay a nominal $1 annual fee. The Commonwealth believes that PRPD is current on its obligations under the Agreement. In the event that any defaults exist under the Agreement, the Commonwealth will cure such defaults pursuant to Bankruptcy Code section 365(b)(1), if needed.

**RELIEF REQUESTED**

10. By this Motion, the Commonwealth seeks entry of the Proposed Order, pursuant to Bankruptcy Code section 365, authorizing the Commonwealth, on behalf of the PRPD, to assume the Agreement and cure any defaults under the Agreement, if needed.

**BASIS FOR RELIEF REQUESTED**

11. Bankruptcy Code section 365(a), made applicable to the Title III Case by PROMESA section 301(a), provides that, subject to the approval of the Court, a debtor may

"assume or reject any executory contract or unexpired lease of the debtor." If there has been a default in the executory contract or lease at issue, Bankruptcy Code section 365(b)(1) restricts a debtor's ability to assume such contract or lease unless, at the time of assumption, the debtor:

> (A)     cures, or provides adequate assurance that the trustee will promptly cure, such default;
>
> (B)     compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C)     provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1); 48 U.S.C. § 2161.

12.     Under Bankruptcy Code section 365(d)(4), if the deadline to assume or reject a non-residential real property lease where the debtor is the lessee passes without action by the debtor, the lease will "be deemed rejected, and the [debtor must] immediately surrender that nonresidential real property to the lessor." 11 U.S.C. § 365(d)(4). To avoid the deemed rejection of a nonresidential real property lease, a debtor need only demonstrate its unequivocal intention to assume such lease before the 365(d)(4) deadline expires. See In re Casual Male Corp., 120 B.R. 256, 261 (Bankr. D. Mass. 1990) (finding that section 365(d)(4) "require[s] only timely and unequivocal statements to the lessor of intention to assume" and does not require a motion to be filed within the prescribed period (internal citations omitted)); see also Cousins Properties, Inc. v. Treasure Isles HC, Inc. (In re Treasure Isles EC, Inc.), 462 B.R. 645, 650 (B.A.P. 6th Cir. 2011) ("[T]he deadline provisions of 11 U.S.C. § 365(d)(4) are intended to set a 'bright line' regarding how much time the trustee has to decide whether to assume or reject a lease. Congress does not specify the manner in which the trustee is to announce the decision, although case law consistently holds that the mere filing of a motion to assume is sufficient. If we were to adopt the Appellant's interpretation of 11 U.S.C. § 365(d)(4), such certainty would be destroyed. The

period within which the trustee could consider assumption or rejection would vary widely, depending on the vagaries of a particular bankruptcy court's caseload and local procedures."); In re Filene's Basement, LLC, Case No. 11-13511 (KJC), 2014 WL 1713416, at *8–9 (Bankr. D. Del. Apr. 29, 2014) (finding that lease was not deemed rejected under Bankruptcy Code section 365(d)(4) where motion to assume was filed before the 365(d)(4) deadline expired).

13.     Courts defer to a debtor's business judgment when determining whether the assumption of an executory contract or unexpired lease is appropriate under section 365(a). See, e.g., In re BankVest Capital Corp., 290 B.R. 443, 447 (B.A.P. 1st Cir. 2003), aff'd, 360 F.3d 291 (1st Cir. 2004) ("Under a motion to assume . . . the only issue properly before a court is whether the assumption or rejection of the subject contract is based upon a debtor's business judgment."); In re Genco Shipping & Trading Ltd., 509 B.R. 455, 463 (Bankr. S.D.N.Y. 2014) (debtors' decision to assume restructuring support agreement represented sound exercise of debtors' business judgment). To satisfy the "'business judgment' test, a debtor must simply put forth a showing that assumption . . . of the executory contract or unexpired lease will benefit the Debtor's estate." In re Genco Shipping & Trading Ltd., 509 B.R. at 463.

14.     When reviewing a debtor's business judgment, courts are reluctant to substitute their judgment for that of the debtor. In re Republic Airways Holdings Inc., Case No. 16-10429 (SHL), 2016 WL 2616717, at *4 (Bankr. S.D.N.Y. May 4, 2016) ("Courts generally will not second-guess a debtor's business judgment concerning whether an assumption or rejection benefits the debtor's estate."). Generally, courts find that a debtor has appropriately exercised its business judgment where there is no showing of bad faith or an abuse of discretion. See In re LRP Mushrooms, Inc., Case No. 09-18529, 2010 WL 2772510, at *6 (Bankr. E.D. Pa. July 13, 2010) ("Where the trustee's request is not manifestly unreasonable or made in bad faith, the

court should normally grant approval '[a]s long as [the proposed action] appears to enhance [the] debtor's estate." (citing Richmond Leasing Co. v. Capital Bank, N.A., 762 F.2d 1303, 1309 (5th Cir. 1985))); see also Comput. Sales Int'l, Inc. v. Fed. Mogul (In re Fed. Mogul Glob. Inc.), 293 B.R. 124, 126 (D. Del. 2003) (rejecting counterparty's argument that a finding of hardship is a prerequisite to application of the business judgment test).

15.     Assumption of the Agreement will provide the PRPD continued access to the property to be used as a shooting range for another four years, which will provide the Commonwealth benefits (through the training of its police force) in excess of the minimal cost ($1 per year) of the Agreement. Failure to assume the Agreement will require the PRPD and the Commonwealth to expend time and resources to find a suitable replacement property that can be used as a shooting range, if any exists after the destruction that Hurricane Maria has caused in Puerto Rico. In an exercise of its business judgment, the Commonwealth has determined that it is in the best interests of the Commonwealth, its creditors, and parties in interest to assume the Agreement and pay any cure amounts due.

## NOTICE

14.     The Commonwealth has provided notice of this Motion via overnight delivery and/or email to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against COFINA; (d) counsel to the statutory committees appointed in these Title III Cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Oversight Board; (g) the Puerto Rico Department of Justice; (h) the Other Interested Parties;[4] (i) all parties filing a notice

---

[4]     The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds issued

of appearance in these Title III cases; and (j) the Landlord. A copy of the Motion is also available on the Debtors' case website at https://cases.primeclerk.com/puertorico/.

15.     The Commonwealth submits that no other or further notice is necessary under the circumstances.

## **NO PRIOR MOTION**

16.     The Commonwealth has not made any prior motion for the relief sought in this Motion to this Court or any other.

*Remainder of Page Intentionally Left Blank*

---

or guaranteed by the Debtors.

**WHEREFORE**, the Commonwealth respectfully requests entry of the Proposed Order in the form attached hereto as **Exhibit A**, authorizing the Commonwealth to assume the Agreement pursuant to Bankruptcy Code section 365, and granting such other and further relief as the Court may deem proper.

Dated:  November 29, 2017
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Maja Zerjal (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as Representative for the Commonwealth*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as Representative for the Commonwealth*

## **EXHIBIT A**

**Proposed Order**

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>              Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**This Order relates only to the Commonwealth and shall only be filed in the lead Case No. 17 BK 3283-LTS.** |

## ORDER AUTHORIZING ASSUMPTION OF AGREEMENT WITH EDUARDO JOSÉ MANDRY MERCADO AND LUCÍA CASAS CASAL PURSUANT TO BANKRUPTCY CODE SECTION 365

Upon the *Commonwealth of Puerto Rico's Motion for an Order Authorizing Assumption of Agreement with Eduardo José Mandry Mercado and Lucía Casas Casal Pursuant to Bankruptcy Code Section 365* (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306; and it appearing that venue in

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

this district is proper pursuant to PROMESA section 307; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT:**

1.　　The Motion is granted as set forth herein.

2.　　Pursuant to Bankruptcy Code section 365(d)(4), the Agreement has not been deemed rejected.

3.　　The Agreement is assumed by the Commonwealth pursuant to section 365 of the Bankruptcy Code, made applicable to the Title III Case by PROMESA section 301(a).

4.　　The Commonwealth is authorized to cure existing defaults, if any, under the Agreement pursuant to Bankruptcy Code section 365(b)(1)(A), made applicable to the Title III Case by PROMESA section 301(a).

5.　　Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.　　The Commonwealth and the PRPD are authorized to take all actions, and to execute all documents, necessary, or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

2

7.      This Court retains exclusive jurisdiction with respect to all matters arising

from or related to the implementation, interpretation, and enforcement of this Order.


Dated:          _____, 2017


                    _____
                    HONORABLE LAURA TAYLOR SWAIN
                    UNITED STATES DISTRICT JUDGE