IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE COMMONWEALTH OF PUERTO RICO<br>Debtor | CASE NO. 17 BK 3283-LTS<br>TITLE III, PROMESA |

### MOTION TO LIFT STAY OF HABEAS CORPUS PROCEEDING

TO THE HONORABLE COURT:

**NOW COME** Luis F. Colon-Gonzalez, a Habeas Corpus Petitioner whose case has been stayed under PROMESA, through the undersigned attorney, and very respectfully **states and prays** as follows:

### I. INTRODUCTION

Luis F. Gonzalez-Colon filed a habeas petition under 28 U.S.C. § 2254 in *Luis F. Gonzalez-Colon v. Cesar Miranda, et. al.*, 15-cv-1560-PAD. This case is pending before the United States District Court for the District of Puerto Rico. He requests relief from a state conviction for illegal practice of psychology in Puerto Rico. In his habeas petition, Gonzalez argues that the statute under which he was convicted violates his First Amendment rights, both facially and as applied to him.

As part of our litigation before the U.S. District Court in 15-cv-1560, we have filed five motions to lift the stay (*see* ECFs 96, 100. 102, 106 and 107). The district court did not respond to any of our first four motions, but upon our fifth request, it noted that any motions to lift the stay should be addressed in the PROMESA case before the Bankruptcy Court (*see* ECF 108). No motion has been filed before this Court, however, to specifically stay the proceeding in 15-cv-1560-PAD , and 15-cv-1560-PAD is not a regular civil case, or a collections of money, or any suit putting the Government of Puerto Rico in any financial risk, but a regular-federal habeas proceeding under 28 U.S.C. § 2254 questioning the legality of the detention of a human being. The stay that the Government of Puerto Rico is frivolously demanding and that the District Court has accepted and/or imposed in that case clearly contravenes the Suspension Clause of the United States Constitution, and is well beyond the reach of PROMESA.

We respectfully request a ruling from this Court that the stay of the proceedings afforded to the Government of Puerto Rico under PROMESA does not cover habeas corpus proceedings and thus, does not cover the habeas petition filed by movant Luis F. Colon-Gonzalez in 15-cv-1560-PAD. We also request that this Court lifts the stay of the proceedings "noted" by the District Court in case 15-cv-1560-PAD.

## II. ARGUMENT

Our habeas petition in 15-cv-1560 is filed under 28 U.S.C. 2254, which provides a remedy in federal court for those who are detained in state court in contravention to the laws or the Constitution of the United States. Article 1, Section 9 of the United States Constitution provides that "The privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." Respondents in 15-cv-1560 are not claiming, and cannot seriously claim, that Puerto Rico is under a rebellion or invasion, and thus their request for a stay is clearly unconstitutional. On the other hand, bankruptcy laws are not meant to allow state governments from preventing individuals to contest the illegality of their detention or imprisonment because the state government is experiencing financial difficulties. *Salazar v. McCormick* (*In re Crestview Funeral Home, Inc.*), 2002 Bankr. LEXIS 1521(Dec. 13, 2002) ("Nothing in these provisions gives bankruptcy courts jurisdiction of habeas corpus petitions filed by prisoners held in custody on state criminal charges.") That opportunity is left only to extreme cases of rebellions of invasion.

So sacred is the right to liberty, as guaranteed by the right of habeas corpus, that it was included by the Founding Fathers in Article 1 of the Constitution. It is

one of the most important rights held by individuals and fundamental to the existence of a democratic government. The right to habeas corpus is also very old and of English lineage. It is thought to have its roots in the middle ages and Magna Carta. *See* Robert Searles Walker, Habeas Corpus, Writ of Liberty – English and American Origins and Development 12 (2006); Dallin H. Oaks, *Legal History in the High Court*, 64 Mich. L. Rev. 451, 465 (1996).

According to the Puerto Rico Government, however, PROMESA can do away with centuries of history, the wars and lives that have been spent in obtaining habeas corpus rights, and the United States Constitution. They are clearly wrong. It is impossible to imagine a democracy where the government could detain its citizens capriciously.

Because Congress has taken care to protect the writ of habeas corpus throughout the Nation's history, there is little discussion "defining suspension of the writ or of the circumstances under which suspension has occurred." *Boumediene v. Bush*, 553 U.S. 723, 773 (2008). It is "uncontroversial [however] . . . that the privilege of habeas corpus entitles the prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Id.* at 779.

The Suspension Clause does not define "habeas corpus" because habeas corpus rights existed in the thirteen colonies and in England as common-law well

before the enactment of the Constitution, and thus the Framers believed that it was unnecessary to detail the contours of the right in the Constitution. Those contours were immediately defined in 1789 in the Federal Judiciary Act, but only to protect individuals against unlawful detention by the federal government. Unlawful detention by the states was left for the states to protect until after the Civil War. After the Civil War, federal law was passed extending habeas corpus rights to people under state court custody. *Delaney v. Matesanz*, 264 F.3d 7, 11-13 (1st Cir. 2001) ("[I]t was not until 1867 that Congress extended the writ to include state prisoners who challenged their convictions on constitutional or statutory grounds.") *citing Felker v. Turpin*, 518 U.S. 651, 659-60 (1996).

Respondents are requesting an indefinite stay under PROMESA of a habeas corpus proceeding filed under 22 U.S.C. 2254. Respondents' request implies that all of petitioner's federal habeas corpus rights should be suspended as if we were facing a Rebellion or Invasion. The contrast between what respondents are asking and previous suspensions of the writ is striking, however. During the Civil War Congress enacted the Habeas Corpus Suspension Act of 1863, which allowed the President to suspend habeas rights during the War. 12 Stat. 1255; *see Al-Marri v. Pucciarelli*, 534 F.3d 213, 252 (4th Cir. 2008), *vacated on other grounds Al-Marri v. Spagone*, 555 U.S. 1220 (2009). But comparing the circumstances we are living in Puerto Rico to the conditions Americans endured during the Civil War is

ridiculous. In *Al-Marri* the Fourth Circuit compared Lincoln's suspension of the writ during the Civil War to President George W. Bush's attempt to indefinitely detain civilians as part of his war on terror, and found even the war on terror to be insufficient in gravity to suspend the writ.

> In an address to Congress at the outset of the Civil War, President Lincoln defended his emergency suspension of the writ of habeas corpus to protect Union troops moving to defend the Capital. Lincoln famously asked: "[A]re all the laws, but one, to go unexecuted, and the government itself to go to pieces, lest that one be violated?" Abraham Lincoln, Message to Congress in Special Session (July 4, 1861), *in Abraham Lincoln: Speeches and Writings 1859-1865* at 246, 254 (Don E. Fehrenbacher ed., 1989). The authority the President seeks here turns Lincoln's formulation on its head. For the President does not acknowledge that the extraordinary power he seeks would result in the suspension of even one law, and he does not contend that this power should be limited to dire emergencies that threaten the nation. Rather, he maintains that the authority to order the military to seize and detain certain civilians is an inherent power of the Presidency, which he and his successors may exercise as they please.
> To sanction such presidential authority to order the military to seize and indefinitely detain civilians, even if the President calls them "enemy combatants," would have disastrous consequences for the Constitution -- and the country. For a court to uphold a claim to such extraordinary power would do more than render lifeless the Suspension Clause, the Due Process Clause, and the rights to criminal process in the Fourth, Fifth, Sixth, and Eighth Amendments; it would effectively undermine all of the freedoms guaranteed by the Constitution. It is that power -- were a court to recognize it -- that could lead all our laws "to go unexecuted, and the government itself to

> go to pieces." We refuse to recognize a claim to power that would so alter the constitutional foundations of our Republic.

*Al-Marri v. Pucciarelli*, 534 F.3d 213, 252-53 (4th Cir. 2008); *vacated on other grounds Al-Marri v. Spagone*, 555 U.S. 1220 (2009).

As explained in *Al-Marri*, suspension of the writ must be reserved to "dire emergencies" threatening the Nation. *Id.* at 252. Thankfully, Puerto Rico is not in a civil war and PROMESA and respondents are not making such a claim. Indeed, Respondents have pointed to no language in PROMESA requiring the evisceration of the rights conferred by 28 U.S.C. 2254 to those under state court custody.

Finally, we note that **courts must not infer the repealing of a congressional statute by another**. Congressional statutes must clearly indicate their intention to repeal a previous statute. *See Posadas v. Nat'l City Bank*, 296 U.S. 497, 503 ("[B]y passing a new statute Congress ordinarily does not intend to displace laws already in effect.")

**WHEREFORE**, we respectfully request a ruling from this Court that the stay of the proceedings afforded to the Government of Puerto Rico under PROMESA does not cover habeas corpus proceedings and does not cover the habeas petition filed by movant Luis F. Colon-Gonzalez in 15-cv-1560-PAD. We also request that

this Court lifts the stay of the proceedings "noted" by the District Court in case 15-cv-1560-PAD.

RESPECTFULLY SUBMITTED

I HEREBY CERTIFY THAT on this same date we have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will distribute copies of the foregoing document to all pertinent CM/ECF participants.

In Guaynabo, Puerto Rico, this December 6, 2017.

S/ ARTEMIO RIVERA RIVERA
Artemio Rivera Rivera
USDC-PR 210114
90 Carr. 165, Ste. 309
Guaynabo, P.R.  00968-8058
Tel. 787-299-3959; Fax 787-774-0605
e-mail: art@sjlaw.com