**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> AS REPRESENTATIVE OF THE COMMONWEALTH OF PUERTO RICO <br><br> **Debtor** | CASE NO. 17 BK 3283-LTS <br><br> TITLE III, PROMESA |

**MOTION FOR RELIEF FROM STAY**

**TO THE HONORABLE COURT**:

**NOW COME** Beatriz Nieves-López and 26 other Plaintiffs in the case captioned <u>Nieves-López et al v. Bhatia-Gautier et al</u>, Civil No. 14-1220 (JAG-BJM), before the District Court for the District of Puerto Rico, through the undersigning counsel, and respectfully allege and pray as follows:

**I. INTRODUCTION**

1. Appearing parties (hereinafter, the "Plaintiffs"), have pending claims before the District Court in the case of <u>Nieves-López et al v. Bhatia-Gautier et al</u>, Civil No. 14-1220 (JAG-BJM) (hereinafter, "<u>Nieves-López</u>"). The defendants in <u>Nieves-López</u> are current and former employees of the Legislative Assembly of Puerto Rico who have been sued in their personal and official capacities under Section 1983 for political discrimination in the public sector. Defendants in their personal capacities requested to stay <u>Nieves-López</u> pursuant to the captioned Title III proceedings.

2. <u>Nieves-López</u> is a civil rights claim under Section 1983 whereby claims for damages are levied against Defendants **in their personal capacities**. The only claims made against the Defendants in their official capacities are for injunctive relief, which is not subject to the automatic

-1-

stay. Therefore, the stay is inapplicable.

3. Should the stay remain and given that Defendants in <u>Nieves-López</u> in their personal capacities are not subject to these Title III proceedings, the Plaintiffs would be left with no forum in which to prosecute their claims. It is respectfully requested, therefore, that the stay be lifted.

## II. BACKGROUND

4. On March 17, 2014, Plaintiffs filed suit against Eduardo Bhatia-Gautier, Juan L. Martínez-Martínez, Denisse M. Rivera-González, Maritza Torres-Rivera, Evangelina Aponte, and Maritza Avilés (hereinafter, the "Defendants"), in their personal and official capacities as President of the Senate and employees of the Legislative Assembly, respectively. (See Exhibit 1, Complaint.) The complaint alleged that the Defendants dismissed the Plaintiffs from their regular positions at the Office of Legislative Services (hereinafter, the "OLS"), because of their political affiliation and without due process in violation of their First and Fourteenth Amendment rights. The complaint was filed pursuant to 42 U.S.C. § 1983.

5. Discovery in <u>Nieves-López</u> and was due to conclude on June 30, 2017. All 27 Plaintiffs have been deposed by Defendants' counsel. The only depositions pending were those of Defendants and they were scheduled to take place during the last week of June of 2017.

6. On June 12, 2017, Defendants in their personal capacities filed a Notice of Automatic Stay of Proceedings Pursuant to the Commencement of Case Under Title III of PROMESA. (Dkt. 66.) On June 16, 2017, the District Court issued an order staying the case and advising that "[a]ny request to lift or vacate the stay must be filed in the bankruptcy court in Bankruptcy Case No. 17-bk-03283." (Dkt. 67.)

## III. AUTOMATIC STAY IS INAPPLICABLE SINCE CLAIMS ARE AGAINST

**DEFENDANTS IN THEIR PERSONAL AND OFFICIAL CAPACITIES**

7. Section 1983 states:

> **Every person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, **subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws**, **shall be liable to the party injured in an action at law**, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(Emphasis ours.) 42 U.S.C.A. § 1983.

8. Section 1983 clearly provides for a cause of action against a person who has subjected another to the deprivation of a constitutional right. Any claim under Section 1983, such as the one brought forth by the Plaintiffs, has to be leveled at the person who acted to their detriment. Of course, that person has to have acted "under color of state law", meaning that the person acted by abusing the authority conferred upon him/her by the state. This is the reason why Section 1983 claims are made against a defendant in his/her personal and official capacities.

9. Since the Eleventh Amendment bars any monetary claims against the state, it has been long established that a section 1983 claim against government officials in their official capacity can only request equitable relief. Monetary damages can only be sought from defendants in their personal capacity. To that effect, this Honorable Court has held:

> Therefore, **when a plaintiff sues a state official alleging a violation of federal law, the federal court may award an injunction that governs the official's future conduct, but not one that awards retroactive monetary relief**. Edelman, at 666-667, 94 S.Ct. 1347. The Court holds that a state official in his official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity instructions for prospective relief are not treated as actions against the State.
>
> […]
>
> Furthermore, the Eleventh Amendment prevents suits seeking monetary relief to be paid out from the state treasury. Any attempt to sue a state officer in his or her official capacity

**for the only purpose** of seeking monetary relief will be barred by the Eleventh Amendment. Vega Castro v. Puerto Rico, 43 F. Supp. 2d 186, 192 (1999). Thus, **in order to sue a state officer in his or her official capacity, a party must seek injunctive**, not monetary relief. Thus, the Court grants Defendants' motion to dismiss Plaintiffs claims for monetary damages in their official capacities.

(Emphasis in original.) Bernier-Aponte v. Izquierdo-Encarnación, 196 F. Supp. 2d 93, 103 (D.P.R. 2002).

10. The Tenth Circuit has indicated that when a government official is sued in his official and individual capacities for acts performed in each capacity, those acts are treated as transactions of two different legal personages. Johnson v. Board of County Com'rs for County of Fremont, (85 F. 3d 489 (CA10 1996).

11. In Section 1983 cases, claims for damages and any monetary remedy must be made against defendants in their personal capacities. That is to say, liability for monetary claims in Section 1983 fall on the defendants in their personal capacities. In Mangual v. Toledo, 536 F. Supp. 2d 127, 131 (D.P.R. 2008), this Honorable Court denied a motion to dismiss based on the Eleventh Amendment because the claims were made against the defendant in his personal capacity. ("Defendants argue that the Eleventh Amendment bars Plaintiffs' Section 1983 claims for damages against Defendants in their official capacities. The Eleventh Amendment bars suits against states for money damages unless the state has consented. As the Plaintiff points out, she clearly alleged all her claims against the individual Defendants in their personal capacities, not in their official capacities. As such, Defendants' argument for dismissal on Eleventh Amendment grounds fails.")

12. Moreover, in addressing the distinction between official and personal capacities under Section 1983, this Honorable Court has provided that "… the Eleventh Amendment does not prevent suits against state officers for money damages to be paid out of their own pockets, such as an officer being sued in her or her personal capacity. The Eleventh Amendment also does not bar official capacity suits against state officers for injunctive or declaratory relief brought pursuant

to federal law." Toledo-Colón v. Puerto Rico, 812 F. Supp. 2d 110, 118 (D.P.R. 2011).

13. In this particular case, the distinction between Plaintiffs' claims against Defendants in their official and their personal capacities was addressed in the District Court's opinion and order of September 17, 2015 (Dkt. 15), in the following terms:

> Defendants argue that the Eleventh Amendment of the U.S. Constitution precludes Plaintiffs' claims. Docket No. 10 at 7-9. They cite precedent holding that Eleventh Amendment immunity extends to governmental instrumentalities that are arms or alter egos of the State, such as State agencies and departments. Id. (citations omitted). Therefore, Defendants argue, Plaintiffs' claims against them in their official capacities are barred by the Eleventh Amendment and should be dismissed with prejudice. Id. The Court disagrees.
>
> First, **the Court notes that Plaintiffs are not suing any governmental instrumentalities; rather, Plaintiffs are suing government officials in their personal and official capacities**. Docket No. 1 at 1-2, 12-14. Therefore, their alter ego argument is sorely misplaced. Moreover, **Plaintiffs' claims for injunctive relief are directed at Defendants in their official capacities, while their claims for monetary relief are against Defendants in their personal capacities**. Id. at 83. As Plaintiffs correctly argue in their Opposition to Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Opposition"), Defendants fail to acknowledge that the Ex Parte Young doctrine allows State officials to be sued in their official capacities for injunctive relief. Docket No. 10 at 7-9 (citing Ex parte Young, 209 U.S. 123, 154 (1908)). Likewise, the Eleventh Amendment does not bar suits against state officials sued in their individual capacities. Hafer v. Melo, 502 U.S. 21, 30-31 (1991) (noting that damages awards against individual defendants "are a permissible remedy in some circumstances notwithstanding the fact that they hold public office").
>
> In light of the above, Defendants' Motion is DENIED on Eleventh Amendment grounds.
>
> See Exhibit 2, Opinion and Order of September 17, 2015, in Nieves-López et al v. Bhatia-Gautier et al, Civil No. 14-1220 (JAG-BJM), at Docket 15.

14. To be clear, then, Plaintiffs' claims for monetary relief are directed at Defendants in their personal capacities and the claims for injunctive relief are directed at Defendants in their official capacities.

## IV. DEFENDANTS IN THEIR PERSONAL CAPACITIES ARE NOT COVERED BY THE TITLE III STAY

15. The provisions of Title III of PROMESA establish a restructuring mechanism most closely

-5-

resembling a bankruptcy proceeding under Chapter 11. The automatic stay found in Section 362 of the Bankruptcy Code is incorporated into PROMESA. In relevant part, Section 362 states:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> […]

11 U.S.C.A. § 362.

16. It is evident from the language of the statute that the automatic stay, far-reaching as it is, has one basic limit – no bankruptcy proceeding can extend its automatic stay to actions in which the defendant is not the bankruptcy debtor.

17. It is well established that the automatic stay is the most basic protection afforded by a bankruptcy. Midatlantic National Bank v. New Jersey Department of Environmental Protection, 474 U.S. 594, 503 (1986.) The intent of the automatic stay is to provide breathing room to the debtor by halting collection efforts. In re Soares, 107 F. 3d 969, 976 (CA1 1997). Such automatic stay, however, is not all-encompassing. The prevailing norm is that, barring exceptional circumstances, the automatic stay can only be applied to the debtor, and not to third parties. In re Whitman-Nieves, 519 B.R. 1, 8 (D.P.R. 2014); see also In re Kevin W. White, 415 B.R. 696, 698 (N.D. IL 2009) ("Generally, the automatic stay protects the bankruptcy debtor and does not bar suits against third parties, such as non-debtor entities, even when wholly owned by the debtor, or the debtor's insurers, guarantors, and sureties").

18. As defined by PROMESA, "[t]he term 'debtor' means the territory or covered territorial instrumentality concerning which a case under this title has been commenced." Section 301(c)(2)

-6-

of PROMESA, 48 U.S.C. § 2161(c)(2).

19. The District Court for the District of Puerto Rico has found that the stay under Title III does not apply to cases brought against government officials in their personal capacities. To wit, in Guadalupe-Báez v. Pesquera, __ F.Supp.3d __ (D.P.R. 2017) (2017 WL 3837187), the plaintiff filed a section 1983 claim against defendant in his personal capacity. The defendant filed a notice of automatic stay. The District Court held that the automatic stay under Title III did not apply and explained:

> In this case, Defendant Pesquera is sued in his individual capacity as superintendent of the PRPD at the time of the events. The Commonwealth of Puerto Rico is not a party to this case. Plaintiffs' claim is against an individual, not the Commonwealth. Thus, Plaintiffs' claim against Defendant Pesquera does not seek to enforce a "claim against the debtor" under section 922(a). The fact that the Commonwealth has enacted laws to fund the defense of individual-capacity officer suits, or to potentially provide payment of an adverse judgment is a *non sequitur*.

*Supra*.

20. In Nieves-López, claims for monetary relief are aimed at Defendants in their personal capacities. Defendants in their personal capacities are not, and cannot be reasonably considered to be, debtors in the Title III proceedings. Therefore the automatic stay cannot cover Defendants in their personal capacities and, by extension, the claims for monetary relief raised by Plaintiffs.

## V. CLAIMS FOR INJUNCTIVE RELIEF ARE NOT SUBJECT TO TITLE III STAY

21. The stay does not apply to Defendants in their official capacities in Nieves-López insofar as the only claims in that capacity are for injunctive relief to redress a constitutional violation under section 1983.

22. PROMESA establishes that "[e]xcept as otherwise provided in this chapter, nothing in this chapter shall be construed...in any manner relieving a territorial government, or any territorial instrumentality thereof, from compliance with Federal laws." 48 U.S.C. § 2106. Any

interpretation that PROMESA's Section 7 excludes from "Federal Laws" the "rights, privileges, or immunities secured by the Constitution", which section 1983 seeks to protect, would be unsustainable.

23. In Vázquez-Carmona v. Department of Education, 255 F. Supp. 3d 298 (D.P.R.), the District Court held:

> The PROMESA stay does not apply to this case. Through this action, Plaintiff seeks de novo judicial review of an agency action under IDEA. The relief requested is not monetary damages; rather, Plaintiff seeks injunctive and declaratory relief to enforce a federally protected right. PROMESA expressly contemplates that the temporary stay will not apply to suits to enforce federal rights. See § 2106 ("nothing in this chapter shall be construed as ... relieving a territorial government, or any territorial instrumentality thereof, from compliance with Federal laws...."). Therefore, this action is not subject to the PROMESA stay.

*Supra*.

24. It cannot be reasonably questioned that Plaintiffs' claims against Defendants in their official capacities seek to address violations of constitutional rights, namely their First and Fourteenth Amendment rights, through injunctive relief. PROMESA expressly excludes these claims from the reach of its automatic stay. Thus, there is no legal basis to stay Nieves-López.

### VI. LIFTING OF THE STAY

25. Plaintiffs respectfully aver that the Title III stay does not apply to Nieves-López. Alternatively, there are factors that support the lifting or modification of the stay. Section 362 provides a mechanism to lift the stay. To wit, Section 362(d) prays, in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such

-8-

party in interest;

[…]

11 U.S.C.A. § 362(d)(1).

26. In any event, a specific lack of adequate protection of an interest need not be found to establish cause for the lifting of the stay. In C & A, S. E. v. P.R. Solid Waste Magmt., 369 B.R. 87, 94–95 (D.P.R.2007), the District Court for the District of Puerto Rico used a 13-factor test to determine whether cause existed to lift the stay. These factors are: (1) whether the relief will result in a partial or complete resolution of the issues; (2) the lack of any connection with or interference with the bankruptcy case; (3) whether the foreign proceeding involves the debtor as fiduciary; (4) whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases; (5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) whether the action essentially involves third parties; (7) whether litigation in another forum would prejudice the interest of other creditors and/or other interested parties; (8) whether the judgment claim arising from the foreign action is subject to equitable subordination under section 510(c); (9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor; (10) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; (11) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; (12) the impact of the stay on the parties and (13) the balance of hurt. It is well settled that the moving party need not establish all or even a plurality of these factors, as the court will ordinarily rely on only a few factors to determine whether cause exists.

27. In Nieves-López, factors 1, 2, 6, 7, 9, 10, 11, 12 and 13 are applicable and favor the lifting of the stay. Namely, Nieves-López is in an advanced stage. Discovery in Nieves-López, which due to the amount of Plaintiffs was substantial, was near completion when the stay was imposed.

This satisfies factors 1 and 11, since the lifting of the stay will facilitate the quick resolution of the issues. Likewise, factors 2, 6, 7 and 9 favor lifting the stay because the Defendants in <u>Nieves-López</u> in their personal capacities are separate from the Commonwealth of Puerto Rico. <u>Nieves-López</u> involves third parties to these bankruptcy proceedings. It follows that there is no interference from <u>Nieves-López</u> with the Title III process. Since <u>Nieves-López</u> involves third parties, it represents no prejudice for creditors or interested parties in the Commonwealth's bankruptcy. Again, because <u>Nieves-López</u> does not include the Commonwealth as a debtor, the favorable resolution in those cases would not result in a lien on the Government. Judicial economy would be best served by lifting the stay and allowing <u>Nieves-López</u> to conclude and avoid further delays. Also, as previously stated, because Defendants in their personal capacities are separate from the Commonwealth, this Honorable Court lacks jurisdiction over it in the Title III proceedings currently under way. To apply the stay results in the Plaintiffs being left devoid of any forum in which to pursue their claims and protect their interests. This represents a devastating impact on their rights and in effect deprives them of their property without due process. Lastly, no harm will result on the Commonwealth from lifting the stay, whereas Plaintiffs will be bereft of any effective mechanism to advance their claims.

### VII. CONCLUSION

28. Clearly, Defendants in their personal capacities cannot be considered debtor in the Title III proceedings. Likewise, claims against Defendants in their official capacities seek redress of violations of constitutional rights through injunctive relief. PROMESA expressly precludes this type of claims from the automatic stay. The stay in <u>Nieves-López</u> is therefore untenable. Also, the Plaintiffs are left without adequate protection and without any viable mechanism with which to pursue their claims as a result of the stay. There is thus ample cause for the stay to be lifted.

29. For the reasons stated above, it is respectfully requested that this Honorable Court issue

an order to the effect that the stay is not applicable to Nieves-López, or otherwise lift the stay in and order the proceedings be continued.

### VIII. CERTIFICATION

30. In compliance with Paragraph III.Q of the Third Amended Case Management Procedures order (ECF No. 1512, Ex. 1), we certify that on September 1, 2017 we sent to counsel for the Oversight Board and AAFAF a notice advising them of Plaintiffs' intention to seek relief from the Title III automatic stay. Shortly thereafter, Hurricanes Irma and María hit Puerto Rico and knocked down power and communications, limiting the ability for counselors to meet and confer. On October 5, 2017, Plaintiffs were informed that the Commonwealth in coordination with AAFAF determined not to lift or modify the stay.

**WHEREFORE**, it is respectfully requested that this Honorable Court issue an order to the effect that the stay is not applicable to Nieves-López, or otherwise lift the stay and order the proceedings be continued.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this December 6, 2017.

**I HEREBY CERTIFY** that on this date, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

    **s/Francisco R. González-Colón**
    **FRANCISCO R. GONZALEZ COLON**
    **USDC No. 116410**

    FRANCISCO GONZÁLEZ LAW OFFICE
    1519 PONCE DE LEÓN AVE.
    FIRST FEDERAL BLDG. SUITE 805
    SAN JUAN, P.R. 00909
    Tel. (787) 723-3222 FAX 722-7099
    bufetefrgonzalez@gmail.com