Case:17-03283-LTS Doc#:1922-2 Filed:12/06/17 Entered:12/06/17 14:52:00 Desc:
Case 3:14-cv-01220-JAG Document 15 Filed 09/17/15 Page 1 of 8
Exhibit Opinion and Order Page 1 of 8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BEATRIZ NIEVES-LOPEZ, *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> HON. EDUARDO BHATIA-GAUTHIER, *et al.*, <br><br> **Defendants.** | CIVIL NO. 14-1220 (JAG) |

OPINION AND ORDER

GARCIA-GREGORY, D.J.

Pending before the Court is a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (the "Motion") by the Hon. Eduardo Bhatia-Gauthier, Denise M. Rivera-Gonzalez, Juan L. Martinez-Martinez, Maritza Torres-Rivera, Evangelina Aponte, and Maritza Aviles (collectively, "Defendants"). Docket No. 1 at 1-2. For the reasons outlined below, the Motion is DENIED in part and GRANTED in part.

FACTUAL BACKGROUND

Plaintiffs in this case are 32 former employees of the Office of Legislative Services (the "OLS"), an office administered by the Senate of Puerto Rico (the "Senate"). *Id.* at 2. Defendants hold leadership positions in either the Senate or the OLS. *Id.* at 1-2. The present dispute arises out of Plaintiffs' dismissal following the general elections of November 6, 2012, and the inauguration of a new Senate controlled by the Popular Democratic Party (the "PDP"). *Id.* at 2. Plaintiffs allege they were dismissed without cause because they were not affiliated with the PDP and were active members of the New Progressive Party (the "NPP"). *Id.* at 2-3. Plaintiffs argue that Defendants violated their rights under the First and Fourteenth Amendments of the

Case:17-03283-LTS Doc#:1922-2 Filed:12/06/17 Entered:12/06/17 14:52:00 Desc:
Exhibit Opinion and Order Page 2 of 8
Case 3:14-cv-01220-JAG Document 15 Filed 09/17/15 Page 2 of 8

Civil No. 14-1220 (JAG) 2

U.S. Constitution, as well as under the laws and Constitution of Puerto Rico. *Id.* at 81-83.[1] In turn, Defendants move to dismiss all claims against them, arguing that they are immune from suit under the Eleventh Amendment of the U.S. Constitution. Docket No. 10 at 7-9. Defendants also move to dismiss Plaintiffs' Fourteenth Amendment claims for failure to state a claim. *Id.* at 5-15.[2]

STANDARD OF REVIEW

Federal law provides that to survive a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). According to *Twombly*, the complaint must state enough facts to "nudge [the plaintiff's] claims across the line from conceivable to plausible." *Id.* Therefore, to preclude dismissal pursuant to Fed. R. Civ. P. 12(b)(6), the complaint must rest on factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 555. At the motion to dismiss stage, courts accept all well-pleaded factual allegations as true, and draw all

---

[1] Plaintiffs seek a declaratory judgment stating that Defendants' actions were in violation of the Constitution of the United States and of Puerto Rico and ordering Defendants to refrain from engaging in additional adverse employment actions based on political affiliation. Docket No. 1 at 84. Plaintiffs also seek compensatory and punitive damages, an injunction ordering Defendants to reinstate Plaintiffs to their positions with all corresponding benefits and privileges, and attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 1983 and other statutes. *Id.*

[2] Defendants additionally argue, and Plaintiffs concede, that Plaintiffs do not have a valid Fifth Amendment claim. Docket No. 10 at 9; Docket No. 12 at 8. Accordingly, Plaintiffs' Fifth Amendment claims shall be DISMISSED WITH PREJUDICE. Defendants also argue that Plaintiffs fail to state a claim under the Fourteenth Amendment's Equal Protection Clause. Docket No. 10 at 13-15. Plaintiffs respond that they did not make an Equal Protection claim to dismiss, so the Court need not delve further into this matter. Docket No. 12 at 8. It should also be noted that Defendants do not specifically address the validity of Plaintiffs' First Amendment and Puerto Rico local law claims outside of their argument that all of Plaintiffs' claims are barred by the Eleventh Amendment. Docket No. 10 at 5-15.

Case:17-03283-LTS Doc#:1922-2 Filed:12/06/17 Entered:12/06/17 14:52:00 Desc:
Exhibit Opinion and Order Page 3 of 8
Case 3:14-cv-01220-JAG Document 15 Filed 09/17/15 Page 3 of 8

Civil No. 14-1220 (JAG) 3

reasonable inferences in the plaintiff's favor. *See Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 51 (1st Cir. 1990). Therefore, the plaintiff bears the burden of stating factual allegations regarding each element necessary to sustain recovery under some actionable theory. *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988). Courts need not address complaints supported only by "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).

## DISCUSSION

### I. Eleventh Amendment Immunity

Defendants argue that the Eleventh Amendment of the U.S. Constitution precludes Plaintiffs' claims. Docket No. 10 at 7-9. They cite precedent holding that Eleventh Amendment immunity extends to governmental instrumentalities that are arms or *alter egos* of the State, such as State agencies and departments. *Id.* (citations omitted). Therefore, Defendants argue, Plaintiffs' claims against them in their official capacities are barred by the Eleventh Amendment and should be dismissed with prejudice. *Id.* The Court disagrees.

First, the Court notes that Plaintiffs are not suing any governmental instrumentalities; rather, Plaintiffs are suing government officials in their personal and official capacities. Docket No. 1 at 1-2, 12-14. Therefore, their *alter ego* argument is sorely misplaced. Moreover, Plaintiffs' claims for injunctive relief are directed at Defendants in their official capacities, while their claims for monetary relief are against Defendants in their personal capacities. *Id.* at 83. As Plaintiffs correctly argue in their Opposition to Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Opposition"), Defendants fail to acknowledge that the

Case:17-03283-LTS Doc#:1922-2 Filed:12/06/17 Entered:12/06/17 14:52:00 Desc:
Exhibit Opinion and Order Page 4 of 8
Case 3:14-cv-01220-JAG Document 15 Filed 09/17/15 Page 4 of 8

Civil No. 14-1220 (JAG) 4

*Ex Parte Young* doctrine allows State officials to be sued in their official capacities for injunctive relief. Docket No. 10 at 7-9 (citing *Ex parte Young*, 209 U.S. 123, 154 (1908)). Likewise, the Eleventh Amendment does not bar suits against state officials sued in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991) (noting that damages awards against individual defendants "are a permissible remedy in some circumstances notwithstanding the fact that they hold public office").

In light of the above, Defendants' Motion is DENIED on Eleventh Amendment grounds.

II. **Fourteenth Amendment Claims**

Defendants also argue that Plaintiffs fail to state valid Fourteenth Amendment procedural and substantive due process claims. Docket No. 10 at 9-15. The Court will address each separately.

A. **Procedural Due Process**

With regard to this claim, Defendants rely on First Circuit precedent to argue that, because Plaintiffs did not allege their status as "career employees," Plaintiffs fail to state a procedural due process claim. Docket No. 10 at 10-11. Specifically, they contend that Puerto Rico law only grants a constitutionally-protected property interest in continued employment to career employees, while Plaintiffs' termination was simply a matter of contracts not being renewed. *Id.*

Plaintiffs counter that there is no basis to suggest that they were not career employees. Docket No. 12 at 8. Plaintiffs state that because their employment had no fixed end-date, they

Case:17-03283-LTS Doc#:1922-2 Filed:12/06/17 Entered:12/06/17 14:52:00 Desc:
Exhibit Opinion and Order Page 5 of 8
Case 3:14-cv-01220-JAG Document 15 Filed 09/17/15 Page 5 of 8

Civil No. 14-1220 (JAG) 5

were not transitory employees or independent contractors. *Id.* at 9. Therefore, Plaintiffs contend, they had a reasonable expectation of continued employment with the OLS. *Id.* at 11.[3]

The first step in evaluating the validity of a procedural due process claim is to determine whether the plaintiff has been deprived of a life, liberty, or property interest that is protected by the Due Process Clause. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). If individuals have a "property right in continued employment," the State cannot "deprive them of this property without due process." *Id.* at 538 (holding that public employees' property interests in their employment involve a right to a hearing before employees are terminated). "Property interests," however, "are not created by the Constitution" itself. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). Instead, "they are created and their dimensions are defined by existing rules or understandings that stem from independent sources such as state law —rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.*

In terms of granting individuals property rights in their continued employment, Puerto Rico law "distinguishes between 'career' employees and 'trust' or 'confidential' employees." *Montfort-Rodriguez v. Rey-Hernandez*, 504 F.3d 221, 223 n.4 (1st Cir. 2007). Career employees "may only be removed from their positions for just cause and after due filing of charges," whereas

---

[3] Plaintiffs also cite to First Circuit precedent noting that the Supreme Court of Puerto Rico has recognized certain circumstances in which even transitory employees may have legitimate expectations of continued employment. Docket No. 12 at 10 (citing *Hatfield-Bermudez v. Aldanondo-Rivera*, 496 F.3d 51, 60 (1st Cir. 2007)).

Case:17-03283-LTS Doc#:1922-2 Filed:12/06/17 Entered:12/06/17 14:52:00 Desc:
Case 3:14-cv-01220-JAG Document 15 Filed 09/17/15 Page 6 of 8
Exhibit Opinion and Order Page 6 of 8

Civil No. 14-1220 (JAG)                                                                          6

confidential employees "shall be of free selection and removal." *Id.* (citing P.R. Laws Ann. Tit. 21, § 4554(b) (2001) and P.R. Laws Ann. Tit. 3, § 1350 (2000)).

In the Complaint, Plaintiffs allege that they held "regular" and not "trust" positions within the OLS, as their positions were not time-limited or fixed-term, they did not partake in the formulation of public policy, and they did not have unfettered access to confidential governmental information. Docket No. 1 at 82; *see also* Docket No. 12 at 8-11. Drawing "all reasonable inferences in [Plaintiffs'] favor," *Correa-Martinez*, 903 F.2d at 51, Plaintiffs have sufficiently alleged that they were career employees with a claim of entitlement to continued employment with the OLS. Defendants' Motion is, therefore, DENIED as to Plaintiffs' procedural due process claims.

B.  **Substantive Due Process**

Defendants also contend that Plaintiffs' substantive due process claims fail because Defendants' actions were not sufficiently shocking to trigger substantive-due-process protection under the Fourteenth Amendment. Docket No. 10 at 11-13. Moreover, Defendants argue, the court should dismiss Plaintiffs' substantive due process claims because courts must not look into substantive due process where a plaintiff has stated a viable First Amendment claim for the same conduct. Id. at 13.[4] The Court agrees with Defendants.

The Fourteenth Amendment encompasses substantive due process claims. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (citing *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). Substantive

---

[4] Plaintiffs did not respond to Defendants' arguments regarding substantive due process. *See* Docket No. 12.

Civil No. 14-1220 (JAG) 7

due process bars "certain arbitrary, wrongful governmental actions, 'regardless of the fairness of the procedures used to implement them.'" *Id.* (citations omitted). However, when the text of an Amendment explicitly protects individuals against *specific* government behavior, "that Amendment, not the more general concept of 'substantive due process,' must govern." *Albright v. Oliver*, 510 U.S. 266, 273 (1994). The First Circuit accordingly "decline[s] to 'enter the unchartered thicket of substantive due process' where the plaintiffs have stated a viable First Amendment claim for the very same conduct." *Ramirez v. Arlequin*, 447 F.3d 19, 25 (1st Cir. 2006) (quoting *Nestor Colon-Medina & Sucesores, Inc. v. Custodio*, 964 F.2d 32, 46 (1st Cir. 1992)). This is precisely the situation before the Court.

Plaintiffs asserted First Amendment claims on the basis of their termination because of their protected activities of speech and association. Docket No. 1 at 81-82. The Court denied Defendants' efforts to dismiss the First Amendment claims under Eleventh Amendment immunity. *See* Section I of Discussion. Accordingly, the Court should not look into the substantive due process claims for relief, since "[P]laintiffs have stated [] viable First Amendment claim[s] for the very same conduct." *Arlequin*, 447 F.3d at 25. Defendants' Motion is therefore GRANTED in part. Plaintiffs' substantive due process claims shall be DISMISSED.

## CONCLUSION

In view of the foregoing, Defendants' Motion is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 17th day of September, 2015.

Civil No. 14-1220 (JAG) 8

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge