IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| IN RE: THE FINANCIAL OVERSIGHT MANAGEMENT BOARD FOR PUERTO RICO | CASE NO. 17-BK- 3283-LTS<br><br>TITLE III |
| as representative of THE COMMONWEALTH OF PUERTO RICO | |

## MOTION REQUESTING RELIEFS FOR APPEAL

Comes now, Javier Mandry Mercado, pro se, declares and requests this Court to grant 1) Stay on the effects of judgment pending appeal re: docket 600; 2) Order opposing counsel to translate documents attached motion

This motion requests relief on appeal regarding docket 1862. The ground for the request are as follows:

### I - Stay Pending Appeal

1. Neither counsel Vicens in the state claim, nor her state-claim counterpart the Commonwealth of Puerto Rico has informed the state court case JAC2008-0853 of the pending appeal; However, they did request to continue proceedings pursuant to judgment granting relief from automatic stay (Docket 600).

2. At the date of mailing this motion, the state court has not continued proceedings, they do have upon their consideration a summary judgment motion that was filed immediately after the relief was issued.

3. To prevent having to undo any actions taken at state court, during and after the appeal, this petitioner moves this Honorable Court pursuant to Fed. R. Civ. P. 62(c) and Fed. R. App. P. 8(a)(1)(A), (C), for an order staying the judgment of this Court entered on July 7, 2017 (ECF No. 600, pending appeal to the United States Court of Appeals for the First Circuit.

4. This movant moves this court to stay the effects of judgment from Docket 600, placing emphasis that I will be requesting nullity for fraudulent non-joinder. The relevant case law places emphasis on the notice of appearance as a requirement for a judgement. One of the issues pending appeal is the fact that counsel's notice of appearance (Docket 304) does not match any of the clients that she intended to represent as listed in "Exhibit A" of motion for relief, docket entry 305, pages 8-9,Exhibit A. Additionally, counsel ignored this allegation (Docket 634 ¶8 and in Docket 822) in her answer (Docket 684). Additionally, counsel admitted not having notified me, although this was a requirement of this court.

5. Among the issues on appeal are the sanctions to counsel, as will be my request to file cross-complaint to be considered a non-core adverse proceeding pursuant to Bk Rule 7001. The jurisdictional basis for the adverse proceeding is a violation of due process and extrinsic fraud, which are federal causes of action, satisfy the requirements *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S. Ct. 2858, 73 L.Ed.2d 598 (1982).

6. In *Rivera-Torres v. Ortiz Velez, 341 F.3d 86* (1st Cir., 2003) *"Under well-settled law, courts entertaining a motion for stay are compelled to evaluate*

*the merits of the petition and anticipate its disposition on appeal.* See Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 16 (1st Cir.2002)"

## II – ORDER CERTIFIED TRANSLATION OF SUPPLIED DOCUMENTS

7. Counsel Maria Vicens has provided various documents in Spanish, specifically Exhibit A and B of Docket 305 and Exhibit B of Docket 684. Said counsel offered to the Court in both cases.

8. Pursuant to Local Rule 5 "*All documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts. Certification by a federally-certified interpreter may be waived upon stipulation by all parties.*"

9. Counsel knew I was indispensable, yet chose to not inform me. In turn, I could have made my timely objections to the court, had I been entitled the same benefit that she had to "make her case" for the court to grant the requested relief. Now, the fact that the documents will have to be subject to review by the court of appeals includes the issue of fraudulent non-joinder of an indispensable party. Furthermore, because this court requires that she would have filed certified translation, I request that I be afforded the same benefit that I would have been afforded, as if she had informed me in a timely manner pursuant to requirements of law.

Wherefore, movant requests this Court to grant Stay on the effects of judgment pending appeal re: docket 600; 2) Order opposing counsel to translate documents listed above.

DATE: September 18, 2017

_____
JAVIER E. MANDRY-MERCADO
1326 Calle Salud Apt 1101
Ponce, PR 00717

Note: The date shown above reflects the date this motion was mailed, but seems to have been lost in the mail and originals were never filed. This is a second mailing of the same motion. Dated: 12/2/17.

CERTIFICATE OF SERVICE: I hereby certify that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Office of the United States Trustee and to the attorneys of record.