UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of | PROMESA TITLE III Case No. 17-BK-3283 (LTS) |
| THE COMMONWEALTH OF PUERTO RICO, et al., Debtors[1] | (Jointly Administered) |
| In re: | PROMESA |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of | TITLE III Case No. 17-BK-4780 (LTS) |
| THE PUERTO RICO ELECTRIC POWER AUTHORITY Debtor | (Jointly Administered) |
| | Court Filing Relates Only to PREPA and Shall Only be Filed in Case No. 17-BK-4780 (LTS) and Main Case 17-BK-3283 (LTS) |

**MOTION FOR RELIEF FROM STAY FOR CAUSE**

TO THE HONORABLE COURT:

       **COMES NOW,** Movant, bondholder **PAN AMERICAN GRAIN CO., INC.**,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

("Pan American"), by the undersigned attorney, to seek relief from the automatic stay for cause, to execute set-off, in the terms here allocated:

## JURISDICTION

1. The United States District Court has subject matter jurisdiction over this matter under PROMESA section 306(a).

2. Venue is proper under PROMESA section 307(a).

3. The Court has jurisdiction under sections 362(d) and 553 of Title 11 of the United States Code, applicable to this proceeding under section 301 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101 et seq., and Federal Rules of Bankruptcy Procedure 4001 and 9014.

## FACTUAL BACKGROUND

1. The Financial Oversight and Management Board for Puerto Rico ("FOMB"), as the Debtors' representative pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101-2241, filed a voluntary petition for relief on behalf of the Puerto Rico Electric Power Authority on July 2, 2017 ("PREPA's Petition Date"), under PROMESA.

2. In this motion, Pan American is averring its legal right as a creditor to effectuate set-off under section 553 of the Bankruptcy Code as applicable to this proceeding under section 301 of PROMESA.

3. Set-off is a nonconsensual self-help remedy that allows entities mutually indebted to each other to apply their mutual debts against one another. This avoids "the absurdity of making A pay B when B owes A" (Citizens Bank of Maryland v. Strumpf, 516 U.S. 16,

2

18 (1995). Pan American files this motion for relief from stay to effectuate set-off on the amount owed by PREPA to Pan American and the amount owed by Pan American to PREPA.

4. Pan American Grain Co. Inc., is the holder of Power Revenue Bonds and Power Revenue Refunding Bonds issued by the Puerto Rico Electric Power Authority, ("PREPA"). The bonds have a total value of $1,005,000.00 plus accrued interests totaling $1,028,507.50. As of July 1, 2017, prior to PREPA's petition date, the full amount of the bonds plus interests is owed and payable to Pan American by PREPA.

5. In turn, PREPA is claiming payment from Pan American for accrued pre-petition electric power services provided to Pan American totaling $2,211,780.76.[2]

6. Pan American asserts its right to effectuate set-off on the amount owed by PREPA to Pan American as bondholder and the amount owed by Pan American to PREPA for the pre-petition electric power services. After the execution of the set-off, the outstanding balance in favor of PREPA, will be paid in cash by Pan American.[3]

7. Pan American's request to effectuate set-off is coherent, reasonable and crucial as a matter of law, it is appropriate under the statutes of PROMESA and the Bankruptcy Code. This Title III Court should recognize Pan American's statutory right to set-off

---

[2] For the exclusive purpose of this motion for relief from stay, Pan American will not contest the amount claimed by PREPA for the pre-petition power service.

[3] For the exclusive purpose of this motion for relief from stay, Pan American will not contest the amount claimed by PREPA for the pre-petition power service nor the balance in favor of PREPA after the set-off is executed.

3

under section 553 of the Bankruptcy Code allowing the set-off between Pan American and PREPA, granting this creditor equitable relief to further the interests of justice.

8. Since Pan American seeks to enforce its claim through this motion for relief from stay, the procedures set forth at Paragraph III.Q of Section III (Scheduling) of the Order Further Amending Case Management Procedures dated October 24, 2017, registered at docket number 1512, are inapplicable to Pan American, and according to the terms of the Order, a Certification is not required.

9. In the interests of judicial economy and the expeditious and economical resolution of the debtor/creditor correlation between Pan American and PREPA, this Court should grant relief from the automatic stay for cause, to allow the execution of the set-off.

### LEGAL GROUNDS FOR RELIEF FROM STAY

**A) Section 553 of the Bankruptcy Code as applicable to PROMESA grants this Title III Court the power to enter an Order granting the relief requested by Pan American to execute set-off, allowing an expeditious and economical resolution of the symbiotic debtor creditor connection between Pan American and PREPA.**

Pan American seeks relief from the automatic stay under section 362(d)(1) of the Bankruptcy Code, in order effectuate set-off under section 553 of the Bankruptcy Code as applicable to this Title III case under section 301 of PROMESA.

PROMESA powers this Title III Court to issue orders in claim litigation and the enforcement of claims. By incorporating section 553 to Title III proceedings, Congress intended to afford creditors the set-off option in the debt adjustment proceedings. This Court has the power to grant the request by Pan American, and issue an order within its

4

statutory powers regarding creditor claims. The Court's determination in this creditor claim issue will not contravene section 305 of PROMESA, plainly, it will defray the creditor debtor reciprocal liabilities in an efficient and equitable manner.

In this way, an order granting Movant's request will allow Pan American to enforce its claim by effectuating set-off with PREPA and issuing a cash payment to PREPA for any outstanding balance.[4]

The set-off doctrine was defined by the Supreme Court of the United States as "grounded on the absurdity of making A pay B when B owes A", Studley v. Boylston Nat'l Bank, 229 U.S. 523, 528, (1913). The essence of the doctrine remains intact, and section 553 of the Bankruptcy Code preserves set-off rights that are available to the creditor claiming the right under non-bankruptcy law.

"A setoff is asserted for reducing or extinguishing a creditor's claim against the debtor when 'the mutual debt and claim contemplated are generally those arising from different transactions." Matter of U.S. Abatement Corp., 79 F.3d 393, (5th Cir. 1996).

Under non-bankruptcy Puerto Rican law, the set-off provisions are included in articles 1149 and 1150, of the Puerto Rico Civil Code. Article 1149 provides: "Compensation[5] shall take place when two (2) persons are mutually creditors and debtors of each other." 31 L.P.R.A. § 3221

The Puerto Rico Supreme Court has recognized there are three types of compensation: legal, judicial and voluntary. Legal compensation is governed by the Puerto Rico Civil

---

[4] In accordance with the statements included in footnotes 2 and 3 of this motion.
[5] Compensation has been recognized as a synonym for set-off. See Black's Legal Dictionary, 2nd Edition.

5

Code, and occurs when all requisites established by sections 3221 and 3222 of this title are present, provided no legal prohibition against such compensation existed. <u>Walla Corporation v. Banco Comercial de Mayagüez., 114 D.P.R. 216, (P.R. 1983)</u>.

Case law has defined judicial compensation/set-off when ordered by the Court, and voluntary compensation/set-off by agreement of the parties. The definition of legal compensation/set-off, as distinct from voluntary or judicial compensation, occurs as a matter of law upon the occurrence of certain circumstances required by law. Its effect is to extinguish certain debts even without the knowledge of creditors or debtors. <u>Ramos v. Caparra Dairy, Inc., 116 D.P.R. 60 (1985)</u>.

The First Circuit defined set-off in the case of Fajardo <u>Shopping Ctr. of P.R., Inc. v. Sun Alliance Ins. Co., 167 F.3d 1 (1st Circuit, 1999)</u>, stating that setoffs have no purpose other than to "[allow] the convenient simplification of relations between mutually indebted parties."

Article 1150 of the Puerto Rico Civil Code, itemizes the statutory requirements for set-off.[6] The correlated provision in the Bankruptcy Code, section 553, provides a five-prong test for a creditor to validate its right to set-off. The 553 prongs mirror the requirements under Article 1150 of the Puerto Rico Civil Code and are jointly discussed.

---

[6] In order that compensation may be proper, it is required:
(1) That each of the persons bound should be so principally, and that he be at the same time the principal creditor of the other.
(2) That both debts consist of a sum of money or, when the things due are perishable, that they be of the same kind and of the same quality, if the latter should have been stipulated.
(3) That both debts are due.
(4) That they be determined and demandable.
(5) That none of them is subject to any retention or suit instituted by a third person, and of which due notice has been given the debtor. 31 LPRA 3222

Section 553 requires a creditor claiming its right to set-off to show: 1) Creditor holds a claim against the debtor; 2) creditor owes a debt to the debtor; 3) both claim and debt are valid and enforceable; 4) both claim and debt arose pre-petition: and 5) the claim and debt are mutual.

The first and second prongs should be analyzed in conjunction: creditor Pan American as a bondholder holds a claim against PREPA for the value of the bonds and the accrued interests due before the PREPA case under PROMESA and Pan American also owes a liability to PREPA that stems from pre-petition electric power services rendered by PREPA to Pan American; therefore, under these prongs, creditor Pan American owes debtor PREPA and debtor PREPA owes creditor, Pan American. These two prongs equally satisfy requirement numbers 1 and 5 under Article 1150 of the PR Civil Code that each is the principal creditor and debtor of the other; meaning that PREPA owes Pan American and Pan American owes PREPA, this requirement does not allow for related entities or related parties, or amounts attached or garnished by third parties.

The third prong brings into view the validity and enforceability of the claim and the debt. The claim owed by PREPA to Puerto Rican bondholder, Pan American is valid and enforceable. Pan American[7], consents to classify its pre-petition power bill owed to PREPA as valid and enforceable. This prong satisfies requirement numbers 2 and 4 under Article 1150 of the PR Civil Code that the amounts due are money and are determined and demandable, equivalent to valid and enforceable.

---

[7] See footnote 2.

The fourth prong under 553 requires that both the debt and the claim are pre-petition, entailing that the right to payment arose before the PREPA case is filed, which was July 2nd, 2017. Pan American's bonds have a maturity date of July 1st, 2017, the date is pre-petition of PREPA's case, and since then, are due by PREPA to Pan American. As to the amounts owed by Pan American to PREPA, Pan American[8] agrees that the $2,211,780.76 amount claimed by PREPA for pre-petition electric power services, were accrued before the PREPA case was filed on July 2, 2017. Although this prong has no similar requirement under Article 1150 of the PR Civil Code this prong equates requirement number 3, essentially that both debts are due.

The fifth and last prong factor under section 553 is the mutuality of the claim and debt. As explained by the recognized Bankruptcy Treatise, Norton Bankruptcy Law and Practice, mutuality is defined: "Generally debts are mutual if they are due to and from identical parties, standing in the same right and in the same capacity. Mutuality also requires that both debts arise prepetition. Mutuality does not require that the debts in question arise out of the same transaction or be of the same character." Norton Bankruptcy Law and Practice, section 553, West Law, 2017.

Mutuality is also present in this fertile ground for set-off. The debts are owed to and from the same parties; Pan American Grain Co., Inc. and PREPA, and in the same right and capacity: Pan American is a creditor of PREPA and PREPA is a creditor of Pan American, no related entities or related parties. This prong satisfies requirement numbers

---

[8] See footnote 2.

1 and 5 under Article 1150 of the PR Civil Code, that each is the principal creditor and debtor of the other and the amounts are not attached or garnished.

Considering section 553 of the Bankruptcy Code, the five-prong test under the set-off statute of the Bankruptcy Code and the parallel criteria in Article 1150 of the PR Civil Code are present in the factual scenario between Pan American and PREPA, therefore, Pan American should be granted an Order to execute set-off. [9]

The doctrine of setoff is recognized, "...based on the premise that if party A is indebted to party B and party B is also indebted to party A, then logically these mutual debts should cancel each other out. The only true debt is the difference between these obligations. Eliminating these cross-payments can reduce litigation in bankruptcy, thereby saving judicial resources and expense to the parties involved. *As an equitable remedy, setoff promotes efficiency, simplicity, and fairness, both in and out of bankruptcy*." Norton Bankruptcy Law and Practice, section 553, West Law, 2017.

An assessment of the equities under section 553 of the Bankruptcy Code grants this Title III Court the power to enter an Order granting the relief from stay requested by Pan American to execute set-off, allowing an expeditious and economical resolution of the symbiotic debtor creditor connection between Pan American and PREPA.

**B) Section 362(d)(1) of the Bankruptcy Code as applicable to PROMESA grants this Title III Court the power to enter an Order granting relief from the automatic stay to allow Pan American to execute set-off.**

---

[9] Under the Puerto Rico Electric Power Authority Act, the set-off doctrine is allowed through the collection of deposits for unpaid invoices. Under section 211 of the Act, the bonds of the Authority shall be lawful investment, and may be accepted as security, for all fiduciary, trust, and public funds. 22 L.P.R.A. § 211

9

Although section 553 of the Bankruptcy Code preserves set-off rights, section 362(a)(7) prohibits the execution of those rights by the automatic stay applicable to this case under sections 301 and 405 of PROMESA.

Section 362(d)(1) of the Bankruptcy Code, also made applicable in these proceedings by the same PROMESA sections, requires creditor Pan American to seek relief from stay to exercise its set-off rights.

Imposing the automatic stay does not defeat the creditor's setoff right, but merely enjoins the enforcement of the creditor's right pending the orderly examination and administration of the estate. For as long as the automatic stay remains in effect, a creditor wishing to exercise its right of setoff must seek and obtain relief from the stay. <u>Norton Bankruptcy Law and Practice, 2017.</u>

Section 362(d)(1) of the Bankruptcy Code allows the Court to grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property." <u>Collier on Bankruptcy 2017</u>. Since cause is barren of a definition within the plain language of the statute, courts have held that allowing a matter to proceed in another forum exemplifies *what may constitute cause* to lift the automatic stay.[10] The legislative history of section 362(d) (1) supports that allowing a matter to proceed in another forum *exemplifies a definition of cause*.[11]

---

[10] Maintainco, Inc. v. Mitsubishi Caterpillar Forklift America, Inc. (In re Mid- Atlantic Handling Sys., LLC), 304 B.R. 111, 130 (Bankr. D. N.J. 2003); Izzarelli v. Rexene Prods. Co.(In re Rexene Prods. Co.), 141 B.R. 574, 576 (Bankr. D. Del. 1992).

[11] "It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere. "S. Rep. No. 95-989 at 50 (1978), *reprinted in* 197 8 U.S.C.C.A.N. 5787, 5836.

10

The case of In re A Partners, LLC, 344 B.R. 114 (Bankr. E.D. Cal. 2006), defines the term "cause" in section 362(d)(1) as a "broad and flexible concept which permits a bankruptcy court, as a court of equity, to respond to inherently fact-sensitive situations." Therefore, the definition of cause under 362(d)(1) has evolved in a plethora of case law focused on the circumstances of each case.

The conditions are discussed in Section A, proving the requirements in section 553 are converged in the creditor debtor relationship between Pan American and PREPA, affording Pan American a legal right to set-off. Therefore, the Court may grant relief from the automatic stay for cause under 362(d)(1) deciding that Pan American may execute set-off under section 553 of the Bankruptcy Code and ruling that Pan American's legal right to set-off is tantamount to cause, without additional findings that may constitute cause to grant relief from stay.

The Court may find it appropriate to borrow factors stemming from the case from the United States Court of Appeals for the Second Circuit, In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax")[12], as cited in Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518(D.P.R. 2016).

---

[12] The twelve Sonnax factors are:
(i) whether relief would result in a partial or complete resolution of the issues;
(ii) the lack of any connection or interference with the bankruptcy case;
(iii) whether the other proceeding involves the debtor as a fiduciary;
(iv) whether there is a specialized tribunal with the necessary expertise has been established to hear the cause of action;
(v) whether the debtor's insurer has assumed full responsibility for defending it;
(vi) whether the action involves primarily third parties;
(vii) whether litigation in another forum would prejudice the interests of other creditors;
(viii) whether the judgment claim arising from the other action is subject to equitable subordination;

Although Sonnax focuses on cause to allow relief from stay to continue a proceeding in a state court, the Sonnax factors equally apply in evaluating cause for other reasons. In this way, factors one, two, ten and twelve are germane to the request by Pan American to effectuate set-off and constitute cause for relief from stay.

In reviewing the dynamics for Pan American, Sonnax factor 1: (i)whether relief would result in a partial or complete resolution of the issues: surely, granting relief from stay for Pan American to effectuate set-off will finish the creditor-debtor issues between Pan American and PREPA and will allow PREPA to collect a cash payment for the balance in its favor after the set-off is executed. Factor 2: (ii) the lack of any connection or interference with the bankruptcy case: Because PROMESA is a debt adjustment proceeding, allowing the set-off will not interfere with the purpose, rather, it will provide closure to creditor-debtor issues between Pan American and PREPA. Factor 10: (x) the interests of judicial economy and the expeditious and economical resolution of litigation: Set-off it is a coherent and equitable request that will expedite an efficient solution to the creditor-debtor issues between Pan American and PREPA and will allow this Court to focus on other matters that arise in these proceedings and the conservation of judicial resources.

Factor 12: (xii) the impact of the stay on third parties and the balance of harms: allowing the relief requested by Pan American will not harm PREPA or its creditors. The

---

(ix) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
(x) the interests of judicial economy and the expeditious and economical resolution of litigation;
(xi) whether the parties are ready for trial in the other proceedings; and
(xii) the impact of the stay on third parties and the balance of harms.

relief from stay to effectuate set-off between PREPA and Pan American will yield a cash payment to PREPA and will eliminate PREPA's current statutory obligation to provide adequate protection payments to Pan American.[13]

Under the purview of the applicable Sonnax factors, equitable grounds, and in the interest of judicial economy, this Title III Court should find there is cause to allow Pan American to effectuate set-off.

## CONCLUSION

In exercising its statutory mandate under PROMESA, this Title III Court has jurisdiction, and factual and legal grounds to enter an order granting relief from the automatic stay to allow Pan American to execute set-off.

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, on December 9, 2017.

**S/ Mª Mercedes Figueroa y Morgade**
Mª Mercedes Figueroa y Morgade
USDC-PR 207108
3415 Avenida Alejandrino
Apt 703
Guaynabo, PR 00969-4956
Tel 787/234-3981
figueroaymorgadelaw@yahoo.com

---

[13] Under section 506(a) of the Bankruptcy Code, set-off rights under section 553 are defined as secured claims to the extent of the amount subject to set-off. This section, in conjunction with section 362(d)(1) grants Pan American the right to claim adequate protection under section 361 of the Bankruptcy Code. Section 361 of the Bankruptcy Code, applicable to this proceeding under section 301 of PROMESA, provides adequate protection options to safeguard the interest of a creditor in property. As a secured creditor, Pan American has not received nor has been offered adequate protection. PREPA also has the burden of proof under section 362(g)(2), of the Bankruptcy Code to establish that Pan American's interest is adequately protected.