**Hearing Date:** December 14, 2017, 1:30 p.m. A.S.T.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**REPLY BRIEF IN SUPPORT OF URGENT RENEWED JOINT MOTION
BY THE AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS,
AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP.,
ASSURED GUARANTY MUNICIPAL CORP., THE MUTUAL FUND GROUP,
AND NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION
FOR ORDER AUTHORIZING RULE 2004 EXAMINATION**

---

[1] The Debtors in these Title III cases (collectively, the "Title III Cases"), along with each Debtor's respective Title III Case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III Case numbers are listed as bankruptcy case numbers due to software limitations).

**Hearing Date:  December 14, 2017, 1:30 pm (AST)**

Movants submit this Reply in support of their Urgent Renewed Joint Motion for Order Authorizing Rule 2004 Examination ("Renewed Motion").

## I.    The Renewed Motion Should Be Granted

Per the terms of the Court's November 21, 2017 Order (Doc. 1847) ("Order"), Movants promptly filed this Renewed Motion on November 28, 2017, to allow adequate time for briefing, a meet-and-confer, submission of a joint status report by December 11, and a hearing on December 14.  Order 3.  Respondents' position is, as it always has been, that formal discovery is "needless" and "unnecessary."  Opp. 2.  They report that an "extensive disclosure process has proceeded voluntarily," and the Court therefore should rest assured that the creditors' right to information concerning the Commonwealth's financial condition will be honored on the basis of "Respondents' commitment to transparency."  Opp. 1.  Respondents conclude that, for a variety of reasons (some old and some new), the motion must be denied "as a matter of law."  Opp. 3.

If by "voluntary" disclosure, Respondents mean they finally have agreed to provide certain documents in response to the Court's warning at the November 15 hearing that they better do so, then that is (partly) true.  Respondents now promise that they will start providing *some* of the materials Movants request at some point soon, and on a rolling basis.  But at the same time, Respondents try to marshal their newfound willingness to engage as a reason the Court should *deny* the Renewed Motion.  In fact, the pending motion is the only reason Respondents are, for the first time, giving us the time of day.  Moreover, as explained in Section II, Respondents intend to make many, if not most, of the documents available in such a way that the documents cannot be used in these Title III proceedings.  Respondents' assurance of "voluntary disclosure" falls short, and the Renewed Motion should be granted.

1

**Hearing Date:  December 14, 2017, 1:30 pm (AST)**

Respondents' latest recitation of hyper-legalistic reasons why formal discovery should be denied undermines their assurances that the Court's supervision is unnecessary:

● Respondents continue to assert, falsely, that "each of the Movants is a party to one or more . . . adversary proceedings," which (they contend) disqualifies Movants from invoking Rule 2004.  Opp. 6.  But Movant the Mutual Fund Group *does not have* any pending adversary proceedings in this Title III case, as Respondents' listing of pending adversary proceedings confirms.  Opp. 7 n.16.  In any event, the pending proceeding doctrine does not allow Respondents to avoid Rule 2004 here for reasons we have explained.  See Movants' Nov. 7, 2017 Reply, Dkt. 1665, at 4-10.

● Respondents say that "Movants must not be permitted to invade the governmental decision making process under the guise of seeking Rule 2004 disclosures." Opp. 8.  As we have explained, however, the fact that Respondents may choose to assert the deliberative process privilege over one or more responsive documents is no basis to refuse discovery altogether.  See Movants' 11/7/2017 Reply, Dkt. 1665, at 13-14 ("Nov. 7 Reply").

● Respondents next argue that the Movants' request should be denied because "of their failure to explain how the vast amount of information made available by Respondents is insufficient." Opp. 9.  That is baseless.  Movants previously demonstrated that there are multiple categories of critical information that Respondents have flatly refused to produce for many months (Nov. 7 Reply 11-12; 11-15-2017 Tr. at 85, 93-94, 97), *some* of which they now commit to producing *only because this matter is before the Court*.  Respondents' record is a reason to grant this motion, not deny it.

● Last, in a remarkable display of chutzpah, Respondents complain that this Renewed Motion fails because Movants filed it "without any prior consultation with Respondents" (Opp.

2

**Hearing Date:  December 14, 2017, 1:30 pm (AST)**

3), and "without the requisite meet-and-confer" (Opp. 5).  In fact, Movants have attempted to engage in "consultation" with Respondents since early June, and have been rebuffed.  See 8/25/17 Opening Br. at 4-5.  And in its November 21 Order, this Court directed that the parties meet-and-confer "*after* the Oversight Board's and AAFAF's response, but before any hearing on the Joint Motion."  Order at 2 (emphasis added).  In compliance with that requirement, the parties held a lengthy conference call on December 8 to attempt to address areas of dispute.  Movants have meticulously complied with the Court's Order.

The Court should grant the Renewed Motion, and order the requested Rule 2004 examination to proceed.  And in accordance with the joint status report and the Court's Order, the Court should enter Movants' proposed process for resolving future disputes regarding the Joint Motion.

## II.     Respondents' Objections To The Requests Are Without Merit

Subject to their argument that the Renewed Motion should be denied, Respondents have now agreed to provide documents sufficient to respond to certain of Movants' requests.  But they have not agreed to *produce* these documents such that Movants can actually use them.  In their objection, Respondents point to documents already in the data room, and offer to post additional documents to the data room.  But any document posted to the data room cannot be used in these proceedings because of the mediation agreement, the NDA, or both.  And so, during the Parties' meet-and-confer on December 8, Movants requested that Respondents deem all of the documents cited in their Objection as having been produced in connection with this Renewed Motion.  Respondents have refused to do so, saying only that they will consider "on a document by document basis whether to provide" the identified documents "under a framework other than the existing non-disclosure or mediation agreement."  Joint Status Rpt. ¶ 3.  Respondents' half-

3

**Hearing Date:  December 14, 2017, 1:30 pm (AST)**

measure is wholly insufficient.  Respondents cannot arrogate to themselves the decision as to

what documents can and cannot be used in these proceedings.  Respondents should be ordered to

produce all documents identified in their objection, or deem those documents produced, pursuant

to a Rule 2004 order.

In addition, as noted in the joint status report, there are outstanding legal disputes with

respect to certain requests.  Respondents' position as to each of those legal issues is unfounded.

And, with respect to certain requests, Respondents have represented that they are still

investigating whether responsive documents exist.

Requests 1 & 2:

Requests 1 and 2 seek information regarding the Commonwealth's financial condition,

and actual performance compared to budget, for fiscal years 2016, 2017, and year-to-date 2018.

Respondents have agreed to provide information relating to the Commonwealth's *revenues* for

2016, 2017, and year-to-date 2018.  They have also represented that the documents that will be

provided include certain information on the Commonwealth's expenses for year-to-date 2018.

However, Respondents tell us that the Board has received *no* information regarding actual

expenditures for Fiscal Years 2016 and 2017—neither financial statements, even in unaudited or

draft form, nor any other report.  They also say that they are not aware of any responsive

information.  It cannot be the case that there is no available information regarding the

Commonwealth's expenditures for two completed fiscal years.  If that were the case, then

Respondents would be in blatant breach of their oversight responsibilities.  If there is such

information, as seems more likely, it should be produced.  Respondents represent that they are

continuing to investigate whether responsive documents exist.  The Court should require

**Hearing Date:  December 14, 2017, 1:30 pm (AST)**

Respondents to complete their inquiry by December 22, 2017 and promptly produce what information exists regarding actual expenditures.

Requests 3 through 7:

Respondents have agreed to provide information sufficient to satisfy these requests.

Request 8:

Request 8 seeks documents necessary to fully understand the inputs and calculations in the DevTech model used by the Respondents and their advisors to project GNP and inflation. Respondents have lodged an objection to producing documentation that they maintain is confidential and proprietary to their advisors.  See Joint Status Rpt. ¶ 4.  This objection is unfounded as a matter of law.  Parties are routinely required to produce non-privileged materials prepared by financial advisors in discovery.[2]

Respondents' objection that anything created by their team of consultants may be withheld as "proprietary" is especially off-base in this case.  As one of the Board's members recently observed, "I've never seen a government that is so dependent upon outside consultants for things such as producing the sorts of figures that you're doing today. . . . [There is a] historical situation in which government agencies themselves are not able to produce these kinds of figures and so you become reliant upon outside consultants [.] . . . [I]t's something that's just unusual in any other government I have worked with."  Eleventh Public Meeting of the Oversight    Board    on    Tuesday,    December    5,    2017,    available    at https://www.youtube.com/watch?v=PoB2fVPW4yA (1:37:06 – 1:37:32).  Given that consultants

---

[2] See, *e.g., Dahl v. Bain Capital Partners, LLC*, 714 F. Supp. 2d 225, 229 (D. Mass. 2010) (requiring production of documents from financial advisor in leveraged buyout); *Orbit One Commc'ns., Inc. v. Numerex Corp.*, 255 F.R.D. 98, 109 (S.D.N.Y. 2008) (compelling disclosure of communications with financial advisor); see also *Sher v. SAF Fin., Inc.*, No. RDB 10-1895, 2011 U.S. Dist. LEXIS 42192, at *8-9 (D. Md. Apr. 19, 2011) (requiring production of documents from bankruptcy financial advisor in bankruptcy); *Export-Import Bank of the United States v. Asia Pulp & Paper Co.*, 232 F.R.D. 103, 113 (S.D.N.Y. 2005) (same).

**Hearing Date:  December 14, 2017, 1:30 pm (AST)**

are performing so many functions that would typically be performed by the Commonwealth, hiding behind a *non-existent* privilege is particularly inappropriate.  Any legitimate concerns regarding the potential release of proprietary information may be addressed through an appropriate protective order.

In any event, at the December 8 meet-and-confer, Respondents were unable to identify whether any documents are being withheld pursuant to this objection.  They take the position that they will "consider producing voluntarily a categorical privilege log, but object to producing a more detailed log."  Joint Status Rpt. ¶ 4.  In other words, Respondents will not even *identify* the specific documents they are refusing to produce.  Respondents should be ordered to promptly identify any documents they are withholding on this ground so that the parties may bring the issue to the Court for resolution, if necessary.

Immediately following the December 8 meet-and-confer, Movants provided Respondents with a list of information missing with respect to the DevTech model.  Respondents should be ordered to provide Movants with documents addressing these remaining open issues by December 22, 2017, or to provide good cause as to why they cannot do so, so that the parties may bring the issue to the Court for resolution, if necessary.

Requests 9 & 10:

These requests seek any model or analysis underlying Andrew Wolfe's opinion that the Commonwealth needs to maintain 0.8% economic growth to avoid an economic downward spiral, and Dr. Wolfe's conclusion adopting a rate for electricity above $0.214 per kWh and the pace of increasing electricity rates.  Here, Respondents lodge the same objection to producing documentation that they maintain is confidential and proprietary to their advisors.  Again, Movants maintain that objection is unfounded as a matter of law.  In any event, as of the

**Hearing Date:  December 14, 2017, 1:30 pm (AST)**

December 8 meet-and-confer, Respondents were unable to identify whether any documents are being withheld pursuant to this objection.  Respondents should be ordered to promptly identify any documents they are withholding on this ground so that the parties may bring the issue to the Court for resolution, if necessary.

In their Objection, Respondents stated that they would make available to all Movants Wolfe's economic model that had already been produced in the *Peaje* adversary proceeding. During the December 8 meet-and-confer, however, counsel for those Movants who have already received the model shared their understanding that the model does not provide any information regarding how Dr. Wolfe reached his opinion regarding 0.8% growth.  Counsel for Respondents was unable to say whether the model does provide support for that opinion, and committed to promptly providing a response to Movants on this issue.  As of the filing of this Reply, Movants have received no response.  Respondents should be ordered to provide a response by December 22, 2017.   Furthermore, Respondents should be ordered to produce any model, analysis, assumptions and inputs used to formulate Dr. Wolfe's opinions and conclusions by December 22, 2017.

Request 11:

Request 11 seeks documentation relating to health care expenses.  During the December 8 meet-and-confer, Movants provided Respondents with the requested clarification regarding this Request and will provide an example of the type of information they are seeking.  Respondents should be ordered to inform Movants within two weeks of receipt of that example whether they will be producing documents responsive to this Request.

7

**Hearing Date:  December 14, 2017, 1:30 pm (AST)**

Request 12:

Request 12 seeks documents defining which Commonwealth services that are funded or may be funded by the government are "essential services," as required in PROMESA § 201(b)(1)(B), 48 U.S.C. § 2141(b)(1)(B).  During the December 8 meet-and-confer, counsel for Respondents represented that they are not aware of any documents that have been provided to the Oversight Board,  or that have been used or relied upon in connection with the formulation of any fiscal plan (draft or otherwise), that purport to define essential services or identify which services are essential.  Based on this representation, Movants will not pursue this Request.

Request 13:

Request 13 seeks documents produced, and transcripts of depositions taken, in connection with the Title III proceedings and all adversary proceedings.  In their Objection, Respondents agreed to produce to all Movants all documents they have produced and transcripts of depositions taken in adversary proceedings to date.  Based on Respondents' clarification during the December 8 meet-and-confer that they will continue to provide to Movants any documents they produce in the future in the Title III proceedings and any adversary proceeding, and transcripts of depositions of their witnesses that may take place in the future, Movants believe that Respondents have agreed to provide documents sufficient to satisfy this Request.

Requests 14 & 15:

Requests 14 and 15 seek documents sufficient to show the location and use of revenues subject to be "clawed back" from certain Commonwealth agencies and of a Special Property Tax.  Respondents have located and agreed to provide documents sufficient to show the amount of revenues at issue, but have represented that they are unaware of any documents demonstrating the location of such revenues or how such revenues have been used.  Respondents state that they

8

**Hearing Date:  December 14, 2017, 1:30 pm (AST)**

are still investigating whether responsive documents exist.  They should be ordered to complete

their inquiry by December 22, 2017, and promptly produce what information exists regarding the

location and use of these revenues.

Request 16:

Request 16 seeks information regarding the March 2017 certified Fiscal Plan and the

revised fiscal plan that is currently being developed.  Respondents have lodged an objection to

producing documentation that they maintain is confidential and proprietary to their advisors.  As

explained above, that objection is unfounded as a matter of law.  In any event, as of the

December 8 meet-and-confer, Respondents were unable to identify whether any documents are

being withheld pursuant to this objection.  Respondents should be ordered to promptly identify

any documents they are withholding on this ground so that the parties may bring the issue to the

Court for resolution, if necessary.

With respect to the certified Fiscal Plan, immediately following the December 8 meet-

and-confer, Movants provided Respondents with outstanding questions they have.  Respondents

should be ordered to provide Movants with responses to those questions by December 22, 2017,

or to provide good cause as to why they cannot do so that the parties may bring the issue to the

Court for resolution, if necessary.

With respect to the fiscal plan that is being developed, Respondents' Objection states that

they will provide supporting documentation only after the plan is certified by the Oversight

Board.  During the December 8 meet-and-confer, Respondents maintained that certain factual

information would not be covered by the privilege, but that some communications between the

Oversight Board and AAFAF would be.  The parameters of Respondents privilege assertion are

amorphous, at best.  It is unclear whether, for example, Respondents would assert privilege over

9

**Hearing Date:  December 14, 2017, 1:30 pm (AST)**

a version of a fiscal plan submitted to the Board by AAFAF, or an excel model of that plan.  The parties have agreed to develop a process to identify documents or categories of documents Respondents allege are subject to deliberative process privilege in an attempt to narrow the issues.  Movants intend to propose such a process to Respondents prior to the hearing on this Motion, and if the parties are not able to agree on that process, they will bring it before the Court at the hearing.

Request 17:

Request 17 seeks documents related to the $6.2 billion Reconciliation Adjustment included in the certified Fiscal Plan.  Respondents have lodged an objection to producing documentation that they maintain is confidential and proprietary to their advisors.  Movants maintain that objection is unfounded as a matter of law.  In any event, as of the December 8 meet-and-confer, Respondents were unable to identify whether any documents are being withheld pursuant to this objection.  Respondents should be ordered to promptly identify any documents they are withholding on this ground so that the parties may bring the issue to the Court for resolution, if necessary.

Additionally, Respondents have represented that they are investigating whether responsive documents exist.  They should be ordered to complete their inquiry by December 22, 2017, and promptly produce what information exists regarding how these revenues are used.

## **CONCLUSION**

The Court should Order the requested Rule 2004 examination and should further order that Respondents complete their ongoing inquiry into the existence of documents by December 22, 2017.  Additionally, the Court should approve Movants' proposed process and schedule for resolving future disputes.

**Hearing Date:  December 14, 2017, 1:30 pm (AST)**

Dated:  December 11, 2017
       San Juan, Puerto Rico

Respectfully submitted.

**JIMÉNEZ, GRAFFAM & LAUSELL**

By: /s/ J. Ramón Rivera Morales

J. Ramón Rivera Morales
   (USDC-PR No. 200701)
Andrés F. Picó Ramírez
   (USDC-PR No. 302114)
PO Box 366104
San Juan, PR 00936-6104
Telephone:  (787) 767-1030
Email:  rrivera@jgl.com
       apico@jgl.com

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON, LLP**

By: /s/ Andrew N. Rosenberg
Andrew N. Rosenberg**
Kyle J. Kimpler**
Karen R. Zeituni**
1285 Avenue of the Americas
New York, NY  10019
Telephone:  (212) 373-3000
Email:  arosenberg@paulweiss.com
      kkimpler@paulweiss.com
      kzeituni@paulweiss.com

**ROBBINS, RUSSELL, ENGLERT, ORSECK,
UNTEREINER & SAUBER LLP**

By: /s/ Mark T. Stancil
Lawrence S. Robbins**
Mark T. Stancil**
Gary A. Orseck**
Kathryn S. Zecca**
Ariel N. Lavinbuk**
Donald Burke**
1801 K Street, NW
Washington, D.C.  20006
Telephone: (202) 775-4500
Email:  lrobbins@robbinsrussell.com
      mstancil@robbinsrussell.com
      gorseck@robbinsrussell.com
      kzecca@robbinsrussell.com
      alavinbuk@robbinsrussell.com
      dburke@robbinsrussell.com

*** admitted pro hac vice*

*Counsel to the Ad Hoc Group of General Obligation Bondholders*

11

**Hearing Date:  December 14, 2017, 1:30 pm (AST)**

**FERRAIUOLI LLC**
By: /s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
Sonia Colón (USDC-PR No. 213809)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile:  (787) 766-7001
Email:  rcamara@ferraiuoli.com
        scolon@ferraiuoli.com

**MILBANK, TWEED, HADLEY & McCLOY LLP**
By: /s/ *Dennis F. Dunne*
Dennis F. Dunne
Andrew M. Leblanc
Atara Miller
Grant R. Mainland
(admitted *pro hac vice*)
28 Liberty Street
New York, NY 10005
Telephone: (212) 530-5770
Facsimile:  (212) 822-5770
Email: ddunne@milbank.com
        aleblanc@milbank.com
        amiller@milbank.com
        gmainland@milbank.com

***Attorneys for Ambac Assurance Corporation***

12

**Hearing Date:  December 14, 2017, 1:30 pm (AST)**

| | |
|---|---|
| **CASELLAS ALCOVER & BURGOS P.S.C.** | **CADWALADER, WICKERSHAM & TAFT LLP** |
| | |
| By: /s/ *Heriberto Burgos Pérez* | By:  /s/ *Howard R. Hawkins* |
| Heriberto Burgos Pérez | Howard R. Hawkins, Jr. * |
| USDC-PR 204809 | Mark C. Ellenberg* |
| Ricardo F. Casellas-Sánchez | Ellen Halstead* |
| USDC-PR 203114 | Thomas J. Curtin* |
| Diana Pérez-Seda | Casey J. Servais* |
| USDC-PR 232014 | 200 Liberty Street |
| P.O. Box 364924 | New York, NY 10281 |
| San Juan, PR 00936-4924 | Telephone:  (212) 504-6000 |
| Telephone:  (787) 756-1400 | Facsimile:  (212) 406-6666 |
| Facsimile:  (787) 756-1401 | Email: howard.hawkins@cwt.com |
| Email: hburgos@cabprlaw.com |     mark.ellenberg@cwt.com |
|     rcasellas@cabprlaw.com |     ellen.halstead@cwt.com |
|     dperez@cabprlaw.com |     thomas.curtin@cwt.com |
| |     casey.servais@cwt.com |
| *Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* | |
| | * Admitted pro hac vice |
| | |
| | *Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* |

13

**Hearing Date:  December 14, 2017, 1:30 pm (AST)**

**TORO, COLÓN, MULLET, RIVERA&
SIFRE, P.S.C.**

*s/ Manuel Fernandez-Bared*
MANUEL FERNÁNDEZ-BARED
USDC-PR No. 204,204
E-mail: mfb@tcmrslaw.com

*s/ Linette Figueroa-Torres*
LINETTE FIGUEROA-TORRES
USDC-PR No. 227,104
E-mail: lft@tcmrslaw.com

*s/ Jane Patricia Van Kirk*
JANE PATRICIA VAN KIRK
USDC-PR No. 220,510
E-mail: jvankirk@tcmrslaw.com

P.O. Box 195383
San Juan, PR 00919-5383
Tel.: (787) 751-8999
Fax: (787) 763-7760

*Counsel to the Mutual Fund Group*

**KRAMER LEVIN NAFTALIS &
FRANKEL LLP**

*s/ Gregory A. Horowitz*
THOMAS MOERS MAYER*
AMY CATON*
GREGORY A. HOROWITZ*
DOUGLAS BUCKLEY*
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000
Email: tmayer@kramerlevin.com
        acaton@kramerlevin.com
        ghorowitz@kramerlevin.com
        dbuckley@kramerlevin.com
*(admitted *pro hac vice*)

*Counsel to the Mutual Fund Group*

14

**Hearing Date: December 14, 2017, 1:30 pm (AST)**

 /s/ Eric Pérez-Ochoa (USDC-PR No. 206314)

Eric Pérez-Ochoa (USDC-PR No. 206314)
Luis Oliver-Fraticelli (USDC-PR No. 209204)
Alexandra Casellas-Cabrera (USDC-PR. No. 301010)
Lourdes Arroyo-Portela (USDC-PR No. 226501)

**ADSUAR MUÑOZ GOYCO SEDA & PÉREZ-OCHOA, PSC, P.S.C.**
208 Ponce de León Avenue, Suite 1600
San Juan, Puerto Rico 00936
Telephone: (787) 756-9000
Facsimile: (787) 756-9010
Email: epo@amgprlaw.com
　　　loliver@amgprlaw.com
　　　acasellas@amgprlaw.com
　　　larroyo@amgprlaw.com

– and –

Marcia Goldstein
Jonathan Polkes
Salvatore A. Romanello
Gregory Silbert
Kelly DiBlasi
Gabriel A. Morgan
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153

*Counsel to National Public Finance Guarantee*
*Corporation*

15