**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO

    Debtor.

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

**Re: ECF Nos. 1276, 1381, 1574, 1765, 1854, 1859**

(Jointly Administered)

PROMESA
Title III

No. 17 BK 3283-LTS

**This Objection relates only to the Commonwealth and shall only be filed in the lead Case No. 17 BK 3283-LTS.**

# THE COMMONWEALTH OF PUERTO RICO'S OBJECTION TO COOPERATIVA DE SEGUROS MÚLTIPLES' MOTION FOR RECONSIDERATION OF ORDER [ECF NO. 1765]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") respectfully submits this objection (the "Objection")[2] to *Cooperativa de Seguros Múltiples' Motion for Reconsideration of Order [ECF No. 1765]* (the "Reconsideration Motion") [ECF No. 1854] filed by creditor Cooperativa de Seguros Múltiples de Puerto Rico ("Movant").[3] For the reasons stated below, the Commonwealth respectfully requests that the Court deny the Reconsideration Motion.

## PRELIMINARY STATEMENT

1. Movant's Reconsideration Motion should be denied for three principal reasons. First, Movant has failed to meet the extremely high standard for granting reconsideration. See In re Pabon Rodriguez, 233 B.R. 212, 220 (Bankr. D.P.R. 1999), aff'd, 2000 WL 35916017 (B.A.P. 1st Cir. 2000), aff'd, 17 F. App'x 5 (1st Cir. 2001) ("A motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources."). When filing a motion for reconsideration, a movant "must either clearly establish a manifest error of law or must present newly discovered evidence." Pabon Rodriguez, 233 B.R. at 219. Thus, Movant is required to identify new evidence or demonstrate that the *Order Denying Motion of Cooperativa de Seguros Multiples' Motion for Clarification of the Automatic Stay and in the Alternative Relief from the Automatic Stay* [ECF No. 1765] (the "Order") contains a manifest error in the application of law or fact. Movant fails this test because it relies on the same arguments it presented in its original stay motion, all of which

---

[2] Capitalized terms used but not otherwise defined herein have the meanings give to them in the *Response of the Commonwealth to Cooperativa de Seguros Múltiples' Motion for Clarification of the Automatic Stay and in the Alternative Relief from the Automatic Stay in the Title III Case* [ECF No. 1574] (the "Commonwealth Response").

[3] The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Department of Justice to file this Objection on behalf of the Commonwealth.

2

the Court already considered and rejected.

2. Second, Movant seeks relief that exceeds the remedies provided for in the UFA, and, if granted, would violate PROMESA section 305, which provides that, subject to Oversight Board consent, "the court may not, by any stay, order, or decree, in the case or otherwise, interfere with . . . any of the property or revenues of the debtor." 48 U.S.C. § 2165. This constitutes an independent basis for denying the Reconsideration Motion.

3. Third, Movant is not entitled to adequate protection, since adequate protection may only be granted when a party has been denied relief from the automatic stay and the value of its collateral is declining. See In re UAL Corp., 360 B.R. 780, 782 (Bankr. N.D. Ill. 2007) (holding that a request for adequate protection is moot once relief from stay has been granted or the stay has been terminated by operation of law); Matter of Consol. Pier Deliveries, Inc., 53 B.R. 523, 529 (Bankr. D.N.J. 1985) (holding that since relief from the stay was granted, consideration of the issue of adequate protection is "obviously moot."); see also Matter of Cont'l Airlines, Inc., 154 B.R. 176, 180 (Bankr. D. Del. 1993) (denying equipment trustee's motion for relief from stay and adequate protection because there was no decline in the value of their collateral from the time they filed their motion to lift the stay). Here, Movant has already been granted relief from the Title III Stay and, thus, its request for adequate protection is a non-sequitur.

4. For the foregoing reasons, the Court should deny the Reconsideration Motion.

**OBJECTION**

**I. MOVANT FAILS TO SATISFY THE STRICT TEST TO JUSTIFY RECONSIDERATION OF THE ORDER**

5. Movant rests its case on the same arguments it presented in its original stay motion, all of which the Court already considered and rejected, and accordingly fails to meet the "extraordinary" standard for reconsideration. "A motion for reconsideration of a previous order is

3

an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources." Pabon Rodriguez, 233 B.R. at 220; see also *Order Denying Caribbean Airport Facilities, Inc.'s Motion for Reconsideration* [ECF No. 1045] (denying reconsideration where movant had not met the "extraordinary" burden of establishing a manifest error of law or proffering newly discovered evidence). For reconsideration to be granted, the movant must demonstrate a "manifest error of law or must present newly discovered evidence.'" Cherena v. Coors Brewing Co., 20 F. Supp. 2d 282, 287 (D.P.R. 1998) (denying reconsideration where lower court did not overlook any facts and considered all issues raised by movant) (internal quotations and citations omitted). A movant may not use a motion for reconsideration "to repeat old arguments previously considered and rejected" by the Court or "to raise new legal theories that should have been raised earlier." National Metal Finishing Com., 899 F.2d 119, 123 (1st Cir. 1990) ("[a motion for reconsideration] does not allow the losing party to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier."); Rivera Martell v. Am. Express, Case No. CV 05-2131 (JAG), 2008 WL 11357814, at *1 (D.P.R. Aug. 1, 2008) (denying reconsideration of summary judgment motion where movant failed to present new evidence and failed to allege a manifest error of law or fact in the court's order); see also Waye v. First Citizen's National Bank, 846 F. Supp. 310, 314 n. 3 (M.D. Pa. 1994) (a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already disposed of by the court).

6.   Here, Movant has not met the "extraordinary" standard for reconsideration. Movant does not present any new evidence in this matter, nor does Movant identify a manifest error of application of the law or fact in the Order. Movant rests on the same arguments and case

4

law that this Court has already considered and ruled upon. Movant argues that the Commonwealth (i) should not be able to stay an action involving property it has a conditional interest in;[4] and (ii) is required to provide them with adequate protection for the value of the Forfeited Property.[5] The Court has considered both of these arguments and, in light of the Commonwealth's agreement to lift the Title III Stay, denied Movant's exact request for the relief it seeks in the Reconsideration Motion. See Order at 3, 5. Accordingly, Movant's request for reconsideration should be denied. See *Order Denying Caribbean Airport Facilities, Inc.'s Motion for Reconsideration* [ECF No. 1045] at 2 (denying reconsideration where "Movant has not identified any facts overlooked by this Court nor identified any law that was not previously examined by this Court.").[6]

7. Furthermore, contrary to Movant's contention that the existence of "manifest injustice" warrants the relief requested in the Reconsideration Motion, the law in this Circuit does not support granting a motion for reconsideration on the basis of "manifest injustice" nor is there any manifest injustice in this case. See *Order Denying Caribbean Airport Facilities, Inc.'s Motion for Reconsideration* at 1–2 [ECF No. 1045] ("The movant 'must either clearly establish a manifest error of law or must present newly discovered evidence.'" (quoting Cherena v. Coors Brewing Co., 20 F. Supp. 2d 282, 287 (D.P.R. 1998))). Movant cites a footnote from Marie v. Allied Home

---

[4] Compare Reconsideration Motion at 2–3 with *Cooperativa de Seguros Multiples' Motion for Clarification of Automatic Stay and in the Alternative Relief from the Automatic Stay* at 14–16 [ECF No. 1276] (the "Stay Motion") (making same arguments and citing same case law cited in the Stay Motion).

[5] Compare Reconsideration Motion at 3–4 with Stay Motion at 19–20 (making same arguments and citing same case law cited in the Stay Motion).

[6] With respect to Movant's request that the Court "specifically hold that PROMESA section 301 and 11 U.S.C. § 362 are lifted for [Movant] to execute money judgments under [section 19 of the UFA]," Reconsideration Motion at 6, it is clear from the Order that this Court has granted Movant's requested alternative relief, and no further clarification is necessary: "[T]he Title III Stay is modified to allow Cooperativa's UFA lawsuits to proceed to judgment in the ordinary course in accordance with the UFA. If judgment is entered in Cooperativa's favor, Cooperativa is allowed to pursue remedies against the Commonwealth under section 19 of the UFA solely with respect to the return of the Forfeited Property or compensation owed in connection with the disposition of the Forfeited Property." Order at 5–6 (emphasis added).

Mortg. Corp., 402 F.3d 1, 7 (1st Cir. 2005) to suggest that a motion for reconsideration could be granted on a showing of "manifest injustice" by the movant. Movant misreads the cited authority. Allied was not a reconsideration case, it was a case about the sufficiency of a notice of appeal. Id. at 6. The issue in Allied was whether it would be manifestly unjust to deny a party the right to appeal denial of a motion, because it had only identified the motion for reconsideration in the notice of appeal. Id. at 7. The issue was not whether a motion for reconsideration should be granted on the grounds of manifest injustice. Id.

8. Even if "manifest injustice" were a factor for reconsideration of an order, an inquiry into "manifest injustice" comes only after the movant has identified a "direct, obvious, and observable error that the Court made." Multinational Life Ins. Co. v. Van Rhyn Solder (In re Van Rhyn Solder), Case No. 14–10211, 2016 Bankr. LEXIS 2232, at *10–11 (Bankr. D.P.R. 2016).[7] "[A] potential negative consequence alone does not constitute a manifest injustice," as courts require a showing of something "more than an 'injustice' that would result from the previous ruling." Id. As explained above, Movant has identified no "direct, obvious, and observable error" of the Court. Furthermore, there is no manifest injustice present in this case because the Commonwealth has already agreed to lift the Title III Stay to allow Movant to pursue remedies under the UFA—Movant's alleged "injustice" results from the operation of the UFA itself, and not any ruling of this Court. Reconsideration Motion at 3. Accordingly, the Reconsideration Motion should be denied because "manifest injustice" on its own is not sufficient cause to grant reconsideration of an order, nor has Movant established the existence of "manifest injustice" in

---

[7] The bankruptcy court in Van Rhyn cites to In re Vazquez, 471 B.R. 752, 757 (B.A.P. 1st Cir. 2012), and Rosario-Mendez v. Hewlett Packard Caribe, 660 F. Supp. 2d 229, 233 (D.P.R. 2009), for the proposition that "manifest injustice" is a factor in determining a motion for reconsideration. However, the court in Vazquez never held that "manifest injustice" was a relevant factor, and "manifest injustice" was never mentioned in Rosario-Mendez.

6

this case.[8]

## II. THE RELIEF REQUESTED IN THE MOTION IS BARRED BY PROMESA AND THE UFA

9. Even if the Movant meets the standard for reconsideration, which it does not, the Commonwealth has already consented to lift the Title III Stay to allow Movant to pursue remedies under the UFA. Specifically, the Commonwealth agreed to allow the Forfeiture Actions to proceed to judgment in the ordinary course in accordance with the UFA and, if judgment is entered in Movant's favor, to allow Movant to pursue remedies against the Commonwealth under section 19 of the UFA solely with respect to the return of the Forfeited Property or compensation owed in connection with the disposition of the Forfeited Property. See Commonwealth Response at 4; Order at 5-6.

10. In the Reconsideration Motion, Movant requests that the Court enter an order (i) requiring the Commonwealth segregate proceeds of vehicles that are sold; (ii) permitting untimely posting of bonds in connection with the Forfeiture Actions; and (iii) requiring the Commonwealth deliver the Forfeited Property to the forfeiture claimant upon the posting of a bond under the UFA. See Reconsideration Motion at 19-20. None of the relief requested by Movant is available under the UFA. Movant is asking the Court to grant relief beyond the limits of Puerto Rico law. Bankruptcy courts are not authorized to create substantive rights that are otherwise unavailable under applicable law. See Ludlow Hospital Society, Inc. v. Secretary of Health and Human Services (In re Ludlow Hospital Society, Inc.), 124 F.3d 22, 27 (1st Cir. 1997) (holding

---

[8] The one case Movant cites for what constitutes "manifest injustice" actually denied movant's motion for reconsideration because there was no manifest error of law or fact. See Shirlington Limousine & Transp., Inc. v. United States, 78 Fed. Cl. 27, 31 (Fed. Cl. 2007) (rejecting reconsideration and holding that movant failed to demonstrate a "manifest error of law or fact," which, in turn, caused the court to reject movant's "manifest injustice" argument since manifest injustice is a second level of inquiry only appropriate after a showing that the Court committed an error of law or fact).

7

that bankruptcy courts may not establish new substantive rights that are otherwise inconsistent with existing law); Malone v. Norwest Fin. California, Inc., 245 B.R. 389, 394 (E.D. Cal. 2000) (holding that bankruptcy courts are not authorized to grant relief "inconsistent with more specific law"). Accordingly, the Court may not grant the relief sought by Movant.

11. Further, the relief sought is barred under PROMESA section 305. See 48 U.S.C. § 2165. Section 305 provides that "notwithstanding any power of the court, unless the Oversight Board consents or the plan so provides, the court may not, by any stay, order, or decree, in the case or otherwise, interfere with . . . any of the property or revenues of the debtor."[9] 48 U.S.C. § 2165. Specifically, Movant's request to require the Commonwealth to segregate sale proceeds in an account to secure the Forfeited Property is not provided for in the UFA and any Court order granting such relief would be blatant interference with property of the Commonwealth under PROMESA. See id.; see also Order at 5 ("None of these measures appears to be provided for under the UFA; Cooperativa merely asserts that it has a right to such relief as "adequate protection.").[10] The Commonwealth retains a conditional interest in any proceeds from a sale of the Forfeited Property under section 19 of the UFA. See UFA § 1724t. Such conditional interest affords any sale proceeds protection as property of the Debtor's estate. See In re Jefferson Cty., Ala., 491 B.R. 277, 295 (Bankr. N.D. Ala. 2013) (holding that "'property of the estate' within the meaning of §

---

[9] Numerous courts have recognized the broad sweep of Bankruptcy Code section 904, which is Chapter 9's analog to PROMESA section 305. See, e.g., In re City of Detroit, Mich., 841 F.3d 684, 696 (6th Cir. 2016) (holding that the plain language of Section 904 of the Bankruptcy Code limits the bankruptcy court's authority to interfere with governmental powers, property or revenues of the debtor or use of income-producing property, affirming district court's order dismissing plaintiff's request for injunctive and declaratory relief); In re City of Stockton, Cal., 478 B.R. 8 (Bankr. E.D. Cal. 2012) (holding that "11 U.S.C. § 904 forbids the court from using any of its powers to 'interfere with' property or revenues of a chapter 9 debtor.").

[10] Movant's real issue is with section 19 of the UFA, not the Title III Stay under PROMESA. This Court is not the proper venue to remedy any alleged deficiencies in the statutory scheme of the UFA. See Reconsideration Motion at 4 ("The UFA allows Debtor to legally dispose of the vehicles before it is required to make its initial appearance in UFA suits and can therefore claim lack of notice of the State court orders for the return of bonded property.").

8

362(a) is governed by 11 U.S.C. § 541(a) and includes '[e]very conceivable interest of the debtor,' including those that are 'future, nonpossessory, contingent, speculative, and derivative.'"); see also In re Anderson, 128 B.R. 850, 853 (D.R.I. 1991) (holding that contingent interest in $75,000 under will was "property of the estate" and imposing Rule 11 sanctions on claimant for attorney's "frivolous argument" that contingent nature of debtor's interest under her mother's will prevented interest from being included in "property of estate"). Accordingly, the sale proceeds constitutes property of the Commonwealth and any Court order requiring the Commonwealth to segregate such proceeds is an impermissible attempt to interfere with and control property of the Commonwealth. Thus, the relief requested in the Motion should be denied, as it seeks relief barred by PROMESA.

### III. MOVANT IS NOT ENTITLED TO ADEQUATE PROTECTION

12. Movant has no right to adequate protection, because the Commonwealth has consented to lift the Title III Stay. Bankruptcy Code section 361(1) provides that adequate protection is available "under [section] 362(d) *when the imposition of the automatic stay results* in a decrease in the value of an entity's interest in property." Cont'l Airlines, Inc., 154 B.R. at 180 (emphasis added) ("[A] party can be granted relief from the stay if his interest is not adequately protected; if that request for relief from the stay is not granted, and the value of the collateral is declining, adequate protection may be required." (citing United Savings v. Timbers of Inwood Forest, 484 U.S. 365 (1988))). As such, if relief from the automatic stay has already been granted, a request for adequate protection is moot. See Matter of Consol. Pier Deliveries, Inc., 53 B.R. at 529 (holding that since relief from the stay was granted, consideration of the issue of adequate protection is "obviously moot."); In re UAL Corp., 360 B.R. at 782 (holding that a request for adequate protection is moot once relief from stay has been granted or the stay has been terminated

9

by operation of law).

13. The Commonwealth already consented to lift the Title III Stay to allow the Forfeiture Actions to proceed under the UFA. Despite already being granted relief from the Title III Stay, Movant, under the guise of seeking "adequate protection," requests the Court enter an order: (i) requiring the Commonwealth segregate proceeds of vehicles that are sold; (ii) permitting untimely posting of bonds in connection with the Forfeiture Actions; and (iii) requiring the Commonwealth deliver the Forfeited Property to the forfeiture claimant upon the posting of a bond under the UFA. See Reconsideration Motion at 19-20. However, since the Commonwealth consented to lift the Title III Stay, Movant is not entitled to adequate protection under section 361 and its request should be denied as moot.

*[Remainder of Page Left Intentionally Blank]*

## CONCLUSION

14. For the foregoing reasons, the Court should deny the Reconsideration Motion and only allow the Forfeiture Actions to proceed to judgment in the ordinary course in accordance with the UFA and, if judgment is entered in Movant's favor, to allow Movant to pursue remedies against the Commonwealth under section 19 of the UFA, solely with respect to the return of the Forfeited Property or compensation owed in connection with the disposition of the Forfeited Property; <u>provided</u>, <u>however</u>, that the Commonwealth reserves all rights, defenses, and protections with respect to any matters pending or that may arise in the Title III Case, including the treatment of any claims arising from the Forfeiture Actions under a plan of adjustment or otherwise in the Title III Case.

Dated: December 12, 2017
      San Juan, Puerto Rico

    Respectfully submitted,

    **WANDA VÁZQUEZ GARCED**
    Secretary of Justice

    */s/ Wandymar Burgos Vargas*
    **WANDYMAR BURGOS VARGAS**
    USDC 223502
    Deputy Secretary in Litigation
    Department of Justice
    P.O. Box 9020192
    San Juan, Puerto Rico 00902-0192
    Phone: 787-721-2940 Ext. 2500, 2501
    wburgos@justicia.pr.gov

    *Attorneys for the Commonwealth of Puerto Rico*