IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, et al., | (Jointly Administered) |
| Debtors.[1] | |

-------------------------------------------------------------------x

## **ORDER**

This matter is before the Court on the *Urgent Renewed Joint Motion by the Ad Hoc Group of General Obligation Bondholders, Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., The Mutual Fund Group, and National Public Finance Guarantee Corporation for Order Authorizing Rule 2004 Examination* (Dkt. No. 1870) (the "Joint Motion"). After consideration of the briefing and the arguments made during the December 14, 2017 hearing, this Court hereby ALLOWS the Joint Motion limited to the restrictions detailed herein.[2]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] For purposes of this order, "Movants" shall refer to the Ad Hoc Group of General Obligation Bondholders, Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal

The Joint Motion is allowed only as to the 17 requests made in Schedule A to the Joint Motion, and without waiver of any objections the Respondents may have to specific categories or documents. The purpose of Bankruptcy Rule 2004 is to allow interested parties an examination into "the liabilities and financial condition of the debtor." Fed. R. Bank. P. 2004 (b). "The decision to grant or deny a request for a Rule 2004 examination is committed to the discretion of the bankruptcy court and requires the determination of closely intertwined factual and legal issues." In re Hammond, 140 B.R. 197, 200 (Bankr. S.D. Ohio 1992); see also In re GHR Energy Corp., 35 B.R. 534, 538 (Bankr. D. Mass. 1983). Respondents contend that no Rule 2004 order is needed in light of their voluntary production. While the Court recognizes Respondents' efforts to produce information voluntarily, there is a need in this Title III proceeding under the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") for formal and controlled discovery related to the Commonwealth of Puerto Rico's financial condition. This Court encourages the voluntary disclosure of documents between the parties and allows this motion to exercise its supervisory role over a finite set of document requests.

Respondents' second objection is that the Joint Motion is inappropriate given the Movants' commencement of or participation in adversary proceedings. The pending proceeding rule holds that "once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to Federal Rules of Bankruptcy Procedure 7026 *et seq.* rather than by a [Rule] 2004 examination." In re Wash. Mut., Inc., 408 B.R. 45, 50 (Bankr. D. Del. 2009) (internal quotations and citations omitted). However, while "[d]iscovery of evidence related to the

---

Corp., the Mutual Fund Group, and National Public Finance Corporation. "Respondents" shall refer to the Federal Oversight and Management Board for Puerto Rico and the Puerto Rico Fiscal Agency and Financial Advisory Authority.

2

pending proceeding must be accomplished in accord with more restrictive provisions of Fed.R.Bankr.P., [] unrelated discovery should not be subject to those rules simply because there is an adversary proceeding pending." In re Bennett Funding Grp., Inc., 203 B.R. 24, 29 (Bankr. S.D.N.Y. 1996) (internal citations and emphasis omitted). The existence of a pending proceeding is therefore not a complete bar to Rule 2004 discovery. The documents that Movants identify in their 17 requests are distinguishable from the subjects of the current adversary proceedings under these Title III cases. Furthermore, they are appropriate under Rule 2004 as they represent targeted inquiries into the financial condition of the debtor.

The Court's allowance of the Joint Motion is further limited by the following:

1) In allowing the Joint Motion, this Court makes no ruling on the specific objections Respondents have made to the individual requests. See Dkt. No. 1928 at 10-33. Respondents' rights to those objections are not waived.

2) Movants and Respondents shall submit a joint report on or before **Friday, December 22, 2017 at 3:00 p.m. Atlantic Standard Time** (2:00 p.m. Eastern Standard Time), which shall address, but need not be limited to, the following:

    a. any agreed upon release from existing use restrictions for documents produced or to be produced in accordance with this order;

    b. any areas of disagreement regarding the restrictions on the usage of documents produced or to be produced in accordance with this order and a proposal for dealing therewith; and

    c. the format of a privilege log to be used in connection with productions pursuant to this order.

3) Movants and Respondents shall submit a joint proposal on or before **Friday, December 22, 2017 at 3:00 p.m. Atlantic Standard Time** (2:00 p.m. Eastern Standard Time) addressing the procedure by which this Court should address future disputes regarding specific objections to producing documents relating to the 17 granted requests.

4) For those requests where Respondents represented in the Joint Status Report (Dkt. No. 1972) that further investigation is needed, they shall respond to the Movants by **January 5, 2018**.

5) Any production to Movants pursuant to this order shall also be made to the parties who have joined the Joint Motion.[3] This Court's allowance of the joinder motions is limited to the right to receive documents pursuant to the parameters set forth in this order.

6) Any effort to seek further discovery under Rule 2004 shall be commenced by the filing of a separate motion pursuant to the applicable Case Management Order and applicable procedural rules.

This order resolves Dkt. Nos. 1870, 1898, 1906, 1910, 1911, 1915 in Case No. 17-3283.

SO ORDERED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

DATED: December 15, 2017

---

[3] These parties are the Official Committee of Unsecured Creditors, the Official Committee of Retired Employees, Financial Guarantee Insurance Company, the ERS Secured Creditors, and the QTCB Noteholder Group.

4