**Hearing Date**: March 7, 2018 at 8:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: January 4, 2018 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------- x

|   |   |   |
|---|---|---|
| In re: | : | |
| | : | |
| THE FINANCIAL OVERSIGHT AND | : | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : | Title III |
| | : | |
| as representative of | : | Case No. 17-BK-3283 (LTS) |
| | : | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | : | (Jointly Administered) |
| | : | |
| Debtors.[1] | : | |

------------------------------------------------------------------------- x

## NOTICE OF HEARING ON FIRST INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM JUNE 26, 2017 THROUGH SEPTEMBER 30, 2017

**PLEASE TAKE NOTICE** that a hearing on the annexed *First Interim Fee Application*

*of Paul Hastings LLP, as Counsel to Official Committee of Unsecured Creditors, for Services*

*Rendered and Reimbursement of Expenses for Period from June 26, 2017 Through September*

*30, 2017* (the "Application") filed by the Official Committee of Unsecured Creditors of all title

III Debtors (other than COFINA), pursuant to section 1103(a)(1) of the Bankruptcy Code, made

applicable to these cases by section 301 of the Puerto Rico Oversight, Management and

Economic Stability Act of 2016 or "PROMESA", will be held before the Honorable Laura

Taylor Swain United States District Court Judge, at the United States District Court for the

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

District of Puerto Rico, in Room 3, 150 Carlos Chardón Street, Federal Building, Office 150, San

Juan, Puerto Rico 00918-1767 on **March 7, 2018 at 8:30 a.m. (ET) / 9:30 a.m. (AST)** (the

"Hearing").

      **PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections")

to the Application by any party other than the Fee Examiner shall be in writing, shall conform to

the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of

Puerto Rico, shall be filed with the court (a) by attorneys practicing in the District Court,

including attorneys admitted *pro hac vice*, electronically in accordance with rule 5 of the Local

Rules for the District of Puerto Rico, and (b) by all other parties in interest, on a CD-ROM, in

text-searchable portable document format (PDF), to the extent applicable, and shall be served in

accordance with the *First Amended Order Setting Procedures for Interim Compensation and

Reimbursement of Expenses of Professionals* [Docket No. 1715] (the "Interim Compensation

Order"), so as to be so filed and received by Paul Hastings LLP and the other Notice Parties (as

defined in the Interim Compensation Order) no later than **January 4, 2018 at 3:00 p.m. (ET) /

4:00 p.m. (AST)** (the "Objection Deadline").

      **PLEASE TAKE FURTHER NOTICE** that, in accordance with the Interim

Compensation Order, if no Objections are timely filed, and if the Fee Examiner issues the Fee

Examiner Report (as defined in the Interim Compensation Order) recommending approval of the

Application in full or in part, the court may grant the Application without a hearing.


Dated: December 15, 2017        */s/ G. Alexander Bongartz*
      San Juan, Puerto Rico

                       PAUL HASTINGS LLP
                       Luc. A. Despins, Esq. *(Pro Hac Vice)*
                       Andrew V. Tenzer *(Pro Hac Vice)*
                       Michael E. Comerford *(Pro Hac Vice)*

G. Alexander Bongartz, Esq. (*Pro Hac Vice*)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com
andrewtenzer@paulhastings.com
michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

**Hearing Date**: March 7, 2018 at 8:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: January 4, 2018 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------- x

| | |
|---|---|
| In re: | : |
| | : |
| THE FINANCIAL OVERSIGHT AND | : PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : Title III |
| | : |
| as representative of | : Case No. 17-BK-3283 (LTS) |
| | : |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | : (Jointly Administered) |
| | : |
| Debtors.[1] | : |

------------------------------------------------------------------------- x

## FIRST INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM JUNE 26, 2017 THROUGH SEPTEMBER 30, 2017

## COVER SHEET

| | |
|---|---|
| Name of applicant: | Paul Hastings LLP ("Paul Hastings") |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee") |
| Date of retention: | June 26, 2017 |
| Period for which compensation and reimbursement is sought: | June 26, 2017 through and including Sept. 30, 2017 (the "Application Period") |
| Amount of interim compensation sought as actual, reasonable, and necessary: | $9,345,478.50[2] |

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

[2] While Paul Hastings is seeking allowance of all its fees incurred during the Application Period, it is only seeking payment, at this time, of 80% of the unpaid portion of these fees, namely, $4,868,107.00. Moreover, by the time of the hearing on this Application, this amount should have long been paid by the Debtors pursuant to

| | |
|---|---|
| Amount of interim expense reimbursement sought as actual, reasonable, and necessary: | $133,270.22 |
| Are your fee or expense totals different from the sum of previously-served monthly statements? | No. |
| Blended rate in this application for all attorneys: | $965.39/hour |
| Blended rate in this application for all timekeepers: | $920.24/hour |
| The total time expended for fee application preparation for the Application Period: | Approximately 5.8 hours |
| The total compensation requested for fee application preparation for the Application Period: | Approximately $4,460.50 |
| Number of professionals with time included in this application: | 72 |
| If applicable, number of professionals in this application not included in a staffing plan approved by the client: | Not applicable. |
| If applicable, difference between fees budgeted and compensation sought for this period: | Not applicable. |
| Are any timekeeper's hourly rates higher than those charged and approved upon retention: | Not applicable. |

---

the Interim Compensation Order (as defined below) and Paul Hastings reserves its rights to seek relief from the court to the extent any outstanding fees and expenses that are due and payable are not paid on the terms set forth in the Interim Compensation Order.

| Prior Interim Fee Applications | | | | | |
|---|---|---|---|---|---|
| Date [Docket No.] | Application Period Covered | Requested Fees | Requested Expenses | Fees Allowed & Fees Paid | Expenses Allowed & Expenses Paid |
| Not applicable | | | | | |
| **Total fees & expenses approved by interim orders to date:** | | | | | |

| Prior Interim or Monthly Fee Payments to date | | | | | |
|---|---|---|---|---|---|
| Date Payment Received | Interim Fee Application [Docket No.] or Monthly Fee Statement Paid | Fees Requested to Be Paid (80%) | Expenses Requested to Be Paid (100%) | Fees Paid | Expenses Paid |
| 11/30/3017 | June/July 2017 Fee Statement | $2,612,026.60 | $128,519.42 | $2,612,026.20 | $128,519.42 |
| **Total fees and expenses paid to date:** | | | | **$2,612,026.20** | **$128,519.42** |

**Hearing Date**:  March 7, 2018 at 8:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: January 4, 2018 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x
                          :

In re:                            :
                          :

THE FINANCIAL OVERSIGHT AND      :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,    :   Title III
                          :

       as representative of            :   Case No. 17-BK-3283 (LTS)
                          :

THE COMMONWEALTH OF PUERTO RICO, *et al.*,   :   (Jointly Administered)
                          :

       Debtors.[1]                 :
------------------------------------------------------------------------ x

## FIRST INTERIM APPLICATION OF PAUL HASTINGS LLP, COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM <u>JUNE 26, 2017 THROUGH SEPTEMBER 30, 2017</u>

---

[1]     The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ...................................................................................................................... 6

COMPENSATION AND REIMBURSEMENT REQUEST ........................................................ 8

SUMMARY OF SERVICES ................................................................................................... 13

I.      Official Committee of Unsecured Creditors of Commonwealth of Puerto Rico (Matter ID 00002) ................................................................................. 14

II.     COFINA Dispute Analysis (Matter ID 00003) ..................................................... 20

III.    Communications with Creditors (other than Committee Members) / Website (Matter ID 00004) ...................................................................................... 24

IV.     Fiscal Plan Analysis (Matter ID 00005) ............................................................... 24

V.      PREPA (Matter ID 00006) ..................................................................................... 25

VI.     HTA (Matter ID 00007) .......................................................................................... 27

VII.    ERS (Matter ID 00008) .......................................................................................... 28

VIII.   Other Adversary Proceedings (Matter ID 00009) ................................................ 30

IX.     Mediation (Matter ID 00010) ................................................................................. 34

X.      GO Bond Debt Issues (Matter ID 00011) ............................................................ 35

XI.     Creditors Committee Meetings (Matter ID 00012) .............................................. 36

XII.    Rule 2004 Investigations (Matter ID 00013) ....................................................... 36

XIII.   Constitutional Issues (Matter ID 00014) .............................................................. 39

ACTUAL AND NECESSARY DISBURSEMENTS .............................................................. 40

REQUESTED COMPENSATION SHOULD BE ALLOWED ................................................ 41

CONCLUSION ...................................................................................................................... 44

**EXHIBITS**

EXHIBIT A     CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES WITH FEE APPLICATIONS

EXHIBIT B     SUMMARY OF TIMEKEEPERS INCLUDED IN THIS APPLICATION FOR FEE PERIOD

EXHIBIT C     SUMMARY OF COMPENSATION DURING FEE PERIOD BY PROJECT CATEGORY AND BY MATTER

EXHIBIT D     SUMMARY OF EXPENSES BY CATEGORY

EXHIBIT E     LIST OF PROFESSIONALS BY MATTER

EXHIBIT F     MONTHLY STATEMENTS

To the Honorable United States District Court Judge Laura Taylor Swain:

Paul Hastings LLP ("Paul Hastings"), counsel to the Official Committee of Unsecured Creditors of all title III Debtors (other than COFINA) (the "Committee"),[1] for its first application (the "Application"), pursuant to sections 316 and 317 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 ("PROMESA"),[2] section 503(b) of title 11, United States Code (the "Bankruptcy Code") as made applicable to these cases by section 301(a) of PROMESA, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), for the interim allowance of compensation for professional services performed by Paul Hastings for the period from June 26, 2017 through and including September 30, 2017 (the "Application Period"), and for reimbursement of its actual and necessary expenses incurred during the Application Period, respectfully represents:

## PRELIMINARY STATEMENT

1.     These title III cases are some of the largest, most complex, and challenging bankruptcy cases ever filed.  The Commonwealth of Puerto Rico is in the midst of a decade-long economic crisis, accompanied by declining government revenues and out-migration.  After years of persistent deficits and over-borrowing to meet expenses, Puerto Rico's total debt now exceeds $74 billion, plus pension liabilities of approximately $49 billion (almost all of which is unfunded).  To make matters even worse, the Island of Puerto Rico was devastated when Hurricane Maria made landfall on September 20, 2017.

---

[1]   Prior to August 25, 2017, the Committee was the official committee of unsecured creditors for the Commonwealth's title III case only.  On August 25, 2017, the U.S. Trustee expanded the Committee's role to also include the title III cases of HTA, ERS, and PREPA.

[2]   References to PROMESA are references to 48 U.S.C. §§ 2101 *et. seq.*

2.     Against this backdrop, Paul Hastings was confronted, from the outset, with a wide range of critical and time-sensitive issues, including multi-billion dollar disputes concerning the ownership of sales and use tax revenues, the "clawback" of revenues from certain Puerto Rico instrumentalities, and the certification of fiscal plans under PROMESA.  On these and many other issues, Paul Hastings had to "catch-up" to other key professionals in these title III cases, including the various professionals for the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), the Puerto Rico Fiscal Agency and Financial Advisory Authority's ("AAFAF"), various monoline insurers, and several ad hoc groups of bondholders, each one of which had been involved in Puerto Rico's restructuring efforts (including during the pre-title III restructuring phase) for numerous months, and in some cases for years before Paul Hastings was retained.  Moreover, at the time of Paul Hastings' retention, these cases were proceeding at a breakneck pace, with an adversary proceeding being filed almost every week and numerous motions and objections being filed on a daily basis.  Accordingly, during those initial months, Paul Hastings was required to quickly "ramp up" its work to merely keep abreast of the developments in the case.[3]

3.     Paul Hastings, as lead counsel to the Committee, has worked diligently with the Committee to advise it on a host of critical issues attendant to these title III cases.  Among other things, during the Application Period, Paul Hastings has been integrally involved in:

(a)     Prosecuting the Commonwealth-COFINA Dispute (on behalf of the Committee, as the Commonwealth Agent) regarding the ownership of billions of dollars in sales and use tax revenues, including preparation of the complaint filed in the related adversary proceeding, analysis of the COFINA structure and related legislation, and legal research on several critical legal issues (including issues arising under the Uniform Commercial Code as well as the U.S. and Puerto Rico Constitutions);

---

[3]     We note that since the end of the Application Period Paul Hastings' overall fees have decreased materially, reflecting the end of this initial "ramp up" phase.

(b)      Protecting the rights of general unsecured creditors, including by (i)
intervening in select adversary proceedings that could directly affect the
rights and interests of general unsecured creditors, including a
successful expedited appeal to the First Circuit, which reversed an order
denying intervention and thereby resolved an important, but until that
time unsettled question of law in the First Circuit, (ii) developing the
framework for an alternative dispute resolution process for the
allowance of claims, (iii) opposing efforts to dismiss these title III cases
on constitutional grounds, (iv) monitoring pleadings filed and orders
entered in the title III cases and related adversary proceedings
(including, where appropriate, filing objections), and (v) establishing
and maintaining the Committee's website;

(c)      Participating in the mediation process with respect to various key legal
issues in these title III, in accordance with the instructions by the
mediators (including preparation and submission of substantive
mediation statements and participation in numerous mediation
sessions); and

(d)      Seeking authorization to pursue a discovery program with respect to
certain causes of the Puerto Rico financial crisis and, in particular, the
role of public and private financial institutions in the structuring,
underwriting, repackaging, and selling of the debt obligations that are
now burdening Puerto Rico.  While the court denied, without prejudice,
the Committee's request as premature, the Committee's efforts in this
regard served as the catalyst for the Oversight Board to commence its
own investigation into these (and other) matters.

4.      Paul Hastings has performed these services in an economic, effective, and

efficient manner commensurate with the complexity and importance of the issues involved.  For

example, the work performed by Paul Hastings was carefully assigned to appropriate

professionals or paraprofessionals according to the experience and level of expertise required for

each particular task.  Moreover, whenever possible, Paul Hastings sought to minimize the costs

of Paul Hastings' services to the Committee by utilizing talented junior attorneys and

paraprofessionals to handle the more routine aspects of the assignments and by delegating, to the

extent practicable, questions of Puerto Rico law to local counsel.  In addition, a small group of

the same Paul Hastings attorneys was utilized for the vast majority of the work in these title III

cases, to minimize the costs of intra-Paul Hastings communication and education about the

cases.   Notably, as a general matter, no more than two Paul Hastings attorneys attended the

various hearings and mediation sessions held during the Application Period, thereby minimizing

not only the time billed on these hearings/sessions but also the cost of travel and lodging.  (This

stands in contrast to the attendance from counsel to other parties in interest in these cases, who

frequently sent substantially more attorneys to hearings and mediation sessions.)

5.        Furthermore, to the extent appropriate, Paul Hastings sought to work closely with

counsel to the Oversight Board and counsel to AAFAF in order to eliminate unnecessary

duplication and allocate tasks in an efficient manner.  For example, with very limited exceptions,

the Committee did not become involved on stay relief requests and, instead, deferred those

matters to AAFAF.  Moreover, in regard to constitutional challenges to the appointment of the

members of the Oversight Board, Paul Hastings coordinated its efforts to oppose those

challenges with counsel to the Oversight Board.  The Committee was also very judicious in

determining in which adversary proceedings to intervene and, despite the First Circuit's ruling

affirming the Committee's unconditional right to intervene in adversary proceedings, filed

motions to intervene in only eight out of the twenty-seven adversary proceedings filed to date in

these title III cases.[4]

6.        In sum, Paul Hastings respectfully submits that the services for which it seeks

compensation in this Application were necessary for and beneficial to the Committee, the

Debtors, and their stakeholders and were rendered to protect, preserve, and maximize the value

for unsecured creditors during the pendency of these title III cases.  The results obtained to date

---

[4]    Finally, we also note that Paul Hastings has agreed to reduce its total fees by an amount equal to 20% of the
overall case fees (with the precise fees to be waived to attain the 20% reduction to be designated by Paul
Hastings (in its sole discretion) in connection with the final fee application process).  For the avoidance of
doubt, at this time, Paul Hastings seeks allowance of $9,345,478.50 (*i.e.*, 100% of fees for services rendered
during the Application Period), but payment of only $4,868,107.00 (to the extent such amount has not been paid
before the hearing scheduled on this Application), reflecting 80% of the unpaid fees for services rendered
during the Application Period.

have benefited not only the Committee but also the Debtors and their creditors.  Accordingly, in

light of the nature and complexity of these title III cases, Paul Hastings' charges for professional

services performed and expenses incurred are reasonable under applicable standards.   For all

these reasons, Paul Hastings respectfully requests that the court grant the Application and allow

interim compensation for professional services performed and reimbursement for expenses as

requested.

7.      This Application is consistent with the Interim Compensation Order (as defined

below), Local Rule 2016-1, and *Appendix B of the United States Trustee's Guidelines for*

*Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11*

*U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"), except

that, in accordance with the instructions of the Fee Examiner appointed in these cases, no

budgets were prepared with respect to the Application Period.[5]  To the extent necessary, Paul

Hastings requests a waiver for cause shown of any such requirement not met by this

Application.[6]

8.      In accordance with the U.S. Trustee Guidelines, at the end of this Application are

the following Exhibits:

- Exhibit A contains disclosures regarding "customary and comparable compensation."

- Exhibit B contains a summary of Paul Hastings' timekeepers included in this Application.

- Exhibit C contains a summary of the compensation requested by project category and matter number.

---

[5]     The Fee Examiner has only required professionals to provide budgets beginning with January 2018.

[6]     The Committee and Paul Hastings reserve all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for compensation in these cases.

- Exhibit D contains a summary of requested expense reimbursements by category. An itemized schedule of all such expenses is included in Paul Hastings' monthly statements.

- Exhibit E contains a list of professionals by matter.

- Exhibit F contains copies of the monthly statements for Paul Hastings' services during the Application Period, which include detailed time records and narrative descriptions of the services rendered by each timekeeper.  Exhibit F also provides a detailed summary of the fees and expenses requested for services rendered during the Application Period, amounts paid to date, and the balance for which interim allowance and payment is requested in this Application.

## BACKGROUND

9.      On May 3, 2017, the Oversight Board commenced a title III case for the Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to section 304 (a) of PROMESA (the "Commonwealth Title III Case").  Thereafter, the Oversight Board commenced a title III case for each of COFINA, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS Title III Case"), the Puerto Rico Highways and Transportation Authority ("HTA Title III Case"), and the Puerto Rico Electric Power Authority ("PREPA Title III Case") (and together with the Commonwealth Title III Case, the "Title III Cases").[7]  By orders dated June 29, 2017 [Docket No. 537] and October 6, 2017 [Docket No. 1417], the court approved the joint administration of the Title III Cases.

10.     On June 15, 2017, the Office of the United States Trustee for the District of Puerto Rico (the "U.S. Trustee") filed a *Notice Appointing Creditors Committee for Unsecured Creditors* [Docket No. 338].  On June 26, 2017, the Committee selected Paul Hastings as counsel to the Committee.

---

[7]      Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III Case.

11.     On July 10, 2017, the Committee filed an application to retain and employ Paul

Hastings as counsel, effective June 26, 2017 [Docket No. 610] (the "Retention Application").

By order of this court entered August 10, 2017 [Docket No. 999] (the "Retention Order"),

incorporated herein by this reference, Paul Hastings' retention as counsel to the Committee was

approved effective as of June 26, 2017.

12.     On August 23, 2017, the court entered the *Order Setting Procedures for Interim*

*Compensation and Reimbursement of Expenses of Professionals* (as amended, the "Interim

Compensation Order").[8]

13.     On August 25, 2017, the U.S. Trustee filed an *Amended Notice of Appointment of*

*Official Committee of Unsecured Creditors* [Docket No. 1171], which expanded the role of the

Committee to be the official committee for the HTA Title III Case, the ERS Title III Case, and

the PREPA Title III Case.  Paul Hastings' retention extends to the representation of the

Committee as the official committee for the HTA Title III Case, the ERS Title III Case, and the

PREPA Title III Case.  In particular, the Retention Order provided that "[t]he retention of Paul

Hastings, as counsel to the Committee, shall be deemed to apply to the representation of the

Committee if ever enlarged to include unsecured creditors of other debtors, without the need to

obtain a modification of this Order."

14.     The Retention Order authorized Paul Hastings to be compensated on an hourly

basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 316

and 317 of PROMESA, the Bankruptcy Rules, the Local Rules, and such orders as the court may

direct.  The Retention Order further provides that "[p]ursuant to Bankruptcy Code

section 503(b)(1), made applicable by PROMESA section 301(a), the fees and expenses of Paul

---

[8]     The Interim Compensation Order was amended on November 8, 2017, to reflect certain changes requested by
the Fee Examiner.

Hastings under this Order shall be an administrative expense."  In addition, as provided in the

Retention Order, the Oversight Board has consented to the Debtors' payment of Paul Hastings'

allowed fees and expenses.

15.     Furthermore, Paul Hastings has agreed to reduce its fees by an amount equal

to 20% of the total case fees, with the precise fees to be waived to attain the 20% reduction to be

designated by Paul Hastings (in its sole discretion) in connection with the final fee application

process.  For that reason, Paul Hastings is only seeking payment of 80% of its unpaid fees (to the

extent any remain unpaid at the time of the hearing on this Application), but allowance of 100%

of its fees.

16.     On October 6, 2017, the court entered the *Order Pursuant to PROMESA*

*Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing a Fee Examiner and*

*Related Relief* [Docket No. 1416] (the "Fee Examiner Order").  The court appointed Brady

Williamson as the Fee Examiner in the Title III Cases.

17.     This is Paul Hastings' first interim fee application, covering the period from

June 26, 2017 through September 30, 2017.  All services for which compensation is requested

were performed for or on behalf of the Committee.

## COMPENSATION AND REIMBURSEMENT REQUEST

18.     By this Application, Paul Hastings seeks allowance of compensation for

professional services rendered to the Committee during the Application Period in the aggregate

amount of $9,345,478.80[9] and expense reimbursements in the aggregate amount of $133,270.22.

---

[9]     As noted, Paul Hastings has agreed to reduce its fees by an amount equal to 20% of the total case fees, with the
precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in
connection with the final fee application process.

These amounts are allocated among the Commonwealth Title III Case, the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case, as follows:

| Application Period | Fees | Expenses | Total |
|---|---|---|---|
| Commonwealth Title III Case | $9,092,786.80 | $133,225.04 | $9,226,011.84 |
| PREPA Title III Case | $148,486.00 | $45.18 | $148,531.18 |
| HTA Title III Case | $82,383.50 | $0.00 | $82,383.50 |
| ERS Title III Case | $21,822.50 | $0.00 | $21,822.50 |
| **Total** | **$9,345,478.80** | **$133,270.18** | **$9,478,748.98** |

19.     The Committee has approved the amounts requested by Paul Hastings for services performed and expenses incurred in each of the monthly statements submitted to, among others, the Oversight Board, AAFAF, the Fee Examiner, and the U.S. Trustee during the Application Period.

20.     In accordance with the Interim Compensation Order, Paul Hastings has received payments totaling $2,740,545.62 for services rendered during the Application Period, which amount consists of $2,612,026.20 (representing 80% of the fees for services invoiced during the period from June 26, 2017 through July 31, 2017) and $128,519.42 (representing 100% of expenses invoiced during the period from June 26, 2017 through July 31, 2017).  Paul Hastings has not yet received payment for (a) its fee statement for the month of August 2017 requesting payment in the aggregate amount of $2,705,821.16 (reflecting 80% of fees and 100% of expenses for that period)[10] and (b) its fee statement for the month of September 2017 requesting

_____

[10]   The deadline to object to Paul Hastings' August 2017 fee statement was November 9, 2017.  No objections were received, and, in accordance with the Interim Compensation Order, the Debtors were required to pay the amounts requested in the August 2017 fee statement by November 28, 2017.  As of the filing of this Application, Paul Hastings has not received payment on account of the August 2017 fee statement.

payment in the aggregate amount of $2,162,285.84 (reflecting 80% of fees and 100% of expenses for that period).[11]  Accordingly, as of the date of this Application, the aggregate amount of $4,868,107.00 remains unpaid.

21.     Other than payments made in accordance with the Interim Compensation Order, Paul Hastings has received no payment and no promises of payment from any source for services rendered during the Application Period.  By this Application, Paul Hastings requests allowance of all outstanding fees and expenses for services rendered during the Application Period, provided that, at this time, Paul Hasting is only seeking payment of (a) 80% of the fees for services invoiced during the Application Period and (b) 100% of expenses invoiced during the Application Period.  Obviously, these amounts will be reduced by any amounts that Paul Hastings has actually receives on account of fees and expenses invoiced during the Application Period.  Indeed, by the time of the hearing on this Application, these amounts should have long been paid by the Debtors pursuant to the Interim Compensation Order.[12]

22.     In addition, as a courtesy to the Committee and based on circumstances unique to the Title III Cases, during the Application Period Paul Hastings voluntarily waived fees totaling $108,783.00.  The time billed by these timekeepers was reasonable, and Paul Hastings reserves the right to seek payment of these fees based on the facts and circumstances of these cases, including, without limitation, if objections are interposed to the allowance or payment of Paul Hastings' fees and expenses.  Paul Hastings also voluntarily waived expenses totaling $11,435.45 as a courtesy to the Committee during the Application Period.  For details regarding

---

[11]   The deadline to object to Paul Hastings' September 2017 fee statement was December 15, 2017 at 4:00 p.m. (AST).  No objections were received as of the filing of this Application.

[12]   Paul Hastings reserves its right to seek to compel compliance with the Interim Compensation Order.

the waived fees and expenses, please see the Declaration of Luc A. Despins filed concurrently

herewith.

23.     There is no agreement or understanding between Paul Hastings and any other

person other than the attorneys, employees, and staff of Paul Hastings, for the sharing of

compensation to be received for services rendered in these cases.

24.     Paul Hastings maintains computerized records, in the form of monthly statements,

of the time spent by all Paul Hastings' attorneys and paraprofessionals in connection with its

representation of the Committee.  The monthly statements are in the same form regularly used by

Paul Hastings to bill its clients for services rendered and include the date that the services were

rendered, a detailed, contemporaneous narrative description of the services provided, the amount

of time spent for each service, and the designation of the professional who performed the service.

25.     The fees charged by Paul Hastings in the Title III Cases are billed in accordance

with its existing billing rates and procedures in effect during the Application Period.[13]  The rates

Paul Hastings charges for the services rendered by its professionals and paraprofessionals in the

Title III Cases are comparable to the rates Paul Hastings charges for professional and

paraprofessional services rendered in comparable nonbankruptcy related matters.  Moreover,

when Paul Hastings' restructuring professionals and paraprofessionals work on nonbankruptcy

matters, the firm generally charges their standard rate.  Such fees are reasonable based on the

customary compensation charged by comparably skilled practitioners in comparable

nonbankruptcy cases in a competitive national legal market.

---

[13]    As a courtesy to the Committee and based on circumstances unique to the Title III Cases, Paul Hastings agreed
to charge $1,025 per hour (rather than the standard rate of $1,160 per hour) for Mr. Bongartz's services during
the Application Period.

26.     Paul Hastings' rates are set at a level designed to fairly compensate Paul Hasting

for the work of its attorneys and paraprofessionals to cover fixed and routine overhead expenses.

Paul Hastings operates in a complicated national marketplace for legal services in which rates are

driven by multiple factors relating to the individual lawyer, his or her area of specialization, the

firm's expertise, performance and reputation, the nature of the work involved, and other factors.

Accordingly, Paul Hastings set its rates for attorneys and paraprofessionals both in the

restructuring group and other practice groups within the firm by reference to market information

and market adjustments by firms considered to be industry peers.  Based on this and reviews of

contemporaneous time records and fee applications filed in other cases, Paul Hastings endeavors

to set the hourly rates for its attorneys and paraprofessionals at levels comparable to those of its

principal competitor firms.  Notwithstanding the foregoing, Paul Hastings has agreed to an end-

of-case discount of 20% of the total case fees, with the precise fees to be waived to attain

the 20% reduction to be designated by Paul Hastings (in its sole discretion) in connection with

the final fee application process.

27.     Paul Hastings' professional services during the Application Period required an

aggregate expenditure of 10,155.50 recorded hours by Paul Hastings' attorneys and

paraprofessionals, broken down as follows: partners (3,185.70 hours), counsel (2,413.30 hours),

associates (3,864.80 hours), and paraprofessionals (691.70 hours).  During the Application

Period, Paul Hastings' billing rates for attorneys rendering services in this matter ranged from

$525 to $1,300 per hour.

28.     To the extent that time or disbursement charges for services rendered or

disbursements incurred relate to the Application Period, but were not processed before the

preparation of this Application, or Paul Hastings has for any other reason not sought

compensation or reimbursement with respect to such services or expenses, Paul Hastings reserves the right to request additional compensation for such services, and reimbursement of such expenses, in a supplemental or future application.

## SUMMARY OF SERVICES

29.     During the Application Period, Paul Hastings assisted and advised the Committee on a regular basis regarding legal matters relating to the restructuring of the Debtors, including related adversary proceedings, and all other matters arising in the performance of the Committee's duties.  In addition, Paul Hastings has prepared various motions, applications, orders, and other pleadings submitted to the court for consideration, and has performed the necessary professional services that are described below and in the monthly statements attached hereto as Exhibit F.[14]  For ease of reference and transparency purposes, Paul Hastings created several matter numbers for its representation of the Committee.  The matter numbers are divided by Debtor and/or large tasks the Committee undertook, as follows:

| Matter ID | Matter Name |
| --- | --- |
| 00002 | Official Committee of Unsecured Creditors |
| 00003 | COFINA Dispute Analysis |
| 00004 | Communications with Creditors (other than Committee Members) |
| 00005 | Fiscal Plan Analysis |
| 00006 | PREPA |
| 00007 | HTA |
| 00008 | ERS |
| 00009 | Other Adversary Proceedings |
| 00010 | Mediation |
| 00011 | GO Bond Debt Issues |
| 00012 | Creditors' Committee Meetings |
| 00013 | Rule 2004 Investigations |
| 00014 | Constitutional Issues |

---

[14]     The description of services in this Application is limited to those matters in which Paul Hastings provided 5 or more hours of service during the Application Period.

I.    **Official Committee of Unsecured Creditors of Commonwealth of Puerto Rico (Matter ID 00002)**

(a)    <u>Case Administration (Task Code B110)</u>

Fees:   $1,061,786.00      Total Hours:   1,141.10

30.    During the Application Period, Paul Hastings advised the Committee on general case administration, including preparing the Committee's Rule 2019 statement, the Committee's by-laws, and confidentiality agreements.  In order to efficiently track deadlines, organize documents, and manage workstreams, Paul Hastings also prepared a global task list and maintained a case calendar.  To minimize duplication of services, Paul Hastings developed procedures for allocating responsibilities among various Paul Hastings lawyers by practice area (e.g., restructuring, municipal finance, litigation, etc.) as well as between Paul Hastings and local counsel—which, until July 20, 2017, was O'Neill & Gilmore Law Office LLC ("<u>O'Neill & Gilmore</u>") and, thereafter, Casillas, Santiago & Torres, LLC ("<u>CST Law</u>").  Further, Paul Hastings coordinated with the Committee's financial advisor, Zolfo Cooper LLP ("<u>Zolfo Cooper</u>") regarding Committee communications, case strategy, and workstreams.

31.    In addition, during the Application Period, Paul Hastings developed interim and long-term strategies to maximize recoveries for general unsecured creditors and held internal team conference calls to discuss the status of the Title III Cases and to manage workstreams.

(b)    <u>Pleadings Review (Task Code B113)</u>

Fees:   $183,532.50      Total Hours:   233.40

32.    During the Application Period, Paul Hastings reviewed and prepared summaries of pleadings filed and orders entered in the Title III Cases for internal review and review by the Committee.

-14-

(c)    Relief from Stay / Adequate Protection Proceedings (Task Code B140)

Fees:   $27,165.50          Total Hours:   32.60

33.    In the interest of preserving the Debtors' limited resources, the Committee did
not, as a general matter, become involved in the dozens of stay relief requests filed in the Title III
Cases and, instead, deferred the handling of these matters to AAFAF.  However, where
appropriate, Paul Hastings raised stay-related issues with counsel to AAFAF and, in one
instance, prepared a limited joinder in AAFAF's objection to the stay relief request by South
Parcel of Puerto Rico, S.E. ("South Parcel").  In particular, the Committee joined in AAFAF's
objection in support of the argument that the question whether a claim based on a constitutional
violation is dischargeable should be analyzed in the context of a plan of adjustment, not within
the context of a stay relief request.  South Parcel's motion for stay relief was ultimately settled
by agreement between HTA and South Parcel.

(d)    Meetings of and Communications with Creditors (Task Code B150)

Fees:   $136,413.50         Total Hours:   129.90

34.    During the Application Period, Paul Hastings prepared reports and summaries to
keep the Committee apprised of relevant developments in the Title III Cases, related adversary
proceedings, and the mediation process.[15]

(e)    Court Hearings (Task Code B155)

Fees:   $110,067.00         Total Hours:   107.90

35.    During the Application Period, Paul Hastings attended the June 28, 2017 and
August 9, 2017 omnibus hearings in the Title III Cases.  To minimize costs, only three Paul
Hastings attorneys traveled to San Juan and attended the June 28, 2017 omnibus hearing, and

---

[15]    Meetings with the Creditors' Committee were recorded separately under matter number 12.

only two Paul Hastings attorneys traveled to San Juan and attended the August 9, 2017 omnibus

hearing.  At these hearings, Paul Hastings handled the various pleadings filed by the Committee,

including (a) the Committee's objection to the motion of certain holders of general obligation

bonds ("GO Bonds") seeking to reconstitute the Committee, (b) the Committee's objection to the

motions of (i) certain Puerto Rico municipalities requesting the appointment of an official

committee of Puerto Rico municipalities and (ii) UPR Trust requesting the appointment of an

additional committee of government employees and active pension plan participants, (c) the

Committee's motion to intervene in (i) the adversary proceeding styled as *Assured Guaranty

Corp. v. Commonwealth of Puerto Rico*, Ad. Proc. No. 17-125 (the "Assured v. Commonwealth

Adversary Proceeding") and (ii) the adversary proceedings styled as *Peaje Investment, LLC v.

Puerto Rico Highways & Transportation Authority*, Adv. Proc. No. 17-151 & 17-152 (the "Peaje

Adversary Proceeding"), (d) the Committee's motion to establish procedures in connection with

creditor access to information, and (e) the Committee's applications to retain Paul Hastings as its

counsel and Zolfo Cooper as its financial advisor.  In preparation for these omnibus hearings,

Paul Hastings also reviewed relevant issues raised in the parties' pleadings, prepared materials

for the hearings, and filed the requisite informative motions to be heard.

    (f)    Fee/Employment Applications (Task Code B160)

    Fees:  $275,102.50    Total Hours:  314.20

36.    During the Application Period, Paul Hastings (a) prepared Paul Hastings'

retention application and initial and supplemental disclosure affidavits for employment as

counsel to the Committee, (b) conducted research to identify possible connections between Paul

Hastings and parties in interest in these Title III Cases, (c) assisted O'Neill & Gilmore, CST

Law, and Zolfo Cooper in preparing their respective retention applications, and (d) performed

other activities in accordance with the procedures and standards of PROMESA, the Bankruptcy

Code, the Bankruptcy Rules, and the orders of this court, including the Interim Compensation

Order.  In addition, during the Application Period, Paul Hastings prepared and served monthly

fee statements for the months of June and July 2017 and began preparing the monthly fee

statements for the month of August 2017.

     (g)    <u>Budget (Task Code B161)</u>

          Fees:  $10,825.50      Total Hours:  12.90

During the Application Period, Paul Hastings prepared a quarterly budget and staffing

plan for the Committee in accordance with the U.S. Trustee Guidelines.[16]

     (h)    <u>Other Contested Matters (Task Code B190)</u>

          Fees:  $294,960.50     Total Hours:  332.20

37.    During the Application Period, Paul Hastings analyzed numerous motions filed in

the Title III Cases, analyzed related legal and factual issues, and prepared objections and/or

responses to several motions, including the motion by an ad hoc group of general obligation

bondholders to reconstitute the Committee, the motions requesting the appointment of additional

official committees, the motion of Aurelius Investment, LLC and certain of its affiliates

("<u>Aurelius</u>") to dismiss the Commonwealth Title III Case, and various motions seeking

discovery from the Oversight Board, AAFAF, and other parties under Bankruptcy Rule 2004.

---

[16]    As noted above, the Fee Examiner subsequently waived the requirement to prepare a budget until the end of December 2017, and Paul Hastings did not seek to have the budget for the Application Period approved by the Committee in reliance of the Fee Examiner's position.

(i)     <u>Non-working Travel (Task Code 195) (Billed at 50%)</u>

Fees:   $36,900.00          Total Hours:   61.90

38.     During the Application Period, certain Paul Hastings attorneys traveled to and from an omnibus hearing on June 28, 2017 in San Juan, Puerto Rico, a Committee meeting held on August 7, 2017, and the omnibus hearings held on August 9, 2017 in San Juan, Puerto Rico. As noted above, to minimize costs, only three Paul Hastings attorneys traveled to San Juan and attended the June 28, 2017 omnibus hearing, and only two Paul Hastings attorneys traveled to San Juan and attended the August 9, 2017 omnibus hearing.  One additional Paul Hasting attorney also traveled to San Juan for the August 8, 2017 in-person Committee meeting.

39.     In addition, Paul Hastings attorneys traveled to Boston, Massachusetts for (a) the July 5, 2017 discovery conference before the Honorable Judith Gail Dein ("<u>Judge Dein</u>") in the adversary proceeding styled *Bank of New York Mellon, as Trustee v. COFINA*, Adv. Proc. No. 17-133 ("<u>BONY Interpleader Action</u>"), (b) the August 22, 2017 hearing before Judge Dein on the Rule 2004 Motion, (c) the September 14, 2017 hearing before the U.S. First Circuit of Appeals on the Committee's appeal of the order denying intervention in the Assured v. Commonwealth Adversary Proceeding, and (d) the September 15, 2017 hearing before Judge Dein on the Committee's motion to intervene in the BONY Interpleader Action.  To minimize costs, only two Paul Hastings attorneys attended the hearings on July 5, 2017, August 22, 2017, and September 14, 2017, and only one attorney attended the hearing on September 15, 2017.

40.     In accordance with Local Rule 2016-2(d)(viii), Paul Hastings billed for one-half the total time that Paul Hastings professionals spent on non-working travel.

-18-

    (j)     <u>Financing / Cash Collections (Task Code B230)</u>

        Fees:   $34,550.00       Total Hours:   32.20

41.     During the Application Period, Paul Hastings reviewed and analyzed various efforts by Puerto Rico instrumentalities to refinance their bond debt, including the Government Development Bank for Puerto Rico's ("<u>GDB</u>") restructuring efforts under title VI of PROMESA and the related restructuring support agreement, as well as the restructuring support agreement with respect to PREPA.

    (k)     <u>Claims Administration and Objections (Task Code B310)</u>

        Fees:   $96,552.50       Total Hours:   107.50

42.     During the Application Period, Paul Hastings analyzed alternative dispute resolution ("<u>ADR</u>") claims procedures implemented in other large bankruptcy cases in order to develop an ADR process for claims resolution in the Title III Cases.  Paul Hastings also coordinated with counsel for the Oversight Board regarding the bar date motion, drafts of which were provided to the Committee for its input.  In addition, Paul Hastings researched and analyzed various claim subordination issues in bankruptcy cases.

    (l)     <u>Plan and Disclosure Statement (including Business Plan) (Task Code B320)</u>

        Fees:   $143,719.50      Total Hours:   158.40

43.     During the Application Period, Paul Hastings researched and prepared internal memoranda regarding certain issues related to the plan confirmation process in large municipal bankruptcy cases under chapter 9 of the Bankruptcy Code as compared to the title III confirmation process under PROMESA, including the interplay with section 904 of the Bankruptcy Code and section 305 of PROMESA, respectively.

## II.     COFINA Dispute Analysis (Matter ID 00003)

44.     Pursuant to the *Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA Dispute*, dated August 10, 2017 [Docket No. 996] (the "Commonwealth-COFINA Stipulation"), the Committee was appointed as the Commonwealth representative to litigate and/or settle the Commonwealth-COFINA Dispute (as defined in the Commonwealth-COFINA Stipulation) on behalf of the Commonwealth (the "Commonwealth Agent").[17]   The Commonwealth-COFINA Dispute is one of the most significant and complex disputes in these Title III Cases.

(a)     Case Administration (Task Code B110)

Fees:   $185,381.50          Total Hours:   234.30

45.     During the Application Period, Paul Hastings worked closely with counsel to the Oversight Board, counsel to AAFAF, counsel to holders of certain GO Bonds, counsel to holders of certain bonds issued by COFINA ("COFINA Bonds"), and certain monoline insurers to develop the Commonwealth-COFINA Stipulation to establish procedures to resolve the Commonwealth-COFINA Dispute.

46.     In addition, during the Application Period, Paul Hastings advised the Committee, as Commonwealth Agent, with respect to the preparation and general administration of the adversary proceeding commenced by the Commonwealth Agent, styled as *Official Committee of Unsecured Creditors v. Whyte*, Adv. Proc. No. 17-257 (the "Commonwealth-COFINA Action"). In this regard, Paul Hastings also performed various other tasks related to document productions,

---

[17]   The Commonwealth-COFINA Dispute concerns the question "[w]hether, after considering all procedural and substantive defenses and counterclaims, including constitutional issues, the sales and use taxes [the ("SUT")] purportedly pledged by COFINA to secure debt . . . are property of the Commonwealth or COFINA under applicable law."

including communications with third parties, data migration, quality control, and preparing

document productions for attorney review.

      (b)    <u>Pleadings Review (Task Code B113)</u>

           Fees:  $26,620.00      Total Hours:  36.10

47.     During the Application Period, Paul Hastings reviewed and prepared summaries

of pleadings filed and orders entered in the Commonwealth-COFINA Action and the BONY

Interpleader Action for internal review and review by the Committee.

      (c)    <u>Court Hearings (Task Code B155)</u>

           Fees:  $16,598.00      Total Hours:  18.10

48.     During the Application Period, Paul Hastings attended the July 5, 2017 discovery

conference before Judge Dein and the September 15, 2017 hearing before Judge Dein regarding

the Commonwealth Agent's motion to intervene in the BONY Interpleader Action.  To minimize

costs, only two Paul Hastings attorneys attended the hearing on July 5, 2017, and only one

attorney attended the hearing on September 15, 2017.  In preparation for these hearings, Paul

Hastings also reviewed relevant issues raised in the parties' pleadings, prepared materials for the

hearings, and filed the requisite informative motions to be heard.

      (d)    <u>Other Contested Matters (Task Code B190)</u>

           Fees:  $9,827.00      Total Hours:  11.30

49.     During the Application Period, Paul Hastings analyzed and responded to various

pleadings filed in connection with the COFINA Agent's motion to confirm the application of the

liability protections in section 105 of PROMESA.  For example, the Committee, as the

Commonwealth Agent, filed a response to the motion, requesting that if the court grants the

relief sought by the COFINA Agent, the Commonwealth Agent should receive the same

protections.  By order dated November 3, 2017, the court granted the COFINA Agent's motion

and granted the same relief to the Commonwealth Agent.

    (e)    <u>General Litigation (Task Code B191)</u>

        Fees:   $2,410,942.50     Total Hours:   2,595.90

    50.    During the Application Period, Paul Hastings prosecuted the Commonwealth-

COFINA Action on behalf of the Committee, as the Commonwealth Agent.  Among other

things, Paul Hastings prepared the Commonwealth Agent's complaint, filed on September 8,

2017.  In preparation of the complaint, Paul Hastings analyzed the COFINA structure, related

legislation, and other materials related to COFINA, as well as conducted legal research on

several critical legal issues related to the causes of actions asserted in the complaint, including

the constitutionality of the COFINA structure and key provisions of PROMESA, the Bankruptcy

Code, and the Uniform Commercial Code.  In addition, during the Application Period, Paul

Hastings began preparing the answer to the COFINA Agent's counterclaims.  Furthermore, Paul

Hastings prepared and issued dozens of subpoenas to relevant third parties and has been

defending challenges asserted against the subpoenas.

    51.    Separately, during the Application Period, the Committee, as the Commonwealth

Agent, also sought to intervene in the BONY Interpleader Action so as to be able to file a motion

to clarify the interpleader order, dated May 30, 2017 (the "<u>Interpleader Order</u>"), entered in the

BONY Interpleader Action.  The Committee sought to include account neutrality language in the

Interpleader Order that would ensure that the continued depositing of SUTs into bank accounts

with BONY (the trustee for the COFINA bonds) would not adversely affect the Commonwealth

Agent's rights in such SUTs.  Judge Dein ultimately denied the Commonwealth Agent's motion

to intervene, relying on the pending Commonwealth-COFINA Action, in which the ownership of the SUT would be determined.

      (f)    <u>Non-working Travel (Task Code 195) (Billed at 50%)</u>

            Fees:   $3,852.50        Total Hours:   6.60

52.      During the Application Period, Paul Hastings attorneys traveled to Boston, Massachusetts, for two COFINA-related hearings: (a) the July 5, 2017 discovery conference before Judge Dein; and (b) the September 15, 2017 hearing before Judge Dein on the Committee's motion to intervene in the BONY Interpleader Action.  To minimize costs, only two Paul Hastings attorneys attended the hearing on July 5, 2017, and only one attorney attended the hearing on September 15, 2017.

53.      In accordance with Local Rule 2016-2(d)(viii), Paul Hastings billed for one-half the total time that Paul Hastings professionals spent on non-working travel.

      (g)    <u>Meetings of and Communications with Debtors/Oversight Board (Task Code B260)</u>

            Fees:   $39,684.50      Total Hours:   37.60

54.      During the Application Period, Paul Hasting communicated with counsel to the COFINA Agent and counsel to the Oversight Board on various matters related to the Commonwealth-COFINA Action, including the filing of the complaint, discovery-related issues, and the COFINA Agent's motion seeking to confirm the liability protections in section 105 of PROMESA.

III.   **Communications with Creditors (other than Committee Members) / Website (Matter ID 00004)**

    (a)   <u>General Creditor Inquiries (Task Code B112)</u>

        Fees:   $6,265.50      Total Hours:   10.10

55.   During the Application Period, Paul Hastings responded to creditor inquiries, including addressing questions about general procedural matters and the status of the Title III Cases.

    (b)   <u>Meetings of and Communications with Creditors (Task Code B150)</u>

        Fees:   $130,661.50      Total Hours:   146.40

56.   During the Application Period, Paul Hastings prepared and regularly updated, with the assistance of Prime Clerk, the Committee's website regarding the Title III Cases, including updates on hearings, recent court orders, and other developments in the Title III Cases. In this regard, Paul Hastings also prepared and regularly updated the Spanish-language sections of the website.

IV.   **Fiscal Plan Analysis (Matter ID 00005)**

    (a)   <u>Debtors' Financial Information and Operations/Fiscal Plan (Task Code B210)</u>

        Fees:   $45,202.00      Total Hours:   36.50

57.   During the Application Period, Paul Hastings reviewed and analyzed the Debtors' certified Fiscal Plan and other financial information regarding the Debtors, including materials prepared by Zolfo Cooper.

V.      **PREPA (Matter ID 00006)**

    (a)    <u>Case Administration (Task Code B110)</u>

        Fees:  $87,388.50      Total Hours:  81.90

58.      During the Application Period, Paul Hastings reviewed and analyzed materials relating to the PREPA Title III Case, including the PREPA restructuring support agreement, the trust agreement for the PREPA bonds, and related materials.  After the Committee was appointed as the official committee in the PREPA case on August 25, 2017, Paul Hastings also handled various administrative matters related to PREPA, including coordinating workstreams with Zolfo Cooper, discussions with PREPA's counsel regarding confidentiality,  and other case administrative matters (such as electronic filings).

    (b)    <u>Pleadings Review (Task Code B113)</u>

        Fees:  $28,344.50      Total Hours:  32.50

59.      During the Application Period, Paul Hastings reviewed and prepared summaries of pleadings filed and orders entered in the PREPA Title III Case and related adversary proceeding, including PREPA's motion to approve contract procedures for the rejection of energy-related contracts and the motion by certain PREPA bondholders to appoint a receiver.  In addition, Paul Hastings prepared summaries thereof for internal review and review by the Committee.

    (c)    <u>Relief from Stay/Adequate Protection Proceedings (Task Code B140)</u>

        Fees:  $17,464.50      Total Hours:  17.50

60.      During the Application Period, Paul Hastings analyzed, among other things, the motion of certain PREPA bondholders and bond insurers for relief from the automatic stay to appoint a receiver, including objections thereto.  The Committee considered various alternatives

in connection with this motion, and ultimately determined to file only a limited joinder to statement of Scotiabank De Puerto Rico ("Scotiabank") in response to the stay relief motion, arguing that the court should defer consideration of the motion in favor of the global mediation process.  The court denied the motion on September 14, 2017.

    (d)    Assumption/Rejection of Leases and Contracts (Task Code B185)

        Fees:   $33,248.50        Total Hours:   30.60

61.    During the Application Period, Paul Hastings analyzed, among other things, PREPA's motion to assume its fuel supply contract with Freepoint Commodities.  In this regard, Paul Hastings coordinated with Zolfo Cooper to evaluate whether the Committee should take a position in respect of this motion.  Paul Hastings also communicated with counsel to PREPA to obtain additional background materials regarding the fuel supply contract.  Ultimately, the Committee determined not to take a position with respect to the motion.  The court granted the motion to assume the fuel supply contract on August 1, 2017.

    (e)    General Litigation (Task Code B191)

        Fees:   $26,829.00        Total Hours:   26.30

62.    During the Application Period, Paul Hastings analyzed pleadings filed in various PREPA-related adversary proceedings.  In addition, Paul Hastings prepared the Committee's motion to intervene in (a) the adversary proceeding styled as *Union De Trabajadores de la Industria Electrica y Riego ("UTIER") v. PREPA*, Adv. Proc. No. 17-228 (the "UTIER Adversary Proceeding"), pursuant to which UTIER challenges the appointment of the Oversight Board under the Appointment Clause of the U.S. Constitution and (b) the adversary proceeding styled as *Assured Guaranty Corp. v. PREPA*, Adv. Proc. No. 17-232 (the "Assured v. PREPA Adversary Proceeding"), pursuant to which certain PREPA creditors sought declarations that

-26-

their claims are secured by certain revenues.  Paul Hastings also prepared the Committee's
limited response to the motion of Scotiabank and Solus Alternative Asset Management LP
("Solus") to intervene in the Assured v. PREPA Adversary Proceeding, noting that this motion
further supported the Committee's own motion to intervene.  The Assured v. PREPA Adversary
Proceeding was voluntarily dismissed by the Plaintiffs on October 13, 2017, prior to any ruling
of the court on the Committee's motion to intervene.

(f)   Debtors' Financial Information and Operations/Fiscal Plan (Task Code B210)

Fees:   $6,577.50          Total Hours:   5.90

63.     During the Application Period, Paul Hastings reviewed and analyzed PREPA's
Fiscal Plan and its restructuring support agreement.

## VI.   HTA (Matter ID 00007)

(a)   Case Administration (Task Code B110)

Fees:   $2,638.50          Total Hours:   6.70

64.     During the Application Period, Paul Hastings handled various administrative
matters related to the HTA Title III Case, including the filing and service of pleadings.

(b)   Pleadings Review (Task Code B113)

Fees:   $27,938.00         Total Hours:   45.20

65.     During the Application Period, Paul Hastings reviewed and prepared summaries
of pleadings filed and orders entered in the HTA Title III Case and related adversary
proceedings, including motions to compel the assumption or rejection of certain HTA-related
executory contracts, motions to intervene in HTA-related adversary proceedings, and motions to
dismiss certain HTA-related adversary proceedings.  In addition, Paul Hastings prepared
summaries thereof for internal review and review by the Committee.

(c)     General Litigation (Task Code B191)

Fees:   $115,717.50          Total Hours:   125.10

66.     During the Application Period, Paul Hastings prepared the Committee's motion to intervene in the Peaje Adversary Proceeding as well as a reply brief in response to the objections filed thereto.  The Committee sought to intervene in this adversary proceeding to protect the rights of the Commonwealth's unsecured creditors.  The court denied the motion on August 10, 2017.  Paul Hastings appealed the court's order denying the motion to intervene to the U.S. Court of Appeals for the First Circuit.[18]

67.     In addition, Paul Hastings also prepared the Committee's motions to intervene in the adversary proceeding styled as *Ambac Assurance Corp. v. HTA*, Adv. Proc. No. 17-159 (the "Ambac Adversary Proceeding") and the adversary proceeding styled as *Assured Guaranty Corp. v. HTA*, Adv. Proc. No. 17-155 & 17-156 (the "Assured v. HTA Adversary Proceeding"). In this regard, Paul Hastings analyzed numerous pleadings filed in these adversary proceedings, including the Oversight Board's motions to dismiss and the oppositions filed in response thereto. On October 27, 2017, the Committee's motions to intervene in these adversary proceedings were granted.

## VII.   ERS (Matter ID 00008)

(a)     Pleadings Review (Task Code B113)

Fees:   $13,078.00          Total Hours:   20.70

68.     During the Application Period, Paul Hastings reviewed and prepared summaries of pleadings filed and orders entered in the ERS Title III Case and any related adversary

---

[18]   While the First Circuit has not yet issued a decision on this appeal, the First Circuit reversed the court's order denying the Committee's intervention in the Assured v. Commonwealth Adversary Proceeding.  *See also* footnote 24 below.

proceedings, including a motion for relief from stay filed by certain ERS bondholders.  In addition, Paul Hastings prepared summaries thereof for internal review and review by the Committee.

      (b)      <u>Relief from Stay/Adequate Protection Proceedings (Task Code B140)</u>

              Fees:   $18,214.50        Total Hours:   17.10

69.      During the Application Period, Paul Hastings reviewed and provided comments on a stipulation between a group of ERS bondholders, the Oversight Board, and AAFAF resolving the ERS bondholders' stay relief motion and establishing a schedule for summary judgment briefing regarding the perfection of the ERS bondholders' asserted security interest. The stipulation, in part, provided for the transfer of certain funds into a postpetition segregated account that would be deemed to be made from entities other than the Commonwealth.  Paul Hastings prepared and filed a statement reserving its rights in regard to these transfers until it could confirm that no Commonwealth funds were in fact being used to fund the postpetition segregated account (which confirmation was ultimately provided by AAFAF's counsel).

      (c)      <u>General Litigation (Task Code B191)</u>

              Fees:   $13,447.00        Total Hours:   14.10

70.      During the Application Period, Paul Hastings analyzed the ERS structure, including the ERS enabling statute, and pleadings filed in the ERS-related adversary proceedings, including summary judgment briefing regarding certain perfection issues with respect to the ERS bonds.

## VIII.   Other Adversary Proceedings (Matter ID 00009)[19]

(a)     <u>Case Administration (Task Code B110)</u>

Fees:  $5,881.50          Total Hours:   15.90

71.     During the Application Period, Paul Hastings handled various case administrative matters, including filing and serving pleadings to be filed in adversary proceedings related to the Title III Cases.

(b)     <u>Pleadings Review (Task Code B113)</u>

Fees:  $58,124.00          Total Hours:   87.50

72.     During the Application Period, Paul Hastings reviewed the pleadings filed and orders entered in various adversary proceedings related to the Title III Cases generally as well as non-title III litigation and appeals (the "<u>Litigation Dockets</u>").  In order to track deadlines, organize documents, and notify the Committee of upcoming matters, Paul Hastings prepared, maintained, and reviewed the Litigation Dockets to create litigation tracking charts.  In addition, Paul Hastings prepared summaries for the Committee of the various pleadings on the Litigation Dockets.

(c)     <u>Meetings of and Communications with Creditors (Task Code B150)</u>

Fees:  $10,793.50          Total Hours:   9.80

73.     During the Application Period, Paul Hastings communicated with the Committee in order to keep it apprised of any material pleadings or upcoming deadlines with respect to the Litigation Dockets.[20]

---

[19]   To the extent practicable, Paul Hastings tracked work in respect of PREPA-related adversary proceedings under Matter ID 00006, HTA-related adversary proceedings under Matter ID 00007, and ERS-related adversary proceedings under Matter ID 00008.

[20]   As noted, meetings with the Creditors' Committee were recorded separately under matter number 12.

(d)   Court Hearings (Task Code B155)

Fees:  $15,400.00          Total Hours:   12.20

74.      During the Application Period, Paul Hastings prepared for and attended oral

argument before the U.S. Court of Appeals for the First Circuit regarding the Committee's

appeal of the District Court's order denying the Committee's motion to intervene in the Assured

v. Commonwealth Adversary Proceeding.  To minimize costs, only two Paul Hastings attorneys

attended oral argument before the First Circuit on September 14, 2017.

(e)   General Litigation (Task Code B191)

Fees:  $909,145.50          Total Hours:   1,071.00

75.      During the Application Period, Paul Hastings advised the Committee on all

matters related to the adversary proceedings related to the Title III Cases, including a review of

relevant pleadings in order to determine in which adversary proceedings the Committee should

intervene.  After a careful evaluation of the underlying issues, the Committee determined to

intervene in only seven adversary proceedings (of the more than 25 filed to date), each one of

which raises legal issues crucial to the Committee and could have a significant effect on the

pecuniary and legal interests of unsecured creditors:

(a)     the Assured v. Commonwealth Adversary Proceeding, which concerned
        the legality of the certified Fiscal Plan for the Commonwealth and the
        Fiscal Plan Compliance Act;[21]

(b)     the Peaje Adversary Proceeding, which concerns the payment of certain
        HTA toll revenues to holders of HTA bonds;

(c)     the Assured v. HTA Adversary Proceeding, which concern the validity
        of the Commonwealth's exercise of its statutory right to retain certain
        "clawback" revenues;

---

[21]   The Assured v. Commonwealth Adversary Proceeding was voluntarily dismissed on October 7, 2017.

(d)     the Ambac Adversary Proceeding, which concerns the validity of the Commonwealth's exercise of its statutory right to retain certain "clawback" revenues;

(e)     the adversary proceeding styled as *ACP Master, Ltd. v. Commonwealth*, Adv. Proc. No. 17-189 (the "ACP Adversary Proceeding"), which concerns the entitlement, if any, of holders of GO Bonds to certain special property tax and "clawback" revenues;

(f)     the UTIER Adversary Proceeding, which implicates the constitutionality of the manner in which the Oversight Board was appointed under PROMESA, and could, if the Plaintiff prevailed, lead to a stay of the Title III Cases until an oversight board is constitutionally appointed; and

(g)     the Assured v. PREPA Adversary Proceeding, which concerned the entitlement, if any, of holders of PREPA bonds to certain PREPA revenues.[22]

76.     During the Application Period, Paul Hastings prepared motions to intervene in these seven adversary proceedings, replies in further support of these motions, and a supplemental brief in the Assured v. Commonwealth Adversary Proceeding, as per the court's instructions.  In this regard, Paul Hastings researched numerous key legal issues related to the Committee's right, under the Bankruptcy Code and the Bankruptcy Rules, to intervene in adversary proceedings.

77.     Moreover, during the Application Period, Paul Hastings appealed to the First Circuit the court's August 10, 2017 order denying the Committee's motion to intervene in the Assured v. Commonwealth Adversary Proceeding.  Paul Hastings drafted the appellate briefs, including replies to the appellees' briefs, in this appeal (and the related appeal of the order denying the Committee's motion to intervene in the Peaje Adversary Proceeding).  Moreover, given the time-sensitive nature of the matter, Paul Hastings requested that the appeal be heard on an expedited basis and prepared the related briefing for this request.  On September 22, 2017,

---

[22]     The Assured v. PREPA Adversary Proceeding was voluntarily dismissed on October 13, 2017.

the First Circuit reversed the order denying intervention in the Assured v. Commonwealth

Adversary Proceeding, holding that the Committee is "entitled to intervene" because "11 U.S.C.

§ 1109(b) . . . provides an 'unconditional right to intervene' [in the adversary proceeding] within

the meaning of Fed. R. Civ. P. 24(a)(1)." *Assured Guaranty Corp. v. FOMB*, No. 17-1831, 2017

WL 4216438 at *1 (1st. Cir. Sept. 22, 2017).[23]  The ruling on appeal resolved an important, but

until that time unsettled question of law in the First Circuit.

    78.    Following the decision by the First Circuit, the Committee was granted intervenor

status in four adversary proceedings in which it sought to intervene (namely, the Assured v. HTA

Adversary Proceeding, the Ambac Adversary Proceeding, the ACP Adversary Proceeding, and

the UTIER Adversary Proceeding).  Two of the remaining three adversary proceedings (namely,

the Assured v. Commonwealth Adversary Proceeding and the Assured v. PREPA Adversary

Proceeding) were voluntarily dismissed prior to a ruling from the court on the motion to

intervene.  Thus, with the exception of the Peaje Adversary Proceeding (where a decision from

the First Circuit on the appeal of the order denying intervention remains outstanding), the

Committee has successfully intervened in all pending adversary proceedings in which it sought

to intervene.[24]

---

[23]    As noted above, the Committee also appealed the court's order denying the Committee's motion to intervene in
the Peaje Adversary Proceeding, which appeal remains pending before the First Circuit.  On October 17, 2017,
the parties to the Committee's appeal in the Peaje Adversary Proceeding filed a *Stipulation and Joint Motion for
Remand to the District Court* in light of the First Circuit's opinion issued in the Assured v. Commonwealth
Proceeding.  To minimize the expenditure of resources, the parties also requested that briefing and submission
of the appendix in the First Circuit be stayed pending resolution of the request for remand.

[24]    As noted above, the Committee, in its capacity as the Commonwealth Agent, also sought to intervene in the
BONY Interpleader Action so as to be able to file a motion to clarify the Interpleader Order with respect to the
SUT.  Judge Dein denied the Commonwealth Agent's motion to intervene, relying on the pending
Commonwealth-COFINA Action, in which the ownership of the SUT would be determined.

IX.    **Mediation (Matter ID 00010)**

    (a)    <u>Case Administration (Task Code B110)</u>

        Fees:   $36,742.50        Total Hours:   35.40

79.    During the Application Period, Paul Hastings attended to various administrative issues regarding the Committee's involvement in the mediation process related to the Title III Cases.  Among other things, Paul Hastings provided comments on the mediation agreement, communicated with the mediators and mediation parties regarding confidentiality, reviewed memoranda from the mediators, and prepared a mediation calendar.

    (b)    <u>Meetings of and Communications with Creditors (Task Code B150)</u>

        Fees:   $15,123.00        Total Hours:   15.70

80.    During the Application Period, Paul Hastings communicated with the Committee regarding issues relating to the mediation agreement, information disclosure, and other matters related to the mediation process.

    (c)    <u>General Litigation (Task Code B191)</u>

        Fees:   $1,078,711.50        Total Hours:   1,023.60

81.    During the Application Period, Paul Hastings advised the Committee on all substantive issues raised in connection with the mediation process.  In this regard, Paul Hasting researched and analyzed the major creditor disputes in the Title III Cases and prepared internal memoranda regarding same.  On questions of Puerto Rico law, Paul Hastings coordinated with local counsel to manage workstreams and allocate assignments in an efficient manner.

82.    In addition, in accordance with the instructions from the mediation team, Paul Hastings prepared a mediation issues list as well as substantive mediation statements on key

legal issues in the Title III Cases.[25]  Furthermore, during the Application Period, Paul Hastings communicated with the mediators and other parties to the mediation (including counsel to the Oversight Board, counsel to holders of GO Bonds, counsel to holders of COFINA Bonds) on a regular basis regarding upcoming mediation sessions and briefing.

83.     Finally, during the Application Period, Paul Hastings attended all mediation sessions on behalf of the Committee or the Commonwealth Agent (as applicable), including the mediation sessions held on August 29, 2017 through August 31, 2017 in New York, NY, and on September 12, 2017 through September 14, 2017 in Washington, D.C.

(d)     Non-Working Travel (Task Code B195)

Fees:   $3,052.50          Total Hours:   5.70

84.     During the Application Period, Paul Hastings attorneys traveled to Washington, D.C. to attend mediation sessions held on September 12, 13, and 14, 2017.  To minimize costs, only three Paul Hastings attorneys travelled to Washington, D.C. to attend these sessions.

## X.     GO Bond Debt Issues (Matter ID 00011)

(a)     Financing/Cash Collections (Task Code B230)

Fees:   $180,648.50          Total Hours:   174.60

85.     During the Application Period, Paul Hastings analyzed the GO Bonds, which included reviewing the resolutions, statutes, and regulations related to the GO Bonds.  In addition, Paul Hastings conducted legal research related to the GO Bonds, including related to

---

[25]     Due to mediation confidentiality restrictions, Paul Hastings cannot publicly disclose the substance of the issues addressed in mediation.  Moreover, at the request of the mediation team, Paul Hastings has redacted all references to specific mediation issues in its monthly fee statements attached to this Application.  Paul Hastings will submit unredacted versions of such statements for the court's review, if the court so requests.  The Fee Examiner and the Notice Parties have all received unredacted versions of such statements.

the debt limit under the Puerto Rico Constitution, Puerto Rico's usury laws, and related issues. Paul Hastings also prepared internal memoranda regarding these research issues.

## XI.   Creditors Committee Meetings (Matter ID 00012)

    (a)   <u>Meetings of and Communications with Creditors (Task Code B150)</u>

         Fees:   $312,365.50      Total Hours:   309.40

86.   During the Application Period, Paul Hastings held regular (and often bi-weekly) telephonic conferences with the Committee to provide the Committee with updates on the progress of the Title III Cases and the related mediation process as well as to discuss case strategy and next steps.  In preparation for these telephonic conferences, Paul Hastings (a) reviewed relevant pleadings filed in the Title III Cases and related adversary proceeding, (b) prepared presentations for these meetings, and (c) prepared proposed agenda letters for the Committee's consideration.  Furthermore, and in addition to regular telephonic conferences, the Committee also held an in-person meeting in San Juan, Puerto Rico, on August 8, 2017, during which Paul Hastings gave a comprehensive presentation regarding the myriad legal issues in the Title III Cases.  Paul Hastings also prepared minutes of the Committee meetings.  Finally, on several occasions Paul Hastings prepared detailed PowerPoint presentation of critical and/or strategic issues for the Committee to review in connection with Committee meetings.

## XII.   Rule 2004 Investigations (Matter ID 00013)

87.   From the outset, the Committee believed that it would be important for a successful restructuring of these Title III Cases and to maximize recoveries of general unsecured creditors to establish and implement a discovery program to investigate potential claims against financial institutions in connection with the issuances of Puerto Rico's public bond debt.  To that end, on July 21, 2017, the Committee filed a motion under Bankruptcy Rule 2004 (the "<u>Rule</u>

2004 Motion") seeking authorization to pursue a program of investigation with respect to certain causes of the Puerto Rico financial crisis and, in particular, the role of public and private financial institutions in the structuring, underwriting, repackaging, and selling of the debt obligations that are now burdening Puerto Rico, beginning with targeted document requests to certain Santander entities, certain Popular entities, and the Government Development Bank for Puerto Rico. Preparation of the Rule 2004 Motion required extensive research and background document review regarding Puerto Rico's debt issuances over a period of more than ten years.

88.     While the Rule 2004 Motion was ultimately denied on November 17, 2017, without prejudice, on the grounds that it was premature, the motion (and the Committee's discussions with the Oversight Board) served as the catalyst for the Oversight Board to commence its own investigation into these (and other) matters. Indeed, prior to the Committee's efforts in this regard, the Oversight Board had not undertaken any steps to investigate these matters (other than to adopt "framework procedures" for possible future investigations) and the Oversight Board only commenced its proposed investigation days before the objection deadline to the Rule 2004 Motion. Moreover, during the Application Period, Paul Hastings discussed with counsel to the Oversight Board and its proposed investigator from Kobre & Kim possible avenues for allocating responsibilities between the Oversight Board and the Committee.

(a)     Case Administration (Task Code B110)

Fees:   $4,095.00          Total Hours:   10.50

89.     During the Application Period, Paul Hastings filed several pleadings related to the Rule 2004 Motion, including a reply brief in response to objections to the Rule 2004 Motion and a status report regarding discussions with the Oversight Board regarding the Rule 2004 Motion, as well as prepared exhibits related to the Rule 2004 Motion and the reply brief.

       (b)      <u>Meetings of and Communications with Creditors (Task Code B150)</u>

            Fees:  $6,835.00       Total Hours:  5.30

90.     During the Application Period, Paul Hastings communicated with the Committee regarding the status of its Rule 2004 Motion and the proposed discovery program.

       (c)      <u>Court Hearings (Task Code B155)</u>

            Fees:  $47,557.50     Total Hours:  56.10

91.     During the Application Period, Paul Hastings presented the Rule 2004 Motion at the August 22, 2017 hearing before Judge Dein.  In preparation for this hearing, Paul Hastings reviewed relevant issues and pleadings, prepared materials for the hearing, and prepared the requisite informative motion to be heard.

       (d)      <u>Investigations (Task Code B261)</u>

            Fees:  $446,672.50    Total Hours:  515.70

92.     During the Application Period, the Committee drafted the Rule 2004 Motion and various other pleadings related to thereto, including a reply brief in response to objections to the Rule 2004 Motion and (b) a court-ordered status report regarding discussions with the Oversight Board concerning a potential resolution of the Rule 2004 Motion.  Preparation of the Rule 2004 Motion required extensive research and background document review regarding Puerto Rico's debt issuances over a period of more than ten years.  In addition, Paul Hastings analyzed various issues with respect to the proposed discovery program investigation, including potential claims against the proposed targets of the investigation, the scope of the proposed investigation, legal research regarding discovery under Bankruptcy Rule 2004, and research related to the Oversight Board's authority to conduct an investigation under PROMESA.

## XIII.   Constitutional Issues (Matter ID 00014)

(a)   <u>Other Contested Matters (Task Code B190)</u>

Fees:   $99,154.50        Total Hours:   114.80

93.        During the Application Period, Paul Hastings conducted research regarding

various U.S. Constitutional issues in response to the motion of Aurelius to dismiss the

Commonwealth Title III Case on the grounds that the Oversight Board members were designated

in violation of the Appointment Clause.  In addition to research on the Appointment Clause and

related jurisprudence, Paul Hastings conducted research on (i) separation of powers principles,

(ii) governmental structures of other territories and Congress' power over same, and (ii) remedies

for violations of the Appointments Clause.  During the Application Period, Paul Hastings began

preparing the Committee's objection to Aurelius' motion to dismiss (which was filed on

November 3, 2017).

(b)   <u>General Litigation (Task Code B191)</u>

Fees:   $414,338.50        Total Hours:   427.00

94.        During the Application Period, Paul Hastings researched legal and factual issues

and prepared pleadings with respect to a number of issues related to the U.S. and Puerto Rico

Constitution, especially with respect to their respective Takings Clauses, Contracts Clauses, and

Due Process Clauses, as raised in numerous adversary proceedings related to the Title III Cases,

including (a) the Commonwealth-COFINA Adversary Proceeding, (b) the adversary proceeding

styled as *Assured Guaranty Corp. v. Commonwealth of Puerto Rico*, Adv. Proc. No. 17-125, (c)

the adversary proceeding styles as *Peaje Investments LLC v. Puerto Rico Highways &*

*Transportation Authority*, Adv. Proc. No. 17-151 & 17-152, (d) the adversary proceeding styled

as *Assured Guaranty Corp. v. Commonwealth of Puerto Rico*, Adv. Proc. No. 17-155 & 156, and

(e) the adversary proceeding styled as *Ambac Assurance Corporation v. Commonwealth of Puerto Rico*, Adv. Proc. No. 17-159.  Paul Hastings also analyzed various issues related to the jurisdictional and discretionary doctrines of ripeness and justiciability.  In connection with this research, Paul Hastings also prepared an internal memorandum on these U.S. Constitutional questions.

* * *

95.     The foregoing professional services were necessary and appropriate to the administration of the Title III Cases and were in the best interests of the Committee, the Debtors, the creditors, and other parties in interest.

## ACTUAL AND NECESSARY DISBURSEMENTS

96.     As set forth in Exhibit D hereto, Paul Hastings disbursed $133,270.22 as expenses incurred in providing professional services during the Application Period.

97.     Because Paul Hastings believes that on-line legal research (e.g., LEXIS and WESTLAW) is far more cost-efficient than manual research using hard-bound volumes, Paul Hastings encourages computerized legal research even though it is not a profit center for Paul Hastings.

98.     The time constraints imposed by the circumstances of the matters handled by Paul Hastings during the Application Period required its attorneys and other employees, at times, to devote substantial time during the evenings and on weekends to perform legal services on behalf of the Committee.  These extraordinary services were essential to meet deadlines, timely respond to inquiries on a daily basis, and satisfy the Committee's needs and demands.  Attorneys and other Paul Hastings employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs in accordance with the Local Rules

and firm policy.  Paul Hastings' regular practice is not to include components for those charges

in overhead when establishing billing rates, but rather to charge its clients for these and all other

out-of-pocket disbursements incurred during the regular course of the provision of legal services.

99.     Paul Hastings believes the rates for charges incurred are the market rates that the

majority of law firms charge clients for such services.  In addition, Paul Hastings believes that

such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set

forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for

disbursements and other charges.

## REQUESTED COMPENSATION SHOULD BE ALLOWED

100.    Section 316 provides for the compensation of professionals.  Specifically,

section 316 provides that a court may award a professional employed by a committee under

section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services

rendered . . . and reimbursement for actual, necessary expenses."  PROMESA § 316(a).  Section

316 of PROMESA also sets forth the criteria for the award of such compensation and

reimbursement:

(a)     In determining the amount of reasonable compensation to be awarded
to a professional person, the court shall consider the nature, the extent,
and the value of such services, taking into account all relevant factors,
including:

(i)     the time spent on such services;

(ii)    the rates charged for such services;

(iii)   whether the services were necessary to the administration of, or
beneficial at the time at which the service was rendered toward
the completion of, a case under this chapter;

(iv)    whether the services were performed within a reasonable
amount of time commensurate with the complexity, importance,
and nature of the problem, issue, or task addressed;

      (v)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and

      (vi)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title or title 11, United States Code.

PROMESA § 316(c).  Further, section 317 of PROMESA provides that "a committee . . . may apply to the court not more than once every 120 days . . . for such compensation for services rendered . . . ."

101.   In the instant case, Paul Hastings respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to protect, preserve, and maximize the value for unsecured creditors during the pendency of the Title III Cases.  The services rendered to the Committee were performed in an economic, effective, and efficient manner commensurate with the complexity and importance of the issues involved.  The results obtained to date have benefited not only the Committee but also the Debtors and their stakeholders.  Accordingly, the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Committee, the Debtors, and all parties in interest.

102.   The work conducted was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each particular task.  Whenever possible, Paul Hastings sought to minimize the costs of Paul Hastings' services to the Committee by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of the assignments.  A small group of the same Paul Hastings attorneys was utilized for the vast majority of the work in this case, to minimize the costs of intra-Paul Hastings

communication and education about the Title III Cases.  As demonstrated by this Application, Paul Hastings spent its time economically and without unnecessary duplication.  Accordingly, approval of the compensation sought herein is warranted.

### NOTICE

103.     In accordance with the Interim Compensation Order, Paul Hastings will provide notice of this Application to (i) the attorneys for the Oversight Board, Proskauer Rose LLP and O'Neill & Borges LLC; (ii) the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP; (iii) the Office of the United States Trustee for the District of Puerto Rico; (iv) the attorneys for the Official Committee of Retired Employees, Jenner & Block LLP and Bennazar, García & Milián, C.S.P.; (v) the Fee Examiner, Brady Williamson; and (vi) counsel  to the Fee Examiner, Godfrey & Kahn, S.C. and EDGE Legal Strategies, PSC.  In addition, the notice of hearing with respect to this Application will be served on all parties that have filed a notice of appearance in the Title III Cases.

*[Remainder of page intentionally left blank.]*

## CONCLUSION

WHEREFORE, Paul Hastings respectfully requests entry of an order (i) allowing Paul Hastings' claims for fees and expenses for professional services rendered during the Application Period in the amount of $9,345,478.80 and expense reimbursements in the amount of $133,270.22; (ii)  directing the Debtors' payment of the difference between the sum of  80% of the fees allowed plus 100% of the expenses allowed and the amounts previously paid by the Debtors pursuant to the Interim Compensation Order; and (iii) granting Paul Hastings such other and further relief as is just.

Dated:  December 15, 2017
      San Juan, Puerto Rico

*/s/ G. Alexander Bongartz*

PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
Andrew V. Tenzer *(Pro Hac Vice)*
Michael E. Comerford *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. (*Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com
andrewtenzer@paulhastings.com
michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*