UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------------ x
                                                   :
In re:                                             :
                                                   :
THE FINANCIAL OVERSIGHT AND                        :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                  :   Title III
                                                   :
        as representative of                       :   Case No. 17-BK-3283 (LTS)
                                                   :
THE COMMONWEALTH OF PUERTO RICO, et al.,           :   (Jointly Administered)
                                                   :
        Debtors.¹                                  :
------------------------------------------------------------------------ x
```

**DECLARATION OF LUC A. DESPINS IN SUPPORT OF FIRST INTERIM
FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM JUNE 26, 2017
<u>THROUGH SEPTEMBER 30, 2017</u>**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), I, Luc A. Despins, declare that the following is true to the best of my knowledge, information, and belief:

1. I am an attorney admitted and in good standing to practice in the State of New York. I am a partner with the law firm of Paul Hastings LLP ("<u>Paul Hastings</u>"), located at, among other offices worldwide, 200 Park Avenue, New York, New York 10166, and am duly authorized to make this Declaration on behalf of Paul Hastings. I make this Declaration in support of the *First Interim Application of Paul Hastings LLP, Counsel to Official Committee of*

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

*Unsecured Creditors, for Services Rendered and Reimbursement of Expenses for the Period from June 26, 2017 through September 30, 2017* (the "Application").[2]

2. The facts set forth in this Declaration are based upon my personal knowledge, discussions with other Paul Hastings attorneys, and the firm's client/matter records that were reviewed by me or other Paul Hastings attorneys acting under my supervision and direction.

3. I hereby certify that I have read the Application and, to the best of my knowledge, information, and belief, formed after reasonable inquiry, (a) the compensation and reimbursement of expenses sought in the Application conform with the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, and the Local Rules, and (b) the compensation and reimbursement of expenses are billed at rates no less favorable to the Debtors than those customarily employed by Paul Hastings generally.

4. Paul Hastings provides the following response to the request for information set forth in the U.S. Trustee Guidelines:

> Question: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the Application Period?
>
> Response: Yes. As a courtesy to the Committee and based on circumstances unique to the Title III Cases, during the Application Period, Paul Hastings agreed to the following voluntary reductions / write-offs:
>
> Paul Hastings waived fees totaling $108,783.00, as follows:
>
> (i) We reduced the hourly rate of G. Alexander Bongartz from $1,160.00 to $1,025.00, resulting in a reduction of $108,783.00 in fees.
>
> In addition, Paul Hastings waived expenses totaling $11,435.45, as follows:
>
> (ii) We waived all charges with respect to late-work, in-office meals (even though the Fee Examiner guidelines permit in-office meal

---

[2] Capitalized terms used but not defined herein have the meanings set forth in the Application.

      charges of up to $20.00 per meal). At a $20.00 cap per meal, this translates into a total write-off of $1,892.39.

  (iii) We waived a $118.43 out-of-office meal charge for five Paul Hastings attorneys on June 27, 2017;

  (iv) For the month of September 2017, we capped out-of-office meal charges at $40 per person, resulting in a write-off of $39.70.

  (v) We capped car service charges at $100.00 resulting in a write-off of $475.38;

  (vi) We reduced all lodging charges in San Juan, Puerto Rico to $250 per night (even though the Fee Examiner's guidelines permit lodging charges in Puerto Rico of up to $300 per night), lodging charges in Boston, Massachusetts to $350 per night, and lodging charges in Washington, D.C., to $500 per night, resulting in a write-off of $2,749.30; and

  (vii) To comply with Local Rule 2016-1(b)(1), we reduced color photocopy charges by 50% from 50 cents per page to 25 cents per page (even though the Fee Examiner's guidelines permit color photocopy charges of 50 cents per page), resulting in a write-off of $6,160.25.

The aggregate amount of the foregoing reductions/write-offs is $120,218.45.

Question: If the fees sought in this application as compared to the fees budgeted for the Application Period are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response: Not applicable. The Fee Examiner waived the requirement to prepare a budget for the Application Period.

Question: Have any of the professionals included in this application varied their hourly rate based on the geographic location of the bankruptcy case?

Response: No.

Question: Does the application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.

<u>Response</u>: The Application includes 74.1 hours and associated fees of $75,501.00 related to preparing, reviewing, and revising Paul Hastings' fee statements.

<u>Question</u>: Does this application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

<u>Response</u>: No.

<u>Question</u>: If the application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rates increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation consistent with ABA Formal Ethics Opinion 11-458?

<u>Response</u>: Not applicable.

5. I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 15th day of December, 2017

*/s/ Luc A. Despins*
Luc A. Despins

-4-