UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

| | |
|---|---|
| In re: | : |
| | : |
| THE FINANCIAL OVERSIGHT AND | : PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : Title III |
| | : |
| as representative of | : Case No. 17-BK-3283 (LTS) |
| | : |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | : (Jointly Administered) |
| | : |
| Debtors.[1] | : |

---

**NOTICE OF HEARING ON FIRST INTERIM FEE APPLICATION OF ZOLFO COOPER, AS FINANCIAL ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM JUNE 27, 2017 THROUGH SEPTEMBER 30, 2017**

**PLEASE TAKE NOTICE** that a hearing on the annexed *First Interim Fee Application of Zolfo Cooper, LLC, as financial advisor to Official Committee of Unsecured Creditors, for Services Rendered and Reimbursement of Expenses for Period from June 27, 2017 Through September 30, 2017* (the "Application") filed by the Official Committee of Unsecured Creditors of all title III Debtors (other than COFINA), pursuant to section 1103(a)(1) of the Bankruptcy Code, made applicable to these cases by section 301 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 or "PROMESA", will be held before the Honorable Laura Taylor Swain United States District Court Judge, at the United States District Court for the

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

District of Puerto Rico, in Room 3, 150 Carlos Chardón Street, Federal Building, Office 150, San Juan, Puerto Rico 00918-1767 on **March 7, 2018 at 8:30 a.m. (ET) / 9:30 a.m. (AST)** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections") to the Application by any party other than the Fee Examiner shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Puerto Rico, shall be filed with the Court (a) by attorneys practicing in the District Court, including attorneys admitted *pro hac vice*, electronically in accordance with rule 5 of the Local Rules for the District of Puerto Rico, and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF), to the extent applicable, and shall be served in accordance with the *First Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 1715] (the "Interim Compensation Order"), so as to be so filed and received by the Notice Parties (as defined in the Interim Compensation Order) no later than **January 4, 2018 at 3:00 p.m. (ET) / 4:00 p.m. (AST)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Interim Compensation Order, if no Objections are timely filed, and if the Fee Examiner issues the Fee Examiner Report (as defined in the Interim Compensation Order) recommending approval of the Application in full or in part, the Court may grant the Application without a hearing.

Dated: December 15, 2017  /s/ G. Alexander Bongartz
      San Juan, Puerto Rico

                                       PAUL HASTINGS LLP
                                       Luc. A. Despins, Esq. *(Pro Hac Vice)*
                                       Andrew V. Tenzer *(Pro Hac Vice)*
                                       Michael E. Comerford *(Pro Hac Vice)*
                                       G. Alexander Bongartz, Esq. (*Pro Hac Vice*)
                                       200 Park Avenue

New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
andrewtenzer@paulhastings.com
michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

**Hearing Date:** March 7, 2018 at 8:30 a.m. (ET) / 9:30 a.m (AST)
**Objection Deadline:** January 4, 2018 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
-------------------------------------------------------x
                                                       :
In re:                                                 :   PROMESA
                                                       :   TITLE III
THE FINANCIAL OVERSIGHT AND                            :
MANAGEMENT BOARD FOR                                   :
PUERTO RICO,                                           :   Case No. 17-BK-3283 (LTS)
                                                       :
     as representative of                              :   (Jointly Administered)
                                                       :
THE COMMONWEALTH OF                                    :
PUERTO RICO, et al.,                                   :
                                                       :
          Debtors.¹                                    :
                                                       :
-------------------------------------------------------x
```

**FIRST INTERIM APPLICATION OF ZOLFO COOPER, LLC, FINANCIAL ADVISOR TO THE OFFICAL COMMITTEE OF UNSECURED CREDITORS OF THE COMMONWEALTH OF PUERTO RICO, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE <u>PERIOD JUNE 27, 2017 THROUGH SEPTEMBER 30, 2017</u>**

| Name of Applicant: | Zolfo Cooper, LLC |
|---|---|
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico |
| Date of Retention: | *Nunc Pro Tunc* to June 27, 2017 |
| Period for Which Compensation and Reimbursement is Sought: | June 27, 2017 through September 30, 2017 |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

| | |
|---|---|
| Amount of Interim Compensation Sought as Actual, Reasonable, and Necessary: | $2,641,266.75[2] |
| Amount of Interim Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $38,372.69 |
| Are your fee or expense totals different from the sum of previously-served monthly statements? If there is any discrepancy, please explain it in the text of the attached fee application or in a footnote to cover this sheet. | No |
| Blended hourly rate in this application for all professionals: | $568.42[3] |

This is an *interim* application.

Are any timekeeper's hourly rates higher than those charged and approved upon retention: <u>No</u>

| Prior Interim Fee Applications | | | | | |
|---|---|---|---|---|---|
| Date [Docket No.] | Application Period Covered | Requested Fees | Requested Expenses | Fees Allowed & Fees Paid | Expenses Allowed & Expenses Paid |
| Not applicable | | | | | |
| **Total fees & expenses approved by interim orders to date:** | | | | | |

| Prior Interim or Monthly Fee Payments to date | | | | | |
|---|---|---|---|---|---|
| Date Payment Received | Interim Fee Application [Docket No.] or Monthly Fee Statement Paid | Fees Requested to Be Paid (80%) | Expenses Requested to Be Paid (100%) | Fees Paid | Expenses Paid |
| Not applicable | | | | | |
| **Total fees and expenses paid to date:** | | | | | |

---

[2] While ZC is seeking allowance of all its fees incurred during the Application Period, it is only seeking payment of 80% of the fees, namely, $2,113,013.40. ZC reserves its rights to seek relief from the court to the extent any outstanding fees and expenses that are due and payable are not paid on the terms set forth in the Interim Compensation Order.

[3] ZC's blended hourly rate for the amounts sought to be paid hereunder is $454.73.

2

**Hearing Date:** March 7, 2018 at 8:30 a.m. (ET) / 9:30 a.m (AST)
**Objection Deadline:** January 4, 2018 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------x
:
*In re:* : PROMESA
: TITLE III
**THE FINANCIAL OVERSIGHT AND** :
**MANAGEMENT BOARD FOR** :
**PUERTO RICO,** : Case No. 17-BK-3283 (LTS)
:
    as representative of : Jointly Administered
:
**THE COMMONWEALTH OF** :
**PUERTO RICO, et al.,** :
:
    Debtors. [1] :
:
---------------------------------------------------------x

**FIRST INTERIM APPLICATION OF ZOLFO COOPER, LLC, FINANCIAL ADVISOR TO THE OFFICAL COMMITTEE OF UNSECURED CREDITORS OF THE COMMONWEALTH OF PUERTO RICO, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JUNE 27, 2017 THROUGH SEPTEMBER 30, 2017**

Zolfo Cooper, LLC ("ZC" or the "Firm"), as financial advisor to the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Creditors' Committee" or the "Committee"), hereby submits its first interim application for compensation and reimbursement of expenses (the "Application"), pursuant to sections 316 and 317 of the *Puerto Rico Oversight, Management, and Economic Stability Act* of 2016 ("PROMESA")*,* [2] section 503(b) of title 11, United States Code (the "Bankruptcy Code") as made applicable to

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

[2] References to PROMESA are references to 48 U.S.C. §§ 2101 *et. seq.*

these cases by section 301(a) of PROMESA, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules") for the interim allowance of compensation for professional services performed by ZC for the period from June 27, 2017 through and including September 30, 2017 (the "Application Period") and for reimbursement of its actual and necessary expenses incurred during the Application Period. In support thereof, ZC respectfully represents as follows:

## I. PRELIMINARY STATEMENT

1. ZC, as financial advisor to the Committee, has worked diligently with the Committee to advise them on a host of critical issues attendant to these Title III cases. Among other things, ZC has been integrally involved in:

   (a) Analyzing the certified fiscal plan for Puerto Rico ("Commonwealth Certified Fiscal Plan") and the underlying supporting schedules, as well as the fiscal plans of certain of the Commonwealth's instrumentalities, with particular emphasis on key components and any ad hoc Committee requests;

   (b) Performing various analyses around the Commonwealth's debt position and capacity, as well as reviewing and presenting commentary on historical and current debt restructuring proposals;

   (c) Preparing a comparables analysis for the Commonwealth of Puerto Rico in order to put into context the values in the Commonwealth Certified Fiscal Plan and to help inform whether certain elements of the Commonwealth Certified Fiscal Plan are reasonable.

   (d) Assisting Paul Hastings in analysis integral to prosecuting the Commonwealth-COFINA Dispute (on behalf of the Committee, as the Commonwealth Agent) regarding the ownership of billions of dollars in sales and use tax revenues;

   (e) Participating in the mediation process; and

   (f) Assisting Paul Hastings in seeking authorization to pursue a discovery program with respect to certain causes of the Puerto Rico financial crisis and, in particular, the role of public and private financial institutions in the structuring, underwriting, repackaging, and selling of the debt obligations that are now burdening Puerto Rico. While the

2

court denied, without prejudice, the Committee's efforts as premature, the Committee's efforts in this regard served as the catalyst for the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") to commence its own investigation into these (and other) matters.

2. ZC has performed these services in an economic, effective, and efficient manner commensurate with the complexity and importance of the issues involved. For example, the work performed by ZC was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each particular task.[3]

3. In sum, ZC respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to protect, preserve, and maximize the value for unsecured creditors during the pendency of these title III cases. The results obtained to date have benefited not only the Committee but also the Debtors and their creditors. Accordingly, in light of the nature and complexity of these title III cases, ZC's charges for professional services performed and expenses incurred are reasonable under applicable standards. For all these reasons, ZC respectfully requests that the Court grant the Application and allow interim compensation for professional services performed and reimbursement for expenses as requested.

4. This Application is consistent with the Interim Compensation Order (as defined below) and Local Rule 2016-1, except that, in accordance with the instructions of the Fee Examiner appointed in these cases, no budgets were prepared with respect to the Application

---

[3] As noted, ZC has agreed to reduce its total fees by an amount equal to 20% of the overall case fees (with the precise fees to be waived to attain the 20% reduction to be designated by ZC (in its sole discretion) in connection with the final fee application process). For the avoidance of doubt, ZC seeks allowance of $2,641,266.75 (i.e., 100% of fees for services rendered during the Application Period), but payment of only $2,113,013.40, reflecting 80% of the fees for services rendered, plus 100% of the expenses allowed pursuant to the Interim Compensation Order in the amount of $38,372.68 during the Application Period (to the extent such amounts have not been paid before the hearing scheduled on this Application).

3

Period. To the extent necessary, ZC requests a waiver for cause shown of any such requirement not met by this Application.[4]

5. In accordance with the U.S. Trustee Guidelines, at the end of this Application are the following Exhibits:

- Exhibit A contains a summary of ZC's timekeepers included in this Application.

- Exhibit B contains a summary of the compensation requested by project category and matter number.

- Exhibit C contains detailed time descriptions by matter category.[5]

- Exhibit D contains a summary of expenses incurred during the Application Period.

- Exhibit E contains a detailed listing of expenses incurred during the Application Period.

## II. BACKGROUND

6. On May 3, 2017, the Oversight Board commenced a Title III case for the Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to section 304 (a) of PROMESA (the "Commonwealth Title III Case"). Thereafter, the Oversight Board commenced a Title III case for each of COFINA, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS Title III Case"), the Puerto Rico Highways and Transportation Authority ("HTA Title III Case"), and the Puerto Rico Electric Power Authority ("PREPA Title III Case") (and together with the Commonwealth Title III Case, the "Title III Cases").[6] By orders dated June 29, 2017 [Docket No. 537] and October 6, 2017 [Docket No. 1417], the Court approved the joint administration of the Title III Cases.

---

[4] The Committee and ZC reserve all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for compensation in these cases.

[5] Due to confidentiality restrictions, ZC cannot publicly disclose the substance of the issues addressed in mediation. Moreover, at the request of the mediation team, ZC has redacted all references to specific mediation issues in its time descriptions attached to this Application.

[6] Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III Case.

4

7. On June 15, 2017, the Office of the United States Trustee for the District of Puerto Rico (the "U.S. Trustee") filed a *Notice Appointing Creditors Committee for Unsecured Creditors* [Docket No. 338]. On June 27, 2017, the Committee selected Zolfo Cooper as financial advisor to the Committee.

8. On July 11, 2017, the Committee filed the Application of The Official Committee of Unsecured Creditors of Commonwealth of Puerto Rico for Entry of Order Authorizing Employment and Retention of Zolfo Cooper, LLC as Financial Advisor, Effective as of June 27, 2017 [Docket No. 615] (the "Retention Application").

9. On August 10, 2017, the Court entered the Order Authorizing Official Committee of Unsecured Creditors of Commonwealth of Puerto Rico to Employ and Retain Zolfo Cooper, LLC as Financial Advisor, Effective as of June 27, 2017 [Docket No. 1001] (the "Retention Order").

10. On August 23, 2017, the Court entered the *Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (as amended, the "Interim Compensation Order").[7]

11. On August 25, 2017, the U.S. Trustee filed an *Amended Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 1171], which expanded the role of the Committee to be the official committee for the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case. ZC's retention extends to the representation of the Committee as the official committee for the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case.

12. The Retention Order authorized ZC to be compensated on an hourly basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 316 and 317 of

---

[7] The Interim Compensation Order was amended on November 8, 2017, to reflect certain changes requested by the Fee Examiner.

5

PROMESA, the Bankruptcy Rules, the Local Rules, and such orders as the Court may direct. The Retention Order further provides that "[p]ursuant to Bankruptcy Code section 503(b)(1), made applicable by PROMESA section 301(a), the fees and expenses of Zolfo Cooper under this Order shall be an administrative expense." In addition, as provided in the Retention Order, the Oversight Board has consented to the Debtors' payment of ZC's fees and expenses sought to be paid hereunder.

13. ZC has agreed to reduce its fees by an amount equal to 20% of the total fees sought to be paid in connection with ZC's final fee application, with the precise fees to be waived to attain the 20% reduction to be designated by ZC (in its sole discretion) in connection with the final fee application process. For that reason, ZC is only seeking payment of 80% of its unpaid fees (to the extent such amount has not been paid before the hearing scheduled on this Application), but allowance of 100% of its fees.

14. On October 6, 2017, the Court entered the *Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing a Fee Examiner and Related Relief* (the "Fee Examiner Order") [Docket No. 1416]. The Court appointed Brady Williamson as the Fee Examiner in the Title III Cases.

15. This is ZC's first interim fee application, covering the period from June 27, 2017 through September 30, 2017. All services for which compensation is requested were performed for or on behalf of the Committee.

### III. JURISDICTION AND VENUE

16. This Court has jurisdiction over this matter pursuant to section 306(a) of PROMESA. Venue is proper in this Court pursuant to section 307(a) of PROMESA.

6

## IV. BILLING PRACTICES

17. ZC hereby seeks compensation in accordance with its customary practices and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Rules, Interim Compensation Order, and U.S. Trustee Guidelines.

18. ZC charges for its professional services based on actual hours expended to perform its services at standard hourly rates established for each employee, which hourly rates are subject to adjustment semi-annually. It is the customary practice of the Firm to bill clients for travel time consistent with the guidelines of the jurisdiction. Therefore, ZC has applied a 50% discount rate to non-working travel time billed. ZC records time entries in six-minute increments. ZC's fees reflect economies resulting from the use of paraprofessional and support personnel to develop schedules and analyses, input computer data, perform research, work on fee applications, and other activities necessary to the efficient administration of this case. ZC does not include support services in the Firm's overhead for the purpose of establishing billing rates. Billing rates are generally representative of prevailing market rates, as awarded by other courts in similar circumstances, based on the customary compensation charged by comparably skilled practitioners in bankruptcy and non-bankruptcy engagements.

19. ZC charges for reasonably incurred, out-of-pocket expenses, including, but not limited to, costs of reproduction at the lesser of $0.10 per page or cost and other direct expenses. Except in certain instances which may be listed in the expense detail attached hereto, all expenses are billed at actual cost, exclusive of amortization of the cost of any investment, equipment or capital outlay.

20. ZC maintains contemporaneous records of the time expended and out-of-pocket expenses incurred in support of its billings for services.

## V. COMPENSATION AND REIMBURSEMENT REQUEST

21. By this application ZC seeks interim allowance of compensation for professional services rendered to the Committee during the Application Period in the aggregate amount of $2,641,266.75[8] and expense reimbursements in the aggregate amount of $38,372.69. These amounts are allocated among the Commonwealth Title III Case, the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case as follows:

| Application Period | Fees | Expenses | Total |
| --- | --- | --- | --- |
| Commonwealth Title III Case | $2,548,868.25 | $38,372.69 | $2,587,240.94 |
| PREPA Title III Case | $76,893.00 | - | $76,893.00 |
| HTA Title III Case | $12,675.00 | - | $12,675.00 |
| ERS Title III Case | $2,830.50 | - | $2,830.50 |
| **Total** | **$2,641,266.75** | **$38,372.69** | **$2,679,639.44** |

22. The Committee has approved the amounts requested by ZC for services performed and expenses incurred in each of the monthly fee statements for the periods of (i) June 27, 2017 through July 31, 2017, (ii) August 1, 2017 through August 31, 2017, and (iii) September 1, 2017 through September 30, 2017 ("Monthly Fee Statements") submitted to, among others, the Oversight Board, Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), the Fee Examiner and the U.S. Trustee during the Application Period.

---

[8] For the avoidance of doubt, while ZC has agreed to reduce its fees by an amount equal to 20% of the total fees sought to be paid in connection with ZC's final fee application, the precise fees to be waived to attain the 20% reduction to be designated by ZC (in its sole discretion) in connection with the final fee application process.

8

23. As of the date of filing of this Application, ZC has not received payment for services rendered or expenses incurred during the Application Period.

24. For the period commencing June 27, 2017 through and including July 31, 2017, ZC requested payment of $854,002.20 in professional fees (representing 80% of the $1,067,502.75 in total fees incurred during that period) and $9,009.70 in expenses (representing 100% of total expenses incurred during that period).[9] For the period commencing on August 1, 2017 through and including August 31, 2017, ZC requested payment of $787,880.80 in professional fees (representing 80% of the $984,851.00 in total fees incurred during that period) and $26,379.03 in expenses (representing 100% of total expenses incurred during that period).[10] For the period commencing on September 1, 2017 through and including September 30, 2017, ZC requested payment of $471,130.40 in professional fees (representing 80% of the $588,913.00 in total fees incurred during that period) and $2,983.96 in expenses (representing 100% of total expenses incurred during that period).[11] In total, ZC has submitted Monthly Fee Statements, during the Application Period, for professional fees in the amount of $2,641,266.75 in professional fees incurred by ZC during the Application Period) and expenses incurred in the total amount of $38,372.69 (representing 100% of the expenses incurred by ZC during the Application Period). Accordingly, as of the date of this Application, the aggregate amount of $2,151,368.09, representing 80% of fees and 100% of expenses, remains unpaid.

---

[9] The deadline to object to ZC's July 2017 fee statement was October 9, 2017. No objections were received, and, in accordance with the Interim Compensation Order, the Debtors were required to pay 80% of the fees and 100% of expenses requested in the July 2017 fee statement by November 24, 2017. As of the filing of this Application, ZC has not received payment on account of the July 2017 fee statement.

[10] The deadline to object to ZC's August 2017 fee statement was October 31, 2017. No objections were received, and, in accordance with the Interim Compensation Order, the Debtors were required to pay 80% of the fees and 100% of expenses requested in the August 2017 fee statement by November 24, 2017. As of the filing of this Application, ZC has not received payment on account of the August 2017 fee statement.

[11] The deadline to object to ZC's September 2017 fee statement was December 15, 2017 at 4:00 p.m. (AST). No objections were received as of the filing of this Application.

## VI. SUMMARY OF PROFESSIONAL SERVICES RENDERED

25. Pursuant to the Local Rules and U.S. Trustee Guidelines, ZC classified all services performed for which compensation is sought into separate categories. ZC placed the services performed in the matter category that best relates to the services provided. Although certain services may relate to one or more matter category, services are only included in one matter category. The following paragraphs highlight key services rendered by ZC during the Application Period in certain matter categories where ZC has expended a considerable number of hours on behalf of the Committee, and are not meant to be a detailed description of all of the work performed by ZC.

| 1 | Planning & Coordination / Case Management | **Hours** | 117.6 |

In order to ensure that ZC professionals avoided duplication of efforts, ZC spent significant time developing work plans and allocating resources to address the numerous tasks in order to effectively and efficiently execute on the engagement strategy.

| 2 | Meetings and Communications with Committee Members and/or Professionals | **Hours** | 461.2 |

ZC spent considerable time preparing for and participating in conference calls and in-person meetings with the Creditors' Committee to provide updates with regard to the status of the cases. These calls and meetings included discussions pertaining to, among other things, the Commonwealth-COFINA dispute, the Commonwealth Certified Fiscal Plan, Rule 2004 Discovery Requests, Adversary Proceedings, mediation and general case strategy. In preparation for these calls and meetings, ZC created analyses and presentations that were provided to the members of the Committee.

| 3 | Communication with Interested Parties | **Hours** | 400.6 |

During the Application Period, ZC professionals attended and participated in meetings and conference calls with the Oversight Board, AAFAF, the mediation team, other official and ad hoc committees and their financial and legal advisors. These meetings and calls served as a basis to understand the positions of the various constituents involved in the case and to address questions raised by the Committee and its advisors.

10

| 5 | **Fiscal Plan and related Budgets Analysis and Assessment** | **Hours** | 1,490.7 |

A significant portion of the Application Period was spent reviewing the Commonwealth Certified Fiscal Plan and fiscal 2018 budget and the certified fiscal plans and fiscal year 2018 budgets for selected instrumentalities. ZC professionals spent time analyzing the macroeconomic assumptions and conducted research on key components of the fiscal plans, including healthcare, pensions, taxes, debt and general baseline projections. As an example, ZC professionals conducted on island interviews with healthcare professionals and insurance providers in an effort to gain a deeper understanding of the healthcare system in Puerto Rico and to assess the measures identified in the Commonwealth Certified Fiscal Plan. ZC professionals also spent time reviewing and analyzing historical Commonwealth budgets relative to the fiscal 2018 budget. In the aftermath of hurricanes Maria and Irma, ZC professionals also analyzed the hurricanes' potential effects on the Commonwealth Fiscal Plan and fiscal 2018 budgets based on effects of certain prior natural disasters in the U.S.

| 6 | **Financial and Other Diligence** | **Hours** | 826.0 |

Time spent researching and documenting relevant information regarding the Debtors' state of affairs from public and non-public sources, including, but not limited to, audited financial statements, operating reports, filings on the electronic court docket, press releases, the Oversight Board's website and documents and schedules provided in the virtual data room. During the Application Period, ZC professionals spent time educating themselves on the background of the case, including reviewing major previously conducted economic studies and analyses of operational metrics. ZC professionals also conducted significant research related to the comparables analysis and related to understanding the Commonwealth Certified Fiscal Plan and those of its instrumentalities. ZC professionals conducted significant research on FEMA and other government aid available in the aftermath of significant prior natural disasters as well as any aid announced for Puerto Rico at the time.

| 9 | **Debt Capacity** | **Hours** | 474.3 |

Analysis of the Commonwealth's debt capacity and proposed capital structure. Throughout the Application Period, ZC professionals reviewed issuance documents and term sheets of all Commonwealth debt, reviewed and developed debt models, and conducted analyses around the island's debt capacity, discussed findings with constituent advisors and both followed and reported on debt trading prices.

| 12 | **Litigation Support and Claims Analysis** | **Hours** | 92.3 |

Time spent supporting counsel to the Creditors' Committee in various causes of action including the Commonwealth-COFINA dispute where the Committee was appointed as the Commonwealth representative to litigate and/or settle the dispute.

11

| 19 | **PREPA Title III** | **Hours** | 120.2 |

During the Application Period, ZC reviewed and analyzed materials relating to the PREPA Title III Case, including the PREPA restructuring support agreement, publically available financial information and court filings. After the Committee was appointed as the official committee in the PREPA Title III Case on August 25, 2017, ZC participated in update calls with PREPA's legal and financial advisors, and obtained access to the PREPA virtual data room.

| 20 | **HTA Title III** | **Hours** | 24.8 |

During the Application Period, ZC reviewed and analyzed materials relating to the HTA Title III Case, including the certified fiscal plan and budget, other publically available financial information and flings on the electronic court docket.

| 21 | **ERS Title III** | **Hours** | 4.1 |

During the Application Period, ZC spent time developing an understanding of the Commonwealth's ERS and researching information related to ERS asset sales.

26. ZC believes that the fees and expenses requested are reasonable, and all amounts requested are for actual and necessary services rendered on behalf of the Committee.

27. ZC has agreed to reduce its fees by an amount equal to 20% of the total fees sought to be paid in connection with ZC's final fee application, with the precise fees to be waived to attain the 20% reduction to be designated by ZC (in its sole discretion) in connection with the final fee application process. For that reason, ZC is only seeking payment of 80% of its unpaid fees (to the extent such amount has not been paid before the hearing scheduled on this Application), but allowance of 100% of its fees.

28. ZC has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases. No promises have been received by ZC or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

## VII.  ALLOWANCE OF COMPENSATION

29. Section 316 provides for the compensation of professionals. Specifically, section 316 provides that a court may award a professional employed by a committee under section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." PROMESA § 316(a). Section 316 of PROMESA also sets forth the criteria for the award of such compensation and reimbursement:

(a) In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

   (i) the time spent on such services;

   (ii) the rates charged for such services;

   (iii) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;

   (iv) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

   (v) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and

   (vi) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title or title 11, United States Code.

For all of the foregoing reasons, ZC believes the amounts herein are reasonable in light of the nature, extent and value of the services to the Committee, the Debtors, and all parties in interest.

## VIII.  NOTICE

30. In accordance with the Interim Compensation Order, ZC will provide notice of this Application to (i) the attorneys for the Oversight Board, Proskauer Rose LLP and O'Neill &

13

Borges LLC; (ii) the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP; (iii) the Office of the United States Trustee for the District of Puerto Rico; (iv) the attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP and Casillas, Santiago & Torres LLC; (v) the attorneys for the Official Committee of Retired Employees, Jenner & Block LLP and Bennazar, Garcia & Milian, C.S.P; (vi) the Fee Examiner, Brady Williamson; and (vii) counsel to the Fee Examiner, Godfrey & Kahn, S.C. and EDGE Legal Strategies, PSC. In addition, the notice of hearing with respect to this Application will be served on all parties that have filed a notice of appearance in the Title III Cases.

*[Remainder of page intentionally left blank.]*

## IX. CONCLUSION

WHEREFORE, ZC respectfully requests entry of an order (i) allowing ZC's claims for fees and expenses for professional services rendered during the Application Period in the amount of $2,641,266.75 and expense reimbursements in the amount of $38,372.69; (ii) directing the Debtors' payment of the difference between the sum of 80% of the fees allowed plus 100% of the expenses allowed and the amounts previously paid by the Debtors pursuant to the Interim Compensation Order; and (iii) granting ZC such other and further relief as is just.

Dated: December 15, 2017

    New York, New York

_____
Carol Platon
Managing Director
ZOLFO COOPER, LLC
1114 Avenue of the Americas, 41st Floor
New York, NY 10036
(212) 561-4000

*Financial Advisor to the Committee*

15