**Estimated Hearing Date**: March 7, 2018 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: January 4, 2018 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

--------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

     Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

--------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

PUERTO RICO ELECTRIC POWER AUTHORITY,

     Debtor.

PROMESA
Title III

Case No. 17 BK 4780-LTS

**This Application relates only to
PREPA, and shall be filed in the
lead Case No. 17 BK 3283-LTS,
and PREPA's Title III Case
(Case No. 17 BK 4780-LTS)**

--------------------------------------------------------------x

## SUMMARY SHEET TO FIRST
## INTERIM FEE APPLICATION OF PROSKAUER
## ROSE LLP FOR COMPENSATION FOR SERVICES RENDERED AND
## REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS FOR THE
## FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,
## AS REPRESENTATIVE OF THE DEBTOR, PUERTO RICO ELECTRIC POWER
## AUTHORITY, FOR THE PERIOD JULY 2, 2017 THROUGH SEPTEMBER 30, 2017

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## Schedule 1

Summary of Fees and Expenses Paid to Date and the Balance of Fees and
Expenses for which Allowance and Payment is Requested for the Compensation Period

| | |
|---|---|
| Name of Applicant: | Proskauer Rose LLP ("Proskauer") |
| Retained to Provide Professional Services to: | The Financial Oversight and Management Board for Puerto Rico as Representative of the Debtor Pursuant to PROMESA Section 315(b) |
| Period for Which Compensation is Sought: | July 2, 2017 through September 30, 2017 (the "Compensation Period") |
| Amount of Fees Sought: | $1,099,888.00 |
| Amount of Expense Reimbursement Sought: | $67,275.25 |
| Total Fees and Expenses Sought for Compensation Period: | $1,167,163.25 |

This is a(n)   ____ Monthly   _X_ Interim __ Final Fee Application

This is the first interim fee application filed by Proskauer Rose LLP in the Debtor's Title III
case.  The total time expended in connection with the preparation of this interim application is
not included herein, as additional time was expended after the Compensation Period.

**First Interim Compensation Period**
**July 2, 2017 – September 30, 2017**

| Statement and Date Served | Period Covered | Total Fees Incurred | Total Fees Requested (90%) | Expenses Requested | Fees Paid (90%) | Expenses Paid |
|---|---|---|---|---|---|---|
| **First** 9/7/17 | 7/2/2017 to 7/31/2017 | $454,695.00 | $409,225.50 | $41,844.55 | $409,225.50 | $41,844.55 |
| **Second** 9/21/17 | 8/1/2017 to 8/31/2017 | $342,475.00 | $308,227.50 | $11,022.00 | $308,227.50 | $11,022.00 |
| **Third** 10/6/17 | 9/1/2017 to 9/30/2017 | $302,718.00 | $272,446.20 | $14,408.70 | $272,446.20 | $14,408.70 |
| **Totals:** | | **$1,099,888.00** | **$989,899.20** | **$67,275.25** | **$989,899.20** | **$67,275.25** |

Additional information required pursuant to the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee:

| | |
|---|---|
| Blended Rate in This Application for All Attorneys | $730.00[2] |
| Blended Rate in This Application for All Timekeepers | $708.69 |
| Compensation Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed | $989,899.20 |
| Expenses Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed | $67,275.25 |
| Number of Professionals Included in this Application[3] | 48 |
| Number of Professionals in This Application NOT Included in Staffing Plan Approved by Client[4] | N/A |
| If Applicable, the Difference Between Fees Budgeted and Compensation Sought for This Application Period | N/A |
| Number of Professionals Billing Fewer than 15 Hours to the Case During This Application Period | 29 |
| Any Rates Higher than Those Approved or Disclosed when Retained?  If yes, calculate and disclose the total compensation sought in this Application using the rates originally disclosed at retention. | No. |

---

[2]  This rate excludes non-attorneys (*e.g.*, paralegals).

[3]  As used herein, the term "professionals" includes all timekeepers.

[4]  As noted in the budget Staffing Plan, the number of timekeepers expected to work on the matter during the Compensation Period was 52, and thus the actual number of timekeepers was 4 fewer than anticipated.

**Schedule 2**

**Summary of Professional Services Rendered by
Timekeeper for the Period July 2, 2017 through September 30, 2017**

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[5] | TOTAL HOURS BILLED (in this application) | FEES BILLED |
|---|---|---|---|---|
| *PARTNERS* | | | | |
| Ashton, Ann M. | Litigation – 1980 | $730 | 160.70 | $117,311.00 |
| Bienenstock, Martin J. | BSGR&B[6] – 1978 | $730 | 58.00 | $42,340.00 |
| Bobroff, Bradley R. | Litigation – 2004 | $730 | 1.10 | $803.00 |
| Brenner, Guy | Labor & Employment – 2002 | $730 | 2.40 | $1,752.00 |
| Faust, Scott A. | Labor & Employment – 1985 | $730 | 8.70 | $6,351.00 |
| Ferrara, Ralph C. | Litigation – 1970 | $730 | 51.10 | $37,303.00 |
| Firestein, Michael A. | Litigation – 1983 | $730 | 1.20 | $876.00 |
| Harris, Mark | Litigation – 1992 | $730 | 6.00 | $4,380.00 |
| Levitan, Jeffrey W. | BSGR&B – 1983 | $730 | 91.90 | $67,087.00 |
| Mungovan, Timothy W. | Litigation – 1994 | $730 | 28.00 | $20,440.00 |

---

[5] In the ordinary course of business, the standard hourly billing rates for Proskauer professionals and paraprofessionals are adjusted annually as of the commencement of the firm's fiscal year on November 1 to reflect economic and other conditions and apply to matters in and out of bankruptcy cases. Pursuant to the Appendix B Guidelines, "rate increases" "exclude annual 'step increases' historically awarded by the firm in the ordinary course to attorneys throughout the firm due to advancing seniority and promotion." Appendix B Guidelines ¶ B.2.d, n.2. Annual step increases are awarded by Proskauer in the ordinary course throughout the firm on May 1. Proskauer's November 25, 2016 engagement letter with the Oversight Board (a copy of which is available on the Oversight Board's website at https://juntasupervision.pr.gov/wp-content/uploads/wpfd/50/58b6126be2546.pdf) (the "Engagement Letter") provides that Proskauer's rates will be increased on January 1 (rather than on November 1) by the lower of the percentage rate increase announced as of November 1 and four percent. Because (as further described in footnote 5 of the Application) Proskauer's fees under the Engagement Letter are a blended rate (currently $730) for all attorneys and (currently $250) for all other professionals, no annual step increases will be applicable to the rates charged in this matter.

[6] Business Solutions, Governance, Restructuring & Bankruptcy.

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[5] | TOTAL HOURS BILLED (in this application) | FEES BILLED |
|---|---|---|---|---|
| Possinger, Paul V. | BSGR&B – 1993 | $730 | 122.40 | $89,352.00 |
| Rappaport, Lary Alan | Litigation – 1979 | $730 | 0.70 | $511.00 |
| Ratner, Stephen L. | Litigation – 1975 | $730 | 12.30 | $8,979.00 |
| Richman, Jonathan E. | Litigation – 1984 | $730 | 114.40 | $83,512.00 |
| Rosen, Brian S. | BSGR&B – 1983 | $730 | 0.60 | $438.00 |
| Weise, Steven O. | Corporate – 1974 | $730 | 16.40 | $11,972.00 |
| **Total for Partners:** | | | **675.90** | **$493,407.00** |
| | | | | |
| *SENIOR COUNSEL* | | | | |
| Febus, Chantel L. | Litigation – 2003 | $730 | 26.90 | $19,637.00 |
| **Total for Senior Counsel:** | | | **26.90** | **$19,637.00** |
| *ASSOCIATES* | | | | |
| Barak, Ehud | BSGR&B – 2010 | $730 | 117.50 | $85,775.00 |
| Curtis, Kelly M. | Litigation – 2016 | $730 | 5.80 | $4,234.00 |
| Dalsen, William D. | Litigation – 2011 | $730 | 10.30 | $7,519.00 |
| Desatnik, Daniel | BSGR&B – 2016 | $730 | 13.90 | $10,147.00 |
| Esses, Joshua A. | Corporate – 2017 | $730 | 1.60 | $1,168.00 |
| Indelicato, Vincent | BSGR&B – 2012 | $730 | 2.70 | $1,971.00 |
| Kim, Mee R. | Litigation – 2016 | $730 | 51.50 | $37,595.00 |
| Ma, Steve | BSGR&B – 2010 | $730 | 14.10 | $10,293.00 |
| Morris, Matthew J. | Litigation – 2000 | $730 | 70.20 | $51,246.00 |
| Pang, Evelyn | Litigation – 2017 | $730 | 2.90 | $2,117.00 |
| Roberts, John E. | Litigation – 2009 | $730 | 157.50 | $114,975.00 |

6

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[5] | TOTAL HOURS BILLED (in this application) | FEES BILLED |
|---|---|---|---|---|
| Roche, Jennifer L. | Litigation – 2007 | $730 | 0.30 | $219.00 |
| Sivitz, Rebecca J. | Labor & Employment – 2012 | $730 | 6.60 | $4,818.00 |
| Stafford, Laura | Litigation – 2012 | $730 | 30.80 | $22,484.00 |
| Teng, Pengtao | Corporate  – 2017 | $730 | 3.00 | $2,190.00 |
| Theodoridis, Chris | BSGR&B – 2011 | $730 | 148.70 | $108,551.00 |
| Webb, Jeramy D. | BSGR&B – 2015 | $730 | 0.30 | $219.00 |
| Werb, Daniel J. | Litigation – 2015 | $730 | 3.40 | $2,482.00 |
| Zajac, Jared | BSGR&B – 2009 | $730 | 122.40 | $89,352.00 |
| Zerjal, Maja | BSGR&B – 2012 | $730 | 16.80 | $12,264.00 |
| **Total for Associates:** | | | **780.30** | **$569,619.00** |
| *LAW CLERKS* | | | | |
| Stevens, Elliot R. | BSGR&B Law Clerk  – N/A | $250 | 23.40 | $5,850.00 |
| Teng, Pengtao | Corporate Law Clerk  – N/A | $250 | 2.30 | $575.00 |
| **Total for Law Clerks:** | | | **25.70** | **$6,425.00** |
| *PARAPROFESSIONALS* | | | | |
| Giddens, Magali | BSGR&B Paralegal – N/A | $250 | 6.00 | $1,500.00 |
| Petrov, Natasha | BSGR&B Paralegal – N/A | $250 | 0.50 | $125.00 |
| Quinn, Casey | Corporate Paralegal – N/A | $250 | 1.90 | $475.00 |
| Reed, William A. | Litigation Paralegal – N/A | $250 | 0.70 | $175.00 |
| Rodriguez, Evelyn | BSGR&B Paralegal – N/A | $250 | 9.40 | $2,350.00 |
| Ross, Sharma I. | Litigation Paralegal – N/A | $250 | 1.80 | $450.00 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[5] | TOTAL HOURS BILLED (in this application) | FEES BILLED |
|---|---|---|---|---|
| Schaefer, Shealeen E. | Labor & Employment Paralegal – N/A | $250 | 2.10 | $525.00 |
| Silvestro, Lawrence T. | Litigation Paralegal – N/A | $250 | 18.50 | $4,625.00 |
| Williams, Selena F. | Litigation Paralegal – N/A | $250 | 2.30 | $575.00 |
| **Totals for Paraprofessionals:** | | | **43.20** | **$10,800.00** |

| PROFESSIONALS | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|
| **Attorneys, Law Clerks,  and Paraprofessional Totals:** | **1,552.00** | **$1,099,888.00** |

8

**Schedule 3**

**Summary of Professional Services Rendered by Project
Category for the Period July 2, 2017 through September 30, 2017**

| PROJECT CATEGORY | DESCRIPTION | HOURS | FEES SOUGHT |
|---|---|---|---|
| 201 | Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants | 23.30 | $17,009.00 |
| 202 | Legal Research | 155.80 | $102,982.00 |
| 203 | Hearings and Other Non-Filed Communications with the Court | 10.00 | $7,300.00 |
| 204 | Communications with Claimholders | 102.50 | $74,825.00 |
| 205 | Communications with the Commonwealth, its Instrumentalities or Representatives of the Commonwealth or its Instrumentalities | 106.00 | $77,380.00 |
| 206 | Documents Filed on Behalf of the Board | 369.20 | $266,828.00 |
| 207 | Non-Board Court Filings | 93.00 | $67,890.00 |
| 208 | Stay Matters | 526.20 | $380,622.00 |
| 209 | Adversary Proceeding | 10.10 | $7,373.00 |
| 210 | Analysis and Strategy | 100.30 | $73,219.00 |
| 211 | Non-Working Travel Time | 0.00 | $0.00 |
| 212 | General Administration | 33.50 | $9,815.00 |
| 215 | Plan of Adjustment and Disclosure Statement | 20.40 | $13,644.00 |
| 218 | Employment and Fee Applications | 1.60 | $928.00 |
| 219 | Appeal | 0.10 | $73.00 |
| | **Total for All Project Categories:** | **1,552.00** | **$1,099,888.00** |

## Schedule 4

**Summary of Actual and Necessary Expenses Incurred
for the Period July 2, 2017 through September 30, 2017**

| EXPENSE CATEGORY | AMOUNTS |
|---|---|
| Reproduction (In House)/Copying and Printing | $1,765.20 |
| Printing, Binding, etc. | $7.30 |
| Lexis | $17,119.75 |
| Westlaw | $48,383.00 |
| **Total:** | **$67,275.25** |

**Schedule 5**

**Blended Rate Chart**

| CATEGORY OF TIMEKEEPER | BLENDED HOURLY RATE | |
| --- | --- | --- |
| | **BILLED**<br><br>**Domestic offices in which timekeepers collectively billed at least 10% of the hours to the bankruptcy case during the application period, for preceding year, *excluding bankruptcy*** | **BILLED**<br><br>**In this fee application** |
| Partners | $1,085 | $730 |
| Senior Counsel | $909 | $730 |
| Associates (7 or more years since first admission) | $841 | $730 |
| Associates (4-6 years since first admission) | $748 | $730 |
| Associates (1-3 years since first admission) | $612 | $730 |
| Law Clerks | $454 | $250 |
| Paraprofessionals | $268 | $250 |
| Other | $410 | $250 |
| **All Timekeepers Aggregated:** | **$785** | **$708.69** |

Estimated Hearing Date: March 7, 2018 at 9:30 a.m. (Atlantic Standard Time)
Objection Deadline: January 4, 2018 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

-----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

      Debtors.[1]

-----------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

-----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

PUERTO RICO ELECTRIC POWER AUTHORITY,

      Debtor.

-----------------------------------------------------------------x

PROMESA
Title III

Case No. 17 BK 4780-LTS

**This Application relates only to PREPA, and shall be filed in the lead Case No. 17 BK 3283-LTS, and PREPA's Title III Case (Case No. 17 BK 4780-LTS)**

# FIRST INTERIM FEE APPLICATION OF PROSKAUER ROSE LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS FOR THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE DEBTOR, PUERTO RICO ELECTRIC POWER AUTHORITY, FOR THE PERIOD JULY 2, 2017 THROUGH SEPTEMBER 30, 2017

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Proskauer Rose LLP ("Proskauer"), attorneys for the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") as representative of the Puerto Rico Electric Power Authority (the "Debtor" or "PREPA") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] hereby submits this first interim application (the "Application"),[3] pursuant to PROMESA sections 316 and 317, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),[4] Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee, 28 CFR Part 58, Appendix B (the "Guidelines"), and in accordance with this Court's *First Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 1715] (the "Interim Compensation Order"), for (a) allowance of interim compensation for professional services performed by Proskauer for the period commencing July 2, 2017 through and including September 30, 2017 (the "Compensation Period") in the amount of $1,099,888.00, and (b) reimbursement of its actual and necessary expenses in the amount of $67,275.25 incurred during the Compensation Period.  In support of the Application, Proskauer respectfully avers as follows:

---

[2]  PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[3]  The Application solely pertains to fees and expenses incurred with respect to the Debtor's Title III case and does not address fees or expenses incurred with respect to other services performed for the Oversight Board (a) on behalf of other Title III debtors, or (b) outside the Title III process.

[4]  The Bankruptcy Rules are made applicable to the Debtor's Title III case pursuant to PROMESA section 310.

**Jurisdiction**

1.      The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Application pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

3.      The statutory predicates for the relief requested herein are PROMESA sections 316 and 317.

**Background**

4.      On June 30, 2016, the Oversight Board was established under PROMESA section 101(b).  On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

5.      Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this subchapter is the representative of the debtor" and "may take any action necessary on behalf of the debtor to prosecute the case of the debtor, including filing a petition under section [304] of [PROMESA] . . . or otherwise generally submitting filings in relation to the case with the court." 48 U.S.C. § 2175.

6.      On September 30, 2016, the Oversight Board designated the Debtor as a "covered entity" under PROMESA section 101(d).

7.      On July 2, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Debtor pursuant to section 304(a) of PROMESA, commencing a case under title III thereof (the "PREPA's Title III Case"). Pursuant to PROMESA section 315(b), the Oversight Board is the Debtor's representative in PREPA's Title III Case.

8.    Background information regarding the Debtor and the commencement of PREPA's Title III Case is contained in the *Notice of Filing of Statement of Oversight Board Regarding PREPA's Title III Case* [17 BK 4780-LTS , ECF No. 2].

9.    On September 7, 2017, Proskauer served on the Notice Parties (as defined in the Interim Compensation Order) its first monthly fee statement for the period July 2, 2017 through July 31, 2017. On September 21, 2017, Proskauer served on the Notice Parties its second monthly fee statement for the period August 1, 2017 through August 31, 2017.  On October 6, 2017, Proskauer served on the Notice Parties its third monthly fee statement for the period September 1, 2017 through September 30, 2017.

10.    In accordance with the Interim Compensation Order and as reflected in the foregoing summary, Proskauer has requested an aggregate payment of $1,057,174.45 (payment of ninety percent (90%) of the compensation sought and reimbursement of one-hundred percent (100%) of expenses incurred) and has received $1,057,174.45 with respect to fee statements filed during the Compensation Period.[5]

**Summary of Services Rendered by Proskauer During the Compensation Period**

11.    The instant application is Proskauer's first for interim compensation in PREPA's Title III Case. Proskauer has also filed its first interim compensation applications in the other Title III cases filed on behalf of the Commonwealth and certain of its other instrumentalities. In

---

[5]  Proskauer's fees are based on the provisions in its Engagement Letter.  As set out in the Engagement Letter, Proskauer and the Oversight Board have agreed on three formulae for calculating the rates applicable to Proskauer's services.  As required by the Engagement Letter, during the Compensation Period, Proskauer charged fees for its services under Formula 1, which provides for a blended rate of $730 per hour for all attorneys and $250 per hour for all other professionals.  The Engagement Letter also provides that, for the period from November 25, 2016 through December 31, 2017, the Oversight Board may retroactively choose one of the other two formulae if a lower fee amount would be calculated under such formula.  At the Oversight Board's request, Proskauer retroactively applied each of the other two formulae to its fees for the Compensation Period.  Application of Formula 2 would result in fees of $1,217,805.00 and Formula 3 would result in fees of $1,440,790.00, while, as noted in paragraph 13 of this Application, Formula 1 resulted in aggregate fees during the Compensation Period of $1,099,888.00.  Thus, the Oversight Board chose Formula 1 to govern its fees for the Compensation Period.

the months since its selection as attorneys for the Oversight Board, Proskauer has worked on

behalf of the Oversight Board as PREPA's representative to transition it, the Commonwealth and

the other debtor instrumentalities to this Court-supervised restructuring process, defend their

rights and interests in litigation attacking their fiscal plans and their restructuring efforts in

accordance with PROMESA, and engage with creditors and other stakeholders on alternatives for

Title III plans of adjustment.  Proskauer's efforts resulted in the formulation and pursuit of legal

strategies designed to further the Oversight Board's mandate under PROMESA of returning the

Commonwealth and its instrumentalities to fiscal responsibility and access to capital markets.

Proskauer's notable undertakings in furtherance of the Oversight Board's mandate include:

- Commencement of Title III proceedings on behalf of PREPA, the Commonwealth and certain of its other instrumentalities to enable them to avail themselves of Title III protections while maintaining normal operations. More specifically, Proskauer (*i*) prepared appropriate first day pleadings, (*ii*) prepared  accessible and comprehensive background and messaging materials to inform the Commonwealth's residents and stakeholders of the implications of the restructuring process, (*iii*) worked with stakeholders to establish a process whereby appropriate creditor and retiree committees were formed, constituted, and brought up to speed, (*iv*)  provided a process pursuant to which stakeholders and residents can obtain proper noticing and public access to information regarding the Title III cases and (*v*) developed numerous protocols to facilitate the smooth administration of the Title III cases, including procedures for case management and claim and bar dates.

- Negotiation and development of Commonwealth-COFINA dispute procedures to provide competing stakeholders with a comprehensive, fair, and efficient structure for resolving the Commonwealth-COFINA dispute, which is a gating issue in the Commonwealth's restructuring.  Proskauer's efforts resulted in the appointment of agents for the Commonwealth and COFINA, and the commencement of an adversary proceeding that is positioned to expeditiously determine significant legal rights and ultimately define the parameters for settlement negotiations.

- Reduction of burdensome or duplicative discovery and litigation by contesting the scope of numerous Rule 2004 discovery motions where the information sought would result in a substantial and undue burden on scarce Commonwealth resources. Proskauer has worked with the Commonwealth, its representatives, and its advisors in making available relevant documents, financial information, and analyses.  Proskauer also worked to ensure the Oversight Board's mandate under PROMESA section 104(o) to conduct an investigation into the disclosure and selling practices of Puerto Rico bonds was not encroached on by other parties in interest.  Finally, Proskauer has

contested attempts by certain parties to inappropriately intervene in certain actions or to broaden the scope of certain actions.

- Proskauer has worked with the Court-appointed mediation team to engage with stakeholders in mediation.

12.    In addition, one of Proskauer's primary roles has been to defend the Title III Debtors' interests in numerous adversary proceedings and contested matters brought by bondholders and monoline insurers.  Such matters have involved, among other things, attempts to nullify the Commonwealth's certified fiscal plan and attempts to force payment of scarce revenues to stakeholders for debt service in derogation of the Oversight Board's power to propose a plan of adjustment that will serve the mandates of PROMESA and, ultimately, the interests of Puerto Rico, its residents, and all of its creditors.  Defense of these matters required Proskauer to research, develop and present numerous legal issues, many of first impression.  The disposition of these issues will shape the landscape upon which settlements can be worked out and plans of adjustment can be formulated.    Among the major litigation matters in which Proskauer represented the Title III Debtors during the Compensation Period are the following:

- <u>Assured Guaranty Corp., et al. v. Commonwealth of Puerto Rico, et al.</u>, Adv. Proc. No. 17-00125, in which Proskauer fully briefed a motion to dismiss claims by bondholders and insurers (holding a majority of the over $17 billion in general obligation ("<u>GO</u>") and GO-Guaranteed debt) seeking to declare the Commonwealth's certified fiscal plan illegal and unconstitutional, and to enjoin the proposal of a plan of adjustment. Plaintiffs voluntarily dismissed this action shortly before oral argument.

- <u>Bank of New York Mellon v. COFINA, et al.</u>, Adv. Proc. No. 17-00133, in which Proskauer defended certain of COFINA's interests in an interpleader action by the COFINA fiscal agent seeking to determine entitlement to COFINA funds in the agent's possession.  Proskauer responded to multiple motions for summary judgment to protect the interests of the Commonwealth and COFINA against senior bondholders' attempts to accelerate the bonds.

- <u>Peaje Investment, LLC v. Puerto Rico Highways & Trans. Authority, et al.</u>, Adv. Proc. No. 17-00151/152, in which Proskauer successfully defended a motion by a holder of $64 million in 1968 HTA bonds seeking an injunction against HTA's use of revenues and requesting adequate protection.  Plaintiff's motion and request – which were the subject of factual and expert discovery, a full evidentiary hearing and extensive briefing

– were denied by the Court, which found that the plaintiff failed to show that it had a substantial likelihood of prevailing on the merits regarding its claim of a statutory lien.

- *Assured Guaranty Corp., et al. v. Commonwealth of Puerto Rico, et al.*, Adv. Proc. No. 17-00155/156, in which Proskauer has fully briefed and argued a motion to dismiss an action by HTA bond insurers to require payment of postpetition debt service from critical HTA revenues under sections 922 and 928 of the Bankruptcy Code. A ruling on the motion is pending.

- *Ambac Assurance Corp. v. Commonwealth of Puerto Rico, et al.*, Adv. Proc. No. 17-00159, in which Proskauer has fully briefed and argued a motion to dismiss an action by a HTA bond insurer (*i*) claiming unconstitutional takings and due process violations, (*ii*) requiring payment of postpetition debt service from critical revenues of HTA under sections 922 and 928 of the Bankruptcy Code and (*iii*) seeking to compel payment of clawback revenues to HTA for the bondholders' benefit. A ruling on the motion is pending.

- *ACP Master LTD., et al. v. Commonwealth of Puerto Rico, et al.*, Adv. Proc. No. 17-00189, in which Proskauer has fully briefed and argued a motion to dismiss an action by holders of GO bond debt to obtain declaratory and injunctive relief restricting the Commonwealth's use of essential clawback and property tax revenues. A ruling on the motion is pending.

- *Asociación de Profesoras & Profesores del Recinto Universitario de Mayagüez, Inc. ("APRUM") v. Commonwealth of Puerto Rico, et al.*, Adv. Proc. No. 17-197, in which Proskauer has defended claims against the Commonwealth by APRUM, an organization purporting to represent professors employed on the Mayaguez campus ("RUM") of the University of Puerto Rico ("UPR"), that the fiscal plans for the Commonwealth and UPR do not allocate sufficient resources to RUM, and accordingly are unconstitutional, *ultra vires*, and injurious to the professorate.

- *Employees Ret. Sys. of the Gov't of the Commonwealth of Puerto Rico v. Altair Global Credit Opportunities Fund (A), LLC, et al.*, Adv. Proc. No. 17-00213, in which Proskauer has engaged in extensive discovery and fully briefed and argued a motion for summary judgment on behalf of the Debtor ERS seeking declarations that the liens asserted by certain holders of its approximately $3 billion in bond debt were not properly perfected and in any event do not extend to certain material assets. A ruling on the motion is pending.

- *Altair Global Credit Opportunities Fund (A), LLC, et al. v. Commonwealth of Puerto Rico, et al.*, Adv. Proc. No. 17-00219/220, in which Proskauer has filed a motion to dismiss an action by ERS bondholders asserting that the Commonwealth efforts to preserve pension benefits for over 200,000 participants in the public pension system were unconstitutional and resulted in stay violations and unjust enrichment. Briefing on the motion to dismiss is ongoing.

- *UTIER v. Puerto Rico Elec. Power Auth., et al.*, Adv. Proc. No. 17-00228, in which Proskauer is defending an action by PREPA's largest union seeking a declaration that PROMESA violates the Appointments Clause of the U.S. Constitution and that PREPA Title III petition is thus null and void. Briefing in this action, which has been

consolidated with the motion to dismiss the Commonwealth Title III case brought by Aurelius Capital Partners (described below), is ongoing.

- <u>UTIER v. Puerto Rico Elec. Power Auth., et al</u>., Adv. Proc. No. 17-00229, in which Proskauer has filed a motion to dismiss an action by PREPA's largest union seeking declarations that certain prepetition actions of PREPA to modify collective bargaining agreements constituted unconstitutional takings. Briefing on the motion to dismiss is ongoing.

- <u>Assured Guaranty Corp., et al. v. Puerto Rico Elec. & Power Auth., et al</u>., Adv. Proc. No. 17-00232, in which Proskauer fully briefed a motion to dismiss claims by PREPA bondholders and insurers to require payment of postpetition debt service under sections 922 and 928 of the Bankruptcy Code. Plaintiffs voluntarily dismissed the action in the wake of Hurricane Maria a few days before the motion was due.

- <u>Official Committee of Unsecured Creditors v. Whyte</u>, Adv. Proc. No. 17-00257, in which Proskauer developed and negotiated the protocol under which the pivotal issue addressing the respective rights of the Commonwealth and COFINA in all sales and use taxes levied in Puerto Rico is being litigated among the majority of the principal stakeholders in the Commonwealth and COFINA Title III cases.

- <u>Motion of ERS Bondholders for Stay Relief, In re The Financial Oversight and Management Board for Puerto Rico, as representative of The Employees Retirement System of the Government of Puerto Rico,</u> Case No. 17-3566, Dkt. No. 26, in which Proskauer briefed and argued in opposition to a motion by ERS bondholders to compel ERS to continue debt service on $3 billion of ERS bonds, to the detriment of retirees in the public pension system. Proskauer was able to negotiate a resolution with the ERS bondholders that led to the lien challenge adversary proceeding brought by ERS, Adv. Pro. 17-213 described above.

- <u>Motion of PREPA Bondholders for Stay Relief, In re The Financial Oversight and Management Board for Puerto Rico, as representative of Puerto Rico Electric Power Authority,</u> Case No. 17-4780, Dkt. No. 74, in which Proskauer successfully opposed a motion by PREPA bondholders and bond insurers to lift the automatic stay to allow them to seek the appointment of a receiver.

- <u>Motions of Aurelius Capital Partners for Stay Relief and Dismissal of Commonwealth's Title III Case, In re The Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico,</u> Case No. 17-3283, Dkt. Nos. 913, 914, in which Proskauer serves as co-counsel with Munger Tolles & Olson in opposing motions by a holder of approximately $440 million in GO bonds asserting that PROMESA violates the Appointments Clause of the U.S. Constitution and that the Commonwealth Title III case thus must be dismissed. Briefing on these motions is ongoing.

13.     In summary, as part of Proskauer's involvement in the above matters, Proskauer

(among other things) (a) prepared and filed numerous pleadings and briefs in litigation matters;

(b) participated in and prepared for hearings that included both contested and uncontested matters; (c) researched jurisprudence regarding proposed plan issues, including bankruptcy and U.S. Constitutional issues; and (d) performed a myriad of other professional services.  These services are further described in this Application and reflected in **Schedule 3** and **Exhibit B**.

14.     By this Application, Proskauer seeks an allowance, pursuant to the Interim Compensation Order, of **$1,099,888.00** as compensation for professional services rendered and **$67,275.25** as reimbursement for actual and necessary expenses incurred during the Compensation Period in connection with such professional services.  Notably, the Application reflects aggregate voluntary reductions made during the Compensation Period to Proskauer's request for compensation and reimbursement of expenses in the amount of **$13,809.00** and **$1,185.00**, respectively, , on top of the sizeable discount Proskauer embedded in its engagement letter with the Oversight Board, in which it fixed hourly rates at levels providing up to 45% discounts on the hourly rates of its most senior partners.

15.     Proskauer maintains computerized records of the time spent by all Proskauer attorneys and paraprofessionals in connection with the firm's representation of the Oversight Board as representative of the Debtor.  Subject to redaction where necessary to preserve the attorney-client privilege and the confidentiality of attorney work product, copies of the computerized records with respect to the Oversight Board as representative of the Debtor for the Compensation Period are attached hereto as **Exhibit B**.[6]

16.     Proskauer's budget and staffing plan for the Compensation Period with respect to the Oversight Board as representative of the Debtor is attached hereto as **Exhibit D**.

---

[6]  The computerized records attached as Exhibit B contain *de minimis* changes to select narratives as compared to the monthly fee statements served by Proskauer pursuant to the Interim Compensation Order.  For the avoidance of doubt, these changes did not result in any adjustments to the amount of Proskauer's fees during the Compensation Period.

17.     Proskauer's  summary  of  itemized  time  records  for  professionals  and paraprofessionals performing services for the Oversight Board with respect to the Debtor during the Compensation Period is set forth on **Schedule 1**.  During the Compensation Period, Proskauer billed the Oversight Board for time expended by attorneys based on a set rate of $730 per hour. The professional services performed by Proskauer on behalf of the Oversight Board as representative of the Debtor during the Compensation Period required an aggregate expenditure of 702.80 recorded hours by Proskauer's partners and counsel; 780.30 recorded hours by associates; 25.70 recorded hours by law clerks;[7] and 43.20 recorded hours by paraprofessionals.  As required by the Guidelines, **Exhibit C** attached hereto shows, for each Project Category (as defined below), a list of professionals who performed services in each Project Category and the aggregate recorded hours each professional incurred.   In accordance with Guidelines paragraph C.3, Proskauer's blended hourly rates are disclosed in **Schedules 1 and 5**.  The fees charged by Proskauer, as set forth in **Schedule 2**, are in accordance with the firm's existing billing rates and procedures in effect during the Compensation Period, as revised to reflect Proskauer's arrangement with the Oversight Board.  The rates Proskauer charges for the services rendered by its professionals and paraprofessionals in these Title III cases have been revised to reflect the unique circumstances of PROMESA and the position of the Commonwealth of Puerto Rico, its instrumentalities, and its residents.  **Schedules 2 and 3** show that the rates Proskauer charges, on an hourly basis, are below the competitive market rates for bankruptcy and non-bankruptcy matters, charged by the other professionals representing the Commonwealth and statutory committees.   No Proskauer rates are increased as a result of the geographic location of a bankruptcy case.

---

[7]  Law clerks are incoming attorneys who have not yet been admitted or sworn into the bar.  Once admitted and sworn into the bar, the timing of which varies on an individual- and jurisdictional-basis, such individuals are reclassified and billed as associates beginning on the first day of the month following such admission.

18.      All entries itemized in Proskauer's time records comply with the requirements set forth in the Guidelines, including, without limitation, (a) the utilization of project categories (each a "Project Category"), (b) a description of each activity or service that each individual performed, and (c) the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services.   Each Project Category is organized in accordance with Guidelines paragraph C.8.b.  If a Project Category does not appear in a particular application, Proskauer did not bill time or expenses for that Project Category during the Compensation Period, but may bill time for that Project Category in the future.

**Applicant Statement In Compliance with Appendix B Guidelines C.5**

19.      The following answers are provided in response to the questions set forth in Guidelines paragraph C.5:

| **Question**: | Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain. |
|---|---|
| Response: | Yes.  As explained in more detail in footnote 5 to this Application, in connection with its representation of the Oversight Board, both inside and outside of Title III, Proskauer agreed to a custom fee arrangement, whereby partners, counsel, and associates are billed at $730 per hour, and all other staff are billed at $250 per hour. |
| **Question**: | If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? |
| Response: | The total fees sought in this fee application did not exceed total budgeted fees by greater than 10%. |
| **Question**: | Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| **Question**: | Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records |

that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.).  If so, please quantify by hours and fees.

Response:   No.

**Question**:   Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees.

Response:   No, such time was not billed.

**Question**:   If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

Response:   The Application does not include any rate increases since retention.

## Hearings and Conferences

20.    Proskauer attorneys attended hearings and participated in numerous teleconferences with the Oversight Board, the Board's other professional advisors, AAFAF and its professional advisors, the Unsecured Creditors' Committee and its professional advisors, and the Debtor's creditors and their professional advisors.  Proskauer attorneys also participated in internal meetings and conferences.  The Debtor's Title III case poses complex, often interrelated issues that frequently require the attendance of more than one professional at hearings and conferences.  This facilitates the sharing of information among professionals handling different but related work streams and possessing different areas of expertise that is brought to bear on a multitude of issues.  Proskauer has determined that having more than one Proskauer attorney participate in hearings and conferences when appropriate (telephonic and/or in-person) reduced the need for internal de-briefing meetings and therefore allowed Proskauer to represent the Debtor in a more cost-efficient manner that avoided unnecessary duplication and expense.  Proskauer limits multiple participation to the most critical work streams for which attendance by more than

one professional is actually necessary to provide efficient and appropriate representation for the Debtor.

### Professionals Billing Fewer Than Five Hours per Month

21.     The following chart indicates, solely with respect to the Debtor's Title III case, (a) professionals who billed fewer than five hours per month, (b) the months for which fewer than five hours were billed by the professional, and (c) an explanation of why the use of such professional was reasonable and necessary.  As a general matter, because of the size and complexity of the Debtor's Title III case, it was reasonable and necessary to consult with professionals with specific practice area expertise to assist Proskauer's core restructuring professionals in providing the Debtor with necessary and beneficial professional services.[8]

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
| --- | --- | --- |
| Bobroff,  Bradley R. | August | Mr. Bobroff is a partner in Proskauer's litigation department who analyzed and advised on the strategy related to adversary proceedings. |
| Brenner,  Guy | August | Mr. Brenner is a partner in Proskauer's labor & employment department who analyzed and advised on the strategy related to collective bargaining issues. |
| Desatnik,  Daniel | July, August | Mr. Desatnik is an associate in Proskauer's BSGR&B group who assisted with the Debtor's opposition to requests for relief from creditors and parties in interest. |
| Esses,  Joshua A. | July, August | Mr. Esses is an associate in Proskauer's BSGR&B group who assisted with contract issues and with the drafting of the Debtor's interim compensation procedures. |

---

[8]  Many of the professionals listed below have billed substantially more time on other matters related to Proskauer's representation of the Oversight Board, including matters within and without Title III of PROMESA.

13

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Faust,  Scott A. | August, September | Mr. Faust is a partner in Proskauer's labor & employment department who analyzed and advised on the strategy related to collective bargaining issues. |
| Febus,  Chantel L. | August | Ms. Febus is a senior counsel in Proskauer's litigation department who analyzed and advised on preliminary injunction related issues. |
| Firestein,  Michael A. | July - September | Mr. Firestein is a partner in Proskauer's litigation department who advised on the Debtor's opposition to requests for relief from creditors and parties in interest. |
| Giddens,  Magali | July, August | Ms. Giddens is a paralegal in Proskauer's BSGR&B group who assisted with various administrative tasks. |
| Indelicato, Vincent | August, September | Mr. Indelicato is an associate in Proskauer's BSGR&B group who assisted with analyzing issues related to adversary proceedings. |
| Pang, Evelyn | July, August | Ms. Pang is an associate in Proskauer's litigation department who assisted on the Debtor's opposition to requests for relief from creditors and parties in interest. |
| Petrov, Natasha | September | Ms. Petrov is a paralegal in Proskauer's BSGR&B group who assisted with the drafting of Proskauer's interim fee application. |
| Quinn,  Casey | August, September | Ms. Quinn is a paralegal in Proskauer's corporate department who assisted with various administrative tasks. |
| Rappaport,  Lary Alan | August, September | Mr. Rappaport is a partner in Proskauer's litigation department who analyzed and advised on a briefing related to PROMESA sections 305 and 306 and with special revenues issues. |
| Ratner,  Stephen L. | July | Mr. Ratner is a partner in Proskauer's litigation department who analyzed and advised on restructuring support agreement related issues. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Reed, William A. | July | Mr. Reed is a paralegal in Proskauer's litigation department who assisted with various administrative tasks. |
| Roche, Jennifer L. | September | Ms. Roche is an associate in Proskauer's litigation department who assisted with the preparation of an urgent motion regarding scheduling in light of the hurricane. |
| Rodriguez, Evelyn | August | Ms. Rodriguez is a paralegal in Proskauer's BSGR&B group who assisted with various administrative tasks. |
| Rosen, Brian S. | September | Mr. Rosen is a partner in Proskauer's BSGR&B group who analyzed and advised on the applicability of Puerto Rico legislation to the Debtor's Title III case. |
| Ross, Sharma I. | July | Ms. Ross is a paralegal in Proskauer's litigation department who assisted with various administrative tasks. |
| Schaefer, Shealeen E. | July, August | Ms. Schaefer is a paralegal in Proskauer's labor & employment department who assisted with various administrative tasks. |
| Silvestro, Lawrence T. | September | Mr. Silvestro is a paralegal in Proskauer's litigation department who assisted with various administrative tasks. |
| Stafford, Laura | July | Ms. Stafford is an associate in Proskauer's litigation department who assisted with the Debtor's opposition to requests for relief filed by creditors and parties in interest. |
| Teng, Pengtao | July, August | Mr. Teng is an associate in Proskauer's corporate department who assisted with the Debtor's opposition to requests for relief filed by creditors and parties in interest and on briefing related to PROMESA sections 305 and 306. |
| Webb, Jeramy D. | September | Mr. Webb is an associate in Proskauer's BSGR&B group who assisted with the drafting of the Debtor's transformation plan. |

15

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Werb, Daniel J. | August | Mr. Werb is an associate in Proskauer's litigation department who assisted with the Debtor's opposition to requests for relief filed by creditors and parties in interest. |
| Williams, Selena F. | July | Ms. Williams is a paralegal in Proskauer's litigation department who assisted with various administrative tasks. |
| Zerjal, Maja | September | Ms. Zerjal is an associate in Proskauer's BSGR&B group who assisted with the administration of the Debtor's Title III case. |

**<u>Summary Description of Professional Services</u>**

22.     The following is a brief narrative summary, listed by Project Category, of the professional services rendered by Proskauer during the Compensation Period. [9]

(a)     <u>Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants (Project Category 201)</u>
(Aggregate Fees: $<u>17,009.00.00</u>; Aggregate Hours: <u>23.30</u>)

23.     This Project Category includes time spent communicating with the Oversight Board, the Debtor, and their representatives, agents, and consultants.  Specifically, Proskauer attorneys spent time:

- Communicating with Epiq Bankruptcy Solutions, LLC regarding their engagement as a claims agent for PREPA and drafting the engagement letter and retention application with respect thereto;

- Communicating with the Oversight Board and its professionals regarding strategy issues relating to the Debtor's Title III case; and

- Communicating with the Oversight Board and its professionals regarding issues related to the Debtor's collective bargaining agreements.

---

[9] Proskauer prepared a separate invoice for each month in the Compensation Period in which any of its professionals billed time to the Debtor while physically in Puerto Rico.  Each such invoice is labeled as applying to services rendered in Puerto Rico.

(b) <u>Legal Research (Project Category 202)</u>
   (Aggregate Fees: $<u>102,982.00</u>; Aggregate Hours: <u>155.80</u>)

24.     This Project Category includes time spent researching and analyzing legal issues and drafting internal memoranda analyzing legal issues and/or briefs showing the legal issues researched and analyzed, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time:

- Analyzing and researching multiple issues relating to requests for relief filed by creditors or other parties in interest;
- Analyzing and researching issues related to the Debtor's collective bargaining agreements;
- Analyzing and researching issues related to special revenues;
- Analyzing and researching issues relating to intervention rights;
- Researching legislative history and constitutional issues; and
- Researching issues related to the Debtor's fiscal plan and potential revisions to same.

(c)   <u>Hearings and Other Non-Filed Communications with the Court (Project Category 203)</u>
   (Aggregate Fees: $<u>7,300.00</u>; Aggregate Hours: <u>10.00</u>)

25.     This Project Category includes time spent communicating with the Court and reviewing the Court's communications and procedures. Specifically, Proskauer attorneys spent time:

- Communicating with the Court regarding scheduling and procedural issues;
- Communicating with the Court regarding hearing dates;
- Preparing for and participating in Court proceedings; and
- Reviewing and analyzing transcripts of Court hearings.

(d)   <u>Communications with Claimholders (Project Category 204)</u>
   (Aggregate Fees: $<u>74,825.00</u>; Aggregate Hours: <u>102.50</u>)

26.     This category includes time spent communicating with the Debtor's various claimholders.  Specifically, Proskauer attorneys spent time:

- Reviewing and responding to creditor and bondholder inquiries related to the Debtor's Title III case;

- Reviewing correspondence with claimholder counsel, committees' counsel, and the U.S. Trustee related to case issues and mediation sessions;

- Researching and analyzing issues related to mediation, negotiation, and settlement strategies in the Debtor's Title III adversary proceedings;

- Drafting materials for, preparing for, and participating in mediation sessions relating to the Debtor;

- Preparing and participating in a meeting with the mediation team;

- Drafting a stipulation relating to intervention; and

- Communicating with and meeting creditors regarding constitutional issues.

(e) <u>Communications with the Commonwealth, its Instrumentalities or Representatives of the Commonwealth or its Instrumentalities</u> (Project Category 205)
(Aggregate Fees:  $77,380.00; Aggregate Hours:  106.00)

27.     This Project Category includes time spent communicating with the Debtor's representatives in various Title III related matters, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time:

- Communicating with counsel and other advisors to AAFAF regarding strategies relating to the Debtor's Title III case, the Debtor's proposed restructuring and transformation, and responses to inquiries from creditors and bondholders;

- Communicating with counsel and other advisors to AAFAF regarding lift stay motions and mediation sessions relating to the Debtor;

- Communicating with counsel and other advisors to AAFAF regarding strategies for responding to complaints in adversary proceedings and requests for relief filed by creditors;

- Participating in weekly calls between the Proskauer and Greenberg teams regarding status of the Debtor, the Debtor's Title III case, and related issues.

(f) <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
(Aggregate Fees:  $266,828.00; Aggregate Hours: 369.20)

28.     This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time:

18

- Drafting the Debtor's first day motions;

- Drafting a motion for joint administration of the Debtor's Title III case;

- Drafting a case management motion with respect to the Debtor's Title III case;

- Drafting an urgent motion to extend deadlines regarding the Debtor's requests for relief;

- Drafting the Debtor's response or opposition to creditor requests for relief; and

- Drafting the Debtor's motion to dismiss adversary complaints filed against the Debtor.

(g)   Non-Board Court Filings (Project Category 207)
(Aggregate Fees:  $67,890.00; Aggregate Hours:  93.00)

29.    This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III case, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time:

- Analyzing creditors' requests for relief and orders and appeals related thereto; and

- Analyzing creditors' adversary complaints and related materials relating to the Debtor.

(h)   Stay Matters (Project Category 208)
(Aggregate Fees:  $380,622.00; Aggregate Hours:  526.20)

30.    This Project Category includes time spent analyzing and researching stay issues in the Debtor's Title III case and drafting various pleadings related to stay issues.  Specifically, Proskauer attorneys spent time:

- Researching stay and transfer issues relating to the Debtor;

- Communicating with counsel to various parties in interest regarding lift-stay issues;

- Participating in conferences with counsel to AAFAF and Oversight Board consultants regarding lift-stay issues;

- Drafting statements and pleadings with respect to stay issues; and

- Preparing for and participating in an evidentiary hearing on stay issues.

(i)   Adversary Proceeding (Project Category 209)
(Aggregate Fees:  $7,373.00; Aggregate Hours:  10.10)

19

31.     This project category includes time spent on various contested matters and adversary proceedings, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time drafting a stipulation regarding an intervention in actions relating to the Debtor.

(j)   Analysis and Strategy (Project Category 210)
      (Aggregate Fees: $73,219.00; Aggregate Hours: 100.30)

32.     This Project Category includes time spent related to (a) legal analysis in, and strategic approach to, the Debtor's Title III case, including meetings to discuss strategic case considerations, the status of various work streams, and next steps, and (b) all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

(k)   General Administration (Project Category 212)
      (Aggregate Fees: $9,815.00; Aggregate Hours: 33.50)

33.     This Project Category includes time spent on general administration of the Debtor's Title III case, including (a) case status and coordination activities, including maintaining the case calendar; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure accessibility by the Proskauer team, the Debtor, and other parties in interest.  Specifically, Proskauer attorneys and paralegals spent time preparing and updating internal case management documents and case calendars.

(l)   Plan of Adjustment and Disclosure Statement (Project Category 215)
      (Aggregate Fees: $13,644.00; Aggregate Hours: 20.40)

34.     This Project Category includes time spent related to the terms of a proposed Title III plan and issues related thereto.  Specifically, Proskauer spent time researching classification issues and drafting a proposed plan of adjustment for the Debtor.

(m)    Employment and Fee Applications (Project Category 218)
        (Aggregate Fees: $928.00; Aggregate Hours: 1.60)

35.    This Project Category includes time spent on issues related to the compensation of

Proskauer, and the retention and compensation of other Oversight Board professionals, including

the preparation of monthly fee applications.  Specifically, Proskauer attorneys and paralegals

spent time:

- Drafting a motion regarding the procedure for the compensation of professionals in the Debtor's Title III case; and
- Preparing Proskauer's first interim fee application as attorneys for the Oversight Board as representative of the Debtor.

(n)    Appeal (Project Category 219)
        (Aggregate Fees: $73.00; Aggregate Hours: 0.10)

36.    This Project Category includes time spent on preparing appeals and participating in

appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the

extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent

time analyzing issues relating to the appeal of a bondholder group and a monoline insurer

regarding the Court's denial of a motion to lift the stay and appoint a receiver.

*        *        *        *

37.    The foregoing professional services performed by Proskauer as attorneys for the

Oversight Board as representative of the Debtor during the Compensation Period were reasonable,

necessary, appropriate, and beneficial when rendered, facilitated the effective administration of

the Debtor's Title III case, and were in the best interests of the Oversight Board and the Debtor's

creditors, Commonwealth's residents, and other stakeholders.  Compensation for the foregoing

services as requested is commensurate with the complexity, importance, and time-sensitive nature

of the problems, issues, and tasks involved.  The professional services were performed with

expedition and in an efficient manner.

38.     In accordance with the factors enumerated in the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of the Debtor's Title III case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; (e) Proskauer's established expertise in the bankruptcy field; and (f) the costs of comparable services other than in a case under the Bankruptcy Code.

### Actual and Necessary Expenses of Proskauer

39.     Pursuant to the Guidelines, **Schedule 4** is Proskauer's summary of actual and necessary expenses incurred on behalf of the Oversight Board as representative of the Debtor during the Compensation Period.

40.     In accordance with paragraph C.13 of the Appendix B Guidelines and as more fully described **Schedule 4**, Proskauer seeks reimbursement for its necessary and reasonable expenses, including: (a) reproduction, and (b) online research.  All expense entries detailed in **Exhibit B** comply with the requirements set forth in the Guidelines, including an itemization of the expenses by category, the date the expense was incurred, and the individual incurring the expense, where available.  The reasons for the expenses are self-explanatory; in compliance with Appendix B Guidelines paragraph C.13, the requested expenses are of the kind customarily charged to Proskauer's non-bankruptcy clients and by other comparable professionals.

41.     Proskauer generally charges from \$0.15 (black and white) to \$0.30 (color) per page for photocopying expenses. The rates charged by the firm for Westlaw and Lexis computerized research vary according to the type of research conducted and the specific files researched, but, in any event, Proskauer does not profit from the use of computer assisted legal research, as set forth in **Schedule 4**.  As per the Appendix B Guidelines, Proskauer has not requested reimbursement of expenses related to overhead charges, such as secretarial services and

22

proofreading.   As **Schedule 4** reflects, all expenditures are of the type customarily billed to clients.

42.   During the Compensation Period, Proskauer has disbursed $67,275.25 as necessary and reasonable expenses.  These charges cover Proskauer's direct operating costs, which costs are not incorporated into the firm's hourly billing rates (because to do so would impose that cost upon clients who do not require extensive photocopying and other facilities and services).  Only clients who actually use services of the kind set forth in **Exhibit B** are separately charged for such services.  Proskauer has made every effort to minimize its expenses in the Debtor's Title III case. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to effectively serve the needs of the Debtor in its Title III case.

### Compensation Paid and Its Source

43.   All services for which Proskauer seeks compensation, and expenses for which it seeks reimbursement, were performed on behalf of the Oversight Board as representative of the Debtor.  In connection with the matters covered by this Application, Proskauer received no payment and no promises of payment for services rendered, or to be rendered, from any source other than the Debtor.  There is no agreement or understanding between Proskauer and any other person, other than members of the firm, for the sharing of compensation received for services rendered in this Title III case.

44.  PROMESA sections 316 and 317 provide for interim compensation of professionals and govern the Court's award of such compensation.  48 U.S.C. §§ 2176-2177. PROMESA section 316 provides that a court may award a professional person employed by the Debtor or the Oversight Board under PROMESA "(1) reasonable compensation for actual, necessary services rendered by the professional person, or attorney and by any paraprofessional

23

person employed by any such person; and (2) reimbursement for actual, necessary expenses."  48

U.S.C. § 2176(a).  Section 316 also sets forth the criteria for the award of such compensation and

reimbursement:

> In determining the amount of reasonable compensation to be awarded … the
> court shall consider the nature, the extent, and the value of such services,
> taking into account all relevant factors, including—
>
> (1) the time spent on such services;
>
> (2) the rates charged for such services;
>
> (3) whether the services were necessary to the administration of, or
> beneficial at the time at which the service was rendered toward the
> completion of, a case under this chapter;
>
> (4) whether the services were performed within a reasonable amount of
> time commensurate with the complexity, importance, and nature of the
> problem, issue, or task addressed;
>
> (5) with respect to a professional person, whether the person is board
> certified or otherwise has demonstrated skill and experience in the
> bankruptcy field; and
>
> (6) whether the compensation is reasonable based on the customary
> compensation charged by comparably skilled practitioners in cases other
> than cases under this subchapter or title 11.

48 U.S.C. § 2176(c).

45.   As noted above, the professional services and expenditures for which Proskauer

seeks compensation and reimbursement in this Application were necessary and beneficial to the

Oversight Board as representative of the Debtor.  Proskauer worked diligently to anticipate or

respond to the Oversight Board's needs and assist in the Oversight Board's navigation of the

Debtor's very complex Title III case.  The compensation requested herein is reasonable in light of

the nature, extent, and value of such services to the Oversight Board.  The Oversight Board has

reviewed and approved this Application.

**Reservations**

46.   To the extent time or disbursement charges for services rendered or expenses incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, or Proskauer has for any other reason not yet sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Compensation Period, Proskauer reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

**Notice**

47.   Pursuant to the Interim Compensation Order, notice of this Application has been filed in the PREPA's and the jointly-administered Commonwealth of Puerto Rico's Title III cases and served upon:

(a) Financial Oversight and Management Board, 40 Washington Square South, Office 314A, New York, NY 10012, Attn: Professor Arthur J. Gonzalez, Oversight Board Member;

(b) the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq., Suzzanne Uhland, Esq., and Diana M. Perez, Esq.;

(c) the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Law Offices of Andrés W. López, Esq., 902 Fernández Juncos Ave., San Juan, PR   00907, Attn: Andrés W. López, Esq.;

(d) the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: *In re: Commonwealth of Puerto Rico*);

(e) the attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc. A Despins, Esq., Andrew V. Tenzer, Esq., Michael E. Comerford, Esq., and G. Alexander Bongartz, Esq.;

(f) the attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. and Alberto J.E. Aenses Negron, Esq.;

(g) the attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. and Richard Levin, Esq., and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. and Melissa Root, Esq.;

(h) the attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar-Zequeira, Esq.;  and

(i) the Fee Examiner, Brady C. Williamson, Esq., Godfrey & Kahn S.C., One East Main Street, Suite 500, Madison, WI 53703.

Proskauer submits that, in light of the foregoing, no other or further notice need be provided.

*[Remainder of Page Intentionally Left Blank]*

26

WHEREFORE Proskauer respectfully requests that the Court enter an order (a) allowing interim compensation for professional services rendered during the Compensation Period in the amount of **$1,099,888.00** (which includes the 10% professional compensation holdback amount) and reimbursement for actual and necessary expenses Proskauer incurred in connection with such services during the Compensation Period in the amount of **$67,275.25**; (b) directing the Debtor to pay promptly to Proskauer the difference between (i) the amount of interim compensation for professional services rendered, and reimbursement of expenses incurred during the Compensation Period allowed hereunder, and (ii) the amounts for such compensation and expenses previously paid to Proskauer, consistent with the provisions of the Interim Compensation Order; (c) allowing such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred without prejudice to Proskauer's right to seek additional compensation for services performed and expenses incurred during the Compensation Period, which were not processed at the time of this Application; and (d) granting Proskauer such other and further relief as is just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated: December 15, 2017
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Maja Zerjal (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
ppossinger@proskauer.com
ebarak@proskauer.com
mzerjal@proskauer.com

-and-

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and
Management Board as representative
of the Debtor*