Hearing Date: March 7, 2018 at 8:30 a.m. (ET) / 9:30 a.m. (AST)
Objection Deadline: January 4, 2018 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS<br>(Jointly Administered) |
| As a representative of | |
| THE COMMONWEALTH OF PUERTO RICO *et al.*, | |
| Debtors.[1] | |

SUMMARY COVER SHEET

FIRST AND FINAL FEE APPLICATION OF O'NEILL & GILMORE LAW OFFICE LLC, AS LOCAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM MAY 3, 2017 TO SEPTEMBER 30, 2017

Name of Applicant: O'Neill & Gilmore Law Office LLC

Authorized to Provide Professional Services to: The Official Committee of Unsecured Creditors

Date of Retention: 6/26/2017 DN 1000.

Period for which compensation and reimbursement is sought: 6/20/2017 through 9/30/2017 (*Retention Date through end of Interim Fee Period as defined in the Interim Compensation Order currently in effect*)

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Amount of interim compensation sought as actual, reasonable, and necessary: $43,510.50 (includes $1,000.00 courtesy discount).

Amount of interim expense reimbursement sought as actual, reasonable, and necessary: $4,969.54

Are your fee or expense totals different from the sum of previously-served monthly statements?

_____Yes    √ No  If there is any discrepancy, please explain it in the text of the attached fee application or in a footnote to this cover sheet.

Blended rate in this application for all attorneys: $202.00/ hour

Blended rate in this application for all timekeepers: $166.33/ hour

This is a *final* application.

The total time expended for fee application preparation for the Interim Fee Period is approximately 0.00 hours and the corresponding compensation requested is approximately $0.00.

| PRIOR INTERIM FEE APPLICATIONS & ADJUSTMENTS: | | | | | |
|---|---|---|---|---|---|
| | | Requested | | Approved | |
| Date [Docket No.] | Interim Fee Period ("IFP") Covered | Fees | Expenses | Fees | Expenses |
| | *First IFP* 5/3/17 to 9/30/17 | $43,510.50 | $4,969.54 | | |
| | *Second IFP* 10/1/17 to 1/31/18 | | | | |
| | *Third IFP* 2/1/18 to 5/31/18 | | | | |
| | *Fourth IFP* 6/1/18 to 9/30/18 | | | | |
| Total fees and expenses approved by interim orders to date: | | | | 0.00 | 0.00 |

| PRIOR INTERIM OR MONTHLY FEE PAYMENTS TO DATE: | | | | | |
|---|---|---|---|---|---|
| | | Requested | | Paid | |
| Date Payment Received | Interim Fee Application[Docket No.] or Monthly Fee Statement Paid | Fees | Expenses | Fees | Expenses |
| | | | | | |
| | | | | | |
| | | | | | |
| Total fees and expenses PAID to date: | | | | $0.00 | $0.00 |

2

Number of professionals with time included in this application: __7__

If applicable, number of professionals in this application not included in a staffing plan approved by the client: __0__

If applicable, difference between fees budgeted and compensation sought for this period: $0.00

Are any timekeeper's hourly rates higher than those charged and approved upon retention: No.

## Exhibits List

A. Customary and Comparable Compensation Disclosures

B. Summary of Timekeepers

C. Summary of Compensation During Fee Period by Project Category and by Matter

D. Summary of Expenses by Category

E. List of Professionals by Matter

F. Fees and Expenses by Title III Case

G. Monthly Statements

H. Declaration of Patrick D. O'Neill, Esq.

I. Detailed Time and Expense Records

J. Proposed Order

**Hearing Date:** March 7, 2018 at 8:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline:** January 4, 2018 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

----------------------------------------------------------------- x
| | : | |
| In re: | : | |
| | : | |
| | : | |
| THE FINANCIAL OVERSIGHT AND | : | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : | Title III |
| | : | |
| as representative of | : | Case No. 17-BK-3283 (LTS) |
| | : | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | : | (Jointly Administered) |
| | : | |
| Debtors.[1] | : | |
----------------------------------------------------------------- x

**FIRST AND FINAL APPLICATION OF O'NEILL & GILMORE, LOCAL COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM MAY 3, 2017 THROUGH SEPTEMBER 30, 2017**

To the Honorable United States District Court Judge Laura Taylor Swain:

O'Neill & Gilmore Law Office, LLC ("O'Neill & Gilmore"), Local Counsel to the Official Committee of Unsecured Creditors of all title III Debtors (other than COFINA) (the "Committee"), for its first application (the "Application"), pursuant to sections 316 and 317 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 ("PROMESA"),[2] section 503(b) of title 11, United States Code (the "Bankruptcy Code") as made applicable to these cases by section 301(a) of PROMESA, Rule 2016 of the Federal Rules of Bankruptcy

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

[2] References to PROMESA are references to 48 U.S.C. §§ 2101 *et. seq.*

Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), for the interim allowance of compensation for professional services performed by O'Neill & Gilmore for the period from June 26, 2017 through and including July 21, 2017 (the "Interim Fee Period"), and for reimbursement of its actual and necessary expenses incurred during the Interim Fee Period, respectfully represents:

## PRELIMINARY STATEMENT

1. On June 26, 2017, the Committee through its membership, elected to engage the law firm of Paul Hastings LLC as legal counsel for the Committee in these Title III cases. Immediately thereafter, the Committee also selected the Applicant as Local Puerto Rico counsel to the Committee, to aid and support the Paul Hastings firm in its representation, specifically as to Puerto Rico law, initial case filings, and local adversary proceedings. From June 26 through July 21, 2017, O'Neill & Gilmore served as Local Puerto Rico counsel. O'Neill & Gilmore was substituted in this role by the law firm of Casillas Santiago & Torres beginning as of July 21, 2017.

2. In sum, O'Neill & Gilmore respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to protect, preserve, and maximize the value for unsecured creditors during the pendency of these title III cases. The results obtained to date have benefited not only the Committee but also the Debtors and their creditors. Accordingly, in light of the nature and complexity of the Title III Cases, O'Neill & Gilmore's charges for professional services performed and expenses incurred are reasonable under applicable standards. For all these reasons, O'Neill & Gilmore respectfully requests that the Court grant

the Application and allow interim compensation for professional services performed and reimbursement for expenses as requested.

3. This Application is consistent with the Interim Compensation Order (as defined below), Local Rule 2016-1, and *Appendix B of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"), except that, in accordance with the instructions of the Fee Examiner appointed in these cases, no budgets were prepared with respect to the Interim Fee Period.[3] To the extent necessary, O'Neill & Gilmore requests a waiver for cause shown of any such requirement not met by this Application.[4]

4. In accordance with the U.S. Trustee Guidelines, at the end of this Application are the following Exhibits:

- Exhibit A contains disclosures regarding "customary and comparable compensation."

- Exhibit B contains a summary of O'Neill & Gilmore's timekeepers included in this Application.

- Exhibit C contains a summary of the compensation requested by project category and matter number.

- Exhibit D contains a summary of requested expense reimbursements by category. An itemized schedule of all such expenses is included in O'Neill & Gilmore's monthly statement.

- Exhibit E contains a list of professionals by matter.

- Exhibit F contains a breakdown of fees and expenses by title III case.

---

[3] The Fee Examiner has only required professionals to provide budgets beginning with January 2018.

[4] The Committee and O'Neill & Gilmore reserve all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for compensation in these cases.

- <u>Exhibit G</u> contains copies of the monthly statement for O'Neill & Gilmore's services during the Interim Fee Period, which include detailed time records and narrative descriptions of the services rendered by each timekeeper. Exhibit F also provides a detailed summary of the fees and expenses requested for services rendered during the Interim Fee Period, amounts paid to date, and the balance for which interim allowance and payment is requested in this Application.

## BACKGROUND

5. On May 3, 2017, the Oversight Board commenced a title III case for the Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to section 304 (a) of PROMESA (the "<u>Commonwealth Title III Case</u>"). Thereafter, the Oversight Board commenced a title III case for each of COFINA, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS Title III Case</u>"), the Puerto Rico Highways and Transportation Authority ("<u>HTA Title III Case</u>"), and the Puerto Rico Electric Power Authority ("<u>PREPA Title III Case</u>") (and together with the Commonwealth Title III Case, the "<u>Title III Cases</u>").[5] By orders dated June 29, 2017 [Docket No. 537] and October 6, 2017 [Docket No. 1417], the Court approved the joint administration of the Title III Cases.

6. On June 15, 2017, the Office of the United States Trustee for the District of Puerto Rico (the "<u>U.S. Trustee</u>") filed a *Notice Appointing Creditors Committee for Unsecured Creditors* [Docket No. 338]. On June 26, 2017, the Committee selected O'Neill & Gilmore as local Puerto Rico counsel to the Committee.

7. On July 10, 2017, the Committee filed an application to retain and employ O'Neill & Gilmore, effective June 26, 2017, [Docket No. 611] (the "<u>Retention Application</u>"). By order of this Court entered on August 10, 2017 [Docket No. 1,000] (the "<u>Retention Order</u>"), incorporated herein by this reference, O'Neill & Gilmore's retention as local Puerto Rico to the Committee was approved effective as of June 26, 2017.

---

[5] Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III Case.

8. On August 23, 2017, the Court entered the *Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (as amended, the "Interim Compensation Order").[6]

9. On August 25, 2017, the U.S. Trustee filed an *Amended Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 1171], which expanded the role of the Committee to be the official committee for the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case.

10. The Retention Order authorized O'Neill & Gilmore to be compensated on an hourly basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 316 and 317 of PROMESA, the Bankruptcy Rules, the Local Rules, and such orders as the Court may direct. The Retention Order further provides that ["[p]ursuant to Bankruptcy Code section 503(b)(1), made applicable by PROMESA section 301(a), the fees and expenses of O'Neill & Gilmore under this Order shall be an administrative expense."] [In addition, as provided in the Retention Order, the Oversight Board has consented to the Debtors' payment of O'Neill & Gilmore's allowed fees and expenses.

11. [Omitted]

12. On October 6, 2017, the Court entered the *Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing A Fee Examiner and Related Relief* (the "Fee Examiner Order") [Docket No. 1416]. The Court appointed Brady Williamson as the Fee Examiner in the Title III Cases.

---

[6] The Interim Compensation Order was amended on November 8, 2017, to reflect certain changes requested by the Fee Examiner.

13. This is O'Neill & Gilmore's first and final fee application, covering the period from June 26, 2017 through July 21, 2017. All services for which compensation is requested were performed for or on behalf of the Committee.

## COMPENSATION AND REIMBURSEMENT REQUEST

14. By this Application, O'Neill & Gilmore seeks from the Debtors (a) compensation for professional services rendered to the Committee during the Interim Fee Period in the aggregate amount of $43,510.50 (after a courtesy discount of $1,000.00)[7], and (b) expense reimbursements in the aggregate amount of $4,969.54. [These amounts are allocated between the Commonwealth Title III Case, the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case, as follows:[8]]

15. The Committee has approved the amounts requested by O'Neill & Gilmore for services performed and expenses incurred in the monthly statement submitted to, among others, the Oversight Board, AAFAF, the Fee Examiner, and the U.S. Trustee during the Interim Fee Period.

16. In accordance with the Interim Compensation Order, O'Neill & Gilmore has received payments totaling $0.00 for services rendered during the Interim Fee Period.

17. Other than payments made in accordance with the Interim Compensation Order, O'Neill & Gilmore has received no payment and no promises of payment from any source for services rendered during the Interim Fee Period. By this Application, O'Neill & Gilmore requests payment of all outstanding fees and expenses for services rendered during the Interim Fee Period, but excluding the 10% holdback of fees for the Interim Fee Period.

---

[7] The courtesy discount is intended to compensate for any de minimis adjustments to any of the time entries or expenses contained in the Application.

[8] Further detail regarding the breakdown between the Title III Cases is provided in Exhibit F hereto.

-6-

18. There is no agreement or understanding between O'Neill & Gilmore and any other person other than the attorneys, employees, and staff of O'Neill & Gilmore, for the sharing of compensation to be received for services rendered in these cases.

19. O'Neill & Gilmore maintains computerized records, in the form of monthly statements, of the time spent by all O'Neill & Gilmore's attorneys and paraprofessionals in connection with its representation of the Committee. The monthly statements are in the same form regularly used by O'Neill & Gilmore to bill its clients for services rendered and include the date that the services were rendered, a detailed, contemporaneous narrative description of the services provided, the amount of time spent for each service, and the designation of the professional who performed the service.

20. The fees charged by O'Neill & Gilmore in the Title III Cases are billed in accordance with its existing billing rates and procedures in effect during the Interim Fee Period. The rates O'Neill & Gilmore charges for the services rendered by its professionals and paraprofessionals in the Title III Cases are comparable to the rates O'Neill & Gilmore charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters. Moreover, when O'Neill & Gilmore's restructuring professionals and paraprofessionals work on nonbankruptcy matters, the firm generally charges their standard rate. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

21. O'Neill & Gilmore's rates are set at a level designed to fairly compensate O'Neill & Gilmore for the work of its attorneys and paraprofessionals to cover fixed and routine overhead expense. O'Neill & Gilmore operates in the Puerto Rico marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of

specialization, the firm's expertise, performance and reputation, the nature of the work involved, and other factors. Accordingly, O'Neill & Gilmore set its rates for attorneys and paraprofessionals within the firm by reference to market information and market adjustments by firms considered to be local peers. Based on this and reviews of contemporaneous time records and fee applications filed in other cases, O'Neill & Gilmore endeavors to set the hourly rates for its attorneys and paraprofessionals at levels comparable to those of its competitor firms.

22. O'Neill & Gilmore's professional services during the Interim Fee Period required an aggregate expenditure of 253.00 recorded hours by O'Neill & Gilmore's attorneys and paraprofessionals, broken down as follows: partners (134.70 hours), associates (40.80 hours), and paraprofessionals (77.50 hours). During the Interim Fee Period, O'Neill & Gilmore's billing rates for attorneys rendering services in this matter ranged from $185.00 to $250.00 per hour.

23. To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Interim Fee Period, but were not processed before the preparation of this Application, or O'Neill & Gilmore has for any other reason not sought compensation or reimbursement with respect to such services or expenses, O'Neill & Gilmore reserves the right to request additional compensation for such services, and reimbursement of such expenses, in a supplemental or future application.

## SUMMARY OF SERVICES

24. During the Interim Fee Period, O'Neill & Gilmore assisted and advised the Committee on a regular basis regarding local Puerto Rico legal practice matters relating to the restructuring of the Debtors, including related adversary proceedings, and other matters at the request of the Committee's main counsel, Paul Hastings LLC. In addition, O'Neill & Gilmore has prepared various motions, applications, orders, and other pleadings submitted to the Court for consideration, and has performed the necessary professional services that are described below

and in the monthly statements attached hereto as <u>Exhibit G</u>. For ease of reference and transparency purposes, O'Neill & Gilmore created several matter numbers for its representation of the Committee. The matter numbers are divided by Debtor and/or large tasks the Committee undertook, as follows:

| Matter ID | Matter Name |
|---|---|
| 420-005 | Commonwealth of Puerto Rico |
| 420-006 | P.R. Electric Power Authority ("PREPA") |
| 420-007 | P.R. Highway and Transportation Authority ("HTA") |
| 420-008 | Employees' Retirement System ("ERS") |

I.  **Commonwealth of Puerto Rico (Matter ID 420-005)**

   (a)   <u>Case Administration (Task Code B110)</u>

   Fees:   $8,258.50            Total Hours:   43.70

   O'Neill & Gilmore's professional time in this category commenced the initial efforts to aid the Paul Hastings firm in the initial filings to commence the representation of the Committee and to prepare for the June 28, 2017 omnibus hearing, hearing transcripts, Committee composition and the efforts of the general obligation bond holders to join the Committee.

   (b)   <u>Relief from Stay / Adequate Protection Proceedings (Task Code B140)</u>

   Fees:   $500.00            Total Hours:   2.00

   O'Neill & Gilmore's professional time in the category reflect the assistance rendered by Local Puerto Rico counsel as to certain motions for relief from stay as filed by local Puerto Rico residents.

   (c)   <u>Meetings of and Communications with Creditors (Task Code B150)</u>

    Fees: $4,095.00    Total Hours: 18.50

    O'Neill & Gilmore's professional time incurred in this category reflects the twice weekly meetings of the Committee via conference call, to discuss strategy, and next steps, to allow for planning and staffing for the legal work to be undertaken.

  (d)  <u>Fee / Employment Applications (Task Code B160)</u>

    Fees: $4,438.50    Total Hours: 24.90

    O'Neill & Gilmore's professional time recorded in this category reflects the initial filing of the engagement of Paul Hastings LLC, O'Neill & Gilmore as legal counsel and Zolfo Cooper as financial advisors to the Committee. Efforts in this category include Retention Agreement and numerous Pro Hac Vice motions.

  (e)  <u>Avoidance Action Analysis (Task Code B180)</u>

    Fees: $8,595.50    Total Hours: 43.40

    O'Neill & Gilmore's time entries in this category reflect research on Puerto Rico law relative to interest rate and usury law as to certain Puerto Rico debt offerings.

  (f)  <u>Assumption / Rejection of Leases and Contracts (Task Code B185)</u>

    Fees: $9,310.00    Total Hours: 76.70

    O'Neill & Gilmore's time in this category concern, principally, the translation and verification of highly technical Banking Services Agreements related to the collection of the SUT. This was a priority, rush assignment due to the upcoming (and presently

ongoing) mediation. The translations were undertaken and billed at a paralegal rate and later verified and corroborated at the attorney level.

(g) <u>Litigation (Task Code L101)</u>

Fees: $6,883.00             Total Hours: 32.70

In this category, O'Neill & Gilmore's time entries reflect efforts in the local litigation arenas both at USDC-PR as well as the Commonwealth courts.

(h) <u>Document Production (Task Code L320)</u>

Fees: $1,472.50             Total Hours: 6.80

In this category, O'Neill & Gilmore's professional time incurred is reflected relative to the onset of discovery procedures under F.R.B.P. 2004 as against local Puerto Rico banks which participated in the debt offerings of Puerto Rico obligations to the marketplace during – or immediately prior to – the onset of the insolvency of the Commonwealth.

II. ***P.R. Electric Power Authority*** **(Matter ID 420-006)**

(a) <u>Case Administration (Task Code B110)</u>

Fees: $548.50             Total Hours: 2.60

O'Neill & Gilmore's professional time in this matter category concern the initial steps for the appearance of the Committee and notices of appearance in this Title III case filed on July 3, 2017.

(b) <u>Assumption of Executory Contracts (Task Code 185)</u>

Fees: $145.00  Total Hours: 0.60

O'Neill & Gilmore's professional time in this matter category concern the initial (and critical) assumption of the fuel supply contract with Freeport.

III. *P.R. Highway and Transportation Authority* **(Matter ID 420-007)**

(a) <u>Assumption / Rejection of Executory Contract (Task Code B185)</u>

Fees: $119.00  Total Hours: 0.60

O'Neill & Gilmore's professional time in this matter concerns the motions to compel the HTA to answer as to executory contracts.

IV. *Employers' Retirement System* **(Matter ID 420-008)**

(a) <u>Case Administration (Task Code B110)</u>

Fees: $125.00  Total Hours: 0.50

O'Neill & Gilmore's limited professional attention in this matter subcategory concern, the approval of a stipulation with the Secured claim holders.

\* \* \*

25. The foregoing professional services were necessary and appropriate to the administration of the Title III Cases and are deemed by O'Neill & Gilmore as in the best interests of the Committee, the Debtors, the creditors, and other parties in interest.

**ACTUAL AND NECESSARY DISBURSEMENTS**

26. As set forth in Exhibit D hereto, O'Neill & Gilmore disbursed $4,969.54 as expenses incurred in providing professional services during the Interim Fee Period.

27. O'Neill & Gilmore believes the rates for charges incurred are at or below the market rates that the majority of Puerto Rico law firms specializing in bankruptcy charge clients for such services. In addition, O'Neill & Gilmore believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

**THE REQUESTED COMPENSATION SHOULD BE ALLOWED**

28. Section 316 provides for the compensation of professionals. Specifically, section 316 provides that a court may award a professional employed by a committee under section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." PROMESA § 316(a). Section 316 of PROMESA also sets forth the criteria for the award of such compensation and reimbursement:

> (a) In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:
>
> (i) the time spent on such services;
>
> (ii) the rates charged for such services;
>
> (iii) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;
>
> (iv) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

  (v)  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and

  (vi)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title or title 11, United States Code.

PROMESA § 316(c). Further, section 317 of PROMESA provides that "a committee . . . may apply to the court not more than once every 120 days . . . for such compensation for services rendered . . . ."

  29. In the instant case, O'Neill & Gilmore respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to protect, preserve, and maximize the value for unsecured creditors during the pendency of the Title III Cases. The services rendered to the Committee were performed in an economic, effective, and efficient manner commensurate with the complexity and importance of the issues involved. The results obtained to date have benefited not only the Committee but also the Debtors and their stakeholders. Accordingly, the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Committee, the Debtors, and all parties in interest.

  30. The work conducted was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each particular task. Whenever possible, O'Neill & Gilmore sought to minimize the costs of O'Neill & Gilmore's services to the Committee by utilizing associae attorneys and paraprofessionals to handle the more routine aspects of the assignments. As demonstrated by this Application,

-14-

O'Neill & Gilmore spent its time economically and without unnecessary duplication. Accordingly, approval of the compensation sought herein is warranted.

[*Remainder of page intentionally left blank.*]

-15-

## CONCLUSION

WHEREFORE, O'Neill & Gilmore respectfully requests entry of an order (i) allowing interim compensation for professional services rendered during the Interim Fee Period in the amount of $44,510.50 less a $1,000.00 courtesy discount (intended to compensate for any de minimis adjustments) plus expense reimbursements in the amount of $4,969.54 for a total aggregate amount of $48,480.94; (ii) authorizing and directing the Debtors' payment of the difference between the amounts allowed and the amounts previously paid by the Debtors pursuant to the Interim Compensation Order; (iii) allowing such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to O'Neill & Gilmore's right to seek such further compensation for the full value of services performed and expenses incurred; and (iv) granting O'Neill & Gilmore such other and further relief as is just.

O'NEILL & GILMORE
LAW OFFICE, LLC
252 Ponce de León Ave.
Citibank Tower Suite 1701
San Juan, Puerto Rico 00918
Tel.: (787) 620-0670

s/ *Patrick D. O'Neill*

_____
Patrick D. O'Neill, Esq.
USDC - PR 128202
Email: pdo@go-law.com

s/ *Charles P. Gilmore*

_____
Charles P. Gilmore, Esq.
USDC – PR 209614
Email: cpg@go-law.com