## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------- x
                                               :
In re:                                         :
                                               :
THE FINANCIAL OVERSIGHT AND                    :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,              :   Title III
                                               :
        as representative of                   :   Case No. 17-BK-3283 (LTS)
                                               :
THE COMMONWEALTH OF PUERTO RICO, et al.,       :   (Jointly Administered)
                                               :
        Debtors.¹                              :
------------------------------------------------------------------- x
```

### NOTICE OF HEARING ON FIRST INTERIM FEE APPLICATION OF CASILLAS, SANTIAGO & TORRES, LLC, AS LOCAL COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM JULY 21, 2017 THROUGH AUGUST 31, 2017

PLEASE TAKE NOTICE that a hearing on the annexed *First Interim Fee Application of Casillas, Santiago & Torres, LLC, as Local Counsel to Official Committee of Unsecured Creditors, for Services Rendered and Reimbursement of Expenses for Period from July 21, 2017 Through August 31, 2017* (the "Application") filed by the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA), pursuant to section 1103(a)(1) of the Bankruptcy Code, made applicable to these cases by section 301 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 or "PROMESA", will be held before the

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

Honorable Laura Taylor Swain United States District Court Judge, at the United States District Court for the District of Puerto Rico, in Room 3, 150 Carlos Chardón Street, Federal Building, Office 150, San Juan, Puerto Rico 00918-1767 on **March 7, 2018 at 8:30 a.m. (ET) / 9:30 a.m. (AST)** (the "Hearing").

     **PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections") to the Application by any party other than the Fee Examiner shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Puerto Rico, shall be filed with the court (a) by attorneys practicing in the District Court, including attorneys admitted *pro hac vice*, electronically in accordance with rule 5 of the Local Rules for the District of Puerto Rico, and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF), to the extent applicable, and shall be served in accordance with the *First Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 1715] (the "Interim Compensation Order"), so as to be so filed and received by Casillas, Santiago & Torres, LLC and the other Notice Parties (as defined in the Interim Compensation Order) no later than **January 8, 2018 at 3:00 p.m. (ET) / 4:00 p.m. (AST)** (the "Objection Deadline").

     **PLEASE TAKE FURTHER NOTICE** that, in accordance with the Interim Compensation Order, if no Objections are timely filed, and if the Fee Examiner issues the Fee Examiner Report (as defined in the Interim Compensation Order) recommending approval of the Application in full or in part, the court may grant the Application without a hearing.

[*intentionally signature block on next page*]

Date: December 15, 2017
        San Juan, Puerto Rico

*s/ Juan J. Casillas Ayala, Esq.*
Juan J. Casillas Ayala, Esq.

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
----------------------------------------------------------------- x
                                                        :
In re:                                                  :
                                                        :
THE FINANCIAL OVERSIGHT AND                             :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                       :  Title III
                                                        :
        as representative of                            :  Case No. 17-BK-3283 (LTS)
                                                        :
THE COMMONWEALTH OF PUERTO RICO, et al.,                :  (Jointly Administered)
                                                        :
        Debtors.²                                       :
----------------------------------------------------------------- x
```

## FIRST INTERIM APPLICATION OF CASILLAS, SANTIAGO & TORRES, LLC, LOCAL COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM <u>JULY 21, 2017 THROUGH AUGUST 31, 2017</u> ³

## COVER SHEET⁴

Name of Applicant:  <u>Casillas, Santiago & Torres, LLC</u>

Authorized to Provide Professional Services to:  <u>Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee")</u>

---

² The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

³ As will be further explained, CST Law has not been able to invoice for its services performed during September 2017.

⁴ This form has been designed to incorporate many of the requirements of PROMESA §316 and ¶C.2.1 and Exhibit E to the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases (the "**U.S. Trustee Guidelines**").

Date of Retention:  July 21, 2017

Period for which compensation and reimbursement is sought: July 21, 2017 through August 31, 2017 (*Retention Date through end of Interim Fee Period as defined in the Interim Compensation Order currently in effect*)

Amount of interim compensation sought as actual, reasonable, and necessary: $169,523.00

Amount of interim expense reimbursement sought as actual, reasonable, and necessary: $6,320.62

Are your fee or expense totals different from the sum of previously-served monthly statements?

_Yes  X No   If there is any discrepancy, please explain it in the text of the attached fee application or in a footnote to this cover sheet.

Blended rate in this application for all attorneys:  $206.00/ hour

Blended rate in this application for all timekeepers:  $205.00/ hour

This is an ***interim*** application.

The total time expended for fee application preparation for the Interim Fee Period is approximately 6.8 hours and the corresponding compensation requested is approximately $1,836.00.

| PRIOR INTERIM FEE APPLICATIONS & ADJUSTMENTS: | | | | | |
|---|---|---|---|---|---|
| | | Requested | | Approved | |
| Date [Docket No.] | Interim Fee Period ("IFP") Covered | Fees | Expenses | Fees | Expenses |
| Not Applicable | | | | | |
| Total fees and expenses approved by interim orders to date: | | | | | |

| PRIOR INTERIM OR MONTHLY FEE PAYMENTS TO DATE: | | | | | |
|---|---|---|---|---|---|
| | | Requested | | Paid | |
| Date Payment Received | Interim Fee Application [Docket No.] or Monthly Fee Statement Paid | Fees | Expenses | Fees | Expenses |
| Not Applicable | | | | | |
| Total fees and expenses PAID to date: | | | | | |

Number of professionals with time included in this application:  16

2

If applicable, number of professionals in this application not included in a staffing plan approved by the client:  N/A

If applicable, difference between fees budgeted and compensation sought for this period:  N/A

Are any timekeeper's hourly rates higher than those charged and approved upon retention:[5]  No

---

[5] If any timekeeper's hourly rate has changed since your firm's retention, the narrative portion of your fee application should identify each timekeeper with an adjusted rate, the date and amount of the rate change, the reason for the change, and a statement that the client was notified and approved the rate change.

**Hearing Date**: March 7, 2018 at 8:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: January 8, 2018 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x

In re:

THE FINANCIAL OVERSIGHT AND           :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,     :   Title III

     as representative of                :   Case No. 17-BK-3283 (LTS)

THE COMMONWEALTH OF PUERTO RICO, *et al.*, :   (Jointly Administered)

     Debtors.[1]

------------------------------------------------------------------------ x

### FIRST INTERIM APPLICATION OF CASILLAS, SANTIAGO & TORRES, LLC, LOCAL COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM <u>JULY 21, 2017 THROUGH AUGUST 31, 2017</u>[2]

## TABLE OF CONTENTS

Preliminary Statement ................................................................................................3

Background ...................................................................................................................5

Compensation and Reimbursement Request ...............................................................7

Summary of Services ...................................................................................................9

    General (Matter ID 396-00002) ...........................................................................10

---

[1]    The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

[2]  As will be further explained, CST Law has not been able to invoice for its services performed during September 2017.

COFINA Dispute Analysis (Matter ID 396-00003) ...............................................11

Communications with Creditors/Website (Matter ID 396-00004) ......................13

Plan Fiscal Analysis (Matter ID 396-0005) ...........................................13

PREPA (Matter ID 396-00006) ...........................................................13

HTA (Matter ID 396-00007) .................................................................14

Other Adversary Proceedings (Matter ID 396-0009) .............................................14

Mediation (Matter ID 396-00010) .........................................................15

Actual and Necessary Disbursements .............................................................................15

The Requested Compensation Should be Allowed...................................................................16

Conclusion ....................................................................................................................18

## EXHIBITS

A. Customary and Comparable Compensation Disclosures with Fee Applications

B. Summary of Timekeepers included in this Application for Fee Period

C. Summary of Compensation during Fee Period by Project Category and by Matter

D. Summary of Expenses by Category

E. List of Professionals by Matter

F. Monthly Statements

**To the Honorable United States District Court Judge Laura Taylor Swain:**

Casillas, Santiago & Torres, LLC ("CST Law"), Local Counsel to the Official Committee of Unsecured Creditors of all title III Debtors (other than COFINA) (the "Committee"), for its first application (the "Application"), pursuant to sections 316 and 317 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 ("PROMESA"),[3] section 503(b) of title 11, United States Code (the "Bankruptcy Code") as made applicable to these cases by section 301(a) of PROMESA, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), for the interim allowance of compensation for professional services performed by CST Law for the period from July 21, 2017 through and including August 31, 2017 (the "Interim Fee Period"), and for reimbursement of its actual and necessary expenses incurred during the Interim Fee Period, respectfully represents:

## PRELIMINARY STATEMENT

34.     CST Law respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Committee, the Debtors, and their stakeholders, and were rendered to protect, preserve, and maximize the value for unsecured creditors during the pendency of these Title III cases. The results obtained to date have benefited not only the Committee but also the Debtors and their creditors. Accordingly, in light of the nature and complexity of the Title III Cases, CST Law's charges for professional services performed and expenses incurred are reasonable under applicable standards. For all these

---

[3]     References to PROMESA are references to 48 U.S.C. §§ 2101 *et. seq.*

3

reasons, CST Law respectfully requests that the Court grant the Application and allow interim compensation for professional services performed and reimbursement for expenses as requested.

35.     This Application is consistent with the Interim Compensation Order (as defined below), Local Rule 2016-1, and *Appendix B of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"), except that, in accordance with the instructions of the Fee Examiner appointed in these cases, no budgets were prepared with respect to the Interim Fee Period.[4] To the extent necessary, CST Law requests a waiver for cause shown of any such requirement not met by this Application.[5]

36.     In accordance with the U.S. Trustee Guidelines, at the end of this Application are the following Exhibits:

- Exhibit A contains disclosures regarding "customary and comparable compensation."

- Exhibit B contains a summary of CST Law's timekeepers included in this Application.

- Exhibit C contains a summary of the compensation requested by project category and matter number.

- Exhibit D contains a summary of requested expense reimbursements by category. An itemized schedule of all such expenses is included in CST Law's monthly statements.

- Exhibit E contains a list of professionals by matter.

- Exhibit F contains copy of the monthly statements for CST Law's services during the Interim Fee Period, which include detailed time records and narrative descriptions of the services rendered by each timekeeper. Exhibit F also provides a detailed summary of the fees and expenses requested for services rendered

---

[4]     The Fee Examiner has only required professionals to provide budgets beginning with January 2018.

[5]     The Committee and CST Law reserve all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for compensation in these cases.

during the Interim Fee Period, amounts paid to date, and the balance for which interim allowance and payment is requested in this Application.

## BACKGROUND

37.     On May 3, 2017, the Oversight Board commenced a title III case for the Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to section 304 (a) of PROMESA (the "Commonwealth Title III Case"). Thereafter, the Oversight Board commenced a title III case for each of COFINA, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS Title III Case"), the Puerto Rico Highways and Transportation Authority ("HTA Title III Case"), and the Puerto Rico Electric Power Authority ("PREPA Title III Case") (and together with the Commonwealth Title III Case, the "Title III Cases").[6] By orders dated June 29, 2017 [Docket No. 537] and October 6, 2017 [Docket No. 1417], the Court approved the joint administration of the Title III Cases.

38.     On June 15, 2017, the Office of the United States Trustee for the District of Puerto Rico (the "U.S. Trustee") filed a *Notice Appointing Creditors Committee for Unsecured Creditors* [Docket No. 338]. On July 21, 2017, the Committee selected CST Law as counsel to the Committee.

39.     On August 4, 2017, the Committee filed an application to retain and employ CST Law, effective July 21, 2017 [Docket No. 884] (the "Retention Application"). By order of this Court entered October 6, 2017 [Docket No. 1414] (the "Retention Order"), incorporated herein by this reference, CST Law's retention as Local Counsel to the Committee was approved effective as of July 21, 2017.

---

[6]     Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III Case.

40.     On August 23, 2017, the Court entered the *Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (as amended, the "Interim Compensation Order").[7]

41.     On August 25, 2017, the U.S. Trustee filed an *Amended Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 1171], which expanded the role of the Committee to be the official committee for the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case.

42.     The Retention Order authorized CST Law to be compensated on an hourly basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 316 and 317 of PROMESA, the Bankruptcy Rules, the Local Rules, and such orders as the Court may direct. The Retention Order further provides that "[p]ursuant to Bankruptcy Code section 503(b)(1), made applicable by PROMESA section 301(a), the fees and expenses of CST Law under this Order shall be an administrative expense." In addition, as provided in the Retention Order, the Oversight Board has consented to the Debtors' payment of CST Law allowed fees and expenses.

43.     On October 6, 2017, the Court entered the *Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing A Fee Examiner and Related Relief* (the "Fee Examiner Order") [Docket No. 1416]. The Court appointed Brady Williamson as the Fee Examiner in the Title III Cases.

---

[7]     The Interim Compensation Order was amended on November 8, 2017, to reflect certain changes requested by the Fee Examiner.

44.     This is CST Law's first interim fee application, covering the period from June 26,
2017 through August 31, 2017. All services for which compensation is requested were
performed for or on behalf of the Committee.

45.     Due to the passing of Hurricane María on September 20, 2017, CST Law has been
unable to complete its invoices for the services rendered during that month. Consequently, CST
Law is not requesting to be paid for services or reimbursed for expenses incurred in September
2017. Notwithstanding, CST Law will be requesting to be paid for services and reimbursed for
expenses incurred in September 2017 in the next fee application, once it is able to finalize its
invoices for said period. CST Law is not waiving any right(s) to be paid for such services or
expenses.

## COMPENSATION AND REIMBURSEMENT REQUEST

46.     By this Application, CST Law seeks from the Debtors (a) compensation for
professional services rendered to the Committee during the Interim Fee Period in the aggregate
amount of $169,523.00; and (b) expense reimbursements in the aggregate amount of $6,320.62.

47.     The Committee has approved the amounts requested by CST Law for services
performed and expenses incurred in each of the monthly statements submitted to, among others,
the Oversight Board, AAFAF, the Fee Examiner, and the U.S. Trustee, during the Interim Fee
Period.

48.     As of today, CST Law has not been paid any amounts for which it requests
payment pursuant to this Fee Application.

49.      By this Application, CST Law requests payment of all outstanding fees and
expenses for services rendered during the Interim Fee Period.

50.     There is no agreement or understanding between CST Law and any other person other than the attorneys, employees, and staff of CST Law, for the sharing of compensation to be received for services rendered in these cases.

51.     CST Law maintains computerized records, in the form of monthly statements, of the time spent by all of CST Law's attorneys and paraprofessionals in connection with its representation of the Committee. The monthly statements are in the same form regularly used by CST Law to bill its clients for services rendered, and include the date that the services were rendered, a detailed, contemporaneous narrative description of the services provided, the amount of time spent for each service, and the designation of the professional who performed the service.

52.     The fees charged by CST Law in the Title III Cases are billed in accordance with its existing billing rates and procedures in effect during the Interim Fee Period. The rates CST Law charges for the services rendered by its professionals and paraprofessionals in the Title III Cases are comparable to the rates CST Law charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters. Moreover, when CST Law's professionals and paraprofessionals work on nonbankruptcy matters, the firm generally charges their standard rate. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in the Puerto Rico legal market.

53.     CST Law's rates are set at a level designed to fairly compensate CST Law for the work of its attorneys and paraprofessionals to cover fixed and routine overhead expense. CST Law operates in the Puerto Rico legal services market in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance and reputation, the nature of the work involved, and other factors. Accordingly,

CST Law set its rates for attorneys and paraprofessionals within the firm by reference to market information and market adjustments by firms considered to be industry peers. Based on this and the reviews of contemporaneous time records and fee applications filed in other cases, CST Law endeavors to set the hourly rates for its attorneys and paraprofessionals at levels comparable to those of its principal competitor firms.

54.     CST Law's professional services during the Interim Fee Period required an aggregate expenditure of 799.7 recorded hours by CST Law's attorneys and paraprofessionals, broken down as follows: partners (257.70 hours), junior partners (28.6 hours), counsel (5.60 hours), senior associates (125.30 hours), associates (369.80 hours), and paraprofessionals (12.70 hours). During the Interim Fee Period, CST Law's billing rates for attorneys rendering services in this matter ranged from $170.00 to $270.00 per hour.

55.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Interim Fee Period, but were not processed before the preparation of this Application, or CST Law has for any other reason not sought compensation or reimbursement with respect to such services or expenses, CST Law reserves the right to request additional compensation for such services, and reimbursement of such expenses, in a supplemental or future application.

## SUMMARY OF SERVICES

56.     During the Interim Fee Period, CST Law assisted and advised the Committee on a regular basis regarding legal matters relating to the restructuring of the Debtors, including related adversary proceedings, and all other matters arising in the performance of the Committee's duties. In addition, CST Law has prepared various motions, applications, proposed orders, and other pleadings submitted to the Court for consideration, and has performed the necessary

professional services that are described below and in the monthly statements attached hereto as

Exhibit F.[8] For ease of reference and transparency purposes, CST Law created several matter

numbers for its representation of the Committee. The matter numbers are divided by Debtor

and/or large tasks the Committee undertook, as follows:

| Matter ID | Matter Name |
|---|---|
| 396-00002 | General |
| 396-00003 | COFINA Dispute Analysis |
| 396-00004 | Communications with Creditors/Website |
| 396-00005 | Plan Fiscal Analysis |
| 396-00006 | PREPA |
| 396-00007 | HTA |
| 396-00009 | Other Adversary Proceedings |
| 396-00010 | Mediation |

**I.      General (Matter ID 396-00002)**

(a)      Case Administration (Task Code 110)

Fees:   $6,721.00          Total Hours:   29.60

57.      During the Application Period, CST Law advised the Committee on general case
administration, including preparing the Committee's Rule 2019 statement, the Committee's by-laws, and confidentiality agreements. In order to efficiently track deadlines, organize documents, and manage workstreams, CST Law also prepared a task list per requests from Paul Hastings LLP attorneys and maintained a case calendar. To minimize duplication of services, CST Law developed procedures for allocating responsibilities among various CST Law lawyers.

---

[8]      The description of services in this Application is limited to those matters in which CST Law provided 5 or more hours of service during the Application Period.

(b)     Pleading Reviews (Task Code B113)

Fees:   $11,113.50          Total Hours:   42.85

26.     During the Application Period, CST Law has reviewed various pleadings to be adequately prepared to provide services to the Committee.

(c)     Meeting of and Communications with Creditors (Task Code B150)

Fees:   $3,216.00           Total Hours:   13.70

27.     During the Application Period, CST Law prepared various documents to keep the Committee apprised of relevant developments in the Title III Cases, related adversary proceedings, and the mediation process. Also, CST Law participated in various telephone conferences and communications with the Committee.

(d)     Court Hearings (Task Code B155)

Fees:   $3,000.00           Total Hours:   11.50

28.     During the Application Period, CST Law attended as local counsel to all hearings that Paul Hastings attended. To minimize costs, only one CST Law attorney appeared in the hearings accompanying Paul Hastings' attorneys.

(f)     Other Contested Matters (excluding assumptions/Rejections (Task Code B190)

Fees:   $27,549.00          Total Hours:   125.30

29.     During the Application Period, CST Law analyzed numerous motions filed in the Title III Cases, analyzed related legal and factual issues, and strategize with Paul Hastings attorneys in regarding the mentioned issues.

## II.     COFINA Dispute Analysis (Matter ID 396-00003)

30. Pursuant to the *Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA Dispute*, dated August 10, 2017 [Docket No. 996] (the

11

"Commonwealth-COFINA Stipulation"), the Committee was appointed as the Commonwealth representative to litigate and/or settle the Commonwealth-COFINA Dispute (as defined in the Commonwealth-COFINA Stipulation) on behalf of the Commonwealth (the "Commonwealth Agent").[9] The Commonwealth-COFINA Dispute is one of the most significant and complex disputes in these Title III Cases.

(g) Case Administration (Task Code B110)

        Fees:   $567.00         Total Hours:   2.10

31.    CST Law attorneys conferred with Paul Hastings attorneys and the Committee, with respect to the preparation and general administration of the adversary proceeding commenced by the Commonwealth Agent, styled as *Official Committee of Unsecured Creditors v. Whyte*, Adv. Proc. No. 17-257 (the "Commonwealth-COFINA Action").

(h)    Pleadings Review (Task Code B113)

        Fees:   $1,195.00        Total Hours:   6.50

32.    During the Application Period, CST Law has reviewed various pleadings to be adequately prepared to provide services to the Committee and assist Paul Hastings in its representation of the Committee.

(i)    Other Contested Matters (Excluding Assumptions/Rejections (Task Code B190)

        Fees:   $99,654.00       Total Hours:   495.35

33.    During the Application Period, CST Law provided assistant to Paul Hastings in the analysis and drafting of pleadings filed in connection with the COFINA Agent's motion to

---

[9]    The Commonwealth-COFINA Dispute concerns the question "[w]hether, after considering all procedural and substantive defenses and counterclaims, including constitutional issues, the sales and use taxes [the ("SUT")] purportedly pledged by COFINA to secure debt . . . are property of the Commonwealth or COFINA under applicable law."

confirm the application of the liability protections in section 105 of PROMESA. For example, CST Law conducted various research that were instrumental in developing a strategy.

    (j)    Non-Traveling Work (Task Code B195)

    Fees:  $816         Total Hours:  9.60

34.    During the Application Period, various CST Law attorneys had to travel in-island to attend hearings and complete tasks requested by Paul Hastings attorneys.

**III.    Communications with Creditors/Website (Matter ID 396-00004)**

    (a)    Creditor General Inquiries (Task Code B112)

    Fees:  $3,895.00      Total Hours:  19.50

35.    During the Application Period, CST Law worked with Paul Hastings in developing the Spanish version of the Committee's Website.

**IV.    Plan Fiscal Analysis (Matter ID 396-00005)**

    (a)    Meetings of and Communications with Creditors (Task Code B 150)

    Fees:  $1,269.00      Total Hours:  5.40

36.    During the Fee Application Period, CST Law partook in communications with the Committee and the Committee's Financial Advisors to adequately understand the approved Puerto Rico Fiscal Plan and its implications in the Title III proceedings.

**V.    PREPA (Matter ID 396-00006)**

    (a)    Pleadings Review (Task Code B113)

    Fees:  $454.00        Total Hours:  2.20

37.    During the Application Period, CST Law has reviewed various pleadings to be adequately prepared to provide services to the Committee and assist Paul Hastings in its representation of the Committee.

    (b)    Other Contested Matters (excluding assumptions/rejections) (Task Code B190)

        Fees:  $1,034.00        Total Hours:  7.5

38.    During the Application Period, CST Law worked with Paul Hastings attorneys to analyze pleadings filed in various PREPA-related adversary proceedings and to develop strategies for such cases.

    (c)    General Litigation (Task Code B191)

        Fees:  $454.00        Total Hours:  2.20

39.    During the Application Period, CST Law worked with Paul Hastings attorneys to analyze pleadings filed in various PREPA-related adversary proceedings and to develop strategies for such cases.

**VI.    HTA (Matter ID 396-00007)**

    (a)    Pleadings Review (Task Code B113)

        Fees:  $1,053.00        Total Hours:  3.90

40.    During the Application Period, CST Law reviewed and pleadings filed and orders entered in the HTA Title III Case and related adversary proceedings.

**VII.    Other Adversary Proceedings (Matter ID 396-00009)**

    (b)    Pleadings Review (Task Code B113)

        Fees:  $1,024.00        Total Hours:  5.20

41.    During the Application Period, CST Law reviewed the pleadings filed and orders entered in various adversary proceedings related to the Title III Cases generally as well as non-Title III litigations and appeals

    (c)    Other Contested Matters (Excluding Assumptions/Rejections) (Task Code B190)

        Fees:  $4,491.00        Total Hours:  25.30

42.     During the Application Period, CST Law worked with Paul Hastings attorneys to analyze pleadings filed in various PREPA-related adversary proceedings and to develop strategies for such cases.

**VIII.   Mediation (Matter ID 396-00010)**

(a)     Other Contested Matters (Excluding Assumptions/Rejections) (Task Code B190)

Fees:   $648.00            Total Hours:   2.40

43.     During the Application Period, CST Law worked with Paul Hastings attorneys to analyze the major creditor disputes in the Title III Cases and prepared internal memoranda regarding the same

44.     The foregoing professional services were necessary and appropriate to the administration of the Title III Cases and were incurred upon in the best interests of the Committee, the Debtors, the creditors, and other parties in interest.

## ACTUAL AND NECESSARY DISBURSEMENTS

45.     As set forth in Exhibit D hereto, CST Law disbursed $6,320.62 as expenses incurred in providing professional services during the Interim Fee Period.

46.     Because CST Law believes that online legal research (e.g., LEXIS and WESTLAW) is far more cost-efficient than manual research using hard-bound volumes, CST Law encourages computerized legal research even though it is not a profit center for CST Law.

47.     The time constraints imposed by the circumstances of the matters handled by CST Law during the Interim Fee Period required its attorneys and other employees, at times, to devote substantial time during the evenings and on weekends to perform legal services on behalf of the Committee. These extraordinary services were essential to meet deadlines, timely respond to daily inquiries, and satisfy the Committee's needs and demands. Attorneys and other CST Law

employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs in accordance with the Local Rules and firm policy. CST Law's regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the provision of legal services.

48.    CST Law believes the rates for charges incurred are the market rates that most law firms charge clients for such services. In addition, CST Law believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

49.    Section 316 provides for the compensation of professionals. Specifically, section 316 provides that a court may award a professional employed by a committee under section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." PROMESA §316(a). Section 316 of PROMESA also sets forth the criteria for the award of such compensation and reimbursement:

(a)    In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

(i)    the time spent on such services;

(ii)    the rates charged for such services;

(iii)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;

16

(iv)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(v)      with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and

(vi)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title or title 11, United States Code.

PROMESA § 316(c). Further, section 317 of PROMESA provides that "a committee . . . may apply to the court not more than once every 120 days . . . for such compensation for services rendered . . . ."

50.     In the instant case, CST Law respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to protect, preserve, and maximize the value for unsecured creditors during the pendency of the Title III Cases. The services rendered to the Committee were performed in an economic, effective, and efficient manner commensurate with the complexity and importance of the issues involved. The results obtained to date have benefited not only the Committee but also the Debtors and their stakeholders. Accordingly, the compensation requested herein is reasonable considering the nature, extent, and value of such services to the Committee, the Debtors, and all parties in interest.

51.     The work conducted was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each particular task. Whenever possible, CST Law sought to minimize the costs of CST Law's services to the Committee by utilizing talented junior attorneys and paraprofessionals to handle the more routine

17

aspects of the assignments. A small group of the same CST Law attorneys was utilized for the vast majority of the work in this case, to minimize the costs of intra- CST Law communication and education about the Title III Cases. As demonstrated by this Application, CST Law spent its time economically and without unnecessary duplication. Accordingly, approval of the compensation sought herein is warranted.

## **CONCLUSION**

WHEREFORE, CST Law respectfully requests entry of an order (i) allowing interim compensation for professional services rendered during the Interim Fee Period in the amount of $169,523.00 and expense reimbursements in the amount of $6.320.62; (ii) directing the Debtors' payment of the amounts allowed and; (iii) granting CST Law such other and further relief as is just.

*s/ Juan J. Casillas Ayala, Esq.*
Juan J. Casillas Ayala, Esq.

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com