UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
-------------------------------------------------------------------x
                                                                   :
                                                                   :
In re:                                                             :
                                                                   :
THE FINANCIAL OVERSIGHT AND                                        :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                  :   Title III
                                                                   :
         as representative of                                      :   Case No. 17-BK-3283 (LTS)
                                                                   :
THE COMMONWEALTH OF PUERTO RICO, et al.,                           :   (Jointly Administered)
                                                                   :
         Debtors.¹                                                 :
-------------------------------------------------------------------x
```

**ORDER GRANTING FIRST INTERIM FEE APPLICATION OF CASILLAS, SANTIAGO & TORRES, LLC, AS LOCAL COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD <u>FROM JULY 21, 2017 THROUGH AUGUST 31, 2017</u>**

Upon consideration of the application (the "<u>Application</u>")[2] of Casillas, Santiago & Torres, LLC ("<u>CST Law</u>"), as local counsel to the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "<u>Committee</u>"), for an order pursuant to sections 316 and 317 of PROMESA, section 503(b) of the Bankruptcy Code made applicable to these cases by section 301(a) of PROMESA, Bankruptcy Rule 2016, and Local Rule 2016-1, for allowance of compensation and reimbursement of expenses for the period from July 21, 2017 through August 31, 2017 (the "<u>Application Period</u>"), the Court hereby FINDS AND

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

-2-

DETERMINES that (i) the Court has jurisdiction to consider the Application and the relief requested therein pursuant to section 306(a) of PROMESA; (ii) venue is proper before this Court pursuant to section 307(a) of PROMESA; (iii) due and proper notice of the Application has been provided under the particular circumstances and no other or further notice need be provided; (iv) any objections to the Application having been resolved; (v) all persons with standing having been afforded the opportunity to be heard on the Application; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED THAT:**

1. The Application is granted on an interim basis.

2. CST Law claims for fees and expenses for services rendered during the Application Period and reimbursement for actual and necessary expenses incurred during the Application Period are hereby allowed in the amount of $169,523.00 and $6,320.62, respectively.

3. For the avoidance of doubt, nothing here modifies the Retention Order, including, without limitation, paragraph 3 thereof.

4. To the extent the amounts described in paragraph 2 hereof have not already been paid pursuant to the Interim Compensation Order, (a) the Debtors are directed to pay CST Law the outstanding fees in the amount of **$169,523.00** within fourteen days of the date of this Order, and any such payment shall be made net of any withholding or other applicable taxes, and (b) the Debtors are directed to reimburse CST Law for its outstanding expenses in the amount of **$6,320.62** within fourteen days of the date of this Order, and such payment shall be made net of any withholding or other applicable taxes.

5. CST Law is authorized to file its invoices for the month of September 2017 with the next fee application.

-3-

6. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

7. The Committee and CST Law are authorized and empowered to take all necessary actions to implement the relief granted in this Order;

8. Notwithstanding the possible applicability of Bankruptcy Rules 6006(d), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

Dated:

                                               HON. LAURA TAYLOR SWAIN
                                               UNITED STATES DISTRICT JUDGE