IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Debtor | PROMESA<br>Title III<br>No. 17 BK 3283-LTS |
| In Re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTOHORITY<br><br>Debtor | Title III<br>No. 17 BK 4780-LTS<br><br>**Court Filing Relates Only to PREPA and Shall only be Filed Case No. 17-BK-4780 (LTS) and Main Case 17-BK-3283 (LTS)** |

**REPLY TO PREPA'S OPPOSITION TO MOTION REQUESTING LIFTING OF THE STAY**

**TO THE HONORABLE COURT:**

COMES NOW PBJL Energy Corporation, through its undersigned attorney hereby respectfully states as follows:

INTRODUCTION

1. PBJL Energy Corporation seeks the lifting of the stay in *PBJL Energy v. AEE*, Civil Num. KAC 2015-0465, before the Court of First Instance in San Juan. To that effect, it filed a motion requesting the lifting of the stay. PREPA opposes said request, advancing only formulaic averments that do not address the particular issues at hand.

2. Movant seeks a modification of the stay so it can continue its case in state court for enforcement of a power purchase contract that PREPA does not recognize exists. As stated before, discovery has ended and pending is pretrial and trial. PREPA has essentially two objections that are discussed *infra*.

3. Debtor contends that "forcing PREPA to defend against the Commonwealth Action would interfere with its Title III case and the overall recovery effort by diverting PREPA's attention and resources away from critical work necessary to repair the electric grid and provide reliable electric service to the residents of the Commonwealth."[1] PREPA, however, does not explain why trying this case, which involves lawyers and witnesses, would divert efforts from repairing the electrical grid. How many essential and unreplaceable PREPA witnesses will be needed for a few days at trial? Debtor does not explain. Moreover, this is true of any continuation of litigation in any case involving a debtor; hence, PREPA's unsubstantiated contentions are without merit.

4. Debtor further contends that if the litigation continues and PBJL wins, "would further interfere with PREPA's operational and financial reorganization." Again, aside from asserting this statement, PREPA does not explain how having to honor a contract that a court validly ratifies would interfere with its operational and financial reorganization, especially when the time to reject executory contracts has not expired[2].

5. PREPA further claims that PBJL has not stated how not lifting the stay would prejudice it. The prejudice is quite obvious, nevertheless. This is not a case where filing a proof of claim will result on the payment or not of a claim. Here, PBJL avers the specific performance of a contract which PREPA, on the other hand, claims does not exist. If the state

---

[1] PREPA's motion at page 6.

court were to decide in PBJL's favor, even if PREPA failed to honor the contract, it would then have a clear entitlement to payment. Without the determination of the existence of the contractual relationship, PBJL and the Court, would be hard pressed to value any proof of claim it filed. Hence, not lifting the stay would be very prejudicial to PBJL, whereas PREPA would have to use one or two of its personnel (at the most, since PREPA purposely fails to identify their names or positions in relation to the reconstruction of the grid) for the few days the trial would last.

6. In addition, the project that involves the PREPA contract is one that saves debtor over $2 billion in a time that the utility needs all the help it can get. This contract, contrary to Whitefish and others, was signed not in an emergency but during a time where PREPA could ponder all the pros and cons it had. To simply dismiss the issues with "we are too busy to deal with this" is an invitation to the denial of rights of PBJL and other parties who have sought or will seek stay relief. Hence, the Court should modify the automatic stay and allow the continuation of the Pending Litigation, as there is "cause" pursuant to Section 362(d)(1) of the Bankruptcy Code: the Pending Litigation is a purely a matter of Commonwealth law; as of the Bankruptcy Petition date the aforesaid litigation had already commenced and can be timely adjudicated. Hence, movants request the modification of the automatic stay.

WHEREFORE: PBJL respectfully requests from the Honorable Court a modification of the stay imposed by Section 362 of the Bankruptcy Code so that they may continue the Commonwealth Court litigation, all issues which are governed by Puerto Rico law, provided, however, that movants will not execute against any assets of the estate, without further order of this Court.

---

[2] That is assuming the PBJL contract can be rejected. PBJL reserves the right to argue it cannot be rejected at the appropriate time.

Respectfully submitted on this 17th of December, 2017.

CERTIFY: That on this same day, the ECF system sent a copy of this motion to all parties in this litigation.

/s John E. Mudd
John E. Mudd
Bar Number: 201102
Attorney for Plaintiffs
LAW OFFICES JOHN E. MUDD
P. O. BOX 194134
SAN JUAN, P.R. 00919
(787) 413-1673
Fax. (787) 753-2202
jemudd@yahoo.com