UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT   MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as  representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>DEBTOR | PROMESA<br>TITLE III<br><br><br><br>No. 17 BK 3283-LTS |

**OPPOSITION TO MOTION REQUESTING RELIEFS FOR APPEAL**

COMES NOW, creditor, Sucesión Pastor Mandry Mercado, through its undersigned counsel and very respectfully states and prays:

1. On December 4, 2017, Javier Mandry Mercado, (hereinafter the "Movant") filed a *Motion Requesting Reliefs for Appeal* (docket no. 1934) in which he moves for an order staying the Memorandum Order entered on July 7,2017 (docket no. 600) (hereinafter, the "Order").  Said Order granted relief from the automatic stay imposed by the filing of the above-captioned case to allow the inverse condemnation case filed  by the Estate at the Puerto Rico Court of First Instance (hereinafter the "Court") (civil case no. J AC2008-0853) to proceed to a determination of damages.

2. Movant was included as a defendant in civil case no. J AC2008-0853 under the provisions of Rule 16.1 of the Puerto Rico Rules of Civil Procedure (PRRCP), equivalent to Rule19(a)(2) of the Fed. Rules Civ. Proc., as he was a co-owner of the property which was the object of the case and would not join as a plaintiff.  Although originally represented by counsel, Movant dismissed his attorney and attempted to appear *pro se* and file an amended answer to the complaint.  After examining the filing, the Court concluded that Movant was not capable of

defending himself and ordered him to retain counsel. Movant failed to do so after being ordered on three separate occasions, and the Court entered his default.

3. The Commonwealth Government (debtor in the instance case) appealed the partial summary judgment entered by the Court ruling that a taking of the property for a Natural Reserve required payment of just compensation. Said judgment was affirmed by the Puerto Rico Court of Appeals. Movant did not file an appeal, nor did he join in the Commonwealth's appeal. Neither did Movant file for a writ of Certiorari before the Supreme Court of Puerto Rico, or join in the one filed by Commonwealth Government, which was denied.

4. Movant's previous motions (dockets entries nos. 634 and 822) requesting that this Honorable Court reconsider the Lift Stay Order were properly denied as the concerns relating to the underlying litigation must be addressed to the court where said litigation is pending.

5. Movant bases his request for the stay on Fed. Rules Civ. Proc. Rule 62(c) and Fed. Rules Civ. Proc. Rule 8(a)(1)(A), (C). None of these supports his position. Rule 62(c) provides only for the stay of an order or final judgment that grants, dissolves or denies an injunction. The Order is not related to an injunction. Fed. Rules Civ. Proc. Rule 8(a)(1)(A) merely states that prior to moving for a stay pending appeal to the appellate court, the remedy should first be requested in the district court.

6. Assuming that Movant could move for a stay on appeal under Fed. Rules Civ. Proc. Rule 62(d), for such stay to be granted, Movant would have to show that there is justificaction for it and post a supersedeas bond. As was stated in *Acevedo García v. Vera Monroig*, 296 F. 3d 13 (1st. Cir. 2002):

> The *sine qua non* [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits." *Weaver v. Henderson,* 984 F.2d 11, 12 (1st Cir.1993). In essence, the issuance of a stay depends on "whether the harm caused [movant] without the [stay], in light of the [movant's] likelihood of eventual success on the merits, outweighs the harm the [stay] will cause [the non-moving

party]." *United Steelworkers of America v. Textron, Inc.,* 836 F.2d 6, 7 (1st Cir.1987) (internal quotations omitted).

7. Movant's appeal is highly unlikely to succeed on the merits. Movant fails to understand that the Commonwealth of Puerto Rico debt adjustment proceeding is not the proper venue for claims that refer to the validity of the final judgment entered in the Puerto Rico courts. The Orders denying Movant's motions for reconsideration entered on July 21, 2017 (docket no. 712) and August 2, 2017 (docket no. 844) so stated. Under the *Rooker-Feldman* doctrine, this Honorable Court lacked jurisdiction to review a final partial judgment that was entered by the Court of First Instance of Puerto Rico, affirmed by the Court of Appeals and denied review by the Puerto Rico Supreme Court. In re Vazquez, 467 B.R. 550 (2012). Assuming that Movant's claims were meritorious —and they are not— such claims could have only properly be considered by the Puerto Rico courts.

All of Movant's arguments were considered by this Honorable Court and rejected for lack of merit. The record shows that, contrary to Movant's allegations, the undersigned counsel only appeared on behalf of plaintiffs in the underlying litigation to obtain relief from the automatic stay.

8. The underlying litigation has been pending for over 9 years, and the amount of just compensation has yet to be determined. The filing of an appeal does not prevent the effects of the Lift Stay Order entered on July 07, 2017. Thus, there was no obligation to advise the state Court of Movant's frivolous appeal. The state court has yet to set a trial date. If the stay requested by Movant were granted, the Estate would be severely prejudiced for their property has been taken by the Commonwealth since August 9, 2008, without any compensation. Movant will not be prejudiced in any manner as his interest in the property will be compensated by the award that the state court will issue.

9. Movant's request that the Estate be ordered to translate documents also lacks merit. This Honorable Court accepted the documents in Spanish. If Movant needs to translate them for his appeal, it is him who bears the burden of said translation and not the Estate, who has not even been notified of said appeal.

WHEREFORE, it is respectfully prayed that Movant's Mmotion be denied, with such other and further relief as this Court deems just and proper.

**CERTIFICATE OF SERVICE**: I hereby certify that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Office of the United States Trustee and to the attorneys of record; and by regular mail to Mr. Javier Mandry Mercado, 1326 Calle Salud, Apt. 1101, Ponce, P.R. 00717.

RESPECTFULLY SUBMITTED.

In Ponce, Puerto Rico, this 19th of December, 2017.

/s/María E. Vicéns Rivera
MARÍA E. VICÉNS RIVERA
USDC- PR 226711
9140 MARINA ST., SUITE 801
PONCE, PUERTO RICO 00717
TEL. / FAX: (787) 259-1999
E-mail: mevicens@yahoo.com