IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.*<br><br>      Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**Dkts. 2167, 2168** |

### REPLY OF AURELIUS IN SUPPORT OF URGENT MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF

Luis A. Oliver-Fraticelli
Lourdes Arroyo-Portela
Katarina Stipec-Rubio
USDC-PR Bar Nos. 209204,
226501, & 206611
ADSUAR MUÑIZ GOYCO SEDA &
    PÉREZ-OCHOA PSC
208 Ponce de Leon Ave., Suite 1600
San Juan, P.R.  00918
Phone:  (787) 756-9000
Fax:  (787) 756-9010
Email: loliver@amgprlaw.com

Theodore B. Olson  (*pro hac vice*)
Matthew D. McGill  (*pro hac vice*)
Helgi C. Walker  (*pro hac vice*)
Lucas C. Townsend  (*pro hac vice*)
Lochlan F. Shelfer  (*pro hac vice*)
Jeremy M. Christiansen  (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Phone:  (202) 955-8500
Fax:  (202) 467-0539
Email:  tolson@gibsondunn.com

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Aurelius Investment, LLC, Aurelius Opportunities Fund, LLC, and Lex Claims, LLC ("Aurelius"), respectfully state as follows:

1. The response of the Financial Oversight and Management Board for Puerto Rico (the "Board") to Aurelius's urgent motion for a sur-reply lacks merit. The Board's objections should be overruled and Aurelius's proposed order granted.

2. The Board's counter-proposal deadline for a brief filed by Aurelius is unreasonable, as it gives Aurelius less than a week, which includes a major holiday, to respond. There is no need for the Board and its able counsel to have a full eleven days to review a 10-page sur-reply; Aurelius's proposed deadline of five days before the hearing is more than adequate to avoid any "unfair prejudice to the Board." Dkt. 2168 at 1. Moreover, given the possibility that other briefs filed as a reply to the brief of the United States may go beyond their proper scope, the page limit proffered by the Board is also unreasonable. Counsel for Aurelius made a good faith effort to consult with counsel for the Board, yet given the press of time, believed that further discussion with the Board was unlikely to prove constructive. And while Aurelius declined to include the Board's proposed language in its motion, *see id.* at 2, it did so on the understanding that the Board itself could file a response explaining its reasons for opposing Aurelius's request—as indeed it has.

3. Moreover, the Board suggests that its schedule is the only one that avoids unfair prejudice. But the Board is the one that strayed from the Court's scheduling order, admitting that it has addressed points "that were not addressed by the United States," and thus used the opportunity to "reply" to the United States as a chance to rebrief its opposition to Aurelius's motion, thus creating unfair prejudice to Aurelius. Dkt. 2168 at 2. Aurelius would not need to seek leave

to file a sur-reply to anything had the Board adhered to this Court's order and principles of fair play.

4. Furthermore, the innuendo that Aurelius's reply to the United States is out of time is absurd, especially coming from the Board. This Court's scheduling order plainly dictates that the due date for such reply is "**December 23, 2017**." Dkt. 1392 at 2. Indeed, the *Board itself* proposed that deadline, see Dkt. 1388 at 3 ("any replies to any brief filed by the United States must be by **December 23, 2017**"), and this Court granted the Board's proposed schedule over Aurelius's objection, Dkt. 1392 at 2. Aurelius's proposed schedule had avoided weekend filing deadlines, and the Court's adoption of the Board's alternative proposal removes any doubt that today, Saturday, is the deadline for replies to the United States. Dkt. 1385 at 2.

5. Moreover, the Court's scheduling order for the Aurelius and UTIER motions "supersede[d] all prior orders of the Court," Dkt. 1392 at 2, making Saturday, December 23, the filing deadline. This language overrode the prior Second Amended Case Management Order ("CMO"), which provided that weekend filing deadlines to fall back to the previous weekday. The Second Amended CMO was superseded by the Third Amended CMO on October 24. *See* Dkt. 1512 Annex at 2. The Board's suggestion that this Court's Third Amended CMO changed the filing deadline to Friday *sub silentio*, however, lacks any merit. Moreover, if the Board were correct, the objections and statements of nearly every party regarding Aurelius's motion, including the Board's own objections, would have been untimely because they were filed after the 4:00 PM Atlantic Standard deadline under the Third Amended CMO. *See*, *e.g.*, Dkt. 1622 (4:07 PM), Dkt. Dkt. 1623 (4:31 PM), Dkt. 1627 (5:02 PM), Dkt. 1629 (5:21 PM), Dkt. 1631 (5:33 PM), Dkt. 1634 (7:25 PM), Dkt. 1638 (8:38 PM), Dkt. 1640 (11:08 PM). But these filings were timely

2

precisely because they are governed by the scheduling order, as the other parties correctly understand.

6. Finally, to avoid any possible confusion over this matter, counsel for Aurelius contacted this Court's chambers via telephone on December 21 and a clerk confirmed that December 23 was the filing deadline for replies to the brief of the United States.

7. Aurelius thus respectfully requests that the Court overrule the Board's meritless objection and grant Aurelius's urgent, and reasonable, motion.

Dated:  December 23, 2017      Respectfully submitted,

 /s/ Lourdes Arroyo-Portela         /s/ Theodore B. Olson

Luis A. Oliver-Fraticelli          Theodore B. Olson  (*pro hac vice*)
Lourdes Arroyo-Portela             Matthew D. McGill  (*pro hac vice*)
Katarina Stipec-Rubio              Helgi C. Walker  (*pro hac vice*)
USDC-PR Bar Nos. 209204,           Lucas C. Townsend  (*pro hac vice*)
226501, & 206611                   Lochlan F. Shelfer  (*pro hac vice*)
ADSUAR MUÑIZ GOYCO SEDA &          Jeremy M. Christiansen  (*pro hac vice*)
    PÉREZ-OCHOA PSC                GIBSON, DUNN & CRUTCHER LLP
208 Ponce de Leon Ave., Suite 1600 1050 Connecticut Avenue, N.W.
San Juan, P.R.  00918              Washington, D.C.  20036
Phone:  (787) 756-9000             Phone:  (202) 955-8500
Fax:  (787) 756-9010               Fax:  (202) 467-0539
Email:  loliver@amgprlaw.com       Email:  tolson@gibsondunn.com
larroyo@amgprlaw.com               mmcgill@gibsondunn.com
kstipec@amgprlaw.com               hwalker@gibsondunn.com
                                   ltownsend@gibsondunn.com
                                   lshelfer@gibsondunn.com
                                   jchristiansen@gibsondunn.com