**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,** | **CASE NO. 17 BK 3283-LTS** |
| | **TITLE III, PROMESA** |
| **AS REPRESENTATIVE OF THE COMMONWEALTH OF PUERTO RICO** | |
| **Debtor** | |

**REPLY TO OBJECTION OF THE COMMONWEALTH TO MOTION FOR RELIEF FROM STAY FILED BY BEATRIZ NIEVES-LÓPEZ, ET AL.**

**TO THE HONORABLE COURT**:

**NOW COME** Beatriz Nieves-López and 26 other Plaintiffs in the case captioned <u>Nieves-López et al v. Bhatia-Gautier et al</u>, Civil No. 14-1220 (JAG-BJM) (hereinafter, "<u>Nieves-López</u>"), through the undersigning counsel, and respectfully allege and pray as follows:

**I.      INTRODUCTION**

1. On December 6, 2017, appearing parties (hereinafter, the "Plaintiffs"), filed a Motion for Relief of Stay (hereinafter, the "Motion"). (Dkt. 1922). In short, the Motion argued that the stay does not apply to the defendants in <u>Nieves-López</u>, current and former employees of the Legislative Assembly of Puerto Rico, who have been sued in their personal and official capacities under Section 1983 for political discrimination in the public sector. Also, the Motion argues that even if the stay were to apply, other overriding factors warrant that the stay be lifted or modified.

2. That same day, this Honorable Court issued a scheduling order to the effect that a response to the Motion had to be filed by December 20 and a reply by December 27, 2017. (Dkt. 1925.)

3. On December 20, 2017, the Commonwealth of Puerto Rico, not a party in the case of <u>Nieves-López</u>, filed their Objection of the Commonwealth to Motion for Relief from Stay Filed

-1-

by Beatriz Nieves-López, et al. [Ecf No. 1922] (hereinafter, the "Objection"). (Dkt. 2141.) The Objection argues: (1) that Plaintiffs are estopped from questioning the applicability of the stay; and (2) that no cause exists to lift or modify the stay.

4. None of the arguments made in the Objection hold water. Per the scheduling order, Plaintiffs appear in response to those arguments through this Reply.

5. Plaintiffs incorporate by reference all the arguments and discussions made in the Motion as if they were transcribed herein.

## II. THE ISSUE OF THE APPLICABILITY OF THE STAY IS NOT SUBJECT TO COLLATERAL ESTOPPEL

6. The Commonwealth argues that Plaintiffs are estopped from raising the applicability of the stay because that issue was decided before the District Court. However, questions as to the validity of an automatic stay are integral parts of a bankruptcy proceeding and therefore within the exclusive jurisdiction of the bankruptcy courts. Moreover, the doctrine of collateral estoppel is not applicable to this case.

7. In Gruntz v. County of Los Angeles (In re Gruntz), 202 F.3d 1074, 1083 (9th Cir.2000), The Ninth Circuit held that Congress vested the federal courts with "the final authority to determine the scope and applicability of the automatic stay." Specifically, Congress awarded the bankruptcy courts final say in whether an automatic stay was valid. To wit, the Bankruptcy Court for the District of Puerto Rico has held "… that the bankruptcy court has **exclusive jurisdiction to terminate, annul, or modify the automatic stay** because it is part of the bankruptcy case itself." (Emphasis ours.) In re Morales-García, 553 B.R. 1 (B.D.P.R. 2016).

8. A court cannot simply waive its jurisdiction, or have it taken away by another court. Ultimately, the question of whether the automatic stay in Nieves-López applies falls on this Honorable Court as an integral part of the bankruptcy proceedings.

9. On the other hand, collateral estoppel does not apply to the instant case. As explained by

the Supreme Court, collateral estoppel "… means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe v. Swenson, 397 U.S. 436, 443 (1970). Here, the question of whether the automatic stay applies to Nieves-López is not an issue of ultimate fact but an interlocutory matter. In fact, the District Court did not grant the Plaintiffs an opportunity to express themselves over the issue. On June 12, 2017, Defendants in their personal capacities filed a Notice of Automatic Stay of Proceedings Pursuant to the Commencement of Case Under Title III of PROMESA. (Dkt. 66.) On June 16, 2017, just 4 days later and without any notice to Plaintiffs to express themselves within a shorter period than the one granted by the Rules, the District Court issued an order staying the case and advising that "[a]ny request to lift or vacate the stay must be filed in the bankruptcy court in Bankruptcy Case No. 17-bk-03283." (Dkt. 67.) Such a determination cannot be granted the weight of an issue of ultimate fact.

10. In light of the above, Plaintiffs respectfully aver that this Honorable Court has exclusive jurisdiction to decide on issues of the automatic stay, including its applicability. Moreover, given the circumstances of the case, the District Court's order of June 16, 2017, cannot have the effect of *res judicata* or collateral estoppel.

### III. AUTOMATIC STAY IS INAPPLICABLE SINCE CLAIMS ARE NOT AGAINST THE TITLE III DEBTOR

11. The Commonwealth then argues that the automatic stay applies to Nieves-López because: (1) this Honorable Court has extended the stay to government officers; (2) the automatic stay applies pursuant to In re City of Stockton, 484 B.R. 372 (Bankr. E.D. Cal. 2012) and Newberry v. City of San Bernardino (In re City of San Bernardino), 558 B.R. 321 (C.D. Cal. 2016); (3) that in Nieves-López, the Commonwealth both assumes the legal representation and payment of a subsequent adverse judgment against Defendants, calling it an exclusive responsibility regarding

-3-

the legal representation and payment of any judgment against the defendants" (see Reply, at page 7, ¶ 15), and; (4) that Plaintiffs claim for injunctive relief is an attempt to exercise control over the Debtor's property.

12. Firstly, this issue has been decided by the District Court for the District of Puerto Rico. To wit, in <u>Guadalupe-Báez v. Pesquera</u>, __ F.Supp.3d __ (D.P.R. 2017) (2017 WL 3837187), the plaintiff filed a section 1983 claim against defendant in his personal capacity. The defendant filed a notice of automatic stay. The District Court held that the automatic stay under Title III did not apply and explained:

> In this case, Defendant Pesquera is sued in his individual capacity as superintendent of the PRPD at the time of the events. The Commonwealth of Puerto Rico is not a party to this case. Plaintiffs' claim is against an individual, not the Commonwealth. Thus, Plaintiffs' claim against Defendant Pesquera does not seek to enforce a "claim against the debtor" under section 922(a). The fact that the Commonwealth has enacted laws to fund the defense of individual-capacity officer suits, or to potentially provide payment of an adverse judgment is a *non sequitur*.

*Supra*.

13. Section 362 establishes an automatic stay, in pertinent part, when "…the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding **against the debtor** that was or could have been commenced before the commencement of the case under this title, or to recover a claim **against the debtor** that arose before the commencement of the case under this title." (Emphasis ours.) 11 U.S.C.A. § 362. On the other hand, the stay under section 922 applies only to "… the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against an officer or inhabitant of the debtor **that seeks to enforce a claim against the debtor**…" (Emphasis ours.) 11 U.S.C.A. § 922. Even more, the Order Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365 and 922 Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition Lawsuits, and (III) Application of Contract Protections

-4-

clarified that, as to officers and inhabitants of the Debtors, the section 922 stay applies "in all respects to the Debtors' officers in both their official and personal capacities **with respect to actions whereby parties pursuing such actions seek to enforce claims against any of the Debtors**." (See Objection, at page 3, ¶ 10.)

14. Notwithstanding, under Sections 922 and 362, and under this Honorable Court's clarification per the Order, the automatic stay is conditioned upon the movant raising a claim against the debtor. The complaint in Nieves-López is not directed at enforcing a claim against the Title III debtor. Therefore, the automatic stay is not applicable. As stated in the Motion, which is incorporated herein, Nieves-López is a Section 1983 claim against Defendants in their personal capacities. Nieves-López is bereft of any monetary claims against the Title III debtor.

15. Moreover, the cases of In re City of Stockton, *supra*, Newberry v. City of San Bernardino (In re City of San Bernardino), *supra*, are easily and notably distinguishable from Nieves-López. Both cases follow the argument made by the Commonwealth in its Objection, namely that it provides Defendants with legal representation and would be liable to cover any judgment. In In re City of Stockton, *supra*, and Newberry v. City of San Bernardino (In re City of San Bernardino), *supra*, this issue was a determining factor in their conclusion. However, in both cases, under California law, the municipalities were obligated to provide the government officers with legal representation and cover the judgment. Following that argument, because the municipalities were obligated to provide legal representation and judgment payment, to lift the stay would inevitably result in the municipality incurring in significant costs and legal fees, possibly a substantial judgment.

16. In Puerto Rico, Local Law No. 104 establishes the conditions for suits against the Commonwealth. 32 L.P.R.A. § 3077 et seq. Local Law No. 9, an amendment to Local Law 104, provides for government officers to receive legal representation from the Puerto Rico Department of Justice when they are sued in their personal and/or official capacities. Contrary to California

law, in Puerto Rico this benefit is discretionary, not mandatory. Once served summons, the officer has to request legal representation from the Department of Justice. Then, "[t]he Secretary of Justice shall determine in **which cases the Commonwealth shall assume legal representation** and, subsequently, after considering the findings of the court or which arise from the evidence presented, he shall determine **whether it is in order to pay the full judgment imposed** on the public officials, ex-officials, employees or ex-employees sued, pursuant to the provisions of §§ 3085-3092a of this title." (Emphasis ours.) 32 L.P.R.A. § 3087. In Nieves-López, Defendants in their personal capacities are represented by the Commonwealth's Justice Department because the Department chose to do so, not because they were legally obligated to do so.

17. In fact, the Department's regulations on the matter highlight the discretionary nature of the service. The application process entails an initial review into whether the applicant clears the first hurdle, that is establishing that he/she is sued in his/her personal capacity and summons have been served, that the complaint calls for monetary damages, and that the claims are based on an alleged violation of civil rights. Once these preliminary requisites are met, the Secretary will begin an investigation into the applicant and the filed complaint to determine whether legal representation will be provided. Once the investigation is concluded, the Secretary will make a final determination as to whether legal representation will be provided. Also, the regulations clearly and expressly state that "[t]he Justice Department **may recommend**… payment of an adverse judgment or of a judicial or extrajudicial settlement…" (Translation ours.) See, Regulation No. 8405 dated November 20, 2013, known as the Legal Representation and Judgment Payment Regulation of the Justice Department, Articles 8 and 22.

18. In re City of Stockton, *supra*, and Newberry v. City of San Bernardino (In re City of San Bernardino), *supra*, are based on the premise that legal representation and judgment payment are mandatory. That is not the case in Puerto Rico. Both services are discretionary and subject to modification. In its Objection, the Commonwealth admits that In re City of Stockton, *supra*, was

-6-

decided as it was because payment of judgment was mandatory, and attempts to overcome that key difference with Nieves-López by arguing that even though the Puerto Rico Secretary of Justice may deny legal representation and judgment payment, that determination is subject to judicial review. (See Objection, at page 7, fn 4.) The Commonwealth seems to equate judicial review with mandatory services when, in fact, the courts have consistently held that great deference is owed to administrative determinations and they will not be overturned unless a clear

error was made. In light of this demanding standard, whether judicial review exists is immaterial.

19. The legal representation and payment of judgment which comprises the lion share of the Commonwealth's argument against lifting of the stay is discretionary. A discretionary action made by the Commonwealth, which can be unmade, cannot have the effect of extending the protection of a bankruptcy stay to third parties. This same conclusion was reached by the District Court in Guadalupe-Báez, *supra*, when it stated:

> If the Attorney General were to decline representation in a Section 1983 case, Plaintiffs' claim would continue against the Commonwealth actor in his personal capacity, without the benefit of Commonwealth representation. In other words, the Section 1983 complaint would not seek to "enforce a claim against the Debtor."
>
> Altogether, under Puerto Rico law: (1) financial liability on a personal capacity claim is not necessarily "against the debtor"; (2) a personal capacity claim for damages may or may not seek to "enforce a claim" when the Commonwealth elects to provide representation; and (3) in the event the Attorney General were to decline to defend and indemnify the Commonwealth actor, and that Commonwealth actor sought judicial review of such a determination, it would be the Commonwealth actor, not the Plaintiffs, who sought to "enforce a claim against the debtor."

*Supra*.

20. In short, the District Court reiterated that monetary claims in Section 1983 cases, such as Nieves-López, are levied against the defendants, not the Commonwealth. Moreover, whether the Commonwealth provides legal representation is irrelevant given that the Puerto Rico Justice Department can decline to provide that representation.

21. Plaintiffs therefore respectfully reiterate that the lift is not applicable to Nieves-López.

**IV. FACTORS SUPPORTING THE LIFTING OF THE STAY**

22. The Commonwealth then argues that Plaintiffs have not established cause for lifting the stay. Specifically, the Reply states that: (1) pending in Nieves-López are the conclusion of discovery, summary judgment and pretrial memoranda, which would cause the Department of Justice to incur in additional expenses; (2) claims against Defendants are in fact against the Commonwealth because costs of legal representation and judgment are borne by the

-8-

Commonwealth; (3) the claim does not involve third parties because Plaintiffs seek to enforce a claim against the Commonwealth; (4) the balance of factors favors the Commonwealth because continuing Plaintiffs case would represent an additional expense for the Department of Justice.

23. It is evident that all of the Commonwealth's arguments with regards to the In re Sonnax Indus., Inc., 907 F.2d 1280, factors stem from the Department of Justice's discretional legal representation and cover of judgment in Nieves-López. However, a discretional, not mandatory, act by a debtor cannot have the effect of extending an automatic stay. Should the Commonwealth be concerned with the effects that its legal representation of Defendants in Nieves-López may have, it is within its purview to refrain from offering it. Defendants can then procure new legal representation. That also goes for the Commonwealth's coverage of any judgment.

24. Nieves-López is in an advanced stage. Discovery in Nieves-López, which due to the amount of Plaintiffs was substantial, was near completion when the stay was imposed. This satisfies factors 1 and 11, since the lifting of the stay will facilitate the quick resolution of the issues. Likewise, factors 2, 6, 7 and 9 favor lifting the stay because the Defendants in Nieves-López in their personal capacities are separate from the Commonwealth of Puerto Rico. Nieves-López involves third parties to these bankruptcy proceedings. It follows that there is no interference from Nieves-López with the Title III process. Since Nieves-López involves third parties, it represents no prejudice for creditors or interested parties in the Commonwealth's bankruptcy. Again, because Nieves-López does not include the Commonwealth as a debtor, the favorable resolution in those cases would not result in a lien on the Government. Judicial economy would be best served by lifting the stay and allowing Nieves-López to conclude and avoid further delays. Also, as previously stated, because Defendants in their personal capacities are separate from the Commonwealth, this Honorable Court lacks jurisdiction over it in the Title III proceedings currently under way. To apply the stay results in the Plaintiffs being left devoid of any forum in which to pursue their claims and protect their interests. This represents a devastating

impact on their rights and in effect deprives them of their property without due process. Lastly, no harm will result on the Commonwealth from lifting the stay, whereas Plaintiffs will be bereft of any effective mechanism to advance their claims.

**WHEREFORE**, it is respectfully requested that this Honorable Court issue an order to the effect that the stay is not applicable to Nieves-López, or otherwise lift or modify the stay and order the proceedings be continued.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this December 25, 2017.

**I HEREBY CERTIFY** that on this date, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

    **s/Francisco R. González-Colón**
**FRANCISCO R. GONZALEZ COLON**
**USDC No. 116410**

FRANCISCO GONZÁLEZ LAW OFFICE
1519 PONCE DE LEÓN AVE.
FIRST FEDERAL BLDG. SUITE 805
SAN JUAN, P.R. 00909
Tel. (787) 723-3222 FAX 722-7099
bufetefrgonzalez@gmail.com