UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, et al., | (Jointly Administered) |
| Debtors.[1] | |

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 4780-LTS |
| | **This order relates to PREPA and shall be filed in the lead Case No. 17 BK 3283-LTS and Case No. 17 BK 4780-LTS** |
| PUERTO RICO ELECTRIC POWER AUTHORITY, | |
| Debtor. | |

-------------------------------------------------------------x

MEMORANDUM ORDER DENYING PBJL ENERGY CORPORATION'S
MOTION REQUESTING LIFTING OF THE STAY (DOCKET ENTRY NO. 482)

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Before the Court is a motion filed by PBJL Energy Corporation (the "Movant") for relief from the automatic stay imposed by the filing of the above-captioned Title III case in a breach of contract lawsuit commenced in the Court of First Instance in San Juan, Puerto Rico, captioned <u>PBJL Energy v. AEE</u>, Civil No. KAC 2015-0465 (the "Lawsuit"), by Movant against the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"). For the following reasons, the Motion is denied in its entirety.

## BACKGROUND

Movant, the named Plaintiff in the Lawsuit, which was filed against PREPA, seeks to continue to prosecute the Lawsuit. (Case No. 17-3283, Docket Entry No. 1853; Case No. 17-4780, Docket Entry No. 482, Motion Requesting Lifting of the Stay (the "Motion"), ¶ 1.) In the Lawsuit Movant seeks either specific performance of an alleged contract or an unspecified amount of money damages. (<u>Id.</u>) Movant asserts in the Motion that "discovery has been completed" and "all that was pending was a trial date." (<u>Id.</u>) Movant further asserts that lifting of the automatic stay is appropriate for the following reasons: (i) the Court of First Instance is the appropriate forum in which to adjudicate the matter, (ii) continuation of the Lawsuit would neither interfere with PREPA's Title III case nor prejudice PREPA's creditors, because the alleged contract is advantageous to PREPA, and (iii) continuation of the lawsuit would result in judicial economy and an expeditious resolution of the case. (<u>Id.</u> ¶ 6.) On December 11, 2017, PREPA filed its objection (the "Debtor's Objection") to the Motion. (Case No. 17-4780, Docket Entry No. 489.) On December 17, 2017, Movant filed a reply to the Debtor's Objection (the "Movant's Reply"). (Case No. 17-4780, Docket Entry No. 504.) The Court has reviewed the submissions thoroughly.

The Debtor argues that the Motion must be denied for several reasons, including interference with the "breathing space" needed by the Debtor to: reorganize under Title III; rebuild PREPA's infrastructure and restore power to the people of the Commonwealth; and formulate and implement procedures for efficient management of pending litigation and the claims process. The Debtor further cites burdens on Debtor resources that would be occasioned by resumption of the litigation of the Lawsuit. The Debtor agrees with Movant that discovery has concluded, however, the Debtor asserts that the Lawsuit is far from trial ready. Specifically, the Debtor argues the parties must prepare pre-trial briefing, discovery related motions, witness preparation, trial preparation and post-trial preparation, all of which would divert the already strained and limited financial resources of the Debtor as well as the Debtor's management.

## DISCUSSION

Section 362(a) of the Bankruptcy Code, made applicable by Section 301(a) of PROMESA, 48 U.S.C. § 2161, imposes an automatic stay on "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . ." 11 U.S.C. § 362(a)(1); see also PROMESA § 301(a) (incorporating 11 U.S.C. § 362 into Title III cases). Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e,g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F.

Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," "whether litigation in another forum would prejudice the interests of other creditors," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

The Sonnax criteria do not weigh in Movant's favor with respect to the continuation of the Lawsuit. Continuation of the Lawsuit, which is not trial ready, would not necessarily result in an expeditious resolution of Movant's claims. Indeed, even Movant recognizes that any action upon relief granted would be subject to further order of this Court. Thus, the requested relief from the automatic stay would not result in a complete or materially significant partial resolution of Movant's claims against PREPA. However, its claim and any attendant factual and equitable issues relevant to relief can be adjudicated within the context of this Title III proceeding. For the same reasons, relief from stay to continue the Lawsuit would not serve the interests of judicial economy or the economical resolution of Movant's dispute with PREPA. Furthermore, the continuation of the Lawsuit would prejudice PREPA at a time when its resources are constrained by requiring the expenditure of PREPA's already depleted resources (both financial and personnel) and diverting attention from the reconstruction of PREPA's electrical grid, which was destroyed by Hurricane Maria in September 2017. The hardship to PREPA of devoting its legal and management resources to litigation of a contract allegedly entered into prior to the catastrophe at a time when it must focus on the restoration of power to

the vast majority of Puerto Rico's residents and businesses outweighs the burden on Movant of delay of resolution of its claim, a burden which is shared with other creditors.

## CONCLUSION

For the foregoing reasons, Movant's motion is denied and the automatic stay continues in place. See 11 U.S.C. § 362(a). This Memorandum Order resolves docket entry no. 482 in case no. 17-4780 and docket entry no. 1853 in case no. 17-3283.

SO ORDERED.

Dated: December 26, 2017

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge