# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-03283 (LTS)<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17-03566 (LTS)<br><br>**This Court filing relates only to Debtor Employees Retirement System of the Government of the Commonwealth of Puerto Rico** |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

AMERICAS 94023311

**THE PUERTO RICO FUNDS' AND ERS'S JOINT INFORMATIVE MOTION
REGARDING THE REVISED PROPOSED ORDER ON THE PUERTO RICO FUNDS'
MOTION CONDITIONING THE AUTOMATIC STAY ON THE CONTINUATION
OF THE ERS BONDHOLDER PROTECTIONS, OR ALTERNATIVELY, TO
ENFORCE THE COURT'S JULY 17, 2017 ORDER**

To the Honorable United States Judge Laura Taylor Swain:

1. On November 28, 2017, the Puerto Rico Funds filed their *Motion Conditioning the Automatic Stay on the Continuation of ERS Bondholder Protections, or Alternatively, to Enforce the Court's July 17, 2017 Order* (the "Motion"). 17-BK-3566, Dkt. No. 221; 17-BK-3283, Dkt. No. 1866.

2. On December 19, 2017, the Puerto Rico Funds submitted a revised proposed order (the "Revised Order") in response to the Bank of New York Mellon's ("BNYM") limited response[2] to the Motion. 17-BK-3566, Dkt. No. 242; 17-BK-3282, Dkt. No. 2110.

3. On December 20, 2017, the Court held a hearing on the Motion (the "Hearing") and rendered a ruling on the record at the conclusion of the Hearing. Hr'g Tr. 52:10-54:3 (Dec. 20, 2017). The Court then directed the Puerto Rico Funds, ERS, the Puerto Rico Fiscal Agency and Financial Authority ("AAFAF"), and BNYM (collectively, the "Parties") to confer regarding the form of order and present an agreed form of order by December 27, 2017, or, if there was no agreement, to submit a revised proposed order with objections for the Court's consideration. *Id*. at 54:4-14.

4. Pursuant to the Court's direction, the Parties met and conferred regarding a revised agreed proposed order. The Parties were able to agree on a revised proposed order except for two provisions. A copy of the Puerto Rico Funds' revised proposed order is attached hereto as **Exhibit 1** (the "Puerto Rico Funds' Proposed Order"). A copy of ERS's revised proposed order is attached hereto as **Exhibit 2** (the "ERS's Proposed Order" and together with

---

[2] 17-BK-3566, Dkt. No. 232; 17-BK-3282, Dkt. No. 2024.

the Puerto Rico Funds' Proposed Order, the "Proposed Orders"). The two provisions that the Puerto Rico Funds and ERS were unable to agree on are reflected in paragraphs 2 and 4 of the Proposed Orders.

### Paragraph 2 of the Proposed Orders

*THE PUERTO FUNDS' POSITION:*

5. With respect to paragraph 2 of the Puerto Rico Funds' Proposed Order, the Puerto Rico Funds submit that two business days following entry of the Court's order on the Motion is more than enough time for ERS to transfer the funds for the December-January Stipulation Payment to BNYM. As an initial matter, the transfers of these funds are already long past due. Under the terms of the Joint Stipulation, ERS is already more than one month late in transferring the funds for the December 1 interest payment (which should have been transferred on or before November 20, 2017), and one week late in transferring the funds for the January 1 interest payment (which should have been transferred on or before December 20, 2017). The Court ruled at the Hearing that the Joint Stipulation continues to govern the timing of transfers from ERS to BNYM for the payment of interest to the Bondholders. This ruling was not conditional, and ERS should be held to its obligation to transfer the funds without further delay.

6. The two business day period of time is also supported by the terms of the Joint Stipulation. When the Court approved the Joint Stipulation in July, the transfer of funds for the July 1 interest payment was then likewise past due. Under those circumstances, ERS agreed – and this Court ordered – that the funds for the July 1 interest payment be transferred within two business days to BNYM. *See* Joint Stipulation, ¶ F ("The ERS shall transfer to the Fiscal Agent for the payment of interest on the ERS Bonds, no later than 2 business days after entry of an order approving this Stipulation, those amounts from the Prepetition Segregated Account

AMERICAS 94023311

necessary to pay interest that became due and payable on July 1, 2017."). There is simply no legitimate justification for a longer period of time this go around.

7. While the Puerto Rico Funds had initially proposed five business days in the Revised Order that they submitted before the Hearing, it has now been a week since that Hearing and the Court's ruling. Thus, ERS has been on notice for the last seven days that it would be required to transfer these funds, and the Bondholders should not be penalized by any further delays. This is particularly the case when all that is involved is a simple wire transfer – a wire transfer that ERS already acknowledged is possible to do within two business days when it agreed to the Joint Stipulation in the first instance.

8. BNYM has no objection to paragraph 2 of the Puerto Rico Funds' Proposed Order.

*ERS's POSITION:*

9. ERS objects to the Puerto Rico Funds' demand in paragraph 2 of their proposed order that the December-January Stipulated Payment must be made "within two (2) business days," because the Court did not impose such a requirement in its December 20, 2017 ruling and two business days is not sufficient time for ERS. Instead, ERS has proposed that the payment be made "within five (5) business days," Ex. 2 ¶ 2, so that ERS has enough time to make a transfer in the event the Court signs the proposed order during the week of January 1-5, 2018, when ERS will be closed for the holidays. If the Court issues its order while ERS is closed, ERS will need to have an employee interrupt their holiday to come to the office to authorize a transfer. ERS is prepared to do so but merely requests five business days, which is what the PR Funds initially proposed in the order they submitted to the Court on December 19, 2017, Case No. 17-BK-3566-LTS, Dkt. No. 242. ERS is not willing, as demanded by the Bondholders, to make a transfer of funds before the Court enters the order, because the Court's December 20, 2017 ruling imposed

no such obligation on ERS. The Bondholders will not be prejudiced by waiting three additional business days, nor could they be given that ERS is merely asking for what the PR Funds themselves proposed to the Court.

### Paragraph 4 of the Proposed Orders

*THE PUERTO FUNDS' POSITION:*

10. The Puerto Rico Funds submit that the second sentence in paragraph 4 of AAFAF's Proposed Order should be rejected as it seeks to modify the Joint Stipulation. Specifically, AAFAF seeks to impose a new requirement found nowhere in the Joint Stipulation – that is, that if BNYM is holding any funds at the time the Court renders is summary judgment ruling, then BNYM must hold such funds pending further Court order.

11. As the Court made clear at the Hearing, ERS is obligated to transfer funds to BNYM *for the payment of interest to the Bondholders.* Hr'g Tr. 53:12-17 (COURT: Rather, ERS remains obligated through the briefing period to transfer to BNY Mellon as fiscal agent "for the payment of interest on ERS bonds," and then I again quote, "the amount necessary to pay interest on the ERS bonds due and payable on the first day of the next succeeding month in accordance with the ERS bond resolutions. And so it is an obligation to transfer monies in aid of distribution of those interest payments to bondholders."). Neither the Court nor the Joint Stipulation require that BNYM first obtain permission from the Court before it carries out its ministerial duties as required under the ERS bond resolution.

12. To be sure, if BNYM is holding funds when the Court renders its summary judgment ruling, then AAFAF is free to seek whatever relief it wishes with respect to those funds at that time. The Joint Stipulation and the Puerto Rico Funds' Proposed Order both contain broad reservation of rights language for just this reason. But for now, the Puerto Rico Funds

respectfully submit that the Joint Stipulation should be enforced as written.

13. BNYM has no objection to paragraph 4 of the Puerto Rico Funds' Proposed Order.

*ERS's POSITION:*

14. ERS objects to the Bondholders' refusal to include language in paragraph 4 stating that any funds in BNYM's possession at the time of the Court's ruling on the parties' summary judgment motions be held pending further Court order: "If at the conclusion of the Briefing Period, the Fiscal Agent has not released funds transferred by ERS for distribution to the Bondholders pursuant to paragraph 3 of this Order, then the Fiscal Agent shall continue to hold such funds pending further Court order." Ex. 2 ¶ 4.

15. First, ERS's proposed language is necessary to eliminate uncertainty of the kind that led to the PR Funds' Motion in the first place. ERS's proposal will help avoid costly and time consuming motion practice by making clear that BNYM should hold any funds in its possession at the time of the Court's summary judgment ruling that have not yet been distributed to the Bondholders.

16. Second, ERS's proposed language is necessary to preserve ERS's right to request a return of funds based on the outcome of the Court's summary judgment ruling. Neither the Joint Stipulation, nor the Court's December 20, 2017 ruling required that ERS forgo this right after the Briefing Period ends. To ensure that ERS's rights are adequately preserved, BNYM must be required to hold and retain any funds in its possession at the time the Court issues its summary judgment ruling. This scenario may occur if the Court issues a ruling after the 20th day of the month but before the first day of the next month, when BNYM must distribute payments pursuant to paragraph 3 of the proposed order. Otherwise, BNYM could distribute the funds in

its possession before ERS has the opportunity to assess the Court's ruling and its impact on the parties' rights and before ERS has time to seek Court relief regarding those funds. ERS's proposal helps to avoid these problems and ensures that all stakeholders, including bondholders and the Retiree Committee, have time to assess their respective rights after the Court issues its summary judgment ruling. In addition, ERS's proposal does not prevent the Court from issuing its own order regarding the treatment of funds held by BNYM in conjunction with the Court's summary judgment ruling.

*[REMAINDER OF THE PAGE INTENTIONALLY LEFT BLANK]*

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, today December 27, 2017.
By:

| | |
|---|---|
| */s/ Alicia I. Lavergne-Ramírez* | */s/ John K. Cunningham* |
| José C. Sánchez-Castro<br>USDC-PR 213312<br>jsanchez@sanpir.com | Glenn M. Kurtz (*pro hac vice*)<br>John K. Cunningham (*pro hac vice*)<br>WHITE & CASE LLP<br>1221 Avenue of the Americas<br>New York, NY 10036 |
| Alicia I. Lavergne-Ramírez<br>USDC-PR 215112<br>alavergne@sanpir.com | Tel. (212) 819-8200<br>Fax (212) 354-8113<br>gkurtz@whitecase.com |
| Maraliz Vázquez-Marrero<br>USDC-PR 225504<br>mvazquez@sanpir.com | jcunningham@whitecase.com<br><br>Jason N. Zakia (*pro hac vice*)<br>WHITE & CASE LLP |
| SÁNCHEZ PIRILLO LLP<br>270 Muñoz Rivera Avenue, Suite 1110<br>San Juan, PR 00918<br>Tel. (787) 522-6776<br>Fax: (787) 522-6777 | 200 S. Biscayne Blvd., Suite 4900<br>Miami, FL 33131<br>Tel. (305) 371-2700<br>Fax (305) 358-5744<br>jzakia@whitecase.com |

*Counsel for Movants Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund II, Inc., Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.*

*Counsel for Movants Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund II, Inc., Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.*

*/s/ Paul V. Possinger*
Martin J. Bienenstock
Timothy W. Mungovan
Kevin J. Perra
Paul V. Possinger
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**

Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
ppossinger@proskauer.com
kperra@proskauer.com
tmungovan@proskauer.com

*/s/ Luis F. del Valle-Emmanuelli*
Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.977.1932
Fax. 787.722.1932
dvelawoffices@gmail.com

OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos
San Juan, PR 00918
Tel: (787) 751-6764/ 763-0565
Fax: (787) 763-8260

*Attorneys for The Financial Oversight and Management Board for Puerto Rico,
as representative of the Employees Retirement System of the Government
of the Commonwealth of Puerto Rico*

AMERICAS 94023311

*/s/ Suzzanne Uhland*
John J. Rapisardi
Suzzanne Uhland
Peter Friedman
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

Elizabeth L. McKeen
(Admitted *Pro Hac Vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: +1-949-823-6900
Fax: +1-949-823-6994

*Attorneys for the Puerto Rico Fiscal Agency
and Financial Advisory Authority*

AMERICAS 94023311