IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: THE FINANCIAL OVERSIGHT MANAGEMENT BOARD FOR PUERTO RICO | CASE NO. 17-BK-3283-LTS <br> TITLE III |
| as representative of THE COMMONWEALTH OF PUERTO RICO | |

## REPLY TO OPPOSITION (DOCKET 2115)

I, JAVIER MANDRY-MERCADO, co-Plaintiff Pro Se, hereby declare and request that this court considers this motion, and that which is contained within in reply to opposition. I must continue in my handwriting due to a condition that hinders me from typing. This issue of the disability will be discussed in a separate motion requesting the appointment of counsel.

1. A reading of the "opposition" motions demonstrates that the opposing party continues using "old tricks" to prevent answering any allegations directly, and attempting to confuse the court. Despite this movant being a pro se, in ten years of litigating pro se you learn the "tricks of the trade" because all have been used against you.

2. Per Ms. Vicens' opposition item two and three (3), she attempts to layout a very decommodating point of view, leaving out the allegations that I contend violated due process and my right to "my day in court," much like what happened in this case. They insist on deciding for me whether I will plead or allege anything. I suggest that the implications further exacerbate the ethical violations previously alleged against Ms. Vicens.

3. Per the opposition, item four, Ms. Vicens insists that any concerns regarding the underlying litigation must be addressed to the court where litigation is pending. However, the allegations of this movant entail a different cause of action which collaterally attacks the fraudulent judgments.

4. Per the opposition, item two (2), Ms. Vicens misrepresents

consider that an automatic stay is void or voidable per First Circuit's Ct.'s definition in In re Soares, 107 F.3d at 976 is an issue completely unrelated to the instant case which focuses on this movant's contention that the judgment should be invalidated for fraud upon the court and fraudulent non-joinder of an indispensable party.
6. Per the opposition motion, item six (6), Ms. Vicens attempts to argue the relevance of a supersedeas bond to a case dealing with an automatic stay is neither a money judgment, nor a decision "affecting real, personal or intellectual property." The relief for automatic stay does not qualify as such. It should be considered that the state court case was affected by the automatic stay and that Ms. Vicens admitted to not having informed me of the case, as required.

that "the court concluded that the movant was not capable of defending himself. This never happened, nor did the court follow due process of law pursuant to the laws of Puerto Rico. Federal laws have strict requirements that property rights cases must comply with due process. The lawyers stipulated a material fact, excluding this litigant and co-owner. The court has not erred. Corruption in the Ponce court is rampant, in my opinion. Proving this confers federal jurisdiction, especially because an inverse condemnation case has concurrent jurisdiction with federal court.

5. Per the opposition motion, item five (5), Ms. Vicens claims that Rule 62(c) does not support movants' position. The truth is, that 11 USC 362(d)(1) applies to the instant issue. To obtain a lift from the automatic stay you require "cause." However, to

6. Finally, per the opposition motion, item ~~six (6)~~ eight (8) claims that the opposition would be "severely prejudiced" since it has been since 2008 taken without just compensation. However, this does not take into my allegations of judicial interference causing the court to violate the "necessity question" to have exercise its police power causing a categorical taking when the law did not confer the courts jurisdiction or authority to interpret it, but to leave it to the Planning Board (which did not happen).

7. Regarding opposition item (9) I ask the court to consider that the opposition violated my 1st amendment rights and the fact that I am a pro forma pauper litigant.

Wherefore, I hereby request that this Court denies the request of the Sucn Pastor Mandry, and thereby granting the reliefs requested on docket 1934.

DATE: December 21, 2017

Petitioner: _____

JAVIER E. MANDRY-MERCADO
1326 Calle Salud Apt 1101
Ponce, PR 00717