IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: THE FINANCIAL OVERSIGHT MANAGEMENT BOARD FOR PUERTO RICO | CASE NO. 17-BK- 3283-LTS <br> TITLE III |
| as representative of THE COMMONWEALTH OF PUERTO RICO | |

**Reply to 'Response to Commonwealth of Puerto Rico's Response to Opposition filed by Javier Mandry Mercado to Motion for an Order Authorizing Assumption of Agreement with Eduardo Mandry Mercado and Lucia Casa Casal Pursuant to Bankruptcy Code Section' (Docket 1991)**

**I, JAVIER MANDRY-MERCADO, co-Plaintiff Pro Se, hereby inform and request that this Court issue an order to the Commonwealth to produce documents, considering the following facts:**

1) I continue in handwriting due to a disability that prevents me from typing.
2) Per Docket 1991, the Commonwealth of PR ("the Commonwealth") replied to my motion in opposition (Docket 1963). Per the Commonwealth, they claimed to be available or willing to supply any document to avoid wasting the resources of the Court.
3) In light of the email response,

this movant emailed Mr. Bauer on 12/13/17 and again on 12/20/17 (Exh. 1A). Here, I informed him of my new findings regarding other related contracts that affect or are affected by the contract between the Commonwealth and Eduardo Manbry and Lucia Casas, referenced in Docket 1933, ("The Eduardo Manbry contract"). The research revealed that the Eduardo Manbry contract is combined with other contracts. However, the attorneys suddenly decided not to supply public documents. However, I must point out that the sudden change of stance from an "open door" to a "closed door" policy points to a racketeering organization that I contend operates in tandem with our D.O.J. I do not plan to address this plague, but rather to become a whistle-blower of fraudulent activity that has taken Puerto Rico into a state of bankruptcy, and are currently working to exacerbate it via creation of fraudulent debt, contracts used to fail to defend the Commonwealth, and other issues which

affect the "bottom line" of the Commonwealth.

4) Despite not having the benefit of the contracts that I requested of the Commonwealth, and upon further study of the available documents that I posess, the allegations that support my opposition (Docket 1933) are as follows:

a) The deed of segregation (Exh. A) of the Ponce Shooting Club took place on February 24, 1982, per Deed no. 7 notary Barnés Español. This movant was represented by his parents without judicial authorization or capacity to do so.

b) The deed of sale of the Ponce Shooting Club took place on March 8, 1982 per Deed no. 29 and notary Vivaldi Formoso. This movant, then a minor, was excluded altogether as selling party, as were the other minors mentioned in the deed of segregation.

c) On August 29, 1983, this movant's father filed with the Registrar of

property of Ponce Deed of Judicial Sale no. 8, in tandem with the Deed of sale. The Registrar denied recordation. The Supreme Court of Puerto Rico denied ratified the denial claiming conflict of interest and incorrect procedure. (c and c)

d) On December 13, 1996, this movant's mother and father, to supposedly be able to record the title ownership of the Ponce Shooting Club and transfer it to the Municipality of Ponce proceeded to grant Deed of Ratification of segregation, sale and relinquishment of rights. By means of this deed, the parents and persons deemed to have a conflict of interest by TSPR, proceeded to ratify the Deed of Segregation, the deed of sale, and therefore relinquishes all property rights. The parents of this movant represented movant after having been emancipated and forced (movant) to sign a power of attorney in their favor. This movant was never consulted nor informed of this transaction.

The Contracts (Exhibit 1B)

c) Furthermore, using limited information regarding pending contracts with the Police of Puerto Rico and with the Commonwealth I was able to identify the following related contracts:

1. On 2016, the Commonwealth of PR stipulated an agreement with Eduardo Mandry to dismiss a lawsuit. [need copy]*

2. On August 1, 2016, the Municipality of Ponce signed contract #2017-A00105 regarding the Rental of the Ponce Shooting Club for $1.00. [need copy]

3. On August 1, 2016, Eduardo Mandry signed contract #2017-A00103 with the Police regarding relinquishment of an usufruct of Mango, SE. [need copy]

4. On August 11, 2016, Finca Matilde, Inc. signed contract #2017-A00104 regarding relinquishment of usufruct of Mango SE (Eduardo Mandry's corporation) over to the Police of Puerto Rico.

5. There is a reference to a Deed of Usufruct to Mango, SE [need copy]

* This refers to the contract presented in the Promesa case — referenced but not included.

5) Per Docket 1933, this movant claimed that Eduardo Mawpry lacked capacity to represent the contract. The previously mentioned contracts may have conferred capacity. However, the issue of the failure to obtain judicial authorization has been interpreted by TSPR as being an indispensable or strict requirement of law. Its failure renders the deeds void ab initio (In re: Lopez Olmedo). That which is void ab initio is not subject or cannot be subjected to a ratification, as subterfuge to a prior failure to observe a strict requirement of law. Therefore, despite the uncertainty of the contents of the contracts, it is this movant's desire to proceed with an adversary complaint to void the deed of sale, segregation and all the related contracts. Voiding the deed of sale and segregation would render the contracts null and void because of lack of capacity.

① Wherefore, this movant requests that this Court would consider that the contract or copies of those listed on Paragraph 4e and Exhibit 1B as crucial to be able to plead properly, especially because these contracts are public documents.

② Second, this movant requests clarification as to whether the adversary complaint should contain all pending issues, including those pending review before the First Circuit Court (Docket 634) with the instant one.

③ Leave to represent third-party rights of the Commonwealth to recover obligations ~~entities~~ that were fraudulently ~~transferred~~ transferred.

Javier Morvley
1326 Calle Salud Apt 110J
Ponce, PR 00717

Dated: December 27, 2017

④ ~~#~~ To be able to pursue my third party rights and those of the Commonwealth, it will be demonstrated that "internals" organized and concurred to a rental of property for $1.00 per year. As true owner, I do not consent to such contract or fraudulent transfer.

See: Exhibit 1B