**From:** Javier Mandry
**Sent:** Friday, December 22, 2017 2:33 PM
**To:** hermann.bauer@oneillborges.com; MBIENSTOCK@PROSKAUER.COM; ppossinger@proskauer.com; ebarak@proskauer.com; mzerjal@proskauer.com
**Subject:** RE: Docket 1991

Gentlemen,

I am resending the two emails I wrote to Mr. Bauer, in response to the willingness to obtain the necessary documents, per motion docket 1991 (see attached). Because Mr. Bauer has not replied, I can only interpret that there is no willingness to provide documents without the intervention of the court, contrary to that which the Commonwealth expressed in the before mentioned motion. Considering that the first email was sent on December 13th and there had been no reply, I will wait no longer unless a timeline is provided. The issue affects three pending contracts that, per my evidence will proved to have been conferred without capacity because ownership of the land is defective because it excluded my share as a minor at time of the deed of sale . This issue will also affect a state case where the Commonwealth and the Municipality entered into a stipulation agreement with Eduardo Mandry.

Sincerely,
Javier Mandry

Sent from Mail for Windows 10

**From:** Javier Mandry
**Sent:** Wednesday, December 20, 2017 11:30 PM
**To:** hermann.bauer@oneillborges.com
**Subject:** RE: Docket 1991

Dear Mr. Bauer,

If you could please confirm a date when you could obtain the requested documents, I would appreciate it. I need to inform the court by the 29th regardless. I will proceed with the adversary complaint. Obtaining the contracts will not correct the obvious lack of capacity to engage in the contracts. The Municipality of Ponce is not a third party of good faith.

Sent from Mail for Windows 10

**From:** Javier
**Sent:** Wednesday, December 13, 2017 9:58 PM
**To:** hermann.bauer@oneillborges.com
**Subject:** Re: Docket 1991

Dear Mr. Bauer,

This movant has read your request to attempt to address the issues, or at least to obtain the necessary documents. After some research, I must inform that this request affects three pending contracts. See: Pending Contracts 2017-A00103 ,2017-A00104, 2017-A00105.  All three were transferred an

usufruct of Mango SE. I need copies of the three contracts and of the usufruct deed that is referenced. I believe there is a separate issue regarding that usufruct involving fraudulent misrepresentation so that I would sign that usufruct.

Attached are three documents that would prove that the contracts are null and void because the deed of sale and segregation of the lot is void ab initio  pursuant to In re: Lopez-Olmedo. For the segregation of the lot, my parents represented me without judicial authorization. For the deed of sale, my share was not even included. They attempted a judicial sale. There is an issue of third party of bad faith on the Municipality of Ponce. I do not have a title search or a recordation certificate of that lot to provide you. I believe that your client would be interested in requesting its own copy. Please provide me these when available. Feel free to confirm the authenticity of the documents, as most of them in the possession of DOJ of PR.

Feel free to ask me any questions you, as I understand the subject matter quite well.

Sincerely,
Javier Mandry

*Exhibit 13*

**CONTRATOS VIGENTES AL MOMENTO DE LA TRANSICIÓN**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2017-A00090 | Pedro O. Vidal Ríos | 1/7/2016 | 1/7/2016 | 30/06/2017 | $ 8,905.00 | Profesor/Academia | Adiestramientos y readiestramientos al personal |
| 2017-A00093 | Ginette Rosa De Jesús | 1/7/2016 | 1/7/2016 | 30/06/2017 | $ 24,000.00 | Psicóloga | Acuerdo de la Reforma Sostenible de la PPR |
| 2017-C00094 | Hospital Veterinario Vistamar | 1/7/2016 | 1/7/2016 | 30/06/2017 | $ 36,000.00 | Servicio de Veterinario Unidad Canina. | Médico de nuestros Canes |
| 2017-C00095 | 3M Cogent | 20/07/2016 | 20/07/2016 | 30/06/2017 | $ 380,000.00 | Mantenimiento Preventivo Sistema AFIS. | Tecnología de Vanguardia (Huellas Dactilares) |
| 2017-A00096 | Municipio de Ceiba | 13/07/2016 | 13/07/2016 | 13/07/2017 | N/A | Intervención de Crisis | Acuerdo  Memorando Proyecto Escudo |
| 2017-A00097 | Municipio de Isabela | 7/7/2016 | 7/7/2016 | 31/12/2016 | $ (30,957.79) | Servicios Policiacos (Destaque) | Contrato #2017-000031 |
| 2017-C00099 | Atabex Tranlations | 8/8/2016 | 8/8/2016 | 30/09/2016 | $ 5,392.00 | Servicios de tradución de documentos. | Acuerdo de la Reforma Sostenible de la PPR |
| 2017-A00101 | Municpio de Aguada | 7/7/2016 | 7/7/2016 | 31/12/2016 | $ (25,729.76) | Servicios Policiacos (Destaque) | Contrato #2017-000076 |
| 2017-A00102 | Municpio de Comerio | 1/7/2016 | 1/7/2016 | 31/12/2016 | $ (60,789.11) | Servicios Policiacos (Destaque) | Contrato #2017-000089 |
| 2017-A00103 | Eduardo J. Mandry | 11/8/2016 | 11/8/2016 | 1/4/2021 | $ 1.00 | Arrendamiento | Cesión de Usufructo Mango S.E. |
| 2017-A00104 | Finca la Matilde | 11/8/2016 | 11/8/2016 | 1/4/2021 | $ 1.00 | Arrendamiento | Cesión de Usufructo Mango S.E. |
| 2017-A00105 | Municpio de Ponce | 11/8/2016 | 11/8/2016 | 1/4/2021 | $ 1.00 | Arrendamiento Poligono de Tiro | Contrato Transaccional |
| 2017-C00106 | Intelution  Inc. | 11/8/2016 | 11/8/2016 | 30/06/2017 | $ 899,400.00 | Mantenimiento Sistema Dispatch PPR-93. | Tecnología de Vanguardia (actualizando la PPR) |
| 2017-A00107 | Baxter Healtcare | 16/08/2016 | 16/08/2016 | 30/09/2016 | $ (8,014.04) | Servicios Policiacos | |

Art. 9 (a) 12                              **POLICIA DE PUERTO RICO**                              Transición Gubernamental 2016

Source: http://www.transicion2016.pr.gov/Agencias/040/Informe%20Contratos%20Vigentes/PRPDInforme%20Contratos%20Vigentes.pdf

*copia sin f/e*

EXHIBIT A

Folio número *veintisiete* 87

-----NUMERO: SIETE (7)

------------------SEGREGACION------------------

-----En Ponce, Puerto Rico, a los veinticuatro días

del mes de febrero de mil novecientos ochentidos.---

--------------------ANTE MI--------------------

-----FRANCISCO JOSE BARNES ESPAÑOL, Abogado y Nota-

rio Público ejerciendo en Puerto Rico, con resi-

cia, vecindad y estudio abierto en esta Ciudad de

Ponce.---------------------------------------------

--------------------COMPARECEN--------------------

-----DE LA UNICA PARTE: PASTOR S. MANDRY

mayor de edad, propietario, casado con Helen Nones y

vecino de Ponce; IVELISSE HELENA MANDRY NONES, mayor

de edad, propietaria, casada con Victor

vecina de Ponce; PASTOR SALVADOR ADOLFO MANDRY NONES,

mayor de edad, propietario, casado con Estrella Ma-

ría Aparicio y vecino de Ponce; SALVADOR ADOLFO MAN-

DRY NONES, mayor de edad, propietario, casado con

Rosa Estrella Mercado Guzmán y vecino de Ponce;

OSCAR ADOLFO MANDRY APARICIO, mayor de edad, soltero,

propietario y vecino de Ponce; RICARDO RAFAEL MANDRY

APARICIO, mayor de edad, soltero, propietario, resi-

dente actualmente en el Estado de California, repre-

sentado en este acto por sus apoderados Pastor Man-

dry Nones y/o Miriam Aparicio Vázquez, mediante es-

critura número diez sobre Poder General, otorgada en

Ponce, el veintidos de abril de mil novecientos

ochenta ante el Notario fedante debidamente inscrito

en el Registro de Poderes del Tribunal Supremo de

Puerto Rico, con el número trescientos treintiocho

guión ciento trece (338-113).--------------------

--------------------------------------------------

--------------------------------------------------

--------------------------------------------------

--------------------------------------------------

-2-

Folio número *ochenticinco* 85

IVELISSE HELENA FINGERHUT MANDRY, mayor de edad,----
propietaria, casada con Michael Shields y vecina de-
San Juan; MARGARET ANN FINGERHUT MANDRY, mayor de---
edad, propietaria, casada con Mariano McConnie y ve-
cina de Ponce; VICTOR ROBERT FINGERHUT MANDRY, mayor
de edad, propietario, casado con Alice Madelaine Co-
chran y vecino de Ponce; JAVIER ENRIQUE MANDRY MERCA-
DO, menor de edad, soltero, estudiante y vecino de--
Ponce, representado en este acto por sus padres con--
patria potestad, Salvador Eduardo Mandry Nones y----
Rosa Estrella Mercado Guzmán; SALVADOR RAFAEL MANDRY
MERCADO, mayor de edad, estudiante, residente actual-
mente en el Estado de Louisiana, donde cursa estudi-
os y vecino de Ponce, representado en este acto por-
sus apoderados, sus padres, Salvador Eduardo Mandry-
Nones y Rosa Estrella Mercado Guzmán, mediante escri-
tura número siete sobre Poder General, otorgada en--
Ponce, el día veintisiete de agosto de mil novecien-
tos setentinueve, ante el Notario Mario Edmundo Vélez
EDUARDO JOSE MANDRY MERCADO, menor de edad, pero----
emancipado por concesión de sus padres mediante la--
escritura número sesentidos (62), otorgada en Ponce,
el día primero (1) de octubre de mil novecientos----
ochentiuno ante el Notario fedante, estudiante y ve-
cino de Ponce, representado en este acto por su apo-
derado, su padre, Salvador Eduardo Mandry Nones, me-
diante la escritura número uno (1) sobre poder gene-
ral otorgada en Ponce, el día veintiseis de enero de
mil novecientos ochentidos; MARGARITA ROSA MANDRY---
MERCADO, menor de edad, soltera, al igual que el com-
pareciente anterior quien también es soltero, estu-
diante y vecina de Ponce, representada en este acto
por sus padres, aquí comparecientes, Salvador Eduar-
do Mandry Nones y Rosa Estrella Mercado Guzmán y---
ADRIAN ROBERT MANDRY MERCADO, menor de edad, soltero,

-3-   Folio número *Odeintiséis*   86

estudiante y vecino de Ponce, representado en este----

acto por sus padres, aquí comparecientes, Salvador----

Eduardo Mandry Nones y Rosa Estrella Mercado Guzmán;

mayores de edad, casados entre sí propietarios y ve----

cinos de Ponce.-------------------------------------

-----DO FE, de conocer personalmente a los compare----

cientes y por sus dichos la doy también de sus cir----

cunstancias personales, teniendo a mi juicio la ca----

pacidad legal necesaria para este otorgamiento y, en

consecuencia, libremente:----------------------------

-------------------EXPONEN----------------------------

-----PRIMERO: Que los comparecientes son dueños en----

pleno dominio del inmueble que pasamos a describir.--

PARCELA MT-TRES:RUSTICA: Radicada en el--
Barrio Canas del término Municipal de Pon-
ce, con cabida de ochocientas una cuerdas
cuarenta y seis céntimos; equivalentes a
trescientas quince hectáreas, cero áreas,
cincuenta y ocho centiáreas y trescientas
ochenta y cuatro miliáreas, cabida esta--
que resulta una vez descontadas cinco pun-
to cuatro cuerdas para el Polígono de Ti-
ro de la Policía de Puerto Rico, y que es-
tá formada de las siguientes porciones:--
PORCION A: RUSTICA: Radicada en el Barrio
Canas del término Municipal de Ponce, com-
puesta de ciento noventa y dos cuerdas,
cincuenta y un céntimos, equivalentes a--
setenta y cinco hectáreas, sesenta y seis
áreas y cuarenta y una centiáreas y tres-
cientas cuatro miliáreas, de terrenos lla-
nos identificados en el plano de segrega-
ción como Porción MT-TRES Llana, colindan-
do por el Norte, con terrenos de la Auto-
ridad de Acueductos y Alcantarillados de
Puerto Rico,Oficina Regional,en una ali-
neación de doscientos ocho punto seis me-
tros, con terrenos del Gobierno Municipal
de Ponce, en dos alineaciones que totali-
zan cuatrocientos cincuenta y tres punto
tres metros y con la Carretera Estatal--
número Dos en seis alineaciones que tota-
lizan seiscientos veintiséis punto noven-
ta y ocho metros; por el Este, con la Por-
ción MT-DOS Llana en una alineación de--
ochocientos treinta y seis punto cero nue-
ve metros, por el Sur, con el Mar Caribe--
en seis alineaciones que totalizan ocho-
cientos sesenta punto cuarentisiete metros
y por el Oeste, con la Porción MT-CUATRO-
Llana en una alineación de setecientos ve-
inte punto cuarenta y un metros.---------

- 4 -

Folio número Ochentisiete   87



PORCION B: RUSTICA: Radicada en el Barrio-
Canas del término Municipal de Ponce, com-
puesta de seiscientas ocho cuerdas con no-
venticinco céntimos, equivalentes a dos---
cientas treintinueve hectáreas, treinticua-
tro áreas diecisiete centiáreas y cero o-
cho miliáreas, colindando por el Norte,con
terrenos de Doña Josefina Pirazzi en cua-
tro alineaciones que totalizan doscientos-
ochentiseis punto sesentiun metros; por el
Este, con terrenos de las Empresas Ferré,-
en dos alineaciones que totalizan ciento--
setentiocho punto trece metros, con la Por-
ción MT-CUATRO Escarpada de la Parcela MT-
CUATRO, en una alineación mil doscientos
cinco punto setenticinco metros con terre-
nos de la Administración de Terrenos de---
Puerto Rico, en siete alineaciones que to-
talizan setecientos trece punto cincuenta-
y cinco metros, con la Porción MT-CUATRO--
ESCARPADA de la Parcela MT-CUATRO, en dos-
alineaciones que totalizan setecientos cin-
cuentiuno punto treintiseis metros y con--
la Carretera Número Dos, en seis alineacio-
nes que totalizan trescientos sesentiseis-
punto tres metros; por el Sur, con terrenos
de José A. Ferré, en veintiuna alineaciones
que totalizan mil treintiocho punto noven-
titres metros y por el Oeste, con la Por-
ción MT-DOS ESCARPADA de la Parcela MT-DOS
en una alineación de dos mil trescientos--
ochentiseis punto sesentitres metros.Esta-
porción consiste de dos predios de terreno
denominados en el Plano de Segregación a-
los fines de identificación como Parcela--
MT-TRES INDUSTRIAL, con cabida de treinti-
siete cuerdas setentitres céntimos y Parce-
la MT-TRES ESCARPADA, con cabida de quini-
entos setentiuna cuerdas veintidos céntimos.

-----Inscrita al Folio Doscientos noventitres(293),

del Tomo Seiscientos treinticinco(635) de Ponce Dos,

Finca Número Mil novecientos ocho (1,908), inscrip--

ción primera.-------------------------------------

----------TITULOS, CARGAS Y GRAVAMENES----------- --

-----Adquirieron los comparecientes la finca antes--

descrita por concepto de adjudicación mediante infor-

me particional sometido al Tribunal Superior de Puer-

to Rico, Sala de Ponce, en el caso Civil Número CS--

guión cincuentisiete guión dos mil doscientos noven--

ticinco (CS-57-2295) sobre Disolución de Sociedad y

otros extremos, por Margarita Mercado Riera, et als,

demandantes versus Mario Mercado Riera, et als, De--

mandados con fecha once de noviembre de mil novecien-

tos setentiseis.----------------------------------

Folio número Ochentiocho   88

-5-

-----La finca se halla libre de cargas.-------------

-----Por su procedencia, tiene mención de obligación

contraída por María Luisa Mercado Riera de traspasar

a Don Adrian Mercado Riera, o a quien sus derechos--

represente, una mitad del veinticinco por ciento que

constituye su participación en los bienes aportados-

a la Sociedad Mario Mercado e Hijos; servidumbres a-

favor de la Autoridad de Fuentes Fluviales, hoy Auto-

ridad de Energía Eléctrica; Estado Libre Asociado;--

servidumbre a favor del Estado Libre Asociado, tras-

pasada a la Autoridad de Acueductos y Alcantarillados,

aviso de demanda a favor del Pueblo de Puerto Rico y

arrendamiento a favor de Alvaro L. Carta y su esposa

Vivian Latow, sobre una parcela que forma parte de--

la finca principal y sobre la totalidad de la finca.

-----Manifiestan los comparecientes que el referido-

inmueble se halla libre de gravámenes adicionales.--

-----SEGUNDO: Que el Municipio de Ponce sometió el--

proyecto número ochenta guión sesentitres guión B---

guión ochocientos noventa PGT (80-63-B-890 PGT), ti

tulado SEGREGACION Y ADQUISICION DE TERRENO PARA EL-

FUTURO DESARROLLO DE COMPLEJO DEPORTIVO EN EL BARRIO

CANAS DE PONCE, el cual consiste en la segregación--

de una parcela de terreno con cabida de catorce pun-

to cero cuatrocientas noventa cuerdas (14.0490 cdas)

y el cual fuera autorizado por la Administración de-

Reglamentos y Permisos, Oficina Regional de Ponce,--

mediante la determinación de su Director Regional del

día primero de noviembre de mil novecientos ochenti-

uno.------------------------------------------------

-----Dicha segregación se aprueba conforme al plano-

de inscripción preparado por el Ingeniero Ramón Mon-

tero Basadre, Licencia número 8339, el cual se acom-

para y se hace formar parte de esta segregación como

documento complementario.--------------------------

- 6 -

Folio número Ochentinueve 89

-----TERCERO: Que a tenor con la citada Determinación de la Administración de Reglamentos y Permisos, los comparecientes segregan para que quede inmatriculada como finca distinta en el Registro de la Propiedad, la siguiente parcela de terreno aprobada:-----------

RUSTICA: Parcela de terreno que radica frente al km. 255.7 de la Carretera PR-2; en el Barrio Canas del Municipio de Ponce, con un área superficial de catorce cuerdas y cuarentinueve milésimas de otra(14.049 cuerdas) equivalentes a cincuenta y cinco mil doscientos dieciocho metros cuadrados y dos mil cuatrocientos veintitres milésimas de otro(55,218.2423 mts.cuadrados), en lindes por el Norte, en ciento diecinueve metros y veinticuatro centésimas de otro(119.24mts.), con terrenos del E.L.A.(Polígono de Tiro de la Policía de Puerto Rico); por el Sur, en treintiseis metros y veintiocho centésimas de otro(36.28mts.), con una parcela remanente de la finca principal; por el Este, en cuatrocientos veinte metros y veintinueve centésimas de otro(420.29 metros), con terrenos de la Sucesión Mario Mercado Riera y por el Oeste, en una línea de varias direcciones que totalizan cuatrocientos ochentiun metros y setentinueve centésimas de otro(481.79mts.) con el Camino Municipal al Campo de Tiro.

-----Procede dicha parcela aprobada por la Administración de Reglamentos y Permisos, Oficina Regional de Ponce, de la Porción B de la finca descrita en el hecho PRIMERO de la presente.---------------------

-----CUARTO: Se valora para efectos del Registro dicha parcela en la suma de DIEZ MIL DOLARES ($10,000.00).-----------------------------------------

-----QUINTO: Luego de practicada la segregación objeto de este instrumento, el remanente de la finca se describe como sigue:---------------------------------

-----La Parcela MT-TRES RUSTICA: se describe tal y como figura descrita en el hecho PRIMERO de la presente, ya que la parcela segregada proviene de la Porción B-RUSTICA y esta quedaría así:-----------

PORCION B: RUSTICA: Radicada en el Barrio Canas del término Municipal de Ponce, compuesta de quinientas noventicuatro punto noventa cuerdas, equivalentes a dos millones trescientos treintiocho

Folio número Noventa     90



mil ciento noventicuatro punto noventa me-
tros cuadrados(2,338,194.90 metros cuadra-
dos), colindando por el Norte, con terre-
nos de Doña Josefina Pirazzi, en cuatro
alineaciones que totalizan doscientos vein-
tiseis punto sesentun metros, por el Este,
con terrenos de las Empresas Ferré, en dos
alineaciones que totalizan ciento setenti-
ocho punto trece metros, con la Porción MT-
CUATRO ESCARPADA de la Parcela MT-CUATRO,
en una alineación de mil doscientos cuatro
punto setenticinco metros con terrenos de
la Administración de Terrenos de Puerto Ri-
co, en siete alineaciones que totalizan se-
tecientos trece punto cincuenticinco me-
tros con la Porción MT-CUATRO ESCARPADA, de
la Parcela MT-CUATRO, en dos alineaciones
que totalizan setecientos cincuentuno pun-
to treintaseis metros, con la carretera
Número Dos, en seis alineaciones que tota-
lizan trescientos sesentaseis punto tres
metros y con Camino Municipal al Campo de
Tiro, en doce alineaciones que totalizan
quinientos veintitres punto setenta metros;
por el Sur, con terrenos de José A. Ferré,
en veintiuna alineaciones que totalizan
mil treintiocho punto noventitres metros y
por el Oeste, con la Porción MT-DOS ESCAR-
PADA de la Parcela MT-DOS, en una alinea-
ción de dos mil trescientos ochentiseis
punto sesentitres metros.--------------------

-----------------------ACEPTACION---------------------

-----Tal es la escritura que aceptan los otorgantes

por hallarla conforme a lo convenido.--------------

-----Así lo dicen y otorgan en mi presencia sin la

concurrencia de testigos por no haberlos requerido

ni los otorgantes ni el Notario autorizante.----------

-----Y leída que fue la presente escritura, en uso

del derecho que les advertí tenían, se ratifican

en su contenido y firman conmigo, el Notario, que de

cuanto queda consignado según sus manifestaciones y

de haber los otorgantes iniciado cada folio de este

presente instrumento, DOY FE.-----------------------

-----Se aclara que IVELISSE HELENA FINGERHUT DE BAS

Comparece por su mandataria IVELISSE HELENA MAS QUI-

ÑONES, por escritura número dos del cuatro de Febre-

ro de mil novecientos ochentidos, otorgada en San

Juan, ante el Notario Richard A. Lee.----------------

-----VUELVO A DAR FE.--------------------------------



- 8 -

Folio número *Noventiuno* 91

FOLIO NUMERO NOVENTA Y SIETE ----------------------------------(97)

---ESCRITURA NUMERO:  VEINTINUEVE.----------------------------

-----------------------------COMPRAVENTA----------------------

---En Ponce, Puerto Rico, hoy a los ------ocho-------- días---

del mes de marzo de mil novecientos ochenta y dos.-------------

--------------------------ANTE MI----------------------------

--- DOMINGO A. VIVALDI FERMOSO, -------------- Abogado y----

Notario Público de esta Isla, con residencia y estudio abierto

en la ciudad de Ponce, Puerto Rico.---------------------------

--------------------------COMPARECEN-------------------------

---DE LA PRIMERA PARTE:  PASTOR S. MANDRY MERCADO, mayor de---

edad, propietario, casado con Helen Nones y vecino de Ponce;--

IVELISSE HELENA MANDRY NONES, mayor de edad, propietaria,-----

casada con Víctor Fingerhut y vecina de Ponce; quien comparece

por sí, y en representación de doña Ivelisse Helena Fingerhut-

Mandry, según escritura número dos del cuatro de febrero de---

mil novecientos ochenta y dos, otorgada en San Juan, ante el-

Notario Richard A. Lee; PASTOR SALVADOR ADOLFO MANDRY NONES,--

mayor de edad, propietario, casado con Estrella María Aparicio

y vecino de Ponce; SALVADOR EDUARDO MANDRY NONES, mayor de----

edad, propietario, casado con Rosa Estrella Mercado Guzmán y-

vecino de Ponce; OSCAR ADOLFO MANDRY APARICIO, mayor de edad,-

soltero, propietario y vecino de Ponce; RICARDO RAFAEL MANDRY-

APARICIO, mayor de edad, soltero, propietario, residente------

actualmente en el Estado de California, representado en este-

acto por sus apoderados Pastor Mandry Nones y/o Miriam--------

Aparicio Vázquez, mediante escritura número diez sobre Poder-

General, otorgada en Ponce, el veintidos de abril de mil nove-

cientos ochenta y el Notario fedante debidamente inscrita-

en el Registro de Poderes del Tribunal Supremo de Puerto Rico,

con el número trescientos treintiocho guión ciento trece------

(338-113). MARGARET ANN FINGERHUT MANDRY, mayor de edad, pro-

pietaria, casada con Mariano McConnie y vecina de Ponce;------

VICTOR ROBERT FINGERHUT MANDRY, mayor de edad, propietario---

casado con Alice Madelaine Cochran y vecino de Ponce; SALVADOR

RAFAEL MANDRY MERCADO, mayor de edad, estudiante, residente---

*tercera*

copia certificada
*da Daria de Figueiredo*
*julio* de 19*96* -2

Expedi *Segunda*
copia certificada
*salvador E. Mandry Nones*
*27 de agosto* de 19*14*

FOLIO NUMERO NOVENTA Y OCHO ------------------------------(98)

actualmente en el Estado de Louisiana, donde cursa estudios y-

vecino de Ponce, representado en este acto por sus apoderados,

sus padres, Salvador Eduardo Mandry Nones y Rosa Estrella-----

Mercado Guzmán, mediante escritura número siete sobre Poder---

General, otorgada en Ponce, el día veintisiete de agosto de---

mil novecientos setenta y nueve, ante el Notario Mario Edmundo

Vélez; EDUARDO JOSE MANDRY MERCADO, menor de edad, pero eman--

cipado por concesión de sus padres mediante la escritura------

número sesenta y dos (62), otorgada en Ponce, el día primero--

de octubre de mil novecientos ochenta y uno, ante el Notario--

fedante, estudiante y vecino de Ponce, representado en este---

acto por sus apoderados, don Salvador Mandry Nones y doña Rosa

Mercado Guzmán, mediante la escritura número uno (1) sobre----

Poder General otorgada en Ponce, el día veintiseis de enero de

mil novecientos ochenta y dos; de aquí en adelante denominados

Los Vendedores.-----------------------------------------------

---DE LA SEGUNDA PARTE: EL MUNICIPIO DE PONCE, representado--

en este acto por don José G. Tormos Vega, mayor de edad,------

casado, Alcalde y vecino de Ponce, Puerto Rico, quien acredi--

tará sus facultades donde y cuando fuere menester; de aquí en-

adelante denominado El Comprador.-----------------------------

---DE LA TERCERA PARTE: Don Erasmo Zayas----------------------

mayor de edad, casado , Oficial del Departamento de Hacienda--

de Puerto Rico y vecino de Ponce, Puerto Rico.----------------

---Y DE LA CUARTA PARTE: El BANCO DE PONCE, representado en-

este acto por Don José Miguel Nuñez--, mayor de edad, casado,-

banquero y vecino de Ponce, Puerto Rico y por Don Leonides----

López Román, quien también es mayor de edad, casado, banquero-

y vecino de Ponce, Puerto Rico, con facultades acreditadas en-

el Registro de la Propiedad.----------------------------------

---DOY FE de conocer personalmente a los comparecientes-------

asímismo la doy de su edad, estado civil, ocupación y vecindad,

con relación a sus dichos. Me aseguran hallarse en el pleno--

goce y ejercisio de sus derechos civiles y teniendo a mi jui--

cio la capacidad legal necesaria para este otorgamiento,------

copia certificada
~da. Dacia de Fagueiredo
~ julio de 19~~
-3

FOLIO NUMERO NOVENTA Y NUEVE ----------------------------(99)

libre y voluntariamente EXPONEN:-------------------------------

--------------------------PRIMERO--------------------------

---Que los comparecientes de la primera parte son dueños de la

siguiente propiedad en acorde con su inscripción segunda al---

tomo mil quinientos doce (1512) folio doscientos noventa y----

cinco (295) vuelto, finca mil novecientos ocho (1,908):-------

---RUSTICA:  Parcela de terreno que radica frente al kilómetro

doscientos cincuenta y cinco punto siete (255.7) de la Carre-

tera PR-Dos; en el Barrio Canas del Municipio de Ponce, con un

área superficial de catorce cuerdas y cuarenta y nueve milé---

simas de otra (14.049 cuerdas) equivalentes a cincuenta y-----

cinco mil doscientos dieciocho metros cuadrados y dos mil cua-

trocientos veintitres milésimas de otro (55,218.2423 metros---

cuadrados), en lindes por el NORTE, en ciento diecinueve me---

tros y veinticuatro centésimas de otro (119.24 metros), con---

terrenos del E.L.A.(Polígono de Tiro de la Policía de Puerto--

Rico); por el SUR, en treinta y seis metros y veintiocho------

centésimas de otro (36.28 metros) con una parcela remanente---

de la finca principal; por el ESTE, en cuatrocientos veinte---

metros y veintinueve centésimas de otro (420.29 metros), con--

terrenos de la Sucesión Mario Mercado Riera y por el OESTE, en

una línea de varias direcciones que totalizan cuatrocientos---

ochenta y un metros y setenta y nueve centésimas de otro------

(481.79 metros) con el Camino Municipal al Campo de Tiro.-----

-----------------------TITULO Y CARGAS----------------------

---Manifiestan los vendedores haber adquirido la referida-----

propiedad según surge de la escritura número siete (7), sobre-

segregación, de fecha veinticuatro de febrero de mil novecien-

tos ochenta y dos ante el Lcdo. Francisco José Barnés Español,

y se encuentra pendiente de inscripción en el Registro de la--

Propiedad, Sección Dos de Ponce, Puerto Rico.----------------

---Manifiestan los vendedores que la propiedad está libre de-

cargas y gravámenes.-----------------------------------------

---Siguen manifestando los vendedores que sobre la referida---

propiedad no existe carga o gravamen alguno.-----------------

---Los comparecientes de ambas partes manifiestan tener cono-

cimiento de la realidad registral existente y relacionada con-

el inmueble objeto de este otorgamiento, y a esos efectos se-

ordenó un estudio de título el cual fue preparado por una per-

sona ajena a ellos y al notario autorizante, y el mismo fue---

aceptado por las partes.-------------------------------------

------------------------SEGUNDO------------------------------

---Que los comparecientes han convenido en un contrato de-----

FOLIO NUMERO CIEN --------------------------------------(100)

-4

compraventa de la propiedad descrita en el hecho Primero------
anterior y lo llevan a efecto por virtud de este otorgamiento-
y con sujeción a las siguientes condiciones:------------------
---PRIMERA: Los comparecientes de la primera parte por la pre-
sente venden, ceden y traspasan el inmueble descrito en el----
hecho Primero anterior, con todo lo que le es anexo y perma---
nente a favor del compareciente de la segunda parte, para que-
dicho comprador la use, goce y disfrute como su legítimo dueño
sin limitación de clase alguna, subrogando al comprador en su-
mismo lugar, prelación y derechos, con la legal obligación de-
evicción y saneamiento por parte de los vendedores.-----------
---SEGUNDA: Constituye el precio de esta compraventa la suma--
ajustada y convenida de CIENTO SESENTA Y OCHO MIL QUINIENTOS--
OCHENTA Y OCHO DOLARES ($168.588.00), los cuales los vendedo--
res reciben en este acto, en moneda de curso legal y a su en--
tera satisfacción y contento, por cuya suma otorgan al compra-
dor la más formal y eficaz carta de pago, de acuerdo a sus----
participaciones mencionadas en el hecho primero de esta-------
escritura.----------------------------------------------------
---TERCERA: Las contribuciones territoriales impuestas hasta--
la fecha sobre la propiedad objeto de este contrato, son y----
serán de cuenta y cargo de la parte vendedora; las que se-----
impusieren de esta fecha en adelante, son y serán de cuenta y-
cargo de la parte compradora.---------------------------------
---CUARTA: El comprador, sin más acto que este otorgamiento,--
entrará en la inmediata posesión del inmueble vendídole.------
-----------------------------TERCERO--------------------------
---Comparece ahora don Erasmo Zayas, -------------------------
en su carácter de Oficial del Departamento de Hacienda, facul-
tades que demostrará cuando fuere necesario y actuando de-----
acuerdo a una Certificación del Secretario de Hacienda, expre-
samente solicita del Registrador de la Propiedad que se libere
la parcela de terreno objeto de esta compraventa del embargo a
favor del Estado Libre Asociado de Puerto Rico, anotado al----
margen de la inscripción primera al folio doscientos noventa y

FOLIO NUMERO CIENTO UNO ------------------------------(101)

-5

tres (293) del tomo mil quinientos doce antes, hoy quinientos-
treinta y cinco del Registro de la Propiedad, Sección Dos, de-
Ponce, Puerto Rico.--------------------------------------------

---Se acompaña con esta escritura Certificación del Secretario
de Hacienda.--------------------------------------------------

---Solicitan ahora los comparecientes de la cuarta parte, en-
el carácter y con la autoridad con que concurren del Registra-
dor de la Propiedad, libere la parcela objeto de esta compra--
venta de la sentencia que pesa sobre dicha propiedad a favor--
del Banco de Ponce, y que se encuentra anotada al folio------
cincuenta y uno (51) del Tomo segundo de dicho Registro.------

-----------------------LECTURA Y ACEPTACION-------------------

---LEYERON los comparecientes la presente escritura y aceptan-
la misma en la forma en que ha sido redactada por ser y-------
hallarla conforme a lo convenido entre ellos.-----------------

------------------------ADVERTENCIAS--------------------------

---Yo, el Notario, en cumplimiento con lo dispuesto en la ley,
les hice las advertencias legales necesarias para este--------
otorgamiento.-------------------------------------------------

------------------------OTORGAMIENTO--------------------------

---Tal es la escritura que ante mí formalizan los comparecien-
tes, la que aceptan en su integridad y en la misma se ratifi--
can, manifestando quedar bien enterados de su contenido, no---
interviniendo testigos por no requerirlos la ley ni haberlos--
solicitado las partes o el Notario autorizante, y firman------
conmigo, el Notario estampando sus iniciales en todos los fo-
lios de la presente escritura.--------------------------------

---En este acto con consentimiento de las partes, se incluye--
en la comparecencia a doña Rosa Mercado Guzmán quien es mayor-
de edad, casada con don Salvador Mandry Nones y madre del-----
menor emancipado Eduardo José Mandry Mercado quien comparece--
a los efectos de completar la capacidad de su hijo mencionado,

--------------------------------------------------------------

COPIA SIMPLE



FOLIO NUMERO CIENTO DOS ------------------------------------(102)

-6

para que este venda su participación en la propiedad objeto---

de esta compraventa.--------------------------------------------

---REPITO LA FE.----------------------------------------------



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Salvador Eduardo Mandry Nones,

     Recurrente,

       v.

El Registrador de la Propiedad
de Ponce, Sección II,

     Recurrido.

Núm.  O-84-380

Recurso Gubernativo.

SENTENCIA

San Juan, Puerto Rico, a 10 de octubre de 1984

    El 29 de agosto de 1983 el recurrente presentó al Registro de la Propiedad, para su inscripción, copia de la escritura número 8, sobre venta judicial, otorgada ante el notario Francisco José Barnés Español por el señor José Luciano Torres, Alguacil General del Tribunal Superior, en representación de los menores de edad Margarita Rosa, Adrián Roberto y Javier Enrique, de apellidos Mandry Mercado.

    El Registrador de la Propiedad denegó la inscripción porque en la escritura se vendieron las participaciones de dichos menores en una finca que no consta inscrita en el Registro; que se expidió mandamiento de ejecución el 12 de enero de 1982 sin que la resolución que autorizó la venta judicial, emitida el 8 de enero, fuera final y

O-84-380                    2

firme; que del acta de subasta surge que se publicaron edic-
tos el 4 de febrero de 1982, pero no se acreditó el edicto
y dónde se publicó; que de la escritura de venta judicial y
del acta de subasta surge que existe un conflicto de intereses
porque quien adquirió las participaciones fue el señor Salva-
dor Mandry Nones, padre de los menores y condueño de la
propiedad.  Señala además que el escrito de recalificación
fue presentado por el notario autorizante, quien no es parte
interesada según el Art. 88.1 del Reglamento Hipotecario.
Tomó anotación preventiva y el interesado recurrió.

     La Registradora sostiene en primer término que carecemos
de jurisdicción porque el recurrente no cumplió con el requi-
sito de presentar escrito de calificación porque quien lo hizo
fue el notario autorizante en su propio nombre, quien no es
parte interesada.
                                        (1)
     Los Arts. 70 de la Ley Hipotecaria y el 82.3 de su
               (1a)
Reglamento  regulan el procedimiento de recalificación.  El
primero permite que la solicitud sea hecha por el interesado
y el segundo requiere que el escrito de recalificación

_____

(1)  Recalificación; solicitud; contenido y plazo
     de presentación; calificación consentida

     "No obstante lo dispuesto en la sección
     anterior, el presentante o el interesado que
     no esté conforme con la calificación del Regis-
     trador podrá, dentro del término improrrogable
     de 20 días siguientes a la fecha de la notifi-
     cación, radicar personalmente con el Registrador
     o remitirlo por correo certificado, un escrito
     solicitando recalificación, exponiendo sus obje-
     ciones a la calificación, los fundamentos en que
     apoya su recurso y una súplica específica de lo
     que interesa.                                  ."

(1a) Art. 82.3.- Identificación, contenido y requi-
          sitos del escrito de recalificación

     "El escrito deberá estar identificado con
     el número de asiento y Diario correspondiente
     al documento cuya recalificación se solicita y
     deberá contener en forma clara y concisa todas

O-84-380                 3

esté firmado por el presentante o por la persona interesada
en la inscripción o por el abogado que represente a cualquiera
de ellos.  En el caso de autos el escrito de recalificación
fue firmado por el licenciado Barnés Español, quien fue el
notario autorizante de la escritura de venta judicial, pero
quien también es el representante legal del interesado,
según surge de la petición de autorización judicial.  Por tal
razón se cumplió con el requisito de que el interesado pre-
sente escrito de recalificación cuyo propósito es darle
oportunidad al Registrador de reconsiderar cualquier califi-
cación errónea.  Bidot v. Registrador, 115 D.P.R. _____,
84 J.T.S. 30.

    En segundo término el Registrador sostiene que la finca
de la que se vendieron las participaciones no aparece ins-
crita en el Registro de la Propiedad.  La recurrente no objetó
ésta falta.  Tratándose de un requisito previo para la ins-
cripción de acuerdo al Art. 57 de la Ley Hipotecaria, por sí
solo es suficiente para confirmar la calificación de la Re-
gistradora.

(Continuación escolio (1a))

        las objeciones que se opongan a la calificación,
        los fundamentos legales en que apoya sus objecio-
        nes, con expresión de la actuación que interese.

            El escrito de recalificación estará debida-
        mente firmado por el presentante o por la persona
        interesada en la inscripción del documento o por
        el abogado que represente a cualquiera de ellos,
        y la dirección postal del firmante."

    (2)    Art. 57.  Registro de documentos-En general; re-
                quisitos; excepciones

            Para registrar documentos por los que se
        declaren, trasmitan, graven, modifiquen, o
        extingan el dominio y demás derechos reales
        sobre bienes inmuebles, deberá constar previa-
        mente registrado el derecho de la persona que
        otorgue o en cuyo nombre sean otorgados los ac-
        tos o contratos referidos.

O-84-380                                    4

Las restantes faltas se refieren al procedimiento sobre autorización judicial y venta mediante subasta pública de las participaciones de los menores.

Se alega por la Registradora que se cometieron varios errores en los trámites procesales que invalidan la venta judicial.  La determinación de tales faltas está comprendida en la facultad calificadora del Registrador.  Art. 64 de la Ley Hipotecaria.  Señala la Registradora que a pesar de que la resolución de 8 de enero de 1982, que autorizó la venta judicial fue enmendada en varios extremos, incluyendo la descripción de la finca, no se expidió un nuevo mandamiento de ejecución.  Los recurrentes alegan que no era necesario pues la enmienda era nunc pro tunc.  La Registradora tiene razón. La enmienda no fue una de forma, sino que afectó la descripción de la finca y el destino que se le daría al producto de la venta.  Se requería un nuevo mandamiento de ejecución.

Otra de las faltas notificadas fue que no se presentó el edicto ni se acreditaron los sitios en que se publicó. El recurrente se limita a argumentar que la resolución del Tribunal los eximió de su publicación.  El Art. 616 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 2733, requiere la publicación de los edictos en los sitios de costumbre y en algún periódico de circulación en el distrito, pero faculta al juez a dispensar de la publicación en el periódico en caso de que el valor de los bienes no exceda de $2,000.00.  Conforme a la Regla 31.8 de Procedimiento Civil que regula las ventas judiciales el aviso de la venta debe publicarse en tres

(Continuación escolio (2))

Se denegará la registración de resultar inscrito el derecho a favor de persona distinta de la que otorga la trasmisión o gravamen.  No obstante, podrán inscribirse sin el requisito de la previa inscripción las resoluciones y ejecutorias, que se refieren en las secs. 2761 a 2777 de este título."

O-84-380                           5

sitios públicos del municipio en que ha de celebrarse la
venta, tales como la alcaldía, el tribunal y la colecturía.
La omisión de este requisito invalida la venta judicial.

Por último se señala como falta que existe un conflicto
de intereses porque el recurrente, a quien se le adjudicaron
las participaciones de los menores, es el padre de éstos y
condómine de la finca.  El importe de la venta se le entregó
a él.

Es evidente que la situación expuesta plantea un conflic-
to de intereses, que requiere el nombramiento de un defensor
judicial.  Art. 160 del Código Civil, 31 L.P.R.A. sec. 616.
Por los fundamentos expuestos, se confirma la nota dene-
gatoria de la Registradora recurrida.

Así lo pronunció y manda el Tribunal y certifica la
Secretaria General.

Lady Alfonso de Cumpiano
Secretaria General