UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

                    Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

MEMORANDUM ORDER DENYING MOTION FOR RELIEF
FROM STAY FILED BY BEATRIZ NIEVES-LÓPEZ, ET AL. (DOCKET ENTRY NO. 1922)

Before the Court is a motion filed by Beatriz Nieves López and 26 other plaintiffs (collectively, the "Movants") for relief from the automatic stay imposed by the filing of the above-captioned Title III case in an action, commenced on March 17, 2014, in the District Court for the District of Puerto Rico against various governmental officers sued in their personal and official capacities, captioned Nieves-López, et al. v. Bhatia-Gautier et al., Civil Case No. 14-01220 (the "Lawsuit"). Although the Court is deeply mindful of the serious nature of the factual allegations underlying the Lawsuit, the Movants have not made the requisite showing of cause for relief from the automatic stay and, for the reasons explained below, the motion is denied,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

without prejudice to renewal on or after September 1, 2018, subject to compliance with any applicable case management order.

## BACKGROUND

Movants, the named Plaintiffs in the Lawsuit, filed the Lawsuit against various government officials of the Commonwealth of Puerto Rico (the "Commonwealth") in their personal and official capacities for alleged violations of the First and Fourteenth Amendments to the United States Constitution. (Case No. 17-3283, Docket Entry No. 1922, Motion for Relief from Stay (the "Motion") ¶¶ 1-4.) Specifically, Movants seek monetary damages against the defendants in their individual capacities pursuant to 42 U.S.C. § 1983 and equitable relief against defendants in their official capacities in connection with alleged violations of Movants' First and Fourteenth Amendment rights during Movants' employment at the Commonwealth's Office of Legislative Services. (Id.) The District Court determined that the Lawsuit is subject to the automatic stay in its entirety. See Order (Docket Entry No. 69 in Case No. 14-cv-1220). Movants argue here that the automatic stay does not apply to the Lawsuit and, alternatively, that cause exists to lift the automatic stay. (Id. ¶¶ 2-3.) On December 20, 2017, the Commonwealth filed its objection (the "Objection") to the Motion. (Case No. 17-3283, Docket Entry No. 2141.) Movants subsequently filed a reply to the Debtor's Objection. (Case No. 17-3283, Docket Entry No. 2172.)

DISCUSSION

As a preliminary matter, the Court will not revisit the question of whether the automatic stay, established pursuant to Sections 362(a) and 922(a)(1) of the Bankruptcy Code, applies to the Lawsuit.

The Court thus turns to the question of whether "cause" exists to grant the Movants relief from the automatic stay. Section 362(a) of the Bankruptcy Code, made applicable by Section 301(a) of PROMESA, 48 U.S.C. § 2161, imposes an automatic stay on "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . ." 11 U.S.C. § 362(a)(1); see also PROMESA § 301(a) (incorporating 11 U.S.C. § 362 into Title III cases). Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e,g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

The <u>Sonnax</u> criteria do not weigh in Movant's favor with respect to the continuation of the Lawsuit. Continuation of the Lawsuit, which is not trial ready, as only depositions of the Movants in the Lawsuit have concluded, would not necessarily result in an expeditious resolution of Movants' claims against the Defendants, who have been sued in their official and personal capacities. Highly complex litigation, like this multi-plaintiff, multi-defendant case, is time-consuming and expensive to defend against, and the Commonwealth is entitled to the protection of the automatic stay to provide it with the space necessary to establish an efficient approach to the resolution of the claims seeking equitable relief, which are asserted against the Defendants in their official capacity, the factual bases of which apparently overlap with those of the damages claims against the Defendants in their individual capacities. For the same reasons, relief from stay to continue the Lawsuit would not serve the interests of judicial economy or the economical resolution of Movants' claims against the Defendants in their individual capacities, for which the Commonwealth has assumed the legal defense and the responsibility for any monetary judgments. Furthermore, the near-term continuation of the Lawsuit would for these reasons prejudice the Debtor at a time when its resources are constrained by requiring the expenditure of the Commonwealth's already depleted resources and diverting attention from the rebuilding efforts following the devastation caused by Hurricane Maria in September 2017. The hardship to the Commonwealth of devoting its resources to litigation outweighs the burden on the Movants of delay of resolution of their claims.

CONCLUSION

For the foregoing reasons, Movants' motion is denied, without prejudice to renewal on or after September 1, 2018, subject to compliance with any applicable case

management order. If the Motion is renewed at a later date, the Court will consider, among other things, whether any financial claims have been asserted against the Commonwealth in connection with the Lawsuit. This Memorandum Order resolves docket entry no. 1922 in case no. 17-3283.

       SO ORDERED.

Dated: January 4, 2018

       /s/ Laura Taylor Swain
       LAURA TAYLOR SWAIN
       United States District Judge