# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

      Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO,

      Debtor.

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

## [PROPOSED] ORDER TO PERMIT THE PROCESSING THROUGH RESOLUTION OF EMPLOYMENT ARBITRATION AND GRIEVANCE PROCEEDINGS

    Upon the *Joint Motion of American Federation of State, County and Municipal Employees, AFL-CIO and the American Federation of Teachers, AFL-CIO, for an Order Permitting the Processing Through Resolution of Employment Arbitration and Grievance Proceedings*, dated January 16, 2018 (the "Motion"), and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and the Court having

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the American Federation of State, County and Municipal Employees, AFL-CIO and the American Federation of Teachers, AFL-CIO, International Union (collectively, the "Unions" or the "CBA Counterparties") provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard statements in support of and in opposition to the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief granted herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED to the extent set forth herein;

2.      The prepetition grievances and arbitrations or other statutory disciplinary or discharge matters arising from prepetition conduct brought under the grievance and arbitration procedures in collective bargaining agreements between the Commonwealth of Puerto Rico (the "Commonwealth") and the CBA Counterparties, or under applicable statutes, including but not limited to Law 184-2004 and Law 32-1972 (the "Prepetition Proceedings"), shall proceed through the claim and grievance handling process and to arbitration, or similar process in the case of actions under Law 184-2004 and Law 32-1972, through resolution (a "Disposition") whether it is an award (the "Award"), administrative decision ("Decision"), judicial decision ("Judgment"), or settlement.  To the extent that a Disposition of a Prepetition Proceeding provides for equitable relief, including but not limited to reinstatement or reclassification, it shall not be subject to any challenge based on the application of the automatic stay.  To the extent that

-2-

any portion of a Disposition of a Prepetition Proceeding includes a monetary amount awarded (a "Liquidated Amount"), such Liquidated Amount shall not be collected from the Commonwealth but shall be treated, as applicable, as a liquidated claim under a plan of adjustment for the Commonwealth (a "Plan") and/or any cure process established under such a Plan or under section 365(b) of the Bankruptcy Code (the "Liquidated Claim/Cure Process"), (i) except to the extent that the Commonwealth chooses to permit any such Liquidated Amounts to be collected upon, or (ii) such Liquidated Amounts are covered by applicable insurance, in which case it shall be subject to collection.

3. Any prospective cost adjustments associated with honoring a Disposition that provides for equitable relief (such as, for example and without limitation, reinstatement of an employee, providing better supplies, or reclassification to a higher pay code) shall not be subject to any challenge based on the automatic stay and shall not be subject to the Liquidated Claim/Cure Process.

4. This Order shall be without prejudice to the Commonwealth's right to challenge any Award or Decision that, individually or collectively with other Awards or Decisions, is alleged to (i) violate any applicable Puerto Rico or Federal statute or resolution, including but not limited to PROMESA, or (ii) violate the fiscal plan, but excepted from this proviso are matters of employee discipline.

5. The postpetition grievances and arbitrations or statutory disciplinary or discharge matters arising from postpetition conduct brought under the grievance and arbitration provisions in collective bargaining agreements between the Commonwealth and the CBA Counterparties, or under applicable statutes, including, but not limited to, Law 184-2004 and Law 32-1972 (the "Postpetition Proceedings"), shall proceed in the ordinary course.

-3-

6.      Immediately upon entry by the Court of this Order, (i) the Unions and the Commonwealth are authorized to take all actions necessary or appropriate to effectuate the relief granted herein, and (ii) this Order shall be binding on all entities having received prior notice of the Motion.

7.      The Court shall retain exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation, and enforcement of this Order.


SO ORDERED


Dated: February ___, 2018

_____
HON. LAURA TAYLOR SWAIN
United States District Judge

-4-