# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO HIGHWAYS & TRANSPORTATION AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

**PROPOSED ORDER GRANTING NATIONAL PUBLIC FINANCE
GUARANTEE CORPORATION'S MOTION FOR ENTRY OF AN
ORDER UNDER BANKRUPTCY RULE 2004 AUTHORIZING LIMITED
<u>DISCOVERY OF THE GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO</u>**

Upon the motion (the "Motion")[1] of National Public Finance Guarantee Corporation pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing National to take Rule 2004 discovery of the Government Development Bank for Puerto Rico, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 48 U.S.C. § 2166; and venue being proper before this Court pursuant to 48 U.S.C. § 2167; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion and granted herein is in the best interests of the Debtor, its creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. GDB shall comply with the document requests attached hereto as <u>Schedule A</u> by no later than ten (10) days after entry of this Order.

3. GDB shall designate an individual or individuals with knowledge of the matters described in <u>Schedule A</u> hereto (the "Designated Individual(s)"). Each of the Designated Individual(s) shall produce themselves for examination by counsel to National under oath and in

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

accordance with Bankruptcy Rule 2004 on such date and time and at such location as may be designated in writing by counsel to National.

    4.  National's rights are reserved to request additional discovery, including any additional documents or depositions, under Bankruptcy Rule 2004 and applicable law, based on any information that may be revealed as a result of the information provided pursuant to this Order or otherwise.

    5.  This Court shall retain jurisdiction to resolve any dispute arising from or related to this Order and to interpret, implement, and enforce the provisions of this Order.

    6.  This Order is without prejudice to the Movants' right to file further motions seeking additional documents pursuant to Bankruptcy Rule 2004(a) or any other applicable law.

    7.  Any effort to seek further discovery under Bankruptcy Rule 2004 shall be commenced by the filing of a separate motion pursuant to the applicable Case Management Order and applicable procedural rules.

Dated: _____, 2018
   San Juan, Puerto Rico

                _____
                HONORABLE JUDITH GAIL DEIN
                UNITED STATES MAGISTRATE JUDGE

**Schedule A**

**SCHEDULE OF DOCUMENTS TO BE PRODUCED BY THE GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO**

**DEFINITIONS**

The terms used herein shall have the meanings ascribed to them in the definitions set forth below and should be given their most expansive and inclusive interpretation unless otherwise expressly limited. This includes, without limitation, the following:

1. "All" and "any" shall be construed as any and all, so as to bring within the scope of a given Request all responses that might otherwise be construed as outside its scope.

2. "And" and "or" means and/or and each of the functional words each, every, and, and all, and shall be deemed to include each of the other words whenever doing so broadens the scope of any of the Requests.

3. "Bank Agreement" means the Puerto Rico Infrastructure Bank Agreement entered among the Department, PRHTA, and GDB on June 12, 1998.

4. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and, with respect to oral Communications, includes any document evidencing the Date, participants, subject matter, and content of any such oral communication, including, but not limited to, transcripts, minutes, notes, audio, video, electronic recordings, telephone records and calendar entries.

5. "Concerning" means, in whole or in part, directly or indirectly, and without limitation, analyzing, commenting on, connected with, constituting, containing, contradicting, embodying, evidencing, describing, involving, memorializing, mentioning, pertaining to, referring to, reflecting, refuting, relating to, responding to, showing, supporting, or stating.

6. "Cooperative Agreement" means the cooperative agreement entered among the FHWA, the FTA, the Department, and PRHTA on December 22, 1997.

7. "Department" means the Puerto Rico Department of Transportation and Public Works.

8. "Document" means any and all writings and recorded materials, of any kind, that are or have been in Your possession, custody or control, whether originals or copies. Such writings include, but are not limited to, Communications, electronically stored information in any medium, such as emails, text messages, and instant messages; contracts; notes; drafts; interoffice memoranda; memoranda for files; letters; research materials; correspondence; logs; diaries; forms; bank statements; tax returns; card files; books of accounts; journals; ledgers; invoices; drawings; computer files; records; data; print-outs or tapes; reports; statistical components; studies; graphs; charts; minutes; manuals; pamphlets; or books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced; all tape recordings (whether for computer, audio or visual display) or other tangible things on which words, phrases, symbols or information are stored.

9. "FHWA" means the Federal Highway Administration.

10. "FTA" means the Federal Transit Administration.

11. "GDB" means the Government Development Bank for Puerto Rico.

12. "Including" means "including, without limitation" and "including but not limited to."

13. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14. "PR SIB Trust Fund" means the SIB trust account created at GDB for the benefit of PRHTA bondholders pursuant to the Bank Agreement.

15. "PRHTA" means the Puerto Rico Highways and Transportation Authority.

16. "Request" and "request" means a request for the production of Documents contained herein.

17. "SIB" means State Infrastructure Bank.

18. "SIB Funds" means all funds which constitute the Commonwealth's SIB and are housed in the PR SIB Trust Fund.

19. "You" or "Your" means the Government Development Bank for Puerto Rico and its respective divisions, subdivisions, offices, departments, agencies, affiliates, and any current and former elected officials, officers, trustees, accountants, attorneys, employees, agents, consultants, experts, and independent contractors, assigns, and any Person or entity acting or purporting to act on its behalf.

## **GENERAL INSTRUCTIONS**

1. The terms used in these Discovery Requests are to be given their most expansive and inclusive interpretation unless otherwise expressly limited in a specific request. This includes, without limitation, the following:

   a. Construing "and" and "or" in the disjunctive or conjunctive so as to bring within the scope of the request all information that might otherwise be construed to be outside its scope;

   b. Construing the singular form of a word to include the plural and the plural to include the singular;

   c. Construing the term "any" to mean any, all, each, and every;

6

      d.      Construing the present tense of a verb to include its past tense and vice-versa.

2.      If any of the following Discovery Requests cannot be answered in full, answer or respond to the extent possible, specifying the reason for Your inability to answer or respond to the remainder and stating what information and knowledge You have concerning the unanswered portion. If Your answers are qualified, please set forth the details of such qualifications.

3.      In the event You claim that any information responsive to these Discovery Requests is beyond the scope of permissible discovery, specify in detail all the grounds on which such claim rests.

4.      Pursuant to Federal Rule of Civil Procedure 26(b)(5), as applied to this proceeding by Bankruptcy Rule 7026, and PROMESA § 310, 48 U.S.C. § 2170, You must identify in Your response any documents or information You refuse to produce on the basis of any privilege, exemption, or immunity, together with information sufficient to permit National to make a determination as to whether You have a proper basis for refusing to produce the document. In doing so, the following information should be supplied in writing:

      a.      That information responsive to the request has been withheld;

      b.      Identify the request to which the information or material relates;

      c.      State the privilege(s) asserted; and

      d.      Describe the nature of the documents, communications, or tangible things not produced or disclosed.

5.      If, in answering these requests, You object to the production of any Documents on a ground other than any privilege, the work-product doctrine, or any claim of confidentiality or privacy, identify the Document with respect to which the objection is made by nature, Date, title,

current custodian, addressee(s), author(s) or sender(s), recipient(s), and length or pages, or other physical descriptions sufficient to permit accurate identification, a general description of its subject matter, and state the grounds for the objection.

6. These Discovery Requests are continuing in nature, and You must supplement or correct your answers in accordance with Federal Rule of Civil Procedure 26(e)(1).

7. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), You must answer each Discovery Request by stating that production will be made or inspection will be permitted.

8. Documents responsive to the Discovery Requests are to be made available in their present condition and as they are kept in the ordinary course of business or labeled to identify the specific Discovery Request to which they pertain.

9. These Discovery Requests are intended to cover all Documents and information in Your Possession, Custody, or Control, whether directly or indirectly.

10. Each paragraph and subparagraph herein should be construed independently and not by reference to any other paragraph or subparagraph of these requests for purposes of limitation.

11. Each Discovery Request herein contemplates production of Documents in their entirety without abbreviation or expurgation. Each and every non-identical copy of a Document (whether different from the original because of stamps, indications of receipt, handwritten notes, marks, attachment to different documents, or any other reason) is a separate Document to be produced.

12. If any of the Documents requested were formerly in Your Possession, Custody, or Control but no longer are in Your Possession, Custody, or Control, state when and what disposition was made of the Document, and what efforts, if any, You made to obtain each such Document in

response hereto. Further, if any such Document is not in Your Possession, Custody, or Control but You know the identity of the entity or Person currently in Possession, Custody, or Control of such Document, Identify the entity or Person who has the Document, including the address and telephone number of the entity or Person.

13. In producing Documents maintained or kept in electronic format, produce those Documents in the electronic format in which they are ordinarily maintained and kept, and include all metadata for each and every Document.

## RELEVANT TIME PERIOD

Unless otherwise specified, the relevant time period for these requests is January 1, 1998 to the present.

## DISCOVERY REQUESTS

**REQUEST NO. 1.**

All Documents and Communications concerning the formation and opening of the PR SIB Trust Fund, including any Documents and Communications concerning whether the monies in the PR SIB Trust Fund were to be held by GDB in a trust account or a deposit account.

**REQUEST NO. 2.**

All Documents and Communications concerning any amendments to either the Cooperative Agreement or the Bank Agreement.

**REQUEST NO. 3.**

All Documents and Communications concerning any changes to the PR SIB Trust Fund since June 12, 1998. This includes any Documents and Communications concerning whether at any time after June 12, 1998, it was determined by GDB that the SIB Funds would be held in a deposit account instead of a trust account.

**REQUEST NO. 4.**

All annual bank statements/account statements for the PR SIB Trust Fund, and any other Documents reflecting the amount of funds in the PR SIB Trust Fund.

**REQUEST NO. 5.**

All Documents and Communications from January 1, 2015 to the present concerning any discussions regarding the nature and/or status of the PR SIB Trust Fund, including whether the PR SIB Trust Fund is a trust account or a deposit account.