# EXHIBIT B

(12)

# CERTIFICATE OF SECRETARY OF THE AUTHORITY
## AS TO PUERTO RICO INFRASTRUCTURE BANK AGREEMENT

I, William G. Rios Maldonado, Secretary of Puerto Rico Highways and Transportation Authority (the "Authority"), DO HEREBY CERTIFY, that attached hereto is a true and correct copy of the Puerto Rico Infrastructure Bank Agreement, dated as of June 12, 1998 (the "Bank Agreement"), by and among the Authority, the Puerto Rico Department of Transportation and Public Works and Government Development Bank for Puerto Rico, as trustee of the Puerto Rico State Infrastructure Bank Trust Fund, the execution and delivery of which by the Executive Director of the Authority was ratified, approved and confirmed by the Secretary of Transportation and Public Works of the Commonwealth of Puerto Rico on July 23, 1998 by resolution duly adopted on said date.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the Authority, this sixth day of August, 1998.

(SEAL)

_____
Secretary
Puerto Rico Highways and
Transportation Authority

NYLIB1/456069/3

EXECUTION COPY

PUERTO RICO INFRASTRUCTURE BANK AGREEMENT

among

PUERTO RICO DEPARTMENT OF TRANSPORTATION AND PUBLIC WORKS

and

PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY

and

GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO

Dated as of June 12, 1998

# TABLE OF CONTENTS

Page

| | | |
|---|---|---|
| Section 101. | Establishment of Trust Fund | 2 |
| Section 102. | Establishment of Accounts | 2 |
| Section 103. | Investments | 2 |
| Section 104. | Application of Funds on Deposit | 2 |
| Section 105. | Reports | 3 |
| Section 106. | Cooperative Agreement | 3 |
| Section 107. | Termination of Agreement | 3 |
| Section 108. | Limited Obligation of GDB | 3 |
| Section 109. | Certain Duties and Responsibilities of GDB | 4 |
| Section 110. | Certain Rights of GDB | 5 |
| Section 111. | Notices | 5 |
| Section 112. | Fees and Expenses | 5 |
| Section 113. | Duties and Obligations of GDB | 6 |
| Section 114. | Agreement Not for the Benefit of Other Parties | 6 |
| Section 115. | Captions | 6 |
| Section 116. | Successors and Assigns | 6 |
| Section 117. | Severability | 6 |
| Section 118. | Amendments | 6 |
| Section 119. | Governing Law | 6 |
| Section 120. | Execution in Counterparts | 6 |

PUERTO RICO INFRASTRUCTURE BANK AGREEMENT

THIS PUERTO RICO INFRASTRUCTURE BANK AGREEMENT (this "Agreement") is entered into as of the 12th day of June, 1998, by and among the Puerto Rico Department of Transportation and Public Works (the "Department"), a department of the Government of Puerto Rico ("Puerto Rico"), represented herein by the Secretary of the Department of Transportation and Public Works (the "Secretary"), Dr. Carlos I. Pesquera, of legal age, married, engineer and resident of San Juan, Puerto Rico, the Puerto Rico Highways and Transportation Authority ("PRHTA"), a public corporation and government instrumentality of Puerto Rico, represented herein by its Executive Director, Dr. Sergio L. González, of legal age, single, engineer and resident of San Juan, Puerto Rico, under the authority of Act No. 74 of the Legislature of Puerto Rico, approved June 23, 1965, as amended (9 L.P.R.A. §2001 *et seq.*), particularly by Act No. 1 of the Legislature of Puerto Rico, approved March 6, 1991, and the Reorganization Plan Number 6 of 1971 (32 L.P.R.A., App. III, Article VI), and Government Development Bank for Puerto Rico ("GDB"), a corporation and governmental instrumentality of Puerto Rico, represented herein by its President, Marcos Rodriguez-Ema, Esquire, of legal age, married, attorney and resident of San Juan, Puerto Rico, under authority of Act No. 17 of the Legislature of Puerto Rico, approved September 23, 1948, as amended (7 L.P.R.A. §551, *et seq.*).

WHEREAS, the Department and PRHTA have previously entered into a Cooperative Agreement, dated as of December 22, 1997 (the "Cooperative Agreement"), with the Federal Highway Administration ("FHWA") and the Federal Transit Administration ("FTA"), both of which are agencies of the United States Department of Transportation ("USDOT"), pursuant to Section 350 of the National Highway System Designation Act of 1995 (the "NHS Act"), Public Law 104-59, 23 U.S.C. §101 note, and Article 133, Political Code of 1902, as amended (3 L.P.R.A. §411, *et seq.*), and Act No. 74 of the Legislature of Puerto Rico, approved June 23, 1965, as amended (9 L.P.R.A. §2001, *et seq.*); and

WHEREAS, pursuant to the Cooperative Agreement, the Department and PRHTA are authorized to establish a State Infrastructure Bank ("SIB") for Puerto Rico in accordance with the provisions of the NHS Act; and

WHEREAS, the Department, as administrator of the SIB under the Cooperative Agreement, and PRHTA, as custodian of the SIB under the Cooperative Agreement, desire to have the funds constituting the SIB held by GDB, as trustee and as fiscal agent; and

WHEREAS, GDB is willing to act as trustee of the SIB, and to accept for deposit in the SIB the funds provided by FHWA and FTA, and matching share funds provided by the Department and PRHTA, and any other funds that may be deposited at the direction of the Secretary, pursuant to and in accordance with the NHS Act and the Cooperative Agreement;

NOW, THEREFORE, the Department, PRHTA and GDB agree as follows:

Section 101. <u>Establishment of Trust Fund</u>. An irrevocable trust fund is hereby created and designated the "Puerto Rico State Infrastructure Bank Trust Fund" (the "<u>Trust Fund</u>"). The moneys in the Trust Fund shall be held in the custody of GDB in trust, separate and apart from all other funds of the Department, PRHTA and GDB and shall be applied as hereinafter provided and as set forth in the Cooperative Agreement and the NHS Act. There shall be deposited to the credit of the Trust Fund all moneys provided by FHWA and FTA as eligible for deposit in the SIB, and all matching share and other moneys provided by the Department and PRHTA as directed by the Secretary.

Section 102. <u>Establishment of Accounts.</u> There are hereby created two separate accounts within the Trust Fund, designated the "Highway Account" (the "<u>Highway Account</u>") and the "Transit Account" (the "<u>Transit Account</u>"). Funds received by GDB for deposit in the Trust Fund shall be deposited in either the Highway Account or the Transit Account, as directed by the Secretary. GDB shall establish additional accounts within the Trust Fund, and subaccounts within any account, as may be directed by the Secretary from time to time.

Section 103. <u>Investments</u> Amounts on deposit in the Trust Fund shall be invested and reinvested by GDB pursuant to the written directions of the Secretary in (i) direct obligations of the United States Government, (ii) time deposits, certificates of deposit or similar arrangements with GDB or any bank or trust company which is a member of the Federal Deposit Insurance Corporation, having a combined capital and surplus of not less than $100,000,000, or (iii) such other financing instruments as the United States Secretary of Transportation may approve, all in accordance with Subsection 350(e) of the NHS Act and the NHS SIB Guidelines (as defined in the Cooperative Agreement) (collectively, the "<u>Investments</u>.") Investments so purchased as an investment of moneys in any account of the Trust Fund shall be deemed at all times to be part of such account unless otherwise directed in writing by the Secretary. The interest accruing thereon and any profit realized from such investment shall be credited to such account, and any loss resulting from such investment shall be charged to such account. GDB shall sell or present for payment or redemption any obligation so acquired whenever it shall be necessary so to do in order to provide moneys to meet any payment from such account. GDB, PRHTA and the Department, or any officer or agent of any thereof, shall not be liable or responsible for any loss resulting from any such Investment. If GDB receives moneys and has not received directions from the Secretary regarding the investment of such funds, GDB shall invest such moneys in Investments described in clause (i) of this section.

The Secretary is hereby authorized to direct GDB to transfer any interest earnings or any profit realized from investments of earnings on any account in the Trust Fund as follows: (1) to any debt service account established for any bonds that may be issued by PRHTA from time to time secured in whole or in part by the SIB, or (b) to any other account in the Trust Fund.

Section 104. <u>Application of Funds on Deposit</u>. GDB shall apply the moneys held to the credit of any account in the Trust Fund upon written direction of the Secretary. The Secretary shall only authorize GDB to apply such moneys in accordance with the NHS Act and the Cooperative Agreement. If directed by the Secretary, GDB shall enter into one or more agreements with trustees, fiscal agents or other fiduciaries for obligations secured in whole or

2

in part by the SIB, which agreements shall govern the application of moneys on deposit in the Trust Fund.

Section 105. Reports. (a) It shall be the duty of GDB, on or about the 10th day of each month, to file with the Department and PRHTA a statement setting forth in respect of the preceding calendar month:

(i) the amount withdrawn or transferred by it and the amount deposited with it on account of each account within the Trust Fund held by it under the provisions of this Agreement;

(ii) the amount on deposit with it at the end of such month to the credit of each such account;

(iii) a brief description of all obligations held by it as an investment of moneys in each such account; and

(iv) any other information which the Department or PRHTA may reasonably request.

(b) No later than November 1 of each year, commencing on November 1, 1998, GDB shall submit an annual report to the Department and PRHTA setting forth the dates and amounts period of all deposits into and withdrawals from the Trust Fund by account, for the twelve months (or shorter, in the case of the first such report) ending with the preceding September 30, and a description of any agreements GDB has executed with respect to the application of SIB funds during such twelve-month period.

(c) GDB agrees to provide promptly to the Department, PRHTA, FHWA, FTA, USDOT or the Comptroller General of the United States (or representative thereof), any other records they may reasonably require, all as provided in the Cooperative Agreement.

(d) All records and files pertaining to the trusts hereunder in the custody of GDB shall be open at all reasonable times to the inspection of the Department or PRHTA and its agents and representatives. GDB agrees to maintain and retain all official records relating to the Trust Fund until the termination of this Agreement. Records related to the Trust Fund shall be disposed of in accordance with the Cooperative Agreement.

Section 106. Cooperative Agreement. The Department and PRHTA represent that they have provided to GDB a true and correct copy of the Cooperative Agreement in effect as of the date hereof, and shall provide to GDB, promptly following the execution thereof, any amendment to the Cooperative Agreement executed by the Department and PRHTA from time to time.

Section 107. Termination of Agreement. This Agreement shall terminate upon receipt by GDB of written instructions from the Secretary to terminate this Agreement.

Section 108. Limited Obligation of GDB. The obligation and liability of GDB to make the payments and transfers required by this Agreement shall be limited to the moneys and

3

Investments on deposit with it pursuant to this Agreement. GDB shall have no lien on the moneys and Investments in the Trust Fund.

Section 109. <u>Certain Duties and Responsibilities of GDB</u>.

(a) GDB undertakes to perform such duties and only such duties as are specifically set forth in this Agreement, and no implied covenants or obligations shall be read into this Agreement against GDB.

(b) In the absence of bad faith on its part, GDB may conclusively rely, as to the truth of the statements and the correctness of the opinions expressed therein, upon certificates or opinions furnished by the Department and PRHTA that conform to the requirements of this Agreement.

(c) No provision of this Agreement shall be construed to relieve GDB from liability for its own negligent action, its own negligent failure to act, or its own willful misconduct, except that:

(i) this subsection shall not be construed to limit the effect of paragraphs (a) and (b) of this Section 109;

(ii) GDB shall not be liable for any error of judgement made in good faith by the chairman or vice-chairman of its board of directors, the chairman or vice-chairman of the executive committee of its board of directors, the president, any vice president, the secretary, any assistant secretary, the treasurer, any assistant treasurer, the cashier, any assistant cashier, any trust officer or assistant trust officer, the controller and any assistant controller or any other officer or employee of GDB customarily performing functions similar to those performed by any of the above designated officers, or with respect to a particular matter, any other officer or employee to whom such matter is referred because of his knowledge of and familiarity with the particular subject, unless it shall be proved that GDB was negligent in ascertaining the pertinent facts;

(iii) GDB shall not be liable with respect to any action taken or omitted to be taken by it in good faith in accordance with the direction of the Department, PRHTA, or the Secretary; and

(iv) no provision of this Agreement shall require GDB to expend or risk its own funds or otherwise incur any financial or other liability, directly or indirectly, in the performance of any of its duties hereunder, or in the exercise of any of its rights or powers, if it shall have reasonable grounds for believing that repayment of such funds or adequate indemnity against such risk or liability is not reasonably assured to it.

(d) Whether or not therein expressly so provided, every provision of this Agreement relating to the conduct or affecting the liability of or affording protection to GDB shall be subject to the provisions of this Section 109.

4

Section 110. <u>Certain Rights of GDB</u>. Except as otherwise provided in Section 109:

(a) GDB may rely and shall be protected in acting or refraining from acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, direction, consent, order, bond, note or other paper or document believed by it to be genuine and to have been signed or presented by the proper party or parties.

(b) Any request, direction or statement of the Department, PRHTA or the Secretary mentioned herein shall be sufficiently evidenced by a certificate duly executed by an authorized officer of the Department or PRHTA, or by the Secretary;

(c) Whenever in the administration of this Agreement GDB shall deem it desirable that a matter be proved or established prior to taking, suffering or omitting any action hereunder, GDB (unless other evidence be herein specifically prescribed) may, in the absence of bad faith on its part, rely upon a certificate duly executed by an authorized officer of the Department or PRHTA or by the Secretary.

(d) GDB may consult with counsel or an independent auditor, and the written advice of such counsel or independent auditor shall be full and complete authorization and protection in respect of any action taken, suffered or omitted by it hereunder in good faith and in reliance thereon.

(e) GDB shall not be bound to make any investigation into the facts or matters stated in any resolution, certificate, statement, instrument, opinion, report, notice, request, direction, consent, order, bond, note or other paper or document, but GDB, in its discretion, may make such further inquiry or investigation into such facts or matters as it may see fit, and, if GDB shall determine to make such further inquiry or investigation, it shall be entitled to examine the books, records and premises of the Department and PRHTA personally, or by agent or attorney.

(f) GDB may execute any of the trusts or powers hereunder or perform any duties hereunder either directly or by or through agents or attorneys, and GDB shall not be responsible for any misconduct or negligence on the part of any agent or attorney appointed with due care by it hereunder.

Section 111. <u>Notices</u>. All notices to the Department, PRHTA and GDB shall be in writing and shall be deemed sufficiently given if sent by registered or certified mail, postage prepaid, or delivered during a business day as follows: to the Department at Minillas Government Center, P.O. Box 41269, Santurce, Puerto Rico, attention of the Secretary; to PRHTA at Minillas Government Center, P.O. Box 42007, Santurce, Puerto Rico, attention of the Executive Director; and to GDB at Minillas Government Center, P.O. Box 42001, Santurce, Puerto Rico, attention of the President.

Section 112. <u>Fees and Expenses</u>. The Department shall pay when billed all reasonable fees and expenses of GDB under this Agreement, and shall also pay all reasonable expenses, charges and other disbursements of its attorneys, agents and employees incurred in and about the administration and execution of the trusts hereby created and the performance of

its powers and duties hereunder, and shall indemnify and save GDB harmless against any liability which it may incur in the exercise and performance of its powers and duties hereunder.

Section 113. <u>Duties and Obligations of GDB</u>. GDB agrees to perform all the duties and obligations imposed upon it by this Agreement, as well as those that may be contained in any agreement referred to in Section 104 hereof.

Section 114. <u>Agreement Not for the Benefit of Other Parties</u>. This Agreement is not intended for the benefit of and shall not be construed to create rights in parties other than the Department, PRHTA, GDB, FHWA and FTA.

Section 115. <u>Captions</u>. The captions and table of contents of this Agreement are for convenience of reference only and shall not affect the construction hereof.

Section 116. <u>Successors and Assigns</u>. The rights and obligations of the parties to this Agreement shall inure to and be binding upon their respective successors and assigns.

Section 117. <u>Severability</u>. If any one or more of the covenants or agreements provided in this Agreement on the part of the Department, PRHTA or GDB to be performed should be determined by a court of competent jurisdiction to be contrary to law, such covenant or agreement shall be deemed and construed to be severable from the remaining covenants and agreements herein contained and shall in no way affect the validity of the remaining provisions of this Agreement.



Section 118. <u>Amendments</u>. To the extent permitted by law, the terms of this Agreement shall not be waived, altered, modified, supplemented or amended in any manner whatsoever except by written instrument signed by the parties hereto, and then such waiver, consent, modification or change shall be effective only in the specific instance and for the specific purpose given.

Section 119. <u>Governing Law</u>. This Agreement shall be construed and interpreted in accordance with the laws of Puerto Rico and any suits and actions arising out of this Agreement shall be instituted in a court of competent jurisdiction in Puerto Rico.

Section 120. <u>Execution in Counterparts</u>. This Agreement may be executed in several counterparts, each of which shall be deemed to be an original; but such counterparts together shall constitute but one and the same instrument.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed under seal by their proper officers thereunto duly authorized as of the day and year first above written.

(Seal)           PUERTO RICO DEPARTMENT OF TRANSPORTATION AND PUBLIC WORKS

By _____
Dr. Carlos I. Pesquera
Title: Secretary

(Seal)           PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY

By _____
Dr. Sergio L. González
Title: Executive Director

(Seal)           GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO

By _____
Marcos Rodríguez-Ema
Title: President

7