# EXHIBIT E

(11)

## CERTIFICATE OF SECRETARY OF THE AUTHORITY
## AS TO COOPERATIVE AGREEMENT

I, William G. Rios Maldonado, Secretary of Puerto Rico Highways and Transportation Authority (the "Authority"), DO HEREBY CERTIFY, that attached hereto is a true and correct copy of the Cooperative Agreement, dated as of December 22, 1997, by and among the Authority, the Federal Highway Administration, the Federal Transit Administration and the Puerto Rico Department of Transportation and Public Works.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the Authority, this sixth day of August, 1998.

(SEAL)

_____
Secretary
Puerto Rico Highways
and Transportation Authority

## COOPERATIVE AGREEMENT AMONG THE FEDERAL HIGHWAY ADMINISTRATION AND FEDERAL TRANSIT ADMINISTRATION, OF THE UNITED STATES DEPARTMENT OF TRANSPORTATION AND THE GOVERNMENT OF PUERTO RICO

### 1.1 INTRODUCTION

This Cooperative Agreement is entered into by and among the Federal Highway Administration (FHWA) and the Federal Transit Administration (FTA), agencies of the United States Department of Transportation (USDOT) and the Puerto Rico Department of Transportation and Public Works (Department), on behalf of the Government of Puerto Rico (Puerto Rico), and the Puerto Rico Highway and Transportation Authority (PRHTA), a public corporation and governmental instrumentality of Puerto Rico, pursuant to section 350 of the National Highway System Designation Act of 1995 (NHS Act), Public Law 104-59, 23 U.S.C. § 101 note, and Article 33, Political Code of 1902, as amended (3 L.P.R.A. §411, et seq.), and Act No. 74 of the Legislature of Puerto Rico (9 L.P.R.A. § 2000, et seq.).

The Puerto Rico Department of Transportation and Public Works, Minillas Government Center, Santurce, Puerto Rico 00940-1269 is the designated agency of Puerto Rico for the administration of the State Infrastructure Bank (SIB) program and is lawfully authorized to administer the SIB in accordance with the requirements of the NHS Act, the applicable guidelines, policies and procedures issued and adopted thereunder from time to time by FHWA/FTA (collectively, the NHS SIB Guidelines), and Article 33, Political Code of 1902, as amended (3 L.P.R.A. §411, et seq.), and Act No. 74 of the Legislature of Puerto Rico (9 L.P.R.A. § 2000, et seq.), copies of which are attached as Exhibit A of this Cooperative Agreement.

### 1.2 ESTABLISHMENT OF STATE INFRASTRUCTURE BANK

The Department and PRHTA represent and warrant that they have the legal, managerial, technical and operational capabilities to administer the SIB. The Secretary of the Department hereby certifies that Puerto Rico law, and the powers it confers on the Department and PRHTA, are consistent with the Constitution of Puerto Rico and that Puerto Rico, acting through the Department, may legally bind itself to the terms of this Cooperative Agreement.

The Department shall establish a SIB to be held by PRHTA as custodian, and administered by the Department. PRHTA agrees to create within the SIB a separate account to be designated as the Highway Account and a separate account to be designated as the Transit Account, each of which shall be dedicated solely to providing loans or other forms of financial assistance consistent with the NHS Act and permitted under Puerto Rico law. (The Highway Account and the Transit Account are sometimes hereinafter referred to individually as an Account and, collectively, as the Accounts.) Amounts on deposit in the Accounts shall be invested in accordance with the provisions of subsection 350(e) of the NHS Act and the NHS SIB Guidelines; earnings on amounts deposited in the Accounts shall be applied in accordance with the provisions of subsection 350(e) of the NHS Act and the NHS SIB Guidelines.

1.3 **FUNDING**

(i) *FHWA/FTA Payments*

FHWA agrees to make payments to PRHTA for deposit in the SIB upon receipt of a properly completed request transmitted on the FHWA form within Exhibit B. Similarly, FTA agrees to make payments to PRHTA for deposit in the SIB upon receipt of a properly completed request transmitted on the FTA form within Exhibit B. Federal payments made under this Cooperative Agreement shall not exceed amounts authorized by subsection 350(b)(2) of the NHS Act or other legislation that may authorize such payment. The timing of deposits of Federal funds obligated pursuant to subsection 350(b)(2) and requested in the appropriate FHWA or FTA form of Exhibit B may be established by the Secretary in order to ensure compliance with the requirements of subsection 350(g)(1) of the NHS Act relating to the historic disbursement rates of the Federal-aid highway program and the Federal transit program.

(ii) *State Matching Requirement*

As required by subsection 350(e)(1) of the NHS Act, on or before the date on which the PRHTA receives a Federal payment, the Department shall deposit, or cause to be deposited, matching share funds (from non-Federal sources) into the Highway Account or the Transit Account, as applicable, in an amount equaling at least 25 percent of the amount of Federal payment unless such matching share may be at a lower percentage as otherwise provided in subsection 350(e)(1) of the NHS Act.

1.4 **FINANCIAL ASSISTANCE**

(i) *Timely Employment*

THE DEPARTMENT AND PRHTA AGREE TO EMPLOY FUNDS DEPOSITED IN THE SIB IN AN EXPEDITIOUS AND TIMELY MANNER.

(ii) *Use*

The Department agrees to provide only such financial assistance through the SIB that is authorized under section 350 of the NHS Act, the NHS SIB Guidelines, and Puerto Rico law. If the financial assistance is not in the form listed in subsection 350(c) or subsections 350(1)(3)(A) through 350(1)(3)(F) of the NHS Act, then the Department shall request specific approval from FHWA or FTA or both, as applicable, of the form of assistance consistent with subsection 350(1)(3)(G) of the NHS Act.

(iii) *Special Rule for Urbanized Areas*

The Department agrees, as required by subsection 350(a)(4) of the NHS Act, that it will capitalize the Highway Account with Federal funds otherwise apportioned or allocated to

2

Puerto Rico under subsection 104(b)(3) or section 160 of title 23, United States Code, or under subsection 1013(c) or section 1015 of the Intermodal Surface Transportation Efficiency Act of 1991, and attributed to urbanized areas of over 200,000 in population, only if the metropolitan planning organization concurs, in writing, with the provision of such assistance.

(iv) *Administrative: Direct and Indirect Costs*

The Department and PRHTA may use up to 2 percent of the aggregate amount of disbursements made in each of Federal fiscal years 1996 and 1997 to cover program administration costs of the SIB for each such Federal fiscal year. These monies will be used for the reasonable costs of administering the SIB, as described in subsection 350(j) of the NHS Act. To the extent permitted by the NHS Act, program administration funds may also be used for the costs of servicing loans, federally capitalized SIB program start-up costs, financial, management and legal consulting fees, and reimbursement of costs for SIB-related support services from other Puerto Rico agencies to the extent such costs and services relate to the SIB.

(v) *Leveraging*

As authorized by subsection 350(1)(3) of the NHS Act, the Department expects to implement a program to leverage deposits. The Federal funds and the associated Puerto Rico matching share from non-Federal sources may be used as a source of security for bonds issued by Puerto Rico or PRHTA to finance or refinance projects funded through the SIB (or interests or participation therein) provided such activities comply with the NHS Act of the NHS SIB Guidelines.

(vi) *Project Agreement With Recipients*

Before providing financial assistance for a project, the Department agrees to enter into a written project agreement (Project Agreement) to provide financial assistance through the SIB, which financial assistance shall be in a form permitted by subsection 350(c) of NHS Act and shall be for a qualified project, as defined in subsection 350(d) of the NHS Act. The Project Agreement shall include interest rates, repayment terms, a disbursement schedule, and any other fees, compensation, or other collateral offered by the recipient of the assistance and such other terms and provisions in accordance with the provisions of subsection 350(e) of the NHS Act and the NHS SIB Guidelines issued thereunder.

(vii) *Disbursements*

The Department agrees to authorize disbursements of funds from the SIB as project costs are refinanced or incurred, as set forth in the Project Agreement, or as otherwise directed by the Secretary of the Department.

3

(viii) *Federal Authorities*

The Department and PRHTA agree that they and all recipients of financial assistance directly made available to the SIB pursuant to the provisions of the NHS Act will comply with all applicable Federal laws and regulations.

(a) Special Requirements for FTA Projects

For projects financed through the SIB's Transit account, the Department and PRHTA agree that they and all recipients of financial assistance directly made available to the SIB pursuant to the provisions of the NHS Act will also comply with all applicable requirements of the FTA Master Agreement for the Fiscal Year in which financial assistance is made, except that any current or future requirement of the NHS SIB Guidelines, or any Special Condition or Special Requirement to this Cooperative Agreement imposed by FTA, that conflicts with a requirement of the FTA Master Agreement shall supersede the conflicting requirement of the FTA Master Agreement.

(ix) *Use of Repayment Proceeds*

The Department and PRHTA agree that repayment proceeds and fees, compensation, or other collateral associated with SIB financial assistance derived from the Highway Account shall be used consistent with subsection 129(a)(7) of title 23, United States Code, except to the extent the FHWA determines that such provisions are inconsistent with such requirements as provided by subsection 350(e)(4) of the NHS Act. FTA reserves the right to establish appropriate conditions concerning repayment proceeds and fees, compensation, or other collateral associated with SIB financial assistance derived from the Transit Account, consistent with the requirements of subsection 350(e)(4) of the NHS Act.

1.5 ACCOUNTING AND AUDIT PROCEDURES

(i) *Accounting and Audit Procedures*

The Department and PRHTA agree to establish fiscal controls and accounting procedures sufficient to assure proper accounting for payments received and disbursements made through the SIB, and to provide SIB balances at the beginning and end of the accounting period and to demonstrate compliance with this Cooperative Agreement. The Department and PRHTA each further agree to use accounting, audit and fiscal procedures conforming to generally accepted accounting principles as promulgated by the Governmental Accounting Standards Board.

(ii) *SIB Assistance Recipient Accounting and Audit Procedures*

The Department agrees that the Project Agreement will require each recipient to maintain project accounts in accordance with generally accepted accounting standards.

4

(iii) *Annual Compliance Audit*

The Department agrees to conduct, or cause to be conducted, an annual independent financial and compliance audit of the SIB and the operations of the SIB. This audit may be conducted in accordance with the Single Audit Act of 1984 (See Office of Management and Budget Circular A-133, "Audits of State and Local Governments"). The Department agrees to complete the audit report within one year of the appropriate accounting period and submit it to both the FHWA and FTA Administrator at the Regional Office administering the project, with a copy sent to U.S. DOT's Office of the Inspector General within 30 days of completion. FHWA or FTA will notify the Secretary of the Department within 90 days as to the technical adequacy of the audit report and its findings.

(iv) *Annual Report*

The Department agrees to submit an Annual Report to the FHWA and FTA Administrator at the Regional Office administering the project, and make such report available to recipients of SIB financial assistance no later than 90 days after the end of the Federal fiscal year. This report shall identify recipients of financial assistance, amounts of financial assistance, financial assistance interest and repayment terms, and project categories, with emphasis on how the State has met the goals set forth in its application and the financial condition of the Highway Account and the Transit Account.

(v) *Other Documents*

In addition to the Annual Report and Annual Audit, Puerto Rico and the Department agree to provide promptly to FHWA, FTA, USDOT, or the Comptroller General of the United States (or representative thereof) any other records they may reasonably require.

(vi) *Records Retention*

The Department and PRHTA agree to maintain and retain all official project files relating to the SIB until all financial assistance has been repaid and necessary audits have been performed. Retention and ultimate disposition of SIB project files shall be in accordance with Puerto Rico laws unless such period for retention conflicts with the requirement above or the 3-year minimum requirement of 49 C.F.R. §18.42, in which event, the later period of retention shall prevail.

1.6 SANCTIONS AND COMPLIANCE

(i) *Corrective Actions*

If either FHWA or FTA determines that the Department or PRHTA has not complied with the terms of this Cooperative Agreement, the requirements of the NHS Act or the NHS SIB Guidelines, FHWA or FTA (as applicable) will notify the Secretary of the Department

of the noncompliance and of the requested corrective action. The Secretary of the Department agrees to take appropriate corrective action or submit a compliance plan to both FHWA and FTA within 60 days.

(ii) *Remedies for Failure to Comply with this Cooperative Agreement*

If the Department or PRHTA fails to take corrective action, or provide an acceptable plan to correct any noncompliance, FHWA or FTA (as applicable) may withhold from future grant moneys available to Puerto Rico under the provisions of Titles 23 or 49 of the United States Code and the Regulations promulgated thereunder, an amount equal to the total amount in dispute until the corrective action is taken or acceptable plan provided.

1.7 EXECUTION, AMENDMENT, AND TERM OF THIS COOPERATIVE AGREEMENT

(i) *Designated Signatories*

The following officials are authorized to enter into amendments to this Cooperative Agreement:

(a) For Puerto Rico:

Carlos I. Pesquera, Secretary
Puerto Rico Department of Transportation
and Public Works
Minillas Government Center
P. O. Box 41269
Santurce, Puerto Rico 00940-1269

and

Sergio L. González, Executive Director
Puerto Rico Highway and Transportation Authority
Minillas Government Center
P. O. Box 42007
Santurce, Puerto Rico 00940-2007

(b) For FHWA:

Administrator
Federal Highway Administration
400 Seventh Street, N.W.
Washington, D.C. 20590

6

(c) For FTA:

Administrator
Federal Transit Administration
400 Seventh Street, N.W.
Washington, D.C. 20590

(ii) *Amendment*

This Cooperative Agreement may be amended at any time by mutual agreement among the designated signatories in writing. Amendments shall be submitted in writing to all parties unless waived by any party. The receiving parties shall respond within 30 days approving such change or with written suggested changes. Items not significantly altering this Cooperative Agreement but changing implementation or review procedures, may be implemented through the agreement of the Secretary of the Department, and the Administrators of either FHWA or FTA, as applicable, or their respective authorized designee.

(iii) *Effective Date*

This Cooperative Agreement will be effective commencing as of the 22 day of December, 1997.

(iv) *Termination*

This Cooperative Agreement shall remain in effect until terminated in writing by the parties hereto.

PUERTO RICO DEPARTMENT OF
TRANSPORTATION AND PUBLIC WORKS

By: _____
Carlos I. Pesquera
Secretary

PUERTO RICO HIGHWAY AND
TRANSPORTATION AUTHORITY

By: _____
Sergio L. González
Executive Director

7

STATE INFRASTRUCTURE BANK COOPERATIVE AGREEMENT

FEDERAL HIGHWAY ADMINISTRATION

By: _____
     Title

FEDERAL TRANSIT ADMINISTRATION

By: _____
     Title

8