Hearing Date:  February 7, 2018 at 9:30 a.m. (Atlantic Standard Time)
Objection Deadline:  January 23, 2018 at 4:00 p.m. (Atlantic Standard Time)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

---------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

    Debtors.[1]

PROMESA
Title III

Case No. 17 BK 3283-LTS

(Jointly Administered)

---------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO ELECTRIC POWER AUTHORITY,

    Debtor.

PROMESA
Title III

Case No. 17 BK 4780-LTS

**This Motion relates only to PREPA, and shall be filed in Case No. 17 BK 3283-LTS and Case No. 17 BK 4780-LTS**

---------------------------------------------------------------------x

**PREPA'S FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING PREPA TO ASSUME CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO BANKRUPTCY CODE SECTION 365**

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as PREPA's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this motion (the "Motion"), pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code"), made applicable in this case pursuant to PROMESA section 301(a), and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable in this case pursuant to PROMESA section 310, for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**: (a) authorizing PREPA to assume the two (2) unexpired leases of nonresidential real property identified on **Exhibit B** attached hereto (each, a "Real Property Lease" and collectively, the "Real Property Leases"), under each of which PREPA is the lessee, and (b) providing any additional relief required in order to effectuate the foregoing. PREPA anticipates submitting a declaration in support of this Motion in advance of the hearing, and respectfully states as follows:

## Jurisdiction and Venue

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Motion pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

3. The statutory predicates for the relief sought herein are section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, made applicable to this case by PROMESA sections 301(a) and 310, respectively.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

**Background**

4. On June 29, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206, and on July 2, 2017, the Oversight Board filed a voluntary petition for relief for PREPA pursuant to section 304(a) of PROMESA, commencing a case under title III thereof (the "Title III Case").

5. On October 6, 2017, the Court entered an order granting the joint administration of PREPA's Title III Case with the Commonwealth's, for procedural purposes only (the "Joint Administration Order") [Case No. 17-03283-LTS; ECF No. 1417].

6. Pursuant to the Joint Administration Order, the current deadline for PREPA to assume or reject nonresidential real property leases is January 28, 2018 [Case No. 17-03283-LTS; ECF No. 1417 at 5].

7. Background information regarding PREPA and the commencement of the Title III Case is contained in the *Notice of Statement of Oversight Board Regarding PREPA's Title III Case* [Case No. 17-04780-LTS; ECF No. 2].

**The Real Property Leases**

8. The terms of each Real Property Lease, including any applicable contract number, the effective date, the expiration date, the annual rent obligation, and the proposed cure amount, are identified on **Exhibit B**.

9. One (1) of the Real Property Leases relates to commercial space used by PREPA for a regional office. Regional offices are an important component of PREPA's business operations. Having a regional presence enables PREPA to address region-specific matters in a timely fashion and effectively manage localized vendor, customer, and service issues. Employees at the regional office perform a variety of administrative services including, among

3

other things, technician coordination, payment processing, and certain customer service functions. It would be burdensome and disruptive for PREPA to have to relocate this regional office. PREPA believes the rent payable under this Real Property Lease is reasonable for its market, and PREPA expects to utilize the office for the duration of the lease term.

10. The other Real Property Lease relates to commercial space used by PREPA as a customer service center. At this location, employees respond to customer inquiries, process customer payments, and interface with other departments to resolve service issues. This lease provides favorable lease terms and enables PREPA to operate in a region that otherwise has limited suitable commercial space. PREPA would not likely be able to find comparable office space on similar lease terms, and would encounter disruption and incur a greater expense to search for an alternative location and relocate than to assume this Real Property Lease.

### Relief Requested

11. By this Motion, the Oversight Board, as representative of PREPA, seeks entry of an order pursuant to section 365(a) of the Bankruptcy Code authorizing PREPA to assume the Real Property Leases and granting such other relief as is just and proper.

### Basis for Relief

**A. Assumption of the Real Property Leases Pursuant to Section 365 of the Bankruptcy Code is a Sound Exercise of PREPA's Business Judgment**

12. Section 365 of the Bankruptcy Code is made applicable in this Title III Case pursuant to PROMESA section 301(a). Section 365(a) of the Bankruptcy Code, in turn, provides that a debtor-in-possession, "subject to the court's approval, may assume or reject an executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "The purpose behind allowing the assumption or rejection of [unexpired leases] is to permit the trustee or debtor in possession to use valuable property of the estate and to 'renounce title to and abandon burdensome

4

property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993) (quoting 2 Collier on Bankruptcy ¶ 365.01[1] (15th ed. 1993)).

13. Under section 365(d)(4) of the Bankruptcy Code, if the deadline to assume or reject a non-residential real property lease in which the debtor is the lessee passes without action by the debtor, the lease will "be deemed rejected, and the [debtor must] immediately surrender that nonresidential real property to the lessor." 11 U.S.C. § 365(d)(4). To avoid the deemed rejection of a nonresidential real property lease, a debtor need only demonstrate its unequivocal intention to assume such lease prior to the expiration of the 365(d)(4) deadline. *See In re Casual Male Corp.*, 120 B.R. 256, 261 (Bankr. D. Mass. 1990) (finding that section 365(d)(4) "require[s] only timely and unequivocal statements to the lessor of intention to assume" and does not require a motion to be filed within the prescribed period (internal citations omitted)); *see also Cousins Properties, Inc. v. Treasure Isles HC, Inc. (In re Treasure Isles EC, Inc.)*, 462 B.R. 645, 650 (B.A.P. 6th Cir. 2011) ("[T]he deadline provisions of 11 U.S.C. § 365(d)(4) are intended to set a 'bright line' regarding how much time the trustee has to decide whether to assume or reject a lease. Congress does not specify the manner in which the trustee is to announce the decision, although case law consistently holds that the mere filing of a motion to assume is sufficient."); *In re Filene's Basement, LLC*, Case No. 11-13511 (KJC), 2014 WL 1713416, at *8–9 (Bankr. D. Del. Apr. 29, 2014) (finding that lease was not deemed rejected under Bankruptcy Code section 365(d)(4) where motion to assume was filed before the 365(d)(4) deadline expired). Here, the deadline for PREPA to assume nonresidential real property leases expires on January 28, 2018, which is ten days prior to the next omnibus hearing. Based on the foregoing authorities, the filing of this Motion establishes PREPA's unequivocal intent to assume the Real Property

5

Leases, and thus they should not be deemed to be rejected on the January 28 deadline, and may be assumed under section 365(a).

14. The assumption or rejection of an executory contract or unexpired lease is subject to review under the business judgment rule. Under the business judgment rule, "a debtor must simply put forth a showing that assumption or rejection of the executory contract or unexpired lease will benefit the [d]ebtor's estate." *In re Vent Alarm Corp.*, Case No. 15-09316-MCF11, 2016 WL 1599599, at *3 (Bankr. D.P.R. Apr. 18, 2016). If a debtor has exercised "reasonable" business judgment, the court should approve the proposed contract assumption. *See In re Maiden Brooks Farm LLC*, 435 B.R. 81, 83 (Bankr. D. Mass. 2010) (noting that courts afford deference to debtors under the business judgement rule).

15. When reviewing a debtor's business judgment, courts are reluctant to substitute their judgment for that of the debtor. *In re Republic Airways Holdings Inc.*, Case No. 16-10429 (SHL), 2016 WL 2616717, at *4 (Bankr. S.D.N.Y. May 4, 2016) ("Courts generally will not second-guess a debtor's business judgment concerning whether an assumption or rejection benefits the debtor's estate."). Generally, courts find that a debtor has appropriately exercised its business judgment where there is no showing of bad faith or an abuse of discretion. *See In re LRP Mushrooms, Inc.*, Case No. 09-18529, 2010 WL 2772510, at *6 (Bankr. E.D. Pa. July 13, 2010) ("Where the trustee's request is not manifestly unreasonable or made in bad faith, the court should normally grant approval '[a]s long as [the proposed action] appears to enhance [the] debtor's estate." (citing *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985))); *see also Comput. Sales Int'l, Inc. v. Fed. Mogul (In re Fed. Mogul Global, Inc.)*, 293 B.R. 124, 126 (Bankr. D. Del. 2003) (explaining that under the business judgment standard,

6

a court should defer to a debtor's decision with respect to contract assumption or rejection, "unless that decision is the product of bad faith or a gross abuse of discretion").

16. The Debtor's decision to assume the Real Property Leases is a sound exercise of its business judgment. PREPA, its advisors and the Oversight Board's advisors have reviewed the Real Property Leases and determined that it is in PREPA's best interest to assume the Real Property Leases for the reasons set forth above.

17. With PREPA currently facing numerous operational and financing in the midst of its recovery from Hurricanes Irma and Maria and restructuring efforts, the assumption of the Real Property Leases will enable PREPA to avoid potential business disruptions that could negatively impact PREPA's operations, and will limit distraction of PREPA's management and advisors from more pressing matters. Assuming the Real Property Leases is a sound exercise of the Debtor's business judgment and should be authorized pursuant to section 365 of the Bankruptcy Code, applicable in this Title III Case pursuant to PROMESA section 301(a).

18. Pursuant to Section 365(b) of the Bankruptcy Code, PREPA will pay cure amounts owed on the Real Property Leases promptly upon entry of an order granting assumption. With respect to adequate assurance of future performance on these Real Property Leases, while the leases are important to PREPA's operations, the obligations under these leases are not significant in relation to PREPA's larger operational budget, and PREPA expects to be able to satisfy these obligations going forward for the duration of the respective lease terms.

**B. The Motion is Permissible under Bankruptcy Rule 6006**

19. Bankruptcy Rule 6006, made applicable in this Title III Case by PROMESA section 310, governs the assumption, rejection or assignment of executory contracts or unexpired leases, and provides, in relevant part, that "[t]he trustee shall not seek authority to assume or

7

assign multiple executory contracts or unexpired leases in one motion unless: (1) all executory contracts or unexpired leases to be assumed or assigned are between the same parties or are to be assigned to the same assignee; [or] (2) the trustee seeks to assume, but not assign to more than one assignee, unexpired leases of real property; . . . ." Fed. R. Bankr. P. 6006(e).[3]

20. At this time, PREPA seeks only to assume the Real Property Leases. As PREPA does not currently intend to assign the Real Property Leases, the Motion is permissible to be filed as an omnibus motion pursuant to Rule 6006(e)(2).[4] Fed. R. Bankr. P. 6006(e)(2).

### Notice

21. PREPA has provided notice of this Motion to (collectively, the "Notice Parties"): (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for PREPA's bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against PREPA; (d) the statutory committee appointed in this Title III Case; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to AAFAF; (g) the Puerto Rico Department of Justice; (h) all parties filing a notice of appearance in this Title III Case; and (i) the lessors and/or counsel to the lessors, if known, set forth on **Exhibit B**. PREPA submits that, in light of the nature of the relief requested, no other or further notice need be given.

---

[3] Subdivision (f) of Bankruptcy Rule 6006 requires that a motion to assume multiple unexpired leases among different parties, if permitted under subdivision (e), among other things, "(1) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion; (2) list parties alphabetically and identify the corresponding contract or lease; and (3) specify the terms, including the curing of defaults, for each requested assumption or assignment." Fed. Bankr. R. P. 6006(f). The Motion satisfies these conditions: (i) the Real Property Leases are identified on **Exhibit B**, listed alphabetically by the counterparty to each Real Property Lease, satisfying Rule 6006(f)(2); (ii) **Exhibit B** also includes terms related to each Real Property Lease, including the cure amount for any existing defaults under each Real Property Lease, satisfying Rule 6006(f)(3); and (iii) a notice filed with the Motion conspicuously directs recipients of the Motion to locate their names and related Real Property Leases on **Exhibit B**.

[4] While PREPA does not seek to assign the Real Property Leases at this time, PREPA reserves its right to assign the Real Property Leases in the future, whether in conjunction with a confirmed plan of adjustment or otherwise.

8

**Reservation of Rights**

22. PREPA files this Motion without prejudice to or waiver of its rights pursuant to PROMESA section 305,[5] and does not by this Motion provide any consent (of PREPA or the Oversight Board) otherwise required by section 305.

**No Prior Request**

23. No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

---

[5] PROMESA section 305 provides:

LIMITATIONS ON JURISDICTION AND POWER OF COURT.
Subject to the limitations set forth in titles I and II of this Act, notwithstanding any provision in this title to the contrary, unless the Oversight Board consents or the plan so provides, the court may not, by any stay, order, or decree, in the case or otherwise, interfere with—
(1) any of the political or governmental powers of the debtor;
(2) any of the property or revenues of the debtor; or
(3) the use or enjoyment by the debtor of any income-producing property.

9

WHEREFORE, PREPA respectfully requests the Court enter the Proposed Order (a) granting the Motion, and (b) granting PREPA such other relief as is just and proper.

Dated: January 16, 2018
      San Juan, Puerto Rico

Respectfully submitted,

/s/ _____

Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Maja Zerjal
(Admission Pro Hac Vice pending)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for PREPA*

/s/ _____

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for PREPA*

## Exhibit A

## Proposed Order

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

    Debtors.[1]

PROMESA
Title III

Case No. 17 BK 3283-LTS

(Jointly Administered)

-----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO ELECTRIC POWER AUTHORITY,

    Debtor.

PROMESA
Title III

Case No. 17 BK 4780-LTS

**This Order relates only
to PREPA, and shall be filed in
Case No. 17 BK 3283-LTS and
Case No. 17 BK 4780-LTS**

Ref. Docket No. _____

-----------------------------------------------------------------x

## ORDER AUTHORIZING PREPA TO ASSUME
## CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL
## REAL PROPERTY PURSUANT TO BANKRUPTCY CODE SECTION 365

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon *PREPA's First Omnibus Motion for Entry of an Order Authoring PREPA to Assume Certain Unexpired Leases of Nonresidential Real Property Pursuant to Bankruptcy Code Section 365* (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to section 307(a) of PROMESA; and the Oversight Board, as representative of PREPA, having approved the assumption of the Real Property Leases; PREPA having made an unequivocal statement of its intent to assume the Real Property Leases prior to the expiration of the deadline to assume or reject nonresidential real property leases under 11 U.S.C. § 365(d)(4), and thus PREPA may assume each of the Real Property Leases notwithstanding the passage of such deadline; and the Court having found that the assumption of the Real Property Leases represents a sound exercise of PREPA's business judgment and that the relief requested in the Motion is in the best interests of PREPA, its creditors, and other parties in interest; and the Court having found that the Debtor has provided adequate assurance of future performance in accordance with the requirements of Section 365(b)(1) of the Bankruptcy Code; and the Court having found that PREPA provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and upon the record herein, after due deliberation thereon, the Court having found that good and sufficient cause exists for the granting of the relief as set forth herein,

**THEREFORE, IT IS HEREBY ORDERED THAT:**

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

2

1. The Motion is **GRANTED** as set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, made applicable in this Title III Case pursuant to PROMESA section 301(a), PREPA is authorized to assume the Real Property Leases and the Real Property Leases shall be deemed assumed upon entry of this Order.

3. Promptly following the entry of this Order, PREPA shall remit to each of the lessors associated with the Real Property Leases the cure costs identified on Exhibit B to the Motion, subject to the reconciliation of prior payments, and the assumption of the Real Property Leases shall not result in a breach or violation of, or default under, the Real Property Leases.

4. Nothing herein is intended to, shall constitute, or shall be deemed to constitute PREPA's or the Oversight Board's consent, pursuant to PROMESA section 305, to this Court's interference with (a) any of the political or governmental powers of PREPA, (b) any of the property or revenues of PREPA, or (c) the use or enjoyment of PREPA of any income-producing property.

5. Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. PREPA and the Oversight Board, as PREPA's representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this order in accordance with the Motion.

7. The Court shall retain exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation and enforcement of this Order.

Dated: _____, 2018      _____
                                  Honorable Laura Taylor Swain
                                  United States District Judge

3

# Exhibit B

## Unexpired Leases of Nonresidential Real Property to be Assumed by PREPA

**PREPA Real Property Leases**

| Name of Lease Counterparty | Contract Number (if any) | Property Address | Effective Date of Lease | Expiration Date of Lease | Approximate Annual Rent Obligation | Security Deposit Held by Landlord (if any) | Proposed Cure Amount (if any)[1] |
|---|---|---|---|---|---|---|---|
| Carolina Shopping Court, Inc. | 2014-P00058 | PR #3, Bo. Hoyo Mulas, Carolina | 11/5/13 | 5/31/19 | $174,510.00 | None | $169,230.84 |
| Municipality of Dorado | 2017-P00081 | Pabellon Rafael Hernandez Colon, Calle Mendez Vigo, Dorado | 2/24/17 | 2/23/22 | $34,512.00 | None | $11,504.00 |

---

[1] The amounts listed in this column represent outstanding rent obligations for each Real Property Lease as of January 9, 2018 and are subject to modification based on reconciliation of prior payments.

Hearing Date: February 7, 2018 at 9:30 a.m. (Atlantic Standard Time)
Objection Deadline: January 23, 2018 at 4:00 p.m. (Atlantic Standard Time)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

-----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

    Debtors.[1]

PROMESA
Title III

Case No. 17 BK 3283-LTS

(Jointly Administered)

-----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO ELECTRIC POWER AUTHORITY,

    Debtor.

PROMESA
Title III

Case No. 17 BK 4780-LTS

**This Notice relates only to PREPA, and shall be filed in Case No. 17 BK 3283-LTS and Case No. 17 BK 4780-LTS**

-----------------------------------------------------------------x

**NOTICE OF HEARING**

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THE RELATED REAL PROPERTY LEASE ON EXHIBIT B ATTACHED TO THE MOTION.**

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**PLEASE TAKE NOTICE** that the Puerto Rico Electric Power Authority ("PREPA"), a Title III debtor, by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as PREPA's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), filed the attached *PREPA's First Omnibus Motion for Entry of an Order Authorizing PREPA to Assume Certain Unexpired Leases of Nonresidential Real Property Pursuant to Bankruptcy Code Section 365* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and the Third Amended Case Management Procedures [Case No. 17-03283-LTS; ECF No. 1512] (the "Case Management Procedures"), and must be filed with the Court (a) by registered users of the Court's case filing system, electronically in accordance with rule 5 of the Local Rules for the District of Puerto Rico, and (b) by all other parties in interest, on a CDROM, in a text-searchable portable document format (PDF), and served on (i) counsel for the Oversight Board, Proskauer Rose LLP, Eleven Times Square, New York, New York 10036-8299 (Attn: Martin J. Bienenstock, Esq., Paul V. Possinger, Esq., and Ehud Barak, Esq.), and O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, Puerto Rico 00918-1813 (Attn: Hermann D. Bauer, Esq.); (ii) counsel for PREPA, Greenberg Traurig, LLP, 200 Park Avenue, New York, New York 10166 (Attn: Nathan A. Haynes, Esq.), and Cancio, Nadal, Rivera & Diaz, P.S.C., PO Box 364966, San Juan, Puerto Rico 00936-4966 (Attn: Katiuska Bolaños Lugo); and (iii) the Office of the United States Trustee for Region 21, Edificio Ochoa, 500 Tanca Street, Suite 301,

San Juan, Puerto Rico 00901-1922, so as to be received no later than **January 23, 2018 at 4:00 p.m. (Atlantic Standard Time)**.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held before the Honorable Laura Taylor Swain, United States District Court Judge, in a Courtroom to be determined at the United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, San Juan, Puerto Rico 00918-1767 (the "Court"), on **February 7, 2018 at 9:30 a.m. (Atlantic Standard Time)**, or as soon thereafter as counsel may be heard, to consider the relief sought by PREPA in the Motion.

**PLEASE TAKE FURTHER NOTICE** that the relief requested in the Motion may be granted without a hearing if no objection is timely filed, served, and received in accordance with the Case Management Procedures.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion including all exhibits, and all documents filed in this Title III Case are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

Dated: January 16, 2018
      San Juan, Puerto Rico

Respectfully submitted,

/s/ _____

Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Maja Zerjal
(Admission Pro Hac Vice pending)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

3

*Attorneys for the
Financial Oversight and
Management Board as representative for
PREPA*

/s/ _____

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the
Financial Oversight and
Management Board as representative for
PREPA*

4