**Hearing Date: February 7, 2018 at 9:30 a.m. (Atlantic Standard Time)**
**Objection Deadline: January 23, 2018 at 4:00 p.m. (Atlantic Standard Time)**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## MOTION FOR ORDER (A) ESTABLISHING
## DEADLINES AND PROCEDURES FOR FILING PROOFS OF CLAIM
## AND (B) APPROVING FORM AND MANNER OF NOTICE THEREOF

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

# TABLE OF CONTENTS

**Page**

JURISDICTION AND VENUE .................................................................................................. 1

BACKGROUND ....................................................................................................................... 2

RELIEF REQUESTED .............................................................................................................. 6

     A.     Bar Dates for Filing Proofs of Claim .................................................... 6

     B.     Notice of Entry of Order and of Bar Dates and Related Procedures ................... 14

NOTICE .................................................................................................................................. 19

RESERVATION OF RIGHTS ................................................................................................. 19

## <u>TABLE OF AUTHORITIES</u>

*In re City of Detroit, Mich.*,
    Case No. 13-53846 [ECF No. 1782] (Bankr. E.D. Mich., Nov. 21, 2013)...............................7

*In re Jefferson Cty.*,
    Case No. 11-5735-TBB-9 (Bankr. S.D. Ala., Apr. 6, 2012)......................................................7

**STATUTES**

11 U.S.C. § 101(27) .........................................................................................................................7

11 U.S.C. § 101(5) ...........................................................................................................................6

11 U.S.C. § 105(a) .......................................................................................................................1, 2

11 U.S.C. § 501, 502, 503, and 925 ............................................................................................1, 2

11 U.S.C. § 502(b)(9) ......................................................................................................................7

11 U.S.C. § 503(b)(9) .............................................................................................................. passim

11 U.S.C. § 507(a)(2).................................................................................................................10, 14

48 U.S.C. §§ 2101-2241 ..................................................................................................................1

PROMESA § 304(a) ................................................................................................................. 2, 3, 4

PROMESA § 307(a) .........................................................................................................................1

PROMESA § 315(b) .........................................................................................................................1

**OTHER AUTHORITIES**

Fed. R. Bankr. P 2002 .............................................................................................................. passim

Fed. R. Bankr. P 3001 ..................................................................................................................1, 2

Fed. R. Bankr. P. 3003(c) ........................................................................................................ passim

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Highways and Transportation Authority ("HTA") and the Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, ERS, and HTA, the "Debtors," and each, a "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submit this motion (the "Motion"), pursuant to sections 105(a), 501, 502, 503, and 925 of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these cases pursuant to PROMESA section 301(a), Rules 2002(a)(7), 2002(f), 2002(m), 3001, 3002(a) and 3003(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to these cases pursuant to PROMESA section 310, and Rule 1007-1(f) of the Puerto Rico Local Bankruptcy Rules (the "Local Bankruptcy Rules"), for entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), (a) establishing deadlines and procedures for filing proofs of claim, (b) approving the form and manner of notice thereof, and (c) granting related relief.  In support of this Motion, the Debtors respectfully state as follows:

## Jurisdiction and Venue

1.      The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Motion pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

---

[2]    PROMESA is codified at 48 U.S.C. §§ 2101-2241.

3.      The statutory predicates for the relief sought herein are Bankruptcy Code sections 105(a), 501, 502, 503, and 925, Bankruptcy Rules 2002(a)(7), 2002(f), 2002(m), 3001, 3002(a) and 3003(c), made applicable to these cases by PROMESA sections 301(a) and 310, respectively, and Local Bankruptcy Rule 1007-1(f).

## Background

**A.      The Title III Cases**

4.      On June 30, 2016, the Oversight Board was established in accordance with PROMESA section 101(b).  On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

5.      Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this title is the representative of the debtor" and "may take any action necessary on behalf of the debtor to prosecute the case of the debtor, including filing a petition under section 304 of [PROMESA] . . . or otherwise generally submitting filings in relation to the case with the court."

6.      On September 30, 2016, the Oversight Board designated the Debtors as covered entities under PROMESA section 101(d).

7.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth's Title III Case").

8.      On May 5, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA pursuant to PROMESA section 304(a), commencing a case under Title III thereof ("COFINA's Title III Case").

9.       On May 9, 2017, the Oversight Board filed a motion seeking, among other things, joint administration of the Commonwealth's Title III Case and COFINA's Title III Case. *Motion of Debtors Pursuant to PROMESA Section 304(g) and Bankruptcy Rule 1015(b) for Entry of Order Directing Joint Administration of Title III Cases and Granting Related Relief* [Case No. 17-3283, Docket No. 41].

10.      On May 21, 2017, the Oversight Board issued restructuring certifications pursuant to PROMESA sections 104(j) and 206 and filed voluntary petitions for relief for ERS and HTA pursuant to PROMESA section 304(a), commencing cases under Title III thereof (collectively with the Commonwealth's Title III Case and COFINA's Title III Case, the "Initial Title III Cases").

11.      On June 1, 2017, the Court entered an order directing, among other things, the joint administration of the Commonwealth's Title III Case and COFINA's Title III Case. *Order Pursuant to PROMESA Section 304(g) and Bankruptcy Rule 1015(b) Directing Joint Administration of Title III Cases and Granting Related Relief* [Case No. 17-3283, Docket No. 242].

12.      On June 9, 2017, the Oversight Board filed a motion, seeking to (i) jointly administer the Initial Title III Cases and (ii) make certain orders previously entered in the Commonwealth's Title III Case and COFINA's Title III Case applicable to the Initial Title III Cases. *Motion for Order (A) Pursuant to PROMESA Section 304(g), Directing Joint Administration of Initial Title III Cases and Additional Title III Cases, and (B) Pursuant to Section 105(a) of the Bankruptcy Code, Making Certain Orders Entered on First Day Pleadings Applicable to the Additional Title III Cases* [Case No. 17-3283, Docket No. 298].

13.     On June 29, 2017, the Court entered an order directing, among other things, the joint administration of the Initial Title III Cases.  *Order (A) Pursuant to PROMESA Section 304(g), Directing Joint Administration of Initial Title III Cases and Additional Title III Cases, and (B) Pursuant to Section 105(a) of the Bankruptcy Code, Making Certain Orders Entered on First Day Pleadings Applicable to the Additional Title III Cases* [Case No. 17-3283, Docket No. 537].[3]

14.     On June 29, 2017, the Oversight Board issued a restructuring certification for PREPA pursuant to PROMESA sections 104(j) and 206.

15.     On July 2, 2017, the Oversight Board filed a voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case under title III thereof (the "Additional Title III Case," and together with the Initial Title III Cases, the "Title III Cases").

16.     On August 23, 2017, the Oversight Board filed a motion, seeking to (i) jointly administer the Initial Title III Cases with the Additional Title III Case and (ii) make certain orders previously entered in the Initial Title III Cases applicable to the Additional Title III Case [Case No. 17-3283, Docket No. 1149; Case No. 17-4780, Docket No. 250].

17.     On October 6, 2017, the Court entered an order directing, among other things, the joint administration of the Initial Title III Cases with the Additional Title III Case for procedural purposes only.  *Order (A) Pursuant to PROMESA Section 304(g), Directing Joint Administration of Initial Title III Cases and Additional Title III Case, (B) Pursuant to Section 105(a) of the Bankruptcy Code, Making Certain Orders Entered in the Initial Title III Cases Applicable to the Additional Title III Case, and (C) Pursuant to Section 105(a) of the Bankruptcy Code,*

---

[3]     The same order was entered in the ERS and HTA Title III cases in Case No. 17-3566, Docket No. 156, and Case No. 17-3567, Docket No. 167, respectively.

*Maintaining the Effect of Certain Pleadings Filed in the Additional Title III Case* [Case No. 17-3283, Docket No. 1417].

**B.      Filing of Creditor Lists**

18.     On August 30, 2017, the Commonwealth and COFINA filed their Creditor Lists [Case No. 17-3283, Docket Nos. 1215, 1216].

19.     On September 15, 2017, ERS filed its Creditor List.  [Case No. 17-3283, Docket No. 1316; Case No. 17-3566, Docket No. 207].

20.     On December 22, 2017, PREPA and HTA filed their Creditor Lists.  [Case No. 17-4780, Docket No. 520; Case No. 17-3567; Docket No. 363].

**C.      Motion to Set Bar Date**

21.     On September 12, 2017, the Debtors filed the *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [Case No. 17-3283, Docket No. 1286; Case No 17-4780, Docket No. 295] (the "First Bar Date Motion").

22.     On October 13, 2017, due to the devastation of Hurricanes Irma and Maria, and after consultation with the Puerto Rico Fiscal Agency and Financial Advisory Authority and the statutory creditor committees and other parties in interest, the Debtors filed the *Notice of Withdrawal, Without Prejudice, of Debtors' Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [Case No. 17-3283, Docket No. 1442].

23.     Since filing the First Bar Date Motion, the Oversight Board received comments from various parties to the motion and proposed order.  The Oversight Board engaged in discussions with such parties to resolve any concerns.   The Motion and Proposed Order

5

incorporate a number of comments the Oversight Board received in an effort to resolve various parties' concerns.

<strong><u>Relief Requested</u></strong>

24.     By this Motion, the Debtors seek to have the Court establish deadlines and procedures for filing proofs of claim (as defined in Bankruptcy Code section 101(5)) against the Debtors on account of claims arising, or deemed to have arisen, prior to the respective commencement dates for their Title III Cases (collectively, the "<u>Bar Dates</u>").

25.     In addition, the Debtors request the Court approve the form of notice thereof and the proposed procedures for mailing and publishing the notice set forth herein.

**A.      <u>Bar Dates for Filing Proofs of Claim</u>**

26.     Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix . . . the time within which proofs of claim or interest may be filed."  Fed. R. Bankr. P. 3003(c)(3).

27.     For the Debtors to proceed with the administration of these Title III Cases and for the development and the confirmation of plans of adjustment, the Debtors must have, among other things, complete and accurate information with respect to the claims asserted against them. This includes the nature, validity and amount of any such claims.

28.     **<u>Bar Dates</u>**.  The Debtors request the Court establish the following Bar Dates and approve the form and manner of notice thereof:

  a.     **General Bar Date**: Fixing 4:00 p.m. (Atlantic Standard Time) on May 29, 2018, as the deadline (the "<u>General Bar Date</u>") for filing proofs of claim (as defined in Bankruptcy Code section 101(5)), against the Debtors on account of (i) claims arising, or deemed to have arisen, prior to the respective commencement dates for their Title III Cases, including, for the avoidance of doubt, bond claims and claims arising under Bankruptcy

Code section 503(b)(9), and (ii) claims asserted by governmental units (as defined in Bankruptcy Code section 101(27));[4]

b.  **Rejection Bar Date**:  Except as otherwise set forth in any order authorizing the rejection of an executory contract or unexpired lease, 4:00 p.m. (Atlantic Standard Time) on the date that is the later of (i) the General Bar Date and (ii) the first business day that is thirty-five (35) calendar days after the entry of an order by the Court authorizing such rejection is the deadline for a party to any such rejected executory contract or unexpired lease to file proofs of claim relating to the rejection of such contract or lease (the "Rejection Bar Date," and together with the General Bar Date, the "Bar Dates"); and

c.  **Bar Date if Creditor List is Amended or Supplemented**:  If, after the Bar Date Notice (as defined below) is served, any Debtor (a) amends its respective Creditor List to reduce a claim and/or to change the classification, nature or characterization of a claim, or (b) supplements its respective Creditor List, such Debtor shall give notice of any amendment or supplement to the holders of claims reduced or changed thereby, and advise such holders they shall each have until the later of (i) the General Bar Date and (ii) thirty-five (35) days from the date of such notice to file a proof of claim, or an amended proof of claim, if applicable, or be barred from so doing.

29.  The Debtors propose that, except as set forth below, the Bar Dates apply to each person or entity (including, without limitation, each individual, partnership, joint venture, limited liability company, corporation, estate, trust, or governmental unit) asserting a claim against one or more of the Debtors.

30.  **Master Proofs of Claim.**  The Debtors propose that the following parties be permitted to file a master proof of claim on behalf of their respective constituents:

---

[4]  The General Bar Date, which includes the bar date for governmental units to submit proofs of claim, is 331 days after the commencement of the last filed Debtor, and thus, the Debtors submit that the General Bar Date satisfies Bankruptcy Code section 502(b)(9) for each of the Debtors.  The General Bar Date provides reasonable time for claimants to complete and file proof of claims (specifically, approximately 111 days between the order (if entered on the omnibus hearing date of February 7, 2018) and the General Bar Date, and 133 days between the filing of the Motion and the General Bar Date), which is similar to periods provided in comparable cases.  *See, e.g., In re City of Detroit, Mich.,* Case No. 13-53846 [ECF No. 1782] (Bankr. E.D. Mich. Nov. 21, 2013) (establishing a bar date occurring 92 days after the bar date order and 134 days after the filing of the bar date motion); *In re Jefferson Cty.,* Case No. 11-5735-TBB-9 [ECF No. 889] (Bankr. S.D. Ala. Apr. 6, 2012) (establishing a bar date occurring 59 days after the bar date order and 87 days after the filing of the bar date motion).

a. <u>Bond Claims</u>.   The Debtors have issued numerous series of bonds under certain trust agreements, indentures or resolutions.  The Debtors propose that the indenture trustees, fiscal agents, or any similar agent or nominee (each a "<u>Bond Representative</u>") for each respective series of bonds (to the extent such Bond Representative exists)[5] may file a master proof of claim (each, a "<u>Bond Debt Master Proof of Claim</u>"[6]) against the applicable Debtor[6] on behalf of themselves and all holders of bond claims for the respective series of bonds for obligations arising under the respective trust agreements or bond document.[7]

b. <u>Union Claims</u>.   Certain of the Debtors are party to collective bargaining agreements.  The Debtors propose that each union be permitted to file a separate master proof of claim on behalf of its respective constituents (each, a "<u>Union Master Proof of Claim</u>") against the applicable Debtor on account of all obligations due under their respective collective bargaining agreements or applicable statutes, except with respect to a Resolved Grievance (as defined below).

c. <u>Credit Agreement Claims</u>.   Certain of the Debtors are party to credit agreements.  The Debtors propose that each agent under any credit agreement be permitted to file a separate master proof of claim (each, a "<u>Credit Agreement Master Proof of Claim</u>") against the applicable Debtor on behalf of itself and all lenders under such credit agreement.

31.   **<u>Persons NOT Required to File Proofs of Claim by the Applicable Bar Dates</u>**.

The Debtors propose that the following persons and entities should **<u>not</u>** be required to file a proof of claim on or before the applicable Bar Dates:

a. <u>Allowed Claims</u>:   Any person or entity whose claim was previously allowed by an order of this Court entered on or before the applicable Bar Date;

b. <u>Paid Claims</u>:   Any person or entity whose claim was paid in full by a Debtor, including claims paid by a Debtor after the commencement date of its respective Title III Case;

---

[5]   To the extent the Debtors become aware of any series of bonds issued by any of the Debtors that do not have Bond Representative, the Debtors may propose supplemental procedures regarding filing proofs of claim and related deadlines that would be applicable to holders of such bonds.

[6]   For the avoidance of doubt, such Bond Representative may file one master proof of claim on behalf of all series of bonds issued under the same trust agreement or similar document, provided such series of bonds assert the same priority.

[7]   As discussed in greater detail in the *Statement of Oversight Board in Connection with PROMESA Title III Petition* ¶¶ 11-12 [Case No. 17-3283, Docket No. 1], the Commonwealth and its instrumentalities issued over $70 billion in principal amount of bonds.

c.      Proofs of Claim Already Filed:  Any person or entity who already properly filed a proof of claim, which substantially conforms to the Proof of Claim Form (defined below), in these Title III Cases with the Court or the Debtors' claims and noticing agent;

d.      Claims Properly Listed and Categorized on Creditor Lists:  Any person or entity whose claim is listed on one of the Creditor Lists and (i) the claim is not listed as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount and nature of the claim as set forth on the applicable Creditor List, and (iii) the person or entity does not dispute that the claim is an obligation of the subject Debtor;

e.      PREPA Customers:  Customers of PREPA in connection with the disposition of their deposits or any individual billing or service disputes; provided, however, that any such holder should assert a claim not otherwise excepted from filing a proof of claim by Paragraphs 31(a) through (n) of this Motion by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

f.      Pension Claims:  Any retiree, active employee, and former employee and any beneficiary of the foregoing persons for accrued pensions and any and all other post-retirement benefits due as a result of such person's employment by or by being a beneficiary of a Title III Debtor ("Pension Claims"); provided, however, that any such holder should assert a claim not otherwise excepted from filing a proof of claim by Paragraphs 31(a) through (n) of this Motion by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

g.      Union or Non-Union Employee Claims:  Any union-represented or non-union represented employee, furloughed employee, or former employee for compensation and employment benefits, including, without limitation, wages, salaries, employee medical benefits and/or insurance benefits, or workers' compensation claims ("Compensation Claims"); provided, however, that Compensation Claims shall not include claims asserted or to be asserted in any lawsuit or administrative proceeding based on tort or non-employment-related to common law, statutory law, or regulation even where such claims assert as damages an entitlement to wages, salaries, employee medical benefits and/or insurance benefits;

h.      Individual Union Members' Claims:  Any person or entity that holds a claim limited to obligations due under their respective collective bargaining agreements, to the extent the relevant union files a master proof of claim on behalf of their respective constituents against the relevant Debtor ("CBA Claims"); provided, however, that any such holder should assert (I) a claim not otherwise excepted from filing a proof of claim by

9

Paragraphs 31(a) through (n) of this Motion, or (II) a claim for a grievance that has been resolved and liquidated by settlement or arbitration award as of April 30, 2018 (such claim, a "<u>Resolved Grievance</u>"), by filing a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

i.  <u>Individual Bondholder Claims Arising From Bonds That Do Not Have an Indenture Trustee, Fiscal Agent, or Similar Agent or Nominee</u>: Any person or entity that holds a claim that is limited to the repayment of principal, interest and such other amounts that may arise under the respective trust agreement or bond document that does not provide for an indenture trustee, fiscal agent, or similar agent or nominee that could file a Master Proof of Claim (which includes, for the avoidance of doubt, holders of GO Bonds (as defined below)); <u>provided</u>, <u>however</u>, that, any such holder (i) that asserts that the repayment of any such claim is secured by any assets of the Debtor or (ii) that asserts a claim not otherwise excepted from filing a proof of claim by Paragraphs 31(a) through (n) of this Order, should file a proof of claim on or before the General Bar Date asserting such collateralization and/or other claim to avoid disallowance of such claim;

j.  <u>Individual Bondholder Claims Covered by Timely Filed Bond Master Proof of Claim</u>: Any person or entity that holds a claim that is limited to the repayment of principal, interest and other fees and expenses, to the extent the relevant Bond Representative files a Bond Debt Master Proof of Claim against the relevant Debtor on or before the General Bar Date on account of all bond claims against the relevant Debtor under the respective trust agreement or bond document; <u>provided</u>, <u>however</u>, that any such holder should assert a claim not otherwise excepted from filing a proof of claim by Paragraphs 31(a) through (n) of this Motion by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

k.  <u>Individual Credit Agreement Lender Claims</u>:  Any person or entity that holds a claim that is limited to the repayment of principal, interest and other fees and expenses, to the extent the relevant agent, if such agent exists, files a Credit Agreement Master Proof of Claim against the relevant Debtor on or before the General Bar Date on account of all lender claims against the relevant Debtor under the respective credit agreement; <u>provided</u>, <u>however</u>, that any such holder should assert a claim not otherwise excepted from filing a proof of claim by Paragraphs 31(a) through (n) of this Motion by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

       l.      <u>Administrative Expenses</u>:   Any holder of a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an administrative expense (**<u>other</u>** than a claim under Bankruptcy Code section 503(b)(9));

      m.     <u>Proofs of Claim with Separate Deadlines</u>:   Any holder of a claim for which a separate deadline is or has been fixed by this Court; and

      n.     <u>Professionals' Administrative Claims</u>:   Professionals who assert administrative claims for fees and expenses subject to the Court's approval pursuant to PROMESA section 316.

32.   <u>Bond Insurer Proofs of Claims</u>.  For the avoidance of doubt, the Debtors propose that insurers with respect to any series of bonds issued by the Debtors under trust agreements, indentures or resolutions (including, without limitation, those listed in the Creditor Lists) (the "<u>Bond Insurers</u>"), must, to the extent the filing of such claim is not otherwise made unnecessary by the terms of the foregoing paragraph 31, file a proof of claim with respect to any claims arising under the relevant bond insurance policies on or before the General Bar Date to avoid disallowance of such claims; <u>provided</u>, that, to the extent that any Bond Insurer makes a payment with respect to any series of bonds for obligations under the respective trust agreements or bond documents, the Bond Insurer's proof of claim shall be deemed to supersede any proof of claim filed by any relevant indenture trustee, fiscal agent, or similar agent or nominee as to such series of bond, to the extent of such payment and resulting subrogation to the rights of the holders of such bonds.

33.   The Debtors request that all proofs of claim be filed with Prime Clerk LLC ("<u>Prime Clerk</u>"), either by mail, hand delivery, overnight courier or electronically through the Debtors' case management site at https://cases.primeclerk.com/puertorico/EPOC-Index, so as to be **<u>received on or before the applicable Bar Date</u>**, and that such proofs of claim (i) be written in English or Spanish; (ii) be denominated in lawful currency of the United States as of the relevant Title III Case commencement date; (iii) set forth with specificity the legal and factual

basis for the asserted claim; (iv) include supporting documentation or an explanation as to why such documentation is not available, with such documentation or explanation being provided in English or Spanish; (v) include an original or electronic signature of the claimant or an authorized agent of the claimant; and (vi) substantially conform to the Proof of Claim Form. Proofs of claim delivered by first class mail should be sent to The Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, PO Box 4708, New York, NY 10163-4708, and proofs of claim delivered by overnight courier or hand delivery should be sent to The Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.

34.    The Debtors continue to explore options for establishing additional locations in the Commonwealth to receive proofs of claim by hand delivery and will provide the Court with an amended Proposed Order with such additional locations prior to the hearing on the Motion. The Debtors are in the process of making arrangements with the following locations in the Commonwealth for receipt of proofs of claim by hand delivery:  (a) José V. Toledo Federal Building & US Courthouse, 300 Recinto Sur Street, San Juan, PR 00901, (b) MCS Building, Suite 222 A, 880 Tito Castro Avenue, Ponce, PR 00716-4732, and (c) Federico Degetau Federal Building and Clemente Ruiz Nazario U.S. Courthouse, 150 Carlos Chardón Street, San Juan, Puerto Rico, 00918-1767.

35.    The Debtors propose that all persons or entities asserting proofs of claim against more than one Debtor be required to file a separate proof of claim with respect to each such Debtor and identify on each proof of claim the particular Debtor (and to the extent reasonably ascertainable, the Commonwealth department or agency, if applicable, for claims asserted against the Commonwealth) against which their claim is asserted.  The Debtors submit that

12

requiring parties to identify the Debtor against which a claim is asserted will greatly expedite the Debtors' review of proofs of claim in the Title III Cases and will not be unduly burdensome on claimants.

36.     Proofs of claim may <u>not</u> be submitted by facsimile, telecopy, or email, but may be submitted electronically through Prime Clerk's website.

37.     After the applicable Bar Dates, except as otherwise permitted pursuant to an order of the Court, amendments to timely filed proofs of claim should only be allowed to the extent an amended claim is based on the same facts and circumstances as a timely filed claim, and then only if the amended claim was not reasonably ascertainable prior to the applicable Bar Date.

38.     Bankruptcy Rule 3003(c)(2) provides that any creditor who fails to file a proof of claim by the applicable bar date "shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2). Accordingly, the Debtors request that, unless otherwise provided with respect to a holder of a claim by Court order, any holder of a claim against the Debtors who fails to file a proof of claim for such claim by the applicable Bar Date be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim.

39.     The holder of a claim who fails to file a proof of claim by the applicable Bar Date (unless permitted to file a proof of claim after the applicable Bar Date pursuant to an order of the Court) shall not be permitted to vote to accept or reject any plan of adjustment filed in these Title III Cases, participate in any distribution in these Title III Cases on account of such claim, or receive further notices with respect to these Title III Cases on account of such claim.

40.     Notwithstanding anything else herein and for the avoidance of doubt, the (i) classification and treatment of claims for principal and interest under general obligation bonds issued or bonds guaranteed by the Commonwealth of Puerto Rico ("GO Bonds"), and distribution on account of the foregoing claims, pursuant to any Title III plan of adjustment for a Debtor, (ii) right of holders of GO Bonds to vote to accept or reject a plan of adjustment, and (iii) right to receive further notices with respect to these Title III Cases on account of such GO Bond claims, shall in each case not be affected by any provision of the Proposed Order, the form of Proof of Claim Form approved under the Proposed Order, or by whether or not the holders of GO Bonds file or do not file proofs of claim.  For the avoidance of doubt, nothing in the Proposed Order shall be interpreted as preventing holders of GO Bonds from filing proofs of claim; provided, that the allowance or disallowance of any such proof of claim shall be treated in the same manner as other proofs of claim filed pursuant to the Proposed Order; provided, further, that nothing in this Order shall be interpreted as precluding any party in interest from filing objections to the amount, priority, security and/or allowance of any obligations arising with respect to GO Bonds regardless of whether proofs of claim are filed for such GO Bonds.

**B.    Notice of Entry of Order and of Bar Dates and Related Procedures**

41.     The Debtors further seek the Court's approval of the proposed notice of the Bar Dates (the "Bar Date Notice"), substantially in the form annexed to the Proposed Order as **Exhibit 1-A**, and the proposed reminder notice of the Bar Date (the "Reminder Notice"), substantially in the form annexed to the Proposed Order as **Exhibit 1-B**, both incorporated herein by reference.  Pursuant to Bankruptcy Rule 2002(a), all known creditors and indenture trustees are to be provided with at least twenty-one (21) days' notice by mail of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c).  Additionally, all known creditors and indenture trustees are to be provided notice by mail of the order for relief in accordance with

14

Bankruptcy Rule 2002(f)(1).  The Bar Date Notice and Reminder Notice will advise the Debtors'

creditors of the order for relief as well as the Bar Dates and provide instruction for filing proofs

of claim.

42.     With the assistance of Prime Clerk, the Debtors have prepared the Proof of Claim

Form, substantially in the form annexed to the Proposed Order as **Exhibit 2** (the "Proof of Claim

Form"), which substantially conforms to Official Form B 410, but is tailored to these Title III

Cases.  The modifications to Official Form B 410 proposed by the Debtors include: (a) allowing

creditors to assert section 503(b)(9) claims; (b) adding certain instructions applicable to the Title

III Cases, including a translation of the instruction to Spanish; (c) removing non-applicable

priority eligibility for unsecured claims;[8] (d) adding a checkbox for a creditor to identify the

appropriate Debtor; and (e) adding a section for a creditor of the Commonwealth to identify the

specific Commonwealth agency or department against which the claim is filed.

43.     The Debtors, through Prime Clerk or Epiq Bankruptcy Solutions, LLC, as

applicable, propose to serve a copy of the Bar Date Notice along with a Proof of Claim Form,[9]

on or before February 26, 2018, by United States Postal Service first-class mail, postage prepaid,

on the following parties: (a) all parties listed on the Debtors' Creditors Lists; (b) the Office of the

United States Trustee for the District of Puerto Rico; (c) the statutory committees appointed in

these Title III Cases; (d) the Office of the United States Attorney for the District of Puerto Rico;

(e) the Puerto Rico Department of Justice; (f) the Internal Revenue Service; (g) local taxing

authorities; and (h) all parties filing a notice of appearance in these Title III Cases.

---

[8]     PROMESA section 301(a) does not incorporate section 507 of the Bankruptcy Code in its entirety, only section
507(a)(2)—administrative expenses.

[9]     Copies of the Bar Date Notice and the Proof of Claim Form served on creditors and parties in interest in these
Title III Cases will be provided in both Spanish and English.

44.     The Debtors also propose to provide notice of the Bar Dates by causing a copy of a publication notice, substantially in the form of the Bar Date Notice, to be published on or before February 26, 2018, in (a) *El Nuevo Día* in Spanish (primary circulation is in Puerto Rico), (b) *Caribbean Business* in English (primary circulation is in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation is in New York and Miami, respectively), and (d) *The Bond Buyer*.  The publication notice has been tailored to provide notice of the Bar Dates on an extensive basis through Puerto Rico and the United States.  The Debtors believe the publication notice would provide any claimants unknown to the Debtors that may potentially hold claims against any of the Debtors with adequate notice of the Bar Dates.

45.     The Debtors propose to provide a reminder notice of the Bar Dates by causing a copy of a publication notice, substantially in the form of the Reminder Notice, to be published on or before April 27, 2018 in the same publications listed above.

46.     The Debtors propose to provide a reminder notice of the Bar Dates by causing no less than twenty-eight radio advertisements, specifying the nature of the Title III cases, Bar Dates, and phone numbers, emails, or websites from which parties may obtain additional information regarding the Bar Dates, to be aired during the fourteen-day period preceding the Bar Date, on (a) WMEG FM (contemporary hit radio) in Spanish and (b) WKAQ AM (Spanish language talk radio) in Spanish.  The radio notice, as a supplement to the publication notice, has been tailored to provide notice of the Bar Dates on an extensive basis through Puerto Rico.  The Debtors believe the radio notice, as a supplement to the publication notice, would provide any claimants unknown to the Debtors that may potentially hold claims against any of the Debtors with adequate notice of the Bar Dates.

47.     Furthermore, Local Bankruptcy Rule 1007-1(f) obligates a debtor in a chapter 11 case, within fourteen (14) days after filing its schedules of liabilities or amending such schedules to add creditors, to serve on each creditor whose claim is listed on the schedules as disputed, contingent, or unliquidated, a separate, form notice advising those creditors of their right to file proofs of claim in the debtor's chapter 11 case and warn of the consequences for failing to do so.

48.     While the Debtors are not chapter 11 debtors, out of an abundance of caution and with an interest in providing proper notice to all potential creditors, for those persons or entities listed on the Creditor Lists as holding a claim classified as contingent, unliquidated, and/or disputed, the Debtors, through Prime Clerk, will serve such creditor with a Proof of Claim Form that will include the contingent, unliquidated, and/or disputed status of such claim.

49.     PREPA Customers.  As noted above, the Debtors propose to exempt customers of PREPA from filing proofs of claim in connection with the disposition of their deposits and any individual billing or service disputes.  In lieu of serving the Bar Date Notice on and providing the Proof of Claim Form to its customers, PREPA proposes to notify its customers of the Bar Dates and the means by which a customer may file a proof of claim against PREPA, if applicable, by serving the customers a notice substantially in the form annexed to the Proposed Order as **Exhibit 3** (the "PREPA Customer Bar Date Notice"), through the following procedure:[10]

     a.  if customer bills will be distributed on or before March 30, 2018, in the same manner as set forth in Paragraphs 5 and 6 of the *Order (A) Approving Form of Notice of Commencement of Title III Case and (B) Manner of Service and Publication Thereof*, entered by the Court on August 24, 2017 [Case No. 17-4780, Docket No. 254] (the "Notice of Commencement Order"):

          1.  For those customers that receive hard-copies of their bills:

---

[10]   Since the passage of Hurricanes Irma and Maria, PREPA has been unable to print and mail monthly bills to its customers.  The Debtors believe that the procedure outlined below will allow PREPA to provide notice of the Bar Dates in a cost efficient manner while it continues to evaluate its capabilities to provide notice of the Bar Date through customer bills as a lower cost alternative to mail service.

i.  PREPA shall cause the PREPA Customer Bar Date Notice to be printed and mailed with the monthly bill that will be distributed on or before March 30, 2018;

2.  For those customers that have previously requested to have their bills delivered electronically:

i.  PREPA shall cause the PREPA Customer Bar Date Notice to be served via electronic mail, on or before March 30, 2018, with the following subject line on the electronic mail: "Important Legal Information /Información Legal Importante;"

b.  if customer bills are <u>not</u> distributed on or before March 30, 2018, by United States Postal Service first-class mail, postage prepaid on or before April 6, 2018.

The Debtors believe service of the PREPA Customer Bar Date Notice in the manner above will provide PREPA's customers notice of the Bar Dates, while minimizing costs to the Debtors.

50.     <u>Pension Claimants</u>.  In addition to the Bar Date Notice and Proof of Claim Form, the Debtors propose to notify holders of Pension Claims, Compensation Claims, and CBA Claims of their specific rights by serving a notice substantially in the form annexed to the Proposed Order as **<u>Exhibit 4</u>**.

51.     The Debtors believe that the Bar Dates and procedures for filing proofs of claim set forth herein will provide ample time and opportunity for the Debtors' creditors to file proofs of claim and permit the Debtors to identify the scope of prepetition claims (including claims under Bankruptcy Code section 503(b)(9) ) in a quick and efficient manner, which will facilitate the Debtors' evaluation of the nature and extent of the claims for purposes of preparing plans of adjustment.

52.     The Debtors submit that the proposed procedures for serving and publishing the Bar Date Notice comply with the requirements of PROMESA, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Local Bankruptcy Rules, made applicable in these

Title III Cases pursuant to the *Third Amended Notice, Case Management and Administrative Procedures* [Case No. 17-3283, Docket No. 1512-1].

## Notice

53.     The Debtors have provided notice of this Motion to (collectively, the "Notice Parties"): (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against COFINA; (d) the statutory committees appointed in these Title III Cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority; (g) the Puerto Rico Department of Justice; and (h) all parties filing a notice of appearance in these Title III Cases.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## Reservation of Rights

54.     The Debtors file this Motion without prejudice to or waiver of their rights pursuant to PROMESA section 305,[11] and do not by this Motion provide any consent (of the Debtors or the Oversight Board) otherwise required by section 305.

*[Remainder of Page Left Intentionally Blank]*

---

[11]   PROMESA section 305 provides:

Subject to the limitations set forth in titles I and II of this Act, notwithstanding any provision in this title to the contrary, unless the Oversight Board consents or the plan so provides, the court may not, by any stay, order, or decree, in the case or otherwise, interfere with—

(1) any of the political or governmental powers of the debtor;

(2) any of the property or revenues of the debtor; or

(3) the use or enjoyment by the debtor of any income-producing property.

WHEREFORE the Debtors respectfully request the Court (a) to enter the Proposed

Order granting the relief requested in the Motion, and (b) to grant the Debtors such other relief as

is just and proper.

Dated: January 16, 2018
        San Juan, Puerto Rico

Respectfully submitted,

/s/ Martin J. Bienenstock

Martin J. Bienenstock (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Paul V. Possinger (admitted *pro hac vice*)
Ehud Barak (admitted *pro hac vice*)
Maja Zerjal (admitted *pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

/s/ Hermann D. Bauer

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
205 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-1813
Fax: (787) 753-8944

*Co-Attorney for the Financial Oversight and
Management Board as representative for the
Debtors*