**Estimated Hearing Date**: March 7, 2018 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: February 6, 2018 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

-----------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | (Jointly Administered) |
| Debtors.[1] | |

-----------------------------------------------------------------x

### SUMMARY SHEET TO FIRST INTERIM FEE APPLICATION OF ANDREW WOLFE FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS AN INDEPENDENT CONTRACTOR TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE DEBTORS, FOR THE PERIOD AUGUST 1, 2017 THROUGH SEPTEMBER 30, 2017

| | |
|---|---|
| Name of Applicant: | Andrew Wolfe |
| Retained to Provide Professional Services to: | The Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtors, Pursuant to PROMESA Section 315(b) |
| Retention Date: | August 1, 2017 |
| Period for Which Compensation is Sought: | August 1, 2017 through September 30, 2017 (the "Compensation Period") |
| Amount of Fees Sought: | $50,000.00 |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| Amount of Expense Reimbursement Sought: | $7,526.14 |
|---|---|
| Total Fees and Expenses Sought for Compensation Period: | $57,526.14 |
| Compensation Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed | $0.00 |
| Expenses Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed | $0.00 |

This is a(n)  ____ Monthly __X__ Interim ___ Final Fee Application

This is the first interim fee application filed by Andrew Wolfe in the Debtors' Title III cases.

**Estimated Hearing Date**: March 7, 2018 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: February 6, 2018 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## FIRST INTERIM FEE APPLICATION OF
## ANDREW WOLFE FOR COMPENSATION FOR SERVICES
## RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS
## AN INDEPENDENT CONTRACTOR TO THE FINANCIAL OVERSIGHT AND
## MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE
## DEBTORS, FOR THE PERIOD AUGUST 1, 2017 THROUGH SEPTEMBER 30, 2017

Andrew Wolfe ("Mr. Wolfe"), an independent contractor to the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") as representative of the Commonwealth of Puerto Rico (the "Commonwealth"), *et al.* (together with the Commonwealth, the "Debtors"), pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] hereby submits his first interim application (the "Application"), pursuant to PROMESA sections 316 and 317, Rule 2016 of the Federal Rules of

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

Bankruptcy Procedure (the "Bankruptcy Rules"),[3] and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), and in accordance with this Court's *First Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 1715] (the "Interim Compensation Order"), for (a) allowance of interim compensation for professional services performed by Mr. Wolfe for the period commencing August 1, 2017 through and including September 30, 2017 (the "Compensation Period") in the amount of $50,000.00, and (b) reimbursement of his actual and necessary expenses in the amount of $7,526.14 incurred during the Compensation Period. In support of the Application, Mr. Wolfe respectfully avers as follows:

**Jurisdiction**

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Application pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

3. The statutory predicates for the relief requested herein are PROMESA sections 316 and 317.

**Background**

4. On June 30, 2016, the Oversight Board was established under PROMESA section 101(b). On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

---

[3] The Bankruptcy Rules are made applicable to the Debtors' Title III Cases pursuant to PROMESA section 310.

5. On May 3, 2017, the Oversight Board filed a voluntary petition for relief for the Commonwealth pursuant to section 304(a) of PROMESA, commencing a case under title III thereof (the "Commonwealth's Title III Case").

6. On May 5, 2017, the Oversight Board filed a voluntary petition for relief for the Puerto Rico Sales Tax Financing Corporation ("COFINA"), pursuant to section 304(a) of PROMESA, commencing a case under title III thereof ("COFINA's Title III Case").

7. On May 21, 2017, the Oversight Board filed a voluntary petition for relief for the Puerto Rico Highways and Transportation Authority ("HTA") pursuant to section 304(a) of PROMESA, commencing a case under title III thereof ("HTA's Title III Case").

8. On May 21, 2017, the Oversight Board filed a voluntary petition for relief for the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") pursuant to section 304(a) of PROMESA, commencing a case under title III thereof ("ERS's Title III Case").

9. On July 2, 2017, the Oversight Board filed a voluntary petition for relief for the Puerto Rico Electric Power Authority ("PREPA") pursuant to section 304(a) of PROMESA, commencing a case under title III thereof ("PREPA's Title III Case," and collectively with the Commonwealth's Title III Case, COFINA's Title III Case, HTA's Title III Case, and ERS's Title III Case, the "Debtors' Title III Cases"). Pursuant to PROMESA section 315(b), the Oversight Board is the representative of each of the Debtors in each of their respective Title III cases.

10. As a general matter, because of the size and complexity of the Debtors' Title III Cases, it was reasonable and necessary for the Oversight Board to consult with professionals with specific practice area expertise that could assist the Oversight Board members in providing the Debtors with necessary and beneficial professional services. On November 18, 2016, the

Oversight Board retained the services of Mr. Wolfe as its macroeconomics consultant for the purposes of advising the Oversight Board on mediation matters concerning the Debtors and consulting with the Oversight Board on the Debtors' fiscal plan and debt sustainability issues.

11. Mr. Wolfe is currently an Adjunct Professorial Lecturer at the American University, Washington, D.C. Previously, Mr. Wolfe was a senior manager of the Western Hemisphere Department of the International Monetary Fund for 27 years, until his retirement in 2014. Mr. Wolfe holds a Ph.D. in Economics from the University of Wisconsin, as well as a B.S.E. in Economics and Engineering from the University of Pennsylvania.

12. On December 22, 2017, Mr. Wolfe served on the Notice Parties (as defined in the Interim Compensation Order) his first monthly fee statement for the period August 1, 2017 through September 30, 2017. In accordance with the Interim Compensation Order and as reflected in the foregoing summary, Mr. Wolfe requested an aggregate payment of $52,726.14 (payment of ninety percent (90%) of the compensation sought and reimbursement of one-hundred percent (100%) of expenses incurred). He has not been reimbursed for his services and expenses as of the date of this Application.[4]

13. Prior to the submission of this Application, no previous request for the allowance of interim compensation for professional services rendered and reimbursement of expenses incurred had been made by Mr. Wolfe.

---

[4] At the time of the filing of this Application, the objection deadline with respect to Mr. Wolfe's first monthly fee statement has passed, but Mr. Wolfe has not yet received payment of 90% of the compensation sought and reimbursement 100% of expenses incurred, as provided for in the Interim Compensation Order.

4

**Summary of Professional Services Rendered
by Mr. Wolfe During the Compensation Period**

14. Mr. Wolfe's services in the Debtors' Title III Cases were reasonable, necessary, appropriate, and beneficial when rendered, facilitated the effective administration of the Debtors' Title III Cases, and were in the best interests of the Oversight Board and the Debtors' creditors, the Commonwealth's residents, and other stakeholders. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and time-sensitive nature of the problems, issues, and tasks involved. Mr. Wolfe's professional services were performed with expedition and in an efficient manner.

15. Over the Compensation Period, Mr. Wolfe expended 309 hours in connection with his services advising the Oversight Board. Services rendered by Mr. Wolfe included, among other things, the following:

(a) Performing advisory work on HTA and PREPA-related financial issues which impact the Debtors' Title III Cases, and traveling to San Juan to attend related court hearings (28 hrs.);

(b) Performing advisory work on the Debtors' mediation issues and the development of the mediation plan, traveling to New York to participate in numerous related meetings, and teleconferences with the Oversight Board's counsel and other advisors, advising on mediation preparation, and participating in mediation meetings (165 hrs.); and

(c) Analyzing the Debtors' proposed budget and fiscal plans, performing the Debtors' debt sustainability analysis, and revising his findings after Hurricane Maria to include the estimated impact of the hurricane on the Commonwealth and its economy (116 hrs.).

16. Mr. Wolfe's fee is set at $25,000 per month, so long as he devotes at least half of the month's normal business hours to services for the Oversight Board. Mr. Wolfe expended 144 hours in August and 165 hours in September rendering professional services to the Oversight Board, as representative of the Debtors. The hours associated with each of these months exceeded one-half of Mr. Wolfe's normal business hours.

5

17. Mr. Wolfe maintains computerized records of the time spent in connection with his services performed for the Oversight Board. Copies of these computerized records are attached hereto as **Exhibit B**.

18. In accordance with the factors enumerated in the Bankruptcy Code, the amount of fees requested by Mr. Wolfe is fair and reasonable given: (a) the complexity of the Debtors' Title III Cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; (e) Mr. Wolfe's established expertise in the macroeconomics field; and (f) the costs of comparable services other than in a case under the Bankruptcy Code.

**Actual and Necessary Expenses**

19. Mr. Wolfe also maintained computerized records of actual and necessary expenses incurred in connection with rendering his services to the Oversight Board, as representative of the Debtors, during the Compensation Period. A summary setting forth the categories of expenses and amounts for which the reimbursement is sought, along with the supporting computerized records of the expenses incurred, is attached to the Application as **Exhibit B**.

20. Mr. Wolfe seeks reimbursement for his necessary and reasonable expenses related to travel while rendering his services to the Oversight Board, including: (a) local travel to and from airports, (b) airplane fares, (c) out-of-town meals, and (d) lodging. The expense entries detailed in **Exhibit B** include an itemization of the expenses by category and the date the expense was incurred.

21. Mr. Wolfe has made every effort to minimize his expenses in the Debtors' Title III Cases. The actual expenses incurred in providing professional services were necessary,

6

reasonable, and justified under the circumstances to effectively serve the needs of the Oversight Board in the Debtors' Title III Cases.

## Compensation Paid and Its Source

22. All services for which Mr. Wolfe seeks compensation and expenses for which he seeks reimbursement were performed on behalf of the Oversight Board, as representative of the Debtors. In connection with the matters covered by this Application, Mr. Wolfe has received no payment and no promises of payment for services rendered, or to be rendered, from any source other than the Debtors. There is no agreement or understanding between Mr. Wolfe and any other person for the sharing of compensation received for services rendered in the Debtors' Title III Cases.

23. PROMESA sections 316 and 317 provide for interim compensation of professionals and govern the Court's award of such compensation. 48 U.S.C. §§ 2176-2177. PROMESA section 316 provides that a court may award a professional person employed by the Debtors or the Oversight Board under PROMESA "(1) reasonable compensation for actual, necessary services rendered by the professional person, or attorney and by any paraprofessional person employed by any such person; and (2) reimbursement for actual, necessary expenses." 48 U.S.C. § 2176(a). Section 316 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded … the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (1) the time spent on such services;
>
> (2) the rates charged for such services;

7

> (3) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;
>
> (4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (5) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this subchapter or title 11.

48 U.S.C. § 2176(c).

24. As noted above, the professional services and expenses for which Mr. Wolfe seeks compensation and reimbursement in this Application were necessary and beneficial to the Oversight Board, as representative of the Debtors. The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Oversight Board and is equal or lower than the customary compensation charged by comparably skilled professionals in cases other than ones under the Bankruptcy Code. The Oversight Board has reviewed and approved this Application.

## Reservations

25. To the extent time or disbursement charges for services rendered or expenses incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, or Mr. Wolfe has for any other reason not yet sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Compensation Period, Mr. Wolfe reserves his right to request compensation for such services and reimbursement of such expenses in a future application.

8

## Notice

26. Pursuant to the Interim Compensation Order, notice of this Application has been filed in the Commonwealth's Title III Case and served upon:

   (a) the Financial Oversight and Management Board, 40 Washington Square South, Office 314A, New York, NY 10012, Attn: Professor Arthur J. Gonzalez, Oversight Board Member;

   (b) the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq., Suzzanne Uhland, Esq., and Diana M. Perez, Esq.;

   (c) the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Law Offices of Andrés W. López, Esq., 902 Fernández Juncos Ave., San Juan, PR 00907, Attn: Andrés W. López, Esq.;

   (d) the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: *In re: Commonwealth of Puerto Rico*);

   (e) the attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc A. Despins, Esq., Andrew V. Tenzer, Esq., Michael E. Comerford, Esq., and G. Alexander Bongartz, Esq.;

   (f) the attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. and Alberto J.E. Aenses Negron, Esq.;

   (g) the attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. and Richard Levin, Esq., and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. and Melissa Root, Esq.;

   (h) the attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar-Zequeira, Esq.; and

   (i) the Fee Examiner, Brady C. Williamson, Esq., Godfrey & Kahn S.C., One East Main Street, Suite 500, Madison, WI 53703.

Mr. Wolfe submits that, in light of the foregoing, no other or further notice need be provided.

9

WHEREFORE Mr. Wolfe respectfully requests that the Court enter an order (a) allowing interim compensation for his professional services rendered during the Compensation Period in the amount of **$50,000.00** (which includes the 10% professional compensation holdback amount) and reimbursement for actual and necessary expenses incurred in connection with such services during the Compensation Period in the amount of **$7,526.14**; (b) directing the Debtors to pay promptly to Mr. Wolfe the difference between (i) the amount of interim compensation for professional services rendered, and reimbursement of expenses incurred during the Compensation Period allowed hereunder, and (ii) the amounts for such compensation and expenses previously paid to Mr. Wolfe, consistent with the provisions of the Interim Compensation Order; (c) allowing such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred without prejudice to Mr. Wolfe's right to seek additional compensation for services performed and expenses incurred during the Compensation Period, which were not processed at the time of this Application; and (d) granting Mr. Wolfe such other and further relief as is just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated: January 17, 2018
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Andrew Wolfe*
Andrew Wolfe

*Independent Contractor to
the Financial Oversight and Management
Board as Representative of the Debtors*

By: */s/ Ehud Barak*

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Maja Zerjal (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
ppossinger@proskauer.com
ebarak@proskauer.com
mzerjal@proskauer.com

-and-

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial
Oversight and Management
Board as Representative of the Debtors*