**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,** | **CASE NO. 17 BK 3283-LTS** |
| | **TITLE III, PROMESA** |
| **AS REPRESENTATIVE OF THE COMMONWEALTH OF PUERTO RICO** | |
| **Debtor** | |

**MOTION FOR RECONSIDERATION**

**TO THE HONORABLE COURT**:

**NOW COME** Beatriz Nieves-López and 26 other Plaintiffs in the case captioned <u>Nieves-López et al v. Bhatia-Gautier et al</u>, Civil No. 14-1220 (JAG-BJM), before the District Court for the District of Puerto Rico, through the undersigning counsel, and respectfully allege and pray as follows:

**I.    INTRODUCTION**

1. On December 6, 2017, appearing parties (hereinafter, the "Plaintiffs"), filed a Motion for Relief of Stay (hereinafter, the "Motion")[1]. (Dkt. 1922). In short, the Motion argued that the stay does not apply to the defendants in <u>Nieves-López</u>, current and former employees of the Legislative Assembly of Puerto Rico, who have been sued in their personal and official capacities under Section 1983 for political discrimination against public employees. Also, the Motion argues that even if the stay were to apply, other overriding factors warrant that the stay be lifted or modified. On December 20, 2017, the Commonwealth of Puerto Rico, not a party in the case of <u>Nieves-</u>

---

[1] The content of the Motion is incorporated herein by reference.

-1-

López, filed their Objection of the Commonwealth to Motion for Relief from Stay Filed Case:17-03283-LTS Doc#:2172 Filed:12/25/17 Entered:12/25/17 18:35:09 Desc: Main Document Page 1 of 10 -2- by Beatriz Nieves-López, et al. [Ecf No. 1922] (hereinafter, the "Objection"). (Dkt. 2141.) On December 25, 2017, Plaintiffs filed their Reply to Objection of the Commonwealth to Motion for Relief From Stay Filed by Beatriz Nieves-López, et al. (hereinafter, the "Reply")[2]. (Dkt. 2172.)

2. On January 4, 2018, this Honorable Court issued an order denying Plaintiffs' request for relief from stay. In short, this Honorable Court refrained from addressing the question of whether the stay applies to Nieves-López. Also, the Order stated that relief from stay was not warranted as it did not meet the In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) (hereinafter, "Sonnax"), factors.

3. Respectfully, Plaintiffs sustain that the applicability of the stay to Nieves-López is an issue that must be addressed. The applicability of the stay is a threshold issue over which this Honorable Court has exclusive jurisdiction and collateral estoppel does not apply. Moreover, the Order is in conflict with others issued by the District Court of Puerto Rico which have concluded that the automatic stay does not apply to civil rights claims under Section 1983 where the defendants are sued in their personal capacities as well. See Guadalupe-Báez v. Pesquera, __ F.Supp.3d __ (D.P.R. 2017) (2017 WL 3837187). The District Court has also held that the stay under PROMESA does not apply to claims seeking relief to enforce a federally protected right. See Vázquez-Carmona v. Department of Education, 255 F. Supp. 3d 298 (D.P.R. 2017). Alternatively, Plaintiffs respectfully aver that the Sonnax factors weigh in favor of lifting or

---

[2] The content of the Reply is incorporated herein by reference.

modifying the stay.

**II.  RECONSIDERATION**

4. A motion for reconsideration's purpose is to allow a court to correct its own errors. <u>White v. New Hampshire Dept. of Employment Security</u>, 455 US 445, 450 (1982). Because of the extraordinary nature of such relief, it is used sparingly. <u>In re Pabon Rodriguez</u>, 233 B.R. 212, 220 (B.P.R. 1999). When describing the circumstances under which a motion for reconsideration will be heard, the District Court for the District of Puerto Rico has explained that "[m]otions for reconsideration are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in the law." <u>Standard Quimica de Venezuela v. Central Hispano de Intern.</u>, 189 F.R.D. 202, 205 (D.P.R. 1999).

**III.  AUTOMATIC STAY IS INAPPLICABLE**

5. In their Opposition, Defendants argued that Plaintiffs were estopped from raising the issue in their Motion. Defendants base their argument on the District Court's order of June 16, 2017, in which the District Court stayed the case and advised that "[a]ny request to lift or vacate the stay must be filed in the bankruptcy court in Bankruptcy Case No. 17-bk-03283." (Dkt. 67.) The District Court issues its order only 4 days after the Defendants had filed their notice of stay, before the Plaintiffs were able to file a position on the issue, and did not discuss or resolve any controversy in its order.

6. Given the circumstances of <u>Nieves-López</u>, it is clear that collateral estoppel does not apply as to the stay. The Supreme Court long ago summarized the gist of this doctrine by stating that "[t]he general principle… is that a right, question, or fact **distinctly put in issue**, and **directly determined** by a court of competent jurisdiction, **as a ground of recovery**, cannot be disputed in a subsequent suit between the same parties or their privies…" (Emphasis ours.) <u>S. Pac. R.R. Co. v. United States</u>, 168 U.S. 1, 48–49 (1897). The Supreme Court also has highlighted that, for

-3-

collateral estoppel to apply, it must be as to "…an issue of ultimate fact…determined by a valid and final judgment…". Ashe v. Swenson, 397 U.S. 436, 443 (1970). For its part, the First Circuit Court has listed the requisite factors for collateral estoppel as: "(1) the issue sought to be precluded in the later action is the same as that involved in the earlier action; (2) the issue was **actually litigated**; (3) the issue was determined by a valid and binding **final judgment**; and (4) the determination of the issue was **essential to the judgment**." Ramallos Bros. Printing, Inc. v. El Día, Inc., 490 F. 3d 86, 90 (CA1 2007).

7. In Nieves-López, the question of the Title III stay was not "distinctly put in issue" or "actually litigated". On June 12, 2017, Defendants in their personal capacities filed a Notice of Automatic Stay of Proceedings Pursuant to the Commencement of Case Under Title III of PROMESA. (Dkt. 66.) Only 4 days later, without Plaintiffs having the opportunity to oppose the stay, the District Court issued an order where it only stated that the case was stayed and that any relief had to be sought before this Honorable Court. This cannot be considered "actual litigation" or "put in issue" when Plaintiffs were not even afforded an opportunity to file an opposition. Likewise, the District Court's order was neither "directly determined" nor "a final judgment" given that the District Court did not receive opposing arguments from Plaintiffs. Lastly, the issue of the stay is not a "ground for recovery", but a mechanism under Title III.

8. In light of the above, collateral estoppel has no place in this discussion. It follows, respectfully, that there are no grounds for not addressing the applicability of the stay.

9. As discussed in the Motion and the Reply, both incorporated herein, the stay does not apply to Nieves-López because the claims for monetary damages are against Defendants in their personal capacities. Neither the Commonwealth nor any of the other government dependencies currently under Title III are sued in this case for monetary relief.

10. The District Court for the District of Puerto Rico has found that the stay under Title III does not apply to cases brought against government officials in their personal capacities. To wit,

-4-

in Guadalupe-Báez the plaintiff filed a section 1983 claim against defendant in his personal capacity. The defendant filed a notice of automatic stay. The District Court held that the automatic stay under Title III did not apply and explained:

> In this case, Defendant Pesquera is sued in his individual capacity as superintendent of the PRPD at the time of the events. The Commonwealth of Puerto Rico is not a party to this case. Plaintiffs' claim is against an individual, not the Commonwealth. Thus, Plaintiffs' claim against Defendant Pesquera does not seek to enforce a "claim against the debtor" under section 922(a). The fact that the Commonwealth has enacted laws to fund the defense of individual-capacity officer suits, or to potentially provide payment of an adverse judgment is a *non sequitur*.

*Supra*.

11. On the other hand, the stay cannot be extended to cover claims for injunctive relief against the state where relief under federal rights, such as Section 1983 and the First Amendment, are sought. To that effect, PROMESA establishes that "[e]xcept as otherwise provided in this chapter, nothing in this chapter shall be construed...in any manner relieving a territorial government, or any territorial instrumentality thereof, from compliance with Federal laws." 48 U.S.C. § 2106. Any interpretation that PROMESA's Section 7 excludes from "Federal Laws" the "rights, privileges, or immunities secured by the Constitution", which section 1983 seeks to protect, would be unsustainable.

12. In Vázquez-Carmona v. Department of Education, 255 F. Supp. 3d 298 (D.P.R. 2017), the District Court held:

> The PROMESA stay does not apply to this case. Through this action, Plaintiff seeks de novo judicial review of an agency action under IDEA. The relief requested is not monetary damages; rather, Plaintiff seeks injunctive and declaratory relief to enforce a federally protected right. PROMESA expressly contemplates that the temporary stay will not apply to suits to enforce federal rights. See § 2106 ("nothing in this chapter shall be construed as ... relieving a territorial government, or any territorial instrumentality thereof, from compliance with Federal laws...."). Therefore, this action is not subject to the PROMESA stay.

*Supra*.

13. It cannot be reasonably questioned that Plaintiffs' claims against Defendants in their

-5-

official capacities seek to address violations of constitutional rights, namely their First and Fourteenth Amendment rights, through injunctive relief. PROMESA expressly excludes these claims from the reach of its automatic stay. Thus, there is no legal basis to stay Nieves-López.

14. This Honorable Court's refrain from attending the issue of applicability is, respectfully, unsustainable and thus constitutes manifest error. Moreover, it is in conflict with previous holdings from the District Court. For these reasons, Plaintiffs respectfully request that the Order of January 4, 2018, be reconsidered and the stay be declared inapplicable.

### IV. LIFTING OR MODIFYING THE STAY

15. Alternatively, Plaintiffs affirm that Nieves-López meets several of the Sonnax factors for lifting or modifying the stay. Specifically, Plaintiffs meet the factors of: whether the relief will result in a partial or complete resolution of the issues; the lack of any connection with or interference with the bankruptcy case; whether the action essentially involves third parties; whether litigation in another forum would prejudice the interest of other creditors and/or other interested parties; whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor; the interest of judicial economy and the expeditious and economical determination of litigation for the parties; whether the foreign proceedings have progressed to the point where the parties are prepared for trial; the impact of the stay on the parties; and the balance of hurt.

16. Discovery in Nieves-López, which due to the amount of Plaintiffs was substantial, was near completion when the stay was imposed. The lifting of the stay will facilitate the quick resolution of the issues. Likewise, Defendants in Nieves-López in their personal capacities are separate from the Commonwealth of Puerto Rico. Nieves-López involves third parties to these bankruptcy proceedings. It follows that there is no interference from Nieves-López with the Title III process. Since Nieves-López involves third parties, it represents no prejudice for creditors or

interested parties in the Commonwealth's bankruptcy. Again, because Nieves-López does not include the Commonwealth as a debtor, the favorable resolution in those cases would not result in a lien on the Government. Judicial economy would be best served by lifting the stay and allowing Nieves-López to conclude and avoid further delays. Also, as previously stated, because Defendants in their personal capacities are separate from the Commonwealth, this Honorable Court lacks jurisdiction over it in the Title III proceedings currently under way. To apply the stay results in the Plaintiffs being left devoid of any forum in which to pursue their claims and protect their interests. This represents a devastating impact on their rights and in effect deprives them of their property without due process. And no harm will result on the Commonwealth from lifting the stay, whereas Plaintiffs will be bereft of any effective mechanism to advance their claims.

17. Lastly, in its Order, this Honorable Court focused on the expenses, costs and resources that allowing the Plaintiffs in Nieves-López will have on the Puerto Rico Department of Justice. However, it is important to note that legal representation and payment of any damages award of public officials by the state under Puerto Rico law is wholly discretional. Even more, the Puerto Rico Department of Justice could be affording legal representation and still would not be obligated to cover the judgment. These services, legal representation and judgment, are separate from each other and are discretionary. There is no reading of PROMESA or the Bankruptcy Code that allows for a discretionary action by a debtor to result in the extension of the stay to non-debtors.

### V. CONCLUSION

18. Collateral estoppel does not apply to Nieves-López. Therefore, it is respectfully affirmed that this Honorable Court should address the issue of the applicability of the stay. In that regard, it is clear that the stay does not apply. Claims for monetary damages are directed to the Defendants in their personal capacities. Since Defendants are not debtors in any Title III or bankruptcy proceedings, the stay cannot apply to them. As to Defendants in their official capacity, the only

-7-

relief sought is injunctive and is aimed at redressing a violation of constitutional rights. PROMESA expressly states that the stay does not apply to these instances.

19. Alternatively, Plaintiffs have established the Sonnax factors necessary to lift or modify the stay. For example, the stay could be lifted or modified to allow Nieves-López to continue with regards to the Defendants in their personal capacities, since there can be no doubt that the stay does not extend to Defendants in their personal capacities.

**WHEREFORE**, it is respectfully requested that this Honorable Court reconsider its Order of January 4, 2018, to the effect that the stay is not applicable to Nieves-López, or otherwise lift or modify the stay and order the proceedings be continued.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this January 18, 2018.

**I HEREBY CERTIFY** that on this date, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

    **s/Francisco R. González-Colón**
**FRANCISCO R. GONZALEZ COLON**
**USDC No. 116410**

FRANCISCO GONZÁLEZ LAW OFFICE
1519 PONCE DE LEÓN AVE.
FIRST FEDERAL BLDG. SUITE 805
SAN JUAN, P.R. 00909
Tel. (787) 723-3222 FAX 722-7099
bufetefrgonzalez@gmail.com