# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors,[1] | PROMESA<br>Title III<br><br>No. 3:17-BK-3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOUARD FOR PUERTO RICO,<br><br>as a representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 3: 17-BK-03567 (LTS)<br><br>RE: ECF No. 2247<br><br>**This motion relates only to HTA and shall be filed in the lead Case No. 17 BK 3283-LTS and Case No. 17 BK 3567-LTS.** |

*URGENT* **MOTION FOR EXTENSION OF TIME TO OPPOSE
RULE 2004 MOTION AND NOTICE OF HEARING BY
NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

COMES NOW, the Government Development Bank for Puerto Rico ("GDB"), *through a special appearance and without submitting itself to the jurisdiction of the Court*,[2] through the undersigned counsel and hereby states as follows:

GDB hereby respectfully submits this urgent motion requesting a brief extension of the deadline with respect to *Motion of National Public Finance Guarantee Corporation for Entry of an Order under Bankruptcy Rule 2004 Authorizing Limited Discovery of the Government Development Bank for Puerto Rico*, and its *Notice of Hearing* in Docket Nos. 2247 and 2250, Case No. 17-3567 (LTS) ("National Motions"), for which the Objections Deadline is today, January 23, 2018.

---

[2] GDB makes this special appearance solely to seek this extension and to oppose the National Motions (as defined below). GDB is not a Title III debtor and is not a party in interest to the captioned proceedings and other than as relates to the request directed at it, has no interest in these proceedings.

2

1. On January 16, 2018, National Public Guarantee Corporation ("National") filed the National Motions, seeking discovery from GDB under Rule 2004 of the United States Bankruptcy Rules. Docket Nos. 2247 and 2250. Pursuant to this Court's Third Amended Case Management Procedures (Docket No. 1512), the Objections Deadline for the National Motions is today. For the reasons set forth below, GDB, *which is not a party in this case*, but is the entity affected by the National Motions, requests a brief extension of seven (7) days to submit its Objections, until January 30, 2018 or, in the alternative, requests that the matter be re-scheduled for a later hearing and the deadlines for opposition and reply be re-scheduled accordingly. Such extension is necessary and warranted in order to allow the parties to conclude the meet and confer process which was ongoing prior to the filing of motions and, alternatively, to allow GDB to complete its analysis of the allegations set for by National in the National Motions.

2. On December 28, 2017, National sent GDB a meet and confer letter regarding discovery of the matters discussed in the National Motions. On January 5, 2018, National and GDB participated in a meet and confer conference in which GDB informed National that it was willing to produce certain documents but that it would take a couple of weeks to be able to gather, review and prepare the documents for production. GDB was in the process of gathering the documents when, *without concluding the meet and confer process*, National filed the National Motions.

3. Yesterday, counsel for GDB contacted counsel for National to request consent on a brief extension of time of seven (7) days to the Objections Deadline in order to exhaust meet and confer efforts and, if unsuccessful, for GDB to be able to complete its analysis of the legal contentions raised by National in order to complete its response to the motion in Docket No. 2247. Although National did not consent to the requested extension, *citing its interest in filing a*

*reply as the reason*, it nonetheless expressed that it is open to meeting and conferring with GDB on this matter and would be happy to come to a mutually-acceptable resolution. <u>See</u> **Exhibit 1** (Email correspondence).

    4.    Local Bankruptcy Rule 2004-1 states, in pertinent part, that "counsel for the party moving for an examination under Fed. R. Bankr. P. 2004 must confer with counsel for the proposed examinee(s) to arrange a mutually agreeable date, place, and time for the examination *before filing a motion for examination.*" <u>See</u> P.R. LBR 2004-1(b) (emphasis added). The meet and confer process initiated by National has not concluded and *National has indicated that it is open to continuing discussions, as is GDB*.

    5.    GDB thus requests that the Court extend the time for GDB to oppose the National Motions, thereby allowing the parties more time to exhaust the meet and confer process and, in the alternative, for GDB to study the National Motions and object if necessary. GDB had initially proposed a brief seven (7) day extension, which would allow for discussion of the National Motions in the February 8 hearing, as requested by National. However, in light of National's opposition to the extension based on its interest of filing a reply eight (8) days before the hearing (as per the case management order), GDB respectfully requests: (1) that the Court extend the time for GDB to oppose the National Motions until January 30, 2008 and take notice that GDB would not oppose an extension by National to file a reply, including filing a reply less than eight (8) days before the hearing; or, in the alternative, (2) in order to maintain the general rule of the case management procedures for replies to be filed no less than eight (8) days before the hearing, and to further allow the parties to exhaust the meet and confer process, to schedule the National Motions for a hearing later than February 8, and re-schedule the opposition and reply deadlines for fifteen and eight days (respectively) before that later hearing.

6. This extension is sought in good faith and without the intent of unduly delaying the proceedings before the Court. By seeking to resolve this through meet and confer and, alternatively, through briefing of the National Motions, as opposed to a later motion by GDB (as non-party) for the Court to set aside the Rule 2004 Examination, GDB is in fact promoting the earlier resolution of these issues. Moreover, GDB is of the belief that the intervention of the Court on this matter, at this juncture, may be unnecessary and would like to, in accordance of Local Rule 2004-1(b), exhaust conferring requirements prior to expending costs and expenses in further litigation.

**WHEREFORE**, GDB respectfully request this Honorable Court to allow it to (1) submit its objections to National Motions in Docket Nos. 2247, 2248 and 2250 by January 30, 2018, if meet and confer efforts have been exhausted (and take notice that GDB would not oppose an extension by National to file a reply, including filing a reply less than eight (8) days before the hearing); or, in the alternative, (2) to schedule the National Motions for a hearing later than February 8, and re-schedule the opposition and reply deadlines for fifteen and eight days (respectively) before that later hearing, allowing the parties to exhaust the meet and confer process before such deadlines.

**IT IS HEREBY CERTIFIED** that a true copy of this document has been filed with the Clerk of the Court electronically using the CM/ECF system, which automatically serves notification of the filing to parties in interest.

5

Dated: January 23, 2018
      San Juan, Puerto Rico

**LAW OFFICES OF GISELLE LÓPEZ SOLER**
PMB 257
Rd. 19 1353
Guaynabo, Puerto Rico 00966
Tel. (787) 667-0941
Email gls@lopezsolerlaw.com

/s/ GISELLE LÓPEZ SOLER
Giselle López Soler
USDC No. 224010

*Attorneys for the Government Development Bank for Puerto Rico*