# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO HIGHWAYS & TRANSPORTATION AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

**NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION'S OPPOSITION TO THE GOVERNMENT DEVELOPMENT BANK'S URGENT MOTION FOR AN EXTENSION OF TIME TO <u>OPPOSE NATIONAL'S RULE 2004 MOTION AND NOTICE HEARING</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

National Public Finance Guarantee Corporation ("National"), a party in interest in these Title III Cases, files this opposition ("Opposition") to the Government Development Bank's ("GDB") urgent motion for an extension of time to respond to National's motion for an order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, (the "2004 Motion") authorizing National to take discovery of GDB regarding the existence, historical treatment, and status of a State Infrastructure Bank ("SIB") trust account (the "PR SIB Trust Fund") created in 1998 at GDB for the benefit of Puerto Rico Highway and Transit Authority ("PRHTA") bondholders.

In support of this Opposition, National respectfully represents as follows:

1. National timely noticed and filed the 2004 Motion so that it could be heard at the upcoming omnibus hearing on February 7, 2018. The parties met and conferred regarding the proposed discovery on January 5, but were unable to agree on a mutually-acceptable schedule for the production of GDB's documents. And following that meeting, National did not hear a word from GDB either proposing a schedule for production or seeking to further confer. In fact, GDB's first contact since the January 5 meet and confer was its eleventh-hour request for an extension of time to respond to the 2004 Motion.

2. In its urgent motion—which was filed *in lieu of* a timely Objection—GDB fails to present the requisite cause to support the requested extension or the postponement of argument on the 2004 Motion, which would unfairly prejudice National. GDB provides no plausible explanation for why it was unable to timely respond to the 2004 Motion, why it did not seek an

extension sooner, or why the 2004 Motion cannot, or should not, be heard as scheduled at the upcoming omnibus hearing on February 7, 2018.[2]

3. Counsel for GDB asserts that its requested extension is "necessary and warranted in order to allow the parties to conclude the meet and confer process," Urgent Motion ¶ 1, but as noted above, the meet and confer process reached an impasse on January 5 and since that time GDB has made no effort whatsoever to further meet and confer. Indeed, if GDB believed that additional discussion might obviate the need for the 2004 Motion, it could have (and should have) reached out to National at any point since the 2004 Motion was filed on January 16—it did not.

4. Further, as indicated in its counsel's January 23, 2018 email, National gladly would continue conferring with GDB—on a parallel track—until the hearing. And if the conferral process proves productive, National would be amenable to stipulating to the removal of the 2004 Motion from the omnibus calendar or to presenting the parties' resolution to the Court at the omnibus hearing. But GDB should not be permitted to use National's willingness to further meet and confer as a basis to deny its right to have the 2004 Motion heard at the February 7 omnibus hearing.

5. GDB also argues that the requested extension is necessary so that it can "complete its analysis of the legal contentions raised by National." Urgent Motion ¶ 3. But GDB has been

---

[2] For some reason, GDB emphasizes the fact that it is not a party to this proceeding (*see* Urgent Motion ¶ 1), but that does not provide cause for the requested extension. Given GDB's relationship with the debtor, PRHTA, it is plainly is a proper subject of Rule 2004 discovery. *See In re Recoton Corp.*, 307 B.R. a751, 755 (Bankr. S.D.N.Y. 2004) ("Any third party who has a relationship with a debtor may be made subject to a Rule 2004 investigation.") (citing *Air Line Pilots Ass'n, Int'l v. Am. Nat'l Bank & Trust Co. of Chi. (In re Ionosphere Clubs, Inc.)*, 156 B.R. 414, 432 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994)). As discussed in the 2004 Motion, GDB entered into an agreement with PRHTA on June 12, 1998, in which it agreed to serve as trustee over the PR SIB Trust Fund. *See* 2004 Motion ¶¶ 2, 11.

aware of these issues concerning the PR SIB Trust Fund since the parties exchanged letters on this very topic over 18 months ago. *See* 2004 Motion, Exs. H, I, J and K.

6. GDB's efforts to delay consideration of the 2004 Motion—for whatever reason—should not be countenanced.

7. National strongly opposes GDB's urgent motion to the extent it requests that the 2004 Motion be rescheduled for a later hearing. National is entitled to the requested discovery, which is necessary to allow National to determine what wrongdoing occurred with respect to the SIB Trust Fund and whether and to what extent National's claims against PRHTA may be satisfied from assets in the PR SIB Trust Fund.

8. To date, GDB's position has been that it may take weeks, if not months, for GDB to produce documents responsive to National's five narrowly-tailored requests for production. Further, GDB has stated that it will not produce a witness for deposition, as it was recently ordered to do in the substantially similar Rule 2004 motion brought by Siemens Transportation Partnership. The discovery sought concerns threshold issues that National is entitled to investigate without further delay. National would be prejudiced if its motion is not heard at the February 7 omnibus hearing, having timely filed the motion so that it could be heard at that time.

9. Further, GDB's last minute request for an extension of time to respond to the 2004 Motion until January 30, 2018, is problematic because it would eliminate National's time to reply to any objections asserted by GDB.[3] Accordingly, if the Court is inclined to grant GDB's request for an extension (either in part, *e.g.*, until tomorrow, or in full), National respectfully

---

[3] According to the Court's Third Amended Case Management Procedures, replies are due no later than 8 days before the next scheduled omnibus hearing, which here falls on January 30, 2018.

4

requests that it be afforded sufficient time to prepare and file a reply brief in advance of the February 7 omnibus hearing.

For the foregoing reasons, National respectfully requests that GDB's urgent motion for an extension be denied.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 25th day of January 2018.

**I HEREBY CERTIFY** that on this same date a true and exact copy of this notice was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record.

| | |
|---|---|
| **ADSUAR MUÑIZ GOYCO SEDA & PÉREZ-OCHOA, P.S.C.** | **WEIL, GOTSHAL & MANGES LLP** |
| 208 Ponce de León Avenue, Suite 1600 | Marcia Goldstein (admitted *pro hac vice*) |
| San Juan, PR 00936 | Kelly DiBlasi (admitted *pro hac vice*) |
| Telephone: 787.756.9000 | Jared Friedmann (admitted *pro hac vice*) |
| Facsimile: 787.756.9010 | Gabriel A. Morgan (admitted *pro hac vice*) |
| Email: epo@amgprlaw.com | |
| acasellas@amgprlaw.com | 767 Fifth Avenue |
| larroyo@amgprlaw.com | New York, New York 10153 |
| | Telephone: (212) 310-8000 |
| By: */s/ Eric Pérez-Ochoa* | Facsimile: (212) 310-8007 |
| Eric Pérez-Ochoa | Email: marcia.goldstein@weil.com |
| USDC-PR No. 206314 | kelly.diblasi@weil.com |
| | jared.friedmann@weil.com |
| */s/ Alexandra Casellas-Cabrera* | gabriel.morgan@weil.com |
| Alexandra Casellas-Cabrera | |
| USDC-PR No. 301010 | |
| | |
| */s/ Lourdes Arroyo Portela* | |
| Lourdes Arroyo Portela | |
| USDC-PR No. 226501 | |