# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

                Debtors.[1]

---------------------------------------------------------------------x

PROMESA
Title III

Case No. 17 BK 3283-LTS

(Jointly Administered)

**RE:  ECF No. 2255**

## NOTICE OF FILING OF REVISED ORDER (A) ESTABLISHING DEADLINES AND PROCEDURES FOR FILING PROOFS OF CLAIM AND (B) APPROVING FORM AND MANNER OF NOTICE THEREOF

**PLEASE TAKE NOTICE** that on January 16, 2018, the Commonwealth of Puerto Rico

(the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the

Employees Retirement System of the Government of the Commonwealth of Puerto Rico

("ERS"), the Puerto Rico Highways and Transportation Authority ("HTA") and the Puerto Rico

Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, ERS, and

HTA, the "Debtors," and each, a "Debtor"), by and through the Financial Oversight and

Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative

pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability*

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Act*, filed the *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Motion"). Attached as Exhibit A to the Motion is the Debtors' initial proposed order in connection therewith (the "Initial Proposed Order").

 **PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit A** is a revised proposed order (the "Revised Proposed Order"), which contains revisions made in an effort to resolve concerns expressed to the Debtors by certain parties and confirming the procurement of certain locations in the Commonwealth accepting proofs of claim by hand delivery.

 **PLEASE TAKE FURTHER NOTICE** that a redline comparing the Revised Proposed Order against the Initial Proposed Order is attached hereto as **Exhibit B**, demonstrating the changes incorporated into the Revised Proposed Order.

 **PLEASE TAKE FURTHER NOTICE** that copies of the foregoing documents, and all documents filed in these Title III cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

*[Remainder of Page Intentionally Left Blank]*

Dated: January 25, 2018
  San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Paul V. Possinger (admitted *pro hac vice*)
Ehud Barak (admitted *pro hac vice*)
Maja Zerjal (admitted *pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

*/s/  Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
205 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-1813
Fax: (787) 753-8944

*Co-Attorney for the Financial Oversight and
Management Board as representative for the
Debtors*

## Exhibit A

**Revised Proposed Order**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

       as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

       Debtors.[1]

----------------------------------------------------------------x

PROMESA
Title III

Case No. 17 BK 3283-LTS

(Jointly Administered)

**RE:  ECF No. _____**

**ORDER (A) ESTABLISHING**
**DEADLINES AND PROCEDURES FOR FILING PROOFS OF CLAIM**
**AND (B) APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon the Debtors' *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof*, dated January 16, 2018 (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion and the relief requested therein under the circumstances and that no other or further

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

notice is required; and the Court having reviewed the Motion and having heard the statements of counsel in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been resolved as set forth herein, or withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.       The Motion is **GRANTED** as set forth herein.

2.       The Bar Date Notice, substantially in the form annexed hereto as **Exhibit 1-A**, the Reminder Notice, substantially in the form annexed hereto as **Exhibit 1-B**, the Proof of Claim Form, substantially in the form annexed hereto as **Exhibit 2**, the PREPA Customer Bar Date Notice, substantially in the form annexed hereto as **Exhibit 3**, the Special Notice to Pension, Retiree, and Employee Claimants, substantially in the form annexed hereto as **Exhibit 4**, are approved.

3.       The following Bar Dates are hereby established:[3]

    a.   **General Bar Date**: **4:00 p.m. (Atlantic Standard Time) on May 29, 2018**, is the deadline (the "General Bar Date") for filing proofs of claim (as defined in Bankruptcy Code section 101(5)), against the Debtors on account of (i) claims arising, or deemed to have arisen, prior to the respective commencement dates for their Title III Cases, including, for the avoidance of doubt, bond claims and claims arising under Bankruptcy Code section 503(b)(9), and (ii) claims asserted by governmental units (as defined in Bankruptcy Code section 101(27));

    b.   **Rejection Bar Date**:  Except as otherwise set forth in any order authorizing the rejection of an executory contract or unexpired lease, **4:00 p.m. (Atlantic Standard Time) on the date that is the later of (i) the General Bar Date and (ii) the first business day that is thirty-five (35) calendar days after the entry of an order by the Court authorizing such rejection** is the

---

[3]     For the avoidance of doubt, this Order will only apply to Title III debtors listed in footnote 1 of this Order, and will not apply to any entity that may commence a Title III case following the entry of this Order.

deadline for a party to any such rejected executory contract or unexpired lease to file proofs of claim relating to the rejection of such contract or lease (the "Rejection Bar Date," and together with the General Bar Date, the "Bar Dates"); and

c. **Bar Date if Creditor List is Amended or Supplemented**: If, after the Bar Date Notice is served, any Debtor (a) amends its respective Creditor List to reduce a claim and/or to change the classification, nature or characterization of a claim, or (b) supplements its respective Creditor List, such Debtor shall give notice of any amendment or supplement to the holders of claims reduced or changed thereby, and advise such holders they shall each have until the **later of (i) the General Bar Date and (ii) thirty-five (35) days from the date of such notice** to file a proof of claim, or an amended proof of claim, if applicable, or be barred from so doing.

4.     <u>Persons Required to File Proofs of Claim by the Applicable Bar Dates</u>.  Except as set forth below, the Bar Dates apply to each person or entity (including, without limitation, each individual, partnership, joint venture, limited liability company, corporation, estate, trust, or governmental unit) asserting a claim against one or more of the Debtors.

5.     The following persons and entities are permitted and authorized, but are not required, to file Master Proofs of Claim; <u>provided</u>, <u>however</u>, that individual holders of any claim for which a Master Proof of Claim may be filed shall not be precluded from filing a proof of claim on account of their claims and interests:

a. <u>Bond Claims</u>.[4]  The indenture trustees, fiscal agents, or any similar agent or nominee (each a "<u>Bond Representative</u>") for each respective series of bonds issued by a Debtor or non-debtor (to the extent such Bond Representative exists)[5] may file a master proof of claim (each, a "<u>Bond Debt Master Proof of Claim</u>") against the applicable Debtor on behalf of themselves and all holders of bond claims for the respective series of bonds for obligations arising under

---

[4]   For the avoidance of doubt, a Bond Representative may file one Bond Debt Master Proof of Claim on behalf of all series of bonds issued by the same issuer (regardless of whether such issuer is a Debtor or non-debtor) under the issuer's respective Bond Documents, including multiple series of bonds by the same issuer under different Bond Documents, provided such series of bonds have the same priority.

[5]   To the extent the Debtors become aware of any series of bonds issued by any of the Debtors that do not have Bond Representative, the Debtors may propose supplemental procedures regarding filing proofs of claim and related deadlines that would be applicable to holders of such bonds.

the respective trust agreements, resolutions, or similar bond document (the "Bond Documents").[6]

b.   Union Claims.   Each union may file a separate master proof of claim on behalf of its respective constituents (each, a "Union Master Proof of Claim") against the applicable Debtor on account of all obligations due under their respective collective bargaining agreements or applicable statutes.

c.   Credit Agreement Claims.   Each agent under any credit agreement may file a separate master proof of claim (each, a "Credit Agreement Master Proof of Claim") against the applicable Debtor on behalf of itself and all lenders under such credit agreement.

6.   Persons NOT Required to File Proofs of Claim by the Applicable Bar Dates.   The following persons and entities are **not** required to file a proof of claim on or before the applicable Bar Dates:

a.   Allowed Claims:   Any person or entity whose claim was previously allowed by an order of this Court entered on or before the applicable Bar Date;

b.   Paid Claims:   Any person or entity whose claim was paid in full by a Debtor, including claims paid by a Debtor after the commencement date of its respective Title III Case;

c.   Proofs of Claim Already Filed:   Any person or entity who already properly filed a proof of claim, which substantially conforms to the Proof of Claim Form, in these Title III Cases with the Court or the Debtors' claims and noticing agent;

d.   Claims Properly Listed and Categorized on Creditor Lists:   Any person or entity whose claim is listed on one of the Creditor Lists and (i) the claim is not listed as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount and nature of the claim as set forth on the applicable Creditor List, and (iii) the person or entity does not dispute that the claim is an obligation of the subject Debtor;

e.   PREPA Customers:   Customers of PREPA in connection with the disposition of their deposits or any individual billing or service disputes ("PREPA Customer Claim"); provided, however, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs 6(a) through (o) of this Order by filing a proof of claim with

---

[6]   AAFAF has agreed that U.S. Bank National Association and/or U.S. Bank Trust National Association, as fiscal agent for certain bonds issued by the Public Buildings Authority ("PBA"), may file a Bond Master Proof of Claim for such bonds issued by PBA.

respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

f.      Pension Claims:  With respect to pension benefits and any and all other post-retirement benefits, any retiree, active employee, and former employee of a Title III Debtor, or any person who is or was a participant in a pension plan administered by a Title III Debtor, and any beneficiary of any the foregoing persons ("Pension Claims"); provided, however, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs 6(a) through (o) of this Order by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

g.      Union or Non-Union Employee Claims:  Any union-represented or non-union represented employee, furloughed employee, or former employee for compensation and employment benefits, including, without limitation, wages, salaries, employee medical benefits and/or insurance benefits or workers' compensation claims ("Compensation Claims"); provided, however, that Compensation Claims shall not include claims asserted or to be asserted in any lawsuit or administrative proceeding based on tort or non-employment-related common law, statutory law, or regulation even where such claims assert as damages an entitlement to wages, salaries, employee medical benefits and/or insurance benefits;

h.      Individual Union Members' Claims:  Any person or entity that holds a claim limited to obligations due under their respective collective bargaining agreements, including, but not limited to, grievances, or claims arising from their current or former employment relationship with the Commonwealth ("CBA Claims"); provided, however, that any such holder must assert (I) a claim not otherwise excepted from filing a proof of claim by Paragraphs 6(a) through (o) of this Order, or (II) a claim for a grievance that has been resolved and liquidated by settlement or arbitration award as of the February 28, 2018 (such claim, a "Resolved Grievance"), by filing a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

i.      Individual Bondholder Claims Arising From Bonds That Do Not Have an Indenture Trustee, Fiscal Agent, or Similar Agent or Nominee: Any person or entity that holds a claim that is limited to the repayment of principal, interest and such other amounts that may arise under the respective trust agreement or bond document that does not provide for an indenture trustee, fiscal agent, or similar agent or nominee that could file a Master Proof of Claim (which includes, for the avoidance of doubt, holders of GO Bonds (as defined below)); provided, however, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs 6(a) through (o) of this Order by filing a proof of

5

claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

j.    <u>Individual Bondholder Claims Covered by Timely Filed Bond Master Proof of Claim</u>: Any person or entity that holds a claim that is limited to the repayment of principal, interest and other fees and expenses, to the extent the relevant Bond Representative files a Bond Debt Master Proof of Claim against the relevant Debtor on or before the General Bar Date on account of all bond claims against the relevant Debtor under the respective trust agreement or bond document; <u>provided</u>, <u>however</u>, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs 6(a) through (o) of this Order by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

k.    <u>Individual Credit Agreement Lender Claims</u>:  Any person or entity that holds a claim that is limited to the repayment of principal, interest and other fees and expenses, to the extent the relevant agent, if such agent exists, files a Credit Agreement Master Proof of Claim against the relevant Debtor on or before the General Bar Date on account of all lender claims against the relevant Debtor under the respective credit agreement; <u>provided</u>, <u>however</u>, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs 6(a) through (o) of this Order by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

l.    <u>Inter-Governmental Claims</u>:  (i) Any municipality, department, or agency of the Commonwealth that is not a Debtor or "covered territorial instrumentality" (as defined in PROMESA) asserting a claim against a Debtor in an amount less than $200 million, or (ii) any Debtor or "covered territorial instrumentality".   For the avoidance of doubt, any entity described in the foregoing clause (i) asserting a claim against a Debtor equal to or greater than $200 million must file a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

m.    <u>Administrative Expenses</u>:   Any holder of a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an administrative expense (**<u>other</u>** than a claim under Bankruptcy Code section 503(b)(9));

n.    <u>Proofs of Claim with Separate Deadlines</u>:  Any holder of a claim for which a separate deadline is or has been fixed by this Court; and

o.    <u>Professionals' Administrative Claims</u>:     Professionals who assert administrative claims for fees and expenses subject to the Court's approval pursuant to PROMESA section 316.

7.      Bond Insurer Proofs of Claims.  For the avoidance of doubt, insurers with respect to any series of bonds issued by the Debtors under trust agreements, indentures or resolutions (including, without limitation, those listed in the Creditor Lists) (the "Bond Insurers"), must, to the extent the filing of such claim is not otherwise made unnecessary by the terms of the foregoing Paragraph 6 of this Order, file a proof of claim with respect to any claims arising under the relevant bond insurance policies on or before the General Bar Date to avoid disallowance of such claims, subject to such Bond Insurer's rights under Bankruptcy Rule 3005, if any, all of which rights are expressly reserved.  To the extent that any Bond Insurer makes a payment with respect to any series of bonds for obligations under the relevant Bond Documents, the Bond Insurer's proof of claim shall be deemed (to the extent appropriate under the relevant Bond Documents) to supersede that portion of any proof of claim filed by the relevant Bond Representative for to such series of bonds, solely to the extent of such payment and resulting subrogation to the rights of the holders of such bonds; provided, however, such claims shall not supersede or otherwise affect any other aspects of the Bond Representative's relevant proof of claim (including without limitation any mechanics of the relevant Bond Documents relating to distribution or otherwise); provided, further, that nothing in this Order shall affect the right of any party in interest to file objections to a Bond Insurer's claim based on sections 502 and/or 509 of the Bankruptcy Code.

8.      To the extent duplicate claims are filed under the foregoing provisions or otherwise, the Debtors' representative may file objections thereto.  Any disallowance of claims (including, without limitation, duplicate claims) shall be made in accordance with, and to the extent provided for under, applicable law without giving effect to the entry of this Order (other than the form, timing, manner of filing, and other procedural requirements for filing proofs of

claim set forth herein).  To the extent Master Proofs of Claims are filed, the Debtors and any party in interest that has standing to object to such Master Proof of Claim shall be required to serve objections, if any, to such Master Proofs of Claims only on the persons and entities that filed such Master Proof of Claims, and not the holder of each claim purported to be covered by such Master Proof of Claim.

9.      Any creditor (other than a holder of a Claim identified in Paragraph 6 of this Order) who desires to participate or share in any distribution in the Title III Cases and whose claim (i) is not listed on one of the Creditor Lists, or (ii) is listed on one of the Creditor Lists as "disputed," "contingent," or "unliquidated," to avoid disallowance, must file a proof of claim on or before the applicable Bar Date for such claim.  Additionally, any creditor (other than a holder of a Claim identified in Paragraph 6 of this Order) (x) whose claim is listed on one of the Creditor Lists, (y) believes the classification and/or amount of the claim is incorrect, and/or (z) desires to have its claim allowed in a classification and/or amount other than as set forth on the applicable Creditor List(s), must file a proof of claim on or before the applicable Bar Date for such claim.

10.     All entities asserting proofs of claim against more than one Debtor are required to file a separate proof of claim with respect to each such Debtor and identify on each proof of claim the particular Debtor (and to the extent reasonably ascertainable, the Commonwealth department or agency, if applicable, for claims asserted against the Commonwealth) against which their claim is asserted.

11.     All proofs of claim must (i) be written in English or Spanish; (ii) be denominated in lawful currency of the United States as of the relevant Title III Case commencement date; (iii) set forth with specificity the legal and factual basis for the asserted claim; (iv) include a copy

8

of the supporting documentation (or, if such documentation is voluminous, a summary of such documentation must be attached) or an explanation as to why such documentation is not available, with such documentation, summary, or explanation being provided in English or Spanish; (v) include an original or electronic signature of the claimant or an authorized agent of the claimant; and (vi) substantially conform to the Proof of Claim Form approved by this Order if submitted using an alternative form.  Any claimant that provides a summary in lieu of supporting documentation shall transmit the documents in support of its claim to Prime Clerk and the applicable Debtor within ten days after the date of any written request by the applicable Debtor for such documents, to the extent such documents are in the possession of the claimant. After the applicable Bar Dates, amendments to timely filed proofs of claim will only be allowed to the extent an amended claim is based on the same facts and circumstances as a timely filed claim, and in accordance with applicable law, or as otherwise ordered by the Court.

12.     **All proofs of claim shall be delivered to and received by Prime Clerk no later than 4:00 p.m. (Atlantic Standard Time) on the applicable Bar Date**.  If proofs of claim are delivered (i) by first class mail, they are to be delivered to Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, P.O. Box 4708, New York, NY 10163-4708; (ii) by overnight courier, they are to be delivered to Commonwealth of Puerto Rico Claims Processing Center c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232; or (iii) by hand delivery, they are to be delivered to any of the following locations: (a) Commonwealth of Puerto Rico Claims Processing Center c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, (b) José V. Toledo Federal Building & US Courthouse, 300 Recinto Sur Street, San Juan, PR 00901, (c) MCS Building, Suite 222 A, 880 Tito Castro Avenue, Ponce, PR 00716-4732, or (d) Federico Degetau Federal Building and

9

Clemente Ruiz Nazario U.S. Courthouse, 150 Carlos Chardón Street, San Juan, Puerto Rico, 00918-1767.   Alternatively, proofs of claim may be submitted electronically through the Debtors' case management site at the following address: https://cases.primeclerk.com/puertorico/EPOC-Index.   Prime Clerk **shall not** accept proofs of claim by facsimile, telecopy, or email; provided, however, they may be submitted through Prime Clerk's website (listed in the preceding sentence).

13.     Creditors asserting a claim against more than one Debtor must file separate proofs of claim against each such Debtor and must identify on the proof of claim the specific Debtor against which such claim is asserted and the case number of that Debtor's Title III case.

14.     Subject to paragraph 6 of this Order, any creditor who fails to file a proof of claim on or before the applicable Bar Date (subject to the acceptance of a proof of claim after the applicable Bar Date pursuant to an order of this Court), with respect to such claim:  (a) shall not be treated as a creditor of the Debtors for purposes of voting upon or receiving distributions under any plan of adjustment in these Title III Cases, and (b) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors or thereafter filing a proof of claim thereto in these Title III Cases (unless otherwise ordered by the Court), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim.  A holder of any such claim shall not be permitted to vote to accept or reject any plan of adjustment filed in these Title III Cases on account of such claim, participate in any distribution in these Title III Cases on account of such claim, or receive further notices with respect to these Title III Cases on account of such claim.  Moreover, any creditor that relies on the Creditor Lists bears responsibility for determining that its claim is accurately listed therein.

15.     Notwithstanding anything else herein and for the avoidance of doubt, the (i) classification and treatment of allowed claims relating to general obligation bonds issued or bonds guaranteed by the Commonwealth of Puerto Rico ("GO Bonds"), and distribution on account of the foregoing claims, pursuant to any Title III plan of adjustment for a Debtor, (ii) right for holders of GO Bonds to vote to accept or reject a plan of adjustment, and (iii) right to receive further notices with respect to these Title III Cases on account of such GO Bond claims, shall in each case not be affected by any provision of this Order, the form of Proof of Claim Form as approved under this Order, or by whether or not the holders of GO Bonds file or do not file proofs of claim.  For the avoidance of doubt, nothing in this Order shall be interpreted as preventing holders of GO Bonds from filing proofs of claim; provided, that the allowance or disallowance of any such proof of claim shall be treated in the same manner as other proofs of claim filed pursuant to this Order; provided, further, that nothing in this Order shall be interpreted as precluding any party in interest from filing objections to the amount, priority, security and/or allowance of any obligations arising with respect to GO Bonds regardless of whether proofs of claim are filed for such GO Bonds.

16.     The Debtors' proposed procedures for serving and publishing the Bar Date Notice and Reminder Notice comply with the requirements of PROMESA, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Local Bankruptcy Rules, made applicable in these Title III Cases pursuant to the *Third Amended Notice, Case Management and Administrative Procedures* [Case No. 17-3283, Docket No. 1512-1], and are hereby approved.

17.     In accordance with Bankruptcy Rule 2002, the Debtors, through Prime Clerk or Epiq Bankruptcy Solutions, LLC ("Epiq"), as applicable, are authorized and directed to serve the Bar Date Notice and a Proof of Claim Form by first-class mail, postage prepaid, on or before

February 26, 2018, upon:  (a) all parties listed on the Debtors' Creditors Lists; (b) the Office of the United States Trustee for the District of Puerto Rico; (c) the statutory committees appointed in these Title III Cases; (d) the Office of the United States Attorney for the District of Puerto Rico; (e) the Puerto Rico Department of Justice; (f) the Internal Revenue Service; (g) local taxing authorities; and (h) all parties filing a notice of appearance in these Title III Cases.

18.     In accordance with Bankruptcy Rule 2002, the Debtors, through Prime Clerk, are authorized and directed to cause a copy of a notice, substantially in the form of the Bar Date Notice, to be published, on or before February 26, 2017, in (a) *El Nuevo Día* in Spanish (primary circulation is in Puerto Rico), (b) *Caribbean Business* in English (primary circulation is in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation is in New York and Miami, respectively), and (d) *The Bond Buyer*.

19.     In accordance with Bankruptcy Rule 2002, the Debtors, through Prime Clerk, are authorized and directed to cause a copy of a reminder notice, substantially in the form of the Reminder Notice, to be published, on or before April 27, 2017, in (a) *El Nuevo Día* in Spanish (primary circulation is in Puerto Rico), (b) *Caribbean Business* in English (primary circulation is in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation is in New York and Miami, respectively), and (d) *The Bond Buyer*.

20.     The Debtors, through Prime Clerk, are authorized and directed to cause no less than twenty-eight radio advertisements, specifying the nature of the Title III cases, Bar Dates, and phone numbers, emails, or websites from which parties may obtain additional information regarding the Bar Dates, to be aired during the fourteen-day period preceding the Bar Date, on (a) WMEG FM (contemporary hit radio) in Spanish and (b) WKAQ AM (Spanish language talk radio) in Spanish.

21.     In addition to the Bar Date Notice and Proof of Claim Form, in accordance with Local Bankruptcy Rule 1007-1(f), for those persons or entities listed on one of the Creditor Lists as holding a claim classified as contingent, unliquidated, and/or disputed, the Debtors, through Prime Clerk, will serve each such creditor with a Proof of Claim Form that will include the contingent, unliquidated, and/or disputed status of such claim.

22.     <u>PREPA Customers</u>.  Notwithstanding the foregoing, in lieu of serving the Bar Date Notice on and providing the Proof of Claim Form to its customers, PREPA shall notify its customers of the General Bar Date and the means by which a customer may file a proof of claim against PREPA, if applicable, by providing the PREPA Customer Bar Date Notice to its customers through the following:

    a.  if customer bills are distributed on or before March 30, 2018, through distribution with customer bills as follows:

        i.  For those customers that receive hard-copies of their bills:

            1.  PREPA shall cause the PREPA Customer Bar Date Notice to be printed and mailed with the monthly bill that will be distributed on or before March 30, 2018;

        ii.  For those customers that have previously requested to have their bills delivered electronically:

            1.  PREPA shall cause the PREPA Customer Bar Date Notice to be served via electronic mail, on or before March 30, 2018, with the following subject line on the electronic mail: "Important Legal Information/Información Legal Importante;"

    b.  if customer bills are <u>not</u> distributed on or before March 30, 2018, by first-class mail, postage prepaid, on or before April 6, 2018.

23.     <u>Notice to Pension Claimants</u>.  In addition to the Bar Date Notice and Proof of Claim Form, the Debtors, through Prime Clerk, are authorized and directed to serve the Special Notice to Pension, Retiree, and Employee Claimants attached hereto as **<u>Exhibit 4</u>** (the "<u>Pension,</u>

<u>Retiree, and Employee Notice</u>") to all holders of Pension Claims, Compensation Claims, and CBA Claims.

24.     The Bar Date Notice, the Reminder Notice, the PREPA Customer Bar Date Notice, the Proof of Claim Form, the Pension, Retiree, and Employee Notice, and the Creditor Lists shall be posted and available for download, free-of-charge on the Debtors' case website, https://cases.primeclerk.com/puertorico/.   Further, the Bar Date Notice, the PREPA Customer Bar Date Notice, the Proof of Claim Form, and PREPA's Creditor List shall be posted and available for download, free-of-charge on PREPA's case website, http://dm.epiq11.com/PREPA. In addition, the Bar Date Notice, the Reminder Notice, the PREPA Customer Bar Date Notice, the Pension, Retiree, and Employee Notice, and the Proof of Claim Form will be posted and available for download, free-of-charge, on the case website for the statutory creditors' committee appointed in the Title III cases, www.prcreditorscommittee.com or www.comitedeacreedoresdePR.com.   The Bar Date Notice, the Reminder Notice, the Pension, Retiree, and Employee Notice, and the Proof of Claim Form will also be posted and available for download, free-of-charge, on the case website for the Retiree Committee, www.porturetiro.com.

25.     This Order is without prejudice to the rights, claims, objections, counterclaims, offsets, recoupments, and defenses of the Debtors with respect to any claim or duplicate claim filed against the Debtors, and nothing herein shall be deemed to allow or compel payment of any claim.

26.     Nothing herein is intended to, shall constitute, or shall be deemed to constitute the Debtors' or the Oversight Board's consent, pursuant to PROMESA section 305, to this Court's interference with (a) any of the political or governmental powers of the Debtors, (b) any of the

14

property or revenues of the Debtors, or (c) the use or enjoyment of the Debtors of any income-producing property.

27.     Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

28.     The Debtors and the Oversight Board, as the Debtors' representative, have consented to the relief in this Order, and are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

29.     The Court retains exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation and enforcement of this Order.

Dated: _____, 2018          _____
                                       Honorable Laura Taylor Swain
                                       United States District Judge

## Exhibit 1-A

**Bar Date Notice**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | Case No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | (Jointly Administered) |
| Debtors. | |

## NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM

**TO ALL CREDITORS OF THE DEBTORS, AND TO OTHER PARTIES IN INTEREST, PLEASE TAKE NOTICE OF THE FOLLOWING:**

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") has filed voluntary petitions under section 304(a) of *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] initiating Title III cases under PROMESA (each, a "Title III Case" and collectively, the "Title III Cases") for the debtors listed below (each, a "Debtor" and collectively, the "Debtors"). **You may be a creditor of one of the Debtors, and you may be required to file a proof of claim** ("Proof of Claim").

A list of the names of the Debtors, their case numbers, and the commencement date of the Debtors' Title III Cases is as follows:

| Title III Cases | Federal Tax ID No. | Case No. | Commencement Date |
|---|---|---|---|
| Commonwealth of Puerto Rico | 3481 | 17 BK 3283 | May 3, 2017 |
| Puerto Rico Sales Tax Financing Corporation ("COFINA") | 8474 | 17 BK 3284 | May 5, 2017 |
| Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") | 9686 | 17 BK 3566 | May 21, 2017 |
| Puerto Rico Highways and Transportation Authority ("HTA") | 3808 | 17 BK 3567 | May 21, 2017 |
| Puerto Rico Electric Power Authority ("PREPA") | 3747 | 17 BK 4780 | July 2, 2017 |

---

[1]    PROMESA is codified at 48 U.S.C. §§ 2101-2241.

### OVERVIEW – KEY POINTS

- This document is a legal notice concerning the Title III Cases of the Debtors (listed above). This document is being sent to all parties that may be owed money by the Debtors (known as "creditors").

- **The Overview on this page describes the key terms of this document. Please read the entire document carefully for further details.**

- In a Title III proceeding under PROMESA, creditors may be required to file claim forms stating the amount of money owed to them as of the day the Title III proceeding was filed. This document explains how to file claims.

- **Many creditors in the Title III Cases <u>are not required</u> to file a claim.** This document explains who is required to file a claim and who is not required to file a claim. **Please see Section 2 of this document for a complete list of parties <u>not</u> required to file a claim.**

- **If you are not required to file a claim, you do not need to complete and return a claim form**, and you will still keep your rights to vote on a plan of adjustment and receive payments under the plan. A plan of adjustment is a document that explains how a Debtor proposes to pay the amounts it owes to its creditors. Once filed, this plan will be available for creditors to review. Who gets to vote on the plan will be determined at a later date. The amount you may receive under the plan also will be determined later.

- **If you are required to file a claim against any of the Debtors**, you must do so by **<u>May 29, 2018 at 4:00 p.m., Atlantic Standard Time</u>**. A form that you may use to file your claim is provided with this document.

- Claims may be filed by (a) electronically filing on the Claims Agent's website at https://cases.primeclerk.com/puertorico/EPOC-Index, or (b) mail or hand delivery to the addresses provided in Section 6 of this document.

- After reading this document, if you require additional information regarding this Notice, you may contact the Claims Agent at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com. Please note that the people answering the phone number are not able to provide legal advice. If you have questions about your legal rights, including whether you need to file a claim, you should talk to an attorney.

**Section 1 – The Bar Dates**

On _____, 2018, the United States District Court for the District of Puerto Rico (the "District Court") entered an order (the "Bar Date Order") in the above-captioned Title III Cases in accordance with Bankruptcy Rule 3003(c) fixing the following deadlines to file Proofs of Claim (collectively, the "Bar Dates"):

(a) **General Bar Date**: **4:00 p.m. (Atlantic Standard Time) on May 29, 2018**, is the deadline (the "General Bar Date") for filing proofs of claim (as defined in Bankruptcy Code section 101(5)), against the Debtors on account of (i) claims arising, or deemed to have arisen, prior to the respective commencement dates for their Title III Cases, including, for the avoidance of doubt, bond claims and claims arising under Bankruptcy Code section 503(b)(9), and (ii) claims asserted by governmental units (as defined in Bankruptcy Code section 101(27));

(b) **Rejection Bar Date**:  Except as otherwise set forth in any order authorizing the rejection of an executory contract or unexpired lease, **4:00 p.m. (Atlantic Standard Time) on the date that is the later of (i) the General Bar Date and (ii) the first business day that is thirty-five (35) calendar days after the entry of an order by the Court authorizing such rejection** is the deadline for a party to any such rejected executory contract or unexpired lease to file proofs of claim relating to the rejection of such contract or lease (the "Rejection Bar Date," and together with the General Bar Date, the "Bar Dates"); and

(c) **Bar Date if Creditor List is Amended or Supplemented**:  If, after the Bar Date Notice is served, any Debtor (a) amends its respective Creditor List to reduce a claim and/or to change the classification, nature or characterization of a claim, or (b) supplements its respective Creditor List, such Debtor shall give notice of any amendment or supplement to the holders of claims reduced or changed thereby, and advise such holders they shall each have until the **later of (i) the General Bar Date and (ii) thirty-five (35) days from the date of such notice** to file a proof of claim, or an amended proof of claim, if applicable, or be barred from so doing.

As used in this Notice, a "claim," as defined in section 101(5) of the Bankruptcy Code, whenever arising, includes in each case any claims against any of the Debtors based upon the Debtors' primary, secondary, direct, indirect, fixed, secured, unsecured, contingent, guaranteed, disputed, undisputed, liquidated, unliquidated, matured, unmatured, legal, or equitable liability or otherwise, including, for the avoidance of doubt, claims arising under section 503(b)(9) of the Bankruptcy Code (each, a "Claim").

## Section 2 – Who Is NOT Required To File a Proof of Claim

THE FACT THAT YOU RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM AGAINST THE DEBTORS OR THAT THE DEBTORS BELIEVE YOU HAVE A CLAIM.

The following persons and entities are **not** required to file a Proof of Claim on or before the applicable Bar Date:

A. <u>Allowed Claims</u>:  Any person or entity whose claim was previously allowed by an order of this Court entered on or before the applicable Bar Date;

B. <u>Paid Claims</u>:  Any person or entity whose claim was paid in full by a Debtor, including claims paid by a Debtor after the commencement date of its respective Title III Case;

C. <u>Proofs of Claim Already Filed</u>:  Any person or entity who already properly filed a proof of claim, which substantially conforms to the Proof of Claim Form, in these Title III Cases with the Court or the Debtors' claims and noticing agent;

D. <u>Claims Properly Listed and Categorized on Creditor Lists</u>:  Any person or entity whose claim is listed on one of the Creditor Lists and (i) the claim is not listed as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount and nature of the claim as set forth on the applicable Creditor List, and (iii) the person or entity does not dispute that the claim is an obligation of the subject Debtor;

E. <u>PREPA Customers</u>:  Customers of PREPA in connection with the disposition of their deposits or any individual billing or service disputes; <u>provided</u>, <u>however</u>, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through O. of this Section by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

F. <u>Pension Claims</u>:  With respect to pension benefits and any and all other post-retirement benefits, any retiree, active employee, and former employee of a Title III Debtor, or any person who is or was a participant in a pension plan administered by a Title III Debtor, and any beneficiary of any the foregoing persons; <u>provided</u>, <u>however</u>, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through O. of this Section by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

G. <u>Union or Non-Union Employee Claims</u>:  Any union-represented or non-union represented employee, furloughed employee, or former employee for compensation and employment benefits, including, without limitation, wages, salaries, employee medical benefits and/or insurance benefits or workers' compensation claims ("<u>Compensation Claims</u>"); <u>provided</u>, <u>however</u>, that Compensation Claims shall not

4

include claims asserted or to be asserted in any lawsuit or administrative proceeding based on tort or non-employment-related common law, statutory law, or regulation even where such claims assert as damages an entitlement to wages, salaries, employee medical benefits and/or insurance benefits;

H. <u>Individual Union Members' Claims</u>: Any person or entity that holds a claim limited to obligations due under their respective collective bargaining agreements, including, but not limited to, grievances, or claims arising from their current or former employment relationship with the Commonwealth; <u>provided</u>, <u>however</u>, that any such holder must assert (i) a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through O. of this Section, or (ii) a claim for a grievance that has been resolved and liquidated by settlement or arbitration award as of February 28, 2018, by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

I. <u>Individual Bondholder Claims Arising From Bonds That Do Not Have an Indenture Trustee, Fiscal Agent, or Similar Agent or Nominee</u>: Any person or entity that holds a claim that is limited to the repayment of principal, interest and such other amounts that may arise under the respective trust agreement or bond document that does not provide for an indenture trustee, fiscal agent, or similar agent or nominee that could file a Master Proof of Claim; <u>provided</u>, <u>however</u>, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through O. of this Section by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

J. <u>Individual Bondholder Claims Covered by Timely Filed Bond Master Proof of Claim</u>: Any person or entity that holds a claim that is limited to the repayment of principal, interest and other fees and expenses, to the extent the relevant indenture trustee, fiscal agent, or similar agent or nominee files a Bond Debt Master Proof of Claim against the relevant Debtor on or before the General Bar Date on account of all bond claims against the relevant Debtor under the respective trust agreement or bond document; <u>provided</u>, <u>however</u>, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through O. of this Section by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

K. <u>Individual Credit Agreement Lender Claims</u>: Any person or entity that holds a claim that is limited to the repayment of principal, interest and other fees and expenses, to the extent the relevant agent, if such agent exists, files a Credit Agreement Master Proof of Claim against the relevant Debtor on or before the General Bar Date on account of all lender claims against the relevant Debtor under the respective credit agreement; <u>provided</u>, <u>however</u>, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through O. of this Section by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

L. <u>Inter-Governmental Claims</u>:  (i) Any municipality, department, or agency of the Commonwealth that is not a Debtor or "covered territorial instrumentality" (as defined in PROMESA) asserting a claim against a Debtor in an amount less than $200 million, or (ii) any Debtor or "covered territorial instrumentality".  For the avoidance of doubt, any entity described in the foregoing clause (i) asserting a claim against a Debtor equal to or greater than $200 million must file a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

M. <u>Administrative Expenses</u>:  Any holder of a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an administrative expense (**other** than a claim under Bankruptcy Code section 503(b)(9));

N. <u>Proofs of Claim with Separate Deadlines</u>:  Any holder of a claim for which a separate deadline is or has been fixed by this Court; and

O. <u>Professionals' Administrative Claims</u>:  Professionals who assert administrative claims for fees and expenses subject to the Court's approval pursuant to PROMESA section 316;

provided, however, that, should the District Court fix a date by which the Claims described in Paragraphs A. through O. above must be filed, you will be notified of such bar date at the appropriate time.

## Section 3 – Who MUST File a Proof of Claim

You **MUST** file a **Proof of Claim** to vote on any plan of adjustment filed by the Oversight Board on behalf of the Debtors or to share in any distributions from the Debtors if you have a Claim that arose prior to the commencement dates and it is not one of the types of Claims described in Paragraphs A. through O. in Section 2 above.

**A holder of a possible Claim against the Debtors should consult an attorney if such holder has any questions regarding this Notice, including whether the holder should file a Proof of Claim.**

## Section 4 – Consequences of Failure to File a Proof of Claim by the Applicable Bar Date

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN PARAGRAPHS A. THROUGH O. IN SECTION 2 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED (<u>UNLESS OTHERWISE ORDERED BY THE COURT</u>) FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, FROM VOTING ON ANY PLAN OF ADJUSTMENT FILED IN THESE TITLE III CASES, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THESE TITLE III CASES ON ACCOUNT OF SUCH CLAIM.**

**Section 5 – What to File**

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S TITLE III CASE.

Each Proof of Claim, to be properly filed pursuant to this Notice, shall: (i) be written in English or Spanish; (ii) be denominated in lawful currency of the United States as of the relevant Title III Case commencement date; (iii) set forth with specificity the legal and factual basis for the asserted claim; (iv) include a copy of the supporting documentation (or, if such documentation is voluminous, you must attach a summary of such documentation) or an explanation as to why such documentation is not available, with such documentation, summary, or explanation being provided in English or Spanish; (v) include an original or electronic signature of the claimant or an authorized agent of the claimant; and (vi) substantially conform to the Proof of Claim Form approved by the Bar Date Order.   If you file a summary of the supporting documentation because they are voluminous, you must transmit the supporting documentation to (a) the Claims Agent and (b) the applicable Debtor within ten days after the date of a written request by the Debtors for such documents.

The Proof of Claim Form can be obtained, as well as filed, on the website established and maintained by the Claims Agent at https://cases.primeclerk.com/puertorico/.

**Section 6 – Where and How to File**

All Proofs of Claim, except as otherwise provided for or specifically excepted in Section 2 above, shall be filed with the claims and noticing agent, Prime Clerk LLC (the "Claims Agent") pursuant to the procedures provided herein **so as to actually be received** on or before the applicable Bar Date, depending upon the nature of the Claim.

Proofs of Claim may be filed through any of the following methods:

(i)     completing the electronic Proof of Claim on the Claims Agent's website at https://cases.primeclerk.com/puertorico/EPOC-Index,

(ii)    if delivered by first class mail, at the following address:  Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, PO Box 4708, New York, NY 10163-4708,

(iii)   if by overnight courier, at the following address: Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, or

(iv)    if by hand delivery, at any of the following locations: (a) Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, or (b) the following locations in the Commonwealth, available during the listed dates and times:

| Locations in the Commonwealth Accepting Proofs of Claim by Hand Delivery | | |
|---|---|---|
| Address | Dates Available | Hours (AST) |
| José V. Toledo Federal Building & US Courthouse Clerk's Office 300 Recinto Sur Street San Juan, PR 00901 | February 27, 2018 to May 29, 2018 (except weekends and Court Holidays) | M – F 8:30 a.m. to 4:00 p.m. |
| Federico Degetau Federal Building and Clemente Ruiz Nazario U.S. Courthouse Clerk's Office 150 Carlos Chardón Street, San Juan, Puerto Rico, 00918-1767 | February 27, 2018 to May 29, 2018 (except weekends and Court Holidays) | M – F 8:30 a.m. to 4:45 p.m. |
| MCS Building, Suite 222 A Clerk's Office 880 Tito Castro Avenue Ponce, PR 00716-4732 | February 27, 2018 to May 29, 2018 (except weekends and Court Holidays) | M – F 8:30 a.m. to 12:00 p.m., 1:00 p.m. to 4:00 p.m. |

Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission will **not** be accepted; provided, however, they may be submitted through Prime Clerk's website: https://cases.primeclerk.com/puertorico/EPOC-Index.

## Section 7 – Additional Information

The Debtors' Creditor Lists and the Bar Date Order may be downloaded and examined free of charge from the Claims Agent website, https://cases.primeclerk.com/puertorico/.  Any creditor that relies on the Debtors' Creditor Lists bears responsibility for determining that its Claim is accurately listed therein.

If you require additional information regarding this Notice, you may contact the Claims Agent at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com.

Dated: _____, 2018

## **Exhibit 1-B**

**Reminder Notice**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM

# FINAL REMINDER

**TO ALL CREDITORS OF THE DEBTORS, AND TO OTHER PARTIES IN INTEREST, PLEASE TAKE NOTICE OF THE FOLLOWING:**

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") has filed voluntary petitions under section 304(a) of *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] initiating Title III cases under PROMESA (each, a "Title III Case" and collectively, the "Title III Cases") for the debtors listed below (each, a "Debtor" and collectively, the "Debtors"). **You may be a creditor of one of the Debtors, and you may be required to file a proof of claim** ("Proof of Claim").

**If you have already filed a Proof of Claim, no further action is required unless directed by court order, notice, or otherwise.**

A list of the names of the Debtors, their case numbers, and the commencement date of the Debtors' Title III Cases is as follows:

| Title III Cases | Federal Tax ID No. | Case No. | Commencement Date |
|---|---|---|---|
| Commonwealth of Puerto Rico | 3481 | 17 BK 3283 | May 3, 2017 |
| Puerto Rico Sales Tax Financing Corporation ("COFINA") | 8474 | 17 BK 3284 | May 5, 2017 |
| Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") | 9686 | 17 BK 3566 | May 21, 2017 |

---

[1]   PROMESA is codified at 48 U.S.C. §§ 2101-2241.

| Title III Cases | Federal Tax ID No. | Case No. | Commencement Date |
|---|---|---|---|
| Puerto Rico Highways and Transportation Authority ("HTA") | 3808 | 17 BK 3567 | May 21, 2017 |
| Puerto Rico Electric Power Authority ("PREPA") | 3747 | 17 BK 4780 | July 2, 2017 |

---

### OVERVIEW – KEY POINTS

- **The Overview on this page describes the key terms of this document. Please read the entire document carefully for further details.**

- In a Title III proceeding under PROMESA, creditors may be required to file claim forms stating the amount of money owed to them as of the day the Title III proceeding was filed. This document explains how to file claims.

- **Many creditors in the Title III Cases are not required to file a claim.** This document explains who is required to file a claim and who is not required to file a claim. **Please see Section 2 of this document for a complete list of parties not required to file a claim.**

- **If you are not required to file a claim, you do not need to complete and return a claim form**, and you will still keep your rights to vote on a plan of adjustment and receive payments under the plan. A plan of adjustment is a document that explains how a Debtor proposes to pay the amounts it owes to its creditors. Once filed, this plan will be available for creditors to review. Who gets to vote on the plan will be determined at a later date. The amount you may receive under the plan also will be determined later.

- **If you are required to file a claim against any of the Debtors**, you must do so by **May 29, 2018 at 4:00 p.m., Atlantic Standard Time**. A form that you may use to file your claim is provided with this document.

- Claims may be filed by (a) electronically filing on the Claims Agent's website at https://cases.primeclerk.com/puertorico/EPOC-Index, or (b) mail or hand delivery to the addresses provided in Section 6 of this document.

- After reading this document, if you require additional information regarding this Notice, you may contact the Claims Agent at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com. Please note that the people answering the phone number are not able to provide legal advice. If you have questions about your legal rights, including whether you need to file a claim, you should talk to an attorney.

## Section 1 – The Bar Dates

On _____, 2018, the United States District Court for the District of Puerto Rico (the "District Court") entered an order (the "Bar Date Order") in the above-captioned Title III Cases in accordance with Bankruptcy Rule 3003(c) fixing the following deadlines to file Proofs of Claim (collectively, the "Bar Dates"):

(a) **General Bar Date**: **4:00 p.m. (Atlantic Standard Time) on May 29, 2018**, is the deadline (the "General Bar Date") for filing proofs of claim (as defined in Bankruptcy Code section 101(5)), against the Debtors on account of (i) claims arising, or deemed to have arisen, prior to the respective commencement dates for their Title III Cases, including, for the avoidance of doubt, bond claims and claims arising under Bankruptcy Code section 503(b)(9), and (ii) claims asserted by governmental units (as defined in Bankruptcy Code section 101(27));

(b) **Rejection Bar Date**:  Except as otherwise set forth in any order authorizing the rejection of an executory contract or unexpired lease, **4:00 p.m. (Atlantic Standard Time) on the date that is the later of (i) the General Bar Date and (ii) the first business day that is thirty-five (35) calendar days after the entry of an order by the Court authorizing such rejection** is the deadline for a party to any such rejected executory contract or unexpired lease to file proofs of claim relating to the rejection of such contract or lease (the "Rejection Bar Date," and together with the General Bar Date, the "Bar Dates"); and

(c) **Bar Date if Creditor List is Amended or Supplemented**:  If, after the Bar Date Notice is served, any Debtor (a) amends its respective Creditor List to reduce a claim and/or to change the classification, nature or characterization of a claim, or (b) supplements its respective Creditor List, such Debtor shall give notice of any amendment or supplement to the holders of claims reduced or changed thereby, and advise such holders they shall each have until the **later of (i) the General Bar Date and (ii) thirty-five (35) days from the date of such notice** to file a proof of claim, or an amended proof of claim, if applicable, or be barred from so doing.

As used in this Notice, a "claim," as defined in section 101(5) of the Bankruptcy Code, whenever arising, includes in each case any claims against any of the Debtors based upon the Debtors' primary, secondary, direct, indirect, fixed, secured, unsecured, contingent, guaranteed, disputed, undisputed, liquidated, unliquidated, matured, unmatured, legal, or equitable liability or otherwise, including, for the avoidance of doubt, claims arising under section 503(b)(9) of the Bankruptcy Code (each, a "Claim").

<u>**Section 2 – Who Is NOT Required To File a Proof of Claim**</u>

**THE FACT THAT YOU RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM AGAINST THE DEBTORS OR THAT THE DEBTORS BELIEVE YOU HAVE A CLAIM.**

**The following persons and entities are <u>not</u> required to file a Proof of Claim on or before the applicable Bar Date**:

A. <u>Allowed Claims</u>: Any person or entity whose claim was previously allowed by an order of this Court entered on or before the applicable Bar Date;

B. <u>Paid Claims</u>: Any person or entity whose claim was paid in full by a Debtor, including claims paid by a Debtor after the commencement date of its respective Title III Case;

C. <u>Proofs of Claim Already Filed</u>: Any person or entity who already properly filed a proof of claim, which substantially conforms to the Proof of Claim Form, in these Title III Cases with the Court or the Debtors' claims and noticing agent;

D. <u>Claims Properly Listed and Categorized on Creditor Lists</u>: Any person or entity whose claim is listed on one of the Creditor Lists and (i) the claim is not listed as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount and nature of the claim as set forth on the applicable Creditor List, and (iii) the person or entity does not dispute that the claim is an obligation of the subject Debtor;

E. <u>PREPA Customers</u>: Customers of PREPA in connection with the disposition of their deposits or any individual billing or service disputes; <u>provided</u>, <u>however</u>, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through O. of this Section by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

F. <u>Pension Claims</u>: With respect to pension benefits and any and all other post-retirement benefits, any retiree, active employee, and former employee of a Title III Debtor, or any person who is or was a participant in a pension plan administered by a Title III Debtor, and any beneficiary of any of the foregoing persons; <u>provided</u>, <u>however</u>, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through O. of this Section by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

G. <u>Union or Non-Union Employee Claims</u>: Any union-represented or non-union represented employee, furloughed employee, or former employee for compensation and employment benefits, including, without limitation, wages, salaries, employee medical benefits and/or insurance benefits or workers' compensation claims ("<u>Compensation Claims</u>"); <u>provided</u>, <u>however</u>, that Compensation Claims shall not

4

include claims asserted or to be asserted in any lawsuit or administrative proceeding based on tort or non-employment-related common law, statutory law, or regulation even where such claims assert as damages an entitlement to wages, salaries, employee medical benefits and/or insurance benefits;

H. <u>Individual Union Members' Claims</u>:  Any person or entity that holds a claim limited to obligations due under their respective collective bargaining agreements, including, but not limited to, grievances, or claims arising from their current or former employment relationship with the Commonwealth; <u>provided</u>, <u>however</u>, that any such holder must assert (i) a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through O. of this Section, or (ii) a claim for a grievance that has been resolved and liquidated by settlement or arbitration award as of February 28, 2018, by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

I. <u>Individual Bondholder Claims Arising From Bonds That Do Not Have an Indenture Trustee, Fiscal Agent, or Similar Agent or Nominee</u>: Any person or entity that holds a claim that is limited to the repayment of principal, interest and such other amounts that may arise under the respective trust agreement or bond document that does not provide for an indenture trustee, fiscal agent, or similar agent or nominee that could file a Master Proof of Claim; <u>provided</u>, <u>however</u>, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through O. of this Section by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

J. <u>Individual Bondholder Claims Covered by Timely Filed Bond Master Proof of Claim</u>: Any person or entity that holds a claim that is limited to the repayment of principal, interest and other fees and expenses, to the extent the relevant indenture trustee, fiscal agent, or similar agent or nominee files a Bond Debt Master Proof of Claim against the relevant Debtor on or before the General Bar Date on account of all bond claims against the relevant Debtor under the respective trust agreement or bond document; <u>provided</u>, <u>however</u>, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through O. of this Section by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

K. <u>Individual Credit Agreement Lender Claims</u>:  Any person or entity that holds a claim that is limited to the repayment of principal, interest and other fees and expenses, to the extent the relevant agent, if such agent exists, files a Credit Agreement Master Proof of Claim against the relevant Debtor on or before the General Bar Date on account of all lender claims against the relevant Debtor under the respective credit agreement; <u>provided</u>, <u>however</u>, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through O. of this Section by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

L.  <u>Inter-Governmental Claims</u>:  (i) Any municipality, department, or agency of the Commonwealth that is not a Debtor or "covered territorial instrumentality" (as defined in PROMESA) asserting a claim against a Debtor in an amount less than $200 million, or (ii) any Debtor or "covered territorial instrumentality".  For the avoidance of doubt, any entity described in the foregoing clause (i) asserting a claim against a Debtor equal to or greater than $200 million must file a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

M.  <u>Administrative Expenses</u>:  Any holder of a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an administrative expense (**other** than a claim under Bankruptcy Code section 503(b)(9));

N.  <u>Proofs of Claim with Separate Deadlines</u>:  Any holder of a claim for which a separate deadline is or has been fixed by this Court; and

O.  <u>Professionals' Administrative Claims</u>:  Professionals who assert administrative claims for fees and expenses subject to the Court's approval pursuant to PROMESA section 316;

<u>provided</u>, <u>however</u>, that, should the District Court fix a date by which the Claims described in Paragraphs A. through O. above must be filed, you will be notified of such bar date at the appropriate time.

## Section 3 – Who MUST File a Proof of Claim

You **MUST** file a **Proof of Claim** to vote on any plan of adjustment filed by the Oversight Board on behalf of the Debtors or to share in any distributions from the Debtors if you have a Claim that arose prior to the commencement dates and it is not one of the types of Claims described in Paragraphs A. through O. in Section 2 above.

**A holder of a possible Claim against the Debtors should consult an attorney if such holder has any questions regarding this Notice, including whether the holder should file a Proof of Claim.**

## Section 4 – Consequences of Failure to File a Proof of Claim by the Applicable Bar Date

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN PARAGRAPHS A. THROUGH O. IN SECTION 2 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED (<u>UNLESS OTHERWISE ORDERED BY THE COURT</u>) FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, FROM VOTING ON ANY PLAN OF ADJUSTMENT FILED IN THESE TITLE III CASES, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THESE TITLE III CASES ON ACCOUNT OF SUCH CLAIM.**

**Section 5 – What to File**

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S TITLE III CASE.

Each Proof of Claim, to be properly filed pursuant to this Notice, shall: (i) be written in English or Spanish; (ii) be denominated in lawful currency of the United States as of the relevant Title III Case commencement date; (iii) set forth with specificity the legal and factual basis for the asserted claim; (iv) include a copy of the supporting documentation (or, if such documentation is voluminous, you must attach a summary of such documentation) or an explanation as to why such documentation is not available, with such documentation, summary, or explanation being provided in English or Spanish; (v) include an original or electronic signature of the claimant or an authorized agent of the claimant; and (vi) substantially conform to the Proof of Claim Form approved by the Bar Date Order.  If you file a summary of the supporting documentation because they are voluminous, you must transmit the supporting documentation to (a) the Claims Agent and (b) the applicable Debtor within ten days after the date of a written request by the Debtors for such documents.

The Proof of Claim Form can be obtained, as well as filed, on the website established and maintained by the Claims Agent at https://cases.primeclerk.com/puertorico/.

**Section 6 – Where and How to File**

All Proofs of Claim, except as otherwise provided for or specifically excepted in Section 2 above, shall be filed with the claims and noticing agent, Prime Clerk LLC (the "Claims Agent") pursuant to the procedures provided herein **so as to actually be received** on or before the applicable Bar Date, depending upon the nature of the Claim.

Proofs of Claim may be filed through any of the following methods:

(i)     completing the electronic Proof of Claim on the Claims Agent's website at https://cases.primeclerk.com/puertorico/EPOC-Index,

(ii)    if delivered by first class mail, at the following address:  Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, PO Box 4708, New York, NY 10163-4708,

(iii)   if by overnight courier, at the following address: Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, or

(iv)    if by hand delivery, at any of the following locations: (a) Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, or (b) the following locations in the Commonwealth, available during the listed dates and times:

| Locations in the Commonwealth Accepting Proofs of Claim by Hand Delivery | | |
|---|---|---|
| Address | Dates Available | Hours (AST) |
| José V. Toledo Federal Building & US Courthouse Clerk's Office 300 Recinto Sur Street San Juan, PR 00901 | February 27, 2018 to May 29, 2018 (except weekends and Court Holidays) | M – F 8:30 a.m. to 4:00 p.m. |
| Federico Degetau Federal Building and Clemente Ruiz Nazario U.S. Courthouse Clerk's Office 150 Carlos Chardón Street, San Juan, Puerto Rico, 00918-1767 | February 27, 2018 to May 29, 2018 (except weekends and Court Holidays) | M – F 8:30 a.m. to 4:45 p.m. |
| MCS Building, Suite 222 A Clerk's Office 880 Tito Castro Avenue Ponce, PR 00716-4732 | February 27, 2018 to May 29, 2018 (except weekends and Court Holidays) | M – F 8:30 a.m. to 12:00 p.m., 1:00 p.m. to 4:00 p.m. |

Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission will **not** be accepted; provided, however, they may be submitted through Prime Clerk's website: https://cases.primeclerk.com/puertorico/EPOC-Index.

## Section 7 – Additional Information

The Debtors' Creditor Lists and the Bar Date Order may be downloaded and examined free of charge from the Claims Agent website, https://cases.primeclerk.com/puertorico/.  Any creditor that relies on the Debtors' Creditor Lists bears responsibility for determining that its Claim is accurately listed therein.

If you require additional information regarding this Notice, you may contact the Claims Agent at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com.

Dated: _____, 2018

**<u>Exhibit 2</u>**

**Proof of Claim Form**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

**Fill in this information to identify the case (Select only one Debtor per claim form). / Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación).**

| | | |
|---|---|---|
| ☐ Commonwealth of Puerto Rico<br>El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date:<br>May 3, 2017 |
| ☐ Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date:<br>May 5, 2017 |
| ☐ Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date:<br>May 21, 2017 |
| ☐ Employees Retirement System of the Government of the Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date:<br>May 21, 2017 |
| ☐ Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date:<br>July 2, 2017 |

Debtor [DebtorName] has listed your claim in their Creditor List in Schedule [CreditorList] as a [CUD] claim in an $[ScheduleAmount] amount. You must timely file a proof of claim or be forever barred from participating or sharing in any distribution or being treated as a claim for purposes of voting or distribution.

El deudor [DebtorName] ha listado su reclamación en la lista de acreedores en el Schedule [CreditorList] como un reclamo [CUD] por un monto de $ [ScheduleAmount]. Debe presentar una prueba de reclamación oportunamente o se le prohiba por siempre participar o compartir en cualquier distribución o ser tratado como un reclamo para fines de votación o distribución.

## Modified Official Form 410 / Formulario Oficial 410 Modificado

# Proof of Claim / Evidencia de reclamación

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.

Quienes presenten la documentación deben omitir o editar información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. **No adjunte documentos originales,** ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

Fill in all the information about the claim as of the Petition Date.

Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.

| Part 1 / Parte 1 | Identify the Claim / Identificar la reclamación |
|---|---|

1. **Who is the current creditor?**

   **¿Quién es el acreedor actual?**

   _____
   Name of the current creditor (the person or entity to be paid for this claim)
   Nombre al acreedor actual (la persona o la entidad a la que se le pagará la reclamación)

   Other names the creditor used with the debtor _____
   Otros nombres que el acreedor usó con el deudor _____

| | |
|---|---|
| **2. Has this claim been acquired from someone else?**<br><br>**¿Esta reclamación se ha adquirido de otra persona?** | ☐ No / No<br>☐ Yes. From whom?<br>Sí. ¿De quién? _____ |

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**¿A dónde deberían enviarse las notificaciones al acreedor?**

Norma federal del procedimiento de quiebra (FRBP, por sus siglas en inglés) 2002(g

| Where should notices to the creditor be sent?<br>¿A dónde deberían enviarse las notificaciones al acreedor? | Where should payments to the creditor be sent? (if different)<br>¿A dónde deberían enviarse los pagos al acreedor? (En caso de que sea diferente) |
|---|---|
| _____<br>Name / Nombre | _____<br>Name / Nombre |
| _____<br>Number / Número    Street / Calle | _____<br>Number / Número    Street / Calle |
| _____<br>City / Ciudad    State / Estado    ZIP Code / Código postal | _____<br>City / Ciudad    State / Estado    ZIP Code / Código postal |
| _____<br>Contact phone / Teléfono de contacto | _____<br>Contact phone / Teléfono de contacto |
| _____<br>Contact email / Correo electrónico de contacto | _____<br>Contact email / Correo electrónico de contacto |

| | |
|---|---|
| **4. Does this claim amend one already filed?**<br><br>**¿Esta reclamación es una enmienda de otra presentada anteriormente?** | ☐ No / No<br>☐ Yes.  Claim number on court claims registry (if known)<br>Sí.  Número de reclamación en el registro de reclamaciones judiciales (en caso de saberlo)_____<br>Filed on / Presentada el _____(MM /DD/YYYY) / (DD/MM/AAAA) |
| **5. Do you know if anyone else has filed a proof of claim for this claim?**<br><br>**¿Sabe si alguien más presentó una evidencia de reclamación para esta reclamación?** | ☐ No / No<br>☐ Yes. Who made the earlier filing?<br>Sí. ¿Quién hizo la reclamación anterior?_____ |

**Part 2 / Parte 2:** **Give Information About the Claim as of the Petition Date**

**Complete toda la información acerca de la reclamación desde la fecha en la que se presentó el caso.**

| | |
|---|---|
| **6. Do you have a claim against a specific agency or department of the Commonwealth of Puerto Rico?**<br><br>**¿Tiene una reclamación en contra de algún organismo o departamento específico del Estado Libre Asociado de Puerto Rico?** | ☐ No / No<br>☐ Yes.  Identify the agency or department and contact name. (A list of Commonwealth of Puerto Rico agencies and departments is available at: https://cases.primeclerk.com/puertorico/.)<br>Sí.  Identifique el organismo o departamento y nombre del representante. (Una lista de agencias y departamentos del Estado Libre Asociado de Puerto Rico está disponible en: https://cases.primeclerk.com/puertorico/).<br><br>_____ |
| **7. Do you supply goods and / or services to the government?**<br><br>**¿Proporciona bienes y / o servicios al gobierno?** | ☐ No / No<br>☐ Yes. Provide the additional information set forth below / Sí. Proporcionar la información adicional establecida a continuación:<br><br>Vendor / Contract Number \| Número de proveedor / contrato: _____<br><br>List any amounts due after the Petition Date (listed above) but before June 30, 2017:<br>Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017  $ _____ |

| | |
|---|---|
| **8.  How much is the claim?** | $_____. **Does this amount include interest or other charges?** |
| **¿Cuál es el importe de la reclamación?** | **¿Este importe incluye intereses u otros cargos?** |
| | ❑ No / No |
| | ❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| | Sí. Adjunte un balance con intereses detallados, honorarios, gastos u otros cargos exigidos por la Norma de Quiebras 3001(c)(2)(A). |

| | |
|---|---|
| **9.  What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information. |
| **¿Cuál es el fundamento de la reclamación?** | Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica. |
| | _____ |

| | |
|---|---|
| **10.  Is all or part of the claim secured?** | ❑ No / No |
| | ❑ Yes. The claim is secured by a lien on property. |
| **¿La reclamación está garantizada de manera total o parcial?** | Sí. La reclamación está garantizada por un derecho de retención sobre un bien. |
| | **Nature of property / Naturaleza del bien:** |
| | ❑ Motor vehicle / Vehículos |
| | ❑ Other. Describe: |
| | Otro. Describir: _____ |
| | **Basis for perfection / Fundamento de la realización de pasos adicionales:** _____ |
| | _____ |
| | Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.) |
| | Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención. |
| | **Value of property / Valor del bien:**        $_____ |
| | **Amount of the claim that is secured /** |
| | **Importe de la reclamación que está garantizado:** $_____ |
| | **Amount of the claim that is unsecured /** |
| | **Importe de la reclamación que no está garantizado:** $_____ |
| | (The sum of the secured and unsecured amounts should match the amount in line 7.) |
| | (La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.) |
| | **Amount necessary to cure any default as of the Petition Date /** |
| | **Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso :** $_____ |
| | _____ |
| | **Annual Interest Rate** (on the Petition Date) |
| | **Tasa de interés anual** (cuando se presentó el caso)_____% |
| | ❑ Fixed / Fija |
| | ❑ Variable / Variable |

| | |
|---|---|
| **11.  Is this claim based on a lease?** | ❑ No / No |
| | ❑ Yes. **Amount necessary to cure any default as of the Petition Date.** |
| **¿Esta reclamación está basada en un arrendamiento?** | Sí. Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso$ _____ |

| | |
|---|---|
| **12. Is this claim subject to a right of setoff?**<br><br>**¿La reclamación está sujeta a un derecho de compensación?** | ☐ No / No<br><br>☐ Yes. Identify the property /<br>  Sí. Identifique el bien: _____ |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**<br><br>**¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b)(9) del U.S.C.?** | ☐ No / No<br><br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the Petition Date in these Title III case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.**     $_____<br><br>Sí. **Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 días anteriores a la fecha de inicio en estos casos del Título III, en el que los bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación.** |

---

## Part 3 / Parte 3:

### Sign Below / Firmar a continuación

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**La persona que complete esta evidencia de reclamación debe firmar e indicar la fecha. FRBP 9011(b).**<br><br>Si presenta esta reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma. | *Check the appropriate box / Marque la casilla correspondiente:*<br><br>☐ I am the creditor. / Soy el acreedor.<br><br>☐ I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor.<br><br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. / Soy el síndico, el deudor o su agente autorizado. Norma de quiebra 3004.<br><br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor. Norma de quiebra 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera como un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.<br><br>I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto.<br><br>Executed on date / Ejecutado el _____(MM/DD/YYYY) / (DD/MM/AAAA)<br><br>Signature / Firma_____<br><br>**Print the name of the person who is completing and signing this claim / Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:**<br><br>Name _____<br><br>Title / Cargo _____<br>Identify the corporate servicer as the company if the authorized agent is a servicer.<br>Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador.<br><br>Address / Dirección _____<br>City / Ciudad _____ State / Estado _____ ZIP Code / Código postal _____<br><br>Contact phone / Teléfono de contacto_____ Email / Correo electrónico_____ |

# Instructions for Proof of Claim

United States Bankruptcy Court                                                              12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

## How to fill out this form

- **Fill in all of the information about the claim as of the petition date.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or contact the Claims and Noticing Agent at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), or by email at puertoricoinfo@primeclerk.com. You may view a list of filed claims in the Title III cases by visiting the Claims and Noticing Agent's website at https://cases.primeclerk.com/puertorico.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. § 503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the petition date, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the petition date. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy or confidential information. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

---

**Do not file these instructions with your form**

---

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4708
New York, NY 10163-4708

**If by overnight courier or hand delivery:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk, LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

# Instrucciones para la Evidencia de reclamación

Tribunal de Quiebras de los Estados Unidos                                      12/15

**Estas instrucciones y definiciones explican la ley de forma general. En ciertas circunstancias, tales como casos de quiebra que los deudores no presentan de forma voluntaria, se pueden aplicar excepciones a estas normas generales. Debe considerar la posibilidad de obtener el asesoramiento de un abogado, en especial si no conoce el proceso de quiebra y las reglamentaciones de privacidad.**

## Cómo completar este formulario

- **Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.**

- **Complete el título en la parte superior del formulario.**

- **Si la reclamación se ha adquirido de otra persona, indique la identidad de la última parte** que fue propietaria de la reclamación o fue titular de la reclamación y que la transfirió a usted antes de que se presente la reclamación inicial.

- **Adjunte cualquier documento de respaldo a este formulario.**
  Adjunte copias editadas de cualquier documento que demuestre que la deuda existe, que un gravamen garantiza la deuda, o ambos. (Ver la definición de *edición* en la siguiente página).

  También adjunte copias editadas de cualquier documento que demuestre el perfeccionamiento de un derecho de garantía o cualquier cesión o transferencia de la deuda. Además de los documentos, puede agregarse un resumen. Norma federal del procedimiento de quiebra (denominada "Norma de quiebra") 3001(c) y (d).

- **No adjunte documentos originales, ya que es posible que los documentos adjuntos se destruyan luego de examinarlos.**

- **Si la reclamación se basa en la prestación de bienes o servicios de atención médica, no divulgue información de atención médica confidencial. Omita o edite la información confidencial tanto en la reclamación como en los documentos adjuntos.**

- **El formulario de *Evidencia de reclamación* y los documentos adjuntos solo deben mostrar los últimos 4 dígitos de un número de seguridad social, el número de identificación tributaria de una persona o un número de cuenta financiera, y solo el año de la fecha de nacimiento de una persona.** Ver la Norma de quiebra 9037.

- **En el caso de un menor, complete solamente las iniciales del menor y el nombre completo y la dirección del padre o madre o el tutor del menor.** Por ejemplo, escriba *A.B., un menor* (*John Doe, padre, calle 123, ciudad, estado*). Ver la Norma de quiebra 9037.

## Confirmación de que se ha presentado la reclamación

Para recibir una confirmación de que se ha presentado la reclamación, puede adjuntar un sobre autodirigido y estampillado y una copia de este formulario o comunicarse con el representante de reclamaciones y notificaciones al (844) 822-9231 (número gratuito para EE. UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), o por correo electrónico a puertoricoinfo@primeclerk.com. Para ver una lista de las reclamaciones presentadas en los casos del Título III, visite el sitio web del representante de reclamaciones y notificaciones en https://cases.primeclerk.com/puertorico.

## Comprenda los términos utilizados en este formulario

**Gastos administrativos:** En términos generales, gastos que se generan luego de presentar un caso de quiebra en relación con el manejo, la liquidación o la distribución del patrimonio de la quiebra.
Título 11 § 503 del Código de los Estados Unidos (U.S.C.).

**Reclamación:** El derecho de un acreedor a recibir un pago por una deuda del deudor a la fecha en la que el deudor solicitó la quiebra. Título 11 §101 (5) del U.S.C. Una reclamación puede estar garantizada o no garantizada.

**Reclamación de conformidad con el Título 11 § 503(b)(9) del U.S.C.:** Una reclamación que surge del valor de cualquier bien recibido por el Deudor dentro de los 20 días anteriores a la fecha en la que se presentó el caso , en el que los bienes se han vendido al Deudor en el transcurso normal de los negocios del Deudor. Adjunte la documentación que respalde dicha reclamación.

**Acreedor:** Una persona, una sociedad anónima u otra entidad con la que el deudor tiene una deuda que se contrajo en la fecha en la que el deudor solicitó la quiebra o con anterioridad. Título 11 § 101 (10) del U.S.C.

**Deudor:** Una persona, una sociedad anónima u otra entidad que está en quiebra. Utilice el nombre del deudor y el número de caso tal como se muestran en el aviso de quiebra que recibió. Título 11 § 101 (13) del U.S.C.

**Prueba de pasos adicionales:** La prueba de la realización de pasos adicionales para hacer valer un derecho de garantía puede incluir documentos que demuestren que se ha presentado o registrado un derecho de garantía, tal como una hipoteca, un derecho de retención, un certificado de propiedad o una declaración de financiamiento.

**Información que debe mantenerse en privado:** El formulario de *Evidencia de reclamación* y los documentos adjuntos solo deben mostrar los últimos 4 dígitos de un número de seguridad social, el número de identificación tributaria de una persona o un número de cuenta financiera, y solo las iniciales del nombre de un menor y el año de la fecha de nacimiento de una persona. Si una reclamación se basa en la prestación de bienes o servicios de atención médica, limite la divulgación de los bienes o servicios a fin de evitar la incomodidad o la divulgación de información de atención médica confidencial. Es posible que, más adelante, se le solicite que brinde más información si el síndico u otra persona de interés se opone a la reclamación.

**Evidencia de reclamación:** Un formulario que detalla el monto de la deuda que el deudor mantiene con un acreedor a la fecha de la presentación. El formulario debe ser presentado en el distrito donde el caso se encuentra pendiente de resolución.

**Edición de información:** Ocultamiento, corrección, o eliminación de cierta información para proteger la privacidad o la información confidencial. Quienes presenten la documentación deben editar u omitir información sujeta a **privacidad** en el formulario de *Evidencia de reclamación* y en cualquier documento adjunto.

**Reclamación garantizada en virtud del Título 11 § 506(a) del U.S.C.:** Una reclamación respaldada por un derecho de retención sobre un bien en particular del deudor. Una reclamación está garantizada en la medida que un acreedor tenga el derecho a recibir un pago proveniente del bien antes de que se les pague a otros acreedores. El monto de una reclamación garantizada generalmente no puede ser mayor que el valor del bien en particular sobre el cual el acreedor mantiene un derecho de retención. Cualquier monto adeudado a un acreedor que sea mayor que el valor del bien generalmente se lo considera una reclamación no garantizada. Sin embargo, existen excepciones; por ejemplo, el Título 11 § 1322(b) del U.S.C., y la oración final de § 1325(a).

Algunos ejemplos de derechos de retención sobre bienes incluyen una hipoteca sobre un inmueble o un derecho de garantía sobre un automóvil. Un derecho de retención puede ser otorgado de manera voluntaria por un deudor o puede obtenerse a través de un procedimiento judicial. En algunos estados, una resolución judicial puede ser un derecho de retención.

**Compensación:** Ocurre cuando un acreedor se paga a sí mismo con dinero que pertenece al deudor y que mantiene en su poder, o cuando el acreedor cancela una deuda que mantiene con el deudor.

**Reclamación no garantizada:** Una reclamación que no cumple con los requisitos de una reclamación garantizada. Una reclamación puede no estar garantizada en parte en la medida que el monto de la reclamación sea mayor que el valor del bien sobre la cual un acreedor tiene un derecho de retención.

## Ofrecimiento de compra de una reclamación

Algunas entidades compran reclamaciones por un monto menor que su valor nominal. Estas entidades pueden contactar a acreedores para ofrecerles la compra de sus reclamaciones. Algunas comunicaciones por escrito de estas entidades pueden confundirse fácilmente con documentación judicial oficial o con comunicaciones del deudor. Estas entidades no representan al tribunal de quiebras, al síndico de la quiebra, ni al deudor. Un acreedor no tiene obligación alguna de vender su reclamación. Sin embargo, si decide hacerlo, cualquier transferencia de esa reclamación está sujeta a la Norma de Quiebras 3001(e), a las correspondientes disposiciones del Código de Quiebras (Título 11 § 101 y subsiguientes del U.S.C.) y a cualquier resolución del tribunal de quiebras que corresponda al caso.

## Envíe la(s) Evidencia(s) de reclamación completa(s) a:

**Si por correo de primera clase:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4708
New York, NY 10163-4708

**Si por el mensajero de una noche o la entrega de mensajero a mano:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk, LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

> ### No presente estas instrucciones con su formulario

## <u>Exhibit 3</u>

**PREPA Customer Bar Date Notice**

# IMPORTANT LEGAL NOTICE

## TO ALL CUSTOMERS OF THE
## PUERTO RICO ELECTRIC POWER AUTHORITY

On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") filed a voluntary petition for the Puerto Rico Electric Power Authority ("PREPA") under Title III of the *Puerto Rico Oversight, Management, and Economic Stability Act* (the "Title III Case"). The United States District Court for the District of Puerto Rico entered an order establishing a deadline for PREPA's creditors to file proofs of claim against PREPA in this Title III Case (the "Bar Date Order").

Pursuant to the Bar Date Order, PREPA customers **are not** required to file proofs of claim against PREPA in connection with the disposition of their deposits and/or any individual billing or service disputes. However, to the extent you believe you are a creditor of PREPA for **any other reason**, you must file a proof of claim against PREPA by **4:00 p.m. (Atlantic Standard Time) on May 29, 2018**.

All documents filed in the Title III Case, including the Bar Date Order and the Proof of Claim Form, are available, free of charge, by accessing the website maintained by Epiq Bankruptcy Solutions, LLC ("Epiq") at http://dm.epiq11.com/PREPA.

If you require additional information regarding this Notice, you may contact Epiq at (888) 697-8557 (toll free for U.S. and Puerto Rico) or (503) 520-4450 (for international callers), available 9:00 a.m. to 9:00 p.m. (Atlantic Standard Time) (Spanish available).

# AVISO LEGAL IMPORTANTE

## PARA TODOS LOS CLIENTES DE LA
## AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO RICO

El 2 de julio de 2017, la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") presentó una solicitud voluntaria para la Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") en virtud del Título III de la Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico (*Puerto Rico Oversight, Management, and Economic Stability Act*) (el "Caso en virtud del Título III"). El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico emitió una resolución que establece un plazo para que los acreedores de PREPA presenten las solicitudes de reconocimiento de crédito contra PREPA en este Caso en virtud del Título III (la "Orden de fechas límites").

De acuerdo con la Orden de fechas límites, **no** se les exige a los clientes de PREPA presentar solicitudes de reconocimiento de créditos contra PREPA en relación con la disposición de sus depósitos o con disputas individuales de servicio o facturación. Sin embargo, en la medida que considere ser un acreedor de PREPA por **cualquier otra razón**, debe presentar una solicitud de reconocimiento de créditos contra PREPA a más tardar a las **4:00 p. m. (hora estándar del Atlántico) del 29 de mayo de 2018.**

Todos los documentos presentados en el Caso en virtud del Título III, incluida la Orden de fechas límites y el Formulario de solicitud de reconocimiento de créditos, están disponibles, de manera gratuita, en el sitio web que mantiene Epiq Bankruptcy Solutions, LLC ("Epiq") en http://dm.epiq11.com/PREPA.

Si necesita información adicional respecto de este Aviso, puede comunicarse con Epiq al (888) 697-8557 (número gratuito para los EE. UU. y Puerto Rico) o al (503) 520-4450 (para llamadas internacionales), de 9:00 a. m. a 9:00 p. m. (hora estándar del Atlántico) (disponible en español).

2

## **Exhibit 4**

**Special Notice to Pension, Compensation, and CBA Claimants**

# IMPORTANT LEGAL NOTICE TO PENSION, RETIREE, AND EMPLOYEE CLAIMANTS

The United States District Court for the District of Puerto Rico entered an order (the "Bar Date Order") establishing a deadline for creditors to assert claims against any of the following title III debtors: (i) the Commonwealth of Puerto Rico; (ii) the Employees Retirement System of the Government of the Commonwealth of Puerto Rico; (iii) the Puerto Rico Highways and Transportation Authority; (iv) the Puerto Rico Sales Tax Financing Corporation; and (v) the Puerto Rico Electric Power Authority.

Pursuant to the Bar Date Order, you **are not** required to file a proof of claim with respect to any claims you have for accrued pensions and any and all other post-retirement benefits due to you ("Pension Benefits"). However, to the extent you have a claim that is not for Pension Benefits against any of the Title III Debtors listed above, then you should file a proof of claim with respect to such claim on or before **4:00 p.m. (Atlantic Standard Time) on May 29, 2018** to avoid disallowance of such claim.

In addition, as an employee, furloughed employee, or former employee you are not required to file a proof of claim for any for compensation and employment benefits, including, without limitation, wages, salaries, employee medical benefits and/or insurance benefits, or worker's compensation claims, **but must** file claims asserted or to be asserted in any lawsuit or administrative proceeding based on tort or non-employment-related common law, statutory law, or regulations, even where such claims assert as damages an entitlement to wages, salaries, employee medical benefits and/or insurance benefits;

Finally, you **are not** required to file a claim limited to obligations due under a collective bargaining agreement, including but not limited to grievances, or claims arising from current or former employment relationship with the Commonwealth; **however**, if you assert a claim for one or more grievances that have been resolved and liquidated by settlement or arbitration award as of February 28, 2018, you **must** file a claim.

All documents filed in the Title III Cases, including the Bar Date Order and the Proof of Claim Form, are available, free of charge, by accessing the website https://cases.primeclerk.com/puertorico/. Additional information for retirees is available at www.porturetiro.com.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

[Spanish Translation To Be Provided]

## Exhibit B

**Redline**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------------x

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>       Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**RE:  ECF No. \_\_\_\_\_** |

-------------------------------------------------------------------x

## ORDER (A) ESTABLISHING
## DEADLINES AND PROCEDURES FOR FILING PROOFS OF CLAIM
## AND (B) APPROVING FORM AND MANNER OF NOTICE THEREOF

Upon the Debtors' *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof*, dated January 16, 2018 (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]   Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

of the Motion and the relief requested therein under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard the statements of counsel in support of the Motion at a hearing held before the Court (the "<u>Hearing</u>"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been resolved as set forth herein, or withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      The Bar Date Notice, substantially in the form annexed hereto as **<u>Exhibit 1-A</u>**, the Reminder Notice, substantially in the form annexed hereto as **<u>Exhibit 1-B</u>**, the Proof of Claim Form, substantially in the form annexed hereto as **<u>Exhibit 2</u>**, the PREPA Customer Bar Date Notice, substantially in the form annexed hereto as **<u>Exhibit 3</u>**, the Special Notice to Pension, Retiree, and Employee Claimants, substantially in the form annexed hereto as **<u>Exhibit 4</u>**, are approved.

3.      The following Bar Dates are hereby established:[3]

      a.   **<u>General Bar Date</u>**: **4:00 p.m. (Atlantic Standard Time) on May 29, 2018**, is the deadline (the "<u>General Bar Date</u>") for filing proofs of claim (as defined in Bankruptcy Code section 101(5)), against the Debtors on account of (i) claims arising, or deemed to have arisen, prior to the respective commencement dates for their Title III Cases, including, for the avoidance of doubt, bond claims and claims arising under Bankruptcy Code section 503(b)(9), and (ii) claims asserted by governmental units (as defined in Bankruptcy Code section 101(27));

      b.   **<u>Rejection Bar Date</u>**:  Except as otherwise set forth in any order authorizing the rejection of an executory contract or unexpired lease, **4:00 p.m. (Atlantic Standard Time) on the date that is the later of (i) the General Bar Date**

---

[3]   For the avoidance of doubt, this Order will only apply to Title III debtors listed in footnote 1 of this Order, and will not apply to any entity that may commence a Title III case following the entry of this Order.

2

and (ii) **the first business day that is thirty-five (35) calendar days after
the entry of an order by the Court authorizing such rejection** is the
deadline for a party to any such rejected executory contract or unexpired lease
to file proofs of claim relating to the rejection of such contract or lease (the
"Rejection Bar Date," and together with the General Bar Date, the "Bar
Dates"); and

c. **Bar Date if Creditor List is Amended or Supplemented**:  If, after the Bar
Date Notice is served, any Debtor (a) amends its respective Creditor List to
reduce a claim and/or to change the classification, nature or characterization
of a claim, or (b) supplements its respective Creditor List, such Debtor shall
give notice of any amendment or supplement to the holders of claims reduced
or changed thereby, and advise such holders they shall each have until the
**later of (i) the General Bar Date and (ii) thirty-five (35) days from the
date of such notice** to file a proof of claim, or an amended proof of claim, if
applicable, or be barred from so doing.

4.    Persons Required to File Proofs of Claim by the Applicable Bar Dates.  Except as
set forth below, the Bar Dates apply to each person or entity (including, without limitation, each
individual, partnership, joint venture, limited liability company, corporation, estate, trust, or
governmental unit) asserting a claim against one or more of the Debtors.

5.    The following persons and entities are permitted and authorized, but are not
required, to file Master Proofs of Claim; provided, however, that individual holders of any claim
for which a Master Proof of Claim may be filed shall not be precluded from filing a proof of
claim on account of their claims and interests:

a. Bond Claims.[4]  The indenture trustees, fiscal agents, or any similar agent or
nominee (each a "Bond Representative") for each respective series of bonds
issued by a Debtor or non-debtor (to the extent such Bond Representative
exists)[45] may file a master proof of claim (each, a "Bond Debt Master Proof of
Claim") against the applicable Debtor[5] on behalf of themselves and all holders

---

[4]   For the avoidance of doubt, a Bond Representative may file one Bond Debt Master Proof of Claim on behalf of
all series of bonds issued by the same issuer (regardless of whether such issuer is a Debtor or non-debtor) under
the issuer's respective Bond Documents, including multiple series of bonds by the same issuer under different
Bond Documents, provided such series of bonds have the same priority.

[45]   To the extent the Debtors become aware of any series of bonds issued by any of the Debtors that do not have
Bond Representative, the Debtors may propose supplemental procedures regarding filing proofs of claim and
related deadlines that would be applicable to holders of such bonds.

[5]   For the avoidance of doubt, such Bond Representative may file one master proof of claim on behalf of all series
of bonds issued under the same trust agreement or similar document, provided such series of bonds assert the
same priority.

of bond claims for the respective series of bonds for obligations arising under the respective trust agreements, resolutions, or similar bond document. (the "Bond Documents").[6]

b. <u>Union Claims</u>.  Each union may file a separate master proof of claim on behalf of its respective constituents (each, a "<u>Union Master Proof of Claim</u>") against the applicable Debtor on account of all obligations due under their respective collective bargaining agreements or applicable statutes, except with respect to a Resolved Grievance (as defined below).

c. <u>Credit Agreement Claims</u>.  Each agent under any credit agreement may file a separate master proof of claim (each, a "<u>Credit Agreement Master Proof of Claim</u>") against the applicable Debtor on behalf of itself and all lenders under such credit agreement.

6. <u>Persons NOT Required to File Proofs of Claim by the Applicable Bar Dates</u>.  The following persons and entities are **not** required to file a proof of claim on or before the applicable Bar Dates:

a. <u>Allowed Claims</u>:  Any person or entity whose claim was previously allowed by an order of this Court entered on or before the applicable Bar Date;

b. <u>Paid Claims</u>:  Any person or entity whose claim was paid in full by a Debtor, including claims paid by a Debtor after the commencement date of its respective Title III Case;

c. <u>Proofs of Claim Already Filed</u>:  Any person or entity who already properly filed a proof of claim, which substantially conforms to the Proof of Claim Form, in these Title III Cases with the Court or the Debtors' claims and noticing agent;

d. <u>Claims Properly Listed and Categorized on Creditor Lists</u>:  Any person or entity whose claim is listed on one of the Creditor Lists and (i) the claim is not listed as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount and nature of the claim as set forth on the applicable Creditor List, and (iii) the person or entity does not dispute that the claim is an obligation of the subject Debtor;

e. <u>PREPA Customers</u>:  Customers of PREPA in connection with the disposition of their deposits or any individual billing or service disputes ("<u>PREPA Customer Claim</u>"); provided, however, that any such holder

---

[6]  AAFAF has agreed that U.S. Bank National Association and/or U.S. Bank Trust National Association, as fiscal agent for certain bonds issued by the Public Buildings Authority ("PBA"), may file a Bond Master Proof of Claim for such bonds issued by PBA.

must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs 6(a) through (~~no~~) of this Order by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

f.   <u>Pension Claims</u>:   ~~Any~~<u>With respect to pension benefits and any and all other post-retirement benefits, any</u> retiree, active employee, and former employee <u>of a Title III Debtor, or any person who is or was a participant in a pension plan administered by a Title III Debtor,</u> and any beneficiary of <u>any</u> the foregoing persons ~~for accrued pensions and any and all other post-retirement benefits due as a result of such person's employment by or being a beneficiary of a Title III Debtor~~ ("<u>Pension Claims</u>"); <u>provided, however</u>, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs 6(a) through (~~no~~) of this Order by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

g.   <u>Union or Non-Union Employee Claims</u>:   Any union-represented or non-union represented employee, furloughed employee, or former employee for compensation and employment benefits, including, without limitation, wages, salaries, employee medical benefits and/or insurance benefits or workers' compensation claims ("<u>Compensation Claims</u>"); <u>provided</u>, <u>however</u>, that Compensation Claims shall not include claims asserted or to be asserted in any lawsuit or administrative proceeding based on tort or non-employment-related ~~to~~ common law, statutory law, or regulation even where such claims assert as damages an entitlement to wages, salaries, employee medical benefits and/or insurance benefits;

h.   <u>Individual Union Members' Claims</u>:   Any person or entity that holds a claim limited to obligations due under their respective collective bargaining agreements, including, but not limited to, grievances, or claims arising from their current or former employment relationship with the Commonwealth ("<u>CBA Claims</u>"); <u>provided</u>, <u>however</u>, that any such holder must assert (I) a claim not otherwise excepted from filing a proof of claim by Paragraphs 6(a) through (~~no~~) of this Order, or (II) a claim for a grievance that has been resolved and liquidated by settlement or arbitration award as of the ~~April 30,~~<u>February 28,</u> 2018 (such claim, a "<u>Resolved Grievance</u>"), by filing a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

i.   <u>Individual Bondholder Claims Arising From Bonds That Do Not Have an Indenture Trustee, Fiscal Agent, or Similar Agent or Nominee</u>: Any person or entity that holds a claim that is limited to the repayment of principal, interest and such other amounts that may arise under the respective trust agreement or bond document that does not provide for an indenture trustee, fiscal agent, or similar agent or nominee that could file a

Master Proof of Claim (which includes, for the avoidance of doubt, holders of GO Bonds (as defined below)); provided, however, that, any such holder (i) that asserts that the repayment of any such claim is secured by any assets of the Debtor or (ii) that asserts must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs 6(a) through (no) of this Order, must file by filing a proof of claim with respect to such other claim on or before the General Bar Date asserting such collateralization and/or other claim to avoid disallowance of such other claim;

j.      Individual Bondholder Claims Covered by Timely Filed Bond Master Proof of Claim: Any person or entity that holds a claim that is limited to the repayment of principal, interest and other fees and expenses, to the extent the relevant Bond Representative files a Bond Debt Master Proof of Claim against the relevant Debtor on or before the General Bar Date on account of all bond claims against the relevant Debtor under the respective trust agreement or bond document; provided, however, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs 6(a) through (no) of this Order by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

k.      Individual Credit Agreement Lender Claims:  Any person or entity that holds a claim that is limited to the repayment of principal, interest and other fees and expenses, to the extent the relevant agent, if such agent exists, files a Credit Agreement Master Proof of Claim against the relevant Debtor on or before the General Bar Date on account of all lender claims against the relevant Debtor under the respective credit agreement; provided, however, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs 6(a) through (no) of this Order by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

l.      Inter-Governmental Claims:  (i) Any municipality, department, or agency of the Commonwealth that is not a Debtor or "covered territorial instrumentality" (as defined in PROMESA) asserting a claim against a Debtor in an amount less than $200 million, or (ii) any Debtor or "covered territorial instrumentality".  For the avoidance of doubt, any entity described in the foregoing clause (i) asserting a claim against a Debtor equal to or greater than $200 million must file a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

m.      l. Administrative Expenses:  Any holder of a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an administrative expense (**other** than a claim under Bankruptcy Code section 503(b)(9));

6

n.    ~~m.~~ Proofs of Claim with Separate Deadlines:  Any holder of a claim for which a separate deadline is or has been fixed by this Court; and

o.    ~~n.~~ Professionals' Administrative Claims:   Professionals who assert administrative claims for fees and expenses subject to the Court's approval pursuant to PROMESA section 316.

7.    Bond Insurer Proofs of Claims.  For the avoidance of doubt, insurers with respect to any series of bonds issued by the Debtors under trust agreements, indentures or resolutions (including, without limitation, those listed in the Creditor Lists) (the "Bond Insurers"), must, to the extent the filing of such claim is not otherwise made unnecessary by the terms of the foregoing Paragraph 6 of this Order, file a proof of claim with respect to any claims arising under the relevant bond insurance policies on or before the General Bar Date to avoid disallowance of such claims~~; provided, that, to~~, subject to such Bond Insurer's rights under Bankruptcy Rule 3005, if any, all of which rights are expressly reserved.  To the extent that any Bond Insurer makes a payment with respect to any series of bonds for obligations under the ~~respective trust agreements or bond documents~~relevant Bond Documents, the Bond Insurer's proof of claim shall be deemed (to the extent appropriate under the relevant Bond Documents) to supersede that portion of any proof of claim filed by ~~any~~the relevant ~~indenture trustee, fiscal agent, or similar agent or nominee as~~Bond Representative for to such series of ~~bond,~~bonds, solely to the extent of such payment and resulting subrogation to the rights of the holders of such bonds; provided, however, such claims shall not supersede or otherwise affect any other aspects of the Bond Representative's relevant proof of claim (including without limitation any mechanics of the relevant Bond Documents relating to distribution or otherwise); provided, further, that nothing in this Order shall affect the right of any party in interest to file objections to a Bond Insurer's claim based on sections 502 and/or 509 of the Bankruptcy Code.

7

8.     To the extent duplicate claims are filed under the foregoing provisions or otherwise, the Debtors' representative may file objections thereto.  Any disallowance of claims (including, without limitation, duplicate claims) shall be made in accordance with, and to the extent provided for under, applicable law without giving effect to the entry of this Order (other than the form, timing, manner of filing, and other procedural requirements for filing proofs of claim set forth herein).  To the extent Master Proofs of Claims are filed, the Debtors and any party in interest that has standing to object to such Master Proof of Claim shall be required to serve objections, if any, to such Master Proofs of Claims only on the persons and entities that filed such Master Proof of Claims, and not the holder of each claim purported to be covered by such Master Proof of Claim.

9.     Any creditor (other than a holder of a Claim identified in Paragraph 6 of this Order) who desires to participate or share in any distribution in the Title III Cases and whose claim (i) is not listed on one of the Creditor Lists, or (ii) is listed on one of the Creditor Lists as "disputed," "contingent," or "unliquidated," to avoid disallowance, must file a proof of claim on or before the applicable Bar Date for such claim.  Additionally, any creditor (other than a holder of a Claim identified in Paragraph 6 of this Order) (x) whose claim is listed on one of the Creditor Lists, (y) believes the classification and/or amount of the claim is incorrect, and/or (z) desires to have its claim allowed in a classification and/or amount other than as set forth on the applicable Creditor List(s), must file a proof of claim on or before the applicable Bar Date for such claim.

10.     All entities asserting proofs of claim against more than one Debtor are required to file a separate proof of claim with respect to each such Debtor and identify on each proof of claim the particular Debtor (and to the extent reasonably ascertainable, the Commonwealth

department or agency, if applicable, for claims asserted against the Commonwealth) against which their claim is asserted.

11.     All proofs of claim must (i) be written in English or Spanish; (ii) be denominated in lawful currency of the United States as of the relevant Title III Case commencement date; (iii) set forth with specificity the legal and factual basis for the asserted claim; (iv) include a copy of the supporting documentation (or, if such documentation is voluminous, a summary of such documentation must be attached) or an explanation as to why such documentation is not available, with such documentation, summary, or explanation being provided in English or Spanish; (v) include an original or electronic signature of the claimant or an authorized agent of the claimant; and (vi) substantially conform to the Proof of Claim Form approved by this Order if submitted using an alternative form. Any claimant that provides a summary in lieu of supporting documentation shall transmit the documents in support of its claim to Prime Clerk and the applicable Debtor within ten days after the date of any written request by the applicable Debtor for such documents, to the extent such documents are in the possession of the claimant. After the applicable Bar Dates, amendments to timely filed proofs of claim will only be allowed to the extent an amended claim is based on the same facts and circumstances as a timely filed claim, and then only if the amended claim was not reasonably ascertainable prior to thein accordance with applicable Bar Datelaw, or as otherwise ordered by the Court.

12.     **All proofs of claim shall be delivered to and received by Prime Clerk no later than 4:00 p.m. (Atlantic Standard Time) on the applicable Bar Date**.  If proofs of claim are delivered (i) by first class mail, they are to be delivered to Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, P.O. Box 4708, New York, NY 10163-4708; (ii) by overnight courier, they are to be delivered to Commonwealth of

Puerto Rico Claims Processing Center c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232; or (iii) by hand delivery, they are to be delivered to any of the following locations: (a) Commonwealth of Puerto Rico Claims Processing Center c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, (b) José V. Toledo Federal Building & US Courthouse, 300 Recinto Sur Street, San Juan, PR 00901, (c) MCS Building, Suite 222 A, 880 Tito Castro Avenue, Ponce, PR 00716-4732, or (d) Federico Degetau Federal Building and Clemente Ruiz Nazario U.S. Courthouse, 150 Carlos Chardón Street, San Juan, Puerto Rico, 00918-1767.   Alternatively, proofs of claim may be submitted electronically through the Debtors' case management site at the following address: https://cases.primeclerk.com/puertorico/EPOC-Index.   Prime Clerk **shall not** accept proofs of claim by facsimile, telecopy, or email; provided, however, they may be submitted through Prime Clerk's website (listed in the preceding sentence).

13.    Creditors asserting a claim against more than one Debtor must file separate proofs of claim against each such Debtor and must identify on the proof of claim the specific Debtor against which such claim is asserted and the case number of that Debtor's Title III case.

14.    Subject to paragraph 6 of this Order, any creditor who fails to file a proof of claim on or before the applicable Bar Date (subject to the acceptance of a proof of claim after the applicable Bar Date pursuant to an order of this Court), with respect to such claim:  (a) shall not be treated as a creditor of the Debtors for purposes of voting upon or receiving distributions under any plan of adjustment in these Title III Cases, and (b) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors or thereafter filing a proof of claim thereto in these Title III Cases (unless otherwise ordered by the Court), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to

such claim.  A holder of any such claim shall not be permitted to vote to accept or reject any plan of adjustment filed in these Title III Cases on account of such claim, participate in any distribution in these Title III Cases on account of such claim, or receive further notices with respect to these Title III Cases on account of such claim.  Moreover, any creditor that relies on the Creditor Lists bears responsibility for determining that its claim is accurately listed therein.

15.    Notwithstanding anything else herein and for the avoidance of doubt, the (i) classification and treatment of allowed claims ~~for principal and interest under~~relating to general obligation bonds issued or bonds guaranteed by the Commonwealth of Puerto Rico ("GO Bonds"), and distribution on account of the foregoing claims, pursuant to any Title III plan of adjustment for a Debtor, (ii) right for holders of GO Bonds to vote to accept or reject a plan of adjustment, and (iii) right to receive further notices with respect to these Title III Cases on account of such GO Bond claims, shall in each case not be affected by any provision of this Order, the form of Proof of Claim Form as approved under this Order, or by whether or not the holders of GO Bonds file or do not file proofs of claim.  For the avoidance of doubt, nothing in this Order shall be interpreted as preventing holders of GO Bonds from filing proofs of claim; provided, that the allowance or disallowance of any such proof of claim shall be treated in the same manner as other proofs of claim filed pursuant to this Order; provided, further, that nothing in this Order shall be interpreted as precluding any party in interest from filing objections to the amount, priority, security and/or allowance of any obligations arising with respect to GO Bonds regardless of whether proofs of claim are filed for such GO Bonds.

16.    The Debtors' proposed procedures for serving and publishing the Bar Date Notice and Reminder Notice comply with the requirements of PROMESA, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Local Bankruptcy Rules, made applicable in these

Title III Cases pursuant to the *Third Amended Notice, Case Management and Administrative Procedures* [Case No. 17-3283, Docket No. 1512-1], and are hereby approved.

17.     In accordance with Bankruptcy Rule 2002, the Debtors, through Prime Clerk or Epiq Bankruptcy Solutions, LLC ("Epiq"), as applicable, are authorized and directed to serve the Bar Date Notice and a Proof of Claim Form by first-class mail, postage prepaid, on or before February 26, 2018, upon:  (a) all parties listed on the Debtors' Creditors Lists; (b) the Office of the United States Trustee for the District of Puerto Rico; (c) the statutory committees appointed in these Title III Cases; (d) the Office of the United States Attorney for the District of Puerto Rico; (e) the Puerto Rico Department of Justice; (f) the Internal Revenue Service; (g) local taxing authorities; and (h) all parties filing a notice of appearance in these Title III Cases.

18.     ~~In accordance with Bankruptcy Rule 2002, the Debtors, through Prime Clerk, are authorized and directed to cause a copy of a notice, substantially in the form of the Bar Date Notice, to be published, on or before February 26, 2017, in (a) *El Nuevo Día* in Spanish (primary circulation is in Puerto Rico), (b) *Caribbean Business* in English (primary circulation is in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation is in New York and Miami, respectively), and (d) *The Bond Buyer*.~~  In accordance with Bankruptcy Rule 2002, the Debtors, through Prime Clerk, are authorized and directed to cause a copy of a notice, substantially in the form of the Bar Date Notice, to be published, on or before February 26, 2017, in (a) *El Nuevo Día* in Spanish (primary circulation is in Puerto Rico), (b) *Caribbean Business* in English (primary circulation is in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation is in New York and Miami, respectively), and (d) *The Bond Buyer.*

19.     ~~In accordance with Bankruptcy Rule 2002, the Debtors, through Prime Clerk, are authorized and directed to cause a copy of a reminder notice, substantially in the form of the~~

Reminder Notice, to be published, on or before April 27, 2017, in (a) *El Nuevo Día* in Spanish (primary circulation is in Puerto Rico), (b) *Caribbean Business* in English (primary circulation is in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation is in New York and Miami, respectively), and (d) *The Bond Buyer*. In accordance with Bankruptcy Rule 2002, the Debtors, through Prime Clerk, are authorized and directed to cause a copy of a reminder notice, substantially in the form of the Reminder Notice, to be published, on or before April 27, 2017, in (a) *El Nuevo Día* in Spanish (primary circulation is in Puerto Rico), (b) *Caribbean Business* in English (primary circulation is in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation is in New York and Miami, respectively), and (d) *The Bond Buyer*.

20.     The Debtors, through Prime Clerk, are authorized and directed to cause no less than twenty-eight radio advertisements, specifying the nature of the Title III cases, Bar Dates, and phone numbers, emails, or websites from which parties may obtain additional information regarding the Bar Dates, to be aired during the fourteen-day period preceding the Bar Date, on (a) WMEG FM (contemporary hit radio) in Spanish and (b) WKAQ AM (Spanish language talk radio) in Spanish.

21.     In addition to the Bar Date Notice and Proof of Claim Form, in accordance with Local Bankruptcy Rule 1007-1(f), for those persons or entities listed on one of the Creditor Lists as holding a claim classified as contingent, unliquidated, and/or disputed, the Debtors, through Prime Clerk, will serve each such creditor with a Proof of Claim Form that will include the contingent, unliquidated, and/or disputed status of such claim.

22.     <u>PREPA Customers</u>.  Notwithstanding the foregoing, in lieu of serving the Bar Date Notice on and providing the Proof of Claim Form to its customers, PREPA shall notify its

customers of the General Bar Date and the means by which a customer may file a proof of claim against PREPA, if applicable, by providing the PREPA Customer Bar Date Notice to its customers through the following:

    a. if customer bills are distributed on or before March 30, 2018, through distribution with customer bills as follows:

        i.  For those customers that receive hard-copies of their bills:

            1. PREPA shall cause the PREPA Customer Bar Date Notice to be printed and mailed with the monthly bill that will be distributed on or before March 30, 2018;

        ii.  For those customers that have previously requested to have their bills delivered electronically:

            1. PREPA shall cause the PREPA Customer Bar Date Notice to be served via electronic mail, on or before March 30, 2018, with the following subject line on the electronic mail: "Important Legal Information/Información Legal Importante;"

    b. if customer bills are <u>not</u> distributed on or before March 30, 2018, by first-class mail, postage prepaid, on or before April 6, 2018.

23.    <u>Notice to Pension Claimants</u>.  In addition to the Bar Date Notice and Proof of Claim Form, the Debtors, through Prime Clerk, are authorized and directed to serve the Special Notice to Pension, Retiree, and Employee Claimants attached hereto as **Exhibit 4** (the "<u>Pension, Retiree, and Employee Notice</u>") to all holders of Pension Claims, Compensation Claims, and CBA Claims.

24.    The Bar Date Notice, the Reminder Notice, the PREPA Customer Bar Date Notice, the Proof of Claim Form, the Pension, Retiree, and Employee Notice, and the Creditor Lists shall be posted and available for download, free-of-charge on the Debtors' case website, https://cases.primeclerk.com/puertorico/.  Further, the Bar Date Notice, the PREPA Customer Bar Date Notice, the Proof of Claim Form, and PREPA's Creditor List shall be posted and available for download, free-of-charge on PREPA's case website, http://dm.epiq11.com/PREPA.

In addition, the Bar Date Notice, the Reminder Notice, the PREPA Customer Bar Date Notice, the Pension, Retiree, and Employee Notice, and the Proof of Claim Form will be posted and available for download, free-of-charge, on the case website for the statutory creditors' committee appointed in the Title III cases, www.prcreditorscommittee.com or www.comitedeacreedoresdePR.com. The Bar Date Notice, the Reminder Notice, the Pension, Retiree, and Employee Notice, and the Proof of Claim Form will also be posted and available for download, free-of-charge, on the case website for the Retiree Committee, www.porturetiro.com.

25.     This Order is without prejudice to the rights, claims, objections, counterclaims, offsets, recoupments, and defenses of the Debtors with respect to any claim or duplicate claim filed against the Debtors, and nothing herein shall be deemed to allow or compel payment of any claim.

26.     Nothing herein is intended to, shall constitute, or shall be deemed to constitute the Debtors' or the Oversight Board's consent, pursuant to PROMESA section 305, to this Court's interference with (a) any of the political or governmental powers of the Debtors, (b) any of the property or revenues of the Debtors, or (c) the use or enjoyment of the Debtors of any income-producing property.

27.     Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

28.     The Debtors and the Oversight Board, as the Debtors' representative, have consented to the relief in this Order, and are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

29.     The Court retains exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation and enforcement of this Order.

Dated: _____, 2018          _____
                                        Honorable Laura Taylor Swain
                                        United States District Judge

**<u>Exhibit 1-A</u>**

**Bar Date Notice**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | Case No. 17 BK 3283-LTS |
| Debtors. | (Jointly Administered) |

**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM**

**TO ALL CREDITORS OF THE DEBTORS, AND TO OTHER PARTIES IN INTEREST,
PLEASE TAKE NOTICE OF THE FOLLOWING:**

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") has filed voluntary petitions under section 304(a) of *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] initiating Title III cases under PROMESA (each, a "Title III Case" and collectively, the "Title III Cases") for the debtors listed below (each, a "Debtor" and collectively, the "Debtors"). **You may be a creditor of one of the Debtors, and you may be required to file a proof of claim** ("Proof of Claim").

A list of the names of the Debtors, their case numbers, and the commencement date of the Debtors' Title III Cases is as follows:

| Title III Cases | Federal Tax ID No. | Case No. | Commencement Date |
|---|---|---|---|
| Commonwealth of Puerto Rico | 3481 | 17 BK 3283 | May 3, 2017 |
| Puerto Rico Sales Tax Financing Corporation ("COFINA") | 8474 | 17 BK 3284 | May 5, 2017 |
| Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") | 9686 | 17 BK 3566 | May 21, 2017 |
| Puerto Rico Highways and Transportation Authority ("HTA") | 3808 | 17 BK 3567 | May 21, 2017 |
| Puerto Rico Electric Power Authority ("PREPA") | 3747 | 17 BK 4780 | July 2, 2017 |

---

[1]   PROMESA is codified at 48 U.S.C. §§ 2101-2241.

## OVERVIEW – KEY POINTS

- This document is a legal notice concerning the Title III Cases of the Debtors (listed above).  This document is being sent to all parties that may be owed money by the Debtors (known as "creditors").

- **The Overview on this page describes the key terms of this document.  Please read the entire document carefully for further details.**

- In a Title III proceeding under PROMESA, creditors may be required to file claim forms stating the amount of money owed to them as of the day the Title III proceeding was filed.  This document explains how to file claims.

- **Many creditors in the Title III Cases <u>are not required</u> to file a claim.**  This document explains who is required to file a claim and who is not required to file a claim.  **Please see Section 2 of this document for a complete list of parties <u>not</u> required to file a claim.**

- **If you are not required to file a claim, you do not need to complete and return a claim form**, and you will still keep your rights to vote on a plan of adjustment and receive payments under the plan.  A plan of adjustment is a document that explains how a Debtor proposes to pay the amounts it owes to its creditors.  Once filed, this plan will be available for creditors to review.  Who gets to vote on the plan will be determined at a later date.  The amount you may receive under the plan also will be determined later.

- **If you are required to file a claim against any of the Debtors**, you must do so by **<u>May 29, 2018 at 4:00 p.m., Atlantic Standard Time</u>**.  A form that you may use to file your claim is provided with this document.

- Claims may be filed by (a) electronically filing on the Claims Agent's website at https://cases.primeclerk.com/puertorico/EPOC-Index, or (b) mail or hand delivery to the addresses provided in Section 6 of this document.

- After reading this document, if you require additional information regarding this Notice, you may contact the Claims Agent at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com.  Please note that the people answering the phone number are not able to provide legal advice.  If you have questions about your legal rights, including whether you need to file a claim, you should talk to an attorney.

2

**Section 1 – The Bar Dates**

On _____, 2018, the United States District Court for the District of Puerto Rico (the "District Court") entered an order (the "Bar Date Order") in the above-captioned Title III Cases in accordance with Bankruptcy Rule 3003(c) fixing the following deadlines to file Proofs of Claim (collectively, the "Bar Dates"):

(a) **General Bar Date**: **4:00 p.m. (Atlantic Standard Time) on May 29, 2018**, is the deadline (the "General Bar Date") for filing proofs of claim (as defined in Bankruptcy Code section 101(5)), against the Debtors on account of (i) claims arising, or deemed to have arisen, prior to the respective commencement dates for their Title III Cases, including, for the avoidance of doubt, bond claims and claims arising under Bankruptcy Code section 503(b)(9), and (ii) claims asserted by governmental units (as defined in Bankruptcy Code section 101(27));

(b) **Rejection Bar Date**: Except as otherwise set forth in any order authorizing the rejection of an executory contract or unexpired lease, **4:00 p.m. (Atlantic Standard Time) on the date that is the later of (i) the General Bar Date and (ii) the first business day that is thirty-five (35) calendar days after the entry of an order by the Court authorizing such rejection** is the deadline for a party to any such rejected executory contract or unexpired lease to file proofs of claim relating to the rejection of such contract or lease (the "Rejection Bar Date," and together with the General Bar Date, the "Bar Dates"); and

(c) **Bar Date if Creditor List is Amended or Supplemented**: If, after the Bar Date Notice is served, any Debtor (a) amends its respective Creditor List to reduce a claim and/or to change the classification, nature or characterization of a claim, or (b) supplements its respective Creditor List, such Debtor shall give notice of any amendment or supplement to the holders of claims reduced or changed thereby, and advise such holders they shall each have until the **later of (i) the General Bar Date and (ii) thirty-five (35) days from the date of such notice** to file a proof of claim, or an amended proof of claim, if applicable, or be barred from so doing.

As used in this Notice, a "claim," as defined in section 101(5) of the Bankruptcy Code, whenever arising, includes in each case any claims against any of the Debtors based upon the Debtors' primary, secondary, direct, indirect, fixed, secured, unsecured, contingent, guaranteed, disputed, undisputed, liquidated, unliquidated, matured, unmatured, legal, or equitable liability or otherwise, including, for the avoidance of doubt, claims arising under section 503(b)(9) of the Bankruptcy Code (each, a "Claim").

**Section 2 – Who Is NOT Required To File a Proof of Claim**

      THE FACT THAT YOU RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM AGAINST THE DEBTORS OR THAT THE DEBTORS BELIEVE YOU HAVE A CLAIM.

      **The following persons and entities are <u>not</u> required to file a Proof of Claim on or before the applicable Bar Date**:

A. <u>Allowed Claims</u>:  Any person or entity whose claim was previously allowed by an order of this Court entered on or before the applicable Bar Date;

B. <u>Paid Claims</u>:  Any person or entity whose claim was paid in full by a Debtor, including claims paid by a Debtor after the commencement date of its respective Title III Case;

C. <u>Proofs of Claim Already Filed</u>:  Any person or entity who already properly filed a proof of claim, which substantially conforms to the Proof of Claim Form, in these Title III Cases with the Court or the Debtors' claims and noticing agent;

D. <u>Claims Properly Listed and Categorized on Creditor Lists</u>:  Any person or entity whose claim is listed on one of the Creditor Lists and (i) the claim is not listed as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount and nature of the claim as set forth on the applicable Creditor List, and (iii) the person or entity does not dispute that the claim is an obligation of the subject Debtor;

E. <u>PREPA Customers</u>:  Customers of PREPA in connection with the disposition of their deposits or any individual billing or service disputes; <u>provided</u>, <u>however</u>, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through ~~N~~O. of this Section by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

F. <u>Pension Claims</u>:  ~~Any~~<u>With respect to pension benefits and any and all other post-retirement benefits, any</u> retiree, active employee, and former employee <u>of a Title III Debtor, or any person who is or was a participant in a pension plan administered by a Title III Debtor,</u> and any beneficiary of <u>any</u> the foregoing persons ~~for accrued pensions and any and all other post-retirement benefits due as a result of such person's employment by or by being a beneficiary of a Title III Debtor~~; <u>provided, however,</u> that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through ~~N~~O. of this Section by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

4

G. <u>Union or Non-Union Employee Claims</u>:  Any union-represented or non-union represented employee, furloughed employee, or former employee for compensation and employment benefits, including, without limitation, wages, salaries, employee medical benefits and/or insurance benefits or workers' compensation claims ("<u>Compensation Claims</u>"); provided, <u>however</u>, that Compensation Claims shall not include claims asserted or to be asserted in any lawsuit or administrative proceeding based on tort or non-employment-related ~~to~~ common law, statutory law, or regulation even where such claims assert as damages an entitlement to wages, salaries, employee medical benefits and/or insurance benefits;

H. <u>Individual Union Members' Claims</u>:  Any person or entity that holds a claim limited to obligations due under their respective collective bargaining agreements, ~~to the extent the relevant union files a master proof of claim on behalf of their respective constituents against the relevant Debtor~~<u>including, but not limited to, grievances, claims arising from their current or former employment relationship with the Commonwealth</u>; <u>provided</u>, <u>however</u>, that any such holder must assert (i) a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through ~~N~~<u>O</u>. of this Section, or (ii) a claim for a grievance that has been resolved and liquidated by settlement or arbitration award as of ~~April 30,~~<u>February 28,</u> 2018, by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

I. <u>Individual Bondholder Claims Arising From Bonds That Do Not Have an Indenture Trustee, Fiscal Agent, or Similar Agent or Nominee</u>: Any person or entity that holds a claim that is limited to the repayment of principal, interest and such other amounts that may arise under the respective trust agreement or bond document that does not provide for an indenture trustee, fiscal agent, or similar agent or nominee that could file a Master Proof of Claim; <u>provided</u>, <u>however</u>, that~~,~~ any such holder ~~(i) that asserts that the repayment of any such claim is secured by any assets of the Debtor or (ii) that asserts~~<u>must assert</u> a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through ~~N~~<u>O</u>. of this Section, ~~must file~~ <u>by filing</u> a proof of claim <u>with respect to such other</u> claim on or before the General Bar Date ~~asserting such collateralization and/or other claim~~ to avoid disallowance of such <u>other</u> claim;

J. <u>Individual Bondholder Claims Covered by Timely Filed Bond Master Proof of Claim</u>: Any person or entity that holds a claim that is limited to the repayment of principal, interest and other fees and expenses, to the extent the relevant indenture trustee, fiscal agent, or similar agent or nominee files a Bond Debt Master Proof of Claim against the relevant Debtor on or before the General Bar Date on account of all bond claims against the relevant Debtor under the respective trust agreement or bond document; <u>provided</u>, <u>however</u>, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through ~~N~~<u>O</u>. of this Section by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

K. <u>Individual Credit Agreement Lender Claims</u>:  Any person or entity that holds a claim that is limited to the repayment of principal, interest and other fees and expenses, to

5

the extent the relevant agent, if such agent exists, files a Credit Agreement Master Proof of Claim against the relevant Debtor on or before the General Bar Date on account of all lender claims against the relevant Debtor under the respective credit agreement; provided, however, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through NO. of this Section by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

L.   Inter-Governmental Claims:  (i) Any municipality, department, or agency of the Commonwealth that is not a Debtor or "covered territorial instrumentality" (as defined in PROMESA) asserting a claim against a Debtor in an amount less than $200 million, or (ii) any Debtor or "covered territorial instrumentality".  For the avoidance of doubt, any entity described in the foregoing clause (i) asserting a claim against a Debtor equal to or greater than $200 million must file a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

M.   L.  Administrative Expenses:   Any holder of a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an administrative expense (**other** than a claim under Bankruptcy Code section 503(b)(9));

N.   M.  Proofs of Claim with Separate Deadlines:   Any holder of a claim for which a separate deadline is or has been fixed by this Court; and

O.   N.  Professionals' Administrative Claims:   Professionals who assert administrative claims for fees and expenses subject to the Court's approval pursuant to PROMESA section 316;

provided, however, that, should the District Court fix a date by which the Claims described in Paragraphs A. through NO. above must be filed, you will be notified of such bar date at the appropriate time.

## Section 3 – Who MUST File a Proof of Claim

You **MUST** file a **Proof of Claim** to vote on any plan of adjustment filed by the Oversight Board on behalf of the Debtors or to share in any distributions from the Debtors if you have a Claim that arose prior to the commencement dates and it is not one of the types of Claims described in Paragraphs A. through NO. in Section 2 above.

**A holder of a possible Claim against the Debtors should consult an attorney if such holder has any questions regarding this Notice, including whether the holder should file a Proof of Claim.**

## Section 4 – Consequences of Failure to File a Proof of Claim by the Applicable Bar Date

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN PARAGRAPHS A. THROUGH NO. IN SECTION 2 ABOVE, AND THAT FAILS TO TIMELY FILE A**

**PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED
(UNLESS OTHERWISE ORDERED BY THE COURT) FROM ASSERTING SUCH
CLAIM AGAINST THE DEBTORS, FROM VOTING ON ANY PLAN OF
ADJUSTMENT FILED IN THESE TITLE III CASES, AND FROM PARTICIPATING IN
ANY DISTRIBUTION IN THESE TITLE III CASES ON ACCOUNT OF SUCH CLAIM.**

**Section 5 – What to File**

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR,
SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND
YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST
WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S
TITLE III CASE.

Each Proof of Claim, to be properly filed pursuant to this Notice, shall: (i) be written in
English or Spanish; (ii) be denominated in lawful currency of the United States as of the relevant
Title III Case commencement date; (iii) set forth with specificity the legal and factual basis for
the asserted claim; (iv) include a copy of the supporting documentation (or, if such
documentation is voluminous, you must attach a summary of such documentation) or an
explanation as to why such documentation is not available, with such documentation, summary,
or explanation being provided in English or Spanish; (v) include an original or electronic
signature of the claimant or an authorized agent of the claimant; and (vi) substantially conform
to the Proof of Claim Form approved by the Bar Date Order.  If you file a summary of the
supporting documentation because they are voluminous, you must transmit the supporting
documentation to (a) the Claims Agent and (b) the applicable Debtor within ten days after the
date of a written request by the Debtors for such documents.

The Proof of Claim Form can be obtained, as well as filed, on the website established and
maintained by the Claims Agent at https://cases.primeclerk.com/puertorico/.

**Section 6 – Where and How to File**

All Proofs of Claim, except as otherwise provided for or specifically excepted in Section 2
above, shall be filed with the claims and noticing agent, Prime Clerk LLC (the "Claims Agent")
pursuant to the procedures provided herein **so as to actually be received** on or before the
applicable Bar Date, depending upon the nature of the Claim.

Proofs of Claim may be filed through any of the following methods:

(i)     completing the electronic Proof of Claim on the Claims Agent's website at
https://cases.primeclerk.com/puertorico/EPOC-Index,

(ii)    if delivered by first class mail, at the following address:  Commonwealth of Puerto
Rico, Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, PO
Box 4708, New York, NY 10163-4708,

(iii)   if by overnight courier, at the following address: Commonwealth of Puerto Rico,
Claims Processing Center, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412,
Brooklyn, NY 11232, or

7

(iv)   if by hand delivery, at any of the following locations: (a) Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, or (b) the following locations in the Commonwealth, available during the listed dates and times:

| Locations in the Commonwealth Accepting Proofs of Claim by Hand Delivery | | |
|---|---|---|
| Address | Dates Available | Hours (AST) |
| [José V. Toledo Federal Building & US Courthouse Clerk's Office 300 Recinto Sur Street San Juan, PR 00901] | [March 12,February 27, 2018 to May 29, 2018] (except weekends and Court Holidays) | [M – F 8:30 a.m. to 4:00 p.m.] |
| [Federico Degetau Federal Building and Clemente Ruiz Nazario U.S. Courthouse Clerk's Office 150 Carlos Chardón Street, San Juan, Puerto Rico, 00918-1767] | [March 12,February 27, 2018 to May 29, 2018] (except weekends and Court Holidays) | [M – F 8:30 a.m. to 4:45 p.m.] |
| [MCS Building, Suite 222 A Clerk's Office 880 Tito Castro Avenue Ponce, PR 00716-4732] | [March 12,February 27, 2018 to May 29, 2018] (except weekends and Court Holidays) | [M – F 8:30 a.m. to 12:00 p.m., 1:00 p.m. to 4:00 p.m.] |

Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission will **not** be accepted; provided, however, they may be submitted through Prime Clerk's website: https://cases.primeclerk.com/puertorico/EPOC-Index.

**Section 7 – Additional Information**

The Debtors' Creditor Lists and the Bar Date Order may be downloaded and examined free of charge from the Claims Agent website, https://cases.primeclerk.com/puertorico/. Any creditor that relies on the Debtors' Creditor Lists bears responsibility for determining that its Claim is accurately listed therein.

If you require additional information regarding this Notice, you may contact the Claims Agent at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com.

Dated: _____, 2018

## Exhibit 1-B

**Reminder Notice**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | Case No. 17 BK 3283-LTS |
| Debtors. | |
| | (Jointly Administered) |

**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM**

# FINAL REMINDER

**TO ALL CREDITORS OF THE DEBTORS, AND TO OTHER PARTIES IN INTEREST, PLEASE TAKE NOTICE OF THE FOLLOWING:**

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") has filed voluntary petitions under section 304(a) of *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] initiating Title III cases under PROMESA (each, a "Title III Case" and collectively, the "Title III Cases") for the debtors listed below (each, a "Debtor" and collectively, the "Debtors"). **You may be a creditor of one of the Debtors, and you may be required to file a proof of claim** ("Proof of Claim").

**If you have already filed a Proof of Claim, no further action is required unless directed by court order, notice, or otherwise.**

A list of the names of the Debtors, their case numbers, and the commencement date of the Debtors' Title III Cases is as follows:

| Title III Cases | Federal Tax ID No. | Case No. | Commencement Date |
|---|---|---|---|
| Commonwealth of Puerto Rico | 3481 | 17 BK 3283 | May 3, 2017 |
| Puerto Rico Sales Tax Financing Corporation ("COFINA") | 8474 | 17 BK 3284 | May 5, 2017 |
| Employees Retirement System of the Government of the Commonwealth of Puerto | 9686 | 17 BK 3566 | May 21, 2017 |

---

[1]   PROMESA is codified at 48 U.S.C. §§ 2101-2241.

| Title III Cases | Federal Tax ID No. | Case No. | Commencement Date |
|---|---|---|---|
| Rico ("ERS") | | | |
| Puerto Rico Highways and Transportation Authority ("HTA") | 3808 | 17 BK 3567 | May 21, 2017 |
| Puerto Rico Electric Power Authority ("PREPA") | 3747 | 17 BK 4780 | July 2, 2017 |

---

**OVERVIEW – KEY POINTS**

- **The Overview on this page describes the key terms of this document. Please read the entire document carefully for further details.**

- In a Title III proceeding under PROMESA, creditors may be required to file claim forms stating the amount of money owed to them as of the day the Title III proceeding was filed. This document explains how to file claims.

- **Many creditors in the Title III Cases <u>are not required</u> to file a claim.** This document explains who is required to file a claim and who is not required to file a claim. **Please see Section 2 of this document for a complete list of parties <u>not</u> required to file a claim.**

- **If you are not required to file a claim, you do not need to complete and return a claim form**, and you will still keep your rights to vote on a plan of adjustment and receive payments under the plan. A plan of adjustment is a document that explains how a Debtor proposes to pay the amounts it owes to its creditors. Once filed, this plan will be available for creditors to review. Who gets to vote on the plan will be determined at a later date. The amount you may receive under the plan also will be determined later.

- **If you are required to file a claim against any of the Debtors**, you must do so by **May 29, 2018 at 4:00 p.m., Atlantic Standard Time**. A form that you may use to file your claim is provided with this document.

- Claims may be filed by (a) electronically filing on the Claims Agent's website at https://cases.primeclerk.com/puertorico/EPOC-Index, or (b) mail or hand delivery to the addresses provided in Section 6 of this document.

- After reading this document, if you require additional information regarding this Notice, you may contact the Claims Agent at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com. Please note that the people answering the phone number are not able to provide legal advice. If you have questions about your legal rights, including whether you need to file a claim, you should talk to an attorney.

## Section 1 – The Bar Dates

On _____, 2018, the United States District Court for the District of Puerto Rico (the "District Court") entered an order (the "Bar Date Order") in the above-captioned Title III Cases in accordance with Bankruptcy Rule 3003(c) fixing the following deadlines to file Proofs of Claim (collectively, the "Bar Dates"):

(a) **General Bar Date**: **4:00 p.m. (Atlantic Standard Time) on May 29, 2018**, is the deadline (the "General Bar Date") for filing proofs of claim (as defined in Bankruptcy Code section 101(5)), against the Debtors on account of (i) claims arising, or deemed to have arisen, prior to the respective commencement dates for their Title III Cases, including, for the avoidance of doubt, bond claims and claims arising under Bankruptcy Code section 503(b)(9), and (ii) claims asserted by governmental units (as defined in Bankruptcy Code section 101(27));

(b) **Rejection Bar Date**:  Except as otherwise set forth in any order authorizing the rejection of an executory contract or unexpired lease, **4:00 p.m. (Atlantic Standard Time) on the date that is the later of (i) the General Bar Date and (ii) the first business day that is thirty-five (35) calendar days after the entry of an order by the Court authorizing such rejection** is the deadline for a party to any such rejected executory contract or unexpired lease to file proofs of claim relating to the rejection of such contract or lease (the "Rejection Bar Date," and together with the General Bar Date, the "Bar Dates"); and

(c) **Bar Date if Creditor List is Amended or Supplemented**:  If, after the Bar Date Notice is served, any Debtor (a) amends its respective Creditor List to reduce a claim and/or to change the classification, nature or characterization of a claim, or (b) supplements its respective Creditor List, such Debtor shall give notice of any amendment or supplement to the holders of claims reduced or changed thereby, and advise such holders they shall each have until the **later of (i) the General Bar Date and (ii) thirty-five (35) days from the date of such notice** to file a proof of claim, or an amended proof of claim, if applicable, or be barred from so doing.

As used in this Notice, a "claim," as defined in section 101(5) of the Bankruptcy Code, whenever arising, includes in each case any claims against any of the Debtors based upon the Debtors' primary, secondary, direct, indirect, fixed, secured, unsecured, contingent, guaranteed, disputed, undisputed, liquidated, unliquidated, matured, unmatured, legal, or equitable liability or otherwise, including, for the avoidance of doubt, claims arising under section 503(b)(9) of the Bankruptcy Code (each, a "Claim").

**Section 2 – Who Is NOT Required To File a Proof of Claim**

**THE FACT THAT YOU RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM AGAINST THE DEBTORS OR THAT THE DEBTORS BELIEVE YOU HAVE A CLAIM.**

**The following persons and entities are not required to file a Proof of Claim on or before the applicable Bar Date**:

A. Allowed Claims:  Any person or entity whose claim was previously allowed by an order of this Court entered on or before the applicable Bar Date;

B. Paid Claims:  Any person or entity whose claim was paid in full by a Debtor, including claims paid by a Debtor after the commencement date of its respective Title III Case;

C. Proofs of Claim Already Filed:  Any person or entity who already properly filed a proof of claim, which substantially conforms to the Proof of Claim Form, in these Title III Cases with the Court or the Debtors' claims and noticing agent;

D. Claims Properly Listed and Categorized on Creditor Lists:  Any person or entity whose claim is listed on one of the Creditor Lists and (i) the claim is not listed as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount and nature of the claim as set forth on the applicable Creditor List, and (iii) the person or entity does not dispute that the claim is an obligation of the subject Debtor;

E. PREPA Customers:  Customers of PREPA in connection with the disposition of their deposits or any individual billing or service disputes; provided, however, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through ~~N~~O. of this Section by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

F. Pension Claims:  ~~Any~~With respect to pension benefits and any and all other post-retirement benefits, any retiree, active employee, and former employee of a Title III Debtor, or any person who is or was a participant in a pension plan administered by a Title III Debtor, and any beneficiary of any the foregoing persons ~~for accrued pensions and any and all other post-retirement benefits due as a result of such person's employment by or by being a beneficiary of a Title III Debtor~~; provided, however, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through ~~N~~O. of this Section by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

4

G. <u>Union or Non-Union Employee Claims</u>:   Any union-represented or non-union represented employee, furloughed employee, or former employee for compensation and employment benefits, including, without limitation, wages, salaries, employee medical benefits and/or insurance benefits or workers' compensation claims ("<u>Compensation Claims</u>"); <u>provided</u>, <u>however</u>, that Compensation Claims shall not include claims asserted or to be asserted in any lawsuit or administrative proceeding based on tort or non-employment-related ~~to~~ common law, statutory law, or regulation even where such claims assert as damages an entitlement to wages, salaries, employee medical benefits and/or insurance benefits;

H. <u>Individual Union Members' Claims</u>:  Any person or entity that holds a claim limited to obligations due under their respective collective bargaining agreements, ~~to the extent the relevant union files a master proof of claim on behalf of their respective constituents against the relevant Debtor~~<u>including, but not limited to, grievances, claims arising from their current or former employment relationship with the Commonwealth</u>; <u>provided</u>, <u>however</u>, that any such holder must assert (i) a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through ~~N~~<u>O</u>. of this Section, or (ii) a claim for a grievance that has been resolved and liquidated by settlement or arbitration award as of ~~April 30,~~<u>February 28,</u> 2018, by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

I. <u>Individual Bondholder Claims Arising From Bonds That Do Not Have an Indenture Trustee, Fiscal Agent, or Similar Agent or Nominee</u>: Any person or entity that holds a claim that is limited to the repayment of principal, interest and such other amounts that may arise under the respective trust agreement or bond document that does not provide for an indenture trustee, fiscal agent, or similar agent or nominee that could file a Master Proof of Claim; <u>provided</u>, <u>however</u>, that~~,~~ any such holder ~~(i) that asserts that the repayment of any such claim is secured by any assets of the Debtor or (ii) that asserts~~<u>must assert</u> a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through ~~N~~<u>O</u>. of this Section, ~~must file~~ <u>by filing</u> a proof of <u>claim with respect to such other</u> claim on or before the General Bar Date ~~asserting such collateralization and/or other claim~~ to avoid disallowance of such <u>other</u> claim;

J. <u>Individual Bondholder Claims Covered by Timely Filed Bond Master Proof of Claim</u>: Any person or entity that holds a claim that is limited to the repayment of principal, interest and other fees and expenses, to the extent the relevant indenture trustee, fiscal agent, or similar agent or nominee files a Bond Debt Master Proof of Claim against the relevant Debtor on or before the General Bar Date on account of all bond claims against the relevant Debtor under the respective trust agreement or bond document; <u>provided</u>, <u>however</u>, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through ~~N~~<u>O</u>. of this Section by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

K. <u>Individual Credit Agreement Lender Claims</u>:  Any person or entity that holds a claim that is limited to the repayment of principal, interest and other fees and expenses, to

the extent the relevant agent, if such agent exists, files a Credit Agreement Master Proof of Claim against the relevant Debtor on or before the General Bar Date on account of all lender claims against the relevant Debtor under the respective credit agreement; provided, however, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through ~~N~~O. of this Section by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

L. Inter-Governmental Claims:  (i) Any municipality, department, or agency of the Commonwealth that is not a Debtor or "covered territorial instrumentality" (as defined in PROMESA) asserting a claim against a Debtor in an amount less than $200 million, or (ii) any Debtor or "covered territorial instrumentality".  For the avoidance of doubt, any entity described in the foregoing clause (i) asserting a claim against a Debtor equal to or greater than $200 million must file a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

M. ~~L.~~ Administrative Expenses:  Any holder of a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an administrative expense (**other** than a claim under Bankruptcy Code section 503(b)(9));

N. ~~M.~~ Proofs of Claim with Separate Deadlines:  Any holder of a claim for which a separate deadline is or has been fixed by this Court; and

O. ~~N.~~ Professionals' Administrative Claims:  Professionals who assert administrative claims for fees and expenses subject to the Court's approval pursuant to PROMESA section 316;

provided, however, that, should the District Court fix a date by which the Claims described in Paragraphs A. through ~~N~~O. above must be filed, you will be notified of such bar date at the appropriate time.

## Section 3 – Who MUST File a Proof of Claim

You **MUST** file a **Proof of Claim** to vote on any plan of adjustment filed by the Oversight Board on behalf of the Debtors or to share in any distributions from the Debtors if you have a Claim that arose prior to the commencement dates and it is not one of the types of Claims described in Paragraphs A. through ~~N~~O. in Section 2 above.

**A holder of a possible Claim against the Debtors should consult an attorney if such holder has any questions regarding this Notice, including whether the holder should file a Proof of Claim.**

## Section 4 – Consequences of Failure to File a Proof of Claim by the Applicable Bar Date

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN PARAGRAPHS A. THROUGH ~~N~~O. IN SECTION 2 ABOVE, AND THAT FAILS TO TIMELY FILE A**

**PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED (UNLESS OTHERWISE ORDERED BY THE COURT) FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, FROM VOTING ON ANY PLAN OF ADJUSTMENT FILED IN THESE TITLE III CASES, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THESE TITLE III CASES ON ACCOUNT OF SUCH CLAIM.**

**Section 5 – What to File**

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S TITLE III CASE.

Each Proof of Claim, to be properly filed pursuant to this Notice, shall: (i) be written in English or Spanish; (ii) be denominated in lawful currency of the United States as of the relevant Title III Case commencement date; (iii) set forth with specificity the legal and factual basis for the asserted claim; (iv) include a copy of the supporting documentation (or, if such documentation is voluminous, you must attach a summary of such documentation) or an explanation as to why such documentation is not available, with such documentation, summary, or explanation being provided in English or Spanish; (v) include an original or electronic signature of the claimant or an authorized agent of the claimant; and (vi) substantially conform to the Proof of Claim Form approved by the Bar Date Order. If you file a summary of the supporting documentation because they are voluminous, you must transmit the supporting documentation to (a) the Claims Agent and (b) the applicable Debtor within ten days after the date of a written request by the Debtors for such documents.

The Proof of Claim Form can be obtained, as well as filed, on the website established and maintained by the Claims Agent at https://cases.primeclerk.com/puertorico/.

**Section 6 – Where and How to File**

All Proofs of Claim, except as otherwise provided for or specifically excepted in Section 2 above, shall be filed with the claims and noticing agent, Prime Clerk LLC (the "Claims Agent") pursuant to the procedures provided herein **so as to actually be received** on or before the applicable Bar Date, depending upon the nature of the Claim.

Proofs of Claim may be filed through any of the following methods:

(i)   completing the electronic Proof of Claim on the Claims Agent's website at https://cases.primeclerk.com/puertorico/EPOC-Index,

(ii)   if delivered by first class mail, at the following address:  Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, PO Box 4708, New York, NY 10163-4708,

(iii)   if by overnight courier, at the following address: Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, or

7

(iv)   if by hand delivery, at any of the following locations: (a) Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, or (b) the following locations in the Commonwealth, available during the listed dates and times:

| Locations in the Commonwealth Accepting Proofs of Claim by Hand Delivery | | |
|---|---|---|
| Address | Dates Available | Hours (AST) |
| [José V. Toledo Federal Building & US Courthouse Clerk's Office 300 Recinto Sur Street San Juan, PR 00901] | [March 12,February 27, 2018 to May 29, 2018] (except weekends and Court Holidays) | [M – F 8:30 a.m. to 4:00 p.m.] |
| [Federico Degetau Federal Building and Clemente Ruiz Nazario U.S. Courthouse Clerk's Office 150 Carlos Chardón Street, San Juan, Puerto Rico, 00918-1767] | [March 12,February 27, 2018 to May 29, 2018] (except weekends and Court Holidays) | [M – F 8:30 a.m. to 4:45 p.m.] |
| [MCS Building, Suite 222 A Clerk's Office 880 Tito Castro Avenue Ponce, PR 00716-4732] | [March 12,February 27, 2018 to May 29, 2018] (except weekends and Court Holidays) | [M – F 8:30 a.m. to 12:00 p.m., 1:00 p.m. to 4:00 p.m.] |
| | | |

Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission will **not** be accepted; provided, however, they may be submitted through Prime Clerk's website: https://cases.primeclerk.com/puertorico/EPOC-Index.

## Section 7 – Additional Information

The Debtors' Creditor Lists and the Bar Date Order may be downloaded and examined free of charge from the Claims Agent website, https://cases.primeclerk.com/puertorico/. Any creditor that relies on the Debtors' Creditor Lists bears responsibility for determining that its Claim is accurately listed therein.

If you require additional information regarding this Notice, you may contact the Claims Agent at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com.

Dated: _____, 2018

**<u>Exhibit 2</u>**

**Proof of Claim Form**

**<u>Exhibit 3</u>**

**PREPA Customer Bar Date Notice**

# IMPORTANT LEGAL NOTICE

## TO ALL CUSTOMERS OF THE
## PUERTO RICO ELECTRIC POWER AUTHORITY

On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") filed a voluntary petition for the Puerto Rico Electric Power Authority ("PREPA") under Title III of the *Puerto Rico Oversight, Management, and Economic Stability Act* (the "Title III Case").  The United States District Court for the District of Puerto Rico entered an order establishing a deadline for PREPA's creditors to file proofs of claim against PREPA in this Title III Case (the "Bar Date Order").

Pursuant to the Bar Date Order, PREPA customers **are not** required to file proofs of claim against PREPA in connection with the disposition of their deposits and/or any individual billing or service disputes.  However, to the extent you believe you are a creditor of PREPA for **any other reason**, you must file a proof of claim against PREPA by **4:00 p.m. (Atlantic Standard Time) on May 29, 2018**.

All documents filed in the Title III Case, including the Bar Date Order and the Proof of Claim Form, are available, free of charge, by accessing the website maintained by Epiq Bankruptcy Solutions, LLC ("Epiq") at http://dm.epiq11.com/PREPA.

If you require additional information regarding this Notice, you may contact Epiq at (888) 697-8557 (toll free for U.S. and Puerto Rico) or (503) 520-4450 (for international callers), available 9:00 a.m. to 9:00 p.m. (Atlantic Standard Time) (Spanish available).

# AVISO LEGAL IMPORTANTE

## PARA TODOS LOS CLIENTES DE LA
## AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO RICO

El 2 de julio de 2017, la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") presentó una solicitud voluntaria para la Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") en virtud del Título III de la Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico (*Puerto Rico Oversight, Management, and Economic Stability Act*) (el "Caso en virtud del Título III"). El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico emitió una resolución que establece un plazo para que los acreedores de PREPA presenten las solicitudes de reconocimiento de crédito contra PREPA en este Caso en virtud del Título III (la "Orden de fechas límites").

De acuerdo con la Orden de fechas límites, **no** se les exige a los clientes de PREPA presentar solicitudes de reconocimiento de créditos contra PREPA en relación con la disposición de sus depósitos o con disputas individuales de servicio o facturación. Sin embargo, en la medida que considere ser un acreedor de PREPA por **cualquier otra razón**, debe presentar una solicitud de reconocimiento de créditos contra PREPA a más tardar a las **4:00 p. m. (hora estándar del Atlántico) del 29 de mayo de 2018.**

Todos los documentos presentados en el Caso en virtud del Título III, incluida la Orden de fechas límites y el Formulario de solicitud de reconocimiento de créditos, están disponibles, de manera gratuita, en el sitio web que mantiene Epiq Bankruptcy Solutions, LLC ("Epiq") en http://dm.epiq11.com/PREPA.

Si necesita información adicional respecto de este Aviso, puede comunicarse con Epiq al (888) 697-8557 (número gratuito para los EE. UU. y Puerto Rico) o al (503) 520-4450 (para llamadas internacionales), de 9:00 a. m. a 9:00 p. m. (hora estándar del Atlántico) (disponible en español).

[Spanish Translation To Be Provided]

2

**<u>Exhibit 4</u>**

**Special Notice to Pension, Compensation, and CBA Claimants**

# IMPORTANT LEGAL NOTICE TO PENSION, RETIREE, AND EMPLOYEE CLAIMANTS

The United States District Court for the District of Puerto Rico entered an order (the "Bar Date Order") establishing a deadline for creditors to assert claims against any of the following title III debtors: (i) the Commonwealth of Puerto Rico; (ii) the Employees Retirement System of the Government of the Commonwealth of Puerto Rico; (iii) the Puerto Rico Highways and Transportation Authority; (iv) the Puerto Rico Sales Tax Financing Corporation; and (v) the Puerto Rico Electric Power Authority.

Pursuant to the Bar Date Order, you **are not** required to file a proof of claim with respect to any claims you have for accrued pensions and any and all other post-retirement benefits due to you ("Pension Benefits"). However, to the extent you have a claim that is not for Pension Benefits against any of the Title III Debtors listed above, then you should file a proof of claim with respect to such claim on or before **4:00 p.m. (Atlantic Standard Time) on May 29, 2018 to avoid disallowance of such claim**.

In addition, as an employee, furloughed employee, or former employee you are not required to file a proof of claim for any for compensation and employment benefits, including, without limitation, wages, salaries, employee medical benefits and/or insurance benefits, or worker's compensation claims, **but must** file claims asserted or to be asserted in any lawsuit or administrative proceeding based on tort or non-employment-related common law, statutory law, or regulations, even where such claims assert as damages an entitlement to wages, salaries, employee medical benefits and/or insurance benefits;

Finally, you **are not** required to file a claim limited to obligations due under a collective bargaining agreement, including but not limited to grievances, or claims arising from current or former employment relationship with the Commonwealth; **however**, if you assert a claim for one or more grievances that have been resolved and liquidated by settlement or arbitration award as of ~~April 30,~~February 28, 2018, you **must** file a claim.

All documents filed in the Title III Cases, including the Bar Date Order and the Proof of Claim Form, are available, free of charge, by accessing the website https://cases.primeclerk.com/puertorico/. Additional information for retirees is available at www.porturetiro.com.

---

[Spanish Translation To Be Provided]