UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------- x
                                                                    :
In re:                                                              :
                                                                    :
THE FINANCIAL OVERSIGHT AND                                         :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                   :  Title III
                                                                    :
         as representative of                                       :  Case No. 17-BK-3283 (LTS)
                                                                    :
THE COMMONWEALTH OF PUERTO RICO et al.,                             :  (Jointly Administered)
                                                                    :
         Debtors.¹                                                  :
------------------------------------------------------------------- x
```

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN RESPONSE TO DEBTORS' MOTION FOR ORDER (A) ESTABLISHING
DEADLINES AND PROCEDURES FOR FILING PROOFS OF CLAIM
AND (B) APPROVING FORM AND MANNER OF NOTICE THEREOF**

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors of all title III Debtors (other than COFINA) (the "Committee") hereby submits this statement (the "Statement") in response to the Debtors' *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof*, dated January 16, 2018 [Docket No. 2255] (the "Bar Date Motion") and respectfully states as follows:

1. The Committee previously provided, and the Oversight Board accepted, various informal comments regarding the Bar Date Motion and proposed order attached thereto (the "Bar

---

¹ The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474).

1

Date Order") with the goal of facilitating the claims-filing process for general unsecured creditors, and the Committee appreciates the cooperation of the Oversight Board and AAFAF in getting the Committee's issues and the issues of other parties, including certain members of the Committee, resolved. The Committee therefore does not oppose the relief requested in the Bar Date Motion. Nevertheless, given the unique nature of these title III cases, the Committee believes that local Puerto Rico-based creditors may require additional guidance in order to be able to timely submit proofs of claim. For that reason, the Committee intends to work with Puerto Rico's legal aid organizations and bar associations to hold tutorial sessions on the claims-filing process in various locations on the island. The Committee files this statement to inform the court and parties in interest of its efforts in this regard.

2. As the court is likely aware, the proof of claims-filing process will be particularly daunting in these title III cases. The Debtors have listed hundreds of thousands of creditors, many of whom are individuals or small businesses based in Puerto Rico who likely have no experience navigating the bankruptcy process. Moreover, the island's electricity, transportation, and communications infrastructure was recently devastated by Hurricane María and has yet to be fully restored. Thus, a vast number of island-based creditors (many of whom may have been displaced from their home or business) must participate in the claims-filing process under exceptionally difficult circumstances.

3. The Committee, as a fiduciary for all unsecured creditors of the title III Debtors (other than COFINA), is acutely aware of the obstacles faced by local creditors in exercising their rights under title III and has sought to ensure that all creditors receive adequate notice of the Bar Dates[2] and obtain the information needed to file proofs of claim in a timely fashion. Among other things, the Committee requested that the Bar Date Order provide that (i) creditors may file

---

[2] Capitalized terms not otherwise defined herein shall have the meaning scribed to them in the Bar Date Motion.

2

proofs of claim and attached documentation in Spanish as well as English; (ii) multiple locations be established throughout the island where creditors can hand-deliver proofs of claim; and (iii) the Debtors arrange for radio announcements to advise creditors of the Bar Dates (because radio announcements are often the best way to communicate messages broadly in Puerto Rico). The Oversight Board has incorporated these and other changes in the proposed Bar Date Order.

4. Nevertheless, the filing of a timely proof of claim in these title III cases remains a challenging task for creditors unfamiliar with the intricacies of the bankruptcy process. While the Committee believes that the Bar Date Notice is clear, it may nevertheless not answer all the questions that a creditor will face in completing a proof of claim. For example, the creditor will need to consider whether he or she has a "claim" under section 101(5) of the Bankruptcy Code[3] and, if so, whether the claim falls into one of fifteen special categories of claims that are exempt from the claims-filing requirement.[4]

5. Moreover, when completing the Proof of Claim Form, the creditor must consider, among other things, which Commonwealth agency the claim should be asserted against,[5] the amount of the claim,[6] whether interest has accrued (if so, an itemized statement must be attached),[7] whether the claim is secured or subject to setoff,[8] whether all or part of the claim is entitled to administrative priority under Bankruptcy Code section 503(b)(9),[9] and which supporting documents (assuming a creditor has access to such documentation) should be attached

---

[3] Bar Date Order, Ex. 1-A (the "Bar Date Notice") at 3.
[4] *Id.* at 4-6.
[5] Bar Date Order, Ex. 2 (the "Proof of Claim Form") at item 6. The proposed Bar Date Order states that such Commonwealth agency information need only be provided "to the extent reasonably ascertainable." Bar Date Order at ¶ 10. However, the Proof of Claim Form does not include that caveat.
[6] Proof of Claim Form at item 8.
[7] *Id.*
[8] *Id.* at items 10, 12.
[9] *Id.* at item 13.

to the form.[10] While these types of questions are familiar to bankruptcy professionals, they may be overwhelming to people that have never dealt with such questions and could even deter them from submitting claims in the first place.[11] Although the Bar Date Notice advises creditors to seek the assistance of an attorney,[12] it is not realistic to expect that hundreds of thousands of local creditors (many of whom hold only small claims) will be able to afford legal counsel and/or have access to legal counsel.

6. Furthermore, submission of a timely proof of claim is a strict requirement (subject to certain limited exceptions), and failure to do so will result in the disallowance of a creditor's proof of claim. All creditors, unless subject to an enumerated exemption, "must file a proof of claim on or before the applicable Bar Date for such claim."[13] Creditors who fail to file a timely proof claim will find that they are "forever barred, estopped, and enjoined from asserting such claim against the Debtors . . . ."[14]

7. For these reasons, the Committee has determined to develop tutorial programs to assist local creditors with the claims-filing process. The goal of these sessions is educational, *i.e.*, to equip creditors with the knowledge necessary to complete and submit their proof of claim. In this regard, counsel to the Committee will work with the Committee's local counsel as well as legal aid organizations and bar associations in Puerto Rico to set up tutorial sessions at various locations on the island where creditors can learn more about the requirements for filing proofs of claim. Among other things, these sessions will provide creditors with general guidance

---

[10] *Id.* at items 9 and 13.
[11] Even more analysis is required if a creditor decides to amend a previously filed claim. *See* Bar Date Order ¶ 11 ("After the applicable Bar Dates, amendments to timely filed proofs of claim will only be allowed to the extent an amended claim is based on the same facts and circumstances as a timely filed claim, and then only if the amended claim was not reasonably ascertainable prior to the applicable Bar Date, or as otherwise ordered by the Court.").
[12] Bar Date Notice at 3 and 6.
[13] Bar Date Order ¶ 9.
[14] *Id.* ¶ 14.

regarding the Bar Dates, the Bar Date Notice, the Proof of Claim Form, and the appropriate documentation to be submitted with the proof of claim. For the avoidance of doubt, the tutorial sessions would provide general information only, **not** legal advice to particular creditors.

8. In order to make as many creditors as possible aware of the tutorial sessions, the Committee intends to retain, subject to court approval (to be sought by separate application), a Puerto Rico-based communications firm which would conduct an outreach campaign utilizing traditional and social media. The Committee website, at www.prcreditorscommittee.com or www.comitedeacreedoresdePR.com, will also provide creditors with the information necessary to submit a proof of claim and attend tutorial sessions, as well as the relevant deadlines, addresses, and contact information to the extent creditors have questions.

9. The Committee is in the process of developing the tutorial programs and outreach campaign, and it will advise the court in subsequent filings as more details become available. As noted above, the Committee has decided to establish the tutorial programs on its own initiative. The Committee is not asking that the Oversight Board or any other party undertake these efforts, and it does not oppose the relief requested in the Bar Date Motion. These title III cases present unique challenges for local Puerto Rico creditors, and the Committee is determined to support them in the exercise of their rights, consistent with the Committee's role as an official committee. Given everything that Puerto Rico creditors have already been through, they deserve this level of support, at a minimum.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Committee respectfully requests that the court take notice of the foregoing.

Dated: January 26, 2018
      San Juan, Puerto Rico

/s/ G. Alexander Bongartz

PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

- and -

/s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*