Hearing Date: March 7, 2018 at 9:30 a.m. (Atlantic Standard Time)
Objection Deadline: February 20, 2018 at 4:00 p.m. (Atlantic Standard Time)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

----------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | Case No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | (Jointly Administered) |
| Debtors.[1] | |

----------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | Case No. 17 BK 4780-LTS |
| PUERTO RICO ELECTRIC POWER AUTHORITY, | **This Motion relates only to PREPA, and shall be filed in Case No. 17 BK 3283-LTS and Case No. 17 BK 4780-LTS** |
| Debtor. | |

----------------------------------------------------------------x

**PREPA'S MOTION FOR ENTRY OF (I) BRIDGE ORDER AND (II) ORDER
PURSUANT TO RULE 9006(b) OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE FURTHER ENLARGING THE TIME WITHIN WHICH
<u>TO FILE NOTICES OF REMOVAL PURSUANT TO BANKRUPTCY RULE 9027</u>**

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as PREPA's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this motion (the "Motion"), pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this case pursuant to PROMESA section 310, for entry of (i) a bridge order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Bridge Order"), and (ii) an order, substantially in the form annexed hereto as **Exhibit B** (the "Proposed Order"), further enlarging the time within which to file notices of removal of proceedings pursuant to Bankruptcy Rule 9027(a). In support of this Motion, PREPA respectfully states as follows:

### Jurisdiction and Venue

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Motion pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

3. The statutory predicate for the relief sought herein is Bankruptcy Rule 9006(b), made applicable to this cases by PROMESA section 310.

### Background

4. On June 29, 2017, the Oversight Board issued a restructuring certification for PREPA pursuant to PROMESA sections 104(j) and 206, and on July 2, 2017, the Oversight

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

Board filed a voluntary petition for relief for PREPA pursuant to section 304(a) of PROMESA, commencing a case under title III thereof (the "Title III Case").

5. On September 11, 2017, PREPA filed *PREPA's Motion for Entry of Order Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure Enlarging the Time Within Which to File Notices of Removal Pursuant to Bankruptcy Rule 9027* [Case No. 17-4780-LTS, ECF No. 284] (the "First Extension Motion").

6. On October 6, 2017, the Court entered an order granting the joint administration of PREPA's Title III Case with the Commonwealth's, for procedural purposes only [Case No. 17-03283-LTS; ECF No. 1417].

7. Also on October 6, 2017, the Court entered an order granting the First Extension Motion and enlarging the time within which PREPA may file notices of removal under Bankruptcy Rule 9027(a) through the later of: (i) January 31, 2018; or (ii) any later date prescribed by Bankruptcy Rule 9027(a)(2) and (a)(3) [Case No. 17-4780-LTS; ECF No. 338] (the "Extension Order").

8. Background information regarding PREPA and the commencement of the Title III Case is contained in the *Notice of Statement of Oversight Board Regarding PREPA's Title III Case* [Case No. 17-04780-LTS; ECF No. 2].

**Relief Requested**

9. By this Motion, PREPA seeks entry of (i) a bridge order, substantially in the form of the Proposed Bridge Order, and (ii) an order, substantially in the form of the Proposed Order, further enlarging the time within which PREPA may file notices of removal under Bankruptcy Rule 9027(a) through the later of: (i) June 1, 2018, which is 121 days after the current deadline (January 31, 2018); or (ii) any later date prescribed by Bankruptcy Rule 9027(a)(2) and (a)(3).

**Basis for Relief Requested**

10.  PROMESA section 306(d) provides for the removal of actions to this Court:

A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce the police or regulatory power of the governmental unit, to the district court for the district in which the civil action is pending, if the district court has jurisdiction of the claim or cause of action under this section

48 U.S.C. § 2166(d)(1).

11.  Bankruptcy Rule 9027, which is made applicable to this Title III Case pursuant to PROMESA section 310, sets forth the time period for the filing of notices to remove claims or causes of action. Bankruptcy Rule 9027 provides in pertinent part:

(a)(2) If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

(a)(3) If a claim or cause of action is asserted in another court after commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, or a copy of the initial pleading setting forth the claim or cause of action sought to be removed or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027.

12.  Bankruptcy Rule 9006 permits the Court to enlarge the period to remove actions provided for by Bankruptcy Rule 9027. Bankruptcy Rule 9006(b) provides in pertinent part:

(1) Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specific period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period

4

> enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specific period permit the act to be done where the failure to act was the result of excusable neglect.

*Id.* 9006(b).

13. Courts routinely extend the removal period pursuant to Bankruptcy Rule 9006. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (stating the court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35 (1995); *see also Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W.Va. 2000) (noting Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (finding the period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (noting United States Supreme Court intended to give judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)).[3]

14. Cause exists for the Court to further enlarge the time within which PREPA may file notices of removal under Bankruptcy Rule 9027(a). PREPA was a party to over 300 civil actions as of the Petition Date, which will require a case-by-case analysis to determine the merits of seeking the removal as to each case. To date, PREPA has removed one action: *Puerto Rico Power Authority v. Puerto Rico Energy Commission*, No. 17-AP-256-LTS.

---

[3] In cases under title 11 of the United States Code, 28 U.S.C. § 1452 provides the authority for the removal of civil claims and actions. PROMESA section 306(d)(1) tracks the language of 28 U.S.C. § 1452(a).

15. PREPA and its professionals are continuing to review the 300-plus civil actions to determine which civil action(s) should be removed. However, as a result of the destruction wrought by Hurricanes Irma and Maria, it was necessary, in order to ensure PREPA is able to restore and continue its operations, to divert PREPA's personnel, professionals, and resources to the restoration and recovery of PREPA's electric system, and acquisition of postpetition financing for PREPA's ongoing operations (culminating in PREPA's filing of the *Urgent Joint Motion of the Financial Oversight and Management Board for Puerto Rico and the Puerto Rico Fiscal Agency and Financial Advisory Authority for Entry of Interim and Final Orders (A) Authorizing Postpetition Secured Financing, (B) Granting Priming Liens and Providing Superpriority Administrative Expense Claims, (C) Modifying the Automatic Stay, (D) Scheduling a Final Hearing, and (E) Granting Related Relief* [Case No. 17-04780-LTS; ECF No. 549], on January 27, 2018). As such, PREPA has not been able to dedicate its limited resources to determine whether additional actions should be removed pursuant to Bankruptcy Rule 9027(a). Accordingly, PREPA believes cause exists for the Court to grant an additional extension of an additional 121 days (through and including June 1, 2018) for PREPA to review and analyze the civil actions to which it is a party.

**Entry of the Bridge Order is Appropriate**

16. Because a hearing on the Motion has been scheduled for March 7, 2018 and pursuant to the Extension Order, the time within which PREPA may file notices of removal under Bankruptcy Rule 9027(a) is the later of: (i) January 31, 2018; or (ii) any later date prescribed by Bankruptcy Rule 9027(a)(2) and (a)(3), PREPA respectfully submits that entry of the Proposed Bridge Order approving an extension of the time within which PREPA may file

6

notices of removal under Bankruptcy Rule 9027(a) through the March omnibus hearing is appropriate and will not prejudice any party.[4]

## Notice

17. PREPA has provided notice of this Motion to (collectively, the "Notice Parties"): (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for PREPA's bonds; (c) the statutory committee appointed in this Title III Case; (d) the Office of the United States Attorney for the District of Puerto Rico; (e) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority; (f) the Puerto Rico Department of Justice; and (g) all parties filing a notice of appearance in these Title III Cases. PREPA submits that, in light of the nature of the relief requested, no other or further notice need be given.

## Reservation of Rights

18. The Oversight Board files this Motion without prejudice to or waiver of its rights pursuant to PROMESA section 305,[5] and do not by this Motion provide any consent (of PREPA or the Oversight Board) otherwise required by section 305.

---

[4] Other districts provide that a bridge order is not necessary under their local rules when a motion to extend time to take an action is filed before the expiration of the period proscribed by the Bankruptcy Code. *See, e.g.* Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware 9006-2; Local Bankruptcy Rules for the Southern District of New York 9006-2. The Puerto Rico Local Bankruptcy Rules do not contain such rule. Where there is no such local rule, courts have granted movants a bridge order pending a hearing on a motion to extend time to take an action. *See, e.g., Bridge Order Pending a Hearing on the Liquidating Trustee's Motion for Entry of an Order, Pursuant to Bankruptcy Rules 9006 and 9027, Extending the Period Within Which Actions May Be Removed Pursuant to 28 U.S.C. § 1452, In re Hovensa L.L.C.*, Case No. 15-BK-1000-MFW, ECF No. 989 (Bankr. D.V.I. Dec. 15, 2017).

[5] PROMESA section 305 provides:

Subject to the limitations set forth in titles I and II of this Act, notwithstanding any provision in this title to the contrary, unless the Oversight Board consents or the plan so provides, the court may not, by any stay, order, or decree, in the case or otherwise, interfere with—

(1) any of the political or governmental powers of the debtor;

(2) any of the property or revenues of the debtor; or

(3) the use or enjoyment by the debtor of any income-producing property.

WHEREFORE, PREPA respectfully requests the Court enter the Proposed Bridge Order and Proposed Order, granting the relief requested in the Motion, and granting PREPA such other relief as is just and proper.

Dated: January 30, 2018
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (admitted *pro hac vice*)
Paul V. Possinger (admitted *pro hac vice*)
Ehud Barak (admitted *pro hac vice*)
Maja Zerjal (admitted *pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for PREPA*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
205 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-1813
Fax: (787) 753-8944

*Co-Attorney for the Financial Oversight and Management Board as representative for PREPA*

## Exhibit A

**Proposed Bridge Order**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

    Debtors.¹

PROMESA
Title III

Case No. 17 BK 3283-LTS

(Jointly Administered)

-------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO ELECTRIC POWER AUTHORITY,

    Debtor.

PROMESA
Title III

Case No. 17 BK 4780-LTS

**RE: ECF No. \_\_\_**

-------------------------------------------------------------------x

**BRIDGE ORDER PENDING HEARING ON PREPA'S MOTION
FOR ENTRY OF (I) BRIDGE ORDER AND (II) ORDER PURSUANT
TO RULE 9006(b) OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE FURTHER ENLARGING THE TIME WITHIN WHICH
<u>TO FILE NOTICES OF REMOVAL PURSUANT TO BANKRUPTCY RULE 9027</u>**

---

¹ The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon *PREPA's Motion for Entry of (I) Bridge Order and (II) Order Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedures Further Enlarging the Time within which to File Notices of Removal Pursuant to Bankruptcy Rule 9027* (the "<u>Motion</u>");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to section 307(a) of PROMESA; and the Court having found that the relief requested in the Motion is in the best interests of PREPA, its creditors, and other parties in interest; and the Court having found that PREPA provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard the statements of counsel in support of the Motion at a hearing held before the Court (the "<u>Hearing</u>"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

    1.    The Motion is GRANTED as set forth herein.

    2.    The deadline for PREPA to file notices of removal under Bankruptcy Rule 9027(a) is extended through and including THE Court's adjudication of the Motion, currently set for March 7, 2018 at 9:30 a.m. (Atlantic Standard Time).

    3.    The foregoing is without prejudice to PREPA's right to seek further extensions of the time within which to remove related proceedings

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

2

4. Nothing herein is intended to, shall constitute, or shall be deemed to constitute PREPA's or the Oversight Board's consent, pursuant to PROMESA section 305, to this Court's interference with (a) any of the political or governmental powers of PREPA, (b) any of the property or revenues of PREPA, or (c) the use or enjoyment of PREPA of any income-producing property.

5. Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. PREPA and the Oversight Board, as PREPA's representative, have consented to the relief in this Order, and are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

7. The Court retains exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation and enforcement of this Order.

Dated: _____, 2018  _____
Honorable Laura Taylor Swain
United States District Judge

## Exhibit B

**Proposed Order**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | Case No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | (Jointly Administered) |
| Debtors.[1] | |

------------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | Case No. 17 BK 4780-LTS |
| PUERTO RICO ELECTRIC POWER AUTHORITY, | **RE: ECF No. ___** |
| Debtor. | |

------------------------------------------------------------------x

**ORDER PURSUANT TO RULE 9006(b) OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE FURTHER
ENLARGING THE TIME WITHIN WHICH PREPA MAY FILE
<u>NOTICES OF REMOVAL PURSUANT TO BANKRUPTCY RULE 9027</u>**

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon *PREPA's Motion for Entry of (I) Bridge Order and (II) Order Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedures Further Enlarging the Time within which to File Notices of Removal Pursuant to Bankruptcy Rule 9027* (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to section 307(a) of PROMESA; and the Court having found that the relief requested in the Motion is in the best interests of PREPA, its creditors, and other parties in interest; and the Court having found that PREPA provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard the statements of counsel in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The deadline for PREPA to file notices of removal under Bankruptcy Rule 9027(a) is extended through and including through the later of: (i) June 1, 2018; or (ii) any later date prescribed by Bankruptcy Rule 9027(a)(2) and (a)(3).

3. The foregoing is without prejudice to PREPA's right to seek further extensions of the time within which to remove related proceedings

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

2

4. Nothing herein is intended to, shall constitute, or shall be deemed to constitute PREPA's or the Oversight Board's consent, pursuant to PROMESA section 305, to this Court's interference with (a) any of the political or governmental powers of PREPA, (b) any of the property or revenues of PREPA, or (c) the use or enjoyment of PREPA of any income-producing property.

5. Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. PREPA and the Oversight Board, as PREPA's representative, have consented to the relief in this Order, and are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

7. The Court retains exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation and enforcement of this Order.

Dated: _____, 2018     _____
                                                                                      Honorable Laura Taylor Swain
                                                                                      United States District Judge