**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO ELECTRIC POWER AUTHORITY ("PREPA"),

    Debtor.

PROMESA
Title III

No. 17 BK 4780-LTS

**Court Filing Relates Only to PREPA and Shall Only be Filed in Case No. 17-BK-4780 (LTS)**

---------------------------------------------------------------x

**URGENT MOTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO FOR ENTRY OF ORDER CLARIFYING SCOPE OF INTERIM HEARING ON URGENT JOINT MOTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO AND THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY FOR ENTRY OF INTERIM AND FINAL ORDERS (A) AUTHORIZING POSTPETITION SECURED FINANCING, (B) GRANTING PRIMING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (C) MODIFYING THE AUTOMATIC STAY, (D) SCHEDULING A FINAL HEARING, AND (E) GRANTING RELATED RELIEF**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

To The Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtor's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this urgent motion (the "Urgent Motion") pursuant to sections 105(a) and 364(d) of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to the Debtor's title III case pursuant to PROMESA section 301(a), and in compliance with the *Order Further Amending Case Management Procedures* [Case No. 17-3283, Docket No. 1512] (the "Case Management Procedures") and Puerto Rico Local Bankruptcy Rule 9013-1 ("Local Rule 9013-1"), for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), clarifying the evidentiary issues to be addressed at the interim hearing scheduled for February 7, 2018, at 9:30 a.m. (Atlantic Standard Time) (the "Interim Hearing") on the *Urgent Joint Motion of the Financial Oversight and Management Board for Puerto Rico and the Puerto Rico Fiscal Agency and Financial Advisory Authority for Entry of Interim and Final Orders (A) Authorizing Postpetition Secured Financing, (B) Granting Priming Liens and Providing Superpriority Administrative Expense Claims, (C) Modifying the Automatic Stay, (D) Scheduling a Final Hearing, and (E) Granting Related Relief* [ECF No. 549] (the "Postpetition Financing Motion"). In support of this Urgent Motion, the Debtor respectfully represents as follows:

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

**Jurisdiction and Venue**

1. The Court has subject-matter jurisdiction over this Urgent Motion pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

3. The statutory basis for the relief requested herein is Bankruptcy Code sections 105(a) and 364(d), made applicable to this case pursuant to PROMESA section 301(a).

4. The relief requested in this Urgent Motion is in compliance with the Case Management Procedures and Local Rule 9013-1.

**Background**

5. On January 27, 2018, the Debtor filed the Postpetition Financing Motion, which seeks, among other things, to authorize the Debtor to access a postpetition financing facility (the "Facility")[3] of up to $1.3 billion from the Commonwealth of Puerto Rico (the "Lender") on a senior, secured basis and to provide the Lender with a superpriority administrative claim.

6. The preliminary terms of the Facility are summarized in the Postpetition Financing Motion. (Dkt. No. 549 at 1–7.) Among those terms, PREPA would receive initial financing of $550 million, which after the final hearing and entry of a final order approving the loan, may be increased by increments of $250 million up to $1.3 billion if approved by the Oversight Board and the Lender. The loan would carry a zero percent interest rate for the first six months, and there would be no penalty for prepayment. If any portion of the financing provided by the Lender is forgiven by its subsequent lender, the Facility shall be forgiven in an equal amount. PREPA can use the financing only for its operational expenses constituting

---

[3] Terms not defined herein shall have the meaning ascribed to them in the Postpetition Financing Motion.

3

Eligible Uses (as defined in the Facility). The Lender would be secured by a first-priority priming lien on PREPA's Revenues (as defined in the Trust Agreement).

7. In discussions that have occurred with putative stakeholders since the filing of the Postpetition Financing Motion, the Oversight Board, as representative of the Debtor, has learned that Commonwealth creditors and PREPA creditors are seeking discovery in pursuit of evidence on a host of issues, which could cause the Interim Hearing to last several days if the Court allows all the issues to be litigated. The Oversight Board files this Urgent Motion to request a ruling as to the permissible scope of the Interim Hearing, so parties can come to court prepared for those issues, and not have to bring witnesses for other issues. (The Oversight Board reserves all rights to object to the standing of any litigant, especially GO creditors, given that Bankruptcy Code section 363 does not apply in the Commonwealth Title III case).

8. Pursuant to this Court's order [ECF No. 548], the deadline for parties in interest to file objections to the Postpetition Financing Motion is February 1, 2018, at 5:00 p.m. (EST), and the deadline for the Debtor to file a reply to any objections is February 3, 2018, at 5:00 p.m. (EST). The Interim Hearing is scheduled for February 7, 2018, at 9:30 a.m. (AST).

**Relief Requested**

9. Pursuant to section 364(d)(1) of the Bankruptcy Code, and given that the Facility will be subject to modification by the Court at the Final Hearing for cash advances made after the resolution of the Final Hearing, the only two issues section 364(d)(1) allows for are whether PREPA could obtain similar or better financing without providing to the Commonwealth a priming lien and superpriority claim, and whether PREPA's bondholders, asserting a security interest in PREPA's Revenue, are adequately protected.

10. The Oversight Board will show: (a) no other entity offered to provide money at zero interest for 6 months without a priming lien and superpriority claim, and (b) PREPA's bondholders are adequately protected because their lien is subject to Current Expenses, the loan can only be used to pay Eligible Uses, and turning off the power due to lack of money renders the bondholders' liens less valuable than if the loan is made.

11. Despite this limited review, some of the putative stakeholders have indicated that they intend to present evidence at the Interim Hearing concerning matters beyond those two issues—including evidence concerning the effect of the Facility on the Lender.

12. Accordingly, PREPA submits this Urgent Motion asking the Court to clarify that the parties should limit any evidence that they intend to present at the Interim Hearing to the issues in paragraph 9 above.

**Basis for Relief**

13. Pursuant to section 364(d)(1) of the Bankruptcy Code, made applicable to the Title III case by PROMESA section 301, the Court may authorize a debtor to obtain financing subject to a priming lien if:

> (A) the trustee is unable to obtain such credit otherwise; and
>
> (B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.

14. As a practical matter, the Oversight Board does not believe any litigant wants PREPA to turn off the lights. That would harm PREPA creditors, Commonwealth creditors, and all Commonwealth residents. Rather, in general, PREPA creditors would prefer more lenient terms and Commonwealth creditors would prefer more expensive terms. Some creditors challenge PREPA's business decisions as to how to use and collect cash. We submit that none of these issues are material to the application of section 364(d)(1) to the facts.

5

15. Through a meet and confer concerning discovery requests, PREPA has learned that certain objectors to the Postpetition Financing Motion intend to present evidence at the Interim Hearing concerning the effect of the Facility on the Lender and its creditors. Those issues are irrelevant to the Postpetition Financing Motion. Section 364 of the Bankruptcy Code does not permit the Court to consider the Lender or its creditors when deciding whether to approve postpetition financing. Moreover, PROMESA section 305 forbids the Court from deciding that the Lender (a Title III debtor itself) "must conduct its affairs in a manner different from the one it has chosen." *See ACP Master, Ltd. v. Commonwealth of Puerto Rico*, No. 17-00189-LTS, Dkt. No. 124, slip op. at 18 (January 30, 2018) (decision on motion to dismiss). The Lender has made a good-faith decision that offering the Facility is in its own best interest, and PROMESA section 305 prevents this Court from blocking the Lender from carrying out that decision. Also, section 363 of the Bankruptcy Code is not incorporated into PROMESA, and thus no Court approval is required for the Commonwealth to use, sell, lease, or lend its assets.[4]

**Certification in Compliance with the Case Management Procedures and Local Rule 9013-1**

16. Pursuant to Local Rule 9013-1 and section I.H of the Case Management Procedures, PREPA hereby certifies that it has (a) carefully examined the matter and concluded that there is a true need for an urgent hearing; (b) not created the urgency through any lack of due diligence; (c) made a bona fide effort to resolve the matter without a hearing; and (d) made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court. PREPA does not know whether there will be objections to this Motion.

---

[4] The Commonwealth will still need to comply with requirements of PROMESA Title II (*e.g.* PROMESA § 207).

**Reservation of Rights**

17. PREPA and the Oversight Board reserve all rights with respect to the Postpetition Financing Motion, and nothing in this Urgent Motion should be considered a waiver of any argument.

WHEREFORE PREPA respectfully requests the Court to enter an order, substantially in the form attached hereto as **Exhibit A**, (a) granting this Urgent Motion; (b) clarifying the only issues to be heard at the Interim Hearing are whether (i) the Debtor can obtain postpetition financing without a priming lien and superpriority claim, and (ii) the lien being primed is not adequately protected; and (c) granting PREPA such other relief as is just and proper.

Dated: January 31, 2018
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Maja Zerjal (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtor*

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtor*

## **Exhibit A**

[Proposed Order]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

-------------------------------------------------------------x
In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

-------------------------------------------------------------x
In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO ELECTRIC POWER AUTHORITY
("PREPA"),

    Debtor.

PROMESA
Title III

No. 17 BK 4780-LTS

-------------------------------------------------------------x

**[PROPOSED] ORDER GRANTING URGENT MOTION OF
THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD
FOR PUERTO RICO FOR ENTRY OF ORDER CLARIFYING SCOPE OF
INTERIM HEARING ON URGENT JOINT MOTION OF THE FINANCIAL
OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO AND THE PUERTO
RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY FOR ENTRY
OF INTERIM AND FINAL ORDERS (A) AUTHORIZING POSTPETITION SECURED
FINANCING, (B) GRANTING PRIMING LIENS AND PROVIDING SUPERPRIORITY
ADMINISTRATIVE EXPENSE CLAIMS, (C) MODIFYING THE AUTOMATIC STAY,
(D) SCHEDULING A FINAL HEARING, AND (E) GRANTING RELATED RELIEF**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

Upon the *Urgent Motion of the Financial Oversight and Management Board for Puerto Rico for Entry of Order Clarifying Scope of Interim Hearing on Urgent Joint Motion of the Financial Oversight and Management Board for Puerto Rico and the Puerto Rico Fiscal Agency and Financial Advisory Authority for Entry of Interim and Final Orders (a) Authorizing Postpetition Secured Financing, (b) Granting Priming Liens and Providing Superpriority Administrative Expense Claims, (c) Modifying the Automatic Stay, (d) Scheduling a Final Hearing, and (e) Granting Related Relief* (the "Urgent Motion");[2] and the Court having found it has subject-matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Urgent Motion is in compliance with the Case Management Procedures and Local Rule 9013-1, and is in the best interests of PREPA, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

2. The only issues to be heard at the Interim Hearing on the Postpetition Financing Motion are whether (i) the Debtor can obtain postpetition financing without granting a priming lien and superpriority claim, and (ii) any lien being primed is not adequately protected.

3. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.

Dated: _____, 2018

                                                                                                                                                                                          LAURA TAYLOR SWAIN
                                                                 United States District Judge

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Urgent Motion.