**Hearing Date**: March 7, 2018 at 8:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: February 20, 2018 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
     as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO, *et al.*, : (Jointly Administered)
:
Debtors.[1] :
------------------------------------------------------------------------ x

**NOTICE OF HEARING ON APPLICATION FOR ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 1103(a) AND LOCAL BANKRUPTCY RULE 2014-1, AUTHORIZING EMPLOYMENT AND RETENTION OF KROMA ADVERTISING, INC. AS COMMUNICATIONS ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF FEBRUARY 1, 2018**

**PLEASE TAKE NOTICE** that a hearing on the annexed *Application for Order, Pursuant to Bankruptcy Code Section 1103(a) and Local Bankruptcy Rule 2014-1, Authorizing Employment and Retention of Kroma Advertising, Inc. as Communications Advisor to Official Committee of Unsecured Creditors, Effective as of February 1, 2018* (the "Application") filed by the Official Committee of Unsecured Creditors of all title III Debtors (other than COFINA), pursuant to section 1103(a) of the Bankruptcy Code, made applicable to these cases by section 301 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 or "PROMESA," will be held before the Honorable Laura Taylor Swain United States District

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

Court Judge, at the United States District Court for the District of Puerto Rico, in Room 3, 150 Carlos Chardón Street, Federal Building, Office 150, San Juan, Puerto Rico 00918-1767 on **March 7, 2018 at 8:30 a.m. (ET) / 9:30 a.m. (AST)** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections") to the Application by any party shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Puerto Rico, shall be filed with the court (a) by attorneys practicing in the District Court, including attorneys admitted pro hac vice, electronically in accordance with rule 5 of the Local Rules for the District of Puerto Rico, and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF), and served on Paul Hastings LLP so as to be received no later than **February 20, 2018 at 3:00 p.m. (ET) / 4:00 p.m. (AST)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an Objection to the Application is not received by the Objection Deadline, **the relief requested shall be deemed unopposed, and the District Court may enter an order granting the relief sought without a hearing pursuant to the Third Amended Case Management Procedures**.

Dated: February 1, 2018    /s/ G. Alexander Bongartz
San Juan, Puerto Rico

PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
Andrew V. Tenzer *(Pro Hac Vice)*
Michael E. Comerford *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
andrewtenzer@paulhastings.com

2

michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

- and -

*/s/ Juan J. Casillas Ayala*

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*

**Hearing Date**: March 7, 2018 at 8:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: February 20, 2018 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x
                                                                         :
In re:                                                                   :
                                                                         :
THE FINANCIAL OVERSIGHT AND                                              : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                        : Title III
                                                                         :
    as representative of                                            : Case No. 17-BK-3283 (LTS)
                                                                         :
THE COMMONWEALTH OF PUERTO RICO, *et al.*,                               : (Jointly Administered)
                                                                         :
    Debtors.[1]                                                     :
------------------------------------------------------------------------ x

**APPLICATION FOR ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 1103(a) AND LOCAL BANKRUPTCY RULE 2014-1, AUTHORIZING EMPLOYMENT AND RETENTION OF KROMA ADVERTISING, INC. AS COMMUNICATIONS ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF FEBRUARY 1, 2018**

To the Honorable United States District Court Judge Laura Taylor Swain:

    The Official Committee of Unsecured Creditors of all title III Debtors (other than COFINA) (the "Committee") hereby submits this application (the "Application") for entry of an order authorizing the retention and employment of Kroma Advertising, Inc. ("Kroma") as its communications advisor, effective as of the date of this Application, *i.e.*, February 1, 2018.  In support of this Application, the Committee relies upon the declaration of Bernardo Medina Colón (the "Medina Declaration"), attached hereto as Exhibit B, and respectfully represents as follows:

---

[1]   The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

**PRELIMINARY STATEMENT**

1. As the court is well aware, the claims-filing process is particularly daunting in these title III cases. The Debtors have listed hundreds of thousands of creditors, many of whom are individuals or small businesses based in Puerto Rico who likely have no experience navigating the bankruptcy process. Moreover, the island's electricity, transportation, and communications infrastructure was recently devastated by Hurricane María and has yet to be fully restored. Thus, a vast number of Puerto Rico based creditors (many of whom may have been displaced from their home or business) must participate in the claims-filing process under exceptionally difficult circumstances.

2. In light of the foregoing, and as the Committee previously advised the court, the Committee has determined to offer tutorial programs in Puerto Rico to assist local Puerto Rico based creditors with the claims-filing process. These programs, however, will only be effective, if the Committee can "get the word out" to creditors that they can avail themselves of this opportunity. For that reason, the Committee has determined to engage the assistance of Kroma, a communications and public relations firm, to develop and implement a comprehensive communications strategy as well as related matters. In light of the significance of the claims-filing process and the unique challenges faced by Puerto Rico creditors, the Committee believes that the retention of a communications firm is warranted and, accordingly, requests that this court approve the Committee's retention of Kroma. The court previously approved the retention of such a communications firm by the official retiree committee. *See* paragraph 11 *infra*.

**BACKGROUND**

3. On May 3, 2017, the Oversight Board commenced a title III case for the Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to section 304(a) of PROMESA. Thereafter, the Oversight Board commenced a title III case for each of COFINA, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Electric Power Authority (collectively, the "Title III Cases"). By orders dated June 29, 2017 [Docket No. 537] and October 6, 2017 [Docket No. 1417], the court approved the joint administration of the Title III Cases.

4. On June 15, 2017, the Office of the United States Trustee for the District of Puerto Rico (the "U.S. Trustee") appointed the Committee as the official committee for the Commonwealth [Docket No. 338]. On August 25, 2017, the U.S. Trustee filed an *Amended Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 1171], which expanded the role of the Committee to be the official committee for HTA, ERS , and PREPA. Accordingly, the Committee is the representative of all of the unsecured creditors of all title III Debtors (other than COFINA and the retirees).

5. On January 25, 2018, the Committee selected Kroma as its communications advisor. The engagement letter (the "Engagement Letter") providing the terms and conditions of the Committee's proposed retention of Kroma is attached hereto as Exhibit C.

**JURISDICTION AND VENUE**

6. The court has jurisdiction over this matter pursuant to PROMESA § 306(a), and venue is proper pursuant to PROMESA § 307(a).

**RELIEF REQUESTED**

7. By this Application, the Committee seeks the entry of an order authorizing the retention and employment of Kroma as communications advisor to the Committee, effective as of the date of this Application,[2] pursuant to Bankruptcy Code section 1103(a) made applicable to the Title III Cases by PROMESA section 301(a), Bankruptcy Rule 2014(a) made applicable to the Title III Cases by PROMESA section 310, Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), and, to the extent required by the foregoing, the guidelines adopted by the Executive Office for United States Trustees ("EOUST"). To the extent the Application does not comply in every respect with such requirements, the Committee respectfully requests a waiver for any such non-compliance.

**KROMA'S QUALIFICATIONS**

8. Kroma is well qualified to serve as a communications advisor to the Committee. Kroma is a multi-city firm, specializing in marketing communications, with offices in San Juan, Madrid, Washington D.C., and New York. Since it was founded in 2000, it has represented clients such as Hershey's, Chili's, P.F. Chang's, and the Sheraton Hotel Puerto Rico & Casino, among others. Kroma is a full service communications firm, offering public relations & crisis management, media outreach & publicity, and social media management & digital content created related services, among others with a goal toward tailoring strategic and innovative ideas.

---

[2] Pursuant to Local Bankruptcy Rule 2014-1(e), if the court approves an application for the employment of a professional person, the approval is deemed effective as of the date of filing of the application.

**SCOPE OF SERVICES**

9. Kroma will provide assistance to the Committee in accordance with the terms and conditions which are set forth in the Medina Declaration and in the Engagement Letter. Specifically, and subject in all instances to the instructions of the Committee, Kroma's primary and most critical task will be to develop and implement a comprehensive communications strategy through various media to generate awareness of the Committee's efforts to provide assistance (including tutorial sessions) to Puerto Rico-based creditors in connection with the claims-filing process in the Title III Cases, as well as matters related thereto.

10. Further, Kroma will (i) design and implement a comprehensive strategy, including a re-designed Committee website, to raise awareness of, among other things, the Committee's efforts to provide assistance to Puerto Rico-based creditors in connection with the claims-filing process, (ii) establish and maintain an active social media page for educational and informative purposes, including with respect to the claims- filing process, and (iii) provide other communications-related services as requested by the Committee.

11. The Committee also notes that, by order dated October 6, 2017 [Docket No. 1415], this court approved the retention of Marchand ICS Group ("Marchand") to provide communications-related services to the Official Committee of Retired Employees of Puerto Rico (the "Retiree Committee"). Among other things, Marchand is assisting the Retiree Committee with (a) providing to retirees timely updates on the status of the Title III Cases and their impact on retirees, (b) implementing a communications and messaging plan, as necessary, to deliver clear and consistent messaging to retirees, and (c) forward facing communications or public relations needs as necessary to best represent the interests of the Retiree Committee's

Document Page 9 of 13

constituents. The Committee submits that the communications services to be provided by Kroma are consistent with the services provided by Marchand to the Retiree Committee.[3]

12. In light of the foregoing, the Committee request that, if no timely objection is received, the District Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief sought in this Motion without a hearing pursuant to the Third Amended Case Management Procedures.

## TERMS OF RETENTION AND COMPENSATION

13. The Medina Declaration and the Engagement Letter set forth the terms and conditions of Kroma's employment, its staffing and approach, and its billing practices. Kroma has requested that the Committee seek this court's approval of such matters with the filing of this Application.

14. Kroma will charge a monthly flat fee of $30,000 for recurring services. The Kroma personnel involved in this project will include: President, Project Manager, Senior Account, Digital Manager, Digital Account Executive, and Media Director. Kroma charges for reasonably incurred, out-of-pocket expenses such as production costs for invitations and signage material, among others, and media space in traditional and digital media, but will present an estimate for the Committee's approval before incurring any such out-of-pocket expense.

15. Kroma will submit monthly fee statements in accordance with the *Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (as amended, the "Interim Compensation Order").

---

[3] While the Committee previously retained Prime Clerk LLC ("Prime Clerk") as information services agent, the scope of the services provided by Prime Clerk is limited in nature and principally focused on establishing and maintaining the Committee's website. Prime Clerk does not advise the Committee on matters related to developing and implementing a communications strategy. Accordingly, the Committee respectfully submits that Kroma's retention is not duplicative of Prime Clerk's retention.

16. Kroma negotiated the terms and conditions of the Engagement Letter at arm's length and in good faith.

17. Neither the Committee nor any of its members, agents, attorneys or advisors are or shall be responsible for the payment of Kroma's fees and costs arising out of the engagement described and referenced herein, regardless of whether or not Kroma is paid in full by the Debtors.

18. The Committee believes that, in light of the nature and complexity of these Title III Cases and Kroma's qualifications, the above rates, and the terms and conditions of Kroma's employment, are reasonable.

## KROMA'S DISINTERESTEDNESS

19. As described in the Medina Declaration, Kroma has conducted a search of its client database and has made other internal inquiries about connections with certain Parties in Interest (as defined in the Medina Declaration and attached thereto as Exhibit B). The Medina Declaration sets forth the scope of the search and those inquiries and their results.

20. The Committee believes that none of Kroma's connections to Parties in Interest identified in the Medina Declaration disqualify Kroma from serving as communications advisor to the Committee. Based upon the Medina Declaration, the Committee believes that Kroma does not hold or represent an interest adverse to the Title III Cases and that Kroma's professionals do not hold or represent any interest adverse to these Title III Cases or the Debtors. The disclosures by Kroma set forth in the Medina Declaration have been made based upon a review of the best information available at the time.

21. Kroma has indicated that it will promptly supplement the Medina Declaration, disclosing any material developments regarding the Debtor or any other pertinent relationships

that require disclosure in the above-referenced Title III Cases, if and when any such developments or relationships come to Kroma's attention.

22. For all these reasons, the Committee believes that the employment of Kroma is in the best interests of the Committee and desires to employ Kroma, effective as of the date of this Motion, *i.e.*, February 1, 2018, with compensation to be subject to the Interim Compensation Order.

## NOTICE

23. Notice of this Application has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United State Attorney for the District of Puerto Rico; (iii) the Oversight Board; (iv) the Puerto Rico Fiscal Agency and Financial Advisory Authority; (v) the official committee of retirees; (vi) the insurers of the bonds issued or guaranteed by the Debtors; (vii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors;[4] and (viii) all parties that have filed a notice of appearance in the Title III Cases.

## NO PRIOR REQUEST

24. No previous application for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

---

[4] Which include the Mutual Fund Group, the Ad Hoc Group of General Obligation Bondholders, the COFINA Senior Bondholders' Coalition, and the QTCB Noteholder Group, each as such group is defined at Docket Nos. 28, 68, 216, and 134, respectively.

WHEREFORE, the Committee respectfully requests that the court enter an order substantially in the form attached hereto as <u>Exhibit A</u>, authorizing the Committee to employ and retain Kroma, effective as of February 1, 2018, and granting such other and further relief as the court deems just and proper.

                **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

By:    Puerto Rico Hospital Supply, Inc.
         Solely in its capacity as member of the Committee (and not in its individual capacity); authorized by the Committee to sign this Application

By: <u>/s/ Felix B. Santos</u>

      Name:  Felix B. Santos
      Title:   President

Filed by:        <u>/s/ G. Alexander Bongartz</u>

PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
Andrew V. Tenzer *(Pro Hac Vice)*
Michael E. Comerford *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
andrewtenzer@paulhastings.com
michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

- and -

/s/ *Juan J. Casillas Ayala*

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*