UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

**Re: ECF Nos. 543, 1922, 2141, 2172, 2205, 2263, 2264**

(Jointly Administered)

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO

    Debtor.

PROMESA
Title III

No. 17 BK 3283-LTS

**This Objection relates only to the Commonwealth and shall only be filed in the lead Case No. 17 BK 3283-LTS.**

---------------------------------------------------------------x

### THE COMMONWEALTH OF PUERTO RICO'S OBJECTION TO NIEVES-LÓPEZ MOTION FOR RECONSIDERATION

To the Honorable United States District Court Judge Laura Taylor Swain:

    The Commonwealth of Puerto Rico (the "Commonwealth") respectfully submits this objection (the "Objection")[2] to the *Motion for Reconsideration* (the "Reconsideration Motion")

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not otherwise defined herein have the meanings give to them in the *Objection of the Commonwealth to Motion for Relief from Stay Filed by Beatriz Nieves-López, et al.* [ECF No. 2141] (the "Commonwealth Objection"). The Financial Oversight and Management Board for Puerto Rico (the

[ECF No. 2263] filed by Beatriz Nieves-López and 26 other plaintiffs (collectively, "Movants") in the case captioned *Nieves-López et al. v. Bhatia-Gautier et al.*, Civil Case No. 14-1220 (the "Prepetition Action"). For the reasons stated below, the Commonwealth respectfully requests that the Court deny the Reconsideration Motion.

## PRELIMINARY STATEMENT

1. Movants' Reconsideration Motion should be denied for three principal reasons. First, Movants have failed to meet the extremely high standard for granting reconsideration. *See In re Pabón Rodríguez*, 233 B.R. 212, 220 (Bankr. D.P.R. 1999), *aff'd*, 2000 WL 35916017 (B.A.P. 1st Cir. 2000), *aff'd*, 17 F. App'x 5 (1st Cir. 2001) ("A motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources."). When filing a motion for reconsideration, a movant "must either clearly establish a manifest error of law or must present newly discovered evidence." *Id.* at 219. Thus, Movants are required to identify new evidence or demonstrate that the *Memorandum Order Denying Motion For Relief From Stay Filed By Beatriz Nieves-López, Et Al. (Docket Entry No. 1922)* [ECF No. 2205] (the "Order") contains a manifest error in the application of law or fact. Movants fail this test because they rely on the same arguments presented in their original stay motion, all of which the Court already considered and rejected.

2. Second, Movants insist in re-litigating the applicability of the stay in the Prepetition Action despite a prior determination of another Court holding that the stay clearly applies to Movants' claims. *See* Case No. 14-cv-01220-JAG, ECF No. 67 ("This case is stayed

---

"Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Department of Justice to file this Objection on behalf of the Commonwealth

2

pursuant to 48 U.S.C. sec. 2161(a), and 11 U.S.C. sec. 362(a) and 922."), ECF No. 69 (same). PROMESA section 301(a) specifically incorporates Bankruptcy Code sections 362(a) and 922(a) to cases commenced under Title III. As other courts have held, Section 1983 suits brought against government officials, in their personal and official capacities, are stayed under sections 362(a) and 922(a). *See, e.g., In re City of Stockton*, 484 B.R. 372, 375 (Bankr. E.D. Cal. 2012). Moreover, this Court entered an order expressly confirming the application of the automatic stay under sections 362(a) and 922(a) to the Commonwealth's Title III case. *See Order Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365 and 922 Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition Lawsuits, and (III) Application of Contract Protections* [ECF No. 543]. Movants' arguments that the Title III Stay is inapplicable to their Prepetition Action are therefore unpersuasive. This constitutes an independent basis for denying the Reconsideration Motion.

3. Third, Bankruptcy Code section 362(d)(1), made applicable by PROMESA section 301(a), provides that a court may grant relief from the automatic stay only "for cause." *See* 11 U.S.C. § 362(d)(1). Movants have not established the requisite cause in order for the Court to grant relief from the Title III Stay, and rely on the same arguments already adjudicated and rejected by this Court.

4. For the foregoing reasons, the Court should deny the Reconsideration Motion.

**OBJECTION**

**I. MOVANTS FAIL TO SATISFY THE STRICT TEST TO JUSTIFY RECONSIDERATION OF THE ORDER**

5. Movants rest their case on the same arguments they presented in their original stay motion, all of which the Court already considered and rejected, and accordingly fail to meet

3

the "extraordinary" standard for reconsideration. "A motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources." *Pabón Rodriguez*, 233 B.R. at 220. For reconsideration to be granted, the movant must demonstrate a "manifest error of law or must present newly discovered evidence.'" *Cherena v. Coors Brewing Co.*, 20 F. Supp. 2d 282, 287 (D.P.R. 1998) (denying reconsideration where lower court did not overlook any facts and considered all issues raised by movant) (internal quotations and citations omitted); *see also Order Denying Caribbean Airport Facilities, Inc.'s Motion for Reconsideration* [ECF No. 1045] (denying reconsideration where movant had not met the "extraordinary" burden of establishing a manifest error of law or proffering newly discovered evidence); *Order Denying Cooperativa De Seguros Multiples' Motion For Reconsideration Of Order* [ECF No. 2225] (denying reconsideration where movant had not met the burden of establishing a manifest error of law or proffering newly discovered evidence justifying reconsideration).

6. A movant may not use a motion for reconsideration "to repeat old arguments previously considered and rejected" by the Court or "to raise new legal theories that should have been raised earlier." *Nat'l Metal Finishing Com.,* 899 F.2d 119, 123 (1st Cir. 1990); *see also Rivera Martell v. Am. Express*, Case No. CV 05-2131 (JAG), 2008 WL 11357814, at *1 (D.P.R. Aug. 1, 2008) (denying reconsideration of summary judgment motion where movant failed to present new evidence and failed to allege a manifest error of law or fact in the court's order); *Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. 310, 314 n. 3 (M.D. Pa. 1994) (a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already disposed of by the court).

7. Here, Movants do not present any new evidence in this matter, nor do Movants

4

identify a manifest error of application of the law or fact in the Order. Movants rest on the same arguments and case law that this Court has already considered and ruled upon. Movants argue that (i) the Title III Stay does not apply to Movants because the claims for monetary damages are against government officials in their personal capacities;[3] (ii) that the Title III Stay does not cover claims for injunctive relief against the state where relief under Section 1983 is sought;[4] (iii) the Court has exclusive jurisdiction to determine the applicability of the Title III Stay and that collateral estoppel does not apply;[5] and (iv) in the alternative, cause exists under the *Sonnax* factors to modify the Title III Stay.[6] The Court has considered these arguments and, with the benefit of the Commonwealth Objection, denied Movants' iterated and recycled request for the relief in the Reconsideration Motion. *See* Order at 3–5.

8. Accordingly, Movants have failed to meet the "extraordinary" standard for reconsideration and their request for reconsideration should be denied. *See Order Denying Caribbean Airport Facilities, Inc.'s Motion for Reconsideration* [ECF No. 1045] at 2 (denying reconsideration where "Movant has not identified any facts overlooked by this Court nor identified any law that was not previously examined by this Court."); *Order Denying Cooperativa De Seguros Multiples' Motion for Reconsideration of Order* [ECF No. 2225]

---

[3] *Compare* Reconsideration Motion at 4–5, ¶¶ 9–10 *with Motion for Relief From Stay Under 362 (e)* [ECF No. 922] (the "Stay Motion") at 7, ¶ 20, and *Reply to Objection of the Commonwealth to Motion for Relief from Stay Filed by Beatriz Nieves-Lopez, Et Al.* [ECF No. 2172] ("Movants' Reply") at 4–5, ¶¶ 12, 14 (making same arguments).

[4] *Compare* Reconsideration Motion at 5–6, ¶¶ 11–13 *with* Stay Motion at 7–8, ¶¶ 21–24 (making same arguments and citing same case law cited in the Stay Motion).

[5] *Compare* Reconsideration Motion at 2–4, ¶¶ 3, 5–8 *with* Movants' Reply at 2–3, ¶¶ 6–10 (making same arguments and citing same case law).

[6] *Compare* Reconsideration Motion at 6–7, ¶¶ 15–17 *with* Stay Motion at 8–10, ¶¶ 25–27, and Movants' Reply at 8–10, ¶¶ 22–24 (making same arguments, nearly word-for-word).

5

(same).[7]

## II. THE TITLE III STAY APPLIES TO THIS PREPETITION ACTION

9. Even assuming the Movants meet the standard for reconsideration, which they do not, the Title III Stay applies to the Prepetition Action as it is a prepetition action against inhabitants of the Commonwealth that seeks to enforce a claim against the debtor—the Commonwealth. *See* 11 U.S.C. 922(a)(1). Specifically, Movants seek monetary damages against the defendants, in their individual capacities, and equitable relief against defendants, in their official capacities, under Section 1983. Judge García-Gregory has already determined that the Prepetition Action is subject to the automatic stay in its entirety. *See* Order (Docket Entry No. 131 in Case No. 13-cv-1203). Further, the applicability of the stay has already been confirmed by this Court pursuant to the *Order Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365 and 922 Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition Lawsuits, and (III) Application of Contract Protections* [ECF No. 543] (the "Title III Stay Order"), which clarified that, as to officers and inhabitants of the Debtors, the section 922 stay applies "in all respects to the Debtors' officers *in both their official and personal capacities* with respect to actions whereby parties pursuing such actions seek to enforce claims against any of the Debtors." Title III Stay Order ¶ 5 (emphasis added).

10. As explained more fully in the Commonwealth Objection, which is incorporated

---

[7] Furthermore, contrary to Movants' contention, that this Honorable Court should address the issue of the applicability of the stay arguing "[t]he applicability of the stay is a threshold issue over which this Honorable Court has exclusive jurisdiction and collateral estoppel does not apply," without any supporting legal citation, it has been resolved that federal district courts have jurisdiction to determine whether the stay applies against the proceedings before its consideration. *Accord NLRB v. Edward Cooper Painting, Inc*., 804 F.2d 934, 939 (6th Cir. 1986); *In re Baldwin-United Corp. Litigation*, 765 F.2d 343, 347 (2d Cir. 1985).

6

herein by reference, the fact that Movants only seek injunctive relief against the officials, in their official capacities, does not change the fact that the Title III Stay applies to the Prepetition Action. Movants' claims for injunctive relief for employment reinstatement are an attempt to effectively exercise control over the Commonwealth's property in violation of section 362(a)(3). *See Newberry v. City of San Bernardino (In re City of San Bernardino)*, 558 B.R. 321, at 328 (C.D. Cal. 2016)("A lawsuit [seeking injunctive relief] unquestionably seeks to "exercise control" over the estate's "property" when it seeks to enjoin the debtor from certain uses of its income producing property, or seeks to force the defendant to destroy its income-producing property"); *see also In re Kmart Corp.*, Case No. 02-2474, 2002 U.S. Dist. LEXIS 24141, at *4, *8 (N.D. Ill. Dec. 10, 2002) (denying stay motion where underlying action only sought injunctive relief as Kmart would have to absorb the cost of litigating the state court action and also could be required to pay attorneys' fees pursuant to fee-shifting provision); *Alvin Marrero-Méndez, et al., v. Héctor Pesquera, et al.*, Case No. 13-cv-1203 (JAG) (D.P.R. July 20, 2017), ECF No. 131 (finding that the Title III Stay applied to the movant's lawsuit in the District Court and stayed, among other things, movant's claim for injunctive relief); 11 U.S.C. § 101(5)(A) (including in the term "claim" a "<u>right to payment</u>, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, <u>equitable</u>, secured, or unsecured." (emphasis added)). Therefore, the Prepetition Action is subject to the Title III Stay.

11. Moreover, Movants' argument that the stay does not extend to defendants in their personal capacities is contrary to applicable First Circuit jurisprudence. In *Cano-Rodríguez v. De Jesús-Cardona*, USCA Case Number 16-1532, the First Circuit decided that the incorporation of the bankruptcy stay provisions of Bankruptcy Code sections 362 and 922 into PROMESA

7

means that the stay applies to a personal capacity suit against a Commonwealth official. *See also Besosa-Noceda v. Santana-Torres*, USCA Appeal No. 16-2117 (staying case whereby defendants are sued in their personal capacity). Therefore, the Movants' arguments that the Title III Stay does not apply to suits against officials in their personal capacity should be rejected as contrary to binding First Circuit authority.[8]

### III. NO CAUSE EXISTS TO LIFT THE TITLE III STAY

12. Movants seek, in the alternative, a modification of the Title III Stay—on the same *Sonnax* factors and arguments (nearly word-for-word) as was presented to the Court in the Stay Motion and Movants' Reply.[9] As noted above, a movant may not use a motion for reconsideration "to repeat old arguments previously considered and rejected" by the Court. *Nat'l Metal Finishing Com.*, 899 F.2d at 123; *see also Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. at 314 n.3 (a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already disposed of by the court). To the extent Movants present new arguments, a motion for reconsideration may not be used "to raise new legal theories that should have been raised earlier." *Nat'l Metal Finishing Com.*, 899 F.2d at 123.

---

[8] Tellingly, Movants did not seek to challenge the court's order in the Prepetition Action with respect to the scope of the automatic stay, instead seeking to collaterally attack the order of the trial court in these Title III cases before this Court. This is impermissible under long-standing principles of law, which have been relied on by this Court to deny motions to lift the stay in the past. *See* Order, at 3 ("the Court will not revisit the question of whether the automatic stay, established pursuant to Sections 362(a) and 922(a)(1) of the Bankruptcy Code, applies to the Lawsuit."); *Memorandum Order Denying Alvin Marrero-Méndez's Motion for Relief from Stay* [ECF No. 1234] at 2-3 ("As a preliminary matter, the Court will not consider whether the automatic stay . . . applies to the Lawsuit. That issue has already been decided by Judge García-Gregory. . . This order . . . collaterally estops Movant from relitigating that issue before the undersigned."). *See also Celotex Corp. v. Edwards*, 115 S. Ct. 1493, 1501 (1995) ("If respondents believed the Section 105 Injunction was improper, they should have challenged it in the Bankruptcy Court . . . Respondents chose not to pursue this course of action, but instead to collaterally attack the Bankruptcy Court's Section 105 Injunction in the federal courts in Texas. This they cannot be permitted to do without seriously undercutting the orderly process of the law.").

[9] *See supra* note 6.

13. Nonetheless, on the merits, Movants have failed to show "cause" exists to lift the Title III Stay. To determine whether "cause" exists to grant relief from the automatic stay, courts examine numerous different factors, including those set forth in *Sonnax Indus. v. TriComponent Prods. Corp. (In re Sonnax Indus.)*, 907 F.2d 1280 (2d Cir. 1990). No one factor is dispositive; instead, courts "engage in an equitable, case-by-case balancing of the various harms at stake" and will lift the stay only if the harm engendered by allowing the stay to remain in place outstrips the harm caused by lifting it. *Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla*, 217 F. Supp. 3d 508, 529 n.12 (D.P.R. 2016).

14. The *Sonnax* factors do not weigh in Movants' favor with respect to the continuation of the Prepetition Action. The Prepetition Action is not ready for trial, as discovery was in process prior to the commencement of the Commonwealth's Title III case and dispositive motion practice has not occurred. As this Court noted, highly complex litigation, like this multi-plaintiff, multi-defendant Prepetition Action, is time-consuming and expensive to defend against. The continuation of the Prepetition Action thus would not necessarily result in an expeditious resolution of Movants' claims. Furthermore, any pretrial proceedings and a trial would require the expenditure of Debtor resources, since the Department of Justice represents the individual defendants and the interests of the Commonwealth, potentially disrupting the claims resolution process established by the Bankruptcy Code and incorporated into PROMESA. Absent the Title III Stay, the Commonwealth would not be able to establish an efficient approach to the resolution of the claims seeking equitable relief, which are asserted against the defendants in the Prepetition Action in their official capacity, the factual bases of which overlap with those of the damages claims against the defendants in their individual capacities. Modifying the Title III Stay would not serve the interests of judicial economy or provide for the economical resolution of Movants'

claims against the defendants in their individual capacities, for which the Commonwealth has assumed the legal defense and the responsibility for any monetary judgments.

15. The cumulative weight of Movants' arguments proves their request for lift of stay to be unwarranted. Certainly, Movants have not demonstrated that existence of "cause" to justify lifting the automatic stay and allow the Prepetition Action to proceed.

## CONCLUSION

For the foregoing reasons, the Court should deny the Reconsideration Motion in its entirety and find that the Title III Stay should be maintained with respect to the Prepetition Action.

*[Remainder of Page Intentionally Left Blank]*

Dated: February 1, 2018
      San Juan, Puerto Rico

                Respectfully submitted,

                **WANDA VÁZQUEZ GARCED**
                Secretary of Justice

                */s/Susana I. Peñagarícano-Brown*
                **SUSANA I. PEÑAGARÍCANO-BROWN**
                USDC 219907
                Director
                Federal Litigation and Bankruptcy Division
                Department of Justice
                P.O. Box 9020192
                San Juan, Puerto Rico 00902-0192
                Phone: 787-721-2940 Ext. 2500, 2501
                spenagaricano@justicia.pr.gov

                *Attorneys for the Commonwealth of Puerto Rico*