**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY ("PREPA"),<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>This document relates to PREPA Title III case only |

[*Caption continued on next page*]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**OBJECTION OF THE AD HOC GROUP OF GENERAL OBLIGATION
BONDHOLDERS TO THE URGENT MOTION OF THE FINANCIAL
OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO FOR ENTRY
OF ORDER CLARIFYING SCOPE OF INTERIM HEARING ON URGENT JOINT
MOTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD
FOR PUERTO RICO AND THE PUERTO RICO FISCAL AGENCY AND
FINANCIAL ADVISORY AUTHORITY FOR ENTRY OF INTERIM AND FINAL
ORDERS (A) AUTHORIZING POSTPETITION SECURED FINANCING,
(B) GRANTING PRIMING LIENS AND PROVIDING SUPERPRIORITY
ADMINISTRATIVE EXPENSE CLAIMS, (C) MODIFYING THE AUTOMATIC STAY,
(D) SCHEDULING A FINAL HEARING, AND (E) GRANTING RELATED RELIEF**

The Ad Hoc Group of General Obligation Bondholders (the "GO Group")[2] respectfully submits this objection to the *Urgent Motion of the Financial Oversight and Management Board for Puerto Rico for Entry of Order Clarifying Scope of Interim Hearing on Urgent Joint Motion of the Financial Oversight and Management Board for Puerto Rico and the Puerto Rico Fiscal Agency and Financial Advisory Authority for Entry of Interim and Final Orders (A) Authorizing Postpetition Secured Financing, (B) Granting Priming Liens and Providing Superpriority Administrative Expense Claims, (C) Modifying the Automatic Stay, (D) Scheduling a Final Hearing, and (E) Granting Related Relief* (Dkt. 557)[3] (the "Scope Motion").

The Scope Motion is a blatant attempt to deprive parties in interest of the most basic opportunity to be heard. The Court should deny it.

Even before the Scope Motion, the Oversight Board sought to curtail the opportunity to object. On January 27, it moved to allow PREPA to accept up to $1.3 billion in financing (the "Proposed Loan") from the Commonwealth. Dkt. 549 (the "Loan Motion"). By the Board's own reckoning, the need for financing was months, even years, in the making. *Id.* ¶¶ 14-24. But the Board created its own emergency by moving on January 27, then giving parties less than five

---

[2] Members of the GO Group file this objection and cross-motion exclusively on their own behalves and do not assume any fiduciary or other duties to any other creditor or person.

[3] "Dkt." refers to documents filed on the docket of Case No. 17 BK 4780-LTS.

2

days to object to this fact-intensive and profoundly important transaction. See Dkt. 548 (scheduling order).

Despite this, the GO Group has filed an objection to the Loan Motion contemporaneously herewith. As that objection explains, the Loan Motion asks the Court to make findings of fact and conclusions of law that serve only to prejudice the Commonwealth and its stakeholders:

- "[T]he terms of the [Proposed Loan] are *fair to the [Commonwealth]* and [PREPA]." Dkt. 549-1 ¶ D (emphasis added).

- "The terms of the [Proposed Loan] are *fair and reasonable* . . . and are supported by *reasonably equivalent value* and fair consideration." *Id.* ¶ E (emphasis added).

- "[PREPA] has an immediate need to obtain the financing under the [Proposed Loan]." *Id.* ¶ A.

- "*[N]o obligation*, payment, transfer, or grant of a lien or security interest under the [Proposed Loan] or this [Proposed Order] *shall be* stayed, restrained, voidable, or recoverable under PROMESA, the Bankruptcy Code, or any applicable law or *subject to any avoidance*, reduction, setoff, offset, recharacterization, subordination (whether equitable, contractual, or otherwise), counterclaims, cross-claims, defenses, or any other challenges under PROMESA, the Bankruptcy Code, *or any applicable law or regulation by any person or entity*." *Id.* ¶ 4 (emphasis added).

We incorporate by reference the objection's explanation of why these provisions are completely inappropriate.

The Scope Motion asks this Court to eviscerate the parties' fundamental right to be heard concerning these prejudicial provisions. According to it, "the *only two issues*" presented are the availability of similar or better financing and adequate protection. Scope Motion ¶ 9 (emphasis added). Thus, says the Scope Motion, those are the only issues on which the Court may hear argument—even though the Loan Motion, as described above, asks the Court to stray far beyond those issues, threatening great harm to the Commonwealth and its stakeholders.

The Oversight Board cannot have it both ways. Either (1) there are only two issues at stake—in which case the Loan Motion must be denied to the extent that it advances the

3

provisions listed above, as those go far beyond the two issues, or (2) the provisions listed above are properly at stake—in which case the Scope Motion must be denied, as it would narrow argument to a subset of the issues at stake and thus deprive the parties damaged by the listed provisions of their right to be heard.

\* \* \*

The Court should deny the Scope Motion.

Dated: February 1, 2018

/s/ Ramón Rivera Morales
J. Ramón Rivera Morales
USDC-PR Bar No. 200701
Andrés F. Picó Ramírez
USDC-PR Bar No. 302114
JIMÉNEZ, GRAFFAM & LAUSELL
P.O. Box 366104
San Juan, PR 00936
Telephone: (787) 767-1030
Facsimile: (787) 751-4068
Email: rrivera@jgl.com

Respectfully submitted,

/s/ Mark T. Stancil
Lawrence S. Robbins (admitted *pro hac vice*)
Gary A. Orseck (admitted *pro hac vice*)
Kathryn S. Zecca (admitted *pro hac vice*)
Mark T. Stancil (admitted *pro hac vice*)
Ariel N. Lavinbuk (admitted *pro hac vice*)
Donald Burke (admitted *pro hac vice*)
ROBBINS, RUSSELL, ENGLERT, ORSECK,
UNTEREINER & SAUBER LLP
1801 K Street, N.W., Suite 411-L
Washington, DC 20006
Telephone: (202) 775-4500
Facsimile: (202) 775-4510
Email: mstancil@robbinsrussell.com

/s/ Andrew N. Rosenberg
Andrew N. Rosenberg (admitted *pro hac vice*)
Richard A. Rosen (admitted *pro hac vice*)
Walter Rieman (admitted *pro hac vice*)
Kyle J. Kimpler (admitted *pro hac vice*)
Karen R. Zeituni (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: arosenberg@paulweiss.com

*Counsel to the Ad Hoc Group of General Obligation Bondholders*

4

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

/s/ Mark T. Stancil
Mark T. Stancil