IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| *In re:* <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br>        as a representative of <br><br> THE COMMONWEALTH OF PUERTO RICO, *et al.* <br><br>                Debtors.[1] | PROMESA <br> Title III <br><br> No. 17 BK 3283-LTS <br><br> (Jointly Administered) |
| In re: <br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br>        as representative of <br><br> PUERTO RICO ELECTRIC POWER AUTHORITY ("PREPA"), <br><br>                Debtor. | PROMESA <br> Title III <br> No. 17 BK 4780-LTS <br><br> This document relates to <br> PREPA Title III case only |

**SIEMENS TRANSPORTATION PARTNERSHIP PUERTO RICO, S.E.'S LIMITED OBJECTION WITH RESPECT TO THE URGENT MOTION FOR POSTPETITION SECURED FINANCING, PRIMING LIENS, AND PROVIDING SUPERPRIORITY <u>ADMINISTRATIVE EXPENSE CLAIMS</u>**

---

[1]   The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474).

To the Honorable United States District Court Judge Laura Taylor Swain:

Siemens Transportation Partnership Puerto Rico, S.E. ("Siemens"), creditor and party in interest, respectfully submits this limited objection (the "Limited Objection") with respect to the *Urgent Joint Motion of the Financial Oversight and Management Board for Puerto Rico and the Puerto Rico Fiscal Agency and Financial Advisory Authority for Entry of Interim and Final Order (A) Authorizing Postpetition Secured Financing, (B) Granting Priming Liens and Providing Superpriority Administrative Expense Claims, (C)Modifying the Automatic Stay, (D) Scheduling a Final Hearing, and (E) Granting Related Relief* [PREPA Docket No. 549](the "Motion").[2] In support of its Limited Objection, Siemens respectfully states as follows.

## RELEVANT BACKGROUND

1. On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") commenced a title III case for the Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant section 304(a) of PROMESA section 304(a) (the "Commonwealth Title III Case").

2. On May 21, 2017, the Oversight Board commenced a title III case for relief under PROMESA on behalf of the Puerto Rico Highway and Transportation Authority or HTA (the "HTA Title III Case").

3. Pursuant to an Order entered by the Court on June 29, 2017, the HTA Title III Case is jointly administered with, among others, the Commonwealth Title III Case, and the Commonwealth Title III case is the lead case. *See* Commonwealth Title III Case Docket No. 537.

4. Siemens is a creditor of the HTA and a party in interest in the HTA Title III Case.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

5. Siemens' claim against the HTA is for unpaid funds due and owing to Siemens under a Settlement Agreement, between the HTA and Siemens effective May 28, 2010 (as amended from time to time, the "<u>Settlement Agreement</u>").[3] In short, the Settlement Agreement resolves certain disputes concerning Siemens' work performed on a construction project known as the Tren Urbano project and related litigation.

6. The Settlement Agreement requires HTA to make certain payments to Siemens, including a final "Completion Payment" of $13,000,000 and requires Siemens to complete construction on the Tren Urbano project. Siemens completed all work on the Tren Urbano project and the Completion Payment became due and owing in June, 2017.

7. HTA failed to make the final Completion Payment to Siemens. This is the basis of Siemens' claim against HTA.

8. In connection with the Settlement Agreement, and to secure the Completion Payment and the other obligations of HTA under the Settlement Agreement, GDB guaranteed the obligations of HTA and in accordance with its obligation under the Settlement Agreement and other documents, ostensibly established an escrow account at GDB for the benefit of Siemens.

9. GDB account number 200079 420 001 004 06 was created in Siemens' name (the "<u>Siemens Account</u>") in 2012 and was identified by GDB as an escrow account that contained funds in the amount of $13,000,000 earmarked for Siemens.

10. For years, GDB consistently represented to Siemens that the Siemens Account was an escrow account containing $13,000,000. In GDB's Opposition to Siemens' request for a

---

[3] After the commencement of the HTA Title III Case, on or around June 5, 2017, HTA purported to enter into a Second Amendment to Settlement Agreement. The validity and enforceability of such Second Amendment to Settlement Agreement is not material to this Motion; however, Siemens reserves and preserves all rights and arguments with respect to the validity and enforceability of the Second Amendment to Settlement Agreement and nothing in this Motion shall be deemed a waiver with respect thereto.

Rule 2004 Examination, GDB asserted that the Siemens Account is not an escrow account; a statement that has since been reversed by GDB's officer, Jose Santiago Ramos.

11. On November 17, 2017, the Court issued an Order authorizing Siemens to take discovery in the form of document production and one deposition limited to the issue of whether the funds held in the Siemens Account were being held in escrow [HTA Docket No. 338] (the "Order").

12. Pursuant to the Order, Siemens (i) reviewed documents produced by GDB with respect to the Siemens Account; and (ii) on January 30, 2018, deposed Jose Santiago Ramos, Executive Vice President and Chief Financing Officer of GDB.

13. On January 20, 2018, Mr. Ramos was deposed. During the deposition, Mr. Ramos repeatedly testified that the Siemens Account *is* an escrow account, in direct contravention to the statement made by GDB in its Opposition to Siemens' Motion. Mr. Ramos further testified that the $13,000,000 is still held in the Siemens Account but GDB would not honor Siemens' payment request, notwithstanding his agreement that the funds have been held in escrow for Siemens' benefit since 2012. As of the date of this Motion, Siemens continues to evaluate the written discovery and will further evaluate the testimony of Mr. Ramos upon receipt of the deposition transcript, and is moving with appropriate haste in its attempt to recover its property unlawfully withheld.

## LIMITED OBJECTION

14. Through the Motion, the Puerto Rico Electric Power Authority ("PREPA") through the Oversight Board and the Puerto Rico Fiscal Agency and Financial Authority ("AAFAF") jointly request Court authorization to obtain postpetition financing in the form of a $1.3 billion revolving line of credit from the Commonwealth of Puerto Rico on a superpriority administrative claim basis.

15. The terms of the proposed financing contemplate use of collateral to secure PREPA's obligations to the Commonwealth of Puerto Rico.

16. Siemens objects to the Motion only to the extent that the terms of the financing requested therein seeks to pledge, use as collateral, or otherwise encumber funds that are held by GDB for Siemens' benefit, including the funds located in the Siemens Account. While Siemens does not believe that the Motion contemplates a lien on the Siemens Account or funds held therein, in an abundance of caution Siemens files this Limited Objection.

17. Because Siemens and GDB currently dispute whether any funds held by GDB for Siemens' benefit, including the Siemens Account, are property to which Siemens is the rightful owner and therefore should be turned over the Siemens forthwith, it would be illegal and improper to permit such funds to be pledged as collateral, transferred to anyone other than Siemens or otherwise encumbered.

**WHEREFORE**, Siemens respectfully requests that the Court enter an Order reflecting the relief sought herein.

[Rest of Page Left Blank Intentionally]

Dated: February 1, 2018

Respectfully submitted,

SEPULVADO, MALDONADO & COURET

By: *s/AlbénizCouret Fuentes*
AlbénizCouret Fuentes
USDC-PR Bar No. 222207

*s/José Javier Santos Mimoso*
José Javier Santos Mimoso
USDC-PR Bar No. 208207
304 Ponce de León - Suite 990
San Juan, PR 00918
Telephone: 787-765-5656
Facsimile: 787-294-0073
Email: acouret@smlawpr.com
jsantos@smlawpr.com

*Counsel for Siemens Transportation Partnership Puerto Rico, SE*

and

**REED SMITH LLP**
Claudia Z. Springer
Andrew J. Soven
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA, 19103
Telephone: (215) 851-8190
Facsimile: (215) 851-1420
E-mail: cspringer@reedsmith.com

*Counsel for Siemens Transportation Partnership Puerto Rico, SE*