# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY ("PREPA"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |
| AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS, and AMBAC ASSURANCE CORPORATION,<br><br>Movants,<br><br>-v-<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Respondent. | |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case Number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747)

## **TABLE OF CONTENTS**

| | | | Page |
|---|---|---|---|
| PRELIMINARY STATEMENT | | | 1 |
| FACTUAL BACKGROUND | | | 4 |
| ARGUMENT | | | 4 |
| I. | MOVANTS HAVE FAILED TO ESTABLISH ANY BASIS TO INTERVENE | | 4 |
| | 1. | Because No Court Approval of the Commonwealth's Decisions to Make a Loan is Required, Movants Lack Standing | 4 |
| | 2. | Nothing in the Proposed Final Order Provides the Movants with Standing in this Proceeding | 5 |
| | 3. | PROMESA Section 305 prevents the Court from ordering the Commonwealth *not* to make the loan | 7 |
| | 4. | In any event, the Commonwealth has been provided with maximum protections under the Bankruptcy Code | 7 |
| | B. | Movants Are Not "Parties in Interest" Within the Meaning of 11 U.S.C. §1109(b) | 8 |
| | C. | Movants' Request for Intervention Under Rule 2018 Fails | 9 |
| | 1. | Movants' Interests Are Adequately Protected | 9 |
| | 2. | Intervention Would Result in Undue Delay and Prejudice | 10 |
| CONCLUSION | | | 12 |

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Heller v. Emanuel (In re Emanuel)*,
    450 B.R. 1 (S.D.N.Y. 2011) ................................................................................................... 9

*In re ANC Rental Corp., Inc.*,
    277 B.R. 226 (Bankr. D. Del. 2002) ..................................................................................... 8

*In re Hyde Park P'ship*,
    73 B.R. 194 (Bankr. N.D. Ohio 1986) ................................................................................ 10

*In re Innkeepers USA Trust*,
    448 B.R. 131 (Bankr. S.D.N.Y. 2011) .................................................................................. 9

*In re Ionosphere Clubs*,
    101 B.R. 844 (Bankr. S.D.N.Y. 1989) .................................................................................. 9

*In re Lifeco Inv. Corp.*,
    173 B.R. 478 (Bankr. D. Del. 1994) ..................................................................................... 7

*In re Terrestar Networks, Inc.*,
    No. 10- 15446, 2013 WL 781613 (Bankr. S.D.N.Y. Feb. 23, 2013) ...................................... 8

*Krys v. Official Committee of Unsecured Creditors of Refco Inc. (In re Refco Inc.)*,
    505 F.3d 109 (2d Cir. 2007) ................................................................................................. 8

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ......................................................................................................... 5, 6

*Manufacturer's Trust Company v. Kelby*,
    125 F.2d 650 (2d Cir. 1942), *cert. denied* 316 U.S. 697 ...................................................... 10

*Roslyn Sav. Bank v. Comcoach Corp. (In re Comcoach Corp.)*,
    698 F.2d 571 (2d Cir. 1983) ................................................................................................. 8

*Southern Blvd., Inc. v. Martin Paint Stores*,
    207 B.R. 57 (S.D.N.Y. 1997) ............................................................................................... 8

**PREPA OPPOSITION TO CROSS-MOTIONS TO INTERVENE
FILED BY AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS
AND AMBAC ASSURANCE CORPORATION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE LAURA TAYLOR SWAIN:

The Puerto Rico Electric and Power Authority ("PREPA" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtor's Title III representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), 48 U.S.C. §§ 2101-2241, respectfully submits this opposition (the "Response") to *The Ad Hoc Group of General Obligation Bondholders'* (the "GO Group") *(I) Objection to the Urgent Joint Motion of the Financial Oversight and Management Board for Puerto Rico and the Puerto Rico Fiscal Agency and Financial Advisory Authority for Entry of Interim and Final Orders* (the "Financing Motion") *(A) Authorizing Postpetition Secured Financing, (B) Granting Priming Liens and Providing Superpriority Administrative Expense Claims, (C) Modifying the Automatic Stay, (D) Scheduling a Final Hearing, and (E) Granting Related Relief, and (II) Urgent Cross-Motion, In the Alternative, to Intervene* (Dkt. 566) (the "GO Motion to Intervene") and *Ambac Assurance Corporation's* ("Ambac", and collectively with the GO Group, the "Movants") *(I) Objection to the Urgent Joint Motion of the Financial Oversight and Management Board for Puerto Rico and the Puerto Rico Fiscal Agency and Financial Advisory Authority for Entry of Interim and Final Financing orders and (II) Urgent Cross-Motion, In the Alternative, to Intervene* (Dkt. 583) (the "Ambac Motion to Intervene"), and avers:

**PRELIMINARY STATEMENT**

The GO Group and Ambac, in their capacities as Commonwealth creditors, not PREPA creditors, seek to intervene in PREPA's Title III case to oppose the Financing Motion without

1

any legal basis and based upon flawed arguments. The Financing Motion is subject to intensive litigation by PREPA creditors, the actual parties in interest with respect to the requested relief. Movants are not parties in interest in this Title III case. Their attempted intervention is symptomatic of Bankruptcy Code section 363 not being applicable to the Commonwealth Title III case. Movants' dismay about the lack of section 363 is not a valid ground for their intervention in the PREPA Title III case.

In seeking to intervene, Movants argue (1) all creditors of the *Commonwealth*, including Ambac and the GO Group, are "parties in interest" with respect to the Financing Motion within the meaning of section 1109(b) of the Bankruptcy Code or (2) in the alternative, Movants are entitled to permissive intervention under Bankruptcy Rule 2018 because intervention is necessary to protect their interests, and those of the Commonwealth, and would not result in undue delay. Both of these grounds for intervention fail as a matter of law and fact.

First, the Commonwealth's financial condition is not a material consideration for purposes of the Financing Motion. Section 364(d) focuses only on the need of the borrower (PREPA) for postpetition financing. Section 363 is not applicable in the Commonwealth Title III case. The interests of the lender (in this case the Commonwealth) are not under consideration, and, under PROMESA, the Commonwealth is free to lend its funds without Court approval. While the Oversight Board recognizes that two paragraphs (D and E) of the proposed order submitted with the Financing Motion included findings with respect to the impact of the proposed financing on the Commonwealth, such findings are superfluous and are being removed. Accordingly, the Oversight Board has filed a revised proposed order that does not contain any proposed findings addressing the impact of the proposed loan on the Commonwealth. (*See* Dkt. 600-2). Thus, Movants' argument that the proposed findings addressing the Commonwealth

vested them with standing to intervene are now moot and should be disregarded. And, when PROMESA section 305 bars the Court from ordering the Commonwealth *not* to make the loan, it is clear Congress did not intend the Commonwealth's creditors to take positions on behalf of the Commonwealth for relief the Court could not impose without the Oversight Board's consent.

<u>Second</u>, the GO Group is not a creditor of PREPA, and Ambac proceeds solely on the basis that it is a Commonwealth claimholder. Thus, they are claimholders as to the Commonwealth, which is a presumptive creditor of PREPA (assuming the Financing Motion is granted). As a claimholder of a (presumptive) creditor they are not "parties in interest" within the meaning of section 1109(b) and have no right to intervene.

The objections filed by the GO Group and Ambac, and their requests to intervene in this matter to advance their objections, manifest a fundamental misunderstanding of the purpose of the Financing Motion. Nowhere in their papers do they acknowledge the essential purpose of the proposed financing – to protect the welfare of the people of Puerto Rico, whose lives have already been devastated by the destruction of their electrical grid by Hurricanes Irma and Maria and to prevent damage that will further impair creditors. The proposed financing is neither a "windfall to PREPA" nor "*unfair* to the Commonwealth." (GO Motion to Intervene at 1, 2 (emphasis in original)). It is, instead, an urgent and necessary step that must be taken to avert the catastrophic effects that would result from PREPA ceasing operations altogether and turning out the lights in Puerto Rico. Moreover, it is extreme for Movants to claim the Oversight Board is "conflicted" in carrying out its essential mission or to cast the proposed financing of PREPA in terms of a commercial transaction where the Commonwealth and PREPA are supposed to attempt to profit at the expense of the other. The Commonwealth and PREPA are integral components of one economy. They must act in the best interests of the territory, and not act as

commercial players out for pure economic gain. The GO Group and Ambac Motions to Intervene fail to recognize this basic principle and their asserted grounds for intervention thus fall wide of the mark. Put differently, PROMESA section 305 and the absence of Bankruptcy Code section 363, protect governmental and political decisions by the extraordinary measure Congress took to bar the Court from interfering. Movants are effectively asking to wield the power the Court does not have and to substitute their governmental decisions for the Commonwealth's.

## FACTUAL BACKGROUND

The Oversight Board hereby incorporates by reference the factual background laid out in the Financing Motion.

## ARGUMENT

### I. MOVANTS HAVE FAILED TO ESTABLISH ANY BASIS TO INTERVENE

1. Because No Court Approval of the Commonwealth's Decisions to Make a Loan is Required, Movants Lack Standing

The Motion seeks authority for PREPA to borrow funds from the Commonwealth under section 364(c) and (d) of the Bankruptcy Code. There are only two questions for the Court to consider in determining whether to grant the underlying Financing Motion: (i) whether *PREPA* could obtain similar or better financing; and, (ii) whether *PREPA's bondholders*, asserting a security interest in PREPA's Revenue, are adequately protected. Neither of these questions provides Movants with a basis to intervene.

Although Movants seek to address the impact of the loan on the Commonwealth, section 364(c) and (d) does not require the Court to consider that issue or to approve the Commonwealth's decision to lend its assets. Evidence and argument addressing these issues therefore have no place in the Court's consideration of PREPA's Financing Motion. Movants'

4

reliance on their purported interests in the financial condition of the Commonwealth (GO Motion to Intervene at pp. 7-10; Ambac Motion to Intervene at ¶¶ 6-9) as a predicate for intervention in PREPA's case does not render them parties in interest in PREPA's case. Their requests for intervention should be denied on that ground alone.

      2.      <u>Nothing in the Proposed Final Order Provides the Movants with Standing in this Proceeding</u>

Article III of the U.S Constitution requires that a plaintiff demonstrate three things to establish standing: (1) an "injury in fact" that is "concrete and particularized," (2) a "causal connection between the injury and the conduct complained of," and (3) the ability of a "favorable decision" by the court to redress the plaintiff's injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Movants' sole basis for asserting standing to object to the Financing Motion is that certain provisions in the proposed order allegedly would directly affect their interests. (Dkt. 583 at ¶ 23; Dkt. 566 at p. 16). As explained in the Oversight Board's Reply in Support of the Scope Motion (Dkt. 600), however, since section 364(d) only focuses on the borrower, not the lender, PREPA has submitted a revised proposed interim order[1] deleting proposed findings about fairness to the Lender—not because PREPA believes the transaction is unfair but because those findings are unnecessary to granting interim financing under Bankruptcy Code section 364. (Dkt. 600-2).

With paragraphs D and E eliminated, Ambac's only remaining argument that the proposed order directly affects the Commonwealth—and, thus, provides Movants' with

---

[1] As PREPA intends to forego an interim hearing and seek final relief at the hearing scheduled by the Court on February 15, 2018, PREPA will revise the interim order filed on February 2, 2018 (Dkt. 600-2) to reflect final relief, and will file the proposed final order in advance of the final hearing.

5

Document Page 9 of 16

standing—is with respect to the language in paragraph 4 of the proposed order. But paragraph 4 is not a claim limiting provision (as Movants incorrectly argue). Instead, paragraph 4 concerns obligations "of the Debtor," not the Commonwealth. In other words, paragraph 4 protects payments made to the Commonwealth by PREPA from being attacked; this paragraph does not have a preclusive effect on the Commonwealth's creditors. It is a standard lender protective provision in financing orders.

The GO Group's final argument (an argument not made by Ambac) is that the language in paragraph A of the proposed order states "[PREPA] has an immediate need to obtain the financing under the [Proposed Loan]." The GO Group, however, fails to explain how this proposed language has any effect on the Commonwealth or its creditors. Indeed, this language, on its face, has nothing to do with the Commonwealth. Thus, it is unclear why or how claimholders as to the Commonwealth could argue this language has any effect on claimholders of the Commonwealth.

Because the Court is not required to make any findings with respect to this loan from the perspective of the Commonwealth, the proposed Final Order (with the modifications described above) will not include any proposed findings with respect to the Commonwealth beyond the finding the Commonwealth acted in good faith under section 364(e). Movants obviously do not object to the Commonwealth obtaining the best rights it can have to collect its loan. Any other provisions in the proposed order with which Movants' took issue do not affect the Commonwealth at all. Thus, there is no live controversy or any direct or particularized interest injury to Movants that could result from the granting of the Motion. As a result, Movants' argument that they have any direct interest or standing to oppose the Motion is moot and must be rejected. *See Lujan*, 504 U.S. at 560-61.

Moreover, even if the Court found that Movants met the basic requisites of Article III standing, prudential standing considerations preclude the litigation of claimholders as to Commonwealth's claims in the context of this motion in PREPA's Title III case. Under these circumstances, where Movants are mere claimholders of the potential creditor to the Debtor, Movants lack the direct interest necessary to establish prudential standing. *See, e.g., In re Lifeco Inv. Corp.*, 173 B.R. 478, 487-88 (Bankr. D. Del. 1994) (finding "no statutory or judicial support to conclude that a creditor of a creditor has standing in a bankruptcy case.").

   3. <u>PROMESA Section 305 prevents the Court from ordering the Commonwealth *not* to make the loan.</u>

Movants also argue that, as creditors of the Commonwealth, they have standing to object to the Financing Motion or otherwise intervene in PREPA's Title III case because the transaction involves the use of the Commonwealth's assets. However, section 363 of the Bankruptcy Code – which requires court approval for sale, use, or lease of property of a bankruptcy estate outside the ordinary course of business – is not incorporated in PROMESA. More importantly, because PROMESA section 305 precludes the Court from preventing the Commonwealth from making the loan, the Commonwealth does not need the Court's approval to lend its assets. As a result, the Commonwealth's creditors have no standing to oppose the Motion because the Court cannot order the Commonwealth not to make the loan in any event.

   4. <u>In any event, the Commonwealth has been provided with maximum protections under the Bankruptcy Code</u>

The terms of the proposed loan provide the Commonwealth with superpriority rights and priming liens, the maximum protections provided by section 364. PREPA and the Commonwealth have worked together to resolve an issue facing both entities in a fair manner for the benefit of the people of Puerto Rico. The Commonwealth has been provided with protections

7

designed to protect its creditors from the risk of nonpayment. Thus, contrary to Movants' arguments, the Commonwealth and it creditors are protected and intervention by the Commonwealth's creditors is not required or appropriate.

### B. Movants Are Not "Parties in Interest" Within the Meaning of 11 U.S.C. §1109(b)

Movants also argue they are "parties in interest" within the meaning of 11 U.S.C. § 1109(b) in PREPA's Title III case because, as creditors of the Commonwealth, they will allegedly be affected if the Motion is approved. (GO Motion to Intervene at p. 15; Ambac Motion to Intervene at ¶ 19).

The term "party in interest" within the meaning of section 1109(b), however, is not infinitely expansive. It is well-settled law that a creditor of a creditor is not a party in interest within the meaning of section 1109. *In re Terrestar Networks, Inc.*, No. 10- 15446, 2013 WL 781613, at *1 (Bankr. S.D.N.Y. Feb. 23, 2013) (stating it is "well-settled law that a creditor of a creditor in a chapter 11 case does not have a standing in the underlying chapter 11 case.")(citing *Roslyn Sav. Bank v. Comcoach Corp. (In re Comcoach Corp.)*, 698 F.2d 571, 574 (2d Cir. 1983)) (other citation omitted); *see Southern Blvd., Inc. v. Martin Paint Stores*, 207 B.R. 57, 61 (S.D.N.Y. 1997); *In re ANC Rental Corp., Inc.,* 277 B.R. 226, 232 (Bankr. D. Del. 2002) ("Such a party may be deeply concerned about the bankruptcy proceeding, since the debtor's ability to pay its creditor may affect the creditor's ability to pay, in turn, its creditor. But the party's legal rights and interests can only be asserted against the debtor's creditor, not against the debtor, and hence it is not a 'party in interest.'")

Here, the GO Group is not a creditor of PREPA and Ambac proceeds solely on the basis that it is a Commonwealth claimholder. Thus, assuming the Financing Motion is granted, Movants will be at most "creditors of a creditor," which does not make them "parties in interest"

8

in this Title III case within the meaning of section 1109.[2] Movants' legal rights and interests with respect to the Commonwealth (as a creditor or party in interest of PREPA) cannot be asserted in PREPA's Title III case. Movants therefore lack standing and the right to intervene pursuant to section 1109(b).

### C. Movants' Request for Intervention Under Rule 2018 Fails

In the alternative, Movants request intervention under Bankruptcy Rule 2018. Pursuant to Rule 2018, a court "*may* permit any interested entity" to intervene and be heard on an issue in a bankruptcy proceeding. Fed. R. Bank. P. 2018(a) (emphasis added). Intervention under Rule 2018 is permissive, and creditors seeking to intervene must show good cause. Courts are "discriminating in determining whether permissive intervention is appropriate" and "consider the potential adverse impact on the original parties." *In re Ionosphere Clubs*, 101 B.R. 844, 853-54 (Bankr. S.D.N.Y. 1989). Movants have failed to make the requisite showing. Moreover, the relief Movants want, is not relief the Court can grant, because of PROMESA section 305.

#### 1. Movants' Interests Are Adequately Protected

Movants' claim their interests are not adequately protected because the purported "prejudicial provisions" of the proposed financing will affect Movants' ability to challenge the transaction. Not so.

---

[2] *See also Krys v. Official Committee of Unsecured Creditors of Refco Inc. (In re Refco Inc.)*, 505 F.3d 109, 117 n. 10 (2d Cir. 2007) ("Courts in our Circuit have consistently (and correctly) interpreted *Comcoach* to stand for the principle that party-in-interest standing under § 1109(b) does not arise if a party seeks to assert some right that is purely derivative of another party's rights in the bankruptcy proceeding."); *Heller v. Emanuel (In re Emanuel)*, 450 B.R. 1, 7-8 (S.D.N.Y. 2011) (holding that a creditor of a creditor did not have standing to object to payment of attorneys' fees); *In re Innkeepers USA Trust*, 448 B.R. 131, 143 (Bankr. S.D.N.Y. 2011) (finding that a certificate holder was an investor in a creditor and as such did not have standing under section 1109(b) of the Bankruptcy Code).

First, as discussed above, two of the four allegedly prejudicial provisions in the proposed order – ¶ D and ¶ E – have been withdrawn from the revised proposed order, and therefore cannot provide a basis for intervention. The remaining two provisions, paragraph A and paragraph 4, have no impact on the legal interests of Movants. Paragraph A simply states that PREPA has an immediate need to obtain financing. This fact has no bearing on the Commonwealth's rights or obligations in the transaction, and therefore cannot prejudice Commonwealth creditors. And paragraph 4 likewise does not preclude any future arguments that Commonwealth creditors might assert. On the contrary, this provision actually *protects* the Commonwealth's interests by insulating payments made by PREPA from attack.

2. Intervention Would Result in Undue Delay and Prejudice

Movants also assert, conclusorily, that no undue delay or prejudice exists because their motions to intervene are aligned with the Court's schedule for resolving the Financing Motion. Their argument is incorrect.

Undue delay and prejudice may result where a litigant's proposed intervention risks confusion from the presence of too many parties, or threatens to add significantly to the costs involved. Both circumstances are undoubtedly present here. *See In re Hyde Park P'ship*, 73 B.R. 194, 197 (Bankr. N.D. Ohio 1986); *Manufacturer's Trust Company v. Kelby*, 125 F.2d 650 (2d Cir. 1942), *cert. denied* 316 U.S. 697 (danger of confusion arising from the presence of too many parties and the possible increases in allowances and costs). If either the GO Group or Ambac were permitted to intervene, it would unnecessarily broaden the scope of the hearing into legally irrelevant matters as these intervenors sought to refocus the Court's analysis on the Commonwealth's ability to repay its creditors, rather than the legal and factual justifications for PREPA to enter into the proposed transaction with the Commonwealth. And, ultimately, it

10

would inevitably multiply the cost to all parties and may unduly delay critical financing to

PREPA.

[*Remainder of Page Intentionally Left Blank*]

## **CONCLUSION**

For the foregoing reasons, the Oversight Board respectfully requests that the Court deny the Cross-Motions to Intervene filed by both the GO Group and Ambac, and rule that neither the GO Group nor Ambac have standing to file any objections to the Financing Motion.

Dated: February 3, 2018
San Juan, Puerto Rico

Respectfully submitted,

*s/* Martin J. Bienenstock
Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Maja Zerjal (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtor*

*s/* Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtor*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*s/ Hermann D. Bauer*
Hermann D. Bauer