UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

                  Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER (A) DENYING MOTION REQUESTING RELIEFS FOR APPEAL
AND (B) MOTION REQUESTING LEAVE IN FORMA PAUPERIS ON APPEAL

       Before the Court are: (i) the *Motion Requesting Reliefs for Appeal* filed by Javier Mandry Mercado, pro se (the "Movant") (Docket Entry No. 1934 (the "Appeal Motion")); and (ii) *Motion Requesting Leave in Forma Pauperis Appeal*. (Docket Entry No. 1937 (the "IFP Motion").) Movant seeks a stay pending appeal of this Court's *Memorandum Order* granting relief from the automatic stay (the "Stay Relief Order"). (Docket Entry No. 600.) On December 19, 2017, original stay relief movant Sucesión Pastor Mandry Mercado filed its opposition (the

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

"Opposition") to the Appeal Motion. (Docket Entry No. 2115.) On December 27, 2017, Movant filed a reply to the Opposition. (Docket Entry No. 2189.)

The Stay Relief Order granted, to a limited extent, an application brought on behalf of a group of Puerto Rico property owners who putatively have inheritance rights in certain property that they claim the Commonwealth government has seized for a preserve, for relief from the automatic stay to continue a long-running inverse condemnation litigation (the "Litigation") in the Puerto Rico Court of First Instance. The Stay Relief Order allowed the Litigation to proceed only to a determination of damages, with the stay remaining in place as to the entry and execution of judgment and provisional remedies.

Movant claims that he, too, has inheritance rights in the property at issue in the inverse condemnation litigation and that he was not consulted in connection with the stay relief application. Since the entry of the Stay Relief Order, Movant has twice sought reconsideration of the Stay Relief Order, arguing that the underlying litigation should remain stayed because there have been numerous improprieties in the proceedings in Commonwealth courts, and that the lawyer who commenced the stay relief proceeding should be sanctioned for purporting to represent all of those with interests in a certain estate while the lawyer neither represented nor sought permission from Movant, who asserts that he also has interests in or derived from that estate. (Docket Entry Nos. 634, 822.) The Court denied the motions for reconsideration, noting that Movant's issues regarding alleged improprieties in proceedings in the Commonwealth courts should be addressed in those courts, and denied the application for sanctions, finding that the lawyer provided sufficient evidence of authorization to bring the stay relief application on behalf of persons with interests in the estate. (Docket Entry Nos. 712, 844.)

In the Appeal Motion, Movant seeks a stay of the Stay Relief Order pursuant to Federal Rule of Civil Procedure 62(c) and Federal Rule of Appellate Procedure (8)(a)(1)(A) and (C) pending his appeal of the Stay Relief Order and denial of his reconsideration motions. He also seeks an order directing the filing of English translations of Spanish-language court documents that were annexed to the original stay relief motion and counsel's subsequent response (Docket Entry No. 684) to the Court's order (Docket Entry No. 639) directing substantiation of counsel's authority to make the stay relief application, and permission to proceed in forma pauperis on appeal.

Federal Rule of Civil Procedures 62(c) provides that, "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Federal Rule of Appellate Procedure (8)(a)(1)(A) and (C) provide: "(1) A party must ordinarily move first in the district court for the following relief: (A) a stay of the judgment or order of a district court pending appeal . . . [and] (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending." Federal Rule 62(c) and Federal Rule of Appellate Procedure 8(a)(1) are applicable to these proceedings as Movant seeks a suspension of the implementation of the Stay Relief Order, which modified the injunction imposed by the 11 U.S.C. § 362(a) automatic stay, while his appeal of that order is pending before the Court of Appeals for the First Circuit.

Courts in the First Circuit consider four factors in determining whether to grant a stay pending appeal: "(1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies." Acevedo-

Garcia v. Vera-Monroig, 296 F.3d 13, 16 n. 3 (1st Cir. 2002) (quoting Hilton v. Braunskill, 481 U.S. 770, 776-77 (1987)). "'The sine qua non [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits.'" Id. (quoting Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir.1993)).

Movant is unlikely to succeed on the merits of an appeal of the Stay Relief Order and denials of the reconsideration motions. The narrow issue before this Court that lead to the entry of the Stay Relief Order was whether cause existed to lift the automatic stay to allow a prepetition lawsuit to proceed. The motion practice that resulted in this Court's entry of the Stay Relief Order did not require the Court to examine the merits or procedural propriety of the underlying issues in the Litigation, including decisions previously rendered in that Litigation or any alleged misrepresentations by the lawyers in the course of that Litigation. Movant has not demonstrated that his grievances regarding the conduct of the Litigation warrant a continuation of the stay of the Litigation that arose automatically upon the Commonwealth's Title III petition. The imposition of the automatic stay upon the filing of the Title III proceeding is designed to protect the debtor, not third party participants in non-bankruptcy litigation. Moreover, the restoration of the stay would be detrimental to other parties to the Litigation, which has been pending for over nine years.

In the IFP Motion, Movant submitted an affidavit in support of his representations that he cannot pay either the filing fee or the court costs in connection with his appeal. Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Good faith for purposes of determinations under § 1915(a)(3) is evaluated under an objective standard: the court must determine whether a movant "seeks appellate review of any issue not frivolous." Coppedge v. U.S., 369 U.S. 438,

445 (1962). Here, Movant seeks through his motion practice in these Title III proceedings to re-litigate issues that were adjudicated in the Commonwealth courts and to delay resolution of the underlying Litigation. He presents no issues that are non-frivolous in this context. Thus, this Court certifies that any appeal taken by Movant of the Stay Relief Orders, the Orders denying Movant's reconsideration motions, and of this Order would not be taken in good faith.[2]

This Order resolves docket entry nos. 1934 and 1937.

SO ORDERED.

Dated: February 5, 2018

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:

Javier E. Mandry-Mercado
1326 Calle Salud Apt. 1101
Ponce, PR 00717

---

[2] For similar reasons, the Court declines to order the original stay relief movant to file official translations of Spanish-language documents, the particulars of which were not integral to the Court's decisions to grant stay relief and deny sanctions.