# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>  Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>  Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS<br><br>Re: ECF No. 627<br><br>**Reply Relates Only to PREPA and Shall Only Be Filed in Case Nos. 17 BK 3283-LTS and 17 BK 4780-LTS** |

*[Caption continued on next page]*

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**JOINT OBJECTION OF OVERSIGHT BOARD AND PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY TO URGENT MOTION OF AD HOC GROUP OF PREPA BONDHOLDERS, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORP., SYNCORA GUARANTEE, INC., AND PREPA BOND TRUSTEE TO SET BRIEFING SCHEDULE RELATING TO FINAL RELIEF REQUESTED IN URGENT JOINT MOTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO AND THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY FOR ENTRY OF INTERIM AND FINAL ORDERS (A) AUTHORIZING POSTPETITION SECURED FINANCING, (B) GRANTING PRIMING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (C) MODIFYING THE AUTOMATIC STAY, (D) SCHEDULING A FINAL HEARING, AND (E) GRANTING RELATED RELIEF**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Puerto Rico Electric Power Authority ("PREPA") in this Title III case pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), as the entity authorized to act on behalf of PREPA pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017, respectfully submits this joint objection (the "Joint Objection") to the *Urgent Motion of Ad Hoc Group of PREPA Bondholders, Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corp., Syncora Guarantee, Inc., and PREPA Bond Trustee to Set Briefing Schedule Relating to Final Relief Requested in Urgent Joint Motion of the Financial Oversight and Management Board for Puerto Rico and the Puerto Rico Fiscal Agency and Financial Advisory Authority for Entry of Interim and Final Orders (A) Authorizing Postpetition Secured Financing, (B) Granting Priming Liens and Providing Superpriority Administrative Expense Claims, (C) Modifying the Automatic Stay, (D) Scheduling*

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

*a Final Hearing, and (E) Granting Related Relief* [ECF No. 627] (the "Urgent Briefing Motion").³ In support of this Objection, PREPA respectfully states as follows:

**OBJECTION**

1. The Urgent Briefing Motion is nothing more than an attempt to file an improper surreply and should be denied. No party is disputing PREPA needs money or else it will be forced to shut down in the very near future. The crux of the movants' objections to the Debtor's postpetition financing motion [ECF No. 549] (the "Financing Motion") is (i) whether financing is necessary, (ii) whether financing is available without granting a superpriority claim and priming lien, and (iii) whether the bondholders are adequately protected. These issues are more than fully briefed. PREPA has received twelve (12) substantive objections to the Financing Motion totaling 163 pages (excluding exhibits). As demonstrated in the Reply, PREPA has satisfied all requirements under Bankruptcy Code section 364. Importantly, final relief on obtaining postpetition financing does not impose any additional legal requirements on a debtor. To the contrary, only interim relief requires an additional showing the debtor satisfies the elements of Bankruptcy Rule 4001(c)(2). No additional briefing is needed.

2. A surreply is only appropriate where a party has not had the opportunity to contest matters introduced for the first time in an opposing party's reply brief. *See Animal Welfare Inst. v. Martin*, 588 F. Supp. 2d 70, 81 (D. Me. 2008) (*citing United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 276-77 (D.D.C. 2002) ("The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply. The matter

---

³ Unless otherwise indicated, capitalized terms used but not otherwise defined herein shall have the same meaning given to them in the Urgent Briefing Motion.

must be truly new."). As explained herein, the PREPA Creditor Parties cannot meet this standard.

3. The PREPA Creditor Parties argue they have a "right to submit supplemental briefing based upon the different legal standards and new legal arguments that may be relevant to the final relief… ." Urgent Briefing Motion at ¶ 17. But there is no different legal standard at issue, and no new legal arguments have been made that warrant additional briefing.

4. The PREPA Creditor Parties fail to identify any "different legal standard" applicable to the relief requested in the Financing Motion that has arisen from anything that has since been filed by PREPA, including PREPA's withdrawal of its request for interim relief. Bankruptcy Code section 364 contains no provision providing for a different standard for interim and final relief.[4] Knowing this, in their objections the PREPA Creditor Parties raised challenges to myriad elements they assert must be established for approval of postpetition financing, including:

    a. Whether the business judgment rule or the entire fairness standard applies, and whether PREPA has satisfied such standard.

    b. Whether PREPA demonstrated it was unable to obtain unsecured credit.

    c. Whether PREPA established the Facility (as defined in the Financing Motion) is necessary to preserve assets of its estate.

    d. Whether the Facility is fair, reasonable, or adequate.

    e. Whether the bondholders are adequately protected.

    f. Whether PREPA has satisfied all elements to obtain a priming lien.

    g. Whether PREPA engaged in a sufficient marketing and solicitation process for finding alternative sources of financing.

    h. Whether Bankruptcy Code section 364(e) protection should be afforded.

---

[4] Bankruptcy Rule 4001(c)(2) adds an additional showing of irreparable harm for *interim* relief. But Bankruptcy Rule 4001(c)(2) no longer applies to the Financing Motion, and nothing in Bankruptcy Rule 4001 alters the requirements of Bankruptcy Code section 364.

The PREPA Creditor Parties have had a sufficient opportunity to object to the Facility, and have thoroughly briefed their legal arguments. No additional briefing is warranted.

5. The PREPA Creditor Parties also assert PREPA has raised "new" legal arguments. The only "new" argument the PREPA Creditor Parties identify is an argument concerning the extent of the bondholders' collateral. The PREPA Creditor Parties are confusing responding to arguments raised in their objections with asserting new legal theories for granting the Financing Motion. Specifically, the PREPA Bond Trustee and the Ad Hoc Group each argued the bondholders' collateral encompasses the contractual covenant to raise rates. PREPA responded by citing long-standing Supreme Court decisions demonstrating adequate protection only encompasses a claimholder's collateral and not contractual promises such as covenants and remedies. Citing decisions to rebut an argument made in an objection does not give the objector a right to a surreply. This is especially true in the context of this case where similar issues were litigated by the same parties as part of the lift stay motion that movants propounded. *See* ECF Nos. 74, 149, 177.

6. The PREPA Creditor Parties next argue additional briefing is warranted because PREPA filed two supplemental declarations and a new declaration (together, the "Declarations") with its Reply. The Declarations contain rebuttal testimony to the incorrect factual allegations contained in objections filed to the Financing Motion. Specifically: (i) the Supplemental Declaration of Dustin Mondell rebuts accusations the solicitation process for alternative financing was not sufficient and addresses why monies of PREPA held in an account with the Government Development Bank for Puerto Rico cannot be accessed (refuting allegations in certain objections to the contrary); (ii) the Supplemental Declaration of Todd Filsinger ("Supp. Filsinger Declaration") addresses allegations that municipalities owed money to PREPA and, as

5

requested in the Court's order at ECF No. 616, contains an updated budget and an explanation of certain additional sources of receipts;[5] and (iii) the Declaration of Gerardo Portela Franco rebuts accusations regarding attempts to obtain a community disaster loan and addresses receivables allegedly owed by certain Commonwealth instrumentalities. All three Declarations simply rebut factual inaccuracies in objections to the Financing Motion. All declarants, including from the declarations filed with the Financing Motion, have been made available for depositions on an expedited basis. Certain depositions, however, will occur next week, after the requested surreply deadline.

7. The PREPA Creditor Parties also assert additional briefing is warranted because neither the Final Order nor revised Credit Agreement has been filed. PREPA will file both documents shortly after the filing of this Joint Objection. In any event, the Final Order and Credit Agreement have been revised to, among other things, resolve objections specifically identified as being resolved in the Reply. Other than such revisions, no material changes have been made to the Final Order (as compared to the interim order) or the Credit Agreement from the versions already filed with the Court.

8. The PREPA Creditor Parties further identify three "material discrepancies" between the Credit Agreement and the summary of terms of the Facility contained in the Loan Motion: (i) the failure of PREPA to disclose a default interest rate in the Financing Motion; (ii) whether the step-up in interest rate to meet the interest rate provided by the third-party loans to the Commonwealth for funds to be loaned on to PREPA would only apply to such third-party

---

[5] The Urgent Briefing Motion incorrectly asserts PREPA failed to disclose in the Loan Motion it received cash payments from certain governmental entities prior to the filing of the Loan Motion. Urgent Motion at ¶ 7. The Loan Motion was filed on January 27, 2018. The cash payments from the Commonwealth were made on January 29, two days after the Loan Motion was filed. *See* Supp. Filsinger Declaration at ¶ 4. The PREPA Creditor Parties apparently now are upset over the fact PREPA has been engaging in collection efforts, efforts requested by the PREPA Creditor Parties.

6

loan, or to the entire Facility; and (iii) the failure to disclose in the Financing Motion the security interest granted to the Commonwealth would attach to the General Fund and not just Revenues. Urgent Briefing Motion at ¶ 5. Yet all three complaints are nothing more than red herrings that would not have changed movants' objections to the Financing Motion. Specifically:

    a. Default interest is a standard provision contained in postpetition financing facilities. The Financing Motion did not state there was no default interest. In any event, the disclosure of a commonplace provision such as default interest in the Financing Motion would not plausibly have altered any of the objections filed by the PREPA Creditor Parties.

    b. The Financing Motion and the Credit Agreement are consistent in describing step-up interest. In the event third-party financing (from the federal government or elsewhere) is obtained by the Commonwealth and lent onto PREPA, the interest rate for such third-party financing would be paid by PREPA and any amounts already advanced by the Commonwealth would accrue interest at the rate previously advanced. However, to the extent third-party financing is used to completely refinance an outstanding loan to PREPA, the third-party interest rate would be the only interest rate that applies. This will be further clarified in the revised Credit Agreement that will be filed with the Court, but in any case, further clarification of this provision also would not plausibly have altered any of the objections filed by the PREPA Creditor Parties.

    c. The Credit Agreement's grant of a lien on the General Fund is consistent with the Financing Motion's description of the collateral, as Revenues are placed in the General Fund and the security interest encompasses Revenues.

9. In sum, there have been no material factual or legal developments or disclosures since PREPA filed the Financing Motion that would warrant the filing of a surreply or other further briefing in this matter. Indeed, the few changes that have been made (to the Credit Agreement or the proposed order) were made to address objections or were otherwise for the benefit of creditors, not PREPA or the Commonwealth. PREPA has not raised any new legal arguments in support of the Financing Motion and has not raised any new factual allegations other than those needed to rebut inaccurate factual assertions raised in the various objections to

the Financing Motion. Additional briefing is not warranted, and the Urgent Briefing Motion should be denied.

10. To the extent this Court believes additional briefing may be warranted, any such briefing should: (i) be limited to legal arguments that have arisen as a result of revisions to the Credit Agreement and proposed financing order; (ii) not permit supplementation of arguments raised in the PREPA Creditor Parties' already-filed objections to the Financing Motion; and (iii) be limited to no more than five pages. In addition to all the foregoing reasons, limiting the scope of any additional briefing is appropriate given the Urgent Briefing Motion already sets forth the supplemental arguments of the PREPA Creditor Parties. The PREPA Creditor Parties should not be given *carte blanche* authorization to supplement their objections, especially since under their proposed briefing schedule the PREPA Creditor Parties provided themselves with nearly a week from the filing of the Reply to file additional arguments while only providing PREPA a weekend to respond.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE PREPA respectfully requests the Court deny the Urgent Briefing Motion and grant PREPA such other and further relief as is just.

Dated: February 6, 2018
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Maja Zerjal (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as Representative for PREPA*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as Representative for PREPA*

THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY, as fiscal agent for PREPA

By its attorneys,
*/s/ Nancy A. Mitchell*

Nancy A. Mitchell (*pro hac vice*)
**Greenberg Traurig LLP**

9

200 Park Avenue
New York, NY 10166
Tel: (212) 801-9200
Fax: (212) 801-6400

David D. Cleary
Kevin D. Finger
**Greenberg Traurig LLP**
77 West Wacker Drive
Suite 1300
Chicago, IL 60601
Tel: (312) 456-8400
Fax: (312) 456-8435