## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | CASE NO. 17 BK 3283-LTS |
| | TITLE III, PROMESA |
| AS REPRESENTATIVE OF THE COMMONWEALTH OF PUERTO RICO | |
| **Debtor** | |

### REPLY TO THE COMMONWEALTH OF PUERTO RICO'S OBJECTION TO NIEVES-LÓPEZ'S MOTION FOR RECONSIDERATION[1]

**TO THE HONORABLE COURT**:

**NOW COME** Beatriz Nieves-López and 26 other Plaintiffs in the case captioned Nieves-López et al v. Bhatia-Gautier et al, Civil No. 14-1220 (JAG-BJM), before the District Court for the District of Puerto Rico, through the undersigning counsel, and respectfully allege and pray as follows:

### I.    INTRODUCTION

1. On January 4, 2018, this Honorable Court issued an order denying Plaintiffs' request for relief from stay. In short, this Honorable Court refrained from addressing the question of whether the stay applies to Nieves-López. Also, the order stated that relief from stay was not warranted as it did not meet the In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) (hereinafter, "Sonnax"), factors. On January 18, 2018, Plaintiffs filed a Motion for Reconsideration. On that same date, this Honorable Court set the due date for an objection on February 1, 2018, and a reply on February 8, 2018. (Dkt. 2264.) On February 1, 2018, the Commonwealth of Puerto Rico filed

---

[1] Plaintiffs incorporate herein by reference their Motion for Relief of Stay (Dkt.1922); Reply to Objection (Dkt. 2172); and their Motion for Reconsideration (Dkt. 2263).

its Objection to Motion for Reconsideration (hereinafter, the "Objection".)  (Dkt. 2327.)

2.  In short, the Objection argues that the Motion for Reconsideration (1) fails to establish a manifest error in the application of law or fact; (2) that the applicability of the stay cannot be raised; and (3) that Plaintiffs have not shown cause for lifting the stay.

3.  Plaintiffs respectfully sustain that none of the Commonwealth's arguments hold water. The applicability of the stay is not estopped, but is in fact an issue that is well within this Honorable Court's jurisdiction.  As such, this Honorable Court's determination not to enter into the applicability of the stay constitutes a manifest error.  Moreover, the District Court for the District of Puerto Rico has established in similar cases that the Title III stay does not apply.  Lastly and alternatively, the Sonnax factors favor reconsidering the Memorandum Order Denying Motion for Relief (hereinafter, the "Memorandum Order").  (Dkt. 2205.)

## II.    STANDARD FOR RECONSIDERATION WAS MET

4.  The Commonwealth argues that Plaintiffs have not raised a manifest error in the interpretation of law or facts sufficient to warrant the reconsideration of the Memorandum Order, but have instead re-raised previous arguments, namely that the stay does not apply to Nieves-López.  In support of this, the Commonwealth describes this Honorable Court as having "considered and rejected" the arguments presented by the Plaintiffs with regards to the applicability of the stay, and that this Honorable Court "considered [the Plaintiffs'] arguments" and consequently denied Plaintiffs' request.  (See Objection to Motion for Reconsideration, at pages 4 and 5, Dkt. 2327.)

5.  Respectfully, the Commonwealth does not properly represent this Honorable Court's determination regarding the applicability of the stay.  The Memorandum Order expressly states that "[a]s a preliminary matter, the Court will not revisit the question of whether the automatic stay… applies to the Lawsuit."  (See Memorandum Order, at page 3, Dkt. 2205.) Far from

-2-

considering and resolving the issue of applicability, this Honorable Court explained that it did not "revisit the question" in the context of Nieves-López.

6. The Commonwealth's premise is incorrect in that it pretends that this Honorable Court reviewed and adjudicated an issue when in fact, this Honorable Court did not enter into its consideration. Plaintiffs respectfully sustain that this Honorable Court's refrain from reviewing the question of applicability, insofar as it is a central, non-estopped issue that is of the exclusive jurisdiction of this Honorable Court, constitutes manifest error. This is made clear in the Motion for Reconsideration when it stated that "[t]his Honorable Court's refrain from attending the issue of applicability is, respectfully, unsustainable and thus constitutes manifest error." (See Motion for Reconsideration, at page 6, Dkt. 2263.)

7. Also, it is important to note that by not reviewing the issue of applicability, particularly in light of the District Court's instruction that "[a]ny request to lift or vacate the stay must be filed in the bankruptcy court…" and the fact that the stay order was issued without granting Plaintiffs an opportunity to oppose it, Plaintiffs are left with no avenue to redress their rights or forum to raise their arguments.

8. Plaintiffs therefore respectfully affirm that the question of applicability must be reviewed on the merits.

### III.    AUTOMATIC STAY IS APPLICABLE

9. The Commonwealth, which is not a party in Nieves-López, goes on to argue that the stay is not applicable herein "as it is a prepetition action against inhabitants of the Commonwealth that seeks to enforce a claim against the debtor – the Commonwealth." (See Objection to Motion for Reconsideration, at page 6, Dkt. 2327.) In support of this conclusion, the Commonwealth cites the Order issued by Judge García-Gregory in Nieves-López and this Honorable Court's holding in the "Order Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a),

-3-

362(a), 365 and 922 Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition Lawsuits, and (III) Application of Contract Protections" (Dkt No. 543) (hereinafter, the "Title III Stay Order").

10. However, it is wrong to describe the Order by Judge García-Gregory as controlling in the question of applicability when said Order expressly stated that "[a]ny request to lift or vacate the stay must be filed in the bankruptcy court in Bankruptcy Case No. 17-bk-03283 (LTS)." Had the District Court intended to provide finality to the issue, it would not have instructed the parties to direct any challenge to the stay to this Honorable Court. Moreover, the Bankruptcy Court for the District of Puerto Rico has held "… that the bankruptcy court has **exclusive jurisdiction to terminate, annul, or modify the automatic stay** because it is part of the bankruptcy case itself." (Emphasis ours.) In re Morales-García, 553 B.R. 1 (B.D.P.R. 2016).

11. In footnote number 8 of the Objection to Motion for Reconsideration, the Commonwealth states that "[t]ellingly, Movants did not seek to challenge the court's order in the Prepetition Action with respect to the scope of the automatic stay, instead seeking to collaterally attack the order of the trial court in these Title III cases before this Court." If anything can be "told" from Plaintiffs' decision to appear before this Honorable Court is that they did what the District Court instructed them to do. To wit, the District Court stated that "[a]ny request to lift or vacate the stay must be filed in the bankruptcy court in Bankruptcy Case No. 17-bk-03283 (LTS)." A request to lift or vacate the stay, by definition and necessity, must contemplate a challenge to the stay itself. It was because the Plaintiffs followed the instructions of the District Court that they appeared before this Honorable Court to request the relief of stay.

12. Also, the Title III Stay Order clarifies that the stay extends to officers and inhabitants of the Debtor, but only "…with respect to actions whereby parties pursuing such actions seek to enforce claims against any of the Debtors." (See Title III Stay Order, at page 4.) As was previously discussed in greater detail in Plaintiffs' Motion for Relief of Stay and Reply, and the

-4-

Motion for Reconsideration, which are all incorporated herein by reference, this is not an action against the Debtor.  Nieves-López is an action for monetary damages only against defendants in their personal capacities and for injunctive relief against defendants in their official capacities. Even more, Nieves-López seeks to redress violations of constitutional rights.  The District Court has held that "PROMESA expressly contemplates that the temporary stay will not apply to suits to enforce federal rights. See § 2106 ("nothing in this chapter shall be construed as ... relieving a territorial government, or any territorial instrumentality thereof, from compliance with Federal laws....")."  Vázquez-Carmona v. Department of Education, 255 F. Supp. 3d 298 (D.P.R. 2017).

13. The stay cannot apply to Plaintiffs' claims against defendants in their personal capacities as they are not Title III debtors and Plaintiffs do not seek to enforce claims against the Debtor. With regards to the official capacities, PROMESA expressly contemplates that the stay will not apply to suits to enforce federal rights.  Therefore, it is necessary to conclude that the stay cannot apply to Nieves-López.

14. It is important to note that most of the cases cited by the Commonwealth in favor of their averment that the stay is proper in Section 1983 cases were not resolved in the context of PROMESA.  See Newberry v. City of San Bernardino (In re City of San Bernardino), 558 B.R. 321 (C.D. Cal. 2016); In re Kmart Corp., Case No. 02-2474, 2002 U.S. Dist. LEXIS 24141, at *4, *8 (N.D. Ill. Dec. 10, 2002).  As for the cases resolved after and in the context of PROMESA, multiple cases have held that the stay does not apply in actions seeking injunctive relief to redress violations of federal rights.  See Guadalupe-Báez v. Pesquera, __ F.Supp.3d __ (D.P.R. 2017) (2017 WL 3837187); Vázquez-Carmona v. Department of Education, *supra*.

15.  Plaintiffs respectfully aver that applicable law and case law establish that the stay does not apply to Nieves-López.  As previously pointed out, claims against defendants in their personal capacities do not include any Title III debtor.  As to claims against defendants in their official capacities, PROMESA explicitly provides for the stay not to apply to actions seeking redress of

-5-

federal rights.

## IV.     LIFTING OR MODIFYING THE STAY

16. The Commonwealth then argues that Plaintiffs do not show cause to modify or lift the stay.  Because the Commonwealth's arguments on this issue are identical to their Objection to Relief of Stay, and in an effort to promote judicial economy, Plaintiffs make reference to their Motion for Relief of Stay, its Reply, and the Motion for Reconsideration and incorporate them herein.

## V.     CONCLUSION

17. Plaintiffs have established that the question of applicability is not subject to collateral estoppel.  Even more, the District Court, without granting Plaintiffs an opportunity to oppose the notice of stay, instructed the Plaintiffs to appear before this Honorable Court and raise their opposition herein.  The stay is of the exclusive jurisdiction of this Honorable Court.  Plaintiffs respectfully aver that, it follows, any challenge to the applicability of the stay must be reviewed by this Honorable Court on the merits.

18. As to the question itself, the legal and factual landscape supports the conclusion that the stay is not applicable to Nieves-López.  As previously stated, claims against defendants in their personal capacities do not include any Title III debtor.  As to claims against defendants in their official capacities, PROMESA explicitly provides for the stay not to apply to actions seeking redress of federal rights.

19. Lastly, Plaintiffs have shown sufficient cause to lift or modify the stay.

**WHEREFORE**, it is respectfully requested that this Honorable Court reconsider its Memorandum Order of January 4, 2018, and issue an order to the effect that the stay is not applicable to Nieves-López, or otherwise lift the stay and order the proceedings be continued.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this February 7, 2018.

**I HEREBY CERTIFY** that on this date, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

<u>**s/Francisco R. González-Colón**</u>
**FRANCISCO R. GONZALEZ COLON**
**USDC No. 116410**

FRANCISCO GONZÁLEZ LAW OFFICE
1519 PONCE DE LEÓN AVE.
FIRST FEDERAL BLDG. SUITE 805
SAN JUAN, P.R. 00909
Tel. (787) 723-3222 FAX 722-7099
bufetefrgonzalez@gmail.com