EN EL TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| GLADYS GARCIA RUBIERA, ET ALS<br>**DEMANDANTES**<br><br>VS.<br><br>ASOCIACION DE SUSCRIPCIÓN CONJUNTA DEL SEGURO DE RESPONSABILIDAD OBLIGATORIO, ET ALS<br>**DEMANDADOS** | CIVIL NUM: KDP01-1441<br><br>SALA : 801<br><br>SOBRE: DAÑOS Y PERJUICIOS |

## SENTENCIA PARCIAL

Atendida la Moción Conjunta en Solicitud de Sentencia Parcial presentada por la parte demandante y el co-demandado Estado Libre Asociado de Puerto Rico (ELA), se declara **Ha Lugar** la misma y se dicta **Sentencia Parcial** de desistimiento voluntario con perjuicio, en cuanto a dicho co-demandado. Se adopta por referencia todos los acuerdos vertidos por estas partes en la Moción Conjunta sobre Acuerdo y Estipulación Parcial, presentada el 30 de marzo de 2016.

Por no existir razón alguna por la cual este Tribunal no pueda dictar sentencia en cuanto a dicha parte hasta la resolución total de pleito, el Tribunal dicta **SENTENCIA PARCIAL**.

REGISTRESE Y NOTIFIQUESE

En San Juan, Puerto Rico, a 8 de julio de 2016.

*[firma]*
OLGA GARCIA VINCENTY
JUEZ SUPERIOR

*Certifico*
*Giselda Rodriguez Collado*
*Secretaria Regional*

EDMY V. NIEVES FIGUEROA
*Secretaria Auxiliar*

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE SAN JUAN

| | |
|---|---|
| GLADYS GARCÍA RUBIERA, ET. AL., <br><br> DEMANDANTES <br><br> V. <br><br> ASOCIACIÓN DE SUSCRIPCIÓN CONJUNTA DEL SEGURO DE RESPONSABILIDAD OBLIGATORIO, ET.AL. <br><br> DEMANDADOS | CIVIL NÚM.: K DP2001-1441 (801) <br><br> SOBRE: <br><br> ACCIÓN DE CLASE LEY NÚM. 118 DE 25 DE JUNIO DE 1971; DAÑOS Y PERJUICIOS; RECOBRO DE INTERESES Y DEVOLUCIÓN DE PRIMAS |

## MOCION CONJUNTA SOBRE ACUERDO Y ESTIPULACION PARCIAL

AL HONORABLE TRIBUNAL:



Comparece la parte demandante y la codemandada Estado Libre Asociado de Puerto Rico (ELA) mediante las representaciones legales que suscriben y respetuosamente exponen y solicitan:

1. Con fecha de 31 de julio de 2001 se presentó este caso en el que comparecieron como partes demandadas la Asociación de Suscripción Conjunta de Seguro Obligatorio (ASC) y varias aseguradoras.

2. El Estado Libre Asociado de Puerto Rico (ELA) fue incluido mediante Tercera Demanda Enmendada presentada en septiembre de 2005. Según alegado por la parte demandante, el ELA fue incluido por razón de la aprobación de la Ley 230 del 2002 y la Ley 414 del 2004 que disponen que los fondos no reclamados en poder de la ASC, pasen al Departamento de Hacienda, sujetos a ser reclamados. Los no reclamados en poder del ELA, pasaran al Fondo General, luego de cinco años.

3. En febrero del 2002 los demandantes presentaron una demanda de interdicto (injunction) en el Tribunal de Distrito Federal para el Distrito de Puerto Rico, (Tribunal Federal) en la que reclamaron que la transferencia de fondos pertenecientes a los demandantes a la custodia del ELA, sin la debida notificación a estos, los privaba de su propiedad sin el debido procedimiento de ley. En dicho caso se certificó la clase como aquella cuyos integrantes son los propietarios de vehículos de motor que entre

1

los años 1998 a 2010, pagaron la prima de seguro compulsorio y la prima de seguro de responsabilidad pública convencional y no se les reembolsó la prima pagada del seguro compulsorio, aunque el pago era duplicado.

4. Como consecuencia del procedimiento ante el Tribunal Federal, se dispuso que, desde agosto del 2013, el ELA estaba impedido de transferir, al Fondo General, los fondos no reclamados recibidos de la ASC, de acuerdo a la Ley 230 del 2002, sin que antes se hubiera notificado a los miembros de la clase conforme al debido procedimiento de ley. Se dispuso también que los fondos ya transferidos estarían sujetos a reclamo. En dicho caso, se acordó lo que constituirá la adecuada notificación, según expresada en el acuerdo ante el Tribunal Federal, "Settlement Stipulation", que se aneja y se hace formar parte de este documento (Anejo A).

5. En el presente caso se dictó Resolución el 10 de marzo de 2015, certificando la clase, la misma que se certificó en el Tribunal Federal, la cual es objeto de un proceso de revisión en el Tribunal Supremo de Puerto Rico promovido por la ASC.

6. Conforme conversaciones encaminadas a un acuerdo, tanto en el presente caso como en el caso presentado en el Tribunal Federal, se estipuló la forma de notificación y el procedimiento de reclamo de los fondos no reclamados que mantiene el ELA, que corresponden a personas que adquirieron una póliza de seguro privada y también pagaron el seguro compulsorio, por lo que pagaron doble. En armonía con lo anterior los comparecientes acuerdan y estipulan lo siguiente:



A. **Definición de la Clase**

La clase demandante se define como todos los dueños de vehículos de motor en el ELA, quienes, entre los años 1998 y 2010, pagaron el seguro de responsabilidad obligatorio, teniendo vigente una póliza de seguro privado, a quienes no se les ha reembolsado, ni se les ha concedido crédito, por el pago duplicado del seguro compulsorio.

B. **Notificación individual y su contenido**

i. A partir de 30 días de aprobada la notificación propuesta en el presente acuerdo, el Departamento de Hacienda enviará, mediante correo de primera clase, una notificación a los dueños de vehículo de motor que pagaron el seguro de responsabilidad obligatorio, teniendo vigente una póliza de seguro privada durante los años del 1998 al 2010 y que figuren en las listas recibidas de la ASC. Esta notificación será enviada a aquellos dueños cuyas direcciones incluyan la información requerida por el servicio postal de los EEUU, para que sea viable su entrega. Las direcciones

2

serán suplementadas, o verificadas por el Departamento de Hacienda con información recibida del Departamento de Transportación y Obras Públicas o cualquier otra información o método de verificación disponible. La notificación informará que el titular podrá ser acreedor al reembolso del pago de la póliza del seguro compulsorio durante los años antes mencionados (Anejo B).

ii. La notificación incluirá la información que el Departamento de Hacienda haya recibido de la ASC del posible reclamante, en cuanto a lo siguiente: nombre, dirección, los últimos cuatro dígitos del seguro social, número de licencia del vehículo, número de identificación del vehículo, nombre de la aseguradora privada, número de póliza de la aseguradora privada, el año objeto de reclamación y su derecho a ser excluido de la clase, si así lo desea. Conjuntamente con la notificación se incluirá el formulario correspondiente para que la persona notificada efectúe su reclamo.

La notificación informará al posible reclamante, la manera en que se solicitarán los reembolsos, que la misma le está siendo enviada como resultado de una estipulación y una sentencia en este caso y en el caso radicado en el Tribunal de Distrito Federal, la que incluye una disposición de honorarios contingentes pagaderos a los representantes legales de la clase demandante, de un 20%, de la cantidad a la que podrían tener derecho a reembolso o crédito los miembros de la clase, con un mínimo de honorarios de 1,375,000.00 dólares. Además de lo anterior, se informará, en la notificación por correo, el derecho a objetar los términos de la estipulación y los honorarios de abogado.

C. **Notificaciones Públicas**

i. De conformidad con lo dispuesto en el caso ante el Tribunal Federal 02-1179 (GAG) el ELA, a su costo, publicará en un portal de internet, al que los potenciales reclamantes pueden tener fácil acceso, las listas de los años 1998 hasta el 2010, que el Departamento de Hacienda recibió de la ASC de los dueños de vehículo de motor que pagaron el seguro de responsabilidad obligatorio, teniendo vigente una póliza de seguro privado, así los dueños de los vehículos de motor tendrán acceso a éstas y a los años a los que tienen derecho a reclamar. El ELA, con la ayuda de su personal técnico creará, dicho portal en internet para que cualquier posible reclamante, pueda corroborar su condición de reclamante y su información personal (Anejo C).

3

ii. Comenzando 30 días luego de aprobado por el Tribunal y ordenada la notificación del presente acuerdo, una vez por semana y durante seis semanas consecutivas, se publicará un anuncio, a página completa, en los periódicos el Nuevo Día y el San Juan Star. Dicha notificación contendrá la información aquí acordada. Se incluye dicha notificación como anejo al presente acuerdo.

iii. El ELA tendrá disponible, en forma digital, las listas de los potenciales reclamantes en las Colecturías del Departamento de Hacienda y así los integrantes de la clase podrán acudir a estas para obtener información sobre si están o no incluidos en las listas. El personal de las colecturías le proveerá a los posibles reclamantes copia de las páginas en que aparezcan y una copia de la solicitud para requerir el reembolso, así como el término que tienen para reclamar. Asimismo, durante un período de cuatro semanas, dos veces diarias y diez veces por semana, se anunciará en las emisoras de radio WKAQ, Radio Isla y Radio Oro, de manera resumida, los términos de la presente estipulación y la manera en que podrán los posibles reclamantes, solicitar el reembolso. Estos avisos tendrán una duración de 30 segundos.

iv. El costo de la publicación de todos los avisos y notificaciones, incluyendo el aviso por correo de primera clase, publicación en los periódicos, internet y radio, será sufragado por el ELA.

D. **Término y Procedimiento para Reembolso**

i. Los componentes de la clase tendrán un período de dos años, contados desde la última publicación de la notificación en un periódico, para efectuar su reclamo al Departamento de Hacienda, en armonía con el procedimiento establecido en el presente acuerdo.

ii. Las partes acuerdan que, a los efectos de hacer el reclamo de la devolución del pago del seguro compulsorio, los integrantes de la clase completaran una solicitud con la siguiente información y requisitos: nombre, dirección, número del seguro social, número de tablilla del vehículo correspondiente, número de identificación del vehículo, nombre de la aseguradora privada, número de póliza y el año para el que se está efectuando la reclamación, según aparecen en las listas enviadas por la ASC al Secretario de Hacienda. Además, el reclamante deberá asegurar bajo penalidad de perjurio que, para el año y vehículo de motor correspondiente, era el titular de éste y que pagó el seguro compulsorio, así como una póliza de seguro privado que cubría dicho vehículo; que no



4

se le ha reembolsado, ni acreditado de manera alguna, el pago duplicado de seguro compulsorio; que es la persona que consta en las listas de dueños de vehículos de motor que pagaron el seguro de responsabilidad obligatorio teniendo vigente una póliza de seguro privado durante los años del 1998 al 2010 que la ASC envió al Departamento de Hacienda, según dichas listas han sido publicadas, o hechas accesibles por el Departamento de Hacienda mediante internet y además cualquier otro método. El formulario de reclamo se incluye como anejo al presente acuerdo y estará disponible en todas las Colecturías del Departamento de Hacienda (Anejo D). El formulario podrá incluir la solicitud de reembolso de uno o más vehículos y de uno o más años.

iii. A los efectos de llevar a cabo el reclamo correspondiente, no se requerirá del reclamante información adicional alguna.

iv. Luego de presentada la solicitud de reembolso, el Departamento de Hacienda tendrá un término de 120 días para cotejar que en efecto el reclamante efectuó un pago doble y deberá hacer el pago correspondiente a la devolución en las solicitudes que procedan dentro del mismo término. Dentro de ese mismo término, de no ser procedente el pago, notificará al dueño del vehículo de motor las razones por las cuales dicho reembolso no corresponde y no será efectuado.

v. Los pagos a los reclamantes que cualifiquen, no contendrán cómputos de interés alguno, renunciando la clase demandante a los mismos.

F. **Honorarios de abogado y gastos**.

De acuerdo a la Ley 118 del 25 de junio de 1971, según enmendada ("Ley de Acción de Clase de Consumidores") los comparecientes proponen para aprobación del Tribunal los siguientes honorarios:



i. La representación legal de la clase demandante devengará, en concepto de honorarios de abogado, el 20% de todos los reembolsos y créditos efectuados por el Departamento de Hacienda a los integrantes de la clase que solicitaron durante el período de dos años establecido anteriormente. La cantidad del 20% será retenida por el Departamento de Hacienda de cada reembolso o crédito concedido a los individuos que componen la clase y de ésta se pagará a los abogados de la clase, los gastos del pleito y los honorarios de abogado.

ii. El Departamento de Hacienda adelantará, de los fondos que ha recibido de la ASC objeto de la presente reclamación, los honorarios de abogado a los representantes legales de la parte demandante, en proporción de

5

75% al Lcdo. A.J. Amadeo Murga y de 25 % al Lcdo. Mario M. Oronoz, las siguientes cantidades y en las siguientes fechas:

1. $375,000.00 para el pago de gastos y honorarios de abogado, que será depositado en el Tribunal no más tarde de 90 días luego de aprobado el presente acuerdo por el Tribunal mediante sentencia.
2. $250,000.00 al año de efectuado el primer pago.
3. $250,000.00 al segundo año de efectuado el primer pago.
4. $250,000.00 al tercer año de efectuado el primer pago.
5. $250,000.00 al cuarto año de efectuado el primer pago, más cualesquiera honorarios adeudados, computados a base del 20% de las sumas reembolsadas o acreditadas, en los dos años aquí acordados, que excedan la suma adelantada de $1,375,000.00 y que no hayan sido previamente pagadas a los representantes legales de los demandantes.

iii. Cada seis meses, el Departamento de Hacienda proveerá a la representación legal de la clase demandante un informe sobre el número de solicitudes recibidas, incluyendo aquellas que fueron denegadas o rechazadas y las cantidades desembolsadas o acreditadas.

iv. De surgir del informe semestral que el 20% de las reclamaciones pagadas o acreditadas por el Departamento de Hacienda a los solicitantes, exceden la suma adelantada a los abogados, dicho exceso será pagado a éstos dentro de los siguientes 30 días y dicha suma pagada será acreditada al próximo plazo de la suma a adelantarse por el Departamento de Hacienda.

v. En consideración al adelanto de honorarios de abogado establecido en al Apartado F(ii) anterior, el Departamento de Hacienda retendrá de las sumas a reembolsar o acreditar a los reclamantes las cantidades recibidas en el Apartado F(i) anterior, hasta la cuantía de $1,375,000.00. Una vez se reponga esta cantidad, las cantidades adicionales, si alguna, descontadas de los pagos o créditos que se adjudiquen a los reclamantes, corresponderán, en concepto de honorarios de abogado a la representación legal de la clase. Estas serán pagadas cada 90 días.

7. La presente transacción no incluye a la codemandada ASC. La clase demandante se reserva su reclamación contra ASC por los intereses percibidos por ésta, producto o redito de los dineros por primas pagadas en poder de ASC antes de ser enviados al Secretario de Hacienda, conforme a la Ley 230 de 2002, y cualesquiera

6

primas retenidas por la ASC y no remitida al Secretario de Hacienda. La presente transacción se hace conforme a lo resuelto en *Szendrey v. Hospicare Inc.* 158 D.P.R. 648 (2003) e incluye solamente la responsabilidad del Estado Libre Asociado a la clase demandante y no la responsabilidad que pueda tener la ASC hacia la parte demandante por los intereses devengados.

8. El Tribunal Federal en el caso 02-1179 (GAG) mencionado en los párrafos 3, 4 y 6 anteriores, aprobó el primero de marzo de 2016, mediante sentencia dictada la estipulación acordada por las partes en dicha acción y emitió un interdicto permanente, copia de la cual se incluye como anejo A.. De existir cualquier discrepancia entre esta estipulación y la acordada en el Tribunal Federal, prevalecerá la presentada ante el Tribunal Federal.

9. Con excepción de lo dispuesto expresamente en esta estipulación el presente acuerdo no dispone para el pago de intereses, penalidades, ni honorarios de abogado.

10. El Tribunal retendrá jurisdicción para hacer cumplir los términos del acuerdo conforme a la intención de las partes.

POR TODO LO CUAL se solicita de este Honorable Tribunal que disponga:

a) Que la clase sea notificada sobre los términos de este acuerdo mediante los avisos aquí propuestos y se le conceda un plazo no mayor de 30 días para expresar cualquier objeción que pueda tener a los términos del mismo.

b) Que conforme dispone la Ley Núm. 118 del 25 de junio de 1971, según enmendada, se le de notificación al Secretario del Departamento de Asuntos del Consumidor de los términos del Acuerdo y se le conceda igual plazo de 30 días para expresarse.

c) Que transcurrido el plazo sin que se haya recibido una objeción por cualquier integrante de la Clase, ni del Secretario del DACO, apruebe el presente acuerdo dicte sentencia parcial, de conformidad con lo aquí expresado.

d) Se solicita además que, en vista al presente acuerdo y no existiendo razón para posponer el dictamen de la sentencia en cuanto a las partes aquí comparecientes hasta la resolución total del pleito, se ordene expresamente que la sentencia dictada se notifique y registre de acuerdo a la Regla 42.3 de Procedimiento Civil.



7

**CERTIFICO** que en esta misma fecha he enviado copia de la Moción que antecede a la **Lcda. Moraima Ríos Robles**, Mario Arroyo Law Offices, PSC, PMB 379, 1353 Ave. Luis Viguoreaux, Guaynabo, PR 00966.

**RESPETUOSAMENTE PRESENTADA**

En San Juan, Puerto Rico a 29 de marzo de 2016.

**ANTONIO J. AMADEO MURGA**
RUA NUM. 1900
420 AVE. PONCE DE LEON
EDIFICIO MIDTOWN, SUITE 910
SAN JUAN, PR 00918
TEL: (787)765-2731
Email: ajamadeo@prtc.net

**ANGEL LÓPEZ HIDALGO**
RUA NUM. 6568
PO BOX 1187
TRUJILLO ALTO, PR 00977-1187
TEL: (787) 242-9154
Email: alh1955@gmail.com

**LCDO. MARIO M. ORONOZ**
RUA NUM. 2720
URB. TORRIMAR
K-4 CALLE BAMBU
GUAYNABO, PR 00966
TELS. (787) 782-1173 / (787) 294-255
Email: mmo@oronozlaw.com

8