```
 1                    UNITED STATES BANKRUPTCY COURT

 2                       DISTRICT OF PUERTO RICO

 3
     In Re:                        )        Docket No. 3:17-BK-3283(LTS)
 4                                 )
                                   )        Title III
 5   The Financial Oversight and   )
     Management Board for          )
 6   Puerto Rico,                  )        (Jointly Administered)
                                   )
 7   as representative of          )
                                   )
 8   The Commonwealth of           )
     Puerto Rico, et al.,          )        February 7, 2018
 9                                 )
                 Debtors.          )
10
     _____
11
     In Re:                        )
12                                 )
     The Financial Oversight and   )        Docket No. 3:17-BK-4780(LTS)
13   Management Board for          )
     Puerto Rico,                  )        (Jointly Administered)
14                                 )
     as representative of          )
15                                 )
     Puerto Rico Electric          )
16   Power Authority,              )
                                   )
17               Debtor.           )
     _____
18

19                          OMNIBUS HEARING

20    BEFORE THE HONORABLE U.S. DISTRICT JUDGE LAURA TAYLOR SWAIN

21               UNITED STATES DISTRICT COURT JUDGE

22   _____

23

24   PRESENT IN THE OMNIBUS HEARING:

25   The Honorable U.S. Magistrate Judge Judith Dein
```

```
 1       APPEARANCES:

 2

 3       For The Commonwealth
         of Puerto Rico, et al.:  Mr. Martin Bienenstock, PHV
 4                                Mr. Paul V. Possinger, PHV

 5       For Peaje
         Investment, LLC:         Ms. Dora Monserrate, Esq.
 6                                Mr. Richard Schell, Esq.

 7       For Official Committee
         of Unsecured Creditors:  Mr. Luc Despins, PHV
 8

         For Puerto Rico Fiscal
 9       Agency and Financial
         Advisory Authority:      Mr. Kevin D. Finger, PHV
10                                Ms. Diana M. Perez, PHV

11       For Abengoa
         Puerto Rico:             Mr. Pedro A. Jimenez, Esq.
12

13

14

15

16

17

18

19

20

21

22

23

24       Proceedings recorded by stenography.  Transcript produced by
         CAT.
25
```

```
 1                          I N D E X

 2   WITNESSES:                                    PAGE

 3        None offered.

 4

 5   EXHIBITS:

 6        None offered.

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
1                                    San Juan, Puerto Rico

2                                    February 7, 2018

3                                    At or about 9:43 AM

4                        *      *      *

5         THE COURT:  Before I call anyone to speak, I would

6  just like to make some welcoming remarks again.

7         Good morning and welcome, Counsel, parties at

8  interest, members of the public, the press, and those

9  observing here and in New York, and the telephonic

10 participants.  It is truly good to be back in San Juan.

11        We have the honor of being joined here today by Ruby

12 Krajick, the Clerk of Court for the Southern District of New

13 York, and Edward Friedland, the District Executive for the

14 Southern District of New York.

15        My colleagues and I have been looking forward to this

16 day ever since the hurricane -- oh, apparently New York can't

17 hear.

18        So I hope this will be better, and we'll find out if

19 it is.

20        As I said, my colleagues and I have been looking

21 forward to this day ever since the hurricane, and we are

22 grateful for the patience and strength that our fellow

23 citizens in Puerto Rico have demonstrated during these long

24 months of challenges.

25        There is a long road ahead to restoration and
```

1    stability, and the Court remains committed to assisting all of

2    the parties at interest in finding the way forward, addressing

3    the current problems while moving steadily toward a stronger

4    and more vibrant future for Puerto Rico.

5            Today's proceedings will be short, as a number of

6    matters have been adjourned.  And so let us commence.

7            Mr. Possinger.

8            MR. POSSINGER:  Good morning, Your Honor.  Good

9    morning everybody in New York.  Paul Possinger from Proskauer

10   Rose on behalf of the Oversight Board.

11           As Your Honor stated, although we have a 16-page

12   agenda, this morning should be a relatively short hearing.  We

13   have one uncontested matter and one contested matter.  I

14   suggest we start with the uncontested matter, which I will be

15   covering.  That's the motion for establishing a bar date in

16   all of the debtor's Title III cases.

17           Your Honor, we submitted a revised Order in black

18   line on January 25th at ECF 2286.  That black line reflects

19   comments that we received from creditors and various creditor

20   groups after we filed the motion.  And we worked with all of

21   the folks who submitted comments to come up with a consensual

22   resolution.  And as a result, we received no substantive

23   objections.

24           So briefly, the motion will establish three claim bar

25   dates:  A general claim bar date of May 29, 2018, at 4:00 PM

1  local time; a contract and lease rejection claim bar date,

2  which will be the later of May 29 or the first business day

3  that's 35 days after the entry of an Order authorizing the

4  rejection of this subject contract or lease; and the third is

5  a bar date for claims of creditors who are affected by an

6  amendment to a creditor list.  And similarly, that will be the

7  later of the general claim bar date, May 29, or 35 days after

8  the amended creditor list is filed.

9      With respect to notice, we will be mailing through

10  Prime Clerk a notice of the bar date by February 26.  We will

11  also be publishing the publication notice on or before

12  February 26 in the following publications:  El Nuevo Dia,

13  which is a local publication.  That will be in Spanish.

14  Caribbean Business, also a local publication.  That will be in

15  English.  El Diario, which is a Spanish publication with

16  primary circulation in New York.  And El Nuevo Herald, a

17  Spanish publication with primary circulation in Miami.  And we

18  will also be publishing in the Bond Buyer.

19      With respect to PREPA customers, we will be issuing a

20  special form of notice with the bills that will be going out

21  to those customers on or before March 30.  If they receive

22  their bills by mail, they'll get the notice by mail.  If they

23  receive their bills by e-mail, they'll get that notice by

24  e-mail.  And for any customers who have not had their billing

25  recommenced as of March 30, we will be mailing -- doing a

1   separate mailing for those customers on or before April 6.

2   THE COURT:  And am I correct in understanding that

3   the general rule for PREPA customer type potential claims for

4   deposits and that sort of thing is that they will not be

5   required to be filed; and so the fact that the notice won't go

6   to them for a month after the other notices, is not intended

7   to shorten any period for true action for them unless they

8   have some other independent sort of claim against PREPA?

9   MR. POSSINGER:  Yes.  That's correct.  And I'll

10  highlight a few of the exceptions to the requirement for

11  filing proof of claim in a minute.

12  With respect to publication notice, we will also be

13  republishing the form of publication notice on or before April

14  27 in the same publications.  And then starting 14 days prior

15  to the May 29 bar date, we will be running radio ads in

16  Spanish, a total of 28 spots.  And those ads will be running

17  on WMEG FM, which is a Spanish radio station here on the

18  island, which features contemporary hit radio, and WKAQ AM,

19  which is Spanish talk radio.

20  With respect to some of the mechanics for filing

21  proofs of claim, the Order authorizes three categories of

22  master proofs of claim:  Bond claims may be submitted under a

23  master proof of claim filed by the indenture trustee fiscal

24  agent or similar agent for each bond issuance; unions are

25  authorized to submit on behalf of their constituents claims

1    arising under collective bargaining agreements; and agents

2    under any credit agreements will be authorized to file master

3    proofs of claim on behalf of their lenders.

4         As a general matter, all claims that arise prior to

5    the respective petition dates of each of the Title III debtors

6    will be required to file a proof of claim.  However, the Order

7    sets forth 15 categories of exceptions to that requirement.

8    They are laid out in the Order.  They are also laid out in

9    each of the notices.  I won't go through each of them.  I'll

10   just highlight a few of the larger categories.

11        Parties asserting administrative or post-petition

12   claims don't have to file a proof of claim.  As Your Honor

13   indicated, PREPA customers asserting claims through deposits

14   or billing or service disputes are exempt.  Pension claims,

15   claims for pension or post-retirement benefits are exempt.

16   Employee claims for wages, salaries, benefits and Workers'

17   Compensation claims are exempt.

18        Individual union member claims for grievances arising

19   out of collective bargaining agreements are generally exempt,

20   with one exception to the exemption, which is that a grievance

21   claim that has been reduced to a dollar amount pursuant to the

22   settlement or arbitration award on or before February 28,

23   2018, will have to file a proof of claim asserting that dollar

24   amount.  Individual bondholders under bond issuances that

25   don't have an indenture trustee or a fiscal agent are exempt.

```
 1            And finally, intergovernmental claims, certain

 2   intergovernmental claims, any municipality, department or

 3   agency of the Commonwealth asserting a claim against the

 4   debtor for less than 200 million dollars, those claims are

 5   exempt.  And any claims asserted by a debtor or a covered

 6   territorial instrumentality, which is under the Oversight

 7   Board's oversight, are exempt of having to file proofs of

 8   claim against any debtor.

 9            As I indicated, we filed a revised Order on January

10   25.  Last night we received one additional requested change

11   from AAFAF with respect to a clarification for the exemption

12   of pension claims.  It's one change.

13            If I can approach?

14            THE COURT:  Yes.  Thank you.

15            MR. POSSINGER:  And it's one change.  And this is to

16   paragraph 6-F of the Order, and this is just a clarification

17   to indicate an exemption for pension claims will include

18   claims of any former employee of a Title III debtor receiving

19   early pension, financial incentive, or other benefits provided

20   under Act No. 70-2010 or Act No. 211-2015 or similar laws or

21   programs.

22            And I previewed that change with the Retiree

23   Committee, and there are no objections I'm aware of to that

24   addition to the Order.  I understand that the Unsecured

25   Creditors' Committee would like to make a few comments
```

 1   regarding this matter.

 2          And then after that, I would ask that Your Honor --

 3   I'm sorry.  If Your Honor has any questions regarding the

 4   Order or any of the mechanics that will arise under the Order,

 5   I'm happy to answer those as well.

 6          THE COURT:  I think you know me by now.  So I do have

 7   a few questions.

 8          MR. POSSINGER:  Sure.

 9          THE COURT:  So am I correct in understanding that

10   there is one mailing, and then all of the follow up will be by

11   publications and radio?

12          MR. POSSINGER:  That's correct.

13          THE COURT:  And since there have been problems with

14   people being displaced, and I think Mr. Bienenstock mentioned

15   that there were some Post Offices, at least as of December,

16   that were far away from people's homes and people might not be

17   visiting them regularly, is there a mechanism such as perhaps

18   even early radio ads to alert people that something important

19   will be coming for them in the mail, and that they should be

20   looking for it?

21          MR. POSSINGER:  We had not contemplated a radio ad

22   putting people on notice that this notice is coming, but we

23   can certainly consider that.  We can make that addition if --

24          THE COURT:  It seems to me that given the time that

25   has passed and all of the events that have occurred, it would

1    be good to have something besides the publication notice and

2    the mailing to alert people to the commencement of the claims

3    period, that they'll be receiving things at wherever they used

4    to be, if they're not there now.

5            MR. POSSINGER:  Sure.

6            THE COURT:  And as to the master proofs of claim,

7    the -- I believe it's in the Order, or in any event, the

8    submission indicates that the Bond Trustees Union and other

9    parties able to file master proofs of claim are permitted but

10   not required to file a master proof of claim.  And then the

11   individual claimants are informed by the materials that if a

12   master proof of claim is filed, they don't have to file

13   individual proofs of claim.

14           And so my question is a practical one:  Is there a

15   mechanism for making information accessible to potential

16   individual claimants that a master proof of claim has been

17   filed?

18           So, for instance, if there were a special proof of

19   claim form that said master proof of claim, and Prime Clerk

20   were to have a section of its website listing master proofs of

21   claim that had been filed, then it would be clear to the

22   potential individual claimants.  And otherwise, I think

23   there's a risk of having front end transaction costs and

24   individual claims filed that don't really need to be filed.

25   And I wonder what you think about that.

1          MR. POSSINGER:  We have a representative of Prime

2     Clerk here.  I will confirm with her that that is doable.  I

3     see no reason why that can't be done, that there can't be a

4     tab for master proofs of claim set up on the website.

5          I'd also point out --

6          THE COURT:  Okay.  Apparently Court Solutions is

7     down, and so we have to wait to have that telephone connection

8     re-established.  Sorry, everybody.

9          MR. POSSINGER:  Sure thing.

10          THE COURT:  Is the Court Solutions line live now?

11     That's a question for the person who's -- okay.  Very good.

12          I understand that there was a glitch, and the Court

13     Solutions line was never open at all.  So as a brief recap for

14     those who are listening, I made some general remarks of

15     greeting.  Mr. Possinger has reviewed the summary of the bar

16     date motion, which is, as I understand at this point,

17     uncontested; has gone over the major features of it; and his

18     summary was substantially consistent with the revised filing

19     that was made under ECF -- well, actually, why don't you pick

20     it up there.

21          MR. POSSINGER:  ECF 2286.

22          THE COURT:  Thank you.

23          And he's mentioned that there was an additional

24     provision regarding certain early retirees requested by AAFAF

25     and agreed on.  Would you go over that?

1          MR. POSSINGER:  Sure.  The revision that AAFAF had

2     requested last night to the bar date Order is in addition to

3     paragraph 6-F of the Order, and this change will then ripple

4     through the notices.

5          And this is the exemption of pension claims from the

6     requirement of having to file a proof of claim.  And the added

7     language is a parenthetical that occurs after the first

8     appearance of Title III debtor in that paragraph.

9          The parenthetical reads:  Including any former

10    employee of a Title III debtor receiving early pension,

11    financial incentive or other benefits provided under Act No.

12    70-2010 or Act No. 211-2015 or similar laws or programs.

13         And all this additional language does is clarify

14    that, if there was ever a doubt that those parties who took

15    those early retirement benefits are also exempt from having to

16    file a proof of claim to obtain -- to preserve their claim for

17    those benefits.  The bottom line is we don't want retirees to

18    have to go through the effort of having to file a proof of

19    claim, and we certainly don't want to be inundated with what

20    could be over a hundred thousand proofs of claim.

21         THE COURT:  Thank you.

22         And at my request, the debtors and Prime Clerk have

23    undertaken to consider adding some sort of early notice

24    mechanism, like radio ads, to alert people that the claims

25    information is being mailed out, since people may be

1    displaced.

2         And also looking into whether master proofs of claim,

3    once filed, can be flagged, so that people who are exempt from

4    filing individual claims, if a master proof of claim has been

5    filed, can ascertain conveniently whether a master proof of

6    claim has been filed.

7         And then I just have a few other questions.

8         MR. POSSINGER:  And the good news with respect to --

9    I think that -- I think the major concern on the master proofs

10   of claim may be employees under union employees.  And union

11   employees generally for grievance claims arising under a

12   collective bargaining agreement are also exempt from having to

13   file proofs of claim.  And that's clear, and that will be

14   going out.

15        THE COURT:  That's very good.  Except for the claims

16   that will be liquidated before the date in February?

17        MR. POSSINGER:  That's correct.  That's correct.

18        THE COURT:  Very good.  I understand that there is an

19   EPOC, Electronic Proof of Claim, system.  The notice that, as

20   I reviewed it, seems to refer to the electronic filing through

21   Prime Clerk, but then there is one place which is on ECF page

22   77 of that document 2286 that seems to point to the EPOC

23   filing system.

24        And so my question is whether you anticipate taking

25   claims in through the direct Prime Clerk electronic interface,

1  as well as the EPOC electronic interface.  And if it's going

2  to be both, I note that the form, at least as it currently

3  exists in EPOC, is not the PROMESA customized form.  And so I

4  would like to know what the plan is.

5         And our Clerk's Office is concerned that they be able

6  to support all of the methods of filing.  And if there will be

7  filing through EPOC, that they can give accurate information

8  to people.

9         MR. POSSINGER:  One moment, Your Honor.  I'm not

10  familiar with the EPOC system and the distinction.

11        My understanding, Your Honor, is the answer is that

12  they can do either.  Claimants can do either, file through the

13  Prime Clerk website or through the EPOC system.

14        THE COURT:  And so to the extent that our people at

15  the courthouses are informing the claimants of what they can

16  do, they should include information about EPOC?  I understand

17  there's some sort of an interface that would guide a filer

18  through.

19        MR. POSSINGER:  That's correct, Your Honor.

20        THE COURT:  All right.  And so I'm just going to ask

21  Ms. Tacoronte if we have enough of an answer on that that we

22  can proceed?

23        COURTROOM DEPUTY:  Yes.  If there is no situation

24  involving the differences between the PROMESA proof of claim

25  form and the form generated by EPOC, we see no problem there.

```
1              THE COURT:  All right.  So I'm told that our court
2    staff will not have a problem with that as long as you have a
3    mechanism for reconciling any differences between the standard
4    form and the PROMESA customized form on the claims processing
5    end.
6              MR. POSSINGER:  That won't be a problem, Your
7    Honor.
8              THE COURT:  Thank you for clarifying that for us.
9              MR. POSSINGER:  Thank you.
10             THE COURT:  I understand that additional hand
11   delivery locations on the island are still being sorted out,
12   but there is a printing deadline, so are you planning to flag
13   any additional locations via advertising and the Prime Clerk
14   website?  Because right now the notice only has the three
15   courthouse locations.
16             MR. POSSINGER:  We -- and I discussed this with Prime
17   Clerk right before the hearing.  We have a representative of
18   Prime Clerk here.  We discussed an additional location.  What
19   we have right now are two locations in San Juan, one in Ponce,
20   which I am told is south of here.  As far as a location out
21   west, we don't have one right now, so we'll be looking into
22   possibly setting one up.
23             THE COURT:  And you'll create some mechanism for
24   letting people know about the availability?
25             MR. POSSINGER:  We will make that determination in
```

1   short order.  So when we revise the Order, pursuant to your

2   Honor's comments, if we conclude the setup, the fifth site,

3   the fourth site on the island, we will include that in the

4   notice.

5          THE COURT:  Thank you.  And is there a particular

6   protocol for notices returned as undeliverable?

7          MR. POSSINGER:  Yes, Your Honor.  They do address

8   research and attempt to remail.

9          THE COURT:  Thank you.

10          And then finally, can you share with us any of your

11   thinking about what the claims objection procedures protocol

12   and timing may look like once we get the claims filing process

13   underway?

14          MR. POSSINGER:  I don't know that we've had any

15   discussions as to how that would proceed.  I think we need to

16   see what the volume of claims look like, how categorizable

17   they are.  I would anticipate that we will, to the extent

18   possible, attempt to do an omnibus objection process, but do

19   it in a manner that -- make sure that everybody has adequate

20   notice and due process and can defend their claim.

21          So I don't foresee massive omnibus claim objections

22   in this case.  I think we need to tailor them to make sure

23   that people can identify themselves if their claim is subject

24   to the objection.

25          THE COURT:  Thank you.  So we'll hear more about that

1  as your thinking develops, and at an appropriate point, you'll

2  initiate motion practice.

3          MR. POSSINGER:  To include established claim

4  objection protocol.  That's not the procedure that's being

5  presented in this motion.

6          THE COURT:  I understood.  I just thought I'd ask for

7  a little preview, so thank you for that.  And that concludes

8  my questions for you.

9          MR. POSSINGER:  I think that the committee also has a

10  few comments for some additional notice and informational

11  procedures for folks on the matter.

12          THE COURT:  Yes.  Thank you.

13          Mr. Despins.

14          MR. DESPINS:  Good morning, Your Honor.

15          THE COURT:  Good morning.

16          MR. DESPINS:  Luc Despins with Paul Hastings on

17  behalf of the official committee.  This will take less than

18  two minutes.

19          First, we want to thank, commend the Oversight Board

20  for having accepted a number of our comments, including the

21  radio announcements, and also the locations on the island

22  which are so important, the physical locations, so that people

23  across the island can deliver their proofs of claim.

24          But what I wanted to mention to the Court, which is

25  in our statement, is the committee's going to try to set up

1    what we call tutorial sessions or guidance sessions, with the

2    help of the local bar and the local law schools.  And the idea

3    would be to have broad dissemination of these meetings, which

4    will be held in three or four, probably four cities in Puerto

5    Rico, to help people understand basic rules of the claims

6    process.  Not to give them legal advice, because we represent

7    the committee, not individual creditors, but really to render

8    the process as easy as possible for them.

9         And, you know, this is -- we're just starting the

10   process, but the idea would be to -- with local lawyers, the

11   local bar, the law schools on the island, to try to facilitate

12   that process in a way that's really going to keep costs down.

13   Because the idea is not to send me to these sessions, but more

14   junior people, and also to leverage off of the people who are

15   willing to do pro bono work on the island.  So that's another

16   thing I wanted to mention.

17        The last thing I want to mention is you raised the

18   issue of objection, the claims objection process.  We have --

19   anyway, this is not for today, but the committee fully

20   believes that there should be an ADR, alternative dispute

21   resolution process, to handle these claims.

22        Why?  Because in the past on the island, there have

23   been people who have been owed money for ten years, 15 years,

24   and never been able to get through all the procedural morass.

25   And the concern is that there has to be a simplified,

1    expedited process.

2            Again, that is not before Your Honor.  We've

3    suggested that to the debtor.  That discussion is ongoing, but

4    I wanted to mention that to Your Honor, because you raised the

5    claims objection process.

6            THE COURT:  I'm very glad to hear both of these

7    things; and that the latter is in discussion, and that the

8    former is in development.  And I was pleased to see that in

9    your filing.

10           Are you thinking at all about doing sessions on the

11   mainland in cities to which substantial numbers of people have

12   gone who have left the island?  It's just a question.

13           MR. DESPINS:  No.  I -- the answer is we have not

14   thought of that.

15           THE COURT:  There are some robust bar associations in

16   New York, Florida.

17           MR. DESPINS:  New York, Miami, Florida, Texas.  Fair

18   point.  We will consider that, absolutely.

19           THE COURT:  Thank you for considering that.

20           MR. DESPINS:  Thank you, Your Honor.

21           THE COURT:  And I will also say that I was pleased to

22   see that all of the materials are set up so that claims can be

23   filed in Spanish as well as in English.  And that

24   accessibility is very important, so thank you for that.

25           MR. POSSINGER:  Sure thing, Your Honor.

1          With respect then to the comments, I believe the

2    intent here is to do a radio ad within the next few weeks

3    alerting -- on those two radio stations, alerting people here

4    that the notice is coming.

5          And in discussion with Mr. Despins, I think it might

6    be a good idea to do that a few days after the mailing goes.

7    So if they hear a radio ad and they don't have anything in

8    their mail, because it's February 24, we don't want to cause

9    any concern.

10         THE COURT:  Good point.

11         MR. POSSINGER:  It was Mr. Despins' point.  And then

12   we will I think add in the Order that the website -- that the

13   master proofs of claim will be set forth on a separate tab on

14   the Prime Clerk website.

15         THE COURT:  Thank you.

16         MR. POSSINGER:  Thank you, Your Honor.

17         And so we will submit that, those revisions with an

18   Order and presentment.

19         THE COURT:  Very good.  And you'll also include the

20   revision that you had flagged for the early retirees?

21         MR. POSSINGER:  That's correct.

22         THE COURT:  Thank you.

23         Did anyone else wish to be heard?  I understood there

24   were some people in New York that might have wanted to be

25   heard, but I don't see anyone at the podium.

1          So it sounds as though I've heard from everyone I

2     need to hear from.  And having reviewed carefully the

3     submissions and listened carefully to the additional

4     presentations and proffers today, the motion for approval of

5     the bar date procedures and communications is granted subject

6     to the additional changes we addressed here today.

7          And the debtors are directed to file upon -- I guess

8     file a revised Proposed Order consistent with our discussions

9     today.  You have a quick timetable, so we don't have time for

10    the presentment procedure; is that correct?

11          MR. POSSINGER:  The presentment procedures

12    contemplate seven days.  So I think we'll preview it, the

13    changes, with the committees, and then send a clean black line

14    to Your Honor's chambers.  And then we'll have the comments.

15    And I think if Your Honor's satisfied, that the Order can be

16    entered.

17          THE COURT:  Thank you.  And I think the revisions

18    that have been circulated so far and the discussions that

19    you've had and the relative simplicity of what we've discussed

20    today won't put anyone at a disadvantage if we use that

21    expedited procedure.

22          MR. POSSINGER:  I hope not.  Thank you.

23          THE COURT:  And next we have the contested matter,

24    the Abengoa motion to lift the automatic stay.  And before I

25    hear from the movant, I wonder, Mr. Jimenez, if you would

1    indulge me in an opportunity to ask PREPA's counsel a couple

2    of questions that may or may not be able to shortcut this

3    event?

4              MR. JIMENEZ:  Sure.

5              MR. FINGER:  Good morning, Your Honor.  Kevin Finger

6    of Greenberg Traurig on behalf of AAFAF as fiscal agent for

7    the debtor.

8              THE COURT:  Good morning, Mr. Finger.

9              And so I see in both the opening papers and in your

10   response that PREPA had suggested revisiting the question of

11   timing in March, which is not so far from February now.  And

12   so do you have any more concrete idea of when PREPA would be

13   able to proceed with the liability phase of the trial?

14   Because it does seem to me if we have three weeks invested

15   with a special master, that it will make sense to have the

16   liability phase completed with the special master.

17             And there had been a proposed June date, which I

18   gather you don't see as practical, but is there a time frame

19   between now and the end of the year that PREPA can see gearing

20   up for and being able to conduct the liability phase?

21             MR. FINGER:  Your Honor, the Court is aware of the

22   pending financing motion that will be heard next week.

23             THE COURT:  Yes.

24             MR. FINGER:  That is an open question right now as to

25   what the cash position of the debtor is going to be going

1    forward.  And while the amounts to be spent on continuing the

2    underlying litigation will not be material to its cash

3    position, at this point it doesn't want to commit to spending

4    any unnecessary -- spend money for any unnecessary

5    expenditures it doesn't have to.

6         With that said, what I was going to propose to short

7    circuit the argument was that we either dismiss the motion

8    without prejudice or set it over for approximately 90 days in

9    order to give the parties an opportunity to plan a little bit

10   for when that date will be.

11        As of today, in all candor, Your Honor, the debtor

12   does not have a -- does not believe that June is practical.

13   And there are -- we would want to explore when the next set of

14   dates that the special master could commit to this, and when

15   PREPA could reasonably be ready to participate in completing

16   the liability portion of the trial.  And at this point in

17   time, we just don't have that information, Your Honor.

18        THE COURT:  And so it sounds like you would be

19   amenable to putting this over to the April omni, which is the

20   third week of April, or the, I guess, early June omni with the

21   good faith intention of negotiating a concrete schedule for

22   resumption of the liability phase ideally within the year if

23   cash flow works?

24        MR. FINGER:  To directly answer the question, Your

25   Honor, we think the June Omnibus hearing would be the

1   appropriate time for that.  But yes, in the interim, to

2   undertake good faith efforts both internally and in conference

3   with counsel to determine what might be workable going

4   forward.

5          THE COURT:  Thank you.  I'll hear now from

6   Mr. Jimenez.

7          MR. FINGER:  You're welcome.

8          THE COURT:  Thank you.

9          MR. JIMENEZ:  May it please the Court.  Pedro Jimenez

10  of Adsuar Muniz, a San Juan firm, on behalf of Abengoa SA and

11  Abengoa Puerto Rico.

12         Your Honor, to again short circuit all of these

13  issues and go straight to the main point, we have a special

14  master who retired from the bench 18 years ago.  Most of the

15  witnesses that are going to be testifying at the last part of

16  trial have retired I think 18, 17, or 16 years ago.

17         Many of these are senior witnesses.  Their memories

18  may well be affected.  Some of them were supposed to be

19  testifying in the last session of trial, and now are no longer

20  able to testify for health reasons.

21         This is a bid that took place in 1994, and the

22  contract commenced work in 1996, and senior personnel that

23  were assigned both by PREPA and by my client at the time to

24  this major project so -- most of these senior personnel

25  nowadays are long retired.  Some of them have health problems.

 1  We've already had two expert witnesses deceased.

 2        So in the regular course of business, I would say

 3  that we're amenable and happy to negotiate with PREPA and with

 4  AAFAF, depending on the availability of the post-petition

 5  funding.  But I think that this Court can anticipate that some

 6  sort of post-petition funding will be granted regardless of

 7  whether it's with super priority or otherwise.

 8        And typically lawyers start working, and in this case

 9  in the stipulation process, that's time intensive, but not

10  very expensive.  And we'd like to minimize the possibility

11  that come April, come the April omni or the June omni, we

12  realize that we lost the special master, or that some

13  witnesses can no longer remember their testimony, or that we

14  have to have a significant investment of time and resources in

15  reviewing voluminous files that have been dealing -- that

16  we've been dealing with for the last two years of trial.

17        This is a major trial and a very complicated matter.

18  And the more time that elapses, the likelihood is going to be

19  that some of the witnesses are not going to be available.

20        So our good faith suggestion, as an alternative to

21  revisiting the issue at the April omni hearing, would be to

22  lift the stay only for purposes of negotiating the outstanding

23  stipulations.  And that's basically counsel exchanging

24  stipulations and documents in a manner that's supervised by

25  the special master, that by the way, costs PREPA 66 dollars an

1    hour.  And then revising the actual commencement of the

2    resumption of trial, maybe depending on whether PREPA has been

3    able to get the post-petition financing by the April hearing.

4            We are concerned, however, that if this thing is left

5    suspended sine die, that things like what have transpired thus

6    far, such as losing two expert witnesses, losing three fact

7    witnesses who now can no longer testify for either health or

8    age reasons, or one of them actually is deceased, will

9    continue happening.

10           And the worst case of all is if the senior master,

11   who is a senior appellate judge who retired 18 years ago, is

12   no longer available.  That would be a major blow to the

13   interests of both parties.  And that would cost both my client

14   and PREPA a significant amount of additional funds to have the

15   case retried by another judge.

16           So our counter proposal would rather be to lift the

17   stay for purposes of finalizing the stipulation process, and

18   then to revisit the issue at the next omni for purposes of

19   actual trial resumption date.

20           We can advance and maybe even eliminate the need for

21   a lot of testimony if the parties are willing to stipulate.

22   And the stipulation process, because the case has been

23   classified under the complex litigation rules in Puerto Rico,

24   stipulation process is basically an exchange of stipulation

25   proposals in chronological order, counter referenced to

 1  specific relevant portions of documents.  And whenever the

 2  parties cannot agree, we have working sessions with the

 3  special master.  The special master makes decisions.

 4          So that's a very cheap way of advancing the process

 5  without actually having to bring witnesses from Europe and

 6  from other venues and incurring in the more substantial costs

 7  of actually resuming trial.

 8          THE COURT:  Thank you.

 9          I'll hear the response from Mr. Finger, unless you'd

10  like to take a minute to talk directly to each other off line

11  before responding?

12          MR. FINGER:  That might make sense, Your Honor, if we

13  could do that.

14          THE COURT:  Okay.  So let's take a --

15          MR. FINGER:  Five --

16          THE COURT:  -- five-minute break.  Very well.

17          (At 10:25 AM, recess taken.)

18          (At 10:33 AM, proceedings reconvened.)

19          MR. FINGER:  Good morning again, Your Honor.  Kevin

20  Finger of Greenberg Traurig for AAFAF as fiscal agent for

21  debtor.

22          Counsel and I have used the five-minute recess to our

23  advantage, and have come to an agreement of the limited

24  modification of the automatic stay to include the completion

25  and execution of stipulations of fact, which may involve

1    limited participation of the special master; and also to

2    commit the parties to engage in settlement negotiations to the

3    extent that they would be precluded by the automatic stay.

4            And then we would set the motion over until the April

5    Omnibus to inform the Court of any progress or status of the

6    matter.

7            THE COURT:  I am glad to hear this.  And so will you

8    send me a Stipulated Order reflecting this limited

9    modification?

10           MR. FINGER:  Yes, Your Honor, we will.

11           THE COURT:  Thank you both very much.

12           MR. JIMENEZ:  Thank you, Your Honor.

13           THE COURT:  Mr. Finger.

14           MR. FINGER:  We have one other item, Your Honor, that

15    is not on the agenda that we'd like to raise --

16           THE COURT:  Yes.

17           MR. FINGER:  -- with respect to the financing motion

18    that is set for hearing next week.

19           The movants and the objectors have engaged in

20    substantial communications, including several conferences

21    regarding discovery related to that hearing.  And on the

22    conference yesterday, the parties observed that it would be --

23    the Omnibus hearing would be an opportune time to inquire of

24    the Court whether it was intending to issue an Order similar

25    to the Order in the Peaje hearing that set forth the format

1   for the hearing next week.  So I am the emissary for that

2   request.

3           THE COURT:  Well, it is my intention to issue an

4   Order regarding next week, as well as to issue an Order

5   resolving the intervention motions that are pending.

6           As to logistics of next week, it would be a one day

7   hearing.  So we'd be looking at six and a half hours of court

8   time.  We should be using declarations as the direct

9   testimony.  And my intention was to issue an Order later this

10  week, after I've issued an Order on the intervention

11  applications, directing the parties to consult and determine

12  the witness lineup and time allocations, and file a joint

13  agenda essentially by sometime Tuesday.

14          Is that answer enough for now?

15          MR. FINGER:  It is, Your Honor.  Thank you.

16          THE COURT:  And I don't see anyone as having jumped

17  to the podium in New York.  Is there anyone else who wants to

18  be heard on this purely logistical question?

19          It looks like no.  So thank you all.  And I think

20  that -- does that bring us to the end of our agenda for today?

21          MR. POSSINGER:  It does, Your Honor.

22          THE COURT:  Well, again, I thank you all.  This

23  concludes today's agenda.  And the next scheduled hearing is

24  next Thursday, the 15th of February, in New York.

25          And as I've just said, I will be issuing that

1   logistics Order and the usual informative motion, register

2   yourselves Order.  Unfortunately, it is just not possible

3   given the statutory constraints to do a final hearing today,

4   even if everything else were lined up to do it.  And so that's

5   why we're doing it in New York next week.

6           So keep well.  Safe travels.  And I will see many of

7   you next week.

8           MR. POSSINGER:  You, too, Your Honor.  Thank you.

9           (At 10:37 AM, proceedings concluded.)

10                          *     *     *

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1  U.S. DISTRICT COURT    )

 2  DISTRICT OF PUERTO RICO)

 3

 4      I certify that this transcript consisting of 32 pages is

 5  a true and accurate transcription to the best of my ability of

 6  the proceedings in this case before the Honorable United

 7  States District Court Judge Laura Taylor Swain on February 7,

 8  2018.

 9

10

11

12

13  S/ Amy Walker

14  Amy Walker, CSR 3799

15  Official Court Reporter

16

17

18

19

20

21

22

23

24

25
```

< Dates >
April 27 7:13
April 6 7:1
February 24 21:8
February 26 6:10,
    6:12
February 28, 2018
    8:22
February 7, 2018
    1:16, 4:2, 32:7
January 25 9:9
January 25th 5:18
March 30 6:21, 6:25
May 29 6:2, 6:7,
    7:15
May 29, 2018 5:25


< 1 >
10:25 28:17
10:33 28:18
10:37 31:9
14 7:14
15 8:7, 19:23
15th 30:24
16 25:16
16-page 5:11
17 25:16
17-BK-3283(LTS 1:6
17-BK-4780(LTS 1:24
18 25:14, 25:16,
    27:11
1994 25:21
1996 25:22


< 2 >
200 9:4
211-2015 9:20, 13:12
2286 12:21, 14:22
2286. 5:18
28 7:16


< 3 >
32 32:4
35 6:3, 6:7
3799 32:14
3: 1:6, 1:24

< 4 >
4:00 5:25


< 6 >
6-F 9:16, 13:3
66 26:25


< 7 >
70-2010 9:20, 13:12
77 14:22


< 9 >
90 24:8
9:43 4:3


< A >
A. 2:22
AAFAF 9:11, 12:24,
    13:1, 23:6, 26:4,
    28:20
Abengoa 2:21, 22:24,
    25:10, 25:11
ability 32:5
able 11:9, 15:5,
    19:24, 23:2,
    23:13, 23:20,
    25:20, 27:3
absolutely 20:18
accepted 18:20
accessibility 20:24
accessible 11:15
accurate 15:7, 32:5
across 18:23
Act 9:20, 13:11,
    13:12
action 7:7
actual 27:1, 27:19
actually 12:19,
    27:8, 28:5, 28:7
ad 10:21, 21:2, 21:7
add 21:12
added 13:6
adding 13:23
addition 9:24,
    10:23, 13:2

additional 9:10,
    12:23, 13:13,
    16:10, 16:13,
    16:18, 18:10,
    22:3, 22:6, 27:14
address 17:7
addressed 22:6
addressing 5:2
adequate 17:19
adjourned 5:6
Administered 1:11,
    1:26
administrative 8:11
ADR 19:20
ads 7:15, 7:16,
    10:18, 13:24
Adsuar 25:10
advance 27:20
advancing 28:4
advantage 28:23
advertising 16:13
advice 19:6
Advisory 2:18
affected 6:5, 25:18
age 27:8
Agency 2:17, 9:3
agenda 5:12, 29:15,
    30:13, 30:20,
    30:23
agent 7:24, 8:25,
    23:6, 28:20
agents 8:1
ago 25:14, 25:16,
    27:11
agree 28:2
agreed 12:25
agreement 14:12,
    28:23
agreements 8:1, 8:2,
    8:19
ahead 4:25
al 1:16, 2:6
alert 10:18, 11:2,
    13:24
alerting 21:3
allocations 30:12
already 26:1
alternative 19:20,
    26:20
although 5:11

amenable 24:19, 26:3
amended 6:8
amendment 6:6
amount 8:21, 8:24,
    27:14
amounts 24:1
Amy 32:13, 32:14
announcements 18:21
answer 10:5, 15:11,
    15:21, 20:13,
    24:24, 30:14
anticipate 14:24,
    17:17, 26:5
anyway 19:19
Apparently 4:16,
    12:6
appearance 13:8
APPEARANCES 2:2
appellate 27:11
applications 30:11
approach 9:13
appropriate 18:1,
    25:1
approval 22:4
approximately 24:8
April 24:19, 24:20,
    26:11, 26:21,
    27:3, 29:4
arbitration 8:22
argument 24:7
arise 8:4, 10:4
arising 8:1, 8:18,
    14:11
ascertain 14:5
asserted 9:5
asserting 8:11,
    8:13, 8:23, 9:3
assigned 25:23
assisting 5:1
associations 20:15
attempt 17:8, 17:18
Authority 1:31, 2:18
authorized 7:25, 8:2
authorizes 7:21
authorizing 6:3
automatic 22:24,
    28:24, 29:3
availability 16:24,
    26:4
available 26:19,

27:12
award 8:22
aware 9:23, 23:21
away 10:16


< B >
back 4:10
BANKRUPTCY 1:1
bar 5:15, 5:24,
    5:25, 6:1, 6:5,
    6:7, 6:10, 7:15,
    12:15, 13:2, 19:2,
    19:11, 20:15, 22:5
bargaining 8:1,
    8:19, 14:12
basic 19:5
basically 26:23,
    27:24
behalf 5:10, 7:25,
    8:3, 18:17, 23:6,
    25:10
believe 11:7, 21:1,
    24:12
believes 19:20
bench 25:14
benefits 8:15, 8:16,
    9:19, 13:11,
    13:15, 13:17
besides 11:1
best 32:5
better 4:18
bid 25:21
Bienenstock 2:6,
    10:14
billing 6:24, 8:14
bills 6:20, 6:22,
    6:23
bit 24:9
black 5:17, 5:18,
    22:13
blow 27:12
Board 1:10, 1:25,
    5:10, 9:7, 18:19
Bond 6:18, 7:22,
    7:24, 8:24, 11:8
bondholders 8:24
bono 19:15
bottom 13:17
break 28:16

brief 12:13
briefly 5:24
bring 28:5, 30:20
broad 19:3
Business 6:2, 6:14,
    26:2
Buyer 6:18


< C >
call 4:5, 19:1
candor 24:11
carefully 22:2, 22:3
Caribbean 6:14
case 17:22, 26:8,
    27:10, 27:15,
    27:22, 32:6
cases 5:16
cash 23:25, 24:2,
    24:23
CAT 2:48
categories 7:21,
    8:7, 8:10
categorizable 17:16
cause 21:8
certain 9:1, 12:24
certainly 10:23,
    13:19
certify 32:4
challenges 4:24
chambers 22:14
change 9:10, 9:12,
    9:15, 9:22, 13:3
changes 22:6, 22:13
cheap 28:4
chronological 27:25
circuit 24:7, 25:12
circulated 22:18
circulation 6:16,
    6:17
cities 19:4, 20:11
citizens 4:23
Claimants 11:11,
    11:16, 11:22,
    15:12, 15:15
clarification 9:11,
    9:16
clarify 13:13
clarifying 16:8
classified 27:23

clean 22:13
clear 11:21, 14:13
Clerk 4:12, 6:10,
  11:19, 12:2,
  13:22, 14:21,
  14:25, 15:5,
  15:13, 16:13,
  16:17, 16:18,
  21:14
client 25:23, 27:13
colleagues 4:15,
  4:20
collective 8:1,
  8:19, 14:12
coming 10:19, 10:22,
  21:4
commence 5:6
commenced 25:22
commencement 11:2,
  27:1
commend 18:19
comments 5:19, 5:21,
  9:25, 17:2, 18:10,
  18:20, 21:1, 22:14
commit 24:3, 24:14,
  29:2
committed 5:1
Committee 2:13,
  9:23, 9:25, 18:9,
  18:17, 18:25,
  19:7, 19:19
committees 22:13
Commonwealth 1:15,
  2:5, 9:3
communications 22:5,
  29:20
Compensation 8:17
completed 23:16
completing 24:15
completion 28:24
complex 27:23
complicated 26:17
concern 14:9, 19:25,
  21:9
concerned 15:5, 27:4
conclude 17:2
concluded. 31:9
concludes 18:7,
  30:23
concrete 23:12,

24:21
conduct 23:20
conference 25:2,
  29:22
conferences 29:20
confirm 12:2
connection 12:7
consensual 5:21
consider 10:23,
  13:23, 20:18
considering 20:19
consistent 12:18,
  22:8
consisting 32:4
constituents 7:25
constraints 31:3
consult 30:11
contemplate 22:12
contemplated 10:21
contemporary 7:18
contested 5:13,
  22:23
continue 27:9
continuing 24:1
contract 6:1, 6:4,
  25:22
conveniently 14:5
correct 7:2, 7:9,
  10:9, 10:12,
  14:17, 15:19,
  21:21, 22:10
cost 27:13
costs 11:23, 19:12,
  26:25, 28:6
Counsel 4:7, 23:1,
  25:3, 26:23, 28:22
counter 27:16, 27:25
couple 23:1
course 26:2
courthouse 16:15
courthouses 15:15
COURTROOM 15:23
covered 9:5
covering 5:15
create 16:23
credit 8:2
creditor 5:19, 6:6,
  6:8
Creditors 2:14,
  5:19, 6:5, 9:25,

19:7
CSR 32:14
current 5:3
currently 15:2
customer 7:3
customers 6:19,
  6:21, 6:24, 7:1,
  8:13
customized 15:3,
  16:4

< D >
D. 2:18
date 5:15, 5:25,
  6:1, 6:5, 6:7,
  6:10, 7:15, 12:16,
  13:2, 14:16, 22:5,
  23:17, 24:10,
  27:19
dates 5:25, 8:5,
  24:14
day 4:16, 4:21, 6:2,
  30:7
days 6:3, 6:7, 7:14,
  21:6, 22:12, 24:8
deadline 16:12
dealing 26:15, 26:16
Debtor 1:33, 5:16,
  9:4, 9:5, 9:8,
  9:18, 13:8, 13:10,
  20:3, 23:7, 23:25,
  24:11, 28:21
Debtors 1:18, 8:5,
  13:22, 22:7
deceased 26:1, 27:8
December 10:15
decisions 28:3
declarations 30:8
defend 17:20
Dein 1:43
deliver 18:23
delivery 16:11
demonstrated 4:23
department 9:2
depending 26:4, 27:2
deposits 7:4, 8:13
DEPUTY 15:23
Despins 2:14, 18:13,
  18:14, 18:16,

20:13, 20:17,
20:20, 21:5, 21:11
determination 16:25
determine 25:3,
30:11
development 20:8
develops 18:1
Dia 6:12
Diana 2:19
Diario 6:15
die 27:5
differences 15:24,
16:3
direct 14:25, 30:8
directed 22:7
directing 30:11
directly 24:24,
28:10
disadvantage 22:20
discovery 29:21
discussed 16:16,
16:18, 22:19
discussion 20:3,
20:7, 21:5
discussions 17:15,
22:8, 22:18
dismiss 24:7
displaced 10:14,
14:1
dispute 19:20
disputes 8:14
dissemination 19:3
distinction 15:10
District 1:3, 1:38,
1:39, 4:12, 4:13,
4:14, 32:1, 32:2,
32:7
doable 12:2
Docket 1:6, 1:24
document 14:22
documents 26:24,
28:1
doing 6:25, 20:10,
31:5
dollar 8:21, 8:23
dollars 9:4, 26:25
done 12:3
Dora 2:10
doubt 13:14
down 12:7, 19:12

due 17:20
during 4:23

< E >
e-mail 6:23, 6:24
early 9:19, 10:18,
12:24, 13:10,
13:15, 13:23,
21:20, 24:20
easy 19:8
ECF 5:18, 12:19,
12:21, 14:21
Edward 4:13
effort 13:18
efforts 25:2
either 15:12, 24:7,
27:7
El 6:12, 6:15, 6:16
elapses 26:18
Electric 1:30
Electronic 14:19,
14:20, 14:25, 15:1
eliminate 27:20
emissary 30:1
Employee 8:16, 9:18,
13:10
employees 14:10,
14:11
end 11:23, 16:5,
23:19, 30:20
engage 29:2
engaged 29:19
English 6:15, 20:23
enough 15:21, 30:14
entered 22:16
entry 6:3
EPOC 14:19, 14:22,
15:1, 15:3, 15:7,
15:10, 15:13,
15:16, 15:25
Esq 2:10, 2:11, 2:22
essentially 30:13
establish 5:24
established 18:3
establishing 5:15
et 1:16, 2:6
Europe 28:5
event 11:7, 23:3
events 10:25

everybody 5:9, 12:8,
17:19
everyone 22:1
everything 31:4
Except 14:15
exception 8:20
exceptions 7:10, 8:7
exchange 27:24
exchanging 26:23
execution 28:25
Executive 4:13
exempt 8:14, 8:15,
8:17, 8:19, 8:25,
9:5, 9:7, 13:15,
14:3, 14:12
exemption 8:20,
9:11, 9:17, 13:5
EXHIBITS 3:9
exists 15:3
expedited 20:1,
22:21
expenditures 24:5
expensive 26:10
expert 26:1, 27:6
explore 24:13
extent 15:14, 17:17,
29:3

< F >
facilitate 19:11
fact 7:5, 27:6,
28:25
Fair 20:17
faith 24:21, 25:2,
26:20
familiar 15:10
far 10:16, 16:20,
22:18, 23:11, 27:6
features 7:18, 12:17
February 14:16,
23:11, 30:24
fellow 4:22
few 7:10, 8:10,
9:25, 10:7, 14:7,
18:10, 21:2, 21:6
fifth 17:2
file 8:2, 8:6, 8:12,
8:23, 9:7, 11:9,
11:10, 11:12,

13:6, 13:16,
13:18, 14:13,
15:12, 22:7, 22:8,
30:12
filed 5:20, 6:8,
7:5, 7:23, 9:9,
11:12, 11:17,
11:21, 11:24,
14:3, 14:5, 14:6,
20:23
filer 15:17
files 26:15
filing 7:11, 7:20,
12:18, 14:4,
14:20, 14:23,
15:6, 15:7, 17:12,
20:9
final 31:3
finalizing 27:17
finally 9:1, 17:10
Financial 1:9, 1:24,
2:17, 9:19, 13:11
financing 23:22,
27:3, 29:17
find 4:18
finding 5:2
FINGER 2:18, 23:5,
23:8, 23:21,
23:24, 24:24,
25:7, 28:9, 28:12,
28:15, 28:19,
28:20, 29:10,
29:13, 29:14,
29:17, 30:15
firm 25:10
First 6:2, 13:7,
18:19
Fiscal 2:16, 7:23,
8:25, 23:6, 28:20
Five 28:15
five-minute 28:16,
28:22
flag 16:12
flagged 14:3, 21:20
Florida 20:16, 20:17
flow 24:23
FM 7:17
folks 5:21, 18:11
follow 10:10
following 6:12

foresee 17:21
form 6:20, 7:13,
11:19, 15:2, 15:3,
15:25, 16:4
format 29:25
former 9:18, 13:9,
20:8
forth 8:7, 21:13,
29:25
forward 4:15, 4:21,
5:2, 24:1, 25:4
four 19:4
fourth 17:3
frame 23:18
Friedland 4:13
front 11:23
fully 19:19
funding 26:5, 26:6
funds 27:14
future 5:4

< G >
gather 23:18
gearing 23:19
general 5:25, 6:7,
7:3, 8:4, 12:14
generally 8:19,
14:11
generated 15:25
give 15:7, 19:6,
24:9
given 10:24, 31:3
glad 20:6, 29:7
glitch 12:12
granted 22:5, 26:6
grateful 4:22
Greenberg 23:6,
28:20
greeting 12:15
grievance 8:20,
14:11
grievances 8:18
groups 5:20
guess 22:7, 24:20
guidance 19:1
guide 15:17

< H >

half 30:7
hand 16:10
handle 19:21
happening 27:9
happy 10:5, 26:3
Hastings 18:16
health 25:20, 25:25,
27:7
hear 4:17, 17:25,
20:6, 21:7, 22:2,
22:25, 25:5, 28:9,
29:7
heard 21:23, 21:25,
22:1, 23:22, 30:18
HEARING 1:37, 1:42,
5:12, 16:17,
24:25, 26:21,
27:3, 29:18,
29:21, 29:23,
29:25, 30:1, 30:7,
30:23, 31:3
held 19:4
help 19:2, 19:5
Herald 6:16
highlight 7:10, 8:10
hit 7:18
homes 10:16
Honorable 1:38,
1:43, 32:6
hope 4:18, 22:22
hour 27:1
hours 30:7
hundred 13:20
hurricane 4:16, 4:21

< I >
idea 19:2, 19:10,
19:13, 21:6, 23:12
ideally 24:22
identify 17:23
III 1:8, 5:16, 8:5,
9:18, 13:8, 13:10
important 10:18,
18:22, 20:24
incentive 9:19,
13:11
include 9:17, 15:16,
17:3, 18:3, 21:19,
28:24

Including 13:9,
  18:20, 29:20
incurring 28:6
indenture 7:23, 8:25
independent 7:8
indicate 9:17
indicated 8:13, 9:9
indicates 11:8
Individual 8:18,
  8:24, 11:11,
  11:13, 11:16,
  11:22, 11:24,
  14:4, 19:7
indulge 23:1
inform 29:5
information 11:15,
  13:25, 15:7,
  15:16, 24:17
informational 18:10
informative 31:1
informed 11:11
informing 15:15
initiate 18:2
inquire 29:23
instance 11:18
instrumentality 9:6
intended 7:6
intending 29:24
intensive 26:9
intent 21:2
intention 24:21,
  30:3, 30:9
interest 4:8, 5:2
interests 27:13
interface 14:25,
  15:1, 15:17
intergovernmental
  9:1, 9:2
interim 25:1
internally 25:2
intervention 30:5,
  30:10
inundated 13:19
invested 23:14
Investment 2:10,
  26:14
involve 28:25
involving 15:24
island 7:18, 16:11,
  17:3, 18:21,

18:23, 19:11,
  19:15, 19:22,
  20:12
issuance 7:24
issuances 8:24
issue 19:18, 26:21,
  27:18, 29:24,
  30:3, 30:4, 30:9
issued 30:10
issues 25:13
issuing 6:19, 30:25
item 29:14


< J >
JIMENEZ 2:22, 22:25,
  23:4, 25:6, 25:9,
  29:12
joined 4:11
joint 30:12
Jointly 1:11, 1:26
Juan 4:1, 4:10,
  16:19, 25:10
Judge 1:38, 1:39,
  1:43, 27:11,
  27:15, 32:7
Judith 1:43
jumped 30:16
June 23:17, 24:12,
  24:20, 24:25,
  26:11
junior 19:14


< K >
keep 19:12, 31:6
Kevin 2:18, 23:5,
  28:19
Krajick 4:12


< L >
laid 8:8
language 13:7, 13:13
larger 8:10
Last 9:10, 13:2,
  19:17, 25:15,
  25:19, 26:16
later 6:2, 6:7, 30:9
latter 20:7

Laura 1:38, 32:7
law 19:2, 19:11
laws 9:20, 13:12
lawyers 19:10, 26:8
lease 6:1, 6:4
least 10:15, 15:2
left 20:12, 27:4
legal 19:6
lenders 8:3
less 9:4, 18:17
letting 16:24
leverage 19:14
liability 23:13,
  23:16, 23:20,
  24:16, 24:22
lift 26:22, 27:16
likelihood 26:18
limited 28:23, 29:1,
  29:8
line 5:18, 12:10,
  12:13, 13:17,
  22:13, 28:10
lined 31:4
lineup 30:12
liquidated 14:16
list 6:6, 6:8
listened 22:3
listening 12:14
listing 11:20
litigation 24:2,
  27:23
little 18:7, 24:9
live 12:10
LLC 2:10
local 6:1, 6:13,
  6:14, 19:2, 19:10,
  19:11
location 16:18,
  16:20
locations 16:11,
  16:13, 16:15,
  16:19, 18:21,
  18:22
logistical 30:18
logistics 30:6, 31:1
long 4:23, 4:25,
  16:2, 25:25
longer 25:19, 26:13,
  27:7, 27:12
look 17:12, 17:16

looking 4:15, 4:20,
  10:20, 14:2,
  16:21, 30:7
looks 30:19
losing 27:6
lost 26:12
lot 27:21
Luc 2:14, 18:16

< M >
M. 2:19
Magistrate 1:43
mail 6:22, 10:19,
  21:8
mailed 13:25
mailing 6:9, 6:25,
  7:1, 10:10, 11:2,
  21:6
main 25:13
mainland 20:11
major 12:17, 14:9,
  25:24, 26:17,
  27:12
Management 1:10,
  1:25
manner 17:19, 26:24
March 23:11
Martin 2:6
massive 17:21
master 7:22, 7:23,
  8:2, 11:6, 11:9,
  11:10, 11:12,
  11:16, 11:19,
  11:20, 12:4, 14:2,
  14:4, 14:5, 14:9,
  21:13, 23:15,
  23:16, 24:14,
  25:14, 26:12,
  26:25, 27:10,
  28:3, 29:1
material 24:2
materials 11:11,
  20:22
matter 5:13, 5:14,
  8:4, 10:1, 18:11,
  22:23, 26:17, 29:6
matters 5:6
mechanics 7:20, 10:4
mechanism 10:17,

11:15, 13:24,
  16:3, 16:23
meetings 19:3
member 8:18
members 4:8
memories 25:17
mention 18:24,
  19:16, 19:17, 20:4
mentioned 10:14,
  12:23
methods 15:6
Miami 6:17, 20:17
million 9:4
minimize 26:10
minute 7:11, 28:10
minutes 18:18
modification 28:24,
  29:9
moment 15:9
money 19:23, 24:4
Monserrate 2:10
month 7:6
months 4:24
morass 19:24
morning 4:7, 5:8,
  5:9, 5:12, 18:14,
  18:15, 23:5, 23:8,
  28:19
motion 5:15, 5:20,
  5:24, 12:16, 18:2,
  18:5, 22:4, 22:24,
  23:22, 24:7, 29:4,
  29:17, 31:1
motions 30:5
movant 22:25
movants 29:19
moving 5:3
Ms 2:10, 2:19, 15:21
municipality 9:2
Muniz 25:10

< N >
need 11:24, 17:15,
  17:22, 22:2, 27:20
negotiate 26:3
negotiating 24:21,
  26:22
negotiations 29:2
New 4:9, 4:12, 4:14,

4:16, 5:9, 6:16,
  20:16, 20:17,
  21:24, 30:17,
  30:24, 31:5
news 14:8
next 21:2, 22:23,
  23:22, 24:13,
  27:18, 29:18,
  30:1, 30:4, 30:6,
  30:23, 30:24,
  31:5, 31:7
night 9:10, 13:2
No. 1:6, 1:24, 9:20,
  13:11, 13:12,
  20:13, 30:19
None 3:5, 3:11
note 15:2
notice 6:9, 6:10,
  6:11, 6:20, 6:22,
  6:23, 7:5, 7:12,
  7:13, 10:22, 11:1,
  13:23, 14:19,
  16:14, 17:4,
  17:20, 18:10, 21:4
notices 7:6, 8:9,
  13:4, 17:6
nowadays 25:25
Nuevo 6:12, 6:16
number 5:5, 18:20
numbers 20:11

< O >
objection 17:11,
  17:18, 17:24,
  18:4, 19:18, 20:5
objections 5:23,
  9:23, 17:21
objectors 29:19
observed 29:22
observing 4:9
obtain 13:16
occurred 10:25
occurs 13:7
offered 3:5, 3:11
Office 15:5
Offices 10:15
Official 2:13,
  18:17, 32:15
Okay 12:6, 12:11,

28:14
omni 24:19, 24:20,
   26:11, 26:21,
   27:18
Omnibus 1:37, 1:42,
   17:18, 17:21,
   24:25, 29:5, 29:23
once 14:3, 17:12
One 5:13, 8:20,
   9:10, 9:12, 9:15,
   10:10, 14:21,
   15:9, 16:19,
   16:21, 16:22,
   27:8, 29:14, 30:6
one: 11:14
ongoing 20:3
open 12:13, 23:24
opening 23:9
opportune 29:23
opportunity 23:1,
   24:9
Order 5:17, 6:3,
   7:21, 8:6, 8:8,
   9:9, 9:16, 9:24,
   10:4, 11:7, 13:2,
   13:3, 17:1, 21:12,
   21:18, 22:8,
   22:15, 24:9,
   27:25, 29:8,
   29:24, 29:25,
   30:4, 30:9, 30:10,
   31:1, 31:2
otherwise 11:22,
   26:7
outstanding 26:22
Oversight 1:9, 1:24,
   5:10, 9:6, 9:7,
   18:19
owed 19:23


< P >
PAGE 3:3, 14:21
pages 32:4
papers 23:9
paragraph 9:16,
   13:3, 13:8
parenthetical 13:7,
   13:9
part 25:15

participants 4:10
participate 24:15
participation 29:1
particular 17:5
Parties 4:7, 5:2,
   8:11, 11:9, 13:14,
   24:9, 27:13,
   27:21, 28:2, 29:2,
   29:22, 30:11
passed 10:25
past 19:22
patience 4:22
Paul 2:7, 5:9, 18:16
Peaje 2:9, 29:25
Pedro 2:22, 25:9
pending 23:22, 30:5
Pension 8:14, 8:15,
   9:12, 9:17, 9:19,
   13:5, 13:10
people 10:14, 10:16,
   10:18, 10:22,
   11:2, 13:24,
   13:25, 14:3, 15:8,
   15:14, 16:24,
   17:23, 18:22,
   19:5, 19:14,
   19:23, 20:11,
   21:3, 21:24
Perez 2:19
perhaps 10:17
period 7:7, 11:3
permitted 11:9
person 12:11
personnel 25:22,
   25:24
petition 8:5
phase 23:13, 23:16,
   23:20, 24:22
PHV 2:6, 2:7, 2:14,
   2:18, 2:19
physical 18:22
pick 12:19
place 14:21, 25:21
plan 15:4, 24:9
planning 16:12
please 25:9
pleased 20:8, 20:21
PM 5:25
podium 21:25, 30:17
point 12:5, 12:16,

14:22, 18:1, 24:3,
   24:16, 25:13
point. 20:18, 21:10,
   21:11
Ponce 16:19
portion 24:16
portions 28:1
position 23:25, 24:3
possibility 26:10
possible 17:18,
   19:8, 31:2
possibly 16:22
Post 10:15
post-petition 8:11,
   26:4, 26:6, 27:3
post-retirement 8:15
potential 7:3,
   11:15, 11:22
Power 1:31
practical 11:14,
   23:18, 24:12
practice 18:2
precluded 29:3
prejudice 24:8
PREPA 6:19, 7:3,
   7:8, 8:13, 23:1,
   23:10, 23:12,
   23:19, 24:15,
   25:23, 26:3,
   26:25, 27:2, 27:14
PRESENT 1:42
presentations 22:4
presented 18:5
presentment 21:18,
   22:10, 22:11
preserve 13:16
press 4:8
preview 18:7, 22:12
previewed 9:22
primary 6:16, 6:17
Prime 6:10, 11:19,
   12:1, 13:22,
   14:21, 14:25,
   15:13, 16:13,
   16:16, 16:18,
   21:14
printing 16:12
prior 7:14, 8:4
priority 26:7
pro 19:15

probably 19:4
problem 15:25, 16:2,
    16:6
problems 5:3, 10:13,
    25:25
procedural 19:24
procedure 18:4,
    22:10, 22:21
procedures 17:11,
    18:11, 22:5, 22:11
proceed 15:22,
    17:15, 23:13
Proceedings 2:47,
    5:5, 28:18, 31:9,
    32:6
process 17:12,
    17:18, 17:20,
    19:6, 19:8, 19:10,
    19:12, 19:18,
    19:21, 20:1, 20:5,
    26:9, 27:17,
    27:22, 27:24, 28:4
processing 16:4
produced 2:47
proffers 22:4
programs 9:21, 13:12
progress 29:5
project 25:24
PROMESA 15:3, 15:24,
    16:4
Proof 7:11, 7:23,
    8:6, 8:12, 8:23,
    11:10, 11:12,
    11:16, 11:18,
    11:19, 13:6,
    13:16, 13:18,
    14:4, 14:5, 14:19,
    15:24
proofs 7:21, 7:22,
    8:3, 9:7, 11:6,
    11:9, 11:13,
    11:20, 12:4,
    13:20, 14:2, 14:9,
    14:13, 18:23,
    21:13
proposal 27:16
proposals 27:25
propose 24:6
Proposed 22:8, 23:17
Proskaur 5:9

protocol 17:6,
    17:11, 18:4
provided 9:19, 13:11
provision 12:24
public 4:8
publication 6:11,
    6:13, 6:14, 6:15,
    6:17, 7:12, 7:13,
    11:1
publications 6:12,
    7:14, 10:11
publishing 6:11,
    6:18
PUERTO 1:3, 1:11,
    1:16, 1:26, 1:30,
    2:6, 2:16, 2:22,
    4:1, 4:23, 5:4,
    19:4, 25:11,
    27:23, 32:2
purely 30:18
purposes 26:22,
    27:17, 27:18
pursuant 8:21, 17:1
put 22:20
putting 10:22, 24:19


< Q >
question 11:14,
    12:11, 14:24,
    20:12, 23:10,
    23:24, 24:24,
    30:18
questions 10:3,
    10:7, 14:7, 18:8,
    23:2
quick 22:9


< R >
radio 7:15, 7:17,
    7:18, 7:19, 10:11,
    10:18, 10:21,
    13:24, 18:21,
    21:2, 21:3, 21:7
raise 29:15
raised 19:17, 20:4
rather 17:16
Re 1:6, 1:22
re-established 12:8

reads 13:9
ready 24:15
realize 26:12
really 11:24, 19:7,
    19:12
reason 12:3
reasonably 24:15
reasons 25:20, 27:8
recap 12:13
receive 6:21, 6:23
received 5:19, 5:22,
    9:10
receiving 9:18,
    11:3, 13:10
recess 28:17, 28:22
recommenced 6:25
reconciling 16:3
reconvened. 28:18
recorded 2:47
reduced 8:21
refer 14:20
referenced 27:25
reflecting 29:8
reflects 5:18
regarding 10:1,
    10:3, 12:24,
    29:21, 30:4
regardless 26:6
register 31:1
regular 26:2
regularly 10:17
rejection 6:1, 6:4
related 29:21
relative 22:19
relatively 5:12
relevant 28:1
remail 17:8
remains 5:1
remarks 4:6, 12:14
remember 26:13
render 19:7
Reporter 32:15
represent 19:6
representative 1:13,
    1:28, 12:1, 16:17
republishing 7:13
request 13:22, 30:2
requested 9:10,
    12:24, 13:2
required 7:4, 8:6,

11:10
requirement 7:10,
   8:7, 13:6
research 17:8
resolution 5:22,
   19:21
resolving 30:5
resources 26:14
respect 6:9, 6:19,
   7:12, 7:20, 9:11,
   14:8, 21:1, 29:17
respective 8:5
responding 28:11
response 23:10, 28:9
restoration 4:25
result 5:22
resuming 28:7
resumption 24:22,
   27:2, 27:19
retired 25:14,
   25:16, 25:25,
   27:11
Retiree 9:22
retirees 12:24,
   13:17, 21:20
retirement 13:15
retried 27:15
returned 17:6
reviewed 12:15,
   14:20, 22:2
reviewing 26:15
revise 17:1
revised 5:17, 9:9,
   12:18, 22:8
revising 27:1
revision 13:1, 21:20
revisions 21:17,
   22:17
revisit 27:18
revisiting 23:10,
   26:21
Richard 2:11
RICO 1:3, 1:11,
   1:16, 1:26, 1:30,
   2:6, 2:16, 2:22,
   4:1, 4:23, 5:4,
   19:5, 25:11,
   27:23, 32:2
ripple 13:3
risk 11:23

road 4:25
robust 20:15
Rose 5:10
Ruby 4:11
rule 7:3
rules 19:5, 27:23
running 7:15, 7:16


< S >
S/ 32:13
SA 25:10
Safe 31:6
salaries 8:16
San 4:1, 4:10,
   16:19, 25:10
satisfied 22:15
schedule 24:21
scheduled 30:23
Schell 2:11
schools 19:2, 19:11
section 11:20
seem 23:14
seems 10:24, 14:20,
   14:22
send 19:13, 22:13,
   29:8
senior 25:17, 25:22,
   25:24, 27:10,
   27:11
sense 23:15, 28:12
separate 7:1, 21:13
service 8:14
session 25:19
sessions 19:1,
   19:13, 20:10, 28:2
set 12:4, 18:25,
   20:22, 21:13,
   24:8, 24:13, 29:4,
   29:18, 29:25
sets 8:7
setting 16:22
settlement 8:22,
   29:2
setup 17:2
seven 22:12
several 29:20
share 17:10
short 5:5, 5:12,
   17:1, 24:6, 25:12

shortcut 23:2
shorten 7:6
significant 26:14,
   27:14
similar 7:24, 9:20,
   13:12, 29:24
similarly 6:6
simplicity 22:19
simplified 19:25
sine 27:5
site 17:2, 17:3
situation 15:23
six 30:7
Solutions 12:6,
   12:10, 12:13
sometime 30:13
Sorry 10:3, 12:8
sort 7:4, 7:8,
   13:23, 15:17, 26:6
sorted 16:11
sounds 22:1, 24:18
south 16:20
Southern 4:12, 4:14
Spanish 6:13, 6:15,
   6:17, 7:16, 7:17,
   7:19, 20:23
special 6:20, 11:18,
   23:15, 23:16,
   24:14, 25:13,
   26:12, 26:25,
   28:3, 29:1
specific 28:1
spend 24:4
spending 24:3
spent 24:1
spots 7:16
stability 5:1
staff 16:2
standard 16:3
start 5:14, 26:8
starting 7:14, 19:9
stated 5:11
statement 18:25
States 1:1, 1:39,
   32:7
station 7:17
stations 21:3
status 29:5
statutory 31:3
stay 22:24, 26:22,

27:17, 28:24, 29:3
steadily 5:3
stenography 2:47
stipulate 27:21
Stipulated 29:8
stipulation 26:9,
  27:17, 27:22,
  27:24
stipulations 26:23,
  26:24, 28:25
straight 25:13
strength 4:22
stronger 5:3
subject 6:4, 17:23,
  22:5
submission 11:8
submissions 22:3
submit 7:25, 21:17
submitted 5:17,
  5:21, 7:22
substantial 20:11,
  28:6, 29:20
substantially 12:18
substantive 5:22
suggest 5:14
suggested 20:3,
  23:10
suggestion 26:20
summary 12:15, 12:18
super 26:7
supervised 26:24
support 15:6
supposed 25:18
suspended 27:5
Swain 1:38, 32:7
system 14:19, 14:23,
  15:10, 15:13


< T >
tab 12:4, 21:13
Tacoronte 15:21
tailor 17:22
taken. 28:17
Taylor 1:38, 32:7
telephone 12:7
telephonic 4:9
ten 19:23
territorial 9:6
testify 25:20, 27:7

testifying 25:15,
  25:19
testimony 26:13,
  27:21, 30:9
Texas 20:17
themselves 17:23
they'll 6:22, 6:23,
  11:3
thinking 17:11,
  18:1, 20:10
third 6:4, 24:20
though 22:1
thousand 13:20
three 5:24, 7:21,
  16:14, 19:4,
  23:14, 27:6
Thursday 30:24
timetable 22:9
timing 17:12, 23:11
Title 1:8, 5:16,
  8:5, 9:18, 13:8,
  13:10
Today 4:11, 5:5,
  19:19, 22:4, 22:6,
  22:9, 22:20,
  24:11, 30:20,
  30:23, 31:3
took 13:14, 25:21
total 7:16
toward 5:3
transaction 11:23
Transcript 2:47,
  32:4
transcription 32:5
transpired 27:5
Traurig 23:6, 28:20
travels 31:6
trial 23:13, 24:16,
  25:16, 25:19,
  26:16, 26:17,
  27:2, 27:19, 28:7
true 7:7, 32:5
truly 4:10
trustee 7:23, 8:25
Trustees 11:8
try 18:25, 19:11
Tuesday 30:13
tutorial 19:1
two 16:19, 18:18,
  21:3, 26:1, 26:16,

27:6
type 7:3
typically 26:8


< U >
uncontested 5:13,
  5:14, 12:17
undeliverable 17:6
underlying 24:2
understand 9:24,
  12:12, 12:16,
  14:18, 15:16,
  16:10, 19:5
understanding 7:2,
  10:9, 15:11
understood 18:6,
  21:23
undertake 25:2
undertaken 13:23
underway 17:13
Unfortunately 31:2
Union 8:18, 11:8,
  14:10
unions 7:24
United 1:1, 1:39,
  32:6
unless 7:7, 28:9
unnecessary 24:4
Unsecured 2:14, 9:24
until 29:4
using 30:8
usual 31:1


< V >
V. 2:7
various 5:19
venues 28:6
via 16:13
vibrant 5:4
visiting 10:17
volume 17:16
voluminous 26:15


< W >
wages 8:16
wait 12:7
Walker 32:13, 32:14

wanted 18:24, 19:16,
  20:4, 21:24
wants 30:17
website 11:20, 12:4,
  15:13, 16:14,
  21:12, 21:14
week 23:22, 24:20,
  29:18, 30:1, 30:4,
  30:6, 30:10, 31:5,
  31:7
weeks 21:2, 23:14
welcome 4:7, 25:7
welcoming 4:6
west 16:21
whenever 28:1
wherever 11:3
whether 14:2, 14:5,
  14:24, 26:7, 27:2,
  29:24
willing 19:15, 27:21
wish 21:23
within 21:2, 24:22
without 24:8, 28:5
witness 30:12
WITNESSES 3:3,
  25:15, 25:17,
  26:1, 26:13,
  26:19, 27:6, 27:7,
  28:5
WKAQ 7:18
WMEG 7:17
wonder 11:25, 22:25
work 19:15, 25:22
workable 25:3
worked 5:20
Workers 8:16
working 26:8, 28:2
works 24:23
worst 27:10


< Y >
year 23:19, 24:22
years 19:23, 25:14,
  25:16, 26:16,
  27:11
yesterday 29:22
York 4:9, 4:13,
  4:14, 4:16, 5:9,
  6:16, 20:16,

20:17, 21:24,
  30:17, 30:24, 31:5
yourselves 31:2