UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------- x
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO, *et al.*, : (Jointly Administered)
:
Debtors.[1] :
---------------------------------------------------------------------- x

**SECOND SUPPLEMENTAL DECLARATION OF LUC A. DESPINS REGARDING
RETENTION OF PAUL HASTINGS LLP AS COUNSEL TO OFFICIAL COMMITTEE
OF UNSECURED CREDITORS**

I, Luc A. Despins, hereby declare under penalty of perjury:

    1.    I am a partner in the law firm of Paul Hastings LLP ("Paul Hastings") with offices worldwide, including 200 Park Avenue, New York, New York 10166, and am admitted to practice in the state of New York. The facts set forth in this supplemental declaration (the "Second Supplemental Declaration") are based upon my personal knowledge, discussions with other Paul Hastings attorneys, and the firm's client/matter records that were reviewed by me or other Paul Hastings attorneys acting under my supervision and direction.

    2.    On July 10, 2017, I submitted a declaration (the "Initial Declaration") in support of the *Application for Order Pursuant to Bankruptcy Code Section 1103(a) and Local*

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

*Bankruptcy Rule 2014-1(e) Authorizing the Employment and Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors, Effective as of June 26, 2017* [Docket No. 610] (the "Application")[2] filed by the Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico in the above-captioned cases. On August 25, 2017, the U.S. Trustee expanded the role of that Committee to be the official committee for the HTA, ERS, and PREPA Debtors. The "Committee" refers to the official creditors' committee of all title III Debtors (other than COFINA).

3. By order of this court entered August 10, 2017 [Docket No. 999] (the "Retention Order"), Paul Hastings' retention as counsel for the Committee was approved effective as of June 26, 2017. The Retention Order provided that "[t]he retention of Paul Hastings, as counsel to the Committee, shall be deemed to apply to the representation of the Committee if ever enlarged to include unsecured creditors of other debtors, without the need to obtain a modification of this Order." Accordingly, Paul Hastings' retention extends to the representation of the Committee as the official committee for the HTA, ERS, and PREPA Debtors.

4. On September 22, 2017, I submitted the *First Supplemental Declaration of Luc A. Despins Regarding Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors* [Docket No. 1357] (the "First Supplemental Declaration" and, together with the Initial Declaration, the "Prior Declarations"). I hereby incorporate by reference, in their entirety, the Prior Declarations as if fully set forth herein.

**Review and Disclosure of Additional Interested Parties**

5. Since filing the First Supplemental Declaration, Paul Hastings has become aware of additional Interested Parties (collectively, the "Additional Interested Parties") in the title III cases of the Commonwealth, COFINA, ERS, HTA, and PREPA (collectively, the "Title III

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

Cases") with which Paul Hastings was able to confirm that it has, or may have, a connection. The identities of the Additional Interested Parties are set forth on **Exhibit A** hereto and include the following:[3]

(a) parties that have been added to the Master Service List (as of January 24, 2018) in the jointly administered Title III Cases (*i.e.*, the Commonwealth, COFINA, ERS, HTA, and PREPA) since the filing of the First Supplemental Declaration;

(b) creditors on HTA's List of Creditors, dated December 22, 2017 [Docket No. 2163] with a listed claim amount of $500,000 or more (and excluding, for the avoidance of doubt, creditors listed with an undetermined claim amount); and

(c) creditors on PREPA's List of Creditors, dated December 22, 2017 [Docket No. 2153] with a listed claim amount of $500,000 or more (and excluding, for the avoidance of doubt, creditors listed with an undetermined claim amount).[4]

6. In preparing this Second Supplemental Declaration, I caused to be submitted for review under our conflicts check system the names of the Additional Interested Parties. The results of our conflicts check were compiled and analyzed by Paul Hastings attorneys acting under my supervision. While certain individuals and entities may be Interested Parties in more than one capacity in the Title III Cases, *e.g.*, as a creditor in one or multiple title III cases and a party that has filed a notice of appearance, Paul Hastings' updates do not cover changes in capacity during the course of a bankruptcy case. Given the prior disclosure of Paul Hastings' relationship, if any, to such entities, such disclosure is not repeated here.

7. To the extent the conflicts check searches indicated that Paul Hastings has performed services for any Additional Interested Party within the last five years, the identity of such entity and the nature of Paul Hastings' relationship with such entity are set forth in

---

[3] To avoid duplication, entities that were included on Exhibit A to the Prior Declarations have not been included again on Exhibit A to this Second Supplemental Declaration.

[4] Paul Hastings believes that limiting its conflict procedures and disclosures to creditors holding claims in excess of $500,000 in the HTA and PREPA cases is adequate, given that HTA's and PREPA's title III cases involve claims in excess of $8 billion and $10 billion, respectively.

3

**Exhibit B** hereto. **Exhibit B** does not include relationships that Paul Hastings has with parents or affiliates of entities that were previously disclosed in the Prior Declarations.

8. To the best of my knowledge, based on the review procedures described above, Paul Hastings does not have any "connections" to the Additional Interested Parties, except as described in the Prior Declarations or this Second Supplemental Declaration. Neither the term "connection," as used in Bankruptcy Rule 2014, nor the proper scope of a professional's search for "connection" has been defined, and I am uncertain what this Court may consider a "connection" requiring disclosure. Out of an abundance of caution, therefore, I am disclosing many representations that are not, to my understanding, disqualifying or problematic under PROMESA, the Bankruptcy Code, or applicable standards of professional ethics.

9. Neither I, nor any partner, of counsel, or associate of Paul Hastings, as far as I have been able to ascertain, has any connection with any Additional Interested Party, except as set forth below or otherwise in the Prior Declarations or this Second Supplemental Declaration (including the Exhibits hereto):

(a) Attached hereto as **Exhibit B** and incorporated herein by reference is a list of Additional Interested Parties (or their affiliates) whom Paul Hastings represents, or has represented in the past, in matters **_unrelated_** to the matters on which the Committee has retained Paul Hastings. Although Paul Hastings has represented, currently represents, and may continue to represent certain entities and individuals listed on **Exhibit B** hereto, Paul Hastings will not represent any such entity or individual in the Title III Cases.

(b) Each of the entities identified on **Exhibit B** hereto as a "current client" accounted for less than 1% of Paul Hastings' revenues for the firm's fiscal year ending January 31, 2017. For the avoidance of doubt, the services performed for such entities were unrelated to the matters on which the Committee has retained Paul Hastings.

## New Hires

10. In January 2018, Nicholas Bassett joined Paul Hastings' corporate practice as an Of Counsel in the firm's Washington, D.C. office. Before joining Paul Hastings, Mr. Bassett

4

was Litigation Special Counsel in the Washington, D.C. office of Milbank, Tweed, Hadley & McCloy LLP ("Milbank"). Milbank represents Ambac Assurance Corporation ("Ambac") in the Title III Cases. Mr. Bassett has informed Paul Hastings that he did not work on matters related to Ambac or the Debtors and was not exposed to confidential information related to Ambac or the Debtors while he was at Milbank. Mr. Bassett will represent the Committee in the Title III Cases.

11. In February 2018, John Paul Igoe will join Paul Hastings' corporate practice as an Of Counsel in the firm's New York office. Before joining Paul Hastings, Mr. Igoe was an associate in the New York office of White & Case LLP ("White & Case"). White & Case represents certain junior COFINA bondholders in the Title III Cases. Mr. Igoe has informed Paul Hastings that he did not work on matters related to the COFINA bondholders or the Debtors and was not exposed to confidential information related to the COFINA bondholders or the Debtors while he was at White & Case. Out of an abundance of caution, Paul Hastings will impose an ethical wall between Mr. Igoe and the firm's representation of the Committee in the Title III Cases.

12. In March 2018, Julia Hurley will join Paul Hastings' real estate practice as an associate in the firm's San Francisco office. Before joining Paul Hastings, Ms. Hurley was an associate in the Charlotte office of Cadwalader, Wickersham & Taft LLP ("Cadwalader"). Cadwalader represents Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (together, "Assured") in the Title III Cases. Ms. Hurley has informed Paul Hastings that she did not work on matters related to Assured or the Debtors and was not exposed to confidential information related to Assured or the Debtors while she was at Cadwalader. Out of an

abundance of caution, Paul Hastings will impose an ethical wall between Ms. Hurley and the firm's representation of the Committee in the Title III Cases.

13. In March 2018, Benjamin Parish will join Paul Hastings' London office as a Trainee Solicitor. Mr. Parish's father is a partner at Hogan Lovells, which represents PREPA in certain compliance matters in the Title III Cases. Mr. Parish has informed Paul Hastings that he has not been exposed to confidential information related to PREPA or the Debtors. Out of an abundance of caution, Paul Hastings will impose an ethical wall between Mr. Parish and the firm's representation of the Committee in the Title III Cases.

14. This coming summer, from approximately May 2018 through July 2018, Patricia Liverpool will work as a summer intern in Paul Hastings' Washington, D.C. office. Ms. Liverpool was a summer associate at the Washington, D.C. office of Hogan Lovells from May 2017 to July 2017. Ms. Liverpool has informed Paul Hastings that she did not work on matters related to PREPA or the Debtors and was not exposed to confidential information related to PREPA or the Debtors while she was at Hogan Lovells. Out of an abundance of caution, Paul Hastings will impose an ethical wall between Ms. Liverpool and the firm's representation of the Committee in the Title III Cases.

15. In September 2018, Celine Moeneclaey will work as a corporate legal intern in Paul Hastings' Paris office. Ms. Moeneclaey was a trainee at the Paris office of Hogan Lovells from August 2016 to December 2016. Ms. Moeneclaey has informed Paul Hastings that she did not work on matters related to PREPA or the Debtors and was not exposed to confidential information related to PREPA or the Debtors while she was at Hogan Lovells. Out of an abundance of caution, Paul Hastings will impose an ethical wall between Ms. Moeneclaey and the firm's representation of the Committee in the Title III Cases.

16. This coming summer, from approximately May 2018 through July 2018, Lilette Mocio will work as a summer intern in the firm's Shanghai office. Ms. Mocio was a paralegal intern in the New York office of Proskauer Rose LLP ("Proskauer") from June 2014 through August 2014 and again from May 2015 through August 2015. Proskauer represents the PROMESA Oversight Board in the Title III Cases. Ms. Mocio has informed Paul Hastings that her internship ended before the Title III Cases were filed and she did not work on matters involving the Debtors while at Proskauer. Neither will Ms. Mocio work on matters involving the Debtors while she is a summer intern at Paul Hastings. Out of an abundance of caution, Paul Hastings will impose an ethical wall between Ms. Mocio and the firm's representation of the Committee in the Title III Cases.

17. Based on the foregoing and the Prior Declarations, and except as provided herein and in the Prior Declarations, to the best of my knowledge, information, and belief formed after reasonable inquiry, Paul Hastings does not represent or hold any interest adverse to the Committee with respect to the matters on which the Committee has employed Paul Hastings, and Paul Hastings is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code (made applicable by PROMESA section 301(a)) in that Paul Hastings:

(a) is not a creditor, equity security holder, or insider of the Debtors;

(b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

(c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

18. Despite the efforts described above to identify and disclose Paul Hastings' connections with parties in interest in the Title III Cases, Paul Hastings is unable to state with certainty that every client representation or other connection has been disclosed. In this regard,

7

if Paul Hastings discovers additional information that requires disclosure, Paul Hastings will file a supplemental disclosure with the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of February, 2018

>*/s/ Luc A. Despins*
>Luc A. Despins