**Hearing Date:** March 7th, 2018, at 9:30 a.m.
**Objection Deadline:** February 28, 2018.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO
RICO

AS REPRESENTATIVE OF

THE COMMONWEALTH OF PUERTO
RICO

Debtor

PROMESA, Title III

Case No. 17-BK-3283 (LTS)

MEMORANDUM IN SUPPORT OF MITSUBISHI MOTOR SALES OF CARIBBEAN,
INC'S MOTION REQUESTING RELIEF FROM THE AUTOMATIC STAY

BELK & GROVAS LAW OFFICES
PO Box 194927
San Juan, PR 00919-4927
Tel. (787) 754-2424/Fax (787) 754-2454
E-mail: belkgrovas@gmail.com

JAMES BELK-ARCE
USDC-PR No. 130506

CARLOS J. GROVAS-PORRATA
USDC-PR No. 209714

Attorneys for Mitsubishi Motor Sales of Caribbean Inc.

Hearing Date: March 7th, 2018, at 9:30 a.m.
Objection Deadline: February 28, 2018.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO
RICO

AS REPRESENTATIVE OF

THE COMMONWEALTH OF PUERTO
RICO

Debtor

PROMESA, Title III

Case No. 17-BK-3283 (LTS)

TABLE OF CONTENTS

I.      INTRODUCTION...............................................................1

II.     CERTIFICATION...............................................................3

III.    JURISDICTION AND VENUE...........................................4

IV.     FACTUAL BACKGROUND...............................................4

V.      LEGAL GROUNDS FOR RELIEF FROM THE STAY...........16

VI.     PRAYER...........................................................................27

VII.    CERTIFICATE OF SERVICE.............................................27

Hearing Date: March 7th, 2018, at 9:30 a.m.
Objection Deadline: February 28, 2018.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO
RICO

AS REPRESENTATIVE OF

THE COMMONWEALTH OF PUERTO
RICO

Debtor

PROMESA, Title III

Case No. 17-BK-3283 (LTS)

## TABLE OF AUTHORITIES

### I.   STATUTES

Law 80 of October 17, 1992, "Law for the Establishment of a New
System for Excise Taxes over Automobiles and Other Motor Vehicles" .................................4

Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),
enacted on June 30, 2016, 48 U.S.C.S. § 2101 et seq. ...................................................2

Title III, Section 301 of PROMESA, 48 U.S.C.S. §2161...............................................17

Title III, Section 304(c) of PROMESA, 48 U.S.C.S. §2164(c)........................................17

Title III, Section 304(g) of PROMESA, 48 U.S.C.S. §2164(g).........................................3

Title III, Section 306(a) of PROMESA, 48 U.S.C. § 2166(a)...........................................4

Title III, Section 307(a) of PROMESA, 48 U.S.C. § 2167(a)...........................................4

Title III, Section 405(m)(4) of PROMESA, 48 U.S.C.S §2194(m)(4) ...............................16

Section 362 of the United States Bankruptcy Code (USBC),
11 U.S.C § 362.............................................................................17, 19, 22

Section 362(a)(1) of the USBC
11 U.S.C.S. §362(a)(1)...............................................................................17

Section 362(d) of the USBC
11 U.S.C.S. §362(d)..........................................................................20, 21, 22

Section 362(d)(1) of the USBC
11 U.S.C.S. §362(d)(1)........................................................................17, 19, 27

Case No. 17-BK-3283 (LTS)
"Motion Requesting Relief…"
Page 2

**Hearing Date:** March 7th, 2018, at 9:30 a.m.
**Objection Deadline:** February 27, 2018.

Federal Rules of Bankruptcy Procedure, Rule 1015 ......3

Law 68-2015 "Law No. 68 of May 18, 2015", Article 3 ......16

Internal Revenue Code of Puerto Rico,
Section 2054.04(a)(l) ......8

Internal Revenue Code of Puerto Rico,
Section 3010.01(a)(11) ......4, 11, 14

Internal Revenue Code of Puerto Rico,
3020.08(c) ......4, 10

Internal Revenue Code of Puerto Rico,
Section 3020.08(c)(1) ......5, 14

Internal Revenue Code of Puerto Rico,
Section 3020.08(c)(2) ......5, 14, 15

Internal Revenue Code of Puerto Rico,
Section 6022.01 ......13

Internal Revenue Code of Puerto Rico,
Section 6025.01(a) ......2

## II.   REGULATIONS

Regulation 7437 of the Puerto Rico Treasury Department of December 14, 2007 ......6, 7, 8, 9

Regulation 7437 of the Puerto Rico Treasury Department, of December 14, 2007
Article 2011(c)(2)-1 ......9, 15

## III.   INTERNAL MEMORANDUMS

"Memorandum - Imposition of Excise Taxes in Case of New Vehicles for Sale"
Puerto Rico Treasury Department (not dated) ......9, 10, 11, 12, 16, 24

## IV.   CASES

*C & A. S.E. v. P.R. Solid Waste Mgmt.*,
369 B.R. 87 (D.P.R. 2007) ......21

*Goya Foods, Inc. v. Unanue-Casal (In re Unanue-Casal)*,
159 B.R. 90, 96 (D.P.R. 1993), aff'd 23 F.3d 395 (1st Cir. 1994) ......19, 20, 21, 22

*Groover v. R. J. Groover Constr., L.L.C. (In re R. J. Groover Constr.)*,
411 B.R. 460, 465, 2008 Bankr. LEXIS 4206, 11 ......26

*In re Curtis*,
40 B.R. 795, 1984 Bankr. LEXIS 5521, 11 Bankr. Ct. Dec. 1256 ......20

Case No. 17-BK-3283 (LTS)
"Motion Requesting Relief…"
Page 3

**Hearing Date**: March 7th, 2018, at 9:30 a.m.
**Objection Deadline**: February 27, 2018.

*In re Fernstrom Storage and Van Co.*,
938 F.2d 731 (7th Cir. 1991)................................................................20

*In re G.S. Distrib, Inc.*,
331 B.R. 552, 567-68 (Bankr. S.D.N.Y. 2005).....................................26

*In re Guzman*,
513 B.R. 202, 208, 2014 Bankr. LEXIS 3008, 13, 2014 WL 3400376.......19

*In re Lamberjack*,
149 B.R. 467, 470 (Bankr. Ohio 1992)..................................................20

*In re Loudon*,
284 B.R. 106, 108 (8th Cir. B.A.P. 2002).............................................26

*In re Kerns*,
111 Bankr. 777, at 786-790, 1990 U.S. Dist. LEXIS 2650....................19

*Romero Barceló v. ELA*,
169 DPR 460 (2006)..............................................................................15

*In Re Sonnax Industries, Inc.*,
907 F.2d 1280, 1286 (2nd Cir. 1990)....................................................19

*Izarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.)*,
141 B.R. 574, 576 (Bankr. D. Del. 1992)..............................................19

*Maintainco, Inc. v. Mitsubishi Caterpillar Forklift America, Inc.*
*(In re Mid-Atlantic Handling Sys., LLC)*, 304 B.R. 111, 130 (Bankr. D. N.J. 2003)...........19

*Murray Indus. v. Aristech Chem. Corp. (In re Murray Indus., Inc.)*,
121 B.R. 635, 636 (Bankr. M.D. Fla. 1990)..........................................19

*Yiyi Motors, Inc. v. Secretario de Hacienda*,
177 D.P.R. 230 (2009)........................................................6, 7, 8, 9, 16, 23

*Stephens v. Menninger (In re Crediti Life Corp.)*,
184 B.R. 839, 841 (M.D. Fla. 1995)......................................................19

**V.   TREATISES**

Alan N. Resnick and Henry J. Sommer, 3 Collier on Bankruptcy ¶ 362.07(3) (16th ed. 2013)........19

**Hearing Date:** March 7th, 2018, at 9:30 a.m.
**Objection Deadline:** February 28, 2018.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO
RICO

AS REPRESENTATIVE OF

THE COMMONWEALTH OF PUERTO
RICO

Debtor

PROMESA, Title III

Case No. 17-BK-3283 (LTS)

MEMORANDUM IN SUPPORT OF MITSUBISHI MOTOR SALES OF CARIBBEAN,
INC.'S MOTION REQUESTING RELIEF FROM AUTOMATIC STAY

TO THE HONORABLE COURT:

**COMES NOW**, Mitsubishi Motor Sales of Caribbean, Inc. ("MMSC"), plaintiff in a

civil action filed before the Puerto Rico Court of First Instance, San Juan Section, styled

*Mitsubishi Motor Sales of Caribbean, Inc. v. Hon. Raul Maldonado Gautier, as Secretary of the*

*Puerto Rico Treasury Department, et al.,* Civil No. KCO 2016-0026 (903), regarding request for

declaratory judgment and refund of excise taxes paid in excess by MMSC, which has been

stayed pursuant to Title III of PROMESA, by and through the undersigned legal counsel, seeking

relief from the automatic stay to allow the continuation of the above-mentioned civil action, and

very respectfully states and prays as follows:

I.    **INTRODUCTION**

1.    MMSC has been denied by the Puerto Rico Treasury Department ("PRTD") the

refund of certain excise taxes charged in excess to MMSC, relating to brand new Mitsubishi

motor vehicles imported into Puerto Rico by MMSC. This over charge of excise taxes is the

**Hearing Date:** March 7th, 2018, at 9:30 a.m.
**Objection Deadline:** February 28, 2018.

result of the arbitrary and capricious implementation by the Secretary of the PRTD ("Secretary")

of an illegal tax basis for the excise tax computation over imported new motor vehicles.

2.      The first series of rejection notices made to MMSC from the PRTD regarding the

refund of excise taxes are dated November 29, 2016, and they were notified to MMSC on or

after that date.

3.      Section 6025.01(a) of the Internal Revenue Code of Puerto Rico ("IRC")

provides, in its pertinent, that if a taxpayer is not satisfied with a determination of a denial for

refund the taxpayer will have a term of thirty (30) days, from the notification of the denial, to

appeal before the Court of First Instance and request review of such determination.

4.      On December 29, 2016, within the above stated thirty (30) day term, MMSC filed

before the Puerto Rico Court of First Instance, San Juan Section (PR Court)[1] the original action

seeking refund of such excise taxes paid in excess, regarding the first series of rejection notices

from the PRTD, and seeking the entering of a declaratory judgment regarding the illegality of the

new computation formula implemented by the Secretary.

5.      On the other hand, the second series of rejection notices from the PRTD regarding

the refund of excise taxes is dated December 12, 2016. However, they were notified on

December 30, 2016. Therefore, on January 17, 2017, within the thirty (30) day term established

in Section 6025.01(a) of the IRC, MMSC filed an amended complaint, to include the second

series of rejection notices.

6.      Pursuant to the provisions of the Puerto Rico Oversight, Management, and

Economic Stability Act ("PROMESA"), enacted on June 30, 2016, 48 U.S.C.S. § 2101 *et seq.*,

---

[1] Civil No. KCO 2016-0026, *Mitsubishi Motor Sales of Caribbean, Inc. v. Hon. Raúl Maldonado Gautier, in its capacity as Secretary of the Treasury Department, and the Commonwealth of Puerto Rico.*

Case No. 17-BK-3283 (LTS)
Memorandum in Support...
Page 3

**Hearing Date:** March 7th, 2018, at 9:30 a.m.
**Objection Deadline:** February 28, 2018.

on May 3 of 2017, the Financial Oversight and Management Board for Puerto Rico ("FOMB"),

as a representative of Commonwealth of Puerto Rico filed a petition under Title III of

PROMESA *See, In re: Commonwealth of Puerto Rico*, case no. 17-1578 (hereinafter, the "Title

III Case"). As a result, MMSC's action against the PRTD became automatically stayed.

7. Thereafter, Debtor filed a motion seeking the joint administration of the Title III

Case with the pending Title III proceedings for the Commonwealth of Puerto Rico, the Puerto

Rico Sales Tax Financing Corporation ("COFINA") and, the Employees Retirement System for

the Commonwealth of Puerto ("ERS") (jointly, the "Title III Cases") pursuant to section 304(g)

of PROMESA and Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") (as made applicable to these Title III Cases by virtue of Section 310 of PROMESA). *See,*

Docket No. 79 of Case No. 17-03567 (LTS). The joint administration of the Title III Cases was

authorized by this Court on June 29, 2017. *See,* Docket No. 167 of Case No. 17-03567 (LTS).

8. After a series of procedural events in the instant bankruptcy case, on August 17,

2017, Hon. Laura Taylor Swain, United States District Judge, entered a "Second Amended

Notice, Case Management and Administrative Procedures" amending Section III of the Case

Management Procedure, to include a revised protocol for every party intending to file a stay-

relief-motion to comply with paragraph III.Q of same and give notice of said request to the

FOMB and to the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF")

within fifteen (15) labor days prior to its filing, among other requirements.

**II.   CERTIFICATION**

9. MMSC and the undersigned certify that on October 6, 2017, MMSC gave notice

to the FOMB and the AAFAF of its intent to seek relief from the automatic stay, in compliance

Case No. 17-BK-3283 (LTS)
Memorandum in Support...
Page 4

**Hearing Date:** March 7th, 2018, at 9:30 a.m.
**Objection Deadline:** February 28, 2018.

with the requirements of the "Second Amended Notice, Case Management and Administrative

Procedures" and, on October 27, 2017, MMSC received a response from legal counsel for the

Justice Department/Commonwealth of Puerto Rico, declining MMSC's request to modify the

stay "*due to the early procedural stage of the action*". Consequently, after having complied with

the corresponding requirements, MMSC herein respectfully appears before this Honorable

Bankruptcy Court requesting relief from the automatic stay pursuant to Section 362 of the United

States Bankruptcy Code (USBC), 11 U.S.C § 362.

### III.   JURISDICTION AND VENUE

10.     This Honorable Bankruptcy Court has jurisdiction over this action pursuant Title

III, Section 306(a) of PROMESA, 48 U.S.C. § 2166(a).   Venue is proper pursuant to Title III,

Section 307(a) of PROMESA, 48 U.S.C. § 2167(a).

### IV.   FACTUAL BACKGROUND

11.     The imposition and collection of excise taxes on new motor vehicles imported

into Puerto Rico originally arose from the provisions of Law 80 of October 17, 1992, "Law for

the Establishment of a New System for Excise Taxes over Automobiles and Other Motor

Vehicles", which were then incorporated, in its vast majority, to the IRC. Regarding new

automobiles imported into Puerto Rico, Section 3010.01(a)(11) of the IRC defines the phrase

"suggested retail price" as follows:

(sales 11) Suggested retail sale price - Shall mean, for purposes of this
part, the following for each of the following cases:
    (A) New cars for sale - In the case of new cars introduced from
abroad by authorized dealers and dealers, the "suggested retail price"
means the basic cost of the car model including the optional equipment
installed at the factory, plus the import insurance and freight, the
estimated profit margin for the sale, and the costs associated with the
preparation and delivery of the vehicle.

Case No. 17-BK-3283 (LTS)
Memorandum in Support...
Page 5

**Hearing Date:** March 7th, 2018, at 9:30 a.m.
**Objection Deadline:** February 28, 2018.

*The "suggested retail price" will be determined by the importer or distributor as provided in sec. 3020.08(c) before introducing the vehicle to Puerto Rico.*

[Emphasis ours].

12. Section 3020.08(c)(1) of the IRC, mentioned herein above, establishes the method to determine the "suggested sales price" and the elements to determine the excise tax to be paid, providing as follows:

*(c) The following provisions will complement the application and compliance with this section:*

*(1) Determination of suggested sales price. - The suggested retail price of new and used cars will be determined by the importer or distributor as provided by this part before introducing the vehicle to Puerto Rico. The suggested sales price to the consumer for each vehicle does not necessarily have to be the same for all the dealers, but the excise tax to be paid will be determined and paid according to the suggested sales price to the consumer that appears in the monroney label attached to the vehicle and determined by the distributor.*

[Emphasis ours].

13. After the importer or distributor determines the "suggested sales price", the Secretary can only modify the same in specific cases and subject to the applicable provisions of law. For this purpose, Section 3020.08(c)(2) of the IRC, provides the following:

*(c) The following provisions will complement the application and compliance with this section:*

*(1) …*

*(2) Determination of the Secretary if the taxable price does not reasonably reflect the price of the vehicle - In case the consumer sales price reported by a certain importer does not reasonably reflect the sales price to the consumer of similar models at the time of introduction of the vehicle, the Secretary shall determine and collect from that importer the tax levied by this party, using as reference any other source of information that is duly recognized in the automotive industry of the United States. However, in no case shall it be understood that this power authorizes the Secretary to substitute, as a rule of general application, the basis of the suggested sales price for any other alternate tax base, except to correct*

Case No. 17-BK-3283 (LTS)
Memorandum in Support…
Page 6

**Hearing Date:** March 7th, 2018, at 9:30 a.m.
**Objection Deadline:** February 28, 2018.

*the taxable price determined unreasonably by the importer in that particular case.*

*The determination of the Secretary shall be presumed without prejudice to the provisions established in Subtitle F.*

[Emphasis ours].

14.     On the other hand, through Regulation 7437 of December 14, 2007 ("Regulation 7437"), which was approved to implement the provisions of IRC, the Secretary attempted to modify the tax base established by the law, to replace the "suggested retail sales price" to the consumer for the final sales price to the consumer.   Likewise, it established a minimum suggested sales price to the consumer that the importer or distributor could declare based on a variation of more than 5% of the suggested retail price that appears for a particular motor vehicle in the corresponding edition of the "Black Book".

15.     Due to the above-mentioned , when applying the provisions of Regulation 7437 in those cases in which the "suggested retail sales price" established and declared by the importer or distributor, or the final sales price, was less than 5% of the suggested retail price that appears in the Black Book, the Secretary imposed and collected an additional excise tax.   However, if the "suggested retail sales price" or the final sales price was greater than the aforementioned 5%, a credit was not granted in favor of the importer or distributor for the excise taxes paid in excess.

16.     In the case of *Yiyi Motors, Inc. v. Secretario de Hacienda*, 177 D.P.R. 230 (2009), the nullity of Regulation 7437 was requested, alleging that it imposed and collected contributions illegally, since the tax base authorized by law was altered and imposed upon another person who was not the taxpayer.

17.     In the referred case of *Yiyi Motors, supra,* and regarding Regulation 7437, the Honorable Supreme Court of Puerto Rico determined, among other things, the following:

Case No. 17-BK-3283 (LTS)
Memorandum in Support...
Page 7

**Hearing Date:** March 7th, 2018, at 9:30 a.m.
**Objection Deadline:** February 28, 2018.

... *the Code expressly provides that the power delegated to the Secretary of the Treasury to determine the reasonableness of the suggested sale price prior to shipment, in no case will be understood as authorizing him to substitute, as a rule of general application, the base of the suggested price of sale by any other alternative tax base. In view of the foregoing, and since the tax system implemented by means of the mentioned regulation contravenes this legal precept - since it is precisely an illegal alteration and of general application of the tax base -, we are obliged to declare it null and void.*

*Id.*, at p. 264.

[Emphasis ours].

18.     Moreover, the Honorable Supreme Court of Puerto Rico in its ruling in the case of *Yiyi Motors, supra,* ordered and entered, among other things, the following:

*For the reasons stated in the foregoing Opinion, which is made an integral part of this, the Judgment issued by the Court of Appeals is revoked and the injunction requested by the petitioner is granted for the purpose of ordering the Secretary of the Treasury to cease and desist from using the final sale price to the consumer as a tax base for the calculation of the excise taxes to be paid for new vehicles imported into the country. In this way, this official is instructed that, when determining the tax to be paid, he sticks to the tax base established in the Internal Revenue Code, that is, to the suggested retail price. Consequently, once the excise tax is established in accordance with the procedure established in Sec. 2011 (c) of the aforementioned Code, the Secretary of the Treasury is required to issue a certificate of payment of excise taxes valid for the registration of the automobile in the Department of Transportation and Public Works.*

*Because the substitution of the tax base by the Secretary of the Treasury has been implemented through its Regulation 7437, and in view of the fact that the text of the Internal Revenue Code cannot be understood modified or supplanted by the regulation, we declare invalid: the subsection (25) (i) of Art. 2001-1, paragraphs (a) (4) and (d) of Art. 2011 (a) -4, and Art. 2011 (c) (3) -5 of said Regulation. In addition, this official is ordered to harmonize the remaining provisions of Regulation 7437 in accordance with what is stated here.*

*Id.*, at p. 285.

Case No. 17-BK-3283 (LTS)
Memorandum in Support...
Page 8

**Hearing Date**: March 7th, 2018, at 9:30 a.m.
**Objection Deadline**: February 28, 2018.

19.     As a matter of fact, to this date, the Secretary has not harmonized the provisions of Regulation 7437 to that established, ordered and entered in the Opinion and Judgment of the Honorable Supreme Court of Puerto Rico in the case of *Yiyi Motors, supra*.   However, in practice, from that determination the Secretary began to honor the "suggested retail sales price", as determined by the importer and/or distributor, in accordance with the provisions of the IRC.

20.     After the case of *Yiyi Motors, supra*, only in those particular cases where the Secretary understood that there was a marked and real discrepancy in value regarding similar models and/or that the value was not determined in accordance with the provisions of law, that is, the IRC, the PRTD carried out a formal investigation to determine the reasonableness of the "suggested retail sales price" determined by the importer and/or distributor. For this purpose, the Secretary utilized as reference any other source of information duly recognized in the automotive industry of the United States, which could include the "Black Book". However, if the importer and/or distributor demonstrated that there was a difference between the motor vehicle model that appeared in the "Black Book" and the imported model in dispute, as would be for example a difference in the components of each model, then the suggested sales price determined by the importer and/or distributor prevailed, so the excise tax levied and collected was based on said price.

21.     MMSC is dedicated, among other things, to the import and distribution of brand new Mitsubishi motor vehicles.

22.     Regarding the declaration of excise taxes on new motor vehicles, MMSC determines and declares the "suggested retail sales price" to the consumer in accordance with the provisions of Section 2054.04(a)(I) of the IRC.

Case No. 17-BK-3283 (LTS)
Memorandum in Support...
Page 9

**Hearing Date:** March 7th, 2018, at 9:30 a.m.
**Objection Deadline:** February 28, 2018.

23.   Until recently, MMSC had been resting on the legal security provided by IRC and the regulations and directions set out in the case of *Yiyi Motors, supra,* and had not faced any problem with its excise tax declarations regarding the brand new Mitsubishi vehicles imported to Puerto Rico by MMSC.

25.   Notwithstanding, since 2016, MMSC has been the victim of the application of a tax base illegally imposed by the Secretary, following the approval of an internal memorandum that instructs its officials to ignore the mandate of the Honorable Supreme Court of Puerto Rico in the case of *Yiyi Motors, supra,* and has been subject to the indiscriminate application of the provisions of Regulation 7437 that were declared illegal and/or should have been modified by the Secretary.

25.   Through the aforementioned internal memorandum entitled "Memorandum - Imposition of Excise Taxes in Case of New Vehicles for Sale", which does not even have the date on which it was issued ("Memorandum of Excise Taxes"), the Secretary determined and ordered to the personnel of the Taxation Division of the Consumption Tax Bureau of the PRTD the following:

... *Article 2011 (c) (2) -1 of Regulation 7437 of December 14, 2007 ("Regulation"), provides that in those cases in which the suggested retail price reported to a consumer by a certain importer does not reasonably reflect the suggested retail price of similar models at the moment of the introduction of the vehicle to Puerto Rico, the Secretary shall determine and collect from said importer the determined tax, using as reference any other source of information that is duly recognized in the automotive industry.*

*For the purposes of this Article, a vehicle will not reasonably reflect the suggested retail price to the consumer when said price is substantially less than the suggested retail price for similar models. In addition, it may be considered unreasonable when, at the date of introduction, the suggested retail price to the consumer is more than 5 percent (5%) of the suggested*

Hearing Date: March 7th, 2018, at 9:30 a.m.
Objection Deadline: February 28, 2018.

retail price that appears for that same vehicle in the corresponding edition of the "Black Book".

***

The Consumption Tax Bureau, through its Taxation Division, is responsible for developing, administering, and evaluating the procedures, functions, and activities necessary to carry out the appropriate excise taxation. After an evaluation has been made of the current processes for the imposition of excise taxes in the case of motor vehicles, it was identified that the Imposition Division is not consistently applying the provisions of Article 2011 (c) (Z) -i of the Regulations and the corresponding Sections of the Code, discussed in this Memorandum.

Given that the legal basis for determining the tax rate in Puerto Rico of new vehicles for sale is clear and does not allow for interpretation, it is necessary to comply with the applicable provisions of law. For this purpose, all personnel of the Taxation Division of the Consumption Tax Bureau are instructed to apply the provisions of Article 2011 (c) (2) -I, in those cases in which the suggested retail price to the consumer by a determined Importer, distances in more than 5 percent (5%) of the suggested sales price that appears for that same vehicle in the corresponding edition of the "Black Book".

This instruction must be applied immediately.

See, Memorandum Imposition of Excise Taxes in Case of New Vehicles for Sale, which is included as **Exhibit A** this motion. [Emphasis supplied].

26.     The aforementioned Memorandum of Excise Taxes was issued in a surreptitious and sneaky manner, since it does not even have a date and, because of information and belief of MMSC, it has not been published. However, due to information and belief MMSC, more than thirty (30) days have elapsed since the approval and implementation of the Memorandum of Excise Taxes.

27.     Since the approval and implementation of the Memorandum of Excise Taxes, the Secretary has completely changed the administrative and public policy practice regarding the determination of the suggested retail price to the consumer, as established in Section

Case No. 17-BK-3283 (LTS)
Memorandum in Support...
Page 11

**Hearing Date:** March 7th, 2018, at 9:30 a.m.
**Objection Deadline:** February 28, 2018.

3010.01(a)(11) of the IRC. In fact, the Secretary is modifying the "suggested retail sales price" without carrying out a real analysis of its reasonableness and without even checking the components contained in the brand new Mitsubishi automobile models that MMSC imports into Puerto Rico, in comparison with the models that are imported and distributed in the United States of America, as required by Section 3020.08(c) of the IRC.

28. In view of the foregoing, the implementation of the Memorandum of Excise Taxes by the Secretary does not take into consideration the reasonableness of the costs and profit margins of the new Mitsubishi motor vehicles that MMSC acquires, imports and distributes in Puerto Rico, nor the value of the models similar to said motor vehicles at the time they are introduced into Puerto Rico.

29. As far as MMSC is concerned, the Secretary merely takes into consideration the suggested retail price that appears in the "Black Book" for allegedly similar models that are imported and distributed in the United States of America and, if the "suggested retail sales price" determined by MMSC is more than 5% lower than the one in the "Black Book", it imposes and charges an additional fee. The foregoing, despite the fact that the majority of the Mitsubishi brand new motor vehicle models that MMSC imports and distributes in Puerto Rico do not necessarily contain the same components to the brand new Mitsubishi motor vehicles that are distributed in the United States of America, which is where the "Black Book" compiles its information.

30. On the other hand, if the "suggested retail sales price" is more than 5% higher than that in the "Black Book", the Secretary does not grant a credit. **Therefore, the Secretary is**

Case No. 17-BK-3283 (LTS)
Memorandum in Support...
Page 12

**Hearing Date:** March 7th, 2018, at 9:30 a.m.
**Objection Deadline:** February 28, 2018.

**applying the formula of the "Black Book" in an arbitrary, capricious and discriminatory manner.**

31.     In implementing the scheme established in the Memorandum of Excise Taxes, the Secretary began to reject the excise tax declarations filed by MMSC and to oblige MMSC to amend them, in order to conform them to the instructions given in the Memorandum of Excise Taxes. The foregoing, without substantiating in any way his determination to reject the "suggested retail sales price" declared by MMSC, that is, without establishing first that it is unreasonable.

32.     **If MMSC does not carry out the amendments in the declarations and amend the suggested retail price, the Secretary refuses to issue the necessary documents so that MMSC can lift the shipment and take possession of its brand new Mitsubishi motor vehicles.**

33.     MMSC took notice of the Memorandum of Excise Taxes, as well as of the instructions therein given by the Secretary, after the personnel from the Tax Division of the Consumption Tax Bureau of the PRTD began to reject the excise tax declarations and requested MMSC that they amend the same and the "suggested retail sales price" to impose additional excise taxes.

34.     The Memorandum of Excise Taxes and its surprise implementation, without prior publication, has caused and continues to cause damage to MMSC by undercutting its profit margin scheme, prices to its authorized distributors, as well as to the retail consumer.

35.     Likewise, the way and manner in which the Memorandum of Excise Taxes and the instructions therein issued by the Secretary have been implemented have also left MMSC

Case No. 17-BK-3283 (LTS)
Memorandum in Support...
Page 13

**Hearing Date:** March 7th, 2018, at 9:30 a.m.
**Objection Deadline:** February 28, 2018.

with practically no remedy to claim its rights, since MMSC has been denied the notification required by Section 3020.08 and Subtitle F of the IRC to consign the rejection of its declarations and the illegal determinations of the Secretary to modify the "suggested retail sales price" declared by MMSC. It is even more detrimental if it is taken into consideration the fact that the Secretary is rejecting outright and without any real basis the requests for refund of excise taxes paid in excess submitted by MMSC, as herein detailed.

36.     As outlined in the preceding paragraph, as regards to several imported vehicles that were the object of the additional imposition of illegal and capricious excise taxes by the Secretary, MMSC proceeded to request refund, since it understood that it had paid excise taxes in excess for said automobiles, in accordance with the provisions of Section 6022.01 of the IRC.

37.     Through seven (7) letters dated November 29, 2016, the Secretary denied the first series of requests for refund of excise taxes paid in excess by MMSC which are in controversy. The sums of money claimed by MMSC as refund for excise taxes paid in excess in this first series of applications amount to $24,855.03. *See,* the seven (7) letters dated November 29, 2016, which are included as **Exhibit B** of this motion.

38.     Likewise, by means of nine (9) letters dated December 12, 2016, the Secretary denied the second series of requests for refund of excise taxes paid in excess here in controversy. The sums of money claimed by MMSC as refund for excise taxes paid in excess in this second series of applications amount to $23,428.15. *See,* the nine (9) letters dated December 12, 2016, which are included as **Exhibit C** of this motion.

39.     MMSC has pending adjudication before the Secretary other requests for excise taxes paid in excess, so should the Secretary continue with the implementation of the illegal,

Case No. 17-BK-3283 (LTS)
Memorandum in Support...
Page 14

**Hearing Date**: March 7th, 2018, at 9:30 a.m.
**Objection Deadline**: February 28, 2018.

arbitrary and capricious base for the computation of excise taxes over new motor vehicles imported into Puerto Rico, this exposes MMSC, as well as the Secretary, to countless lawsuits for the recovery of the excise taxes illegally charged in each of the imports that MMSC carries out and whose base has been or will be illegally altered by the Secretary. This not only affects MMSC, but every other motor vehicle importer and/or distributor in Puerto Rico.

40. Thus, the state action filed by MMSC against the Secretary of the PRTD and the Commonwealth of Puerto Rico includes the following two (2) causes of action: (a) refund of excise taxes charged in excess; and, (b) declaratory judgment.

41. As to the first cause of action, MMSC sustained that the imposition of additional taxes on the brand new Mitsubishi motor vehicles that it imported into Puerto Rico is not warranted and it is illegal, arbitrary and capricious, since MMSC fully complied with the provisions of Sections 3010.01(a)(11) and 3020.08(c)(1) of the IRC when determining and declaring the "suggested retail sale price" of the new automobiles it imported into Puerto Rico.

42. MMSC argued that the Secretary did not comply with the corresponding provisions of Section 3020.08(c)(2) of the IRC, since he did not carry out a real analysis and/or investigation to determine that the "suggested retail sales price" declared by MMSC "... reasonably reflects the sales price to the consumer of similar models at the time of introduction of the vehicle..." and thus violated these provisions as it proceeded to "... substitute, as a rule of general application, the suggested retail price base for any other alternative tax base ...".

43. Therefore, MMSC sustained that it is appropriate, as a matter of Law, that the Court of First Instance, San Juan Section, vacate the denial for refund of excise taxes paid in excess by MMSC and determine and declare that the refund requests filed by MMSC before the

PRTD, as herein identified and detailed in Exhibit B and Exhibit C, are warranted, and order the

PRTD to reimburse MMSC the amount of $48,283.18, plus interest accrued and corresponding,

in accordance with the provisions of Section 6025.03 of the IRC.

44.    As to the second cause of action, MMSC filed same pursuant to the doctrine

adopted by the Honorable Supreme Court of Puerto Rico in the case of *Romero Barceló v. ELA*,

169 DPR 460 (2006), which authorizes a taxpayers action to challenge the application of a tax

law by a taxpayer that is affected by its implementation. This case stated that *"the declaratory*

*judgment is a remedial and prophylactic mechanism that allows anticipating the elucidation on*

*the merits of any claim before the courts, as long as there is a potential danger against the*

*movant"*.

45.    Thus, MMSC stated that, pursuant to the doctrine stated in *Romero Barceló*,

*supra*, a taxpayer has standing *"to challenge a tax law which determines his liability in such a*

*capacity"* and it is up to the courts which are entitled to exercise their jurisdiction in those cases

where it is intended to impose taxpayers a different tax from the one contemplated under the law

as well as interpret the contested statute and its scope. *Id.*, at pp. 474-475.

46.    Therefore, MMSC sustained that the "generally applicable rule" that the Secretary

has implemented is clearly contrary to the express mandate of Section 3020.08(c)(2) of the IRC,

which requires that the reasonableness of the "suggested retail sales price" declared by the

importer and/or distributor be determined in relation to the *"consumer sales price of similar*

*models at the time of the vehicle's introduction"*, and that the alternative criteria set forth in

Article 2011(c)(2)-1 of Regulation 7437, and which the Secretary illegally, arbitrarily and

capriciously forces its officials to generally apply, in accordance with the provisions of the

**Hearing Date:** March 7th, 2018, at 9:30 a.m.
**Objection Deadline:** February 28, 2018.

Memorandum of Excise Taxes, to determine the reasonableness of the "suggested retail sales price", is the same criteria that the Honorable Supreme Court of Puerto Rico specifically rejected in the case of *Yiyi Motors, supra,* (i.e., refused to impose, as a rule of general application, an alternate tax base to be determined with reference to a source of information recognized in the automotive industry).

47.     In addition, MMSC sustained that the Memorandum of Excise Taxes was not duly published pursuant to Article 3 of Law 68-2015, "Law No. 68 of May 18, 2015", which expressly forbids that any agency rest on the so called "guide documents" that have not been duly published pursuant to said law.  Pursuant to all of the above-mentioned, MMSC contended that the Memorandum of Excise Taxes in no way could be binding and cannot be applied to MMSC.

48.     Consequently, MMSC sustained that in the instant case a declaratory judgment is warranted to determine that the Secretary acted and continues to act in an *ultra vires* manner, usurping and/or attributing powers that he does not have regarding the implementation of the imposition of excise taxes, with respect to new motor vehicles imported by MMSC into Puerto Rico.

**V.     LEGAL GROUNDS FOR RELIEF FROM THE STAY**

49.     On June 30, 2016, PROMESA was enacted to establish "*[a] comprehensive approach to [Puerto Rico's] fiscal, management and structural problems and adjustments... involving independent oversight and a Federal statutory authority for the Government of Puerto Rico to restructure debts in a fair and orderly process.*" 48 U.S.C.S §2194(m)(4).

**Hearing Date:** March 7th, 2018, at 9:30 a.m.
**Objection Deadline:** February 28, 2018.

50.     Pursuant to the pertinent provisions of PROMESA, on May 3 of 2017, the FOMB

filed a petition under Title III of PROMESA.

51.     Title III, Section 304(c) of PROMESA, 48 U.S.C.S. §2164(c), states that *"[t]he*

*commencement of a case under this title constitutes an order for relief"*.

52.     As expressly stated in Title III, Section 301 of PROMESA (48 U.S.C.S. §2161),

Section 362 of the USBC, "Automatic Stay", among many other sections of the USBC, is applicable

to Title III PROMESA cases. Accordingly, on June 2, 2017, Hon. Laura Taylor Swain, United

States District Judge, entered an *"Order (A) Imposing and Rendering Applicable Local*

*Bankruptcy Rules to these Title III Cases [...]"* in the above captioned case, ordering that *"[t]he*

*Local Bankruptcy Rules are imposed for and made applicable to these Title III Cases"*.

53.     Section 362 of the USBC imposes an automatic stay on *"the commencement or*

*continuation ... of a judicial, administrative, or other action or proceeding against the debtor*

*that was or could have been commenced before the commencement of the case under this*

*title..."* 11 U.S.C.S. §362(a)(1).

54.     Section 362 (d)(1) of the USBC states that *"[o]n request of a party in interest and*

*after notice and a hearing, the court shall grant relief from the stay provided under subsection*

*(a) of this section, such as by terminating, annulling, modifying, or conditioning such stay"* ...

*"(1) for cause, including the lack of adequate protection of an interest in property of such party*

*in interest..."* 11 U.S.C.S. §362(d)(1).

55.     Prior to the filing of the PROMESA Title III case by the Commonwealth of

Puerto Rico through the FOMB, MMSC had filed the judicial civil action object of the foregoing

motion before the Puerto Rico Court of First Instance, San Juan Section, *Mitsubishi Motor Sales*

Case No. 17-BK-3283 (LTS)
Memorandum in Support...
Page 18

**Hearing Date:** March 7th, 2018, at 9:30 a.m.
**Objection Deadline:** February 28, 2018.

*of Caribbean, Inc. v. Hon. Raul Maldonado Gautier, in its capacity as Secretary of the Treasury Department, and the Commonwealth of Puerto Rico*, Civil No. KCO 2016-0026, seeking refund of excise taxes charged and paid in excess by MMSC and seeking the entering of a declaratory judgment regarding the illegality of the new computation formula implemented by the Secretary.

56.    The civil action was active as of the filing date of the Title III PROMESA petition by the Commonwealth of Puerto Rico.  However, following an "Urgent Notice of Stay of the Proceedings by Virtue of the Filing of the Petition by the Government of Puerto Rico under Title III of PROMESA", filed by the Puerto Rico Justice Department, and MMSC's acquiescence to the automatic stay, without prejudice, a Judgment was issued by the Court on July 13, 2017, which was registered and entered on July 14, 2017, where the Court of First Instance, San Juan Section, ordered the closure of the subject civil action, for administrative purposes, without it constituting an adjudication of the case on its merits.

57.    However, MMSC respectfully understands that the instant request seeking the lift of the automatic stay is warranted, as a matter of fact and law, on the grounds discussed herein below.

58.    At the outset, and as certified by MMSC and the undersigned in the introductory section of the foregoing motion, prior to the filing of this request for the lift the automatic stay, MMSC complied with the pertinent guidelines as set forth in the "Second Amended Notice, Case Management and Administrative Procedures", issued and entered on August 17, 2017, by Hon. Laura Taylor Swain, United States District Judge.  Therefore, MMSC respectfully understands that the instant request for the lift the automatic stay is mature and that this Honorable Bankruptcy Court is in position to entertain and issue a determination with respect to same.

**Hearing Date:** March 7th, 2018, at 9:30 a.m.
**Objection Deadline:** February 28, 2018.

59.     Section 362 of the USBC, as well as PROMESA, lack a definition of the term "cause", as it refers to the specific requirement for a Bankruptcy Court to grant a lift from the automatic stay. Although Section 362(d)(1) includes *"lack of adequate protection of an interest in property"* as a *"cause"* to modify the automatic stay, *"there are other bases for a cause finding"*. Alan N. Resnick and Henry J. Sommer, 3 Collier on Bankruptcy ¶ 362.07(3) (16th ed. 2013). The concept of *"cause"* has been developed primarily by case law. *In re Guzman*, 513 B.R. 202, 208, 2014 Bankr. LEXIS 3008, 13, 2014 WL 3400376, citing *Goya Foods, Inc. v. Unanue-Casal (In re Unanue-Casal)*, 159 B.R. 90, 96 (D.P.R. 1993), aff'd 23 F.3d 395 (1st Cir. 1994). Hence, the Bankruptcy Courts must refer to the judicial interpretations of the term *"cause"* within the context of Section 362 of the USBC, when entertaining and resolving a request for a lift of the automatic stay. *In re Kerns*, 111 Bankr. 777, at 786-790, 1990 U.S. Dist. LEXIS 2650; *See, also, In Re Sonnax Industries, Inc.*, 907 F.2d 1280, 1286 (2nd Cir. 1990); *In re Unanue-Casal, supra.*

60.     For instance, *"relief* [from the automatic stay] *also may be granted when necessary to permit litigation to be concluded in another forum"*. Collier on Bankruptcy, *supra*, at ¶ 362.07(3)(a). *In re Guzman, supra*. (When defining what constitutes "cause" for relief from the automatic stay, Bankruptcy Courts have held that allowing a matter to proceed in another forum exemplifies what may constitute cause to lift the automatic stay). *Stephens v. Menninger (In re Credit Life Corp.)*, 184 B.R. 839, 841 (M.D. Fla. 1995); *Murray Indus. v. Aristech Chem. Corp. (In re Murray Indus., Inc.)*, 121 B.R. 635, 636 (Bankr. M.D. Fla. 1990); *Maintainco, Inc. v. Mitsubishi Caterpillar Forklift America, Inc. (In re Mid-Atlantic Handling Sys., LLC)*, 304 B.R. 111, 130 (Bankr. D. N.J. 2003); *Izzarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.)*,

141 B.R. 574, 576 (Bankr. D. Del. 1992). ("*[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere.*") *In re Lamberjack*, 149 B.R. 467, 470 (Bankr. Ohio 1992), citing *In re Murray Indus, Inc., supra*.

61.    As previously mentioned by MMSC herein above, the definition of "cause" has evolved through case law. In *In re Fernstrom Storage and Van Co.*, 938 F.2d 731 (7th Cir.1991) the Seventh Circuit Court of Appeals adopted a three-part balancing test to determine whether cause exists to lift the automatic bankruptcy stay, instructing lower courts to consider whether: (a) any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit; (b) the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and, (c) the creditor has a probability of prevailing on the merits.

62.    This list was expanded by the First Circuit Court of Appeals in opinions rendered in cases that are on point to establish that the rule of law to determine "cause" under Section 362(d) hinges on the factual scenario and a case-by-case analysis. *In re Unanue-Casal, supra*, citing *In re Curtis*, 40 B.R. 795, 1984 Bankr. LEXIS 5521, 11 Bankr. Ct. Dec. 1256. In the case of *In Re Unanue-Casal, supra*, the Court of Appeals of the First Circuit listed various factors to be considered in determining whether cause exists to lift the automatic stay.    Among these factors are the following:

(1)    whether the relief will result in a partial or complete resolution of the issues;

(2)    the lack of any connection with or interference with the bankruptcy case;

**Hearing Date:** March 7th, 2018, at 9:30 a.m.
**Objection Deadline:** February 28, 2018.

(3)   whether the non-bankruptcy proceeding involves the debtor as a fiduciary;

(4)   whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases;

(5)   whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

(6)   whether the action primarily involves third parties;

(7)   whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee or other interested parties;

(8)   whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);

(9)   whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

(10)   the interest of judicial economy and the expeditious and economical determination of litigation for the parties;

(11)   whether the non-bankruptcy proceedings have progressed to the point where the parties are prepared for trial; and,

(12)   the impact of the stay on the parties and the "balance of hurt."

*In Re Uname-Casal, supra,* citing *In Re Curtis, supra* (hereinafter, the "*Uname* factors").

63.   The Bankruptcy Court for the District of Puerto Rico applied the *Uname* factors to determine if cause exists to lift or modify the automatic stay under 362(d) in *C & A, S.E. v. P.R. Solid Waste Mgmt.*, 369 B.R. 87 (D.P.R. 2007).   In said case, the Bankruptcy Court for the District of Puerto Rico held that in order to lift the automatic stay not all factors have to be established and proven by the moving party, since some may even not apply to the facts of a particular case.   Therefore, Bankruptcy Courts may rely only on a few factors to find that relief from the automatic stay is warranted for "cause", taking into consideration the particular facts of

**Hearing Date:** March 7th, 2018, at 9:30 a.m.
**Objection Deadline:** February 28, 2018.

the case. *C&A, S.E. v. P.R. Solid Waste Mgmt.*, *supra* ("The party moving for the automatic stay to be lifted need not prove a plurality of these factors. The Courts will generally rely in only a few factors ... to determine that sufficient cause exists to lift the stay.")(Citations omitted).

64.   In *C&A, S.E. v. P.R. Solid Waste Magmt.*, *supra*, the moving party sought to remove certain state claims from the Bankruptcy Court and have them heard before the Puerto Rico Court of First Instance. Similar to the civil action herein in controversy, the parties in *C&A, S.E. v. P.R. Solid Waste Magmt.*, *supra*, had pending state court actions before the filing of the bankruptcy petition, which were automatically stayed under 11 U.S.C. § 362 and the Bankruptcy Court for the District of Puerto Rico, citing *In re: Unamue-Casal*, applied the *Unamue* factors to determine if "cause" existed to lift or modify the automatic stay under 11 U.S.C. § 362(d).

65.   The remedies MMSC is seeking before the local court include the entering of a declaratory judgment regarding the illegality of the new computation formula implemented by the Secretary and the refund of certain excise taxes paid in excess by MMSC, as they pertain to a series of rejection notices issued by the PRTD and notified upon MMSC. When applying the *Unamue* factors to MMSC's civil action pending before the local court, it is MMSC's position that they weigh completely in favor of lifting completely the automatic stay with respect to the civil action pending before Puerto Rico Court of First Instance, San Juan Section, which is the object of MMSC's request for the lift of the automatic stay. In the alternative, it is MMSC's position that at a minimum, if should be partially as to the entering of a declaratory judgment by the local court.

**Hearing Date:** March 7th, 2018, at 9:30 a.m.
**Objection Deadline:** February 28, 2018.

66.    First, and as discussed herein above, the civil action initiated by MMSC against the PRTD was pending before the local court prior to the filing by the FOMB of the Title III Petitions before this Honorable Bankruptcy Court. MMSC's request for the issuance and entering of a declaratory judgment by the Puerto Rico Court of First Instance, San Juan Section, is the principal cause of action and remedy sought by MMSC, since the remedy regarding the refund of the subject excise taxes relies upon the determination of MMSC's request for declaratory judgment. With respect to the cause of action in which MMSC is requesting the refund of the excise taxes paid in excess, it is MMSC's position that the relief from the automatic stay may be granted with specific directions to the local court, to the effect that if granted, it be allowed to MMSC in the form of a credit granted to MMSC for the payment of future excise taxes to the PRTD.[2]

67.    Moreover, it is MMSC's respectful position that it has a great probability of prevailing on the merits on its request for a declaratory judgment, which only entails that the local court to interpret the law, specifically in a matter that MMSC's respectfully sustains that the Honorable Supreme Court of Puerto Rico has already pronounced itself in the case of *Yiyi Motors, supra*. In accordance with the determination of the Honorable Supreme Court of Puerto Rico in the case of *Yiyi Motors, supra*, the actions undertaken by the Secretary, that is, overcharging excise taxes with respect to the new Mitsubishi automobiles MMSC imports into Puerto Rico, are clearly illegal, arbitrary and capricious, situation that can be easily remedied by the issuing and entering of a declaratory judgment pursuant to the applicable law. It is MMSC's

---

[2] As previously informed by MMSC herein above in the foregoing motion, MMSC is continuously importing new Mitsubishi automobiles into Puerto Rico. Consequently, MMSC is continuously paying excise taxes to the PRTD with respect to the importation of said new Mitsubishi automobiles.

**Hearing Date:** March 7th, 2018, at 9:30 a.m.
**Objection Deadline:** February 28, 2018.

respectful position that the lifting of the automatic stay is warranted for cause as discussed in the foregoing motion. In the event the relief from the automatic stay is granted by this Honorable Bankruptcy Court, it will certainly result in a complete resolution of the issues between MMSC and the debtor (PRTD/Commonwealth of Puerto Rico). **(FACTOR # 1)**.

68.      Second, should the Secretary issue a denial as to the requests for refund of excise taxes paid in excess by MMSC, which are still pending since last year before the PRTD, the determination taken by the local court through the issuance and entering of a declaratory judgment will be binding upon future determinations from the Secretary regarding the payment of excise taxes by all importers of new automobiles into Puerto Rico. Consequently, the filing of additional judicial actions before the local court, either by MMSC or by any other importers of new motor vehicles, seeking the refund of excise taxes paid in excess will become completely unnecessary. **(FACTOR #10)**.  Therefore, MMSC respectfully understands that the interest of judicial economy merit the relief from the automatic stay so as to allow the local judicial forum to properly assess the illegality of the Secretary's actions and the illegality of the implementation of the Memorandum of Excise Taxes, as sustained by MMSC.  Otherwise, the local court would potentially be subjected to multiple and numerous judicial actions initiated by MMSC and other importers of new automobiles into Puerto Rico, seeking reimbursement of overcharged excise taxes. **(FACTOR # 10)**.

69.      Similarly, it is MMSC's respectful position that the most expeditious and economical process for the parties to resolve the claims and causes of action initiated by MMSC against the PRTD before the local court also merits relief from the automatic stay. **(FACTOR # 10)**.  The alternative option would entail the litigation of such matters before this Honorable

**Hearing Date:** March 7th, 2018, at 9:30 a.m.
**Objection Deadline:** February 28, 2018.

Bankruptcy Court through the potential filing of an adversary proceeding, which would be tantamount to involve this Honorable Bankruptcy Court in matters of a specialized nature that require the application of local public tax laws, concepts and regulations. MMSC respectfully understands that these circumstances should move this Honorable Bankruptcy Court to grant MMSC's request for the lift of the automatic stay and determine that civil action in controversy should continue before the local court and, thus, leaving the subject civil action filed by MMSC at the proper forum.

70. Third, MMSC respectfully sustains that the debtor will not be negatively affected by the granting of relief from the automatic stay to allow MMSC's litigation to proceed before the local court. **(FACTOR # 2)**. It is MMSC's respectful position that the time required for the debtor to defend itself from MMSC's claims and causes of action should not be an adverse burden the estate. The civil action initiated by MMSC against the PRTD is not a complex case, since it mostly entails the interpretation of the law and the applicable case law. In fact, the documents MMSC has to support the allegations set forth in the amended complaint have already been notified to the debtor, since all were included as exhibits of the complaint and amended complaint. Therefore, the Department of Justice/Commonwealth of Puerto Rico cannot claim that relief of the automatic stay sough may MMSC should not be granted because the subject civil action pending before the local court is at an early procedural stage, since the case merely entails an action seeking a pronouncement from the local court as to applicable law and case law, and the additional cause of action for refund of excise taxes paid in excess by MMSC depends on the determination of the local court with respect to MMSC's request for declaratory judgment.

**Hearing Date:** March 7th, 2018, at 9:30 a.m.
**Objection Deadline:** February 28, 2018.

Therefore, the discovery phase will certainly not be time consuming, if there is any discovery to

be done in the case at all.

71.    Fourth, the other creditors in the debtors' bankruptcy shall not be harmed by

granting MMSC's request for relief of the automatic stay, since the declaratory judgment sought

by MMSC does not seek the enforcement and/or any action in detriment of the creditors nor the

estate.  With respect to the refund of excise taxes paid in excess by MMSC, said claim and cause

of action may be granted in the form of a credit for the payment of future excise taxes to be paid

by MMSC to the PRTD, as this Honorable Court deems appropriate, thus in no way affecting the

debtor nor the estate. **(FACTOR # 7)**. *See, Groover v. R. J. Groover Constr., L.L.C. (In re R. J.

Groover Constr.),* 411 B.R. 460, 465, 2008 Bankr. LEXIS 4206, 11, citing *In re Loudon,* 284

B.R. 106, 108 (8th Cir. B.A.P. 2002); *In re G.S. Distrib., Inc.,* 331 B.R. 552, 567-68

(Bankr.S.D.N.Y. 2005)(finding that granting stay relief to movant in order to pursue litigation in

district court would not prejudice the debtor's other creditors because the movant would not be

able to enforce any money judgment it may receive without permission from the court.).

72.    Fifth, the balance of hardships favors granting relief from the automatic stay

requested by MMSC in this case.  Otherwise, it would result in a delay of the resolution of the

issues, particularly the entering of the declaratory judgment sought by MMSC, thus exposing

MMSC repeatedly to the subject illegal overcharging of future excise tax payments by the

Secretary of the PRTD.  Therefore, undoubtedly, denying relief would impose a substantial,

significant and unnecessary hardship upon MMSC.

73.    In light of the foregoing, MMSC hereby respectfully requests this Honorable

Bankruptcy Court to enter an order granting the lift the automatic stay requested by MMSC for

**Hearing Date:** March 7th, 2018, at 9:30 a.m.
**Objection Deadline:** February 28, 2018.

"cause" under 11 U.S.C. § 362(d)(1), so that MMSC can continue and conclude the claims and causes of action it initiated against the PRTD before the local court, that is, the issuance and entering of a declaratory judgment and the refund of excise taxes paid in excess by MMSC, the latter as this Honorable Bankruptcy Court deems appropriate.

## VI.   PRAYER

**WHEREFORE,** MMSC respectfully requests this Honorable Bankruptcy Court to enter an order lifting the automatic stay pursuant to 11 U.S.C. Sec. 362(d)(1), permitting MMSC to exercise all remedies under non-bankruptcy and non PROMESA law to enforce its rights and obligations related in any way to the causes of action subject of the local court action filed by MMSC against debtor, objet of this motion, including the continuation and culmination of the proceedings in the civil action styled *Mitsubishi Motor Sales of Caribbean, Inc. v. Hon. Raul Maldonado Gautier, as Secretary of the Puerto Rico Treasury Department, et al.,* Civil No. KCO 2016-0026 (903), before the Court of First Instance, San Juan Section, and grant MMSC such other relief as may be just and proper pursuant to Law.

### RESPECTFULLY SUBMITTED.

## VII.   CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on his same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to al CM/ECF participants in this case. We further certify that, on this same date, we served the foregoing upon all the Standard Parties as identified and defined at ¶ II of the PR USDC's CMP Order, as amended on October 24, 2017 (Docket No. 1512 of Case No. 17-03283) "Third Amended Notice, Case Management and Administrative Procedures.

Case No. 17-BK-3283 (LTS)
Memorandum in Support...
Page 28

**Hearing Date:** March 7th, 2018, at 9:30 a.m.
**Objection Deadline:** February 28, 2018.

In San Juan, Puerto Rico, this 13th day of February 2018.

**BELK & GROVAS LAW OFFICES**
PO Box 194927
San Juan, PR 00919-4927
Tel. (787) 754-2424/Fax (787) 754-2454
E-mail: belkgrovas@gmail.com

BY:    *S/James Belk-Arce*
       **JAMES BELK-ARCE**
       USDC-PR No. 130506

BY:    *S/Carlos J. Grovas-Porrata*
       **CARLOS J. GROVAS-PORRATA**
       USDC-PR No. 209714