## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Puerto Rico Electric Power Authority ("PREPA"), the Commonwealth of

Puerto Rico (the "Commonwealth"), the Financial Oversight and Management Board for Puerto

Rico (the "Oversight Board"), and the Puerto Rico Fiscal Agency and Financial Advisory

Authority ("AAFAF") (collectively, "Respondents") possess confidential, proprietary, and

commercially sensitive information that Respondents will disclose to The Ad Hoc Group of

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

PREPA Bondholders, National Public Finance Guarantee Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Syncora Guarantee Inc., Ambac Assurance Corporation, Knighthead Capital Management, LLC, and U.S. Bank National Association, solely in its capacity as successor trustee under the Trust Agreement between U.S. Bank and PREPA, dated as of January 1, 1974, (collectively "Movants" and with Respondents and all signatories to this order, "Parties" and each a "Party"), in connection with (i) the Stipulation and Order Authorizing Rule 2004 Examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004"), entered on January 17, 2018 (Case No. 17 BK 4780-LTS, ECF No. 538), (ii) discovery related to the Urgent Joint Motion of the Financial Oversight and Management Board for Puerto Rico and The Puerto Rico Fiscal Agency And Financial Advisory Authority for Entry Of Interim and Final Orders (a) Authorizing Postpetition Secured Financing, (b) Granting Priming Liens and Providing Superpriority Administrative Expense Claims, (c) Modifying the Automatic Stay, (d) Scheduling a Final Hearing, and (e) Granting Related Relief, filed on January 27, 2018 (Case No. 17 BK 3283-LTS, ECF No. 2298; Case No. 17 BK 4780-LTS, ECF No. 549) ("DIP Discovery") or any contested matter that may arise in this Title III proceeding, and (iii) that some or all of Respondents may need to disclose to some or all of Movants in connection with future orders authorizing examination pursuant to Rule 2004;

WHEREAS, the Parties have, through counsel, stipulated to the entry of this Protective Order ("Order") pursuant to Rule 26 of the Federal Rules of Civil Procedure, made applicable to this Title III proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure, to facilitate discovery in the Title III proceeding while protecting such confidential information from improper disclosure and use; and

WHEREAS, the Parties have established good cause for entry of this Order,

IT IS HEREBY ORDERED as follows:

## DEFINITIONS

1.      "Material" shall mean and refer to all documents and electronically stored information, within the meaning of Fed. R. Civ. P. 34, made applicable to this Title III proceeding by Rule 7034 of the Federal Rules of Bankruptcy Procedure, as well as any deposition testimony, deposition exhibits, interrogatory responses, responses to requests for admission, responses to production requests, responses to deposition on written questions and other written, recorded, electronic, or graphic materials produced or made available by any Respondent or non-party, as well as any information contained in any of above items.

2.      "Confidential" or "Confidential Material" shall mean and refer to any Material produced by any Respondent or non-party (each referred to herein as a "Producing Party") that the Producing Party considers in good faith to contain commercial, financial, trade secret, research and development, or personal information of a proprietary nature that is not known to, or has not generally been made available to, the public or other information the disclosure of which, in the good faith judgment of the Producing Party, would be detrimental to the conduct of the Producing Party's business or official functions.

3.      "Qualified Persons" shall mean and refer to:

(a)     Employees of the Parties and their affiliates, House Counsel, Outside Counsel of Record for each Party and their paralegals and other professional personnel including support and IT staff to whom disclosure of information is necessary for the litigation of this Title III proceeding;

(b)     testifying or consulting experts retained by any Party and their associates or other professional personnel including support and IT staff, and consultants to the Parties and their affiliates to whom disclosure of information is necessary for the litigation of this Title III proceeding;

(c)     any mediator retained by the parties or appointed by the Court in this Title III proceeding and employees of such mediator who are assisting in the conduct of the mediation;

(d)     deposition witnesses;

(e)     the Court and all persons assisting the Court in this Title III proceeding, including law clerks, court reporters, translators, and clerical personnel;

(f)     translators and outside litigation support vendors (including commercial copying and imaging services, vendors assisting with electronic discovery matters, and trial consultants) retained by a Party in connection with this Title III proceeding;

(g)     persons who are authors, addressees, and recipients of documents containing Confidential Material to the extent they have previously had lawful access to such documents; and

(h)     professional court reporters and their staff engaged to transcribe testimony in this Title III proceeding.

4.     "House Counsel" shall mean and refer to attorneys who are employees of a Party or an affiliate of a Party.

5.     "Outside Counsel of Record" shall mean and refer to attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this matter on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, or contract or temporary attorneys who have been retained, through an agency or directly, by a law firm which has appeared on behalf of a Party.

## SCOPE AND INTERPRETATION OF THIS ORDER

6.     This Stipulated Protective Order shall be applicable to, and shall govern, all Material produced and disclosed pursuant to a Rule 2004 examination and DIP Discovery or any discovery that may arise in connection with any contested matter in this Title III proceeding, and shall remain in effect until further order of the Court. The protections conferred by this Stipulated Protective order cover not only Confidential Material, but also (1) any information

copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential Material. The Parties agree that issues relating to the use of Confidential Material will be revisited in advance of any evidentiary hearing or trial in this Title III proceeding.

7.      All Material, including, but not limited to, Confidential Material produced in this Title III proceeding, shall be used only in connection with this proceeding, and not for any other business, competitive, personal, private, public, or other purpose whatsoever. This Stipulated Protective Order shall be binding on the Parties to this Title III proceeding and their successors, parents, subsidiaries, divisions, affiliates, employees, officials, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

## DESIGNATION OF CONFIDENTIAL MATERIAL

8.      Any Respondent or non-party may designate any Material as Confidential Material by affixing the legend "CONFIDENTIAL" to each item satisfying the definitions set forth above. For the avoidance of doubt, Material that Respondents have uploaded to the Intralinks Data Room is subject to Nondisclosure Agreements and, in the case of Material provided in connection with mediation, Rule 408 of the Federal Rules of Evidence 408 and the mediation agreements.   Respondents may designate any Material in the data room as Confidential Material subject to this Order by written notice to the Movants without the need to affix any additional marking or designation.

9.      If a Respondent or non-party elects to make Confidential Material available for inspection, the producing party need not mark the Material in advance of any such inspection, but instead, if items are selected for copying, may affix the labels to the selected

items at that time. All Confidential Material inspected, but not copied, is to be treated as Confidential.

10.     Where a Respondent or non-party produces electronic files in native electronic format, such electronic files and documents may be designated for protection under this Stipulated Protective Order by appending to the file names or designators information indicating whether the files contain Confidential Material, or by any other reasonable method for appropriately designating such information produced in electronic format, including by making such designations in reasonably accessible metadata associated with the files. Where Confidential Material is produced in electronic format on a disk or other medium that contains exclusively Confidential Material, the "CONFIDENTIAL" designation may be placed on the disk or other medium. When electronic files or documents in native form are printed for use at deposition, in a court proceeding, or for provision to any Qualified Person in accordance with the terms of this Stipulated Protective Order, the Party printing the electronic files or documents shall affix a legend to the printed documents saying "CONFIDENTIAL" and include the production number and designation associated with the native file.

11.     Whenever discovery is sought from a non-party, a copy of this Stipulated Protective Order shall accompany the discovery request or subpoena. Any non-party producing Materials pursuant to a subpoena or otherwise ("Third-Party Material") may also designate items as being Confidential at the time of production, and such designation will have the full effect given to such labels by this Stipulated Protective Order. If any Party chooses to challenge a non-party's designation of Third-Party Material as "Confidential" under the procedures set forth in paragraph 15, the producing non-party, or the other Party, may oppose that challenge.  However,

nothing herein shall be deemed to permit non-parties to review or obtain any documents or things designated as Confidential by any Party other than in accordance with paragraphs 16-17.

12.     In the case of deposition testimony and related exhibits, any Party may designate portions of the transcript (including exhibits) Confidential by making a statement to that effect on the record during the course of the deposition, or by written notice to the other Party within thirty (30) days after receipt of the transcript; provided that the entire deposition transcript shall be treated as Confidential prior to each Party's designation or the expiration of the 30-day period, whichever comes first. If the designation is made during the course of the deposition, or if a witness believes an answer will require him to divulge Confidential Material, or if the attorney taking the deposition believes that the question will divulge Confidential Material, all persons not permitted access to such Confidential Material under the terms of this Stipulated Protective Order shall be excluded from the deposition room and the designating party shall instruct the court reporter to place the legend "CONFIDENTIAL" on the pages containing that information and to place on the cover of the transcript the legend "CONTAINS CONFIDENTIAL MATERIALS."  Where the designation is made after receipt of the transcript, each Party shall be responsible for marking the designated transcripts with the appropriate legend, as instructed by the designating Party.

13.     The failure to designate Material as Confidential shall not be deemed a waiver in whole or in part of the claim of confidentiality. Upon prompt notice from the producing Party of such failure to designate, the receiving Party shall cooperate to restore the confidentiality of the Confidential Material. No Party shall be held in breach of this Stipulated Protective Order if, prior to notification of such later designation, such Confidential Material had been disclosed or used in a manner inconsistent with such later designation. The producing Party

shall provide substitute copies bearing the corrected designation. The receiving Party shall return or certify the destruction of the previously undesignated Material.

14.     The Parties agree that inadvertent production of information that is subject to the attorney-client privilege, deliberative process privilege, or work-product immunity does not waive any privilege or immunity if a request for return of such documents or information is made promptly after the producing Party learns of its inadvertent production.  A Party receiving a request for the return of inadvertently produced documents shall promptly return the inadvertently produced documents to the producing Party and destroy all remaining copies of the inadvertently produced documents, including electronic, paper, and other copies.

15.     This Stipulated Protective Order shall not foreclose any Party from seeking a ruling from the Court that a Party (or non-party) has improperly designated Material (or Third-Party Material) as Confidential Material. If a Party believes documents have been inappropriately labeled as Confidential, it shall identify with particularity the document(s) or information that it contends should be designated differently and state the grounds for each objection with particularity. Thereafter, the Parties (or Party and non-party) shall meet and confer in an attempt to resolve the dispute without Court intervention within five days of receipt of the written list of challenged documents.  If the dispute cannot be resolved, the objecting Party may file with the Court a "Motion to Remove Confidential Designation."  The Party (or non-party) asserting confidentiality shall have the burden of establishing that the information should be protected from disclosure.  Except as otherwise permitted under this Order, no Party shall disclose any Material labeled Confidential unless and until there is an order from the Court ordering the designation to be removed.

### TREATMENT OF CONFIDENTIAL MATERIAL

16.     The substance or content of Confidential Material, as well as copies, notes and memoranda relating thereto, shall not be disclosed or made available to anyone other than Qualified Persons identified in paragraph 3(a) – (h), and no person shall disclose such information to those Qualified Persons identified in paragraph 3(b), (d), (f), or (h) herein without furnishing to such person a copy of this Stipulated Protective Order and obtaining from that person an executed Confidentiality Agreement the form of which is set forth in Attachment A. Notwithstanding the foregoing, prior to the entry of this Stipulated Protective Order by the Court, Confidential Material may be shown to a Qualified Person identified in paragraph 3(b), (d), (f), or (h) if such person is shown a draft of this Stipulated Protective Order and agrees to be bound by its terms. Such person must promptly execute a Confidentiality Agreement once this Stipulated Protective Order is entered by the Court.

17.     If any Qualified Person permitted access to Confidential Material receives a subpoena or documentary demand that encompasses any Confidential Material produced pursuant to this Stipulated Protective Order, that Qualified Person shall object thereto and provide prompt written notice to the Party or non-party who originally produced the Confidential Material.  If any Material designated as Confidential is disclosed, through inadvertence or otherwise, to anyone not authorized under the terms of this Stipulated Protective Order, then the person inadvertently disclosing the Confidential Material shall use his or her best efforts to bind the recipient to the terms of this Stipulated Protective Order.  Such person shall be informed promptly of all the provisions of this Stipulated Protective Order, identified to the non-disclosing Party, and requested to execute a Confidentiality Agreement the form of which is set forth as Attachment A.

18.     Any Confidential Material filed with or otherwise submitted to the Court shall be filed or submitted under seal consistent with the local rules for the United States Bankruptcy Court for the District of Puerto Rico, and any case management procedures governing this Title III proceeding. Any motion to file material under seal must include information sufficient to demonstrate that the sealed filing is warranted despite the First Amendment and common law rights of access to judicial documents. If any Confidential Material is used in any court proceeding, it shall not lose its designation through such use, and the Parties shall take all steps required to protect the confidentiality of the Confidential Material during such use, including but not limited to designating the portions of the hearing transcript concerning such Material as Confidential.

19.     The restrictions imposed by this Stipulated Protective Order may be modified or terminated only by written stipulation of the Parties or by order of the Court.  This Stipulated Protective Order shall not prevent any Party or non-party from seeking additional protective orders, or from seeking relief, including injunctive and/or other equitable remedies, or from asserting evidentiary objections, in a court of competent jurisdiction to prevent the disclosure or use of Confidential Material.  This Court shall retain full and exclusive jurisdiction during the pendency of this case and thereafter to enforce this Stipulated Protective Order and to grant relief for any violation thereof.   All Parties to this agreement and all signatories of Attachment A hereto explicitly consent to the jurisdiction of this Court for such purposes.

20.     Nothing herein shall be construed as (a) preventing any Party from continuing to use any Material in the public domain or that subsequently becomes a part of the public domain other than as a result of any act of such Party or of disclosure in violation of this Stipulated Protective Order; (b) limiting a Party's use or disclosure of its own information

designated as Confidential; (c) preventing the disclosure of Confidential Material with the consent of the designating Party or non-party; or (d) preventing a Party from continuing to use any information or Material that it had the right to use and which was obtained independently of disclosure in this Title III proceeding.

21.     Nothing herein shall be deemed to be a limitation upon, or a waiver of, the rights of the Parties or any objections the Parties may have, under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Federal Rules of Evidence.

### RETURN OF CONFIDENTIAL MATERIALS

22.     At the conclusion of this Title III Proceeding, by way of final judgment, settlement or otherwise, including all appeals, all Confidential Material, along with all copies, summaries and compilations thereof (except documents filed with the Court, depositions transcripts, and work product) shall be (a) returned to counsel for the designating Party or non-party; or (b) destroyed (and certified by affidavit as having been destroyed) by counsel for the Party in possession thereof. If any person is unable to destroy or return the Confidential Material upon reasonable effort, or is prevented from destroying or returning such Material due to operation of law, this requirement shall be excused; however, all other duties with respect to the confidentiality of this Material shall remain in effect. At the conclusion of this Title III proceeding, the provisions of this Stipulated Protective Order shall continue to be binding upon all persons subject to this Stipulated Protective Order.

**IT IS HEREBY STIPULATED:**

**TORO COLÓN MULLET, P.S.C.**

By: */s/ Manuel Fernández-Bared*
Manuel Fernández-Bared
USDC-PR No. 204,204
E-mail: mfb@tcm.law

By: */s/ Linette Figueroa-Torres*
Linette Figueroa-Torres
USDC-PR No. 227,104
E-mail: lft@tcm.law

By: */s/ Nayda Perez-Roman*
Nayda Perez-Roman
USDC–PR No. 300,208
 Email: nperez@tcm.law

P.O. Box 195383
San Juan, PR 00919-5383
Tel.: (787) 751-8999
Fax: (787) 763-7760

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

By: */s/ Gregory A. Horowitz*
Amy Caton*
Thomas Moers Mayer*
Gregory A. Horowitz*
Alice J. Byowitz*
Douglas Buckley*
1177 Avenue Of The Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000
Email:  acaton@kramerlevin.com
        tmayer@kramerlevin.com
        ghorowitz@kramerlevin.com
        abyowitz@kramerlevin.com
        dbuckley@kramerlevin.com

* admitted *pro hac vice*

*Counsel to the Ad Hoc Group of PREPA Bondholders*

**ADSUDAR MUÑOZ GOYCO SEDA & PEREZ-OCHOA, PSC, P.S.C.**

By: */s/ Eric Pérez-Ochoa*
Eric Pérez-Ochoa
USDC-PR No. 206,314
Email:  epo@amgprlaw.com
Luis A. Oliver-Fraticelli
USDC-PR NO. 209,204
Email:  loliver@amgprlaw.com
208 Ponce de Leon Ave., Suite 1600
San Juan, PR 00936
Tel.: (787) 756-9000 | Fax: (787) 756-9010

**WEIL, GOTSHAL & MANGES LLP**

By: */s/ Edward R. McCarthy*
Marcia Goldstein*
Jonathan Polkes*
Jared Friedmann*
Gregory Silbert*
767 Fifth Avenue
New York, New York 10153
Tel.: (212) 310-8000 | Fax: (212) 310-8007

Stephen A. Youngman**
200 Crescent Court, Suite 300
Dallas, Texas 75201-6950
Tel.: (214) 746-7700 | Fax: (214) 746-7777

Edward R. McCarthy*
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
Tel. (305) 577-3240

Email:  marcia.goldstein@weil.com
          jonathan.polkes@weil.com
          jared.friedmann@weil.com
          gregory.silbert@weil.com
          stephen.youngman@weil.com
          edward.mccarthy@weil.com

  *admitted *pro hac vice* in No. 17-03283-LTS
**pro hac vice* application pending

*Counsel for National Public Finance Guarantee Corporation*

**CASELLAS ALCOVER & BURGOS P.S.C.**

By: */s/ Heriberto Burgos Pérez*
Heriberto Burgos Pérez
USDC-PR 204809
Ricardo F. Casellas-Sánchez
USDC-PR 203114
Diana Pérez-Seda
USDC-PR 232014
P.O. Box 364924
San Juan, PR 00936-4924
Telephone:  (787) 756-1400
Facsimile:  (787) 756-1401
Email:  hburgos@cabprlaw.com
        rcasellas@cabprlaw.com
        dperez@cabprlaw.com

**CADWALADER, WICKERSHAM & TAFT LLP**

By:*/s/ Howard R. Hawkins, Jr.*
Howard R. Hawkins, Jr.*
Mark C. Ellenberg*
Ellen Halstead*
Thomas J. Curtin*
Casey J. Servais*
200 Liberty Street
New York, NY 10281
Telephone:  (212) 504-6000
Facsimile:  (212) 406-6666
Email:  howard.hawkins@cwt.com
        mark.ellenberg@cwt.com
        ellen.halstead@cwt.com
        thomas.curtin@cwt.com
        casey.servais@cwt.com

*admitted *pro hac vice*

*Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

**GOLDMAN ANTONETTI & CORDOVA, LLC**

By:*/s/ Carlos A. Rodríguez-Vidal*
Carlos A. Rodríguez-Vidal
USDC-PR No. 201213
Email: crodriguez-vidal@gaclaw.com

By:*/s/ Solymar Castillo-Morales*
Solymar Castillo-Morales
USDC-PR NO. 218310
Email: scastillo@gaclaw.com

P.O. Box 70364
San Juan, PR 00936-8364
Tel.: (787) 759-4117
Fax: (787) 767-9177

**DEBEVOISE & PLIMPTON LLP**

By:*/s/ Mi Chi To*
My Chi To*
Craig A. Bruens*
Elie J. Worenklein*
919 Third Avenue
New York, New York 10022
Tel.: (212) 909-6000
Fax: (212) 909-6836
Email:  mcto@debevoise.com
        cabruens@debevoise.com
        eworenklein@debevoise.com

*admitted pro hac vice in No. 17-03283-LTS

*Counsel for Syncora Guarantee Inc.*

**RIVERA, TULLA AND FERRER, LLC**

By:/s/ Eric A. Tulla
Eric A. Tulla
USDC-DPR No. 118313
Email: etulla@riveratulla.com

Iris J. Cabrera-Gómez
USDC-DPR No. 221101
Email: icabrera@riveratulla.com

Rivera, Tulla & Ferrer Building
50 Quisqueya Street
San Juan, PR 00917-1212
Tel: (787) 753-0438
Fax: (787) 767-5784
(787) 766-0409

**MASLON LLP**

By:/s/ Clark T. Whitmore
Clark T. Whitmore*
Jason M. Reed*
90 South Seventh Street, Suite 3300
Minneapolis, MN 55402
Tel.: (612) 672-8200
Fax: (612) 672-8397
Email:  clark.whitmore@maslon.com
        jason.reed@maslon.com

*Counsel for U.S. Bank National Association, in its capacity as PREPA Bond Trustee*

JIMÉNEZ, GRAFFAM & LAUSELL

By: /s/ Ramón Rivera Morales
J. Ramón Rivera Morales
USDC-PR Bar No. 200701
Andrés F. Picó Ramírez
USDC-PR Bar No. 302114
JIMÉNEZ, GRAFFAM & LAUSELL
P.O. Box 366104
San Juan, PR 00936
Telephone: (787) 767-1030
Facsimile: (787) 751-4068
Email: rrivera@jgl.com

ROBBINS, RUSSELL, ENGLERT, ORSECK,
UNTEREINER & SAUBER LLP

By: /s/ Kathryn S. Zecca
Kathryn S. Zecca (admitted *pro hac vice*)
Lawrence S. Robbins (admitted *pro hac vice*)
Gary A. Orseck (admitted *pro hac vice*)
Mark T. Stancil (admitted *pro hac vice*)
Ariel N. Lavinbuk (admitted *pro hac vice*)
Donald Burke (admitted *pro hac vice*)
ROBBINS, RUSSELL, ENGLERT, ORSECK,
UNTEREINER & SAUBER LLP
1801 K Street, N.W., Suite 411-L
Washington, DC 20006
Telephone: (202) 775-4500
Facsimile: (202) 775-4510
Email: mstancil@robbinsrussell.com

-and-

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP

By: /s/ Andrew N. Rosenberg
Andrew N. Rosenberg (admitted *pro hac vice*)
Richard A. Rosen (admitted *pro hac vice*)
Walter Rieman (admitted *pro hac vice*)
Kyle J. Kimpler (admitted *pro hac vice*)
Karen R. Zeituni (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: arosenberg@paulweiss.com

*Counsel to the Ad Hoc Group of General Obligation Bondholders*

**FERRAIUOLI LLC**

By: /s/ *Roberto Cámara-Fuertes*
 Roberto Cámara-Fuertes (USDC-PR No. 219002)
 Sonia Colón (USDC-PR No. 213809)
 221 Ponce de León Avenue, 5th Floor
 San Juan, PR 00917
 Telephone: (787) 766-7000
 Facsimile:  (787) 766-7001
 Email:  rcamara@ferraiuoli.com
        scolon@ferraiuoli.com

**MILBANK, TWEED, HADLEY & McCLOY LLP**

By: /s/ *Grant R. Mainland*
 Dennis F. Dunne
 Andrew M. Leblanc
 Atara Miller
 Grant R. Mainland
 (admitted *pro hac vice*)
 28 Liberty Street
 New York, NY 10005
 Telephone: (212) 530-5000
 Facsimile:  (212) 530-5219
 Email: ddunne@milbank.com
        aleblanc@milbank.com
        amiller@milbank.com
        gmainland@milbank.com

*Counsel for Ambac Assurance Corporation*

**TORO COLÓN MULLET, P.S.C.**

By: */s/ Manuel Fernández-Bared*
Manuel Fernández-Bared
USDC-PR No. 204,204
E-mail: mfb@tcm.law

By: */s/ Linette Figueroa-Torres*
Linette Figueroa-Torres
USDC-PR No. 227,104
E-mail: lft@tcm.law

By: */s/ Nayda Perez-Roman*
Nayda Perez-Roman
USDC–PR No. 300,208
Email: nperez@tcm.law

P.O. Box 195383
San Juan, PR 00919-5383
Tel.: (787) 751-8999
Fax: (787) 763-7760


**ROPES & GRAY LLP**

*/s/ Keith H. Wofford*
Keith H. Wofford (admitted pro hac vice)
Daniel G. Egan (admitted pro hac vice)
Adam M. Harris (admission pro hac vice pending)
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Email: Keith.Wofford@ropesgray.com
       Daniel.Egan@ ropesgray.com
       Adam.Harris@ropesgray.com

Douglas H. Hallward-Driemeier (admitted pro hac vice)
2099 Pennsylvania Avenue, NW
Washington, DC 20006-6807
Telephone: (202) 508-4600
Facsimile: (202) 508-4650
Email: Douglas.Hallward-Driemeier@ropesgray.com

*Counsel for Knighthead Capital Management, LLC*

- 19 -

**McConnell Valdés LLC**

/s/ Antonio A. Arias
Antonio A. Arias
USDC-PR No. 204906
270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico  00918
P.O. Box 364225
San Juan, Puerto Rico 00936-4225
Telephone:  (787) 250-5604
Facsimile:  (787) 759-9225
Email: aaa@mcvpr.com

– and –

**Wachtell, Lipton, Rosen & Katz**

/s/ Angela K. Herring
Emil A. Kleinhaus (admitted *pro hac vice*)
Angela K. Herring (admitted *pro hac vice*)
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Fax: (212) 403-2000
Email: eakleinhaus@wlrk.com
          akherring@wlrk.com


*Attorneys for Scotiabank de Puerto Rico, as Administrative Agent*

**CANCIO, NADAL, RIVERA & DIAZ, PSC**

By:*/s/ Arturo Diaz-Angueira*
Arturo Diaz-Angueira (USDC No. 117907)
Katiuska Bolaños Lugo (USDC No. 231812)
403 Muñoz Rivera Ave.
San Juan, PR 00918-3345
Tel: (787) 767-9625
Fax: (787) 622-2230
Email:  kbolanos@cnrd.com
        adiaz@cnrd.com

**GREENBERG TRAURIG, LLP**

By:*/s/ Kevin D. Finger*
Nancy A. Mitchell (admitted *pro hac vice*)
Nathan A. Haynes (admitted *pro hac vice*)
MetLife Building
200 Park Avenue
New York, NY 10166
Tel: (212) 801-9200
Fax: (212) 801-6400
Email:  mitchelln@gtlaw.com
        haynesn@gtlaw.com

Kevin D. Finger (admitted *pro hac vice*)
David D. Cleary (admitted *pro hac vice*)
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Phone: (312) 456-8400
Fax: (312) 456-8435
Email: clearyd@gtlaw.com
        fingerk@gtlaw.com

*Attorneys for PREPA*

**O'NEILL & BORGES LLC**

By:/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
250 Mufioz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944
Email: hermann.bauer@oneillborges.com

--and--

**PROSKAUER ROSE LLP**

By:/s/ Timothy W. Mungovan
Martin J. Bienenstock *(pro hac vice)*
Stephen L. Ratner *(pro hac vice)*
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900
Email: mbienenstock@proskauer.com
        sratner@proskauer.com

Timothy W. Mungovan *(pro hac vice)*
One International Place
Boston, MA 02110
Tel: (617) 526-9600
Fax: (617) 526-9899
Email: tmungovan@proskauer.com

*Attorneys for the Financial Oversight and Management Board for Puerto Rico*

**O'MELVENY & MYERS LLP**

By:*/s/ Elizabeth L. McKeen*

Elizabeth L. McKeen
(Admitted *Pro Hac Vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: +1-949-823-6900
Fax: +1-949-823-6994

-and-

John J. Rapisardi
Suzzanne Uhland
Peter Friedman
(Admitted *Pro Hac Vice*)
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

**THE LAW OFFICES OF ANDRES W. LOPEZ, P.S.C.**

By:*/s/ Andres W. Lopez*
Andres W. Lopez
USDC No. 215311
902 Fernandez Juncos Ave.
San Juan, PR 00907
Tel: (787) 294-9508
Fax: (787) 294-9519

*Co-Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

**CASILLAS, SANTIAGO & TORRES LLC**

By: */s/ Juan J. Casillas Ayala*
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*

-and-

**PAUL HASTINGS LLP**

By: */s/ Luc. A. Despins*
Luc. A. Despins, Esq. (Pro Hac Vice)
James R. Bliss, Esq. (Pro Hac Vice)
James B. Worthington, Esq. (Pro Hac Vice)
G. Alexander Bongartz, Esq. (Pro Hac Vice)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

SO ORDERED.

Dated: _____, 2018

_____
LAURA TAYLOR SWAIN
United States District Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>     Debtors.[2] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>     Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS<br><br>**Order Relates Only to PREPA and**<br>**Shall Only be Filed in Case No. 17**<br>**BK 4780-LTS** |

**CONFIDENTIALITY AGREEMENT**

I, _____, state that:

1.     My address is _____.

2.     My present employer is _____.

3.     My present occupation or job description is _____

---

[2]       The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

_____

_____.

      4.      I have received a copy of the Stipulated Protective Order entered in the above-entitled action on _____.

      5.      I have carefully read and understand the provisions of the Stipulated Protective Order.

      6.      I will comply with all of the provisions of the Stipulated Protective Order.

      7.      I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action, any Confidential Material that is disclosed to me.

      8.      I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Material.

      9.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order.

Dated: _____                _____

- 2 -