GENERAL COURT OF JUSTICE
COURT OF FIRST INSTANCE
SAN JUAN SUPERIOR PART

| | |
|---|---|
| GLADYS GARCÍA RUBIERA, ET AL<br><br>Plaintiffs<br><br>V.<br><br>JOINT UNDERWRITING ASSOCIATION FOR THE COMPULSORY MOTOR VEHICLE LIABILITY INSURANCE, ET AL.<br><br>Defendants | CIVIL NO. KDP01-1441<br>ROOM: 801<br><br>RE: DAMAGES |

**PARTIAL JUDGMENT**

Having considered the Joint Motion Requesting Partial Judgment filed by plaintiffs and co-defendant the Commonwealth of Puerto Rico (Commonwealth), it is hereby **GRANTED** and **Partial Judgment** of voluntary dismissal with prejudice is rendered as for said co-defendant. All agreements asserted by these parties in the Joint Motion on Partial Agreement and Stipulation filed on March 30, 2016 are hereby adopted by reference.

Since there is no reason for which this Court may not render judgment as for said party until final resolution of the litigation, the Court hereby renders **PARTIAL JUDGMENT**.

TO BE REGISTERED AND NOTIFIED.

In San Juan, Puerto Rico, on this 8th day of July, 2016.

[Signed]
**OLGA GARCIA VINCENTY**
**SUPERIOR COURT JUDGE**

[handwritten]
CERTIFIED: GRISELDA RODRIGUEZ COLLADO
Regional Clerk
[wet stamp] EDMY V. NIEVES FIGUEROA [handwritten initials] E.V.N.F.

[handwritten] Assistant Clerk

**CERTIFICATION OF TRANSLATION**

I, Gladys Rodríguez Fornaris, MA in Translation from the University of Puerto Rico (1995),
DO CERTIFY that I have translated into English the foregoing Partial Judgment and
Joint Motion on Partial Agreement and Stipulation, as submitted in Spanish by the interested
party; and that said translation is true and correct to the best of my knowledge and abilities.

_____
GLADYS RODRÍGUEZ FORNARIS, Paralegal, MA - Translation
February 15, 2018.

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SAN JUAN PART

| | |
|---|---|
| GLADYS GARCÍA RUBIERA, ET AL | CIVIL NO. KDP01-1441<br>ROOM: 801 |
| Plaintiffs | |
| V. | RE:<br>CLASS ACTION SUIT ACT NO 118<br>OF JUNE 25, 1971; DAMAGES;<br>RECOVERY OF INTERESTS;<br>REFUND OF PREMIUMS |
| JOINT UNDERWRITING ASSOCIATION<br>FOR THE COMPULSORY MOTOR VEHICLE<br>LIABILITY INSURANCE, ET AL. | |
| Defendants | |

**JOINT MOTION ON PARTIAL AGREEMENT AND STIPULATION**

**TO THE HONORABLE COURT:**

COME NOW plaintiffs and co-defendant the Commonwealth of Puerto Rico (Commonwealth), through the undersigned counsel and respectfully state and request:

1. This case was filed on July 31, 2001, where the Joint Underwriting Association for the Compulsory Motor Vehicle Liability Insurance (JUA) and several other insurance companies appeared as defendants.

2. The Commonwealth of Puerto Rico (Commonwealth) was joined by means of Amended Third-Party Complaint filed in September 2005. As alleged by the plaintiffs, the Commonwealth was brought as a result of the enactment of Act No. 230 of 2002 and Act No. 414 of 2004, which provide that all unclaimed funds in possession of the JUA shall be transferred to the Department of the Treasury, subject to be claimed. The unclaimed funds in possession of the Commonwealth, shall pass to the General Fund after the elapse of five years.

3. In February 2002, plaintiffs filed an injunction before the United States District Court for the District of Puerto Rico (Federal Court) claiming that the transfer of funds belonging to plaintiffs to the custody of the Commonwealth, with no due notice thereto, divested them of their assets without due process of law. The certified class in this case comprised vehicle owners who between 1998 and 2010 paid the compulsory motor vehicle liability insurance and the conventional public liability insurance but had not been reimbursed for the premium paid for the compulsory insurance, even though they made a duplicate payment.

4. As a result of the proceeding before the Federal Court, it was provided that since August 2013, the Commonwealth was precluded from transferring to the General Fund the unclaimed funds received from JUA, in accordance with Act 230 of 2002, without having first notified class members pursuant to the due process of law. It was also provided that the funds already transferred would be subject to being claimed. A Settlement Stipulation filed before the Federal Court in said case, attached

**CERTIFICATION OF TRANSLATION**

I, Gladys Rodríguez Fornaris, MA in Translation from the University of Puerto Rico (1995),
DO CERTIFY that I have translated into English the foregoing Partial Judgment and
Joint Motion on Partial Agreement and Stipulation, as submitted in Spanish by the interested
party; and that said translation is true and correct to the best of my knowledge and abilities.

_____
GLADYS RODRÍGUEZ FORNARIS, Paralegal, MA - Translation
February 15, 2018.

and made part of this document (Attachment A), provided as to what would constitute an adequate notice.

5. In the instant case, on March 10, 2015 a Resolution was rendered certifying the class, equal to the one certified in the Federal Court, which is currently under review by the Supreme Court of Puerto Rico upon petition filed by movant JUA.

6. Pursuant to conversations undertaken towards settling this case, in the instant case as well as in the case filed before the Federal Court, the stipulations included the manner of the notices and the claim procedure for unclaimed funds retained by the Commonwealth, which belong to persons who made a duplicate payment by purchasing a private insurance policy and also paying the compulsory insurance. In line with the foregoing, the appearing parties agree and stipulate the following:

### A. Class Definition

Plaintiff class is defined as all vehicle owners in the Commonwealth of Puerto Rico who, between the years 1998 and 2010, paid compulsory insurance premiums while having a valid private insurance, and have neither been reimbursed nor granted a credit for the duplicate payment of compulsory insurance.

### B. Individual Notice and its Contents

i. Thirty days after the approval of the proposed notice in this agreement, the Department of the Treasury shall send, by first class mail, a notice to vehicle owners who between 1998 and 2010 paid the compulsory liability insurance while having a valid private insurance policy, and who appear in the lists received by JUA. This notice shall be sent to those owners whose addresses include the information required by the United States Postal Service for proper delivery. The addresses shall be supplemented or verified by the Department of the Treasury with information received by the Department of Transportation and Public Works, or any other information or verification method available. The notice shall advise the owner that he/she may be entitled to receive a reimbursement for the payment of the compulsory insurance policies during the years mentioned above (Attachment B).

ii. The notice shall include the information forwarded by JUA to the Department of the Treasury of the potential claimants as to the following: name, address, the last four digits of the Social Security number, the vehicle's license plate and VIN, the name of the private insurer and policy number, the year pertinent to the claim as well as his/her right to be excluded from the class, if so desired. The notice shall also include the proper form so that the notified individual may file the claim.

The notice shall advise potential claimants the manner in which the reimbursement shall be claimed, that the notice is sent as a result of a stipulation

**CERTIFICATION OF TRANSLATION**

I, Gladys Rodríguez Fornaris, MA in Translation from the University of Puerto Rico (1995),
DO CERTIFY that I have translated into English the foregoing Partial Judgment and
Joint Motion on Partial Agreement and Stipulation, as submitted in Spanish by the interested
party; and that said translation is true and correct to the best of my knowledge and abilities.

_____
GLADYS RODRÍGUEZ FORNARIS, Paralegal, MA - Translation
February 15, 2018.

and judgment in the instant case and in the case filed before the United States District Court, which includes a provision for contingent attorney's fees payable to counsel for the plaintiff class of 20%, the amount that class members may be entitled to be reimbursed or credited, with a minimum attorney's fees of $1,375,000.00.   In addition to the foregoing, the mailed notice shall advise [potential claimants] of their right to object the terms of the stipulation and the attorney's fees.

### C. Public Notices

i. Pursuant to the provisions of the case before the Federal Court, 02-1179 (GAG), the Commonwealth shall publish, at its cost, in a website to which vehicle owners can have ready access, the lists for the years 1998 to 2010 that the Department of the Treasury received from JUA of the vehicle owners who paid the compulsory liability insurance while having a valid private insurance policy, so that the vehicle owners may access them and the years to which they are entitled to claim. The Commonwealth, with the assistance of its technical personnel, shall create said webpage so that all potential claimants may corroborate their status as such as well as their personal information (Attachment C).

ii. Thirty days after the approval by the Court and notification of this stipulation is ordered, once a week during six consecutive weeks, a full-page notice shall be published in the newspapers El Nuevo Día and The San Juan Star. This notice shall contain the information herein agreed to. The notice is included as an attachment to this stipulation.

iii. The Commonwealth shall have available, in digital form, the lists of potential claimants at the Treasury Department collection offices (*Colecturías*) where class members may obtain and verify the information as to whether or not they are included in the lists. Personnel at the collection offices shall give to potential claimants copy of the lists in which they appear and copy of the reimbursement application form, as well as the term to claim.   Likewise, during a four-week period, twice a day and ten times per week, a radio notice shall be broadcast on WKAQ, Radio Isla and Radio Oro summarizing the terms of this stipulation and the manner in which potential claimants may apply for reimbursement. These notices shall last 30 seconds.

iv. Publishing costs of all notices, including first class mailings, and notices in radio, internet and newspapers, shall be borne by the Commonwealth.

### D. Term and Procedure for Reimbursement

i. Class members shall have two years from the date the last notice is published in a newspaper, to file a claim with the Department of the Treasury in accordance with the procedure established in this stipulation.

**CERTIFICATION OF TRANSLATION**

I, Gladys Rodríguez Fornaris, MA in Translation from the University of Puerto Rico (1995), DO CERTIFY that I have translated into English the foregoing Partial Judgment and Joint Motion on Partial Agreement and Stipulation, as submitted in Spanish by the interested party; and that said translation is true and correct to the best of my knowledge and abilities.

_____
GLADYS RODRÍGUEZ FORNARIS, Paralegal, MA - Translation
February 15, 2018.

ii. The parties agree that in order to claim the devolution of the payment made for compulsory insurance, class members shall file an application with the following information and requirements: name, address, Social Security number,  the vehicle's license plate and VIN, the name of the private insurer and policy number, and the year for which the claim is filed, as said information appears in the lists sent by JUA to the Secretary of the Treasury. In addition, the claimant shall certify under penalty of perjury that for the pertinent year and motor vehicle, he/she was the owner and paid the compulsory insurance and a private insurance policy; that he/she has never received any kind of reimbursement or credit for the duplicate payment of compulsory insurance; that he/she is the person who appears in the list sent by JUA to the Department of the Treasury of vehicle owners who paid the compulsory liability insurance while having a valid private insurance for the years 1999 and 2010, as such lists have been published or made accessible by the Department of the Treasury via internet or otherwise. The claim application form is attached to this agreement and shall be available at the Treasury Department collection offices (Attachment D). The application form may include a claim for reimbursement for one or more motor vehicles, or one or more years.

iii. Claimant shall not be requested to provide any additional information to file the corresponding claim.

iv. After the claim application form is filed, the Department of the Treasury shall have 120 days to verify whether the claimant made the duplicate payment and issue the corresponding refund to those entitled to receive it.  Within the same term, if refund is not applicable, the Department shall notify the vehicle owner the reasons why such reimbursement does not apply and will not be made.

v. Payments to qualifying claimants shall not include calculation of any interests as they are hereby waived by plaintiff class.

**F. Costs and Attorney's Fees**

Pursuant to Act No. 118 of June 25, 1971, as amended ("Class Suit for Consumers of Good and Services"), appearing parties herein propose for Court approval of the following attorney's fees:

i. Counsel for Plaintiff Class shall receive in attorney's fees, 20% of all reimbursements and credits made by the Department of the Treasury to Class Members who applied thereto during the two-year period established hereinbefore. The 20% amount shall be withheld by the Department of the Treasury from every reimbursement or credit granted to individuals comprising the class, to pay counsel for the class the litigation costs and attorney's fees.

ii. The Department of the Treasury shall advance, from the funds received from

**CERTIFICATION OF TRANSLATION**

I, Gladys Rodríguez Fornaris, MA in Translation from the University of Puerto Rico (1995),
DO CERTIFY that I have translated into English the foregoing Partial Judgment and
Joint Motion on Partial Agreement and Stipulation, as submitted in Spanish by the interested
party; and that said translation is true and correct to the best of my knowledge and abilities.

_____
GLADYS RODRÍGUEZ FORNARIS, Paralegal, MA - Translation
February 15, 2018.

Certified Translation
Page **6** of 7

JUA object of this litigation, attorney's fees to counsel for Plaintiff Class, in a proportion of 75% to A. J. Amadeo Murga, Esq., and 25% to Mario M. Oronoz, Esq., in the amounts and on the dates detailed hereunder:

1. $375,000.00 to pay expenses and attorney's fees, which shall be deposited with the Court no later than 90 days from court approval of this stipulation as per Judgment rendered.

2. $250,000.00 one year after the first payment was made.

3. $250,000.00 two years after the first payment was made.

4. $250,000.00 three years after the first payment was made.

5. $250,000.00 four years after the first payment was made, plus any attorney's fees owed based on the 20% of the amounts reimbursed or credited during the two years herein agreed, exceeding the advance amount of $1,375,000.00 not previously paid to counsel for plaintiff class.

iii. Every six months, the Department of the Treasury shall forward to counsel for Plaintiff Class a report of the number of applications received, including those denied or rejected, and the amounts so disbursed or credited.

iv. In the event any six-month report shows that 20% of the claims paid or credited to claimants by the Department of the Treasury exceed the advance amount paid to counsel, said surplus shall be paid to them within the following 30 days, and said amount paid shall be credited to the next installment to be paid by the Department of the Treasury.

v. In consideration of the advance attorney's fees so established in subparagraph F(ii) above, the Department of the Treasury shall withhold from the amounts to be reimbursed or credited to claimants, the amounts received in preceding paragraph F(i) above, up to $1,375,000.00. Once this amount is repaid, the additional amounts, if any, withheld from the payments or credits made to claimants, shall correspond to counsel for Plaintiff Class as attorney's fees. These amounts shall be paid every 90 days.

7. This Stipulation does not include Co-Defendant JUA. Plaintiff Class reserves its claim against JUA for the interests accrued, product or return on the funds from the premiums paid and retained by JUA before transferring them to the Secretary of the Treasury pursuant to Act No. 230 of 2002, and any premiums retained by JUA and not forwarded to the Secretary of the Treasury. This Stipulation is made pursuant to the holding in *Szendrey v. Hospicare, Inc.,* 158 DPR 648 (2003), and only includes the liability of the Commonwealth of Puerto Rico towards the Plaintiff Class, and not the liability that JUA might have towards Plaintiffs for interests earned.

8. On March 1st, 2016, the Federal Court in case 02-1179 (GAG), mentioned in paragraphs 3, 4, and 6 above, rendered judgment approving the stipulation for permanent injunction executed by the parties, copy of which is included herein as Attachment A. If there is any discrepancy between this

**CERTIFICATION OF TRANSLATION**

I, Gladys Rodríguez Fornaris, MA in Translation from the University of Puerto Rico (1995),
DO CERTIFY that I have translated into English the foregoing Partial Judgment and
Joint Motion on Partial Agreement and Stipulation, as submitted in Spanish by the interested
party; and that said translation is true and correct to the best of my knowledge and abilities.

_____
GLADYS RODRÍGUEZ FORNARIS, Paralegal, MA - Translation
February 15, 2018.

stipulation and the one agreed by the Federal Court, the stipulation filed before the Federal Court shall prevail.

9. With the exception of the express provisions in this Stipulation, this agreement does not provide for the payment of interests, penalties or attorney's fees.

10. The Court shall retain jurisdiction to enforce the terms of this stipulation as intended by the parties.

WHEREFORE, this Honorable Court is requested to provide the following:

a) That the class be notified on the terms of this Stipulation by means of the notices proposed herein and grant the class a maximum term of 30 days to state any objection it may have to its terms.

b) That pursuant to Act No. 118 of June 25, 2971, as amended, the Secretary of the Department of Consumer Affairs be advised on the terms of this Stipulation and granted an equal term of 30 days to issue any statement.

c) That once the term has elapsed without receiving any objection by neither any Class Member nor the Secretary of the Department of Consumer Affairs, this Stipulation be approved, and Partial Judgment be rendered accordingly.

d) It is further requested that, in view of the stipulation and with no reason to postpone the judgment regarding the appearing parties herein until final resolution of the litigation, it be ordered that the judgment rendered be notified and entered pursuant to Rule 42.3 of Civil Procedure.

WE HEREBY CERTIFY that on this same date we have sent copy of this Motion to Moraima Ríos Robles, Esq., Mario Arroyo Law Offices, PSC., PMB 379 1353 Ave. Luis Vigoreaux, Guaynabo, PR 00966.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico on this 9th [handwritten 29th] day of March, 2016.

[Signed]
ANTONIO J. AMADEO MURGA
RUA NO. 1900
420 Ponce de León Ave.
Midtown Bldg. Ste 910
San Juan, PR 00918
Tel: (787) 765-2731
Email: ajamadeo@gmail.com

[Signed]
ANGEL LÓPEZ HIDALGO
RUA NO. 6588
P. O. Box 1187
Trujillo Alto, PR 00977-1187
Tel: (787) 242-9154
Email: alh1955@gmail.com

[Signed]
MARIO M. ORONOZ, ESQ.
RUA NO. 2720
Urb. Torrimar
K-4 Bambú St.
Guaynabo, PR 00966
Tel: (787) 782-1173 / (787) 294-255
Email: mmo@oronozlaw.com

**CERTIFICATION OF TRANSLATION**

I, Gladys Rodríguez Fornaris, MA in Translation from the University of Puerto Rico (1995),
DO CERTIFY that I have translated into English the foregoing Partial Judgment and
Joint Motion on Partial Agreement and Stipulation, as submitted in Spanish by the interested
party; and that said translation is true and correct to the best of my knowledge and abilities.

_____
GLADYS RODRÍGUEZ FORNARIS, Paralegal, MA - Translation
February 15, 2018.