UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

Debtors.[1]

PROMESA
Title III

Case No. 17 BK 3283-LTS

(Jointly Administered)

**RE: ECF No. 2255, 2286**

-------------------------------------------------------------------x

**ORDER (A) ESTABLISHING
DEADLINES AND PROCEDURES FOR FILING PROOFS OF CLAIM
AND (B) APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon the Debtors' *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof*, dated January 16, 2018 (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion and

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

the relief requested therein under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard the statements of counsel in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been resolved as set forth herein, or withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Bar Date Notice, substantially in the form annexed hereto as **Exhibit 1-A**, the Reminder Notice, substantially in the form annexed hereto as **Exhibit 1-B**, the Proof of Claim Form, substantially in the form annexed hereto as **Exhibit 2**, the PREPA Customer Bar Date Notice, substantially in the form annexed hereto as **Exhibit 3**, the Special Notice to Pension, Retiree, and Employee Claimants, substantially in the form annexed hereto as **Exhibit 4**, are approved.

3. The following Bar Dates are hereby established:[3]

   a. **General Bar Date**: **4:00 p.m. (Atlantic Standard Time) on May 29, 2018**, is the deadline (the "General Bar Date") for filing proofs of claim (as defined in Bankruptcy Code section 101(5)), against the Debtors on account of (i) claims arising, or deemed to have arisen, prior to the respective commencement dates for their Title III Cases, including, for the avoidance of doubt, bond claims and claims arising under Bankruptcy Code section 503(b)(9), and (ii) claims asserted by governmental units (as defined in Bankruptcy Code section 101(27));

   b. **Rejection Bar Date**: Except as otherwise set forth in any order authorizing the rejection of an executory contract or unexpired lease, **4:00 p.m. (Atlantic Standard Time) on the date that is the later of (i) the General Bar Date and**

---

[3] For the avoidance of doubt, this Order will only apply to Title III debtors listed in footnote 1 of this Order, and will not apply to any entity that may commence a Title III case following the entry of this Order.

> **(ii) the first business day that is thirty-five (35) calendar days after the entry of an order by the Court authorizing such rejection** is the deadline for a party to any such rejected executory contract or unexpired lease to file proofs of claim relating to the rejection of such contract or lease (the "Rejection Bar Date," and together with the General Bar Date, the "Bar Dates"); and
>
> c. **Bar Date if Creditor List is Amended or Supplemented**: If, after the Bar Date Notice is served, any Debtor (a) amends its respective Creditor List to reduce a claim and/or to change the classification, nature or characterization of a claim, or (b) supplements its respective Creditor List, such Debtor shall give notice of any amendment or supplement to the holders of claims reduced or changed thereby, and advise such holders they shall each have until the **later of (i) the General Bar Date and (ii) thirty-five (35) days from the date of such notice** to file a proof of claim, or an amended proof of claim, if applicable, or be barred from so doing.

4. Persons Required to File Proofs of Claim by the Applicable Bar Dates. Except as set forth below, the Bar Dates apply to each person or entity (including, without limitation, each individual, partnership, joint venture, limited liability company, corporation, estate, trust, or governmental unit) asserting a claim against one or more of the Debtors.

5. The following persons and entities are permitted and authorized, but are not required, to file Master Proofs of Claim; provided, however, that individual holders of any claim for which a Master Proof of Claim may be filed shall not be precluded from filing a proof of claim on account of their claims and interests:

> a. Bond Claims.[4] The indenture trustees, fiscal agents, or any similar agent or nominee (each a "Bond Representative") for each respective series of bonds issued by a Debtor or non-debtor (to the extent such Bond Representative exists)[5] may file a master proof of claim (each, a "Bond Debt Master Proof of Claim") against the applicable Debtor on behalf of themselves and all holders of bond claims for the respective series of bonds for obligations arising under

---

[4] For the avoidance of doubt, a Bond Representative may file one Bond Debt Master Proof of Claim on behalf of all series of bonds issued by the same issuer (regardless of whether such issuer is a Debtor or non-debtor) under the issuer's respective Bond Documents, including multiple series of bonds by the same issuer under different Bond Documents, provided such series of bonds have the same priority.

[5] To the extent the Debtors become aware of any series of bonds issued by any of the Debtors that do not have Bond Representative, the Debtors may propose supplemental procedures regarding filing proofs of claim and related deadlines that would be applicable to holders of such bonds.

3

the respective trust agreements, resolutions, or similar bond document (the "Bond Documents").[6]

b. Union Claims.  Each union may file a separate master proof of claim on behalf of its respective constituents (each, a "Union Master Proof of Claim") against the applicable Debtor on account of all obligations due under their respective collective bargaining agreements or applicable statutes.

c. Credit Agreement Claims.  Each agent under any credit agreement may file a separate master proof of claim (each, a "Credit Agreement Master Proof of Claim") against the applicable Debtor on behalf of itself and all lenders under such credit agreement.

6. Persons NOT Required to File Proofs of Claim by the Applicable Bar Dates.  The following persons and entities are **not** required to file a proof of claim on or before the applicable Bar Dates:

a. Allowed Claims:  Any person or entity whose claim was previously allowed by an order of this Court entered on or before the applicable Bar Date;

b. Paid Claims:  Any person or entity whose claim was paid in full by a Debtor, including claims paid by a Debtor after the commencement date of its respective Title III Case;

c. Proofs of Claim Already Filed:  Any person or entity who already properly filed a proof of claim, which substantially conforms to the Proof of Claim Form, in these Title III Cases with the Court or the Debtors' claims and noticing agent;

d. Claims Properly Listed and Categorized on Creditor Lists:  Any person or entity whose claim is listed on one of the Creditor Lists and (i) the claim is not listed as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount and nature of the claim as set forth on the applicable Creditor List, and (iii) the person or entity does not dispute that the claim is an obligation of the subject Debtor;

e. PREPA Customers:  Customers of PREPA in connection with the disposition of their deposits or any individual billing or service disputes ("PREPA Customer Claim"); provided, however, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs 6(a) through (o) of this Order by filing a proof of claim with

---

[6] AAFAF has agreed that U.S. Bank National Association and/or U.S. Bank Trust National Association, as fiscal agent for certain bonds issued by the Public Buildings Authority ("PBA"), may file a Bond Master Proof of Claim for such bonds issued by PBA.

4

respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

f. <u>Pension Claims</u>: With respect to pension benefits and any and all other post-retirement benefits, any retiree, active employee, and former employee of a Title III Debtor (including any former employee of a Title III Debtor receiving early pension, financial incentive, or other benefits provided under Act No. 70-2010 or Act No. 211-2015 or similar laws or programs), or any person who is or was a participant in a pension plan administered by a Title III Debtor, and any beneficiary of any the foregoing persons ("<u>Pension Claims</u>"); <u>provided</u>, <u>however</u>, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs 6(a) through (o) of this Order by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

g. <u>Union or Non-Union Employee Claims</u>: Any union-represented or non-union represented employee, furloughed employee, or former employee for compensation and employment benefits, including, without limitation, wages, salaries, employee medical benefits and/or insurance benefits or workers' compensation claims ("<u>Compensation Claims</u>"); <u>provided</u>, <u>however</u>, that Compensation Claims shall not include claims asserted or to be asserted in any lawsuit or administrative proceeding based on tort or non-employment-related common law, statutory law, or regulation even where such claims assert as damages an entitlement to wages, salaries, employee medical benefits and/or insurance benefits;

h. <u>Individual Union Members' Claims</u>: Any person or entity that holds a claim limited to obligations due under their respective collective bargaining agreements, including, but not limited to, grievances, or claims arising from their current or former employment relationship with the Commonwealth ("<u>CBA Claims</u>"); <u>provided</u>, <u>however</u>, that any such holder must assert (I) a claim not otherwise excepted from filing a proof of claim by Paragraphs 6(a) through (o) of this Order, or (II) a claim for a grievance that has been resolved and liquidated by settlement or arbitration award as of the February 28, 2018 (such claim, a "<u>Resolved Grievance</u>"), by filing a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

i. <u>Individual Bondholder Claims Arising From Bonds That Do Not Have an Indenture Trustee, Fiscal Agent, or Similar Agent or Nominee</u>: Any person or entity that holds a claim that is limited to the repayment of principal, interest and such other amounts that may arise under the respective trust agreement or bond document that does not provide for an indenture trustee, fiscal agent, or similar agent or nominee that could file a Master Proof of Claim (which includes, for the avoidance of doubt, holders of GO Bonds (as defined below)); <u>provided</u>, <u>however</u>, that any such holder must assert a

5

        claim not otherwise excepted from filing a proof of claim by Paragraphs 6(a) through (o) of this Order by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

j.    <u>Individual Bondholder Claims Covered by Timely Filed Bond Master Proof of Claim</u>: Any person or entity that holds a claim that is limited to the repayment of principal, interest and other fees and expenses, to the extent the relevant Bond Representative files a Bond Debt Master Proof of Claim against the relevant Debtor on or before the General Bar Date on account of all bond claims against the relevant Debtor under the respective trust agreement or bond document; <u>provided</u>, <u>however</u>, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs 6(a) through (o) of this Order by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

k.    <u>Individual Credit Agreement Lender Claims:</u> Any person or entity that holds a claim that is limited to the repayment of principal, interest and other fees and expenses, to the extent the relevant agent, if such agent exists, files a Credit Agreement Master Proof of Claim against the relevant Debtor on or before the General Bar Date on account of all lender claims against the relevant Debtor under the respective credit agreement; <u>provided</u>, <u>however</u>, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs 6(a) through (o) of this Order by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

l.    <u>Inter-Governmental Claims</u>: (i) Any municipality, department, or agency of the Commonwealth that is not a Debtor or "covered territorial instrumentality" (as defined in PROMESA) asserting a claim against a Debtor in an amount less than $200 million, or (ii) any Debtor or "covered territorial instrumentality". For the avoidance of doubt, any entity described in the foregoing clause (i) asserting a claim against a Debtor equal to or greater than $200 million must file a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

m.    <u>Administrative Expenses</u>: Any holder of a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an administrative expense (**other** than a claim under Bankruptcy Code section 503(b)(9));

n.    <u>Proofs of Claim with Separate Deadlines</u>: Any holder of a claim for which a separate deadline is or has been fixed by this Court; and

   o. **Professionals' Administrative Claims**: Professionals who assert administrative claims for fees and expenses subject to the Court's approval pursuant to PROMESA section 316.

 7. <u>Bond Insurer Proofs of Claims</u>. For the avoidance of doubt, insurers with respect to any series of bonds issued by the Debtors under trust agreements, indentures or resolutions (including, without limitation, those listed in the Creditor Lists) (the "<u>Bond Insurers</u>"), must, to the extent the filing of such claim is not otherwise made unnecessary by the terms of the foregoing Paragraph 6 of this Order, file a proof of claim with respect to any claims arising under the relevant bond insurance policies on or before the General Bar Date to avoid disallowance of such claims, subject to such Bond Insurer's rights under Bankruptcy Rule 3005, if any, all of which rights are expressly reserved. To the extent that any Bond Insurer makes a payment with respect to any series of bonds for obligations under the relevant Bond Documents, the Bond Insurer's proof of claim shall be deemed (to the extent appropriate under the relevant Bond Documents) to supersede that portion of any proof of claim filed by the relevant Bond Representative for to such series of bonds, solely to the extent of such payment and resulting subrogation to the rights of the holders of such bonds; <u>provided</u>, <u>however</u>, such claims shall not supersede or otherwise affect any other aspects of the Bond Representative's relevant proof of claim (including without limitation any mechanics of the relevant Bond Documents relating to distribution or otherwise); <u>provided</u>, <u>further</u>, that nothing in this Order shall affect the right of any party in interest to file objections to a Bond Insurer's claim based on sections 502 and/or 509 of the Bankruptcy Code.

 8. To the extent duplicate claims are filed under the foregoing provisions or otherwise, the Debtors' representative may file objections thereto. Any disallowance of claims (including, without limitation, duplicate claims) shall be made in accordance with, and to the extent provided for under, applicable law without giving effect to the entry of this Order (other than the form, timing, manner of filing, and other procedural requirements for filing proofs of claim set forth

7

herein). To the extent Master Proofs of Claim are filed, the Debtors and any party in interest that has standing to object to such Master Proof of Claim shall be required to serve objections, if any, to such Master Proofs of Claims only on the persons and entities that filed such Master Proof of Claims, and not the holder of each claim purported to be covered by such Master Proof of Claim.

9. A copy of all filed Master Proofs of Claim shall be posted on a separate, Master Proof of Claim hyperlink on the Debtors' case website, https://cases.primeclerk.com/puertorico/ and available for download, free-of-charge.

10. Any creditor (other than a holder of a Claim identified in Paragraph 6 of this Order) who desires to participate or share in any distribution in the Title III Cases and whose claim (i) is not listed on one of the Creditor Lists, or (ii) is listed on one of the Creditor Lists as "disputed," "contingent," or "unliquidated," to avoid disallowance, must file a proof of claim on or before the applicable Bar Date for such claim. Additionally, any creditor (other than a holder of a Claim identified in Paragraph 6 of this Order) (x) whose claim is listed on one of the Creditor Lists, (y) believes the classification and/or amount of the claim is incorrect, and/or (z) desires to have its claim allowed in a classification and/or amount other than as set forth on the applicable Creditor List(s), must file a proof of claim on or before the applicable Bar Date for such claim.

11. All entities asserting proofs of claim against more than one Debtor are required to file a separate proof of claim with respect to each such Debtor and identify on each proof of claim the particular Debtor (and to the extent reasonably ascertainable, the Commonwealth department or agency, if applicable, for claims asserted against the Commonwealth) against which their claim is asserted.

12. All proofs of claim must (i) be written in English or Spanish; (ii) be denominated in lawful currency of the United States as of the relevant Title III Case commencement date;

8

Case:17-03283-LTS Doc#:2521 Filed:02/15/18 Entered:02/15/18 16:51:39 Desc: Main
Document Page 9 of 15

(iii) set forth with specificity the legal and factual basis for the asserted claim; (iv) include a copy of the supporting documentation (or, if such documentation is voluminous, a summary of such documentation must be attached) or an explanation as to why such documentation is not available, with such documentation, summary, or explanation being provided in English or Spanish; (v) include an original or electronic signature of the claimant or an authorized agent of the claimant; and (vi) substantially conform to the Proof of Claim Form approved by this Order if submitted using an alternative form.  Any claimant that provides a summary in lieu of supporting documentation shall transmit the documents in support of its claim to Prime Clerk and the applicable Debtor within ten days after the date of any written request by the applicable Debtor for such documents, to the extent such documents are in the possession of the claimant.  After the applicable Bar Dates, amendments to timely filed proofs of claim will only be allowed to the extent an amended claim is based on the same facts and circumstances as a timely filed claim, and in accordance with applicable law, or as otherwise ordered by the Court.

13. **All proofs of claim shall be delivered to and received by Prime Clerk no later than 4:00 p.m. (Atlantic Standard Time) on the applicable Bar Date**.  If proofs of claim are delivered (i) by <u>first class mail</u>, they are to be delivered to Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, P.O. Box 4708, New York, NY 10163-4708; (ii) by <u>overnight courier</u>, they are to be delivered to Commonwealth of Puerto Rico Claims Processing Center c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232; or (iii) by <u>hand delivery</u>, they are to be delivered to any of the following locations: (a) Commonwealth of Puerto Rico Claims Processing Center c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, (b) José V. Toledo Federal Building & US Courthouse, 300 Recinto Sur Street, San Juan, PR 00901, (c) MCS Building, Suite 222 A, 880 Tito Castro

Avenue, Ponce, PR 00716-4732, (d) Federico Degetau Federal Building and Clemente Ruiz Nazario U.S. Courthouse, 150 Carlos Chardón Street, San Juan, Puerto Rico, 00918-1767 or (e) such other locations in the Commonwealth the Debtors establish, which shall be listed in the Bar Date Notice. Alternatively, proofs of claim may be submitted electronically through the Debtors' case management site at the following address: https://cases.primeclerk.com/puertorico/EPOC-Index. Prime Clerk **shall not** accept proofs of claim by facsimile, telecopy, or email; provided, however, they may be submitted through Prime Clerk's website (listed in the preceding sentence).

14. Creditors asserting a claim against more than one Debtor must file separate proofs of claim against each such Debtor and must identify on the proof of claim the specific Debtor against which such claim is asserted and the case number of that Debtor's Title III case.

15. Subject to paragraph 6 of this Order, any creditor who fails to file a proof of claim on or before the applicable Bar Date (subject to the acceptance of a proof of claim after the applicable Bar Date pursuant to an order of this Court), with respect to such claim: (a) shall not be treated as a creditor of the Debtors for purposes of voting upon or receiving distributions under any plan of adjustment in these Title III Cases, and (b) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors or thereafter filing a proof of claim thereto in these Title III Cases (unless otherwise ordered by the Court), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim. A holder of any such claim shall not be permitted to vote to accept or reject any plan of adjustment filed in these Title III Cases on account of such claim, participate in any distribution in these Title III Cases on account of such claim, or receive further notices with respect to these Title III Cases on account of such claim. Moreover, any creditor that relies on the Creditor Lists bears responsibility for determining that its claim is accurately listed therein.

16. Notwithstanding anything else herein and for the avoidance of doubt, the (i) classification and treatment of allowed claims relating to general obligation bonds issued or bonds guaranteed by the Commonwealth of Puerto Rico ("GO Bonds"), and distribution on account of the foregoing claims, pursuant to any Title III plan of adjustment for a Debtor, (ii) right for holders of GO Bonds to vote to accept or reject a plan of adjustment, and (iii) right to receive further notices with respect to these Title III Cases on account of such GO Bond claims, shall in each case not be affected by any provision of this Order, the form of Proof of Claim Form as approved under this Order, or by whether or not the holders of GO Bonds file or do not file proofs of claim. For the avoidance of doubt, nothing in this Order shall be interpreted as preventing holders of GO Bonds from filing proofs of claim; provided, that the allowance or disallowance of any such proof of claim shall be treated in the same manner as other proofs of claim filed pursuant to this Order; provided, further, that nothing in this Order shall be interpreted as precluding any party in interest from filing objections to the amount, priority, security and/or allowance of any obligations arising with respect to GO Bonds regardless of whether proofs of claim are filed for such GO Bonds.

17. The Debtors' proposed procedures for serving and publishing the Bar Date Notice and Reminder Notice comply with the requirements of PROMESA, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Local Bankruptcy Rules, made applicable in these Title III Cases pursuant to the *Third Amended Notice, Case Management and Administrative Procedures* [Case No. 17-3283, Docket No. 1512-1], and are hereby approved.

18. In accordance with Bankruptcy Rule 2002, the Debtors, through Prime Clerk or Epiq Bankruptcy Solutions, LLC ("Epiq"), as applicable, are authorized and directed to serve the Bar Date Notice (in English and Spanish translation) and a Proof of Claim Form by first-class mail, postage prepaid, on or before February 26, 2018, upon: (a) all parties listed on the Debtors'

Creditors Lists; (b) the Office of the United States Trustee for the District of Puerto Rico; (c) the statutory committees appointed in these Title III Cases; (d) the Office of the United States Attorney for the District of Puerto Rico; (e) the Puerto Rico Department of Justice; (f) the Internal Revenue Service; (g) local taxing authorities; and (h) all parties filing a notice of appearance in these Title III Cases.

19. In accordance with Bankruptcy Rule 2002, the Debtors, through Prime Clerk, are authorized and directed to cause a copy of a notice, substantially in the form of the Bar Date Notice, to be published, on or before February 26, 2018, in (a) *El Nuevo Día* in Spanish (primary circulation is in Puerto Rico), (b) *Caribbean Business* in English (primary circulation is in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation is in New York and Miami, respectively), and (d) *The Bond Buyer*.

20. The Debtors, through Prime Clerk, are authorized and directed to cause no less than ten radio advertisements, alerting listeners to the fact that the Bar Date Notice and Proof of Claim Form have been mailed and published, with publication information, to be aired during the five-day period following the date of mailing pursuant to paragraph 18 hereof, on (a) WMEG FM (contemporary hit radio) in Spanish and (b) WKAQ AM (Spanish language talk radio) in Spanish.

21. In accordance with Bankruptcy Rule 2002, the Debtors, through Prime Clerk, are authorized and directed to cause a copy of a reminder notice, substantially in the form of the Reminder Notice, to be published, on or before April 27, 2018, in (a) *El Nuevo Día* in Spanish (primary circulation is in Puerto Rico), (b) *Caribbean Business* in English (primary circulation is in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation is in New York and Miami, respectively), and (d) *The Bond Buyer*.

22. The Debtors, through Prime Clerk, are authorized and directed to cause no less than twenty-eight radio advertisements, specifying the nature of the Title III cases, Bar Dates, and phone numbers, emails, or websites from which parties may obtain additional information regarding the Bar Dates, to be aired during the fourteen-day period preceding the Bar Date, on (a) WMEG FM (contemporary hit radio) in Spanish and (b) WKAQ AM (Spanish language talk radio) in Spanish.

23. In addition to the Bar Date Notice and Proof of Claim Form, in accordance with Local Bankruptcy Rule 1007-1(f), for those persons or entities listed on one of the Creditor Lists as holding a claim classified as contingent, unliquidated, and/or disputed, the Debtors, through Prime Clerk, will serve each such creditor with a Proof of Claim Form that will include the contingent, unliquidated, and/or disputed status of such claim.

24. <u>PREPA Customers</u>. Notwithstanding the foregoing, in lieu of serving the Bar Date Notice on and providing the Proof of Claim Form to its customers, PREPA shall notify its customers of the General Bar Date and the means by which a customer may file a proof of claim against PREPA, if applicable, by providing the PREPA Customer Bar Date Notice to its customers through the following:

    a. if customer bills are distributed on or before March 30, 2018, through distribution with customer bills as follows:

        i. For those customers that receive hard-copies of their bills:

            1. PREPA shall cause the PREPA Customer Bar Date Notice to be printed and mailed with the monthly bill that will be distributed on or before March 30, 2018;

        ii. For those customers that have previously requested to have their bills delivered electronically:

            1. PREPA shall cause the PREPA Customer Bar Date Notice to be served via electronic mail, on or before March 30, 2018, with the

following subject line on the electronic mail: "Important Legal Information/Información Legal Importante;"

b. if customer bills are not distributed on or before March 30, 2018, by first-class mail, postage prepaid, on or before April 6, 2018.

25. <u>Notice to Pension Claimants</u>. In addition to the Bar Date Notice and Proof of Claim Form, the Debtors, through Prime Clerk, are authorized and directed to serve the Special Notice to Pension, Retiree, and Employee Claimants attached hereto as **Exhibit 4** (the "<u>Pension, Retiree, and Employee Notice</u>") to all holders of Pension Claims, Compensation Claims, and CBA Claims.

26. The Bar Date Notice, the Reminder Notice, the PREPA Customer Bar Date Notice, the Proof of Claim Form, the Pension, Retiree, and Employee Notice, and the Creditor Lists shall be posted and available for download, free-of-charge on the Debtors' case website, https://cases.primeclerk.com/puertorico/. Further, the Bar Date Notice, the PREPA Customer Bar Date Notice, the Proof of Claim Form, and PREPA's Creditor List shall be posted and available for download, free-of-charge on PREPA's case website, http://dm.epiq11.com/PREPA. In addition, the Bar Date Notice, the Reminder Notice, the PREPA Customer Bar Date Notice, the Pension, Retiree, and Employee Notice, and the Proof of Claim Form will be posted and available for download, free-of-charge, on the case website for the statutory creditors' committee appointed in the Title III cases, www.prcreditorscommittee.com or www.comitedeacreedoresdePR.com. The Bar Date Notice, the Reminder Notice, the Pension, Retiree, and Employee Notice, and the Proof of Claim Form will also be posted and available for download, free-of-charge, on the case website for the Retiree Committee, www.porturetiro.com.

27. This Order is without prejudice to the rights, claims, objections, counterclaims, offsets, recoupments, and defenses of the Debtors with respect to any claim or duplicate claim filed against the Debtors, and nothing herein shall be deemed to allow or compel payment of any claim.

28. Nothing herein is intended to, shall constitute, or shall be deemed to constitute the Debtors' or the Oversight Board's consent, pursuant to PROMESA section 305, to this Court's interference with (a) any of the political or governmental powers of the Debtors, (b) any of the property or revenues of the Debtors, or (c) the use or enjoyment of the Debtors of any income-producing property.

29. Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

30. The Debtors and the Oversight Board, as the Debtors' representative, have consented to the relief in this Order, and are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

31. The Court retains exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation and enforcement of this Order.

SO ORDERED.

Dated: February 15, 2018

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge