UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO ELECTRIC POWER AUTHORITY,

    Debtor.

PROMESA
Title III

No. 17 BK 4780-LTS

**Court Filing Relates Only to PREPA and Shall Only be Filed in Case No. 17-BK-4780 (LTS) and Main Case 17-BK-3283 (LTS)**

---------------------------------------------------------------x

**THIRD SUPPLEMENTAL DECLARATION OF TODD W. FILSINGER IN SUPPORT OF (I) URGENT JOINT POSTPETITION FINANCING MOTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO AND THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY AND (II) OVERSIGHT BOARD'S AND AAFAF'S URGENT APPLICATION AND NOTICE OF REVISED PROPOSED $300 MILLION LOAN FROM <u>COMMONWEALTH TO PREPA</u>**

Pursuant to 28 U.S.C. § 1746, I, Todd W. Filsinger, hereby declare as follows under penalty of perjury under the laws of the United States of America:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17 BK 4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

1.  I am a Senior Managing Director of Filsinger Energy Partners ("FEP"). I currently serve as the Chief Financial Advisor ("CFA") to the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"), and I report to its Governing Board. The scope of my responsibilities for the Debtor is set forth in my original Declaration [ECF No. 2298-3].

2.  I submit this Third Supplemental Declaration (the "Third Supplemental Declaration") in support of the (i) *Urgent Joint Motion of the Financial Oversight and Management Board for Puerto Rico and the Puerto Rico Fiscal Agency And Financial Advisory Authority for Entry of Interim and Final Orders (A) Authorizing Postpetition Secured Financing, (B) Granting Priming Liens And Providing Superpriority Administrative Expense Claims, (C) Modifying the Automatic Stay, (D) Scheduling a Final Hearing, and (E) Granting Related Relief* (the "Postpetition Financing Motion")[2] and (ii) *Oversight Board's and AAFAF's Urgent Application and Notice of Revised Proposed $300 Million Loan from Commonwealth to PREPA* (the "Urgent Joint Application"), in each case filed by the Oversight Board, as the Debtor's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] and AAFAF, as the entity authorized to act on behalf of PREPA pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017.

3.  Except as otherwise indicated, all facts and opinions set forth herein are based upon: (i) my personal knowledge; (ii) my review of relevant documents provided to me, including documents provided by AAFAF, the Debtor and their respective professionals and employees; (iii) information supplied to me by employees of FEP with whom I work in the

---

[2] Defined terms used but not defined herein shall have the same meanings given to them in the Postpetition Financing Motion.

[3] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

ordinary course of business; and (iv) my experience and knowledge of the Debtor and its financial condition.

### REVISED FURTHER UPDATED BUDGET AND NEED FOR FINANCING

4.  I hereby submit a revised current and updated budget ("Revised Further Updated Budget") which projects the Debtor's cash flow for the week ended February 9, 2019 through the week ended May 18, 2018 (the "Revised Further Updated Budget Period"). The Revised Further Updated Budget, attached as Exhibit 1 to the proposed form of order attached as Exhibit C to the Urgent Joint Application, updates the Weekly Cash Flow Projection submitted in support of the Postpetition Financing Motion, the Updated Budget submitted with my Supplemental Declaration [ECF No. 620-4], and the Revised Updated Budget [ECF No. 688]. The Revised Further Updated Budget shows the need for immediate financing of at least $300 million.

5.  As I testified at the February 15, 2018 hearing, PREPA's cash availability is at such a low level that PREPA's operations are in jeopardy. After the hearing, PREPA began to implement plans to ramp down PREPA's power production and shut down certain generating units in order to conserve its limited cash resources. This exacerbated the risk to an already fragile system and leaves it vulnerable to outages and resulting in brownouts on the island. Unless PREPA obtains access to additional liquidity by mid-next week, PREPA will be forced to further reduce its load and reduce personnel. This will further jeopardize service to customers and leave many of them without power. Even with $300 million of postpetition financing PREPA will only be able to continue operation in the ordinary course until late March 2018.

### Requirement of Superpriority Administrative Claim

6.  Following the hearing on February 15, 2018, I contacted the Secretary of Treasury for the Commonwealth of Puerto Rico (the "Government"), Mr. Raúl Maldonado Gautier. It is

TCO 362915482v1

my understanding Secretary Maldonado is responsible for authorizing the Facility on behalf of the Government.

7. I advised Secretary Maldonado that PREPA had received a financing proposal offer from a group of *ad hoc* PREPA bondholders that provided them with superpriority protections under section 364(c) of the Bankruptcy Code and no priming lien and included certain additional economic terms and conditions.

8. I asked Secretary Maldonado if the Government would be willing to make a proposal with terms more favorable to PREPA than those proposed by the *ad hoc* PREPA bondholders.

9. Secretary Maldonado advised me that he believed that the Government's creditors and constituents preferred a 364(d) priming lien but in light of PREPA's urgent cash flow crisis and the negative implications for the Government if PREPA runs out of money, the Government would be prepared to offer unsecured financing of $300 million on the following terms: (i) the Facility would have superpriority status (pursuant to 11 U.S.C. § 364(c)(1)), and (ii) the interest rate on the Facility would be increased from that set forth in the original proposal to 5% per annum.

10. As the February 15, 2018 hearing demonstrated, PREPA was unsuccessful to obtain unsecured credit allowable under 11 U.S.C. § 503(b)(1) and no party offered PREPA unsecured financing on terms as or more attractive than the financing proposal contained in the Urgent Joint Application, for the purposes of 11 U.S.C. § 364(c).

*[Space is intentionally left blank.]*

TCO 362915482v1

I declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 16 day of February 16, 2018 at New York, NY.

*[signature]*

Todd W. Filsinger