**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　　as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY ("PREPA"),<br>　　　　　　Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>This document relates to PREPA Title III case only |

[*Caption continued on next page*]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**RESERVATION OF RIGHTS OF THE AD HOC GROUP OF
GENERAL OBLIGATION BONDHOLDERS WITH RESPECT TO
OVERSIGHT BOARD'S AND AAFAF'S URGENT APPLICATION AND NOTICE OF
REVISED PROPOSED $300 MILLION LOAN FROM COMMONWEALTH TO PREPA**

The Ad Hoc Group of General Obligation Bondholders (the "GO Group")[2] respectfully submits this reservation of rights regarding the *Oversight Board's and AAFAF's Urgent Application and Notice of Revised Proposed $300 Million Loan from Commonwealth to PREPA* (Dkt. 722)[3] (the "Urgent Joint Application") filed by the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") and Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), and in support thereof states as follows:

1. On February 15, 2018, the Court held a hearing regarding a loan from the Commonwealth of Puerto Rico (the "Commonwealth") to the Puerto Rico Electric Power Authority ("PREPA"). The Court directed that any order authorizing such a loan must contain "the modifications proposed by the . . . GO [G]roup to eliminate the preclusive provisions." 2/15/18 Tr. 234:16-17.

2. Pursuant to the Court's order, and in response to further comments offered by the GO Group, the revised proposed order filed in connection with the Urgent Joint Application provides as follows:

> For the avoidance of doubt, (i) the Court's approval of the Facility from the Debtor's perspective and (ii) the factual findings made in this Order shall not in any way prejudice or affect any rights or remedies that creditors of the Lender may assert in connection with the Lender's decision to enter into the Facility or the implementation thereof; provided, that the Lender reserves all rights and defenses in connection therewith.

Dkt. 729-1 ¶ 4.

---

[2] Members of the GO Group file this reservation of rights exclusively on their own behalves and do not assume any fiduciary or other duties to any other creditor or person.

[3] "Dkt." refers to documents filed on the docket of Case No. 17 BK 4780-LTS.

3. The GO Group acknowledges that the foregoing provision resolves the grounds on which the GO Group objected to prior iterations of the proposed order approving debtor-in-possession financing for PREPA. The GO Group files this reservation of rights, however, in order to preserve the ability to object to the Urgent Joint Application in the event that any further modifications to the proposed order would prejudice the rights of the GO Group.

4. To be clear, the Urgent Joint Application does not resolve the GO Group's opposition to the Commonwealth's squandering of its own resources to subsidize PREPA, a distinct legal entity with its own assets and creditors. To the contrary, the Urgent Joint Application only underscores the need to protect the rights of Commonwealth creditors from any potential for preclusion. Once again, the Commonwealth has offered to extend financing to PREPA on terms that are manifestly unfair to the Commonwealth (and its own creditors). The proposed interest rate of 5 percent is well below market for an unsecured loan to a financially distressed instrumentality such as PREPA, and the proposed 30-year maturity term is unheard of in the context of debtor-in-possession financing. Especially given that PREPA, AAFAF, and the Oversight Board appear to have conducted no analysis whatsoever to determine whether such favorable terms are necessary for PREPA to maintain its operations—and there is no plausible reason to think that they are—the proposed repayment terms represent an unjustified transfer of resources from the Commonwealth to PREPA.

5. The Commonwealth's persistence in offering below-market terms to PREPA is also of a piece with its ongoing attempts to undercut the possibility of any private, arms-length financing for PREPA, including the financing offer recently proposed by PREPA's bondholders. This pattern began with AAFAF's inexplicable delay in beginning any search for private financing, continued when that search amounted to nothing more than a token effort to check the

3

boxes, and culminated when the Commonwealth offered terms so favorable to PREPA that no arms-length lender could possibly compete. This irresponsible course of conduct has now placed the Court in an impossible position, with the Oversight Board and AAFAF asking for approval of financing on an emergency basis because PREPA faces serious liquidity challenges that were entirely avoidable if AAFAF and the Oversight Board had made a serious effort to secure private financing alternatives.

6. All of this is part of a cynical effort to make the Commonwealth's liquidity appear less than it really is—to game the federal government and the Commonwealth's own creditors. And it is just the latest in the Commonwealth's continual strategy—aided and abetted by the Oversight Board—of withholding or manipulating information in order to game the system.

7. The GO Group therefore urges AAFAF and the Oversight Board to heed the Court's direction that, to the extent they intend to seek approval of a larger financing facility for PREPA in the future, the record must "demonstrat[e] far more robust efforts to solicit third-party financing on terms that do not include super-priority or security provisions." 2/15/18 Tr. 232:21-23. Moreover, given the meritorious challenges to the ongoing subsidization of PREPA that the Commonwealth's creditors are likely to raise, a responsible marketing process would also include serious attempts to raise private financing on a priming basis—both to replace the $300 million in financing offered in connection with the Urgent Joint Application and to meet any additional funding needs. There is simply no reason to believe that, if a normal marketing process for debtor-in-possession financing were to be conducted, a utility monopoly such as PREPA could not obtain third-party financing in lieu of having the Commonwealth subsidize PREPA at the expense of its own creditors.

8. To state the obvious, the only reason that the Commonwealth has sufficient liquidity to extend financing to PREPA is that, for almost two years, the Commonwealth has refused to pay debt service on its constitutionally protected general obligation debt. The GO Group reserves all of its rights and remedies in the event that the Commonwealth and the Oversight Board refuse to pursue the responsible approach of seeking private, arms-length financing for PREPA.

*[The remainder of this page is intentionally left blank.]*

Dated: February 17, 2018

/s/ Ramón Rivera Morales
J. Ramón Rivera Morales
USDC-PR Bar No. 200701
Andrés F. Picó Ramírez
USDC-PR Bar No. 302114
JIMÉNEZ, GRAFFAM & LAUSELL
P.O. Box 366104
San Juan, PR 00936
Telephone: (787) 767-1030
Facsimile: (787) 751-4068
Email: rrivera@jgl.com

Respectfully submitted,

/s/ Mark T. Stancil
Lawrence S. Robbins (admitted *pro hac vice*)
Gary A. Orseck (admitted *pro hac vice*)
Kathryn S. Zecca (admitted *pro hac vice*)
Mark T. Stancil (admitted *pro hac vice*)
Ariel N. Lavinbuk (admitted *pro hac vice*)
Donald Burke (admitted *pro hac vice*)
ROBBINS, RUSSELL, ENGLERT, ORSECK,
UNTEREINER & SAUBER LLP
1801 K Street, N.W., Suite 411-L
Washington, DC 20006
Telephone: (202) 775-4500
Facsimile: (202) 775-4510
Email: mstancil@robbinsrussell.com

/s/ Andrew N. Rosenberg
Andrew N. Rosenberg (admitted *pro hac vice*)
Richard A. Rosen (admitted *pro hac vice*)
Walter Rieman (admitted *pro hac vice*)
Kyle J. Kimpler (admitted *pro hac vice*)
Karen R. Zeituni (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: arosenberg@paulweiss.com

*Counsel to the Ad Hoc Group of General Obligation Bondholders*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

/s/ Mark T. Stancil
Mark T. Stancil
