UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                   Debtors.[1] | PROMESA<br><br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>Re: ECF No. 2494 |

**LIMITED OBJECTION OF THE PBA FUNDS TO THE MOTION TO EXTEND TIME TO ASSUME OR REJECT UNEXPIRED LEASES**

The PBA Funds,[2] who hold Government Facilities Revenue Bonds and Government Facilities Revenue Refunding Bonds (collectively, the "PBA Bonds") issued by the Puerto Rico Public Buildings Authority (the "PBA"), hereby submit this limited objection (the "Limited Objection") to the *Motion for Entry of Third Order Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property Under Which the Puerto Rico Public Building Authority is the Lessor Pursuant to Bankruptcy Code Section 365(d)(4)* [ECF No. 2494] (the "Motion").[3] In support of this Limited Objection, the PBA Funds respectfully state as follows:

---

[1] The Debtors in these title III cases, along with the last four digits of each Debtor's federal tax identification number, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (No. 17-BK-3283-LTS) (3481); (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (No. 17-BK-3566-LTS) (9686); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (No. 17-BK-3567-LTS) (3808); (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (No. 17-BK-3284-LTS) (8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (No. 17-BK-4780-LTS) (3747).

[2] The PBA Funds currently consist of (a) Fir Tree Partners, (b) Candlewood Investment Group, and (c) Inglesea Capital LLC, each of which holds PBA Bonds (defined herein) or acts as investment manager or advisor (or is an affiliate of entities which act as investment managers or advisors) to funds and/or accounts that hold PBA Bonds. *See Supplemental Verified Statement of the PBA Funds Pursuant to Federal Rule of Bankruptcy Procedure 2019* [ECF No. 2522].

[3] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

ny-1315666

**LIMITED OBJECTION**

1.  The Motion requests an additional 120 day extension of time for the Debtors to determine whether to assume or reject the PBA Leases pursuant to Bankruptcy Code section 365(d)(4). The time period of the requested extension is reasonable, but it would be unreasonable to grant this relief without also requiring the Debtors to perform their obligations to pay rent to the PBA. The Debtors are delinquent in paying rent and have not paid all amounts due and owing under the PBA Leases since before the commencement of these Title III Cases. The PBA Funds in a related motion (the "Rent Motion")[4] are seeking to compel the payment of rent to the PBA, and submit that any further extension of the Debtors' deadline under Bankruptcy Code section 365(d)(4) to assume or reject the PBA Leases should be conditioned upon their compliance with the mandatory requirements of section 365(d)(3).

2.  The provisions of Bankruptcy Code sections 365(d)(3) and (4) work in tandem to balance the rights of landlords and tenants. Subsection (d)(4) gives a debtor the right to seek additional time with the consent of the landlord to decide whether to assume or reject an unexpired lease of nonresidential real property. In exchange for this continued optionality, subsection (d)(3) provides that the debtor tenant must continue to comply with the terms of the lease during that period, including, of course, paying rent.[5] As a result, whether a lessor has received timely payment of rent has long been recognized as a critical factor in determining whether cause exists to grant an extension under section 365(d)(4).[6] Indeed, courts have often explicitly conditioned the

---

[4] *See Motion of the PBA Funds for the Payment of Rent* [ECF No. 2492].

[5] *See, e.g.,* 3 COLLIER ON BANKRUPTCY ¶ 365.04 (16th ed. 2017); *Matter of Barrister of Del., Ltd.*, 49 B.R. 446, 447 (Bankr. D. Del. 1985); *Matter of Condo. Admin. Svcs., Inc.*, 55 B.R. 792, 798-99 (Bankr. M.D. Fla. 1985); H.R. Rep. 98-882, 98th Cong., 2nd Sess., *reprinted in* 1984 U.S.C.C.A.N. 576, 599-600 (Jun. 29, 1984) (statement of Sen. Hatch).

[6] *See In re Victoria Station, Inc.*, 88 B.R. 231, 236 n. 7 (9th Cir. B.A.P. 1988); *see also In re Wedtech Corp.*, 72 B.R. 464, 471-73 (Bankr. S.D.N.Y. 1987).

ny-1315666

extension of the period to assume or reject an unexpired lease upon a debtor's continued compliance with section 365(d)(3).[7] It is appropriate for the Court to do so here.

3. Accordingly, the PBA Funds respectfully request that the Court condition any further extension of the deadline to assume or reject the PBA Leases upon the Debtors' compliance with Bankruptcy Code section 365(d)(3) in the manner described in the Rent Motion.

### RESERVATION OF RIGHTS

4. The PBA Funds hereby reserve any and all rights with respect to the relief sought by the Motion and the issues raised by this Limited Objection, including, but not limited to, the right to pursue any and all remedies with respect to currently outstanding or future rents or other amounts due to the PBA or the holders of bonds issued by the PBA.

*[Signature page follows]*

---

[7] *See, e.g., In re Babylon Ltd. P'ship*, 76 B.R. 270, 275 (Bankr. S.D.N.Y. 1987); *Wedtech*, 72 B.R. at 476; *In re Tandem Grp.*, 60 B.R. 125, 127 (Bankr. C.D. Cal. 1986).

Date: February 20, 2018

By: */s/ Gerardo A. Carlo*
Gerardo A. Carlo
USDC PR No. 112009
Telephone: (787) 247-6680
gacarlo@carlo-altierilaw.com

By: */s/ Kendra Loomis*
Kendra Loomis
USDC PR No. 227408
Telephone: (787) 370-0255
loomislegal@gmail.com

**G. CARLO-ALTIERI LAW OFFICES, LLC**
254 San Jose St., Third Floor
San Juan, Puerto Rico 00901
Telephone: (787) 247-6680
Facsimile: (787) 919-0527

-and-

By: */s/ Gary S. Lee*
Gary S. Lee

**MORRISON & FOERSTER LLP**
Gary S. Lee (admitted *pro hac vice*)
James M. Peck (admitted *pro hac vice*)
James A. Newton
Andrew R. Kissner
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
JPeck@mofo.com
GLee@mofo.com

*Counsel for the PBA Funds*

ny-1315666