**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

```
-------------------------------------------------------------------------- x
                                                    :
In re:                                              :
                                                    :
THE FINANCIAL OVERSIGHT AND                         :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                   :   Title III
                                                    :
          as representative of                      :   Case No. 17-BK-3283 (LTS)
                                                    :
THE COMMONWEALTH OF PUERTO RICO, et al.,            :   (Jointly Administered)
                                                    :
          Debtors.¹                                 :
-------------------------------------------------------------------------- x
```

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF KROMA
ADVERTISING, INC. AS COMMUNICATIONS ADVISOR TO OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO BANKRUPTCY
CODE SECTION 1103(a) AND LOCAL BANKRUPTCY RULE 2014-1,
EFFECTIVE AS OF FEBRUARY 1, 2018**

Upon the application (the "Application")[2] of the Official Committee of Unsecured

Creditors of the Commonwealth of Puerto Rico (the "Committee") appointed in the above-

captioned cases for entry of an order (the "Order"), pursuant to sections 1103 of the Bankruptcy

Code and Local Rule 2014-1 authorizing the retention and employment of Kroma Advertising,

---

[1]  The Debtors in these title III cases, along with each Debtor's respective title III case number
listed as a bankruptcy case number due to software limitations and the last four (4) digits of
each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of
Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID:
3481), (ii) Employees Retirement System of the Government of the Commonwealth of
Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal
Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA")
(Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv)
Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-
3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power
Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax
ID: 3747).

[2]  Capitalized terms not defined herein shall have the meanings ascribed to them in the
Application.

Inc. ("Kroma"), effective as of February 1, 2018, as the Committee's communications advisor;

and upon the Medina Declaration annexed to the Application in support thereof; the court hereby

FINDS AND DETERMINES that (i) the court has jurisdiction to consider the Application and

the relief requested therein pursuant to section 306(a) of PROMESA; (ii) venue of the Title III

Cases and the Application in this district is proper pursuant to section 307(a) of PROMESA; (iii)

the Committee provided due and proper notice of the Application and no other or further notice

need be provided; (iv) it appearing that Kroma is "disinterested" and eligible for retention

pursuant to sections 101(14) of the Bankruptcy Code, (v) the terms of the engagement pursuant

to the Engagement Letter and as modified herein, are reasonable and appropriate; and (vi) this

court having determined that the relief requested in the Application is necessary and in the best

interests of the Committee and its members; and after due deliberation, and sufficient cause

appearing therefor, it is hereby ORDERED THAT:

1.      The Application is APPROVED.

2.      In accordance with section 1103 of the Bankruptcy Code, made applicable to the

Title III Cases pursuant to section 301(a) of PROMESA, the Committee is authorized to employ

and retain Kroma as its communications advisor under the terms and for the purposes set forth

and as requested in the Application, the Medina Declaration, and the Engagement Letter as

modified herein.

3.      Kroma is authorized to perform the services enumerated in the Application and

the Medina Declaration.  The terms of the Engagement Letter are approved, and Kroma shall be

entitled to be compensated and reimbursed for the services identified in the Engagement Letter

and Application, pursuant to PROMESA sections 316 and 317, the applicable Bankruptcy Rules,

the Local Rules of this court, and such orders as the court may direct.

4.      Kroma's fees for services will be based on a flat rate $30,000 per month, plus

reasonable and necessary expenses, as set forth in the Application, Medina Declaration and

Engagement Letter.  Kroma shall be compensated in accordance with, and will file interim and

final fee applications for allowance of its compensation and expenses in accordance with, the

Interim Compensation Order.  Pursuant to Bankruptcy Code section 503(b)(1), made applicable

by PROMESA section 301(a), the fees and expenses of Kroma under this Order shall be an

administrative expense of the Debtors.

5.      The title III Debtors (other than COFINA) shall be responsible for such

compensation and reimbursement of expenses in accordance with the procedures outlined in the

Interim Compensation Order.  Neither the Committee nor any of its members, agents, attorneys

or advisors are or shall be responsible for the payment of Kroma's fees and costs arising out of

the engagement pursuant to this Order and the Engagement Letter, regardless of whether or not

Kroma is paid in full by the Debtors.

6.      The Committee and Kroma are authorized and empowered to take all necessary

actions to implement the relief granted in this Order.

7.      This court shall retain jurisdiction with respect to all matters arising from or

related to this Order or Kroma's services for the Committee.

8.      To the extent there is an inconsistency between this Order, the Engagement Letter

and the Application, the terms of this Order shall govern.

9.      The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

10.     This order resolves docket entry no. 2325 in Case No. 17-3283.

SO ORDERED.

Dated: February 22, 2018

 /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge