# EXHIBIT 2

confidential
Gary Lee
Morrison & Foerster
Jul 26, 2017 10:36

Contract No. A-1008

## LEASE CONTRACT

This Lease Contract made and entered into as of the first day of August 1, 2009 by and between the Public Buildings Authority as Lessor (hereinafter called the "Authority") and The South Central Area of Investment in Labor Force (ASIFAL) of the Commonwealth of Puerto Rico (hereinafter called the "Lessee").

### WITNESSETH:

WHEREAS, by Act. No. 56 of the Legislature of Puerto Rico, approved June 19, 1958, as amended (hereinafter sometimes called the "Enabling act"), the Public Buildings Authority was created as a body corporate and politic constituting an instrumentality of the Commonwealth of Puerto Rico (herein called the "Commonwealth") exercising public and essential governmental functions, for the purpose, among others, of providing and operating office buildings, headquarters, courts, warehouses, shops and related facilities (hereinafter sometimes called "office buildings" or "public office buildings") for lease to any department agency, instrumentality or municipality of the Commonwealth; and

WHEREAS, the Enabling Act authorizes any department, agency, instrumentality or municipality of the Commonwealth to enter into a lease any office building or facilities thereof owned or operated by the Authority and to perform and execute, with the approval of the Governor of Puerto Rico or the official designated by him for such purpose, any and all acts or agreements, stipulations, contracts and transactions that may be necessary, convenient or desirable to perform any such lease contract and to provide for the payment or settlement of any obligation of said department agency instrumentality or municipality; and

WHEREAS, the Authority has completed the construction of the facility described in Exhibits A to this Lease Contract facility being hereinafter called the "Lease Facilities") to be leased to the Lessee; and




WHEREAS, the Authority completed the construction of an office building and related facilities located at <u>State Road #538</u> in the Municipality of <u>Santa Isabel</u>, generally described <u>**as a three storied building**</u> (said office building and related facilities being hereinafter called "Office Building No. **02660** containing total rentable space of **17,470** square feet, which Office Building No. **02660** and the office building and facilities constructed under the Enabling Act by Authority are to be lease to department, agencies, instrumentalities and municipalities for the Commonwealth (hereinafter collectively called the "Government Lessees"); and

WHEREAS, the Authority desires to lease to the lessee and the Lessee desires to lease from the Authority **3,534** square feet of space in Office Building No. **02660**, which constitutes **20.2289%** of the total rentable space in Office Buildings No. **02660** leased or to be leases to all Government Lessees (such percentage as the same may be changed as hereinafter provided, being hereinafter called the "Lessee's space percentage"); and

confidential
Gary Lee
Morrison & Foerster
Jul 26, 2017 10:36

confidential
Gary Lee
Morrison & Foerster
Jul 26, 2017 10:36

WHEREAS, the Authority intends to issue or has issued its bond anticipation notes (hereinafter called "bond anticipation notes") in a principal amount to the total amount equal to the total amount of such bank loans which were applied to the payment of the cost of Office Building No. **02660**, including the interest on such loans, and to apply the proceeds of such notes to the payment of such bank loans; and

WHEREAS, the interest on the bond anticipation notes will be paid from the rentals to be paid by the Government Lessees and the principal of said notes will be paid either from the proceeds of the bonds (hereinafter called the "bonds") to be issued by the Authority under Resolution No. 468 adopted by the Authority on June 22, 1995 (such Resolution No. 468, together with all resolutions supplemental thereto duly adopted as permitted there in, being hereinafter call the "Bond Resolution") or from the rentals to be paid by Government Lessees or from both said bond proceeds and rentals, as the Authority shall determine, and the principal of and the interest on such bonds shall be payable from rentals received by the Authority from the leasing of public office buildings and related facilities pursuant to the Enabling Act;

NOW, THEREFORE, for and in consideration of the mutual promises, covenants and agreement and other good and valuable consideration, the Authority and the Lessee agree as follows:

## ARTICLE I

## LEASE TO LESSEE; TERM

Section 1.01: <u>Space Leased.</u> The Authority hereby demises, leases and rents to the Lessee, and the Lessee hereby takes, accepts and rents from the Authority, upon and subject to the terms, covenants and conditions hereinafter stated, (i) **3,534** square feet of space in Office Building No. **02660** being **20.2289%** of the total rentable space thereof, consisting of usable areas (ii) and an equal percentage of all other space, areas, grounds and facilities financed as, and constituting, a part of Office Building No. **02660** All of such space and other property so leased under this Lease Contract shall be occupied and used by the Lessee for office and all other purposes as specified in the Enabling Act for its officers and employees in the performance of its functions. The lease of such space and other property under this Lease Contract shall be for a term of **13 years and 2 month**, beginning on the date first above written and ending on **July 1, 2022**.



Section 1.02: <u>Additional Space.</u> The Lessee, at its request, with approval of the Governor or the officer whom he may delegate, and subject to the terms and conditions of this Lease Contract, may lease any additional rentable space that from time to time may be available in Office Building No. **02660** for the authorized use mentioned in Section 1.01 hereof (the total space leased by the Lessee at any time under this Lease Contract being hereinafter called the ("Lessee's space").

Section 1.03: <u>Other Occupancy.</u> For the purposes of determining the total rentable space and the Lessee's percentage, there shall be excluded any space in Office Building No. **02660** which shall be leased or otherwise made available from time to time for use and occupancy by others than Government Lessees.

Section 1.04: <u>Authority's Right to Rescind Lease Contract.</u> Should the authority deem it necessary this contract may be rescinded and Lessee requested- to negotiate a new one, upon giving at least ninety (90) days written notice in advance.

confidential
Gary Lee
Morrison & Foerster
Jul 26, 2017 10:36

ARTICLE II

confidential
Gary Lee
Morrison & Foerster
Jul 26, 2017 10:36

RENTALS PAYABLE

Section 2.01: <u>Annual Rental.</u> The Lessee covenants and agrees to pay not later than the dates herein below specified, to the Authority as rent for the Lessee's space during the term of this Lease Contract a total rental (herein called the "Rental") which in each year of such term shall be the sum of the following:

(a) the annual amount on account of the principal of and interest on outstanding Notes (the "Note Service Rental")

(b) commencing with the month immediately following the month in which the first series of bonds are issued, the Lessee's Proportionate Share (defined below) of such annual amount or amounts as shall be determined from time by the Authority to be necessary to pay the principal of **$10,832.93** (including the Amortization Requirements as defined in the Bond Resolution) for the term bonds and the premiums, if any, for the redemption of such term bonds) and the interest on the Bonds as the same become due and payable (the "Debt Service Rental");

(c) and amount of **$4,707.07** (in each year) equal to the Lessee's share of the expenses of operation and maintenance for such year of Office Building No. **02660** (herein called the "Operating Rental"), which amount has been reasonable estimated subject to such adjustment as are provided in this Lease Contract, including the succeeding Section hereof.

The term "Lessee's Proportionate Share" as used in this Lease Contract shall mean, at any particular time, the percentage determined by dividing the cost of the Lease Facilities payable from the proceeds of the bonds by the cost of all government facilities (as defined in the Bond Resolution) payable from the proceeds of all bonds, them outstanding under the Bond Resolution all as determined by the Authority. In the event that any proceeds of insurance received on account of the damage or destruction of any Government Facilities or any proceeds received from the sale or other disposition of any Office Buildings Facilities are applied to the retirement of any bonds, the Lessee's Proportion Share shall be adjusted by the Authority in such manner as the Authority shall determine is fair and equitable.

Section 2.02: <u>Adjustments of Operating Rental.</u> The Lessee shall also pay as operating Rental in each year during the term hereof such additional amount, if any, equal to a percentage, corresponding to the Lessee's space percentage, of the actual expenses incurred by the Authority for the operation and maintenance of Office Building No. **02660** in such year in excess of the estimated amount equal to $1.00 per square foot of rentable space in said Building. Such additional amount shall be payable only after the Authority shall have given the Lessee at least thirty days written notice thereof.

Section 2.03: <u>Adjustment of Note Service Rental.</u> In the event that additional Notes are issued by the Authority to finance temporarily any additional costs of the Lease Facilities, the Note Service Rental shall be increased by such amount as the Authority determines is required to pay the interest thereon and to amortize an amount equal to the principal of such additional Notes over a period of 30 years. Upon the retirement of any Notes from the proceeds of bonds or otherwise, the Note Service Rental shall be reduced by such amount as the Authority determines was included in the computation of such Rental on account of the principal of and interest on that principal amount of Notes which is so retired.

confidential
Gary Lee
Morrison & Foerster
Jul 26, 2017 10:36

Handwritten margin notes:
15,540.
151.12
= 1,295.00

confidential
Gary Lee
Morrison & Foerster
Jul 26, 2017 10:36

Section 2.04: <u>Rental Installments.</u> The rentals do each fiscal year shall be paid to the Authority by the Lessee in equal monthly installments payable on or before the last day of <u>September 2009</u> and on the last day of each month thereafter until <u>July 01, 2022</u>; however, that in no event shall any monthly Installment of Debt Service Rental be less than the Lessee's Proportionate Share of the amount which is necessary under the Bond Resolution to provide, without an withdrawal or transfer from the Reserve Account in the Sinking Fund, if any (i) sufficient funds in the Bond Service Account in the Sinking Fund for the timely payment of the interest on all bonds then outstanding and the principal of all serial bonds then outstanding and (ii) sufficient funds in the Redemption Account in the Sinking Fund for the timely payment of the Amortization Requirements (as defined in the Bond Resolution) for the term bonds then outstanding.

Section 2.05: <u>Deposit of Note Service Rental.</u> All amounts received by the Authority as Note Service Rental shall be paid to Government Development Bank of Puerto Rico or deposited in the name of the Authority in an appropriate account in a bank designated by Government Development Bank for Puerto Rico and shall be applied to the payment of accrued and unpaid interest on the Notes issued to pay the cost of the Lease Facilities. Any amounts of such rental which is not needed to pa the interest on the Notes shall be applied to the payment of the principal on the Notes, and any balance of such rentals remaining after the payment of all Notes shall be applied to the payment of the cost of construction of the Lease Facilities or shall be deposited in he Bond Service Account or the Redemption Account in the Sinking Fund, at the option of the Authority.

Section 2.06: <u>Deposit of Debt Service Rental.</u> All amounts received by the Authority as Debt Service Rental shall be immediately deposited with the Fiscal Agent under the Bond Resolution in accordance with the provisions thereof; provided, however, that the Authority at its discretion may return to the Lessee any portion of Debt Service Rental that the Authority has determined to be in excess of the amount then required to be on deposit in the Bond Service Account and the Redemption Account under the Bond Resolution.



Section 2.07: <u>Deposit of Operating Rental.</u> The amount received as Operating Rental shall be deposited by the Authority in its name to the credit of an operating fund in a bank located in Puerto Rico selected by the Authority (such being hereinafter called the "Puerto Rico Bank") and shall be used for the purpose of paying the expenses of operation and maintenance of Office Building No. **02660**, the replacement for therein, and for maintaining funds for such purpose.

Section 2.08: <u>Additional Space.</u> In the event that the Lessee or any other Government Lessee shall at any time lease additional space in Office Building No. **02660** as permitted by Article I hereof, the Lessee's space percentage shall be recomputed on the basis which the total amount of space then leased by the Lessee hereunder bears to the total amount of space in said Building Leased to all Government Lessees, and the amount of Debt Service Rental for each year shall be adjusted by the Authority so that the amount of the Debt Service Rental to be payable by the Lessee thereafter is equal, as nearly as practicable, to the Lessee's space percentage of Office Building No. PBA-**02660** debt service.

Section 2.09: <u>Parking.</u> The Authority reserves the right to fix, charge and collect reasonable parking fees for the use of any parking facilities that may be provided as part of Office Building No. **02660**.

confidential
Gary Lee
Morrison & Foerster
Jul 26, 2017 10:36

Section 2.10: <u>Other Revenues.</u> Revenues (other than Rentals) derived by the Authority from the leasing of space to private persons, firms, corporations or entities other than the Government Lessees and from the fixing, charging and collecting or parking fees and any other revenues derived by the Authority from its ownership or operation of Office Building No. PBA-**02660** shall be deposited as received to the credit of an appropriate account which shall be established under the Bond Resolution for use as a reserve for the operation, maintenance and repair of public office buildings of the Authority, including the replacement or equipment therein, or for other proper corporate purposes of the Authority.

## ARTICLE III

## MAINTENANCE AND OPERATION OF OFFICE BUILDING

Section 3.01:. <u>Regulations of the Authority.</u> The Lessee shall comply with all rules and regulations that may be adopted from time to time by the Authority, after giving the Lessee an opportunity to be heard in connection therewith, respecting the use occupancy of Office Building No. **02660**.

Section 3.02: <u>Lessee's Services.</u> The Authority shall operate Office Building No. **02660** in an efficient and economical manner and shall maintain it in a good state of repair. The Lessee shall be responsible for providing at its own expense adequate cleaning, janitorial and caretaker service on account of the usable areas, which services shall be performed under the general supervision of the Authority; provided, however, that upon the written request of the Lessee, the Authority with the approval of the Governor of the office whom he may delegate, may provide such services and the expenses thereof incurred by the authority will be added to the Operating Rental payable by the Lessee hereunder.

Section 3.03: <u>Authority's Services.</u> All other expenses of operating, maintaining and repairing Office Building No. **02660** shall be paid by the Authority from the Operating Rentals received by the Authority for the payment of such expenses and expenses of the Project allocable to Office Building No. **02660** shall be allocated upon a fair and reasonable basis. Such expenses (herein sometimes called "operating and maintenance expenses") shall include, but shall not be limited to, expenses of cleaning, janitorial and caretaker services not required to be provided by the Government Lessees, repairs to Office Building No. **02660** and the equipment of the Authority therein, replacement of such equipment, <u>funds</u> for expenses not annually recurring for items of general maintenance, repair and replacement administrative expenses of the Authority, insurance premiums, fees and expenses of the bond trustees and paying agents and other expenses in connection with the payment of the principal and interest on such bonds issued by the Authority, including redemption premiums, and the administration of the trusts created in connection with such bonds, legal and auditing expenses, and any other expenses which the Authority may be required to pay by law in connection with its ownership of Office Building No. **02660**, but shall not include the expenses of providing telephone and other communication facilities.

Section 3.04:. <u>Limitation as to Expenses.</u> The Authority agrees that the operating and maintenance expenses in any fiscal year will not exceed the reasonable and necessary amount thereof.

Section 3.05:. <u>Records and Accounts.</u> The books, accounts and records of the Authority pertaining to the Project shall be open at all times for inspection by the Lessee and shall be subject to periodic audit by appropriate officials of the Commonwealth.

confidential
Gary Lee
Morrison & Foerster
Jul 26, 2017 10:36

confidential
Gary Lee
Morrison & Foerster
Jul 26, 2017 10:36

## ARTICLE IV

### OBLIGATION TO PAY RENTALS

Section 4.01: <u>Unconditional Obligation.</u> The Lessee agrees that its obligation to pay Rentals for the full term of the lease under this Lease Contract at the times and in the amounts specificied in this Lease Contract shall be absolute and unconditional and shall continue whether or not Office Building No .**02660** , or any part thereof, be damaged or destroyed from any cause whatsoever or otherwise becomes unusable by the Lessee for any period of time and regardless of any other cause of any nature, including but not limited to any default by the Authority under this Lease Contract.

Section 4.02: <u>Rental Insurance.</u> The Authority shall, however, at the request and expenses of the Lessee, obtain insurance to cover the Rentals during periods when, as the result of damage or destruction, said Building or portions thereof become unusable by the Lessee. Such insurance, to the extent commercially obtained, shall be such amounts and for such periods of time as the lessee shall specify and any proceeds received by the Authority from such insurance shall be credited against the Rentals otherwise payable by the Lessee under this Lease Contract.

## ARTICLE V

### INSURANCE

Section 5.01: <u>Insurance Against Loss or Damage.</u> The Authority shall keep Office Building No. **02660**, including all equipment of the Authority therein, insured with a responsible insurance company or companies qualified under the laws of the Commonwealth of Puerto Rico to assume to risks thereof against physical loss or damage, howsoever caused, with such exception as are ordinally required by insurers of buildings of a similar type, to the full insurable value thereof.



Section 5.02.:<u>Application of Proceeds.</u> The proceeds of all such insurance shall be applied to the repair, reconstruction or replacement on the same or on a different site of the damage or destroyed property or to the purchase or redemption of bonds, as the Authority shall determine.

Section 5.03: <u>Comprehensive Liability Insurance.</u> The Authority shall also maintain such comprehensive public liability insurance of Office Building No. **02660** with a responsible and qualified insurance company or companies in such amounts as the Authority shall determine is necessary to protect it against loss on account of liability for injury or damage to persons or property resulting from its ownership or operation of Office Building No. **02660**

Section 5.04: <u>Insurance Cost.</u> All costs incurred by the Authority for insurance under this Article shall be deemed to be operating and maintenance expenses.

confidential
Gary Lee
Morrison & Foerster
Jul 26, 2017 10:36

confidential
Gary Lee
Morrison & Foerster
Jul 26, 2017 10:36

## ARTICLE VI

## MISCELLANEOUS

Section 6.01: <u>Alterations and Improvements.</u> The Authority will upon the request and at the expense of the Lessee make such alterations, modifications or improvements to the Lessee's space in Office Building No. **02660** as are so requested by the Lessee and approved by the Authority; it being agreed and understood by the parties hereto, that all such alterations, modifications and improvements made by the Authority at the request and expense of the Lessee shall be and become the property of the Authority; it being further agreed and understood that all alterations, modifications and improvements to the rented space must be done as aforesaid and with the prior written consent of the Authority.

Section 6.02: <u>Records.</u> The Authority shall keep the accounts relating to Office Building No. **02660** separate from all other accounts of the Authority and shall keep accurate records and accounts of all of cost relating to Office Building No. **02660** and of the Rentals Funds Amounts and any other revenues on account of Office Building No. **02660** collected and the application thereof.

Section 6.03: <u>Covenant against Assignment and Restrictions on Subleasing.</u> This Lease Contract may not be assigned or otherwise transferred in whole or in part by the Authority or by the Lessee there under, unless the conditions set forth in Section 7.02 of the Bond Resolution for a termination of this Lease Contract have been met. All or any part of the Lease Facilities may be subleased as a whole or in part by Lessee if, any only if, the following conditions precedent shall have been met:

(a) Unless otherwise permitted by the Bond Resolution, the sublessee under the sublease shall be a department, agency or instrumentality of the Commonwealth.

(b) simultaneously with the execution and delivery of the sublease, the Lessee shall execute and deliver to the Authority an instrument in writing acknowledging, confirming and agreeing that the Lessee shall continue to remain liable for the payment of all rentals under this Lease Contract and for the performance and observance of all other obligation and agreements on its part therein provided to be performed and observed by it;



(c) the sublease shall retain for the Lessee such right and interest as will permit it to perform and observe all of its obligation and agreements under this Lease Contract;

(d) the sublease shall deliver to the Authority and the Lessee the certificates required under Section 710 (d) of the Bond Resolution and;

(e) all authorizations, approvals and consents (governmental or otherwise) required for on connection with the execution, delivery and performance of the sublease shall have been duly obtained prior to or simultaneously with the execution and delivery of the sublease.

Section 6.04: <u>Settlement of Disputes.</u> In the event of any dispute between the Authority and the Lessee as to any of the provisions of this Lease Contract, the matter shall be submitted to the Governor of the Commonwealth of Puerto Rico, or the officer whom he may delegate for this determination, or submitted to the corresponding forum within jurisdiction. When such

confidential
Gary Lee
Morrison & Foerster
Jul 26, 2017 10:36

dispute shall be decided by the Governor, or the officer whom he may delegate, or the corresponding forum within jurisdiction, the Authority and the Lessee shall be bound by such determination.

Section 6.05: <u>Benefits.</u> This Lease Contract shall inure to the benefits of and be binding upon the parties hereto, their successors and assigns, and shall also inure to the benefits of the holders of bonds issued by the Authority under the provisions of the Bond Resolution for the financing of Office Building No. <u>02660</u> and other public office building, as their respective interest may appear.

Section 6.06:. <u>Conflict with Bond Resolution.</u> Notwithstanding any of the foregoing provision of this Lease Contract, it is expressly agreed and understood that in the event of any conflict between the provisions contained in this Lease Contract and in the Bond Resolution, the provisions contained in the Bond Resolution shall be controlling.

Section 6.07:. <u>Restrictions on Amendments and Modifications.</u> No amendment or modification on this Lease contract shall in any respect reduce the amounts of the rental payment provided for herein below the required amounts referred to in the Bond Resolution or postpone the times of making such rental payments or otherwise materially and adversely affect the security or interest of the holders of the bond issued under the Bond Resolution.

IN WITNESS WHEREOF Public Building Authority has caused this Lease Contract to be executed in its name and behalf by Jesús F. Méndez its Executive Director, and its corporate seal to be hereunto affixed and attested by its Secretary, Joel Eliza Rivera, Esq. and The South Central Area of Investment in Labor Force (ASIFAL) of the Commonwealth of Puerto Rico has caused this Lease Contract to be executed in its name and behalf by Edwin Rodriguez Molina, its Executive Director thereunto duly authorized, as of the day and year first above written.

The attached Rider No. 1 consisting of seven (7) pages, entitled "General Dispositions Not Provided in Standard Form of Lease Contract of Office Building No. <u>02660</u> but forming a part hereof" is part of this Contract.

LESSEE:

By: _____
Edwin Rodríguez Molina
Executive Director

(Seal)

Attest:

PUBLIC BUILDINGS AUTHORITY

By: _____
Jesús F. Méndez Rodríguez
Executive Director

By: _____
Joel Eliza Rivera, Esq.
Secretary
Board of Directors

The foregoing Lease Contract Number A-1008, is hereby approved this _____day of

confidential
Gary Lee
Morrison & Foerster
Jul 26, 2017 10:36

Contract No. A-1008
Addendum No. 01
Project No. 2660

ADDENDUM TO THE LEASE CONTRACT MADE
AND ENTERED
BY AND BETWEEN THE PUBLIC BUILDINGS AUTHORITY
AS LESSOR, AND THE SOUTH CENTRAL AREA OF INVESTMENT IN LABOR
FORCE (ASIFAL) OF THE COMMONWEALTH OF PUERTO RICO AS LESSEE

In consideration of the mutual promises, covenants and agreements and other good and valuable consideration, The Public Buildings Authority and The South Central Area of Investment in Labor Force (ASIFAL) agree to amend said Contract as herein below specified:

1. That pursuant to Section 1.02, regarding **Santa Isabel Government Office Center PBA -2660**, Lessee covenants and agrees to rent from the Authority, upon and subject to the terms, covenants and conditions stated in said Contract No. A-1008, (i) 6,414 additional square feet of space located in Office Building No. PBA-2660 (floor number 1 and 2) such additional space being 36.71% of the total rentable space in said building.

2. Regarding Santa Isabel Government Office Center, PBA - 2660, the following paragraph should read as follows:

Section 2.01 Annual Rental. The Lessee covenants and agrees to pay not later than the dates herein below specified, to the Authority as rent for this additional space during the term of the Lease Contract first above mentioned a total rental (herein called the "Rental"), which in each year of such term shall be the sum of the following:





a) the amount (in each year) of ten thousand ninety nine hundred dollars with 63/100($10,999.63) (herein called the Debt Service Rental) for the proportionate portion, under the Enabling Act, of the total interest, principal and amortization requirements of the bonds payable in such year allocated to the Lessee hereunder, and

b) the amount (in each year) equal to the Lessee's share of the expenses of operation and maintenance for such year of Office Building No. PBA-2660 (herein called the Operating Rental), which amount has been reasonably estimated to be and shall, for the purposes hereof, be a minimum of two dollars and 68/100 ($2.68) per square foot for each square foot of Lessee's space in such year, subject to such adjustments as are provided in said Lease Contract, including the succeeding Section hereof.

confidential
Gary Lee
Morrison & Foerster
Jul 26, 2017 10:36

confidential
Gary Lee
Morrison & Foerster
Jul 26, 2017 10:36

"Section 2.04 Rental Installments. The Rental for each year, for the additional space, shall be paid to the Authority by the Lessee in equal monthly installments of two thousand three hundred fifty dollars and 35/100 ($2,350.35) payable on the last day of June 2010, and on the last day of each month thereafter until July 01, 2022; subject to any increase hereunder."

$31,645.35

3. The before mentioned rentals will be paid by the Lessee in additions to the previously agreed, the monthly rental of $1,295.00

4. All other dispositions contained in the above mentioned Contract A-1008, shall remain unaltered.

5. This addendum 01 is made part of the Lease Contract first above written.

Executed by Public Buildings Authority and The South Central Area of Investment in Labor Force (ASIFAL) on May 30th 2010 and caused to be effective on June 01, 2010.

| LESSEE | PUBLIC BUILDINGS AUTHORITY |
|---|---|
| BY: _____ | BY: _____ |
| Edwin Rodríguez Molina | Jesús F. Méndez Rodríguez |
| Executive Director | Executive Director |

(SEAL)

ATTEST:

_____
Joel M. Eliza Rivera
Secretary
Boards of Directors

The foregoing Addendum Number 01 to the Lease Contract Number A-1008 is hereby Approved this 30th day of May 2010

confidential
Gary Lee
Morrison & Foerster
Jul 26, 2017 10:36

confidential
Gary Lee
Morrison & Foerster
Jul 26, 2017 10:36

Contract No. A-1008
Addendum No. 2
Project No. 2660

ADDENDUM TO THE LEASE CONTRACT MADE
AND ENTERED AS OF THE FIRST DAY OF
AUGUST 2009, BY AND BETWEEN
THE PUBLIC BUILDINGS AUTHORITY, AS LESSOR,
AND THE SOUTH CENTRAL AREA OF INVESTMENT
IN LABOR FORCE, (ASIFAL) AS LESSEE

In consideration of the mutual promises, covenants and agreements and other good and valuable consideration, as stated in the Contract first above mentioned, The Public Buildings Authority and The South Central Area of Investment in Labor Force, (ASIFAL) hereby agree to amend said contract as herein below specified.

1. The last sentence of the first paragraph of Section 1.01 is hereby amended to read as follows.

   "The lease of such space and other property under this lease contract shall be for a term beginning on the date first above written and ending on July 1st, 2039.

2. The portion of Section 2.03 after the words "on the last day of each month thereafter" is hereby amended to read as follows: "until and including July 1, 2039, subject to any increase hereunder".

3. All other dispositions contained in the above-mentioned Lease Contract A-1008, shall remain unaltered.

This Addendum is made part of the Lease Contract first above written. Executed by the Public Buildings Authority and the South Central Area of Investment in Labor Force (ASIFAL) on June 14th 2010, and caused to be effective on July 1, 2010.

LESSEE:

BY _____
Edwin Rodríguez Molina
Executive Director

(SEAL)
ATTEST:

PUBLIC BUILDINGS AUTHORITY

BY _____
Jesús F. Méndez Rodríguez
Executive Director

_____
Joel M. Eliza Rivera, Esq.
Secretary
Board of Directors

The foregoing Addendum Number 2, to the Lease Contract Number A-1008, is hereby approved this 14th day of June 2010.

confidential
Gary Lee
Morrison & Foerster
Jul 26, 2017 10:36