**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br>Debtors. | NO. 17-BK-3283 (LTS)<br><br>**Re: ECF No. 2570**<br><br>PROMESA TITLE III |

**REPLY TO "OBJECTION OF THE COMMONWEALTH TO MOTION REQUESTING RELIEF OF STAY UNDER 362 (D)(1) OF THE BANKRUPTCY CODE FILED BY GLADYS GARCIA RUBIERA, ET AL"**

To the Honorable United States District Court Judge Laura Taylor Swain:

NOW COME plaintiffs' certified class in cases 02-1179 (GAG) Gladys García Rubiera, et al. v. Hon. Luis G. Fortuño, et al; and Gladys García Rubiera, et al, v. Asociación de Suscripción Conjunta, et al, Civil Number K DP2001-1441 (801), represented by the undersigned counsel and respectfully reply to Commonwealth's memorandum objecting the motion to lift the stay in the present case.

The Commonwealth objections are:

1. That plaintiffs are only unsecured creditors of the Commonwealth and must wait for the adjustment of the claims of all creditors and must share equally, not preferentially.

2. That the lift of the stay will cost the Commonwealth the funds that would be required to pay plaintiffs' and plaintiffs' attorneys to the detriment of the Commonwealth funds.

1

3. It will also require administrative paperwork to pay claims, causing work and expenses.

4. On the other hand, the Commonwealth argue that plaintiffs' will not suffer any harm. The Commonwealth also asserts (par. 12, page 13) that section 541(d) of the Bankruptcy Court is not incorporated into PROMESA by virtue of § 301(a).

The Commonwealth's arguments ignore the basic grounds in which the Lift of Stay Motion is premised i.e. that the property in possession of the Commonwealth does not belong to it. Therefore, if it does not belong to it, the Commonwealth will not suffer any diminution of assets to be distributed equally among creditors by reimbursing the owners their funds. Neither by paying attorneys for the class, because said payment will come out of the funds that belong to the owners.

Neither the fact that the Commonwealth will have to incur into additional expenses is a serious factor to take in consideration. Any administrative costs can be deducted from the funds.

The Commonwealth asserts that is blatantly incorrect to argue that the Commonwealth property will not be affected by the lifting of the stay (page14). In so doing, the Commonwealth is blind to the essential fact that is holding funds not property of the estate. The Commonwealth argues that this issue, including whether the funds are kept in a fiduciary capacity, has no yet been resolved. This argument is oblivious to the fact of the various decisions of the First Circuit Court of Appeals and the provisions of Law 230 of September 11th, 2002, P.R. Laws Ann. Tit. 26 § 8055(L), that clearly are to the contrary. This issue has been decided and the Commonwealth is collaterally stopped from litigating it again. See Manganella v. Evanston Ins. Co., 700 F.3d 585,591 (1st Cir. 2012)

2

citing Rodríguez–García v. Miranda–Marín, 610 F.3d 756, 770 (1st Cir.2010).

The Commonwealth cites In re Residential Capital, LLC, 2012 WL 3555584, for the proposition that even if the Commonwealth was acting as a fiduciary "that alone would not be a basis for lifting the stay". The reading of the case does not support the assertion. As we read the case, it says:

> "Jackson does not assert that the Debtors are liable as fiduciaries. Even if she did, however, that alone would not be a basis for lifting the stay in this matter. "[G]enerally, proceedings in which the debtor is a fiduciary ... need not be stayed because they bear no relationship to the purpose of the automatic stay, which is debtor protection from his creditors." In re Curtis, 40 B.R. 795, 799 (Bankr.D.Utah 1984) (internal citation omitted). The Motion did not include any evidentiary showing that GMAC was acting as a fiduciary. Therefore, the third Sonnax Factor weighs against lifting the stay."

We respectfully call the attention of the Honorable Court to the case In re Dugan, 2012 WL 6825328, in which the bank funds of a corporation owned by the individual bankrupt debtor were seized. The plaintiff claimed that such funds were funds of the estate of the individual debtor because the individual debtor had a legal and equitable interest in all assets of his corporate business. The Court ruled otherwise, holding that the funds were the property of the debtor corporation and not the property of the individual debtor.

In In re Newpower, 229 B.R. 691 is to us applicable. Like in In re Newpower, *supra*, the existence of the trust created by Law 230 of September 11th, 2002, prevented the Commonwealth from acquiring title to the funds. Said funds remained property of the automobile owners and not part of the estate of debtor.

The fact that Section 541 of the Bankruptcy Code may not have been incorporated in PROMESA does not alter the legal result. The stay granted under PROMESA only affects the property of the Commonwealth, not property of third parties.

3

Document Page 4 of 4

Finally, the balance of the equities (the twelve Sonnax factors) is in favor of lifting the stay so that the owners may recover their funds and do not have to wait for more years to receive what is theirs without having to share equally with others common creditors of the Commonwealth.

**WHEREFORE** it is that we respectfully request form the Honorable Court that the Objection of the Commonwealth be DENIED, and the Lift of Stay requested by plaintiffs be GRANTED.

### RESPECTFULLY SUBMITTED

### CERTIFICATE OF SERVICE

I hereby certify that, on February 26, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and parties in the Master Service List.

In San Juan, Puerto Rico, February 26, 2018.

*s/ Antonio J. Amadeo Murga*  
USDC-PR No. 110103  
A.J. AMADEO MURGA LAW OFFICES  
1225 Ponce de León, Ave.  
Ste. 904  
San Juan, PR 00907  
Tel. (787)764-0893  
ajaamadeo@gmail.com

*s/ Mario M. Oronoz Rodríguez*  
USDC-PR No. 120606  
ORONOZ & ORONOZ  
Urb. Torrimar, K-4 Bambú St.  
Guaynabo, PR 00966-3109  
Tel. (787)294-5255  
mmo@oronozlaw.com