**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Title III |
| | No. 17 BK 3283-LTS |
|     as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
|     Debtors.[1] | |

------------------------------------------------------------x

**[PROPOSED] ORDER GRANTING JOINT MOTION BY THE AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO ("AFSCME"), AMERICAN FEDERATION OF TEACHERS, AFL-CIO ("AFT"), INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, AFL-CIO ("UAW"), AND SERVICE EMPLOYEES INTERNATIONAL UNION ("SEIU") FOR AN ORDER AUTHORIZING DISCOVERY UNDER BANKRUPTCY RULE 2004**

Upon the motion (the "Motion")[2] by the American Federation of State, County and Municipal Employees International Union, AFL-CIO ("AFSCME"), American Federation of Teachers, AFL-CIO ("AFT"), International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, AFL-CIO ("UAW"), and Service Employees International Union ("SEIU"), on behalf of themselves, their local affiliates in Puerto Rico and their members (collectively, the "Unions") for entry of an order: (1) compelling the Oversight Board; (ii) the Commonwealth; and (iii) AAFAF to produce responsive documents; (2)

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

24318020.16 02/26/2018

compelling the depositions of (i) Oversight Board Executive Director Natalie Jaresko and Chairman José B. Carrión III; (ii) AAFAF Executive Director Gerardo Portela and Chairman Christian Sobrino; and (iii) a witness or witnesses designated by the Commonwealth;  and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 48 U.S.C. § 2166; and venue being proper before this Court pursuant to 48 U.S.C. § 2167; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion and granted herein is in the best interests of the Commonwealth, its creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is hereby granted as provided herein;

2. The Oversight Board, AAFAF, and the Commonwealth shall comply with the document requests attached hereto as Schedule A by no later than ten (10) days after entry of this Order.

3. Oversight Board Executive Director Natalie Jaresko, Oversight Board Chairman José B. Carrión III, AAFAF Executive Director Gerardo Portela, and AAFAF Chairman Christian Sobrino are hereby directed to appear for an examination by counsel to the Unions under oath and in accordance with Bankruptcy Rule 2004 on such date and time and at such location as may be designated in writing by counsel to the Unions.

4. The Commonwealth shall designate an individual or individuals with knowledge of the matters described on Schedule A hereto (the "Designated Individual(s)"). Each of the

2

Designated Individual(s) shall produce themselves for examination by counsel to the Unions under oath and in accordance with Bankruptcy Rule 2004 on such date and time and at such location as may be designated in writing by counsel to the Unions.

5. The Unions are authorized, pursuant to Bankruptcy Rule 2004, to issue such subpoenas as may be necessary to compel the production of documents and/or testimony of a third party witness to accomplish the discovery authorized by this Order.

6. Third party witnesses shall have fourteen (14) days from the service of a subpoena to either (i) produce to the Unions all responsive non-privileged documents requested in the Unions' subpoena, or (ii) file with the Court an objection or response to the subpoena with a hearing promptly scheduled.

7. Third party witnesses are directed to either (i) submit to oral examination upon reasonable notice and, absent other agreement with the Unions, in no event more than fourteen (14) days from the date of the service of a deposition subpoena upon such witness, or (ii) file with the Court an objection or response to the subpoena with a hearing promptly scheduled.

8. The Unions shall serve each subpoena and a copy of this Order on the target of the subpoena.

9. Nothing herein shall limit the Unions' right to request additional discovery, including any additional documents or depositions, under Bankruptcy Rule 2004 and applicable law, based on any information that may be revealed as a result of the information provided pursuant to this Order or otherwise.

10. This Court shall retain jurisdiction to resolve any dispute arising from or related to this Order and to interpret, implement, and enforce the provisions of this Order.

11. This Order is without prejudice to Movants' rights to file further motions seeking additional documents pursuant to Bankruptcy Rule 2004(a) or any other applicable law.

SO ORDERED.

Dated: _____, 2017
     San Juan, Puerto Rico

_____
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

4

## Schedule A

**DEFINITIONS**

1. "AAFAF" means the Puerto Rico Fiscal Agency and Financial Advisory Authority and each of its present or former officers, directors, agents, representatives, employees, and members.

2. "Commonwealth" means the Commonwealth of Puerto Rico, including its executive and legislative branches of government, and each of their present or former representatives, employees, and agents.

3. "Document" or "documents" is used in the broadest sense permitted under the Federal Rules of Civil Procedure and the Local Rules for the District of Puerto Rico, including tangible things, correspondence, internal or external memoranda, letters, drafts, non-identical copies, notes including handwritten notes, minutes of meetings, computer records (*e.g.*, email messages), any electronically stored information, recordings (*e.g.*, voicemail recordings), diaries, exhibits, sketches, designs, catalogs, newspapers, magazines, appointment or telephone records, banking records, and notices.

4. "Including" means including but not limited to.

5. "Instrumentality" or "Instrumentalities" means any "covered territorial instrumentality, as defined by PROMESA.

6. "Oversight Board" means the Financial Oversight and Management Board for Puerto Rico and each of its present or former board members, agents, representatives, and employees.

7. "Petition" means the Title III Petition for Covered Territory or Covered Instrumentality filed by the Oversight Board, on behalf of the Commonwealth, on May 3, 2017 in the above-captioned proceeding.

8. "Request" means a document request made in this Rule 2004 motion.

9. "You" or "Your" refers to (1) the Oversight Board; (2) the Commonwealth; and (3) AAFAF, and their respective divisions, subdivisions, offices, departments, agencies, affiliates, and any current and former elected officials, officers, trustees, accountants, attorneys, employees, agents, consultants, experts, and independent contractors, assigns, and any Person or entity acting or purporting to act on their behalf.

**INSTRUCTIONS**

1. Unless otherwise indicated, the communications and documents hereby requested for production and inspection include all documents in Your possession, custody, or control. Without limitation of the terms "possession, custody, or control" as used in the preceding sentence, a communication or document is in Your possession, custody, or control if You have actual possession or custody or the right to obtain the document or a copy thereof upon demand from one or more of Your employees, representatives, agents, independent contractors, consultants, attorneys, advisors, accountants, auditors, or any other person or public or private entity that has actual physical possession thereof. This includes, but is not limited to, documents physically held by Your agents, representatives, employees, attorneys, financial advisors, or other advisors. It also includes any communications and documents contained in any computer, mobile device, server, mainframe, or other storage device (including (i) documents on or in computer memory; (ii) documents on or in computer or network backup files; and (iii) documents which have been "deleted" or "erased" but are recoverable) whether located on-site or at an off-site facility, within Your possession, custody, or control. For the avoidance of doubt, this also includes any communications and documents contained on any personal computer, mobile device, server, mainframe, or other storage device within the possession of Your agents,

2

representatives, employees, attorneys, financial advisors, or other advisors, regardless of whether the device is issued or owned by You.

2. As the term "possession" relates to e-mail, text messages, mobile device chats, and any other electronically stored information, the term includes, but is not limited to, documents and communications contained in Your electronic e-mail, cloud-based, and mobile device directories, including, but not limited to: (a) "deleted" documents and communications that have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (b) "sent" documents and communications, including all subdirectories irrespective of the title of such subdirectories; and (c) "received" documents and communications, including all subdirectories irrespective of the title of such subdirectories.

3. As the Requests relate to e-mail, text messages, mobile device chats, and any other electronically stored information, You are to review the text of each individual document and communication (i.e., not simply review the subject heading or utilize an electronic search device).

4. With respect to the documents produced, You shall produce them as they are kept the usual course of business as defined in Rule 34 of the Federal Rules of Civil Procedure.

5. With respect to electronically stored information, You shall produce them in the format set forth in the annexed Exhibit A.

6. Selection of documents from files and other sources, and the numbering of such documents, shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

7. File folders with tabs, labels, or directories of files identifying documents must be produced intact with such tabs, labels, or directories and the documents contained therein.

8. Documents attached to each other shall not be separated.

9. A document with handwritten, typewritten, or other recorded notes, editing marks, additions, deletions, notations, insertions, corrections, or marginal notes is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

10. Each requested document shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules, or other documents at any time affixed thereto. If a document responsive to any Request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

11. In construing the Requests, the singular includes the plural and vice versa, except as the context may otherwise require; any Request propounded in the present tense shall also be read as if propounded in the past tense and vice versa; and any reference to any gender includes the other gender.

12. The words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of the Request.

13. The words "all," "any," and "each" shall each be construed broadly, meaning "any and all."

14. Any ambiguity in a Request shall be construed to bring within the scope of the Request all responses that otherwise could be construed to be outside of its scope.

15. If You withhold any document requested herein on the basis of any assertion of privilege or other immunity from discovery, that document is to be identified by stating: (i) any addressor and addressee; (ii) any indicated or blind copy; (iii) the document's date, subject matter, and attachment or appendages; and (iv) the nature of the privilege or immunity asserted.

16. If You object to a Request, You must clearly indicate whether any responsive materials are being withheld on the basis of that objection. If You object to only a portion of a Request, You must clearly indicate to which part of the Request the objection is directed, whether any responsive materials are being withheld on the basis of that objection, and provide all documents to which objection is not made as if such part or portion of the Request were propounded as a separate Request.

17. If Your response to a particular Request is that You lack the ability to comply with that Request, You must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Your possession, custody, or control, in which case the name and address of any person or entity known or believed by You to have possession, custody, or control of that information, item, or category of information must be identified.

18. If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this action or unless otherwise permitted by the Court.

19. Terms not specifically defined herein shall be given their ordinary meanings as You understand them to be used in the trade or pursuant to ordinary usage.

20. The Requests shall be deemed to be continuing so as to require supplemental productions as You obtain additional documents between the time of the initial production hereunder and the time of trial in this action.

5

## RELEVANT TIME PERIOD

1. Unless otherwise specified, the time period covered by these Requests is from January 1, 2017 to the present, and shall encompass all documents and information relating in whole or in part to such period.

## DOCUMENT REQUESTS

**REQUEST NO. 1**

Any and all documents regarding the implementation (or lack thereof) of individual segregated retirement accounts for funds deducted from employee payroll.

**REQUEST NO. 2**

Any and all documents relating to any funds withdrawn from Commonwealth employees' payroll on account of mandatory retirement contributions, including but not limited to documents relating to the segregation, location, and investment of such funds.

**REQUEST NO. 3**

Any and all bank statements, checking account statements, investment account statements and savings account statements at all related to funds deducted from employee payroll on account of mandatory contributions by the employees to their retirement.

**REQUEST NO. 4**

All documents and/or communications with the Oversight Board, the AAFAF, the Commonwealth and its Instrumentalities, and/or the administration of Governor Ricardo Antonio Rosselló Nevares related to or concerning each of the above document Requests.

**REQUEST NO. 5**

All documents and/or communications with any third party regarding the implementation of individual segregated retirement accounts for funds deducted from employee payroll.

6