**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br>       as representative of <br><br> THE COMMONWEALTH OF PUERTO RICO, *et al.*, <br><br>       Debtors.[1] | PROMESA <br> Title III <br><br> No. 17 BK 3283-LTS <br><br> (Jointly Administered) <br><br> **Re: ECF Nos. 185, 1881, 1885, 1933 and 2196.** |
| In re: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br>       as representative of <br><br> THE COMMONWEALTH OF PUERTO RICO, <br><br>       Debtor. | PROMESA <br> Title III <br><br> No. 17 BK 3283-LTS <br><br> **This Response relates only to the Commonwealth and shall only be filed in the lead Case No. 17 BK 3283-LTS.** |

**COMMONWEALTH
OF PUERTO RICO'S MOTION TO DISMISS
OBJECTION FILED BY JAVIER MANDRY MERCADO
TO MOTION FOR AN ORDER AUTHORIZING ASSUMPTION
OF AGREEMENT WITH EDUARDO MANDRY MERCADO AND LUCÍA
CASAS CASAL PURSUANT TO BANKRUPTCY CODE SECTION 365 (DOCKET 1881)**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), as a Title III debtor, by and

through the Financial Oversight and Management Board for Puerto Rico, as the Debtors'

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this motion (the "Motion") to seek dismissal of the *Motion in Opposition to Petition (Docket 1881) and in Response to Order (Docket 1885)* [ECF No. 1933] (the "Opposition") and the *Reply to 'Response to Commonwealth of Puerto Rico's Response to Opposition filed by Javier Mandry Mercado to Motion for an Order Authorizing Assumption of Agreement with Eduardo Mandry Mercado and Lucia Casa Casal Pursuant to Bankruptcy Code Section 365' (Docket 1991)* [ECF No. 2196] (the "Reply") filed by Javier Mandry Mercado (the "Objector"). In support of this request, the Commonwealth respectfully represents as follows:

## I. DISCUSSION

1. On November 29, 2017, the Commonwealth filed the *Commonwealth of Puerto Rico's Motion for an Order Authorizing Assumption of Agreement with Eduardo José Mandry Mercado and Lucía Casas Casal Pursuant to Bankruptcy Code Section 365* [ECF No. 1881] (the "Assumption Motion"), requesting approval from the United States District Court for the District of Puerto Rico (the "Court") for its proposed assumption of a certain Assignment of Usufruct Agreement dated August 11, 2016 (the "Agreement") entered by and between Eduardo José Mandry Mercado and Lucía Casas Casal (the "Landlords"), and the Puerto Rico Police Department ("PRPD"). The Agreement grants PRPD the right to use an area of .43892 *cuerdas* (acres) (the "Premises"), for a $1 annual fee until April 1, 2021. The Agreement was entered into as a result of a previous settlement agreement entered into with the Puerto Rico Court of First Instance's approval in the case of *Estado Libre Asociado de Puerto Rico v. Mango S.E., Eduardo José Mandry Mercado v. Municipio Autónomo de Ponce, Finca Matilde, Inc.*, Civil

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Num. J DP2006-0598. As of the date of the filing of this Motion, the only other parties to the Agreement, the Landlords, *have not* opposed the Commonwealth's request to assume the Agreement.

2. Objector, a non-party to the Agreement, argues that he could potentially have a property interest over the Premises if he is successful in annulling several unspecified agreements (some of them entered by his parents while he was a minor in 1982) *via* separate actions and therefore, he has standing to annul the Agreement and reject the Commonwealth's request to assume the Agreement.

3. Objector's objection should be dismissed without a hearing for the following reasons:

   a. **Objector lacks standing**

4. "[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "If a party lacks . . . standing to bring a matter before the court, the court lacks subject matter jurisdiction to decide the merits of the underlying case." *Dubois v. U.S. Dept. of Agriculture*, 102 F.3d 1273, 1281 (1st Cir. 1996). "The standing inquiry is both plaintiff-specific and claim-specific." *Pagán v. Calderón*, 448 F.3d 16, 26 (1st Cir. 2006). Thus, when presented with a standing challenge, "a reviewing court must determine whether each particular plaintiff is entitled to have a federal court adjudicate each particular claim that he asserts." *Id.*

5. The term "standing" has both constitutional and prudential requirements. *Valley Forge Christian Coll. v. Americans United for Separation of Church and State Inc*, 454 U.S. 464, 471 (1982). The Constitutional component demands that the plaintiff must have suffered an actual or imminent "injury in fact," or an invasion of a legally protected interest that is both

3

"concrete and particularized." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The injury must also be "fairly . . . traced to the challenged action and [must] likely . . . be redressed by a favorable decision." *Valley Forge Christian Coll.*, 454 U.S. at 472 (citing *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 38, 41 (1976)). Furthermore, "a plaintiff's complaint [must] fall within the zone of interests protected by the law invoked." *Id*. at 475; *see also Weber v. Cranston School Committee*, 212 F.3d 41 (1st Cir. 2000).

6. Objector has no standing to raise any objections to the Commonwealth's request to assume the Agreement. Objector is not a party to the Agreement, nor has any discernible interest in the Agreement. Only a party to the Agreement or the debtor would have standing to object to the assumption of the Agreement under Bankruptcy Code section 365, as only such parties are "aggrieved" by the assumption. *See* 2 Collier Bankruptcy Manual, ¶ 365.03[1] (4th Edition) ("Only a party who is aggrieved has standing to object to the assumption."); *In Re Dein Host, Inc.*, 835 F. 2d 402 (1st Cir. 1987) (director of lessor corporation does not have standing to challenge chapter 11 debtor's assumption of lease under section 365 where harm to shareholder is derivative from direct injury to corporation, which has not objected); *In re James Wilson Assocs.,* 965 F.2d 160 (7th Cir. 1992) ("we find it very difficult to see who might be an intended beneficiary of this provision [section 365] other than the lessor, and we therefore side with the First Circuit [in *In re Dein Host Inc.*, in holding only the contracting parties have standing]"); *In Re ANC Rental Corp., Inc.*, 277 B.R. 226 (Bankr. Del. 2002) (non-creditor competitor of debtor does not have standing to object as "[s]ection 365 is designed to protect the rights of parties with whom debtors have contractual relationships, in this case the Airport Authorities. If the Airport Authorities choose not to oppose the Debtors' Motions, neither [of the competitors] have standing to assert the Airport Authorities' rights."); *In Re Riverside Nursing Home*, 43 BR 682

4

(Bankr. S.D.N.Y. 1984) (although mortgagee bank that has received an assignment of rents from a chapter 11 debtor landlord as security is regarded as party in interest, it is not a party to such contract or lease within the scope of 11 USC § 365 with standing to compel debtor to assume or reject lease).

7. Section 1109 of the Bankruptcy Code does not change the bilateral nature of the Assumption Motion and does not create standing in the context of section 365 of the Bankruptcy Code for unrelated third parties. *See, e.g., In re James Wilson Associates, Inc.*, 965 F.2d 160, 169 (7th Cir. 1992) (holding that section 1109 was not "intended to waive other limitations on standing, such as that the claimant be within the class of intended beneficiaries of the statute that he is relying on for his claim" and that standing under section 365 is narrower than under section 1109); *Southern Boulevard, Inc. v. Martin Paint Stores (In re Martin Paint Stores)*, 207 B.R. 57, 61-62 (S.D.N.Y. 1997) (holding the same and stating that "[s]ection 365 aims to ensure that the landlord receives the benefit of his bargain, and looks, therefore, to the prejudice to the landlord. It does not deal with a third party's benefit of its own bargain with the landlord.").

8. Here, Objector is not a party to the lease, nor is he affected in any way by the Commonwealth's assumption or rejection of the Agreement. At best, Objector currently has a potential civil action that could presumably render Objector a partial owner of the Premises. The claims are not affected in the slightest by the Commonwealth's assumption or rejection of the Agreement. Moreover, a claim like this would take years to resolve; possibly even longer than the time left on the Agreement, and the possibility of a favorable outcome for Objector in such legal action is completely speculative. Objector can adjudicate his claim against the Commonwealth's counter parties in a more appropriate forum and nothing in the Assumption Motion precludes him from doing so.

9. Therefore, Objector's objection should be dismissed as he lacks standing to object to the Commonwealth's assumption of the Agreement under applicable First Circuit jurisprudence. Objector is not a party to the Agreement, and does not have standing to object under Bankruptcy Code section 365. Objector suffers no grievance as result of the Commonwealth's assumption since Objector's right to challenge the title of the Premises remains unaffected by the Commonwealth's assumption of the Agreement.

### b. Objector's Claims are Irrelevant to the Assumption Motion

9. To determine whether the Commonwealth can assume the Agreement, the Court must only determine whether the proposed assumption is an exercise of sound business judgment. *See, e.g., In re BankVest Capital Corp.*, 290 B.R. 443, 447 (B.A.P. 1st Cir. 2003), *aff'd*, 360 F.3d 291 (1st Cir. 2004) ("Under a motion to assume . . . the only issue properly before a court is whether the assumption or rejection of the subject contract is based upon a debtor's business judgment."); *In re Genco Shipping & Trading Ltd.*, 509 B.R. 455, 463 (Bankr. S.D.N.Y. 2014) (debtors' decision to assume restructuring support agreement represented sound exercise of debtors' business judgment). To satisfy the "'business judgment' test, a debtor must simply put forth a showing that assumption . . . of the executory contract or unexpired lease will benefit the Debtor's estate." *Id*.

10. In this case, Objector has not challenged or questioned whether the Commonwealth can assume the Agreement on the basis of sound business judgment, the *only* requirement of section 365. Indeed, Objector has not truly objected to the Assumption Motion at all. Instead, Objector has merely reiterated a potential cause of action he has to annul several agreements with third parties entered into decades ago that are completely unrelated to the

Commonwealth or its Title III case, in order to attain partial title to the Premises.[3] Regardless of whether Objector has standing or whether or not his claims have merit, his claims are completely irrelevant to the Assumption Motion, and will not be affected by it. Should Objector wish to bring these claims, in the appropriate forum and against the appropriate parties, he may do so. However, it is entirely inappropriate to assert them in the context of the Assumption Motion in this Title III case.[4]

### c. Lack of indispensable parties

11. It should also be noted that, even if Objector has standing and the Court has jurisdiction over the claims raised by the Objector (neither of which are the case), Objector's claims could not properly be adjudicated as Objector has failed to join indispensable parties. Federal Rule of Bankruptcy Procedure 7012(b)(7) provides that a court may dismiss a complaint for failure to join a party under Federal Rule of Civil Procedure 19. A "Rule 12(b)(7) motion should be granted when there is an absent party without whom complete relief will not be possible in the case or whose interest in the controversy is such that to proceed without this party might prejudice it or the parties already present in the case." *Rivera Rojas v. Loewen Group Intern., Inc.*, 178 F.R.D. 356, 360 (D.P.R. 1998).

12. To decide whether a party is required under Rule 19 the court must perform a two-step analysis:

---

[3] Objector has made these claims before, both in this Title III case and elsewhere, and they have been denied before. *See Motion Requesting to Vacate Judgment for Fraud Upon the Court and Other Reliefs* [ECF No. 634], denied by *Order Denying Motion for Reconsideration* [ECF No. 712]; *see also Reply to Motion Requesting to Vacate Judgment (Docket 600) for Fraud Upon the Court and Other Reliefs* [ECF No. 684] at ¶ 4 ("A lengthy complaint filed on June 29, 2016, by Javier Mandry, pro se, against all his family members, a state judge, attorneys for the Commonwealth of Puerto Rico and the Municipality of Ponce in this Court based on the same allegations (Civil No. 16-2229 (JAG)) was dismissed "sua sponte' by Judge García Gregory on January 26, 2017, for a number of reasons, among which, that no basis was found for federal jurisdiction.").

[4] Indeed, it is not even clear that this Court would have subject matter jurisdiction under PROMESA section 306 to adjudicate a claim between two non-debtors that does not affect the debtor's property.

> A court must first determine whether the absent party is necessary under Rule 19(a). If the absent party is not 'necessary, the analysis ends. If, however, the absent party is necessary under Rule 19(a) but joinder of that party is not feasible . . . the court must apply Rule 19(b) to determine whether, in equity and good conscience, the party is indispensable.

*In re Olympic Mills Corp.*, 333 B.R. 540 (1st Cir. BAP) (internal quotation marks and citations omitted); *see also Rivera Rojas*, 178 F.R.D. at 360.

13. According to Rule 19 (a), a party is "necessary" if, (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

14. Here, a formal complaint to annul the various agreements would necessarily require that Objector include as defendants all parties to such agreements and all other persons and entities that could be affected by the undoing of such agreements. *See Burger King v. American Nat'l Bank & Trust Co.*, 119 F.R.D. 672, 675 (N.D. Ill. 1988) (holding that absent party to contract at issue "falls squarely within the terms of Rule 19(a)(2)" and so could not be adjudicated); *see also Wilbur v. Locke*, 423 F.3d 1101, 1113 (9th Cir. 2005) (holding that all parties to contract are generally necessary parties in suit seeking to invalidate contract); *First Nat'l Bank of Chicago as Trustee of Institutional Real Estate Fund F v. Acco USA, Inc.-IBT Retirement Plan*, 842 F. Supp. 311, 319 (N.D. Ill. 1994) (contracting parties have legally protected interest in subject matter of litigation involving that contract under Rule 19(a), making them indispensable parties). Thus, Objector would need to file a formal legal action and include as defendants the current owners of the Premises, Eduardo José Mandry Mercado and Lucía Casas Casal, Objector's parents (or alternatively, their estate), the rest of the prior owners of the

Premises, all parties to all the agreements Objector seeks to annul and any other persons or entities with recorded interests over the Premises or that could be affected by Objector's claim. In the absence of any of these parties, this Court (or any court) would not be able to afford complete relief to Objector's claim. Therefore, any such claims by Objector should be dismissed pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(7) for failure to include indispensable parties.

          d. **Objector's Claims are Flawed Substantively.**

15. In addition to Objector's lack of standing, the irrelevance of his Opposition to the Assumption Motion, and his failure to include indispensable parties, Objector's arguments also fail on the merits. First, Objector has admitted that he lacks the necessary evidence to substantiate his claims. *See* Opposition at 2. Second, his Reply states that on or around December 13, 1996, Objector was "forced" to enter into a power of attorney that allowed his parents to enter on his behalf a deed or ratification of segregation and sale, which allegedly transferred the title of the Premises to the Ponce municipality. Reply at 4-5. However, any cause of action to invalidate said agreement on the basis that it was entered into through "violence" or "intimidation" has a four (4) year statute of limitations in Puerto Rico. *See* Article 1253 of the Puerto Rico Civil Code, 31 L.P.R.A. § 3512; *S.L.G. Ortiz-Alvarado v. Great American*, 182 D.P.R. 48, 62-63 (2011). Given that this agreement was entered into more than twenty (20) years ago, this claim is now clearly time-barred. Hence, there is simply no reason to entertain Objector's objection here.

## CONCLUSION

16. For the foregoing reasons, the Commonwealth hereby requests that Objector's Opposition to the Commonwealth assumption of the Agreement be denied without a hearing.

Dated: February 27, 2018

San Juan, Puerto Rico

Respectfully submitted,

/s/ Martin J. Bienenstock

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Maja Zerjal (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as Representative for the Debtors*

/s/ Hermann D. Bauer

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as Representative for the Debtors*