# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,[1]<br><br>                        Debtors. | PROMESA<br>Title III<br><br><br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**RESERVATION OF RIGHTS OF THE QTCB NOTEHOLDER GROUP TO MOTION FOR ENTRY OF THIRD ORDER EXTENDING TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO BANKRUPTCY CODE SECTION 365(d)(4)**

The QTCB Noteholder Group,[2] whose members collectively hold hundreds of millions of dollars in principal amount of those certain Qualified School Construction Bonds and Qualified Zone Academy Bonds (collectively, the "QTCBs") issued by the Puerto Rico Public Buildings Authority (the "PBA"), and guaranteed by the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to Act No. 56 of the Legislative Assembly of Puerto Rico, approved June 19, 1958, (as amended, the "PBA Enabling Act") and under the provisions of PBA Resolution No. 468 adopted June 22, 1995, as supplemented by Resolution No. 1596

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers listed as Bankruptcy Case numbers due to software limitations).

[2] The QTCB Noteholder Group shall have the same meaning as set forth in Notice of Appearance and Request for Notice [ECF No. 134] and Verified Statement of the QTCB Noteholder Group Pursuant to Bankruptcy Rule 2019 [ECF No. 1053].

adopted August 10, 2011, and Resolution No. 1618 adopted December 19, 2011, (collectively, the "PBA Bond Resolution") submits this reservation of rights (the "Reservation")[3] in the above-captioned Title III cases (the "Title III Cases") to the *Motion for Entry of Third Order Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Bankruptcy Code Section 365(d)(4)* [ECF No. 2494] (the "Motion") and in support thereof, respectfully states as follows:

*First and foremost*, the QTCB Noteholder Group recognizes and appreciates the continued difficulties facing Puerto Rico and its residents in the aftermath of the damage Hurricanes Maria and Irma caused and agree that a reasonable, limited extension of the deadline for the Commonwealth and/or any other Debtors to assume or reject the PBA Leases[4] under section 365(d)(4) of the Bankruptcy Code (the "Deadline") is appropriate.

*Second*, although no one reached out to discuss an extension of the Deadline in advance of filing the Motion, the QTCB Noteholder Group appreciates that the Oversight Board was responsive to the QTCB Noteholder Group's request to reduce the extension request from 180 days to 120 days.

*Third*, notwithstanding such collaboration and the QTCB Noteholder Group's repeated efforts to promote a constructive and consensual path to the reorganization of PBA and the Commonwealth's related obligations, including discussions with providing PBA with forbearances relating to ongoing payment defaults, the Debtors have not provided any meaningful third party beneficiary "creditor participation and transparency [ ] critical to ensur[ing] the integrity of any effort by the Commonwealth to further extend the deadline and/or

---

[3] Pursuant to the Order Extending Deadlines [ECF No. 2560], the time for the QTCB Noteholder Group to respond to the Motion is extended to February 26, 2018 at 12:00 p.m. AST.

[4] Capitalized terms not otherwise defined here in shall have the meanings ascribed to such terms in the Motion.

modify or restructure the PBA Leases." *See QTCB Noteholder Group's Reservation of Rights Regarding Motion for Entry of Order Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property* [ECF No. 783] ¶ 7; and *Objection of the QTCB Noteholder Group to Motion for Entry of Order Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Bankruptcy Code Section 365(d)(4)* [ECF. No. 1584] at 3 (collectively the "QTCB Lease Motion Objections"). Neither the PBA nor the Debtors (i) consulted with the QTCB Noteholder Group regarding the need for an appropriate extension, or (ii) have disclosed whether the Debtors are satisfying their obligations under the PBA Leases, and what, if any, assurances the Debtors have provided of continued performance of those obligations until rejection or assumption occurs. This lack of transparency regarding the Debtors' compliance with the obligations of the PBA Leases is indicative of the risks facing PBA and its creditors: that PBA's statutory rights as lessor under section 365(d)(4) of the Bankruptcy Code are in danger of being compromised in an "agreement" reached solely between related parties on terms that no third party lessor (or third party beneficiary) would ever accept.

**Fourth**, the QTCB Noteholder Group, and other similarly situated bondholders, are third party beneficiaries under the PBA Leases. For example all four of the leases attached to the Official Creditors Committee's recent filing included the following language:[5]

> Benefits. This Master Sublease Contract shall inure to the benefit of and be binding on the parties hereto, their successors and assigns ***and shall also inure to the benefit of the holders of bonds issued under the Bond***

---

[5] *See Declaration of Nicholas A. Bassett in Support of Preliminary Objection of Official Committee of Unsecured Creditors to Motion of PBA Funds for Payment of Rent Dated February 13, 2018* [ECF No. 2586-1], Lease Contract dated October 1, 1992 (Exhibit 1), § 7.05; Lease Contract dated August 1, 2009 (Exhibit 2), § 6.05; Master Sublease Contract dated August 24, 2011 (Exhibit 3), § 6.04; and Master Sublease Contract dated December 22, 2011 (Exhibit 4), § 6.04.

*Resolution*, as their respective interest may appear." (emphasis added)

The exclusion of third party beneficiaries such as the QTCB Noteholder Group from consultation regarding the PBA Leases and enforcement thereof, impermissibly jeopardizes the rights and benefits of the QTCB Noteholder Group under the PBA Leases.

As of the date of filing this Reservation of Rights, the QTCB Noteholder Group is engaged in discussions with AAFAF to implement arrangements to preserve the respective rights of PBA, the QTCB Noteholder Group, the Commonwealth and the Oversight Board and provide a platform for transparency and creditor input with respect to the relationship, claims and ultimate restructuring relating to PBA and the Commonwealth's obligations related thereto.

For the foregoing reasons, the QTCB Noteholder Group requests that nothing in the Order, nor the passage of time in connection with the extension of the Deadline, prejudice, waive or compromise the rights of the PBA or the QTCB Noteholder Group to assert claims in connection with the PBA Leases, including, but not limited to, general unsecured claims, secured claims or administrative expense claims (including claims for unpaid postpetition rent), or to pursue any other right or remedies afforded to them under the PBA Leases, the PBA Enabling Act, the PBA Bond Resolution, or any other applicable contract, law or regulation.

The QTCB Noteholder Group further expressly reserves any and all (direct or derivative) claims and rights to object, intervene, act, or bring or make any motion, request, or argument regarding the PBA Leases arising under the PBA Leases, the PBA Enabling Act, the PBA Bond Resolution, the Bankruptcy Code, PROMESA and all other applicable laws.

Dated: February 27, 2018

**BRACEWELL LLP**

*/s/ Kurt A. Mayr*
Kurt A. Mayr (*pro hac vice*)
David L. Lawton (*pro hac vice*)
City Place I, 34th Floor
185 Asylum Street
Hartford, CT 06103
Telephone: (860) 256-8534
Email: kurt.mayr@bracewell.com

*Counsel for the QTCB Noteholder Group*

**CORREA ACEVEDO & ABESADA LAW OFFICES, P.S.C.**
Centro Internacional de Mercadeo, Torre II
# 90 Carr. 165, Suite 407
Guaynabo, P.R. 00968
Tel. (787) 273-8300; Fax (787) 273-8379

*/s/ Roberto Abesada-Agüet*
USDC-PR No. 216706
E-Mail: ra@calopsc.com

/s/ *Sergio E. Criado*
USDC-PR No. 226307
E-Mail: scriado@calopsc.com

*Co-Counsel for the QTCB Noteholder Group*

**I HEREBY CERTIFY** that on February 27, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send automatic notifications of such filing to all attorneys of record.

*/s/ Roberto Abesada-A*güet
Roberto Abesada-Agüet
USDC-PR No. 216706

/s/ *Sergio E. Criado*
USDC-PR No. 226307
E-Mail: scriado@calopsc.com
Centro Internacional de Mercadeo II
#90 Carr. 165 Suite 407
Guaynabo, Puerto Rico 00968-8064
ra@calopsc.com
(787) 273- 8300

*/s/ Kurt A. Mayr*
Kurt A. Mayr
Bracewell LLP
City Place I, 34th Floor
185 Asylum Street
Hartford, CT 06103
Tel: (860) 254-8534
Email: kurt.mayr@bracewell.com