UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

RECEIVED & FILED
2018 FEB 26 PM 1:11

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO, et al.

Debtors[1]

PROMESA
TITLE III

No. 17 BK 3283-LTS
(Jointly Administered)

Re: ECF No. 262, 1065, 1512

## MOTION REQUESTING CONSIDERATION RELIEF FROM AUTOMATIC STAY WITH MOVANT CERTIFICATION

**TO THE HONORABLE COURT:**

**COMES NOW,** Luisa Murray Soto ("Ms. Murray" or "Movant"), *pro se*, and respectfully request to this Court an Order pursuant to 11 U.S.C. §362 for relief the Automatic Stay and, in support of this motion, states and pray as follows:

I. PROCEDURAL BACKGROUND

1. Movant is a former career government employee that work for the Commonwealth of Puerto Rico's Office of Management and Budget ("PR-OMB") request to continue a prepetition

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID"3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

ordinary course civil action against Debtor under Case No. 2016-04-1109 of the *Debtor's First Omnibus Motion for Approval of Stipulations Modifying the Automatic Stay* (Doc# 2162) (the "Motion") and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF")[2] on behalf of the Commonwealth of Puerto Rico.

2. As career government employee of the Commonwealth's PR-OMB, Movant has a vested right over her position and compensation as a career government employee, protected from a taking without due process, as provided in Section 7 of Article II of the Constitution of the Commonwealth of Puerto Rico. See Díaz Carrasquillo v. García Padilla, 191 D.P.R. 97, 111-112 (2014).

3. The administrative forum with jurisdiction to oversee any employment action against a government employee of the Commonwealth of Puerto Rico is the Public Service Appeals Commission (by its acronym in Spanish, "CASP"). The CASP created pursuant to the Reorganization Plan No. 2 approved on July 26, 2010, known as the "Plan for the Reorganization of the Public Service Appeals Commission".

4. On April 1st 2016, the Movant filed before the Public Service Appeals Commission (by its acronym in Spanish, "CASP")[3] a claim against the Commonwealth of Puerto Rico in the case Luisa Murray Soto v. Oficina de Gerencia y Presupuesto, No. 2016-04-1109, challenging the PR-OMB's unlawful denial to receive compensation-three year raise to Movant's career position as Auditor III of the PR-OMB.

---

[2] The Financial Oversight and Management Board for Puerto Rico, as the Debtors' representative pursuant to section 315(b) of the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA"), has authorized AAFAF to consent to this joint motion on behalf of PR-OMB.

[3] The Puerto Rico Act No. 184 of August 3, 2004 repealed the Act No. 5 and was replaced by the Appeal Commission of Public Service Human Resources Administration System (known as acronym "CASARH"). Then, the Appeal Commission of the Public Service (by its acronym in Spanish, "CASP") was created pursuant to the Reorganization Plan No. 2 approved on July 26, 2010, known as the "Plan for the Reorganization of the Appellative Commission for the Public Service".

5. After completing all required procedural processes, on September 16, 2016, the CASP issued an Partial Resolution to Debtor and Movant (see attachment, **Exhibit I**).

6. On May 9, 2017, the Financial Oversight and Management Board of Puerto Rico, as representative of the Commonwealth of Puerto Rico, filed the above captioned case pursuant to Title III of PROMESA. See Dkt. 1.

7. On August 25th, 2017, the Legal Representative of PR-OMB filed a Notice before CASP to explain about a petition under Title III has the effect of an automatic stay pursuant to Section 301(a) of PROMESA, which states, among other things, that 11 U.S.C. §362 of the United States Bankruptcy Code are applicable for petitions under Title III.

## II. DISCUSSION

Mrs. Murray Soto is not a public bonds investor, neither a creditor of the Commonwealth of Puerto Rico.

Mrs. Murray Soto's claim does not have any relation with the debts that prompted PROMESA.

It is Movant's position that the automatic stay of the Case before CASP should be lifted pursuant to 11 U.S.C. §362 (d)(1), which allows this Honorable Court to grant relief from the automatic stay "for cause".

It is Memorandum and Order issued on July 7, 2017 in the above captioned case, this Honorable Court determined that,

> [t]o determine whether cause exists to lift the bankruptcy stay, courts in this district rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). Of particular relevance to the instant case are the following

3

> factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case", "the interests of judicial economy and the expeditious and economical resolution of the litigation," "**whether the parties are ready for trial in the other proceeding**," and the "impact of the stay on the parties and the balance of harms".

See Dkt. 600, at page 2, (Internal citations omitted). In Sonnax, another factor to be considered is "whether a specialized tribunal with the necessary expertise has been established to hear the cause of action". In re Sonnax Indus., Inc., 907 F.2d, at 1286.

The Puerto Rico's Court of Appeals is the local judicial forum first called to litigate an administrative determination. In the case of the Litigation, the Court of Appeal cited the Article II, Section 7 of the Constitution of the Commonwealth of Puerto Rico, stated that:

> The right to life, liberty and the enjoyment of property is recognized as a fundamental right of man. The death penalty shall not exist. **No person shall be deprived of his liberty or property without due process of law. No person in Puerto Rico shall be denied the equal protection of the laws. No laws impairing the obligation of contracts shall be enacted.** A minimum amount of property and possessions shall be exempt from attachment as provided by law. (Emphasis by Movant)

In sum, as stated above, the relief would result in a complete resolution of the issue. Furthermore, according with the evidence (Exhibit I), the administrative case is not a preliminary phase. Moreover, the Debtor did not agree with Movant to lift of the Title III without sufficient evidence when the case is ready for trial and permit the claim to continue.

Taking into consideration the factors listed above provided in Sonnax, in the balance of harm, the harm that would result to Movant from the continuation of the stay noticed by the Legal Representation of PR-OMB with regards to the Case, including her ability to continue the case and eventually, outweighs any harm that might be suffered by the Commonwealth of Puerto Rico if the stay is lifted or modified. In the event that all of the appellate stages end in a determination by the CASP's related to the claim.

4

In sum, allowing that the CASP determination related to the Case proceed would not interfere with PROMESA's Title III case, hence the stay should be lifted. Therefore, the Movant has demonstrated that cause exists for the automatic stay to be lifted to allow the Administrative Case to proceed.

WHEREFORE, Movant respectfully requests that the Court enter an order granting Movant's relief from the automatic stay, and allowing issuing an administrative judgment in the case <u>Luisa Murray Soto v. Oficina de Gerencia y Presupuesto</u>, No. 2016-04-1109, currently before the Public Service Appeals Commission.

## CERTIFICATION

The Movant has contacted counsels for the Oversight Board and AAFAF by electronic-email and sent the Lift of Stay Notice dated by September 1st, 2017. Then, the Movant contacted by phone and electronic-email with the Debtors regarding the requested relief. The Movant disagree with the modification expressed by the Debtor about to decline the relief of the automatic stay as requested by the Movant.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY: That on this same date, we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF Filing System which will send a notification of such to the parties of record and to all interested subscribed users.

**MOVANT** certifies she have also sent a true and exact copy of this Motion via e-mail to counsel for PR-OMB in the proceedings than have been stayed pursuant to the commencement of the Commonwealth's of Puerto Rico Title III case.

RESPECTFULLY SUBMITTED

5

IN SAN JUAN, PUERTO RICO, this 26th day of February 2018.

s/Luisa Murray-Soto
**Luisa Murray Soto, *Pro Se***
3 Carr 784 Apt 3201
River Glance
Caguas, PR 00727
Phone number: 239.986.1793
lumurr@gmail.com