**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                      Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**Re: ECF Nos. 2494, 2557, 2598, and 2602** |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                      Movants,<br><br>   -against-<br><br>THE PBA FUNDS; AMBAC ASSURANCE CORPORATION; and THE QTCB NOTEHOLDER GROUP,<br><br>                      Respondents. | |

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**OMNIBUS REPLY OF FINANCIAL
OVERSIGHT AND MANAGEMENT BOARD PURSUANT
TO BANKRUPTCY CODE SECTION 365(d)(4) TO RESPONSES
TO MOTION FOR ENTRY OF THIRD ORDER EXTENDING TIME
TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL
PROPERTY WITH PUERTO RICO PUBLIC BUILDING AUTHORITY AS LESSOR**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Electric Power Authority ("PREPA," and together with the Commonwealth, COFINA, HTA, and ERS the "Debtors," and each individually a "Debtor"), as Title III debtors, by and through the Financial Oversight and Management Board for Puerto Rico(the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[2] respectfully submit this omnibus reply (the "Reply") to:

(a) the *Limited Objection of the PBA Funds to the Motion to Extend Time to Assume or Reject Unexpired Leases* [ECF No. 2557] (the "PBA Funds Objection") filed by the PBA Funds (as defined in the PBA Funds Objection);

(b) the *Ambac Assurance Corporation's Joinder to the Limited Objection of the PBA Funds to the Motion to Extend Time to Assume or Reject Unexpired Leases* [ECF No. 2598] (together with the PBA Funds Objection, the "Objections") filed by Ambac Assurance Corporation ("Ambac," and together with the PBA Funds, the "Objectors"); and

(c) the *Reservation of Rights of the QTCB Noteholder Group to Motion for Entry of Third Order Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Bankruptcy Code Section 365(d)(4)* [ECF No. 2602] (the "QTCB Reservation of Rights," and together with the Objections, the "Responses") filed by the QTCB Noteholder Group (as defined in the QTCB Reservation of Rights, and together with the Objectors, the "Respondents").

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

In support of this Reply and the Motion, the Debtors respectfully aver:[3]

**Preliminary Statement**

1. The Title III Debtors, as tenants, have requested that the Court enter an order extending their deadlines to assume or reject the PBA Leases for 120 days. The PBA Funds filed a limited objection to the Motion on the basis that any order granting it should be conditioned on the Debtors' payment of any rent due under the PBA Leases, to which objection Ambac filed a joinder. In addition, the QTCB Noteholder Group filed a reservation of rights, which, while not an objection, raises legal issues related to the Objections.[4] For the reasons set forth herein and in (a) the previous *Omnibus Reply of Financial Oversight and Management Board to Objections of PBA Funds and QTCB Noteholder Group, and Ambac Joinder, to the Motion to Extend Time to Assume or Reject Unexpired Leases* [ECF No. 1716], (b) the *Objection of Financial Oversight and Management Board to Motion of PBA Funds for the Payment of Rent* [ECF No. 2587] (the "FOMB Rent Objection"), and (c) the *Preliminary Objection of Official Committee of Unsecured Creditors to Motion of PBA Funds for Payment of Rent Dated February 13, 2018* [ECF No. 2586] (together with the FOMB Rent Objection, the "Rent Objections"), the Objections and the QTCB Reservation of Rights, to the extent construed as an objection, should be overruled.[5]

---

[3] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the *Motion for Entry of Third Order Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property Under Which the Puerto Rico Public Building Authority Is the Lessor Pursuant to Bankruptcy Code Section 365(d)(4)* [ECF No. 2494] (the "Motion").

[4] The QTCB Noteholder Group asserts they are third-party beneficiaries of the PBA Leases. As set forth further in the FOMB Rent Objection, no creditor of PBA has the right to directly enforce PBA's rights under its leases. The Court need not address the QTCB Noteholder Group's assertion of third-party beneficiary rights as it is not relevant to the requested section 365(d)(4) extensions.

[5] For the remainder of this Reply, it is assumed the QTCB Reservation of Rights, or portions thereof, could be construed as an objection.

2. As a preliminary matter, the Responses should be overruled because Respondents lack standing to object. The PBA Funds hold Government Facilities Revenue Bonds and Government Facilities Revenue Refunding Bonds issued by the Puerto Rico Public Buildings Authority ("PBA"). Ambac is an insurer of certain bonds issued by PBA and guaranteed by the Commonwealth. The QTCB Noteholder Group holds Qualified School Contraction Bonds and Qualified Zone Academy Bonds issued by PBA. As creditors of PBA, Respondents do not have standing to object to the Motion. To circumvent this issue, Respondents attempt to step into the shoes of PBA by asserting arguments that directly implicate PBA's rights. However, PBA has already asserted its rights as a lessor by consenting to the extension of the time periods under Bankruptcy Code section 365(d)(4) as applicable to each of the Debtors. The Respondents have failed to establish grounds under applicable nonbankruptcy law (as PBA is not a Title III debtor) to assert rights as a creditor of PBA on behalf of PBA, especially where PBA has already exercised such rights in its own discretion to consent to the requested extension. Even if the Respondents had party-in-interest standing to be heard in the Debtors' Title III cases under Bankruptcy Code section 1109(b), they could not control any opposition of PBA to the requested extensions (which, in fact, PBA does not oppose).

## Reply

**I.  The Respondents Lack Standing to Object**

3. Respondents lack standing to object to the Motion because the Responses assert rights belonging to PBA—the right of a purported lessor[6] to consent to an extension of the period

---

[6] As explained in the Rent Objections, the sole purpose of PBA's leases is to provide debt service on bonds issued by PBA, and thus the purported leases are likely not true leases entitled to landlord rights under section 365. The Debtors reserve all rights with respect to the characterization of the PBA Leases, and assert this determination is a prerequisite to any order or judgment compelling payment of postpetition rent.

during which a debtor-tenant must assume or reject unexpired leases of nonresidential real property pursuant to Bankruptcy Code section 365(d)(4), made applicable to these Title III cases by PROMESA section 301(a). As expressly provided in section 365(d)(4), the court may grant an extension upon the written consent of <u>the lessor</u> (and no other party). *See* 11 U.S.C. § 365(d)(4)(B)(ii). As noted in the Motion, PBA has considered and exercised its purported rights under section 365(d)(4) and provided written consent to the requested extensions.

4. Section 365(d)(4) does not confer on the Respondents (as creditors of PBA, a creditor-lessor, in these Title III cases) any rights with respect to the requested extensions. Courts have held, where the Bankruptcy Code has conferred rights upon a party, creditors of that party do not have standing to enforce those rights.[7] For example, in *In re Riverside Nursing Home*, 43 B.R. 682 (Bankr. S.D.N.Y. 1984), the court held an assignee of rents does not have standing under section 365(d)(2) to compel a debtor-lessee to assume or reject the lease following the mortgagor-lessor's default. In interpreting section 365(d)(2), the court noted "the statutory language does not say that any creditor or party in interest who may appear and be heard on any issues in a Chapter 11 case may compel a debtor to assume or reject a lease." *Id.* at 684. "Only 'a party to such contract or lease' has standing to seek such relief." *Id.* The court rejected the rent assignee's argument it had standing because the rent assignee was the only real party in interest who may collect the rent from the debtor due to the economic relationship between the rent assignee and mortgagor-lessor. *Id.* at 685. The court noted, "[t]his argument elides the fact that the statutory language in 11 U.S.C. § 365(d)(2) does not specify that a party in

---

[7] *See In re Irwin Yacht Sales*, 164 B.R. 678 (Bankr. M.D. Fla. 1994) (finding ex-wife of lessor, who was awarded one-half interest in the leased property, did not have standing to oppose debtor's motion to assume lease under section 365); *see also In re Tubular Techs., LLC*, 362 B.R. 243, 245 (Bankr. D.S.C. 2006) (finding that lessor has standing under section 365(d)(4) "[d]espite the fact that [lessor] is not receiving and may not be entitled to receive rental income").

5

interest, or, for that matter, a creditor with an economic relationship to a debtor's unexpired lease, may compel the debtor to assume or reject it." *Id.* Allowing creditors of lessors under section 365(d)(4) to attempt to enforce landlord rights is not supported under the plain statutory language, and would serve only to bring disputes among nondebtors (*i.e.*, landlords and their creditors) before the bankruptcy court. *See In re James Wilson Assocs.*, 965 F.2d 160, 169 (7th Cir. 1992) ("[W]e find it very difficult to see who might be an intended beneficiary of [section 364(d)(4)] other than the lessor . . . . A rule that allows other creditors to complain that the lease was not assumed will simply provoke arid controversies . . . .").

5. Furthermore, implicit in the Responses is the contention that the Motion may cause PBA to experience decreased revenues and that such decreased revenues will prejudice Respondents. This argument reveals the derivative nature of Respondents' interests and is, thus, an attempt by Respondents to step into the shoes of PBA and assert arguments that directly implicate PBA's rights. They cite no legal authority providing them derivative standing to assert rights of PBA, an instrumentality of the Commonwealth.

**II.     The Objectors Impermissibly Request the Court
         Circumvent the Plain Language of Bankruptcy Code Section 365(d)(4)**

6. The plain language of Bankruptcy Code section 365(d)(4) and the legislative history provides that where the lessor's written consent has been obtained, a court may extend the time periods under section 365(d)(4). Bankruptcy Code section 365(d)(4)(B)(ii) provides "the court may grant a subsequent extension only upon prior written consent of <u>the lessor</u> in each instance." 11 U.S.C. § 365(d)(4)(B)(ii) (emphasis added).[8] By requiring only the lessor's

---

[8] H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 86 (2005) ("Any subsequent extension can only be granted by the judge upon the prior written consent of the lessor either by the lessor's motion for an extension or on motion of the trustee, provided that the trustee has the prior written approval of the lessor.")

consent for extensions under this section, Congress intended to limit the court's discretion. *See In re Dickinson Theatres, Inc.*, 2012 Bankr. LEXIS 5684, at *8 (Bankr. D. Kan. Dec. 4, 2012) ("The legislative history of § 365(d)(4) indicates that the provision requiring lessor consent for extensions of time in excess of 90 days, was 'designed to remove the bankruptcy judge's discretion' . . . ." (quoting H.R. Rep. No. 109-31, Pt.1, p. 86 109th Cong. 1st Sess. (2005), reprinted in E-2 *Colliers on Bankruptcy*, App. Pt. 10(b) at 10-354 (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 16th ed. rev. 2012))). Notably, section 365(d)(4)(B)(ii) imposes no other requirements other than the written consent of the lessor.

7. Respondents, however, ask the Court to insert a new condition to a section 365(d)(4) extension – payment of postpetition rent and/or consent from not only the landlord but also its creditors – that the statute plainly does not require. "[W]hen the statute's language is plain, the sole function of the courts–at least where the disposition required by the text is not absurd–is to enforce it according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) (internal quotation marks omitted) (quoting *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241 (1989) (in turn quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917))). Here, all that section 365(d)(4)(B)(ii) requires for an extension of time to assume or reject a lease is the prior consent of the lessor, which the Debtors have obtained.

8. The Respondents also overlook that PBA is an instrumentality of the Commonwealth. The Commonwealth's instrumentalities are not a band of lone rangers, each out for themselves. They form an integrated territory under which all instrumentalities participate for the overall good, subject to all applicable statutes and jurisprudence protecting creditors. Rent payments to PBA are essentially debt service payments to PBA bondholders, which are also

contingent guaranty creditors of the Commonwealth. PBA has consented to the requested extension without requiring what are essentially postpetition debt payments, to allow the Commonwealth to pursue the adjustment of its debts in Title III.

### III. The Debtors' Restructuring Efforts Would Be Jeopardized Without the Relief Requested in the Motion.

9. As explained more fully in the Motion, if the Debtors are required to decide prematurely whether to assume the PBA Leases (if they are true leases in the first place), only to find that such leases are not necessary for their reorganization, the Debtors would be saddled with an administrative expense claim for all amounts due under the leases (which may extend for many years after a plan of adjustment is confirmed), including the cure amounts that would otherwise be prepetition unsecured rejection damage claims. In a scenario where any lease was unnecessary for the reorganization of the Debtors and was assumed only because the Debtors were forced to decide prematurely whether to reject or assume the lease, the Debtors would be saddled with lease payments until the full term ended.

10. Accordingly, for the reasons stated above and in the Motion, the Court should overrule any opposition to set forth in the Responses and grant the requested section 365(d)(4) extensions.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Oversight Board respectfully requests the Court (a) overrule the Responses, (b) enter the Proposed Order, substantially in the amended form filed at ECF No. 2571, and (c) grant the Debtors such other relief as is just.

Dated: March 2, 2018
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Maja Zerjal (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as Representative for the Debtors*

*/s/ Herman D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as Representative for the Debtors*