Hearing Date: March 7, 2018 at 9:30 a.m. (AST)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## RESERVATION OF RIGHTS OF THE AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS AS TO MOTION OF PBA FUNDS FOR THE PAYMENT OF RENT

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's Federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 04780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Ad Hoc Group of General Obligation Bondholders (the "GO Group") respectfully submits this Reservation of Rights as to the PBA Funds' *Motion for the Payment of Rent* (Dkt. 2492, the "Rent Motion").[2] In support of its Reservation of Rights, the GO Group states as follows:

1. The Rent Motion seeks to compel the Debtors to satisfy all post-petition rental obligations arising under leases between the Puerto Rico Public Buildings Authority (the "PBA") and the Debtors. See Rent Motion ¶ 27. In its objection to the Rent Motion, the Oversight Board primarily contends that the PBA Funds, as holders of bonds issued by the PBA, lack standing to enforce the terms of the PBA's leases with the Debtors. See Dkt. 2587 (the "Board Objection") ¶¶ 14-31.

2. The Oversight Board also glancingly suggests that, based on a "preliminary review," the PBA's leases with the Debtors may be more appropriately characterized as financing transactions, rather than true leases. Board Objection ¶ 32. Thus, the Board contends, the Court should not grant the relief requested by the PBA Funds until it determines that all of the leases on which the PBA Funds seek to compel payment are in fact true leases. See *id.* ¶ 33. In its objection, the Official Committee of Unsecured Creditors (the "UCC") echoes the Board's contention regarding recharacterization of the PBA leases. See Dkt. 2586 (the "UCC Objection") ¶¶ 19-24. The UCC also questions the validity of bonds issued by the PBA, on the theory that those bonds are, in substance, debts of the Commonwealth that should have been included in the calculation of the Commonwealth's constitutional debt limit. See *id.* ¶¶ 28-29.

---

[2] The GO Group submits this Reservation of Rights exclusively on its own behalf and does not assume any fiduciary or other duties to any other creditor or person.

3. As the Oversight Board and UCC appear to acknowledge, the recharacterization and validity arguments floated in the Board Objection and the UCC Objection rest on contested factual issues that could be resolved only with a full evidentiary record. Indeed, the Board points to the possibility of rechacterization as a reason for the Court to withhold relief *pending further proceedings*, rather than as a reason to deny the Rent Motion altogether. See Board Objection ¶ 33. The UCC likewise couches its validity argument in the same way. See UCC Objection ¶ 28. It therefore follows that any resolution of the recharacterization and validity questions would be premature at this stage.

4. Although the GO Group does not take any position with respect to the Rent Motion at this time, the GO Group reserves the right to be heard on the issues raised by the Board Objection and the UCC Objection in the event that the Court determines that resolution of those issues is necessary to dispose of the Rent Motion or in the event that those issues are later presented in another procedural context.

[*The remainder of this page is intentionally left blank.*]

| | |
|---|---|
| Dated: March 2, 2018 | Respectfully submitted, |
| /s/ Ramón Rivera Morales | /s/ Mark T. Stancil |
| J. Ramón Rivera Morales | Lawrence S. Robbins (admitted *pro hac vice*) |
| USDC-PR Bar No. 200701 | Gary A. Orseck (admitted *pro hac vice*) |
| JIMÉNEZ, GRAFFAM & LAUSELL | Kathryn S. Zecca admitted *pro hac vice*) |
| P.O. Box 366104 | Mark T. Stancil (admitted *pro hac vice*) |
| San Juan, PR 00936 | Ariel N. Lavinbuk (admitted *pro hac vice*) |
| Telephone: (787) 767-1030 | Donald Burke (admitted *pro hac vice*) |
| Facsimile: (787) 751-4068 | ROBBINS, RUSSELL, ENGLERT, ORSECK, |
| Email: rrivera@jgl.com | UNTEREINER & SAUBER LLP |
| | 1801 K Street, N.W., Suite 411-L |
| | Washington, DC 20006 |
| | Telephone: (202) 775-4500 |
| | Facsimile: (202) 775-4510 |
| | Email: mstancil@robbinsrussell.com |
| | /s/ Andrew N. Rosenberg |
| | Andrew N. Rosenberg (admitted *pro hac vice*) |
| | Richard A. Rosen (admitted *pro hac vice*) |
| | Walter Rieman (admitted *pro hac vice*) |
| | Kyle J. Kimpler (admitted *pro hac vice*) |
| | Karen R. Zeituni (admitted *pro hac vice*) |
| | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| | 1285 Avenue of the Americas |
| | New York, NY 10019 |
| | Telephone: (212) 373-3000 |
| | Facsimile: (212) 757-3990 |
| | Email: arosenberg@paulweiss.com |

*Counsel to the Ad Hoc Group of General Obligation Bondholders*