## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re:** | |
| **THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO** | **PROMESA, Title III** |
| **AS REPRESENTATIVE OF** | **Case No. 17-BK-3283 (LTS)** |
| **THE COMMONWEALTH OF PUERTO RICO** | |
| **Debtor** | |

### REPLY TO "*OBJECTION OF THE COMMONWEALTH TO MOTION REQUESTING RELIEF FROM AUTOMATIC STAY FILED BY MITSUBISHI MOTORS (SIC) SALES OF CARIBBEAN, INC.*"

**TO THE HONORABLE COURT:**

**COMES NOW**, Mitsubishi Motor Sales of Caribbean, Inc. ("MMSC"), plaintiff in a civil action filed before the Puerto Rico Court of First Instance, San Juan Section, styled *Mitsubishi Motor Sales of Caribbean, Inc. v. Hon. Raul Maldonado Gautier, as Secretary of the Puerto Rico Treasury Department, et al.*, Civil No. KCO 2016-0026 (903), regarding request for declaratory judgment and refund of excise taxes paid in excess by MMSC, which has been stayed pursuant to Title III of PROMESA (hereinafter, the "State Action"), by and through the undersigned legal counsel, seeking relief from the automatic stay to allow the continuation of the State Action, and very respectfully states and prays as follows:

### I.    INTRODUCTION

1.    On February 13, 2018, MMSC filed a "Motion Requesting Relief from Automatic Stay", along with a "Memorandum in Support of Mitsubishi Motor Sales of Caribbean, Inc.'s Motion Requesting Relief from the Automatic Stay" (hereinafter, the "Stay Relief Motion").

2.    In attention to the Stay Relief Motion, on February 14, 2018, this Honorable Court entered an "Order Scheduling Briefing of Motion Requesting Relief from Automatic Stay", setting, among other things, the deadlines for the filing of opposition and reply papers.

Case No. 17-BK-3283 (LTS)                                  **Hearing Date**: March 7th, 2018, at 9:30 a.m.
Reply to "Objection …"
Page 2

Pursuant to said scheduling order, "*[o]pposition papers to the Motion must be filed by **February 27, 2018**" and "*[m]ovant's reply papers must be filed by **March 6, 2018**".

3.      On February 27, 2018, the Commonwealth of Puerto Rico (hereinafter, "Debtor"), filed the document entitled "Objection of the Commonwealth to Motion Requesting Relief from Automatic Stay Filed by Mitsubishi Motors Sales of Caribbean, Inc." (hereinafter, the "Opposition").

4.      On its Opposition, throughout a brief discussion of the *Unanue* factors cited by MMSC on its Stay Relief Motion, Debtor asserted, in MMSC's respectful opinion unsuccessfully, that MMSC failed to establish extraordinary circumstances to justify lifting the automatic stay for cause.

5.      It is MMSC's position that Debtor's Opposition does not include arguments specifically and concretely addressing the cause of action and remedy sought by MMSC on the State Action regarding the entering of a declaratory judgment, nor the basis in support for Debtor's position for not lifting the automatic stay in order for MMSC to pursue such cause of action and remedy before the local court. The fact is that Debtor's Opposition is completely silent with respect to said cause of action and remedy sought by MMSC. Therefore, MMSC respectfully understands that said cause of action and remedy is unopposed by Debtor before this Honorable Court, for all pertinent legal matters.

6.      Debtor concentrated its Opposition on arguing why the automatic stay should not be lifted, generally, only addressing the cause of action and remedy regarding the reimbursement of excise taxes paid in excess by MMSC in the form of a credit, also sought by MMSC as part of its State Action. Regarding this cause of action and remedy, MMSC respectfully sustains that same is contingent upon the entering of the declaratory judgment being requested in the State

Case No. 17-BK-3283 (LTS)                                    **Hearing Date**: March 7th, 2018, at 9:30 a.m.
Reply to "Objection …"
Page 3

Action, in which MMSC seeks a determination from the local court as to the illegality of the computation formula that has been capriciously implemented by the Secretary of the Treasury of Puerto Rico to MMSC's prejudice.

7.      However, it is MMSC's respectful opinion that Debtor failed to effectively oppose MMSC's showing of cause to lift the automatic stay with respect to both of its causes of action and remedies sought by MMSC in its State Action.  First, Debtor was unable to establish a significant prejudice to the bankruptcy estate as a result of the continuation of the State Action, inasmuch as the declaratory judgment does not grant any direct remedies and the credit sought by MMSC would be against future payments of excise taxes for motor vehicles to be imported by MMSC.  Arguing that the excise taxes to be collected by the Treasury Department would be diminished is certainly not a significant prejudice to the bankruptcy estate.

8.      Second, the potential prejudice or hardship to MMSC if the automatic stay is not lifted by this Honorable Court, considerably outweighs any potential hardship to Debtor, whereas absent the declaratory judgment sought by MMSC, it will leave MMSC exposed to the continuous overcharging of excise taxes with practically no way of enforcing an action to seek the reimbursement of the amounts paid in excess that will continue to be illegally overcharged by the Treasury Department while the automatic stay is in effect.  Debtor's assertion that lifting the automatic stay will encourage other creditors to seek similar relief constitutes an argument in the abstract, absent a disclosure of specific instances of other creditors similarly situated to MMSC, which have actually filed pre-petition claims against the Treasury Department for reimbursement of excise taxes paid in excess and/or overcharged by the Treasury Department.

9.      Third, MMSC has a great probability of prevailing on the merits on its request for a declaratory judgment, which only entails that the local court interpret the law, specifically in a

Case No. 17-BK-3283 (LTS)                                   **Hearing Date**: March 7th, 2018, at 9:30 a.m.
Reply to "Objection …"
Page 4

matter that MMSC respectfully sustains that the Honorable Supreme Court of Puerto Rico has

already pronounced itself in the case of *Yiyi Motors v. Secretario de Hacienda*, 177 D.P.R. 230

(2009). *See*, *In re Fernstrom Storage and Van Co.*, 938 F.2d 731 (7th Cir.1991).

## II.    DISCUSSION AND ANALYSIS

10.    Following is MMSC's reply discussion on the *Unanue* factors (also called *Sonnax*

factors) that were cited by MMSC on its Stay Relief Motion and how Debtor failed to properly

oppose their application in favor of lifting the automatic stay for cause in the instant case.

11.    Regarding **FACTOR No. 1**, "*whether the relief will result in a partial or

complete resolution of the issues*", MMSC's argument on its Stay Relief Motion sustained that

"*[i]n the event the relief from the automatic stay is granted by this Honorable Bankruptcy Court,

it will certainly result in a complete resolution of the issues between MMSC and the debtor

(PRTD/Commonwealth of Puerto Rico)*". However, Debtor pointed, citing *In re Tuab*, 413 B.R.

55, 62, that MMSC's argument is mistaken since "*[t]he first Sonnax factor does not focus on the

issues in the stayed litigation*"; "*[i]nstead, the first Sonnax factor primarily focuses on whether

the separate litigation would expeditiously resolve issues relevant to the bankruptcy case*" and,

therefore, "*the lifting of the stay would not resolve issues relevant to the Commonwealth's Title

III plan of adjustment …*"

12.    MMSC takes exception with Debtor's position. Not only will the issues between

MMSC and Debtor, which are object of the State Action, be resolved through the lifting of the

automatic stay, but the entering of the declaratory judgment sought by MMSC in the State

Action will avoid the filing of additional actions against Debtor's bankruptcy estate seeking

reimbursement of any overcharged excise taxes absent such declaratory judgment, thus avoiding

potential recurrent actions for reimbursement.

Case No. 17-BK-3283 (LTS)                                    **Hearing Date**: March 7th, 2018, at 9:30 a.m.
Reply to "Objection …"
Page 5

13.     With respect to **FACTOR No. 10**, that is "*the interest of judicial economy and the*

*expeditious and economic determination of litigation for the parties*", MMSC argued that lifting

the automatic stay would serve as a deterrent for future legal actions that could be initiated by

MMSC and other importers of motor vehicles against Debtor, since the declaratory judgment

sought by MMSC in its State Action will establish the legality or illegality of any formula

implemented by the Secretary of the Treasury that is inconsistent with the formula provided on

the Puerto Rico Internal Revenue Code ("PRIRC") and in accordance with the ruling of the

Puerto Rico Supreme Court in the case of *Yiyi Motors v. Secretario de Hacienda, supra*.  On its

part, Debtor asserted that the aforementioned factor is not satisfied because, in Debtor's opinion,

allowing the continuation of MMSC's State Action would result in MMSC receiving a credit of

excise taxes of 100% of the amount claimed, leading inexorably to the filing of a multitude of

suits by other creditors seeking the same treatment.  Debtor added that, on the other hand,

keeping the stay in place would lead to the centralized processing of all claims before this

Honorable Court and the equal treatment of all creditors and, as such, factor number 10 supports

the denial of the Stay Relief Motion.

14.     It is MMSC's respectful position that Debtor's argument to rule out the application

of **FACTOR No. 10** is insufficient, since it does not take into consideration the totality of the

causes of action and/or remedies procured by MMSC in its State Action, which are the subject of

MMSC's Stay Relief Motion.  Consequently, as previously argued by MMSC, Debtor limited its

Opposition on MMSC's cause of action pertaining to the reimbursement of excise taxes paid in

excess by MMSC and remained silent with respect to MMSC's cause of action for declaratory

judgment in its State Action.  MMSC respectfully understands that Debtor lacks any argument to

oppose MMSC's position on this regard inasmuch as a declaratory judgment merely constitutes a

Case No. 17-BK-3283 (LTS)                                     **Hearing Date**: March 7th, 2018, at 9:30 a.m.
Reply to "Objection …"
Page 6

ruling by the local court as to the applicable law and does not grant any specific remedies.
MMSC understands that it is important to note that in its State Action, MMSC is not attributing
negligence or breach of contract to the Debtor, but instead, an illegality and/or *ultra vires* and/or
capricious action undertaken by the former Secretary of the Treasury Department.

15.     Debtor, in turn, cited case law establishing, on its pertinent part, that "*granting
relief from stay would, among other things, encourage the filing of "similar requests for relief by
plaintiff of pending lawsuits*", but fails to establish and/or identify if at present there are other
pending lawsuits before local courts and/or before this Honorable Court presenting the same
controversy regarding the reimbursement of overcharged excise taxes with respect to imported
motor vehicles imposed by the Treasury Department.  In fact, Debtor did not even argue the
above-mentioned citation, as it understands is applicable to the instant controversy.  MMSC
reasonably understands that if Debtor's concern was genuine and that similar requests for relief
from the automatic stay will be filed by other plaintiffs in other pending cases, then, at most, and
for the sake of placing this Honorable Court in a position to issue a determination with respect to
this matter, Debtor should have detailed in its Opposition all lawsuits pending before the local
courts, which have been filed prior to Debtor's filing of its Petition under Title III of PROMESA,
or pending before this Honorable Court, requesting, like MMSC, a reimbursement of
overcharged excise taxes by virtue of the illegal, arbitrary, *ultra vires* and capricious application
of an excise tax computation formula inconsistent with the formula that the PRIRC dictates, and
in accordance with the opinion rendered by the Puerto Rico Supreme Court in the case of *Yiyi
Motors*.  Debtor failed to identify any such cases which are purportedly similar to MMSC's State
Action, inasmuch as MMSC's State Action entails a very particular controversy which only
affects the importers of motor vehicles into Puerto Rico.  In other words, it does not consist of an

Case No. 17-BK-3283 (LTS)                                    **Hearing Date**: March 7th, 2018, at 9:30 a.m.
Reply to "Objection …"
Page 7

ordinary civil action as would be an action for debt collection and/or for breach of contract
and/or a torts action seeking damages, where it would be fair to speculate of a multitude of
pending lawsuits, but rather it is a particular case initiated by MMSC as an importer of motor
vehicles against the Treasury Department.

        16.    On the other hand, and with respect to Debtor's argument on MMSC's request for
reimbursement of excise taxes paid in excess in the form of a credit, pointing out that granting
the relief from the automatic stay would inexorably lead to a multitude of other creditors filing
suits seeking the same treatment as MMSC, it is MMSC's respectful position that there is no such
potential for prejudice against Debtor, since there is already an automatic stay in full force and
effect and any new post petition claim against Debtor would have to meet and or satisfy the
*Unanue*/*Sonnax* factors test for a determination of cause to lift the stay.  Therefore, MMSC
respectfully understands that Debtor's arguments to oppose the application of **FACTOR No. 10**
to MMSC's Stay Relief Motion are vacuous, vague and weak, and fail to rebut with concrete
foundations MMSC's arguments in favor of lifting the stay.

        17.    Regarding **FACTOR No. 11**, that is "*whether the non-bankruptcy proceedings
have progressed to the point where the parties are prepared for trial*", Debtor sustained that
MMSC's State Action is still at an early stage, adding that Debtor has not yet filed a responsive
pleading or otherwise filed a dispositive motion, and therefore, that the parties are not ready for
trial.

        18.    With respect to **FACTOR No. 11**, it is important to note that MMSC did not
raise said factor in support of its Stay Relief Motion.  It is well known that in order to lift the
automatic stay not all the *Unanue* factors (or *Sonnax*) have to be present and established by the
movant party of a request for relief of the an automatic stay, since there are factors that do not

Case No. 17-BK-3283 (LTS)                                    **Hearing Date**: March 7th, 2018, at 9:30 a.m.
Reply to "Objection …"
Page 8

even apply to the underlying facts of a particular case. *C & A, S.E. v. P.R. Solid Waste Mgmt.*, 369 B.R. 87 (D.P.R. 2007). Therefore, it is MMSC's respectful opinion that Debtor's burden lies on opposing the application of the factors that were in fact raised by MMSC in its Stay Relief Motion and not arguing over other factors that were not even raised by MMSC in its Stay Relief Motion.

19.     Notwithstanding, and without it constituting a waiver of the above-stated regarding **FACTOR No. 11**, MMSC herein below incorporates an excerpt of ¶ 70 of its Stay Relief Motion, where it argued how **FACTOR No. 2** is satisfied ("*the lack of any connection with or interference with the bankruptcy case*"):

> *[...]It is MMSC's respectful position that the time required for the debtor to defend itself from MMSC's claims and causes of action should not be an adverse burden the estate. The civil action initiated by MMSC against the PRTD is not a complex case, since it mostly entails the interpretation of the law and the applicable case law. In fact, the documents MMSC has to support the allegations set forth in the amended complaint have already been notified to the debtor, since all were included as exhibits of the complaint and amended complaint. Therefore, the Department of Justice/Commonwealth of Puerto Rico cannot claim that relief of the automatic stay sough may MMSC should not be granted because the subject civil action pending before the local court is at an early procedural stage, since the case merely entails an action seeking a pronouncement from the local court as to applicable law and case law, and the additional cause of action for refund of excise taxes paid in excess by MMSC depends on the determination of the local court with respect to MMSC's request for declaratory judgment. **Therefore, the discovery phase will certainly not be time consuming, if there is any discovery to be done in the case at all**.*

[Emphasis and underline added].

It is MMSC's respectful position that, pursuant to the above-mentioned, the requirements of **FACTOR No. 11** are satisfied, clearly favoring the lifting of the automatic stay.

20.     With respect to **FACTOR No. 2**, "*the lack of any connection with or interference with the bankruptcy case*", with respect to which MMSC argued in its Stay Relief Motion as set forth in the excerpt cited from ¶ 70, incorporated on the previous paragraph, Debtor opposed

MMSC's position by arguing that "*[l]ifting the automatic stay to proceed with the Prepetition Action will divert the Commonwealth's attention and resources to defending Movant's claims and will encourage other creditors to seek similar relief*", adding that "*[a]ny time and money consumed defending these actions is time and money diverted from the recovery and reorganization of the Commonwealth and from other creditors, a factor that numerous courts have recognized counsels against lifting a bankruptcy stay*".  However, as earlier examined in the discussion of **FACTOR No. 11**, Debtor's position is not correct.  MMSC hereby makes references to its discussion of **FACTOR No. 11** herein above and incorporates said discussion as if fully set forth herein, as its reply to Debtor's Opposition regarding **FACTOR No. 2**.

21.     On the other hand, regarding **FACTOR No. 7** "*whether litigation in another forum would prejudice the interests of other creditors, the creditors 'committee or other interested parties*", MMSC argued that "*…the other creditors in the debtors' bankruptcy shall not be harmed by granting MMSC's request for relief of the automatic stay, since the declaratory judgment sought by MMSC does not seek the enforcement and/or any action in detriment of the creditors nor the estate*" and that "*[w]ith respect to the refund of excise taxes paid in excess by MMSC, said claim and cause of action may be granted in the form of a credit for the payment of future excise taxes to be paid by MMSC to the PRTD, as this Honorable Court deems appropriate, thus in no way affecting the debtor nor the estate*".  Debtor opposed the application of the aforementioned factor, but only as to MMSC's request for reimbursement of excise taxes paid in excess through a credit for the payment of future excise taxes.  Notwithstanding, Debtor once again remained silent regarding the cause of action and remedy of the declaratory judgment, which is the main remedy sought by MMSC in its State Action, since the reimbursement of excise taxes paid in excess is contingent upon the entering of the declaratory

Case No. 17-BK-3283 (LTS)                                    **Hearing Date**: March 7th, 2018, at 9:30 a.m.
Reply to "Objection …"
Page 10

judgment in its favor.  Therefore, Debtor did not object to the application of **FACTOR No. 7**

favoring the lift of the automatic stay with respect to the declaratory judgment sought by MMSC

and, thus, MMSC's position to that effect is unopposed by Debtor for all pertinent legal matters.

     22.    As to **FACTOR No. 7**, Debtor commenced its argumentation by offering the

definition of a "claim" under the Bankruptcy Code, as a "*right to payment [...]*".  Regarding the

applicability of factor number 7 to the cause of action and remedy seeking the reimbursement of

overcharged excise taxes in the form of a credit, Debtor argued that such request is "*subject to

the claim resolution process that will be undertaken in the Commonwealth's Title III case and to

potential impairment in a plan of adjustment*".  Debtor added that "*[l]ifting the stay would result

in unwarranted preferential treatment to Movant and (by the application of the tax credit to fully

pay movant's claim) reduce the tax collected by the Commonwealth, and, concomitantly the

resources available for distribution to other creditors*".  MMSC takes exception to Debtor's

position, since an order from this Honorable Court lifting the automatic stay as to such

reimbursement, yet containing specific directives to the local court so that the subject

reimbursement be solely satisfied in the form of a credit from the Treasury Department for the

payment of future excise taxes to be paid by MMSC in no way has the effect of reducing the

resources available to be distributed to the creditors.  Therefore, said credit should not be

considered as a "payment" pursuant to the Bankruptcy Code, which may otherwise be

understood as a disbursement.  First, a declaratory judgment would need to be issued and entered

by the local court in the State Action, contingent to which MMSC would enforce the credit in its

favor, as ordered by this Honorable Court, for the amount of excise taxes that were illegally

overcharged, plus interest. Therefore, **FACTOR No. 7** also favors MMSC's position for the

lifting the automatic stay.

Case No. 17-BK-3283 (LTS)                                    **Hearing Date**: March 7th, 2018, at 9:30 a.m.
Reply to "Objection …"
Page 11

23.     Regarding **FACTOR No. 4**, "*whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases*", MMSC did not raise said factor in support of its Stay Relief Motion, inasmuch as the proponent of a Stay Relief Motion needs only to comply with some of the factors, since it is not necessary to establish all the *Unanue* factors (or *Sonnax*). *C & A, S.E. v. P.R. Solid Waste Mgmt.*, *supra*. Notwithstanding the foregoing, in its Opposition Debtor argued **FACTOR No. 4** stating that "*The Puerto Rico Court of First Instance is not a "specialized tribunal," and no assertion has been made by Movant to the contrary*".  Debtor added that "*[t]his Court is very capable of dealing with such issues*".

24.     It is MMSC's respectful opinion that although it believes the State Action is not a complex case, since it mostly entails the interpretation of the law and the applicable case law, the most expeditious and economical process for the parties leads to the resolution of the State Action before the local court.  Specially, since the alternative option would entail the litigation of such matters before this Honorable Court, which would be tantamount to involving this Honorable Court in matters that require the application of local public tax laws, concepts, regulations and its interpretative local case law.  In addition, and as it has been repeatedly noted by the Honorable Bankruptcy Court throughout its case law, "*[t]he legislative history to <u>section 362(d)(1)</u> emphasizes the section's applicability to proceedings in another forum: "**It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere.**" In re Consol. Distribs*., 2013 Bankr. LEXIS 3101, citing H.R.Rep. No. 595, 95th Cong., 1st Sess., 341 (1977), U.S. Code & Admin. News 1978, pp. 5787, 5297. [Emphasis ours].  Therefore,

Case No. 17-BK-3283 (LTS)                                    **Hearing Date**: March 7th, 2018, at 9:30 a.m.
Reply to "Objection …"
Page 12

**FACTOR No. 4** favors lifting the automatic stay and for MMSC to continue with its State
Action before the local court.

25.      Regarding **FACTOR No. 12**, "*the impact of the stay on the parties and the
balance of hurt*", which was discussed by MMSC in support of its Stay Relief Motion, Debtor's
opposition to same is very general, stating that the *"[t]he procedural status of the Prepetition
Action, the large number of pending lawsuits against the Debtors, the diversion of the
Commonwealths's resources to defend Movant's claims, and the prejudice to interests of other
similarly situated creditors*" favor the continuation of the automatic stay.  On the other hand,
Debtor asserted that postponing the liquidation of MMSC's claims would not adversely affect
MMSC nor promote the judicial economy, advancing that there is nothing urgent in MMSC's
claims.

26.      MMSC respectfully sustains that Debtor's position is not correct.  While the
declaratory judgment MMSC is seeking continues to be delayed, MMSC will continue to be
exposed to the collection of illegal excise taxes being imposed over new imported motor
vehicles, which MMSC will inevitably be forced to pay, in order for the Secretary of the
Treasury Department to issue the corresponding documents so that MMSC can lift the shipment,
take possession of its brand new Mitsubishi motor vehicles and distribute them to its authorized
dealers throughout the Island.  This situation could potentially expose MMSC to the payment of
thousands of dollars in excise taxes which are being illegally imposed and collected, situation
that can certainly be avoided with a determination from the local court in the State Action
regarding the applicable law and with the issuance and entering of the declaratory judgment
sought by MMSC on its State Action.  In fact, as long as the automatic stay remains in force, it
will be more difficult, if not impossible, for MMSC to claim reimbursement for any excise taxes

that may be illegally overcharged in the future. Therefore, failing to lift the automatic stay, as requested by MMSC, would leave MMSC exposed to the continuous illegal overcharging of excise taxes while at the same time leaving MMSC with absolutely no remedies to recover the amounts of excise taxes paid in excess in the future. The foregoing clearly demonstrates the fact that, even though MMSC is an unsecured creditor in Debtor's bankruptcy, the extraordinary circumstances underlying MMSC's State Action, as discussed in this reply, more than justify the granting of the Stay Relief Motion, inasmuch as the most relevant factors weigh strongly in favor of lifting the automatic stay.

**WHEREFORE,** MMSC respectfully requests this Honorable Court to enter an order lifting the automatic stay pursuant to 11 U.S.C. Sec. 362(d)(1), permitting MMSC to exercise all remedies under non-bankruptcy and non-PROMESA law to enforce its rights and obligations related in any way to the claims and causes of action subject of the local court civil action filed by MMSC against Debtor, objet of Stay Relief Motion and the foregoing reply, including the continuation and culmination of the proceedings in the civil action styled *Mitsubishi Motor Sales of Caribbean, Inc. v. Hon. Raul Maldonado Gautier, as Secretary of the Puerto Rico Treasury Department, et al*., Civil No. KCO 2016-0026 (903), before the Court of First Instance, San Juan Section, and grant MMSC such other relief as may be just and proper pursuant to Law.

**RESPECTFULLY SUBMITTED.**

### III.    CERTIFICATION

**WE HEREBY CERTIFY** that on his same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to al CM/ECF participants in this case. We further certify that, on this same date, we served the foregoing upon all the Standard Parties as identified and defined at ¶ II of the PR USDC's CMP

Case No. 17-BK-3283 (LTS)                                    **Hearing Date**: March 7th, 2018, at 9:30 a.m.
Reply to "Objection ..."
Page 14

Order, as amended on October 24, 2017 (Docket No. 1512 of Case No. 17-03283) "Third

Amended Notice, Case Management and Administrative Procedures.

In San Juan, Puerto Rico, this 6th day of March, 2018.

**BELK & GROVAS LAW OFFICES**
 PO Box 194927
San Juan, PR 00919-4927
Tel. (787) 754-2424/Fax (787) 754-2454
E-mail: belkgrovas@gmail.com

BY:     *S/James Belk-Arce*
        **JAMES BELK-ARCE**
        USDC-PR No. 130506

BY:     *S/Carlos J. Grovas-Porrata*
        **CARLOS J. GROVAS-PORRATA**
        USDC-PR No. 209714