**Exhibit A**

**Revised Proposed Order**

**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors.[1] | |

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | **This Order relates only to the Commonwealth and shall only be filed in the lead Case No. 17 BK 3283-LTS.** |
| THE COMMONWEALTH OF PUERTO RICO, | |
| Debtor. | |

------------------------------------------------------------x

**ORDER RESOLVING JOINT MOTION OF AMERICAN
FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES,
AFL-CIO AND AMERICAN FEDERATION OF TEACHERS, AFL-CIO, FOR
AN ORDER TO PERMIT THE PROCESSING THROUGH RESOLUTION
<u>OF EMPLOYMENT ARBITRATION AND GRIEVANCE PROCEEDINGS</u>**

Upon the (a) *Joint Motion of American Federation of State, County and Municipal Employees, AFL-CIO and American Federation of Teachers, AFL-CIO, for an Order to Permit the Processing Through Resolution of Employment Arbitration and Grievance Proceedings* [ECF No. 2245] (the "<u>Motion</u>") filed by the American Federation of State, County and Municipal

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Employees, AFL-CIO and the American Federation of Teachers, AFL-CIO (collectively, the "Unions"), (b) *Response of the Commonwealth of Puerto Rico to the CBA Counterparties' Motion for an Order to Permit the Processing Through Resolution of Employment Arbitration and Grievance Proceedings* [ECF No. 2585] the ("Response") filed by the Commonwealth of Puerto Rico (the "Commonwealth"), and (c) *Reply in Further Support of Joint Motion of American Federation of State, County and Municipal Employees, AFL-CIO and American Federation of Teachers, AFL-CIO for an Order to Permit the Processing Through Resolution of Employment Arbitration and Grievance Proceedings* [ECF No. 2562] (the "Reply"); and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and the Court having found that the Unions provided adequate and appropriate notice of the Motion and the relief requested therein under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion, the Response, and the Reply and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion, Response, and Reply are RESOLVED as set forth in the *Stipulation Between the Commonwealth of Puerto Rico and CBA Counterparties Regarding Certain Grievance and Arbitration Procedures*, attached hereto as Exhibit 1 (the "Stipulation").

2. The Stipulation is APPROVED.

3. Immediately upon entry by the Court of this Order, the Unions and the Commonwealth are authorized to take all actions necessary or appropriate to effectuate the relief granted herein.

4. The Court shall retain exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2018
      San Juan, Puerto Rico

                                              LAURA TAYLOR SWAIN
                                  UNITED STATES DISTRICT JUDGE

# Exhibit 1

## Stipulation

Execution Version

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO

    Debtor.

PROMESA
Title III

No. 17 BK 3283-LTS

**This Stipulation relates only to the Commonwealth and shall only be filed in the lead Case No. 17 BK 3283-LTS.**

---------------------------------------------------------------x

**STIPULATION BETWEEN
THE COMMONWEALTH OF PUERTO RICO AND CBA COUNTERPARTIES
REGARDING CERTAIN GRIEVANCE AND ARBITRATION PROCEDURES**

This stipulation (the "Stipulation") is made as of March 6, 2018, by and between the

Commonwealth of Puerto Rico (the "Commonwealth") and the American Federation of Teachers,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

AFL-CIO and the American Federation of State, County and Municipal Employees, on behalf of themselves and their local affiliates in Puerto Rico (collectively, "CBA Counterparties").[2]

## RECITALS

**WHEREAS**, on May 3, 2017, the Commonwealth, by and through the Oversight Board, as the Commonwealth's representative pursuant to PROMESA section 315(b), filed a petition with the United States District Court for the District of Puerto Rico (the "District Court") under title III of PROMESA (the "Title III Case");

**WHEREAS,** since July 28, 2017, the Commonwealth and the CBA Counterparties have been engaged in discussions regarding modifying the automatic stay under Bankruptcy Code sections 362(a) and 922(a), made applicable to the Title III Case by PROMESA section 301(a) (the "Title III Stay") with respect to grievances and arbitrations arising from prepetition conduct brought under the grievance and arbitration procedures in collective bargaining agreements between the Commonwealth and the CBA Counterparties, or under applicable statutes;

**WHEREAS,** the Commonwealth believes grievances and arbitrations arising from prepetition conduct are subject to the Title III Stay, and the CBA Counterparties do not, by this Stipulation, concede the applicability of the Title III Stay to such grievances and arbitrations; and

**WHEREAS,** the Commonwealth and the CBA Counterparties, without conceding the applicability of the Title III Stay, have agreed to modify the Title III Stay as set forth herein.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the Commonwealth and the CBA Counterparties, through their counsel, each of whom represent and warrant they possess the requisite authority to bind the respective parties hereto, as follows:

---

[2] The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") to enter into this Stipulation on behalf of the Commonwealth.

1. Subject to the terms herein, the Title III Stay is hereby modified solely to the limited extent necessary to permit matters arising from prepetition conduct brought under the grievance and arbitration procedures in collective bargaining agreements between the Commonwealth and the CBA Counterparties, or under applicable statutes, including but not limited to Law 184-2004, Law 32-1972, Law 8-2017, and Act 45-1998 (collectively, the "Prepetition Actions") to proceed through the grievance handling process and to arbitration, or similar administrative process in the case of actions under applicable statutes, through final resolution, including any appeal rights parties may have (a "Disposition") whether it is an award (the "Award"), administrative decision ("Decision"), judicial decision ("Judgment"), or settlement. To the extent that a Disposition of a Prepetition Action provides for equitable relief, including reinstatement or reclassification, it shall not be subject to any challenge based on the application of the automatic stay.

2. The Commonwealth and the CBA Counterparties have discussed the potential for certain grievances, arbitrations, or similar processes that may affect the fiscal plan for the Commonwealth (the "Fiscal Plan") or any of the cases that have been commenced under Title III of PROMESA in the District Court (referred to herein as the "Title III Cases"). The Commonwealth and the CBA Counterparties agree that if the Commonwealth believes that a Prepetition Action affects the Fiscal Plan, the Commonwealth, through AAFAF by its counsel, may send a notice to the appropriate CBA Counterparty, by its counsel, identifying the Prepetition Action and providing a brief summary of the manner in which the Commonwealth believes the Fiscal Plan is affected. Upon receipt of a notice from the Commonwealth pursuant to the preceding sentence, the grievance or arbitration or similar process shall be stayed and the affected CBA Counterparty may file a motion for relief from the Title III Stay in accordance with the Case Management Procedures, and the grievance or arbitration or similar process shall not proceed until

the District Court hears such motion, which the parties agree shall be heard on an urgent basis if the District Court consents.

3. Notwithstanding the foregoing, the Commonwealth believes that the following categories of Prepetition Actions would have an impact on the Fiscal Plan or the Title III Cases and such actions shall continue to be subject to the Title III Stay (subject to the CBA Counterparties' right to file a motion for relief from the Title III Stay for such actions in accordance with the protocol set forth in the *Third Amended Notice, Case Management and Administrative Procedures* [ECF No. 1512-1] (the "Case Management Procedures")): (i) Prepetition Actions that challenge the constitutionality, or where the remedy would impede or be inconsistent with the implementation, of any Commonwealth statute that is essential for the Fiscal Plan to succeed, including, but not limited to: Act 2-2017 (Act to delegate to AAFAF the power to revise matters including, but not limited to, agreements, transactions, and regulations of the agencies and instrumentalities of the Government of Puerto Rico), Act 3-2017 (Act to respond to the Economic, Fiscal and Budgetary Crisis and to Guarantee the Functioning of the Government of Puerto Rico); Act 8-2017 (Act for the Administration and Transformation of the Human Resources of the Government of Puerto Rico); Act 26-2017 (Act to Comply with the Fiscal Plan); and Act 66-2014 (Special Act for the Fiscal and Operational Sustainability of the Government of Puerto Rico), which was ratified and amended by Act 3-2017 (hereinafter individually and collectively the "Commonwealth Statutes"); all of which the Commonwealth asserts (without prejudice to the CBA Counterparties) left without effect or superseded some of the provisions of the collective bargaining agreements of the CBA Counterparties, as well as any other Commonwealth statute, regulation, policy, or practice that contravene or are inconsistent with the provisions of such collective bargaining agreements; and (ii) Prepetition Actions that seek injunctive relief that would thwart the implementation of public policy or the administrative rights of the Commonwealth's

4

agencies other than reinstatement. The parties further agree that any Prepetition Actions solely involving disciplinary discharge (including but not limited to any disciplinary discharge for unsatisfactory performance) or other types of discipline of a Commonwealth employee shall not be subject to the Title III Stay. The Commonwealth agrees to meet and confer with the CBA Counterparties from time to time with respect to Prepetition Actions that continue to be subject to the Title III Stay.

4. The Commonwealth and the CBA Counterparties agree that the Commonwealth's failure to notify the CBA Counterparties does not waive the Commonwealth's rights to challenge the grievance, arbitration, or similar process and to claim that any Award or settlement or other Disposition should not be enforced because it affects the Fiscal Plan, including, without limitation, the right to (i) challenge the jurisdiction of the arbitrator or other forum, (ii) defend the grievance on the merits, (iii) defend against the grievance as a violation of the Fiscal Plan or PROMESA, (iv) appeal a determination of the arbitration or other forum, and (v) seek relief from the District Court.

5. To the extent that any Disposition of a Prepetition Action includes a liquidated damage claim amount (a "Liquidated Amount"), such Liquidated Amount shall not be collected from the Commonwealth but shall be treated as a liquidated claim under a plan of adjustment for the Commonwealth (a "Plan") and/or any cure process established under such Plan or under section 365(b) of the Bankruptcy Code, except to the extent that the Commonwealth chooses to pay or agree to a payment arrangement for such Liquidated Amount, subject to the Commonwealth's and the CBA Counterparties' rights regarding the classification and treatment of any such liquidated claim. Absent agreement of the Commonwealth to make such payment or payment arrangement (which shall be reflected in a communication from counsel for the Oversight Board and AAFAF), no steps shall be taken by the CBA Counterparties, any individual union, any

affiliate local union, any grievant, or any member of any union to enforce any liquidated amount except through the claims resolution process to be undertaken in the Title III Case. Without limitation, the foregoing also applies to any grievances that raise contractual issues that affect labor costs (such as grievances that challenge layoffs, seek reinstatement of employees in other than solely disciplinary cases, or seek retroactive adjustments in wage rates). Absent the express written consent of the Commonwealth (which shall be reflected in a communication from counsel for the Oversight Board and AAFAF), any such adjustments affecting labor costs, including retroactive (but not prospective) wage adjustments, will be deemed a claim and subject to the claims resolution process to be undertaken in the Title III Case.

6. Nothing contained in this Stipulation shall operate as a waiver or modification of the Title III Stay so as to permit the prosecution against the Commonwealth or any of the other Title III Debtors of any claim or claims by anyone other than the CBA Counterparties as provided for herein. The Commonwealth and the CBA Counterparties preserve all rights and defenses, including any procedural or substantive arbitrability defense, that the Commonwealth and CBA Counterparties may have in any Prepetition Action covered under this Stipulation. The Commonwealth and CBA Counterparties also reserve all rights, including, but not limited to, the right to challenge the jurisdiction of any matter. Without limiting the foregoing, and notwithstanding the provisions of paragraphs 1-5, the Commonwealth reserves the right to set aside, defend against any action to enforce, or otherwise challenge any Award or Decision that, individually or collectively with other Awards or Decisions, is alleged to (i) violate any applicable Puerto Rico or Federal statute or resolution, including but not limited to PROMESA and the Commonwealth Statutes, or (ii) violate the Fiscal Plan. The CBA Counterparties reserve all rights to oppose any such action to set aside, challenge or defend against enforcement of any such Award or Decision and the ability to challenge any grievance that, individually or collectively with other

6

grievances, impacts the Fiscal Plan or the Title III Cases. The CBA Counterparties also reserve all of their rights with respect to the foregoing.

7. The Commonwealth and the CBA Counterparties agree that any grievances and arbitrations arising from postpetition conduct brought under the grievance and arbitration provisions in collective bargaining agreements between the Commonwealth and the CBA Counterparties, or under applicable statutes, including, but not limited to, Law 184-2004, Law 32-1972, Law 8-2017, and Act 45-1998, shall proceed in the ordinary course.

8. The Commonwealth and the CBA Counterparties represent and warrant that they are properly and fully empowered to enter into and execute this Stipulation, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that the Stipulation is legal, valid, and binding upon them.

9. Neither this Stipulation, nor the settlement provided for herein, nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of the Commonwealth's rights to dispute, contest, set off, or recoup any claim, including any claims currently pending in the Prepetition Actions, or assert any related rights, claims, or defenses and all such rights are reserved; or (c) an approval or assumption of any agreement or contract between the parties under Bankruptcy Code section 365.

10. This Stipulation contains the entire agreement by and between the parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

11. This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico. For purposes of construing this Stipulation, neither of the parties shall be deemed to have been the drafter of the Stipulation.

12. Electronic copies of signatures on this Stipulation are acceptable, and an electronic copy of a signature on this Stipulation is deemed an original. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

13. This Stipulation may not be modified other than by a signed writing executed by the parties hereto.

14. The District Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

15. This Stipulation shall be immediately effective and enforceable upon entry of an order of the District Court approving the terms hereof.

*Remainder of Page Intentionally Left Blank*

**IN WITNESS WHEREOF** and in agreement herewith, by and through their counsel, the parties have executed and delivered this Stipulation as of the date first set forth above.

/s/ *Peter Friedman*
John Rapisardi
Suzzanne Uhland
Peter Friedman
Diana M. Perez
(Admitted *Pro Hac Vice*)
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

/s/ *Mohammad S. Yassin*
Mohammad S. Yassin
USDC-PR Bar No. 302909
PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY
Robert Sánchez Vilella (Minillas)
Government Center
De Diego Avenue, Stop 22
San Juan, Puerto Rico 00907
Tel: (787) 722-2525
Fax: (787) 721-1443

*Chief Legal & Regulatory Officer*

/s/ *José Luis Barrios-Ramos*
José Luis Barrios-Ramos, Esq.
McLeary Ave., Suite #303
San Juan, Puerto Rico 00936-8006
Tel.: (787) 593-6641
Barrios.jl@outlook.com

and

/s/ *Curtis C. Mechling*
Curtis C. Mechling
Sherry J. Millman
Stroock & Stroock & Lavan LLP
180 Maiden Lane, New York, NY 10038
(212) 806-5434
smillman@stroock.com

*For American Federation of Teachers, AFL-CIO, as authorized agent for the Asociación de Maestros de Puerto Rico-Local Sindical*

/s/ *Sharon L. Levine*
Sharon L. Levine
Dipesh Patel
Saul Ewing LLP
1037 Raymond Blvd.
Suite 1520
Newark, NJ 07102
(973) 286-6713
slevine@saul.com

*For the American Federation of State, County and Municipal Employees*

9

                                                      Judith Rivlin
                                                     Teague P. Paterson
Matthew S. Blumin
American Federation of State, County and Municipal Employees
1101 17th Street NW, Suite 900
Washington, DC 20011
(202) 775-5900

*For the American Federation of State, County and Municipal Employees*

10