# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS |

### ORDER AUTHORIZING ASSUMPTION OF AGREEMENT WITH EDUARDO JOSÉ MANDRY MERCADO AND LUCÍA CASAS CASAL PURSUANT TO BANKRUPTCY CODE SECTION 365

Upon the *Commonwealth of Puerto Rico's Motion for an Order Authorizing Assumption of Agreement with Eduardo José Mandry Mercado and Lucía Casas Casal Pursuant to Bankruptcy Code Section 365* (the "Motion");[2] and the Court having found it has subject matter jurisdiction

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

over this matter pursuant to PROMESA section 306; and it appearing that venue in this district is proper pursuant to PROMESA section 307; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard statements in support of the Motion and the objection of Javier Mandry Mercado ("Mercado") to the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Mercado's requests for discovery and the commencement of an adversary proceeding are denied.

3. Pursuant to Bankruptcy Code section 365(d)(4), the Agreement has not been deemed rejected.

4. The Agreement is assumed by the Commonwealth pursuant to section 365 of the Bankruptcy Code, made applicable to the Title III Case by PROMESA section 301(a).

5. The Commonwealth is authorized to cure existing defaults, if any, under the Agreement pursuant to Bankruptcy Code section 365(b)(1)(A), made applicable to the Title III Case by PROMESA section 301(a).

6. Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Commonwealth and the PRPD are authorized to take all actions, and to execute all documents, necessary, or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

9. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

10. This order resolves docket entry no. 1881 in Case No. 17-3283.

SO ORDERED.

Dated: March 7, 2018

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge