Presentment Date: March 15, 2018
Objection Date: March 14, 2018 at 5:00 p.m. (AST).

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

    Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## NOTICE OF PRESENTMENT OF ORDER RESOLVING
## THE MOTION OF THE PBA FUNDS FOR PAYMENT OF RENT

**PLEASE TAKE NOTICE** that upon the *Motion of the PBA Funds for the Payment of Rent* [ECF No. 2501] (the "Motion") the Debtors, by and through the Financial Oversight and Management Board for Puerto Rico, as the Debtors' representative pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[2] will present the amended proposed order, attached as **Exhibit A** (the "Amended Proposed Order"), to the Honorable Laura Taylor

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Swain, United States District Judge, sitting in the United States District Court for the District of Puerto Rico, Courtroom 3 of the United States District Court for the District of Puerto Rico, U.S. Courthouse, 150 Chardón Avenue, San Juan, P.R. 00918-7095 for signature on **March 15, 2018.**

PLEASE TAKE FURTHER NOTICE that unless a written objection to the Amended Proposed Order ("Objection") is filed with the Court no later than 5:00 p.m. (AST) on March 14, 2018, no hearing will be held and the Amended Proposed Order may be signed.

PLEASE TAKE FURTHER NOTICE that copies of the Motion, the Amended Proposed Order, and all documents filed in these title III cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

| | |
|---|---|
| Dated: March 8, 2018<br>San Juan, Puerto Rico | */s/* Martin J. Bienenstock<br><br>Martin J. Bienenstock (*pro hac vice*)<br>Paul V. Possinger (*pro hac vice*)<br>Ehud Barak (*pro hac vice*)<br>Maja Zerjal (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br>*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*<br><br>*/s/* Hermann D. Bauer<br>Hermann D. Bauer<br>USDC No. 215205 |

**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

**Exhibit A**

Amended Proposed Order

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, | PROMESA<br><br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**ORDER RESOLVING THE MOTION OF THE PBA FUNDS
FOR THE PAYMENT OF RENT**

Upon the motion (the "Motion") [2] of the PBA Funds for the entry of an order (the "Order"):

(a) directing the Debtors to (i) satisfy all outstanding postpetition rental obligations arising under the PBA Leases and (ii) timely perform all such obligations until the PBA Leases are assumed or rejected; or (b) in the alternative, granting the PBA an allowed claim entitled to administrative expense priority pursuant to Bankruptcy Code sections 365(d)(3), 503(b), and 507(a)(2) and PROMESA section 301(a); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with PROMESA section 306(a); and venue being proper in this district pursuant to PROMESA section 307(a); and the Court determining that notice was proper in this matter; and upon consideration of the arguments and evidence submitted in connection with

---

[1] The Debtors in these title III cases, along with the last four digits of each Debtor's federal tax identification number, are the (i) Commonwealth of Puerto Rico (No. 17-BK-3283-LTS) (3481); (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (No. 17-BK-3566-LTS) (9686); (iii) Puerto Rico Highways and Transportation Authority (No. 17-BK-3567-LTS) (3808); (iv) Puerto Rico Sales Tax Financing Corporation (No. 17-BK-3284-LTS) (8474); and (v) Puerto Rico Electric Power Authority (No. 17-BK-4780-LTS) (3747).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the Motion; and any objections to the relief requested herein having been resolved, withdrawn, or overruled on the merits, it is **HEREBY ORDERED THAT:**

1. The Motion is resolved as follows.

2. Unless and to the extent the PBA Leases are subsequently adjudged not to be leases for purposes of Bankruptcy Code section 365(d)(3) and subject to paragraph 3 below, the PBA shall have allowed administrative priority claims against the Debtors with respect to unpaid rent accruing under any leases of nonresidential real property from and after each Debtors' respective petition date, pursuant to Bankruptcy Code 365(d)(3), 503(b), and 507(a)(2) (including, for the avoidance of doubt, any amounts due from the Commonwealth's agencies and departments) arising under PBA Leases currently due and owing to the PBA, which shall continue to accrue, but not require payment absent further court order, until each such PBA Lease is either assumed or rejected by the applicable Debtor (collectively, the "Administrative Rent Claims"). The Debtors shall provide five (5) business days' advance written notice to the Movants and parties that joined issue herein of any compromise or settlement of any Administrative Rent Claim they intend to sign.

3. Any and all Administrative Rent Claims and their allowance or disallowance shall remain subject to all rights, claims, defenses, and setoffs available to each Debtor, as applicable, and the Debtors and the Official Committee of Unsecured Creditors retain all rights to assert objections or defenses to the Administrative Rent Claims, provided, however, the Debtors shall not be entitled to

assert that any of the Administrative Rent Claims have been waived as not timely asserted. For the avoidance of doubt, the issues of whether the PBA Leases are "true leases" entitled to treatment under section 365(d)(3) of the Bankruptcy Code, the validity or enforceability of the PBA bonds or PBA guarantees, and whether a debtor-guarantor who is not the tenant under the subject lease is subject to the performance obligations of section 365(d)(3), are expressly preserved.

4. The Debtors, AAFAF, and the Oversight Board shall as soon as practicable provide an accounting of purported rent amounts accrued but unpaid under the PBA Leases since the Debtors' respective petition dates.

5. Nothing in this Order shall prejudice the rights of the PBA or the PBA Funds to assert additional claims in connection with the PBA Leases, including, but not limited to, general unsecured claims or administrative expense claims, or to pursue any other rights or remedies afforded to them under the PBA Leases, the 1995 Resolution, or any other applicable contract, law, or regulation.

6. Nothing herein determines any holder of PBA bonds has standing to prosecute the Motion, and this Order does not grant them standing. The parties' respective positions in respect of the standing of the holders of the PBA bonds are preserved.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or enforcement of this order.

Dated:_____, 2018

_____

THE HONORABLE LAURA
TAYLOR SWAIN UNITED
STATES DISTRICT JUDGE