**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

-----------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

-----------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO

    Debtor.

-----------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

**Re: ECF No. 2607**

(Jointly Administered)

PROMESA
Title III

No. 17 BK 3283-LTS

**This Objection relates only to the Commonwealth and shall only be filed in the lead Case No. 17 BK 3283-LTS.**

**OBJECTION OF THE COMMONWEALTH TO
MOTION REQUESTING RELIEF FROM AUTOMATIC STAY
FILED BY LUISA MURRAY SOTO, *PRO SE***

To the Honorable United States District Court Judge Laura Taylor Swain:

    The Commonwealth of Puerto Rico (the "Commonwealth") respectfully submits this objection (the "Objection") to the *Motion Requesting Consideration Relief From Automatic Stay with Movant Certification* [ECF No. 2607] (the "Motion") filed by Luisa Murray Soto, *pro se* (the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

"Movant") regarding the administrative case captioned *Luisa Murray Soto v. Oficina de Gerencia y Presupuesto,* case number 2016-04-1109, before the Appellate Commission for Public Service (the "Prepetition Action"). The Commonwealth respectfully requests that the Court deny the Motion for the reasons set forth below.[2]

## PRELIMINARY STATEMENT

1. The Motion should be denied because Movant fails to establish cause to lift the stay under Bankruptcy Code section 362(a), made applicable to the Commonwealth's Title III case by PROMESA section 301(a) (the "Title III Stay"), to permit Movant to proceed with an administrative action challenging the denial of a salary increase against the Puerto Rico Office of Management and Budget (the "PR-OMB"), an agency of the Commonwealth protected under the Title III Stay, in a case that is still in the preliminary stage of litigation.

2. Contrary to Movant's contentions, the Title III Stay is applicable to the Prepetition Action as Movant is a potential, prepetition, unsecured creditor. Movant commenced the Prepetition Action on April 1, 2016, alleging the "unlawful denial to receive compensation-three year raise to Movant's career position as Auditor III of the PR-OMB". Motion ¶ 4. The PR-OMB is an agency of the Commonwealth, and is accordingly protected by the Title III Stay.

3. Given that the stay unquestionably applies here, Movants have failed to demonstrate "cause" as to why the Title III Stay should be lifted. The *Sonnax* factors used to determine whether "cause" exists to grant relief from the automatic stay weigh squarely in favor of denying the Motion. Notably, contrary to Movant's assertions, the Prepetition Action is still pending and in a very preliminary stage. The evidentiary process, pretrial hearing, the preparation

---

[2] The Financial Oversight and Management Board for Puerto Rico, as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Department of Justice to file this Objection on behalf of the Commonwealth.

and filing of the pretrial statement, and all other ensuing hearings and filings, all necessary for the underlying action to proceed, remain to be completed before the Prepetition Action is ready for trial. Furthermore, Movant merely relies on conclusory statements to assert that cause exists to lift the Title III Stay, while vaguely purporting to apply the *Sonnax* factors to the facts of the underlying action. Therefore, it is respectfully submitted that the Motion be denied.

## **OBJECTION**

### I. MOVANT HAS FAILED TO ESTABLISH CAUSE EXISTS TO LIFT THE STAY

4. Upon commencement of a Title III case, Bankruptcy Code section 362(a), made applicable by PROMESA section 301(a), provides for a stay of certain actions by non-debtor third parties including, among other things, "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title." 11 U.S.C. § 362(a). The application of Bankruptcy Code section 362(a) to the Commonwealth's Title III case was specifically confirmed by this Court pursuant to the *Order Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365 and 922 Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition Lawsuits, and (III) Application of Contract Protections* [ECF No. 543] (the "Title III Stay Order").

5. "The automatic stay is among the most basic of debtor protections under bankruptcy law." *Soares v. Brockton Credit Union (In re Soares)* 107 F. 3d 969, 975 (1st Cir. 1997) (citing *Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection*, 474 U.S. 494, 503 (1986)). The stay "is extremely broad in scope and, 'aside from the limited exceptions of subsection (b), applies to almost any type of formal or informal action taken against the debtor or the property of the estate.'" *Montalvo v. Autoridad de Acueductos y Alcantarillados (In re*

*Montalvo)*, 537 B.R. 128, 140 (Bankr. D.P.R. 2015). The broad scope of the automatic stay serves the cardinal purposes of bankruptcy and provides the debtor with a "breathing spell" essential to (a) the preservation of the debtor's property for the collective benefit of the creditors and (b) the debtor's ability to administer its case and engage in restructuring efforts without undue distraction or interference. *See Unisys Corp. v. Dataware Prods.*, Inc., 848 F.2d 311, 313 (1st Cir. 1988) ("[T]he automatic stay gives the debtor a 'breathing spell from his creditors' and forestalls a 'race of diligence by creditors for the debtor's assets.'" (citation omitted)); *In re Jefferson Cty.*, 491 B.R. 277, 285 (Bankr. N.D. Ala. 2013) (explaining that a key purpose of municipal bankruptcy is "the breathing spell provided by the automatic stay" and stating "[i]f the automatic stay is to be lifted routinely to allow claimants to assert their claims in state court, a municipality will not have the time, opportunity or ability to confirm a plan"); *Mass. Dep't of Revenue v. Crocker (In re Crocker)*, 362 B.R. 49, 56 (B.A.P. 1st Cir. 2007) (quoting H.R. Rep. No. 95-595 at 340 (1977)) ("[O]ne of the fundamental purposes of the automatic stay is to give the debtor 'a breathing spell from his creditors' and 'to be relieved of the financial pressures that drove him into bankruptcy.'").

      6.      An order lifting the automatic stay is an "extraordinary remedy." *In re 234-6 West 22nd St. Corp.*, 214 B.R. 751, 757 (Bankr. S.D.N.Y. 1997). Bankruptcy Code section 362(d)(1), made applicable by PROMESA section 301(a), provides that a court may grant relief from the automatic stay "for cause." *See* 11 U.S.C. § 362(d)(1). "Cause" is not defined in the Bankruptcy Code. *In re Unanue-Casal*, 159 B.R. 90, 95–96 (D.P.R. 1993), *aff'd* 23 F.3d 395 (1st Cir. 1994). To determine whether "cause" exists to grant relief from the stay, courts examine numerous different factors, including those set forth in *Sonnax Indus., Inc. v. TriComponent Prods. Corp. (In re Sonnax Indus., Inc.),* 907 F.2d 1280, 1286 (2d Cir. 1990):

    (1) whether relief would result in complete or partial resolution of the issues;
    (2) the lack of any connection with or interference with the bankruptcy case;

(3) whether the foreign proceeding involves the debtor as fiduciary;
(4) whether a specialized tribunal has been established to hear the cause of action at issue;
(5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
(6) whether the action essentially involves third parties rather than the debtor;
(7) whether the litigation could prejudice the interest of other creditors;
(8) whether a judgment in the foreign action is subject to equitable subordination;
(9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor;
(10) the interest of judicial economy and the expeditious and economical determination of litigation for the parties;
(11) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and
(12) the impact of the stay on the parties and the "balance of hurt."

*In re Sonnax Indus.,* 907 F.2d at 1286.

7. Courts in this Circuit have adopted these "*Sonnax* factors." *See Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla,* 217 F. Supp. 3d 508, 518 (D.P.R. 2016) ("To help guide their analysis of whether to enforce or vacate the stay, some courts, including those in this district, have relied upon a laundry list of assorted factors." (citing *Sonnax,* at 1286; *C & A, S.E. v. P.R. Solid Waste Mgmt. Auth.*, 369 B.R. 87, 94-5 (D.P.R. 2007)); *In re Unanue-Casal*, 159 B.R. at 95–96; *Peaje Invs. LLC v. Garcia-Padilla*, 2016 U.S. Dist. LEXIS 153711, at *13 (D.P.R. Nov. 2, 2016).

8. No one factor is dispositive; instead, courts "engage in an equitable, case-by-case balancing of the various harms at stake" and will lift the stay only if the harm engendered by allowing the stay to remain in place outstrips the harm caused by lifting it. *Brigade*, 217 F. Supp. 3d at 529 n.12. Movant bears the burden of establishing cause, *id.*, and when the movant is not a secured claimholder asserting a lack of adequate protection, that burden is a high one. *See In re Breitburn Energy Partners LP*, No. 16-10992, 2017 WL 1379363, at *4 (Bankr. S.D.N.Y. Apr. 14, 2017). Here, the *Sonnax* factors point squarely toward maintaining the automatic stay and against awarding the remedy Movant seeks.

9. ***Sonnax* Factor 1:*** Movant asserts that the first *Sonnax* factor, "whether relief would result in complete or partial resolution of the issues," supports lifting the stay, as it will "result in a complete resolution of the issue" in the Prepetition Action. Motion at 4. Movant's argument is mistaken. The first *Sonnax* factor does not focus on the issues in the stayed litigation: indeed, if it did, the first *Sonnax* factor would always favor lifting the stay because every lawsuit eventually resolves the issues in that particular proceeding. Instead, the first *Sonnax* factor primarily focuses on whether the separate litigation would expeditiously resolve issues relevant to the bankruptcy case. *See, e.g., In re Taub*, 413 B.R. 55, 62 (Bankr. E.D.N.Y. 2009) (lifting the stay because non-bankruptcy litigation "would resolve significant open issues in the Debtor's bankruptcy case, and would assist the Debtor in pursuing the confirmation of a [] plan"); *In re Murrin*, 477 B.R. 99, 109 (D. Minn. 2012); *In re Cummings*, 221 B.R. 814, 818 (Bankr. N.D. Ala. 1998) (characterizing this factor as whether the non-bankruptcy proceeding would result in "the resolution of preliminary bankruptcy issues"). Here, Movant has asserted nothing more than "the relief would result in a complete resolution of the issue." Motion at 4. Movant has failed to show how allowing the Prepetition Action to proceed would resolve any issues relevant to the Commonwealth's Title III case. Indeed, that is because lifting the automatic stay would not resolve any issues relevant to the Commonwealth's Title III case.[3] Movant's claims, if any, can be resolved through the claims resolution process to be undertaken in the Title III cases. Therefore, the first *Sonnax* factor supports the denial of the Motion.

10. ***Sonnax* Factors 2 and 7**: The claims adjustment process under Title III applies with respect to all debts, claims, and liens asserted against the Commonwealth (as such terms are

---

[3] For the avoidance of doubt, the Commonwealth and the Oversight Board reserve all rights and defenses relating to Movants' claims, including, without limitation, any rights to challenge any set-offs or to assert any set-offs and to impair and discharge Movants' claims.

defined in Bankruptcy Code section 101). *See* 48 U.S.C. § 2101. The definition of "claim" in the Bankruptcy Code "contemplates that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case . . . [and] permits the broadest possible relief in the bankruptcy court." H.R. Rep. No. 95–595, at 309 (1977). Recognizing this principle, the Supreme Court has held that a "claim" has "the broadest available definition." *FCC v. NextWave Pers. Commc'ns Inc.*, 537 U.S. 293, 302 (2003).

11. As a potential, prepetition, unsecured creditor of the Commonwealth, Movant's claims are subject to the claim resolution process that will be undertaken in the Title III Case. Requiring the Commonwealth to defend Movant's claims separately would undermine that process and upend the "strong bankruptcy code policy that favors centralized and efficient administration of all claims in the bankruptcy court . . . ." *See Publicker Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.)*, 980 F.2d 110, 117 (2d Cir. 1992) (citations omitted); *see also In re BFW Liquidation, LLC*, No. 09-00634-BGC-11, 2009 WL 8003536, at *3 (Bankr. N.D. Ala. Sept. 14, 2009) ("[T]he effect of lifting the stay for all such claimants and requiring debtors to defend lawsuits in diverse forums merely to establish what share, if any, the claimants filing those suits will have in whatever is left of bankruptcy estates would hinder the goals of the automatic stay and the summary process for adjudicating and liquidating claims.").

12. Lifting the automatic stay to proceed with the Prepetition Action will divert the Commonwealth's attention and resources to defending Movant's claims in another forum and will encourage other creditors to seek similar relief. This will both interfere with the Title III case and prejudice other creditors by giving Movant unjustifiable preferential treatment. Moreover, should every plaintiff with an asserted salary grievance be given carte blanche to litigate their claims, the combined results would potentially have a substantial and negative impact on the Debtor's fiscal

plan and budget. This would impede the restructuring process, and should be avoided. Thus, *Sonnax* factors 2 and 7 weigh in favor of denying the Motion. *See, e.g., In re Plumberex Specialty Prod., Inc.*, 311 B.R. 551, 563-64 (Bankr. C.D. Cal. 2004) (rejecting effort to lift stay in part because "the cost of protracted litigation of a separate proceeding in a non-bankruptcy forum would prejudice the interests of other creditors of the estate"); *In re Motors Liquidation Co.*, No. 09- 50026, 2010 WL 4630327, at *4 (S.D.N.Y. 2010) (finding no abuse of discretion where bankruptcy court concluded in denying lift-stay motion that "allowing Appellant to proceed with the ERISA suit would force [debtor] to expend estate resources to defend that" and thus "would prejudice the interests of other creditors"); *In re Gatke Corp.,* 117 B.R. 406, 410 (Bankr. N.D. Ind. 1989) (denying motion to lift stay to allow state court suit to proceed against debtor, even though stay of litigation would cause hardship to defendant, because granting relief from stay would, among other things, encourage the filing of "similar requests for relief by plaintiffs of pending lawsuits"); *In re Northwest Airlines Corp.*, No. 05-17930 (ALG), 2006 WL 694727, at *2 (Bankr. S.D.N.Y. Mar. 13, 2006) ("To allow the automatic stay to be lifted with respect to this action at this time would prompt similar motions and require the Debtors to spend an inordinate amount of time and money on litigation and detract from the Debtors' attempts to restructure . . . interfere[ing] with judicial economy and the Debtors' process of reorganization." (citations omitted)).

13. **<u>Sonnax Factor 4</u>**: The fourth *Sonnax* factor does not weigh in favor of granting the Motion. Movant's claims for a salary increase involve no specialized issues or complex questions of law that this Court is not well-equipped to handle. Courts have regularly found that actions regarding employment benefits and other simple state law claims do not require a specialized tribunal. *See, e.g., In re Motors Liquidation Co.*, 2010 U.S. Dist. LEXIS 125182 *13-14 (Bankr. S.D.N.Y. 2010) (finding "bankruptcy courts well-equipped to adjudicate statutory

actions involving employee benefits" and refusing to lift the stay); *In re Bally Total Fitness of Greater New York, Inc.*, 411 B.R. 142, 147-148 (S.D.N.Y. 2009) (finding no need for a specialized tribunal in wage and hour class action); *In re WorldCom, Inc.*, 2006 U.S. Dist. LEXIS 55284 (S.D.N.Y. 2006) (finding that "[b]ankruptcy courts are often called upon to apply state laws in resolving claims against the estate" and refusing to lift the stay to allow state law property dispute to be litigated in state forum). Therefore, *Sonnax* factor 4 does not weigh in favor of granting the Motion.

14. **_Sonnax_ Factor 6**: The PR-OMB is an agency of the Commonwealth, and accordingly is protected by the automatic stay under Bankruptcy Code section 362(a). Thus, the Prepetition Action cannot be characterized as primarily involving third parties. Therefore, *Sonnax* factor 6 weighs in favor of denying the Motion. *See City Ins. Co. v. Mego Int'l, Inc. (In re Mego Int'l, Inc.)*, 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983) (denying motion to lift the stay where debtor was more than a mere conduit for the flow of proceeds and the action impacted the "property and administration of [the debtor's estate].")

15. **_Sonnax_ Factors 10 and 11:** As discussed above, the Prepetition Action is still at a preliminary stage. Contrary to Movant's assertion, there are processes pending that are necessary for the Prepetition Action to move forward, like discovery, pretrial hearing, the preparation and filing of the pretrial statement, and the ensuing trial, all of which will require the Commonwealth to expend considerable time and expense. As such, the parties are not ready for trial in the Prepetition Action and granting the Motion will neither promote judicial economy nor result in the timely resolution of the issues. Thus, *Sonnax* factors 10 and 11 weigh in favor of denying the Motion. *See In re Sonnax Indus., Inc.,* 907 F.2d at 1287 (denying motion to lift the stay where, among other things, "the litigation in state court has not progressed even to the discovery stage

[and] the bankruptcy proceeding provides a single, expeditious forum for resolution of the disputed issues."); *In re Residential Capital, LLC*, 2012 WL 3860586 at *6 (denying motion to lift the stay where, among other things, "there has been no motion practice addressing the sufficiency of the pleadings or of the evidence supporting the claims or defenses [and] [d]iscovery, trial preparation and, absent a settlement, trial all remain to be done").

16. ***Sonnax* Factor 12:** Balancing of the harms clearly favors denial of the Motion. The impact on the Commonwealth if the Motion were to be granted would outweigh any harm that Movant would suffer if the automatic stay remains in place. The procedural status of the Prepetition Action, the large number of pending lawsuits against the Debtors, the diversion of the Commonwealth's resources to defend Movant's claims, and the prejudice to the interests of other similarly situated creditors all weigh in favor of continuing the automatic stay at this early juncture of the Title III case. On the other hand, postponing liquidation of Movant's claims will neither adversely affect Movant nor promote judicial economy. There is nothing urgent about Movant's claims. Expedition of the claims will not save the Commonwealth any time or money. Rather, it will force the Commonwealth to spend time and money now to liquidate claims that may only be paid, if at all, under a confirmed plan of adjustment. Thus, *Sonnax* factor 12 weighs in favor of denying the Motion.[4]

---

[4] The remaining *Sonnax* factors ((3) whether the foreign proceeding involves the debtor as fiduciary; (5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (8) whether a judgment in the foreign action is subject to equitable subordination; (9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor) are not addressed as they are inapplicable here.

## CONCLUSION

17. Movant has failed to establish cause to justify lifting the automatic stay in the Commonwealth's Title III case to allow the Prepetition Action to proceed. Accordingly, and for the foregoing reasons, the Court should deny the Motion.

Dated: March 12, 2018.
      San Juan, Puerto Rico

                                            Respectfully submitted,

                                            **WANDA VÁZQUEZ GARCED**
                                            Secretary of Justice

                                            */s/ Wandymar Burgos Vargas*
                                            **WANDYMAR BURGOS VARGAS**
                                            USDC 223502
                                            Deputy Secretary in Litigation
                                            Department of Justice
                                            P.O. Box 9020192
                                            San Juan, Puerto Rico 00902-0192
                                            Phone: 787-721-2940 Ext. 2500, 2501
                                            wburgos@justicia.pr.gov

                                            *Attorneys for the Commonwealth of Puerto Rico*