INTAKE DROP BOX
RECEIVED & FILED

2018 MAR 13 AM 11: 36

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.<br><br>Debtors[1] | PROMESA<br>TITLE III<br><br><br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br><br>Re: ECF No. 262, 1065, 1512 |

### REPLY OBJECTION OF THE COMMONWEALTH TO MOTION REQUESTING RELIEF FROM AUTOMATIC STAY FILED BY LUISA MURRAY SOTO, PRO SE

To the Honorable United States District Court Judge Laura Taylor Swain:

**COMES NOW,** Luisa Murray Soto ("Ms. Murray" or "Movant"), *pro se*, respectfully submits this reply (the "*Reply*") to the Objection of the Commonwealth (the *"Objection Motion"*) [ECF No 2704] filed by Commonwealth of Puerto Rico (the "Commonwealth) in the administrative case captioned *Luisa Murray Soto v. Oficina de Gerencia y Presupuesto*, case number 2016-08-1109,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID"3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

before the Public Service Appeals Commission (the "Prepetition Action"). The Movant respectfully requests that the Court deny the Objection Motion for the reasons set bellow.

## I. PROCEDURAL STATEMENT

1. The Objection Motion should be denied because the Commonwealth fails to proof this administrative case is still in the preliminary stage of litigation according with the evidence presented by the Movant on the *Motion Requesting Consideration* [**ECF No. 2607**].

2. Contrary to the Commonwealth perception on "the administrative action challenging the denial of a salary increase against the Puerto Rico Office of Management and Budget (the " PR-OMB")"; this **claim is related to the employee's legitimate labor rights must be treated as equally**. Moreover, the PR-OMB does not recognize neither comply with the basics employee rights according with the Constitution and Laws of the Commonwealth of Puerto Rico.

3. The Movant has demonstrated that the administrative claim is not on the preliminary stage and will not be expensive for the Debtor and Commonwealth. Moreover, the claim seeks that the PR-OMB recognizes the Movant' merit principle right as employee according with the Article 8, section 8.3, under subsection 3 of the Act 184, 2004.

4. On September 16, 2016, the CASP issued an Partial Resolution to Debtor and Movant without expensive cost to resolve the administrative claim. (see attachment, **Exhibit I of ECF No. 2607**).

5. Given that the questionable stay applies here, Movant has demonstrated "cause" as to why the Title III Stay should be lifted. The *Sonnax* factors used to determine whether "cause" exits to grant from the automatic stay weigh squarely in favor to granting the Motion. Furthermore, Movant asserts that cause exists to lift the Title III Stay, and the Sonnax factors

2

apply of the underlying action. Therefore, it is respectfully submitted the Objection Motion be denied.

## MOVANT'S REPLY

6. On August 25th, 2017, the Legal Representative of PR-OMB filed a Notice before CASP to explain about a petition under Title III has the effect of an automatic stay pursuant to Section 301(a) of PROMESA, which states, among other things, that 11 U.S.C. §362 of the United States Bankruptcy Code are applicable for petitions under Title III.

7. On April 1st, 2016, Movant claimed its employee rights to be recognized by the PR-OMB and be treated equally according with the merit principles expressed on the Act 184, supra.

8. It is Movant's position that the automatic stay of the Case before CASP should be lifted pursuant to 11 U.S.C. §362 (d)(1), for cause, <u>allowing the movant's rights be recognized on this claim according with Puerto Rico Constitution and the legitimate employee rights with the Act 184, supra</u>. Moreover, the Administrative Forum had been issued a Partial Resolution on this Movant's claim.

9. On the Section 362 (d) (1) of the Bankruptcy Code, provides that:

> *"On request of a party in interest and after notice and a hearing the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay---.*
> *(1) For cause, including the lack of adequate protection of an interest in property of such party in interest."*

10. In <u>Sonnax Indus., Inc. v. Tricomponent Prods. Corp.</u> (In re Sonnax Indus., Inc.), 907 F.2d 1280 (2d Cir. 1990), the Second Circuit Court of Appeals enumerated the factors that should be analyzed when evaluating a petition of relief from the automatic stay:

**1. Whether relief would result in a partial or complete resolution of the issues;**

**2. Lack of any connection with or interference with the bankruptcy case;**

3

3. Whether the other proceeding involves the debtor as a fiduciary;

4. Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

5. Whether the debtor's insurer has assumed full responsibility for defending it;

6. Whether the action primarily involves third parties;

7. Whether litigation in another forum would prejudice the interests of other creditors;

8. Whether the judgment claim arising from the other action is subject to equitable subordination;

9. Whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

**10. The interests of judicial economy and the expeditious and economical resolution of the litigation;**

**11. Whether the parties are ready for trial in the other proceeding,** and

**12. The impact of the stay on the parties and the balance of harms. (Movant emphasis)**

The prepetition action meets of all five (5) criteria of the *Sonnax* factors on bolded above. The Prepetition Action would resolve the question of whether the legitimate employee movant's rights were violated as stated by the Article II, Section 7 of the Constitution of the Commonwealth of Puerto Rico. The recognized employee's legitimate rights are no part of the bankruptcy estate, as the Commonwealth does not have a property interest on the employee's rights; therefore, the Prepetition Action lacks any connection to the Petition under Art. III of PROMESA. The Prepetition Action is in an advanced enough stage that the matter could be resolved via a Motion for Summary Judgment; thus, demonstrating that the interests of judicial economy, and of the

4

expeditious resolution of the claim, are best served by permitting the Prepetition Action to proceed in the Public Service Appeals Commission. Also, allowing the Prepetition Action to proceed will cause absolutely no harm to the Commonwealth, as Movant only seeks to be recognized her legitimate rights as employee on the PR-OMB.

**WHEREFORE**, Movant respectfully requests that the Court enter an order granting relief from the automatic stay allowing Movant to continue to contest her legitimate rights by Constitution and Laws regulated by the Commonwealth of Puerto Rico currently pending before the Public Service Appeals Commission with a Partial Resolution issued on September 2016 and to pursue such additional actions as may be necessary.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY: That on this same date, we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF Filing System which will send a notification of such to the parties of record and to all interested subscribed users.

RESPECTFULLY SUBMITTED

IN SAN JUAN, PUERTO RICO, this 13th day of March 2018.

s/Luisa Murray-Soto
**Luisa Murray Soto,** *Pro Se*
3 Carr 784 Apt 3201
River Glance
Caguas, PR 00727
Phone number: 239.986.1793
lumurr@gmail.com