```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>AS REPRESENTATIVE OF<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>DEBTOR | PROMESA<br>TITLE III<br><br><br>NO. 17 BK 3283-LTS |

**MOTION FOR RELIEF FROM AUTOMATIC STAY IN ORDER TO VOLUNTARILY DISMISS COMPLAINT WITH PREJUDICE**

**TO THE HONORABLE COURT:**

COMES NOW Karen Odalys Fuentes Rivera, Luis Iván Fuentes Vázquez, y Carmen Iris Rivera Cosme (hereinafter collectively "Movants"), through the undersigned counsel and very respectfully move the Court for an Order pursuant to 11 U.S.C. sec. 362 for relief of the automatic stay, and in support of this motion, states and prays:

**I. PROCEDURAL BACKGROUND**

On June 23, 2016, the Movants filed a Complaint before the Puerto Rico Court of First Instance, Superior Court of Caguas, against the Commonwealth of Puerto Rico/Department of Transportation and Public Works ("Commonwealth"), the Municipality of Aguas Buenas, the Puerto Rico Road and Transportation Authority ("PRRTA") and others, seeking monetary compensation for damages suffered due to a traffic accident. On July 5, 2016 and December 14, 2016 Movants amended the Complaint

to include Triple S Propiedad and Mapfre-Praico Insurance Company as codefendants, and to amend their claims. Karen Odalys Fuentes Rivera, et als v. Departamento de Transportación y Obras Públicas, et als, E DP2016-0075.

In said complaint, movants alleged that while Karen Odalys Fuentes Vazquez was driving on road PR-156 she had to move to the side of the road. Nevertheless, because the road lacked illumination, nor the road had the proper safety barriers, movant Fuentes Vázquez fell by the side of a bridge, suffering multiple body traumas.

On May 19, 2017, the Commonwealth filed before the Caguas Superior Court a motion requesting an order of stay of the proceedings in the above-mentioned case pursuant to Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").

On June 26, 2017, the Caguas Superior Court entered an order granting the Commonwealth's petition of stay of the claim against the Commonwealth but ordered that the case continued against all the other parties of the case.

On August 10, 2017 the Commonwealth filed a writ of certiorari before the Puerto Rico Court of Appeals requesting that the case be stayed against all parties. Case No. KLCE201701416.[1] On December 8, 2017 the Puerto Rico Court of

---

[1] On August 23, 2017 the Puerto Rico Court of Appeals consolidated Case No. KLCE201701416 with Case No. KLCE201701415.

Appeals entered judgement staying the proceedings against all other codefendants until this Bankruptcy Court determines otherwise.

On December 2017, Plaintiffs and Co-Defendants, Triples S Propiedad, Inc. and Mapfre Praico Insurance Company, reached a private extra-judicial agreement settling all claim relating to the case. In consideration of that agreement, Plaintiffs agreed to file a motion to voluntarily dismiss with prejudice of the complaint filed against the abovementioned parties, including the Commonwealth.

On December 21, 2017 Plaintiffs requested from the Puerto Rico Court of Appeals to lift the stay granted in the judgment entered on December 8, 2017 with the sole purpose of being able to file a motion to dismiss before the Superior Court of Caguas. Consequently, on January 24, 2018 the Commonwealth informed the Court of Appeals that they did not had an objection to the request made by Plaintiff.

On February 6, 2018 the Court of Appeals entered order denying Plaintiff's request for lift of stay stating that Plaintiff should file the proper motion before Bankruptcy Court.

**II. DISCUSSION**

Movants respectfully request this Honorable Court that the automatic stay of captioned case, <u>Karen Odalys Fuentes Rivera, et als v. Departamento de Transportación y Obras Públicas, et als</u>, E DP2016-0075 be lifted or modified pursuant to 11 U.S.C.

3

Sec. 362 (d)1), for cause, allowing Plaintiff to file a motion for voluntary dismissal with prejudice of case number EDP2016-0075 with respect to all parties in that case.

Section 362 (d)(1) of the Bankruptcy Code, supra, states that:

> "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay---.
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest."

In <u>Sonnax Indus., Inc. v. TriComponent Prods. Corp.</u> (In re Sonnax Indus., Inc.), 907 F.2d 1280 (2d Cir. 1990), the Second Circuit Court of Appeals enumerated the factors that should be analyzed for purposes of evaluating relief from the automatic stay:

**(1) Whether relief would result in a partial or complete resolution of the issues;**

(2) Lack of any connection with or interference with the bankruptcy case;

(3) Whether the other proceeding involves the debtor as a fiduciary;

(4) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) Whether the debtor's insurer has assumed full responsibility for defending it;

(6) Whether the action primarily involves third parties;

(7) Whether litigation in another forum would prejudice the interests of other creditors;

4

(8) Whether the judgment claim arising from the other action is subject to equitable subordination;

(9) Whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

**(10) The interests of judicial economy and the expeditious and economical resolution of litigation;**

(11) Whether the parties are ready for trial in the other proceeding; and

**(12) Impact of the stay on the parties and the balance of harms.**

Movant's litigation meets many of the criteria enumerated by Sonnax for the stay to be lifted or modified. Particularly the factors number 1, 10, and 12 stated above.

The lifting of the automatic stay in this case will allow Plaintiff to voluntarily dismiss all claims against Debtor and all other codefendants in the Karen Odalys Fuentes Vázquez case. This dismissal will result in the complete resolution of the case and will release Debtor of any claim relating to the facts of the dismissed case.

Finally, allowing Movant's Litigation to proceed would not interfere with PROMESA Title III case, hence the stay should be lifted of modified.

WHEREFORE, movant Movants respectfully request from this Honorable Court that the stay in the captioned case be lifted or modified in order to allow Plaintiffs to voluntarily dismiss with prejudice the case Karen Odalys Fuentes Rivera, et als v.

5

<u>Departamento de Transportación y Obras Públicas, et als</u>, E DP2016-0075.

I HEREBY CERTIFY that the forgoing document was filed with the Clerks of the Court using CM/ECF system, which will send notification of such filing to counsel of record.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico this 15th day of March 2018.

**/s/Luis E. Fusté Lacourt**
USDC No. 221403
IGARTÚA & FUSTÉ
LAW OFFICES
P.O. Box 194921
San Juan, PR 00919
TEL: (787) 753-7753
luis.fuste@gmail.com

6