# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, | PROMESA<br><br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## ORDER RESOLVING THE MOTION OF THE PBA FUNDS
## FOR THE PAYMENT OF RENT

Upon the motion (the "Motion") [2] of the PBA Funds for the entry of an order (the "Order"):

(a) directing the Debtors to (i) satisfy all outstanding postpetition rental obligations arising under the PBA Leases and (ii) timely perform all such obligations until the PBA Leases are assumed or rejected; or (b) in the alternative, granting the PBA an allowed claim entitled to administrative expense priority pursuant to Bankruptcy Code sections 365(d)(3), 503(b), and 507(a)(2) and PROMESA section 301(a); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with PROMESA section 306(a); and venue being proper in this district pursuant to PROMESA section 307(a); and the Court determining that notice was proper in this matter; and upon consideration of the arguments and evidence submitted in connection with

---

[1] The Debtors in these title III cases, along with the last four digits of each Debtor's federal tax identification number, are the (i) Commonwealth of Puerto Rico (No. 17-BK-3283-LTS) (3481); (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (No. 17-BK-3566-LTS) (9686); (iii) Puerto Rico Highways and Transportation Authority (No. 17-BK-3567-LTS) (3808); (iv) Puerto Rico Sales Tax Financing Corporation (No. 17-BK-3284-LTS) (8474); and (v) Puerto Rico Electric Power Authority (No. 17-BK-4780-LTS) (3747).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the Motion; and any objections to the relief requested herein having been resolved,

withdrawn, or overruled on the merits, it is **HEREBY ORDERED THAT:**

1.      The Motion is resolved as follows.

2.      Unless and to the extent the PBA Leases are subsequently adjudged

not to be leases for purposes of Bankruptcy Code section 365(d)(3) and subject to

paragraph 3 below, the PBA shall have allowed administrative priority claims

against the Debtors with respect to unpaid rent accruing under any leases of

nonresidential real property from and after each Debtors' respective petition date,

pursuant to Bankruptcy Code 365(d)(3), 503(b), and 507(a)(2) (including, for the

avoidance of doubt, any amounts due from the Commonwealth's agencies and

departments) arising under PBA Leases currently due and owing to the PBA,

which shall continue to accrue, but not require payment absent further court order,

until each such PBA Lease is either assumed or rejected by the applicable Debtor

(collectively, the "Administrative Rent Claims").  The Debtors shall provide five

(5) business days' advance written notice to the Movants and parties that joined

issue herein of any compromise or settlement of any Administrative Rent Claim

they intend to sign.

3.      Any and all Administrative Rent Claims and their allowance or

disallowance shall remain subject to all rights, claims, defenses, and setoffs available

to each Debtor, as applicable, and the Debtors and the Official Committee of

Unsecured Creditors retain all rights to assert objections or defenses to the

Administrative Rent Claims, provided, however, the Debtors shall not be entitled to

assert that any of the Administrative Rent Claims have been waived as not timely asserted. For the avoidance of doubt, the issues of whether the PBA Leases are "true leases" entitled to treatment under section 365(d)(3) of the Bankruptcy Code, the validity or enforceability of the PBA bonds or PBA guarantees, and whether a debtor-guarantor who is not the tenant under the subject lease is subject to the performance obligations of section 365(d)(3), are expressly preserved.

4.      The Debtors, AAFAF, and the Oversight Board shall as soon as practicable provide an accounting of purported rent amounts accrued but unpaid under the PBA Leases since the Debtors' respective petition dates.

5.      Nothing in this Order shall prejudice the rights of the PBA or the PBA Funds to assert additional claims in connection with the PBA Leases, including, but not limited to, general unsecured claims or administrative expense claims, or to pursue any other rights or remedies afforded to them under the PBA Leases, the 1995 Resolution, or any other applicable contract, law, or regulation.

6.      Nothing herein determines any holder of PBA bonds has standing to prosecute the Motion, and this Order does not grant them standing. The parties' respective positions in respect of the standing of the holders of the PBA bonds are preserved.

7.      The Court shall retain jurisdiction to hear and determine all matters

arising from or related to the implementation or enforcement of this order.

SO ORDERED.


Dated: March 15, 2018


                                                     /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    United States District Judge