# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, et al.,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO

    Debtor.

PROMESA
Title III

No. 17 BK 3283-LTS

**This Motion relates only to the Commonwealth and shall only be filed in the lead Case No. 17 BK 3283-LTS.**

---------------------------------------------------------------x

## MOTION FOR RELIEF FROM STAY

    COMES NOW, Thamari Gonzalez Martinez, for herself and in representation of her minor, Edwin Alexander Matta Gonzalez ("Movant"), through the undersigned counsel, to respectfully move the Court for an Order pursuant to 11 U.S.C. § 362 for relief from the Automatic Stay and, in support of its motion, states as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

BACKGROUND

1. On May 13th, 2014, Movant filed a Claim against the Commonwealth of Puerto Rico ("Commonwealth"), the Municipality of Naranjito ("Municipality of Naranjito"), Multinational Insurance Company ("Multinational") and others, <u>Thamari Gonzalez *et al* v. Municipio de Naranjito *et al*</u>, DDP2014-0355 ("the Litigation") before the Court of First Instance in and for the Municipality of Bayamón ("Court of First Instance") for the damages suffered by minor Edwin Alexander Matta in an area controlled by the Commonwealth and/or the Municipality.[2]

2. On July 5th, 2017, the Court of First Instance ordered the application of the Section 301(a) of PROMESA, 48 U.S.C. § 2161, stay to the Litigation as a result of Debtor's bankruptcy petition under Title III of PROMESA, case no. 17-1578 (the "Petition"). **However, the Litigation was in an advance stage, as discovery proceedings had been completed and Trial was scheduled for August 22-25, 2017**.

3. In compliance with Paragraph III.Q of the Third Amended Case Management Procedures order (ECF No. 1512, Ex. 1), on February 21st, 2018, Movant notified the Counsel for the Oversight Board and AAFAF their intent to seek relief from the Title III automatic stay. On February 28th, 2018, the Commonwealth declined the request.

---

[2] In the Litigation, Movant claimed that on May 9th, 2013, young Edwin Alexander Matta Gonzalez was waking on the sidewalk of 164 Street in the Municipality of Naranjito. As he was waking over a bridge on the same street, and due to the poor maintenance of the area and lack of barriers and/or other security measures, he slipped and fell over a precipice of approximately 20 feet. As a result of the fall, young Edwin fractured his tibia and fibula on both legs and had to endure a surgical intervention to insert metal plates and screws in order to join the bones. For the rest of his life, young Edwin will have limited mobility of both his legs and back, and a permanent residual impediment of 15% of all physiological functions.

DISCUSSION

Before we begin with the discussion of the arguments in support of the relief from the automatic stay in favor of Movant, it is important to note that said discussion will be focused on the Commonwealth, as it is the only defendant in the Litigation that the automatic stay applies to. There is no statutory basis for an extension of the automatic stay to Municipality of Naranjito, Multinational nor any of the other defendants, which are indisputably separate legal entities from the Commonwealth.

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA allows the Court to grant relief from the automatic stay "for cause". Even though "cause" is not defined in any section the United States Bankruptcy Code, this district and the Court have relied on the factors enumerated by the Second Circuit in In re Sonnax Indus, Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax") to determine whether cause exists to lift the bankruptcy stay. See, e,g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of the twelve (12) factors identified by the Sonnax Court, the following are of particular relevance to the Litigation: (a) "Whether the relief will result in a partial or complete resolution of the issues"; (b) "lack of any connection with or interference with the bankruptcy case"; (c) "the interests of judicial economy and the expeditious and economical resolution of litigation"; (d) "whether the parties are ready for trial in the other proceeding"; and (e) the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

The Litigation meets the criteria of all five (5) of the Sonnax factors mentioned above. The Litigation would resolve the question of whether the Commonwealth and/or the Municipality was responsible for the area where the accident occurred. The facts of the Litigation lack any

connection to the Petition. The Litigation is in an advanced enough stage that Trial was set for the month after the application of the stay; thus, demonstrating that the interests of judicial economy, and of the expeditious resolution of litigation, are best served by permitting the Litigation to proceed in the Court of First Instance. Finally, allowing the Litigation to proceed will cause absolutely no harm to the Commonwealth if it's found responsible in part for the damages, as the judgement could be executed against Municipality of Naranjito and Multinational.

WHEREFORE, Movant respectfully requests that the Court enter an order granting relief from the automatic stay allowing Movant to continue with the Litigation pending in the Court of First Instance and to pursue such additional actions as may be necessary and for such other and further relief as the Court deems proper.

CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY: That in compliance with Paragraph III.Q of the Third Amended Case Management Procedures order (ECF No. 1512, Ex. 1), on February 21st, 2018, Movant notified the Counsel for the Oversight Board and AAFAF their intent to seek relief from the Title III automatic stay. On February 28th, 2018, the Commonwealth declined the request.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY: That on this same date, we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF Filing system which will send a notification of such to the parties of record and to all interested subscribed users.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 16th day of March 2018.

<u>/S/ Emanuel Rier-Soto</u>
EMANUEL RIER-SOTO, ESQ
U.S.D.C. 304110
*Attorney for Movant*

HC4 Box 12672
Rio Grande, PR 00745
(787) 307-5991
E-Mail: rier.emanuel@gmail.com.

5