UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

                     Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER ON MOTION FOR RECONSIDERATION
FILED BY BEATRIZ NIEVES-LÓPEZ, ET AL.

      Before the Court is a motion filed by Beatriz Nieves López and 26 other plaintiffs (collectively, the "Movants") for reconsideration of this Court's January 4, 2018 order (the "Order," Docket Entry No. 2205) denying Movants' motion for relief from the automatic stay (the "Reconsideration Motion). (Docket Entry No. 2263.) The Court has carefully considered the submissions. For the following reasons, the Reconsideration Motion is denied insofar as it seeks reconsideration of this Court's earlier determination to deny Movants relief from the automatic stay.

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Movants seek to continue an action, commenced on March 17, 2014, in the District Court for the District of Puerto Rico ("District Court") against various governmental officers sued in their personal and official capacities, captioned <u>Nieves-López, et al. v. Bhatia-Gautier et al.</u>, Civil Case No. 14-01220 (the "Lawsuit"). In the Court's Order denying relief from stay, it had declined to revisit the prior determination of the District Court before which the Lawsuit is pending that the automatic stay applied to that Lawsuit, and had focused its attention on whether there is cause for relief from the automatic stay. In their Reconsideration Motion, Movants proffer that the issue of stay applicability was not litigated prior to the entry of the stay order in the Lawsuit, and renew their argument that the automatic stay is inapplicable to the Lawsuit. The Court finds review of the issue appropriate and grants the Reconsideration Motion to that extent. For the following reasons, the Court finds that the automatic stay applies to the entire Lawsuit.

Section 362(a)(1) and (3) of the Bankruptcy Code, which are made applicable in these proceedings by section 301 of PROMESA, provide that: "(a) a petition filed under . . . this title . . ., operates as a stay, applicable to all entities, of— (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . [and] (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C.S. § 362(a)(1) and (3) (LexisNexis 2009 & Supp. 2017).

Movants, the named Plaintiffs in the Lawsuit, filed the Lawsuit against various government officials of the Commonwealth in their personal and official capacities for alleged

violations of the Constitution of the United States, seeking monetary damages against the defendants in their individual capacities pursuant to 42 U.S.C. § 1983 and equitable relief against defendants in their official capacities in connection with alleged violations of Movants' federal constitutional rights during Movants' employment at the Commonwealth's Office of Legislative Services. An official-capacity suit against a Commonwealth official is functionally a suit against the Commonwealth. See Hafer v. Melo, 502 U.S. 21, 25 (1991). Moreover, as this Court has previously explained, the Commonwealth has assumed the legal defense and the responsibility for any monetary judgments against the Defendants in the Lawsuit. As a result, the Lawsuit is subject to the automatic stay pursuant to Section 362(a)(1) and (a)(3) of the Bankruptcy Code, as the Movants seek the continuation of a judicial action against the Debtor that was commenced pre-petition and are attempting to obtain or control property of the Debtor through a judgment against the defendants providing equitable relief and damages, responsibility for payment of which lies with the Commonwealth.

The Court now turns to the Movants' request for reconsideration of its decision to deny relief from the automatic stay. "A motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources." In re Pabon Rodriguez, 233 B.R. 212, 220 (Bankr. D.P.R. 1999), aff'd, 2000 WL 35916017 (B.A.P. 1st Cir. 2000), aff'd, 17 F. App'x 5 (1st Cir. 2001). "The movant 'must either clearly establish a manifest error of law or must present newly discovered evidence.'" Cherena v. Coors Brewing Co., 20 F. Supp. 2d 282, 287 (D.P.R. 1998) (international citations omitted).

Here, the Movants have not met their burden of establishing a manifest error of law or proffering newly discovered evidence justifying reconsideration. All of the arguments the

Movants assert in the Reconsideration Motion are virtually identical to the ones previously made in the Movants' initial motion for relief from the automatic stay and were considered thoroughly by the Court at that time. The Movants have not identified any facts overlooked by this Court nor identified any law that was not previously examined by this Court. The Movants have made no showing that reconsideration of the determination that cause to lift the stay is lacking is warranted. Therefore, the Reconsideration Motion is granted to the extent that the Court has now addressed the applicability of the automatic stay, and is denied in all other respects.

This Order resolves docket entry no. 2263 in case no. 17-3283.

SO ORDERED.

Dated: March 19, 2018

        /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge