# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> THE COMMONWEALTH OF PUERTO RICO, *et al.*, <br><br> Debtors.[1] | PROMESA <br> Title III <br><br> Case No. 17-BK-3283 (LTS) <br><br> (Jointly Administered) |
| In re: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> PUERTO RICO ELECTRIC POWER AUTHORITY, <br><br> Debtor. | PROMESA <br> Title III <br><br> Case No. 17-BK-4780 (LTS) |

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

| | |
|---|---|
| PUERTO RICO ENERGY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO; PUERTO RICO ELECTRIC POWER AUTHORITY<br><br>    Defendants. | Adv. Proc. No. 18-021 (LTS)<br>in 17-BK-4780 (LTS) |

### UNOPPOSED URGENT MOTION OF U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE TO INTERVENE UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 7024.

**TO THE HONORABLE COURT:**

U.S. Bank National Association, solely in its capacity as Trustee under the terms of that certain Trust Agreement with the Puerto Rico Electric Power Authority dated January 1, 1974 (as amended and supplemented, the "Trust Agreement") (hereafter "Trustee"), by and through its undersigned counsel, respectfully moves to intervene, pursuant to Federal Rule of Bankruptcy Procedure 7024,[2] to the same extent granted to certain holders and insurers of PREPA bonds as Movants in that Order Resolving Motion to Intervene (*See* PREC Dkt. Nos. 36) (the "Intervention Order"). The defendant Financial Oversight and Management Board for Puerto Rico (the "FOMB") and the Plaintiff Puerto Rico Energy Commission have both consented to the Trustee's intervention on the same basis as previously granted to the Movants. In bringing this Motion the Trustee seeks to participate in this adversary proceeding only to the extent permitted by the

---

[2] Bankruptcy Rule 7024 is applicable to these title III cases pursuant to PROMESA section 210, and Rule 7024 applies Federal Rule of Civil Procedure 24 to this adversary proceeding.

Intervention Order[3] in order to join its constituent PREPA bondholders and bond insurers as parties in support PREC's motion for a preliminary injunction and the other relief sought by PREC herein. *See* PREC Dkt. Nos. 2, 3.

## INTRODUCTION

PREC is the independent regulatory agency tasked under Commonwealth law with regulating PREPA. On March 4, 2018, PREC initiated this adversary proceeding seeking declarations and injunctive relief to prevent the FOMB and PREPA from acting contravention of PREC's regulatory orders and directives. The FOMB submits a broad right under PROMESA to certify a fiscal plan having provisions in direct contravention of PREC's regulatory authority and orders. Trustee seeks to intervene to the extent contemplated by the Intervention Order, in order to present or join in arguments in support of PREC's position and the relief it is seeking. The Trustee does not intend for its intervention to result in duplication of briefing before this Court.

## JURISDICTION AND VENUE

PROMESA section 306(a) grants this Court subject matter jurisdiction over this matter, and venue is proper pursuant to PROMESA section 307(a).

## ARGUMENT

1. PROMESA "expressly incorporates . . . the entirety of the Federal Rules of Bankruptcy Procedure," as well as section 1109 of the Bankruptcy Code. *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 872 F.3d 57, 59–60 (1st Cir. 2017). The First Circuit has held that section 1109(b) grants any "party in interest" – including any "creditor" – an "unconditional right to intervene . . . on any issue" raised in any "adversary proceeding." *Id.* at 62–64. As the Trustee for approximately $8.3 billion in outstanding principal amount of PREPA bonds, Trustee

---

[3] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Intervention Order and if not defined therein, in the Trust Agreement.

is a "creditor" within the meaning of section 1109(b), and thus has an "unconditional right to intervene." On information and belief the revised PREPA fiscal plan, the final version of which has not been made available to the Trustee, will include provisions contrary to the interests of the Trustee and Bondholders. Trustee seeks to file, oppose, and reply to motions to the extent permitted in the Intervention Order to protect Trustee's interests to the extent presented in this adversary proceeding.

2. In its papers replying to PREC's motion for a preliminary injunction, the FOMB seems to suggest that it has the authority in advance of any confirmed PROMESA plan of debt adjustment to use the PROMESA fiscal plan certification along or in combination with its other powers as a preemptive federal act to override existing Puerto Rico law and regulations with respect to PREPA. *See* PREC Dkt. No. 37 at p. 9-10. The Trustee respectfully submits that the FOMB's powers are limited by existing PREPA laws and regulations at this time and seeks to support PREC's position that PREPA is subject to the constraints of existing Puerto Rico law and regulations.

3. Accordingly, the Trustee respectfully requests that it be permitted to intervene to the extent granted to the Movants in the Intervention Order, and that it be permitted to file, oppose, and reply to motions, participate in hearings to the extent permitted the Movants under Section 1109(b) and the Intervention Order.[4]

---

[4] The Trustee further submits that any potential motion to intervene need not "be accompanied by a pleading." *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 872 F.3d at 65 (internal quotations omitted).

## RELIEF REQUESTED

Trustee requests an order granting it the right to intervene to the same extent granted Movants in the Intervention Order as set forth in the proposed order attached hereto as **Exhibit A**.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 19th day of March, 2018.

**WE HEREBY CERTIFY** that on this same date a true and exact copy of this motion was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record. Also, a copy of this document will be notified via electronic mail to all case participants.

| RIVERA, TULLA AND FERRER, LLC | MASLON LLP |
|---|---|
|  | By: /s/ Clark T. Whitmore |
| Eric A. Tulla | William Z. Pentelovitch (admitted pro hac vice) |
| USDC-DPR No. 118313 | Clark T. Whitmore (admitted pro hac vice) |
| Email: etulla@ riveratulla.com |  |
|  | 90 South Seventh Street, Suite 3300 |
| *s/Iris J. Cabrera-Gómez* | Minneapolis, MN 55402 |
| Iris J. Cabrera-Gómez | Telephone: 612-672-8200 |
| USDC-DPR No. 221101 | Facsimile: 612-672-8397 |
| Email: icabrera@riveratulla.com | E-Mail: bill.pentelovitch@maslon.com |
|  | clark.whitmore@maslon.com |
| Rivera Tulla & Ferrer Building |  |
| San Juan, PR 00917-1212 | ATTORNEYS FOR U.S. BANK NATIONAL |
| Tel: (787)753-0438 | ASSOCIATION, IN ITS CAPACITY AS |
| Fax: (787)767-5784 | TRUSTEE |

# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors[1]. | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS)<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-4780 (LTS) |

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

| | |
|---|---|
| PUERTO RICO ENERGY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO; PUERTO RICO ELECTRIC POWER AUTHORITY<br><br>Defendants. | Adv. Proc. No. 18-021 (LTS)<br>in 17-BK-4780 (LTS) |

**ORDER GRANTING UNOPPOSED URGENT MOTION OF U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE TO INTERVENE UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 7024.**

This matter is before the Court on the Unopposed Urgent Motion of U.S. Bank National Association, solely in its capacity as Trustee under the terms of that certain Trust Agreement with the Puerto Rico Electric Power Authority dated January 1, 1974 (as amended and supplemented, the "Trust Agreement") (hereafter "Trustee"), intervene pursuant to 11 U.S.C. 1109(b) and Federal Rule of Bankruptcy Procedure 7024.

Upon consideration of the Motion, the Court has concluded that no hearing is necessary and that the Trustee satisfies the requirements to join the Intervention Motion under 11 U.S.C. §°1109(b) and Federal Rule of Civil Procedure 24(a)(1), with Federal Rule of Civil Procedure Rule 24 being made applicable herein by Rule 7024 of the Federal Rules of Bankruptcy Procedure, and PROMESA section 310; and it is **HEREBY ORDERED THAT:**

1. The Trustee shall have the right to file briefs stating its positions, restricted to those issues already raised by the parties in connection with the preliminary injunction proceedings. The Trustee may be heard at the preliminary injunction hearing concerning issues raised by the existing parties, subject to any restrictions by the hearing Court.

2. The Trustee is not entitled to present evidence either as attachments to its brief or at the hearing on the preliminary injunction motion.

3. Counsel for PREC shall use reasonable and good faith efforts to confer with counsel to the Trustee in advance of the preliminary injunction hearing to discuss any concerns of the Trustee.

SO ORDERED.

Dated: March __, 2018

_____
HONORABLE JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE