**Hearing Date**: June 6, 2018 at 9:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: April 9, 2018 at 4:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------- x

In re:                                                    :
                                                          :
THE FINANCIAL OVERSIGHT AND                               :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                         :  Title III
                                                          :
     as representative of                    :  Case No. 17-BK-3283 (LTS)
                                                          :
THE COMMONWEALTH OF PUERTO RICO, *et al.*,                :  (Jointly Administered)
                                                          :
     Debtors.[1]                             :

------------------------------------------------------------------------- x

## SECOND INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM OCTOBER 1, 2017 THROUGH JANUARY 31, 2018

## SUMMARY COVER SHEET

| | |
|---|---|
| Name of applicant: | Paul Hastings LLP ("Paul Hastings") |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee") |
| Date of retention: | Order entered August 10, 2017, effective as of June 26, 2017 [Docket No. 999] |
| Period for which compensation and reimbursement are sought: | October 1, 2017 through and including January 31, 2018 (the "Application Period") |

---

[1]  The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

| Amount of interim compensation sought as actual, reasonable, and necessary: | $7,066,017.75 / $5,652,814.20[2] |
|---|---|
| Amount of interim expense reimbursement sought as actual, reasonable, and necessary: | $95,462.43 |
| Are your fee or expense totals different from the sum of previously-served monthly statements for the Application Period? | No. |
| Total compensation approved by interim order to date: | $9,264,712.49 |
| Total expenses approved by interim order to date: | $111,344.06 |
| Total allowed compensation paid to date: | $7,476,382.40 |
| Total allowed expenses paid to date: | $133,270.22 |
| Blended rate in this Application for all attorneys: | (a) $901.84/hour / (b) $721.47/hour[3] |
| Blended rate in this Application for all timekeepers: | (a) $847.03/hour / (b) $677.62/hour[3] |
| Compensation sought in this Application already paid pursuant to a monthly compensation order but not yet allowed: | $3,828,774.00 |
| Expenses sought in this Application already paid pursuant to a monthly compensation order but not yet allowed: | $64,830.87 |
| The total time expended for fee application preparation during the Application Period: | Approximately 77.4 hours |
| The total compensation requested for fee application preparation during the Application Period: | Approximately $63,826.50 |
| Number of professionals included in this Application: | 62 |

---

[2]  While Paul Hastings seeks allowance of all of its fees incurred during the Application Period, the firm only seeks payment, at this time, of 80% of these fees, *i.e.*, $5,652,814.20.  By the time of the hearing on this Application, this amount should have long been paid by the Debtors pursuant to the Interim Compensation Order (as defined below), and Paul Hastings reserves its rights to seek relief from the Court to the extent any outstanding fees and expenses that are due and payable are not paid on the terms set forth in the Interim Compensation Order.

[3]  The calculation of the blended hourly rates reflected in (a) does not take into account Paul Hastings' agreement to reduce its fees by an amount equal to 20% of its total case fees, with the precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in connection with the final fee application process.  The impact of the 20% end of the case write-off on the blended hourly rates cannot be calculated at this time.  However, for illustrative purposes only, we have reflected in (b) the blended hourly rate after accounting for the 20% discount for all attorneys and for all timekeepers.

| | |
|---|---|
| If applicable, number of professionals in this Application not included in a staffing plan approved by the client: | 1 |
| If applicable, difference between fees budgeted and compensation sought for the Application Period: | $56,546.75 |
| Number of professionals billing fewer than 15 hours to the case during the Application Period: | 27 |
| Are any timekeeper's hourly rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this Application using the rates originally disclosed in the retention application: | No.[4] |

---

[4]  As is customary, every year Paul Hastings reviews its rate structure and, when appropriate, adjusts its hourly rates based upon (i) the current market for legal services, (ii) the rates charged for comparable non-bankruptcy services, and (iii) our analysis of the hourly rates being charged by professionals in other law firms.  In January 2018, Paul Hastings increased its hourly rates; however, Paul Hastings did not apply this rate increase to the fees charged in January 2018 with respect to the Committee engagement, resulting in a fee waiver in the aggregate amount of $200,837.15.  The Committee has approved Paul Hastings' rate increase effective February 1, 2018 and, therefore, the rate increase will be reflected in the next interim fee application.

## MONTHLY FEE REQUESTS TO DATE

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| **First Interim Fee Period (June 26, 2017 through September 30, 2017)** | | | | | | |
| 8/25/17 | 6/26/17 - 7/31/17 | $2,612,026.60 | $128,519.42 | $2,612,026.20 | $128,519.42 | $653,006.65 |
| 10/20/17 | 8/1/17- 8/31/17 | $2,742,786.60 | ($35,965.44) | $2,742,786.60 | ($35,965.44) | $685,696.65 |
| 12/5/17 | 9/1/17 - 9/30/17 | $2,121,569.60 | $40,716.24 | $2,121,569.60 | $40,716.24 | $530,392.40 |
| **Total** | | **$7,476,382.80** | **$133,270.22** | **$7,476,382.40** | **$133,270.22** | **$1,869,095.70** |
| | | | | | | |
| **Second Interim Fee Period (October 1, 2017 through January 31, 2018)** | | | | | | |
| 12/23/17 | 10/1/17 - 10/31/17 | $915,475.60 | $14,567.93 | $915,475.60 | $14,567.90 | $228,868.90 |
| 1/5/18 | 11/1/17 - 11/30/17 | $1,445,414.80 | $27,705.47 | $1,445,414.80 | $27,705.47 | $361,353.70 |
| 1/12/18 | 12/1/17 - 12/31/17 | $1,467,883.60 | $22,557.50 | $1,467,883.60 | $22,557.50 | $366,970.90 |
| 3/16/18 | 1/1/18 - 1/31/18 | $1,824,040.20 | $30,631.53 | $0.00 | $0.00 | $456,010.05 |
| **Total** | | **$5,664,267.40** | **$95,462.43** | **$3,828,774.00** | **$64,830.87** | **$1,413,203.55** |

## PRIOR INTERIM FEE APPLICATIONS

| Date Filed [Docket No.] | Application Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 12/15/17 Docket No. 2040 | 6/26/17 - 9/30/17 | $9,345,478.50 | $133,270.22 | Docket No. 2685 | Allowed: $9,264,712.49 Paid: $7,476,382.40 Authorized to be paid: $7,465,577.20[5] | Allowed: $111,344.06 Paid: $133,270.22 Authorized to be paid: $111,344.06[6] |

---

[5]   Paul Hastings has credited the difference of $13,507.00 against the amounts payable under the January 2018 fee statements.

[6]   Paul Hastings has credited the difference of $21,926.16 against the amounts payable under the January 2018 fee statements.

**Hearing Date**: June 6, 2018 at 9:30 a.m. (ET) / 9:30 a.m. (AST)

**Objection Deadline**: April 9, 2018 at 4:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x

|  |  |
|---|---|
| In re: | : |
|  | : |
| THE FINANCIAL OVERSIGHT AND | : PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : Title III |
|  | : |
| as representative of | : Case No. 17-BK-3283 (LTS) |
|  | : |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | : (Jointly Administered) |
|  | : |
| Debtors.[1] | : |

------------------------------------------------------------------------ x

## SECOND INTERIM APPLICATION OF PAUL HASTINGS LLP, COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM OCTOBER 1, 2017 THROUGH JANUARY 31, 2018

---

[1]   The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....................................................................................................1

BACKGROUND ..........................................................................................................................6

COMPENSATION AND REIMBURSEMENT REQUEST ........................................................9

SUMMARY OF SERVICES ......................................................................................................13

    I.    Official Committee of Unsecured Creditors of Commonwealth of Puerto Rico (Matter ID 00002)..................................................................................................14

    II.    COFINA Dispute Analysis (Matter ID 00003) ....................................................18

    III.    Communications with Creditors (other than Committee Members) / Website (Matter ID 00004)..................................................................................................22

    IV.    PREPA (Matter ID 00006) ....................................................................................23

    V.    HTA (Matter ID 00007) ........................................................................................26

    VI.    ERS (Matter ID 00008) .........................................................................................27

    VII.    Other Adversary Proceedings (Matter ID 00009) ................................................28

    VIII.    Mediation (Matter ID 00010) ................................................................................31

    IX.    GO Bond Debt Issues (Matter ID 00011)..............................................................33

    X.    Creditors Committee Meetings (Matter ID 00012) ..............................................33

    XI.    Rule 2004 Investigations (Matter ID 00013)........................................................34

    XII.    Constitutional Issues (Matter ID 00014) ..............................................................35

    XIII.    Bankruptcy Rule 2004 (Whitefish) (Matter ID 00015)........................................37

ACTUAL AND NECESSARY DISBURSEMENTS ..................................................................39

REQUESTED COMPENSATION SHOULD BE ALLOWED ..................................................40

CONCLUSION ...........................................................................................................................43

## SUPPORTING DECLARATION, EXHIBITS, AND SCHEDULES

SUPPORTING DECLARATION OF LUC A. DESPINS

EXHIBIT A          CUSTOMARY AND COMPARABLE COMPENSATION
                   DISCLOSURES

EXHIBIT B          SUMMARY OF TIMEKEEPERS INCLUDED IN THIS APPLICATION

EXHIBIT C          BUDGET AND STAFFING PLAN

   EXHIBIT C-1      BUDGET FOR JANUARY 2018

   EXHIBIT C-2      STAFFING PLAN FOR JANUARY 2018

EXHIBIT D          SUMMARY OF COMPENSATION REQUESTED BY PROJECT
                   CATEGORY

   EXHIBIT D-1      SUMMARY OF COMPENSATION REQUESTED BY PROJECT
                   CATEGORY AS COMPARED TO BUDGET FOR JANUARY 2018

                   FURTHER BREAKDOWN OF COMPENSATION REQUESTED BY
                   PROJECT CATEGORY AND BY MATTER

   EXHIBIT D-2      SUMMARY OF EXPENSE REIMBURSEMENT REQUESTED BY
                   CATEGORY

SCHEDULE 1         LIST OF PROFESSIONALS BY MATTER

SCHEDULE 2         MONTHLY STATEMENTS COVERED IN APPLICATION

SCHEDULE 3         PROPOSED ORDER

To the Honorable United States District Court Judge Laura Taylor Swain:

Paul Hastings LLP ("Paul Hastings"), counsel to the Official Committee of Unsecured Creditors of all title III Debtors (other than COFINA) (the "Committee"),[1] for its second application (the "Application"), pursuant to sections 316 and 317 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 ("PROMESA"),[2] section 503(b) of title 11, United States Code (the "Bankruptcy Code") as made applicable to these cases by section 301(a) of PROMESA, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), for the interim allowance of compensation for professional services performed by Paul Hastings for the period from October 1, 2017 through and including January 31, 2018 (the "Application Period"), and for reimbursement of its actual and necessary expenses incurred during the Application Period, respectfully represents:

## **PRELIMINARY STATEMENT**

1.     From the outset of these title III cases, and continuing during the Application Period, Paul Hastings has been confronted with a wide range of critical and time-sensitive issues, including multi-billion dollar disputes concerning the ownership of sales and use tax revenues, the "clawback" of revenues from certain Puerto Rico instrumentalities, and the certification of fiscal plans under PROMESA.  These and many other issues have become even more critical in the aftermath of Hurricanes Irma and Maria that devastated the island of Puerto Rico in September 2017.

---

[1]   Prior to August 25, 2017, the Committee was the official committee of unsecured creditors for the Commonwealth's title III case only.  On August 25, 2017, the U.S. Trustee expanded the Committee's role to also include the title III cases of HTA, ERS, and PREPA.

[2]   References to PROMESA are references to 48 U.S.C. §§ 2101 *et. seq.*

2.      During the Application Period, Paul Hastings, as lead counsel to the Committee,

has worked diligently with the Committee to advise it on a host of issues central to these title III

cases.  Among other things, during the Application Period, Paul Hastings has been integrally

involved in:

(a)      Prosecuting the Commonwealth-COFINA Dispute (on behalf of the
Committee, as the Commonwealth Agent) regarding the ownership of
billions of dollars in sales and use tax revenues, including related
litigation as to the scope of the claims to be litigated, the preparation
and filing of related pleadings, analysis of the COFINA structure, and
legal research on several critical legal issues (including issues arising
under the Uniform Commercial Code as well as the U.S. and Puerto
Rico Constitutions);

(b)      Protecting the rights of general unsecured creditors, including by:

(i)      intervening in selected adversary proceedings to oppose efforts
to halt and/or reverse the "clawback" of revenues by the
Commonwealth (and which proceedings were subsequently
dismissed by this court);

(ii)      continuing to develop the framework for an alternative dispute
resolution process for the allowance of claims;

(iii)      opposing efforts to dismiss these title III cases on constitutional
grounds;

(iv)      conducting an investigation into the circumstances under which
the Whitefish contract with PREPA was negotiated;

(v)      monitoring pleadings filed and orders entered in the title III
cases and related adversary proceedings (including, where
appropriate, filing objections); and

(vi)      maintaining the Committee's website;

(c)      Participating in the mediation process with respect to various key legal
issues in these title III, in accordance with the instructions by the
mediators (including preparation and submission of substantive
mediation statements and participation in numerous mediation
sessions); and

    (d)      Supporting the Oversight Board's and AAFAF's efforts to ensure the expeditious receipt of Federal disaster relief funds, while also consensually resolving the Committee's concerns to protect the Commonwealth in the event of the disobligation of such funds.

3.     Paul Hastings has continued to perform these services in an economic, effective, and efficient manner commensurate with the complexity and importance of the issues involved. For example, the work performed by Paul Hastings was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each particular task. Moreover, whenever possible, Paul Hastings sought to minimize the costs of Paul Hastings' services to the Committee by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of the assignments and by delegating, to the extent practicable, questions of Puerto Rico law to local counsel. In addition, a small group of the same Paul Hastings attorneys was utilized for the vast majority of the work in these title III cases, to minimize the costs of intra-Paul Hastings communication and education about the cases. Notably, as a general matter, no more than two Paul Hastings attorneys (and often only one attorney) attended the various hearings and mediation sessions held during the Application Period, thereby minimizing not only the time billed on these hearings/sessions but also the cost of travel and lodging.

4.     Furthermore, to the extent appropriate, Paul Hastings sought to work closely with counsel to the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") and counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority's ("AAFAF") in order to eliminate unnecessary duplication and allocate tasks in an efficient manner. For example, with very limited exceptions, the Committee did not become involved on stay relief requests and, instead, deferred those matters to AAFAF. Moreover, in regard to constitutional challenges to the appointment of the members of the Oversight Board, Paul

Hastings coordinated the Committee's efforts to oppose those challenges with counsel to the Oversight Board.  In addition, to the extent appropriate, the Committee joined in the relief sought by other parties (as opposed to incurring the cost of preparing its own standalone motions), including with respect to (a) the Oversight Board's and AAFAF's motion regarding the receipt and use of PREPA insurance proceeds and (b) the renewed motion of various creditors for discovery under Bankruptcy Rule 2004.  The Committee was also very judicious in determining in which adversary proceedings to intervene and, despite the First Circuit's ruling affirming the Committee's unconditional right to intervene in adversary proceedings, filed motions to intervene in only nine (9) out of the thirty (30) adversary proceedings filed to date in these title III cases.[3]

5.      In sum, Paul Hastings respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to protect, preserve, and maximize the value for unsecured creditors during the pendency of these title III cases.  The results obtained to date have benefited not only the Committee but also the Debtors and their creditors.  Accordingly, in light of the nature and complexity of these title III cases, Paul Hastings' charges for professional services performed and expenses incurred are reasonable under applicable standards.  For all these reasons, Paul Hastings respectfully requests that the court grant the Application and allow

---

[3]     Finally, we note that Paul Hastings has agreed to reduce its total fees by an amount equal to 20% of the firm's case fees (with the precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in connection with the final fee application process).  For the avoidance of doubt, at this time, Paul Hastings seeks allowance of $7,066,017.75 (*i.e.*, 100% of fees for services rendered during the Application Period), but payment of only $5,652,814.20 (to the extent such amount has not been paid before the hearing scheduled on this Application), reflecting 80% of the fees for services rendered during the Application Period.

interim compensation for professional services performed and reimbursement for expenses as requested.

6.     This Application is consistent with the Interim Compensation Order (as defined below), Local Rule 2016-1, and *Appendix B of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"), except that, in accordance with the instructions of the Fee Examiner appointed in these cases, no budgets were prepared for the first three months of the Application Period.[4]  To the extent necessary, Paul Hastings requests a waiver for cause shown of any requirements not met by this Application.[5]

7.     In accordance with the U.S. Trustee Guidelines, at the end of this Application are the following Exhibits and Schedules:

- Exhibit A contains disclosures regarding "customary and comparable compensation."

- Exhibit B contains a summary of Paul Hastings' timekeepers included in this Application.

- Exhibit C-1 contains the budget for Paul Hastings' services in January 2018, as requested by the Fee Examiner.

- Exhibit C-2 contains the staffing plan for Paul Hastings' services in January 2018, as requested by the Fee Examiner.

- Exhibit D-1 contains (a) a summary of the compensation requested as compared to the compensation budgeted for the firm's January 2018 services, and (b) a further breakdown of the compensation requested by project category and matter number.

---

[4]   The Fee Examiner has only asked for budgets beginning with January 2018.

[5]   The Committee and Paul Hastings reserve all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for compensation in these cases.

- <u>Exhibit D-2</u> contains a summary of the expense reimbursements requested by category.  An itemized schedule of all such expenses is included in Paul Hastings' monthly statements.

- <u>Schedule 1</u> contains a list of the professionals providing services during the Application Period by matter.

- <u>Schedule 2</u> includes the monthly fee statements covered in this Application.

- <u>Schedule 3</u> includes the proposed order approving this Application.

## **BACKGROUND**

8.      On May 3, 2017, the Oversight Board commenced a title III case for the Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to section 304 (a) of PROMESA (the "<u>Commonwealth Title III Case</u>").  Thereafter, the Oversight Board commenced a title III case for each of COFINA, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS Title III Case</u>"), the Puerto Rico Highways and Transportation Authority ("<u>HTA Title III Case</u>"), and the Puerto Rico Electric Power Authority ("<u>PREPA Title III Case</u>") (and together with the Commonwealth Title III Case, the "<u>Title III Cases</u>").[6]  By orders dated June 29, 2017 [Docket No. 537] and October 6, 2017 [Docket No. 1417], the Court approved the joint administration of the Title III Cases.

9.      On June 15, 2017, the Office of the United States Trustee for the District of Puerto Rico (the "<u>U.S. Trustee</u>") filed a *Notice Appointing Creditors Committee for Unsecured Creditors* [Docket No. 338].  On June 26, 2017, the Committee selected Paul Hastings as counsel to the Committee.

10.      On July 10, 2017, the Committee filed an application to retain and employ Paul Hastings as counsel, effective June 26, 2017 [Docket No. 610] (the "<u>Retention Application</u>").

---

[6]    Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III Case.

-6-

By order of this court entered August 10, 2017 [Docket No. 999] (the "Retention Order"),
incorporated herein by this reference, Paul Hastings' retention as counsel to the Committee was
approved effective as of June 26, 2017.

11.     On August 23, 2017, the court entered the *Order Setting Procedures for Interim
Compensation and Reimbursement of Expenses of Professionals* (as amended, the "Interim
Compensation Order").[7]

12.     On August 25, 2017, the U.S. Trustee filed an *Amended Notice of Appointment of
Official Committee of Unsecured Creditors* [Docket No. 1171], which expanded the role of the
Committee to be the official committee for the HTA Title III Case, the ERS Title III Case, and
the PREPA Title III Case.  Paul Hastings' retention extends to the representation of the
Committee as the official committee for the HTA Title III Case, the ERS Title III Case, and the
PREPA Title III Case.  In particular, the Retention Order provided that "[t]he retention of Paul
Hastings, as counsel to the Committee, shall be deemed to apply to the representation of the
Committee if ever enlarged to include unsecured creditors of other debtors, without the need to
obtain a modification of this Order."

13.     The Retention Order authorized Paul Hastings to be compensated on an hourly
basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 316
and 317 of PROMESA, the Bankruptcy Rules, the Local Rules, and such orders as the court may
direct.  The Retention Order further provides that "[p]ursuant to Bankruptcy Code
section 503(b)(1), made applicable by PROMESA section 301(a), the fees and expenses of Paul
Hastings under this Order shall be an administrative expense."  In addition, as provided in the

---

[7]     The Interim Compensation Order was amended on November 8, 2017, to reflect certain changes requested by
the Fee Examiner.

Retention Order, the Oversight Board has consented to the Debtors' payment of Paul Hastings' allowed fees and expenses.

14.     Paul Hastings has agreed to reduce its fees by an amount equal to 20% of its total case fees, with the precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in connection with the final fee application process.  For that reason, at this time Paul Hastings seeks payment of only 80% of its fees incurred during the Application Period, but allowance of 100% of such fees.

15.     On October 6, 2017, the court entered the *Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing a Fee Examiner and Related Relief* [Docket No. 1416] (the "Fee Examiner Order").  The court appointed Brady Williamson as the Fee Examiner in the Title III Cases.

16.     On December 15, 2017, Paul Hastings filed its first interim fee application with respect to the period from June 26, 2017 through September 30, 2017 [Docket No. 2040] (the "First Interim Fee Application").  In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the First Interim Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[8]  On March 7, 2018, the court approved the First Interim Fee Application, with the agreed-upon adjustments.

---

[8]     These agreed-upon adjustments consist (a) fee reductions in the amount of $67,259.01 to be included with within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $13,507.00 on account of errors in calculating hourly totals (which has been credited against Paul Hastings' January fee statements), and (c) expense reductions in the amount of $21,926.16 (which also have been credited against Paul Hastings' January fee statements).  In addition, the January fee statements reflect a further credit of $809.50 to correct for net billing errors that Paul Hastings discovered upon further review of the time entries on its October, November, and December fee statements.

17.     This is Paul Hastings' second interim fee application, covering the period from October 1, 2017 through January 31, 2018.  All services for which compensation is requested were performed for or on behalf of the Committee.

## COMPENSATION AND REIMBURSEMENT REQUEST

18.     By this Application, Paul Hastings seeks allowance of compensation for professional services rendered to the Committee during the Application Period in the aggregate amount of $7,066,017.75[9] and expense reimbursements in the aggregate amount of $95,462.43. These amounts are allocated among the Commonwealth Title III Case, the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case, as follows:

| Application Period | Fees | Expenses | Total |
|---|---|---|---|
| Commonwealth Title III Case | $6,155,486.25 | $89,280.98 | $6,244,767.23 |
| HTA Title III Case | $350,565.75 | $276.48 | $350,842.23 |
| ERS Title III Case | $36,442.50 | $52.73 | $36,495.23 |
| PREPA Title III Case | $523,523.25 | $5,852.24 | $529,375.49 |
| **Total** | **$7,066,017.75** | **$95,462.43** | **$7,161,480.18** |

19.     The Committee has approved the amounts requested by Paul Hastings for services performed and expenses incurred in each of the monthly statements submitted to, among others, the Oversight Board, AAFAF, the Fee Examiner, and the U.S. Trustee during the Application Period.

---

[9]     As noted, Paul Hastings has agreed to reduce its fees by an amount equal to 20% of its total case fees, with the precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in connection with the final fee application process.

20.     In accordance with the Interim Compensation Order, Paul Hastings has received payments totaling $3,893,604.87 for services rendered during the Application Period, which amount consists of $3,828,774.00 (representing 80% of the fees for services invoiced during the period from October 1, 2017 through December 31, 2017) and $64,830.87 (representing 100% of expenses invoiced for the same period). Paul Hastings has not yet received payment for its fee statements for the month of January 2018 requesting payment in the aggregate amount of $1,854,671.73 (reflecting 80% of fees and 100% of expenses for that period).[10] Accordingly, as of the date of this Application, the amount of $1,854,671.73 remains unpaid.

21.     Other than payments made in accordance with the Interim Compensation Order, Paul Hastings has received no payment and no promises of payment from any source for services rendered during the Application Period. By this Application, Paul Hastings requests allowance of all fees and expenses incurred for services rendered during the Application Period. At this time, however, Paul Hasting seeks payment of only (a) 80% of the fees for services invoiced during the Application Period and (b) 100% of expenses invoiced during the Application Period.[11]

22.     In addition, as a courtesy to the Committee and based on circumstances unique to the Title III Cases, during the Application Period Paul Hastings voluntarily waived fees totaling $286,271.90.[12] The time billed by these timekeepers was reasonable, and Paul Hastings reserves the right to seek allowance and payment of these fees based on the facts and circumstances of

---

[10]   The deadline to object to Paul Hastings' January 2018 services is March 26, 2018. No objections have been received as of the filing of this Application.

[11]   Paul Hastings reserves its right to seek to compel compliance with the Interim Compensation Order.

[12]   The foregoing amount includes $200,837.15 in fees that Paul Hastings waived by not applying its standard rate increase for the month of January 2018. As noted, the Committee has approved Paul Hastings' rate increase effective February 1, 2018.

these cases, including, without limitation, if objections are interposed to the allowance or payment of Paul Hastings' fees and expenses.  Paul Hastings also voluntarily waived expenses totaling $5,714.12 as a courtesy to the Committee during the Application Period.  For details regarding the waived fees and expenses, please see the Declaration of Luc A. Despins filed concurrently herewith.

23.     There is no agreement or understanding between Paul Hastings and any other person other than the attorneys, employees, and staff of Paul Hastings, for the sharing of compensation to be received for services rendered in these cases.

24.     Paul Hastings maintains computerized records, in the form of monthly statements, of the time spent by all Paul Hastings' attorneys and paraprofessionals in connection with its representation of the Committee.  The monthly statements are in the same form regularly used by Paul Hastings to bill its clients for services rendered and include the date that the services were rendered, a detailed, contemporaneous narrative description of the services provided, the amount of time spent for each service, and the designation of the professional who performed the service.

25.     The fees charged by Paul Hastings in the Title III Cases are billed in accordance with its existing billing rates and procedures in effect during the Application Period.[13]  The rates Paul Hastings charges for the services rendered by its professionals and paraprofessionals in the Title III Cases are comparable to the rates Paul Hastings charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters.  Moreover, when Paul Hastings' restructuring professionals and paraprofessionals work on nonbankruptcy matters, the firm generally charges their standard rate.  Such fees are reasonable based on the

---

[13]     As a courtesy to the Committee and based on circumstances unique to the Title III Cases, Paul Hastings agreed to charge $1,025 per hour (rather than the standard rate of $1,160 per hour) for Mr. Bongartz's services during the Application Period.

customary compensation charged by comparably skilled practitioners in comparable

nonbankruptcy cases in a competitive national legal market.

26.     Paul Hastings' rates are set at a level designed to fairly compensate Paul Hasting

for the work of its attorneys and paraprofessionals to cover fixed and routine overhead expenses.

Paul Hastings operates in a complicated national marketplace for legal services in which rates are

driven by multiple factors relating to the individual lawyer, his or her area of specialization, the

firm's expertise, performance and reputation, the nature of the work involved, and other factors.

Accordingly, Paul Hastings set its rates for attorneys and paraprofessionals both in the

restructuring group and other practice groups within the firm by reference to market information

and market adjustments by firms considered to be industry peers.  Based on this and reviews of

contemporaneous time records and fee applications filed in other cases, Paul Hastings endeavors

to set the hourly rates for its attorneys and paraprofessionals at levels comparable to those of its

principal competitor firms.

27.     Paul Hastings' professional services during the Application Period required an

aggregate expenditure of 8,359.00 recorded hours by Paul Hastings' attorneys and

paraprofessionals, broken down as follows: partners (2,141.90 hours), counsel (1,496.70 hours),

associates (3,878.20 hours), and paraprofessionals (842.20 hours).  During the Application

Period, Paul Hastings' billing rates for attorneys rendering services in this matter ranged from

$520 to $1,310 per hour.

28.     To the extent that time or disbursement charges for services rendered or

disbursements incurred relate to the Application Period, but were not processed before the

preparation of this Application, or Paul Hastings has for any other reason not sought

compensation or reimbursement with respect to such services or expenses, Paul Hastings

reserves the right to request additional compensation for such services, and reimbursement of such expenses, in a supplemental or future application.

## **SUMMARY OF SERVICES**

29.     During the Application Period, Paul Hastings assisted and advised the Committee on a regular basis regarding legal matters relating to the restructuring of the Debtors, including related adversary proceedings, and all other matters arising in the performance of the Committee's duties.  In addition, Paul Hastings has prepared various motions, applications, orders, and other pleadings submitted to the court for consideration, and has performed the necessary professional services that are described below and in the monthly statements attached hereto as Schedule 2.[14]  For ease of reference and transparency purposes, Paul Hastings created several matter numbers for its representation of the Committee.  The matter numbers are divided by Debtor and/or large tasks the Committee undertook, as follows:

| Matter ID | Matter Name |
|---|---|
| 00002 | Official Committee of Unsecured Creditors |
| 00003 | COFINA Dispute Analysis |
| 00004 | Communications with Creditors (other than Committee Members) |
| 00005 | Fiscal Plan Analysis |
| 00006 | PREPA |
| 00007 | HTA |
| 00008 | ERS |
| 00009 | Other Adversary Proceedings |
| 00010 | Mediation |
| 00011 | GO Bond Debt Issues |
| 00012 | Creditors' Committee Meetings |
| 00013 | Rule 2004 Investigations |

---

[14]   The description of services in this Application is limited to those matters in which Paul Hastings provided 5 or more hours of service during the Application Period.

| Matter ID | Matter Name |
|-----------|-------------|
| 00014 | Constitutional Issues |
| 00015 | Rule 2004 (Whitefish) |

## I.   Official Committee of Unsecured Creditors of Commonwealth of Puerto Rico (Matter ID 00002)

    (a)   <u>Case Administration (Task Code B110)</u>
        Fees:   $280,368.00      Total Hours:   465.90

30.   During the Application Period, Paul Hastings continued to advise the Committee on general case administration.  In order to efficiently track deadlines, organize documents, and manage workstreams, Paul Hastings maintained a global task list and case calendar, including a tracking chart for all adversary proceedings and non-title III litigation.   Further, Paul Hastings coordinated with the Committee's financial advisor, Zolfo Cooper LLP ("<u>Zolfo Cooper</u>") regarding Committee communications, case strategy, and workstreams.

31.   In addition, during the Application Period, Paul Hastings implemented interim and long-term strategies to maximize recoveries for general unsecured creditors and held internal team conference calls and occasional meetings to discuss the status of the Title III Cases and to manage workstreams.

    (b)   <u>Pleadings Review (Task Code B113)</u>
        Fees:   $68,209.00      Total Hours:   102.70

32.   During the Application Period, Paul Hastings continued to review and prepare summaries of pleadings filed and orders entered in the Title III Cases for internal review and review by the Committee.

    (c)   <u>Asset Analysis and Recovery (Task Code B120)</u>
        Fees:   $7,558.00      Total Hours:   6.20

33.   During the Application Period, Paul Hastings reviewed documents related to, and communicated with AAFAF and its professionals regarding, AAFAF's announcement that the

Commonwealth and its instrumentalities held, in the aggregate, in excess of $6.8 billion in various bank accounts.

     (d)    <u>Relief from Stay / Adequate Protection Proceedings (Task Code B140)</u>
            Fees: $10,074.00     Total Hours: 12.20

34.    During the Application Period, Paul Hastings researched and reviewed issues related to a motion by certain unions seeking relief from the automatic stay to permit employment arbitration and grievance proceedings to go forward.

     (e)    <u>Meetings of and Communications with Creditors (Task Code B150)</u>
            Fees: $148,661.50     Total Hours: 154.20

35.    During the Application Period, Paul Hastings continued to prepare reports and summaries to keep the Committee apprised of relevant developments in the Title III Cases, related adversary proceedings, and the mediation process.[15]

     (f)    <u>Court Hearings (Task Code B155)</u>
            Fees: $59,944.50     Total Hours: 72.20

36.    During the Application Period, Paul Hastings attended several hearings for the Title III Cases. On October 25, 2017, Paul Hastings attended a hearing in New York on the joint motion by the Oversight Board and the AAFAF regarding the use of disaster relief funds (the "<u>Disaster Relief Funds Motion</u>"). Paul Hastings also attended the November 15, 2018 omnibus hearing, which was also held in New York, at which hearing Paul Hastings handled, among other things, the Committee's Rule 2004 Motion (as defined below). Additionally, Paul Hastings attended the December 14, 2018 hearing on the urgent renewed joint Rule 2004 motions filed by the ad hoc group of general obligation bondholders, Ambac Assurance Corporation, and others, with respect to which the Committee had filed a limited joinder. Paul Hastings also attended the December 20, 2018 omnibus hearing in New York, at which hearing Paul Hastings handled

---

[15]   Meetings with the Creditors' Committee were recorded separately under matter number 12.

various pleadings, including the Committee's joinder in the Oversight Board's and AAFAF's motion related to the receipt and use of PREPA insurance proceeds (the "<u>PREPA Insurance Proceeds Motion</u>") and the Committee's joinder in ERS's opposition to the Puerto Rico Funds' motion to condition the automatic stay (related to a stipulation regarding adequate protection payments).

37.     To minimize costs, only Luc Despins attended the hearings on October 25, 2017 and December 14, 2017 and two Paul Hasting professionals attended the omnibus hearings on November 15, 2017 and December 20, 2017.  This is to be contrasted with attendance by multiple attorneys from the same firm in these and other typical chapter 11 cases.

38.     In preparation for these hearings, Paul Hastings also reviewed relevant issues raised in the parties' pleadings, prepared materials for the hearings, and filed the requisite informative motions to be heard.

(g)     <u>Fee/Employment Applications (Paul Hastings) (Task Code B160)</u>
         Fees:   $276,040.00          Total Hours:   347.30

39.     During the Application Period, Paul Hastings continued to prepare and serve monthly fee statements for the months of August, September, October, November, and December 2017, as well as the First Interim Fee Application for the period from June 26, 2017 through September 30, 2017.

(h)     <u>Budget (Task Code B161)</u>
         Fees:   $9,535.50          Total Hours:   9.60

40.     During the Application Period, Paul Hastings prepared a budget and staffing plan for January 2018 and February 2018 in accordance with the U.S. Trustee Guidelines and the Fee Examiner's request.[16]

---

[16]    As noted above, the Fee Examiner waived the requirement to prepare a budget until the end of December 2017.

(i)   Other Contested Matters (Task Code B190)
Fees:   $80,056.00        Total Hours:   80.60

41.   During the Application Period, Paul Hastings analyzed numerous motions filed in the Title III Cases, analyzed related legal and factual issues, and prepared pleadings related to several motions, including the statement in support of the Disaster Relief Funds Motion, limited joinders to Rule 2004 motions filed by various creditors and creditor groups, an objection to Financial Guaranty Insurance Company's motion for a 90-day stay, and an objection to Aurelius's motion to dismiss the Commonwealth Title III Case.

(j)   Meetings of and Communications with Debtors/Oversight Board (Task Code B260)
Fees:   $26,162.00        Total Hours:   22.50

42.   During the Application Period, Paul Hastings communicated with Oversight Board and AAFAF professionals regarding various pleadings and other developments in the Title III Cases.

(k)   Investigations (Task Code B261)
Fees:   $7,406.00        Total Hours:   6.30

43.   During the Application Period, Paul Hastings analyzed issues and reviewed documents pertaining to the Puerto Rico Public Building Authority structure.

(l)   Claims Administration and Objections (Task Code B310)
Fees:   $135,553.50        Total Hours:   149.40

44.   During the Application Period, Paul Hastings continued to coordinate with counsel for the Oversight Board regarding the bar date motion, drafts of which were provided to the Committee for its input.  In addition, Paul Hastings researched and analyzed critical issues regarding claim subordination and disallowance issues as they pertain to the monoline insurers and general obligation bondholders to prepare internal memoranda.

-17-

     (m)    <u>Plan and Disclosure Statement (including Business Plan) (Task Code B320)</u>
           Fees:  $98,803.50       Total Hours:  164.40

     45.     During the Application Period, Paul Hastings researched and prepared internal memoranda regarding certain issues related to the plan confirmation process in large municipal bankruptcy cases under chapter 9 of the Bankruptcy Code as compared to the title III confirmation process under PROMESA, including the feasibility requirement.

## II.    COFINA Dispute Analysis (Matter ID 00003)

     46.     Pursuant to the *Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA Dispute*, dated August 10, 2017 [Docket No. 996] (the "<u>Commonwealth-COFINA Stipulation</u>"), the Committee was appointed as the Commonwealth representative to litigate and/or settle the Commonwealth-COFINA Dispute (as defined in the Commonwealth-COFINA Stipulation) on behalf of the Commonwealth (the "<u>Commonwealth Agent</u>").[17]  The Commonwealth-COFINA Dispute is one of the most significant and complex disputes in these Title III Cases.

     (a)    <u>Case Administration (Task Code B110)</u>
           Fees:  $99,740.50       Total Hours:  266.20

     47.     During the Application Period, Paul Hastings continued to advise the Committee, as Commonwealth Agent, with respect to the general administration of the adversary proceeding commenced by the Commonwealth Agent, styled as *Official Committee of Unsecured Creditors v. Whyte*, Adv. Proc. No. 17-257 (the "<u>Commonwealth-COFINA Action</u>").  In this regard, Paul Hastings also performed various other tasks related to document productions, including

---

[17]   The Commonwealth-COFINA Dispute concerns the question "[w]hether, after considering all procedural and substantive defenses and counterclaims, including constitutional issues, the sales and use taxes [the ("<u>SUT</u>")] purportedly pledged by COFINA to secure debt . . . are property of the Commonwealth or COFINA under applicable law."

communications with third parties, data migration, quality control, and preparing document productions for attorney review.

      (b)   <u>Pleadings Review (Task Code B113)</u>
             Fees:   $47,475.00       Total Hours:   64.60

48.     During the Application Period, Paul Hastings reviewed and prepared summaries of pleadings filed and orders entered in the Commonwealth-COFINA Action and the in the adversary proceeding styled *Bank of New York Mellon, as Trustee v. COFINA*, Adv. Proc. No. 17-133 for internal review and review by the Committee.

      (c)   <u>Meetings and Communications with Creditors (Task Code B150)</u>
             Fees:   $13,305.00       Total Hours:   11.70

49.     During the Application Period, Paul Hastings continued to prepare reports and summaries to keep the Committee apprised of relevant developments in the Commonwealth-COFINA Action.

      (d)   <u>Court Hearings (Task Code B155)</u>
             Fees:   $21,129.50       Total Hours:   18.90

50.     During the Application Period, Paul Hastings prepared for and attended the October 25, 2017 hearing regarding a request by the COFINA Agent Bettina Whyte for an order, among other things, confirming the applicability of the liability protections in section 105 of PROMESA. Additionally, Paul Hastings prepared for and attended a January 10, 2018 hearing on the motion to clarify the court's December 21, 2017 order setting forth the scope of the Commonwealth-COFINA Action (the "<u>Scope Order</u>") filed by the Committee, as Commonwealth Agent.

51.     In preparation for these hearings, Paul Hastings also reviewed relevant issues raised in the parties' pleadings, prepared materials for the hearings, and filed the requisite informative motions to be heard.

      (e)    <u>Other Contested Matters (Task Code B190)</u>
            Fees:  $13,354.00       Total Hours:   12.30

52.     During the Application Period, Paul Hastings analyzed and responded to various pleadings filed in connection with the COFINA Agent's motion to confirm the application of the liability protections in section 105 of PROMESA.  For example, the Committee, as the Commonwealth Agent, filed a response to the motion, requesting that if the court grants the relief sought by the COFINA Agent, the Commonwealth Agent should receive the same protections.  By order dated November 3, 2017, the court granted the COFINA Agent's motion and granted the same relief to the Commonwealth Agent.

      (f)    <u>General Litigation (Task Code B191)</u>
            Fees:  $3,189,084.00      Total Hours:  3,618.90

53.     During the Application Period, Paul Hastings continued to prosecute the Commonwealth-COFINA Action on behalf of the Committee, as the Commonwealth Agent. Among other things, Paul Hastings: (i) researched and analyzed critical legal issues with respect to the COFINA structure and other similar structures in the context of constitutionality, claims allowance, and transfer issues; (ii) reviewed discovery from the parties to the Commonwealth-COFINA Action; (iii) responded to discovery requests from same; (iv) drafted an amended complaint and answers and counterclaims; (iv) prosecuted and defended motions to enforce the scope of the Commonwealth-COFINA Action; (v) moved to amend certain deadlines with respect to the Commonwealth-COFINA Action; and (vi) researched and analyzed issues critical to the Commonwealth Agent's motion for summary judgment, which was due on February 21, 2018, and prepared briefing and accompanying documents for this motion.

54.     Furthermore, Paul Hastings prepared briefing and analyzed issues related to a dispute concerning the scope of the Commonwealth-COFINA Dispute.  In particular, in November 2017, several parties, including the Oversight Board, AAFAF, Ambac, and the ad hoc

group of general obligation bondholders filed motions challenging certain causes of action as

being outside the scope of the Commonwealth-COFINA Dispute (the "Scope-Related Motions").

In this regard, the Committee, as Commonwealth Agent, filed (a) a joinder in the Scope-Related

Motions of the Oversight Board and AAFAF to the limited extent of the relief sought therein

with respect to claims of the COFINA Agent and the COFINA-side permitted intervenors and (b)

a reply in further support of the Commonwealth Agent's limited joinder.

55.     In resolving the Scope-Related Motions, the court held that although the

Commonwealth-COFINA Dispute Stipulation "refers to 'consideration of all procedural and

substantive defenses and counterclaims, including constitutional issues,' it does so in a manner

that authorizes the consideration of such issues only insofar as they arise antecedent to the

resolution of the property ownership issue."  On January 4, 2018, the Commonwealth Agent

filed a motion to clarify or reconsider the court's order or leave to amend the constitutional

claims.  While the court denied the motion on January 10, 2018, it invited the Commonwealth

Agent to file a second amended complaint to reframe the constitutional claims to address

antecedent issues, which the Commonwealth Agent did on January 11, 2018.  On January 13,

2018, the court entered an order finding that the reframed constitutional claims were within the

scope of the Commonwealth-COFINA Dispute.

56.     As the court is aware, the Commonwealth-COFINA Dispute is extremely

complex, involving novel and interlocking issues of both law and fact.  As such, it has required

extensive legal analysis and discovery efforts on the part of Paul Hastings as counsel for the

Commonwealth Agent.  Paul Hastings accomplished the following work streams in connection

with its submission of the Commonwealth Agent's summary judgment motion; (i) coordinated

local counsel's first-level review of over 50,000 documents; (ii) conducted second-level and

quality control review of these documents; (iii) extensively researched case law across multiple jurisdictions in order to analyze novel issues related to property interests, municipal bonds, financing schemes, and constitutional law, among others; (iv) consulted with experts for preparation of report on accounting treatment of the SUT; (v) prepared for fact and expert depositions; and (vi) engaged in procedural and substantive motion practice, including ultimately submitting a complex motion for summary judgment.

  (g) <u>Meetings of and Communications with Debtors/Oversight Board (Task Code 260)</u>
    Fees: $112,885.50  Total Hours: 111.00

  57. During the Application Period, Paul Hasting communicated with counsel to the COFINA Agent and counsel to the Oversight Board on various matters related to the Commonwealth-COFINA Action, including the filing of the responsive and amended pleadings, discovery-related issues, the COFINA Agent's motion seeking to confirm the liability protections in section 105 of PROMESA, the extension of deadlines, and the filing of the Commonwealth Agent's summary judgment motion and related pleadings.

**III. Communications with Creditors (other than Committee Members) / Website (Matter ID 00004)**

  (a) <u>Meetings of and Communications with Creditors (Task Code B150)</u>
    Fees: $16,715.50  Total Hours: 21.60

  58. During the Application Period, Paul Hastings prepared and regularly updated, with the assistance of Prime Clerk, the Committee's website regarding the Title III Cases, including updates on hearings, recent court orders, and other developments in the Title III Cases. In this regard, Paul Hastings also prepared and regularly updated the Spanish-language sections of the website.

    (b)    <u>Claims Administration  and Objections (Task Code B310)</u>
              Fees:  $7,033.00        Total Hours:  10.40

    59.     During the Application Period, Paul Hastings began to develop a program to provide guidance to unsecured creditors with respect to the claims filing process, including in-person information sessions, at which volunteers creditors will be able to go in person to selected locations and obtain basic information regarding the claims filing process and proof of claim form from volunteers.

**IV.    PREPA (Matter ID 00006)**

    (a)    <u>Case Administration (Task Code B110)</u>
              Fees:  $16,111.00      Total Hours:  20.60

    60.     During the Application Period, Paul Hastings continued to review and analyze materials related to the PREPA Title III Case, including discovery received from PREPA bondholders and documents relating to the PREPA bi-weekly update calls.

    (b)    <u>Pleadings Review (Task Code B113)</u>
              Fees:  $32,818.50      Total Hours:  49.60

    61.     During the Application Period, Paul Hastings continued to review and prepare summaries of pleadings filed and orders entered in the PREPA Title III Case and related adversary proceeding, including the Oversight Board's motion to appoint a chief transformation officer (the "<u>CTO Motion</u>"), motions to dismiss in the UTIER Adversary Proceeding (as defined below), and the PREPA Insurance Proceeds Motion.

    (c)    <u>Asset Analysis and Recovery (Task Code B120)</u>
              Fees:  $10,558.50      Total Hours:  9.20

    62.     During the Application Period, Paul Hastings reviewed and analyzed documents relating to the PREPA Insurance Proceeds Motion, in order to evaluate the merits of that motion.

(d)     Meetings of and Communications with Creditors  (Task Code B150)
        Fees:   $13,623.00          Total Hours:   12.30

63.     During the Application Period, Paul Hastings continued to prepare reports and

summaries to keep the Committee apprised of relevant developments in the PREPA Title III

Cases and related adversary proceedings.

(e)     Court Hearings  (Task Code B155)
        Fees:   $22,200.50          Total Hours:   25.40

64.     During the Application Period, Paul Hastings prepared for and attended the

November 13, 2018 hearing on the CTO Motion.  In preparation for this hearing, Paul Hastings

reviewed the relevant issues raised in the parties' pleadings, prepared materials for the hearings,

and filed the requisite informative motions to be heard.

(f)     Other Contested Matters (excluding assumption /rejection motions) (Task Code
        B190)
        Fees:   $10,431.00          Total Hours:   10.20

65.     During the Application Period, Paul Hastings researched and analyzed issues with

respect to the CTO Motion, including the applicability of section 204(d) of PROMESA to the

CTO Motion.

(g)     General Litigation (Task Code B191)
        Fees:   $48,022.50          Total Hours:   52.30

66.     During the Application Period, Paul Hastings prepared the Committee's joinder in

the Oversight Board's motion to dismiss the adversary proceeding styled as *Union De*

*Trabajadores de la Industria Electrica y Riego ("UTIER") v. PREPA*, Adv. Proc. No. 17-228

(the "UTIER Adversary Proceeding"), pursuant to which UTIER challenges the appointment of

the Oversight Board under the Appointment Clause of the U.S. Constitution.  Paul Hastings

determined that joining in this motion would be more cost efficient that preparing a standalone

brief, while still allowing the Committee to be heard on the matters raised in the motion to

dismiss.

(h)    <u>Financing / Cash Collections  (Task Code B230)</u>
Fees:  $62,231.50      Total Hours:  63.40

67.    During the Application Period, Paul Hastings analyzed various issues related to PREPA's motion seeking authorization to obtain postpetition financing from the Commonwealth, up to an aggregate amount of $1.3 billion (the "<u>PREPA Financing Motion</u>").  In connection with the PREPA Financing Motion, Paul Hastings carefully reviewed the terms of the financing, researched and analyzed legal issues with respect to the complex inter-debtor implications, and scrutinized the proposed order in addition to filing a response to the PREPA Financing Motion itself.  Because these issues concerned both the PREPA Title III Case and the Commonwealth Title III Case, Paul Hastings allocated 50% its fees for services related to the PREPA Financing Motion to the Commonwealth and 50% to PREPA.

(i)    <u>Security Document Analysis  (Task Code B231)</u>
Fees:  $4,430.00      Total Hours:  5.20

68.    During the Application Period, Paul Hastings analyzed issues with respect to PREPA bonds and the validity of liens of the PREPA bondholders.

(j)    <u>Meetings of and Communications with Debtors / Oversight Board  (Task Code B260)</u>
Fees:  $20,374.50      Total Hours:  17.50

69.    During the Application Period, Paul Hastings communicated with PREPA and Oversight Board professionals to request documents and other information pertaining to PREPA insurance policies, the PREPA Financing Motion, and other financial information pertaining to PREPA.

(k)    <u>Investigations  (Task Code B261)</u>
Fees:  $46,681.50      Total Hours:  50.00

70.    During the Application Period, Paul Hastings investigated PREPA's potential claims against URS Corporation, PREPA's consulting engineers.  Among other things, Paul

Hastings researched and analyzed related legal issues, and requested and reviewed documentation from PREPA's advisors.

## V.    HTA (Matter ID 00007)

(a)    <u>Case Administration (Task Code B110)</u>
Fees:  $4,661.50        Total Hours:   11.20

71.    During the Application Period, Paul Hastings continued to handle various administrative matters related to the HTA Title III Case, including the filing and service of pleadings.

(b)    <u>Pleadings Review (Task Code B113)</u>
Fees:  $15,304.00        Total Hours:   21.60

72.    During the Application Period, Paul Hastings continued to review and prepare summaries of pleadings filed and orders entered in the HTA Title III Case and related adversary proceedings, including motions to intervene in HTA-related adversary proceedings and motions to dismiss certain HTA-related adversary proceedings.  In addition, Paul Hastings prepared summaries thereof for internal review and review by the Committee.

(c)    <u>Court Hearings  (Task Code B155)</u>
Fees:  $32,552.50        Total Hours:   34.80

73.    During the Application Period, Paul Hastings prepared for and attended a November 21, 2018 hearing on the motions to dismiss the Ambac Adversary Proceeding (as defined below) and Assured v. HTA Adversary Proceeding (as defined below).  In preparation for this hearing, Paul Hastings also reviewed relevant issues raised in the parties' pleadings, prepared materials for the hearings, and filed the requisite informative motions to be heard.

(d)    <u>General Litigation (Task Code B191)</u>
Fees:  $204,017.50        Total Hours:   222.10

74.    During the Application Period, Paul Hastings researched and analyzed issues relating to and filed a reply in support of the Oversight Board's motion to dismiss the adversary

proceeding styled as *Ambac Assurance Corp. v. HTA*, Adv. Proc. No. 17-159 (the "Ambac Adversary Proceeding"), joining the Oversight Board's arguments in its motion to dismiss and, relatedly, arguing that Ambac's liens were not perfected, and that, at best, Ambac holds an unsecured prepetition claim against the Commonwealth for the revenues it decided to retain.  In addition, Paul Hastings also objected to Ambac's motion to file a sur-reply to the Committee's reply.  On February 27, 2018, the court granted the motion to dismiss.

75.     As noted above, Paul Hastings also handled the hearing on the motion to dismiss the *Assured Guaranty Corp. v. HTA*, Adv. Proc. No. 17-155 & 17-156 (the "Assured v. HTA Adversary Proceeding").  On January 30, 2018, the court granted the motion to dismiss.

76.     During the Application Period, Paul Hastings also moved to stay briefing before the United States Court of Appeals for the First Circuit (the "First Circuit") in the appeal styled as *Peaje Investments LLC v. Financial Oversight and Management Board for Puerto Rico*, No. 17-1830 (the "Peaje Appeal") in light of the First Circuit's September 22, 2017 opinion reversing the order denying intervention in the adversary proceeding styled as *Assured v. Commonwealth of Puerto Rico*, No. 17-125 (the "Assured v. Commonwealth Adversary Proceeding").  The First Circuit ultimately remanded the Peaje Appeal to the District Court where Judge Dein granted the Committee's renewed motion to intervene on February 8, 2018.

**VI.     ERS (Matter ID 00008)**

(a)     Case Administration  (Task Code B110)
Fees:   $9,423.50          Total Hours:   11.60

77.     During the Application Period, Paul Hastings continued to handle various administrative matters related to the ERS Title III Case, including the filing and service of pleadings.

     (b)    <u>Pleadings Review (Task Code B113)</u>
         Fees:  $17,994.50       Total Hours:  27.40

78.     During the Application Period, Paul Hastings reviewed and prepared summaries of pleadings filed and orders entered in the ERS Title III Case and any related adversary proceedings and non-title III litigation, including a motion for relief from stay filed by certain ERS bondholders and ERS's motion to dismiss the ERS bondholder suit filed in the Court of Federal Claims.  In addition, Paul Hastings prepared summaries thereof for internal review and review by the Committee.

     (c)    <u>Court Hearings  (Task Code B155)</u>
         Fees:  $6,710.00       Total Hours:  5.50

79.     During the Application Period, Paul Hastings prepared for and attended the December 13, 2018 hearing on the summary judgment motions in the adversary proceeding styled as *Employee Retirement Sys. of the Gov't of Puerto Rico. v. Altair Global Credit Opportunities Fund (A), LLC*, No. 17-213.  In preparation for this hearing, Paul Hastings also reviewed relevant issues raised in the parties' pleadings, prepared materials for the hearings, and filed the requisite informative motions to be heard.

## VII.    Other Adversary Proceedings (Matter ID 00009)[18]

     (a)    <u>Case Administration (Task Code B110)</u>
         Fees:  $6,279.00       Total Hours:  16.10

80.     During the Application Period, Paul Hastings continued to handle various case administrative matters, including filing and serving pleadings to be filed in adversary proceedings related to the Title III Cases.

---

[18]   To the extent practicable, Paul Hastings tracked work in respect of PREPA-related adversary proceedings under Matter ID 00006, HTA-related adversary proceedings under Matter ID 00007, and ERS-related adversary proceedings under Matter ID 00008.

    (b)    <u>Pleadings Review (Task Code B113)</u>
        Fees:  $25,343.00        Total Hours:  38.00

81.     During the Application Period, Paul Hastings reviewed the pleadings filed and orders entered in various adversary proceedings related to the Title III Cases generally as well as non-title III litigation and appeals (the "<u>Litigation Dockets</u>").  In order to track deadlines, organize documents, and notify the Committee of upcoming matters, Paul Hastings prepared, maintained, and reviewed the Litigation Dockets to create litigation tracking charts.  In addition, Paul Hastings prepared summaries for the Committee of the various pleadings on the Litigation Dockets.

    (c)    <u>Court Hearings (Task Code B155)</u>
        Fees:  $41,621.00        Total Hours:  46.00

82.     During the Application Period, Paul Hastings prepared for and attended the December 5, 2018 hearing on the defendants' motion to dismiss the adversary proceeding styled as *ACP Master Ltd. v. Commonwealth of Puerto Rico*, 17-189 (the "<u>ACP Adversary Proceeding</u>").   In preparation for this hearing, Paul Hastings also reviewed relevant issues raised in the parties' pleadings, prepared materials for the hearings, and filed the requisite informative motions to be heard.

    (d)    <u>General Litigation (Task Code B191)</u>
        Fees:  $155,249.00      Total Hours:  165.30

83.     As discussed in the first interim fee application, on September 22, 2017, the First Circuit reversed the order denying intervention in the Assured v. Commonwealth Adversary Proceeding, holding that the Committee is "entitled to intervene" because "11 U.S.C. § 1109(b) . . . provides an 'unconditional right to intervene' [in the adversary proceeding] within the meaning of Fed. R. Civ. P. 24(a)(1)."  *Assured Guaranty Corp. v. FOMB*, No. 17-1831, 2017

WL 4216438 at *1 (1st. Cir. Sept. 22, 2017).[19]  The ruling on appeal resolved an important, but until that time unsettled question of law in the First Circuit.

84.     In respect to the First Circuit's ruling, the court ordered the Committee to file supplemental briefing with respect to the scope of its intervention in light of the First Circuit's decision.  Paul Hastings reviewed the First Circuit's opinion and the relevant case law to draft supplemental briefing, which was filed in each of the six adversary proceedings in which the Committee sought to intervene.

85.     Following the Committee's supplemental briefing, and responses thereto, the Committee was granted intervenor status in four adversary proceedings in which it sought to intervene (namely, the Assured v. HTA Adversary Proceeding, the Ambac Adversary Proceeding, the ACP Adversary Proceeding, and the UTIER Adversary Proceeding).  Two of the remaining three adversary proceedings (namely, the Assured v. Commonwealth Adversary Proceeding and the Assured v. PREPA Adversary Proceeding) were voluntarily dismissed prior to a ruling from the court on the motion to intervene.  As noted above, the court also granted the Committee's renewed motion to intervene in the Peaje Adversary Proceeding.  Thus, the Committee has successfully intervened in all pending adversary proceedings in which it sought to intervene.

86.     Moreover, once the Committee was granted intervention in the ACP Adversary Proceeding, it also spent a substantial amount of time researching and analyzing issues related to the ACP Adversary Proceeding in order to file a reply in support of the Oversight Board's

---

[19]   As noted above, the Committee also appealed the court's order denying the Committee's motion to intervene in the Peaje Adversary Proceeding, which appeal remains pending before the First Circuit.  On October 17, 2017, the parties to the Committee's appeal in the Peaje Adversary Proceeding filed a *Stipulation and Joint Motion for Remand to the District Court* in light of the First Circuit's opinion issued in the Assured v. Commonwealth Proceeding.  To minimize the expenditure of resources, the parties also requested that briefing and submission of the appendix in the First Circuit be stayed pending resolution of the request for remand.

motion to dismiss.  In its reply, the Committee argued, among other things, that the general

obligation bondholders have no beneficial property interest in the "clawback" revenues and that

they are not entitled to an order segregating them during the pendency of the Title III Cases.  On

January 30, 2018, the court granted the motion to dismiss.

## VIII.   Mediation (Matter ID 00010)

(a)   <u>Case Administration (Task Code B110)</u>
Fees:   $18,545.50          Total Hours:   25.10

87.        During the Application Period, Paul Hastings attended to various administrative

issues regarding the Committee's involvement in the mediation process related to the Title III

Cases.  Among other things, Paul Hastings reviewed memoranda from the mediation team and

continued to revise the mediation calendar for the Committee.

(b)   <u>Meetings of and Communications with Creditors (Task Code B150)</u>
Fees:   $9,281.00          Total Hours:   8.90

88.        During the Application Period, Paul Hastings prepared reports and summaries to

keep the Committee apprised of relevant developments in the mediation process of the Title III

Cases, including the scheduling of mediation sessions and a joint letter to Congress regarding

federal tax reform.

(c)   <u>General Litigation (Task Code B191)</u>
Fees:   $388,666.50          Total Hours:   431.90

89.        During the Application Period, Paul Hastings continued to advise the Committee

on all substantive issues raised in connection with the mediation process.  In this regard, Paul

Hasting researched and analyzed the major creditor disputes in the Title III Cases and prepared

internal memoranda regarding same.  On questions of Puerto Rico law, Paul Hastings

coordinated with local counsel to manage workstreams and allocate assignments in an efficient

manner.

90.     In addition, in accordance with the instructions from the mediation team, Paul Hastings prepared a mediation issues list as well as substantive mediation statements on key legal issues in the Title III Cases.[20]  Furthermore, during the Application Period, Paul Hastings communicated with the mediators and other parties to the mediation (including counsel to the Oversight Board, counsel to holders of general obligation bonds, counsel to holders of COFINA bonds) on a regular basis regarding upcoming mediation sessions and briefing.

91.     Finally, during the Application Period, Paul Hastings attended all mediation sessions on behalf of the Committee or the Commonwealth Agent (as applicable).

(d)     <u>Debtors' Financial Information and Operations/Fiscal Plan  (Task Code B210)</u>
        Fees:   $20,560.00          Total Hours:   17.00

92.     During the Application Period, Paul Hastings prepared for and attended (a) fiscal plan revision sessions with advisors to the Oversight Board and AAFAF, (b) creditor-only sessions for the fiscal plan revisions, and (c) a creditor-only mediation session regarding access to additional financial information.

(e)     <u>Security Document Analysis  (Task Code B231)</u>
        Fees:   $6,125.00           Total Hours:   5.80

93.     During the Application Period, Paul Hastings researched and analyzed the law and security documentation regarding the perfection of UCC-1 financing statements as it relates to HTA.

---

[20]   Due to mediation confidentiality restrictions, Paul Hastings cannot publicly disclose the substance of the issues addressed in mediation.  Moreover, at the request of the mediation team, Paul Hastings has redacted all references to specific mediation issues in its monthly fee statements attached to this Application.  Paul Hastings will submit unredacted versions of such statements for the court's review, if the court so requests.  The Fee Examiner and the Notice Parties have all received unredacted versions of such statements.

(f)    Meetings of and Communications with Debtors/Oversight Board  (Task Code B260)

      Fees:  $7,123.00        Total Hours:   5.70

94.    During the Application Period, Paul Hastings communicated with the Oversight

Board professionals and mediators regarding mediation sessions, scheduling, and general

debriefing following mediation sessions or telephone calls regarding mediation-related issues.

## IX.    GO Bond Debt Issues (Matter ID 00011)

(a)    General Litigation (Task Code B191)

      Fees:  $4,979.00        Total Hours:   6.90

95.    During the Application Period, Paul Hastings researched and analyzed issues

related to the enforceability of *ipso facto* clauses in bankruptcy and the potential application of

that doctrine to certain aspects of general obligation bonds.

(b)    Claims Administration and Objections  (Task Code B310)

      Fees:  $17,677.50        Total Hours:   24.40

96.    During the Application Period, Paul Hastings researched and analyzed issues

related to the claims allowance process and a committee's standing to object to proofs of claim.

## X.    Creditors Committee Meetings (Matter ID 00012)

(a)    Meetings of and Communications with Creditors (Task Code B150)

      Fees:  $315,408.00        Total Hours:   326.30

97.    During the Application Period, Paul Hastings continued to hold regular (and often

bi-weekly) telephonic conferences with the Committee to provide the Committee with updates

on the progress of the Title III Cases and the related mediation process as well as to discuss case

strategy and next steps.  In preparation for these telephonic conferences, Paul Hastings

(a) reviewed relevant pleadings filed in the Title III Cases and related adversary proceeding,

(b) prepared presentations for these meetings, and (c) prepared proposed agenda letters for the

Committee's consideration.  Furthermore, and in addition to regular telephonic conferences, the

Committee also held in-person meetings in New York on October 26, 2017, and in San Juan,

Puerto Rico on January 18, 2018, during which Paul Hastings gave comprehensive presentations regarding the myriad legal issues in the Title III Cases.  Paul Hastings also prepared minutes of the Committee meetings.  Finally, on several occasions Paul Hastings prepared detailed PowerPoint presentations of critical and/or strategic issues for the Committee to review in connection with Committee meetings.

      (b)   <u>Non-Working Travel  (Task Code B195) (billed at ½ rate)</u>
           Fees:   $11,223.75        Total Hours:   19.70

98.     During the Application Period, two Paul Hastings professionals traveled to and from San Juan, Puerto Rico for the January 18, 2018 in-person Committee meeting.  In accordance with Local Rule 2016-2(d)(viii), Paul Hastings billed for one-half the total time that Paul Hastings professionals spent on non-working travel.

## XI.    Rule 2004 Investigations (Matter ID 00013)

99.     As discussed in the Committee's first interim fee application, from the outset, the Committee believed that it would be important for a successful restructuring of these Title III Cases and to maximize recoveries of general unsecured creditors to establish and implement a discovery program to investigate potential claims against financial institutions in connection with the issuances of Puerto Rico's public bond debt.  While the Committee's Rule 2004 motion was ultimately denied on November 17, 2017, without prejudice, on the grounds that it was premature, the motion (and the Committee's discussions with the Oversight Board) served as the catalyst for the Oversight Board to commence its own investigation into these (and other) matters.  Moreover, during the Application Period, Paul Hastings continued to discuss with counsel to the Oversight Board and its investigator from Kobre & Kim possible avenues for allocating responsibilities between the Oversight Board and the Committee.

    (c)    <u>Court Hearings (Task Code B155)</u>
            Fees:  $13,793.50       Total Hours:  16.20

100.    During the Application Period, Paul Hastings prepared for and attended the November 15, 2017, hearing on the Committee's Rule 2004 motion.  In preparation for this hearing, Paul Hastings also reviewed relevant issues raised in the parties' pleadings, prepared materials for the hearings, and filed the requisite informative motions to be heard.

    (d)    <u>Investigations (Task Code B261)</u>
            Fees:  $87,229.50       Total Hours:  90.90

101.    During the Application Period, Paul Hastings continued prosecuting the Committee's Rule 2004 motion (until it was denied, without prejudice, on November 17, 2017).  Among other things, the Committee and the Oversight Board were ordered to submit joint status reports on the status of the Committee's Rule 2004 Motion on November 3, 2017, but the Committee ultimately filed a separate status report due to the Oversight Board rejecting the Committee's proposed inserts.  After the court denied the Committee's Rule 2004 motion, Paul Hastings focused its attention on coordinating a joint investigative effort with Kobre & Kim, which included the execution of non-disclosure agreements and related issues.

## XII.  Constitutional Issues (Matter ID 00014)

    (a)    <u>Court Hearings  (Task Code B155)</u>
            Fees:  $39,279.00       Total Hours:  39.30

102.    During the Application Period, Paul Hastings prepared for and attended the January 10, 2018 hearings for the Aurelius's motion to dismiss the Commonwealth Title III Case and the UTIER Adversary Proceeding.  In preparation for these hearings, Paul Hastings also reviewed relevant issues raised in the parties' pleadings, prepared materials for the hearings, and filed the requisite informative motions to be heard.

      (b)    <u>Other Contested Matters (Task Code B190)</u>
          Fees:   $49,619.50        Total Hours:   53.90

103.   During the Application Period, Paul Hastings continued to conduct research

regarding various U.S. Constitutional issues in response to the motion of Aurelius to dismiss the

Commonwealth Title III Case on the grounds that the Oversight Board members were designated

in violation of the Appointment Clause.  In addition to research on the Appointment Clause and

related jurisprudence, Paul Hastings conducted research on (i) separation of powers principles,

(ii) governmental structures of other territories and Congress' power over same, and (iii)

remedies for violations of the Appointments Clause.  During the Application Period, Paul

Hastings prepared the Committee's objection to Aurelius' motion to dismiss (which was filed on

November 3, 2017) and reviewed pleadings filed by other parties, including the United States.

      (c)    <u>General Litigation (Task Code B191)</u>
          Fees:   $247,546.00     Total Hours:   266.10

104.   During the Application Period, Paul Hastings researched legal and factual issues

and prepared pleadings with respect to a number of issues related to the U.S. and Puerto Rico

Constitution, especially with respect to their respective Takings Clauses, Contracts Clauses, and

Due Process Clauses, as raised in numerous adversary proceedings related to the Title III Cases,

including (a) the Commonwealth-COFINA Action, (b) the Assured v. Commonwealth Adversary

Proceeding, (c) Ambac Adversary Proceeding; (d) Assured v. HTA Adversary Proceeding; (e)

the ACP Adversary Proceeding; and (f) the UTIER Adversary Proceeding, and as implicated in

the drafting of mediation statements for the mediation sessions in the Title III Cases.  Paul

Hastings also analyzed various issues related to the jurisdictional and discretionary doctrines of

ripeness and justiciability.

     (d)    <u>Non-Working Travel  (Task Code B195) (billed at ½ rate)</u>
             Fees:  $2,985.00        Total Hours:  6.00

     105.    During the Application Period, a partner in Paul Hastings appellate practice traveled between Washington, D.C. and New York, NY, to attend the January 10, 2018 hearing on the Aurelius motion to dismiss the Commonwealth Title III Case.  In accordance with Local Rule 2016-2(d)(viii), Paul Hastings billed for one-half the total time that Paul Hastings professionals spent on non-working travel.

## XIII.  Bankruptcy Rule 2004 (Whitefish) (Matter ID 00015)

     106.    In line with the Committee's stance on transparency in these Title III Cases and the Committee's obligation to maximize recovery for general unsecured creditors, the Committee moved swiftly to seek authority under Rule 2004 to investigate the circumstances under which the Whitefish Energy Holdings, LLC ("<u>Whitefish</u>") contract with PREPA was negotiated.  Given the centrality of PREPA to Puerto Rico's recovery, the Committee was justifiably concerned with the Whitefish contract, as media coverage thereof suggested that, among other things, Whitefish lacked the qualifications and experience to perform the tasks PREPA has assigned it. The court ultimately granted the Committee's Rule 2004 motion by way of a consensual resolution of the issues.

     (a)    <u>Case Administration  (Task Code B110)</u>
             Fees:  $8,253.00        Total Hours:  25.20

     107.    During the Application Period, Paul Hastings prosecuted the Committee's Rule 2004 motion against Whitefish.  Time spent under this task code included time spent on the consensual resolution of the Committee's Rule 2004 motion.  Specifically, PREPA acknowledged the Committee's authority to conduct discovery and agreed to produce materials to the Committee as memorialized in a stipulation filed with the court in which Whitefish

likewise acknowledged the Committee's authority to conduct discovery and agreed to produce

materials to the Committee.

> (b) Other Contested Matters (excluding assumption/rejection motions)  (Task Code
> B190)
> Fees:  $42,559.50          Total Hours:  47.70

108.     During the Application Period, Paul Hastings researched and analyzed issues

relating to and prepared an objection to a motion to strike portions of the Committee's Rule 2004

motion against Whitefish.  Specifically, Elías Sánchez ("Mr. Sánchez") moved the court to strike

the portion of the Committee's Rule 2004 motion in which the Committee cited to a news article,

which, in Mr. Sánchez's opinion, contained scandalous material.  In connection with the

objection, Paul Hastings researched and analyzed issues relating to general right of public access

to papers filed in bankruptcy cases and the standards relevant to motions to strike.  The court

denied Mr. Sánchez's motion to strike.

> (c) Meetings of and Communications with Debtors/Oversight Board  (Task Code
> B260)
> Fees:  $17,185.00          Total Hours:  18.50

109.     During the Application Period, Paul Hastings communicated with Oversight

Board and PREPA professionals with respect to the Committee's Rule 2004 motion, its

consensual resolution, and the production of materials responsive to the Committee's discovery

requests.

> (d) Investigations  (Task Code B261)
> Fees:  $195,954.00          Total Hours:  235.70

110.     During the Application Period, Paul Hastings met and conferred, separately, with

counsel for Whitefish and PREPA regarding the scope of discovery related to the engagement of

Whitefish as part of Puerto Rico's energy restoration efforts.  Though production is still ongoing,

Paul Hastings has reviewed and prepared analyses of a number of documents produced by both

Whitefish and PREPA.  In addition, Paul Hastings has made preparations to depose corporate representatives from both Whitefish and PREPA in the near future.

* * *

111.    The foregoing professional services were necessary and appropriate to the administration of the Title III Cases and were in the best interests of the Committee, the Debtors, the creditors, and other parties in interest.

## ACTUAL AND NECESSARY DISBURSEMENTS

112.    As set forth in Exhibit D-2 hereto, Paul Hastings disbursed $95,462.43 as expenses incurred in providing professional services during the Application Period.

113.    Because Paul Hastings believes that on-line legal research (e.g., LEXIS and WESTLAW) is far more cost-efficient than manual research using hard-bound volumes, Paul Hastings encourages computerized legal research even though it is not a profit center for Paul Hastings.

114.    The time constraints imposed by the circumstances of the matters handled by Paul Hastings during the Application Period required its attorneys and other employees, at times, to devote substantial time during the evenings and on weekends to perform legal services on behalf of the Committee.  These extraordinary services were essential to meet deadlines, timely respond to inquiries on a daily basis, and satisfy the Committee's needs and demands.  Attorneys and other Paul Hastings employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs in accordance with the Local Rules and firm policy.  Paul Hastings' regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the provision of legal services.

115.     Paul Hastings believes the rates for charges incurred are the market rates that the

majority of law firms charge clients for such services.  In addition, Paul Hastings believes that

such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set

forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for

disbursements and other charges.

## REQUESTED COMPENSATION SHOULD BE ALLOWED

116.     Section 316 of PROMESA provides for the compensation of professionals.

Specifically, section 316 provides that a court may award a professional employed by a

committee under section 1103 of the Bankruptcy Code "reasonable compensation for actual,

necessary services rendered . . . and reimbursement for actual, necessary expenses."  PROMESA

§ 316(a).  Section 316 also sets forth the criteria for the award of such compensation and

reimbursement:

    (a)    In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

        (i)    the time spent on such services;

        (ii)    the rates charged for such services;

        (iii)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;

        (iv)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

        (v)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and

(vi)   whether the compensation is reasonable based on the customary
compensation charged by comparably skilled practitioners in
cases other than cases under this title or title 11, United States
Code.

PROMESA § 316(c).  Further, section 317 of PROMESA provides that "a committee . . . may

apply to the court not more than once every 120 days . . . for such compensation for services

rendered . . . ."

117.    In the instant case, Paul Hastings respectfully submits that the services for which

it seeks compensation in this Application were, at the time rendered, believed to be necessary for

and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to

protect, preserve, and maximize value for unsecured creditors during the pendency of the

Title III Cases.  The services rendered to the Committee were performed in an economic,

effective, and efficient manner commensurate with the complexity and importance of the issues

involved.  The results obtained to date have benefited not only the Committee but also the

Debtors, their stakeholders, and other interested parties.  Accordingly, the compensation

requested herein is reasonable in light of the nature, extent, and value of such services to the

Committee, the Debtors, and all parties in interest.

118.    The work conducted was carefully assigned to appropriate professionals or

paraprofessionals according to the experience and level of expertise required for each particular

task.  Whenever possible, Paul Hastings sought to minimize the costs of Paul Hastings' services

to the Committee by utilizing talented junior attorneys and paraprofessionals to handle the more

routine aspects of the assignments.  A small group of the same Paul Hastings attorneys was

utilized for the vast majority of the work in order to minimize the costs of intra-Paul Hastings

communication and education about the Title III Cases.  As demonstrated by this Application,

Paul Hastings spent its time economically and without unnecessary duplication. Accordingly, approval of the compensation sought herein is warranted.

## NOTICE

119.    In accordance with the Interim Compensation Order, Paul Hastings will provide notice of this Application to (i) the attorneys for the Oversight Board, Proskauer Rose LLP and O'Neill & Borges LLC; (ii) the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP; (iii) the Office of the United States Trustee for the District of Puerto Rico; (iv) the attorneys for the Official Committee of Retired Employees, Jenner & Block LLP and Bennazar, García & Milián, C.S.P.; (v) the Fee Examiner, Brady Williamson; and (vi) counsel to the Fee Examiner, Godfrey & Kahn, S.C. and EDGE Legal Strategies, PSC. In addition, the notice of hearing with respect to this Application will be served on all parties that have filed a notice of appearance in the Title III Cases.

*[Remainder of page intentionally left blank.]*

## **CONCLUSION**

WHEREFORE, Paul Hastings respectfully requests entry of an order, substantially in the form attached hereto as Schedule 3, (i) allowing interim compensation for professional services rendered during the Application Period in the amount of $7,066,017.75, representing 100% of the fees billed during the Application Period, and reimbursement of $95,462.43, representing 100% of the actual and necessary expenses incurred during the Application Period; (ii) authorizing and directing the Debtors' payment of the difference between the sum of 80% of the fees allowed plus 100% of the expenses allowed and the amounts previously paid by the Debtors pursuant to the Interim Compensation Order; (iii) allowing such compensation and payment for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Paul Hastings' right to seek such further compensation and/or payment for the full value of services performed and expenses incurred; and (iv) granting Paul Hastings such other and further relief as is just.

Dated:  March 19, 2018

/s/ G. Alexander Bongartz

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
Andrew V. Tenzer *(Pro Hac Vice)*
Michael E. Comerford *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. (*Pro Hac Vice*)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com
andrewtenzer@paulhastings.com
michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*