**Hearing Date: June 6, 2018 at 9:30 a.m. AST**
**Objection Deadline: April 9, 2018** (for parties other than the Fee Examiner)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**SUMMARY COVER SHEET TO THE SECOND APPLICATION OF FTI CONSULTING, INC. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO FROM OCTOBER 1, 2017 <u>THROUGH JANUARY 31, 2018</u>**

| | |
|---|---|
| Name of Applicant: | FTI Consulting, Inc. |
| Authorized to Provide Services To: | The Official Committee of Retired Employees of the Commonwealth of Puerto Rico |
| Retention Date: | June 27, 2017 |

---

[1] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are:  (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric and Power Authority  (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747).

| | |
|---|---|
| Period for which compensation is sought: | October 1, 2017 through January 31, 2018 |
| Monthly Fee Statements subject to the request: | October 2017—January 2018 |
| Total compensation sought this period: | $1,127,271.50 |
| Total expenses sought this period: | $21,853.96 |
| Petition Date: | May 3, 2017 |
| Retention Date: | June 27, 2017 |
| Date of Order Approving Employment: | October 6, 2017 |
| Total compensation approved by interim order to date: | $658,246.00 |
| Total expenses approved by interim order to date: | $5,072.35 |
| Total compensation paid to date: | $728,991.45 |
| Total expenses paid to date: | $9,235.72 |
| Total compensation subject to objection: | None |
| Total expenses subject to objection: | None |
| Blended rate in this application for all professionals: | $580.98 |
| Number of Professionals Included in this Application: | 20 |
| Difference Between Fees Budgeted and Compensation Sought: | Not Applicable |
| Number of Professionals Billing Fewer than 15 Hours to this Case: | 5 |
| Rates Higher than Those Disclosed at Retention: | FTI adjusted its scheduled hourly rates as of January 1, 2018.  All time recorded in January 2018 is at 2018 rates, which are reflected herein. |

The fee or expense totals in this application are not different from the sum of previously-served monthly statements.

This is an *interim* application.

2

The total time expended for fee application preparation for the Interim Fee Period is
approximately 178.1 hours and the corresponding compensation requested is approximately
$90,372.00.

Objection Deadline:                                          April 9, 2018 (for parties other
                                                             than the Fee Examiner)

| Professional | Position | Average Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Gumbs, Sean [1] | Senior Managing Director | $ 1,057 | 214.0 | $ 226,100.00 |
| Isler, Jeffrey | Senior Managing Director | 395 | 3.8 | 1,501.00 |
| Malloy, Michael | Senior Managing Director | 815 | 47.5 | 38,712.50 |
| Simms, Steven [1] | Senior Managing Director | 1,057 | 25.5 | 26,952.50 |
| Tully, Conor | Senior Managing Director | 995 | 6.5 | 6,467.50 |
| Grunwald Kadar, Andrea | Managing Director | 915 | 122.3 | 111,904.50 |
| Heeren, Ana | Managing Director | 650 | 2.2 | 1,430.00 |
| Leonard, Jeffrey | Managing Director | 685 | 4.2 | 2,877.00 |
| Mulkeen, Tara | Managing Director | 705 | 97.9 | 69,019.50 |
| Park, Ji Yon [1] | Managing Director | 841 | 187.6 | 157,770.00 |
| Robertson, David [1] | Managing Director | 629 | 17.8 | 11,200.00 |
| Whitcomb, John | Senior Director | 600 | 10.0 | 6,000.00 |
| Mossop, Julian [1] | Senior Consultant | 546 | 335.3 | 183,140.00 |
| Williams, Sian | Senior Consultant | 275 | 16.1 | 4,427.50 |
| Cherian, Ritika | Consultant | 300 | 253.4 | 76,020.00 |
| Emerton, Charlie | Consultant | 380 | 138.8 | 52,744.00 |
| Fazal, Kazi | Consultant | 455 | 58.0 | 26,390.00 |
| Miles, Edan | Consultant | 315 | 174.9 | 55,093.50 |
| Sombuntham, Natalie [1] | Consultant | 397 | 179.5 | 71,275.00 |
| Hellmund-Mora, Marili [1] | Associate | 266 | 45.0 | 11,977.00 |
| **SUBTOTAL** | | | **1940.3** | **1,141,001.50** |
| Less: 50% discount for non-working travel time | | | | (13,730.00) |
| **GRAND TOTAL** | | | **1940.3** | **$ 1,127,271.50** |

(1): Professionals subject to annual billing rate increase effective January, 2018

**Hearing Date: June 6, 2018 at 9:30 a.m. AST**
**Objection Deadline: April 9, 2018** (for parties other than the Fee Examiner)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | |
| Debtors.[1] | |

## SECOND INTERIM APPLICATION OF FTI CONSULTING, INC. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO FROM OCTOBER 1, 2017 THROUGH JANUARY 31, 2018

To the Honorable United States District Court Judge Laura Taylor Swain:

FTI Consulting, Inc. ("**FTI**"), financial advisor for The Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") in the above-captioned Title III cases (the "**Title III Cases**"), hereby submits this second application

---

[1] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are:  (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric and Power Authority  (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747).

("**Application**") for allowance of compensation for professional services rendered, and reimbursement for actual and necessary expenses incurred in connection with such services, for the period from October 1, 2017 through January 31, 2018 (the "**Interim Period**"). FTI submits this Application pursuant to sections 316 and 317 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("**PROMESA**"),[2] 48 U.S.C. §§ 2176, 2177; sections 105(a) and 503(b) of the Bankruptcy Code,[3] 11 U.S.C. § 503(b); Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**")[4]; Rule 2016-1 of the Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "**Local Rules**")[5]; the Court's *Order Authorizing the Employment of FTI Consulting, Inc. as Financial Advisor for the Committee of Retired Employees* ("**Retention Order**") [Dkt. No. 1413]; the Court's *First Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* ("**Interim Compensation Order**") [Dkt. No. 1715]; the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013* (the "**UST Guidelines**"); and the Fee Examiner's November 10, 2017 Memorandum (the "**Fee Examiner Memorandum**"). In support of the Application, FTI submits the Certification of Sean A. Gumbs (the "**Gumbs Certification**"), attached hereto as **Exhibit A**, and respectfully represents as follows:

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[3] The Bankruptcy Code is codified at 11 U.S.C. §§ 101–1532. Unless otherwise noted, all Bankruptcy Code sections cited in the Application are made applicable to these Title III Cases pursuant to section 301(a) of PROMESA.

[4] All Bankruptcy Rules referenced in this Application are made applicable to these Title III Cases pursuant to section 310 of PROMESA.

[5] The Local Rules are made applicable here by the Court's *Order (A) Imposing and Rendering Applicable Local Bankruptcy Rules to These Title III Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief* [Dkt. No. 249].

**Preliminary Statement**

1.      FTI provided services to the Retiree Committee in accordance with the instructions and directions of the Retiree Committee and its counsel.  The Retiree Committee represents approximately 167,000 retired employees of the Commonwealth and various governmental bodies and their surviving beneficiaries, including Puerto Rico's retired teachers, police officers, firefighters, judges, municipal clerks, engineers, and other government workers of all categories (the "**Retirees**").  The Retirees' pensions are underfunded by at least $49 billion.  They are the largest group of creditors in these Title III Cases.

2.      During the Interim Period, FTI performed a variety of financial advisory services that were necessary and appropriate for the efficient and economical advancement of the Retiree Committee's interests in the Title III Cases, including, among other things: performing in-depth diligence of the certified Fiscal Plan and the key underlying assumptions; analyzing proposed modifications to Retiree's pension, healthcare and other benefits and the economic impact related thereto; meeting and conferring with the Retiree Committee, its counsel and actuarial consultants on key case issues impacting Retirees; attending court hearings and participating in mediation sessions involving matters pertaining to the benefits of the Retirees; monitoring key case developments in the island, including update on various on-going litigations, hurricane aid status, and other on-island news; and analyzing the impact of hurricane Maria on the island, including macroeconomic impact.

3.      FTI's work during the Interim Period was necessary for, and beneficial to, the Retirees and served to ensure that the interests of the Retirees were properly represented and safeguarded in these Title III Cases. FTI is compensated on an hourly fee basis, plus reimbursement of actual and necessary expenses incurred by FTI.

3

4.     By this Application, FTI seeks allowance of (i) compensation for actual and necessary professional services rendered by FTI as financial advisor to the Retiree Committee for the Interim Period in the amount of $1,127,271.50 and (ii) reimbursement for actual and necessary expenses incurred in the Interim Period in the amount of $21,853.96, for a total of $1,149,125.46 for the Interim Period.

5.     This Application summarizes the services rendered by FTI on behalf of the Retiree Committee during the Interim Period.  While it is not possible or practical to describe each and every activity undertaken by FTI, FTI has maintained contemporaneous time records which include a detailed chronology of the daily services rendered, describing the precise nature of the work, the specific tasks performed, and the time expended by each professional.  A breakdown of the hours and fees by professional is annexed hereto as **Exhibit B.** A breakdown of the hours and fees by task code is annexed hereto as **Exhibit C**.  A detailed copy of the time records for the Interim Period is annexed hereto as **Exhibit D.**

6.     FTI has incurred out-of-pocket disbursements during the Interim Period broken down into categories of charges itemized in **Exhibit E**. A detailed breakdown of these charges is annexed hereto as **Exhibit F.**  Each charge incurred by FTI was necessary and reasonable, and was incurred as a direct result of FTI's representation of the Retiree Committee.

7.     In accordance with the Interim Compensation Order, FTI has requested payment for 90% of the fees for actual and necessary legal services incurred during the Interim Period in the amount $1,014,544.35 and for 100% of the expenses incurred during the Interim Period in the amount of $21,853.96 for a total payment amount of $1,036,398.31.

8.     As of the date of this Application, FTI is owed $1,058,711.05 for professional fees and $17,916.58 for actual and necessary expenses for a total of $1,076,627.63.

4

**Jurisdiction**

9.   The United States District Court for the District of Puerto Rico (the "**Court**") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

10.  Venue is proper pursuant to PROMESA section 307(a).

11.  FTI makes this Application pursuant to PROMESA sections 316 and 317, Bankruptcy Code sections 105(a) and 503(b), Bankruptcy Rule 2016, Local Rule 2016-1, the Retention Order, the Interim Compensation Order, and the UST Guidelines.

**Background**

12.  On May 3, 2017, the Commonwealth of Puerto Rico (the "**Commonwealth**"), by and through the Financial Oversight and Management Board for Puerto Rico (the "**FOMB**"), as the Commonwealth's representative pursuant to section 315(b) of PROMESA, filed a petition with the Court under title III of PROMESA.

13.  On May 5, 2017, the Puerto Rico Sales Tax Financing Corporation ("**COFINA**"), by and through the FOMB, as COFINA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

14.  On May 21, 2017, the Puerto Rico Highways and Transportation Authority ("**HTA**"), by and through the FOMB, as HTA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

15.  On May 21, 2017, the Employees Retirement System for the Commonwealth of Puerto Rico ("**ERS**"), by and through the FOMB, as ERS's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

16. On July 3, 2017, the Puerto Rico Electric Power Authority ("**PREPA**"), by and through the FOMB, as PREPA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

17. Through Orders of this Court, the Commonwealth, COFINA, HTA, ERS, and PREPA Title III Cases are jointly administered for procedural purposes only, pursuant to PROMESA section 304(g) and Bankruptcy Rule 1015. [*See* Dkt. Nos. 242, 537, 1417.]

18. On June 15, 2017, the U.S. Trustee, pursuant to section 1102(a)(1) of the Bankruptcy Code, appointed the Retiree Committee, consisting of the following nine individuals: Blanca Paniagua, Carmen Nunez, José Marin, Juan Ortiz, Lydia Pellot, Marcos A. Lopez, Miguel Fabre, Milagros Acevedo, and Rosario Pacheco. [Dkt. No. 340.]

### FTI's Retention and Fee Request

19. On June 27, 2017, the Retiree Committee selected FTI as its financial advisor. On August 4, 2017, the Retiree Committee filed its *Application for an Order Approving the Employment of FTI Consulting, Inc.* (the "**Retention Application**") [Dkt. No. 877] pursuant to section 105(a) and 1103 of the Bankruptcy Code.[6]

20. On October 6, 2017, the Court entered the Retention Order [Dkt. No. 1413] approving FTI's retention as financial advisor to the Retiree Committee, effective June 27, 2017, on the terms and conditions identified in the Retention Application. Pursuant to the Retention Order, FTI is entitled to compensation on an hourly fee basis for reasonable, actual, and necessary professional services rendered and reimbursement of expenses incurred in connection with the Title III Cases.

---

[6] In a chapter 11 case, a committee appointed under section 1102 of the Bankruptcy Code ordinarily would seek authority to employ counsel pursuant to section 328. Because PROMESA does not incorporate section 328 of the Bankruptcy Code, the Retiree Committee moved for approval of its Retention Application pursuant to sections 105(a) and 1103(a). *See* PROMESA § 301(a) (omitting Bankruptcy Code sections 327 and 328 from incorporation into PROMESA).

21.   On  October 6, 2017, the Court entered an Order appointing Brady Williamson as the fee examiner (the "**Fee Examiner**") in these Title III Cases.  [Dkt. No. 1416.]

22.   On  December 15, 2017, FTI filed its *First Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred From June 16, 2017 Through September 30, 2017* (the "**First Interim Application**") [Dkt. No. 2051], seeking $660,431.00 in compensation and $5,298.34 in expenses.  On March 7, 2018, the Court entered an Order approving the First Interim Application (the "**First Interim Order**") [Dkt. No. 2685] in the amount of $658,246.00 in compensation and $5,072.35 in expenses, reflecting certain reductions recommended by the Fee Examiner and agreed to by Jenner.  Payment is due, but has not been made by AAFAF, for $63,632.11 approved in the First Interim Order.

23.   FTI has received 90% of the fees requested and 100% of the expense reimbursement requested in its October 2017 monthly statements, for $134,603.55 in compensation and $3,937.38 in expenses.  Payment is due, but has not been made by AAFAF, for 90% of the fees requested and 100% of the expense reimbursement requested in FTI's November 2017, December 2017, and January 2018 monthly statements.

24.   FTI's fees are based upon hours charged, recorded in tenth of an hour increments, at FTI's ordinary and customary hourly rates in effect as of January 1 of the calendar year in which the services are rendered, plus reimbursement of actual, necessary out-of-pocket expenses and other charges incurred by FTI on behalf of the Retiree Committee.  FTI periodically adjusts its rates, generally at the start of each calendar year.

25. The  cover  sheet  to  this  Application  contains  a  schedule  setting  forth  all  FTI professionals who have performed services in the Title III Cases during the Interim Period, the

7

position of each individual, the hourly billing rate charged for services performed by such individual, the aggregate number of hours expended in this case and fees billed therefore.

26. By this Application, FTI seeks allowance of compensation in the amount of $1,127,271.50 and reimbursement of expenses in the amount of $21,853.96. As of the date of this Application, FTI has received compensation in the amount of $134,603.55 and reimbursement of $3,937.38 of expenses for the Interim Period.

27. This is FTI's second request for interim compensation in these Title III Cases. As set forth in the Gumbs Certification, all of the services for which interim compensation is sought herein were rendered for and on behalf of the Retiree Committee in connection with these Title III Cases. To the best of FTI's knowledge and as disclosed in the *Declaration Of Steven Simms In Support Of Application of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for Order Approving the Employment of FTI Consulting, Inc.*[Dkt. No. 877-2] (the "**Simms Declaration**"), FTI is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, although not required by PROMESA, and except as otherwise specified in the Simms Declaration, FTI's professionals do not hold or represent any interest adverse to the Retiree Committee.

28. FTI has in the past represented, may currently represent, and likely in the future will represent parties in interest in the Title III Cases in connection with matters unrelated to the Retiree Committee or the Title III Cases. In the Simms Declaration, FTI disclosed its connections to parties in interest in the Title III Cases that it has been able to ascertain using its reasonable efforts. FTI will update such disclosures, as appropriate, if FTI becomes aware of relevant and material new information.

8

29.   FTI performed the services for which it is seeking compensation on behalf of the Retiree Committee and not on behalf of any other committee, creditor, or other entity.

30.   FTI has not received payment or promise of payment from any source other than the Commonwealth, for its services rendered and expenses incurred on behalf of the Retiree Committee in connection with the Title III Cases.

31.   FTI does not share fees with any professionals except to the extent permitted by section 504 of the Bankruptcy Code.

**Summary of Financial Advisory Services Provided During the Interim Period**

32.   The Title III cases have presented numerous large and complex issues that had to be addressed in order to maximize value for retiree constituents.  The Retention Order authorized FTI to render financial advisory services to the Retiree Committee.

33.   FTI has taken reasonable steps to avoid duplication of services by FTI's professionals. During the course of the Interim Period, there have been a few instances where more than one FTI professional attended a hearing or conference.   These multiple attendees were necessary to accomplish the significant amount of work which needed to be performed in a compressed amount of time involving complex facts and transactions and the participation and involvement of multiple attendees to divide up the work was necessary under the circumstances.

34.   FTI has established, in accordance with its internal billing procedures, subject matters categories (each, a "**Matter Category**") for keeping time records of the work performed for the Retiree Committee.  A summary of the time incurred by professional and by Matter Category is attached hereto as **Exhibit B** and **Exhibit C**.  In addition, subject to redaction for attorney-client privilege, attorney work product, and confidentiality where necessary to protect the Retiree

Committee, FTI's records of time worked providing professional services to the Retiree Committee are attached hereto as **Exhibit D**.

35. The primary services rendered by FTI include, but are not limited to, the Matter Categories set forth below.

### 1. Current Operating Results & Events
**Fees: $68,957.00       Total Hours: 115.6**

36. FTI analyzed current news and events related to and impacting Puerto Rico, the Retirees, and these Title III cases. The time entries in this category include reviewing court filings, monitoring news articles relating to key developments in Puerto Rico and the Title III cases, and reviewing public materials released by the Oversight Board and the government. Time spent in this task code was critical for FTI to keep apprised of the latest case developments with respect to on-island issues, various ongoing litigations, hurricane impact / relief efforts, and follow up from the mediation sessions.

### 2. Cash & Liquidity Analysis
**Fees: $46,533.50       Total Hours: 72.5**

37. FTI reviewed and analyzed the liquidity status and projections of the Commonwealth. FTI's work included analysis of AAFAF weekly TSA cash flow reports, Commonwealth bank account reconciliation reports, and other documents posted to the AAFAF data room. FTI developed follow up questions for upcoming calls and also dialed into public hearings on liquidity presented by AAFAF in order to better understand the liquidity projections and assumptions. This effort was crucial to understanding the liquidity situation of the Commonwealth, particularly in light of the Hurricanes and the impact on the island.

### 3. Mediation
**Fees: $127,707.50      Total Hours: 143.6**

38.   The time spent in this category reflects preparation for and participation in the confidential mediation process on behalf of the Retiree Committee in the Title III cases.

### 4. Analysis of the Fiscal Plan – Revenues
**Fees: $58,527.50      Total Hours: 80.9**

39.   FTI performed detailed review and analysis of the base revenue projections in the Fiscal Plan model and analyzed various supporting materials provided by the Commonwealth's advisors. Analysis of Fiscal Plan revenue included review of the underlying macroeconomic assumptions used, how they apply to various revenue line items in the Fiscal Plan, and how they flow into the component unit forecasts, such as the HTA and the University of Puerto Rico. FTI also reviewed the revised Fiscal Plan issued on January 24, 2018, to understand key changes and follow-up questions.

### 5. Analysis of the Fiscal Plan – Expenses
**Fees: $7,706.00      Total Hours: 12.1**

40.   FTI performed review and analysis of the base expense projections in the Fiscal Plan model and analyzed various supporting materials provided by the Commonwealth's advisors. FTI reconciled the Fiscal Plan model to the supporting files that built up to the expense projections and evaluated each of the Commonwealth component units' cash flows. FTI reviewed the assumptions behind the Fiscal Plan's treatment of pension expenses, healthcare, and utilities as well as the expenses of key component units. FTI also bridged key differences in expenses between versions of the Fiscal Plan models, including the revised Fiscal Plan dated January 24, 2018, and identified follow up questions and information requests on the baseline expense projections.

### 6. Analysis of the Fiscal Plan – Revenue Measures

11

**Fees: $6,673.00          Total Hours: 11.4**

41.  FTI performed review and analysis of the revenue measures proposed by the Fiscal Plan, the related impact in the Fiscal Plan model, and various supporting materials provided by the Commonwealth's advisors. FTI reviewed documents underlying the Commonwealth's Revenue Measures, including information supporting changes to corporate income tax, improved tax compliance, and other revenue enhancements, and analyzed key changes in measures from previous versions of the Fiscal Plan to the revised Fiscal Plan dated January 24, 2018. FTI also identified follow up questions and information requests on the revenue measures.

**7. Analysis of the Fiscal Plan – Expense Measures**
**Fees: $10,936.50          Total Hours: 22.4**

42.  FTI performed review and analysis of the expense measures proposed by the Fiscal Plan, the related impact in the Fiscal Plan model, and various supporting materials provided by the Commonwealth's advisors. FTI assessed the reductions to government spending contemplated in the Fiscal Plan model, such as right sizing the government, reducing subsidies to the University of Puerto Rico and other subsidiaries, reduction of healthcare spending, and reduction of pension expenses. FTI also analyzed key changes in expense measures in the revised Fiscal Plan dated January 24, 2018, and developed a list of questions and follow up items.

**14. Analysis of Claims/Liabilities Subject to Compromise**
**Fees: $159,350.50          Total Hours: 228.5**

43.  Time spent in this category includes analysis of claims and liabilities subject to compromise in these Title III cases, including certain bonded debt. FTI performed in-depth analyses of COFINA bond issuances, including analysis of the COFINA's authorization to issue bonds and review of the sources and uses of COFINA funds. FTI reviewed public financial statements and offering statements, analyzed various issuances of debt in Puerto Rico's capital

12

structure, researched various relevant issues, and developed an analysis for counsel's review. In addition, FTI analyzed government accounting issues with respect to sales and use tax collections and prepared an expert report.

### 17. Analysis of Pension and Retiree Related Liabilities
### Fees: $106,386.50     Total Hours: 147.1

44.   Time spent in this category includes analysis of the proposed pension reform contemplated in the Fiscal Plan and the resulting pension liabilities. FTI also created a report providing an overview of Puerto Rico's retirees to be used in meetings with government officials. FTI analyzed the Fiscal Plan's modeling of the PayGo obligations and impact of the pension reforms. FTI reviewed the key underlying assumptions utilized to project pension liabilities in the PayGo model, evaluated the different components and build-up of pension expenses, performed variance analysis on the revised Fiscal Plan which contemplates a revised pension reform framework, compared pension obligations per the Fiscal Plan to actuarial obligations, and evaluated the effects of pension reform on retirees. FTI participated in numerous discussions with the Retiree Committee's actuarial consultants, Segal, to ensure our review and approach were coordinated and to share our findings and analysis.

### 18. General Meetings with Retiree Committee & Committee Professionals
### Fees: $42,893.00     Total Hours: 49.6

45.   Time spent in this category reflects participating in meetings and discussions with the Retiree Committee regarding latest case updates, including updates on Fiscal Plan diligence, ongoing litigation, proposed pension reforms, hurricane aid, upcoming court hearings, and other relevant case issues. FTI also participated in regular conference calls with the Retiree Committee's advisors to coordinate efforts, share information, discuss latest case developments and strategy,

update on Fiscal Plan and related diligence, preparation for committee meetings and relevant issues.

### 27. Strategic Communications
**Fees: $44,483.00        Total Hours: 70.2**

46.   Time entries in this category relate to preparing for and participating in meetings with government officials in Washington, D.C. on behalf of the Retiree Committee. FTI created a discussion handout providing an overview of Puerto Rico's retirees to be used in the meetings with officials.

### 28. Analysis of the Fiscal Plan – Economic Review
**Fees: $328,517.00        Total Hours: 761.8**

47.   Time spent in this category reflects analysis of the Fiscal Plan's macroeconomic assumptions, review of supporting macroeconomic studies used to develop the assumptions, assessment of the application of macroeconomic drivers in the Fiscal Plan, evaluation of inter-relationship impacts of revenue and expense measures on various aspects of the economy, and research of past case studies. As part of the economic review, FTI performed detailed analysis on key macroeconomic drivers (GNP growth, inflation, population growth, and macroeconomic multiplier) and their interactions with the Fiscal Plan by line item, evaluated the macroeconomic studies cited by the Commonwealth, developed detailed due diligence requests to vet the methodology, and researched historical macroeconomic data of past comparable case studies to evaluate the reasonableness of the Fiscal Plan assumptions and methodology. FTI's work also included detailed analysis of the projected economic impact of hurricanes Irma and Maria, including research on the impact of natural disasters on other economies.

**Actual and Necessary Expenses Incurred by FTI During the Interim Period**

48.   FTI incurred actual out-of-pocket expenses in connection with the rendering of professional services to the Retiree Committee during the Interim Period in the amount of $21,853.96, for which FTI respectfully requests reimbursement in full.   The disbursements and expenses have been incurred in accordance with FTI's normal practice of charging clients for expenses clearly related to and required by particular matters.   A categorized summary of the actual and necessary costs and expenses incurred by FTI during the Interim Period, and an itemization of each expense within each category, is attached hereto as **Exhibit E** and **Exhibit F**, respectively.

**FTI's Requested Compensation and Reimbursement Should be Allowed**

49.   The services for which FTI seeks compensation in this Application were, at the time provided, necessary for and beneficial to the Retiree Committee.   FTI performed these services economically, effectively, and efficiently, and they benefited the Retiree Committee.   The expenses incurred were as a direct result of FTI's representation of the Retiree Committee and are the type customarily charged to non-bankruptcy clients of FTI.   FTI respectfully submits that the compensation and reimbursement requested are reasonable in light of the nature, extent, and value of such services to the Retiree Committee.   Accordingly, FTI submits the compensation sought in this Application is warranted and should be approved.

**Reservation of Rights and Notice**

50.   It is possible that some professional time expended or expenses incurred during the Interim Period are not reflected in the Application, as such time or expenses may not have been captured in FTI's billing system on the date of filing this Application.   FTI reserves the right to include such amounts in future fee applications.

15

51.  Pursuant to the Interim Compensation Order, the Retiree Committee has provided notice of this Application to: (a) the U.S. Trustee; (b) counsel to the FOMB; (c) counsel to AAFAF; (d) counsel to the UCC; (e) the Fee Examiner; and (f) all parties that have filed a notice of appearance with the Clerk of this Court, pursuant to Bankruptcy Rule 2002 and applicable provisions of the Local Rules, and requested such notice.

## No Prior Request

52.  No prior application for the relief requested by this Application has been made to this or any other court.

WHEREFORE, FTI respectfully requests that the Court enter an order: (a) awarding FTI compensation for professional and paraprofessional services provided during the Interim Period in the amount of $1,127,271.50; (b) reimbursement of actual, reasonable and necessary expenses incurred in the Interim Period in the amount of $21,853.96; and (c) granting such other relief as is appropriate under the circumstances.

Dated: March 19, 2018                              Respectfully submitted,

                                                   FTI CONSULTING, INC.

                                                   /s/ Steven D. Simms
                                                   Steven D. Simms
                                                   Sean A. Gumbs
                                                   Three Times Square, 9th Floor
                                                   New York, NY, 10036
                                                   steven.simms@fticonsulting.com
                                                   sean.gumbs@fticonsulting.com

                                                   Financial Advisors for The Official
                                                   Committee of Retired Employees of Puerto
                                                   Rico

17