# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** | PROMESA<br>Title III |
| **THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,** | No. 17 BK 3283-LTS<br><br>**(Jointly Administered)** |
| As a representative of | |
| **THE COMMONWEALTH OF PUERTO RICO** *et al.*, | Re: Dkt. Nos. 1416, 2384, 2385, 2386, 2387, 2388, 2389, 2390, and 2391 |
| **Debtors.**[1] | **Presentment Date:** March 28, 2018<br>**Order Objection date:** March 27, 2018 at 4:00 p.m. (Atlantic Standard Time) |

## NOTICE OF PRESENTMENT OF REVISED
## STIPULATED DISLCOSURE AGREEMENT AND PROTECTIVE ORDER

**PLEASE TAKE NOTICE** that upon the February 2, 2018 filing of *Stipulated Disclosure Agreements and Protective Orders* [Dkt. Nos. 2384, 2385, 2386, 2387, 2388, 2389, 2390, and 2391] (the "**Stipulations**"), the Fee Examiner will present the revised proposed order, attached as **Exhibit A** (the "**Revised Proposed Stipulated Disclosure Agreement and Protective Order**"), to the Honorable Laura Taylor Swain, United States District Judge, sitting in the United States District Court for the District of Puerto Rico, Courtroom 3, U.S. Courthouse,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

150 Chardon Avenue, San Juan, Puerto Rico 00918-7095, for signature on **March 28, 2018** (the "**Presentment Date**").

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit B** is a redline comparing the Revised Proposed Stipulated Disclosure Agreement and Protective Order against the initial proposed order attached to the Stipulations, demonstrating the revisions incorporated. All professionals submitting fees for payment through these Title III proceedings have been provided with a copy of these documents and the undersigned has received no objection to the revised proposed order.

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Revised Proposed Stipulated Disclosure Agreement and Protective Order (the "**Objection**") is filed with the Court **no later than 4:00 p.m. (Atlantic Standard Time) on March 27, 2017**, no hearing will be held, and the Revised Proposed Stipulated Disclosure Agreement and Protective Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application including all exhibits, and all documents filed in these title III cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9237, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

**WE HEREBY CERTIFY** that on this date, we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all attorneys of record registered in the use of the CM/ECF system.

Dated this 20th day of March, 2018.

            EDGE Legal Strategies, PSC

            *s/Eyck O. Lugo*
            Eyck O. Lugo
            252 Ponce de León Avenue
            Citibank Tower, 12th Floor
            San Juan, PR 00918
            Telephone: (787) 522-2000
            Facsimile: (787) 522-2010

*Puerto Rico Counsel for Fee Examiner*

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

Katherine Stadler (*Pro Hac Vice* Approved)

*Counsel for the Fee Examiner*

18657636.1

3

# Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** | ) PROMESA <br> ) Title III <br> ) |
| **THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,** | ) No. 17 BK 3283-LTS <br> ) <br> ) **(Jointly Administered)** |
| As a representative of | ) <br> ) |
| **THE COMMONWEALTH OF PUERTO RICO** *et al.*, | ) Re: ECF No. 1416 <br> ) <br> ) |
| **Debtors.**[1] | ) <br> ) |

## STIPULATED DISCLOSURE AGREEMENT AND PROTECTIVE ORDER

WHEREAS, acting pursuant to 48 U.S.C. § 2161, Rule 7026(c)(1) of the Federal Rules of Bankruptcy Procedure and Rules 502(a),(b),(d),(e),(f) and (g) and Rule 1101 of the Federal Rules of Evidence, the Fee Examiner appointed in the Title III cases of the Commonwealth of Puerto Rico and related entities (collectively, the "Debtors"), his counsel, Godfrey & Kahn, S.C. ("Fee Examiner Counsel"), the Debtors, the Official Committee of Unsecured Creditors, the Official Committee of Retirees of the Commonwealth of Puerto Rico, the Mediation Team constituted pursuant to the Order Appointing Mediation Team [Dkt. No. 430], and their respective professionals (the "Professionals") enter into this disclosure stipulation and protective order (the "Disclosure Agreement and Protective Order");

WHEREAS this Disclosure Agreement and Protective Order supplements the *Order Pursuant to PROMESA Section 316 and 317 and Bankruptcy Code Section 105(A) Appointing a Fee Examiner and Related Relief* [Dkt. No. 1416] (the "Fee Examiner Order") at ¶ 9, which states:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

> If a professional or its client provides privileged or work product information to the Fee Examiner and identifies the nature of such information to the Fee Examiner, the Fee Examiner shall treat such information as confidential. The disclosure of such information to the Fee Examiner shall not be deemed to be a waiver by the disclosing party of any applicable work product, attorney client, or other privilege.

WHEREAS, an effective fee review process requires disclosure to the Fee Examiner and Fee Examiner Counsel of complete, unredacted billing records and other identified documents, communications, and information in the above captioned cases (the "Cases"), which documents, communications, and information may be otherwise subject to a claim of confidentiality, attorney-client privilege, and/or work-product protection;

WHEREAS, the Fee Examiner Counsel has requested that the Professionals provide unredacted copies of the billing records supporting their interim and final fee applications submitted by (and to be submitted by) the Professionals, detailed budgets, and certain other materials related to the Professionals' services in the Cases (collectively, the "Requested Information");

WHEREAS, the parties and their counsel remain fully committed to transparency and openness in the PROMESA proceedings while acknowledging the need, in the interests of professional responsibility, effective advocacy, and mediation confidentiality, for the limited confidentiality recognized by law;

WHEREAS, Fed. R. Bankr. P. 7026 permits the Court "for good cause" to issue a protective order;

WHEREAS, in consideration of, and as a condition to, the furnishing of the Requested Information by the Professionals, to the extent that such Requested Information may be legally entitled to protection and subject to the dispute resolution procedures outlined in paragraphs 11 and 12,below, Fee Examiner Counsel understands that it is required to and does agree, as set forth below, to treat the Requested Information confidentially and also to treat confidentially any written or oral information related thereto, whether furnished before or after the date of this Disclosure Agreement and Protective Order (collectively, the "Confidential Materials"), and to comply with the other provisions hereof;

WHEREAS, the disclosure of Confidential Materials pursuant to this Disclosure Agreement and Protective Order is not intended to waive any privilege or protection that may otherwise be asserted by or applicable to any Professionals, including the Fee Examiner and Fee Examiner Counsel;

WHEREAS, Professionals from time-to-time have distributed and/or filed, as the case may be, and expect to continue to distribute and/or file, applications for monthly, interim, or final compensation and reimbursement of expenses (the "Fee Requests");

WHEREAS, Fee Examiner Counsel hereby agrees that the Confidential Materials will be used solely by Fee Examiner Counsel and other Permitted Recipients (as defined below) to

2

review and evaluate the Fee Requests (the "Permitted Purpose") except to the extent that another use is authorized by Court order;

WHEREAS, the Fee Examiner Counsel further agrees that the Confidential Materials will be kept confidential by it and Permitted Recipients (as defined below);

WHEREAS, notwithstanding anything to the contrary contained herein, Fee Examiner Counsel shall not be permitted, without order of the Court, to disclose any of the Confidential Materials to any person or entity other than as authorized by this Disclosure Agreement and Protective Order;

WHEREAS, all Confidential Materials created or furnished pursuant to this Disclosure Agreement and Protective Order, regardless of the nature of the information contained therein, shall be held in segregated files by Fee Examiner Counsel, solely for purposes of evaluating the Fee Requests, except to the extent that another use is authorized by Court order, and subject to the Professionals' right to reasonably instruct Fee Examiner Counsel with respect to possession and control thereof;

WHEREAS, upon the entry of a final and non-appealable order by this Court approving any final fee application filed by any Professional, the Fee Examiner Recipients will promptly destroy, delete (in the case of electronic materials), or deliver to the particular Professionals the Confidential Materials that they produced, without retaining any copy. Any oral information shall continue to be subject to the terms of this Disclosure Agreement and Protective Order;

WHEREAS, the term "Confidential Materials" does not include information that (i) becomes generally available to the public other than as a result of a disclosure by the undersigned or their representatives or by or to any person in violation of this Disclosure Agreement and Protective Order, (ii) was available to the Fee Examiner, Fee Examiner Counsel, or the U.S. Trustee (defined below) prior to its disclosure by the Professional or its representatives, or (iii) becomes available to the Fee Examiner, Fee Examiner Counsel, or the U.S. Trustee from a source other than the Professional or its representatives, provided that such source is not bound by a legal, contractual, or fiduciary obligation with the Professional or its representatives; and,

WHEREAS, the Court has determined that it is in the public interest and in the interests of an effective and efficient fee review process for the above-referenced Requested Information related to the foregoing Fee Requests to be made available to Fee Examiner Counsel;

NOW, THEREFORE, upon consideration of the record and proceedings herein and the stipulation of the parties;

3

# **ORDER**

IT IS ORDERED AND DECREED, pursuant to Fed. R. Bankr. P. 7026(c) and Rules 502(a),(b),(d),(e),(f) and (g) and 1101 of the Federal Rules of Evidence, as follows:

1. The above recitals are true, correct, and incorporated herein;

2. Professionals submitting Requested Information to the Fee Examiner pursuant to the terms of this Disclosure Agreement and Protective Order shall clearly mark such materials "Confidential: Fee Examiner Attorneys' Eyes Only." In the event that a Professional fails to designate any materials or information as Confidential Materials, that Professional may make a subsequent designation by so notifying Fee Examiner Counsel in writing. In such event, Fee Examiner Counsel shall treat such materials and/or information as Confidential Materials thereafter;

3. Fee Examiner Counsel shall not give, show or make available the Confidential Materials to any person other than:

   a. The Fee Examiner, Fee Examiner Counsel's employees, partners or members with responsibility for Fee Examiner Counsel's review and evaluation of the Fee Requests (collectively, the "<u>Fee Examiner Recipients</u>");

   b. The United States Trustee or any person employed by the United States Trustee (collectively, the "U.S. Trustee") (each a "Permitted Recipient"); or

   c. Notwithstanding paragraph 3.(b.), above, Confidential Materials submitted to the Fee Examiner Counsel by the Mediation Team or its financial advisor shall not be provided to the U.S. Trustee.

4. All Confidential Materials created or furnished pursuant to this Disclosure Agreement and Protective Order, regardless of the nature of the information contained, shall be held in segregated files by Fee Examiner Counsel and by any Fee Examiner Recipient and Fee Examiner Counsel shall take commercially reasonable steps to ensure that the Confidential Materials are kept in strictest confidence in accordance with this Disclosure Agreement and Protective Order;

5. Confidential Materials shall be used solely for the Permitted Purpose except to the extent that another use is authorized by Court order;

6. Notwithstanding Paragraph 5 above, the U.S. Trustee may disclose any Requested Information or Confidential materials within the United States Trustee Program, within the U.S. Department of Justice;

7. By entering into this Disclosure Agreement and Protective Order and producing the Requested Information pursuant to this Disclosure Agreement and Protective Order, the Professionals shall not be deemed to have waived the attorney-client privilege and/or work-

product or any other protection, or to have breached mediation confidentiality, with respect to the Requested Information relating to the foregoing Fee Requests;

8. By entering into this Disclosure Agreement and Protective Order and producing the Requested Information pursuant to this Disclosure Agreement and Protective Order, the Professionals shall not be deemed to have waived the attorney-client privilege and/or work-product protection, or to have breached mediation confidentiality, with respect to the Requested Information relating to any other past, present or future federal or state proceeding, whether judicial or administrative;

9. Subsequent designation in accordance with paragraph 2 hereof shall not be deemed a waiver of the confidential status of the subsequently-designated Confidential Materials;

10. No Confidential Materials may be filed with the Court unless they are filed under seal pursuant to Local Bankruptcy Rule 9018-1 and the District Court's Standing Order No. 9;

11. Should the Fee Examiner or a Permitted Recipient wish to challenge a confidentiality designation, the Fee Examiner or Permitted Recipient should confer directly with the Professional. In conferring, the Fee Examiner or Permitted Recipient should explain the basis for its belief that the confidentiality designation was not proper and should give the Professional an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Professional should respond to the challenge within five (5) business days (the "Meet and Confer Procedure");

12. Should the Meet and Confer Procedure prove unsuccessful in resolving a confidentiality dispute between the Fee Examiner or a Permitted Recipient and a Professional, the Fee Examiner or Permitted Recipient may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the Meet and Confer Procedure. The burden of persuasion in any such challenge proceeding shall be on the Professional asserting confidentiality; and

13. Upon the entry of a final and non-appealable order by this Court approving a final fee application filed by any Professional, Fee Examiner Counsel will promptly destroy, delete (in the case of electronic materials), or deliver to the particular Professionals the Confidential Materials that they produced, without retaining any copy. Any oral information shall continue to be subject to the terms of this Disclosure Agreement and Protective Order.

This Disclosure Agreement and Protective Order shall govern with respect to all signatories hereto, including those that elect, after the date of this Order, to be a party thereto by filing an executed Disclosure Agreement and Protective Order. This Disclosure Agreement and Protective Order shall govern in the event that the Fee Examiner, the Fee Examiner Counsel, the U.S. Trustee or their representatives are requested (by oral questions, interrogatories, requests for information or documents, subpoena, or similar process) to disclose any information regarding the Confidential Materials or its dealing with the Professionals or their representatives.

Counsel to the Court-appointed Fee Examiner:

Dated: January 29, 2018

    /s/ *Katherine Stadler*
Katherine Stadler
Godfrey & Kahn, S.C

Counsel to:_____

Dated: _____

By: _____

Firm/Organization:_____

IT IS SO ORDERED:

Dated: March __, 2018.
       New York, New York

_____
UNITED STATES DISTRICT JUDGE

18587327.2

6

# Exhibit B

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** | **PROMESA**<br>**Title III** |
| **THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,** | **No. 17 BK 3283-LTS**<br>**(Jointly Administered)** |
| As a representative of | |
| **THE COMMONWEALTH OF PUERTO RICO** *et al.*, | Re: ECF No. 1416 |
| **Debtors.**[1] | |

## STIPULATED DISCLOSURE AGREEMENT AND PROTECTIVE ORDER

WHEREAS, acting pursuant to 48 U.S.C. § 2161, Rule 7026(c)(1) of the Federal Rules of Bankruptcy Procedure and Rules 502(a),(b),(d),(e),(f) and (g) and Rule 1101 of the Federal Rules of Evidence, the Fee Examiner appointed in the Title III cases of the Commonwealth of Puerto Rico and related entities (collectively, the "Debtors"), his counsel, Godfrey & Kahn, S.C. ("Fee Examiner Counsel"), the Debtors, the Official Committee of Unsecured Creditors, the Official Committee of Retirees of the Commonwealth of Puerto Rico, the Mediation Team constituted pursuant to the Order Appointing Mediation Team [Dkt. No. 430], and their respective professionals (the "Professionals") enter into this disclosure stipulation and protective order (the "Disclosure Agreement and Protective Order"):

WHEREAS this Disclosure Agreement and Protective Order supplements the *Order Pursuant to PROMESA Section 316 and 317 and Bankruptcy Code Section 105(A) Appointing a Fee Examiner and Related Relief* [Dkt. No. 1416] (the "Fee Examiner Order") at ¶ 9, which states:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

> If a professional or its client provides privileged or work product information to the Fee Examiner and identifies the nature of such information to the Fee Examiner, the Fee Examiner shall treat such information as confidential. The disclosure of such information to the Fee Examiner shall not be deemed to be a waiver by the disclosing party of any applicable work product, attorney client, or other privilege.

WHEREAS, an effective fee review process requires disclosure to the Fee Examiner and Fee Examiner Counsel of complete, unredacted billing records and other identified documents, communications, and information in the above captioned cases (the "Cases"), which documents, communications, and information may be otherwise subject to a claim of confidentiality, attorney-client privilege, and/or work-product protection;

WHEREAS, the Fee Examiner Counsel has requested that the Professionals provide unredacted copies of the billing records supporting their interim and final fee applications submitted by (and to be submitted by) the Professionals, detailed budgets, and certain other materials related to the Professionals' services in the Cases (collectively, the "Requested Information");

WHEREAS, the parties and their counsel remain fully committed to transparency and openness in the PROMESA proceedings while acknowledging the need, in the interests of professional responsibility, effective advocacy, and mediation confidentiality, for the limited confidentiality recognized by law;

WHEREAS, Fed. R. Bankr. P. 7026 permits the Court "for good cause" to issue a protective order;

WHEREAS, in consideration of, and as a condition to, the furnishing of the Requested Information by the Professionals, to the extent that such Requested Information may be legally entitled to protection and subject to the dispute resolution procedures outlined in paragraphs 11 and 12,below, Fee Examiner Counsel understands that it is required to and does agree, as set forth below, to treat the Requested Information confidentially and also to treat confidentially any written or oral information related thereto, whether furnished before or after the date of this Disclosure Agreement and Protective Order (collectively, the "Confidential Materials"), and to comply with the other provisions hereof;

WHEREAS, the disclosure of Confidential Materials pursuant to this Disclosure Agreement and Protective Order is not intended to waive any privilege or protection that may otherwise be asserted by or applicable to any Professionals, including the Fee Examiner and Fee Examiner Counsel;

WHEREAS, Professionals from time-to-time have distributed and/or filed, as the case may be, and expect to continue to distribute and/or file, applications for monthly, interim, or final compensation and reimbursement of expenses (the "Fee Requests");

WHEREAS, Fee Examiner Counsel hereby agrees that the Confidential Materials will be used solely by Fee Examiner Counsel and other Permitted Recipients (as defined below) to

2

review and evaluate the Fee Requests (the "Permitted Purpose") except to the extent that another use is authorized by Court order;

WHEREAS, the Fee Examiner Counsel further agrees that the Confidential Materials will be kept confidential by it and Permitted Recipients (as defined below);

WHEREAS, notwithstanding anything to the contrary contained herein, Fee Examiner Counsel shall not be permitted, without order of the Court, to disclose any of the Confidential Materials to any person or entity other than as authorized by this Disclosure Agreement and Protective Order;

WHEREAS, all Confidential Materials created or furnished pursuant to this Disclosure Agreement and Protective Order, regardless of the nature of the information contained therein, shall be held in segregated files by Fee Examiner Counsel, solely for purposes of evaluating the Fee Requests, except to the extent that another use is authorized by Court order, and subject to the Professionals' right to reasonably instruct Fee Examiner Counsel with respect to possession and control thereof;

WHEREAS, upon the entry of a final and non-appealable order by this Court approving any final fee application filed by any Professional, the Fee Examiner Recipients will promptly destroy, delete (in the case of electronic materials), or deliver to the particular Professionals the Confidential Materials that they produced, without retaining any copy. Any oral information shall continue to be subject to the terms of this Disclosure Agreement and Protective Order;

WHEREAS, the term "Confidential Materials" does not include information that (i) becomes generally available to the public other than as a result of a disclosure by the undersigned or their representatives or by or to any person in violation of this Disclosure Agreement and Protective Order, (ii) was available to the Fee Examiner, Fee Examiner Counsel, or the U.S. Trustee (defined below) prior to its disclosure by the Professional or its representatives, or (iii) becomes available to the Fee Examiner, Fee Examiner Counsel, or the U.S. Trustee from a source other than the Professional or its representatives, provided that such source is not bound by a legal, contractual, or fiduciary obligation with the Professional or its representatives; and,

WHEREAS, the Court has determined that it is in the public interest and in the interests of an effective and efficient fee review process for the above-referenced Requested Information related to the foregoing Fee Requests to be made available to Fee Examiner Counsel;

NOW, THEREFORE, upon consideration of the record and proceedings herein and the stipulation of the parties;

3

# **ORDER**

IT IS ORDERED AND DECREED, pursuant to Fed. R. Bankr. P. 7026(c) and Rules 502(a),(b),(d),(e),(f) and (g) and 1101 of the Federal Rules of Evidence, as follows:

1. The above recitals are true, correct, and incorporated herein;

2. Professionals submitting Requested Information to the Fee Examiner pursuant to the terms of this Disclosure Agreement and Protective Order shall clearly mark such materials "Confidential: Fee Examiner Attorneys' Eyes Only." In the event that a Professional fails to designate any materials or information as Confidential Materials, that Professional may make a subsequent designation by so notifying Fee Examiner Counsel in writing. In such event, Fee Examiner Counsel shall treat such materials and/or information as Confidential Materials thereafter;

3. Fee Examiner Counsel shall not give, show or make available the Confidential Materials to any person other than:

   a. The Fee Examiner, Fee Examiner Counsel's employees, partners or members with responsibility for Fee Examiner Counsel's review and evaluation of the Fee Requests (collectively, the "Fee Examiner Recipients"); or

   b. The United States Trustee or any person employed by the United States Trustee (collectively, the "U.S. Trustee") (each a "Permitted Recipient"); or

   c. Notwithstanding paragraph 3.(b.), above, Confidential Materials submitted to the Fee Examiner Counsel by the Mediation Team or its financial advisor shall not be provided to the U.S. Trustee.

4. All Confidential Materials created or furnished pursuant to this Disclosure Agreement and Protective Order, regardless of the nature of the information contained, shall be held in segregated files by Fee Examiner Counsel and by any Fee Examiner Recipient and Fee Examiner Counsel shall take commercially reasonable steps to ensure that the Confidential Materials are kept in strictest confidence in accordance with this Disclosure Agreement and Protective Order;

5. Confidential Materials shall be used solely for the Permitted Purpose except to the extent that another use is authorized by Court order;

6. Notwithstanding Paragraph 5 above, the U.S. Trustee may disclose any Requested Information or Confidential materials within the United States Trustee Program, within the U.S. Department of Justice;

7. By entering into this Disclosure Agreement and Protective Order and producing the Requested Information pursuant to this Disclosure Agreement and Protective Order, the Professionals shall not be deemed to have waived the attorney-client privilege and/or work-product or any other protection, or to have breached mediation confidentiality, with respect to the Requested Information relating to the foregoing Fee Requests;

8. By entering into this Disclosure Agreement and Protective Order and producing the Requested Information pursuant to this Disclosure Agreement and Protective Order, the Professionals shall not be deemed to have waived the attorney-client privilege and/or work-product protection, or to have breached mediation confidentiality, with respect to the Requested Information relating to any other past, present or future federal or state proceeding, whether judicial or administrative;

9. Subsequent designation in accordance with paragraph 2 hereof shall not be deemed a waiver of the confidential status of the subsequently-designated Confidential Materials;

10. No Confidential Materials may be filed with the Court unless they are filed under seal pursuant to Local Bankruptcy Rule 9018-1 and the District Court's Standing Order No. 9; ~~and~~

11. Should the Fee Examiner or a Permitted Recipient wish to challenge a confidentiality designation, the Fee Examiner or Permitted Recipient should confer directly with the Professional. In conferring, the Fee Examiner or Permitted Recipient should explain the basis for its belief that the confidentiality designation was not proper and should give the Professional an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Professional should respond to the challenge within five (5) business days (the "Meet and Confer Procedure");

12. Should the Meet and Confer Procedure prove unsuccessful in resolving a confidentiality dispute between the Fee Examiner or a Permitted Recipient and a Professional, the Fee Examiner or Permitted Recipient may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the Meet and Confer Procedure. The burden of persuasion in any such challenge proceeding shall be on the Professional asserting confidentiality; and

13. Upon the entry of a final and non-appealable order by this Court approving a final fee application filed by any Professional, Fee Examiner Counsel will promptly destroy, delete (in the case of electronic materials), or deliver to the particular Professionals the Confidential Materials that they produced, without retaining any copy. Any oral information shall continue to be subject to the terms of this Disclosure Agreement and Protective Order.

This Disclosure Agreement and Protective Order shall govern with respect to all signatories hereto, including those that elect, after the date of this Order, to be a party thereto by filing an executed Disclosure Agreement and Protective Order. This Disclosure Agreement and Protective Order shall govern in the event that the Fee Examiner, the Fee Examiner Counsel, the U.S. Trustee or their representatives are requested (by oral questions, interrogatories, requests for information or documents, subpoena, or similar process) to disclose any information regarding the Confidential Materials or its dealing with the Professionals or their representatives.

5

Counsel to the Court-appointed Fee Examiner:

Dated: January 29, 2018

    /s/ *Katherine Stadler*
Katherine Stadler
Godfrey & Kahn, S.C

Counsel to:_____

Dated: _____ ~~-~~

By: _____

Firm/Organization:_____

IT IS SO ORDERED:

Dated: ~~February~~March _____, 2018.
      New York, New York

_____
UNITED STATES DISTRICT JUDGE

~~18120932.9~~18587327.2

6

| | |
|---|---|
| **Summary report:** **Litéra® Change-Pro TDC 10.1.0.300 Document comparison done on 3/5/2018 12:32:53 PM** | |
| **Style name:** GKFirm | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://GKDMS2K8/Active/18120932/9 | |
| **Modified DMS:** iw://GKDMS2K8/Active/18587327/2 | |
| **Changes:** | |
| Add | 6 |
| Delete | 7 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 13 |