**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br>Debtors. | NO. 17-BK-3283 (LTS)<br><br>**Re: ECF No. 2710**<br><br>PROMESA TITLE III |

**<u>SUPPLEMENTARY MEMORANDUM IN COMPLIANCE WITH ORDER OF MARCH 9TH AND MARCH 13th, 2018</u>**

To the Honorable United States District Court Judge Laura Taylor Swain:

NOW COME plaintiffs' certified class in cases 02-1179 (GAG) <u>Gladys García Rubiera, et al. v. Hon. Luis G. Fortuño, et al</u>; and <u>Gladys García Rubiera, et al, v. Asociación de Suscripción Conjunta, et al</u>, Civil Number K DP2001-1441 (801), represented by the undersigned counsel and in accordance with the Orders of March 9th and March 13th, 2018, respectfully submit the present Supplementary Memorandum in support of their position for lift of stay under § 362(d)(1) of Title 11 U.S.C.

Prior to the drafting of this Memorandum, the parties exchanged positions with the purpose of trying to arrive at a consensual solution of the matter. The last telephone conference was held on March 13th, 2018. Also, a draft of this Memorandum was submitted previously to the Commonwealth attorney to advance plaintiffs' position.

**(I) WHETHER AND TO WHAT EXTENT THE COMMONWEALTH HAS "ESTABLISHED AND COMPLIED WITH" A CONSTITUTIONALLY SUFFICIENT NOTICE AND**

1

**REIMBURSEMENT PROCEDURE CONSISTENT WITH THE 2013 FIRST CIRCUIT DECISION, GARCIA-RUBERIA V. FORTUNO, 772 F.3D 102 (1ST CIR. 2013);**

As advanced in our motion for extension of time of March 12, 2018 (Docket No. 2706), the Commonwealth has not complied with a constitutional sufficient notice and reimbursement procedure consistent with the Constitution of the United States.

Th reimbursement procedure established under Law 230 of September 11, 2002, was found unconstitutional by the First Circuit Court of Appeals in <u>García Rubiera v. Fortuño</u>, 665 F3d 261 (2011), for failure to provide an adequate notice to the owners of their rights to receive reimbursement of their private property, i.e. double premiums. Under Law 230 of September 11th, 2002, and at least until year 2009, an amount more than $159,000,000.00 had been transferred from *the Asociación de Suscripción Conjunta del Seguro de Responsabilidad Obligatorio* (JUA) to the Secretary of the Treasury to be reimbursed to the vehicle owners. See <u>García Rubiera v. Fortuño</u>, 665 F3d 261, at 267. This amount has increased due to the transfers corresponding to the years 2009 and 2010.

A small amount, around nine (9) million dollars have been reimbursed under procedure 96, since it lacks sufficient notice provisions. See <u>García Rubiera v. Fortuño</u>, 665 F3d 261, at 267.

In <u>García Rubiera v. Fortuño</u>, 727 F3d. 102 (2013), the First Circuit Court of Appeals ordered a constitutionally sufficient notice procedure duplicate for the vehicle owners to recover their private property. Equally, it ordered that no duplicate premium was to escheat to the government pending such implementation of a constitutionally adequate procedure.

2

After the case was remanded on 2013, to the District Court for said purpose, the parties arrived at an stipulation that provided for such constitutionally sufficient notice procedure in case No. 02-1179(GAG), <u>García Rubiera et al. v. Fortuño</u>. The stipulation was filed on February 29, 2016 and approved on March 1st, 2016 (Docket No. 448). A settlement Stipulation and Judgment was also arrived in the parallel local case No. K DP2001-1441 on March 26th, 2016. The Stipulation and Judgment in the local case adopted the same notice and reimbursement procedure. It also provided for costs and attorney's fees coming out f the reimbursement in possession of the Commonwealth.

The implementation of the notice procedure requires a series of steps, including the design of an internet notice procedure, notice by regular mail and radio and newspaper notices.

While the parties were meeting and trying to work out the details of the agreed notice and reimbursement procedure agreed in their Stipulation their efforts were halted by the approval of PROMESA.

Therefore, except for a small amount of reimbursements, obtained thru Procedure 96 the reimbursements funds remain in possession of the Secretary, pending the carrying out of a constitutional proper notice and reimbursement procedure, which will last two years after the last newspapers notices are published.

**(II) WHETHER AND TO WHAT EXTENT THERE REMAIN POTENTIAL REFUND MONIES THAT HAVE NEITHER BEEN CLAIMED NOR ESCHEATED PURSUANT TO ACT 230;**

During the periods starting from September 2002 to 2008, an amount exceeding $157,000,000.00 were transferred by JUA to the Secretary, corresponding to the

3

premiums of the years 1998-2008(1). See 665 F3d at 267. Around 8 to 10 million dollars have been reimbursed pursuant Procedure 96. The rest remains under the possession of the Secretary that have not been escheated in accordance with the injunction of the court in case García Rubiera v. Fortuño, 725 F3d. 102 (2013) and the Stipulation and Judgment agreed by the parties in Gladys García Rubiera, et al. v. Hon. Luis G. Fortuño, et al, 02-1179 (GAG) on February 29th, 2016 and March 1st, 2016.

**(III) WHETHER ANY SUCH FUNDS HAVE BEEN HELD APART FROM THE COMMONWEALTH'S GENERAL FUND FOR APPLICATION TO LIABILITIES UNDER THE CLASS SETTLEMENT;**

The funds are under the temporary custody of the Secretary. See García Rubiera v. Calderón, 570 F.3d 443 (2009). The Secretary holds the funds as trustee, P.R. Laws Ann. tit. 26, § 8055(l). After JUA holds the reserve of the funds for two (2) years, it transfers the funds to the Secretary who will hold it for a term of five (5) years in trust to allow vehicle owners to seek reimbursement.

As stated in García Rubiera v. Fortuño, 665 F3d at 278:

Law 230 directs the Commonwealth to take into trust property belonging to plaintiffs for a statutorily prescribed period, during which it is required to administer that trust. P.R. Laws Ann. tit. 26, § 8055(*l*). The Commonwealth's status as trustee over the funds was conceded by all the parties in this case, and has been recognized repeatedly by both the district court and this court over the course of this litigation, *see* García–Rubiera, 570 F.3d at 452 ("Furthermore, upon transfer to the Secretary, Law 230 requires the Secretary to hold the duplicate premiums in a fiduciary capacity." (citing P.R. Laws Ann. tit. 26, § 8055(1) ("The Secretary of the Treasury shall retain these funds as *trustee* ...."))); *id.* (comparing the funds entrusted to the Commonwealth to "funds held in trust in an IOLTA account or an interpleader account"); García–Rubiera, 752 F.Supp.2d at 184, 188–89; García–Rubiera, 516 F.Supp.2d at 191 n. 14 ("Therefore, it appears that the trust continues even after the Secretary has transferred the money to the General Fund."); *id.* at

---

1 The amounts increases to around $179,000,000.00 if the duplicate premiums for the years 2009 and 2010 are added.

4

198 (directing the Commonwealth to cease its acquisition of any interest accrued on the duplicate payments).

It has been represented that the funds are segregated for accounting purposes in the General Fund. Any transfer of the funds to the general fund without preserving the rights of plaintiffs' class would have been unconstitutional. Asociación De Suscripción Conjunta Del Seguro De Responsabilidad Obligatorio v. Flores Galarza, 484 F.3d 1 (1st Cir. 2007).

**(IV) WHETHER PARTIAL RELIEF FROM STAY TO PERMIT THE PARTIES TO SEEK DETERMINATIONS FROM THE DISTRICT COURT ON ANY OR ALL OF THESE ISSUES IS APPROPRIATE.**

In view of the above discussion, there is no reason to seek any determination in the District Court and, therefore, no need for a partial lift of stay. At this stage, what remains is the implementation of the notice and claim procedure in order that vehicle owners may exercise their right to claim and receive their double premiums.

**WHEREFORE** it is respectfully requested from the Honorable Court that the lift of stay be granted, and plaintiffs' class be allowed to execute the Stipulation and Judgment in all its terms.

**RESPECTFULLY SUBMITTED**

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 21st, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and parties in the Master Service List.

In San Juan, Puerto Rico, March 21st, 2018.

5

| | |
|---|---|
| *s/ Antonio J. Amadeo Murga* <br> USDC-PR No. 110103 <br> A.J. AMADEO MURGA LAW OFFICES <br> 1225 Ponce de León, Ave. <br> Ste. 904 <br> San Juan, PR 00907 <br> Tel. (787)764-0893 <br> ajaamadeo@gmail.com | *s/ Mario M. Oronoz Rodríguez* <br> USDC-PR No. 120606 <br> ORONOZ & ORONOZ <br> Urb. Torrimar, K-4 Bambú St. <br> Guaynabo, PR 00966-3109 <br> Tel. (787)294-5255 <br> mmo@oronozlaw.com |

6