UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-----------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

-----------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO

    Debtor.

-----------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

**Re: ECF Nos. 2697, 2710**

(Jointly Administered)

PROMESA
Title III

No. 17 BK 3283-LTS

**This Supplemental Brief relates only to the Commonwealth and shall only be filed in the lead Case No. 17 BK 3283-LTS.**

## SUPPLEMENTAL BRIEF AND DECLARATION IN COMPLIANCE WITH MARCH 9, 2018 COURT ORDER

The Commonwealth of Puerto Rico (the "Commonwealth") respectfully submits this Supplemental Brief and Declaration (the "Supplemental Brief"), pursuant to the Court's *Order Directing Supplemental Briefing of Motion Requesting Relief of Stay Under Section 362(D)(1) of The Bankruptcy Code* [ECF No. 2697], in support of its position requesting this Court deny the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Motion Requesting Relief of Stay Under 362(d)(1) of the Bankruptcy Code* [ECF No. 2434] (the "Motion") filed by the certified class (collectively, "Movants") in the cases captioned *Gladys García Rubiera, et al. v. Hon. Luis G. Fortuño, et al,* Case No. 02-1179 (GAG) before the United States District Court for the District of Puerto Rico, and *Gladys García Rubiera, et al, v. Asociación de Suscripción Conjunta, et al.,* Civil Number K DP2001-1441 before the Puerto Rico First Instance Court (collectively, the "Prepetition Actions"), to which the Commonwealth filed a timely objection on February 21, 2018 [ECF No. 2570] (the "Objection").[2]

## PRELIMINARY STATEMENT

1. On February 7, 2018, Movants filed the Motion seeking relief from the stay and the enforcement of two stipulations between the Movants and the Commonwealth entered into prior to the commencement of this Title III case.

2. The Motion is a claim by prepetition, unsecured creditors seeking preferential treatment to collect on their prepetition claims against the Commonwealth to the detriment of other creditors of the Commonwealth and without any determination as to whether such claims should be allowed, impaired or discharged in the Title III proceeding.

3. On March 9, 2018, the Court directed the parties to file supplemental briefs and declarations addressing various issues enumerated in the Order by March 16, 2018 at 5:00 p.m. (AST), and simultaneous supplemental replies by March 23, 2018 at 5:00 p.m. (AST), which deadlines were extended to March 23, 2018 at 5:00 p.m. (AST) and March 30, 2018 at 5:00 p.m. (AST) [ECF No. 2710]. Additionally, the Court extended the automatic stay for 30 days to enable

---

[2] The Financial Oversight and Management Board for Puerto Rico, as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Department of Justice to file this Supplemental Brief on behalf of the Commonwealth.

2

the parties to brief the foregoing questions and the Court to address the issue of stay relief in light of the additional briefing.

4. In an effort to avoid further litigation costs and expenses in the District Court, the Commonwealth, with the consent of the Oversight Board, engaged with Movants to clarify the manner in which the issues would be addressed and, if possible, resolve the Motion consensually. The last telephone conference was held on March 13, 2018.

5. The Commonwealth is prepared to consent to a modification of the stay to proceed with the notice and insurance premium claims resolution process developed in civil case K DP2001-1441(801) (which discussions with Movants were in the advanced stages when the case was stayed upon the filing of the Title III case under PROMESA), provided that the stay would remain in place with respect to the payment of the reimbursements. The foregoing is **without prejudice** to Movants' rights to seek further relief from this Court, including the treatment of their claims arising from the Prepetition Actions under a plan of adjustment or otherwise in the Title III Case.³ *See Ambac Assurance Corp. v. Commonwealth of P.R.*, 17-AP-159-LTS (D.P.R. Feb. 27, 2018) [ECF No. 156] ("Such lien-related issues may ripen in other respects in the future in connection, for instance, with claims and objections to claims, and litigation concerning confirmation of a plan of adjustment."); Id. ("Plaintiff has not suffered a concrete injury, as its rights, and any impairment of those rights, will not be determined until a plan of adjustment is proposed.")

---

³ The Commonwealth reserves the right to object to the Movants' claim to the funds held by the Commonwealth, as the Commonwealth asserts that such claims should be presented by an adversary proceeding, as they involve a "proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee". See Fed. R. Bankr. P. 7001(2), made applicable to this case by section 310 of PROMESA. 48 U.S.C. § 2170.

6. Although a consensual resolution to the Motion could not be reached, the parties discussed the four issues identified by the Court and agreed, in general terms, with respect to the answers to the issues submitted by the Court as discussed by this Supplemental Brief and the *Supplementary Memorandum In Compliance With Order Of March 9th And March 13th, 2018* filed by Movants on March 21, 2017 [ECF No. 2777], which draft was submitted in advance to the Commonwealth.

## **SUPPLEMENTAL BRIEF AND DECLARATION**

**(I) Whether And To What Extent The Commonwealth Has "Established And Complied With" A Constitutionally Sufficient Notice And Reimbursement Procedure Consistent With The 2013 First Circuit Decision, *Garcia- Rubiera v. Fortuno*, 772 F.3d 102 (1st Cir. 2013).**

7. Prior to the commencement of the Commonwealth's Title III proceeding, the parties were in the process of implementing the notice of reimbursement procedures in compliance with the guidelines set forth in *Garcia- Rubiera v. Fortuno*, 772 F.3d 102 (1st Cir. 2013), as agreed in *García Rubiera et al. v. Fortuño,* Case No. 02-1179 (GAG), in which a settlement Stipulation and Judgment was executed. A settlement Stipulation and Judgment was also executed in the parallel state case *García Rubiera v. ELA,* KDP2001-1441(801) that included similar, if not identical, notification procedures as the agreed procedures in the federal action, *Garcia- Rubiera v. Fortuno*.[4] To avoid unnecessary duplication of notification procedures, the parties agreed to proceed with only one notification process for both cases. *See Garcia- Rubiera v. Fortuno*, Civil No. 2002-1179 [ECF No. 446].

8. The stipulations of both the federal and state cases specified the manner and form of notices to be provided to the class members and the procedure for class members to request

---

[4] Because the defendants in the federal action were sued only in their official capacities, and the Commonwealth was one of two defendants in the state case, and the plaintiff class was the same in both the state and federal cases, the parties engaged in concurrent negotiations to settle both cases.

4

reimbursements for unclaimed funds retained by the Commonwealth relating to duplicate payments made by class members that purchased private insurance and also paid compulsory insurance. Prior to the filing of this Title III case, the parties were in advanced discussions regarding the notification list and the Internet Portal developed by the Treasury Department, which were the only remaining outstanding items to be finalized before implementing the notification process. All of the various notices (regular mail, radio, and newspaper) are drafted but have not been delivered.

**(II)     Whether And To What Extent There Remain Potential Refund Monies That Have Neither Been Claimed Nor Escheated Pursuant To Act 230.**

9.      The Commonwealth, as of March 15, 2018, has a reserve account with a balance of $76.1 million that corresponds to unclaimed money from 2006 to present. As detailed in the Objection, funds received before 2006 are property of the Commonwealth and funds received after 2006 are deposited into a "reserve account" for accounting purposes.[5] The 2006 cutoff date stems from an injunction that prevented the Commonwealth from transferring unclaimed funds to the General Fund "until it has established and complied with a reimbursement procedure which meets the basic requirements of constitutional due process." *García-Rubiera v. Fortuño*, 727 F.3d 102, 117 (1st Cir. 2013).

According to Act 230-2002:

> The Joint Underwriting Association shall transfer to the Secretary of the Treasury the funds designated in its annual statement as "Funds Retained by the Insurer Belonging to Others". The Joint Underwriting Association shall transfer those amounts that represent the items that on the close on December 31 have remained in its books for more than two (2) years counting from the date on which the premiums were collected through the [issuance] or renewal of a motor vehicle license. Said transfers shall be made annually by March 30 of the year following

---

[5] Courts in this district have found that funds held in similar capacities are property of such debtor's estate, as the debtor retains a legal interest over such funds. *See In re Maxon Eng'g Servs., Inc.*, 332 B.R. 495, 500 (Bankr. D.P.R. 2005).

the close to which the transfer corresponds. 26 LPRA 8055 (m). Then, the Secretary of the Treasury shall retain the funds transferred by the Joint Underwriting Association in its fiduciary capacity for a five (5)-year term counting from the date in which the retained funds are transferred by the Joint Underwriting Association to the Secretary of the Treasury. Once five (5) years have elapsed without the consumer claiming the retained funds, these shall become property of the Commonwealth of Puerto Rico and they shall be transferred to the General Fund of the Commonwealth Treasury.

26 L.P.R.A. § 8055.

10. Pursuant to Act 230-2002, in March 2013, the Joint Underwriting Association transferred to the Secretary of the Treasury retained funds for the 2010 period. Furthermore, in March 2013, the Secretary of the Treasury transferred to the General Fund of the Commonwealth Treasury retained funds for the 2005 period (which the Treasury received in March 2008). The funds for the period from 2006 to 2010 are held by the Commonwealth in a reserve account.

**(III) Whether Any Such Funds Have Been Held Apart From The Commonwealth's General Fund For Application To Liabilities Under The Class Settlement.**

11. As noted above, the funds received during the period from 2006 to 2010 were segregated for accounting purposes, as well as the funds received after 2010. Notwithstanding, for purpose of the federal and state cases, the class is limited to the vehicle owners in the Commonwealth of Puerto Rico who, **between the years 1998 and 2010**, paid compulsory insurance premiums while maintaining valid private insurance. The Commonwealth, as of March 2018, has a reserve account with a balance of $76.1 million that corresponds to unclaimed money from 2006 to the present.

**(IV) Whether Partial Relief From Stay To Permit The Parties To Seek Determinations From The District Court On Any Or All Of These Issues Is Appropriate.**

12. The Commonwealth agrees with Movants that, in view of the above discussion, there is no reason to seek any determination in the District Court. However, the Commonwealth disagrees with the extent of Movants' requested relief—as previously noted, the Commonwealth would be agreeable to modify the stay in order to proceed with the notification and insurance

premium claims resolution process agreed to in civil case K DP2001-1441(801), provided that the stay would remain in place with respect to the payment of any reimbursements.

## CONCLUSION

13. As previously noted, good faith efforts were made to reach an agreement with the Movants to submit a joint motion seeking the modification of the stay to the limited extent as noted above. However, the parties have been unable to reach an agreement at the present time. While the Commonwealth submits that Movants' request to lift the stay should be denied for the reasons set forth in the Objection, the Commonwealth does not object to a partial modification of the Title III stay in order to proceed with the notification and insurance premium claims resolution process, provided that the stay remains in place with respect to the payment of any reimbursements. The proposal is **without prejudice** to Movants' rights to seek further relief from this Court, including the treatment of their claims arising from the Prepetition Actions under a plan of adjustment or otherwise in the Title III cases.

14. Nothing contained in this Supplemental Brief should be construed as a waiver or modification of the Title III Stay to allow the prosecution against the Commonwealth of any claim by anyone other than Movants as provided for herein, and the Commonwealth reserves all rights, defenses, and protections with respect to any other motions for relief of stay or any other matters pending in the Commonwealth's Title III case. The Commonwealth further reserves its rights with respect to any claim currently pending in the Prepetition Action or hereinafter asserted by Movants, including any claims for damages. As a potential prepetition, unsecured creditor of the Commonwealth, Movants' claims for reimbursement are subject to the claim resolution process that will be undertaken in the Title III case.

Dated: March 23, 2018.
San Juan, Puerto Rico

Respectfully submitted,

**WANDA VÁZQUEZ GARCED**
Secretary of Justice

*/s/ Wandymar Burgos Vargas*
**WANDYMAR BURGOS VARGAS**
USDC 223502
Deputy Secretary in Litigation
Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Phone: 787-721-2940 Ext. 2500, 2501
wburgos@justicia.pr.gov

*Attorneys for the Commonwealth of Puerto Rico*