UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:                                                              PROMESA
                                                                    Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of                              No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO,                                    (Jointly Administered)
et al.,

                Debtors.[1]

------------------------------------------------------------x

MEMORANDUM ORDER DENYING MOTION OF LUISA MURRAY SOTO
FOR RELIEF FROM AUTOMATIC STAY (DOCKET ENTRY NO. 2607)

      Before the Court is a motion filed by Luisa Murray Soto, pro se (the "Movant" or "Soto") for relief from the automatic stay imposed by the filing of the above-captioned Title III case in an administrative case against the Puerto Rico Office of Management and Budget ("PR-OMB") pending before the Commonwealth's Appellate Commission for Public Service in which Movant challenges the pre-petition denial of a salary increase. Soto's pending action (the "Lawsuit") is captioned Luisa Murray Soto v. Oficina de Gerencia y Presupuesto, case number

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

2016-04-1109. The PR-OMB is an agency of the Commonwealth (the "Debtor"). For the following reasons, the Motion is denied.

### BACKGROUND

Movant, the named Plaintiff in the Lawsuit seeks leave to continue to prosecute the Lawsuit. (See Case No. 17-3283, Docket Entry No. 2607, Motion Requesting Consideration Relief From Automatic Stay with Movant Certification (the "Motion"), ¶ 1, 3-4.) In the Lawsuit, Movant challenges the PR-OMB's allegedly improper denial to Movant of compensation in the form of a three-year raise based on Movant's position as an auditor of the PR-OMB. (Id. ¶ 4.) Movant asserts in the Motion that the Lawsuit "would result in a complete resolution of the issue" and that the "administrative case is not a preliminary phase." (Id. at p. 4.)

On March 12, 2018, the Debtor filed its objection (the "Debtor's Objection") to the Motion. (Docket Entry No. 2704.) The Debtor argues that the Motion must be denied for several reasons, including interference with the Debtor's ability to formulate and implement procedures for efficient management of pending litigation and the claims process; potential negative impacts on the Debtor's fiscal plan and budget; and burdens on Debtor resources that would be occasioned by resumption of the litigation of the Lawsuit. In addition, the Debtor argues that Lawsuit is in its preliminary stage and not trial ready. Discovery, pretrial motion practice and hearings, preparation of pretrial statements and other hearings and filings remain to be completed before the Lawsuit is trial ready. In her reply to the Debtor's Objection, (the "Movant's Reply," Docket Entry No. 2713) Movant disputes the Debtor's characterization of the status of the Lawsuit and asserts that the Lawsuit "is in advanced enough stage that the matter could be resolved via a Motion for Summary Judgment; thus, demonstrating that the

interests of judicial economy, and of the expeditious resolution of the claim" would be served by stay relief. (Movant's Reply, ¶ 10.) The Court has reviewed the submissions carefully.

DISCUSSION

Section 362(a) of the Bankruptcy Code, made applicable by Section 301(a) of PROMESA, 48 U.S.C. § 2161, imposes an automatic stay on "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . ." 11 U.S.C. § 362(a)(1); see also PROMESA § 301(a). Section 362(d)(1) of Title 11 of the United States Code, also made applicable in these proceedings by Section 301 of PROMESA, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," "whether litigation in another forum would prejudice the interests of other creditors," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

These Sonnax criteria do not weigh in Movant's favor with respect to the continuation of the Lawsuit. Continuation of the Lawsuit, which is not trial ready, would not

necessarily result in an expeditious resolution of Movant's claims. As a potential unsecured claim against the Debtor, it has a connection to this Title III debt adjustment proceeding. Indeed, Movant's claim and any attendant factual issues relevant to relief can be adjudicated within the context of this Title III proceeding. Separate litigation of the claim outside of the claims resolution process would divert the Debtor's resources and encourage other such applications, resulting in interference with the Title III case. Relief from stay to continue the Lawsuit thus would not serve the interests of judicial economy or the economical resolution of Movant's dispute with the PR-OMB. Furthermore, the hardship to the Debtor of devoting its legal resources to litigation of a compensation claim outweighs the burden on Movant of delay of resolution of her claim, a burden which is shared with other creditors.

## CONCLUSION

For the foregoing reasons, Movant's motion is denied and the automatic stay continues in place. See 11 U.S.C. § 362(a). This Memorandum Order resolves docket entry no. 2607 in case no. 17-3283.

SO ORDERED.

Dated: March 26, 2018

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:
Luisa Murray Soto
3 Carr 784 Apt 3201
Caguas, PR 00727