UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>        DEBTORS | PROMESA<br>TITLE III<br><br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY ("PREPA")<br><br>        DEBTOR | PROMESA<br>TITLE III<br><br><br>No. 17 BK 4780-LTS |

LIFT STAY NOTICE

TO COUNSELS:

    COMES NOW creditor, Isla del Río, Inc., through its undersigned counsel and very respectfully states and prays:

    1. Pursuant to Paragraphs III.Q and III.U of Section III (Scheduling) of the Case Management Procedures, as amended by Order Further Amending Case Management Procedures (docket no. 1512), and subject to Paragraphs III. F and III.T, at least fifteen (15) business days prior to filing a Stay Relief Motion to continue a prepetition ordinary course civil action against a Debtor, the movant shall contact counsel for the Oversight Board and AAFAF by electronic-mail

Motion for Lift of Stay
*Puerto Rico Electric Power Authority v. Isla del Río, Inc. et al*
KEF2008-0340; KEF2008-0341; KEF2008-0344;
KEF2008-0345; KEF2008-0348; and KEF2012-0388

to advise them of the movant's intent to seek relief from the automatic stay (the "Lift Stay Notice" and the notice period, the "Lift Stay Notice Period").

2. The Lift Stay Notice shall include (i) the identity of the movant and its contact information, (ii) the claim(s), lawsuit(s), or other proceeding(s) for which movant seeks relief from the automatic stay, including the relevant case number and court information, (iii) the amount of the claim(s) and the asserted causes of action, (iv) a brief description of the status of the underlying claim(s), lawsuit(s), or proceeding(s), and (v) cause as to why the stay should be lifted.

3. If (i) the Debtors disagree with the movant's request for relief from the automatic stay and/or (ii) the Lift of Stay Notice Period expires without the parties reaching an agreement governing the scope of the relief from the automatic stay, then the movant may file a Stay Relief Motion pursuant to Case Management Procedures. Such Stay Relief Motion must include a certification that the movant has met and conferred with the Debtors regarding the requested relief.

4. Movant, Isla del Río, Inc., in compliance with the above mentioned Order Further Amending Case Management Procedures, submits an unsworn statement under penalty of perjury certifying the undersigned counsel has taken the necessary steps to confer and/or meet Debtor's counsel and no agreement was reached. See Exhibit I.

**I. INTRODUCTION**

5. On July 2, 2017, Debtor, Puerto Rico Electric Power Authority (hereinafter "PREPA") by its representative and pursuant to section 315 of the Puerto Rico Oversight, Management, and Economic Stability Act (hereinafter "PROMESA"), the Financial Oversight and Management

Motion for Lift of Stay
*Puerto Rico Electric Power Authority v. Isla del Río, Inc. et al*
KEF2008-0340; KEF2008-0341; KEF2008-0344;
KEF2008-0345; KEF2008-0348; and KEF2012-0388

Board for Puerto Rico filed a voluntary petition in the United States District Court for the District of Puerto Rico under Title III of PROMESA seeking relief from creditors.

6. PREPA has six eminent domain cases pending final disposition at the Puerto Rico Court of First Instance in San Juan, courtroom with expertise in eminent domain, against creditor, Isla del Río, Inc. (hereinafter "Isla del Río"), *Puerto Rico Electric Power Authority v. Isla del Río, Inc, et al*, civil case no. KEF2008-0340; *Puerto Rico Electric Power Authority v. Isla del Río, Inc, et al*, civil case no. KEF2008-0341; *Puerto Rico Electric Power Authority v. Isla del Río, Inc, et al*, civil case no. KEF2008-0344; *Puerto Rico Electric Power Authority v. Isla del Río, Inc, et al*, civil case no. KEF2008-0345; *Puerto Rico Electric Power Authority v. Isla del Río, Inc, et al*, civil case no. KEF2008-0348; and *Puerto Rico Electric Power Authority v. Isla del Río, Inc, et al*, civil case no. KEF2012-0088. On August 18, 2017, PREPA filed a motion at the state court requesting the automatic stay of the proceedings pursuant to sections 362(a) and 922(a) of the Bankruptcy Code, as incorporated by reference under section 301(a) of PROMESA.

**II. BACKGROUND**

7. Except for case case no. KEF2012-0088, all of the above mentioned cases were filed by PREPA on June 17, 2008; case no. KEF2012-0088 was filed on April 27, 2012. All of the cases in reference were eminent domain cases filed by PREPA against Isla del Río, Inc. to acquire various wright-of-way to build a liquefied natural gas pipeline which became known as the Gasoducto del Sur. In all of the cases PREPA desisted from the taking and the trial to determine severance damages according to section 5(d) of the Law of Eminent Domain, 32 L.P.R.A. 2910,

Motion for Lift of Stay
*Puerto Rico Electric Power Authority v. Isla del Río, Inc. et al*
KEF2008-0340; KEF2008-0341; KEF2008-0344;
KEF2008-0345; KEF2008-0348; and KEF2012-0388

which provides that when a petitioner desists of the taking, the title of the property or interest taken reverts to the former owners and "the former owners of said properties may claim in the same proceeding by which title thereto has been acquired, any damages caused by said taking and the subsequent desistance in whole or in part from such taking", the trial was never held even though the pre-trial conference was held, and the parties were ready for trial, due to the fact that Isla del Río, Inc. made a transactional offer that was never answered by PREPA. A transactional letter sent to PREPA on March 17, 2016, and attached as Exhibit II, itemizes in a chart the most relevant elements of the transactional offer to determine the damages, as calculated by Isla del Río's expert witness, the parties with interest are willing to accept in order to reach a transactional agreement. The amount of damages were calculated as of March of 2016 and must be updated. As of March of 2016 the net amount of damages to be received by Isla del Río would have been $302,432.06.

It is worth mentioning that case no. KEF2012-0088 is a continuation of case no. KEF2008-0344, however, the state court assigned a different number. Both refer to the same wright-of-way and the same plot of land.

### III. APPLICABLE LAW

8. Section 362(d)(1) of the Bankruptcy Code (11 U.S.C. §362(d)(1)) reads as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -- (1) for cause, including the lack of adequate protection of an interest in property of such party in interest…

Motion for Lift of Stay
*Puerto Rico Electric Power Authority v. Isla del Río, Inc. et al*
KEF2008-0340; KEF2008-0341; KEF2008-0344;
KEF2008-0345; KEF2008-0348; and KEF2012-0388

9. The courts examine numerous different factors, including those set forth in <u>In re Sonnax Indus.</u>, *907 F.2d 1280* to determine whether "cause" exists to grant relief from stay. The twelve factors adopted by the court in <u>Sonnax</u> are:

> (1) whether relief would result in partial or complete issue resolution; (2) lack of connection with or interference with bankruptcy case; (3) whether other proceeding involves debtor as fiduciary; (4) whether specialized tribunal with necessary expertise has been established to hear cause of action; (5) whether debtor's insurer has assumed full defense responsibility; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice interests of other creditors; (8) whether judgment claim arising from other action is subject to equitable subordination; (9) whether movant's success in other proceeding would result in a judicial lien avoidable by debtor; (10) interests of judicial economy and expeditious and economical resolution of litigation; (11) whether parties are ready for trial in other proceeding; (12) impact of stay on parties and balance of harms. <u>In re Sonnax Inds.</u>, *supra, at 1287* citing <u>In re Curtis</u>, *40 Bankr. 795, 799-800 (Bankr. D. Utah 1984)*.

Other courts have established that the <u>Curtis</u> moving party "need not prove a plurality of *Curtis* factors before it has shown cause existed for lifting the stay." <u>Goya Foods v. Unanue-Casal (In re Unanue-Casal)</u>, *159 B.R. 90, 96 (1993).* Some courts have relied on only a few factors to determine that sufficient cause existed to lift the stay. See, e.g., <u>In re Unioil</u>, *54 Bankr. 192, 194-195 (Bankr. D. Colo. 1985)* (court considered five factors such as resolution of the issues, lack of connection with the bankruptcy case, judicial economy and balance of hurt). See also <u>In re Highcrest Management Co., Inc.</u>, *30 Bankr. 776, 778-779 (Bankr. S.D. N.Y. 1983).* (court considered only the debtor's misconduct, without any *Curtis* factors).

The court in <u>Goya Foods v. Unanue-Casal (In re Unanue-Casal)</u>, *supra, at 96* correctly

5

Motion for Lift of Stay
*Puerto Rico Electric Power Authority v. Isla del Río, Inc. et al*
KEF2008-0340; KEF2008-0341; KEF2008-0344;
KEF2008-0345; KEF2008-0348; and KEF2012-0388

stated that "the question of what is cause . . . is developed primarily by case law." In other words, the determination of cause is made on a case by case basis.

10. Article II, section 9, of the Constitution of the Commonwealth of Puerto Rico, P.R. Const. Art. II, § 9, states that ***"private property shall not be taken or damaged for public use except upon payment of just compensation and in the manner provided by law."*** (Emphasis added).

11. The Takings Clause of the Fifth Amendment mandates that ***"private property [shall not] be taken for public use, without just compensation."*** U.S. Const. amend. V. This amendment is made applicable to the states, and thus to municipalities, through the Fourteenth Amendment. U.S. Const. amend. XIV. <u>In re City of Detroit</u>, *524 B.R. 147, 268 (Bankr. E.D. Mich. 2014)* citing <u>Dolan v. City of Tigard</u>, *512 U.S. 374, 383, 114 S. Ct. 2309, 129 L. Ed. 2d 304 (1994)*; <u>Penn Cent. Transp. Co. v. City of N.Y.</u>, *438 U.S. 104, 122, 98 S. Ct. 2646, 57 L. Ed. 2d 631 (1978)*.

12. In <u>First English Evangelical Lutheran v. Los Angeles</u>, *482 U.S. 304, 315-16 (1987)*, the Supreme Court of the United States stated regarding the Fifth Amendment:

> This basic understanding of the Amendment makes clear that it is designed not to limit the governmental interference with property rights *per se,* but rather to secure *compensation* in the event of otherwise proper interference amounting to a taking. Thus, government action that works a taking of property rights necessarily implicates the "constitutional obligation to pay just compensation." <u>Armstrong v. United States</u>, <u>364 U.S. 40</u>, 49 (1960).
>
> We have recognized that a landowner is entitled to bring an action in inverse condemnation as a result of "'the self-executing character of the constitutional provision with respect to compensation. . . .'" <u>United States v. Clarke</u>, *445 U.S. 253, 257 (1980)*, quoting 6 P.

6

Motion for Lift of Stay
*Puerto Rico Electric Power Authority v. Isla del Río, Inc. et al*
KEF2008-0340; KEF2008-0341; KEF2008-0344;
KEF2008-0345; KEF2008-0348; and KEF2012-0388

Nichols, Eminent Domain § 25.41 (3d rev. ed.1972).

13. The Fourteenth Amendment of the United States Constitution provides that ***"nor shall any State deprive any person of life, liberty, or property, without due process of law."*** (Emphasis added). U.S. Const. amend. XIV. The limitations of the Fifth Amendment also apply, through the Due Process Clause of the Fourteenth Amendment, to takings by state governments and their subdivisions. See, e.g., <u>Lucas v. S.C. Coastal Council</u>, 505 U.S. 1003 (1992). Consequently, the Fifth Amendment is applicable to municipal debtors, and a municipal debtor may not take property without just compensation.

14. The Supreme Court of the United States has addressed the takings issue in the context of bankruptcy on several occasions, holding each time that the bankruptcy power is limited by the Fifth Amendment. See <u>United States v.Security Indus. Bank</u>, 459 U.S. 70, 75, 78 (1982); <u>Wright v. Vinton Branch of Mtn. Trust Bank</u>, 300 U.S. 440, 456-58 (1937); <u>Louisville Joint Stock Land Bank v. Radford</u>, 295 U.S. 555, 589 (1935). The protections afforded by the Fifth Amendment are not abrogated by the Bankruptcy Code. The legislative history of the Bankruptcy Code indicates that the drafters of the Bankruptcy Code considered the Fifth Amendment to be a limitation upon the impairment of property rights in bankruptcy, and current bankruptcy law gives great deference to property rights. Julia Patterson Forrester, Bankruptcy Takings, 51 Fla. L. Rev. 851, 863 (Dec. 1999).

15. Section 5(d) of the Law of Eminent Domain, 32 L.P.R.A. 2910, provides that when a petitioner desists of the taking, the title of the property or interest taken reverts to the former owners and "the former owners of said properties may claim in the same proceeding by which title thereto has been acquired, any damages caused by said taking and the subsequent desistance in whole or

Motion for Lift of Stay
*Puerto Rico Electric Power Authority v. Isla del Río, Inc. et al*
KEF2008-0340; KEF2008-0341; KEF2008-0344;
KEF2008-0345; KEF2008-0348; and KEF2012-0388

in part from such taking".

16. In <u>Culebra Enterprises Corp. v. ELA</u>, 143 DPR 935 (1997) and in <u>Hampton Development Corp. v. ELA</u>, 139 DPR 877 (1996) the Puerto Rico Supreme Court recognized the figure of damages caused by a temporary taking. According to these cases, the compensation comprises the value in use of the property during the time the State deprived owners of their use.

## IV. DISCUSION AND ARGUMENT

17. In the cases at hand, Isla del Río submits that the automatic stay should be modified to allow the state court proceedings to continue to determine the amount of damages caused by the taking and the subsequent desistance.

Of the twelve factors adopted by the court in <u>Sonnax</u> to determine if cause exists to grant relief from stay at least six weigh in favor of Isla del Río.

First, whether relief would result in partial or complete issue resolution and second, whether specialized tribunal with necessary expertise has been established to hear cause of action. Isla del Río has six cases of eminent domain pending final disposition at the Puerto Rico Court of First Instance in San Juan, courtroom with expertise in eminent domain, filed by PREPA in which Isla del Río made a transactional offer and no answer was received. The Pre-Trial Conference was held in all cases and Isla del Río requested the cancellation of the trial until PREPA could resolve certain internal issues that had caused a destabilization of PREPA. PREPA's attorney then, Mrs. Torres Cartagena, agreed and informed that the parties with interest had submitted a transactional offer in all of the cases were Isla del Río was a party. The court suspended the trial hearings emphasizing that PREPA should present an action plan. After various delays for different reasons

8

Case:17-03283-LTS Doc#:2811 Filed:03/26/18 Entered:03/26/18 16:34:49 Desc: Main
Document Page 9 of 11

Motion for Lift of Stay
*Puerto Rico Electric Power Authority v. Isla del Río, Inc. et al*
KEF2008-0340; KEF2008-0341; KEF2008-0344;
KEF2008-0345; KEF2008-0348; and KEF2012-0388

took place, the transactional offer made by Isla del Río for all the cases were Isla del Río was a party was never answered by PREPA. The trial hearings were never rescheduled. The cases are all mature and ready for a trial and/or a transaction.

Third, lack of connection with or interference with bankruptcy case. The resolution of Isla del Río cases at the state court will not interfere with the Title III case since there is no relationship between the issues and/or controversies. On June 10th, 2017 Sucesión Pastor Mandry Mercado, represented by the undersigned counsel, requested a relief from automatic stay for an inverse condemnation case stayed by the Commonwealth of Puerto Rico (hereinafter "Debtor") pursuant to sections 362(a) and 922(a) of the Bankruptcy Code, as incorporated by reference under section 301(a) of PROMESA, were the only issue pending was the determination of just compensation (docket no. 305). Debtor opposed the request from relief from stay and the Court lifted the stay to allow the litigation to proceed to a determination of damages *prior* to the entry of judgment (Memorandum Order, docket no. 600). Moreover, the Court stated that "allowing the Litigation to proceed would not interfere with the Title III case." (Memorandum Order, page 3, ¶2).

Fourth, whether litigation in another forum would prejudice interests of other creditors. The litigation between PREPA and Isla del Río at the state courtroom with expertise in eminent domain has no direct or indirect effect on any of PREPA's creditors.

Fifth, the interests of judicial economy and expeditious and economical resolution of litigation. PREPA's Legal Division would be responsible for handling the litigation at the state court and/or submit an answer to the transactional offer made by Isla del Río. However, the transactional offer must be updated to include interest from the date the voluntary dismissal was granted until today. Thus, the only litigation expense will be for PREPA to hire an appraiser as

9

Case:17-03283-LTS Doc#:2811 Filed:03/26/18 Entered:03/26/18 16:34:49 Desc: Main
Document Page 10 of 11

Motion for Lift of Stay
*Puerto Rico Electric Power Authority v. Isla del Río, Inc. et al*
KEF2008-0340; KEF2008-0341; KEF2008-0344;
KEF2008-0345; KEF2008-0348; and KEF2012-0388

expert witness to evaluate damages and/or to evaluate the transactional offer. In the alternative, removing the case from the state court to this forum will be in detriment to Isla del Río and PREPA since the costs of litigation will be very burdensome for both parties, e.g., translation costs. The court in <u>In re Saunders, 103 Bankr. 298, 299 (B.C.N.D. Fl. 1989)</u> allowed the stay to be lifted on the state proceedings that had begun almost two years before the filing of the bankruptcy petition and also found that that judicial economy was served because the court "could perceive no rationale for curtailing" the efforts of two years in court only for the court to retrace the same path. In the present case, the parties have been litigating in state court for almost ten years. Concluding the litigation at the state court will cause no prejudice to PREPA.

Sixth, the impact of stay on parties and balance of harms. The Fifth Amendment and the Fourteenth Amendment of the United States Constitution and Article II, Section 9, of the Constitution of the Commonwealth of Puerto Rico provide that private property shall not be taken for public use without just compensation. The continuance of the stay will be detrimental to Isla del Río who will be deprived of its constitutional right to obtain a determination of severance damages for the temporary taking of their property. Whereas, PREPA will suffer no harm if the stay is lifted.

### V. CONCLUSION

18. Isla Del Río has established with substantial arguments there is cause for the lifting of the automatic stay. Modifying the stay to allow the state court determination of damages caused by a temporary taking promotes the judicial economy and expeditious and economical resolution of the litigation. Isla del Río would then have a certain and allowable claim to file, facilitating PREPA the formulation of a confirmable plan and its eventual reorganization.

Motion for Lift of Stay
*Puerto Rico Electric Power Authority v. Isla del Río, Inc. et al*
KEF2008-0340; KEF2008-0341; KEF2008-0344;
KEF2008-0345; KEF2008-0348; and KEF2012-0388

WHEREFORE, it is respectfully prayed that Isla del Río be granted relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) as to PREPA, and to the estate, to continue the proceedings at the state court civil cases no. KEF2008-0340, KEF2008-0341, KEF2008-0344, KEF2008-0345, KEF2008-0348 and KEF2012-0088 in order to determine the amount of damages for the temporary taking, with such other and further relief as this Court deems just and proper.

**CERTIFICATE OF SERVICE**: I hereby certify that pursuant to Paragraphs III.Q and III.U of Section III (Scheduling) of the Case Management Procedures, as amended by Order Further Amending Case Management Procedures (docket no. 1512), and subject to Paragraphs III. F and III.T, at least fifteen (15) business days prior to filing the present motion for relief from stay to continue a prepetition ordinary course civil action against PREPA, the movant, Isla del Río, contacted the counsel for the Oversight Board and PREPA by electronic-mail to advise them of the movant's intent to seek relief from the automatic stay and no agreement was reached.

RESPECTFULLY SUBMITTED.

In Ponce, Puerto Rico, this 26th of March, 2018.

/s/María E. Vicéns Rivera
MARÍA E. VICÉNS RIVERA
USDC- PR 226711
9140 MARINA ST., SUITE 801
PONCE, PUERTO RICO 00717
TEL. / FAX: (787) 259-1999
E-mail: mevicens@yahoo.com