**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br>Debtors. | NO. 17-BK-3283 (LTS)<br><br>**Re: ECF No. 2795**<br><br>PROMESA TITLE III |

**REPLY BRIEF TO THE "SUPPLEMENTAL BRIEF AND DECLARATION" OF THE COMMONWEALTH OF PUERTO RICO (COMMONWEALTH) IN COMPLIANCE WITH ORDER OF MARCH 9TH, 2018**

To the Honorable United States District Court Judge Laura Taylor Swain:

NOW COME plaintiffs' (Movants) certified class in cases 02-1179 (GAG) <u>Gladys García Rubiera, et al. v. Hon. Luis G. Fortuño, et al</u>; and <u>Gladys García Rubiera, et al, v. Asociación de Suscripción Conjunta, et al</u>, Civil Number K DP2001-1441 (801), represented by the undersigned counsel and submit their reply to the Commonwealth Supplemental Brief as directed by this Honorable Court.

**I. DISAGREEMENT WITH PRELIMINARY STATEMENT OF THE COMMONWEALTH**

In its Preliminary Statement, the Commonwealth labels Movants as "unsecured creditors seeking preferential treatment" vis a vis other creditors without any determination as to whether their claims should be allowed. Movants strongly disagree with such characterization.

The Commonwealth also offers to consent to a modification of the stay in order that notice and the reimbursement of premiums resolution process may proceed in

1

the local civil case. The Movants decline to agree to such modification, because it would be a worthless remedy and, on the contrary, it will damage further the interests of Movants. Nothing would be gained by giving notice to the Movants, and yet deny the reimbursement of their premiums. Under the Stipulation and Judgment notice is ordered to be given so that the class may request reimbursement. Furthermore, there are no pending issues relating to the reimbursement process. If a member of the class is included in the list of automobile owners entitled to reimbursement, the duty of the Secretary of the Treasury pursuant to the Stipulation and Judgment is to reimburse said automobile owners once their application is processed. On the other hand, to require notification and that the owner proceed with his reimbursement application without providing for the corresponding reimbursement would be for owners to incur into worthless steps that will discourage and frustrate the reimbursement process.

Movants also disagree that they have not suffered any concrete injury, as alleged by the Commonwealth. Movants have already been deprived of their reimbursements for a long time[1] and their rights cannot further be impaired by any plan of adjustment, as Movants are not creditors of debtor in this bankruptcy proceedings.

---

[1] The class has suffered enough injury and impairment due to the reluctance of the local and federal lower Courts to grant proper remedy. The case has lasted 17 years overcoming dismissal of the class action through successful appeals. García-Rubiera v. Asociación Conjunta del Seguro de Responsabilidad Obligatorio, 2004 WL 1562555; García-Rubiera v. Asociación Conjunta del Seguro de Responsabilidad Obligatorio, 165 DPR 311 (2005); García-Rubiera v. Asociación Conjunta del Seguro de Responsabilidad Obligatorio, 2007 WL 5377629; García-Rubiera v. Asociación Conjunta del Seguro de Responsabilidad Obligatorio, 2007 WL 4780687; García-Rubiera v. Asociación Conjunta del Seguro de Responsabilidad Obligatorio, 2010 WL 4807486; García-Rubiera v. Asociación Conjunta del Seguro de Responsabilidad Obligatorio, 2010 WL 4792335; García-Rubiera v. Asociación Conjunta del Seguro de Responsabilidad Obligatorio, 2015 WL 5178179. García-Rubiera v. Flores Galarza, 516 F. Supp. 2d 180 (2007); García-Rubiera v. Calderón, 570 F3d 443 (2009); García-Rubiera v. Fortuño, 752 F. Supp. 2d 180 (2010); García-Rubiera v. Fortuño, 665 F3d 261 (2011); García-Rubiera v. Fortuño, 873 F. Supp. 2d 421 (2012); García-Rubiera v. Fortuño, 727 F3d 102 (2013).

Meanwhile, vehicle owners have died or moved, forgotten their data as to the vehicles, rendering their reimbursement difficult. If finally the reimbursement process is implemented, the recovery of around 10% of the reimbursements at this stage is an optimistic estimate to the remedy to be obtained by the affected vehicle owners.

II. **THE FUNDS TO BE REIMBURSED CONSIST OF REIMBURSEMENTS DUE FROM 1998 TO 2010. NO REIMBURSEMENTS HAVE BEEN ESCHEATED BY THEIR TRANSFER TO THE GENERAL FUND OF THE COMMONWEALTH FROM ANY "RESERVE" ACCOUNT.**

We strongly disagree that the funds received prior to 2006 are the property of the Commonwealth. Also disagree that the funds deposited in the reserve account from 2006 and on for accounting purposes are the property of the debtor's estate because the debtor claims a legal interest over such funds.

The total amount transferred to the Secretary of the Treasury from "Asociación del Seguro Compulsorio de Responsabilidad Obligatorio" (JUA) from 1998 to 2010 are the following[2]:

**1998 al 2001**: $51,233,517.00

**2002-2003**: $45,312.301.00

**2004-2005:** $30,921,358.00

**2006**: $9,803,120.00

**2007**: $11,252,724.00

**2008:** $9,853,000.00

**2009:** $10,541,377.00

**2010:** $12,006,000.00

**TOTAL: $179,943,397.00**

Additional amounts were sent to the Secretary of the Treasury for the years 2011 to 2012 that we are not including because the class was certified up to 2010.

---

[2] This information was provided by the debtor in the local litigation. It was also provided by JUA.

3

Movants are entitled to receive the total reimbursements for their individual share of the amounts held from the years 1998 to 2010, simply because Movants are not unsecured creditors of the Commonwealth that have to share in equal terms with the rest of the creditors of the debtor within a plan of adjustment. Movants are not seeking a claim from debtor's estate. Movants are seeking recovery of their property which is not part of the debtor's estate. The statement of the Supreme Court of the United States in Pearlman v. Reliance Ins. Co., 371 U.S. 132, 135-136 (1962), that: "The Bankruptcy Act simply does not authorize a trustee to distribute other people's property among a bankrupt's creditors" is still valid. This is in spite of the expanded definition of the term "property of the estate" under § 541(d) of the Code. U.S. v. Whiting Pools, Inc., 462 U.S. 198 (1983).

Here the property of Movants was never transferred to the Commonwealth. The possession of the funds was obtained by the Commonwealth with the purpose of delivering it to the owners acting as a trustee for that purpose under the terms of Law 230 of September 11, 2002. See Asociación De Suscripción Conjunta Del Seguro De Responsabilidad Obligatorio v. Flores Galarza, 484 F.3d 1 (1st Cir. 2007). Such property is excluded from the estate of debtor. See U.S. v. Whiting Pools, Inc, *supra.* The Supreme Court expressly stated at footnote 8 of the opinion as follows:

> Section 541(a)(1) speaks in terms of the debtor's "interests ... in property," rather than property in which the debtor has an interest, but this choice of language was not meant to limit the expansive scope of the section. The legislative history indicates that Congress intended to exclude from the estate property of others in which the debtor had some minor interest such as a lien or bare legal title. See 124 Cong.Rec. 32399, 32417 (1978) (remarks of Rep. Edwards); id., at 33999, 34016–34017 (remarks of Sen. DeConcini); cf. § 541(d) (property in which debtor holds legal but not equitable title, such as a mortgage in which debtor retained legal title to service or to supervise servicing of mortgage, becomes part of estate only to extent of legal title); 124 Cong.Rec. 33999 (1978) (remarks of Sen.

4

DeConcini) (§ 541(d) "reiterates the general principle that where the debtor holds bare legal title without any equitable interest, ... the estate acquires bare legal title without any equitable interest in the property"). Similar statements to the effect that § 541(a)(1) does not expand the rights of the debtor in the hands of the estate were made in the context of describing the principle that the estate succeeds to no more or greater causes of action against third parties than those held by the debtor. See H.R.Rep. No. 95–595, pp. 367–368 (1977). These statements do not limit the ability of a trustee to regain possession of property in which the debtor had equitable as well as legal title.

And again, at footnote ten (10) the Supreme Court stated:

See, e.g., §§ 543, 547, and 548. These sections permit the trustee to demand the turnover of property that is in the possession of others if that possession is due to a custodial arrangement, § 543, to a preferential transfer, § 547, or to a fraudulent transfer, § 548.
We do not now decide the outer boundaries of the bankruptcy estate. We note only that Congress plainly excluded property of others held by the debtor in trust at the time of the filing of the petition. See § 541(b); H.R.Rep. No. 95–595, p. 368 (1977); S.Rep. No. 95–989, p. 82 (1978). Although it may well be that funds that the IRS can demonstrate were withheld for its benefit pursuant to 26 U.S.C. § 7501 (employee withholding taxes), are excludable from the estate, see 124 Cong.Rec. 32417 (1978) (remarks of Rep. Edwards) (Service may exclude funds it can trace), the IRS did not attempt to trace the withheld taxes in this case. See Tr. of Oral Arg. 18, 28–29.

The cases cited in our Memorandum in Support for the Lift of Stay reiterated that money held in trust by debtor is not part of debtor's estate. The exclusion applies also to constructive trusts. Matter of Haber Oil Co., Inc., 12 F.3d 426 (5th Cir. 1994). This result is not altered by any action of the Commonwealth that may have resulted in the commingling the funds by depositing the reimbursements in the General Fund. As discussed by the First Circuit Court of Appeals in García-Rubiera v. Fortuño, 665 F. 3d. 261, 278 (2011), the trust continues even after the Secretary has transferred the monies to the General Fund. See also García-Rubiera v. Flores Galarza, 516 F.Supp.2d 180, at footnote no. 14. And as stated in said footnote, the fact that the Secretary transferred part of the money to the General Fund does not bar Movants' claim seeking the specific

5

remedy of the return of their property (citing Taylor v. Westly, 402 F3d at 974 (2005)). Any use of said private monies commingling them with public monies would be unconstitutional. Asociación De Suscripción Conjunta Del Seguro De Responsabilidad Obligatorio v. Flores Galarza, *supra;* Com. ex rel. Armstrong v. Collins, 709 S.W.2d 437, 446-447 (1986); Beshear v. Haydon Bridge Co., Inc., 416 S.W.3d 280 (2013).

The total amount of funds belonging to Movants transferred to the Commonwealth by Law 230, remains the private property of Movants and have not escheated to the government as they were unconstitutionally deprived of their funds without proper notice. Taylor v. Westly, 402 F.3d 924 (2005). The Stipulation and Judgment recognizes this legal result and agreed to return all funds from 1998 to 2010.

The Commonwealth accepts that the funds for the years 2006 to 2010 are deposited in a "reserve account for accounting purposes". The sums from to 2006 to 2010 amount to $53,456,101.00. Although they may be in a "reserve account for accounting purposes" or in the General Fund, these funds are part of the funds to be reimbursed.

### III. CONCLUSION

The funds subject to the Stipulation and Judgment entered in local case K DP2001-1441 amounting to around $179,943,397.00 are the property of Movants and are not part of the estate of debtor. Therefore, Movants do not have to share their funds with the rest of the creditors in a future adjustment of the debts of the Commonwealth. Neither the funds have been escheated and could not have been based on constitutional principles in the absence of a proper constitutional notice. Neither the fact that some of them may have been deposited in the General Fund is of any consequence.

**WHEREFORE** it is respectfully requested from the Honorable Court that the Lift of Stay be GRANTED, and Movants may be allowed to proceed to execute the Stipulation and Judgment on all its terms.

**RESPECTFULLY SUBMITTED**

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 28, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and parties in the Master Service List.

In San Juan, Puerto Rico, March 28, 2018.

*s/ Antonio J. Amadeo Murga*
USDC-PR No. 110103
A.J. AMADEO MURGA LAW OFFICES
1225 Ponce de León, Ave.
Ste. 904
San Juan, PR 00907
Tel. (787)764-0893
ajaamadeo@gmail.com

*s/ Mario M. Oronoz Rodríguez*
USDC-PR No. 120606
ORONOZ & ORONOZ
Urb. Torrimar, K-4 Bambú St.
Guaynabo, PR 00966-3109
Tel. (787)294-5255
mmo@oronozlaw.com