**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

------------------------------------------------------------x
In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

------------------------------------------------------------x
In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO

    Debtor.

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

**Re: ECF Nos. 2697, 2710, and 2777**

(Jointly Administered)

PROMESA
Title III

No. 17 BK 3283-LTS

**This Reply relates only to the Commonwealth and shall only be filed in the lead Case No. 17 BK 3283-LTS.**

**COMMONWEALTH OF PUERTO RICO'S**
**REPLY TO MOVANTS' SUPPLEMENTARY MEMORANDUM**
**IN COMPLIANCE WITH ORDER OF MARCH 9th AND MARCH 13th, 2018**

The Commonwealth of Puerto Rico (the "Commonwealth") respectfully submits this reply (the "Reply") to the *Supplementary Memorandum in Compliance with Order of March 9th and March 13th, 2018* (the "Supplemental Memorandum") [ECF No. 2777] filed by the certified class (collectively, "Movants") in the cases captioned *Gladys García Rubiera, et al. v. Hon. Luis G.*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Fortuño, et al,* Case No. 02-1179 (GAG) before the United States District Court for the District of Puerto Rico, and *Gladys García Rubiera, et al, v. Asociación de Suscripción Conjunta, et al.,* Civil Number K DP2001-1441 before the Puerto Rico First Instance Court (collectively, the "Prepetition Actions"), pursuant to the Court's *Order Directing Supplemental Briefing of Motion Requesting Relief of Stay Under Section 362(D)(1) of The Bankruptcy Code* [ECF No. 2697], as amended by the Court's *Order Granting Motion in Compliance With Order of March 9th, 2018 and Request for an Extension of Time* [ECF No. 2710].[2]

## PROCEDURAL BACKGROUND

1. On February 7, 2018, Movants filed the *Motion Requesting Relief of Stay Under 362(d)(1) of the Bankruptcy Code* [ECF No. 2434] (the "Motion"), seeking relief from the stay under Bankruptcy Code section 362(a), made applicable to the Commonwealth's Title III case by PROMESA section 301(a)9 (the "Title III Stay"), and the enforcement of two stipulations between the Movants and the Commonwealth entered into prior to the commencement of this Title III case. The Commonwealth filed a timely objection to the Motion on February 21, 2018 [ECF No. 2570] (the "Objection").

2. On March 9, 2018, the Court directed the parties to file supplemental briefs and declarations addressing various issues by March 16, 2018 at 5:00 p.m. (AST), and to file simultaneous supplemental replies by March 23, 2018 at 5:00 p.m. (AST). The deadlines to file these pleadings were extended to March 23, 2018 at 5:00 p.m. (AST) and March 28, 2018 at 5:00 p.m. (AST) by the Court on March 13, 2018 [ECF No. 2710].

---

[2] The Financial Oversight and Management Board for Puerto Rico, as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Department of Justice to file this Reply on behalf of the Commonwealth.

2

3. On March 21, 2018, Movants filed the Supplemental Memorandum. On March 23, 2018, the Commonwealth filed the *Supplemental Brief and Declaration in Compliance with March 9, 2018 Court Order* [ECF No. 2795] (the "Commonwealth's Supplemental Brief") in support of its position requesting that this Court deny the Motion.

## ARGUMENT

4. While the Commonwealth maintains that Movants' request to lift the Title III Stay should be denied for the reasons set forth in the Objection, as supplemented by the Commonwealth's Supplemental Brief, the Commonwealth is prepared to consent to a partial modification of the Title III Stay in order to proceed with the notification and insurance premium claims resolution process, provided that the Title III Stay remains in place with respect to the payment of any reimbursements. This proposal is without prejudice to Movants' rights to seek further relief from this Court, including the treatment of their claims arising from the Prepetition Actions under a plan of adjustment, or otherwise, in the Title III case. What the Commonwealth objects to is the modification of the Title III Stay giving preferential treatment to prepetition unsecured creditors by allowing them to collect on their prepetition claims against the Commonwealth to the detriment of other creditors of the Commonwealth and without any determination as to whether such claims should be allowed, impaired or discharged in the Title III case.

5. Movants' Supplemental Memorandum demonstrates that, in general, the essential facts are not in controversy. However, the Commonwealth wishes to clarify two aspects of Movants' Supplemental Memorandum. First, **as of March 15, 2018**, the Commonwealth has reimbursed under Procedure 96 approximately $11,123,671.54 from the premiums the Joint Underwriters Association (the "JUA") transferred to the Secretary of the Treasury, as evidenced

3

by the certification attached hereto as **Exhibit 1**. This is contrary to the Movants' allegation that the Commonwealth has only reimbursed $9 million. *See* Supplemental Memorandum at 2. The $9 million figure is the amount reimbursed as of the summer of 2010, *see García-Rubiera v. Fortuño*, 665 F.3d 261, 267 (1st Cir. 2011), but does not include further sums the Commonwealth has reimbursed since that time.

6. Second, the vast majority of the funds held by the Commonwealth have escheated back to the Commonwealth, and are not held for the benefit of Movants. Movants recognize that the funds are segregated into a separate account in the General Fund for accounting purposes. *See* Supplemental Memorandum at 5. That is true: funds received by the JUA on or after 2006, and transferred to the Secretary of the Treasury after 2008, have been deposited into a "reserve account" for accounting purposes. Funds transferred to the Secretary of the Treasury prior to August 2008 are the property of the Commonwealth.[3] As recognized by the United States Court of Appeals for the First Circuit (the "First Circuit"), "[i]n 2007, the first of the duplicate premiums transferred by JUA to the Treasury **escheated to the Commonwealth**; additional funds **escheated in 2009, and more are scheduled to escheat at the end of [2010]**." *García-Rubiera v. Fortuño*, 665 F.3d 261, 268 (1st Cir. 2011). Indeed, the First Circuit held that "the Commonwealth has obtained title by escheat to almost 95 percent of the duplicate premiums transferred under Law 230" until 2010. *García-Rubiera v. Fortuño*, 665 F.3d 261, 268. Furthermore, the funds scheduled to escheat at the end of 2010 did so at that time and became the property of the Commonwealth, as did additional funds that escheated to the Commonwealth in March 2012 and in February 2013. It is only from August 2013 that, by virtue of an injunction issued by the First Circuit, the

---

[3] Pursuant to Act 230-2002, in March 2013, the Secretary of the Treasury transferred to the General Fund of the Commonwealth Treasury retained funds for the 2005 period (which the Treasury received in March 2008). The funds for the period from 2006 to 2010 are held by the Commonwealth in a reserve account.

Commonwealth was prevented from transferring additional unclaimed funds to the General Fund "until it ha[d] established and complied with a reimbursement procedure which meets the basic requirements of constitutional due process." *García-Rubiera v. Fortuño*, 727 F.3d 102, 117 (1st Cir. 2013). As noted in the Commonwealth's Supplemental Brief, approximately $76.1 million corresponding to unclaimed funds from 2006 to present is held in a reserve account. *See* Commonwealth's Supplemental Brief ¶ 9.

7. The First Circuit's ruling in 2013 does not change the fact that the funds that previously escheated to the Commonwealth are the unencumbered property of the Commonwealth. This constitutes the vast majority of funds held by the Commonwealth. Indeed, as recognized by the First Circuit, it constitutes "almost 95 percent" of the funds transferred through 2010. *García-Rubiera v. Fortuño*, 665 F.3d 261, 268. It is clear, and it is not denied by Movants, that Movants' claims for reimbursements encompass the years 1998 to 2010. Therefore, pursuant to Act 230-2002, any payments to the Movants covering those years (or, at the very least, a large portion of such payments) will come from funds that are owned outright by the Commonwealth in the General Fund, and that are not held in trust for Movants. As such, the payment of reimbursements, the relief sought by Movants, will directly result in the expenditure of many millions of dollars that the Commonwealth beneficially owns to satisfy the claims of unsecured prepetition creditors, without any determination as to whether such claims should be allowed, impaired or discharged in the Title III case, to the detriment of other creditors of the Commonwealth. As has been argued before, the Title III Stay should not be modified to permit this unjustifiable transfer of funds from the entire body of the Commonwealth's creditors to Movants.

## **CONCLUSION**

For the foregoing reasons, as well as those set forth in the Commonwealth's prior pleadings, the Court should deny the Motion requesting relief from the automatic stay.

Dated: March 28, 2018.
San Juan, Puerto Rico

Respectfully submitted,

**WANDA VÁZQUEZ GARCED**
Secretary of Justice

*/s/ Wandymar Burgos Vargas*
**WANDYMAR BURGOS VARGAS**
USDC 223502
Deputy Secretary in Litigation
Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Phone: 787-721-2940 Ext. 2500, 2501
wburgos@justicia.pr.gov

*Attorneys for the Commonwealth of Puerto Rico*