**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                     Debtors.¹ | PROMESA<br><br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    as agent of<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>           Plaintiff,<br><br>v.<br><br>BETTINA WHYTE,<br><br>    as agent of<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>           Defendant. | Adv. Proc. No. 17-00257-LTS |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.

**URGENT MOTION BY AAFAF FOR ENTRY OF AN ORDER AUTHORIZING THE SEALING OF BANK ACCOUNT NUMBERS**

To the Honorable United States District Judge, Laura Taylor Swain:

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("<u>AAFAF</u>"), as the entity authorized to act on the Debtor entities' behalf under the Enabling Act of the Fiscal Agency and Financial Advisory Authority, Act 2-2017, respectfully requests the entry of an order, substantially in the form attached as Exhibit A (the "<u>Proposed Order</u>"), authorizing the public filing of the following documents with the bank account numbers stated therein redacted:

- *The COFINA Agent's Reply to the Commonwealth Agent's Counter-Statement of Additional Undisputed Material Facts* [ECF No. 401] ("<u>COFINA Agent's Reply Statement</u>") at pages 7 and 10.

- *The Reply Statement of Undisputed Material Facts of the COFINA Senior Bondholders' Coalition* [ECF No. 389] ("<u>Senior Bondholders' Reply Statement</u>") at pages 6 and 8.

- *Mutual Fund Group and Puerto Rico Funds' Response to Commonwealth Agent's Counter-Statement of Additional Undisputed Facts* [ECF No. 395] ("<u>Mutual Fund Groups' Reply Statement</u>") at 6 and 8.[2]

The bank account numbers in each of these Reply Statements appear in quotations from the *Commonwealth Agent's Responses to (I) the COFINA Agent's Statement of Undisputed Material Facts, (II) the COFINA Senior Bondholders' Statement of Undisputed Material Facts*, and *(III) the Mutual Fund Group's and Puerto Rico Funds' Statement of Undisputed Material Facts*, and

---

[2] Unless otherwise stated, all citations to the docket refer to the above captioned matter, Adv. Proc. No. 17-00257-LTS. Pursuant to paragraph 12 of the Stipulation and Order for the Production and Exchange of Confidential Information, entered on October 10, 2017 [ECF No. 56] (the "<u>Protective Order</u>"), the Reply Statements were filed in a redacted format.

1

*Counter-Statement of Additional Undisputed Material Facts* [ECF No. 371] ("Commonwealth's Counter-Statement"). On March 21, 2018, non-party Banco Popular de Puerto Rico ("Banco Popular")—on behalf of itself and pursuant to the request of AAFAF, the Department of Treasury ("Treasury"), the Government Development Bank of Puerto Rico ("GDB"), and COFINA—filed the *Urgent Motion of Banco Popular de Puerto Rico to Seal Certain Confidential Information* [ECF No. 387] ("Banco Popular's Motion to Seal"), which seeks to seal the same bank account numbers. *See, e.g.,* ECF No.387 ¶¶ 19(f), 23, 25. No party filed an opposition to Banco Popular's Motion to Seal. For all the reasons stated herein and in Banco Popular's Motion to Seal, the Court should also authorize the redaction of the bank account numbers from the Reply Statements. In support of this motion, AAFAF respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2. Venue is proper pursuant to PROMESA section 307(a).

## BASIS FOR RELIEF REQUESTED

3. Pursuant to Local Bankruptcy Rule 9018-1 and Protective Order paragraph 12, AAFAF requests that the Court authorize the filing of the Reply Statements with the bank account numbers redacted.[3]

4. While there is a general presumption of public access to court records, the Bankruptcy Code recognizes that the public's interest in accessing court records must sometimes give way to the litigant's interests and to public policy. Section 107(b) of the Bankruptcy Code

---

[3] The Order Applying Local Bankruptcy Rules in Case No. 17-3283 (ECF. No. 249) makes Local Rule 9018-1 applicable to this adversary proceeding.

2

provides: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . ." If the Court determines that information at issue that falls within one of the categories enumerated in Bankruptcy Code Section 107(b), "protection is mandatory." *In re Gitto Global Corp.*, 422 F. 3d 1, 7 (1st Cir. 2005); *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) ("the court is required to protect a requesting interested party and has no discretion to deny the application."). In such cases, "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires [] to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . ." Fed. R. Bankr. P. 9018.

5. AAFAF merely seeks to redact the bank account numbers from the Reply Statements. "[B]ank account numbers . . . may properly be considered confidential information" and, therefore, courts have ordered parties to redact such information. *In re Gitto Global Corp.* 321 B.R. 367, 376 (Bankr. D. Mass. 2005); *see also In re Gitto Global Corp.*, 422 F.3d at 5 (noting that bank account numbers were redacted under section 107(b)(1) as confidential information); *In re Oldco M Corp.*,466 B.R. 234, 238 (Bankr. S.D.N.Y. 2012) (ordering redactions because "the Settlement Agreement contains bank account and routing numbers that appear to be entitled to protection [under section 107(b)].)" Here the redaction of the bank account numbers is particularly appropriate since none of the parties are relying on those numbers to support their arguments. *See, e.g., Madison Services Co., LLC v. Gordon*, No. 09–cv–02369–MSK–KMT, 2010 WL 3529588 at *3 (D. Col. 2010) (sealing bank account statement on which the court did not rely); *Fid. Nat'l Fin., Inc. v. Attachmate Corp.*, No. 3:15-CV-1400-J-20PDB,

3

2016 WL 9526337, at *1 (M.D. Fla. Nov. 7, 2016) ("The presumption [of public access] applies to materials used to invoke judicial resolution on the merits but not to discovery documents irrelevant to the underlying issues.").

## NOTICE

6. Pursuant to the Third Amended Case Management Procedures sections II.A. and F., AAFAF will provide notice of this motion on the date hereof via overnight delivery to the Standard Parties, as defined in the Third Amended Case Management Procedures section II.A.: (i) the Chambers of the Honorable Laura Taylor Swain; (ii) the Chambers of the Honorable Judith Gail Dein; (iii) the Office of the United States Trustee for Region 21; (iv) counsel for the FOMB; (v) counsel for the Unsecured Creditors Committee in the Commonwealth Title III Case; (vi) the parties to the Adversary Proceeding; and (vii) any party that has requested notice under Bankruptcy Rule 2002 and Local Rule 2002-2.

7. AAFAF submits that no other or further notice is necessary under the circumstances.

## NO PRIOR MOTION

8. AAFAF has not made any prior motion for the relief sought in this motion to this Court or any other.

## CERTIFICATION IN COMPLIANCE WITH THE THIRD AMENDED CASE MANAGEMENT PROCEDURES AND LOCAL RULE 9013-1

9. Pursuant to Local Rule 9013-1 and paragraph I.H of the First Amended Case Management Procedures, AAFAF hereby certifies that it has (a) carefully examined the matter and concluded that there is a true need for an urgent hearing; (b) not created the urgency through any lack of due diligence; (c) made a bona fide effort to resolve the matter without a hearing; (d) made reasonable, good-faith communications in an effort to resolve or narrow the issues that are

4

being brought to the Court; and (e) conferred with the parties, who do not oppose the relief requested herein.

WHEREFORE, AAFAF respectfully requests that the Court enter an order permitting the COFINA Agent's Reply Statement [ECF No. 401], the Senior Bondholders' Reply Statement [ECF No. 389], and the Mutual Fund Groups' Reply Statement [ECF No. 395] to be publicly filed with the bank account numbers redacted.

Dated: March 28, 2018
San Juan, Puerto Rico

Respectfully submitted,

| | |
|---|---|
| */s/ Peter Friedan* | */s/ Mohammad S. Yassin* |
| John J. Rapisardi | Mohammad S. Yassin |
| Suzzanne Uhland | USDC-PR Bar No. 302909 |
| Peter Friedman | **PUERTO RICO FISCAL AGENCY AND** |
| Daniel L. Cantor | **FINANCIAL ADVISORY AUTHORITY** |
| (Admitted *Pro Hac Vice*) | Robert Sánchez Vilella (Minillas) |
| O'MELVENY & MYERS LLP | Government Center |
| 7 Times Square | De Diego Avenue, Stop 22 |
| New York, NY 10036 | San Juan, Puerto Rico 00907 |
| Tel: (212) 326-2000 | Tel: (787) 722-2525 |
| Fax: (212) 326-2061 | Fax: (787) 721-1443 |
| | |
| *Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* | *Chief Legal and Regulatory Officer* |

5