IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
OBJECTIONS OF ASSURED GUARANTY CORP., ASSURED GUARANTY
MUNICIPAL CORP. AND NATIONAL PUBLIC FINANCE GUARANTEE
CORPORATION TO THE MAGISTRATE JUDGE'S FEBRUARY 26, 2018 ORDER**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

To the Honorable United States District Judge Laura Taylor Swain:

Assured Guaranty Corp., Assured Guaranty Municipal Corp. and National Public Finance Guarantee Corporation (collectively, "Objectors") respectfully submit this reply memorandum in further support of their Objections to the Magistrate Judge's February 26, 2018 Order (ECF No. 2707) ("Objections" or "Obj.").[1]

The 2004 Order should be modified because the Pre-Decisional Fiscal Plan Documents are not subject to the deliberative process privilege.[2] The Pre-Decisional Fiscal Plan Documents clearly contain factual information, which is not protected by the privilege. Pre-Decisional Fiscal Plan Documents communicated between (i) the Commonwealth and/or AAFAF, on one side, and (ii) the Oversight Board, on the other side, are not protected by the deliberative process privilege. Pre-Decisional Fiscal Plan Documents communicated with various professionals also are not protected unless Respondents can show that the deliberative process privilege applies to each professional, which Respondents have failed to show. Most important, the interests of the creditors and the public in being provided the Pre-Decisional Fiscal Plan Documents far outweigh the interests of Respondents from blocking disclosure of such documents.

In their Response, Respondents make the unsupported claim that they have already produced "extensive materials" to the public and to creditors and that they have "committed" to producing additional documents once the new Commonwealth Fiscal Plan is certified. See Resp.

---

[1] Capitalized terms not defined herein are defined in the Objections. "Response" or "Resp." refers to the *Response to Objections of Assured Guaranty Corp., Assured Guaranty Municipal Corp. and National Public Finance Guarantee Corporation to the Magistrate Judge's February 26, 2018 Order* (ECF No. 2798).

[2] The Court should review the findings in the 2004 Order using the *de novo* standard of review because whether the deliberative process privilege can be used to shield the Pre-Decisional Fiscal Plan Documents from disclosure is a question of law. See Obj. at 3; see In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.), 348 F.3d 16, 21 (1st Cir. 2003). In claiming that the "clearly erroneous" standard applies, Respondents ignore that the "contrary to law" standard applies to questions of law and that standard is the same as *de novo*. PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 15 (1st Cir. 2010).

at 1.  As an initial matter, Respondents have refused to produce pursuant to Rule 2004—i.e., outside the restrictions of the data room—any of the "Fiscal Plan Development Materials" that the Magistrate Judge held were discoverable.[3]  Moreover, Objectors' 2004 document requests are narrowly tailored; Objectors are not seeking "every scrap of paper used in the development of the Fiscal Plans."  Resp. at 7-8.  In any event, the Court should not consider these claims about what Respondents have agreed or claim to have produced because those claims are in dispute and are wholly irrelevant to a determination of whether the deliberative process privilege applies to the Pre-Decisional Fiscal Plan Documents that are being withheld.

The 2004 Order should be modified because Respondents failed to meet their burden to show that the deliberative process privilege applies to the Pre-Decisional Fiscal Plan Documents. In the leading decision from the Supreme Court of Puerto Rico regarding deliberative process privilege, the court held that "the State has the burden to prove the application, if any, of the exceptions numbered above to validate its claim to confidentiality." Bhatia-Gautier v. Roselló-Nevares, 2017 TSPR 173, 2017 WL 4975587 (P.R. 2017) ("Bhatia-Gautier I"), ECF No. 2707-3 at 22.  In Bhatia-Gautier I, the plaintiff filed a petition for writ of *mandamus* seeking to compel Governor Ricardo Roselló and the Commonwealth to make public copies of draft budgets ("Draft Budgets") that had been provided to the Oversight Board.  See id. at 4. After making various findings, the Supreme Court of Puerto Rico remanded the case to the Commonwealth of Puerto Rico Court of First Instance, San Juan Part, Superior Court ("Superior Court").  See id. at 34-35.  On March 16, 2018, in Bhatia-Gautier v. Roselló-Nevares, Civil No. SJ2017CV00271 (P.R. Super. Ct. Mar. 16, 2018) ("Bhatia-Gautier II"),[4] the Superior Court ordered the

---

[3]  Objectors reserve all rights as a result of Respondents' failure to produce such documents, including but not limited to moving to compel their production.  Nothing herein should be construed as an admission to any statement or assertion in the Response.

[4]  A certified translation of Bhatia-Gautier II was attached to Objectors' Informative Motion (ECF No. 2815) as Exhibit B.  See ECF No. 2815-2.

Commonwealth and Governor Rosselló to disclose the Draft Budgets. See ECF No. 2815-2 at 26.

In Bhatia-Gautier II, the Superior Court expanded on the findings in Bhatia-Gautier I and held that for the government to "prevail, the restrictions imposed by the government must respond to a compelling government interest." See ECF No. 2815-2 at 13 (original emphasis omitted). The government must show:

> (1) the head of the agency that controls the information must officially claim the privilege, after weighing it; (2) an agency official must provide the exact reasons why the confidentiality of the information or documents is claimed, and (3) the government must identify and describe the information or the documents it intends to protect. . . . Furthermore, in order to activate the privilege, the government must prove that the document in question is a "deliberative" and "pre-decisional" document.

Id. at 16-17 (citations omitted). The Superior Court found that the Draft Budgets were not protected by the deliberative process privilege because the Defendants "invoked the privilege over official information in a generalized manner, without proving in any way that the disclosure of the draft Fiscal Plan would be detrimental to the interests of the State." Id. at 23. On or about March 29, 2018, AAFAF publicly disclosed draft fiscal 2018 budget documents. See Exhibit A, attached hereto. Thus, while Respondents have been ordered to disclose the Draft Budgets, they continue to resist disclosure of the Pre-Decisional Fiscal Plan Documents.

Here, Respondents failed to meet their "burden of persuasion" and have only asserted that the deliberative process privilege applied in a "generalized manner." Resp. at 5-7; see also ECF No. 2154 at 3; ECF No. 2274 at 7-10. Respondents' failure to meet their burden should by itself cause the Court to modify the 2004 Order and enter the Proposed Order. Moreover, as set forth in the Objections, it is clear that the Pre-Decisional Fiscal Plan Documents are not protected by the deliberative process privilege.

First, Respondents concede that data, models, formulae and inputs regarding the fiscal plans are factual, then vaguely claim that "deliberative materials used to create fiscal plans and

drafts thereof" as well as various communications are "immune from disclosure." Resp. at 6. In Bhatia-Gautier II, the Superior Court ordered the Draft Budgets to be disclosed because they contained "numbers and data." ECF No. 2815-2 at 23 (original emphasis omitted). Like the Draft Budgets, the draft fiscal plans are largely, if not entirely, made up of factual information, including data, inputs, projections and assumptions. See Obj. at 5. If the Commonwealth is not permitted to withhold the Draft Budgets, the Commonwealth plainly should not be permitted to withhold draft fiscal plans and other Pre-Decisional Fiscal Plan Documents.[5]

Respondents further argue that they should not have to "divert resources . . . [to] segregate purely factual material." Resp. at 9. Objectors are mindful of the costs and burdens, however, Respondents should not be permitted to withhold factual material from discovery. Nor should Respondents be permitted to pick and choose which factual information to produce—like the Draft Budgets—and which factual information to withhold—like draft fiscal plans. Documents containing factual information should either be produced in whole or redacted for privilege as is standard in any document production.

Second, the deliberative process privilege does not protect Pre-Decisional Fiscal Plan Documents communicated between (i) the Commonwealth and/or AAFAF and (ii) the Oversight Board. See Obj. at 6-9. Respondents argue that the privilege should apply to these communications in order to allow "full and frank" communications. However, in Bhatia-Gautier II, the Superior Court found exactly the opposite and concluded the Draft Budgets were not "'deliberative'" or "'pre-decisional'" because "[t]he Governor already made his decision by submitting the Fiscal Plan to the Board." ECF No. 2815-2 at 24. In making these findings, the Superior Court recognized that the Commonwealth and the Oversight Board are distinct entities

---

[5] The two cases cited by Respondents regarding draft bankruptcy plans are inapplicable as neither involved the deliberative process privilege. See Resp. at 7 (citing In re Eagle-Picher Indus., 169 B.R. 130 (Bankr. S.D. Ohio 1994); In re Pitt. Corning Corp., Case No. 00-22876 (Bankr. W.D. Pa.) (Feb. 19, 2004 Tr. at 64)). Indeed, in Pitt. Corning, the draft plans were arguably protected by other privileges, an argument that Respondents have not made here.

with different roles and divergent interests. Id. at 7-12, 23-24. Indeed, an April 2, 2018 letter from Governor Rosselló to the Oversight Board and related press release, both attached hereto as Exhibit B, demonstrates that the Respondents are taking different positions with regard to the new Commonwealth fiscal plan.[6] The deliberative process privilege is not intended to shield these types of communications.[7]

Third, the interests of the creditors as well as the public in having access to the Pre-Decisional Fiscal Plan Documents far outweigh the Respondents' undefined interest in blocking their disclosure. See Obj. at 10-12. In Bhatia-Gautier II, the Superior Court stated that it "cannot ignore that 'secrecy in public affairs is an exception, not the rule.'" ECF No. 2815-2 at 21 (citation omitted). The Superior Court found the public interest would be served by disclosure:

> There is no valid justification on the part of the State that would move this Court to maintain the secrecy of the document at issue. Particularly, when our Supreme Court has historically provided that access to public information constitutes a fundamental pillar of every democratic society. The constitutional right of access to public information contributes to transparency in governmental operations and promotes a sound public administration.

Id. at 26.

---

[6] The Commonwealth made this letter public and also issued a press release. Like the Draft Budgets, Respondents should not be permitted to pick and choose which Pre-Decisional Fiscal Plan Documents are disclosed and which are not. Objectors reserve their rights to argue that the deliberative process privilege has been waived. See Obj. at 12-13.

[7] Respondents make the generalized claim that "Respondents' consultants are integral to the development of fiscal plans." Resp. at 11. The parties agreed to give Respondents an extension on the time to produce a privilege log until April 6, 2018, thus, as of the date hereof, Objectors do not know which professionals received Pre-Decisional Fiscal Plan Documents, much less whether they were "integral" to the process. In any event, the Court should require Respondents to show that each professional "'played essentially the same part in the agency's process of deliberation' as the agency's own personnel." Obj. at 9 (quoting Dep't of Interior v. Klamath Water Users Prot. Ass'n, 532 U.S. 1, 10 (2001)).

## CONCLUSION

For the foregoing reasons and the reasons set forth in the Objections, Objectors respectfully request that the Court enter the Proposed Order modifying the 2004 Order.

Dated: New York, New York
April 2, 2018

| CASELLAS ALCOVER & BURGOS P.S.C. | CADWALADER, WICKERSHAM & TAFT LLP |
|---|---|
| By: /s/ *Heriberto Burgos Pérez* <br> Heriberto Burgos Pérez <br> USDC-PR 204809 <br> Ricardo F. Casellas-Sánchez <br> USDC-PR 203114 <br> Diana Pérez-Seda <br> USDC-PR 232014 <br> P.O. Box 364924 <br> San Juan, PR 00936-4924 <br> Telephone: (787) 756-1400 <br> Facsimile: (787) 756-1401 <br> Email: hburgos@cabprlaw.com <br> rcasellas@cabprlaw.com <br> dperez@cabprlaw.com <br><br> *Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* | By: /s/ *Howard R. Hawkins, Jr.* <br> Howard R. Hawkins, Jr.* <br> Mark C. Ellenberg* <br> Ellen V. Holloman* <br> Ellen M. Halstead* <br> Gillian Groarke Burns* <br> Thomas J. Curtin* <br> Casey J. Servais* <br> 200 Liberty Street <br> New York, NY 10281 <br> Telephone: (212) 504-6000 <br> Facsimile: (212) 406-6666 <br> Email: howard.hawkins@cwt.com <br> mark.ellenberg@cwt.com <br> ellen.holloman@cwt.com <br> ellen.halstead@cwt.com <br> gillian.burns@cwt.com <br> thomas.curtin@cwt.com <br> casey.servais@cwt.com <br><br> \* Admitted *pro hac vice* <br><br> *Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* |

-7-

| | |
|---|---|
| ADSUDAR MUÑOZ GOYCO SEDA & PÉREZ-OCHOA, PSC, P.S.C. | WEIL, GOTSHAL & MANGES LLP |
| By: */s/ Eric Pérez-Ochoa*<br>   Eric Pérez-Ochoa<br>   USDC-PR No. 206,314<br>   Luis A. Oliver-Fraticelli<br>   USDC-PR NO. 209,204<br>   208 Ponce de Leon Ave., Suite 1600<br>   San Juan, PR 00936<br>   Telephone: (787) 756-9000<br>   Facsimile: (787) 756-9010<br>   Email: epo@amgprlaw.com<br>             loliver@amgprlaw.com<br><br>*Attorneys for National Public Finance Guarantee Corporation* | By: */s/ Jared R. Friedmann*<br>   Marcia Goldstein*<br>   Jonathan Polkes*<br>   Gregory Silbert*<br>   Jared R. Friedmann*<br>   767 Fifth Avenue<br>   New York, New York 10153<br>   Telephone: (212) 310-8000<br>   Facsimile: (212) 310-8007<br>   Email: marcia.goldstein@weil.com<br>             jonathan.polkes@weil.com<br>             gregory.silbert@weil.com<br>             jared.friedmann@weil.com<br><br>* Admitted *pro hac vice*<br><br>*Attorneys for National Public Finance Guarantee Corporation* |

# CERTIFICATE OF SERVICE

I hereby certify that I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record in the captioned case. Further, I directed that the following counsel of record be served by U.S. Mail:

| | |
|---|---|
| Office of the United States Trustee for Region 21<br>Edificio Ochoa<br>500 Tanca Street, Suite 301<br>San Juan, PR 00901-1922 | Gerardo J. Portela Franco<br>Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF)<br>De Diego Ave. Stop 22<br>San Juan, Puerto Rico 00907 |
| John J. Rapisardi, Esq.<br>O'Melveny & Myers LLP<br>7 Times Square<br>New York, New York 10036 | Andrés W. López, Esq.<br>Law Offices of Andrés W. López<br>902 Fernández Juncos Ave.<br>San Juan, PR 00907 |
| Martin J. Bienenstock, Esq.<br>Proskauer Rose LLP<br>Eleven Times Square<br>New York, New York 10036-8299 | Hermann D. Bauer, Esq.<br>O'Neill & Borges LLC<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813 |
| Nancy A. Mitchell, Esq.<br>Greenberg Traurig LLP<br>200 Park Avenue<br>New York, New York 10166 | Arturo Diaz-Angueira, Esq.<br>Cancio, Nadal, Rivera & Diaz, P.S.C.<br>403 Muñoz Rivera Ave.<br>San Juan (Hato Rey), PR 00918-3345 |
| Luc A. Despins, Esq.<br>Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | Juan. J. Casillas Ayala<br>Casillas, Santiago & Torres LLC<br>El Caribe Office Building<br>53 Palmeras Street, Suite 1601<br>San Juan, PR 00901-2419 |
| Robert Gordon, Esq.<br>Jenner & Block LLP<br>919 Third Avenue<br>New York, New York 10022 | A.J. Bennazar-Zequeira<br>Bennazar, Garcia & Milian, C.S.P.<br>Edificio Union Plaza PH-A piso 18 Avenida Ponce de Leon #416<br>Hato Rey, PR 00918 |

At New York, New York, 2nd day of April, 2018.

By: */s/ Howard R. Hawkins, Jr.*
    Howard R. Hawkins, Jr.
    * Admitted pro hac vice

USActive 42249529.7