# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, et al.,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO

    Debtor.

PROMESA
Title III

No. 17 BK 3283-LTS

**This Motion relates only to the Commonwealth and shall only be filed in the lead Case No. 17 BK 3283-LTS.**

---------------------------------------------------------------x

### REPLY TO "*OBJECTION OF THE COMMONWEALTH TO MOTION FOR RELIEF FROM STAY FILED BY THAMARI GONZALEZ MARTINEZ, FOR HERSELF AND IN REPRESENTATION OF HER MINOR, EDWIN ALEXANDER MATTA GONZALEZ*"

COMES NOW, Thamari Gonzalez Martinez, for herself and in representation of her minor, Edwin Alexander Matta Gonzalez ("Movant"), through the undersigned counsel, and very respectfully states as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

INTRODUCTION

Before the Honorable Court Movant filed a "Motion for Relief from Stay" ("Stay Relief Motion"), requesting from the Court an entry of order granting relief from the automatic stay allowing Movant to continue with her prepetition action, Thamari Gonzalez *et al* v. Municipio de Naranjito *et al*, DDP2014-0355 (the "Prepetition Action"), against the Commonwealth of Puerto Rico ("Commonwealth"), the Department of Transportation and Public Works (the "DPW") the Municipality of Naranjito ("Municipality of Naranjito"), Multinational Insurance Company[2] ("Multinational") and others, pending before the Puerto Rico Court of First Instance, Superior Court of Bayamón (the "Prepetition Court") for the damages suffered by minor Edwin Alexander Matta in an area controlled by the Commonwealth and/or the Municipality of Naranjito.

On May 9th, 2013, young Edwin Alexander Matta Gonzalez was waking on the sidewalk of 164 Street in the Municipality of Naranjito. As he was waking over a bridge on the same street, and due to the poor maintenance of the area and lack of barriers and/or other security measures, he slipped and fell over a precipice of approximately 20 feet. As a result of the fall, young Edwin fractured his tibia and fibula on both legs and had to endure a surgical intervention to insert metal plates and screws in order to join the bones. For the rest of his life, young Edwin will have limited mobility of both his legs and back, and a permanent residual impediment of 15% of all physiological functions.

The Prepetition Action was stayed, unjustly, by the Prepetition Court on July 5th, 2017. **The Prepetition Court, instead of applying the stay only to the Commonwealth and the DPW, applied the stay to all of the litigation and parties therein.** Even if there is no statutory basis for an extension of the automatic stay to the Municipality of Naranjito, Multinational nor any of the

---

[2] Which is the insurer for the Municipality of Naranjito.

other defendants, which are indisputably separate legal entities from the Commonwealth and the DPW.

As discussed below, it is Movant's respectful opinion that the automatic stay should be lifted in the Prepetition Action as whole. However, if it is the belief oh this Honorable Court that stay should remain in effect in regard to the Commonwealth and the DPW, the Court should emphatically deny the protection of the automatic stay to the other parties in the Prepetition Action. Not doing so would be denying the expeditious and fair resolution of the Prepetition Action, harming movant and favoring the non-debtor third parties which § 362(a) does not encompass nor protect. **The reach of the Automatic Stay is far, but not that far.**

BACKGROUND

1. On March 16, 2018, Movant filed the Stay Relief Motion, requesting from the Court an entry of order granting relief from the automatic stay allowing Movant to continue with the Prepetition Action against the Commonwealth, the DPW, the Municipality of Naranjito, Multinational and others, pending before the Prepetition Court for the damages suffered by minor Edwin Alexander Matta in an area controlled by the Commonwealth and/or the Municipality of Naranjito.

2. In attention to the Stay Relief Motion, on February 14, 2018, this Honorable Court entered an "Order Scheduling Briefing of Motion Requesting Relief from Automatic Stay", setting, among other things, the deadlines for the filing of opposition and reply papers. Pursuant to said scheduling order, "[o]pposition papers to the Motion must be filed by March 30, 2018" and "[m]ovant's reply papers must be filed by April 6, 2018".

3. On March 30, 2018, the Commonwealth filed the document entitled "Objection of the Commonwealth to Motion for Relief from Stay Filed by Thamari Gonzalez Martinez, for

Herself and in Representation of Her Minor, Edwin Alexander Matta Gonzalez" (the "Opposition").

4. On its Opposition, after a brief discussion of the *Sonnax* factors cited by Movant on its Stay Relief Motion, the Commonwealth asserted, wrongly in Movant's opinion, that Movant had failed to establish cause to justify lifting the automatic stay in the Prepetition Action.

5. As further explained below, the Court should enter an order granting relief from the automatic stay, as Movant established in the Prepetition Action that sufficient "cause" exists to lift or modify the automatic stay under section 362(d) of title 11 of the United States Code.

## DISCUSSION

Before we begin with the discussion of the arguments in support of the relief from the automatic stay in favor of Movant, and as on the Stay Relief Motion, it is important to note that said discussion will be focused on the Commonwealth and the DWP, as they are the only defendants in the Prepetition Action that the automatic stay applies to. **Again, there is no statutory basis for an extension of the automatic stay to Municipality of Naranjito, Multinational nor any of the other defendants, which are indisputably separate legal entities from the Commonwealth.**

Regarding *Sonnax* Factor 1, "whether the relief will result in a partial or complete resolution of the issues", Movant's position is that in the event the relief from the automatic stay is granted by this Honorable Bankruptcy Court, it will certainly result in a complete resolution of the issues between the parties. However, Debtor pointed, citing In re Tuab, 413 B.R. 55, 62, that Movant's argument is mistaken since "[t]he first Sonnax factor does not focus on the issues in the stayed litigation"; "[i]nstead, the first Sonnax factor primarily focuses on whether the separate

4

litigation would expeditiously resolve issues relevant to the bankruptcy case" and, therefore, "the lifting of the stay would not resolve issues relevant to the Commonwealth's Title III case." Nothing further from the truth. The issues between the parties in the prepetition action will be resolved expeditiously by lifting the stay and allowing the litigation to continue. Especially, when the Prepetition Court issued the order granting the Commonwealth's petition for a stay on **June 23rd, 2017** and trial was scheduled **for August 22, 23 and 25, 2017;** only two months after the order.

Regarding *Sonnax* Factor 2, "lack of any connection with or interference with the bankruptcy case", Movant's position is that in the issues that are subject to the Prepetition Action will not interfere with the bankruptcy case. Again, and as discussed below, the Prepetition Action is more than ready for trial.

With respect to *Sonnax* Factors 10 and 11, "the interest of judicial economy and the expeditious and economical determination of litigation for the parties" and "whether the foreign proceedings have progressed to the point where the parties are prepared for trial", Movant takes exception with the Commonwealth's position that "the Prepetition Action is still at a preliminary stage." Again, nothing further from truth. The Prepetition Action is ready for trial now and delaying the process or subjecting the action to the claims adjustment process under Title III would only cause harm to Movant, who has tried this case since **May 13th, 2014**. The interest of judicial economy heavily favors Movant in this regard.

Regarding *Sonnax* Factor 12, "the impact of the stay on the parties and the 'balance of hurt'", Movant disagrees with the Commonwealth's (general) position that "[t]he procedural status of the Prepetition Action, the large number of pending lawsuits against the Debtors, the diversion of the Commonwealth's resources to defend Movant's claims, and the prejudice to interests of other similarly situated creditors" favor the continuation of the automatic stay. It is Movant's belief

that at this point of the litigation, the Commonwealth's will only incur on a minimal expenditure of time and resources, **as the cost of litigation had already been budgeted by the Commonwealth's Department of Justice.** However, not allowing Movant to continue the Prepetition Action will not only delay the resolution of its claim but will also make her spend more of her limited resources on litigating the case before this Honorable Court, after already litigating it for almost **4 years** before the Prepetition Court.

Finally, with respect to *Sonnax* Factor 4, "whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases", Movant did not raise said factor in support of its Stay Relief Motion. However, the Commonwealth argued that "[n]o specialized tribunal has been established to hear the Prepetition Action." Movant's respectful opinion is that even though is true that a specialized tribunal has not been established, the most expeditious and economical process for the parties leads to the resolution of the Prepetition Action before the Prepetition Court. Specially, since the alternative option would entail the litigation of such matters before this Honorable Court. In addition, and as it has been repeatedly noted by the Honorable Bankruptcy Court throughout its case law, "[t]he legislative history to section 362(d)(1) emphasizes the section's applicability to proceedings in another forum: "It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." In re Consol. Distribs., 2013 Bankr. LEXIS 3101, citing H.R.Rep. No. 595, 95th Cong., 1st Sess., 341 (1977), U.S. Code & Admin. News 1978, pp. 5787, 5297.

WHEREFORE, Movant respectfully requests this Honorable Court to enter an order lifting the automatic stay pursuant to 11 U.S.C. Sec. 362(d)(1), permitting Movant to exercise all

6

remedies under non-bankruptcy and non-PROMESA law to enforce its rights and obligations related in any way to the claims and causes of action subject of the local court civil action filed by Movant, object of the Stay Relief Motion and the foregoing reply, including the continuation and culmination of the proceedings in the Prepetition Action and grant Movant such other relief as may be just and proper pursuant to Law.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY: That on this same date, we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF Filing system which will send a notification of such to the parties of record and to all interested subscribed users.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 5th day of April 2018.

/S/ Emanuel Rier-Soto
EMANUEL RIER-SOTO, ESQ
U.S.D.C. 304110
*Attorney for Movant*

HC4 Box 12672
Rio Grande, PR 00745
(787) 307-5991
E-Mail: rier.emanuel@gmail.com.