IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Debtor | PROMESA<br>TITLE III<br>Case No. 17 BK 3283-LTS |
| In Re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTOHORITY<br><br>Debtor | TITLE III<br>No. 17 BK 4780-LTS<br><br>Court Filing Relates Only to PREPA and Shall only be Filed Case No. 17- BK-4780 (LTS) and Main Case 17- BK-3283 (LTS) |

**MOTION FOR RELIEF OF STAY**

TO THE HONORABLE COURT:

**COMES** NOW Master Link Corporation ("Movant" or "ML"), through the undersigned counsel and very respectfully move the Court for an Order pursuant to 11 U.S.C. sec. 362 for relief of the automatic stay, and in support of this motion, states and prays:

**I.    JURISDICTION AND VENUE**

1.    The United States District Court has subject matter jurisdiction over this matter under Section 306(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"); Sections 362(d) and 553 of Title 11 of the United States Bankruptcy Code, applicable to this proceeding under section 301 of PROMESA, 48 U.S.C. § 2101 et seq.; and, Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure.

2. Venue is proper under PROMESA section 307(a).

## II. FACTUAL BACKGROUND

3. On August 25, 2016, Movant filed a complaint for breach of contract and damages against the Puerto Rico Electric Power Authority ("PREPA"), captioned *Master Link Corporation v. Autoridad de Energía Eléctrica*, Case Number K AC2016-0818 (604), before the Puerto Rico Court of First Instance in San Juan.

4. Movant claimed that PREPA breached its obligations under Contract Number 2011-P00067 (0912653) ("the Contract") executed on January 3, 2011, for the rehabilitation of the Municipality of Culebra´s Power Station facilities with capacity to generate six (6) megawatts, when the project was at approximately 95% of its conclusion.

5. In its Complaint, Movant is requesting the Court to enter a judgment granting the following remedies:

   a. That PREPA's termination of the contract for the alleged default by Movant ML was null and void, because it was made in contravention of the proceedings provided in Article 24.3.1 of the Contract; and, the project was substantially completed.

   b. To order PREPA to allow Movant ML to complete any outstanding work under the scope of the Contract.

   c. To declare null and void PREPA's request to execute Movant ML's performance bond.

   d. The amount of $500,000.00 for actual or future damages to Movant ML by PREPA's request to execute its performance bond.

   e. To declare null and void PREPA's suspension of Movant from its Suppliers Registry.

   f. The amount of $800,000.00 for damages to ML's commercial reputation and economic losses due to PREPA's decision to suspend it from its Suppliers Registry.

   g. To declare that the project was substantially completed and, therefore, PREPA owes Movant ML the retained amount of $235,069.08, plus default interest since October 7, 2014, which continue to accrue at the annual rate of 9.45%.

      h.      Default interest in the amount of $35,810.07 for PREPA's late payment of Movant ML's certificates for payment of work performed, which continue to accrue at the annual rate of 9.45%.

      i.      The total amount of $2,521,854.90 for extended overhead for time extension beyond the Contract's original term for causes not attributable to Movant, plus annual interest at the rate of 9.45%;

      j.      The amount of $225,514.39 for work performed by Movant that has not been paid, pending the execution of an amendment to the Contract, plus default interest at the annual rate of 9.45%.

      k.      The amount of $25,180.23 for demobilization expenses, plus default interest at the annual rate of 9.45%.

      l.      The amount of $300,000.00 for damages to Movant ML caused by PREPA's intentional and fraudulent breach of contract, including attorney fees actually incurred as a result thereof.

      m.      Costs and attorney fees for PREPA's obstinacy.

6.      On September 30, 2016, Movant filed a Motion for Partial Summary Judgment. On October 13, 2016, Movant filed a Motion for Entry of Default, since PREPA has not filed any appearance or request for extension. PREPA finally filed a Notice of Appearance on October 17, 2016 and its Answer to Complaint on October 21, 2016.

7.      On July 2, 2017, when PREPA commenced a proceeding under Title III of PROMESA, written discovery was almost completed and depositions were about to commence. The Motion for Summary Judgment filed by Movant was unopposed, because the Court had extended PREPA's deadline, which expired after the case was stayed. On September 18, 2017, the Court of First Instance issued Judgment staying the case, which was entered and filed on December 7, 2017.

8.      Movant files this Motion for Relief of Stay pursuant to Paragraph III. Q of the operative Case Management Order. Pursuant to Paragraph III.Q., Movant certifies that it

requested debtor and the Board's attorneys to meet and confer during the required Lift Stay Notice period in an attempt to resolve its request for relief from the automatic stay prior to filing the instant motion. See, **Exhibit 1**. Movant's letter was followed up with multiple calls to attorneys for the Board, but to no avail. Since the Lift Stay Notice Period was due on February 20, 2018, and the debtor and the Board's attorneys' have failed to respond, Movant has showed exigent circumstances for not been able to meet and confer in order to try to reach an agreement.

### III. RELIEF REQUESTED

9. Movant seeks a modification of the stay imposed by Section 362 of the Bankruptcy Code so that it may continue the Commonwealth Court litigation, the breach of contract and damages, issues which are governed by Puerto Rico law, **provided, however, that it will not execute against any assets of the estate, without further order of this Court.** Furthermore, the Court may take judicial notice of the damages caused by Hurricane Maria to the electric grid of Puerto Rico and, even more, to the islands of Culebra and Vieques. Should the Court lift the stay and the litigation continues before the Commonwealth Court and Movant is successful in its litigation, it may conclude the project, which would constitute a matter of public interest.

### IV. BASIS FOR MODIFICATION OF STAY

10. Pursuant to 11 U.S.C. § 362(d), a bankruptcy court may modify the automatic stay "for cause" to permit the liquidation of a claim in a different court in a pending action. See, *In re Murray Industries, Inc.*, 121 B.R. 635, 636 (Bankr. M.D. Fla. 1990). Although a creditor must make a prima facie case to justify relief from the stay, the Debtor has the ultimate burden of persuasion that "cause" for relief does not exist under § 362 (d). See, *In re Anton*, 145 B.R. 767, 769 (Bankr. E.D.N.Y. 1992).

11. Even though Section 362(d)(1) permits a "party in interest" to obtain relief from the Bankruptcy Code's automatic stay provision "for cause", 11 U.S.C. § 362(d)(1), the statute does not define what constitutes "cause", so the Courts have identified a number of factors to be considered in making that determination, such as: (1) the harm to the party seeking relief from the stay if the stay is not lifted (i.e., *Peerles Insurance Company v. Peerless Insurance Company*, 208 B.R. 313 (D.R.I. 1997); (2) the harm to the debtor if the stay is lifted (i.e., *In Re Annie's, Inc.*, 201 B.R. 29 (Bankr. R.I. 1996); (3) the interests of creditors; and, (4) the effect on the fair and efficient administration of justice. See, *In Re Unanue-Casal*, 159 B.R. 90, 95-96 (D.P.R.1993), aff'd, 23 F.3d 395 (1st Cir.1994) (listing twelve factors).

12. In *Sonnax Indus., Inc. v. TriComponent Prods. Corp.* (*In re Sonnax Indus., Inc.*), 907 F.2d 1280 (2d Cir. 1990), Court of Appeals for the Second Circuit enumerated the factors that should be analyzed for purposes of evaluating relief from the automatic stay:

    a. Whether relief would result in a partial or complete resolution of the issues;

    b. Lack of any connection with or interference with the bankruptcy case;

    c. Whether the other proceeding involves the debtor as a fiduciary;

    d. Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

    e. Whether the debtor's insurer has assumed full responsibility for defending it;

    f. Whether the action primarily involves third parties;

    g. Whether litigation in another forum would prejudice the interests of other creditors;

    h.    Whether the judgment claim arising from the other action is subject to equitable subordination;

    i.    Whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

    j.    The interests of judicial economy and the expeditious and economical resolution of litigation;

    k.    Whether the parties are ready for trial in the other proceeding; and,

    l.    Impact of the stay on the parties and the balance of harms.

13.    Notwithstanding, bankruptcy courts consistently modify the stay to allow pending litigation to continue when, as in Movant's case, the requested relief from the stay will promote judicial economy and create saving for the litigants without undue prejudice to the estate. See, e.g. *In re Tricare Rehabilitation Systems, Inc.*, 181 BR 569 (Bankr. N.D. Ala. 1994); and, *In re Robbins*, 964 F.2d 342 (4th Cir. 1992). To that effect, in *In Re Annie's, Inc.*, *supra*, the court stated "[w]here neither prejudice to the bankruptcy estate nor interference with the bankruptcy proceeding is demonstrated, the desire of a stayed party to proceed in another forum is sufficient cause to warrant lifting the automatic stay." See also, *In C & A, S. E., v. Puerto Rico Solid Waste Management Authority*, 360 B.R. 12 (Bankr.P.R. 2006).

14.    Movant contends that this case warrants the relief from stay, because: (a) the causes of action and the filing of its complaint are prepetition; (b) at the time of the stay, the depositions were the only pending discovery; and, afterwards, PREPA had a deadline to file its opposition to Movant's motion for summary judgment; (c) the interests of judicial economy, and of the expeditious resolution of litigation, are best served by permitting the lawsuit to proceed; (d) the lifting of the automatic stay would result in a complete resolution of all the issues and

causes of action of the complaint, which are exclusively controlled by Puerto Rico's contract law, and the state courts have the expertise in this area; (e) the state court's resolution of the case will not interfere with the management of the PROMESA Title III case or prejudice the interest of other creditors, because the requested modification of the automatic stay would be limited to the extent necessary to enable the parties to obtain a judgment; (f) it could also resolve the question of quantification of PREPA's financial liability to Movant; (g) the Title III stay would continue to apply in all other respects to the prepetition action including, but not limited to, the execution and enforcement of any judgment for damages and provisional remedies; and, (h) **finally, as discussed, damages caused by Hurricane Maria to the electric grid of Puerto Rico were even more catastrophic in the islands of Culebra and Vieques. Hence, restoring the electric power constitutes a matter of public interest. Upon information and belief, the Federal Emergency Management Agency (FEMA) is trying to find a solution to supply power to the islands of Vieques and Culebra, including the construction of a new back up power plant. Considering PREPA and the central government's dire financial situation, it would be more beneficial to lift the stay of the proceedings and the continuance of the litigation, because if Movant is successful in its litigation, it may be able to conclude the project and supply electric power to Culebra and, the power in excess, would partially supply Vieques.**

15. On the other hand, **if the stay is not lifted or modified, Movant would suffer irreparable harm**, because PREPA's illegal request to execute its performance bond would result in the retention of a company to conclude the outstanding work under the Contract by the bond company and a suit against Movant for all the amounts spent to that effect. Moreover, if PREPA's illegal decision to suspend Movant from its Suppliers Registry is not vacated by the

state court, Movant will continue to suffer damages to its commercial reputation and economic losses. Undoubtedly, the harm that would result to Movant from the continuation of the stay would outweigh any harm that might be suffered by PREPA if the stay is not lifted.

16. In conclusion, the Court should modify the automatic stay and allow the continuation of the pending litigation, as there is "cause" pursuant to Section 362(d)(1) of the Bankruptcy Code: the Pending Litigation is a purely a matter of Commonwealth law; as of the Bankruptcy Petition date the aforesaid litigation had already commenced and can be timely adjudicated.

**WHEREFORE**: Movant ML respectfully requests from the Honorable Court a modification of the stay imposed by Section 362 of the Bankruptcy Code so that it may continue the Commonwealth Court litigation of all issues which are governed by Puerto Rico law, provided, however, that Movant will not execute against any assets of the estate, without further order of this Court.

**RESPECTFULLY SUBMITTED**.

**I HEREBY CERTIFY** that on this date, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

In San Juan, Puerto Rico, this April 5th, 2018.

**S/Henry Vázquez Irizarry**
USDC No. 205011
Bufete Vázquez Irizarry, CSP
Urb. Villa Fontana Park
Calle Parque Luis M. Rivera 5 HH6
Carolina, PR 00983
Tel. (787) 724-7514 / 787-645-2241
Fax (888) 518-1318
hvilaw@gmail.com