IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Debtor | PROMESA<br>TITLE III<br>Case No. 17 BK 3283-LTS |
| In Re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTOHORITY<br><br>Debtor | TITLE III<br>No. 17 BK 4780-LTS<br><br>Court Filing Relates Only to PREPA and Shall only be Filed Case No. 17- BK-4780 (LTS) and Main Case 17- BK-3283 (LTS) |

**MOTION FOR RELIEF OF STAY**

TO THE HONORABLE COURT:

**COMES** NOW Wide Range Corporation ("Movant"), through the undersigned counsel and very respectfully move the Court for an Order pursuant to 11 U.S.C. sec. 362 for relief of the automatic stay, and in support of this motion, states and prays:

I.     **JURISDICTION AND VENUE**

1.     The United States District Court has subject matter jurisdiction over this matter under Section 306(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"); Sections 362(d) and 553 of Title 11 of the United States Bankruptcy Code, applicable to this proceeding under section 301 of PROMESA, 48 U.S.C. § 2101 et seq.; and, Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure.

2. Venue is proper under PROMESA section 307(a).

## II. FACTUAL BACKGROUND

3. On December 14, 2016, Movant filed a complaint against the Puerto Rico Electric Power Authority ("PREPA") before the Court of First Instance of Puerto Rico, San Juan Part, captioned *Wide Range Corporation v. Autoridad de Energía Eléctrica*, Civil Case # K AC2016-1247 (806), challenging the delay penalties imposed by PREPA, in connection with Purchase Order #0060116 and Purchase Order #0061068.

4. Said purchase orders were submitted by PREPA to Global Engineering Group, Inc.: (a) On November 17, 2011, PREPA submitted a purchase order for the supply of two (2) transformers of 150-40 KV, 150 MVA, to be manufactured by Chint Electric Co., LTD, a company from the Republic of China (Purchase Order #0060116); and, (b) on January 12, 2012, PREPA submitted another purchase order to Global Engineering Group for the supply of two (2) transformers of 38-13.2 KV, 18, 24, 30, 33.6 MVA to be also manufactured by Chint Electric Co., LTD, a company from the Republic of China (Purchase Order #0061068). These transformers were to be used as back up by PREPA.

5. GEG was a corporation organized under the laws of the State of Florida, which underwent a process of assignment for the benefits of creditors before the First Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida", Case No. 12-40682CA23. On November 9, 2012, the Court granted Movant WR a contract for the management of GEG and Global Engineering Caribbean, Inc.'s assets and projects, while the process for the purchase of those corporations by WR was completed.

6. On December 4, 2012, Movant acquired corporations GEG and GEC, including their assets, as well as GEG's purchase orders from PREPA. Prior to Movant's acquisition, on

June 20, 2012, PREPA had ordered GEG to proceed with Purchase Order 0060116, so the 240 days to comply was due on February 15, 2013. As to Purchase Order 0061068, PREPA's order to proceed to GEG was given on July 23, 2012, so the 240 days to conclude it was due on March 20, 2013. By February 14, 2013, the transformers' manufacturing was completed (100%) and what was left was the wiring through galvanized pipeline, the connection of the panel to the transformers and minor adjustments to said panel's pipelines. On February 20, 2013, PREPA and GEG executed an Agreement to Assemble, Complete, Certify and Receive at Warehouse 005 the Transformers Object of Purchase Orders 0060116 and 0061068. GEG's duty to perform the pending jobs was ratified.

7. On May 28, 2013, PREPA executed two purchase orders transferring GEG's purchase orders to Movant. After the transformers were delivered to PREPA, the remaining wiring and adjustments jobs were performed by two subcontractors. These jobs were concluded on June 25, 2013 and accepted by PREPA on June 28, 2013. Their cost was $48,824.00, which represents 1% of the total price of GEG's purchase orders ($50,000.00/$4,991,066.00), which demonstrates that when the last transformers were delivered to PREPA on February 15, 2013, the contracted job was at 99% of completion.

8. Notwithstanding the aforementioned, PREPA imposed delay penalties to Movant in connection with Purchase Order #0060116 and Purchase Order #0061068 for the amount of $499,106.60.

9. In its complaint, Movant is requesting the Court to enter a judgment granting the following remedies:

    a. PREPA's reimbursement of the amount of $499,106.60 retained to WR for delay penalties, plus default interest at the annual rate of 9.45%.

  b. In the alternative, that the delay penalty should be equitably reduced to $5,000.00, or 10% of $50,000.00; and, consequently, that PREPA should reimburse Movant WR the amount of $494,106.00.

  c. Costs, interest and attorney fees for PREPA's obstinacy.

10. On July 2, 2017, when PREPA file its petition under PROMESA's Title III, written discovery was almost completed and depositions were scheduled for the months of July and August, 2017. On February 7, 2017, Movant WR had filed a Motion for Summary Judgment, which was unopposed because PREPA's deadline to oppose the Motion, as well as the **Pre Trial and Settlement Conference that was already scheduled for November 7, 2017**, were stayed due to PREPA's filing of its petition under PROMESA Title III. On August 1, 2017, the Court of First Instance issued Resolution staying the case.

11. Movant WR files this Motion for Relief of Stay pursuant to Paragraph III. Q. of the operative Case Management Order. Pursuant to Paragraph III. Q., Movant certifies that it requested debtor and the Board's attorneys to meet and confer during the required Lift Stay Notice period in an attempt to resolve its request for relief from the automatic stay prior to filing the instant motion. See, **Exhibit 1**. Movant's letter was followed up with multiple calls to attorneys for the Board, but to no avail. Since the Lift Stay Notice Period was due on February 20, 2018, and the debtor and the Board's attorneys' have failed to respond, Movant has showed exigent circumstances for not been able to meet and confer in order to try to reach an agreement.

### III. RELIEF REQUESTED

12. Movant seeks a modification of the stay imposed by Section 362 of the Bankruptcy Code so that it may continue the Commonwealth Court litigation, the breach of

contract and damages, issues which are governed by Puerto Rico law, provided, however, that it will not execute against any assets of the estate, without further order of this Court.

## IV. BASIS FOR MODIFICATION OF STAY

13. Pursuant to 11 U.S.C. § 362(d), a bankruptcy court may modify the automatic stay "for cause" to permit the liquidation of a claim in a different court in a pending action. See, *In re Murray Industries, Inc.*, 121 B.R. 635, 636 (Bankr. M.D. Fla. 1990). Although a creditor must make a prima facie case to justify relief from the stay, the Debtor has the ultimate burden of persuasion that "cause" for relief does not exist under § 362 (d). See, *In re Anton*, 145 B.R. 767, 769 (Bankr. E.D.N.Y. 1992).

14. Even though Section 362(d)(1) permits a "party in interest" to obtain relief from the Bankruptcy Code's automatic stay provision "for cause", 11 U.S.C. § 362(d)(1), the statute does not define what constitutes "cause", so the Courts have identified a number of factors to be considered in making that determination, such as: (1) the harm to the party seeking relief from the stay if the stay is not lifted (i.e., *Peerles Insurance Company v. Peerless Insurance Company*, 208 B.R. 313 (D.R.I. 1997); (2) the harm to the debtor if the stay is lifted (i.e., *In Re Annie's, Inc.*, 201 B.R. 29 (Bankr. R.I. 1996); (3) the interests of creditors; and, (4) the effect on the fair and efficient administration of justice. See, *In Re Unanue-Casal*, 159 B.R. 90, 95-96 (D.P.R.1993), aff'd, 23 F.3d 395 (1st Cir.1994) (listing twelve factors).

15. In *Sonnax Indus., Inc. v. TriComponent Prods. Corp.* (*In re Sonnax Indus., Inc.*), 907 F.2d 1280 (2d Cir. 1990), Court of Appeals for the Second Circuit enumerated the factors that should be analyzed for purposes of evaluating relief from the automatic stay:

    a.    Whether relief would result in a partial or complete resolution of the issues;

    b.    Lack of any connection with or interference with the bankruptcy case;

    c.    Whether the other proceeding involves the debtor as a fiduciary;

    d.    Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

    e.    Whether the debtor's insurer has assumed full responsibility for defending it;

    f.    Whether the action primarily involves third parties;

    g.    Whether litigation in another forum would prejudice the interests of other creditors;

    h.    Whether the judgment claim arising from the other action is subject to equitable subordination;

    i.    Whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

    j.    The interests of judicial economy and the expeditious and economical resolution of litigation;

    k.    Whether the parties are ready for trial in the other proceeding; and,

    l.    Impact of the stay on the parties and the balance of harms.

16.    Notwithstanding, bankruptcy courts consistently modify the stay to allow pending litigation to continue when, as in Movant's case, the requested relief from the stay will promote judicial economy and create saving for the litigants without undue prejudice to the estate. See, e.g. *In re Tricare Rehabilitation Systems, Inc.*, 181 BR 569 (Bankr. N.D. Ala. 1994); and, *In re Robbins*, 964 F.2d 342 (4th Cir. 1992). To that effect, in *In Re Annie's, Inc.*, *supra*, the court stated "[w]here neither prejudice to the bankruptcy estate nor interference with the bankruptcy

proceeding is demonstrated, the desire of a stayed party to proceed in another forum is sufficient cause to warrant lifting the automatic stay." See also, *In C & A, S. E., v. Puerto Rico Solid Waste Management Authority*, 360 B.R. 12 (Bankr.P.R. 2006).

17. Movant contends that its case warrants the relief from stay, because: (a) the causes of action and the filing of the complaint are prepetition; (b) at the time of the stay, the scheduled depositions were the only pending discovery; afterwards, PREPA had a deadline to file its opposition to Movant WR's motion for summary judgment; and, Pre Trial and Settlement Conference was already scheduled; (c) the interests of judicial economy, and of the expeditious resolution of litigation, are best served by permitting the lawsuit to proceed; (d) the lifting of the automatic stay would result in a complete resolution of all the issues and causes of action of the complaint, which are exclusively controlled by Puerto Rico's contract law, and the state courts have the expertise in this area: (e) the state court's resolution of the case will not interfere with the management of the PROMESA Title III case or prejudice the interest of other creditors, because the requested modification of the automatic stay would be limited to the extent necessary to enable the parties to obtain a judgment; (f) it could also resolve the question of quantification of PREPA's financial liability to Movant; and, (g) the Title III stay would continue to apply in all other respects to the prepetition action including, but not limited to, the execution and enforcement of any judgment for damages and provisional remedies.

18. On the other hand, if the stay is not lifted or modified, the state court would not be able to vacate the delay penalties imposed by PREPA to Movant WR. Therefore, PREPA's record will continue to incorrectly show that Movant WR incurred in delays in its compliance with the purchase orders, which will continue to harm its commercial reputation. Undoubtedly,

the harm that would result to Movant WR from the continuation of the stay would outweigh any harm that might be suffered by PREPA if the stay is not lifted.

19. In conclusion, the Court should modify the automatic stay and allow the continuation of the pending litigation, as there is "cause" pursuant to Section 362(d)(1) of the Bankruptcy Code: the Pending Litigation is a purely a matter of Commonwealth law; as of the Bankruptcy Petition date the aforesaid litigation had already commenced and can be timely adjudicated.

**WHEREFORE**: Movant WR respectfully requests from the Honorable Court a modification of the stay imposed by Section 362 of the Bankruptcy Code so that it may continue the Commonwealth Court litigation of all issues which are governed by Puerto Rico law, provided, however, that Movant will not execute against any assets of the estate, without further order of this Court.

**RESPECTFULLY SUBMITTED**.

**I HEREBY CERTIFY** that on this date, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

In San Juan, Puerto Rico, this April 6th, 2018.

**S/Henry Vázquez Irizarry**
USDC No. 205011
Bufete Vázquez Irizarry, CSP
Urb. Villa Fontana Park
Calle Parque Luis M. Rivera 5 HH6
Carolina, PR 00983
Tel. (787) 724-7514 / 787-645-2241
Fax (888) 518-1318
hvilaw@gmail.com