# Bufete Vázquez Irizarry, C.S.P.

Henry Vázquez-Irizarry
Attorney-at-Law & Civil Law Notary
Corporate & Real Estate Law
Personal Injury

January 30, 2017

**The Financial Oversight and Management
Board for Puerto Rico**
Attn: Hermann Bauer Hermann.Bauer@oneillborges.com)
    Ubaldo M. Fernández Barrera (ubaldo.fernandez@oneillborges.com)
O'Neill & Borges LLC
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813

**AAFAF for PREPA**
Attn: Kevin Finger (fingerk@gtlaw.com)
Greenberg Traurig LLP
MetLife Building
200 Park Avenue
New York, New York 10166

*In Re*: **The Financial Oversight and Management Board for Puerto Rico,
as representative of Puerto Rico Electric Power Authority,
PROMESA Title III, USDC Civil No. 17-04780 (LTS)**

**NOTICE OF LIFT OF STAY
Wide Range Corporation v. PREPA
Civil Case # K AC2016-1247 (806)
Court of First Instance of Puerto Rico, San Juan Part**

Dear Colleagues:

The undersigned is the attorney for plaintiff Wide Range Corporation (hereinafter WR) in the matter of reference. In compliance with the Third Amended Notice, Case Management and Administrative Procedures to Further Revise Protocol for Stay Relief Motions, Docket 1512-1 (Q), WR is hereby advising of its intent to seek relief from the automatic stay resulting from PREPA's petition under Title III of PROMESA (the "Lift Stay Notice" and the notice period, the "Lift Stay Notice Period"). The requested information is the following:

Urb. Villa Fontana Park, Calle Parque Luis M. Rivera 5 HH6, Carolina, PR 00983
Tel. (787) 724-7514 - (787) 645-2241 / Fax (888) 518-1318 / hvilaw@gmail.com

Notice of Lift of Stay
January 30, 2018
Page 2 of 3

(i) <u>Identity of the movant and its contact information</u>: Wide Range Corporation, PO Box 2186, Barceloneta PR 00617, Tel. (787) 846-7654 / (787) 846-7655. Notwithstanding, regarding this matter, any contact with movant should be through the undersigned.

(ii) <u>Lawsuit for which movant seeks relief from the automatic stay, including the relevant case number and court information</u>: In the case of reference, plaintiff Wide Range is challenging the delay penalties imposed by PREPA, in connection with Purchase Order #0060116 and Purchase Order #0061068. The case number and court information is contained in the above reference.

(iii) <u>Amount of the claim(s) and the asserted causes of action</u>: In its Complaint, plaintiff WR is requesting the Court to enter a judgment granting the following remedies:

    a. PREPA's reimbursement of the amount of $499,106.60 retained to WR for delay penalties, plus default interest at the annual rate of 9.45%.

    b. In the alternative, the delay penalty should be equitably reduced to $5,000.00, or 10% of $50,000.00; and, consequently, that PREPA reimburses WR the amount of $494,106.00.

    c. Costs, interest and attorney fees for PREPA's obstinacy.

(iv) <u>Brief description of the status of the underlying claim(s), lawsuit(s), or proceeding(s)</u>: as per the state court's scheduling, at the moment of the stay, written discovery was almost completed and depositions were scheduled for the months of July and August, 2017. On February 7, 2017, WR filed a Motion for Summary Judgment. PREPA's deadline to oppose the Motion, as well as the **Pre Trial and Settlement Conference scheduled for November 7, 2017**, were stayed due to PREPA's filing of the petition under PROMESA's Title III.

(v) <u>Cause as to why the stay should be lifted</u>: In the case of reference, the causes of action and the filing of the complaint are prepetition. At the time of the stay, the scheduled depositions were the only pending discovery; afterwards, PREPA had a deadline to file its opposition to WR's motion for summary judgment; and, Pre Trial and Settlement Conference was already scheduled. The lifting of the automatic stay would result in a complete resolution of all the issues and causes of action of the complaint, which are exclusively controlled by Puerto Rico's contract law, and the state courts have the expertise in this area. The state court's resolution of the case will not interfere with the management of the PROMESA Title III case or prejudice the interest of other creditors, because the requested modification of the automatic stay would be limited to the extent necessary to enable the parties to obtain a judgment. The Title III stay would

**Notice of Lift of Stay**
**January 30, 2018**
**Page 3 of 3**

continue to apply in all other respects to the prepetition action including, but not limited to, the execution and enforcement of any judgment for damages and provisional remedies. However, if the stay is not lifted or modified, the state court would not be able to vacate the delay penalties imposed to WR by PREPA. Therefore, PREPA's record will continue to show that WR incurred in delays in its compliance with the purchase orders, which will continue to harm WR's commercial reputation. Undoubtedly, the harm that would result to WR from the continuation of the stay would outweigh any harm that might be suffered by PREPA if the stay is not lifted.

In view of the aforementioned, WR is hereby requesting to meet and confer (in person or telephonically) to attempt to resolve WR's request for relief from the automatic stay on any of the following dates: **February 6, 12 and 15, at 3:30 p.m.** Please take notice that the fifteen (15) business days prior to filing a Stay Relief Motion to continue a prepetition ordinary course civil action, **Lift Stay Notice Period, will be due on February 20, 2018**.

Sincerely,

Henry Vázquez Irizarry