# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

|   |   |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**RESPONSE TO REPLY MEMORANDUM IN FURTHER SUPPORT OF OBJECTIONS OF ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP. AND NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION <u>TO THE MAGISTRATE JUDGE'S FEBRUARY 26, 2018 ORDER</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Commonwealth of Puerto Rico (the "Commonwealth"), as a Title III Debtor, by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Commonwealth's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF," and together with the Commonwealth and Oversight Board, "Respondents"), hereby respond to the *Reply Memorandum in Further Support of Objections of Assured Guaranty Corp., Assured Guaranty Municipal Corp. and National Public Finance Guarantee Corporation to the Magistrate Judge's February 26, 2018 Order*. ECF No. 2835 (the "Objection Reply").

### ARGUMENT

The Court of First Instance's decision in *Bhatia-Gautier v. Rosselló- Nevares*, Civil No. SJ2017CV00271 (P.R. Super. Ct. Mar. 16, 2018) ("*Bhatia-Gautier II*") does not support modifying Judge Dein's order or the Objectors'[2] demands for all materials exchanged between AAFAF, the FOMB, and their respective advisors regarding the Fiscal Plan.

*Bhatia-Gautier II* is factually distinguishable from this case. Plaintiff there requested one document — the Fiscal Year 2018 budget that the Governor submitted to the FOMB for approval on April 30, 2017.[3] AAFAF has not asserted that the deliberative process privilege covers the analogous document created in the Fiscal Plan process. To the contrary, AAFAF has made

---

[2] Capitalized terms have the same meaning as in the *Response to Objections of Assured Guaranty Corp., Assured Guaranty Municipal Corp. and National Public Finance Guarantee Corporation to the Magistrate Judge's February 26, 2018 Order* ("Objection Response"). ECF No. 2798.

[3] The Order attached to Objectors' Informative Motion, ECF No. 2815, erroneously refers to the document at issue as a draft "Fiscal Plan" rather than a draft "Budget." On March 19, 2018, the court *sua sponte* revised its order to substitute "Budget" for "Fiscal Plan." A certified translation of the Amended Order is attached hereto as Exhibit A. All citations herein to *Bhatia-Gautier II* refer to the Amended Order.

public every version of every fiscal plan the Governor has submitted to the FOMB for certification, even before Objectors served their Rule 2004 requests.[4] The FOMB has similarly publicized the results of its review of those drafts.[5] In addition, as Objectors concede, AAFAF has made the model and factual backup materials underlying the certified Commonwealth Fiscal Plan available to Objectors in the Data Room. *See* February 26, 2018 Order, ECF No. 2590 at 6. AAFAF also committed to making corresponding materials available with respect to the 2018 Commonwealth Fiscal Plan, once it is certified. Accordingly, the ruling in *Bhatia-Gautier II* that the public interest in disclosure of the budget draft outweighed the Government's privilege claim does not support the release of all of the deliberations underlying development of the fiscal plans, as Objectors' demand. *Cf.* Objection Reply, ECF No. 2835 at 5.

Objectors misuse *Bhatia-Gautier II* to seek access to deliberative communications and pre-decisional working materials exchanged between Respondents and their respective advisors. *See, e.g.*, Br. in Support of Production and Use of Fiscal Plan Development Materials, ECF No. 2223 at 4 (demanding production of "all versions of the in-development Fiscal Plans submitted to the Oversight Board, drafts of those fiscal plans, and communications between the Oversight Board and the Commonwealth with respect to those fiscal plans."). But no analogous materials were ordered produced there: plaintiff "specified that he only wanted access to the numbers and data" contained in the final budget submitted to the FOMB. *Bhatia-Gautier II* at 22. The court

---

[4] *See* http://www.aafaf.pr.gov/ (recent documents list) (April 5, 2018 drafts for Commonwealth, PRASA, PREPA, PRHTA, and UPR); http://www.aafaf.pr.gov/documents.html#fiscalplanspin (March 23, 2018 drafts for Commonwealth, COSSEC, PRASA, PREPA, PRHTA, and UPR; February 12, 2018 draft for Commonwealth; January 24, 2018 drafts for Commonwealth, PRASA, and PREPA; April 28, 2017 certified plans for GDB, PRASA, PREPA, and PRHTA; April 26, 2017 corrections to Commonwealth Fiscal Plan; March 13, 2017 certified Commonwealth Fiscal Plan; January 28, 2017 Commonwealth draft; October 14, 2016 Commonwealth draft).

[5] *See* https://juntasupervision.pr.gov/index.php/en/documents/.

ordered the budget produced because it was not convinced that "mental impressions or public policy decisions" are part of the document. *Id.* at 23. But those "mental impressions" that *Bhatia-Gautier II* recognized were protected are precisely what Objectors demand here:

> Without allowing the Court to see how the Fiscal Plan was developed, the court cannot know which data was relied on and which data was left on the cutting room floor. . . . Movants are likewise entitled to versions of the Fiscal Plan submitted to the Oversight Board that the Board does *not* certify, drafts of the Fiscal Plan, and communications between the Oversight Board and the Commonwealth regarding those plans. **Knowledge of the alternatives that were presented but rejected—and, critically, the reasons for the rejection—is necessary** to know whether the Fiscal Plan that is ultimately certified does, in fact, provide creditors with the maximum that the debtor could reasonably pay.

*Id.* at 5-6 (bolding added). *Bhatia-Gautier II* provides Objectors no support on this point, because information "left on the cutting room floor" was not at issue there. *See Bhatia-Gautier II* at 1, n.2 ("Note that the plaintiff is only requesting the draft [budget] submitted to the Board. The plaintiff has never requested any supporting documents, recommendations, decisions, or statements from Government staff members and/or advisors in connection with the deliberative process for the development of the draft [budget].")

Objectors also cite *Bhatia-Gautier II* to argue that Respondents waived privilege assertions by failing to provide a document-by-document privilege log showing every scrap of paper generated in the fiscal plan deliberation process. Objection Reply, ECF No. 2835 at 3-4. But Judge Dein has already found that doing that kind of log imposes an unjustifiable burden on Respondents and ordered the type of categorical log used in every proceeding in these Title III cases. That decision should not be disturbed.

Moreover, *Bhatia-Gautier II* does not support the argument that the deliberative process privilege is inapplicable to communications between AAFAF and the FOMB. *Cf.* Objection Reply, ECF No. 2835 at 4-5. *Bhatia-Gautier II* held the draft budget was not protected because

3

"the Board's involvement [was] limited to verifying the compliance of the [budget]" and the budget draft therefore did not contain deliberations. *Bhatia-Gautier II* at 23. Here, the Objectors demand precisely these underlying deliberations that *Bhatia-Gautier II* acknowledged would be protected, which were not at issue in that case.[6] *Id.* at 1, n.2, 23.

## CONCLUSION

Nothing in *Bhatia-Gautier II* dictates that Respondents must make public pre-decisional materials, the disclosure of which would have a chilling effect on fiscal plan deliberations. For the reasons stated above and in the Objection Response, Respondents respectfully request that the Court overrule the Objection.

---

[6] Nor does *Bhatia-Gautier II* support Objectors' tendentious claim that all parties to a deliberative process must be in complete agreement for the privilege to apply. *See also* Objection Response, ECF No. 2798 at 10-11. Respondents have already refuted this contention. (Objection Response, ECF No. 2798 at 10-11).

4

Dated: April 9, 2018
      San Juan, Puerto Rico

*/s/ Gregg M. Mashberg*
Martin J. Bienenstock
Stephen L. Ratner
Timothy W. Mungovan
Paul V. Possinger
Gregg M. Mashberg
 (Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
*Attorneys for the Financial Oversight and Management Board and as representative of the Commonwealth*

*/s/ Hermann D. Bauer*
Hermann D. Bauer (USDC No. 215205)
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
*Co-Attorneys for the Financial Oversight and Management Board and as representative of the Commonwealth*

Respectfully submitted,

*/s/ Peter Friedman*
John J. Rapisardi
Peter Friedman
Elizabeth L. McKeen
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

*/s/ Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Email: lmarini@mpmlawpr.com

*s/ Carolina Velaz-Rivero*
Carolina Velaz-Rivero
USDC No. 300913
E:mail: cvelaz@mpmlawpr.com

MARINI PIETRANTONI MUÑIZ LLC
MCS Plaza, Suite 500
255 Ponce de León Ave.
San Juan, Puerto Rico 00917
Tel: (787) 705-2171
Fax: (787) 936-7494

*Co-Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

5