# EXHIBIT E

March 1, 2018

**By E-Mail**

Gary A. Orseck, Esq.
Robbins, Russell, Englert,
Orseck, Utereiner & Sauber LLP
1801 K Street N.W., Suite 411L
Washington, D.C. 20006

Re: *In re Commonwealth of Puerto Rico,* No. 17-03283-LTS

Dear Mr. Orseck:

  We write in response to your letters dated February 21, 2018 and February 27, 2018.

***Confidentiality Designations***

  Your February 27, 2018 letter mischaracterizes Judge Dein's February 26, 2018 order with respect to confidentiality restrictions. Judge Dein did not order all of the data room documents to be "deemed produced" pursuant to Rule 2004 such that confidentiality restrictions must be immediately lifted as your letter suggests.

  The language you selectively quoted out of context from Judge Dein's order reads in full: "The question that remains to be answered is whether that material should be deemed produced pursuant to Rule 2004 and, therefore, freely used without restriction in this litigation or otherwise." Op. at 7. Judge Dein answered her own question in the very next paragraph as follows: "[T]his Court concludes that the Fiscal Plan Development Materials are discoverable under Rule 2004. ***However, Movants have not shown good cause for their immediate use in these proceedings.***" Op. at 7 (emphasis added); *see also* Op. at 11 ("Movants have not shown good cause for the immediate use of information, which would require the disclosure of many documents currently shared amongst the parties pursuant to protective orders and/or non-disclosure agreements."). Your February 27 letter makes no attempt whatsoever to articulate the good cause for immediate use that Judge Dein just held was lacking.

  Moreover, the demand in your February 27 letter that Respondents review all responsive materials in the data room and make confidentiality designations is flatly inconsistent with the Court's order. *See* Op. at 11 ("This Court does recognize, however, that deciding what material in the data room should be released from their confidentiality restrictions ***may involve a lot of unnecessary work*** since the Movants may not be seeking to use much of the material. This Court's ruling *infra* regarding when documents can be used alleviates that harm.") (emphasis added). As the Court's order made clear, Respondents are not required to expend scarce resources making confidentiality designations in the abstract—those determinations are to be tied to a particular use:

1

> The Movants have only asserted that they may need to use the materials in connection with the cross-examination of experts or other challenges to an eventual plan of adjustment. No timetable for such potential use has been provided. As a result, this Court orders that while Movants may attempt to use the Fiscal Plan Development Materials in the Title III or adversary proceedings, Respondents are not prejudiced from objecting to that use on a document by document basis. Such objections may include the necessity of keeping a particular protective order in place. This procedure mirrors that identified by the parties in Section I(a) of the Joint Report for the use of documents responsive to other requests in the Renewed Motion.

Op. at 11-12.

The Procedure in Section I(a) of the Joint Report set forth the following: (1) Respondents will designate "factual materials" that may be used subject to a protective order; (2) documents produced in adversary proceedings may be used in litigation, subject to a protective order; and (3) all mediation materials will remain subject to the Mediation agreements, but Movants may identify factual information they contend should be made available and meet and confer with Respondents to determine a format for production.

Consistent with that procedure, Respondents designate as follows:

Category 1- Factual Materials (Subject to Protective Order):

- Folder 1.2.2.1- Previously Unpublished TSA Reports
- Folder 1.2.2.2- Monthly FOMB Reporting Packages
- Folder 1.2.2.3- ASES Actuarial Memoranda
- Folder 1.2.2.4- Platino Actuarial Documentation
- Documents 1.2.4, 1.2.5, 1.2.6, and 1.2.7- Wolfe Backup Materials
- Document 1.2.8- CRIM Special Property Tax Collections
- Document 1.2.9- Hacienda FY13 to FY18 YTD Historical Cash Flows
- Document 1.2.1 - DRAFT- Bank Account Balances for Puerto Rico Government Instrumentalities

Category 2 - Documents Produced in Adversary Proceedings (Subject to Protective Order):

- Folder 1.2.1- Prior Productions

Category 3 - Mediation Documents (Subject to Mediation Restrictions):

- Folder 2.0 and its subfolders

Consistent with Judge Dein's order, Respondents are willing to meet and confer regarding lifting the NDA and/or mediation restrictions on other documents,[1] to the extent that Movants can show a current need for those restrictions to be lifted. Absent such a need, however, Respondents will not expend scarce resources on the "unnecessary work" of

---

[1] Respondents do not assert confidentiality protections over materials in the data room that are publicly available (e.g., the EY Bridge Report).

2

classifying the documents in the data room divorced from an actual contemplated use. *See* Op. at 11.

***February 21, 2018 Requests***

The requests in your February 21, 2018 letter are essentially a subset of the over 250 creditor diligence questions to which the Commonwealth's financial advisors are currently in the process of responding. Indeed, these requests are largely duplicative of, and in many cases repeat verbatim or nearly verbatim, questions Goldin Associates submitted on behalf of the GO Group.

As to the substance of your requests, Respondents are committed to making available reasonably needed information to allow creditors to understand the 2018 Fiscal Plan. Consistent with this commitment, AAFAF has made the January 24 and February 12 drafts it submitted to the Oversight Board available to creditors, along with supporting models.

But the GO Group's requests go far beyond merely understanding the Fiscal Plan—they appear designed to facilitate mounting a judicial attack on virtually every aspect of the plan. Judge Swain has made abundantly clear that the court will not hear such a challenge. *See Ambac v. Commonwealth of Puerto Rico, et al.*, No 17-00159-LTS, Dkt. No. 156 at 21 (D.P.R. Feb. 27, 2018) ("To the extent these claims rest on contentions that the Fiscal Plan violates Section 201(b) specifications, such as the requirement that a fiscal plan respect lawful priorities or lawful liens under territorial law, this requested relief necessarily implicates review of the Fiscal Plan's certification and therefore the Court lacks subject matter jurisdiction to consider the merits of the claims."). In light of Judge Swain's ruling, continuing demands for every scrap of paper or data involved in creating the Fiscal Plans are unjustified. In addition, Respondents will not indulge requests to seek discovery into their ongoing deliberations regarding the Fiscal Plan, as several requests do on their face. *See* Request Nos. 12-16, 19 (seeking materials created or considered by the Commonwealth in response to the Oversight Board's February 5 letter).

To the extent the requests in your February 21, 2018 letter seek materials supporting aspects of the Fiscal Plan drafts that have been finalized, AAFAF will work with its financial advisors to make supporting materials sufficient to allow creditors to understand the plan available. To the extent your requests seek documents supporting aspects of the Fiscal Plan drafts that are subject to ongoing internal deliberations and deliberations between AAFAF and the Oversight Board, those materials are pre-decisional and reflect ongoing policy deliberations. AAFAF will produce appropriate materials to allow creditors to understand the final decisions on these matters after those decisions are made. AAFAF and its financial advisors are working to identify which of the materials sought in your requests can be produced in the near term, and which can be produced following finalization of deliberations with the Oversight Board in the coming weeks.

In sum, and consistent with Judge Dein's order that Movants have not shown good cause for immediate release of Fiscal Plan Development Materials from the data room confidentiality restrictions, Respondents decline to produce the materials you requested in your February 21 letter outside the data room and the confidentiality restrictions that apply to it. We will, of course, engage in a meet and confer process to discuss any specific documents that you believe should be exempt from the restrictions, as contemplated by Judge Dein's order.

*Privilege Log*

Consistent with Judge Dein's order, Respondents propose the following schedule:

***Initial Privilege Log Due***: March 31, 2018

***First Update***: 30 days after the date that the Oversight Board certifies the 2018 Commonwealth Fiscal Plan.

***Subsequent Updates***: 14 days following the production of additional materials, if any, in response to the Joint Rule 2004 requests dated November 28, 2017. Provided, however, that neither AAFAF's publication of financial information on its website (e.g., weekly TSA reports, monthly cash account balance updates), nor uploading monthly FOMB reporting packages to the data room will trigger a requirement to update the privilege log.

Sincerely,

*/s/ Margaret A. Dale*                                     */s/ John J. Rapisardi*

Margaret A. Dale                                          John J. Rapisardi