# EXHIBIT F

March 12, 2018

**By E-Mail**

Gary A. Orseck, Esq.
Robbins, Russell, Englert,
Orseck, Utereiner & Sauber LLP
1801 K Street N.W., Suite 411L
Washington, D.C. 20006

Re: *In re Commonwealth of Puerto Rico,* No. 17-03283-LTS

Dear Mr. Orseck:

    We write in response to your letter dated March 7, 2018.

    Respondents are committed to engaging in a constructive dialogue regarding the production of information necessary to understand the Commonwealth's financial condition. However, we do not intend to re-litigate your demand for blanket release of data room confidentiality restrictions over the Fiscal Plan Development Materials, which Judge Dein rejected. In the spirit of fostering productive dialogue, responses to the points raised in your letter are below.

***Judge Dein's Order***

    Your letter misconstrues Judge Dein's order. The order did not lift the data room restrictions over any and all materials in the data room. Quite to the contrary. In response to Movants' request that all responsive materials be deemed produced for litigation purposes, subject to a protective order, Judge Dein held that "Movants have not shown good cause for immediate use of the information, which would require the disclosure of many documents currently shared amongst the parties pursuant to protective orders ***and/or non-disclosure agreements***." Op. at 11 (emphasis added). If Judge Dein had intended to release all of the Fiscal Plan Development Materials for litigation purposes, her order would have said as much. Your repeated insistence, through multiple channels, that Judge Dein's order means something other than what it says serves no purpose and unnecessarily inflates the already extensive costs of these proceedings.

    Your suggestion on page 2 of your letter that Judge Dein specifically ordered the Fiscal Plan models to be released from the data room NDAs and the mediation agreements is baseless. In the portion of the order you cited, Judge Dein recited the information that has been made available to you in the data room and concluded that it is sufficient to respond to the requests. Op. at 6-7. In the next paragraph, the Court made clear that whether data room restrictions must be lifted to allow Respondents to immediately use those materials in litigation is a separate question. Op. at 7 ("The question that remains to be answered is whether that material should be

1

deemed produced pursuant to Rule 2004 and, therefore, freely used without restriction in this litigation or otherwise."). Judge Dein answered that question in the negative. Op. at 7, 11.

Nor did Judge Dein's reference to Section I(a) of the Joint Report constitute an order that all of the data room materials are deemed produced for litigation purposes in response to the Rule 2004 requests. As explained in our March 1, 2018 letter, the reference contemplates that the parties will meet and confer regarding treatment of particular documents identified by Movants. Respondents are committed to engaging in that process in a constructive manner, as evidenced below.

### *Respondents Consent to Use of Certain Documents in Appendix A for Litigation Purposes*

Respondents have reviewed the 65 documents identified in Appendix A to your letter and respond as follows.

Public Materials

Item 5 in your letter (1.1.3.2) refers to an excerpt from the April 26, 2017 corrections to the March 13, 2017 Fiscal Plan, which is publicly available.[1] As stated in our March 1, 2018 letter, Respondents do not assert confidentiality over public materials.

Protective Order

We provided comments to the protective order draft on March 8, 2018. On March 9, 2018, Movants declined to sign the order without suggesting any proposed changes to reach a compromise. That refusal is particularly perplexing, given that Respondents' proposed revisions to the procedures for designating data room documents embody the very approach that Movants took in their March 7, 2018 letter. We ask you to reconsider your blanket rejection of our proposed revisions to the protective order so that we can continue to make progress on this issue.

Respondents agree that the following documents identified in Appendix A consist of factual materials regarding the Commonwealth's financial condition, and as such, consistent with the Joint Report and Judge Dein's order, they may be used for litigation purposes subject to a litigation protective order. *See* Joint Report Section I(a).

- Fiscal Plan Debt Model (1.1.3.1) (Appendix Item 4)
- Reconciliation of GF Expenditures to Normalized GF Expenditures (1.1.4.3.4) (Appendix Item 10)
- Reconciliation of GF Revenue to Normalized Revenue (1.1.4.3.5) (Appendix Item 11)
- General Fund Summary Charts (1.1.4.3.6) (Appendix Item 12)
- AAFAF_Expenses_2-2017 (1.1.5.1.2.2) (Appendix Item 20)
- EPOG_series_1611 (1.1.5.1.2.6) (Appendix Item 22)
- Exhibit to ASES Due Diligence Questions (1.1.5.1.2.7) (Appendix Item 23)
- Feb 17 Cash Bridge_1-28 Liquidity Plan vs. Fiscal Plan (1.1.5.1.2.8) (Appendix Item 24)
- FederalFunds_2017 (1.1.5.1.2.9) (Appendix Item 25)
- FY 2017 General Fund Budget -ERS and TRS (1.1.5.1.2.11) (Appendix Item 27)

---

[1] http://www.aafaf.pr.gov/assets/corrections-to-the-march-13th-certified-plan.pdf

2

- MoratoriumRevenue_DueDiligence vDATAROOM (1.1.5.1.2.19) (Appendix Item 29)
- Revenue Trend and Variances (1.1.5.1.2.23) (Appendix Item 30)
- Net Departures_Raw Data (2.7.15) (Appendix Item 54)
- Outmigration Analysis (2.7.16) (Appendix Item 55)
- Liquidity Plan Fy2018 Weekly_8 (2.8.2.1) (Appendix Item 59)

***Movants Have Not Shown Good Cause for Immediate Release of the Remaining Materials in Appendix A***

We disagree that Movants have shown the good cause Judge Dein found was necessary to release the remaining materials on Appendix A for litigation purposes.  Your letter claims that Movants "have a present need to use these materials in the litigation, including by sharing them with our potential testifying experts and our clients."  Letter at 3.  Judge Dein has already found bare references to experts is not good cause to release the materials from the data room restrictions.  Op. at 11 ("The Movants have only asserted that they may need to use the materials in connection with the cross-examination of experts or other challenges to an eventual plan of adjustment.  No timetable for such use has been provided.").  Nothing has changed in this respect since Judge Dein's order.

To the extent potential testifying experts and your clients would like access to the materials to understand the Commonwealth's financial condition, consistent with the purpose of Rule 2004, your clients and potential experts are welcome to sign the NDAs and mediation agreements to obtain access to the data room.  However, for the reasons stated below, and as Judge Dein recognized, Movants do not have good cause to demand immediate release from the NDAs and mediation agreements of the remaining data room materials in Appendix A to be used for litigation purposes.

HTA Documents

Items 46-51 and 61-65 are documents specific to the Highways & Transportation Authority ("HTA") provided through mediation.  The documents are not responsive to the Joint Rule 2004 Requests.  Moreover, Movants, particularly the GO Group, have not articulated any basis for Rule 2004 discovery into the finances of public corporations for whom they are not creditors.

Respondents are willing to meet and confer with you regarding these documents if Movants can articulate a basis for making them available to Commonwealth creditors for litigation purposes.

2017 Fiscal Plan Models and Projections

Items 1-3, 6-9, 13-19, 21, 26, 28, and 31-45 consist of projections and models underlying the 2017 Fiscal Plan.  The 2017 Fiscal Plan is now obsolete, and therefore irrelevant to any forthcoming plan of adjustment.  Movants have yet to articulate any basis whatsoever for releasing the 2017 Fiscal Plan models and projections for litigation purposes.

To the extent Movants need these materials to assess the Commonwealth's financial condition, as recognized in Judge Dein's order, these materials are already available to Movants for that purpose, and, as stated above, Respondents have agreed to make the materials available

for that purpose to potential experts and your clients, if they agree to sign the NDA and mediation agreements.

2018 Draft Fiscal Plan Materials Produced Through Mediation

Items 52-53, 56-58[2] and 60 refer to models, projections, and analyses underlying the 2018 Fiscal Plan drafts that the Commonwealth submitted to the Oversight Board. The Commonwealth has provided these documents to creditors through mediation in good faith to attempt to foster a voluntary resolution. These models and projections are subject to material change (which is ongoing) as the Commonwealth deliberates with the Oversight Board to move the 2018 plan toward certification.

As Judge Dein recognized, the Commonwealth is under no obligation to share draft Fiscal Plan materials under Rule 2004 or for litigation purposes. Order at 5. The Movants' attempt to leverage the mediation process to widen the scope of Rule 2004 discovery undermines those efforts.

Moreover, Movants have not articulated any present need to use these draft materials for litigation purposes, as only a final certified Fiscal Plan will become the basis of a plan of adjustment. Again, to the extent Movants contend they need to show these materials to their clients and potential experts to analyze the Commonwealth's financial condition, Respondents agree to make these materials available if the potential experts and clients sign the NDA and mediation agreements.

***February 21, 2018 Requests***

For the reasons stated above and in our March 1, 2018 letter, Respondents will not make a blanket agreement to produce all materials sought in your February 21, 2018 letter outside the data room and the confidentiality restrictions that apply to it. As we stated in our March 1 letter, we will, of course, meet and confer with you to discuss any specific documents that you believe should be exempt from the restrictions, as contemplated by Judge Dein's order.

\* \* \*

In sum, consistent with Judge Dein's order and the Joint Report, Respondents are committed to working constructively with Movants to identify factual materials in the data room to be made available for litigation purposes subject to a protective order. Moreover, Respondents will continue to work to make information available to creditors and their advisors through the data room and the mediation process to facilitate their understanding of the Commonwealth's financial condition. Furthermore, when the 2018 Commonwealth Fiscal Plan is certified, Respondents will make the models and projections underlying the final, certified Fiscal Plan available for purposes of litigation.

As Judge Dein has made clear, however, Respondents have not articulated any basis for demanding materials underlying the 2017 fiscal plans and 2018 draft fiscal plans immediately available for litigation purposes. To the extent Movants seek to use materials underlying previous fiscal plans in litigation to prepare for an anticipated challenge the forthcoming 2018 certified fiscal plan, Judge Swain has already foreclosed that use. *See Ambac v. Commonwealth of Puerto Rico, et al.*, No 17-00159-LTS, Dkt. No. 156 at 21 (D.P.R. Feb. 27, 2018) ("To the

---

[2] Item 58 lists "2.8.8.1." There is no such document in the data room. Respondents presume that Movants intended to refer to the model underlying the Commonwealth draft fiscal plan located at document 2.8.1.1.

extent these claims rest on contentions that the Fiscal Plan violates Section 201(b) specifications, such as the requirement that a fiscal plan respect lawful priorities or lawful liens under territorial law, this requested relief necessarily implicates review of the Fiscal Plan's certification and therefore the Court lacks subject matter jurisdiction to consider the merits of the claims."). Accordingly, Respondents will not release the 2017 Fiscal Plan development materials or the 2018 draft fiscal plan materials for litigation purposes.

Sincerely,

*/s/Margaret A. Dale*  */s/ Elizabeth L. McKeen*
Margaret A. Dale  Elizabeth L. McKeen