**Estimated Hearing Date**: June 6, 2018 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: April 29, 2018 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

      Debtors.[1]

----------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE EMPLOYEES RETIREMENT SYSTEM OF
THE GOVERNMENT OF PUERTO RICO,
      Debtor.

----------------------------------------------------------------x

PROMESA
Title III

Case No. 17 BK 3566-LTS

**This Application relates only to
ERS and shall be filed in the
Lead Case No. 17 BK 3283-LTS
and ERS's Title III Case (Case
No. 17 BK 3566-LTS)**

# SUMMARY SHEET TO SECOND
# INTERIM FEE APPLICATION OF PROSKAUER ROSE LLP FOR
# COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
# EXPENSES INCURRED AS ATTORNEYS FOR THE FINANCIAL OVERSIGHT
# AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE
# DEBTOR, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF
# PUERTO RICO, FOR THE PERIOD OCTOBER 1, 2017 THROUGH JANUARY 31, 2018

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**Schedule 1**

**Summary of Fees and Expenses Paid to Date and the Balance of Fees and
Expenses for which Allowance and Payment is Requested for the Compensation Period**

| | |
|---|---|
| Name of Applicant: | Proskauer Rose LLP ("Proskauer") |
| Retained to Provide Professional Services to: | The Financial Oversight and Management Board for Puerto Rico as Representative of the Debtor Pursuant to PROMESA Section 315(b) |
| Period for Which Compensation is Sought: | October 1, 2017 through January 31, 2018 (the "Compensation Period") |
| Amount of Fees Sought: | $2,121,996.20 |
| Amount of Expense Reimbursement Sought: | $52,896.53 |
| Total Fees and Expenses Sought for Compensation Period: | $2,174,892.73 |

This is a(n) ____ Monthly __X__ Interim ___ Final Fee Application

This is the second interim fee application filed by Proskauer Rose LLP in the Debtor's Title III case.  The total time expended in connection with the preparation of this interim application is not included herein, as additional time was expended after the Compensation Period.

**Second Interim Compensation Period**
**October 1, 2017 – January 31, 2018**

| Statement and Date Served | Period Covered | Total Fees Incurred | Total Fees Requested (90%) | Expenses Requested | Fees Paid (90%) | Expenses Paid |
|---|---|---|---|---|---|---|
| **Sixth** 12/19/17 | 10/1/17 to 10/31/17 | $538,658.00 | $484,792.20 | $19,678.18 | $484,792.20 | $19,678.18 |
| **Seventh** 2/16/18 | 11/1/17 to 11/30/17 | $759,769.00 | $683,792.10 | $13,358.77 | Pending | Pending |
| **Eighth** 3/30/18 | 12/1/17 to 12/31/17 | $443,346.00 | $399,011.40 | $14,419.68 | Pending | Pending |
| **Ninth** 3/30/18 | 1/1/18 to 1/31/18 | $380,223.20 | $342,200.88 | $5,439.90 | Pending | Pending |
| | **Totals:** | **$2,121,996.20** | **1,909,796.58** | **$52,896.53** | **$484,792.20** | **$19,678.18** |

Additional information required pursuant to the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee:

| | |
|---|---|
| Blended Rate in This Application for All Attorneys | $735.14[2] |
| Blended Rate in This Application for All Timekeepers | $685.33 |
| Compensation Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed | $484,792.20 |
| Expenses Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed | $19,678.18 |
| Number of Professionals Included in this Application[3] | 61 |
| Number of Professionals in This Application NOT Included in Staffing Plan Approved by Client[4] | N/A |
| If Applicable, the Difference Between Fees Budgeted and Compensation Sought for This Application Period | N/A |
| Number of Professionals Billing Fewer than 15 Hours to the Case During This Application Period | 39 |
| Any Rates Higher than Those Approved or Disclosed when Retained?  If yes, calculate and disclose the total compensation sought in this Application using the rates originally disclosed at retention. | No. Proskauer's engagement letter provided for rate increases.  The amount of compensation attributable to Proskauer's rate increase for the current fiscal year is approximately $14,508.00, representing approximately 0.68% of the requested fees for this Compensation Period. |

---

[2]  This rate excludes non-attorneys (*e.g.*, paralegals).

[3]  As used herein, the term "professionals" includes all timekeepers.

[4]  As noted in the budget Staffing Plan, the number of timekeepers expected to work on the matter during the Compensation Period was 63, and thus the actual number of timekeepers was 2 fewer than anticipated.

**Schedule 2**

**Summary of Professional Services Rendered by
Timekeeper for the Period October 1, 2017 through January 31, 2018**

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[5] | TOTAL HOURS BILLED (in this application) | FEES BILLED |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Barak, Ehud[6] | BSGR&B[7] – 2010 | $730 | 7.00 | $5,110.00 |
| | | $759 | 4.10 | $3,111.90 |
| Bienenstock, Martin J. | BSGR&B – 1978 | $730 | 26.40 | $19,272.00 |
| | | $759 | 15.30 | $11,612.70 |
| Dale, Margaret A. | Litigation – 1990 | $730 | 2.90 | $2,117.00 |
| Doyle, Peter D. | Litigation – 1994 | $730 | 22.30 | $16,279.00 |
| Febus, Chantel L. | Litigation – 2003 | $730 | 5.80 | $4,234.00 |
| Ferrara, Ralph C. | Litigation – 1970 | $730 | 3.00 | $2,190.00 |
| | | $759 | 0.90 | $683.10 |
| Firestein, Michael A. | Litigation – 1983 | $730 | 1.80 | $1,314.00 |
| Harris, Mark | Litigation – 1992 | $730 | 1.70 | $1,241.00 |
| | | $730 | 0.70 | $531.30 |

---

[5] In the ordinary course of business, the standard hourly billing rates for Proskauer professionals and paraprofessionals are adjusted annually as of the commencement of the firm's fiscal year on November 1 to reflect economic and other conditions and apply to matters in and out of bankruptcy cases. Pursuant to the Appendix B Guidelines, "rate increases" "exclude annual 'step increases' historically awarded by the firm in the ordinary course to attorneys throughout the firm due to advancing seniority and promotion." Appendix B Guidelines ¶ B.2.d, n.2. Annual step increases are awarded by Proskauer in the ordinary course throughout the firm on May 1. Proskauer's November 25, 2016 engagement letter with the Oversight Board (a copy of which is available on the Oversight Board's website at https://juntasupervision.pr.gov/wp-content/uploads/wpfd/50/ 58b6126be2546.pdf) (the "Engagement Letter") provides that Proskauer's rates will be increased on January 1 (rather than on November 1) by the lower of the percentage rate increase announced as of November 1 and four percent. Because Proskauer's fees under the Engagement Letter are a blended rate (currently $759) for all attorneys and (currently $260) for all other professionals, no annual step increases will be applicable to the rates charged in this matter.

[6] Promoted to Proskauer's partnership effective Nov. 1, 2017.

[7] Business Solutions, Governance, Restructuring & Bankruptcy.

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[5] | TOTAL HOURS BILLED (in this application) | FEES BILLED |
|---|---|---|---|---|
| Indelicato, Vincent[8] | BSGR&B – 2009 | $730 | 12.30 | $8,979.00 |
| Levitan, Jeffrey W. | BSGR&B – 1983 | $730 | 148.00 | $108,040.00 |
| | | $759 | 45.10 | $34,230.90 |
| Mungovan, Timothy W. | Litigation – 1994 | $730 | 79.30 | $57,889.00 |
| | | $759 | 3.00 | $2,277.00 |
| Perra, Kevin J. | Litigation – 1995 | $730 | 229.50 | $167,535.00 |
| | | $759 | 46.30 | $35,141.70 |
| Possinger, Paul V. | BSGR&B – 1993 | $730 | 79.30 | $57,889.00 |
| | | $759 | 15.20 | $11,536.80 |
| Rappaport, Lary Alan | Litigation – 1979 | $730 | 4.20 | $3,066.00 |
| Ratner, Stephen L. | Litigation – 1975 | $730 | 51.90 | $37,887.00 |
| | | $759 | 3.30 | $2,504.70 |
| Richman, Jonathan E. | Litigation – 1984 | $730 | 51.70 | $37,741.00 |
| | | $759 | 46.70 | $35,445.30 |
| Rosen, Brian S. | BSGR&B – 1983 | $730 | 84.90 | $61,977.00 |
| | | $759 | 52.00 | $39,468.00 |
| Vermal, Ana | Litigation – 2001 | $730 | 0.80 | $584.00 |
| Weise, Steven O. | Corporate – 1974 | $730 | 259.60 | $189,508.00 |
| | | $759 | 67.00 | $50,853.00 |
| **Total for Partners:** | | | **1,372.00** | **$1,010,248.40** |
| *SENIOR COUNSEL* | | | | |
| Leader, Jordan B. | Litigation – 2000 | $730 | 14.90 | $10,877.00 |
| **Total for Senior Counsel:** | | | **14.90** | **$10,877.00** |
| *ASSOCIATES* | | | | |

---

[8]  Promoted to Proskauer's partnership effective Nov. 1, 2017.

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[5] | TOTAL HOURS BILLED (in this application) | FEES BILLED |
|---|---|---|---|---|
| Bargoot, Alexandra V. | Litigation – 2016 | $730 | 6.50 | $4,745.00 |
| Chalett, Zachary[9] | Litigation – 2017 | $730 | 14.30 | $10,439.00 |
| Dalsen, William D. | Litigation – 2011 | $730 | 221.80 | $161,914.00 |
| | | $759 | 21.00 | $15,939.00 |
| Desatnik, Daniel | BSGR&B – 2016 | $730 | 14.00 | $10,220.00 |
| Esses, Joshua A. | Corporate – 2017 | $730 | 93.20 | $68,036.00 |
| | | $759 | 20.40 | $15,483.60 |
| Goldfarb, Susan R. | Corporate – 2001 | $730 | 26.10 | $19,053.00 |
| Hackett, Michael R. | Litigation – 2009 | $730 | 602.50 | $439,825.00 |
| | | $759 | 67.60 | $51,308.40 |
| Hendrick, Daniel W. | Corporate – 2010 | $730 | 1.20 | $876.00 |
| Indelicato, Vincent[10] | BSGR&B – 2009 | $730 | 0.90 | $657.00 |
| Ma, Steve | BSGR&B – 2014 | $730 | 0.20 | $146.00 |
| Morris, Matthew J. | Litigation – 2000 | $730 | 14.50 | $10,585.00 |
| | | $759 | 22.70 | $17,229.30 |
| Rochman, Matthew I. | Litigation – 2010 | $730 | 13.60 | $9,928.00 |
| Stafford, Laura | Litigation – 2012 | $730 | 4.00 | $2,920.00 |
| Theodoridis, Chris | BSGR&B – 2011 | $730 | 9.30 | $6,789.00 |
| Webb, Jeramy D. | BSGR&B – 2015 | $730 | 0.40 | $292.00 |
| Wolf, Lucy[11] | Litigation – 2017 | $730 | 2.80 | $2,044.00 |

---

[9] Admitted to the bar during the Compensation Period.  Once admitted and sworn into the bar, the timing of which varies on an individual- and jurisdictional-basis, law clerks are reclassified and billed as associates beginning on the first day of the month following such admission.

[10] Promoted to Proskauer's partnership effective Nov. 1, 2017.

[11] Admitted to the bar during the Compensation Period.  Once admitted and sworn into the bar, the timing of which varies on an individual- and jurisdictional-basis, law clerks are reclassified and billed as associates beginning on the first day of the month following such admission.

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[5] | TOTAL HOURS BILLED (in this application) | FEES BILLED |
|---|---|---|---|---|
| Zajac, Jared | BSGR&B – 2009 | $730 | 172.50 | $125,925.00 |
| | | $759 | 61.50 | $46,678.50 |
| **Total for Associates:** | | | **1,391.00** | **$1,021,032.80** |
| *LAW CLERKS* | | | | |
| Alladi, Om V[12]. | Litigation Law Clerk – N/A | $250 | 0.80 | $200.00 |
| Brailey, Tara | Litigation Law Clerk – N/A | $250 | 0.60 | $150.00 |
| Stevens, Elliot R. | BSGR&B Law Clerk – N/A | $250 | 3.00 | $750.00 |
| Wolf, Lucy[13] | Litigation Law Clerk – N/A | $250 | 60.30 | $15,075.00 |
| **Total for Law Clerks:** | | | **64.70** | **$16,175.00** |
| *PARAPROFESSIONALS* | | | | |
| Cupplo, Sherri | Library – N/A | $250 | 0.90 | $225.00 |
| D'Errico, Megan T. | Library – N/A | $250 | 1.40 | $350.00 |
| Giddens, Magali | BSGR&B Paralegal – N/A | $250 | 46.80 | $11,700.00 |
| | | $260 | 1.60 | $416.00 |
| Golinder, Olga A. | Litigation Paralegal – N/A | $250 | 3.30 | $825.00 |
| Henderson, Laurie A. | Professional Resources – N/A | $250 | 0.10 | $25.00 |

---

[12] Admitted to the bar during the Compensation Period.  Once admitted and sworn into the bar, the timing of which varies on an individual- and jurisdictional-basis, law clerks are reclassified and billed as associates beginning on the first day of the month following such admission.

[13] Admitted to the bar during the Compensation Period.  Once admitted and sworn into the bar, the timing of which varies on an individual- and jurisdictional-basis, law clerks are reclassified and billed as associates beginning on the first day of the month following such admission.

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[5] | TOTAL HOURS BILLED (in this application) | FEES BILLED |
|---|---|---|---|---|
| Hoffman, Joan K. | Litigation Paralegal – N/A | $250 | 1.20 | $300.00 |
| Klock, Joseph | Professional Resources – N/A | $250 | 1.60 | $400.00 |
| Lavine, Judy | Library – N/A | $250 | 0.30 | $75.00 |
| Miller, Tiffany | Labor & Employment Paralegal – N/A | $250 | 3.40 | $850.00 |
| | | $260 | 1.30 | $338.00 |
| Monforte, Angelo | Litigation Paralegal – N/A | $260 | 3.90 | $1,014.00 |
| Munguia, Ivania | Private Client Services Paralegal - N/A | $250 | 1.50 | $375.00 |
| Petrov, Natasha | BSGR&B Paralegal – N/A | $250 | 3.00 | $750.00 |
| Quinn, Casey | Corporate Paralegal – N/A | $250 | 35.30 | $8,825.00 |
| Rodriguez, Evelyn | BSGR&B Paralegal – N/A | $250 | 11.80 | $2,950.00 |
| Schaefer, Shealeen E. | Labor & Employment Paralegal – N/A | $250 | 5.90 | $1,475.00 |
| Schmidt, Blake | Corporate Paralegal – N/A | $250 | 2.40 | $600.00 |
| Sherman, Tayler M. | Litigation Paralegal – N/A | $250 | 16.00 | $4,000.00 |
| | | $260 | 2.10 | $546.00 |
| Silvestro, Lawrence T. | Litigation Paralegal – N/A | $250 | 62.50 | $15,625.00 |
| | | $260 | 10.20 | $2,652.00 |
| Williams, Selena F. | Litigation Paralegal – N/A | $250 | 10.30 | $2,575.00 |
| Winkelspecht, Michael J. | Professional Resources – N/A | $250 | 7.70 | $1,925.00 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[5] | TOTAL HOURS BILLED (in this application) | FEES BILLED |
|---|---|---|---|---|
| Wizner, Eamon | Litigation Paralegal – N/A | $250 | 13.70 | $3,425.00 |
| | | $260 | 1.30 | $338.00 |
| Wong, Naomi | Litigation Paralegal – N/A | $250 | 0.80 | $200.00 |
| | | $260 | 3.40 | $884.00 |
| **Totals for Paraprofessionals:** | | | **253.70** | **$63,663.00** |

| PROFESSIONALS | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|
| **Attorneys, Law Clerks,  and Paraprofessional Totals:** | **3,096.30** | **$2,121,996.20** |

**Schedule 3**

**Summary of Professional Services Rendered by Project**

| PROJECT CATEGORY | DESCRIPTION | HOURS | FEES SOUGHT |
|---|---|---|---|
| 201 | Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants | 1.30 | $949.00 |
| 202 | Legal Research | 222.90 | $138,149.20 |
| 203 | Hearings and Other Non-Filed Communications with the Court | 353.60 | $257,841.30 |
| 204 | Communications with Claimholders | 170.50 | $127,275.10 |
| 205 | Communications with the Commonwealth, its Instrumentalities or Representatives of the Commonwealth or its Instrumentalities | 23.60 | $17,135.90 |
| 206 | Documents Filed on Behalf of the Board | 1,488.20 | $1,091,656.00 |
| 207 | Non-Board Court Filings | 231.70 | $167,144.80 |
| 208 | Stay Matters | 22.20 | $16,206.00 |
| 209 | Adversary Proceeding | 161.50 | $110,556.80 |
| 210 | Analysis and Strategy | 124.50 | $90,869.90 |
| 211 | Non-Working Travel Time | 10.20 | $7,446.00 |
| 212 | General Administration | 227.80 | $57,620.00 |
| 213 | Labor, Pension Matters | 1.40 | $1,022.00 |
| 214 | Legal/Regulatory Matters | 15.40 | $11,242.00 |
| 215 | Plan of Adjustment and Disclosure Statement | 30.30 | $22,258.20 |
| 217 | Tax | 3.80 | $950.00 |
| 218 | Employment and Fee Applications | 5.30 | $2,141.00 |
| 220 | Fee Applications for Other Parties | 2.10 | $1,533.00 |
| | **Total for All Project Categories:** | **3,096.30** | **$2,121,996.20** |

**Schedule 4**

**Summary of Actual and Necessary Expenses Incurred
for the Period October 1, 2017 through January 31, 2018**

| EXPENSE CATEGORY | AMOUNTS |
|---|---|
| Airplane | $896.09 |
| Food Service/Conf. Dining | $162.76 |
| Lexis/ Westlaw | $36,109.00 |
| Litigation Support/Docketing | $258.40 |
| Lodging | $2,553.48 |
| Messenger/Delivery | $102.22 |
| Other Database Research | $247.90 |
| Out of Town Meals | $488.20 |
| Out of Town Transportation | $458.27 |
| Printing, Binding, etc. | $1,253.59 |
| Reproduction | $3,506.90 |
| Taxi, Carfare, Mileage and Parking | $241.82 |
| Taxicab/Car Service | $162.20 |
| Telephone | $210.00 |
| Transcripts & Depositions | $6,245.70 |
| **Total:** | **$52,896.53** |

**Schedule 5**

**Blended Rate Chart**

| CATEGORY OF TIMEKEEPER | BLENDED HOURLY RATE | |
|---|---|---|
| | **BILLED**<br><br>**Domestic offices in which timekeepers collectively billed at least 10% of the hours to the bankruptcy case during the application period, for preceding year, _excluding bankruptcy_** | **BILLED**<br><br>**In this fee application[14]** |
| Partners | $1,109 | $736.33 |
| Senior Counsel | $935 | $730.00 |
| Associates (7 or more years since first admission) | $835 | $734.03 |
| Associates (4-6 years since first admission) | $768 | $734.03 |
| Associates (1-3 years since first admission) | $634 | $734.03 |
| Law Clerks | $454 | $250.00 |
| Paraprofessionals | $297 | $250.94 |
| Other | $426 | $250.94 |
| **All Timekeepers Aggregated:** | **$819** | **$685.33** |

---

[14] As explained in more detail herein and in the Engagement Letter, in connection with its representation of the Oversight Board, both inside and outside of Title III, Proskauer agreed to a custom fee arrangement, whereby (a) prior to January 1, 2018, partners, counsel, and associates were billed at $730 per hour, and all other staff were billed at $250 per hour, and (b) as of January 1, 2018, partners, counsel, and associates are billed at $759 per hour, and all other staff are billed at $260 per hour.

**Estimated Hearing Date**: June 6, 2018 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: April 29, 2018 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

     Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE EMPLOYEES RETIREMENT SYSTEM OF
THE GOVERNMENT OF PUERTO RICO,
     Debtor.

PROMESA
Title III

Case No. 17 BK 3566-LTS

**This Application relates only to ERS and shall be filed in the Lead Case No. 17 BK 3283-LTS and ERS's Title III Case (Case No. 17 BK 3566-LTS)**

---------------------------------------------------------------x

# SECOND INTERIM FEE APPLICATION
# OF PROSKAUER ROSE LLP FOR COMPENSATION
# FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
# INCURRED AS ATTORNEYS FOR THE FINANCIAL OVERSIGHT AND
# MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE
# DEBTOR, THE EMPLOYEES RETIREMENT SYSTEM OF THE OVERNMENT OF
# PUERTO RICO, FOR THE PERIOD OCTOBER 1, 2017 THROUGH JANUARY 31, 2018

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Proskauer Rose LLP ("Proskauer"), attorneys for the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") as representative of the Employees Retirement System of the Government of Puerto Rico (the "Debtor" or "ERS") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] hereby submits this second interim application (the "Application"),[3] pursuant to PROMESA sections 316 and 317, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),[4] Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee, 28 CFR Part 58, Appendix B (the "Guidelines"), and in accordance with this Court's *First Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 1715] (the "Interim Compensation Order"), for (a) allowance of interim compensation for professional services performed by Proskauer for the period commencing October 1, 2017 through and including January 31, 2018 (the "Compensation Period") in the amount of $2,121,996.20, and (b) reimbursement of its actual and necessary expenses in the amount of $52,896.53 incurred during the Compensation Period. In support of the Application, Proskauer respectfully avers as follows:

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[3] The Application solely pertains to fees and expenses incurred with respect to the Debtor's Title III case and does not address fees or expenses incurred with respect to other services performed for the Oversight Board (a) on behalf of other Title III debtors, or (b) outside the Title III process.

[4] The Bankruptcy Rules are made applicable to the Debtor's Title III case pursuant to PROMESA section 310.

## Jurisdiction

1.    The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Application pursuant to PROMESA section 306(a).

2.    Venue is proper in this district pursuant to PROMESA section 307(a).

3.    The statutory predicates for the relief requested herein are PROMESA sections 316 and 317.

## Background

4.    On June 30, 2016, the Oversight Board was established under PROMESA section 101(b).  On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

5.    Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this subchapter is the representative of the debtor" and "may take any action necessary on behalf of the debtor to prosecute the case of the debtor, including filing a petition under section [304] of [PROMESA] . . . or otherwise generally submitting filings in relation to the case with the court."  48 U.S.C. § 2175.

6.    On September 30, 2016, the Oversight Board designated the Debtor as a "covered entity" under PROMESA section 101(d).

7.    On November 25, 2016, the Oversight Board retained Proskauer at substantial discounts to its normal hourly rates, as shown by the Engagement Letter and by Schedule 5 above.

8.    On May 21, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Debtor pursuant to PROMESA section 304(a), commencing a case under title III thereof (the

3

"Debtor's Title III Case").  Pursuant to PROMESA section 315(b), the Oversight Board is the

Debtor's representative in the Debtor's Title III Case.

9.      Background information regarding the Debtor and the commencement of the

Debtor's Title III Case is contained in the *Notice of Filing of Statement of Oversight Board in*

*Connection with PROMESA Title III Petition* [ECF No. 1, Case No. 17 BK 3283-LTS],

attached to the Commonwealth of Puerto Rico's Title III petition.

10.     On December 15, 2017, Proskauer filed its *First Interim Fee Application of*

*Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses*

*Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as*

*Representative of the Debtor, the Employees Retirement System of the Government of Puerto*

*Rico, for the Period May 21, 2017 through September 30, 2017* [ECF No. 2045] (the "First

Interim Application").

11.     On December 19, 2017, Proskauer served on the Notice Parties (as defined in

the Interim Compensation Order) its sixth monthly fee statement for the period October 1,

2017 through October 31, 2017.  On February 16, 2018, Proskauer served on the Notice Parties

its seventh monthly fee statement for the period November 1, 2017 through November 30,

2017.  On March 30, 2018, Proskauer served on the Notice Parties its eighth monthly fee

statement for the period December 1, 2017 through December 31, 2017, and its ninth monthly

fee statement for the period January 1, 2018 through January 31, 2018.

12.     In accordance with the Interim Compensation Order and as reflected in the

foregoing summary, Proskauer has requested an aggregate payment of $1,962,693.11 (payment

of ninety percent (90%) of the compensation sought and reimbursement of one-hundred

percent (100%) of expenses incurred) and has received $504,470.38 with respect to fee statements filed during the Compensation Period.

**Summary of Services Rendered by Proskauer During the Compensation Period**

13.     The instant application is Proskauer's second for interim compensation in the Debtor's Title III Case.  Proskauer has worked on behalf of the Oversight Board to continue the significant progress achieved during the first interim period, where Proskauer transitioned the Commonwealth and certain of its instrumentalities, including the Debtor, to Title III, and among other things, negotiated within the mediation a mechanism to resolve the Commonwealth-COFINA dispute over billions of sales and use taxes, and successfully defended against attempts to (a) grab the toll revenues HTA needed to maintain the Commonwealth's transportation system and (b) grab PREPA and its revenues by putting them in the hands of a receiver. In the second interim period, Proskauer successfully defended against numerous creditor efforts to, among other things, enjoin the Oversight Board from prosecuting plans of adjustment consistent with the Commonwealth's certified fiscal plan, and require turnovers of funds critical to the provision of public services and viability of the Commonwealth. Simultaneously, Proskauer participated in the mediation, the substance of which is subject to confidentiality requirements. Significantly, virtually all the litigation was commenced by different creditor groups against the Oversight Board, except for a motion to install a chief transformation officer at PREPA and a motion for approval of the Commonwealth's loan to PREPA.  The Commonwealth made clear it did not want the hurricane to halt progress in resolving fundamental issues raised by creditors because the same issues would remain in the hurricane's aftermath.  Proskauer's efforts resulted in judgments dismissing the efforts to enjoin the Oversight Board and to compel turnovers of revenues. The

Commonwealth was allowed to lend $300 million to PREPA on a superpriority basis, and to reapply to lend more as PREPA requires additional funds. The motion to install a chief transformation officer was denied. Concurrently, in the face of the devastation wrought by Hurricanes Irma and Maria, Proskauer worked with the Oversight Board's officers and other professionals to assess the situation, take actions to ensure the provision of basic services, and reformulate restructuring initiatives to reflect the changing economic landscape.

14.     One of Proskauer's primary roles has been the defense of the Title III Debtors' interests in numerous, multi-billion-dollar adversary proceedings and contested matters brought by various bondholders and monoline insurers.  Such matters seek, among other things, to enjoin the Oversight Board from proposing any plan of adjustment consistent with the Commonwealth's certified fiscal plan, to nullify the Commonwealth's certified fiscal plan, and to compel turnovers of billions of dollars of revenues critical to the provision of public services and the viability of the Commonwealth, especially in the wake of the hurricanes. Proskauer has defended against and raised numerous legal issues, many of first impression, involving the constitutionality of various PROMESA provisions, the interpretation of PROMESA for the first time, statutory liens, and constitutional avoidance. Following is a summary of major litigation matters in which Proskauer served as lead counsel for the Title III Debtors during the Compensation Period:

- Peaje Investment, LLC v. Puerto Rico Highways & Trans. Authority, et al., Adv. Proc. No. 17-00151/152: Action brought by a holder of $64 million in 1968 HTA bonds seeking injunction against HTA's use of revenues and requesting adequate protection.  Plaintiff's motion and request – which were the subject of factual and expert discovery, a full evidentiary hearing, and extensive briefing – were denied by the Court, which found plaintiff failed to show it had a substantial likelihood of prevailing on the merits regarding its claim of a statutory lien.  Plaintiffs appealed the judgment, which is currently pending in the First Circuit.

- Assured Guaranty Corp., et al. v. Commonwealth of Puerto Rico, et al., Adv. Proc. No. 17-00155/156: Action in which Proskauer has fully briefed and argued a

motion to dismiss an action by HTA bond insurers to require turnover of HTA
revenues for postpetition debt service under sections 922 and 928 of the Bankruptcy
Code. The Court granted Proskauer's motion and directed the Clerk to enter
judgment accordingly, closing the adversary proceeding. A notice of appeal was
filed and is now pending in the First Circuit Court of Appeals (the "First Circuit").

- Ambac Assurance Corp. v. Commonwealth of Puerto Rico, et al., Adv. Proc. No.
  17-00159: Action in which Proskauer has fully briefed and argued a motion to
  dismiss a complaint by an HTA bond insurer (i) claiming unconstitutional takings
  and due process violations, (ii) requiring turnover of HTA revenues for payment of
  postpetition debt service under sections 922 and 928 of the Bankruptcy Code, and
  (iii) seeking to compel payment of "claw back" revenues to HTA for the
  bondholders' benefit. The Court granted the motion to dismiss. A notice of appeal
  was filed and is now pending in the First Circuit Court of Appeals.

- ACP Master LTD., et al. v. Commonwealth of Puerto Rico, et al., Adv. Proc. No.
  17-00189: Action by holders of GO bond debt to obtain declaratory and injunctive
  relief restricting the Commonwealth's use of essential "claw back" and property tax
  revenues. Proskauer fully briefed and argued a motion to dismiss which was
  granted by the Court. Plaintiffs appealed the judgment, which is currently pending
  in the First Circuit.

- Asociación de Profesoras & Profesores del Recinto Universitario de Mayagüez, Inc.
  ("APRUM") v. Commonwealth of Puerto Rico, et al., Adv. Proc. No. 17-197:
  Proskauer filed a motion to dismiss this action by APRUM, an organization
  purporting to represent professors employed on the Mayaguez campus ("RUM") of
  the University of Puerto Rico ("UPR"), against the Commonwealth and other
  defendants claiming that the fiscal plans for the Commonwealth and UPR do not
  allocate sufficient resources to RUM, and accordingly, are unconstitutional, *ultra
  vires*, and injurious to the professorate. APRUM has not opposed the Oversight
  Board's most recent motion to dismiss. Pursuant to an agreement recently reached
  and approved by the Court, this action is currently being held in abeyance pending
  revisions to the Commonwealth's and UPR's fiscal plans. With the aftermath of
  Hurricane Maria, Proskauer prepared a motion proposing a further three-week
  extension of dates, which the Court granted. Proskauer also prepared and filed a
  motion to hold in abeyance a second amended complaint to allow further work on
  revised fiscal plans, which the Court granted.

- Employees Ret. Sys. of the Gov't of the Commonwealth of Puerto Rico v. Altair
  Global Credit Opportunities Fund (A), LLC, et al., Adv. Proc. No. 17-00213:
  Action brought by Debtor ERS against certain holders of its approximately $3
  billion in bond debt seeking declaratory judgments that the liens asserted by ERS
  bondholders are not properly perfected and do not extend to certain material assets
  transferred to Commonwealth and used to pay pensions ERS is otherwise liable to
  pay. Proskauer brought the action as representative of ERS for the purpose of
  determining the respective parties' legal rights to facilitate the restructuring process.
  Proskauer has worked on an expedited basis to prepare witnesses for evidentiary
  hearings, take depositions as needed, and conduct discovery in connection with a

7

large volume of documents. Proskauer's motion for summary judgment on all counts, supported by extensive discovery, has been fully briefed and argued. The Court subsequently requested supplemental submissions to address, among other things, (i) a hypothetical creditor's rights to obtain a lien on property of the plaintiff at commencement of the Title III case and (ii) methods of calculating an employer's obligations, the sources of their funding and the method of their repayment to ERS.

- <u>Altair Global Credit Opportunities Fund (A), LLC, et al. v. Commonwealth of Puerto Rico, et al.</u>, Adv. Proc. No. 17-00219/220: Action by ERS bondholders asserting that actions taken by the Commonwealth to preserve pension benefits for over 200,000 participants in the public pension system were unconstitutional and resulted in stay violations and unjust enrichment. Proskauer has conducted discovery and filed a motion to dismiss these actions. Briefing is ongoing.

- <u>Official Committee of Unsecured Creditors v. Whyte</u>, Adv. Proc. No. 17-00257: Action between agents appointed by the Oversight Board to determine respective rights of the Commonwealth and COFINA in all sales and use taxes levied in Puerto Rico. Proskauer took actions to constrain the efforts of both of the Oversight Board's agents to exceed the scope of their mandate under the protocol, which actions are ongoing. The motion by the COFINA agent to certify issues to the Puerto Rico Supreme Court will be heard at the omnibus hearing scheduled for April 25th.

- <u>Assured Guaranty Corp., et al. v. PREPA, et al.</u>, Adv. Proc. No. 17-00232: Declaratory judgment action brought by Assured Guaranty Corp., National Public Finance Guarantee Corp., Syncora Guarantee, Inc., and an ad hoc group of PREPA bondholders against PREPA, asserting a right to receipt and application of pledged special revenues to payment of PREPA bonds. Proskauer prepared and filed responses to the Unsecured Creditors' Committee's motion to intervene in the action. On October 13, 2017, the plaintiffs voluntarily dismissed the action without prejudice.

- <u>Bank of New York Mellon v. COFINA, et al.</u>, Adv. Proc. No. 17-00133: Interpleader action by the COFINA fiscal agent to determine entitlement to COFINA funds in its possession among COFINA bondholders. Proskauer responded to multiple motions for summary judgment to protect the interests of the Commonwealth and COFINA. The motions are fully briefed and a ruling is pending.

15. As part of Proskauer's involvement in the above matters, Proskauer (a) prepared and filed numerous pleadings and briefs in litigation matters; (b) participated in and prepared for hearings; (c) researched jurisprudence regarding proposed plan issues, including bankruptcy and U.S. Constitutional issues; and (d) performed a myriad of other professional services as described in this Application and reflected in **<u>Schedule 3</u>** and **<u>Exhibit B</u>**.

16.     Proskauer's other notable litigation undertakings in furtherance and defense of the Oversight Board's mandate under PROMESA of returning the Commonwealth to fiscal responsibility and access to capital markets included:

- <u>Mediation</u>. Mediation is an essential forum for communicating and resolving the divergent perspectives of various stakeholders in connection with fiscal and debt issues.  Proskauer has taken a leading role in identifying and grouping issues ripe for court-ordered mediation, establishing protocols, and communicating on a continuous basis with the Court appointed mediators (for which there is court-ordered confidentiality).

- <u>Disaster Relief Fund Motion</u>. Proskauer moved swiftly to obtain disaster relief funding after Hurricanes Irma and Maria. Proskauer worked closely with the Government, the Oversight Board, and their respective financial advisors to assess the level of damage and to determine the potential amount of aid required. To be eligible for federal funds and comply with the U.S. Treasury's requirements that the potentially billions of dollars in disaster relief funds are used solely for their intended purpose, Proskauer, with the assistance of AAFAF, prepared a joint motion to safeguard the FEMA relief funds from any form of creditor attachment. The Court granted the motion with a modification to provide adequate protection for secured creditors and for super-priority administrative claims.

- <u>Appointments Clause Actions</u>. Various actions were filed challenging the constitutionality of the formation of the Oversight Board under the Appointments Clause of the U.S Constitution. If successful, these actions could result in the termination of the island's debt restructuring and threaten to unravel the important progress made to date. Proskauer served as co-counsel with Munger Tolles & Olson ("<u>MTO</u>") in opposing these actions, with Proskauer taking the lead in the UTIER action and MTO taking the lead in the Aurelius action with Proskauer defending against the stay relief Aurelius requested. Proskauer thoroughly researched issues of territoriality, including the composition of the Oversight Board, and rigorously defended the constitutionality of the Oversight Board's appointment. The United States of America, after reviewing the constitutional legislation and the arguments, filed a brief in support of MTO's and Proskauer's position. Briefing has been completed and the Court has consolidated the various actions and has taken them under advisement.

- <u>PREPA Postpetition Financing Motion</u>. Hurricanes Irma and Maria devastated Puerto Rico's electrical grid and left more than half of the island without electricity for several months. As a result, PREPA was left with significantly reduced cash collections and a dire need for financial resources to continue operations even as the U.S. government was paying for and implementing emergency repairs. Acting on PREPA's emergency need, Proskauer worked with the Commonwealth, PREPA, and their respective advisors to determine terms on which the Commonwealth could and should lend money to PREPA, PREPA's cash needs, and a marketing process

9

for postpetition financing. Proskauer drafted pleadings seeking approval of a $1 billion financing having superpriority and priming liens. Ultimately the Court granted a $300 million superpriority financing and permission to apply for more financing on the original proposed terms, if warranted. Proskauer also engaged in numerous rounds of negotiations with creditors to achieve amendments acceptable to the Court and various constituencies.

17.     By this Application, Proskauer seeks an allowance, pursuant to the Interim Compensation Order, of **$2,121,996.20** as compensation for professional services rendered and **$52,896.53** as reimbursement for actual and necessary expenses incurred during the Compensation Period in connection with such professional services.  Notably, the Application reflects aggregate voluntary reductions made during the Compensation Period to Proskauer's request for compensation and reimbursement of expenses in the amount of $66,290.60 and $4,084.44, respectively, on top of the sizeable discount Proskauer embedded in its engagement letter with the Oversight Board, in which it fixed hourly rates at levels providing up to 45% discounts on the hourly rates of its most senior partners.

18.     Proskauer maintains computerized records of the time spent by all Proskauer attorneys and paraprofessionals in connection with the firm's representation of the Oversight Board as representative of the Debtor.  Subject to redaction where necessary to preserve the attorney-client privilege and the confidentiality of attorney work product and mediation confidentiality, copies of the computerized records with respect to the Oversight Board as representative of the Debtor for the Compensation Period are attached hereto as **Exhibit B**.

19.     Proskauer's budget and staffing plan for the Compensation Period with respect to the Oversight Board as representative of the Debtor is attached hereto as **Exhibit D**.

20.     Proskauer's summary of itemized time records for professionals and paraprofessionals performing services for the Oversight Board with respect to the Debtor during the Compensation Period is set forth on **Schedule 1**.  During the Compensation Period,

10

Proskauer billed the Oversight Board for time expended by attorneys based on a set rate of $730 per hour, which increased by four-percent (rounded down to $759) on January 1, 2018.[5] The professional services performed by Proskauer on behalf of the Oversight Board as representative of the Debtor during the Compensation Period required an aggregate expenditure of 1,386.90 recorded hours by Proskauer's partners and counsel; 1,391.00 recorded hours by associates; 64.70 recorded hours by law clerks;[6] and 253.70 recorded hours by paraprofessionals.  As required by the Guidelines, **Exhibit C** attached hereto shows, for each Project Category (as defined below), a list of professionals who performed services in each Project Category and the aggregate recorded hours each professional incurred.  In accordance with Guidelines paragraph C.3, Proskauer's blended hourly rates are disclosed in **Schedules 1** and **5**.  The fees charged by Proskauer, as set forth in **Schedule 2**, are in accordance with the firm's existing billing rates and procedures in effect during the Compensation Period, as revised to reflect Proskauer's arrangement with the Oversight Board.  The standard rates Proskauer charges for the services rendered by its professionals and paraprofessionals in these Title III cases have been reduced to reflect the unique circumstances of PROMESA and the position of the Commonwealth of Puerto Rico, its instrumentalities, and its residents.

---

[5]  In the ordinary course of business, the standard hourly billing rates for Proskauer professionals and paraprofessionals are adjusted annually as of the commencement of the firm's fiscal year on November 1 to reflect economic and other conditions and apply to matters in and out of bankruptcy cases.  Pursuant to the Appendix B Guidelines, "rate increases" "exclude annual 'step increases' historically awarded by the firm in the ordinary course to attorneys throughout the firm due to advancing seniority and promotion." Appendix B Guidelines ¶ B.2.d, n.2.  Annual step increases are awarded by Proskauer in the ordinary course throughout the firm on May 1.  Proskauer's November 25, 2016 engagement letter with the Oversight Board (a copy of which is available on the Oversight Board's website at https://juntasupervision.pr.gov/wp-content/uploads/wpfd/50/58b6126be2546.pdf) (the "Engagement Letter") provides that Proskauer's rates will be increased on January 1 (rather than on November 1) by the lower of the percentage rate increase announced as of November 1 and four percent.  Because Proskauer's fees under the Engagement Letter are a blended rate (currently $759) for all attorneys and (currently $260) for all other professionals, no annual step increases will be applicable to the rates charged in this matter.

[6]  Law clerks are incoming attorneys who have not yet been admitted or sworn into the bar.  Once admitted and sworn into the bar, the timing of which varies on an individual- and jurisdictional-basis, such individuals are reclassified and billed as associates beginning on the first day of the month following such admission.

**Schedules 2** and **3** show that the rates Proskauer charges, on an hourly basis, are below the competitive market rates for bankruptcy and non-bankruptcy matters charged by the other professionals representing the Commonwealth and statutory committees.  No Proskauer rates are increased as a result of the geographic location of a bankruptcy case.

21.     All entries itemized in Proskauer's time records comply with the requirements set forth in the Guidelines, including, without limitation, (a) the utilization of project categories (each a "Project Category"), (b) a description of each activity or service that each individual performed, and (c) the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services.  Each Project Category is organized in accordance with Guidelines paragraph C.8.b.  If a Project Category does not appear in a particular application, Proskauer did not bill time or expenses for that Project Category during the Compensation Period, but may bill time for that Project Category in the future.

**Applicant Statement In Compliance with Appendix B Guidelines C.5**

22.     The following answers are provided in response to the questions set forth in Guidelines paragraph C.5:

> **Question**:   Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.
>
> Response:   Yes.  As explained in more detail in the Engagement Letter, in connection with its representation of the Oversight Board, both inside and outside of Title III, Proskauer agreed to a custom fee arrangement, whereby (a) prior to January 1, 2018, partners, counsel, and associates were billed at $730 per hour, and all other staff were billed at $250 per hour, and (b) as of January 1, 2018, partners, counsel, and associates are billed at $759 per hour, and all other staff are billed at $260 per hour.
>
> **Question**:   If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the

|  |  |
|---|---|
|  | client? |
| Response: | The total fees sought in this fee application did not exceed total budgeted fees by greater than 10%. |
| **Question**: | Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| **Question**: | Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees. |
| Response: | No. |
| **Question**: | Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees. |
| Response: | No, such time was not billed. |
| **Question**: | If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458? |
| Response: | Yes. The Engagement Letter provides that Proskauer's rates will be increased on January 1 (rather than on November 1, the beginning of Proskauer's fiscal year) by the lower of the percentage rate increase announced as of November 1 and four percent. As Proskauer's announced percentage increase exceeded 4% as of November 1, Proskauer's rates with respect to its representation of the Oversight Board were increased by four percent. |

### Hearings and Conferences

23.      Proskauer attorneys attended hearings and participated in numerous teleconferences with the Oversight Board, the Board's other professional advisors, AAFAF and its professional advisors, the Unsecured Creditors' Committee and its professional advisors, the Official Committee of Retired Employees and its professional advisors, and the Debtor's creditors and their professional advisors. Proskauer attorneys also participated in internal

13

meetings and conferences.  The Debtor's Title III case poses complex, often interrelated issues that frequently require the attendance of more than one professional at hearings and conferences.  This facilitates the sharing of information among professionals handling different but related work streams and possessing different areas of expertise that is brought to bear on a multitude of issues.  Having more than one Proskauer attorney participate in hearings and conferences is often essential when one attorney is not handling every issue, and is beneficial to the Oversight Board when attendance by more than one attorney (telephonic and/or in-person) reduces the need for internal de-briefing meetings and therefore allows Proskauer to represent the Debtor in a more cost-efficient manner that avoids unnecessary duplication and expense.  Proskauer limits multiple participation to the most critical work streams for which attendance by more than one professional is actually necessary to provide efficient and appropriate representation for the Debtor.

## Professionals Billing Fewer Than Five Hours per Month

24.     The following chart indicates, solely with respect to the Debtor's Title III case, (a) professionals who billed fewer than five hours per month, (b) the months for which fewer than five hours were billed by the professional, and (c) an explanation of why the use of such professional was reasonable and necessary.  As a general matter, because of the size and complexity of the Debtor's Title III case, it was reasonable and necessary to consult with professionals with specific practice area expertise to assist Proskauer's core restructuring professionals in providing the Debtor with necessary and beneficial professional services.[7]

---

[7] Many of the professionals listed below have billed substantially more time on other matters related to Proskauer's representation of the Oversight Board, including matters within and without Title III of PROMESA.

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Alladi, Om V. | October | Mr. Alladi is an associate in Proskauer's litigation department who assisted with discovery issues. |
| Barak, Ehud | January | Mr. Barak is a partner in Proskauer's BSGR&B group who analyzed and advised on litigation strategy in an adversary proceeding. |
| Bargoot, Alexandra V. | November | Ms. Bargoot is an associate in Proskauer's litigation department who assisted with legal research and analysis in an adversary proceeding. |
| Bienenstock, Martin J. | December | Mr. Bienenstock is a partner in Proskauer's BSGR&B group who analyzed and advised on multiple issues related to litigation strategy in the Debtor's adversary proceedings. |
| Brailey, Tara | December | Ms. Brailey is a law clerk in Proskauer's litigation department who assisted with analyzing the status of an adversary proceeding. |
| Cupplo, Sherri | October | Ms. Cupplo is a research specialist in Proskauer's library department who assisted with legal research. |
| Dale, Margaret A. | October, November | Ms. Dale is a partner in Proskauer's litigation department who advised on opposition to bondholders' motion to compel and on discovery issues. |
| D'Errico, Megan | December | Ms. D'Errico is a research specialist in Proskauer's library department who assisted with legal research. |
| Ferrara, Ralph C. | October - January | Mr. Ferrara is a partner in Proskauer's litigation department who analyzed and advised on litigation strategy in bondholder disputes. |
| Firestein, Michael A. | October - December | Mr. Firestein is a partner in Proskauer's litigation department who advised on litigation strategy in bondholder disputes. |
| Giddens, Magali | December, January | Ms. Giddens is a paralegal in BSGR&B group who assisted with various administrative tasks. |

15

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Golinder, Olga A. | November | Ms. Golinder is a paralegal in Proskauer's litigation department who assisted with various administrative tasks. |
| Harris, Mark | November - January | Mr. Harris is a partner in Proskauer's litigation department who analyzed and advised on litigation strategy in adversary proceedings. |
| Henderson, Laurie A. | December | Ms. Henderson is a docketing administrator in Proskauer's litigation department who assisted with docket research and filing. |
| Hendrick, Daniel W. | October | Mr. Hendrick is an associate in Proskauer's corporate department who assisted with analysis of ERS bond related issues. |
| Hoffman, Joan K. | November | Ms. Hoffman is a paralegal in Proskauer's litigation department who assisted with various administrative tasks. |
| Indelicato, Vincent | October, December | Mr. Indelicato is a partner in Proskauer's BSGR&B group who analyzed and advised on ERS bondholder litigation issues. |
| Klock, Joseph | October, November | Mr. Klock is an eDiscovery project manager at Proskauer who assisted with issues related to various document productions. |
| Lavine, Judy | November | Ms. Lavine is a library manager in Proskauer's library department who assisted with legal research on various issues. |
| Leader, Jordan B. | November | Mr. Leader is a senior counsel in Proskauer's litigation department who analyzed and advised on discovery related issues. |
| Ma, Steve | December | Mr. Ma is an associate in Proskauer's BSGR&B group who assisted with analyzing the status of an adversary proceeding. |
| Miller, Tiffany | January | Ms. Miller is a paralegal in Proskauer's labor & employment department who assisted with various administrative tasks. |
| Monforte, Angelo | January | Mr. Monforte is a paralegal in Proskauer's litigation department who assisted with various administrative tasks. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Morris, Matthew J. | October | Mr. Morris is an associate in Proskauer's litigation department who assisted with research and the drafting of a motion to dismiss an adversary complaint. |
| Mungovan, Timothy W. | January | Mr. Mungovan is a partner in Proskauer's litigation department who analyzed and advised on issues related to litigation strategy and court-ordered mediation. |
| Munguia, Ivania | November | Ms. Munguia is a paralegal in Proskauer's Private Client Services group who assisted with various administrative tasks related to the translation of documents. |
| Petrov, Natasha | October | Ms. Petrov is a paralegal in Proskauer's BSGR&B group who assisted with the drafting of Proskauer's interim fee application. |
| Quinn, Casey | October | Ms. Quinn is a paralegal in Proskauer's corporate department who assisted with various administrative tasks. |
| Rappaport, Lary Alan | October - December | Mr. Rappaport is a partner in Proskauer's litigation department who analyzed and advised on intervention issues and litigation strategy in adversary proceedings. |
| Ratner, Stephen L. | January | Mr. Ratner is a partner in Proskauer's litigation department who analyzed and advised on issues related to litigation strategy and court-ordered mediation. |
| Richman, Jonathan E. | December | Mr. Richman is a partner in Proskauer's litigation department who analyzed and advised on dispositive motions in an adversary proceeding. |
| Rochman, Matthew I. | November | Mr. Rochman is an associate in Proskauer's litigation department who assisted with the analysis of issues related to a motion to intervene in an adversary proceeding. |
| Rodriguez, Evelyn | October - December | Ms. Rodriguez is a paralegal in Proskauer's BSGR&B group who assisted with various administrative tasks. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Tayler M. Sherman | November, January | Ms. Sherman is a paralegal in Proskauer's litigation department who assisted with various administrative tasks. |
| Schmidt, Blake | October | Ms. Schmidt is a paralegal in Proskauer's corporate department who assisted with various administrative tasks. |
| Stafford, Laura | October | Ms. Stafford is an associate in Proskauer's litigation department who assisted with the analysis of lift-stay issues. |
| Stevens, Elliot R. | November, December | Mr. Stevens is a law clerk in Proskauer's BSGR&B group who assisted with the drafting of Proskauer's interim fee application. |
| Theodoridis, Chris | December | Mr. Theodoridis is an associate in Proskauer's BSGR&B group who assisted with drafting a letter to U.S. Trustee addressing ERS bondholders' letter. |
| Vermal, Ana | November | Ms. Vermal is a partner in Proskauer's litigation department who analyzed and advised on litigation strategy in Debtor's adversary proceedings. |
| Webb, Jeramy D. | December | Mr. Webb is an associate in Proskauer's BSGR&B group who assisted with the drafting of Proskauer's interim fee application. |
| Winkelspecht, Michael J. | November | Mr. Winkelspecht is an eDiscovery project manager at Proskauer who assisted with issues related to various document productions. |
| Wizner, Eamon | November - January | Mr. Wizner is a paralegal in Proskauer's litigation department who assisted with various administrative tasks. |
| Wolf, Lucy | December | Ms. Wolfe is an associate in Proskauer's litigation department who assisted with legal research. |
| Wong, Naomi | December, January | Ms. Wong is a paralegal in Proskauer's litigation department who assisted with various administrative tasks. |

18

## Summary Description of Professional Services

25.     The following is a brief narrative summary, listed by Project Category, of the professional services rendered by Proskauer during the Compensation Period.

(a)     Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants
        (Project Category 201)
        (Fees:  $949.00; Hours:  1.30)
        (Fees for work performed in Puerto Rico:  $0.00; Hours:  0.0)
        (Aggregate Fees:  $949.00; Aggregate Hours:  1.30)

26.     This Project Category includes time spent communicating with the Oversight Board, the Debtor, and their representatives, agents, and consultants.  Specifically, Proskauer attorneys and paraprofessionals spent time reviewing pleadings regarding adversary proceedings and issues related thereto.

(b)     Legal Research (Project Category 202)
        (Fees:  $138,149.20; Hours:  222.90)
        (Fees for work performed in Puerto Rico:  $0.00; Hours:  0.00)
        (Aggregate Fees:  $138,149.20; Aggregate Hours:  222.90)

27.     This Project Category includes time spent researching and analyzing legal issues and drafting internal memoranda analyzing legal issues and/or briefs showing the legal issues researched and analyzed, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Researching issues related to standing, merits, stay matters, and dismissal of actions;

- Researching and analyzing issues related to the Debtor's security and property interest, bondholders' liens, collateral estoppel, and restitution;

- Researching and analyzing various issues raised by parties in Courts of Claims case; and

- Researching privilege, disclosure, and other issues related to discovery disputes.

(c)   <u>Hearings and Other Non-Filed Communications with the Court (Project Category 203)</u>
(Fees:  $<u>257,841.30</u>; Hours:  <u>353.60</u>)
(Fees for work performed in Puerto Rico:  $<u>0.00</u>; Hours:  <u>0.00</u>)
(Aggregate Fees:  $<u>257,841.30</u>; Aggregate Hours: <u>353.60</u>)

28.     This Project Category includes time spent communicating with the Court and reviewing the Court's communications and procedures.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Communicating with the Court regarding applicable rules and requirements;
- Communicating with the Court regarding hearing dates;
- Preparing for and participating in Court proceedings; and
- Reviewing and analyzing transcripts of Court hearings.

(d)   <u>Communications with Claimholders (Project Category 204)</u>
(Fees: $<u>127,275.10</u>; Hours: <u>170.50</u>)
(Fees for work performed in Puerto Rico:  $<u>0.00</u>; Hours:  <u>0.00</u>)
(Aggregate Fees: $<u>127,275.10</u>; Aggregate Hours: <u>170.50</u>)

29.     This category includes time spent communicating with the Debtor's various claimholders.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Communicating with counsel to bondholders and counsel to AEELA regarding procedural and scheduling matters;
- Discussing with counsel to bondholders, the retiree committee, and AEELA issues related to depositions, document production, privilege, and other discovery disputes;
- Reviewing and discussing with counsel to bondholders, the retiree committee, and AEELA numerous motions, stipulations, briefs, and other pleadings; and
- Conferring with bondholder's counsel regarding issues relating to mediation, drafting mediation statements, and preparing for mediation.

(e)   <u>Communications with the Commonwealth, its Instrumentalities or Representatives of
the Commonwealth or its Instrumentalities (Project Category 205)</u>
(Fees:  $<u>17,135.90</u>; Hours:  <u>23.60</u>)
(Fees for work performed in Puerto Rico:  $<u>0.00</u>; Hours:  <u>0.00</u>)
(Aggregate Fees:  $<u>17,135.90</u>; Aggregate Hours: <u>23.60</u>)

30.   This Project Category includes time spent communicating with the Debtor's

representatives in various Title III related matters, to the extent not expressly covered by

another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Communicating with counsel and other advisors to AAFAF regarding
scheduling and procedural matters;

- Communicating with counsel and other advisors to AAFAF regarding
litigation strategy, the dismissal of actions,  intervention, and stay matters;
and

- Communicating with counsel and other advisors to AAFAF regarding
document production, depositions, and other discovery disputes.

(f)   <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
(Fees:  $<u>1,091,656.00</u>; Hours:  <u>1,488.20</u>)
(Fees for work performed in Puerto Rico:  $<u>0.00</u>; Hours:  <u>0.00</u>)
(Aggregate Fees:  $<u>1,091,656.00</u>; Aggregate Hours: <u>1,488.20</u>)

31.   This Project Category includes time spent drafting various pleadings filed on

behalf of the Debtor, to the extent not expressly covered by another Project Category.

Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conducting research for and drafting numerous pleadings, including
extensive briefing of complex legal issues related to dispositive motions in
the Debtor's adversary proceedings; and

- Conducting research for and drafting oppositions to a motion to compel the
Debtor's testimony, evidentiary objections to bondholders' motions and
declarations, and related affidavits and stipulations on behalf of the Debtor.

(g)   <u>Non-Board Court Filings (Project Category 207)</u>
(Fees:  $<u>167,144.80</u>; Hours:  <u>231.70</u>)
(Fees for work performed in Puerto Rico:  $<u>0.00</u>; Hours:  <u>0.00</u>)
(Aggregate Fees:  $<u>167,144.80</u>; Aggregate Hours: <u>231.70</u>)

32.   This Project Category includes time spent reviewing and commenting on Court

orders and filings made by other parties in the Debtor's Title III case, to the extent not

expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time:

- Analyzing briefing of bondholders, secured creditors, and the retiree committee related to dispositive motions in adversary proceedings;
- Reviewing and analyzing amended complaints in bondholder disputes, the AEELA adversary proceeding complaint, and related filings;
- Analyzing motions and stipulations related to discovery disputes with bondholders and related court orders; and
- Reviewing pleadings and analyzing issues raised by parties in the Courts of Claims case.

(h)   Stay Matters (Project Category 208)
      (Fees: $16,206.00; Hours: 22.20)
      (Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
      (Aggregate Fees: $16,206.00; Aggregate Hours: 22.20)

33.   This Project Category includes time spent analyzing and researching stay issues in the Debtor's Title III case and drafting various pleadings related to stay issues. Specifically, Proskauer attorneys and paraprofessionals spent time:

- Researching stay issues under PROMESA; and
- Analyzing stay issues raised in the Courts of Claims case and preparing opposition to motion to lift stay by bondholders.

(i)   Adversary Proceeding (Project Category 209)
      (Fees: $110,556.80; Hours: 161.50)
      (Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
      (Aggregate Fees: $110,556.80; Aggregate Hours: 161.50)

34.   This project category includes time spent on various contested matters and adversary proceedings, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time:

- Analyzing and enhancing the Debtor's discovery strategy, including document production and depositions in adversary proceedings;
- Communicating with counsel to various parties and coordinating discovery across adversary proceedings, including resolving privilege and disclosure disputes;

- Drafting discovery requests and responses in adversary proceedings, and reviewing and analyzing documents produced by various parties;

- Preparing for and participating in depositions and analyzing deposition testimony;

- Coordinating document preservation and collection efforts; and

- Performing document review and coordinating document production in response to discovery requests in multiple adversary proceedings.

(j)  Analysis and Strategy (Project Category 210)
     (Fees: $90,869.90; Hours: 124.50)
     (Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
     (Aggregate Fees: $90,869.90; Aggregate Hours: 124.50)

35.  This Project Category includes time spent related to (a) legal analysis in, and strategic approach to, the Debtor's Title III case, including meetings to discuss strategic case considerations, the status of various work streams, and next steps, and (b) all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

(k)  Non-Working Travel Time (Project Category 211)
     (Fees: $7,446.00; Hours: 10.20)
     (Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
     (Aggregate Fees: $7,446.00; Aggregate Hours: 10.20)

36.  This Project Category includes time spent traveling on behalf of the Oversight Board and the Debtor, during which no billable work is performed.  Fees in this Project Category are billed at fifty percent (50%).

(l)  General Administration (Project Category 212)
     (Fees: $57,620.00; Hours: 227.80)
     (Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
     (Aggregate Fees: $57,620.00; Aggregate Hours: 227.80)

37.  This Project Category includes time spent on general administration of the Debtor's Title III case, including (a) case status and coordination activities, including maintaining the case calendar; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case

23

documents to ensure accessibility by the Proskauer team, the Debtor, and other parties in interest.  Specifically, Proskauer attorneys and paralegals spent time preparing and updating internal case management documents and case calendars.

    (m)  Labor, Pension Matters (Project Category 213)
           (Fees: $1,022.00; Hours: 1.40)
           (Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
           (Aggregate Fees: $1,022.00; Aggregate Hours: 1.40)

38.    This Project Category includes time spent reviewing employee and retiree benefits issues.  Specifically, Proskauer attorneys and paraprofessionals spent time attending meetings pertaining to pension issues.

    (n)  Legal/Regulatory Matters (Project Category 214)
           (Fees: $11,242.00; Hours: 15.40)
           (Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
           (Aggregate Fees: $11,242.00; Aggregate Hours: 15.40)

39.    This Project Category includes time spent on communications or dealings with any U.S. regulatory, congressional, or governmental entity.  Specifically, Proskauer attorneys spent time preparing for and communicating with the U.S. Trustee regarding the bondholders' letter concerning appointment of the official committee of unsecured creditors.

    (o)  Plan of Adjustment and Disclosure Statement (Project Category 215)
           (Fees: $22,258.20; Hours: 30.30)
           (Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
           (Aggregate Fees: $22,258.20; Aggregate Hours: 30.30)

40.    This Project Category includes time spent on issues related to the terms of a proposed Title III plan.  Specifically, Proskauer attorneys spent time conducting research and analysis of proposed revisions to the Debtor's fiscal plans and related funding and creditor issues, and preparing and attending related meetings with the Debtors' advisors and potential investors.

(p)   Tax (Project Category 217)
       (Fees: $950.00; Hours: 3.80)
       (Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
       (Aggregate Fees: $950.00; Aggregate Hours: 3.80)

41.     This Project Category includes time spent on tax matters involving the Debtor.

Specifically, Proskauer attorneys and paraprofessionals spent time reviewing documents

related to tax issues.

(q)   Employment and Fee Applications (Project Category 218)
       (Fees: $2,141.00; Hours: 5.30)
       (Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
       (Aggregate Fees: $2,141.00; Aggregate Hours: 5.30)

42.     This Project Category includes time spent on issues related to the compensation

of Proskauer, and the retention and compensation of other Oversight Board professionals,

including the preparation of monthly fee applications.  Specifically, Proskauer attorneys and

paraprofessionals spent time preparing Proskauer's first interim fee application as attorneys for

the Oversight Board as representative of the Debtor.

(r)   Fee Applications for Other Parties (Project Category 220)
       (Fees: $1,533.00; Hours: 2.10)
       (Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
       (Aggregate Fees: $1,533.00; Aggregate Hours: 2.10)

43.     This Project Category includes time spent on issues related to the compensation

of other Oversight Board professionals, including the preparation of fee applications.

Specifically, Proskauer attorneys and paraprofessionals spent time reviewing, discussing,

drafting and revising fee applications, fee statements, and dealing with related issues for

various professionals.

*        *        *        *

44.     The foregoing professional services performed by Proskauer on behalf of the

Oversight Board as representative of the Debtor during the Compensation Period were

reasonable, necessary, appropriate, and beneficial when rendered, facilitated the effective administration of the Debtor's Title III case, and were in the best interests of the Oversight Board and the Debtor's creditors, Commonwealth's residents, and other stakeholders. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and time-sensitive nature of the problems, issues, and tasks involved. The professional services were performed with expedition and in an efficient manner.

45. In accordance with the factors enumerated in the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of the Debtor's Title III case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; (e) Proskauer's established expertise in the bankruptcy field; and (f) the costs of comparable services other than in a case under the Bankruptcy Code.

**Actual and Necessary Expenses of Proskauer**

46. Pursuant to the Guidelines, **Schedule 4** is Proskauer's summary of actual and necessary expenses incurred on behalf of the Oversight Board as representative of the Debtor during the Compensation Period.

47. In accordance with paragraph C.13 of the Appendix B Guidelines, and as more fully described in **Schedule 4**, Proskauer seeks reimbursement for its necessary and reasonable expenses, including: (a) reproduction, (b) online research, (c) delivery services and couriers, (d) local travel to and from airports, (e) out-of-town travel, (f) out-of-town meals (g) transcription services, (h) telephone, (i) litigation support, and (k) conference services. All expense entries detailed in **Exhibit B** comply with the requirements set forth in the Guidelines, including an itemization of the expenses by category, the date the expense was incurred, and the individual incurring the expense, where available. The reasons for the expenses are self-

explanatory; in compliance with Appendix B Guidelines paragraph C.13, the requested expenses are of the kind customarily charged to Proskauer's non-bankruptcy clients and by other comparable professionals.

48.     Proskauer generally charges from $0.10 (black and white) to $0.30 (color) per page for photocopying expenses. The rates charged by the firm for Westlaw and Lexis computerized research vary according to the type of research conducted and the specific files researched, but, in any event, Proskauer does not profit from the use of computer assisted legal research, as set forth in **Schedule 4**.  As per the Appendix B Guidelines, Proskauer has not requested reimbursement of expenses related to overhead charges, such as secretarial services and proofreading.  As **Schedule 4** reflects, all expenditures are of the type customarily billed to clients.

49.     During the Compensation Period, Proskauer has disbursed $52,896.53 as necessary and reasonable expenses.  These charges cover Proskauer's direct operating costs, which costs are not incorporated into the firm's hourly billing rates (because to do so would impose that cost upon clients who do not require extensive photocopying and other facilities and services).  Only clients who actually use services of the kind set forth in **Exhibit B** are separately charged for such services.  Proskauer has made every effort to minimize its expenses in the Debtor's Title III case.  The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to effectively serve the needs of the Debtor in its Title III case.

## Compensation Paid and Its Source

50.     All services for which Proskauer seeks compensation, and expenses for which it seeks reimbursement, were performed on behalf of the Oversight Board as representative of the

Debtor.  In connection with the matters covered by this Application, Proskauer received no payment and no promises of payment for services rendered, or to be rendered, from any source other than the Debtor.  There is no agreement or understanding between Proskauer and any other person, other than members of the firm, for the sharing of compensation received for services rendered in this Title III case.

51.     PROMESA sections 316 and 317 provide for interim compensation of professionals and govern the Court's award of such compensation.  48 U.S.C. §§ 2176-2177. PROMESA section 316 provides that a court may award a professional person employed by the Debtor or the Oversight Board under PROMESA "(1) reasonable compensation for actual, necessary services rendered by the professional person, or attorney and by any paraprofessional person employed by any such person; and (2) reimbursement for actual, necessary expenses." 48 U.S.C. § 2176(a).   Section 316 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded … the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (1) the time spent on such services;
>
> (2) the rates charged for such services;
>
> (3) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;
>
> (4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (5) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this subchapter or title 11.

48 U.S.C. § 2176(c).

52.     As noted above, the professional services and expenditures for which Proskauer seeks compensation and reimbursement in this Application were necessary and beneficial to the Oversight Board as representative of the Debtor.  Proskauer worked diligently to anticipate or respond to the Oversight Board's needs and assist in the Oversight Board's navigation of the Debtor's very complex Title III case.  The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Oversight Board.  The Oversight Board has reviewed and approved this Application.

### <u>Reservations</u>

53.     To the extent time or disbursement charges for services rendered or expenses incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, or Proskauer has for any other reason not yet sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Compensation Period, Proskauer reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

### <u>Notice</u>

54.     Pursuant to the Interim Compensation Order, notice of this Application has been filed in ERS's and the jointly-administered Commonwealth of Puerto Rico's Title III cases and served upon:

> (a) the Financial Oversight and Management Board, 40 Washington Square South, Office 314A, New York, NY 10012, Attn: Professor Arthur J. Gonzalez, Oversight Board Member;

29

(b) the attorneys for the Financial Oversight and Management Board as representative of The Commonwealth of Puerto Rico, O'Neill & Borges LLC,  250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Attn: Hermann D. Bauer, Esq.;

(c) the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq., Suzzanne Uhland, Esq., and Diana M. Perez, Esq.;

(d) the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muniz, LLC, Luis C. Marini-Biaggi, Esq., MCS Plaza, Suite 500, 255 Ponce de León Ave., San Juan P.R. 00917; and Greenberg Traurig LLP, 200 Park Avenue, New York, NY 10166, Attn: Nancy A. Mitchell, Esq. and Nathan A. Haynes, Esq.;

(e) the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Commonwealth of Puerto Rico);

(f) the attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc A. Despins, Esq., Andrew V. Tenzer, Esq., Michael E. Comerford, Esq., and G. Alexander Bongartz, Esq.;

(g) the attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. and Alberto J.E. Añeses Negrón, Esq.;

(h) the attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. and Richard Levin, Esq., and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. and Melissa Root, Esq.;

(i) the attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar-Zequeira, Esq.; and

(j) the Fee Examiner, Brady C. Williamson, Esq., Godfrey & Kahn S.C., One East Main Street, Suite 500, Madison, WI 53703.

Proskauer submits that, in light of the foregoing, no other or further notice need be provided.

WHEREFORE Proskauer respectfully requests that the Court enter an order (a) allowing interim compensation for professional services rendered during the Compensation Period in the amount of **$2,121,996.20** (which includes the 10% professional compensation holdback amount) and reimbursement for actual and necessary expenses Proskauer incurred in connection with such services during the Compensation Period in the amount of **$52,896.53**; (b) directing the Debtor to pay promptly to Proskauer the difference between (i) the amount of interim compensation for professional services rendered, and reimbursement of expenses incurred during the Compensation Period allowed hereunder, and (ii) the amounts for such compensation and expenses previously paid to Proskauer, consistent with the provisions of the Interim Compensation Order; (c) allowing such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred without prejudice to Proskauer's right to seek additional compensation for services performed and expenses incurred during the Compensation Period, which were not processed at the time of this Application; and (d) granting Proskauer such other and further relief as is just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated: April 9, 2018
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Maja Zerjal (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
      ppossinger@proskauer.com
      ebarak@proskauer.com
      mzerjal@proskauer.com

-and-

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205

*/s/ Ubaldo M.  Fernández*
Ubaldo M. Fernández
USDC No. 224807
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and
Management Board as Representative of the
Puerto Rico Electric Power Authority*