UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND | |
| MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, <u>et al.</u>, | (Jointly Administered) |
| Debtors.[1] | |

------------------------------------------------------------x

<u>Memorandum Order Denying Motion for Relief From Stay (Docket Entry No. 2720)</u>

Before the Court is a motion filed by Thamari Gonzalez Martinez, for herself and in representation of her minor, Edwin Alexander Matta Gonzalez (collectively, the "Movants") for relief from the automatic stay imposed by the filing of the above-captioned Title III case in a personal injury action, captioned <u>Thamari Gonzalez et al v. Municipio de Naranjito et al</u>, DDP2014-0355, (the "Lawsuit"), pending before the Puerto Rico Court of First Instance, Superior Court of Bayamón, filed by Movants against the Commonwealth of Puerto Rico (the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

"Commonwealth" or the "Debtor"), the Department of Transportation and Public Works (the "DPW"), an agency of the Commonwealth, the Municipality of Naranjito (the "Municipality") and Multinational Insurance Company ("Multinational"). The Municipality has asserted a cross-claim against the Commonwealth. For the following reasons, the Motion is denied in its entirety.

BACKGROUND

Movants, the Plaintiffs in the Lawsuit, which was filed against Debtor, DPW, the Municipality and Multinational seek to continue to prosecute the Lawsuit as against all defendants, or at least as against the Municipality and Multinational. (Case No. 17-3283, Docket Entry No. 2720, Motion for Relief from Stay (the "Motion"), ¶ 1.) Movants assert in the Motion that the stay only applies to the Commonwealth and does not extend to the Municipality, Multinational or DPW. (Id. at p. 3.) Movants further argue that there is cause to lift the stay because that the personal injury action lacks any connection to the Debtor's Title III proceedings and the Lawsuit is trial ready. (Id. at p. 4.) Movants also assert that permitting the Lawsuit to proceed will not cause harm to the Commonwealth because, in the event the Commonwealth is found liable, a money judgment could be executed against the Municipality or Multinational. (Id.) On March 30, 2018, the Debtor filed its objection (the "Debtor's Objection") to the Motion. (Docket Entry No. 2830.) On April 5, 2018, Movants filed a reply to the Debtor's Objection (the "Movant's Reply"). (Docket Entry No. 2849.) The Court has reviewed the submissions carefully.

The Debtor argues that the Motion must be denied for several reasons, including the Lawsuit is in its preliminary stage as the parties are in the middle of discovery and not trial ready. According to the Debtor, depositions, pretrial hearing, preparation of pretrial statements

and other hearings and filings must be completed before the Lawsuit is trial ready.  In addition, the Debtor asserts, and Movants do not dispute, that Commonwealth would be responsible for any judgment against it because Multinational is the Municipality's insurance carrier, not the Commonwealth's or DPW's.  The Debtor also asserts that continuation of the Lawsuit would interfere with the Debtor's ability to formulate and implement procedures for efficient management of pending litigation and the claims process, require the expenditure of scarce resources in aid of resolution of a potential claim that can be handled in the claims process, and encourage efforts to continue other pending cases, which are multitudinous.

## DISCUSSION

Section 362(a) of the Bankruptcy Code, made applicable by Section 301(a) of PROMESA, 48 U.S.C. § 2161, imposes an automatic stay on "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . ." 11 U.S.C. § 362(a)(1); see also PROMESA § 301(a) (incorporating 11 U.S.C. § 362 into Title III cases).  Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause."  To determine whether cause exists to lift the bankruptcy stay, courts in this district rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax").  See, e,g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax).  Of particular relevance to the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or

complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "whether the debtor's insurance carrier has assumed full responsibility for defending the litigation," "the interests of judicial economy and the expeditious and economical resolution of litigation," "whether litigation in another forum would prejudice the interests of other creditors," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

The Sonnax criteria do not weigh in Movants' favor with respect to the continuation of the Lawsuit. Continuation of the Lawsuit, which is not trial ready, would not necessarily result in an expeditious resolution of Movants' claims. Thus, the requested relief from the automatic stay would not result in a complete or materially significant partial resolution of Movant's claims against the Debtor. Furthermore, Movants' claim and any attendant factual issues relevant to relief as against the Debtor can be adjudicated within the context of this Title III proceeding. For the same reasons, relief from stay to continue the Lawsuit would not serve the interests of judicial economy or the economical resolution of Movants' disputes with the Debtor. The hardship to the Debtor of devoting its legal resources to litigation of the personal injury claims, especially because the Debtor does not have insurance coverage, outweighs the burden on Movants of delay of resolution of their claims, a burden which is shared with other creditors. Lifting the stay only as against the other parties would not relieve the burden on the Debtor, as the factual issues overlap and there is a cross-claim against the Debtor, so it appears that the Debtor could not prudently forego participation in the litigation while the claims against it are outstanding.

## CONCLUSION

For the foregoing reasons, Movants' motion is denied and the automatic stay continues in place. See 11 U.S.C. § 362(a). This Memorandum Order resolves docket entry no. 2720 in case no. 17-3283.

SO ORDERED.

Dated: April 11, 2018

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge