# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

**Re: ECF Nos. 663, 858, 1039, 2770**

(Jointly Administered)

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY ("HTA")

    Debtor.

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3567-LTS

**This Stipulation relates only to HTA and shall be filed in the lead Case No. 17 BK 3283-LTS and Case No. 17 BK 3567-LTS.**

### STIPULATION MODIFYING THE AUTOMATIC STAY BETWEEN THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY AND CERTAIN HTA MANAGERIAL EMPLOYEES AND VOLUNTARY <u>DISMISSAL OF THE MOTION REQUESTING RELIEF FROM STAY [ECF NO. 663]</u>

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

This stipulation (the "Stipulation") is made as of April 4, 2018, by and between the Puerto Rico Highway and Transportation Authority ("HTA") and the managerial employees of HTA (collectively, "Movants") listed in Exhibit 1 to the *Motion Requesting Relief From Stay* [ECF No. 663] (the "Stay Motion").[2]

## RECITALS

**WHEREAS**, on May 21, 2017, HTA, by and through the Oversight Board, as HTA's representative pursuant to PROMESA section 315(b), filed a petition with the United States District Court for the District of Puerto Rico (the "District Court") under title III of PROMESA (the "Title III Case");

**WHEREAS,** on July 19, 2017, Movants filed the Stay Motion pursuant to Bankruptcy Code section 362(d)(1), requesting the District Court lift the automatic stay set forth in Bankruptcy Code sections 362(a) and 922(a), made applicable to the Title III Case by PROMESA section 301(a) (the "Title III Stay"), to allow Movants to proceed with their prepetition employment claims filed and prosecuted against HTA (collectively, the "Prepetition Actions") pending before different Commonwealth judicial and administrative forums including: the Appeals Board of the HTA (*Junta de Apelaciones de la Autoridad de Carreteras y Transportación)*, the Appellate Commission of Public Service (*Comisión Apelativa del Servicio Público*), and the Puerto Rico Courts (collectively, the "Prepetition Forums");[3]

---

[2] The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized HTA to enter into this Stipulation.

[3] The Stay Motion was filed prior to the entry of the *Order Amending Case Management Procedures,* which revised the *Notice, Case Management and Administrative Procedures* (the "Case Management Procedures") to implement a protocol (the "Lift Stay Protocol") for filing motions for relief from the Title III Stay [ECF Nos. 1065, 1512, 2839]. Accordingly, the Lift Stay Protocol does not apply to the Stay Motion.

2

**WHEREAS**, on August 2, 2017, the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), on behalf of HTA, filed an objection to the Stay Motion [ECF No. 858] (the "Objection"), arguing, among other things, that HTA needed additional time to evaluate Movants' claims in the overall context of the Title III Case and that Movants had failed to provide information about the status and stage of each of the employment claims;

**WHEREAS**, on August 15, 2017, the parties filed the *Joint Motion and Stipulations Concerning the Request for Relief of Stay Filed by the Managerial Employees* [ECF No. 1032] (the "Joint Motion"), whereby Movants and HTA reached an agreement to adopt a process that would allow HTA to receive particularized information on each of the claims involved in the Stay Motion and for both parties to conduct discussions in an effort to reach agreements regarding Movants' request for relief from the Title III Stay;

**WHEREAS,** on August 15, 2017, the District Court entered the *Order Granting Joint Motion and Stipulations Concerning the Request For Relief of Stay Filed by HTA Managerial Employees* [ECF No. 1039] (the "Scheduling Order"), granting the Joint Motion and setting certain deadlines for the parties to exchange information and conduct discussions regarding the relief requested in the Stay Motion;[4]

**WHEREAS**, on November 30, 2017 and January 10, 2018, Movants furnished HTA with particularized information concerning each claim included in the list attached as Exhibit 1 to the Stay Motion, including a summary of the nature of the claim, the status and stage of the proceedings, as well as other relevant information; and

---

[4] The deadlines set forth in the Scheduling Order were extended by agreement of the parties several times as a result of delays caused by Hurricane Maria. *See* ECF Nos. 1310, 1540, 2244, 2525, and 2770.

3

**WHEREAS**, after the particularized claim information was furnished, HTA and Movants met and conferred and have resolved the Stay Motion and the Objection.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among HTA and Movants, through their counsel, each of whom represent and warrant they possess the requisite authority to bind the respective parties hereto, as follows:

1. The Title III Stay is hereby modified solely to the limited extent necessary to enable the Prepetition Actions included in Tables I-V attached as Exhibits 1 thru 5 of this Stipulation to proceed to judgment before the applicable Prepetition Forum, including the issuance of administrative or judicial judgments, resolutions, and all other forms of final adjudication of the claims; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Actions, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor. Notwithstanding anything to the contrary herein, HTA and Movants shall retain all rights to settle the referenced claims.

2. Subject to the covenants, terms, and conditions set forth in this Stipulation, Movants hereby withdraw the Stay Motion with prejudice to the claims subject to this Stipulation and without prejudice to the claims not subject to this Stipulation.

3. Movants expressly reserve the right to pursue, modify, and/or supplement their respective positions concerning the Title III Stay and relief of stay in accordance with the Case Management Procedures and Lift Stay Protocol, with respect to any claims where no agreement is reached between the parties; and HTA reserves all rights to object to any pleading or requests filed by Movants.

4. Nothing contained in this Stipulation shall operate as a waiver or modification of

the Title III Stay so as to permit the prosecution against HTA or any of the other Title III debtors of any claim or claims by anyone other than Movants as provided for herein and HTA reserves all rights, defenses, and protections with respect to any matters pending or that may arise in the Title III Case, including the treatment of any claim arising from the Prepetition Action under a plan of adjustment or otherwise in the Title III Case.

5. HTA and Movants represent and warrant that they are properly and fully empowered to enter into and execute this Stipulation, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that the Stipulation is legal, valid, and binding upon them.

6. Neither this Stipulation nor the settlement provided for herein, nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of HTA's rights to dispute, contest, setoff, or recoup any claim, including any claims asserted by Movants in the Prepetition Actions or assert any related rights, claims, or defenses and all such rights are reserved; or (c) an approval or assumption of any agreement or contract between the parties under Bankruptcy Code section 365.

7. Nothing in this Stipulation shall be deemed or construed as (a) creating or conferring any right upon any persons or entities (other than Movants as expressly provided in this Stipulation), or (b) evidence of any willingness or obligation on HTA's part to consent to any other or future modifications of or relief from the Title III Stay with respect to any persons or entities.

8. This Stipulation contains the entire agreement by and between the parties with

respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

9. This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico. For purposes of construing this Stipulation, neither of the parties shall be deemed to have been the drafter of the Stipulation.

10. Electronic copies of signatures on this Stipulation are acceptable, and an electronic copy of a signature on this Stipulation is deemed an original. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

11. This Stipulation may not be modified other than by a signed writing executed by the parties hereto.

12. The District Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

13. This Stipulation shall be immediately effective and enforceable upon approval by the District Court.

*Remainder of this Page Intentionally Left Blank*

**IN WITNESS WHEREOF** and in agreement herewith, by and through their counsel, the parties have executed and delivered this Stipulation as of the date first set forth above.

| | |
|---|---|
| */s/ Jesús R. Morales Cordero* | */s/ Juan M. Maldonado De Jesús* |
| JESÚS R. MORALES CORDERO | **PUERTO RICO HIGHWAYS AND** |
| USDC-PR 210609 | **TRANSPORTATION AUTHORITY** |
| **BUFETE MORALES CORDERO, CSP** | Juan M. Maldonado De Jesús |
| PO Box 363085 | Oficina del Asesor Legal ACT |
| San Juan, Puerto Rico 00936-3085 | P.O. Box 42007 |
| Tel. (787) 624-4299/Fax (787) 777-1410 | San Juan, Puerto Rico 00940-2007 |
| bufetemoralescordero@gmail.com | jumaldonado@dtop.pr.gov |
| moracor@gmail.com | |
| | *Puerto Rico Highways and Transportation Authority* |
| *Attorneys for Movants* | |

SO ORDERED.  April 11, 2018

　/s/ Laura Taylor Swain
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE