IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Debtor | PROMESA<br><br>Title III<br><br>No. 17 BK 3283-LTS |

### RESPONE TO OPPOSITION TO MOTION REQUESTING ORDER, AND RELIEF OF PARTIAL STAY [Docket No. 2862]

TO THE HONORABLE COURT:

COMES NOW the creditor Javier Pérez-Rivera, represented by the undersigned counsel, and respectfully states and prays as follows:

1. On April 9, 2018, debtor Commonwealth of Puerto Rico, filed Objection of the Commonwealth to Motion Requesting Order, and Relief of Partial Stay Filed By Javier Pérez-Rivera [Docket No. 2862].

2. The Commonwealth does not object the reinstatement of Mr. Pérez-Rivera in his work at the Department of Labor and Human Resources (DLHR). However, the Commonwealth objects the payment of backpay to Mr. Javier Pérez-Rivera and the lift of stay of the damages claim filed regarding his discriminatory discharge.

3. Due the fact that the Commonwealth agrees to the reinstatement, it is requested to the Honorable Court to order the immediate reinstatement of the plaintiff.

4. Regarding the back pay compensation, the creditor request to the Honorable Court to order the payment of backpay accrued after the commencement of the

1

petition under under 11 U.S. Code §503(b)(1)(A)(ii) that states that:

> **(b)**<u>After notice and a hearing</u>, there shall be allowed administrative expenses, other than claims allowed under <u>section 502(f) of this title</u>, including—
>
> **(1)**
>
> **(A)**the actual, necessary costs and expenses of preserving the estate <u>including</u>—
>
> **(i)**ages, salaries, and commissions for services rendered after the commencement of the case; and
>
> **(ii)** wages and benefits awarded pursuant to a judicial proceeding or a proceeding of the National Labor Relations Board as back pay attributable to any period of time occurring after commencement of the case under this title, as a result of a violation of Federal or <u>State</u> law by the debtor, without regard to the time of the occurrence of unlawful conduct on which such award is based or to whether any services were rendered, if the court determines that payment of wages and benefits by reason of the operation of this clause will not substantially increase the probability of layoff or termination of current employees, or of nonpayment of <u>domestic support obligations</u>, during the case under this title;

5. Section 301 of PROMESA adopted the aforesaid section, therefore it is applicable to the present case.

6. *In re Philadelphia Newspapers*, LLC, 433 B.R. 164 (Bankr. E.D. Pa. 2010) interpreted the meaning of the word "and" between subsections (i) and (ii) of § 503(b)(1)(A) "in the fact that Congress used the same word (*i.e.,* "and") to string together the nine subcategories of administrative expenses listed under § 503(b). The nine categories are independent of each other just like subsections (i) and (ii) of § 503(b)(1)(A)."

7. The Court exposed that that:

"Based on the plain language of § 503(b)(1)(A)(ii) which, as *First Magnus* and *Powermate* courts concluded, is unambiguous, Congress has allowed, under certain circumstances, for wages and benefits to be treated as "actual, necessary costs and expenses of preserving the estate" under § 503(b)(1)(A) "*without*

2

*regard ... to whether any services were rendered.*" 11 U.S.C. § 503(b)(1)(A)(ii) (italics added). The new subsection could not be more plain in its language and given that there is no legislative history upon which to base a conclusion that Congress did not mean what it said, the provision must be applied in accordance with its language. *See Consumer Product Safety Commission v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S. Ct. 2051, 64 L. Ed. 2d 766 (1980) ("[T]he starting point for interpreting a statute is the language of the statute itself" and "[a]bsent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive."); *In re Meyer,* 355 B.R. 837 (Bankr.D.N.M. 2006) (*quoting Connecticut Nat'l Bank v. Germain,*503 U.S. 249, 253-54, 112 S. Ct. 1146, 117 L. Ed. 2d 391 (1992) *(citations omitted) and citing Lamie v. United States Trustee,* 540 U.S. 526, 542, 124 S. Ct. 1023, 157 L.Ed.2d 1024(2004)) (observing that the Supreme Court has instructed courts that they must "`presume that a legislature says in a statute what it means and means in a statute what it says'" and that "[i]f it then turns out that Congress did not write what it meant to say, it must be Congress that rewrites the statute to fix the mistake.").

Admittedly, the kind of wages that have previously been recognized as allowed, administrative expenses under § 503(b)(1)(A) were only wages that were earned for services rendered post-petition.[10]*See e.g., Pennsylvania Department of Environmental* *175 *Resources v. Tri-State Clinical Laboratories, Inc.,*178 F.3d 685, 689-690 (3d Cir.1999); *In re Roth American, Inc.,* 975 F.2d 949, 958 (3d Cir.1992). However, the fact that § 503(b)(1)(A)(ii) specifically states that wages and benefits are to be treated as administrative expenses thereunder without regard to "whether any services were rendered" cannot be ignored. The inclusion of this language in subsection (ii) is in stark contrast to the language in subsection (i) referring to "wages, salaries, and commissions *for services rendered after the commencement of the case* [.]" 11 U.S.C. § 503(b)(1)(a)(i) (italics added).

Consequently, if back pay is awarded for any period of time "attributable to any time occurring after commencement of a case" *and* the back pay meets the other requirements listed in subsection (ii), then this Court holds that back pay constitutes an allowed, administrative expense under § 503(b)(1)(A) without regard to whether services have been rendered. If Congress did not intend this result when it enacted § 503(b)(1)(A)(ii), then it is up to Congress to re-word the statute. "

8. The requirements for the treatment of back pay as administrative expenses

under §503(b)(1)(A)(ii) as set in I*n re Philadelphia Newspapers*, LLC, 433 B.R.

164 (Bankr. E.D. Pa. 2010) are:

(1) they were awarded pursuant to a judicial proceeding or a proceeding of the National Labor;

(2) they were awarded as back pay attributable to a period of time occurring after commencement of the debtor's bankruptcy case;

3

(3) they were awarded as a result of a violation of Federal or State law by the debtor; and

(4) the court determines that payment of the wages and benefits will "not substantially increase the probability of layoff or termination of current employees, or of nonpayment of domestic support obligations, during the" debtor's bankruptcy case.

9. Mr. Perez-Rivera meets each of the criterias set forth in §503(b)(1)(A)(ii) :

   1. He won an arbitration[1] before the Public Service Appeals Commision (PSAC) granting the back pay. The PSAC is the forum with exclusive jurisdiction under Puerto Rico Law 45-1998 to adjudicate Mr. Perez-Rivera's discharge claim.

   2. The back pay compensation includes a period of time attributable after the commencement of the debtor bankruptcy;

   3. The award was a result of debtors violation of State Law, in this case the Constitution of the Commonwealth of Puerto Rico. Public career employees in Puerto Rico have a proprietary interest in their positions, which is why they are creditors of the due processors of a law. *González Segarra et al. v. CFSE*, 188 PRD 252 (2013).

   4. There is no evidence that the payment of back pay would result in the substantial increase of the probability of layoff or termination of current employees.

10. Regarding the stay under section 362, the causes to lift it "might include the lack of any connection with or interference with the pending bankruptcy case. Generally, proceedings in which the debtor is a fiduciary, or involving postpetition

---

[1] The Public Service Appeals Commission, whom Arbiter issued the award, is the forum with judicial jurisdiction to issue judgment unde r_____

activities of the debtor, need not be stayed because they bear no relationship to the purpose of the automatic stay, which is protection of the debtor and his estate from his creditors." <u>In Re Sonnax Industries</u>, **907 F.2d 1280 (2d Cir. 1990).**

11. In any way Mr. Pérez-Rivera claim relates to the core of the debt of the present case or interferes with the bankruptcy case. There is no obstacle to the present case with the continuance of Mr. Perez-Rivera discrimination case.

12. There is "a dozen factors to be weighed in deciding whether litigation should be permitted to continue in another forum. These are: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.<u>In Re Sonnax Industries</u>, **907 F.2d 1280 (2d Cir. 1990).**

13. Mr. Pérez-Rivera requests the lift of state under the following grounds:

    1. The requested lift of stay would resolves or the pending issues.

5

2. Mr. Perez-Rivera claims does not interfere with the bankruptcy case.

3. The adjudication of the discrimination case would result in an economic and expedite resolution of the case and the determination of the pending claims

4. Contrary to debtors allegations, the discrimination case is in really advance stage of the proceedings. Already all of the fact witness in the case testified and there is a record of their testimony under oath. Also, already is a final judgment concluding that the discharge was unlawful. The State Court only has to adjudicate if the discharge was discriminatory and the damages.

5. It is essential the continuance of the case in order to avoid the great harm that the stay is cause not only to Mr. Pérez Rivera, if not to all the public employees in Puerto Rico.

14. Mr. Pérez-Rivera is part off thousands of employees in Puerto Rico who have lost their jobs or their constitutional rights due discriminatory or illegal practices of the different agencies and public corporations of the Commonwealth.

15. The PROMESA case has been used by the Commonwealth to stop and shield itself of the constitutional claims of the employees. This result in the inequity that the employees that already had cases pending during years, must wait to the conclusion of the captioned case to see even if they have right to return to their jobs and the terms of their return.

16. Also, this cause an impunity from the supervisors and agency directors, that could be personally responsible for the damages caused by their discriminatory actions, see how nothing happens due to the stay.

1. Order the Department of Labor and Human Resources to, without delay, reinstall Mr. Perez his Job.

2. Grant the payment of back pay under § 503(b)(1)(A).

3. Lift the stay state court case C DP2016-0070.

CERTIFIED: That copy of this motion has been filed through the CM/ECF system, which will serve notice electronically to all counsel of record in the case.

In San Juan, Puerto Rico, April 18, 2018.

                                              **s/ Pedro J. Landrau López**
Pedro J. Landrau López, Esq.
USDC No. 220812
pjlandrau@lawyer.com

Attorney for Plaintiff
P.O. Box 29407
San Juan, Puerto Rico 00929-0407
Tel.(787) 636-0135
Fax. (787) 768-6051