# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>               as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>               Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**REPLY MEMORANDUM OF ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP. AND NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION TO THE RESPONSE TO REPLY MEMORANDUM IN FURTHER SUPPORT OF OBJECTIONS OF ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP. AND NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION TO THE MAGISTRATE JUDGE'S FEBRUARY 26, 2018 ORDER**

---

[1]  The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

To the Honorable United States District Judge Laura Taylor Swain:

Objectors Assured Guaranty Corp., Assured Guaranty Municipal Corp. and National Public Finance Guarantee Corporation respectfully submit this reply memorandum to the *Response to Reply Memorandum in Further Support of Objections of Assured Guaranty Corp., Assured Guaranty Municipal Corp. and National Public Finance Guarantee Corporation to the Magistrate Judge's February 26, 2018 Order* (ECF No. 2863) ("Response") and in further support of their Objections to the 2004 Order.[2]

The Superior Court's decision in Bhatia-Gautier II[3] demonstrates that the Pre-Decisional Fiscal Plan Documents are not subject to the deliberative process privilege. As set forth in the Objections and the Reply, the 2004 Order should be modified because Respondents failed to meet their burden to show that the deliberative process privilege applies to the Pre-Decisional Fiscal Plan Documents. See Obj. at 11; Reply at 2-3. In particular, Objectors seek discovery of communications among the Commonwealth, AAFAF, the Oversight Board and their professionals relating to the creation of the 2017 and 2018 fiscal plans, communications leading up to the 2017 and 2018 fiscal plans and drafts preceding the final plans. See Obj. at 1. Bhatia-Gautier II supports a finding that these documents are not protected by the deliberative process privilege.

---

[2] Capitalized terms not defined herein are defined in the *Objections of Assured Guaranty Corp., Assured Guaranty Municipal Corp. and National Public Finance Guarantee Corporation to the Magistrate Judge's February 26, 2018 Order* (ECF No. 2707) or the *Reply Memorandum in Further Support of Objections of Assured Guaranty Corp., Assured Guaranty Municipal Corp. and National Public Finance Guarantee Corporation to the Magistrate Judge's February 26, 2018 Order* (ECF No. 2835) ("Reply"). "ECF No." refers to docket entries in Case No. 17 BK 3283-LTS, unless otherwise noted.

[3] Citations to Bhatia-Gautier II refer to the certified translation of the Amended Judgment that Respondents attached as Exhibit A to the Response. See ECF No. 2863-1.

USActive 43271721.6

Respondents assert that Bhatia-Gautier II is distinguishable because it only involved the Fiscal Year 2018 draft budget and AAFAF has not asserted the deliberative process privilege over "the analogous document created in the Fiscal Plan Process." See Resp. at 1. Respondents' assertion that Bhatia-Gautier II can only be applied to one type of document is a far too narrow reading of the decision. The holding in Bhatia-Gautier II clearly can and should apply to other types of documents, including the Pre-Decisional Fiscal Plan Documents.

In Bhatia-Gautier II, the Superior Court expanded on and applied the Puerto Rico Supreme Court's findings in Bhatia-Gautier I, which is the leading case on the deliberative process privilege in Puerto Rico. Bhatia-Gautier was heavily litigated and there were multiple orders and decisions from various Puerto Rico courts from the time it was filed on May 4, 2017. See ECF No. 2707-3 at 4-8.[4] Both Bhatia-Gautier I and Bhatia-Gautier II are thorough and comprehensive decisions, which demonstrate that the Puerto Rico Supreme Court and Superior Court, respectively, viewed the issues being decided to be of "great public interest." ECF No. 2707-3 at 3; see also ECF No. 2863-1 at 1. This Court should not limit these decisions to only apply to the draft budget or an "analogous document." See Resp. at 1.

Moreover, the Objections present the same type of situation that the Superior Court faced in Bhatia-Gautier II. In Bhatia-Gautier II, the Governor and Commonwealth initially refused to produce the draft budget that they provided to the Oversight Board. Following the Superior Court's decision, the Governor and Commonwealth produced the draft budget. Here, Respondents are refusing to produce draft fiscal plans and other Pre-Decisional Fiscal Plan Documents, including documents provided to the Oversight Board. Respondents' assertion that

---

[4] The Governor and Commonwealth also attempted to remove Bhatia-Gautier to this Court, but it was remanded to the Puerto Rico Superior Court after this Court found it did not have jurisdiction. See Adv. Proc. No. 17-00136, ECF No. 16.

fiscal plans submitted for certification and the Oversight Board's "results of its review" of such fiscal plans have been made public (see Resp. at 2), however, does not somehow protect draft fiscal plans and other Pre-Decisional Fiscal Plan Documents from being produced. Respondents should not be permitted to pick and choose which factual information to produce and which factual information to withhold under the guise of the deliberative process privilege. See Reply at 4. Respondents' decision to only make select documents public demonstrates that this is exactly what Respondents are doing.[5]

In particular, Respondents' claim that draft fiscal plans are protected by the deliberative process privilege is unsupported. The holding in Bhatia-Gautier II stands for exactly the opposite as the Superior Court found the draft budget should be disclosed because it contained "numbers and data." ECF No. 2863-1 at 22-23. The public versions of the fiscal plans are largely, if not entirely, made up of factual information, including numbers, data, projections and assumptions. See Obj. at 5; Reply at 4. It cannot seriously be contended—as Respondents claim—that draft fiscal plans contain "mental impressions or public policy decisions between the Governor and his advisors." ECF No. 2863-1 at 23; see Resp. at 3. The fiscal plans simply do not contain that type of information and changes to numbers, data, projections and assumptions are not mental impressions or public policy decisions.

Respondents also attempt to limit the holding in Bhatia-Gautier II because the Oversight Board's involvement with regard to the draft budget in that case was purportedly "'limited to verifying the compliance of the [budget]' and the budget draft therefore did not contain deliberations." Resp. at 4 (quoting ECF No. 2863-1 at 23). This assertion ignores that the

---

[5] As set forth in the Objections and Reply, Objectors reserve their rights to argue that the deliberative process privilege has been waived with regard to the Pre-Decisional Fiscal Plan Documents. See Obj. at 12-13; Reply at 5 n.6. Objectors also reserve their rights to object to designations on Respondents' privilege logs. See Obj. at 9 n.8.

- 3 -

Superior Court in Bhatia-Gautier II thoroughly analyzed the roles of the Commonwealth and the Oversight Board in these Title III cases. See ECF No. 2863-1 at 6-12, 23-24. Following this analysis, the Superior Court found that the deliberative process privilege did not apply for several reasons, including that the Governor chose to provide the draft budget to the Oversight Board. Id. at 24.

The findings by the Superior Court in Bhatia-Gautier II support the conclusion that the deliberative process privilege does not protect Pre-Decisional Fiscal Plan Documents communicated between (i) the Commonwealth and/or AAFAF and (ii) the Oversight Board. See Obj. at 6-9; Reply at 4-5. Like the Governor with regard to the draft budget in Bhatia-Gautier II, Respondents here chose to engage in these communications and exchanges of information, even though Respondents are clearly taking different positions with regard to the new fiscal plans. The deliberative process privilege is not intended to shield communications between distinct entities with different roles and divergent interests. See Obj. at 7; Reply at 4-5.

Respondents also make the unsupported claim that Objectors seek "all of the deliberations underlying the development of the fiscal plans." Resp. at 2. Contrary to this claim, Objectors are not seeking "all" of Respondents' deliberations. Instead, as previously explained, Objectors are seeking Pre-Decisional Fiscal Plan Documents that (i) contain factual information regarding the fiscal plans, (ii) are communications between (a) the Commonwealth and/or AAFAF and (b) the Oversight Board or (iii) are communications between Respondents and their professionals if Respondents cannot show that the deliberative process privilege applies to each professional. See Obj. at 3-10; Reply at 3-5. Objectors have made a tailored request for documents that are not protected by the deliberative process privilege, and have not sought "all" deliberations.

In addition, as previously explained, to the extent that some or portions of the Pre-Decisional Fiscal Plan Documents do not fall under the aforementioned categories, the interests of the creditors and the public in having access to the remaining Pre-Decisional Fiscal Plan Documents outweigh the Respondents' interest in blocking their disclosure. See Obj. at 10-12.[6] Notably, Respondents barely address the balancing test, which was a central point throughout Bhatia-Gautier II. See ECF No. 2863-1 at 15-16, 21-22, 26. As in Bhatia-Gautier II, Respondents are attempting to "invoke[e] the privilege over official information in a generalized manner, without proving in any way that the disclosure of the [Pre-Decisional Fiscal Plan Documents] would be detrimental to the interests of the Commonwealth." Id. at 23.

Finally, the production of these documents would not have a "chilling effect on fiscal plan deliberations" as Respondents also claim. See Resp. at 4. Instead, allowing access to the Pre-Decisional Fiscal Plan Documents will "contribut[e] to transparency in governmental operations and promot[e] a sound public administration," which the Superior Court recognized in Bhatia-Gautier II as important goals in ordering the production of the draft budget. See ECF No. 2863-1 at 26.

## CONCLUSION

For the foregoing reasons and the reasons set forth in the Objections and Reply, Objectors respectfully request that the Court enter the Proposed Order modifying the 2004 Order.

---

[6] In the alternative, the portions of the Pre-Decisional Fiscal Plan Documents that are purportedly protected by the deliberative process privilege should be redacted. See Obj. at 6 n.5; Reply at 4. The Superior Court in Bhatia-Gautier II recognized that even if certain information in a document is confidential or privileged, "that does not necessarily mean that the entire document is confidential or privileged." ECF No. 2863-1 at 23.

Dated: New York, New York
April 16, 2018

| CASELLAS ALCOVER & BURGOS P.S.C. | CADWALADER, WICKERSHAM & TAFT LLP |
|---|---|
| By: /s/ *Heriberto Burgos Pérez* <br> Heriberto Burgos Pérez <br> USDC-PR 204809 <br> Ricardo F. Casellas-Sánchez <br> USDC-PR 203114 <br> Diana Pérez-Seda <br> USDC-PR 232014 <br> P.O. Box 364924 <br> San Juan, PR 00936-4924 <br> Telephone: (787) 756-1400 <br> Facsimile: (787) 756-1401 <br> Email: hburgos@cabprlaw.com <br> rcasellas@cabprlaw.com <br> dperez@cabprlaw.com <br><br> *Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* | By: /s/ *Howard R. Hawkins, Jr.* <br> Howard R. Hawkins, Jr.* <br> Mark C. Ellenberg* <br> Ellen V. Holloman* <br> Ellen M. Halstead* <br> Gillian Groarke Burns* <br> Thomas J. Curtin* <br> Casey J. Servais* <br> 200 Liberty Street <br> New York, NY 10281 <br> Telephone: (212) 504-6000 <br> Facsimile: (212) 406-6666 <br> Email: howard.hawkins@cwt.com <br> mark.ellenberg@cwt.com <br> ellen.holloman@cwt.com <br> ellen.halstead@cwt.com <br> gillian.burns@cwt.com <br> thomas.curtin@cwt.com <br> casey.servais@cwt.com <br><br> * Admitted *pro hac vice* <br><br> *Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* |

| ADSUDAR MUÑOZ GOYCO SEDA & PÉREZ-OCHOA, PSC, P.S.C. | WEIL, GOTSHAL & MANGES LLP |
|---|---|
| By: */s/ Eric Pérez-Ochoa*<br>    Eric Pérez-Ochoa<br>    USDC-PR No. 206,314<br>    Luis A. Oliver-Fraticelli<br>    USDC-PR NO. 209,204<br>    208 Ponce de Leon Ave., Suite 1600<br>    San Juan, PR 00936<br>    Telephone: (787) 756-9000<br>    Facsimile: (787) 756-9010<br>    Email: epo@amgprlaw.com<br>             loliver@amgprlaw.com<br><br>*Attorneys for National Public Finance Guarantee Corporation* | By: */s/ Jared R. Friedmann*<br>    Marcia Goldstein\*<br>    Jonathan Polkes\*<br>    Gregory Silbert\*<br>    Jared R. Friedmann\*<br>    767 Fifth Avenue<br>    New York, New York 10153<br>    Telephone: (212) 310-8000<br>    Facsimile: (212) 310-8007<br>    Email: marcia.goldstein@weil.com<br>             jonathan.polkes@weil.com<br>             gregory.silbert@weil.com<br>             jared.friedmann@weil.com<br><br>\* Admitted *pro hac vice*<br><br>*Attorneys for National Public Finance Guarantee Corporation* |

# CERTIFICATE OF SERVICE

I hereby certify that I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record in the captioned case. Further, I directed that the following counsel of record be served by U.S. Mail:

Office of the United States Trustee for Region 21
Edificio Ochoa
500 Tanca Street, Suite 301
San Juan, PR 00901-1922

John J. Rapisardi, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, New York 10036

Martin J. Bienenstock, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036-8299

Nancy A. Mitchell, Esq.
Greenberg Traurig LLP
200 Park Avenue
New York, New York 10166

Luc A. Despins, Esq.
Paul Hastings LLP
200 Park Avenue
New York, New York 10166

Robert Gordon, Esq.
Jenner & Block LLP
919 Third Avenue
New York, New York 10022

Gerardo J. Portela Franco
Puerto Rico Fiscal Agency and Financial
Advisory Authority (AAFAF)
De Diego Ave. Stop 22
San Juan, Puerto Rico 00907

Andrés W. López, Esq.
Law Offices of Andrés W. López
902 Fernández Juncos Ave.
San Juan, PR 00907

Hermann D. Bauer, Esq.
O'Neill & Borges LLC
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813

Arturo Diaz-Angueira, Esq.
Cancio, Nadal, Rivera & Diaz, P.S.C.
403 Muñoz Rivera Ave.
San Juan (Hato Rey), PR 00918-3345

Juan. J. Casillas Ayala
Casillas, Santiago & Torres LLC
El Caribe Office Building
53 Palmeras Street, Suite 1601
San Juan, PR 00901-2419

A.J. Bennazar-Zequeira
Bennazar, Garcia & Milian, C.S.P.
Edificio Union Plaza PH-A piso 18 Avenida
Ponce de Leon #416
Hato Rey, PR 00918

At New York, New York, 16th day of April, 2018.

By: */s/ Howard R. Hawkins, Jr.*
Howard R. Hawkins, Jr.
* Admitted pro hac vice

USActive 43271721.6