UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x
In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]
------------------------------------------------------------x
In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY ("HTA")

    Debtor.
------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

**Re: ECF Nos. 2831, 2856, 2905**

(Jointly Administered)

PROMESA
Title III

No. 17 BK 3567-LTS

**This Response relates only to HTA and shall be filed in the lead Case No. 17 BK 3283-LTS and Case No. 17 BK 3567-LTS.**

## RESPONSE TO MOTION INFORMING STATUS OF CASE AND REQUESTING ORDER FILED BY ADRIAN MERCADO JIMENEZ

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), on behalf of the Puerto Rico Highways and Transportation Authority ("HTA"), pursuant to the authority

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017, respectfully states and prays as follows.[2]

## Brief Procedural Background

1. On December 7, 2017, Adrián Mercado Jiménez ("Movant") filed the *Notice of Compliance and Petition for Payment of Funds* [Case No. 17 BK 3567-LTS, ECF No. 345], seeking payment of $16,448 from HTA (the "Settlement Amount").

2. On February 5, 2018, Movant and HTA entered into a Stipulation (the "Stipulation") modifying the automatic stay set forth in Bankruptcy Code sections 362(a) and 922(a), made applicable to the Title III Case by PROMESA section 301(a), for the limited extent necessary to allow HTA to pay Movant the Settlement Amount due under a prepetition settlement offer made by Movant dated December 27, 2016 (the "Settlement Offer"). The Settlement Offer detailed that the Settlement Amount would be consigned into the Eminent Domain State Court (defined below).

3. On February 23, 2018, HTA consigned the Settlement Amount in the specialized state court assigned to eminent domain matters, the Trial Court of Puerto Rico, San Juan Section Chambers 1003 (the "Eminent Domain State Court") in *Autoridad de Carreteras y Transportación de Puerto Rico v. Sucn. de Luis Alberto Mercado Jiménez et al.*, Case No. K EF2011-0240.

4. On February 27, 2018, Movant filed the *Motion Informing Status of Case and Requesting Order* [Case No. 17 BK 3567-LTS, ECF No. 406] (the "Motion Informing Status") where Movant alleges that the Settlement Amount was consigned in the Eminent Domain State Court proceeding rather than paid directly to Movant.

---

[2] The Financial Oversight and Management Board for Puerto Rico, as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized AAFAF to file this Response on behalf of HTA.

5. Nevertheless, despite filing the Motion Informing Status, on March 5, 2018, Movant also filed an *Urgent Motion Requesting Withdrawal of Consigned Funds* in the Eminent Domain State Court. *See* **Exhibit A** to this Response.

### Response to Motion Informing Status

6. HTA has complied with the Stipulation and applicable law to pay Movant the Settlement Amount, as it has already disbursed and paid the Settlement Amount by consigning it to the Eminent Domain State Court in accordance with Puerto Rico law. As detailed below, Puerto Rico law requires that such payment be consigned to the Eminent Domain State Court. For the reasons detailed below, the Court should deny Movant's request in the Motion Informing Status, and allow the matters detailed therein to continue and conclude in the Eminent Domain State Court.

7. Although there were advanced negotiations in place that resulted in the pre-prepetition Settlement Offer, neither HTA nor Movant submitted any form of stipulation for consideration and approval by the Eminent Domain State Court. As a result, and following the execution of the Stipulation to modify the stay, HTA was required to comply with applicable state law and consign the Settlement Amount to the Eminent Domain State Court. The Stipulation did not except HTA from complying with applicable Puerto Rico law in making such Settlement Payment—only that it would pay to Movant the Settlement Amount within 14 days.[3] Movant is aware of such procedure, as evidenced by (1) the Settlement Offer made by Movant that indicated that the Settlement Amount had to be consigned in the Eminent Domain State Court, and (2) Movant's request on March 5, 2018 to the Eminent Domain State Court to withdraw the Settlement

---

[3] Contrary to the allegations in the Motion Informing Status, although the Stipulation was dated February 5, 2018, Movant acknowledged that he received the Stipulation countersigned on February 9, 2018 and that the funds were deposited in the Eminent Domain State Court on February 23, 2018—well within the 14-day period required in the Stipulation for payment of the Settlement Amount.

3

Amount consigned to the Eminent Domain State Court.

8. Furthermore, the terms of the Stipulation provides that it shall be construed and interpreted in accordance with the laws of Puerto Rico. [Case No. 17 BK 3567-LTS, ECF No.406, Exhibit B]. In that respect, eminent domain proceedings in Puerto Rico are regulated by the Puerto Rico Eminent Domain Law, 32 L.P.R.A. sec. 2905 *et seq*. and by Rule 58 of the Puerto Rico Rules of Civil Procedure, 32 L.P.R.A. Ap. V.

9. In particular, the Puerto Rico Eminent Domain Law, as amended, 32 L.P.R.A. sec. 2907 and Rule 58 of the Puerto Rico Rules of Civil Procedure direct HTA to consign with the Eminent Domain State Court the sum of money required by law, as a condition for the exercise of their eminent domain power. This consignment serves as the basis for the Eminent Domain State Court to determine whether the Settlement Amount constitutes just compensation. *Id*. Once the Eminent Domain State Court makes its determination, Movant may file a sworn motion for withdrawal or distribution of consigned funds, which Movant has already filed. *Id*

10. Following HTA's consignment of the Settlement Amount and Movant's request to withdraw the consigned funds, the Eminent Domain State Court entered, on March 26, 2018, a Resolution directing the parties to submit a joint motion regarding the settlement stipulation establishing the basis to justify the Settlement Amount in order for the Eminent Domain State Court to consider whether the Settlement Amount constitutes just compensation. *See* **Exhibit B**. Furthermore, and prior to considering any settlement, the Eminent Domain State Court ordered HTA to provide additional documents, including a memorandum of value of the land subject to the eminent domain case. *Id.* at 2-3. Likewise, Movant was instructed to provide, prior to considering any settlement, evidence of his title over the land, and to amend its request to withdraw consigned funds to comply with Rule 58.9 of the Puerto Rico Rules of Civil Procedure. *Id.* at 3.

Finally, the Court clarified that any additional amount to be adjudicated, such as the Settlement Amount, had to be distributed between all the title holders in the quantity that represents each of their rights over the land at the moment of the taking. *Id.* at 3-4.

11. Based on the foregoing, HTA has complied with the applicable procedure under Puerto Rico law, and Movant has already submitted his request to withdraw the consigned funds in the Eminent Domain State Court and that, as a result, HTA is in compliance with the Stipulation and no further intervention is needed from this Court.

THEREFORE, HTA respectfully requests that this Court deny Movant's *Motion Informing Status of Case and Request of Order* [Case No. 17 BK 3567-LTS, ECF No. 406].

Dated: April 20, 2018
San Juan, Puerto Rico

Respectfully submitted,

*/s/Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Email: lmarini@mpmlawpr.com

*/s/Carolina Velaz-Rivero*
Carolina Velaz-Rivero
USDC No. 300913
Email: cvelaz@mpmlawpr.com

**MARINI PIETRANTONI MUÑIZ LLC**
MCS Plaza, Suite 500
255 Ponce de León Ave.
San Juan, Puerto Rico 00917
Tel: (787) 705-2171
Fax: (787) 936-7494

*Attorneys for the Puerto Rico Fiscal
Agency and Financial Advisory Authority*