CERTIFIED TRANSLATION

**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SAN JUAN SUPERIOR COURT**

| | |
|---|---|
| **PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY**<br><br>PETITIONER<br><br>VS.<br><br>**LUIS ALBERTO MERCADO JIMÉNEZ, ET AL**<br><br>INTERESTED PARTY | **CIVIL NO: K EF 2011-0240 (1003)**<br><br>**CONDEMNATION**<br><br>[ink stamp: RECEIVED SAN JUAN JUDICIAL CENTER 2018 MAR -5 PM 4:33] |

**URGENT REQUEST FOR FUNDS**

**TO THE HONORABLE COURT**:

**COMES NOW** ADRIÁN Mercado Jiménez *pro se* and on behalf of Teresa Vizcarrondo Toro and the conjugal partnership formed by them both and very respectfully **STATES ALLEGES AND PRAYS**:

1. On February 23, 2018 Petitioners, through Anita Cortés Centeno, filed in this case a Motion to Deposit into Court the amount of $16,448.00 in accordance with a settlement agreement.

2. Said settlement agreement was carried out in the case commonly known as PROMESA as Petitioners indicated in their motion. (Docket #345 of case 17-3567.)

3. A copy of said agreement is joined hereto as Exhibit A.

4. Said agreement pertains to the appearing parties' interest in parcels 021-01 and 021-04.

5. The parties appearing herein request that a check be issued for $16,448.00 to Adrián Mercado Jiménez and Teresa Vizcarrondo Toro.

6. It is requested that Mr. Adrián Mercado Jiménez, Esq., appearing herein, be authorized to collect said check at the accounts unit.

WHEREFORE, it is very respectfully requested that this Honorable Court issue a decision authorizing Adrián Mercado Jiménez and Teresa Vizcarrondo Toro to withdraw said $16,448.00 amount by means of its itemization and

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the recording in Spanish which I have heard.

CERTIFIED TRANSLATION

REQUEST FOR WITHDRAWAL OF FUNDS
PRHTA V. LUIS ALBERTO MERCADO JIMENEZ, ET AL - CIVIL NÚM. K EF2011-0240(1003)
PAGE 12

order the Accounts Unit to issue a check for $16,448.00 to Adrián Mercado and Teresa Vizcarrondo Toro and issue a corresponding judgment.

**RESPECTFULLY SUBMITTED**.

**I CERTIFY**: That I have sent a true and exact copy of the present document to by e-mail to Ms. Anita Cortés Centeno, Esq. at lcda.anitacortescenteno@gmailcom and at ancortes@dtop.gov.pr, to Mr. Ricardo Pascual Villaronga, Esq. at ripascual36@gmail.com, to Mr. Rodolfo Gluck Figueroa, Esq. At lcdogluck@gmail,com, to Mr. Randolph Raldiris Dominicci, Esq. at lcdoraldiris@yahoo.com, to Ms. Isis N. Ramirez Salcedo a isisramirezlaw@gmail.com, to Lcdo. Samuel Torres Cortés a torres.acosta@hotmail.com.

En San Juan, Puerto Rico, hoy [hw: 5] de marzo de 2018.

[illegible signature]
**ADRIÁN MERCADO**
Sole Registry of Attorneys 2,286
PO Box 9023980
SAN JUAN, PR 00902-3980
Tel.: (787) 273-0611
Fax: (787) 273-1540
Email:amercado@mercadosotolaw.com

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the recording in Spanish which I have heard.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

Re: ECF Nos. 345, 346, 349, 368

(Jointly Administered)

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY ("HTA"),

Debtor.

PROMESA
Title III

No. 17 BK 3567-LTS

This Stipulation relates only to HTA.

------------------------------------------------------------x

### STIPULATION MODIFYING THE AUTOMATIC STAY AND ALLOWING PAYMENT OF FUNDS BETWEEN PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY AND ADRÍAN MERCADO JIMENEZ

This stipulation (the "Stipulation") is made as of February 5, 2018, by and between the Puerto Rico Highways and Transportation Authority ("HTA") and Adrían Mercado Jimenez ("Movant").[2]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized HTA to enter into this Stipulation.

## RECITALS

WHEREAS, on May 21, 2017, HTA, by and through the Oversight Board, as HTA's representative pursuant to PROMESA section 315(b), filed a petition with the United States District Court for the District of Puerto Rico (the "District Court") under title III of PROMESA (the "Title III Case");

WHEREAS, on December 9, 2016, HTA and Movant entered into a settlement stipulation whereby Movant agreed to accept a payment of $16,448 (the "Settlement Amount") as just compensation with respect to HTA's expropriation of two parcels of land in the city of Ponce from Movant (the "Prepetition Stipulation");

WHEREAS, on December 7, 2017, Movant filed its *Notice of Compliance and Petition for Payment of Funds* [ECF No. 345] (the "Motion") in the Title III Case seeking payment of the Settlement Amount; and



WHEREAS, HTA and Movant met and conferred and agreed to modify the automatic stay set forth in Bankruptcy Code sections 362(a) and 922(a),[3] made applicable to the Title III Case by PROMESA section 301(a) (the "Title III Stay") solely on the terms and conditions set forth herein.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among HTA and Movant, through their counsel, each of whom represent and warrant they possess the requisite authority to bind the respective parties hereto, as follows:

---

[3] In a title III case, Bankruptcy Code section 922 extends the self-executing provisions of Bankruptcy Code section 362 to, among other things, actions against officers and inhabitants of the debtor to enforce claims against the debtor. *See Order Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365, and 922 Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition Lawsuits, and (III) Application of Contract Protections* [ECF No. 543] ("For the avoidance of doubt, the protections of Bankruptcy Code section 922(a)(1) with respect to officers and inhabitants of the Debtors, as set forth in paragraph 4(a) [of the Order], apply in all respects to the Debtors' officers in both their official and personal capacities with respect to actions whereby parties pursuing such actions seek to enforce claims against any of the Debtors.").

2

1. The Title III Stay is hereby modified solely to the limited extent necessary to allow HTA to pay Movant the Settlement Amount due under the Prepetition Stipulation within 14 days of execution of this Stipulation; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Stipulation.

2. Upon execution of this Stipulation, Movant agrees to promptly file a notice of withdrawal of the Motion [ECF No. 345] with prejudice.

3. It is expressly understood by Movant that except as specifically set forth herein with respect to the Settlement Amount, in no event will HTA or its assets or properties be required to satisfy any liability to Movant in any other way whatsoever.



4. Nothing contained in this Stipulation shall operate as a waiver or modification of the Title III Stay so as to permit the prosecution against HTA or any of the other Title III Debtors of any claim or claims by anyone other than Movant as provided for herein and HTA reserves all rights, defenses, and protections with respect to any matters pending or that may arise in the Title III Case, including the treatment of any claim arising from the Prepetition Stipulation under a plan of adjustment or otherwise in the Title III Case.



5. HTA and Movant represent and warrant that they are properly and fully empowered to enter into and execute this Stipulation, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that the Stipulation is legal, valid, and binding upon them.

6. Neither this Stipulation, nor the settlement provided for herein, nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation and the compromise and settlement of claims provided for herein shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit;

3

(b) a waiver of HTA's rights to dispute, contest, setoff, or recoup any claim, or assert any related rights, claims, or defenses, and all such rights are reserved; or (c) an approval or assumption of any agreement or contract between the parties, including the Prepetition Stipulation, under Bankruptcy Code section 365.

7. Nothing in this Stipulation shall be deemed or construed as (a) creating or conferring any right upon any person or entities (other than Movant as expressly provided in this Stipulation), or (b) evidence of any willingness or obligation on HTA's part to consent to any other or future modifications of or relief from the Title III Stay with respect to any persons or entities.

8. This Stipulation contains the entire agreement by and between the parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.



9. This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico. For purposes of construing this Stipulation, neither of the parties shall be deemed to have been the drafter of the Stipulation.

10. Electronic copies of signatures on this Stipulation are acceptable, and an electronic copy of a signature on this Stipulation is deemed an original. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

11. This Stipulation may not be modified other than by a signed writing executed by the parties hereto.

12. The District Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

13. This Stipulation shall be immediately effective and enforceable upon execution.

4

IN WITNESS WHEREOF and in agreement herewith, by and through their counsel, the parties have executed and delivered this Stipulation as of the date first set forth above.

/s/ *(signature)*
Juan M. Maldonado De Jesús
Oficina del Asesor Legal ACT

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY
P.O. Box 42007
San Juan, Puerto Rico 00940-2007
E-Mail: jumaldonado@dtop.pr.gov

*Puerto Rico Highways and Transportation Authority*

/s/ *(signature)*
Juan B. Soto Balbas
USDC No. 130305

JUAN B. SOTO LAW OFFICES, PSC
1353 Ave. Luis Vigoreaux
PMB 270
Guaynabo, PR 00966
Telephone: (787) 273-0611
Facsimile: (787) 273-1540
E-Mail: jsoto@jbsblaw.com

*Attorney for Movant*