CERTIFIED TRANSLATION

-----Forwarded message-------
From:<NoReply@ramajudicial.pr>
Date: Mon, Mar 26, 2018, at 9:01 AM
Subject: Electronic Notification K EF2011-0240
To: <lcda.anitacortescenteno@gmail.com>

COMMONWEALTH OF PUERTO RICO
GENERAL COURT OF JUSTICE
COURT OF FIRST INSTANCE
SUPERIOR COURT, SAN JUAN PART

| | | |
|---|---|---|
| HIGHWAY AND TRANS. AUTH PLAINTIFF | CASE NO. | K EF2011-0240 |
| VS | COURTROOM NO. | 1003 |
| LUIS ALBERTO MERCADO JIMENEZ ET AL DEFENDANT | RE: | EXPROPRIATION |

NOTIFICATION
TO:   ATTY. CORTES CENTENO, ANITA
      LCDA.ANITACORTESCENTENO@GMAIL.COM
      ATTY. GLUCK FIGUEROA, RODOLFO
      LCDOGLUCK@GMAIL.COM
      ATTY. MERCADO, ADRIAN
      AMERCADO@MERCADOSOTOLAW.COM
      ATTY. PASCUAL VILLARONGA, TICARDO
      RIPASCUAL36@GMAIL.COM
      ATTY. PÉREZ REILLY, JUAN E.
      PEREZLAW@COQUI.NET
      ATTY. RALDIRIS DOMINICCI, RANDOLPH
      LCDORALDIRIS@YAHOO.COM
      ATTY.RAMIREZ SALCEDO, ISIS N
      ISISRAMIREZLAW@GMAIL.COM
      ATTY. TORRES CORTES, SAMUEL
      TORRES.ACOSTA@HOTMAIL.COM

THE UNDERSIGNED CLERK CERTIFIES AND NOTIFIES YOU THAT REGARDING THE CASE IN CAPTION, THIS COURT ISSUED A RESOLUTION ON MARCH 19, 2018.
A COPY IS ATTACHED OR A LINK IS INCLUDED.

Click here to access the electronic document that is the subject of this notification.  The document will be available through this link for 45 days from the time the notification is filed in the record of the case.

1

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the recording in Spanish which I have heard.

CERTIFIED TRANSLATION

        SIGNED LETICIA D. ORTIZ FELICIANO
        JUDGE

YOU ARE ADVISED THAT SINCE YOU ARE A PARTY OR THE LEGAL REPRESENTATIVE THEREOF IN THE CASE THAT IS SUBJECT TO THIS ORDER, YOU CAN FILE FOR AN APPEAL, REVIEW, OR CERTIORARI IN ACCORDANCE WITH THE PROCEDURE AND WITHIN THE TERM ESTABLISHED BY LAW, RULE, OR REGULATION.

I CERTIFY THAT THE DECISION ISSUED BY THE COURT WAS DULY REGISTERED AND FILED TODAY, MARCH 26, 2018, AND THAT A COPY OF THIS NOTICE WAS SENT TO THE PERSONS INDICATED ABOVE TO THEIR ADDRESSES REGISTERED IN THE CASE, PURSUANT TO THE APPLICABLE RULES. A COPY OF THIS NOTICE WAS FILED ON THIS SAME DATE.

IN SAN JUAN, PUERTO RICO, ON MARCH 26, 2018.

| GRISELDA RODRIGUEZ COLLADO | BY: SIGNED: AMARILIS RODRIGUEZ HANI |
|---|---|
| NAME OF THE REGIONAL CLERK | NAME AND SIGNATURE OF THE DEPUTY COURT CLERK |

OAT1812 – Standard Notification Form – Judgments, Resolutions, Orders, and Minutes (November 2016)

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the recording in Spanish which I have heard.

CERTIFIED TRANSLATION

COMMONWEALTH OF PUERTO RICO
GENERAL COURT OF JUSTICE
**COURT OF FIRST INSTANCE**
**SUPERIOR COURT, SAN JUAN PART**

| | |
|---|---|
| **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY**<br>PETITIONER<br><br>V.<br><br>**LUIS ALBERTO MERCADO JIMENEZ ESTATE, et al**<br>PARTY IN INTEREST | CASE NO. **KEF2011-0240**<br><br>COURTROOM NO.: **1003**<br><br>CIVIL ACTION FOR:<br>**EXPROPRIATION** |

**RESOLUTION**

After examining the court record and considering 1) the MOTION FOR CONSIGNMENT filed on February 23, 2018, and 2) the URGENT MOTION FOR WITHDRAWAL OF FUNDS filed on April 5, 2018, we resolve as follows:

I. On repeated occasions, our Supreme Court has held that in cases of expropriation, "the constitution has stated that fair compensation must be paid and that the determination of said compensation is a matter for which the courts are responsible." See, Highway Authority v. 8.554.741 M/C I, 172 D.P.R. 278, 294 (2007); Highway Authority v. 8.554.741 M/C II, 172 D.P.R. 1050, 1061 (2008): Commonwealth of Puerto Rico v. Rexco Industries, Inc., 137 D.P.R. 683, 688 1994). Therefore, the settlement of the value of the acquired property does not oblige the Court to render a judgement for a sum equal to the sum estimated by the parties.

Consequently, without an evidentiary hearing to decide on the sufficiency of the sum consigned by the petitioner as a just value of the property, the Court shall not acknowledge any compensation other than the sum estimated in *Exhibit* A of the *Petition* until the parties substantiate the grounds for said

**Number for identification purposes**: RES2018_____.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the recording in Spanish which I have heard.

**KEF2011-0240**                                                                                            **2**

alteration. Therefore, to consider an agreement granting an additional sum for the acquisition, the parties must submit in the above-captioned case a motion for settlement stipulation, in which:

1. The assets that are the subject of the settlement and the names of the parties in interest who subscribe the agreement are identified. As regards the STIPULATION MODIFYING THE AUTOMATIC STAY AND ALLOWING PAYMENT OF FUNDS BETWEEN PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY AND ADRIAN MERCADO JIMENEZ, its content does not show that said agreement corresponds to Adrián Mercado Jiménez' share in lots 021-01 and 021-04 in civil case number KEF2011-0240, nor does it make reference to the co-owner of his rights, his spouse Teresa Vizcarrondo Toro, and their community property partnership.

2. The criteria that led the petitioner's appraiser to reach the new agreed-upon price as a measure of value are included.

3. The signatures of a) the expert recommending the agreement; b) the official representing the petitioner in the case, Puerto Rico Highway and Transportation Authority (HTA); and c) the parties signing the agreement on their own behalf or that of their legal representative, if they had appeared in the suit through an attorney, are included.

4. The deposit made with the Court of the entire amount offered is attached.

II. Additionally, Anita Cortés Centeno, Esq., the legal representative of the petitioner HTA, is advised that, prior to the consideration of any settlement agreement, the party must comply with what was ordered on April 25, 2017, by adding the following to the court's record:

   a. The survey map of the acquisition (*Exhibit B of the Petition*). In the motion filed on July 12, 2013, it was stated that a copy had been attached, but this was not added to the court's record.

   b. A valuation report prepared by the expert appraiser with respect to each of the nine (9) lots of land to be expropriated, as described in *Exhibit A* of the Petition.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the recording in Spanish which I have heard.

KEF2011-0240 3

        Likewise, in the motion of July 12, 2013, it was stated that a copy of same had been submitted, but they were not added to the court's record.

    c. Evidence of the process of the *summons* served to Sylvia Teresa Méndez Álvarez, the co-owner of the lots allegedly affected in the stipulation.

        In *Exhibit A* of the Petition, it was indicated that she is the mother and sole heir of the deceased, Carlos Mercado Méndez.

III. Additionally, the party in interest, Adrian Mercado Jiménez, is advised that prior to the consideration of any settlement agreement, he must add to the court's record clear evidence of his ownership of lots 021-01 and 021-04, subdivided from property number 14,953. Based on the registry certificate for this property, there is no recorded entry of any share in the name of Adrián Mercado Jiménez or his spouse Teresa Vizcarrondo Toro.

IV. The court also advises Adrián Mercado Jiménez that any motion to withdraw funds must comply with the provisions of Public Law No. 90 of May 17, 2012, which amended Rule 58.9 of the 2009 Rules of Civil Procedure, 32 L.P.R.A. Ap. V, in order to require a sworn statement with all requests for withdrawal or distribution of money consigned in a case of expropriation. The cited rule reads as follows:

    All requests for withdrawal or distribution of money deposited must include a sworn statement. **In it, <u>the party</u> must certify that he or she has examined the expropriation file and that it adequately shows all the persons who, to his or her knowledge, have a right over said property, including the owner(s), occupants, lessee(s), usufructuaries, and mortgage creditor(s).** In the event the party is aware of any transaction or right over the property not indicated in the expropriation file, he or she must inform the court of it. (Emphasis ours).

V. With respect to any additional sum adjudicated as <u>fair compensation for the acquisition of the expropriated subject</u>, it must be distributed among all the owners of the property in the amount that

---

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the recording in Spanish which I have heard.

**KEF2011-0240**                                                                                                    4

>   represents the value of their right over the property at the time of the expropriation. Therefore, all co-owners of a lot for which a compensation greater than the estimated sum in *Exhibit A* of the *Petition* is acknowledged shall have the right to a share of the distribution and they will only be deducted the fees, if any, of the appraiser who handled the increase in the compensation amount for the party in interest.

VI.   Finally, within thirty (30) days, Anita Cortés Centeno, Esq., must provide evidence that the automatic say of the above-captioned case under Title III of the *Puerto Rico Oversight, Management,* and *Economic Stability Act (PROMESA)*, as allowed by Section 362(d of the Federal Bankruptcy Code, since, in the STIPULATION MODIFYING THE AUTOMATIC STAY AND ALLOWING PAYMENT OF FUNDS BETWEEN PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY AND ADRIAN MERCADO JIMÉNEZ no concrete reference is made to the case in caption.  If no action is taken within the term granted, the Court shall order the sum accompanying the MOTION FOR CONSIGNMENT filed on February 23, 2018, to be returned, given that the *Administrative Judgment* issued on August 8, 2017, ordered the administrative dismissal of this case and the stay of the proceedings.

NOTIFY.

ISSUED IN SAN JUAN, PUERTO RICO, ON MARCH __[hw: 19]__, 2018.


                                                         ____[initialed]]_____
                                                         **LETICIA D. ORTIZ FELICIANO**
                                                         **SUPERIOR COURT JUDGE**


I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the recording in Spanish which I have heard.