UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:                                                             PROMESA
                                                                   Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of                                    No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO,                                   (Jointly Administered)
et al.,

                  Debtors.[1]

-------------------------------------------------------------x

MEMORANDUM ORDER
GRANTING IN PART AND DENYING IN PART MOTION OF JAVIER PÉREZ-RIVERA
REQUESTING ORDER, AND RELIEF OF PARTIAL STAY (DOCKET ENTRY NO. 2803)

        Before the Court is a renewed motion filed by Javier Pérez-Rivera ("Movant" or "Pérez-Rivera") for relief from the automatic stay imposed by the filing of the above-captioned Title III case in an employment discrimination lawsuit commenced in the Puerto Rico Court of First Instance, Superior Court of Arecibo, captioned Javier Pérez Rivera v. ELA, CDP2016-0070 (the "Lawsuit"), and the enforcement of an arbitration award obtained an arbitration proceeding arising from the same underlying employment discrimination claim that is pending before the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Appellate Commission for Public Service, captioned <u>Departamento del Trabajo y Recursos Humanos v. Javier Pérez- Rivera</u>, case number AQ-16-0740 / L-17-118 (the "Arbitration"). On July 12, 2017, this Court granted Movant limited relief from the automatic stay to allow the Arbitration to proceed to the rendering, but not the enforcement, of an award (the "Stay Order"). (Docket Entry No. 620.) The Stay Order also stayed the Lawsuit in its entirety but provided Movant the opportunity to seek further relief from the automatic stay in the future. Since entry of the Stay Order, Movant has obtained an award in the Arbitration proceeding and, in light of the award, seeks relief from the automatic stay with respect to enforcement of the award and continuation of the Lawsuit and an order directing the Commonwealth to reinstate his employment immediately. For the following reasons, the motion is granted to the extent that the Movant shall, with the Commonwealth's consent, be reinstated consistent with the terms of the Arbitration award. However the stay will remain in place with respect to the Lawsuit and all other relief contemplated by the Arbitration award.

BACKGROUND

Pérez-Rivera, who is the named Plaintiff in the Lawsuit and the petitioner in the Arbitration proceeding, which were filed against the Department of Labor and Human Resources ("DLHR"), an agency of the Commonwealth of Puerto Rico (the "Commonwealth"), seeks to continue his employment discrimination Lawsuit in light of the award (the "Award") obtained in the Arbitration. (Docket entry no. 2803, Motion Requesting Order, and Relief of Partial Stay (the "Motion"), ¶¶ 2, 7, 8, 11.) In the Lawsuit, which was filed in the Puerto Rico Superior Court on May 6, 2016, Pérez-Rivera seeks reinstatement to his prior position, back pay and general damages. (Stay Order at 2.) Pérez-Rivera also sought job reinstatement, back pay and

damages in the Arbitration. (Id.; see also Proof of Claim No. 6.) On April 9, 2018, the Commonwealth filed its objection (the "Objection") to the Motion. (Docket Entry No. 2862.) In its Objection, the Commonwealth directed the Court's attention to the terms of the Award, which modified Movant's termination from his employment to a thirty (30) day suspension without pay and awarded Movant back pay to be disbursed within thirty (30) days after the Award becomes final. (Objection, ¶ 3.) The Commonwealth, in its Objection, states that it does not object to the reinstatement of Movant to his job consistent with the Award. (Objection, ¶¶ 6, 9.) The Commonwealth objects, however, to the payment of any monetary claims arising out of the Award because any classification and payment of claims of creditors such as Movant will be addressed pursuant to a plan of adjustment. (Id. ¶ 8.) Furthermore, the Commonwealth objects to Movant's request for relief from the automatic stay to recommence the Lawsuit on the grounds that, among other things, the Lawsuit is not trial ready, as the parties have not concluded discovery and recommencing the Lawsuit would cause a depletion of the Commonwealth's resources. (Id. ¶¶ 27, 30.) On April 13, 2018, Movant filed his reply (the "Reply") to the Commonwealth's Objection. (Docket Entry No. 2901.) In his Reply, Movant alleges that the Lawsuit is trial ready because the "all of the fact witnesses [have] testified" and that the "State Court only has to adjudicate if the discharge was discriminatory and the damages." (Reply at 6.) In the Reply Movant, citing Section 503(b) of the Bankruptcy Code, also requests immediate payment of back pay attributable to periods after the filing of the Commonwealth's Title III petition. (Id. at 2-4.)

DISCUSSION

Movant's request for entry of an order pursuant to Section 503(b) of the Bankruptcy Code for immediate payment of back pay is procedurally improper in this stay relief motion practice, and is denied. Movant's administrative claims, if any, will be addressed in connection with the claims process in this Title III proceeding; distributions on account of valid claims will occur in accordance with the terms of a confirmed plan of adjustment.

The Court now turns to Movant's request for relief from the automatic stay. Section 362(a) of the Bankruptcy Code, made applicable by Section 301(a) of PROMESA, 48 U.S.C. § 2161, imposes an automatic stay on "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . ." 11 U.S.C. § 362(a)(1); see also PROMESA § 301(a) (incorporating 11 U.S.C. § 362 into Title III cases). Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

Pérez-Rivera has demonstrated that the Sonnax criteria weigh in his favor with respect to enforcement of the reinstatement aspect of the Award, consistent with its terms. In particular, the Commonwealth has consented to allow Movant's reinstatement to his job consistent with the terms of the Award. Allowing the enforcement of the Award solely with respect to the reinstatement of Movant to his employment consistent with the terms of the Award and the Commonwealth's consent would not interfere with the Title III case.

As noted in the Stay Order, Movant has not demonstrated that the Sonnax criteria weigh in favor with respect to the continuation of the Lawsuit. Continuation of the Lawsuit would not necessarily result in an expeditious resolution of Movant's claims. Rather, it appears that the Lawsuit is not yet ready for trial as there is a dispute among the parties as to what extent discovery has concluded. In addition, pretrial proceedings and a trial would require the expenditure of Debtor resources and disrupt the claims resolution process established by the bankruptcy code and incorporated into PROMESA. The interests of judicial economy and of the expeditious resolution of litigation thus are not served by permitting the Lawsuit to continue. Movant's unsecured claims for monetary relief against Title III debtors can be addressed through the claims process in these Title III proceedings. Movant has not demonstrated that the harm from delay of liquidation of his claim outweighs the burden that would accrue to the Debtor by recommencement of litigation of the Lawsuit in the near term.

Accordingly, the Court concludes that Movant has not demonstrated that cause exists for relief from the automatic stay to allow the Lawsuit to proceed. Movant's motion for relief from the automatic stay to continue the Lawsuit is denied.

CONCLUSION

For the foregoing reasons, the stay of the Arbitration is lifted to permit the reinstatement, with the Commonwealth's consent, of Movant to his employment consistent with the terms of the Award. The stay continues to apply to all other relief contemplated by the Award and to the Lawsuit in its entirety. Movant's request for immediate payment of any claims pursuant to Section 503(b) of the Bankruptcy Code is denied, without prejudice to his submission of a claim against the Commonwealth in accordance with the claims bar date order (docket entry no. 2521) entered by this Court on February 15, 2018.

This Memorandum Order resolves docket entry no. 2803 in case no. 17-3283.

SO ORDERED.

Dated: April 20, 2018

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge