UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>    Debtors. | PROMESA<br><br>Title III<br><br>No. 17-bk-3283-LTS<br><br>(Jointly Administered) |

## SUMMARY SHEET

**FIRST INTERIM APPLICATION OF CITIGROUP GLOBAL MARKETS INC. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED AS INVESTMENT BANKER AND FINANCIAL ADVISOR TO FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, AS REPRESENTATIVE OF THE DEBTORS, FROM JANUARY 2017-JANUARY 2018**

| | |
|---|---|
| Applicant: | Citigroup Global Markets Inc. |
| Authorized to provide services to: | Financial Oversight and Management Board |
| Effective date of retention: | January 27, 2017 |
| Compensation period: | January 27, 2017-January 31, 2018 |
| Compensation sought: | $625,000 |
| Expense reimbursement sought: | $60,971.21 |
| Total sought: | $685,971.21 |
| Compensation sought herein that has already been paid under Interim Compensation Order | $0 |
| Expenses sought herein that have already been paid under Interim Compensation Order | $0 |

This is a: _ monthly   X interim   _final   application

**SUMMARY OF TIME RECORDED FROM DECEMBER 2017-JANUARY 2018[1]**

| Name | Title | Hours Recorded | Hourly Rate |
|---|---|---|---|
| Green, Thomas H. | Managing Director | 165.83 | N/A |
| Gavin, John C. | Managing Director | 136 | N/A |
| Castiglioni, James | Vice President | 154.34 | N/A |

**Total Hours Recorded:** 456.17

---

[1] Citigroup Global Markets Inc. did not commence recording time until December 2017, as guidance from the Fiscal Agency and Financial Advisory Authority and Fee Examiner indicating it had to record time, notwithstanding that it is a non-attorney professional that is not compensated based on time billed, was not issued until November 2017.

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>     Debtors.[1] | PROMESA<br><br>Title III<br><br>No. 17-bk-3283-LTS<br><br>(Jointly Administered) |

**FIRST INTERIM APPLICATION OF CITIGROUP GLOBAL MARKETS INC. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED AS INVESTMENT BANKER AND FINANCIAL ADVISOR TO FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, AS REPRESENTATIVE OF THE DEBTORS, FROM JANUARY 2017-JANUARY 2018**

Citigroup Global Markets Inc. ("Citi"), as investment banker and financial advisor to the Financial Oversight and Management Board for Puerto Rico ("Oversight Board"), as representative of the Debtors pursuant to PROMESA section 315(b), submits its first interim application for allowance of compensation for services rendered from January 27, 2017 through January 31, 2018 ("Compensation Period") in the amount of $625,000 and reimbursement of actual and necessary expenses incurred during the Compensation Period in the amount of $60,971.21, pursuant to PROMESA sections 316-17, Rule 2016, and Local Rule 2016-1, and respectfully states:

---

[1] The Debtors in these Title III Cases, along with the last four digits of their respective Federal Tax ID numbers, are: (i) Commonwealth of Puerto Rico ("Commonwealth") (3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (3747).

## JURISDICTION

1. This Court has subject matter jurisdiction to consider this application, pursuant to PROMESA section 306(a). Venue is proper in this district, pursuant to PROMESA section 307(a).

## BACKGROUND

2. The Commonwealth commenced its Title III case on May 3, 2017; COFINA commenced its Title III case on May 5, 2017; HTA and ERS commenced their Title III cases on May 21, 2017; and PREPA commenced its Title III case on July 2, 2017. Pursuant to PROMESA section 315(b), the Oversight Board is the representative of each Debtor in its respective Title III case.

3. The Oversight Board employed Citi as investment banker and financial advisor, under an engagement letter, dated January 27, 2017, which was amended and restated February 13, 2018, copies of which are annexed hereto as Exhibit 1 and Exhibit 2, respectively. Under its agreement, Citi is entitled to a fixed monthly fee and a success fee equal to a percentage of par amount of bonds issued by specified entities or restructured as part of a PROMESA-related restructuring, subject to a cap, payable on closing of the relevant transaction(s). Citi is also entitled to the reimbursement of reasonable, documented out-of-pocket expenses incurred in connection with its engagement, subject to a cap.

4. Citi was engaged to serve as investment banker and financial advisor to the Oversight Board in connection with its statutory duties under PROMESA, and its task of working with the Commonwealth to create the necessary foundation for economic growth and to restore opportunity to the people of the Commonwealth. The scope of its services include serving as M&A advisor to the Oversight Board to render strategic advisory and investment banking services related to PREPA's potential restructuring.

5. Citi was engaged because of, among other things, its expertise in municipal finance, capital markets, in- and out-of-court restructurings, and infrastructure and utility finance, and is uniquely situated to assist the Oversight Board in seeking to provide the Debtors with the necessary tools to restructure debt, access capital markets, and get back on the path to economic recovery.

6. Citi incurred expenses for this engagement beginning January 2017.[2] Its post-May 2017 monthly invoices for the period ending January 2018 are annexed hereto as <u>Exhibit 3</u>.

7. Citi served a consolidated monthly fee statement covering the Compensation Period on April 16, 2018, under the First Amended Interim Compensation Order, entered November 8, 2017 [ECF No. 1715] ("<u>Interim Compensation Order</u>"). No payment has been received as of the date hereof.

## BASIS FOR RELIEF REQUESTED

8. PROMESA section 316(a) provides that this Court "may award to a professional person employed by … the Oversight Board (in the Oversight Board's sole discretion) … (1) reasonable compensation for actual, necessary services rendered by the professional, or attorney and by any paraprofessional employed by any such person; and (2) reimbursement for actual, necessary expenses."

9. Pursuant to subdivision (c):

> In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

---

[2] Citi sought reimbursement for expenses incurred prior to the commencement of these cases prior to May 2017, but was advised pre-Title III expenses need to be reviewed and approved by the Fee Examiner (appointed by order, entered October 6, 2017, ECF No. 1416) before reimbursement can be made in accordance with Citi's engagement letter.

3

    (1) the time spent on such services;

    (2) the rates charged for such services;

    (3) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;

    (4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

    (5) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and

    (6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title or title 11, United States Code.

10. PROMESA section 317 and the Interim Compensation Order permit professionals to apply for allowance of compensation and reimbursement of expenses on an interim basis.

11. Each factor set forth in section 316(c) supports allowance of the compensation sought herein on an interim basis.

    (a)   <u>Time spent on services rendered</u>. During the two-month period December 2017-January 2018, Citi spent over 456 hours rendering services on behalf of the Oversight Board.[3] Time detail for that period is annexed hereto as <u>Exhibit 4</u>.

    (b)   <u>Fees charged</u>. As set forth in the Leffler Certification (defined below), the fees charged for this engagement are consistent with those customarily employed by Citi in other municipal restructuring engagements.

---

[3] As noted in the summary sheet, Citi did not commence recording time until December 2017, as guidance from the Fiscal Agency and Financial Advisory and Fee Examiner indicating it had to record time, notwithstanding that it is a non-attorney professional that is not compensated based on time billed, was not issued until November 2017.

4

(c) <u>Whether Services were necessary or beneficial</u>. The services rendered were necessary to the administration of these Title III cases, and beneficial when rendered. The Oversight Board engaged Citi for the express purpose of providing these services.

(d) <u>Timeliness of services rendered</u>. No issue has been raised concerning the timeliness of services rendered by Citi.

(e) <u>Restructuring Experience</u>. Citi has extensive municipal restructuring experience. Citi is one of the largest municipal securities dealers in the United States, and has played an active role in most major municipal restructurings in the United States for at least the past two decades. It was extremely well versed with complex issues facing the Debtors long before commencing this engagement.

12. Citi incurred reasonable and necessary expenses in connection with this engagement during the Compensation Period. A detailed itemization is annexed hereto as <u>Exhibit 5</u>. Citi submits those expenses for which reimbursement is sought are reasonable and justified under the circumstances to effectively serve the needs of the Oversight Board.

13. The certification required by Local Rule 2016-1(a)(4) and Rule 2016 is annexed hereto as <u>Exhibit 6</u> ("<u>Leffler Certification</u>").

## **NOTICE**

14. Notice hereof has been served by CM/ECF and on the Master Service List posted on the website of the Debtors' claims and noticing agent, by e-mail or by first class mail.

15. No prior request for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, Citi requests an order allowing interim compensation for services rendered during the Compensation Period in the amount of $625,000 and reimbursement for actual and necessary expenses incurred during such period in the amount of $60,971.21, authorizing and directing payment of the foregoing amounts, and granting such other and further relief as this Court deems just and proper.

Dated: April 23, 2018

Respectfully submitted,

/s/ Mike Leffler
Mike Leffler
Director

*Citigroup Global Markets Inc.*

/s/ Jeffrey Chubak
Jeffrey Chubak
STORCH AMINI PC
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100
jchubak@storchamini.com

*Attorneys for Citigroup Global Markets Inc.*

6