# Exhibit 1

**Parties and Actions Subject to Prior Stipulation Granted Modification of the Title III Stay**

## TITLE III STAY MODIFICATIONS AGREED TO BY THE DEBTORS
## FROM FEBRUARY 21, 2018 THROUGH APRIL 20, 2018

| | Case Information | Movant(s) | Debtor | Brief Description of the Modification | Stipulation Date |
|---|---|---|---|---|---|
| 1. | *Heriberto Nieves Dominguez v. Commonwealth of PR, et al.*<br><br>Case No. 16-2878<br><br>Reclassification of status of an inmate and related damages | Heriberto Nieves Domínguez | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow the Prepetition Action to proceed to entry of judgment only with respect to the status reclassification issue; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action including, but not limited to, (a) the damages cause(s) of action and (b) the execution and enforcement of any monetary judgment against the Commonwealth or any other Title III Debtor. | February 9, 2018<br><br>(received signed stipulation by postal mail on March 6, 2018) |
| 2. | *Puerto Rico Highways and Transportation Authority v. Finca Matilde, Inc. et al.*<br><br>K EF2004-0237<br><br>Eminent domain action | Finca Matilde, Inc. | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to enable the Prepetition Action to proceed before the State Court to allow a determination of the amount of just compensations owed to Movant and resolve the issues of access to the remnant estate; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor. | February 21, 2018 |
| 3. | *Juan A. Santiago Meléndez v DRNA*<br><br>KAC2016-0328<br><br>Employee administrative action | Juan A. Santiago Meléndez | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow the Prepetition Action to proceed to judgment before the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against the Commonwealth or any other Title III Debtor. | February 27, 2018 |

|  | **Case Information** | **Movant(s)** | **Debtor** | **Brief Description of the Modification** | **Stipulation Date** |
|---|---|---|---|---|---|
| 4. | *Autoridad de Carreteras y Transportación de P.R. v. Corporación Rexach Hermanos, Inc.*<br><br>K EF2004-1050<br><br>Eminent domain action | Rexach Hermanos, Inc. | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to enable the Prepetition Action to proceed to judgment before the State Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement the Deposit. | March 6, 2018 |
| 5. | *Félix M. Álvarez Carrión v. Estado Libre Asociado de PR, et al.*<br><br>DDP2013-0699<br><br>Tort claim | Félix M. Álvarez Carrión | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow for a determination of the matters pending before the Prepetition Court and enable Movant to prosecute the Prepetition Action against insurance coverage, if any, available under any insurance policies issued to the Commonwealth; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the entry, execution, and enforcement of any judgment in excess of the available coverage and for any claims for money damages and provisional remedies against the Commonwealth or any other Title III Debtor. | March 14, 2018 |
| 6. | *Industrias Vassallo, Inc. v. Puerto Rico Electric Power Authority,* Nos. 16-2136, 16-2137, 16-2138, 16-9009, First Circuit Court of Appeals<br><br>Appeal related to commercial dispute | United Surety & Indemnity Company | PREPA | Modification of the stay to the limited extent necessary to permit the parties to respond to the First Circuit's August 18, 2017 order by providing the requested information for purposes of ruling on the parties' joint motion to dismiss the pending appeals, to fulfill any and all remaining obligations set forth in the executed settlement agreement, and to allow the First Circuit to dismiss the pending appeals pursuant to the settlement agreement | March 23, 2018 |

2

| | Case Information | Movant(s) | Debtor | Brief Description of the Modification | Stipulation Date |
|---|---|---|---|---|---|
| 7. | *Mitsubishi Motor Sales of Caribbean, Inc. v. Hon. Raul Maldonado Gautier, as Secretary of the Puerto Rico Treasury Department, et al.*<br><br>KCO 2016-0026 (903)<br><br>Declaratory judgment regarding payment of excise taxes | Mitsubishi Motor Sales of Caribbean, Inc. | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow the Prepetition Action to proceed to judgment before the Prepetition Court only on the declaratory judgment cause of action; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action including, but not limited to, any claims for money damages (including, without limitation, Movant's cause of action for the refund of excise taxes) and provisional remedies (excluding any provisional remedies related to the execution or enforcement of a judgment in the declaratory judgment cause of action) against the Commonwealth or any other Title III Debtor. | March 27, 2018 |
| 8. | *Puerto Rico Electric Power Authority v. Isla del Rio, Inc.*, Nos. KEF2008-0340, KEF2008-0341, KEF2008-0344, KEF2008-0345, KEF2008-0348, KEF2012-0088, Court of First Instance, San Juan Superior Part<br><br>Eminent domain action | Isla del Rio, Inc. | PREPA | Modification of the stay to the limited extent necessary to allow the prepetition actions to proceed to judgment before the State Court; provided, however, the stay shall continue to apply in all other respects to the prepetition actions, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages against PREPA, if any, or any other Title III Debtor | April 6, 2018 |

| | Case Information | Movant(s) | Debtor | Brief Description of the Modification | Stipulation Date |
|---|---|---|---|---|---|
| 9. | *Marcia Gil-Caraballo v. Puerto Rico Electric Power Authority; Jose J. Cordero Pérez, et al.*, No. 16-3005 (PG), United States District Court for the District of Puerto Rico<br><br>Civil rights and constitutional claims action | Marcia Gil-Caraballo | PREPA | Modification of the stay to the limited extent necessary to allow movant to prosecute the prepetition action to judgment; provided, however, the stay shall continue to apply in all other respects to the prepetition action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against PREPA or any other Title III Debtor | April 9, 2018 |
| 10. | *Mercedes-Benz Financial v. ELA*<br><br>KAC2017-0419<br><br>Forfeiture action | Mercedes-Benz Financial | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow the Forfeiture Action to proceed to judgment before the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Forfeiture Action including, but not limited to, the execution and enforcement of any monetary judgment and for any claims for money damages and provisional remedies against the Commonwealth or any other Title III Debtor. | April 12, 2018 |
| 11. | *Pérez Irene, et al. v. Puerto Rico Electric Power Authority*, No. KLAN201700693, Puerto Rico Court of Appeals<br><br>Personal injury (electrocution) action | Juan Carlos Pérez-Irene, Chinese Oyola-Meléndez, Ismael Pérez-Padilla, Yomaira Huertas-Marrero, for herself and in representation of her minor daughters ASH and GSH, Betsy Rivera-Rivera, Carlos Manuel Sánchez-Coriano, Carlos | PREPA | Modification of the stay to the limited extent necessary to allow the prepetition action to proceed to judgment before the State Court of Appeals; provided, however, the stay shall continue to apply in all other respects to the prepetition action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages against PREPA, if any, or any other Title III Debtor | April 16, 2018 |

| | Case Information | Movant(s) | Debtor | Brief Description of the Modification | Stipulation Date |
|---|---|---|---|---|---|
| | | Javier Sánchez-Rivera, Verónica Morales-Ayala, José Claudio-Ramírez, Cynthia Rivera-Muñoz, Pablo Claudio-Casiano, and María Judith Ramírez-Salinas | | | |
| 12. | *In re Dredge G.L. 51*, No. 1:14-cv-01450-CCB, United States District Court for the District of Maryland<br><br>Exoneration from or limitation of liability action | Great Lakes Dredge and Dock Co., LLC; The United States of America, for itself and on behalf of the U.S. Army Corps of Engineers; and Dragados USA, Inc. | PREPA | Modification of the stay (to the extent it applies) only to the extent necessary to permit the parties to finalize, formalize, and execute the parties' settlement in principle, and to fulfill any and all obligations set forth in the executed settlement agreement, including any and all settlement payments; provided, however, the automatic stay, to the extent it applies, shall continue to apply in all other respects to the Maryland litigation | April 18, 2018 |
| 13. | *Puerto Rico Highways and Transportation Authority v. Fiori Vilella Garcia, et al.*, Civil Num. KEF2004-1202, Court of First Instance, San Juan Superior Part<br><br>Eminent domain action | Fiori and Zulma Vilella Garcia, Alejandro Juan Jose Santos Vilella y Fabiola Cristina Maria Santos Vilella, Zoe Blasini Garcia and Silvia Consuelo Blasini Batista, Annette Mary Blasini Batista, Antonia Rita Blasini Batista, and Silvia Batista Castresana | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to enable the Prepetition Action to continue to proceed before the State Court and/or Court of Appellate Procedure and/or Supreme Court of Puerto Rico up to the point of a final judgment to allow a determination of the amount of just compensation owed by HTA to Movants and consider and adjudicate the issue of the taking by HTA of the remnant estate and the amount of just compensation owed by HTA to Movants for the same and any other controversies and or/issues raised in the Prepetition Action; provided, however, that the Title III Stay shall continue to apply with respect to the execution and enforcement of any judgment in the Prepetition Action and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, without prejudice for Movants to request and obtain any other relief that they may be entitled to in accordance with the Case | April 20, 2018 |

| | Case Information | Movant(s) | Debtor | Brief Description of the Modification | Stipulation Date |
|---|---|---|---|---|---|
| | | | | Management Order, the Lift Stay Protocol, and any other applicable law, and HTA reserves all rights to object to any such relief. | |