IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>            as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>            Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**[PROPOSED] PROTECTIVE ORDER**

WHEREAS, Respondents the Commonwealth of Puerto Rico (the "Commonwealth"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") (collectively, "Respondents" and with Movants, "Parties") possess ~~information that they claim is~~ confidential, proprietary, and commercially sensitive information that Respondents will disclose to Movants the Ad Hoc Group of General Obligation Bondholders ("GO Group"), Assured Guaranty Corp. ("AGC"), Assured Guaranty Municipal Corp. (f/k/a Financial Security Assurance Inc.) ("AGM" and, together with AGC, "Assured"), the Mutual Fund Group, and National Public Finance Guarantee Corporation ("National") (collectively "Movants" and with Respondents, "Parties"), in connection with ~~the Court's December 15, 2017~~an Order Authorizing Examination pursuant to

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last

Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004") (Dkt. No. 2033),dated December 15, 2017, and that Respondents also may need to disclose to Movants in connection with future orders authorizing examination pursuant to Rule 2004; and

WHEREAS Movants have established, the Court finds good cause for entry ofto enter this Order ("Protective Order ("Order") pursuant to Rule 26 of the Federal Rules of Civil Procedure, made applicable to this Title III proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure, to facilitate discovery in the Title III proceeding while protecting such confidential information from improper disclosure and use,; and

IT IS HEREBY ORDERED as follows:

### DEFINITIONS

1. "Material" shall mean and refer to all documents and electronically stored information, within the meaning of Rule 34 of the Federal Rules of Civil Procedure,Fed. R. Civ. P. 34, made applicable to this Title III proceeding by Rule 7034 of the Federal Rules of Bankruptcy Procedure, as well as any deposition testimony, deposition exhibits, interrogatory responses, responses to requests for admission, responses to production requests, responses to deposition on written questions and other written, recorded, electronic, or graphic materials produced or made available by any Respondent or non-party, as well as any information contained in any of above items.

2. "Confidential" or "Confidential Material" shall mean and refer to any Material produced by any Respondent or non-party (each referred to herein as a "Producing Party") that the Producing Party considers in good faith to contain commercial, financial, trade secret, research and development, or personal information of a proprietary nature that is not known

---

Four Digits of Federal Tax ID: 3747) (Title III Case numbers are listed as bankruptcy case numbers due to software limitations).   (Title III Case numbers are listed as bankruptcy case numbers due to software limitations).

2    Workshare 9.5 comparison of Ex A - Rule 2004 Protective Order for Motion to Compel.docx and PowerDocs://OMM_US/76253572/1. Performed on 4/13/2018.

to, or has not generally been made available to, the public or other information the disclosure of which, in the good faith judgment of the Producing Party, would be detrimental to the conduct of the Producing Party's business or official functions.

    3.    "Qualified Persons" shall mean and refer to:

    (a)    Employees of the Parties and their affiliates, House Counsel, Outside Counsel of Record for each Party and their paralegals and other professional personnel including support and IT staff to whom disclosure of information is necessary for the litigation of this Title III proceeding;

    (b)    testifying or consulting experts retained by any Party and their associates or other professional personnel including support and IT staff, and consultants to the Parties and their affiliates to whom disclosure of information is necessary for the litigation of this Title III proceeding;

    (c)    any mediator retained by the parties or appointed by the Court in this Title III proceeding and employees of such mediator who are assisting in the conduct of the mediation;

    (d)    deposition witnesses;

    (e)    the Court and all persons assisting the Court in this Title III proceeding, including law clerks, court reporters, translators, and clerical personnel;

    (f)    translators and outside litigation support vendors (including commercial copying and imaging services, vendors assisting with electronic discovery matters, and trial consultants) retained by a Party in connection with this Title III proceeding;

    (g)    persons who are authors, addressees, and recipients of documents containing Confidential Material to the extent they have previously had lawful access to such documents; and

    (h)    professional court reporters and their staff engaged to transcribe testimony in this Title III proceeding.

    4.    "House Counsel" shall mean and refer to attorneys who are employees of a Party or an affiliate of a Party.

---

3    Workshare 9.5 comparison of Ex A - Rule 2004 Protective Order for Motion to Compel.docx and PowerDocs://OMM_US/76253572/1. Performed on 4/13/2018.

5. "Outside Counsel of Record" shall mean and refer to attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this matter on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, or contract or temporary attorneys who have been retained, through an agency or directly, by a law firm which has appeared on behalf of a Party.

## SCOPE AND INTERPRETATION OF THIS ORDER

6. This Protective Order shall be applicable to, and shall govern, all Material produced and disclosed pursuant to a Rule 2004 examination in the above titled Title III proceeding, and shall remain in effect until further order of the Court. The protections conferred by this Protective Order cover not only Confidential Material, but also (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential Material. Issues relating to the use of Confidential Material may be revisited by the Parties and the Court in advance of any evidentiary hearing or trial in this Title III proceeding.

7. All Material, including, but not limited to, Confidential Material produced in this Title III proceeding, shall be used only in connection with this proceeding, and not for any other business, competitive, personal, private, public, or other purpose whatsoever. This Protective Order shall be binding on the Parties to this Title III proceeding and their successors, parents, subsidiaries, divisions, affiliates, employees, officials, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

## DESIGNATION OF CONFIDENTIAL MATERIAL

8. Any Respondent or non-party may designate any Material as Confidential Material by affixing the legend "CONFIDENTIAL" to each item satisfying the definitions set

---

4  Workshare 9.5 comparison of Ex A - Rule 2004 Protective Order for Motion to Compel.docx and PowerDocs://OMM_US/76253572/1. Performed on 4/13/2018.

forth above. ~~Within five (5) business days of the entry of this Protective Order, Respondents shall specifically identify as CONFIDENTIAL any documents in the Intralinks data room that (1) have been ordered produced pursuant to the Court's December 15, 2017 Rule 2004 Order (Dkt. No. 2033), the Court's February 26, 2018 Order on Fiscal Plan Development Materials (Dkt. No. 2590) (and Movants' associated Motion to Compel) and the Joint Report of Movants and Respondents With Respect to Order Authorizing Rule 2004 Examination Dated December 22, 2017 and (2) meet the definition of CONFIDENTIAL under this Order.  If Respondents fail to identify any document produced or deemed produced pursuant to Rule 2004 as Confidential Material within five (5) business days of the entry of this order, each such document will not~~ be treated as Confidential Material ~~under this Protective Order~~<ins>For the avoidance of doubt, Material that Respondents have uploaded to the Intralinks Data Room (the "Data Room Material") is subject to Nondisclosure Agreements and, in the case of Material provided in connection with mediation, Rule 408</ins> of the Federal Rules of <ins>Evidence and the mediation agreements (collectively, the "Data Room Restrictions").  Movants may request in writing that certain Data Room Material be subject to the terms of this Protective Order, rather than the Data Room Restrictions.  Any such request must identify the affected Material by location (folder or document number) in the Data Room, and Movants must give Respondents at least five (5) business days to respond.  Thereafter, the Parties shall meet and confer in an attempt to resolve any dispute without Court intervention.  If any Data Room Material is made subject to this Protective Order, whether by agreement of the Parties or by Court order, such material will be deemed to constitute Confidential Material subject to this Order without the need to affix any additional marking or designation, unless Movants agree in writing or the Court orders otherwise</ins>.

5       Workshare 9.5 comparison of Ex A - Rule 2004 Protective Order for Motion to Compel.docx and PowerDocs://OMM_US/76253572/1. Performed on 4/13/2018.

9. If a Respondent or non-party elects to make Confidential Material available for inspection, the producing party need not mark the Material in advance of any such inspection, but instead, if items are selected for copying, may affix the labels to the selected items at that time. All Confidential Material inspected, but not copied, is to be treated as Confidential.

10. Where a Respondent or non-party produces electronic files in native electronic format, such electronic files and documents may be designated for protection under this Protective Order by appending to the file names or designators information indicating whether the files contain Confidential Material, or by any other reasonable method for appropriately designating such information produced in electronic format, including by making such designations in reasonably accessible metadata associated with the files. Where Confidential Material is produced in electronic format on a disk or other medium that contains exclusively Confidential Material, the "CONFIDENTIAL" designation may be placed on the disk or other medium. When electronic files or documents in native form are printed for use at deposition, in a court proceeding, or for provision to any Qualified Person in accordance with the terms of this Protective Order, the Party printing the electronic files or documents shall affix a legend to the printed documents saying "CONFIDENTIAL" and include the production number and designation associated with the native file. For the avoidance of doubt, Data Room Material made available subject to this Protective Order pursuant to Paragraph 8 shall be treated as Confidential Material without the need for any additional designation.

11. Whenever discovery is sought from a non-party, a copy of this Protective Order shall accompany the discovery request or subpoena. Any non-party producing Materials pursuant to a subpoena or otherwise ("Third-Party Material") may also designate items as being Confidential at the time of production, and such designation will have the full effect given to such

labels by this Protective Order. If any Party chooses to challenge a non-party's designation of Third-Party Material as "Confidential" under the procedures set forth in paragraph 15, the producing non-party, or the other Party, may oppose that challenge. However, nothing herein shall be deemed to permit non-parties to review or obtain any documents or things designated as Confidential by any Party other than in accordance with paragraphs 16-17.

12. In the case of deposition testimony and related exhibits, any Party may designate portions of the transcript (including exhibits) Confidential by making a statement to that effect on the record during the course of the deposition, or by written notice to the other Party within thirty (30) days after receipt of the transcript; provided that the entire deposition transcript shall be treated as Confidential prior to each Party's designation or the expiration of the 30-day period, whichever comes first. If the designation is made during the course of the deposition, or if a witness believes an answer will require him to divulge Confidential Material, or if the attorney taking the deposition believes that the question will divulge Confidential Material, all persons not permitted access to such Confidential Material under the terms of this Protective Order shall be excluded from the deposition room and the designating party shall instruct the court reporter to place the legend "CONFIDENTIAL" on the pages containing that information and to place on the cover of the transcript the legend "CONTAINS CONFIDENTIAL MATERIALS." Where the designation is made after receipt of the transcript, each Party shall be responsible for marking the designated transcripts with the appropriate legend, as instructed by the designating Party.

13. The failure to designate Material as Confidential shall not be deemed a waiver in whole or in part of the claim of confidentiality. Upon prompt notice from the producing Party of such failure to designate, the receiving Party shall cooperate to restore the confidentiality of the Confidential Material. No Party shall be held in breach of this Protective Order if, prior to

notification of such later designation, such Confidential Material had been disclosed or used in a manner inconsistent with such later designation. The producing Party shall provide substitute copies bearing the corrected designation. The receiving Party shall return or certify the destruction of the previously undesignated Material.

14. Inadvertent production of information that is subject to the attorney-client privilege, deliberative process privilege, or work-product immunity does not waive ~~the attorney-client~~any privilege or ~~work product~~ immunity if a request for return of such documents or information is made promptly after the producing Party learns of its inadvertent production. A Party receiving a request for the return of inadvertently produced documents shall promptly return the inadvertently produced documents to the producing Party and destroy all remaining copies of the inadvertently produced documents, including electronic, paper, and other copies.

15. This Protective Order shall not foreclose any Party from seeking a ruling from the Court that a Party (or non-party) has improperly designated Material (or Third-Party Material) as Confidential Material. If a Party believes documents have been inappropriately labeled as Confidential, it shall identify with particularity the document(s) or information that it contends should be designated differently and state the grounds for each objection with particularity. Thereafter, the Parties (or Party and non-party) shall meet and confer in an attempt to resolve the dispute without Court intervention within five days of receipt of the written list of challenged documents. If the dispute cannot be resolved, the objecting Party may file with the Court a "Motion to Remove Confidential Designation." The Party (or non-party) asserting confidentiality shall have the burden of establishing that the information should be protected from disclosure. Except as otherwise permitted under this Order, no Party shall disclose any Material

labeled Confidential unless and until there is an order from the Court ordering the designation to be removed.

## TREATMENT OF CONFIDENTIAL MATERIAL

16. The substance or content of Confidential Material, as well as copies, notes and memoranda relating thereto, shall not be disclosed or made available to anyone other than Qualified Persons identified in paragraph 3(a) – (h), and no person shall disclose such information to those Qualified Persons identified in paragraph 3(b), (d), (f), or (h) herein without furnishing to such person a copy of this Protective Order and obtaining from that person an executed Confidentiality Agreement, the form of which is set forth in Exhibit A. Notwithstanding the foregoing, prior to the entry of this ~~Stipulated~~ Protective Order by the Court, Confidential Material may be shown to a Qualified Person identified in paragraph 3(b), (d), (f), or (h) if such person is shown a draft of this Protective Order and agrees to be bound by its terms. Such person must promptly execute a Confidentiality Agreement once this Protective Order is entered by the Court.

17. If any Qualified Person permitted access to Confidential Material receives a subpoena or documentary demand that encompasses any Confidential Material produced pursuant to this Protective Order, that Qualified Person shall object thereto and provide prompt written notice to the Party or non-party who originally produced the Confidential Material. If any Material designated as Confidential is disclosed, through inadvertence or otherwise, to anyone not authorized under the terms of this Protective Order, then the person inadvertently disclosing the Confidential Material shall use his or her best efforts to bind the recipient to the terms of this Protective Order. Such person shall be informed promptly of all the provisions of this Protective Order, identified to the non-disclosing Party, and requested to execute a Confidentiality Agreement the form of which is set forth as Exhibit A.

9 Workshare 9.5 comparison of Ex A - Rule 2004 Protective Order for Motion to Compel.docx and PowerDocs://OMM_US/76253572/1. Performed on 4/13/2018.

18. Any Confidential Material filed with or otherwise submitted to the Court shall be filed or submitted under seal consistent with the local rules for the United States Bankruptcy Court for the District of Puerto Rico, and any case management procedures governing this Title III proceeding. <u>Any motion to file material under seal must include information sufficient to demonstrate that the sealed filing is warranted despite the First Amendment and common law rights of access to judicial documents</u>. If any Confidential Material is used in any court proceeding, it shall not lose its designation through such use, and the Parties shall take all steps required to protect the confidentiality of the Confidential Material during such use, including but not limited to designating the portions of the hearing transcript concerning such Material as Confidential.

19. The restrictions imposed by this Protective Order may be modified or terminated only by written stipulation of the Parties or by order of the Court. This Protective Order shall not prevent any Party or non-party from seeking additional protective orders, or from seeking relief, including injunctive and/or other equitable remedies, or from asserting evidentiary objections, in a court of competent jurisdiction to prevent the disclosure or use of Confidential Material. This Court shall retain full and exclusive jurisdiction during the pendency of this case and thereafter to enforce this Protective Order and to grant relief for any violation thereof. All signatories of ~~Exhibit~~Attachment A hereto explicitly consent to the jurisdiction of this Court for such purposes.

20. Nothing herein shall be construed as (a) preventing any Party from continuing to use any Material in the public domain or that subsequently becomes a part of the public domain other than as a result of any act of such Party or of disclosure in violation of this Protective Order; (b) limiting a Party's use or disclosure of its own information designated as Confidential; (c) preventing the disclosure of Confidential Material with the consent of the

designating Party or non-party; or (d) preventing a Party from continuing to use any information or Material that it had the right to use and which was obtained independently of disclosure in this Title III proceeding.

21. Nothing herein shall be deemed to be a limitation upon, or a waiver of, the rights of the Parties or any objections the Parties may have, under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Federal Rules of Evidence.

**RETURN OF CONFIDENTIAL MATERIALS**

22. At the conclusion of this Title III Proceeding, by way of final judgment, settlement or otherwise, including all appeals, all Confidential Material, along with all copies, summaries and compilations thereof (except documents filed with the Court, depositions transcripts, and work product) shall be (a) returned to counsel for the designating Party or non-party; or (b) destroyed (and certified by affidavit as having been destroyed) by counsel for the Party in possession thereof. If any person is unable to destroy or return the Confidential Material upon reasonable effort, or is prevented from destroying or returning such Material due to operation of law, this requirement shall be excused; however, all other duties with respect to the confidentiality of this Material shall remain in effect. At the conclusion of this Title III proceeding, the provisions of this Protective Order shall continue to be binding upon all persons subject to this Protective Order.

SO ORDERED.

Dated: April ____, 2018

/s/ _____
JUDITH GAIL DEIN
United States Magistrate Judge

---

11    Workshare 9.5 comparison of Ex A - Rule 2004 Protective Order for Motion to Compel.docx and PowerDocs://OMM_US/76253572/1. Performed on 4/13/2018.

<u>**EXHIBIT A**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>           as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><u>et</u> <u>al.</u>,<br><br>           Debtors.[2] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

<u>**CONFIDENTIALITY AGREEMENT**</u>

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____

_____

_____.

4. I have received a copy of the Protective Order entered in the above-entitled action on _____.

5. I have carefully read and understand the provisions of the Protective Order.

---

[2] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17 BK 4780-LTS) (Last

6.  I will comply with all of the provisions of the Protective Order.

7.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Confidential Material that is disclosed to me.

8.  I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Material.

9.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order.

Dated: _____                    _____

---

Four Digits of Federal Tax ID: 3747) (Title III Case numbers are listed as bankruptcy case numbers due to software limitations).   (Title III Case numbers are listed as bankruptcy case numbers due to software limitations).

2   Workshare 9.5 comparison of Ex A - Rule 2004 Protective Order for Motion to Compel.docx and PowerDocs://OMM_US/76253572/1. Performed on 4/13/2018.

Document comparison by Workshare 9.5 on Friday, April 13, 2018 7:59:04 PM

| Input: | |
|---|---|
| Document 1 ID | file://C:\Users\omm16601\Desktop\Ex A - Rule 2004 Protective Order for Motion to Compel.docx |
| Description | Ex A - Rule 2004 Protective Order for Motion to Compel |
| Document 2 ID | PowerDocs://OMM_US/76253572/1 |
| Description | OMM_US-#76253572-v1-Ex._A-_Respondents'_Protective_Order |
| Rendering set | OMM Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 16 |
| Deletions | 16 |
| Moved from | 2 |
| Moved to | 2 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 36 |

3       Workshare 9.5 comparison of Ex A - Rule 2004 Protective Order for Motion to Compel.docx and PowerDocs://OMM_US/76253572/1. Performed on 4/13/2018.

| **Redline options:** | |
|---|---|
|  | Status |
| Redline Statistics at End of Document | ON |
| Include Redline Comparison Summary | OFF |
| Show Line Numbering | OFF |
| Show Change Numbers | OFF |
| Show Change Bars On Left | ON |
| Show Hidden Text | OFF |
| Detect List Numbering Changes | ON |
| Compare Headers/Footers | ON |
| Compare Footnotes | ON |
| Display Workshare Compare Footers | ON |
| Ignore Embedded Objects/Images | OFF |
| Compare at Character Level | OFF |
| Compare Numbers at Character Level | OFF |
| Show Moved Deletions | OFF |
| Show Changes to Spaces | OFF |
| Show Paragraph Changes | OFF |
| Ignore Case Changes | OFF |
| Ignore Text Boxes | OFF |
| Ignore Field Codes | OFF |
| Compare field contents as text | ON |
| Ignore Tables | OFF |
| Detect Changes to Images | ON |

4   Workshare 9.5 comparison of Ex A - Rule 2004 Protective Order for Motion to Compel.docx and PowerDocs://OMM_US/76253572/1. Performed on 4/13/2018.