UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

                     Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

MEMORANDUM ORDER REMANDING CERTAIN ASPECTS OF MAGISTRATE JUDGE'S
FEBRUARY 26, 2018, ORDER FOR FURTHER PROCEEDINGS

      Before the Court is an objection (Docket Entry No. 2707, the "Objection"), filed by Assured Guaranty Corp., Assured Guaranty Municipal Corp. and National Public Finance Guarantee Corporation (collectively, the "Objectors"), to an order entered by Magistrate Judge Judith Gail Dein on February 26, 2018 (Docket Entry No. 2590, the "February 26 Order"). As relevant here, the February 26 Order held that "communications among the Commonwealth, AAFAF, the Oversight Board and their professionals, as well as other materials relating to the

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

creation of the 2017 and 2018 Plans" including "drafts preceding the final plans" (collectively, the "Pre-Decisional Fiscal Plan Documents") are subject to the deliberative process privilege. (February 26 Order at 4-6.) In their Objection, their Reply papers (Docket Entry No. 2835) and a further submission (Docket Entry No. 2906), Objectors argue that the February 26 Order's conclusions regarding the applicability of the deliberative process privilege are clearly erroneous and contrary to law. Objectors principally contend that:

A. The deliberative process privilege should not protect factual information that is included in the Pre-Decisional Fiscal Plan Documents. (Objection at 3.)

B. The February 26 Order improperly extends the deliberative process privilege to (1) communications between (x) the Oversight Board, on one hand, and (y) the Commonwealth[2] and AAFAF (together, the "Commonwealth Entities"), on the other hand and (2) communications between the Respondents and their respective professionals. (Objection at 6.)

C. The February 26 Order is in error to the extent it concludes, in denying disclosure of documents on the basis of the deliberative process privilege, that the interests of Respondents in non-disclosure outweigh the interests of creditors and the public in access to the Pre-Decisional Fiscal Plan Documents. (Objection at 10.)

The Ad Hoc Group of General Obligation Bondholders filed a limited joinder to the Objection. (Docket Entry No. 2708.) The Court has considered the February 26 Order and the submissions of the parties carefully.

For the reasons stated below, the Objection is sustained to the extent that the elements of the February 26 Order to which objection has been made are remanded for further proceedings.

---

[2] Capitalized terms used herein, but not otherwise defined, shall have the meaning set forth in the February 26 Order.

DISCUSSION

A party may file an objection with the assigned district judge to an order issued by a magistrate judge within 14 days of service of a copy of that order.  Fed. R. Civ. P. 72(a).  The Objection now before the Court was timely.  The district judge shall not disturb the order unless such "order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A) (LexisNexis 2017).  Under the "clearly erroneous" standard, a district court "must accept both the trier's findings of fact and conclusions drawn therefrom unless, after scrutinizing the entire record, [it forms] a strong, unyielding belief that a mistake has been made."  Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999) (internal quotation and citation omitted).  A magistrate judge's rulings will be reviewed under the "contrary to law" standard when the motion "turns on a pure question of law."  PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 15 (1st Cir. 2010).  "This means that, for questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and review under Rule 72(b)'s de novo standard."  Id.  Mixed questions of law and fact invoke a sliding scale of review pursuant to which

> [t]he more fact intensive the question, the more deferential the level of review (though never more deferential than the clear error standard); the more law intensive the question, the less deferential the level of review.

In re IDC Clambakes, Inc., 727 F.3d 58, 64 (1st Cir. 2013) (internal quotation marks omitted).

The February 26 Order was issued after a series of court conferences and meet-and-confer interactions among the parties concerning, among other issues, (i) the breadth of Objectors' Rule 2004 disclosure requests, (ii) the ongoing treatment of materials responsive to such requests that had been made available pursuant to confidentiality or non-disclosure agreements, and (iii) Respondents' assertion of deliberative process privilege.  The parties filed

joint status reports on December 11, 2017 (Docket Entry No. 1972) and December 22, 2017 (Docket Entry No. 2154) identifying the continuation of confidentiality restrictions and the applicability of the deliberative process privilege to a broadly defined class of "Pre-Decisional Fiscal Plan Documents" as the only remaining areas in contention and, in January 2018, filed short memoranda of law regarding these issues.

The memoranda of law did not treat the deliberative process issues in any great detail, and included only conclusory arguments regarding the effect of the involvement of consultants and different government entities in communications and document preparation. Much of the argumentation focused on whether Respondents should be required to produce a categorical log of materials withheld on the basis of the privilege, should they be permitted to assert the privilege in the first instance. There was no particularized argumentation regarding procedures for determination of the applicability of the privilege and Bhatia-Gautier v. Roselló-Nevares, 2017 TSPR 173, 2017 WL 4975587 (P.R. 2017) ("Bhatia-Gautier I"), the September 2017 decision of the Supreme Court of Puerto Rico concerning access to public documents under the constitution and laws of Puerto Rico that is cited extensively in the Objection, was not mentioned in any of the January 2018 submissions.

The February 26 Order, like the parties' submissions, treats the deliberative process privilege issues in conceptual rather than specific terms, directs the preparation of a categorical privilege log, and contemplates particularized scrutiny of privilege claims in connection with objections to privilege log entries.

A. Factual Information Included in the Pre-Decisional Fiscal Plan Documents

Objectors challenge the February 26 Order to the extent it applies the deliberative process privilege to factual elements of the Pre-Decisional Fiscal Plan Documents. (Objection at 3–6.) Objectors cite Bhatia-Gautier v. Roselló-Nevares, Civil No. SJ2017CV00271 (P.R. Super. Ct. Mar. 16, 2018) ("Bhatia-Gautier II," Docket Entry No. 2863-1), a decision rendered by a court of first instance following the issuance of Bhatia-Gautier I, for the proposition that the privilege does not extend to documents that contain purely factual information (*e.g.*, numbers and data). (Objection at 4.) The February 26 Order provides that "drafts preceding the final [2017 and 2018 fiscal] plans," as well as the "internal communications leading up to [the creation of] those documents," are subject to the deliberative process privilege and may be withheld from production. (February 26 Order at 5.)

The February 26 Order recognizes that the parties have agreed that "raw data" is not protected by the privilege, but the parties do not appear to have made, and the February 26 Order does not address, specific issues regarding data or other factual matters included in documents the parties have characterized as "Pre-Decisional." Furthermore, Bhatia-Gautier II was decided after the February 26 Order was entered and Judge Dein has not had an opportunity to consider its implications in connection with the disputes regarding Pre-Decisional Fiscal Plan Documents. The Court notes that, consistent with the parties' approach in their briefing to Judge Dein, the February 26 Order established a two-stage procedure whereby (i) Respondents may assert the deliberative process privilege and are required to catalog the withholding of categories of documents in a privilege log[3] and (ii) Objectors have the opportunity to challenge any item

---

[3] The February 26 Order requires that the privilege log "include the following information: (i) the basis for withholding each category of documents; (ii) a sufficient description of the subject matter of the category of documents to permit Movants to evaluate the claim of privilege; (iii) the date range for the set of documents in each category; and (iv) an

listed on such privilege log. (February 26 Order at 5-6.) Given that Judge Dein does not appear to have been asked to address the status of factual elements of Pre-Decisional Fiscal Plan Documents and did not have the benefit of the extensive briefing that the parties have submitted to this Court, the Court remands this matter for further consideration by Judge Dein in the first instance and any necessary clarification of the February 26 Order.

    B. Communications

Objectors argue that the February 26 Order errs in concluding that the deliberative process privilege extends to (i) communications between the Oversight Board and the Commonwealth Entities and (ii) communications between the Respondents and their respective professionals. (Objection at 6.) Again, it does not appear that the parties made anything more than conclusory arguments concerning the questions of whether communications among Commonwealth Entities and between the Oversight Board and such entities can be protected by the deliberative process privilege, and whether the involvement of Respondents' professional advisors in the preparation or review of Pre-Decisional Fiscal Plan Documents renders the privilege inapplicable. Bhatia-Gautier I decision, which features prominently in Objectors' procedural and substantive arguments to this Court, was not even mentioned in the briefing to Judge Dein, and Bhatia-Gautier II postdates the February 26 Order. The Court concludes that, since the able Magistrate Judge did not have the opportunity to address the legal and factual particulars of the issues that are now being argued to this Court, the record is insufficient to enable this Court to apply appropriately the review standards. On remand, Judge Dein may

---

    aggregate list of all persons sending and receiving documents in each category."
    (February 26 Order at 6.)

determine in the first instance whether additional or different procedures and proceedings should be undertaken in light of the Bhatia-Gautier decisions and the particular roles and responsibilities of the Commonwealth Entities, the Oversight Board and their respective professionals in developing positions and taking actions on behalf of the Commonwealth under PROMESA in determining whether the deliberative process privilege should be analyzed on an entity by entity or other basis in this context.

### C. Weighing of Competing Interests

Objectors argue that Judge Dein erred in concluding that "that the interests of the [Respondents] weighed in favor of shielding the disclosure of the Pre-Decisional Fiscal Plan Documents from creditors and the public." (Objection at 10.) In the First Circuit, courts determining whether nondisclosure is justified under the deliberative process privilege apply a two-step analysis. See, e.g., Texaco P.R., Inc. v. Dep't of Consumer Affairs, 60 F.3d 867, 884 (1st Cir. 1995) (stating that "nondisclosure is not automatic.") First, courts determine whether the "document satisfies the criteria for protection under the deliberative process privilege" and then, in "determining whether to honor an assertion of the privilege," the courts "weigh competing interests." Id. (internal citation omitted); see also Bhatia-Gautier II. These interests can include "the interests of the litigants, society's interest in the accuracy and integrity of fact-finding, and the public's interest in honest, effective government." Id. (internal citation omitted). The February 26 Order is silent in this respect and does not explicitly apply a balancing test, perhaps because the two-stage procedure it contemplates provides opportunities for narrowing of controversies and further input prior to final disclosure decisions. On remand, the Court may consider when, and in what manner, the balancing test is to be applied.

## CONCLUSION

For the foregoing reasons, the Objection is sustained to the extent that the elements of the February 26 Order to which Objections have been asserted are remanded to the Magistrate Judge for further proceedings consistent with this Memorandum Order.

This order resolves Docket Entry Nos. 2707 and 2708.

SO ORDERED.

Dated: New York, New York
      April 24, 2018

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge