### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>As representative of<br><br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Debtor | PROMESA<br>Title III<br><br><br>NO. 17 BK 3283-LTS |

### MOTION FOR RELIEF FROM STAY

**COMES NOW**, Mitchell de Jesús Soto ("Movant"), through the undersigned counsel and very respectfully moves the Court for an Order pursuant to 11 U.S.C. Sec. 362 for relief from the Automatic Stay and, in support of this motion, states as follows:

1. On July 19, 2017 Movant, a police officer and an employee of the Police Department of the Commonwealth of Puerto Rico (the "Commonwealth"), acting *pro se*, filed a civil action with the United States District Court for the District of Puerto Rico against the Commonwealth. Movant, who was qualified to perform the essential functions of his job, alleged discrimination in the terms and conditions of his employment due to his condition of multiple sclerosis and claimed remedies pursuant to the American with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq*. Movant further alleged that the Commonwealth failed to provide the reasonable accommodations requested. Movant intended to seek compensation for all damages suffered as recoverable under the applicable Federal and State statutes. The case was styled

*Mitchell de Jesús Soto v. The Police of Puerto Rico*, USDCPR Case No. 3:17-cv-01979-ADC. It is currently pending before the United States District Court for the District of Puerto Rico.

2. After the filing of the Complaint, on August 28, 2017, the Court appointed the undersigned to represent the Plaintiff *pro bono* in accordance with Local Rule 83(L) (*E.C.F*. No. 8).

3. On November 8, 2017 the Commonwealth filed a *Notice of Automatic Stay and of Procedures for Filing Motions for Relief from the Automatic Stay in the Commonwealth of Puerto Rico's Title III Case* (Docket Entry no. 13 in Case No. 3:17-cv-01979-ADC) to stay the proceedings before the District Court and demanding full compliance with the Order .

4. Movant complied with the provisions of Paragraph III. Q of Section III (Scheduling) of the Case Management Procedures in the instant case, as amended by the Order Further Amending Case Management Procedures (the "Order", Docket Entry no. 1512 in Case No. 17 BK 3283-LTS) regarding the Lift Stay Notice on March 28, 2018. Nevertheless, the Commonwealth determined, in coordination with AAFAF legal representatives to decline the request to modify the stay. See Exhibit 1.

5. Movant seeks relief from the automatic stay to the extent needed to continue litigation in USDCPR Case No. 3:17-cv-01979-ADC, until a final judgment is obtained. He will not seek to collect or enforce any favorable judgment obtained until he is allowed to do so by the Court, and pursuant to the applicable provisions of the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA").

6. If the stay is lifted or modified, Plaintiff intends to amend the Complaint to conform it to the appointed counsel's view of the legal issues involved and the appropriate legal

strategy. This may or may not entail a different approach from the one adopted in the original *pro se* allegations, including but not limited to the assertion of additional claims pursuant to Puerto Rico Act No. 44 of July 2, 1985, P.R. Laws Ann. Tit 1 § 501 (a/k/a "ADITA") and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. Tit 31 § 5141.

7. Movant's civil action arises from federal employment anti-discrimination laws, neither unassociated nor related to the collection of any debt. He seeks compensation for all damages suffered as recoverable under the applicable Federal and State statutes as well as any relief, the Court may deem equitable, just and appropriate for the damages suffered as a result of, *inter alia*, the following:

- The Commonwealth's discriminatory and disparate treatment.
- The adverse impact upon the Plaintiff of the Commonwealth's discriminatory employment practices.
- The Commonwealth's retaliation against the Plaintiff for his involvement in protected activities.
- The alteration of Plaintiff's conditions of employment and the creation of an abusive working environment by the Commonwealth's harassment of the Plaintiff based on his disability or request for accommodation.

8. Courts consider many factors in deciding whether cause exists to lift the automatic stay so that a creditor can pursue pending litigation in another forum. Relevant factors include the interests of judicial economy, the degree of connection or interference with the bankruptcy case, prejudice to the bankruptcy case or other creditors, the presence of non-debtor third parties, the Debtor's misconduct, and the probability that the creditor will prevail in in the pending litigation. *In re Ulpiano Unanue-Casal*, 159 B.R. 90, 95-96 (D.P.R. 1993), aff'd by 23 F.3d 395. (1st Cir. 1994). Here, these factors weigh strongly in the Movant's favor.

9. The term "cause" is determined on a case-by-case basis. Courts have set forth various multifactor tests. *In re Granati*, 271 B.R. 89, 93 (Bankr. E.D. Va. 2001) (four factor

...

test); *In re Johnson*, 115 B.R. 634, 636 (Bankr. D. Minn. 1989) (seven factor test); *In re Pro Football Weekly, Inc.*, 60 B.R. 824, 826 (N.D. Ill. 1986) (three factor test); *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984) (twelve factor test). Courts have relied on only a few factors, or even a single factor, deciding to lift the stay. *"In weighting these factors, this Court does not need to specifically address each of the various factors, but instead only needs to consider those factors relevant to the particular case, and this Court does not need to assign them equal weight." In re R.J. Groover Construction*, LLC, 411 B.R. 460, 464 (S.D. Ga. 2008) (citations omitted). *In re Ulpiano Unanue-Casal*, 159 B.R. 90 (D.P.R. 1993) -- a district court decision that the First Circuit affirmed -- the court took guidance from the following factors:

> (1) Whether the relief will result in a partial or complete resolution of the issues; (2) The lack of any connection with or interference with the bankruptcy case; (3) Whether the non-bankruptcy proceeding involves the debtor as a fiduciary; (4) Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases; (5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) Whether the action primarily involves third parties; (7) Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee or other interested parties; (8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510©; (9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f); (10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties; (11) Whether the non-bankruptcy proceedings have progressed to the point where the parties are prepared for trial; and (12) The impact of the stay on the parties and the "balance of hurt."

159 B.R. at 95-96 (D.P.R. 1993) aff'd by 23 F. 3d 395 (1st Cir. 1994). The court also relied on two additional factors; *i.e.*, the misconduct of the debtor and whether the creditor has a probability of prevailing on the merits. *Id*. at 96.

10. Here, most factors weight in favor of lifting the stay for Movant's employment claim, including the following:

- Plaintiff's action lacks any connection with the bankruptcy proceedings.
- Plaintiff is not an investor, a fiduciary, nor a creditor seeking to take possession of assets of the Estate.
- Plaintiff's action will not interfere with the bankruptcy case and with the Commonwealth's reorganization.
- No great prejudice to the estate would result.
- The litigation in the District Court does not involve bankruptcy law nor require the expertise of the Bankruptcy Court.
- The bankruptcy case will not resolve Plaintiff's claims.
- The relief sought before the District Court would result in a complete resolution of the issues and relieve the Bankruptcy Court from tasks that could be handled elsewhere.
- The interest of judicial economy would be better served.
- The District Court has the expertise to handle these claims.
- The undue hardship of prolonging Movant's employer's unlawful work practices is not necessary for the Commonwealth to successfully complete the bankruptcy.
- Movant's civil action seeks to change employer's behavior towards disabled employees just like him.
- Movant's condition of employment is not related to a debt owed to a creditor.
- The relief sought by the Movant will not have a significant effect on the bankruptcy estate.
- The merits of Movant's claims should be adjudicated by the district court.

11. The bankruptcy case will not resolve Movant's employment discrimination claim. As echoed in the legislative history to § 362(d) (1), Congress believed that *it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.*" H.R. Rep. No.

95-595, at 341 (1977); S.Rep. No. 95-989, at 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836.

12. Litigation of Movant's employment discrimination claim in the district court will not tie up significant estate assets that may be used to satisfy creditors' claims, nor interfere with distribution of assets. The Commonwealth will not the only defendant in the district court, as the undersigned intends to join other defendants upon the modification of the stay and the automatic stay does not apply to non-debtor third parties. Lifting the stay will enable the district court to adjudicate Movant's claim against all defendants in a single proceeding.

13. The Movant is also likely to prevail on the merits of his case. "*Even a slight probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case.*" *In re Tribune Co.*, 418 B.R. 116, 129 (Bankr. D. Del. 2009) (quotation omitted). See also *In re Antonio L. Giordano,* 1:11-bk-13943.

14. The automatic stay of case 3:17-cv-01979-ADC should be lifted pursuant to 11 U.S.C. Sec. 362 (d) (1) for *cause*, including but not limited to reasons stated in this motion for relief from stay. The automatic stay should be lifted pursuant to 11 U.S.C. Sec. 362(d) (2) because the adjudication of Movant's claim in this case is not necessary in this bankruptcy process for an effective reorganization of the Commonwealth either.

WHEREFORE, Movant respectfully requests that the Court enter an order granting relief from the automatic stay allowing Movant to continue his employment discrimination case no. 3:17-cv-01979-ADC currently pending in the District Court and further relief as the Court deems proper.

I HEREBY CERTIFY: That on this day, I electronically filed the foregoing motion with the Clerk of the Court using CM/ECF Filing system which will send notification to the parties and subscribed users.

In San Juan, Puerto Rico, this 27th day of April 2018.

BOBONIS, BOBONIS & RODRIGUEZ POVENTUD
129 DE DIEGO AVENUE
SAN JUAN, PUERTO RICO 00911-1927
TEL. 787-725-7941 FAX 787-725-4245


**/S/ ENRIQUE G. FIGUEROA-LLINÁS**
USDC No. 201709
efl@bobonislaw.com