Exhibit 1

## BOBONIS, BOBONIS & RODRIGUEZ POVENTUD

LAW OFFICES

129 DE DIEGO AVENUE
SAN JUAN, PUERTO RICO 00911-1927

TELEPHONE (787) 725-7941
FACSIMILE    (787) 725-4245
FACSIMILE    (787) 723-7735

March 28, 2018

**BY EMAIL**

Hermann Bauer, Esq.
hermann.bauer@oneillborges.com
Ubaldo M. Fernández Barrera
ubaldo.fernandez@oneillborges.com
O'Neill & Borges LLC
250 Munoz Rivera Ave.
Suite 800
San Juan, PR 00918-1813

Diana M. Pérez, Esq.
dperez@omm.com
O'Melveny & Myers LLP
7 Times Square
New York, New York 10036

Andrés W. López, Esq.
andres@awllaw.com
902 Fernández Juncos Ave.
San Juan, PR 00907

Re: **Mitchell de Jesús Soto v. The Police of Puerto Rico,
USDCPR Case No. 3:17-cv-01979-ADC.**

Dear counselors:

    This is a Lift Stay Notice pursuant to the provisions of Paragraph III. Q of Section III (Scheduling) of the Case Management Procedures in the above-captioned case, as amended by the Order Further Amending Case Management Procedures (the "Order", Docket Entry no. 1512 in Case No. 17 BK 3283-LTS).

    On July 19, 2017 Mr. Mitchell de Jesús Soto (the "Plaintiff"), a police officer and an employee of the Police Department of the Commonwealth of Puerto Rico (the "Commonwealth"), acting *pro se*, filed a civil action with the United States District Court for the District of Puerto Rico against the Commonwealth. Plaintiff, who was qualified to perform the essential functions of his job, alleged discrimination in the terms and conditions of his employment due to his condition of multiple sclerosis and claimed remedies pursuant to the American with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq*. Plaintiff further alleged that the Commonwealth failed to provide the reasonable accommodations requested. The Plaintiff intends to seek compensation for all damages suffered as recoverable under the applicable Federal and State statutes. The case was styled *Mitchell de Jesús Soto v. The Police of Puerto Rico*, USDCPR Case No. 3:17-cv-01979-ADC. Enclosed please find a copy of the *pro se* Complaint.

Case:17-03283-LTS   Doc#:2966-1   Filed:04/27/18   Entered:04/27/18 15:17:57   Desc:
Exhibit Lift Stay Notice and Reply   Page 2 of 10

2

After the filing of the Complaint, on August 28, 2017, the Court appointed the undersigned to represent the Plaintiff *pro bono* in accordance with Local Rule 83(L) (*E.C.F.* No. 8). Due to the state of emergency in the aftermath of hurricanes Irma and María, the undersigned had not been able to meet with the Plaintiff until recently to discuss the case and provide legal counseling. The Complaint filed by the Plaintiff has not been answered.

Thus, in compliance with the Order, please be advised of the following contact information for the Plaintiff:

Mitchell de Jesús Soto c/o
Enrique G. Figueroa Llinás, Esq.
Bobonis Bobonis & Rodríguez Poventud
129 Avenida de Diego
San Juan, PR 00911-1927
Tel. (787) 725-7941; Fax (787) 725-4245
Email efl@bobonislaw.com

On November 8, 2017 the Commonwealth filed a *Notice of Automatic Stay and of Procedures for Filing Motions for Relief from the Automatic Stay in the Commonwealth of Puerto Rico's Title III Case* (Docket Entry no. 13 in Case No. 3:17-cv-01979-ADC) to stay the proceedings before the District Court and demanding full compliance with the Order .

In view of the foregoing, please be advised of the Plaintiff's intent to seek relief from the automatic stay to the extent needed to continue litigation in USDCPR Case No. 3:17-cv-01979-ADC, until a final judgment is obtained. The Plaintiff will not seek to collect or enforce any favorable judgment obtained until he is allowed to do so by the Court, and pursuant to the applicable provisions of the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA").

If the stay is lifted or modified, Plaintiff intends to amend the Complaint to conform it to the appointed counsel's view of the legal issues involved and the appropriate legal strategy. This may or may not entail a different approach from the one adopted in the original *pro se* allegations, including but not limited to the assertion of additional claims pursuant to Puerto Rico Act No. 44 of July 2, 1985, P.R. Laws Ann. Tit 1 § 501 (a/k/a "ADITA") and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. Tit 31 § 5141.

Plaintiff intends to claim redress in the amount of not less than TWO MILLION DOLLARS ($2,000,000.00) for the damages suffered as a result of, *inter alia*, the following:

- The Commonwealth's discriminatory and disparate treatment.
- The adverse impact upon the Plaintiff of the Commonwealth's discriminatory employment practices.
- The Commonwealth's retaliation against the Plaintiff for his involvement in protected activities.

Case:17-03283-LTS   Doc#:2966-1   Filed:04/27/18   Entered:04/27/18 15:17:57   Desc:
Exhibit Lift Stay Notice and Reply   Page 3 of 10

3

- The alteration of Plaintiff's conditions of employment and the creation of an abusive working environment by the Commonwealth's harassment of the Plaintiff based on his disability or request for accommodation.

The stay should be lifted or modified as described for several reasons, including:

- Plaintiff's action lacks any connection with the bankruptcy proceedings.
- Plaintiff is not an investor, a fiduciary, nor a creditor seeking to take possession of assets of the Estate.
- Plaintiff's action will not interfere with the bankruptcy case and with the Commonwealth's reorganization.
- No great prejudice to the estate would result.
- The litigation in the District Court does not involve bankruptcy law nor require the expertise of the Bankruptcy Court.
- The bankruptcy case will not resolve Plaintiff's claims.
- The relief sought before the District Court would result in a complete resolution of the issues and relieve the Bankruptcy Court from tasks that could be handled elsewhere.
- The interest of judicial economy would be better served.
- The District Court has the expertise to handle these claims.

The undersigned will be appearing at an arbitration hearing in New York City between February 22 and March 8, 2018. Arrangements for the meeting or telephonic conference required under the terms of the Order should be made after the latter date.

Please contact the undersigned in case of any question.

Cordially,

Enrique G. Figueroa Llinás

Enclosure

Case:17-03283-LTS   Doc#:2966-1   Filed:04/27/18   Entered:04/27/18 15:17:57   Desc:
Exhibit Lift Stay Notice and Reply   Page 4 of 10
Case 3:17-cv-   979-ADC   Document 2   Filed 07/   17   Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MITCHELL E. DE JESUS SOTO.

Plaintiff

V.

THE POLICE OF PUERTO RICO

Defendant (s)

CIVIL NO. 17-cv-1979(ADc

COMPLAINT

1- Statement of Jurisdiction

Im constant discriminated for my health conditions ( diagnosis of Multiple Sclerosis).

• The Defendant consecutively changes my turns hours , and when I solicited my Vacations first said that I doesn't have the days ( and I have the balances to take the Vacations. First their approve me 15 days, then 20 days. But its 30 days , and for me their doesn't let me take the 30 days.
• The constant persecution of the Supervisor Haybed Rivera Ortiz, includes the eventos of enter to the gentleman bathroom.
• Doesn't gave me the off days that i request ( weekends), when others Polices without any Medical conditions or Family commitments have the weekends regularly fixed. Also doestn gave my reasonable modifications.

II- Statement of the Parties

Plaintiff:

Mitchell E. De Jesus Soto
PO BOX 1063
Patillas, PR 00723

Case:17-03283-LTS  Doc#:2966-1  Filed:04/27/18  Entered:04/27/18 15:17:57  Desc:
Exhibit Lift Stay Notice and Reply  Page 5 of 10
Case 3:17-cv  979-ADC  Document 2  Filed 07/  17  Page 2 of 4

Defendant:

Agency Executive Michelle Fraley
Head Quarters
Cuartel General
601 Ave. Roosevelt Hato Rey
San Juan, PR
00936-8166


III- Statement of Claims:
I Was consecutively discriminated for the Supervisors of the Comandancia of Guayama.

They doesn't approve Vacations when I request, they doesn't approve the free  days that I
request , when I inquiry days for my Medical appointments its very difficult, they wants that
wrote a Communication explain in it which day and with what Medical Office and Also show the
evidence of this appointment.

 They doesn't approve me the Bank Deposit of my salary. Im having the days but they said that
doesn't have the days.

IV- Statement of Relief:

 I suffer a lot of stress for this situation. The supervisors knows that my Medical  conditions that
needs to be  peaceful environment. They consecutively harass me , treats me  like i am a dumb
and mental illness person. Sometimes my health Was engaged for this stressful and hostile
environment. Im very upset. I Want a economical compensation for all the suffering that i pass
since I reincorporate. Also wants that the supervisors stop doing harrasme .

Case:17-03283-LTS   Doc#:2966-1   Filed:04/27/18   Entered:04/27/18 15:17:57   Desc:
Exhibit Lift Stay Notice and Reply   Page 6 of 10
Case 3:17-cv⬭979-ADC   Document 2   Filed 07/⬭17   Page 3 of 4

The reason why I need to settle at the federal attorney it's because I am object of consecutively discrimination. For my diagnosis of Multiple Sclerosis my co-workers and bosses makes derision.

I was in my job last day on October 20, 2011. I was operated by a neurosurgeon on October 21, 2011. I was on a sick license during the following term: October 21, 2011 to April 24, 2015. On Aprilm24, 2015 I comes to receive my First evaluation on the Medical Patrol. I show the evidence of my neurólogo. He read but dont shows the attention about it.

On May 2015 I express that I need an evening hourly for makes arrangements to my medical appointments.  But in response Mr. Anthony Ortiz Santana  responds that I need to embrace the Retirement.

On July 15, 2015 the patron medical makes an evaluation and gave temporary reasonable accommodations with a diagnosis of multiple sclerosis.

On July 17, 2015 the Supervisor begins changes me different turns of work: 3:00 am to 11:00 am, then 11:00 am to 7:00 pm and 7:00 pm to 3:00am.  I was working in these schedule changes hours for 3 moths consecutively.

When before I was reincorporated I have the recommendations of my specialist Dr. Angel Chinea Martinez to the Medical Office of the Patron. This first time was on April 2015. They evaluated but assign me to incorporate on the Comandancia de Guayama without any accommodations.

On November 23, 2015 the Supervisor Sgto. Haybed Rivera Ortiz walks and following to me at the gentleman bathroom.  And she enters.  Then the next day on November 24, 2015 all the Bosses of my division makes me a conference meeting (see the communication #SAOCCG-CM3878). In this meeting was:

Captain Rafael Diaz Casiano, Commander Robinson Vazquez and the Sergeant Haybed Rivera Ortiz.

On this meeting the Captain Rafael Diaz Casiano begins to tremble without a lot of angry when I expose my approaches on each allegations of the Sgt. Haybed Rivera Ortiz.

The purpose of this meeting was to say that I'm insubordinate. I was claiming that Sgt. Haybed Rivera Ortiz doesn't need to enter to a gentle man bathroom to look for me. And she argues to me saying that I was disrespect her, and I express that's she was disrespect me. She told that I need to inform each time that I comes to the bathroom to her. I told that not. And less when the bathroom of this area doesn't are useful. I need to use one with the facilities and hygienic conditions and for that reason I walk to use the baths of the other floors of the Command. Then she indicates that the real reason that she comes to search me was because I order the lunch and the delivery person was waiting long time. And she says that she pays the person. A week after, the same person comes asking me if can pay him the lunch because no body's paid for me my lunch.  I gave the money to the person. And confirms that she doesn't paid nothing.

In this same meeting the Inspector Rafael Diaz Casiano notififies me that I have off the Thursdays and Fridays permanently. I dont have the weekends off like my others co-workers. Also notifies me that he doesnt Wants to see me in any "Bar".

Case:17-03283-LTS   Doc#:2966-1   Filed:04/27/18   Entered:04/27/18 15:17:57   Desc:
Exhibit Lift Stay Notice and Reply   Page 7 of 10
Case 3:17-cv___979-ADC   Document 2   Filed 07/__17   Page 4 of 4

On the following days Haybed Rivera makes comments and complaints with other co-workers about me. That I doesn't understand the new system, treat me like if I'm a dumb person. All of these negative comments she makes when I was only one month of reincorporated.

On June 11, 2017 was the plebiscite. With all my medical recommendations the bosses send me to work to beef up on the School of the Cayey District.

This school was abdicated far away distance: Barrio Cedro. Also in the primary elections on 2016 I was abdicated on the Junta de Inscription Permanente also in Cayey.

The last event was on May 3, 2017 during my labor hours: 11:00am-7:00 pm. Haybed Rivera Ortiz calls me in a very angry voice screams to my arguing why I use a chair that its storage in a room. This chair was donated for me (the Intelligence Office of the CIC, Guayama Regional Office, because all the chairs in my work are in very precarious conditions. Those chairs are donated from the Federal Office (DEA). I explain to her that the Sgt. Marilyn Torres gave me the authorization to use that chair because are in better condition for doing my job.

Sgt. Haybed reclaims that I doesn't have her authorization to use it. She orders that chair disappear of the area. For that consequence my health begins to exarcevated.

I inform the situation immediately to her supervisor Benny Espada. Then recommends that needs to inform to Commander Robinson Vazquez Candelario. On May 23 I suffer a drop in my labor hours for using a chair in very bad conditions. I open a case in the CFSE for my chronic pain in the back for doesn't have the chair. The number of the case is: #17-28-43919-3.

.All about this time the Supervisors divulge on my job information with the others co-workers about my diagnosis. Also when I make a report on the EEOC they begin to spread that I make a civil lawsuit action to the Puerto Rico Police Department .

Mitchell E. De Jesús Sotr

July 19, 2017

## Enrique Figueroa

| | |
|---|---|
| **From:** | Claudia Juan Garcia [cjuan@justicia.pr.gov] |
| **Sent:** | Friday, April 06, 2018 2:02 PM |
| **To:** | Enrique Figueroa |
| **Cc:** | Wandymar Burgos Vargas; Iván J. Ramírez Camacho |
| **Subject:** | RE: Mitchell de Jesús Soto v. The Police of Puerto Rico (USDCPR Case No. 3:17-cv-01979-ADC) |

Enrique G. Figueroa Llinás
Bobonis, Bobonis & Rodríguez Poventud
129 Avenida de Diego
San Juan, PR 00911-1927
Tel. (787) 725-7941 / Fax (787) 725-4245
efl@bobonislaw.com

Dear counsel:

As per the new protocol, which requires that all parties seeking to file a motion for relief from the Title III Stay (a "*Stay Relief Motion*") comply with Paragraph III.Q of the Case Management Procedures and provide 15 business days' notice of such motion to the Oversight Board and AAFAF and meet and confer with the Commonwealth before filing a Stay Relief Motion, the Department of Justice/Commonwealth of Puerto Rico acknowledges receipt of movant's notice informing his intention of filing a lift of stay before the Bankruptcy Court that is handling the PROMESA case. After having the opportunity to evaluate movant's allegations and the information provided by the Commonwealth's legal representatives, the Commonwealth has determined, in coordination with AAFAF legal representatives, that the best course of action in this case is **to decline the request to modify stay due to procedural stage of action, which is still in the preliminary phase.**

Please, **confirm receipt** of this electronic mail.

If you have any questions, feel free to contact me.

Cordially,

---

**From:** Enrique Figueroa [mailto:efl@bobonislaw.com]
**Sent:** Wednesday, March 28, 2018 4:58 PM
**To:** Claudia Juan Garcia
**Cc:** Perez, Diana M.; Wandymar Burgos Vargas; Ivan Garau (ivan.garau@aafaf.pr.gov); lmarini@mpmlawpr.com; cvelaz@mpmlawpr.com
**Subject:** RE: Mitchell de Jesús Soto v. The Police of Puerto Rico (USDCPR Case No. 3:17-cv-01979-ADC)

Received. Thank you.

---

**From:** Claudia Juan Garcia [mailto:cjuan@justicia.pr.gov]
**Sent:** Wednesday, March 28, 2018 4:55 PM
**To:** Enrique Figueroa
**Cc:** Perez, Diana M.; Wandymar Burgos Vargas; Ivan Garau (ivan.garau@aafaf.pr.gov); lmarini@mpmlawpr.com; cvelaz@mpmlawpr.com
**Subject:** RE: Mitchell de Jesús Soto v. The Police of Puerto Rico (USDCPR Case No. 3:17-cv-01979-ADC)

Dear Counsel:

I acknowledge receipt of your Notice informing your intention of filing a motion to lift the automatic stay before the United States District Court of Puerto Rico (Taylor Swain, D.J.). We will review the Notice and circle back with you.

Please, **confirm receipt** of this electronic mail.

If you have any questions, feel free to contact me.

Cordially,

**Lcda. Claudia A. Juan García**
**Fiscal Auxiliar III**
**División de Recursos Extraordinarios y Política Pública**
Departamento de Justicia
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tél. (787) 721-2900, ext. 2603
cjuan@justicia.pr.gov



AVISO DE CONFIDENCIALIDAD: Esta difusión de correo electrónico y cualquier documento adjunto contiene información que le pertenece al remitente, la cual podría ser confidencial y privilegiada. Esta información está dirigida al uso exclusivo del individuo o la entidad a la cual se le remitió este correo electrónico, según arriba indicado. Si usted no es el destinatario pretendido, cualquier divulgación, reproducción, distribución, u otra acción tomada al tenor del contenido de la información comprendida en esta difusión, está estrictamente prohibida. Si usted ha recibido por error esta difusión, favor comunicarse con la Lcda. Claudia Juan-García al (787) 721-2900, ext. 2196 y elimine este mensaje.

**"Para tener éxito no tienes que hacer cosas extraordinarias, tienes que hacer cosas ordinarias extraordinariamente bien".**

**From:** Enrique Figueroa <efl@bobonislaw.com>
**Date:** March 28, 2018 at 4:33:02 PM EDT
**To:** "hermann.bauer@oneillborges.com" <hermann.bauer@oneillborges.com>, "dperez@omm.com" <dperez@omm.com>, "ubaldo.fernandez@oneillborges.com" <ubaldo.fernandez@oneillborges.com>, "andres@awllaw.com" <andres@awllaw.com>
**Subject:** Mitchell de Jesús Soto v. The Police of Puerto Rico (USDCPR Case No. 3:17-cv-01979-ADC)

Dear counselors:

Enclosed please find a Lift Stay Notice and its addendum pursuant to the provisions of Paragraph III. Q of Section III (Scheduling) of the Case Management Procedures in the above-captioned case, as amended by the Order Further Amending Case Management Procedures (the "Order", Docket Entry no. 1512 in Case No. 17 BK 3283-LTS).

Cordially,

Enrique G. Figueroa Llinás

Bobonis, Bobonis & Rodríguez Poventud
129 Avenida de Diego
San Juan, PR 00911-1927
Tel. (787) 725-7941 / Fax (787) 725-4245