# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Debtor | PROMESA<br>TITLE III<br>Case No. 17 BK 3283-LTS |
| In Re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTOHORITY<br><br>Debtor | TITLE III<br>No. 17 BK 4780-LTS<br><br>Court Filing Relates Only to PREPA and Shall only be Filed Case No. 17- BK-4780 (LTS) and Main Case 17- BK-3283 (LTS) |

**REPLY TO PREPA'S OBJECTIONS TO MOTION FOR RELIEF OF STAY**

TO THE HONORABLE COURT:

**COMES** NOW Wide Range Corporation ("Movant" or "WR"), through the undersigned counsel and very respectfully states and prays:

1. On April 6, 2018, Movant filed a Motion for Relief of Stay requesting this Court to modify the stay imposed by Section 362 of the Bankruptcy Code so that it may continue the Commonwealth Court litigation, provided that it will not execute against any assets of the estate, without further order of this Court. Dkt. 2852.

2. In attention to the Motion for Relief of Stay, on that same date, this Honorable Court entered an "Order Scheduling Briefing of Motion for Relief from Stay", setting, among other things, the deadlines for the filing of opposition and reply papers. Dkt. 2854.

2

3. On April 20, 2018, PREPA filed Objection to WR's Motion for Relief of Stay. Dkt. 2934. On its Opposition, PREPA asserted that WR has failed to show that "cause" exists to lift or modify the automatic stay and that "…WR has failed to show "cause" exists to lift or modify the automatic stay." Page 3.

4. WR reiterates and incorporates by reference all its arguments for lifting of the stay contained in its Motion. Dkt. 2852. However, WR wants to point out particularly how the harm that would result to WR from the continuation of the stay would outweigh any harm that might be suffered by PREPA if the stay is not lifted. WR reiterates its request to this Honorable Court to lift or modify the stay of its state action, because it has cause to permit the liquidation of a claim in a different court in a pending action (*In re Murray Industries, Inc.*, 121 B.R. 635, 636 (Bankr. M.D. Fla. 1990) and that cause for relief does not exist under § 362 (d). *In re Anton*, 145 B.R. 767, 769 (Bankr. E.D.N.Y. 1992).

5. If this Honorable Court does not lift or modify the stay, WR would not be able to obtain a decision finding that: (a) when the last transformers were delivered to PREPA on February 15, 2013, the contracted job was at 99% of completion; (b) the delays were minimal and not attributable to WR; and, (c) the delay penalties imposed by PREPA did not proceed, so said administrative decision should be vacated. If WR cannot obtain such decision, its record before PREPA will continue to incorrectly show that Movant WR incurred in delays in its compliance with the purchase orders, hence harming its commercial reputation.

6. This Honorable Court should consider that one of the factors that are greatly weigh by PREPA and other principals when evaluating a company for any of their bidding, is the feedback from provided references and the company's reputation (i.e. previous success executing

3

similar works). See, https://new.reorgresearch.com/data/documents/20180416/5ad515301d2e6 page 10, Background and Financial Information (10%), which includes feedback from provided references and company's reputation - previous success executing similar works.

7. Despite the foregoing, if PREPA agrees to voluntarily remove from WR's record the delays erroneously imposed upon it, then WR's request would turn moot and it would have no other recourse, but to wait for this court to make a decision as to the amount of money it could be entitled within the same class of creditors. WR respectfully requests that this Court orders PREPA to express its position regarding this option.

### *Other Factors*

8. WR's respectful opinion is that PREPA failed to effectively oppose its showing of cause to lift the automatic stay with respect to its cause of action and remedies sought in its State Action. **First**, PREPA was unable to establish a significant prejudice to the bankruptcy estate as a result of the continuation of the State Action, inasmuch as WR would not take any steps to execute any judgment against assets of the estate. **Second**, the potential prejudice or hardship to WR if the automatic stay is not lifted by this Honorable Court considerably outweighs any potential hardship to PREPA, as previously discussed. **Third**, WR has a great probability of prevailing on the merits on its state court action, since when the last transformers were delivered to PREPA on February 15, 2013, the contracted job was at 99% of completion; and, the delays were minimal and not attributable to WR.

9. PREPA claims, by citing *In re Tuab*, 413 B.R. 55, 62, that WR's argument that the relief would result in complete or partial resolution of the issues is mistaken since"[t]he first Sonnax factor…focuses on whether allowing the litigation to proceed would expeditiously

4

resolve issues relevant to the bankruptcy case." Dkt. 2934, page 6. However, not only will the issues between WR and PREPA, which are object of the State Action, be resolved through the lifting of the automatic stay, but the conclusion of the case could also resolve the question of quantification of PREPA's financial liability to Movant, while the Title III stay would continue to apply in all other respects to the prepetition action including, but not limited to, the execution and enforcement of any judgment for damages and provisional remedies.

10. As to the factor of whether "that tribunal has expertise to hear such cases", PREPA argues that "the WR Action and the Court of First Instance of Puerto Rico do not qualify: it is a contractual dispute being litigated in a state court of general jurisdiction." Dkt. 2934, page 8. WR's respectful opinion is that, even though its state action mostly entails the interpretation of the law and the applicable case law, the most expeditious and economical process for the parties leads to the resolution of the State Action before the local court. Specially, since the alternative option would entail the litigation of such matters before this Honorable Court, which would be tantamount to involving this Honorable Court in matters that require the application of local laws, concepts and its interpretative local case law. In addition, and as it has been repeatedly noted by the Honorable Bankruptcy Court throughout its case law, "[t]he legislative history to section 362(d)(1) emphasizes the section's applicability to proceedings in another forum: "**It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere**." *In re Consol. Distribs.*, 2013 Bankr. LEXIS 3101, citing H.R.Rep. No. 595, 95th Cong., 1st Sess., 341 (1977), U.S. Code & Admin.

5

News 1978, pp. 5787, 5297. (Emphasis ours). Therefore, this factor favors lifting the automatic stay and for WR to continue with its State Action before the local court.

**WHEREFORE**: Movant WR respectfully requests from this Honorable Court the lift or modification of the stay imposed by Section 362 of the Bankruptcy Code to allow WR to continue the Commonwealth Court litigation of all issues which are governed by Puerto Rico law and avoid irreparable harm to its commercial reputation by PREPA's records erroneously showing delays in the execution of similar works provided, however, that Movant will not execute against any assets of the estate, without further order of this Court.

**RESPECTFULLY SUBMITTED**.

**I HEREBY CERTIFY** that on this date, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

In San Juan, Puerto Rico, this April 27th, 2018.

**S/Henry Vázquez Irizarry**
USDC No. 205011
Bufete Vázquez Irizarry, CSP
Urb. Villa Fontana Park
Calle Parque Luis M. Rivera 5 HH6
Carolina, PR 00983
Tel. (787) 724-7514 / 787-645-2241
Fax (888) 518-1318
hvilaw@gmail.com