UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO,<br>et al., | (Jointly Administered) |
| Debtors.[1] | |

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 4780-LTS |
| | **This order relates to PREPA and shall be filed in the lead Case No. 17 BK 3283-LTS and Case No. 17 BK 4780-LTS** |
| PUERTO RICO ELECTRIC POWER<br>AUTHORITY, | |
| Debtor. | |

-------------------------------------------------------------x

MEMORANDUM ORDER DENYING WIDE RANGE CORPORATION'S
MOTION FOR RELIEF FROM STAY (DOCKET ENTRY NO. 2852)

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Before the Court is a motion filed by Wide Range Corporation (the "Movant") for relief from the automatic stay imposed by the filing of the above-captioned Title III case on a breach of contract lawsuit regarding the imposition of delay penalties in connection with two purchase orders, commenced in the Court of First Instance in San Juan, Puerto Rico, captioned <u>Wide Range Corporation v. Autoridad de Energía Eléctrica</u>, Civil Case # K AC2016-1247 (806) (the "Lawsuit"), by Movant against the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"). For the following reasons, the Motion is denied.

BACKGROUND

Movant, the named Plaintiff in the Lawsuit, seeks to continue to prosecute the Lawsuit through entry but not execution of judgment. (Case No. 17-3283, Docket Entry No. 2852, Motion for Relief of Stay (the "Motion"), ¶¶ 3, 9.) In the Lawsuit, Movant seeks reimbursement of $500,000 in delay penalties and related relief. (<u>Id.</u> ¶ 5, 6.) As to the status of the case prior to imposition of the stay, Movant asserts that "the pending depositions were the only pending discovery," PREPA had a deadline to oppose Movant's summary judgment motion, and pre-trial and settlement conferences had been scheduled. (<u>Id.</u> ¶ 17.) Movant further asserts that relief from the automatic stay is appropriate for the following reasons: (i) depositions were the only pending discovery, (ii) continuation of the Lawsuit would not interfere with PREPA's Title III case, and (iii) continuation of the Lawsuit will permit Movant to resolve the quantification of PREPA's liability to Movant. (<u>Id.</u>) Movant further asserts that its commercial reputation will be harmed because PREPA's records will show that Movant did not fulfill its purchase orders in a timely fashion. (<u>Id.</u> ¶ 18; Movant's Reply, ¶ 6.) On April 20, 2018, PREPA filed its objection (the "Debtor's Objection") to the Motion. (Case No. 17-3283, Docket Entry

No. 2934; Case No. 17-4780, Docket Entry No. 804.) On April 27, 2018, Movant filed a reply to the Debtor's Objection (the "Movant's Reply"). (Case No. 17-3283, Docket Entry No. 2970.) The Court has reviewed the submissions thoroughly.

The Debtor argues that the Motion must be denied for several reasons, including interference with the "breathing space" needed by the Debtor to rebuild PREPA's infrastructure and restore power to the people of the Commonwealth which is essential to PREPA's Title III case. The Debtor further cites burdens on Debtor resources that would be occasioned by resumption of the litigation of the Lawsuit. Specifically, the Debtor disputes Movant's assertions that written discovery was almost complete and depositions were about to begin prior to the Title III filing. The Debtor argues that it must gather records to answer interrogatories, respond to document production requests, cover depositions of numerous current and former employees and respond to Movant's summary judgment papers, all of which would divert the already strained and limited resources of the Debtor, its management and its representatives.

## DISCUSSION

Section 362(a) of the Bankruptcy Code, made applicable by Section 301(a) of PROMESA, 48 U.S.C. § 2161, imposes an automatic stay on "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . ." 11 U.S.C. § 362(a)(1); see also PROMESA § 301(a) (incorporating 11 U.S.C. § 362 into Title III cases). Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay,

courts in this district rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e,g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," "whether litigation in another forum would prejudice the interests of other creditors," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

The Sonnax criteria do not weigh in Movant's favor with respect to the continuation of the Lawsuit. Continuation of the Lawsuit, in which neither discovery nor dispositive motion practice has been completed, would not necessarily result in an expeditious resolution of Movant's claims. Thus, the requested relief from the automatic stay would not result in a complete or materially significant partial resolution of Movant's claims against PREPA. Nor would the requested relief advance in any material way the progress of PREPA's PROMESA Title III debt adjustment proceedings. Moreover, Movant's liability claim and any attendant factual and equitable issues relevant to relief can be adjudicated within the context of this Title III proceeding. For the same reasons, relief from stay to continue the Lawsuit would not serve the interests of judicial economy or the economical resolution of Movant's dispute with PREPA. Furthermore, the continuation of the Lawsuit would prejudice PREPA at a time when its resources are constrained by requiring the expenditure of PREPA's already depleted resources (both financial and personnel) and diverting attention from the reconstruction of PREPA's

electrical grid and future planning. The hardship to PREPA of devoting its legal and management resources to litigation of liability and penalties in connection with past purchase orders at a time when it must focus on the restoration and strengthening of the power infrastructure for the vast majority of Puerto Rico's residents and businesses outweighs the burden on Movant the pendency of the controversy regarding timeliness of its performance, and of delay of resolution of its financial claim, a burden which is shared with other creditors. The Motion is, accordingly, denied.

## CONCLUSION

For the foregoing reasons, Movant's motion is denied and the automatic stay of the Lawsuit continues in place. See 11 U.S.C. § 362(a). This Memorandum Order resolves docket entry no. 2852 in case no. 17-3283.

In light of Movant's expressed concerns regarding the potential impact on its commercial prospects of the unresolved controversy as to whether there was a factual basis for the delay penalties, the Court encourages the parties to meet and confer promptly to seek to develop a mutually acceptable statement regarding the nature and pendency of the stayed litigation that can be used in connection with reference inquiries as Movant bids for business. The parties must file a joint status report concerning their efforts by June 4, 2018.

SO ORDERED.

Dated: April 30, 2018

 /s/ Laura Taylor Swain  
LAURA TAYLOR SWAIN  
United States District Judge