UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO,<br>et al., | (Jointly Administered) |
| Debtors.[1] | |

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 4780-LTS |
| | **This order relates to PREPA and shall be filed in the lead Case No. 17 BK 3283-LTS and Case No. 17 BK 4780-LTS** |
| PUERTO RICO ELECTRIC POWER<br>AUTHORITY, | |
| Debtor. | |

------------------------------------------------------------x

MEMORANDUM ORDER DENYING MASTER LINK CORPORATION'S
MOTION FOR RELIEF FROM STAY (DOCKET ENTRY NO. 2850)

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Before the Court is a motion filed by Master Link Corporation (the "Movant") for relief from the automatic stay imposed by the filing of the above-captioned Title III case on a breach of contract lawsuit seeking damages, and declaratory and injunctive relief, commenced in the Court of First Instance in San Juan, Puerto Rico, captioned <u>Master Link Corporation v. Autoridad de Energía Eléctrica</u>, Civil Case No. K AC2016-0818 (604) (the "Lawsuit"), by Movant against the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"). For the following reasons, the Motion is denied.

## BACKGROUND

Movant, the named Plaintiff in the Lawsuit, seeks to continue to prosecute the Lawsuit through the entry but not execution of judgment. (Case No. 17-3283, Docket Entry No. 2850, Motion for Relief of Stay (the "Motion"), ¶ 3.) In the Lawsuit, Movant seeks over $4.5 million in damages, and injunctive and other declaratory relief, in connection with a contract (the "Contract") entered into by and between Movant and PREPA on January 3, 2011, for the rehabilitation of the Municipality of Culebra's power station facilities. (<u>Id.</u> ¶ 4.) Movant seeks to continue the Lawsuit, to, among other things, obtain a damage award, void PREPA's termination of the Contract and suspension of Movant from PREPA's Suppliers Registry, and obtain an order directing PREPA to permit Movant to complete the construction contemplated under the Contract. (<u>Id.</u> ¶ 5.) Movant asserts in the Motion that "written discovery was almost completed and depositions were about to commence" and that Movant's summary judgment motion "was unopposed." (<u>Id.</u> ¶ 7.) Movant further asserts that relief from the automatic stay is appropriate for the following reasons, among others: (i) depositions were the only pending discovery and a schedule had been set for PREPA's opposition to Movant's summary judgment

motion, (ii) continuation of the Lawsuit would not interfere with PREPA's Title III case and would instead potentially assist with the recovery if Movant were to prevail and be permitted to complete its contract for Culebra, and (iii) continuation of the Lawsuit will permit Movant to quantify its claims against PREPA. (Id. ¶ 14.) On April 20, 2018, PREPA filed its objection (the "Debtor's Objection") to the Motion. (Case No. 17-3283, Docket Entry No. 2935; Case No. 17-4780, Docket Entry No. 805.) On April 27, 2018, Movant filed a reply to the Debtor's Objection (the "Movant's Reply"). (Case No. 17-3283, Docket Entry No. 2975.) In Movant's Reply, it asserts that the continuation of the automatic stay threatens it with reputational and financial harm, including execution of a performance bond that could increase the amount of work done to finish the job and, concomitantly, Movant's financial exposure. The Court has reviewed the submissions thoroughly.

The Debtor argues that the Motion must be denied for several reasons, including interference with the "breathing space" needed by the Debtor to rebuild PREPA's infrastructure and restore power to the people of the Commonwealth, which is essential to PREPA's Title III case. The Debtor further cites burdens on Debtor resources that would be occasioned by resumption of the litigation of the Lawsuit. Specifically, the Debtor disputes Movant's assertions that written discovery was almost complete and depositions were about to begin prior to the Title III filing. The Debtor argues that it must prepare pre-trial briefing, respond to Movant's summary judgment motion, prepare and attend depositions and engage in expert discovery, all of which would divert the already strained and limited resources of the Debtor, the Debtor's management, and its representatives.

## DISCUSSION

Section 362(a) of the Bankruptcy Code, made applicable by Section 301(a) of PROMESA, 48 U.S.C. § 2161, imposes an automatic stay on "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . ." 11 U.S.C. § 362(a)(1); see also PROMESA § 301(a) (incorporating 11 U.S.C. § 362 into Title III cases). Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e,g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," "whether litigation in another forum would prejudice the interests of other creditors," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

The Sonnax criteria do not weigh in Movant's favor with respect to the continuation of the Lawsuit. Continuation of the Lawsuit, in which neither discovery nor dispositive motion practice has been completed, would not necessarily result in an expeditious resolution of Movant's claims. Thus, the requested relief from the automatic stay would not

likely result in a complete or materially significant partial resolution of Movant's claims against PREPA in the near term. Nor, notwithstanding Movant's suggestion that an eventual court victory might put it in a position to complete the work on Culebra, would the requested relief advance in any material way the progress of PREPA's PROMESA Title III debt adjustment proceedings, since the restoration of the power infrastructure and forward planning for PREPA are the current focus of PREPA's activity. Movant's financial claim and any attendant factual and equitable issues relevant to relief can be adjudicated within the context of this Title III proceeding. For the same reasons, relief from stay to continue the Lawsuit would not serve the interests of judicial economy or the economical resolution of Movant's dispute with PREPA. Furthermore, the continuation of the Lawsuit would prejudice PREPA at a time when its resources are constrained by requiring the expenditure of PREPA's already depleted resources (both financial and personnel) and diverting attention from the reconstruction of PREPA's electrical grid, which was destroyed by Hurricane Maria. The hardship to PREPA of devoting its legal and management resources to litigation of the Lawsuit at a time when it must focus on the restoration of power and strengthening of the energy infrastructure for the vast majority of Puerto Rico's residents and businesses outweighs the burden on Movant of delay of resolution of its claim and the impact on its own business plan, a burden which is shared with other creditors.

## CONCLUSION

For the foregoing reasons, Movant's motion is denied and the automatic stay continues in place. See 11 U.S.C. § 362(a). This Memorandum Order resolves docket entry no. 2850 in case no. 17-3283.

In light of Movant's expressed concerns regarding the potential impact on its commercial prospects of the unresolved controversy as to whether there was a factual basis for termination and the potential for exposure to increased liability from execution of Movant's performance bond, the Court encourages the parties to meet and confer promptly to seek to develop a mutually acceptable resolution of the outstanding performance bond issue or, at minimum, an agreed statement regarding the nature and pendency of the stayed litigation that can be used in connection with inquiries as Movant bids for business. The parties must file a joint status report concerning their efforts by June 4, 2018.

SO ORDERED.

Dated: May 1, 2018

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            United States District Judge