UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>DEBTORS | PROMESA<br>TITLE III<br><br><br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY<br><br>DEBTORS | PROMESA<br>TITLE III<br><br><br><br>No. 17 BK 4780-LTS |

**MOTION FOR PARTIAL LIFT OF STAY**

COMES NOW creditor, Autonomous Municipality of Ponce (herein AMP), through its undersigned counsel and very respectfully states and prays:

1. Pursuant to Paragraphs III.Q and III.U of Section III (Scheduling) of the Case Management Procedures, as amended by Order Further Amending Case Management Procedures (docket no. 1512), and subject to Paragraphs III. F and III.T, at least fifteen (15) business days prior to filing a Stay Relief Motion to continue a prepetition ordinary course civil action against a Debtor, the movant shall contact counsel for the Oversight Board

and AAFAF by electronic-mail to advise them of the movant's intent to seek relief from the automatic stay (the "Lift Stay Notice" and the notice period, the "Lift Stay Notice Period").

2. The Lift Stay Notice shall include (i) the identity of the movant and its contact information, (ii) the claim(s), lawsuit(s), or other proceeding(s) for which movant seeks relief from the automatic stay, including the relevant case number and court information, (iii) the amount of the claim(s) and the asserted causes of action, (iv) a brief description of the status of the underlying claim(s), lawsuit(s), or proceeding(s), and (v) cause as to why the stay should be lifted.

3. If (i) the Debtors disagree with the movant's request for relief from the automatic stay and/or (ii) the Lift of Stay Notice Period expires without the parties reaching an agreement governing the scope of the relief from the automatic stay, then the movant may file a Stay Relief Motion pursuant to Case Management Procedures. Such Stay Relief Motion must include a certification that the movant has met and conferred with the Debtors regarding the requested relief.

4. Movant, AMP, in compliance with the above mentioned Order Further Amending Case Management Procedures, submits an unsworn statement under penalty of perjury certifying the undersigned counsel has taken the necessary steps to confer and/or meet Debtor's counsel and no agreement was reached within the 15 working days that pass away on April 27, 2018. (See Exhibit I).

**Commented [CF1]:**

## I. INTRODUCTION

5. On May 3, 2017 Debtor Commonwealth of Puerto Rico (hereinafter "ELA") by its representative and pursuant to section 315 of the Puerto Rico Oversight, Management, and Economic Stability Act (hereinafter "PROMESA"), the Financial Oversight and Management Board for Puerto Rico filed a voluntary petition in the United States District Court for the District of Puerto Rico under Title III of PROMESA seeking relief from creditors.

6. On May 21, 2017 Debtor Puerto Rico Highway and Transportation Authority (hereinafter "HTA") by its representative and pursuant to section 315 of the Puerto Rico Oversight, Management, and Economic Stability Act (hereinafter "PROMESA"), the Financial Oversight and Management Board for Puerto Rico filed a voluntary petition in the United States District Court for the District of Puerto Rico under Title III of PROMESA seeking relief from creditors.

7. On July 2, 2017 Debtor Puerto Rico Electric Power Authority (hereinafter "PREPA") by its representative and pursuant to section 315 of the Puerto Rico Oversight, Management, and Economic Stability Act (hereinafter "PROMESA"), the Financial Oversight and Management Board for Puerto Rico filed a voluntary petition in the United States District Court for the District of Puerto Rico under Title III of PROMESA seeking relief from creditors.

## II. BACKGROUND

8. On October 28, 1992 the AMP subscribe with ELA, and some of the Instrumentalities and Public Corporations, include Debtors HTA and PREPA, and Agreement for the Development of Projects Schedules between the Central Government and the Municipality of Ponce (herein the Agreement), and a proper permits was issue and approve by the Planning Board of Puerto Rico. In matter pertinent to the present background, after the election of 1992 the new Government change the instruction to the Public Instrumentalities and Corporations and they withdraw from all the projects. On October 28, 1993, AMP file the case of reference and after fifteen (15) days of trial the Court of First Instance Of Puerto Rico, on June 24, 1996, Granted the complaint and Order all the Instrumentalities to fulfill all the projects as the Agreement and because of the complexity that involve in complying with all those projects also Order to appointing a Special Commissioner who audit all projects until its finish Delivered, accepted in accordance and also the State Court of First Instance award damages on behalf of AMP. (see exhibit II) The Appellative Court and the Supreme Court of Puerto Rico confirm in part and bifurcate the case and order an evidentiary hearing for damages after the completion of all works (see exhibit III). In December 2004, Debtor ELA and AMP comes to a settlement on damages in the amount of 34 million dollars, (see exhibit IV) of which AMP receive 9 million on a date before 2004 and there is another amount pending.

## III. RELIEF REQUESTED

9. Movant seeks a modification of the stay imposed by Section 362 of the Bankruptcy Code so that it may continue the Commonwealth Court after the judgement procedures in, the

"Ponce en Marcha" case in order to fulfill all the construction works accordingly to the judgment but after the completion, stay the damages evidentiary hearing.

## IV APPLICABLE LAW

10. Section 362(d)(1) of the Bankruptcy Code (11 U.S.C. §362(d)(1)) reads as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -- (1) for cause, including the lack of adequate protection of an interest in property of such party in interest…

11. The courts examine numerous different factors, including those set forth in In re Sonnax Indus., 907 F.2d 1280 to determine whether "cause" exists to grant relief from stay. The twelve factors adopted by the court in Sonnax are:

> (1) whether relief would result in partial or complete issue resolution; (2) lack of connection with or interference with bankruptcy case; (3) whether other proceeding involves debtor as fiduciary; (4) whether specialized tribunal with necessary expertise has been established to hear cause of action; (5) whether debtor's insurer has assumed full defense responsibility; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice interests of other creditors; (8) whether judgment claim arising from other action is subject to equitable subordination; (9) whether movant's success in other proceeding would result in a judicial lien avoidable by debtor; (10) interests of

> judicial economy and expeditious and economical resolution of litigation; (11) whether parties are ready for trial in other proceeding; (12) impact of stay on parties and balance of harms. *In re Sonnax Inds.*, *supra, at 1287* citing *In re Curtis*, 40 Bankr. 795, 799-800 (Bankr. D. Utah 1984).

Other courts have established that the Curtis moving party "need not prove a plurality of Curtis factors before it has shown cause existed for lifting the stay." Goya Foods v. Unanue-Casal (In re Unanue-Casal), 159 B.R. 90, 96 (1993). Some courts have relied on only a few factors to determine that sufficient cause existed to lift the stay. See, e.g., In re Unioil, 54 Bankr. 192, 194-195 (Bankr. D. Colo. 1985) (court considered five factors such as resolution of the issues, lack of connection with the bankruptcy case, judicial economy and balance of hurt). See also In re *Highcrest Management Co., Inc.*, 30 Bankr. 776, 778-779 (Bankr. S.D. N.Y. 1983). (Court considered only the debtor's misconduct, without any *Curtis* factors).

The court in Goya Foods v. Unanue-Casal (In re Unanue-Casal), supra, at 96 correctly stated that "the question of what is cause . . . is developed primarily by case law." In other words, the determination of cause is made on a case by case basis.

12. An order lifting the automatic stay is an "extraordinary remedy." *In re 234-6 West 22nd St. Corp.*, 214 B.R. 751, 757 (Bankr. S.D.N.Y. 1997). Bankruptcy Code section 362(d)(1), made applicable by PROMESA section 301(a), provides that a court may grant relief from the automatic stay "for cause." *See* 11 U.S.C. § 362(d)(1). "Cause" is not defined in the Bankruptcy Code. *In re Unanue-Casal*, 159 B.R. 90, 95–96 (D.P.R. 1993), *aff'd* 23 F.3d 395 (1st Cir. 1994). To determine whether "cause" exists to grant relief from the stay, courts examine numerous different factors, including those set forth in *Sonnax supra.* Those are stay prior.

13. Courts in this Circuit have adopted these "*Sonnax* factors." *See Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla*, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) ("To help guide their analysis of whether to enforce or vacate the stay, some courts, including those in this district, have relied upon a laundry list of assorted factors." (citing *Sonnax*, at 1286; *C & A, S.E. v. P.R. Solid Waste Mgmt. Auth.*, 369 B.R. 87, 94-5 (D.P.R. 2007)); *In re Unanue-Casal*, 159 B.R. at 95–96; *Peaje Invs. LLC v. Garcia-Padilla*, 2016 U.S. Dist. LEXIS 153711, at *13 (D.P.R. Nov. 2, 2016).

14. No one factor is dispositive; instead, courts "engage in an equitable, case-by-case balancing of the various harms at stake" and will lift the stay only if the harm engendered by allowing the stay to remain in place outstrips the harm caused by lifting it. *Brigade*, 217 F. Supp. 3d at 529 n.12. Movant bears the burden of establishing cause, *id.*, and when the movant is not a secured claimholder asserting a lack of adequate protection, that burden is a high one. *See In re Breitburn Energy Partners LP*, No. 16-10992, 2017 WL 1379363, at *4 (Bankr. S.D.N.Y. Apr. 14, 2017). Here, the *Sonnax* factors point squarely toward maintaining the automatic stay and against awarding the remedy Movant seeks.

### IV. DISCUSION AND ARGUMENT

Of the twelve factors adopted by the court in *Sonnax* to determine if cause exists to grant relief from stay at least nine weigh in favor of AMP.

15. **Sonnax Factor 1**: The first Sonnax factor primarily focuses on whether the separate litigation would expeditiously resolve issues relevant to the bankruptcy case. See, e.g., In re Taub, 413 B.R. 55, 62 (Bankr. E.D.N.Y. 2009) (lifting the stay because non-bankruptcy litigation "would resolve significant open issues in the Debtor's bankruptcy case,

and would assist the Debtor in pursuing the confirmation of a [] plan"); In re Murrin, 477 B.R. 99, 109 (D. Minn. 2012); In re Cummings, 221 B.R. 814, 818 (Bankr. N.D. Ala. 1998) characterizing this factor as in the cases at hand, AMP submits that the automatic stay should be modified to allow the state court proceedings to continue with the compliance of the constructions works as and all the public works that on construction in a substantially completion phase (see exhibit V). We agree to stay collection of remaining damages as per agreement.

16. **Sonnax Factor 2:** The second Sonnax factor—the lack of any connection with or interference with the bankruptcy case support lifting or modifying the stay. First, lifting or partially modifying the stay to allow the completion of a case who's resolution came more than twenty two years ago would not interfere with the centralized claims resolution process contemplated under Title III. Those projects went under construction way prior the filing of the PROMESA case and are of public interest as part of the purpose of the government on behalf of their citizens Furthermore, lifting or modifying the stay to proceed with the fulfilment of the judgement in the "Ponce en Marcha" case will not interfere with the Title III case and will not diverting the Commonwealth's attention and resources to defending as those projects are on constant construction works before the lift and after the lift as a matter of facts the PREPA buried underland of electric lines just to mention a few. Those projects are on the way an never stop after the lift of stay was requested and granted, just the Special Commissioner supervisor report was lifted and the power of the State Court to review how the Debtor finally comply with the Court Judgement. Thus, Sonnax factor 2 weighs in favor of granting the Motion. We agree to stay collection of remaining damages as per agreement.

17. **Sonnax Factor 4**: The fourth Sonnax factor—whether a specialized tribunal has been established to hear the cause of action at issue—does support granting the Motion. There is no better example than "Ponce en Marcha" case, in which two Special Commissions was appointed during the twenty two year of existence of this case in order to deal with the complex supervision of the al the projects that was performs in order to comply with the final Judgement of this case. All Special Commissioner that are an engineer and a lawyer in order to proper supervise and inform the court of the developments and issues of all the constructions projects in the Agreement. Thus, Sonnax factor 4 weighs in favor of granting the Motion. We agree to stay collection of remaining damages.

18. **Sonnax Factor 5:** The fifth Sonnax factor—whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation—does support granting the Motion. As there is no litigation in "Ponce en Marcha" case as its all proceeding regarding the compliance of the final judgement and the development of those works no need of insurer to assume financial responsibility or defending Debtors, no insurer of the Commonwealth has to assumed full financial responsibility for defending the Prepetition Actions as there is no adjudication to make by the Court. Thus, Sonnax factor 5 weighs in favor of granting the Motion. We agree to stay collection of remaining damages.

19. **Sonnax Factor 6**: The sixth Sonnax factor—whether the action essentially involves third parties rather than the debtor— support granting the Motion. This factor is not based on whether third parties are involved, but rather whether the Prepetition Actions primarily involves third parties rather than the debtor. See In re Residential Capital, LLC, 2012 Bankr. LEXIS 3641, at *20 (Bankr. S.D.N.Y. Aug 8, 2012) ("The court should not grant relief from the stay under the sixth Sonnax factor if the debtor is the main party to the litigation."); Grayson v. WorldCom, Inc. (In re WorldCom, Inc.), 2006 U.S. Dist. LEXIS 55284, at *33 (S.D.N.Y. Aug 4, 2006) ("Grayson offers no argument or claim to show how the Bankruptcy Court abused its discretion in determining that Grayson's claim in this action did not primarily involve third parties." (emphasis in original)).

20. Here, Debtors are the Commonwealth, PREPA and HTA but in Ponce en Marcha case there are other parties like the Ports Authority who are not on PROMESA, Claro as successor of the Puerto Rico Telephone Company, are also part of the case in the develop of those public projects and most of those are more that 90 % completed and never stop. Their budget are separate in order to comply with this public works. Therefore, Sonnax factor 6 weighs in favor of granting the Motion. We agree to stay collection of remaining damages as per agreement.

21. **Sonnax Factor 7**: The seventh Sonnax factor—whether the litigation could prejudice the interest of other creditors— support granting the Motion. As there is no litigation pending in "Ponce en Marcha" case The Commonwealth would not have to expend considerable time and resources to litigate the Lawsuit, there is no discovery, no pretrial

hearings and no trial. Courts have denied requests to lift the automatic stay where the debtor would be required to expend its limited resources to defend against litigation. See, e.g., re Plumberex Specialty Prod., Inc., 311 B.R. 551, 563-64 (Bankr. C.D. Cal. 2004) (rejecting effort to lift stay in part because "the cost of protracted litigation of a separate proceeding in a non-Case:17-03283-LTS bankruptcy forum would prejudice the interests of other creditors of the estate"); In re Motors Liquidation Co., No. 09- 50026, 2010 WL 4630327, at *4 (S.D.N.Y. 2010) (finding no abuse of discretion where bankruptcy court concluded in denying lift-stay motion that "allowing Appellant to proceed with the ERISA suit would force [debtor] to expend estate resources to defend that" and thus "would prejudice the interests of other creditors"). This is not the situation in the "Ponce en Marcha" case, the resources of the Debtor are an will be on the construction of those public works and the project meetings will still be held but now with the presence of the Special Commissioner as he is an engineer like the others in charge of their respective projects on behalf of Debtors. The hearings in Court will be to inform the developments of those projects. Accordingly, Sonnax factor 7 does support granting the Motion. We agree to stay collection of remaining damages as per agreement.

22. **Sonnax Factors 10 and 11**: The Movant's assertion, as a matter of fact an law, is that the "Ponce en Marcha" case was a bifurcate judgement that its final regarding the compliances of the constructions works. As those complex constructions projects are on final phases there is no court proceeding that's remains on preliminary stages. Thus, Sonnax

factors 10 and 11 weigh in favor of the Motion. See In re Sonnax. We agree to stay collection of remaining damages as per agreement.

23. **Sonnax Factor 12**: Balancing of the harms clearly favors the Motion. The impact on the Commonwealth if the Motion were to be granted would be minimum and will not outweigh any harm that Movant would suffer if the automatic stay remains in place. The construction of those public works as per Agreement still on process after the lift of stay and the AMP or the State Court has no knowledge of the develop and the Special Commissioner could not info the Court if they are complying. The AMP could not continue or finish any of those projects as there is no municipality funds to expend in property that no belong to the County. Thus, Sonnax factor 12 weighs in favor of the Motion. We agree to stay collection of remaining damages.

### V. CONCLUSION

24. AMP has established with substantial arguments there is cause for the partial lifting of the automatic stay. Modifying the stay to allow the state continue to watch the development of the public work of Debtors by the Special Commissioner promotes the judicial economy and expeditious and economical resolution of the litigation.

WHEREFORE, it is respectfully prayed that AMP be granted relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) as to PREPA, HTA and ELA and to the estate, to continue the proceedings at the state court civil cases of "Ponce en Marcha" in order to finally develop all the

public works as the Agreement, with such other and further relief as this Court deems just and proper.

**CERTIFICATE OF SERVICE**: I hereby certify that pursuant to Paragraphs III.Q and III.U of Section III (Scheduling) of the Case Management Procedures, as amended by Order Further Amending Case Management Procedures (docket no. 1512), and subject to Paragraphs III. F and III.T, at least fifteen (15) business days prior to filing the present motion for relief from stay to continue a prepetition ordinary course civil action against PREPA, the movant, AMP, contacted the counsel for the Oversight Board and PREPA by electronic-mail to advise them of the movant's intent to seek relief from the automatic stay and no agreement was reached.

RESPECTFULLY SUBMITTED.

In Ponce, Puerto Rico, this 4th of May, 2018.

/S/ *Carlos Fernández Nadal*
**CARLOS FERNÁNDEZ NADAL, ESQ.**
**RUA# 10,655**
**Ave. Hostos #818 Ste. B**
**Playa de Ponce PR 00716**
**Tel. 848-4612 Tel/Fax 848-4632**
**Email: carlosfernandez@cfnlaw.com**
**Web Page: www.cfnlaw.com**