ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE PONCE
SALA SUPERIOR

| | |
|---|---|
| MUNICIPIO DE PONCE<br>DEMANDANTE<br><br>VS.<br><br>AUTORIDAD DE CARRETERAS ET. ALS.<br>DEMANDADOS | CIVIL NÚM.: JAC1993-0485<br><br>SALA: 601<br><br>SOBRE: ACCIÓN CIVIL |

## MOCIÓN EN CUMPLIMIENTO DE ORDEN

**AL HONORABLE TRIBUNAL:**

**COMPARECE** las partes co-demandadas Departamento de la Vivienda (DV) y Departamento de Recursos Naturales y Ambientales (DRNA) por conducto de la abogada que suscribe y quien muy respetuosamente **EXPONE, ALEGA Y SOLICITA:**

1. Este Honorable Tribunal emitió una Orden concediendo a las partes co-demandadas a presentar sus comentarios con relación al Informe Preliminar sobre el caso de referencia realizado por el Monitor. A continuación presentamos los comentarios del DV y el DRNA para su consideración.

### I. DEPARTAMENTO DE LA VIVIENDA

2. En cuanto a la Sección III – nombrado como **Compromisos Cumplidos**; en el tercer párrafo el Señor Monitor indica que el DV pudo haber concluido dos proyectos. Es nuestra posición que se debe indicar que el DV cumplió los dos proyectos- más aún cuando más adelante indica que así fue.

3. En cuanto a los proyectos Cumplidos por el DV en la- Sección III Inciso F
   a. Se indica que en total se trata de 20 proyectos. Que Vivienda alega que se deben dar por cumplidos 16 y el Monitor recomienda 8/13 y/o 15/20.
      i. **Recomendamos 10/13.**

4. Para realizar de manera ordenada nuestros comentarios, indicaremos nuestra posición con relación a cada proyecto.
   a. **Iniciar Rehabilitación de 100 unidades-** CUMPLIDO
   b. **Continuar construcción de calles, encintados, soterrados sanitarios, agua potable y pluvial. Carr. #2 Bo. Canas, unta Diamante, Ponce-** CUMPLIDO
   c. **Pagar el caso ELA v. Eileen Mercado y Otros (KEF1988-0418)-** CUMPLIDO
   d. **Construcción calles Comunidad Paraíso-** CUMPLIDO
   e. **Rehabilitación y Nueva construcción (Barrio Playa, Sector Puerto Viejo, Salistral y Sector Pabellones)-** CUMPLIDO

Case:17-03283-LTS Doc#:3019-5 Filed:05/04/18 Entered:05/04/18 17:08:03 Desc:
***WITHDRAWN AS PER DE [3271]*** Appendix Some Debtors Motions to Informs Status Page 2 of 19

2

      i. En este caso, el Monitor determinó catalogarlo como PENDIENTE. Este indicó que solo falta la construcción de una cancha de baloncesto en Salistral. Que el MAP necesita adquirir un solar que pertenece a la Universidad Católica.

      ii. Como se desprende de lo antes expuesto, el DV ya cumplió con lo que le correspondía. La determinación de adquisición del solar para la construcción de la cancha es del MAP y no del DV. Por lo que para efectos del DV, este proyecto debe aparecer como CUMPLIDO.

f. **Rehabilitación y Construcción (Arenas Betances y Sector San Felipe)-** CUMPLIDO

g. **Asignación para rehabilitación privatizada de 1,000 viviendas bajo el programa "Tu Ciudad Renace". –** PENDIENTE

      i. Aquí no se incluyó el Convenio firmado el 9 de diciembre de 2015 para completar Tu Ciudad Renace, Sin Repago. En este Convenio se estableció la transferencia de fondos por parte del DV al MAP para la realización del Proyecto. Una vez el MAP certifique la utilización de los $5,400,000.00 de los fondos previamente transferidos, se entenderá que el DV cumplió con la rehabilitación y/o mejoras del proyecto conocido como Tu Ciudad Renace, Sin Repago independientemente de la cantidad de unidades impactadas por el MAP. Véase Página 3 del Segundo Convenio de Transferencia de Fondos para la Rehabilitación y/o Construcción de Viviendas del 9 de diciembre de 2015.

h. **Rehabilitación de aprox. 300 viviendas en zonas de alto riesgo y mayor necesidad –**

      i. Riberas de Bucaná I- 100 % CUMPLIDO

      ii. Riberas de Bucaná II- 80% CUMPLIDO

      iii. Riberas de Bucaná III- 95% CUMPLIDO

- En cuanto a estos porcientos, el DV nos ha informado que la persona con conocimiento sobre el asunto es el Sr. Federico del Monte, quien se encuentra de vacaciones. Por lo que se nos ha solicitado un término adicional de 15 días para presentar nuestros comentarios con relación a este asunto.

i. **Rehabilitación de viviendas en áreas económicamente deprimidas-**

      i. con relación a este proyecto, el Monitor indica en el Anejo 1 que "Aparenta que este proyecto se cumplió. Ver carta del licenciado Picó de 27 de septiembre de 2011. En espera de auditoría llevándose a cabo."

      ii. Es la posición del DV que este proyecto debe considerarse como CUMPLIDO. No es necesario esperar a que se lleve a cabo la auditoría para clasificarlo de esa manera.

j. **Construcción y venta de 200 unidades de vivienda en solares baldíos en zona urbana-** EN EVALUACIÓN

Case:17-03283-LTS Doc#:3019-5 Filed:05/04/18 Entered:05/04/18 17:08:03 Desc:
***WITHDRAWN AS PER DE [3271]*** Appendix Some Debtors Motions to Informs Status Page 3 of 19

3

        i. El Monitor indica que este proyecto está en evaluación. No sabemos a qué se refiere con eso. Este proyecto se encuentra paralizado. El DV le transfirió al MAP la cantidad de $4,458,000.00 y posterior a ello se han levantado interrogantes sobre la utilización de los fondos. Se le ha solicitado al MAP se nos provea una certificación de los fondos utilizados pero al día de hoy no se ha recibido nada.

  k. **Modernización de residenciales**-CUMPLIDO

  l. **Mejoras residenciales**- CUMPLIDO

  m. **Demolición Res. Las Terrazas**- CUMPLIDO

### II. DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES

1. Para realizar de manera ordenada nuestros comentarios, indicaremos nuestra posición con relación a cada proyecto.

  a. **Canalización Río Portugués y Río Bucaná**- CUMPLIDO

  b. **Área recreativa Represa Cerrillos**- CUMPLIDO

  c. **Bucaná Beach Park**-
        i. El Monitor indica que la misma está sujeta a verificación.
        ii. No obstante, entendemos que esta debe considerarse como eliminada ya que así se estableció por el MAP y el DRNA en la última reunión.

  d. **Corte Montaña Lago Cerrillos**- CUMPLIDO

  e. **Represas Colapsables Canal Río Portugués**- ELIMINADO

  f. **Rehabilitación y Construcción (Arenas Betances y Sector San Felipe)**- CUMPLIDO

  g. **Canalización Ríos Matilde, Pastillo y Canas** – PENDIENTE

  h. **Rehabilitación Faro Isla de Muertos**–PENDIENTE

  i. **Parque Nacional Vivero**-Faltan las transferencias

  j. **Reserva Natural La Matilde**- CUMPLIDA

  k. **Parque Lineal en los Canales Portugués y Bucaná**-PENDIENTE

  l. **Lago Cerrillos Bosque de Caoba**- CUMPLIDO

2. **Se tiene que eliminar de la tabla lo de (Terminar Construcción de la Represa Portugués ya que esto fue parte del trabajo de canalización de la Represa).**

### III. "Sección IV. Línea de Crédito depositadas en el Banco Gubernamental de Fomento (BGF)"

1. En este inciso, el Señor Monitor hace un recuento sobre la manera en que se identificó una línea de crédito para el cumplimiento de la Sentencia de este caso. No obstante, no se hace referencia a las disposiciones legales que rigen hoy día al BGF.

2. Se tiene que incluir las siguientes disposiciones legales:

  a. **Ley de Moratoria de Emergencia y Rehabilitación Financiera de Puerto Rico- Ley Núm. 21 del 6 de abril de 2016**

  b. **Orden Ejecutiva Núm. OE-2016-010**

Case:17-03283-LTS Doc#:3019-5 Filed:05/04/18 Entered:05/04/18 17:08:03 Desc:
***WITHDRAWN AS PER DE [3271]*** Appendix Some Debtors Motions to Informs Status   Page 4 of 19

4

    c. **Carta Circular-OGP Núm. 130-16**
    d. **Carta Circular – DH Núm. 1300-31-16**

IV. **"Sección V. Proyectos No Realizados":**

1. En esta sección, el Monitor indica que las Represas Colapsables y el Bucaná Beach Park son proyectos no realizados. Debe decir que estos dos proyectos fueron eliminados por el DRNA y el MAP.
2. En cuanto al Parque Nacional (Vivero) debe indicar que es un proyecto que está en proceso.

**POR TODO LO CUAL**, se solicita muy respetuosamente a este Honorable Tribunal que tome conocimiento de lo anteriormente expuesto, le conceda el término solicitado al DV para expresarse sobre los porcientos de la **Rehabilitación de aprox. 300 viviendas en zonas de alto riesgo y mayor necesidad**, de por cumplida la Orden emitida el pasado 9 de junio de 2016 y se enmiende el Informe realizado por el Monitor basándose en los comentarios antes expuestos.

**CERTIFICO**: Que he enviado copia fiel y exacta del presente documento a las direcciones de correo electrónico de los abogados de récord; Lcdo. Héctor R. Cuprill Hernández, cuprislaw@yahoo.com; Lcda. Carmen E. Torres Rodríguez, carmen.torres@ponce.pr.gov; Lcda. Yomarie Pacheco Sánchez, ypacheco@act.dtop.gov.pr; Lcda. Ivette E. Arece Solís, irse@claropr.com; Lcdo. José A. Flores Díaz, jose.flores@aep.gobierno.pr; Lcdo. Gerardo de Jesús Anoni, gac.asociados@gmail.com, Ing. Justo E. Varela Dieppa, jvarela37@gmail.com, Lcdo. José A. Sánchez Álvarez, jsanchez@prlawservices.com; Lcda. Michelle Canales Chinea, mcanales@prpa.pr.gov; Lcdo. Juan A. Pérez López, juan.perez@aeepr.com; Lcdo. Gerardo A. Cruz Maldonado, gac.asociados@gmail.com; Lcda. Islaim Rodríguez, islaim.rodriguez@ponce.pr.gov.

**RESPETUOSAMENTE SOMETIDA.**

En San Juan Puerto Rico, a 5 de julio de 2016.

**César R. Miranda Rodríguez**
Secretario de Justicia

**Marta Elisa González Y.**
Secretaria Auxiliar de lo Civil

Maricely Aponte Rivera
RUA 16,943
Directora
División de Contributivo, Cobro
De Dinero y Expropiación Forzosa
Departamento de Justicia
Apartado 9020192
San Juan, Puerto Rico  00902-0192
Tel. 787-721-2900  Ext. 2300
maponte@justicia.pr.gov

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE PONCE
SALA SUPERIOR

| | |
|---|---|
| **MUNICIPIO DE PONCE**<br>Demandante | Civil Núm. JAC1993-0485<br>(601) |
| Vs. | Sobre: |
| AUTORIDAD DE CARRETERAS y otros<br>Demandado | Cumplimiento Específico<br>De Contrato |

## MOCION EN CUMPLIMIENTO DE ORDEN REACCIÓN AL INFORME MONITOR

**AL HONORABLE TRIBUNAL:**

Comparece el Co-Demandado Autoridad de los Puertos de Puerto Rico, a través de la representación legal que suscribe y muy respetuosamente EXPONE, ALEGA y SOLICITA:

1. En la Vista celebrada en abril de 2016, el Tribunal ordenó a la Autoridad de los Puertos de Puerto Rico (APPR) (y a las otras agencias) reaccionar al Informe presentado el 16 de abril de 2016, por el Ing Justo E. Varela Dieppa, (Monitor). El objetivo de dicho Informe era, entre otras cosas, el de "... *determinar los compromisos cumplidos en relación a la Sentencia del Tribunal Supremo en el caso*... Mun. de Ponce v. A.C. et al, 153 D.P.R. 1 (2000) y el de "... *poder fijar con precisión razonable los compromisos en proceso de ejecución y su estado actual.*"

2. Conforme al "*Convenio para el desarrollo de proyectos programados entre el Gobierno Central y el Municipio de Ponce*" (en adelante, el "Convenio"), la APPR se comprometió a realizar los siguientes proyectos[1]:

   Construcción de ciertas obras en el Aeropuerto Mercedita:

   a. Ensanche de la Pista 1230 y Ante Pista – Cumplido (1993);
   b. Extensión Ante Pista paralela a la Pista 2 de 1,750 pies – Cumplido (1993);
   c. Puentes de Abordaje – Cumplido (2013);
   d. Expansión del Terminal de Pasajeros – Cumplido (1994);
   e. Construcción de alcantarillas prefabricadas en la Carr. Núm. 5506 – Cumplido (2014);



---
[1] Ver Pág. Núm. 7-8 del Informe del Monitor.

MOCION EN CUMPLIMIENTO
Página 1 de 5

    f. Colocación de Reflector de Chorro de Explosión (Blast Fence) al oeste de la Pista 12-30 - Cumplido (2014);
    g. Adquisición de un vehículo de rescate. – Cumplido (2003);
    h. Extensión Ante Pista 12-30 hacia el Oeste (1,750 pies)

3. Conforme a la información recopilada, a este momento, la APPR ha realizado una inversión de $14,500,667,32. El propio Informe del Monitor da cuentas de otras inversiones realizadas por la APPR relacionadas al Aeropuerto Merceditas de Ponce, previo a la Sentencia que ocupa el presente caso y que se venían realizando desde el año 1992 de sobre 16 millones de dólares adicionales.

4. En el Informe del Monitor, éste hace la siguiente recomendación con relación a la APPR:

> *"Recomendamos que se clasifiquen como compromisos cumplidos los 5 proyectos que se presentan en Anejo A. De otro lado, recomendamos que se considere eliminado el proyecto de conectar una línea sanitaria a la troncal de la AAA. Además, que se tome nota de que en lugar de construir un edificio de mantenimiento, eventualmente se instalaron dos Puentes de abordaje en el Terminal de Pasajeros en el 2011. Deseamos destacar que la AP invirtió alrededor de $14,239,904.96 en proyectos adicionales en el Aeropuerto Mercedita para mejorar su infraestructura y operación entre los años 1995 y 2013, incluyendo la Rehabilitación del Edificio Terminal (2007). Ya antes, en el 1994, se había extendido dicho terminal."*



5. Sin embargo, con relación al Proyecto de Extensión de la Pista 12-30 hacia el Oeste, considera tal obra como "*No Terminada*". El Monitor basa su posición en vista de que existen "*ciertos defectos en el diseño de la extensión a la pista que amerita reconstruir la misma.*" Menciona además que "*...la Federal Aviation Administration (FAA) y la compañía forense, AVCON, que realizó el estudio final, **han autorizado <u>su uso temporeramente</u> para el despegue de aviones bajo un estricto monitoreo**.*" (énfasis y subrayado nuestro)

6. Aunque expresamos nuestra conformidad con la inmensa mayoría de las recomendaciones que hace el Monitor respecto a los compromisos de la APPR para con el Municipio Autónomo de Ponce en el Convenio, no podemos decir lo propio sobre las conclusiones del Monitor respecto a los hallazgos y acciones posteriores del Proyecto de Extensión de la Pista 12-30 hacia el Oeste. Repasemos los datos:

**El Informe AVCON**

7. Luego de realizados los trabajos en la expansión de la Pista 12-30, se detectó manchas en el pavimento del área de construcción.

8. Como consecuencia de esos defectos, la APPR determinó, cerrar el uso de esa Pista hasta tener una mejor comprensión de la naturaleza de la condición de la misma.

9. De primera intención, la APRR contrató a la Empresa PIM Engineering para realizar estudios sobre el asfalto utilizado, la presencia de agua en el subsuelo y sobre la calidad de construcción en la expansión de la Pista 12-30. En este estudio se desprende que no había agua en el subsuelo y que se había utilizado el asfalto según especificado por diseñador y no era concluyente en cuanto el origen de las manchas.

10. Posteriormente, la APPR contrató a la Compañía AVCON como ente externo con el fin de realizar una investigación de la construcción del pavimento bajo las especificaciones P-401 en el Aeropuerto Mercedita. Un informe sobre sus hallazgos fue rendido para la fecha de 18 de diciembre de 2015 y se recomendó, entre otras cosas, que se trabajara con el manejo de las aguas de escorrentías en las inmediaciones.

### Uso de la Pista 12-30 autorizado por la AFA



11. El pasado 13 de abril de 2016 la Autoridad de los Puertos sometió las nuevas distancias declaradas para el aeropuerto Mercedita de Ponce para revisión por parte de la FAA. El 4 y 5 de abril de 2016 los inspectores de Parte 139 de la FAA realizaron la inspección anual de dicho aeropuerto y se estableció la primera semana de mayo como la fecha para poner en operación la extensión de la Pista 12-30 siguiendo las recomendaciones presentadas por la Compañía AVCON en su reporte[2]. Dicha fecha se pospuso para el 17 de mayo de 2016 debido a retrasos e imprevistos en trabajos de mantenimiento necesarios previo a poner en operación dicha extensión.

12. En ningún momento AVCON, ni mucho menos la FAA, han determinado o recomendado una autorización con *"un uso temporal"* de la Pista 12-30 del Aeropuerto Mercedita. Los defectos encontrados en la obra de construcción, son en realidad en áreas donde ninguna nave aérea se ubica para el despegue o para aterrizar. Inclusive, se trata de una situación de escorrentías que eventualmente será corregida con otros proyectos que se tienen planificados desarrollar en este próximo año fiscal, para la durabilidad del trabajo realizado, pero que en nada afectan la seguridad de los despegues o aterrizajes de las aeronaves que se sirven del Aeropuerto Mercedita.

13. Si examinamos una comunicación precisamente del Monitor fechada al 13 de mayo de 2016, dirigida al Sr. Eliezer Velázquez, Administrador del Municipio de Ponce[3], se dice lo siguiente:

> "El informe de AVCON establece esencialmente dos cosas: (1) el estudio de la extensión de la Pista 12-30 no cumple con las especificaciones ni con la realidad física de la pista existente al no permitir el flujo correcto de las escorrentías lo que incide en la durabilidad de la extensión; o sea, de la vida útil de la misma; y (2) se puede utilizar la extensión para el despegue de aviones y llevar un monitoreo estricto de la condición de dicha extensión en su condición actual. La FAA estuvo de acuerdo y requirió unas mejoras operacionales, como luces, líneas amarillas, etc.
>
> AVCON también recomienda, como una opción, la reconstrucción de la extensión de acuerdo a especificaciones y a la pista existente para lograr su vida útil. Ni AVCON ni la FAA han levantado dudas sobre el aspecto de seguridad, sino de durabilidad. Sin embargo, la AP está considerando otras opciones, además de la reconstrucción."

Más adelante dice:

> "La FAA ha autorizado la apertura sin condiciones. Lo del monitoreo es usual, solo que en este caso se desea constatar la durabilidad bajos las condiciones existentes. De hecho, si se pudiesen desviar y recoger las escorrentías antes que lleguen a la extensión, **la vida útil de la pista tal como esta sería normal**." (Énfasis nuestro, subrayado en el original).



14. Los asuntos relacionados a este proyecto en particular se asemejan más a un trabajo de mantenimiento que deberá realizar la APPR que a una obra de construcción *per-se*.

15. La APPR no descarta solicitar a AVCON reconsidere ciertas recomendaciones en su informe o se aclaren en particular aquellas bajo el número (3) a la (6), en vista de que en el proceso de diseño de la obra, el mismo fue revisado en al menos tres (3) ocasiones por la propia FAA.[4] De igual manera, la APPR no descarta reclamar al diseñado por errores y omisiones durante el proceso de diseño en aras de proteger el interés público, si es que esa fuera la alternativa que en derecho procede.

---

[2] La reapertura de la Pista 12-30 del Aeropuerto Mercedita fue informada a este Tribunal en una Moción Informativa de abril de 2016.
[3] Ver Anejo Núm. 1
[4] Para la APPR, su compromiso de atender este asunto con prioridad y es por el hecho de que los fondos utilizados para la extensión de la Pista 12-30 fueron otorgados por la FAA. En ese sentido, indistintamente de la existencia de este caso, la APPR viene obligada a resolver el asunto de las escorrentías para que en efecto el uso programado de esta construcción de cumpla a cabalidad.

16. Tampoco se descarta que en un futuro próximo[5], se realicen algunas mejoras en el área de la pista, que de alguna manera se puedan atender las escorrentías para que no lleguen hasta el área de la extensión.

17. Por todo lo anterior, solicitamos de este Tribunal que con relación al Proyecto de Extensión de la Pista 12-30 hacia el Oeste se estime por cumplido el mismo, toda vez que resulta en un hecho visible ante todos que: la extensión de la Pista 12-30 es una realidad, se está utilizando por Jet Blue y sobre todo, tal obra no presenta un peligro para la seguridad de los aeronaves, contando inclusive con el aval de la FAA.

18. La APPR solicita (de entenderlo necesario este Tribunal) la oportunidad de presentar un informe técnico sobre los asuntos discutidos en esta Moción con el fin de que se ofrezcan detalles más técnicos con respecto a nuestra posición.

POR TODO LO ANTERIOR, solicitamos al Tribunal lo siguiente:



1. Se tome conocimiento de lo aquí informado.
2. La APPR recomienda que se dé por cumplido los trabajos de la agencia, conforme fueron recogidos en la Sentencia del Tribunal y que constituyen el Convenio con el MAP.
3. Se dicte cualquier otro pronunciamiento cónsono con lo aquí solicitado.

**CERTIFICO**: Haber remitido copia fiel y exacta de la presente moción a: Ing. Justo E. Varela Dieppa, jvarela37@gmail.com; Lcda. Ivette E Arce Solis, iarce@claropr.com; Lcda. Yomarie Pacheco Sánchez, YPacheco@dtop.gov.pr; Lcdo. Jose A. Sanchez-Alvarez, sanchezalvarez@nsaclaw.com; Lcdo. Juan A. Pérez López, juan.perez@aeepr.com; Lcdo. Héctor Cuprill, cuprislaw@yahoo.com;

RESPETUOSAMENTE SOMETIDO en Fajardo, Puerto Rico, a 7 de julio de 2016.

*GAC & Asociados, P.S.C.*
PO Box 51
Ceiba, Puerto Rico 00735
Tel. (787) 603-0260
Fax: (787) 801-0858

Lcdo. Gerardo A. Cruz Maldonado
RUA-10,475
gac.asociados@gmail.com

---

[5] La APPR estará presentando ante las agencias federales para el mes de septiembre fondos para realizar ciertas mejoras en otras áreas (taxi way), y se contempla desarrollar algún proyecto que atienda el problema de las escorrentías.

**ANEJO NUM 1**

Justo E. Varela-Dieppa, Esq.
Attorney-at-Law
Professional Engineer

Tel. (787) 399-0084
Fax: (855) 631-0741
E-mail: jvarela37@gmail.com

13 de mayo de 2016

Sr. Eliezer Velázquez
Adminitrador del MAP

Re: Apertura Extensión Pista 12-30

Estimado señor Velázquez:

Durante la Vista de Seguimiento del 12 de mayo de 2016 celebrada en el Centro Judicial de San Juan, Sala 505, anunciamos la apertura para despegues de aviones de la extensión de la Pista 12-30 del Aeropuerto Mercedita a efectuarse el lunes, 16 de mayo de 2016.

Esta noticia ha generado en lugar de beneplácito, unas interrogantes totalmente equivocadas. Veamos.

1. ¿Por qué entonces estuvo cerrada entre 3 y 4 años? ¿Qué correcciones, si algunas, se han realizado para abrirla ahora?
2. ¿Por qué ahora es segura y no antes?

No es cierto que la extensión estuvo disponible hace 3 o 4 años. La terminación sustancial de la construcción física (entiéndase pavimento) de la extensión fue el 10 de abril de 2012. El 9 de agosto de 2012 se observaron manchas de aguas en el nuevo asfalto depositado. Veremos más adelante que la construcción física no hubiese permitido su uso, aunque no se hubieran detectado las manchas de agua. Faltaba la ubicación de las atarjeas en la Carr. 5506 y la construcción del Blast Fence al final de la extensión. Esta fase se concluyó alrededor del mes de marzo de 2014. Esto es, en ese mes y año de no haber existido las manchas era que la extensión era utilizable, no antes. O sea, hace 2 años. Debemos recordar, de otra parte, que la instalación de las atarjeas y la construcción del blast fence se atrasó alrededor de 9 meses cuando los residentes de Mercedita que se oponían al cierre de la Carr. 5506 pusieron presión. Después se demostró que el cierre no causaba los contratiempos que se alegaban.

Volvamos a las manchas de agua observadas el 9 de agosto de 2012. El 4 de septiembre de 2012 se taladraron 2 pozos de monitoreo de 10 pies de profundidad. Se canceló el monitoreo al no observarse problemas con el nivel freático después de un tiempo. Entonces se contrató a la firma PIM Geothecnical Engineering Consultants para extraer muestras del asfalto depositado y realizar otras pruebas. Se comenzaron el 15 de septiembre de 2012 hasta el 20 de diciembre de 2013. PIM radicó el informe final el 8 de abril de 2014. Se le sometió a la FAA quien luego de revisar toda la documentación recibida, el 4 de junio de 2014 instruyó a la AP que contratara a una compañía para realizar un estudio forense.

P.O. Box 51387, Toa Baja, Puerto Rico 00950-1387
Abogado Notario • Ingeniero Profesional

Se hizo contacto con AVCON Engineering el 28 de agosto de 2014 y se le sometieron los estudios de PIM. No es hasta el 14 de junio de 2015 que se contrata a AVCON quien comienza sus trabajos de evaluación y nuevos monitoreo el durante el mes de agosto de 2015 y se rinde un informe final en el mes de <u>diciembre de 2015</u>.

El informe de AVCON establece esencialmente dos cosas: (1) el diseño de la extensión de la Pista 12-30 no cumple con las especificaciones ni con la realidad física de la pista existente al no permitir el flujo correcto de las escorrentías lo que incide en la <u>durabilidad</u> de la extensión; o sea, de la vida útil de la misma; y (2) se puede utilizar la extensión para el despegue de aviones y llevar un monitoreo estricto de la condición de dicha extensión en su condición actual. La FAA estuvo de acuerdo y requirió unas mejoras operacionales, como luces, líneas amarillas, etc.

AVCON también recomienda, como una opción, la reconstrucción de la extensión de acuerdo a especificaciones y a la pista existente para lograr <u>su vida útil</u>. <u>Ni AVCON ni la FAA han levantado dudas sobre el aspecto de seguridad, sino el de durabilidad</u>. Sin embargo, la AP está considerando otras opciones, además de la reconstrucción.

<u>Definitivamente, no es hasta el informe final de AVCON del mes de diciembre de 2015 que surge la posible apertura de la extensión de la Pista 12-30</u>. Decir lo contrario es incorrecto. La FAA ha autorizado la apertura <u>sin condiciones</u>. Lo del monitoreo es usual, solo que en este caso se desea constatar la durabilidad <u>bajo las condiciones existentes</u>. De hecho, si se pudiesen desviar y recoger las escorrentías antes que lleguen a la extensión, la vida útil de la pista tal como está sería la normal. El problema son las escorrentías y el diseño actual interactuando.

Esta es mi apreciación basado en la información que tengo. Le solicité al Lcdo. Gerardo Cruz que me gestionara una desripcióm más técnica.

Cordialmente,

Ing. Justo E. Varela Dieppa
Monitor Especial

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE PONCE
SALA SUPERIOR

| | |
|---|---|
| **MUNICIPIO AUTONOMO DE PONCE**<br><br>Demandante<br><br>vs.<br><br>**AUTORIDAD DE CARRETERAS Y TRANSPORTACION Y OTROS**<br><br>Demandados | **CIVIL NÚM. JAC 1993-0485 (605)**<br><br>**SOBRE: ACCION CIVIL** |

**MOCION EN CUMPLIMIENTO DE ORDEN**

AL HONORABLE TRIBUNAL:

Comparece la parte codemandada, PUERTO RICO TELEPHONE COMPANY, INC. ("PRTC"), por conducto de la representación legal que suscribe y respetuosamente Expone, Alega y Solicita:

1. De conformidad a la orden emitida por este Honorable Tribunal para que las agencias emitieran sus comentarios al Informe Preliminar emitido por el Monitor, Ing Justo Varela, la PRTC informa:

a) Que en cuanto a los trabajos de la fase IV-B debe leer que los trabajos de PRTC se encuentran en un 30% y no un 70% completados.

b) En consecuencia, los trabajos que faltan por completar de esta Fase por parte de PRTC es un 70% para completar todos sus proyectos relacionados al cumplimiento de la sentencia.

**POR TODO LO CUAL**, muy respetuosamente solicitamos de este Honorable Tribunal que tome conocimiento de lo expuesto en el presente escrito y de por cumplida la orden.

**CERTIFICO**: Haber enviado copia fiel y exacta de este escrito por correo electrónico en el día de hoy a: **Lcda. Carmen E. Torres-Rodríguez**, Directora Oficina de Servicios Legales, Municipio Autónomo de Ponce, PO Box 331709, Ponce, Puerto Rico 00733-1709, carmen.torres@ponce.pr.gov; **Lcdo. Héctor R. Cuprill Hernández**, Bufete Cuprill Isla Law Offices, PO Box 335210, Ponce, PR 00733-5210, cuprislaw@yahoo.com, abogados externos del Municipio Autónomo de Ponce; **Lcda. Yomarie Pacheco Sánchez**, Oficina de Asesoría Legal, Piso 17, Apartado 42007, San Juan, Puerto Rico 00940-2007; YPacheco@dtop.gov.pr, abogada de la Autoridad de Carreteras y Transportación; **Lcdo. Lemuel Cancel Méndez y Lcdo José A. Sánchez**

**Alvarez**, JAS Legal Services, PSC, Urb. Altamesa, 1307 Ave San Alfonso, San Juan, PR 00921-3622, lcancel@nsalaw.net, jsanchez@prlawservices.com

abogados de la Autoridad de Acueductos y Alcantarillados de Puerto Rico; **Lcdo. Antonio Perez López**, PO Box 363928, San Juan PR 00936-3928, juan.perez@prepa.com abogado de la Autoridad de Energía Eléctrica de Puerto Rico; **Lcda. Maricely Aponte**, Departamento de Justicia, Oficina de Litigios Generales, PO Box 9020192, San Juan, Puerto Rico 00902-0192, maponte@justicia.pr.gov, abogada del Estado Libre Asociado de Puerto Rico, del Departamento de Recursos Naturales y Ambientales y del Departamento de la Vivienda; **Lcda. Michelle Canales Chinea, Autoridad de los Puertos, P.O. Box 362829, San Juan, PR 00936-2829, abogada de Autoridad de los Puertos,** mcanales@prpa.pr.gov; **Ing. Justo Varela Dieppa**, PO. Box 51387, Toa Baja, PR 00950. jvarela37@gmail.com

**RESPETUOSAMENTE SOMETIDO.**

En Guaynabo, Puerto Rico, a 7 de julio de 2016.

        ELISEO ORTIZ RIVERA
        IVETTE E. ARCE SOLIS
        DIANA I. RIVERA JIMENEZ
        JESUS SANTIAGO ROSARIO
        Abogados/PRTC
        P. O. Box 360998
        San Juan, P. R. 00936-0998
        ☎ 749-2489 ⌨ 793-3722
        E-Mail: iarce@claropr.com

Por: _____
        IVETTE ENID ARCE SOLIS
        RUA #13814

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**CENTRO JUDICIAL DE PONCE**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR**

| | |
|---|---|
| **MUNICIPIO DE PONCE** <br><br> DEMANDANTE <br><br> V. <br><br> **AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN, ET ALS.** <br><br> DEMANDADOS | CIVIL NÚM.: **J AC1993-0485 (605)** <br><br> SOBRE: <br><br> **ACCIÓN CIVIL** |

**MOCIÓN EN CUMPLI,MIENTO DE ORDEN**

**AL HONORABLE TRIBUNAL**:

**COMPARECEN** la Autoridad de Acueductos y Alcantarillados ("AAA") mediante su representante legal que suscribe y muy respetuosamente expone y solicita:

1. Este Honorable Tribunal ordenó que en o antes del 7de julio de 2016 las agencias se expresen en relación al Informe Preliminar que emitió el Señor Monitor en relación al estado del cumplimento con la Sentencia.

2. La AAA somete sus comentarios:

A. Sección III compromiso cumplido (CC), Parte B AAA

El Informe Preliminar lee:

El Convenio de 1992 describía 15 proyectos. Uno de ellos – zona histórica, tal como surge del Anejo A, envuelve 4 proyectos (Fases I, II, III y IV), de los cuales se terminaron las primeras tres fases.

Debe leer:

El convenio de 1992 describía 12 proyectos. Uno de ellos es Completar Soterrado límite de Primer Orden de la Zona Histórica, Ave. Hostos y Sector Histórico de La Playa de Ponce, tal como surge del Anejo A, se subdividió en 4 proyectos (Fases I, II, III y IV), de los cuales se terminaron las primeras tres fases en su totalidad (Potable y sanitario).

B. En el Anejo A – AAA, debe leer:

Proyectos cumplidos = Fases I, II, y III (Potable y Sanitario).

Proyectos en Proceso = Fase IV Sanitario (A, B, C): 46%

Proyectos No emprendidos = Fase IV Potable (A, B, C).

Case:17-03283-LTS Doc#:3019-5 Filed:05/04/18 Entered:05/04/18 17:08:03 Desc:
***WITHDRAWN AS PER DE [3271]*** Appendix Some Debtors Motions to Informs Status Page 15 of 19

Página 2

C. Se acepta que los restantes 11 proyectos del total de 12 incluidos en el Convenio de 1992, ya fueron ejecutados por la AAA en su totalidad.

3. **En vista de lo anterior, se solicita del Honorable Tribunal que decrete que la AAA ya cumplió con los referidos 11 proyectos de la Sentencia y que solo le resta aproximadamente el 54% de la parte Sanitario de la Fase IV (A, B, C) y el 100% de la Fase IV (A, B, C) en cuanto a Potable del proyecto de Soterrado Límite de Primer Orden de la Zona Histórica, Ave. De Hostos y Sector Histórico de la Playa de Ponce.**

POR TODO LO CUAL muy respetuosamente se solicita que se tenga por cumplida la orden de este Honorable Tribunal y además que se decrete lo solicitado al párrafo tres (3) anterior.

RESPETUOSAMENTE SOMETIDA.

En San Juan, Puerto Rico, hoy 1 de julio de 2016.

CERTIFICO: Haber enviado copia fiel y exacta de este escrito en el día de hoy a: **Lcdo. Héctor R. Cuprill Hernández,** P O Box 335210, Ponce, PR 00733-5210, cuprislaw@yahoo.com; **Lcda. Carmen E. Torres Rodríguez,** P O Box 10513, Ponce, PR 00732-0513, carmen.torres@ponce.pr.gov; **Lcda. Yomarie Pacheco Sánchez,** P O Box 42007, San Juan, PR 00940-2007, ypacheco@act.dtop.gov.pr; **Lcda. Ivette E. Arce Solís,** P O Box 360998, San Juan, PR 00936-0998, irse@claropr.com; **Lcda. Sofía Rosado Wojna,** Departamento de Justicia, División de Litigios, P O Box 9020192, San Juan, PR 00902-0192, srosado@justicia.pr.gov; **Lcdo. José A. Flores Díaz,** P O Box 41029, San Juan, PR 00940-1029, jose.flores@aep.gobierno.pr; **Lcdo. Gerardo De Jesús Anoni,** gac.asociados@gmail.com; **Ing. Justo E. Varela Dieppa,** Monitor Especia, jvarela37@gmail.com y Lcdo. Alexander A. Bravo Colón, Oficina de Servicios Legales de Municipio Autónomo de Ponce, Apartado 331709, Ponce, PR 00733-1709.

JAS LEGAL SERVICES, PSC
Urb. Altamesa
1307 Ave. San Alfonso
San Juan, Puerto Rico 00921-3622
Tel: (787) 945-5545; Fax: (787) 945-5546
Email: jsanchez@prlawservices.com

JOSÉ A. SÁNCHEZ ÁLVAREZ
RUA: 6330

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**CENTRO JUDICIAL DE PONCE**
**SALA SUPERIOR**

| | |
|---|---|
| **MUNICIPIO DE PONCE** <br><br> **DEMANDANTE** <br><br> **VS.** <br><br> **AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN Y OTROS** <br><br> **DEMANDADOS** | **CIVIL NUM.:  JAC 1993-0485** <br><br> **SOBRE:** <br><br> **CUMPLIMIENTO ESPECIAL CONTRATO** |

## MOCIÓN EN CUMPLIMIENTO DE ORDEN

**AL HONORABLE TRIBUNAL:**

Comparece la Autoridad de Carreteras y Transportación, en adelante la "ACT", por conducto de la representación legal que suscribe y muy respetuosamente EXPONE Y SOLICITA:

1. Que en Vista celebrada el 9 de junio de 2016, este Honorable Tribunal ordenó a las partes que en o antes del 7 de julio del año en curso reaccionaran con relación al Informe Preliminar de proyectos Completados emitido por el Monitor.

2. Conforme a la Sentencia del caso a la ACT le correspondía completar 8 "proyectos", o sea, llevar a cabo trabajos en las carreteras PR-2, PR-9, PR-10, PR-14, PR-52, PR-133, PR-139 y en la PR-1, los cuales se enmarcan en 36 proyectos de construcción de la agencia.

3. En cumplimiento con dicha Orden la ACT emite los siguientes comentarios:

- En el primer párrafo del Informe relacionado a los proyectos de la ACT se indica que el proyecto desde la Ave. Las Américas hasta la PR-132, o sea, el proyecto número AC-000915, tiene terminación estimada para el segundo semestre del año 2018. No obstante, es preciso aclarar, que la fecha de terminación estimada contractualmente, para ese proyecto es para el 1er semestre del año 2018.

- En el tercer párrafo sobre el estudio para un ensanche de la carretera PR-14 a cuatro carriles, se indica que la ACT no hace estudios ni diseños. Es preciso aclarar, que la ACT sí hace estudios y diseño, solo que para este asunto en particular, mediante la Resolución Conjunta 1603 de 9 de septiembre de 2004, al Departamento de Transportación y Obras Públicas ("DTOP") le fueron asignados

Municipio de Ponce
vs. Autoridad de Carreteras y Transportación y otros
Civil Núm.: JAC 1993-0485
Moción en Cumplimiento de Orden

los fondos para el diseño de la expansión de la PR-14. El Municipio de Ponce ("MAP") hizo el diseño y el DTOP pagó el mismo al MAP, mediante reembolso.

- Concurrimos con lo restante indicado por el Monitor sobre los proyectos de la ACT, por lo que dicha agencia ha completado 34 proyectos de construcción conforme a la Sentencia y solo le falta por completar los proyectos AC-000911 y AC-000915.

**POR TODO LO CUAL**, se solicita muy respetuosamente de este Honorable Tribunal: 1) tome conocimiento de lo antes expresado; 2) de por cumplida la Orden emitida; 3) determine que la ACT ya cumplió con 34 proyectos de la Sentencia y que solo le resta completar 2 proyectos (AC-000911 y AC-000915); y 4) dicte cualquier otro pronunciamiento que en derecho proceda.

**RESPETUOSAMENTE SOMETIDA.**

En San Juan, Puerto Rico a 7 de julio de 2016.

CERTIFICO: Haber enviado copia fiel y exacta de este escrito por correo electrónico en el día de hoy a: **Lcda. Carmen E. Torres-Rodríguez**, Directora Oficina de Servicios Legales, Municipio Autónomo de Ponce, carmen.torres@ponce.pr.gov; **Lcdo. Héctor R. Cuprill Hernández**, cuprislaw@yahoo.com, abogado externo del Municipio Autónomo de Ponce; **Lcdo. José A. Sánchez**, JAS Legal Services, PSC, jsanchez@prlawservices.com, abogado de la Autoridad de Acueductos y Alcantarillados de Puerto Rico; **Lcdo. Gerardo A. Cruz Maldonado**, gac.asociados@gmail.com, abogado de la Autoridad de los Puertos; **Lcdo. Juan A. Pérez López**, juan.perez@aeepr.com; abogado de la Autoridad de Energía Eléctrica de Puerto Rico; **Lcda. Maricely Aponte Rivera**, Departamento de Justicia, maponte@justicia.pr.gov, abogada del Estado Libre Asociado de Puerto Rico, del Departamento de Recursos Naturales y Ambientales y del Departamento de la Vivienda; **Lcda. Ivette E. Arce Solís**, iarce@claropr.com, abogada de la Puerto Rico Telephone Company, Inc.

*[firma]*
YOMARIE PACHECO SÁNCHEZ
RUA Núm. 14998
Autoridad De Carreteras y
Transportación de Puerto Rico
Apartado 42007
San Juan, Puerto Rico 00940-2007
Tel. (787) 722-7948/7950
Facsímile 723-2560
YPacheco@dtop.gov.pr

La Autoridad de Carreteras y Transportación está exenta del pago de sellos y aranceles de acuerdo a lo dispuesto en el Artículo 17 (b) de su ley habilitadora, enmendada, 9 L.P.R.A. Sec. 2017.

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE PONCE

| | |
|---|---|
| MUNICIPIO DE PONCE<br><br>Demandante<br><br>vs.<br><br>AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN Y OTROS<br><br>Demandados | CIVIL NÚM. J AC1993-0485 (601)<br><br>SOBRE:<br><br>CUMPLIMIENTO ESPECÍFICO DE CONTRATO |

**MOCIÓN DE CUMPLIMENTO DE ORDEN**

AL HONORABLE TRIBUNAL:

Comparece la parte demandada, Autoridad de Energía Eléctrica de Puerto Rico, por conducto del abogado que suscribe, y muy respetuosamente **Expone, Alega** y **Solicita**:

1. En el presente caso, este Honorable Tribunal ordenó a las partes consignar por escrito sus respectivas posiciones en relación al Informe Preliminar preparado por el ingeniero Justo E. Varela Dieppa, Monitor Especial.

2. En cumplimiento de ello, la parte compareciente desea informar al Honorable Tribunal sobre su conformidad con el informe del Monitor Especial, Ing. Justo E. Varela Dieppa, en lo referente al estado de las obras desarrolladas por la AEE en el Proyecto Ponce en Marcha.

POR TODO LO CUAL, se solicita muy respetuosamente de este Honorable Tribunal que tome conocimiento de lo aquí informado dé por cumplida su orden, con cualquier otro pronunciamiento que en derecho proceda.

Respetuosamente sometida.

**CERTIFICO** que en esta misma fecha se envió, por correo electrónico, copia fiel y exacta del anterior escrito al **Lcdo. Héctor R. Cuprill Hernández**, PO Box 335210, Ponce, PR 00733-5210; **Lcda. Ivette E. Arce Solís,** PO Box 360998, San Juan, PR 00936-0998; a la **Lcda. Islaim Rodríguez Luna**, PO Box 331709, Ponce, PR 00732-1709; a la **Lcda. Yomarie Pacheco Sánchez**, PO Box 42007, San Juan, PR 00940-2007; al **Lcdo. José A.**

Moción en Cumplimiento de Orden....
Municipio de Ponce v ACT y otros
Página 2

**Sanchez Álvarez**, Urb. Altamesa, Ave. San Alfonso #1307, San Juan, PR 00921-3622;

**Lcda. Maricely Aponte,** PO Box 9020192, San Juan PR 00902-0192; **Lcda. Michelle Canales Chinea**, PO Box 362829, San Juan PR 00936-2829 y al **Ing. Justo E. Varela Dieppa**, PO Box 51387, Toa Baja, PR 00950.

En San Juan, Puerto Rico, a __7__ de julio de 2016.

JUAN A. PEREZ LOPEZ
Abogado de la AEE
Número RÚA 9,254
PO Box 363928
San Juan, PR 00936-3928
Tel. 787-521-4446
Telefax: 787-521-4440
E-mail juan.perez@prepa.com