**Hearing Date**: May 21, 2018 at 1:30 PM (AST)

**Reply Deadline**: May 14, 2018

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.*,<br><br>Debtors.[1] | PROMESA Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA Title III<br><br>Case No. 17 BK 4780-LTS<br><br>**Court Filing Relates Only to PREPA and Shall Only Be Filed in Case Nos. 17 BK 3283-LTS and 17 BK 4780-LTS** |

*[Caption continued on the next page.]*

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's Federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 04780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**PREPA'S OPPOSITION TO JOINDER OF ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, THE AD HOC GROUP OF PREPA BONDHOLDERS, SYNCORA GUARANTEE INC., AND U.S. BANK NATIONAL ASSOCIATION, IN ITS CAPACITY AS PREPA BOND TRUSTEE TO MOTION TO COMPEL COMPLIANCE WITH FEBRUARY 26, 2018 ORDER AND FOR ENTRY OF A PROTECTIVE ORDE OF AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS, AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., THE MUTUAL FUND GROUP, AND NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION**

To the Honorable United States District Judge Laura Taylor Swain:

The Puerto Rico Electric Power Authority ("PREPA") in this Title III case—by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as PREPA's sole representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management and Economic Stability Act* ("PROMESA"), 48 U.S.C. §§ 2101–2241,[2] and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") respectfully opposes (the "Opposition") the *Joinder of Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation, the Ad Hoc Group of PREPA Bondholders, Syncora Guarantee Inc., and U.S. Bank National Association, in its capacity as PREPA Bond Trustee to Motion to Compel Compliance with February 26, 2018 Order and for Entry of a Protective Order of Ad Hoc Group of General Obligation Bondholders, Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., the Mutual Fund Group, and National Public Finance Guarantee Corporation* [Case No. 17-04780, Dkt. No. 808] (the "Joinder") filed by the PREPA Movants.[3]  In support of the Opposition, PREPA respectfully states as follows:

---

[2] The Oversight Board has authorized AAFAF to file this Opposition on behalf of PREPA.

[3] Capitalized terms not defined herein shall have the same meanings ascribed to them in the Joinder.

2

I. **PRELIMINARY STATEMENT**

While PREPA supports the harmonious and simultaneous resolution of common discovery issues in the Commonwealth Title III and PREPA Title III Cases, the dispute between the PREPA Movants and PREPA is not quite the same as the dispute in the Motion to Compel between the Commonwealth Movants and AAFAF, the Commonwealth of Puerto Rico ("Commonwealth") and the Oversight Board. Since no motion to compel has been filed in the PREPA Title III Case, a joinder to the Motion to Compel is not the appropriate procedural mechanism. In any event, as explained more fully in AAFAF's response to the Motion to Compel[4] and below, the Motion to Compel and the Joinder should be denied because the Commonwealth Movants and the PREPA Movants misconstrue the February 26 Order [Case No. 17-03283, Dkt. No. 2590].

II. **BACKGROUND**

*A. PREPA Rule 2004 Requests*

On December 20, 2017, the PREPA Movants submitted twenty written document requests to counsel for PREPA. Counsel representing the parties participated in subsequent telephonic meet-and-confer conferences on January 5 and 12, 2018, and ultimately agreed to jointly stipulate to an order setting forth a mutually agreeable protocol for the PREPA Movants to serve and PREPA to respond to the requests pursuant to Rule 2004 (the "PREPA Rule 2004 Requests"). The stipulation was filed on January 17, 2018 and approved by the Court on the same day [Case No. 17-04780, Dkt. No. 538]. PREPA timely served its written responses on January 24, 2018. On February 14, 2018, PREPA, the Commonwealth, the Oversight Board, and AAFAF, on the one hand, and the PREPA Movants and other interested parties, on the other hand, entered into a

---

[4] PREPA incorporates by reference as if fully set forth herein the arguments in AAFAF's response to the Motion to Compel [Case No. 17-03283, Dkt. No. 2949] and the Oversight Board's supplement to AAFAF's response [Case No. 17-03283, Dkt. No. 2950].

3

stipulated protective order [Case No. 17-04780, Dkt. No. 708] (the "PREPA Protective Order") that governs, *inter alia*, materials disclosed or produced pursuant to the PREPA Rule 2004 Requests.

Similar to the Commonwealth, PREPA has been providing documents to creditors, including the PREPA Movants, in the Intralinks data room, and those documents are subject to confidentiality restrictions in non-disclosure agreements or mediation agreements. Unlike the protective order proposed by the Commonwealth Movants, the PREPA Protective Order allows PREPA to designate any material in the Intralinks data room as "CONFIDENTIAL." *See* Case No. 17-04780, Dkt. No. 708, ¶ 8. In the Joinder, the PREPA Movants appear to seek to have seven documents in the Intralinks data room that purportedly are responsive to PREPA Rule 2004 Request No. 20 (the "PREPA Fiscal Plan Development Materials") deemed produced.[5]

### B. The Commonwealth Rule 2004 Requests

The Motion to Compel to which the PREPA Movants seek to join is a vestigial discovery dispute between the Commonwealth Movants on the one hand, and AAFAF, the Commonwealth, and the Oversight Board on the other hand, regarding production of certain documents from the Commonwealth pursuant to Rule 2004 (the "Commonwealth Rule 2004 Requests"). While PREPA's position with respect to its fiscal plan materials is consistent with the position of AAFAF, the Commonwealth, and the Oversight Board as to the production of the Commonwealth's fiscal plan materials, PREPA is not a party to the Commonwealth Rule 2004 Requests. PREPA also is not a party to the Joint Status Report [Case No. 17-03283, Dkt. No.

---

[5] Request No. 20 states that "To the extent not already produced or requested above, any inputs, calculations, or formulae underlying (i) the PREPA Fiscal Plan certified on April 28, 2017, (ii) revisions to such Fiscal Plan, and (iii) any forthcoming fiscal plan for PREPA when and as submitted to the Oversight Board, together with copies of such forthcoming fiscal plan when and as submitted (and/or resubmitted) to the Oversight Board."

4

2154] filed by the Commonwealth Movants, the Oversight Board, the Commonwealth, and AAFAF which set forth certain meet-and-confer procedures referenced in the Court's February 26 Order. In addition, PREPA is not a party to, and did not participate in, the meet-and-confer process concerning the Commonwealth Rule 2004 Requests or the Motion to Compel.

After the Motion to Compel was filed, counsel for the PREPA Movants and PREPA conducted a telephonic meet-and-confer on April 10, 2018, during which the PREPA Movants informed PREPA that they intended to join the Motion to Compel with respect to PREPA's fiscal plan materials. PREPA responded that while it was not opposed to addressing discovery issues common to the Commonwealth Title III and PREPA Title III Cases simultaneously, the PREPA Movants would need to file a motion to compel the production of documents in the PREPA Title III Case in order to join the issues for adjudication at the same time. Rather than filing a motion to compel against PREPA, the PREPA Movants filed the Joinder in PREPA's Title III Case and the Commonwealth's Title III Case.

### III. ARGUMENT

#### A. The Joinder is Procedurally Defective.

The Joinder should be denied because it is not the appropriate procedural mechanism to extend a ruling on the Motion to Compel to PREPA, which is not a party in the Commonwealth Title III Case. Typically, "defendants may be joined if: (1) a right to relief is asserted against them jointly or severally, or the claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) defendants share common questions of law or fact in the action." *PPV Connection, Inc. v. Nieves-Sosa*, 268 F.R.D. 42, 43 (D.P.R. 2010) (discussing Fed. R. Civ. P. 20) (brackets and internal quotation marks omitted).

5

Here, PREPA is not a party to the Commonwealth Rule 2004 Requests, the Commonwealth's Title III Case, the Joint Status Report, or the meet-and-confer process that led to the filing of the Motion to Compel. While issues as to the confidentiality of the Fiscal Plan Development Materials in the Commonwealth Title III Case and the PREPA Fiscal Plan Development Materials in the PREPA Title III Case are largely common, there are important differences (such as the entry of the PREPA Protective Order in the PREPA Title III Case, which deals directly with the designation of documents in the Intralinks data room as "confidential," although no protective order has been entered in the Commonwealth Title III Case) that are unaddressed in the Joinder.

Consequently, no ruling on the Motion to Compel should be binding on PREPA until a motion to compel in the PREPA Title III Case has been filed and fully briefed. Therefore, the Joinder must be denied.

### B. The PREPA Movants and the Commonwealth Movants Misinterpret the February 26 Order.

If the Court were inclined to rule on the dispute between PREPA and the PREPA Movants, the Joinder should be denied. The Commonwealth Movants and the PREPA Movants misconstrue the February 26 Order in asserting that the Order deemed the Fiscal Plan Development Materials produced pursuant to Rule 2004.

The Court answered the question in the February 26 Order of "whether [the Fiscal Plan Development Materials] should be deemed produced pursuant to Rule 2004 and, ***therefore***, freely used without restriction in [the Commonwealth's Title III Case] or otherwise." *See* Case No. 17-03283, Dkt. No. 2590, at 7 (emphasis added). Because this Court found that the Commonwealth Movants "have not shown good cause for the immediate use of the information, which would require the disclosure of many documents currently shared amongst the parties pursuant to

6

protective orders and/or non-disclosure agreements[,]" *id.* at 11, the February 26 Order did not deem the Fiscal Plan Development Materials produced. Rather, as AAFAF explained in its response to the Motion to Compel, the Court left the issue of appropriate confidentiality restrictions for a future date and directed AAFAF, the Oversight Board, the Commonwealth, and the Commonwealth Movants to follow the procedures set forth in the Section I(a) of the parties' Joint Status Report. *See* Case No. 17-03283, Dkt. No. 2949 at 4. Section I(a), in turn, provides that "subject to the entry of a protective order, data or factual information produced in the data room will be produced or deemed produced pursuant to the Rule 2004 Requests[.]" Case No. 17-03283, Dkt. No. 2154 at 1–2. Given the absence of a protective order governing the Commonwealth Rule 2004 Requests, the Fiscal Plan Development Materials cannot be deemed to be produced even under the Joint Status Report.

With respect to the PREPA Fiscal Plan Development Materials, it is not clear exactly what relief the PREPA Movants seek in the Joinder. On the one hand, the PREPA Movants seek to have the relief requested in the Motion to Compel extend to PREPA—*i.e.*, lifting confidentiality restrictions from documents provided in the Intralinks data room. *See* Case No. 17-04780, Dkt. 808, ¶¶ 4, 14. On the other hand, the PREPA Movants ask for a designation of those documents under the protective order. *See id.*, ¶ 12.

If it is the former, then the PREPA Movants—like the Commonwealth Movants—have not shown good cause for the immediate use of the documents such that the confidentiality restrictions in the non-disclosure agreements and mediation agreements should be lifted. There is no contested motion pending, expert deposition scheduled, or proposed plan of adjustment on file. Moreover, the February 26 Order held that only formulae and assumptions underlying final 2017 and 2018 plans are not subject to the deliberative process privilege. *See* Case No. 17-03283, Dkt. 2590 at

7

5.[6] "[D]ocuments which led to the creation of the final 2017 and 2018 Plans are subject to the deliberative process privilege and may be withheld from production." *Id.* At least three of the seven documents (Item Nos. 2.8.3.1, 2.8.4.1, and 2.8.4.2) are for draft plans and may be subject to the deliberative process privilege if the information could expose the deliberative efforts by which PREPA reached its ultimate decisions on any final fiscal plans. *See Mapother v. Dep't of Justice*, 3 F.3d 1533, 1539 (D.C. Cir. 1993). If that is the case, then the three documents would not be required to be produced, much less produced without any confidentiality restrictions.[7]

To the extent that the PREPA Movants are not seeking to have the confidentiality restrictions lifted, the PREPA Protective Order already governs the confidential treatment of any materials produced or disclosed in response to the PREPA Rule 2004 Requests, and PREPA will work with the PREPA Movants to agree on a procedure to reproduce any non-privileged, responsive PREPA Fiscal Plan Development Materials consistent with the terms of the PREPA Protective Order.

## IV. CONCLUSION

For the reasons set forth above, the Joinder should be denied.

*[Remainder of the page intentionally left blank.]*

---

[6] PREPA is aware that Judge Swain remanded certain parts of the February 26 Order, including the issue of whether data or other factual matters included in pre-decisional documents are subject to the deliberative process, for further consideration. *See* Case No. 17-03283, Dkt. No. 2952 at 5. To date, the February 26 Order has not been revised or amended.

[7] As the PREPA Movants noted, PREPA will produce a privilege log of the documents requested in the PREPA Rule 2004 Requests.

Dated: May 7, 2018

Respectfully Submitted,

THE PUERTO RICO FISCAL AGENCY
AND FINANCIAL ADVISORY
AUTHORITY, as Fiscal Agent for PREPA

/s/ *Kevin D. Finger*
Kevin D. Finger (*admitted pro hac vice*)
David D. Cleary (*admitted pro hac vice*)
Greenberg Traurig, LLP
77 West Wacker Drive Suite 3100
Chicago, IL 60601
Phone: 312.456.8400
Fax: 312.456.8435
Emails: fingerk@gtlaw.com
       clearyd@gtlaw.com

Nancy A. Mitchell (*admitted pro hac vice*)
Nathan A. Haynes (*admitted pro hac vice*)
Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Phone: 212.801.9200
Fax: 212.801.6400
Emails: mitchelln@gtlaw.com
       haynesn@gtlaw.com

Joseph P. Davis III (*admitted pro hac vice*)
Greenberg Traurig LLP
One International Place Suite 2000
Boston, MA 02110
Phone: 617-310-6000
Fax: 617-310-6001
Email: davisjo@gtlaw.com

THE PUERTO RICO ELECTRIC POWER AUTHORITY

By its attorneys,

*/s/ Arturo Díaz Angueria*
USDC No. 117907


*/s/ Katiuska Bolaños Lugo*
USDC No. 231812
CANCIO, NADAL, RIVERA & DÍAZ, P.S.C.
PO Box 364966
San Juan, PR 00936-4966
Phone: (787) 767-9625
Fax: (787) 764-4430
Email: adiaz@cnrd.com
      kbolanos@cnrd.com

**<u>CERTIFICATION</u>**

I hereby certify that an electronic copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record in the captioned case.

/s/ *Kevin D. Finger*