# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| **In re** | **PROMESA** |
|  | **Title III** |
| **THE FINANCIAL OVERSIGHT AND** | **No. 17 BK 3283-LTS** |
| **MANAGEMENT BOARD FOR PUERTO RICO,** | **(Jointly Administered)** |
| as representative of |  |
| **THE COMMONWEALTH OF PUERTO RICO** | **Objection deadline:** May 22, 2018 at 4:00 p.m. |
| ***et al.,*** | (Atlantic Standard Time) or such other deadline as ordered by the Court |
| **Debtors.[1]** | **Hearing date:** June 6, 2018 at 9:30 a.m. (Atlantic Standard Time) or such other hearing date as ordered by the Court |

---

### MOTION OF THE FEE EXAMINER TO AMEND THE FEE EXAMINER ORDER WITH RESPECT TO THE SCOPE OF THE FEE EXAMINER'S AUTHORITY IN THE INTEREST OF ADMINISTRATIVE EFFICIENCY

TO: THE HONORABLE LAURA TAYLOR SWAIN
   UNITED STATES DISTRICT JUDGE:

   The Fee Examiner in these proceedings, pursuant to the agreement of the principal parties

and the Court's subsequent October 6, 2017 *Order Pursuant to PROMESA Sections 316 and 317*

*and Bankruptcy Code Section 105(A) Appointing a Fee Examiner and Related Relief* (the "**Fee**

**Examiner Order**") [Dkt. No. 1416], moves the Court to amend the Fee Examiner Order as

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

further described herein and in the *Draft First Amended Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing a Fee Examiner and Related Relief* attached as **Exhibit A** (the "**Proposed Amended Fee Examiner Order**").  A redline comparing the Proposed Amended Fee Examiner Order against the Fee Examiner Order is attached as **Exhibit B**.  This motion proposes to:

>    (1)    Revise and update the Fee Examiner Order to reflect practical concerns identified during the first interim reporting cycle; and

>    (2)    "Exempt" certain professionals from the Fee Examiner process; and

>    (3)    Expand the Fee Examiner's authority to review all fee applications filed in the Title III cases, whether or not the services were directly related to these Title III cases.

In support of the motion, the Fee Examiner and his counsel represent that:

## BACKGROUND

1.    The Court entered the Fee Examiner Order on October 6, 2017.

2.    On November 8, 2017, on the motion of the Fee Examiner, the Court entered the *First Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 1715] (the **"Interim Compensation Procedures"**).

3.    Pursuant to the schedule set forth in the Interim Compensation Procedures, many professionals filed interim fee applications covering the period from May 3, 2017 through September 30, 2017 (the "**First Interim Fee Period**") on or around December 15, 2017.

4.    On March 1, 2018, the Fee Examiner filed the *Fee Examiner's Initial Report* [Dkt. No. 2645] (the **Fee Examiner's First Interim Report**") recommending Court approval of a large group of First Interim Fee Period applications, some as adjusted, or their consensual deferral.

5.    On March 7, 2018, at an omnibus hearing, the Court heard the Fee Examiner and his counsel submit the Fee Examiner's First Interim Report, and without objection, entered the *Omnibus Order Awarding Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses for the First Interim Compensation Period from May 3 Through September 30, 2017* [Dkt. No. 2685] (the "**First Interim Compensation Order**") approving—on an interim basis—30 first interim fee applications as outlined on Exhibit A to the First Interim Compensation Order and deferring consideration of ten first interim fee applications (the "**Deferred Applications**").

6.    The Fee Examiner on April 26, 2018 filed a supplemental report [ECF No. 2909] recommending consensual approval of four of the Deferred Applications anticipating the April 25, 2018 omnibus hearing or their approval without a hearing.

7.    Beginning on or about March 15, 2018, professionals subject to the Interim Compensation Order began filing fee and expense applications for the period from October 1, 2017 through January 31, 2018 (the "**Second Interim Fee Period**").  The Fee Examiner anticipates filing a report with respect to those applications on or about May 30, anticipating a hearing on June 6, 2018.

**GROUNDS**

8.    Based on the experience from the First Interim Fee Period review and after extensive consultations with some, though not all, of the professionals, the Fee Examiner and counsel recommend amending the Interim Compensation Procedures in several ways to improve the efficiency and efficacy of the process.

***McKinsey & Company, Inc.***

9.     One of the Deferred Applications was the *First Interim Fee Application of McKinsey & Company, Inc. Washington D.C. as Consulting Services Provider to the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtors, the Commonwealth of Puerto Rico, et al., for the Period from May 3, 2017 Through September 30, 2017* [Dkt. No. 2073], requesting $5,120,000.00 in flat fees (without expenses) for consulting services provided to the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtors (the "**Board**"), during the First Interim Fee Period.

10.     On March 19, 2018, McKinsey filed the *Second Interim Application of McKinsey & Company, Inc. Washington D.C. as Consulting Services Provider to the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtors, the Commonwealth of Puerto Rico, et al,. for the Period from October 1, 2017 Through January 31, 2108* [Dkt. No. 2756], requesting Court approval of $6,550,000.00 in flat fees (without expenses) for consulting services provided to the Board between October 1, 2017 and January 31, 2018 (the "**Second Interim Fee Period**").

11.     As noted in Court on March 7, 2018 and in the Fee Examiner's First Interim Report, McKinsey's First Interim Fee Period application was among the largest fee requests the Fee Examiner considered in the First Interim Fee Period.  However, the Fee Examiner concluded that reviewing McKinsey's fees for compliance with PROMESA sections 316 and 317 is not practical in light of McKinsey's internal decision to forego timekeeping records for all of its employees involved in its work for the Board.

12.     Since the March 7, 2018 hearing, the Fee Examiner has consulted with counsel for the Board, the Office of the U.S. Trustee, McKinsey, and several other significant constituencies, concluding that the review and approval of McKinsey's professional fee

applications should be performed by the Board or its professionals.  The Board has enough familiarity with McKinsey's work to determine, especially in the absence of conventional timekeeping practices, whether the agreed flat fees appropriately reflect the value delivered to the Board by McKinsey's work.

13.     Through this request, the Fee Examiner does not suggest that McKinsey's fees may avoid the PROMESA requirements of reasonableness and necessity; rather, he suggests that the Board itself should present the Court with the information and analysis necessary to establish those indispensable elements.

14.     The Fee Examiner takes no position on the appropriate form of the Board's independent review or on the procedural mechanism appropriate for the Board to recommend Court approval, disapproval, or adjustment of McKinsey's requested fees.

15.     Paragraphs 5(a) and (6) of the attached Proposed Amended Fee Examiner Order provide that the Fee Examiner's authority shall not extend to McKinsey but, instead, the Board shall bear the responsibility to review McKinsey's fee requests for compliance with PROMESA and to make recommendations to the Court.  Notwithstanding these revisions, the United States Trustee and all other interested parties would, as always, retain their right to independently review and object to McKinsey's fees.

***Andrew Wolfe***

16.     Another of the Deferred Applications is the *First Interim Fee Application of Andrew Wolfe for Compensation for Services Rendered and Reimbursement of Expenses Incurred as an Independent Contractor to the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtors, for the Period August 1, 2017 Through September 30,*

*2017* [Dkt. No. 2259] (the "**Wolfe First Interim Fee Application**"), requesting $50,000 in flat fee compensation for economic consulting services.

17.     On March 16, 2016, the Board filed *Andrew Wolfe's Second Interim Application for Allowance of Compensation and Reimbursement of Expenses Incurred as Macroeconomic Consultant to Financial Oversight and Management Board, as Representative of the Debtors, from October 1, 2017 – January 31, 2018* [Dkt. No. 2718] (the "**Wolfe Second Interim Fee Application**," requesting $100,000.00 in flat fee compensation for economic consulting performed during the Second Interim Fee Period.

18.     Mr. Wolfe's engagement, documented in a series of agreements publicly available on the Board's web site, calls for Mr. Wolfe to perform consulting services both in connection with these Title III cases and in other matters for a flat fee of $25,000 per month, provided that he devotes at least half of each month's "normal business hours" to work for the Board.

19.     The Fee Examiner's counsel reviewed Mr. Wolfe's work records for the First Interim Fee Period and concluded that he has performed the work necessary to entitle him to the flat fees requested for the First Interim Fee Period, and the Fee Examiner has recommended the Court's approval of the Wolfe First Interim Fee Application as filed. *See* Dkt. No. 2909.

20.     Given the nature of the flat fee compensation and the relatively modest amount of fees requested, and in the interest of economy and administrative efficiency, the Fee Examiner recommends that the Wolfe Second Interim Fee Application, and any subsequent flat fee interim or final fee requests on behalf of Mr. Wolfe, be exempt from the Fee Examiner Process.

21.     Paragraphs 5(b) and (6) of the attached Proposed Amended Fee Examiner Order provide that the Fee Examiner's authority shall not extend to Mr. Wolfe but, instead, the Board shall bear the responsibility to review Mr. Wolfe's fee requests for compliance with PROMESA

and to make recommendations to the Court. Notwithstanding these revisions, the United States

Trustee and all other interested parties would, as always, retain their right to independently

review and object to Mr. Wolfe's fees.

### Other De Minimis and/or Flat Fee Professionals

22.    The reasoning described at ¶¶20-21, *supra*, applies with equal force to other fee

and expense applicants that:

i)    Request $30,000 or less per month in flat fee compensation; or
ii)    Fall beneath a "*de minimis*" threshold.[2]

Paragraphs 5(c)(i)-(iii) and (6) of the attached Proposed Amended Fee Examiner Order provide

that the Fee Examiner's authority shall not extend to this group of professionals.  Instead, the

party in interest that employs the applying professional shall bear the responsibility to review

these fee and expense requests for compliance with PROMESA and to make recommendations to

the Court.  Notwithstanding these revisions, the United States Trustee and all other interested

parties would, as always, retain their right to independently review and object to flat fees.

### Non-Title III Services

23.    Finally, as noted in the Fee Examiner's First Interim Report and at the March 7,

2018 hearing, a number of professionals performed services before their formal retention dates

(usually through a letter agreement or contract) as that term is typically used in Chapter 11

bankruptcy cases. (PROMESA does not contain an analogue to 11 U.S.C. § 327.)  Other

professionals have provided and continue to provide services in both Title III and non-Title III

matters, which they or their clients have requested be subject to the Fee Examiner process.

---

[2] If the relief requested in this motion is granted, the Fee Examiner intends, in consultation with the Debtors, the
official committees, and the U.S. Trustee, develop consensual standards for classification as a *de minimis*
professional and submit a stipulated order separately addressing the fee protocol for *de minimis* professionals.

24.     The Fee Examiner and his counsel are willing to undertake the review of fees for

services provided outside of these Title III cases and seeks amendment of the Fee Examiner

Order to establish that the Fee Examiner's assignment extends to all fee requests filed in these

Title III cases (subject to the limitations discussed above), whether or not the services provided

were directly related to these Title III cases or provided before a formal engagement.  *See*

Proposed Amended Fee Examiner Order at ¶ 4.

## RELIEF REQUESTED

25.     For all these reasons, this motion seeks the entry of the Proposed Amended Fee

Examiner Order, attached as **Exhibit A**.

## CERTIFICATION

26.     The Fee Examiner has engaged in reasonable, good-faith communications with

many of Standard Parties identified in the Case Management Procedures and the Notice Parties

identified in the Interim Compensation Order.

27.     The Fee Examiner anticipates no objection to this Motion or the relief requested

herein.

**WE HEREBY CERTIFY:** that on this date, we electronically filed the foregoing motion

with the Clerk of the Court using the CM/ECF system that will send notification of such filing to

all attorneys of record registered in the use of the CM/ECF system.

Dated this 8th day of May 2018.

EDGE Legal Strategies, PSC


_/s/ Eyck O. Lugo_
Eyck O. Lugo
252 Ponce de León Avenue
Citibank Tower, 12th Floor
San Juan, PR  00918
Telephone:  (787) 522-2000
Facsimile:  (787) 522-2010

*Puerto Rico Counsel*

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI  53703
Telephone:  (608) 257-3911
Facsimile:  (608) 257-0609

Katherine Stadler (*Pro Hac Vice*)

*Counsel for the Fee Examiner*

18901888.3

9

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| **In re** | ) **PROMESA** |
| | ) **Title III** |
| | ) |
| **THE FINANCIAL OVERSIGHT AND** | ) **No. 17 BK 3283-LTS** |
| **MANAGEMENT BOARD FOR PUERTO RICO,** | ) |
| | ) **(Jointly Administered)** |
| As a representative of | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| **THE COMMONWEALTH OF PUERTO RICO** | ) |
| *et al.,* | ) |
| | ) |
| Debtors.[1] | ) |
| | ) |

## FIRST AMENDED ORDER PURSUANT TO
## PROMESA SECTIONS 316 AND 317 AND
## BANKRUPTCY CODE SECTION 105(A)
## <u>APPOINTING A FEE EXAMINER AND RELATED RELIEF</u>

Upon the *Motion of the Fee Examiner to Amend the Fee Examiner Order With Respect to the Scope of the Fee Examiner's Authority in the Interest of Administrative Efficiency* (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA sections 306(a); and it appearing that venue is proper pursuant to

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the:  (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized Terms used but not otherwise defined herein have the meanings given to them in the Motion.

PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Fee Examiner provided adequate and appropriate notice of the Motion under the circumstances, including that the relief sought in the Motion is supported by good cause as contemplated by Bankruptcy Rule 9006, and that no other or further notice is required; and the Court having reviewed the Motion and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

      1.      The Motion is granted as set forth herein.

<u>**The Appointment of the Fee Examiner**</u>

      2.      Brady Williamson shall continue his appointment as Fee Examiner in the title III cases (and in all other title III cases filed by affiliates of the Debtors that are or become jointly administered with these title III cases, if any).

      3.      If the Fee Examiner position becomes vacant, the United States Trustee, after consultation with the Debtors and Statutory Committees, shall recommend a successor for appointment by the Court.

      4.      This Order applies to all professionals that will file Applications in the title III cases (and in all other title III cases filed by affiliates of the Debtors that are or become jointly administered with these title III cases, if any) seeking compensation and expenses under PROMESA sections 316 and 317 for services rendered whether or not such services are directly in connection with the title III cases and whether or not such services were provided before the execution of any formal engagement document or order.

5.      Notwithstanding this Order, the Fee Examiner's authority shall not extend to:

    a.   McKinsey & Company, Inc.; or

    b.   Andrew Wolfe; or

    c.   Any other professional filing an Application in these cases that:

        i.   Requests $30,000 or less per month in flat fee compensation; or

        ii.   Requests $120,000 or less in hourly compensation for any four-month

            interim fee period; or

        iii.   Falls below a threshold for treatment as a *de minimis* professional, as that

            term is defined in a subsequent order to be negotiated among the Fee

            Examiner, the Debtors, the official committees, and the U.S. Trustee.

6.      With respect to the professionals identified in ¶5, *supra*, (the "**Exempted**

**Professionals**"), the Financial Oversight and Management Board for Puerto Rico, as Representative of

the Debtors, or the party in interest that employs the applying professional shall bear the

responsibility to review these fee and expense requests for compliance with PROMESA and to

make recommendations to the Court.  Notwithstanding these revisions, the United States Trustee

and all other interested parties would, as always, retain their right to independently review and

object to an Exempted Professional's fees.

### Responsibilities and Authority of the Fee Examiner

7.      The Fee Examiner shall, among other things, review and report on, as appropriate,

the Applications filed by the professionals.

8.      The Fee Examiner is responsible for monitoring, reviewing, and assessing all

Applications for compliance with:

    a.   The Motion;

    b.   PROMESA sections 316 and 317;

    c.   Rule 2016(a) of the Federal Rules of Bankruptcy Procedure;

    d.   The Local Bankruptcy Rules;

    e.   The Interim Compensation Order; and

    f.   U.S. Trustee Guidelines.

9.    The Fee Examiner has the authority to:

    a.   Continue to develop case-specific guidelines supplementing, but not in conflict with, the authorities listed above

    b.   Continue to establish procedures to facilitate preparation and review of the Applications, including;

        i.   the use of specific forms and billing codes;

       ii.   the submission of Applications to the Fee Examiner by electronic mail contemporaneously with the filing of each Application; and

      iii.   the submission to the Fee Examiner by electronic mail of the fee detail containing the time entries and the expense detail ("Fee Detail") in the LEDES electronic format (for law firms) or Excel spreadsheets (for all professionals other than law firms). The Fee Examiner and any professional submitting data in Excel will work together to ensure the Fee Detail contains all necessary information. Fee Detail should be submitted contemporaneously with the submission of each Application.

    c.   Continue to establish procedures to resolve disputes with the professionals concerning the Applications, including:

    i. Communicating concerns to the professionals about their Applications and requesting further information as appropriate;

    ii. Presenting reports to the professionals of the Fee Examiner's review of Applications describing the Fee Examiner's concerns;

    iii. Providing a copy of the Fee Examiner's reports to the U.S. Trustee;

    iv. Negotiating with the professionals any concerns the Fee Examiner has concerning Applications; and

    v. Resolving consensually any concerns the Fee Examiner has about Applications, subject to the Court's approval.

d. Request budgets and staffing plans from the professionals. Any budgets requested shall not limit the amount of fees or expenses that may be allowed or restrict the extent or scope of services that a professional may determine are necessary to fulfill professional responsibilities.

e. Appear and be heard on any matter before this Court or an appellate court regarding the Applications, including but not limited to:

    i. Filing comments and summary reports with the Court on Applications;

    ii. Objecting to Applications and litigating the objections;

    iii. Conducting discovery, including filing and litigating discovery motions or objections; and

    iv. Appealing, defending an appeal, or appearing in an appeal regarding an Application.

f. Retain professionals to represent or assist the Fee Examiner with his work under standards and procedures analogous to section 327 of the Bankruptcy Code and to have them compensated by the Debtors under standards and

procedures analogous to those that apply to the professionals, including but

not limited to PROMESA sections 316 and 317.

### Cooperation of Retained Professionals

10.     Professionals shall cooperate with the Fee Examiner in the discharge of his duties

and shall promptly respond to requests from the Fee Examiner for information.

11.     If a professional or its client provides privileged or work product information to

the Fee Examiner and identifies the nature of such information to the Fee Examiner, the Fee

Examiner shall treat such information as confidential. The disclosure of such information to the

Fee Examiner shall not be deemed to be a waiver by the disclosing party of any applicable work

product, attorney client, or other privilege. *See also Stipulated Disclosure Agreement and

Protective Order.*  [Dkt. No. 2832].

### Fee Examiner Compensation and Reimbursement of Expenses

12.     The Fee Examiner shall be entitled to reasonable compensation. including

reimbursement of reasonable, actual, and necessary expenses, from the Debtors.  The Fee

Examiner's compensation and reimbursement shall be subject retrospectively to Court approval

under standards and procedures analogous to those that apply to the professionals.

13.     The Fee Examiner shall file interim and final fee applications under standards and

procedures analogous to sections 316 and 317 of PROMESA.

14.     The Fee Examiner is required to keep reasonably detailed time records and submit

them with any interim or final fee application along with a narrative summary of services

rendered.

15.     The Fee Examiner's compensation and terms of appointment attached as

**Exhibit B** to the *Urgent Motion of the United States Trustee Pursuant to PROMESA Section 316*

6

*and 317 and Bankruptcy Code Section 105(A) for Entry of Order Appointing a Fee Examiner*

*and Related Relief* [Dkt. No. 1296] are hereby re-approved.

**Exculpation**

16.     The Fee Examiner shall be given the maximum immunity permitted by law from

civil actions for all acts taken or omitted in the performance of his duties. In addition to such

immunity, no action may be commenced against the Fee Examiner in connection with Fee

Examiner matters except in this Court and only with the prior approval of this Court, which

retains exclusive jurisdiction.

**Reservations of Rights and Jurisdiction**

17.     Nothing in this Order shall alter or impair the right of the United States Trustee or

any party in interest to object to Applications subject to this Order. Nothing in this Order shall

alter or modify prior orders governing the retention of professionals.

18.     This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

19.     This Order resolves docket entry nos._____..

SO ORDERED.

Dated: _____, 2018

                                        _____
                                        LAURA TAYLOR SWAIN
                                        United States District Judge

18905478.1

7

# EXHIBIT B

DRAFT  4/17/18 5:30 p.m., CST

Formatted: Right

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** ) | **PROMESA** |
| ) | **Title III** |
| ) | |
| **THE FINANCIAL OVERSIGHT AND** ) | **No. 17 BK 3283-LTS** |
| **MANAGEMENT BOARD FOR PUERTO RICO,** ) | |
| ) | **(Jointly Administered)** |
| As a representative of ) | |
| ) | |
| ) | |
| ) | |
| **THE COMMONWEALTH OF PUERTO RICO** ) | |
| ***et al.,*** ) | |
| ) | |
| Debtors.[1] ) | |
| ) | |

### FIRST AMENDED ORDER PURSUANT TO
### PROMESA SECTIONS 316 AND 317 AND
### BANKRUPTCY CODE SECTION 105(A)
### APPOINTING A FEE EXAMINER AND RELATED RELIEF

Upon the ~~Urgent~~ Motion of the ~~United States Trustee~~ *Fee Examiner to Aamend the Fee Examiner Order With Respect to the Scope of the Fee Examiner's Authority in the Interest of Administrative Efficiency* ~~Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) for Entry of Order Appointing a Fee Examiner and Related Relief~~ (the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the:  (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

"Motion");[2] and the Court having found it has subject matter jurisdiction over this matter

pursuant to PROMESA sections 306(a); and it appearing that venue is proper pursuant to

PROMESA section 307(a); and the Court having found that the relief requested in the Motion is

in the best interests of the Debtors, their creditors, and other parties in interest; and the Court

having found that the ~~United States Trustee~~Fee Examiner provided adequate and appropriate

notice of the Motion under the circumstances, including that the relief sought in the Motion is

supported by good cause as contemplated by Bankruptcy Rule 9006, and that no other or further

notice is required; and the Court having reviewed the Motion and the Court having determined

that the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein; and any objections to the relief requested herein having been withdrawn or overruled on

the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY**

**ORDERED THAT**:

1.      The Motion is granted as set forth herein.

**The Appointment of the Fee Examiner**

2.      Brady Williamson shall continue his appointment ~~is hereby appointed to serve~~ as Fee

Examiner in the title III

cases (and in all other title III cases filed by affiliates of the Debtors that are or become jointly

administered with these title III cases, if any).

3.      If the Fee Examiner position becomes vacant, the United States Trustee, after

consultation with the Debtors and Statutory Committees, shall recommend a successor for appointment

by the Court.

4.      This Order applies to all professionals ~~who~~ that will file Applications in the title III cases

(and in all other title III cases filed by affiliates of the Debtors that are or become jointly administered

---

[2] Capitalized Terms used but not otherwise defined herein have the meanings given to them in the Motion.

with these title III cases, if any) seeking

compensation and expenses under PROMESA sections 316 and 317 ~~in the title III cases (and in all other title III cases filed by affiliates of the Debtors that are or become jointly administered with these title III cases, if any)~~ for services rendered whether or not such services are directly in connection with the title III

cases and whether or not such services were provided before the execution of any formal engagement

document or order,

5.    Notwithstanding this Order, the Fee Examiner's authority shall not extend to:

a.   McKinsey & Company, Inc.; or

b.   Andrew Wolfe; or

c.   Any other professional filing an Application in these cases that:

i.   Requests $30,000 or less per month in flat fee compensation; or

ii.   Requests $120,000 or less in hourly compensation for any four-month

interim fee period; or

iii.   Falls below a threshold for treatment as a *de minimis* professional, as that

term is defined in a subsequent order to be negotiated among the Fee

Examiner, the Debtors, the official committees, and the U.S. Trustee.

6.   With respect to the professionals identified in ¶5, *supra*, (the "**Exempted Professionals**"),

the Financial Oversight and Management Board for Puerto Rico, as Representative of the

Debtors, or the party in interest that employs the applying professional shall bear the

responsibility to review these fee and expense requests for compliance with

PROMESA and to make recommendations to the Court.  Notwithstanding these

revisions, the United States Trustee and all other interested parties would, as always,

retain their right to independently review and object to an Exempted Professional's

fees.

~~4.~~

3

**Responsibilities and Authority of the Fee Examiner**

5.7.    The Fee Examiner shall, among other things, review and report on, as appropriate, the Applications filed by the professionals.

6.8.    The Fee Examiner is responsible for monitoring, reviewing, and assessing all Applications for compliance with:

    a.  The Motion;

    b.  PROMESA sections 316 and 317;

    c.  Rule 2016(a) of the Federal Rules of Bankruptcy Procedure;

    d.  The Local Bankruptcy Rules;

    e.  The Interim Compensation Order; and

    f.  U.S. Trustee Guidelines.

7.9.    The Fee Examiner has the authority to:

    a.  Continue to dDevelop case-specific guidelines supplementing, but not in conflict with, the authorities listed above

    b.  Continue to eEstablish procedures to facilitate preparation and review of the Applications, including:

        i.  the use of specific forms and billing codes;

        ii.  the submission of Applications to the Fee Examiner by electronic mail contemporaneously with the filing of each Application; and

        iii.  the submission to the Fee Examiner by electronic mail of the fee detail containing the time entries and the expense detail ("Fee Detail") in the LEDES electronic format (for law firms) or Excel spreadsheets (for all professionals other than law firms). The Fee Examiner and any professional submitting data in Excel will work together to ensure the

4

Fee Detail contains all necessary information. Fee Detail should be submitted contemporaneously with the submission of each Application.

c. ~~Establish~~ Continue to eEstablish procedures to resolve disputes with the professionals concerning the Applications, including:

   i. Communicating concerns to the professionals about their Applications and requesting further information as appropriate;

   ii. Presenting reports to the professionals of the Fee Examiner's review of Applications describing the Fee Examiner's concerns;

   iii. Providing a copy of the Fee Examiner's reports to the U.S. Trustee;

   iv. Negotiating with the professionals any concerns the Fee Examiner has concerning Applications; and

   v. Resolving consensually any concerns the Fee Examiner has about Applications, subject to the Court's approval.

d. Request budgets and staffing plans from the professionals. Any budgets requested shall not limit the amount of fees or expenses that may be allowed or restrict the extent or scope of services that a professional may determine are necessary to fulfill professional responsibilities.

e. Appear and be heard on any matter before this Court or an appellate court regarding the Applications, including but not limited to:

   i. Filing comments and summary reports with the Court on Applications;

   ii. Objecting to Applications and litigating the objections;

5

    iii.   Conducting discovery, including filing and litigating discovery

          motions or objections; and

    iv.   Appealing, defending an appeal, or appearing in an appeal regarding an

          Application.

f.   Retain professionals to represent or assist the Fee Examiner with his work

under standards and procedures analogous to section 327 of the Bankruptcy

Code and to have them compensated by the Debtors under standards and

procedures analogous to those that apply to the professionals, including but

not limited to PROMESA sections 316 and 317.

## Cooperation of Retained Professionals

8. 10.   Professionals shall cooperate with the Fee Examiner in the discharge of his duties
and shall promptly respond to requests from the Fee Examiner for information.

9. 11.   If a professional or its client provides privileged or work product information to
the Fee Examiner and identifies the nature of such information to the Fee Examiner, the Fee
Examiner shall treat such information as confidential. The disclosure of such information to the
Fee Examiner shall not be deemed to be a waiver by the disclosing party of any applicable work
product, attorney client, or other privilege. *See also Stipulated Disclosure Agreement and
Protective Order.* [Dkt. No. 2832].

**Formatted: Font: Italic**

## Fee Examiner Compensation and Reimbursement of Expenses

10. 12.   The Fee Examiner shall be entitled to reasonable compensation. including
reimbursement of reasonable, actual, and necessary expenses, from the Debtors.  The Fee
Examiner's compensation and reimbursement shall be subject retrospectively to Court approval
under standards and procedures analogous to those that apply to the professionals.

6

11.13.   The Fee Examiner shall file interim and final fee applications under standards and procedures analogous to sections 316 and 317 of PROMESA.

12.14.   The Fee Examiner is required to keep reasonably detailed time records and submit them with any interim or final fee application along with a narrative summary of services rendered.

13.15.   The Fee Examiner's compensation and terms of appointment attached as **Exhibit B** to the *Urgent Motion of the United States Trustee Pursuant to PROMESA Section 316 and 317 and Bankruptcy Code Section 105(A) for Entry of Order Appointing a Fee Examiner and Related Relief* [Dkt. No. 1296]Motion are hereby re-approved.

### Exculpation

14.16.   The Fee Examiner shall be given the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of his duties. In addition to such immunity, no action may be commenced against the Fee Examiner in connection with Fee Examiner matters except in this Court and only with the prior approval of this Court, which retains exclusive jurisdiction.

### Reservations of Rights and Jurisdiction

15.17.   Nothing in this Order shall alter or impair the right of the United States Trustee or any party in interest to object to Applications subject to this Order. Nothing in this Order shall alter or modify prior orders governing the retention of professionals.

16.18.   This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

17.19.   This Order resolves docket entry nos.-_____.1296 and 1306 (17-3283); and docket entry nos. 297 and 302 (17-4780).

SO ORDERED.

7

Dated: _____, 2018

_____
LAURA TAYLOR SWAIN
United States District Judge

18765017.1

8

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** | ) **PROMESA**<br>) **Title III**<br>) |
| **THE FINANCIAL OVERSIGHT AND**<br>**MANAGEMENT BOARD FOR PUERTO RICO,** | ) **No. 17 BK 3283-LTS**<br>)<br>) **(Jointly Administered)**<br>) |
| as representative of | )<br>) |
| **THE COMMONWEALTH OF PUERTO RICO**<br>***et al.*,** | ) **Objection deadline:** May 22, 2018 at 4:00 p.m.<br>) (Atlantic Standard Time) or such other deadline<br>) as ordered by the Court<br>) |
| **Debtors.**[1] | ) **Hearing date:** June 6, 2018 at 9:30 a.m. (Atlantic<br>) Standard Time) or such other hearing date as<br>) ordered by the Court<br>) |

## NOTICE OF HEARING ON MOTION OF THE FEE EXAMINER TO AMEND THE FEE EXAMINER ORDER WITH RESPECT TO THE SCOPE OF THE FEE EXAMINER'S AUTHORITY IN THE INTEREST OF ADMINISTRATIVE EFFICIENCY

TO:    THE HONORABLE LAURA TAYLOR SWAIN
         UNITED STATES DISTRICT JUDGE:

The Fee Examiner in these proceedings, pursuant to the agreement of the principal parties

and the Court's subsequent October 6, 2017 *Order Pursuant to PROMESA Sections 316 and 317*

*and Bankruptcy Code Section 105(A) Appointing a Fee Examiner and Related Relief* (the "**Fee**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**Examiner Order**") [Dkt. No. 1416], has moved the Court to amend the Fee Examiner Order as further described in the *Motion of the Fee Examiner to Amend the Fee Examiner Order with respect to the Scope of the Fee Examiner's Authority in the Interest of Administrative Efficiency* (the "**Motion**").

The Fee Examiner has consulted with counsel for some of the principal parties in these proceedings as well as the U.S. Trustee.  Any response or objections to the Applications must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and the Fourth Amended Case Management Procedures [D.I. 2839] (the "**Case Management Procedures**"), and must be filed with the Court (a) by registered users of the Court's case filing system, electronically in accordance with rule 5 of the Local Rules for the District of Puerto Rico, and (b) by all other parties in interest, on CDROM, in text-searchable portable document format (PDF), and served on (i) counsel for the Fee Examiner Brady Williamson, Godfrey & Kahn, S.C., One East Main Street, Madison, WI 53703 (Attn: Katherine Stadler); (ii) EDGE Legal Strategies, PSC, 252 Ponce de Leon Ave., Suite 1200, San Juan, Puerto Rico 00918 (Attn: Eyck O. Lugo); and (iii) the Office of the United States Trustee for Region 21, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901-1922, so as to be received no later than **May 22, 2018 at 4:00 p.m. (Atlantic Standard Time)**.

The date of the hearing at which the Motion shall be considered by the Court is **June 6, 2018 at 9:30 a.m. (Atlantic Standard Time) or at such other time as ordered by the Court** and will be held before the Honorable Laura Taylor Swain, United States District Court Judge, in Room 3 of the United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, Office 150, San Juan, Puerto Rico 00918-1767.

The requested relief may be granted without a hearing if no objection is timely filed and served in accordance with the Case Management Procedures.

WE HEREBY CERTIFY: that on this date, we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all attorneys of record registered in the use of the CM/ECF system.

Dated this 8th day of May 2018.

EDGE Legal Strategies, PSC

*/Eyck O. Lugo*
Eyck O. Lugo
252 Ponce de León Avenue
Citibank Tower, 12th Floor
San Juan, PR  00918
Telephone:  (787) 522-2000
Facsimile:  (787) 522-2010

*Puerto Rico Counsel*

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI  53703
Telephone:  (608) 257-3911
Facsimile:  (608) 257-0609

Katherine Stadler (*Pro Hac Vice*)

*Counsel for the Fee Examiner*

18905692.1