**Hearing Date: June 6, 2018 at 9:30 a.m. (AST)**
**Objection Deadline: May 22, 2018 at 4:00 p.m. (AST)**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

## MOTION OF THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO REGARDING REPRESENTATION OF PREPA RETIREES

---

[1] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric and Power Authority (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747).

The Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") respectfully files this motion ("**Motion**") for entry of an order providing for the representation of the retirees (the "**PREPA Retirees**") of the Puerto Rico Electric Power Authority ("**PREPA**") and, to the extent the Court finds that the Retiree Committee should represent the PREPA Retirees, directing its appointment in PREPA's Title III case. In support of this motion, the Retiree Committee states as follows:

## PRELIMINARY STATEMENT

1. The Retiree Committee's members were appointed by the United States Trustee on June 15, 2017 "to the Official Committee of Retirees in case no. 17-BK-03283 (the Commonwealth's Title III Case)." (Dkt. 340.) Since that time, the Retiree Committee has worked diligently to represent the interests of the approximately 167,000 retired employees (the "**Commonwealth Retirees**") of the Commonwealth of Puerto Rico in matters before this Court and in the ongoing mediation.

2. After the Retiree Committee's appointment, on July 3, 2017, PREPA filed its Title III petition. PREPA Retirees receive pensions and other post-employment retirement benefits ("**OPEB**") through the PREPA Retirement System, known also as the Employees' Retirement System of the Puerto Rico Electric Power Authority (the "**PRS**"). According to PREPA's certified April 19, 2018 Fiscal Plan (the "**PREPA Fiscal Plan**" or "**Fiscal Plan**"), the PRS is "significantly underfunded" by no less than $3.6 billion, OPEB obligations of $384 million are completely unfunded, and PREPA's debt structure is "not sustainable."[2] PREPA is in the midst of an 18-month

---

[2] *See* PREPA Fiscal Plan, https://juntasupervision.pr.gov/wp-content/uploads/wpfd/50/5ad90880bf3a7.pdf at 27−28.

2

"transformation[al]" restructuring that contemplates privatization of certain assets and operations.[3] And specifically, according to the PREPA Fiscal Plan, that transformative process includes *switching to a defined contribution plan and cutting accrued pension benefits by 10%*.[4]

3. In light of these various and significant threats to PREPA Retirees, it is the Retiree Committee's position that the PREPA Retirees should be represented by an official committee.[5] As discussed below, the Retiree Committee believes it is well situated to serve as the official retiree committee for the PREPA Retirees. However, the thrust of this Motion is to urge the appointment of a retiree committee for the PREPA Retirees, whether that committee is the Retiree Committee or a separate committee appointed only in PREPA's Title III case.

4. The United States Trustee has not appointed a retiree committee to represent, or amended the notice of appointment of the Retiree Committee to include representation of, the PREPA Retirees. The United States Trustee did, however, file an amended notice of appointment in PREPA's case expanding the scope of representation and constituency of the Official Committee of Unsecured Creditors (the "**UCC**") to include PREPA creditors. (Case No. 17-BK-4780, Dkt. 255.) Counsel for the Retiree Committee has conferred with the United States Trustee's office regarding the PREPA Retirees' need for representation. The Retiree Committee files this motion consistent with those discussions, seeking entry of an order providing for the representation

---

[3] *Id*. at 14, *passim*.

[4] *Id.* at 35.

[5] Indeed, although the Retiree Committee does not currently represent the interests of PREPA Retirees, it has received numerous inquiries via the Retiree Committee website from PREPA Retirees regarding their rights, retirement benefits, and the Title III cases generally.

of PREPA Retirees and, to the extent the Court finds that the Retiree Committee should represent the PREPA Retirees, directing appointment of the Retiree Committee in the PREPA Title III case.

## Jurisdiction and Venue

5. The United States District Court for the District of Puerto Rico (the "**Court**") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

6. Venue is proper pursuant to PROMESA section 307(a).

7. The statutory bases for the relief requested herein are Bankruptcy Code section 1102(a)(1) and (2), made applicable pursuant to PROMESA section 301(a).

## Background

**A.  General Background**

8. On May 3, 2017, the FOMB filed a Title III petition for the Commonwealth of Puerto Rico.

9. On May 5, 2017, the Ad Hoc Committee for the Protection of Accrued Retirement Benefits of Puerto Rico's Public Employees and Retirees (the "**Ad Hoc Retiree Committee**") filed a motion in the Commonwealth's case seeking the appointment of an official committee of retired employees. (Dkt. 8.) On May 19, 2017, Guy G. Gebhardt, Acting United States Trustee for Region 21 (the "**U.S. Trustee**"), filed a response in opposition to the Ad Hoc Retiree Committee's motion. (Dkt. 192.)

10. On June 15, 2017, the U.S. Trustee, pursuant to section 1102(a)(1) of the Bankruptcy Code, appointed nine individuals to the Retiree Committee: Blanca Paniagua, Carmen Nunez, José Marin, Juan Ortiz, Lydia Pellot, Marcos A. Lopez, Miguel Fabre, Milagros Acevedo, and Rosario Pacheco. (Dkt. 340.)[6] The U.S. Trustee's notice of appointment stated that the

---

[6] As of April 12, 2018, José Marin resigned from the Retiree Committee. No replacement member has been appointed to date.

4

appointment was "to the Official Committee of Retirees in case no. 17-BK-03283 (the Commonwealth's Title III Case)." (*Id.*)

11. Also on June 15, 2017, the U.S. Trustee, pursuant to section 1102(a)(1) of the Bankruptcy Code, filed a similar notice of appointment in which it appointed an "Official Committee of Unsecured Creditors in case no. 17-BK-03283 (the "Commonwealth's Title III case)." (Dkt. 338.)

12. On July 3, 2017, PREPA, by and through the FOMB, as PREPA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

13. On August 25, 2017, the U.S. Trustee filed an Amended Notice of Appointment of Unsecured Creditors in PREPA's case (Case No. 17-BK-4780, Dkt. 255), in which it amended its June 15, 2017 notice, stating: "From and after the date of the filing of this Amendment, the Committee will serve as the official committee of unsecured creditors in the Commonwealth, HTA, ERS, and PREPA cases." (*Id.* ¶ 1.) Pursuant to the Amended Notice of Appointment, the U.S. Trustee added a PREPA creditor and an HTA creditor to the UCC.

14. The U.S. Trustee has not filed any amended notices with respect to the constitution or scope of the Retiree Committee.

**B. PREPA Retirement System and PREPA Fiscal Plan**

15. The PREPA Retirees, their beneficiaries, and current PREPA employees participate in the PRS. As of December 2017, total beneficiaries of the PRS numbered approximately 18,500, approximately 10,000 of whom are current retirees.

16. On April 19, 2018, the FOMB certified the PREPA Fiscal Plan. As mentioned above, the Fiscal Plan unequivocally states that PREPA's current debt structure is "not

5

sustainable" and that the PRS is "significantly underfunded." (PREPA Fiscal Plan at 27–28.)

PREPA's Fiscal Plan provides:

> The [PRS] is significantly underfunded - as much as ~$3.6B (based on an optimistic 8.25% rate of return). PREPA is in the process of reviewing and updating these numbers and projections. ***PREPA expects that the unfunded liability could be significantly higher particularly when considering recent trends in PREPA employees and a more realistic lower rate of return.***

(*Id.* at 28 (emphasis supplied).) Based on these "optimistic" projections, the PRS is 28 percent funded. (*Id.*)

17. The Fiscal Plan further states:

> PREPA currently estimates savings from pension benefits reform, including both from switching to a defined contribution system and reducing benefits by roughly 10%.

(*Id*. at 35.)

### Relief Requested

18. PROMESA incorporates section 1102 of the Bankruptcy Code, which permits the U.S. Trustee to appoint committees of creditors as it deems appropriate or as the Court orders. 11 U.S.C. § 1102(a)(1), (2). Section 1102(a)(2) in particular permits courts to order the appointment of additional committees of creditors if necessary to assure "adequate representation of creditors." 11 U.S.C. § 1102(a)(1). Section 1102 "affords no test of adequate representation leaving bankruptcy courts with discretion to examine the facts of each case to determine if additional committees are warranted." *In re Mansfield Ferrous Castings, Inc.*, 96 B.R. 779, 780–81 (Bankr. N.D. Ohio 1988) (citing *In re Beker Indus. Corp.*, 55 B.R. 945, 948 (Bankr. S.D.N.Y. 1985)); *In re Johns-Mannville Corp.*, 68 B.R. 155, 159 (Bankr. S.D.N.Y. 1986)). While "adequate representation" is not defined, courts have considered factors such as the size and complexity of the proceedings. *Mansfield*, 96 B.R. at 781.

19. There can be little doubt that PREPA's Title III proceedings are large and will involve significant complexity. Total bond debt at PREPA exceeds $9 billion (Fiscal Plan at 27) and has been the subject of intense restructuring negotiations for years. The PREPA Fiscal Plan envisions a transformation "to radically shift from the current energy sector model by enacting deep energy sector reform that fully leverages private market expertise, know-how and investment." (PREPA Fiscal Plan at 9.) Such a drastic change in the entire business platform of PREPA will certainly raise numerous complex issues affecting the legal and economic feasibility of any plan of adjustment proposed in its Title III case.

20. As stated above, based on data from late 2017, the total number of beneficiaries of the PRS is approximately 18,500. It would be impossible for PREPA to negotiate with each individual beneficiary, and any attempt to do so would engender enormous expense and delay in administering the PREPA case. Moreover, these individuals generally lack the means to represent themselves and engage in negotiations in these matters.

21. While underfunding liabilities are currently calculated at approximately $3.6 billion, the PREPA Fiscal Plan indicates that this number could be much higher and is currently subject to review. (Fiscal Plan at 28.) Moreover, the examination and re-calculation of this liability is not a straightforward, simple process: the PREPA Fiscal Plan indicates that due to "conflicting and incomplete information," "there is considerable uncertainty around the size of the unfunded liability." (Fiscal Plan at 35 n.2.)

22. Thus, clearly, the population of PREPA Retirees and their claims and interests are large and in need of representation, and the determination of the PRS underfunding liabilities and the treatment of those liabilities will prove complex. Moreover, it is undeniable that the claims of retirees for pension benefits, as well as OPEB (another $384 million of unfunded liability), are

7

both complex and distinct from other types of liabilities and will likely require different analyses and treatment than other types of claims.

23. In such circumstances, the Retiree Committee submits that "adequate representation" of the PREPA Retirees requires the appointment of an official retiree committee and access to legal and financial advisors to represent the collective interests of PREPA Retirees. Indeed, in its response to the Ad Hoc Retiree Committee's motion for appointment of a retiree committee in the Commonwealth case, the United States Trustee acknowledged the significant and distinct role of retirees in these Title III cases. (*See* Dkt. No. 192 at 5 ("The United States Trustee appreciates the important role the retirees will play in these cases—retirees deserve official committee representation.")).

24. The Retiree Committee further submits that as the voice of the 167,000 Commonwealth Retirees, it is best positioned to also represent the PREPA Retirees. The Retiree Committee and its professionals (including attorneys, financial advisors, and actuaries) are intimately familiar with the Commonwealth's financial and restructuring issues. Although the PREPA Retirees are subject to a separate retirement system, much of the case-specific expertise developed by the Retiree Committee's professionals will be relevant and transferable to issues that will arise in PREPA's Title III case, resulting in the most effective, timely, and cost-efficient representation. Indeed, the Retiree Committee and its professionals are fully prepared to provide to the PREPA Retirees the same committed and effective representation that they have provided to their current constituents. Absent an amended appointment from the U.S. Trustee, however, the scope of the Retiree Committee's representation is limited to the Commonwealth Retirees, as set forth in the June 15, 2017 notice of appointment.

8

25. Whether represented by the Retiree Committee or a separate committee appointed in PREPA's Title III case, the PREPA Retirees require an immediate voice in PREPA's restructuring. As the PREPA Fiscal Plan illustrates, PREPA is moving swiftly to undertake material, irreversible decisions that may affect the PREPA Retirees' pensions and other retirement benefits. Any further delay in substantive retiree participation in PREPA's Title III case risks significant prejudice to the PREPA Retirees' interests.

WHEREFORE, the Retiree Committee respectfully requests entry of an Order providing for the representation of PREPA Retirees and, to the extent the Court finds that the Retiree Committee should represent the PREPA Retirees, directing its appointment in PREPA's Title III case.

May 14, 2018

JENNER & BLOCK LLP

By:
*/s/ Robert Gordon*
Robert Gordon (admitted *pro hac vice*)
Richard Levin (admitted *pro hac vice*)
Carl Wedoff (admitted *pro hac vice*)
919 Third Ave
New York, NY 10022-3908
rgordon@jenner.com
rlevin@jenner.com
212-891-1600 (telephone)
212-891-1699 (facsimile)

Catherine Steege (admitted *pro hac vice*)
Melissa Root (admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
312-222-9350 (telephone)
312-239-5199 (facsimile)

Respectfully submitted,

BENNAZAR, GARCÍA & MILIÁN, C.S.P.

By:
*/s/ A.J. Bennazar-Zequeira*
A.J. Bennazar-Zequeira
Hector Mayol Kauffman
Edificio Union Plaza, 1701
Avenida Ponce de León #416
Hato Rey, San Juan
Puerto Rico 00918
ajb@bennazar.org
hector.mayol@bennazar.org
787-754-9191 (telephone)
787-764-3101 (facsimile)

*Counsel for The Official Committee of Retired Employees of Puerto Rico*