**Hearing Date**: May 21, 2018 at 1:30 p.m. (A.S.T./E.D.T.)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, <u>et al.</u>,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS<br><br>**Court Filing Relates Only to PREPA and Shall Only be Filed in Case Nos. 17 BK 3283-LTS, 17 BK 4780-LTS** |

**REPLY OF ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, THE AD HOC GROUP OF PREPA BONDHOLDERS, SYNCORA GUARANTEE INC., AND U.S. BANK NATIONAL ASSOCIATION, IN ITS CAPACITY AS PREPA BOND TRUSTEE, IN FURTHER SUPPORT OF THEIR JOINDER TO MOTION TO COMPEL COMPLIANCE WITH FEBRUARY 26, 2018 ORDER AND FOR ENTRY OF A PROTECTIVE ORDER OF AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS, AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., THE MUTUAL FUND GROUP, AND NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION**

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("<u>Commonwealth</u>") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID:  8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID:  3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID:  9686); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID:  3747).

## <u>TABLE OF CONTENTS</u>

<u>**PAGE**</u>

TABLE OF AUTHORITIES ............................................................................................. ii

A.    The PREPA Movants' Joinder To The Commonwealth Movants' Motion To
      Compel Is Procedurally Appropriate ................................................................4

B.    There Is Good Cause For The Fiscal Plan Development Materials To Be Produced
      Under Rule 2004 At This Time .........................................................................6

C.    Data Room Materials Are Not Protected By The Deliberative Process Privilege.............11

CONCLUSION...................................................................................................13

USActive 44697998.14

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES:**

Bhatia-Gautier v. Rosselló-Nevares,
  2017 TSPR 173, 2017 WL 4975587 (P.R. 2017) ....................................................11

Bhatia-Gautier v. Rosselló-Nevares,
  Civil No. SJ2017CV00271 (P.R. Super. Ct. Mar. 16, 2018) ..................................11

Melendez-Colon v. U.S.,
  56 F. Supp. 2d 142 (D.P.R. 1999) ..........................................................................12

PPV Connection, Inc. v. Nieves-Sosa,
  268 F.R.D. 42 (D.P.R. 2010) ....................................................................................5

Providence J. Co. v. U.S. Dep't of Army,
  981 F.2d 552 (1st Cir. 1992) ..................................................................................11

**STATUTES & OTHER AUTHORITIES:**

PROMESA § 405(m)(1), 48 U.S.C. § 2194(m)(1) ....................................................6

H.R. Rep. No. 114-602, pt. 1 (2016)..........................................................................6

USActive 44697998.14

**TO THE HONORABLE COURT:**

The PREPA Movants Assured, National, the Ad Hoc Group of PREPA Bondholders, Syncora, and U.S. Bank National Association, in its capacity as PREPA Bond Trustee respectfully submit this reply in response to *PREPA's Opposition to Joinder of Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation, The Ad Hoc Group of PREPA Bondholders, Syncora Guarantee Inc., and U.S. Bank National Association, in its Capacity as PREPA Bond Trustee to Motion to Compel Compliance With February 26, 2018 Order and For Entry of a Protective Order of Ad Hoc Group of General Obligation Bondholders, Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., The Mutual Fund Group, and National Public Finance Guarantee Corporation* (ECF No. 3029) ("Opposition") filed by AAFAF and PREPA (together, "Respondents") and in further support of the *Joinder of Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation, The Ad Hoc Group of PREPA Bondholders, Syncora Guarantee Inc., and U.S. Bank National Association, in its Capacity as PREPA Bond Trustee to Motion to Compel Compliance With February 26, 2018 Order and For Entry Of A Protective Order of Ad Hoc Group of General Obligation Bondholders, Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., The Mutual Fund Group, and National Public Finance Guarantee Corporation* (ECF No. 2948) ("Joinder").[2]

1.      Respondents seek to prohibit the PREPA Movants from using Fiscal Plan Development Materials in these Title III Cases.  There is no question that the Fiscal Plan

---

[2]      Capitalized terms not defined herein are defined in the Joinder or the *Motion to Compel Compliance with February 26, 2018 Order and For Entry of a Protective Order of Ad Hoc Group Of General Obligation Bondholders, Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., The Mutual Fund Group, and National Public Finance Guarantee Corporation* (ECF No. 2865) ("Motion to Compel").  "ECF No." refers to filings in Case No. 17 BK 3283-LTS, unless otherwise noted.

USActive 44697998.14

Development Materials are highly relevant to disputed issues in the Title III Cases.  The

relevance of such documents is precisely why PREPA entered into a stipulation approved by the

Court so that the PREPA Movants could issue the PREPA 2004 Requests.  See Case No. 17 BK

4780-LTS, ECF No. 538.  To date, PREPA has not produced any documents in response to such

requests.[3]

    2.    The time for discovery on the Fiscal Plan Development Materials is now.  The

Oversight Board has certified a new fiscal plan for PREPA, and the materials the PREPA

Movants seek clearly exist.  There is no reason to wait on production other than to give creditors

less time to examine important information that could help steer the direction of the case.

    3.    The current status quo is untenable.  For the very few responsive materials that

PREPA has made available through the Data Room, restrictions on materials posted in the Data

Room ("Data Room Materials") prohibit the PREPA Movants from using these Fiscal Plan

Development Materials in the pending Title III Cases.  The restrictions are highly prejudicial and

manifestly unfair because they prevent the PREPA Movants from being able to fully advocate

and litigate their positions in the Title III Cases.  Even PREPA concedes that the Fiscal Plan

Development Materials should be produced under Rule 2004 upon the filing of a plan of

adjustment or some other contested matter.  See Opp. at 7.  The production of these materials

under Rule 2004, however, should not be further delayed until some undetermined future time.

    4.    Moreover, the PREPA Movants' Joinder to the Commonwealth Movants' Motion

to Compel is procedurally appropriate because Respondents AAFAF and PREPA are objecting

to the Joinder on the exact same basis that AAFAF, the Commonwealth, and the Oversight

---

[3]    The PREPA Movants reserve any and all rights to seek additional discovery from PREPA,
Commonwealth, AAFAF, the Oversight Board or any other party.

Board objected to the Motion to Compel.[4]  The filing of a separate motion to compel with respect to Respondents is unnecessary and duplicative, and would waste this Court's and the parties' resources.  That is because the issues that would be briefed in a separate motion to compel are substantially identical to those issues already before the Court and scheduled to be heard on May 21, 2018—as the Respondents themselves acknowledge.  See Opp. at 4 (admitting that PREPA's position with respect to the disputed materials is the same as in the Commonwealth Title III dispute).

5.      Finally, the Fiscal Plan Development Materials in the Data Room are not protected by the deliberative process privilege.  Even if the materials were so protected, any privilege was waived once the materials were posted in the Data Room.

6.      For the reasons set forth herein and in the Joinder, the Motion to Compel and Commonwealth Movants' Reply,[5] the Court should grant the relief requested in the Motion to Compel as to PREPA and compel PREPA to produce all of the Fiscal Plan Development Materials identified in Exhibit A to the Joinder, as well as any future Fiscal Plan Development Materials.

---

[4]    Indeed, Respondents incorporate by reference all arguments made by the Oversight Board and AAFAF into their Opposition here.  See Opp. at 3 n.4.

[5]    The "Commonwealth Movants' Reply" refers to the *Reply in Support of Motion to Compel Compliance With February 26, 2018 Order and For Entry of a Protective Order of Ad Hoc Group of General Obligation Bondholders, Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., The Mutual Fund Group, and National Public Finance Guarantee Corporation* (ECF No. 2982).  The PREPA Movants fully incorporate all arguments made in the Motion to Compel and the Commonwealth Movants' Reply in support of the relief requested in the Joinder.

- 3 -

A.     **The PREPA Movants' Joinder To The Commonwealth Movants' Motion To Compel Is Procedurally Appropriate**

7.     The PREPA Movants' Joinder to the Commonwealth Movants' Motion to Compel is procedurally appropriate.  The PREPA Movants joined the Motion to Compel because PREPA, the Commonwealth, AAFAF and the Oversight Board are taking the exact same positions with regard to Fiscal Plan Development Materials.  Respondents will likely argue that any decision on the Motion to Compel is binding on the PREPA Movants.  It therefore makes sense for the Motion to Compel and Joinder, which involve nearly identical issues, to be heard together.

8.     Respondents' arguments against allowing the Joinder to go forward in its current form elevate form over substance.  The PREPA Movants can easily bring a motion to compel discovery and likely will need to do so at some point to address additional open discovery requests; the arguments made in the Joinder can be slotted into any such motion to compel. But rather than proceeding to do so, the PREPA Movants instead looked to the interests of judicial economy and decided that filing a separate motion would only create more work for the Court and the Respondents. A joinder is wholly appropriate here, where the issues raised in the Motion to Compel and the Joinder are substantially similar, and where PREPA told the PREPA Movants in advance that it planned to take the same position as the respondents in the Motion to Compel had taken.

9.     As an initial matter, Respondents' claim that they objected during a meet and confer to the filing of a joinder is inaccurate.  Before filing the Joinder on April 23, 2018, attorneys representing certain of the PREPA Movants held a meet and confer on April 10, 2018 with attorneys at Greenberg Traurig, LLP (counsel for AAFAF as Fiscal Agent to PREPA), as reflected in emails attached hereto as Exhibit A.  The PREPA Movants specifically asked if

USActive 44697998.14

PREPA would object to the filing of a joinder as opposed to a separate motion to compel.  The attorneys at Greenberg Traurig did ***not*** affirmatively state that PREPA objected to the filing of a joinder.  Instead, they represented that they would discuss the matter with their clients.  In emails attached hereto as Exhibit B, the attorneys at Greenberg Traurig later agreed to a briefing schedule, without objecting to the proposed filing of a joinder.

10.     In any event, it is clear that the Joinder is procedurally proper under the circumstances.[6]  Respondents' claim that they are not parties to the motion practice in connection with the Commonwealth Movants' Motion to Compel is actually incorrect.  Although PREPA is not opposing the Motion to Compel, AAFAF is opposing it along with the Joinder.[7]  Moreover, PREPA is a public corporation of the Commonwealth and its restructuring is being overseen by the Oversight Board, which is also objecting to the Motion to Compel.  Finally, given that Respondents confirmed that PREPA was taking the same position as AAFAF, the Commonwealth and the Oversight Board, there was no need for the parties to engage in unproductive meet and confers and duplicative motion practice.

11.     The issues raised in connection with the Joinder already have been raised in the Motion to Compel.  The PREPA Movants submit that the Joinder is far more efficient and less burdensome on the parties and the Court as opposed to filing a duplicative motion to compel that would further delay resolution of the issues set forth in the Joinder.

---

[6]     Respondents' reliance on <u>PPV Connection, Inc. v. Nieves-Sosa</u>, 268 F.R.D. 42, 43 (D.P.R. 2010), is inapplicable because it pertains to permissive joinder of defendants to actions pursuant to Federal Rule of Civil Procedure 20.

[7]     AAFAF is represented by separate counsel with respect to the oppositions to the Joinder and the Motion to Compel.  Greenberg Traurig represents AAFAF in the PREPA Title III Case. <u>See</u> Opp. at 9 (signing brief on behalf of AAFAF).  O'Melveny Meyers represents AAFAF in the Commonwealth Title III Case.  <u>See</u> ECF No. 2949 at 14 (signing brief on behalf of AAFAF). Notwithstanding its retention of separate counsel, AAFAF is still a single entity acting on behalf of the Commonwealth of Puerto Rico.

USActive 44697998.14

**B.    There Is Good Cause For The Fiscal Plan Development Materials To Be Produced Under Rule 2004 At This Time**

12.    There is good cause for the Fiscal Plan Development Materials to be produced under Rule 2004 at this time.  PREPA has refused to (i) produce any Fiscal Plan Development Materials under Rule 2004 and (ii) remove any Fiscal Plan Development Materials from the Data Room.  See Joinder at 5-6.  Under the restrictions set forth in applicable non-disclosure agreements and the Mediation Agreement (collectively, the "Data Room Restrictions"), the PREPA Movants are prohibited from using Fiscal Plan Development Materials posted in the Data Room in the pending Title III Cases.  The Data Room Restrictions prevent the PREPA Movants from being able to fully advocate their positions in the Title III Cases.  There is no reason to further delay the production under Rule 2004 of the Fiscal Plan Development Materials.

13.    The PREPA Movants and other creditors should be provided with materials regarding the proposed fiscal plan and the financial condition of PREPA.  At the first day hearing in these Title III proceedings, the Court stated that "transparency is important in these proceedings. . . . [A] method that . . . will make the steps and the issues as transparent as possible is appropriate from my perspective."  May 17, 2017 Hr'g Tr., ECF No. 207 at 63:6.  Congress specifically identified "lack of financial transparency" as one of the primary factors leading to Puerto Rico's financial difficulties.  PROMESA § 405(m)(1), 48 U.S.C. § 2194(m)(1).  The Oversight Board's Congressional mandate is precisely to "bring order and *transparency*" to Puerto Rico.  H.R. Rep. No. 114-602, pt. 1 at 40 (2016) (emphasis added).  Respondents' refusal to produce the Fiscal Plan Development Materials outside of the Data Room frustrates the important goal of transparency set by this Court and by Congress.

- 6 -

14.     Posting materials in the Data Room is not equivalent to producing the same materials under Rule 2004.  See Commonwealth Movants' Reply at 6-8.  The Data Room was established before the commencement of the Title III Cases in order to exchange documents in mediation, and as a result the Data Room Restrictions prohibit the use of materials in court proceedings.  The Data Room Restrictions go far beyond the confidentiality requirements of the applicable *Stipulated Protective Order* (Case No. 17 BK 04780-LTS, ECF No. 708) ("PREPA Protective Order").  The PREPA Protective Order covers any materials produced in response to the PREPA 2004 Requests, including the Fiscal Plan Development Materials.  See PREPA Protective Order at 4-5.  Thus, if PREPA were ordered to produce the Fiscal Plan Development Materials, the protections in the PREPA Protective Order would apply to the production. PREPA would, therefore, not be prejudiced by complying with the PREPA Protective Order, which is intended to protect PREPA from precisely these confidentiality concerns.

15.     The Data Room Restrictions prohibit any use of Data Room Materials before the Court in these Title III Cases.  See Commonwealth Movants' Reply at 2.  As a result, the Data Room Restrictions prohibit the use of Data Room Materials as exhibits to filings with the Court or referring to the substance of such materials in filings, even under seal.  The Data Room Restrictions also prohibit the use of Data Room Materials in connection with discovery, including the introduction of such materials as exhibits at depositions.  Id.  In contrast, the PREPA Protective Order permits a party to use documents in the Title III Cases subject to filing "Confidential Material" under seal.  See PREPA Protective Order at 9-10.

16.     Respondents do not need to make any type of determination for the Data Room Materials to be subject to the Data Room Restrictions—materials posted to the Data Room are automatically subject to such restrictions.  See Commonwealth Movants' Reply at 2. By comparison, under the PREPA Protective Order, in order to designate material as "Confidential

- 7 -

Material," Respondents must make a good-faith determination that such materials contain "commercial, financial, trade secret, research and development, or personal information of a proprietary nature that is not known to, or has not generally been made available to, the public or other information the disclosure of which, in the good faith judgment of the Producing Party, would be detrimental to the conduct of the Producing Party's business or official functions." PREPA Protective Order at 3.

17.    The PREPA Protective Order also sets forth procedures to challenge the designation of material as "Confidential Material" (the "Designation Challenge Procedures"). Id. at 8.  There is no procedure for the PREPA Movants to object to the Data Room Restrictions other than filing a motion to compel with the Court.  See Commonwealth Movants' Reply at 2. However, due to the Data Room Restrictions, a party's ability to litigate a motion to compel is severely limited.  When challenging designations of "Confidential Material," a party can submit the material in dispute to the Court under seal.  See PREPA Protective Order at 8, 9.  A party cannot, however, submit Data Room Materials to the Court in order to challenge the Data Room Restrictions on such material.  For instance, the Data Room Restrictions prohibit the PREPA Movants from submitting any of the seven documents in dispute, which are listed in Exhibit A to the Joinder, to the Court.

18.    In their Opposition, Respondents claim that it is unclear whether the PREPA Movants are seeking to have the Data Room Restrictions lifted or have the Fiscal Plan Development Materials designated as "Confidential Material" under the PREPA Protective Order.  See Opp. at 7.  The PREPA Movants' position is clear:  they are seeking to have the Data Room Restrictions lifted on the Fiscal Plan Development Materials, and to have the materials produced outside of the Data Room pursuant to Rule 2004.  To the extent that the produced Fiscal Plan Development Materials are determined in good faith by Respondents to be

- 8 -

"Confidential Material" under the PREPA Protective Order, Respondents are permitted to so designate the materials, subject to the PREPA Movants' rights to invoke the Designation Challenge Procedures.[8]

19.     There can be no question that the Fiscal Plan Development Materials are highly relevant to the Title III Cases.   Indeed, Respondents concede that the materials should be produced under Rule 2004 upon the filing of a plan of adjustment, some other contested matter or the scheduling of an expert deposition.  See Opp. at 7.  The PREPA Movants, however, should not be forced to wait until some undetermined point for these materials to be produced under Rule 2004.

20.     Respondents' assertion that the production of the Fiscal Plan Development Materials should be delayed makes the incorrect assumption that there will be sufficient time for the PREPA Movants to identify relevant documents, meet and confer with Respondents regarding their use, and file motions to compel if necessary.   See Commonwealth Movants' Reply at 6-7.  As the Court is aware, urgent motions have been filed by PREPA, AAFAF and the Oversight Board in these Title III Cases on a fairly regular basis with little notice and expedited briefing and hearing schedules.  Given that a plan of adjustment is scheduled to be filed in 2019, the expedited nature of these Title III Cases presumably will continue.

21.     For example, as described in the Commonwealth Movants' Reply, PREPA initially sought approval of $1.3 billion in post-petition financing, requested an interim hearing

---

[8]   The Data Room also has various levels of access that prohibit certain parties from seeing certain documents.  Indeed, one of the seven documents set forth in Exhibit A to the Joinder— No. 4.11.2.3—cannot be viewed or otherwise accessed by certain of the PREPA Movants. Movants were not aware that the document existed until the PREPA Movants with access suggested it be included in the Joinder.  The PREPA Movants should not be forced to conduct a "check" with all other parties to determine whether they have access to all relevant documents. This is yet another reason why the Fiscal Plan Development Materials should be produced under Rule 2004.

eleven days after filing of the motion, and gave parties only five days to file objections. See Commonwealth Movants' Reply at 6-7 & n.6. The related briefing and discovery advanced on an extremely expedited timeline. See, e.g., Case No. 17 BK 04780-LTS, ECF Nos. 559, 636, 658, 728. In addition to receiving complex financial information regarding PREPA for the first time during discovery, taking and defending multiple depositions and drafting detailed objections in preparation for an accelerated evidentiary hearing, the PREPA Movants also were forced to overcome various hurdles in order to use Data Room Material in discovery and support their objections.[9] For instance, in order to attach Data Room Materials to their objections, Respondents had to first consent to their use. The Data Room Restrictions thus imposed additional, unwarranted burdens on the PREPA Movants, at a time when Movants already were engaged in expedited discovery and motion practice. Having to notify Respondents before using the documents was also objectionable in that it provided insight into the PREPA Movants' legal strategy.[10]

22.     Moreover, upon the filing of a plan of adjustment or other contested matter, Respondents may very well object to the production of some or all of the Fiscal Plan Development Materials outside of the Data Room. The PREPA Movants should not be forced to wait for the production of the Fiscal Plan Development Materials, only to have Respondents object to such production. The PREPA Movants would then be forced to file a motion to compel

---

[9]     Although the PREPA Movants served discovery on PREPA in connection with the proposed post-petition financing, PREPA continued to post the responsive materials in the Data Room instead of producing them outside of the Data Room.

[10]     The Data Room Restrictions also require creditors essentially to inform Respondents as to how they intend to prepare their experts, which may violate work product protections and other privileges. See Commonwealth Movants' Reply at 6-7.

- 10 -

while also litigating a disputed motion.  To conserve both Court and party resources, this dispute

can and should be resolved now instead of pushing it further down the road.

## C.     Data Room Materials Are Not Protected By The Deliberative Process Privilege

23.     The Fiscal Plan Development Materials are not protected by the deliberative

process privilege.  Respondents briefly assert that three Excel workbooks —Nos. 2.8.3.1, 2.8.4.1

and 2.8.4.2—may be subject to the deliberative process privilege because they "are for draft

plans."  Opp. at 8.  Even if these Excel workbooks were protected by the deliberative process

privilege—and they are not—any privilege on these documents has been waived.

24.     In order for the deliberative process privilege to apply, the Supreme Court of

Puerto Rico recently held that the government must show:

> (1) the head of the agency that controls the information must claim
> it formally, after pondering it; (2) an officer from the agency must
> provide the precise reasons why the confidentiality of the
> documents is claimed, and (3) the government must identify and
> describe the information or the documents that it wants to
> protect. . . .  Also, for the privilege to be activated, the government
> must show that the document in question is "deliberative" and
> "pre-decisional". . . .  An [sic] information is deliberative inasmuch
> as it relates to a process in which the public policy is developed or
> formulated. . . .  A pre-decisional document is when it is prepared
> to assist in the taking of decisions of the government, that is, prior
> to taking them.

Bhatia-Gautier v. Rosselló-Nevares, 2017 TSPR 173, 2017 WL 4975587 (P.R. 2017), ECF No.

2707-3 at 24-25 (citations omitted);  see also Bhatia-Gautier v. Rosselló-Nevares, Civil No.

SJ2017CV00271 (P.R. Super. Ct. Mar. 16, 2018), ECF No. 2815-2 at 15-16; Providence J. Co. v.

U.S. Dep't of Army, 981 F.2d 552, 559 (1st Cir. 1992).

25.     Respondents assert that the three Excel workbooks may be protected by the

deliberative process privilege, but they do not even attempt to substantiate this claim.  Instead,

Respondents discuss the three Excel workbooks in two conclusory sentences and state that

- 11 -

documents "may be subject to the deliberative process privilege."  Opp. at 8.  For this reason
alone, Respondents' claim of deliberative process privilege over these Excel workbooks should
be denied.

26.     Respondents also misinterpret the Court's findings in the Order of February 26,
2018 (ECF No. 2590) ("February 26th Order").   As Respondents acknowledge, Assured and
National objected to various findings in the February 26th Order regarding the deliberative
process privilege (see ECF Nos. 2707, 2835, 2906) and such objections have not yet been
resolved by the Court.  In any event, in the February 26th Order, the Court did not find that "only
formulae and assumptions underlying the final 2017 and 2018 plan are not subject to the
deliberative process privilege."   Opp. at 7.   This interpretation would allow Respondents to
withhold an overly broad range of categories of documents.   Instead, the Court found that
"communications among the Commonwealth, AAFAF, the Oversight Board and their
professionals, as well as other materials relating to the creation of the 2017 and 2018 Plans" are
subject to the deliberative process privilege.  See February 26th Order at 4.

27.     Even if the deliberative process privilege applied to any of the three Excel
workbooks (and it does not), it has been waived by PREPA's disclosure of those Excel
workbooks to third parties via the Data Room.  See Melendez-Colon v. U.S., 56 F. Supp. 2d 142,
145-46 (D.P.R. 1999).   The Excel workbooks already have been viewed by numerous third
parties, including the PREPA Movants, their advisors, and other parties.   There can be no
genuine question that any supposed privilege has been waived.

28.     Respondents' argument is thus meritless, and, if anything, serves to show why
these three Excel workbooks and other Fiscal Plan Development Materials should be produced
under Rule 2004.  The Data Room Restrictions prohibit the PREPA Movants from submitting
any of these three Excel workbooks to the Court or discussing their substance.  As a result,

- 12 -

Respondents are free to make a completely unsupported argument regarding these Excel workbooks, yet the PREPA Movants are limited and constrained in responding to such an argument.  This scenario is highly prejudicial to the PREPA Movants and other creditors but will continue to occur unless the Court orders the production of the Fiscal Plan Development Materials pursuant to Rule 2004.

## **CONCLUSION**

29.     For the reasons set forth herein, as well as in the Joinder, the Motion to Compel and the Commonwealth Movants' Reply, pursuant to Rule 2004 and the February 26th Order, the Court should grant the relief requested in the Motion to Compel as to PREPA and compel PREPA to produce all of the Fiscal Plan Development Materials identified in Exhibit A to the Joinder.

- 13 -

Dated:  New York, New York
         May 14, 2018


**CASELLAS ALCOVER & BURGOS P.S.C.**

By: /s/ *Heriberto Burgos Pérez*
Heriberto Burgos Pérez
USDC-PR 204809
Ricardo F. Casellas-Sánchez
USDC-PR 203114
Diana Pérez-Seda
USDC-PR 232014
P.O. Box 364924
San Juan, PR 00936-4924
Telephone:  (787) 756-1400
Facsimile:  (787) 756-1401
Email:  hburgos@cabprlaw.com
         rcasellas@cabprlaw.com
         dperez@cabprlaw.com


**CADWALADER, WICKERSHAM & TAFT LLP**

By:/s/ *Howard R. Hawkins, Jr.*
Howard R. Hawkins, Jr.*
Mark C. Ellenberg*
Ellen V. Holloman*
Ellen Halstead*
Thomas J. Curtin*
Casey J. Servais*
200 Liberty Street
New York, NY 10281
Telephone:  (212) 504-6000
Facsimile:  (212) 406-6666
Email:  howard.hawkins@cwt.com
         mark.ellenberg@cwt.com
         ellen.holloman@cwt.com
         ellen.halstead@cwt.com
         thomas.curtin@cwt.com
         casey.servais@cwt.com


*admitted *pro hac vice*

*Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

- 14 -

USActive 44697998.14

**TORO COLÓN MULLET, P.S.C.**

By: /s/ *Manuel Fernández-Bared*
Manuel Fernández-Bared
USDC-PR No. 204,204
E-mail: mfb@tcm.law

By: /s/ *Linette Figueroa-Torres*
Linette Figueroa-Torres
USDC-PR No. 227,104
E-mail: lft@tcm.law

By: /s/ *Nayda Perez-Roman*
Nayda Perez-Roman
USDC–PR No. 300,208
 Email: nperez@tcm.law

P.O. Box 195383
San Juan, PR 00919-5383
Tel.: (787) 751-8999
Fax: (787) 763-7760

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

By: /s/ *Gregory A. Horowitz*
Amy Caton*
Thomas Moers Mayer*
Gregory A. Horowitz*
Alice J. Byowitz*
Douglas Buckley*
1177 Avenue Of The Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000
Email:  acaton@kramerlevin.com
        tmayer@kramerlevin.com
        ghorowitz@kramerlevin.com
        abyowitz@kramerlevin.com
        dbuckley@kramerlevin.com

* admitted *pro hac vice*

*Counsel to the Ad Hoc Group of PREPA Bondholders*

- 15 -

**ADSUDAR MUÑOZ GOYCO SEDA & PEREZ-OCHOA, PSC, P.S.C.**

By: /s/ *Eric Pérez-Ochoa*
Eric Pérez-Ochoa
USDC-PR No. 206,314
Email:  epo@amgprlaw.com
Luis A. Oliver-Fraticelli
USDC-PR NO. 209,204
Email:  loliver@amgprlaw.com
208 Ponce de Leon Ave., Suite 1600
San Juan, PR 00936
Tel.: (787) 756-9000 | Fax: (787) 756-9010

**WEIL, GOTSHAL & MANGES LLP**

By: /s/ *Edward R. McCarthy*
Marcia Goldstein*
Jonathan Polkes*
Jared Friedmann*
Gregory Silbert*
767 Fifth Avenue
New York, New York 10153
Tel.: (212) 310-8000 | Fax: (212) 310-8007

Stephen A. Youngman*
200 Crescent Court, Suite 300
Dallas, Texas 75201-6950
Tel.: (214) 746-7700 | Fax: (214) 746-7777

Edward R. McCarthy*
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
Tel. (305) 577-3240

Email:  marcia.goldstein@weil.com
        jonathan.polkes@weil.com
        jared.friedmann@weil.com
        gregory.silbert@weil.com
        stephen.youngman@weil.com
        edward.mccarthy@weil.com

*admitted *pro hac vice*

*Counsel for National Public Finance Guarantee Corporation*

USActive 44697998.14

**GOLDMAN ANTONETTI & CORDOVA, LLC**

By:/s/ *Carlos A. Rodríguez-Vidal*
Carlos A. Rodríguez-Vidal
USDC-PR No. 201213
Email: crodriguez-vidal@gaclaw.com

By:/s/ *Solymar Castillo-Morales*
Solymar Castillo-Morales
USDC-PR NO. 218310
Email: scastillo@gaclaw.com

P.O. Box 70364
San Juan, PR 00936-8364
Tel.: (787) 759-4117
Fax: (787) 767-9177

**DEBEVOISE & PLIMPTON LLP**

By:/s/ *Mi Chi To*
My Chi To*
Craig A. Bruens*
Elie J. Worenklein*
919 Third Avenue
New York, New York 10022
Tel.: (212) 909-6000
Fax: (212) 909-6836
Email: mcto@debevoise.com
cabruens@debevoise.com
eworenklein@debevoise.com

*admitted *pro hac vice*

*Counsel for Syncora Guarantee Inc.*

- 17 -

**RIVERA, TULLA AND FERRER, LLC**

By:/s/ *Eric A. Tulla*
Eric A. Tulla
USDC-DPR No. 118313
Email: etulla@riveratulla.com

Iris J. Cabrera-Gómez
USDC-DPR No. 221101
Email: icabrera@riveratulla.com

Rivera, Tulla & Ferrer Building
50 Quisqueya Street
San Juan, PR 00917-1212
Tel: (787) 753-0438
Fax: (787) 767-5784
(787) 766-0409

**MASLON LLP**

By:/s/ *Clark T. Whitmore*
Clark T. Whitmore*
Jason M. Reed*
90 South Seventh Street, Suite 3300
Minneapolis, MN 55402
Tel.: (612) 672-8200
Fax: (612) 672-8397
Email:  clark.whitmore@maslon.com
        jason.reed@maslon.com

*admitted *pro hac vice*

*Counsel for U.S. Bank National Association, in its capacity as PREPA Bond Trustee*

- 18 -

## CERTIFICATE OF SERVICE

I hereby certify that I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record in the captioned case. Further, I directed that the following counsel of record be served by U.S. Mail:

| | |
|---|---|
| Office of the United States Trustee for Region 21<br>Edificio Ochoa<br>500 Tanca Street, Suite 301<br>San Juan, PR 00901-1922 | Gerardo J. Portela Franco<br>Puerto Rico Fiscal Agency and Financial<br>Advisory Authority (AAFAF)<br>De Diego Ave. Stop 22<br>San Juan, Puerto Rico 00907 |
| John J. Rapisardi, Esq.<br>O'Melveny & Myers LLP<br>7 Times Square<br>New York, New York 10036 | Luis C. Marini-Biaggi, Esq.<br>Marini Pietrantoni Muniz, LLC<br>MCS Plaza, Suite 500<br>255 Ponce de León Ave.<br>San Juan, PR 00917 |
| Martin J. Bienenstock, Esq.<br>Proskauer Rose LLP<br>Eleven Times Square<br>New York, New York 10036-8299 | Hermann D. Bauer, Esq.<br>O'Neill & Borges LLC<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813 |
| Nancy A. Mitchell, Esq.<br>Greenberg Traurig LLP<br>200 Park Avenue<br>New York, New York 10166 | Arturo Diaz-Angueira, Esq.<br>Cancio, Nadal, Rivera & Diaz, P.S.C.<br>403 Muñoz Rivera Ave.<br>San Juan (Hato Rey), PR 00918-3345 |
| Luc A. Despins, Esq.<br>Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | Juan. J. Casillas Ayala<br>Casillas, Santiago & Torres LLC<br>El Caribe Office Building<br>53 Palmeras Street, Suite 1601<br>San Juan, PR 00901-2419 |
| Robert Gordon, Esq.<br>Jenner & Block LLP<br>919 Third Avenue<br>New York, New York 10022 | A.J. Bennazar-Zequeira<br>Bennazar, Garcia & Milian, C.S.P.<br>Edificio Union Plaza PH-A piso 18 Avenida<br>Ponce de Leon #416<br>Hato Rey, PR 00918 |

At New York, New York, 14th day of May, 2018.

By: /s/ *Howard R. Hawkins, Jr.*\*

Howard R. Hawkins, Jr.

\* Admitted pro hac vice

- 19 -