Hearing Date: May 21, 2018 at 1:30 p.m. (A.S.T./E.D.T.)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**JOINT REPORT OF (I) ASSURED GUARANTY CORP.,
ASSURED GUARANTY MUNICIPAL CORP., NATIONAL
PUBLIC FINANCE GUARANTEE CORPORATION AND THE
AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS
AND (II) THE FEDERAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO AND THE PUERTO RICO FISCAL
AGENCY AND FINANCIAL ADVISORY AUTHORITY IN RESPONSE
TO THE COURTS' ORDER ENTERED ON APRIL 27, 2018 (ECF NO. 2969)**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

To the Honorable United States Magistrate Judge Judith Gail Dein:

Pursuant to the Order of the Honorable United States Magistrate Judge Judith Gail Dein entered on April 27, 2018 (ECF No. 2969)[2] (the "April 27th Order"), (i) Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation, and the Ad Hoc Group of General Obligation Bondholders (collectively, the "Movants") and (ii) the Financial Oversight and Management Board for Puerto Rico ("FOMB"), and the Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Oversight Board as the Commonwealth's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF" and together with the Oversight Board and the Commonwealth, the "Respondents", and together with the Movants, the "Parties") respectfully submit the following joint report:

## I. Areas of Agreement

Submission of Prior Briefing: The Parties agree that the issues remanded to this Court in the *Memorandum Order Remanding Certain Aspects of Magistrate Judge's February 26, 2018 Order for Further Proceedings* (ECF No. 2952) by the Honorable United States District Judge Laura Taylor Swain, were addressed in briefs previously submitted to the District Court in support of and opposition to the *Objections of Assured Guaranty Corp., Assured Guaranty Municipal Corp. and National Public Finance Guarantee Corporation to the Magistrate Judge's February 26, 2018 Order* (ECF No. 2707). Specifically, such briefs were filed as ECF Nos. 2707, 2708, 2798, 2815, 2835, 2837, 2843, 2863, 2878, 2906. The Parties propose submitting those briefs and accompanying exhibits to this Court in lieu of an additional round of briefing on the issues listed below.

Issues to be Decided: The Parties have identified the following threshold legal issues that

---

[2] "ECF No." refers to docket entries in Case No. 17 BK 3283-LTS, unless otherwise noted.
[3] PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

may pertain to the Court's resolution of the deliberative process issues as directed by Judge Swain:

    1.    Whether requiring Respondents to identify and produce factual information from the Pre-Decisional Fiscal Plan Documents[4] would, under the circumstances (i) reveal protected deliberations; and (ii) be overly burdensome.

    2.    Whether Respondents have shown that Pre-Decisional Fiscal Plan Documents communicated by and between (i) the Commonwealth and its professionals, (ii) AAFAF and its professionals, or (iii) the Oversight Board and its professionals are protected by the deliberative process privilege (including communications that involve numerous third party advisors).

    3.    Whether Pre-Decisional Fiscal Plan Documents communicated between (i) the Commonwealth, AAFAF and/or their respective professionals, on one side, and (ii) the Oversight Board and/or its professionals, on the other side, are protected by the deliberative process privilege.

    4.    Whether the interests of the Movants, other creditors and the public in obtaining the Pre-Decisional Fiscal Plan Documents outweighs the interests of the Commonwealth, AAFAF, and the Oversight Board from shielding their disclosure.

The Parties' respective positions on these issues are set forth in the briefs identified above.

    <u>Submission of Additional Briefing (if requested)</u>: To the extent that the Court determines that additional briefing is necessary to determine the issues remanded to this Court, the Parties propose that the Court enter the following schedule: (i) Movants file a brief ("<u>Opening Brief</u>") addressing such issues seven (7) days after entry of an order by the Court, (ii) Respondents file a brief in support of their position ("<u>Response Brief</u>") seven (7) days after the filing of the Opening Brief, and (iii) Movants file a reply brief four (4) days after the filing of the Response Brief, with the Court holding a hearing, if necessary, as soon thereafter as practicable.

### II. <u>Areas of Disagreement</u>

    A.  <u>Movants' Position:</u>  Movants submit that the Court can and should rule on the four issues identified above as a matter of law. After ruling on the four threshold issues, to the extent the Court finds that any documents may be subject to the deliberative process privilege in order to address any remaining claims of deliberative process privilege, the Court will need to resolve

---

[4] "<u>Pre-Decisional Fiscal Plan Documents</u>" refers to documents and communications that Respondents are withholding from production on the basis of the deliberative process privilege.

USActive 44613153.19      - 2 -

other issues on which the Parties do not agree.

<u>Privilege Logs</u>: On April 6, 2018, AAFAF and FOMB produced what purported to be categorical privilege logs identifying categories of otherwise responsive documents that were withheld from production on the basis of privilege (together, the "<u>Privilege Logs</u>"). During a meet and confer on May 10, 2018, counsel for AAFAF and FOMB explained that in preparing their respective Privilege Logs, they actually did not collect and/or conduct a review of the documents being withheld. In other words, AAFAF and FOMB simply created a list of 146 theoretical categories of privileged documents and then unilaterally decided that *all* documents from numerous custodians were presumptively (and necessarily) privileged because those custodians' documents might fall within one or more of those manufactured categories. For that reason, they advised that there were certain categories of documents listed on the Privilege Logs for which there may be no actual documents.

Although the Court's Order, dated February 26, 2018 (ECF No. 2590) ("<u>February 26th Order</u>") did not require AAFAF and FOMB "to identify in their log the number of documents being withheld in each category" (<u>id.</u> at 5 n.6), it certainly did not countenance a process whereby AAFAF and FOMB would not even review *any* potentially responsive documents before determining that they should be withheld as privileged, which is plainly inconsistent with their most basic discovery obligations under applicable rules and law.

Because the Privilege Logs are not based on the review of documents withheld, they really are not privilege logs at all. Accordingly, at the May 21st hearing, the Court should address a process whereby, after it rules on the threshold issues, AAFAF and FOMB prepare and produce privilege logs that permit a meaningful evaluation of the nature and breadth of the responsive documents actually being withheld based on an asserted privilege.

Movants also submit that they have the right to object to the so-called Privilege Logs because (1) Movants expressly reserved their rights to object to the logs when appealing to the

District Court this Court's rulings on the four threshold issues identified above regarding the deliberative process privilege (see ECF Nos. 2707 at 9 n.8, 2906 at 3 n.5); (2) the Court has not yet ruled on these four threshold issues; (3) Movants learned only on May 10, 2018 that Respondents did not actually collect and/or conduct a review of the documents being withheld on the basis of privilege; and (4) Respondents are not prejudiced by Movants objecting to the logs at this time.

Reservation of Rights: For the avoidance of doubt, Movants object to Respondents' claims of deliberative process privilege as currently set forth on the Privilege Logs, Respondents' assertions of other privileges listed on the Privilege Logs, the deficient information provided in the Privilege Logs, and Respondents' numerous disclaimers regarding the Privilege Logs. Movants reserve all rights with regard to these objections.

**B. Respondents' Position:** Movants do not, and cannot, dispute that AAFAF and the Board's privilege logs include all of the information required under this Court's order, nor do they even attempt to claim that they lack information sufficient to allow them to evaluate Respondents' privilege claims. *Cf.* ECF No. 2590 at 5-6 & n.6 (citing Fed. R. Civ. P. 26(b)(5)(A)). Respondents' sole objection to the logs is the surprising and counterintuitive argument that Respondents did not undertake the incredibly costly document-by-document review that this Court already held would be unreasonably burdensome. Respondents explained in their April 6, 2018 transmittal letters that they had "not endeavored to collect and review every document generated over the course of developing the Commonwealth Fiscal Plans" nor had they "undertaken a document-by-document review, which Judge Dein agreed would be unduly burdensome." (AAFAF log, McKeen Letter at 2; Dale Letter at 2.) Under the February 26 Order, Movants had seven days to raise objections to Respondents' privilege logs. ECF No. 2590 at 6 (adopting timeline from Joint Report at ECF No. 2154 at II). Movants waited over a month to raise any objection to Respondents' approach to creating the logs, and have yet to raise

a single objection to any of the categories served on April 6, or the descriptions of those categories. Movants have waived these untimely objections.

Moreover, Movants' claim that Respondents' "manufactured" the categories and then "unilaterally" declared everything within them privileged is a gross mischaracterization. Counsel for AAFAF and for FOMB worked closely with representatives of their respective clients and their clients' financial advisors to identify meaningful subcategories of the deliberative communications and interim drafts leading up to the Commonwealth Fiscal Plans over which Respondents have always asserted privilege. This categorical approach is what this Court ordered and entirely consistent with the Federal Rules, which approve of categorical logging and do not prescribe any particular methodology for doing so. *See* Fed. R. Civ. P. 26(b)(5)(A) (party withholding documents must "describe the nature of the documents, communications or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."); *id.* advisory committee's note (noting rule does not attempt to define for each case what details must be provided, and that providing document-by-document details "may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories").

Regardless of how the Court rules on the threshold legal disputes discussed above, there is no good cause essentially to vacate, in part, the February 26 order and require Respondents to engage in precisely the same incredibly costly undertaking of identifying, retrieving and reviewing voluminous documents in order to create the same categorical privilege log that already exists.

Dated: New York, New York
May 14, 2018

| CASELLAS ALCOVER & BURGOS P.S.C. | CADWALADER, WICKERSHAM & TAFT LLP |
|---|---|
| By: /s/ *Heriberto Burgos Pérez* | By: /s/ *Howard R. Hawkins, Jr.* |
| Heriberto Burgos Pérez | Howard R. Hawkins, Jr.* |
| USDC-PR 204809 | Mark C. Ellenberg* |
| Ricardo F. Casellas-Sánchez | Ellen V. Holloman* |
| USDC-PR 203114 | Ellen M. Halstead* |
| Diana Pérez-Seda | Gillian Groarke Burns* |
| USDC-PR 232014 | Thomas J. Curtin* |
| P.O. Box 364924 | Casey J. Servais* |
| San Juan, PR 00936-4924 | 200 Liberty Street |
| Telephone: (787) 756-1400 | New York, NY 10281 |
| Facsimile: (787) 756-1401 | Telephone: (212) 504-6000 |
| Email: hburgos@cabprlaw.com | Facsimile: (212) 406-6666 |
| rcasellas@cabprlaw.com | Email: howard.hawkins@cwt.com |
| dperez@cabprlaw.com | mark.ellenberg@cwt.com |
| | ellen.holloman@cwt.com |
| *Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* | ellen.halstead@cwt.com |
| | gillian.burns@cwt.com |
| | thomas.curtin@cwt.com |
| | casey.servais@cwt.com |
| | |
| | * Admitted *pro hac vice* |
| | |
| | *Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* |

| | |
|---|---|
| ADSUDAR MUÑOZ GOYCO SEDA & PÉREZ-OCHOA, PSC, P.S.C. | WEIL, GOTSHAL & MANGES LLP |
| By: /s/ *Eric Pérez-Ochoa* <br>    Eric Pérez-Ochoa <br>    USDC-PR No. 206,314 <br>    Luis A. Oliver-Fraticelli <br>    USDC-PR NO. 209,204 <br>    208 Ponce de Leon Ave., Suite 1600 <br>    San Juan, PR 00936 <br>    Telephone: (787) 756-9000 <br>    Facsimile: (787) 756-9010 <br>    Email: epo@amgprlaw.com <br>           loliver@amgprlaw.com <br><br> *Attorneys for National Public Finance Guarantee Corporation* | By: /s/ *Jared R. Friedmann* <br>    Marcia Goldstein* <br>    Jonathan Polkes* <br>    Gregory Silbert* <br>    Jared R. Friedmann* <br>    Adam J. Bookman* <br>    767 Fifth Avenue <br>    New York, New York 10153 <br>    Telephone: (212) 310-8000 <br>    Facsimile: (212) 310-8007 <br>    Email: marcia.goldstein@weil.com <br>           jonathan.polkes@weil.com <br>           gregory.silbert@weil.com <br>           jared.friedmann@weil.com <br>           adam.bookman@weil.com <br><br> * Admitted *pro hac vice* <br><br> *Attorneys for National Public Finance Guarantee Corporation* |

| JIMÉNEZ, GRAFFAM & LAUSELL | ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP |
|---|---|
| By: /s/ *J. Ramón Rivera Morales*<br>   J. Ramón Rivera Morales<br>   USDC-PR No. 200701<br>   Andrés F. Picó Ramírez<br>   USDC-PR No. 302114<br>   PO Box 366104<br>   San Juan, PR 00936-6104<br>   Telephone: (787) 767-1030<br>   Facsimile: (787) 751-4068<br>   Email:  rrivera@jgl.com<br>            apico@jgl.com | By: /s/ *Kathryn S. Zecca*<br>   Lawrence S. Robbins*<br>   Mark T. Stancil*<br>   Gary A. Orseck*<br>   Kathryn S. Zecca*<br>   Ariel N. Lavinbuk*<br>   Donald Burke*<br>   1801 K Street, NW<br>   Washington, D.C. 20006<br>   Telephone: (202) 775-4500<br>   Facsimile: (202) 775-4510<br>   Email:  lrobbins@robbinsrussell.com<br>            mstancil@robbinsrussell.com<br>            gorseck@robbinsrussell.com<br>            kzecca@robbinsrussell.com<br>            alavinbuk@robbinsrussell.com<br>            dburke@robbinsrussell.com |
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP<br><br>   Andrew N. Rosenberg*<br>   Kyle J. Kimpler*<br>   Karen R. Zeituni*<br>   1285 Avenue of the Americas<br>   New York, NY 10019<br>   Telephone: (212) 373-3000<br>   Facsimile: (212) 757-3990<br>   Email:  arosenberg@paulweiss.com<br>            kkimpler@paulweiss.com<br>            kzeituni@paulweiss.com<br><br> * Admitted *pro hac vice*<br><br>*Attorneys to the Ad Hoc Group of General Obligation Bondholders* | * Admitted pro hac vice<br><br>*Attorneys to the Ad Hoc Group of General Obligation Bondholders* |

| | |
|---|---|
| O'NEILL & BORGES LLC | MARINI PIETRANTONI MUNIZ, LLC |
| By: /s/ *Hermann D. Bauer*<br>    Hermann D. Bauer<br>    USDC No. 215205<br>    250 Muñoz Rivera Ave., Suite 800<br>    San Juan, PR 00918-1813<br>    Telephone: (787) 764-8181<br>    Facsimile: (787) 753-8944<br>    Email: hermann.bauer@oneillborges.com | By: /s/ *Luis C. Marini-Biaggi*<br>    Luis C. Marini-Biaggi<br>    USDC No. 222301<br>    MCS Plaza, Suite 500<br>    255 Ponce de León Ave.<br>    San Juan, PR 00917<br>    Telephone: (787) 705-2171<br>    Facsimile: (787) 936-7494<br>    Email: lmarini@mpmlawpr.com |
| PROSKAUER ROSE LLP | O'MELVENY & MYERS LLP |
| By: /s/ *Gregg M. Mashberg*<br>    Martin J. Bienenstock*<br>    Stephen L. Ratner*<br>    Timothy W. Mungovan*<br>    Paul V. Possinger*<br>    Gregg M. Mashberg*<br>    Eleven Times Square<br>    New York, NY 10036<br>    Telephone: (212) 969-3000<br>    Facsimile: (212) 969-2900<br>    Email: mbienenstock@proskauer.com<br>           sratner@proskauer.com<br>           tmungovan@proskauer.com<br>           ppossinger@proskauer.com<br><br>    * Admitted *pro hac vice*<br><br>*Attorneys for the Financial Oversight and Management Board and as representative of the Commonwealth* | By: /s/ *Elizabeth L. McKeen*<br>    John J. Rapisardi*<br>    Suzzanne Uhland*<br>    7 Times Square<br>    New York, NY 10036<br>    Telephone: (212) 326-2000<br>    Facsimile: (212) 326-2061<br>    Email: jrapisardi@omm.com<br>           suhland@omm.com<br><br>    Peter Friedman*<br>    1625 Eye Street, NW<br>    Washington, DC 20006<br>    Telephone: (202) 383-5300<br>    Facsimile: (202) 383-5414<br>    Email: pfriedman@omm.com<br><br>    Elizabeth L. McKeen*<br>    610 Newport Center Drive, 17th Floor<br>    Newport Beach, CA 92660<br>    Telephone: (949) 823-6900<br>    Facsimile: (949) 823-6994<br>    Email: emckeen@omm.com<br><br>    * Admitted *pro hac vice*<br><br>*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* |

## CERTIFICATE OF SERVICE

I hereby certify that I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record in the captioned case. Further, I directed that the following counsel of record be served by U.S. Mail:

Office of the United States Trustee for Region 21
Edificio Ochoa
500 Tanca Street, Suite 301
San Juan, PR 00901-1922

John J. Rapisardi, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, New York 10036

Martin J. Bienenstock, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036-8299

Nancy A. Mitchell, Esq.
Greenberg Traurig LLP
200 Park Avenue
New York, New York 10166

Luc A. Despins, Esq.
Paul Hastings LLP
200 Park Avenue
New York, New York 10166

Robert Gordon, Esq.
Jenner & Block LLP
919 Third Avenue
New York, New York 10022

Gerardo J. Portela Franco
Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF)
De Diego Ave. Stop 22
San Juan, Puerto Rico 00907

Luis C. Marini-Biaggi, Esq.
Marini Pietrantoni Muniz, LLC
MCS Plaza, Suite 500
255 Ponce de León Ave.
San Juan, PR 00917

Hermann D. Bauer, Esq.
O'Neill & Borges LLC
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813

Arturo Diaz-Angueira, Esq.
Cancio, Nadal, Rivera & Diaz, P.S.C.
403 Muñoz Rivera Ave.
San Juan (Hato Rey), PR 00918-3345

Juan. J. Casillas Ayala
Casillas, Santiago & Torres LLC
El Caribe Office Building
53 Palmeras Street, Suite 1601
San Juan, PR 00901-2419

A.J. Bennazar-Zequeira
Bennazar, Garcia & Milian, C.S.P.
Edificio Union Plaza PH-A piso 18 Avenida Ponce de Leon #416
Hato Rey, PR 00918

At New York, New York, 14th day of May, 2018.

By: /s/ *Howard R. Hawkins, Jr.*
Howard R. Hawkins, Jr.
\* Admitted pro hac vice