# **Exhibit F**

## CONFIDENTIALITY, COOPERATION, AND NON-DISCLOSURE AGREEMENT

This Confidentiality, Cooperation, and Non-Disclosure Agreement, effective as of March 5, 2018 (the "Effective Date"), is entered into by and between the Special Investigation Committee (the "Special Investigation Committee") of the Financial Oversight and Management Board for Puerto Rico ("FOMB") established under the Puerto Rico Oversight, Management, and Economic Stability Act (the "PROMESA"), on the one hand, and the Official Committee of Unsecured Creditors for certain of the Title III Debtors[1] (the "Creditors' Committee") and its members and advisors that are signatories hereto or that have signed the Acknowledgment attached as Schedule 1 hereto, on the other hand (collectively, the "Creditors' Committee Parties" and together with the Special Investigation Committee, the "Parties").

WHEREAS the Special Investigation Committee has initiated an investigation (the "Investigation") pursuant to Section 3 of the Procedures Adopted by the Financial Oversight and Management Board for Puerto Rico for Conducting Investigations Pursuant to the Puerto Rico Oversight, Management, and Economic Stability Act (the "PROMESA Investigative Procedures");

WHEREAS the Special Investigation Committee engaged the law firm of Kobre & Kim LLP (the "Investigator") to carry out the Investigation and publish a report of its findings (the "Investigative Report");

WHEREAS the conduct of, and materials obtained and/or generated regarding the Investigation are non-public pursuant to Section 3.3 of the PROMESA Investigative Procedures,

---

[1] The "Title III Debtors" include: (i) the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)); (ii) the Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)); (iii) the Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567 (LTS)); (iv) the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566 (LTS)); and (v) the  Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-BK-4780 (LTS)).

unless otherwise determined by the Special Investigation Committee pursuant to Section 10.3 of the PROMESA Investigative Procedures;

WHEREAS the Parties share a common interest in the Investigation being conducted in an objective, thorough and expedient manner;

WHEREAS each of the Parties has concluded independently and continues to believe that the sharing of information as set forth herein with each other will preserve, protect and advance that common interest;

WHEREAS, because of this common interest, the Parties agree that the sharing of information as set forth herein is in their interests and is necessary to accomplish certain purposes for which the Creditors' Committee and the Special Investigation Committee have consulted, appointed and retained their respective counsel;

WHEREAS certain other parties have requested, or may in the future request, access to documents and materials collected by the Investigator in connection with the Investigation, which requests the Investigator may grant in its sole discretion;

WHEREAS disclosure of the conduct of the Investigation or of any materials or information relating to the Investigation could interfere with the Investigator's ability to conduct an objective and thorough investigation, unless such disclosure is made pursuant to the terms hereof;

WHEREAS none of the Parties intend to waive the protection of the attorney work product doctrine, the attorney-client privilege, or any other privilege by sharing materials and information with any of the other Parties;

WHEREAS the Special Investigation Committee has issued subpoenas for the production of documents to Santander Securities LLC, Santander Asset Management LLC, Santander

Bancorp, Popular, Inc., Popular Securities LLC, Banco Popular de Puerto Rico (collectively, the "Santander and Popular Entities").

WHEREAS each of the Santander and Popular Entities has agreed (a) to produce to the Special Investigation Committee logs of documents responsive to the aforementioned subpoenas that are subject to a claim of privilege, and (b) that such logs, together with any non-privileged documents produced to the Special Investigation Committee, may be shared with the Creditors' Committee.

NOW THEREFORE, the Special Investigation Committee on the one hand, and each of the Creditors' Committee Parties, on the other hand, hereby agree as follows:

1.      The recitals set forth above are hereby incorporated into this Confidentiality, Cooperation, and Non-Disclosure Agreement (the "Agreement").

2.      The following terms shall have the following indicated meanings:

a.  "Advisors" shall include counsel, financial advisors, and other professionals of the Creditors' Committee, the Investigator or the Special Investigation Committee.

b.  "Confidential Discovery Material" shall mean Third-Party Discovery Material (defined below) or Voluntary Third-Party Discovery Material (defined below) that has been designated by a Disclosing Witness as containing Confidential Information.

c.  "Confidential Information" means any non-public materials or information produced, provided, given or exchanged by a Disclosing Party (defined below), previously or in the future, in writing, orally or by inspection of tangible objects (including without limitation, Investigation Information, documents, business plans, source code, software, documentation, financial analyses, marketing plans, customer names, customer lists, customer data, product plans, products, services, inventions, processes, designs, drawings, engineering or hardware configuration information, know-how, trade secrets, or any other proprietary or business information), or which is designated by a Disclosing Party in good faith as "Confidential." Confidential Information does not include material or information that (a) is or becomes publicly available other than as a result of a disclosure by any Receiving Party (as defined below) or any of its Representatives (as defined below) or Advisors (defined below) in breach of a confidentiality obligation, (b) is or becomes available to the Receiving Party or any of its Representatives or Advisors on a non-confidential basis from a source not known to the Receiving Party (who

shall have no duty of investigation in this regard) to be subject to any prohibition from disclosing such information to the Receiving Party, (c) is independently developed by the Receiving Party or any of its Representatives or Advisors without violating its obligations hereunder, or (d) is disclosed or is required to be disclosed by law, rule, regulation or legal process.

d.  "Disclosing Party" means a Party to this Agreement that is producing or sharing material or information to another Party to this Agreement pursuant to the terms and conditions hereof.

e.  "Disclosing Witness" shall mean any person or entity (other than an official committee in the Title III Cases) that produces or provides material or information to the Special Investigation Committee or the Investigator in connection with the Investigation.

f.  "Highly Confidential Discovery Material" shall mean Third-Party Discovery Material (defined below) or Voluntary Third-Party Discovery Material (defined below) that has been designated by a Disclosing Witness as "Highly Confidential" by reason of such material containing attorney-client communications, attorney work product or other privileged information.

g.  "Investigation Information" means any materials or information relating to the Investigation, including, but not limited to, Third-Party Discovery Material, Voluntary Third-Party Discovery Material, the nature or scope of any requests propounded by the Investigator upon any party, any communication with the Investigator, any other materials or information relating to the Investigation that any of the Creditors' Committee Parties provides to the Investigator or that the Investigator provides to any of the Creditors' Committee Parties.

h.  "Professionals' Eyes Only Discovery Material" shall mean Third-Party Discovery Material or Voluntary Third-Party Discovery Material that has been designated by a Disclosing Witness as "Professionals' Eyes Only," "Attorneys' Eyes Only," or some similar designation by reason of the designating party's reasonable good faith belief that such material contains (i) proprietary information related to the designating party's previous, existing or ongoing business operations for which restricted access is necessary to prevent a risk of competitive harm to the designating party in the ongoing operation of its business, or (ii) non-privileged internal analyses regarding the treatment and/or valuation of existing or potential claims.

i.  "Puerto Rico Financial Institutions" shall have the same meaning as defined in the *Motion of Official Committee of Unsecured Creditors for Order, Under Bankruptcy Rule 2004, Authorizing Discovery Program With Respect to Certain Causes of Puerto Rico Financial Crisis* [Bankruptcy Case No. 17-BK-03283 (LTS) (D.P.R. July 21, 2017); Docket No. 706]. For the avoidance of doubt, the Puerto Rico Financial Institutions are Santander Securities LLC, Santander Asset Management

LLC, Banco Santander Puerto Rico, Popular, Inc., Popular Securities LLC, Banco Popular de Puerto Rico, and the Government Development Bank for Puerto Rico.

j.   "Receiving Party" means the Party that is receiving, or that is being granted access to, material or information from a Disclosing Party.

k.   "Representatives" shall include affiliates, directors, officers, partners, members, and employees.

l.   "Third Party Discovery Material" shall mean materials produced or provided by a Disclosing Witness in response to a subpoena issued by the Special Investigation Committee in connection with the Investigation, including sworn testimony. For the avoidance of doubt, Third Party Discovery Material shall not include any of the Investigator's work product related to or generated in connection with Third Party Discovery Material.

m.   "Voluntary Third Party Discovery Material" shall mean materials provided voluntarily by a Disclosing Witness (*i.e.*, not in response to a subpoena issued by the Special Investigation Committee in connection with the Investigation). For the avoidance of doubt, Third Party Discovery Material shall not include any of the Investigator's work product related to or generated in connection with Voluntary Third Party Discovery Material.

**Investigation Document Depository; Cooperation**

3.   The Investigator shall arrange for the Creditors' Committee to have access, through the internet, to a centralized document depository for the Investigation (the "Investigation Document Depository"), subject to the following provisions.

a.   The Creditors' Committee shall have access to Voluntary Third-Party Discovery Material if (i) such Voluntary Third-Party Discovery Material has not been designated Confidential, Highly Confidential, or Professionals' Eyes Only by that Disclosing Witness, (ii) such Voluntary Third-Party Discovery Material has been made publicly available, (iii) the Disclosing Witness has expressly authorized in writing the Investigator to share such Voluntary Third-Party Discovery Material with the Creditors' Committee, or (iv) the Disclosing Witness has waived any applicable confidentiality restrictions related to such Voluntary Third-Party Discovery Material.

b.   The Creditors' Committee shall have access to Third-Party Discovery Material that has been designated as Confidential Discovery Material, Highly Confidential Discovery Material, and/or Professionals' Eyes Only Discovery Material; *provided* that, Highly Confidential Discovery Material or Professionals' Eyes Only Discovery Material shall be stored in the Investigation Document Depository in a manner such that it is accessible only to the Creditors' Committee's Advisors that

5

are signatories hereto.  The Creditors' Committee's Advisors shall not disclose such Highly Confidential Discovery Material or Professionals' Eyes Only Discovery Material to any individual member of the Creditors' Committee.

c.      The Investigation Document Depository shall hold Third-Party Discovery Material and Voluntary Third-Party Discovery Material in the form in which it was produced to the Investigator. The Investigator shall not be responsible for loading any Third-Party Discovery Material or Voluntary Third-Party Discovery Material onto any other electronic platform or application, or for processing or formatting any Third-Party Discovery Material or Voluntary Third-Party Discovery Material in any way. The Creditors' Committee shall have the ability to download Third Party Discovery Material and Voluntary Third Party Discovery Material to which the Creditors' Committee is permitted access hereunder in the form in which such material was produced to the Investigator, including for the purpose of the Creditors' Committee establishing its own document review platform, subject in all cases to the conditions and restrictions on the use of such material as set forth herein.

d.      Those persons who have identified themselves in writing as duly authorized representatives of the Creditors' Committee to the satisfaction of the Investigator shall be given an account and password that will enable them to have access to all of the Voluntary Third Party Discovery Material and Third-Party Discovery Material in the Investigation Document Depository to which they are permitted access under the terms of this Agreement and subject in all cases to the conditions and restrictions on the use of such material as set forth herein.

e.      If Professionals' Eyes Only Discovery Material or Highly Confidential Discovery Material is produced to the Investigator without being clearly electronically segregated and identified as "Professionals' Eyes Only" or "Highly Confidential," the Investigator shall not be responsible for identifying or electronically separating and removing such Professionals' Eyes Only Discovery Material or Highly Confidential Discovery Material from the production in which they were commingled before depositing such productions into the Investigation Document Depository.

f.      The Special Investigation Committee and Investigator reserve the right to grant access to the Investigation Document Depository to persons or entities other than the Creditors' Committee consistent with the terms herein.

4.      Notwithstanding anything to the contrary contained herein, neither the Special Investigation Committee nor the Investigator shall have any obligation to make available to the Creditors' Committee or any other individual or entity, through the Investigation Document Depository or otherwise, any Investigation Information, including Voluntary Third-Party Discovery Material and Third-Party Discovery Material, if the Investigator reasonably believes

6

that (i) doing so would interfere with the Special Investigation Committee's ability to conduct an objective, independent and thorough investigation pursuant to its mandate under the Investigation Procedures promulgated by the Special Investigation Committee under PROMESA or (ii) violate any obligation of the Special Investigation Committee under a confidentiality or non-disclosure agreement.

5.     Regarding voluntary witness interviews, the Investigator will notify the Creditors' Committee of who is being interviewed and consult with the Creditors' Committee about areas of inquiry; *provided* that the Investigator retains the sole discretion, subject to its mandate by the Special Investigation Committee, to pursue or not to pursue areas of inquiry.  Subject to the treatment of confidentiality designations herein, the Investigator may, in its sole discretion, share summaries of voluntary witness interviews with the Creditors' Committee.

6.     Regarding depositions of any of the Puerto Rico Financial Institutions, or any of their current or former employees or representatives, taken under oath in response to a subpoena issued by the Special Investigation Committee, subject to the treatment of confidentiality designations herein, the Investigator shall allow the Creditors' Committee to (i) attend, but not ask questions of witnesses unless otherwise agreed to by the Investigator pursuant to the following sentence, (ii) consult with the Investigator about areas of inquiry for such depositions; *provided*, however, that the Investigator retains the sole discretion, subject to its mandate by the Special Investigation Committee, to pursue or not to pursue areas of inquiry, and (iii) obtain transcripts of all such depositions.  On a case-by-case basis, the Creditors' Committee may request and the Investigator may agree, in its sole discretion, subject to its mandate by the Special Investigation Committee, to allow the Creditors' Committee to ask questions of any of the Puerto Rico Financial Institutions, or any of their current or former employees or representatives during depositions taken

under oath in response to a subpoena issued by the Special Investigation Committee, *provided* that the Creditors' Committee shall preview with the Investigator the specific categories of questions it seeks to ask any such witnesses beforehand.

7.     The Investigator hereby solicits, agrees to consider, and agrees that it shall not decline to communicate as part of a document preservation and production request (whether formal or informal), any reasonable proposed requests made by the Creditors' Committee for specifically identified documents or categories of documents from the Puerto Rico Financial Institutions. Within a reasonable period of time following receipt of such requests from the Creditors' Committee, the Investigator agrees to advise the Creditors' Committee of any of the proposed requests that the Investigator has already pursued or intends to pursue and to provide the Creditors' Committee with a copy of the document preservation and production request (whether formal or informal) to the Puerto Rico Financial Institutions that includes the Creditors' Committee's requests. To the extent the Investigator determines not to pursue any of the Creditors' Committee's proposed requests, the Investigator agrees to advise the Creditors' Committee, within a reasonable period of time, of the proposed requests that the Investigator does not intend to pursue. Nothing in this paragraph shall obligate the Investigator to submit its own document preservation and production requests directed to the Puerto Rico Financial Institutions or any other witnesses to the Creditors' Committee for review, comment or approval.

8.     Each of the Creditors' Committee Parties shall arrange for the Investigator to have access to Investigation Information in its, his or her possession, custody or control that the Investigator may, from time to time, reasonably request for the purpose of assisting the Investigation. The Investigator shall treat Investigation Information provided to it by any Creditors' Committee Party consistent with the terms of this Agreement.

**<u>Non-Disclosure of Confidential Information</u>**

9.      The Investigation Document Depository shall contain only Voluntary Third-Party Discovery Material and Third-Party Discovery Material subject to the permitted access provided herein.  For the avoidance of doubt, no other material or information produced or exchanged by and between the Creditors' Committee and the Special Investigation Committee pursuant to this Agreement shall be uploaded to the Investigation Document Depository.

10.      In connection with the sharing or production of Confidential Information between the Parties, a Disclosing Party shall be permitted to:

      a.   designate certain items of Confidential Information as "Professionals' Eyes Only" if counsel for that Disclosing Party in good faith reasonably believes that the Confidential Information contains non-privileged internal analyses regarding the treatment and/or valuation of existing or potential claims; and/or

      b.   designate certain items of Confidential Information as "Highly Confidential" if the Confidential Information contains attorney client communications, attorney work product or privileged information.  The Highly Confidential designation is intended to be used by the Disclosing Party sparingly, reasonably, and in good faith.

11.      A Disclosing Party's Confidential Information marked as "Professionals' Eyes Only" or "Highly Confidential" may not be disclosed to any Representatives of the Receiving Party and may be reviewed only by Advisors of the Parties, including the clerical, paralegal, and other staff and agents of such Advisors whose functions require access to "Professionals' Eyes Only" or "Highly Confidential" information.

12.      The Creditors' Committee Parties shall hold any Investigation Information or other Confidential Information in the strictest confidence and, except as provided in Paragraph 13 herein, none of the Creditors' Committee Parties shall disclose, divulge, reveal, report, publish, or transfer (in any form or manner) Investigation Information or other Confidential Information provided by the Investigator.

13.    Notwithstanding anything to the contrary contained herein, the Creditors'
Committee may disclose Investigation Information if and only to the extent that: (a) such
Investigation Information has become publicly available from another source; (b) the Creditors'
Committee is compelled to do so pursuant to a court order; (c) the Creditors' Committee is
compelled to do so pursuant to a subpoena, including but not limited to a Congressional subpoena;
(d) the Creditors' Committee is required to do so by law in response to a demand from the
Securities and Exchange Commission or any other government agency, securities regulator, or
self-regulatory agency; (e) the Special Investigation Committee or Disclosing Party has given
express written approval; or (f) the Creditors' Committee determines, upon the advice of counsel,
that use of the Investigation Information in a court filing in the Title III proceedings for Puerto
Rico or any of its instrumentalities, or any related adversary proceedings, is necessary for the
Creditors' Committee to comply with its duties under PROMESA, *provided* that the Creditors'
Committee must (i) seek to file under seal any such Investigation Information (with such filing to
be made under seal pending a determination by the applicable court on the sealing request), and
(ii) obtain the advance written consent of the Special Investigation Committee for the use of any
such Investigation Information.  Should the Special Investigation Committee refuse to consent to
the use of Investigation Information by the Creditors' Committee under clause (f)(ii) of this
Paragraph, the Creditors' Committee may request that a court of competent jurisdiction issue an
order authorizing such use (submitting the Investigation Information at issue under seal for in
camera review), and the Special Investigation Committee may oppose such request on any and all
bases, including on the basis that the court lacks jurisdiction or is otherwise not the appropriate
forum for resolving the dispute.  Absent emergency circumstances, the Creditors' Committee shall

notify the Investigator of any disclosure sought to be made under this Paragraph at least three (3) business days in advance of such disclosure.

14.     The Special Investigation Committee shall hold any Confidential Information provided by the Creditors' Committee in the strictest confidence and, except as provided in Paragraph 15 herein, neither the Investigator nor the Special Investigation Committee shall disclose, divulge, reveal, report, publish, or transfer (in any form or manner) Confidential Information provided by any Creditors' Committee Party.

15.     Notwithstanding anything to the contrary contained herein, the Special Investigation Committee may disclose Confidential Information provided by a Creditors' Committee Party if and only to the extent that: (a) such Investigation Information has become publicly available from another source; (b) the Special Investigation Committee is compelled to do so pursuant to a court order; (c) the Special Investigation Committee is compelled to do so pursuant to a subpoena, including but not limited to a Congressional subpoena; (d) the Special Investigation Committee is required to do so by law in response to a demand from the Securities and Exchange Commission or any other government agency, securities regulator, or self-regulatory agency; (e) the applicable Creditors' Committee Party has given express written approval; or (f) the Special Investigation Committee determines, in its sole discretion, that disclosure of such materials or information in an Investigative Report (i) is in the public interest; (ii) required by PROMESA; and/or (iii) necessary to enable the Special Investigation Committee to fulfill its obligations under PROMESA. Absent emergency circumstances, the Investigator and Special Investigation Committee shall notify counsel to the Creditors' Committee of any disclosure sought to be made under this Paragraph at least three (3) business days in advance of such disclosure.

16.     To the extent legally permissible, if any Receiving Party receives a disclosure request, demand, subpoena, Rule 2004 examination request, or other discovery request in any legal action or proceeding seeking another party's Confidential Information, including any Third-Party Discovery Material or Voluntary Third-Party Discovery Material to which any Creditors' Committee Party has access hereunder (a "Request"), counsel to such Receiving Party shall notify the Disclosing Party in writing of such Request promptly, and in all events at least three (3) business days prior to compliance with the Request, so that the Disclosing Party may seek relief, as may be appropriate.  In the absence of such relief, the applicable Receiving Party shall be permitted to disclose only that portion of the Confidential Information that the Receiving Party is advised by its counsel it is legally required to be disclosed and shall inform (in writing) any person to whom such Confidential Information is so disclosed the confidential nature of the such Confidential Information.

### Miscellaneous

17.     All public announcements or statements in court filings related to the sharing of materials or information or other cooperation pursuant to this Agreement by any of the Parties shall be subject to prior approval by the other Parties, which shall not be unreasonably withheld, except for such statements as may be necessary, in the opinion of their respective counsel, to comply with the requirements of any law, governmental order, or regulation.

18.     Nothing in this Agreement, nor the fact of the Parties' entry into this Agreement, shall be deemed to waive any rights, remedies or arguments that are otherwise available to a Party in any proceedings, including, without limitation, the Title III bankruptcy proceedings of the Title III Debtors (jointly administered under Bankruptcy Case No. 17-BK-3283 (LTS)), and all such rights, remedies and arguments are expressly reserved.

19.     If any provision of this Agreement is declared void or unenforceable, such provision shall be severed from this Agreement, which shall otherwise remain in full force and effect.

20.     This Agreement shall be governed by and enforced in accordance with the laws of the Commonwealth of Puerto Rico, without regard to its conflicts of law principles, and shall be binding in the United States and worldwide.

21.     This Agreement constitutes the parties' entire agreement with respect to the subject matter hereof and may be amended, modified or waived only by a separate writing signed by both parties.  This Agreement shall be binding on each of the Parties and their respective successors and assigns.

22.     This Agreement may be signed in one or more counterparts, each of which shall be deemed an original but all of which shall constitute one and the same instrument.

*[Signature page follows]*

IN WITNESS WHEREOF, this Agreement has been executed and delivered by duly

authorized representatives of the Special Investigation Committee and the Creditors' Committee

as of the Effective Date.

PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of
Unsecured Creditors, on behalf of itself, the
Creditors' Committee and its Advisors*

INVESTIGATOR TO THE SPECIAL
INVESTIGATION COMMITTEE OF THE
FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO

By: _____
John D. Couriel
Stephanie L. Hauser
Gabriela M. Ruiz
KOBRE & KIM LLP
201 S. Biscayne Blvd., Suite 1900
Miami, Florida 33131

D. Farrington Yates
Daniel J. Saval
Adam M. Lavine
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022

## SCHEDULE 1

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], as a member of the Official Committee of Unsecured Creditors for certain of the Title III Debtors,[1] acknowledge and agree that I have read in its entirety and understand the Confidentiality, Cooperation, and Non-Disclosure Agreement, effective as of March 5, 2018 (the "Agreement").  I agree to comply with and to be bound by all the terms of the Agreement.

Date: _____

Location where signed: _____

Printed name: _____

Signature: _____

---

[1] The "Title III Debtors" include: (i) the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)); (ii) the Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)); (iii) the Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567 (LTS)); (iv) the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566 (LTS)); and (v) the  Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-BK-4780 (LTS)).