**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

---------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors.[1] | |

---------------------------------------------------------------x

**MOTION BY THE AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO (AFSCME) TO COMPEL COMPLIANCE WITH THE AUGUST 10, 2017 STIPULATION AND ORDER**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Movant the American Federation of State, County and Municipal Employees International Union, AFL-CIO ("AFSCME")—a labor union representing Commonwealth public employees and retirees through its affiliates Servidores Publicos Unidos ("SPU") and the Capitulo de Retirados de SPU—hereby requests that the Court enter an order compelling the Mediation Team, the Oversight Board, AAFAF, the COFINA Agent, and their professionals to comply with the Court's August 10, 2017 Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA dispute (Docket #996) ("the Stipulation").

Under the Stipulation, the Commonwealth Agent and COFINA Agent are charged with the duty to "negotiate a settlement" to the Commonwealth-COFINA dispute (if there is to be one). In contrast, the Commonwealth Creditor Representative selected by the Ad Hoc Group of General Obligation Bondholders and Assured Guaranty Corp. ("the GO Creditor Representative") is "not authorized to negotiate any proposed settlement, but only to consent thereto." *See* Stipulation §§ 4(f) & 4(i).

However, on May 14, 2018, certain parties publicly disclosed information strongly suggesting that the GO Creditor Representative may have violated the Stipulation by attempting to negotiate—through the Mediation Team—a settlement (which had already been agreed to by certain GO and COFINA bondholders) directly with the COFINA Agent, the Oversight Board, and AAFAF, rather than limiting the role of the GO Creditor Representative to responding to settlement proposals "presented . . . by the Agents upon reaching agreement" as required by the Stipulation. *See* Stipulation § 4(i). If this is true, the selected GO Creditor Representative— through the Mediation Team—has violated the Stipulation.

To protect the integrity of Stipulation and any negotiations to settle the Commonwealth-COFINA dispute, AFSCME respectfully asks the Court for exceedingly modest relief: an order compelling the Mediation Team, AAFAF, Oversight Board, and COFINA Agent to comply with

24554614.4 05/17/2018

the Stipulation by not participating in any discussions to settle the Commonwealth-COFINA dispute with the GO Creditor Representative.

Any procedural violation of the Stipulation could have serious substantive harms for the Commonwealth. The proposed settlement terms disclosed publicly on May 14, 2018—which the Oversight Board has since declared "completely unaffordable" for the Commonwealth—would give away more than $23 billion of Commonwealth sales tax, allocating ownership of more than $10 billion of that sales tax to General Obligation bondholders who do not actually own any COFINA bonds. This attempt to carve up the Commonwealth's most valuable income stream and divide it almost exclusively among bondholders[2] should come as no surprise given that the terms appear to have been designed, agreed to, and announced by bondholders who owe no duty of good faith to the Commonwealth. In contrast, under the Stipulation, the Commonwealth Agent and COFINA Agent each "shall have a duty of good faith, care, and loyalty to the Debtor the Agent represents." *See* Stipulation § 4(f). Likewise, "each Agent may consider what result . . . will render its Debtor best able to achieve fiscal responsibility," *id.* § 4(g). This is why it is so important—as required by the Stipulation—that any settlement be negotiated by the Commonwealth Agent and COFINA Agent. The modest relief requested by this Motion would help ensure that result and send the message to the public that the future of the Commonwealth is in proper hands.

In sum, it is critical that this Court confirm and reinforce the letter of the Stipulation's procedures to ensure that, if there is to be a settlement of the Commonwealth-COFINA dispute, it be one that is negotiated in the best interests of the Commonwealth and its people.

---

[2] According the settlement terms released, general unsecured creditors would receive a claim valued at $293 million of the $23.1 billion total, which amounts to 1.3%.

## RELEVANT FACTS

1. On August 10, 2017, the Court entered the Stipulation as an order of the Court.

2. The Stipulation states on page 2 that it is "binding on all parties in interest."

3. The Stipulation authorizes the Creditors' Committee "to serve as the Commonwealth representative to litigate and/or settle the Commonwealth-COFINA Dispute on behalf of the Commonwealth." Stipulation § 4(a).

4. The Stipulation authorizes Bettina White "to serve as the COFINA representative to litigate and/or settle the Commonwealth-COFINA Dispute on behalf of COFINA." Stipulation § 4(b).

5. Each agent has a "duty of good faith, care, and loyalty to the Debtor the Agent represents." Stipulation § 4(f). Each agent "shall have the rights of its respective debtor solely in respect of the conduct of the litigation and settlement of the Commonwealth-COFINA dispute." *Id.* "In addition, each agent may consider what result . . . will render its Debtor best able to achieve fiscal responsibility[.]" Stipulation § 4(g).

6. The Stipulation appoints "two creditor representatives" for the Commonwealth: the Official Committee of Retirees, and a representative "selected by the Ad Hoc Group of GO Bondholders and Assured Guaranty Corp." Stipulation § 4(c).

7. "[T]he Commonwealth Creditor Representatives are not authorized to negotiate any proposed settlement, but only to consent thereto." Stipulation § 4(i). Instead, once the Commonwealth Agent and COFINA Agent have themselves reached a "settlement negotiated pursuant to the protocol," *only then* it "shall be presented simultaneously to both Commonwealth Creditor Representatives by the Agents." *Id.* Consent of one, but not both, of the Commonwealth Creditor Representatives is required for any settlement to be approved by the Court. *Id.*

3

8. Under certain circumstances, "the Oversight Board and AAFAF may participate in the negotiations and Mediation in an effort to reach such a settlement." Stipulation § 4(h).

9. On May 14, 2018, certain parties—including the Ad Hoc Group of General Obligation Bondholders and Assured Guaranty Corp. (together with the other signatories, the "Supporting Parties")—publicly announced that "[p]ursuant to the . . Stipulation," they had "engaged in . . . extensive . . . negotiation" and "reached a proposed settlement" which "the COFINA Agent supported" in part but which the Commonwealth Agent "indicated . . . it would not" support at all.

10. Apparently undeterred, the Supporting Parties—"[t]hrough the Mediation Team"—"approached the Oversight Board and AAFAF" with their proposed settlement anyway.

11. According to the Supporting Parties, the negotiations which led to their proposed settlement "were preceded by negotiations involving alternative structures to resolve the Commonwealth-COFINA Dispute," but that prior round of negotiations had "failed."

12. Later on May 14, 2018, the COFINA Agent issued a press release stating that the Supporting Parties' "characterization of the COFINA Agent's position in favor of the proposed settlement was neither authorized nor accurate."

13. Also on May 14, 2018, the Oversight Board issued a press release stating that "the economic terms of this creditor proposal were not crafted with any prior input from either the Oversight Board or the Government and are completely unaffordable."

14. Neither the Oversight Board nor the COFINA Agent, however, denied or stated any objection to having been approached by the Supporting Parties—through the Mediation Team—to negotiate directly a resolution to the Commonwealth-COFINA dispute.

4

## JURISDICTION AND VENUE

15. This Court has jurisdiction over this Motion pursuant to PROMESA § 306(a). Venue is proper in this Court pursuant to PROMESA § 307(a).

16. Under the Order, "[a]ll parties in interest . . . may appear and be heard with respect to any proposed settlement." Order § 4(k). AFSCME is a party in interest.

## RELIEF REQUESTED

17. By this Motion, AFSCME requests entry of the proposed order attached hereto as Exhibit A compelling the Mediation Team, Oversight Board, AAFAF, the COFINA Agent, and their professionals to comply with the Court's August 10, 2017 Order Approving Procedure to Resolve Commonwealth-COFINA dispute (Docket #996) ("the Order").

## ARGUMENT

18. Pursuant to PROMESA § 301, Section 105 of title 11 of the United States Code applies to these consolidated Title III cases. 48 U.S.C. § 2161(a).

19. Under 11 U.S.C. § 105(a), this Court may "tak[e] any action . . . necessary or appropriate to enforce or implement court orders." "Section 105(a) should be construed liberally to enjoin [actions] that might impede the reorganization process." *In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994) (internal quotation omitted). This includes the exercise of "authority to impose sanctions specifically for violations of court orders." *In re Gravel*, 556 B.R. 561, 575 (Bankr. D. Vt. 2016) (collecting cases).

20. It appears from public statements that the Stipulation's negotiation procedures have been violated as a result of the GO Creditor Representative participating in negotiations—through the Mediation Team—over the settlement terms of the Commonwealth-COFINA dispute, with all of the parties who (unlike the GO Creditor Representative) have been authorized by the Stipulation to negotiate settlement of that dispute, even *before* the Commonwealth Agent

5

and COFINA Agent have reached any agreement between the two of them. Such conduct, if true, would turn Section 4(i) of the Stipulation on its head: instead of the Commonwealth Agent and COFINA Agent negotiating a settlement and then presenting it to the Commonwealth Creditor Representatives, the GO Creditor Representative—which owes no duty to the Commonwealth and is "not authorized to negotiate any proposed settlement, but only to consent thereto"—has apparently negotiated its own proposed settlement and shopped it across the table—through the Mediation Team—to the COFINA Agent, the Oversight Board, and AAFAF. If this is true, it would be a violation of the Stipulation.

21. To be clear, although the Supporting Parties' public statements do not state that the formal GO Creditor Representative has had any involvement in these negotiations (or even identify who the formal GO Creditor Representative may be), the two parties permitted to select the GO Creditor Representative under the Stipulation—the Ad Hoc Group of GO Bondholders and Assured Guaranty Corp.—are among the publicly-announced Supporting Parties, and the proposed settlement was made public via a press release by counsel for the Ad Hoc Committee of GO Bondholders. Whether or not it can be conclusively proven that the GO Creditor Representative has technically violated the Stipulation (and the GO Creditor Representative is free to deny that it has), in light of the events that appear to have transpired thus far, the reorganization process can only benefit from the modest relief requested by the instant Motion: a Court Order compelling compliance with the Stipulation and barring the authorized negotiating parties from any negotiations with the GO Creditor Representative over the settlement terms of the Commonwealth-COFINA dispute. For this to be effective, the Mediation Team should be ordered to follow the Stipulation protocol too.

22. At least one press report has suggested that the public release of the Supporting Parties' settlement terms was a strategic maneuver designed to manipulate the market for their

6

bond portfolios. *See* "Puerto Rico bondholder settlement disclosure opens a Pandora's Box," *Debtwire,* May 14, 2018. AFSCME of course does not know whether this is true or not, but the public perception that it may be points to yet another reason for this Court to enter an Order ensuring that the Stipulation's procedures are followed to the letter: the people of Puerto Rico deserve an assurance that the negotiations over this existentially-important issue are being carried out by the parties who have been legally charged with a duty of good faith by this Court, not by creditors bound only by self-interest.

## CONCLUSION

For all the forgoing reasons, AFSCME respectfully requests that the Court grant this Motion in all respects and enter an Order compelling the Mediation Team, Oversight Board, AAFAF, the COFINA Agent, and their professionals to comply with the August 10, 2017 Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA dispute (Docket #996), and issuing any other relief that is just or proper.

Dated: May 17, 2018              **SAUL EWING ARNSTEIN & LEHR LLP**

By:    */s/ Sharon L. Levine*
       Sharon L. Levine *(pro hac vice)*
       Dipesh Patel *(pro hac vice)*
       1037 Raymond Blvd.
       Suite 1520
       Newark, NJ 07102
       (973) 286-6713 (Telephone)
       (973) 286-6821 (Facsimile)

             -and-

*/s/ Matthew S. Blumin*
**AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES**
Judith E. Rivlin (*pro hac vice*)
Teague P. Paterson *(pro hac vice)*
Matthew S. Blumin *(pro hac vice)*
1101 17th Street NW, Suite 900
Washington, DC 20011

7

(202) 775-5900 (Telephone)
(202) 452-0556 (Facsimile)

-and-

*/s/ Manuel A. Rodriguez Banchs*
Manuel A. Rodriguez Banchs
P.O. Box 368006
San Juan, Puerto Rico 00936-8006
(787) 764-8896 (Telephone)
(787) 721-0975 (Facsimile)

*Attorneys for the American Federation of State, County and Municipal Employees*

8