UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND | |
| MANAGEMENT BOARD FOR PUERTO RICO, | |
| | |
| as representative of | No. 17 BK 3283-LTS |
| | |
| THE COMMONWEALTH OF PUERTO RICO, et al., | (Jointly Administered) |
| | |
| Debtors.[1] | |

-------------------------------------------------------------x

MEMORANDUM ORDER DENYING MITCHELL DE JESÚS SOTO'S
MOTION FOR RELIEF FROM STAY (DOCKET ENTRY NO. 2966)

Before the Court is the *Motion for Relief from Stay* (Docket Entry No. 2966, the "Motion") filed by Mitchell de Jesús Soto ("Movant") for relief from the automatic stay imposed by the filing of the above-captioned Title III case on an employment discrimination action captioned Mitchell de Jesús Soto v. The Police of Puerto Rico, USDCPR Case No. 3:17-cv-01979-ADC (the "Litigation"), which is currently pending in the United States District Court for

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the District of Puerto Rico (the "District Court"). For the following reasons, the Motion is denied because Movant has not demonstrated that "cause" exists to lift the automatic stay.

BACKGROUND

On July 19, 2017, Movant commenced the Litigation against the Commonwealth of Puerto Rico (the "Commonwealth") and the Police of Puerto Rico. (Motion ¶ 1.) Movant seeks compensation for all damages suffered as a result of the Commonwealth's alleged violations of the Americans with Disabilities Act (the "ADA") and related state statutes. (Id.) On November 8, 2017, the Commonwealth filed a *Notice of Automatic Stay and of Procedures for Filing Motions for Relief from the Automatic Stay in the Commonwealth of Puerto Rico's Title III Case*, requesting that the District Court take notice of the automatic stay applicable to the Litigation. (Id. ¶ 3.) Movant filed the instant Motion on April 27, 2018, seeking relief from the automatic stay until a final judgment is obtained.[2] (Id. ¶ 5.) Movant argues primarily that the Litigation "lacks any connection with the bankruptcy proceedings," "will not interfere with the bankruptcy case and with the Commonwealth's reorganization," "does not involve bankruptcy law nor require the expertise of the Bankruptcy Court," and "seeks to change employer's behavior towards disabled employees just like him." (Id. ¶ 10.) Movant further contends that litigation of his employment discrimination claim in the District Court "will not tie up significant estate assets that may be used to satisfy creditors' claims, nor interfere with distribution of assets." (Id. ¶ 12.)

---

[2] Movant does not seek to collect or enforce any favorable judgment obtained until allowed to do so by the Court and pursuant to the applicable provisions of PROMESA. (Id. ¶ 5.)

The Commonwealth argues that the Motion must be denied for several reasons. (Docket Entry No. 3043, the "Objection".) The Commonwealth asserts that lifting the automatic stay would, among other things, interfere with the Title III case "by diverting the Commonwealth's attention and resources to defending Movant's claims in another forum," and would prejudice the Commonwealth by requiring it to "expend considerable time and expense to litigate the Lawsuit." (Id. ¶¶ 18, 27.) The Commonwealth further asserts that, due to the preliminary stage of the Litigation, granting the Motion "will neither promote judicial economy nor result in the timely resolution of the issues." (Id. ¶ 28.)

The Court has considered all of the submissions carefully.

DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district examine the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified in the Sonnax decision: "whether relief would result in a partial or complete resolution of the issues," a "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," "whether the parties are ready for trial in the other proceeding," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

The Movant has not demonstrated that the Sonnax criteria weigh in his favor with respect to the continuation of the Litigation. Although the Litigation could resolve the present dispute between Movant and the Commonwealth, the interests of judicial economy and the expeditious and economical resolution of Movant's claims against the Commonwealth are not served by permitting the Litigation to recommence. Indeed, Movant acknowledges that he intends to amend the Complaint and to join other defendants to the Litigation upon modification of the stay. (Motion ¶¶ 6, 12.) The Commonwealth has yet to respond to Movant's Complaint, and the discovery process has not yet started. The parties are not, therefore, "ready for trial." Allowing the Litigation to recommence would require the expenditure of the Commonwealth's resources to defend against the Litigation and would potentially disrupt the claims resolution process established by the Bankruptcy Code and incorporated into PROMESA. Movant's unsecured claims for monetary relief can be liquidated and addressed through the claims process. Although Movant proffers that his medical condition may ultimately have an adverse impact on his long-term life expectancy, he does not allege that resolution of his claims through the Title III claims process will be any more burdensome for him than separate litigation and thus Movant has not demonstrated that the harm from resolution of the claims raised in the Litigation through the claims process outweighs the burden that would accrue to the Commonwealth from needing to defend this and other pending cases in multiple separate fora.

Accordingly, the Court concludes that Movant has not demonstrated that cause exists for the automatic stay to be lifted to allow the Litigation to proceed.

[*Remainder of Page Intentionally Left Blank*]

CONCLUSION

For the foregoing reasons, Movants' Motion is denied. The automatic stay continues in place as against all defendants in the Litigation. See 11 U.S.C. §§ 362(a) and 922(a)(1). This Memorandum Order resolves docket entry no. 2966.

SO ORDERED.

Dated: May 21, 2018

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge