## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY ("HTA")

    Debtor.

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

**Re: ECF No. 2992**

(Jointly Administered)

PROMESA
Title III

No. 17 BK 3567-LTS

**This Response relates only to HTA and shall be filed in the lead Case No. 17 BK 3283-LTS and Case No. 17 BK 3567-LTS.**

**RE: ECF No. 434**

## JOINT STATUS REPORT IN COMPLIANCE WITH ORDER DIRECTING SUPPLEMENTAL BRIEFING AND STATUS REPORT OF MOVANT ADRIÁN MERCADO JIMÉNEZ AND AAFAF ON BEHALF OF <u>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY</u>

To the Honorable United States District Judge Laura Taylor Swain:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), on behalf of the Puerto Rico Highways and Transportation Authority ("HTA"), pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017,[2] and Adrián Mercado Jiménez ("Movant") (collectively the "Parties") respectfully submit this *Joint Status Report in Compliance with Order Directing Supplemental Briefing and Status Report of Movant Adrián Mercado Jimenez and AFAAF on Behalf of the Puerto Rico Highways and Transportation Authority* in response to the Court's May 2, 2018 Order (the "Order") [ECF No. 2992 Case No. 17-3283, ECF No. 434 Case No. 17-3567]. The Order requests that the Parties meet and confer and provide:

(i) "a joint status report on whether any submissions were made to the State Court indicating that the Title III court had entered an order modifying the automatic stay to permit the release of the Settlement";

(ii) "an assessment of the status of the State Court proceeding and the parties' understanding of whether the State Court will return the Settlement to HTA based on the March Order" and;

(iii) "a statement as to whether, if the Settlement is to be returned to HTA, the parties would be willing to conclude their Settlement with a direct payment to the Movant in return for a release and any additional documentation HTA may reasonably specify and require."

By filing this Joint Status Report, the Parties do not waive or release any rights, including but not limited to their respective positions set forth in their papers in support of and in opposition of

---

[2] The Financial Oversight and Management Board for Puerto Rico, as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized AAFAF to file this Joint Status Report on behalf of HTA.

2

Movant's *Motion Informing Status of Case and Requesting Order* [Case No. 17 BK 3567-LTS, ECF No. 406] (the "Motion Informing Status").

In compliance with the Order, the Parties hereby (i) inform the Court that they met on May 14, 2018 and (ii) submit the following responses to the three questions raised in the Order.

### I. Status Report on State Court Filings

On February 23, 2018, HTA submitted a motion in the state court assigned to eminent domain matters, the Trial Court of Puerto Rico, San Juan Section Chambers 1003 (the "Eminent Domain State Court") attaching the stipulation entered on February 5, 2018 between the Parties (the "Stipulation")[3] modifying the automatic stay set forth in Bankruptcy Code sections 362(a) and 922(a), made applicable to the Title III Case by PROMESA section 301(a), for the limited extent necessary to allow HTA to pay Movant the Settlement Amount[4] due under a prepetition settlement offer dated December 27, 2016. On March 5, 2018, Movant also submitted a copy of the Stipulation jointly with his *Urgent Motion Requesting Withdrawal of Consigned Funds* [ECF No. 2937 Exhibit A, Case No. 17-3283]. On March 19, 2018, the Eminent Domain State Court entered a Resolution (the "Resolution") acknowledging receipt of the Stipulation, requesting a series of additional documents from both Parties and ordering HTA to submit evidence that the stay had been modified [ECF No. 2937 Exhibit A, Case No. 17-3283]. Subsequently, after a series of filings pertaining to the Eminent Domain State Court's jurisdiction, on May 15, 2018, HTA filed a motion whereas it attached the *Second Omnibus Order Granting Relief from the Stay* [ECF No. 2565, Case

---

[3] HTA submits that the Stipulation provided for payment of the Settlement Amount due under a prepetition settlement offer made by Movant dated December 27, 2016 (the "Settlement Offer") which was never submitted for consideration or approval of the Eminent Domain State Court.

[4] "Settlement Amount" refers to the term defined in the *Response to Motion Informing Status of Case and Requesting Order filed by Adrian Mercado Jimenez* [ECF No. 2937 Case No. 17-3283, ECF No. 431 Case No. 17-3567]

3

No. 17-3283].

**Movant's Additional Facts**

On May 3, 2018 Movant filed in the State Court a Motion titled "Special Appearance Requesting Return of Consigned Sum", requesting the deposited money ($16,448.00) be returned to HTA. On May 7, 2018 the State Court ordered that money be returned to HTA. Exhibit I. Said Order should dispose of Docket #434.1 "Order Directing Supplemental Briefing and Status Report in Connection with Notice of Compliance and Petition for Payment of Funds (Docket Entry No. 345) and Motion Informing Status of Case and Request of Order (Docket Entry No. 406)".

On May 15, 2018 HTA filed a motion titled "Opposition to "Special Appearance Requesting Return of Amount Consigned" filed by the Interested Party". Exhibit II. In said motion HTA opposes that the funds be returned to HTA.

On July 13, 2017 HTA's attorney, contrary to its present position, filed a motion requesting the stay of all proceedings before the State Court on this case. Exhibit III

II. **Assessment of State Court Proceeding**

**HTA's position:**

On May 2, 2018, the Movant filed a Special Appearance Requesting Return of Consigned Funds in the Eminent Domain State Court requesting that the consigned Settlement Amount be returned to HTA as it alleged that the Eminent Domain State Court did not have jurisdiction. Nevertheless, prematurely, before HTA could submit its position, and based purely on jurisdictional considerations, on May 9, 2018,[5] the Eminent Domain State Court entered an Order authorizing the release of the consigned funds to HTA (the "May 9 Order"). The May 9 Order

---

[5] HTA received notice of the May 9 Order on May 16, 2018.

4

states that because HTA had not filed evidence of the modification of the stay, the state court case was still stayed. Notwithstanding, on May 15, 2018, one day before HTA received notice of the May 9 Order, HTA filed an opposition to the Movant's request for the return of the consigned Settlement Amount—which the Eminent Domain State Court was not able to review before entering its May 9 Order (the "HTA Opposition"). HTA intends to request reconsideration of the May 9 Order, consistent with the position of the Eminent Domain State Court as detailed in its Resolution and consistent with HTA's Opposition that the funds must remain consigned in the Eminent Domain State Court. As detailed in HTA's *Response to Motion Informing Status of Case and Requesting Order Filed by Adrián Mercado Jiménez* [ECF No. 2937, Case No. 17-3283], the Eminent Domain State Court is the only court with jurisdiction to enter a final judgment in the eminent domain action authorizing the transfer of title of the property in controversy from Movant to HTA and directing the Registry of Property of Puerto Rico to record such title in favor of HTA. This judgment can only be entered once the Eminent Domain State Court passes judgment over whether the Settlement Amount constitutes "just compensation" in accordance the Puerto Rico Eminent Domain Law, 32 L.P.R.A. sec. 2905 *et seq*. and by Rule 58 of the Puerto Rico Rules of Civil Procedure, 32 L.P.R.A. Ap. V and whether sufficient information has been provided regarding the Stipulation and the Settlement Amount.

    Therefore, although the Eminent Domain State Court has entered an order authorizing the release of the consigned funds, HTA will be filing a reconsideration of the May 9 Order. HTA submits that the May 9 Order is the result of the Eminent Domain State Court's incorrect assessment that it does not have jurisdiction to adjudicate the matter because HTA had not submitted evidence of the *Second Omnibus Order Granting Relief from the Stay* [ECF No. 2565, Case No. 17-3283], which was filed on May 15 with HTA's Opposition. HTA is confident that

once the Eminent Domain Court has had the opportunity to evaluate the *Second Omnibus Order Granting Relief from the Stay* [ECF No. 2565, Case No. 17-3283], the Eminent Domain State Court will assert its jurisdiction over the pending matters and proceed to adjudicate the Settlement Amount in favor of Movant. Accordingly, the Settlement Amount must remain consigned in the Eminent Domain State Court and the Parties will have to comply with the information requested in the Resolution entered by the Eminent Domain State Court in March, in order to allow HTA to acquire title over the property and resolve the underlying litigation.

### Movant's Assessment of State Court Procedures

On August 8, 2017 the State Court issued an Administrative Judgment staying the State Case at the request of Commonwealth of Puerto Rico (HTA) under Title III of PROMESA. n August 9, 2017 Movant filed an Opposition to said stay requesting that the case continue and that the check for $16,448.00, as per the settlement of December 9, 2016, be issued to Movant. Said request was denied by the State Court thus forcing Movant to file the present action before this Court.

To the surprise of herein appearing party, and in contravention to its previous position, HTA's attorney consigned On February 23, 2018 the $16,448.00 belonging to Movant in the Local Court. A Court without jurisdiction according to HTA in its previous filing Exhibit III supra.

The present position of HTA's attorney that the Local Court by virtue of the "Second Omnibus Order Granting relief from the Automatic Stay of February 21, 2018 allows the lifting of the stay in Movant Local Court case, is not correct. As it applies to Movant, the Order states in the "Exhibit Parties and Actions Granted Modification of the Title III Stay":

> "Modification of the stay to the limited extent necessary to allow HTA to pay movant the settlement amount due under the prepetition stipulation within 14 days

6

of execution of the stay stipulation; provided, however, the stay shall continue to apply in all other respects to the prepetition stipulation".

Said order is clear and incorporates the wording of the "Stipulation Modifying the Automatic Stay and Allowing Payment of Funds Between Puerto Rico Highways and Transportation Authority and Adrián Mercado Jiménez" of February 5, 2018. Exhibit IV.

Said Stipulation prepared by HTA and signed by its legal director is self-explanatory and should be complied without further delay as the "issues" raised now by HTA about Eminent Domain were present at the time of the signing of the Stipulation. HTA voluntarily sought this Court's protection because of liquidity problems, but in this case much more that the $16,448.00 owed to and requested by Movant, seem to have been spent in attorney's fees which are funded by the Puerto Rican taxpayer including Movant. It would be easier and less costly for HTA to rewrite a check in the name of Movant and pick up the check in Local Court, which the local judge Ordered to be returned to HTA (Exhibit I supra) and cancel the same and put an end to this unnecessary litigation.

HTA, states erroneously that the Eminent Domain State Court is the only court with jurisdiction in this case. Such statement is an error and goes against their previous filing as mentioned above. The party requesting the protection of Bankruptcy Court was HTA, and the Stay as pertains to Movant has not been lifted as we have seen.

Moreover, HTA ignores the case of Commonwealth of Puerto Rico v. Ojo de Agua Development, Inc. et al of February 2, 2018 (2108 TSPR 12); the Law of Puerto Rico, Law of Condemnation of Private Property 32 LPRA Sec. 2905(a) which states plainly that the filing of the Declaration of Acquisition transmits the title to the Expropriating Entity.

7

Rule 58.3(d)(3) of the Puerto Rico Rules of Civil Procedure provides that Plaintiff (HTA in this case) upon filing the complaint should certify all filed documents and notify the Registry of the Property. It is HTA's duty to comply.

Moreover, in this case HTA filed on August 2011 its expropriating proceeding consigning the just amount; petitions that the court order the Register of the Property to record to the name of HTA the title as fee simple (el título de pleno y absoluto dominio de dichas propiedades) and the Court issued a Resolution which in part states: a) the title of fee simple (dominio absoluto) was invested in HTA and at (e) the Registrar of the Property must record in favor of HTA said title of dominio absoluto (fee simple) free of all liens, and copy of said Resolution to be given to the Register of the Property.

### III. Statement on Possibility of Direct Payment

#### HTA's position

HTA hereby respectfully informs the Court, that a direct payment to the Movant would deprive HTA from acquiring title over the property. As discussed above, in order for HTA to obtain a final judgment transferring the title from Movant to HTA, the Eminent Domain State Court must first pass judgment over whether the Settlement Amount constitutes just compensation. In addition, the Parties have to comply with submitting a series of documents and information detailed in the Resolution entered by the Eminent Domain State Court in March. Without this assessment and determination from the Eminent Domain State Court, HTA would be unable to obtain a final judgment that would allow the Property Registry of Puerto Rico to record the title of the property in favor of HTA.

Moreover, even if the Movant would be willing to execute and file a stipulation in the Eminent Domain State Court, HTA submits that it would still be unable to make a direct payment to the Movant as the Eminent Domain State Court has to pass judgment over the documents and determine whether the Settlement Amount constitutes just compensation.

Accordingly, HTA submits that it must continue to comply with the applicable procedure detailed in Puerto Rico Law in order to obtain a firm and final judgment from the Eminent Domain State Court, pursuant to that Court's established procedure, in order to allow for the successful transfer of the property in favor of HTA to resolve the underlying litigation.

### Movant's Statement on Possibility of Direct Payment

The state Court has no jurisdiction as HTA requested Bankruptcy protection and the stay as to Movant has not been lifted; the Stipulation of February 5 has not been adhered to by HTA, furthermore as to (iii) of the May 2 Order of this Court, as we can see, HTA's position is erroneous and obstinate. Nevertheless, Movant is willing to conclude the settlement by receiving direct payment and will provide all necessary releases and documents HTA specifies and requires.

The position of HTA in this case is untenable and capricious and against the principle of just and rapid disposition of cases and against the Local Court Order of May 7, 2018.

Dated: May 21, 2018
San Juan, Puerto Rico

Respectfully submitted,

*/s/Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Email: lmarini@mpmlawpr.com

*/s/Carolina Velaz-Rivero*
Carolina Velaz-Rivero
USDC No. 300913
Email: cvelaz@mpmlawpr.com

**MARINI PIETRANTONI MUÑIZ LLC**
MCS Plaza, Suite 500
255 Ponce de León Ave.
San Juan, Puerto Rico 00917
Tel: (787) 705-2171
Fax: (787) 936-7494

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

/s/ Juan B. Soto Balbás
**JUAN B. SOTO LAW OFFICES, P.S.C**.
1353 Luis Vigoreauz Ave.
PMB 270
Guaynabo, Puerto Rico, 00966
Tel.: (787)273-0611
Email: jsoto@jbsblaw.com

/s/ Juan B. Soto Balbás
USDC-PR 130305

10