**EXHIBIT III**

2176209

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SAN JUAN JUDICIAL CENTER
SUPERIOR PART     RECEIVED
July 18 2017

| | |
|---|---|
| HIGHWAY AND TRANSPORTATION AUTHORITY OF PUERTO RICO | . CIVIL NO. KEF-2911-0240 |
| | . |
| | . Room 1003 |
| Petitioner | . |
| | . RE: |
| v. | . |
| | . |
| LUIS ALBERTO MERCADO JIMENEZ ET AL | . |
| | . EXPROPRIATION |
| | . |
| Interested Party | . |

...............................................................

NOTICE OF STAY OF THE PROCEEDINGS PURSUANT TO THE FILING OF THE
PETITION FOR BANKRUPTCY FILED BY THE GOVERNMENT OF PUERTO RICO
UNDER TITLE III OF THE PROMISE ACT

**TO THE HONORABLE COURT:**

**COMES NOW** the Highway Authority of Puerto Rico (hereinafter the

"HTAPR") through the undersigned legal representative and who very respectfully

STATES, ALLEGES and PRAYS:

1.    The appearing party filed on August 25, 2011 a Petition for

Expropriation consigning the fair compensation in the Court.

Certified to be a true and correct
translation from its original.
Aída Torres, USCCI
Tel. 787.225.8218/787.723.4644
Fax: 787.723.9488

2

2. The party with Interest has contested the fair compensation consigned and within its allegations it requested an increase of the amounts consigned in the Court.

3. This additional economic request filed by the party with interest, has the effect of converting the petitioner herein, the HTAPR in a debtor of the party with interest. This if the allegations of the party with interest prosper.

4. On June 30, 2016, the federal law known as the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA") was approved, 48 U.S.C. §§ 2101 et seq.

5. Pursuant to the provisions of PROMESA, on May 21, 2017, the Board of Financial Supervision and Administration for Puerto Rico filed a petition for bankruptcy on behalf of the HTAPR before the United States District Court for the District of Puerto Rico. Seem, In re: Puerto Rico Highways and Transportation Authority, case no. 27-cv-1686 (LTS) (hereinafter, the "Petition"). On the date in which this document is presented, the Petition is pending before the United States District Court.

Certified to be a true and correct
translation from its original.
Aída Torres, USCCI
Tel. 787.225.8218/787.723.4644
Fax: 787.723.9488

3

6.  The Petition was filed under Title III of PROMESA, which provides in its section 301(a) the application, among others, of Sections 362 and 922 of Title 11 of the Federal Code of the United States, known as the Bankruptcy Code of the United States.

7.  As is generally known, the fundamental purpose of every bankruptcy procedure is that the debtor have the opportunity to reorganize its economic activity, while the interests of the creditors are protected. This is done by distributing the assets of the debtor petitioner among its legitimate creditors, pursuant to the provisions of the Bankruptcy Act, Allende v. García, 150 DPR 892, 898-899 (2000).

8.  With regard to this particular, specifically, Section 362 of the Bankruptcy Code contains said principle.

> **§352.  Automatic stay**
>
> a.  Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title, or an application filed under section 5(a)93) of the Securities Investor Protection Act of 1970, **operates as a stay, application to all entities,** of--
>
> (1) **the commencement or continuation,**

Certified to be a true and correct
translation from its original.
Aída Torres, USCCI
Tel. 787.225.8218/787.723.4644
Fax: 787.723.9488

4

including the issuance or employment of process, of **a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title,** or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

**(4) any act to create, perfect or enforce any lien against property [*10] of the estate;**

(5) any act to create, perfect or enforce **against property of the debtor** any lien to th extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) **any act to collect, assess or recover a claim against** the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor

Certified to be a true and correct
translation from its original.
Aída Torres, USCCI
Tel. 787.225.8218/787.723.4644
Fax: 787.723.9488

5

that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the Untied States Tax Court concerning the debtor.  (Emphasis ours)

9.      In essence, sections 362 and 922 of the Bankruptcy Code with regard to the filing by the Government of Puerto Rico of the Petition has the automatic, immediate and direct effect of staying any civil action that any natural or judicial person has initiated, attempts to continue or which requests the execution of a judgment against the Government, while the bankruptcy proceedings are pending before the Court.  11 U.S.C. §362(a), 922(a), 48 U.S.C. §3161 (emphasis ours).[1]

10.     The SCPR provided in Marrero Rosado v. Marrero Rosado, 178 DPR 476, 490 (2010), that:

---

[1]Notice that the stay that is activated with the Petition is more comprehensive than the one that existed until May 21, 2017.  The latter referred in general terms to financial debts, while the one that is activated with the filing of the Petition applies to any litigation against the debtor that could have been commenced before the filing of the procedure under Title III of PROMESA.  *See* Section 405 of PROMESA.

Certified to be a true and correct
translation from its original,
Aída Torres, USCCi
Tel. 787.225.8218/787.723.4644
Fax: 787.723.9488

6

> ...[t]he automatic stay is one of the most basic protections that the United States legislator instituted in the Bankruptcy Code for the debtors that are subject to the same.

11.   With the automatic stay there is impeded,

> ...among other things, the commencement or the continuation of any judicial, administrative process or of any other nature that was or could have been filed against the debtor, or to exercise any action whose right occurred before the bankruptcy was initiated.

> Id., page 491.  See, also 11 U.S.C.A. Sec. 362; Soares v. Brockton Credit Union, 107 F.3d 969, 975 (1st Cir. 1997).

12.   It can also impede the execution of a prior judgment or detain the creation, perfection or execution of an encumbrance prior to the bankruptcy. Id. Its effects manifest themselves since the petition for bankruptcy is presented up until the final judgment is issued, and a formal notification is not required for it to have an effect.  Jama v. Katabdin Fed. Credit Union, 283 F.3d 392, 398 (1st Cir. 2002).  It also provokes that the state courts are deprived of jurisdiction automatically and, in fact, it is so comprehensive that it stays litigations that have little or nothing to do with the financial situation of the debtor.  3 Collier on Bankruptcy sec. 362.03(3) (2009).

Certified to be a true and correct
translation from its original.
Aída Torres, USCCI
Tel. 787.225.8218/787.723.4644
Fax: 787.723.9488

7

13.   For this stay to have an effect **no prior notification whatsoever is required** to said person, since the filing of the bankruptcy request is sufficient to produce the stay mentioned. <u>Morales v. Clínica Femenina de P.R.</u>, 135 DPR 810, 820 n. 5 (1994). (Judgment)   The judicial action that provides this is merely declarative of the status established by the Federal law.

14.   Nevertheless, by deference to this forum and in consideration to the indications and proceedings previously placed in the calendar in this case we present this document so that this Court can take judicial knowledge of what is stated above and proceed with the stay of all of the proceedings before its consideration, pursuant to Sections 362(a) and 922(a) of the Bankruptcy Code,, as incorporated by reference under Section 501(a) of Promesa, 48 USA §2161(a).

15.   This notification of a stay should not be understood as if the HTAPR is waiving any additional allegation regarding the effect of the approval of PROMESA to this case, nor to any right or defense that arises under Title III of PROMESA.  Nor should it be understood as a wavier of any allegation or defense that the Government may raise in

Certified to be a true and correct
translation from its original.
Aída Torres, USCCI
Tel. 787.225.8218/787.723.4644
Fax: 787.723.9488

8

the captioned case once the stay ends or there is issued any order in

the proceedings under Title III that are issued in this case.

**WHEREFORE,** it is very respectfully requested from this Honorable Court

that it take note of what is previously informed, and as a result thereof stay all of

the proceedings pending in the captioned case, together with any other

determination that is pertinent pursuant to law.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, today July 13, 2017.

I certify:  Having sent a copy of this document to the legal representatives of the

parties with interest to their address of record.

s/illegible
Atty. Anita Cortés de Centeno
RUA 11,368
P.O. Box 42007
San Juan, Puerto Rico 00940-2007
Tel. (787) 729-1568

Certified to be a true and correct
translation from its original.
Aída Torres, USCCI
Tel. 787.225.8218/787.723.4644
Fax: 787.723.9488