# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>　　　　Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>　　　　Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |
| THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO,<br><br>　　　　Movant.<br><br>　　　　v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Re: ECF No. 824<br><br>**This Response Relates Only to PREPA and Shall be Filed in Case Nos. 17 BK 4780-LTS and 17 BK 3238-LTS** |

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

as representative of

PUERTO RICO ELECTRIC POWER AUTHORITY,

Respondent.

**RESPONSE OF FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD TO MOTION OF OFFICIAL
COMMITTEE OF RETIRED EMPLOYEES OF COMMONWEALTH
OF PUERTO RICO REGARDING REPRESENTATION OF PREPA RETIREES**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Puerto Rico Electric Power Authority ("PREPA") in this Title III case pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this response (the "Response") to the *Motion of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico Regarding Representation of PREPA Retirees* [Case No. 17-4780, ECF No. 824] (the "Motion") filed by the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "Retiree Committee"). In support of this Response, the Oversight Board respectfully states as follows:

**Response**

1. The Motion seeks alternate forms of relief. In the first instance, the Motion seeks entry of an order expanding the scope of the Retiree Committee's representation to the retirees of PREPA (the "PREPA Retirees"). Motion ¶ 25. The Oversight Board believes that the PREPA Retirees, in some instances, cannot be adequately represented by PREPA's unions when there is

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

a structural conflict between current employees and retirees.[3] Thus, the Oversight Board supports the Motion to the limited extent it either requests this Court to enter an order expanding the scope of the Retiree Committee's representation to include the PREPA Retirees or requests the United States Trustee to expand the Retiree Committee by appointing one or more representatives for the PREPA Retirees to the Retiree Committee.

2. In the alternative, the Motion seeks the appointment of a separate committee only for PREPA's Title III case to represent the PREPA Retirees. *Id.* The Oversight Board does not support the appointment of a separate committee to represent the PREPA Retirees because having a separate committee would be inefficient, unnecessarily increase professional fees, and could create confusion.

3. The appointment of a separate committee to represent the PREPA Retirees would incur significant costs and create unnecessary inefficiencies in these already complex Title III cases. A separate committee would need to retain additional professionals (in the already crowded field of professionals), who would need to spend significant time and incur significant costs to be brought up to date on the various developments in these Title III cases. Indeed, PREPA's Title III case does not proceed in a vacuum and the restructuring and transformation of PREPA has a direct effect on the Commonwealth's recovery and vice versa. Knowledge of the Commonwealth's case and fiscal plan is needed to fully analyze the measures implemented in PREPA's fiscal plan. The appointment of a separate committee presents the danger of duplication of work already done by the Retiree Committee. In contrast, the Retiree Committee

---

[3] *See* Response of United Auto Workers International Union and Service Employees International Union to Motion of Ad Hoc Retiree Committee for Appointment of an Official Retiree Committee [Docket Entry No. 8], Case No. 17-3283-LTS, ¶¶ 9-10, ECF No. 222 ("[E]mployees -- unlike retirees -- may have future opportunities, over the remainder of their careers, to earn other retirement income or savings. These additional, significant, and potentially conflicting active employee interests -- which retirees by definition do not share -- make active employee and retiree representation in a single committee inappropriate in these proceedings.").

3

is already well situated to represent the PREPA Retirees. Expanding the scope of the Retiree Committee to include the representation of the PREPA Retirees would allow the Retiree Committee to capitalize on its familiarity with these cases, the various parties in interest and their respective positions on important issues, and certain of the work it has already done, thus avoiding additional, duplicative professional fees.

4. A separate committee could also create confusion among the retirees, resulting in further increased costs. As noted in the Motion, certain PREPA Retirees have already contacted the Retiree Committee regarding aspects of these Title III cases. Motion at 3, n.5. The centralized representation of retirees by the Retiree Committee would avoid this confusion, as well as the additional costs that would have to be incurred by two committees to coordinate responses to alleviate such confusion.

5. Further, the expansion of the Retiree Committee's scope of representation to include the PREPA Retirees is consistent with past practice. For example, the Official Committee of Unsecured Creditors appointed in the Commonwealth's Title III case had its scope of representation expanded to include representing the unsecured creditors of PREPA. *See Amended Notice of Appointment of Official Committee of Unsecured Creditors* [Case No. 17-4780, ECF No. 255]. The Oversight Board believes that the Retiree Committee would not be conflicted in representing retirees of the Commonwealth and HTA, on the one hand, and PREPA Retirees on the other, as the PREPA Retirement System is completely distinct from ERS, with its own separate assets and funding source. Accordingly, it would be appropriate to appoint one or more members to the Retiree Committee to represent the PREPA Retirees.

6. Given the Retiree Committee's familiarity with these Title III cases and the various parties in interest, the Retiree Committee is capable of effectively representing the

PREPA Retirees without the delay necessary to bring a separate committee up to date on various case developments and dynamics, as further detailed in the Motion.

### Conclusion

Accordingly, for the reasons stated herein, the Oversight Board supports the expansion of the Retiree Committee's scope of representation to include the PREPA Retirees, but objects to the appointment of a separate committee to represent PREPA Retirees.

Dated: May 22, 2018  
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Martin J. Bienenstock*

Martin J. Bienenstock (admitted *pro hac vice*)  
Brian S. Rosen (admitted *pro hac vice*)  
Paul V. Possinger (admitted *pro hac vice*)  
Ehud Barak (admitted *pro hac vice*)  
Maja Zerjal (admitted *pro hac vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel: (212) 969-3000  
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as Representative for PREPA*

/s/ *Hermann D. Bauer*

Hermann D. Bauer  
**O'NEILL & BORGES LLC**  
250 Muñoz Rivera Ave., Suite 800  
San Juan PR 00918-1813  
Tel: (787) 764-8181  
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as Representative for PREPA*

<u>**CERTIFCATE OF SERVICE**</u>

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

Dated: May 22, 2018
San Juan, Puerto Rico

*/s/ Hermann D. Bauer*
Hermann D. Bauer
