**Hearing Date:** June 6, 2018 at 9:30 a.m. (AST)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-bk-03283 (LTS)<br><br>(Jointly Administered) |

## RESPONSE TO RENEWED MOTION OF CREDITORS' COMMITTEE SEEKING ENTRY OF ORDER, UNDER BANKRUPTCY RULE 2004, AUTHORIZING DISCOVERY PROGRAM WITH RESPECT TO CERTAIN CAUSES OF PUERTO RICO FINANCIAL CRISIS BEGINNING ON AUGUST 15, 2018

To the Honorable United States Magistrate Judge Judith G. Dein:

The Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") respectfully submits its response to the Renewed Motion of Creditors' Committee ("**Movant**" or "**UCC**") Seeking Entry of Order, Under Bankruptcy Rule 2004, Authorizing Discovery Program With Respect To Certain Causes Of Puerto Rico Financial Crisis Beginning On August 15, 2018 [Dkt. No. 3066] (the "**Motion**").

---

[1] The Debtors in these jointly-administered PROMESA title III cases (these "**Title III Cases**"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric and Power Authority  (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747).

## INTRODUCTION

1. In its Motion, the UCC raises two primary objections to the ongoing investigation by Kobre & Kim (the "**Investigator**"). *First*, the UCC complains of the pace of the investigation and the UCC's anticipated content of the Investigator's report, and asks this Court to permit the UCC, no later than August 15, 2018, to conduct its own Rule 2004 exams of certain targets of the investigation. (Motion ¶ 12.) *Second*, the UCC complains of the lack of cooperation from the Puerto Rico Fiscal Agency and Financial Advisory Authority ("**AAFAF**"), and in particular, AAFAF's refusal to consent to a nondisclosure agreement that would permit the Investigator to share certain documents produced by AAFAF with the UCC. (Motion ¶ 19.) As set forth below, as to the first issue, the Retiree Committee's position is that the UCC's request to conduct its own investigation is premature and should be continued to the September 12, 2018 omnibus hearing date, at which time the parties and the Court will have a true sense of where the investigation stands. As to the second issue, the Retiree Committee concurs with the UCC's complaints and submits that the most efficient way to resolve the issue is to order AAFAF to produce (or permit the Investigator to produce) all documents subject to the existing nondisclosure agreements.

## RESPONSE

**A. The UCC's Request For 2004 Discovery Should Be Continued To The September 12, 2018 Hearing.**

2. The Motion's request that the UCC be permitted to commence full-fledged discovery on or before August 15, 2018 is premature. In the Motion, the UCC complains of the speed of the investigation and the content of the Investigator's yet-to-be-released report. Although the UCC correctly notes that the Investigator has extended the timeline in which it anticipates completing the report, the same reasons that led this Court to deny the UCC's first motion still persist. (See November 15, 2017 Hearing Transcript at pp. 72-73.) As the Court explained then,

2

the motion was (and the present Motion is) "premature" because "the independent investigator should be given the opportunity to conduct this investigation." (*Id.*)

3. Based upon the Retiree Committee's weekly calls with the Investigator, the Retiree Committee is informed that: (i) the Investigator will issue its report by August 15, 2018; (ii) that prior to the release of the report, the Investigator will seek approval of an "exit plan," that will, in part, provide both Committees with access to all documents that were turned over to the Investigator and not subject to a claim of attorney-client privilege; and (iii) that the report will directly identify potentially viable cause of actions against third parties. Thus, while the Retiree Committee did not understand the Court's comments at the November 15 hearing to give the Investigator an open-ended deadline in which to complete its report, it believes that the Investigator's expectation of delivering a final investigation report during the summer of 2018 is reasonable.

4. Deferring the Motion's request for a parallel investigation until after the Investigator releases the final report may eliminate completely, or at least curtail, the UCC's stated need for 2004 discovery. At a minimum, it will certainly allow the Committees to narrowly tailor any future discovery requests. For this reason, the UCC's request that it be permitted to conduct its own investigation is premature and should be continued to the September 12, 2018 hearing, at which time the parties will have seen the Investigator's final report and will be in a position to provide the Court with a status report as to what additional discovery, if any, is necessary.

5. In the event, however, the Court decides to grant the Motion now, the Retiree Committee requests that it be given equal authority to pursue Rule 2004 discovery as the UCC with an understanding the two Committees will coordinate their discovery efforts. The Commonwealth owes the Retiree Committee's constituents approximately $50 billion in pension

obligations, making the government retirees the largest creditor group in these cases. As such, the Retiree Committee should be allowed to participate in any discovery authorized by this Court.

**B.     The Court Should Order AAFAF To Provide The Committees Access To Documents Produced To The Investigator.**

6.     With regard to documents produced to the Investigator by AAFAF, the Retiree Committee shares the UCC's frustration. Like the UCC, the Retiree Committee and the Investigator have entered into a nondisclosure agreement that governs how and when the Investigator will share documents it receives from third parties with the Retiree Committee, and separately has entered into a nondisclosure agreement with AAFAF. Perhaps more than any other party, AAFAF possesses documents that will be critical to the Investigator's efforts as well as to the efforts of both Committees. Yet, despite the existence of these nondisclosure agreements, AAFAF has refused to let the Committees see any document from AAFAF unless a further nondisclosure agreement is entered into with them. Also like the UCC, the Retiree Committee through its counsel has tried for several months to get AAFAF's consent to such an agreement, but to no avail. It appears that AAFAF is engaged in a pattern of delay to avoid ever having to produce the documents produced to the Investigator to the Committees.

7.     This obstruction impairs the ability of the Committees to rely upon the Investigator and its final report and should be addressed now. The Retiree Committee believes the most efficient approach would be for this Court to order AAFAF to give the Committees access to the documents AAFAF has allowed the Investigator to see subject to the nondisclosure agreements the Committees have entered into with the Investigator and AAFAF. Such an order would help ensure that both official Committees have access to the documents they need without having to undergo the expensive, time-consuming and duplicative efforts of a Rule 2004 subpoena.

4

| | |
|---|---|
| Dated: May 22, 2018 | Respectfully submitted, |
| JENNER & BLOCK LLP | BENNAZAR, GARCÍA & MILIÁN, C.S.P. |
| By: | By: |
| */s/ Robert Gordon* | */s/ A.J. Bennazar-Zequeira* |

Robert Gordon (admitted *pro hac vice*)
Richard Levin (admitted *pro hac vice*)
919 Third Ave
New York, NY 10022-3908
rgordon@jenner.com
rlevin@jenner.com
212-891-1600 (telephone)
212-891-1699 (facsimile)

Catherine Steege (admitted *pro hac vice*)
Melissa Root (admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
312-222-9350 (telephone)
312-239-5199 (facsimile)

A.J. Bennazar-Zequeira
Edificio Union Plaza
PH-A piso 18
Avenida Ponce de León #416
Hato Rey, San Juan
Puerto Rico 00918
ajb@bennazar.org
787-754-9191 (telephone)
787-764-3101 (facsimile)

*Counsel for The Official Committee of Retired Employees of Puerto Rico*