**Hearing Date:** June 6, 2018 at 9:30 a.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>  Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

---

**OBJECTION OF SANTANDER SECURITIES LLC, SANTANDER ASSET MANAGEMENT LLC AND BANCO SANTANDER PUERTO RICO TO** *RENEWED MOTION OF CREDITORS' COMMITTEE SEEKING ENTRY OF ORDER, UNDER BANKRUPTCY RULE 2004, AUTHORIZING DISCOVERY PROGRAM WITH RESPECT TO CERTAIN CAUSES OF PUERTO RICO FINANCIAL CRISIS <u>BEGINNING ON AUGUST 15, 2018</u>*

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-BK-4780(LTS) (Last Four Digits of Federal Tax ID: 3747).

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................2

      A.      The Prematurely Filed Renewed Motion Seeks, Once Again, to Duplicate the Ongoing Investigation of the Oversight Board. .................................................2

      B.      A Separate Committee Inquiry Would Disrupt the Progress of the Oversight Board's Investigation by Imposing Simultaneous Conflicting Obligations on the Parties From Whom Information and Documents Are Sought. ..................................................................................................................3

      C.      The Committee's Proposed Discovery Is Overly Broad, and the Scope of Any Additional Discovery to Which the Committee May Be Entitled Would Be Best Addressed After the Oversight Board's Investigation Is Complete. ................................................................................................................4

CONCLUSION..................................................................................................................................6

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

In re AOG Entm't, Inc.,
    558 B.R. 98 (Bankr. S.D.N.Y. 206) ................................................................................. 4, 5

In re Bd. of Dirs. of Hopewell Int'l Ins. Ltd.,
    258 B.R. 580 (Bankr. S.D.N.Y. 2001) ..................................................................................5

In re Buccaneer Res., LLC,
    No. 14-60041, 2015 WL 8527424 (Bankr. S.D. Tex. Dec. 10, 2015) ....................................5

ePlus, Inc. v. Katz (In re Metiom, Inc.),
    318 B.R. 263 (S.D.N.Y. 2004) ..............................................................................................5

In re Express One Int'l, Inc.,
    217 B.R. 215 (Bankr. E.D. Tex. 1998) .................................................................................5

In re MF Global Holdings Ltd.,
    465 B.R. 736 (Bankr. S.D.N.Y. 2012) ..................................................................................4

MF Global Inc., No. 11-02790 (MG), 2013 WL 74580 ....................................................................5

In re Texaco Inc.,
    79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987) ............................................................................4

In re Williams Commc'ns Grp., Inc.,
    281 B.R. 216 (Bankr. S.D.N.Y. 2002) ..................................................................................4

**Other Authorities**

Fed. R. Bankr. P 2004. ........................................................................................... 1, 4, 5, 6

Santander Securities LLC, Santander Asset Management LLC, and Banco Santander Puerto Rico (collectively, "Santander") hereby file their objection (this "Objection") to the *Renewed Motion of Creditors' Committee Seeking Entry of Order, Under Bankruptcy Rule 2004, Authorizing Discovery Program With Respect to Certain Causes of Puerto Rico Financial Crisis Beginning on August 15, 2018* [Dkt. No. 3066] (the "Renewed Motion"), filed May 15, 2018.[2] In support of the Objection, Santander incorporates by reference herein its objection [Dkt. No. 808] (the "Original Santander Objection") to the earlier *Motion of Official Committee of Unsecured Creditors for Order, Under Bankruptcy Rule 2004, Authorizing Discovery Program With Respect to Certain Causes of Puerto Rico Financial Crisis* [Dkt. No. 706] (the "First Motion") and respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Six months to the day after this Court ruled at a hearing that the Committee is seeking discovery that would be duplicative of the Oversight Board's investigation and unnecessarily burdensome to the estate and other parties—and before the Oversight Board has completed its investigation—the Committee now returns to ask for the same broad, duplicative discovery program. The Committee's Renewed Motion does not provide any basis for the Court to reach a different conclusion this time, and the Motion should be denied again. Indeed, the Committee's Motion primarily is based on two concerns that are both premature and entirely speculative: that the Oversight Board's ongoing investigation *may* require a few additional months to conclude, and that the investigation ultimately *may* not provide the Committee with the facts that it wants in order to assert certain undefined claims. These purported concerns are neither well

---

[2] Capitalized terms used but not otherwise defined in this Objection have the meanings set forth in the Renewed Motion.

1

founded, nor do they provide good reason for the Committee to be permitted to jump the gun and commence sweeping and burdensome discovery. As this Court already determined, the prudent, efficient, and appropriate process is for the Oversight Board to conclude its thorough investigation and publish its final report, and for the Committee to analyze those conclusions and the underlying facts and *thereafter* assess whether any additional discovery is necessary or appropriate.

## ARGUMENT

### A. The Prematurely Filed Renewed Motion Seeks, Once Again, to Duplicate the Ongoing Investigation of the Oversight Board.

2. One of the principal reasons that Santander and other parties objected to the First Motion was that it sought broad, undefined discovery that overlapped with the Oversight Board's investigation and would, therefore, unnecessarily duplicate effort and expense. The Court echoed these concerns at the November 15, 2017 hearing on the First Motion when the Court found that "[i]t would not be efficient or cost effective to have parallel investigations" especially where, as here, "there is a common goal of obtaining . . . information and understanding the underlying facts." (Renewed Mot., Ex. C at 82:12-17.) Because the Committee has filed the Renewed Motion prematurely, before the Investigator has published and the Committee has reviewed the final report, granting the Renewed Motion would risk the same waste of estate resources the Court was previously trying to avoid.

3. The Committee's assertion that the existing investigation will not yield the information the Committee needs is mere speculation. In fact, Santander has provided – and continues to provide – voluminous amounts of requested documents, and several current and former Santander personnel have voluntarily sat or agreed to sit for interviews with the Investigator. To date, Santander had produced approximately 150,000 pages of documents.

Santander and the investigator also are continuing to discuss additional targeted document requests, and Santander will continue to cooperate fully with the Investigator.

4. Indeed, because the Investigator and Santander are working diligently and making significant progress, the facts and circumstances cited by the Committee in its Renewed Motion are already out of date. It is precisely this ongoing progress and rapidly evolving state of the investigation that makes the Committee's Renewed Motion premature. Until the Oversight Board completes its investigation, the Committee cannot know what additional information (if any) it may have a need to seek independently. Any Committee inquiry authorized before such time will inevitably create unnecessary duplication and expense.

**B.     A Separate Committee Inquiry Would Disrupt the Progress of the Oversight Board's Investigation by Imposing Simultaneous Conflicting Obligations on the Parties From Whom Information and Documents Are Sought.**

5. Authorizing the Committee to commence its own investigation while the Oversight Board's investigation remains ongoing would not only duplicate the work of the Oversight Board but also would disrupt it. As described above, Santander has worked diligently to cooperate with the requests of the Investigator. These efforts have included, among others: (i) conferring on multiple occasions with the Investigator to clarify the scope, and manner of responding to, the Investigator's requests; (ii) searching corporate records and correspondence maintained by multiple custodians; (iii) undertaking a privilege review of thousands of responsive documents; and (iv) making representatives of Santander available for interviews by the Investigator. This level of cooperation with the Oversight Board's investigation has required, and continues to require, the investment of significant time and financial resources by Santander and its counsel. Inevitably, a Committee investigation that overlaps with the work of the Investigator would disrupt and delay the Oversight Board's investigation. Again, the far better course of action would be for

3

the Committee to await the completion of the Oversight Board's investigation and then determine what additional discovery, if any, is needed.

6. This approach would be consistent with the decisions of other bankruptcy courts that restricted the availability of Rule 2004 discovery by third parties when inquiries were already underway by institutions charged with similar investigations. In In re MF Global Holdings Ltd., for example, the Bankruptcy Court for the Southern District of New York denied discovery requested under Rule 2004 because a trustee appointed under the Securities Investor Protection Act had already been granted authority to investigate and report on facts and potential claims similar to those identified by the party seeking discovery. 465 B.R. 736, 743-44 (Bankr. S.D.N.Y. 2012). The MF Global court held that allowing additional overlapping discovery was "unnecessary and would hinder ongoing investigations." Id. at 743. The court noted that it might later determine that additional discovery was warranted, but that granting yet another layer of discovery while the SIPA Trustee's investigation was underway was not appropriate. Id. at 744. See also In re AOG Entm't, Inc., 558 B.R. 98, 109 (Bankr. S.D.N.Y. 206); In re Williams Commc'ns Grp., Inc., 281 B.R. 216, 222 (Bankr. S.D.N.Y. 2002); In re Texaco, Inc., 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987).

C. **The Committee's Proposed Discovery Is Overly Broad, and the Scope of Any Additional Discovery to Which the Committee May Be Entitled Would Be Best Addressed After the Oversight Board's Investigation Is Complete.**

7. Notably, the Committee has not narrowed its requested discovery from its original proposal for a "broad program of investigation" (First Motion ¶ 30) to reflect the substantial work already undertaken by the Investigator. For the reasons set forth in the Original Santander Objection, the broad and vaguely described topics of inquiry outlined in the First Motion and the Renewed Motion would impose an undue burden on Santander and the other parties from which the Committee seeks discovery. (Original Santander Obj. ¶¶ 16-19.)

4

8. Rule 2004, while broad, is not without its limits. A Rule 2004 investigation can be authorized only upon a showing of good cause, and a court considering a request under Rule 2004 has broad discretion to determine whether and to what extent the discovery should be authorized. ePlus, Inc. v. Katz (In re Metiom, Inc.), 318 B.R. 263, 268 (S.D.N.Y. 2004); In re Bd. of Dirs. of Hopewell Int'l Ins. Ltd., 258 B.R. 580, 587 (Bankr. S.D.N.Y. 2001); In re Express One Int'l, Inc., 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998). In order to demonstrate good cause, a party typically must demonstrate that the discovery it seeks is "necessary to establish the claim of the party seeking the examination, or [that] denial of such request would cause the examiner undue hardship or injustice." In re AOG Entm't, Inc., 558 B.R. at 109 (quoting In re Metiom, Inc., 318 B.R. at 263).

9. In addition, "[t]he Court must also weigh the relevance of the discovery against the burden it will impose on the producing party." MF Global Inc., No. 11-02790 (MG), 2013 WL 74580, at *1 (citing In re Coffee Cupboard, Inc., 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991)). See also In re AOG Entm't, Inc., 558 B.R. at 109 ("In evaluating a request to conduct a Rule 2004 examination, the Court must 'balance the competing interests of the parties, weighing the relevance and necessity of the information sought by examination."). This is critical to fulfilling the Court's duty to "protect persons who are not parties or officers of a party from incurring significant expense in connection with document production." In re Buccaneer Res., LLC, No. 14-60041, 2015 WL 8527424, at *6 (Bankr. S.D. Tex. Dec. 10, 2015) (applying Fed. R. Civ. P. 45(d)(1) to committee's Rule 2004 discovery). Accordingly, discovery requests should be tailored so as not to be "more disruptive and costly to the [party being examined] than beneficial to the [party requesting the examination]." Id. (quoting In re Texaco, Inc., 79 B.R. at 553). "If the cost and disruption to the

5

person being examined outweigh the benefits to the examiner, the examination should be denied." Id. (citing In re Express One Int'l, Inc., 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998)).

10. The Committee's proposal would be unduly burdensome to Santander and the other responding parties even if the Oversight Board had not already covered so much of the same ground in its own investigation. However, because the Oversight Board is in the late stages of its exhaustive investigation, the Committee's professed need for the discovery is also subject to question. If the Committee ultimately is authorized to pursue a supplemental investigation, the scope of the discovery to which it is permitted should be limited to topics not addressed by the Oversight Board's investigation and documents not already produced to the Investigator and made available to the Committee. Of course, what topics and documents are not already the subject of the Oversight Board's investigation cannot be determined until after the Investigator's work is complete. Accordingly, any effort to determine the proper scope of the Committee's requested investigation before the Investigator publishes its final report would need to be revisited after the report is released, thereby wasting estate resources. For this reason, as well, the Committee's request for discovery should be heard only after the currently pending investigation is complete.

## CONCLUSION

Under the standard applicable to Rule 2004 requests, the Committee has not demonstrated its *need* for discovery beyond what Santander is in the process of providing to the Investigator. Moreover, the Committee's attempt to duplicate the investigation already underway by the Oversight Board cannot be squared with the requirement that the burden imposed on the recipients of discovery requests be proportional to the requesting party's need for the documents. For these reasons and all other reasons discussed herein and in the Original Santander Objection, Santander respectfully requests that the Court reaffirm its prior decision and deny the Renewed Motion.

6

Date: May 22, 2018  By: /s/Juan R. Rivera Font

JUAN R. RIVERA FONT
USDC-PR No. 221703
juan@riverafont.com
JUAN R RIVERA FONT, LLC
27 González Giusti Ave.
Office 602
Guaynabo, PR 00968
Telephone: (787) 751-5290
Facsimile: (787) 751-6155

*Local Counsel for Santander Securities LLC,
Santander Asset Management LLC and
Banco Santander Puerto Rico*

SIDLEY AUSTIN LLP
Andrew W. Stern (admitted *pro hac vice*)
Nicholas P. Crowell (admitted *pro hac vice*)
Alex R. Rovira (admitted *pro hac vice*)
James Heyworth (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

*Counsel for Santander Securities LLC,
Santander Asset Management LLC and
Banco Santander Puerto Rico*