# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** | PROMESA  Title III |
| **THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,** | No. 17 BK 3283-LTS  (Jointly Administered) |
| As a representative of | |
| **THE COMMONWEALTH OF PUERTO RICO** *et al.*, | Re: ECF No. 3032 |
| **Debtors.**[1] | **Hearing date:** June 6, 2018 at 9:30 a.m. (Atlantic Standard Time) or such other hearing date as ordered by the Court |

### CERTIFICATION OF COUNSEL REGARDING REVISED PROPOSED FIRST AMENDED FEE EXAMINER ORDER

I, Eyck O. Lugo, counsel to the Fee Examiner in the above-captioned cases, hereby certify as follows:

1. On October 6, 2017, pursuant to the agreement of the principal parties, the Court entered the *Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(A) Appointing a Fee Examiner and Related Relief* [Dkt. No. 1416] *(*the "**Fee Examiner Order**").

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

2. On May 8, 2018, the Fee Examiner filed the *Motion of the Fee Examiner to Amend the Fee Examiner Order With Respect to the Scope of the Fee Examiner's Authority in the Interest of Administrative Efficiency* [Dkt. No. 3032] (the "**Motion**"). The Fee Examiner served a notice with the Motion advising all parties on the Master Service List of the May 22, 2018 4:00 p.m. Atlantic Standard Time deadline to object to the Motion. *See Fourth Amended Notice, Case Management and Administrative Procedures* [Dkt. No. 2839-1] and *Certificate of Service* [Dkt. No. 3044].

3. With the Motion, the Fee Examiner filed a draft *First Amended Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing a Fee Examiner and Related Relief* attached as **Exhibit A** (the "**Proposed Amended Fee Examiner Order**").

4. Since the filing, two additional retained professionals in these cases have contacted counsel to the Fee Examiner requesting revisions to the Proposed Amended Fee Examiner Order. The Fee Examiner has no objection to the requested revisions.

5. Attached hereto as **Exhibit A** is a revised Proposed Amended Fee Examiner Order incorporating the requested revisions.

6. Attached hereto as **Exhibit B** is a redline comparing the Proposed Amended Fee Examiner Order against the Fee Examiner Order that the Court entered on October 6, 2017.

**WHEREFORE,** the Fee Examiner respectfully requests that the Court enter the order attached as **Exhibit A** at its earliest convenience.

**WE HEREBY CERTIFY** that on this date, we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all attorneys of record registered in the use of the CM/ECF system.

Dated this 22nd day of May, 2018.

        EDGE Legal Strategies, PSC

        *s/Eyck O. Lugo*
        Eyck O. Lugo
        252 Ponce de León Avenue
        Citibank Tower, 12th Floor
        San Juan, PR 00918
        Telephone: (787) 522-2000
        Facsimile: (787) 522-2010

*Puerto Rico Counsel for Fee Examiner*

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

Katherine Stadler (*Pro Hac Vice* Approved)

*Counsel for the Fee Examiner*

18972654.2

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** | PROMESA<br>Title III |
| **THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,** | No. 17 BK 3283-LTS<br>**(Jointly Administered)** |
| As a representative of | |
| **THE COMMONWEALTH OF PUERTO RICO** *et al.*, | |
| Debtors.[1] | |

**FIRST AMENDED ORDER PURSUANT TO
PROMESA SECTIONS 316 AND 317 AND
BANKRUPTCY CODE SECTION 105(A)
<u>APPOINTING A FEE EXAMINER AND RELATED RELIEF</u>**

Upon the *Motion of the Fee Examiner to Amend the Fee Examiner Order With Respect to the Scope of the Fee Examiner's Authority in the Interest of Administrative Efficiency* (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized Terms used but not otherwise defined herein have the meanings given to them in the Motion.

pursuant to PROMESA sections 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Fee Examiner provided adequate and appropriate notice of the Motion under the circumstances, including that the relief sought in the Motion is supported by good cause as contemplated by Bankruptcy Rule 9006, and that no other or further notice is required; and the Court having reviewed the Motion and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

### The Appointment of the Fee Examiner

2. Brady Williamson shall continue his appointment as Fee Examiner in the title III cases (and in all other title III cases filed by affiliates of the Debtors that are or become jointly administered with these title III cases, if any).

3. If the Fee Examiner position becomes vacant, the United States Trustee, after consultation with the Debtors and Statutory Committees, shall recommend a successor for appointment by the Court.

4. This Order applies to all professionals that will file Applications in the title III cases (and in all other title III cases filed by affiliates of the Debtors that are or become jointly administered with these title III cases, if any) seeking compensation and expenses under PROMESA sections 316 and 317 for services rendered whether or not such services are directly in connection with the title III cases and whether or not such services were provided before the execution of any formal engagement document or

2

order, but only to the extent such services are included in the filed Application. The Foregoing shall not be deemed to require a professional performing non-title III services to file a fee application in the title III cases with respect to such services.

5. Notwithstanding this Order, the Fee Examiner's authority shall not extend to:

   a. McKinsey & Company, Inc.; or

   b. Andrew Wolfe; or

   c. Any other professional filing an Application in these cases that:

      i. Requests $50,000 or less per month in flat fee compensation; or

      ii. Requests $170,000 or less in compensation for any four-month interim fee period.

6. With respect to the professionals identified in ¶ 5, *supra*, (the "**Exempted Professionals**"), the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtors, or the party in interest that employs the applying professional shall bear the responsibility to review these fee and expense requests for compliance with PROMESA and to make recommendations to the Court. Notwithstanding these revisions, the United States Trustee and all other interested parties would, as always, retain their right to independently review and object to an Exempted Professional's fees.

### Responsibilities and Authority of the Fee Examiner

7. The Fee Examiner shall, among other things, review and report on, as appropriate, the Applications filed by the professionals.

8. The Fee Examiner is responsible for monitoring, reviewing, and assessing all Applications for compliance with:

   a. The Motion;

   b. PROMESA sections 316 and 317;

3

    c. Rule 2016(a) of the Federal Rules of Bankruptcy Procedure;

    d. The Local Bankruptcy Rules;

    e. The Interim Compensation Order; and

    f. U.S. Trustee Guidelines.

9. The Fee Examiner has the authority to:

    a. Continue to develop case-specific guidelines supplementing, but not in conflict with, the authorities listed above

    b. Continue to establish procedures to facilitate preparation and review of the Applications, including;

        i. the use of specific forms and billing codes;

        ii. the submission of Applications to the Fee Examiner by electronic mail contemporaneously with the filing of each Application; and

        iii. the submission to the Fee Examiner by electronic mail of the fee detail containing the time entries and the expense detail ("Fee Detail") in the LEDES electronic format (for law firms) or Excel spreadsheets (for all professionals other than law firms). The Fee Examiner and any professional submitting data in Excel will work together to ensure the Fee Detail contains all necessary information. Fee Detail should be submitted contemporaneously with the submission of each Application.

    c. Continue to establish procedures to resolve disputes with the professionals concerning the Applications, including:

4

      i. Communicating concerns to the professionals about their Applications and requesting further information as appropriate;

      ii. Presenting reports to the professionals of the Fee Examiner's review of Applications describing the Fee Examiner's concerns;

      iii. Providing a copy of the Fee Examiner's reports to the U.S. Trustee;

      iv. Negotiating with the professionals any concerns the Fee Examiner has concerning Applications; and

      v. Resolving consensually any concerns the Fee Examiner has about Applications, subject to the Court's approval.

d. Request budgets and staffing plans from the professionals. Any budgets requested shall not limit the amount of fees or expenses that may be allowed or restrict the extent or scope of services that a professional may determine are necessary to fulfill professional responsibilities.

e. Appear and be heard on any matter before this Court or an appellate court regarding the Applications, including but not limited to:

      i. Filing comments and summary reports with the Court on Applications;

      ii. Objecting to Applications and litigating the objections;

      iii. Conducting discovery, including filing and litigating discovery motions or objections; and

      iv. Appealing, defending an appeal, or appearing in an appeal regarding an Application.

f. Retain professionals to represent or assist the Fee Examiner with his work under standards and procedures analogous to section 327 of the Bankruptcy

Code and to have them compensated by the Debtors under standards and procedures analogous to those that apply to the professionals, including but not limited to PROMESA sections 316 and 317.

### Cooperation of Retained Professionals

10. Professionals shall cooperate with the Fee Examiner in the discharge of his duties and shall promptly respond to requests from the Fee Examiner for information.

11. If a professional or its client provides privileged or work product information to the Fee Examiner and identifies the nature of such information to the Fee Examiner, the Fee Examiner shall treat such information as confidential. The disclosure of such information to the Fee Examiner shall not be deemed to be a waiver by the disclosing party of any applicable work product, attorney client, or other privilege. *See also Stipulated Disclosure Agreement and Protective Order.* [Dkt. No. 2832].

### Fee Examiner Compensation and Reimbursement of Expenses

12. The Fee Examiner shall be entitled to reasonable compensation, including reimbursement of reasonable, actual, and necessary expenses, from the Debtors. The Fee Examiner's compensation and reimbursement shall be subject retrospectively to Court approval under standards and procedures analogous to those that apply to the professionals.

13. The Fee Examiner shall file interim and final fee applications under standards and procedures analogous to sections 316 and 317 of PROMESA.

14. The Fee Examiner is required to keep reasonably detailed time records and submit them with any interim or final fee application along with a narrative summary of services rendered.

15. The Fee Examiner's compensation and terms of appointment attached as **Exhibit B** to the *Urgent Motion of the United States Trustee Pursuant to PROMESA Section 316*

*and 317 and Bankruptcy Code Section 105(A) for Entry of Order Appointing a Fee Examiner and Related Relief* [Dkt. No. 1296] are hereby re-approved.

### Exculpation

16. The Fee Examiner shall be given the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of his duties. In addition to such immunity, no action may be commenced against the Fee Examiner in connection with Fee Examiner matters except in this Court and only with the prior approval of this Court, which retains exclusive jurisdiction.

### Reservations of Rights and Jurisdiction

17. Nothing in this Order shall alter or impair the right of the United States Trustee or any party in interest to object to Applications subject to this Order. Nothing in this Order shall alter or modify prior orders governing the retention of professionals.

18. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

19. This Order resolves docket entry nos._____.

SO ORDERED.

Dated: _____, 2018

                                              LAURA TAYLOR SWAIN
                                              United States District Judge

18974976.1

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re**<br><br>**THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,**<br><br>As a representative of<br><br>**THE COMMONWEALTH OF PUERTO RICO** *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**(Jointly Administered)** |

**FIRST AMENDED ORDER PURSUANT TO
PROMESA SECTIONS 316 AND 317 AND
BANKRUPTCY CODE SECTION 105(A)
APPOINTING A FEE EXAMINER AND RELATED RELIEF**

Upon the ~~Urgent~~ Motion of the ~~United States Trustee Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) for Entry of Order Appointing a~~ Fee Examiner ~~and Related Relief~~ to Amend the Fee Examiner Order With Respect to the Scope of the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Fee Examiner's Authority in the Interest of Administrative Efficiency* (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA sections 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the ~~United States Trustee~~Fee Examiner provided adequate and appropriate notice of the Motion under the circumstances, including that the relief sought in the Motion is supported by good cause as contemplated by Bankruptcy Rule 9006, and that no other or further notice is required; and the Court having reviewed the Motion and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

### The Appointment of the Fee Examiner

2. Brady Williamson ~~is hereby appointed to serve~~shall continue his appointment as Fee Examiner in the title III cases (and in all other title III cases filed by affiliates of the Debtors that are or become jointly administered with these title III cases, if any).

3. If the Fee Examiner position becomes vacant, the United States Trustee, after consultation with the Debtors and Statutory Committees, shall recommend a successor for appointment by the Court.

4. This Order applies to all professionals ~~who~~that will file Applications ~~seeking compensation and expenses under PROMESA sections 316 and 317~~ in the title III cases (and in all other

---

[2] Capitalized Terms used but not otherwise defined herein have the meanings given to them in the Motion.

2

title III cases filed by affiliates of the Debtors that are or become jointly administered with these title III cases, if any) ~~for services rendered in connection with the title III cases.~~ seeking compensation and expenses under PROMESA sections 316 and 317 for services rendered whether or not such services are directly in connection with the title III cases and whether or not such services were provided before the execution of any formal engagement document or order, but only to the extent such services are included in the filed Application.  The Foregoing shall not be deemed to require a professional performing non-title III services to file a fee application in the title III cases with respect to such services.

5. Notwithstanding this Order, the Fee Examiner's authority shall not extend to:

    a. McKinsey & Company, Inc.; or

    b. Andrew Wolfe; or

    c. Any other professional filing an Application in these cases that:

        i. Requests $50,000 or less per month in flat fee compensation; or

        ii. Requests $170,000 or less in compensation for any four-month interim fee period.

6. With respect to the professionals identified in ¶5, *supra*, (the "**Exempted Professionals**"), the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtors, or the party in interest that employs the applying professional shall bear the responsibility to review these fee and expense requests for compliance with PROMESA and to make recommendations to the Court.  Notwithstanding these revisions, the United States Trustee and all other interested parties would, as always, retain their right to independently review and object to an Exempted Professional's fees.

~~4.~~

3

**Responsibilities and Authority of the Fee Examiner**

5.7.    The Fee Examiner shall, among other things, review and report on, as appropriate, the Applications filed by the professionals.

6.8.    The Fee Examiner is responsible for monitoring, reviewing, and assessing all Applications for compliance with:

    a. The Motion;

    b. PROMESA sections 316 and 317;

    c. Rule 2016(a) of the Federal Rules of Bankruptcy Procedure;

    d. The Local Bankruptcy Rules;

    e. The Interim Compensation Order; and

    f. U.S. Trustee Guidelines.

7.9.    The Fee Examiner has the authority to:

    a. ~~Develop~~Continue to develop case-specific guidelines supplementing, but not in conflict with, the authorities listed above

    b. ~~Establish~~Continue to establish procedures to facilitate preparation and review of the Applications, including;

        i. the use of specific forms and billing codes;

        ii. the submission of Applications to the Fee Examiner by electronic mail contemporaneously with the filing of each Application; and

        iii. the submission to the Fee Examiner by electronic mail of the fee detail containing the time entries and the expense detail ("Fee Detail") in the LEDES electronic format (for law firms) or Excel spreadsheets (for all professionals other than law firms). The Fee Examiner and any professional submitting data in Excel will work together to ensure the

4

    Fee Detail contains all necessary information. Fee Detail should be submitted contemporaneously with the submission of each Application.

c. ~~Establish~~Continue to establish procedures to resolve disputes with the professionals concerning the Applications, including:

  i. Communicating concerns to the professionals about their Applications and requesting further information as appropriate;

  ii. Presenting reports to the professionals of the Fee Examiner's review of Applications describing the Fee Examiner's concerns;

  iii. Providing a copy of the Fee Examiner's reports to the U.S. Trustee;

  iv. Negotiating with the professionals any concerns the Fee Examiner has concerning Applications; and

  v. Resolving consensually any concerns the Fee Examiner has about Applications, subject to the Court's approval.

d. Request budgets and staffing plans from the professionals. Any budgets requested shall not limit the amount of fees or expenses that may be allowed or restrict the extent or scope of services that a professional may determine are necessary to fulfill professional responsibilities.

e. Appear and be heard on any matter before this Court or an appellate court regarding the Applications, including but not limited to:

  i. Filing comments and summary reports with the Court on Applications;

  ii. Objecting to Applications and litigating the objections;

iii. Conducting discovery, including filing and litigating discovery motions or objections; and

iv. Appealing, defending an appeal, or appearing in an appeal regarding an Application.

f. Retain professionals to represent or assist the Fee Examiner with his work under standards and procedures analogous to section 327 of the Bankruptcy Code and to have them compensated by the Debtors under standards and procedures analogous to those that apply to the professionals, including but not limited to PROMESA sections 316 and 317.

**Cooperation of Retained Professionals**

8.10. Professionals shall cooperate with the Fee Examiner in the discharge of his duties and shall promptly respond to requests from the Fee Examiner for information.

9.11. If a professional or its client provides privileged or work product information to the Fee Examiner and identifies the nature of such information to the Fee Examiner, the Fee Examiner shall treat such information as confidential. The disclosure of such information to the Fee Examiner shall not be deemed to be a waiver by the disclosing party of any applicable work product, attorney client, or other privilege. *See also Stipulated Disclosure Agreement and Protective Order.* [Dkt. No. 2832].

**Fee Examiner Compensation and Reimbursement of Expenses**

10.12. The Fee Examiner shall be entitled to reasonable compensation. including reimbursement of reasonable, actual, and necessary expenses, from the Debtors. The Fee Examiner's compensation and reimbursement shall be subject retrospectively to Court approval under standards and procedures analogous to those that apply to the professionals.

11.13.  The Fee Examiner shall file interim and final fee applications under standards and procedures analogous to sections 316 and 317 of PROMESA.

12.14.  The Fee Examiner is required to keep reasonably detailed time records and submit them with any interim or final fee application along with a narrative summary of services rendered.

13.15.  The Fee Examiner's compensation and terms of appointment attached as **Exhibit B** to the Motion are hereby the *Urgent Motion of the United States Trustee Pursuant to PROMESA Section 316 and 317 and Bankruptcy Code Section 105(A) for Entry of Order Appointing a Fee Examiner and Related Relief* [Dkt. No. 1296] are hereby re-approved.

### Exculpation

14.16.  The Fee Examiner shall be given the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of his duties. In addition to such immunity, no action may be commenced against the Fee Examiner in connection with Fee Examiner matters except in this Court and only with the prior approval of this Court, which retains exclusive jurisdiction.

### Reservations of Rights and Jurisdiction

15.17.  Nothing in this Order shall alter or impair the right of the United States Trustee or any party in interest to object to Applications subject to this Order. Nothing in this Order shall alter or modify prior orders governing the retention of professionals.

16.18.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

17.19.  This Order resolves docket entry nos. 1296 and 1306 (17-3283); and docket entry nos. 297 and 302 (17-4780). _____ .

SO ORDERED.

7

Dated: _____, 2018

                                                          _____
                                                          LAURA TAYLOR SWAIN
                                                          United States District Judge

18971114.1