# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>Re: ECF No. 3066 |

### OBJECTION OF AAFAF TO THE RENEWED MOTION OF CREDITORS' COMMITTEE SEEKING ENTRY OF ORDER UNDER BANKRUPTCY RULE 2004, AUTHORIZING DISCOVERY PROGRAM WITH RESPECT TO CERTAIN CAUSES OF PUERTO RICO FINANCIAL CRISIS BEGINNING ON AUGUST 15, 2018, AND JOINDER TO OVERSIGHT BOARD OBJECTION

AAFAF,[2] on its own behalf and as the entity authorized to act on behalf of Puerto Rico

governmental entities by the Enabling Act of the Fiscal Agency and Financial Advisory

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's Federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 04780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations) (collectively, the "Title III Cases").

[2] As used in this motion, (i) "AAFAF" means the Puerto Rico Fiscal Agency and Financial Advisory Authority; (ii) "Committee" means the Official Committee of Unsecured Creditors of the Title III debtors (other than COFINA); (iii) "Commonwealth" means the Commonwealth of Puerto Rico; (iv) "Investigator" means John Couriel of Kobre & Kim LLP; (v) "PROMESA" means the Puerto Rico Oversight, Management, and Economic Stability Act, Pub. L. No. 114-187, 130 Stat. 549 (2016) (codified at 48 U.S.C. § 210 *et seq.*); (vi) "Motion" means the Motion of Official Committee of Unsecured Creditors for Order, Under Bankruptcy Rule 2004, Authorizing Discovery Program With Respect to Certain Causes of Puerto Rico Financial Crisis, Case No. 17 BK 3283-LTS, ECF No. 706; (vii) "Oversight Board" or "Board" means the Financial Oversight and Management Board for Puerto Rico; (viii) "Renewed Motion" means the Renewed Motion of Creditors' Committee Seeking Entry of Order Under Bankruptcy Rule 2004, Authorizing Discovery Program With Respect to Certain Causes of Puerto Rico Financial Crisis Beginning August 15, 2018, Case No. 17 BK 3283, ECF No. 3066 (cited as "Renewed Mot. at __"); (ix) "Retirees' Committee" means the Official Committee of Retired Employees of the Commonwealth of Puerto Rico; and (x) "Committees" means the Retirees' Committee and the Committee together. Unless otherwise specified, all emphasis is added and all citations and quotations are omitted.

Authority, Act 2-2017, respectfully submits this objection to the Renewed Motion, and joinder to the objection of the Oversight Board to the Renewed Motion [ECF No. 3117].

1. AAFAF joins in the objection the Oversight Board has filed to the Renewed Motion and sets forth below independent reasons that the Renewed Motion should be denied.

2. AAFAF supports a thorough, transparent investigation by the Oversight Board and has cooperated diligently with the Oversight Board and the Investigator to assist in that investigation in all aspects. The Committee's (Renewed Mot. ¶ 19) and Retirees' Committee's (Retirees' Comm. Resp. ¶¶ 6–7) assertions to the contrary are incorrect. To the extent documents have not yet been fully produced, it is because non-AAFAF entities with their own governing boards must authorize production of materials, not because of AAFAF's actions. In fact, AAFAF has worked with those entities to facilitate production and sharing of information, but those entities have not yet fully completed their internal processes.

3. And while the Retirees' Committee suggests that AAFAF has somehow executed non-disclosure agreements with the Investigator but withheld documents from the Committee and the Retirees' Committee, that is incorrect. AAFAF has been working with the non-AAFAF entities within the elected Government to negotiate an appropriate blanket non-disclosure agreement with the Investigator and is awaiting those entities to complete their board processes to approve the non-disclosure agreement. Nonetheless, as a result of AAFAF's diligent efforts to ensure that all government entities cooperate with the Investigator, AAFAF believes that production and document sharing issues (including with the Committees), as well as the related non-disclosure agreement issues, will be resolved before the hearing on the Committee's Renewed Motion. Thus, any assertion that AAFAF's conduct warrants granting the Renewed Motion or any other relief is wrong.

4. Not only is the Renewed Motion's factual predicate incorrect, but the renewed effort to obtain Rule 2004 discovery to conduct a wide-ranging investigation into the causes of Puerto Rico's financial crisis and the Commonwealth's debt issuance practices is also premature. As the Court observed in denying the Motion seeking this relief months ago:

> The UCC has not established the need for the independent examination in light of the independent investigation that is going on. It would not be efficient or cost effective to have parallel investigations going on at this time, and while the parties may ultimately view and analyze the information differently, I think at this point there is a common goal of obtaining the information and understanding the underlying facts.

(Nov. 15, 2017, Hrg. Trans. at 82: 8–17.) There is no reason to depart from this well-reasoned conclusion.

5. The Committee's proposed investigation remains nearly identical in scope to the Oversight Board's PROMESA-authorized investigation under Section 104(o). The Investigator's status reports reflect his expeditious work to produce a final report into Puerto Rico's historical debt issuance practices despite (i) the ongoing effects of Hurricanes Irma and Maria, which disrupted access to electronically-stored documents and attorney-client communications, necessitating extensions of response deadlines to accommodate on-Island witnesses;[3] (ii) seeking interviews and production from over 100 potential witnesses and other interested parties;[4] and (iii) objections to production and invocation of attorney-client privilege and other confidentiality protections.[5] Until the Oversight Board, the Government, and the Committee have had a full opportunity to review the Investigator's report, the Committee's requests for Rule 2004 discovery are premature and threaten to create unnecessary duplication and expense.

---

[3] Independent Investigator's First Interim Report at 3–4 (Oct. 30, 2017).

[4] Independent Investigator's Second Interim Report at 2, 8 (Apr. 5, 2018).

[5] *Id.* at 3.

3

6. Every hour the Commonwealth spends reviewing and producing documents to the Investigator costs Puerto Rico's people triple—because Puerto Rico must also pay not only for the Investigator, but also the Committee, to review the documents. If the Committee were allowed to conduct a parallel investigation, the expense would increase dramatically because Puerto Rico would then have to pay for a second document production. Money spent paying lawyers and investigators is money not available to repay creditors or provide services for the people of Puerto Rico. Puerto Rico should not be burdened with this additional unnecessary expense.

7. Furthermore, the Committee's argument that it needs to conduct an investigation to discover claims against third parties or assert defenses against creditors' claims fails. As AAFAF explained in its objection to the initial Motion, the Committee cannot investigate and pursue claims belonging to the Commonwealth without running afoul of PROMESA section 305, which provides that "notwithstanding any power of the court, unless the Oversight board consents or the plan so provides, the court may not, by any . . . order . . . in the case or otherwise, interfere with—

(1) any of the political or governmental powers of the debtor; [or]

(2) any of the property or revenues of the debtor."

The Oversight Board has not consented to the Committee's proposed investigation, and therefore an order granting the Renewed Motion would impermissibly interfere with the Commonwealth's power to investigate and determine what to do with claims that are its property. *See U.S. v. Morton Salt Co.*, 338 U.S. 632, 641 (1950) (recognizing a general governmental power of investigation); *see also In re Subpoena Duces Tecum*, 228 F.3d 341, 346 (4th Cir. 2000) (same); *Tyler v. DH Capital Management, Inc.*, 736 F.3d 455, 462 (6th Cir. 2013) ("[A]ll causes of action that hypothetically could have been brought pre-petition are property" of the debtor). Likewise, any defenses to creditor claims can be asserted by either the Oversight Board or AAFAF. There is,

4

therefore, no reason for the Committee to expend fees on an investigation supporting affirmative claims or possible claim objections at this point.

Dated: May 23, 2018
San Juan, Puerto Rico

*s/Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Email: lmarini@mpmlawpr.com

Carolina Velaz-Rivero
USDC No. 300913
E:mail: cvelaz@mpmlawpr.com

MARINI PIETRANTONI MUÑIZ LLC
MCS Plaza, Suite 500
255 Ponce de León Ave.
San Juan, Puerto Rico 00917
Tel: (787) 705-2171
Fax: (787) 936-7494

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

*/s/John Rapisardi*
John Rapisardi
William J. Sushon
(Admitted *Pro Hac Vice*)
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

-and-

Peter Friedman
(Admitted *Pro Hac Vice*)
1625 Eye Street, NW
Washington, D.C. 20006
Tel: (202) 383-5300
Fax: (202) 383-5414

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*