# EXHIBIT 6

(P. de la C. 2866)

17ma ASAMBLEA 7ma SESION
LEGISLATIVA ORDINARIA
Ley Núm. 40 – 2016
(Aprobada en 5 de Mayo de 2016)

# LEY

Para enmendar los Artículos 11 y 12 de la Ley Núm. 17 de 23 de septiembre de 1948, según enmendada, mejor conocida como la "Ley Orgánica del Banco Gubernamental de Fomento para Puerto Rico"; y para enmendar los Artículos 103 y 108 de la Ley 21-2016, mejor conocida como la "Ley de Moratoria de Emergencia y Rehabilitación Financiera de Puerto Rico", a fin de establecer disposiciones específicas sobre los depósitos de las instituciones depositarias; y para otros fines relacionados.

## EXPOSICIÓN DE MOTIVOS

La recién aprobada Ley 21-2016, "Ley de Moratoria de Emergencia y Rehabilitación Financiera de Puerto Rico", enmendó la Ley Núm. 17 de 23 de septiembre de 1948, según enmendada, mejor conocida como la "Ley Orgánica del Banco Gubernamental de Fomento para Puerto Rico", para, entre otros asuntos, modificar las normas y procesos relacionados a una posible sindicatura. Estas medidas permiten procesos de sindicatura, de reorganización o rehabilitación en lugar de limitarse al escenario de liquidación que contemplaba originalmente la Ley Núm. 17, *supra*.

Esta nueva normativa es consistente con las estrategias de aplazamiento de principal de la deuda pública y el mantenimiento de los servicios públicos esenciales.

Ahora bien, el Banco Gubernamental de Fomento (BGF) opera interconectado con otras entidades financieras. En el sistema federal, luego de la crisis financiera de 2008, se establecieron parámetros de política pública para manejar circunstancias como las que confronta el BGF en la actualidad. Véase Ley *Dodd-Frank* del 2010.

Esta Asamblea Legislativa considera que es sumamente importante integrar a la Ley 21-2016 principios similares a los adoptados en la Ley *Dodd-Frank* para adoptar salvaguardas contra el riesgo sistémico, preservar la capacidad de las entidades depositarias para mantener la actividad prestataria y proteger a los depositantes de recursos bajos y moderados.

*DECRÉTASE POR LA ASAMBLEA LEGISLATIVA DE PUERTO RICO:*

Sección 1.-Se enmienda el Artículo 11 de la Ley Núm. 17 de 23 de septiembre de 1948, según enmendada, para que lea como sigue:

"Artículo 11.-Nombramiento y poderes del síndico.

2

(A) ...

(H) Cada persona que tenga una reclamación contra el Banco o la sindicatura no deberá recibir, en ningún caso, pago o propiedad con un valor menor a la cantidad que el acreedor hubiese tenido derecho a recibir si el Banco se hubiese liquidado en la fecha de la designación del síndico, y la máxima responsabilidad a cualquier persona que tenga una reclamación contra el Banco o el síndico o la sindicatura deberá ser igual que la cantidad que dicho acreedor hubiese recibido si el Banco se hubiese liquidado en la fecha de la designación del síndico. Debido al efecto que la sindicatura del Banco podrá tener en las condiciones económicas y en la estabilidad financiera de las instituciones depositarias y en las comunidades de bajos ingresos, minorías o marginadas, el proceso de sindicatura deberá preservar y priorizar la seguridad, solvencia y estabilidad de las instituciones depositarias y sus depósitos.

(I) ...".

Sección 2.-Se enmienda el Artículo 12 de la Ley Núm. 17 de 23 de septiembre de 1948, según enmendada, para que lea como sigue:

"Artículo 12.-Prioridad de gastos y reclamaciones no garantizadas en sindicatura.

(A) Las reclamaciones no garantizadas contra el Banco o el síndico del Banco bajo esta Ley que hayan sido debidamente evidenciadas a satisfacción del síndico deberán ser pagadas en el siguiente orden de prioridad:

(1) ...

(4) Cualquier saldo pendiente de pago por dinero en posesión del Banco en sus cuentas de depósito para crédito del depositante (incluyendo sumas adeudadas por cualquier razón a instituciones depositarias) y cualquier otra obligación general o preferente del Banco (que no sea una de las obligaciones que se describen en el inciso (5)).

(5) ...

(B) ...".

Sección 3.-Se enmienda el Artículo 103 de la Ley 21-2016, para que lea como sigue:

3

"Artículo 103.-Definiciones

Las siguientes palabras y términos, cuando se usen o se haga referencia a ellos en los Capítulos 1, 2, 6 y 7 de esta Ley, tendrán los significados que se establecen a continuación:

(a) ...

...

(kk) "Institución Depositaria"- significa, para propósitos de esta Ley, bancos y cooperativas de ahorro y crédito operando en Puerto Rico, y la Corporación Pública para la Supervisión y Seguro de Cooperativas de Puerto Rico, como asegurador de las acciones y depósitos de las cooperativas de ahorro y crédito de Puerto Rico."

Sección 4.-Se enmienda el Artículo 108 de la Ley 21-2016, para que lea como sigue:

"Artículo 108.-Prioridad de Servicios Esenciales

La Asamblea Legislativa encuentra que, dada la crisis fiscal por la que atraviesa el Estado Libre Asociado, durante este periodo de emergencia, el Gobernador debe darle prioridad a los servicios esenciales sobre el pago de la deuda no sólo para proveer para la salud, seguridad y bienestar de los residentes del Estado Libre Asociado pero también para evitar una contracción económica adicional y la crisis fiscal y humanitaria que en última instancia materialmente empeoraría el recobro de los acreedores de los bonos de Puerto Rico. Esto incluye darle prioridad a la seguridad, solvencia y estabilidad de las instituciones financieras depositarias, protegiendo sus depósitos."

Sección 5.-Esta Ley se adoptará en español y en inglés. Si en la interpretación o aplicación de esta Ley surgiere algún conflicto entre el texto en inglés y el texto en español, prevalecerá el texto en inglés.

Section 6.-Article 11 of Act No. 17 of September 23, 1948, as amended, is hereby amended to read in its entirety as follows:

"Article 11.-Appointment of and powers of a receiver.

(A) ...

(H) Each person having a claim against the Bank or against the receivership shall, in no event, receive in payments and/or property less than the amount the creditor would have been entitled to receive if the Bank had been liquidated on the date of the appointment of the receiver, and the

Case:17-03283-LTS Doc#:3126-6 Filed:05/23/18 Entered:05/23/18 11:45:37 Desc: Exhibit Law 40 of 2016 (Contains Spanish & English within same version) Page 5 of 6

4

maximum liability to any person having a claim against the Bank or against the receiver or receivership shall equal the amount such creditor would have received if the Bank had been liquidated on the date of the appointment of the receiver. Due to the effect that the receivership of the Bank would have on economic conditions in Puerto Rico and in the financial stability of depository institutions and for low income, minority, or underserved communities, the receivership process shall preserve and prioritize the safety, soundness and stability of depository financial institutions and their deposits.

(I)     ...".

Section 7.-Article 12 of Act No. 17 of September 23, 1948, as amended, is hereby amended to read in its entirety as follows:

"Article 12.-Priority of expenses and unsecured claims in a receivership

(A)   Unsecured claims against the Bank, or the receiver for the Bank under this Act, that are proven to the satisfaction of the receiver, shall have priority in the following order:

   (1)   ...

   (4)   Any unpaid balance of money held by the Bank in its depository accounts for the credit of a depositor (including amounts owed for any reason to depository institutions) and any other general or senior liability of the Bank (which is not a liability described in clause (5)).

   (5)   ...

(B)   ...".

Section 8.-Section 103 of Act No. 21-2016, is hereby amended to read in its entirety as follows:

"SECTION 103. DEFINITION

The following words and terms, when used in chapters 1, 2, 6, and 7 of this Act shall have the meaning stated below:

(a)    ...

...

(kk)   "Depository Institution"- means, for purpose of this Act, Banks and cooperative savings and credit associations (state chartered credit unions)

operating in Puerto Rico, and the Public Corporation for the Supervision and Insurance of Cooperatives of Puerto Rico, as insurer of the share and deposits of cooperative savings and credit associations (state chartered credit unions)."

Section 9.-Section 108 of Act No. 21-2016, is hereby amended to read in its entirety as follows:

"SECTION 108. PRIORITIZATION OF ESSENTIAL SERVICES

It is the Legislative Assembly's finding that, given the Commonwealth's ongoing fiscal crisis, during this extraordinary emergency period the Government should prioritize the payment of essential services over debt service not only to provide for the health, safety and welfare of the residents of the Commonwealth but also to avoid a further economic downturn and fiscal and humanitarian crisis that would ultimately materially worsen the creditor's recovery on their Puerto Rico bonds. This includes prioritizing the safety, soundness and stability of depository financial institutions, protecting their deposits."

Sección 10.-Si cualquier cláusula, párrafo, subpárrafo, artículo, disposición, sección, inciso, o parte de esta Ley, fuere declarada inconstitucional por un tribunal competente, la sentencia a tal efecto dictada no afectará, perjudicará, ni invalidará, el resto de esta Ley. El efecto de dicha sentencia quedará limitado a la cláusula, párrafo, subpárrafo, artículo, disposición, sección, inciso, o parte de la misma, que así hubiere sido declarada inconstitucional.

Sección 11.-Vigencia

Esta Ley comenzará a regir inmediatamente después de su aprobación.

**DEPARTAMENTO DE ESTADO**
Certificaciones, Reglamentos, Registro
de Notarios y Venta de Leyes
Certifico que es copia fiel y exacta del original
Fecha: 10 de mayo de 2016

Firma: _____
Rolando J. Torres Carrión
Subsecretario de Estado