# EXHIBIT 7A

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**LA FORTALEZA**
**SAN JUAN, PUERTO RICO**

**Boletín Administrativo Núm. OE-2016-014**

**ORDEN EJECUTIVA DEL GOBERNADOR DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, HON. ALEJANDRO J. GARCÍA PADILLA, AL AMPARO DE LOS ARTÍCULOS 201, 202 Y 203 DE LA LEY NÚM. 21-2016, CONOCIDA COMO LA "LEY DE MORATORIA DE EMERGENCIA Y REHABILITACIÓN FINANCIERA DE PUERTO RICO", PARA DECLARAR UNA MORATORIA EN EL PAGO DE CIERTAS OBLIGACIONES DEL BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO, DECLARAR UN PERIODO DE EMERGENCIA PARA LA AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO, PARA ORDENAR LA IMPLANTACIÓN DE OTRAS MEDIDAS QUE SON RAZONABLES Y NECESARIAS PARA PERMITIR QUE SE CONTINÚEN BRINDANDO SERVICIOS ESENCIALES PARA PROTEGER LA SALUD, SEGURIDAD Y EL BIENESTAR DE LOS RESIDENTES DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, Y PARA ENMENDAR EL DECIMOQUINTO DE LOS POR TANTO DEL BOLETÍN ADMINISTRATIVO NÚM.: OE-2016-10.**

**POR CUANTO:** El 6 de abril de 2016, firmé la Ley 21-2016, conocida como la "Ley de Moratoria de Emergencia y Rehabilitación Financiera de Puerto Rico" (la "Ley") (los términos que se utilizan en mayúscula en esta Orden Ejecutiva y que no están definidos aquí tendrán los significados que se le dieron en la Ley). El 8 de abril de 2016, al amparo de los Artículos 201 y 203 de la Ley, aprobé el Boletín Administrativo Núm.: OE-2016-10 (la "OE-2016-10") para declarar un Periodo de Emergencia para el Banco Gubernamental de Fomento para Puerto Rico (el "BGF"), establecer restricciones al retiro de depósitos del BGF e implantar otras medidas razonables y necesarias para permitirle al BGF continuar llevando a cabo sus operaciones para proteger la salud, seguridad y el bienestar de los residentes de Puerto Rico.

**POR CUANTO:** Durante las pasadas semanas la liquidez del BGF ha empeorado. Hoy vence un pago de servicio de deuda de aproximadamente $423 millones por concepto de notas emitidas por el BGF. Actualmente el BGF no tiene suficiente liquidez para hacer dicho pago en su totalidad. Agotar la liquidez limitada del BGF afectaría significativamente la habilidad de éste de continuar llevando a cabo sus operaciones, lo que, a su vez, pondría en peligro la prestación de servicios esenciales que se pagan con fondos de ciertas entidades gubernamentales que están depositados en el BGF.

**POR TANTO:**     Yo, ALEJANDRO J. GARCÍA PADILLA, Gobernador del Estado Libre Asociado, en virtud de los poderes inherentes a mi cargo y de la autoridad que me ha sido conferida por la Constitución del Estado Libre Asociado, por la presente dispongo lo siguiente:

**PRIMERO:**     Conforme al Artículo 201 de la Ley, por la presente declaro que todas las cartas de crédito emitidas por el BGF y todos los depósitos del BGF son "Obligaciones Enumeradas" de BGF para todos los propósitos dispuestos en la Ley. Por la presente también ratifico y extiendo hasta el final del Periodo Cubierto la declaración del Periodo de Emergencia para el BGF, así como todas las disposiciones de la OE-2016-10.

**SEGUNDO:**     Conforme al Artículo 201 de la Ley, por la presente declaro que la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico ("AFI") está en un estado de emergencia y anuncio el comienzo, efectivo a la fecha de esta Orden Ejecutiva, de un Periodo de Emergencia para AFI. No obstante, para todos los propósitos contemplados en la Ley, por la presente se excluyen de la definición de Obligaciones Cubiertas de AFI todas las obligaciones de AFI, excepto aquellas relacionadas con los bonos denominados "Puerto Rico Infrastructure Financing Authority Revenue Bonds (Ports Authority Project), Series 2011B".

**TERCERO:**     Conforme a los Artículos 201 y 202 de la Ley, por la presente declaro una moratoria en el pago de todas las Obligaciones Cubiertas del BGF que sean pagaderas durante el Periodo de Emergencia excepto: (a) depósitos, y (b) Obligaciones de Intereses que no requieran que el pago de intereses se haga en efectivo.

**CUARTO:**     Esta Orden Ejecutiva no declara un Periodo de Emergencia para ninguna Entidad Gubernamental, excepto el BGF y AFI, y no impone una moratoria en ninguna obligación, excepto las que se enumeran en el párrafo TERCERO. Esta Orden Ejecutiva no autoriza a una Entidad Gubernamental a utilizar fondos que se hayan depositado previo a la fecha de esta Orden Ejecutiva con un fiduciario u otro custodio para el pago de una Obligación Cubierta ni pretende impedir el uso de dichos fondos para el pago de dicha Obligación Cubierta.

**QUINTO:**   No obstante el párrafo TERCERO de esta Orden Ejecutiva, si su liquidez lo permite, la Junta de Directores del BGF podrá solicitar autorización del Gobernador para realizar el pago de toda o cualquier porción de una Obligación de Intereses que requiera pago en efectivo y que hubiese vencido durante el Periodo de Emergencia.

**SEXTO:**   Conforme a los incisos i. al iv. del Artículo 201(d) de la Ley, por la presente ordeno la suspensión de todas las obligaciones allí identificadas en la medida en que estén relacionadas con las Obligaciones Cubiertas sujetas a una moratoria de pago conforme al párrafo TERCERO de esta Orden Ejecutiva.

**SÉPTIMO:**   Conforme al Artículo 201(b) de la Ley, no se tomará acción alguna y no se comenzará o continuará reclamación o procedimiento alguno en alguna corte de cualquier jurisdicción que esté relacionado con o que surja bajo una Obligación Cubierta de AFI o BGF, incluyendo acciones o procedimientos relacionados con las obligaciones mencionadas en los párrafos PRIMERO, SEGUNDO, TERCERO y SEXTO de esta Orden Ejecutiva. Ninguna entidad o persona podrá ejercer remedio alguno, incluyendo cualquier derecho de aceleración, que esté relacionado, ya sea directa o indirectamente, con la declaración de una moratoria para cualquier Obligación Cubierta del BGF a tenor con el párrafo TERCERO de esta Orden Ejecutiva o el impago de alguna de Obligación Cubierta de AFI según incluida en el párrafo SEGUNDO.

**OCTAVO:**   No obstante el párrafo PRIMERO de esta Orden Ejecutiva y las restricciones impuestas a la transferencia y el retiro de fondos depositados en el BGF bajo la OE-2016-10, y como parte de un esfuerzo para mejorar la liquidez del BGF, por la presente declaro que el BGF estará autorizado a permitir a sus depositantes utilizar sus fondos depositados en el BGF como pago parcial de un préstamo con el BGF si la cantidad de los fondos depositados es menor a la cantidad pendiente de pago bajo el préstamo y dicho depositante paga concurrentemente el balance de dicho préstamo con fondos que no están depositados en el BGF.

**NOVENO:**   Por la presente aclaro que cualquier fondo transferido después de la fecha de la OE-2016-10 por cualquier departamento, agencia, corporación pública, instrumentalidad o municipio del Estado Libre

Asociado (cada una, una "Entidad del Estado Libre Asociado") al BGF, únicamente en su capacidad como agente pagador de obligaciones de deuda de dicha Entidad del Estado Libre Asociado, no se considerarán fondos en depósito en el BGF para propósitos de la OE-2016-10 y, por lo tanto, no estarán sujetas a las restricciones de desembolso ahí establecidas.

**DÉCIMO:**   Se enmienda el párrafo DECIMOQUINTO de la OE 2016-10 y se añade la siguiente oración al final del mismo: "Cualquier institución financiera en la cual se deposite un cheque emitido por cualquier Entidad del Estado Libre Asociado o que reciba cualquier instrucción para transferir fondos de una Entidad del Estado Libre Asociado podrá honrar dicho cheque o instrucción en el curso ordinario de sus operaciones bancarias sin indagar sobre los cumplimientos de esa Entidad del Estado Libre Asociado con cualquier boletín administrativo. Con referencia a las transacciones anteriormente mencionadas, las Entidades del Estado Libre Asociado aplicables serán las únicas responsables por el cumplimiento con cualquier disposición de la Ley o de cualquier reglamento o boletín administrativo emitido bajo la Ley, incluyendo cualquier boletín administrativo que restrinja el uso de fondos gubernamentales o la emisión de cheques u otra instrucción relacionada con fondos gubernamentales en manos de dichas instituciones financieras."

**UNDÉCIMO:**   SEPARABILIDAD. Esta Orden Ejecutiva deberá ser interpretada de tal manera que pueda mantener su validez, en la medida que sea posible, conforme a la Constitución del Estado Libre Asociado y la Constitución de los Estados Unidos. Si cualquier cláusula, párrafo, subpárrafo, disposición o parte de esta Orden Ejecutiva fuese declarada inconstitucional por un tribunal con jurisdicción, la orden emitida por dicho tribunal a esos efectos no afectará ni invalidará el resto de esta Orden Ejecutiva. El efecto de dicha orden estará limitado a la cláusula, párrafo, subpárrafo, disposición o parte de esta Orden Ejecutiva declarada inconstitucional y solamente con respecto a la aplicación de la misma a la obligación particular sujeta a dicha controversia.

**DUODÉCIMO:**   RATIFICACIÓN DE LA OE-2016-10. Por la presente se ratifica y confirma la OE-2016-10 en todos sus aspectos, según modificada por

esta Orden Ejecutiva, y se dispone que expirará al final del Periodo Cubierto.

**DECIMOTERCERO:**  DEROGACIÓN. Se deja sin efecto cualquier otra Orden Administrativa que en todo o en parte sea incompatible con esta, hasta donde existiera tal incompatibilidad.

**DECIMOCUARTO:**  VIGENCIA Y PUBLICACIÓN. Esta Orden Ejecutiva entrará en vigor inmediatamente y permanecerá en vigor hasta (i) el final del Periodo Cubierto o (ii) la fecha en la que la misma sea revocada por escrito por el Gobernador, lo que ocurra primero. Se ordena su más amplia publicación y divulgación.

EN TESTIMONIO DE LO CUAL, expido la presente Orden Ejecutiva bajo mi firma y hago estampar en esta el Gran Sello del Estado Libre Asociado de Puerto Rico, en San Juan, Puerto Rico, hoy 30 de abril de 2016.

_____
ALEJANDRO J. GARCÍA PADILLA
GOBERNADOR

Promulgada de acuerdo a la ley, hoy 30 de Abril de 2016.

_____
VÍCTOR A. SUÁREZ MELÉNDEZ
SECRETARIO DE ESTADO DESIGNADO

5

# EXHIBIT 7B

**COMMONWEALTH OF PUERTO RICO**
**LA FORTALEZA**
**SAN JUAN, PUERTO RICO**

Administrative Bulletin No. OE-2016-014

**EXECUTIVE ORDER OF THE GOVERNOR OF THE COMMONWEALTH OF PUERTO RICO, THE HONORABLE ALEJANDRO J. GARCÍA PADILLA, UNDER THE SCOPE OF SECTIONS 201, 202, AND 203 OF ACT NO. 21-2016, KNOWN AS THE "PUERTO RICO EMERGENCY MORATORIUM AND FINANCIAL REHABILITATION ACT," TO DECLARE A MORATORIUM ON THE PAYMENT OF CERTAIN OBLIGATIONS OF THE GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO, TO DECLARE AN EMERGENCY PERIOD FOR THE PUERTO RICO INFRASTRUCTURE FINANCING AUTHORITY, TO ORDER THE IMPLEMENTATION OF SUCH OTHER MEASURES AS ARE REASONABLE AND NECESSARY MEASURES TO CONTINUE PROVIDING SERVICES ESSENTIAL FOR THE PROTECTION OF THE HEALTH, SAFETY, AND WELFARE OF THE RESIDENTS OF THE COMMONWEALTH OF PUERTO RICO, AND TO AMEND THE FIFTEENTH OF THE THEREFORE CLAUSES OF ADMINISTRATIVE BULLETIN NO.: 03-2016-10.**

**WHEREAS:**     On April 6, 2016, I signed Act 21-2016, known as the "Puerto Rico Emergency Moratorium and Financial Rehabilitation Act" (the "Act") (the terms capitalized in this Executive Order and not herein defined shall have the meanings given to them in the Act).  On April 8, 2016, under the scope of Sections 201 and 203 of the Act, I approved Administrative Bulletin No. OE-2016-10 ("OE-2016-10") to declare an Emergency Period for the Governmental Development Bank for Puerto Rico ("GDB"), to establish restrictions on withdrawals of deposits from GDB and to implement other reasonable and necessary measures to allow GDB to continue performing its operations to protect the health, safety, and welfare of the residents of Puerto Rico.

**WHEREAS:**     During the past weeks GDB's liquidity has worsened.  Today a debt service payment comes due of approximately $423 million, for notes issued by GDB. Currently GDB does not have enough liquidity to make such payment in its entirety.  To exhaust GDB's limited liquidity would significantly affect its ability to continue performing its operations, which in turn could jeopardize the provision of essential services which are paid for with funds from certain government entities which are deposited in GDB.

**DEF EX D**

**THEREFORE:**   I, ALEJANDRO J. GARCÍA PADILLA, Governor of the Commonwealth, by virtue of the inherent powers of my position and the authority vested in me by the Constitution of the Commonwealth, hereby order the following:

**FIRST:**   Pursuant to Section 201 of the Act, I hereby declare that all the letters of credit issued by GDB and all GDB's deposits are GDB "Listed Obligations" for all purposes stipulated in the Act. I also hereby confirm and extend through the end of the Covered Period, the declaration of the Period of Emergency for GDB, as well as all the provisions of OE-2016-10.

**SECOND:**   Pursuant to Article 201 of the Act, I hereby declare that the Puerto Rico Infrastructure Financing Authority ("PRIFA") is in a state of Emergency and I announce the start, effective on the date of this Executive Order, of a Period of Emergency for PRIFA. However, for all purposes contemplated in the Act, all Covered Obligations of PRIFA are excluded from the definition of PRIFA Covered Obligations, except for those related to the bonds called "Puerto Rico Infrastructure Financing Authority Revenue Bonds (Ports Authority Project), Series 2011B."

**THIRD:**   Pursuant to Articles 201 and 202 of the Act, I hereby declare a moratorium on the payment of all GDB Covered Obligations which are payable during the Emergency Period, except: (a) deposits; and (b) Interest Obligations which do not require that the interest be paid in cash.

**FOURTH**:   This Executive Order does not declare an Emergency Period for any Government Entity other than GDB and PRIFA, and it does not impose a moratorium on any obligation except those listed in paragraph THIRD. This Executive Order does not authorize a Government Entity to use funds that have been deposited prior to the date of this Executive Order with a trustee or other custodian to pay a Covered Obligation nor does it seek to prevent the use of such funds for the payment of such Covered Obligation.

**FIFTH:**    Notwithstanding the THIRD paragraph of this Executive Order, if its liquidity so allows, GDB's Board of Directors may request authorization from the Government to pay all or any portion of an Interest Obligation which requires a cash payment and which shall have come due during the Emergency Period.

**SIXTH**:    Pursuant to points i. to v. of Section 201(d) of the Act, I hereby order the suspension of all obligations thereat identified insofar as they are related to the Covered Obligations subject to a payment moratorium pursuant to the THIRD paragraph of this Executive Order.

**SEVENTH**:    Pursuant to Section 201(b) of the Act, no action whatsoever shall be taken and no claim or proceeding whatsoever shall commence or continue in any court of any jurisdiction that is related to or arises under a Covered Obligation of PRIFA or GDB, including actions or proceedings related to the obligations cited in the FIRST, SECOND, THIRD and SIXTH paragraphs of this Executive Order.  No entity or person may exercise any remedy whatsoever, including any right of acceleration, which is related, directly or indirectly, to the declaration of a moratorium on any GDB Covered Obligation pursuant to the THIRD paragraph of this Executive Order or the nonpayment of a PRIFA Covered Obligation included in the SECOND paragraph.

**EIGHTH**:    Notwithstanding the FIRST paragraph of this Executive Order and the restrictions imposed on the transfer and withdrawal of funds deposited in GDB under OE-2016-10, and as part of an effort to improve GDB's liquidity, I hereby declare that GDB shall be authorized to allow its depositors to use their funds deposited with GDB as a partial payment of a loan with GDB if the amount of such funds deposited is less than the amount pending payment under the loan and such depositor concurrently pays off the balance of such loan with funds which are not deposited with GDB.

**NINTH**:    I hereby clarify that any fund transferred after the date of OE-2016-10 by any department, agency, public corporation, instrumentality, or municipality of the Commonwealth

3

(each one, a "Commonwealth Entity") to GDB, only in its capacity as payor agent for the debt obligations of such Commonwealth Entity, shall not be deemed funds on deposit at GDB for the purposes of OE-2016-10 and, therefore, shall not be subject to the disbursement restrictions thereat established.

**TENTH**:    The FIFTEENTH paragraph of OE 2016-10 is amended and the final sentence is added to the end of it: "Any financial institution where a check issued by any Commonwealth Entity is deposited or which receives any instruction to transfer funds of a Commonwealth Entity may nor such check or instruction during the ordinary course of its bank operations without investigating compliance by such Commonwealth Entity with any administrative bulletin. In respect of the transactions cited above, the applicable Commonwealth Entities shall be solely responsible for compliance with any provision of the Act or any regulation or administrative bulletin issued under the Act, including any administrative bulletin restricting the use of government funds or the issuance of checks or another instruction related to government funds in the hands of such financial institutions."

**ELEVENTH**:    SEVERABILITY. This Executive Order shall be interpreted such that it may maintain its validity, insofar as possible, pursuant to the Constitution of the Commonwealth and the Constitution of the United States. If any clause, paragraph, subparagraph, provision, or part of this Executive Order shall be declared unconstitutional by a court with competent jurisdiction, the order issued by such court to those ends shall not affect or invalidate the rest of this Executive Order. The effect of such order shall be limited to the clause, paragraph, subparagraph, provision, or part of this Executive Order declared unconstitutional and only with respect to its applicability to the specific obligation subject to such dispute.

**TWELFTH:**    RATIFICATION OF OE-2016-10. OE-2016-10 is hereby ratified and confirmed in all its aspects, as amended by

4

this Executive Order, and it is stipulated that it shall expire at the end of the Covered Period.

**THIRTEENTH:** <u>DEROGATION</u>.  Any other Administrative Order which in whole or in part is incompatible with this order is ineffective, to the extent of such inconsistency.

**FOURTEENTH:** <u>EFFECTIVENESS AND PUBLICATION</u>.  This Executive Order shall take effect immediately and remain in effect until (i) the end of the Covered Period; or (ii) the date on which it is revoked in writing by the Governor, whichever occurs first.  Its widest publication and dissemination is ordered.

**IN WITNESS OF WHICH**, I issue this Executive Order under my signature and I cause to have the Great Seal of the Commonwealth of Puerto Rico stamped upon it, in San Juan, Puerto Rico, today, [handwritten:] <u>April 30</u>, 2016.

[signature]
ALEJANDRO J. GARCÍA PADILLA
GOVERNOR

[seal of the Commonwealth of Puerto Rico]

Promulgated pursuant to law, today, [handwritten:] <u>April 30</u>, 2016.

[signature]
VÍCTOR A. SUÁREZ MELÉNDEZ
SECRETARY OF STATE DESIGNATE

5

# Language*Works*

a division of [ubiQus]

LanguageWorks
61 Broadway, Ste 1400
New York, NY 10006
Tel. 212 447 6060
Fax 212 447 6257

STATE OF NEW YORK      )
                                              )  ss:
COUNTY OF NEW YORK  )

### CERTIFICATION

This is to certify that the accompanying is, to the best of my knowledge and belief, a true and
accurate translation into English of the phrases **"Commonwealth of Puerto Rico, Administrative
Bulletin No. OE-2016-014"**, completed 5/31/2016, originally written in Spanish.

_____
Roberto J. Millan
Senior Account Manager
LanguageWorks

Sworn to and subscribed before me,
This 31st day of May, 2016.

_____
Notary Public

DAWN M JORDAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01JO6328681
Qualified in Kings County
My Commission Expires August 03, 2019