# EXHIBIT 11A

ESTADO LIBRE ASOCIADO DE PUERTO RICO
LA FORTALEZA
SAN JUAN, PUERTO RICO

Boletín Administrativo Núm.: OE-2016-31

ORDEN EJECUTIVA DEL GOBERNADOR DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, HON. ALEJANDRO J. GARCÍA PADILLA, AL AMPARO DE LA LEY NÚM. 21-2016, SEGÚN ENMENDADA, CONOCIDA COMO "LEY DE MORATORIA DE EMERGENCIA Y REHABILITACIÓN FINANCIERA DE PUERTO RICO", PARA DECLARAR UN PERIODO DE EMERGENCIA PARA CIERTAS ENTIDADES GUBERNAMENTALES, APLAZAR CIERTAS OBLIGACIONES DE DEUDA DE ESAS ENTIDADES, SUSPENDER TRANSFERENCIAS DE INGRESOS Y ORDENAR LA IMPLEMENTACIÓN DE OTRAS MEDIDAS RAZONABLES Y NECESARIAS PARA LA CONTINUACIÓN DE LA PRESTACIÓN DE LOS SERVICIOS ESENCIALES PARA PROTEGER LA SALUD, LA SEGURIDAD Y EL BIENESTAR DE LOS RESIDENTES EN EL ESTADO LIBRE ASOCIADO DE PUERTO RICO.

**POR CUANTO:** El 6 de abril de 2016, firmé la Ley 21-2016, conocida como la "Ley de Moratoria de Emergencia y Rehabilitación Financiera de Puerto Rico" (la "Ley"). Los términos que comienzan en mayúscula en esta Orden Ejecutiva y que no están definidos aquí tendrán los significados que se le concedieron en la Ley.

**POR CUANTO:** La Ley declaró un estado de emergencia en reconocimiento de la crisis fiscal que enfrentan el Estado Libre Asociado de Puerto Rico (el "ELA") y las Entidades Gubernamentales. Ello, ante la amenaza de un incumplimiento desordenado del pago de sus respectivas obligaciones en circulación que afecte la salud, la seguridad y el bienestar de sus residentes.

**POR CUANTO:** El Secretario de Hacienda me ha informado que, después de pagar los gastos necesarios para proteger la salud, la seguridad, la educación y el bienestar público de los residentes en Puerto Rico, el ELA: 1) no tendrá fondos suficientes para efectuar el pago total al servicio de la Deuda Pública (según definido en la Ley) vencederos el 1 de julio de 2016, y 2) permanecerá en una posición de liquidez frágil durante el año fiscal 2016-2017, periodo durante el cual estará obligado a tomar medidas extraordinarias, como las incluidas en esta Orden Ejecutiva y en el Artículo 108 de la Ley, para garantizar la continuación de los servicios esenciales del gobierno.

**POR CUANTO:** El ELA tiene la responsabilidad y el deber de garantizar la salud, la seguridad, la educación y el bienestar de los residentes mediante el ejercicio de su poder de razón de estado.

**POR TANTO:** Yo, ALEJANDRO J. GARCÍA PADILLA, Gobernador del Estado Libre Asociado de Puerto Rico, en virtud de los poderes inherentes a mi cargo y de la autoridad que me ha sido conferida por la Constitución del Estado Libre Asociado de Puerto Rico, por la presente dispongo lo siguiente:

**PRIMERO:** Conforme a los Artículos 201 y 202 de la Ley, declaro un estado de emergencia y el comienzo de un Periodo de Emergencia para la Autoridad del Distrito del Centro de Convenciones de Puerto Rico (la "ADCC"), a partir de la vigencia de esta Orden Ejecutiva. Además, declaro que las obligaciones de deuda de la ADCC serán Obligaciones Cubiertas en virtud de la Ley. Declaro, también, que cualquier obligación de la ADCC de transferir los ingresos fiscales de ocupación hotelera (los "Ingresos Fiscales Hoteleros"), al amparo de la sección 31 de la Ley 272-2003 o el Contrato de Fideicomiso, aprobado el 24 de marzo de 2006, según enmendado, con el Banco Gubernamental de Fomento para Puerto Rico (el "BGF") o cualquier Fiduciario (tal como se define en dicho Contrato de Fideicomiso) es una Obligación Enumerada y queda suspendida por esta Orden Ejecutiva. Esta Orden Ejecutiva no suspende el pago de otras obligaciones de la ADCC distintas a las mencionadas en este párrafo.

**SEGUNDO:** Los Boletines Administrativos Núm.: OE-2016-10, OE-2016-14 y OE-2016-30, relacionados con el BGF, continuarán en vigor, salvo que la obligación del BGF de transferir los Ingresos Fiscales Hoteleros al Fiduciario (cada uno, como se ha definido en el PRIMER párrafo de la presente Orden Ejecutiva) se declara una Obligación Enumerada y queda suspendida por esta Orden Ejecutiva.

**TERCERO:** Conforme al Artículo 201 (d) de la Ley, declaro que queda suspendida la obligación de la Compañía de Turismo de Puerto Rico de transferir los Ingresos Fiscales Hoteleros (como se define en el PRIMER párrafo de la presente Orden Ejecutiva) al BGF en lo que respecta al pago de las Obligaciones Cubiertas de la ADCC.

**CUARTO:** Conforme a los Artículos 201 y 202 de la Ley, declaro un estado de emergencia y el comienzo de un Periodo de Emergencia para el Sistema

2

de Retiro de Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y sus instrumentalidades (el "SRE") a partir de la vigencia de esta Orden Ejecutiva. Además, declaro que queda suspendida cualquier obligación del SRE, al amparo de la Resolución de Bonos para el Financiamiento de Pensiones, aprobada el 24 de enero de 2008, según enmendada, de transferir las aportaciones efectuadas por los patronos que participan en el SRE, y cualesquiera activos en su lugar o derivados del mismo pagados al SRE conforme a los Artículos 2-116, 3-105 y 4-113 de la Ley Núm. 447 del 15 de mayo de 1951, según enmendada, al fiduciario (tal como se define en la Resolución de Bonos para el Financiamiento de Pensiones) es una Obligación Enumerada. Esta Orden Ejecutiva no suspende el pago de otras obligaciones del SRE distintas a las mencionadas en este párrafo.

**QUINTO:** Los Boletines Administrativos Núm.: OE-2016-18 y OE-2016-30, que se refieren a la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), continuarán en efecto, salvo que las obligaciones de la ACT de transferir fondos comprometidos en virtud de la Resolución Núm. 68-18, aprobada el 13 de junio de 1968, según enmendada, y la Resolución Núm. 98-06, aprobada el 26 de febrero de 1998, según enmendada, incluyendo los Ingresos por Puestos de Peaje Existentes y los Ingresos por Peaje, al Agente Fiscal (cada uno, según definido en las mencionadas Resoluciones) se declaran por la presente Obligaciones Enumeradas, y quedan suspendidas por esta Orden Ejecutiva. Además, declaro que toda obligación de la ACT de transferir los ingresos pignorados para el pago de préstamos en circulación del BGF queda modificada únicamente en la medida necesaria para proporcionar a la ACT los ingresos que necesita para financiar sus gastos operacionales o servicios esenciales. Esta Orden Ejecutiva no suspende el pago de otras obligaciones de la ACT distintas a las mencionadas en este párrafo.

**SEXTO:** El Boletín Administrativo Núm.: OE-2016-030, en lo que respecta al ELA, permanecerá en vigor, excepto que se declaran Obligaciones Enumeradas y quedan suspendidas por esta Orden Ejecutiva:

(a) las obligaciones del ELA de (i) hacer o transferir las Aportaciones del Patrono al SRE hasta el monto del servicio de la deuda a pagar por el SRE durante el año fiscal 2016-2017, (ii) transferir a la ACT los ingresos al amparo de la Sección 3060.11 del Código de Rentas Internas de Puerto Rico de 2011, según enmendada, y la sección 23.01 de la Ley Núm. 22-2000, según enmendada, salvo aquellos mencionados en el

3

párrafo QUINTO de esta Orden Ejecutiva, los cuales han sido pignorados para el pago de los préstamos del BGF, y (iii) transferir a la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico (la "AFIPR") los ingresos al amparo de los Artículos 25 y 25-A de la Ley Núm. 44 del 21 de junio de 1988, según enmendada; y

b) la obligación de la Autoridad de los Puertos de Puerto Rico de transferir los ingresos al fiduciario de los Bonos para el Financiamiento de la AFI (Proyecto de la Autoridad de los Puertos), Serie 2011.

**SÉPTIMO:** El Boletín Administrativo Núm.: OE-2016-14 relacionado con la AFIPR permanecerá en vigor. No obstante, las obligaciones de deuda de la AFIPR declaradas Obligaciones Cubiertas al amparo de la Ley.

**OCTAVO:** Conforme a los Artículos 201 y 202 de la Ley, declaro un estado de emergencia y el comienzo de un Periodo de Emergencia para la Compañía de Fomento Industrial de Puerto Rico (la "CFIPR") a partir de la vigencia de esta Orden Ejecutiva. Además, declaro que toda obligación de la CFIPR, al amparo del Contrato de Fideicomiso, aprobado el 1 de julio de 1964, según enmendado, de transferir los ingresos de las Propiedades Fideicomisadas al Fiduciario (cada una, según definida en dicho Contrato de Fideicomiso) es una Obligación Enumerada y queda suspendida por esta Orden Ejecutiva. Sin perjuicio del Periodo de Emergencia decretado para la CFIPR, esta Orden Ejecutiva no suspende el pago de otras obligaciones de la CFIPR.

**NOVENO:** Conforme a los Artículos 201 y 202 de la Ley, declaro un estado de emergencia y el comienzo de un Periodo de Emergencia para la Universidad de Puerto Rico (la "UPR") a partir de la vigencia de esta Orden Ejecutiva. Además, declaro que cualquier obligación de la UPR, al amparo del Contrato de Fideicomiso, aprobado el 1 de junio de 1971, según enmendado, de transferir los Ingresos Comprometidos al Fiduciario (cada uno, según definido en dicho Contrato de Fideicomiso) es una Obligación Enumerada y queda suspendida por esta Orden Ejecutiva. Declaro, también, que cualquier obligación de la UPR al amparo del Contrato de Arrendamiento con Desarrollos Universitarios Inc., aprobado el 21 de diciembre de 2000, es una Obligación Cubierta en virtud de la Ley. Esta Orden Ejecutiva no suspende el pago de otras obligaciones de la UPR distintas a las mencionadas en este párrafo.

**DÉCIMO:** Conforme a los Artículos 201 y 202 de la Ley, declaro un estado de emergencia y el comienzo de un Periodo de Emergencia para la

4

        Corporación de Finanzas Públicas de Puerto Rico (la "CFP") a partir de la vigencia de esta Orden Ejecutiva. Además, declaro que cualesquiera obligaciones de la CFP de solicitar la inclusión de una asignación de fondos en el presupuesto propuesto presentado a la Asamblea Legislativa para el pago de los bonos emitidos por la CFP y cualquier obligación de la CFP de hacer que el Secretario de Hacienda transfiera dicha asignación al fiduciario de bonos pertinente son Obligaciones Enumeradas en virtud de la Ley y quedan suspendidas por esta Orden Ejecutiva.

**UNDÉCIMO:** Conforme al Artículo 103(l)(ii)[1] de la Ley, aclaro que no son Obligaciones Cubiertas los pagos del servicio de la deuda que se puedan efectuar de los fondos en depósito con un fiduciario, pero únicamente en la medida en que dichos pagos del servicio de la deuda venzan y sean pagaderos de acuerdo con sus términos programados.

**DUODÉCIMO:** Conforme al Artículo 201 (b) de la Ley, no se tomará acción alguna y no se comenzará o continuará reclamación o procedimiento alguno, incluyendo la expedición de emplazamientos en ninguna corte de ninguna jurisdicción, que se relacione con cualquier Obligación Cubierta de cualquier Entidad Gubernamental o sea derivado de ella, incluidas las acciones o procedimientos relacionados con dichas obligaciones o derivados de ellas en los párrafos PRIMERO, SEGUNDO, TERCERO, CUARTO, QUINTO, SEXTO, SÉPTIMO, OCTAVO, NOVENO y DÉCIMO de esta Orden Ejecutiva.

**DECIMOTERCERO:** Esta Orden Ejecutiva no suspende ni prohíbe el pago de los préstamos u otras formas de endeudamiento de ninguna Entidad Gubernamental debidos al BGF, cuyo producto se use para el desembolso de los fondos depositados en el BGF para garantizar la prestación de los servicios esenciales, de conformidad con el Boletín Administrativo Núm.: OE-2016-10.

**DECIMOCUARTO:** SEPARABILIDAD. Esta Orden Ejecutiva deberá ser interpretada de tal manera que pueda mantener su validez, en la medida que sea posible, conforme a la Constitución del Estado Libre Asociado y la Constitución de los Estados Unidos. Si cualquier cláusula, párrafo, subpárrafo, disposición o parte de esta Orden Ejecutiva fuese declarada inconstitucional por un tribunal con jurisdicción, la orden emitida por dicho tribunal a esos efectos no afectará ni invalidará el resto de esta

---

[1] La disposición según la versión en español de la Ley es el Artículo 103 (x) (ii).

Orden Ejecutiva. El efecto de dicha orden estará limitado a la cláusula, párrafo, subpárrafo, disposición o parte de esta Orden Ejecutiva declarada inconstitucional y solamente con respecto a la aplicación de la misma a la obligación particular sujeta a dicha controversia.

**DECIMOQUINTO:** <u>DEROGACIÓN</u>. Se deja sin efecto cualquier otra Orden Ejecutiva que en todo o en parte sea incompatible con esta, hasta donde existiera tal incompatibilidad.

**DECIMOSEXTO:** <u>VIGENCIA Y PUBLICACIÓN</u>. Esta Orden Ejecutiva entrará en vigor inmediatamente y permanecerá en vigor hasta (i) la caducidad del Periodo Cubierto o (ii) la fecha en la que la misma sea revocada por escrito por el Gobernador, lo que ocurra primero. Cualquier suspensión de pago, transferencia o disposición de otro tipo por esta Orden Ejecutiva se mantendrá vigente hasta la terminación de la presente Orden Ejecutiva de acuerdo con el presente párrafo o la revocación por escrito por parte del gobernador de la suspensión en particular. Se ordena su más amplia publicación y divulgación.

EN TESTIMONIO DE LO CUAL, expido la presente Orden Ejecutiva bajo mi firma y hago estampar en esta el Gran Sello del Estado Libre Asociado de Puerto Rico, en San Juan, Puerto Rico, hoy 30 de junio de 2016.

ALEJANDRO J. GARCÍA PADILLA
GOBERNADOR

Promulgada de acuerdo a la ley, hoy 30 de junio de 2016.

VÍCTOR A. SUÁREZ MELÉNDEZ
SECRETARIO DE ESTADO

6

# EXHIBIT 11B

COMMONWEALTH OF PUERTO RICO
LA FORTALEZA
SAN JUAN, PUERTO RICO

Administrative Bulletin Num. EO-2016-31

EXECUTIVE ORDER ISSUED BY THE GOVERNOR OF THE COMMONWEALTH OF PUERTO RICO, HON. ALEJANDRO J. GARCÍA PADILLA, PURSUANT TO ACT NO. 21-2016, AS AMENDED, KNOWN AS THE "PUERTO RICO EMERGENCY MORATORIUM AND REHABILITATION ACT," TO DECLARE AN EMERGENCY PERIOD FOR CERTAIN GOVERNMENT ENTITIES, TO DEFER CERTAIN DEBT SERVICE OBLIGATIONS OF THOSE ENTITIES, TO SUSPEND TRANSFERS OF REVENUES, AND TO ORDER THE IMPLEMENTATION OF OTHER MEASURES THAT ARE REASONABLE AND NECESSARY TO ALLOW FOR THE CONTINUED PROVISION OF ESSENTIAL SERVICES TO PROTECT THE HEALTH, SAFETY AND WELFARE OF THE RESIDENTS OF THE COMMONWEALTH OF PUERTO RICO

**WHEREAS:** On April 6, 2016, I signed into law Act 21-2016, as amended, known as the "Puerto Rico Emergency Moratorium and Rehabilitation Act" (the "Act"). Capitalized terms used herein and not otherwise defined shall have the meanings assigned to them in the Act.

**WHEREAS:** The Act declared a state of emergency in recognition of the fiscal crisis faced by the Commonwealth and related Government Entities—namely, that both are threatened with the prospect of disorderly default on outstanding obligations.

**WHEREAS:** The Secretary of the Treasury has advised me that, after paying for the necessary expenses to protect the public health, safety, education, and welfare of the residents of Puerto Rico, the Commonwealth (1) will have insufficient funds to make the total debt service payments on the Public Debt (as defined in the Act), and (2) will remain in a fragile liquidity position during fiscal year 2016-2017, during which time it will be required to take extraordinary measures, including those provided herein and in Section 108 of the Act, to ensure the continuation of essential government operations.

**WHEREAS:** The Commonwealth of Puerto Rico has the responsibility and the duty to ensure the public health, safety, education, and welfare of its residents through the exercise of its police power.

**WHEREFORE:** I, ALEJANDRO J. GARCÍA PADILLA, Governor of the Commonwealth, by virtue of the inherent powers of my position and the authority vested in me by the Constitution and the laws of the Commonwealth of Puerto Rico, do hereby order as follow:

**FIRST:** Pursuant to Sections 201 and 202 of the Act, I hereby declare the Puerto Rico Convention Center District Authority ("CCDA") to be in a state of emergency and announce the commencement, as of the date of this Executive Order, of an Emergency Period for CCDA. I further hereby declare that debt obligations of CCDA shall be Covered Obligations under the Act. I further declare any obligation of CCDA to transfer hotel occupancy tax revenues (the "Hotel Tax Revenues") pursuant to Article 31 of Act 272-2003 or the Trust Agreement, dated as of March 24, 2006, as amended, to the Government Development Bank for Puerto Rico ("GDB") or any Trustee (as defined in such Trust Agreement) is an Enumerated Obligation, and is hereby suspended. This Executive Order does not suspend the payment of other obligations of CCDA other than as provided for in this paragraph.

**SECOND:** Administrative Bulletin Nos. OE-2016-10, OE-2016-14, and OE-2016-30, as they relate to GDB, shall continue in effect, except that GDB's obligation to transfer Hotel Tax Revenues to the Trustee (each, as defined in the FIRST paragraph of this Executive Order) is declared an Enumerated Obligation, and is hereby suspended.

**THIRD:** Pursuant to Section 201(d) of the Act, I hereby declare that the Puerto Rico Tourism Company's obligation to transfer Hotel Tax Revenues (as defined in the FIRST paragraph of this Executive Order) to GDB is hereby suspended as it relates to payment of Covered Obligations of CCDA.

**FOURTH:** Pursuant to Sections 201 and 202 of the Act, I hereby declare the Employees Retirement System of the Government of the Commonwealth of Puerto Rico and its Instrumentalities ("ERS") to be in a state of emergency and announce the commencement, as of the date of this Executive Order, of an Emergency Period for ERS. I further declare that any obligation of ERS, pursuant to the Pension Funding Bond Resolution, dated as of January 24, 2008, as amended, to transfer contributions made by employers that participate in ERS, and any assets in lieu thereof or derived thereunder paid to ERS under Sections 2-116, 3-105, and 4-113 of Act No. 447 of May 15, 1951, as amended, to the Trustee (as defined in such Pension Funding Bond

2

Resolution) is an Enumerated Obligation, and is hereby suspended. This Executive Order does not suspend payment of other obligations of ERS other than as provided for in this paragraph.

**FIFTH:** Administrative Bulletin Nos. OE-2016-18 and OE-2016-30, as they relate to the Puerto Rico Highways and Transportation Authority ("HTA"), shall continue in effect, except that HTA's obligations to transfer pledged funds under Resolution No. 68-18, dated as of June 13, 1968, as amended, and Resolution No. 98-06, dated as of February 26, 1998, as amended, including Existing Toll Facilities Revenues and Toll Revenues, to the Fiscal Agent (each, as defined in such Resolutions) are hereby declared Enumerated Obligations, and are hereby suspended. I further hereby declare that any obligation of HTA to transfer revenues pledged for the payment of outstanding loans owed to GDB, is hereby modified solely to the extent necessary to provide HTA with the revenues it requires to fund operating expenses or essential services. This Executive Order does not suspend payment of other obligations of HTA other than as provided for in this paragraph.

**SIXTH:** Administrative Bulletin No. OE-2016-30, as it relates to the Commonwealth of Puerto Rico, shall continue in effect, except that (a) the Commonwealth's obligations to (i) make or transfer Employer Contributions to ERS up to the amount of debt service payable by ERS during fiscal year 2016-2017, (ii) transfer revenues to HTA pursuant to Section 3060.11 of the Puerto Rico Internal Revenue Code of 2011, as amended, and Section 23.01 of Act No. 22-2000, as amended, other than those revenues referred to in paragraph FIFTH, which have been pledged for the payment of outstanding loans owed to GDB, and (iii) transfer revenues to the Puerto Rico Infrastructure Finance Authority ("PRIFA") pursuant to Articles 25 and 25-A of Act No. 44 of June 21, 1988, as amended, and (b) the Puerto Rico Ports Authority obligation to transfer revenues to the Trustee of the Puerto Rico Infrastructure Financing Authority Revenue Bonds (Ports Authority Project), Series 2011, are declared Enumerated Obligations, and are hereby suspended.

**SEVENTH:** Administrative Bulletin No. OE-2016-14 related to PRIFA shall continue in effect, except that any debt obligations of PRIFA are declared Covered Obligations under the Act.

3

| | |
|---|---|
| **EIGHTH:** | Pursuant to Sections 201 and 202 of the Act, I hereby declare the Puerto Rico Industrial Development Company ("PRIDCO") to be in a state of emergency and announce the commencement, as of the date of this Executive Order, of an Emergency Period for PRIDCO. I further hereby declare that any obligation of PRIDCO, pursuant to the Trust Indenture, dated as of July 1, 1964, as amended, to transfer revenues from the Trusteed Properties to the Trustee (each, as defined in such Trust Indenture) is an Enumerated Obligation, and is hereby suspended. Notwithstanding the declaration of the Emergency Period for PRIDCO pursuant to this Executive Order, this Executive Order does not suspend payment of other obligations of PRIDCO. |
| **NINTH:** | Pursuant to Sections 201 and 202 of the Act, I hereby declare the University of Puerto Rico ("UPR") to be in a state of emergency and announce the commencement, as of the date of this Executive Order, of an Emergency Period for UPR. I further declare that any obligation of UPR, pursuant to the Trust Agreement, dated as of June 1, 1971, as amended, to transfer Pledged Revenues to the Trustee (each, as defined in such Trust Agreement) is an Enumerated Obligation, and is hereby suspended. I further declare that any obligation of UPR pursuant to the Lease Agreement with Desarrollos Universitarios Inc., dated as of December 21, 2000, is a Covered Obligation under the Act. This Executive Order does not suspend payment of other obligations of UPR other than as provided for in this paragraph. |
| **TENTH:** | Pursuant to Sections 201 and 202 of the Act, I hereby declare the Puerto Rico Public Finance Corporation ("PFC") to be in a state of emergency and announce the commencement, as of the date of this Executive Order, of an Emergency Period for PFC. I further declare that any obligation of PFC to request the inclusion of an appropriation in the proposed budget submitted to the Legislative Assembly for the payment of bonds issued by PFC and any obligation of PFC to cause the Secretary of the Treasury to transfer such appropriation to the relevant bond trustee are Enumerated Obligations under the Act, and are hereby suspended. |
| **ELEVENTH:** | Pursuant to Section 103(l)(ii) of the Act,[1] I hereby clarify that debt service payments, but solely to the extent that such debt service payment shall become due and owing according to their scheduled terms, that can be made from funds on deposit with a trustee, are not Covered Obligations. |

---

[1] [Spanish Provision: Section 103(x)(ii)].

4

**TWELFTH:** Pursuant to Section 201(b) of the Act, no act shall be done, and no action or proceeding shall be commenced or continued in any court of any jurisdiction that is related to or arises under any Covered Obligation of Government Entities, including actions or proceedings related to or arising under such obligations listed in the FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, EIGHTH, NINTH and TENTH paragraphs of this Executive Order.

**THIRTEENTH:** Notwithstanding any provision herein, this Executive Order does not suspend or prohibit the payment of the loans or other indebtedness of any Government Entity owed to GDB, the proceeds of which shall be used to disburse funds deposited at GDB to ensure the provision of essential services, consistent with Executive Order 2016-10.

**FOURTEENTH:** <u>SEVERABILITY</u>. This Executive Order shall be interpreted in a manner to render it valid to the extent practicable in accordance with the Constitution of the Commonwealth of Puerto Rico and otherwise applicable federal law. If any clause, paragraph, subparagraph, provision or part of this Executive Order were to be preempted or declared unconstitutional or unlawful by a competent court, the order to such effect issued by such court will neither affect nor invalidate the remainder of this Executive Order. The effect of such preemption or order shall be limited to the clause, paragraph, subparagraph, provision or part of this Executive Order preempted or declared unconstitutional or unlawful and only with respect to the application thereof to the particular obligation subject to such challenge.

**FIFTEENTH:** <u>REPEAL</u>. This order shall prevail over any other Executive Order that may, in whole or in part, be inconsistent with this Executive Order, to the extent of such incompatibility.

**SIXTEENTH:** <u>EFFECTIVENESS AND PUBLICATION</u>. This Executive Order shall take effect immediately. Its widest publication and dissemination are hereby ordered. This Executive Order shall be enacted in both English and Spanish. If in the interpretation or application of this Executive Order any conflict arises as between the English and Spanish texts, the English text shall govern.

**SEVENTEENTH:** <u>TERMINATION</u>. This Executive Order shall remain in full force and effect until the earlier of (i) expiration of the Covered Period or (ii) revocation of this Executive Order as provided by the Governor in writing. Any

5

suspension of payment, transfer, or otherwise directed by this Executive Order shall remain in effect until the termination of this Executive Order according to this paragraph or the revocation by the Governor in writing of the particular suspension.

IN TESTIMONY BY WHICH, I issue this order under my signature and I stamp on it the Great Seal of the Commonwealth of Puerto Rico, in the city of San Juan, today, the 30 day of June, 2016.



ALEJANDRO J. GARCÍA PADILLA
GOVERNOR

Enacted pursuant to applicable law, on June 30, 2016.

VÍCTOR A. SUÁREZ MELÉNDEZ
DESIGNATED SECRETARY OF STATE

6