Hearing Date: June 6, 2018 at 9:30 a.m. (AST)

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>This Document Relates to:<br>17 BK 3283<br><br>**Re: ECF No. 3066** |

### POPULAR, INC., POPULAR SECURITIES LLC, AND BANCO POPULAR DE PUERTO RICO'S OBJECTION AND JOINDER WITH RESPECT TO THE COMMITTEE'S RENEWED BANKRUPTCY RULE 2004 MOTION

To the Honorable Magistrate Judge Judith Gail Dein:

Popular, Inc. ("Popular"), Popular Securities LLC ("Popular Securities"), and Banco Popular de Puerto Rico ("Banco Popular," and collectively with Popular and Popular Securities, the "Popular Entities") respectfully submit this objection and reservation of rights (this "Objection") with respect to the *Renewed Motion of Creditors' Committee Seeking Entry of Order, Under Bankruptcy Rule 2004, Authorizing Discovery Program With Respect to Certain Causes of Puerto Rico Financial Crisis Beginning on August 15, 2018* [ECF No. 3066] (the

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474).

01:23216347.3

"Renewed Motion").[2] In support of this Objection, the Popular Entities respectfully state as follows:

1. Through the Renewed Motion, the Committee once again seeks to commence a wide-ranging discovery program against the Government Development Bank, the Santander entities, and the Popular Entities. The Committee's requested Rule 2004 discovery of the Popular Entities and the other parties to be examined is premature at best, unduly burdensome and potentially unnecessary, as it may be obviated in large part by the discovery currently being conducted by Kobre & Kim, LLP, the Oversight Board's independent investigator (the "Independent Investigator"). As part of that ongoing investigation, the Committee will have access to all documents produced by the Popular Entities to the Independent Investigator. For these very reasons, the Court previously denied[3] the Committee's initial Motion [ECF No. 706], thus allowing the Independent Investigator to proceed with its investigative work and preventing any unnecessary duplication of efforts.

2. Furthermore, and as noted by the Santander entities in their own objection, the concerns prompting the Renewed Motion are entirely speculative in nature, and the Independent Investigator's investigation should be completed before considering the requests in the Renewed Motion. The Court should not grant the Renewed Motion based only on the Committee's supposition about the remaining time to complete the Independent Investigator's report or the thoroughness and ultimate contents of that report.[4]

---

[2] Capitalized terms used but not otherwise defined in this Objection shall have the meanings ascribed to them in the Renewed Motion.

[3] *See November 17, 2017 Order Denying Committee's Rule 2004 Motion Without Prejudice* [ECF No. 1827].

[4] *See, e.g., In re Express One Int'l, Inc.*, 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998) ("If the cost and disruption to the person being examined outweigh the benefits to the examiner, the examination should be denied.").

3. In fact, it is the Popular Entities' understanding that the Independent Investigator is diligently and thoroughly conducting its investigation, and the record of these cases supports that. In its April 5 Report, the Independent Investigator disclosed that it had conducted over 100 witness interviews and had collected voluminous documentation from various entities. For their part, the Popular Entities have been working cooperatively with the Independent Investigator and are complying with its multiple discovery requests,[5] including by making several employees available for interviews by the Independent Investigator in connection with its ongoing investigation of Puerto Rico's public debt offerings.

4. The Popular Entities have already produced, and intend to continue to produce, a substantial number of documents in response to the Independent Investigator's document requests – the Popular Entities' review and production is comprised of tens of thousands of documents. The Popular Entities are aware that the Committee and the Retirees' Committee each have signed cooperation and non-disclosure agreements with the Independent Investigator.[6] As a result, the Committee and the Retirees' Committee will have access to *all* documents produced by the Popular Entities to the Independent Investigator and the Committee should be required to review those documents first before pursuing its own duplicative requests.[7]

5. The Independent Investigator presumably also is taking extensive discovery of the Government Development Bank, the Santander entities, and other parties in furtherance of its investigative work. Given the breadth of the discovery being conducted by the Independent

---

[5] The Popular Entities understand that many of the document requests directed to them in the Investigator's supplemental investigative subpoenas, dated December 19, 2017, were provided to the Investigator by the Committee, as contemplated by the Order denying the Motion. *See* ECF No. 1827, ¶ 2.

[6] *See, e.g.,* Exhibit F to Renewed Motion.

[7] *See*, *e.g.*, *In re MF Global Holdings Ltd.*, 465 B.R. 736, 743-44 (Bankr. S.D.N.Y. 2012) (denying discovery request pursuant to Rule 2004 because another party was already conducting its own independent investigation regarding similar facts and potential claims, as allowing such discovery would be "unnecessary and would hinder ongoing investigations.").

Investigator, as well as the ambitious scope and multiple purposes of its investigation, it should be no surprise that the Independent Investigator's work remains ongoing and that its final report has not yet been completed. The Committee's apparent impatience with the thorough and extensive investigation being performed by the Independent Investigator is no reason for the Court to reconsider its previous decision and to grant the Committee's premature Renewed Motion. Permitting the Committee to perform its own parallel investigation would unnecessarily expend the Commonwealth's resources, potentially impede the Independent Investigator's own investigations, and inevitably subject the Popular Entities and others to undue burden and expense by requiring them to respond to duplicative and possibly unnecessary discovery requests.[8]

6. The Popular Entities respectfully submit that the Committee should review the documents that the Popular Entities are producing to the Independent Investigator and wait for the Independent Investigator to issue its final report before seeking authority under Rule 2004 to pursue additional discovery from the Popular Entities. After the Independent Investigator releases its final report, the Court, the Committee, the Popular Entities and the other parties from which the Committee seeks discovery will be better positioned to evaluate whether and to what extent additional discovery is warranted, and the Committee will be better positioned to propose tailored, non-duplicative discovery requests. The Renewed Motion should therefore be denied as premature.

---

[8] "In evaluating a request to conduct a Rule 2004 examination, the Court must 'balance the competing interests of the parties, weighing the relevance and necessity of the information sought by examination.'" *In re AOG Entm't, Inc.*, 558 B.R. 98, 109 (Bankr. S.D.N.Y. 2016).

01:23216347.3

4

**JOINDER AND RESERVATION OF RIGHTS**

7. The Popular Entities hereby fully join and adopt herein (i) the *Objection of Debtors to Renewed Motion of Official Committee of Unsecured Creditors for Entry of an Order, Under Bankruptcy Rule 2004, Authorizing Discovery Program With Respect to Certain Causes of Puerto Rico Financial Crisis Beginning on August 15, 2018* [ECF No. 3117] (the "Debtors' Objection") filed by the Oversight Board on behalf of the Debtors and (ii) the *Objection of Santander Securities LLC, Santander Asset Management LLC and Banco Santander Puerto Rico to Renewed Motion of Creditors' Committee Seeking Entry of Order, Under Bankruptcy Rule 2004, Authorizing Discovery Program With Respect to Certain Causes of Puerto Rico Financial Crisis Beginning on August 15, 2018* [ECF No. 3120] (the "Santander Objection," and together with the Debtors' Objection, the "Renewed Objections"). In the Debtors' Objection, the Oversight Board made clear that the Committee, under the cooperation and non-disclosure agreement, already has access to the vast majority of documents embodied in its requests and that a parallel investigation would be duplicative, burdensome, and unnecessary. The Santander Objection additionally makes clear that the relief requested in the Renewed Motion would subject the parties to simultaneous conflicting obligations, imposing unnecessary burdens on those parties from whom discovery is requested.

8. As is evident from this Objection and the Renewed Objections, the duplicative discovery requested in the Renewed Motion is premature, unnecessary, and burdensome on the Commonwealth's resources, the Popular Entities and many others. Accordingly, the Renewed Motion should be denied.

9. To the extent necessary, the Popular Entities expressly reserve all rights and objections with respect to the proposed Document Requests. The Popular Entities also reserve

01:23216347.3

5

the right to join in and adopt as their own any other objections to the Renewed Motion, including, without limitation, any objections filed by AAFAF, the Government Development Bank, or any of their agents.

Dated: May 23, 2018
    San Juan, Puerto Rico        Respectfully submitted,

*S/ Angélica Toro-Lavergne*
USDC-PR Bar No. 214804
Popular Center-9th Floor
209 Muñoz Rivera Ave.
San Juan, P.R. 00918
Tel. 787-753-1017
Fax 787-754-4984
E-mail: Angélica.Toro@popular.com

-and-

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Robert S. Brady*
James L. Patton (*admitted pro hac vice*)
Robert S. Brady (*admitted pro hac vice*)
John T. Dorsey (*admitted pro hac vice*)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel to Popular, Inc., Popular Securities LLC, and Banco Popular de Puerto Rico*