## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### RESPONSE OF ASSURED GUARANTY CORP. AND
### ASSURED GUARANTY MUNICIPAL CORP. TO MOTION TO COMPEL
### COMPLIANCE WITH THE AUGUST 10, 2017 STIPULATION AND ORDER

To the Honorable United States District Judge Laura Taylor Swain:

Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (collectively, "Assured") respectfully submit this response (the "Response") to the *Motion to Compel Compliance with the August 10, 2017 Stipulation and Order filed by the American Federal of State, County and Municipal Employees (AFSCME)*, ECF No. 3092 (the "Motion") and states as follows:

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

## RESPONSE

1.      Assured submits this Response to address the baseless assertions in the Motion that Assured somehow acted improperly by expressing support, along with other Commonwealth and COFINA individual creditors, for a consensual framework that would resolve the COFINA Title III case and thus make major progress to allow the Commonwealth and its instrumentalities to exit these Title III cases without needless litigation.  Contrary to the aspersions cast in the Motion, Assured and all other parties acted properly in their capacities as individual creditors. [2]

2.      Assured cannot and will not provide any detailed responses to the assertions in the Motion due to the strict confidentiality restrictions imposed by the mediation agreement. However, by openly conceding that the public statements regarding the settlement framework "do not state that the formal GO Creditor Representative has had any involvement in these negotiations (or even identify who the formal GO Creditor Representative may be)," AFSCME admits that it has no evidence that the GO Creditor Representative committed so much as a technical violation of the Stipulation.  See Motion ¶ 21.  This concession is fatal to the Motion, and the Motion should therefore be denied, because AFSCME fails to identify any particular conduct by the GO Creditor Representative that violates the terms of the Commonwealth-COFINA protocol.[3]

3.      Instead, AFSCME complains that individual creditors expressed support for a consensual resolution of these Title III cases.  But as the Oversight Board observed in its

---

[2]    Curiously, the Motion singles out Assured and the ad hoc group of GO bondholders, and fails to acknowledge that a number of other individual COFINA and Commonwealth creditors also publicly expressed support for a constructive, consensual resolution in these Title III cases.  Given the support of these many other parties, it is unclear why the Motion focuses solely on Assured and the ad hoc group of GO bondholders.

[3] Assured reserves the right to respond at any appropriate time to any improper disclosure made by the debtor, FOMB, the committee, or any other party that violates the confidentiality restrictions of the mediation agreement.

response to the Motion, "nothing bars the GO Creditor Representative or other creditors from

negotiating, with or without mediation, the treatment of its constituency under a plan of

adjustment with any party."  ECF No. 3098 ¶ 3.  And, of course, AFSCME knows this well,

because it did the same exact thing in other chapter 9 cases.  Indeed, AFSCME individually

negotiated treatment for certain retirees in the City of Detroit's chapter 9 plan of adjustment as

part of a "grand bargain" for Detroit's retirees, just as Assured did for certain of the bond claims

within that case.  See In re City of Detroit, Mich., 524 B.R. 147, 162, 171-72, 188-90 (Bankr.

E.D. Mich. 2014).  Nothing precludes such conduct by individual creditors.  As AFSCME fails

to point to any untoward conduct (and certainly no conduct that it has not itself engaged in), the

Motion should be denied.

4.      Finally, aside from the fact that the Motion is meritless, the Motion should not be

heard until AFSCME files a compliant verified statement under Bankruptcy Rule 2019.

Bankruptcy Rule 2019(b) provides:

> In a chapter 9 or 11 case, a verified statement setting forth the
> information specified in subdivision (c) of this rule shall be filed by
> every group or committee that consists of or represents, and every entity
> that represents, multiple creditors or equity security holders that are (A)
> acting in concert to advance their common interests, and (B) not
> composed entirely of affiliates or insiders of one another.

Fed. R. Bankr. P. 2019(b)(1).  Entities that purport to represent other creditors in a bankruptcy

proceeding, such as AFSCME, are not exempt from these disclosure requirements.  See Fed. R.

Bankr. P. 2019(b)(2) (exempting only indenture trustees, administrative agents, class action

representatives, and governmental units that are not persons from disclosure requirements).

5.      Bankruptcy Rule 2019(c), in turn, requires disclosure of pertinent information that

gives notice to other creditors regarding the nature of the interests an entity represents, including

the names of each entity at whose instance the entity, group, or committee purports to act.  See

-3-

Fed. R. Bankr. P. 2019(c)(1).  Additional information that must be disclosed includes, among

other things, the identity of each member represented by such entity and the "nature and amount

of each disclosable economic interest held in relation to the debtor as of the date of the

statement."  Fed. R. Bankr. P. 2019(c)(2), (3).  Notably, this Court entered an order explicitly

requiring such entities and groups to "file a supplemental verified statement contemporaneously

with or within 48 hours after the next instance in which the Rule 2019 Group takes a position

before the Court[.]"  ECF No. 754 § I.3.

6.        Bankruptcy Rule 2019(e) provides that either upon motion of a party in interest or

upon a court's own motion, a court may determine that a party failed to comply with Bankruptcy

Rule 2019's disclosure requirements.  If a court determines that a party has failed to comply with

Bankruptcy Rule 2019, it may refuse to permit the entity to be heard and may hold invalid any

objection given, procured, or received by such entity.  See Fed. R. Bankr. P. 2019(e)(2).

7.        Despite the clear mandate of the Bankruptcy Rules and this Court's order,

AFSCME has never filed a verified statement, despite claiming to be the "exclusive collective

bargaining representative for approximately 12,000 active Commonwealth employees."  See

ECF No. 191 ¶¶ 1, 2.  AFSCME has clearly taken positions before this Court on behalf of its

members,[4] including by filing the Motion, and therefore falls squarely within the purview of

Bankruptcy Rule 2019.  See Fed. R. Bankr. P. 2019(a)(2) (defining "represents"), (b)(1), (c).

Despite this non-compliance with the Bankruptcy Rules and this Court's order, AFSCME seeks

to inject itself into the center of this Title III case and to control FOMB, the debtors, all creditors,

---

[4]    See, e.g., Case No. 17-03566-LTS, ECF No. 51 (opposition to stay relief motion); Adv. Proc. No. 17-
00242, ECF No. 1 (adversary complaint alleging constitutional violations and violations of PROMESA);
Adv. Proc. No. 17-00250, ECF Nos. 4, 7 (motion to intervene in adversary proceeding and to consolidate
adversary proceedings); Case No 17-03283, ECF No. 1610 (opposition to motion to dismiss Title III
petition); Case No 17-03283, ECF No. 2245 (motion seeking declaration that Title III petition and
automatic stay do not preclude employee arbitration and grievance proceedings).

and the mediators based on non-existent violations of the Stipulation. It is important for AFSCME to provide such disclosures to ensure that this Court and other creditors can assess whether or not AFSCME is in fact a party in interest with standing to bring the Motion.  Based on AFSCME's noncompliance with Bankruptcy Rule 2019, it is virtually impossible for Assured and this Court to make that assessment.  Consequently, the Motion should not be heard unless and until AFSCME files a compliant verified statement.

### CONCLUSION

WHEREFORE, Assured respectfully requests that the Court deny the Motion.

Dated:  San Juan, Puerto Rico
       May 24, 2018

CASELLAS ALCOVER & BURGOS P.S.C.

By: _/s/ Heriberto Burgos Pérez_
    Heriberto Burgos Pérez
    USDC-PR 204809
    Ricardo F. Casellas-Sánchez
    USDC-PR 203114
    Diana Pérez-Seda
    USDC-PR 232014
    P.O. Box 364924
    San Juan, PR 00936-4924
    Telephone:  (787) 756-1400
    Facsimile:  (787) 756-1401
    Email:    hburgos@cabprlaw.com
            rcasellas@cabprlaw.com
            dperez@cabprlaw.com

_Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp._

CADWALADER, WICKERSHAM & TAFT LLP

By: _/s/ Howard R. Hawkins, Jr._
    Howard R. Hawkins, Jr.*
    Mark C. Ellenberg*
    Ellen V. Holloman*
    Ellen M. Halstead*
    Gillian Groarke Burns*
    Thomas J. Curtin*
    Casey J. Servais*
    200 Liberty Street
    New York, NY 10281
    Telephone:  (212) 504-6000
    Facsimile:  (212) 406-6666
    Email:    howard.hawkins@cwt.com
            mark.ellenberg@cwt.com
            ellen.holloman@cwt.com
            ellen.halstead@cwt.com
            gillian.burns@cwt.com
            thomas.curtin@cwt.com
            casey.servais@cwt.com

* Admitted _pro hac vice_

_Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp._

## CERTIFICATE OF SERVICE

I hereby certify that I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record in the captioned case. Further, I directed that the following counsel of record be served by U.S. Mail:

Office of the United States Trustee for Region 21
Edificio Ochoa
500 Tanca Street, Suite 301
San Juan, PR 00901-1922

John J. Rapisardi, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, New York 10036

Martin J. Bienenstock, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036-8299

Nancy A. Mitchell, Esq.
Greenberg Traurig LLP
200 Park Avenue
New York, New York 10166

Luc A. Despins, Esq.
Paul Hastings LLP
200 Park Avenue
New York, New York 10166

Robert Gordon, Esq.
Jenner & Block LLP
919 Third Avenue
New York, New York 10022

Gerardo J. Portela Franco
Puerto Rico Fiscal Agency and Financial
Advisory Authority (AAFAF)
De Diego Ave. Stop 22
San Juan, Puerto Rico 00907

Luis C. Marini-Biaggi, Esq.
Marini Pietrantoni Muniz, LLC
MCS Plaza, Suite 500
255 Ponce de León Ave.
San Juan, PR 00917

Hermann D. Bauer, Esq.
O'Neill & Borges LLC
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813

Arturo Diaz-Angueira, Esq.
Cancio, Nadal, Rivera & Diaz, P.S.C.
403 Muñoz Rivera Ave.
San Juan (Hato Rey), PR 00918-3345

Juan. J. Casillas Ayala
Casillas, Santiago & Torres LLC
El Caribe Office Building
53 Palmeras Street, Suite 1601
San Juan, PR 00901-2419

A.J. Bennazar-Zequeira
Bennazar, Garcia & Milian, C.S.P.
Edificio Union Plaza PH-A piso 18 Avenida
Ponce de Leon #416
Hato Rey, PR 00918

At New York, New York, 24th day of May, 2018.

By: /s/ *Howard R. Hawkins, Jr.*
Howard R. Hawkins, Jr.
* Admitted pro hac vice

-6-