# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### RESPONSE OF THE AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS TO THE MOTION BY THE AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO (AFSCME) TO COMPEL COMPLIANCE WITH THE AUGUST 10, 2017 STIPULATION AND ORDER

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Ad Hoc Group of General Obligation Bondholders (the "GO Group")[2] hereby responds to the *Motion by the American Federation of State, County And Municipal Employees, AFL-CIO (AFSCME) To Compel Compliance with the August 10, 2017 Stipulation and Order* (Dkt. 3092)[3] (the "Motion").

The premise of the Motion is that a stipulation approved by this Court has been violated. As explained below, that premise is unfounded. The purpose of the Motion is transparent: to use this Court's docket to make public pronouncements attacking constructive attempts by financial creditors to bring these proceedings to a reasonable and expeditious conclusion. The Motion should be denied.

1. Last August, the Court entered the *Stipulation and Order Approving Procedure To Resolve Commonwealth-COFINA Dispute* (Dkt. 996) (the "Stipulation"). The Stipulation sets procedures for resolving what is defined as the "Commonwealth-COFINA Dispute." *Id.* ¶ 4.

As relevant here, the Stipulation provides for the appointment of several parties. Those parties include a "Commonwealth Agent" and a "COFINA Agent" to represent the two sides. *Id.* ¶ 4.a, .b. They also include two "Commonwealth Creditor Representatives." *Id.* ¶ 4.c. One of those is the Official Committee of Retirees (the "Retiree Committee"). *Id.* ¶ 4.c.ii. The other, referred to in the Motion as the "GO Creditor Representative," was to be chosen by the GO Group and another creditor, Assured Guaranty Corp. ("Assured"). *Id.* ¶ 4.c.i. Those parties have selected Mark T. Stancil, a partner at Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP, a lawyer for the GO Group.

---

[2] Members of the GO Group file this response exclusively on their own behalves and do not assume any fiduciary or other duties to any other creditor or person.

[3] "Dkt." refers to documents filed on the docket of the above-captioned Title III proceeding.

In addition, the Stipulation provides a mediation track for the Commonwealth-COFINA Dispute. It states that each of the two Agents will "negotiate" guided by certain principles. *Id.* ¶ 4.f. Should the Agents reach a settlement, they must present it to the Commonwealth Creditor Representatives for approval. *Id.* ¶ 4.i. The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") may also develop a settlement "negotiate[d] and mediate[d] with creditors." *Id.* ¶ 4.n.

On May 14, 2018, the GO Group issued a press release announcing an "agreement on a settlement framework that provides for a consensual path to a successful restructuring." Ex. 1. The parties supporting the settlement framework included the GO Group, "the COFINA Senior Bondholders Coalition, Bonistas del Patio Inc., and certain monoline insurers." Ex. 2 at 1. Assured was among the supporting monoline insurers. Ex. 3 at 5.[4]

2. The crux of the Motion is that "the GO Creditor Representative . . . violated the Stipulation by attempting to negotiate . . . a settlement." Motion at 1. That is wrong.

At the outset, it is important to note that the Motion asks the Court to infer what happened during a confidential mediation. Motion ¶¶ 20-21; see Ex. 2 at 1 (noting that the settlement framework arose from "an extensive arm's length negotiation" "[p]ursuant to the Mediation Order and the Stipulation"). Because that mediation is strictly confidential, no party to it may reveal to the Court what has transpired there. This response is limited accordingly. That limitation, however, does not preclude our affirming that each and every action to which the

---

[4] In her response to the Motion, the COFINA Agent criticizes what she refers to as an "inaccurate and unauthorized statement" regarding the COFINA Agent's position on the proposed settlement framework in the GO Group's press release. Dkt. 3097 at 2. The GO Group's press release, however, accurately describes the position taken by the COFINA Agent in the parties' negotiations. We reject the COFINA Agent's suggestion that any "authorization" was required for the GO Group to transmit truthful information regarding the status of settlement negotiations to the market.

2

Motion objects was undertaken with the assistance and blessing of the Mediation Team. The Motion's baseless suggestion that the Mediation Team—to say nothing of the other parties in the Motion's crosshairs—may have acted improperly requires more than the speculation and inference offered here.

In any event, the Motion rests on a wholly mistaken reading of the Stipulation. It asks the Court to infer that, although the Stipulation expressly contemplates participation by creditors in mediation and negotiation of the Commonwealth-COFINA Dispute (see Stipulation ¶ 4.n), the GO Group and Assured—but, curiously, not the Retiree Committee (see below)—must be excluded from all such negotiations. But there is no basis in Stipulation for that counterintuitive result, which would pointlessly deprive all stakeholders of the perspective and input of these parties, on account of the Stipulation's recognition that they were so *central* to Commonwealth-COFINA Dispute as to warrant a role in selecting or serving as a Commonwealth Creditor Representative. The Motion's suggestion—that parties with an economic interest should not be involved in the outcome of the dispute—is utterly backwards.

The conspicuous omission of the Retiree Committee is revealing as to the Motion's infirmity and equally telling as to the Motion's true purpose. Although the Motion does not seek any relief with respect to the Retiree Committee, its logic would imply that the Retiree Committee must also be excluded from any negotiation of the Commonwealth-COFINA Dispute, given the Retiree Committee's role as one of the Commonwealth Creditor Representatives. Nonetheless, the Motion is notably silent with respect to the disclosure by the COFINA Senior Bondholders Coalition (the "COFINA Senior Group") that the COFINA Senior Group had engaged both the Commonwealth Agent and the Retiree Committee in settlement negotiations. See Ex. 4 (noting that the COFINA Senior Group "also proposed alternative

3

settlement terms . . . in mid-April to other constituencies that include the Commonwealth Agent and the Official Committee of Retirees"). The Motion's selective outrage provides strong grounds to question whether the Motion's objection to the GO Group's participation in settlement negotiations is asserted in good faith.

The provision of the Stipulation on which the Motion relies, paragraph 4.i, provides in relevant part that "the Commonwealth Creditor Representatives are not authorized to negotiate any proposed settlement." That provision does not restrict parties in interest like the GO Group from participating in mediation, either directly or through their advisors. Instead, it is merely definitional, specifying the role of the Commonwealth Creditor Representative positions that are created by the Stipulation. The import of the provision is that, to the extent Mr. Stancil or the Retiree Committee participate in negotiation of the Commonwealth-COFINA Dispute, they do not do so in their capacity as Commonwealth Creditor Representatives.

Allowing parties in interest to participate in the mediation, as the Stipulation contemplates, makes eminent sense. Such parties are the ones who will bear the consequences—benefits and burdens alike—of any settlement. They may also have creative solutions that may facilitate a mutually agreeable settlement. And if parties from opposing camps can reach an agreement—as they did with the settlement framework at issue, which drew support from both Commonwealth-side and COFINA-side parties—then such an agreement merits consideration by the Agents and the Oversight Board.

At bottom, the Motion represents a cynical attempt to frustrate the progress that has been achieved, in the form of the announced settlement framework, through direct negotiations among the parties in interest. It should accordingly be rejected.

4

3. The Motion concludes with a gratuitous suggestion "that the public release" of the settlement framework "was a strategic maneuver designed to manipulate the market." Motion ¶ 22. That is a grave accusation, asserted without a shred of legitimate evidence. It is also completely false. The information was released in order to avoid any potential argument that trading by participating creditors would violate the securities laws, which prohibit certain trading by persons in possession of "material, nonpublic information." *E.g.*, *United States v. O'Hagan*, 521 U.S. 642, 651-53 (1997). It should come as no surprise that the mediation framework includes provisions for the public disclosure of agreements among the parties and, under certain circumstances, the status of negotiations. The Motion's baseless suggestion of impropriety is further evidence of its true purpose: to attack any and all efforts by financial creditors to seek a constructive and expeditious resolution of these proceedings.

\* \* \*

For the foregoing reasons, the Motion should be denied.


[*The remainder of this page is intentionally left blank.*]

5

| | |
|---|---|
| Dated: May 24, 2018 | Respectfully submitted, |
| /s/ Ramón Rivera Morales | /s/ Mark T. Stancil |
| J. Ramón Rivera Morales | Lawrence S. Robbins (admitted *pro hac vice*) |
| USDC-PR Bar No. 200701 | Gary A. Orseck (admitted *pro hac vice*) |
| Andrés F. Picó Ramírez | Kathryn S. Zecca (admitted *pro hac vice*) |
| USDC-PR Bar No. 302114 | Mark T. Stancil (admitted *pro hac vice*) |
| JIMÉNEZ, GRAFFAM & LAUSELL | Donald Burke (admitted *pro hac vice*) |
| P.O. Box 366104 | ROBBINS, RUSSELL, ENGLERT, ORSECK, |
| San Juan, PR 00936 | UNTEREINER & SAUBER LLP |
| Telephone: (787) 767-1030 | 1801 K Street, N.W., Suite 411-L |
| Facsimile: (787) 751-4068 | Washington, DC 20006 |
| Email: rrivera@jgl.com | Telephone: (202) 775-4500 |
| | Facsimile: (202) 775-4510 |
| | Email: mstancil@robbinsrussell.com |

/s/ Andrew N. Rosenberg
Andrew N. Rosenberg (admitted *pro hac vice*)
Richard A. Rosen (admitted *pro hac vice*)
Walter Rieman (admitted *pro hac vice*)
Kyle J. Kimpler (admitted *pro hac vice*)
Karen R. Zeituni (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: arosenberg@paulweiss.com

*Counsel to the Ad Hoc Group of General Obligation Bondholders*

6

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

/s/ Mark T. Stancil
Mark T. Stancil
