UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br>Debtor[1] | PROMESA Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY ("PREPA")<br>Debtor | PROMESA Title III<br>No. 17 BK-4780-LTS |

**SREAEE'S OPOSITION TO "MOTION OF THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO REGARDING REPRESENTATION OF PREPA RETIREES"**

COMES NOW, Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica ("SREAEE"), creditor and party in interest, through its undersigned attorneys, and before this Honorable Court very respectfully states and prays:

**Background**

1. On July 3, 2017, the FOMB filed a Title III petition for Puerto Rico Electric Power Authority ("PREPA").

2. On June 15, 2017, the U.S. Trustee appointed the Official Committee of Retirees (the "Retiree Committee") in the Commonwealth of Puerto Rico Title III case no. 17-BK-03283.

3. On March 12, 2018, SREAEE filed its notice of appearance in the PREPA Title III case (Docket # 769).

4. On May 14, 2018, the Retiree Committee filed a motion requesting an Order providing for the representation of PREPA retirees in PREPA's Title III case (Docket # 824).

5. In summary, the Retiree Committee's request is based on the following grounds:

   a) "The PREPA Retirees, their beneficiaries, and current PREPA employees participate in the [PREPA Retirement System (the "PRS")]".[1]

   b) "The PRS is "significantly underfunded"".[2]

   c) PREPA's Fiscal Plan "estimates savings from pension benefits reform, including both from switching to a defined contribution system and reducing benefits by roughly10%".[3]

   d) "PREPA is moving swiftly to undertake material, irreversible decisions that may affect the PREPA Retirees' pensions and other retirement benefits. Any further delay in substantive retiree participation in PREPA's Title III case risks significant prejudice to the PREPA Retirees' interests".[4]

6. The motion does not allege that PREPA Retirees' interests are not adequately represented by SREAEE in PREPA's Title III case.

7. Pursuant to Section III.I. of the Fourth Amended Case Management Procedures, counsel for the Retiree Committee and counsel for SREAEE agreed to extend the time by which SREAEE must file any response to the Retiree Committee's Motion to Friday, May 25, 2018 at 4:00 p.m. AST.

---

[1] Retiree Committees Motion at page 5.
[2] *Id.* at page 5.
[3] *Id.* at page 6.
[4] *Id.* at page 9.

2 | P a g e

**The Legal Nature of SREAEE**

8. SREAEE is a Trust created through: (i) Collective Bargaining Agreement executed in 1942 by and between the Puerto Rico Electrical Industry and Irrigation Workers Union (UTIER, by its Spanish acronym) and the Water Resources Authority (AFF, by its Spanish acronym, now the Electric Power Authority (PREPA, as it is known by its English acronym)), in which they agreed to the creation of a retirement system of and for the employees; and (ii) Resolution Number 200 of June 25, 1945, issued by the Board of Directors of the AFF, which approved and adopted the Retirement System as of July 1, 1945.

9. SREAEE has been defined as a *de facto* trust, not governed by the legislation adopted by the Puerto Rico Legislature and applicable to the public retirement systems. In fact, the Retirement System, since its creation in 1946, has been governed exclusively by the Electric Power Authority's Employees Retirement System's Bylaws (hereinafter, "Bylaws"), which have been modified occasionally, as considered necessary, with the consensus of the Board of Trustees of the Retirement System and PREPA.

10. With the enactment of Law No. 34 of 2005, the Legislature recognized that the Retirement System is an entity independent and separate from PREPA whose assets belong to its beneficiaries and are separate from PREPA's assets. Law No. 34, *supra*, was enacted to amend Articles 2 and 8 of Law No. 20 of May 31, 1985, which created the *Special Permanent Commission on Retirement Systems*. In the Preamble of Law No. 34, *supra*, the Legislature recognizes that:

> The Retirement System belongs to the employees of said corporation and it is not governed by any law. The governing organism established by Bylaws is under the responsibility of a Board of Trustees, comprised by eight (8) members, of which one (1) will be the Executive Director of the Electric

> Power Authority, three (3) of its members will be members of the Retirement System and are going to be elected by them, three (3) will be elected by the Board of Directors of the Authority, and one (1) **will be elected by the retired members**. Article 6, subparagraph 5, provides, on its part, that: "The decision of the Board of Trustees, with respect to any issue in dispute, will be definitive." We understand that a law of this Legislature could not amend the Resolution that created such System, or the Resolutions of the Board, or the Bylaws that provide for its functioning. [Emphasis Added.]

11. On the basis of the foregoing, this law was enacted so that the Electric Power Authority's Employees Retirement System would be eliminated as a member of the *Special Permanent Commission on Retirement Systems.*

12. Consequently, the Retirement System's fiduciary fund is an autonomous patrimony that belongs to its beneficiaries and is totally dissociated from PREPA's assets. Likewise, the Retirement System is an independent entity separate from PREPA that: (i) is administered through its own Board of Trustees; (ii) presents its own audited financial statements separately; and (iii) has been recognized by the Puerto Rico Legislature as property of PREPA's employees.

13. The independent nature of the Retirement System has been endorsed by the Puerto Rico courts. In fact, in *UTIER v. PREPA*, SJ2015CV00100, the Puerto Rico Court of First Instance, San Juan Court, entered judgments, currently final and unappealable, on April 5, 2016, and on August 28, 2016, in which it ruled that the Retirement System is a *de facto* trust since its creation on June 25, 1945, with private purposes, that does not require the execution of a public deed or its recordation in the Registry of Trusts to constitute its legitimacy.

14. The independent legal personality of the SREAEE was reiterated by Article 2 of Law 219-2012, as amended by Section 1 of Law 9-2017. Article 2, as amended, provides that

a trust has full legal personality.[5]

15. The Trust Agreement, which is the controlling document in the issuance of PREPA's bond debt, states very clearly that debt service is subordinate to the operational expenses, including pension funding. (See Exhibit 1).

16. SREAEE's Board of Trustees is the only one authorized to advocate for the protection and administration of the Retirement System **and has a representative elected by PREPA's retirees.**[6] The Board of Trustees has the essential function in their fiduciary duties of sorting out and implementing actuarial evaluations.[7] Also, article 9 of

---

[5] Article 2.—Autonomous Patrimony (32 L.P.R.A. 3351a)
"Trust property or rights constitute a fully autonomous estate separate from the personal estate of the trustor, fiduciary, and trustee, that is affected by the particular purpose conferred on it at the time of its constitution." …

[6] Article 6 (Administration), Section (1) of the Regulations of the Retirement System (See Exhibit 2) provides that:

> (1) The general administration of the System and the responsibility of carrying out the provisions of these Bylaws will be under the charge of the Board of Trustees comprised by eight members, of which one will be the Executive Director of the Authority, who may be substituted during his absences by the Acting Executive Director of the Authority, three will be active members of the System elected by the very active members, by individual vote and under the Authority's supervision, three will be appointed by the Board of Directors of the Authority, and one will be a retired member of the System elected by the retired members, under the Retirement System's supervision. The trustees will be appointed or elected for a term of three years. The Authority's Executive Director will act as trustee while exercising the position of Executive Director. Each term of an elected or appointed trustee will be deemed to have expired on the date of the anniversary of the establishment of this System, and any appointment or election, except for those to fill vacancies for unexpired terms, will be carried out on those anniversary dates. The positions vacant for unexpired terms will be covered in the same manner in which they were originally covered.

[7] Article 6 (Administration), Section (3) of the Retirement System's Bylaws provides that:

> (3) The Board of Trustees will adopt from time to time the mortality tables and services that may be necessary as the basis for actuarial calculations and will establish the percentages of contributions to the System, as provided in Article 5 of these Bylaws. To advice the Board on the adoption of the tables and on the fixing of the percentages of contributions that are to be made to the Retirement System, the Board of Trustees will designate an actuary, who will prepare annual actuarial valuations and who will recommend to the Board the tables and percentages of contributions that he considers should be used by it. On the third year after the date of the System's implementation, and after that date at least once every five years, the Board of Trustees will order an actuarial investigation based on the experience acquired with respect to the mortality, service, and compensation of the members and of the Retirement System's benefits.

SREAEE's Regulations states that any intention of terminating the retirement systems needs the consent of the Board of Trustees.

17. Since its inception, SREAEE has been the exclusive representative of PREPA's employees and retirees, and has been fulfilling all its fiduciary duties, according to law and regulations.

18. PREPA's annual contributions to the Retirement System are established based on the provisions of Article 5 of SREAEE's Regulations and the actuarial reports annually adopted by its Board of Trustees.[8]

19. In addition, any changes in Retirement System should only be made upon recommendation and consent of SREAEE's Board of Trustees.[9]

20. Upon the enactment of PROMESA, PREPA's retirees organized under Asociación de Empleados Jubilados de la Autoridad de Energía Eléctrica, that has 6,000 members, Capítulo de Jubilados UTIER, that has 1,100 members, and Distrito Autónomo Antonio Luchetti de Empleados Gerenciales Jubilados, that encompasses 400 members, have fully endorsed SREAEE to represent them on these Title III proceedings.

21. SREAEE has all the information procedures and resources to maintain expedite and efficient communication with all the retirees and will be able to fulfill all legal obligations with respect to maintain PREPA's retirees fully informed.

22. Upon the filing of PREPA's Title III case, SREAEE has retained professionals that are actively participating to adequately represent SREAEE's constituents in these proceedings.

---

[8] Article 5 (Contributions).
[9] Article 9 (General Provisions).

**Argument**

23. Section 1102(a)(2) of the Bankruptcy Code, 11 U.S.C. §1102(a)(2), states that "on request of a party in interest, the court may order the appointment of additional committees of creditors […] if necessary to **assure adequate representation of creditors** […]". [Emphasis added.]

24. The Retiree Committee's motion does not meet the burden of Section 1102 by alleging that PREPA's retirees are not adequately represented or not represented at all in these proceedings. "Such a showing is a necessary predicate for Court-ordered appointment of a committee under Section 1102 […]".[10]

25. As was stated above, SREAEE is a trust, independent from PREPA, and the exclusive representative of its retirees. SREAEE is not under Title III of PROMESA. As a separate entity, any decision to modify the PRS will need the consent of SREAEE's Board of Trustees. The only entity authorized by law and the Bylaws to make changes to the Retirement System is the Board of Trustees.

26. Even though the Retiree Committee has worked diligently to represent the interests of approximately 167,000 of retired employees, this in any way is helpful for PREPA's retirees, since the circumstances and applicable laws regarding SREAEE are different and might bring substantial disagreements regarding the strategy to follow in PREPA's Title III case. For example, the Trust Agreement that is the controlling document in the issuance of PREPA's bond debt states very clearly that debt service is subordinate to the operational expenses, including pension funding. None of the Commonwealth's retirees has such protection.

---

[10] *See*: *Memorandum Opinion and Order Denying the Motion of the Ad Hoc Puerto Rico Municipalities Committee*, page 3, in case no. 17-BK-03283, Docket No. 1014.

27. SREAEE is willing and able to appear and represent the retirees' interests in PREPA's Title III. The retirees had expressed, through the organizations which group them, that they want to be represented by SREAEE in these Title III proceedings. For that purpose, SREAEE has retained professionals to assist the Board of Trustees in the instant case. Thus, the expansion of the jurisdiction of the Retiree Committee to cover PREPAS's retirees is unnecessary and duplicative.

28. The intervention of the Retiree Committee will create confusion with respect to the different positions that the retirees will have to assume in these Title III court proceedings, as they will be represented by two legal entities that might disagree in any moment about fundamental issues.

29. The intervention of the Retiree Committee will create great confusion and uncertainty among the retirees regarding who represents them and which advice to follow, particularly when they have already chosen SREAEE to represent them.

WHEREFORE, it is respectfully requested from this Honorable Court to take notice of the above for all relevant purposes and, consequently, deny the Retiree Committee's motion.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants and Standard Parties. Paper copies have been mailed pursuant to Section II of the *Fourth Amended Notice, Case Management and Administrative Procedures*:

(i) Chambers of the Honorable Laura Taylor Swain (two copies shall be delivered to the chambers):
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Suite No. 3212
New York, New York 10007-1312;

(ii) Office of the United States Trustee for Region 21

    Edificio Ochoa, 500 Tanca Street, Suite 301
    San Juan, PR 00901-1922

In Ponce, Puerto Rico, this 25th day of May, 2018.

    /s/Rolando Emmanuelli Jiménez
    USDC: 214105

    /s/Yasmín Colón Colón
    USDC: 230814

    /s/Jessica E. Méndez Colberg
    USDC: 302108

    Bufete Emmanuelli, C.S.P.
    PO Box 10779
    Ponce, Puerto Rico 00732
    Tel.: 787-848-0666
    Fax: 1-787-841-1435
    E-mail: rolando@bufete-emmanuelli.com
        yasmin@bufete-emmanuelli.com
        jessica@bufete-emmanuelli.com
        notificaciones@bufete-emmanuelli.com