UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

    Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS
(Jointly Administered)

This Order relates to
17 BK 3567-LTS and shall
be filed in the Lead Case No.
17 BK 3283-LTS and Case
No. 17 BK 3567-LTS

ORDER DENYING RELIEF SOUGHT IN NOTICE OF COMPLIANCE
AND PETITION FOR PAYMENT OF FUNDS (DOCKET ENTRY NO. 345) AND
MOTION INFORMING STATUS OF CASE AND REQUEST OF ORDER (DOCKET ENTRY NO. 406)

On May 2, 2018, the Court entered an order directing Adrián Mercado Jiménez ("Movant") and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF," and together with Movant, the "Parties") to meet and confer and provide the Court with a joint status report in connection with certain pending Motions (as defined below). (Docket Entry No. 434, the "Prior Order".)[2] On May 21, 2018, the Court received and reviewed the joint status

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All docket entry references are to entries in case no. 17-BK3567, unless otherwise specified.

report filed by the Parties. (Docket Entry No. 440, the "Joint Report".) For the foregoing reasons, the Motions are denied.

DISCUSSION

On December 7, 2017, Movant filed a *Notice of Compliance and Petition for Payment of Funds* (Docket Entry No. 345, the "Payment Motion") seeking payment of $16,448 (the "Settlement Amount") from HTA in connection with a prepetition agreement purportedly settling an eminent domain action captioned Autoridad de Carreteras y Transportación de Puerto Rico v. Sucn. de Luis Alberto Mercado Jiménez et al., Case No. K EF2011-0240 (the "Lawsuit"). On February 5, 2018, the Parties entered into a stipulation modifying the automatic stay "to the limited extent necessary to allow HTA to pay Movant the Settlement Amount . . . ." (Docket Entry No. 433-1, the "Lift Stay Stipulation.") HTA deposited the Settlement Amount with the eminent domain state court (the "State Court"). On February 27, 2018, Movant filed a *Motion Informing Status of Case and Request of Order* (Docket Entry No. 406, the "Informal Motion", together with the Payment Motion, the "Motions") requesting that the Court direct HTA to pay the Settlement Amount directly to Movant. HTA contends that the Settlement Amount must remain consigned in the State Court because it is the only court with jurisdiction to enter a final judgment authorizing the transfer of title to the real property that is at issue in the eminent domain proceeding from Movant to HTA. (Joint Report at 5.) While the State Court appears to have returned the Settlement Amount to HTA, HTA states that it intends to seek reconsideration of that decision and State Court approval of the settlement of the Lawsuit.

The Court has reviewed the Parties' submissions carefully. The Motions are hereby denied. The Lift Stay Stipulation provides that the automatic stay is modified to "allow

HTA to pay Movant the Settlement Amount." It does not specify all of the terms of the settlement, nor does it affirmatively direct HTA to make payment under particular conditions or in a particular manner. HTA represents here that State Court approval is required to complete the settlement and resolve the eminent domain proceeding. This Court makes no findings and expresses no opinion as to the terms and effect of the prepetition settlement agreement, pursuant to which the Settlement Amount is purportedly to be paid. Any controversy as to what is required to resolve the Lawsuit should be taken up with the State Court.

The automatic stay imposed by the filing of HTA's Title III case remains lifted to permit the resolution in the State Court of any disputes as to what is required to "allow HTA to pay Movant the Settlement Amount." This order resolves docket entry nos. 345 and 406 in Case No. 17-3567.

SO ORDERED.

Dated: May 29, 2018

  /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge