**Exhibit 2**

**Osborn, Angie**

| | |
|---|---|
| **From:** | Mungovan, Timothy W. <tmungovan@proskauer.com> |
| **Sent:** | Saturday, January 27, 2018 2:52 PM |
| **To:** | Despins, Luc A.; Cooper, Samuel W. |
| **Cc:** | Bienenstock, Martin J.; Ratner, Stephen L. |
| **Subject:** | [EXT] FW: PROMESA Investigation |

Luc and Samuel –

I am following up on Samuel's email below. We have had some discussions with Kobre & Kim in an effort to facilitate an agreement.

Would the revised language, below, address and resolve the UCC's concerns? It seems to work from Proskauer's perspective.

Please let me know.

Tim

Should the Special Investigative Committee refuse to consent to the use of ~~such Confidential~~ **Investigation** Information by the Creditors' Committee **under clause (f)(ii) of this Paragraph**, the Official Committee may ~~file~~**request that** a ~~motion with the~~ court ~~requesting authorization for~~**of competent jurisdiction issue an order authorizing** such use (submitting the ~~Confidential~~**Investigation** Information at issue under seal for in camera review), and the Special Investigative Committee may ~~object to such motion~~ **oppose such request on any and all bases, including on the basis that the court lacks jurisdiction or is otherwise not the appropriate forum for resolving the dispute**.

---

**From:** Cooper, Samuel W. [mailto:samuelcooper@paulhastings.com]
**Sent:** Thursday, January 25, 2018 3:29 PM
**To:** 'Daniel.Saval@kobrekim.com'; Despins, Luc A.; Farrington.Yates@kobrekim.com
**Cc:** Gray, Bradley R.; Adam.Lavine@kobrekim.com; Mungovan, Timothy W.; Bienenstock, Martin J.; Cooper, Samuel W.
**Subject:** RE: PROMESA Investigation

Dan—

In our view, the drafts of the NDAs give you an express right of consent before we can use any document in court. That right of consent is not restricted in any way nor is there any provision allowing us to challenge the decisions that you make with regard to documents. While the NDAs provide vaguely that both sides "reserve all rights," we do not see how a general reservation of rights creates an ability to challenge the document's clear statement that you have the ability to withhold consent for any reason without any recourse for us. That is unacceptable from our side, and we are prepared to go back to the court on this point. If you disagree with our interpretation of the NDAs and are prepared to agree that we can challenge your decisions on use of documents in court, then the fix in the NDAs is a simple one along the lines of language stating that:

Should the Special Investigative Committee refuse to consent to the use of such Confidential Information by the Creditors' Committee, the Official Committee may file a motion with the court requesting authorization for

such use (submitting the Confidential Information at issue under seal for in camera review), and the Special Investigative Committee may object to such motion.

We would need similar provisions in both the general NDA and the NDA specific to AAFAF.

Please let us know.

Sam

-----Original Message-----
From: Daniel.Saval@kobrekim.com [mailto:Daniel.Saval@kobrekim.com]
Sent: Friday, January 19, 2018 2:59 PM
To: Despins, Luc A.; Farrington.Yates@kobrekim.com
Cc: Cooper, Samuel W.; Gray, Bradley R.; Adam.Lavine@kobrekim.com
Subject: [EXT] RE: PROMESA Investigation

Thanks Luc. We don't think it's necessary or productive to go back and forth regarding the scope of the UCC's rights, and the NDA expressly reserves (and does not seek to impair) those rights. We have also worked diligently and in good faith to accommodate, as best as we can and without compromising our investigation, the UCC's request for access to materials that are produced in the investigation. Please find attached the final form of NDA that we are prepared to sign, consistent with our prior discussions and correspondence (a blackline showing the changes made to the last version we previously sent you is attached as well).

In addition, we wanted to advise you that we're underway with witness interviews, with a number of them occurring over the next couple of weeks. As soon as the UCC executes the NDA, we'll be happy to set aside some time to solicit your input on areas of inquiry as contemplated by the agreement. Please note that information regarding the interviews is confidential and, notwithstanding that the UCC has yet to sign the NDA, we expect that the UCC will maintain this information in confidence.

Best,

Dan


Daniel J. Saval
+1 212 488 1259

KOBRE & KIM LLP
www.kobrekim.com

New York | London | Hong Kong | Shanghai | Seoul | Washington DC | San Francisco | Miami | Cayman Islands | BVI


-----Original Message-----
From: Despins, Luc A. [mailto:lucdespins@paulhastings.com]
Sent: Wednesday, January 17, 2018 12:28 PM
To: Farrington Yates <Farrington.Yates@kobrekim.com>
Cc: Daniel Saval <Daniel.Saval@kobrekim.com>; Cooper, Samuel W. <samuelcooper@paulhastings.com>; Gray, Bradley R. <bradgray@paulhastings.com>; Adam Lavine <Adam.Lavine@kobrekim.com>
Subject: Re: PROMESA Investigation

I think we have to be very precise about how this works. It is very simple: would you guys have a veto which could not be overridden by the court upon our application? "Whatever rights we have" is very vague.

Luc A. Despins
Partner, Corporate Department
Paul Hastings LLP
200 Park Avenue
New York, New York 10166
212.318.6001 (O)
917.699.7310 (C)


On Jan 17, 2018, at 12:56 PM, "Farrington.Yates@kobrekim.com<mailto:Farrington.Yates@kobrekim.com>" <Farrington.Yates@kobrekim.com<mailto:Farrington.Yates@kobrekim.com>> wrote:

Thanks, Luc.

In the event of such a disagreement, the UCC can pursue the rights or remedies it feels it has while the Special Investigation Committee of the FOMB and the Investigator reserve their rights to oppose. We can exhaust ourselves trying to identify situations which might never occur depending on the type of information the UCC wants to use, how and when it wants to use it. We think the more sensible approach is to put in place a structure that should work the majority of the time, and defers for later only those matters in which we cannot agree, working in good faith.

As you know, our interest is protecting the integrity of the investigation which the consent provision is meant to address. We're hopeful that we can find a solution if and when an issue arises as opposed to inviting a potential dispute now.

Farrington


Farrington Yates
+1 212 488 1211
KOBRE & KIM LLP
www.kobrekim.com<http://www.kobrekim.com>
New York | London | Hong Kong | Shanghai | Seoul | Washington DC | San Francisco | Miami | Cayman Islands | BVI
From: Despins, Luc A. [mailto:lucdespins@paulhastings.com]
Sent: Tuesday, January 16, 2018 5:52 PM
To: Daniel Saval <Daniel.Saval@kobrekim.com<mailto:Daniel.Saval@kobrekim.com>>; Cooper, Samuel W. <samuelcooper@paulhastings.com<mailto:samuelcooper@paulhastings.com>>; Gray, Bradley R. <bradgray@paulhastings.com<mailto:bradgray@paulhastings.com>>
Cc: Farrington Yates <Farrington.Yates@kobrekim.com<mailto:Farrington.Yates@kobrekim.com>>; Adam Lavine <Adam.Lavine@kobrekim.com<mailto:Adam.Lavine@kobrekim.com>>
Subject: RE: PROMESA Investigation

And what happens if you don't agree that we can file something?

From: Daniel.Saval@kobrekim.com<mailto:Daniel.Saval@kobrekim.com>
[mailto:Daniel.Saval@kobrekim.com]

Sent: Tuesday, January 16, 2018 2:03 PM
To: Cooper, Samuel W.; Despins, Luc A.; Gray, Bradley R.
Cc: Farrington.Yates@kobrekim.com<mailto:Farrington.Yates@kobrekim.com>; Adam.Lavine@kobrekim.com<mailto:Adam.Lavine@kobrekim.com>
Subject: [EXT] RE: PROMESA Investigation

Sam,

We are getting back to you regarding the AAFAF NDA issues and the other matters raised in your prior email.

First, with respect to AAFAF, attached is the latest draft of the Annex for you to consider, along with a redline against the version last circulated. AAFAF has agreed to modify the use restriction to permit filings in "Title III proceedings for Puerto Rico or any of its instrumentalities or related adversary proceedings." As a result of such expansion, AAFAF has requested the insertion of Paragraph 7.

Second, to address your concerns about the use provisions in the NDA between the Investigator and the UCC, we propose adding this same phrase to Paragraph 13(f) in order to specify the proceedings in which the Creditors' Committee may file documents obtained pursuant to the NDA (i.e., in "Title III proceedings for Puerto Rico or any of its instrumentalities or related adversary proceedings"). However, based on your emails, we are now concerned that the UCC is seeking our advance consent to use shared documents for a very wide range of possible matters, which may compromise the investigation. In an effort to accommodate the UCC's broad requests regarding the use and filing of materials provided to it by the Investigator, we consider it necessary and appropriate to require that the UCC obtain the Investigator's consent prior to the use of materials in court filings, in the event that such filings are to be made in advance of the Investigator's publication of its final report. This construct has been agreed to by the Retiree Committee, is consistent with the Annex proposed by AAFAF, and is likewise consistent with what was included in our initial draft of the NDA.

Finally, we have sent UBS document preservation and informal discovery requests that are similar in form and scope to the revised requests incorporating the UCC's suggested edits propounded upon Popular and Santander. We have not yet issued any subpoenas to UBS. We are in discussions with UBS regarding whether they will agree to share materials with the Committees.

We're happy to have a call to discuss these matters further.

Best,

Dan


Daniel J. Saval
+1 212 488 1259

KOBRE & KIM LLP
www.kobrekim.com<http://www.kobrekim.com/>

New York | London | Hong Kong | Shanghai | Seoul | Washington DC | San Francisco | Miami | Cayman Islands | BVI

From: Cooper, Samuel W. [mailto:samuelcooper@paulhastings.com]
Sent: Monday, January 15, 2018 4:37 PM
To: Daniel Saval <Daniel.Saval@kobrekim.com<mailto:Daniel.Saval@kobrekim.com>>; Despins, Luc A.

4

<lucdespins@paulhastings.com<mailto:lucdespins@paulhastings.com>>; Gray, Bradley R. <bradgray@paulhastings.com<mailto:bradgray@paulhastings.com>>
Cc: Farrington Yates <Farrington.Yates@kobrekim.com<mailto:Farrington.Yates@kobrekim.com>>; Adam Lavine <Adam.Lavine@kobrekim.com<mailto:Adam.Lavine@kobrekim.com>>
Subject: RE: PROMESA Investigation

Dan,

When you have a moment, could you please update us on the status of your discussions with AAFAF on the NDA issues.

Thanks,

Sam

From: Cooper, Samuel W.
Sent: Thursday, January 04, 2018 3:11 PM
To: Daniel.Saval@kobrekim.com<mailto:Daniel.Saval@kobrekim.com>; Despins, Luc A.; Gray, Bradley R.
Cc: Farrington.Yates@kobrekim.com<mailto:Farrington.Yates@kobrekim.com>; Adam.Lavine@kobrekim.com<mailto:Adam.Lavine@kobrekim.com>; Cooper, Samuel W.
Subject: RE: PROMESA Investigation

Dan-

First, we still have not heard from you on the response from AAFAF. Please let us know if there has been any movement on that question as that will impact our decision-making here.

Second, we appreciate your statement below that "our proposed NDA with the UCC would govern, which would allow use to the extent provided in Paragraph 13." Our question was directed to making sure that we both agree as to what the NDA allows. Under paragraph 13(f), documents can be used to the extent "necessary for the Creditors' Committee to comply with its duties under PROMESA." We view that language as encompassing the use of these materials to bring affirmative claims or object to claims in the course of the title III proceedings (of course, consistent with the duty to seek to seal such materials). We'd appreciate confirmation that you are in agreement with that reading.

Finally, as to the third point concerning voluntarily produced documents, we remain concerned about the structure contemplated here because we do not have full transparency into the parties being pursued or the ability to influence the negotiations about limitations placed on productions. However, in an effort to focus our concerns, can you confirm both that (a) you are or will seek documents from UBS and (b) you either have or will endeavor to establish the same access to those documents for the Committee that you did with Santander and Popular. As I'm sure you are aware, UBS was one of the most significant issuers and is another party that interests the Committee. If we can gain an understanding as to a satisfactory plan for gathering documents from UBS, the provision on voluntary production should be workable.

Sam

From: Daniel.Saval@kobrekim.com<mailto:Daniel.Saval@kobrekim.com>
[mailto:Daniel.Saval@kobrekim.com]
Sent: Friday, December 22, 2017 4:51 PM
To: Cooper, Samuel W.; Despins, Luc A.; Gray, Bradley R.
Cc: Farrington.Yates@kobrekim.com<mailto:Farrington.Yates@kobrekim.com>;

5

Adam.Lavine@kobrekim.com<mailto:Adam.Lavine@kobrekim.com>
Subject: [EXT] RE: PROMESA Investigation

Sam,

We are getting back to you regarding each of the points that you have raised in your email below.

1. Use of Materials in Court Filings. In the case of parties other than GDB/AAFAF, our proposed NDA with the UCC would govern, which would allow use to the extent provided in Paragraph 13. In the case of GDB/AAFAF, the Annex to the AAFAF NDA requires that use of AAFAF documents be limited to the Special Investigation Committee's investigation. Both statutory committees have requested that they have the right to use those documents in the Title III proceedings, subject to appropriate protection for those documents, and we have relayed this request to AAFAF's counsel. AAFAF's counsel is discussing with its client whether they will agree to ease the use limitation.

1. Popular, Santander, and GDB.

* With respect to GDB, provided that an NDA between the Special Investigation Committee and the UCC is executed and that the UCC executes the Annex to the AAFAF NDA (which, as noted above, AAFAF is considering revising), (a) all non-privileged GDB documents received from GDB at any point will be shared with the UCC; and (b) GDB/AAFAF will produce logs of GDB documents that they assert are subject to claims of privilege, and those logs will be shared with the UCC. All documents shall be accessible, maintained and used by the UCC only in accordance with the terms of the NDA between the Special Investigation Committee and the UCC and the Annex to the AAFAF NDA.

* With respect to each of Santander and Popular, provided that an NDA between the Special Investigation Committee and the UCC is executed, (a) all non-privileged documents received from these entities at any point will be shared with the UCC; and (b) these entities will produce logs of documents that they assert are subject to claims of privilege, and those logs will be shared with the UCC. All documents shall be accessible, maintained and used by the UCC only in accordance with the terms of the NDA between the Special Investigation Committee and the UCC.

1. Sharing of Voluntary Discovery Material.

* This is not a drafting error. With respect to the GDB productions described in Point 2 above, the documents would be shared pursuant to Paragraph 8(b)(iii) of the AAFAF NDA on consent, which consent we have obtained, subject to the UCC's execution of the Annex.

* With respect to the Popular and Santander productions referenced in Point 2 above, documents will be produced in response to a subpoena and, therefore, do not qualify as "Voluntary Discovery Material." We served subpoenas upon these entities incorporating requests proposed by the UCC earlier this week. Attached are copies of those subpoenas, which we expect the UCC will keep confidential (notwithstanding the fact that the UCC has not yet executed the NDA). In all events, Popular and Santander have consented to the sharing of documents with the UCC, as set forth in Point 2 above.

* With respect to parties other than the Financial Institutions, if you identify specific parties for which you would like Voluntary Discovery Material (and specific questions to ask of those parties), we will work with you, as we have with the Financial Institutions, to try to obtain the authorization of those parties to share

Voluntary Discovery Material with the UCC, to the extent reasonable and appropriate.

1. Integration Clauses. We are fine with the approach you identify in 4(b) below, but propose documenting such side email agreement in connection with the execution of the NDA in one concise, summary email.

We will let you know once we hear back from counsel for AAFAF regarding Point 1 above so that we can finalize (i) the NDA between the Special Investigation Committee and the UCC and (ii) the Annex to the AAFAF NDA, and get both documents signed. If you have any questions or comments in the interim, then please let us know.

Best,

Dan



Daniel J. Saval
+1 212 488 1259

KOBRE & KIM LLP
www.kobrekim.com<http://www.kobrekim.com/>

New York | London | Hong Kong | Shanghai | Seoul | Washington DC | San Francisco | Miami | Cayman Islands | BVI

From: Cooper, Samuel W. [mailto:samuelcooper@paulhastings.com]
Sent: Monday, December 18, 2017 3:25 PM
To: Daniel Saval <Daniel.Saval@kobrekim.com<mailto:Daniel.Saval@kobrekim.com>>; Despins, Luc A. <lucdespins@paulhastings.com<mailto:lucdespins@paulhastings.com>>; Gray, Bradley R. <bradgray@paulhastings.com<mailto:bradgray@paulhastings.com>>
Cc: Farrington Yates <Farrington.Yates@kobrekim.com<mailto:Farrington.Yates@kobrekim.com>>; Adam Lavine <Adam.Lavine@kobrekim.com<mailto:Adam.Lavine@kobrekim.com>>; Cooper, Samuel W. <samuelcooper@paulhastings.com<mailto:samuelcooper@paulhastings.com>>
Subject: RE: PROMESA Investigation

Dan-

Before moving forward with the NDA, we would like to address a few points of clarification.

1. Use of Materials in Court Filings: We want to confirm our understanding that, consistent with the NDA between the Creditors' Committee and the Special Investigation Committee, the Creditors' Committee is permitted to retain and utilize the materials received from any party (including but not limited to the Popular entities, Santander entities, and the GDB) in support of court filings that the Creditors' Committee may make during the pendency of the title III cases. This includes, but is not limited to, affirmative claims brought by the Creditors' Committee, any Creditors' Committee objections to claims made by other parties, and any other filings necessary for the Creditors' Committee to fulfill its duties under PROMESA. As outlined in the NDA, the Creditors' Committee will file such material under seal pending a determination by the applicable court or tribunal on the sealing request. Of course, the Special Investigation Committee remains free to object to or oppose any such filings made by the Creditors' Committee, but it agrees that any such filings will not constitute

7

a breach of the NDA.


1. Sharing of All Materials from Popular, Santander, and GDB: We wanted to confirm our understanding that you have an agreement with Popular, Santander, and the GDB that (a) all non-privileged material received at any point from those entities by the Special Investigation Committee will be shared with the Creditors' Committee; and (b) those entities will produce logs of documents that they assert are subject to claims of privilege, and those logs will be shared with the Creditors' Committee.


1. Sharing of Voluntary Information: This appears to be a drafting error, but paragraph 8(b) of the AAFAF NDA indicates that Voluntary Discovery Material would not be provided to the Creditors' Committee if such material has been designated as confidential. Please confirm that this language will be modified to reflect the proposed agreement described above in item #2 and as to future productions by others as well.


1. Integration Clauses: We wanted to note the concern that our email exchanges are not sufficient to create an agreement between the Special Investigation Committee and the Creditors' Committee due to the integration clauses in paragraph 12 of the AAFAF NDA and paragraph 21 of the NDA between the Special Investigation Committee and the Creditors' Committee. Therefore, we suggest that these email agreements either (a) be incorporated as separate, signed amendments to the NDA; or (b) memorialized in the language of the draft NDA. If the Special Investigation Committee is unwilling to agree to treat these emails as amendments and wishes to take the approach in (b) above, the language of the integration clauses in paragraph 12 of the AAFAF NDA and paragraph 21 of the NDA between the Special Investigation Committee and the Creditors' Committee should be amended to include the following language: "With the exception of the email exchange between Paul Hastings and Kobre and Kim dated [insert date], this Agreement constitutes the parties' entire agreement with respect to the subject matter hereof and may be amended, modified or waived only by a separate writing signed by both parties. This Agreement shall be binding on each of the Parties and their respective successors and assigns."

Please let us know if you would like to discuss.

Sam


From: Daniel.Saval@kobrekim.com<mailto:Daniel.Saval@kobrekim.com>
[mailto:Daniel.Saval@kobrekim.com]
Sent: Wednesday, December 13, 2017 3:05 PM
To: Cooper, Samuel W.; Despins, Luc A.; Gray, Bradley R.
Cc: Farrington.Yates@kobrekim.com<mailto:Farrington.Yates@kobrekim.com>;
Adam.Lavine@kobrekim.com<mailto:Adam.Lavine@kobrekim.com>
Subject: [EXT] PROMESA Investigation

Gentlemen,

To date, we have sent you the following documents, which we understand you are reviewing:

1. the supplemental subpoena to Banco Popular de Puerto Rico, which incorporates proposed requests from the UCC;
2. the Confidentiality, Cooperation, and Non-Disclosure Agreement between the UCC and the Special Investigation Committee (the "NDA"); and

8

3. the Confidentiality and Non-Disclosure Agreement between AAFAF and the Special Investigation Committee (the "AAFAF NDA"), which contains an Annex that AAFAF has requested the UCC sign. Further, as noted in our prior conversations and correspondence, Popular and Santander have agreed to share non-privileged document productions and related privilege logs with the UCC, and GDB has agreed to the same, subject to the UCC's execution of the NDA and the Annex to the AAFAF NDA.
As per our last conversation, we understand you were going to send to us a list of any outstanding concerns of the UCC, so that we may try to resolve them. We'd be happy to schedule a call to discuss any such concerns.

As we continue to work through any outstanding issues, we nevertheless want to advise you that members of our team will be visiting Puerto Rico next week to meet with records custodians and others at certain issuers to learn how and where they maintained their records and documents, and to ask them to identify witnesses with knowledge of certain topics for substantive interviews in January and February. We can provide more detail once we reach agreement on the NDA. We note that nothing prevents us from meeting with these individuals again if there are topics you feel we should have covered in these initial, preliminary meetings.

In addition, we have attached for your review a copy of a subpoena that has been issued to Oriental Financial Group Inc. in connection with the investigation. As with the prior subpoenas we have sent to you, please let us know if you have any additional comments or suggested topics for inclusion.

Best,

Dan


Daniel J. Saval
+1 212 488 1259

KOBRE & KIM LLP
www.kobrekim.com<http://www.kobrekim.com/>
New York | London | Hong Kong | Shanghai | Seoul | Washington DC | San Francisco | Miami | Cayman Islands | BVI


This e-mail message is from Kobre & Kim LLP, a law firm, and may contain legally privileged and/or confidential information. If the reader of this message is not the intended recipient(s), or the employee or agent responsible for delivering the message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please notify the sender immediately and delete this e-mail message and any attachments from your computer without retaining a copy.

*******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

*******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any

attachments.

For additional information, please visit our website at

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is sent by a law firm and may contain information that is privileged or confidential. If you received
this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.


For additional information, please visit our website at www.paulhastings.com



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*