# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x
In re: :
 :
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
 :
      as representative of : Case No. 17-BK-3283 (LTS)
 :
THE COMMONWEALTH OF PUERTO RICO, *et al.,* : (Jointly Administered)
 :
      Debtors.[1] :
------------------------------------------------------------------------ x

ORDER DENYING AFSCME MOTION TO COMPEL (DOCKET ENTRY NO. 3092)

Before the Court is a motion by the America Federation of State, County and Municipal Employees, AFL-CIO ("AFSCME") that is styled as one to compel compliance with the Court's August 10, 2017, Stipulation and Order (docket entry no. 996, the "Stipulation"). (Docket entry no. 3092, the "Motion.") The Court has received and carefully reviewed the parties' submissions, including responses to the Motion filed by the COFINA Agent (docket entry nos. 3097, 3142), the Financial Oversight and Management Board for Puerto Rico ("FOMB") (docket entry no. 3098), the Puerto Rico Fiscal Agency and Financial Advisory

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Authority ("AAFAF") (docket entry no. 3127), the Commonwealth Agent (docket entry no. 3138), Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (docket entry no. 3139), and the Ad Hoc Group of General Obligation Bondholders (docket entry no. 3140), as well as AFSCME's reply in support of its Motion (docket entry no. 3177).

AFSCME's Motion seeks to compel the Mediation Team, the FOMB, AAFAF, and the COFINA Agent to "comply immediately with the Stipulation," and refrain from "participating in any discussions to settle the Commonwealth-COFINA [D]ispute with the Commonwealth Creditor Representative selected by the Ad Hoc Group of General Obligation Bondholders and Assured Guaranty Corp. . . . unless and until such a settlement is reached between the Commonwealth Agent and the COFINA Agent first." (Docket entry no. 3092-1 at 2.) The Motion focuses primarily on paragraph 4(i) of the Stipulation, which relates to the roles and responsibilities of certain Agents and Representatives in the context of Commonwealth-COFINA Dispute negotiations, and under the dispute resolution structure established pursuant to the Stipulation. Among other things, the Stipulation defines the parameters of the Agents' authority and requires that settlements negotiated by the Agents be subjected to particular disclosure and approval protocols. Contrary to AFSCME's structural assumption that paragraph 4(i) prohibits other parties from participating in settlement discussions, the Stipulation does not constrain the ability of any other party in interest to participate in mediation or negotiation of any issues, nor does it constrain the general authorization of the Mediation Team to facilitate such efforts. Thus, the Motion rests on a faulty legal premise. AFSCME's Motion is also lacking in factual foundation to the extent that it is premised on speculation regarding activity in the confidential mediation setting. The Court makes no assumption about, and will not inquire into, such confidential communications.

Accordingly, the Motion is denied in its entirety. This Order resolves docket entry no. 3092.

SO ORDERED.

DATED: May 30, 2018

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge