*Hearing Date*: June 6, 2018 at 9:30 (AST)

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | Case No. 17-cv-01578 |
| As representative of | (Jointly Administered)[1] |
| THE COMMONWEALTH OF PUERTO RICO, | |
| | Hon. Laura Taylor Swain |
| Debtor, | |

## RESPONSE OF UNITED STATES TRUSTEE TO ORDER REQUESTING THAT A REPRESENTATIVE FROM THE UNITED STATES TRUSTEE'S OFFICE ATTEND AND PARTICIPATE AT THE JUNE 6, 2018 OMNIBUS HEARING

Daniel M. McDermott, the United States Trustee for Region 21 (the "U.S. Trustee"), files this response to the *Order Requesting That a Representative from the United States Trustee's Office Attend and Participate at the June 6, 2018 Omnibus Hearing*, ECF No. 3201 (the "Participation Order"), and to the motion seeking entry of an order (i) forming an official statutory committee to represent the retirees of PREPA (the "PREPA Retirees") and (ii) expanding the authority of the Official Committee of Retired Employees of the Commonwealth

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). Case Nos. 17 BK 3283-LTS and 17 BK 3284-LTS are jointly administered by Order of the Court.

of Puerto Rico (the "Retiree Committee") to include representation of the PREPA Retirees, ECF No. 8242 (the "Motion"), filed by the Retiree Committee.

## STATEMENT OF POSITION

The U.S. Trustee takes no position on the merits of the Motion but welcomes the opportunity to answer the questions posed by this Court and to provide context. The U.S. Trustee plans to attend the hearing as requested and files this response to provide the Court with advance notice of his answers to the Court's questions. The Retiree Committee alleges that a court order is required to ensure adequate representation of the PREPA Retirees, while SREAEE[2] alleges that the PREPA Retirees are adequately represented and no court action is required.

Although the U.S. Trustee takes no position on the general merits of the Motion, the U.S. Trustee wants to ensure that any relief requested and ordered complies with the controlling statutory provisions: sections 1102(a)(2) and (a)(4) of the Bankruptcy Code (the "Code").[3] Accordingly, before the Motion response deadline, the U.S. Trustee worked cooperatively with the Retiree Committee to clarify that the relief requested from this Court was consistent with the Code. If necessary for adequate representation, the Court may order either the appointment of an additional retirees' committee or the modification of the existing Retiree Committee. In either case, the U.S. Trustee would make the appointments. The Retiree Committee's revisions to the proposed order satisfied the U.S. Trustee's concerns.

The Participation Order requested reports on two issues. The U.S. Trustee will address each in turn.

---

[2] Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica ("SREAEE").
[3] Section 1102(a) of the Code applies to a case under PROMESA, *see* 48 U.S.C. § 2161(a).

2

a. **"[S]tatus of [the U.S. Trustee's] consideration regarding whether an official statutory committee should be appointed to represent the PREPA Retirees"**

The U.S. Trustee declined to appoint an official committee of PREPA Retirees under the discretionary authority given to him by section 1102(a)(1) of the Code. The Retiree Committee filed the Motion seeking relief under either section 1102(a)(2) (an additional committee) or section 1102(a)(4) (modification of the Retiree Committee). The U.S. Trustee's decision does not preclude this Court from granting the Motion and ordering the appointment of an official committee of PREPA Retirees under section 1102(a)(2) upon a judicial finding that it is necessary for adequate representation. Congress gave the U.S. Trustee and courts important, but different, authority over official committees, and section 1102(a) specifies under what circumstances courts and the U.S. Trustee may act and under what standards:

> (1) Except as provided in paragraph (3), as soon as practicable after the order for relief under chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors or of equity security holders as the United States Trustee deems appropriate.
>
> (2) On request of a party in interest, the court may order the appointment of additional committees of creditors or of equity security holders if necessary to assure adequate representation of creditors or of equity security holders. The United States Trustee shall appoint any such committee.
>
> \*    \*    \*
>
> (4) On request of a party in interest and after notice and a hearing, the court may order the United States trustee to change the membership of a committee appointed under this subsection, if the court determines that the change is necessary to ensure adequate representation of creditors or equity security holders. . . .

11 U.S.C. § 1102(a)(1), (2), and (4).

3

Thus, this Court, upon finding relief is necessary for adequate representation, may order the U.S. Trustee to appoint an additional committee under section 1102(a)(2). 11 U.S.C. § 1102. Courts perform the adjudicative function of determining, upon request, questions of adequate representation, while U.S. Trustees perform the administrative function of appointing specific members to committees. *See In re ShoreBank Corp.*, 467 B.R. 156, 160 (Bankr. N.D. Ill. 2012).

### b. "[P]osition with respect to the relief requested in the Motion, including whether the United States Trustee's office consents to the appointment of the Retiree Committee as the official representative for the PREPA Retirees"

As stated at the outset, the U.S. Trustee takes no position on whether the Retiree Committee has met its burden under the controlling legal standard of necessity for adequate representation with respect to either the appointment of a PREPA retiree committee under section 1102(a)(2) or modification of the membership of the existing Retiree Committee under section 1102(a)(4). The issues have been fully briefed by the Retiree Committee and SREAEE. The U.S. Trustee's consent is not relevant to the question of adequate representation under either sections 1102(a)(2) or (a)(4).

If this Court rules that the membership of the Retiree Committee should be modified or that an additional committee should be appointed in the PREPA case, the U.S. Trustee will comply with his statutory duty to make the required appointment(s) after soliciting for retiree interest and evaluating their applications. All committee appointments require an analysis of the eligibility and suitability of those willing to serve, including whether conflicts of interest may preclude a candidate's ability to serve as a fiduciary for others, and the need to strike the balance

necessary for adequate representation.[4] That solicitation and evaluation process does not (and should not) occur until there is a determination that further committee appointments should be made. As a matter of law, the U.S. Trustee cannot "consent" to the Court's appointment of the Retiree Committee or any specific committee member in the PREPA case when the U.S. Trustee has the statutory duty to appoint after being ordered to do so by the Court.

Nevertheless, the U.S. Trustee administers cases mindful of both the integrity and the *efficiency* of the system. Paragraph 1 of the revised proposed order appropriately tracks section 1102(a) and would permit but not require the U.S. Trustee to appoint the Retiree Committee to serve as the official representative for the PREPA Retirees. Thus, one option that the U.S. Trustee would consider is appointing the Retiree Committee or a modified Retiree Committee in the PREPA case. But it would be premature and inappropriate for the U.S. Trustee to make that determination before the solicitation and evaluation process is complete.

**WHEREFORE,** the U.S. Trustee respectfully requests that the Court consider this statement and grant appropriate relief consistent with the positions expressed herein.

**Dated:**

In San Juan, Puerto Rico this 4th day of June, 2018.

---

[4] For example, without taking a position on the relative merits of the Motion or the Opposition, SREAEE alleges certain pension and legal rights for PREPA Retirees that may or may not be in conflict with rights asserted by the retirees generally represented by the Retiree Committee. Thus, further investigation and analysis would be required before the U.S. Trustee could determine appropriate committee composition if the Court orders any relief.

Respectfully submitted,

DANIEL M. MCDERMOTT
United States Trustee for Region 21

U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
Edificio Ochoa
500 Tanca Street, Suite 301
San Juan, Puerto Rico 00901-1922
Tel.: (787) 729-7444
Fax: (787) 729-7449

(Electronically Filed)

By: s/ Monsita Lecaroz-Arribas
Monsita Lecaroz-Arribas
Assistant U.S. Trustee
USDC-PR No. 207707