Objection Deadline: June 4, 2018 at 5:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------------ x
                                                    :
In re:                                              :
                                                    :
THE FINANCIAL OVERSIGHT AND                         :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                   :   Title III
                                                    :
        as representative of                        :   Case No. 17-BK-3283 (LTS)
                                                    :
THE COMMONWEALTH OF PUERTO RICO, et al.,            :   (Jointly Administered)
                                                    :
        Debtors.¹                                   :
------------------------------------------------------------------------ x
```

**OBJECTION OF COMMITTEE PROFESSIONALS TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD'S AND AAFAF'S JOINT MOTION FOR ENTRY OF ORDER FURTHER AMENDING NOVEMBER 8, 2017 INTERIM COMPENSATION ORDER**

Paul Hastings LLP ("Paul Hastings"), counsel to the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee"), Zolfo Cooper, LLC ("Zolfo Cooper"), financial advisor to the Committee, and Casillas, Santiago and Torres Law LLC ("CST Law"), local counsel to the Committee, hereby submit this objection (the "Objection") with respect to the *Joint Motion for Entry of an Order Further Amending the Interim Compensation Order* (the "Joint Motion") filed by the Financial Oversight and Management Board (the "Oversight Board"), as representative of the Debtors, and the Puerto Rico Fiscal Agency and Financial Advisory Authority's ("AAFAF" and together with the

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

Oversight Board, the "Movants"), as the entity authorized to act on behalf of the Debtors, and respectfully represent as follows:

## BACKGROUND

1. This court entered orders (the "Retention Orders"), authorizing the retention of Paul Hastings and Zolfo Cooper on August 10, 2017 [Docket Nos. 999 and 1001], and CST Law (and together with Paul Hastings and Zolfo Cooper, the "Committee Professionals") on October 6, 2017 [Docket No. 1414].

2. The Committee Professionals are authorized to be compensated for their respective services pursuant to the Retention Orders and the First Amended Interim Compensation Order [Docket No. 1715] dated November 8, 2017 (i.e., the order that establishes the procedures by which professionals may seek and receive compensation for services rendered in the title III cases (the "Interim Compensation Procedures")), which orders were entered pursuant to, among others, PROMESA sections 305, 316 and 317. The Movants assert that the Joint Motion is necessary in order to, among other things, increase transparency and put additional measures in place so that professionals in these title III cases are fully compliant with Puerto Rico law, which they assert is not sufficiently addressed by the Interim Compensation Procedures.

3. Although the Committee Professionals are compelled by the response deadline[2] to file this Objection, the Committee Professionals do want to inform the court that discussions with the Oversight Board's legal counsel and AAFAF, the Department of Treasury and their legal counsel have already taken place (and are continuing) in an effort to reach a timely and

---

[2] The Movants agreed to extend the response deadline to June 4, 2018 at 5:00 p.m. (AST) for the Committee Professionals.

consensual resolution of all issues with respect to the Joint Motion prior to the hearing on such motion.

## OBJECTION

4. The Committee Professionals note that PROMESA section 4, labeled "Supremacy," makes clear that Congress intended for PROMESA to preempt local Puerto Rico law.[3] In that regard, PROMESA sections 316 and 317 provide the statutory framework for awarding reasonable compensation and reimbursement of expenses for title III professionals including interim compensation. Accordingly, Puerto Rico law, to the extent it is inconsistent with PROMESA, its compensation provisions, and related orders authorizing actions under such provisions, is preempted under PROMESA section 4.

5. More specifically, the Committee Professionals are authorized to receive compensation and reimbursement of expenses upon the submission of monthly fee statements and also in connection with the filing and approval of interim and final fee applications pursuant to the Retention Orders and Interim Compensation Procedures (<u>i.e.</u>, the provisions of PROMESA have been utilized by this court to implement such procedures). Moreover, both the Commonwealth and the Oversight Board, in accordance with PROMESA section 305, have consented to the entry of the Retention Orders and to the applicable Title III Debtors paying for services rendered by the Committee Professionals pursuant to the terms of such orders[4] and pursuant to the terms of the Interim Compensation Order. The need (if any) to "align the Interim Compensation Order's requirements with requirements for the retention and payment of professionals under Puerto Rico law" (Joint motion ¶12) should therefore be very limited.

---

[3] 48 U.S.C. § 2103 (West 2018) provides that "[t]he provisions of this chapter shall prevail over any general or specific provisions of territory law, State law, or regulation that is inconsistent with this chapter."
[4] *See* Docket No. 999, ¶ 4; Docket No. 1001, ¶ 5; and Docket No. 1414, ¶ 4.

3

6. As noted above, however, the Committee Professionals are happy to try and consensually resolve any perceived issues that the Oversight Board and AAFAF may believe exist under local Puerto Rico law as long as such negotiations do not cause extensive delay with respect to payments that are due and owing for monthly fee statements or interim fee applications and do not modify the rights that the Committee Professionals have under the Retention Orders and Interim Compensation Procedures. However, as a threshold matter, there should be no modification of the Interim Compensation Procedures unless and until the Commonwealth begins complying with the payment terms of the Retention Orders. As this court knows from prior filings[5], the Commonwealth has generally disregarded its obligations to timely pay professionals pursuant to the Interim Compensation Procedures. By way of example, the Commonwealth is required to remit payment on account of any properly served monthly fee statements within 24 calendar days (<u>i.e.</u>, the combined objection period and monthly fee statement period), as set out in paragraph 2(c) of the Interim Compensation Procedures. Yet, payments from the Commonwealth to Committee Professionals have often been delayed by months (not weeks) during the course of the title III cases. The Committee Professionals are also aware of a number of instances where fee payments have been made to AAFAF professionals while payments that were due and owing to Committee Professionals were not being made. This delay and disparate treatment raises concerns about transparency and equal treatment of all court-related professionals, and is in direct contravention of existing court orders directing payment. Therefore, the court should condition any modifications to the Interim Compensation Procedures on an express agreement by AAFAF that (i) the payment terms contained in the Interim Compensation Procedures will be complied with, and (ii) none of their own professionals

---

[5] See Urgent Motion to Compel the Commonwealth to Comply with the First Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals filed by the professionals for the Retirees' Committee. [Docket No. 2155].

will receive fee payments on terms that are more beneficial in any respect (e.g., timing, withholding tax, etc.) than those of the Committee Professionals.

7. There are other issues with respect to the proposed amendments to the Interim Compensation Procedures as well. For example, there are changes being proposed with respect to complying with Puerto Rico tax withholding law, which conflict with the Zolfo Cooper and Paul Hastings Retention Orders. Specifically, page four (4) of Zolfo Cooper's engagement letter [Docket No. 615, Exhibit C (attached hereto as Exhibit 1)] expressly provides that if the Debtors are required by law to deduct any taxes from amounts paid to Zolfo Cooper there shall be a gross-up (i.e., Zolfo Cooper will receive what it would have received had no such deduction been made, a net zero effect). The terms of Zolfo Cooper's engagement letter were also expressly approved pursuant to its Retention Order. As discussed further below, Paul Hastings, as Committee counsel, does not have an engagement letter (which is standard practice for Committee counsel). However, both Paul Hastings and Zolfo Cooper prepared their respective retention applications in parallel including with respect to this issue, and that is why their respective retention orders contain the same language with respect to the payment of withholding or other applicable taxes (i.e., payments are to be net of withholding or other applicable taxes). Clearly, the meaning of such language is easily understood after reviewing the terms of Zolfo Cooper's engagement letter -- there is to be a net zero effect on payments to Zolfo Cooper and Paul Hastings. In any event, any order entered modifying one or more provisions of the Interim Compensation Procedures should make clear that there should be no withholding of any taxes for fees that are waived by Zolfo Cooper and/or Paul Hastings pursuant to the terms of their Retention Orders.

8. The proposed amendments also require that each professional have a contract in place with its client. However, Paul Hastings and CST Law do not have engagement letters with the Committee. Rather, as is the norm for Committee counsel retentions, they are each employed pursuant to their respective retention application and related order approving such retention. Of course, the Committee Professionals want to consensually resolve any issues related to the foregoing proposed changes prior to a hearing on the Joint Motion and have proposed a solution for each issue that is being discussed with the Oversight Board, AAFAF, the Department of Treasury and their respective legal advisors. However, attempting to implement a one size fits all procedure for all professionals will actually cause the opposite of the Movants' purported goal -- increased transparency and not making the payment process overly burdensome.

9. Finally, to ensure that the Retention Orders and any other retention orders for professionals continue to have full force and effect throughout these title III cases, the following language has been provided to the Oversight Board's and AAFAF's respective legal counsel for incorporation into any amended interim compensation order that this court may enter: "Nothing in this Order shall alter or modify prior orders governing the retention of professionals and to the extent this Order is inconsistent with a title III professional's retention order, such retention order shall govern and control," but counsel to AAFAF has rejected this request.

10. The Committee Professionals reserve the right to raise any additional issues that may arise in connection with the Joint Motion (and proposed order) including, without limitation, with respect to tax withholding issues and/or any additional revisions or modifications that the Movants may incorporate into the proposed order.

*[Remainder of page left intentionally blank.]*

**WHEREFORE**, the Committee Professionals respectfully request that the court condition entry of the order modifying the Interim Compensation Procedures on the issues raised herein by the Committee Professionals being addressed, and grant such other relief as is just and proper.

Dated: June 4, 2018     /s/ Luc A. Despins

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
Michael E. Comerford, Esq. (*Pro Hac Vice*)
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com

– and –

/s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

– and –

/s/ Elizabeth S. Kardos

ZOLFO COOPER, LLC
Elizabeth S. Kardos, Esq. (*Pro Hac Vice*)
General Counsel

Grace Building
1114 Avenue of the Americas, 41st Floor
New York, 10036
Telephone: (212) 561-4120
ekardos@zolfocooper.com

8