# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## INFORMATIVE MOTION REGARDING THE TITLE VI FILING CONTEMPLATED BY THE GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO

To the Honorable Laura Taylor Swain
United States District Judge:

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), through its undersigned counsel, hereby states and prays as follows:

1. On May 15, 2017, AAFAF, the Government Development Bank for Puerto Rico ("GDB") and a substantial portion of its creditors executed a Restructuring Support Agreement ("RSA" and the parties thereto, the "RSA Parties"), which *inter alia* contemplates the filing of an application for approval of a Qualifying Modification under Title VI of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

2. Under the RSA, those creditors agreed to support the proposed modification of GDB's debt, and GDB agreed to meet certain milestones in obtaining certification from the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") and creditor and court approval in accordance with Title VI. The Oversight Board originally certified the modification contemplated by the RSA on July 12, 2017, thus making it a "Qualifying Modification" under Title VI.

3. Given the disruptions and devastation caused by hurricanes Irma and María, AAFAF, GDB, and the creditors supporting the RSA concluded that the terms of the proposed modification and the existing deadlines for the remaining milestones in the RSA were no longer feasible. As a result, the RSA Parties entered into four amendments to the RSA. The primary purpose of the first three amendments was to extend the milestone dates under the RSA to allow the parties time to work through the implications of the hurricanes. The fourth amendment to the RSA, entered into on April 6, 2018, resulted in (i) the adoption of a revised term sheet setting forth the terms of the Qualifying Modification, and (ii) a further extension of the RSA deadlines (the "Amended RSA").

4. The Amended RSA makes several important changes as it relates to the treatment of Puerto Rico's 78 municipalities. Since hurricanes Irma and María hit Puerto Rico, the RSA Parties have worked collaboratively to find ways to provide relief to those municipalities as they recover from the storms. As a result of those efforts, the Amended RSA provides that, upon consummation of the Qualifying Modification, the full amount of each municipality's deposits held at GDB will be automatically applied against the balance of any loans owed by such municipality to GDB. In addition, the Amended RSA gives municipalities the opportunity to receive payment, before consummation of the Qualifying Modification, of 55% of such

municipality's undisbursed certified Excess CAE invested in deposit accounts at GDB in exchange for a release of claims related thereto. The Amended RSA also results in a simplified structure whereby GDB's financial creditors will exchange their claims for only one tranche of new bonds. On May 8, 2018, the Oversight Board recertified the Amended RSA as a Qualifying Modification.

5. Under the Amended RSA, the deadline to complete solicitation of the Qualifying Modification is June 8, 2018. The RSA Parties are in the process of negotiating a fifth amendment to extend this deadline, along with the other milestone dates. A summary of the extended dates proposed by AAFAF and GDB is as follows:

| Event | Date |
|---|---|
| Deliver Substantially Complete Drafts of Solicitation Documents to the Oversight Board | June 22, 2018 |
| Launch Solicitation | July 5, 2018 |
| Commence Title VI proceeding in District Court | July 6, 2018 |
| Complete Solicitation | August 6, 2018 |

6. After solicitation of the Qualifying Modification is launched, AAFAF and GDB anticipate commencing the Title VI proceeding, pursuant to Rule 3.1 of the Local Rules of the District of Puerto Rico, by filing an application for approval of the Qualifying Modification (the "Approval Application"). In addition, after completion of the solicitation, the Oversight Board must certify that the voting requirements and other requirements of PROMESA Section 601(m)(B) have been satisfied.

7. Under Title VI, the Court's review of the Approval Application is limited to determining whether "the requirements of [PROMESA Section 601] have been satisfied." 48 U.S.C. § 2231(m)(1)(d). Accordingly, the Court will be asked to determine only whether GDB and AAFAF properly submitted the Qualifying Modification to the Oversight Board for certification, *id.* § 2231(f), (g), and complied with Title VI's requirements for (i) vote pooling and claim classification (including classification as an unsecured claim as opposed to a property right),

3

*id.* § 2231(d); (ii) vote solicitation, *id.* § 2231(h); and (iii) vote tabulation, *id.* §2231(b), (j). Because a debt restructuring under Title VI is a *voluntary* process that must be approved by the holders of "at least two-thirds of the Outstanding Principal amount of the Outstanding Bonds in each Pool that have voted," (provided that such holders represent "not less than a majority of the aggregate Outstanding Principal amount of all the Outstanding Bonds in each Pool") *id.* § 2231(j), the Court need not assess the overall fairness of the Qualifying Modification to GDB's creditors. It is sufficient that they have the opportunity to cast an informed vote and that the votes are pooled and tabulated in accordance with Title VI.

8. The Approval Application will seek to establish clear procedures related to the approval of the Qualifying Modification, including the timeline for parties to object to the vote pooling, solicitation, and tabulation procedures, thus ensuring that all parties with a stake in GDB's restructuring have an opportunity to be heard in connection with the Title VI.

9. Specifically, as set forth in the table below, GDB and AAFAF intend to propose the following procedures related to Court approval of the Qualifying Modification:

| Proposed Timetable | |
|---|---|
| Filing of Approval Application | T |
| Deadline to Object to Approval Procedures | T+ 7 days |
| Deadline to Object to the Qualifying Modification | T+ 28 days |
| Reply Deadline | T+ 42 days |
| Qualifying Modification Approval Hearing | T+ 45 days (or as soon thereafter as the Court is available) |

10. GDB and AAFAF propose to provide all of GDB's creditors with notice of the filing of the Approval Application, and related objection deadlines. Setting the deadline to object to the Qualifying Modification 28 days following the service of the Approval Application will provide parties in interest with sufficient time to consider whether to interpose any objections to the vote

4

pooling, solicitation, and tabulation procedures, while providing the Court, GDB, AAFAF, and all parties in interest with sufficient time to consider any such objections before the Approval hearing.

*[Signature Block on Next Page]*

Dated: June 4, 2018
      San Juan, Puerto Rico

Respectfully submitted,

| | |
|---|---|
| <u>*/s/ Suzzanne S. Uhland*</u> | <u>*/s/ Luis C. Marini-Biaggi*</u> |
| John J. Rapisardi | Luis C. Marini-Biaggi |
| Suzzanne Uhland | USDC No. 222301 |
| Peter Friedman | Carolina Velaz-Rivero |
| (Admitted *Pro Hac Vice*) | USDC No. 300913 |
| **O'MELVENY & MYERS LLP** | **MARINI PIETRANTONI MUÑIZ LLC** |
| 7 Times Square | MCS Plaza, Suite 500 |
| New York, NY 10036 | 255 Ponce de León Ave. |
| Tel: (212) 326-2000 | San Juan, Puerto Rico 00917 |
| Fax: (212) 326-2061 | Tel: (787) 705-2171 |
| | Fax: (787) 936-7494 |
| *Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* | *Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* |

6