# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 3:17-BK-3283-LTS<br>(Jointly Administered) |
| In re: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as a representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, Debtor. | PROMESA<br>Title III<br><br>No. 3: 17-BK-03567(LTS) |
| SIEMENS TRANSPORTATION PARTENRSHIP PUERTO RICO, S.E.<br><br>Plaintiff<br><br>vs.<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY et al<br><br>Defendants | Adv. Proc. No. 18-00030-LTS<br>Title III |

## JOINT STATUS REPORT

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

COME NOW Siemens Transportation Partnership Puerto Rico, S.E. ("Siemens"), the Government Development Bank for Puerto Rico ("GDB"), the Puerto Rico Fiscal Agency & Financial Advisory Authority ("AAFAF"), and the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), on its own behalf and as representative of the Puerto Rico Highways and Transportation Authority ("HTA") in these Title III proceedings (collectively referred to as the "Parties"), jointly and through their respective undersigned counsel and very respectfully submit this Joint Status Report in compliance with the Court's Order dated May 30, 2018 at Docket No. 35.

1. On May 29, 2018, the Court held a Status Conference in which it ordered the Parties to file a Joint Status Report addressing the following matters: (1) whether the controversies posed in the instant case should be addressed in this adversary proceeding as part of HTA's Title III case or whether the controversies should be addressed in GDB's Title VI proceedings which will be initiated before the District Court of Puerto Rico in due course, pursuant to the terms of the *Restructuring Support Agreement* as amended on April 6, 2018 and conditionally re-certified by the Oversight Board on May 8, 2018; (2) what are the substantive issues that the Court must ultimately decide in this proceeding; (3) what type of a hearing would be necessary to resolve the issues to be decided in this proceeding; (4) what discovery, if any, is needed by the Parties in order to present the issues to the Court; and (5) propose a briefing schedule for the matters to be submitted before the Court, including for the motions to dismiss which were filed by GDB, the Oversight Board and AAFAF on May 29, 2018. We address each of these matters below.

    A.    <u>Whether the Case Should be Decided as an Adversary Proceeding in Title III or as Part of the Title VI proceeding that will be initiated by GDB.</u>

    **i.**    **Siemens**

Siemens filed this declaratory judgment action (the "Action") seeking a declaration that it owns and consequently has a right to $13,000,000 (the "Escrowed Funds") that was placed into an escrow account ("Account") for its benefit. In the Complaint, Siemens named the Debtor, HTA, which established and funded the Account currently holding Siemens' money, GDB, the bank where the Account and Escrowed Funds are located, and AAFAF and FOMB, the respective stewards and/or representatives of GDB and HTA. Siemens' assertion of ownership of the Account is directly relevant to the scope of the claims that exist against HTA. HTA also has stated that it might assert a claim to the Account and Escrowed Funds.

The Title III Court has subject matter jurisdiction for the reasons stated above. Siemens disputes that this matter should be decided in the context of the Title VI proceeding given the lack of specificity related to proceedings under in Title VI proceeding.

In addition, Magistrate Dein deferred a formal ruling on Siemens' Motion to ensure that the funds at issue would remain in place pending a decision on the merits in light of Defendants' representation that the RSA would be submitted for approval on June 28, 2018 and Defendants' agreement that funds would remain in place until then. Because we understand that the June 28 date will be pushed back, Siemens reserves the right to request a hearing on its request unless Defendants concur that the funds will remain in place until a final hearing on the merits.

**ii.     GDB**

The matter presented by Siemens should be decided by the Title VI District Court, as argued by GDB in its Motion to Dismiss, at pages 12-20 (Docket No. 29).

The issue of whether certain deposits should be deemed to be segregated from GDB's overall liquidity, and reserved for the benefit of one creditor, is an issue that other parties have raised with respect to the GDB Title VI. Resolving this issue with all parties raising similar arguments before the same Court and being able to participate makes sense from a due process and judicial economy point of view. Based on the informative motion filed by AAFAF, all claimholders will have the opportunity to raise their objections and be heard before the Title VI District Court prior to the hearing approving the modification, including arguments such as Siemens is making.

### iii. **AAFAF**

The matter presented by Siemens should be decided by the Title VI District Court, as argued by AAFAF in its Motion to Dismiss (Docket No. 31) and at the status conference held on May 29, 2018.

### iv. **OVERSIGHT BOARD/HTA**

For the reasons articulated by GDB, the Oversight Board believes the issue regarding Siemens' claimed escrow should be decided in the context of GDB's Title VI case.

### B. Issue to be Decided by the Court.

### i. **Siemens**

The issues before the Court include Siemens' right to the Account and Escrowed Funds and the issues set forth below. Because Defendants have challenged whether the Account is in fact an escrow account, all pending motions to dismiss raise mixed issues of fact and law. In any event, in deciding the motions to dismiss, all facts alleged must be accepted as true. Siemens also intends to take additional limited discovery in support of its claims as set forth more fully below.

4

**ii. GDB**

The issues before the Court are: (1) whether Siemens' claims for the funds in GDB should be decided by the Title VI District Court; and (2), should the Court decide that this matter is properly before this Court in HTA's Title III case: (a) the existence of an enforeceable escrow under Puerto Rico law for GDB to hold the funds claimed by Siemens segregated from GDB's liquidity in the absence of a written agreement between GDB, HTA and Siemens for those purposes; (b) whether GDB is prohibited from disbursing any funds currently on deposit at GDB pursuant to applicable Puerto Rico law.

**iii. AAFAF**

AAFAF adopts the issues and arguments presented by GDB and also asserts that the complaint does not include an allegation against AAFAF that would form a basis for relief. See AAFAF's Motion to Dismiss (Docket No. 31).

**iv. OVERSIGHT BOARD/HTA**

The issues before the Court are: (1) whether Siemens' claims for the funds at GDB should be decided by the Title VI District Court; and (2) irrespective of how the Court rules on issue #1, the parties should brief, and the Court should decide, the motion to dismiss the adversary complaint filed by the Oversight Board and HTA.

C. Type of a Hearing Needed.

**i. Siemens**

If the Court so wishes, oral argument on the motions to dismiss should be scheduled. The motions to dismiss raise mixed issues of fact and law.

**ii. GDB**

5

Only oral argument is needed to address GDB's Motion to Dismiss in Docket No. 29, as the matters submitted therein are pure issues of law.

### iii. AAFAF

AAFAF submits that only an argumentative hearing is required to address AAFAF's Motion to Dismiss (Docket No. 31), as the matters submitted therein are pure issues of law.

### iv. OVERSIGHT BOARD/HTA

The issues raised in the Title III case by the Motion to Dismiss filed by the Oversight Board and HTA do not necessarily require a hearing. The issues presented are pure questions of law.

D. <u>Discovery</u>.

### i. Siemens

In order to ensure an expeditious resolution of this matter, Siemens proposes that streamlined discovery take place as follows:

Within twenty (20) days after the Court's ruling on the Motions to Dismiss:

### A. Document Productions

1. GDB shall supplement its previous document production with any documents relating to the Account and Escrowed Funds not previously produced, including all communications between GDB and the other Defendants (including their agents and representatives) relating to the Account, the Escrowed Funds and all communications with other creditors relating to the Account and/or Escrowed Funds.

2. HTA, AAFAF, and Oversight Board shall produce all documents in their possession relating to Account, including all communications between the Defendants

6

(including their agents and representatives) relating to the Account and all communications with other creditors relating to the Account and/or Escrowed Funds.

3. Siemens shall produce all documents in its possession relating to the Account and/or Escrowed Funds.

4. All documents withheld on the basis of any privilege shall be logged. Any joint defense agreement claimed by Defendants will be produced.

**B. Depositions**

Within forty-five (45) days of a decision on the Motions to Dismiss, and following document production:

1. GDB shall make Ms. Maria Santiago Caez, a GDB representative with knowledge relating to establishment and maintenance of the Account, available for a deposition.

2. HTA shall make a corporate designee available, pursuant to Rule 30(b)(6), to testify on issues related to the Account and Escrowed Funds.

3. If requested, Siemens shall make a corporate designee available, pursuant to Rule 30(b)(6), to testify on issues related to the Account and Escrowed Funds.

**ii. GDB**

GDB does not need any discovery with respect to the arguments of law in its Motion to Dismiss in Docket No. 29.

Prior to the filing of the Adversary Complaint, and pursuant to a Rule 2004 Motion, Siemens requested and received extensive documentary evidence from GDB relating to the account in controversy and took the deposition of José Santiago Ramos, Chief

7

Restructuring Officer of GDB. As such, even if the Motion to Dismiss is denied, Siemens has already taken discovery in connection this this matter.

If the Motion to Dismiss is denied, GDB may take limited discovery from Siemens with respect to the account at issue, all documents relating thereto, and any agreements relating to such account. Such discovery would be limited to no more than three depositions and a request for written discovery.

GDB disagrees with Siemens' proposal for discovery (set forth above), but remains committed to working with Siemens cooperatively to develop a discovery plan if the Motion to Dismiss is denied. Note, however, that María Santiago Cáez is not currently a GDB employee.

### iii. AAFAF

AAFAF does not need any discovery with respect to the arguments of law in its Motion to Dismiss (Docket No. 31). However, if the Motion to Dismiss is denied, AAFAF may take limited discovery from Siemens.

AAFAF disagrees with Siemens' proposal for discovery (set forth above), but remains committed to working with Siemens cooperatively to develop a discovery plan if the Motion to Dismiss is denied.

### iv. OVERSIGHT BOARD/HTA

The Oversight Board and HTA do not need any discovery with respect to the arguments in the Motion to Dismiss (Docket No. 34). However, if the Motion to Dismiss is denied, the Oversight Board and HTA may need limited discovery from Siemens with respect to Siemens' arguments that the funds in controversy are held by GDB in an escrow account and/or the existence of a valid escrow agreement between GDB, HTA and Siemens for the

purpose of holding the funds in controversy segregated from GDB's liquidity. Such discovery would be limited to no more than three depositions and a request for written discovery.

The Oversight Board and HTA disagree with Siemens' proposal (set forth above) for discovery, but remain committeed to working with Siemens cooperatively to develop a discovery plan if the Motion to Dismiss is denied.

E.   Proposed Briefing Schedule.

**i.   Siemens**

Siemens proposes that Siemens be allowed 20 days from the filing of all Motions to Dismiss, until June 18, 2018, to submit its opposition and that Defendants be allowed seven days, until June 25, 2018, to submit their replies.  Because Siemens is responding to multiple motions, the 35-page limit shall not apply to Siemens' response.

**ii.   GDB**

GDB proposes that Siemens be allowed 20 days from the filing of GDB's Motion to Dismiss, until June 18, 2018, to submit is opposition and that GDB be allowed seven days, until June 25, 2018, to submit its reply.

**iii.   AAFAF**

AAFAF agrees with the proposal presented by GDB above and proposes that AAAFAF also be allowed seven days, until June 25, 2018, to submit its reply to any opposition to AAFAF's Motion to Dismiss that is filed by Siemens on or before June 18, 2018.

**iv.   OVERSIGHT BOARD/HTA**

The Oversight Board on its own behalf and as the representative of HTA filed a motion to dismiss on May 29, 2018.  Siemens should file its opposition to the motion to dismiss by

June 18, 2018 and the Oversight Board/HTA should file its reply seven days later on June 25, 2018.

**WHEREFORE**, the Parties jointly request that the Court take notice of foregoing and with the Parties compliance with the Order of May 30, 2018 in Docket No. 35.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 4th day of June, 2018.

**IT IS HEREBY CERTIFIED** that a true copy of this document has been filed with the Clerk of the Court electronically using the CM/ECF system which automatically serves notification of the filing to parties in interest.

| | |
|---|---|
| **PIETRANTONI MENDEZ & ALVAREZ LLC**<br>Popular Center – 19th Floor<br>208 Ponce de León Avenue<br>San Juan, PR 00918<br>Tel. 787-274-1212<br>Fax. 787-274-1470<br><br>ORESTE R. RAMOS<br>USDC No. 216801<br>oramos@pmalaw.com<br><br>s/ María D. Trelles Hernández<br>María D. Trelles Hernández<br>USDC No. 225106<br>mtrelles@pmalaw.com<br><br>**Law Offices of Giselle López Soler**<br>PMB 257<br>Rd. 19 1353<br>Guaynabo, Puerto Rico 00966<br>Tel. (787) 667-0941<br>Email: gls@lopezsolerlaw.com<br><br>s/ Giselle López Soler<br>Giselle López Soler<br>USDC No. 224010<br><br>*Attorneys for the Government Development Bank for Puerto Rico* | */s/ Albéniz Couret Fuentes*<br>Albéniz Couret Fuentes<br>USDC-PR Bar No. 222207<br>José Javier Santos Mimoso<br>USDC-PR Bar No. 208207<br>**SEPULVADO, MALDONADO & COURET**<br>304 Ponce de León – Suite 1900<br>San Juan, PR 00918<br>Telephone: 787-765-5656<br>Facsimile: 787-294-0073<br>Email: acouret@smlawpr.com<br>         jasantos@smclawpr.com<br>and<br><br>**REED SMITH LLP**<br>Claudia Z. Springer<br>Andrew J. Soven<br>Three Logan Square<br>1717 Arch Street, Suite 3100<br>Philadelphia, PA, 19103<br>Telephone: (215) 851-8190<br>Facsimile: (215) 851-1420<br>E-mail: cspringer@reedsmith.com<br><br>*Attorneys for Siemens Transportation Partnership Puerto Rico, SE*<br><br>*s/Carla García Benítez* |

10

*s/ Luis C. Marini Biaggi*
Luis C. Marini Biaggi
USDC-PR Bar No. 222301
**Marini Pietrantoni Muñiz LLC**
MCS Plaza, 255 Ponce de León Ave.,
Suite 500,
San Juan PR 00917
Email: lmarini@mpmlawpr.com
Tel: 787-705-2171
Fax: 787-936-7494

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

Carla García Benítez
USDC No. 203708
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

Martin J. Bienenstock (*pro hac vice*)
Stephen L. Ratner (*pro hac vice*)
Timothy W. Mungovan (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
Email: sratner@proskauer.com
Email: tmungovan@proskauer

*Attorneys for Puerto Rico Highways and Transportation Authority and the Financial Oversight and Management Board for Puerto Rico*