UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>     as representative of<br><br>The Commonwealth of Puerto Rico, *et al.*<br><br>Debtors. | PROMESA<br><br>Title III<br><br>No. 17-BK 3283-LTS |

### MOTION FOR RELIEF FROM AUTOMATIC STAY

TO THE HONORABLE COURT:

COMES NOW Grisell Cuevas-Rodríguez (hereinafter "Ms. Cuevas" or the "Plaintiff") through the undersigned attorney, and very respectfully STATES and PRAYS as follows:

**I.    INTRODUCTION**

1. On October 17th, 2017, Ms. Cuevas filed, *pro se*[1], a complaint before the United States District Court for the District of Puerto Rico wherein she asserted several causes of action against the Commonwealth of Puerto Rico, the Superintendent and several officers of the Puerto Rico Police Department both in their official and in their personal capacities (hereinafter referred to jointly as the "Defendants"). The aforementioned case is captioned Cuevas-Rodriguez v. Soto-Lopez, Civil No. 17-2249 (GAG)(SCC).

---

[1] After the filing of the Complaint, the Court appointed the undersigned to represent the Plaintiff *pro bono*.

2. Specifically, Ms. Cuevas sustains that during her employment with the Puerto Rico Police she has been subjected to an ongoing pattern of discrimination and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*; Puerto Rico Law No. 100 of June 30, 1959, P.R. Laws Ann. tit. 29, § 146 *et seq.*; Puerto Rico Law No. 115 of December 20, 1991, P.R. Laws Ann. tit. 29, § 194a *et seq.*; Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 5141 and 5142; and the Constitution of the Commonwealth. The total compensation claimed, not including attorney's fees and legal costs, is in an amount not less than $1,500,000.[2]

3. On March 12, 2018, the Defendants[3] filed a *Notice of Stay and of Procedures for Filing Motions for Relief from the Automatic Stay in the Commonwealth of Puerto Rico's Title III Case* wherein they moved the Court to stay the above-referenced proceedings pursuant to of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").

4. In compliance with the *Third Amended Notice, Case Management and Administrative Procedures*[4] issued in the above-captioned case, on March 23, 2018, Ms. Cuevas sent a *Lift Stay Notice* to the Financial Oversight and Management

---

[2] This amount does not include the doubling of damages as required by Puerto Rico Law 100, *supra*, which provides that if there is a finding of discrimination, the amount of damages awarded to the plaintiff as a result of the alleged discrimination shall be doubled. P.R. Laws Ann. tit. 29, § 146.

[3] Except for co-defendant Noel Torres-Roca who had not been served with a summons and a copy of the Complaint at that time.

[4] At that time, the *Fourth Amended Notice, Case Management and Administrative Procedures* had not been issued.

Board for Puerto Rico and to the Puerto Rico Fiscal Agency and Financial Advisory Authority informing them of her intention to seek relief from the automatic stay.

5. After various electronic communications, and after having conferred by phone with counsel for the Commonwealth of Puerto Rico, Claudia A. Juan García, Esq., the Commonwealth did not agree to voluntarily lift the automatic stay.

6. However, as discussed herein in further detail, this Honorable Court should vacate the automatic stay in order to allow Ms. Cuevas to pursue her claims against the Commonwealth and redress her grievances.

## II. DISCUSSION

7. Enacted in June 2016, PROMESA is a bankruptcy-like statute that seeks to address the fiscal crisis in Puerto Rico. *See* generally Peaje Inv. LLC v. García-Padilla, 845 F.3d 505, 509 (1st Cir. 2017) (discussing the statute's purpose). It enables a Financial Oversight Board to seek a voluntary, in-court, debt restructuring mechanism ("Title III"), which is modeled on debt reorganization principles for municipalities set forth in Chapter 9 of the Bankruptcy Code. 48 U.S.C. §§ 2161, 2164. A Title III petition triggers an automatic stay on actions to enforce a claim against the debtor, which is the Commonwealth of Puerto Rico. *See* § 2161 (incorporating by reference 11 U.S.C. § 922 (automatic stay for certain claims against a municipal debt) and 11 U.S.C. § 362 (automatic stay for voluntary and involuntary restructurings)). The Board filed a Title III petition on May 3, 2017, triggering the automatic stay under section 362. In re Commonwealth of Puerto

3

Rico, No. 17-3283 (LTS) (D.P.R. May 3, 2017). See Colón-Colón v. Negrón-Fernández, Case No. 14-1300 (D.P.R. May 14, 2018).

8. Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district examine the following factors: *(1)* whether the relief will result in a partial or complete resolution of the issues; *(2)* the lack of any connection with or interference with the bankruptcy case; *(3)* whether the foreign proceeding involves the debtor as fiduciary; *(4)* whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases; *(5)* whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; *(6)* whether the action essentially involves third parties; *(7)* whether litigation in another forum would prejudice the interest of other creditors and/or other interested parties; *(8)* whether the judgment claim arising from the foreign action is subject to equitable subordination under section 510(c) *(9)* whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor; *(10)* the interest of judicial economy and the expeditious and economical determination of litigation for the parties; *(11)* whether the foreign proceedings have progressed to the point where the parties are prepared for trial; *(12)* the impact of the stay on the parties and *(13)* the balance of hurt. See C&A, S.E. v. P.R. Solid Waste Mgmt. Auth., 369 B.R.

87, 94-95 (D.P.R. 2007) (citing <u>Goya Foods, Inc., et al. v. Ulpiano Unanue-Casal, et al.</u>, 159 B.R. 90, 95-96 (D.P.R.1993).

9. The party moving for the automatic stay to be lifted need not prove a plurality of these factors. <u>Goya Foods, Inc., et al. v. Ulpiano Unanue-Casal, et al.</u>, 159 B.R. at 95-96. The Courts will generally rely "in only a few factors . . . to determine that sufficient cause exist[s] to lift the stay." *Id.*

10. In order for Ms. Cuevas to be able to redress her grievances, the automatic stay must be lifted. The enforcement of the PROMESA stay will cause irreparable harm to Ms. Cuevas; will adversely affect her ability to adequately present her case; and will place her claims in an indefinite state of legal uncertainty. Plaintiff's statutory and constitutional rights outweighs any detriment that the Commonwealth could suffer, if any, if the stay is lifted to address Plaintiff's claims. The resolution of this legal controversy is indispensable to make Plaintiff whole for all the damages that she has suffered as a direct consequence of the discriminatory and retaliatory acts that she has been subjected to during her tenure at the Puerto Rico Police Department.

11. Moreover, Plaintiff has a constitutional right to have her case tried before a jury; the relief will resolve the issues between her and the Defendants; and her case has no connection with or bearing with the bankruptcy case.

12. Furthermore, in the interest of judicial economy and the expeditious and economical determination of litigation for the parties, the automatic stay should be lifted given that **regardless of whether the automatic stay is lifted or not as to the Commonwealth, the Commonwealth will still have to participate in the**

**litigation representing the other co-defendants since the claims made against them in their indiviual capacities are not stayed under PROMESA and the Commonwealth, through its Department of Justice, already assumed the legal representation of some of the co-defendants both in their official and in their individual capacities**.

13. The automatic stay does not apply to individual capacity claims brought against Commonwealth government officials, even when the Commonwealth represents and promises to indemnify these officials under Puerto Rico Law 9 of November 26, 1974, P.R. Laws Ann. tit. 32, § 3085. *See* Guadalupe-Báez v. Pesquera, 269 F. Supp. 3d 1, 3 (D.P.R. 2017). (Emphasis added).

14. Puerto Rico Law 9 provides that a Commonwealth official who is sued for damages in his personal capacity "may request the Commonwealth of Puerto Rico to provide him with legal representation, and to subsequently assume the payment of any judgment that may be entered against his person." P.R. Laws Ann. tit. 32, § 3085. Upon such request, Puerto Rico's Attorney General "shall determine in which cases the Commonwealth shall assume legal representation." *Id*. § 3087. And subsequently, "determine whether it is in order to pay the full judgment imposed" on the Commonwealth employee or ex-employee. *Id*.; *see* Ayuso Figueroa v. Rivera González, 229 F.R.D. 41, 42 (D.P.R. 2005) (discussing process for application of legal representation under Law 9). If the Attorney General refuses to represent the employee, Plaintiff's claim continues against the Commonwealth employee in his personal capacity. And even if it agrees to represent the employee, assuming

representation does not turn the Commonwealth into a party. <u>Ortiz-Feliciano v. Toledo-Davila</u>, 175 F.3d 37, 40 (1st Cir. 1999). Hence, the Court has held that this "discretion to defend and indemnify personal capacity claims," as well as the fact that doing so does not make the Commonwealth a party, "means that personal capacity claims do not 'seek to enforce a claim against the Debtor' under PROMESA's stay provisions." <u>Guadalupe-Báez</u>, 269 F. Supp. 3d at 3.

15. Thus, although, the interest of judicial economy and the expeditious and economical determination of litigation for the parties will be best served by lifting the automatic stay provision of PROMESA.

16. Lastly, the Commonwealth will suffer no harm as a result of the lifting of the automatic stay, since the same *(i)* will not disrupt the Commonwealth's ability to manage the Commonwealth; *(ii)* will not interfere with the Commonwealth's ability to provide essential services; and *(iii)* vacating the automatic stay in the above-referenced case will not harm the Commonwealth or the PROMESA proceedings and will not undermine the comprehensive, consolidated and restructuring approach that said statute was ultimately designed to facilitate. Accordingly, the automatic stay should be lifted.

### III. **CONCLUSION**

17. In view of the above, Ms. Cuevas respectfully requests this Honorable Court to enter an Order vacating the automatic stay arising under §301 of PROMESA and Bankruptcy Code § 362 to allow the United States District Court for the District of

Puerto Rico to adjudicate her claims in the case of <u>Cuevas-Rodriguez v. Soto-Lopez</u>, Civil No. 17-2249 (GAG)(SCC).

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter an Order vacating the automatic stay arising under §301 of PROMESA and Bankruptcy Code § 362 to allow the United States District Court for the District of Puerto Rico to adjudicate Ms. Cuevas' claims in the case of <u>Cuevas-Rodriguez v. Soto-Lopez</u>, Civil No. 17-2249 (GAG)(SCC).

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 6th day of June, 2018.

I HEREBY CERTIFY that on this day, a true and exact copy of this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record. The foregoing is also being mailed separately to attorney Yadhira Ramírez-Toro, Puerto Rico Department of Justice.

| | |
|---|---|
| P.O. Box 195343 | Citibank Towers, Suite 500 |
| San Juan, Puerto Rico | 252 Ponce de León Avenue |
| 00919-5343 | San Juan, Puerto Rico 00918 |

Tel. (787) 758-1400
Fax: (787) 758-1414

www.laborcounsels.com
pico@laborcounsels.com

S/ JAIME E. PICÓ-RODRÍGUEZ
Attorney for Grisell Cuevas-Rodríguez
USDCPR # 228113