# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>     Debtors.[1] | PROMESA<br><br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### SECOND AMENDED ORDER SETTING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the *Joint Motion for Entry of an Order Further Amending the Interim Compensation Order* (the "**Motion**");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion and the Order Further Amending Case Management Procedures [Dkt. No. 2839] (the "**Case Management Procedures**").

the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

2. All Professionals in the Title III Cases may be paid interim payment of compensation and reimbursement of expenses in accordance with the following procedures (the "**Interim Compensation Procedures**"):

    a. On or before the 15th day of each calendar month, or as soon as practicable thereafter, each Professional may serve a statement (a "**Monthly Fee Statement**") of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, by overnight mail or e-mail (in searchable pdf format) where applicable, on each of the following entities (collectively, the "**Notice Parties**"):

        i. attorneys for the Oversight Board, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, Attn: Martin J. Bienenstock, Esq. (mbienenstock@proskauer.com) and Ehud Barak, Esq. (ebarak@proskauer.com), and Proskauer Rose LLP, 70 West Madison Street, Chicago, IL 60602, Attn: Paul V. Possinger, Esq. (ppossinger@proskauer.com);

        ii. attorneys for the Oversight Board, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918, Attn: Hermann D. Bauer, Esq. (hermann.bauer@oneillborges.com);

        iii. attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq. (jrapisardi@omm.com), Suzzanne Uhland, Esq. (suhland@omm.com), and Diana M. Perez, Esq. (dperez@omm.com);

        iv. attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muñiz LLC, MCS Plaza, Suite 500, 255 Ponce de León Ave, San Juan, PR 00917, Attn: Luis C. Marini-Biaggi, Esq. (lmarini@mpmlawpr.com) and Carolina Velaz-Rivero Esq. (cvelaz@mpmlawpr.com);

        v. the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: *In re: Commonwealth of Puerto Rico*);

        vi. attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc. A Despins, Esq. (lucdespins@paulhastings.com);

2

      vii. attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. (jcasillas@cstlawpr.com) and Alberto J.E. Añeses Negrón, Esq. (aaneses@cstlawpr.com);

      viii. attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. (rgordon@jenner.com) and Richard Levin, Esq. (rlevin@jenner.com), and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. (csteege@jenner.com) and Melissa Root, Esq. (mroot@jenner.com);

      ix. attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar-Zequeira, Esq. (ajb@bennazar.org);

      x. the Puerto Rico Department of Treasury, PO Box 9024140, San Juan, PR 00902-4140, Attn: Reylam Guerra Goderich, Deputy Assistant of Central Accounting (Reylam.Guerra@hacienda.pr.gov); Omar E. Rodríguez Pérez, CPA, Assistant Secretary of Central Accounting (Rodriguez.Omar@hacienda.pr.gov); Angel L. Pantoja Rodríguez, Deputy Assistant Secretary of Internal Revenue and Tax Policy (angel.pantoja@hacienda.pr.gov); Francisco Parés Alicea, Assistant Secretary of Internal Revenue and Tax Policy (francisco.pares@hacienda.pr.gov); and Francisco Peña Montañez, CPA, Assistant Secretary of the Treasury (Francisco.Pena@hacienda.pr.gov);

      xi. counsel to any other statutory committee appointed;

      xii. attorneys for the Fee Examiner, EDGE Legal Strategies, PSC, 252 Ponce de León Avenue, Citibank Tower, 12th Floor, San Juan, PR 00918, Attn: Eyck O. Lugo (elugo@edgelegalpr.com); and

      xiii. attorneys for the Fee Examiner, Godfrey & Kahn, S.C., One East Main Street, Suite 500, Madison, WI 53703, Attn: Katherine Stadler (KStadler@gklaw.com).

  b. Any Professional that fails to serve a Monthly Fee Statement for a particular month or months may subsequently serve a consolidated Monthly Fee Statement for such month or months. All Monthly Fee Statements shall comply with PROMESA and applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "**Local Rules**").

c.  In accordance with the procedures described in subparagraph (d) below, each Notice Party may file and serve upon the Professional that submitted the Monthly Fee Statement and the other Notice Parties, so as to be received on or before 4:00 p.m. (Atlantic Standard Time) on the 10th day (or the next business day if such day is not a business day) following service of the Monthly Fee Statement (the "**Objection Deadline**") any objection or reservation of rights to the requested fees and expenses.  Upon expiration of the Objection Deadline, the Professionals that submitted a Monthly Fee Statement shall provide a statement (the "**Monthly Fee Objection Statement**") to the applicable Debtor(s) and the Puerto Rico Fiscal Agency and Financial Advisory Authority, providing the calculation of the fees and reimbursement requested, any amounts that were objected to, and the amount that should be paid after the holdback described further below.  Upon receipt of the Monthly Fee Objection Statement, the Debtors in whose cases such Professionals are retained and/or employed shall promptly pay, and in no event pay later than fourteen (14) calendar days after receiving the Monthly Fee Objection Statement, the Professional an amount equal to the lesser of (i) 90% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement (the "**Maximum Monthly Payment**") or (ii) the Maximum Monthly Payment less 90% of the fee portion and 100% of the expense portion thereof subject to an objection (the "**Incremental Amount**") pursuant to subparagraph (d) below; provided that, in the case of Paul Hastings LLP, as counsel for the Official Committee of Unsecured Creditors, and Zolfo Cooper, LLC, as financial advisor to the Official Committee of Unsecured Creditors, the applicable Debtors shall promptly pay, and in no event pay later than fourteen (14) calendar days after receiving the Monthly Fee Objection Statement, 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement, but such 80% of fees or 100% of expenses shall not be paid with respect to such fees or expenses that are subject to an objection pursuant to subparagraph (d) below.  The Fee Examiner (as defined below) may object to the Interim Fee Applications (as defined below) if not consensually resolved.

d.  If any Notice Party wishes to object to a Professional's Monthly Fee Statement, it must (i) file a written objection (an "**Objection**") with the Court on or before the Objection Deadline and (ii) serve the Objection on the Professional that submitted the Monthly Fee Statement and each of the other Notice Parties, so it is received by each of these parties on or before the Objection Deadline.  Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis.  If the parties are unable to reach a resolution of the Objection, the affected Professional may either (i) file a request with the Court for payment of the fees and expenses subject to the Objection or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court may consider and dispose of the Objection if requested by the parties.  The failure of a Notice Party to file an Objection to a Professional's Monthly Fee Statement shall not preclude such party from filing an Objection to such Professional's Interim Fee Application pursuant to subparagraph (g) below.

4

e.  Each Professional's initial Monthly Fee Statement shall cover the period from the Petition Date of the Commonwealth's Title III Case through the end of the full month preceding the filing date of the Monthly Fee Statement. Thereafter, Professionals may serve Monthly Fee Statements in the manner described above.

f.  Consistent with PROMESA section 317, at four-month intervals (an "**Interim Fee Period**"), each of the Professionals may file with the Court and serve on the Notice Parties an application (an "**Interim Fee Application**") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Professional for the Interim Fee Period, including any holdback pursuant to PROMESA section 317. Each Interim Fee Application must include a brief description identifying the following:

   i.   the Monthly Fee Statements subject to the request;

   ii.  the amount of fees and expenses requested;

   iii. the amount of fees and expenses paid to date or subject to an Objection;

   iv.  the deadline for parties to file Objections to the Interim Fee Application; and

   v.   any other information requested by the Court or required by the Local Rules or the Fee Examiner in accordance with the order appointing the Fee Examiner [Dkt. No. 1416].

g.  Objections, if any, to the Interim Fee Applications by any party other than the Fee Examiner shall be filed and served upon the Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or before the 20th day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application.

h.  Requests by the Fee Examiner to adjourn the hearing on any Interim Fee Application (such Interim Fee Applications identified in the request, "**Adjourned Interim Fee Applications**," and the rescheduled hearing, the "**Adjourned Fee Hearing**"), if any, shall be filed and served upon the Professional that filed the Adjourned Interim Fee Application and the other Notice Parties so as to be received at least seven (7) calendar days prior to a scheduled hearing on interim fee applications. Objections by the Fee Examiner, if any, to any Adjourned Interim Fee Application shall be filed and served upon the Professional that filed the Adjourned Interim Fee Application and the other Notice Parties on or before fifteen (15) calendar days before the applicable Adjourned Fee Hearing pursuant to the Case Management Procedures.

i.  Replies to objections to Interim Fee Applications, if any, may be submitted pursuant to the Case Management Procedures.

j. The Court shall schedule a hearing on Interim Fee Applications every four months pursuant to the schedule outlined below (an "**Interim Fee Hearing**"). The fee hearings may be held in conjunction with or separately from an Omnibus Hearing Date in the Court's discretion. If no Objections are timely filed, and if the Fee Examiner issues the Fee Examiner Report (defined below) recommending approval of the Interim Compensation Applications in full or in part, the Court may grant an Interim Fee Application without a hearing.

k. The Fee Examiner shall issue a letter report to each Professional listing and explaining each reduction to the Professional's fees and disbursements that the Fee Examiner recommends, and shall file a report at least seven calendar days before such hearing, which report shall disclose the consensual resolution with each Professional and each issue and amount not resolved (the "**Fee Examiner Report**").

l. The first Interim Fee Period shall cover the month in which the Petition Date of the Commonwealth's Title III Case occurred and the four full months immediately following such month. Accordingly, the first Interim Fee Period shall cover May 3, 2017, through September 30, 2017. Each Professional must file and serve its Interim Fee Application on or before the 45th day following the end of the applicable Interim Fee Period, with the exceptions outlined in the following schedule:

| **Fee Period** | **First Interim** May 3, 2017 – September 30, 2017 | **Second Interim** October 1, 2017 – January 31, 2018 | **Third Interim** February 1, 2018 – May 31, 2018 | **Fourth Interim** June 1, 2018 – September 30, 2018 |
|---|---|---|---|---|
| End of Interim Compensation Period | September 30, 2017 | January 31, 2018 | May 31, 2018 | September 30, 2018 |
| Interim Fee Applications Due | December 15, 2017 | March 19, 2018 | July 16, 2018 | November 16, 2018 |
| Initial Letter Report to Retained Professionals | February 15, 2018 | May 18, 2018 | September 14, 2018 | January 14, 2019 |
| Final (Summary) Report Filed | February 28, 2018 (or 7 days prior to scheduled hearing date) | May 30, 2018 (or 7 days prior to scheduled hearing date) | October 31, 2018 (or 7 days prior to scheduled hearing date) | March 6, 2019 (or 7 days prior to scheduled hearing date) |
| Estimated Interim Fee Hearing Date | March 7, 2018 (Omnibus Hearing) or an earlier date as ordered by the Court | June 6, 2018 (Omnibus Hearing) or an earlier date as ordered by the Court | November 7, 2018 (Omnibus Hearing) or an earlier date as ordered by the Court | March 13, 2019 (Omnibus Hearing) or an earlier date as ordered by the Court |

m. The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of

6

      compensation or reimbursement of expenses under the First Amended Interim Compensation Procedures. Any Professional that fails to submit a Monthly Fee Statement or file an Interim Fee Application when due or permitted shall be ineligible to receive further interim payments of fees or reimbursement of expenses under the First Amended Interim Compensation Procedures until such time as a Monthly Fee Statement or Interim Fee Application is submitted by the Professional. There shall be no other penalties for failing to file a Monthly Fee Statement or an Interim Fee Application in a timely manner.

  n. Payment and allowance of interim fees shall not bind any party in interest or the Court with respect to the final allowance of applications for payment of compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

  o. For all Professionals (except as otherwise agreed to by the Fee Examiner), any application made pursuant to PROMESA sections 316 and 317, shall be subject to Appendix A (non-attorney Professionals) or Appendix B (attorney-Professionals) of the U.S. Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013* (the "**U.S. Trustee Guidelines**"), as applicable.

3. Notwithstanding anything to the contrary in this Order, this Order shall not apply to work of professionals that (a) was customarily required outside of the Title III Cases, excluding restructuring professionals who are performing legal, financial, or operational services for a Title III Debtor, but including, for the avoidance of doubt, professionals performing services related to the preparation of audited financial statements or (b) is related to post-Hurricane Maria services and is being billed in conformance with the Federal Emergency Management Agency's reimbursement guidelines and rules related thereto, and such professionals shall be exempt from the requirements of applying for Court approval of their fees and reimbursements that were customarily required outside Title III.

4. Each member of any statutory committee is permitted to submit statements of expenses (excluding third-party professional expenses of individual committee members) and supporting vouchers to the respective committee's counsel, which counsel shall collect and submit for reimbursement in accordance with the Interim Compensation Procedures.

5. Notice of interim and final fee applications is limited to (a) the Notice Parties (b) the Fee Examiner, and (c) all parties that have filed a notice of appearance with the Clerk of this Court, pursuant to Bankruptcy Rule 2002 and applicable provisions of the Local Rules, and requested such notice.

6. The Notice Parties and the Fee Examiner shall receive the Monthly Fee Statements, any Interim Fee Applications, any final fee applications, and any Hearing Notices, and all other parties entitled to notice pursuant to this Order shall only receive the Hearing Notices.

7. The amount of fees and disbursements sought shall be set out in U.S. dollars.

7

8. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

**Compliance with Puerto Rico Law**

9. Each Professional in the Title III Cases shall comply with Puerto Rico tax withholding law, to the extent applicable to such Professional.

10. Each Professional's written contract with its client regarding the services to be rendered in these Title III Cases shall be provided to the Department of Treasury by sending such contract to Reylam Guerra Goderich (Reylam.Guerra@hacienda.pr.gov) and Omar E. Rodríguez Pérez, CPA (Rodriguez.Omar@hacienda.pr.gov) and shall be published by the Department of Treasury on its web page; provided, however, that Professionals who are paid directly by a public corporation that is a Title III debtor, including the Puerto Rico Electric Power Authority, do not need to comply with the requirements of this paragraph. Any Professional without a written contract regarding the services to be rendered in these Title III Cases shall enter into one with its client and send it to the Department of Treasury within 30 days of this Order.

11. In addition to existing requirements under the guidelines set by the Fee Examiner and the U.S. Trustee Guidelines, all Monthly Fee Statements shall include the following:

> a. A certification by the Professional stating the following:
>
> "I hereby certify that no public servant of the Department of Treasury is a party to or has any interest in the gains or benefits derived from the contract that is the basis of this invoice. The only consideration for providing services under the contract is the payment agreed upon with the authorized representatives of [client]. The amount of this invoice is reasonable. The services were rendered and the corresponding payment has not been made. To the best of my knowledge, [professional] does not have any debts owed to the Government of Puerto Rico or its instrumentalities."
>
> and
>
> b. A certification from a principal responsible for the retention of the professional that authorizes the submission of the Monthly Fee Statement (a "**Principal Certification**").

With respect to Professionals paid directly by public corporations that are Title III debtors, including the Puerto Rico Electric Power Authority, the certification required by subsection (a) above shall substitute "no employee of the [applicable public corporation]," in place of "no public servant of the Department of Treasury."

12. Within 60 days of entry of this Order, all Professionals shall submit to the entity that pays such professional (the Department of Treasury or the applicable public corporation) a letter with a retroactive Principal Certification for all Monthly Fee Statements submitted through the date of this Order, to the extent such Monthly Fee Statements do not already include a statement substantially similar to the Principal Certification.

8

13. All Professionals shall segregate their invoices by Debtor and by whether the services were rendered in Puerto Rico or outside of Puerto Rico.

14. All Professionals shall submit to the Department of Treasury non-binding, confidential fee estimates for professional services to be rendered in the following fiscal years (from July 1 to June 30), which shall be detailed by each Debtor. Such fee estimates shall not be subject to review or approval by the Department of Treasury. With respect to Professionals paid directly by public corporations that are Title III debtors, including the Puerto Rico Electric Power Authority, such Professionals shall submit their fee estimates to the applicable public corporation.

**Cooperation of Retained Professionals**

15. This Order applies to all Professionals retained in these cases by the Debtors, the Government and AAFAF (as it relates to the Debtor entities in the Title III Cases), the Oversight Board (as representative of the Debtors), and the statutory committees, to the extent the Professionals render services in the Title III Cases.

16. Nothing alters or impairs the right of any party in interest in these cases to object to any applications subject to this Order.

17. Nothing herein is intended to, shall constitute, or shall be deemed to constitute the Oversight Board's consent, pursuant to PROMESA section 305, to this Court's interference with (a) any of the political or governmental powers of the Debtors, (b) any of the property or revenues of the Debtors, or (c) the use or enjoyment of the Debtors of any income-producing property.

18. The Debtors and the Oversight Board, as the Debtors' representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

19. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

20. This Order resolves Docket Entry No. 3133 in Case No. 17-3283.

SO ORDERED.

Dated: June 6, 2018

  /s/ Laura Taylor Swain  
LAURA TAYLOR SWAIN
United States District Judge