**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

----------------------------------------------------------------------- x

|  |  |
|---|---|
| In re: | : |
|  | : |
|  | : |
| THE FINANCIAL OVERSIGHT AND | : PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : Title III |
|  | : |
| as representative of | : Case No. 17-BK-3283 (LTS) |
|  | : |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | : (Jointly Administered) |
|  | : |
| Debtors.[1] | : |

----------------------------------------------------------------------- x

**STATUS REPORT OF THE OVERSIGHT BOARD**
**ADDRESSING THE COURT'S DIRECTIVE IN ITS JUNE 7, 2018 ORDER**

To the Honorable United States Magistrate Judge Judith Gail Dein:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Electric Power Authority ("PREPA," and together with the Commonwealth, COFINA, and HTA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*

---

[1]  The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

("PROMESA"),[2] hereby submits this status report (the "Status Report") addressing the Court's directives from its June 7, 2018 order (the "Order").  Specifically, the Order directs the Oversight Board to report on the position of the Independent Investigator[3] with respect to the issues addressed in the Renewed Motion, including, without limitation:

    a.   the Independent Investigator's position with regard to the disclosure of search terms and custodians to the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "UCC") and the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "Retiree Committee");

    b.   the status of the availability of any production to the UCC and Retiree Committee of documents produced by parties to the Independent Investigator other than the Government Development Bank of Puerto Rico ("GDB"), Santander[4] and the Popular Entities[5];

    c.   a description of the exit plan to be submitted by the Independent Investigator identified by the Oversight Board at the June 6, 2018 hearing.

A statement of the Independent Investigator ("Statement") responsive to the above directives is attached hereto as **Exhibit A**.  Part A of the Statement is responsive to question (c) above.  Part B of the Statement is responsive to questions (a) and (b) above.  The Statement includes various related exhibits to further supplement the responses provided in Parts A and B.

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

[3] Capitalized terms not otherwise defined shall have the meaning given to them in Dkt. No. 3117.

[4] As defined in Dkt. No. 3120.

[5] As defined in Dkt. No. 3128.

Dated: June 13, 2018
    San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock
Stephen L. Ratner
Margaret A. Dale
Timothy W. Mungovan

(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900
Email: mdale@proskauer.com

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944
Email: hermann.bauer@oneillborges.com

*Attorneys for the Financial Oversight and*
*Management Board for Puerto Rico as*
*representative for the Debtors*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants

in this case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer

**Exhibit A**

Statement of the Independent Investigator

## Statement of the Independent Investigator

The Investigation relies upon, and has been made possible by, the voluntary cooperation of over 100 witnesses and stakeholders who have actively cooperated with the Independent Investigator in order to conserve resources and avoid litigation over subpoenas.  As is common in an investigation, most witnesses, including all parties that have made voluntary document productions to the Independent Investigator, have provided their cooperation based on the assurance that their confidential or otherwise sensitive information would be handled with discretion, and in many cases, pursuant to the terms of negotiated confidentiality agreements. The positions of the Independent Investigator set forth herein are informed by those considerations, by the ongoing nature of the Investigation, and by the Independent Investigator's sole interest in this matter, which is to assist the Financial Oversight and Management Board for Puerto Rico in achieving its mandate under PROMESA in the most effective and efficient way, while maintaining the independence of its work.

**A.**     **The Independent Investigator's Exit Plan Will Be Filed on or Before July 3, 2018**

As a result of the Independent Investigator's efforts to date, hundreds of thousands of pages of relevant documents have been collected.  Indeed, the Independent Investigator has received and reviewed document productions from dozens of separate witnesses, in addition to interviewing scores of witnesses.

For the Independent Investigator, these investigatory efforts will conclude with the publication of its final report (the "Final Report").  The Final Report will provide a comprehensive discussion of claims and avenues for recovery.  Parties in interest or members of the public may review the Final Report and determine that they require access to documents that have been collected by the Independent Investigator.  Accordingly, in advance of publishing its Final Report, the Independent Investigator will seek court approval for procedures governing the

storage of, and access to, documents collected during the Investigation, all of which will be placed into a secure document depository for the future use of various stakeholders.

Procedures similar to those that the Independent Investigator anticipates requesting have been approved by courts in bankruptcy cases involving court-appointed examiners. *See, e.g.*, *In re Lehman Brothers Holdings, Inc.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. July 13, 2010). Consistent with such cases, the Independent Investigator intends to transfer the documents in its possession to a central document depository for which parties may ask the court to grant access in the future. *See, e.g.*, *In re Lehman Brothers Holdings, Inc.*, Case No. 08-13555 (Order Discharging Examiner, ECF No. 10169, at ¶¶ 1.e, 6) ("The Examiner and his professionals shall perform any and all acts necessary to transition the maintenance of the CaseLogistix database of documents he has assembled to a neutral vendor . . . .").[6]

The Independent Investigator anticipates filing a motion for approval of these proposed procedures concerning the documents on or before July 3, 2018, so that it may be heard before the end of July 2018. The filing of this motion will precede the publication of the Final Report, in part, because the motion will also seek to establish procedures for resolving any confidentiality disputes that arise in connection with the publication of the Final Report. As noted, various producing witnesses have entered into confidentiality agreements with the Independent Investigator. Although these agreements generally provide the Independent Investigator with broad discretion to disclose a witness's confidential information if doing so is in the public interest or necessary to enable the Independent Investigator to fulfill its obligations under PROMESA, witnesses will generally be provided with advance notice of the disclosure of their confidential information, and they may elect to seek a protective order or similar relief prior

---

[6] The Investigation differs from these cases insofar as, among other things, the Independent Investigator was not appointed by a court in connection with a pending case. Indeed, the Investigation is proceeding under Title I of PROMESA.

to such disclosure.  The document procedures will seek to funnel any such disputes to a single forum that will apply a uniform set of dispute resolution procedures.

The Independent Investigator's interest is in preserving materials broadly for all parties in interest.  It has no interest in any particular party's use of any particular document.  Accordingly, the Independent Investigator takes no position with respect to whether the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) or the Official Committee of Retirees for the Commonwealth of Puerto Rico (together, the "Committees") should be granted access to all or any part of the document depository or other confidential information.  Indeed, the Independent Investigator anticipates that, in response to its motion to approve procedures concerning the documents, the Committees will respond requesting access, at which point the Court can address opposition, if any.

As discussed more fully in Section B below, the Committees already have access to documents produced by Santander, Popular, and (more recently) GDB/AAFAF, among others.[7] Other witness that are voluntarily cooperating with the Investigation have refused to consent to the sharing of confidential materials with the Committees at this time, despite the Independent Investigator's requests that witnesses consent to such sharing.  Had the Independent Investigator insisted that witnesses consent to a voluntary sharing arrangement with the Committee in advance of filing its exit plan, such insistence would have invariably delayed the Independent Investigator's access to critical documents by drawing the Investigation into litigation over the scope of materials sought.  The Independent Investigator is on track to complete its investigation this summer precisely because it did not pursue that approach.

---

[7] As used herein, (i) "Santander" means Santander Bancorp, Santander Asset Management, LLC, and Santander Securities LLC, (ii) "Popular" means Banco Popular de Puerto Rico, Popular, Inc., and Popular Securities, LLC, (iii) "GDB" means the Government Development Bank of Puerto Rico, and (iv) "AAFAF" means the Puerto Rico Fiscal Agency and Financial Advisory Authority.

B.      **The Independent Investigator's Provision of Search Terms, Custodian Lists, and
        Documents to the Committees**

   *1.      Popular and Santander*

   As has been previously reported, the Independent Investigator secured the consents of
Popular and Santander to share their productions with the Committees.  Accordingly, substantial
volumes of documents produced by Popular and Santander have been and will continue to be
provided to the Committees.  All documents that Popular and Santander have produced to
Independent Investigator have been provided to the Committees.  In addition, the Independent
Investigator invited the Committees to suggest search terms for the Popular and Santander
parties to use in searching custodial files.

   In connection with the filing of this status report, the Independent Investigator also
provided to the Committees the search terms and custodian lists that have been agreed between
the Independent Investigator and Popular and the Independent Investigator and Santander.  The
agreed custodians for Popular and Santander are set forth on Exhibit A and Exhibit B attached
hereto, together with a report on the status of the Independent Investigator's ongoing
negotiations with Popular and Santander regarding additional custodians and search terms.[8]

   *2.      GDB/AAFAF*

   Pursuant to Section 104(c)(2) of PROMESA, the Independent Investigator secured direct,
read-only access to the full email custodial files of a significant number of GDB employees and
former employees through AAFAF.[9]  The list of custodians whose email files have been made

---

[8] Exhibit A, Exhibit B, and the other exhibits attached hereto have been filed under seal.  The exhibits contain
    information that is confidential under the terms of existing confidentiality agreements and their disclosure
    may impact the ongoing Investigation.  The Committees have been provided copies of all the exhibits
    pursuant to the terms of their non-disclosure agreements with the Independent Investigator.

[9] 48 U.S.C. § 2124(c)(2) provides as follows: "Notwithstanding any other provision of law, the Oversight Board shall
    have the right to secure copies, whether written or electronic, of such records, documents, information,
    data, or metadata from the territorial government necessary to enable the Oversight Board to carry out its

available to the Independent Investigator is included on Exhibit C attached hereto.   A comprehensive review of these files has informed the Independent Investigator's interviews, even where selected documents could not be shared with witnesses at the time of their interviews.   For the interviews, the Independent Investigator had access to materials from a number of collateral sources in addition to those that may have been housed with GDB through AAFAF.

The Independent Investigator's review of the GDB custodial files is ongoing, and will be reflected in the Final Report.   Where appropriate, witnesses have been advised that they may be subject to additional questions about documents not produced as of the time of their interviews. Periodically, the Independent Investigator requests that AAFAF produce specifically identified documents contained within those custodial files.   The Independent Investigator has previously requested that any non-privileged documents produced to the Independent Investigator be shared with the Committees.   The Independent Investigator has been advised that documents produced to the Independent Investigator were provided by AAFAF to the Committees following the hearing in this matter on June 6, 2018.

In light of the Independent Investigator's direct access to a significant number of GDB's custodial files and ability to request that specific documents be produced, the Independent Investigator has not provided AAFAF with search terms or custodian lists.   The Independent Investigator has itself run targeted searches through many of the GDB custodial files and has undertaken a review of documents responsive to those searches.   The searches that the Independent Investigator has run through the GDB email custodial files is set forth on Exhibit

---

responsibilities under this chapter. At the request of the Oversight Board, the Oversight Board shall be granted direct access to such information systems, records, documents, information, or data as will enable the Oversight Board to carry out its responsibilities under this chapter."

<u>C</u>.[10]  The Independent Investigator previously invited the Committees to suggest search terms for GDB emails.

### 3.    Other Witnesses

The identities of various witnesses other than GDB, Santander, and Popular that have produced documents to the Independent Investigator are set forth on <u>Exhibit D</u> attached hereto. The identities of many of these producing witnesses have previously been shared with the Committees.  <u>Exhibit D</u> additionally identifies (i) the number of documents and pages produced by these witnesses to date, and (ii) whether the Independent Investigator has provided these witnesses with search terms.  The Independent Investigator invited the Committees to provide proposed search terms.  As referenced earlier, the Independent Investigator has entered into non-disclosure arrangements with these witnesses which govern disclosure of confidential materials, including potentially search terms used and custodians searched, to the Committees.  All witnesses except for AAFAF, Popular, and Santander have refused the request by the Independent Investigator to share confidential materials with the Committees if those materials were provided to the Independent Investigator on a voluntary basis.  The Independent Investigator intends not to disclose such information to the Committees absent the witness's express consent or a court order.

A subset of these witnesses have produced materials to the Independent Investigator that have been shared with the Committees.  These parties are listed on <u>Exhibit E</u>.  The materials relate largely to documents that are already in the public domain.

Dated: June 13, 2018

By: /s/ *John D. Couriel*
John D. Couriel

---

[10] As shown on <u>Exhibit C</u>, the Independent Investigator tailored its search terms for each witness so as to identify documents that are relevant to the Investigation and restricted its searches to specific custodians.

KOBRE & KIM LLP
201 South Biscayne Boulevard, Suite 1900
Miami, FL 33131
Telephone: (305) 967-6100
Fax: (212) 488-1220
John.Couriel@kobrekim.com


By: */s/ D. Farrington Yates*
D. Farrington Yates
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
Telephone: (212) 488-1200
Fax: (212) 488-1220
Farrrington.Yates@kobrekim.com

**EXHIBIT A**

[REDACTED]

**EXHIBIT B**

[REDACTED]

**EXHIBIT C**

[REDACTED]

**EXHIBIT D**

[REDACTED]

**EXHIBIT E**

[REDACTED]