# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| THE FINANCIAL OVERSIGHT AND | : | PROMESA TITLE III |
| MANAGEMENT BOARD FOR PUERTO RICO, | : | |
| | : | |
| as representative of | : | Case No. 17 BK 3283-LTS |
| | : | |
| THE COMMONWEALTH OF PUERTO RICO | : | (Jointly Administered) |
| | : | |
| Debtor[1] | : | |
| | : | |
| In re: | : | |
| | : | |
| THE FINANCIAL OVERSIGHT AND | : | PROMESA TITLE III |
| MANAGEMENT BOARD FOR PUERTO RICO, | : | |
| | : | |
| as representative of | : | Case No. 17 BK 3567-LTS |
| | : | |
| PUERTO RICO HIGHWAYS AND | : | THIS PLEADING RELATES |
| TRANSPORTATION AUTHORITY | : | ONLY TO THIS TITLE III CASE |
| | : | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**TO THE HONORABLE COURT:**

    **COMES NOW** creditor, Las Monjas Realty II, SE ("Las Monjas"), represented by the

---

[1] The Debtors in these title III cases, along with the last four digits of each Debtor's federal tax identification number, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (No. 17-BK-3283-LTS) (3481); (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (No. 17-BK-3566-LTS) (9686); (iii) Puerto Rico Highways and Transportation Authority (No. 17-BK-3567-LTS) (3808); (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (No. 17-BK-3284-LTS) (8474); and (v) Puerto Rico Electric Power Authority (No. 17-BK-4780-LTS) (3747).

undersigned counsel, requesting relief from the automatic stay imposed by the filing of the above-captioned Title III cases to collect a nondischargeable debt, owed by the Puerto Rico Highways and Transportation Authority ("HTA"), arising from the expropriation of property; which debt has been liquidated in a firm and final judgment entered on April 29, 2016, with the funds for payment on deposit in the local court since November 30, 2016.

## BACKGROUND

On November 4, 2010, Las Monjas filed Case KAC-2010-1332 against HTA for inverse expropriation for the occupation of land owned by Las Monjas in Hato Rey, PR without the payment of just compensation since December 16, 2002. A stipulation was reached and signed between the parties on March 5, 2016. See **Exhibit 1**. The judge in KAC-2010-1332 also approved the stipulation on April 29, 2016, which is firm, final and unappealable. See **Exhibit 2**.

Case KEF-2016-0083 is an expropriation case filed by HTA against Las Monjas on November 30, 2016. See **Exhibit 3**. On the same date, HTA deposited the sum of $1,274,000.00 with the clerk of the local court. This suit and the deposit of funds were the result of the aforementioned transactional stipulation entered into between the parties in KAC-2010-1332.

Thereafter, in Case KEF-2016-0083, after some procedural issues, the inclusion of various potentially interested parties and HTA's substitution of counsel, the matter was ultimately stayed with the filing of the Commonwealth's petition under PROMESA on May 3, 2017.

## APPLICABLE LAW

I.  Relief from Stay

It is important to delineate that the automatic stay only extends to property in which the debtor held an interest at the time of the commencement of the case.  See e.g. Endeavour GP, LLC v. Endeavour Highrise, L.P. (In re Endeavour Highrise, L.P.), 432 B.R. 583, 629 (Bankr. S.D. Tex. 2010).  As will be further discussed below, if property does not belong to the debtor, it is not subject to the automatic stay under either sections 362(a) or 922(a) of the United States Code.

Section 362(d)(1) of the U.S. Bankruptcy Code, made applicable to these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause."  To determine whether cause exists to lift the bankruptcy stay, courts in this district rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990)("Sonnax")(citing In re Curtis, 40 Bankr. 795, 799-800 (Bankr. D. Utah 1984).  See e.g., Brigade Leveraged Capital Structures Fund Ltd. V. Garcia-Padilla, 217 F.Supp. 3d 508, 518 (D.P.R. 2016)(citing Sonnax); Goya Foods v. Unanue-Casal (In re Unanue-Casal), 159 B.R. 90, 95 (D.P.R. 1993), as aff'd at 23 F.3d 395 (1st Cir. 1994).  Of particular relevance in the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution of the issues." "the lack of any connection with or interference with the bankruptcy case," "whether litigation in another forum would prejudice the interest of other creditors and/or interested parties," "the interests of judicial economy and the expeditious and economical resolution of litigation," and the "impact of the stay on the parties and the balance of the harms."  Sonnax, 907 F.2d at 1286.

3

Other courts have established that the moving party need not prove a plurality of the factors. Courts will generally rely on only a few factors to determine whether cause exists to grant relief from the stay. C & A, S.E. v. P.R. Solid Waste Mgmt. Auth., 369 B.R. 87, 94-95 (D.P.R. 2007)(citing Goya, 159 B.R. at 95-96. The court in Goya, *supra* at 96, correctly stated that "the question of what is cause . . . is developed primarily by case law." In other words, the determination of cause is made on a case by case basis.

II. Nondischargeablility of debt

The Constitution of the Commonwealth of Puerto Rico provides that "[n]o person shall be deprived of his liberty or property without due process of law." P.R. Const. Art. II, § 7. Moreover, the Puerto Rico Constitution provides that "private property shall not be taken or damaged for public use except upon payment of just compensation in the manner provided by law." P.R. Const. Art. II, § 9.

Likewise, the Takings Clause of the Fifth Amendment to the United States Constitution mandates that "[p]rivate property [shall not] be taken for public use, withnut just compensation." U.S. Const. Amend. V. This amendment is made applicable to the States and Puerto Rico through the Fourteenth Amendment. U.S. Const. Amend. XlV. In re City of Detroit, 524 B.R. 147, 268 (Bankr. E.D. Mich. 2014) citing Dolan v. City of Tigard, 512 U.S. 374, 383 (1994); Penn Cent. Transp. Co. v. City of N.Y., 438 U.S. 104, 122 (1978).

In First English Evangelical Lutheran v. Los Angeles, 482 U.S. 304, 315-16 (1987), the Supreme Court of the United States stated regarding the Fifth Amendment:

> This basic understanding of the Amendment makes clear that it is designed not to limit the governmental interference with property rights *per se,* but rather to secure *compensation* in the event of otherwise proper interference amounting to a taking. Thus, government action that works a taking of property rights necessarily implicates the "constitutional obligation to pay just compensation." Armstrong v. United States, 364 U.S. 40, 49 (1960).

> We have recognized that a landowner is entitled to bring an action in inverse condemnation as a result of "'the self-executing character of the constitutional provision with respect to compensation. . . .'" United States v. Clarke, 445 U.S. 253, 257 (1980), quoting 6 P. Nichols, Eminent Domain § 25.41 (3d rev. ed. 1972).

The Supreme Court has stated that a Takings Clause violation is defined by two elements: (1) the public taking of private property, and (2) the subsequent denial of just compensation for that taking. See Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 195, n.13 (1985).

The Fourteenth Amendment of the United States Constitution provides that "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. The limitations of the Fifth Amendment also apply, through the Due Process Clause of the Fourteenth Amendment, to takings by state governments and their subdivisions. See, e.g., Lucas v. S.C. Coastal Council, 505 US. 1003 (1992). Consequently, the Fifth Amendment is applicable to both the Commonwealth of Puerto Rico and HTA, and neither may take property without just compensation.

The Supreme Court of the United States has addressed the takings issue in the context of bankruptcy on several occasions, holding each time that the bankruptcy power is limited by the Fifth Amendment. See United States v. Security Indus. Bank, 459 U.S. 70, 75, 78 (19821; Wright v. Vinton Branch of Mtn. Trust Bank, 300 U.S. 440, 456-58 (1937); Louisville Joint Stock Land Bank v. Radford, 295 US. 555, 589 (1935). The protections afforded by the Fifth Amendment are not abrogated by the Bankruptcy Code. The legislative history of the Bankruptcy Code indicates that the drafters of the Bankruptcy Code considered the Fifth Amendment to be a limitation upon the impairment of property rights in bankruptcy, and current bankruptcy law gives great deference to property rights. Patterson Forrester, Julia,

5

Bankruptcy Takings, 51 Fla. L. Rev. 851, 863 (Dec. 1999).

Section 944(c)(1) of the Bankruptcy Code also provides that "the debtor is not discharged under subsection (b) of this section for any debt- (1) excepted from discharge by the plan or order confirming the plan[.]" 11. U.S.C. § 944.

## DISCUSSION

Las Monjas seeks to collect the $1,274,000.00 deposited in Case KEF-2016-0083. As cause, Las Monjas asserts that HTA has been in possession of the real property subject of these lawsuits since December of 2002. Such possession resulted from a taking of the property under both the U.S. and Puerto Rico Constitutions. The parties agreed to the amount of just compensation and the liability of HTA was already determined by a judgment issued on April 29, 2016. In fact, HTA filed KEF-2016-0083 and deposited the $1,274,000.00 with the court on November 30, 2016. HTA has no further interest in the funds deposited and thus the collection of these funds not only does not interfere with the PROMESA case, but lacks any connection with the PROMESA case.

With respect to the impact of the stay on the parties and the balance of harms, the claim of Las Monjas is nondischargeable in these Title III proceedings. Only this reading of 11 U.S.C. 944(c)(1) would allow a prospective confirmation order to be constitutional. Las Monjas is harmed by the denial of access to its just compensation and the withdrawal of such funds is of no legal consequence to HTA. Allowing collection will not prejudice HTA in any way. HTA will suffer no harm if the stay is lifted. However, not allowing Las Monjas to withdraw the funds, would be prejudicial to La Monjas, which was deprived of its property in 2002 without compensation. The continuance of the automatic stay is detrimental to Las Monjas as it is being deprived of its constitutional right to obtain

6

compensation for a taking that occurred sixteen years ago. The balance of the harms favors allowing Las Monjas to collect its judgment from the funds deposited with the local court.

Allowing collection will provide relief in this case which will result in a complete resolution of the issues between the parties and result in the withdrawal of Proof of Claim No. 1961 in the consolidated case and Claim No. 71 in HTA's case, both filed by Las Monjas. The fact that liability and damages have already been resolved in the litigation between Las Monjas and HTA demonstrates that the interests of judicial economy, and of the expeditious resolution of litigation, are best served by permitting the collection of the judgment and the withdrawal of Las Monjas' proof of claim in this case. Allowing collection of the funds deposited does not prejudice other creditors, as it has no direct or indirect effect upon their claims against HTA or their ability to collect those claims.

Accordingly, Las Monjas contends that cause exists for the automatic stay to be lifted to allow it to collect the damages deposited in the local court.

**WHEREFORE** it is respectfully requested that the Court grant Las Monjas Realty II, SE's request for relief from the automatic stay of 11 U.S.C. § 362(d)(1) for cause in order for Las Monjas to collect its nondischargeable debt.

**CERTIFICATE:** We hereby certify that pursuant to the Order Further Amending Case Management Procedures (fourth)(Dkt. No. 2839), on March 30, 2018, we notified the Oversight Board and AAFAF by E-mail of our intention to seek relief from stay unless a response was received by April 20, 2018, and no response was received.

**NOTICE OF TIME TO RESPOND:** Respondent is hereby notified that, unless otherwise ordered by the Court, this motion will be heard at the omnibus hearing scheduled for September 12, 2018 at 9:30 a.m. Accordingly, pursuant to the fourth amended case

management order entered on April 4, 2018 (Docket No. 2839)(the "CMP Order"), the objection deadline is eight calendar days prior to the hearing scheduled. See CMP Order at ¶III.R.

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Office of the United States Trustee and to the attorney of record. We further certify that the foregoing is being sent to all creditors and parties in interest included in the Master Address List on even date.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 20th day of June, 2018.

**G.A. Carlo-Altieri Law Offices, LLC**
**Attorneys at Law**
254 San Jose St., Third Floor
San Juan, Puerto Rico 00901
Phone: (787) 247-6680
Fax: (787) 919-0527

/s/ Kendra Loomis
Kendra Loomis
USDC PR No. 227408
E-mail: loomislegal@gmail.com
Mobile: (787) 370-0255

*/s/ Gerardo A. Carlo-Altieri*
Gerardo A. Carlo, Esq.
USDC PR No. 112009

E-mail: gacarlo@carlo-altieri.com