Case:17-03283-LTS Doc#:3321-1 Filed:06/20/18 Entered:06/20/18 09:22:34 Desc: Exhibit 1 - Settlement Stipulation Page 1 of 3

EXHIBIT 1

5/22/18

Daniel Tomlinson
DANIEL TOMLINSON
CERTIFIED TRANSLATOR
ADMINISTRATIVE OFFICE OF
THE UNITED STATES COURTS

## COMMONWEALTH OF PUERTO RICO
## TRIAL COURT
## SAN JUAN DIVISION

| | | |
|---|---|---|
| LAS MONJAS REALTY II, S.E. | * | CIVIL NO. KAC2010-1332 (905) |
| | * | |
| PLAINTIFF | * | |
| | * | |
| v. | * | |
| | * | |
| HIGHWAYS AND TRANSPORTATION AUTHORITY (ACT) | * | IN RE: INVERSE EXPROPRIATION |
| | * | |
| | * | |
| Defendant | * | |

****************************************

## SETTLEMENT STIPULATION

**BEFORE THE HONORABLE COURT:**

　　Comes now the defendant, Puerto Rico Highways and Transportation Authority (ACT) and Las Monjas Realty II, S.E., both represented by the undersigned attorneys, and before this Honorable Court very respectfully **State and Pray**:

1.　　The case at bar deals with an inverse expropriation claim due to occupancy on a piece of land belonging to las Monjas Realty II, S.E., located in the Hato Rey neighborhood of the Municipality of San Juan. The property has been occupied by the ACT since December 16, 2002 without them making any payment of fair compensation.

2.　　The occupied property has an area of 1,592.15 square meters, equivalent to 0.4015 [cuerdas]. There is no dispute that the property was occupied and that there is a public purpose because the improvements widening Luis A. Ferre Highway (PR-18) were performed on that property, the work has been completed and it is occupied by the public project.

3.　　The only dispute that was remaining in the case was the value, but the parties have reached a stipulation as to the value in accordance with the appraisal made by the appraiser, Esteban Nuñez, on April 15, 2015, which shows a value of $1,274,000.00, this being at a rate of $800 per square meter.

4.　　This being the case, the ACT agreed to pay the amount of $1,274,000.00 as payment for the parcel that is described in the following paragraph, pursuant to the following payment plan:

| Month | Payment | Sum Total |
|---|---|---|
| November 2016 | $700,000 | |
| December 2016 | $200,000 | $900,000 |
| January 2017 | $374,000 | $1,274,000 plus interest |

5. The parcel to be acquired is the following:

**PARCELA 02-001**
**URBANA: Predio de terreno radicado en el Barrio Hato Rey del término municipal de San Juan, con una cabida superficial de 0.4015 cuerdas equivalente a 1,592.15 metros cuadrados y en lindes por: el Norte: Con terrenos del Estado Libre Asociado de Puerto Rico; por el Sur, con Parcela 01-001, adquirida, por el Este, con la finca principal de la cual se segrega y por el Oeste, con la Autopista Luis A. Ferre.**

[URBAN: A piece of land located in Hato Rey Neighborhood of the municipal district of San Juan with a surface area of 0.4015 cuerdas, equivalent to 1,592.15 square meters and bounded on: The North: By land belonging to the Commonwealth of Puerto Rico; on the South, by Parcel 01-001, acquired, on the East, by the main parcel from which it is subdivided and, on the West, by Luis A. Ferre Highway.]

It will be subdivided from property 19,262 recorded on page 151 of volume 979 of Rio Piedras North, Section II of San Juan.

6. **As a result, and in essential consideration of the payments to be made pursuant to this agreement, the parties agree that once the final payment has been made, the petition for condemnation will be filed together with a copy of this agreement. With this agreement, the Plaintiff, Las Monjas Realty II, S.E., acquiesces to the filing of the condemnation, to the public purpose and to the fair value that is being paid by means of this agreement.**

7. In consideration of this Agreement, the appearing parties have agreed that, as of the signing of this Agreement, they mutually release each other irrevocably and unconditionally, and their agents, directors, insurers, officers, employees and any person hired by them to provide services, as well as any individual or entity, known or unknown, who has acted by or through them, from any and all claims of any nature, known or unknown, that they have or may have between them and/or against each and every one of the persons previously mentioned, related thereto and/or that may arise in regard to the events that produced the Complaint in this case.

8. The appearing parties also stipulate and agree to request this Honorable Court to enter Judgment using this Agreement as a basis. That this Judgment, by being the result of mutual agreement, will become firm, final and unappealable from the date it is entered.

9. If one of the appearing parties breaches the above-mentioned provisions, that will be sufficient grounds for either of the appearing parties to assert its rights through legal channels, reserving the right to claim expenses, costs and attorney fees incurred in the proceedings and any damages sustained.

10. A decision by a Court of competent jurisdiction that invalidates any provision of this Agreement, will not affect the validity of any other provision of the Agreement or of this Agreement itself.

11. This contract will be governed by the Laws and Courts of the Commonwealth of Puerto Rico, and venue of San Juan, as well as by any ruling on the structure of settlement agreements and/or their effect contained in the case law of the Puerto Rico Supreme Court. In the event that any provision or clause of this Agreement conflicts with applicable law, said conflict will not affect the rest of the provisions of this Agreement that can be fulfilled without prejudice to the provision in conflict with the law.

12. The parties agree to keep the content of this Agreement confidential. If disclosed, the parties acknowledge that the violation of this legal Agreement will give occasion to an action on damages and the complete repayment of the consideration made in its favor, without affecting the validity of the other agreements reached herein.

13. The confidentiality obligation will be set aside when the content of the Agreement has to be disclosed under any legal or regulatory provision or by order of a competent judicial, administrative or legislative authority, and if so shown, or for the purpose of defending any judicial or administrative claim that may be filed by any of the appearing parties against the other.

14. The appearing parties state and acknowledge that this Agreement is an expression of their will and that it may only be modified in writing.

15. The appearing parties acknowledge that they understood the content and implications of this Agreement completely and, for that reason, execute it freely and voluntarily.

16. By signing this Agreement, the parties certify (a) that they are duly authorized to execute it and (b) there are no other agreements or promises other than those indicated in this Agreement.

**AGREED TO AND ACCEPTED** in San Juan, March 5, 2016.

**[Sgd.] JUAN CARLOS ORTIZ AROCHO**
**(Bar No. 16,566 / RUA [Registry of Attorneys] 15,352)**
**ATTORNEY FOR the ACT**
122 Domenech Avenue Suite 1
San Juan, PR 00918
(T) (787) 282-8258/282-8120
(F) (787) 282-8119
(E) juankortiz@aol.com
(W) OrtizArocho.com

**[Sgd.] Ms. Rebecca Vazquez Olivero**
**Acquisitions Area Director**
Puerto Rico Highways
and Transportation Authority

**[Sgd.] RICARDO APONTE-PARSI**
**RUA NO. (THOSE [Supreme Court]) 13919**
**Attorney for Las Monjas**
PO BOX 195630
SAN JUAN, PR 00919-5630
TEL (787) 474-7423 / (787) 777-0610
Fax (787) 777-0613