**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.*,<br><br>                        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    as agent of<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>                        Plaintiff, | Adv. Proc. No. 17-00257-LTS<br><br>**URGENT MOTION OF THE BANK OF NEW YORK MELLON, AS TRUSTEE, FOR LEAVE TO INTERVENE IN THE COMMONWEALTH-COFINA DISPUTE FOR A LIMITED PURPOSE** |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

v.

BETTINA WHYTE,

               as agent of

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

               as representative of

THE PUERTO RICO SALES TAX FINANCING CORPORATION,

               Defendant.

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................ 1

JURISDICTION AND VENUE ........................................................................................................ 3

BACKGROUND ................................................................................................................................ 3

RELIEF REQUESTED ....................................................................................................................... 7

BASIS FOR RELIEF REQUESTED.................................................................................................. 7

I.    BNYM IS ENTITLED TO INTERVENE UNDER FEDERAL RULE 24(a)(2)............... 8

    A.    BNYM's Motion Is Timely. ..................................................................................... 8

    B.    BNYM Has An Interest In The Property That Forms The Basis Of The Procedures Motion. ................................................................................................... 9

    C.    The Disposition Of The Procedures Motion Could Impede BNYM's Ability To Protect Interests In The Post-July 1, 2018 Funds. ............................... 11

    D.    No Party To The Commonwealth-COFINA Dispute Adequately Represents BNYM's Unique Interests In Connection With The Procedures Motion. ................................................................................................................... 12

II.    BNYM SHOULD BE PERMITTED TO INTERVENE UNDER FEDERAL RULE 24(b)(1)(B). ................................................................................................................. 13

NO PRIOR REQUEST ..................................................................................................................... 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Assured Guaranty Corp. v. Commonwealth of Puerto Rico*,
  No. 17-00155-LTS, Doc. No. 125, slip op. (D.P.R. Jan. 30, 2018) ..........................................10

*Chemical Bank v. Seattle*,
  955 F.2d 1268 (9th Cir. 1991) ...................................................................................................12

*Daggett v. Comm'n on Governmental Ethics & Election Practices*,
  172 F.3d 104 (1st Cir. 1999) .....................................................................................................13

*In re Delta Air Lines, Inc.*,
  370 B.R. 537 (Bankr. S.D.N.Y.), *aff'd*, 374 B.R. 516 (S.D.N.Y. 2007), *aff'd*,
  309 Fed. Appx. 455 (2d Cir. 2009), *cert. denied*, 558 U.S. 1007 (2009) ................................12

*In re Doman*,
  68 A.D.3d 862 (N.Y. App. Div. 2009) .....................................................................................10

*Elliot v. GM LLC (In re Motors Liquidation LLC)*,
  829 F.3d 135 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 1813 (2017) ...........................................7

*In re Nortel Networks, Inc.*,
  522 B.R. 491 (Bankr. D. Del. 2014) .........................................................................................12

*P.R. Tel. Co. v. Sistema de Retiro de los Empleados del Gobierno y la Judicatura*,
  637 F.3d 10 (1st Cir. 2011) .........................................................................................................8

*Paloian v. LaSalle Bank, N.A.*,
  619 F.3d 688 (7th Cir. 2010) ....................................................................................................10

*Peaje Investments LLC v. García-Padilla*,
  845 F.3d 505 (1st Cir. 2017) .......................................................................................................7

*Taliaferro v. Taliaferro*,
  921 P.2d 803 (Kan. 1996) .........................................................................................................10

*Wells Fargo Bank Minnesota, N.A. v. Levin Professional Servs., Inc.*,
  348 F. Supp. 2d 638 (E.D. Va. 2004) .......................................................................................10

**Statutes**

13 P.R. Laws Ann. § 11a(b) ..............................................................................................................3

13 P.R. Laws Ann. § 12 ...........................................................................................................3, 4, 9

48 U.S.C. § 2101 ...................................................................................................................1

48 U.S.C. § 3166(a) ...............................................................................................................3

48 U.S.C. § 2167 ...................................................................................................................3

**Rules**

Fed. R. Civ. P. 24...............................................................................................................11

Fed. R. Civ. P. 24(a)(2).............................................................................................7, 8, 13

Fed. R. Civ. P. 24(b)(1)(B) ........................................................................................7, 13

Fed. R. Civ. P. 24(c) ..................................................................................................7, 13

**Other Authorities**

Black's Law Dictionary (7th ed. 1999).........................................................................10

Restatement (Third) of Trusts § 42, cmt. a (2003) .......................................................10

Restatement (Third) of Trusts § 42, cmt. c (2003) .......................................................10

The Bank of New York Mellon ("BNYM"), as trustee under the Amended and Restated Sales Tax Revenue Bond Resolution (as amended and supplemented, the "Resolution"), adopted on July 13, 2007, by the Puerto Rico Sales Tax Financing Corporation ("COFINA"), through its undersigned counsel, hereby moves (this "Motion") this Court for the entry of an order, pursuant to Rule 24 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to this proceeding by Rule 7024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 310 of the Puerto Rico Oversight, Management and Economic Stability Act, 48 U.S.C. § 2101 *et seq.* ("PROMESA"), granting BNYM leave to intervene in the above-captioned adversary proceeding (this "Adversary Proceeding") for the limited purpose of objecting to the urgent motion [Doc. No. 495] (the "Procedures Motion"), filed by The Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico (the "Commonwealth Agent"), as agent for The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth of Puerto Rico (the "Commonwealth"), to establish procedures governing proceeds of the Pledged Sales Tax (as defined herein) collected on or after July 1, 2018, and in support hereof, respectfully states as follows:[2]

**PRELIMINARY STATEMENT**

1. BNYM seeks to intervene as a defendant in this Adversary Proceeding for the limited purpose of objecting to the Procedures Motion. The purposes of BNYM's objection are threefold: (i) to ensure that all holders of beneficial interests in the Bonds (the "Beneficial

---

[2] Capitalized terms used but not defined in this Motion have the meanings given in the Resolution or the Procedures Motion, as the context may require. References to Bondowners generally as a matter of convenience do not change the defined terms set forth in the Resolution, as addressed more fully in the *Motion of The Bank of New York Mellon, as Trustee, for Partial Summary Judgment Pursuant to Fed. R. Civ. 56*, No. 17-0133-LTS (D.P.R. Nov. 6, 2017), Doc. No. 435, and BNYM reserves all rights and claims addressed therein.

- 1 -

Holders") whose rights may be affected by the proposed procedures receive adequate notice of the relief requested by the Commonwealth Agent and an opportunity to be heard; (ii) to protect the validity, priority, and extent of any of BNYM's rights, claims, liens, and security interests under the Resolution and the Court's interpleader order; and (iii) to avoid the imposition of new duties on BNYM outside of the Resolution and the Court's interpleader order absent clearly defined parameters.

2. To be clear, BNYM takes no position on the full agreement-in-principle at this time and in no way seeks to upset the settlement process. Further, of the three procedures proposed by the Commonwealth Agent in the Procedures Motion, BNYM does **not** object to: (i) accounting separately for the Pledged Sales Tax deposited after July 1, 2018, provided that (a) parties-in-interest develop and the Court's orders clearly define specific procedures as to how any investment gains should be calculated and apportioned between Pre- and Post-July 1, 2018 Funds, and (b) BNYM is protected from liability for acting in compliance with such Court order; and (ii) allocating the Pledged Sales Tax deposited after July 1, 2018, to the Commonwealth and COFINA pursuant to a settlement agreement that is approved by the Court as part of a confirmed plan of adjustment.

3. If granted leave to intervene, the focus of BNYM's proposed objection is the Commonwealth Agent's proposed procedure governing the disposition of the Pledged Sales Tax deposited after July 1, 2018, in the event that the settlement is not finalized and approved by the Court and the Court later determines that the Commonwealth owns all of the Pledged Sales Tax not yet collected and deposited with BNYM. *See* Procedures Motion ¶¶ 4(c), 5. The Commonwealth Agent would like the Court to approve an agreement between the Agents now that, in such circumstances, the Court's hypothetical future ruling would be retroactive to July 1,

- 2 -

2018. In effect, the deposit of Pledged Sales Tax with BNYM after July 1, 2018, could cease to be governed by the Resolution and applicable law. *See id.* This last procedure is referred to herein as the "Disposition Procedure."

4. Intervention is warranted for two reasons. *First*, BNYM is entitled to intervene under Federal Rule 24(a)(2) because: (i) the Motion is timely; (ii) BNYM holds legal title to the funds that may be affected if the Procedures Motion were granted; (iii) an order granting the Procedures Motion could affect BNYM's substantive rights in those funds; and (iv) no other party in this Adversary Proceeding adequately represents BNYM's interests. Indeed, BNYM is a necessary party to any request for relief that affects BNYM's substantive rights. *Second*, BNYM should be permitted to intervene under Federal Rule 24(b)(1)(B) because its proposed objection responds directly to questions of law raised by the Procedures Motion and BNYM's intervention would not unduly delay or prejudice the adjudication of the rights of other parties.

## JURISDICTION AND VENUE

5. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction pursuant to section 306(a) of PROMESA.

6. Venue is proper pursuant to section 307(a) of PROMESA.

7. The relief requested herein is warranted under Bankruptcy Rule 7024.

## BACKGROUND

8. The Commonwealth created COFINA as an independent governmental instrumentality for the purpose of financing the payment, retirement, or defeasance of Commonwealth debt obligations through the issuance of bonds secured by an assignment of a portion of the revenues generated by a tax on the sale or use of a broad range of goods and services. *See* 13 L.P.R.A. §§ 11a(b), 12. A portion of the tax (the "Pledged Sales Tax") in each

- 3 -

fiscal year is required to be deposited in a special fund owned by COFINA and maintained separate and apart from the Commonwealth's general fund. *See* 13 L.P.R.A. § 12. COFINA's enabling statute states that the Pledged Sales Tax was "transferred to, and shall be the property of COFINA." *Id.*

9. COFINA issued multiple series of senior and subordinate sales tax revenue bonds (the "Bonds") under the Resolution. *See generally* Resolution. Payments of principal and interest and other amounts due under the Resolution are secured by, among other things, an assignment of the Pledged Sales Tax. *See id.* § 501. Upon receipt, COFINA is required to deposit the Pledged Sales Tax with BNYM. *Id.* § 505.1. Amounts held by BNYM under the Resolution, including the Pledged Sales Tax, are "held in trust" and "applied only in accordance with the provisions of the Resolution . . . ." *Id.* § 502.3.

10. On May 16, 2017, BNYM commenced an adversary proceeding (the "Interpleader Proceeding") seeking interpleader and declaratory relief because certain holders of beneficial interests in the Bonds, insurers of the Bonds, and COFINA asserted competing claims to the Pledged Sales Tax held by BNYM in trust under the Resolution. *See Complaint*, Adv. Pro. No. 17-0133-LTS (D.P.R. May 16, 2017), Doc. No. 1. BNYM filed the Interpleader Proceeding to preserve the funds held in trust while the Court resolved the parties' disputes. In Stage One of the Interpleader Proceeding, the Court recognized the parties' competing claims, granted BNYM's request to interplead the funds, and ordered BNYM to hold the funds (net of BNYM's fees and expenses) "on behalf of the party or parties ultimately determined by the Court to be entitled" to them. *See Order Granting Interpleader, Staying Pending and Future Litigation Against The Bank of New York Mellon, as Trustee, Pursuant to 28 U.S.C. § 2361, and Granting*

- 4 -

*Related Relief* (the "Interpleader Order"), Adv. Pro. No. 17-0133-LTS (D.P.R. May 30, 2017), Doc. No. 110.

11. On August 10, 2017, the Court entered the *Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA Dispute* (the "Commonwealth-COFINA Stipulation"), establishing procedures whereby the Agents could litigate and/or settle the narrow legal question of "[w]hether after considering all procedural and substantive defenses and counterclaims, including constitutional issues, the sales and use taxes purportedly pledged by COFINA to secure debt are property of the Commonwealth or COFINA under applicable law" (the "Commonwealth-COFINA Dispute"). *See* No. 17 BK 3283-LTS (D.P.R. Aug. 10, 2017), Doc. No. 996.

12. On September 8, 2017, the Commonwealth Agent commenced this Adversary Proceeding to litigate the Commonwealth-COFINA Dispute. *See Complaint*, Adv. Pro. No. 17-0257-LTS (D.P.R. Sept. 8, 2017), Doc. No. 1.

13. On June 7, 2018, the Agents announced an agreement-in-principle that may resolve the Commonwealth-COFINA Dispute *if* all conditions precedent are satisfied, the Agents reach a final settlement agreement, and that agreement is approved by the Court as part of a confirmed plan of adjustment submitted by COFINA. *See Joint Informative Motion of Commonwealth Agent and COFINA Agent Disclosing Agreement in Principle*, Adv. Pro. No. 17-0257-LTS (D.P.R. June 7, 2018), Doc. No. 486.

14. At the Agents' request, the Court entered an order holding any rulings on the pending summary judgment motions in this Adversary Proceeding in abeyance for a period of sixty days to allow the Agents to finalize a settlement agreement. *See Order Holding*

*Decisions on Motions for Summary Judgment in Abeyance for 60-Day Period*, Adv. Pro. No. 17-0257-LTS (D.P.R. June 11, 2018), Doc. No. 492.

15. The Commonwealth Agent filed the Procedures Motion to "establish[] procedures" governing the Pledged Sales Tax collected on or after July 1, 2018, "pending implementation of the Commonwealth-COFINA settlement." *See* Procedures Motion ¶ 1. If granted, the Procedures Motion would subject the deposit of any Pledged Sales Tax collected on or after July 1, 2018, with BNYM to the following conditions:

(a) BONY would separately account for (i) all 5.5% SUT revenues currently in BONY accounts or received on or before June 30, 2018 (the "Pre-July 1 2018 Funds") and (ii) all 5.5% SUT revenues received by BONY on or after July 1, 2018 (the "Post-July 1, 2018 Funds"), so as to ensure that the two pools of funds (and proceeds from investment of such funds) are clearly identifiable;

(b) Upon the effective date of the settlement, the Post-July 1, 2018 Funds shall be allocated to the Commonwealth and COFINA in accordance with the PSTBA shares set forth in the settlement agreement (*i.e.*, 53.65% for COFINA, which would be the first dollars of the 5.5% SUT, and 46.35% for the Commonwealth); and

(c) In the event that either (x) the Agents do not execute a settlement agreement by August 4, 2018 **or** (y) the effective date of COFINA's Title III plan of adjustment approving and incorporating the settlement does not occur within 200 days after execution of the settlement agreement (as such deadlines may be extended pursuant to the terms of the Agreement in Principle), then the court's eventual ruling on the ownership of the 5.5% SUT not yet collected by the Commonwealth (as of June 30, 2018) shall govern the disposition of the Post-July 1, 2018 Funds (it being understood that neither Agent is waiving any appellate rights with respect to such determination).

Procedures Motion ¶ 4.

16. As noted above, BNYM does not object to the first procedure, providing a separate accounting for the Post-July 1, 2018 Funds, as long as the parties are not asking the

- 6 -

Court to impose any new duties, such as an undertaking to perform a complicated calculation and accounting for investment gains attributable to Pre- and Post-July 1, 2018 Funds, without clearly defined instructions. The current proposal should be revised to address allocation of investment gains between the two pools of funds. BNYM also does not object to the second procedure, allocating the Post-July 1, 2018 Funds pursuant to the settlement agreement if such agreement is approved by the Court as part of a confirmed plan of adjustment. BNYM's objection focuses solely on the third proposed procedure—the Disposition Procedure.

## RELIEF REQUESTED

17. Through this Motion, BNYM requests that the Court enter an order, pursuant to Federal Rule 24(a)(2) or (b)(1)(B), granting BNYM leave to intervene in this Adversary Proceeding for the limited purpose of objecting to the Procedures Motion. In accordance with Federal Rule 24(c), a copy of BNYM's proposed objection to the Procedures Motion is attached hereto as **Exhibit B**.[3]

## BASIS FOR RELIEF REQUESTED

18. The right to participate in litigation that impacts one's interests is an important right that courts seek to protect. *See*, *e.g.*, *Elliot v. GM LLC (In re Motors Liquidation LLC)*, 829 F.3d 135, 163-65 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 1813 (2017). If the Disposition Procedure is approved in its current form, BNYM and the Beneficial Holders may be deprived of substantive rights in funds held in trust by agreement of the Agents without giving all Beneficial Holders adequate notice and an opportunity to be heard. Even if the settlement agreement is never finalized or approved, the Disposition Procedure has the potential to determine the right to receive hundreds of millions of dollars of Pledged Sales Tax that are

---

[3] *See Peaje Investments LLC v. García-Padilla*, 845 F.3d 505 (1st Cir. 2017) (filing an opposition to a pending motion setting forth the putative intervenor's position on the issue for which intervention is sought is sufficient under Federal Rule 24(c)).

required to be deposited with and held in trust by BNYM for application solely in accordance with the Resolution. For the reasons discussed below, BNYM is entitled to intervene under Federal Rule 24(a)(2) and permitted to intervene under Federal Rule 24(b) for the limited purpose of protecting BNYM's and all Beneficial Holders' interests in the Post-July 1, 2018 Funds from the potential negative effects of an order granting the Procedures Motion.

## I. BNYM IS ENTITLED TO INTERVENE UNDER FEDERAL RULE 24(a)(2).

19. BNYM satisfies each of the requirements for intervention under Federal Rule 24(a)(2). This rule provides that, "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." To demonstrate a right to intervene, a putative intervenor must establish: "(i) the timeliness of its motion to intervene; (ii) the existence of an interest relating to the property or transaction that forms the basis of the pending action; (iii) a realistic threat that the disposition of the action will impede its ability to protect that interest; and (iv) the lack of adequate representation of its position by any existing party." *P.R. Tel. Co. v. Sistema de Retiro de los Empleados del Gobierno y la Judicatura*, 637 F.3d 10, 14 (1st Cir. 2011).

### A. BNYM's Motion Is Timely.

20. BNYM is seeking to intervene for the limited purpose of objecting to the Procedures Motion. BNYM is filing this Motion only four business days after the Procedures Motion was filed and within the expedited timeframe permitted by the Court for parties to the Adversary Proceeding to respond to the Procedures Motion (as extended by agreement of the Commonwealth Agent). Contemporaneously with the filing of this Motion, BNYM is filing an urgent motion to expedite the deadline for responsive briefing so that the Motion may be decided

and BNYM's proposed objection to the Procedures Motion may be considered contemporaneously with any other objections prior to July 1, 2018. Accordingly, granting BNYM leave to intervene for the limited purpose of objecting to the Procedures Motion should not disrupt the parties' progress in this Adversary Proceeding generally or delay a ruling on the Procedures Motion.

### B. BNYM Has An Interest In The Property That Forms The Basis Of The Procedures Motion.

21. The Commonwealth Agent filed the Procedures Motion for the purpose of establishing procedures governing the Post-July 1, 2018 Funds. Under applicable law and the Resolution, BNYM has *substantive* rights and interests in and to the Post-July 1, 2018 Funds.

22. Applicable law requires that the Pledged Sales Tax be deposited into the Dedicated Sales Tax Fund held and owned by COFINA separate and apart from the Commonwealth's general fund. *See* 13 L.P.R.A. § 12. All Pledged Sales Tax received by COFINA is pledged to BNYM as security for payment of the Bonds. Resolution § 501. Upon receipt, COFINA is required to deposit the Pledged Sales Tax with BNYM for application in accordance with the Resolution. *Id.* § 505.1. Amounts deposited with BNYM are "held in trust" and "shall be applied only in accordance with the provisions of the Resolution . . . ." *Id.* § 502.3. Further, pursuant to the Interpleader Order, BNYM is required to hold the entirety of the Pledged Sales Tax deposited with BNYM in the existing accounts into which they have been deposited on behalf of the party or parties ultimately determined by the Court to be entitled to such funds. *See* Interpleader Order ¶ 2.

23. BNYM holds legal title to trust funds, including the Post-July 1, 2018 Funds once they are deposited with BNYM, pursuant to applicable law and the Resolution. *See* Resolution § 502.3 (amount deposited with BNYM are "held in trust"); *In re Doman*, 68 A.D.3d

- 9 -

862, 863 (N.Y. App. Div. 2009) ("A valid express trust requires . . . a fund or other property sufficiently designated or identified to enable title of the property to pass to the trustee, and . . . actual delivery of the fund or property, with the intention of vesting legal title in the trustee."); *Paloian v. LaSalle Bank, N.A.*, 619 F.3d 688, 691 (7th Cir. 2010) ("In American law, a trustee is the legal owner of the trust's assets."); *see also Wells Fargo Bank Minnesota, N.A. v. Levin Professional Servs., Inc.*, 348 F. Supp. 2d 638, 640 n. 1 (E.D. Va. 2004) ("An indenture trustee is '[a] trustee named in a trust indenture and charged with holding legal title to the trust property . . . .") (quoting Black's Law Dictionary (7th ed. 1999)), *aff'd*, 189 Fed. Appx. 239 (4th Cir. 2006). The "backbone of trust law is the concept of separate ownership of equitable and legal interests." *Taliaferro v. Taliaferro*, 921 P.2d 803, 809 (Kan. 1996). "[B]eneficiaries hold the beneficial interests (or 'equitable title') in trust property, while the trustee (ordinarily) holds 'bare' legal title to the property." *Restatement (Third) of Trusts* § 42, cmts. a and c (2003); *accord Assured Guaranty Corp. v. Commonwealth of Puerto Rico*, No. 17-00155-LTS, Doc. No. 125, slip op. at 26 (D.P.R. Jan. 30, 2018) ("a trust divides ownership of property, placing legal title with trustee while the beneficiary enjoys an equitable interest.").

24. Importantly, BNYM's right to payment of its claims—whether for fees and expenses or indemnification—has priority of payment ahead of all payments to Bondowners. *See* Resolution § 804. BNYM also has a lien on and security interest in "all monies and securities . . . from time to time held by [BNYM] under the terms of the Resolution." *See* Resolution §§ 101, "Pledged Property" and 501.1.

25. The fact that BNYM is a necessary (if not indispensable) party to any claim for relief that might extinguish BNYM's substantive rights also supports BNYM's right to intervention. *See* Federal Rule of Civil Procedure 24 advisory committee note (1996)

- 10 -

("Intervention of right is here seen to be a kind of counterpart to Rule 19(a)(2)(I) on joinder of persons needed for a just adjudication: where, upon motion of a party in an action, an absentee should be joined so that he may protect his interest which as a practical matter may be substantially impaired by the disposition of the action, he ought to have a right to intervene in the action on his own motion.").

26. For these reasons, BNYM has a protectable interest in the Post-July 1, 2018 Funds—the subject of the Procedures Motion—that is sufficient for purposes of intervention under Federal Rule 24(a)(2).

### C. The Disposition Of The Procedures Motion Could Impede BNYM's Ability To Protect Interests In The Post-July 1, 2018 Funds.

27. Through the Procedures Motion, the Commonwealth Agent implicitly seeks a pre-determination of certain rights and interests of BNYM (and the Beneficial Holders) as part of the Commonwealth-COFINA Dispute. Specifically, the Commonwealth Agent wants the Court to decide now that, *if* the agreement-in-principle is not finalized and approved, and the Court later determines that the Commonwealth owns all of the Pledged Sales Tax not yet collected and deposited with BNYM, such hypothetical future ruling would be retroactive to July 1, 2018. *See* Procedures Motion ¶ 4(c). Establishing the Disposition Procedure may deprive BNYM (and the Beneficial Holders) immediately of the rights and interests attendant to BNYM's legal title to and possession of the Post-July 1, 2018 Funds merely by agreement of the Agents, without adequate notice to all Beneficial Holders or any hearing and in advance of any ruling on the merits. Stated differently, the Commonwealth Agent wants the Court to treat the Post-July 1, 2018 Funds as if they were not deposited with BNYM, which arguably has the same effect as cutting off the flow of Pledged Sales Tax entirely. Accordingly, there is a realistic

threat that an order approving the Disposition Procedure would impede BNYM's ability to protect its interests in the Post-July 1, 2018 Funds.

        **D.     No Party To The Commonwealth-COFINA Dispute Adequately Represents BNYM's Unique Interests In Connection With The Procedures Motion.**

        28.     BNYM occupies a unique position in COFINA's title III proceeding. *First*, BNYM it is the only party authorized to exercise remedies or resolve disputes on behalf of *all* Bondowners (subject to direction and indemnification from Bondowners in accordance with the Resolution).[4] *Second*, BNYM is the only party with an interest in protecting BNYM's own substantive rights. As indenture trustee, BNYM has an interest in preserving the integrity of the Resolution and ensuring that, except as otherwise expressly permitted by the Resolution, the covenants and agreements in the Resolution are enforced "for the equal benefit, protection and security" of all Bondowners . . . ." Resolution § 103. Among those agreements is that the Pledged Sales Tax held by BNYM in trust must be applied solely in accordance with the Resolution. *Id.* § 502.3.

        29.     No party in this Adversary Proceeding has the same interest. The Commonwealth Agent seeks to limit BNYM's rights and interests in the Post-July 1, 2018 Funds. *See generally* Procedures Motion. The COFINA Agent's mandate is to achieve a result that is best for COFINA, rather than BNYM or other creditors of COFINA. *See* Stipulation ¶ 4.f. Although the interests of COFINA-related intervenors (e.g., coalitions of senior and subordinate

---

[4] *See* Resolution § 1102; *see also In re Delta Air Lines, Inc.*, 370 B.R. 537, 548-49 (Bankr. S.D.N.Y.), *aff'd*, 374 B.R. 516 (S.D.N.Y. 2007), *aff'd*, 309 Fed. Appx. 455 (2d Cir. 2009), *cert. denied*, 558 U.S. 1007 (2009) ("Implicit in the authority to commence proceedings to remedy defaults is the power to negotiate and agree upon settlements, subject to the power to direct in writing by a majority in amount of the Bondholders . . . . In default situations where contractual rights are already impaired by exogenous events, non-impairment clauses are moot and the Trustee's power to sue and settle subject to direction by a majority in amount or a specified minimum percentage will be sustained over the objection of a minority or individual."); *Chemical Bank v. Seattle*, 955 F.2d 1268 (9th Cir. 1991) (trustee settlement binds bondholders as long as the trustee has acted in good faith and without neglecting its duty to assert claims and liens); *In re Nortel Networks, Inc.*, 522 B.R. 491 (Bankr. D. Del. 2014) (pre-plan settlement agreements proper subject of Rule 9019 motion).

holders of beneficial interests in the Bonds and monoline insurers of the Bonds) may be consistent with certain interests of BNYM, each of these parties looks to maximize its own recovery. A large percentage of Beneficial Holders also are not individually represented in this Adversary Proceeding or COFINA's title III proceeding. BNYM's individual interests are not represented at all. BNYM, as the indenture trustee for all Bondowners, has a unique interest that is not adequately represented by any other party.

30. Because (i) the Motion was timely, (ii) BNYM has an interest in the Post-July 1, 2018 Funds, (iii) that may be diminished as a result of the relief requested, and (iv) no other party in the Adversary Proceeding adequately represents BNYM's unique interests, BNYM satisfies all of the requirements for intervention as a matter of right under Federal Rule 24(a)(2).

## II. BNYM SHOULD BE PERMITTED TO INTERVENE UNDER FEDERAL RULE 24(b)(1)(B).

31. Even if this Court determines that BNYM is not entitled to intervene in this Adversary Proceeding under Federal Rule 24(a)(2), BNYM should be permitted to intervene under Federal Rule 24(b)(1)(B). Courts "enjoy[] very broad discretion" to grant permissive intervention under Federal Rule 24(b) where the putative intervenor: (i) files a "timely motion;" (ii) "has a claim or defense that shares with the main action a common question of law or fact;" and (iii) will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(B) & (c); *see Daggett v. Comm'n on Governmental Ethics & Election Practices,* 172 F.3d 104, 113 (1st Cir. 1999).

32. As set forth above, the Motion is timely and intervention will not unduly delay or prejudice the original parties' rights because BNYM seeks leave to intervene as a defendant for the limited purpose of objecting to the Procedures Motion. Additionally, BNYM's proposed objection shares with the Procedures Motion common questions of law and fact.

Specifically, BNYM seeks to challenge the Procedures Motion on the bases that due process has not been provided to all Beneficial Holders and that the Disposition Procedure is unnecessary to preserve the status quo. *See* Ex. B. By responding directly to the relief requested in the Procedures Motion, BNYM does not seek to inject any new or different issues into the Adversary Proceeding. For these reasons, BNYM satisfies all of the requirements for permissive intervention under Federal Rule 24(b).

## NO PRIOR REQUEST

33. No previous request for the relief sought herein has been made by BNYM to this or any other court.

WHEREFORE, BNYM respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting BNYM leave to intervene in this Adversary Proceeding as a defendant for the limited purpose of filing the objection attached hereto as **Exhibit B** and granting such other and further relief as may be just and proper.

*[The remainder of this page was intentionally left blank.]*

| | |
|---|---|
| Dated: June 20, 2018<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>SEPULVADO, MALDONADO & COURET |
| | By: */s/ Albéniz Couret-Fuentes*<br>Elaine Maldonado-Matías<br>USDC-PR No. 217309<br>Albéniz Couret-Fuentes<br>USDC-PR Bar No. 222207<br>José Javier Santos Mimoso<br>USDC-PR Bar No. 208207<br>304 Ponce de León Ave. – Suite 990<br>San Juan, PR 00918<br>Telephone: (787) 765-5656<br>Facsimile: (787) 294-0073<br>Email: emaldonado@smclawpr.com<br>Email: acouret@smclawpr.com<br>Email: jsantos@smclawpr.com<br><br>REED SMITH LLP<br><br>*/s/ Eric A. Schaffer*<br>Eric A. Schaffer<br>Luke A. Sizemore<br>225 Fifth Avenue, Suite 1200<br>Pittsburgh, PA 15222<br>Telephone: (412) 288-3131<br>Facsimile: (412) 288-3063<br>Email: eschaffer@reedsmith.com<br>Email: lsizemore@reedsmith.com<br><br>Kurt F. Gwynne<br>1201 N. Market Street, Suite 1500<br>Wilmington, DE 19801<br>Telephone: (302) 778-7550<br>Facsimile: (302) 778-7575<br>Email: kgwynne@reedsmith.com<br><br>*Counsel to The Bank of New York Mellon,*<br>*as indenture trustee* |