UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**FIRST AMENDED ORDER PURSUANT TO PROMESA
SECTIONS 316 AND 317 AND BANKRUPTCY CODE
<u>SECTION 105(A) APPOINTING A FEE EXAMINER AND RELATED RELIEF</u>**

Upon the Court is the *Motion of the Fee Examiner to Amend the Fee Examiner Order with Respect to the Scope of the Fee Examiner's Authority in the Interest of Administrative Efficiency* (Docket Entry No. 3032, the "Motion," as amended by Docket Entry No. 3132). After careful consideration of the Motion and a hearing on June 6, 2018, the Court has determined, for the reasons stated on the record of the hearing, that the Motion should be granted to the extent that it seeks to (i) allow the Fee Examiner and his counsel to undertake the review of fees for services provided outside of these Title III cases and seeks amendment of the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Fee Examiner Order to establish that the Fee Examiner's assignment extends to all fee requests filed in these Title III cases (subject to the limitations discussed above), whether or not the services provided were directly related to these Title III cases or provided before a formal engagement and (ii) apply the Fee Examiner Order to all professionals that file Applications in the Title III cases seeking compensation and expenses under PROMESA sections 316 and 317 for services rendered whether or not such services were provided before the execution of any formal engagement document or order, and that the Motion should be denied without prejudice in all other respects.  It is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** in part to extent provided herein and denied without prejudice in all other respects.

2. The Fee Examiner is ordered, in consultation with the relevant professionals and counsel for the Oversight Board, AAFAF, and the official committees, to develop and present a proposal to the Court to resolve the concerns the Fee Examiner has noted at paragraphs 9 through 22 of the Motion, addressing the fee applications of McKinsey & Company, Andrew Wolfe, and other *de minimis* and flat fee professionals and reiterating and amending the provisions of the *Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(A) Appointing a Fee Examiner and Related Relief* (Docket Entry No. 1416).

### The Appointment of the Fee Examiner

3. Brady Williamson shall continue his appointment as Fee Examiner in the title III cases (and in all other title III cases filed by affiliates of the Debtors that are or become jointly administered with these title III cases, if any).

4. If the Fee Examiner position becomes vacant, the United States Trustee, after consultation with the Debtors and Statutory Committees, shall recommend a successor for appointment by the Court.

5. This Order applies to all professionals that will file Applications in the title III cases (and in all other title III cases filed by affiliates of the Debtors that are or become jointly administered with these title III cases, if any) seeking compensation and expenses under PROMESA sections 316 and 317 for services rendered whether or not such services are directly in connection with the title III cases and whether or not such services were provided before the execution of any formal engagement document or order, but only to the extent such services are included in the filed Applications. The foregoing shall not be deemed to require a professional performing non-title III services to file a fee application in the title III cases with respect to such services.

## Responsibilities and Authority of the Fee Examiner

6. The Fee Examiner shall, among other things, review and report on, as appropriate, the Applications filed by the professionals.

7. The Fee Examiner is responsible for monitoring, reviewing, and assessing all Applications for compliance with:

   a. The Motion;

   b. PROMESA sections 316 and 317;

   c. Rule 2016(a) of the Federal Rules of Bankruptcy Procedure;

   d. The Local Bankruptcy Rules;

   e. The Interim Compensation Order (as amended); and

   f. U.S. Trustee Guidelines.

8. The Fee Examiner has the authority to:

   a. Continue to develop case-specific guidelines supplementing, but not in conflict with, the authorities listed above;

    b. Continue to establish procedures to facilitate preparation and review of the Applications, including;

        i. the use of specific forms and billing codes;

        ii. the submission of Applications to the Fee Examiner by electronic mail contemporaneously with the filing of each Application; and

        iii. the submission to the Fee Examiner by electronic mail of the fee detail containing the time entries and the expense detail ("Fee Detail") in the LEDES electronic format (for law firms) or Excel spreadsheets (for all professionals other than law firms). The Fee Examiner and any professional submitting data in Excel will work together to ensure the Fee Detail contains all necessary information. Fee Detail should be submitted contemporaneously with the submission of each Application.

    c. Continue to establish procedures to resolve disputes with the professionals concerning the Applications, including:

        i. Communicating concerns to the professionals about their Applications and requesting further information as appropriate;

        ii. Presenting confidential reports to the professionals of the Fee Examiner's review of Applications describing the Fee Examiner's concerns;

        iii. Providing a copy of the Fee Examiner's reports to the U.S. Trustee;

        iv. Negotiating with the professionals any concerns the Fee Examiner has concerning Applications; and

    v. Resolving consensually any concerns the Fee Examiner has about Applications, subject to the Court's approval.

d. Request budgets and staffing plans from the professionals. Any budgets requested shall not limit the amount of fees or expenses that may be allowed or restrict the extent or scope of services that a professional may determine are necessary to fulfill professional responsibilities.

e. Appear and be heard on any matter before this Court or an appellate court regarding the Applications, including but not limited to:

    i. Filing comments and summary reports with the Court on Applications;

    ii. Objecting to Applications and litigating the objections;

    iii. Conducting discovery, including filing and litigating discovery motions or objections; and

    iv. Appealing, defending an appeal, or appearing in an appeal regarding an Application.

f. Retain professionals to represent or assist the Fee Examiner with his work under standards and procedures analogous to section 327 of the Bankruptcy Code and to have them compensated by the Debtors under standards and procedures analogous to those that apply to the professionals, including but not limited to PROMESA sections 316 and 317.

**Cooperation of Retained Professionals**

9. Professionals shall cooperate with the Fee Examiner in the discharge of his duties and shall promptly respond to requests from the Fee Examiner for information.

10. If a professional or its client provides privileged or work product information to the Fee Examiner and identifies the nature of such information to the Fee Examiner, the Fee

Examiner shall treat such information as confidential. The disclosure of such information to the Fee Examiner shall not be deemed to be a waiver by the disclosing party of any applicable work product, attorney client, or other privilege. *See also Stipulated Disclosure Agreement and Protective Order.* [Dkt. No. 2832].

## **Fee Examiner Compensation and Reimbursement of Expenses**

11. The Fee Examiner shall be entitled to reasonable compensation, including reimbursement of reasonable, actual, and necessary expenses, from the Debtors. The Fee Examiner's compensation and reimbursement shall be subject retrospectively to Court approval under standards and procedures analogous to those that apply to the professionals.

12. The Fee Examiner shall file interim and final fee applications under standards and procedures analogous to sections 316 and 317 of PROMESA.

13. The Fee Examiner is required to keep reasonably detailed time records and submit them with any interim or final fee application along with a narrative summary of services rendered.

14. The Fee Examiner's compensation and terms of appointment attached as **Exhibit B** to the *Urgent Motion of the United States Trustee Pursuant to PROMESA Section 316 and 317 and Bankruptcy Code Section 105(A) for Entry of Order Appointing a Fee Examiner and Related Relief* [Dkt. No. 1296] are hereby re-approved.

## **Exculpation**

15. The Fee Examiner shall be given the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of his duties. In addition to such immunity, no action may be commenced against the Fee Examiner in connection with Fee Examiner matters except in this Court and only with the prior approval of this Court, which retains exclusive jurisdiction.

**Reservations of Rights and Jurisdiction**

16. Nothing in this Order shall alter or impair the right of the United States Trustee or any party in interest to object to Applications subject to this Order. Nothing in this Order shall alter or modify prior orders governing the retention of professionals.

17. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

18. This Order resolves docket entry no. 3032.

SO ORDERED.

Dated: June 20, 2018

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge