UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA |
| The Financial Oversight and Management Board for Puerto Rico, | Title III |
| as representative of | No. 17-BK 3283-LTS |
| The Commonwealth of Puerto Rico, *et al.* | |
| Debtors. | |

### REPLY IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY

TO THE HONORABLE COURT:

COMES NOW Grisell Cuevas-Rodríguez (hereinafter "Ms. Cuevas" or the "Plaintiff") through the undersigned attorney, and very respectfully STATES and PRAYS as follows:

**I. INTRODUCTION**

1. On June 6th, 2018, Ms. Cuevas filed a *Motion for Relief from Automatic Stay* pursuant to §362(d)(1) of the Bankruptcy Code applicable to the present case through section 301 (a) of Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"). [**Docket No. 3268**].

2. On June 20th, 2018, the Commonwealth of Puerto Rico opposed to Plaintiff's Motion for Relief. [**Docket No. 3329**]. In essence, the Commonwealth avers that: *(1)* suits brought against government officials in their personal and official

capacities are stayed under sections 362(a) and 922(a); and *(2)* Ms. Cuevas failed to establish cause to lift the Title III stay.

3. However, as discussed herein below in more detail, contrary to the Commonwealth's assertions, *(1)* the automatic stay does not apply to individual capacity claims brought against Commonwealth government officials; and *(2)* Ms. Cuevas did in fact establish cause for lifting the automatic stay.

4. Accordingly, the automatic stay arising under § 301 of PROMESA and Bankruptcy Code § 362 must be vacated to allow Ms. Cuevas to redress her grievances before the United States District Court for the District of Puerto Rico.

## II. DISCUSSION

### a. THE AUTOMATIC STAY DOES NOT APPLY TO INDIVIDUAL CAPACITY CLAIMS BROUGHT AGAINST COMMONWEALTH GOVERNMENT OFFICIALS

5. In the underlying case filed by Ms. Cuevas, she brought suit against the Commonwealth of Puerto Rico, the Superintendent and several officers of the Puerto Rico Police Department both in their official and in their personal capacities (hereinafter referred to jointly as the "Defendants"). *See* Cuevas-Rodriguez v. Soto-Lopez, Civil No. 17-2249 (GAG)(SCC).

6. In its response in opposition, the Commonwealth did not dispute that it assumed the legal representation of some of the co-defendants both in their official and in their individual capacities pursuant to Puerto Rico Law 9 of November 26, 1974, P.R. Laws Ann. tit. 32, § 3085 *et seq.* ("Law 9").

7. Accordingly, as stated in the Motion for Relief, regardless of whether the automatic stay is lifted or not as to the Commonwealth, the Commonwealth will still have to participate in the litigation considering that the claims made against the government officials in their individual capacities are not stayed under PROMESA and the Commonwealth assumed their legal representation. Thus, the Commonwealth's argument that the stay should not be lifted because of litigations costs holds no water. The Commonwealth will still incur in litigation costs to defend the co-defendants that are not protected by PROMESA's automatic stay provision.

8. It is well-settled that **the automatic stay does not apply to individual capacity claims brought against Commonwealth government officials, even when the Commonwealth represents and promises to indemnify these officials under Law 9**. *See* Guadalupe-Báez v. Pesquera, 269 F. Supp. 3d 1, 3 (D.P.R. 2017). (Emphasis added). In fact, "**personal capacity claims do not 'seek to enforce a claim against the Debtor' under PROMESA's stay provisions**." *Id*. at page 3. (Emphasis added).

9. Moreover, in Colón-Colón v. Negrón-Fernández, Case No. 14-1300 (GAG) (D.P.R. May 14, 2018), the United States District Court for the District of Puerto Rico held that: **PROMESA does not contemplate "the stay of suits against government officials in their personal capacity, much less the enforcement of settlements against these officials entered before Title III… the 'debtor' in a case between a plaintiff and a government official sued in his personal capacity is the government official. If the Commonwealth opts to represent the government**

3

**official under Law 9, the Commonwealth is a 'debtor' of the government official, not the plaintiff. Even if the practical arrangement has been for the Commonwealth to pay the plaintiff directly on the government official's behalf, the practical arrangement does not change the underlying structure. The party indebted to the plaintiff is the government official, not the Commonwealth representing the government official**." (Emphasis added).

10. In view of the above, it is clear that the automatic stay does not apply to individual capacity claims brought against Commonwealth government officials, even when the Commonwealth represents and promises to indemnify these officials under Law 9.

   b. **THE COMMONWEALTH FAILED TO MEET ITS BURDEN OF PROOF**

11. Section 362(d)(1) of the Bankruptcy Code states as follows:

    > (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -- (1) for cause, including the lack of adequate protection of an interest in property of such party in interest…
    
    11 U.S.C. §362(d)(1).

12. Section 362(d) should be read in conjunction with § 362(g) since the latter subsection allocates the burden of proof in motions seeking relief from stay. Section 362(g) provides as follows:

    > (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section --
    > (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

4

> (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. §362(g).

13. If debtor's equity in property is not an issue, it follows that the debtor has the burden of proof in opposing motions for relief from stay. In re Highcrest Management Co., Inc., 30 Bankr. 776 (Bankr. S.D. N.Y. 1983). Once the moving party establishes cause for relief from stay, a stricter burden then shifts to the debtor to demonstrate he is entitled to the stay. Goya Foods v. Unanue-Casal (In re Unanue-Casal), 159 B.R. 90, 95 (1993); In Re Unionoil, 54 Bankr. 192, 194 (Bankr. D. Colo. 1985). *See* In re Curtis, 40 Bankr. 795 (Bankr. D. Utah 1984) ("Once the party seeking relief from stay establishes a legally sufficient basis, i.e., 'cause,' for such relief, the burden then lies with the debtor to demonstrate that it is entitled to the stay.").

14. In the instant case, the Commonwealth failed to meet its burden of proof. Thus, the automatic stay must be lifted.

   c. **THERE IS CAUSE FOR LIFTING THE AUTOMATIC STAY**

15. In order for Ms. Cuevas to be able to redress her grievances, the automatic stay must be lifted. The enforcement of the PROMESA stay will cause irreparable harm to Ms. Cuevas; will adversely affect her ability to adequately present her case; and will place her claims in an indefinite state of legal uncertainty. Plaintiff's statutory and constitutional rights outweighs any detriment that the Commonwealth could suffer, if any, if the stay is lifted to address Plaintiff's claims. The resolution of this legal controversy is indispensable to make Plaintiff whole for all the damages that she

has and is suffering as a direct consequence of the discriminatory and retaliatory acts that she has been subjected to during her tenure at the Puerto Rico Police Department.

16. Contrary to the Commonwealth's assertions, lifting the stay will not interfere in any way with the Title III case and will certainly not divert the Commonwealth's attention and resources. The defense of the case filed Ms. Cuevas is being handled in-house attorneys of the Puerto Rico Department of Justice. Government attorneys, as employees of the Department of Justice, have to be paid regardless of whether the underlying case continues. Thus, the Commonwealth's resources will not be "diverted." Accordingly, the Commonwealth will suffer no harm as a result of the lifting of the automatic stay, since the same *(i)* will not disrupt the Commonwealth's ability to manage the Commonwealth; *(ii)* will not interfere with the Commonwealth's ability to provide essential services; and *(iii)* vacating the automatic stay in the above-referenced case will not harm the Commonwealth or the PROMESA proceedings and will not undermine the comprehensive, consolidated and restructuring approach that said statute was ultimately designed to facilitate. Accordingly, the automatic stay should be lifted.

17. Moreover, the Commonwealth's contention that granting the relief requested "will encourage other creditors to seek similar relief" is egregious. This Court's orders should neither be used as a deterrent nor construed as having a chilling effect on similarly situated individuals. Requests for relief from the automatic stay requires a case by case analysis.

18. Furthermore, Plaintiff has a constitutional right to have her case tried before a jury; the relief will resolve the issues between her and the Defendants; and her case has no connection with or bearing with the bankruptcy case.

19. Lastly, in the interest of judicial economy and the expeditious and economical determination of litigation for the parties, as discussed above, the automatic stay should be lifted given that regardless of whether the automatic stay is lifted or not as to the Commonwealth, the Commonwealth will still have to participate in the litigation representing the other co-defendants since the claims made against them in their individual capacities are not stayed under PROMESA and the Commonwealth, through its Department of Justice, already assumed the legal representation of some of the co-defendants both in their official and in their individual capacities.

## III. CONCLUSION

20. In view of the above, Ms. Cuevas respectfully requests this Honorable Court to enter an Order vacating the automatic stay arising under § 301 of PROMESA and § 362 of the Bankruptcy Code to allow the United States District Court for the District of Puerto Rico to adjudicate her claims in the case of <u>Cuevas-Rodriguez v. Soto-Lopez</u>, Civil No. 17-2249 (GAG)(SCC).

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter an Order vacating the automatic stay arising under § 301 of PROMESA and § 362 of the Bankruptcy Code to allow the United States District Court for the District of Puerto Rico

to adjudicate Ms. Cuevas' claims in the case of <u>Cuevas-Rodriguez v. Soto-Lopez</u>, Civil No. 17-2249 (GAG)(SCC).

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 27th day of June, 2018.

I HEREBY CERTIFY that on this day, a true and exact copy of this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

| | |
|---|---|
| P.O. Box 195343<br>San Juan, Puerto Rico<br>00919-5343 | Citibank Towers, Suite 500<br>252 Ponce de León Avenue<br>San Juan, Puerto Rico 00918 |

Tel. (787) 758-1400
Fax: (787) 758-1414

www.laborcounsels.com
pico@laborcounsels.com

S/ JAIME E. PICÓ-RODRÍGUEZ
Attorney for Grisell Cuevas-Rodríguez
USDCPR # 228113

8