**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | PROMESA |
| THE FINANCIAL OVERSIGHT AND | ) | Title III |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) | |
| | ) | Case No. 3:17-bk-03283 (LTS) |
| as representative of | ) | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| —————————————————— X | ) | |
| In re: | ) | |
| | ) | PROMESA |
| THE FINANCIAL OVERSIGHT AND | ) | Title III |
| MANAGEMENT BOARD FOR PUERTO RICO | ) | |
| | ) | Case No. 3:17-cv-01685 (LTS) |
| as representative of | ) | Case No. 3:17-bk-03566 (LTS) |
| | ) | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE | ) | |
| GOVERNMENT OF THE COMMONWEALTH OF | ) | |
| PUERTO RICO, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ------------------------------------------------------------------- x | | |

**MOTION OF CERTAIN SECURED CREDITORS OF THE EMPLOYEES
RETIREMENT SYSTEM OF THE GOVERNMENT OF THE
COMMONWEALTH OF PUERTO RICO
<u>FOR RELIEF FROM THE AUTOMATIC STAY</u>**

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

PRELIMINARY STATEMENT ................................................................................ 1

FACTUAL BACKGROUND ................................................................................... 3

PROCEDURAL BACKGROUND ............................................................................ 4

ARGUMENT ........................................................................................................... 8

I.    Title III Of PROMESA Instructs Courts To Lift The Automatic Stay In The
      Absence Of Adequate Protection ................................................................... 8

II.   Movants Have Constitutionally-Protected Interests In Property Of ERS ......... 8

III.  Movants' Property Interests Are Not Adequately Protected ........................... 10

IV.   Movants Request A Prompt Hearing On The Motion To Lift The Automatic Stay ........ 11

CONCLUSION ....................................................................................................... 12

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*Grella v. Salem Five Cent Sav. Bank*,
    42 F.3d 26 (1st Cir. 1994).........................................................................................10

*In re Bailey*,
    574 B.R. 15 (Bankr. D. Me. 2017)...........................................................................11

*In re Bldrs. Grp. & Dev. Corp*,
    502 B.R. 95 (Bankr. D.P.R. 2013)...........................................................................10

*In re Buehne Farms, Inc.*,
    No. 04-32052, 2005 WL 2456867 (Bankr. S.D. Ill. Apr. 26, 2005)......................11

*Matter of Vitreous Steel Products Co.*,
    911 F.2d 1223 (7th Cir. 1990) .................................................................................10

*Peaje Invs. LLC v. García-Padilla*,
    845 F.3d 505 (1st Cir. 2017)................................................................................5, 8

### STATUTORY AUTHORITIES

11 U.S.C. § 361..............................................................................................................10

11 U.S.C. § 362................................................................................................. *passim*

28 U.S.C. § 1331..............................................................................................................3

28 U.S.C. § 1391..............................................................................................................3

48 U.S.C. § 2161.........................................................................................................1, 10

48 U.S.C. § 2166..............................................................................................................3

48 U.S.C. § 2167..............................................................................................................3

P.R. Laws Ann. tit. 3, § 761 (2016)...............................................................................3

Movants,[1] all of whom are secured creditors of the Employees Retirement System of the

Government of the Commonwealth of Puerto Rico ("ERS"), respectfully move for relief from the

automatic stay imposed pursuant to Title III of the Puerto Rico Oversight, Management, and

Economic Stability Act ("PROMESA"), *see* 48 U.S.C. § 2161(a) (incorporating 11 U.S.C. § 362)

in both Case No. 3:17-bk-03283 and Case No. 3:17-bk-03566 or, in the alternative, for adequate

protection of their liens on property of ERS, in which the Commonwealth of Puerto Rico now

claims an interest.[2]  In support of the Motion, Movants  state as follows:

## PRELIMINARY STATEMENT

1.     This motion for relief from the automatic stay is a request to maintain the status

quo pending this Court's resolution of the cross-motions for summary judgment in *FOMB ex rel.*

*ERS v. Altair Global Credit Opportunities Fund (A), LLC, et al.*, Adv. Proc. No. 17-00213 (the

"Adversary Proceeding").

2.     As this Court is aware, shortly after the filing of ERS's Title III petition, Movants

filed  a  motion  for  adequate  protection  of  their  constitutionally-protected  and  bargained-for

---

[1] Movants include Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund L.P., Nokota Capital Master Fund, L.P., Oaktree-Forrest Multi- Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., SV Credit, L.P., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax- Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

[2] A proposed order is attached as Exhibit A.

property interests. *See* No. 17-bk-03566, Dkt. 26 (May 31, 2017). On July 14, 2017, Movants, the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), and the Oversight Board (in its capacity as representative of ERS) mooted that motion by entering into a Joint Stipulation that provided Movants with certain protections, including the payment of current interest due on the ERS Bonds from a Prepetition Segregated Account (as defined by the Joint Stipulation) and monthly deposits of $18.5 million from June through October 2017 into a newly-created Post-Petition Segregated Account (as defined by the Joint Stipulation) (collectively, the "Interim ERS Bondholder Protections"). *See* No. 17-bk-03566, Dkt. 170 (July 14, 2017). The parties agreed that the Interim ERS Bondholder Protections would constitute adequate protection until October 31, 2017, solely with respect to the imposition of the automatic stay. *Id*. The Court approved the Joint Stipulation on July 17, 2017. *See* No. 17-bk-03566, Dkt. 171 (July 17, 2017).

3.      On December 28, 2017, the Court entered an order interpreting the Joint Stipulation and enjoining AAFAF from prematurely ending those Interim ERS Bondholder Protections. No. 17-bk-03566, Dkt. 248 (Dec. 28, 2017). In particular, the Court required ERS to transfer approximately $27.7 million from the Prepetition Segregated Account to the Fiscal Agent in order to pay the interest due on the ERS Bonds in December 2017 and January 2018, and to thereafter continue to transfer $13,876,582.48 from the Prepetition Segregated Accounts on a monthly basis in order to make payments equal to the contractual monthly interest due and payable on the ERS Bonds until either (a) the Court ruled on the parties' cross-motions for summary judgment in the Adversary Proceeding or (b) "the exhaustion of funds in the Prepetition Segregated Account." *Id.*

4.      The parties' cross-motions for summary judgment in the Adversary Proceeding are still pending. But the Prepetition Segregated Account will run out of funds in August 2018, leaving Movants' constitutionally-protected property interests completely unprotected. Movants' efforts

2

to obtain a consensual extension of the Interim ERS Bondholder Protections while the Adversary Proceeding remains pending have been unsuccessful.  Counsel to AAFAF and the Oversight Board have not responded to Movants' request.  *See* Letter to Paul V. Possinger and Suzzanne Uhland (June 27, 2018) (attached as Exhibit B).  Movants thus move for relief from the automatic stay under § 362(d)(1) of the Bankruptcy Code.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a).

6.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a).

## FACTUAL BACKGROUND

7.    ERS is a trust created by the Commonwealth in 1951 to provide pension and other benefits to officers and employees of the government of the Commonwealth, members and employees of the Legislature of the Commonwealth, and officers and employees of public corporations and municipalities of the Commonwealth.  P.R. Laws Ann. tit. 3, § 761 (2016).

8.    Pursuant to authority granted in its Enabling Act, ERS issued ERS Bonds in 2008 in order to increase the funds available to pay pension benefits to certain of its beneficiaries and to reduce its unfunded accrued actuarial pension liability.  Many ERS Bonds were sold to individual residents of the Commonwealth and local businesses, and are still held by those persons and entities.  Movants hold approximately $2 billion of the Outstanding Amount of the ERS Bonds.

9.    As security for the ERS bonds, ERS granted the ERS Bondholders, through the Fiscal Agent, a security interest in and lien on certain property of ERS ("Pledged Property"), including (a) all "Revenues," including, among other things, all employer contributions received by ERS or the Fiscal Agent "and any assets in lieu thereof or derived thereunder which are payable

3

to [ERS] pursuant to [the Enabling Act]"; (b) all "right, title, and interest of [ERS] in and to" the property described in (a) and "all rights to receive the same"; (c) the funds, accounts, and subaccounts held by the Fiscal Agent; (d) any and all other rights and personal property of every kind pledged and assigned by ERS for additional security; and (e) "any and all cash and non-cash proceeds, products, offspring, rents and profits from any of the Pledged Property," including, "without limitation, those from the sale, exchange, transfer, collection, loss, damage, disposition, substitution or replacement of" such property.  ERS Bond Resolution § 501 & Exh. B, VI-33, VI-36, VI-37.  Under the ERS Bond Resolution, employer contributions are to be used to pay bondholders first, and then to pay beneficiaries.  *Id.* § 501 & Exh. B, VI-36.

10.     On May 3, 2017, the Oversight Board filed a petition in this Court commencing a case under Title III of PROMESA on behalf of the Commonwealth.

11.     On May 21, 2017, the Oversight Board filed a petition in this Court commencing a case under Title III of PROMESA on behalf of ERS.

## PROCEDURAL BACKGROUND

12.     The initial PROMESA automatic stay commenced on June 30, 2016.  After the Commonwealth and ERS denied their request for adequate protection, Movants filed a motion before the United States District Court for the District of Puerto Rico to lift the initial PROMESA stay for "cause" unless the Commonwealth and ERS provided adequate protection.  *Altair Global Credit Opportunities Fund (A), L.L.C., et al. v. Governor Alejandro García Padilla, et al.*, No. 16-cv-2696, Dkt. 1 (Sept. 21, 2016).  The Commonwealth and ERS opposed the motion, arguing, *inter alia*, that Movants were adequately protected because of their "valid and enforceable liens over hundreds of millions of dollars of ERS revenue, which [would] continue to grow." [3]

---

[3] *See, e.g.*, Respondent Employees Retirement System of the Government of the Commonwealth of Puerto Rico's Brief in Opposition to Motion for Relief From the PROMESA

Specifically relying upon these statements, the District Court denied the motion. On appeal, the First Circuit vacated the denial and remanded the case for further proceedings on the question of whether Movants were adequately protected. *Peaje Invs. LLC v. García-Padilla*, 845 F.3d 505, 509, 514 (1st Cir. 2017).

13.     At that point, the parties entered into a stipulation to settle Movants' request for adequate protection. Order Approving Stipulation, Setting Aside Hearing And Dismissing Case, No. 16-cv-2696, Dkt. 83 (Jan. 17, 2017). Pursuant to the stipulation, all employer contributions "received by ERS during the pendency of the stay imposed pursuant to § 405 of PROMESA" were to be "transferred by the ERS to an account (the "Segregated Account") for the benefit of the holders of the ERS Bonds . . . at Banco Popular de Puerto Rico." *Id.* at 1-2. The parties agreed that the "Segregated Account, the Employers' Contributions therein and any interest thereon . . . constitute Pledged Property under the ERS Bond Resolution"; are "subject to the pledge and assignment of, and the grant of a security interest in and over, the Pledged Property set forth in the ERS Bond Resolutions"; and are "subject to a security interest and lien with the same validity, perfection, priority and enforceability and subject to the same defenses, if any, as the Pledged Property currently on deposit with the Fiscal Agent." *Id.* at 3.

14.     On April 11, 2017, the parties entered into yet another stipulation, whereby ERS agreed to "transfer to the Fiscal Agent for the payment of interest on the ERS Bonds, no later than April 20, 2017, those amounts from the Segregated Account necessary to pay interest on the ERS

---

Automatic Stay in *Altair Global Credit Opportunities Fund (A), L.L.C., et al. v. Governor Alejandro García Padilla, et al.*, No. 16-cv-2696, Dkt. 52, at 10 (Oct. 26, 2016); Respondents' Brief in Opposition to Motion for Relief From the PROMESA Automatic Stay in *Altair Global Credit Opportunities Fund (A), L.L.C., et al. v. Governor Alejandro García Padilla, et al.*, No. 16-cv-2696, Dkt. 53, at 5(Oct. 26, 2016).

Bonds due and payable on May 1, 2017." Joint Stipulation and Order, No. 16-cv-2696, Dkt. 86, at 3 (Apr. 11, 2017).

15.     On May 22, the day after ERS commenced its Title III case, AAFAF delivered a notice to the Fiscal Agent seeking to block the Fiscal Agent's payment of the June 1 interest payment in contravention of the April stipulation. After failed attempts to resolve the issue, on May 31, 2017, Movants filed a motion for adequate protection. *See Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico Request for Adequate Protection and for Relief from the Automatic Stay*, No. 3:17-cv-01685, Dkt. 26 (May 31, 2017). The parties resolved the motion through the Joint Stipulation approved by the Court on July 17, 2017. No. 17-bk-03566, Dkt. 171; *see supra* ¶ 2.

16.     The Joint Stipulation provided that "[i]nterest on the ERS Bonds shall be paid when due through the interest payment due on October 1, 2017 from the prepetition segregated account established pursuant to the Order and Stipulation dated January 17, 2017 (the 'Prepetition Segregated Account') commencing with the interest payment that became due on July 1, 2017." No. 17-bk-03566, Dkt. 170 at 4. The Joint Stipulation also authorized the creation of a new, post-petition segregated account (called the "Post-Petition Segregated Account"), in which ERS agreed to make deposits in accordance with the following schedule:

| Date | Amount |
|---|---|
| On the second business day after the entry of an order approving this Stipulation | Amount of Employers' Contributions (as defined in the ERS Bond Resolutions) actually received by ERS from May 22, 2017 through and including May 31, 2017. |
| On the second business day after the entry of an order approving this Stipulation | $18,500,000 |
| On each of July 31, August 31, and September 30, 2017, and October 31, 2017 | $18,500,000 |

17.     On December 28, 2017, the Court issued an order interpreting the Joint Stipulation and confirming that AAFAF could not cease providing the Interim ERS Bondholder Protections. No. 17-bk-03566, Dkt. 248 (Dec. 28, 2017).   Through that Order, the Court required ERS to transfer approximately $27.7 million from the Prepetition Segregated Account to the Fiscal Agent in order to make payments equal to the contractual amount of interest due and payable on the ERS Bonds in December 2017 and January 2018.   The Court further required that ERS continue to transfer $13,876,582.48 from the Prepetition Segregated Accounts to the Fiscal Agent on a monthly basis, starting in January 2018, in order to make payments equal to the contractual amount of interest due and payable on the ERS Bonds.   That obligation remained in effect until either (a) the Court ruled on the parties' cross-motions for summary judgment in the Adversary Proceeding, or (b) "the exhaustion of funds in the Prepetition Segregated Account."   All rights with respect to adequate protection were expressly reserved.  *Id.* at ¶ 6.

18.     The parties' cross-motions for summary judgment in the Adversary Proceeding remain pending.   According to AAFAF's most recent summary of bank account balances for the Government of Puerto Rico and its instrumentalities, however, the Prepetition Segregated Account contained only $19.9 million as of May 31, 2018.[4]   As a result, there are insufficient funds to make a full $13.8 million transfer to the Fiscal Agent in July, which means that the Fiscal Agent will be unable to make the requisite payment due on the ERS Bonds in August.   In light of this upcoming exhaustion of funds, Movants attempted to negotiate a consensual extension of the Interim ERS Bondholder Protections to maintain the status quo.  *See* Exhibit B.   Counsel to AAFAF and counsel to the Oversight Board did not respond to Movants' proposal.   This Motion followed.

---

[4] *See* Summary of Bank Account Balances for the Government of Puerto Rico and its Instrumentalities, Information as of May 31, 2018 (publicly filed June 18, 2018), *available at* http://www.aafaf.pr.gov/assets/aafaf-bank-account-balances-government-pr-instrum-05-31-2018.pdf.

## ARGUMENT

I. **Title III of PROMESA Instructs Courts To Lift The Automatic Stay In The Absence Of Adequate Protection.**

19.     Adequate protection is a constitutional imperative.  As the First Circuit explained, "prior to the enactment of the current bankruptcy stay provision, the Supreme Court had recognized that creditors are constitutionally entitled to protection to the extent of the value of their property."  *Peaje Investments*, 845 F.3d at 511 (internal citations and alteration omitted).

20.     Thus, Section 362(d)(1) of the Bankruptcy Code, incorporated into PROMESA, states that, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay . . . for cause, *including the lack of adequate protection* of an interest in property of such party in interest."  11 U.SC. § 362(d)(1) (emphasis added).

21.     In a hearing for relief from the automatic stay, ERS as the debtor bears the burden of proof on the question of adequate protection.  *See* 11 U.S.C. § 362(g) ("In any hearing . . . concerning relief from the stay . . . the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; . . . and the party opposing such relief has the burden of proof on all other issues").  Indeed, if ERS fails to meet this burden, the automatic stay is lifted by operation of statute.  *See* 11 U.S.C. § 362(e)(1).

II. **Movants Have Constitutionally-Protected Interests In Property Of ERS.**

22.     As this Court and the First Circuit have already recognized, Movants hold a constitutionally-protected property interest, unless and until this Court rules otherwise in the Adversary Proceeding.  The ERS Bond Resolution provides for the "pledge and assignment of, and the grant of a security interest in and over, the Pledged Property."  ERS Bond Resolution § 501.1 & Exh. B, VI-36.  "Pledged Property" is defined broadly to include (a) all "Revenues,"

8

including, among other things, all employer contributions received by ERS or the Fiscal Agent "and any assets in lieu thereof or derived thereunder which are payable to [ERS] pursuant to [the Enabling Act]"; (b) all "right, title, and interest of [ERS] in and to" all of the property described in (a) and "all rights to receive the same"; (c) the funds, accounts, and subaccounts held by the Fiscal Agent; (d) any and all other rights and personal property of every kind pledged and assigned by ERS for additional security; and (e) "any and all cash and non-cash proceeds, products, offspring, rents and profits from any of the Pledged Property," including, "without limitation, those from the sale, exchange, transfer, collection, loss, damage, disposition, substitution or replacement of" such property. *Id.* § 501 & Exh. B, VI-33, VI-36, VI-37.

23.     It is unsurprising, then, that ERS, the Commonwealth, and the Oversight Board all previously acknowledged the breadth of Movants' security interests and liens.  In prior proceedings, ERS described Movants' lien as one with "access to the full revenue stream of the ERS" and one of "indefinite duration."  Brief for Respondent-Appellee Employees Retirement System of the Government of the Commonwealth of Puerto Rico at 30, No. 16-2433 (1st Cir. Dec. 23, 2016); *see also id.* at 14 (adopting the district court's finding that the lien "continues indefinitely until ERS's outstanding debt obligations have been satisfied in full").  The Commonwealth, too, described Movants' lien as one on "constantly replenished revenues."  Brief for Respondents-Appellees Alejandro Garcia-Padilla, Juan C. Zaragoza-Gomez, Luis G. Cruz-Batista, and Carmen Villar-Prados at 45, No. 16-2433 (1st Cir. Dec. 23, 2016); *see also id.* (adopting the district court's finding that the lien is on a "recurring source[] of income").  And the Oversight Board described the lien as a "perpetual, replenishing revenue stream[]."  Brief of Amicus Curiae Financial Oversight and Management Board for Puerto Rico in Support of

Respondents-Appellees Urging Affirmance of the District Court Order at 7, No. 16-2433 (1st Cir.

Dec. 23, 2016).[5]

**III.    Movants' Property Interests Are Not Adequately Protected.**

24.    Under § 361 of the Bankruptcy Code, a debtor may provide adequate protection in

one of three ways when the automatic stay results in a decrease in the value of a secured creditor's

interest in property: (1) by making cash payments or periodic cash payments in an amount equal

to the decrease in the value of the secured creditor's interest in property, (2) by providing an

additional or replacement lien to replace the property, or (3) by providing other relief "as will result

in the realization by [the secured creditor] of the indubitable equivalent of such entity's interest in

such property."  11 U.S.C. § 361(1)–(3); *see* 48 U.S.C. § 2161(a)  (incorporating 11 U.S.C. § 361

into PROMESA); *see also In re Bldrs. Grp. & Dev. Corp.*, 502 B.R. 95, 122 (Bankr. D.P.R. 2013)

(any decrease in collateral value "attributable to the debtor's usage" of rents pledged as collateral

"must be protected by cash payments from another source, an additional or replacement lien, or

other such indubitable equivalent").

25.    It is clear that Movants are entitled to adequate protection.  Since ERS's Title III

filing, ERS and the Commonwealth have taken actions that have resulted in a decrease in value of

Movants' collateral.

26.    The fact that ERS disputes the validity and scope of Movants' liens does not

absolve ERS of its obligation to provide Movants with adequate protection until those disputes are

resolved.  "Questions of the validity of liens are not generally at issue in a 362 hearing, but only

whether there is a *colorable* claim of a lien on property of the estate."  *Matter of Vitreous Steel

Products Co.*, 911 F.2d 1223, 1234 (7th Cir. 1990) (emphasis in original); *see also Grella v. Salem*

---

[5] This Motion is not an attempt to relitigate issues regarding the validity and scope of
Movants' liens that are pending in the Adversary Proceeding.

*Five Cent Sav. Bank*, 42 F.3d 26, 32 (1st Cir. 1994) (same, collecting cases). Thus, courts generally grant relief from the automatic stay due to the lack of adequate protection notwithstanding challenges by the debtor to the creditor's underlying claim. *See, e.g., In re Bailey*, 574 B.R. 15, 19 (Bankr. D. Me. 2017) ("[r]elief from stay hearings are merely summary proceedings to ascertain whether the party seeking relief has a colorable claim to estate property" rather than determinations of "the merits of underlying substantive claims, defenses, or counterclaims"); *In re Buehne Farms, Inc.*, No. 04-32052, 2005 WL 2456867, at *2 (Bankr. S.D. Ill. Apr. 26, 2005) (creditors entitled to monthly adequate protection payments while the court resolved debtors' challenges to the validity and priority of creditors' liens on debtors' property). As this Court is aware, ERS commenced the Adversary Proceeding to challenge the validity, priority, and extent of Movants' liens and security interests under the ERS Bonds. To that end, each party submitted three briefs on the cross-motions for summary judgment, as well as two additional briefs in response to this Court's request for supplemental briefing. In light of that procedural history, there can be no serious dispute that Movants have at least a "colorable" claim of a lien on property of ERS.

27.    Because Movants' property interests are not adequately protected, Movants are entitled to relief from the automatic stays triggered by ERS's and the Commonwealth's Title III filings. *See* 11 U.S.C. § 362(d)(1) ("the court shall grant relief from the stay . . . for cause, including the lack of adequate protection").

## IV.    Movants Request A Prompt Hearing On The Motion To Lift The Automatic Stay.

28.    Section 362(d)(1) of the Bankruptcy Code states that, "[o]n request of a party in interest *and after notice and a hearing*, the court shall grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1)

(emphasis added).  Movants respectfully request a prompt hearing on the instant motion to lift the automatic stay.

## **CONCLUSION**

Based on the above and foregoing, Movants respectfully request that the Court enter an order granting Movants relief from the automatic stay, and any further relief as the Court may deem proper.

In San Juan, Puerto Rico, today July 3, 2018.

By:

*/s/ Alfredo Fernández-Martínez*
Alfredo Fernández-Martínez
DELGADO & FERNÁNDEZ, LLC
PO Box 11750
Fernández Juncos Station
San Juan, Puerto Rico 00910-1750
Tel. (787) 274-1414
Fax: (787) 764-8241
afernandez@delgadofernandez.com
USDC-PR 210511

*Counsel for ERS Bondholders Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund L.P., LLC, Nokota Capital Master Fund, L.P., Oaktree-Forrest Multi- Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., and SV Credit, L.P.*

*/s/ Bruce Bennett*
Bruce Bennett (*pro hac vice*)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Tel. (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum (*pro hac vice*)
James M. Gross (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, NY 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com
jgross@jonesday.com

Geoffrey S. Stewart (*pro hac vice*)
Beth Heifetz (*pro hac vice*)
Christopher J. DiPompeo (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel. (202) 879-3939
Fax: (202) 626-1700
gstewart@jonesday.com
bheifetz@jonesday.com
cdipompeo@jonesday.com
ssooknanan@jonesday.com

*Counsel for ERS Bondholders Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund L.P., LLC, Nokota Capital Master Fund, L.P., Oaktree-Forrest Multi- Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., and SV Credit, L.P.*

/s/ Alicia I. Lavergne-Ramírez
  José C. Sánchez-Castro
  USDC-PR 213312
  jsanchez@sanpir.com

  Alicia I. Lavergne-Ramírez
  USDC-PR 215112
  alavergne@sanpir.com

  Maraliz Vázquez-Marrero
  USDC-PR 225504
  mvazquez@sanpir.com

  SÁNCHEZ PIRILLO LLC
  270 Muñoz Rivera Avenue, Suite 1110
  San Juan, PR 00918
  Tel. (787) 522-6776
  Fax: (787) 522-6777

*Counsel for Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.*

/s/ John K. Cunningham
  John K. Cunningham (*pro hac vice*)
  Glenn M. Kurtz (*pro hac vice*)
  WHITE & CASE LLP
  1221 Avenue of the Americas
  New York, NY 10036
  Tel. (212) 819-8200
  Fax (212) 354-8113
  jcunningham@whitecase.com
  gkurtz@whitecase.com

  Jason N. Zakia (*pro hac vice*)
  Cheryl T. Sloane (*pro hac vice*)
  WHITE & CASE LLP
  200 S. Biscayne Blvd., Suite 4900
  Miami, FL 33131
  Tel. (305) 371-2700
  Fax (305) 358-5744
  jzakia@whitecase.com
  csloane@whitecase.com

*Counsel for Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.*