# EXHIBIT B

**WHITE & CASE**

White & Case LLP
1221 Avenue of the Americas
New York, New York 10020-1095

**JONES DAY**

250 Vesey Street • New York, NY 10281.1047

June 27, 2018

VIA E-MAIL AND MAIL

Paul V. Possinger
Proskauer Rose LLP
70 West Madison
Suite 3800
Chicago, IL 60602-4342

Ms. Suzzanne Uhland
O'Melveny & Myers LLP
Two Embarcadero Center
28th Floor
San Francisco, CA 94111

    Re:    Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"); Commonwealth of Puerto Rico (the "Commonwealth")

Dear Paul and Suzanne:

    We write on behalf of certain holders (the "Bondholders") of secured senior pension funding bonds issued by the ERS (the "ERS Bonds") pursuant to Act No. 447 of May 15, 1951, as amended, of the Legislature of the Commonwealth of Puerto Rico and the general resolution (the "General Resolution") adopted by the board of trustees of the ERS on January 24, 2008 and supplemental resolutions adopted thereafter (each supplemental resolution together with the General Resolution, the "Resolution").

    We write to request that the ERS and the Commonwealth ensure that the holders of the ERS Bonds are provided with adequate protection for the Bondholders' property interests, which is both statutorily and constitutionally required. As you know, the ERS Bonds are secured by a lien on, and are payable from, "Pledged Property." Resolution § 501. "Pledged Property" includes (a) all "Revenues," including, among other things, employer contributions received by the ERS or the Fiscal Agent; (b) all "right, title, and interest of [the ERS] in and to" employer contributions and "all rights to receive the same"; (c) the funds, accounts, and subaccounts held by the Fiscal Agent; (d) any and all other rights and personal property of every kind pledged and

June 27, 2018
Page 2

assigned by the ERS for additional security; and (e) any and all cash and non-cash proceeds, products, offspring, rents and profits from "Pledged Property," including those from the sale, exchange, transfer, collection, loss, damage, disposition, substitution or replacement of such property.  *Id.*  As you also know, the Commonwealth now claims an interest in the collateral for the ERS Bonds, and the Bondholders and ERS are parties to the declaratory judgement action, styled *Employees Ret. Sys. of the Gov't of the Commonwealth of P.R. v. Altair Global Credit Opportunities Fund (A), LLC, et al.*, Adv. Proc. No. 17-00213, where our cross-motions for summary judgment are currently pending.

According to AAFAF's latest public filings, the amounts on deposit in the "Prepetition Segregated Account"—the account from which the Bondholders have been receiving partial interest payments pursuant to Court order—are insufficient to satisfy the interest payment that becomes due and payable on August 1, 2018.  As a result, we request that the parties enter into a stipulation providing for adequate protection of the Bondholders' interests substantially in the form attached hereto as Exhibit A.  The proposed stipulation, which is modeled on prior stipulations entered by the Court, provides for agreed-upon adequate protection pending the Court's resolution of our summary judgment motions.  At that time, the parties' rights will be governed by applicable law.  We believe that reaching a consensual resolution on adequate protection pending the Court's ruling is in all parties' interests, will preserve judicial resources, and will avoid additional contested proceedings involving the ERS Bonds.

We are available to discuss this request, and, of course, are also available to discuss a broader resolution of our ongoing disputes.

If the ERS and the Commonwealth are unwilling to satisfy their respective obligations to provide adequate protection to the Bondholders, we intend to protect our clients' rights and property interests with respect to the ERS Bonds, including seeking relief from the ERS and Commonwealth Title III automatic stays at the upcoming July omnibus hearing.

Thank you in advance for your assistance.


Very truly yours,

*/s/ Bruce Bennett*  */s/ John K. Cunningham*
Bruce Bennett  John K. Cunningham
Jones Day  White & Case LLP
213.243.2382  305.995.5252
bbennett@jonesday.com  jcunningham@whitecase.com

**Exhibit A**  [FORM OF STIPULATION]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 CV 1685 (LTS)<br>No. 17 BK 3566 (LTS) |

**JOINT STIPULATION REGARDING ADEQUATE PROTECTION OF ERS BONDS**

To the Honorable United States District Court Judge Laura Taylor Swain:

(i) The Puerto Rico Fiscal Agency and Financial Advisory Authority ("<u>AAFAF</u>"), pursuant to the authority granted to it under the Enabling Act of the Fiscal Agency and Financial Advisory Authority, Act 2-2017, and the Financial Oversight and Management Board for Puerto Rico ("<u>FOMB</u>") in its capacity as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>"), and (ii) Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund LP, Nokota Capital Master Fund, L.P., Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA

1

& U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund II, Inc., Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., SV Credit, L.P., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., Tax-Free Puerto Rico Target Maturity Fund, Inc., and UBS IRA Select Growth & Income Puerto Rico Fund (collectively, the "Bondholders"; the Bondholders together with AAFAF, the Commonwealth of Puerto Rico (the "Commonwealth"), ERS and FOMB, the "Parties" and each, a "Party"), by and through their attorneys, hereby stipulate as follows:

1. ERS issued certain bonds (the "ERS Bonds") pursuant to a resolution adopted by the board of trustees of ERS on January 24, 2008 and supplemental resolutions adopted thereafter (together, the "ERS Bond Resolutions").

2. On May 21, 2017, ERS commenced a proceeding under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").

3. On May 31, 2017, the Bondholders filed their *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico Request for Adequate Protection and for Relief from the Automatic Stay* (Doc. No. 26) (the "Bondholders' Motion").

4. On July 17, 2017, the Court approved a Joint Stipulation entered into by the Parties to resolve the Bondholders' Motion (Doc. No. 171) (the "July 2017 Joint Stipulation").[1]

---

[1] Capitalized terms used herein without definitions have the meanings given to them in the July 2017 Joint Stipulation.

2

5. On November 28, 2017, certain Bondholders filed *The Puerto Rico Funds' Motion Conditioning the Automatic Stay on the Continuation of ERS Bondholder Protections or, Alternatively, to Enforce the Court's July 17, 2017 Order* (Doc. No. 221) (the "Puerto Rico Funds' Motion").

6. On December 28, 2017, the Court issued an order resolving the Puerto Rico Funds' Motion (Doc. No. 248) (the "December 2017 Order").

7. On May 18, 2018, AAFAF released its *Summary of Bank Account Balances for the Government of Puerto Rico and its Instrumentalities, Information as of April 30, 2018*, which is publically available at http://www.aafaf.pr.gov/assets/aafaf-bank-account-balances-government-pr-instrum-04-30-2018.pdf. That summary reflects that the Prepetition Segregated Account lacks sufficient funds to make the requisite payment to the Fiscal Agent associated with the August 2018 interest payment to the Bondholders, and that the Prepetition Segregated Account will thereafter be exhausted.

**BASED ON THE FOREGOING, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:**

A. Subject to the right to file or re-file a motion seeking adequate protection after the conclusion of the Briefing Period or due to changed circumstances, the Parties agree that the satisfaction of the commitments of the Commonwealth, ERS, AAFAF, and the FOMB contained herein shall constitute adequate protection of the Bondholders' interests in property until the conclusion of the "Briefing Period" solely with respect to imposition of the automatic stay. The term "Briefing Period" shall mean the date hereof through and including the date that the Court renders a ruling with respect to the Parties' pending cross-motions for summary judgment on the Declaratory Relief Action. The automatic stay extant in ERS's Title III case shall remain in

effect until further Court order or statutory expiration, including Bankruptcy Code section 362(e) with respect to any subsequent motion for stay relief.

B. The Commonwealth shall cause to be deposited the amounts set forth on Schedule 1 on the respective dates indicated on Schedule 1 into the Post-Petition Segregated Account, which amounts shall be deemed to be made by entities other than the Commonwealth in respect of retirement benefits owed to retirees of such entities, which Post-Petition Segregated Account shall be and hereby is made subject to a security interest and lien in favor of the Bondholders having the same prepetition and postpetition validity, attachment, perfection, priority and enforceability, if any, and subject to the same defenses, if any, as existed prior to the commencement of the ERS Title III case, with respect to the liens and security interest referred to in Paragraph A of the July 2017 Joint Stipulation. Except as set forth on Schedule 1, no further deposits into the Post-Petition Segregated Account shall be required without further Court order until the Briefing Period ends, at which time the rights of the Parties will be determined by applicable law.

C. The ERS shall transfer to the Fiscal Agent for the payment on the ERS Bonds, no later than 2 business days after entry of an order approving this Joint Stipulation, first, from amounts remaining on deposit in the Prepetition Segregated Account, and to the extent of any deficiency, next, from amounts on deposit in the Post-Petition Segregated Account, those amount necessary to pay the "Total Monthly Payment" amount set forth in Schedule 2. Thereafter, until the conclusion of the Briefing Period, ERS shall transfer from the Post-Petition Segregated Account to the Fiscal Agent for payment on the ERS Bonds, no later than the 20th day of each subsequent month, those amounts necessary to pay the "Total Monthly Payment" amount set forth on Schedule 2 (the "Monthly Stipulated Payments"). In the event the Court enters a final

4

order invalidating or avoiding all or any portion of such prepetition or postpetition liens or security interests, and after the exhaustion of all applicable appeals, (a) the Bondholders' lien on the Post-Petition Segregated Account and the amounts deposited therein shall be invalidated or avoided, as applicable, to the extent set forth in such ruling, and (b) all or a portion of the funds in the Post-Petition Segregated Account, depending on the extent of the Court's ruling, shall be remitted to the Commonwealth or ERS, as appropriate. For the avoidance of doubt, in the event that the Court finds that (a) the Bondholders' liens on the prepetition assets of ERS are valid, perfected and enforceable, but (b) the liens asserted by the Bondholders do not extend to employer contributions received by ERS after the filing of its Title III petition pursuant to 11 U.S.C. § 552(a), then the lien on the Post-Petition Segregated Account established hereby shall be released, subject to the rights of the Bondholders to seek a replacement lien or other adequate protection with respect to any diminution in value of their prepetition collateral.

        D.      On the first business day of each month, the payments received by the Fiscal Agent pursuant to Paragraph C of this Joint Stipulation shall be distributed by the Fiscal Agent per $1,000 face amount at maturity of the ERS Bonds with reference to Schedule 2. The calculations reflected in Schedule 2 have not been approved or independently verified by the Fiscal Agent, ERS, AAFAF, or FOMB. ERS, AAFAF, and the FOMB are not responsible for the calculations in Schedule 2, the amounts of payments distributed to bondholders pursuant to Schedule 2, or how the Fiscal Agent distributes payments among bondholders. ERS, AAFAF, and the FOMB expressly reserve all rights, including those stated in Paragraphs E, F, G, H and I of this Joint Stipulation.

        E.      The distribution of the Monthly Stipulated Payments pursuant to this Joint Stipulation shall not alter the legal rights of the Parties, or in any way limit the arguments the

Parties may make regarding how such payments should be treated under any plan of adjustment involving ERS or as a result of any adversary proceeding involving ERS. The legal characterization of the Monthly Stipulated Payments as payments of principal or interest on the ERS Bonds shall be determined by a subsequent order of the Court. All Parties' rights as to the legal characterization and effect of such payments are expressly reserved, including all rights the Parties have previously reserved, including, but not limited to, the rights reserved in the July 2017 Joint Stipulation and December 2017 Order. All rights with respect to adequate protection are expressly reserved. All rights are also expressly reserved pending the resolution of all adversary proceedings brought within the Title III cases, including, but not limited to, the pending proceedings in the Declaratory Relief Action.

  F. All Parties reserve all rights with respect to the Legislation (as defined in the July 2017 Joint Stipulation). Without limiting the generality of the foregoing, no Bondholder has or is consenting to such Legislation or any other legislation (including its validity, legality, or enforceability) in any way, and any delay by any Party in exercising any rights relating in any way to the Legislation or any additional action that may be taken by the Commonwealth, ERS, AAFAF, any employer or the FOMB until the Declaratory Relief Action is decided shall not be a basis to object to such rights.

  G. The Parties each reserve all of their respective rights and defenses concerning the validity, attachment, perfection, priority, and enforceability of the Bondholders' liens and security interests to any payments, rights to payments, obligations or property affected by the Legislation or otherwise.

  H. Except as expressly provided in this Joint Stipulation or in the Order approving it, nothing in this Joint Stipulation or the Order approving this Joint Stipulation is intended to or

shall prejudice whatever rights the Parties have pursuant to Title III of PROMESA. Without limiting the generality of the foregoing, nothing herein shall constitute a waiver of any automatic stay applicable under Title III of PROMESA. For greater certainty, neither this paragraph, nor anything else contained in this Joint Stipulation expands or extends the scope of the automatic stay in any Title III case.

   I.  All other rights, claims and remedies of the Parties are expressly reserved.

   J.  The Fiscal Agent is hereby released and discharged from any and all claims and liability relating to the Fiscal Agent's compliance with orders of this Court concerning receipt of funds from the ERS and distribution of such funds to the ERS bondholders, including without limitation, (a) receipt and distribution of payments under the December 2017 Order, and (b) the receive and distribution of Monthly Stipulated Payments in accordance with this Joint Stipulation and the Order approving this Joint Stipulation.

   K.  The Parties consent to this Joint Stipulation and the Order approving this Joint Stipulation.

*Remainder of page intentionally left blank*

Agreed to as of:  June ___, 2018

**Counsel for Bondholders:**

_____

Alfredo Fernández-Martínez
DELGADO & FERNÁNDEZ, LLC
PO Box 11750
Fernández Juncos Station
San Juan, Puerto Rico 00910-1750
Tel. (787) 274-1414
Fax: (787) 764-8241
afernandez@delgadofernandez.com
USDC-PR 210511

*Counsel for Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Nokota Capital Master Fund, L.P., Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., and SV Credit,L.P.*

_____

Bruce Bennett (*pro hac vice*)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Tel. (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, NY 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart (*pro hac vice*)
Beth Heifetz (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel. (202) 879-3939
Fax: (202) 626-1700
gstewart@jonesday.com
bheifetz@jonesday.com
ssooknanan@jonesday.com

*Counsel for Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Nokota Capital Master Fund, L.P., Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., and SV Credit, L.P.*

| | |
|---|---|
| Arturo Díaz-Angueira<br>USDC-PR 117907<br>adiaz@lsplawpr.com | Glenn M. Kurtz (*pro hac vice*)<br>John K. Cunningham (*pro hac vice*)<br>Jason Zakia (*pro hac vice*)<br>WHITE & CASE LLP<br>1155 Avenue of the Americas<br>New York, NY 10036<br>Tel. (212) 819-8200<br>Fax (212) 354-8113<br>gkurtz@whitecase.com<br>jcunningham@whitecase.com<br>jzakia@whitecase.com |

José C. Sánchez-Castro
USDC-PR 213312
jsanchez@lsplawpr.com

Alicia I. Lavergne-Ramírez
USDC-PR 215112
alavergne@lsplawpr.com

Maraliz Vázquez-Marrero
USDC-PR 225504
mvazquez@lsplawpr.com

LÓPEZ SÁNCHEZ & PIRILLO LLP
270 Muñoz Rivera Avenue, Suite 504
San Juan, PR 00918
Tel. (787) 522-6776
Fax: (787) 522-6777

*Counsel for Movants Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund II, Inc., Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., Tax-Free Puerto Rico Target Maturity Fund, Inc., and UBS IRA Select Growth & Income Puerto Rico Fund*

*Counsel for Movants Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., Tax-Free Puerto Rico Target Maturity Fund, Inc., and UBS IRA Select Growth & Income Puerto Rico Fund*

**Counsel for AAFAF:**

_____
Suzzanne Uhland
John Rapisardi
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061
suhland@omm.com
jrapisardi@omm.com

10

**Counsel for the Oversight Board:**

_____
Martin J. Bienenstock
Steven O. Weise
Paul V. Possinger
Ehud Barak
Maja Zerjal
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

Hermann D. Bauer
USDC No. 215205
O'NEILL & BORGES LLC
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

## Schedule 1

| Date | Amount |
|---|---|
| On the second business day after the entry of an order approving this Stipulation | $18,500,000 less the total amount on deposit in the Pre-Petition Segregated Account |
| On the last day of each month until the conclusion of the Briefing Period | $18,500,000 |

**Schedule 2**

13

**Exhibit A**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>                  Debtor. | PROMESA<br>Title III<br><br>No. 17 CV 1685 (LTS)<br>No. 17 BK 3566 (LTS) |

## ORDER APPROVING JOINT STIPULATION REGARDING ADEQUATE PROTECTION

Upon consideration of the *Joint Stipulation Regarding Adequate Protection of ERS Bonds* (the "Stipulation"),[2] a copy of which has been provided to the Court, as agreed to by and among the above-captioned debtor (the "Debtor"), AAFAF and the FOMB and the Bondholders named therein, it is hereby

ORDERED that the Stipulation is APPROVED; and it is further

ORDERED that the Parties are hereby authorized to take any and all actions reasonably necessary to effectuate the terms of the Stipulation; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from the implementation or interpretation of the Stipulation or this Order.

Dated: _____ ___, 2018
      San Juan, Puerto Rico

                                                                                         _____
                                                                                       THE HONORABLE LAURA TAYLOR SWAIN:
                                                                                       UNITED STATES DISTRICT COURT JUDGE

---

[2] Capitalized terms used herein without definitions have the meanings given to them in the Stipulation.