# EXHIBIT B

**Order Governing the Production and Use of Confidential Material Among the Examiner, the Official Committee of Unsecured Creditors, the Debtors, and Non-Parties,** *In re Enron Corp.***, Case No. 01-16034 (AJG) (Bankr. S.D. N.Y. Oct. 10, 2002)**

2002 WL 32156065
Only the Westlaw citation is currently available.
United States Bankruptcy Court, S.D. New York.

In re: ENRON CORP., et al., Debtors.

No. 01-16034 (AJG).
|
October 10, 2002.

ORDER GOVERNING THE PRODUCTION AND USE OF CONFIDENTIAL MATERIAL AMONG THE EXAMINER, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, THE DEBTORS AND NON-PARTIES

s/Arthur J. Gonzalez United States Bankruptcy Judge.

**\*1** IT IS HEREBY ORDERED THAT the following order shall apply to third parties to whom Rule 2004 subpoenas are directed (the "Non-Party Producer"), Neal Batson, Esq., in his official capacity as Examiner (the "Examiner"), Enron Corp. and its affiliated debtors and debtors in possession (collectively "Enron" or "Debtors"), and the Official Committee of Unsecured Creditors of Enron Corp. (the "Committee" and collectively with the Debtors and the Examiner, the "Requesting Parties") and all persons and entities who may be provided information covered by this Order, in the above-captioned Chapter 11 cases and any related proceedings (collectively, the "Matter"):

WHEREAS, Enron and certain of its affiliates and subsidiaries filed petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court of the Southern District of New York, commencing these Chapter 11 Cases on or about December 2, 2001; and

WHEREAS, on December 12, 2001, the United States Trustee appointed the Committee; and

WHEREAS, the Court entered an Order dated April 8, 2002 directing the appointment of an Examiner for the Debtors (the "Examiner Order"); and

WHEREAS, pursuant to the Examiner Order, the United States Trustee duly appointed the Examiner, Neal Batson, Esq., which appointment was approved by an Order by the Court dated May 24, 2002; and

WHEREAS, the Examiner Order provides that the Examiner shall, among other things, investigate transactions involving special purpose entities (the "Examiner's Investigation"); and

WHEREAS, the Committee is charged with investigating the Debtors' assets and liabilities and the operation of their businesses, and participating in the formulation of the Debtors' plan(s) of reorganization pursuant to 11 U.S.C. § 1103(c) (the "Committee's Investigation"); and

WHEREAS, the Debtors may investigate as necessary to carry out their duties and powers under Bankruptcy Code section 1107(a) (the "Debtors' Investigation") (collectively with the Examiner's Investigation and the Committee's Investigation the "Requesting Parties' Investigation"); and

WHEREAS, the Requesting Parties have served or will serve a subpoena upon the Non-Party Producer requesting the production of documents related to the Requesting Parties' Investigations; and

WHEREAS, the Requesting Parties may seek to investigate and examine documents from the same Non-Party Producers and, therefore, may issue subpoenas to the same Non-Party Producer; and

WHEREAS, the parties wish to avoid the unnecessary duplication of expense for both the Non-Party Producers and the Requesting Parties;

THEREFORE, IT IS HEREBY ORDERED:

1. This Order shall govern the designation and use by the Requesting Parties of any documents, testimony or other information designated as Confidential Information hereunder which were produced or provided or will in the future be produced or provided to the Requesting Parties by a Non-Party Producer (collectively, the "Materials").

**\*2** 2. As used herein, "Confidential Information" shall include any Materials that are (i) deemed a trade secret or other confidential research, development, or commercial information as those terms are used in Federal Rule of Bankruptcy Procedure 7026(c)(7) or under any law, rule or regulation of any jurisdiction having or claiming to have jurisdiction over the Non-Party Producer or confidential under the laws of a jurisdiction whose laws apply to the Non-Party Producer or personal information;

**In re: ENRON CORP., et al., Debtors., Not Reported in B.R. (2002)**

2002 WL 32156065

or (ii) as to producing law firms only, deemed an attorney-client privileged communication; or (iii) as to producing law firms only, deemed work product as defined under Federal Rule of Bankruptcy Procedure 7026(b)(3) or under applicable law or (iv) unrelated to the Requesting Parties' Investigation. The Non-Party Producer may designate as "Highly Confidential" any Confidential Information containing particularly confidential technology or other trade secrets whose disclosure to persons in the same industry would put it at a severe competitive disadvantage or that is otherwise particularly sensitive personal information. To the extent that the Requesting Parties should challenge in writing, delivered by fax or overnight delivery, the "confidential" or "highly confidential" designation of any Materials, the Non-Party Producer designating the Materials as "confidential" or "highly confidential" shall bear the burden of showing that the Materials are Confidential Information. Nothing in this Order is intended to modify the Examiner's power to waive the attorney-client privilege as set forth in the Examiner Order.

3. Confidential Information and Highly Confidential Information provided to the Requesting Parties shall be held in strict confidence by the Requesting Parties in accordance with the terms of this Order. Any Materials obtained by the Requesting Parties from a Non-Party Producer shall not be used or disclosed for any purpose, including any business or competitive purpose, other than the Requesting Parties' Investigation, as may hereafter be amended by the Court ("Permitted Use").

4. The Requesting Parties may disclose Confidential Information, but not Highly Confidential Information, only to each other and the following categories of persons or parties, provided that each person or party must be shown a copy of this Order and, where expressly required below, indicate its agreement to be bound by its terms by reviewing and executing the Agreement attached hereto as Addendum A:

(a) Counsel for the Requesting Parties and/or the employees of such counsel assigned to and necessary to assist such counsel in connection with the Requesting Parties' Investigation;

(b) Nonparty experts or consultants retained in good faith to assist the Requesting Parties in connection with the Requesting Parties' Investigation; *provided* that each such expert or consultant is provided with a copy of this Order and signs Addendum A attached hereto;

**\*3** (c) Officers or employees of the Requesting Parties who may be necessary to assist in the preparation and conduct of the Requesting Parties' Investigation and who have been furnished with a copy of this Order prior to disclosure to such person of any Confidential Information;

(d) Court reporters, stenographers or video operators at depositions, court or arbitral proceedings at which Confidential Information is disclosed;

(e) Clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving and review of Confidential Information, to the extent reasonably necessary to assist the Requesting Parties or its counsel with respect to the Requesting Parties' Investigation; provided that the primary contractor is provided with a copy of this Order and signs Addendum A attached hereto;

(f) The Honorable Arthur J. Gonzalez, Judge of the United States Bankruptcy Court for the Southern District of New York, and employees of the Court working in his chambers;

(g) By the Examiner to the public at large, solely to the extent discussed in or attached as exhibits to the Examiner's interim or final reports so long as prior to such use in any interim or final reports the Examiner provides advance written notice, by facsimile or overnight delivery, to the Non-Party Producer five (5) business days prior to the filing of any interim or final report identifying the Confidential Information the Examiner may use in a report to allow the Non-Party Producer to serve an objection within such five (5) day period, which objection shall be transmitted by facsimile to the Examiner's counsel. During the five (5) day review period, the Non-Party Producer shall hold the identity and content of the Confidential Information about which the Examiner has given notice in strict confidence and shall make no disclosure to any person, except counsel for or employees of the Non-Party Producer whose Materials the Examiner intends to disclose, of the identity or content of the Materials the Examiner has notified the Non-Party Producer he may use in a report. If the Non-Party Producer makes an objection, it must file with the Court a motion for a protective order seeking to prohibit the public disclosure of the Confidential Information proposed to be included in the Examiner's report within ten (10) business days of the making of the objection if it wishes to adhere to its objection. The Examiner shall maintain the confidentiality of such Confidential Information during the pendency of an objection and, if a motion for protective order is filed, until the Court resolves the motion for protective order. If the Examiner

files a report during the pendency of an objection or motion for protective order, he shall file those portions of the report, or the entire report if more convenient, under seal to preserve such Confidential Information.

(h) Persons who are granted access pursuant to the terms of the March 15, 2002 Order Regarding Access by Third Parties to Bankruptcy Rule 2004 Material Obtained by the Official Committee of Unsecured Creditors (the "Rule 2004 Sharing Order") and sign Addendum A attached hereto.

**\*4** 5. The Requesting Parties may disclose Confidential Information and Highly Confidential Information only to witnesses being questioned by the Requesting Parties in interviews given in connection with the Requesting Parties' Investigation and who sign Addendum A attached hereto and (i) have been provided with notice that the information being disclosed is Confidential Information or Highly Confidential Information, (ii) have been provided with a copy of this Order, and (iii) have been informed that Confidential Information or Highly Confidential Information is being disclosed to them pursuant to this Order. The Requesting Parties may show the Confidential Information or Highly Confidential Information to the witness, but Confidential Information and Highly Confidential Information may not be given to the witness.

6. The Requesting Parties may disclose Confidential Information and Highly Confidential Information only to witnesses being questioned by the Requesting Parties in depositions or in a court proceeding in connection with the Requesting Parties' Investigation (but not in adversary proceedings or other litigation outside the Matter) ("Court Proceeding") and who sign Addendum A attached hereto and (i) have been provided with notice that the information being disclosed is Confidential Information or Highly Confidential Information, (ii) have been provided with a copy of this Order, and (iii) have been informed upon the record of such testimony that Confidential Information or Highly Confidential Information is being disclosed to them pursuant to this Order. The Requesting Parties may show the Confidential Information to the witness, but Confidential Information or Highly Confidential Information may not be given to the witness. Within ten (10) business days of the receipt of a transcript of a deposition or a portion thereof, the Requesting Party who discloses Confidential Information or Highly Confidential Information must notify in writing by facsimile or overnight delivery the Non-Party Producer whose Confidential Information or Highly Confidential Information was disclosed. If a Requesting Party intends to use Confidential Information or Highly Confidential Information at a deposition or a Court Proceeding, the Requesting Party who intends to use such information must provide two (2) days advance written notice delivered by facsimile of the deposition or Court Proceeding and the intent to use Confidential Information or Highly Confidential Information.

7. If Highly Confidential Information is used during a deposition, everyone but the following persons shall be excused from the deposition while the Highly Confidential Information is being used: (1) the Requesting Parties and their professionals; (2) the witness and his/her counsel; and (3) the Non-Party Producer whose Highly Confidential Information is being used and its counsel.

8. If Confidential Information is used during a deposition, the following persons shall be excused from the deposition while the Confidential Information is being used: (a) persons, other than Requesting Parties, in litigation with the Non-Party Producer; and (b) persons who have not signed Addendum A attached hereto.

**\*5** 9. The Non-Party Producer may designate Confidential Information as "Confidential" or "Highly Confidential" by marking or stamping Materials (or the first page of a multi-page document provided that the document is securely bound) "Confidential or "Highly Confidential," as the case may be. The Requesting Parties shall treat print-outs of any computer data so designated as Confidential Information or Highly Confidential Information in accordance with the terms of this Order. Failure to designate materials as Confidential Information or Highly Confidential Information at the time of their production may be remedied by supplemental written notice and, upon receiving such supplemental notice, the Requesting Parties shall thereafter treat the designated materials in accordance with the terms of this Order.

10. If the Requesting Parties use Confidential Information or Highly Confidential Information to question a witness in a deposition or during a Court Proceeding, the Requesting Parties shall within ten (10) business days after the receipt of the transcript of a deposition or a portion thereof, designate as Confidential Information or Highly Confidential Information each page of such transcript, including exhibits, that contains Confidential Information or Highly Confidential Information.

11. A Non-Party Producer may, on the record of a deposition or within ten (10) business days after receipt of each volume of transcript of a deposition, designate as Confidential Information or Highly Confidential Information each page of such transcript, including

**In re: ENRON CORP., et al., Debtors., Not Reported in B.R. (2002)**
2002 WL 32156065

exhibits, that are Confidential Information or Highly Confidential Information under the terms of this Order. Until such time period expires, the entire volume of deposition transcripts shall be treated as Confidential Information or Highly Confidential Information unless otherwise specified in writing or on the record of the deposition by the Non-Party Producer so long as the Non-Party Producer requests the deposition transcript within ten (10) business days of the ten (10) day notice period provided in Paragraph 6.

12. If the Requesting Parties object to the designation of any Materials as Confidential Information or Highly Confidential Information, including but not limited to, documents, entire depositions, portions thereof and/or exhibits thereto, the Requesting Parties shall so state by letter to counsel for the Non-Party Producer. The Requesting Parties and counsel for the Non-Party Producer shall promptly confer, in good faith, to resolve any dispute concerning the designation and treatment of information as Confidential Information or Highly Confidential Information pursuant to the terms of this Order. In the event that the parties are unable to resolve any dispute concerning treatment of information as Confidential Information or Highly Confidential Information, the Requesting Party may file with the Court a motion challenging the designation. If such a motion is filed, he Non-Party Producer bears the burden of proving the material should be treated as Confidential Information or Highly Confidential Information. Pending determination of such motion, any information previously designated as Confidential Information or Highly Confidential Information shall continue to be treated in accordance with its original designation.

**\*6** 13. The Requesting Parties may disclose Confidential Information designated Highly Confidential only to the attorneys and their staff and experts and heir staff of the Requesting Parties and witnesses and his or her counsel. Unless ordered by the Court or agreed by the Non-Party Producer, Highly Confidential Information shall not be made available to any other person or entity. If Highly Confidential Information is to be shown in an interview pursuant to Paragraph 5 of this Order to someone other than the author or recipient of the Highly Confidential Information or to someone other than a person employed by the author or recipient's employer, then the person who intends to make disclosure shall give notice of the proposed disclosure to outside counsel of record for the Non-Party Producer that produced the Highly Confidential Information one business day before the interview, who shall hold the information on an attorney's eyes only basis.

14. This Order is intended to limit production of Confidential Information or Highly Confidential Information to the Requesting Parties and to limit disclosure by them only to the extent and in the manner provided herein. In the event that the Requesting Parties are requested or required by any person or entity (by law, oral questions, government action, interrogatories, requests for information or Materials, subpoena, civil investigative demand or similar process) to provide or produce Confidential Information or Highly Confidential Information supplied to the Requesting Parties by the Non-Party Producer, the Requesting Parties shall, unless prohibited from doing so by applicable law, give counsel to the relevant Non-Party Producer who provided the Confidential Information or Highly Confidential Information prompt written notice as soon as practicable, but no less than, five (5) days in advance of the deadline for filing objections so that the Non-Party Producer has an opportunity to object to production. The Requesting Parties shall not disclose the Confidential Information or Highly Confidential Information unless the Non-Party Producer's objections are overruled and a court orders production. Other than the giving of notice to the Non-Party Producer, the Requesting Parties have no obligation to resist the request for Confidential Information.

15. This Order has no effect upon, and its scope shall not extend to, the Non-Party Producer's use of its own Confidential Information or Highly Confidential Information for any purpose; nor does this Order affect the terms of the Non-Party Producer's respective stipulations and/or orders regarding confidentiality with persons other than the Requesting Parties.

16. Nothing herein shall prevent or prejudice any party from seeking additional, lessser or greater protection with respect to the use or disclosure of Confidential Information or Highly Confidential Information.

17. If, after having produced material to the Requesting Parties pursuant to this Order, the Non-Party Producer states in writing that material was privileged and/or produced in error, the Requesting Parties will not assert that the fact of production of the material constitutes a waiver of any right, privilege, or other protection that the Non-Party Producer had or may have had as to the material and shall return the material and all copies thereof and destroy that portion of any notes or memoranda that reflect the substance of the document. In the event of such inadvertent production, upon challenge by the Requesting Parties, the Non-Party Producer asserting the privilege, protection and/or error, shall have the burden to establish that the material is non-responsive

**In re: ENRON CORP., et al., Debtors., Not Reported in B.R. (2002)**

2002 WL 32156065

and/or otherwise protected by motion to the Court. If the Requesting Parties challenge the Non-Party Producer's claim of inadvertent production, the Non-Party Producer shall file a motion with the Court within ten (10) business days of the Requesting Parties' challenge seeking a ruling that the Materials at issue were produced inadvertently and the Requesting Parties are not entitled to use them in connection with their Investigations. The Requesting Parties shall maintain the confidentiality of the Confidential Information or Highly Confidential Information until the court resolves the motion and, during its pendency, the Requesting Parties shall not use the Confidential Information or Highly Confidential Information.

***7** 18. Upon the entry of a final decree closing the last of these jointly administered cases (a "Final Decree"), the provisions of this Order shall remain in effect.

19. All Materials and copies thereof shall be returned or destroyed at the Requesting Parties' election within forty-five (45) days of the entry of a Final Decree.

20. Nothing herein shall be construed to require the production by any party of any Materials including any Materials covered by otherwise valid and applicable privilege, including privileges from disclosure arising under the laws, rules and regulations of foreign jurisdictions.

21. All notices which may or are required to be given to the Requesting Parties shall be given to the following:

If to the Examiner, to:

James C. Grant

Alston & Bird, LLP

1201 West Peachtree Street

Atlanta, GA 30309

Fax: 404.881.7777

If to the Committee, to:

Philomena M. Dane

Squire, Sanders & Dempsey, L.L.P.

1300 Huntington Center

41 South High Street

Columbus, OH 43215-6197

Fax: 614.365.2499

If to the Debtors, to:

Brian S. Rosen

Weil, Gotshal & Manges LLP

767 Fifth Avenue

New York, NY 10153

Fax: 212.310.8007

22. Within ten (10) days after the entry of this Order, all Non-Party Producers shall provide notice to the Requesting Parties of the name, address and fax number of not more than three (3) people on whom all notices which may or are required to be given to such Non-Party Producer under this Order shall be given. Notice given by a Requesting Party to such persons identified by a Non-Party Producer shall satisfy such Requesting Party's notice obligations hereunder.

23. The Requesting Parties shall file a motion seeking to amend the Rule 2004 Sharing Order to the extent necessary to effectuate the provisions of this Order.

IT IS SO ORDERED:
Appendix not available.

**All Citations**

Not Reported in B.R., 2002 WL 32156065

**End of Document**

© 2018 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW  © 2018 Thomson Reuters. No claim to original U.S. Government Works.  5