# EXHIBIT F

**Order Discharging Examiner and Establishing Related Procedures,** *In re Refco Inc.*, **Case No. 05-6006 (RDD) (Bankr. S.D.N.Y. Aug. 16, 2007) (Docket No. 5748)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>REFCO INC., *et al.*<br><br>　　　　　　　　Debtors. | § Chapter 11<br>§<br>§ Case No. 05-60006 (RDD)<br>§<br>§ Jointly Administered<br>§<br>§ |

## Order Discharging Examiner and Establishing Related Procedures

This matter came before the Court for hearing on August 14, 2007 (the "Hearing") on the Motion of Examiner for Order Discharging Examiner and Establishing Related Procedures (Docket No. 5632) ("Motion"); the Court having considered the Motion and the limited objection thereto and the arguments of counsel and the representations set forth on the record of the Hearing by counsel for the Litigation Trustee[1]; the Court having jurisdiction over this matter in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court By Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); consideration of the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Court having determined that the relief sought in the Motion is in the best interests of the Debtors' estates; the Court having determined that the legal and factual bases set forth in the Motion and articulated by counsel at the Hearing establish cause for the relief granted herein; and after due deliberation, and sufficient cause appearing,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Motion is granted except to the extent otherwise provided in this Order.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2. Effective as of the date of this Order, the Examiner and the Examiner's Counsel are discharged from any further obligations, duties, or responsibilities under the Examiner Appointment Order (Docket No. 1487), pursuant to other directions of the Court given at the hearing held in this case on June 21, 2006, or otherwise in these cases, except as specifically provided for in this Order.

3. The Examiner is authorized to, and shall, provide to the Litigation Trustee (as defined in the Modified Joint Chapter 11 Plan of Refco, Inc. and Certain of its Direct and Indirect Subsidiaries (Docket No. 3948) (the "Plan")) copies of, or access to, all the Investigative Documents requested by the Litigation Trustee in the possession, custody, or control of the Examiner. "Investigative Documents" shall mean: (a) all documents[2] produced to the Examiner by third-parties; (b) all documents produced to the Creditors Committee and the SEC in these cases and shared with the Examiner; and (c) all documents shared with the Examiner by the Debtors and their professionals. The Litigation Trustee shall request copies of, or access to, all Investigative Documents in the possession, custody, or control of the Examiner (except that the Litigation Trustee need not request copies of any Investigative Documents that the Trustee reasonably believes are already in the Litigation Trustee's possession, custody, or control), it being the intention of this Order that the Litigation Trustee ultimately have all of the Investigative Documents, from one source or another, in his possession, custody, or control.

4. The Examiner is authorized to provide to the Litigation Trustee, in the sole discretion of the Examiner, copies of, or access to, the Other Documents in the possession, custody, or control of the Examiner. "Other Documents" shall mean all documents in the possession, custody, or control of the Examiner that are not Investigative Documents.

---

[2] The term "documents" as used in this Order shall have the meaning ascribed to it in Bankruptcy Rule 7034.

2

5. Any such provision of Investigative or Other Documents by the Examiner to the Litigation Trustee is not, and shall not be deemed to be, a waiver of any currently existing work-product or other privilege.

6. Upon delivery to the Litigation Trustee of all Investigative Documents requested by the Litigation Trustee pursuant to paragraph 3 of this Order, the Examiner and the Examiner's Counsel are authorized to retain or dispose of all documents received by or generated by the Examiner and the Examiner's Counsel, including the Investigative Documents and Other Documents, in the sole discretion of the Examiner, through whatever process the Examiner determines is appropriate.

7. Without limiting the Examiner's rights under the Protective Orders, Stipulations and Agreements to which the Examiner is subject (the "Stipulations"), with respect to the parties to the Stipulations who were served with notice of the Motion and Hearing, the Examiner's compliance with this Order constitutes compliance by the Examiner with the disposition provisions of all such Stipulations.

8. Notwithstanding any other provision in this Order, the Examiner shall preserve any and all memoranda, notes, and transcripts (and any exhibits annexed thereto) of any and all interviews conducted by the Examiner in the course of the Examiner's investigation (the "Interview Materials"). The Examiner shall preserve the Interview Materials until: 1) either the end of the criminal trial in *United States v. Bennett, et al.*, S3 05 Cr. 1192 (NRB) or the entry of an order from the federal district court judge presiding over that trial denying the defendants therein (the "Defendants") access to the Interview Materials; and, thereafter, 2) the Examiner has provided the Defendants with thirty days advance written notice of the Examiner's intent to destroy the Interview Materials; and 3) that thirty day period has expired. The Defendants reserve all their rights to seek judicial relief preserving the Interview Materials during that thirty

3

day period. Nothing in this paragraph shall prevent the Examiner from opposing the production of any of the Interview Materials on any ground including, without limitation, work product or attorney client privilege, or prevent the Defendants from contesting the Examiner's position.

9. Every creditor and party in interest is hereby precluded from issuing or serving upon the Examiner or the Examiner's Counsel any formal or informal discovery requests, including, but not limited to, any subpoenas, subpoenas *duces tecum*, request for production of documents, requests for admissions, interrogatories, requests for testimony (through subpoena, notice of deposition, request for a Bankruptcy Rule 2004 Examination, or otherwise), letters rogatory, or any other discovery of any kind whatsoever in any way related to the Debtors, the non-debtor affiliates of the Debtors, the bankruptcy cases, or the Examiner's investigation and Report with respect to any knowledge or documents or any other material in the possession, custody, or control of the Examiner or the Examiner's Counsel (including, but not limited to, any Investigative Documents or Other Documents); provided, however: (a) that in the event a creditor or party in interest shows that it has been unable to obtain discovery of certain information from any other source, then such creditor or party in interest may request that the Court permit discovery of that information from the Examiner and the Examiner's Counsel in a manner that is consistent with the Protective Orders, Stipulations and Agreements. The Examiner and the Examiner's Counsel have the right to and may oppose any such request for discovery; (b) that in the event a federal district court presiding over a criminal proceeding in which a person or entity is a defendant issues an order finding that the Examiner or the Examiner's Counsel is obliged to produce documents or other materials to said defendant under the principles of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), as embodied in subsequent case law and the Federal Rules of Criminal Procedure, this Order shall not preclude such production as the federal district court may require. The Examiner and the Examiner's Counsel have the right to and may

4

oppose any efforts by a person or entity to secure such an order from a federal district court; and (c) the Examiner and the Examiner's Counsel shall be entitled to reimbursement of any fees and expenses incurred (including professional fees and expenses) in objecting to, opposing, or otherwise responding to any such discovery request, with such fees and expenses to be submitted and paid in accordance with the provisions of this Order.

10. Neither the Examiner nor the Examiner's Counsel shall have any liability with respect to any act or omission, statement or representation arising out of, relating to, or involving in any way, the Examiner's investigation or any report, pleading, or other writing filed by the Examiner in connection with the bankruptcy cases, except in the case of gross negligence or willful misconduct, and the Examiner and the Examiner's Counsel, without limitation, are hereby provided the same releases, exculpations, and limitations of liability provided to the Debtors and their professionals, among others, pursuant to the Plan, including Sections 10.2 and 10.3 of the Plan.

11. The Examiner and the Examiner's Counsel shall be entitled to reimbursement from the Reorganized Debtors (as defined in the Plan) for all fees and costs relating to compliance with the procedures set forth in this Order, including the transfer of materials to the Litigation Trustee; the disposition of materials, including the Investigative Documents and Other Documents; and any other actions taken by the Examiner or the Examiner's Counsel in furtherance of concluding the Examiner's duties in connection with his role as Examiner in these cases, pursuant to this Order or otherwise. Any fees or expenses for which reimbursement is sought, which are incurred by the Examiner or the Examiner's Counsel after June 30, 2007, shall be submitted to and paid by the Reorganized Debtors in the ordinary course of business pursuant to Section 12.3(b) of the Plan and paragraph 18 of the Order confirming the Plan (Docket No.

5

3971). The Examiner and the Examiner's Counsel shall file a final fee application for allowance and payment of all fees and expenses incurred during this case through June 30, 2007.

12. All objections to the Motion are hereby RESOLVED in accordance with the terms of this Order or OVERRULED, for the reasons set forth on the record at the Hearing.

13. Notice of the Motion and Hearing was sufficient and appropriate as evidenced by the Certificate of Service filed by the Examiner (Docket No. 5649).

14. The requirement of Local Bankruptcy Rule 9013-1(b) is waived.

15. The Court retains jurisdiction to determine all matters relating to interpretation or enforcement of this Order.

16. The Examiner shall serve a copy of this Order, upon the parties on whom the Motion was served, by first-class mail within five (5) business days after entry of this Order.

Dated: <u>August 16</u>, 2007, at New York, New York

/s/Robert D. Drain
ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE