# EXHIBIT G

**Order Granting Motion of Neal Batson, the Enron Examiner, with respect to Certain Procedural Issues in Connection with the Termination of the Enron Corp. Examination,** *In re Enron Corp.***, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Feb. 19, 2004)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
In re: : Chapter 11
:
ENRON CORP., et al., : Case No. 01-16034 (AJG)
:
Debtors. : Jointly Administered
:
------------------------------------------------------x

ORDER GRANTING MOTION OF NEAL BATSON,
THE ENRON CORP. EXAMINER, WITH RESPECT TO
CERTAIN PROCEDURAL ISSUES IN CONNECTION WITH
THE TERMINATION OF THE ENRON CORP. EXAMINATION

Upon the Motion of Neal Batson, the Enron Corp. Examiner, With Respect to Certain Procedural Issues in Connection with the Termination of the Enron Corp. Examination (the "Motion"), and adequate and sufficient notice of the Motion having been provided to all parties in interest; and the Court having conducted hearings during which interested parties were given the opportunity to be heard with respect to the Motion; and having considered the Proposed Order submitted on behalf of the Enron Corp. Examiner; and having considered the Proposed Counter-Order submitted on behalf of the Merrill Lynch Defendants; and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. The Motion is granted to the extent set forth in this Order;

2. Any creditor or party in interest to these cases is hereby precluded from issuing or serving upon the Enron Corp. Examiner[1] or the Enron Corp. Examiner's Professionals any formal or informal discovery requests, including but not limited to, any

---

[1] The defined terms herein shall have the same meanings ascribed to them in the Motion.

subpoenas, requests for production of documents, requests for admissions, interrogatories, subpoenas *duces tecum*, requests for testimony, letters rogatory or any other discovery of any kind whatsoever in any way related to the Debtors, the nondebtor affiliates of the Debtors, the bankruptcy cases, or the Enron Corp. Examination with respect to any knowledge or documents (as defined by Bankruptcy Rule 7034(c)) or any other material in the possession, custody or control of the Enron Corp. Examiner or the Enron Corp. Examiner's Professionals; provided, however:

(i) that in the event a party in interest affirms that it has been unable to obtain discovery of certain information from any other source, then such party in interest may request that the Court permit discovery of that information from the Enron Corp. Examiner and the Enron Corp. Examiner's Professionals in a manner that is consistent with this Court's orders concerning the confidentiality of Rule 2004 materials. The Enron Corp. Examiner and the Enron Corp. Examiner's Professionals have the right to and may oppose any such request for discovery; and

(ii) that in the event a federal district court presiding over a criminal proceeding in which a party in interest is a defendant issues an order finding that the Enron Corp. Examiner or the Enron Corp. Examiner's Professionals are obliged to produce documents or other materials to said defendant under the principles of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), as embodied in subsequent case law and the Federal Rules of Criminal Procedure,

this Order shall not preclude such production as the federal district court may require. The Enron Corp. Examiner and the Enron Corp. Examiner's Professionals have the right to and may oppose any efforts by a party in interest to to secure such an order from a federal district court;

3. Except as prohibited by any existing confidentiality order, including the Confidentiality Order, or other confidentiality agreement executed by the Enron Corp. Examiner, the Enron Corp. Examiner shall deliver to counsel for the Debtors (or their successors), one copy of each report filed by the Enron Corp. Examiner in the bankruptcy cases, all material cited in the footnotes of each report and all closing documents for the transactions analyzed by the Enron Corp. Examiner by March 1, 2004. Counsel for the Debtors shall maintain the confidentiality of the material in accordance with the Confidentiality Order. Without limiting the generality of the foregoing, any Highly Confidential Material comprised by the material shall be maintained as such notwithstanding the citation to such material or the publication of any non-highly confidential portion thereof by the Enron Corp. Examiner. Consistent with any provisions of any confidentiality order entered in the bankruptcy cases, the Enron Corp. Examiner and the Enron Corp. Examiner's Professionals shall be authorized and are directed to retain copies of the reports filed in the bankruptcy cases, together with copies of all materials cited in the footnotes of the reports, along with the transcripts of all examinations taken with the voluntary cooperation of a witness or pursuant to Bankruptcy Rule 2004. Notwithstanding anything to the contrary contained herein, and notwithstanding any provision of any plan of reorganization that is or may be confirmed

in these cases, the Enron Corp. Examiner and the Enron Corp. Examiner's Professionals shall not be required to produce to the Debtors (or any successor to the Debtors or any other party) any material comprising the work product of the Enron Corp. Examiner and/or the Enron Corp. Examiner's Professionals and/or any material protected by the attorney-client privilege or other applicable privileges. The Enron Corp. Examiner and the Enron Corp. Examiner's Professionals shall be entitled to reimbursement for the costs of disposition of the material under the terms of this provision, and matters related to the completion of the Enron Corp. Examination (including the prosecution of all fee applications), and all requests for payment of fees and expenses (including professional fees and any expenses) shall be submitted to the Debtors for payment consistent with the terms of the orders entered in these cases addressing the compensation of professionals and reimbursement of expenses;

4. In the event of a conflict between this Order and any provisions of a plan of reorganization confirmed in these cases, this Order shall control as it pertains to the rights, duties and obligations of the Enron Corp. Examiner and the Enron Corp. Examiner's Professionals; and

5. Except as specifically set forth herein, the balance of the relief requested in the Motion, including the relief sought in paragraphs 24 through 27 of the Motion, shall be reserved pending further order of this Court.


DATED: New York, New York
       February 19, 2004

                              *s/ Arthur J. Gonzalez*
                              THE HONORABLE ARTHUR J. GONZALEZ,
                              UNITED STATES BANKRUPTCY JUDGE