# EXHIBIT I

**Order Granting Motion of Neal Batson, the Enron Examiner, with respect to Certain Procedural Issues in Connection with the Termination of the Enron Corp. Examination,** *In re Enron Corp.***, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Dec. 17, 2003)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
In re:                                          :    Chapter 11

ENRON CORP., *et al.*,               :    Case No. 01-16034 (AJG)

               Debtors.    :    Jointly Administered

------------------------------------------------------x

### ORDER GRANTING MOTION OF NEAL BATSON, THE ENRON CORP. EXAMINER, WITH RESPECT TO CERTAIN PROCEDURAL ISSUES IN CONNECTION WITH THE TERMINATION OF THE ENRON CORP. EXAMINATION

Upon the Motion of Neal Batson, the Enron Corp. Examiner, With Respect to Certain Procedural Issues in Connection with the Termination of the Enron Corp. Examination (the "Motion"), and adequate and sufficient notice of the Motion having been provided to all parties in interest; and the Court having conducted a hearing during which interested parties were given the opportunity to be heard with respect to the Motion; and sufficient cause appearing therefore; and based on the representations of counsel for the Enron Corp. Examiner[1] as well as counsel for the Debtors, the Creditors' Committee and certain other parties at the hearing on the Motion, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1.    The Motion is granted, in part, to the extent set forth in this Order;

2.    Effective as of December 31, 2003, the Enron Corp. Examiner, Neal Batson, shall be discharged from his duties as the Enron Corp. Examiner, under the terms of the Initial Examiner Order (as subsequently amended and supplemented), and any commitments or representations of Mr. Batson to the U. S. Trustee with respect to his

---

[1] The defined terms herein shall have the same meanings ascribed to them in the Motion.

duties as the Enron Corp. Examiner shall be considered terminated except as provided herein or by applicable law;

3. Upon the Effective Date of any plan of reorganization for Enron Corp., neither the Enron Corp. Examiner nor the Enron Corp. Examiner's Professionals shall have any liability with respect to any act or omission, statement or representation arising out of, relating to, or involving in any way, the Enron Corp. Examination or any report, pleading or other writing filed by the Enron Corp. Examiner in connection with the bankruptcy cases; provided, however, that nothing contained in this decretal paragraph shall be construed to limit the liability of the Enron Corp. Examiner or the Enron Corp. Examiner's Professionals for violation of any applicable disciplinary rule or code of professional responsibility or for any acts of willful misconduct or gross negligence or release the Enron Corp. Examiner or the Enron Corp. Examiner Professionals from compliance with any obligations arising under any confidentiality order, including the Confidentiality Order, under this Order or under any other Order entered by this Court relating to the Motion; and provided further that, in the event that estate fiduciaries and professionals receive lesser levels of exculpation in connection with a confirmed chapter 11 plan, any party in interest may, during the period up to ten (10) days following the entry of such confirmation order, seek to modify this provision, upon notice and hearing, and the Enron Corp. Examiner and the Enron Corp. Examiner's Professionals may object thereto; and, provided, further, that nothing contained herein shall preclude the Fee Committee from filing advisory reports with respect to the fees incurred by the Enron Corp. Examiner or the Enron Corp. Examiner's Professionals;

4. In the event of a conflict between this Order and any provisions of a plan of reorganization confirmed in these cases, this Order shall control as it pertains to the rights, duties and obligations of the Enron Corp. Examiner and the Enron Corp. Examiner Professionals; and

5. Except as specifically set forth therein, the balance of the relief requested in the Motion shall be reserved pending further order of this Court.

DATED: New York, New York
December 17, 2003

                                     **s/Arthur J. Gonzalez**
                                     HONORABLE ARTHUR J. GONZALEZ
                                     UNITED STATES BANKRUPTCY JUDGE