**Hearing Date**: July 25, 2018 at 9:30 a.m. (AST)
**Objection Deadline**: July 10, 2018 at 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------- X
: 
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.,* : (Jointly Administered)
:
    Debtors.[1] :
---------------------------------------------------------------------- X

## MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO CLARIFY OR AMEND FOURTH AMENDED NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES REGARDING DISCLOSURE REQUIREMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2019

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474).

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT .................................................................................................. 2
JURISDICTION, VENUE, AND STATUTORY BASES ............................................................ 3
BACKGROUND ........................................................................................................................... 4
RELIEF REQUESTED................................................................................................................... 7
BASIS FOR RELIEF ..................................................................................................................... 8
    I.    Confusion May Exist Regarding Degree of Participation Required to Trigger Case Management Procedures Disclosure Requirements............................................................. 9
    II.    Case Management Procedures Should Be Clarified to More Precisely Define What Actions Constitute Taking Position in Debtor's Title III Case ............................... 11
    III.    In Alternative, Blanket Disclosure Rule Should Be Imposed Requiring Disclosure Regarding Interests in All Title III Debtors ...................................................................... 12
    IV.    The Court Should Impose Disclosure Remedies for Past Failures to Provide Required Disclosure ........................................................................................................ 14
CONCLUSION............................................................................................................................ 15
NO PRIOR REQUEST ................................................................................................................ 15

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Statutes**

11 U.S.C.
    § 105 ........................................................................................................................................ 8
    § 105(a) ............................................................................................................................. 1, 4, 8

48 U.S.C. § 2194(m)(1) ............................................................................................................... 2

PROMESA
    § 301(a) ............................................................................................................................. 1, 4, 8
    § 301(d) ................................................................................................................................... 8
    § 306(a) ................................................................................................................................... 3
    § 307(a) ................................................................................................................................... 3
    § 310 ................................................................................................................................. 1, 4, 8

**Other Authorities**

Federal Rules of Bankruptcy Procedure
    2019 ............................................................................................................................... *passim*
    2019(b) .......................................................................................................................... *passim*

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee") hereby submits this motion (the "Motion"), pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these Title III cases by section 301(a) of PROMESA, and Rule 2019 of the Federal Rules of Bankruptcy Procedure (the "Rules"), made applicable to these Title III cases by section 310 of PROMESA, (a) requesting entry of an order, substantially in the form attached hereto as Exhibit A ("Proposed Order A"), clarifying the *Fourth Amended Notice, Case Management and Administrative Procedures* (the "Case Management Procedures")[2] [Exhibit A to Docket No. 2839, dated April 4, 2018] to ensure that every Rule 2019(b) Group[3] involved in these Title III cases discloses all its economic interests with respect to all the Title III Debtors in whose cases the Rule 2019(b) Group has appeared in any capacity, including by means of the filing of informative motions, the execution of court-approved stipulations, or the filing of proofs of claim, among other pleadings; or (b) in the alternative, renewing the Committee's request for entry of an order, substantially in the form attached hereto as Exhibit B ("Proposed Order B" and, together with Proposed Order A, the "Proposed Orders"), amending the Case Management Procedures to require that every Rule 2019(b) Group that has appeared in these Title III cases in any capacity disclose its economic interests with respect to all Title III Debtors regardless of

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Case Management Procedures.

[3] A "Rule 2019(b) Group" is defined in the Case Management Procedures as "[e]very group, committee and entity described in Federal Rule of Bankruptcy Procedure 2019(b)(1)." Case Management Procedures, at ¶ IV.A. Rule 2019(b)(1) describes such groups as "every group or committee that consists of or represents, and every entity that represents, multiple creditors or equity security holders that are (A) acting in concert to advance their common interests, and (B) not composed entirely of affiliates or insiders of one another." Fed. R. Bankr. P. 2019(b)(1).

whether or not it has taken a position in a particular Title III case. In support of the Motion, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1. Congress observed in the PROMESA statute that "lack of financial transparency" was one of the key factors that created Puerto Rico's fiscal emergency,[4] and just as this lack of transparency in the past was a key factor in Puerto Rico's financial crisis, robust transparency now will be key to the success of Puerto Rico's Title III cases. Given the importance of transparency in this process, disclosure pursuant to Rule 2019 is of the utmost importance in these Title III cases.

2. The Committee files this motion because it is concerned that, in some instances, there may be confusion with respect to the obligations of certain Rule 2019(b) Groups to comply with Rule 2019. As further explained below, some Rule 2019(b) Groups have filed verified statements pursuant to Rule 2019 in which they appear to disclose economic interests held with respect to all Title III Debtors, which is to be commended. In contrast, other Rule 2019(b) Groups have filed verified statements in which these groups appear to disclose economic interests solely with respect to a particular Debtor. These Rule 2019(b) Groups may hold economic interests with respect to other Debtors that they have not disclosed, and presumably they are not disclosing such interests because they believe that they have not "taken a position" in such other Debtors' cases so as to trigger Rule 2019 disclosure obligations under the Case Management Procedures. However, it appears that some of these groups have in fact "taken a position" in the Title III cases of such other Debtors (by, for example, filing motions to intervene, executing court-approved stipulations, or filing claims in such other Debtors' cases).

---

[4] 48 U.S.C. § 2194(m)(1).

2

3. Given this situation, the Committee believes it is possible that there has not been full compliance with the Case Management Procedures. If such non-disclosure has occurred, Rule 2019(b) Groups might appear to the court and/or parties in interest as holders of one type of interest with respect to a particular Debtor(s), when in reality they hold other positions, with important potential implications for the incentives and motivations behind the positions such groups advocate in the Title III cases. The Committee does not believe that the court intended such a result, which appears contrary to at least the spirit, if not the letter, of Rule 2019.

4. Therefore, the Committee believes that the court should clarify the degree of participation by a Rule 2019(b) Group in a Debtor's Title III case that would qualify as the "taking a position" in that Debtor's case, thus triggering the requirement in the Case Management Procedures that the Rule 2019(b) Group disclose economic interests with respect to such Debtor. In the alternative, the Committee requests that the court impose a blanket disclosure rule requiring that every Rule 2019(b) Group that has appeared in these Title III cases in any capacity disclose its economic interests with respect to all Title III Debtors, regardless of whether or not it has taken a position in a particular Title III case. This alternative form of relief would not only be simple, but would also recognize the reality that these various Title III cases are intricately linked.

## JURISDICTION, VENUE, AND STATUTORY BASES

5. The United States District Court for the District of Puerto Rico has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

6. Venue is proper pursuant to section 307(a) of PROMESA.

3

7. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, made applicable to these Title III cases by section 301(a) of PROMESA, and Rule 2019, made applicable to these Title III cases by section 310 of PROMESA.

## BACKGROUND

8. On June 2, 2017, the court entered an order approving the Case Management Procedures, which set forth certain notice, case management, and administrative procedures for the Title III cases [Docket No. 249].[5]

9. On July 26, 2017, the court entered its *Order Regarding the Applicability of F.R.B.P. 2019 to the Title III Cases and A Further Proposed Amendment to the Case Management Order* [Docket No. 754] (the "Rule 2019 Order"), in which the court proposed amendments to the Case Management Procedures with the purpose of ensuring full and timely compliance with Rule 2019 by Rule 2019(b) Groups. On August 2, 2017, the Committee filed an informative motion[6] (the "Committee Informative Motion") suggesting amendments to the Case Management Procedures that would require certain additional disclosures by Rule 2019(b) Groups.

10. Subsequently, at the hearing held on August 9, 2017, the court addressed the Committee's Informative Motion, stating as follows:

> I had also proposed to amend the case management procedures to include specific provisions requiring compliance with Rule 2019, which had begun to happen organically around the same time, but I want to have that clear in the Case Management Order.
> There was a response from the UCC by way of an informative motion seeking a very detailed refinement of requirements in that regard that go, to an

---

[5] From time to time, the court has entered orders amending the Case Management Procedures, which are not relevant to the issues discussed in this Motion.

[6] *Informative Motion of Official Committee of Unsecured Creditors Regarding Applicability of Bankruptcy Rule 2019 to Title III Cases and Further Proposed Amendment to Case Management Order* [Docket No. 850, Aug. 2, 2017].

4

extent, in the Court's view, beyond [Rule] 2019. The Court declines to require the full scope of additions to disclosures that were suggested by the UCC. **However, the Court does believe that and agrees with the UCC that compliance with [Rule] 2019 requires disclosure of all economic interest[s] with respect to each debtor in whose Title III case the group committee and/or entity has taken a position, including interests in derivatives, and that the disclosure must also include the existence and amount of any bond insurance or other credit protection, including such protection by a monoline insurer.**[7]

11. On August 17, 2017, the court entered its order further amending the Case Management Procedures [Docket No. 1065] to, among other things, incorporate the amendments proposed in the Rule 2019 Order and discussed at the August 9 hearing. As a result, a new Section IV was added to the Case Management Procedures entitled "Disclosure Requirements," which includes the following instruction:

> For the avoidance of doubt and for the purposes of these Title III cases, compliance with Bankruptcy Rule 2019 includes disclosure of: **(i) all economic interests with respect to each Debtor in whose Title III case the group, committee and/or entity has taken a position, including derivative interests**, and (ii) the existence and amount of any bond insurance or other credit protection, including by a monoline insurer.[8]

12. The court's amendment clarified further in a footnote to Paragraph IV.A that, "[f]or the avoidance of doubt, the phrase 'takes a position before the Court' **includes, but is not limited to**, the filing of any Pleading, including informative motion practice containing factual or legal representations or arguments."[9]

---

[7] Hr'g Tr. 34:12 – 35:7, August 9, 2017 (emphasis added).

[8] Case Management Procedures, ¶ IV.A (emphasis added).

[9] *Id.* n. 3 (emphasis added). The term "Pleadings" is in turn defined by the Case Management Procedures as "[a]ll documents filed in these Title III Cases, including, but not limited to, all notices, motions, applications, other requests for relief, all briefs, memoranda, affidavits, declarations, and other documents filed in support of such papers seeking relief." Case Management Procedures, ¶ I.B.

5

13.     A number of Rule 2019(b) Groups have filed Rule 2019 verified statements in the Title III cases.  These include the Mutual Fund Group[10] and PREPA Ad Hoc Group,[11] who have consistently filed verified statements in which they appear to disclose interests held by the members of the groups with respect to all Title III Debtors.

14.     On the other hand, the COFINA Senior Bondholders' Coalition has filed verified statements pursuant to Rule 2019 in which it only reports interests with respect to COFINA.[12] These Rule 2019 statements may or may not be compliant with the Case Management Procedures depending on whether at the time they were filed (i) the members of the COFINA Senior Bondholders' Coalition held interests with respect to another Debtor(s), and (ii) the COFINA Senior Bondholders' Coalition had taken a position in such other Debtor's Title III case.

15.     On July 13, 2017, the ad hoc group of general obligation ("GO") bondholders (the "GO Group") filed an initial Rule 2019 verified statement reporting interests with respect to the

---

[10] *See Third Supplemental Verified Statement of the Mutual Fund Group Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Docket No. 2588, Feb. 24, 2018]; *Second Supplemental Verified Statement of the Mutual Fund Group Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Docket No. 1988, Dec. 13, 2017]*; First Supplemental Statement of the Mutual Fund Group Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Docket No. 1693, Nov. 7, 2017]; *Statement of the Mutual Fund Group Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Docket No. 1056, Aug. 16, 2017].

[11] *See Third Supplemental Verified Statement of the Ad Hoc Group of PREPA Bondholders Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Docket No. 633 in Case No. 17 BK 4780 (LTS), Feb. 6, 2018]; *Second Supplemental Verified Statement of the Ad Hoc Group of PREPA Bondholders Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Docket No. 1989, Dec. 13, 2017]; *First Supplemental Verified Statement of the Ad Hoc Group of PREPA Bondholders Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Docket No. 1691, Nov. 7, 2017]; *Verified Statement of the Ad Hoc Group of PREPA Bondholders Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Docket No. 164 in Case No. 17 BK 4780 (LTS), Aug. 2, 2017].

[12] *See Fifth Supplemental Verified Statement of the COFINA Sr. Bondholders' Coalition Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Docket No. 2974, Apr. 27, 2018]; *Fourth Supplemental Verified Statement of the COFINA Sr. Bondholders' Coalition Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Docket No. 2669, Mar. 5, 2018]; *Third Supplemental Verified Statement of the COFINA Sr. Bondholders' Coalition* Pursuant *to Federal Rule of Bankruptcy Procedure 2019* [Docket No. 2252, Jan. 16, 2018]; *Second Supplemental Verified Statement of the COFINA Sr. Bondholders' Coalition Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Docket No. 1552 ,Oct. 26, 2017]; *First Supplemental Verified Statement of the COFINA Sr. Bondholders' Coalition Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Docket No. 1090, Aug. 18, 2017]; *Verified Statement of the COFINA Sr. Bondholders' Coalition Pursuant to Bankruptcy Rule 2019* [Docket No. 749, July 25. 2017].

Commonwealth, HTA, and COFINA,[13] and it subsequently filed supplemental verified statements in which it reported interests solely with respect to the Commonwealth.[14] These Rule 2019 statements may or may not be compliant with the Case Management Procedures depending on whether at the time they were filed (i) the members of the GO Group held interests with respect to another Debtor(s), and (ii) the GO Group had taken a position in such other Debtor's Title III case.

16. The ERS Secured Creditors group has filed verified statements reporting only interests held with respect to ERS.[15] These Rule 2019 statements may or may not be compliant with the Case Management Procedures depending on whether at the time they were filed (i) the members of the ERS Secured Creditors group held interests with respect to another Debtor(s), and (ii) the ERS Secured Creditors group had taken a position in such other Debtor's Title III case.

## RELIEF REQUESTED

17. To remedy the apparent confusion with respect to what degree of participation by a Rule 2019(b) Group would require such Rule 2019(b) Group to file a Rule 2019 verified statement with respect to a particular Title III Debtor, the Committee requests either: (a) entry of Proposed Order A, which clarifies the Case Management Procedures to require that every Rule 2019(b) Group disclose all its economic interests with respect to all the Title III Debtors in

---

[13] *See Verified Statement of the Ad Hoc Group of General Obligation Bondholders Pursuant to Bankruptcy Rule 2019* [Docket No. 630, July 13, 2017].

[14] *See Second Supplemental Verified Statement of the Ad Hoc Group of General Obligation Bondholders Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Docket No. 3336, June 21, 2018]; *First Supplemental Verified Statement of the Ad Hoc Group of General Obligation Bondholders Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Docket No. 1625, Nov. 3, 2017].

[15] *See First Supplemental Verified Statement of the ERS Secured Creditors Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Docket No. 226 in Case No. 17 BK 3566 (LTS), Dec. 8, 2017]; *Verified Statement of the ERS Secured Creditors Pursuant to Bankruptcy Rule 2019* [Docket No. 194 in Case No 17 BK 3566 (LTS), Aug. 15, 2017].

7

whose cases the Rule 2019(b) Group has appeared in any capacity, including by means of the filing of informative motions, the execution of court-approved stipulations, or the filing of proofs of claim, among other pleadings; or (b) in the alternative, the entry of Proposed Order B, which would amend the Case Management Procedures to require that every Rule 2019(b) Group that has appeared in these Title III cases in any capacity disclose its economic interests with respect to all Title III Debtors regardless of whether or not it has taken a position in a particular Title III case.

## BASIS FOR RELIEF

18. Section 105 of the Bankruptcy Code, which is made applicable to these Title III cases by section 301(a) of PROMESA, authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."[16] Rule 2019, which is made applicable to these Title III cases by section 310 of PROMESA, requires, among other things, detailed disclosures by Rule 2019(b) Groups regarding the disclosable economic interests[17] held by their members. As discussed above, the Case Management Procedures require disclosure of economic interests with respect to a Debtor in whose case a Rule 2019(b) Group "has taken a position,"[18] which is defined broadly to include, among other things "the filing of any Pleading."[19]

---

[16] 11 U.S.C. § 105(a); *see also* PROMESA § 301(d) (references to "this title" under the Bankruptcy Code are deemed to be references to Title III of PROMESA).

[17] "Disclosable economic interest" means "any claim, interest, pledge, lien, option, participation, derivative instrument, or any other right or derivative right granting the holder an economic interest that is affected by the value, acquisition, or disposition of a claim or interest." FED. R. BANKR. P. 2019(a)(1).

[18] *See* Case Management Procedures, ¶ IV.A. One should note the verb "has taken" is in the present perfect tense, indicating the taking of a position currently or sometime in the past.

[19] *See id.* ¶ IV.A n.3. The term "Pleading" in turn defined as "[a]ll documents filed in these Title III Cases." *See id.* ¶ I.B.

8

**I.      Confusion May Exist Regarding Degree of Participation Required to Trigger Case Management Procedures Disclosure Requirements**

19.     Currently, Rule 2019(b) Groups are providing inconsistent levels of disclosure regarding their interests in the Debtors.  For example, while some Rule 2019(b) Groups in these cases have filed verified statements reporting interests held with respect to all the Debtors, other groups have filed verified statements reporting economic interests in only one Debtor.

20.     Under the Case Procedures Order, disclosure by a Rule 2019(b) Group of interests with respect to a single Debtor is appropriate in one of two scenarios: (a) the group is a creditor which holds interests solely with respect to that one Debtor and no other Debtors, or (b) the group holds interests both (i) with respect to the Debtor for which it has provided disclosure and (ii) with respect to another Title III Debtor (or Debtors) in whose case it has <u>not</u> taken a position.  Thus, confusion regarding the degree of participation in a Title III case that constitutes "taking a position" could lead to inappropriate non-disclosure of interests.  A Rule 2019(b) Group that erroneously believes it is has not taken a position in a particular Debtor's Title III case would likely conclude that it was under no obligation to disclose interests held with respect to such Debtor.

21.     Indeed, the Committee understands, on information and belief (and based on information not known previously), that members of the GO Group may have at one time held and/or currently hold COFINA bonds that were not reported in any of the group's Rule 2019 statements filed with the court since July 13, 2017.  The GO Group may believe that it has complied with the Case Management Procedures by filing Rule 2019 verified statements in which it reported economic interests solely with respect to the Commonwealth, perhaps on the theory that it has only "taken a position" in the Commonwealth's Title III case.

9

22. In the Committee's view, however, it is beyond peradventure that the GO Group has taken a position in COFINA's case given, for example, its attempt to intervene in the adversary proceeding commenced by Bank of New York Mellon (and filed on the COFINA Title III Docket) to interplead sales-and-use tax funds,[20] and its pervasive role in the Commonwealth-COFINA Dispute.[21] This latter example includes the GO Group being a signatory of the Commonwealth-COFINA Dispute Stipulation dated August 10, 2017, thereby gaining automatic intervention rights in the Commonwealth-COFINA adversary proceeding, which proceeding directly involves both the Commonwealth and COFINA.

23. Moreover, to the extent a member of the COFINA Senior Bondholders' Coalition held or currently holds GO bonds issued by the Commonwealth, the COFINA Senior Bondholders' Coalition apparently also believes it has no obligation to disclose such economic interests, despite its active involvement in the Commonwealth's Title III case through, for example, its role litigating the Commonwealth-COFINA Dispute, including being a signatory of the Commonwealth-COFINA Dispute Stipulation dated August 10, 2017, thereby gaining automatic intervention rights in the Commonwealth-COFINA adversary proceeding, which proceeding directly involves both the Commonwealth and COFINA. Also, it appears that certain members of the COFINA Senior Bondholders' Coalition, with the assistance of the group's counsel, filed proofs of claim against the Commonwealth.[22] It is unclear whether the COFINA Senior Bondholders' Coalition holds or has ever held economic interests with respect to the

---

[20] *See Motion of the Ad Hoc Group of General Obligation Bondholders for Leave to Intervene and Incorporated Memorandum of Law* [Docket No. 16 in Adv. Proc. No. 17-133 (LTS), May 23, 2017].

[21] As defined in *Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA Dispute* [Docket No. 996, Aug. 10, 2017] (the "Commonwealth-COFINA Dispute Stipulation"); *See Complaint in Intervention of the Ad Hoc Group of General Obligation Bondholders* [Docket No. 96 in Adv. Proc. No. 17-257 (LTS), Nov. 6, 2017].

[22] *See* Proofs of Claim Nos. 25609, 26614, 26667, 26671, 27008, 27193, 27694, 27856, 30396, 30735, 31333, 31979, 36251 and 37564.

10

Commonwealth, but if members of such group do hold or have held such interests, it would seem that their Rule 2019 statements should have included disclosure of the Commonwealth debt they hold or have held.

24. Finally, the ERS Secured Creditors group has only disclosed interests held with respect to ERS despite having asserted claims against the Commonwealth through the commencement of an adversary proceeding and the filing of proofs of claim against the Commonwealth by each member of the group.[23] It is unclear whether the ERS Secured Creditors group holds or has ever held economic interests with respect to the Commonwealth, but if members of such group do hold or have held such interests, it would seem that their Rule 2019 statements should have included disclosure of the Commonwealth debt they hold or have held.[24]

## II. Case Management Procedures Should Be Clarified to More Precisely Define What Actions Constitute Taking Position in Debtor's Title III Case

25. Given the examples discussed above, the Committee believes the Case Management Procedures should be clarified to ensure that every Rule 2019(b) Group discloses its economic interests with respect to all Title III Debtors in whose cases the Rule 2019(b) Group has appeared in any capacity, including by means of the filing of informative motions, execution of court-approved stipulations, or the filing of proofs of claim, among other pleadings.

26. This clarification can be accomplished, as set forth in Proposed Order A, by adding language to the Case Management Procedures that expressly identifies the actions

---

[23] *See Adversary Complaint* [Docket No. 767 (filed in the Commonwealth's Title III case, Case No. 17 BK 3283 (LTS))]; Proofs of Claim Nos. 20647, 21961, 24966, 25909, 26294, 26329, 28669, 27383, 28669, 31165, and 32783.

[24] Or, if a Rule 2019 statement that was filed lacked the appropriate disclosure, the Rule 2019(b) Group should have filed a supplemental verified statement as per the Case Management Procedures, which require that, if any fact disclosed in a Rule 2019(b) Group's most recently filed statement changes materially, "the Rule 2019(b) Group must file a supplemental verified statement contemporaneously with or within 48 hours after the next instance in which the Rule 2019 (b) Group takes a position before the court or solicits votes on the confirmation of a plan." Case Management Procedures, ¶ IV.C.

11

described above as "taking a position" in a Debtor's Title III case, (**inserts are underlined and in bold**):

> Every group, committee and entity described in Federal Rule of Bankruptcy Procedure 2019(b)(1) (each, a "Rule 2019(b) Group"), that, on or before August 9, 2017, has taken a position before the Court[3] must file a verified statement that complies with the disclosure requirements enumerated by Federal Rule of Bankruptcy Procedure 2019 by August 24, 2017 at 5:00 p.m. (Atlantic Standard Time). For the avoidance of doubt and for the purposes of these Title III cases, compliance with Bankruptcy Rule 2019 includes disclosure of: (i) all economic interests with respect to each Debtor in whose Title III case the group, committee and/or entity has taken a position,**[4]** including derivative interests, and (ii) the existence and amount of any bond insurance or other credit protection, including by a monoline insurer.
>
> [3]For the avoidance of doubt, the phrase "takes a position before the Court" includes, but is not limited to, the filing of any Pleading **in any Title III case or related adversary proceeding**, including informative motion practice containing factual or legal representations or arguments.
>
> **[4] For the avoidance of doubt, a party takes a position in the case of a Title III Debtor by appearing in such Debtor's Title III case or related adversary proceeding in any capacity, including by, among other things, filing a Pleading, filing an informative motion, executing court-approved stipulation, filing a proof of claim, appearing at a hearing before the Court, or asserting any legal or factual positions that would in any way impact the property or rights of the Title III Debtor.**

### III. In Alternative, Blanket Disclosure Rule Should Be Imposed Requiring Disclosure Regarding Interests in All Title III Debtors

27. In the alternative, the Case Management Procedures could be amended to require that every Rule 2019(b) Group that has appeared in these Title III cases in any capacity disclose its economic interests with respect to all Title III Debtors, regardless of whether or not it has taken a position in a particular Title III case. This approach has the advantage of being simple and uniform—Rule 2019(b) Groups, other parties, and the court will not need to analyze the Case Management Procedures and parties' pleadings and court representations to determine whether such parties have "taken a position," because the disclosure requirements will be the

12

same for everyone. The Committee understands that the court may have decided not to impose this blanket disclosure requirement in its prior amendments to the Case Management Procedures, but, in light of the confusion regarding Rule 2019 disclosure obligations and the interlinked nature of the Title III cases, the Committee would submit that it is much simpler to establish this across-the-board rule, which would ensure compliance. Indeed, the various issues involving multiple Debtors, including the claw-back litigation (HTA and the Commonwealth), the ERS litigation (ERS and the Commonwealth), and the Commonwealth-COFINA Dispute (the Commonwealth and COFINA) demonstrate the intertwined nature of the Debtors' cases and militate in favor of a simple across-the-board disclosure rule.

28. Under this alternative "bright line" approach, as set forth in Proposed Order B, the Case Management Procedures would be clarified as follows, (**inserts are underlined and in bold** and ~~deletions are struck~~):

> Every group, committee and entity described in Federal Rule of Bankruptcy Procedure 2019(b)(1) (each, a "Rule 2019(b) Group"), that, on or before August 9, 2017, has taken a position before the Court[3] must file a verified statement that complies with the disclosure requirements enumerated by Federal Rule of Bankruptcy Procedure 2019 by August 24, 2017 at 5:00 p.m. (Atlantic Standard Time). For the avoidance of doubt and for the purposes of these Title III cases, compliance with Bankruptcy Rule 2019 includes disclosure of: (i) all economic interests with respect to each Debtor ~~in whose Title III case the group, committee and/or entity has taken a position~~, including derivative interests, and (ii) the existence and amount of any bond insurance or other credit protection, including by a monoline insurer. **"Debtor" as used in this paragraph refers to any entity that is a debtor under Title III of PROMESA.**
>
> [3]For the avoidance of doubt, the phrase "takes a position before the Court" includes **appearing in any Title III case or related adversary proceeding in any capacity, including by, among other things, filing a Pleading, filing an informative motion, executing a court-approved stipulation, filing a proof of claim, appearing at a hearing before the Court, or asserting any legal or factual positions that would in any way impact the property or rights of any Debtor.** ~~but is not limited to, the filing of any Pleading, including informative motion practice containing factual or legal representations or arguments.~~

13

**IV.** **The Court Should Impose Disclosure Remedies for Past Failures to Provide Required Disclosure**

29. Finally, the Committee would also request that any Rule 2019(b) Groups that have failed to disclose required information in prior verified statements be required to file amended statements disclosing their past positions. The court has various options in this regard, for example it could (a) require that parties amend verified statements filed back to the date (July 26, 2017) of the Rule 2019 Order (or the date (August, 17, 2017) of the court's order amending the Case Management Procedures to add the Rule 2019 disclosure instructions that were proposed in the Rule 2019 Order); or (b) designate an alternative date from which such amendments would be required, such as the date (August 10, 2017) of the Commonwealth-COFINA Dispute Stipulation, or the date of a Rule 2019(b) Group's intervention in the Commonwealth-COFINA adversary proceeding. Alternatively, the court could apply the clarification sought by the Committee prospectively. The Committee therefore requests that language be added to the Case Management Procedures to require the amendments of verified statements filed subsequent to a date of the court's choosing.

30. The Committee requests that the court add the following Paragraph IV.D to the Case Management Procedures to address past failures to comply with Rule 2019:

> Any Rule 2019(b) Group that filed a verified statement after [     ], 2017 shall file an amended verified statement reflecting any economic interest (and any change in such economic interest from [     ], 2017 through the date of the addition of this paragraph to the Case Management Procedures), required to be disclosed pursuant to Paragraph IV.A, that was not disclosed in the previously filed verified statement.

## CONCLUSION

31. The Committee believes that entry of either of the Proposed Orders clarifying the Case Management Procedures will help ensure compliance with Rule 2019, promote a consistent and fair disclosure regime, and add vital transparency to Puerto Rico's Title III cases.

## NO PRIOR REQUEST

32. No previous request for the relief requested herein has been made to this or any other court, with the exception of the relief requested herein that was suggested in the Committee's Informative Motion.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Committee respectfully requests that the court enter Proposed Order A, attached hereto as Exhibit A, or, in the alternative, Proposed Order B, attached hereto as Exhibit B, granting the relief requested herein and granting any other relief as is just and proper.

Dated: July 3, 2018 /s/ Luc A. Despins

PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. (*Pro Hac Vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

- and -

/s/ Juan J. Casillas

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*