UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-----------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

          Debtors.[1]

-----------------------------------------------------------x

PROMESA
Title III


No. 17 BK 3283-LTS

(Jointly Administered)

MEMORANDUM ORDER DENYING GRISELL CUEVAS-RODRÍGUEZ'S
MOTION FOR RELIEF FROM AUTOMATIC STAY (DOCKET ENTRY NO. 3268)

       Before the Court is the *Motion for Relief from Automatic Stay* (Docket Entry No.

3268, the "Motion") filed by Grisell Cuevas-Rodríguez ("Movant") for relief from the automatic

stay imposed by the filing of the above-captioned Title III case on an employment discrimination

and retaliation case captioned Cuevas-Rodriguez v. Soto-Lopez, Case No. 3:17-cv-2249-GAG

(the "Litigation"), which is currently pending in the United States District Court for the District

of Puerto Rico.  As explained below, the Motion is denied because Movant has not demonstrated

that "cause" exists to lift the automatic stay.

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case
number and the last four (4) digits of each Debtor's federal tax identification number, as
applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-
LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing
Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of
Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority
("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID:
3808); and (iv) Employees Retirement System of the Government of the Commonwealth
of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of
Federal Tax ID: 9686).  (Title III case numbers are listed as Bankruptcy Case numbers
due to software limitations).

<u>BACKGROUND</u>

On October 17, 2017, Movant commenced the Litigation against the Commonwealth of Puerto Rico (the "Commonwealth"), the superintendent of the Puerto Rico Police Department (the "Superintendent"), and several officers of the Puerto Rico Police Department (together with the Superintendent, the "Other Respondents" and collectively, with the Commonwealth, the "Respondents").  (Motion ¶ 1.)  Each of the defendants other than the Commonwealth is named in his official and individual capacity.  (Docket Entry No. 1 in Case No. 17-CV-2249–GAG).  Movant seeks to recover monetary damages, in an amount not less than $1,500,000, for harm allegedly suffered as a result of an "ongoing pattern of discrimination and retaliation" by Respondents in violation of Title VII of the Civil Rights Act, 42 U.S.C.S. § 2000e, *et seq.*, related Commonwealth statutes, and the Constitution of the Commonwealth of Puerto Rico.  (Motion ¶ 2; <u>see also</u> Docket Entry No. 1 in Case No. 3:17-cv-02249, ¶ 1.)  The events underlying the Litigation allegedly began in 2015.  On March 12, 2018, Respondents filed a notice of the automatic stay on the docket for the Litigation, requesting that the United States District Court for the District of Puerto Rico stay the Litigation pursuant to the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").  (Motion ¶ 3.)

Movant filed the instant Motion on June 6, 2018, seeking relief from the automatic stay.  Movant argues that the automatic stay must be lifted because her "statutory and constitutional rights outweigh[] any detriment that the Commonwealth could suffer" if the stay were lifted.  (<u>Id.</u> ¶ 10.)  Movant further contends that she "has a constitutional right to have her case tried before a jury; the relief will resolve the issues between her and the [Respondents]; and her case has no connection with or bearing with the bankruptcy case."  (<u>Id.</u> ¶ 11.)  Finally, Movant asserts that, "regardless of whether the automatic stay is lifted or not as to the

Commonwealth, the Commonwealth will still have to participate in the litigation representing the other co-defendants since the claims made against them in their individual capacities are not stayed under PROMESA." (Id. ¶ 12.) Although the Commonwealth has already assumed legal representation of several Respondents, Movant argues that the automatic stay "does not apply to individual capacity claims brought against Commonwealth government officials, even when the Commonwealth represents and promises to indemnify these officials under" Commonwealth law. (Id. ¶ 13.)

The Commonwealth argues that the Motion must be denied for two reasons. (Docket Entry No. 3329, the "Objection.") First, the Commonwealth contends that the automatic stay applies to the entirety of the Litigation. (Objection Section I.) Second, the Commonwealth asserts that Movant has failed to demonstrate "cause" to lift the automatic stay. (Id. Section II.) The Commonwealth notes that Movant commenced the Litigation after the Commonwealth filed its Title III petition, and asserts that the Litigation is far from ready for trial. (Id. ¶ 6.)

The Court has carefully considered all of the submissions. (See Docket Entry Nos. 3268, 3329, and 3356.)

DISCUSSION

Scope of the Automatic Stay

Pursuant to Bankruptcy Code Section 362(a), made applicable in these proceedings by Section 301(a) of PROMESA, all persons or entities are stayed from commencing or continuing a "judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before" the filing of a Title III case, and from enforcing "a claim against the debtor that arose before the commencement of the case under"

Title III.  11 U.S.C.A. § 362(a)(1) (Thomson Reuters 2016).  Bankruptcy Code Section 922(a),

also made applicable in these proceedings by PROMESA Section 301(a), extends this stay to

prohibit all persons or entities from commencing or continuing any judicial, administrative, or

other proceeding against an officer or inhabitant of a debtor, including the issuance or

employment of process, that seeks to enforce a claim against the debtor.  In its *Order Pursuant to*

*PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365, and 922*

*Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and*

*Representatives, (II) Stay of Prepetition Lawsuits, and (III) Application of Contract Protections*

(Docket Entry No. 543 in Case No. 17-3283, the "Stay Order"), this Court confirmed that the

protections of Bankruptcy Code Sections 362(a) and 922(a)(1) "apply in all respects to the

Debtors' officers in both their official and personal capacities with respect to actions whereby

parties pursuing such actions seek to enforce claims against any of the Debtors."  (Stay Order ¶

5.)

Movant argues that the automatic stay does not apply to individual capacity

claims brought against the Other Respondents.  In support of this contention, Movant cites two

district court decisions.  Movant first cites Guadalupe-Baez v. Pesquera, 269 F. Supp. 3d 1

(D.P.R. 2017).  In Guadalupe-Baez, the district court addressed the question of whether a

personal capacity claim against a Commonwealth actor who was not also sued in any official

capacity, in an action in which the Commonwealth was not named as a party, "seeks to enforce a

claim against the debtor" within the meaning of Bankruptcy Code Section 922(a) as incorporated

by Section 301(a) of PROMESA.  Id. at 2.  The court considered two questions: (1) whether a

personal capacity claim for damages seeks to "enforce a claim;" and (2) whether the

Commonwealth's decision to represent and indemnify a Commonwealth actor necessarily means

that personal capacity claims are "against the debtor." Id.  The district court held in relevant part

that a claim solely against a public employee in his personal capacity that does not also assert a

claim against the Commonwealth is not subject to the stay insofar as it applies to claims against

the Commonwealth, even where the Commonwealth has voluntarily agreed to defend and

indemnify the public employee.  Id.  Here, Plaintiff asserts claims against the Commonwealth as

well as claims against the Other Respondents in their official capacities, so Guadalupe-Baez is

not on point.

Movant also cites Colón-Colón v. Negrón-Fernández, No. 14-1300 (GAG), 2018

WL 2208053 (D.P.R. May 14, 2018), for the proposition that the automatic stay does not apply

to individual capacity claims brought against Commonwealth government officials, even when

the Commonwealth represents and indemnifies those officials under Puerto Rico Law 9.  See 32

L.P.R.A. § 3085.  The district court's decision in Colón, however, is also inapposite.  In Colón,

the court considered "whether PROMESA's stay impeded a plaintiff from *enforcing* a settlement

agreement in an individual capacity claim when the Commonwealth has promised to indemnify

the government official."  2018 WL 2208053 at *3 (emphasis in original).  The settlement

agreement liability at issue in Colón was a direct legal obligation of the individual defendant.  In

the Litigation, by contrast, Movant has also asserted official–capacity claims against the

individual defendants that seek to recover as against the Commonwealth and that are thus

covered by Bankruptcy Code Section 922(a)(1).

An official-capacity suit against a Commonwealth official is functionally a suit

against the Commonwealth.  See Hafer v. Melo, 502 U.S. 21, 25 (1991). Thus, even if the

Litigation proceeded to judgment only against the defendants in their individual capacities, the

Commonwealth would necessarily have to expend resources upon any resumption of the

Litigation to protect itself against potential adverse rulings on issues implicating the direct and official-capacity claims against it.  As a result, the Litigation is subject to the automatic stay in its entirety pursuant to Section 362(a)(1) and (a)(3) and 922(a) of the Bankruptcy Code, as Movant seeks the continuation of a judicial action against the Commonwealth that is based on pre-petition events and is attempting to obtain or control property of the Commonwealth through a money judgment against the Respondents, responsibility for payment of which lies with the Commonwealth.

Relief from the Automatic Stay for "Cause"

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause."  To determine whether cause exists to lift the bankruptcy stay, courts in this district examine the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax").  See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax).  Of particular relevance to the instant case are the following factors identified in the Sonnax decision: a "lack of any connection with or interference with the bankruptcy case," "whether litigation in another forum would prejudice the interests of other creditors," "the interests of judicial economy and the expeditious and economical resolution of litigation," "whether the parties are ready for trial in the other proceeding," and the "impact of the stay on the parties and the balance of harms."  Sonnax, 907 F.2d at 1286.

Movant has failed to demonstrate that the Sonnax criteria weigh in her favor with respect to the continuation of the Litigation.  Lifting the automatic stay would compel the

Commonwealth to divert its limited resources to defend against the Litigation,[2] would prejudice

the interests of other creditors, and would potentially disrupt the claims resolution process

established by the Bankruptcy Code and incorporated into PROMESA.  Movant's unsecured

claims for monetary relief can instead be liquidated and addressed through the claims process,

including jury proceedings in this Court if necessary.  In addition, continuation of the Litigation

would not result in an expeditious and economical resolution of Movant's claims against the

Commonwealth.  The Litigation was filed after the commencement of the Commonwealth's Title

III case.  Indeed, the Commonwealth has yet to respond to Movant's Complaint, and the

discovery process has not yet started.  The parties are not, therefore, "ready for trial," and

recommencement of the Litigation at this early stage would not result in an economical or

expeditious resolution of Movant's claims.  Finally, Movant has not demonstrated that the harm

from resolution of her claims through the claims process would outweigh the burden that would

accrue to the Commonwealth by continuation of this Litigation at such an early stage.  While it is

understandable that Movant wishes to resolve her claims as early as possible, many other

creditors are in similar positions, and the diversion of Commonwealth resources that would be

required to attend to separate litigation of all such claims would impede significantly the

Commonwealth's progress toward a plan of adjustment and recovery.

　　　　Accordingly, the Court concludes that Movant has not demonstrated that cause

exists for relief from the automatic stay to allow the Litigation to proceed.

---

[2]     Although Movant contends that the Commonwealth's monetary resources will not be
diverted by lifting the automatic stay given that government attorneys will be paid
"regardless of whether the underlying case continues," the diversion of the
Commonwealth's resources would also include the dedication of time, effort, and
attention to defending against Movant's claims, which would necessarily divert resources
from other activity related to the adjustment of Puerto Rico's debts.  (Movant's Reply in
Support of Motion for Relief from Automatic Stay, Docket Entry No. 3356, ¶ 16.)

<u>CONCLUSION</u>

For the foregoing reasons, the Motion is denied.  The automatic stay continues in place as against all defendants in the Litigation.  <u>See</u> 11 U.S.C. §§ 362(a) and 922(a)(1).  This Memorandum Order resolves docket entry no. 3268.


SO ORDERED.

Dated: July 5, 2018

 /s/ Laura Taylor Swain    
LAURA TAYLOR SWAIN
United States District Judge
