## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors. [1] | |
| HON. THOMAS RIVERA-SCHATZ (in his official<br>capacity and on behalf of the Senate of Puerto Rico), and<br>HON. CARLOS J. MÉNDEZ-NÚÑEZ (in his official<br>capacity and on behalf of the House of Representatives of<br>Puerto Rico), | |
| Plaintiffs, | Adv. Pro. No. 18-_____-LTS |
| v. | |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, JOSÉ<br>B. CARRIÓN III, ANDREW G. BIGGS, CARLOS M.<br>GARCÍA, ARTHUR J. GONZÁLEZ, JOSÉ R.<br>GONZÁLEZ, ANA J. MATOSANTOS, DAVID A.<br>SKEEL, JR., and NATALIE A. JARESKO<br>(in their official capacities), | |
| Defendants. | |

## LEGISLATIVE ASSEMBLY OF THE COMMONWEALTH OF PUERTO RICO'S
## ADVERSARY COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal  Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Hon. Thomas Rivera-Schatz, in his official capacity as President of the Senate of Puerto Rico and

on behalf of the Senate of Puerto Rico, and Hon. Carlos J. Méndez-Núñez, in his official capacity

as Speaker of the House of Representatives of Puerto Rico and on behalf of the House of

Representatives (collectively, the "Plaintiffs"), hereby bring the instant "Legislative Assembly Of

The Commonwealth Of Puerto Rico's Adversary Complaint For Declaratory And Injunctive

Relief" against Defendants (i) the Financial Oversight and Management Board for Puerto Rico

(the "FOMB"), (ii) each of its members, and (iii) its Executive Director (collectively, the

"Defendants"), solely in their official capacities, who allege as follows:

## I.    INTRODUCTION

1.      At issue in this action for declaratory and injunctive relief is the FOMB's unlawful

usurpation of the Legislative Assembly's legislative power. At stake though, is the

Commonwealth's republican form of government, which the U.S. Supreme Court defined as "the

right of the people to choose their own officers for governmental administration, and pass their

own laws in virtue of the legislative power reposed in representative bodies, whose legitimate acts

may be said to be those of the people themselves," *Puerto Rico v. Sánchez-Valle*, 136 S. Ct. 1863,

1881, 195 L. Ed. 2d 179 (2016) (citation omitted).

2.      Pursuant to the Puerto Rico Constitution, the Legislative Assembly (of which the Senate

and the House of Representatives are a part of) is vested with the legislative power. *See*, Puerto

Rico Const. Art. III, § 1. Such power is "nearly, if not quite, as extensive as those exercised by the

state legislatures." *See*, *Franklin California Tax-Free Tr. v. Puerto Rico*, 805 F.3d 322, 352 (1st

Cir. 2015), aff'd, 136 S. Ct. 1938, 195 L. Ed. 2d 298 (2016) (quoting, *People of Puerto Rico v. E.

Sugar Assocs.,* 156 F.2d 316, 321 (1st Cir.1946)).

3.      The Legislative Assembly's constitutional legislative power includes, among other things, the authority to set forth the Commonwealth's public policy of any law regarding employees in the private or public sector. Contrary to what the FOMB might believe, there is no provision in the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA") that allows the FOMB to strip the Legislative Assembly and such authority, and P.R. Laws Ann. tit. 29, §§ 185a *et seq.*, ("Law 80"), which prohibits wrongful discharges of private sector employees, is one such law. [2]

4.      Nor does PROMESA allow the FOMB to impose its public policy recommendations upon the Legislative Assembly. According to PROMESA, the purpose of the FOMB is to "provide a method for a covered territory to achieve fiscal responsibility and access to the capital markets." *See*, PROMESA § 101(a); 48 U.S.C. § 2121(a). To achieve the FOMB's purpose, Congress provided it with certain limited powers, which include, *inter alia*, approving annual fiscal plans developed by the Governor of Puerto Rico and annual budgets submitted by the Governor of Puerto Rico to the Puerto Rico Legislature. *See*, PROMESA §§ 201, 202; 48 U.S.C. §§ 2121(b)(1), 2142. And, of particular relevance here, Congress provided the FOMB with the additional power to

---

[2] Law 80, enacted in 1976, is applicable only to private sector employees and "imposes a monetary penalty on employers who dismiss employees without just cause. In this way, Law 80 modifies the concept of at-will employment, which traditionally permits the employment relationship to be severed at any time, and for any reason." *Otero-Burgos v. Inter Am. Univ.*, 558 F.3d 1, 7 (1st Cir. 2009) (citations omitted). "[A] terminated at-will employee is typically not entitled to compensation." Id. Law 80, however, "changes this situation for those employees to whom it applies." Id.

As explained by the First Circuit in *Otero-Burgos*:

> "By its terms, Law 80 offers relief for "[e]very employee in commerce, industry, or any other business or work place ... in which he/she works for compensation of any kind, contracted without a fixed term, who is discharged from his/her employment without just cause." P.R. Laws Ann. tit. 29, § 185a. "A discharge made by mere whim or fancy of the employer or without cause related to the proper and normal operation of the establishment shall not be considered as a discharge for [just] cause." Id. at § 185b. In such cases, the law requires the employer to pay the discharged employee a form of severance pay known as a "mesada," which is calculated using a formula provided by the statute. Id. at § 185a. If an employee is terminated for a reason that constitutes "just cause" under the statute, the employer will not be liable under Law 80. *See* P.R. Laws. Ann. tit 29, §§ 185a, b." Id., at 7-8.

3

submit non-binding "recommendations to the Governor or the Legislature on actions the territorial government may take to ensure compliance with the Fiscal Plan, or to otherwise promote the financial stability, economic growth, management responsibility, and service delivery efficiency of the territorial government[.]" *See*, PROMESA §205(a); 48 U.S.C.A. § 2145(a).

5.     On April 24, 2018, the FOMB submitted a draft bill to the Legislative Assembly which, among other things, proposed repealing Law 80. This was, quite simply, a public policy recommendation under § 205(a) of PROMESA.  Notwithstanding the non-binding nature of this recommendation, the Legislative Assembly accommodated the FOMB's recommendation, and the Senate of Puerto Rico approved Senate Bill 1011, which repealed Law 80 in its entirety prospectively, rather than retroactively.[3]

6.     Displeased with the Senate's version of Senate Bill 1011, the FOMB sent a letter to the President of the House of Representative's Government Affairs Committee evaluating Senate Bill 1011, warning that if the Legislative Assembly did not approve a bill repealing Law 80 retroactively, it would face cuts in its operational budget. [4]  The House of Representatives then approved its version of Senate Bill 1011, which also repealed Law 80 prospectively. [5] The Senate, however, did not concur with the amendments made by the House of Representatives to Senate Bill 1011 when the bill was sent to a conference committee. Thus, the bill to repeal Law 80 was not approved by the Legislative Assembly.

7.     In Senate Bill 1011, the Legislative Assembly exercised its constitutional prerogative and power to legislate, and furthered the public policy goal of balancing the need to promote new job creation and increase labor force participation, as set forth in the May 30, 2018 Fiscal Plan, while

---

[3] *See*, Exhibit 1, Senate Bill 1011 as approved by the Senate of Puerto Rico.
[4] *See*, Exhibit 2, Letter dated June 4, 2018, signed by defendant Natalie A. Jaresko.
[5] *See*, Exhibit 3, Senate Bill 1011 as approved by the House of Representatives.

protecting the rights of employees to which Law 80 currently applied. And by repealing Law 80
prospectively, the Legislative Assembly accommodated the FOMB's recommendation under §
205 of PROMESA that Puerto Rico be transformed to an at-will employment jurisdiction which
the FOMB touted, was the "single most important reform for long-term economic well-being in
Puerto Rico." [6]

8.     Senate Bill 1011 was also consistent with the May 30, 2018 Fiscal Plan because repealing
Law 80 – retroactively or prospectively – had no economic impact on the FY 2019 budget,
according to the FOMB's own economic forecasts.[7] According to the FOMB's own financial and
economic studies, converting Puerto Rico into an at-will labor market would increase economic
growth by the year 2023 by attracting new investment.

> "By putting the Puerto Rico labor market on a competitive footing with other U.S.
> jurisdictions, this will make the investment environment in Puerto Rico more
> competitive with those same U.S. jurisdictions. It is from the increased investment
> that the demand for labor will find its biggest boost and begin a virtuous cycle of
> investment, employment, growth and further investment. By focusing on changing
> Puerto Rico's labor environment, new investors will be attracted to Puerto Rico
> given the confidence in a strong labor market that has flexible rules. By getting firms
> to invest, economic growth will be enabled.
>
> […]
>
> Human capital and workforce reforms will improve workforce participation, well-
> being and self-sufficiency of welfare recipients, and preparedness of adults and
> youth for a long and fulfilling career, resulting in a cumulative GNP impact of
> 0.80% by FY2023. The impact is enhanced in the long-term as K-12 education
> reforms begin adding an additional 0.01% GNP impact per year, resulting in an
> additional 0.16% uptick by FY2048."
>
> *See*, Exhibit 5, Memorandum: Labor Reform as a Catalyst for Growth at p. 22, 29.

---

[6] *See*, Exhibit 4, May 30, 2018 Revised Fiscal Plan, p. 35.
[7] *See*, Exhibit 5 Memorandum: Labor Reform as a Catalyst for Growth, p. 12-13**;** Exhibit 6, June 29, 2018 Revised
Fiscal Plan, p. 34-36.

9.     However, the FOMB rejected Senate Bill 1011, and then improperly refused to certify the Commonwealth budget approved by the Legislative Assembly for the <u>sole reason</u> it did not approve a bill repealing Law 80 in the way and manner the FOMB wanted. [8] Additionally, the FOMB imposed several punitive measures, which included reducing the Legislative Assembly's operational budget by approximately 20%. In doing so, the FOMB exceeded its authority under PROMESA, and usurped the Legislative Assembly's exclusive legislative power.

10.    Contrary to what the FOMB believes, Congress did not transform the Commonwealth's Legislative Assembly into a rubber stamp for the FOMB, and the FOMB cannot bypass the limits to its authority imposed by Congress through strong-arm tactics. Congress did not do away with the Commonwealth's republican form of government when it enacted PROMESA. Indeed, PROMESA explicitly provides that "subject to Title I and Title II of this Act," PROMESA "does not limit or impair the power of [Puerto Rico] to control, by legislation or otherwise, [Puerto Rico] or any territorial instrumentality thereof in the exercise of political or governmental powers of [Puerto Rico] or [its] territorial instrumentality, including expenditures for such exercise . . ." PROMESA § 303; 48 U.S.C. § 2163.

11.    In drafting PROMESA, Congress intended that the FOMB "will provide guardrails for the Puerto Rico government, but will not supplant or replace [Puerto Rico's] elected leaders, who will retain primary control over budgeting and fiscal policymaking." *See*, H.R. Report No. 114-602, at p. 112 (2016). As explained by this Court, "Congress did not grant the FOMB the power to supplant, bypass, or replace the Commonwealth's elected leaders and their appointees in the exercise of their managerial duties whenever the Oversight Board might deem such a change

---

[8] *See*, Exhibit 7, Letter dated June 29, 2018, signed by defendant Natalie A. Jaresko.

expedient." *See*, *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 583 B.R. 626, 634 (D.P.R. 2017).

12.      In refusing to certify the Legislative Assembly's budget signed by the Governor of Puerto Rico and retaliating against the Legislative Assembly by cutting its budget by 20%, all because it did not approve a bill repealing Law 80 the way the FOMB wanted, the FOMB unlawfully encroached upon the Legislative Assembly's exclusive legislative power under the Puerto Rico Constitution. Not only does the Legislative Assembly have a financial stake in the outcome of this case, but it also has a vested interest in making sure that the legislative power conferred by the Puerto Rico Constitution to the Legislative Assembly be respected and upheld.

13.      For the reasons detailed below, the Court should grant the relief requested herein, which includes: (i) declaring that the FOMB overreached its powers by demanding that the Legislative Assembly approve a bill repealing Law 80 retroactively as a condition for the approval of the Commonwealth's Budget; (ii) issuing an injunction prohibiting the defendants from implementing the FOMB's 2018-2019 budget; and (iii) ordering the FOMB to certify as compliant the 2018-2019 budget approved by the Legislative Assembly on June 30, 2018.

## II.      JURISDICTION AND VENUE

14.      This Court has federal question jurisdiction under 28 U.S.C. § 1332 because the action arises under PROMESA, a federal statute.  In addition, PROMESA section 106(a) vests federal courts with exclusive jurisdiction to hear disputes against the Oversight Board, or any action otherwise arising out of PROMESA. *See* 48 U.S.C. § 2126(a). This Court also has jurisdiction over this matter pursuant to PROMESA section 306(a)(2) because this action relates to the Commonwealth's PROMESA Title III case, which has the principal purpose of adjusting the financial liabilities of the Commonwealth, *see* 48 U.S.C. § 2166(a)(2), and

because any plan of adjustment in the Commonwealth's Title III case must be consistent with a certified fiscal plan, *see* PROMESA § 314(b)(7); 48 U.S.C. § 2174(b)(7).

15.     This Court has personal jurisdiction over the FOMB and its members because it is an entity within the Government, which maintains an office in Puerto Rico. This Court also has personal jurisdiction over the FOMB and its members under section 306(c) of PROMESA.

16.     Venue is proper in this District under PROMESA sections 106(a) and 307, and 28 U.S.C. § 1391. *See* 48 U.S.C. §§ 2126(a), 2167.

17.     This is an appropriate action for declaratory and injunctive relief under the federal Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202. Declaratory relief is proper here because there exists an actual, justiciable controversy between the parties concerning the Oversight Board's efforts to usurp the legislative power conferred upon the Legislative Assembly by the Constitution of Puerto Rico.

### III.     PARTIES

18.     Plaintiff Thomas Rivera-Schatz is a Senator of the Commonwealth of Puerto Rico and the President of the Senate of Puerto Rico. He is authorized to bring this action on behalf of the Senate of Puerto Rico pursuant to Rule 6 (p) of the Regulation of the Senate of Puerto Rico.

19.     Plaintiff Carlos J. Méndez-Núñez is a Representative of the House of Representatives of Puerto Rico and the Speaker of the House of Representatives of Puerto Rico. He is authorized to bring this action on behalf of the House of Representatives of Puerto Rico pursuant to Rule 5.2 (p) of the Regulation of the House of Representatives of Puerto Rico.

20.     Defendant FOMB is an entity within the Government that Congress created under PROMESA. *See* PROMESA § 101(b)(1), (c)(1); 48 U.S.C. § 2121(b)(1), (c)(1). Under

PROMESA, the FOMB maintains an office in Puerto Rico. The Plaintiffs do not seek damages with respect to the FOMB.

21.     Defendant José B. Carrión III (the "FOMB's Chairman") is the Chairman of the FOMB. The FOMB's Chairman participated in the FOMB's certification of the fiscal plans and the FOMB's budget. The FOMB Chairman is empowered, together with the FOMB Board Members and the FOMB   Executive Director, to oversee and monitor the implementation of the FOMB's Fiscal Plans and Budget. The Plaintiffs sue the FOMB's Chairman, and any successors thereto, solely in their official capacities. The Plaintiffs do not seek damages with respect to the FOMB's Chairman.

22.     Defendants Andrew G. Biggs, Carlos M. García, Arthur J. González, José R. González, Ana J. Matosantos, David A. Skeel, Jr. (collectively, the "FOMB Members") are members of the FOMB. The FOMB Members participated in the FOMB's certification of the FOMB Fiscal Plans and Budget. The FOMB Members are each empowered, together with the FOMB Chairman and FOMB Executive Director, to oversee and monitor the implementation of the FOMB Fiscal Plans and Budget. The Plaintiffs sue the FOMB Members, and any successors thereto, solely in their official capacities. The Plaintiffs do not seek damages with respect to the FOMB Members.

23.     Defendant Natalie A. Jaresko (the "FOMB Executive Director") is the Executive Director of the FOMB. The FOMB Executive Director participated in the FOMB's certification of the FOMB Fiscal Plans and Budget. The FOMB Executive Director is empowered, together with the FOMB Chairman and FOMB Members, to oversee and monitor the implementation of the FOMB Fiscal Plans and Budget. The Plaintiffs sue the FOMB Executive Director, and any successors thereto, solely in their official capacities. The Plaintiffs do not seek damages with respect to the FOMB Executive Director.

## IV.   FACTS

### i.   PROMESA did not strip the Legislative Assembly of its legislative power.

24.     In June 2016, Congress enacted the PROMESA statute to deal with Puerto Rico's financial crisis. According to PROMESA, the purpose of the FOMB is to "provide a method for [Puerto Rico] to achieve fiscal responsibility and access to the capital markets." *See*, PROMESA § 101(a); 48 U.S.C. § 2121(a).

25.     To achieve this purpose, Congress provided the FOMB with certain limited powers, which include the authority to approve annual fiscal plans developed by the Governor of Puerto Rico, (*See*, PROMESA § 201; 48 U.S.C. § 2121(b)(1), and annual budgets submitted by the Governor of Puerto Rico to the Puerto Rico Legislature (*See*, PROMESA §202; 48 U.S.C. §2142).

26.     Under Section 204 of PROMESA, Congress provided the FOMB with an additional, limited power to review the impact that Commonwealth laws will have "on revenues and expenditures" 48 U.S.C.A. § 2144 (a) states:

> (a) Submission of legislative acts to Oversight Board
>
> (1) Submission of acts
> Except to the extent that the Oversight Board may provide otherwise in its bylaws, rules, and procedures, not later than 7 business days after a territorial government duly enacts any law during any fiscal year in which the Oversight Board is in operation, the Governor shall submit the law to the Oversight Board.
>
> […]
>
> (5) Failure to comply
> If the territorial government fails to comply with a direction given by the Oversight Board under paragraph (4) with respect to a law, the Oversight Board may take such actions as it considers necessary, consistent with this chapter, to ensure that the enactment or enforcement of the law will not adversely affect the territorial government's compliance with the Fiscal Plan, including preventing the enforcement or application of the law.

27.  As stated in House Report 114-602:

> This section imposes a requirement that the Legislature of a territorial government provide a cost estimate with each duly enacted law, as well as a certification by the Legislature that such law is consistent with the Fiscal Plan. If the law is significantly inconsistent with the Fiscal Plan, or does not have a cost estimate associated with it, then the Oversight Board is granted the authority to 'take such actions as it considers necessary,' including preventing enforcement of such laws.

*See*, H.R. Rep. No. 114-602, at p. 46 (2016).

28.  In drafting Section 204 of PROMESA, Congress did not provide the FOMB with the authority to <u>unilaterally nullify legislative acts or enacted laws</u>, in contrast to Public Law 104-8, which created the oversight board for the District of Columbia. *See*, H.R. Rep. No. 114-602, at p. 111 (2016) ("[PROMESA] establishes a board that is robust but reasonable. Its powers are far less potent than the powers the Congress conferred upon the board that it established for the District of Columbia in Public Law 104-8 ...."); <u>Id.</u> at 113 ("An earlier version of PROMESA ... required the oversight board to review every legislative act enacted by the Puerto Rico government and to make a determination—in the board's sole discretion—about whether each act was consistent with the certified fiscal plan .... [I]f the board determined that the act was significantly inconsistent with the fiscal plan, the board was required to declare the act "null and void." This was essentially the procedure in place for the District of Columbia under Public Law 104–8 ....") In contrast to Public Law 104-8, PROMESA requires an interactive process between the FOMB, the Governor and the Puerto Rico Legislature before the FOMB "may take such actions as it considers necessary, . . .  to ensure that the enactment or enforcement of the law will not adversely affect the territorial government's compliance with the Fiscal Plan, including preventing the enforcement or application of the law." <u>Id.</u>, § 2144(a)(5). To trigger this enforcement provision, however, the law must be "significantly inconsistent with the Fiscal Plan …" <u>Id.</u>, § 2144(a)(4)(B).

29.     Importantly, the FOMB's power under §204(a) is limited to laws enacted "during any fiscal year in which the Oversight Board is in operation[.]" Id., § 2144(a)(1). That is, to laws enacted *after*, rather than *before* the FOMB became operational. Had Congress intended to grant the FOMB the power to "prevent the enforcement or application" of Commonwealth laws existing prior to the FOMB becoming operational, it would have said so plainly when it enacted PROMESA. Thus, Congress clearly did not provide the FOMB with boundless authority to invalidate Commonwealth laws, since there is no other provision allowing the FOMB to "prevent the enforcement or application" of Commonwealth laws that are inconsistent with a Fiscal Plan other than section § 204(a) of PROMESA.

30.     Congress also provided the FOMB with the power to submit "recommendations to the Governor or the Legislature on actions the territorial government may take to ensure compliance with the Fiscal Plan, or to otherwise promote the financial stability, economic growth, management responsibility, and service delivery efficiency of the territorial government[.]" *See*, PROMESA §205(a); 48 U.S.C.A. § 2145(a). The only consequence the Legislature or Governor face for not adopting a recommendation is that "the Governor or the Legislature" submit a statement with "explanations for the rejection of the recommendations . . . to the President and Congress." *See*, § 205(b)(3); 48 U.S.C.A. § 2145(b)(3). Importantly, PROMESA does not allow the FOMB to impose any punitive measure against any component of the government of Puerto Rico for not adopting a recommendation submitted by the FOMB under § 205 of PROMESA, which, as explained below, is precisely what the FOMB did here.

31.     Although the FOMB may, under § 201(b) require that a Fiscal Plan "provide for capital expenditures and investments necessary to promote economic growth" neither "capital expenditures" nor the term "investment" is defined in PROMESA. To be sure, repealing a labor

law such as Law 80 cannot be reasonably construed to encompass a "capital expenditure" or an "investment," as such terms are commonly used. *See*, *Atl. Fish Spotters Ass'n v. Evans*, 321 F.3d 220, 224 (1st Cir. 2003) ("In discerning Congress's intent from the statute itself, we attribute to words that are not specially defined in the text their ordinary usage, albeit with the commonsense understanding that meaning can only be ascribed to language when it is taken in context.") (citing *Riva v. Commonwealth of Mass.*, 61 F.3d 1003, 1007 (1st Cir.1995).

32.   Clearly, repealing Law 80 is a policy measure contemplated under § 205 of PROMESA. Interpreting the provisions of § 201 that would render § 205 unnecessary would violate another basic cannon of statutory construction. *See*, *TRW Inc. v. Andrews*, 534 U.S. 19, 31, 122 S. Ct. 441, 449, 151 L. Ed. 2d 339 (2001) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.") (citations and quotation marks omitted); Accord, *Yershov v. Gannett Satellite Info. Network, Inc.*, 820 F.3d 482, 487 (1st Cir. 2016).

33.   Finally, this Court recently outlined the limits of the FOMB's powers. ("Congress did not grant the [Oversight Board] the power to supplant, bypass, or replace the Commonwealth's elected leaders and their appointees in the exercise of their managerial duties whenever the Oversight Board might deem such a change expedient."); *See, In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 583 B.R. 626, 634 (D.P.R. 2017) ("Although the [Board's] fiscal plan and budgeting powers give it a strong and substantially determinative voice in overall strategy regarding the Commonwealth's revenues, expenses, and general direction for responsible management, they do not imply that the [Board's] role includes . . . direct executive authority over implementation of those plans or budgets."); Id., at 636 ("PROMESA requires a debtor to work alongside the [Board] and divides the debtor's authority by putting  key restructuring tools in the hands of the [Board],

while preserving the elected government's operational control and voice in management and strategic decisions. . . . PROMESA leaves the elected government in place and does not suspend it in favor of direct management by the [Board].").

34.   A very significant final observation of this Court in that case was that:

> "[T]he structure established by Titles I and II, alongside the reservation of territorial power in section 303, requires the FOMB and the territorial government to work together to establish a fiscally responsible path forward that is acceptable to the FOMB. Congress might have chosen to make the FOMB's job easier in the short term by granting it direct control and disabling the Commonwealth government's ability to dissent, but it did not do so. Congress deliberately divided responsibility and authority between the two.

> Id., p. 636.

35.   Similar to 83 B.R. 626, which involved an effort by the FOMB to assume control of the Puerto Rico Power Authority's affairs, at issue in the instant adversary complaint is the FOMB attributing to itself powers it does not have under PROMESA. This time around, however, rather than trying to assume control over a public corporation, the FOMB is attempting to circumvent the limits to its powers by forcing the Legislative Assembly to legislate in the way and manner the FOMB saw fit.  As shown below, the FOMB refused to certify a valid budget approved by the Legislative Assembly when it did not pass a bill repealing Law 80 - a recommendation under § 205 of PROMESA.

**ii.    The FOMB demands that the Legislative Assembly approve a bill repealing Law 80 as a condition for the approval of the Commonwealth's budget, and then retaliates after the Legislative Assembly did not repeal Law 80 in the way and manner in which the FOMB dictated.**

36.   On April 24, 2018 the FOMB submitted to the Legislative Assembly a labor reform draft bill that included repealing Law 80. [9]  The FOMB's draft bill also included (i) amendments to Article 2 of Law No. 180-1998, to increase the minimum wage by $0.25 cents for certain

---

[9] See, Exhibit 8, FOMB's Labor Reform Draft Bill.

individuals; (ii) a repeal of the Christmas bonus law for employees in the private sector effective

September 30, 2018; (iii) amendments aimed to reduce the amount of paid vacation days and the

amount of sick leave; and (iv) restrict claims under the local whistleblower statute to employment

law violations, reducing the statute of limitations for such claims from three years (3) to one (1)

year, and eliminate treble damages. [10]

37.　　The proposed legislation in the FOMB's labor reform draft bill stemmed from a Fiscal Plan

issued on April 19, 2018 (the "April 2018 Fiscal Plan"). [11]　Under the section titled "Structural

reform initiatives to change labor conditions" the April 2018 Fiscal Plan states, in relevant part,

that:

> "To reduce the cost to hire and encourage job creation, including movement of
> informal jobs to the formal economy, Puerto Rico must become an employment at-
> will jurisdiction, reduce mandated paid leave (including sick leave and vacation
> pay) by 50%, and make the Christmas Bonus voluntary for employers.
>
> At-will employment (in place by January 1, 2019): 49 out of 50 U.S. states are
> employment-at will jurisdictions, giving employers the flexibility to dismiss an
> employee without having to first prove just cause. Matching this policy will lower
> the cost and risk of hiring in Puerto Rico.
>
> Reduction of mandated paid leave, including sick leave and vacation pay (effective
> immediately): Most U.S. states do not mandate any vacation or sick leave. The
> Government shall halve mandated vacation and sick leave, resulting in 14 days per
> year of vacation and sick leave in a move to align worker protections with typical
> mainland labor policies. Paid maternity leave under current law will be retained.
> No mandated Christmas bonuses (eliminated by January 1, 2019): The current
> requirement to pay an annual Christmas bonus to employees must be eliminated.
> Employers may continue to pay bonuses on a voluntary basis, as is the case on the
> mainland." [12]

38.　　The April 2018 Fiscal Plan further states that "[t]he New Fiscal Plan is built on the

assumption that, by no later than May 31, 2018, the Legislative Assembly of Puerto Rico will pass

---

[10] Id., p. 4-8.
[11] See, Exhibit 9, April 2018 Fiscal Plan.
[12] Id., p. 38-39

the Labor Reform Package and present it to the Governor of Puerto Rico for his signature (the

"Condition")." [13]  The "Labor Reform Package" was defined in the April 2018 Fiscal Plan as "all

bills, whether new Commonwealth legislation or amendments to existing Commonwealth

legislation, that are necessary and proper to effectuate the Labor Reform Agenda." [14]

39.    On April 24, 2018, the FOMB submitted a letter to the Governor and the Puerto Rico

Legislative Assembly pursuant to § 202(b) of PROMESA with a forecast of revenues for fiscal

year 2019 totaling $8,529 million in General Fund Revenue.[15]

40.    The FOMB's labor reform draft bill was introduced in the Senate of Puerto Rico as Senate

Bill 919, and referred to the Senate's Committee on Federal, Political and Economic Relations (the

"Senate Committee").

41.    The Senate Committee immediately scheduled public hearings on the FOMB's labor

reform draft bill (Senate Bill 919), and invited the FOMB's Chairman, Mr. José Carrión III to

speak in support of it. Mr. Carrión III, however, informed the Senate Committee that he could not

attend. [16] On April 30, 2018, the Senate Committee again invited the FOMB's Chairman to speak

in support of  Senate Bill No. 919, but Mr. Carrión III declined once again, citing § 108 of

PROMESA as the reason for declining the Committee's invitation.[17]

42.    Public hearings regarding the draft bill were held nonetheless on May 9, 2018 and May 15,

2018. The Senate Committee also requested the FOMB to provide the supporting the economic

---

[13] Id., p. 42.

[14] Ibid.

[15] See, Exhibit 10, Letter dated April 24, 2018, signed by defendant José B. Carrión III, Appendix A; See, 48 U.S.C.A. § 2142(b) ("The Oversight Board shall submit to the Governor and Legislature a forecast of revenues for the period covered by the Budgets by the time specified in the notice delivered under subsection (a), for use by the Governor in developing the Budget under subsection (c).")

[16] See, Exhibit 11, Letter to defendant Carrión III, dated April 26, 2018; Exhibit 12, Letter dated April 27, 2018, signed by defendant Carrión III.

[17] See, Exhibit 13, Letter to defendant Carrión III, dated April 30, 2018; Exhibit 14, Letter dated May 4, 2018, signed by defendant Carrión III.

data for the reforms provided in Senate Bill No. 919. [18]  In response, on May 28, 2018 (just three

days shy of the May 31, 2018 deadline for the "the Legislative Assembly of Puerto Rico [to] pass

the Labor Reform Package and present it to the Governor of Puerto Rico for his signature" set in

the April 2018 Fiscal Plan)  the FOMB forwarded the Senate Committee a memorandum titled

"Labor Reform as a Catalyst for Growth" attached to several exhibits.[19]

43.    On May 30, 2018, the FOMB published a revised Fiscal Plan (the "May 2018 Fiscal

Plan").[20] Chapter 7 of the May 2018 Fiscal Plan maintained the requirement that Puerto Rico

become an at-will employment jurisdiction effective January 1, 2019, but omitted the additional

reforms of the "Labor Reform Package" outlined in the April 2018 Fiscal Plan, to wit: (i) making

the payment of the Christmas bonus for employees in the private sector voluntary instead of

mandatory, (ii) reducing the amount of paid vacation and sick leave, and (iii) restricting the

retaliation provisions of the local whistleblower statute, Act No. 115-1991. [21]

44.    Repealing Law 80, according to the May 2018 Fiscal Plan, was needed to "improve job

creation" and "increase labor force participation," and was the "single most important reform for

long-term economic well-being in Puerto Rico." [22]

45.    Repealing Law 80, however, failed to generate any additional revenue for Fiscal Year 2019

according to the May 2018 Fiscal Plan, nor would it create any immediate economic growth. [23]

46.    On May 30, 2018 the FOMB published in its website a document containing an alleged

"understanding" (the "May 30, 2018 Understanding") supposedly reached between the Governor

and the FOMB, regarding the structural reforms and fiscal measures to be implemented as a

---

[18] *See*, Exhibit 15, Letter to defendant Carrión III, dated May 9, 2018.
[19] *See*, Exhibit 5 Memorandum: Labor Reform as a Catalyst for Growth.
[20] *See*, Exhibit 4, May 30, 2018 Revised Fiscal Plan.
[21] Id., p. 35-36.
[22] Id., p. 34-35.
[23] Id., p. 34-35.

condition for the approval of the Commonwealth's budget for fiscal year 2018-2019. The

understanding, included, *inter alia*:

> "The Legislature shall introduce and the Governor shall sign a bill that repeals Act
> No. 80 of May 30, 1976 (the "Bill") on or before June 27, 2018, which shall become
> effective on or before January 1, 2019. The Bill shall be presented to the FOMB
> prior to its introduction in the Legislature so that the FOMB can confirm that it is
> consistent with the fiscal plan. The Bill cannot increase the mandatory benefits for
> private sector employees (e.g., no increase in vacation days, sick days, sick leave,
> mandated paid leave, Christmas bonus, or minimum wage) or otherwise undermine
> the goals or intent of the labor reform as provided in Chapter 7 of the New Fiscal
> Plan. The Bill shall state that, for the avoidance of doubt, an employee hired for an
> indefinite period of time does not have a cause of action against their employer
> merely for the employer's termination of the employment relation." [24]

47.     On May 30, 2018, after extensive hearings, and despite economic studies to the contrary,

Senate Bill 1011 passed in the Senate of Puerto Rico.  The final version of Senate Bill 1011

repealed Law 80 prospectively, rather than retroactively as demanded by the FOMB. Senate Bill

1011 as approved by the Senate of Puerto Rico provided that new employees hired after the

Governor signed the bill would not be protected by Law 80. [25]

48.     Meanwhile, the Committee on Government Affairs of the House of Representatives of

Puerto Rico (the "House Committee") was evaluating Senate Bill 1011 and House Bill 1634, which

also repealed Law 80. On June 4, 2018, the President of the House Government Affairs Committee,

Hon. Jorge Navarro, forwarded a letter to the FOMB requesting what would be the effect on the

Fiscal Plan and the Budget if the May 30, 2018 Understanding reached between the Governor and

the FOMB was not complied with, or the House of Representatives passed Senate Bill 1011 (which

repealed Law 80 prospectively).[26]

---

[24] *See*, Exhibit 16, Alleged Understanding between FOMB and Governor, p. 1.
[25] *See*, Exhibit 1, Senate Bill 1011 as approved by the Senate of Puerto Rico, p. 6-7.
[26] *See*, Exhibit 17, Letter to defendant Natalie A. Jaresko, dated June 4, 2018

49.     The FOMB responded by rejecting the manner in which Senate Bill 1011 repealed Law 80 prospectively, without providing a reasoned explanation. Specifically, on June 4, 2018, the FOMB responded that "at a minimum, the Oversight Board would revert to the Fiscal Plan as certified by the Oversight Board on April 19, 2018 (the "April 2018 Fiscal Plan"), and would submit a budget to the Governor and Legislature that is consistent with that Fiscal Plan." [27]

50.     The FOMB's letter specified that "if the Government of Puerto Rico fails to comply exactly with the understanding reached with the Oversight Board concerning the repeal of Law 80, the Oversight Board will amend the Fiscal Plan and Budget to

> [i] Eliminate the annual appropriation for the Christmas bonus for public sector employees
>
> [ii] Eliminate the annual appropriation of $25 million for student scholarships at the University of Puerto Rico
>
> [iii] Eliminate the annual appropriation of $50 million for economic development initiatives for municipalities
>
> [iv] Eliminate the multiyear fund of $345 million for various economic development and reform implementation initiatives as requested by the Government of Puerto Rico
>
> [v] Maintain the elimination of the Christmas bonus for both public sector and private sector employees as well as the reduction in sick days and paid leave for private sector employees, as required by the labor reform outlined in the April 19 Fiscal Plan to facilitate investment and job creation in Puerto Rico[; and]
>
> **[vi] Maintain the cuts to the budgets of the Legislature and Judiciary as outlined in the April 19 Fiscal Plan" [28]**

51.     On June 6, 2018, the FOMB forwarded the Puerto Rico Legislative Assembly a document titled "Unanimous Written Consent Approving Submission of Commonwealth's Fiscal Year 2019

---

[27] *See*, Exhibit 3, Letter dated June 4, 2018 signed by defendant Natalie A. Jaresko.
[28] Id., p. 1-2 (Emphasis ours).

Budget to the Legislature" attached to a draft of the Joint Budgetary Resolutions totaling $8,749,318,000.00 to be allocated from the General Fund of the State Treasury.[29]

52.    On June 14, 2018, the Puerto Rico House of Representatives passed Senate Bill 1011 with amendments. The final version of Senate Bill 1011, as approved by the House of Representatives, repealed Law 80 prospectively, [30] but the amendments included by the House version of the Senate's bill were not approved by the Senate. In the end, the Legislative Assembly could not agree to repeal Law 80 retroactively, as demanded by the FOMB.

53.    On June 29, 2018 – a day before the conclusion of the legislative session pursuant to the Puerto Rico Constitution – the FOMB submitted a letter to the Puerto Rico Legislature and the Governor, stating that the FOMB would follow through with the cost-cutting measures listed in its June 4, 2018 letter sent to the House Government Affairs Committee because the Legislative Assembly did not approve a bill repealing Law 80:

> "[W]e now know that the Government of Puerto Rico will not implement the New Fiscal Plan in full because the Legislature did not comply with the April 19, 2018 version of the New Fiscal Plan or with the May 30, 2018 version of the New Fiscal Plan. The Legislature failed to pass the most important component of the Labor Reform Package – the repeal of Law 80 and turning Puerto Rico into an at-will employment jurisdiction – as required by the New Fiscal Plan. Accordingly, the Oversight Board will follow through on the commitment that it made in its letter, dated June 4, 2018, to Representative Jorge Navarro Suárez, who had asked the Oversight Board what would happen if the Legislature did not comply with the New Fiscal Plan." [31]

54.    The cost-cutting measures included, among others, "[r]ight sizing measures will be reinstated for the Legislature and Judiciary." [32]

---

[29] *See*, Exhibit 18, FOMB's Unanimous Written Consent of June 6, 2018.
[30] *See*, Exhibit 3, Senate Bill 1011 as approved by the House of Representatives.
[31] *See*, Exhibit 7, Letter dated June 29, 2018 signed by defendant Natalie A. Jaresko.
[32] Id., p. 2.

55.     On June 30, 2018, the Legislative Assembly approved a budget totaling $8,708,623,000.00 to be allocated from the General Fund of the State Treasury (the "2018-2019 Legislative Assembly Budget"), which the Governor signed.[33]

56.     On June 30, 2018, the FOMB refused to certify the 2018-2019 Legislative Assembly Budget, and approved its own budget (the "2018-2019 FOMB Budget"), with $8,757,524,000.00 to be allocated from the General Fund of the State Treasury.[34] That is, $48,901,000.00 more than the 2018-2019 Legislative Assembly Budget.

57.     Although more funds were allocated in the 2018-2019 FOMB Budget as compared to the 2018-2019 Legislative Assembly Budget, the 2018-2019 FOMB Budget contained severe budget cuts to the Senate and House of Representatives of Puerto Rico of approximately 20% compared to the 2018-2019 Legislative Assembly Budget. Specifically, the FOMB reduced the Senate's operational budget by $8,741,000.00 and the House of Representatives operational budget by $10,242,000.00.[35]

58.     The FOMB clearly acted beyond its authority by rejecting the Legislative Assembly's budget because of its refusal to repeal Law 80 retroactively – a matter within the exclusive purview of the Legislative Assembly. Repealing Law 80 was a "recommendation" under § 205 of PROMESA, since it was geared to "promote the . . . economic growth . . . of the territorial government ...[.]" *See*, PROMESA §205(a). And despite the fact that nothing in PROMESA authorizes the FOMB to require that the Legislative Assembly adopt a recommendation under § 205, the Legislative Assembly accommodated the FOMB through Senate Bill 1011.

---

[33] *See*, Exhibit 20, 2018-2019 Legislative Assembly Budget Certification.
[34] *See*, Exhibit 21, Excerpt of 2018-2019 FOMB Budget, sum total of amount allocated from the General Fund of the State Treasury in Joint Resolutions at p. 46 ($6,991,155,000), 119 ($1,766,369,000).
[35] *See*, Exhibit 20, 2018-2019 Legislative Assembly Budget Certification.

59.     By doing so, the Legislative Assembly exercised its legislative power, and balanced the public policy goal recommended by the FOMB in the May 2018 Fiscal Plan of promoting new job creation and increase labor force participation, while protecting the rights of employees to which Law 80 currently applied.  To this date, the FOMB has failed to adequately explain how repealing Law 80 would promote economic growth and increase job participation, nor has it explained how or why repealing Law 80 prospectively would <u>not</u> promote the same economic growth claimed by the FOMB.

60.     As noted before, the purpose of repealing Law 80, according to the May 30, 2018 Fiscal Plan, was to create new jobs and increase labor force participation. *See*, Exhibit 4, p. 39 ("To reduce the cost to hire and encourage faster job creation, including movement of informal jobs to the formal economy, Puerto Rico must become an employment at-will jurisdiction…") Moreover, the FOMB's "Labor Reform Agenda" in the April 2018 Fiscal Plan, which included fully repealing Law 80, failed to generate a single dollar of additional revenue in Fiscal Year 2019.[36] Likewise, the May 2018 Fiscal Plan, which also included repealing Law 80, also failed to generate a single dollar of additional revenue in Fiscal Year 2019.[37] In short, Senate Bill 1011 met the reasons advanced by the FOMB, and there was no rational reason for the FOMB's insistence on repealing Law 80 retroactively.

**iii.     FOMB's actions constitute an usurpation of the Legislative Assembly's powers.**

61.     As previously discussed, PROMESA does not deprive the Commonwealth's elected Government the power to control its political and governmental functions, except as limited by Titles I and II of PROMESA.

---

[36] *See*; Exhibit 5 Memorandum: Labor Reform as a Catalyst for Growth, p. 12-13; Exhibit 9, April 2018 Fiscal Plan, p. 33.
[37] *See*, Exhibit 4, May 2018 Revised Fiscal Plan, p. 34-35.

62.     Titles I and II provide that upon FOMB's certification of a fiscal plan and budgets, it has certain powers to oversee and enforce compliance with such fiscal plans and budgets. Notwithstanding, the Government retains its political, governmental, and operational powers.

63.     Under PROMESA section 205(a), the Government can reject FOMB's recommendations. FOMB's powers cannot infringe on the Commonwealth's political or governmental powers.

64.     FOMB's role is to provide oversight to help Puerto Rico achieve these goals, but governing the Commonwealth is left to Puerto Rico's elected Government.  PROMESA § 303; 48 U.S.C. § 2163.

65.     The FOMB doesn't even have the power to impose penalties on Commonwealth officers or employees. PROMESA leaves that to the Governor, reflecting respect for Puerto Rico's sovereignty.  PROMESA § 104(l); 48 U.S.C. § 2124(l).  The Oversight Board cannot even remove Government employees from office.  *See* S.B.  2318, § 313(i)(2)(B).

66.     PROMESA prohibits the FOMB from interfering with the elected Government's actions to "implement territorial laws, **which are consistent with a certified Fiscal Plan**, that execute Federal requirements and standards."  PROMESA § 204(d)(3); 48 U.S.C. § 2144(d)(3). (Emphasis ours.)

67.     FOMB's sole remedy where the Government declines to adopt a recommendation is the requirement that the Government explain its decision to the U.S. President, Speaker of the House, and Majority Leader of the U.S. Senate.  *See* PROMESA § 205(b)(3); 48 U.S.C. § 2145(b)(3).

68.     PROMESA's reservation of political and governmental powers to the elected Government is evinced, for example, in the Congress' rejection of Senate Bill 2381, dated December 9, 2015, which would have granted FOMB the power to impose the recommendation of the Government over its opposition.

69.     Therefore, FOMB cannot control the Commonwealth absent a specific authorization in Title I or II. Nothing in Title III gives FOMB the power to control the Commonwealth's political or governmental operations.

70.     PROMESA does not empower the FOMB to sweep the elected government aside. PROMESA leaves the elected government in place and does not suspend it in favor of direct management by the FOMB.

71.     Despite the fact that the Legislative Assembly approved a valid budget, consistent with the fiscal plan, due to the Legislative Assembly's disapproval of the bill repealing Law 80 in the way and manner the FOMB wanted, FOMB refused to certify the Commonwealth's budget approved by the Legislative Assembly, and retaliated against it by imposing punitive measures in reducing the Legislative Assembly's operational budget. It's important to highlight that the Legislative Assembly's budget was lower than the FOMB's own approved budget. The FOMB's retaliation constitutes an impermissible imposition of penalties or sanctions against the Commonwealth and/or its officers or employees, which PROMESA does not allow, and in contravention to Puerto Rico's sovereignty.

72.     The FOMB's acts constitutes an usurpation of the Legislative Assembly's exclusive legislative power and, furthermore, an effort to supplant, bypass, or replace the Commonwealth's elected leaders.

73.     Therefore, FOMB has unlawfully encroached upon the Legislative Assembly's exclusive legislative power under the Puerto Rico Constitution, and in contravention of the limited powers delegated by Congress to the FOMB.

74.     The FOMB's retaliation and punitive measures against the Legislative Assembly, including the delegated power to the People of Puerto Rico of self-government are null, void and/or unconstitutional.

75.     The Constitution of Puerto Rico, as approved by Congress, provides in its foreword that the democratic system is fundamental for the life of the Puerto Rican community.  It is understood that a democratic system is one in which the will of the people is the source of the political power, where the political power is subordinate to the rights of men and women and where the free participation of the citizen in collective decisions is assured.

## V.     COUNT I

**DECLARATORY JUDGMENT THAT THE OVERSIGHT BOARD OVEREACHEAD ITS POWERS BY DEMANDING THAT THE LEGISLATIVE ASSEMBLY APPROVE A BILL REPEALING LAW 80 RETROACTIVELY AS A CONDITION FOR THE APPROVAL OF THE COMMONWEALTH'S BUDGET**

76.     Plaintiffs repeat and incorporate by reference the previous allegations as if fully set forth herein.

77.     PROMESA does not allow the FOMB to bypass or usurp the Legislative Assembly's legislative power, and set forth the Commonwealth's public policy behind legislation affecting the rights of employees in Puerto Rico.

78.     The FOMB exceeded its authority when it tried to force the Legislative Assembly to pass a bill retroactively repealing Law 80 as a condition to approve the Commonwealth's budget. When the Legislative Assembly refused to abdicate its legislative power, the FOMB punished it by imposing severe cuts in its operational budget, and also imposed severe limitations on the Government of Puerto Rico's authority under PROMESA to govern on matters of public policy.

79.     Plaintiffs are therefore entitled to a judicial declaration under 28 U.S.C. § 2201, as well as further relief under 28 U.S.C. § 2202, that the rejected policy recommendations in the Fiscal Plan

are non-binding recommendations, and that the Legislative Assembly cannot be compelled to implement any of those policies, and the FOMB may not take any actions to force compliance with such recommendations.

80.     Moreover, by forcing the Legislative Assembly to advance the FOMB's agenda, and punishing the government by not approving the 2018-2019 Legislative Assembly Budget when its coercive tactics failed, the FOMB exceeded its statutory authority under PROMESA.

81.     Since the FOMB refused to certify the 2018-2019 Legislative Assembly Budget, and imposed the 2018-2019 FOMB Budget by violating PROMESA in exceeding its authority, plaintiffs are entitled to a judicial declaration that the 2018-2019 FOMB Budget is null and void, and reinstating the 2018-2019 Legislative Assembly Budget duly approved by the Legislative Assembly and signed by the Governor of Puerto Rico.

## VI.     COUNT II

**INJUNCTION PROHIBITING THE DEFENDANTS FROM IMPLEMENTING THE FOMB's 2018-2019 BUDGET AND INJUNCTION DIRECTING THE FOMB TO CERTIFY AS COMPLIANT THE 2018-2019 BUDGET APPROVED BY THE LEGISLATIVE ASSEMBLY**

82.     Plaintiffs repeat and incorporate by reference the previous allegations as if fully set forth herein.

83.     As noted before, the FOMB submitted a draft bill to the Legislative Assembly which, among other things, proposed repealing Law 80. This was a public policy recommendation under § 205(a) of PROMESA, and no way related to "achieve fiscal responsibility and access to the capital markets." *See*, PROMESA § 201(b)(1)(J). Notwithstanding the non-binding nature of this recommendation, the Senate accommodated the FOMB's recommendation, and approved Senate Bill 1011. Unhappy with the Senate's action, the FOMB threatened to cut the Legislative Assembly's budget, among other retaliatory measures, if it did not repeal Law 80 retroactively. As

a result, the House of Representatives then approved another version of Senate Bill 1011, which also repealed Law 80.

84. In Senate Bill 1011, the Legislative Assembly exercised its constitutional prerogative and power to legislate, and balanced the need to promote new job creation and increase labor force participation, as set forth in the April and May 2018 Fiscal Plans, with protecting the rights of employees to which Law 80 currently applied.

85. By repealing Law 80 prospectively, the Legislative Assembly accommodated the FOMB's recommendation under § 205 of PROMESA, that Puerto Rico be transformed to an at-will employment jurisdiction which the FOMB touted, as the "single most important reform for long-term economic well-being in Puerto Rico." Senate Bill 1011 was also consistent with the April 2018 and May 2018 Fiscal Plans because repealing Law 80 had no economic or budgetary impact on the FY 2019 budget, according to the FOMB.

86. However, the FOMB rejected Senate Bill 1011, and then unlawfully refused to certify the Commonwealth budget approved by the Legislative Assembly for the sole reason it did not approve a bill repealing Law 80 the way and manner the FOMB dictated. Moreover, the FOMB reduced the Legislative Assembly's operational budget by approximately 20%.

87. Specifically, the FOMB reduced the Senate's operational budget by $8,741,000 and the House of Representatives' operational budget by $10,242,000.

88. The FOMB's refusal to certify the 2018-2019 Legislative Assembly Budget, and imposition of its own budget, the 2018-2019 FOMB Budget, all because the Legislative Assembly did not approve the repeal of Law 80, are beyond the powers granted to it under PROMESA.

89. Plaintiffs therefore seek equitable relief in the form of an injunction prohibiting the defendants from implementing and enforcing the 2018-2019 FOMB Budget, and reinstatement of

the 2018-2019 Legislative Assembly Budget. Additionally, the plaintiffs request that, to the extent
they seek a preliminary injunction, such preliminary injunction against the defendants be converted
to a permanent injunction upon the Court's determination of this matter on the merits.

90.      The plaintiffs will likely succeed on the merits of their claims or, alternatively, have raised
sufficiently serious questions going to the merits. The FOMB clearly overreached when it refused
to certify the 2018-2019 Legislative Assembly Budget for the <u>sole reason</u> the Legislative Assembly
did not approve a bill retroactively repealing Law 80, a matter that, as explained before, falls under
§ 205 of PROMESA. Without the requested injunctions, moreover, plaintiffs would be irreparably
harmed because the implementation of the 2018-2019 FOMB Budget would prevent them from
freely exercising the legislative power conferred by the Puerto Rico Constitution.

91.      Therefore, the plaintiffs are entitled to equitable relief in the form of an injunction
prohibiting the defendants from implementing and enforcing the 2018-2019 FOMB Budget and to
prevent the FOMB from exceeding its powers under PROMESA § 202 of PROMESA.

92.      Plaintiffs are also entitled to equitable relief in the form of an injunction directing the
FOMB to certify as compliant the 2018-2019 Legislative Assembly Budget.

## VII.   PRAYER FOR RELIEF

**WHEREFORE** the plaintiffs pray that judgment be entered for them and against
the defendants as follows:

i.       Declaring that the FOMB lacked the authority to demand that the Legislative Assembly
         approve a bill repealing Law 80 as a condition for the approval of the Commonwealth's
         Budget;

ii.      Declaring that, the rejected policy recommendations in the Fiscal Plan are non-binding
         recommendations, and that the Legislative Assembly is not obligated to implement any of

those policies, and the FOMB may not take any actions to force compliance with such recommendations;

iii.    Declaring that, by forcing the Legislative Assembly to advance its own agenda, and punishing the government by not approving the 2018-2019 Legislative Assembly Budget when its strong-arm tactics failed, the FOMB exceeded its statutory authority under PROMESA;

iv.    Declaring that, the 2018-2019 FOMB Budget is null and void, and

v.    Declaring that the 2018-2019 Legislative Assembly Budget duly approved by the Legislative Assembly and signed by the Governor of Puerto Rico shall be reinstated.

vi.    Enjoining the defendants from implementing the FOMB's 2018-2019 Budget;

vii.    Ordering the defendants to certify the 2018-2019 Legislative Assembly Budget; and

viii.    Granting such other and further relief as the Court deems just and proper.


Respectfully submitted, on July 9, 2018 by,

*Attorneys for the Hon. Thomas Rivera-Schatz in his official capacity as President of the Senate of Puerto Rico and on behalf of the Senate of Puerto Rico*

**ALDARONDO & LÓPEZ-BRAS, PSC**
ALB Plaza, Suite 400
16 State Road 199
Guaynabo, P.R. 00969
Tel 787-474-5447 / Fax 787-474-5451

*/s/ Eliezer Aldarondo-Ortiz*
ELIEZER ALDARONDO-ORTIZ
USDC-PR Bar No. 125402
Email: ealdarondo@alblegal.net

*/s/ Claudio Aliff-Ortiz*
CLAUDIO ALIFF-ORTIZ
USDC-PR Bar No. 205313
Email: califf@alblegal.net

*/s/ Iván M. Castro-Ortiz*
IVÁN M. CASTRO-ORTIZ
USDC-PR Bar No. 214703
Email: icastro@alblegal.net

*/s/ Sheila Torres-Delgado*
SHEILA TORRES-DELGADO
USDC-PR Bar No. 222706
Email: storres@alblegal.net

*/s/ David Rodríguez-Burns*
DAVID RODRÍGUEZ-BURNS
USDC-PR Bar No. 212505
Email: drodriguez@alblegal.net

*Attorneys for the Hon. Carlos J. Méndez-Núñez in his official capacity as Speaker of Puerto Rico House of Representatives and on behalf of the Puerto Rico House of Representatives*

*/s/ Israel Roldán-González*
ISRAEL ROLDÁN-GONZÁLEZ
USDC-PR Bar No. 1150602
Email: roldangonzalezpr@yahoo.com

*/s/ Víctor Calderón-Cestero*
VÍCTOR CALDERÓN-CESTERO
USDC-PR Bar No. 219302
Email: victorcalderon@yahoo.com

*/s/ Verónica Ferraiouli-Hornedo*
VERÓNICA FERRAIOULI-HOERNEDO
USDC-PR Bar No.213814
Email: vero@ferraiouli.pr

*/s/ Carlos E. Rivera-Justiniano*
CARLOS E. RIVERA-JUSTINIANO
USDC-PR Bar No. 231210
Email: lcdo.carlos.e.riverajustiniano@gmail.com