[CERTIFIED TRANSLATION]
I, Carlos Laó Dávila, a Federally certified interpreter, number 03-052,
hereby certify that the attached document is a
true and exact translation of the original certified or translated by me

RECEIVED JUNE 15' 18AM 8:43
PROCESS & RECORDS PR SENATE

ELECTRONIC DRAFT
APPROVED TEXT IN FINAL VOT BY THE SENATE
(MAY 30, 2018)                    [Illegible marking]

A-77

GOVERNMENT OF PUERTO RICO

| 18TH Legislative Assembly E/I | **FINAL TEXT APPROVED BY THE HOUSE** | 3rd Ordinary Session |

18TH Legislative Assembly E/I — **FINAL TEXT APPROVED BY THE HOUSE** — 3rd Ordinary Session

# SENATE OF PUERTO RICO

**ENROLL          S.B. 1011          ENROLL**

May 29, 2018

Introduced by Messrs. Rivera Schatz, Seilhamer Rodríguez, Ríos Santiago, Martínez Santiago, Berdiel River, Correa River,; Cruz Santiago; Mrs. Laboy Alvarado; Messrs. Laureano Correa, Muñiz Cortés, Nazario Quiñones, Neumann Zayas; Mrs. Nolasco Santiago, Padilla Alvelo, Peña Ramírez; Messrs. Pérez Rosa, Rodríguez Mateo, Romero Lugo, Roque Gracia; Mrs. Vázquez Nieves, and Vanegas Brown

[Illegible markings]

Referred to the Federal, Political, and Economics Relations Commission

## ACT

To limit the application of Act No. 80 of May 30, 1976, as amended, exclusively for the employees that have said protections and guarantees at the time of passing the instant Act; for purposes of giving compliance to those agreements reached by the Government and the Financial Oversight Board; to protect the Christmas bonus of public and private employees; maintaining unaltered vacation and sick leave the employee from the private sector has; reaffirm the public policy of the Government of Puerto Rico on the permanency of all those labor rights established in the Constitution of Puerto Rico and those applicable state and federal laws; provide what is relevant to those exiting claims of unfair termination; and for other related purposes.

## PRELIMINARY RECITALS

Currently, Puerto Rico is going through a historically unprecedented fiscal crisis. In part, said crisis was caused by the absence of controls on spending, sustainable development measures, and management information systems that promote clarity and transparency in the governmental endeavors.

This crisis has hit Puerto Rican families very hard and has caused that thousands of Puerto Ricans abandon the Island seeking better opportunities. Thus, the population reduction that is consequence of this becomes one of the challenges to go into recovery.

[Illegible markings]

The erred policies of the past, together with the limitations of our territorial and colonial status, lead the Congress of the United States to promulgate the Act called Puerto Rico Oversight, Management, and Economic Stability Act, known as PROMESA, Pub. L. 114-187. Said Act established a Financial Oversight and Administration Board (heron the "Oversight Board") and parameters for the fiscal planning actions, budgetary actions, and to restructure debts, among others.

In February 28, 2017, the Governor filed a complete broad, real Fiscal Plan, which was also sensitive to the needs of our People and of the most vulnerable. In March 13, 2017, the Oversight Board accepted and certified our Fiscal Plan, which avoided the termination of public employees and the exit of patients from the Government Health Program, among other social and economic hardships.

For fiscal year 2017-2018, the Government filed and the Legislative Assembly passed a responsible budget, which complied with the austerity policies necessary to tend to the fiscal crisis, while defending the most vulnerable, like our retirees, whose pensions where ensured in the general budget. Notwithstanding, said budget was modified by the Oversight Board.

In September 2017, Puerto Rico experienced the force of two atmospheric events that changed our daily life affecting all sectors of our society. The devastation caused by the impacts of hurricane Irma and María has caused that the economic crisis that affects our Island worsens even more and has brought greater fiscal challenges for municipalities and the central Government. These atmospheric events affected the functioning of the Government and caused severe damages to the infrastructure of the Island, including buildings, the power system, and telecommunications. According to current estimates, hurricane María

caused approximately $100,000 billion in damages and it is projected will cause a real reduction in the NGP of 13.2% this fiscal year.

After the passing of the hurricanes, the Oversight Board requested from the Government a new draft of the Fiscal Plan that would take into consideration the new reality in Puerto Rico after the devastation of the atmospheric event. In January 24, 2018, the Government delivered the Revised Fiscal Plan with the goal of having it evaluated and certified by the Oversight Board in order to reestablish economic feasibility in Puerto Rico.

[Illegible markings]

Although the Revised Fiscal Plan reflected the reality of Puerto Rico after the passing and included a real and fair basis to reach fiscal balance, the management of the debt, and the revitalization of the economy in Puerto Rico, in February 5, 2018, the Oversight Board rejected the document. Although the Oversight Board acknowledged that the Fiscal Plan proposed by the Government included important and necessary proposals to move Puerto Rico toward fiscal sustainability and growth, the entity created by PROMESA requested changes that would affect the most vulnerable, as well as reduce the pensions of our retirees, eliminate the Christmas bonus of public and private employees, and reduce vacation and sick leave days in the private sector.

That same day, the Governor and the Legislative Assembly opposed said changes, because they would irrebocably affect the People. These changes caused the uncertainty of our people when recognizing that these changes established by the Oversight Board would be reflected in budgetary cuts and/or would end up in courts at the mercy of the determination of a Federal Court.

In April 19, 2018, the Oversight Board certified their own fiscal plan including these measures which the elected Government opposed.

With the passing of this Act, we ensure the continuity of the Christmas Bonus for public and private employees, we protect the labor rights of workers while an environment is created that encourages the creation of more jobs. With this bill, the causes for termination of employment will be those that arise from prospectively from the employment contract, including the collective bargaining agreement contracts negotiated by unions, as it occurs in virtually all the jurisdictions of the Nation.

Notwithstanding, the aforementioned does not alter the prohibition for illegal terminations. Employees will continue being protected from discriminatory terminations, violations of the terms of the collective bargaining agreements, harassment, and protections against retaliation, among others. In addition, minimum wage and the Christmas bonus will remain unaltered, and also other special laws that are not modified by this Act.

Other laws that protect our workers will not be affected, such as: Act No. 100 of June 30, 1959, as amended that protect employees against discrimination due to race, color, gender, sexual orientation, gender identity, social or national origin, social condition, political affiliation, or political or religious ideas, or due to being a victim or perceived as a victim of domestic violence, sexual aggression or stalking, or due to being military, or ex-military, serve or having served in the United States Armed Forces, or due to being a veteran; Act No. 379 of May 15, 1948, as amended, which provides for the rest day from the work schedule; Act 180-1998, as amended, on Minimum Wage, Vacation and Sick leave; Act No. 148 of June 30, 1969, which grants private employees the Christmas Bonus; Act 427-2000 that provides for the breastfeeding period and protects the rights of breastfeeding mothers;  Act No. 45 of April 18, 1935, as amended, which provides for the Compensation for Accidents at Work; Act No. 139 of June 26, 1968, which provides for Temporary Disability Benefits; Act 16-2017 Equal Salary; Act No. 3 of March 13, 1942, as amended, which protects Worker Mothers; Act No. 17 of April 22, 1988, as amended, which prohibits Sexual Harassment; Act 24-2002 which establishes a Sports Leave; Act 27-2005 on Nursing Minimum Wage; Act No. 44 of July 2, 1985, as amended, which prohibits discrimination against Disabled Persons; Act No. 69 of July 6, 1985, as amended, which protects against discrimination due to Gender; Act No. 112 of July 13, 1985, as

[Illegible markings]

amended, which regulates the contracting of minors; Act 115-1991, which protects an employee against retaliation from the employer; Act No. 122 of July 12, 1986, as amended, which protects employees called to serve as witnesses; Act 161-2002, for Job Development; Act No. 230 of May 12, 1942, as amended, which provides regulation for the employment of minors; Act No. 130 of May 8, 1945, as amended, which recognizes the rights of employees to organize; Act 281-2003, which protects employees called to serve as jurors, among other laws and regulations that protect our workers.

[Illegible markings]

No other local or federal law or regulation that protects the rights of employees will be affected. *In addition, a fund is created to compensate the employee affected by the modifications contained in this Act to turn Puerto Rico in an at will jurisdiction as 49 of the 50 states of the Nation.*

**DECREED BY THE LEGISLATIVE ASSEMBLY OF PUERTO RICO**

~~Article 1.- Act No. 80 of May 30, 1976, as amended, will remain in effect in order to protect all the employees and employers that, at the time this Act passes, will be protected by all their provisions. Any natural person or legal entity that can claim rights or remedies under this Article, will maintain those rights unaltered.~~

*Article 1.-Title*

*This Act will be known and can be cited as "Compensation Fund for Unfair Termination and Reinsertion to the Work Environment."*

Article 2. ~~New status of the Law.~~ New status of the Law and Declaration on Public Policy

*Public Policy.*

*It is the public policy of the Government of Puerto Rico to strengthen the private sector of our economy and encourage its maximum development. To achieve these purposes, we need to increase capital investment in our industries, encourage the development of a vigorous service industry, and a vibrant exchange of assets. In addition, we need to encourage the creation of well remunerated jobs and that the total amount of work positions available is increased in the private sector. All of the above, together with a state public policy directed to encourage entrepreneurship, and the creation of business opportunities will allow Puerto Rico to insert itself with good footing in the modernity of the XXI Century. To achieve this, we need to restate how employment contracts are terminated in our archipelago and to achieve a government assistance so that those who lose their job will have a real second opportunity to develop their talents and abilities, while they achieve the support their families need, as well as the development of personal capital. The specific objective of this Act is an will be to promote a mechanism of social justice and economic development that, at the same time, will allow the reinvestment of our resources in the workforce. We reaffirm the unaltered application of all those labor rights established and legislated prior to this Act. No employer can not comply with the labor rights that we reaffirm today, pursuant to current laws in effect.*

[Illegible markings]

*This Act is also passed to ensure the allocation of twenty-five million dollars ($25,000,000.00) for scholarships for students of the University of Puerto Rico, the allocation of fifty million dollars ($50,000,000.00) annually for economic development of municipalities, as well as the allocation of three hundred forty-five million dollars ($345,000,000.00) in a multiannual fund of five (5) years duration, which amount includes one hundred million dollars ($100,000,000.00) of the Compensation Fund created by this Act, for several bills on economic*

_development and for the implementation of reforms as requested by the Government of Puerto Rico to the Financial Oversight Board._

Beginning on January 1, 2019 ~~the passing of the instant Act~~, _an employee in an indefinite term will not have a cause of action against their employer merely because the employer terminates the employment relationship, beyond the assistance contained in this Act and its exceptions for the applicable period_ ~~any new hire employee and all employers who hire new employees are not subject to the provisions of Act 80 of May 30, 1976, as amended.~~ Notwithstanding, any employee terminated from his job will continue protected by all the other causes of action that arise from the Constitution of the United States, the Constitution of Puerto Rico, and the applicable state or federal laws and regulations.

[Illegible markings]

For purposes of this Article the term "employee" means any natural person who works for an employer and who receives compensation for their services. It does not include an independent contractor, and also government or municipal employees. The term "employer" means any natural person or legal entity who employs or allows to work any employees through compensation. It does not include the Government of Puerto Rico, its three branches, its departments, agencies, instrumentalities, public corporations, and also municipal governments, their instrumentalities, or municipal corporations.

_With this Act, the Legislative Assembly is solely eliminating the cause of action against the employer for unfair termination under Act No. 80, supra. Thus, we reaffirm the unaltered_

*application of all those labor rights established and legislated prior to this Act. No employer can*

*not comply with any of these labor rights that we reaffirm today.*

Article 3.- Reaffirming of public policy.

With this Act, the Legislative Assembly is solely eliminating the cause of action for unfair termination prospectively. Thus, we reaffirm the unaltered application of all those labor rights established and legislated prior to this Act. No employer can not comply with any of these labor rights that today we reaffirm.

Article 4.- Transitory provisions.

The provisions of this Act and its effects will not be applied to those persons whose job has terminated prior to effect of this Act. The provisions of Act No. 80 of May 30, 1976, as amended, and the statute of limitations therein provided, will continue being the application of all unfair separation from employment carried out prior to the effect of this Act. Thus, no employer can use the application of the instant Act as subterfuge, with the purpose of affecting the acquired rights of employees protected by Act 80, supra, prior to the effect of the instant Act. The courts will be obligated to apply the provisions of Act No. 80, supra, in all the proceedings pending and whose cause of action is presented prior to the effect of this Act.

[Illegible markings]

*Article 3- Creation of the Fund.*

*The "Compensation Fund for Unfair Termination and Reinsertion to the Work Environment (hereon "Compensation Fund") is created up to one hundred billion dollars ($100,000,000.00). This Compensation Fund will be funded from special allocations from the*

*Government of Puerto Rico, as provided below, for the workers terminated by the employer at will or by one of the caused detailed below. The Compensation Fund will be available for those persons whose employment has ended in or before January 1, 2021 if the employee has been 15 years or less in the job from which he is terminated. Regarding employees who have more than 15 years at the job from which they have been terminated, what is provided in Article 12 of this Act will apply.*

*Article 4.- Allocations from the Government of Puerto Rico.*

*The Government will allocate in the budget corresponding to fiscal year 2018-2019 an amount of twenty million dollars ($25,000,000.00) for the Compensation Fund. The remaining amount of up to sevent- five million dollars ($75,000,000.00) will be made through additional allocations to be consigned in the budget of the Government of Puerto Rico for fiscal years 2019-2020 and 2020-2021.*

[Illegible markings]

*The Compensation Fund will be a transitory measure and will begin on January 1, 2019 and end on January 1, 2021. This money will be redistributed among the reinvestment amounts in economic development and infrastructure included in the Amended Fiscal Plan of May 30, 2018.*

*Article 5. Management and composition of the Compensation Fund for Unfair Termination and Reinsertion to the Work Environment*

*The Compensation Fund will be managed by the Human Resources and Labor Department, pursuant to the provisions of this Act and the regulations adopted for said purpose.*

*Article 6.- Use of the Compensation Fund*

*The disbursements allowed on the Compensation Fund will begin to occur beginning on January 1, 2019 for employees terminated with less than fifteen (15) years counted consecutively in their employment pursuant to Article 10 of this Act.*

*The fund will be used solely for:*

a) *Provide direct compensation to the terminated worker and their family, for a maximum total of five thousand dollars ($5,000.00) notwithstanding any other right or benefit corresponding as displaced worker; and*

b) *Provide a voucher or tax credit, or a combination of these, of four thousand five hundred dollars ($4,500.00) to the contracting employer to subsidize their salary in the first year of a new job, and thus strengthen and accelerate their efforts to search for a job.*

[Illegible markings]

*Article 7.- Purpose of the Compensation*

*The payments from the Compensation Fund provided by this Act will be made up to a maxim total of five thousand dollars ($5,000.00) per person, and will be done monthly by the Human Resources and Labor Department, these being equal to the compensation per hour worked immediately prior to the termination and while the worker remains unemployed. The voucher or credit stated above shall be delivered by the Human Resources and Labor Department to the displaced worker eligible and protected by this Act no later than twenty (20) calendar days, counted from the date in which he complies with the submittal of the certifications provided in this Act. Said voucher or credit will be delivered by the employee to his new employer when beginning the new job.*

*Notwithstanding the aforementioned, only one compensation can be claimed per person for the duration period of the instant Act, be it the direct compensation to the terminated employee or for the subsidy of his salary in the first year of the new job.*

*Article 8.- Requirements for eligibility*

*To be able to be eligible for the Compensation Fund assistance, the employee shall must have an eligible job with a date prior to the passing of this Act and having been terminated during the period of effectiveness of the Compensation Fund under the cases numbered in Article 10 of this Act.*

[Illegible markings]

*Article 9. Rights of the Employee*

*The provisions of this Act in nothing will impede, or can be interpreted in the sense of impeding that each worker can request the benefits of any other law, state or federal, or impede the filing of complaints or administrative claims product of discriminatory or criminal actions by the employer. This Act will not impede that any person can receive social and economic assistance benefits by the Government of Puerto Rico.*

*Article 10.- Illegible Cases*

*For purposes of the Compensation Fund of this Act, a worker can benefit from it: (1) is the termination occurs by the exclusive will of the employer without there being fault from the worker; or (2) if the termination responds to:*

    a) *Total, temporary, or partial closing of the employer operations.*

b) _The technological changes or reorganization, as well as style, design, or nature of the product that is produced or managed by the establishment and the changes in services rendered to the public._

c) _Employment layoffs are necessary due to a reduction in the production, sales, or earnings volume anticipated or that prevail when the termination occurs or with the purpose of increasing competitiveness or productivity of the establishment._

[Illegible markings]

_Article 11.- Obligation of the employers and criminal sanctions._

_Each employer will have the obligation to cooperate with the Labor Department to put in effect the provisions of the instant act and any applicable regulations. If there is a non-compliance of this obligation, the employer will have to reimburse any expense incurred charged to the Compensation Fund._

_Each employer will have the obligation to reimburse the Compensation Fund the following portion of each voucher that is obtained as a product of a previously displaced worker contracted by an employer who received the worker according to the employment times, if the employer terminates the previously displaced employee, the following is established:_

a. _0 to 3 months of employment- eighty percent (80%) reimbursement_

b. _4 to 6 months of employment-sixty percent (60%) reimbursement_

c. _7 to 9 months of employment- forty percent (40%) reimbursement_

d. _10 to 12 months of employment- twenty percent (20%) reimbursement_

_The Human Resources and Labor Department will establish through regulation the proceeding for the monies return._

*Any employer or employee who, on purpose, attempts to defraud or commits fraud to benefit in bad faith of the provisions of this Act will incur in a misdemeanor and if convicted will have to make restitution in four (4) times the amount disbursed by the Government. In case of the employers, this provision will apply even if a associated entity is used or any corporate subterfuge to attempt to defraud or commit the fraud.*

*Article 12.- Transitory Provisions*

[Illegible markings]

*Beginning on January 1, 2019, the provisions of this Act cannot be applied to those persons whose employment has terminated in or prior to June 30, 2021 if the employee has 15 years or more in the job form which he is terminated, consecutively with the same employer. Only in these cases, the provisions of Act No. 80 from May 30, 1976, as amended, and the statute of limitations therein provided, will continue being applicable to all unjustified separations in those circumstances and terms. Therefore, no employer can use the application of the instant Act as subterfuge, with the goal of affecting the employees protected by Act No. 80, supra, pursuant to this article. The courts and administrative forums will be obligated to apply the provisions of Act No. 80, supra, in all the proceedings pending and the causes of action that are presented in the term and only in the cases described in this article.*

*Article 13. Regulations.*

*The Human Resources and Labor Department will establish through regulations the administrative norms that are deemed necessary in order to comply with the purposes of this Act, in a term no greater than thirty (30) calendar days, counted from the passing of this Act. The Treasury Department will issue the administrative norms necessary to comply with the purposes*

*of this Act, in a term no greater than thirty (30) days, counted beginning on the approval of this Act.*

*None of the norms or regulations passed due to the instant Act will have to comply with the provisions of Act 38-2017, known as the "Uniform Administrative Proceedings Act of Puerto Rico."*

*Article 14. Classification of the Fund*

*This Special Fund cannot be used for the payment of any government obligation, its municipalities, public corporations, except as stated in the instant Act.*

*Article 15. Treasury Department Deposits*

[Illegible markings]

*The Secretary of the Department of the Treasury is ordered to make the necessary deposits to comply with the purpose of this Act pursuant to the following:*

a. *In the case of the initial deposit, it will be done in a period that will not exceed the thirty (30) natural days, counted beginning on the passing of this Act.*

b. *In the case of the subsequent deposits, they will be made in a period that does not exceed the thirty (30) natural days, counted from the moment the general budget of the fiscal year in question comes in effect.*

*Article 16.- Remainder of the fund.*

*When finalizing natural year 2020, any monies left of the Compensation Fund will be distributed to the University of Puerto Rico to its scholarship program. Said remainder will have to be transferred to the University of Puerto Rico in or before February 1, 2021.*

*Article 17.- Supremacy Clause*

[Illegible markings]

*The provisions of this Act will prevail over any other provision of any other law that contains opposite provisions. All the laws of the Government of Puerto Rico will have to be interpreted to harmonize their sense, with the public policy that is established in the instant Act and with its specific objective to provide for displaced workers and their families.*

*Article 18.- Severability*

*If any part of this Act is declared unconstitutional by a court with jurisdiction and competence, none of the other parts of this Act not included in said declaration will be invalidated or declared null and will maintain all its force and effect.*

Article 19.- Duration

This Act will begin to govern immediately *after its passing. Notwithstanding, all the provisions of this Act will remain without effect if the Financial Oversight Board does not comply with assigning in the next budgets the amounts agreed with the Government of Puerto Rico: the funds for the payment of the Christmas Bonus of public employees; the twenty-five million dollars fund ($25,000,000.00) for scholarships for University of Puerto Rico students; the allocation of fifty million dollars ($50,000,000.00) annually for the economic development of municipalities; and the allocation of three hundred forty-five million dollars ($345,000,000.00) in a multiannual fund of a duration of five (5) years.*

RECIBIDO JUN15'18 AM 8:43

TRAMITES Y RECORDS SENADO PR

**ENTIRILLADO ELECTRÓNICO**
**TEXTO APROBADO EN VOTACIÓN FINAL POR EL SENADO**
**(30 DE MAYO DE 2018)**

A-77

GOBIERNO DE PUERTO RICO

18va. Asamblea
Legislativa

**TEXTO DE APROBACION**
**FINAL POR LA CAMARA**

3ra. Sesión
Ordinaria

E / I

JUN 1 4 2018

ENROLESE

SENADO DE PUERTO RICO

P. del S. 1011

ENROLESE

29 de mayo de 2018

Presentado por los señores *Rivera Schatz, Seilhamer Rodríguez, Ríos Santiago, Martínez Santiago, Berdiel Rivera, Correa Rivera; Cruz Santiago;* la señora *Laboy Alvarado;* los señores *Laureano Correa, Muñiz Cortés, Nazario Quiñones, Neumann Zayas;* las señoras *Nolasco Santiago, Padilla Alvelo, Peña Ramírez;* los señores *Pérez Rosa, Rodríguez Mateo, Romero Lugo, Roque Gracia;* las señoras *Vázquez Nieves y Venegas Brown*

*Referido a la Comisión de Relaciones Federales, Políticas y Económicas*

**LEY**

Para limitar la aplicación de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, ~~exclusivamente a los empleados que tienen dichas protecciones y garantías al momento de aprobar la presente Ley~~; a los fines de dar cumplimiento a aquellos acuerdos llegados por el Gobierno y la Junta de Supervisión Fiscal; para proteger el bono de navidad de los empleados públicos y privados; mantener inalterados los días de vacaciones y enfermedad con los que cuenta un empleado del sector privado; reafirmar la política pública del Gobierno de Puerto Rico sobre la permanencia de todos aquellos derechos laborales establecidos en la Constitución de Puerto Rico y aquellas leyes estatales y federales aplicables; disponer lo relativo a aquellas reclamaciones de despido injustificado existentes~~;~~ *crear la Ley del "Fondo de Compensación por Despido Injustificado y Reingreso al Ámbito Laboral"; establecer la creación de dicho fondo, así como las aportaciones que lo nutrirán; disponer sobre su administración y uso; establecer la fecha de vigencia del fondo; disponer obligaciones de patronos y sanciones penales*; y para otros fines relacionados.

**EXPOSICIÓN DE MOTIVOS**

2

Al presente, Puerto Rico atraviesa una crisis fiscal sin precedentes históricos. En parte, dicha crisis fue causada por la ausencia de controles sobre el gasto, medidas de desarrollo sustentable y sistemas de información gerencial que promuevan claridad y transparencia en la gestión gubernamental.

Esta crisis ha golpeado muy fuerte a las familias puertorriqueñas y ha provocado que miles de puertorriqueños abandonen la isla buscando mejores oportunidades. La consecuente reducción poblacional se convierte en uno de los retos para encaminarnos hacia la recuperación.

Las políticas erradas del pasado, junto a las limitaciones de nuestro estatus territorial y colonial, llevaron al Congreso de los Estados Unidos a promulgar la ley denominada *Puerto Rico Oversight, Management, and Economic Stability Act*, conocida como PROMESA (por sus siglas en inglés), Pub. L. 114-187. Dicha Ley estableció una Junta de Supervisión y Administración Financiera (en adelante "Junta de Supervisión") y parámetros para las acciones de planificación fiscal, las acciones presupuestarias, y para las reestructuraciones de deuda, entre otras.

El 28 de febrero de 2017, el Gobernador presentó un Plan Fiscal completo, abarcador, real y, a la misma vez, sensible a las necesidades de nuestro pueblo y de los más vulnerables. El 13 de marzo de 2017, la Junta de Supervisión aceptó y certificó nuestro Plan Fiscal que evitó el despido de empleados públicos y la salida de pacientes del Programa de Salud del Gobierno, entre otros males sociales y económicos.

Para el año fiscal 2017-2018, el Gobernador presentó y la Asamblea Legislativa aprobó un presupuesto responsable, que cumplía con las políticas de austeridad necesarias para atender la crisis fiscal, mientras defendía a los más vulnerables como a nuestros retirados, cuyas pensiones fueron aseguradas en el presupuesto general. No obstante, dicho presupuesto fue modificado por la Junta de Supervisión.

En septiembre de 2017, Puerto Rico experimentó la fuerza de dos fenómenos atmosféricos que cambiaron nuestra vida cotidiana afectando a todos los sectores de

3

nuestra sociedad. La devastación causada por el paso de los huracanes Irma y María ha ocasionado que la crisis económica que afecta a la isla empeore aún más y ha traído mayores retos fiscales para los municipios y el Gobierno central. Estos fenómenos atmosféricos afectaron el funcionamiento del Gobierno y causaron severos daños a la infraestructura de la isla, incluyendo edificios, el sistema eléctrico y las telecomunicaciones. Según estimados corrientes, el huracán María provocó aproximadamente $100,000 millones en daños y se proyecta causará un descenso real en el PNB de 13.2% este año fiscal.

Tras el paso de los huracanes, la Junta de Supervisión solicitó al Gobierno un nuevo borrador de Plan Fiscal que tomara en consideración el nuevo panorama en Puerto Rico tras la devastación del fenómeno atmosférico. El 24 de enero de 2018, el Gobierno entregó el Plan Fiscal Revisado con el fin de que la Junta de Supervisión lo evaluara y certificara en vías de reestablecer la viabilidad económica de Puerto Rico.

A pesar de que el Plan Fiscal Revisado reflejaba la realidad de Puerto Rico con posterioridad al paso de los huracanes e incluía una base real y justa para alcanzar el balance fiscal, el manejo de la deuda y la revitalización de la economía de Puerto Rico, el 5 de febrero de 2018, la Junta de Supervisión rechazó el documento. Aunque la Junta de Supervisión reconoció que el Plan Fiscal propuesto por el Gobierno incluyó propuestas importantes y necesarias para mover a Puerto Rico hacia la sostenibilidad fiscal y el crecimiento, el ente creado por PROMESA solicitó cambios que afectarían a los más vulnerables, como reducir las pensiones de nuestros retirados, eliminar el bono de navidad de los empleados públicos y privados y reducir los días de vacaciones y enfermedad en el sector privado.

Ese mismo día, el Gobernador y la Asamblea Legislativa se opusieron a dichos cambios porque afectarían irremediablemente al pueblo. Esos cambios provocaron la incertidumbre de nuestra gente al reconocer que estos cambios establecidos por la Junta de Supervisión se reflejarían en recortes presupuestarios y/o terminarían en los tribunales a merced de la determinación de un tribunal federal.

4

El 19 de abril de 2018, la Junta de Supervisión certificó su propio plan fiscal reflejando estas medidas a las que el Gobierno electo se opuso.

Con la aprobación de esta Ley, aseguramos la continuidad del Bono de Navidad de los empleados públicos y privados, protegemos los derechos laborales de los trabajadores mientras se crea un ambiente que fomente la creación de más empleos. Con esta medida, las causas de terminación de un empleo serán las que surjan del contrato de empleo ~~prospectivamente~~, incluyendo los contratos de negociación colectiva negociados por uniones como ocurre en virtualmente todas las jurisdicciones de la Nación.

No obstante, lo anterior en nada altera la prohibición por despidos de naturaleza ilegal. Los empleados seguirán estando protegidos de despidos discriminatorios, violaciones a los términos de los convenios colectivos, hostigamiento, y protecciones contra represalias, entre otros. Además, se mantendrá inalterado el salario mínimo y el bono de navidad, entre otras leyes especiales que no se ven modificadas por esta Ley.

No se afectarán otras leyes que protegen a nuestros trabajadores como: Ley Núm. 100 de 30 de junio de 1959, según enmendada, que protege a los empleados contra el discrimen por razón de raza, color, sexo, orientación sexual, identidad de género, origen social o nacional, condición social, afiliación política, o ideas políticas o religiosas, o por ser víctima o ser percibida como víctima de violencia doméstica, agresión sexual o acecho, o por ser militar, ex militar, servir o haber servido en las Fuerzas Armadas de los Estados Unidos o por ostentar la condición de veterano; la Ley Núm. 379 de 15 de mayo de 1948, según enmendada, que dispone sobre la Jornada de Trabajo; la Ley Núm. 289 de 9 de abril de 1946, según enmendada, que dispone sobre el día de descanso de jornada; la Ley 180-1998, según enmendada, de Salario Mínimo, Vacaciones y Enfermedad; la Ley Núm. 148 del 30 de junio de 1969, que otorga a los empleados privados el Bono de Navidad; la Ley 427-2000 que dispone el período de lactancia y protege los derechos de las madres lactantes; la Ley Núm. 74 de 21 de junio de 1956, según enmendada, Ley de Seguridad en el Empleo; la Ley Núm. 45 de 18 de abril de

1935, según enmendada, que provee para la Compensación por Accidentes del Trabajo; la Ley Núm. 139 de 26 de junio de 1968, que dispone Beneficios por Incapacidad Temporal; la Ley 16-2017 de Igualdad Salarial; la Ley Núm. 3 de 13 de marzo de 1942, según enmendada, que protege a las Madres Obreras; la Ley Núm. 17 de 22 de abril de 1988, según enmendada, que prohíbe el Hostigamiento Sexual; la Ley 24 -2002 que establece una Licencia Deportiva; la Ley 27-2005 sobre Salario Mínimo de Enfermería; la Ley Núm. 44 de 2 de julio de 1985, según enmendada, que prohíbe el discrimen contra Personas Impedidas; la Ley Núm. 69 de 6 de julio de 1985, según enmendada, que protege contra el discrimen por Razón de Sexo; la Ley Núm. 112 de 13 de julio de 1985, según enmendada, que regula la contratación de menores; la Ley 115-1991, que protege al empleado contra las represalias por parte de su patrono; la Ley Núm. 122 de 12 de julio de 1986, según enmendada, que protege a empleados llamados a servir como testigos; Ley 161-2002, para el Fomento de Empleos; Ley Núm. 230 de 12 de mayo de 1942, según enmendada que dispone regulación para el empleo de menores; la Ley Núm. 130 de 8 de mayo de 1945, según enmendada, que reconoce los derechos de los empleados a organizarse; la Ley 281-2003, que protege a los empleados llamados a servir como jurado, entre otras leyes y regulaciones que protegen a nuestro trabajador.

Tampoco se afectará ninguna otra ley o regulación, local o federal, que protejan los derechos de los empleados. *Además, se crea un fondo para compensar al empleado afectado por las modificaciones contenidas en esta Ley para convertir a Puerto Rico en una jurisdicción de empleo a voluntad como 49 de los 50 estados de la Nación.*

## DECRÉTASE POR LA ASAMBLEA LEGISLATIVA DE PUERTO RICO:

1    ~~Artículo 1.- La Ley Núm. 80 de 30 de mayo de 1976, según enmendada,~~

2    ~~permanecerá vigente a los fines de proteger a todos los empleados y los patronos que, al~~

3    ~~momento de la aprobación de esta Ley, están protegidos por todas sus disposiciones.~~

4    ~~Toda persona natural o jurídica que pueda reclamar derechos o remedios al amparo de~~

5    ~~este Artículo, mantendrá esos derechos inalterados.~~

6

1    *Artículo 1.-Título.*

2    *Esta Ley se conocerá y podrá ser citada como "Fondo de Compensación por Despido*

3    *Injustificado y Reingreso al Ámbito Laboral".*

4        Artículo 2.~~Nuevo estado de Derecho.~~ *Nuevo estado de Derecho y Declaración de*

5    *Política Pública.*

6        *Es la política pública del Gobierno de Puerto Rico fortalecer el sector privado de nuestra*

7    *economía y fomentar su máximo desarrollo. Para lograr estos propósitos necesitamos aumentar*

8    *la inversión de capital en nuestras industrias, fomentar el desarrollo de una vigorosa industria de*

9    *servicios y un vibrante intercambio de bienes. Además, necesitamos fomentar la creación de*

10   *empleos bien remunerados y que se aumente la cantidad total de plazas de trabajo disponibles en*

11   *el sector privado. Todo lo anterior, en conjunto con una política pública estatal dirigida a*

12   *fomentar el emprendimiento y creación de oportunidades de negocios permitirán a Puerto Rico*

13   *insertarse con pie firme en la modernidad del Siglo XXI. Para lograr esto, necesitamos*

14   *reformular cómo se terminan los contratos de empleo en nuestro archipiélago y lograr una ayuda*

15   *gubernamental para que aquellos que pierdan su empleo tengan una verdadera segunda*

16   *oportunidad de desarrollar sus talentos y habilidades, mientras logran el sustento que sus*

17   *familias necesitan, así como el desarrollo de capital personal. El objetivo específico de esta Ley es*

18   *y será promover un mecanismo de justicia social y de desarrollo económico que, a la misma vez,*

19   *permita la reinversión de nuestros recursos en la fuerza trabajadora. Reafirmamos la aplicación*

20   *inalterada de todos aquellos derechos laborales establecidos y legislados con anterioridad a esta*

21   *Ley. Ningún patrono podrá incumplir con los derechos laborales que hoy reafirmamos, de*

22   *conformidad con el ordenamiento jurídico vigente.*

1    *Esta Ley también se aprueba para garantizar la asignación de veinticinco millones dólares*

2    *($25,000,000) para becas a estudiantes de la Universidad de Puerto Rico, la asignación de*

3    *ciencuenta millones de dólares ($50,000,000) anuales para desarrollo económico de los*

4    *municipios, así como la asignación de trescientos cuarenta y cinco millones de dólares*

5    *($345,000,000) en un fondo multianual de cinco (5) años de vigencia, cual cantidad incluye cien*

6    *millones de dólares ($100,000,000) del Fondo de Compensación creado por esta Ley, para varias*

7    *medidas de desarrollo económico y para la implementación de reformas según solicitado por el*

8    *Gobierno de Puerto Rico a la Junta de Supervisión Fiscal.*

9    A partir del 1 de enero de 2019 ~~la aprobación de la presente Ley~~, *un empleado a*

10   *término indefinido no tendrá una causa de acción en contra de su patrono meramente porque el*

11   *patrono de por terminada la relación de empleo, más allá de la asistencia contenida en esta Ley y*

12   *sus excepciones por el periodo aplicable.*~~todo empleado de nuevo reclutamiento y todo~~

13   ~~patrono que reclute a nuevos empleados no estarán sujetos a las disposiciones de la Ley~~

14   ~~80 de 30 de mayo de 1976, según enmendada.~~  No obstante, todo empleado despedido

15   de su empleo continuará protegido por todas las demás causas de acción que surjan de

16   la Constitución de los Estados Unidos, la Constitución de Puerto Rico y de las leyes y

17   reglamentos estatales o federales aplicables.

18        Para fines de este Artículo el término "empleado" significará toda persona

19   natural que trabaje para un patrono y que reciba compensación por sus servicios.  No

20   incluye a contratistas independientes y tampoco a empleados gubernamentales o

21   municipales. El término "patrono" significará toda persona natural o jurídica que

22   emplee o permita trabajar a cualquier empleado mediante compensación. No incluye al

8

1  Gobierno de Puerto Rico, sus tres ramas, sus departamentos, agencias,

2  instrumentalidades, corporaciones públicas, y tampoco a los gobiernos municipales, sus

3  instrumentalidades o corporaciones municipales.

4  *Con esta Ley, la Asamblea Legislativa únicamente está eliminando la causa de acción*

5  *contra el patrono por despido injustificado al amparo de la Ley Núm. 80, supra. A tales efectos,*

6  *reafirmamos la aplicación inalterada de todos aquellos derechos laborales establecidos y legislados*

7  *con anterioridad a esta Ley. Ningún patrono podrá incumplir con ninguno de estos derechos*

8  *laborales que hoy reafirmamos.*

9  ~~Artículo 3. Reafirmación de la política pública.~~

10  ~~Con esta Ley, la Asamblea Legislativa únicamente está eliminando la causa de~~

11  ~~acción por despido injustificado prospectivamente. A tales efectos, reafirmamos la~~

12  ~~aplicación inalterada de todos aquellos derechos laborales establecidos y legislados con~~

13  ~~anterioridad a esta Ley. Ningún patrono podrá incumplir con ninguno de estos~~

14  ~~derechos laborales que hoy reafirmamos.~~

15  ~~Artículo 4. Disposiciones transitorias.~~

16  ~~Las disposiciones de esta Ley y sus efectos no serán de aplicación a aquellas~~

17  ~~personas cuyo empleo haya terminado previo a la vigencia de la misma. Las~~

18  ~~disposiciones de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, y el término~~

19  ~~prescriptivo allí dispuesto, continuarán siendo de aplicación a toda separación~~

20  ~~injustificada de empleo realizada previo a la vigencia de esta Ley. Por tanto, ningún~~

21  ~~patrono podrá utilizar como subterfugio la aplicación de la presente Ley, con el fin de~~

22  ~~afectar derechos adquiridos por los empleados cobijados por la Ley 80, *supra*, previo a la~~

1   ~~vigencia de la presente Ley. Los tribunales vendrán obligados a aplicar las disposiciones~~

2   ~~de la Ley Núm. 80, *supra*, en todo procedimiento pendiente y a las causas de acción que~~

3   ~~se configuren antes de la vigencia de esta Ley.~~

4   *Artículo 3- Creación del Fondo.*

5   *Se crea el "Fondo de Compensación por Despido Injustificado y Reingreso al Ámbito Laboral*

6   *(en adelante "Fondo de Compensación") de hasta cien millones de dólares ($100,000,000). Este*

7   *Fondo de Compensación se nutrirá de aportaciones especiales del Gobierno de Puerto Rico, según*

8   *se dispone más adelante, para los trabajadores despedidos a voluntad del patrono o por una de las*

9   *causas adelante detalladas. El Fondo de Compensación estará disponible para aquellas personas*

10  *cuyo empleo haya terminado en o antes del 1 de enero de 2021 si el empleado tiene 15 años o*

11  *menos en el empleo del cual es despedido. En cuanto a los empleados que tengan más de 15 años*

12  *en el empleo de cual es despedido, será de aplicación lo dispuesto en el Artículo 12 de esta Ley.*

13  *Artículo 4.- Aportación del Gobierno de Puerto Rico.*

14  *El Gobierno asignará en el presupuesto correspondiente al año fiscal 2018-19 una cantidad*

15  *de veinticinco millones de dólares ($25,000,000) para el Fondo de Compensación.  La cantidad*

16  *restante de hasta setenta y cinco millones de dólares ($75,000,000) se hará mediante asignaciones*

17  *adicionales a consignarse en el presupuesto del Gobierno de Puerto Rico para los años fiscales*

18  *2019-2020 y 2020-2021.*

19  *El Fondo de Compensación será una medida transitoria y comenzará el 1 de enero de 2019 y*

20  *finalizará el 1 de enero de 2021. Este dinero será redistribuido de las partidas de reinversión en*

21  *desarrollo económico e infraestructura incluidas en el Plan Fiscal Enmendado de 30 de mayo de*

22  *2018.*

1    *Artículo 5. Administración y composición del Fondo de Compensación por Despido*

2    *Injustificado y Reingreso al Ámbito Laboral*

3    *El Fondo de Compensación será administrado por el Departamento del Trabajo y Recursos*

4    *Humanos, de conformidad con las disposiciones de esta Ley y la reglamentación que se adopte*

5    *para tales fines.*

6    *Artículo 6.-Uso del Fondo de Compensación*

7    *Los desembolsos permitidos sobre el Fondo de Compensación comenzarán a ocurrir a partir*

8    *del 1 de enero de 2019 para empleados despedidos con menos de quince (15) años contados de*

9    *forma consecutiva en su empleo de conformidad con el Artículo 10 de esta Ley.*

10    *El fondo será usado únicamente para:*

11    a)   *Proveer una compensación directa al trabajador despedido y a su familia, por un máximo*

12         *total de cinco mil dólares ($5,000) independientemente de cualquier otro derecho o*

13         *beneficio que le corresponda como trabajador desplazado; y*

14    b)   *Proveer un vale, "voucher" o crédito contributivo, o una combinación de éstos, de cuatro*

15         *mil quinientos dólares ($4,500.00) al patrono contratante para subsidiar su salario en el*

16         *primer año de un nuevo empleo, y así fortalecer y acelerar sus gestiones en la búsqueda de*

17         *trabajo.*

18    *Artículo 7.- Propósitos de la Compensación*

19    *Los pagos del Fondo de Compensación provistos por esta Ley se harán hasta un máximo total*

20    *de cinco mil dólares ($5,000.00), por persona, y se realizarán mensualmente por parte del*

21    *Departamento del Trabajo y Recursos Humanos, equivalente los mismos a la compensación por*

22    *hora trabajada inmediatamente antes del despido y mientras el trabajador permanezca*

1    *desempleado. El vale, "voucher" o crédito antes dispuesto deberá ser entregado por el*

2    *Departamento del Trabajo y Recursos Humanos al trabajador desplazado elegible y protegido por*

3    *esta Ley no más tarde de los veinte (20) días calendario, contados a partir de la fecha en que éste*

4    *cumpla con la presentación de las certificaciones dispuestas en esta Ley. Dicho vale, "voucher" o*

5    *crédito será entregado por el empleado a su nuevo patrono al comenzar su nuevo empleo.*

6    *No obstante lo anterior, solo podrá reclamarse una compensación por persona por el periodo*

7    *de vigencia de la presente Ley, ya sea bajo la compensación directa al empleado despedido o para*

8    *el subsidio de su salario en el primer año de su nuevo trabajo.*

9    *Artículo 8.- Requisitos de elegibilidad*

10   *Para poder ser elegible para la asistencia del Fondo de Compensación, el empleado deberá*

11   *tener un empleo elegible con fecha anterior a la aprobación de esta Ley y haber sido despedido*

12   *durante el periodo de vigencia del Fondo de Compensación bajo los casos enumerados en el*

13   *Artículo 10 de esta Ley.*

14   *Artículo 9. Derechos de los Empleados.*

15   *Las disposiciones de esta ley en nada impedirán, ni podrán ser interpretadas en el sentido de*

16   *impedir que cada trabajador pueda solicitar los beneficios de cualquier otra ley, estatal o federal,*

17   *ni impedirán la presentación de pleitos o reclamaciones administrativas producto de actuaciones*

18   *discriminatorias o criminales por parte de los patronos. Esta Ley no impedirá que persona alguna*

19   *pueda recibir los beneficios de asistencia social y económica por parte del Gobierno de Puerto*

20   *Rico.*

21   *Artículo 10.- Casos de elegibilidad.*

12

1   *Para propósitos del Fondo de Compensación de esta Ley, un trabajador podrá beneficiarse del*

2   *mismo: (1) si el despido ocurre por voluntad exclusiva del patrono sin mediar culpa del*

3   *trabajador; o (2) si el despido responde a:*

4      a)   *Cierre total, temporero o parcial de las operaciones del patrono.*

5      b)   *Los cambios tecnológicos o de reorganización, así como los de estilo, de diseño o de*

6         *naturaleza del producto que se produce o maneja por el establecimiento y los cambios en*

7         *los servicios rendidos al público.*

8      c)   *Reducciones en empleo que se hacen necesarias debido a una reducción en el volumen de*

9         *producción, ventas o ganancias, anticipadas o que prevalecen al ocurrir el despido o con el*

10         *propósito de aumentar la competitividad o productividad del establecimiento.*

11   *Artículo 11.-Obligación de los patronos y sanciones penales.*

12   *Todo patrono tendrá la obligación de cooperar con el Departamento del Trabajo para poner en*

13   *vigor las disposiciones de la presente Ley y cualquier reglamento aplicable. De incumplir esta*

14   *obligación, el patrono tendrá que reembolsar cualquier gasto incurrido con cargo al Fondo de*

15   *Compensación.*

16   *Cada patrono contratante tendrá la obligación de reembolsar al Fondo de Compensación la*

17   *siguiente porción de cada vale o "voucher" que se obtenga producto de un trabajador*

18   *anteriormente desplazado contratado por un patrono que recibió el mismo de acuerdo a los*

19   *tiempos de empleo, si despidiera el empleado anteriormente desplazado, según se establece a*

20   *continuación:*

21      a.   *0 a 3 meses de empleo- ochenta por ciento (80%) de reembolso*

22      b.   *4 a 6 meses de empleo- sesenta por ciento (60%) de reembolso*

13

1    c.   *7 a 9 meses de empleo- cuarenta por ciento (40%) de reembolso*

2    d.   *10 a 12 meses de empleo- veinte por ciento (20%) de reembolso.*

3    *El Departamento del Trabajo y Recursos Humanos establecerá por reglamento el*

4    *procedimiento para la devolución del dinero.*

5    *Cualquier patrono o empleado que, a propósito, intente defraudar o cometa fraude para*

6    *beneficiarse de mala fe de las disposiciones de esta Ley incurrirá en delito menos grave y convicto*

7    *que fuere tendrá que restituir cuatro (4) veces la cantidad desembolsada por el Gobierno. En el*

8    *caso de los patronos, esta disposición aplicará aún si se utiliza una entidad relacionada o*

9    *cualquier subterfugio corporativo para intentar defraudar o cometer el fraude.*

10    *Artículo 12.- Disposiciones Transitorias*

11    *A partir del 1 de enero de 2019, las disposiciones de esta Ley  no serán de aplicación a*

12    *aquellas personas cuyo empleo haya terminado en o antes del 30 de junio de 2021 si el empleado*

13    *tiene 15 años o más en el empleo del cual es despedido, de forma consecutiva con el mismo*

14    *patrono. Solo en estos casos, las disposiciones de la Ley Núm. 80 de 30 de mayo de 1976, según*

15    *enmendada, y el término prescriptivo allí dispuesto, continuarán siendo de aplicación a toda*

16    *separación injustificada en esas circunstancias y término. Por tanto, ningún patrono podrá*

17    *utilizar como subterfugio la aplicación de la presente Ley, con el fin de afectar a los empleados*

18    *cobijados por la Ley Núm. 80, supra, de conformidad con este artículo. Los tribunales y foros*

19    *administrativos vendrán obligados a aplicar las disposiciones de la Ley Núm. 80, supra, en todo*

20    *procedimiento pendiente y a las causas de acción que se configuren en el término y solo en los*

21    *casos descritos en este artículo.*

22    *Artículo 13. Reglamentación.*

14

1    El Departamento del Trabajo y Recursos Humanos establecerá por reglamento las normas

2    administrativas que entienda necesarias para poder cumplir con los propósitos de esta ley, en un

3    término no mayor de treinta (30) días calendario, contados a partir de la aprobación de esta Ley.

4    El Departamento de Hacienda emitirá las normas administrativas necesarias para poder cumplir

5    con los propósitos de esta Ley, en un término no mayor de treinta (30) días, contados a partir de

6    la aprobación de esta Ley.

7        Ninguna de las normas o reglas aprobadas en virtud de la presente Ley tendrán que cumplir

8    con las disposiciones de la Ley 38-2017, conocida como "Ley de Procedimiento Administrativo

9    Uniforme de Puerto Rico."

10    Artículo 14. Clasificación del Fondo.

11    Este Fondo Especial no podrá ser usado para el pago de ninguna obligación del gobierno, sus

12    municipios, corporaciones públicas, excepto según se dispone en la presente Ley.

13    Artículo 15. Depósitos por parte del Departamento de Hacienda

14    Se ordena al secretario del Departamento de Hacienda a realizar los depósitos necesarios para

15    cumplir con los propósitos de esta Ley de conformidad con lo siguiente:

16    a. En el caso del depósito inicial, se hará en un periodo que no excederá los treinta (30) días

17        naturales, contados a partir de la aprobación de esta Ley

18    b. En el caso de depósitos subsiguientes, serán hechos en un periodo que no excederá los

19        treinta (30) días naturales, contados a partir de la entrada en vigor del presupuesto

20        general del año fiscal en que se trate.

21    Artículo 16.-Sobrante del fondo.

1    *Al finalizar el año natural 2020, cualquier dinero sobrante del Fondo de Compensación será*

2    *distribuido a la Universidad de Puerto Rico para su programa de becas. Dicho sobrante tendrá*

3    *que ser transferido a la Universidad de Puerto Rico en o antes del 1 de febrero de 2021.*

4    *Artículo 17.-Cláusula de Supremacía.*

5    *Las disposiciones de esta Ley prevalecerán sobre cualquier disposición de otra ley que*

6    *contenga disposiciones en contrario. Todas las leyes del Gobierno de Puerto Rico tendrán que ser*

7    *interpretadas para armonizar sus sentidos, con la política pública que establece la presente y con*

8    *su objetivo específico de proveer para trabajadores desplazados y sus familias.*

9    *Artículo 18.- Separabilidad.*

10   *Si cualquier parte de esta ley es declarada inconstitucional por un tribunal con jurisdicción y*

11   *competencia, ninguna de las demás partes de esta ley no comprendidas en tal declaración será*

12   *invalidada o declarada nula, y mantendrá toda su fuerza y vigencia.*

13   Artículo 5̶-*19*.-Vigencia.

14   Esta Ley comenzará a regir inmediatamente *después de su aprobación. No obstante,*

15   *todas las disposiciones de esta Ley quedarán sin efecto si la Junta de Supervisión Fiscal incumple*

16   *con asignar en los próximos presupuestos las partidas acordadas con el Gobierno de Puerto Rico:*

17   *los fondos para el pago del bono de Navidad de los empleados públicos; el fondo de veinticinco*

18   *millones de dólares ($25,000,000) para becas a estudiantes de la Universidad de Puerto Rico; la*

19   *asignación de ciencuenta millones de dólares ($50,000,000) anuales para desarrollo económico de*

20   *los municipios; y la asignación de trescientos cuarenta y cinco millones de dólares*

21   *($345,000,000) en un fondo multianual de cinco (5) años de vigencia.*