*English Translation*

## GOVERNMENT OF PUERTO RICO

18th Legislative Assembly                                3d Ordinary Session

_____

# ___ Bill

__ APRIL, 2017

Submitted by _____

Referred to _____

## LAW

To enact the "*Labor Reform Law of 2018*", in order to amend Article 2 of Law No. 180-1998, as amended; repeal Law No. 148 of June 30, 1969, as amended; repeal any mandatory decree approved before the effective date of this law; repeal Article 5; amend Article 6(a) and renumber it as Article 5; renumber Article 7 as Article 6; renumber Article 8 as Article 7; renumber Article 9 as Article 8; renumber Article 10 as Article 9; renumber Article 11 as Article 10; renumber Article 12 as Article 11; renumber Article 13 as Article 12 of Law No. 180-1998; repeal Law No. 80 of May 30, 1976, as amended; amend Articles 2(a) and 2(b) of Law No. 115-1991, as amended; and for other related purposes.

### STATEMENT OF INTENT

By approving the *Transformation and Flexibility Law*, Law No. 4-2017, this Administration acknowledged the urgent need to establish a clear and consistent public policy, aimed at transforming Puerto Rico into an attractive jurisdiction to establish businesses that create employment opportunities; to foster employment growth in the private sector; and to move more individuals from the informal to the formal labor market. In order to attain these objectives, we made a commitment to institute a series of structural measures to improve existing labor rules. This new vision of flexible employment regulations, as well as other measures, will allow businesses to grow and prosper resulting in increased and improved employment opportunities for our residents.

The Statement of Intent of the *Transformation and Flexibility Law* describes the reasons why changes in labor regulations are essential to transform Puerto Rico into a more competitive and attractive jurisdiction in order to entice and retain the type of investment that will create employment in our island.

By increasing the employment participation rate in Puerto Rico, the income of our labor force will increase, poverty levels will decrease, and government revenues will increase. Unless Puerto Rico's employment participation rate is substantially increased, the income of our people will always remain significantly below the income prevailing in the continental states and Puerto Ricans will continue to seek employment elsewhere and leave Puerto Rico.

On April 19, 2018, the Financial Oversight and Management Board for Puerto Rico, created under the Puerto Rico Oversight, Management and Economic Stability Act of 2016 ("PROMESA"), certified a fiscal plan for the Government of Puerto Rico that covers fiscal year 2018 through fiscal year 2023 (the "New Fiscal Plan"). An integral component of the New Fiscal Plan is the adoption of certain reforms related to our labor laws, the establishment of a local Earned Income Tax Credit (EITC), and the creation of certain work requirements and work bonuses for the participants in the Nutritional Assistance Program (PAN). The New Fiscal Plan projects that the adoption of the certain reforms related to our labor laws would generate a positive impact of $330 million in additional revenues collected by the government over the period covered by the New Fiscal Plan. Pursuant to the New Fiscal Plan, these projected revenue increases are conditioned on the enactment of these certain labor law reforms no later than May 31, 2018. Consequently, the implementation of said labor law reforms shall have an immediate impact on the economy's growth, thus improving government finances and the government's ability to appropriate such funds for essential healthcare and higher education programs.

After little over a year of the approval of the *Transformation and Flexibility Law*, a review of the impact of said legislation shows the need to make deeper structural measures in order to have our current regulatory system resemble the regulatory system prevailing in the continental states.

The time has come to acknowledge that Puerto Rico's competitiveness has been undermined by the cumulative effect of decades of employment legislation that is significantly different from the regulatory system prevailing in the continental states. Improving our competitiveness and ability to attract and retain more and better jobs is urgent for the island's wellbeing.

There is reasonable basis to conclude that imposing mandatory fringe benefits without considering the productivity of the employee or the situation of the entity paying the benefits stifles salaries; reduces personnel recruitment and negatively impacts a country's employment levels. Relaxing the economic burden of such fringe

benefits translates into increased compensation, increased production and allows benefits to be granted according to the particular circumstances of each business. This is precisely the approach followed in the regulatory systems prevailing in the jurisdictions to which thousands of Puerto Ricans migrate every year.

On the other hand, it must be recognized that the labor regime applicable in the continental states to the private sector has remained consistent on the principle that, except for reasons prohibited by law, the hiring and employment tenure should not be subject to government control through employment termination laws. The *Employment-At-Will* system has been widely examined. Such system ensures that employment is based on productivity and good conduct and prevents any undue government intervention in critical business decisions.

The prevailing experience in the continental states clearly shows that the existence of an "at will" employment rule does not produce employer conduct that is detrimental to the wellbeing of the workers. However, the existence of legislation such as Law No. 80 of May 30, 1976, as amended, in fact increases the economic risks faced by the employers for every dismissal decision taken. The evidence available fails to support the conclusion that the repeal of Law No. 80 and the establishment of the regulatory system prevailing in the states will result in a deterioration of local working conditions. On the other hand, keeping Law No. 80 in effect will maintain Puerto Rico as a less attractive jurisdiction, restrict employers in a very important aspect of the management of their businesses and continue to reduce employment opportunities.

Consistent with the new labor policy that supports the *Transformation and Flexibility Law*, these measures continue the process of adjusting some aspects of our employment laws in order to stimulate economic growth and create more employment opportunities.

*IT IS DECREED BY THE LEGISLATIVE ASSEMBLY OF PUERTO RICO:*

1           Chapter I.   Title.-

2     Article 1.1- This Law shall be named "Labor Reform Law of 2018."

3           Chapter II.   Minimum Wage-

4     Article 2.1- Article 2 of Law No. 180-1998, as amended, is amended to read as

5     follows:

6     "Article 2.-

The federal minimum wage set by the Fair Labor Standards Act, approved by the United States Congress on June 25, 1938, as amended, or as subsequently amended, shall automatically apply to the Puerto Rico workers covered by said federal law.

*Notwithstanding, effective January first of the year following the effective date of the repeal of Law No. 148 of June 30, 1969, as amended, the employer covered by this law shall pay any employee of twenty-five (25) years of age or more a minimum wage of no less than seven dollars and fifty cents ($7.50) per hour, unless the applicable federal minimum wage is higher or the employee is totally or partially exempt from the federal minimum wage provisions.*

*Suject to the conditions and limitations of this Article, the minimum wage for the covered employees shall increase to seven dollars and seventy five cents ($7.75 ) once the labor participation rate in Puerto Rico exceeds forty five percent (45%); to eight dollars ($8.00) once the labor participation rate in Puerto Rico exceeds fifty percent (50%); and to eight dollars and twenty-five cents ($8.25) once the labor participation rate in Puerto Rico exceeds fifty five percent (55%). For purposes of this Article, the annual determination published by the U.S. Bureau of Labor Statistics shall be used to determine the labor participation rate in Puerto Rico, and the increase of the minimum wage shall be effective after ninety (90) days of its publication.*

*The small and medium-sized employers ("PyMEs"), as defininded by Law No. 120-2014, shall be subject only to the applicable federal minimum wage and not to the increases provided by this Article.*

When applying the federal minimum wage, the provisions of federal laws and regulations in connection with the manner in which the minimum wage is paid, the definition of working hours, employees and positions which are exempt of the minimum wage, and the definition of hours or time worked shall be adopted.

Chapter III. Voluntary Christmas Bonus.-

Article 3.1- Law No. 148 of June 30, 1969, as amended, is repealed effective September 30, 2018. Notwithstanding, the rights, obligations and limitations provided by said law shall apply to the bonus for year 2018.

Chapter IV. Vacation and Sick Leave.-

Article 4.1- Any mandatory decree approved before the effective date of this Law is repealed.

Article 4.2- Article 5 of Law No. 180-1998, as amended, is repealed.

Article 4.3- Article 6(a) and Article 5 of Law 180-1998, as amended, are amended and renumbered, respectively, to read as follows:

"Article 5.-Provisions on Vacation and Sick Leave.-

(a) All employees shall be entitled to a minimum accrual of vacation and sick leave by working at least one hundred and thirty (130) hours a month. The minimum monthly accrual for vacation leave *and sick leave* shall be *a proportional amount of seven (7) days per year for each benefit*. **[it shall be half (1/2) a day during the first year of service; three fourths (3/4) of a day after the first**

1 **year of service until five (5) years of service; one (1) day after five (5) years of**
2 **service until fifteen (15) years of service; and one and one fourth (1 ¼) of a day**
3 **after completing fifteen (15) years of service. The monthly minimum accrual**
4 **for sick leave shall be of one (1) day per month.]**
5 Notwithstanding, in the case of employers who are residents of Puerto
6 Rico with an amount of employees not exceeding twelve (12), the minimum
7 monthly accrual for vacation leave shall be of half (1/2) a day per month. This
8 exception is available to the employer while its amount of employee remains at
9 twelve (12) or less, and shall cease on the calendar year following the year in
10 which the employer's payroll is in excess of twelve (12) for twenty-six (26) weeks
11 or more in each of two (2) consecutive calendar years. **[The minimum monthly**
12 **accrual for sick leave for the employees of these employers shall be of one (1)**
13 **day for each month.]**
14 The use of vacation and sick leave shall be considered time worked for
15 purposes of accrual of said benefits.
16 Article 4.4- Article 7 of Law 180-1998, as amended, is renumerated as Article 6.
17 Article 4.5- Article 8 of Law 180-1998, as amended, is renumerated as Article 7.
18 Article 4.6- Article 9 of Law 180-1998, as amended, is renumerated as Article 8.
19 Article 4.7- Article 10 of Law 180-1998, as amended, is renumerated as Article 9.
20 Article 4.8- Article 11 of Law 180-1998, as amended, is renumerated as Article 10.
21 Article 4.9- Article 12 of Law 180-1998, as amended, is renumerated as Article 11.
22 Article 4.10- Article 13 of Law 180-1998, as amended, is renumerated as Article 12.

Chapter V. Employment at Will.-

Article 5.1- Law No. 80 of May 30, 1976, as amended, is repealed effective January 1, 2019. Notwithstanding, the rights, obligations and limitations under said law shall continue to apply for dismissals occurring before the effective date of its repeal.

Article 5.2- The repeal of Law No. 80 of May 30, 1976, as amended, shall not affect any rights to which the employee was entitled before the approval of this law; to obtain a relief for damages from tortious actions by the employer unrelated to the mere termination of employment or the employment contract; to any additional relief provided by special laws and those granted for a dismissal with the main purpose and intent to violate clear public policy by the State or any applicable constitutional right of the employee. By repealing Law No. 80 of May 30, 1976, as amended, a legal standard is established allowing the employee or the employer to terminate at will, without incurring is civil liability, any employment contract of indefinite duration.

Chapter VI. Retaliation.-

Article 6.1- Articles 2(a) and 2(b) of Law No. 115-1991, as amended, are amended to read as follows:

"Article 2. —

(a) No employer shall dismiss, threat or discriminate against an employee in relation to the terms, conditions, compensation, location, benefits or privileges of employment because the employee offers or attempts to offer, verbally or in writing, any testimony, statement or information before a legislative, administrative or judicial forum in Puerto Rico, as well as testimony, statements

1 or information offered or attempt to offer, through internal proceedings
2 established by the company, or before any employee or representative in a
3 position of authority, *alleging the employer violated any employment law*, provided
4 such statements are not difamatory in nature and do not disclose privileged
5 information as defined by law.

6 (b) Any person alleging a violation of this law may file a civil action against the
7 employer within **[three (3) years]** *one (1) year* from the date in which the violation
8 occurred, to request compensation for real damages suffered, and mental
9 anguish, reinstatement to the employment, back pay, benefits and attorneys' fees.
10 **[The employer's liability in connection with the damages and the back pay**
11 **shall be double the amount awarded for the violation of the provisions of this**
12 **law.]** *The employer's liability in connection with the violations of this law shall be*
13 *determined on the basis of the provisions of Articles 6.1 and 6.2 of Law No. 4-2017.*

14 **Chapter VII. Final Provisions.-**

15 Article 7.1.- Severability.-

16 If any clause, paragraph, subparagraph, sentence, word, letter, article, provision,
17 section, subsection, title, chapter, subchapter, heading or part of this law is annulled or
18 declared unconstitutional, the resolution, ruling or judgment issued to that effect shall
19 not affect, prejudice or invalidate the remaining parts of this law. The effect of such a
20 judgment shall be limited to the clause, paragraph, subparagraph, sentence, word,
21 letter, article, provision, section, subsection, title, chapter, subchapter, heading or part of
22 the same that is annulled or declared unconstitutional. If the application to a person or

1 circumstance of any clause, paragraph, subparagraph, sentence, word, letter, article,
2 provision, section, subsection, title, chapter, subchapter, heading or part of this law is
3 invalidated or declared unconstitutional, the resolution, ruling or judgment issued to
4 that effect shall not affect or invalidate the application of the remainder of this law to
5 those persons or circumstances to which it may be validly applied.  It is the express and
6 unequivocal will of this Legislative Assembly that the courts enforce its provisions and
7 that this law be applied as widely as possible, even if some of its parts are declared
8 ineffective, null, invalid, prejudicial or unconstitutional, or even if its application to any
9 person or circumstances is declared ineffective, invalid or unconstitutional.  The
10 Legislative Assembly would have approved this law regardless of the severability
11 determination that a court may issue.
12 Article 7.2.- Effective date.-
13 This law shall be effective immediately after its approval.