| | |
|---|---|
| **From:** | Sushon, Bill <wsushon@omm.com> |
| **Sent:** | Monday, July 2, 2018 2:26 PM |
| **To:** | Gray, Bradley R.; Hoplamazian, Garo; Friedman, Peter |
| **Cc:** | lucdespins@paulhastings.com; Cooper, Samuel W.; Raiford, Landon S.; Pelanek, Laura E.; Holleb Hotaling, Keri L.; Steege, Catherine L.; Farrington.Yates@kobrekim.com; John.Couriel@kobrekim.com; Stephanie.Hauser@kobrekim.com |
| **Subject:** | RE: Committee Questions re. GDB Productions |

Brad – thanks for your e-mail. As you know, the Court contemplated that the Committees would first receive and review the Investigator's report and the underlying documents before beginning the process of determining whether and to what extent any supplemental discovery under Rule 2004 may be appropriate. *See* June 18, 2018 Hr'g Tr. At 40:25–41:8 ("[T]he way I generally envision this is that the Committees will be aware of the scope of the information that has been produced, that they would await the report . . . and that, at that point, if the Committees required additional document requests, they would need to justify it and, as I talked about last time, some sort of budget on it."). The Committees' questions seem aimed prematurely at assessing the adequacy of the investigation before the report has even been produced. In addition, several of your questions seek information about work the Investigator did, rather than what GDB collected and provided to the Investigator. Even if GDB and AAFAF had this information, we are under confidentiality obligations to the Investigator that would prohibit us from discussing the investigation with the Committees.

With these principles in mind, we can tell you the following. In response to the Investigator's request under PROMESA section 104(c)(2), AAFAF, as representative of GDB, made available to the Investigator on a read-only basis a Relativity database that contained custodial e-mails from 33 individuals. Those custodians are accurately identified in the Investigator's June 13, 2018 status report to Judge Dein. The files GDB provided included the entire set of available custodial e-mails for each custodian, without applying any filters or search terms.

The Investigator thereafter tagged for production individual documents it requested that GDB produce. AAFAF and GDB do not have independent knowledge of the search terms or other methods that the Investigator used to identify documents for production. AAFAF, acting as representative of GDB, then reviewed the requested documents for privilege and confidentiality and produced the requested documents. GDB did not withhold from the Investigator any requested documents. With the exception of privileged documents that have been listed on our categorical privilege log, the Committees have received all documents that AAFAF, as GDB's representative, produced to the Investigator.

There are outstanding requests from the Investigator for additional documents from GDB on which GDB and AAFAF are continuing to work. We will produce to the Committees any non-privileged GDB documents produced to the Investigator at the same time those documents are produced to the Investigator or shortly thereafter.

As for documents outside the Relativity database, PROMESA section 104(c)(2), subject to its terms, affords the Oversight Board access to any and all documents at GDB. The Investigator presumably determined what documents would aid the investigation and requested their production. Any non-privileged GDB documents produced to the Investigator have been provided to the Committees.

Bill

**O'Melveny**
**William J. Sushon**
wsushon@omm.com
O: +1-212-728-5693

1

O'Melveny & Myers LLP
7 Times Square
New York, NY  10036
Website | LinkedIn | Twitter

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Gray, Bradley R. <bradgray@paulhastings.com>
**Sent:** Saturday, June 30, 2018 10:15 AM
**To:** Sushon, Bill <wsushon@omm.com>; Hoplamazian, Garo <ghoplamazian@omm.com>; Friedman, Peter <pfriedman@omm.com>
**Cc:** lucdespins@paulhastings.com; Cooper, Samuel W. <samuelcooper@paulhastings.com>; Raiford, Landon S. <LRaiford@jenner.com>; Pelanek, Laura E. <LPelanek@jenner.com>; Holleb Hotaling, Keri L. <khotaling@jenner.com>; Steege, Catherine L. <CSteege@jenner.com>
**Subject:** Committee Questions re. GDB Productions

Bill—

We spoke with Kobre yesterday and reiterated our open questions regarding the extent of the GDB materials reviewed by the Investigator. Kobre indicated that we should ask these of your team. To that end, we and the Retirees have a few questions below:

- D&O policies and Board materials (including but not limited to agendas, minutes, presentations, and board books): Can you state whether these were requested by the Investigator? If so, were they formally produced or simply reviewed as part of the "read-only" process?

- Search terms related to Regulator communications: Ex. C to the June Status Report does not appear to include terms that would obtain communications about or with regulators, including the SEC or the Puerto Rican regulator. Were these communications between GDB and regulators otherwise targeted? If so, how?

- Types of Information made available: Were there types of documents that could have been available to the Investigator other than custodial emails (e.g., user created files, communication apps, mobile phone data (text messages, etc.))? Did the Investigator request such items? If not, are electronic files available? What is the retention policy of the same?

- Offering marketing materials: Can you state whether these materials, including all drafts and communications related to offerings, sales, marketing and roadshow materials for the offerings were requested?

- Bond Bible: Were the Bond Bibles references in PR-FOMB-000098887 requested? (The document begins at PR-FOMB-000098886.) If so, were they formally produced or reviewed as part of the "read-only" process?

- Extent of "read-only" review: We understand from the Investigator's draft exit plan that a Relativity database was established, and that database contained 1.3 million documents. Were those documents identified and narrowed using search terms from Kobre, or was it the full suite of documents collected from a list of custodians? If so, which custodians were used?

- Subsequent requests by Kobre for "produced" documents: We understand that approximately 7,500 documents were "produced" to Kobre. We would like to know the process through which these documents were produced, including the specific requests made by Kobre, any ultimate agreement on the scope of production, and whether any additional productions remain forthcoming. This information regarding the

materials collected by the Investigator remains critical to allowing the Committees to evaluate whether, and how, to move forward on any additional areas of inquiry.

We would be happy to speak over the weekend or on Monday about these issues if you're available.

Thanks,
Brad



**Brad Gray | Associate, Litigation Department**
Paul Hastings LLP | 600 Travis Street, Fifty-Eighth Floor, Houston, TX 77002 |
Direct: +1.713.860.7345 | Main: +1.713.860.7300 | Fax: +1.713.353.3318 |
bradleygray@paulhastings.com | www.paulhastings.com

******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received
this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
If you reply to this message, Paul Hastings may collect personal information including your name, business name
and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy
and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.