ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE PONCE
SALA SUPERIOR

| | |
|---|---|
| SUCN. SALVADOR EDUARDO MANDRY NONES, ET ALS<br>**Demandante**<br><br>Vs.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, ET ALS<br>**Demandados** | CIVIL NUM: J AC2008-0853<br><br>SALA 605<br><br>SOBRE:<br><br>EXPROPIACIÓN A LA INVERSA |

### ORDEN

Se ordena el desglose de la "Moción en Torno a Paralización", presentada el 12 de junio de 2017, se le apercibe al Sr. Javier E. Mandry Mercado que el presentar escritos por derecho propio podría considerarse un desacato a nuestra Orden del 5 de diciembre de 2016. En caso de ser encontrado incurso en desacato, este Tribunal podría condenarlo al pago de hasta $5,000 de multa ó hasta 6 meses de cárcel ó ambas penas, a discreción del Tribunal.

**NOTIFIQUESE.**

En Ponce, Puerto Rico, a 5 de diciembre de 2017.

FRANCISCO J. ROSADO COLOMER
JUEZ SUPERIOR

Núm. Identificador: ORD2017 00180400

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE PONCE**

| | |
|---|---|
| SALVADOR MANDRY NONES, et al. | CIVIL NÚM.: **J AC2008-0853** |
| Demandantes | Sala: **605** |
| v. | |
| ESTADO LIBRE ASOCIADO | |
| JAVIER MANDRY MERCADO | SOBRE: |
| Demandados | **EXPROPIACION FORZOSA** |

**MOCION EN TORNO A PARALIZACION**

**AL HONORABLE TRIBUNAL:**

**COMPARECE** el demandado, Javier Mandry Mercado, por propio derecho, y al Alego, Expongo y Solicito:

1. Se me ha comunicado que este Tribunal ha paralizado el caso debido a que el E.L.A. ha iniciado un proceso de quiebra. En su moción, la Lic. Betancourt citó varios casos, todos que estaban relacionados con la ejecución de una sentencia en contra del Estado.

2. Según tengo entendido, no es posible ejecutar una sentencia de un caso de expropiación a la inversa. Es más, hubo un caso relacionado a la Ley 227-2008 contra Finca Matilde, Inc., caso JAC2010-0574, llevada también por el benemérito Cesar Hernández Colon, que surge de una lista de deudores de la agencia. (Ver Anejo) La misma sigue acumulando intereses hasta sabrá cuando.

3. De por sí sostengo que el caso está basado en fraude al tribunal, debido a que la definición según surge de la ley 150-1988 era precisamente que fuera la Junta de Planificación quien debiera de tener la última palabra de cómo se define "reserva natural" para la Ley 227-2008. Lo que motivaron fue un taking categórico que violó la intención legislativa al aplicar la definición acomodaticia que le dieron los letrados en la estipulación de hechos. En ausencia de que el Tribunal de Apelaciones me conceda un remedio, no tendré otro remedio que, de solicitar la nulidad del pleito, mediante un pleito separado, o En su defecto, la prensa.

4. En cuanto a lo relacionado con la paralización, se sugiere que sea el ELA quien solicite mediante certificación al Tribunal Supremo de PR con ese asunto, especialmente cuando el Capítulo de Quiebras es uno relativamente nuevo. Como esto afecta muchos casos, entiendo yo que debiera de actuar con homogeneidad.

**POR TODO LO CUAL**, se suplica muy respetuosamente de este Honorable Tribunal tome conocimiento de lo antes expresado.

**RESPETUOSAMENTE SOMETIDO.**

En Ponce, Puerto Rico, a 12 de junio de 2017.

Por: _____
Javier Mandry Mercado
1326 Calle Salud Apt 101
Ponce, PR 00717

2

*Presupuesto Anual Agencia DRNA*

Senado de Puerto Rico
Memorial Explicativo
Presupuesto AF 2016-2017
Página 23

Las deudas por pagar al finalizar el Año Fiscal 2014-2015 se estimaron en $374,632 y al finalizar el Año Fiscal 2015-2016 se proyectan a $400,179. Esto representa un aumento de $25,547 en comparación con el año fiscal previo, equivalente a 6.82%.

P4.4 Enumere las sentencias finales en contra de su agencia/corporación, incluyendo cuantías y término para cumplir con las mismas.

TABLA P4.4.1 - INFORME DE DEMANDAS CON SENTENCIA PROYECTADO AL CIERRE DEL AF 2016

| NÚMERO DE CASO CIVIL | DEMANDANTE | DEMANDADO | EXPLICACIÓN | PRINCIPAL |
|---|---|---|---|---|
| JAC2010-0574 | FINCA MATILDE, INC. | ELA | EXPROPIACION INVERSA | $11,184,576 (CON INTERESES A PARTIR DEL 9 DE AGOSTO DE 2008 HASTA LA FECHA DE SU PAGO Y LAS COSTAS POR $9,503.53 CON INTERESES A PARTIR DEL 13 DE JUNIO DE 2014) |
| JDP2009-0248 | JESUS MALAVE SOTO | DRNA | DAÑOS Y PERJUICIOS | 2,015,000 |
| KPE1996-0256 | JUAN A. MERCED FLORES | DRNA | RECLAMACION DE SALARIOS | 2,000,000 |
| KEF1999-0595 | ELA | GENARO PAGAN | EXPROPIACION FORZOSA | 20,000 |
| KEF2008-0704 | ELA | FIDUCIARIOS DEL FIDEICOMISO | EXPROPIACION FORZOSA | 22,700 |
| NSCI20110585 | A-B LIMITED P. | DRNA | EXPROPIACION INVERSA | 500,000 |
| AST 001013 | ELA | GERALDO COLON MORALES | EXPROPIACION | 50,000 |
| KEF2007-154 | ELA | HERNAN FERRER ROSARIO | EXPROPIACION | 62,000 |
| KEF2007-0815 | ELA | HERNAN FERRER ROSARIO | EXPROPIACION | 60,500 |
| | | | PRINCIPAL | 15,914,776 |

De conformidad con lo dispuesto en Ley Núm. 66-2014, *Ley Especial de Sostenibilidad Fiscal y Operacional de Gobierno del Estado Libre Asociado de Puerto Rico*

PARTE 5: AHORROS GENERADOS

P5.1 Enumere cada una de las gestiones que su agencia ha realizado para cumplir con las disposiciones de la Ley Núm. 66-2014.

P.O. Box 366147 San Juan Puerto Rico 00936
Tel. 787.999.2200 Fax: 787.999.2303
www.drna.gobierno.pr



ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE PONCE
SALA SUPERIOR

| | |
|---|---|
| SALVADOR EDUARDO MANDRY NONES, ET ALS<br>**Demandantes**<br><br>Vs.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, ET ALS<br>**Demandado** | CIVIL NÚM.: J AC2008-0853<br><br>SALA: 605<br><br>SOBRE:<br><br>EXPROPIACIÓN INVERSA |

## SENTENCIA

El 22 de mayo de 2017 compareció el Departamento de Justicia del Gobierno de Puerto Rico en un escrito titulado "AVISO DE PARALIZACIÓN DE LOS PROCEDIMIENTOS POR VIRTUD DE LA PRESENTACIÓN DE LA PETICIÓN POR EL GOBIERNO DE PUERTO RICO BAJO EL TITULO III DE *PROMESA*" suscrito por la Lcda. Tanya García Ibarra y la Lcda. Marilyn Betancourt Jiménez. En dicho escrito, la parte hace referencia a la presentación de una petición de quiebras a nombre del *Gobierno de Puerto Rico* el 3 de mayo de 2017, en el caso *In re: Commonwealth of Puerto Rico*, case no. 17-1578, al amparo del Título III de la *"Puerto Rico Oversight, Management and Economic Stability Act"*, mejor conocida como la Ley PROMESA por sus siglas en inglés, 48 USC § 2101 et. seq. (Pub. Law 114-187), y se solicita la paralización de los procedimientos al amparo del *automatic stay* de las secciones 362(a) y 922(a) de la Ley Federal de Quiebras, 11 USC § 362(a) y § 922(a).

El 31 de mayo de 2017 concedimos a la parte demandante el término de 10 días para presentar su posición. El 2 de junio de 2016 la parte demandante presentó Moción en Cumplimiento de Orden allanándose a la paralización de los procedimientos e informando que una vez obtengan una determinación en la Corte de Quiebras darían constancia al Tribunal. Así las cosas, damos por sometido el asunto y procedemos a resolver.

El término "jurisdicción" significa el poder o autoridad de un tribunal para considerar y decidir casos o controversias. *ASG v. Mun. San Juan*, 168 DPR 337 (2006); *Rodríguez v. Overseas Military*, 160 DPR 270 (2003); *Roberts v. U.S.O. Council of P.R.*, 145 DPR 58 (1998); *Gearheart v. Haskell*, 87 DPR 57 (1963). Los

NÚMERO IDENTIFICADOR:SEN2017 38939

Case:17-03283-LTS Doc#:3475-1 Filed:07/06/18 Entered:07/10/18 17:22:51 Desc:
Appendix A-D Page 6 of 19
Case: 17-1921 Document: 00117256159 Page: 1 Date Filed: 02/14/2018 Entry ID: 6151028

Appendix B

# United States Court of Appeals
## For the First Circuit

No. 17-1921

JAVIER E. MANDRY-MERCADO; VANESSA LUGO-OBJIO,

Plaintiffs, Appellants,

v.

CONSEJO DE TITULARES CONDOMINIO EL SENORIAL; MANUEL ZENGOTITA, Former President of HOA; PEDRO GONZALEZ-RODRIGUEZ, Administrative Judge for the Department of Consumer Affairs; TRIPLE-S PROPERTY, INC.; ALEJANDRO GARCIA PADILLA, Governor of the Commonwealth of Puerto Rico; MARIA RODRIGUEZ-CINTRON, Registrar, Section Ponce 1,

Defendants, Appellees,

ANGEL VIDAL-CHERENA, President of the Homeowners Association; COMMONWEALTH OF PUERTO RICO; JOHN DOE; RICHARD ROE,

Defendants.

---

**ORDER OF COURT**

Entered: February 14, 2018
Pursuant to 1st Cir. R. 27.0(d)

This is an appeal from the dismissal of the amended complaint. On May 3, 2017, the Commonwealth of Puerto Rico filed a petition under Title III of PROMESA, 48 U.S.C. §§ 2161, et seq., for adjustment of its debts. Under section 2161(a), the bankruptcy stay provisions of 11 U.S.C. § 362 and 922 are incorporated into PROMESA. In light of the Commonwealth's PROMESA filing, we direct the parties to show cause within fourteen days of the date of this order whether the automatic stay applies to all or any part of this appeal. The parties are directed to state with specificity the reasoning behind their conclusion one way or the other.

By the Court:

/s/ Margaret Carter, Clerk

cc:
Javier E. Mandry-Mercado
Vanessa Lugo-Objio
Lemuel Negron-Colon
Francisco E. Colon-Ramirez
Luis R. Roman-Negron
Luis Jeronimo Lopez-Valdes
Juan J. Vilella-Janeiro

Appendix

No. 17-1921

---

UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

---

MANDRY-MERCADO, ET AL.,
Plaintiffs – Appellants

v.

CONSEJO DE TITULARES CONDO, ET AL.,
Defendants - Appellees.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

# MOTION IN COMPLIANCE AND RESPONSE TO ORDER TO SHOW CAUSE

**COME NOW,** Defendants-Appellees Hon. Pedro Gonzalez-Rodriguez in personal and official capacity, Hon. Alejandro Garcia Padilla[1] in official capacity and Hon. Maria Rodriguez Cintron in personal and official capacity, and respectfully avers and prays:

1. On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico ("FOMB"), on behalf of the Commonwealth of Puerto Rico ("the

---

[1] Pursuant to FRAP 43(c)(2), and after a change in government administration following the 2016 Puerto Rico general election, Defendant-Appellee Hon. Alejandro Garcia Padilla was automatically substituted, in his official capacity, by sitting Governor Hon. Ricardo Rosselló-Nevares.

Commonwealth"), filed a petition for relief under Title III of PROMESA, 48 U.S.C § 2161, *et seq.*, in the United States District Court for the District of Puerto Rico (the "Title III Case").

2. Thereafter, on June 29, 2017, the Hon. Laura Taylor Swain, U.S. District Judge, issued an Order titled *Order pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365 and 922 Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition Lawsuits, and (III) Application of Contract Protections* (the "Stay Order"). The Stay Order confirmed the application of the PROMESA automatic stay, pursuant to sections 362 and 922 of the Bankruptcy Code, to cases wherein either the Commonwealth or Commonwealth officers, in their official and/or personal capacities, are parties. *In re The Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico, et al.*, Bankruptcy Case No. 17-03283 (LTS), U.S. District Court for the District of Puerto Rico, ("*In re Commonwealth*"), Docket No. 543.

3. As per the District Court's order and section 362, the stay applies to halt all actions brought directly against the debtor - the Commonwealth its agencies and officers - including requests for injunctive relief. Stay Order, p. 2-3, ¶ 2, *In re Commonwealth*, Docket 543; see also *Newberry v. City of San Bernardino (In re City of San Bernardino)*, 558 B.R. 321, 329 (C.D. Cal. 2016).

2

4. Furthermore, regarding officers and inhabitants of the Debtors, as per the District Court's order and section 922, the automatic stay applies **"in all respects to the Debtors' officers in both their official and personal capacities** with respect to actions whereby parties pursuing such actions seek to enforce claims against any of the Debtors." Stay Order, p. 3-4, ¶ 5, *In re Commonwealth*, Docket 543. (Emphasis added).

5. Hence, under Bankruptcy Code sections 362 and 922, which are made applicable in the Title III Case pursuant to PROMESA Section 301(a), the commencement of the Title III Case operates as an automatic stay of actions against the Commonwealth and its officers, including, among other things: the commencement or continuation of a judicial, administrative, or other action or proceeding against the Commonwealth or against an officer or inhabitant of the Commonwealth that was or could have been commenced before the commencement of the Title III Case, or to recover a claim against the Commonwealth or against an officer or inhabitant of the Commonwealth that arose before the commencement of the Title III Case. Stay Order, *In re Commonwealth*, Docket 543.

6. The District Court retained jurisdiction "to hear and determine all matters arising from or related to the implementation, enforcement, or interpretation of this Order." Stay Order, p. 6, ¶ 15, *In re Commonwealth*, Docket 543.

7. In light of the Commonwealth's PROMESA filing, on February 14th, 2018 this Court ordered the parties to file simultaneous papers "to show cause within fourteen days of the date of this order whether the automatic stay applies to all or any part of this appeal."

8. Plaintiffs-Appellants assert claims directly against Commonwealth officers for injunctive and monetary relief for events that allegedly occurred before May 3rd, 2017. Civil Case No. 16-1314; Amended Complaint, Docket 45. Accordingly, Plaintiff-Appellants' claims for injunctive and monetary relief against defendants, including those against, Defendants-Appellees Hon. Maria Rodriguez Cintron, Property Registrar for the Commonwealth of Puerto Rico, in her personal and official capacity, against Hon. Pedro Gonzalez-Rodriguez, Administrative Judge for the Commonwealth of Puerto Rico, in his personal and official capacity, and against Hon. Alejandro García Padilla, Governor, in his official capacity, are before this Court on appeal and have been stayed by the Commonwealth's Title III petition. See *In re City of Stockton*, 484 B.R. 372, 378 (Bankr. E.D. Cal. 2012).

9. Claimants such as Plaintiff-Appellants are certainly not left without recourse, and may move the District Court for relief from the automatic stay. 11 U.S.C. § 362(d); Stay Order, p. 6, ¶ 15, *In re Commonwealth*, Bkr. No. 17-03283, Docket 543.

10. "The automatic stay is extremely broad in scope and, 'aside from the limited exceptions of subsection (b), applies to almost any type of formal or informal action taken against the debtor or the property of the estate.'" *Montalvo v. Autoridad de Acueductos y Alcantarillados (In re Montalvo)*, 537 B.R. 128, 140 (Bankr. D.P.R. 2015).

11. The encompassing breadth of the automatic stay has good reason, as it serves the cardinal purposes of bankruptcy and provides the debtor with a "breathing spell" essential to (a) the preservation of the debtor's property for the collective benefit of the creditors and (b) the debtor's ability to administer its case and engage in restructuring efforts without undue distraction or interference. See, e.g., *Unisys Corp. v. Dataware Prod.*, Inc., 848 F.2d 311, 313 (1st Cir. 1988) ("[T]he automatic stay gives the debtor a 'breathing spell from his creditors' and forestalls a 'race of diligence by creditors for the debtor's assets.'") (quoting *In re Mortgage America Corp.*, 714 F.2d 1266 (5th Cir. 1983)). In the case of *In re Commonwealth*, the unprecedented complexity, and sheer volume and amount of claims, makes the purpose of the automatic stay all the more crucial to the restructuring process, and compels all creditors to follow the uniform procedures set by Title III of PROMESA and the District Court's orders.

**WHEREFORE,** appearing Defendants-Appellees respectfully request that this Court take notice of the above, find Defendants-Appellees in compliance with the Court's order of February 14th, 2018, and issue an order staying this case.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 28th day of February, 2018.

*s/Luis R. Román-Negrón*
**LUIS R. ROMÁN-NEGRÓN**
Solicitor General

*s/Luis J. López Valdés*
**LUIS J. LÓPEZ VALDÉS**
Assistant Solicitor General

## CERTIFICATE OF FILING AND SERVICE

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

In San Juan, Puerto Rico this 28th day of February, 2018.

*s/ Luis J. López Valdés*
**LUIS J. LÓPEZ VALDÉS**
Acting Assistant Solicitor General
Department of Justice
P.O. Box 9020192
San Juan, P.R. 00902-0192
Tel. (787) 721-2900, Ext. 2034
Fax (787) 724-3380
llopez@justicia.pr.gov

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JAVIER MANDRY-MERCADO, et al. | CASE NO. 17-1921 |
| Plaintiff | |
| vs. | |
| CONSEJO DE TITULARES COND.. SENORIAL, et al. | |
| Defendants | |

PLAINTIFF'S RESPONSE TO THE COURT'S ORDER REGARDING AUTOMATIC STAY INSTANTER AND IN REQUEST FOR DECLARATORY RELIEF

I, JAVIER MANDRY-MERCADO, the petitioner, hereby declares and request that this Honorable Court would 1) Consider that the order has been complied to, and 2) Issue a Declaratory Mandamus Relief to resolve a novel issue in bankruptcy law.

Basis for Requests

1. On February 14, 2018, this Honorable Court issued an order pursuant to 1st Cir. R. 27.(d). Although there is a request pending to assign legal counsel because of a condition that prevents me to use my hands, or to type more than several sentences at a time, I am forcing myself to reply to the order regarding the automatic stay. Please excuse the tardiness, as it takes about 10 to 15 times the normal effort to type as it did before my spinal cord was permanently affected due to an injury.

1

2. The automatic stay's purpose is an automatic injunction that halts actions by creditors, with certain exceptions, to collect debts from a debtor who has declared bankruptcy. Under section 362 of the United States Bankruptcy Code, the stay begins at the moment the bankruptcy petition is filed, or when the debtor learns of the claim. The issue here is suggested to be the identification of the bankruptcy estate and identify the creditors as the bond funds. Per this Court's opinion in *Nelson, In re*, 994 F.2d 42 (C.A.1 (Mass.), 1993), citing *Martin-Trigona v. Champion Fed. Sav. & Loan Assoc.*, 892 F.2d 575, 577 (7th Cir.1989) "*The purpose of the automatic stay] is to protect the bankrupt's estate from being eaten away **by creditors' lawsuits** and seizures of property before the trustee has had the opportunity to marshal the estate's assets and distribute them equitably among the creditors.*"

3. Per this Court's order, it would seem to follow the same application of the standard bankruptcy, and not compatible to this instance where Commonwealth of Puerto Rico is the debtor, not the personal debts or requests of its citizens which comprise a separate entity from the state. § 502 and 541, all prepetition creditors' claims become estate liabilities. It is suggested that for the state bankruptcy, the "all" is ambiguous, and misleading as to the instant application.

4. The issue here is suggested to be that the debtor is a "state" and not a natural person nor a corporate entity. To apply the automatic stay to the instant claim is

2

suggested to be affecting hundreds of cases that **did not** involve the debtor and the creditor. This Plaintiff suggests that this issue is novel because the matter is a non-issue hen not involving state has ever been considered a debtor in any bankruptcy proceeding. This Plaintiff contends that there is an issue regarding performing an automatic stay on cases of citizens who did not cause, or even have within its control or capacity to create the debt of Puerto Rico. 11 USC 42 does not clarify the figure of debtor and creditor; Because personal debt can never affect the state's debt [using inverse analysis], to classify personal claim against the state could entail that state actors could use the automatic stay for improperly exacerbate an abuse of its citizens' substantive due process rights.

5. The PROMESA Act involves the Puerto Rican equivalent to Uncle Sam, not XYZ Company. The debt is owed to bond investment firms, the true creditors of the bankruptcy estate. The debt to citizens is a different kind of debt, which would necessarily be the one obtained by judicial decree, mostly for damages, not involving bond funds. The Commonwealth of Puerto Rico has interpreted that all lawsuits from individual citizens were to be included in the automatic stay. Even though the debtor is the state, it is suggested to simultaneously have a fiduciary relationship with its citizens. [see: *Translating Fiduciary Principles into Public Law*. **126 Harv. L. Rev. F.**

3

91 (2012)[1].] The fiduciary relationship makes citizens third parties of interest. If § 541(a) (commencement of case "creates an estate"), then how could the PROMESA bankruptcy estate have equal interest over property where the people have a property right over the same property? In *Lonstein, In re, 950 F.2d 77* (C.A.1 (Mass.), 1991) [citations omitted] "*the Code provide[s] ... [no] rules for determining whether the debtor has **an interest** in property.... Determination of these issues, therefore, requires resort to nonbankruptcy law.*") The issue is alleged to correspond to a conflict of property rights, and a confusion in the application Bankruptcy Court to apply bankruptcy law to an issue that requires state law to define property.

6. Analyzing the issue through the due process lens, the state is the exclusive purveyor of the public services to its citizens; It is therefore suggested that in the Promesa case, the citizen is being incorrectly labeled as a debtor, especially when the individual citizens' assets cannot be liquidated, or can the bond funds request priority over the citizens' debts. The citizen, as a consumer of the state, needs the state to guarantee certain substantive rights that should not be affected by or be taken advantage of just because the state filed for bankruptcy protection.

---

[1] https://harvardlawreview.org/2013/01/translating-fiduciary-principles-into-public-law/

7. In this Plaintiff's opinion, the Commonwealth of Puerto Rico has been abusing of the automatic stay to prevent people from exercising their rights to claim abuse of law and/or discretion to affect liberty or property, meaning that recognized rights would be placed on hold, leaving ordinary people without legal recourse to resolve any abuse which the state over property and liberty. The state is using this as a cop-out to fulfilling their duty as a government of the **people**, by the **people**, and for the **people**. One such example of this is that the Commonwealth of Puerto Rico has placed on automatic stay all forced condemnation cases. These cases involving the eminent domain are not included as the police power exemption. However, this is alleged apply to the peoples' right and a requirement of the state to exercise its right to eminent domain. This ambiguity is suggested to be affecting the peoples' right to just compensation, in violation of Due Process and/or the Takings Clause. A declaratory relief would allow te Court to focus on the impending issues and not on the automatic stays that should have never been subjected to the stay in the first place.

8. In the instant claim on appeal, among various issues, this plaintiff-appellant is suing the Commonwealth of Puerto Rico for enacting a law which is alleged to violate the Due Process Clause and the Contract Clause of the Constitution of the United States. The Horizontal Property Act of PR allows for the Homeowner's Association to disconnect power and electricity during an unlimited period without a hearing. The

Plaintiffs contend that the directors used this right improperly act under color of as state law to coerce residents to pay excessive fees without question. The law also does not require for a contract or covenant to be signed, leaving an ambiguous contractual relationship between the property owner and the association. This appellant requested leave to amend complaint, petition which the lower court denied. Plaintiff alleges that the Court abused the discretion to deny the leave to amend, correcting the amended complaint to includes Racketeering, Mail Fraud, Extrinsic Fraud, and as the issues which are relevant to the coercion that is allowed by the state law, albeit not the legislative intention of the law. Three years without water and power service in an apartment because the association disconnected it, even though one pays the utility company, is suggested to correspond to a taking of property. To place this appeal on automatic stay further exacerbates allegations that shock the conscience, in violation of plaintiffs' substantive due process and liberty rights

s/ Javier Mandry

JAVIER MANDRY-MERCADO
Co-Plaintiff

1326 Calle Salud Apt. 1101
Ponce, PR. 00717
Tel. 787-685-3739
Email: mandryj@yahoo.com