**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **In re:** | |
| | **PROMESA** |
| **THE FINANCIAL OVERSIGHT AND** | |
| **MANAGEMENT BOARD FOR PUERTO RICO** | **Title III** |
| **as representative of** | **No. 17 BK 3283-LTS** |
| **THE COMMONWEALTH OF PUERTO RICO, et al** | |
| **Debtors** | |

**MOTION FOR RELIEF FROM STAY
IN *ARES ET AL V. SECRETARY OF LABOR*
AFTER COMPLETION OF CONFERRAL PROCESS**

**TO THE HONORABLE JUDGE LAURA TAYLOR SWAIN:**

**NOW COME ALL PETITIONERS** in the *Mandamus* case of <u>*Ares et al v. Secretario del Trabajo, Civ. No. SJ2017CV02280,*</u> seventeen (17) long-time employees of the Department of Labor of the Commonwealth of Puerto Rico[1] who have been denied their right to an early retirement which would represent a savings for the Government of Puerto Rico,, and respectfully request ***Relief from the Stay*** imposed by the San Juan Superior Court, at the behest of the Government of Puerto Rico.

This Motion for Relief from Stay is being filed after completion of the meet-and-confer process mandated at Paragraph III.Q of the operative Case Management Order.[2]

It is respectfully submitted that the Stay should be lifted in this *Mandamus* action which

---

[1] The Petitioners in the *Mandamus* petition are: Gilberto Ares Candelaria; Nilda P. Barbosa Rodriguez; Ana E. Collazo Guzmán; Arnaldo Colón Colón; Melvin Colón Vélez, Angel L. De Jesús Fernández; Maribel García Cruz; Carlos González Juarbe; Marilyn Hernández Santiago; Carmen D. López Hernández; Tomás Montañez Rosado; Julia T. Pena De Jesús; Evelyn Pratts Collazo; Norma I. Rivera Nieves; Edna Sáez Sánchez; Manuel F. Sánchez Incle and Juan D. Sierra Ortega**.**

[2] This request was originally filed on May 30, 2018, at Docket Number 3181. This court terminated the Motion at Docket 3186, for failure to comply with the mandated conferral procedure.

merely requests that the Secretary of Labor perform his ministerial duty to allow the petitioners to leave government service pursuant to the law.

In support of this request, the petitioners respectfully state as follows:

## I . INTRODUCTION AND PROCEDURAL POSTURE OF THE LITIGATION

1. This case concerns the right of the seventeen (17) petitioners to participate in a program of "voluntary pre-retirement" approved by the Commonwealth in the year 2015. *Law 211-2015 of December 8, 2015* (*hereinafter "Law 211"*).

2. In late October, 2017, the 17 employees presented a Petition for *Mandamus* against the Secretary of Labor in the case styled <u>Ares et al v. Secretario del Trabajo</u>, *Civ. No. SJ2017CV02280* before the Superior Court in San Juan *(referred to hereinafter as "the Litigation")*.

3. The 17 employees requested the designated courtroom for "Extraordinary Remedies" to order the Secretary of Labor to perform his ministerial duty to implement Law 211 and to permit them to retire from Government service. In the petition, the 17 employees affirmed that they had that right, deriving from an early retirement measure for which they qualified.

4. Law 211 was designed by the Commonwealth to protect the Government coffers by allowing certain qualifying long-term employees to retire early (and thus receive less compensation through their pensions that they would have received as full-time Government workers.)

5. Each of the 17 employees, aged 49 to 60, worked as public servants in the Government of Puerto Rico since at least the mid to late 1980's. Each was informed by the Government of his/her eligibility to participate in the "voluntary pre-retirement" program instituted by virtue of Law 211. However, when it came time for each of the petitioners to leave their positions (and receive a pension which was considerably less than the cost to the Government of continuing to pay their

2

salaries and benefits), the program was offered to others and not to them.

6. Based on the foregoing, these employees requested the San Juan Superior Court to order the Secretary of Labor to perform his ministerial duties and allow them to leave Government service.

7. It is important to point out that the claim before the Superior Court requested no monetary remedies on behalf of these employees. Rather, the action simply sought the **implementation** of a law which protected certain pension rights while affording the Government a net savings**.** The "Prayer for Relief" in the *Mandamus Petition* reads as follows:

> "**IN LIGHT OF THE ABOVE,** it is respectfully requested that this Honorable Court take note of that which is expressed above, GRANT the current petition, and as a consequence thereof, pursuant to Rule 54 of the [Puerto Rico] Rules of Civil Procedure:
>
> "1. Peremptorily order the Hon. Labor Secretary, Carlos Saavedra Gutiérrez to comply immediately with Law 211, as amended by Law 106, providing the petioners with all of the benefits of pre-retirement guaranteed by Law 211-2015 and Law 106-2017, *or in the alternative:*
>
> "2. Issue an Order to Show Cause to the Hon. Labor Secretary requiring him to demonstrate why the Court should not GRANT the Petition, *or in the alternative:*
>
> "3. Order the Hon. Labor Secretary to answer the Petition in a short time frame, not exceeding five (5) working days.
>
> "The imposition of attorneys fees to the benefit of the attorneys for the petitioners,[3] in addition to the payment of costs and litigation expenses, as well as any other remedy which is appropriate in law. (*Tranlation provided by the undersigned attorney; emphasis in the original).*[4]

---

[3] Under Puerto Rico law, practitioners who represent employees in actions against their employer are prohibited from charging any fees to their clients. The employer is obliged by law to pay those fees. *See, Law 402-1950, 32 LPRA §3114 et seq.*

[4] Unless otherwise ordered, the movants are not submitting herewith the actual pleadings from the case, since they are in the Spanish language. The cost of the translations would be prohibitive for these Government workers, given the length of the petition and its numerous exhibits (17 pages long with several dozen pages of exhibits). However, undersigned counsel is bilingual and is submitting this Motion for Relief from the Stay under penalty of perjury, affirming the truth of the representations made herein with respect to the pleadings.

8. After some initial litigation events and a hearing before the Superior Court, the presiding Judge preliminarily denied a Motion to Dismiss presented by the Government and ordered the Secretary of Labor to answer the Complaint on or before January 16, 2018 and also to present its documentary evidence regarding the transmittal of the petitioners' pre-retirement requests by January 23, 2018. *Resolution issued on December 29, 2017 in the case of <u>Ares et al v. Secretario del Trabajo</u>, Civ. No. SJ2017CV02280*.

9. Rather than doing so, however, the Secretary of Labor, represented by the Puerto Rico Department of Justice (*hereinafter "the Government"*) presented an Interlocutory Appeal before the Puerto Rico Court of Appeals, asking for discretionary review of the Resolution issued by the Superior Court. *<u>Ares et al v. Secretario del Trabajo</u>, KLCE 20180076*. The Government also presented a Motion to Stay the case below, which was granted immediately by the Court of Appeals pending action on the petition for discretionary review. It should be noted that this Stay was procedural and had nothing to do with the Title III case.

10. On February 28, 2018, however, the Court of Appeals in the case **denied** the Petition for discretionary review (*"certiorari"*) and lifted the Stay previously ordered.

11. On March 14. 2018, the Government presented a Request for Reconsideration regarding the denial of its petition for discretionary review.

12. On March 27, 2018, the Court of Appeals denied the Request for Reconsideration.

13. On April 4, 2018, without so much as awaiting the *mandate* formalizing the Appellate Court's denial of its request for discretionary appellate review, the Government presented to the Superior Court a *"Notice of Stay of the Procedures by Virtue of the Petition presented by the Government of Puerto Rico under Title III of PROMESA."* (Translation of the Title of the Motion

*provided)* Attached to the "Notice" was a copy of the "Fourth Amended Case Management Procedures" issued by this court on that same day, April 4, 2018.

14. On April 20, 2018, the Superior Court issued Judgement in <u>Ares et al v. Secretario del Trabajo, Civ. No. SJ2017CV02280</u>, which reads in its entirety as follows:

> ### JUDGMENT
>
> The Department of Justice of the Government of Puerto Rico has appeared through a *"Notice of Stay of the Procedures by Virtue of the Petition presented by the Government of Puerto Rico under Title III of Promesa.,"* in which it requests a stay of the proceeding, pursuant to Sections 362(a) and 922(a) of the Bankruptcy Code, as incorporated by reference under Section 301(a) of Promesa, 48 USC §2161(a).
>
> To that effect, a Judgment is issued declaring the stay of the proceedings in this case.
>
> We reserve jurisdiction expressly to declare the reopening [of the case], at the request of the interested party, in case the stay order is lifted at any time after the date of the current judgment and the interested party appears before this forum requesting the continuation of the proceedings.

15. On May 24, 2018, the Court of Appeals in *Ares et al v. Secretario del Trabajo, KLCE 20180076* issued the *Mandate* with respect to the denial of the Petition for Interlocutory Review (*certiarori)* which had been requested by the Government. By that time, however, the Superior Court had already stayed the case.

16. From the above, it is clear that the Government of Puerto Rico saw fit to litigate this mandamus action ---- which implies no <u>cost</u> to the Government — until it lost its Motion to Dismiss and failed to prevail on the same in its failed attempt at interlocutory review.

17. At all times, the movants have maintained that the granting of the relief requested — *allowing these public servants to leave public service —* will present a net savings to the Government of Puerto Rico.

5

## II. CERTIFICATION REGARDING MEET-AND-CONFER PROCESS

I, Judith Berkan, attorney for the movants, do hereby certify as follows:

1. On June 11, 2018, I directed a letter via electronic mail to attorneys Hermann Bauer; Ubaldo M. Fernández Barrera, Diana M. Pérez and Andres W. López, in compliance with the Order at Docket 3186, to advise them of the movants' intention to request a lifting of the automatic stay. *See, Exhibit A, appended hereto.*

2. The aforementioned letter included the following: Identity of Movants and contact information; a description of the lawsuit; the amount claimed and cause of action; the status of the underlying claims; and an explanation of the cause as to why the stay should be lifted. *Id.*

3. On the following day, June 12, 2018, the undersigned received a communication from Susana Penagarícano, Director of Federal Litigation and Bankruptcy Division of the Puerto Rico Department of Justice, indicating that "attorney Claudia Juan, from the Department of Justice is the person in charge of handling the lift of stay notices." *See, email dated June 11, 2018 from Penagarícano to Berkan, Exhibit B appended hereto.* The Justice Department also indicated that since Ms. Juan was on vacation, the matter would not be addressed until June 29, 2018. *Id.*

4. The matter was not addressed by attorney Juan until July 2, 2018, fifteen (15) working days after the request was received by the Justice Department. In an email on that date, attorney Juan stated as follows: "*After having the opportunity to evaluate movant's allegations and the information provided by the Commonwealth's legal representatives, the Commonwealth has determined, in coordination with AAFAF legal representatives, that the best course of action in this case is to decline the request to modify stay due to procedural stage of action, which is still in the preliminary phase.*" *See, Exhibit C, email from Juan to Berkan, July 2, 2018.*

6

5. In compliance with the Case Management Order, the undersigned immediately attempted to communicate with attorney Juan through the number of the Justice Department, 787-721-2900. The telephone, however, was not functioning. In light of this circumstance, the undersigned sent an email to attorney Juan, requesting the obligatory "meet and confer."

6. Attorney Juan responded to the email by setting up the conferral meeting, which was held by telephone on July 6th, 2018. Ms. Juan indicated that she would get back to the undersigned by today, July 10th, 2018.

7. A short while ago, Ms. Juan wrote to the undersigned, stating as follows:

> "*After having the opportunity to evaluate movant's allegations, including the information provided in our telephone conversation, as the information provided by the Commonwealth's legal representatives, the Commonwealth reaffirm, in coordination with AAFAF legal representatives, that the best course of action in this case is to decline due to procedural stage of the action, which is in preliminary stage, and because the Commonwealth would necessarily have to expend resources upon any resumption of the Litigation. Here, the Litigation was filed after the commencement of the Commonwealth's Title III case. Indeed, the Commonwealth has yet to respond to Movants' Complaint, and the discovery process has not yet started. The parties are not, therefore, "ready for trial," and recommencement of the Litigation at this early stage would not result in an economical or expeditious resolution of Movants' claims.*" See, Exhibit D, email from Atty. Juan to Atty. Berkan, July 10, 2018.

8. The parties have been unable to reach agreement regarding the lifting of the stay. Accordingly, the movants are presenting the instant motion, after having complied with the requirements of the Case Management Order.

### III. ARGUMENT

At the outset, it is important to observe that this is not a damage action. Rather, the seventeen (17) employees are asking the Superior Court to allow them to *leave* Government Service, pursuant to a program developed in 2015 by the Government of Puerto Rico, precisely to save the money by placing certain long-term employees such as the Petitioners on retirement, rather than having them continue to receive a more costly Government salary and the benefits associated therewith.

It is respectfully submitted that this court should vacate the stay. The enforcement of the stay will continue to subject these 17 employees to additional hardship, further disrupting their plans for retirement, on which they were relying after having been offered the benefits of Law 211 by the Government. If the stay is enforced, the Secretary of Labor will be relieved of having to perform the ministerial duties alleged in the *Mandamus* petition.

Not only is there no claim of money damages in the Litigation, there are also no significant costs associated with the case (beyond the fact that Government attorneys will work on the litigation). The petitioners, long-term government workers are not, by any stretch of the imagination, "creditors" whose interests must be balanced against those of other creditors. All factors governing the lifting of the stay favor allowing these public servants the right to continue with their case independently of the PROMESA Title III filing.

Section 362(d)(1) of Title 11 of the United States Code, incorporated into Section 201 of the PROMESA law, *48 U.S.C. 2161 et seq,* provides for the relief from the automatic stay for "cause." Although "cause" is not defined, this court has looked to the factors enunciated in the bankruptcy context by the Second Circuit in *In re Sonnax Indus, Inc., 907 F.2d 1280, 1286 (2nd Cir. 1990),* to

address such questions. *See, eg., Docket No.600 in the instant case, granting relief from the stay for Sucesión Pastor Mandry Mercado, a putative creditor of the Commonwealth.*

The Petitioners herein respectfully submit that a factorial analysis demonstrates the lack of justification for the imposition of a stay. *Cf, Brigade Leveraged Capital Structures Fund v. García Padilla, 217 F.Supp. 3d 508 (D. PR 2016.)* This case involves the right of the petitioners to leave Government service. This kind of litigation should not be subject to a stay intended to protect creditors who have rights of payment and claims against the Commonwealth for monetary compensations.

This court has considerable discretion in making this determination. *See, Brigade Leveraged Capital, 217 F.Supp. 3d at page *518; see also In re Myers, 491 F.2d 120, 130 (3rd Cir. 2007) (*noting the "wide latitude" which bankruptcy courts have with respect to lifting a stay.) Each situation must be decided on a "case-by-case basis." *Brigade Leveraged Capital, op. cit (internal citations omitted).*

Factors applicable to such stay decisions include, but are not limited to: the following: (1) the relationship between the action and the bankruptcy case; (2) whether relief would result in a partial or complete resolution of the issues; (3) whether litigation in another forum will prejudice the interests of other creditors; (4) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; and (5) the impact of the stay on the parties; and the balance of harms. *Goya Foods v. Ulpiano Unanue-Casal, et al, 159 B.R. 90, at 95-96 (D.P.R. 1993).*

It is respectfully submitted that applicable factors favor continuation of this case:

- There is in essence no relationship between the Title III filing and the Litigation, nor will the implementation of the remedies requested imply a greater expenditure of public funds.

- The Litigation would completely resolve the question of whether the Secretary of Labor violated his ministerial duties.

- Allowing the Litigation to proceed will cause no prejudice the interests of other creditors.

- The "interest of judicial economy and the expeditious and economical determination of litigation" clearly favors allowing this case to go forward. The Litigation is a simple matter, which in all likelihood will be resolved expeditiously on the basis of motion papers.

- The continuation of the Stay, on the other hand, will have a grave impact on these petitioners, whose lives have been put on hold due to the Government's refusal to comply with its ministerial duties.

- In its Judgment, moreover, the Superior Court specifically retained jurisdiction to address the issues affecting these long-term public servants, but indicated that it would do so only if the stay were lifted.

As discussed in *Brigade Leveraged Capital, supra,* the key inquiry boils down to an equitable analysis of the "impact of the stay on the parties and the balance of harms." *Id.* The evaluation of "cause" with respect to the stay "requires the court to engage in an equitable case-by-case balancing of the various harms at stake." *Id, 217 F.3d at *518.* Such an equitable analysis clearly mitigates against the imposition of a stay in this Litigation.

Despite its critical financial state, the Commonwealth of Puerto Rico continues to function as a Government. Long-term government employees continue to serve and continue to leave after decades of service. Statutory rights, theoretically, continue to exist. In this context, the overbroad application of the Stay to matters such as the one at hand would be pernicious and beyond the scope of PROMESA and its goal to assure a fair payment of the Government's obligations and assure access to capital markets.

Finally, the petitioners feel compelled to bring to the attention of this court the manner in which the Government of Puerto Rico has managed PROMESA's Stay protections. Its actions defy logic if not understood as manipulation. Rather than request the Stay at the outset of the Litigation eight months ago, the Government (using the resources of its Justice Department) defended the case vigorously. Motions were filed and a lengthy hearing was held before the Superior Court. When the presiding Judge ruled in petitioners' favor on the Motion to Dismiss and required the Government to answer the complaint and present the court with the documentary evidence which allegedly would support its defenses, the Government simply went ahead and presented a Petition for Discretionary Review ("*certiorari*"). Plainly cognizant of the PROMESA Stay protections, the Government continued the litigation, through the denial of its Petition for discretionary review and the final denial of its Request for Reconsideration. Then and only then did the Government present its "Notice" of the mandatory Stay.

In other words, the Government was content to use its resources to defend against the case through procedural filings and substantive arguments which were eventually determined to be without merit. In the event the Government won, the petitioners lost. But if the Government did *not* win, then the petitioners still lost. It was only once all of the Government's litigation maneuvers

11

Document Page 12 of 14

with respect to the discretionary appeal were unsuccessful that the Government unilaterally imposed the Stay through a "Notice" to the court. Surely, the petitioners, who have all dedicated some thirty (30) years to Government service deserve more.

In light of the foregoing, it is respectfully requested that this Honorable Court enter an Order lifting the stay in order to have the Litigation proceed in the Superior Court, to judgment declaring the rights of the parties and if appropriate, to ordering the Secretary of Labor to comply with his ministerial duties.

WHEREFORE, the Petitioners Gilberto Ares Candelaria, Nilda P. Barbosa Rodriguez, Ana E. Collazo Guzmán, Arnaldo Colón Colón, Melvin Colón Vélez, Angel L. De Jesús Fernández, Maribel García Cruz, Carlos González Juarbe, Marilyn Hernández Santiago, Carmen D. López Hernández, Tomás Montañez Rosado, Julia T. Pena De Jesús, Evelyn Pratts Collazo, Norma I. Rivera Nieves, Edna Sáez Sánchez, Manuel F. Sánchez Incle and Juan D. Sierra Ortega respectfully requests that this court enter an Order vacating the PROMESA stay issued by the Superior Court in the case of *Ares et al v. Secretario del Trabajo, Civ. No. SJ2017CV02280.*

**Attorney Verification under penalty of perjury***:*

I, Judith Berkan, do hereby state as follows:

1. I have been a practicing attorney since 1974, admitted to practice in Connecticut that year and in the courts of Puerto Rico in 1980.

2. I represent the petitioners in the *Mandamus* action before the Superior Court of Puerto Rico, *Ares et al v. Secretario del Trabajo, Civ. No. SJ2017CV02280,* and before the Court of Appeals for Puerto Rico, *Ares et al v. Secretario del Trabajo, KLCE 20180076.*

3. I drafted the pleadings, motions and briefs in the aforementioned cases in the Spanish language.

4. I am completely bilingual.

5. All references to the text of Spanish-language documents in the instant motion are based on my own translations.

6. My clients do not have the economic resources to pay for translations of the pleadings, briefs and motions in the above-referenced cases.

7. I also affirmatively state that the asseverations contained in the Certification regarding compliance with the Case Management Order contained at pages 6 to 7 of this Motion are true and correct.

I make this statement under penalty of perjury and declare it to be true pursuant to the provisions of 28 USC §1746.

In San Juan, Puerto Rico this 10th$^{th}$ day of July, 2018.

/s/ JUDITH BERKAN

Respectfully submitted in San Juan, Puerto Rico this 10th day of July, 2018.

**Berkan/Mendez**
O'Neill St. G-11
San Juan, P.R. 00918-2301
Tel. (787) 764-0814;Fax (787) 250-0986
bermen@prtc.net

By: /s/ JUDITH BERKAN
USDC No.200803
berkanj@microjuris.com

**CERTIFICATION**: This is to certify that this motion is being submitted through the ECF filing system, which will automatically notify all counsel of record. I am also sending a copy of this Motion to the attorneys for the Secretary of Labor, Gina Jové Matos and Susanne B. Lugo Hernández, as well as the Secretary of Justice, Wanda Vázquez Garced, the Assistant Secretary of the Civil Division, Wandymar Burgos Vargas, and the Asst. Secretary of the Civil Division and Interim Director of Extraordinary Resources and Public Policy, Antonio Cintrón Almodovar, all at the Commonwealth of Puerto Rico Department of Justice, PO Box 9020192, San Juan, Puerto Rico 00902-0192, and to the email of atty. Susanne Lugo, at sueblugo@yahoo.cp, amd that of atty. Gina Jové, at gjovejusticia@gmail.com

: /s/ JUDITH BERKAN