EXHIBIT A

**BERKAN/MENDEZ**
LAW OFFICE
Calle O'Neill G-11
San Juan, P.R. 00918-2301

Judith Berkan
Mary Jo Mendez Vilella

Tel (787) 764-0814
Fax (787) 250-0986

June 11, 2018

To: Hermann Bauer, Esq.
Hermann.Bauer@oneillborges.com
Counsel for the Oversight Board

Ubaldo M. Fernández Barrera
Ubaldo.fernandez@oneillborges.com
Counsel for the Oversight Board

Diana M. Pérez
dperez@omm.com
Counsel for AAFAF

Andrés W. López
andres@awllaw.com
Counsel for AAFAF

   *Re: Request to lift stay for Mandamus action, Ares v/ Secretary of Labor, Civ No. SJ2017CV02280*

Dear colleagues:

  I am writing in compliance with the Order terminating my request for lifting of the stay in the above-referenced matter. On May 30, 2018, I filed a Motion for Relief from Stay, which is appended hereto as Exhibit A (hereinafter referred to as the "Termination Order." At that time, I was unaware of the requirements of prior consult contained in the Case Management Order referred to at page 1 of the Order terminating my motion, as this had not been required when I had previously requested a lifting of a stay in a different case at an earlier stage of the Title III proceedings. By filing the Motion for Relief from the Stay, which is appended hereto as Exhibit B and entered on docket as number 3181, I certainly had no intention to dispense with any prerequisite notification.

  Please also note that the original mandamus petition in the case in question was filed on or about October 31, 2017, which means that it was not a "prepetition" civil action, such as that referenced in the court's Termination Order. I assume, however, that the provisions included in the Case Management Order referenced therein apply with equal force to the case where I have been representing seventeen (17) employees of the Labor Department, with respect to their promised participate in the retirement window opened by virtue of Law 211-2015, since October of 2017.

Attys. Bauer, Fernández,
Pérez and López
June 11, 2018
Page 2

In compliance with the Termination Order, I am providing you with the following information, most of which is also set forth in the Motion for Relief from Stay at Docket 3181 in the Title III case.

### 1. <u>Identify of Movants and Contact Information</u>

Each of the petitioners is a public servant who has been employed by the Government of Puerto Rico for approximately 30 years. Each currently works at the Department of Labor and Human Resources. Each of the movants was qualified to enjoy the benefits of the "pre-retiro" program developed at the end of 2015 by virtue of Law 211-2015.

The specifics with respect to each of the seventeen movants can be found at paragraphs 3.3 to 3.19 of the Spanish-language Mandamus Petition appended hereto as Exhibit C. They are as follows:

- **GILBERTO ARES CANDELARIA** Calle 39 M13, Urb. Parque Ecuestre, Carolina, Puerto Rico 00987.

- **NILDA P. BARBOSA RODRIGUEZ,** Cond. Torre de los Frailes, Apt. 9G, Guaynabo, Puerto Rico 00969.

- **ANA E. COLLAZO GUZMÁN,** Calle 31 AJ-45, Rexville, Bayamón, Puerto Rico 00956.

- **ARNALDO COLÓN COLÓN** Barrio Garrochales, Carr. 682, Km 7.5, Arecibo, Puerto Rico 00612

- **MELVIN COLÓN VÉLEZ,** Barrio Los Puertos, Calle 17 Núm 362, Dorado, Puerto Rico 00646.

- **ANGEL L. DE JESÚS FERNÁNDEZ** Calle Márquez de Santa Cruz 2J-18, Covandonga, Toa Baja, Puerto Rico 00949.

- **MARIBEL GARCÍA CRUZ** Urb. Sunville, Calle 16 R-26, Trujillo Alto, Puerto Rico 00976.

- **CARLOS GONZÁLEZ JUARBE** Calle Trinidad T 590, Ext. Forest Hills, Bayamón, Puerto Rico 00959.

Attys. Bauer, Fernández,<br>
Pérez and López<br>
June 11, 2018<br>
Page 3

- **MARILYN HERNÁNDEZ SANTIAGO** Urb. Regional Calle 1, Casa B9, Arecibo, Puerto Rico 00612.

- **CARMEN D. LÓPEZ HERNÁNDEZ** Barrio Malpaso, Carr. 417, Km. 2.3, Aguada, Puerto Rico 00602.

- **TOMÁS MONTAÑEZ ROSADO** Calle 8 F-11, Colinas de el Yunque, Río Grande, Puerto Rico 00745.

- **JULIA T. PEÑA DE JESÚS,** San Ciprián I, Apt. 122, 694 Victoria, Carolina, Puerto Rico. 00985.

- **EVELYN PRATTS COLLAZO,** Urb. Carolina Alta M-5, Calle Víctor Salamán, Carolina, Puerto Rico 00987.

- **NORMA I. RIVERA NIEVES,** Carr 110, Km. 8.2, Inf Barrio Marís, Aguada, Puerto Rico 00602.

- **EDNA SÁEZ SÁNCHEZ** Cond. Hato Rey Plaza, Apt. 16J, San Juan, Puerto Rico 00918.

- **MANUEL F. SÁNCHEZ INCLE** PO Box 2141, Mayaguez, Puerto Rico 00681.

- **JUAN D. SIERRA ORTEGA,** Barrio Campanillas 364, Parcelas, Calle Fortaleza, Toa Baja 00949.

### 2. The Lawsuit

The mandamus action was filed on October 31, 2017, for the express purpose of ordering the Secretary of Labor and Human Resources to do his ministerial duty to allow these employees to enjoy the benefits of the "pre-retirement" program of Law 2011 (benefits which would have allowed them to leave government service with an initial period of two years, with payment of 60% of the equivalent salary to which they would have been entitled), and additional benefits thereafter. These employees were pre-selected and informed that they qualified for the benefit, because their early retirement would imply a savings to the government.

Attys. Bauer, Fernández,
Pérez and López
June 11, 2018
Page 4

### 3. The amount claimed and asserted causes of action

There is no amount claimed on behalf of these petitioners in the Mandamus proceeding. The only possible disbursement by the government would be for payment of attorneys fees (since, by virtue of Law 402, 32 LPRA section 3114 et seq, undersigned counsel is prohibited from charging her clients, and the employer is required to pay these fees if the petitioners are ultimately successful.) The cause of action is based on Law 211 of December of 2015, which established the pre-retirement program. The relief requested in the mandamus petition has been translated by the undersigned. The petitioners requested the following relief from the court:

> "1. Peremptorily order the Hon. Labor Secretary, Carlos Saavedra Gutiérrez to comply immediately with Law 211, as amended by Law 106, providing the petioners with all of the benefits of pre-retirement guaranteed by Law 211-2015 and Law 106-2017, *or in the alternative:*
>
> "2. Issue an Order to Show Cause to the Hon. Labor Secretary requiring him to demonstrate why the Court should not GRANT the Petition, *or in the alternative:*
>
> "3. Order the Hon. Labor Secretary to answer the Petition in a short time frame, not exceeding five (5) working days.
>
> "The imposition of attorneys fees to the benefit of the attorneys for the petitioners, in addition to the payment of costs and litigation expenses, as well as any other remedy which is appropriate in law. (*Translation provided by the undersigned; emphasis in original.*)

### 4. Status of the underlying claims

At the outset of the litigation, the Department of Justice, representing the Mandamus respondent, the Secretary of Labor and Human Resources, presented a Motion to Dismiss. After some initial litigation events and a lengthy hearing before the Superior Court, the presiding Judge preliminarily denied a Motion to Dismiss. The Court of First Instance ordered the Secretary of Labor to answer the Complaint on or before January 16, 2018 and also to present its documentary evidence regarding the transmittal of the petitioners' pre-retirement requests by January 23, 2018. *Resolution issued on December 29, 2017 in the case of <u>Ares et al v. Secretario del Trabajo</u>, Civ. No. SJ2017CV02280.*

Thee Secretary of Labor, represented by the Puerto Rico Department of Justice (*hereinafter "the Government"*) presented an Interlocutory Appeal before the Puerto Rico Court of Appeals, asking for discretionary review of the Resolution issued by the Superior Court. <u>Ares et al v.</u>

Attys. Bauer, Fernández,
Pérez and López
June 11, 2018
Page 5

*Secretario del Trabajo*, KLCE 20180076. The Government also requested the appellate court to Stay the case below, which was granted immediately by the Court of Appeals pending action on the petition for discretionary review.

On February 28, 2018, the Court of Appeals in the case denied the Petition for discretionary review (*"certiorari"*) and lifted the Stay previously ordered.

On March 14, 2018, the Government presented a Request for Reconsideration regarding the denial of its petition for discretionary review.

On March 27, 2018, the Court of Appeals denied the Request for Reconsideration.

On April 4, 2018, without awaiting the *mandate* formalizing the Appellate Court's denial of its request for discretionary appellate review, the Government presented to the Superior Court a *"Notice of Stay of the Procedures by Virtue of the Petition presented by the Government of Puerto Rico under Title III of PROMESA." (Translation of the Title of the Motion provided)*

On April 20, 2018, the Superior Court issued Judgement in *Ares et al v. Secretario del Trabajo*, Civ. No. SJ2017CV02280, which reads in its entirety as follows:

> ### JUDGMENT
>
> The Department of Justice of the Government of Puerto Rico has appeared through a *"Notice of Stay of the Procedures by Virtue of the Petition presented by the Government of Puerto Rico under Title III of Promesa.,"* in which it requests a stay of the proceeding, pursuant to Sections 362(a) and 922(a) of the Bankruptcy Code, as incorporated by reference under Section 301(a) of Promesa, 48 USC §2161(a).
>
> To that effect, a Judgment is issued declaring the stay of the proceedings in this case.
>
> We reserve jurisdiction expressly to declare the reopening [of the case], at the request of the interested party, in case the stay order is lifted at any time after the date of the current judgment and the interested party appears before this forum requesting the continuation of the proceedings. *Translation supplied.*

On May 24, 2018, the Court of Appeals in *Ares et al v. Secretario del Trabajo*, KLCE 20180076 issued the *Mandate* with respect to the denial of the Petition for Interlocutory Review (*certiarori*) which had been requested by the Government. By that time, however, the Superior Court had already stayed the case.

Attys. Bauer, Fernández,
Pérez and López
June 11, 2018
Page 6

### 5. Cause as to why the stay should be lifted

At the outset, it is important to observe that this is not a damage action. Rather, the seventeen (17) employees are asking the Superior Court to allow them to *leave* Government Service, pursuant to a program developed in 2015 by the Government of Puerto Rico, precisely to save the Commonwealth money by placing certain long-term employees such as the Petitioners on retirement, rather than having them continue to receive a more costly Government salary and the benefits associated therewith.

The enforcement of the stay will continue to subject these seventeen (17) employees to additional hardship, further disrupting their plans for retirement, on which they were relying after having been offered the benefits of Law 211 by the Government.

Not only is there no claim of money damages in the Litigation, there are also no significant costs associated with the case (beyond the fact that Government attorneys will work on the litigation). The petitioners, long-term government workers are not "creditors" whose interests must be balanced against those of other creditors. All factors governing the lifting of the stay favor allowing these public servants the right to continue with their case independently of the PROMESA Title III filing.

Section 362(d)(1) of Title 11 of the United States Code, incorporated into Section 201 of the PROMESA law, *48 U.S.C. 2161 et seq,* provides for the relief from the automatic stay for "cause." Although "cause" is not defined, this court has looked to the factors enunciated in the bankruptcy context by the Second Circuit in *In re Sonnax Indus, Inc., 907 F.2d 1280, 1286 (2nd Cir. 1990),* to address such questions. *See,*

This case involves the right of the petitioners to leave Government service. This kind of litigation should not be subject to a stay intended to protect creditors who have rights of payment and claims against the Commonwealth for monetary compensations. The Petitioners respectfully submit that a factorial analysis demonstrates why the stay should be lifted. *Cf, Brigade Leveraged Capital Structures Fund v. García Padilla, 217 F.Supp. 3d 508 (D. PR 2016.)*

Factors applicable to such stay decisions include, but are not limited to: the following: (1) the relationship between the action and the bankruptcy case; (2) whether relief would result in a partial or complete resolution of the issues; (3) whether litigation in another forum will prejudice the interests of other creditors; (4) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; and (5) the impact of the stay on the parties; and the balance of harms. *Goya Foods v. Ulpiano Unanue-Casal, et al, 159 B.R. 90, at 95-96 (D.P.R. 1993).*

It is respectfully submitted that applicable factors favor continuation of this case:

Attys. Bauer, Fernández,
Pérez and López
June 11, 2018
Page 7

- There is basically no relationship between the Title III filing and the Litigation, nor will the implementation of the remedies requested imply a considerable expenditure of public funds.

- The Litigation would completely resolve the question of whether the Secretary of Labor violated his ministerial duties.

- Allowing the Litigation to proceed will cause no prejudice the interests of other creditors.

- The "interest of judicial economy and the expeditious and economical determination of litigation" clearly favors allowing this case to go forward. The Litigation is a simple matter, which in all likelihood will be resolved expeditiously on the basis of motion papers.

- The continuation of the Stay, on the other hand, will have a grave impact on these petitioners, whose lives have been put on hold due to the Government's refusal to comply with its ministerial duties.

- In its Judgment enforcing the Stay, as a result of the "Notice" filed by the Government, the Superior Court specifically retained jurisdiction to address the issues affecting these long-term public servants, but indicated that it would do so only if the stay were lifted.

As discussed in *Brigade Leveraged Capital, supra,* the key inquiry boils down to an equitable analysis of the "impact of the stay on the parties and the balance of harms." *Id.* The evaluation of "cause" with respect to the stay "requires the court to engage in an equitable case-by-case balancing of the various harms at stake." *Id, 217 F.3d at *518.* Such an equitable analysis clearly mitigates against the imposition of a stay in this Litigation.

Despite its critical financial state, the Commonwealth of Puerto Rico continues to function as a Government. Long-term government employees continue to serve and continue to leave after decades of service. Statutory rights, theoretically, continue to exist. In this context, the overbroad application of the Stay to matters such as the one at hand is pernicious and beyond the scope of PROMESA and its goal to assure a fair payment of the Government's obligations and assure access to capital markets.

Attys. Bauer, Fernández,
Pérez and López
June 11, 2018
Page 8

Finally, the petitioners feel the obligation to take note of the manner in which the Government of Puerto Rico has dealt with this case. Rather than request the Stay at the outset of the Litigation almost eight months ago, the Government (using the resources of its Justice Department) defended the case vigorously. Motions were filed and a lengthy hearing was held before the Superior Court. When the presiding Judge ruled in petitioners' favor on the Motion to Dismiss and required the Government to answer the complaint and present the court with the documentary evidence which allegedly would support its defenses, the Government simply went ahead and presented a Petition for Discretionary Review ("*certiorari*").

Plainly cognizant of the PROMESA Stay protections, the Government continued the litigation, through the denial of its Petition for discretionary review and the final denial of its Request for Reconsideration. Then and only then did the Government present its "Notice" of the mandatory Stay.

In other words, the Government was content to use its resources to defend against the case through procedural filings and substantive arguments which were eventually determined to be without merit. In the event the Government won, the petitioners lost. But if the Government did *not* win, then the petitioners still lost. It was only once all of the Government's litigation maneuvers with respect to the discretionary appeal were unsuccessful that the Government unilaterally imposed the Stay through a "Notice" to the court. Surely, the petitioners, who have all dedicated some thirty (30) years to Government service deserve more.

For all of the reasons specified herein, it is respectfully requested that the recipients of this letter, representing the Oversight Board and AAFAF, consent to relief from the Stay provisions in this case.

Sincerely,

Judith Berkan
Counsel for Petitioner *Ares* et al.

**EXHIBIT B**

**Berkan/Mendez Law Office**

| | |
|---|---|
| **From:** | Susana Peñagaricano <spenagaricano@justicia.pr.gov> |
| **Sent:** | Tuesday, June 12, 2018 9:59 AM |
| **To:** | Judith Berkan |
| **Cc:** | 'Carolina Velaz Rivero'; 'Luis Marini'; Iván J. Ramírez Camacho; 'Sushon, Bill'; 'Diana M. Perez'; Wandymar Burgos Vargas; Iván J. Ramírez Camacho; Claudia Juan Garcia; Berkan/Mendez Law Office; mendezmaryjo@microjuris.com |
| **Subject:** | RE: RE DOOCKET 3181 AND TERMINATION ORDER - REQUEST FOR LIFTING OF STAY |

Dear Atty. Berkan,

I acknowledge receipt of your email. Atty. Juan is the attorney at the Department of Justice assigned to work on these issues under PROMESA, together with AAFAF counsel/OMM. Atty. Juan is well aware of the case and she will work with the lift of stay notice forthwith, as soon as she is back from vacation.

Regards,

Susana I. Peñagarícano-Brown
Director
Federal Litigation and Bankruptcy Division Puerto Rico Department of Justice spenagaricano@justicia.pr.gov

-----Original Message-----
From: Judith Berkan [mailto:berkanj@microjuris.com]
Sent: Tuesday, June 12, 2018 9:36 AM
To: Susana Peñagaricano
Cc: 'Carolina Velaz Rivero'; 'Luis Marini'; Iván J. Ramírez Camacho; 'Sushon, Bill'; 'Diana M. Perez'; Wandymar Burgos Vargas; Iván J. Ramírez Camacho; Claudia Juan Garcia; Berkan/Mendez Law Office; mendezmaryjo@microjuris.com
Subject: RE: RE DOOCKET 3181 AND TERMINATION ORDER - REQUEST FOR LIFTING OF STAY

Dear atty. Peñaricano - I sent the request to the persons required by the notice that I received from the court. Does this mean that atty. Juan is the only person dealing with this. By my calculations, the response would be due by the 26th. While I do not mind waiting three days, I worry that if there Is only one person assigged, and she is away, there will certainly be a backload to address upon her return. Please advise. Thank you, Judith Berkan

-----Original Message-----
From: Susana Peñagaricano [mailto:spenagaricano@justicia.pr.gov]
Sent: Monday, June 11, 2018 5:35 PM
To: 'berkanj@microjuris.com'
Cc: Carolina Velaz Rivero; Luis Marini; Iván J. Ramírez Camacho; Sushon, Bill; Diana M. Perez (dperez@omm.com); Wandymar Burgos Vargas; Iván J. Ramírez Camacho; Claudia Juan Garcia
Subject: FW: RE DOOCKET 3181 AND TERMINATION ORDER - REQUEST FOR LIFTING OF STAY

Dear Atty. Berkan:

I acknowledge receipt of the notice/enclosed communication. Attorney Claudia Juan, from the Department of Justice, is the person in charge of handling the lift of stay notices. She is away on vacation, but as soon as she is back from vacation she will be handling the matter and responding to your communication on or before June 29, 2018.

Cordially,

1

Susana I. Peñagarícano-Brown
Director
Federal Litigation and Bankruptcy Division Puerto Rico Department of Justice spenagaricano@justicia.pr.gov

---

From: Judith Berkan [berkanj@microjuris.com]
Sent: Monday, June 11, 2018 2:47 PM
To: Hermann Bauer; Ubaldo M. Fernández Barrera; dperez@omm.com; andres@awllaw.com
Cc: Berkan/Mendez Law Office; mendezmaryjo@microjuris.com
Subject: RE DOOCKET 3181 AND TERMINATION ORDER - REQUEST FOR LIFTING OF STAY

Dear Colleagues:  Please review the enclosed communication regarding the case of Ares et al v. Sec. de Trabajo.

Thank you, Judith Berkan


[Mail Logo]

---

AVISO DE CONFIDENCIALIDAD: Esta comunicación de correo electrónico y cualquier documento adjunto contiene información que le pertenece al remitente, la cual podría ser confidencial y privilegiada bajo la ley aplicable. Esta información está dirigida al uso exclusivo del individuo o la entidad a la cual se le remitió este correo electrónico, según arriba indicado. Si usted no es el destinatario intencional, se le notifica por la presente que cualquier divulgación, reproducción, distribución, u otra acción tomada al tenor del contenido de la información comprendida en esta difusión, está estrictamente prohibida. Si usted ha recibido por error esta difusión, favor comunicarse con el remitente y elimine este mensaje. Gracias por su cooperación.

---

NOTICE OF CONFIDENTIALITY: This email communication and any attached document contains information that belongs to the sender, which could be confidential and privileged under the applicable law. This information is directed to the exclusive use of the individual or entity to which this email was sent, as indicated above. If you are not the intended recipient, you are hereby notified that any disclosure, reproduction, distribution, or other action taken in accordance with the content of the information included in this broadcast, is strictly prohibited. If you have received this broadcast by mistake, please contact the sender and delete this message. Thanks for your cooperation.


[Mail Logo]

---

AVISO DE CONFIDENCIALIDAD: Esta comunicación de correo electrónico y cualquier documento adjunto contiene información que le pertenece al remitente, la cual podría ser confidencial y privilegiada bajo la ley aplicable. Esta información está dirigida al uso exclusivo del individuo o la entidad a la cual se le remitió este correo electrónico, según arriba indicado. Si usted no es el destinatario intencional, se le notifica por la presente que cualquier divulgación, reproducción, distribución, u otra acción tomada al tenor del contenido de la información comprendida en esta difusión, está estrictamente prohibida. Si usted ha recibido por error esta difusión, favor comunicarse con el remitente y elimine este mensaje. Gracias por su cooperación.

**EXHIBIT C**

**Berkan/Mendez Law Office**

| | |
|---|---|
| From: | Claudia Juan Garcia <cjuan@justicia.pr.gov> |
| Sent: | Monday, July 2, 2018 10:36 AM |
| To: | Judith Berkan |
| Cc: | 'Carolina Velaz Rivero'; 'Luis Marini'; Iván J. Ramírez Camacho; 'Diana M. Perez'; Wandymar Burgos Vargas; Iván J. Ramírez Camacho; Berkan/Mendez Law Office; mendezmaryjo@microjuris.com |
| Subject: | RE: RE DOOCKET 3181 AND TERMINATION ORDER - REQUEST FOR LIFTING OF STAY |

Dear counsel:

As per the new protocol, which requires that all parties seeking to file a motion for relief from the Title III Stay (a "Stay Relief Motion") comply with Paragraph III.Q of the Case Management Procedures and provide 15 **business days'** notice of such motion to the Oversight Board and AAFAF and meet and confer with the Commonwealth before filing a Stay Relief Motion, the Department of Justice/Commonwealth of Puerto Rico acknowledges receipt of movant's notice informing his intention of filing a lift of stay before the Bankruptcy Court that is handling the PROMESA case. After having the opportunity to evaluate movant's allegations and the information provided by the Commonwealth's legal representatives, the Commonwealth has determined, in coordination with AAFAF legal representatives, that the best course of action in this case is to decline the request to modify stay due to procedural stage of action, which is still in the preliminary phase.
Please, confirm receipt of this electronic mail.

If you have any questions, feel free to contact me.

**Lcda. Claudia A. Juan García**
**Fiscal Auxiliar III**
**División de Recursos Extraordinarios y Política Pública**
Departamento de Justicia
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tél. (787) 721-2900, ext. 2603
cjuan@justicia.pr.gov



**AVISO DE CONFIDENCIALIDAD:** Esta difusión de correo electrónico y cualquier documento adjunto contiene información que le pertenece al remitente, la cual podría ser confidencial y privilegiada. Esta información está dirigida al uso exclusivo del individuo o la entidad a la cual se le remitió este correo electrónico, según arriba indicado. Si usted no es el destinatario pretendido, cualquier divulgación, reproducción, distribución, u otra acción tomada al tenor del contenido de la información comprendida en esta difusión, está estrictamente prohibida. Si usted ha recibido por error esta difusión, favor comunicarse con la Lcda. Claudia Juan-García al (787) 721-2900, ext. 2196 y elimine este mensaje.

"Para tener éxito no tienes que hacer cosas extraordinarias, tienes que hacer cosas ordinarias extraordinariamente bien".

-----Original Message-----
From: Judith Berkan [mailto:berkanj@microjuris.com]

1

EXHIBIT D

**Berkan/Mendez Law Office**

| | |
|---|---|
| **From:** | Claudia Juan Garcia <cjuan@justicia.pr.gov> |
| **Sent:** | Tuesday, July 10, 2018 4:07 PM |
| **To:** | Judith Berkan |
| **Cc:** | 'Carolina Velaz Rivero'; 'Luis Marini'; Iván J. Ramírez Camacho; 'Diana M. Perez'; Wandymar Burgos Vargas; Iván J. Ramírez Camacho; 'Berkan/Mendez Law Office'; mendezmaryjo@microjuris.com |
| **Subject:** | RE: RE DOOCKET 3181 AND TERMINATION ORDER - REQUEST FOR LIFTING OF STAY |

Dear counsel:

After having the opportunity to evaluate movant's allegations, including the information provided in our telephone conversation, as the information provided by the Commonwealth's legal representatives, the Commonwealth reaffirm, in coordination with AAFAF legal representatives, that the best course of action in this case is to decline due to procedural stage of the action, which is in preliminary stage, and because the Commonwealth would necessarily have to expend resources upon any resumption of the Litigation. Here, the Litigation was filed after the commencement of the Commonwealth's Title III case. Indeed, the Commonwealth has yet to respond to Movants' Complaint, and the discovery process has not yet started. The parties are not, therefore, "ready for trial," and recommencement of the Litigation at this early stage would not result in an economical or expeditious resolution of Movants' claims.

Please, confirm receipt of this electronic mail.

If you have any questions, feel free to contact me.

Cordially,

**Lcda. Claudia A. Juan García**
**Fiscal Auxiliar III**
**División de Recursos Extraordinarios y Política Pública**
Departamento de Justicia
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tél. (787) 721-2900, ext. 2603
cjuan@justicia.pr.gov



**AVISO DE CONFIDENCIALIDAD:** Esta difusión de correo electrónico y cualquier documento adjunto contiene información que le pertenece al remitente, la cual podría ser confidencial y privilegiada. Esta información está dirigida al uso exclusivo del individuo o la entidad a la cual se le remitió este correo electrónico, según arriba indicado. Si usted no es el destinatario pretendido, cualquier divulgación, reproducción, distribución, u otra acción tomada al tenor del contenido de la información comprendida en esta difusión, está estrictamente prohibida. Si usted ha recibido por error esta difusión, favor comunicarse con la Lcda. Claudia Juan-García al (787) 721-2900, ext. 2196 y elimine este mensaje.

*"Para tener éxito no tienes que hacer cosas extraordinarias, tienes que hacer cosas ordinarias extraordinariamente bien".*

1

**From:** Claudia Juan Garcia
**Sent:** Friday, July 06, 2018 11:11 AM
**To:** 'Judith Berkan'
**Cc:** 'Carolina Velaz Rivero'; 'Luis Marini'; Iván J. Ramírez Camacho; 'Diana M. Perez'; Wandymar Burgos Vargas; Iván J. Ramírez Camacho; 'Berkan/Mendez Law Office'; mendezmaryjo@microjuris.com
**Subject:** RE: RE DOOCKET 3181 AND TERMINATION ORDER - REQUEST FOR LIFTING OF STAY

Dear Counsel:

I hereby confirm our telephone conversation in compliance with the meet and confer process. As advanced, I will proceed to discuss the matter with the legal representatives of AAFAF and circle back with you during next week. I expect to have an answer no later than Tuesday.

Cordially,

**Lcda. Claudia A. Juan García**
**Fiscal Auxiliar III**
**División de Recursos Extraordinarios y Política Pública**
Departamento de Justicia
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tél. (787) 721-2900, ext. 2603
cjuan@justicia.pr.gov



**AVISO DE CONFIDENCIALIDAD:** Esta difusión de correo electrónico y cualquier documento adjunto contiene información que le pertenece al remitente, la cual podría ser confidencial y privilegiada. Esta información está dirigida al uso exclusivo del individuo o la entidad a la cual se le remitió este correo electrónico, según arriba indicado. Si usted no es el destinatario pretendido, cualquier divulgación, reproducción, distribución, u otra acción tomada al tenor del contenido de la información comprendida en esta difusión, está estrictamente prohibida. Si usted ha recibido por error esta difusión, favor comunicarse con la Lcda. Claudia Juan-García al (787) 721-2900, ext. 2196 y elimine este mensaje.

> "Para tener éxito no tienes que hacer cosas extraordinarias, tienes que hacer cosas ordinarias extraordinariamente bien".

**From:** Judith Berkan [mailto:berkanj@microjuris.com]
**Sent:** Friday, July 06, 2018 10:16 AM
**To:** Claudia Juan Garcia
**Cc:** 'Carolina Velaz Rivero'; 'Luis Marini'; Iván J. Ramírez Camacho; 'Diana M. Perez'; Wandymar Burgos Vargas; Iván J. Ramírez Camacho; 'Berkan/Mendez Law Office'; mendezmaryjo@microjuris.com
**Subject:** RE: RE DOOCKET 3181 AND TERMINATION ORDER - REQUEST FOR LIFTING OF STAY

Good morning Claudia. It's good that we moved it from 10 to 11, since I just got in from my dental appointment. I can talk now or at any time this AM. Thanks, judith

2