# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### RESPONSE OF THE AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS TO THE MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO CLARIFY OR AMEND FOURTH AMENDED NOTICE, CASE MANAGEMENT AND ADMINISTRTIVE PROCEDURES REGARDING DISCLOSURE REQUIREMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2019

The Ad Hoc Group of General Obligation Bondholders (the "GO Group")[2] hereby responds to the *Motion of Official Committee of Unsecured Creditors to Clarify or Amend Fourth Amended Notice, Case Management and Administrative Procedures*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Members of the GO Group file this response exclusively on their behalves and do not assume any fiduciary or other duties to any other creditor or person.

1

*Regarding Disclosure Requirements Pursuant to Federal Rule of Bankruptcy Procedure 2019* [ECF No. 3432] (the "Motion").[3]

1. The premise of the Motion is that certain Rule 2019(b) Groups, including the GO Group, may have failed to fully comply with Rule 2019 and the Case Management Procedures and that, in any event, the Case Management Procedures should be amended. While the GO Group has no objection to the modification of the Case Management Procedures going forward, it responds to the Motion to both make clear that it has complied with Rule 2019 and the Case Management Procedures and to object to the retroactive relief requested by the Committee.

2. Rule 2019 requires every "group or committee that consists of or represents . . . multiple creditors" to file a verified statement disclosing, among other things, "the nature and amounts of each disclosable economic interest held *in relation to the debtor*. . . ." Fed. R. Bankr. P. 2019(b)(1), (c)(2) (emphasis added). The GO Group comprises the economic interests that its members have in the Commonwealth Title III Case.

3. The Case Management Procedures, which implement Rule 2019, provide that "for the purposes of these Title III cases, compliance with Bankruptcy Rule 2019 includes disclosure of: (i) all economic interests *with respect to each Debtor in whose Title III case the group*, committee and/or entity *has taken a position*. . . ." Case Management Procedures, §IV.A (emphasis added). Since the commencement of these

---

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

2

Title III Cases, with one exception not germane to the Motion, the GO Group has taken positions only in the Commonwealth Title III Case.[4]

4. In accordance with Rule 2019 and the Case Management Procedures, the GO Group has filed multiple verified statements disclosing its members' disclosable economic interests in the Commonwealth's debt instruments. Such level of disclosure is all that is required under Rule 2019 and the Case Management Procedures. Indeed, while the GO Group has held and continues to hold disclosable economic interests against other Title III Debtors, neither Rule 2019 nor the Case Management Procedures requires the disclosure of such interests unless the GO Group takes a position in those other Title III Cases.

5. Nevertheless, the Committee argues that the GO Group has in fact taken a position in other Title III Cases. That assertion is factually and legally inaccurate. Specifically, the Committee maintains that the GO Group has taken a position in the COFINA Title III Case by (i) intervening in The Bank of New York interpleader action [Adv. Proc. No. 17-133]; and (ii) signing on to the Commonwealth-COFINA Dispute Stipulation [Adv. Proc. No. 17-257]. Such actions, however, were taken in adversary proceedings – not the COFINA Title III Case – and thus do not trigger the disclosure requirements under Rule 2019 and the Case Management Procedures. See, *e.g.*, Michael D. Fielding, *Remember the Forgotten: Fed. R. Bankr. P. 2019*, S. Bankr. Law Inst., 3

---

[4] The GO Group did oppose the *Urgent Joint Motion of the Financial Oversight and Management Board for Puerto Rico and the Puerto Rico Fiscal Agency and Financial Advisory Authority for Entry of Interim and Final Orders (A) Authorizing Postpetition Secured Financing, (B) Granting Priming Liens and Providing Superpriority Administrative Expense Claims, (C) Modifying the Automatic Stay, (D) Scheduling a Final Hearing, and (E) Granting Related Relief* [ECF No. 2298], solely for the purpose of avoiding any collateral consequences of the Court's ruling on that motion in the Commonwealth Title III Case, but the GO Group's members did not hold and do not presently hold any PREPA debt.

(2009), http://www.sbli-inc.org/archive/2009/documents/FF.pdf ("[T]he rule's plain terms regarding a chapter 9 proceeding or a chapter 11 reorganization imply that it is not applicable in an adversary proceeding that may be filed therein. Such an interpretation is in harmony with the overall purpose of the rule whose objective is to create openness and fairness in the Chapter 11 reorganization process. The need for such openness and fairness simply does not exist in an adversary proceeding. . . ."). Similarly, notwithstanding the Committee's assertion to the contrary, the filing of a proof of claim does not amount to taking a position in a case. See, *e.g.*, *In re Craft*, 321 B.R. 189, 197 (Bankr. N.D. Tex. 2005) ("Rule 2019 . . . clearly contemplates disclosure by entities active in a chapter 9 or chapter 11 case—not necessarily disclosure by a claimant of its authority to enforce, by filing a proof of claim, a right to payment"); see also 9 Collier on Bankruptcy P 2019.02 (16th 2018) (explicitly stating that filing proofs of claim does not amount to taking a position).

6. In the Motion, the Committee seeks an order either (i) clarifying the Case Management Procedures by expressly identifying actions that would constitute "taking a position" in a Title III Case or (ii) amending the Case Management Procedures and requiring every Rule 2019(b) Group to disclose its members' disclosable economic interests with respect to all Title III Debtors. While the Committee's requested relief goes beyond Rule 2019, the GO Group does not object to the Committee's request to clarify or modify the Case Management Procedures with respect to the disclosure obligations for Rule 2019(b) Groups going forward.

7. The GO Group does object, however, to the Committee's request requiring Rule 2019(b) Groups to either amend verified statements that were filed in the past or file

new backdated verified statements as of to-be-specified prior dates which would comply with a newly modified version of the Case Management Procedures. The Committee does not point to any authority as basis for such retroactive changing of the rules. Further, the GO Group does not believe that the Committee's request requiring Rule 2019(b) Groups to file additional verified statements going back to certain unspecified dates in the past is practical. As this Court is aware, members of the GO Group – like numerous creditors involved in these Title III Cases – regularly trade in bonds issued or guaranteed by the Title III Debtors. Ordering the GO Group to retroactively file verified statements that would comply with a newly modified version of the Case Management Procedures would require the GO Group to map out exactly when certain economic interests were acquired and whether, at each point in time in these Title III Cases, such purchase would have necessitated the filing of a revised verified statement. Needless to say, imposing this undertaking on the GO Group would be both impractical and unduly burdensome.

[*Remainder of page intentionally left blank*]

Dated: July 11, 2018

/s/ Ramón Rivera Morales
J. Ramón Rivera Morales
USDC-PR Bar No. 200701
Andrés F. Picó Ramírez
USDC-PR Bar No. 302114
JIMÉNEZ, GRAFFAM & LAUSELL
P.O. Box 366104
San Juan, PR 00936
Telephone: (787) 767-1030
Facsimile: (787) 751-4068
Email: rrivera@jgl.com

Respectfully submitted,

/s/ Mark T. Stancil
Lawrence S. Robbins (admitted *pro hac vice*)
Gary A. Orseck (admitted *pro hac vice*)
Kathryn S. Zecca (admitted *pro hac vice*)
Mark T. Stancil (admitted *pro hac vice*)
Ariel N. Lavinbuk (admitted *pro hac vice*)
Donald Burke (admitted *pro hac vice*)
ROBBINS, RUSSELL, ENGLERT, ORSECK,
UNTEREINER & SAUBER LLP
1801 K Street, N.W., Suite 411-L
Washington, DC 20006
Telephone: (202) 775-4500
Facsimile: (202) 775-4510
Email: mstancil@robbinsrussell.com

/s/ Andrew N. Rosenberg
Andrew N. Rosenberg (admitted *pro hac vice*)
Richard A. Rosen (admitted *pro hac vice*)
Walter Rieman (admitted *pro hac vice*)
Kyle J. Kimpler (admitted *pro hac vice*)
Karen R. Zeituni (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: arosenberg@paulweiss.com

*Counsel to the Ad Hoc Group of General Obligation Bondholders*