# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>Re:  Dkt. Nos. 881, 882<br><br>**This Opposition Relates Only to PREPA and Shall be Filed in Both the Lead Case No. 17 BK-3283-LTS and in PREPA's Title III Case No. 17-BK-4780-LTS** |

## OPPOSITION TO MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS FILED BY LORD ELECTRIC COMPANY OF PUERTO RICO, INC.

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), on behalf of

the Puerto Rico Electric Power Authority ("PREPA") pursuant to the authority granted to it under

the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017, opposes the

*Motion for Allowance of Administrative Expense Claims* [Dkt. No. 881] (the "Motion") filed by Lord

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Electric Company of Puerto Rico, Inc. ("Lord Electric").[2]  In support of the opposition, AAFAF respectfully states as follows:

1.      In the Motion, Lord Electric requests that the Court allow as a post-petition administrative expense claim the amount of $1,091,860.96 (the "Claim").  (Mot. ¶ 1.)  Lord Electric asserts that the Claim arose through its work from September through December 2017 on restoration efforts and repair of transmission lines to the power grid post Hurricane Maria.  (*Id.*     ¶ 6.)

2.      AAFAF has offered Lord Electric to treat the Claim as an administrative expense and has informed Lord Electric that the Claim will be paid either with funds provided by the Federal Emergency Management Agency ("FEMA") when they become obligated or by PREPA at the time a plan of adjustment is confirmed.[3]  Lord Electric, however, demands immediate payment.

3.      To the extent Lord Electric is seeking immediate payment of its Claim in the Motion, such request must be denied.

4.      First, subject to limited exceptions and none of which applies to Lord Electric, Section 4-13 of the Superpriority Post-Petition Revolving Credit Loan Agreement between Puerto Rico Electric Power Authority as the Borrower and the Commonwealth of Puerto Rico as the Lender [Dkt. No. 729-3] (the "Post-Petition Credit Agreement") precludes PREPA from paying emergency related expenses such as Lord Electric's Claim.[4]

---

[2] The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), 48 U.S.C. §§ 2101-2241, has authorized AAFAF to file this opposition on behalf of PREPA.

[3] PREPA reserves all rights, defenses, and objections with respect to the amount of the Claim allowed as an administrative expense under 11 U.S.C. § 503(b).

[4] Section 4-13 of the Post-Petition Credit Agreement, in pertinent part, states that "the proceeds of the Revolving Credit Loans shall not be used for . . . repair or restoration of damaged public facilities" and that "any payment of any Emergency Spend (as defined in the Budget) shall be limited to those specific expenses (a) from which Borrower has received FEMA Reimbursement (as defined in the Budget) or FEMA has obligated funds or (b) to parties that are currently providing goods and services."

2

5.      Second, if the Claim is characterized as an administrative expense as Lord Electric asserts, PREPA may delay payment of the Claim until a plan of adjustment is confirmed under PROMESA. *See* 11 U.S.C. § 2174; PROMESA § 314(b)(4) ("The court shall confirm the plan if . . . the plan provides that on the effective date of the plan each holder of a claim of a kind specified in 507(a)(2) of title 11, United States Code, will receive on account of such claim cash equal to the allowed amount of such claim[.]").   Indeed, courts generally postpone actual payment of administrative expense claims until confirmation of a plan. *See, e.g.*, *In re Budget Uniform, Inc.*, 71 Bankr. 652, 654 (Bankr. E.D. Pa. 1987) (administrative claims "must wait for confirmation of a plan before becoming entitled to payment"); *In re Continental Airlines*, 146 B.R. 520, 531 (Bankr. D. Del. 1992) ("Most courts postpone actual payment [of administrative claims] until confirmation of a plan.") (citations omitted); *In re Global Home Prods., LLC*, 2006 Bankr. LEXIS 3608, at *15-16 (Bankr. D. Del. Dec. 21, 2006) (denying immediate payment of administrative claim).

6.      Third, to the extent Lord Electric contends it is entitled to payment immediately from PREPA because it has a direct claim against PREPA under the laws of Puerto Rico, the automatic stay under PROMESA applies to stay "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" 11 U.S.C. § 362(a)(3).[5]

For the reasons set forth above, AAFAF respectfully requests that the Court deny the Motion, and in the alternative, that the Court allow Lord Electric's Claim as an administrative expense claim and that the payment of the Claim shall be delayed until a plan of adjustment has been confirmed.

Dated: July 13, 2018                           Respectfully submitted,
       San Juan, Puerto Rico

                                               THE PUERTO RICO FISCAL AGENCY
                                               AND FINANCIAL ADVISORY

---

[5] PROMESA § 301(a) incorporates 11 U.S.C. § 362. *See* 11 U.S.C. § 2161.

3

AUTHORITY, as Fiscal Agent for PREPA

By its attorneys,

/s/ *Kevin D. Finger*
Kevin D. Finger (*admitted pro hac vice*)
David D. Cleary (*admitted pro hac vice*)
Greenberg Traurig, LLP
77 West Wacker Drive Suite 3100
Chicago, IL 60601
Phone: 312.456.8400
Fax: 312.456.8435
Email: fingerk@gtlaw.com
        clearyd@gtlaw.com

Nathan A. Haynes (*admitted pro hac vice*)
Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Phone: 212.801.9200
Fax: 212.801.6400
Email: haynesn@gtlaw.com

Joseph P. Davis III (*admitted pro hac vice*)
Greenberg Traurig, LLP
One International Place, Suite 2000
Boston, MA 02110
Phone: 617.310.6000
Fax: 617.310.6001
Email: davisjo@gtlaw.com

THE PUERTO RICO ELECTRIC
POWER AUTHORITY

By its attorneys,

/s/ *Arturo Díaz Angueria*
USDC No. 117907

/s/ *Katiuska Bolaños Lugo*
USDC No. 231812
CANCIO, NADAL, RIVERA & DÍAZ, P.S.C.
PO Box 364966
San Juan, PR  00936-4966
Phone: (787) 767-9625
Fax:  (787) 764-4430

4

Email: adiaz@cnrd.com
kbolanos@cnrd.com