Hearing Date: **July 25, 2018 at 9:30 a.m. (AST)**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br>*et al.*<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## URGENT MOTION TO COMPEL THE
## PUERTO RICO DEPARTMENT OF TREASURY
## TO COMPLY WITH THE FIRST AND SECOND AMENDED ORDERS
## SETTING PROCEDURES FOR INTERIM COMPENSATION AND
## REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

---

[1] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric and Power Authority (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747).

**Table of Contents**

**Preliminary Statement**..................................................................................................................1

**Background** ..................................................................................................................................3

    A.  **The Retiree Committee's Professionals And The Interim Compensation Orders.** ..............................................................................................................................3

    B.  **Hacienda's Erroneous Withholding And Failure To Timely Pay Fees.** ........................4

**Relief Requested**...........................................................................................................................8

**Request for Urgent Hearing**........................................................................................................9

i

**URGENT MOTION TO COMPEL THE
PUERTO RICO DEPARTMENT OF TREASURY
TO COMPLY WITH THE FIRST AND SECOND AMENDED ORDERS
SETTING PROCEDURES FOR INTERIM COMPENSATION AND
<u>REIMBURSEMENT OF EXPENSES OF PROFESSIONALS</u>**

The Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**"), respectfully files this urgent motion ("**Motion**") for entry of an order directing the Puerto Rico Department of Treasury, part of the Commonwealth's central government ("**Hacienda**") [2] to comply with this Court's First Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Dkt. No. 1715] (the "**First Amended Interim Compensation Order**") and the Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Dkt. No. 3269] (the "**Second Amended Interim Compensation Order**, together with the First Amended Interim Compensation Order, the "**Interim Compensation Orders**"). In support of this Motion, the Retiree Committee states:

**PRELIMINARY STATEMENT**

1. The Retiree Committee's professionals have worked diligently to resolve the issues presented by this Motion without this Court's intervention over the past several months. They have provided all requested summary information, all certifications, and all declarations. They have even enlisted—at their own expense—the services of Deloitte in Puerto Rico to provide tax and accounting assistance to Hacienda. Despite the Retiree Committee's professionals' best efforts, Hacienda has failed to pay amounts that are due under the Interim Compensation Orders.

---

[2] Hacienda is represented by counsel to AAFAF. In communications with counsel before the expiration of the original filing deadline of July 3, 2018 for matters on the July 25, 2018 omnibus hearing docket, counsel represented that it would not object to this Motion being set for hearing for the July 25, 2018 omnibus hearing date.

2. Hacienda's failure to pay imposes a particular financial hardship on the Retiree Committee's two Puerto Rico-based firms, both of which are smaller firms for which this engagement requires a significant amount of their time and resources relative to other matters. It is imperative that they are paid for their work consistent with the Interim Compensation Orders. The Retiree Committee's stateside professionals have also devoted substantial time and resources to this representation. For them, Hacienda is not only failing to pay their fees and expenses when due, but it is also applying an arbitrary and erroneous 29% tax withholding to *all* fees without regard to whether they were incurred on- or off-Island. Hacienda has imposed this withholding despite the fact that the Retiree Committee's professionals provided Hacienda with detailed statements reflecting their on- and off-Island billings, as well as registrations and waivers that make the maximum amount of withholding for on-Island fees 7% (and in the case of Jenner & Block, which obtained a partial waiver of the withholding tax, 3%). These erroneous tax withholdings are in addition to the 15% fee-rate discounts being provided by Jenner & Block and Segal Consulting and the 10% interim holdbacks under the Interim Compensation Orders.

3. The Retiree Committee's professionals have been in regular contact with Hacienda and its counsel—even as late as yesterday afternoon—in the hopes of resolving these fee issues consensually. Hacienda does not dispute the amounts that are overdue, nor does it dispute that it over-withheld from prior payments. But Hacienda continues to request duplicative information and has not provided the Retiree Committee's professionals with any certainty about when it will pay the amounts that are significantly overdue under this Court's Interim Compensation Orders. Accordingly, the Retiree Committee seeks entry of an Order compelling Hacienda to pay the overdue amounts, including all amounts erroneously withheld from prior payments.

## BACKGROUND

**A.     The Retiree Committee's Professionals And The Interim Compensation Orders.**

4.     Pursuant to Orders of this Court, the Retiree Committee employed the law firms of Jenner & Block LLP ("**Jenner**") and Bennazar, Garcia & Milián, C.S.P. ("**Bennazar**") as its legal counsel, FTI Consulting ("**FTI**") as its financial advisors, Segal Consulting ("**Segal**") as its actuarial advisors, and Marchand ICS ("**Marchand**") as its Information Agent (collectively, the "**Retiree Committee's Professionals**"). [*See* Dkt. 1002, 1003, 1004, 1413, 1415.] Jenner, Bennazar, FTI, and Segal have been providing services to the Retiree Committee since June 2017. Marchand has been providing services to the Retiree Committee since July 2017.

5.     Bennazar and Marchand are Puerto Rico firms registered to do business in Puerto Rico. Jenner and Segal are each registered Foreign For-Profit Limited Liability Partnerships, and FTI is a registered Foreign For-Profit Corporation, under the laws of the Government of Puerto Rico, and each has provided Hacienda with copies of their registration. (*See* Group Exhibit A.)

6.     On November 8, 2017, the Court entered the First Interim Compensation Order. [Dkt. 1715.] Pursuant to paragraph 2.c of the First Interim Compensation Order, following the expiration of the 10-day objection period to monthly statements, "the Debtors in whose cases such Professionals are retained and/or employed shall promptly pay, and in no event pay later than fourteen (14) calendar days after receiving the Monthly Fee Objection Statement, the Professional an amount equal to the lesser of (i) 90% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement. . . ." (First Interim Compensation Order ¶ 2.c.)

7.     On June 6, 2018, the Court entered the Second Amended Interim Compensation Order. [Dkt. 3269.] The Second Amended Interim Compensation Order contained the same procedures for submitting monthly fee statements and receiving a 90% payment after the expiration of a 10-day objection period. (*Id.*) Its primary difference from the First Interim

3

Compensation Order was the addition of procures requiring professionals to comply with Puerto Rico law. (*See* Second Interim Compensation Order ¶¶ 9-14.)

8. Specifically, it provides, "[e]ach Professional in the Title III case shall comply with Puerto Rico tax withholding law, *to the extent applicable* to such Professional." (*Id.* at ¶ 9 (emphasis supplied).) It also requires professionals to send their retention agreements to the Department of Treasury (*id.* at ¶ 10), to have principals retroactively certify all fee statements served prior to the entry of the Second Amended Interim Compensation Order (*id.* at ¶ 11), to have principals certify fee statements going forward (*id.*), and to provide certain certifications regarding their fees (*id.*). The Retiree Committee's Professionals have complied with all aspects of the Second Amended Interim Compensation Order.

9. Notably, the Government of Puerto Rico, through AAFAF, was a party to the proceedings that resulted in entry of the Court's Interim Compensation Orders and supported and did not oppose the entry of these Orders.

10. Consistent with the Interim Compensation Orders, the Retiree Committee's Professionals have timely served monthly statements for the fees and expenses incurred on behalf of the Retiree Committee on AAFAF and the Financial Oversight and Management Board (the "**FOMB**"), as well as the other notice parties. (Second Interim Compensation Order ¶ 2.) Neither AAFAF, nor the FOMB, nor any other party has objected to any of the monthly statements that the Retiree Committee's Professionals have submitted.

**B.     Hacienda's Erroneous Withholding And Failure To Timely Pay Fees.**

11. Over the past several months, Hacienda has failed to comply with the Interim Compensation Orders in two material respects: (1) it has failed to pay monthly statements and approved holdbacks as they become due, and (2) it has erroneously and arbitrarily imposed an inapplicable tax upon the entirety of the fees of certain of the Retiree Committee's Professionals.

4

12. As of the date of this Motion, Hacienda has repeatedly failed to make payments on long overdue monthly statements and Court-approved interim fee applications. Hacienda has not paid Bennazar's February fees and expenses nor its second interim fee application holdback. Hacienda has not paid Marchand's March fees and expenses nor its first and second interim fee application holdback amounts. Hacienda has not paid Segal's February or March fees and expenses, nor the full amounts due to Segal for January and April. Hacienda has not paid Jenner's and FTI's April fees and expenses nor their second interim fee application holdback amounts.

13. In addition to these long overdue fees and expenses, Hacienda has wrongfully imposed a 29% withholding tax on certain of the Retiree Committee's Professionals' fees. Hacienda first advised of its intent to apply the withholding tax to professionals' fees on May 1, 2018. Counsel for AAFAF sent an e-mail to the Retiree Committee's Professionals and other professionals in these Title III cases explaining:

- For "Puerto Rico residents or foreign entities doing business in Puerto Rico," "payments will be subject to a 7% income tax withholding pursuant to Section 1062.03 of the PR Code."

- For "foreign entities not doing business in Puerto Rico, any payments considered Puerto Rico source income will be subject to a 29% income tax withholding pursuant to Section 1062.11 of the PR Code."

(*See* May 1, 2018 Email of P. Friedman, attached hereto as Exhibit B.)

14. That same day, Jenner, FTI, Segal, and Marchand each received overdue payments (the "**May 1 Payments**") for services rendered and expenses incurred in the months of January and February 2018,[3] as well as for the fees held back for work performed in June through September 2017 that the District Court approved on March 7, 2018. (*See* Dkt. 2685.) But instead

---

[3] FTI also received payments on account of its November and December 2017 fee statements on May 1, 2018.

5

of complying with the First Interim Compensation Order and paying 90% of fees and 100% of expenses, the May 1 Payments reflected an unexpected 29% reduction in payment of the requested and approved fees, notwithstanding that all but a small fraction of the billed fees pertained to services provided off-Island and that the stateside Retiree Committee's Professionals are registered foreign entities doing business in Puerto Rico.[4]

15. Beginning with their March 2018 fee statements, the Retiree Committee's Professionals also provided specific language in their cover letters regarding the applicability of any withholding tax, and the Retiree Committee's stateside professionals bifurcated their bills between on- and off-Island time. For example, Jenner's amended cover letter[5] for its March fee statement provided, in boldface type:

> **Jenner is a registered Foreign for Profit Limited Liability Partnership under the laws of the Government of Puerto Rico. I enclose a copy of Jenner's Certificate of Authorization to do Business in Puerto Rico. <u>All of Jenner's services reflected in the March Fee Statement were performed outside of Puerto Rico</u>. Accordingly, the Government should not withhold any Puerto Rico taxes from the $485,931.29 that is now due and owing to Jenner.**

(Jenner's March cover letter attached hereto as <u>Exhibit C</u>). Jenner's cover letter for its April fee statement similarly provided:

> **Please note that Jenner is a registered Foreign for Profit Limited Liability Partnership under the laws of the Government of Puerto Rico. I enclose a copy of Jenner's Certificate of Authorization to do Business in Puerto Rico. Accordingly, to the extent the Government applies a 7% income tax withholding to amounts due to Jenner, it should do so only with respect to the fees in the amount of $16,302.15 under the category "Puerto Rico Fees", which reflect all services rendered by Jenner on-lsland pursuant to this fee statement.**

---

[4] Hacienda also did not even do what its counsel represented in his May 1, 2018 email. Even though Marchand is a Puerto Rico firm doing business in Puerto Rico and incorporated under the laws of Puerto Rico, Hacienda nonetheless withheld 29% of its fees, and not the 7% that counsel stated would be withheld.

[5] Due to the voluminous nature of the Retiree Committee's Professionals' monthly fee statements, the Retiree Committee attaches the cover letters for Jenner's March and April monthly fee statements as illustrative of its professionals' efforts to make the proper calculations clear for Hacienda.

(Jenner's April cover letter attached hereto as Exhibit D.)[6] Each of the stateside Retiree Committee's Professionals' cover letters have included similar language.

16. Notwithstanding this language in their cover letters and all the other documentation and efforts provided by the Retiree Committee's Professionals, when the stateside Retiree Committee's Professionals received payment for their March 2018 monthly statements (on June 28, 2018, several weeks overdue), Hacienda again applied a 29% withholding tax.

17. Hacienda's response to the Retiree Committee's Professionals' efforts to resolve these issues has been disappointing. Hacienda has offered a variety of shifting reasons for why it is unable to pay the amounts due. Hacienda's most recent position is that it cannot pay amounts due from Fiscal Year 2018 (July 1, 2017–June 30, 2018) until it obtains approval from the FOMB. Of course, this explanation does not make sense: no such approval is needed (the payments are required by Court order and are accounted for in the Government's budgeting process), and this does not explain why the requested fees, all of which were due and payable in Fiscal Year 2018, were not paid in Fiscal Year 2018. As to the erroneous withholding taxes, Hacienda has advised the stateside Retiree Committee's Professionals that they need to file a tax refund form and wait to see what happens next. At their own expense, Jenner and FTI have engaged tax consultants to address these issues with Hacienda, and in fact completed and submitted forms to Hacienda in early June for the amounts wrongfully withheld, but their efforts have likewise proved unsuccessful to date.

---

[6] Jenner subsequently obtained a partial waiver of the withholding tax, making the maximum amount of any withholding for on-Island fees 3 percent. It provided a copy of that partial waiver to AAFAF on June 29, 2018. A copy of the partial waiver is attached hereto as Exhibit E.

7

**RELIEF REQUESTED**

18. By this Motion, the Retiree Committee's Professionals respectfully request the entry of an Order: (a) directing Hacienda to comply with the Interim Compensation Orders and to pay to the Retiree Committee's Professionals, on or before July 31, 2018, all fees and expenses due under the Interim Compensation Orders; and (b) directing Hacienda to remit the withholdings erroneously applied to the stateside Retiree Committee's Professionals and Marchand on or before July 31, 2018.

19. *First*, the Retiree Committee's Professionals have complied fully with the Interim Compensation Orders. No party, including the FOMB, has formally or informally objected to any of the Retiree Committee's Professionals' monthly statements. This Court's Interim Compensation Orders do not permit Hacienda to arbitrarily refuse to pay professionals' fees. Hacienda's failure to pay is in direct conflict with the mandates of this Court's Orders, and it should be compelled to pay all fees and expenses due to the Retiree Committee's Professionals on or before July 31, 2018.

20. *Second*, Hacienda does not dispute that the blanket 29% withholding tax it applied to the stateside Retiree Committee's Professionals and Marchand was inappropriate. The Retiree Committee's Professionals have provided Hacienda with detailed spreadsheets reflecting the proper withholdings for their on-Island fees, and Hacienda does not appear to dispute the Retiree Committee's Professionals' calculations. Marchand is a Puerto Rico based firm and subject at most to 7% withholding. Accordingly, Hacienda should be ordered to remit excessive and erroneous withholdings to the Retiree Committee's Professionals on or before July 31, 2018.

21. In short, the Retiree Committee's Professionals are providing necessary and valuable services to the Retiree Committee, have complied with every requirement of the Interim Compensation Orders and with the additional mandates of Hacienda, and are entitled to be paid.

8

## REQUEST FOR URGENT HEARING

22. The Retiree Committee did not file this Motion on July 3, 2018 because it was still engaged in what it hoped would be productive discussions with Hacienda. To allow the opportunity to resolve the issues presented by this Motion, counsel for the Retiree Committee requested and obtained from counsel for Hacienda its agreement that the Retiree Committee could file this Motion on or before July 13, 2018 for hearing on July 25, 2018 and its corresponding consent to shortened notice on this Motion. The Retiree Committee's undersigned counsel hereby certifies that the Retiree Committee engaged in good-faith communications with Hacienda regarding the contents of this Motion. The Retiree Committee anticipates that Hacienda may file an objection or other response to this Motion. Accordingly, the Retiree Committee respectfully requests that this Court set the Motion for hearing for the July 25, 2018 omnibus hearing date.

WHEREFORE, the Retiree Committee's Professionals respectfully request entry of an Order: (a) directing Hacienda to comply with the Interim Compensation Orders and to pay to the Retiree Committee's Professionals, on or before July 31, 2018, all fees and expenses due under the Interim Compensation Orders; (b) directing Hacienda to remit the withholdings erroneously applied to the stateside Retiree Committee's Professionals and Marchand on or before July 31, 2018; and (c) granting such other relief as may be just.

| | |
|---|---|
| July 13, 2018 | Respectfully submitted, |
| JENNER & BLOCK LLP | BENNAZAR, GARCÍA & MILIÁN, C.S.P. |
| By:<br>*/s/ Robert Gordon*<br>Robert Gordon (admitted *pro hac vice*)<br>Richard Levin (admitted *pro hac vice*)<br>919 Third Ave<br>New York, NY 10022-3908<br>rgordon@jenner.com<br>rlevin@jenner.com<br>212-891-1600 (telephone)<br>212-891-1699 (facsimile) | By:<br>*/s/ A.J. Bennazar-Zequeira*<br>A.J. Bennazar-Zequeira<br>Héctor M. Mayol Kauffmann<br>Edificio Union Plaza, 1701 Avenida Ponce de León #416<br>Hato Rey, San Juan<br>Puerto Rico 00918<br>ajb@bennazar.org<br>hector.mayol@bennazar.com<br>787-754-9191 (telephone)<br>787-764-3101 (facsimile) |
| Catherine Steege (admitted *pro hac vice*)<br>Melissa Root (admitted *pro hac vice*)<br>353 N. Clark Street<br>Chicago, IL 60654<br>csteege@jenner.com<br>mroot@jenner.com<br>312-222-9350 (telephone)<br>312-239-5199 (facsimile) | *Counsel for The Official Committee of Retired Employees of Puerto Rico* |