UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors.[1] | (Jointly Administered) |

---

| | |
|---|---|
| TAMRIO, INC., CONSTRUCTORA SANTIAGO II, CORP., FERROVIAL AGROMAN, S.A., and FERROVIAL AGROMAN, LLC | **Re: ECF Nos. 614, 627, 685, and 686** |
| Movants, | |
| v. | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Respondents. | |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**STIPULATION TO RESOLVE MOTIONS TO COMPEL ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS FILED BY TAMRIO, INC., CONSTRUCTORA SANTIAGO II, CORP., FERROVIAL AGROMAN, S.A., AND FERROVIAL AGROMAN, LLC [ECF NOS. 614, 627, 685, AND 686]**

This stipulation (the "Stipulation") is made as of July 16, 2018, by and between (i) the Puerto Rico Highways and Transportation Authority ("HTA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as HTA's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] and (ii) Tamrio, Inc. ("Tamrio"), Constructora Santiago II, Corp. ("CSII"), Ferrovial Agroman, S.A. ("Ferrovial S.A."), and Ferrovial Agroman, LLC ("Ferrovial LLC," or collectively with Tamrio, CSII, and Ferrovial S.A., the "Movants").

**Recitals**

WHEREAS, on May 21, 2017, HTA, by and through the Oversight Board, as HTA's representative pursuant to PROMESA section 315(b), filed a petition with the United States District Court for the District of Puerto Rico (the "District Court") under title III of PROMESA (the "Title III Case").

WHEREAS, the Movants each filed a motion to compel HTA to assume or reject certain executory contracts [ECF Nos. 614, 627, 685, and 686] (collectively, the "Motions").

WHEREAS, the Motions seek an order requiring HTA to assume or reject certain construction contracts, to which the Movants are counterparties (as identified in the following paragraph, the "Construction Contracts"), and cure pre-petition obligations allegedly owed to the Movants on projects in various stages of construction arising out of the Construction Contracts.

WHEREAS, the Construction Contracts consist of the following, as identified by each of the Movants, their project number, and federal number, if applicable:

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

| Movant | Project Number | Federal Number |
|---|---|---|
| Tamrio | AC-005374 | LY-53(6) |
| Tamrio | AC-010270 | MP-102(18) |
| Tamrio | AC-802271 | MP-14(29) |
| Tamrio | AC-800400 | ER-31(23) |
| CSII | AC-800470 | N/A |
| Ferrovial S.A. | AC-800308 | LP-9999(104) |
| Ferrovial S.A. | AC-00911 | LP-9(6) |
| Ferrovial LLC | AC-100087 | MP-10(76) |
| Ferrovial LLC | AC-017250 | MP-172(12) |
| Ferrovial LLC | AC-200266 | MP-2(62) |
| Ferrovial LLC | AC-800467 | MP-18(11) |

**WHEREAS**, HTA and the Movants met and conferred, and have resolved the pending Motions involving the Construction Contracts.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among HTA and the Movants, through their counsel, each of whom represent and warrant they possess the requisite authority to bind the respective parties hereto, as follows:

1. The Movants hereby withdraw their Motions with prejudice, effective immediately upon the District Court's approval of the Stipulation.

2. HTA shall continue to perform its obligations under the Construction Contracts until such time as HTA elects to assume or reject the same.

3. HTA and the Oversight Board do not agree with the assertions contained in the Motions, and the Stipulation does not constitute a waiver of any argument with respect thereto to

the extent raised by the Movants or any other party in subsequent proceedings in this Title III Case or otherwise.

4. The Stipulation shall not be construed as a waiver by Movants or HTA of any argument in connection with any other executory contract not specifically included in this Stipulation.

5. Because the Construction Contracts are funded with certain federal and/or state funds, HTA shall continue to maintain segregated accounts (the "Segregated Accounts") with a depository institution or trust company insured by the Federal Deposit Insurance Corporation to deposit funds transferred to it by Federal Highway Administration to pay certifications and retainage for the Construction Contracts. Upon the deposit of the federal funds in the Segregated Accounts, HTA will use reasonably commercial efforts to disburse the monies transferred to HTA for payment of certifications and retainage under the Construction Contracts within five (5) business day after HTA receives payment from FHA.

6. HTA agrees to the modification of the automatic stay as to the matters identified in **Exhibit A** (the "Prepetition Litigation"), pursuant to Bankruptcy Code sections 362(a) and 922(a), made applicable to the Title III Case by PROMESA section 301(a) (the "Title III Stay"), solely to allow the Prepetition Litigation to proceed to final judgment in the Puerto Rico Court of First Instance and for any appeal to proceed to final judgment before the Puerto Rico Court of Appeals or Puerto Rico Supreme Court for these ordinary contract administration claims stemming from the Construction Contracts; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Litigation, including, but not limited to, the execution and enforcement of any judgment for money damages and provisional remedies against HTA or any other Title III Debtor.

7. Nothing contained in this Stipulation shall operate as a waiver or modification of the Title III Stay so as to permit the prosecution against HTA or any other Title III debtor of any claim or claims by anyone other than the Movants as provided for herein and HTA reserves all rights, defenses, and protections with respect to any matters pending or that may arise in the Title III Case, including the treatment of any claim arising from the Construction Contracts under a plan of adjustment or otherwise in the Title III Case.

8. Any claim for post-petition work properly performed by the Movants under the Construction Contracts, which complies with section 503 of the Bankruptcy Code and is duly accepted by HTA pursuant to the terms and conditions of the Construction Contracts, shall be deemed an administrative expense claim pursuant to section 503(a) of the Bankruptcy Code, made applicable to the Title III Case by PROMESA section 301(a).

9. HTA and the Movants represent and warrant that they are properly and fully empowered to enter into and execute this Stipulation, and are not aware of any contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that the Stipulation is legal, valid, and binding upon them, upon entry of an order by this Court approving the Stipulation.

10. Neither this Stipulation, nor the settlement provided for herein, nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of HTA's rights to dispute, contest, setoff, or recoup any claim, including any claims asserted by the Movants in any claim arising from the Construction Contracts, or assert any related rights, claims, or defenses and all such rights are reserved; or

(c) an approval or assumption of any agreement or contract between the parties under Bankruptcy Code section 365.

11. Nothing in this Stipulation shall be deemed or construed as (a) creating or conferring any right upon any persons or entities (other than the Movants as expressly provided in this Stipulation) or (b) evidence of HTA's willingness or obligation to consent to any other or future modifications of or relief from the Title III Stay with respect to any persons or entities.

12. This Stipulation contains the entire agreement by and between the parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

13. This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico. For purposes of construing this Stipulation, neither of the parties shall be deemed to have been the drafter of the Stipulation.

14. Electronic copies of signatures on this Stipulation are acceptable, and an electronic copy of a signature on this Stipulation is deemed an original. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

15. This Stipulation may not be modified other than by a signed writing executed by the parties hereto.

16. The District Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

17. This Stipulation shall be immediately effective and enforceable upon approval by the District Court.

**IN WITNESS WHEREOF** and in agreement herewith, by and through their counsel, the parties have executed and delivered this Stipulation as of the date first set forth above.

Dated: July 16, 2018
San Juan, Puerto Rico

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Maja Zerjal

**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205

**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/ José F. Cardona Jimenez*
José F. Cardona Jimenez
USDC No. 124504

**CARDONA JIMENEZ LAW OFFICES, PSC**
PO Box 9023593
San Juan, PR 00902-3593
Tel: (787) 724-1303
Fax: (787) 724-1369
jf@cardonalaw.com

*Attorney for Movants*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that an electronic copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                                      */s/ Hermann D. Bauer*
                                                      Hermann D. Bauer
                                                      USDC No. 215205

## **Exhibit A**

**Itemized List of Pending Litigation under the Construction Contracts**

**Constructora Santiago**

| 1 | Administrative Claim | Constructora Santiago vs ACT | Reclamación por gastos de Operación Extendida de Campo "Field Office Overhead" $563,236.22 AC-800470 | |

15

**Ferrovial Agroman LLC**

| | | | | |
|---|---|---|---|---|
| 1 | **KAC-2016-0393 (508)**<br>Superior de San Juan | Ferrovial Agroman, LLC vs ACT | AC-221187 – Carril para sistema de metro urbano PR-22 – Toa Baja<br>AC-556703 – Reparación puente 2863 entre Ciales y Morovis<br>AC-200249 – Conversión expreso PR-2-Ponce<br>AC-520114- Nuevas plazas de peaje – Juana Díaz<br>AC-010181 – Reconst. Pavimentos PR-2 Bayamón | |
| 2 | **KAC-2016-0394 (806)**<br>Superior de San Juan | Ferrovial Agroman, LLC vs ACT | AC-010262 – Reemplazo puente sobre Canal Corazones PR-102 – Mayagüez | |
| 3 | Administrativo<br>Proyecto de Ejecución | Ferrovial Agroman, LLC vs ACT | AC-100087<br>PR-10 Rehabilitación Ponce | |
| 4 | Administrativo<br>Proyecto de Ejecución | Ferrovial Agroman, LLC vs ACT | AC-017250<br>Pr-172 km0.0-12.5 Caguas-Cidra | |
| 5 | Administrativo<br>Proyecto de Ejecución | Ferrovial Agroman, LLC vs ACT | AC-200266<br>PR-2 Mejoras Geométricas | |

5

**Ferrovial Agroman S.A.**

| | | | | |
|---|---|---|---|---|
| 1 | Administrativo | Ferrovial Agroman, S.A. vs ACT | Construcción de Carretera PR-9, desde la Avenida Las Américas hasta la PR-132-Ponce (AC-000915) | |
| 2 | **KAC-2016-0392 (807)** Superior de San Juan | Ferrovial Agroman, S.A. vs ACT | Construcción de Carretera PR-9, desde la PR-132 hasta la PR-123-Ponce (AC-000911) | |
| 3 | **KAC-2016-0395 (803)** Superior de San Juan | Ferrovial Agroman, S.A. vs ACT | AC-006827 (Autopista Roberto Sánchez-Canóvanas); AC-300109 (Rehab. pavimento PR-30-Juncos; AC-015926- (Corrección deslizamiento PR-159-Morovis) | |
| 4 | Administrativo | Ferrovial Agroman, S.A. vs ACT | AC-200249 (Conversión a expreso PR-2-Ponce) | |
| 5 | Administrativo | Ferrovial Agroman, S.A. vs ACT | AC-002131 Mejoras Área Estación Cupey | |
| 6 | Administrativo Proyecto de Ejecución | Ferrovial Agroman, S.A. vs ACT | AC-800308 Mejoras a Señales Riomar | |
| 7 | Administrativo Proyecto de Ejecución | Ferrovial Agroman, S.A. vs ACT | AC-00911 PR-9 a PR-132 | |
| 8 | Administrativo Proyecto de Ejecución | Ferrovial Agroman, S.A. vs ACT | AC-800467 PR-18 a PR-21 San Juan | |
| 9 | Administrativo | Ferrovial Agroman, S.A. vs ACT | AC-011019 Mejoras PR-110 Añasco/Moca | |

4

**Tamrío, Inc.**

| | | | | |
|---|---|---|---|---|
| 1 | **KAC-2016-1061 (503)** Superior de San Juan | Tamrío, Inc. vs ACT | Desvío de Lares, PR-111 (AC-011187) | |
| 2 | **KAC-2017-0093 (603)** Superior de San Juan | Tamrío, Inc. vs ACT | Mejoras a carretera PR-308-Cabo Rojo AC-030809 | |
| 3 | Administrativo | Tamrío, Inc. vs ACT | Vereda ciclista PR-165 (paseo lineal) Toa Baja (AC-010166) | |
| 4 | Administrativo | Tamrío, Inc. vs ACT | Conversion a expreso PR-2-Hormigueros (AC-200215) | |
| 5 | Administrativo Proyecto de Ejecución | Tamrío, Inc. vs ACT | Yabucoa AC-005374 | |
| 6 | Administrativo Proyecto de Ejecución | Tamrío, Inc. vs ACT | Cayey AC-802271 | |
| 7 | Administrativo Proyecto de Ejecución | Tamrío, Inc. vs ACT | Naguabo AC-800400 | |
| 8 | Administrativo | Tamrío, Inc. vs ACT | Guanica AC-011628 | |
| 9 | Administrativo | Tamrío, Inc. vs ACT | Peñuelas AC-313205 | |
| 10 | Administrativo | Tamrío, Inc. vs ACT | San Germán AC-210207 | |
| 11 | Administrativo | Tamrío, Inc. vs ACT | San Germán AC-210208 | |
| 12 | Administrativo | Tamrío, Inc. vs ACT | Orocovis AC-015567 | |
| 13 | Administrativo | Tamrío, Inc. vs ACT | El Cinco, Hormigueros AC-034507 | |
| 14 | Administrativo | Tamrío, Inc. vs ACT | Ponce | |

1

|    |                |                     |                                            |   |
|----|----------------|---------------------|--------------------------------------------|---|
|    |                |                     | AC-200280                                  |   |
| 15 | Administrativo | Tamrío, Inc. vs ACT | Caguas<br>AC-076307                        |   |
| 16 | Administrativo | Tamrío, Inc. vs ACT | San Germán – Cabo Rojo<br>AC-010270        |   |
| 17 | Administrativo | Tamrío, Inc. vs ACT | Toa Baja<br>AC-010166                      |   |
| 18 | Administrativo | Tamrío, Inc. vs ACT | Mayagüez, Añasco, Utuado/Lares<br>AC-815536 |   |
| 19 | Administrativo | Tamrío, Inc. vs ACT | Canóvanas<br>AC-096206                     |   |

2