**Hearing Date: November 7, 2018 at 9:30 a.m. AST**
**Objection Deadline: August 6, 2018** (for parties other than the Fee Examiner)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**SUMMARY COVER SHEET TO THE THIRD APPLICATION OF FTI CONSULTING, INC. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO FROM FEBRUARY 1, 2018 THROUGH MAY 31, 2018**

| | |
|---|---|
| Name of Applicant: | FTI Consulting, Inc. |
| Authorized to Provide Services To: | The Official Committee of Retired Employees of the Commonwealth of Puerto Rico |
| Retention Date: | June 27, 2017 |

---

[1] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are:  (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric and Power Authority  (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747).

| | |
|---|---|
| Period for which compensation is sought: | February 1, 2018 through May 31, 2018 |
| Monthly Fee Statements subject to the request: | February 2018—May 2018 |
| Total compensation sought this period: | $ 1,877,094.50 |
| Total expenses sought this period: | $ 18,368.45 |
| Petition Date: | May 3, 2017 |
| Retention Date: | June 27, 2017 |
| Date of Order Approving Employment: | October 6, 2017 |
| Total compensation approved by interim order to date: | $ 1,761,963.11 |
| Total expenses approved by interim order to date: | $ 10,480.70 |
| Total compensation paid to date: | $ 1,834,935.81 |
| Total expenses paid to date: | $ 32,810.33 |
| Total compensation subject to objection: | None |
| Total expenses subject to objection: | None |
| Blended rate in this application for all professionals: | $ 624.99 |
| Number of Professionals Included in this Application: | 29 |
| Difference Between Fees Budgeted and Compensation Sought: | Not Applicable |
| Number of Professionals Billing Fewer than 15 Hours to this Case: | 8 |
| Rates Higher than Those Disclosed at Retention: | FTI adjusted some professionals' hourly rates to be reflective of promotions and other periodic rate adjustments as of April 1, 2018. All time recorded in April and May 2018 is at the current rates, which are reflected herein. |

The fee or expense totals in this application are not different from the sum of previously-served monthly statements.

This is an ***interim*** application.

The total time expended for fee application preparation for the Interim Fee Period is approximately 148.5 hours and the corresponding compensation requested is approximately $73,373.50.

Objection Deadline:                                   August 6, 2018 (for parties other
                                                      than the Fee Examiner)

**SUMMARY OF HOURS BY PROFESSIONAL**
**FOR THE PERIOD FEBRUARY 1, 2018 TO MAY 31, 2018**

| Professional | Position | Blended Billing Rate | Mainland Fees | | On-island Fees | | Total Fees | |
|---|---|---|---|---|---|---|---|---|
| | | | Hours | Fees | Hours | Fees | Total Hours | Total Fees |
| Gibson, Wayne | Senior Managing Director | $ 695 | 7.2 | $ 5,004.00 | - | $ - | 7.2 | $ 5,004.00 |
| Gumbs, Sean | Senior Managing Director | 1,075 | 360.8 | 387,860.00 | 20.5 | 22,037.50 | 381.3 | 409,897.50 |
| Malloy, Michael | Senior Managing Director | 815 | 44.1 | 35,941.50 | - | - | 44.1 | 35,941.50 |
| Simms, Steven | Senior Managing Director | 1,075 | 19.8 | 21,285.00 | - | - | 19.8 | 21,285.00 |
| Smith, Ellen | Senior Managing Director | 1,020 | 8.0 | 8,160.00 | - | - | 8.0 | 8,160.00 |
| Smith, Lawrence | Senior Managing Director | 910 | 1.0 | 910.00 | - | - | 1.0 | 910.00 |
| Maddox, Brian | Senior Managing Director I | 850 | 0.6 | 510.00 | - | - | 0.6 | 510.00 |
| Fish, Mark | Managing Director | 675 | 11.5 | 7,762.50 | - | - | 11.5 | 7,762.50 |
| Grunwald Kadar, Andrea | Managing Director | 915 | 232.2 | 212,463.00 | 2.5 | 2,287.50 | 234.7 | 214,750.50 |
| Heeren, Ana | Managing Director | 700 | 30.6 | 21,420.00 | - | - | 30.6 | 21,420.00 |
| Mulkeen, Tara | Managing Director | 705 | 68.6 | 48,363.00 | - | - | 68.6 | 48,363.00 |
| Park, Ji Yon | Managing Director | 855 | 315.6 | 269,838.00 | - | - | 315.6 | 269,838.00 |
| Robertson, David | Managing Director I | 700 | 1.0 | 700.00 | - | - | 1.0 | 700.00 |
| Lee, Calvin | Senior Director | 765 | 123.0 | 94,095.00 | - | - | 123.0 | 94,095.00 |
| LaMagna, Matthew | Director | 450 | 1.5 | 675.00 | - | - | 1.5 | 675.00 |
| Chu, Josephine | Senior Consultant | 455 | 75.7 | 34,443.50 | - | - | 75.7 | 34,443.50 |
| Emerton, Charlie [1] | Senior Consultant | 453 | 189.6 | 85,952.00 | - | - | 189.6 | 85,952.00 |
| Leese, Nicholas [2] | Senior Consultant | 495 | 67.8 | 33,527.50 | - | - | 67.8 | 33,527.50 |
| Mossop, Julian | Senior Consultant | 580 | 236.0 | 136,880.00 | - | - | 236.0 | 136,880.00 |
| Sombuntham, Natalie [1] | Senior Consultant | 493 | 533.0 | 262,517.00 | - | - | 533.0 | 262,517.00 |
| Garcia Pelaez, Andres [2] | Senior Consultant I | 394 | 27.7 | 10,900.00 | - | - | 27.7 | 10,900.00 |
| Mann, Sarah | Senior Consultant I | 350 | 1.3 | 455.00 | - | - | 1.3 | 455.00 |
| Cherian, Ritika [2] | Consultant | 304 | 135.8 | 41,334.00 | - | - | 135.8 | 41,334.00 |
| Elliott, Charles [2] | Consultant | 312 | 134.3 | 41,844.00 | - | - | 134.3 | 41,844.00 |
| Locke, William | Consultant | 200 | 27.2 | 5,440.00 | - | - | 27.2 | 5,440.00 |
| Maassen, Thomas [2] | Consultant | 350 | 121.7 | 42,546.00 | - | - | 121.7 | 42,546.00 |
| Miles, Edan [2] | Consultant | 315 | 89.0 | 28,059.50 | - | - | 89.0 | 28,059.50 |
| Teixeira, Anabel | Consultant I | 250 | 72.3 | 18,075.00 | - | - | 72.3 | 18,075.00 |
| Hellmund-Mora, Marili | Associate | 270 | 43.5 | 11,745.00 | - | - | 43.5 | 11,745.00 |
| **SUBTOTAL** | | | **2,980.4** | **$ 1,868,705.50** | **23.0** | **$ 24,325.00** | **3,003.4** | **$ 1,893,030.50** |
| Less: 50% discount for non-working travel time | | | | (15,936.00) | | - | | (15,936.00) |
| **TOTAL BEFORE WITHHOLDING** | | | **2,980.4** | **$ 1,852,769.50** | **23.0** | **$ 24,325.00** | **3,003.4** | **$ 1,877,094.50** |
| Less: 7% withholding on on-island fees | | | | - | | (1,702.75) | | (1,702.75) |
| **GRAND TOTAL** | | | **2,980.4** | **$ 1,852,769.50** | **23.0** | **$ 22,622.25** | **3,003.4** | **$ 1,875,391.75** |

(1): Professionals who were promoted during the Third Interim Fee Application period.
(2): Professionals whose rates were subject to periodic increases during the Third Interim Fee Application period.

**Hearing Date: November 7, 2018 at 9:30 a.m. AST**
**Objection Deadline: August 6, 2018** (for parties other than the Fee Examiner)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## THIRD INTERIM APPLICATION OF FTI CONSULTING, INC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO FROM FEBRUARY 1, 2018 THROUGH MAY 31, 2018

To the Honorable United States District Court Judge Laura Taylor Swain:

FTI Consulting, Inc. ("**FTI**"), financial advisor for The Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") in the above-captioned Title III cases (the "**Title III Cases**"), hereby submits this third application

---

[1] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric and Power Authority  (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747).

("**Application**") for allowance of compensation for professional services rendered, and reimbursement for actual and necessary expenses incurred in connection with such services, for the period from February 1, 2018 through May 31, 2018 (the "**Interim Period**"). FTI submits this Application pursuant to sections 316 and 317 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("**PROMESA**"),[2] 48 U.S.C. §§ 2176, 2177; sections 105(a) and 503(b) of the Bankruptcy Code,[3] 11 U.S.C. § 503(b); Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**")[4]; Rule 2016-1 of the Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "**Local Rules**")[5]; the Court's *Order Authorizing the Employment of FTI Consulting, Inc. as Financial Advisor for the Committee of Retired Employees* ("**Retention Order**") [Dkt. No. 1413]; the Court's *First Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* ("**Interim Compensation Order**") [Dkt. No. 1715]; the Court's *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* ("**Second Interim Compensation Order**") [Dkt. No. 3269]; the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013* (the "**UST Guidelines**"); and the Fee Examiner's November 10, 2017 Memorandum (the "**Fee Examiner**

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[3] The Bankruptcy Code is codified at 11 U.S.C. §§ 101–1532. Unless otherwise noted, all Bankruptcy Code sections cited in the Application are made applicable to these Title III Cases pursuant to section 301(a) of PROMESA.

[4] All Bankruptcy Rules referenced in this Application are made applicable to these Title III Cases pursuant to section 310 of PROMESA.

[5] The Local Rules are made applicable here by the Court's *Order (A) Imposing and Rendering Applicable Local Bankruptcy Rules to These Title III Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief* [Dkt. No. 249].

2

**Memorandum**").  In support of the Application, FTI submits the Certification of Sean A. Gumbs

(the "**Gumbs Certification**"), attached hereto as **Exhibit A**, and respectfully represents as follows:

## Preliminary Statement

1.     FTI provided services to the Retiree Committee in accordance with the instructions

and directions of the Retiree Committee and its counsel.  The Retiree Committee represents

approximately 167,000 retired employees of the Commonwealth and various governmental bodies

and their surviving beneficiaries, including Puerto Rico's retired teachers, police officers,

firefighters, judges, municipal clerks, engineers, and other government workers of all categories

(the "**Retirees**").  The Retirees' pensions are underfunded by approximately $58 billion.  They are

the largest group of creditors in these Title III Cases.

2.     During the Interim Period, FTI performed a variety of financial advisory services that

were necessary and appropriate for the efficient and economical advancement of the Retiree

Committee's interests in the Title III Cases, including, among other things: performing in-depth

diligence of multiple fiscal plans issued and the key underlying assumptions; analyzing proposed

modifications to Retiree's pension, healthcare and other benefits and the economic impact related

thereto; meeting and conferring with the Retiree Committee, its counsel and actuarial consultants

on key case issues impacting Retirees; attending court hearings and participating in mediation

sessions involving matters pertaining to the benefits of the Retirees; monitoring key case

developments in the island, including updates on various on-going litigations, hurricane aid status,

and other on-island news; monitoring the mainland media coverage of the case, as well as

developing media communications strategies in coordination with the Retiree Committee's local

communications advisors; and engaging in mediation discussions, including, but not limited to,

confidential settlement negotiations with various constituencies.

3.    FTI's work during the Interim Period was necessary for, and beneficial to, the Retirees and served to ensure that the interests of the Retirees were properly represented and safeguarded in these Title III Cases. FTI is compensated on an hourly fee basis, plus reimbursement of actual and necessary expenses incurred by FTI.

4.    By this Application, FTI seeks allowance of (i) compensation for actual and necessary professional services rendered by FTI as financial advisor to the Retiree Committee for the Interim Period in the amount of $1,877,094.50 and (ii) reimbursement for actual and necessary expenses incurred in the Interim Period in the amount of $18,368.45, for a total of $1,895,462.95 for the Interim Period.

5.    This Application summarizes the services rendered by FTI on behalf of the Retiree Committee during the Interim Period.  While it is not possible or practical to describe each and every activity undertaken by FTI, FTI has maintained contemporaneous time records which include a detailed chronology of the daily services rendered, describing the precise nature of the work, the specific tasks performed, and the time expended by each professional.  A breakdown of the hours and fees by professional and by location of work performed is annexed hereto as **Exhibit B.** A breakdown of the hours and fees by task code and by location of work performed is annexed hereto as **Exhibit C**. A detailed copy of the time records of work performed on the mainland for the Interim Period is annexed hereto as **Exhibit D.** A detailed copy of the time records of work performed on the island for the Interim Period is annexed hereto as **Exhibit E.**

6.    FTI has incurred out-of-pocket disbursements during the Interim Period broken down into categories of charges itemized in **Exhibit F**. A detailed breakdown of these charges is annexed hereto as **Exhibit G.**  Each charge incurred by FTI was necessary and reasonable, and was incurred as a direct result of FTI's representation of the Retiree Committee.

4

7.     In accordance with the Interim Compensation Order, FTI has requested payment for 90% of the fees for actual and necessary legal services incurred during the Interim Period in the amount $1,689,385.05 and for 100% of the expenses incurred during the Interim Period in the amount of $18,368.45 for a total payment amount of $1,707,753.50.

8.     As of the date of this Application, FTI is owed $1,748,181.90 for professional fees[6] and $12,710.42 for actual and necessary expenses for a total of $1,796,892.32. The government erroneously applied a 29% withholding taxes to fees incurred by FTI in November 2017, December 2017, January 2018, February 2018, and March 2018, as well as to the holdback fees from FTI's First Interim Fee Application. FTI has made a formal request upon the government to correct this error. FTI reserves all rights to dispute the amount of taxes withheld from the payment of this Fee Application and any other Fee Statements and Fee Applications.

## Jurisdiction

9.     The United States District Court for the District of Puerto Rico (the "**Court**") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

10.     Venue is proper pursuant to PROMESA section 307(a).

11.     FTI makes this Application pursuant to PROMESA sections 316 and 317, Bankruptcy Code sections 105(a) and 503(b), Bankruptcy Rule 2016, Local Rule 2016-1, the Retention Order, the Interim Compensation Order, and the UST Guidelines.

## Background

12.     On May 3, 2017, the Commonwealth of Puerto Rico (the "**Commonwealth**"), by and through the Financial Oversight and Management Board for Puerto Rico (the "**FOMB**"), as the

---

[6] Professional fees owed are net of 7% withholding taxes of $3,268.30 on fees incurred on the island during the First Interim Period of $22,365.00 and the Third Interim Period of $24,325.00. No on-island fees were incurred during the Second Interim Period.

Commonwealth's representative pursuant to section 315(b) of PROMESA, filed a petition with the Court under title III of PROMESA.

13.   On May 5, 2017, the Puerto Rico Sales Tax Financing Corporation ("**COFINA**"), by and through the FOMB, as COFINA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

14.   On May 21, 2017, the Puerto Rico Highways and Transportation Authority ("**HTA**"), by and through the FOMB, as HTA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

15.   On May 21, 2017, the Employees Retirement System for the Commonwealth of Puerto Rico ("**ERS**"), by and through the FOMB, as ERS's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

16.   On July 3, 2017, the Puerto Rico Electric Power Authority ("**PREPA**"), by and through the FOMB, as PREPA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

17.   Through Orders of this Court, the Commonwealth, COFINA, HTA, ERS, and PREPA Title III Cases are jointly administered for procedural purposes only, pursuant to PROMESA section 304(g) and Bankruptcy Rule 1015.  [*See* Dkt. Nos. 242, 537, 1417.]

18.   On June 15, 2017, the U.S. Trustee, pursuant to section 1102(a)(1) of the Bankruptcy Code, appointed the Retiree Committee, consisting of the following nine individuals: Blanca Paniagua, Carmen Nunez, Juan Ortiz, Lydia Pellot, Marcos A. Lopez, Miguel Fabre, Milagros Acevedo, Rosario Pacheco, and José Marin[7].  [Dkt. No. 340.]

---

[7] José Marin resigned from the Retiree Committee effective April 12, 2018.

## **FTI's Retention and Fee Request**

19.  On June 27, 2017, the Retiree Committee selected FTI as its financial advisor.  On August 4, 2017, the Retiree Committee filed its *Application for an Order Approving the Employment of FTI Consulting, Inc.* (the "**Retention Application**") [Dkt. No. 877] pursuant to section 105(a) and 1103 of the Bankruptcy Code.[8]

20.  On October 6, 2017, the Court entered the Retention Order [Dkt. No. 1413] approving FTI's retention as financial advisor to the Retiree Committee, effective June 27, 2017, on the terms and conditions identified in the Retention Application.  Pursuant to the Retention Order, FTI is entitled to compensation on an hourly fee basis for reasonable, actual, and necessary professional services rendered and reimbursement of expenses incurred in connection with the Title III Cases.

21.  On October 6, 2017, the Court entered an Order appointing Brady Williamson as the fee examiner (the "**Fee Examiner**") in these Title III Cases.  [Dkt. No. 1416.]

22.  On December 15, 2017, FTI filed its First Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred From June 16, 2017 Through September 30, 2017 (the "**First Interim Application**") [Dkt. No. 2051], seeking $660,431.00 in compensation and $5,298.34 in expenses.  On March 7, 2018, the Court entered an Order approving the First Interim Application (the "**First Interim Order**") [Dkt. No. 2685] in the amount of $658,246.00 in compensation and $5,072.35 in expenses, reflecting certain reductions recommended by the Fee Examiner and agreed to by FTI.  Payment of $63,632.11 of holdback as approved in the First Interim Order was only partially paid by the Commonwealth government, as

---

[8] In a chapter 11 case, a committee appointed under section 1102 of the Bankruptcy Code ordinarily would seek authority to employ counsel pursuant to section 328.  Because PROMESA does not incorporate section 328 of the Bankruptcy Code, the Retiree Committee moved for approval of its Retention Application pursuant to sections 105(a) and 1103(a).  *See* PROMESA § 301(a) (omitting Bankruptcy Code sections 327 and 328 from incorporation into PROMESA).

7

the government erroneously applied a 29% withholding taxes. Payment of $16,887.76 is still due, assuming 7% withholding taxes applied to fees incurred on-island ($22,365.00).

23. On March 19, 2018, FTI filed its Second Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred From October 1, 2017 Through January 31, 2018 (the "**Second Interim Application**") [Dkt. No. 2740], seeking $1,127,271.50 in compensation and $21,853.96 in expenses.  On June 8, 2018, the Court entered an Order approving the Second Interim Application (the "**Second Interim Order**") [Dkt. No. 3279] in the amount of $1,103,717.11 in compensation and $5,408.35 in expenses, reflecting certain reductions recommended by the Fee Examiner and agreed to by FTI. Payment of $72,727.15 of holdback and $255,182.83 of erroneously withheld taxes, for a total of $327,909.98, are due, but has not been made by the government. For November 2017, December 2017 and January 2018, the government erroneously applied a 29% withholding taxes to the 90% fee payments. As none of the fees incurred by FTI during the Second Interim Period was incurred on-island, there should not be any withholding taxes.

24.  For the Third Interim Period, FTI has received 64% of the fees requested and 100% of the expense reimbursements requested in it February 2018 and March 2018 monthly statements. The government erroneously applied a 29% withholding taxes to the 90% fee payments for these months. No payments have been received for April 2018 and May 2018 monthly statements. In total, payment of $1,452,094.58 is still due, comprised of (i) $68,232.80 of holdback for February 2018 and March 2018, (ii) $176,384.86 of erroneously withheld taxes for February 2018 and March 2018 ($178,087.61) less 7% withholding taxes for on-island fees incurred during the Third Interim Period ($1,702.75), and (iii) $1,207,476.92 of fees and expense reimbursement for April 2018 and May 2018.

25.   FTI's fees are based upon hours charged, recorded in tenth of an hour increments, at FTI's ordinary and customary hourly rates in effect as of January 1 of the calendar year in which the services are rendered, plus reimbursement of actual, necessary out-of-pocket expenses and other charges incurred by FTI on behalf of the Retiree Committee.  FTI periodically adjusts its rates, generally at the start of each calendar year.

26.   The cover sheet to this Application contains a schedule setting forth all FTI professionals who have performed services in the Title III Cases during the Interim Period, the position of each individual, the hourly billing rate charged for services performed by such individual, the aggregate number of hours expended in this case and fees billed therefore.

27.   By this Application, FTI seeks allowance of compensation in the amount of $1,877,094.50 and reimbursement of expenses in the amount of $18,368.45.  As of the date of this Application, FTI has received compensation in the amount of $436,007.59 and reimbursement of $5,658.03 of expenses for the Interim Period.

28.   This is FTI's third request for interim compensation in these Title III Cases.  As set forth in the Gumbs Certification, all of the services for which interim compensation is sought herein were rendered for and on behalf of the Retiree Committee in connection with these Title III Cases.  To the best of FTI's knowledge and as disclosed in the *Declaration Of Steven Simms In Support Of Application of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for Order Approving the Employment of FTI Consulting, Inc.* [Dkt. No. 877-2] (the "**Simms Declaration**"), FTI is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, although not required by PROMESA, and except as otherwise specified in the Simms Declaration, FTI's professionals do not hold or represent any interest adverse to the Retiree Committee.

9

29.  FTI has in the past represented, may currently represent, and likely in the future will represent parties in interest in these cases in connection with matters unrelated to the Retiree Committee or the Title III Cases.  In the Simms Declaration, FTI disclosed its connections to parties in interest in the Title III Cases that it has been able to ascertain using its reasonable efforts. FTI will update such disclosures, as appropriate, if FTI becomes aware of relevant and material new information.

30.  FTI performed the services for which it is seeking compensation on behalf of the Retiree Committee and not on behalf of any other committee, creditor, or other entity.

31.  FTI has not received payment or promise of payment from any source other than the Commonwealth, for its services rendered and expenses incurred on behalf of the Retiree Committee in connection with the Title III Cases.

32.  FTI does not share fees with any professionals except to the extent permitted by section 504 of the Bankruptcy Code.

**Summary of Financial Advisory Services Provided During the Interim Period**

33.  The Title III cases have presented numerous large and complex issues that had to be addressed in order to maximize value for retiree constituents.  The Retention Order authorized FTI to render financial advisory services to the Retiree Committee.

34.  FTI has taken reasonable steps to avoid duplication of services by FTI's professionals. During the course of the Interim Period, there have been a few instances where more than one FTI professional attended a hearing or conference.  These multiple attendees were necessary to accomplish the significant amount of work which needed to be performed in a compressed amount of time involving complex facts and transactions and the participation and involvement of multiple attendees to divide up the work was necessary under the circumstances.

35.  FTI has established, in accordance with its internal billing procedures, subject matters categories (each, a "**Matter Category**") for keeping time records of the work performed for the Retiree Committee.  A summary of the time incurred by professional and by Matter Category is attached hereto as **Exhibit B** and **Exhibit C**.  In addition, subject to redaction for attorney-client privilege, attorney work product, and confidentiality where necessary to protect the Retiree Committee, FTI's records of time worked providing professional services to the Retiree Committee are attached hereto as **Exhibit D**.

36.  The primary services rendered by FTI include, but are not limited to, the Matter Categories set forth below.

**1. Current Operating Results & Events**
**Fees: $68,359.50**

**Total Hours: 117.6**

37.  FTI analyzed current news and events related to and impacting Puerto Rico, the Retirees, and these Title III cases. The time entries in this category include reviewing court filings, monitoring news articles relating to key developments in Puerto Rico and the Title III cases, and reviewing public materials released by the Oversight Board, the government, and other parties. Time spent in this task code was critical for FTI to keep apprised of the latest case developments with respect to on-island issues, the island's financial performance, various ongoing litigations, settlement discussions, hurricane impact / relief efforts, and follow up from the mediation sessions.

**3. Mediation**
**Fees: $519,562.00 ($9,460.00 of which was incurred on-island)**

**Total Hours: 654.7 (8.8 of which was incurred on-island)**

38.  The time spent in this category reflects preparation for and participation in the confidential mediation process on behalf of the Retiree Committee in the Title III cases.

11

**4. Analysis of the Fiscal Plan – General / Revenues**

**Fees: $165,395.50 ($2,687.50 of which was incurred on-island)**

**Total Hours: 235.6 (2.5 of which was incurred on-island)**

39.   FTI performed detailed review and analysis of the five different Fiscal Plans, as well as the accompanying models and various supporting materials, published over the course of the Interim Period by the Commonwealth and the Oversight Board. FTI reviewed the key assumptions used in each of the five different Fiscal Plans, such as federal recovery funding and population growth trends, to understand key changes and performed detailed variance analyses that were later presented to the Retiree Committee. Analysis of Fiscal Plan revenue included review of the underlying macroeconomic assumptions used, how they apply to various revenue line items in the Fiscal Plan, and how they flow into the component unit forecasts, such as the HTA and the University of Puerto Rico. FTI also analyzed the modeling methodology of SUT collections.

**5. Analysis of the Fiscal Plan – Expenses**

**Fees: $11,912.50**

**Total Hours: 21.0**

40.   FTI performed review and analysis of the base expense projections in the various Fiscal Plan models and analyzed supporting materials provided by the Commonwealth and the Oversight Board. FTI reviewed the key assumptions, such as inflation and population growth trends, to understand modeling methodology used to forecast operating expenses, healthcare, and utilities as well as the expenses of key component units. FTI also bridged key differences in expenses between versions of the Fiscal Plan models by performing detailed variance analysis of the expense items, and analyzed the reasonableness of the expense forecast by evaluating government expense per capita trends.

**6. Analysis of the Fiscal Plan – Revenue Measures**

12

**Fees: $11,523.00**

**Total Hours: 17.8**

41.  FTI performed review and analysis of the revenue measures proposed by the Fiscal Plan and the related impact in the various Fiscal Plan models. FTI analyzed key changes in measures from previous versions of the Fiscal Plan, focusing in particular on the tax reform initiatives and implementation plans, based on comments from the Oversight Board in its violation letters. FTI also evaluated the reasonableness of the projected revenue measures impact, which improved significantly over the course of the Interim Period.

### 7. Analysis of the Fiscal Plan – Expense Measures
**Fees: $28,106.50**

**Total Hours: 40.5**

42.  FTI performed review and analysis of the expense measures proposed by the Fiscal Plan and the related impact in the various Fiscal Plan models. FTI assessed the reductions to government spending contemplated in the Fiscal Plan models, such as right sizing the government, reducing subsidies to the University of Puerto Rico and other subsidiaries, reduction of healthcare spending, and reduction of pension expenses. FTI also analyzed key changes in expense measures between the various versions of the Fiscal Plan by performing a detailed variance analysis of expense measure initiatives. FTI's healthcare subject matter experts focused on the proposed healthcare reforms and analyzed historical healthcare trends, such as Medicaid reimbursement rates in Puerto Rico, to assess the feasibility of the proposed reforms and the reasonableness of the projected savings contemplated in the certified Fiscal Plan. They also developed diligence and data requests related to the proposed healthcare reforms and projected savings.

### 10. Case Management
**Fees: $14,238.50**

13

**Total Hours: 19.3**

43.   Time spent in this category includes preparation of monthly fee budgets and staffing plan pursuant to the Fee Examiner's request, updating the work plan, coordinating between various work streams, monitoring the government's erroneous withholding of professional fees, communicating with other professionals to address the tax withholding issues, and preparing schedules to identify the correct outstanding compensation amounts.

### 12. Analysis of Annual Budgets
**Fees: $8,565.50**

**Total Hours: 20.0**

44.   Time spent in this category includes translation of the various versions of the annual budgets for the fiscal years 2018 and 2019 from Spanish into English, analysis of the budgets by function and by agency, and reconciliation between the budgets and the corresponding Fiscal Plan.

### 14. Analysis of Claims/Liabilities Subject to Compromise
**Fees: $105,296.50 ($752.50 of which was incurred on-island)**

**Total Hours: 143.3 (0.7 of which was incurred on-island)**

45.   Time spent in this category includes analysis of claims and liabilities subject to compromise in these Title III cases, including certain bonded debt. FTI reviewed public financial statements and offering statements, analyzed various issuances of debt in Puerto Rico's capital structure, researched sources and uses of the issuances, and developed various analyses for counsel's review. FTI also performed analysis on historical maximum debt service coverage as well as accounting issues with respect to certain debt issuances.

**17. Analysis of Pension and Retiree Related Liabilities**

**Fees: $118,677.50 ($537.50 of which was incurred on-island)**

**Total Hours: 209.3 (0.5 of which was incurred on-island)**

46.   Time spent in this category includes performing detailed analyses of the proposed pension cuts contemplated in the Fiscal Plan and assessing their effects in the wider context of Puerto Rico's economic reality. FTI analyzed the Fiscal Plan's modeling of the PayGo obligations and benefit cuts and the impact on the Fiscal Plans. FTI evaluated the different components and build-up of pension expenses, performed variance analysis of pension expense and measures in each of the five Fiscal Plan models, and analyzed the impacts of the pension cuts on the economy and on an average pensioner. FTI worked closely with the Retiree Committee's actuarial consultants, Segal, to incorporate their actuarial analyses into broader pension reform analysis and worked with Jenner to analyze precedents in other cases.

**18. General Meetings with Retiree Committee & Committee Professionals**

**Fees: $74,465.50         ($4,300.00 of which was incurred on-island)**

**Total Hours: 92.9 (4.0 of which was incurred on-island)**

47.   Time spent in this category reflects participating in meetings and discussions with the Retiree Committee regarding latest case updates, including updates on the various versions of the Fiscal Plan, mediation, ongoing litigation, proposed pension measures, hurricane aid, upcoming court hearings, and other relevant case issues. FTI also participated in regular conference calls with the Retiree Committee's advisors to coordinate efforts and work streams, share information, discuss latest case developments and strategy, and prepare for upcoming meetings with the Retiree Committee.

**27. Strategic Communications**

**Fees: $53,769.50**

**Total Hours: 122.7**

48.   Time entries in this category relate to monitoring mainland media coverage of the Puerto Rico case and specifically on pensioners, developing and coordinating the media communications strategy with the local communications advisors, Marchand, to ensure consistent messaging between on-island and mainland, and fact checking press releases and opinion pieces for quality control and factual reporting.

**28. Analysis of the Fiscal Plan – Economic Review**

**Fees: $475,975.50 ($6,587.50 of which was incurred on-island)**

**Total Hours: 963.4 (6.5 of which was incurred on-island)**

49.   Time spent in this category reflects analysis of the macroeconomic assumptions in the Fiscal Plan, the current economic situation of the island, and the implications of the proposed measures in the macroeconomic context. FTI analyzed each of the key macroeconomic assumptions and proposed measures in detail, including review of the modeling and case studies, and researched additional literature for comprehensive review. FTI also researched and analyzed a number of statistical data relevant to the island's economy and studied the island's situation relative to other U.S. states. FTI researched various approaches to evaluate debt sustainability analysis and applicability to Puerto Rico.

**30. PREPA Matters**

**Fees: $100,405.50**

**Total Hours: 126.8**

50.   Time spent in this category reflects detailed analysis of the various versions of the PREPA Fiscal Plan, preparation to attend PREPA mediation meetings, monitoring of the PREPA privatization process, evaluation of the feasibility and reasonableness of the energy reform goals,

assessment of the PREPA pension obligations, and participating in public hearings related to Puerto Rico's energy reforms.

### Actual and Necessary Expenses Incurred by FTI During the Interim Period

51. FTI incurred actual out-of-pocket expenses in connection with the rendering of professional services to the Retiree Committee during the Interim Period in the amount of $18,368.45, for which FTI respectfully requests reimbursement in full. The disbursements and expenses have been incurred in accordance with FTI's normal practice of charging clients for expenses clearly related to and required by particular matters. A categorized summary of the actual and necessary costs and expenses incurred by FTI during the Interim Period, and an itemization of each expense within each category, is attached hereto as **Exhibit F** and **Exhibit G**, respectively.

### FTI's Requested Compensation and Reimbursement Should be Allowed

52. The services for which FTI seeks compensation in this Application were, at the time provided, necessary for and beneficial to the Retiree Committee. FTI performed these services economically, effectively, and efficiently, and they benefited the Retiree Committee. The expenses incurred were as a direct result of FTI's representation of the Retiree Committee and are the type customarily charged to non-bankruptcy clients of FTI. FTI respectfully submits that the compensation and reimbursement requested are reasonable in light of the nature, extent, and value of such services to the Retiree Committee. Accordingly, FTI submits the compensation sought in this Application is warranted and should be approved.

### Reservation of Rights and Notice

53. It is possible that some professional time expended or expenses incurred during the Interim Period are not reflected in the Application, as such time or expenses may not have been

captured in FTI's billing system on the date of filing this Application.  FTI reserves the right to include such amounts in future fee applications.

54.  Pursuant to the Interim Compensation Order, the Retiree Committee has provided notice of this Application to: (a) the U.S. Trustee; (b) counsel to the FOMB; (c) counsel to AAFAF; (d) counsel to the UCC; (e) the Fee Examiner; and (f) all parties that have filed a notice of appearance with the Clerk of this Court, pursuant to Bankruptcy Rule 2002 and applicable provisions of the Local Rules, and requested such notice.

### No Prior Request

55.  No prior application for the relief requested by this Application has been made to this or any other court.

WHEREFORE, FTI respectfully requests that the Court enter an order: (a) awarding FTI compensation for professional and paraprofessional services provided during the Interim Period in the amount of $1,877,094.50; (b) reimbursement of actual, reasonable and necessary expenses incurred in the Interim Period in the amount of $18,368.45; and (c) granting such other relief as is appropriate under the circumstances.

Dated: July 16, 2018                                     Respectfully submitted,


                                                        */s/ Sean A. Gumbs*
                                                        Sean A. Gumbs
                                                        3 Times Square
                                                        New York, NY 10036
                                                        sean.gumbs@fticonsulting.com
                                                        212-499-3633 (telephone)



                                                        *Financial Advisor to The Official Committee
                                                        of Retired Employees of Puerto Rico*

# **EXHIBIT A**

**Certification of Sean A. Gumbs**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>     Debtors.[10] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**VERIFIED CERTIFICATION OF SEAN A. GUMBS IN SUPPORT OF
THE THIRD INTERIM APPLICATION OF FTI CONSULTING, INC.FOR
ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS
FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF RETIRED
EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO
<u>FROM FEBRUARY 1, 2018 THROUGH MAY 31, 2018</u>**

I, Sean A. Gumbs, have the responsibility for ensuring that the Application complies with the UST Guidelines, and I hereby certify the following:

1.     I am a Senior Managing Director with FTI Consulting, Inc., together with its wholly-owned subsidiaries ("FTI"), an international consulting firm.

---

[10] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric and Power Authority  (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747).

2.     I, along with Steven Simms, lead professionals from FTI representing the Retiree Committee in connection with the above-captioned Title III Cases.  I am authorized to submit this certification in support of the *Third Application of FTI Consulting, Inc. for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Financial Advisor to The Official Committee of Retired Employees of the Commonwealth of Puerto Rico From February 1, 2018 through May 31, 2018* (the "**Application**").  Except as otherwise noted, I have personal knowledge of the matters set forth herein.

3.     I have read the Application.  The statements contained in the Application are true and correct according to the best of my knowledge, information, and belief.

4.     To the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Application are permissible under PROMESA, the Federal Rules of Bankruptcy Procedure, the *Puerto Rico Oversight, Management, and Economic Stability Act* ("**PROMESA**"), 48 U.S.C. §§ 2101–2241; the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); the Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "**Local Rules**"); the Court's *Order Authorizing the Employment of FTI Consulting, Inc. as Financial Advisor for the Committee of Retired Employees* [Dkt. No. 1413]; the Court's *First Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. 1715]; the Court's *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. 3269]; and the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013.*

5.      The fees and disbursements sought in the Application are billed at rates FTI customarily employs and FTI clients generally accept in matters of this nature.

6.      None of the professionals seeking compensation varied their hourly rate based on their geographic location.

7.      FTI is not seeking compensation for this Interim Period for routine billing activities that typically are not compensable outside of bankruptcy.

8.      FTI does not make a profit on costs or expenses for which it seeks reimbursement, whether the service is performed by FTI in-house or through a third party.

9.      In accordance with Rule 2016(a) of the Bankruptcy Rules and 11 U.S.C. § 504, no agreement or understanding exists between FTI and any other person for the sharing of compensation to be received in connection with the Title III Cases except as authorized by PROMESA, the Bankruptcy Rules, and the Local Rules.

10.     All services for which compensation is sought were professional services rendered to the Retiree Committee and not on behalf of any other person.

11.     The Retiree Committee was provided with a copy of the Application before it was filed with the Court and does not object to the relief requested therein.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief formed after reasonable inquiry.

Executed on July 16, 2018

*/s/ Sean A. Gumbs*
Sean A. Gumbs