**Hearing Date**: November 7, 2018 at 8:30 a.m. (EST) / 9:30 a.m. (AST)
**Objection Deadline**: August 6, 2018 at 4:00 p.m. (EST) / 4:00 p.m.(AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x

In re:   :

                                              :

THE FINANCIAL OVERSIGHT AND   : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,   : Title III

                                              :

as representative of   : Case No. 17-BK-3283 (LTS)

                                              :

THE COMMONWEALTH OF PUERTO RICO, *et al.*,   : (Jointly Administered)

                                              :

Debtors.[2]   :

------------------------------------------------------------------------ x

### THIRD INTERIM APPLICATION OF CASILLAS, SANTIAGO & TORRES, LLC, LOCAL COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES <u>FOR THE PERIOD FROM FEBRUARY 1, 2018 THROUGH MAY 31, 2018</u>

### COVER SHEET[3]

Name of Applicant: <u>Casillas, Santiago & Torres, LLC</u>

Authorized to Provide Professional Services to: <u>Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee")</u>

Date of retention: <u>July 20, 2017</u>

Period for which compensation and reimbursement is sought: <u>February 1, 2018 through May 31, 2018</u>

Amount of interim compensation sought as actual, reasonable, and necessary: <u>$294,120.50</u>

---

[2] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

[3] This form has been designed to incorporate many of the requirements of PROMESA §316 and ¶C2.1 and Exhibit E to the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under United States Code by Attorneys in Larger Chapter 11 Cases ("US Trustee Guidelines").

Amount of interim expense reimbursement sought as actual, reasonable, and necessary: $12,052.09

Are your fee or expense totals different from the sum of previously-served monthly statements? _ Yes X No

If there is any discrepancy, please explain it in the text of the attached fee application or in a footnote to this cover sheet.

Blended rate in this application for all attorneys: $196.10/hour[4]

Blended rate in this application for all timekeepers: $195.82/hour

This is an *interim* application.

The total time expended for fee application preparation for the Interim Fee Period is approximately 13 hours, and the corresponding compensation requested is approximately $2,510.00.

## MONTHLY FEE REQUESTS TO DATE

| Date Submitted | Monthly Period Covered | Fees | Requested Fees (90%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 10% Fee Holdback |
|---|---|---|---|---|---|---|---|
| **First Interim Fee Period (July 20, 2017 through August 31, 2017)** | | | | | | | |
| 12/15/2017 | 07/20/2017 - 08/31/2017 | $169,523.00 | $152,570.70 | $6,320.62 | $173,440.00 | $6,320.62 | $0.00 |
| **Total** | | **$169,523.00** | **$152,570.70** | **$6,320.62** | **$173,440.00** | **$6,320.62** | **$0.00** |
| **Second Interim Fee Period (September 1, 2017 through January 31, 2018)** | | | | | | | |
| 03/19/2018 | 09/01/2017 - 01/31/2018 | $444,593.50 | $400,134.15 | $21,160.13 | $400,122.00 | $21,160.13 | $44,474.20 |
| **Total** | | **$444,593.50** | **$400,134.15** | **$21,160.13** | **$400,122.00** | **$21,160.13** | **$44,474.20** |
| **Third Interim Fee Period (February 1, 2018 through May 31, 2018)** | | | | | | | |

---

[4] Please note that the average hourly rate is significantly lower due to CST Law's agreement to review documents on a fixed hourly rate of $100.00 per hour. The usual rate for Junior Partners and Counsel is $240.00, for Senior Associates is $200.00 and for Associates is $170.00.

| 06/13/2018 | 02/01/2018 - 02/28/2018 | $93,937.50 | $84,543.75 | $1,172.10 | $0.00 | $0.00 | $9,393.75 |
| 06/14/2018 | 03/01/2018 - 03/31/2018 | $75,088.00 | $67,579.20 | $4,782.51 | $0.00 | $0.00 | $7,508.80 |
| 07/12/2018 | 04/01/2018 - 05/31/2018 | $125,095.00 | $112,585.50 | $6,097.48 | $0.00 | $0.00 | $12,509.50 |
| **Total** | | **$294,120.50** | **$264,708.45** | **$12,052.09** | **$0.00** | **$0.00** | **$29,412.05** |

**Prior Interim Fee Applications & Adjustments:**

| Period | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date [Docket No.] | Interim Fee Period ("IFP") Covered | Fees | Expenses | Fees | Expenses |
| 12/15/2017 [Docket No. 2079] | 07/21/2017 - 08/31/2017 | $169,523.00 | $6,320.62 | $173,440.00 | $6,320.62 |
| 03/19/2018 [Docket No. 2757] | 09/01/2017 - 01/31/2018 | $444,593.50 | $21,160.13 | $444,596.20 | $21,160.13 |
| **Total fees and expenses approved by interim orders to date:** | | | | **$618,036.20** | **$27,480.75** |

**Prior Interim or Monthly Fee PAYMENTS to date:**

| Period | | Requested | | Paid | |
|---|---|---|---|---|---|
| Payment Received Date | Paid Interim Fee Application [Docket No.] or Monthy Fee Statement | Fees | Expenses | Fees | Expenses |
| 05/09/2018 | 12/15/2017 [Docket No. 2079] | $169,523.00 | $6,320.62 | $173,440.00 | $6,320.62 |
| 06/07/2018 | 03/19/2018 [Docket No. 2757] | $444,593.50 | $21,160.13 | $400,122.00 | $21,160.13 |
| **Total fees and expenses PAID to date:** | | | | **$573,562.00** | **$27,480.75** |

Number of professionals with time included in this application: <u>13</u>

If applicable, number of professionals in this application not included in a staffing plan approved by the client: <u>N/A</u>

If applicable, difference between fees budgeted and compensation sought for this period: <u>N/A</u>

Are any timekeeper's hourly rates higher than those charged and approved upon retention:[5] <u>No</u>

---

[5] If any timekeeper's hourly rate has changed since the firm's retention, the narrative portion of the fee application shall identify each timekeeper with an adjusted rate, the date and amount of the rate change, the reason for the change, and a statement that the client was notified and approved the rate change.

**Hearing Date**: November 7, 2018 at 9:30 a.m. (ET) / 8:30 a.m. (AST)
**Objection Deadline**: August 6, 2018 at 4:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x

| | |
|---|---|
| In re: | : |
| | : |
| THE FINANCIAL OVERSIGHT AND | : PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : Title III |
| | : |
| as representative of | : Case No. 17-BK-3283 (LTS) |
| | : |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | : (Jointly Administered) |
| | : |
| Debtors. | : |

------------------------------------------------------------------------ x

### THIRD INTERIM APPLICATION OF CASILLAS, SANTIAGO & TORRES, LLC, LOCAL COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM <u>FEBRUARY 1, 2018 THROUGH MAY 31, 2018</u>

## TABLE OF CONTENTS

Preliminary Statement.................................................................................................3

Background ...................................................................................................................5

Compensation and Reimbursement Request ..............................................................8

Summary of Services ................................................................................................10
    General (Matter ID: 396-00002)...................................................................12
    COFINA Dispute Analysis (Matter ID: 396-00003) ............................................13
    Communications with Creditors / Website (other than Committee Members)
    (Matter ID: 396-00004)...................................................................................17
    PREPA (Matter ID: 396-00006) ....................................................................18
    ERS (Matter ID: 396-00008) .........................................................................19
    Other Adversary Proceedings (Matter ID: 396-00009) .......................................19
    Mediation (Matter ID: 396-00010) .................................................................20
    Document Review (Matter ID: 396-00012)..........................................................20
    GDB (Matter ID: 396-00013) ........................................................................21
    PBAPR (Matter ID: 396-00014)....................................................................21
    Fee Application (Matter ID: 396-00015)...............................................................22

Actual and Necessary Disbursements ........................................................................22

Requested Compensation Should be Allowed...........................................................23

Conclusion ..................................................................................................................25

## SUPPORTING DECLARATION, EXHIBITS AND SCHEDULE

**Supporting Declaration of Juan J. Casillas-Ayala, Esq.**

**Exhibits**

A.  Customary and Comparable Compensation Disclosures with Fee Applications

B.  Summary of Timekeepers Included in this Application for Fee Period

C.  Budgets and Staffing Plans for Application Period

       C-1.    Budgets

       C-2.    Staffing Plans

D.  Summary of Compensation Requested by Project Category as Compared to Budget

       D-1.    Summary of Compensation Requested by Project Category as Compared to Budget

                Further Breakdown of Compensation Requested by Project Category and by Matter

       D-2.    Summary of Expenses by Category

E.  Breakdown of Compensation and Expense Requested by Debtor

F.  List of Professionals by Matter

G.  Monthly Statements Covered in Application

**Schedule**

Proposed Order

**To the Honorable United States District Court Judge Laura Taylor Swain:**

Casillas, Santiago & Torres, LLC ("CST Law"), Local Counsel to the Official Committee of Unsecured Creditors of all title III Debtors (other than COFINA) (the "Committee"), for its third application (the "Application"), pursuant to sections 316 and 317 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 ("PROMESA")[6], section 503(b) of title 11, United States Code (the "Bankruptcy Code") as made applicable to these cases by section 301(a) of PROMESA, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), for the interim allowance of compensation for professional services performed by CST Law for the period from February 1, 2018 through and including May 31, 2018 (the "Interim Fee Period"), and for reimbursement of its actual and necessary expenses incurred during the Interim Fee Period, respectfully represents:

## PRELIMINARY STATEMENT

1. CST Law has continued to perform these services in an economic, effective, and efficient manner commensurate with the complexity and importance of the issues involved. For example, the work performed by CST Law was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each particular task. Moreover, whenever possible, CST Law sought to minimize the costs of Paul Hastings' services to the Committee by utilizing talented junior attorneys to handle the more routine aspects of the assignments. In addition, a small group of the same Paul Hastings attorneys was utilized for the vast majority of the work in these title III cases, to minimize the costs of intra-CST Law

---

[6] References to PROMESA are references to 48 U.S.C. §§2101 *et. seq.*

communication and education about the cases.  Notably, as a general matter, no more than two CST Law attorneys (and often only one attorney) attended the various hearings and mediation sessions held during the Application Period, thereby minimizing not only the time billed on these hearings/sessions but also the cost of travel and lodging.

2.   CST Law respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Committee, the Debtors, and their stakeholders, and were rendered to protect, preserve, and maximize the value for unsecured creditors during the pendency of these Title III cases. The results obtained to date have benefited not only the Committee but also the Debtors and their creditors. Accordingly, considering the nature and complexity of the Title III Cases, CST Law's charges for professional services performed and expenses incurred are reasonable under applicable standards. For all these reasons, CST Law respectfully requests that the Court grant the Application and allow interim compensation for professional services performed and reimbursement for expenses as requested.

3.   This Application is consistent with the Interim Compensation Order (as defined below), Local Rule 2016-1, and *Appendix B of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"). To the extent necessary, CST Law requests a waiver for cause shown of any such requirement not met by this Application.[7]

4.   In accordance with the U.S. Trustee Guidelines, at the end of this Application are the following Exhibits:

- Exhibit A contains disclosures regarding "customary and comparable compensation."

- Exhibit B contains a summary of CST Law's timekeepers included in this Application.

---

[7] The Committee and CST Law reserve all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for compensation in these cases.

- <u>Exhibit C-1</u> contains the budgets for CST Law's services during the application period

- <u>Exhibit C-2</u> contains the staffing plans for CST Law's services during the application period

- <u>Exhibit D-1</u> contains (a) a summary of the compensation requested as compared to the compensation budgeted for the firm's services during the application period, and (b) a further breakdown of the compensation requested by project category and matter number.

- <u>Exhibit D-2</u> contains a summary of the expenses requested by project. An itemized schedule of all such expenses is included in CST Law's monthly statements.

- <u>Exhibit E</u> contains a breakdown of compensation and expenses requested by Debtor.

- <u>Exhibit F</u> contains a list of the professionals providing services during the application period by matter.

- <u>Exhibit G</u> includes the monthly fee statements covered in this application. Attached is copy of the monthly statements for CST Law's services during the Interim Fee Period, which include detailed time records and narrative descriptions of the services rendered by each timekeeper.

- <u>Schedule 1</u> includes the proposed order approving this application.

## BACKGROUND

5.   On May 3, 2017, the Oversight Board commenced a title III case for the Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to section 304 (a) of PROMESA (the "<u>Commonwealth Title III Case</u>"). Thereafter, the Oversight Board commenced  a  title III case  for each  of  COFINA,  the  Employees  Retirement  System of  the Government  of  the Commonwealth of  Puerto  Rico  ("<u>ERS  Title  III  Case</u>"),  the  Puerto  Rico Highways  and Transportation  Authority  ("<u>HTA  Title  III  Case</u>"),  and  the  Puerto  Rico  Electric  Power Authority ("<u>PREPA  Title  III  Case</u>") (and together with the Commonwealth Title III Case, the  "<u>Title III</u>

Cases").[8] By orders dated June 29, 2017 [Docket No. 537] and October 6, 2017 [Docket No. 1417], the Court approved the joint administration of the Title III Cases.

6. On June 15, 2017, the Office of the United States Trustee for the District of Puerto Rico (the "U.S. Trustee") filed a *Notice Appointing Creditors Committee for Unsecured Creditors* [Docket No. 338]. On July 21, 2017, the Committee selected CST Law as counsel to the Committee.

7. On August 4, 2017, the Committee filed an application to retain and employ CST Law, effective July 21, 2017 [Docket No. 884] (the "Retention Application"). By order of this Court entered October 6, 2017 [Docket No. 1414] (the "Retention Order"), incorporated herein by this reference, CST Law's retention as Local Counsel to the Committee was approved effective as of July 21, 2017.

8. On August 23, 2017, the Court entered the *Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (as amended, the Interim Compensation Order").[9]

9. On August 25, 2017, the U.S. Trustee filed an *Amended Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 1171], which expanded the role of the Committee to be the official committee for the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case.

10. The Retention Order authorized CST Law to be compensated on an hourly basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to Sections 316 and 317 of PROMESA, the Bankruptcy Rules, the Local Rules, and such orders as the Court may direct.

---

[8] Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III Case.
[9] The Interim Compensation Order was amended on November 8, 2017, to reflect certain changes requested by the Fee Examiner.

The Retention Order further provides that "pursuant to Bankruptcy Code section 503(b)(1), made applicable by PROMESA Section 301(a), the fees and expenses of CST Law under this Order shall be an administrative expense." In addition, as provided in the Retention Order, the Oversight Board has consented to the Debtors' payment of CST Law allowed fees and expenses.

11. On October 6, 2017, the Court entered the *Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing A Fee Examiner and Related Relief* (the "Fee Examiner Order") [Docket No. 1416]. The Court appointed Brady Williamson as the Fee Examiner in the Title III Cases.

12. On December 15, 2017, CST Law filed its first interim fee application with respect to the period from July 21, 2017 through August 31, 2017 [Docket No. 2079] (the "First Interim Fee Application"). In accordance with the Interim Compensation Order, CST Law received a preliminary report from the Fee Examiner with respect to the First Interim Fee Application. On March 7, 2018, the court approved the First Interim Fee Application, with the agreed-upon adjustments.

13. On March 19, 2018, CST Law filed its second interim fee application with respect to the period from September 1, 2017 through January 31, 2018 [Docket No. 2757] (the "Second Interim Fee Application"). In accordance with the Interim Compensation Order, CST Law received a preliminary report from the Fee Examiner with respect to the Second Interim Fee Application. On March 7, 2018, the court approved the Second Interim Fee Application.

14. On June 6, 2018, the Court enter the *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (as amended, the Second Interim Compensation Order").

15. This is CST Law's third interim fee application, covering the period from February 1, 2018 through May 31, 2018. All services for which compensation is requested were performed for or on behalf of the Committee.

## COMPENSATION AND REIMBURSEMENT REQUEST

16. By this Application, CST Law seeks from the Debtors (a) compensation for professional services rendered to the Committee during the Interim Fee Period in the aggregate amount of $294,120.50; and (b) expense reimbursements in the aggregate amount of $12,052.09. These amounts are allocated among the Commonwealth Title III Case, the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case, as follows:

| Application Period | Fees | Expenses | Total |
|---|---|---|---|
| Commonwealth Title III Case | $252,854.00 | $12,051.99 | $264,905.99 |
| PREPA Title III Case | $20,500.50 | $0.10 | $20,500.60 |
| HTA Title III Case | $1,449.00 | $0.00 | $1,449.00 |
| ERS Title III Case | $19,317.00 | $0.00 | $19,317.00 |
| **Total** | **$294,120.50** | **$12,052.09** | **$306,172.59** |

16. The Committee has approved the amounts requested by CST Law for services performed and expenses incurred in each of the monthly statements submitted that were or are hereby being submitted concurrently to, among others, the Oversight Board, AAFAF, the Fee Examiner, and the U.S. Trustee, during the Interim Fee Period.[10]

17. As of today, CST Law has not been paid any amounts for which it requests payment pursuant to this Fee Application.

---

[10] CST Law began submitting budgets in the month of January 2018. Further, due to the passing of Hurricane María and its impact to CST Law's operation, CST Law was unable to submit its billing for the Interim Fee until this date.

18. By this Application, CST Law requests payment of all outstanding fees and expenses for services rendered during the Interim Fee Period.

19. There is no agreement or understanding between CST Law and any other person other than the attorneys, employees, and staff of CST Law, for the sharing of compensation to be received for services rendered in these cases.

20. CST Law maintains computerized records, in the form of monthly statements, of the time spent by all of CST Law's attorneys and paraprofessionals in connection with its representation of the Committee. The monthly statements are in the same form regularly used by CST Law to bill its clients for services rendered, and include the date that the services were rendered, a detailed, contemporaneous narrative description of the services provided, the amount of time spent for each service, and the designation of the professional who performed the service.

21. The fees charged by CST Law in the Title III Cases are billed in accordance with its existing billing rates and procedures in effect during the Interim Fee Period. The rates CST Law charges for the services rendered by its professionals and paraprofessionals in the Title III Cases are comparable to the rates CST Law charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters. Moreover, when CST Law's professionals and paraprofessionals work on non-bankruptcy matters, the firm generally charges their standard rate. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in the Puerto Rico legal market.

22. CST Law's rates are set at a level designed to fairly compensate CST Law for the work of its attorneys and paraprofessionals to cover fixed and routine overhead expense. CST Law operates in the Puerto Rico legal services market in which rates are driven by multiple factors

9

relating to the individual lawyer, their area of specialization, the firm's expertise, performance and reputation, the nature of the work involved, and other factors. Accordingly, CST Law set its rates for attorneys and paraprofessionals within the firm by reference to market information and market adjustments by firms considered to be industry peers. Based on this and the reviews of contemporaneous time records and fee applications filed in other cases, CST Law endeavors to set the hourly rates for its attorneys and paraprofessionals at levels comparable to those of its principal competitor firms.

23. CST Law's professional services during the Interim Fee Period required an aggregate expenditure of 1,502.00 recorded hours by CST Law's attorneys and paraprofessionals, broken down as follows: partners (551.30 hours), junior partners (37.60 hours), counsel (32.60 hours), senior associates (197.60 hours), associates (678.80 hours), and paraprofessionals (4.10 hours). During the Interim Fee Period, CST Law's billing rates for attorneys rendering services in this matter ranged from $170.00 to $270.00 per hour. However, it should be noted that almost 15% of the mentioned time represents time incurred in the First Level Review of documents produced in connection with Commonwealth-COFINA Dispute, for which CST Law agreed to charge a significantly reduced blended rate of $100.00.

24. To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Interim Fee Period but were not processed before the preparation of this Application, or CST Law has for any other reason not sought compensation or reimbursement with respect to such services or expenses, CST Law reserves the right to request additional compensation for such services, and reimbursement of such expenses, in a supplemental or future application.

### SUMMARY OF SERVICES

25. During the Interim Fee Period, CST Law assisted and advised the Committee on a regular basis regarding legal matters relating to the restructuring of the Debtors, including related adversary proceedings, and all other matters arising in the performance of the Committee's duties. In addition, CST Law has prepared various motions, applications, proposed orders, and other pleadings submitted to the Court for consideration, and has performed the necessary professional services that are described below and in the monthly statements attached hereto as Exhibit F.[11] For ease of reference and transparency purposes, CST Law created several matter numbers for its representation of the Committee. The matter numbers are divided by Debtor and/or large tasks the Committee undertook, as follows:

| Matter ID | Matter Name |
| --- | --- |
| 396-00002 | General |
| 396-00003 | COFINA Dispute Analysis |
| 396-00004 | Communications w/ Creditors/ Website (other than Committee Members) |
| 396-00005 | Plan Fiscal Analysis |
| 396-00006 | PREPA |
| 396-00007 | HTA |
| 396-00008 | ERS |
| 396-00009 | Other Adversary Proceedings |
| 396-00010 | Mediation |
| 396-00011 | GO Bond Debt Issues |
| 396-00012 | Document Review |

[11] The description of services in this Application is limited to those matters in which CST Law provided 5 or more hours of service during the Application Period.

| 396-00013 | GDB |
| 396-00014 | PBAPR |
| 396-00015 | Fee Application |

## I. General (Matter ID:  396-00002)

(a)    Case Administration (Task Code 110)

Fees:        $1,189.00        Total Hours:   6.70

26. During the Application Period, CST Law, along Paul Hastings, continued to advise the Committee on general case administration. To efficiently track deadlines, organize documents, and manage workstreams, CST Law also prepared a task list per requests from Paul Hastings LLP attorneys and maintained a case calendar. To minimize duplication of services, CST Law developed procedures for allocating responsibilities among various CST Law lawyers.

(b)    Pleading Reviews (Task Code B113)

Fees:        $17,260.00        Total Hours:   73.00

27. During the Application Period, CST Law has reviewed various pleadings to be adequately prepared to provide services to the Committee. This is compliance with the applicable Rules of Professional Conduct.

(c)    Meeting of and Communications with Creditors (Task Code B150)

Fees:        $10,044.00        Total Hours:   37.20

28. During the Application Period, CST Law prepared various documents to keep the Committee apprised of relevant developments in the Title III Cases, related adversary proceedings, and the mediation process. Also, CST Law participated in various telephone conferences and communications with the Committee for the same purposes.

(d)    Court Hearings (Task Code B155)

Fees:        $1,807.00        Total Hours:   7.60

29. During the Application Period, CST Law attended as local counsel to all hearings that Paul Hastings attended. To minimize costs, only one CST Law attorney appeared in the hearings accompanying Paul Hastings' attorneys.

30. In preparation for these hearings, CST Law also reviewed relevant issues raised in the parties' pleadings, prepared materials for the hearings, and filed the requisite informative motions to be heard.

   (e)        General Litigation (Task Code B191)

Fees:        $3,558.50        Total Hours:   16.30

31. During the Application Period, CST Law aided Paul Hastings in various matters including filing of *pro hac vice* admissions, motions, conducted local law research, among others.

## II. COFINA Dispute Analysis (Matter ID:  396-000003)

32. Pursuant to the *Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA Dispute*, dated August 10, 2017 [Docket No. 996] (the "Commonwealth-COFINA Stipulation"), the Committee was appointed as the Commonwealth representative to litigate and/or settle the Commonwealth-COFINA Dispute (as defined in the Commonwealth-COFINA Stipulation) on behalf of the Commonwealth (the "Commonwealth Agent").[12] The Commonwealth-COFINA Dispute is one of the most significant and complex disputes in these Title III Cases.

33. During the Application Period, the Commonwealth Agent continued to litigate the Commonwealth-COFINA Action by filing, among other things: (i) its motion for summary

---

[12] The Commonwealth-COFINA Dispute concerns the question "[w]hether, after considering all procedural and substantive defenses and counterclaims, including constitutional issues, the sales and use taxes [the ("SUT")] purportedly pledged by COFINA to secure debt . . . are property of the Commonwealth or COFINA under applicable law."

judgment; (ii) an omnibus opposition to the COFINA Agent's summary judgment motion, the COFINA Senior Bondholders' Coalition's summary judgment motion, and the Mutual Fund Group's and Puerto Rico Funds' summary judgment motion (collectively, the COFINA Summary Judgment Motions"); (iii) responses to all of the statements of undisputed facts associated with the COFINA Summary Judgment Motions; (iv) a reply in support of its motion for summary judgment; and (v) an omnibus objection to the COFINA Agent's motion to certify questions under Puerto Rico law to the Supreme Court of Puerto Rico (the "Certification Motion"), the Mutual Fund Group's and Puerto Rico Funds' motion to certify questions under Puerto Rico law to the Supreme Court of Puerto Rico, Ambac Assurance Corporation's and National Public Finance Corporation's limited objection to the Certification Motion and cross-motion to certify alternative questions to the Supreme Court of Puerto Rico, and joinders and statements thereto (collectively, the "Litigation Pleadings").

34. All the while, the Commonwealth Agent, COFINA Agent and other intervenors and interested parties in the Commonwealth-COFINA Dispute worked tirelessly to mediate not only the Commonwealth-COFINA Dispute, but all of the claims this court dismissed as being out of scope of the Commonwealth-COFINA Dispute pursuant to the order setting forth the scope of the Commonwealth-COFINA Action (the "Scope Order") on December 21, 2017.  In addition to the Litigation Pleadings, CST Law helped Paul Hastings draft and file the joint urgent motion for an order expanding, for mediation purposes only, the Commonwealth Agent's and COFINA Agent's authority and immunity protections in advance of the Commonwealth-COFINA mediation sessions.  All of the time, energy and resources expended on the Commonwealth-COFINA Action and the Commonwealth-COFINA Dispute mediation sessions proved fruitful.  The parties made great strides and announced a fair resolution of what has been one of the most critical pieces of

14

litigation in these Title III Cases on June 5, 2018, based primarily off of work performed during the Application Period.

    (a)    <u>Pleadings Review (Task Code B113)</u>

        Fees:      $4,104.00    Total Hours:  15.20

35. During the Application Period, CST Law has reviewed various pleadings to be adequately prepared to provide services to the Committee and assist Paul Hastings in its representation of the Committee. Specifically, CST Law reviewed pleadings filed and orders entered in the Commonwealth-COFINA Action and the in the adversary proceeding styled *Bank of New York Mellon, as Trustee v. COFINA*, Adv. Proc. No. 17-133, for internal review and review by the Committee.

    (b)    Other Contested Matters (Excluding Assumptions/Rejections) (Task Code B190)

        Fees:      $19,936.00    Total Hours:  92.30

36. During the Application Period, CST Law provided assistance to Paul Hastings in the analysis and drafting of pleadings filed in connection with the COFINA Agent's motion to confirm the application of the liability protections in section 105 of PROMESA. For example, CST Law conducted various research that were instrumental in developing a strategy.

    (c)    <u>General Litigation (Task Code B191)</u>

        Fees:      $79,285.00    Total Hours:  395.00

37. During the Application Period, CST Law continued to work with Paul Hastings to prosecute the Commonwealth-COFINA Action on behalf of the Committee, as the Commonwealth Agent. Among other things, CST Law: (i) researched and analyzed critical legal issues with respect to the COFINA structure and other similar structures in the context of constitutionality, claims allowance, and transfer issues; (ii) reviewed discovery from the parties

to the Commonwealth-COFINA Action; (iii) reviewed drafts of an amended complaint and answers and counterclaims; (iv)analyzed and provide advice on the prosecution and defense of motions to enforce the scope of the Commonwealth-COFINA Action; and (v) pursuant to Paul Hastings' requests, researched and analyzed issues critical to the Commonwealth Agent's motion for summary judgment, which was due on February 21, 2018, and prepared briefing and accompanying documents for this motion.

38. Furthermore, CST Law strategize with Paul Hastings as to a dispute concerning the scope of the Commonwealth-COFINA Dispute. In particular, CST Law conducted extensive research and strategize pertaining to whether various questions should be certified to the Supreme Court of Puerto Rico.

39. As the court is aware, the Commonwealth-COFINA Dispute is extremely complex, involving novel and interlocking issues of both law and fact. As such, it has required extensive legal analysis and discovery efforts on the part of CST Law as local counsel for the Commonwealth Agent. CST Law accomplished the following work streams in connection with its submission of the Commonwealth Agent's summary judgment motion; (i) coordinated first-level review of documents produced; (iii) extensively researched Puerto Rico case law in order to analyze novel issues related to property interests, municipal bonds, financing schemes, and constitutional law, among others; (iv) as well as engaged in discovery efforts with third-parties.

    (d)    <u>Non-Working Travel (Task Code B195)</u>

        Fees:    $2,778.50    Total Hours:  21.10

40. During the Application Period, certain CST Law attorneys traveled to and from Court Hearings and Meetings in New York.

41. In accordance with Local Rule 2016-2(d)(viii), CST Law billed for one-half the total time that CST Law professionals spent on non-working travel

## III. Communications with Creditors / Website (other than Committee Members) (Matter ID:  396-00004)

(a)     Pleadings Review (Task Code B113)

Fees:       $1,050.00     Total Hours:   6.00

42. During the Application Period, CST Law has reviewed various pleadings to be adequately prepared to provide services to the Committee and assist Paul Hastings in its representation of the Committee. In particular, CST Law was engaged in developing and implementing the Creditors' Information Session, along with Paul Hastings.

(b)     Meetings of and Communications with Creditors (Task Code B150)

Fees:       $2,214.00     Total Hours:   8.20

43. During the Application Period, CST Law communicated with creditors of the Commonwealth to provide information about the information sessions that were ordered by the Court.

(c)     Other Contested Matters (Excluding Assumptions/Rejections) (Task Code B190)

Fees:       $5,185.00     Total Hours:   24.50

44. During the Fee Application, CST Law attorneys conducted extensive research pertaining to potential claims relating to PBA. CST Attorneys communication with Paul Hastings to strategize pertaining to the foregoing.

(d)     General Litigation (Task Code B191)

Fees:       $32,028.00     Total Hours:   160.80

17

45. During the Application Period, CST Law worked with Paul Hastings attorneys to analyze pleadings filed in various local cases being monitored adversary proceedings and to develop strategies for such cases.

    (e)    Non-Working Travel (Task Code B195)

        Fees:      $3,609.00    Total Hours:  36.40

46. During the Application Period, certain CST Law attorneys traveled to and from the various locations were the Informative Sessions were held. One attorney traveled to Orlando, FL and other two attorneys traveled within Puerto Rico to attend and participate in such sessions.

47. In accordance with Local Rule 2016-2(d)(viii), CST Law billed for one-half the total time that CST Law professionals spent on non-working travel.

## IV. PREPA (Matter ID 396-00006)

    (a)    Pleadings Review (Task Code B113)

        Fees:      $13,907.00    Total Hours:  58.10

48. During the Application Period, CST Law has reviewed various pleadings to be adequately prepared to provide services to the Committee and assist Paul Hastings in its representation of the Committee. In particular, CST Law continued to review and prepare summaries of pleadings filed and orders entered in the PREPA Title III Case, related adversary proceedings, and other litigation including the briefs filed in the First Circuit appeal by the ad hoc group of PREPA bondholders regarding the appointment of a receiver for PREPA, No. 17-2079, and the adversary proceeding styled *Puerto Rico Energy Commission* ("PREC") *v. PREPA*, *et al.*, Adv. Proc. No. 18-021 (the "PREC Adversary Proceeding").

    (b)    General Litigation (Task Code B191)

        Fees:      $5,146.00    Total Hours:  24.40

49. During the Application Period, CST Law worked with Paul Hastings attorneys to analyze pleadings filed in various local cases being monitored adversary proceedings and to develop strategies for such cases. Further, CST Law review and provided comments to motion to intervene in the PREC Adversary Proceeding (in which case PREC had sought to enjoin the Oversight Board from taking certain actions with respect to PREPA). The Committee successfully intervened and joined in the Oversight Board's opposition to the preliminary injunction motion. The court ultimately denied PREC's preliminary injunction motion and PREC thereafter voluntarily dismissed the PREC Adversary Proceeding.

**V.  ERS (Matter ID:  396-00008)**

(a)    Other Contested Matters (Excluding Assumptions/Rejections) (Task Code B190)

Fees:     $17,471.00    Total Hours:   72.30

50. During the Fee Application, CST Law attorneys conducted extensive research pertaining to potential claims relating to ERS. The results of the investigation provided were document in memorandums and shared with Paul Hastings' attorneys. Further, CST Attorneys communication with Paul Hastings to strategize pertaining to the foregoing.

(b)    General Litigation (Task Code B191)

Fees:     $1,846.00    Total Hours:   8.80

51. During the Application Period, CST Law worked with Paul Hastings attorneys to analyze pleadings filed in various local cases being monitored adversary proceedings and to develop strategies for such cases.

**VI.    Other Adversary Proceedings (Matter ID: 396-00009)**

(a)    Other Contested Matters (Excluding Assumptions/Rejections) (Task Code B190)

Fees:     $6,579.00    Total Hours:   33.90

52. During the Application Period, CST Law worked with Paul Hastings attorneys to analyze pleadings filed in various local cases being monitored adversary proceedings and to develop strategies for such cases.

## VII.   Mediation (Matter ID:  396-00010)

53. The Committee's role in the mediation process during the Application Period focused on the efforts to settle the Commonwealth-COFINA Dispute (as expanded by the Scope Order), with respect to which the Committee is acting as the Commonwealth Agent.

(a)     Meetings of and Communications with Creditors (Task Code B150)

Fees:       $1,268.00      Total Hours:   5.40

54. During the Application Period, CST Law attorneys participated in various conference calls, as well as communicated electronically, pertaining to mediation efforts. This conference calls were with Committee Members, Paul Hastings' attorneys, or other parties engaged in mediation.

(b)     General Litigation (Task Code B191)

Fees:       $12,064.00     Total Hours:   47.20

55. During the Application Period, CST Law attorneys reviewed and analyzed the developments of the mediation process, as well as strategize with Paul Hastings attorneys to obtain better results for the Committee in said process.

## VIII.   Document Review (Matter ID:  396-00012)

(a)     General Litigation (Task Code B191)

Fees:       $20,650.00     Total Hours:   206.50

56. During the Application Period, CST Law conducted the first level review documents produced in connection with the Commonwealth-COFINA Dispute. For purposes of this matter,

CST Law agreed to reduce its rates to a blended rate of $100.00 per hour per timekeeper. This task alone represents almost 15% of the fees requested by CST Law in the Interim Period.

## IX. GDB (Matter ID:  396-00013)

(a)    Other Contested Matters (Excluding Assumptions/Rejections) (Task Code B190)

Fees:        $3,950.00        Total Hours:   17.00

57. During the Fee Application Period, CST Law attorneys conducted various research to assist Paul Hastings to analyze various developments in GDB's Title VI proceeding. Further, CST Law attorneys communicated with Paul Hastings' attorneys to provide the research results.

## X.  PBAPR (Matter ID:  396-00014)

58. On February 14, 2018, the PBA Funds' Rent Motion was filed, alleging not less than $289 million in administrative "rent" claims.  Upon that filing, the Committee began investigating the PBA structure, its bonds, its purpose, and the underlying "leases" to evaluate the merits of the PBA Funds' Rent Motion.

(a)    Pleadings Review (Task Code B113)

Fees:        $2,034.00        Total Hours:   8.20

59. During the Application Period, CST Law has reviewed various pleadings to be adequately prepared to provide services to the Committee and assist Paul Hastings in its representation of the Committee.

(b)    Other Contested Matters (Excluding Assumptions/Rejections) (Task Code B190)

Fees:        $2,829.00        Total Hours:   14.60

60. During the Application  Period,  CST  Law assisted Paul Hastings in obtaining various documents related to PBA that were necessary to properly analyze various issues regarding the mentioned public corporation.

(c)     General Litigation (Task Code B191)

Fees:        $9,441.00        Total Hours:   45.40

61. During the Application Period, CST Law assisted Paul Hastings in obtaining various documents related to PBA that were necessary to properly analyze various issues regarding the mentioned public corporation. This, to further explore challenges to the PBA structure.

## XI.     Fee Application (Matter ID:  396-00015)

(a)     Case Administration (Task Code B110)

Fees:        $2,306.00        Total Hours:   12.30

62. Pursuant to the Fee Examiner's request, CST Law has established a matter to keep track of the time incurred in compliance with the Fee Examiner's requests. The time spent in the Fee Application Period pertains to the time spent in compliance with the Fee Examiner's requests including communications with the mentioned examiner.

*****

63. The foregoing professional services were necessary and appropriate to the administration of the Title III Cases and were incurred upon in the best interests of the Committee, the Debtors, the creditors, and other parties in interest.

## ACTUAL AND NECESSARY DISBURSEMENTS

64. As set forth in Exhibit D hereto, CST Law disbursed $12,052.09 as expenses incurred in providing professional services during the Interim Fee Period.

65. Because CST Law believes that online legal research (e.g., LEXIS and WESTLAW) is far more cost-efficient than manual research using hard-bound volumes, CST Law encourages computerized legal research even though it is not a profit center for CST Law.

66. The time constraints imposed by the circumstances of the matters handled by CST Law during the Interim Fee Period required its attorneys and other employees, at times, to devote substantial time during the evenings and on weekends to perform legal services on behalf of the Committee. These extraordinary services were essential to meet deadlines, timely respond to daily inquiries, and satisfy the Committee's needs and demands. Attorneys and other CST Law employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs in accordance with the Local Rules and firm policy. CST Law's regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the provision of legal services.

67. CST Law believes the rates for charges incurred are the market rates that most law firms charge clients for such services. In addition, CST Law believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

**THE REQUESTED COMPENSATION SHOULD BE ALLOWED**

68. Section 316 provides for the compensation of professionals. Specifically, the section provides that a Court may award a professional employed by a committee under Section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered… and reimbursement for actual, necessary expenses." PROMESA §316(a). Section 316 of PROMESA also sets forth the criteria for the award of such compensation and reimbursement:

> (a) In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:
>
> > (i) the time spent on such services;

(ii) the rates charged for such services;

(iii) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;

(iv) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(v) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and

(vi) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title or title 11, United States Code.

PROMESA §316(c). Further, section 317 of PROMESA provides that "a committee… may apply to the court not more than once every 120 days… for such compensation for services rendered…"

69. In the instant case, CST Law respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to protect, preserve, and maximize the value for unsecured creditors during the pendency of the Title III Cases. The services rendered to the Committee were performed in an economic, effective, and efficient manner commensurate with the complexity and importance of the issues involved. Furthermore, almost 15% of the fees requested were performed at a significant reduced blended rate of $100.00 per hour per timekeeper. The results obtained to date have benefited not only the Committee but also the Debtors and their stakeholders. Accordingly, the compensation requested herein is reasonable considering the nature, extent, and value of such services to the Committee, the Debtors, and all parties in interest.

70. The work conducted was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each particular task. Whenever possible, CST Law sought to minimize the costs of CST Law's services to the Committee by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of the assignments. A small group of the same CST Law attorneys was utilized for the vast majority of the work in this case, to minimize the costs of intra- CST Law communication and education about the Title III Cases. As demonstrated by this Application, CST Law spent its time economically and without unnecessary duplication. Accordingly, approval of the compensation sought herein is warranted.

## CONCLUSION

WHEREFORE, CST Law respectfully requests entry of an order (i) allowing interim compensation for professional services rendered during the Interim Fee Period in the amount of $294,120.50 and expense reimbursements in the amount of $12,052.09; (ii) directing the Debtors' payment of the amounts allowed and; (iii) granting CST Law such other and further relief as is just.

Date: July 16, 2018           */s/Juan J. Casillas-Ayala*
     In San Juan, Puerto Rico     Juan J. Casillas-Ayala, Esq.

CASILLAS, SANTIAGO & TORRES, LLC
Juan J. Casillas-Ayala, Esq., USDC-PR 218312
Diana M. Batlle-Barasorda, Esq., USDC-PR 213103
Alberto J. E. Añeses-Negrón, Esq., USDC-PR 302710
Ericka C. Montull-Novoa, Esq., USDC-PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, PR 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com