**Hearing Date**: November 7, 2018 at 8:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: August 6, 2018 at 4:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x
                        :
In re:                        :
                        :
THE FINANCIAL OVERSIGHT AND    :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,  :  Title III
                        :
      as representative of        :  Case No. 17-BK-3283 (LTS)
                        :
THE COMMONWEALTH OF PUERTO RICO, *et al.*,  :  (Jointly Administered)
                        :
      Debtors.[1]              :
------------------------------------------------------------------------ x

## NOTICE OF HEARING ON THIRD INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM FEBRUARY 1, 2018 THROUGH MAY 31, 2018

**PLEASE TAKE NOTICE** that a hearing on the annexed *Third Interim Fee Application*

*of Paul Hastings LLP, as Counsel to Official Committee of Unsecured Creditors, for Services*

*Rendered and Reimbursement of Expenses for Period from February 1, 2018 through May 31,*

*2018* (the "Application") filed by the Official Committee of Unsecured Creditors of all title III

Debtors (other than COFINA), pursuant to section 1103(a)(1) of the Bankruptcy Code, made

applicable to these cases by section 301 of the Puerto Rico Oversight, Management and

Economic Stability Act of 2016 or "PROMESA", will be held before the Honorable Laura

---

[1]    The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

Taylor Swain, United States District Court Judge, at the United States District Court for the

District of Puerto Rico, in Room 3, 150 Carlos Chardón Street, Federal Building, Office 150, San

Juan, Puerto Rico 00918-1767 on **November 7, 2018 at 8:30 a.m. (ET) / 9:30 a.m. (AST)** (the

"Hearing").

   **PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections")

to the Application by any party other than the Fee Examiner shall be in writing, shall conform to

the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of

Puerto Rico, shall be filed with the court (a) by attorneys practicing in the District Court,

including attorneys admitted *pro hac vice*, electronically in accordance with rule 5 of the Local

Rules for the District of Puerto Rico, and (b) by all other parties in interest, on a CD-ROM, in

text-searchable portable document format (PDF), to the extent applicable, and shall be served in

accordance with the *First Amended Order Setting Procedures for Interim Compensation and

Reimbursement of Expenses of Professionals* [Docket No. 1715] (the "Interim Compensation

Order"), so as to be so filed and received by Paul Hastings LLP and the other Notice Parties (as

defined in the Interim Compensation Order) no later than **August 6, 2018 at 4:00 p.m. (ET) /

4:00 p.m. (AST)** (the "Objection Deadline").

*[Remainder of page intentionally left blank.]*

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Interim

Compensation Order, if no Objections are timely filed, and if the Fee Examiner issues the Fee

Examiner Report (as defined in the Interim Compensation Order) recommending approval of the

Application in full or in part, the court may grant the Application without a hearing.

Dated: July 16, 2018                    */s/ G. Alexander Bongartz*

PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
Andrew V. Tenzer *(Pro Hac Vice)*
Michael E. Comerford *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com
andrewtenzer@paulhastings.com
michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

**Hearing Date**: November 7, 2018 at 8:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: August 6, 2018 at 4:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

      Debtors.[1]

------------------------------------------------------------------------ x

: PROMESA
: Title III
:
: Case No. 17-BK-3283 (LTS)
:
: (Jointly Administered)
:

# THIRD INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM <u>FEBRUARY 1, 2018 THROUGH MAY 31, 2018</u>

## SUMMARY COVER SHEET

| | |
|---|---|
| Name of applicant: | Paul Hastings LLP ("<u>Paul Hastings</u>") |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "<u>Committee</u>") |
| Date of retention: | Order entered August 10, 2017, effective as of June 26, 2017 [Docket No. 999] |
| Period for which compensation and reimbursement are sought: | February 1, 2018 through and including May 31, 2018 (the "<u>Application Period</u>") |

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

| | |
|---|---|
| Amount of interim compensation sought as actual, reasonable, and necessary: | \$8,676,112.75 / \$6,940,890.20[2] |
| Amount of interim expense reimbursement sought as actual, reasonable, and necessary: | \$586,993.66[3] |
| Are your fee or expense totals different from the sum of previously-served monthly statements for the Application Period? | No. |
| Total compensation approved by interim order to date: | \$16,225,401.74 |
| Total expenses approved by interim order to date: | \$194,083.99 |
| Total allowed compensation paid to date: | \$12,621,973.33 |
| Total allowed expenses paid to date: | \$198,101.12 |
| Blended rate in this Application for all attorneys: | (a) \$978.17/hour / (b) \$782.53/hour[4] |
| Blended rate in this Application for all timekeepers: | (a) \$930.53/hour / (b) \$744.43/hour[4] |
| Compensation sought in this Application already paid pursuant to a monthly compensation order but not yet allowed: | \$0.00 |
| Expenses sought in this Application already paid pursuant to a monthly compensation order but not yet allowed: | \$0.00 |
| The total time expended for fee application preparation during the Application Period: | Approximately 40.8 hours |
| The total compensation requested for fee application preparation during the Application Period: | Approximately \$36,016.50 |

---

[2]   While Paul Hastings seeks allowance of all of its fees incurred during the Application Period, the firm only seeks payment, at this time, of 80% of these fees, *i.e.*, \$6,940,890.20.  By the time of the hearing on this Application, this amount should have long been paid by the Debtors pursuant to the Interim Compensation Order (as defined below), and Paul Hastings reserves its rights to seek relief from the Court to the extent any outstanding fees and expenses that are due and payable are not paid on the terms set forth in the Interim Compensation Order.

[3]   As detailed below, this amount includes \$352,212.82 in expenses incurred by Navigant Consulting and Professor John Chalmers in connection with the preparation of an expert report for the Commonwealth-COFINA litigation.  The expenses incurred by Paul Hastings during the Application Period are \$234,780.84.

[4]   The calculation of the blended hourly rates reflected in (a) does not take into account Paul Hastings' agreement to reduce its fees by an amount equal to 20% of its total case fees, with the precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in connection with the final fee application process.  The impact of the 20% end of the case write-off on the blended hourly rates cannot be calculated at this time.  However, for illustrative purposes only, we have reflected in (b) the blended hourly rate after accounting for the 20% reduction for all attorneys and for all timekeepers.

| Number of professionals included in this Application: | 61 |
|---|---|
| If applicable, number of professionals in this Application not included in a staffing plan approved by the client: | 10 |
| If applicable, difference between fees budgeted and compensation sought for the Application Period: | N.A. |
| Number of professionals billing fewer than 15 hours to the case during the Application Period: | 23 |
| Are any timekeeper's hourly rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this Application using the rates originally disclosed in the retention application: | Yes.[5]  $8,114,822.25 (compared to $8,676,112.75 under the post-February 1, 2018 rates) |

---

[5]   As is customary, every year Paul Hastings reviews its rate structure and, when appropriate, adjusts its hourly rates based upon (i) the current market for legal services, (ii) the rates charged for comparable non-bankruptcy services, and (iii) our analysis of the hourly rates being charged by professionals in other law firms.  In January 2018, Paul Hastings increased its hourly rates; however, Paul Hastings did not apply this rate increase to the fees charged in January 2018 with respect to the Committee engagement, resulting in a fee waiver in the aggregate amount of $200,837.15.  The Committee has approved Paul Hastings' rate increase effective February 1, 2018, though Paul Hastings continues to discount the hourly rate for two attorneys, as a courtesy to the Committee:  for Luc Despins, the firm is charging $1,395 rather than $1,400 per hour, and for Alexander Bongartz, the firm is charging $1,125 rather than $1,200 per hour.

## MONTHLY FEE REQUESTS TO DATE

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| **First Interim Fee Period (June 26, 2017 through September 30, 2017)** | | | | | | |
| 8/25/17 | 6/26/17 - 7/31/17 | $2,612,026.60 | $128,519.42 | $2,612,026.20 | $128,519.42 | $653,006.65 |
| 10/20/17 | 8/1/17- 8/31/17 | $2,742,786.60 | ($35,965.44) | $2,742,786.60 | ($35,965.44) | $685,696.65 |
| 12/5/17 | 9/1/17 - 9/30/17 | $2,121,569.60 | $40,716.24 | $2,121,569.60 | $40,716.24 | $530,392.40 |
| **Total** | | **$7,476,382.80** | **$133,270.22** | **$7,476,382.40** | **$133,270.22** | **$1,869,095.70** |
| | | | | | | |
| **Second Interim Fee Period (October 1, 2017 through January 31, 2018)** | | | | | | |
| 12/23/17 | 10/1/17 - 10/31/17 | $915,475.60 | $14,567.93 | $915,475.60 | $14,567.90 | $228,868.90 |
| 1/5/18 | 11/1/17 - 11/30/17 | $1,445,414.80 | $27,705.47 | $1,445,414.80 | $27,705.47 | $361,353.70 |
| 1/12/18 | 12/1/17 - 12/31/17 | $1,467,883.60 | $22,557.50 | $1,467,883.60 | $22,557.50 | $366,970.90 |
| 3/16/18 | 1/1/18 - 1/31/18 | $1,824,040.20 | $30,631.53 | $1,316,816.93 | $0.00 | $456,010.05 |
| **Total** | | **$5,652,814.20** | **$95,462.43** | **$5,145,590.93** | **$64,830.87** | **$1,413,203.55** |
| | | | | | | |
| **Third Interim Fee Period (February 1, 2018 through May 31, 2018)** | | | | | | |
| 4/18/18 | 2/1/18 – 2/28/18 | $2,015,455.20 | $87,789.71 | $0.00 | $0.00 | $503,863.80 |
| 5/9/18 | 3/1/18 – 3/31/18 | $2,416,111.40 | $53,500.42 | $0.00 | $0.00 | $604,027.85 |
| 6/15/18 | 4/1/18 – 4/30/18 | $1,357,280.60 | $408,763.80 | $0.00 | $0.00 | $339,320.15 |
| 7/13/18 | 5/1/18 – 5/31/18 | $1,152,043.00 | $36,939.73 | $0.00 | $0.00 | $288,010.75 |
| **Total** | | **$6,940,890.20** | **$586,993.66** | **$0.00** | **$0.00** | **$1,735,222.55** |

**PRIOR INTERIM FEE APPLICATIONS**

| Date Filed [Docket No.] | Application Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 12/15/17 Docket No. 2040 | 6/26/17 - 9/30/17 | $9,345,478.50 | $133,270.22 | Docket No. 2685 | Allowed: $9,264,712.49 Paid: $7,476,382.40 Authorized to be paid: $7,465,577.20[6] | Allowed: $111,344.06 Paid: $133,270.22 Authorized to be paid: $111,344.06[7] |
| 3/19/18 Docket No. 2735 | 10/1/17 – 1/31/18 | $7,066,017.75 | $95,462.43 | Docket No. 3279 | Allowed: $6,960,689.25 Paid: $5,145,590.93 Authorized to be paid: $5,651,706.20 | Allowed: $82,739.93 Paid: $64,830.87 Authorized to be paid: $82,739.93 |

---

[6]   Paul Hastings credited the difference of $13,507.00 against the amounts payable under the January 2018 fee statements.

[7]   Paul Hastings credited the difference of $21,926.16 against the amounts payable under the January 2018 fee statements.

**Hearing Date**: November 7, 2018 at 8:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: August 6, 2018 at 4:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

--------------------------------------------------------------------- x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

     Debtors.[1]

--------------------------------------------------------------------- x

:
:
:
:
:   PROMESA
:   Title III
:
:   Case No. 17-BK-3283 (LTS)
:
:   (Jointly Administered)
:
:
:

# THIRD INTERIM APPLICATION OF PAUL HASTINGS LLP, COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM <u>FEBRUARY 1, 2018 THROUGH MAY 31, 2018</u>

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................ 4

BACKGROUND ............................................................................................................... 9

COMPENSATION AND REIMBURSEMENT REQUEST ...................................................... 13

SUMMARY OF SERVICES ............................................................................................... 16

    I.     Official Committee of Unsecured Creditors of Commonwealth of Puerto Rico (Matter ID 00002) ........................................................................................... 17

    II.    COFINA Dispute Analysis (Matter ID 00003) ........................................... 21

    III.   Communications with Creditors (other than Committee Members) / Website (Matter ID 00004) ........................................................................................... 25

    IV.   Fiscal Plan Analysis (Matter ID 00005) ..................................................... 27

    V.    PREPA (Matter ID 00006) ......................................................................... 27

    VI.   HTA (Matter ID 00007) ............................................................................. 30

    VII.  ERS (Matter ID 00008) .............................................................................. 31

    VIII. Other Adversary Proceedings (Matter ID 00009) ...................................... 31

    IX.   Mediation (Matter ID 00010) ..................................................................... 33

    X.    GO Bond Debt Issues (Matter ID 00011) .................................................. 34

    XI.   Creditors Committee Meetings (Matter ID 00012) ..................................... 34

    XII.  Rule 2004 Investigations (Matter ID 00013) ............................................. 35

    XIII. Constitutional Issues (Matter ID 00014) .................................................... 37

    XIV. Bankruptcy Rule 2004 (Whitefish) (Matter ID 00015) ............................... 38

    XV.  PREPA Privatization (Matter ID 00016) .................................................... 38

    XVI. PBA (Matter ID 00017) .............................................................................. 38

    XVII. GDB (Matter ID 00018) ............................................................................ 40

ACTUAL AND NECESSARY DISBURSEMENTS ................................................................ 41

REQUESTED COMPENSATION SHOULD BE ALLOWED ................................................... 43

CONCLUSION ............................................................................................................... 46

## <u>SUPPORTING DECLARATION, EXHIBITS, AND SCHEDULES</u>

SUPPORTING DECLARATION OF LUC A. DESPINS

| | |
|---|---|
| EXHIBIT A | CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES |
| EXHIBIT B | SUMMARY OF TIMEKEEPERS INCLUDED IN THIS APPLICATION |
| EXHIBIT C | BUDGETS AND STAFFING PLANS FOR APPLICATION PERIOD |
| EXHIBIT C-1 | BUDGETS |
| EXHIBIT C-2 | STAFFING PLANS |
| EXHIBIT D | SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY |
| EXHIBIT D-1 | SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY AS COMPARED TO BUDGET |
| | FURTHER BREAKDOWN OF COMPENSATION REQUESTED BY PROJECT CATEGORY AND BY MATTER |
| EXHIBIT D-2 | SUMMARY OF EXPENSE REIMBURSEMENT REQUESTED BY CATEGORY |
| EXHIBIT E | BREAKDOWN OF COMPENSATION AND EXPENSE REIMBURSEMENT REQUESTED BY DEBTOR AND BY WHETHER SERVICES WERE RENDERED IN PUERTO RICO OR OUTSIDE PUERTO RICO |
| SCHEDULE 1 | LIST OF PROFESSIONALS BY MATTER |
| SCHEDULE 2 | MONTHLY STATEMENTS COVERED IN APPLICATION |
| SCHEDULE 3 | PROPOSED ORDER |

To the Honorable United States District Court Judge Laura Taylor Swain:

Paul Hastings LLP ("Paul Hastings"), counsel to the Official Committee of Unsecured Creditors of all title III Debtors (other than COFINA) (the "Committee"),[1] for its third application (the "Application"), pursuant to sections 316 and 317 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 ("PROMESA"),[2] section 503(b) of title 11, United States Code (the "Bankruptcy Code") as made applicable to these cases by section 301(a) of PROMESA, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), for the interim allowance of compensation for professional services performed by Paul Hastings for the period from February 1, 2018 through and including May 31, 2018 (the "Application Period"), and for reimbursement of its actual and necessary expenses incurred during the Application Period, respectfully represents:

## **PRELIMINARY STATEMENT**

1.      From the outset of these title III cases, and continuing during the Application Period, Paul Hastings has been confronted with a wide range of critical and time-sensitive issues, including multi-billion dollar disputes concerning the ownership of sales and use tax revenues, the "clawback" of revenues from certain Puerto Rico instrumentalities, and the certification of fiscal plans under PROMESA. These and many other issues have become even more critical in the aftermath of Hurricanes Irma and Maria that devastated the island of Puerto Rico in September 2017.

---

[1]     Prior to August 25, 2017, the Committee was the official committee of unsecured creditors for the Commonwealth's title III case only.  On August 25, 2017, the U.S. Trustee expanded the Committee's role to also include the title III cases of HTA, ERS, and PREPA.

[2]     References to PROMESA are references to 48 U.S.C. §§ 2101 *et. seq.*

2.      During the Application Period, Paul Hastings, as lead counsel to the Committee, has worked diligently with the Committee to advise it on a host of issues central to these title III cases.  Perhaps most notable, Paul Hastings has been prosecuting the Commonwealth-COFINA Dispute (on behalf of the Committee, as the Commonwealth Agent) regarding the ownership of billions of dollars in sales and use tax revenues including the preparation and filing of summary judgment pleadings, analysis of the COFINA structure, and legal research on several critical legal issues (including issues arising under the Uniform Commercial Code as well as the U.S. and Puerto Rico Constitutions).  These efforts culminated during the Application Period with oral argument on the summary judgment on April 10, 2018.

3.      Concurrently with these litigation efforts, Paul Hastings also advised the Commonwealth Agent in the mediation related to the Commonwealth-COFINA Dispute.  These efforts involved numerous meetings with the mediators, the COFINA Agent, and the other parties involved, exchanging settlement proposals, preparing presentations to the Committee to evaluate such proposals.  Ultimately, on June 5, 2018, the Commonwealth Agent and the COFINA Agent reach an agreement in principle.[3]

4.      In its capacity as the Commonwealth Agent, the Committee was, in effect, acting as a debtor, and, consequently, Paul Hastings was acting as debtor's counsel in such matters. Indeed, during the Application Period, approximately 58% of Paul Hastings' fees and expenses (or approximately $4.4 million, after 20% holdback) were incurred in connection with the Commonwealth-COFINA Dispute and the mediation related thereto.  Thus, during the

---

[3]      Although the Agents have reached an agreement in principle, there are various conditions precedent and subsequent that may prevent the settlement from ever becoming effective.

Application Period, Paul Hastings only incurred approximately $3.2 million in fees (after 20%

holdback) and expenses in its role as counsel to the Committee in its capacity as official

creditors' committee in these Title III case.

5.     All the while, Paul Hastings has continued to advise the Committee on all issues

bearing on the rights of unsecured creditors in these title III cases and taken proactive steps to

protect their rights, including by:

> (i)     intervening in selected adversary proceedings (including an
>         adversary proceeding asserting that certain claims are
>         nondischargeable);
>
> (ii)    opposing relief that would adversely affect the rights of
>         unsecured creditors (including a motion by certain PBA
>         bondholders to compel the Commonwealth to make rent
>         payments to the PBA);
>
> (iii)   renewing the Committee's request to investigate certain
>         financial institutions and their role in the financial crisis that
>         Puerto Rico faces;
>
> (iv)    continuing to develop a framework for an alternative dispute
>         resolution process for the allowance of claims;
>
> (v)     organizing information sessions in Puerto Rico to provide
>         creditors with information regarding the claims filing process;
>
> (vi)    maintaining the Committee's website on Prime Clerk and a new
>         standalone website developed with the aid of the Committee's
>         new communications advisor, Kroma; and
>
> (vii)   monitoring pleadings filed and orders entered in the title III
>         cases and related adversary proceedings (including, where
>         appropriate, filing objections).

6.     Paul Hastings has continued to perform these services in an economic, effective,

and efficient manner commensurate with the complexity and importance of the issues involved.

For example, the work performed by Paul Hastings was carefully assigned to appropriate

professionals or paraprofessionals according to the experience and level of expertise required for

each particular task.  Moreover, whenever possible, Paul Hastings sought to minimize the costs

of Paul Hastings' services to the Committee by utilizing talented junior attorneys and

paraprofessionals to handle the more routine aspects of the assignments and by delegating, to the

extent practicable, questions of Puerto Rico law to local counsel.  In addition, a small group of

the same Paul Hastings attorneys was utilized for the vast majority of the work in these title III

cases, to minimize the costs of intra-Paul Hastings communication and education about the

cases.  Notably, as a general matter, no more than two Paul Hastings attorneys (and often only

one attorney) attended the various hearings and mediation sessions held during the Application

Period, thereby minimizing not only the time billed on these hearings/sessions but also the cost

of travel and lodging.

7.     Furthermore, to the extent appropriate, Paul Hastings sought to work closely with

counsel to the Financial Oversight and Management Board for Puerto Rico (the "Oversight

Board"), counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority's

("AAFAF"), and counsel for the official committee of retirees (the "Retiree Committee") in

order to eliminate unnecessary duplication and allocate tasks in an efficient manner.  For

example, with very limited exceptions, the Committee did not become involved on stay relief

requests and, instead, deferred those matters to AAFAF.  In addition, to the extent appropriate,

the Committee joined in the relief sought by other parties (as opposed to incurring the cost of

preparing its own standalone motions) or concluded that no pleading was necessary at all as it

did in the First Circuit appeal styled *Aurelius Capital Master, Ltd., et. al. v. Commonwealth of

Puerto Rico, et al.*, No. 18-1108.  The Committee was also very judicious in determining in

which adversary proceedings to intervene and, despite the First Circuit's ruling affirming the

Committee's unconditional right to intervene in adversary proceedings, is currently an intervenor

in only four (4) pending adversary proceedings (out of a total of 30), excluding dismissed adversary proceedings.[4]

8.     In sum, Paul Hastings respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to protect, preserve, and maximize the value for unsecured creditors during the pendency of these title III cases.  The results obtained to date have benefited not only the Committee but also the Debtors and their creditors.  Accordingly, in light of the nature and complexity of these title III cases, Paul Hastings' charges for professional services performed and expenses incurred are reasonable under applicable standards.  For all these reasons, Paul Hastings respectfully requests that the court grant the Application and allow interim compensation for professional services performed and reimbursement for expenses as requested.

9.     This Application is consistent with the Interim Compensation Order (as defined below), Local Rule 2016-1, and *Appendix B of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines").  To the extent necessary, Paul Hastings requests a waiver for cause shown of any requirements not met by this Application.[5]

---

[4]   Finally, we note that Paul Hastings has agreed to reduce its total fees by an amount equal to 20% of the firm's case fees (with the precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in connection with the final fee application process).  For the avoidance of doubt, at this time, Paul Hastings seeks allowance of $8,676,112.75 (*i.e.*, 100% of fees for services rendered during the Application Period), but payment of only $6,940,890.20 (to the extent such amount has not been paid before the hearing scheduled on this Application), reflecting 80% of the fees for services rendered during the Application Period.

[5]   The Committee and Paul Hastings reserve all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for compensation in these cases.

10.     In accordance with the U.S. Trustee Guidelines, at the end of this Application are

the following Exhibits and Schedules:

- Exhibit A contains disclosures regarding "customary and comparable compensation."

- Exhibit B contains a summary of Paul Hastings' timekeepers included in this Application.

- Exhibit C-1 contains the budgets for Paul Hastings' services during the Application Period.

- Exhibit C-2 contains the staffing plans for Paul Hastings' services during the Application Period.

- Exhibit D-1 contains (a) a summary of the compensation requested as compared to the compensation budgeted for the firm's services during the Application Period, and (b) a further breakdown of the compensation requested by project category and matter number.

- Exhibit D-2 contains a summary of the expense reimbursements requested by category. An itemized schedule of all such expenses is included in Paul Hastings' monthly statements.

- Exhibit E contains a breakdown of compensation and expense reimbursement requested by Debtor and by whether the services were rendered in Puerto Rico or outside Puerto Rico.

- Schedule 1 contains a list of the professionals providing services during the Application Period by matter.

- Schedule 2 includes the monthly fee statements covered in this Application.

- Schedule 3 includes the proposed order approving this Application.

## **BACKGROUND**

11.     On May 3, 2017, the Oversight Board commenced a title III case for the

Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to section 304 (a)

of PROMESA (the "Commonwealth Title III Case"). Thereafter, the Oversight Board

commenced a title III case for each of COFINA, the Employees Retirement System of the

-9-

Government of the Commonwealth of Puerto Rico ("ERS Title III Case"), the Puerto Rico

Highways and Transportation Authority ("HTA Title III Case"), and the Puerto Rico Electric

Power Authority ("PREPA Title III Case") (and together with the Commonwealth Title III Case,

the "Title III Cases").[6]  By orders dated June 29, 2017 [Docket No. 537] and October 6, 2017

[Docket No. 1417], the Court approved the joint administration of the Title III Cases.

12.     On June 15, 2017, the Office of the United States Trustee for the District of

Puerto Rico (the "U.S. Trustee") filed a *Notice Appointing Creditors Committee for Unsecured*

*Creditors* [Docket No. 338].  On June 26, 2017, the Committee selected Paul Hastings as counsel

to the Committee.

13.     On July 10, 2017, the Committee filed an application to retain and employ Paul

Hastings as counsel, effective June 26, 2017 [Docket No. 610] (the "Retention Application").

By order of this court entered August 10, 2017 [Docket No. 999] (the "Retention Order"),

incorporated herein by this reference, Paul Hastings' retention as counsel to the Committee was

approved effective as of June 26, 2017.

14.     On August 23, 2017, the court entered the Order Setting Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals (as amended, the "Interim

Compensation Order").[7]

15.     On August 25, 2017, the U.S. Trustee filed an *Amended Notice of Appointment of*

*Official Committee of Unsecured Creditors* [Docket No. 1171], which expanded the role of the

Committee to be the official committee for the HTA Title III Case, the ERS Title III Case, and

the PREPA Title III Case.  Paul Hastings' retention extends to the representation of the

---

[6]     Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III
Case.

[7]     The Interim Compensation Order was most recently amended on June 6, 2018.

Committee as the official committee for the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case.  In particular, the Retention Order provided that "[t]he retention of Paul Hastings, as counsel to the Committee, shall be deemed to apply to the representation of the Committee if ever enlarged to include unsecured creditors of other debtors, without the need to obtain a modification of this Order."

16.    The Retention Order authorized Paul Hastings to be compensated on an hourly basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 316 and 317 of PROMESA, the Bankruptcy Rules, the Local Rules, and such orders as the court may direct.  The Retention Order further provides that "[p]ursuant to Bankruptcy Code section 503(b)(1), made applicable by PROMESA section 301(a), the fees and expenses of Paul Hastings under this Order shall be an administrative expense."  In addition, as provided in the Retention Order, the Oversight Board has consented to the Debtors' payment of Paul Hastings' allowed fees and expenses.

17.    Paul Hastings has agreed to reduce its fees by an amount equal to 20% of its total case fees, with the precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in connection with the final fee application process.  For that reason, at this time Paul Hastings seeks payment of only 80% of its fees incurred during the Application Period, but allowance of 100% of such fees.  Paul Hastings agreed to this reduction in reliance on the fact that the timing of the payment of Paul Hastings' fees and expenses would be governed by court orders which contained strict procedures and deadlines, and that such order would be complied with.

18.    On October 6, 2017, the court entered the *Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing a Fee Examiner and*

*Related Relief* [Docket No. 1416] (the "Fee Examiner Order").  The court appointed Brady

Williamson as the Fee Examiner in the Title III Cases.

19.     On December 15, 2017, Paul Hastings filed its first interim fee application with

respect to the period from June 26, 2017 through September 30, 2017 [Docket No. 2040] (the

"First Interim Fee Application").  In accordance with the Interim Compensation Order, Paul

Hastings received a preliminary report from the Fee Examiner with respect to the First Interim

Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in

its requested fees and expenses.  On March 7, 2018, the court approved the First Interim Fee

Application, with the agreed-upon adjustments.

20.     On March 19, 2018, Paul Hastings filed its second interim fee application with

respect to the period from October 1, 2017 through January 31, 2018 [Docket No. 2735] (the

"Second Interim Fee Application").  In accordance with the Interim Compensation Order, Paul

Hastings received a preliminary report from the Fee Examiner with respect to the Second Interim

Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in

its requested fees and expenses.[8]  On June 8, 2018, the court approved the Second Interim Fee

Application, with the agreed-upon adjustments.

21.     This is Paul Hastings' third interim fee application, covering the period from

February 1, 2018 through May 31, 2018.  All services for which compensation is requested were

performed for or on behalf of the Committee.

---

[8]     These agreed-upon adjustments consist (a) fee reductions in the amount of  $103,943.50 to be included with
within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee
application, (b) additional fee reductions in the amount of $1,385.00 on account of errors in calculating hourly
totals (which have been credited against Paul Hastings' January fee statements), and (c) expense reductions in
the amount of $12,722.50 (which also have been credited against Paul Hastings' January fee statements).

## COMPENSATION AND REIMBURSEMENT REQUEST

22.    By this Application, Paul Hastings seeks allowance of compensation for

professional services rendered to the Committee during the Application Period in the aggregate

amount of $8,676,112.75[9] and expense reimbursements in the aggregate amount of $586,993.66.

These amounts are allocated among the Commonwealth Title III Case, the HTA Title III Case,

the ERS Title III Case, and the PREPA Title III Case, as follows:

| Application Period | Fees | Expenses | Total |
|---|---|---|---|
| Commonwealth Title III Case | $7,937,613.50 | $571,841.59 | $8,509,455.09 |
| HTA Title III Case | $88,487.00 | $8.19 | $88,495.19 |
| ERS Title III Case | $29,530.00 | $0.00 | $29,530.00 |
| PREPA Title III Case | $620,482.25 | $15,143.88 | $635,626.13 |
| **Total** | **$8,676,112.75** | **$586,993.66** | **$9,263,106.41** |

23.    The Committee has approved the amounts requested by Paul Hastings for services

performed and expenses incurred in each of the monthly statements submitted to, among others,

the Oversight Board, AAFAF, the Fee Examiner, and the U.S. Trustee during the Application

Period.

24.    To date, Paul Hastings has received no payments for services rendered during the

Application Period.[10]  In particular, as of the date of this Application, the amount of

**$7,527,883.86** (reflecting 80% of fees and 100% of expenses for the four months covered by the

---

[9]    As noted, Paul Hastings has agreed to reduce its fees by an amount equal to 20% of its total case fees, with the precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in connection with the final fee application process.

[10]    There are no pending objections to Paul Hastings' February, March, and April fee statements, and the deadline to object to these fee statements has passed.  The deadline to object to Paul Hastings' May 2018 services is July 23, 2018.  No objections have been received as of the filing of this Application.

Application Period) remains unpaid. In addition, as of the date of this Application, Paul Hastings is also owed **$537,854.80** on account of fees and expenses for the month of January.[11]

25. Other than payments made in accordance with the Interim Compensation Order, Paul Hastings has received no payment and no promises of payment from any source for services rendered during the Application Period. By this Application, Paul Hastings requests allowance of all fees and expenses incurred for services rendered during the Application Period. At this time, however, Paul Hasting seeks payment of only (a) 80% of the fees for services invoiced during the Application Period and (b) 100% of expenses invoiced during the Application Period.

26. In addition, as a courtesy to the Committee and based on circumstances unique to the Title III Cases, during the Application Period Paul Hastings voluntarily waived fees totaling $53,075.25. The time billed by these timekeepers was reasonable, and Paul Hastings reserves the right to seek allowance and payment of these fees based on the facts and circumstances of these cases, including, without limitation, if objections are interposed to the allowance or payment of Paul Hastings' fees and expenses. Paul Hastings also voluntarily waived expenses totaling $10,298.09 as a courtesy to the Committee during the Application Period. For details regarding the waived fees and expenses, please see the Declaration of Luc A. Despins filed concurrently herewith.

27. There is no agreement or understanding between Paul Hastings and any other person other than the attorneys, employees, and staff of Paul Hastings, for the sharing of compensation to be received for services rendered in these cases.

---

[11] This amount reflects the difference between $1,840,891.23 (the amount owed on the January fee statement) and $1,316,816.93 (the amount paid to date). No objection has been raised with respect to Paul Hastings January fee statement.

28.     Paul Hastings maintains computerized records, in the form of monthly statements, of the time spent by all Paul Hastings' attorneys and paraprofessionals in connection with its representation of the Committee.  The monthly statements are in the same form regularly used by Paul Hastings to bill its clients for services rendered and include the date that the services were rendered, a detailed, contemporaneous narrative description of the services provided, the amount of time spent for each service, and the designation of the professional who performed the service.

29.     The fees charged by Paul Hastings in the Title III Cases are billed in accordance with its existing billing rates and procedures in effect during the Application Period with two exceptions.[12]  The rates Paul Hastings charges for the services rendered by its professionals and paraprofessionals in the Title III Cases are comparable to the rates Paul Hastings charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters.  Moreover, when Paul Hastings' restructuring professionals and paraprofessionals work on nonbankruptcy matters, the firm generally charges their standard rate.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

30.     Paul Hastings' rates are set at a level designed to fairly compensate Paul Hasting for the work of its attorneys and paraprofessionals to cover fixed and routine overhead expenses. Paul Hastings operates in a complicated national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance and reputation, the nature of the work involved, and other factors. Accordingly, Paul Hastings set its rates for attorneys and paraprofessionals both in the

---

[12]   As a courtesy to the Committee and based on circumstances unique to the Title III Cases, Paul Hastings agreed to charge during the Application Period:  (a) $1,395 per hour (rather than the standard rate of $1,400 per hour) for Luc Despins' services and (b) $1,125 per hour (rather than the standard rate of $1,200 per hour) for Alexander Bongartz's services.

restructuring group and other practice groups within the firm by reference to market information and market adjustments by firms considered to be industry peers.  Based on this and reviews of contemporaneous time records and fee applications filed in other cases, Paul Hastings endeavors to set the hourly rates for its attorneys and paraprofessionals at levels comparable to those of its principal competitor firms.

31.     Paul Hastings' professional services during the Application Period required an aggregate expenditure of 9,323.80 recorded hours by Paul Hastings' attorneys and paraprofessionals, broken down as follows: partners (2,076.30 hours), counsel (2,405 hours), associates (4,105.10 hours), and paraprofessionals (737.40 hours).  During the Application Period, Paul Hastings' billing rates for attorneys rendering services in this matter ranged from $610 to $1,395 per hour.

32.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed before the preparation of this Application, or Paul Hastings has for any other reason not sought compensation or reimbursement with respect to such services or expenses, Paul Hastings reserves the right to request additional compensation for such services, and reimbursement of such expenses, in a supplemental or future application.

## SUMMARY OF SERVICES

33.     During the Application Period, Paul Hastings assisted and advised the Committee on a regular basis regarding legal matters relating to the restructuring of the Debtors, including related adversary proceedings, and all other matters arising in the performance of the Committee's duties.  In addition, Paul Hastings has prepared various motions, applications, orders, and other pleadings submitted to the court for consideration, and has performed the

necessary professional services that are described below and in the monthly statements attached hereto as <u>Schedule 2</u>.[13]  For ease of reference and transparency purposes, Paul Hastings created several matter numbers for its representation of the Committee.  The matter numbers are divided by Debtor and/or large tasks the Committee undertook, as follows:

| Matter ID | Matter Name |
| --- | --- |
| 00002 | Official Committee of Unsecured Creditors |
| 00003 | COFINA Dispute Analysis |
| 00004 | Communications with Creditors (other than Committee Members) |
| 00005 | Fiscal Plan Analysis |
| 00006 | PREPA |
| 00007 | HTA |
| 00008 | ERS |
| 00009 | Other Adversary Proceedings |
| 00010 | Mediation |
| 00011 | GO Bond Debt Issues |
| 00012 | Creditors' Committee Meetings |
| 00013 | Rule 2004 Investigations |
| 00014 | Constitutional Issues |
| 00015 | Rule 2004 (Whitefish) |
| 00016 | PREPA Privatization |
| 00017 | PBA |
| 00018 | GDB |

## I.     Official Committee of Unsecured Creditors of Commonwealth of Puerto Rico (Matter ID 00002)

(a)     <u>Case Administration (Task Code B110)</u>
Fees:    $207,852.50          Total Hours:   297.90

34.     During the Application Period, Paul Hastings continued to advise the Committee on general case administration.  In order to efficiently track deadlines, organize documents, and

---

[13]    The description of services in this Application is limited to those matters in which Paul Hastings provided 5 or more hours of service during the Application Period.

manage workstreams, Paul Hastings maintained a global task list and case calendar, including a
tracking chart for all adversary proceedings and non-title III litigation.  Further, Paul Hastings
coordinated with the Committee's financial advisor, Zolfo Cooper LLP ("Zolfo Cooper")
regarding Committee communications, case strategy, and workstreams.

35.     In addition, during the Application Period, Paul Hastings has continued to
implement interim and long-term strategies to maximize recoveries for general unsecured
creditors and held internal team conference calls and occasional meetings to discuss the status of
the Title III Cases and to manage workstreams.

(b)     Pleadings Review (Task Code B113)
        Fees:   $40,145.00          Total Hours:   50.20

36.     During the Application Period, Paul Hastings continued to review and prepare
summaries of pleadings filed and orders entered in the Title III Cases for internal review and
review by the Committee.

(c)     Meetings of and Communications with Creditors (Task Code B150)
        Fees:   $102,749.50         Total Hours:   99.80

37.     During the Application Period, Paul Hastings continued to prepare reports and
summaries to keep the Committee apprised of relevant developments in the Title III Cases,
related adversary proceedings, and the mediation process.[14]

(d)     Court Hearings (Task Code B155)
        Fees:   $27,034.50          Total Hours:   29.60

38.     During the Application Period, Paul Hastings attended several hearings for the
Title III Cases.  Specifically, Paul Hastings attended the February 7, 2018 omnibus hearing in
San Juan, Puerto Rico, at which hearing Paul Hastings handled, among other things, the
Committee's response to the Debtors' motion to establish a bar date (the "Bar Date Motion").

---

[14]    Meetings with the Creditors' Committee were recorded separately under matter number 12.

Paul Hastings also attended the March 7, 2018 omnibus hearing, held in San Juan, Puerto Rico, at which hearing Paul Hastings handled, among other things, the Committee's preliminary objection to the PBA Funds' motion for payment of rent (the "PBA Funds' Rent Motion"). Additionally, Paul Hastings attended the May 21, 2018 hearing, in Boston, Massachusetts, on the motion to compel AAFAF and the Oversight Board to comply with Judge Dein's February 26 order addressing the production of fiscal plan development materials filed by the ad hoc group of general obligation bondholders, Ambac Assurance Corporation, and others.[15]

39.    To minimize costs, only Luc Despins attended the hearings on February 7, March 7 and May 21.  This is to be contrasted with attendance by multiple attorneys (often partners) from the same firm in these cases and other typical large and complex chapter 11 cases.

40.    In preparation for these hearings, Paul Hastings also reviewed relevant issues raised in the parties' pleadings, prepared materials for the hearings, and filed the requisite informative motions to be heard.

(e)    Fee/Employment Applications (Paul Hastings) (Task Code B160)
       Fees:   $217,807.00          Total Hours:   245.40

41.    During the Application Period, Paul Hastings prepared and served, among other things, the monthly fee statements for the months of January, February, March, and April 2018, as well as the Second Interim Fee Application for the period from October 1, 2017 through January 31, 2018.  In addition, Paul Hastings continued to identify possible connections between the firm and parties in interest in the Title III Cases and worked on a supplemental declaration of Luc A. Despins regarding the firm's retention as Committee counsel.

---

[15]    The Committee had previously joined in the underlying Rule 2004 motion by these creditors.

      (f)      <u>Fee/Employment Applications for Other Professionals (Task Code B165)</u>
             Fees: $26,829.00     Total Hours:   30.80

42.     During the Application Period, Paul Hastings prepared and served the Kroma

retention application, expense reimbursements for certain Committee members, and analyzed the

interim fee applications of certain Title III professionals in order to address the Committee's

questions about professional fees in these cases.

      (g)      <u>Non-Working Travel (Task Code B195) (billed at ½ rate)</u>
             Fees:  $16,978.50     Total Hours:   25.60

43.     During the Application Period, two Paul Hastings professionals traveled to and

from San Juan, Puerto Rico, to attend (a) the February 7, 2018 meeting with PREPA advisors

and creditors and (b) the omnibus hearings on February 7, 2018 and March 7, 2018.  In

accordance with Local Rule 2016-2(d)(viii), Paul Hastings billed for one-half the total time that

Paul Hastings professionals spent on non-working travel.

      (h)      <u>Financing/Cash Collections (Task Code B230)</u>
             Fees:  $9,922.00     Total Hours:   8.20

44.     During the Application Period, Paul Hastings reviewed and analyzed documents

associated with the Commonwealth's proposed $80 million loan to the Puerto Rico Aqueduct

and Sewer Authority ("<u>PRASA</u>").  The Committee opposed the Commonwealth's efforts to

extend such a loan on a *pari passu* basis with PRASA's senior secured bondholders and

communicated this opposition to counsel for the Oversight Board.  Ultimately, the Committee's

efforts in this regard were successful, as no such loan has been made (as of the date of this

Application).

      (i)      <u>Claims Administration and Objections (Task Code B310)</u>
             Fees:  $153,087.00     Total Hours:   174.10

45.     During the Application Period, Paul Hastings continued to coordinate with

counsel for the Oversight Board regarding the bar date motion, drafts of which were provided to

the Committee for its input.  In addition, Paul Hastings continued to develop the framework for

an alternative dispute resolution process for the allowance of claims and, researched and

analyzed critical issues regarding claim subordination and disallowance issues as they pertain to

the monoline insurers and general obligation bondholders to prepare internal memoranda, as well

as researched and analyzed issues related to reductions in retiree benefits.

## II.    COFINA Dispute Analysis (Matter ID 00003)

46.    As the court is aware, pursuant to the *Stipulation and Order Approving Procedure

to Resolve Commonwealth-COFINA Dispute*, dated August 10, 2017 [Docket No. 996] (the

"Commonwealth-COFINA Stipulation"), the Committee was appointed as the Commonwealth

representative to litigate and/or settle the Commonwealth-COFINA Dispute (as defined in the

Commonwealth-COFINA Stipulation) on behalf of the Commonwealth (the "Commonwealth

Agent").[16]  Bettina M. Whyte (the "COFINA Agent") was appointed as the COFINA

representative to act in the same capacity as the Commonwealth Agent on behalf of COFINA.

Further, on September 8, 2017, the Commonwealth Agent commenced an adversary proceeding

styled as *Official Committee of Unsecured Creditors v. Whyte*, Adv. Proc. No. 17-257 (the

"Commonwealth-COFINA Action").

47.    During the Application Period, the Commonwealth Agent continued to litigate the

Commonwealth-COFINA Action by filing, among other things: (i) its motion for summary

judgment; (ii) an omnibus opposition to the COFINA Agent's summary judgment motion, the

COFINA Senior Bondholders' Coalition's summary judgment motion, and the Mutual Fund

Group's and Puerto Rico Funds' summary judgment motion (collectively, the COFINA

---

[16]    The Commonwealth-COFINA Dispute concerns the question "[w]hether, after considering all procedural and
substantive defenses and counterclaims, including constitutional issues, the sales and use taxes [the ("SUT")]
purportedly pledged by COFINA to secure debt . . . are property of the Commonwealth or COFINA under
applicable law."

Summary Judgment Motions"); (iii) responses to all of the statements of undisputed facts associated with the COFINA Summary Judgment Motions; (iv) a reply in support of its motion for summary judgment; and (v) an omnibus objection to the COFINA Agent's motion to certify questions under Puerto Rico law to the Supreme Court of Puerto Rico (the "Certification Motion"), the Mutual Fund Group's and Puerto Rico Funds' motion to certify questions under Puerto Rico law to the Supreme Court of Puerto Rico, Ambac Assurance Corporation's and National Public Finance Corporation's limited objection to the Certification Motion and cross-motion to certify alternative questions to the Supreme Court of Puerto Rico, and joinders and statements thereto (collectively, the "Litigation Pleadings").

48.     All the while, the Commonwealth Agent, COFINA Agent and other intervenors and interested parties in the Commonwealth-COFINA Dispute worked tirelessly to mediate not only the Commonwealth-COFINA Dispute, but also all of the claims this court dismissed as being out of scope of the Commonwealth-COFINA Dispute pursuant to the order setting forth the scope of the Commonwealth-COFINA Action (the "Scope Order") on December 21, 2017. In addition to the Litigation Pleadings, Paul Hastings drafted and filed the joint urgent motion for an order expanding, for mediation purposes only, the Commonwealth Agent's and COFINA Agent's authority and immunity protections in advance of the Commonwealth-COFINA mediation sessions.  All of the time, energy and resources expended on the Commonwealth-COFINA Action and the Commonwealth-COFINA Dispute mediation sessions proved fruitful. The parties made great strides and announced a framework for a resolution of what has been one of the most critical pieces of litigation in these Title III Cases on June 5, 2018, based primarily off of work performed during the Application Period.

      (a)     <u>Case Administration (Task Code B110)</u>
              Fees:   $64,604.50       Total Hours:   192.40

49.     During the Application Period, Paul Hastings continued to advise the Committee, as Commonwealth Agent, with respect to the general administration of the Commonwealth-COFINA Action.  In this regard, Paul Hastings also performed various other tasks related to document productions, including communications with third parties, data migration, quality control, and preparing document productions for attorney review.  Paul Hastings also served the requisite informative motions and other pleadings in advance of the April 10, 2018 hearing on the various summary judgment motions (the "Summary Judgment Hearing") and the May 9, 2018 hearing on the Certification Motion and related pleadings (the "Certification Motions Hearing").

    (b)     Pleadings Review (Task Code B113)
            Fees:  $22,307.00          Total Hours:   26.90

50.     During the Application Period, Paul Hastings reviewed and prepared summaries of pleadings filed and orders entered in the Commonwealth-COFINA Action and in the adversary proceeding styled *Bank of New York Mellon, as Trustee v. COFINA*, Adv. Proc. No. 17-133 for internal review and review by the Committee.

    (c)     Court Hearings (Task Code B155)
            Fees:  $138,315.50         Total Hours:   141.20

51.     During the Application Period, Paul Hastings prepared for and attended the Summary Judgment Hearing and the Certification Motions Hearing.  In preparation for these hearings, Paul Hastings also reviewed relevant issues raised in the parties' pleadings, prepared materials for the hearings, and filed the requisite informative motions to be heard.  Given the significance of the Commonwealth-COFINA Dispute to the Title III Cases, the preparation for the Summary Judgment Hearing was particularly comprehensive and included, among other things, moot court sessions.

(d)     General Litigation (Task Code B191)
        Fees:  $3,487,988.50        Total Hours:   3,716.50

52.     During the Application Period, Paul Hastings continued to prosecute the

Commonwealth-COFINA Action on behalf of the Committee, as the Commonwealth Agent.  In

that capacity, the Committ was really acting as a debtor and, consequently, Paul Hastings was

acting in the role of debtor's counsel in such matters.  Among other things, Paul Hastings: (i)

researched and analyzed critical legal issues with respect to the COFINA structure and other

similar structures in the context of constitutionality, claims allowance, and transfer issues; (ii)

engaged in ongoing discovery negotiations with parties and non-parties possessing relevant

information; (iii) reviewed and analyzed discovery materials, (iv) engaged in expert discovery on

accounting and municipal finance issues, (v) researched and analyzed the legal and factual issues

pertaining to the Litigation Pleadings, drafted, revised, redacted, and filed the Litigation

Pleadings, filed accompanying motions to seal, and filed unredacted versions of the Litigation

Pleadings; and (vi) moved to amend certain deadlines with respect to the Commonwealth-

COFINA Action.

53.     As the court is aware, the Commonwealth-COFINA Dispute concerns more than

$18 billion of debt, is extremely complex, and involves novel and interlocking issues of both law

and fact.  As such, it has required extensive legal analysis and discovery efforts on the part of

Paul Hastings as counsel for the Commonwealth Agent.  The Commonwealth Agent's summary

judgment motion alone involved numerous Paul Hastings work streams, including the following;

(i) coordinated local counsel's first-level review of over 50,000 documents; (ii) conducted

second-level and quality control review of these documents; (iii) prepared analyses related to key

documents produced; (iv) conducted factual research concerning factual assertions made in the

parties' various statements of undisputed facts; (v) prepared summary judgment exhibits (vi)

-24-

extensively researched case law across multiple jurisdictions in order to analyze novel issues

related to property interests, municipal bonds, financing schemes, and constitutional law, among

others, including constitutional debt limits and issues concerning ownership of the SUT; (vii)

engaged in expert discovery of accounting issues raised in the parties' summary judgment

motions, and (viii) engaged in procedural and substantive motion practice, including ultimately

submitting arguing an extensive motion for summary judgment.  Much of this work was also

vital to the ongoing development and analysis of the parties' mediation positions.

     (e)     <u>Meetings of and Communications with Debtors/Oversight Board (Task Code 260)</u>
             Fees:  $40,208.00       Total Hours:  36.70

54.     During the Application Period, Paul Hasting communicated with counsel to the

COFINA Agent and counsel to the Oversight Board on various matters related to the

Commonwealth-COFINA Action, including the filing of the summary judgment motions,

oppositions, and replies, discovery-related issues, the Certification Motion, and the extension of

deadlines.

## III.    Communications with Creditors (other than Committee Members) / Website (Matter ID 00004)

     (a)     <u>General Creditor Inquiries (Task Code B112)</u>
             Fees:  $21,651.00       Total Hours:  23.60

55.     During the Application Period, Paul Hastings received inquiries from various

creditors either telephonically or through email.  Paul Hastings analyzed the inquiries internally

and responded in an appropriate manner.

     (b)     <u>Meetings of and Communications with Creditors (Task Code B150)</u>
             Fees:  $40,536.00       Total Hours:  45.20

56.     During the Application Period, Paul Hastings prepared and regularly updated,

with the assistance of Prime Clerk, the Committee's website regarding the Title III Cases,

including updates on hearings, recent court orders, and other developments in the Title III Cases.

In this regard, Paul Hastings also prepared and regularly updated the Spanish-language sections

of the website.  In addition, Paul Hastings, with the help of Kroma, created a user-friendly

website for the Committee and its constituents (in English and Spanish), which supplements the

website on Prime Clerk and provides visitors with relevant information regarding the Title III

cases and the claims filing process.

       (c)    <u>Non-Working Travel (Task Code B195) (billed at ½ rate)</u>
              Fees:   $34,854.75          Total Hours:   77.70

57.     During the Application Period, one Paul Hastings attorney traveled to and within

Puerto Rico, to the various locations where the Committee held creditor information sessions on

the process for filing proofs of claims (further discussed below).  In accordance with Local Rule

2016-2(d)(viii), Paul Hastings billed for one-half the total time that Paul Hastings professionals

spent on non-working travel.

       (d)    <u>Claims Administration  and Objections (Task Code B310)</u>
              Fees:   $271,649.00          Total Hours:   319.90

58.     During the Application Period, Paul Hastings continued to develop and

implement an unprecedented program to provide guidance to creditors regarding the claims filing

process in the Title III Cases, including in-person claims information sessions at which

volunteers provided creditors with information regarding the claims filing process and proof of

claim form.  Among others, Paul Hastings hosted creditor information sessions in San Juan,

Mayaguez, Ponce, and Arecibo.  As part of organizing these sessions, Paul Hastings and the

Committee's local counsel, Casillas, Santiago & Torres, reached out to several bar associations,

local law schools, and other organizations to recruit volunteers (law students and lawyers) to

participate in these sessions.  Paul Hastings also handled the training sessions for these

volunteers.  In addition, with the assistance of Kroma, Paul Hastings prepared press releases,

presentations, and other materials to publicize the information sessions.  Overall, more than 50

volunteers participated and more than 200 creditors attended the information sessions.

**IV.    Fiscal Plan Analysis (Matter ID 00005)**

(a)    <u>Debtors' Financial Information and Operations/Fiscal Plan (Task Code B210)</u>
Fees:  $27,221.00          Total Hours:   24.10

59.    During the Application Period, Paul Hastings reviewed and analyzed the various

fiscal plans proposed by the Commonwealth and the Oversight Board as well as the

accompanying fiscal plan documents.

**V.     PREPA (Matter ID 00006)**

(a)    <u>Case Administration (Task Code B110)</u>
Fees:  $33,101.00          Total Hours:   37.50

60.    During the Application Period, Paul Hastings continued to review and analyze

materials related to the PREPA Title III Case, including discovery received from PREPA

bondholders, PREPA, and documents relating to the PREPA bi-weekly update calls.

(b)    <u>Pleadings Review (Task Code B113)</u>
Fees:  $32,868.50          Total Hours:   42.60

61.    During the Application Period, Paul Hastings continued to review and prepare

summaries of pleadings filed and orders entered in the PREPA Title III Case, related adversary

proceedings, and other litigation including the briefs filed in the First Circuit appeal by the ad

hoc group of PREPA bondholders regarding the appointment of a receiver for PREPA, No. 17-

2079, and the adversary proceeding styled *Puerto Rico Energy Commission* ("<u>PREC</u>") *v.*

*PREPA*, *et al.*, Adv. Proc. No. 18-021 (the "<u>PREC Adversary Proceeding</u>").

(c)    <u>Asset Analysis and Recovery (Task Code B120)</u>
Fees:  $25,957.50          Total Hours:   21.60

62.    During the Application Period, Paul Hastings analyzed issues relating to the

PREPA insurance recovery efforts, reviewed and analyzed bi-weekly financial reports made

available on Intralinks by PREPA with respect to the Commonwealth's postpetition loan to

PREPA, and reviewed and analyzed the PREPA trust agreement in relation to the proposed

PREPA privatization and related issued.

(d)   Meetings of and Communications with Creditors  (Task Code B150)
      Fees:   $9,082.50          Total Hours:   7.80

63.   During the Application Period, Paul Hastings continued to prepare reports and

summaries to keep the Committee apprised of relevant developments in the PREPA Title III

Cases and related adversary proceedings.

(e)   Court Hearings  (Task Code B155)
      Fees:   $38,008.50         Total Hours:   33.10

64.   During the Application Period, Paul Hastings prepared for and attended the

February 15, 2018 hearing on the Oversight Board and AAFAF's urgent motion for interim and

final orders authorizing PREPA to incur postpetition financing (the "PREPA Financing Motion")

and the March 27, 2018 hearing on PREC's motion for a preliminary injunction against PREPA

in connection with the PREC Adversary Proceeding.  In preparation for these hearings, Paul

Hastings reviewed the relevant issues raised in the parties' pleadings, prepared materials for the

hearings, and filed the requisite informative motions to be heard.

(f)   General Litigation (Task Code B191)
      Fees:   $57,171.50         Total Hours:   61.40

65.   During the Application Period, Paul Hastings worked several matters arising in

connection with PREPA-related adversary proceedings.  Among other things, Paul Hastings

prepared the Committee's motion to intervene in the PREC Adversary Proceeding (in which case

PREC had sought to enjoin the Oversight Board from taking certain actions with respect to

PREPA).  The Committee successfully intervened and joined in the Oversight Board's

opposition to the preliminary injunction motion.  The court ultimately denied PREC's

preliminary injunction motion and PREC thereafter voluntarily dismissed the PREC Adversary

Proceeding.  Separately, Paul Hastings also analyzed potential claims that could be brought on

behalf of PREPA for the benefit of creditors.

     (g)    <u>Debtors' Financial Information and Operations/Fiscal Plan (Task Code B210)</u>
               Fees:  $46,316.00       Total Hours:   38.90

     66.     During the Application Period, Paul Hastings reviewed and analyzed PREPA's

fiscal plan as it relates to issues relevant to the Committee.  In addition, Paul Hastings

participated in telephone calls with the Oversight Board and the mediation team on these matters.

     (h)    <u>Financing  / Cash Collections  (Task Code B230)</u>
               Fees:  $133,919.00     Total Hours:   115.70

     67.     During the Application Period, Paul Hastings analyzed various issues related to

the PREPA Financing Motion.  In connection with the PREPA Financing Motion, Paul Hastings

reviewed, among other things, the numerous objections to the PREPA Financing Motion, and

prepared for and participated in depositions of certain PREPA personnel regarding the proposed

financing.  Because these issues concerned both the PREPA Title III Case and the

Commonwealth Title III Case, Paul Hastings allocated 50% its fees for services related to the

PREPA Financing Motion to the Commonwealth and 50% to PREPA.

     (i)    <u>Meetings of and Communications with Debtors / Oversight Board  (Task Code
B260)</u>
               Fees:  $54,610.50       Total Hours:   44.70

     68.     During the Application Period, Paul Hastings communicated with PREPA and the

Oversight Board professionals to request documents and other information pertaining to PREPA

insurance policies, the PREPA Financing Motion, and other financial information pertaining to

PREPA.

     (j)    <u>Claims Administration and Objections  (Task Code B310)</u>
               Fees:  $201,415.00     Total Hours:   226.80

     69.     During the Application Period, Paul Hastings researched and analyzed certain

issues related to the PREPA bonds and claims by certain fuel line lenders (which asserted that

they hold priority claims against PREPA in the amount of approximately $700 million based on

"current expenses").  This work included an examination of PREPA's bond issuances, the fuel

line loans, PREPA financial reporting documents, government accounting guidance, and relevant

case law, among other things, and ultimately culminated in an internal memorandum on these

issues.

## VI.    HTA (Matter ID 00007)

   (a)    <u>Case Administration (Task Code B110)</u>
          Fees:   $2,554.00          Total Hours:   7.00
   70.    During the Application Period, Paul Hastings continued to handle various

administrative matters related to the HTA Title III Case, including the filing and service of

pleadings.

   (b)    <u>Pleadings Review (Task Code B113)</u>
          Fees:   $6,332.50          Total Hours:   10.10
   71.    During the Application Period, Paul Hastings continued to review and prepare

summaries of pleadings filed and orders entered in the HTA Title III Case, related adversary

proceedings, and appeals.  In addition, Paul Hastings prepared summaries thereof for internal

review and review by the Committee.

   (c)    <u>General Litigation (Task Code B191)</u>
          Fees:   $78,813.00          Total Hours:   79.30
   72.    During the Application Period, Paul Hastings renewed its motion to intervene in

the adversary proceeding styled *Peaje Investments LLC v. Financial Oversight and Management

Board for Puerto Rico*, Adv. Proc. Nos. 17-151 & 17-152 after the First Circuit remanded the

case back to this court in light of the First Circuit's September 22, 2017 opinion reversing the

order denying intervention in the adversary proceeding styled as *Assured v. Commonwealth of

Puerto Rico*, No. 17-125.  Judge Dein granted the Committee's renewed motion to intervene on

February 8, 2018.  Thereafter, Paul Hastings has been in contact with the parties to the adversary

proceeding regarding discovery and began reviewing same.

73.     During the Application Period, Paul Hastings also filed and prosecuted a motion

to participate in the First Circuit appeal styled *Assured Guaranty Corp., et al. v. Oversight

Board, et al.*, Nos. 18-1165 & 18-1166.  Portions of the relief requested in the motion were

opposed by the appellants.   Paul Hastings also prepared a reply to the appellants' response to

this motion.  The First Circuit granted the Committee's motion on June 15, 2018.

**VII.   ERS (Matter ID 00008)**

    (a)     <u>Pleadings Review (Task Code B113)</u>
           Fees:   $3,152.00          Total Hours:   4.40

74.     During the Application Period, Paul Hastings continued to review and prepare

summaries of pleadings filed and orders entered in the ERS Title III Case and related adversary

proceedings.  In addition, Paul Hastings prepared summaries thereof for internal review and

review by the Committee.

**VIII.   Other Adversary Proceedings (Matter ID 00009)**[17]

    (a)     <u>Case Administration (Task Code B110)</u>
           Fees:   $8,504.00          Total Hours:   8.30

75.     During the Application Period, Paul Hastings continued to handle various case

administrative matters, including filing and serving pleadings to be filed in adversary

proceedings and appeals related to the Title III Cases.

---

[17]   To the extent practicable, Paul Hastings tracked work in respect of PREPA-related adversary proceedings under
Matter ID 00006, HTA-related adversary proceedings under Matter ID 00007, and ERS-related adversary
proceedings under Matter ID 00008.

    (b)    <u>Pleadings Review (Task Code B113)</u>
        Fees:  $7,654.50        Total Hours:  11.40

76.    During the Application Period, Paul Hastings reviewed the pleadings filed and orders entered in various adversary proceedings related to the Title III Cases generally as well as non-title III litigation and appeals.  In order to track deadlines, organize documents, and notify the Committee of upcoming matters, Paul Hastings prepared, maintained, and reviewed these dockets to create litigation tracking charts.  In addition, Paul Hastings prepared summaries for the Committee of the various pleadings filed.

    (c)    <u>General Litigation (Task Code B191)</u>
        Fees:  $123,355.50      Total Hours:  115.60

77.    During the Application Period, Paul Hastings filed and prosecuted a motion to be recognized as an appellee or, in the alternative, for leave to participate in briefing and oral argument in the First Circuit appeal styled *Aurelius Capital Master, Ltd., et. al. v. Commonwealth of Puerto Rico, et al.*, No. 18-1108.  Portions of the relief requested in the motion were opposed by the appellants.  On May 3, 2018, the First Circuit granted the Committee's request to participate in the appeal.  Thereafter, the Committee evaluated the arguments presented in the appellants' opening brief.

78.    Additionally, Paul Hastings also moved to intervene in the adversary proceeding styled *Cooperativa de Ahorro y Credito Abraham Rosa, et al. v. Commonwealth of Puerto Rico, et al.*, Adv. Proc. No. 18-028.  The Committee determined to intervene in this adversary proceeding because plaintiffs are alleging that their claims are non-dischargeable, which, if true, could adversely affect recoveries for unsecured creditors in these Title III Cases.  The court granted the Committee's motion to intervene on May 24, 2018.

## IX.     Mediation (Matter ID 00010)

79.     The Committee's role in the mediation process during the Application Period

focused on the efforts to settle the Commonwealth-COFINA Dispute (as expanded by the Scope

Order), with respect to which the Committee is acting as the Commonwealth Agent.[18]

    (a)    <u>Case Administration (Task Code B110)</u>
        Fees:   $13,497.00          Total Hours:   14.20

80.     During the Application Period, Paul Hastings handled various administrative

matters regarding the Committee's involvement in the mediation process related to the Title III

Cases.  Among other things, Paul Hastings reviewed memoranda from the mediation team and

continued to update the mediation calendar.

    (b)    <u>Meetings of and Communications with Creditors (Task Code B150)</u>
        Fees:   $23,957.00          Total Hours:   20.50

81.     During the Application Period, Paul Hastings prepared reports and summaries to

keep the Committee apprised of relevant developments in the mediation process of the Title III

Cases, including the scheduling of mediation sessions and the status of the Commonwealth-

COFINA Dispute mediation sessions as well as updates regarding settlement proposals.

    (c)    <u>General Litigation (Task Code B191)</u>
        Fees:   $836,764.00          Total Hours:   702.80

82.     During the Application Period, Paul Hastings continued to advise the Committee

on all substantive issues raised in connection with the mediation process.  In this regard, Paul

Hasting researched and analyzed the major creditor disputes in the Title III Cases and prepared

supplemental mediation statements, internal notes, and outlines regarding same.  Additionally,

---

[18]     Due to mediation confidentiality restrictions, Paul Hastings cannot publicly disclose the substance of the issues
addressed in mediation. Moreover, at the request of the mediation team, Paul Hastings has redacted all
references to specific mediation issues in its monthly fee statements attached to this Application. Paul Hastings
will submit unredacted versions of such statements for the court's review, if the court so requests. The Fee
Examiner and the Notice Parties have all received unredacted versions of such statements.

Paul Hastings spent many hours at mediation sessions.  To minimize costs, generally only two (and often only one) Paul Hastings attorneys attended these mediation sessions.

83.     For the mediation sessions on the Commonwealth-COFINA Dispute, specifically, many hundreds of hours were spent on the following numerous important tasks and projects: (i) preparing a supplemental mediation statement, which involved researching novel issues of Puerto Rico and federal law; (ii) preparing term sheets for the initial settlement offer; (iii) communicating with mediation parties; (iv) preparing presentations for the Committee; and (v) coordinating with Zolfo Cooper regarding financial projections and models underlying the settlement proposals.

## X.      GO Bond Debt Issues (Matter ID 00011)

(a)     <u>Claims Administration and Objections  (Task Code B310)</u>
        Fees:   $189,195.00        Total Hours:   236.90

84.     During the Application Period, Paul Hastings researched and analyzed issues related to the claims allowance process and an official committee's standing to object to proofs of claim.  Additionally, Paul Hastings researched and analyzed issues related to constitutional debt limits as they relate to the general obligation bonds ("<u>GO Bonds</u>") and the Puerto Rico Public Buildings Authority ("<u>PBA</u>") bonds ("<u>PBA Bonds</u>").[19]

## XI.     Creditors Committee Meetings (Matter ID 00012)

(a)     <u>Meetings of and Communications with Creditors (Task Code B150)</u>
        Fees:   $380,985.50        Total Hours:   348.50

85.     During the Application Period, Paul Hastings continued to hold regular (and often bi-weekly) telephonic conferences with the Committee to provide the Committee with updates

---

[19]    Services rendered in connection with the PBA Bonds and the PBA Funds' Rent Motion generally were performed under a matter number created especially for the PBA (Matter ID 00017), discussed in more detail below.

on the progress of the Title III Cases and the related mediation process as well as to discuss case strategy and next steps.  In preparation for these telephonic conferences, Paul Hastings (a) reviewed relevant pleadings filed in the Title III Cases and related adversary proceeding, (b) prepared presentations for these meetings, and (c) prepared proposed agenda letters for the Committee's consideration.

86.     Furthermore, and in addition to regular telephonic conferences, the Committee also held in-person meetings in San Juan, Puerto Rico on March 22, 2018 and May 22, 2018, during which Paul Hastings gave comprehensive presentations regarding a myriad of legal issues in the Title III Cases.  Paul Hastings also prepared minutes of the Committee meetings.  Only two Paul Hastings attorneys attended the in-person meetings.  Finally, on several occasions, Paul Hastings prepared detailed PowerPoint presentations of critical and/or strategic issues for the Committee to review in connection with Committee meetings.

   (b)   <u>Non-Working Travel  (Task Code B195) (billed at ½ rate)</u>
         Fees:   $24,826.50          Total Hours:   40.20

87.     During the Application Period, two Paul Hastings professionals traveled to and from San Juan, Puerto Rico for the March 22 and May 22 in-person Committee meetings.  In accordance with Local Rule 2016-2(d)(viii), Paul Hastings billed for one-half the total time that Paul Hastings professionals spent on non-working travel.

## XII.   Rule 2004 Investigations (Matter ID 00013)

88.     As discussed in previous interim fee applications, from the outset, the Committee believed that it would be important for a successful restructuring of these Title III Cases and to maximize recoveries of general unsecured creditors to establish and implement a discovery program to investigate potential claims against financial institutions in connection with the issuances of Puerto Rico's public bond debt.  In spite of this, when the court denied the

Committee's first Rule 2004 motion, the Committee was more than hopeful that the investigator
the Oversight Board's own investigation, through its investigator, Kobre & Kim (the
"Investigator"), would be comprehensive and targeted.  However, and as described in more detail
in the Committee's renewed Rule 2004 motion, filed on May 15, 2018 (the Renewed Rule 2004
Motion"), the Investigator's "investigation" has been unfocused, the reports issued to date
cursory, and the Investigator has missed self-imposed deadlines.  The passage of time and the
limited visibility into the Investigator's efforts necessitated the filing of the Renewed Rule 2004
Motion.  As of the filing of this Application, no ruling has been issued on the Renewed Rule
2004 Motion; however, as a result of the Committee efforts, it has obtained some (although not
all) of the information made available to the Investigator.  For example, the filing of the
Renewed Rule 2004 Motion has resulted in the production of GDB documents to the
Committee—one of the key requests of the original Rule 2004 Motion that was filed on July 21,
2017.  The filing of the Renewed Rule 2004 Motion has also prompted the Investigator to
commit to concluding its investigation by no later than August 15, 2018, and to agree to a
procedure that—although it will be addressed by the court at upcoming hearings—will allow for
the Committee to receive documents produced by third parties and financial institutions to the
Committee.

       (a)     Case Administration (Task Code B110)
              Fees:   $10,125.00          Total Hours:   31.30

       89.     During the Application Period, Paul Hastings processed the discovery received

from Kobre & Kim and other parties, including Banco Popular and Santander.

      (b)    <u>Meetings of and Communications with Debtors/Oversight Board (Task Code B260)</u>
           Fees:  $12,514.00      Total Hours:  12.30

90.     During the Application Period, Paul Hasting communicated with to the Investigator, Kobre & Kim, regarding the investigation.

      (c)    <u>Investigations (Task Code B261)</u>
           Fees:  $150,032.50      Total Hours:  167.10

91.     During the Application Period, Paul Hastings continued to focus its attention on coordinating a joint investigative effort with Kobre & Kim, which included the execution of non-disclosure agreements and related issues, all while respecting Kobre & Kim's self-imposed March 20, 2018 deadline by which it would complete its investigation.  However, after March 20, 2018, the Committee could no longer wait on the sidelines, and therefore prepared the Renewed Rule 2004 Motion and reply in further support thereof.  Additionally, Paul Hastings reviewed summaries of the investigation provided by Kobre & Kim and reviewed documents produced by Kobre & Kim and by other parties.  The Committee's input has, in many instances, prompted the Investigator to request documents from additional individuals or parties and to ensure that specific areas of review would be targeted.

## XIII.  Constitutional Issues (Matter ID 00014)

      (a)    <u>General Litigation (Task Code B191)</u>
           Fees:  $205,056.00      Total Hours:  230.10

92.     During the Application Period, Paul Hastings researched legal and factual issues and prepared pleadings with respect to a number of issues related to the U.S. and Puerto Rico Constitution, especially with respect to their respective Takings Clauses, Contracts Clauses, and Due Process Clauses, and Federalism principles as raised in the Commonwealth-COFINA Action and the Commonwealth-COFINA Dispute mediation sessions.

**XIV.   Bankruptcy Rule 2004 (Whitefish) (Matter ID 00015)**

(a)    <u>Investigations  (Task Code B261)</u>
Fees:  $35,785.00          Total Hours:   45.00

93.     During the Application Period, Paul Hastings continued to engage in discussions

with counsel for PREPA and Whitefish regarding continued discovery concerning the Whitefish

engagement (e.g., issuing deposition notices and conferring with counsel regarding the format of

any interviews or depositions).   Paul Hastings continued to prepare for such discovery, including

by identifying key documents for interviews and/or depositions.  The parties are presently in the

process of scheduling informal interviews with relevant employees of both entities.

**XV.    PREPA Privatization (Matter ID 00016)**

(a)    <u>Asset Disposition (Task Code B130)</u>
Fees:  $19,232.00          Total Hours:   17.70

94.     During the Application Period, Paul Hastings analyzed issues relating to the

proposed PREPA privatization, which included reviewing the PREPA fiscal plan, reviewing the

proposed legislation, and developing a strategy for the Committee's role in the privatization.

**XVI.   PBA (Matter ID 00017)**

95.     On February 14, 2018, the PBA Funds' Rent Motion was filed, alleging not less

than $289 million in administrative "rent" claims.  Upon that filing, the Committee began

investigating the PBA structure, its bonds, its purpose, and the underlying "leases" to evaluate

the merits of the PBA Funds' Rent Motion.

(a)    <u>Case Administration (Task Code B110)</u>
Fees:  $1,858.50          Total Hours:   5.30

96.     During the Application Period, Paul Hastings served pleadings and prepared

reference materials regarding the PBA documents Paul Hastings received for its review.

(b)   Court Hearings (Task Code B155)
      Fees:   $7,698.00          Total Hours:   8.60

97.     During the Application Period, Paul Hastings prepared for and attended the March

7, 2018 hearing on the PBA Funds' Rent Motion, which was heard at the March 7, 2018 omnibus

hearing.  Only one Paul Hastings attorney attended the hearing, which resulted in a consent order

resolving the PBA Funds' Rent Motion.

(c)   Assumption/Rejection of Leases and Contracts (Task Code B185)
      Fees:   $5,502.50          Total Hours:   5.40

98.     During the Application Period, Paul Hastings monitored and prepared a statement

in response to the PBA Funds' objection to the Debtors' motion for entry of a third order

extending the time to assume or reject unexpired leases of nonresidential real property under

which the PBA is the lessor.

(d)   Other Contested Matters (excl. assumption/rejections motions) (Task Code B190)
      Fees:   $318,582.00         Total Hours:   318.60

99.     During the Application Period, Paul Hastings researched and analyzed issue

relating to the PBA structure generally and the PBA Funds' Rent Motion.  Paul Hastings' tasks

involved researching relevant law in the First Circuit regarding the treatment of leases in

bankruptcy, analyzing the difference between true leases and disguised financings, and

reviewing bond documentation and related statutes, including the enabling act and the

Commonwealth's guaranty of the PBA bonds.  In addition, Paul Hastings researched other issues

related to the PBA Funds' Rent Motion, including Puerto Rico's constitutional debt limit, and

drafted a preliminary objection to the PBA Funds' Rent Motion.

(e)   General Litigation (Task Code B191)
      Fees:   $268,739.50         Total Hours:   314.10

100.    During the Application Period, Paul Hastings further explored challenges to the

PBA structure.  After the Committee's objection to the PBA Funds' Rent Motion was filed, Paul

Hastings further explored the issue of true leases versus disguised financings, and began forming

the framework for a potential challenge of the PBA structure itself. This included synthesizing

legal research into charts and case trackers, exploring procedural avenues available to bring such

a challenge, and communicating with AAFAF to request leases and contracts related to the PBA.

To date, Paul Hastings has reviewed approximately 80 leases and continues to engage AAFAF

for more leases.

    (f)    <u>Claims Administration and Objections (Task Code B310)</u>
            Fees:  $58,713.50       Total Hours:  72.20

101.    During the Application Period, Paul Hastings researched and analyzed legal

issues such as constitutional debt limits, and PBA bond documentation in order to prepare an

internal memorandum regarding PBA issues.

## XVII.  GDB (Matter ID 00018)

    (a)    <u>Debtors' Financial Information and Operations/Fiscal Plan (Task Code B210)</u>
            Fees:  $11,190.00       Total Hours:  10.30

102.    During the Application Period, Paul Hastings monitored the Government

Development Bank ("<u>GDB</u>") fiscal plan and restructuring support agreement ("<u>RSA</u>")

developments and reviewed same when they were published.

    (b)    <u>Meetings of and Communications with Debtors/Oversight Board (Task Code B260)</u>
            Fees:  $8,568.00       Total Hours:  7.40

103.    During the Application Period, Paul Hastings communicated with AAFAF and

the Oversight Board professionals regarding the GBD RSA and related term sheet and other

diligence items.

    (c)    <u>Restructurings (Task Code B420)</u>
            Fees:  $212,873.50     Total Hours:  219.40

104.    Much of the time spent on the GDB matter during the Application Period

consisted of monitoring the GDB title VI restructuring process generally. In April, 2018, the

GDB published its further amended RSA and fiscal plan. The further amended RSA differed

significantly from the prior RSAs, which required a careful analysis by Paul Hastings.
Thereafter, Paul Hastings began discussions with AAFAF regarding the production of documents
in order to cross-reference certain data points and financial projections, as well as to analyze
potential causes of action or challenges to assumptions underlying the RSA.  Paul Hastings also
began negotiations with AAFAF over the terms of the amended RSA, including, specifically, the
Commonwealth's treatment, and the releases of the GDB, its officers, directors and advisors.

\* \* \*

105.    The foregoing professional services were necessary and appropriate to the
administration of the Title III Cases and were in the best interests of the Committee, the Debtors,
the creditors, and other parties in interest.

## ACTUAL AND NECESSARY DISBURSEMENTS

106.    As set forth in Exhibit D-2 hereto, Paul Hastings disbursed $586,993.66 as
expenses incurred in providing professional services during the Application Period.  This amount
includes $352,212.82 in expenses incurred by Navigant Consulting ("Navigant") and Professor
John Chalmers in connection with the preparation of an expert report for the Commonwealth-
COFINA Action.  In particular, in accordance with the then-operative schedule in the COFINA-
Commonwealth Action, on March 30, 2018 the Commonwealth Agent served the expert report
of Professor John Chalmers, which included analysis of (i) the structure and operations of the
municipal bond market, and (ii) the uses of the proceeds of the COFINA bonds and of Puerto
Rico's general obligation bonds.  Professor Chalmers was supported in the preparation of his
analyses by professionals at Navigant.  During an extremely compressed timeframe (necessitated
by the expedited schedule governing the COFINA-Commonwealth Action), in the period
beginning in February 2018, Navigant and Professor Chalmers worked on numerous analyses

relating to expert discovery and the development of Professor Chalmers' opinions.   **Navigant, at the Committee's request, agreed to a 20% discount on fees incurred by the Navigant professionals working on the matter, which is reflected in the charges that appear in the April fee statement.**

107.    Because Paul Hastings believes that on-line legal research (e.g., LEXIS and WESTLAW) is far more cost-efficient than manual research using hard-bound volumes, Paul Hastings encourages computerized legal research even though it is not a profit center for Paul Hastings.

108.    The time constraints imposed by the circumstances of the matters handled by Paul Hastings during the Application Period required its attorneys and other employees, at times, to devote substantial time during the evenings and on weekends to perform legal services on behalf of the Committee.  These extraordinary services were essential to meet deadlines, timely respond to inquiries on a daily basis, and satisfy the Committee's needs and demands.  Attorneys and other Paul Hastings employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs in accordance with the Local Rules and firm policy.  Paul Hastings' regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the provision of legal services.

109.    Paul Hastings believes the rates for charges incurred are the market rates that the majority of law firms charge clients for such services.  In addition, Paul Hastings believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## REQUESTED COMPENSATION SHOULD BE ALLOWED

110.     Section 316 of PROMESA provides for the compensation of professionals. Specifically, section 316 provides that a court may award a professional employed by a committee under section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses."  PROMESA § 316(a).  Section 316 also sets forth the criteria for the award of such compensation and reimbursement:

(a)     In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

(i)     the time spent on such services;

(ii)     the rates charged for such services;

(iii)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;

(iv)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(v)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and

(vi)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title or title 11, United States Code.

PROMESA § 316(c).  Further, section 317 of PROMESA provides that "a committee . . . may apply to the court not more than once every 120 days . . . for such compensation for services rendered . . . ."

-43-

111.     In the instant case, Paul Hastings respectfully submits that the services for which
it seeks compensation in this Application were, at the time rendered, believed to be necessary for
and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to
protect, preserve, and maximize value for unsecured creditors during the pendency of the
Title III Cases.  The services rendered to the Committee were performed in an economic,
effective, and efficient manner commensurate with the complexity and importance of the issues
involved.  The results obtained to date have benefited not only the Committee but also the
Debtors, their stakeholders, and other interested parties.  Accordingly, the compensation
requested herein is reasonable in light of the nature, extent, and value of such services to the
Committee, the Debtors, and all parties in interest.

112.     The work conducted was carefully assigned to appropriate professionals or
paraprofessionals according to the experience and level of expertise required for each particular
task.  Whenever possible, Paul Hastings sought to minimize the costs of Paul Hastings' services
to the Committee by utilizing talented junior attorneys and paraprofessionals to handle the more
routine aspects of the assignments.  A small group of the same Paul Hastings attorneys was
utilized for the vast majority of the work in order to minimize the costs of intra-Paul Hastings
communication and education about the Title III Cases.  As demonstrated by this Application,
Paul Hastings spent its time economically and without unnecessary duplication.  Accordingly,
approval of the compensation sought herein is warranted.

## **NOTICE**

113.     In accordance with the Interim Compensation Order, Paul Hastings will provide
notice of this Application to (i) the attorneys for the Oversight Board, Proskauer Rose LLP and
O'Neill & Borges LLC; (ii) the attorneys for the Puerto Rico Fiscal Agency and Financial

-44-

Advisory Authority, O'Melveny & Myers LLP and Marini Pietrantoni Muñiz LLC; (iii) the

Office of the United States Trustee for the District of Puerto Rico; (iv) the attorneys for the

Official Committee of Retired Employees, Jenner & Block LLP and Bennazar, García & Milián,

C.S.P.; (v) the Puerto Rico Department of Treasury; (vi) the Fee Examiner, Brady Williamson;

and (vii) counsel to the Fee Examiner, Godfrey & Kahn, S.C. and EDGE Legal Strategies, PSC.

In addition, the notice of hearing with respect to this Application will be served on all parties that

have filed a notice of appearance in the Title III Cases.

*[Remainder of page intentionally left blank.]*

## **CONCLUSION**

WHEREFORE, Paul Hastings respectfully requests entry of an order, substantially in the form attached hereto as <u>Schedule 3</u>, (i) allowing interim compensation for professional services rendered during the Application Period in the amount of $8,676,112.75, representing 100% of the fees billed during the Application Period, and reimbursement of $586,993.66, representing 100% of the actual and necessary expenses incurred during the Application Period; (ii) authorizing and directing the Debtors' payment of the difference between the sum of 80% of the fees allowed plus 100% of the expenses allowed and the amounts previously paid by the Debtors pursuant to the Interim Compensation Order; (iii) allowing such compensation and payment for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Paul Hastings' right to seek such further compensation and/or payment for the full value of services performed and expenses incurred; and (iv) granting Paul Hastings such other and further relief as is just.

Dated: July 16, 2018

<div style="margin-left:40%">

*/s/ G. Alexander Bongartz*

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
Andrew V. Tenzer *(Pro Hac Vice)*
Michael E. Comerford *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com
andrewtenzer@paulhastings.com
michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

</div>

-46-

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
      as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO, *et al.*, : (Jointly Administered)
:
      Debtors.[1] :
------------------------------------------------------------------------ x

## DECLARATION OF LUC A. DESPINS IN SUPPORT OF THIRD INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM FEBRUARY 1, 2018 THROUGH MAY 31, 2018

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I, Luc A. Despins, declare that the following is true to the best of my knowledge, information, and belief:

1.      I am an attorney admitted and in good standing to practice in the State of New York.  I am a partner with the law firm of Paul Hastings LLP ("Paul Hastings"), located at, among other offices worldwide, 200 Park Avenue, New York, New York 10166, and am duly authorized to make this Declaration on behalf of Paul Hastings.  I make this Declaration in

---

[1]    The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

support of the *Third Interim Application of Paul Hastings LLP, Counsel to Official Committee of Unsecured Creditors, for Services Rendered and Reimbursement of Expenses for the Period from February 1, 2018 through May 31, 2018* (the "Application").[2]

2.      The facts set forth in this Declaration are based upon my personal knowledge, discussions with other Paul Hastings attorneys, and the firm's client/matter records that were reviewed by me or other Paul Hastings attorneys acting under my supervision and direction.

3.      I hereby certify that I have read the Application and, to the best of my knowledge, information, and belief, formed after reasonable inquiry, (a) the compensation and reimbursement of expenses sought in the Application conform with the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, and the Local Rules, and (b) the compensation and reimbursement of expenses are billed at rates no less favorable to the Debtors than those customarily employed by Paul Hastings generally.

4.      Paul Hastings provides the following response to the request for information set forth in the U.S. Trustee Guidelines:

Question:   Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the Application Period?

Response:   Yes.  As a courtesy to the Committee and based on circumstances unique to the Title III Cases, during the Application Period, Paul Hastings agreed to the following voluntary reductions / write-offs:

Paul Hastings waived fees totaling $53,075.25, as follows:

(i)     We reduced the hourly rate of Luc A. Despins from $1,400.00 to $1,395.00, resulting in a reduction of $3,181.50 in fees; and

(ii)    We reduced the hourly rate of G. Alexander Bongartz from $1,200.00 to $1,125.00, resulting in a reduction of $49,893.75 in fees.

---

[2]    Capitalized terms used but not defined herein have the meanings set forth in the Application.

In addition, Paul Hastings waived expenses totaling $10,298.09, as
follows:

(i)     We waived all charges with respect to late-work, in-office meals
        (even though the Fee Examiner guidelines permit in-office meal
        charges of up to $20.00 per meal).  At a $20.00 cap per meal, this
        translates into a total write-off of $3,583.42;

(ii)    We capped car service charges at $100.00 resulting in a write-off
        of $1,020.84;

(iii)   We reduced all lodging charges in San Juan, Puerto Rico to
        $250 per night (even though the Fee Examiner's guidelines permit
        lodging charges in Puerto Rico of up to $300 per night), lodging
        charges in Boston, Massachusetts to $350 per night, and lodging
        charges in Washington, D.C., to $500 per night, resulting in a
        write-off of $2,122.08; and

(iv)    To comply with Local Rule 2016-1(b)(1), we reduced color
        photocopy charges by 50% from 50 cents per page to 25 cents per
        page (even though the Fee Examiner's guidelines permit color
        photocopy charges of 50 cents per page), resulting in a write-off of
        $3,571.75.

The aggregate amount of the foregoing reductions/write-offs is
$63,373.34.

Question:    If the fees sought in this application as compared to the fees budgeted for
             the Application Period are higher by 10% or more, did you discuss the
             reasons for the variation with the client?

Response:    Not applicable.

Question:    Have any of the professionals included in this application varied their
             hourly rate based on the geographic location of the bankruptcy case?

Response:    No.

Question:    Does the application include time or fees related to reviewing or revising
             time records or preparing, reviewing, or revising invoices? (This is limited
             to work involved in preparing and editing billing records that would not be
             compensable outside of bankruptcy and does not include reasonable fees
             for preparing a fee application.) If so, please quantify by hours and fees.

-3-

Response:    The Application includes approximately 85.5 hours and associated fees of
approximately $76,225.50 related to preparing, reviewing, and revising
Paul Hastings' fee statements.

Question:    Does this application include time or fees for reviewing time records to
redact any privileged or other confidential information? If so, please
quantify by hours and fees.

Response:    No.

Question:    If the application includes any rate increases since retention:  (i) Did your
client review and approve those rate increases in advance? (ii) Did your
client agree when retaining the law firm to accept all future rates
increases?  If not, did you inform your client that they need not agree to
modified rates or terms in order to have you continue the representation
consistent with ABA Formal Ethics Opinion 11-458?

Response:    In February 2018, with the Committee's approval, Paul Hastings increased
its standard hourly rates to reflect (i) the current market for legal services,
(ii) the rates charged for comparable non-bankruptcy services, and (iii) our
analysis of the hourly rates being charged by professionals in other law
firms in accordance with the Retention Order, the Retention Application,
and the *Declaration of Mark Richard* in support of the Retention
Application.

5.       I declare under penalty of perjury that, to the best of my knowledge and after

reasonable inquiry, the foregoing is true and correct.

Executed this 16th day of July, 2018

*/s/ Luc A. Despins*
Luc A. Despins

-4-