**Estimated Hearing Date**: November 7, 2018 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: August 6, 2018 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

     Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE EMPLOYEES RETIREMENT SYSTEM OF
THE GOVERNMENT OF PUERTO RICO,
     Debtor.

PROMESA
Title III

Case No. 17 BK 3566-LTS

**This Application relates only to
ERS and shall be filed in the
Lead Case No. 17 BK 3283-LTS
and ERS's Title III Case (Case
No. 17 BK 3566-LTS)**

-------------------------------------------------------------x

## SUMMARY SHEET TO THIRD
## INTERIM FEE APPLICATION OF PROSKAUER ROSE LLP FOR
## COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
## EXPENSES INCURRED AS ATTORNEYS FOR THE FINANCIAL OVERSIGHT
## AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE
## DEBTOR, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF
## PUERTO RICO, FOR THE PERIOD FEBRUARY 1, 2018 THROUGH MAY 31, 2018

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

## Schedule 1

**Summary of Fees and Expenses Paid to Date and the Balance of Fees and
Expenses for which Allowance and Payment is Requested for the Compensation Period**

| | |
|---|---|
| Name of Applicant: | Proskauer Rose LLP ("Proskauer") |
| Retained to Provide Professional Services to: | The Financial Oversight and Management Board for Puerto Rico as Representative of the Debtor Pursuant to PROMESA section 315(b) |
| Period for Which Compensation is Sought: | February 1, 2018 through May 31, 2018 (the "Compensation Period") |
| Amount of Fees Sought: | $445,503.70 |
| Amount of Expense Reimbursement Sought: | $16,638.88 |
| Total Fees and Expenses Sought for Compensation Period: | $462,142.58 |

This is a(n)   ____ Monthly   _X_ Interim __ Final Fee Application

This is the third interim fee application filed by Proskauer Rose LLP in the Debtor's Title III case.  The total time expended in connection with the preparation of this interim application is not included herein, as additional time was expended after the Compensation Period.

**Third Interim Compensation Period**
**February 1, 2018 – May 31, 2018**

| Statement and Date Served | Period Covered | Total Fees Incurred | Total Fees Requested (90%) | Expenses Requested | Fees Paid (90%) | Expenses Paid |
|---|---|---|---|---|---|---|
| **Tenth** 6/13/18 | 2/1/18 to 2/28/18 | $116,891.50 | $105,202.35 | $1,754.83 | Pending | Pending |
| **Eleventh** 6/20/18 | 3/1/18 to 3/31/18 | $272,591.50 | $245,332.35 | $14,841.45 | Pending | Pending |
| **Eleventh (Puerto Rico)** 6/20/18 | 3/1/18 to 3/31/18 | $3,111.90 | $2,800.71 | $0.00 | Pending | $0.00 |
| **Twelfth** 7/03/18 | 4/1/18 to 4/30/18 | $43,724.90 | $39,352.41 | $42.60 | Pending | Pending |
| **Thirteenth** 07/10/18 | 5/1/18 to 5/31/18 | $9,183.90 | $8,265.51 | $0.00 | Pending | $0.00 |
| **Totals:** | | **$445,503.70** | **$400,953.33** | **$16,638.88** | **Pending** | **Pending** |

Additional information required pursuant to the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee:

| | |
|---|---|
| Blended Rate in This Application for All Attorneys | $759.00[2] |
| Blended Rate in This Application for All Timekeepers | $724.00 |
| Compensation Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed | $0.00 |
| Expenses Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed | $0.00 |
| Number of Professionals Included in this Application[3] | 30 |
| Number of Professionals in This Application NOT Included in Staffing Plan Approved by Client[4] | N/A |
| If Applicable, the Difference Between Fees Budgeted and Compensation Sought for This Application Period | N/A |
| Number of Professionals Billing Fewer than 15 Hours to the Case During This Application Period | 21 |
| Any Rates Higher than Those Approved or Disclosed when Retained?  If yes, calculate and disclose the total compensation sought in this Application using the rates originally disclosed at retention. | No. As explained in the Second Interim Application (as defined below), rates increased in accordance with Proskauer's engagement letter on January 1, 2018.  Rates have not increased during the Compensation Period. |

---

[2]  This rate excludes non-attorneys (*e.g.*, paralegals).

[3]  As used herein, the term "professionals" includes all timekeepers.

[4]  As noted in the budget Staffing Plan, the number of timekeepers expected to work on the matter during the Compensation Period was 33, and thus the actual number of timekeepers was 3 fewer than anticipated.

**Schedule 2**

**Summary of Professional Services Rendered by
Timekeeper for the Period February 1, 2018 through May 31, 2018**

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[5] | TOTAL HOURS BILLED (in this application) | FEES BILLED |
|---|---|---|---|---|
| *PARTNERS* | | | | |
| Barak, Ehud | BSGR&B[6] – 2010 | $759 | 2.40 | $1,821.60 |
| Bienenstock, Martin J. | BSGR&B – 1978 | $759 | 11.20 | $8,500.80 |
| Ferrara, Ralph C. | Litigation – 1970 | $759 | .50 | $379.50 |
| Firestein, Michael A. | Litigation – 1983 | $759 | .60 | $455.50 |
| Hamburger, Paul M | Labor & Employment – 1985 | $759 | .30 | $227.70 |
| Levitan, Jeffrey W. | BSGR&B – 1983 | $759 | 39.70 | $30,132.30 |
| Mungovan, Timothy W. | Litigation – 1994 | $759 | 9.00 | $6,831.00 |
| Perra, Kevin J. | Litigation – 1995 | $759 | 24.10 | $18,291.90 |
| Possinger, Paul V. | BSGR&B – 1993 | $759 | 54.30 | $41,213.70 |
| Ratner, Stephen L. | Litigation – 1975 | $759 | 4.60 | $3,491.40 |

[5] In the ordinary course of business, the standard hourly billing rates for Proskauer professionals and paraprofessionals are adjusted annually as of the commencement of the firm's fiscal year on November 1 to reflect economic and other conditions and apply to matters in and out of bankruptcy cases.  Pursuant to the Appendix B Guidelines, "rate increases" "exclude annual 'step increases' historically awarded by the firm in the ordinary course to attorneys throughout the firm due to advancing seniority and promotion." Appendix B Guidelines ¶ B.2.d, n.2.  Annual step increases are awarded by Proskauer in the ordinary course throughout the firm on May 1.  Proskauer's November 25, 2016 engagement letter with the Oversight Board (a copy of which is available on the Oversight Board's website at https://juntasupervision.pr.gov/wp-content/uploads/wpfd/50/58b6126be2546.pdf) (the "Engagement Letter") provides that Proskauer's rates will be increased on January 1 (rather than on November 1) by the lower of the percentage rate increase announced as of November 1 and four percent.  Because Proskauer's fees under the Engagement Letter are a blended rate (currently $759) for all attorneys and another, lower blended rate (currently $260) for all other professionals, no annual step increases will be applicable to the rates charged in this matter.  As detailed in the Second Interim Application, Proskauer's rates under the Engagement Letter increased from $730 per hour for attorneys and $250 per hour for paraprofessionals to $759 per hour for attorneys and $260 per hour for paraprofessionals on January 1, 2018, during the second interim compensation period. Rates have not increased during this Compensation Period.

[6] Business Solutions, Governance, Restructuring & Bankruptcy ("BSGR&B").

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[5] | TOTAL HOURS BILLED (in this application) | FEES BILLED |
|---|---|---|---|---|
| Richman, Jonathan E. | Litigation – 1984 | $759 | .60 | $455.40 |
| Rosen, Brian S. | BSGR&B – 1983 | $759 | 130.90 | $99,353.10 |
| Weise, Steven O. | Corporate – 1974 | $759 | 102.30 | $77,645.70 |
| **Total for Partners:** | | | **380.50** | **$288,799.50** |
| *ASSOCIATES* | | | | |
| Dalsen, William D. | Litigation – 2011 | $759 | 22.00 | $16,698.00 |
| Desatnik, Daniel | BSGR&B – 2016 | $759 | .10 | $75.90 |
| Esses, Joshua A. | Corporate – 2017 | $759 | 3.20 | $2,428.80 |
| Hackett, Michael R. | Litigation – 2009 | $759 | 80.40 | $61,023.60 |
| Kim, Mee R. | Litigation – 2016 | $759 | 6.80 | $5,161.20 |
| Rochman, Matthew I. | Litigation – 2010 | $759 | .20 | $151.80 |
| Webb, Jeramy D. | BSGR&B – 2015 | $759 | 2.80 | $2,125.20 |
| Wolf, Lucy | Litigation – 2017 | $759 | 3.30 | $2,504.70 |
| Zajac, Jared | BSGR&B – 2009 | $759 | 73.00 | $55,407.00 |
| **Total for Associates:** | | | **191.80** | **$145,576.20** |
| *LAW CLERKS* | | | | |
| Stevens, Elliot R.[7] | BSGR&B Law Clerk  – N/A | $260 | 10.80 | $2,808.00 |
| **Total for Law Clerks:** | | | **10.80** | **$2,808.00** |
| *PARAPROFESSIONALS* | | | | |
| Giddens, Magali | BSGR&B Paralegal – N/A | $260 | 3.40 | $884.00 |
| Miller, Tiffany | Labor & Employment Paralegal – N/A | $260 | 1.10 | $286.00 |

---

[7]  Admitted to the bar during the Compensation Period.  Once admitted and sworn into the bar, the timing of which varies on an individual- and jurisdictional-basis, law clerks are reclassified and billed as associates beginning on the first day of the month following such admission.

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[5] | TOTAL HOURS BILLED (in this application) | FEES BILLED |
|---|---|---|---|---|
| Moller, Rachael H. | Library – N/A | $260 | .80 | $208.00 |
| Petrov, Natasha | BSGR&B Paralegal – N/A | $260 | 21.00 | $5,460.00 |
| Sherman, Tayler M. | Litigation Paralegal – N/A | $260 | 1.80 | $468.00 |
| Silvestro, Lawrence T. | Litigation Paralegal – N/A | $260 | 3.60 | $936.00 |
| Williams, Selena F. | Litigation Paralegal – N/A | $260 | .30 | $78.00 |
| **Totals for Paraprofessionals:** | | | **32.00** | **$8,320.00** |

| PROFESSIONALS | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|
| **Attorneys, Law Clerks,  and Paraprofessional Totals:** | **615.10** | **$445,503.70** |

7

**Schedule 3**

**Summary of Professional Services Rendered by Project
Category for the Period February 1, 2018 through May 31, 2018**

| PROJECT CATEGORY | DESCRIPTION | HOURS | FEES SOUGHT |
|---|---|---|---|
| 201 | Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants | 1.70 | $1,290.30 |
| 202 | Legal Research | 30.60 | $20,331.20 |
| 203 | Hearings and Other Non-Filed Communications with the Court | 1.00 | $759.00 |
| 204 | Communications with Claimholders | 163.40 | $123,671.30 |
| 205 | Communications with the Commonwealth, its Instrumentalities or Representatives of the Commonwealth or its Instrumentalities | 4.20 | $3,187.80 |
| 206 | Documents Filed on Behalf of the Board | 227.00 | $172,293.00 |
| 207 | Non-Board Court Filings | 48.60 | $36,887.40 |
| 209 | Adversary Proceeding | 1.10 | $834.90 |
| 210 | Analysis and Strategy | 12.40 | $9,411.60 |
| 211 | Non-Working Travel Time | 2.20 | $1,669.80 |
| 212 | General Administration | 9.10 | $2,366.00 |
| 213 | Labor, Pension Matters | 3.90 | $2,960.10 |
| 215 | Plan of Adjustment and Disclosure Statement | 72.40 | $54,951.60 |
| 216 | Confirmation | .70 | $531.30 |
| 218 | Employment and Fee Applications | 36.80 | $14,358.40 |
| | **Total for All Project Categories:** | **615.10** | **$445,503.70** |

**Schedule 4**

**Summary of Actual and Necessary Expenses Incurred
for the Period February 1, 2018 through May 31, 2018**

| EXPENSE CATEGORY | AMOUNTS |
|---|---|
| Airplane | $735.69 |
| Lexis/ Westlaw | $11,225.00 |
| Lodging | $3,898.43 |
| Out of Town Meals | $116.86 |
| Printing, Binding, etc. | $99.49 |
| Reproduction | $53.90 |
| Taxi, Carfare, Mileage and Parking | $203.45 |
| Taxicab/Car Service | $306.06 |
| **Total:** | **$16,638.88** |

**Schedule 5**

**Blended Rate Chart**

| CATEGORY OF TIMEKEEPER | BLENDED HOURLY RATE | |
| --- | --- | --- |
| | **BILLED**<br><br>**Domestic offices in which timekeepers collectively billed at least 10% of the hours to the bankruptcy case during the application period, for preceding year, *excluding bankruptcy*** | **BILLED**<br><br>**In this fee application[8]** |
| Partners | $1,120 | $759 |
| Senior Counsel | $950 | $759 |
| Associates (7 or more years since first admission) | $829 | $759 |
| Associates (4-6 years since first admission) | $768 | $759 |
| Associates (1-3 years since first admission) | $613 | $759 |
| Law Clerks | $537 | $260 |
| Paraprofessionals | $301 | $260 |
| Other | $442 | $260 |
| **All Timekeepers Aggregated:** | **$802** | **$724** |

---

[8]  As explained in more detail herein and in the Engagement Letter, in connection with its representation of the Oversight Board, both inside and outside of Title III, Proskauer agreed to a custom fee arrangement, whereby (a) prior to January 1, 2018, partners, counsel, and associates were billed at $730 per hour, and all other staff were billed at $250 per hour, and (b) as of January 1, 2018, partners, counsel, and associates are billed at $759 per hour, and all other staff are billed at $260 per hour.

**Estimated Hearing Date**: November 7, 2018 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: August 6, 2018 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

     Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE EMPLOYEES RETIREMENT SYSTEM OF
THE GOVERNMENT OF PUERTO RICO,
     Debtor.

PROMESA
Title III

Case No. 17 BK 3566-LTS

**This Application relates only to
ERS and shall be filed in the
Lead Case No. 17 BK 3283-LTS
and ERS's Title III Case (Case
No. 17 BK 3566-LTS)**

---------------------------------------------------------------x

# THIRD INTERIM FEE APPLICATION
# OF PROSKAUER ROSE LLP FOR COMPENSATION
# FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
# INCURRED AS ATTORNEYS FOR THE FINANCIAL OVERSIGHT AND
# MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE
# DEBTOR, THE EMPLOYEES RETIREMENT SYSTEM OF THE OVERNMENT OF
# <u>PUERTO RICO, FOR THE PERIOD FEBRUARY 1, 2018 THROUGH MAY 31, 2018</u>

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

Proskauer Rose LLP ("Proskauer"), attorneys for the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") as representative of the Employees Retirement System of the Government of Puerto Rico (the "Debtor" or "ERS") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), [2] hereby submits this third interim application (the "Application"), [3] pursuant to PROMESA sections 316 and 317, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), [4] Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee, 28 CFR Part 58, Appendix B (the "Guidelines"), and in accordance with this Court's *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 3269] (the "Interim Compensation Order"), for (a) allowance of interim compensation for professional services performed by Proskauer for the period commencing February 1, 2018 through and including May 31, 2018 (the "Compensation Period") in the amount of **$445,503.70**, $442,391.80 of which represents fees earned outside of Puerto Rico and $3,111.90 of which represents fees earned in Puerto Rico, and (b) reimbursement of its actual and necessary expenses in the amount of **$16,638.88** incurred during the Compensation Period. In support of the Application, Proskauer respectfully avers as follows:

---

[2]  PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[3]  The Application solely pertains to fees and expenses incurred with respect to the Debtor's Title III case and does not address fees or expenses incurred with respect to other services performed for the Oversight Board (a) on behalf of other Title III debtors, or (b) outside the Title III process.

[4]  The Bankruptcy Rules are made applicable to the Debtor's Title III case pursuant to PROMESA section 310.

## Jurisdiction

1.      The United States District Court for the District of Puerto Rico (the "Court")

has subject matter jurisdiction over this Application pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

3.      The statutory predicates for the relief requested herein are PROMESA sections

316 and 317.

## Background

4.      On June 30, 2016, the Oversight Board was established under PROMESA

section 101(b).  On August 31, 2016, President Obama appointed the Oversight Board's seven

voting members.

5.      Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this

subchapter is the representative of the debtor" and "may take any action necessary on behalf of

the debtor to prosecute the case of the debtor, including filing a petition under section [304] of

[PROMESA] . . . or otherwise generally submitting filings in relation to the case with the

court."  48 U.S.C. § 2175.

6.      On September 30, 2016, the Oversight Board designated the Debtor as a

"covered entity" under PROMESA section 101(d).

7.      On November 25, 2016, the Oversight Board retained Proskauer at substantial

discounts to its normal hourly rates, as shown by the Engagement Letter and by Schedule 5

above.

8.      On May 21, 2017, the Oversight Board issued a restructuring certification

pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the

Debtor pursuant to PROMESA section 304(a), commencing a case under title III thereof (the

3

"Debtor's Title III Case").  Pursuant to PROMESA section 315(b), the Oversight Board is the Debtor's representative in the Debtor's Title III Case.

9.      Background information regarding the Debtor and the commencement of the Debtor's Title III Case is contained in the *Notice of Filing of Statement of Oversight Board in Connection with PROMESA Title III Petition* [ECF No. 1, Case No. 17 BK 3283-LTS], attached to the Commonwealth of Puerto Rico's Title III petition.

10.      On December 15, 2017, Proskauer filed the *First Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Employees Retirement System of the Government of Puerto Rico, for the Period May 21, 2017 through September 30, 2017* [ECF No. 2045] (the "First Interim Application").

11.      On April 9, 2018, Proskauer filed the *Second Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Employees Retirement System of the Government of Puerto Rico, for the Period May 21, 2017 through September 30, 2017* [ECF No. 2872] (the "Second Interim Application").

12.      On June 13, 2018, Proskauer served on the Notice Parties (as defined in the Interim Compensation Order) its tenth monthly fee statement for the period February 1, 2018 through February 28, 2018.  On June 20, 2018, Proskauer served on the Notice Parties its eleventh monthly fee statement for the period March 1, 2018 through March 31, 2018.  On July 3, 2018, Proskauer served on the Notice Parties its twelfth monthly fee statement for the period

April 1, 2018 through April 30, 2018. On July 10, 2018, Proskauer served on the Notice Parties its thirteenth monthly fee statement for the period May 1, 2018 through May 31, 2018.

13. In accordance with the Interim Compensation Order and as reflected in the foregoing summary, Proskauer has requested an aggregate payment of $417,592.21 (payment of ninety percent (90%) of the compensation sought and reimbursement of one-hundred percent (100%) of expenses incurred) and has received no payments with respect to fee statements filed during the Compensation Period.

**Summary of Services Rendered by Proskauer During the Compensation Period**

14. The instant application is Proskauer's third for interim compensation in the Debtor's Title III Case. Proskauer worked for the Oversight Board to continue the significant progress achieved during the first and second interim periods. In the first interim period, Proskauer transitioned the Commonwealth and certain of its instrumentalities to Title III, and, among other things, negotiated a mechanism to resolve the Commonwealth-COFINA dispute over billions of sales and use tax revenues, and successfully defended against attempts by creditors to (a) seize the toll revenues HTA needed to maintain the Commonwealth's transportation system and (b) seize PREPA and its revenues by putting PREPA in the hands of a receiver. In the second interim period, in the face of the devastation wrought by Hurricanes Irma and Maria, Proskauer worked with the Oversight Board's officers and other professionals to assess the situation, take actions to ensure the provision of basic services and reformulate restructuring initiatives to reflect the changing economic landscape. Proskauer also successfully defended against numerous creditor efforts to enjoin the Oversight Board from proceeding toward a plan of adjustment based on the certified fiscal plan and to seize many revenue streams.

15.     In this Compensation Period, Proskauer built on these important achievements. In the face of a liquidity crunch that threatened to halt PREPA's operations and leave the island without electricity, Proskauer worked diligently with Government attorneys to secure court authorization for the Commonwealth to lend $1 billion to PREPA on a superpriority and priming lien basis, despite significant protest by creditor groups.  The Court approved a $300 million superpriority loan with leave to return for approval of a larger loan with superpriority and a priming lien, if necessary and appropriate.  Proskauer took a leading role in assisting the Oversight Board with the development, certification, and defense of revised fiscal plans that will provide the blueprint for Puerto Rico's future prosperity and fiscal responsibility. Proskauer drafted the appellate briefs in creditors' appeals seeking to reverse decisions protecting HTA and PREPA revenues.  Proskauer also played a key role in furthering the resolution of the Commonwealth-COFINA Dispute, a threshold issue involving billions of dollars' worth of tax revenues the resolution of which is critical to a successful restructuring. Among others, Proskauer's notable undertakings during this Compensation Period in furtherance and defense of the Oversight Board's mandate under PROMESA of returning the Commonwealth to fiscal responsibility and access to capital markets include:

- Certification of New Fiscal Plans and Budgets.  Proskauer has played an instrumental and extensive role in the development and defense of new certified fiscal plans for the Commonwealth and its instrumentalities following the humanitarian and economic devastation wrought by Hurricanes Irma and Maria. While the Oversight Board worked closely with the Commonwealth in trying to certify plans submitted by the Commonwealth and certain of its instrumentalities, these fiscal plans were ultimately rejected by the Oversight Board, which developed and certified its own fiscal plans.  Proskauer assisted the Oversight Board in this regard, including working with the Oversight Board's financial advisors to rigorously analyze data, assess the economic and structural impact of proposed fiscal plans, and ultimately assist the Oversight Board in drafting and certifying fiscal plans that will help achieve PROMESA's purpose of instilling financial responsibility and restoring the island's access to capital markets.

- <u>Commonwealth-COFINA Dispute</u>.   Proskauer furthered the Oversight Board's important and active role with respect to the Commonwealth-COFINA Dispute, a dispute central to the Commonwealth's restructuring.   During the Compensation Period, Proskauer drafted and filed a joint urgent motion with the Commonwealth and COFINA agents seeking an order expanding the agents' mediation and immunity protections to allow them to participate in a mediation agenda prepared by the judicial mediators.   This motion was granted after Proskauer successfully defended it from objections by both the Government and creditors.   In addition, in connection with a directive from the Court, Proskauer prepared a report confirming the Oversight Board's, Commonwealth Agent's, and COFINA Agent's compliance with the Commonwealth-COFINA Dispute Stipulation.   Proskauer also closely monitored, analyzed, researched, and advised on myriad issues raised in the dispute, including opposing the COFINA Agent's motion to certify questions of Puerto Rico Law to the Supreme Court of Puerto Rico.   The Court denied the motion to certify, agreeing with the Oversight Board's assessment of the situation and the pleadings prepared and filed by Proskauer.   Finally, Proskauer advised the Oversight Board in connection with a motion filed by AFSCME that sought to compel compliance with the stipulation governing the Commonwealth-COFINA Dispute.   The Court eventually issued a ruling consistent with the Oversight Board's position.

- <u>UCC Rule 2004 Motion</u>.   Proskauer defended against a renewed motion by the UCC seeking to undertake an expansive discovery program pursuant to Rule 2004, which program overlapped with the Oversight Board's pending investigation into financial institutions previously involved in bond sales.   The discovery would be extremely burdensome and costly when Puerto Rico's resources are already stretched extremely thin, and unnecessary given that the Oversight Board has already retained an Independent Investigator to investigate the same issues transparently and in cooperation with the UCC and the Retiree Committee.   The motion has been fully briefed before Judge Dein, who has held the motion in abeyance to provide the Independent Investigator with additional time to complete its investigation and file procedures governing the sharing of information collected in the course of its investigation.   In addition, following extensive briefing by Proskauer, Judge Dein affirmed the Oversight Board's position that a wholesale production of documents relating to the development of fiscal plans was unwarranted and would be counterproductive.   Accordingly, Proskauer was tasked with determining categories of documents deemed privileged and recommending subsequent production procedures.

- <u>PREPA Postpetition Financing Motion</u>.   Hurricanes Irma and Maria devastated Puerto Rico's electrical grid and left more than half of the island without electricity for many months.   As a result, PREPA was left with significantly reduced cash collections and a dire need for financial resources to continue operations.   Acting on PREPA's emergency need, Proskauer worked with the Commonwealth, PREPA, and their respective advisors to determine (*i*) terms on which the Commonwealth could and should lend money to PREPA, (*ii*) PREPA's cash needs, and (*iii*) a marketing process for postpetition financing.   Proskauer drafted pleadings seeking approval of financing having superpriority and priming liens, with the Court ultimately granting

a $300 million superpriority financing and providing that PREPA may apply for more financing on the original proposed terms if warranted. As part of this process, Proskauer engaged in numerous rounds of negotiations with creditors to achieve amendments acceptable to the Court and various constituencies.

16.     One of Proskauer's primary roles has been the defense of the Title III Debtors' interests in numerous, multi-billion-dollar adversary proceedings and contested matters brought by various bondholders and monoline insurers. Such matters seek, among other things, to enjoin the Oversight Board from proposing a plan of adjustment consistent with the Commonwealth's certified fiscal plan, to nullify the Commonwealth's certified fiscal plan, and to compel turnovers of billions of dollars of revenues critical to the Commonwealth's viability and the provision of public services on the island in the wake of the hurricanes. Proskauer has defended against these challenges and raised numerous legal issues, many of first impression, involving, among other things, the constitutionality of various PROMESA provisions, the correct interpretation of various sections of PROMESA and the Bankruptcy Code, and the validity of certain creditors' asserted liens. The following is a summary of major litigation matters in which Proskauer served as lead counsel for the Title III Debtors during the Compensation Period:

- <u>Peaje Investment, LLC v. Puerto Rico Highways & Trans. Authority, et al.</u>, Adv. Proc. No. 17-00151/152: Action brought by a holder of $64 million worth of 1968 HTA bonds seeking an injunction against HTA's use of its revenues and requesting adequate protection. Proskauer vigorously defended the action. Plaintiff's motion (which was the subject of factual and expert discovery, a full evidentiary hearing, and extensive briefing) was denied by the Court, which found plaintiff failed to show it had a substantial likelihood of prevailing on the merits regarding its claim of a statutory lien. Plaintiffs appealed the judgment to the United States Court of Appeals for the First Circuit (the "<u>First Circuit</u>"). The issues before the First Circuit stem from whether or not plaintiff is entitled to receive debt payments prior to confirmation of a plan of adjustment and whether it showed a probability of success on its contention it held a statutory lien. Both Proskauer and plaintiff fully briefed their respective issues before the First Circuit and on June 5, 2018, Proskauer presented oral argument. The First Circuit took the arguments *sub judice*.

- <u>Assured Guaranty Corp., et al. v. Commonwealth of Puerto Rico, et al.</u>, Adv. Proc. No. 17-00155/156: Action brought by HTA bond insurers to require turnover of HTA revenues for postpetition debt service under sections 922 and 928 of the Bankruptcy Code.  Proskauer fully briefed and argued a motion to dismiss the action, which the Court granted, closing the adversary proceeding.  A notice of appeal to the First Circuit was filed.   The Appellant filed its brief, and on July 9, 2018, Proskauer filed the Appellee's brief, after having also reviewed and taken into consideration the amicus briefs filed by the National Federation of Municipal Analysts and the Securities Industry and Financial Markets Association.

- <u>Ambac Assurance Corp. v. Commonwealth of Puerto Rico, et al.</u>, Adv. Proc. No. 17-00159: Action brought by an HTA bond insurer (*i*) claiming unconstitutional takings and due process violations, (*ii*) seeking turnover of HTA revenues for postpetition debt service under sections 922 and 928 of the Bankruptcy Code, and (*iii*) seeking to compel payment of "claw back" revenues to HTA for the bondholders' benefit.  Proskauer fully briefed and argued a motion to dismiss the complaint, which the Court granted.  The case is currently on appeal to the First Circuit.  Plaintiff filed its brief and Proskauer is in the process of drafting and preparing to file the Appellee's brief, which will be filed on or before August 20, 2018.

- <u>ACP Master LTD., et al. v. Commonwealth of Puerto Rico, et al.</u>, Adv. Proc. No. 17-00189:  Action brought by holders of GO bond debt to obtain declaratory and injunctive relief restricting the Commonwealth's use of essential "claw back" and property tax revenues.  Proskauer fully briefed and argued a motion to dismiss, which the Court granted.  Plaintiffs appealed the judgment to the First Circuit.  Plaintiffs have filed their brief, and on July 2, 2018, Proskauer filed the Appellees' brief.  Additionally, Proskauer responded to the UCC's motion to be recognized as an appellee in the appeal, arguing the UCC lacked constitutional standing.  Finally, Proskauer has reviewed and taken into consideration the amicus briefs filed by a group of ERS's secured claimholders.

- <u>Asociación de Profesoras y Profesores del Recinto Universitario de Mayagüez, Inc. v. Commonwealth of Puerto Rico, et al.</u>, Adv. Proc. No. 17-00197: Action brought by APRUM against the Commonwealth, the Oversight Board, Governor, the Hon. Raúl Maldonado Gautier, José Iván Marrero Rosado, and Natalie A. Jaresko to enjoin the defendants from presenting any plan of adjustment until a new fiscal plan is formulated and certified. In their motion to dismiss the original complaint, Defendants argued (*i*) the Court lacks subject matter jurisdiction; (*ii*) plaintiff lacks standing and is not a party in interest; and (*iii*) PROMESA prohibits the Court from interfering with the Commonwealth's decisions about the use of its property and revenues. Plaintiff filed an amended complaint on May 11, 2018, in which it sought a declaration that UPR's services are indispensable and an order enjoining the filing of a plan of adjustment until recasting of the Fiscal Plan and 2017-2018 Budget has occurred.  Proskauer has worked with counsel for the co-defendants to draft a response to the amended complaint.

- <u>Voya Institutional Trust Co. v. Univ. of P.R., et al.</u>, Adv. Proc. No. 17-00216:  Plaintiff, Voya Institutional Trust Company ("<u>VITC</u>"), as trustee for the

9

University of Puerto Rico deferred compensation plan (the "DFC Plan"), filed a complaint against UPR, the president of UPR and the Governor, seeking a determination as to whether (*i*) VITC can comply with UPR's request to transfer DFC Plan funds to a successor trustee under PROMESA, and (*ii*) VITC can be liable for violating the automatic stay. During prior interim periods, defendants filed motions to dismiss and the parties filed a joint status report advising the Court that they are trying to resolve the issues. During this Compensation Period, VITC and UPR filed a May 28 joint status report informing the Court that the parties had agreed to participate in mediation to attempt to consensually resolve this case. Proskauer worked diligently to facilitate a resolution to this dispute during this Compensation Period, and, on June 30, the parties filed a status report indicating that documents are being prepared to formalize an agreement.

- University of P.R. v. Voya Institutional Trust Co., Adv. Proc. No. 17-00217: UPR originally filed an action in Puerto Rico local court seeking to compel VITC, as trustee for UPR's DFC Plan, to comply with the terms of the DFC Plan, including a request to turn over all funds in VITC's possession to UPR. VITC removed the action to the United States District Court for the District of Puerto Rico. The arguments in this case are similar to those in Adv. Proc. No. 17-00216. The parties filed a joint status report on December 14, 2017, stating they are trying to resolve the issues. On December 15, 2017 the case was stayed until April 13, 2018. Since April 13, 2018, VITC and UPR have filed two joint status reports: one on May 28, 2018, informing the Court that the parties had agreed to participate in mediation to attempt to consensually resolve the case, and another, on June 26, 2018, indicating that documents are being prepared to formalize an agreement. Proskauer worked diligently throughout the Compensation Period to drive consensus and reach a mutually agreeable resolution to the action.

- Siemens Transp. P'ship P.R., S.E. v. P.R. Highways and Transp. Auth., Adv. Proc. No. 18-00030: Plaintiff Siemens filed a complaint against HTA, the Oversight Board, AAFAF, and the GDB seeking a judgment: (*i*) declaring certain funds are due to plaintiff; (*ii*) declaring the funds held by the GDB are property of plaintiff; (*iii*) enjoining defendants from disbursing any of the funds to any party other than plaintiff; and (*iv*) releasing the funds to plaintiff. The action arises out of a contractual dispute relating to construction work provided for the benefit of HTA. Proskauer drafted and filed a motion to dismiss, which has been fully argued and is now *sub judice*.

- Puerto Rico Elec. Power Auth., et al v. Ad Hoc Group-PREPA Bondholders, et al., (First Circuit Court of Appeals No. 17-2079): The Ad Hoc Group of PREPA Bondholders, et al., holding and/or insuring approximately $5.3 billion of PREPA Bonds, moved the Bankruptcy Court, in the PREPA Title III action, for relief from the automatic stay to commence litigation against PREPA for the appointment of a receiver. Proskauer filed a lengthy response vehemently opposing the motion, in a supplement brief requested by the Court, arguing PROMESA section 305 prevents the Court from lifting the stay for the purpose requested by the bondholders to seek appointment of a receiver who would take control of PREPA's unencumbered property, have all the powers of a trustee over the board, management, and

employees, and be charged with requested rate hikes to repay all debt notwithstanding the impact on the Commonwealth's recovery. The Court denied the bondholders' motion. The bondholders filed an appeal to the First Circuit Court of Appeals. Proskauer has continued to vigorously defend the action in the First Circuit. The issues have now been fully briefed and oral argument was heard on June 5, 2018.

17.     As part of Proskauer's involvement in the above matters, Proskauer (a) prepared and filed numerous pleadings and briefs in litigation matters; (b) participated in and prepared for hearings; (c) researched jurisprudence regarding proposed plan issues, including bankruptcy and U.S. Constitutional issues; and (d) performed a myriad of other professional services as described in this Application and reflected in **Schedule 3** and **Exhibit B**.

18.     By this Application, Proskauer seeks an allowance, pursuant to the Interim Compensation Order, of **$445,503.70** as compensation for professional services rendered, $442,391.80 of which represents fees earned outside of Puerto Rico and $3,111.90 of which represents fees earned in Puerto Rico, and **$16,638.88** as reimbursement for actual and necessary expenses incurred during the Compensation Period in connection with such professional services. Notably, the Application reflects aggregate voluntary reductions made during the Compensation Period to Proskauer's request for compensation and reimbursement of expenses in the amount of $12,314.70 and $1,551.33, respectively, on top of the sizeable discount embedded in its engagement letter with the Oversight Board, in which it fixed hourly rates at levels providing up to 45% discounts on the hourly rates of its most senior partners.

19.     Proskauer maintains computerized records of the time spent by all Proskauer attorneys and paraprofessionals in connection with the firm's representation of the Oversight Board as representative of the Debtor. Subject to redaction where necessary to preserve the Oversight Board's attorney-client privilege and the confidentiality of attorney work product

and mediation confidentiality, copies of the computerized records for the Compensation Period are attached hereto as **Exhibit B**.

20.    Proskauer's budget and staffing plan for the Compensation Period are attached hereto as **Exhibit D**.[5]

21.    Proskauer's summary of itemized time records for professionals and paraprofessionals performing services for the Oversight Board with respect to the Debtor during the Compensation Period is set forth on **Schedule 1**.  During the Compensation Period, Proskauer billed the Oversight Board for time expended by attorneys based on a set rate of $759 per hour.[6]  The professional services performed by Proskauer on behalf of the Oversight Board as representative of the Debtor during the Compensation Period required an aggregate expenditure of 380.50 recorded hours by Proskauer's partners and counsel; 191.80 recorded hours by associates; 10.80 recorded hours by law clerks;[7] and 32.00 recorded hours by paraprofessionals.  As required by the Guidelines, **Exhibit C** attached hereto shows, for each Project Category (as defined below), a list of professionals who performed services in each

---

[5]  Budgets are only provided for matters Proskauer actually billed time to in a given month. If no time was billed to a given matter during the month, no monthly budget has been provided for that matter.

[6]  In the ordinary course of business, the standard hourly billing rates for Proskauer professionals and paraprofessionals are adjusted annually as of the commencement of the firm's fiscal year on November 1 to reflect economic and other conditions and apply to matters in and out of bankruptcy cases.  Pursuant to the Appendix B Guidelines, "rate increases" "exclude annual 'step increases' historically awarded by the firm in the ordinary course to attorneys throughout the firm due to advancing seniority and promotion." Appendix B Guidelines ¶ B.2.d, n.2.  Annual step increases are awarded by Proskauer in the ordinary course throughout the firm on May 1.  Proskauer's November 25, 2016 engagement letter with the Oversight Board (a copy of which is available on the Oversight Board's website at https://juntasupervision.pr.gov/wp-content/uploads/wpfd/50/58b6126be2546.pdf) (the "Engagement Letter") provides that Proskauer's rates will be increased on January 1 (rather than on November 1) by the lower of the percentage rate increase announced as of November 1 and four percent.  Because Proskauer's fees under the Engagement Letter are a blended rate (currently $759) for all attorneys and another, lower blended rate (currently $260) for all other professionals, no annual step increases will be applicable to the rates charged in this matter.  As detailed in the Second Interim Application, Proskauer's rates under the Engagement Letter increased from $730 per hour for attorneys and $250 per hour for paraprofessionals to $759 per hour for attorneys and $260 per hour for paraprofessionals on January 1, 2018, during the second interim compensation period.  Rates have not increased during this Compensation Period.

[7]  Law clerks are incoming attorneys who have not yet been admitted or sworn into the bar.  Once admitted and sworn into the bar, the timing of which varies on an individual- and jurisdictional-basis, such individuals are reclassified and billed as associates beginning on the first day of the month following such admission.

Project Category and the aggregate recorded hours each professional incurred.  In accordance
with Guidelines paragraph C.3, Proskauer's blended hourly rates are disclosed in **Schedules 1**
and **5**.  The fees charged by Proskauer, as set forth in **Schedule 2**, are in accordance with the
firm's existing billing rates and procedures in effect during the Compensation Period, as
revised to reflect Proskauer's arrangement with the Oversight Board.  The standard rates
Proskauer charges for the services rendered by its professionals and paraprofessionals in these
Title III cases have been reduced to reflect the unique circumstances of PROMESA and the
position of the Commonwealth of Puerto Rico, its instrumentalities, and its residents.
**Schedules 2** and **3** show that the rates Proskauer charges, on an hourly basis, are below the
competitive market rates for bankruptcy and non-bankruptcy matters charged by the other
professionals representing the Commonwealth and statutory committees.  No Proskauer rates
are increased as a result of the geographic location of a bankruptcy case.

22.     All entries itemized in Proskauer's time records comply with the requirements
set forth in the Guidelines, including, without limitation, (a) the utilization of project categories
(each a "Project Category"), (b) a description of each activity or service that each individual
performed, and (c) the number of hours (in increments of one-tenth of an hour) spent by each
individual providing the services.  Each Project Category is organized in accordance with
Guidelines paragraph C.8.b.  If a Project Category does not appear in a particular application,
Proskauer did not bill time or expenses for that Project Category during the Compensation
Period, but may bill time for that Project Category in the future.

**Applicant Statement In Compliance with Appendix B Guidelines C.5**

23.     The following answers are provided in response to the questions set forth in
Guidelines paragraph C.5:

**Question**:    Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.

Response:    Yes.  As explained in more detail in the Engagement Letter, in connection with its representation of the Oversight Board, both inside and outside of Title III, Proskauer agreed to a custom fee arrangement, whereby (a) prior to January 1, 2018, partners, counsel, and associates were billed at $730 per hour, and all other staff were billed at $250 per hour, and (b) as of January 1, 2018, partners, counsel, and associates are billed at $759 per hour, and all other staff are billed at $260 per hour.

**Question**:    If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:    The total fees sought in this fee application did not exceed total budgeted fees.

**Question**:    Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:    No.

**Question**:    Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?  (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.).  If so, please quantify by hours and fees.

Response:    No, the Application does not include time or fees related to reviewing time records or preparing, reviewing or revising invoices in connection with the preparation of monthly fee statements.  However, the Application does include time related to the preparation of monthly fee statements.  Proskauer expended approximately 13.80 hours for a total charge of approximately $6,981.20 in performing activities relating to such preparation, or approximately 1.57% of total fees incurred.

**Question**:    Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?   If so, please quantify by hours and fees.

Response:    No time was spent redacting time records on account of privilege concerns.  However, the Application does include time related to reviewing time records to redact time entries pursuant to Court-ordered mediation confidentiality.

**Question**:    If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate

increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

Response:    Yes.  The Engagement Letter provides that Proskauer's rates will be increased on January 1 (rather than on November 1, the beginning of Proskauer's fiscal year) by the lower of the percentage rate increase announced as of November 1 and four percent.  Proskauer's rates with respect to its representation of the Oversight Board were increased by four percent on January 1, 2018.   Rates have not increased during this Compensation Period.

### Hearings and Conferences

24.     Proskauer attorneys attended hearings and participated in numerous teleconferences with the Oversight Board, the Board's other professional advisors, AAFAF and its professional advisors, the Unsecured Creditors' Committee and its professional advisors, the Official Committee of Retired Employees and its professional advisors, and the Debtor's creditors and their professional advisors.  Proskauer attorneys also participated in internal meetings and conferences.  The Debtor's Title III case poses complex, often interrelated issues that frequently require the attendance of more than one professional at hearings and conferences.  This facilitates the sharing of information among professionals handling different but related work streams and possessing different areas of expertise that is brought to bear on a multitude of issues.  Having more than one Proskauer attorney participate in hearings and conferences is often essential when one attorney is not handling every issue, and is beneficial to the Oversight Board when attendance by more than one attorney (telephonic and/or in-person) reduces the need for internal de-briefing meetings and therefore allows Proskauer to represent the Debtor in a more cost-efficient manner that avoids unnecessary duplication and expense.  Proskauer limits multiple participation to the most critical work streams for which attendance by more than one professional is actually necessary to provide efficient and appropriate representation for the Debtor.

15

**Professionals Billing Fewer Than Five Hours per Month**

25.     The following chart indicates, solely with respect to the Debtor's Title III case,
(a) professionals who billed fewer than five hours per month, (b) the months for which fewer
than five hours were billed by the professional, and (c) an explanation of why the use of such
professional was reasonable and necessary.  As a general matter, because of the size and
complexity of the Debtor's Title III case, it was reasonable and necessary to consult with
professionals with specific practice area expertise to assist Proskauer's core restructuring
professionals in providing the Debtor with necessary and beneficial professional services.[8]

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Barak, Ehud | March April | Mr. Barak is a partner in Proskauer's BSGR&B group who analyzed and advised on litigation strategy in an adversary proceeding. |
| Bienenstock, Martin J. | March | Mr. Bienenstock is a partner in Proskauer's BSGR&B group who analyzed and advised on multiple issues related to litigation strategy in the Debtor's adversary proceedings. |
| Dalsen, William D. | April | Mr. Dalsen is an associate in Proskauer's litigation department who assisted with the analysis of ERS bond related issues. |
| Desatnik, Daniel | March | Mr. Desatnik is an associate in Proskauer's BSGR&B group who assisted with the analysis of issues related to court-ordered mediation. |
| Esses, Joshua A. | February | Mr. Esses is an associate in Proskauer's BSGR&B group who assisted with the analysis of issues related to court-ordered mediation. |
| Ferrara, Ralph C. | March April | Mr. Ferrara is a partner in Proskauer's litigation department who analyzed and advised on litigation strategy in bondholder disputes. |

---

[8]  Many of the professionals listed below have billed substantially more time on other matters related to
Proskauer's representation of the Oversight Board, including matters within and without PROMESA Title III.

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Firestein, Michael A. | March | Mr. Firestein is a partner in Proskauer's litigation department who advised on litigation strategy in bondholder disputes. |
| Giddens, Magali | March April | Ms. Giddens is a paralegal in BSGR&B group who assisted with various administrative tasks. |
| Hamburger, Paul M. | April | Mr. Hamburger is a partner in Proskauer's labor & employment department who analyzed and advised on litigation strategy in adversary proceedings. |
| Kim, Mee R. | February March | Ms. Kim is an associate in Proskauer's litigation department who assisted with the review and preparation of monthly fee statements. |
| Levitan, Jeffrey W. | April May | Mr. Levitan is a partner in Proskauer's BSGR&B group who analyzed and advised on multiple issues related to litigation strategy in the Debtor's adversary proceedings. |
| Miller, Tiffany | April | Ms. Miller is a paralegal in Proskauer's labor & employment department who assisted with various administrative tasks. |
| Moller, Rachael Hope | February | Ms. Moller is a research specialist in Proskauer's library department who assisted with legal research related to expert depositions. |
| Mungovan, Timothy W. | February April May | Mr. Mungovan is a partner in Proskauer's litigation department who advised on issues related to court-ordered mediation and on discovery related issues. |
| Perra, Kevin J. | April | Mr. Perrais a partner in Proskauer's litigation department who advised on issues related to litigation strategy and court-ordered mediation. |
| Petrov, Natasha | February | Ms. Petrov is a paralegal in Proskauer's BSGR&B group who assisted with the drafting of Proskauer's interim fee application. |
| Possinger, Paul | May | Mr. Rappaport is a partner in Proskuauer's BSGR&B group who analyzed and advised on ERS bondholder litigation issues. |
| Ratner, Stephen L. | February April | Mr. Ratner is a partner in Proskauer's litigation department who advised on issues related to litigation strategy and court-ordered mediation. |

17

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Richman, Jonathan E. | March | Mr. Richman is a partner in Proskauer's litigation department who analyzed and advised on dispositive motions in an adversary proceeding. |
| Rochman, Matthew I. | March | Mr. Rochman is an associate in Proskauer's litigation department who analyzed and advised on litigation strategy in the Debtor's adversary proceedings. |
| Tayler M. Sherman | February | Ms. Sherman is a paralegal in Proskauer's litigation department who assisted with various administrative tasks. |
| Silvestro, Lawrence T. | March | Mr. Silvestro is a paralegal in Proskauer's litigation department who assisted with various administrative tasks. |
| Stevens, Elliot R. | February | Mr. Stevens is an associate in Proskauer's BSGR&B group who assisted with the analysis of issues related to court-ordered mediation. |
| Webb, Jeramy D. | April | Mr. Webb is an associate in Proskauer's BSGR&B group who assisted with the drafting of Proskauer's interim fee applications. |
| Williams, Selena F. | March | Ms. Williams is a paralegal in Proskauer's litigation department who assisted with various administrative tasks. |
| Weise, Steven O. | April May | Mr. Weise is a partner in Proskauer's BSGR&B group who analyzed and advised on multiple issues related to litigation strategy in the Debtor's adversary proceedings. |
| Wolf, Lucy | March | Ms. Wolfe is an associate in Proskauer's litigation department who assisted with legal research. |
| Zajac, Jared | February April | Mr. Zajac is an associate in Proskauer's BSGR&B group who assisted with the analysis of issues related to court-ordered mediation. |

**Summary Description of Professional Services**

26.     The following is a brief narrative summary, listed by Project Category, of the

professional services rendered by Proskauer during the Compensation Period.  Only Project

Categories for which Proskauer billed more than 10 hours during the Compensation Period are summarized below.[9]

I.  **Matter No. 33260/007 (PROMESA Title III: ERS) and No. 33260/025 (PROMESA Title III: ERS (Puerto Rico Time/Expenses))**

27.     These matter numbers cover time spent relating to the core ERS Title III case, including, for example, time spent regarding mediation, fiscal plan issues and working on disclosure statements or plans of adjustment.

   (a) Legal Research (Project Category 202)
      (Fees:  $19,799.90; Hours:  29.90)
      (Fees for work performed in Puerto Rico:  $0.00; Hours:  0.00)
      (Aggregate Fees:  $19,799.90; Aggregate Hours:  29.90)

28.     This Project Category includes time spent researching and analyzing legal issues and drafting internal memoranda analyzing legal issues and/or briefs showing the legal issues researched and analyzed, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conducting research in connection with security interest issues, preparing for court-ordered supplemental briefing thereon relating to the bondholders' motion to dismiss, partaking in drafting a stipulation prohibiting filing UCC-3 continuation statements pending a ruling on perfection issues; and
- Conducting research in connection with court-ordered mediation sessions.

   (b) Communications with Claimholders (Project Category 204)
      (Fees: $123,671.30; Hours: 163.40)
      (Fees for work performed in Puerto Rico:  $0.00; Hours:  0.00)
      (Aggregate Fees: $123,671.30; Aggregate Hours: 163.40)

29.     This category includes time spent communicating with the Debtor's various claimholders.  Specifically, Proskauer attorneys and paraprofessionals spent time:

---

[9]  All time spent between February 1, 2018 – March 31, 2018 has been billed to the original matter numbers, in this case Matter Nos 33260/007 (for fees incurred outside of Puerto Rico) and 33260/025 (for fees incurred inside Puerto Rico).  At the request of the Fee Examiner a number of new matter numbers were implemented during the Compensation Period to address different contested matters and adversary proceedings in the various Title III cases.  Use of these new matters began on April 1, 2018.  Thus, time incurred between April 1, 2018 – May 31, 2018 has been billed using these new matter numbers.

- Conferring with bondholders' and the retiree committee's counsel and advisors on issues relating to mediation, drafting mediation statements, reviewing mediation materials, and otherwise preparing for and participating in the court-ordered mediation process concerning ERS bond disputes;

- Communications with bondholders' and the retiree committee's counsel in connection with securities interest supplemental briefing directed by the Court in furtherance of motion to dismiss briefing; and

- Conferring with bondholders and other stakeholders regarding the Debtor's assets and liabilities.

(c)   <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
(Fees: $<u>159,162.30</u>; Hours: <u>209.70</u>)
(Fees for work performed in Puerto Rico: $<u>0.00</u>; Hours: <u>0.00</u>)
(Aggregate Fees: $<u>159,162.30</u>; Aggregate Hours: <u>209.70</u>)

30.   This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conducting research for and drafting briefs and declarations in support of court-ordered supplemental motion to dismiss briefing relating to securities issues

(d)   <u>Non-Board Court Filings (Project Category 207)</u>
(Fees: $<u>32,333.40</u>; Hours: <u>42.60</u>)
(Fees for work performed in Puerto Rico: $<u>0.00</u>; Hours: <u>0.00</u>)
(Aggregate Fees: $<u>32,333.40</u>; Aggregate Hours: <u>42.60</u>)

31.   This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III case, to the extent not expressly covered by another Project Category.   Specifically, Proskauer attorneys and paraprofessionals spent time:

- Reviewing and analyzing order of the Court directing the parties to the motion to dismiss briefing to submit informative supplemental briefing in connection with securities issues; and

- Reviewing pleadings and analyzing issues raised by parties in adversary proceedings and other legal disputes involving the Debtor.

(e)   <u>Analysis and Strategy (Project Category 210)</u>
(Fees: $<u>9,411.60</u>; Hours: <u>12.40</u>)
(Fees for work performed in Puerto Rico: $<u>0.00</u>; Hours: <u>0.00</u>)

(Aggregate Fees: $9,411.60; Aggregate Hours: 12.40)

32. This Project Category includes time spent related to (a) legal analysis in, and strategic approach to, the Debtor's Title III case, including meetings to discuss strategic case considerations, the status of various work streams, and next steps, and (b) all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

(f) Plan of Adjustment and Disclosure Statement (Project Category 215)
(Fees: $51,839.70; Hours: 68.30)
(Fees for work performed in Puerto Rico: $3,111.90; Hours: 4.10)
(Aggregate Fees: $54,951.60; Aggregate Hours: 72.40)

33. This Project Category includes time spent on issues related to the terms of a proposed Title III plan. Specifically, Proskauer attorneys and paraprofessionals spent time:

- Reviewing and revising memorandum regarding structure and treatment of claims in connection with plan of adjustment;
- Advising Oversight Board regarding various issues relating to the plan of adjustment;
- Analyzing documentation in connection with plan of adjustment and participating; and
- Reviewing and revising a term sheet for a plan of adjustment.

(g) Employment and Fee Applications (Project Category 218)
(Fees: $14,358.40; Hours: 36.80)
(Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
(Aggregate Fees: $14,358.40; Aggregate Hours: 36.80)

34. This Project Category includes time spent on issues related to the compensation of Proskauer, and the retention and compensation of other Oversight Board professionals, including the preparation of monthly fee applications. Specifically, Proskauer attorneys and paraprofessionals spent time preparing Proskauer's monthly fee statements and drafting Proskauer's second interim fee application.

II. **Matter No. 33260/045 (PROMESA Title III: Altair) and No. 33260/945 (PROMESA Title III: Altair (Puerto Rico Time/Expenses))**

35.     These matter numbers cover time spent working on adversary proceedings and
civil cases involving Altair, including *Altair v. Commonwealth*, Case No. 17-AP-219, *Altair v.
Commonwealth*, Case No. 17-AP-220, *Altair v. USA*, Case No. 1:17-CV-00970-SGB, and *ERS
v. Altair*, Case No. 17-ap-213, and any appeals relating thereto.

(a)     Documents Filed on Behalf of the Board (Project Category 206)
         (Fees:  $13,130.70; Hours:  17.30)
         (Fees for work performed in Puerto Rico:  $0.00; Hours:  0.00)
         (Aggregate Fees:  $13,130.70; Aggregate Hours:  17.30)

36.     This Project Category includes time spent drafting various pleadings filed on
behalf of the Debtor, to the extent not expressly covered by another Project Category.
Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conducting research for and drafting briefs and declarations in support of
  court-ordered supplemental motion to dismiss briefing relating to securities
  issues

                          *          *          *          *

37.     The foregoing professional services performed by Proskauer on behalf of the
Oversight Board as representative of the Debtor during the Compensation Period were
reasonable, necessary, appropriate, and beneficial when rendered, facilitated the effective
administration of the Debtor's Title III case, and were in the best interests of the Oversight
Board and the Debtor's creditors, Commonwealth's residents, and other stakeholders.
Compensation for the foregoing services as requested is commensurate with the complexity,
importance, and time-sensitive nature of the problems, issues, and tasks involved.   The
professional services were performed with expedition and in an efficient manner.

38.     In accordance with the factors enumerated in the Bankruptcy Code, the amount
of fees requested is fair and reasonable given: (a) the complexity of the Debtor's Title III case;
(b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such

services; (e) Proskauer's established expertise in the bankruptcy field; and (f) the costs of comparable services other than in a case under the Bankruptcy Code.

**<u>Actual and Necessary Expenses of Proskauer</u>**

39.     Pursuant to the Guidelines, **<u>Schedule 4</u>** is Proskauer's summary of actual and necessary expenses incurred on behalf of the Oversight Board as representative of the Debtor during the Compensation Period.

40.     In accordance with paragraph C.13 of the Appendix B Guidelines, and as more fully described in **<u>Schedule 4</u>**, Proskauer seeks reimbursement for its necessary and reasonable expenses, including: (a) reproduction, (b) online research, (c) delivery services and couriers, (d) local travel to and from airports, (e) out-of-town travel, (f) out-of-town meals (g) transcription services, (h) telephone, (i) litigation support, and (k) conference services.  All expense entries detailed in **<u>Exhibit B</u>** comply with the requirements set forth in the Guidelines, including an itemization of the expenses by category, the date the expense was incurred, and the individual incurring the expense, where available.  The reasons for the expenses are self-explanatory; in compliance with Appendix B Guidelines paragraph C.13, the requested expenses are of the kind customarily charged to Proskauer's non-bankruptcy clients and by other comparable professionals.

41.     Proskauer generally charges from $0.10 (black and white) to $0.30 (color) per page for photocopying expenses. The rates charged by the firm for Westlaw and Lexis computerized research vary according to the type of research conducted and the specific files researched, but, in any event, Proskauer does not profit from the use of computer assisted legal research, as set forth in **<u>Schedule 4</u>**.  As per the Appendix B Guidelines, Proskauer has not requested reimbursement of expenses related to overhead charges, such as secretarial services

and proofreading.  As **Schedule 4** reflects, all expenditures are of the type customarily billed to clients.

42.     During the Compensation Period, Proskauer has disbursed **$16,638.88** as necessary and reasonable expenses.  These charges cover Proskauer's direct operating costs, which costs are not incorporated into the firm's hourly billing rates (because to do so would impose that cost upon clients who do not require extensive photocopying and other facilities and services).  Only clients who actually use services of the kind set forth in **Exhibit B** are separately charged for such services.  Proskauer has made every effort to minimize its expenses in the Debtor's Title III case.  The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to effectively serve the needs of the Debtor in its Title III case.

## Compensation Paid and Its Source

43.     All services for which Proskauer seeks compensation, and expenses for which it seeks reimbursement, were performed on behalf of the Oversight Board as representative of the Debtor.  In connection with the matters covered by this Application, Proskauer received no payment and no promises of payment for services rendered, or to be rendered, from any source other than the Debtor.  There is no agreement or understanding between Proskauer and any other person, other than members of the firm, for the sharing of compensation received for services rendered in this Title III case.

44.     PROMESA sections 316 and 317 provide for interim compensation of professionals and govern the Court's award of such compensation.  48 U.S.C. §§ 2176-2177.  PROMESA section 316 provides that a court may award a professional person employed by the Debtor or the Oversight Board under PROMESA "(1) reasonable compensation for actual,

necessary services rendered by the professional person, or attorney and by any paraprofessional person employed by any such person; and (2) reimbursement for actual, necessary expenses." 48 U.S.C. § 2176(a).   Section 316 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded … the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (1) the time spent on such services;
>
> (2) the rates charged for such services;
>
> (3) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;
>
> (4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (5) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this subchapter or title 11.

48 U.S.C. § 2176(c).

45.     As noted above, the professional services and expenditures for which Proskauer seeks compensation and reimbursement in this Application were necessary and beneficial to the Oversight Board as representative of the Debtor.  Proskauer worked diligently to anticipate or respond to the Oversight Board's needs and assist in the Oversight Board's navigation of the Debtor's very complex Title III case.  The compensation requested herein is reasonable in light

of the nature, extent, and value of such services to the Oversight Board.  The Oversight Board

has reviewed and approved this Application.

## **Reservations**

46.     To the extent time or disbursement charges for services rendered or expenses

incurred relate to the Compensation Period but were not processed prior to the preparation of

this Application, or Proskauer has for any other reason not yet sought compensation or

reimbursement of expenses herein with respect to any services rendered or expenses incurred

during the Compensation Period, Proskauer reserves the right to request compensation for such

services and reimbursement of such expenses in a future application.

## **Notice**

47.     Pursuant to the Interim Compensation Order, notice of this Application has been

filed in ERS's and the jointly-administered Commonwealth of Puerto Rico's Title III cases and

served upon:

> (a) the Financial Oversight and Management Board, 40 Washington
> Square South, Office 314A, New York, NY 10012, Attn: Professor
> Arthur J. Gonzalez, Oversight Board Member;

> (b) attorneys for the Financial Oversight and Management Board as
> representative of The Commonwealth of Puerto Rico, O'Neill &
> Borges LLC,  250 Muñoz Rivera Ave., Suite 800, San Juan, PR
> 00918-1813, Attn: Hermann D. Bauer, Esq. (hermann.bauer@
> oneillborges.com);

> (c) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory
> Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times
> Square, New York, NY 10036, Attn: John J. Rapisardi, Esq.
> (jrapisardi@omm.com),         Suzzanne         Uhland,         Esq.
> (suhland@omm.com),, and Diana M. Perez, Esq. (dperez@omm.com);

> (d) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory
> Authority, Marini Pietrantoni Muniz LLC, MCS Plaza, Suite 500,
> 255 Ponce de León Ave., San Juan P.R. 00917, Attn.: Luis C.
> Marini-Biaggi, Esq. (lmarini@mpmlawpr.com)  and Carolina Velaz-
> Rivero Esq. (cvelaz@mpmlawpr.com);

26

(e) the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: *In re: Commonwealth of Puerto Rico*);

(f) attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc A. Despins, Esq. (lucdespins@paulhastings.com);

(g) attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. (jcasillas@cstlawpr.com) and Alberto J.E. Añeses Negrón, Esq. (aaneses@cstlawpr.com);

(h) attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. (rgordon@jenner.com) and Richard Levin, Esq. (rlevin@jenner.com); and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. (csteege@jenner.com) and Melissa Root, Esq. (mroot@jenner.com);

(i) attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar-Zequeira, Esq. (ajb@bennazar.org);

(j) the Puerto Rico Department of Treasury, PO Box 9024140, San Juan, PR 00902-4140, Attn: Reylam Guerra Goderich, Deputy Assistant of Central Accounting (Reylam.Guerra@hacienda.pr.gov); Omar E. Rodríguez Pérez, CPA, Assistant Secretary of Central Accounting (Rodriguez.Omar@hacienda.pr.gov); Angel L. Pantoja Rodríguez, Deputy Assistant Secretary of Internal Revenue and Tax Policy (angel.pantoja@hacienda.pr.gov); Francisco Parés Alicea, Assistant Secretary of Internal Revenue and Tax Policy (francisco.pares@hacienda.pr.gov); and Francisco Peña Montañez, CPA, Assistant Secretary of the Treasury (Francisco.Pena@hacienda. pr.gov);

(k) attorneys for the Fee Examiner, EDGE Legal Strategies, PSC, 252 Ponce de León Avenue, Citibank Tower, 12th Floor, San Juan, PR 00918, Attn: Eyck O. Lugo (elugo@edgelegalpr.com); and

(l) attorneys for the Fee Examiner, Godfrey & Kahn, S.C., One East Main Street, Suite 500, Madison, WI 53703, Attn: Katherine Stadler (KStadler@ gklaw.com).

Proskauer submits that, in light of the foregoing, no other or further notice need be provided.

27

WHEREFORE Proskauer respectfully requests that the Court enter an order (a) allowing interim compensation for professional services rendered during the Compensation Period in the amount of **$445,503.70** (which includes the 10% professional compensation holdback amount), $442,391.80 of which represents fees earned outside of Puerto Rico and $3,111.90 of which represents fees earned in Puerto Rico, and reimbursement for actual and necessary expenses Proskauer incurred in connection with such services during the Compensation Period in the amount of **$16,638.88**; (b) directing the Debtor to pay promptly to Proskauer the difference between (i) the amount of interim compensation for professional services rendered, and reimbursement of expenses incurred during the Compensation Period allowed hereunder, and (ii) the amounts for such compensation and expenses previously paid to Proskauer, consistent with the provisions of the Interim Compensation Order; (c) allowing such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred without prejudice to Proskauer's right to seek additional compensation for services performed and expenses incurred during the Compensation Period, which were not processed at the time of this Application; and (d) granting Proskauer such other and further relief as is just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated: July 16, 2018
    San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Maja Zerjal (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
      ppossinger@proskauer.com
      ebarak@proskauer.com
      mzerjal@proskauer.com

-and-

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205

*/s/ Ubaldo M. Fernández*
Ubaldo M. Fernández
USDC No. 224807
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and
Management Board as Representative of the
Debtor*