UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------- x
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO, *et al.*, : (Jointly Administered)
:
    Debtors.[1] :
------------------------------------------------------------------------- x

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' (A) URGENT MOTION, PURSUANT TO BANKRUPTCY CODE SECTION 105(a), TO COMPEL DEBTORS TO COMPLY WITH INTERIM COMPENSATION ORDERS AND (B) JOINDER IN MOTIONS OF RETIREE COMMITTEE AND COFINA AGENT TO COMPEL COMPLIANCE WITH SAME**

To the Honorable United States District Court Judge Laura Taylor Swain:

    The Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee") hereby (a) files this urgent motion (the "Urgent Motion"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), requesting entry of an order compelling the Debtors to comply with this court's *First Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 1715] (the "First Amended Interim Compensation Order") and the *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

[Docket No. 3269] (the "Second Amended Interim Compensation Order" and, together with the First Amended Interim Compensation Order, the "Interim Compensation Orders") and (b) joins in the *Urgent Motion to Compel the Puerto Rico Department of Treasury to Comply with the First and Second Amended Orders Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3513] (the "Retiree Committee's Motion") and in the *COFINA Agent's Urgent Motion to Compel the Puerto Rico Department of Treasury to Comply with the Orders Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3544] (the "COFINA Agent's Motion"). In support of this Urgent Motion, the Committee respectfully represents as follows:

## PRELIMINARY STATEMENT

1. Even though the Committee's professionals have fully complied with all requirements under the Interim Compensation Orders (including the recently added additional requirements with respect to Puerto Rico law), the Debtors have never (other than perhaps on occasion) paid the Committee's professionals on time. Moreover, what payments the Committee's professionals have received were, in many instances, received well beyond the applicable payment deadlines and, even then, only after numerous and repeated requests.

2. For example, Kroma Advertising, Inc. ("Kroma"), a San Juan based communications firm, has not received a single payment for any services rendered, despite fully complying with the Interim Compensation Orders and no objection having been raised to its invoices. In addition, Paul Hastings, LLP ("Paul Hastings") only received a payment on account of its February, March, and April fee statements on July 17, 2018, months after the applicable deadlines under the Interim Compensation Orders, and after numerous and repeated requests for payments. And despite this payment, Paul Hastings continues to be owed a substantial portion for fees and expenses for the month of January 2018.

2

3. Paul Hastings is, of course, mindful of the court's statement at the June 6, 2018 omnibus hearing that the parties should engage in "direct and frank discussions" to resolve payment issues, expressing the court's hope that there would be no need for motions to compel compliance with the Interim Compensation Orders. Paul Hastings respectfully submits that it has worked diligently with counsel for the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") counsel to resolve the issues regarding payment of its fees and expenses. As discussed further below, Paul Hastings and Kroma have submitted all information requested by the Debtors, including fee break-downs, certifications, and declarations.[2] However, despite their best efforts, they continue to await payment on fee statements that are now several months overdue.

4. Further, on the eve of the filing of this motion (on July 17, 2018), AAFAF's counsel informed Paul Hastings and other professionals in these Title III cases that Hacienda requires the submission of additional forms and tax declarations in order to (a) pay erroneously withheld taxes and (b) pay fee statements covering fee periods after June 30, 2018. This additional paperwork requests the *same information* (*i.e.*, breakdown of time worked in Puerto Rico vs. outside Puerto Rico, and the professional's taxpayer status) that Paul Hastings has already submitted. Nothing in the Interim Compensation Orders calls for these additional materials in order to receive payment. Nor does Paul Hastings have any assurance that, even if it were to submit these additional materials, its outstanding fees and expenses for the month of January would be paid.

5. Accordingly, the Committee requests entry of an order directing the Debtors (including Hacienda) to, on or before July 31, 2018, (a) comply with their obligations under the

---

[2] To be clear, the Committee does not concede that the additional requirements imposed by the Second Interim Compensation Order, dated June 6, 2018, should be applied retroactively. In fact, several fee statements at issue in this motion were submitted prior to entry of that order.

3

Interim Compensation Orders and to pay to the Committee's professionals all fees and expenses due under the Interim Compensation Orders and (b) remit the withholdings erroneously applied to the stateside Committee's professionals.

## JURISDICTION AND VENUE

6. The United States District Court for the District of Puerto Rico has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.[3]

7. Venue is proper pursuant to section 307(a) of PROMESA.

8. The statutory basis for the relief requested herein is section 105(a) of the Bankruptcy Code.

## BACKGROUND

**A.     Interim Compensation Orders**

9. The Interim Compensation Orders provide that, following the expiration of the 10-day objection period to monthly statements, "the Debtors in whose cases such Professionals are retained and/or employed shall promptly pay, and in no event pay later than fourteen (14) calendar days after receiving the Monthly Fee Objection Statement, the Professional an amount equal to the lesser of (i) 90% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement. . . ." First Interim Compensation Order ¶ 2.c. In the case of Paul Hastings and Zolfo Cooper (the Committee's financial advisor), the Interim Compensation Order requires the payment of 80% (as opposed to 90%) of fees and 100% of expenses, reflecting the 20% end-of-case reductions agreed to by Paul Hastings and Zolfo Cooper as part of their respective retentions. *See* Paragraph 21 below.

---

[3] References to PROMESA are references to 48 U.S.C. §§ 2101 *et. seq.*

4

10. The 14-day period to pay monthly fee statements was specifically requested by the AAFAF at the August 9, 2017 omnibus hearing, after consultation with counsel to AAFAF.

11. On June 6, 2018, the court entered the Second Amended Interim Compensation Order, which added certain procedures for professionals to comply with Puerto Rico law. *See* Second Interim Compensation Order ¶¶ 9-14. Among other things, the Second Amended Interim Compensation Order requires that "[e]ach Professional in the Title III case shall comply with Puerto Rico tax withholding law, to the extent applicable to such Professional," *id.* ¶ 9, that professionals send their retention agreements to the Department of Treasury, *id.* ¶ 10, that principals retroactively certify all fee statements served prior to the entry of the Second Amended Interim Compensation Order, *id.* ¶ 11, and that principals certify fee statements going forward, *id.*

12. In accordance with the Interim Compensation Orders, the Committee's professionals have timely served monthly fee statements for the fees and expenses incurred on behalf of the Committee on AAFAF and the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as well as on the other Notice Parties (as defined in the Interim Compensation Orders), and have complied with all other aspects of the Interim Compensation Orders, including the additional requirements imposed by the Second Amended Interim Compensation Order related to compliance with Puerto Rico law.

13. On July 17, 2018, AAFAF's counsel informed Paul Hastings and other professionals in these Title III cases that Hacienda requires the submission of additional forms and tax declarations in order to (a) pay erroneously withheld taxes and (b) pay fee statements covering fee periods after June 30, 2018.

5

**B.     Kroma Advertising, Inc.**

14.     As approved by order of this court, dated February 22, 2018 [Docket No. 2572], the Committee retained Kroma Advertising, Inc., as communications advisor, effective as of February 1, 2018. Kroma has fully complied with the requirements and procedures established in the Interim Compensation Orders, and there are no pending objections to any of Kroma's fee statements. In particular:

- Kroma February Fee Statement. On April 25, 2018, Kroma served on the Notice Parties its fee statement for certain services rendered and expenses incurred during the period from February 15, 2018 through March 15, 2018 (the "Kroma February Fee Statement"). The deadline to object to the Kroma February Fee Statement expired on May 5, 2018, without objections, and payment on the Kroma February Fee Statement was due by **May 29, 2018**. To date, Kroma has received no payment on account of the Kroma February Fee Statement.

- Kroma March Fee Statement. On June 1, 2018, Kroma served on the Notice Parties its fee statement for certain services rendered and expenses incurred during the period from March 16, 2018 through April 15, 2018 (the "Kroma March Fee Statement"). The deadline to object to the Kroma March Fee Statement expired on June 11, 2018, without objections, and payment on the Kroma February Fee Statement was due by **July 6, 2018**. To date, Kroma has received no payment on account of the Kroma March Fee Statement.

15.     Kroma has also provided the Debtors with all additional information required under the Second Interim Compensation Order, including (a) a copy of Kroma's engagement letter and (b) the retroactive certification regarding the Committee's approval of Kroma's prior fee statements. Notwithstanding the foregoing, Kroma has yet to receive any payment on account of its fee statements.

**C.     Paul Hastings, LLP**

16.     As approved by order of this court, dated August 10, 2017 [Docket No. 999], the Committee retained Paul Hastings LLP ("Paul Hastings") as its main bankruptcy counsel, effective as of June 26, 2017. Paul Hastings has fully complied with the requirements and

6

procedures established in the Interim Compensation Orders, and there are no pending objections to any of Paul Hastings' fee statements.[4]

17. After numerous and detailed requests for payment, repeated over the past few months, Paul Hastings received partial payment for its fees for February, March, and April.[5] However, even with this payment, a significant portion of its January fee statement (namely. $537,854.80) remains unpaid.

18. Paul Hastings has also provided the Debtors with all additional information required under the Second Interim Compensation Order, including (a) a sworn declaration regarding Paul Hastings' taxpayer status, (b) a copy of Paul Hastings' engagement letter, (c) a non-binding fee estimate for Fiscal Year 2019, (d) the retroactive certification regarding the Committee's approval of Paul Hastings prior fee statements, and (e) a detailed breakdown (by Debtor and by whether services were rendered in or outside Puerto Rico) for the months of January through May 2018.

## BASIS FOR RELIEF

19. The Committee's professionals have complied with all requirements under the Interim Compensation Orders, and there are no pending objections to any fee statement submitted by the Committee's professionals. The Debtors' failure to pay the unopposed fees and expenses is in clear violation of the Interim Compensation Orders. The Debtors should be compelled to pay all fees and expenses due to the Committee's professionals on or before July 31, 2018.

---

[4] On July 13, 2018, Paul Hastings served on the Notice Parties its fee statements for certain services rendered and expenses incurred during the period ending May 31, 2018 (the "PH May Fee Statement"). The deadline to object to the PH May Fee Statement expires on July 23, 2018. To date, no objection has been filed with respect to the PH May Fee Statement.

[5] This payment was partial, as it withheld funds in connection with the 29% tax withholdings on services performed in Puerto Rico. Paul Hastings believes that this withholding was improper under the terms of its retention order, and reserves all rights accordingly.

20. The Debtors' disregard of their obligations under the Interim Compensation Order imposes particular financial hardship on the Committee's local professionals, including Kroma, which has yet to see a single payment for services it has rendered to the Committee in these Title III cases.

21. Moreover, as the court is aware, as part of its retention in these Title III cases, Paul Hastings has agreed to a 20% reduction in its total case fees, with the precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in connection with the final fee application process. Paul Hastings agreed to this reduction in reliance on the fact that the timing of the payment of Paul Hastings' fees and expenses would be governed by court orders which contained strict procedures and deadlines, and that such orders would be complied with. In fact, these orders were never complied with.

22. In addition to the perpetually late payments (or the complete lack of payment), the Commonwealth has applied an arbitrary and erroneous 29% tax withholding to Paul Hastings' January fees and expenses, without regard to whether the services were rendered in Puerto Rico or outside Puerto Rico. In fact, only a tiny fraction (less than 2%) of Paul Hastings' services were rendered while in Puerto Rico. Moreover, as noted above, on June 26, 2018, Paul Hastings submitted the sworn tax declaration requested by the Commonwealth in order to receive payment on the full amount of its fees and expenses and has provided detailed break-downs of its on-island and off-island billings.[6] Still, as of the date of this Urgent Motion, no payment has been received on account of the erroneously withheld taxes on the January fee statement.

---

[6] Paul Hastings' fee statements have always indicated which time entries related to services rendered in Puerto Rico. However, to facilitate the Debtors' review, Paul Hastings provided a detailed breakdown of these time entries on June 29, 2018, and, moreover, has begun, starting with the month of April 2018, to prepare separate fee statements for time services rendered in Puerto Rico vs. outside of Puerto Rico.

23. Over the last several months, Paul Hastings has worked in earnest with counsel for AAFAF to resolve these issues regarding payment of its fees and expenses. However, those efforts have been only partly successful. Moreover, as noted above, on July 17, 2018, AAFAF's counsel informed Paul Hastings and other professionals in these Title III cases that Hacienda requires the submission of additional forms and tax declarations, which request the *same information* (*i.e.*, breakdown of time worked in Puerto Rico vs. outside Puerto Rico, and the professional's taxpayer status) that Paul Hastings has already submitted. Nothing in the Interim Compensation Orders calls for these additional materials in order to receive payment. In any event, at this time, Paul Hastings has no assurance that, even if it were to submit these additional materials, its outstanding fees and expenses for the month of January (which have now been due for several month, in violation of the Interim Compensation Orders) would be paid. For these reasons, the Committee has no alternative but to seek the assistance of this court to compel the Debtors (including Hacienda) to pay all amounts due to its professionals, including all amounts erroneously withheld from prior payments.

24. In order to minimize the incurrence of fees to cover the same ground as the Retiree Committee's Motion and the COFINA Agent's Motion, the Committee joins in such motions, including to request that this Urgent Motion be heard at the omnibus hearing currently scheduled for July 25, 2018 regarding any unpaid fees and expenses that are not subject to any objection.

## NOTICE

25. Notice of this Urgent Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United State Attorney for the District of Puerto Rico; (iii) the Oversight Board; (iv) the Puerto Rico Fiscal Agency and Financial Advisory Authority; (v) the official committee of retirees; (vi) the insurers of the bonds

9

issued or guaranteed by the Debtors; (vii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors;[7] (viii) the COFINA Agent; and (ix) all parties that have filed a notice of appearance in the Title III Cases.

## NO PRIOR REQUEST

26. No previous request for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

---

[7] Which include the Mutual Fund Group, the Ad Hoc Group of General Obligation Bondholders, the COFINA Senior Bondholders' Coalition, and the QTCB Noteholder Group, each as such group is defined at Docket Nos. 28, 68, 216, and 134, respectively.

WHEREFORE, the Committee respectfully requests that the court enter an order directing the Debtors to comply with the Interim Compensation Orders and to pay Paul Hastings' and Kroma's unopposed fees and expenses, on or before July 31, 2018, and granting such other relief as may be just and proper.

Dated: July 18, 2018

/s/ G. Alexander Bongartz

PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

- and -

/s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*