UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, ET AL.<br><br>**DEBTOR** | PROMESA Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>**DEBTOR** | *PROMESA Title III*<br><br>*No. 17 BK 4780-LTS*<br><br>**Relief of the Automatic Stay Of acts against property under 11 U.S.C. 362 D(1) "Cause"** |

## MOTION FOR RELIEF FROM STAY

**COMES NOW**, *Martami, Inc.* ("Movant"), through the undersigned counsel and very respectfully moves the Court for an Order pursuant to 11 U.S.C. § 362 for relief from the Automatic Stay and, in support of this motion, states as follows:

### FACTS AND AVERMENTS

1. On March 14th, 2006 Movant, was included in a filed a State Civil Action initiated by the Commonwealth; in case **KEF-2006-135**(1003) ["*Autoridad de carreteras y transportacion de Puerto Rico vs. Tartack Brother y otros*"] for the forced expropriation ("Expropiacion forzosa") of properties in Barrrio Monacillos [Lots: 123-01, 123-02, 118-01, 124-01, 124-02, 127-01] that belongs to movant.

1

2. During the litigation, Movant consigned the amount of $495,910.00 with the State Court Clerk's office.

3. The case is in its initial proceedings after the initial preliminary reports, which the last one was filed on November 6th, 2015.

4. After the filing of the Complaint and years of litigation, on June 26th, 2017 the State Court issued and entered and Order to stay the proceedings before the Court and demanding full compliance with the Notice of Automatic Stay and of Procedures for Filing Motions for Relief from the Automatic Stay in the Commonwealth of Puerto Rico's Title III Case.

5. Movant complied with the provisions of Paragraph III. Q of Section III (Scheduling) of the Case Management Procedures in the instant case, as amended by the Order Further Amending Case Management Procedures (the "Order", Docket Entry no. 1512 in Case No. 17 BK 3283-LTS).

6. Movant seeks relief from the automatic stay to the extent needed to continue the with the withdrawal of moneys in the amount of $495,910.00 consigned in the San Juan State Court in case **KEF-2006-135**(1003); plus any other pending matters, as allowed to do so by this Honorable Court, and pursuant to the applicable provisions of the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA"). If additional funds are obtained in the State Court, they will be forwarded to the Debtor's bankruptcy estate.

7. Courts consider many factors in deciding whether cause exists to lift the automatic stay so that a creditor can pursue pending litigation in another forum. Relevant factors include: (a) The interests of judicial economy, (b) the degree of connection or interference with the bankruptcy case, (c) prejudice to the bankruptcy case or other creditors, (d) the presence of non-debtor third parties, (e) the Debtor's misconduct, and (f) the probability that the creditor will prevail in the

2

pending litigation. [See: ***In re Ulpiano Unanue-Casal***, 159 B.R. 90, 95-96 (D.P.R. 1993), aff'd by 23 F.3d 395. (1st Cir. 1994). In the case at bar, these factors weigh in favor of Movant.

8. The term "cause" is determined on a case-by-case basis. Courts have set forth various multifactor tests. [See: **<u>In re Granati</u>**, 271 B.R. 89, 93 (Bankr. E.D. Va. 2001); **<u>In re Johnson</u>**, 115 B.R. 634, 636 (Bankr. D. Minn. 1989); **In re Pro Football Weekly, Inc.**, 60 B.R. 824, 826 (N.D. Ill. 1986); **In re Curtis**, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984). In the case of **In re Ulpiano Unanue-Casal**, 159 B.R. 90 (D.P.R. 1993), the court took into consideration the following factors:

> "**(1) Whether the relief will result in a partial or complete resolution of the issues; (2) The <u>lack</u> of any connection with or interference with the bankruptcy case; (3) Whether the non-bankruptcy proceeding involves the debtor as a fiduciary; (4) Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases; (5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) Whether the action primarily involves third parties; (7) Whether litigation in another forum *would prejudice* the interests of other creditors, the creditors' committee or other interested parties; (8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c); (9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f); (10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties; (11) Whether the non-bankruptcy proceedings have *progressed* to the point where the parties are *prepared for trial*; and (12) The impact of the stay on the parties and the "balance of hurt.**"

(Bold, underline & Italics added)

9. See: 159 B.R. at 95-96 (D.P.R. 1993) aff'd by 23 F. 3d 395 (1st Cir. 1994). The court also relied on two additional factors; i.e., the misconduct of the debtor and whether the creditor has a probability of prevailing on the merits. Id. at 96.

10. Here, most factors weight in favor of lifting/modifying the stay for the Movant, including the following:

3

- Movant's actions and request action lacks any connection with the bankruptcy proceedings.
- Movant is not an investor, a fiduciary, nor a creditor seeking to take possession of assets of the Estate.
- Movant's action will not interfere with the bankruptcy case and with the Commonwealth's reorganization.
- No great prejudice to the estate would result.
- The issues in the State Court do not involve bankruptcy law, nor require the expertise of the Bankruptcy Court. It is simply the withdrawal of consigned funds.
- The bankruptcy case will not resolve Movant's request/claim.
- The relief sought before the State Court would result in a complete resolution of the issues and relieve the Bankruptcy Court from tasks that could be handled elsewhere.
- The interest of judicial economy would be better served.
- The Sate Court has the expertise to handle the requests/claims.
- The undue hardship of prolonging Movant's request of withdrawal of moneys is not necessary for the Commonwealth to successfully complete the bankruptcy.
- The relief sought by the Movant will not have a significant effect on the bankruptcy estate.
- The merits of Movant's request should be adjudicated by the district court.

11. The automatic stay in State Court Civil Case **KEF-2006-135** should be lifted pursuant to 11 U.S.C. § 362(d)(1) for cause, including but not limited to reasons stated in this motion for relief from stay. The automatic stay should be lifted pursuant to 11 U.S.C. § 362(d)(2) because the adjudication of Movant's claim in this case is not necessary in this bankruptcy process for an effective reorganization of the Commonwealth either.

**PRAYER FOR RELIEF**

*WHEREFORE*, Movant respectfully requests that the Court enter an order granting relief from the automatic stay allowing Movant to continue proceedings in Sate Court Civil case number **KEF-2006-135** currently pending in the San Juan State Civil Court and any other further relief as the Court deems proper under Law and Equity.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY:** That on this day, I electronically filed the foregoing motion with the Clerk of the Court using CM/ECF Filing system which will send notification to the parties and subscribed users.

**RESPECTFULLY SUBMITTED:**

In Bayamon, Puerto Rico, this 18th day of July of 2018.

*/s/ Ruben Gonzalez Marrero, Esq.*
Ruben Gonzalez MArrero

Gonzalez & Velasco Law Offices, P.S.C.
Carr. 174; Blq. 21-24
Santa Rosa, Bayamon, PR 00959
Tel. 787-798-8600
E-mail(s): rgmattorney1pr@gmail.com
[Gonzalez & Velasco Law Office, P.S.C.]
rgm@microjuris.com
[Ruben Gonzalez Marrero]
Velascolaw@hotmail.com
 [Jaime L. Velasco Bonilla]