# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## RESPONSE OF AAFAF,[2] AS REPRESENTATIVE OF GDB, TO THE RETIREE COMMITTEE'S LIMITED OBJECTION TO THE INVESTIGATOR'S EXIT PLAN MOTION, AND THE UCC'S JOINDER TO THE RETIREE COMMITTEE'S LIMITED OBJECTION

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]   References to: (i) "AAFAF" are to the Puerto Rico Fiscal Agency and Financial Advisory Authority; (ii) "GDB" are to the Government Development Bank for Puerto Rico; (iii) the "UCC" are to the Official Committee of Unsecured Creditors; (iv) the "Retiree Committee" are to the Official Committee of Retired Employees of the Commonwealth of Puerto Rico; (v) "Committees" are to the UCC and the Retiree Committees together; (vi) "UCC Informative Motion" are to the UCC's July 3, 2018 Informative Motion Regarding Renewed Rule 2004 Motion and Discovery Items to be Addressed at July 25, 2018 Omnibus Hearing [ECF No. 3424]; (vii) "Objection to the Informative Motion" are to the Objection by AAFAF, acting as representative of GDB, to the UCC's Informative Motion [ECF No. 3466]; (viii) the "Exit Plan" are to the Motion of the Independent Investigator for an Order: (i) Establishing Procedures for Resolving any Confidentiality Dispute in Connection with Publication of the Independent Investigator's Final Report; (ii) Approving the Disposition of Documents and Information; (iii) Relieving the Independent Investigator from Certain Discovery Obligations; (iv) Exculpating the Independent Investigator in Connection with the Investigation and Publication of the Final Report; and (v) Granting Related Relief [ECF No. 3427]; and (ix) "Investigator" are to Kobre & Kim LLP, which was appointed as Independent Investigator by the Special Investigation Committee of the Financial Oversight and Management Board for Puerto Rico established under the Puerto Rico Oversight, Management, and Economic Stability Act.  Unless otherwise specified, all emphasis is added and all internal citations and quotations are omitted.

1

To the Honorable Judith Gail Dein
United States Magistrate Judge:

AAFAF, as representative of GDB, through its undersigned counsel hereby states and

prays as follows:

1.      On July 3, 2018, the Investigator filed the Exit Plan Motion and Proposed Order

seeking approval of the Investigator's Exit Plan.  AAFAF, as representative of GDB, supports

the Investigator's Exit Plan.  Among other things, that plan promotes transparency and provides

a mechanism for the appropriate interested parties to have access to the documents and other

materials underlying the Investigator's report, while protecting the legitimate confidentiality

interests of parties who provided information to the Investigator.

2.      Transparency will assist the Investigator, the elected Government, and the

Commonwealth in (i) identifying the causes for Puerto Rico's financial crisis, (ii) putting Puerto

Rico back on the road of fiscal responsibility and prosperity, and (iii) restoring Puerto Rico's

access to the capital markets.  To this end, AAFAF (as GDB's representative) previously

voluntarily agreed to make available to the UCC and the Retiree Committee all non-privileged

documents produced to the Investigator.  Further, even though it has no obligation to do so, GDB

(through AAFAF) has agreed to provide the Committees with document-by-document logs of

any documents that have been produced to the Investigator but withheld from the Committees.

Thus, entirely separate from the Investigator's Exit Plan, the Committees will know precisely

what GDB (acting through AAFAF) has produced to the Investigator and which of those

documents have been withheld from the Committees (and on what basis).

3.      This is in addition to substantial information that the Investigator has provided or

will provide to the Committees, including the Investigator's report itself and a detailed

description of the process that the Investigator used to select GDB's custodial e-mails for

production.  (*See* Investigator's June 13 Status Report [ECF No. 3303].)  Thus, the Committees already know which GDB custodians' emails the Investigator has reviewed and the search terms that the Investigator used to help identify certain custodians' e-mails for possible production.

4.      All this information is more than sufficient to address the Court's concern that "the Committee[s] . . . get these documents" so that the parties avoid "a fight about whether investigations are duplicative because the Committee[s don't] *know what documents have already been produced*."[3]  Nevertheless, the Retiree Committee filed a Limited Objection to the Investigator's Exit Plan [ECF No. 3497] (the "Retiree Committee's Objection"), and the UCC filed a Joinder to the Retiree Committee's Objection [ECF No. 3498] (the "UCC's Joinder," together with the Retiree Committee's Objection, the "Objections") demanding the following additional information:

- Producing parties' "responses" and "objections" to the Investigators' document requests (*see* Retiree Committee Objection ¶ 9);

- Immediate access to GDB Board Materials, GDB D&O policies, and regulator productions from the Puerto Rico financial institutions (*see* Retiree Committee Objection ¶ 14; UCC's Joinder ¶ 4);

- Information regarding GDB's email retention policy (*see* Retiree Committee Objection ¶ 16(a)); and

- Information regarding non-email files from GDB (*see* Retiree Committee Objection ¶ 16(b)).

5.      The UCC and Retiree Committees are trying to transform a simple agreement to share document productions into a roving inquest that would sanction expensive and potentially unnecessary discovery into matters that invade the Investigator's non-disclosure agreements.  As AAFAF and GDB have previously stated (and reminded the Committees in AAFAF and GDB's Objection to the Informative Motion), this Court denied the UCC's Rule 2004 motion and

---

[3]      June 6, 2018 Hr'g Tr. at 127:21–25 (attached as Exhibit A).

ordered the Committees to wait for the publication of the Investigator's final report for further

Committee pursuit of limited additional Rule 2004 discovery requests:

> [T]he way I generally envision this is that the Committees will be aware of the
> scope of the information that has been produced, that they would await the report,
> . . . and that, at that point, if the Committees required additional document
> requests, they would need to justify it and, as I talked about last time, some sort of
> budget on it. [4]

6.      The Committees now seek to question each of the Investigator's decisions, and

demand the production of documents, before receiving the Investigator's final report and even

before the Committees attempt to understand the Investigator's work or review GDB's

production.  Instead, the Committees opted, at the cost to Puerto Rico, to draft an objection

raising issues unconnected to the only issue before the Court here—the Investigator's Exit Plan.

The Committees' objections should be overruled.

## THE COMMITTEES IMPROPERLY ATTEMPT TO EXPAND
## THE SCOPE OF THE DOCUMENT DEPOSITORY

7.      The Exit Plan provides procedures for interested parties to request access to the

Investigator's document depository, *i.e.* documents produced to the Investigator not subject to

confidentiality or privilege restrictions that prohibit their inclusion.  (*See* Exit Plan ¶¶ 39–49.)

8.      In their Objections, the Committees make four demands concerning the document

depository: (i) immediate access to the documents without the need for any motion; (ii) inclusion

of any "responses" and "objections" to document requests in the depository; (iii) inclusion of any

privilege logs provided to the Investigator; and (iv) the Investigator's disclosure of "any date

filter used for any document custodian."  (Retiree Committee Objection ¶¶ 6–12; *see also* UCC's

Joinder ¶¶ 7–10.)

---

[4]    *See* June 18, 2018 Hr'g Tr. at 40:25–41:8 (attached as Exhibit B).

9.    Contrary to the Committees' suggestion otherwise, these demands are irrelevant to GDB:

- *First*, there is no need to expedite the Committees' access to GDB documents.  As discussed above, the Committees will have already received all of GDB's non-privileged documents along with document-by-document logs of all withheld documents.  (*See* ¶ 2, *supra*; *see also* Objection to the Informative Motion ¶¶ 4–6.)

- *Second*, there are no "responses" or "objections" from GDB for the Investigator to include in the document depository.  GDB has agreed voluntarily to comply with the Investigator's requests and has not refused any request for production.

- *Third*, GDB has not provided any privilege logs to the Investigator (other than courtesy copies of the logs GDB provided to the Committees).  As the Committees are well aware, GDB (through AAFAF) has not withheld any documents from the Investigator on privilege grounds.

- *Fourth*, while disclosure of any date filters the Investigator may have used is unnecessary and would threaten invading the Investigator's process and work product, neither AAFAF nor GDB has this information and so could not disclose it.  And even if they did have such information, AAFAF and GDB are bound by a non-disclosure agreement that prohibits disclosure.  (*See* Objection to the Informative Motion ¶ 7.)

### THE COMMITTEES' OTHER REQUESTS ARE NOT PROPER

10.    The Committees also reiterate the UCC's request from its July 3 Informative Motion that they get access to certain categories of documents immediately.[5]  AAFAF and GDB have already explained in their Objection to the Informative Motion why these requests are improper (*see* Objection to the Informative Motion ¶¶ 8–12),[6] yet the Committees fail to address those arguments in their Objections to the Exit Plan.

---

[5]    The Committees request: (i) GDB Board Materials, (ii) GDB D&O policies, and (iii) regulator productions from the Puerto Rico financial institutions.  (*See* Retiree Committee Objection ¶ 14; UCC's Joinder ¶ 4.)

[6]    To avoid repetition, AAFAF does not repeat these arguments, but adopts and incorporates them by reference as if fully set forth herein.

11.     As for GDB's D&O policies, the UCC argues in a footnote that it is entitled to the

D&O policies because they could "potentially impact[] the estate."  (UCC's Joinder ¶ 11, n.2.)

That is incorrect for at least three reasons:

- *First*, the UCC utterly ignores AAFAF's showing that the Commonwealth is a net
debtor to GDB.  (*See* Objection to the Informative Motion ¶ 11 & n.13.)  Because
the Commonwealth owes GDB money, and not the other way around, the
Commonwealth cannot have claims that would result in a net payment from GDB
from its D&O coverage.

- *Second*, the UCC still has yet to identify what claims the Committees or the
Commonwealth could possibly bring against GDB's former officers or directors.

- *Third*, the UCC is improperly attempting to use its Objection—which concerns
the provisions of the Investigator's Exit Plan—to litigate a Rule 2004 discovery
request.  If the UCC truly wants to pursue this request, it should do so in the
context of its renewed demand for Rule 2004 discovery from GDB.

12.     In their Objections, the Committees add three new demands for documents from

GDB before the final report's publication:

- *First*, the Committees demand "[i]nformation regarding GDB's email retention
policy."  (*See* Retiree Committee Objection ¶ 16(a).)  But they already have it.  GDB
produced a version of its document retention policy for non-administrative documents
on June 8—more than five weeks before the Committees filed their Objections.  Had
the Committees devoted their energy to reviewing the documents they already have,
instead of trying to devise disputes with GDB, they would have known this.

- *Second*, the Committees request "[i]nformation regarding non-email files from GDB"
because, they claim, "GDB has informed the Committees that the Investigator only
sought GDB's custodial email files and not any other electronic or hard copy files."
(*See* Retiree Committee Objection ¶ 16(b).)  GDB has never made such a statement,
and had the Committees reviewed GDB's production, they would have known that
GDB has produced numerous hard-copy documents.[7]

- *Third*, the Committees demand to know whether the Investigator requested so-called
"Bond Bibles," and whether they have been produced.  (*See* Retiree Committee
Objection ¶ 16(c); UCC Informative Motion ¶ 8.)  Yet again, had the Committees

---

[7]     A non-exhaustive list of produced GDB hard-copy documents includes: (i) various bond closing sets, including
for ERS, PRASA, PREPA, COFINA, and GO bonds; (ii) Department of Justice opinions regarding bond
issuances; (iii) lists of COFINA officers and GDB officials; (iv) various GDB policies, including a version of
the non-administrative document retention policy and bond issuance policy; (v) lists of GDB professional
service vendors; and (vi) fiscal oversight agreements.

reviewed the documents they have, they would have known the answer:  GDB produced numerous "Bond Bibles," which are simply the closing sets for the bond issuances.[8]

13.     The UCC also reiterates its request for information concerning the Investigator's requests to GDB.[9]  But as the UCC's Joinder makes clear, the Investigator has already provided the UCC with significant detail of the process by which the Investigator selected documents for production from GDB.  (*See* UCC's Joinder ¶ 12.)  And it is also clear that GDB has complied with all the Investigator's requests.  (*See* ¶ 9, *supra*.)  Even assuming that the additional granular details the UCC requests were somehow pertinent, AAFAF and GDB either (i) do not have the information the UCC is seeking or (ii) are forbidden from disclosing it by a non-disclosure agreement with the Investigator.  Either way, the UCC's demand should be denied insofar as it is directed to GDB.

*[Signature Block on Next Page]*

---

[8]     GDB has produced closing sets for, without limitation, ERS, PRASA, PREPA, COFINA, and GO bonds.

[9]     Specifically, the UCC demands that "the Investigator and/or GDB" disclose "(a) the Investigator's requests for production of certain documents (or categories of documents); (b) when those requests were made by the Investigator and when documents were ultimately produced by GDB (i.e., before or after interviews of relevant GDB officials); and (c) whether GDB, in fact, produced all of those documents or refused on any grounds, in which case any negotiation history should be disclosed."  (UCC's Joinder ¶ 16.)

Dated: July 20, 2018
        San Juan, Puerto Rico


Respectfully submitted,

*/s/ John J. Rapisardi*                    */s/ Luis C. Marini-Biaggi*
**O'MELVENY & MYERS LLP**                  Luis C. Marini-Biaggi
John J. Rapisardi                          USDC No. 222301
William J. Sushon                          Carolina Velaz-Rivero
7 Times Square                             USDC No. 300913
New York, NY 10036                         **MARINI PIETRANTONI MUÑIZ LLC**
Tel:  (212) 326-2000                       MCS Plaza, Suite 500
Fax:  (212) 326-2061                       255 Ponce de León Ave.
                                           San Juan, Puerto Rico 00917
Peter Friedman                             Tel:  (787) 705-2171
1625 Eye Street, NW                        Fax:  (787) 936-7494
Washington, DC 20026
Tel:  (202) 383-5300                       *Attorneys for the Puerto Rico Fiscal Agency*
Fax:  (202) 383-5414                       *and Financial Advisory Authority*


*Attorneys for the Puerto Rico Fiscal Agency*
*and Financial Advisory Authority, in their*
*own capacity and acting as representative of*
*the Government Development Bank for*
*Puerto Rico*