# EXHIBIT B

**Comparison Showing Changes Between Proposed Order and Revised Proposed Order**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

PROMESA

Title III

No. 17 BK 3283-LTS

(Jointly Administered)

---------------------------------------------------------------x

**ORDER APPROVING MOTION OF THE INDEPENDENT INVESTIGATOR
FOR AN ORDER (I) ESTABLISHING PROCEDURES FOR RESOLVING
ANY CONFIDENTIALITY DISPUTE IN CONNECTION WITH PUBLICATION
OF THE INDEPENDENT INVESTIGATOR'S FINAL REPORT; (II) APPROVING
THE DISPOSITION OF DOCUMENTS AND INFORMATION; (III) RELIEVING
THE INDEPENDENT INVESTIGATOR FROM CERTAIN DISCOVERY
OBLIGATIONS; (IV) EXCULPATING THE INDEPENDENT INVESTIGATOR IN
CONNECTION WITH THE INVESTIGATION AND PUBLICATION
OF THE FINAL REPORT; AND (V) GRANTING RELATED RELIEF**

Upon the *Motion of the Independent Investigator for an Order: (I) Establishing Procedures for Resolving any Confidentiality Dispute in Connection with Publication of the Independent Investigator's Final Report; (II) Approving the Disposition of Certain Documents and Information; (III) Relieving the Independent Investigator from Certain Discovery Obligations; (IV) Exculpating the Independent Investigator in Connection with the Investigation and Publication of the Final Report; and (V) Granting Related Relief* [ECF No.

---

[1] The debtors in ~~these~~ the above referenced cases (the "Title III Cases~~,~~"), along with each debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284(LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ~~("ERS")~~ (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Highways and Transportation Authority ~~("HTA")~~ (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ~~("PREPA")~~ (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (collectively, the "Debtors").

1

3427] (the "Motion")[2]; and the Court having found it has subject matter jurisdiction over this matter under sections 106(a) and 306(a)(2) of PROMESA; and it appearing that venue is proper under sections 104(k), 106(a), and 307(a) of PROMESA; and the Court having found that the relief requested in the Motion is in the best interests of all parties in interest; and the Court having found that the Independent Investigator provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and considered the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or are overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

**A. Procedures for Resolution of Any Objection to the Disclosure of Confidential Information in the Final Report**

2. If any of the Non-Disclosure Agreements requires the Independent Investigator to provide advance notice of the publication of the Disclosing Party's Confidential Information, the Independent Investigator shall follow the following procedures before the publication of the Disclosing Party's Confidential Information in the Final Report:

   a. ~~The~~Before publication of the Final Report, the Independent Investigator will provide a written notice, by *email or overnight delivery*, to each Disclosing Party identifying the Disclosing Party's Confidential Information that the Independent Investigator may use in the Final Report ~~at the latest~~ upon five (5) business ~~days before publication of the Final Report~~days' notice, unless the Non-Disclosure Agreement between the Independent Investigator and the Disclosing Party provides for a different notice period, in which case the Non-Disclosure Agreement's different notice period will govern (the "Notice Period"). Any objection to the disclosure by the Independent Investigator of such Confidential Information must be transmitted by email or overnight mail to be *received* by the Independent Investigator within the Notice Period.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

b. During the Notice Period, the Disclosing Parties must: (i) hold the identity and content of any Confidential Information about which the Independent Investigator has given notice in strict confidence (including any statement, finding, or conclusion of the Independent Investigator, or any portion of the Final Report, that is shared with the Disclosing Party in connection with the Publication Procedures) and (ii) make no disclosure to any person, except its counsel, of the identity or content of the Confidential Information that the Independent Investigator may use in the Final Report.

c. If no objection is made within the Notice Period, any Disclosing Party shall be deemed to have waived any claim that such Confidential Information is entitled to non-disclosure, and the Independent Investigator may promptly publish the Final Report and any related exhibits disclosing such Confidential Information.

d. If a Disclosing Party makes an objection within the Notice Period, the Disclosing Party must confer in good faith directly with the Independent Investigator to attempt to resolve its ~~challenge~~objection concerning any of the Confidential Information identified by the Independent Investigator for inclusion in the Final Report. In conferring, the Disclosing Party must: (i) explain the basis for its belief that the inclusion of the Confidential Information in the Final Report is not proper and (ii) give the Independent Investigator an opportunity to (a) review the objection and the designated Confidential Information, (b) reconsider the designation, and (c) if no change in the designation is offered, to explain the basis for the designation. The Independent Investigator ~~may~~will respond ~~by email or overnight mail~~ to the Disclosing Party concerning the ~~challenge~~objection within five (5) business days after receiving the objection either by email or overnight mail (the "Meet and Confer Procedure").

e. If: (i) any of the Disclosing Parties makes an objection within the Notice Period ~~and~~, (ii) such objection is not resolved under the Meet and Confer Procedure, and (iii) the Disclosing Party wishes to adhere to its objection, the Disclosing Party must file with this Court and serve a motion for a protective order within five (5) business days of the conclusion of the Meet and Confer Procedure, on an expedited basis scheduled in compliance with the Case Management Order,[3]~~,~~ seeking to prohibit the public disclosure of the Confidential Information proposed to be included in the Final Report ~~within five (5) business days of the conclusion of the Meet and Confer Procedure if it wishes to adhere to its objection~~ (the "Motion for Protective Order"). Each such Motion for Protective Order must be accompanied by a declaration that affirms that the Disclosing Party has complied with the Meet and Confer Procedure. The burden of persuasion in any such Motion for Protective Order shall rest with the Disclosing Party asserting confidentiality and seeking to seal, redact, or prevent disclosure of the Final Report.

f. No Confidential Information may be filed by any party with the Court unless (i) upon advanced written consent; or (ii) filed under seal under Local Bankruptcy Rule 9018-1 and the District Court's Standing Order No. 9.

g. The Independent Investigator shall maintain the confidentiality of such Confidential Information during the pendency of an objection and, if a Motion for Protective Order is filed, until the Court resolves the Motion for Protective Order. If the Independent

---

[3] *See* Order Further Amending Case Management Procedures dated April 4, 2018 entered by Judge Swain in the Debtors' Title III Cases (ECF No. 2839).

3

      Investigator publishes the Final Report during the pendency of an objection or Motion for Protective Order, the Independent Investigator must redact the applicable portions of the Final Report so as to preserve such Confidential Information.

    h. Nothing in the Publication Procedures shall limit the Independent Investigator's ability to file or publish all, or any portion of, the Final Report under seal or with redactions during, or in advance of, the Notice Period. Nothing in the Publication Procedures shall limit the ability of the Committees to seek access to information filed under seal or to object to the fact that certain information is filed under seal.

3. Nothing herein shall prevent or prejudice Disclosing Parties from seeking, pursuant to the procedures set forth herein, additional, lesser, or greater protections, with respect to the use or disclosure of their Confidential Information, than the protections set forth in their Non-Disclosure Agreements.

4. The procedures set forth in this Order shall apply to Jefferies LLC's Confidential Information.

**B.**     **Disposition of Documents and Information**

~~4.~~5. The Independent Investigator shall take necessary steps to facilitate the transfer of the Investigative Record and transition the custody of the Investigative Record to the Neutral Vendor, which shall be selected by the Special Investigation Committee.[4]

~~5.~~6. The Neutral Vendor shall take custody and maintenance of the Document Depository for such period as required by law or as otherwise ordered by the Court, but at a minimum, until the effective date of a plan of adjustment for each of the Debtors confirmed by the Court.

~~6.~~7. Any transfer of the Investigative Record by the Independent Investigator to the Neutral Vendor is not, and shall not be deemed to be, a violation of any obligation arising under

---

[4] The "Investigative Record" shall mean (a) the Preservation and Document Request Letters; (b) the Investigatory Subpoenas; (c) the Search Terms and Custodian Lists; (d) the Third-Party Documents; (e) the Public Comment Box; (f) the Final Report Documents; (g) any privilege logs provided to the Independent Investigator; and (h) any agreed-upon date filter used for any document custodian to the extent that information is not contained in the document request itself or if the Investigator deviated from what was in the document request.

4

a Non-Disclosure Agreement, or a waiver of any currently existing work-product privilege, attorney-client privilege, or other privilege.

7.8. If there is any conflict or inconsistency between the terms of a Non-Disclosure Agreement and this Order, the terms of this Order shall control.

8.9. The Independent Investigator shall return to AAFAF all documents identified as "Highly Confidential" (i.e., asserted to be privileged) by AAFAF or GDB, unless such documents are included as Final Report Documents with the consent of AAFAF or GDB. All parties' rights to challenge or defend AAFAF's "Highly Confidential" designation are reserved. AAFAF shall continue to maintain the Relativity Database until the conclusion of all Title III proceedings concerning the Commonwealth of Puerto Rico or any of its instrumentalities, unless ordered otherwise by further order of the Court. All parties' rights to seek access to or dispute access to the Relativity Database are reserved.

9.10. The Independent Investigator is authorized, in its sole discretion, to discard or delete (in case of electronic materials) all documents and information that hasve not been transferred to the Document Depository, including without limitation, the Independent Investigator's Privileged Materials. The Independent Investigator shall not exercise any right to discard or delete witness interview notes or summaries prepared by or under the direction of counsel on the Independent Investigator's team at the request of the Special Investigation Committee during the Cooperation Period (as defined below). The Independent Investigator expressly reserves the right to challenge any request for production of such materials as privileged and protected from disclosure to any party.

C. **Treatment of Government Agency Productions**

10.11. Absent the SEC's consent or lack of objection, noNo documents provided by the SEC to the Independent Investigator shall be transferred to the Document Depository. Documents provided by the SEC to the Independent Investigator shall be returned to the SEC.

5

~~11.~~12. ~~Absent FINRA's consent or lack of objection, no~~ No documents provided by FINRA to the Independent Investigator shall be transferred to the Document Depository. Documents provided by FINRA to the Independent Investigator shall be returned to FINRA.

~~12.~~13. No documents provided by OCIF to the Independent Investigator shall be transferred to the Document Depository. Documents provided by OCIF to the Independent Investigator~~, including those provided by third parties to OCIF, shall be transferred to the Document Depository, except for one examination report that is confidential under Puerto Rico law~~ shall be returned to OCIF.

**D.    Procedures to Access the Document Depository**

~~13.~~14. Parties in interest who are not stayed or otherwise prohibited from seeking discovery by order of the Court or any other court of competent jurisdiction or applicable law may request access to documents contained in the ~~Central~~ Document Depository as follows:

a. In the case of a request by a person or entity that is not a party to a pending civil litigation in a court of competent jurisdiction, a document request ("Document Request") must be served on the attorneys for the Oversight Board and forwarded to the Neutral Vendor. A Document Request shall not be filed with the Court. In the case of a request by a person or entity that is a party to a pending civil litigation, ~~including the Oversight Board,~~ a subpoena under Rule 45 of the Federal Rules of Civil Procedure or any other applicable rules ("Subpoena") shall be served in compliance with all rules governing notice and discovery in that litigation and shall also be served on attorneys for the Oversight Board to the extent the Oversight Board is not a named party to the litigation, and forwarded to the Neutral Vendor.

b. Any Document Request or Subpoena must be accompanied by search terms and relevant time periods (the "Search Terms"), unless the Document Request or Subpoena seeks access to all documents contained in the Document Depository. Upon receipt of the Search Terms, the Neutral Vendor shall promptly apply them to the Document Depository to identify responsive documents and relevant producing parties (each, a "Producing Party").

c. After receipt of a Document Request or Subpoena and application of the Search Terms (as applicable), the Neutral Vendor shall promptly provide a notice to each Producing Party, setting out (i) the identity of the party making the request (the "Requesting Party") and (ii) the Document Request or Subpoena, together with the Search Terms or a statement that all of the Producing Party's documents have been requested by the Requesting Party (as applicable). The Neutral Vendor shall provide the Requesting Party and any other person or entity that has been served with notice of a Subpoena by the Requesting Party in accordance with paragraph 13(a) above, a copy of the Notice.

6

    d. The Oversight Board and the Producing Party (collectively, the "Interested Parties") shall have ten (10) business days from the date of Notice to informally object to the Document Request and shall serve such objection on the Requesting Party and the other Interested Parties with a copy to the Neutral Vendor. An objection to a Document Request shall not be filed with the Court. If a timely objection to the Document Request is asserted, the objecting party or parties and the Requesting Party shall confer within ten (10) business days of the assertion of an objection in an effort to resolve the objection. If the objection cannot be resolved, the objecting party or parties may, within ten (10) additional business days, make a motion with the Court to be heard at the next omnibus hearing and in compliance with the Case Management Order[5] governing the Debtors' Title III Cases seeking an order restricting or prohibiting access to the requested documents, or for such other relief as may be appropriate. If such a motion is filed, the Neutral Vendor shall not comply with the Document Request pending the disposition of the motion. If no timely objection is asserted to a Document Request, or if no motion is filed within twenty (20) business days after assertion of an objection, the Neutral Vendor shall promptly make the requested documents available to the Requesting Party via a document production. Nothing herein shall confer standing on any party to object to a Document Request and all rights to contest, object to, or support standing of an objecting party are preserved.

    e. If any documents produced by the Neutral Vendor to the Requesting Party as set forth in paragraph 13(d) above have been previously marked as "Professional Eyes Only" or with similar designations, then absent a further court order, the Requesting Party shall abide by such designation.

    f. Objections to a Subpoena issued in a pending civil litigation shall be heard in that litigation and governed by the applicable rules of civil procedure and discovery in such litigation. Nothing herein shall confer standing on any party to object to a Subpoena and all rights to contest, object to, or support standing of an objecting party are preserved. Further, nothing herein shall provide a person or entity greater rights to obtain documents or information from the Neutral Vendor or the Document Depository than such person or entity has under applicable law.

    ~~14.~~15. Nothing contained in this Order is intended to expand, contract, waive, or modify the rights of any party in interest or member of the public to seek access to one or more documents contained in the Document Depository. All rights possessed by the Oversight Board, the Debtors, the Disclosing Parties, or other parties in interest to object to or otherwise contest the propriety of any request for access to documents contained in the Document Depository are expressly reserved.

---

[5] *See* Order Further Amending Case Management Procedures dated April 4, 2018 entered by Judge Swain in the Debtors' Title III Cases (ECF No. 2839).

7

### E. Assistance from the Independent Investigator after Publication of the Final Report

~~15.~~16. If, after publication of the Final Report, the Independent Investigator receives requests for cooperation and assistance from any party in interest, the Independent Investigator shall respond as follows:

a. In response to requests from the Oversight Board, the Debtors, the Committees, Puerto Rico or federal agencies or regulators, or the United States Trustee, the Independent Investigator will meet and confer with such parties concerning their requests and provide cooperation and assistance until at least June 1, 2019, or confirmation of a plan of adjustment for the Title III Debtors, whichever is earlier, unless the engagement of the Independent Investigator by the Special Investigation Committee is terminated sooner~~.~~ (the "Cooperation Period").

b. The Independent Investigator may provide such cooperation and assistance as the Special Investigation Committee deems appropriate in response to requests from other parties in interest; *provided* that, the requesting party shall provide notice of its request for cooperation and assistance to the Oversight Board, the Debtors, the Committees, and, in the event that the requesting party is a party to an existing civil litigation, the other parties to such litigation. Unless otherwise directed by the Oversight Board, acting by and through the Special Investigation Committee, the Independent Investigator will not respond to requests for cooperation or assistance from parties in interest other than those provided for in paragraph 15(a) above after June 1, 2019 unless the engagement of the Independent Investigator by the Special Investigation Committee is terminated sooner.

### F. Relief from Discovery Obligations

~~16.~~17. The Independent Investigator is relieved from any requests for production of documents, requests for admissions, requests for testimony or deposition, interrogatories, subpoenas for production of documents, subpoenas to give oral testimony, trial subpoenas, or any other discovery of any kind relating to the Investigation or Final Report, and no party shall issue or serve any discovery request upon the Independent Investigator, except with respect to: (i) documents for which a requesting party has demonstrated to the Court that it has been unable to obtain from any other source, after providing an affirmation to that effect; (ii) an order of a federal district court presiding over a criminal proceeding in which a party in interest is a defendant finding that the Independent Investigator is obliged to produce documents or other

8

materials to said defendant under the principles of *Brady v. Maryland*, 373 U.S. 83 (1963), as embodied in subsequent caselaw and the Federal Rules of Criminal Procedure; or (iii) productions required in response to any subpoena or formal request made by or on behalf of any state, federal or Puerto Rican governmental or regulatory agency acting under its police or regulatory powers.

**G.     Exemption from Liability for Claims under 48 U.S.C. § 2125**

~~17.~~18.  The immunity protections of 48 U.S.C. § 2125 shall apply to the Independent Investigator and its employees and agents with respect to any act, omission, statement, or representation arising out of, relating to, or involving in any way, the Investigation, the Non-Disclosure Agreements, the Interim Reports, ~~and~~ the Final Report, the Motion, and any pleading or other writing filed by the Independent Investigator in connection with the Investigation.

~~18.~~19.  The Independent Investigator is authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this order in accordance with the Motion.

~~19.~~20.  In the event of a conflict between this Order and any provision of a plan of adjustment for any of the Debtors confirmed by the Court in the Title III Cases, this Order shall control as it pertains to the rights, obligations, duties, and responsibilities of the Independent Investigator and its employees and agents.

~~20.~~21.  This Order shall survive confirmation of any plan of adjustment for any of the Debtors and dismissal of the Debtors' Title III Cases.

~~21.~~22.  This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: July __, 2018_____    _____

9

San Juan, Puerto Rico

_____
_____Honorable Laura Taylor Swain
_____
_____United States District Judge