UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**Re: ECF. Nos. 1065-1, 1512-1, 2839-1** |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>**This Stipulation relates only to PREPA** |

**STIPULATION MODIFYING THE AUTOMATIC
STAY BETWEEN THE PUERTO RICO ELECTRIC POWER AUTHORITY, AND THE
ESTATES OF GABRIEL FUENTES VÁZQUEZ AND EVANGELINA BENEJAM-
OTERO, COMPRISED BY GABRIEL, JORGE L. AND JOSE R. FUENTES-BENEJAM**

This stipulation (the "Stipulation") is made as of July 26, 2018, by and between Debtor the

Puerto Rico Electric Power Authority ("PREPA") and the Estates of Gabriel Fuentes Vázquez and

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Evangelina Benejam-Otero, comprised by Gabriel, Jorge L. and José Ricardo Fuentes-Benejam (the "Movants").[2]

## RECITALS

**WHEREAS**, on July 2, 2017, PREPA, by and through the Oversight Board, as PREPA's representative pursuant to PROMESA section 315(b), filed a petition with the United States District Court for the District of Puerto Rico (the "District Court") under title III of PROMESA (the "Title III Case");

**WHEREAS**, on August 17, 2017, as amended on October 24, 2017 and April 4, 2018, the District Court entered the *Order Amending Case Management Procedures* (the "Case Management Order"), which revised the *Notice, Case Management and Administrative Procedures* to implement a protocol (the "Lift Stay Protocol") for filing motions for relief from the automatic stay set forth in Bankruptcy Code sections 362(a) and 922(a),[3] made applicable to the Title III Case by PROMESA section 301(a) (the "Title III Stay") [Case No. 17-bk-3283; ECF Nos. 1065, 1512, 2839];

**WHEREAS**, under the Lift Stay Protocol, the Movants are required to (a) send notice (the "Lift Stay Notice") to counsel to the Oversight Board and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") to advise them of the Movants' intent to seek relief

---

[2] The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") to enter into this Stipulation on behalf of PREPA. AAFAF is an entity of the Commonwealth of Puerto Rico authorized to act on behalf of PREPA pursuant to the authority granted to it under the Enabling Act of the Fiscal Agency and Financial Advisory Authority, Act 2 2017.

[3] In a title III case, Bankruptcy Code section 922 extends the self-executing provisions of Bankruptcy Code section 362 to, among other things, actions against officers and inhabitants of the debtor to enforce claims against the debtor. *See Order Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365, and 922 Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition Lawsuits, and (III) Application of Contract Protections* [ECF No. 543] ("For the avoidance of doubt, the protections of Bankruptcy Code section 922(a)(1) with respect to officers and inhabitants of the Debtors, as set forth in paragraph 4(a) [of the Order], apply in all respects to the Debtors' officers in both their official and personal capacities with respect to actions whereby parties pursuing such actions seek to enforce claims against any of the Debtors.").

from the Title III Stay at least fifteen (15) business days prior to filing a motion seeking such relief (the "Lift Stay Notice Period") and (b) meet and confer with PREPA during the Lift Stay Notice Period;

**WHEREAS**, on March 21, 2018, the Movants sent a Lift Stay Notice to the Oversight Board and AAFAF requesting the lifting of the Title III Stay to allow the Movants to proceed with the case captioned *Estate of Gabriel Fuentes-Vázquez and Evangelina Benejam-Otero, et al. v. Puerto Rico Electric Power Authority*, civil case no. KEF 2007-0753 (the "Prepetition Action"), before the Court of First Instance of Puerto Rico (the "Commonwealth Court");

**WHEREAS,** on June 28, 2018, the Movants filed a *Motion for Relief from the Automatic Stay and for a Ruling that a Judgment Based on a Claim Arising from the Taking of Properties Without Just Compensation is Not Subject to Reduction or Compensation in Bankruptcy* (the "Lift Stay Motion") [Case No. 17-bk-4780; ECF No. 889] in the District Court, requesting the Court to enter an order "annulling the automatic stay of 11 US.C. § 362(a)(1) as to Civil No. KEF 2007-0753, due to its inapplicability" to the Prepetition Action and to hold "that any judgment to be entered therein in Movants' favor is not subject to reduction or compromise as a result of [PREPA]'s bankruptcy," Lift Stay Motion at 9-10;

**WHEREAS**, PREPA and the Movants conferred and have resolved the Movants' Lift Stay Motion.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between PREPA and the Movants, through their counsel, each of whom represent and warrant that they possess the requisite authority to bind the respective parties hereto, as follows:

1. The Lift Stay Motion is resolved in its entirety. Upon the filing of this Stipulation in the Title III Case and the entry of an order approving the same, the Lift Stay Motion shall be deemed withdrawn.

2. The Title III Stay is hereby modified solely to the limited extent necessary to permit the Prepetition Action to proceed in the ordinary course until its conclusion, including the right of the Movants to withdraw any funds awarded thereto in the Prepetition Action.

3. It is expressly understood by the Movants that nothing contained in this Stipulation shall constitute a determination of any type of liability or monetary claim of any kind as to PREPA or any other Title III Debtor.

4. It is expressly understood by the Movants that nothing contained in this Stipulation shall operate as a waiver or modification of the Title III Stay to permit the prosecution against PREPA, or any of the Title III debtors, of any claim or claims by anyone other than the Movants as provided for herein, and PREPA reserves all rights, defenses, and protections with respect to any matters pending or that may arise in or relate to the Title III Case.

5. PREPA and the Movants represent and warrant that they are properly and fully empowered to enter into and execute this Stipulation, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that the Stipulation is legal, valid, and binding upon them.

6. Neither this Stipulation, nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation shall be deemed to be, or construed as: (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of PREPA's rights to dispute, contest, setoff, or recoup any claim, including any claims asserted by the Movants in the Prepetition Action or assert any related rights, claims, or defenses, and all such rights are reserved; or (c) an approval or assumption of any agreement or contract between the parties under Bankruptcy Code section 365.

7. Nothing in this Stipulation shall be deemed or construed as: (a) creating or conferring any right upon any persons or entities (other than the Movants as expressly provided in this Stipulation), or (b) evidence of any willingness or obligation on PREPA's part to consent to any other or future modifications of or relief from the Title III Stay with respect to any persons or entities.

8. This Stipulation contains the entire agreement by and between the parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

9. This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico. For purposes of construing this Stipulation, neither of the parties shall be deemed to have been the drafter of the Stipulation.

10. Electronic copies of signatures on this Stipulation are acceptable, and an electronic copy of a signature on this Stipulation is deemed an original. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

11. This Stipulation may not be modified other than by a signed writing executed by the parties hereto.

12. The District Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

13. This Stipulation shall be immediately effective and enforceable upon execution.

*Reminder of the page intentionally left blank.*

**IN WITNESS WHEREOF** and in agreement herewith, by and through their counsel, the parties have executed and delivered this Stipulation as of the date first set forth above.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 26th day of July, 2018.

| | |
|---|---|
| */s/ Kevin D. Finger* | */s/ Charles A. Cuprill-Hernández* |
| David D. Cleary (admitted *pro hac vice*)<br>Kevin D. Finger (admitted *pro hac vice*)<br>**GREENBERG TRAURIG LLP**<br>77 West Wacker Drive<br>Suite 3100<br>Chicago, IL 60601<br>Tel: (312) 456-8400<br>Fax: (312) 456-8435<br>Email: clearyd@gtlaw.com<br>         fingerk@gtlaw.com<br><br>Joseph P. Davis III (admitted *pro hac vice*)<br>Greenberg Traurig, LLP<br>One International Place, Suite 2000<br>Boston, MA 02110<br>Tel: (617) 310-6000<br>Fax: (617) 310-6001<br>Email: davisjo@gtlaw.com<br><br>Nathan A. Haynes (Admitted *Pro Hac Vice*)<br>Greenberg Traurig, LLP<br>MetLife Building<br>200 Park Avenue<br>New York, NY 10166<br>Tel: (212) 801-9200<br>Fax: (212) 801-6400<br>Email: haynesn@gtlaw.com<br><br>*Attorneys for Puerto Rico Fiscal Agency and Financial Advisory Authority* | CHARLES A. CUPRILL-HERNÁNEZ<br>USDC-PR 114312<br>Charles A. Cuprill, P.S.C. Law Offices<br>365 Fortaleza Street, Second Floor<br>San Juan, PR 00901<br>Tel. (787) 977-0515<br>Fax: (787) 977-0518<br>E-mail: ccuprill@cuprill.com<br><br>*Attorney for the Movants* |

*/s/ Katiuska Bolaños-Lugo*

Katiuska Bolaños-Lugo
USDC No. 231812
kbolanos@cnrd.com

Arturo Díaz-Angueira
USDC No. 117907
adiaz@cnrd.com

**CANCIO, NADAL, RIVERA & DIAZ, P.S.C.**
P.O. Box 364966
San Juan, PR 00936-4966
Tel: (787) 767-9625
Fax: (787) 764-4430

*Attorneys for Puerto Rico Electric Power Authority*

*TCO 363168851v2*

7