UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x
                                          :

In re:                                 :
                                          :

THE FINANCIAL OVERSIGHT AND       :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,   :   Title III
                                          :

        as representative of              :   Case No. 17-BK-3283 (LTS)
                                          :

THE COMMONWEALTH OF PUERTO RICO, *et al.*,  :   (Jointly Administered)
                                          :

        Debtors.[1]                            :
------------------------------------------------------------------------ x

**THIRD SUPPLEMENTAL DECLARATION OF LUC A. DESPINS REGARDING
RETENTION OF PAUL HASTINGS LLP AS COUNSEL TO OFFICIAL
<u>COMMITTEE OF UNSECURED CREDITORS</u>**

I, Luc A. Despins, hereby declare under penalty of perjury:

       1.       I am a partner in the law firm of Paul Hastings LLP ("<u>Paul Hastings</u>") with offices

worldwide, including 200 Park Avenue, New York, New York 10166, and am admitted to

practice in the State of New York.  The facts set forth in this supplemental declaration (the

"<u>Third Supplemental Declaration</u>") are based upon my personal knowledge, discussions with

other Paul Hastings attorneys, and the firm's client/matter records that were reviewed by me or

other Paul Hastings attorneys acting under my supervision and direction.

       2.       On July 10, 2017, I submitted a declaration (the "<u>Initial Declaration</u>") in support

of the *Application for Order Pursuant to Bankruptcy Code Section 1103(a) and Local*

---

[1]     The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a
bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax
identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-
3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government
of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of
Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case
No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing
Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID:
8474); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780) (Last
Four Digits of Federal Tax ID: 3747).

*Bankruptcy Rule 2014-1(e) Authorizing the Employment and Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors, Effective as of June 26, 2017* [Docket No. 610] (the "Retention Application")[2] filed by the Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico in the above-captioned cases. On August 25, 2017, the U.S. Trustee expanded the role of that Committee to be the official committee for the HTA, ERS, and PREPA Debtors. The "Committee" refers to the official creditors' committee of all Title III Debtors (other than COFINA).

3. By order of this court entered August 10, 2017 [Docket No. 999] (the "Retention Order"), Paul Hastings' retention as counsel for the Committee was approved effective as of June 26, 2017. The Retention Order provided that "[t]he retention of Paul Hastings, as counsel to the Committee, shall be deemed to apply to the representation of the Committee if ever enlarged to include unsecured creditors of other debtors, without the need to obtain a modification of this Order." Accordingly, Paul Hastings' retention extends to the representation of the Committee as the official committee for the HTA, ERS, and PREPA Debtors.

4. On September 22, 2017, I submitted the *First Supplemental Declaration of Luc A. Despins Regarding Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors* [Docket No. 1357] (the "First Supplemental Declaration").

5. On February 13, 2018, I submitted the *Second Supplemental Declaration of Luc A. Despins Regarding Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors* [Docket No. 2485] (the "Second Supplemental Declaration" and, together with the Initial Declaration and the First Supplemental Declaration, the "Prior Declarations"). I hereby incorporate by reference, in their entirety, the Prior Declarations as if fully set forth herein.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Retention Application.

## Review and Disclosure of Additional Interested Parties

6.       Since filing the Second Supplemental Declaration, Paul Hastings has become aware of additional Interested Parties (collectively, the "Additional Interested Parties") in the title III cases of the Commonwealth, COFINA, ERS, HTA, and PREPA (collectively, the "Title III Cases") with which Paul Hastings was able to confirm that it has, or may have, a connection. The identities of the Additional Interested Parties are set forth on **Exhibit A** hereto and include parties that have been added to the Master Service List (as of July 25, 2018) in the jointly administered Title III Cases (*i.e.*, the Commonwealth, COFINA, ERS, HTA, and PREPA) since the filing of the Second Supplemental Declaration.[3]

7.       In preparing this Third Supplemental Declaration, I caused to be submitted for review under Paul Hastings' conflicts check system the names of the Additional Interested Parties.  The results of our conflicts check were compiled and analyzed by Paul Hastings attorneys acting under my supervision.  While certain individuals and entities may be Interested Parties in more than one capacity in the Title III Cases, *e.g.*, as a creditor in one or multiple title III cases and as a party that has filed a notice of appearance, Paul Hastings' updates do not cover changes in capacity during the course of a bankruptcy case.  Given the prior disclosure of Paul Hastings' relationship, if any, to such entities, such disclosure is not repeated here.

8.       To the extent the conflicts check searches indicated that Paul Hastings has performed services for any Additional Interested Party within the last five years, the identity of such entity and the nature of Paul Hastings' relationship with such entity are set forth in

---

[3]       To avoid duplication, entities that were included on Exhibit A to the Prior Declarations have not been included again on Exhibit A to this Third Supplemental Declaration.  Exhibit A does not include the more than 13,000 individuals that were included in the Rule 2019 statements filed on behalf of certain plaintiff groups.

**Exhibit B** hereto.  **Exhibit B** does not include relationships that Paul Hastings has with parents or affiliates of entities that were previously disclosed in the Prior Declarations.

9.      To the best of my knowledge, based on the review procedures described above, Paul Hastings does not have any "connection" to the Additional Interested Parties, except as described in the Prior Declarations or in this Third Supplemental Declaration.  Neither the term "connection," as used in Bankruptcy Rule 2014, nor the proper scope of a professional's search for "connection" has been defined; out of an abundance of caution, therefore, I am disclosing many representations that are not, to my understanding, disqualifying or problematic under PROMESA, the Bankruptcy Code, or applicable standards of professional ethics.

10.      Neither I, nor any partner, of counsel, or associate of Paul Hastings, as far as I have been able to ascertain, has any connection with any Additional Interested Party, except as set forth below or otherwise in the Prior Declarations or this Third Supplemental Declaration (including the Exhibits hereto):

(a)      Attached hereto as **Exhibit B** and incorporated herein by reference is a list of Additional Interested Parties (or their affiliates) whom Paul Hastings represents, or has represented in the past, in matters ***unrelated*** to the matters on which the Committee has retained Paul Hastings.  Although Paul Hastings has represented, currently represents, and may continue to represent certain entities and individuals listed on **Exhibit B** hereto, Paul Hastings will not represent any such entity or individual in the Title III Cases.

(b)      Each of the entities identified on **Exhibit B** hereto as a "current client" accounted for less than 1% of Paul Hastings' revenues for the firm's fiscal year ending January 31, 2018.  For the avoidance of doubt, the services performed for such entities were unrelated to the matters on which the Committee has retained Paul Hastings.

## New Hires

11.      Since filing the Second Supplemental Declaration, a number of professionals, including attorneys, summer associates, legal interns, librarians, and paralegals and legal secretaries (collectively, the "New Hires"), have joined (or will shortly join) Paul Hastings.

Except as detailed below, these New Hires neither (i) worked on matters related to the Debtors or

to Interested Parties in the Title III Cases nor (ii) were exposed to confidential information

related to the Debtors or to Interested Parties in the Title III Cases in connection with their prior

positions.  Out of an abundance of caution, Paul Hastings has, nonetheless, determined to impose

an ethical wall on certain of these New Hires, as detailed below:

     i.        <u>New Hires **_Not_** Exposed to Confidential Information in Prior Position and, Out of
an Abundance of Caution, Subject to Ethical Wall</u>

12.      In February 2018, Jarryd Cooper joined Paul Hastings' employment practice as an

associate in the firm's Los Angeles office.  Before joining Paul Hastings, Mr. Cooper was an

associate in the Los Angeles office of Reed Smith LLP ("<u>Reed Smith</u>").  Reed Smith represents

the Bank of New York Mellon ("<u>BNY</u>") in the Title III Cases.  Mr. Cooper has informed Paul

Hastings that he did not work on matters related to BNY or the Debtors and was not exposed to

confidential information related to BNY or the Debtors while he was at Reed Smith.  Out of an

abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall

between Mr. Cooper and the firm's representation of the Committee in the Title III Cases.

13.      In April 2018, Anny Pui Kwan Cheng joined Paul Hastings' corporate practice as

an associate in the firm's Hong Kong office.  From September 2013 through December 2016,

Ms. Cheng was an associate in the Hong Kong office of Cadwalader, Wickersham & Taft LLP

("<u>Cadwalader</u>").  Cadwalader represents Assured Guaranty Corp. and Assured Guaranty

Municipal Corp. (together, "<u>Assured</u>") in the Title III Cases.  Ms. Cheng has informed Paul

Hastings that she did not work on matters related to Assured or the Debtors and was not exposed

to confidential information related to Assured or the Debtors while she was at Cadwalader.

From August 2011 through August 2013, Ms. Cheng worked as a Trainee Solicitor at Reed

Smith.  Ms. Cheng has informed Paul Hastings that she did not work on matters related to BNY

or the Debtors and was not exposed to confidential information related to BNY or the Debtors while she was at Reed Smith. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. Cheng and the firm's representation of the Committee in the Title III Cases.

14.     In April 2018, Deepa Bhudia joined Paul Hastings' corporate practice as a paralegal in the firm's London office. Before joining Paul Hastings, Ms. Bhudia was a paralegal in the London office of Cadwalader. Ms. Bhudia has informed Paul Hastings that she did not work on matters related to Assured or the Debtors and was not exposed to confidential information related to Assured or the Debtors while she was at Cadwalader. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. Bhudia and the firm's representation of the Committee in the Title III Cases.

15.     In April 2018, Michael Sunkin joined Paul Hastings' corporate and real estate practice as a paralegal in the firm's London office. From June 2017 through September 2017, Mr. Sunkin worked as a paralegal and in the Summer Vacation Scheme in the London office of Dechert LLP ("Dechert"). Dechert is counsel to Peaje Investments, LLC ("Peaje") in the Title III Cases. Mr. Sunkin has informed Paul Hastings that he did not work on matters related to Peaje or the Debtors and was not exposed to confidential information related to Peaje or the Debtors while he was at Dechert. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Sunkin and the firm's representation of the Committee in the Title III Cases.

16.     In April 2018, Paul Banura joined Paul Hastings' corporate practice as a paralegal in the firm's London office. Mr. Banura was a paralegal in the London office of Proskauer Rose LLP ("Proskauer") from December 2017 through March 2018. Proskauer represents the

Oversight Board in the Title III Cases.  Mr. Banura has informed Paul Hastings that he did not

work on matters related to the Oversight Board or the Debtors and was not exposed to

confidential information related to the Oversight Board or the Debtors while he was at

Proskauer.  Mr. Banura was an intern in the London office of Weil, Gotshal & Manges LLP

("Weil Gotshal") from February 2017 through March 2017.  Weil Gotshal represents the

National Public Finance Guarantee Corp. ("NPFGC") in the Title III cases.  Mr. Banura has

informed Paul Hastings that he did not work on matters related to the NPFGC or the Debtors and

was not exposed to confidential information related to the NPFGC or the Debtors while at Weil

Gotshal.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to

impose) an ethical wall between Mr. Banura and the firm's representation of the Committee in

the Title III Cases.

17.     In May 2018, Stuart Wright joined Paul Hastings' real estate practice as an

associate in the firm's London office.  Before joining Paul Hastings, Mr. Wright was an associate

in the London office of Reed Smith.  Mr. Wright has informed Paul Hastings that he did not

work on matters related to BNY or the Debtors and was not exposed to confidential information

related to BNY or the Debtors while he was at Reed Smith.  Out of an abundance of caution,

Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Wright and

the firm's representation of the Committee in the Title III Cases.

18.     In May 2018, Joanne Wong joined Paul Hastings' corporate practice as an

associate in the firm's Hong Kong office.  From December 2014 through May 2017, Ms. Wong

was an associate in the Beijing office of Reed Smith.  Ms. Wong has informed Paul Hastings that

she did not work on matters related to BNY or the Debtors and was not exposed to confidential

information related to BNY or the Debtors while she was at Reed Smith.  Out of an abundance of

caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. Wong and the firm's representation of the Committee in the Title III Cases.

19.    In May 2018, Tess Peterson joined Paul Hastings' corporate practice as an associate in the firm's New York office.  Before joining Paul Hastings, Ms. Peterson was an associate in the Atlanta office of Holland & Knight LLP ("Holland & Knight").  Holland & Knight represents First Transit of Puerto Rico, Inc. ("First Transit") in the Title III Cases.  Ms. Peterson has informed Paul Hastings that she did not work on matters related to the Debtors and was not exposed to confidential information related to the Debtors while she was at Holland & Knight.  During the summer of 2015 and from October 2016 through February 2017, Ms. Peterson was a summer associate and an associate, respectively, in the Atlanta office of Jones Day.  Jones Day represents the ERS bondholders in the Title III Cases.  Ms. Peterson has informed Paul Hastings that she did not work on matters related to the Debtors and was not exposed to confidential information related to the Debtors while she was at Jones Day.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. Peterson and the firm's representation of the Committee in the Title III Cases.

20.    In June 2018, Joel Kwan joined Paul Hastings' corporate practice as an associate in the firm's New York office.  Before joining Paul Hastings, Mr. Kwan was a finance attorney in the Century City, CA office of DLA Piper LLP ("DLA Piper").  DLA Piper represents the ERS and the University of Puerto Rico (the "UPR") in the Title III Cases.   Mr. Kwan has informed Paul Hastings that he did not work on matters related to the ERS, the UPR, or the Debtors and was not exposed to confidential information related to the ERS, the UPR, or the Debtors while he was at DLA Piper.  Out of an abundance of caution, Paul Hastings has imposed

(and will continue to impose) an ethical wall between Mr. Kwan and the firm's representation of the Committee in the Title III Cases.

21.     In June 2018, Olga Belosludova joined Paul Hastings as a library intern in the firm's Tokyo office.  Before joining Paul Hastings, Ms. Belosludova was a research assistant in the Tokyo office of White & Case LLP ("White & Case").  White & Case represents certain junior COFINA bondholders, Doral Financial Corporation, the UBS Family of Funds, and the Puerto Rico Family of Funds in the Title III Cases.  Ms. Belosludova has informed Paul Hastings that she did not work on matters related to such parties or the Debtors and was not exposed to confidential information related to such parties or the Debtors while she was at White & Case. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. Belosludova and the firm's representation of the Committee in the Title III Cases.

22.     In June 2018, Alexandre Menager joined Paul Hastings' Paris office as a corporate legal intern.  Before joining Paul Hastings, Mr. Menager participated in a traineeship in the banking and finance department of Weil Gotshal in Paris.  Mr. Menager has informed Paul Hastings that he did not work on matters related to the NPFGC or the Debtors and was not exposed to confidential information related to the NPFGC or the Debtors while at Weil Gotshal. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Menager and the firm's representation of the Committee in the Title III Cases.

23.     In June 2018, Hugo Bodkin joined Paul Hastings' corporate practice as an associate in the Paris office.  From January 2018 to June 2018, Mr. Bodkin was an intern at Weil Gotshal in Paris.  Mr. Bodkin has informed Paul Hastings that he did not work on matters related

to the NPFGC or the Debtors and was not exposed to confidential information related to the NPFGC or the Debtors while he was at Weil Gotshal.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Bodkin and the firm's representation of the Committee in the Title III Cases.

24.     In July 2018, Christopher Edwab joined Paul Hastings' corporate practice as an associate in the firm's Century City, CA office.  Before joining Paul Hastings, Mr. Edwab was an associate in the New York office of Willkie Farr & Gallagher LLP ("Willkie Farr").  Willkie Farr represents the COFINA Agent in the Title III Cases.  Mr. Edwab has informed Paul Hastings that he did not work on matters related to the COFINA Agent or the Debtors and was not exposed to confidential information related to the COFINA Agent or the Debtors while he was at Willkie Farr. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Edwab and the firm's representation of the Committee in the Title III Cases.

25.     In July 2018, Jana FitzGerald joined Paul Hastings' employment law practice as an associate in the firm's San Francisco office.  Before joining Paul Hastings, Ms. FitzGerald was a summer associate in the New York, NY and Menlo Park, CA offices of Davis Polk & Wardwell LLP ("Davis Polk").  She also was a summer associate in the same offices of Davis Polk in the summer of 2015.  Davis Polk represents a group of Puerto Rico bondholders in the Title III Cases.  Ms. FitzGerald has informed Paul Hastings that she did not work on matters related to the Debtors and was not exposed to confidential information related to the Debtors while she was at Davis Polk.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. FitzGerald and the firm's representation of the Committee in the Title III Cases.

26.     In July 2018, Wayne Le Blanc, Jr. joined Paul Hastings' litigation practice as a paralegal in the firm's New York office.  Before joining Paul Hastings, Mr. Le Blanc was a paralegal in the New York and London offices of Kirkland & Ellis LLP ("K&E").  K&E is listed as a creditor holding one of the twenty largest unsecured claims in the Commonwealth of Puerto Rico Title III Case.  Mr. Le Blanc has informed Paul Hastings that he did not work on matters related to the Title III Cases or the Debtors and was not exposed to confidential information related to the Title III Cases or the Debtors while he was at K&E.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Le Blanc and the firm's representation of the Committee in the Title III Cases.

27.     In July 2018, Daniel Holman joined Paul Hastings' litigation practice as an associate in the Washington, D.C. office.  From July 2015 through June 2018, Mr. Holman was an associate at Allen & Overy LLP ("Allen & Overy") in Washington, D.C.  Mr. Holman has informed Paul Hastings that he did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while he was at Allen & Overy.  From February 2017 through July 2017, Mr. Holman was on secondment at Bank of America ("BOA").  Bank of America Merrill Lynch is the investment banker/financial advisor to the Commonwealth of Puerto Rico in the Title III Cases.  Mr. Holman has informed Paul Hastings that he did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while he was at BOA.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Holman and the firm's representation of the Committee in the Title III Cases.  In July 2018, Crystal Liu joined Paul Hastings' corporate practice as an associate in the firm's Hong Kong office.  Before joining Paul Hastings, Ms. Liu

was an associate in the Hong Kong office of Davis Polk.  Ms. Liu has informed Paul Hastings

that she did not work on matters related to the Debtors or the Title III Cases and was not exposed

to confidential information related to the Debtors or the Title III Cases while she was at Davis

Polk.  In 2011, Ms. Liu was a summer intern at Jones Day.  Ms. Liu has informed Paul Hastings

that she did not work on matters related to the Debtors or the Title III Cases and was not exposed

to confidential information related to the Debtors or the Title III Cases while she was at Jones

Day.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose)

an ethical wall between Ms. Liu and the firm's representation of the Committee in the Title III

Cases.

28.      In July 2018, James Razick joined Paul Hastings' litigation practice as an

associate in the Washington, D.C. office.  From October 2015 through July 2018, Mr. Razick

was an associate at Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss") in

Washington, D.C.  Paul Weiss represents an ad hoc group of GO Bondholders in the Title III

Cases.  Mr. Razick has informed Paul Hastings that he did not work on matters related to the GO

Bondholders or the Debtors and was not exposed to confidential information related to the GO

Bondholders or the Debtors while he was at Paul Weiss.  From September 2012 through

September 2015, Mr. Razick was an associate at Quinn Emanuel Urquhart & Sullivan, LLP

("Quinn Emanuel") in Washington, D.C.  Quinn Emanuel represents the COFINA Senior

Bondholders' Coalition in the Title III Cases.  Mr. Razick has informed Paul Hastings that he did

not work on matters related to the COFINA Senior Bondholders' Coalition or the Debtors and

was not exposed to confidential information related to the COFINA Senior Bondholders'

Coalition or the Debtors while he was at Quinn Emanuel.  Out of an abundance of caution, Paul

Hastings has imposed (and will continue to impose) an ethical wall between Mr. Razick and the firm's representation of the Committee in the Title III Cases.

29.     This summer, from approximately May 2018 through July 2018, Yesenia Rascon is working as a summer associate in Paul Hastings' Los Angeles office.  Ms. Rascon worked as a Sponsor for Educational Opportunity Law Fellow at the New York office of Simpson Thacher & Bartlett LLP ("Simpson Thacher") from June 2017 to July 2017.  Simpson Thacher represents Sola Ltd., Solus Opportunities Fund 5 LP, and Ultra Master Ltd. in the Title III Cases. Ms. Rascon has informed Paul Hastings that she did not work on matters related to these entities or the Debtors and was not exposed to confidential information related to these entities or the Debtors while she was at Simpson Thacher.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. Rascon and the firm's representation of the Committee in the Title III Cases.

30.     This summer, from approximately July 2018 to September 2018, Viola Li will work as a summer associate in Paul Hastings' San Francisco office.  From June 2018 to July 2018, Ms. Li is working as a summer associate in the San Francisco office of Gibson Dunn & Crutcher LLP ("Gibson Dunn").  Gibson Dunn represents Aurelius Investment, LLC, Aurelius Opportunities Fund, LLC, and Lex Claims, LLC (collectively, "Aurelius") in the Title III Cases. Out of an abundance of caution, Paul Hastings will impose an ethical wall between Ms. Li and the firm's representation of the Committee in the Title III Cases.

31.     This summer, from approximately July 2018 through August 2018, Jie Zeng will work as a summer intern in Paul Hastings' Shanghai office.  Ms. Zeng worked as a corporate intern at the Shanghai office of Hogan Lovells International LLP ("Hogan Lovells") from January 2018 through March 2018.  Hogan Lovells US LLP represents PREPA in the Title III

Cases.  Ms. Zeng has informed Paul Hastings that she did not work on matters related to the

Debtors and was not exposed to confidential information related to the Debtors while she was at

Hogan Lovells.  Out of an abundance of caution, Paul Hastings will impose an ethical wall

between Ms. Zeng and the firm's representation of the Committee in the Title III Cases.

32.     In August 2018, Lindsey Chapman will join Paul Hastings' corporate practice as

an associate in the firm's Houston office.  Before joining Paul Hastings, Ms. Chapman was an

associate in the Houston office of Bracewell LLP ("Bracewell").  Bracewell represents the

QTCB noteholder group in the Title III Cases.  Ms. Chapman has informed Paul Hastings that

she did not work on matters related to the Debtors or the Title III Cases and was not exposed to

confidential information related to the Debtors or the Title III Cases while she was at Bracewell.

Out of an abundance of caution, Paul Hastings will impose an ethical wall between Ms.

Chapman and the firm's representation of the Committee in the Title III Cases.

33.     In August 2018, Jan Huniken will join Paul Hastings' real estate practice as an

associate in the firm's Frankfurt office.  From July 2016 through July 2018, Mr. Huniken was an

associate in the Frankfurt office of Reed Smith. Mr. Huniken has informed Paul Hastings that he

did not work on matters related to the Debtors and was not exposed to confidential information

related to the Debtors while he was at Reed Smith.  In addition, from August 2015 through May

2016, Mr. Huniken worked as an associate trainee in the Frankfurt office of Dechert.  Mr.

Huniken has informed Paul Hastings that he did not work on matters related to the Debtors and

was not exposed to confidential information related to the Debtors while he was at Dechert.  Out

of an abundance of caution, Paul Hastings will impose an ethical wall between Mr. Huniken and

the firm's representation of the Committee in the Title III Cases.

34.     In August 2018, Sunhee Lee will join Paul Hastings' corporate practice as a paralegal in the firm's Los Angeles office.  From July 2002 through April 2016, Ms. Lee was a paralegal in the Los Angeles office of K&E.  Ms. Lee has informed Paul Hastings that she did not work on matters related to the Title III Cases or the Debtors and was not exposed to confidential information related to the Title III Cases or the Debtors while she was at K&E. From October 2007 through April 2012, Ms. Lee was a paralegal in the Los Angeles office of Nixon Peabody.  Out of an abundance of caution, Paul Hastings will impose an ethical wall between Ms. Lee and the firm's representation of the Committee in the Title III Cases.

35.     This fall, Daniel Rojas will join Paul Hastings' employment law practice as an associate in the firm's Los Angeles office.  From May 2015 through August 2015, Mr. Rojas was a legal intern in the Century City, CA office of O'Melveny & Myers LLP ("O'Melveny"). O'Melveny represents AAFAF in the Title III Cases.  Mr. Rojas has informed Paul Hastings that he did not work on matters related to the AAFAF or the Debtors and was not exposed to confidential information related to the AAFAF or the Debtors while he was at O'Melveny.  Out of an abundance of caution, Paul Hastings will impose an ethical wall between Mr. Rojas and the firm's representation of the Committee in the Title III Cases.

36.     In January 2019, Paul Cauchin will join Paul Hastings' tax practice as a legal intern in the firm's Paris office.  From July 2016 through August 2016, Mr. Cauchin was a legal intern in the Paris office of White & Case.  Mr. Cauchin has informed Paul Hastings that he did not work on matters related to the COFINA bondholders, Doral Financial Corporation, the UBS Family of Funds, the Puerto Rico Family of Funds, or the Debtors and was not exposed to confidential information related to such parties or the Debtors while he was at White & Case.

Out of an abundance of caution, Paul Hastings will impose an ethical wall between Mr. Cauchin

and the firm's representation of the Committee in the Title III Cases.

  ii.  <u>New Hires *Not* Exposed to Confidential Information in Prior Position and *Not*
<span style="margin-left:4em"></span>Subject to Ethical Wall</u>

  37.  In April 2018, Guillermo Castellanos joined Paul Hastings' corporate practice as

an associate in the firm's New York office.  From September 2015 through December 2016, Mr.

Castellanos worked as an international associate in the New York office of Debevoise &

Plimpton LLP ("<u>Debevoise</u>").  Debevoise is counsel to Syncora Capital Assurance, Inc.

("<u>Syncora</u>") in the Title III Cases.  Mr. Castellanos has informed Paul Hastings that he did not

work on matters related to Syncora or the Debtors and was not exposed to confidential

information related to Syncora or the Debtors while he was at Debevoise.

  38.  In April 2018, Stuart McCommas joined Paul Hastings' litigation practice as an

associate in the firm's Washington, D.C. office.  Before joining Paul Hastings, Mr. McCommas

worked as a Deputy Associate Counsel to the President in the White House Counsel's Office.

Mr. McCommas has informed Paul Hastings that he did not work on matters related to the

Debtors or the Title III Cases and was not exposed to confidential information related to the

Debtors or the Title III Cases while he was at the White House Counsel's Office.

  39.  In April 2018, Patricia O'Donnell joined Paul Hastings' corporate practice as an

Of Counsel in the firm's New York office.  Before joining Paul Hastings, Ms. O'Donnell was an

associate at Reed Smith.  Ms. O'Donnell has informed Paul Hastings that she did not work on

matters related to BNY or the Debtors and was not exposed to confidential information related to

BNY or the Debtors while she was at Reed Smith.

  40.  In May 2018, Andy Kim joined Paul Hastings' Los Angeles (and subsequently

San Francisco) office as a project manager in the area of data science, analysis, and investigation.

From July 2016 through September 2016, Mr. Kim was a project manager at the Century City, CA office of McDermott Will & Emery ("McDermott").  McDermott represents Goldman Sachs Asset Management, LP ("Goldman Sachs") in the Title III Cases.  Mr. Kim informed Paul Hastings that he did not work on matters related to Goldman Sachs or the Debtors and was not exposed to confidential information related to Goldman Sachs or the Debtors while he was at McDermott.

41.     In May 2018, Shelisha Steele joined Paul Hastings' Knowledge Management Department as a due diligence attorney in the firm's Atlanta office.  From March 2016 to August 2017, Ms. Steele was an associate in the Atlanta office of DLA Piper.  Ms. Steele has informed Paul Hastings that she did not work on matters related to the Debtors and was not exposed to confidential information related to the Debtors while she was at DLA Piper.

42.     In May 2018, Terence Cheuk Lun Siu joined Paul Hastings' corporate practice as an associate in the firm's Hong Kong office.  From August 2010 to August 2012, Mr. Siu worked as a Trainee Solicitor in the Hong Kong office of Reed Smith.  Mr. Siu has informed Paul Hastings that he did not work on matters related to BNY or the Debtors and was not exposed to confidential information related to BNY or the Debtors while he was at Reed Smith.

43.     In May 2018, Mayuko Uchiyama joined Paul Hastings as a litigation paralegal in the firm's Tokyo office.  Before joining Paul Hastings, Ms. Uchiyama was a legal secretary in the Tokyo office of Milbank, Tweed, Hadley & McCloy LLP ("Milbank").  Milbank represents Ambac Assurance Corporation ("Ambac") in the Title III Cases.  Ms. Uchiyama has informed Paul Hastings that she did not work on matters related to the Debtors and was not exposed to confidential information related to the Debtors while she was at Milbank.

44.     In May 2018, Yifan Zhu joined Paul Hastings as a summer intern in the firm's
Shanghai office.  Mr. Zhu worked as a business analyst intern at the Shanghai office of
McKinsey & Co. ("McKinsey") from May 2015 through July 2015.  McKinsey provides
consulting services to the Oversight Board in the Title III Cases.  Mr. Zhu has informed Paul
Hastings that he did not work on matters related to the Debtors and was not exposed to
confidential information related to the Debtors while he was at McKinsey.

45.     In June 2018, Magdalena Oropeza started as a Ronald H. Brown Law School Prep
Program Intern in Paul Hastings' New York office.  While she assisted with hurricane relief
efforts in Puerto Rico and worked with the ACLU of Puerto Rico, Ms. Oropeza has informed
Paul Hastings that she did not work on matters related to the Debtors or the Title III Cases and
was not exposed to confidential information related to the Debtors or the Title III Cases.

46.     In June 2018, Haylee Yang joined Paul Hastings' Los Angeles office as a project
administrator.  From August 2015 through July 2017, Ms. Yang was a legal assistant and a client
services assistant in the Washington, D.C. office of McDermott.  Ms. Yang informed Paul
Hastings that she did not work on matters related to Goldman Sachs or the Debtors and was not
exposed to confidential information related to Goldman Sachs or the Debtors while she was at
McDermott.

47.     In July 2018, Alexander Shapos joined Paul Hastings' corporate practice as an
associate in the New York office.  From September 2014 to December 2014, Mr. Shapos was a
Fall Honors Intern at the Securities and Exchange Commission (the "SEC") in New York.  Mr.
Shapos has informed Paul Hastings that he did not work on matters related to the Debtors or the
Title III Cases and was not exposed to confidential information related to the Debtors or the Title
III Cases while he was at the SEC.

48.     In July 2018, Lindsay Arrieta joined Paul Hastings' litigation practice as an associate in the Washington, D.C. office.  From May 2014 to November 2014, Ms. Arrieta was a legal intern at the SEC, Division of Enforcement & Office of International Affairs, in Washington, D.C.  Ms. Arrieta has informed Paul Hastings that she did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while she was at the SEC.  From August 2015 to February 2017, Ms. Arrieta was a compliance associate at Citibank, N.A. ("Citibank") in New York.  Citibank Global Markets is the financial advisor to the Oversight Board in the Title III Cases.  Ms. Arrieta has informed Paul Hastings that she did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while she was at Citibank.

49.     In July 2018, Sascha Georgen joined Paul Hastings' litigation practice as a contract attorney in the New York office.  From September 2016 through March 2017, Ms. Georgen was a contract attorney at Jenner & Block LLP ("Jenner").  Jenner represents the Official Committee of Retired Employees of the Commonwealth of Puerto Rico in the Title III Cases.  Ms. Georgen has informed Paul Hastings that she did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while she was at Jenner.

50.     In July 2018, Owen Bergwall joined Paul Hastings as a project specialist in data science, analysis and investigation in the firm's Washington, D.C. office.  From May 2008 through January 2011, Mr. Bergwall was a technical e-discovery analyst in the Washington, D.C. office of Morrison & Foerster LLP.  Morrison & Foerster is counsel to an ad hoc group of certain holders of Government Facilities Revenue Bonds and Government Facilities Revenue Refunding

Bonds.  Mr. Bergwall has informed Paul Hastings that he did not work on matters related to the Title III Cases or the Debtors and was not exposed to confidential information related to the Title III Cases or the Debtors while he was at Morrison & Foerster.

51.     This summer, from approximately May 2018 through July 2018, Arielle Dragon is working as a summer associate in Paul Hastings' New York office.  Ms. Dragon was a legal intern at the SEC, Division of Enforcement, in Washington, D.C. from August 2017 through November 2017, and a legal intern at the SEC, Office of Compliance, Inspections, and Examinations, in Washington, D.C. from May 2017 through July 2017.  Ms. Dragon has informed Paul Hastings that she did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while she was at the SEC.

52.     This summer, from approximately May 2018 through July 2018, Kyle Birnbaum is working as a summer associate in Paul Hastings' New York office.  Mr. Birnbaum was an honors intern at the SEC, Division of Investment Management, in Washington, D.C. from January 2018 through March 2018.  Mr. Birnbaum has informed Paul Hastings that he did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while he was at the SEC.

53.     This summer, from approximately May 2018 through July 2018, Surur Fatema Yonce is working as a summer associate in Paul Hastings' Washington, D.C. office.  Ms. Yonce was a summer associate in the Washington, D.C. office of McDermott from June 2017 to August 2017.  Ms. Yonce has informed Paul Hastings that she did not work on matters related to Goldman Sachs or the Debtors and was not exposed to confidential information related to Goldman Sachs or the Debtors while she was at McDermott.

54.     This summer, from approximately May 2018 through July 2018, Eric Barros is working as a summer associate in Paul Hastings' Houston office.  Mr. Barros was a legal intern in the Office of the General Counsel, Office of the Chief Counsel for Industry and Security for the U.S. Department of Commerce, in Washington, D.C. from September 2017 through December 2017.  Mr. Barros has informed Paul Hastings that he did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while he was at the Department of Commerce.

55.     This summer, from approximately May 2018 through July 2018, Lauren Baumgartner is working as a summer associate in Paul Hastings' New York office.  Ms. Baumgartner was an extern in the Office of Chief Counsel for the Internal Revenue Service (the "IRS") in Washington, D.C. from May 2017 through July 2017.  Ms. Baumgartner has informed Paul Hastings that she did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while she was at the IRS.

56.     In August 2018, Annie Pan will join Paul Hastings' real estate practice as a China associate in the firm's Shanghai office.  From September 2013 through September 2015, Ms. Pan was an associate in the Shanghai office of DLA Piper.  Ms. Pan has informed Paul Hastings that she did not work on matters related to the ERS, the UPR, or the Debtors and was not exposed to confidential information related to the ERS, the UPR, or the Debtors while she was at DLA Piper.

57.     This fall, Alicia Cho will join Paul Hastings' corporate practice as an associate in the New York office.  From May 2016 to July 2016, Ms. Cho was a summer legal intern at the SEC, Division of Enforcement, in New York.  Ms. Cho has informed Paul Hastings that she did

not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while she was at the SEC.

58.     In January 2019, Thomas Beulaygue will join Paul Hastings' corporate practice as a legal intern in the firm's Paris office.  From July 2018 through November 2018, Mr. Beulaygue will work as a legal intern in the Paris office of Shearman & Sterling LLP ("Shearman & Sterling"), which represents EcoEléctrica, L.P. in the Title III Cases.  Mr. Beulaygue has been asked to refrain from working on matters related to EcoElectrica or the Debtors while he is at Shearman & Sterling.

iii.     Other New Hires

59.     In July 2018, Katherine Rookard joined Paul Hastings' corporate practice as an associate in the firm's Washington, D.C. office.  Before joining Paul Hastings, Ms. Rookard was an associate in the New York office of Milbank.  Ms. Rookard has informed Paul Hastings that she performed certain legal research totaling approximately 29 hours for Ambac in connection with the Title III Cases.  She further informed Paul Hastings that she had no direct contact with Ambac employees while at Milbank, did not participate in or observe any meetings or teleconferences with Ambac employees, and has no specific recollection of any confidential information relating to Ambac or its participation in the Title III Cases.  Per an agreement between Paul Hastings and Ambac, Ms. Rookard may work on Committee matters at Paul Hastings, subject to the following: (a) Ms. Rookard may not be involved in representing or advising the Committee against Ambac in connection with any matters in the Title III Cases in which the Committee has taken or in the future takes a position directly adverse to Ambac's unique interests, and (b) Ms. Rookard may not be involved in representing or advising the Committee against Ambac in connection with any legal issue within the Title III Cases on which she performed substantive work for Ambac while at Milbank, which issues consist exclusively of

research relating to 11 U.S.C. § 922 and research relating to the procedural elements of an interpleader action.

### **Miscellaneous**

60.     This summer, from approximately June 2018 to August 2018, Genevieve Abele is working as a summer analyst in the New York office of Goldman Sachs.  Ms. Abele is the daughter of two Paul Hastings attorneys in the Los Angeles office, one of whom, Katherine Traxler, is involved in representing the Committee.  As set forth in the Retention Application, Paul Hastings has strict policies against disclosing confidential information to anyone outside of the firm, including spouses, parents, children, siblings, fiancés, and fiancées.

* * *

61.     Based on the foregoing and the Prior Declarations, and except as provided herein and in the Prior Declarations, to the best of my knowledge, information, and belief formed after reasonable inquiry, Paul Hastings does not represent or hold any interest adverse to the Committee with respect to the matters on which the Committee has employed Paul Hastings, and Paul Hastings is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code (made applicable by PROMESA section 301(a)) in that Paul Hastings:

(a)     is not a creditor, equity security holder, or insider of the Debtors;

(b)     is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

(c)     does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

62.     Despite the efforts described above to identify and disclose Paul Hastings' connections with parties in interest in the Title III Cases, Paul Hastings is unable to state with certainty that every client representation or other connection has been disclosed.  In this regard,

23

if Paul Hastings discovers additional information that requires disclosure, Paul Hastings will file

a supplemental disclosure with the Court.


      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Executed this 27th day of July, 2018

                                             */s/ Luc A. Despins*
                                             Luc A. Despins