**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO *et al.* | **Re: Dkt. 3503** |
| Debtors.[1] | |

**URGENT JOINT MOTION OF AURELIUS, THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, AND THE UNITED STATES REQUESTING CERTIFICATION OF THIS COURT'S JULY 13, 2018 OPINION AND ORDER FOR IMMEDIATE APPEAL PURSUANT TO 48 U.S.C. § 2166(e)(3)–(4)**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Aurelius Investment, LLC, Aurelius Opportunities Fund, LLC, and Lex Claims, LLC ("Aurelius"), the Financial Oversight and Management Board ("the "Board"), and the United States, jointly state as follows:

1. On July 13, 2018, this Court issued an Opinion and Order ("Order") denying Aurelius's *Objection and Motion of Aurelius to Dismiss Title III Petition*, Dkt. 913 ("Motion to Dismiss"), on the ground that the Board is a territorial entity whose members need not be appointed in conformity with the Appointments Clause of the United States Constitution. *See* Order, Dkt. 3503. In the same Order, the Court denied Aurelius's *Motion for Relief from the Automatic Stay to Pursue Injunctive and Declaratory Relief*, Dkt. 914 (the "Stay Relief Motion"), for the same reasons.

2. On July 17, 2018, Aurelius filed a notice of appeal of this Court's Order to the United States Court of Appeals for the First Circuit. Dkt. 3594. Aurelius believes that both this Court's denial of Aurelius's Motion to Dismiss and this Court's denial of Aurelius's Stay Relief Motion are final orders appealable as of right under 28 U.S.C. § 1291, while the Board and the United States believe that this Court's Order is a non-final, interlocutory order not subject to immediate appeal as of right. Because it is in the interests of all parties to these proceedings—and to the people of Puerto Rico—that the constitutional issues at the heart of Aurelius's motions be definitively resolved, Aurelius, the Board, and the United States hereby respectfully request that this Court certify its Order for immediate interlocutory appeal to the First Circuit under 48 U.S.C. § 2166(e)(3)(A).

3. The Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") itself contemplates that parties may appeal immediately from interlocutory decisions. PROMESA provides that an interlocutory order or decree in a Title III proceeding is immediate-

ly appealable if it: (1) "involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States," 48 U.S.C. § 2166(e)(3)(A)(i); (2) "involves a matter of public importance," *id.*; (3) "involves a question of law requiring the resolution of conflicting decisions," *id.* § 2166(e)(3)(A)(ii); *or* (4) "may materially advance the progress of the case or proceeding," *id.* § 2166(e)(3)(A)(iii). PROMESA directs that if a district court finds that *any* of these circumstances exist, the court "shall" certify the order for immediate appeal. *Id.* § 2166(e)(4). The Order satisfies all of these grounds.

4. *First*, there is substantial disagreement over whether the central issue that Aurelius has raised in its Motion to Dismiss—*i.e.*, whether PROMESA's provisions for appointing the Board's members are unconstitutional—is governed by controlling Supreme Court precedent. Aurelius maintains that *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044, 2047–48, 2052 (2018), *Metropolitan Washington Airports Authority v. Citizens for Abatement of Aircraft Noise, Inc.*, 501 U.S. 252, 270 (1991) ("*MWAA*"), as well as other Supreme Court precedent, compel the conclusion that the Board is a federal entity whose members were appointed in violation of the Appointments Clause. This Court has disagreed, and has declined to apply *Lucia* or *MWAA* in this case. *See* Order at 16 n.11, 33 n.17. Accordingly, there is at least a substantial dispute as to whether controlling Supreme Court precedent governs Aurelius's Motion to Dismiss.

5. *Second*, this Court's Order unquestionably involves a matter of public importance. 48 U.S.C. § 2166(e)(3)(A)(i). The Board is a primary actor in the largest municipal bankruptcy in history and it wields significant powers that affect the daily lives of the people of the Commonwealth of Puerto Rico. The legality of the Board members' appointments is undeniably a question of public importance that merits resolution through an immediate appeal.

3

6. *Third*, the Court's Order "involves a question of law requiring the resolution of conflicting decisions." 48 U.S.C. § 2166(e)(3)(A)(ii). Aurelius has argued that, under *Lucia*, *MWAA*, *Buckley v. Valeo*, 424 U.S. 1, 126 (1976), *Freytag v. Commissioner*, 501 U.S. 868, 892 (1991), and *Edmond v. United States*, 520 U.S. 651, 659 (1997), a government official who "exercis[es] significant authority pursuant to the laws of the United States" and is accountable only to the President must be nominated by the President and confirmed by the Senate. But the Opposing Parties have argued that the Board is properly structured under a line of authority recognizing Congress's "plenary power . . . under the Constitution over the territories of the United States." U.S. Br. 8 (quoting *El Paso & N.E. Ry. Co. v. Gutierrez*, 215 U.S. 87, 93 (1909)); *see also* Board Opp. 24 n.13 (invoking the "the line of decisions holding that with respect to *all* territories, Congress had plenary discretion to structure territorial governments as it saw fit, unconstrained by the Constitution's separation-of-powers provisions"). This Court has agreed with the Opposing Parties, concluding that "the Oversight Board is an instrumentality of the territory of Puerto Rico, established pursuant to Congress's plenary powers under Article IV of the Constitution, that its members are not 'Officers of the United States' who must be appointed pursuant to the mechanism established for such officers by Article II of the Constitution." Order at 34. Moreover, on the same day that this Court held that "the Oversight Board is an instrumentality of the territory of Puerto Rico" and "that its members are not "Officers of the United States,'" Dkt. 3503, at 34, the Court of Federal Claims held that the Oversight Board "is an entity of the Federal Government" under *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374 (1995), and its members are "federal civil officials" under *Lucia* and *Freytag*. *Altair Glob. Credit Opportunities Fund (A), LLC v. United States*, --- Fed. Cl. ---, No. 17-970C, 2018 WL 3425051, at *15–*19 (Fed. Cl. July 13, 2018).

4

7. *Fourth*, immediate appellate review will materially advance the progress of this Title III proceeding and, ultimately, Puerto Rico's return to fiscal health. *See* 48 U.S.C. § 2166(e)(3)(A)(iii). The sooner this important issue can be resolved, the better for all interested parties.

8. For the foregoing reasons, Aurelius, the Board, and the United States respectfully request that this Court grant this Urgent Motion and certify the Order for immediate appeal to the First Circuit.

9. Counsel for the Board contacted each of the other parties that filed briefs opposing Aurelius's motion to dismiss: Puerto Rico Fiscal Agency and Financial Advisory Authority; American Federation of State, County and Municipal Employees; Official Committee of Retired Employees of Puerto Rico; Official Committee of Unsecured Creditors; and COFINA Senior Bondholders' Coalition. None of these parties oppose the relief requested by this motion.

10. A proposed order is attached as Exhibit A.

Dated: July 27, 2018

Respectfully submitted,

 /s/ Luis A. Oliver-Fraticelli

Luis A. Oliver-Fraticelli
Lourdes Arroyo-Portela
Katarina Stipec-Rubio
USDC-PR Bar Nos. 209204,
226501, & 206611
ADSUAR MUÑIZ GOYCO SEDA &
    PÉREZ-OCHOA PSC
208 Ponce de Leon Ave., Suite 1600
San Juan, P.R. 00918
Phone: (787) 756-9000
Fax: (787) 756-9010
Email: loliver@amgprlaw.com
larroyo@amgprlaw.com
kstipec@amgprlaw.com

 /s/ Theodore B. Olson

Theodore B. Olson (*pro hac vice*)
Matthew D. McGill (*pro hac vice*)
Helgi C. Walker (*pro hac vice*)
Lucas C. Townsend (*pro hac vice*)
Lochlan F. Shelfer (*pro hac vice*)
Jeremy M. Christiansen (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 955-8500
Fax: (202) 467-0539
Email: tolson@gibsondunn.com
mmcgill@gibsondunn.com
hwalker@gibsondunn.com
ltownsend@gibsondunn.com
lshelfer@gibsondunn.com
jchristiansen@gibsondunn.com

*Counsel for Aurelius*

/s/ Hermann D. Bauer

Hermann D. Bauer
USDC No. 215205
Ubaldo M. Fernández
USDC No. 224807
O'NEILL & BORGES LLC
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com
ubaldo.fernandez@oneillborges.com

/s/ Donald B. Verrilli, Jr.

Donald B. Verrilli, Jr. (pro hac vice)
Ginger D. Anders (pro hac vice)
Chad I. Golder (pro hac vice)
Sarah G. Boyce (pro hac vice)
MUNGER, TOLLES & OLSON LLP
1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
Tel: (202) 220-1100
Fax: (202) 220-2300
Email: Donald.Verrilli@mto.com
Ginger.Anders@mto.com
Chad.Golder@mto.com
Sarah.Boyce@mto.com

*Counsel for the Financial Oversight and Management Board*

6

THOMAS G. WARD
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Branch Director

/s/ *Jean Lin*
JEAN LIN (USDC-PR No. G02514)
Special Counsel
CESAR A. LOPEZ-MORALES
(USDC-PR No. G02704)
Trial Attorney
U.S. Department of Justice, Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
(202) 514-3716 (office)
(202) 616-8202 (fax)
Jean.lin@usdoj.gov

*Counsel for the United States*

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (pro hac vice)
Stephen L. Ratner (pro hac vice)
Timothy W. Mungovan (pro hac vice)
Mark D. Harris (pro hac vice)
Chantel L. Febus (pro hac vice)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
sratner@proskauer.com
tmungovan@proskauer.com
mharris@proskauer.com
cfebus@proskauer.com

*Counsel for the Financial Oversight and Management Board*

7

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.*<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### ORDER GRANTING URGENT JOINT MOTION OF AURELIUS, THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, AND THE UNITED STATES REQUESTING CERTIFICATION OF THIS COURT'S JULY 13, 2018 OPINION AND ORDER FOR IMMEDIATE APPEAL PURSUANT TO 48 U.S.C. § 2166(e)(3)–(4)

Upon the *Urgent Joint Motion for Leave to File Notice of Appeal* (the "Urgent Motion"), and any objections being overruled, it is **HEREBY ORDERED THAT**:

1. The Urgent Motion is granted.

2. Pursuant to 48 U.S.C. § 2166(e)(3)–(4), and for the reasons set forth in the Urgent Motion, this Court hereby certifies its July 13, 2018 *Opinion and Order Denying the Aurelius*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Motions to Dismiss the Title III Petition and for Relief from the Automatic Stay*, Dkt. 3503 (the "Order") for immediate appeal to the United States Court of Appeals for the First Circuit.

    3. In support of this certification, the Court finds that:

        (i) the Order involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, and involves a matter of public importance, *see* 48 U.S.C. § 2166(e)(3)(A)(i), namely: Whether this Title III proceeding should be dismissed because the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") authorizes the appointment of members of the Financial Oversight and Management Board for Puerto Rico (the "Board") in a manner that violates the United States Constitution;

        (ii) the Order involves a question of law requiring the resolution of conflicting decisions, *see* 48 U.S.C. § 2166(e)(3)(A)(ii); and

        (iii) an immediate appeal from the Order may materially advance the progress of this proceeding, *see* 48 U.S.C. § 2166(e)(3)(A)(iii).

    4. Aurelius is given permission to appeal this Court's July 13, 2018 Order. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

SO ORDERED.

Dated: _____  
San Juan, Puerto Rico

                                                                     _____  
                                                                      LAURA TAYLOR SWAIN  
                                                                      United States District Judge