# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>**THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO**<br><br>as representative of<br><br>**THE COMMONWEALTH OF PUERTO RICO, et al**<br><br>Debtors | PROMESA<br><br>Title III<br><br>No. 17 BK 3283-LTS |

### REPLY TO OBJECTION TO MOTION FOR RELIEF FROM STAY IN *ARES ET AL V. SECRETARY OF LABOR*

**TO THE HONORABLE JUDGE LAURA TAYLOR SWAIN:**

**NOW COME ALL PETITIONERS** in the *Mandamus* case of *Ares et al v. Secretario del Trabajo, Civ. No. SJ2017CV02280,* seventeen (17) long-time employees of the Department of Labor of the Commonwealth of Puerto Rico[1] who have been denied their right to an early retirement which would represent a savings for the Government of Puerto Rico*,* and respectfully present this brief Reply to the Objections by the Government of Puerto Rico to petitioners' Motion for Relief from the Stay**.** *Docket No*. *3691.*

The petitioners will not repeat herein the arguments they made in their May 30, 2018 Motion for Relief from the Stay, at Docket No. 3181. They re-affirm the contentions made therein and re-incorporate them in this filing. The focus of the current filing, rather, is to draw the court's attention

---

[1] The Petitioners in the *Mandamus* petition are: Gilberto Ares Candelaria; Nilda P. Barbosa Rodriguez; Ana E. Collazo Guzmán; Arnaldo Colón Colón; Melvin Colón Vélez, Angel L. De Jesús Fernández; Maribel García Cruz; Carlos González Juarbe; Marilyn Hernández Santiago; Carmen D. López Hernández; Tomás Montañez Rosado; Julia T. Pena De Jesús; Evelyn Pratts Collazo; Norma I. Rivera Nieves; Edna Sáez Sánchez; Manuel F. Sánchez Incle and Juan D. Sierra Ortega**.**

to certain flaws in the Government's Objections at Docket No. 3691.

It is respectfully requested that in acting upon the request for relief from the Stay, this court consider the following:

1. The Government's Objections treat the *Ares* case as if it were a run-of-the-mill damage action by creditors who now seek avoid the burdens placed on all those to whom the Commonwealth of Puerto Rico owes debts. This is plainly a mis-characterization of the nature of the litigation presented by these 17 government employees.

2. This is not case involving a group of petitioners who, like all other such creditors in Puerto Rico, must await their turn in these Title III proceedings. The petitioners are **not** requesting the Government to pay them monies owed on a debt. Rather, they are requesting that the Government allow them to retire, as provided in the referenced "pre-retirement" Law 211-15. The petitioners are not asking the Government for money; rather they are asking the Puerto Rico Extraordinary Remedies Court to oblige a government official to comply with his ministerial duty.

3. Contrary to the Government's contention regarding *Sonnax* factor number 4,[2] the petitioners have indeed taken their concerns to a specialized court. The San Juan Judicial Courtroom for Extraordinary Remedies, on a daily basis, attends to cases requesting the Government to comply with its obligations, often through injunction or *mandamus* actions. This is a courtroom which rarely, if indeed ever, orders the Government to make disbursements of money. Rather, in its daily work attending to *mandamus* petitions, the Extraordinary Remedies Court handles matters requiring the analysis of ministerial duty and the Government's lack of compliance thereof.

4. Notwithstanding its Title III filing, the Government of Puerto Rico is still in operation.

---

[2] *Sonnix Indus. Inc v. TriComponent Prods. Corp.*, 907 F.2d 1280 (2nd Cir., 1990).

It still must comply with its administrative obligations, including those it owes to its current public employees, because it remains a **functioning government.** The debt adjustment process is really inapposite in the context of this particular case.

5. It is also worthy of note that the Court of Extraordinary Remedies in San Juan typically resolves cases **very rapidly**. Deadlines are very short and hearings are held quickly. Oftentimes, the remedy is swift and agreed to by the parties. Discovery is rarely had, since the issues are primarily legal in nature — Did the Government comply with its obligations under the law or not? A case filed in the Court of Extraordinary remedies requesting *mandamus* relief is often settled or resolved within a question of weeks.

6. The Government's description of both the **nature of the claims** in this case and the purported **reasons** for the Government action removing these 17 employees from the approved list of eligible employees is decidedly misleading. In this respect, the petitioners request this court to consider the following:

- It is plainly incorrect to characterize the petitioners as if they were mere "applicants" for a government benefit, as posited by the Government. The facts, as laid out in great detail in the *Mandamus* petition filed by the seventeen employees, belie any such contention. These 17 employees were *selected* for the program, based on a rigorous process involving three separate Government agencies, which analyzed not only their individual eligibility, but also the **savings** their departure meant for the Government.
- After the approval of Law 211 in 2015, the Department of Labor went through an extensive and rigorous process of deciding which of its employees were eligible for participation in the program. It certified the petitioners as eligible for participation,

3

    since their positions were not considered essential and their pre-retirement represented a **net savings** economically for the Government.

- The Department of Labor included the specific names of these 17 individuals (and 121 other long-term employees) to the Retirement System of Puerto Rico and to the Commonwealth Office of Budget and Management, both of which engaged in an analysis which approved the participation of these particular 17 employees in the program. The three government agencies all agreed that the participation of these employees in the pre-retirement program would be of an economic **benefit** to the Government.

- All of the above took place before the outgoing Secretary of Labor, days before the change in administration, in violation of its ministerial duty, decided that others should be destined for the program, rather than the employees who were previously certified.[3]

- In its Objection to the requested relief from the Stay, the Government also makes unsubstantiated assertions about the **merits** of this case, claiming an economic basis as the reason for the Government hasty decision at the end of 2016 to deprive these 17 employees of the benefits of the law for which they had previously been certified. The record in this case is absolutely devoid of any evidence that the denial of Petitioner's participation in the Pre-Retirement Program "was for economic reasons" or that the Department of Labor did not allow Movants to participate in the program because of

---

[3] In fact, as noted in the initial Motion for Relief from the Stay, it was only upon the issuance of the Order to the Government by the Extraordinary Remedies Court, requiring it to produce the documents on the basis of which these 17 persons were denied participation that the Government unsuccessfully sought appellate review. It was only after the appellate petition was denied that the Government gave notice of the stay under the Title III provisions.

such concerns. *Objection to Relief From Stay, Docket No. 3691, at pages 1 and 2.* In point of fact, three Government agencies already determined that the participation of these 17 specific individuals in the program would represent a net savings for the Government, not an increased expenditure.

- The 17 employees were **certified** by the Department of Labor as participants in the program, only to be denied that participation in the waning days of the previous administration of the Commonwealth Government, an act carried out by the former Secretary of Labor in violation of his ministerial duties. Three Government agencies had already determined that these employees would be part of the roster of over 138 Department of Labor employees allowed to retire early pursuant to Law 211. The Secretary of Labor did not have the unilateral authority to act in a way counter to his own actions, as well as those of the Retirement System and those of the Office of Management and Budget.

7. Nor is the Government correct in its assertion at Docket No. 3691, page 3, footnote number 4, that the granting of the *mandamus* relief requested would deplete Government coffers. In fact, just the opposite is true. By forcing the seventeen to **remain** in Government Service, the Department of Labor continues to pay them a full 100% of their salaries (rather than the 60% which it would have paid them for two years had they actually participated in the program.) To this day, the Government of Puerto Rico continues to make contributions to Social Security and Medicare and continues to pay health insurance for these employees, exactly to the same degree as it would have had these employees retired as promised. On the other hand, liquidation of employees' accumulated leave would take place whenever these employees retired from Government service, through pre-

5

retirement pursuant to Law 211 or through any other retirement program or benefit.

8. The Government also over-states the nature of the Litigation. In its Reply, the Government envisions a complex Litigation on petitioners' claims, involving such time-consuming tasks as "conducting discovery, attending the pretrial hearing, preparation and filing of the pretrial report, and the ensuing trial." *Docket 3961, page 10.* This is a far cry from the reality of *mandamus* litigation in the Extraordinary Remedies Court. In point of fact, the petitioner's Litigation is not "likely to take a significant amount of time." *Id, page 14.*

9. Had the Government not forced the Stay upon the Extraordinary Remedies Court, it would have simply complied with the order of the court, answered the complaint and produced whatever documentary evidence to support what plaintiffs claim is the arbitrary action of an outgoing Secretary of Labor in December of 2016. Applying the law to the admitted documentary evidence, which is undisputed, the case would have moved forward to a quick conclusion, and the seventeen employees would now have the certainty about their futures they currently lack.

10. By the same token, the Government overstates the "time and resources" which would have to be employed by the Government in this Litigation "that would otherwise be spent in resolution of the [Title III] case." *ID.* This is a knee-jerk application of language which may be appropriate to other litigation, but which certainly does not apply to the case at hand.

11. The Government is also incorrect in its assessment of the dangers of allowing this case to proceed to litigation. If the Stay is lifted, there certainly will be no opening of the floodgates, as implied by the Government at paragraph 20 of its Objections at Docket No. 3691. The claim before the Extraordinary Remedies Court in San Juan is not a claim for a debt owed by the Government. It is, rather, a plea to force the Government to keep its word and to act according to the duties the

law imposes. The granting of the relief requested will certainly not "encourage other creidtors to seek similar relief," or result in "carte blanche" to litigate a host of other claims. This case is unique; the remedies requested are specific to the case of public employees denied the right to retire at a particular date (after three agencies certified not only eligibility, but a benefit to the Government) - no more and no less.

12. Nor will the resolution of the restructuring and recovery efforts before this court offer relief for these petitioners. *See, Docket No. 3961, page 14.* Plainly, this is not a case of "postponing hardship" for a later day. The seventeen petitioners are **current** government employees. Each and every one of the seventeen currently has his or her life in limbo. These employees made plans based on the law, their selection by the agency, the agencies' analysis of the cost of their retirement, and the promises made to them. The seventeen petitioners are currently receiving government salaries; if allowed to retire as promised, they would receive **less** not more.

13. The hardship is being felt today. There is no later monetary remedy – be it full payment of retirement benefits, or partial payment thereof pursuant to debt adjustment – which can offer them the relief they seek in the litigation.

14. In short, we are talking about a Litigation for which there is a quick and effective remedy in a specialized court in Puerto Rico, the favorable disposition of which would represent a savings to the Commonwealth, and which does not imply great expense to the government. The ongoing hardship to the individual petitioners is great; the burden to the Government is negligible, if it exists at all. The applicable factors, including in particular, the impact of the stay on the parties, and the balance of harms, clearly weigh in favor of allowing the Stay to be lifted.

In light of the foregoing, it is respectfully requested that this Honorable Court enter an Order

lifting the stay in order to have the Litigation proceed in the Extraordinary Remedies Courtroom of the San Juan Superior Court, to judgment declaring the rights of the parties and if appropriate, to ordering the Secretary of Labor to comply with his ministerial duties.

WHEREFORE, the Petitioners Gilberto Ares Candelaria, Nilda P. Barbosa Rodriguez, Ana E. Collazo Guzmán, Arnaldo Colón Colón, Melvin Colón Vélez, Angel L. De Jesús Fernández, Maribel García Cruz, Carlos González Juarbe, Marilyn Hernández Santiago, Carmen D. López Hernández, Tomás Montañez Rosado, Julia T. Pena De Jesús, Evelyn Pratts Collazo, Norma I. Rivera Nieves, Edna Sáez Sánchez, Manuel F. Sánchez Incle and Juan D. Sierra Ortega respectfully requests that this court enter an Order vacating the PROMESA stay issued by the Superior Court in the case of *Ares et al v. Secretario del Trabajo, Civ. No. SJ2017CV02280.*

Respectfully submitted in San Juan, Puerto Rico this 30th day of July, 2018.

**Berkan/Mendez**
O'Neill St. G-11
San Juan, P.R. 00918-2301
Tel. (787) 764-0814;Fax (787) 250-0986
bermen@prtc.net

By: /s/ JUDITH BERKAN
 USDC No.200803
 berkanj@microjuris.com

**CERTIFICATION**: This is to certify that this motion is being submitted through the ECF filing system, which will automatically notify all counsel of record. I am also sending a copy of this Motion to the attorneys for the Secretary of Labor, Gina Jové Matos and Susanne B. Lugo Hernández, as well as the Secretary of Justice, Wanda Vázquez Garced, the Assistant Secretary of the Civil Division, Wandymar Burgos Vargas, and the Asst. Secretary of the Civil Division and

8

Interim Director of Extraordinary Resources and Public Policy, Antonio Cintrón Almodovar, all at the Commonwealth of Puerto Rico Department of Justice, PO Box 9020192, San Juan, Puerto Rico 00902-0192, and to the email of atty. Susanne Lugo, at sueblugo@yahoo.cp, amd that of atty. Gina Jové, at gjovejusticia@gmail.com

: /s/ JUDITH BERKAN