# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

|  |  |  |
|---|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtor. | ) ) ) ) ) ) ) ) ) ) ) ) ) X | PROMESA<br>Title III<br><br>Case No. 3:17-bk-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) x | PROMESA<br>Title III<br><br>Case No. 3:17-cv-01685 (LTS)<br>Case No. 3:17-bk-03566 (LTS) |

### DECLARATION OF SPARKLE L. SOOKNANAN IN SUPPORT OF ERS BONDHOLDERS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY

I, Sparkle L. Sooknanan, declare as follows:

1. I am an associate attorney at the firm of Jones Day, 51 Louisiana Avenue NW, Washington, D.C. 20001. I am a member of the Bars of New York and the District of Columbia and admitted *pro hac vice* in this matter. I submit this declaration in support of Movants' *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the*

*Commonwealth of Puerto Rico for Relief from the Automatic Stay* [Docket No. 3418 in Case No. 17-bk-03283 and Docket No. 289 in Case No. 17-bk-03566].[1] I have personal knowledge of the facts set forth herein. If called as a witness in this action, I could and would testify competently to the contents of this declaration.

2. Jones Day represents the following Movants: Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund LP, Nokota Capital Master Fund, L.P., Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., and SV Credit, L.P.

3. Attached as Exhibit A is a true and correct copy of the *Pension Funding Bond Resolution* issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico and adopted on January 24, 2008. It provides for the "pledge and assignment of, and the grant of a security interest in and over, the Pledged Property" to Movants. *Id.* § 501.1 & Exh. B, VI-36. "Pledged Property" is defined broadly to include (a) all "Revenues," including,

---

[1] Movants include Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Nokota Capital Master Fund, L.P., Oaktree-Forrest Multi- Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., SV Credit, L.P., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax- Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

among other things, all employer contributions received by ERS or the Fiscal Agent "and any assets in lieu thereof or derived thereunder which are payable to [ERS] pursuant to [the Enabling Act]"; (b) all "right, title, and interest of [ERS] in and to" all of the property described in (a) and "all rights to receive the same"; (c) the funds, accounts, and subaccounts held by the Fiscal Agent; (d) any and all other rights and personal property of every kind pledged and assigned by ERS for additional security; and (e) "any and all cash and non-cash proceeds, products, offspring, rents and profits from any of the Pledged Property," including, "without limitation, those from the sale, exchange, transfer, collection, loss, damage, disposition, substitution or replacement of" such property. *Id.* § 501 & Exh. B, VI-33, VI-36, VI-37. Exhibit A establishes Movants' liens.

4. Attached as Exhibit B is a true and correct copy of the Brief in Opposition to Motion for Relief From the PROMESA Automatic Stay filed by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico's in *Altair Global Credit Opportunities Fund (A), L.L.C., et al. v. Governor Alejandro García Padilla, et al.*, No. 16-cv-2696, Dkt. 52 (Oct. 26, 2016). Exhibit B contains the following admissions that establish Movants' liens:

   a. "[U]nder the clear terms of the Bond Resolution, the Movants have valid and enforceable liens over hundreds of millions of dollars of ERS revenue, which [would] continue to grow." *Id.* at 10.

   b. "The Commonwealth granted the ERS Bondholders a first lien in and over 'Pledged Property'–consisting of, among other assets, **all** revenues of the ERS–pending the discharge and satisfaction of all outstanding principal and interest. As noted, the ERS received approximately $486 million in employer contributions in the year ending June 30, 2015, with these amounts scheduled to increase by 1.25% per year beginning on July 1, 2016. In addition, ERS is currently receiving employer contributions from non-Commonwealth employers of approximately $17 million per month [during the PROMESA stay]. The ERS Bondholders have a security interest in those revenues also, subject only to the satisfaction of the ERS's outstanding debt obligations." *Id.* at 10-11.

5. Attached as Exhibit C is a true and correct copy of the Brief in Opposition to Motion for Relief From the PROMESA Automatic Stay filed by the Commonwealth of Puerto Rico in

3

*Altair Global Credit Opportunities Fund (A), L.L.C., et al. v. Governor Alejandro García Padilla, et al.*, No. 16-cv-2696, Dkt. 53 (Oct. 26, 2016). Exhibit C contains the following admissions that establish Movants' liens:

a. "The security interest and lien in favor of ERS bondholders is indefinite, and ends only upon satisfaction of the ERS's outstanding debt obligations." *Id.* at 5.

b. "When Movants purchased their ERS bonds, they expected that their debt service payments would be secured by a lien on all ERS revenues. . . [O]nce the temporary emergency period expires, Movants' lien will attach to every penny ERS receives going forward until bondholders are repaid in full." *Id.* at 13.

c. "The ERS receives approximately $480 million in employer contributions annually, and the bondholders' security interest in those revenues continues indefinitely until satisfaction of the ERS's outstanding debt obligations. Given its size and indefinite duration, the security interest provides Movants with the adequate protection they purport is required to ensure payment on their bonds, certainly through the expiration of the PROMESA stay and, indeed, for as long as the bonds remain outstanding." *Id.* at 17-18.

d. "Movants' security interest in the ERS revenues continues indefinitely until satisfaction of the ERS's outstanding debt obligations." *Id.* at 20.

6. Attached as Exhibit D is a true and correct copy of the Brief for the Employees Retirement System of the Government of the Commonwealth of Puerto Rico filed in the First Circuit in Case No. 16-2433 (1st Cir. Dec. 23, 2016). Exhibit D contains the following admissions that establish Movants' liens:

a. Movants hold a "'security interest and lien in certain pledged property, *including all future employer contributions*' that 'continues indefinitely until ERS's outstanding debt obligations have been satisfied in full. The District Court concluded that [Movants'] lien against ERS will not be diminished or destroyed by PROMESA or the Moratorium Act, and following the lifting of the stay the enduring stream of ERS pledged property will once again flow to the fiscal agent to be held for the benefit of ERS bondholders.'" *Id.* at 14.

b. "[U]nder the clear terms of the Bond Resolution, the [Movants] have valid and enforceable liens over hundreds of millions of dollars of ERS revenue, which will continue to grow." *Id.* at 26.

4

    c. "[I]n addition to there being more than adequate funding to satisfy payments to ERS Bondholders throughout the stay, the security interests held by the ERS Bondholders provide them with future protection more than sufficient to address any concern, real or imagined." *Id.* at 29.

    d. "The PROMESA stay will expire on February 15, 2017, with the ERS emergency period under the Moratorium Act expiring at the latest, six weeks after, on March 31, 2017. At that time, the ERS Bondholders will have access to the full revenue stream of the ERS. In other words, given its size and indefinite duration, the security interest provides [Movants] with the adequate protection they purport is required to ensure payment on their ERS Bonds." *Id.* at 30.

7. Attached as Exhibit E is a true and correct copy of the Brief for Alejandro Garcia-Padilla (then-Governor of Puerto Rico), Juan C. Zaragoza-Gomez (then-Secretary of Treasury of Puerto Rico), Luis G. Cruz-Batista (Director of the Puerto Rico Office of Management and Budget), and Carmen Villar-Prados (then-Executive Director of the Puerto Rico Highways and Transportation Authority) filed in their official capacities in the First Circuit in Case No. 16-2433 (1st Cir. Dec. 23, 2016). Exhibit E contains the following admissions that establish Movants' liens:

    a. "[T]he 'pledged revenues' from which . . . ERS debts ordinarily are serviced 'are constantly replenished,' and thus will suffice to continue servicing [Movants'] bonds once the Executive Orders lift." *Id.* at 35.

    b. "[B]y the time the stay lifts, the Executive Orders temporarily relieving . . . ERS of [its] obligations to deposit all revenues with the fiscal agents will have expired. At that point, [Movants] will be able to resume receiving payment on their bonds in the manner that their agreements contemplate: through the 'recurring source[s] of income' . . . ERS revenues are generating. As the district court thus correctly concluded, [Movants] are adequately protected for the full value of their interest in the revenues that serve as their collateral, as they are being paid now, and they will continue to be paid in the future." *Id.* at 45.

8. Attached as Exhibit F is a true and correct copy of an unofficial transcript of the oral argument before the United States Court of Appeals for the First Circuit in *Altair Global Credit Opportunities Fun (A), LLC, et al., v. Garcia-Padilla, et al.*, No. 16-2433, on January 4, 2017. The Court does not provide official transcripts of oral argument, but the audio of the hearing is available at http://www.ca1.uscourts.gov/files/audio/16-2377.mp3.

9. Attached as Exhibit G is a true and correct copy of *Joint Resolution for Other Allocations for Fiscal Year 2017-2018* ("Joint Resolution 188"). Exhibit G is evidence of the diversion and dissipation of Movants' collateral. It provides that:

   a. "[E]mployer contributions by the Central Government, Public Corporations, and Municipalities to the Puerto Rico Government Employee Retirement System . . . shall be eliminated, given the burden that the respective payments to these systems' pensioners places on the General Fund."

   b. "[T]he obligation to pay the Additional Uniform Contribution shall be eliminated."

   c. "[T]the Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF) shall establish and implement all mechanisms necessary so that the Central Government, the Municipalities, and the Public Corporations may contribute to financing the 'pay-as-you-go' system."

   d. ERS "shall continue to meet [its] obligations to [its] beneficiaries and pensioners by contributing available funds and funds arising from the sale of [its] assets to the General Fund."

   e. "[T]he General Fund, through the pay-as-you-go system, shall assume any payments that [ERS] cannot make."

10. Attached as Exhibit H is a true and correct copy of *Law to Guarantee Payment to Our Pensioners and Establish a New Plan for Defined Contributions for Public Servants* ("Act 106"). Exhibit H is evidence of the diversion and dissipation of Movants' collateral. It provides that:

   a. "[A]s of July 1, 2017, in accordance with House Joint Resolution 188 of 2017, as certified by the Fiscal Oversight Board, on July 13, 2017 the Government of Puerto Rico became the direct payer of our retirees' pensions."

   b. ERS "must continue to meet [its] obligations to [its] beneficiaries by contributing [its] available funds and the proceeds from the liquidation of [its] assets to the General Fund. . . . Employer contributions . . . made to [ERS] will also be eliminated due to the burden it would place on the General Fund to both make the payments to the pensioners while simultaneously disbursing said contributions, as established in House Joint Resolutions 186, 187 and 188 of 2017."

   c. "[T]he employer contributions being made until now to [ERS] were eliminated, as was the Uniform Additional Contribution in accordance with the provisions of

6

        House Joint Resolutions 186, 187 and 188 of 2017. . . . [T]he Municipalities, Legislative Branch, Public Corporations, the Government and the Court Administration shall be required to pay the 'Pay-Go' Fee."

d. The "Pay-Go" Fee is "a fee to be established and imposed by the AAFAF and paid by the Government, the Municipalities, Judicial Branch, Legislative Branch and the Public Corporations, and other entities considered employers under the Puerto Rican Government Employee Retirement System and the Teachers Retirement System, in accordance with Chapter 2 of this Law. The fee shall be collected by the Secretary of the Treasury or his or her appointee, as set forth herein."

e. ERS "shall continue to perform [its] functions, discharging [its] duties and shall be required to provide all necessary support to the Retirement Board and the AAFAF during the implementation of this Law, until such time as the AAFAF certifies via a Resolution adopted by its Board of Directors that the transition ordered by this Law is complete, which must take place on or before December 31, 2017. However, said date may be extended for a reasonable time if necessary by resolution of the AAFAF. As of said date, all the powers, duties and authority of [ERS] will be permanently transferred to the Administrative Entities, the Executive Director of the Retirement Board or other person determined by the Retirement Board."

f. "Compensation for Owed Contributions: Payments made to the Accumulated Pensions Payment Account will be deducted from the Contributions Owed and any other debt that, as of the effective date of this Law, is held by governmental entities and other entities covered by the Retirement Systems, including the Government, the Municipalities, Public Corporations, the Legislative Assembly and the Court Administration, as applicable."

g. Owed Contributions are "amounts that the Government, Municipalities or Public Corporations and other entities considered employers under any of the Retirement Systems covered by this law owe to the Retirement Systems, the Accumulated Pensions Payment Account and/or the New Defined Contribution Plan."

11. Attached as Exhibit I is a true and correct copy of 19 L.P.R.A. § 2265(a), which provides that "[a] security interest or agricultural lien continues in collateral notwithstanding sale, lease, license, exchange, or other disposition thereof unless the secured party authorized the disposition free of the security interest or agricultural lien," and also that "a security interest attaches to any identifiable proceeds of collateral." Exhibit I establishes Movants' liens on any contributions made to the Commonwealth pursuant to Joint Resolution 188 and Act 106.

7

12. Attached as Exhibit J is a true and correct copy of 19 L.P.R.A. § 2106(2), which provides that "a security interest continues in collateral notwithstanding sale, exchange or other disposition thereof unless the disposition was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor." Exhibit J establishes Movants' liens on any contributions made to the Commonwealth pursuant to Joint Resolution 188 and Act 106.

13. Attached as Exhibit K is a true and correct copy of *ERS's Basic Financial Statements and Required Supplementary Information* for the period ending June 30, 2014 and released on June 2, 2016. Exhibit K is evidence of the uncertainty of future employer contributions. It provides that:

   a. "The Commonwealth and other participating employers have been facing a number of fiscal and economic challenges in recent years due, among other factors, to continued budget deficits, a prolonged economic recession, high unemployment, population decline, and high levels of debt and pension obligations. If the Commonwealth's financial condition does not improve as a result of fiscal and budgetary measures it is taking, its ability to repay its obligations, including its regular employer contributions to the [ERS] and its additional contribution as provided by Act No. 32 of 2013, for the upcoming years, may continue to be adversely affected, and could also affect the payment of benefits and the repayment of the [ERS's] bond payable." *Id.* at 9.

   b. "[F]uture employers' contributions of the [ERS] are pledged for the payment of debt service on the System bonds. Further depletion of the System' assets could result in the inability to pay benefits and bonds." *Id.*

14. Attached as Exhibit L is a true and correct copy of the *Commonwealth of Puerto Rico Fiscal Plan* released on October 14, 2016. It states: "Note that the municipalities are contributors to the [ERS] and the Fiscal Plan assumes that the central government does not cover any amounts related to the municipalities (approximately $100MM per year). The municipalities' ability to contribute such amount could be at risk, particularly if they are not made covered entities." Exhibit L is evidence of the uncertainty of future employer contributions. *Id.* at 39.

8

15. Attached as Exhibit M is a true and correct copy of the *Commonwealth of Puerto Rico Financial Information and Operating Data Report*, dated December 18, 2016. Exhibit M is evidence of the dissipation of Movants' collateral. It states that:

   a. "The Commonwealth and other participating employers have been unable to make most of the additional annual employer contributions required by the reform legislation as a result of the worsening fiscal crisis since the enactment of the reforms. As a result, the Retirement Systems are rapidly depleting their remaining liquid assets, which is projected to occur, in the case of the ERS, during the fourth quarter of the current fiscal year or the first half of fiscal year 2018 (July to December 2017), and by fiscal year 2018, in the case of the TRS and JRS. If this happens, the Retirement Systems will be operating solely on a "pay-as-you-go" basis, which means that they would be unable to pay benefits that exceed the actual employer and employee contributions received by the Retirement Systems (net of administrative and other expenses), unless the Commonwealth and other participating employers provide the additional funding required to pay retirement benefits. If the Retirement Systems begin operating solely on a "pay-as-you-go" basis, the Commonwealth and other participating employers may not have sufficient resources to cover the amount by which benefits exceed employee and employer contributions. In this scenario, because of the economic and social implications of not being able to satisfy pension payments, the Commonwealth is likely to seek to prioritize payments to pensioners over other stakeholders, including [general obligation] bondholders, by pursuing all options available to it under applicable law, including through the mechanisms afforded by PROMESA." *Id*. at 60-61.

16. Attached as Exhibit N is a true and correct copy of *Circular Letter No. 1300-46-17* issued by the Commonwealth of Puerto Rico. Exhibit N is evidence of the diversion of Movants' collateral. It states that:

   a. Beginning on July 1, 2017, "the Department of the Treasury shall charge Public Corporations, Municipalities, the Executive Branch, the Legislative Branch and the Judicial Branch a monthly charge to cover pensioner benefits. The [Retirement] Systems [including ERS] shall determine and administer the amount of the payment per pensioner to be paid by each Public Corporation and Municipality." *Id.* at 1.

   b. "Furthermore, it is established that if a Public Corporation, Municipality, or any entity that has Retirement System participants, fails to deliver to its corresponding System, within the following thirty (30) days from the withholding, the 'PayGo Charge' funds or the individual contributions withheld from its employees participating in the corresponding System, the Department of the Treasury shall withhold from any available remittance the amounts not paid by the government

9

entity that fails to comply with the provisions of this Circular Letter. In the case of Municipalities, the Municipal Income and Collection Center shall be required to send the owed amounts to the Department of the Treasury." *Id.* at 2.

17. Attached as Exhibit O is a true and correct copy of the *Employees Retirement System of the Government of the Commonwealth of Puerto Rico Annual Financial Information* for Fiscal Year 2017. Exhibit O is evidence of the diversion and dissipation of Movants' collateral. It states that:

   a. "On June 23, 2017, the Legislature approved Joint Resolution 188, which among other things, ordered [ERS], the Judiciary Retirement System ('JRS'), and the Teachers Retirement System ('TRS') to liquidate their assets and pass the net proceeds to the Treasury Department of the Commonwealth. On June 27, 2017, the Treasury Department issued Circular Letter No. 1300-46-17 to convey to central government agencies, public corporations and municipalities the implementation procedures to adopt, effective, July 1, 2017, for the new 'pay-as-you-go (PayGo)' mechanism for all the Commonwealth's Retirement Systems. With the start of fiscal year 2018, employers' contributions, contributions ordered by special laws and the Additional Uniform Contribution were eliminated and replaced by a monthly PayGo charge to be paid by each agency, public corporation and municipality to cover the cost of payments to current retirees and beneficiaries." *Id.* at 15-16.

   b. "Act 16 of 2011 provides [ERS] with the ability to issue a debt certificate against municipalities that are over thirty (300 days past due in their remittances to the System. A debt certificate is sent to the CRIM (Spanish acronym for Centro de Recaudación de Ingresos Municipales) and to the Treasury Department for payment to the System. As of June 30, 2017, these employers' aggregate unpaid obligations totaled approximately $398 million." *Id.* at 8.

18. Attached as Exhibit P are true and correct copies of deposition transcriptions taken from the examinations of Cecile Tirado Soto, Comptroller of the ERS, dated October 24, 2017 (Vol. I) and October 25, 2017 (Vol. II). Portions of the transcript designated as "Confidential" pursuant to the Protective Order in this case have been redacted. Ms. Tirado Soto stated that (a) effective July 1, 2017, "employers pay the benefits for the retirees -- the current retirees to the Department of Treasury," 79:21-80:2, and (b) "the Department of Treasury . . . is making the payments" to pensioners and retirees, 348:15-23. Ms. Tirado also did not know where ERS would

10

get money to pay bondholders. 350:20-351:11 ("Q. Well, I am talking about the bondholders who believe they are entitled to be paid interest on their bonds by ERS. Where is ERS going to get the money to make those payments?" "A: I couldn't answer this question because I don't know."). Exhibit P is evidence of the diversion and dissipation of Movants' collateral and the uncertainty of future employer contributions.

19. Attached as Exhibit Q is a true and correct copy of the *PayGo and Individual Contribution Debt by Entity* issued by AAFAF and dated May 31, 2018. It states that, as of May 31 for the fiscal year 2018 to date, PayGo invoices to the Central Government totaled $983 million, to public corporations totaled $365.8 million, and to municipalities totaled $147.3 million. It also states that the full amount had been collected from the central government, while $179.7 million and $47 million had been collected from public corporations and municipalities respectively. Exhibit Q is evidence of the diversion Movants' collateral.

20. Attached as Exhibit R is a true and correct copy of the *Treasury Single Account FY 2019 Cash Flow* Report issued by AAFAF and dated June 1, 2018. The report shows the ongoing (a) receipt of employer contributions by the Commonwealth, and (b) disbursement of pension benefits from the Commonwealth. *Id.* at 8 (lines 8-10 show "pension inflows" and lines 22-24 show "pension outflows"). Exhibit R is evidence of the diversion and dissipation of Movants' collateral.

21. Attached as Exhibit S is a true and correct copy of the *New Fiscal Plan for Puerto Rico* certified by the Financial Oversight and Management Board for Puerto Rico on June 29, 2018. Exhibit S is evidence of the dissipation of Movants' collateral. It states that:

    a. "Pension costs: Projections rely on demographic estimations for Employees' Retirement System (ERS), Teachers' Retirement System (TRS), and Judicial Retirement System (JRS) populations and benefit obligations, and include updated data and actuarial projections for regular TRS and JRS benefits (extrapolated to

11

update estimates for ERS). From FY2018-FY2023, costs are projected to grow slowly but remain approximately $2.3 billion for the New Fiscal Plan period. Starting in FY2018 ERS pension benefits have been paid on a pay-as-you-go basis, given that the majority of the liquid assets in the retirement system have been depleted." *Id.* at 23.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 3, 2018.

/s/ *Sparkle L. Sooknanan*
Sparkle L. Sooknanan