# EXHIBIT J



## 2008 19 L.P.R.A. § 2106

2008 Puerto Rico Code Archive

*LAWS OF PUERTO RICO ANNOTATED  >  TITLE 19. NEGOTIABLE INSTRUMENTS  >  SUBTITLE 2. COMMERCIAL TRANSACTIONS  >  CHAPTER 55. SECURED TRANSACTIONS; SALES OF ACCOUNTS AND CHATTEL PAPER; CONSIGNMENTS  >  SUBCHAPTER 3. RIGHTS OF THIRD PARTIES; PERFECTED AND UNPERFECTED SECURITY INTEREST; RULES OF PRIORITY*

### § 2106. "Proceeds"; secured party's rights on disposition of collateral

(**1**)Proceeds. Includes whatever is received upon the sale, exchange, collection or other disposition of collateral or proceeds. Insurance payable by reason of loss or damage to the collateral is proceeds, except to the extent that it is payable to a person other than a party to the security agreement. Any payments or distributions made with respect to investment property collateral are proceeds. Money, checks, deposit accounts, and the like are "cash proceeds." All other proceeds are "non-cash proceeds."

(**2**)Except where in §§ 2001-2207 of this title otherwise provides, a security interest continues in collateral notwithstanding sale, exchange or other disposition thereof unless the disposition was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor.

(**3**)The security interest in proceeds is a continuously perfected security interest if the interest in the original collateral was perfected but it ceases to be a perfected security interest and becomes unperfected ten (10) days after receipt of the proceeds by the debtor unless:

> (**a**)A filed financing statement covers the original collateral and the proceeds are collateral in which a security interest may be perfected by filing in the office or offices where the financing statement has been filed and, if the proceeds are acquired with cash proceeds, the description of collateral in the financing statement indicates the types of property constituting the proceeds; or
>
> (**b**)a filed financing statement covers the original collateral and the proceeds are identifiable cash proceeds; or
>
> (**c**)the original collateral was investment property and the proceeds are identifiable cash proceeds, or
>
> (**d**)the security interest in the proceeds is perfected before the expiration of the ten (10) day period. Except as provided in this section, a security interest in proceeds can be perfected only by the methods or under the circumstances permitted in in §§ 2001-2207 of this title for original collateral of the same type.

(**4**)In the event of insolvency proceedings instituted by or against a debtor, a secured party with a perfected security interest in proceeds has a perfected security interest only in the following proceeds:

> (**a**)In identifiable non-cash proceeds and in separate deposit accounts containing only proceeds;
>
> (**b**)in identifiable cash proceeds in the form of money which is neither commingled with other money nor deposited in a deposit account prior to the insolvency proceedings;
>
> (**c**)in identifiable cash proceeds in the form of checks and the like which are not deposited in a deposit account prior to the insolvency proceedings, and
>
> (**d**)in all cash and deposit accounts of the debtor in which proceeds have been commingled with other funds, but the perfected security interest under this clause is

**(I)** Subject to any right of set-off, and

**(II)** limited to an amount not greater than the amount of any cash proceeds received by the debtor within ten (10) days before the institution of the insolvency proceedings less the sum of (I) the payments to the secured party on account of cash proceeds received by the debtor during such period and (II) the cash proceeds received by the debtor during such period to which the secured party is entitled under clauses (a) through (c) of this subsection.

**(5)** If a sale of goods results in an account or chattel paper which is transferred by the seller to a secured party, and if the goods are returned to or are repossessed by the seller or the secured party, the following rules determine priorities:

**(a)** If the goods were collateral at the time of sale, for an indebtedness of the seller which is still unpaid, the original security interest attaches again to the goods and continues as a perfected security interest if it was perfected at the time when the goods were sold. If the security interest was originally perfected by a filing which is still effective, nothing further is required to continue the perfected status; in any other case, the secured party must take possession of the returned or repossessed goods or must file.

**(b)** An unpaid transferee of the chattel paper has a security interest in the goods against the transferor. Such security interest is prior to a security interest asserted under paragraph (a) to the extent that the transferee of the chattel paper was entitled to priority under § 2108 of this title.

**(c)** An unpaid transferee of the account has a security interest in the goods against the transferor. Such security interest is subordinate to a security interest asserted under clause (a) of this subsection.

**(d)** A security interest of an unpaid transferee asserted under clause (b) or (c) of this subsection must be perfected for protection against creditors of the transferor and purchasers of the returned or repossessed goods.

# History

Aug. 17, 1995, No. 208, added as § 9-306 on Sept. 19, 1996, No. 241, § 13.

LAWS OF PUERTO RICO ANNOTATED

Copyright; 2018 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc. All rights reserved.

**End of Document**