# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 3:17-bk-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 3:17-cv-01685 (LTS)<br>Case No. 3:17-bk-03566 (LTS) |

**OBJECTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO THE URGENT MOTION TO SET SUPPLEMENTAL BRIEFING AND DISCOVERY SCHEDULE WITH RESPECT TO MOTION OF CERTAIN SECURED CLAIMHOLDERS OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO <u>FOR RELIEF FROM THE AUTOMATIC STAY</u>**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "ERS" and, collectively with the Commonwealth, the "Debtors") in these Title III cases pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), respectfully submits this objection to the urgent motion filed by the ERS Bondholders[1] [Docket No. 3738 in Case No. 17-bk-3283 and Docket No. 308 in Case No. 17-bk-3566] (the "Urgent Motion") for entry of an order setting a schedule concerning the *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* [Docket No. 3418 in Case No. 17-bk-03283 and Docket No. 289 in Case No. 17-bk-03566] (the "Adequate Protection Motion"). In support of its objection, the Oversight Board states as follows:

---

[1] The full list of ERS Bondholders includes Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Management, LLC, Nokota Capital Master Fund, L.P., Oaktree-Forrest Multi- Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., SV Credit, L.P., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax- Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

1

## BACKGROUND

1. On July 3, 2018, the ERS Bondholders filed the Adequate Protection Motion. *See* Docket No. 3418 in Case No. 17-bk-03283 and Docket No. 289 in Case No. 17-bk-03566.

2. On July 10, 2018, the Oversight Board filed its opposition on behalf of ERS to the Adequate Protection Motion [Docket No. 3465 in Case No. 17-bk-03283 and Docket No. 292 in Case No. 17-bk-03566].

3. Also on July 10, 2018, the Official Committee of Retired Employees of Puerto Rico ("Retiree Committee") objected to the Adequate Protection Motion [Docket No. 3468 in Case No. 17-bk-3283 and Docket No. 293 in Case No. 17-bk-3566]; the American Federation of State, County and Municipal Employees ("AFSCME") joined the Oversight Board's and the Retiree Committee's objections [Docket No. 3469 in Case No. 17-bk-3283 and Docket No. 294 in Case No. 17-bk-3566]; and the Official Committee of Unsecured Creditors ("UCC") also joined the Oversight Board's and the Retiree Committee's objections [Docket No. 3470 in Case No. 17-bk-3283 and Docket No. 296 in Case No. 17-bk-3566].

4. On July 17, 2018, the ERS Bondholders filed a reply in support of the Adequate Protection Motion [Docket No. 3592 in Case No. 17-bk-03283 and Docket No. 303 in Case No. 17-bk-03566].

5. On July 20, 2018, the Court entered an order scheduling a preliminary hearing on the Adequate Protection Motion pursuant to Bankruptcy Code § 362(e)(1) at the Omnibus Hearing on July 25, 2018 [Docket No. 3654 in Case No. 17-bk-03283].

6. During the preliminary hearing on July 25, 2018, the Court stated, "[T]he lack of a showing relative to diminution of the value of collateral by reason of the automatic stay leads the Court to conclude at this juncture that there is a reasonable likelihood that the party opposing relief

2

from the stay will prevail at the conclusion of the final hearing within the meaning of Section 362(e)(1)." July 25, 2018 Hr'g Tr. 81:9-14.

7. Importantly, also during the preliminary hearing on July 25, 2018, the Court noted the issues in the Adequate Protection Motion were "bound up" with the question of whether the ERS Bondholders have a security interest, and that the Court anticipated the parties would "know more about my thinking about those things before we come back for the final hearing" then scheduled for September 12, 2018. July 25, 2018 Hr'g Tr. 87:14-18.

8. Also during the preliminary hearing on July 25, 2018, the Court remarked that it could set "a schedule for any further supplemental submissions and a response to the supplemental submission[s] in advance of the final hearing." July 25, 2018 Hr'g Tr. 82:10-16. The Court asked the parties to confer on that schedule and to identify "whether there are disputed issues of fact that would have to be explored at an evidentiary hearing" in lieu of agreed-upon facts. Hr'g Tr. 88:24-89:4.

9. Also during the preliminary hearing on July 25, 2018, counsel to the ERS Bondholders stated the record "amply demonstrates" the basis for the Adequate Protection Motion, and that "the facts are, I think, extraordinarily well known." July 25, 2018 Hr'g Tr. 81:25-82:1, 83:13-15. In response to the Court's remark that the ERS Bondholders may "clarify and supplement" the record, counsel to the ERS Bondholders responded they "actually might have the entire submission done" before proposing a schedule for supplemental submissions and responses. July 25, 2018 Hr'g Tr. 87:19-88:4.

10. On August 3, 2018, counsel to the ERS Bondholders filed a 1,264-page supplemental submission (the "ERS Supplemental Submission") in support of the Adequate Protection Motion prior to filing a proposed schedule. [Docket No. 3734 in Case No. 17-bk-3283

3

and Docket No. 307 in Case No. 17-bk-3566]. Also on August 3, 2018, the ERS Bondholders filed the Urgent Motion.

## ARGUMENT

11. As a threshold matter, the Court should deny the Urgent Motion in its entirety because the Court indicated it intends to decide the pending summary-judgment motions concerning whether the ERS Bondholders have a security interest prior to the date of the next Omnibus Hearing. If the Court rules in favor of the Debtors, there will be no need for a final hearing on the Adequate Protection Motion (let alone additional discovery). If the Court rules in favor of the ERS Bondholders, the parties should meet and confer on an appropriate schedule to address any issues to be resolved, in light of that ruling, at a final hearing.

12. If the Court does not deny the Urgent Motion in its entirety, the Court should deny the Urgent Motion except to set (a) a deadline for the Oversight Board to submit its own supplemental submissions in response to the ERS Supplemental Submission, (b) a schedule for the parties to submit agreed-upon or disputed facts for consideration at the final hearing, and (c) a final hearing date. The other relief sought by the ERS Bondholders should be denied for three reasons.

13. *First*, the ERS Bondholders have already filed the supplemental material they contemplated filing at the preliminary hearing. The ERS Bondholders stated they may have their "entire [supplemental] submission" ready before proposing a schedule at the July 25 Omnibus Hearing, and in fact filed a 1,264-page supplement in support of the Adequate Motion on August 3, 2018. [Docket No. 3734 in Case No. 17-bk-3283 and Docket No. 307 in Case No. 17-bk-3566]. As such, other than setting a date for the Oversight Board to file its own supplemental submissions (if any), a schedule for the parties to submit agreed-upon or disputed facts for consideration at the final hearing, and a final hearing date, no other scheduling dates are necessary or warranted.

14. *Second*, the Court should deny the ERS Bondholders' new request for additional discovery. The ERS Bondholders did not request additional discovery at the preliminary hearing or indicate additional discovery was necessary prior to the final hearing, and the Court did not order that any additional discovery would be taken. Indeed, counsel to the ERS Bondholders stated the record was "ampl[e]," that the facts were "extraordinarily well known," and that the ERS Bondholders may file their record supplement even before filing a proposed schedule—which the ERS Bondholders did on August 3, 2018. The ERS Bondholders have not identified what additional discovery they require following the 1,264-page supplement they filed on August 3, 2018, particularly where the ERS Bondholders believe the facts have been "amply" developed and are "extraordinarily well known" on a motion the Court has already concluded there is a "reasonable likelihood that the party opposing relief [viz. the Oversight Board]" would prevail. Further, the ERS Bondholders also have not identified why additional discovery would be warranted at this time in view of the Court's intention to decide the pending summary-judgment motions concerning whether the ERS Bondholders have a security interest before the next Omnibus Hearing scheduled for September 13, 2018.

15. *Third*, the ERS Bondholders' proposed schedule does not contemplate identifying agreed-upon facts or issues of disputed facts ahead of the final hearing, as the Court had requested. *See* Hr'g Tr. 88:24-89:4.

16. As such, should the Court not deny the Urgent Motion in its entirety pending a decision on the summary-judgment motions in Case No. 17-ap-213, the Oversight Board requests entry of the following schedule in accordance with the proposed order filed herewith pertaining to the Adequate Protection Motion in which all parties in interest—including not only the ERS

5

Bondholders and the Oversight Board, but also the Retiree Committee, the UCC, and AFSCME—may participate:

a. **August 13, 2018**: Deadline for the Oversight Board to file a supplemental submission (if any) in response to the ERS Supplemental Submission.

b. **August 24, 2018**: Deadline for the ERS Bondholders to submit proposed agreed-upon facts for consideration at the final hearing.

c. **August 31, 2018**: Deadline for the Oversight Board to submit responses to the ERS Bondholders' proposed agreed-upon facts.

d. **September 7, 2018**: Deadline for the parties to identify for the Court any agreed-upon or disputed facts with respect to the Adequate Protection Motion for consideration at the final hearing.

e. **September 13, 2018** (or such other date as the Court deems necessary): Final Hearing with respect to the Adequate Protection Motion.

Dated: August 3, 2018
New York, NY

Respectfully submitted,

 */s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
Timothy W. Mungovan (*pro hac vice*)
Steven O. Weise (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
Email: brosen@proskauer.com
Email: jlevitan@proskauer.com
Email: tmungovan@proskauer.com
Email: sweise@proskauer.com

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico and Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

*/s/ Luis F. del Valle-Emmanuelli*
Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.977.1932
Fax. 787.722.1932
dvelawoffices@gmail.com

OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos
San Juan, PR 00918
Tel: (787) 751-6764/ 763-0565
Fax: (787) 763-8260

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico and Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Luis F. del Valle-Emmanuelli*
Luis F. del Valle-Emmanuelli