# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 3:17-bk-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 3:17-cv-01685 (LTS)<br>Case No. 3:17-bk-03566 (LTS) |

**THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO'S JOINDER TO THE OBJECTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO THE URGENT MOTION TO SET SUPPLEMENTAL BRIEFING AND DISCOVERY SCHEDULE WITH RESPECT TO MOTION OF CERTAIN SECURED CREDITORS OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO<br><u>FOR RELIEF FROM THE AUTOMATIC STAY</u>**

The Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") joins the objection (the "**Objection**") filed by the Financial Oversight and Management Board for Puerto Rico (the "**Oversight Board**"), as representative of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**") to the urgent motion filed by the ERS Bondholders[1] [Docket No. 3738 in Case No. 17-bk-3283 and Docket No. 308 in Case No. 17-bk-3566] (the "**Urgent Motion**") for entry of an order setting a schedule concerning the *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* [Docket No. 3418 in Case No. 17-bk-03283 and Docket No. 289 in Case No. 17-bk-03566] (the "**Adequate Protection Motion**"). In support of its Joinder, the Retiree Committee states as follows:

## JOINDER

1. On July 10, 2018, the Retiree Committee filed its objection to the Adequate Protection Motion [Docket No. 3468 in Case No. 17-bk-03283 and Docket No. 293 in Case No. 17-bk-03566]. In its objection, the Retiree Committee argued that the ERS Bondholders' Adequate Protection Motion should be denied because, *inter alia*, they failed to demonstrate that the value

---

[1] The full list of ERS Bondholders includes Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Management, LLC, Nokota Capital Master Fund, L.P., Oaktree-Forrest Multi- Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., SV Credit, L.P., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax- Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

of their purported collateral was declining or eroding as a result of the automatic stay or ERS's use of the purported collateral.

2. The Retiree Committee joins in the Oversight Board's Objection to the Urgent Motion and submits that this Court should deny the Urgent Motion in its entirety. To the extent the Court does not do so, however, the Retiree Committee concurs with the schedule set forth by the Oversight Board in its Objection and requests that the Retiree Committee be included in any scheduling order entered by this Court. As it has done in other matters, the Retiree Committee will coordinate its participation with the Oversight Board to avoid any duplication of effort.

| | |
|---|---|
| August 3, 2018 | Respectfully submitted, |
| JENNER & BLOCK LLP | BENNAZAR, GARCÍA & MILIÁN, C.S.P. |
| By:<br>*/s/ Robert Gordon*<br>Robert Gordon (admitted *pro hac vice*)<br>Richard Levin (admitted *pro hac vice*)<br>919 Third Ave<br>New York, NY 10022-3908<br>rgordon@jenner.com<br>rlevin@jenner.com<br>212-891-1600 (telephone)<br>212-891-1699 (facsimile) | By:<br>*/s/ A.J. Bennazar-Zequeira*<br>A.J. Bennazar-Zequeira<br>Héctor M. Mayol Kauffmann<br>Edificio Union Plaza,<br>1701 Avenida Ponce de León #416<br>Hato Rey, San Juan<br>Puerto Rico 00918<br>ajb@bennazar.org<br>hector.mayol@bennazar.com<br>787-754-9191 (telephone)<br>787-764-3101 (facsimile) |
| Catherine Steege (admitted *pro hac vice*)<br>Melissa Root (admitted *pro hac vice*)<br>353 N. Clark Street<br>Chicago, IL 60654<br>csteege@jenner.com<br>mroot@jenner.com<br>312-222-9350 (telephone)<br>312-239-5199 (facsimile) | *Counsel for The Official Committee of Retired Employees of Puerto Rico* |

2