# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 3:17-bk-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 3:17-cv-01685 (LTS)<br>Case No. 3:17-bk-03566 (LTS) |

**REPLY IN SUPPORT OF URGENT MOTION TO SET SUPPLEMENTAL BRIEFING AND DISCOVERY SCHEDULE WITH RESPECT TO MOTION OF CERTAIN SECURED CREDITORS OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO <u>FOR RELIEF FROM THE AUTOMATIC STAY</u>**

To the Honorable United States District Court Judge Laura Taylor Swain:

Movants [1] respectfully submit this reply in support of their *Urgent Motion to Set Supplemental Briefing and Discovery Schedule with Respect to Motion of Certain Secured Claimholders of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* (Case No. 17-3566-LTS, Dkt. No. 308) (the "<u>Urgent Motion</u>")[2], and in response to the *Objection of the Financial Oversight and Management Board for Puerto Rico to the Urgent Motion to Set Supplemental Briefing and Discovery Schedule with Respect to Motion of Certain Secured Claimholders of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* (Case No. 17-3566-LTS, Dkt. No. 309), and *The Official Committee of Retired Employees of the Commonwealth of Puerto Rico's Joinder to the Objection of the Financial Oversight and Management Board for Puerto Rico to the Urgent Motion to Set Supplemental Briefing and Discovery Schedule with Respect to Motion of Certain Secured Claimholders of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the*

---

[1] Movants include Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Nokota Capital Master Fund, L.P., Oaktree-Forrest Multi- Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., SV Credit, L.P., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax- Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Urgent Motion.

2

*Automatic Stay* (Case No. 17-3566-LTS, Dkt. No. 310). In further support of the Urgent Motion, Movants state as follows:

## ARGUMENT

1. Movants agree with the Oversight Board that the facts supporting the Adequate Protection Motion should not be in dispute. In particular, there should be no dispute that (1) the automatic stay is preventing Movants from seeking a temporary restraining order or preliminary injunction ordering the Commonwealth to retain (for the benefit of Movants) the employer contributions it is receiving; and (2) that the Commonwealth has been dissipating these employer contributions since receiving them.

2. Nonetheless, rather than conceding these facts, the Oversight Board and the Retiree Committee are contesting them and are requiring Movants to prove what all know to be true. Certainly, it would be simpler for the Oversight Board to stipulate to these facts. But, in the absence of such a stipulation, the Bondholders are entitled to seek to prove them through discovery. Discovery is thus appropriate for several reasons.

3. First, discovery is normally allowed when facts are challenged in a contested matter. Federal Rule of Bankruptcy Procedure 9014 provides that the relevant portions of Bankruptcy Rule 7026 (and, by extension, Federal Rule of Civil Procedure 26) apply to contested matters such as this. Under Fed. R. Civ. P. 26, "parties are entitled to a broad discovery." *Santiago v. Fenton*, 891 F.2d 373, 379 (1st Cir. 1989). "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." Fed. R. Civ. P. 26(b)(1). Moreover, "a district court may not impose discovery restrictions that preclude a suitor from the legitimate pursuit of evidence supporting her cause of action." *Danny B. ex rel. Elliott v. Raimondo*, 784 F.3d 825, 835 (1st Cir. 2015); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550,

3

1559–60 (11th Cir. 1985) (abuse of discretion to limit discovery to single issue where other issues were also relevant); *Trevino v. Celanese Corp.*, 701 F.2d 397, 405–06 (5th Cir. 1983) (abuse of discretion to enter protective order barring relevant discovery based on misunderstanding of plaintiff's claims); *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) ("A court abuses its discretion when it stays discovery and prevents a party from having a sufficient opportunity to develop a factual basis for defending against [a dispositive] motion."). Movants are therefore entitled to pursue facts through discovery that are necessary to prove their entitlement to the relief sought in the Adequate Protection Motion.

4. Second, Movants do not plan to seek extensive discovery. In addition to whatever discovery is necessary to authenticate documents, Movants should need only a single Fed. R. Civ. P. 30(b)(6) deposition and a series of no more than ten requests for admission. Both the Rule 30(b)(6) deposition and the requests for admission would cover (1) the status of contributions made after the commencement of the ERS Title III case, (2) the status of the Pre- and Post-Petition Segregated Accounts, (3) the dissipation of the assets of ERS after the Title III case, and (4) the dissolution of ERS. Movants are not seeking to use this as a fishing exercise; the discovery sought will be narrowly tailored to the issues being contested by the Oversight Board and the Retiree Committee.

5. Third, the Oversight Board has presented no persuasive reason why Movants should be denied discovery, despite having the burden to do so. *See Bennett v. La Pere*, 112 F.R.D. 136, 140 (D.R.I. 1986) ("[T]he party opposing discovery should have the burden of establishing some good cause or sound reason for blocking disclosure."). Unless the Oversight Board concedes the admissibility and authenticity of the documents in Movants' supplemental declaration (Case No. 17-3566-LTS, Dkt. No. 307), Movants will need to establish these facts through discovery or

at the hearing. Moreover, if the Oversight Board intends to challenge the truth of any statement contained in these documents, Movants will need to investigate the basis for that claim. And, of course, Movants will need to investigate any evidence the Oversight Board intends to submit to counter Movants' claim that the automatic stay is impairing the value of their collateral. Indeed, the Oversight Board's position on this issue has shifted dramatically during this case: Although it initially agreed that Movants were entitled to adequate protection because the initial PROMESA stay interfered with Movants' ability to protect their collateral from *potential* dissipation by ERS, the Oversight Board now takes the surprising position that the Title III automatic stay has not affected Movants' ability to stop the *actual* dissipation of their collateral by ERS and the Commonwealth.

6. Finally, Movants are not opposed to resolving these issues through stipulations in lieu of discovery, if possible. However, given the limited amount of time before the final hearing, Movants believe the Court must set a schedule for discovery that can occur in the event the parties are unable to agree to stipulated facts. Failing to set such a schedule now would either prevent Movants from being able to present sufficient evidence to establish their right to relief at the September 13 hearing or require the delay of the final hearing. Movants' collateral continues to be dissipated, and any delay of the final hearing would be prejudicial to Movants.

## CONCLUSION

7. For the reasons above and in the Urgent Motion, Movants respectfully request entry of an order, substantially in the form attached to the Urgent Motion as Exhibit A, setting a supplemental briefing and discovery schedule.

In San Juan, Puerto Rico, today August 6, 2018.

By:

/s/ *Alfredo Fernández-Martínez*
Alfredo Fernández-Martínez
DELGADO & FERNÁNDEZ, LLC
PO Box 11750
Fernández Juncos Station
San Juan, Puerto Rico 00910-1750
Tel. (787) 274-1414
Fax: (787) 764-8241
afernandez@delgadofernandez.com
USDC-PR 210511

*Counsel for ERS Bondholders Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Management, LLC, Nokota Capital Master Fund, L.P., Oaktree-Forrest Multi- Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., and SV Credit, L.P.*

/s/ *Bruce Bennett*
Bruce Bennett (*pro hac vice*)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Tel. (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum (*pro hac vice*)
James M. Gross (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, NY 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com
jgross@jonesday.com

Geoffrey S. Stewart (*pro hac vice*)
Beth Heifetz (*pro hac vice*)
Christopher J. DiPompeo (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel. (202) 879-3939
Fax: (202) 626-1700
gstewart@jonesday.com
bheifetz@jonesday.com
cdipompeo@jonesday.com
ssooknanan@jonesday.com

*Counsel for ERS Bondholders Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Management, LLC, Nokota Capital Master Fund, L.P., Oaktree-Forrest Multi- Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., and SV Credit, L.P.*

| | |
|---|---|
| /s/ *Alicia I. Lavergne-Ramírez* | /s/ *Jason Zakia* |
| José C. Sánchez-Castro<br>USDC-PR 213312<br>jsanchez@sanpir.com | John K. Cunningham (*pro hac vice*)<br>Glenn M. Kurtz (*pro hac vice*)<br>WHITE & CASE LLP<br>1221 Avenue of the Americas |
| Alicia I. Lavergne-Ramírez<br>USDC-PR 215112<br>alavergne@sanpir.com | New York, NY 10036<br>Tel. (212) 819-8200<br>Fax (212) 354-8113<br>jcunningham@whitecase.com<br>gkurtz@whitecase.com |
| Maraliz Vázquez-Marrero<br>USDC-PR 225504<br>mvazquez@sanpir.com | Jason N. Zakia (*pro hac vice*)<br>Cheryl T. Sloane (*pro hac vice*) |
| SÁNCHEZ PIRILLO LLC<br>270 Muñoz Rivera Avenue, Suite 1110<br>San Juan, PR 00918<br>Tel. (787) 522-6776<br>Fax: (787) 522-6777 | WHITE & CASE LLP<br>200 S. Biscayne Blvd., Suite 4900<br>Miami, FL 33131<br>Tel. (305) 371-2700<br>Fax (305) 358-5744<br>jzakia@whitecase.com<br>csloane@whitecase.com |

*Counsel for Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.*

*Counsel for Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.*