UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

    Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

MEMORANDUM ORDER DENYING
MICHAEL MELÉNDEZ'S URGENT MOTION REQUESTING THE LIFT OF STAY

Before the Court is the *Urgent Motion Requesting the Lift of Stay* (Docket Entry No. 3477 in Case No. 17-3283, the "Motion")[2] filed by Michael Meléndez ("Movant") for relief from the automatic stay imposed by the filing of the above-captioned Title III case on an age-related employment discrimination case captioned Michael Meléndez v. José L. Caldero López, et al., Civ. No. KPE 2016-3539 (508) (the "Litigation"), which is currently pending before the Court of First Instance of the Commonwealth of Puerto Rico (the "Commonwealth Court"). The

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

[2]    All docket entry references are to entries in Case No. 17-3283, unless otherwise specified.

Court has jurisdiction of this contested matter pursuant to 48 U.S.C. § 2166. The Court has considered carefully the parties' submissions.[3] For the following reasons, the Motion is denied because Movant has not demonstrated that "cause" exists to lift the automatic stay.

### BACKGROUND

On December 1, 2016, Movant commenced the Litigation against José L. Caldero López, Superintendent of the Puerto Rico Police Department of the Commonwealth of Puerto Rico, the Commonwealth of Puerto Rico (the "Commonwealth"), and the Police Department of Puerto Rico (the "Police Department" and, collectively with José L. Caldero López and the Commonwealth, "Respondents").[4] (Mot. at 1-2.) In the Litigation Movant, who alleges that he has served as a Police Department pilot, seeks to recover damages, including pay and pension differentials, allegedly suffered as a consequence of Respondents' alleged age discrimination in connection with Movant's duty assignments. (Id. at 1, 4.) On May 22, 2017, the Commonwealth filed a *Notice of Automatic Stay and of Procedures for Filing Motions for Relief from the Automatic Stay in the Commonwealth of Puerto Rico's Title III Case* in the Litigation requesting that the Commonwealth Court take notice of, among other things, the automatic stay applicable to the Litigation pursuant to the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"). (Obj. ¶ 2.) Movant filed the instant Motion on July 11, 2018, seeking relief from the automatic stay in order to obtain a final ruling in the Litigation as to (i) "whether or not the age discrimination occurred," (ii) if age discrimination did occur, whether

---

[3]  Respondents have filed their *Objection of the Commonwealth to Urgent Motion Requesting the Lift of Stay Filed by Michael Meléndez* (Docket Entry No. 3704, the "Objection"). Movant did not file a reply submission.

[4]  In their Objection, Respondents represent that the summons in connection with the Litigation was served on May 9, 2017. (Obj. ¶ 1.)

Movant would "be entitled to a reinstatement to his former position," and (iii) the amount of just compensation to which Movant might be entitled. (Mot. at 10.)

Movant argues that failing to continue the Litigation in the Commonwealth Court would cause irreparable injury to his property rights, "since a determination validating the existence of a taking would allow [Movant] to become a constitutionally secured creditor of the [Commonwealth] with a right to defend [his] claims" through the processes set forth in PROMESA, and that recommencement of the Litigation is necessary to allow Movant to determine whether "he has a right to file a proof of claim in the Title III case, or whether [he] is a non-dischargeable creditor in such case." (Id. at 10-11.) Movant cites his proximity to retirement age in further support of his contention that he will suffer irreparable damages if the automatic stay remains in place. (Id. at 6.) Additionally, Movant asserts that lifting the automatic stay would not harm the Commonwealth because continuation of the Litigation would not "disrupt the [Commonwealth's] processes for managing the Commonwealth" and would not "interfere with the Commonwealth's ability to provide essential services." (Id. at 2, 11-12.)

Respondents argue that, as a "potential, prepetition, unsecured creditor, Movant has failed to demonstrate the extraordinary circumstances necessary to show why his claims should not be resolved through the claims resolution process" in the Title III case. (Obj. ¶ 4.) Specifically, Respondents assert that the Litigation is in a "very preliminary stage . . . as no answer or other responsive pleading has been filed," that continuation of the Litigation would fail to resolve any issues relevant to the Commonwealth's Title III case, that lifting the stay would divert the Commonwealth's "attention and resources to defending Movant's claims in another forum," that the Commonwealth would expend "considerable time and expense" in connection with the Litigation, and that the impact on the Commonwealth of lifting the

automatic stay would outweigh any harm that the Movant might suffer were the automatic stay to remain in effect. (Id. ¶¶ 5, 14, 17, 26, 27, 29.)

The Court has considered all of the submissions carefully.

### DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district examine the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified in the Sonnax decision: "whether relief would result in a partial or complete resolution of the issues," a "lack of any connection with or interference with the bankruptcy case," "whether the litigation could prejudice the interest of other creditors," "the interests of judicial economy and the expeditious and economical resolution of litigation," "whether the parties are ready for trial in the other proceeding," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

Movant has not demonstrated that the Sonnax criteria weigh in his favor with respect to the continuation of the Litigation. Although the Litigation could resolve the present dispute between Movant and Respondents, continuation of the Litigation would not result in an expeditious and economical resolution of Movant's claims given the very early procedural stage of the Litigation (in which no pleading responsive to the Complaint has yet been filed). (Obj. ¶

2.) Modification of the automatic stay would also interfere with the claims resolution process established by the Bankruptcy Code and incorporated into PROMESA, and would require Respondents to dedicate limited resources, including time, effort, and attention, to defending against Movant's claims. Movant's unsecured claims for monetary relief can instead be liquidated and addressed through the claims process, including proceedings in this Court if necessary. Finally, Movant has not demonstrated that the harm from resolution of his claims through the claims process would outweigh the burden that would accrue to the Commonwealth by continuation of the Litigation at such an early stage.

Accordingly, the Court concludes that Movant has not demonstrated that cause exists for the automatic stay to be lifted to allow the Litigation to proceed.

## CONCLUSION

For the foregoing reasons, the Motion is denied. The automatic stay continues in place as against all defendants in the Litigation. See 11 U.S.C. §§ 362(a) and 922(a)(1). This Memorandum Order resolves docket entry no. 3477.

SO ORDERED.

Dated: August 7, 2018

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge