UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

       Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

MEMORANDUM ORDER DENYING MOTION FOR RELIEF FROM STAY IN
ARES ET AL. V. SECRETARY OF LABOR AFTER COMPLETION OF CONFERRAL PROCESS

Before the Court is the *Motion for Relief from Stay in Ares et al. v. Secretary of Labor After Completion of Conferral Process* (Docket Entry No. 3476 in Case No. 17-3283, the "Motion")[2] filed by seventeen employees ("Movants") of the Department of Labor of the Commonwealth of Puerto Rico (the "Department of Labor") who seek relief from the automatic stay imposed by the filing of the above-captioned Title III case on a retirement benefits case captioned Ares et al v. Secretario del Trabajo, Civ. No. SJ-2017-CV-02280 (the "Litigation"),

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

[2]    All docket entry references are to entries in Case No. 17-3283, unless otherwise specified.

which is currently pending before the Puerto Rico Court of First Instance (the "Commonwealth Court").  The Court has jurisdiction of this contested matter pursuant to 48 U.S.C. § 2166.

The Court has considered all of the submissions carefully.[3]  As explained below, Movants have not made the requisite showing of cause for relief from the automatic stay.  The Motion is therefore denied.

BACKGROUND

On October 31, 2017, Movants[4] commenced the Litigation against the Commonwealth of Puerto Rico (the "Commonwealth") and the Secretary of the Department of Labor (the "Secretary of Labor" and, collectively with the Commonwealth, "Respondents"). (Mot. ¶ 1.)  Movants seek a writ of mandamus compelling the Secretary of Labor to permit Movants to retire from government service under a particular incentive program.  Specifically, Movants contend that they are entitled to participate in a program of "voluntary pre-retirement" pursuant to *Act 211-2015 of December 8, 2015* ("Act 211"), and they object to the Department of Labor's decision to deny them benefits under that program.  (Id. ¶ 7; see also Obj. ¶¶ 1-2.)

On April 4, 2018, the Commonwealth filed a *Notice of Stay of the Procedures by Virtue of the Petition presented by the Government of Puerto Rico under Title III of PROMESA*

---

[3] In addition to the Motion, the Court has considered the *Objection of the Commonwealth to Motion for Relief from Stay in Ares Et Al v. Secretary of Labor After Completion of Conferral Process Filed by Gilberto Ares Candelaria, Et Al.* (Docket Entry No. 3691, the "Objection") and the *Reply to Objection to Motion for Relief from Stay in Ares Et Al v. Secretary of Labor* (Docket Entry No. 3725, the "Reply").

[4] The individual Movants are: Gilberto Ares Candelaria, Nilda P. Barbosa Rodriguez, Ana E. Collazo Guzmán, Arnaldo Colón Colón, Melvin Colón Vélez, Angel L. De Jesús Fernández, Maribel García Cruz, Carlos González Juarbe, Marilyn Hernández Santiago, Carmen D. López Hernández, Tomás Montañez Rosado, Julia T. Pena De Jesús, Evelyn Pratts Collazo, Norma I. Rivera Nieves, Edna Sáez Sánchez, Manuel F. Sánchez Incle, and Juan D. Sierra Ortega.  (Mot. at 1.)

(the "Notice of Stay") in the Commonwealth Court. (Mot. ¶ 13.)[5] Movants filed the instant Motion on July 10, 2018, arguing primarily that enforcement of the stay will subject Movants to hardship by disrupting their plans for retirement. (Id. at 8.) Movants further contend that there are "no significant costs associated with the case (beyond the fact that Government attorneys will work on the [Litigation])," and that Movants are not "by any stretch of the imagination . . . creditors whose interests must be balanced against those of other creditors." (Id.)

Respondents argue that, because Movants have failed to establish that "cause" exists to lift or modify the automatic stay under Section 362(d)(1) of Title 11 of the United States Code, the Motion must be denied. (Obj. ¶ 5.) Respondents further assert that lifting or modifying the automatic stay would not resolve any issues relevant to the Commonwealth's Title III case, that allowing the Litigation to continue would interfere with the centralized claims resolution process contemplated under Title III, and that the interests of the Commonwealth's other creditors would be harmed by the diversion and depletion of the Commonwealth's resources in connection with Litigation. (Id. ¶¶ 15, 17, 29.) Finally, Respondents contend that,

---

[5] Movants argue that Respondents' actions prior to filing the Notice of Stay "defy logic" and should, perhaps, be considered "manipulat[ive]." (Mot. at 11.) Specifically, prior to filing the Notice of Stay, (i) the Commonwealth Court denied Respondents' motion to dismiss Movants' complaint, (ii) Respondents filed an interlocutory appeal before the Puerto Rico Court of Appeals (the "Court of Appeals") seeking discretionary review of the Commonwealth Court's decision, (iii) the Court of Appeals denied Respondents' request for discretionary review, (iv) Respondents filed a request for reconsideration before the Court of Appeals, and (v) the Court of Appeals denied Respondents' request for reconsideration. (Id. ¶¶ 7-12.) Movants contend that, while "[p]lainly cognizant" of the automatic stay, Respondents pursued the Litigation until losing at the appellate level, and "only once all of the Government's litigation maneuvers with respect to the discretionary appeal were unsuccessful [did] the Government unilaterally impose[] the Stay." (Id. 11-12.) Respondents' participation in the initial stages of the Litigation is neither illogical nor inconsistent with the debtor-protective purpose of the automatic stay. Indeed, Respondents' willingness to pursue the Litigation at the motion to dismiss stage is consistent with their desire to manage efficiently the large volume of claims currently levied against the Commonwealth and its instrumentalities.

due to the very preliminary stage of the Litigation, granting the Motion "will neither promote judicial economy nor result in the timely resolution of the issues." (Id. ¶ 31.)

## DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district examine the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified in the Sonnax decision: a "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," "whether the parties are ready for trial in the other proceeding," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

Movants have not demonstrated that the Sonnax criteria weigh in their favor with respect to the continuation of the Litigation. Although Movants do not demand a monetary award in the Lawsuit, their purpose in seeking mandamus relief is to obtain a particular set of benefits from the government. Their entitlement claim, and the determination of the value of the benefits, can properly be addressed through the claims process contemplated by the Bankruptcy

Code and incorporated by Section 301 of PROMESA.[6] Moreover, the relief sought implicates the operation of government functions and the disbursement of Commonwealth funds, areas in which PROMESA affords territorial debtors deference and breathing space. See 48 U.S.C.A. § 2165 (West 2017) (providing that the Court may not interfere with "any of the political or governmental powers of the debtor" nor "interfere with the property or revenues of the debtor" except upon the consent of the Oversight Board or pursuant to a plan of adjustment). Additionally, given the very preliminary stage of the Litigation, the parties are certainly not "ready for trial," and the interests of judicial economy and the expeditious and economical resolution of Movants' claims against Respondents are not served by permitting the Litigation to recommence. Finally, while the disruption of Movants' retirement plans is a hardship, Movants have not demonstrated that the harm from resolution of the claims raised in the Litigation through the claims process outweighs the burden that would accrue to the Commonwealth from needing to defend this and other pending cases in multiple separate fora, and the prejudice to other unsecured creditors who must also await the formulation and implementation of a plan of adjustment.

Accordingly, the Court concludes that Movants have not demonstrated that cause exists for relief from the automatic stay to allow the Litigation to proceed.

---

[6] Although Movants do not demand a monetary award, they are, by seeking an order requiring the Secretary of Labor to allow them to participate in the pre-retirement program, seeking the ongoing payment of compensation equal to sixty percent of their average compensation as well as payment of insurance, unused vacation and sick leave, and continued contributions to the Retirement System for Employees of the Commonwealth. (Obj. ¶ 18.) Movants assert that their program participation would nonetheless result in a net economic benefit to the Commonwealth, a proposition that Respondents dispute.

CONCLUSION

For the foregoing reasons, the Motion is denied.  The automatic stay continues in place as against all defendants in the Litigation.  See 11 U.S.C. §§ 362(a) and 922(a)(1).  This Memorandum Order resolves docket entry no. 3476.

SO ORDERED.

Dated: August 8, 2018

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge