UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------------x
                                                      :
In re:                                                :
                                                      :
                                                      :
THE FINANCIAL OVERSIGHT AND                           :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                     :   Title III
                                                      :
       as representative of                           :   Case No. 17-BK-3283 (LTS)
                                                      :
THE COMMONWEALTH OF PUERTO RICO, et al.,              :   (Jointly Administered)
                                                      :
       Debtors.¹                                      :
------------------------------------------------------------------------x
                                                      :
In re:                                                :
                                                      :
                                                      :
THE FINANCIAL OVERSIGHT AND                           :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                     :   Title III
                                                      :
       as representative of                           :   Case No. 17-BK-4780 (LTS)
                                                      :
PUERTO RICO ELECTRIC POWER AUTHORITY                  :
("PREPA"),                                            :
                                                      :
                                                      :
       Debtor.²                                       :
------------------------------------------------------------------------x
```

**FIRST SUPPLEMENTAL DECLARATION OF JUAN J. CASILLAS AYALA
REGARDING RETENTION OF CASILLAS, SANTIAGO & TORRES, LLC AS
<u>COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>**

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474).

[2] The last four (4) digits of PREPA's federal tax identification number are 3747.

I, Juan J. Casillas Ayala, hereby declare under penalty of perjury:

1. I am a capital member in the law firm of Casillas, Santiago & Torres, LLC ("CST Law") with offices at el Caribe Office Building, 53 Calle Palmeras, St.1601, San Juan, PR 00901. The facts set forth in this supplemental declaration (the "Supplemental Declaration") are based upon my personal knowledge, discussions with other CST Law attorneys, and the firm's client/matter records that were reviewed by me or other CST Law attorneys acting under my supervision and direction.

2. On August 4, 2017, I submitted a declaration (the "Initial Declaration") in support of the *Application of Official Committee of Unsecured Creditors for Employment of Casillas, Santiago & Torres, LLC as Local Counsel to Committee* [Docket No. 884] (the "Application")[3] submitted by the Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico in the above-captioned cases. I hereby incorporate by reference, in its entirety, the Initial Declaration as if fully set forth herein. On August 25, 2017, the U.S. Trustee expanded the role of the Committee to be the official committee for the HTA, ERS, and PREPA Debtors. The "Committee" refers to the official creditors' committee of all title III Debtors (other than COFINA).

3. By order of this Court entered October 6, 2017 [Docket No. 1414] (the "Retention Order"), CST Law's retention as counsel for the Committee was approved effective as of July 23, 2017. The Retention Order provided that "[t]he retention of Casillas, Santiago & Torres, LLC, as counsel to the Committee, shall be deemed to apply to the representation of the Committee if ever enlarged to include unsecured creditors of other debtors, without the need to

---

[3] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

2

obtain a modification of this Order." Accordingly, CST Law's retention now also extends to the representation of the Committee as official committee for the HTA, ERS, and PREPA Debtors.

**Review and Disclosure of Additional Interested Parties**

4. Prior to the filing of the Commonwealth's List of Creditors on August 30, 2017, the Commonwealth had only filed a creditor matrix listing over 600,000 creditors without identifying any claim amounts. It would have been practically impossible for CST Law to perform a timely conflicts check on all 600,000 parties. It was only after the Commonwealth had filed its List of Creditors (which includes information as to claim amounts) that CST Law was able to focus its conflicts analysis on those creditors holding the largest claims (as detailed in paragraph 6(d) below).

5. Moreover, as noted, after the filing of the Initial Declaration, the role of the Committee was expanded to include the unsecured creditors of HTA, ERS, and PREPA. Similar to the Commonwealth's title III case, prior to the filing of ERS's List of Creditors on September 15, 2017, ERS had only filed a creditor matrix listing over 420,000 creditors without identifying any claim amounts. Again, it was only after ERS had filed its List of Creditors that CST Law was able to focus its conflicts analysis on those creditors holding the largest claims (as detailed in paragraph 6(e) below).[4]

6. In light of the foregoing, CST Law has become aware of additional Interested Parties (collectively, the "Additional Interested Parties") in the title III cases of the Commonwealth, COFINA, ERS, HTA, and PREPA (collectively, the "Title III Cases") with

---

[4] Neither HTA nor PREPA have filed their list of creditors yet, which are due October 31, 2017. *See* Docket No. 1317 in Case No. 17-BK-3283 (LTS) and Docket No. 225 in Case No. 17-BK-4780 (LTS). HTA's and PREPA's creditor matrices list over 15,000 and 19,000 parties, respectively, without identifying any claim amounts.

3

which CST Law was able to confirm that it has, or may have, a connection. The identities of the Additional Interested Parties are set forth on **Exhibit A** hereto and include the following:[5]

(a) parties that have been added to the Master Service List (as of September 19, 2017) in the jointly administered Title III Cases (*i.e.*, the Commonwealth, COFINA, ERS, and HTA) since the filing of the Initial Declaration;

(b) the parties on the Master Service List in PREPA's title III case as of September 17, 2017;

(c) the Ad Hoc Group of PREPA Bondholders;

(d) certain creditors listed on the Commonwealth's List of Creditors, dated August 30, 2017 [Docket No. 1215], including

   (i) creditors listed on Schedules A (Long Term Debt), B (Insurers of Long Term Debt), C (Guarantee Obligations), F (Bank and Financial Institution Obligations), and I (U.S. Government Obligations); and

   (ii) creditors on Schedule D (Trade Vendor Obligations) and Schedule H (Litigation Related Obligations) with a listed claim amount of $1 million[6] or more (and excluding, for the avoidance of doubt, creditors listed with an undetermined claim amount);[7] and

(e) creditors on ERS's List of Creditors, dated September 15, 2017, with a listed claim amount of $500,000 or more (and excluding, for the avoidance of doubt, creditors listed with an undetermined claim amount).

(f) parties that have been added to the Master Service List (as of January 24, 2018) in the jointly administered Title III Cases (*i.e.*, the Commonwealth, COFINA, ERS, HTA, and PREPA) since the filing of the First Supplemental Declaration;

(g) creditors on HTA's List of Creditors, dated December 22, 2017 [Docket No. 2163] with a listed claim amount of $500,000 or more (and excluding, for the avoidance of doubt, creditors listed with an undetermined claim amount); and

---

[5] To avoid duplication, entities that were previously included on Exhibit A to the Initial Declaration have not been included again on <u>Exhibit A</u> to this Supplemental Declaration.

[6] CST Law believes that limiting its conflict procedures and disclosures to creditors holding claims in excess of $1 million in the Commonwealth case and $500,000 in the ERS case is adequate, given that the Title III Cases involve claims in excess of $54 billion.

[7] The list of Additional Parties in Interest does not include (a) employees on Schedule E (Employee Obligations), as Schedule E lists over 350,000 employees, all with claims in undetermined amounts, (b) tax refund claimants on Schedule G (Income Tax Refunds), as Schedule G lists over 115,000 tax refund claimants but without identifying any claimant by name, or (c) labor unions on Schedule J (Labor Union Obligations), as Schedule J lists over 180 labor unions.

4

(h) creditors on PREPA's List of Creditors, dated December 22, 2017 [Docket No. 2153] with a listed claim amount of $500,000 or more (and excluding, for the avoidance of doubt, creditors listed with an undetermined claim amount).[8]

7. In preparing this Supplemental Declaration, I caused to be submitted for review under our conflicts check system the names of the Additional Interested Parties. The results of our conflicts check were compiled and analyzed by CST Law attorneys acting under my supervision. While certain individuals and entities may be Parties in Interest in more than one capacity in the Title III Cases, *e.g.*, as a creditor in one or multiple title III cases and a party that has filed a notice of appearance, CST Law's updates do not cover changes in capacity during the course of a bankruptcy case. Given the prior disclosure of CST Law's relationship, if any, to such entities, such disclosure is not repeated here.

8. To the extent such searches indicated that CST Law has performed any services for any such entity within the last five years, the identity of such entity and the nature of CST Law's relationship with such entity are set forth in **Exhibit B** hereto. Exhibit B does not include any relationships that CST Law has with parents or affiliates of entities that were previously disclosed in the Initial Declaration.

9. To the best of my knowledge, based on the review procedures described above, CST Law does not have any "connections" to the Additional Interested Parties, except as described in the Initial Declaration or this Supplemental Declaration. Neither the term "connection," as used in Bankruptcy Rule 2014, nor the proper scope of a professional's search for "connection" has been defined, and I am therefore uncertain what this Court may consider a "connection" requiring disclosure. Out of an abundance of caution, therefore, I am disclosing

---

[8] CST Law believes that limiting its conflict procedures and disclosures to creditors holding claims in excess of $500,000 in the HTA and PREPA cases is adequate, given that HTA's and PREPA's title III cases involve claims in excess of $8 billion and $10 billion, respectively.

many representations that are not, to my understanding, disqualifying or problematic under PROMESA, the Bankruptcy Code, or applicable standards of professional ethics.

10. Neither I, nor any capital member, income member, counsel, senior associate or associate of CST Law, as far as I have been able to ascertain, has any connection with any Additional Interested Party, except as set forth below or otherwise in the Initial Declaration or this Supplemental Declaration (including the Exhibits hereto):

(a) Attached hereto as **Exhibit B** and incorporated herein by reference is a list of Additional Interested Parties (or their affiliates) whom CST Law represents, or has represented in the past, in matters *unrelated* to the matters on which the Committee has retained CST Law. Although CST Law has represented, currently represents, and may continue to represent certain entities and individuals listed on **Exhibit B** hereto, CST Law will not represent any such entity or individual in the Title III Cases.

(b) Each of the entities identified on **Exhibit B** hereto as "current clients" accounted for less than 0.5% of CST Law's revenues for the firm's fiscal year ending January 31, 2017. For the avoidance of doubt, the services performed for such entities were unrelated to the matters on which the Committee has retained CST Law.

11. On May 14, 2018, Baxter Sales and Distribution Puerto Rico Corp. was designated as member of the Committee by the U.S. Trustee. As disclosed in the Initial Declaration, CST Law filed Notice of Appearance and Request for Notice for said entity. Also, as disclosed in the Initial Declaration, CST Law filed a Notice of Appearance and Request for Notice for Genesis Security Services, Inc. This entity is seeking to lift the stay for two pending cases before local courts. This request is being handled by CST Law, by attorney Luis Llach Zuñiga, who has no direct connection to this case. CST Law does not represent Genesis Security Services, Inc. in the cases before local court. Additionally, CST Law has become aware that various of its clients filed Proof of Claims. A list of these clients is attached as Exhibit C. CST Law's representation of the mentioned clients does not interfere with its representation of the Committee.

12. Based on the foregoing and the Initial Declaration, and except as provided herein and in the Initial Declaration, to the best of my knowledge, information, and belief formed after reasonable inquiry, CST Law does not represent or hold any interest adverse to the Committee with respect to the matters on which the Committee has employed CST Law, and CST Law is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code (made applicable by PROMESA section 301(a)) in that CST Law:

(a) is not a creditor, equity security holder, or insider of the Debtors;

(b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

(c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

13. Despite the efforts described above to identify and disclose CST Law's connections with parties in interest in the Title III Cases, CST Law is unable to state with certainty that every client representation or other connection has been disclosed. In this regard, if CST Law discovers additional information that requires disclosure, CST Law will file a supplemental disclosure with the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of August, 2018.

*/s/ Juan J. Casillas Ayala*
Juan J. Casillas Ayala
