UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------X

IN RE:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH
OF PUERTO RICO,

        Debtor.

PROMESA
Title III

No. 17 CV 1685-LTS
No. 17 BK 3566-LTS

---------------------------------------------------------------X

CERTAIN ALLEGED SECURED CREDITORS
OF THE EMPLOYEES RETIREMENT SYSTEM
OF THE GOVERNMENT OF THE
COMMONWEALTH OF PUERTO RICO,

        Movant,

    -against-

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH
OF PUERTO RICO,

        Respondent.

---------------------------------------------------------------X

**DECLARATION OF PAUL V. POSSINGER IN SUPPORT
OF OPPOSITION TO MOTION OF CERTAIN SECURED
CLAIMHOLDERS OF THE EMPLOYEES RETIREMENT
SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH
OF PUERTO RICO FOR RELIEF FROM THE AUTOMATIC STAY**

I, Paul V. Possinger, declare as follows:

1. I am a partner in the law firm of Proskauer Rose LLP. I submit this declaration on behalf of the Financial Oversight and Management Board (the "FOMB"), as the representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," "System," or the "Debtor"), in support of ERS's opposition to the *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of Puerto Rico for Relief from the Automatic Stay* [Case No. 17-3283, D.I. 3418; Case No. 17-3566, D.I. 289] (the "Motion"), filed by certain holders of bonds issued by ERS ("Movants").[2] I have personal knowledge of the facts set forth herein. If called as a witness in this action, I could and would testify competently to the contents of this declaration.

2. During the preliminary hearing on July 25, 2018, the Court noted Movants' "lack of a showing relative to diminution of value of collateral ***by reason of the automatic stay***," which the Court indicated made it reasonably likely that the FOMB would prevail at a final hearing on the Motion. *See* July 25, 2018 Hr'g Tr. 81:9-14 (emphasis added). In response, Movants filed the *Declaration of Sparkle L. Sooknanan* [Case No. 17-3283, D.I. 3734; Case No. 17-3566, D.I. 307] (the "Sooknanan Declaration"), listing excerpts of various documents (the existence of which ERS does not dispute) purportedly as evidence establishing the "diversion

---

[1] PROMESA has been codified at 48 U.S.C. §§ 2101-2241.

[2] All capitalized terms used but not defined herein shall have the meaning given to them in the Motion.

and dissipation" of Movants' alleged collateral[3] and the "uncertainty of future employer contributions."[4]

3. Nothing in the Sooknanan Declaration (or the Motion), however, addresses the Court's question – whether there has been any diminution in Movants' alleged collateral *as a result of the automatic stay*. The Motion and the Sooknanan Declaration focus only on Movants' contention that the "pay-go" legislation enacted by the Commonwealth after the ERS petition date has impacted Movants' rights. Movants are already seeking relief against the Commonwealth and ERS with respect to the "pay-go" legislation in a pending adversary proceeding in this Court, for which no stay relief was sought or required and which litigation is ongoing. *See Amended and Supplemented Adversary Complaint* [Case No. 17-220, D.I. 39] (the "Altair Complaint") ¶ 4 ("In this action, plaintiffs seek a determination that they remain secured creditors of the ERS and/or the Commonwealth notwithstanding Joint Resolution 188 and Act 106, or, in the alternative, a declaration that the diversion of plaintiff's collateral violated several provisions of the United States and Puerto Rico Constitutions."). A motion to dismiss the Altair Complaint is currently *sub judice* with this Court.

4. The FOMB submits this declaration to respond to the Sooknanan Declaration and supplement the record with respect to the alleged diminution in value of Movants' purported collateral and Movants' failure to allege any diminution resulting from the automatic stay.

5. On May 21, 2017, a petition under Title III of PROMESA was filed on behalf of ERS with the United States District Court for the District of Puerto Rico.

---

[3] Sooknanan Declaration ¶¶ 9-10.

[4] Sooknanan Declaration ¶ 13.

6. On July 3, 2018, Movants filed the Motion. On July 10, 2018, the FOMB filed its opposition to the Motion [Case No. 17-3283, D.I. 3465; Case No. 17-3566, D.I. 292] (the "FOMB Opposition"). Also on July 10, 2018, the Official Committee of Retired Employees of Puerto Rico (the "Retiree Committee") objected to the Motion [Case No. 17-3283, D.I. 3468; Case No. 17-3566, D.I. 293], the American Federation of State, County and Municipal Employees joined the FOMB's and the Retiree Committee's objections [Case No. 17-3283, D.I. 3469; Case No. 17-3566, D.I. 294], and the Official Committee of Unsecured Creditors joined the FOMB's and the Retiree Committee's objections [Case No. 17-3283, D.I. 3470; Case No. 17-3566, D.I. 296]. On July 17, 2018, Movants filed a reply in support of the Motion [Case No. 17-3283, D.I. 3592; Case No. 17-3566, D.I. 303].

7. On July 20, 2018, the Court entered an order noting that, for the reasons to be stated on the record, a preliminary hearing on the Motion pursuant to Bankruptcy Code § 362(e)(1) would be held at the July 25, 2018 omnibus hearing [Case No. 17-3283, D.I. 3654]. During the preliminary hearing on July 25, 2018, the Court stated "the lack of a showing relative to diminution of the value of collateral by reason of the automatic stay leads the Court to conclude at this juncture that there is a reasonable likelihood that the party opposing relief from the stay will prevail at the conclusion of the final hearing within the meaning of Section 362(e)(1)." July 25, 2018 Hr'g Tr. 81:9-14. Also during the preliminary hearing on July 25, 2018, in response to Movants' counsel's request, the Court remarked that it could set "a schedule for any further supplemental submissions and a response to the supplemental submission[s] in advance of the final hearing." July 25, 2018 Hr'g Tr. 82:10-16.

8. On August 3, 2018, Movants filed the Sooknanan Declaration as a supplemental submission in advance of the final hearing. Also on August 3, 2018, Movants filed the *Urgent*

*Motion to Set Supplemental Briefing and Discovery Schedule* [Case No. 17-3283, D.I. 3738; Case No. 17-3566, D.I. 308] (the "Urgent Motion"). On August 3, 2018, the FOMB filed an objection to the Urgent Motion [Case No. 17-3283, D.I. 3739; Case No. 17-3566, D.I. 309], and the Retiree Committee filed a joinder to the FOMB's objection to the Urgent Motion [Case No. 17-3283, D.I. 3739; Case No. 17-3566, D.I. 310]. On August 6, 2018, Movants filed a reply in support of their Urgent Motion [Case No. 17-3283, D.I. 3741; Case No. 17-3566, D.I. 311].

9. On August 6, 2018, the Court entered an order, setting "[t]he deadline for the Oversight Board to file a declaration, if any, to supplement the record with respect to the diminution of Movants' collateral as a result of the automatic stay and any other issue related to the [Motion as] August 10, 2018 at 5:00 p.m. (Atlantic Standard Time)." [Case No. 17-3283, D.I. 3747; Case No. 17-3566, D.I. 313].

10. The Sooknanan Declaration adds nothing to the record before the Court and merely repeats citations to documents already set forth in the Altair Complaint, a copy of which is attached to this declaration as **Exhibit A**.[5] The causes of action asserted in the Altair Complaint have not been stayed and remain pending before this Court.

11. Paragraph 3 of the Sooknanan Declaration quotes language from the *Pension Funding Bond Resolution* for the purpose of "establish[ing] Movants' liens." The *Pension Funding Bond Resolution* was attached for the same proposition as Exhibit A to the Altair Complaint.

12. Paragraphs 4 through 8 of the Sooknanan Declaration cite language from a hearing and various pre-Title III pleadings filed by ERS, the Commonwealth, and certain Commonwealth officials for such parties' alleged "admissions that establish Movants' liens."

---

[5] Due to the voluminous nature of the Altair Complaint, it is being attached hereto without its attendant exhibits.

5

These pleadings were cited for the same proposition in footnotes 6 and 7 of the Altair Complaint. As the FOMB has previously argued, Movants' contention that these pre-Title III statements are binding admissions "ignores that, prior to the ERS Title III case, ERS did not have the status of a hypothetical lien creditor nor the status of a trustee in bankruptcy, and is belied by the existence and prosecution of the Declaratory Relief Action." FOMB Opposition ¶ 9. In fact, the parties to the Joint Stipulation had always contemplated that ERS's filing of a Title III petition would give rise to additional rights, including the right to challenge the validity and perfection of alleged liens and security interests. *See Joint Stipulation and Order* (Apr. 11, 2017) ("Nothing in this Joint Stipulation and Order is intended to or shall prejudice whatever rights the Parties have pursuant to Title III of PROMESA if a Title III proceeding is commenced."). The commencement of ERS's Title III case delegated to the FOMB, on behalf of ERS as its trustee pursuant to PROMESA section 301(c)(7), the powers of a hypothetical lien creditor pursuant to Bankruptcy Code section 544(a)[6] and rights under § 9-317(a)(2) of the Uniform Commercial Code, each giving ERS superior rights to holders of unperfected security interests.

13. Paragraphs 9 and 10 of the Sooknanan Declaration cite language from *Joint Resolution for Other Allocations for Fiscal Year 2017-2018* ("Joint Resolution 188") and the *Law to Guarantee Payment to Our Pensioners and Establish a New Plan for Defined Contributions for Public Servants* ("Act 106") as supposed "evidence of the diversion and dissipation of Movants' collateral." These materials were cited in paragraphs 83 through 98 of the Altair Complaint.

14. Paragraphs 11 and 12 of the Sooknanan Declaration cite language from 19 L.P.R.A. §§ 2265(a) and 2106(2), provisions of Puerto Rico's version of Article 9 of the

---

[6] Made applicable by PROMESA section 301(a).

Uniform Commercial Code, which supposedly "establishes Movants' liens on any contributions made to the Commonwealth pursuant to Joint Resolution 188 and Act 106." This argument was presented in paragraphs 118 through 131 of the Altair Complaint.

15. ERS has commenced an action against Movants seeking declaratory relief that Movants' alleged liens on ERS's assets are invalid and unenforceable. Cross-motions for summary judgment are currently *sub judice* with this Court. *See, generally, ERS v. Altair Global Credit Opportunities Fund, LLC et al.*, Adv. Pro. 17-00213. The validity and enforceability of Movants' liens are therefore already subject to challenge as a matter of law, with no dispute of any material facts.

16. Paragraphs 13 and 14 of the Sooknanan Declaration cite language from *ERS's Basic Financial Statements and Required Supplementary Information* for the period ending June 30, 2014 and the *Commonwealth of Puerto Rico Fiscal Plan* released on October 14, 2016 as "evidence of the uncertainty of future employer contributions." ERS has addressed the irrelevance of the uncertainty of future employer contributions in connection with the Altair Complaint. *See Motion to Dismiss Altair Complaint* [Case No. 17-220, D.I. 41], at 3 ("The bottom line, however, is Plaintiffs knew from the outset that the employer contributions were legislatively revocable . . . ."). Moreover, the financial status of ERS in October 2016 has no bearing on whether the automatic stay in ERS's Title III case, filed in May 2017, is currently causing any diminution of Movants' alleged collateral or any asset of ERS.

17. Paragraphs 15 through 21 of the Sooknanan Declaration cite language from a variety of sources regarding the transition to a pay-as-you-go pension system as "evidence of the diversion and dissipation of Movants' collateral." The Sooknanan Declaration does not state

how actions taken by the Commonwealth in furtherance of Joint Resolution 188 or Act 106 constitute diminution in value as a result of the automatic stay.

18. Movants are seeking relief from ERS and the Commonwealth for the imposition of the "pay-go" legislation pursuant to the Altair Complaint. The FOMB, on behalf of ERS and the Commonwealth, has moved to dismiss the Altair Complaint on the basis that even if all of its allegations (which include all of the allegations set forth in the Sooknanan Declaration) are accepted as true, they fail to state any claim for which relief may be granted against ERS or the Commonwealth.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 10, 2018.

/s/ *Paul V. Possinger*
Paul V. Possinger

## Exhibit A

## Altair Complaint