# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS) |

## VERIFIED STATEMENT OF PRASA SECURED CREDITORS PURSUANT TO BANKRUPTCY RULE 2019

Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), certain creditors as identified on **Exhibit A** hereto (collectively, the "PRASA Secured Creditors") hereby submit this verified statement (this "Verified Statement"), and in support hereof state as follows:

1. Certain of the PRASA Secured Creditors or the investment advisors or managers on behalf of the PRASA Secured Creditors retained (a) Jones Day beginning in June 2015 and (b) Orlando Fernandez Law Offices, P.S.C. ("OF Law," and together with Jones Day, "Counsel") beginning in August 2018, in each case, to represent them as counsel in connection with a potential restructuring of the secured bonds (the "PRASA Bonds") issued by the Puerto Rico Aqueduct and Sewer Authority ("PRASA").

2. As of the date of this Verified Statement, Counsel represents (as that term is defined in Bankruptcy Rule 2019(a)(2)) the PRASA Secured Creditors in their capacities as beneficial holders of the PRASA Bonds. Counsel does not represent the PRASA Secured

Creditors in their capacities as beneficial holders of any bonds issued or guaranteed by the Commonwealth of Puerto Rico ("Constitutional Debt").

3. Other than the parties described in this Verified Statement and the *Verified Statement of the ERS Secured Creditors Pursuant to Bankruptcy Rule 2019*, as supplemented (Docket 3745), Counsel does not represent or purport to represent any other entities in connection with the Title III case of the Commonwealth of Puerto Rico (the "Debtor"). Counsel does not represent the PRASA Secured Creditors as a "committee" (as such term is used in the Bankruptcy Code and Bankruptcy Rules) and does not undertake to represent the interests of, and is not a fiduciary for, any creditor, party in interest, or other entity. In addition, the PRASA Secured Creditors do not represent or purport to represent any other entities in connection with the Debtor's Title III case.

4. Upon information and belief formed after due inquiry, neither Counsel nor any of the PRASA Secured Creditors holds any disclosable economic interests (as that term is defined in Bankruptcy Rule 2019(a)(1)) in relation to the Debtor other than (a) the claims arising from the PRASA debt instruments and related documents or the PRASA Secured Creditors' ownership of the PRASA Bonds, and (b) the Constitutional Debt and related claims arising from such debt instruments or related documents or the PRASA Secured Creditors' ownership of such debt.

5. The names and addresses of each of the PRASA Secured Creditors, together with the nature and amount of each disclosable economic interest held by each of them[1] in relation to the Debtor, are set forth in **Exhibit A** attached hereto. The information set forth in

---

[1] For the avoidance of doubt, the information set forth on Exhibit A relates solely to the PRASA Secured Creditors and not any affiliated entities.

-2-

-3-

**Exhibit A** is based on information provided to Jones Day by the PRASA Secured Creditors and is intended only to comply with Bankruptcy Rule 2019 and not provided for any other purpose.

6. Nothing contained in this Verified Statement is intended or shall be construed (a) to constitute consent to the jurisdiction of the Court over any matter, (b) as an admission with respect to any fact or legal theory, (c) as an acknowledgment that this Title III case was appropriately or lawfully commenced, or (d) as a waiver or release of any rights, claims, actions, or defenses to which the PRASA Secured Creditors are or may be entitled, in law or in equity, under any agreement, any constitution or otherwise, with all such rights, claims, actions, and defenses being expressly reserved.

7. The undersigned verify that the foregoing is true and correct to the best of their knowledge.

8. The PRASA Secured Creditors, through their undersigned counsel, reserve the right to amend or supplement this Verified Statement in accordance with the requirements of Bankruptcy Rule 2019 at any time in the future.

August 14, 2018

/s/ Orlando Fernandez
ORLANDO FERNANDEZ LAW
OFFICES, P.S.C.
#27 Calle González Giusti Ste. 300
Guaynabo, P.R. 00968-3076
Tel. (787) 294-5698
Fax: (787)759-6768
ofernandez@oflawoffice.com

*Puerto Rico Counsel for the PRASA Secured Creditors*

/s/ Bruce Bennett
Bruce Bennett (*pro hac vice*)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Tel. (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, NY 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

*Counsel for the PRASA Secured Creditors*

# EXHIBIT A

Each of the PRASA Secured Creditors has filed proofs of claim and requests for administrative expense treatment with respect to the Debtor on account of amounts owed to the PRASA Secured Creditors from the ownership of the PRASA Bonds and related claims and causes of action.

The amounts set forth on the following table with respect to Constitutional Debt reflect only outstanding principal amounts and do not include any other amounts that may be owing under or in connection with the Constitutional Debt, the PRASA Bonds or applicable law.

| **Name and Address** | **Disclosable Economic Interests** |
|---|---|
| Davidson Kempner International, Ltd.<br>Davidson Kempner Institutional Partners, L.P.<br>Davidson Kempner Partners<br>Davidson Kempner Distressed Opportunities Fund LP<br>M.H. Davidson & Co.<br>Davidson Kempner Distressed Opportunities International Ltd.<br><br>520 Madison Avenue, 30th Floor<br>New York, NY 10022 | $302,142,000 Constitutional Debt[1] |
| GoldenTree Asset Management LP on behalf of funds and accounts for which it serves as investment manager<br><br>300 Park Avenue, 20th Floor<br>New York, NY 10022 | $162,799,000 Constitutional Debt[2] |
| GMO Global Real Return (UCITS) Fund, a sub-fund of GMO Funds plc<br>GMO Implementation Fund, a series of GMO Trust<br>GMO Credit Opportunities Fund, L.P.<br><br>40 Rowes Wharf<br>Boston, MA 02110 | $5,000,000 Constitutional Debt |

---

[1] Davidson Kempner has also filed proofs of claim with respect to the Commonwealth on account of amounts owing under or in connection with Constitutional Debt and with ownership of bonds in a non-Title III debtor and related claims and causes of action.

[2] GoldenTree has also filed proofs of claim with respect to the Commonwealth on account of amounts owing under or in connection with ownership of bonds in COFINA and a non-Title III debtor and related claims and causes of action.

-2-

| Name and Address | Disclosable Economic Interests |
|---|---|
| Laguna Ray, L.L.C.<br><br>909 3rd Avenue, P.O. Box 13<br>New York, NY 10022 | $5,100,000 Constitutional Debt |
| Silver Point Capital Offshore Master Fund, L.P.<br>Silver Point Capital Fund, L.P.<br><br>2 Greenwich Plaza, 1st Floor<br>Greenwich CT 06830 | $137,229,000 Constitutional Debt[3] |
| Taconic Opportunity Master Fund L.P.<br>Taconic Master Fund 1.5 L.P.<br><br>280 Park Avenue, 5th Floor<br>New York, NY 10017 | $97,841,161 Constitutional Debt[4] |

---

[3] Silver Point has also filed proofs of claim with respect to the Commonwealth on account of amounts owing under or in connection with Constitutional Debt and with ownership of bonds in PREPA, COFINA and non-Title III debtors and related claims and causes of action.

[4] Taconic Capital has also filed proofs of claim with respect to the Commonwealth on account of amounts owing under or in connection with Constitutional Debt and with ownership of bonds in COFINA, HTA, and a non-Title III debtor and related claims and causes of action.