# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** ) | **PROMESA** |
| ) | **Title III** |
| ) | |
| **THE FINANCIAL OVERSIGHT AND** ) | **No. 17 BK 3283-LTS** |
| **MANAGEMENT BOARD FOR PUERTO RICO,** ) | |
| ) | **(Jointly Administered)** |
| ) | |
| as representative of ) | |
| ) | |
| **THE COMMONWEALTH OF PUERTO RICO** ) | **Objection deadline:** August 28, 2018 at |
| *et al.*, ) | 4:00 p.m. (Atlantic Standard Time) or such other |
| ) | deadline as ordered by the Court |
| ) | |
| **Debtors.**[1] ) | **Hearing date:** September 13, 2018 at 9:30 a.m. |
| ) | (Atlantic Standard Time) or such other hearing |
| ) | date as ordered by the Court |
| ) | |

## FEE EXAMINER'S MOTION TO IMPOSE PRESUMPTIVE STANDARDS AND TIMELINESS REQUIREMENTS FOR PROFESSIONAL FEE APPLICATIONS

TO:    THE HONORABLE LAURA TAYLOR SWAIN
       UNITED STATES DISTRICT JUDGE:

The Fee Examiner in these proceedings, pursuant to the Court's October 6, 2017 *Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(A) Appointing a Fee Examiner and Related Relief* (the "**Fee Examiner Order**") [Dkt. No. 1416] and the *First Amended Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(A) Appointing a Fee Examiner and Related Relief* [Dkt. No. 3324] (the "**Amended**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**Fee Examiner Order**"), moves the Court to enter an *Order Imposing Additional Reporting Requirements and Presumptive Standards for Professional Fee Applications*, a draft of which is attached as **Exhibit A** (the "**Proposed Order for Presumptive Fee Standards**"). This motion articulates presumptive but rebuttable standards of reasonableness and necessity for specific categories of professional services of particular concern and recommends timely application requirements. In support of the motion, the Fee Examiner and his counsel represent that:

## BACKGROUND

1. The Court entered the Fee Examiner Order on October 6, 2017 and the Amended Fee Examiner Order on June 20, 2018.

2. On November 8, 2017, on the motion of the Fee Examiner, the Court entered the *First Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. 1715] (the "**First Amended Interim Compensation Order**"). On June 6, 2018, the Court entered the *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. 3269] (the "**Second Amended Interim Compensation Order**").

3. On March 1, 2018, the Fee Examiner filed the *Fee Examiner's Initial Report* [Dkt. No. 2645] (the "**Fee Examiner's First Interim Report**") recommending Court approval of a large group of First Interim Fee Period applications, many as adjusted, or their consensual deferral.

4. On March 7, 2018, at an omnibus hearing, the Court accepted the Fee Examiner's First Interim Report and, after a colloquy about practices and procedures and without objection to any pending fee application, the Court entered the *Omnibus Order Awarding Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses for the First Interim Compensation Period From May 3 Through September 30, 2017* [Dkt.

No. 2685] (the "**First Interim Compensation Order**") approving—on an interim basis—30 First Interim Fee Period Applications.

5. On April 16, 2018, the Fee Examiner filed the *Fee Examiner's Supplemental Report and Informative Motion on Uncontested Fee Applications for the First Interim Compensation Period (May 3-September 30, 2017) Recommended for Court Approval at or Before the Omnibus Hearing on April 25, 2018 at 9:30 A.M. (AST)* [Dkt. No. 2909], and on April 17, 2018, the Court entered the *Omnibus Order Awarding Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses for the First Interim Compensation Period From May 3 Through September 30, 2017* [Dkt. No. 2911].

6. On May 30, 2018, the Fee Examiner filed the *Fee Examiner's Second Report on Professional Fees and Expenses* [Dkt. No. 3193] (the "**Fee Examiner's Second Interim Report**") recommending Court approval of a large group of Second Interim Fee Period applications, many as adjusted, or their consensual deferral.

7. On June 6, 2018, at an omnibus hearing, the Court accepted the Fee Examiner's Second Interim Report, and after a colloquy about practices and procedures and without objection to any pending fee application, the Court entered the *Omnibus Order Awarding Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses for the Second Interim Compensation Period From October 1 Through January 31, 2018* [Dkt. No. 3279] (the "**Second Interim Compensation Order**") approving—on an interim basis—23 Second Interim Fee Period Applications and four deferred First Interim Fee Period Applications.

8. On June 20, 2018, the Court entered the Amended Fee Examiner Order [Dkt. No. 3324] providing that the scope of the Fee Examiner's appointment would extend to fees for

3

services performed before a professional's formal appointment or retention and, in limited circumstances, in matters other than these Title III proceedings.

9. On July 18, 2018, the Fee Examiner filed the *Fee Examiner's Supplemental Report, Status Report, and Informative Motion on Uncontested Fee Applications for the First (May 3-September 30, 2017) and Second (October 1, 2017-January 31, 2018) Interim Compensation Periods* [Dkt. No. 3613] (the "**Fee Examiner's First Supplemental Report**") recommending Court approval of nine deferred interim fee period applications, many as adjusted, or the continued deferral of a group of interim fee period applications.

10. On July 20, 2018, the Court entered the *Supplemental Omnibus Order Awarding Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses for the First and Second Interim Compensation Periods From May 3 Through September 30, 2017 and From October 1, 2017 Through January 31, 2018* [Dkt. No. 3656] (the "**First Supplemental Interim Compensation Order**") approving—on an interim basis—the nine deferred interim fee period applications the Fee Examiner had recommended.

11. The Fee Examiner's reports have described the qualitative and quantitative review of professional fee applications for the first nine months of these cases. The reports have summarized and commented on the applicants' efforts to comply with the "reasonableness and necessity" requirements of PROMESA and related standards. The reports also have recognized the unique nature of the cases and the sometimes unusual demands they place on professionals and the Court. Finally, the reports have identified areas where professional compliance and efficiency might be improved significantly.

12. Pursuant to the Interim Compensation Order, the First Amended Interim Compensation Order, and the Second Amended Interim Compensation Order (the "**Interim**

4

**Compensation Procedures**"), professionals began submitting applications for the Third Interim Compensation Period (February 1, 2018 to May 31, 2018) on July 16, 2018. To date, 32 professionals have filed Third Interim Compensation Period applications totaling more than $78 million for the four-month period. Fees and expenses requested through the Title III fee review process for the first through third interim fee periods (through May 31, 2018) total more than $223 million.[2]

## GROUNDS FOR PRESUMPTIVE STANDARDS

13. The Fee Examiner's reports and the transcripts of hearings discussing those reports provide the support necessary for the relief requested.

14. At the June 6, 2018 hearing, the Court reiterated its points of emphasis from the March 7, 2018 hearing, including its concerns about "cost containment" and the possibility of "additional potential measures" with respect to duplication of effort and "overstaffing." [*Tr*. 35:22-36:15, June 6, 2018.] The Court noted that "the careful use of resources is required as we work our way through these unprecedented and highly complex problems." [*Id.* at 36:7-8.] Inquiring about the Fee Examiner's written suggestions, the Court remarked that those measures could—after notice and a hearing—include "presumptive restriction[s]" and other cost-containment requirements. [*Id*. at 43:13-45:16.]

15. Based on the experience and observations in reviewing first and second interim applications—including extensive discussions with Professionals—the Fee Examiner has concluded that selected recommendations from the Fee Examiner's reports could appropriately

---

[2] This figure does not precisely reflect the total fees and expenses requested for Title III services because it includes non-Title III services provided to some Debtors, reviewed at the specific request of those Debtors. In addition, for some professional services, the distinction between Title III and non-Title III work is not a bright line.

be the subject of a Court order. An example arising from a single adversary proceeding illustrates the problem of significant overstaffing and duplication in litigation:

    a)    On July 13, 2018, the Court denied the motion to dismiss the Title III proceedings on constitutional grounds filed by bondholders last year. *In re The Financial Oversight and Management Board for Puerto Rico*, No. 17-3283 (D.P.R.) (the "**Appointments Clause Litigation**"). Preceding that decision, four interested estate-paid parties filed four separate briefs defending the constitutionality of PROMESA, making distinct but overlapping arguments. The effort involved at least five law firms subject to Title III fee review and more than 120 timekeepers at those firms. The total cost of briefing and oral argument to defend PROMESA's constitutionality exceeds $3 million. Without guidance, the Court can anticipate similarly duplicative briefing and argument in other adversary proceedings.

    b)    On July 17, 2018, the bondholders in that litigation filed a Notice of Appeal with the U.S. Court of Appeals for the First Circuit. Absent guidance, again, the Fee Examiner expects multiple briefs from multiple parties united in ultimate interest. Such duplication can be neither reasonable nor necessary given the virtual identity of the parties' positions on appeal.

## REQUESTED PRESUMPTIONS

16.    Specifically, the Fee Examiner moves the Court to enter an Order establishing the following rebuttable presumptions:

    a)    For attendance at mediation sessions, fees and expenses incurred by any more than two timekeepers per professional firm are not compensable.

    b)    For attendance at hearings in which a professional anticipates a speaking role, fees and expenses incurred for attendance by timekeepers other than those with meaningful speaking roles (plus one additional timekeeper per speaker) are not compensable. In addition, the local rules require *pro hac vice* sponsors to appear with their co-counsel and, accordingly, each party participating in a hearing will be compensated for the attendance of Puerto Rico counsel, whether or not the latter speaks at the hearing.

    c)    For monitoring hearings (whether in person or by telephone) in which the professional has no meaningful speaking role, fees and expenses incurred by any more than one timekeeper per professional are not compensable.

    d)    Fees and expenses incurred for reviewing generally available broadcast and published news reports or summaries about these cases are not compensable. In considering whether this presumption has been rebutted, the Fee Examiner and—ultimately—the Court may consider whether information or pleadings obtained

6

through legal industry publications covering Puerto Rico, such as Reorg Research and Debtwire, were unreasonably delayed or withheld from interested parties and, therefore, were reasonably available *only* through media accounts.

e) For legal professionals, fees and expenses incurred to review case dockets on a daily, weekly, or other routine periodic basis by any more than one designated timekeeper (at a time) are not compensable. A paraprofessional should perform this task wherever possible.

f) For non-legal professionals (financial professionals, consultants), fees and expenses incurred to monitor case dockets and review legal pleadings (other than to review summaries prepared by counsel) are not compensable, except to the extent the review is explicitly directed by a legal professional for a specifically stated purpose.

g) Any motion for intervention or for permission to file an *amicus* brief in any court presiding over matters arising in or under Title III of PROMESA, or related to these Title III cases, shall contain a statement by the movant's counsel that it has consulted with the principal party or parties in the proceeding and that a separate pleading or separate participation is ethically or practically required to represent the moving parties' interests and, further, that a joint, shared, or partially shared pleading will not fulfill that obligation. Intervention briefs required pursuant to the order of a court will not be subject to this presumption.

17. These presumptions, which incorporate standards already in use by the Fee Examiner and counsel, are rebuttable, but the burden remains on each professional to demonstrate the reasonableness and necessity of fees and expenses exceeding these standards in light of the unique facts and circumstances presented.

18. If adopted, these presumptions would not restrict any party, including the U.S. Trustee and the Fee Examiner, from objecting to a professional's fees and expenses even within the parameters of these presumptions. Thus, for instance, any party in interest could object to the attendance of even one timekeeper at a hearing or mediation session if the applicant has not established the reasonableness and necessity of attendance.

19. This motion recognizes the unique aspects of these cases and the fact that all professionals and interested parties are not necessarily similarly situated. The Fee Examiner,

therefore, reserves the right to elect *not* to apply a presumption to a professional application if, in his judgment, application of the presumption would be unreasonable under the circumstances.

20. Fees incurred by applicants to provide the basis for rebutting a presumption in an initially filed fee application are compensable if they are otherwise reasonable. Fees incurred to respond to Fee Examiner requests for necessary information inappropriately omitted from a fee application, to negotiate extensively with the Fee Examiner over presumptions and/or adjustments to interim fee applications, or to litigate matters related to professional fees— including these presumptions—will not be recommended for compensation unless the Court concludes that the applicant has substantially prevailed in challenging the Fee Examiner's position.

21. Ordering the relief requested, as are all matters relating to case administration, is soundly within the discretion of the Court.

22. With the relief requested in this Motion, the Fee Examiner does not intend to alter or amend any previously issued order concerning the employment or retention of professionals. To the extent that a conflict exists between the terms of any presumptive standards order arising from this Motion and a professional's court-approved express retention terms, the Fee Examiner anticipates that the retention order will provide support for rebutting a presumption.

23. The Fee Examiner may request additional presumptions based on issues that emerge in the review of subsequent or pending-but-unresolved interim fee applications.

### REQUESTED TIMELINESS REQUIREMENTS

24. Any "reasonableness and necessity" analysis addressing duplicative advocacy or the overlap of services necessarily requires the timely submission of all of the relevant fee applications at approximately the same time. That has not consistently been the practice here.

25. To provide an incentive for timely submission and comprehensive reporting to the Court, the Fee Examiner recommends that any professional more than four months behind in filing an interim fee application be prohibited from submitting monthly statements for payment under the Interim Compensation Procedures until the late interim application has been filed.

## RELIEF REQUESTED

26. For all of these reasons, this motion seeks the entry of the **Order for Presumptive Fee Standards**, attached as **Exhibit A**.

## CERTIFICATION

27. Given the nature of the relief requested and the circumstances giving rise to this Motion, the Fee Examiner has consulted with and heard the views of many, but not all key constituencies, as required in the Case Management Procedures. Nevertheless, he anticipates objections to this Motion.

**WE HEREBY CERTIFY**: that on this date, we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all attorneys of record registered in the use of the CM/ECF system.

Dated this 21st day of August, 2018.

EDGE Legal Strategies, PSC

  *s/Eyck O. Lugo*
Eyck O. Lugo
252 Ponce de León Avenue
Citibank Tower, 12th Floor
San Juan, PR  00918
Telephone:  (787) 522-2000
Facsimile:  (787) 522-2010

*Puerto Rico Counsel*

                              GODFREY & KAHN, S.C.
                              One East Main Street, Suite 500
                              Madison, WI 53703
                              Telephone: (608) 257-3911
                              Facsimile: (608) 257-0609

                              Katherine Stadler (*Pro Hac Vice*)

                              *Counsel for the Fee Examiner*

19150891.7

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** | ) PROMESA<br>) Title III<br>) |
| **THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,** | ) No. 17 BK 3283-LTS<br>)<br>) **(Jointly Administered)** |
| as a representative of | ) |
| **THE COMMONWEALTH OF PUERTO RICO** *et al.*, | ) |
| **Debtors.**[1] | ) |

### ORDER ON FEE EXAMINER'S MOTION TO IMPOSE PRESUMPTIVE STANDARDS AND TIMELINESS REQUIREMENTS FOR PROFESSIONAL FEE APPLICATIONS

Upon the *Fee Examiner's Motion to Impose Presumptive Standards and Timeliness Requirements for Professional Fee Applications* (the "Motion"); and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA sections 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Fee Examiner provided adequate and appropriate notice of the Motion under the circumstances, including that the relief

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

sought in the Motion is supported by good cause as contemplated by Bankruptcy Rule 9006, and that no other or further notice is required; and the Court having reviewed the Motion and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after a hearing on September 13, 2018, due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED**;

2. The following presumptive standards shall govern all fee applications filed in these Title III cases, whether filed before or after the entry of this Order, except that any interim fee application that has been allowed or partially allowed through the entry of an interim compensation order shall not be subject to retroactive application of these standards:

    a. For attendance at mediation sessions, fees and expenses incurred by any more than two timekeepers per professional firm are not compensable.

    b. For attendance at hearings in which a professional anticipates a speaking role, fees and expenses incurred for attendance by timekeepers other than those with meaningful speaking roles (plus one additional timekeeper per speaker) are not compensable. In addition, the local rules require *pro hac vice* sponsors to appear with their co-counsel and, accordingly, each party participating in a hearing will be compensated for the attendance of Puerto Rico counsel, whether or not the latter speaks at the hearing.

    c. For monitoring hearings (whether in person or by telephone) in which the professional has no meaningful speaking role, fees and expenses incurred by any more than one timekeeper per professional are not compensable.

    d. Fees and expenses incurred for reviewing generally available broadcast and published news reports or summaries about these cases are not compensable. In considering whether this presumption has been rebutted, the Fee Examiner and—ultimately—the Court may consider whether information or pleadings obtained through legal industry publications covering Puerto Rico, such as Reorg Research and Debtwire, were unreasonably delayed or withheld from interested parties and, therefore, were reasonably available *only* through media accounts.

    e.    For legal professionals, fees and expenses incurred to review case dockets on a daily, weekly, or other routine periodic basis by any more than one designated timekeeper (at a time) are not compensable. A paraprofessional should perform this task wherever possible.

    f.    For non-legal professionals (financial professionals, consultants), fees and expenses incurred to monitor case dockets and review legal pleadings (other than to review summaries prepared by counsel) are not compensable, except to the extent the review is explicitly directed by a legal professional for a specifically stated purpose.

    g.    Any motion for intervention or for permission to file an *amicus* brief in any court presiding over matters arising in or under Title III of PROMESA, or related to these Title III cases, shall contain a statement by the movant's counsel that it has consulted with the principal party or parties in the proceeding and that a separate pleading or separate participation is ethically or practically required to represent the moving parties' interests and, further, that a joint, shared, or partially shared pleading will not fulfill that obligation. Intervention briefs required pursuant to the order of a court will not be subject to this presumption.

3.    The burden remains on each professional to demonstrate the reasonableness and necessity of fees and expenses exceeding these standards in light of the unique facts and circumstances presented.

4.    Nothing in this Order shall restrict any party, including the U.S. Trustee and the Fee Examiner, from objecting to a professional's fees and expenses even within the parameters of these presumptions.

5.    Nothing in this Order shall restrict the Fee Examiner from, in his discretion, electing *not* to apply a presumption to a professional application if, in his judgment, application of the presumption would be unreasonable under the circumstances.

6.    Fees incurred by applicants to provide the basis for rebutting a presumption in an initially filed fee application are compensable if they are otherwise reasonable. Fees incurred to respond to Fee Examiner requests for necessary information inappropriately omitted from a fee application, to negotiate extensively with the Fee Examiner over presumptions and/or

3

adjustments to interim fee applications, or to litigate matters related to professional fees—including these presumptions—will not be compensable unless the Court concludes that the applicant has substantially prevailed in challenging the Fee Examiner's position.

7. Nothing in this Order shall alter or amend any express term of a previously entered order concerning the employment or retention of a professional. To the extent that a conflict exists between the terms of this Order and a professional's court-approved express retention terms, a retention order may provide support for rebutting a presumption.

8. Any professional more than four months behind in filing an interim fee application shall be prohibited from submitting monthly statements for payment under the Interim Compensation Procedures until the late interim application has been filed.

9. The Fee Examiner may, upon notice and a hearing, request additional presumptions based on issues that emerge in the review of subsequent or pending but unresolved interim fee applications.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

11. This Order resolves docket entry no. \_\_\_\_.

SO ORDERED.

Dated: _____, 2018

_____
LAURA TAYLOR SWAIN
United States District Judge

19374535.2