**Hearing Date**: September 13, 2018 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: August 28, 2018 at 4:00 p.m. (Atlantic Standard Time)

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**Re: ECF Nos. 242, 537, 1417** |

**MOTION FOR ENTRY OF ORDER
AMENDING, *NUNC PRO TUNC*, JOINT ADMINISTRATION ORDER**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "**Oversight Board**"), as the representative of the Commonwealth of Puerto Rico (the "**Commonwealth**"), the Puerto Rico Sales Tax Financing Corporation ("**COFINA**"), the Puerto Rico Highways and Transportation Authority ("**HTA**"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**"), and the Puerto Rico Electric Power Authority ("**PREPA**," and together with the Commonwealth, COFINA, HTA, and ERS, the "**Debtors**") in these Title III cases pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Economic Stability Act* ("**PROMESA**"),[2] respectfully submits this motion (the "**Motion**"), pursuant to section 105 of title 11 of the United States Code (the "**Bankruptcy Code**"), made applicable to these cases by PROMESA section 301(a), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order Amending Joint Administration Order**"), amending, *nunc pro tunc,* the *Order Pursuant to PROMESA Section 304(g) and Bankruptcy Rule 1015(b) Directing Joint Administration of Title III Cases and Granting Related Relief* [ECF No. 242] (as supplemented on June 29, 2017 [ECF No. 537] and October 6, 2017 [ECF No. 1417], the "**Joint Administration Order**"). In support of this Motion, the Oversight Board respectfully represents as follows:

### Jurisdiction and Venue

1. The United States District Court for the District of Puerto Rico (the "**Court**") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2. Venue is proper pursuant to PROMESA section 307(a).

3. The statutory predicate for the relief sought herein is Bankruptcy Code section 105(a), made applicable to the Title III cases by PROMESA section 301(a), PROMESA sections 316 and 317, and Bankruptcy Rule 2016, made applicable to these title III cases by PROMESA section 310.

### Preliminary Statement

4. For administrative efficiency reasons, the Commonwealth, through the Puerto Rico Treasury Department ("**Treasury**"), has paid directly a substantial amount of Title III professionals' fees and expenses, including those that correspond to Debtors other than the Commonwealth. To ensure that the Commonwealth is reimbursed for any such amounts, the Oversight Board requests the Court to enter an order, *nunc pro tunc* to the petition dates of each

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

Debtor, amending the Joint Administration Order to include a provision allowing the Commonwealth to pay the fees and expenses of Title III professionals of each of the other Debtors, as long as the Commonwealth is reimbursed, as provided below.

5. This request is aimed only at clarifying the obligations among the various Debtors and to provide for administrative efficiency in the payment of fees and expenses of Title III professionals.

**Background**

6. On June 1, 2017, the Court entered the *Joint Administration Order* [ECF No. 242], consolidating, for administrative purposes, the Title III cases of the Commonwealth and COFINA.

7. On June 29, 2017, the Court entered the *Order (A) Pursuant to PROMESA Section 304(g), Directing Joint Administration of Initial Title III Cases and Additional Title III Cases, and (B) Pursuant to Section 105(a) of the Bankruptcy Code, Making Certain Order Entered on First Day Pleadings Applicable to the Additional Title III Cases* [ECF No. 537], consolidating, for administrative purposes, the Title III cases of the Commonwealth and COFINA with the Title III cases of HTA and ERS, and making certain first day orders applicable to HTA and ERS.

8. On October 1, 2017, the Court entered the *Order (A) Pursuant to PROMESA Section 304(g), Directing Joint Administration of Initial Title III Cases and Additional Title III Case, (B) Pursuant to Section 105(a) of the Bankruptcy Code, Making Certain Orders Entered in the Initial Title III Cases Applicable to the Additional Title III Case, and (C) Pursuant to Section 105(a) of the Bankruptcy Code, Maintaining the Effect of Certain Pleadings Filed in the Additional Title III Case* [ECF No. 1417], consolidating, for administrative purposes, the Title III

cases of the Commonwealth, COFINA, HTA, and ERS with the Title III case of PREPA, and making certain orders and pleadings applicable to PREPA.

### Relief Requested

8. By this Motion, the Debtors seek entry of an order, substantially in the form of the Order Amending Joint Administration Order, attached hereto as **Exhibit A**, amending, *nunc pro tunc* to the Petition Date of each of the Debtors, the Joint Administration Order to: (a) provide that the Commonwealth may continue paying the fees and expenses of the Title III professionals of each of the other Debtors; and (b) such other Debtors will reimburse the Commonwealth for such payments, as provided below.

### Basis for Relief

9. Section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a); *see also* PROMESA section 301(d) (references to "this title" under the Bankruptcy Code are deemed to be references to title III of PROMESA).

10. The Oversight Board requests that the Court enter the Order Amending Joint Administration Order, which would add the following language to the Joint Administration Order:

> For administrative efficiency purposes only, the Commonwealth is authorized to pay the fees and expenses incurred by Title III professionals on behalf of the other Debtors, provided that the Commonwealth is timely reimbursed for any payments made. For the avoidance of doubt, such payments do not constitute a consolidation of amounts owed between or among the Debtors.
>
> To the extent a Debtor has not reimbursed the Commonwealth for any professional fees and expenses paid on its behalf as of the date of this Order, such Debtor shall reimburse the Commonwealth for such payments within 45 days of this Order.
>
> Nothing herein modifies the *Order Approving COFINA Agent's Motion Pursuant to 48 U.S.C. § 2161 And 11 U.S.C. § 105(A) for Order: (I) Confirming that 48*

*U.S.C. § 2125 Applies to COFINA Agent; (ii) Confirming Retention of Local Counsel; and (iii) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals* [ECF No. 1612] with respect to the payment of Agent/Professional Fees, as defined therein.

Nothing herein authorizes payment from segregated accounts at the Bank of New York Mellon ("**BNYM**") holding (i) interpleaded monthly payments of principal and interest due to be paid by BNYM to holders of COFINA bonds as defined in the Court's May 30, 2017 *Order Granting Interpleader, Staying Pending and Future Litigation Against the Bank of New York Mellon, as Trustee, Pursuant to 28 U.S.C. § 2361, and Granting Related Relief* [Case No. 17-00133, ECF No. 110], and/or (ii) the 5.5% SUT revenues in BNYM accounts as defined in the Court's July 24, 2018 *Order, Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019, Establishing Procedures Governing 5.5% SUT Revenues Collected On or After July 1, 2018* [Case No 17-00257, ECF No. 534].

### Notice

11. The Debtors have provided notice of this Motion to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against COFINA; (d) counsel to the statutory committees appointed in these Title III cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) the Puerto Rico Department of Justice; (g) the Other Interested Parties;[3] and (h) all parties filing a notice of appearance in these Title III cases. The Oversight Board submits that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

---

[3] The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

**WHEREFORE** the Oversight Board respectfully requests the Court (a) grant the Motion, (b) enter the Order Amending Joint Administration Order, and (c) grant such other relief as is just and proper.

Dated: August 21, 2018
      San Juan, Puerto Rico

/s/ Martin J. Bienenstock

Martin J. Bienenstock (admitted pro hac vice)
Brian S. Rosen (admitted pro hac vice)
Paul V. Possinger (admitted pro hac vice)
Ehud Barak (admitted pro hac vice)
Maja Zerjal (admitted pro hac vice)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as Representative for Debtors*

/s/ Herman D. Bauer

Hermann D. Bauer
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as Representative for Debtors*

**<u>Exhibit A</u>**

**Order Amending Joint Administration Order**

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                      Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**Re: ECF Nos. 242, 537, 1417** |

## ORDER AMENDING JOINT ADMINISTRATION ORDER

Upon the *Motion for Entry of Order Amending Joint Administration Order* (the "**Motion**");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before the Court

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined shall have the same meaning as ascribed to them in the Motion.

(the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn, resolved, or overruled on the merits; and after due deliberation and sufficient cause appearing therefor; it is **HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. For administrative efficiency purposes only, the Commonwealth is authorized to pay the fees and expenses incurred by Title III professionals on behalf of the other Debtors, *provided that* the Commonwealth is timely reimbursed for any payments made. For the avoidance of doubt, such payments do not constitute a consolidation of amounts owed between or among the Debtors.

3. To the extent a Debtor has not reimbursed the Commonwealth for any professional fees and expenses paid on its behalf as of the date of this order, such Debtor shall reimburse the Commonwealth for such payments within 45 days of this order.

4. Nothing herein modifies the *Order Approving COFINA Agent's Motion Pursuant to 48 U.S.C. § 2161 And 11 U.S.C. § 105(A) for Order: (I) Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent; (ii) Confirming Retention of Local Counsel; and (iii) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals* [ECF No. 1612] with respect to the payment of Agent/Professional Fees, as defined therein.

5. Nothing herein authorizes payment from segregated accounts at the Bank of New York Mellon ("**BNYM**") holding (i) interpleaded monthly payments of principal and interest due to be paid by BNYM to holders of COFINA bonds as defined in the Court's May 30, 2017 *Order Granting Interpleader, Staying Pending and Future Litigation Against the Bank of New York Mellon, as Trustee, Pursuant to 28 U.S.C. § 2361, and Granting Related Relief* [Case No. 17-

00133, ECF No. 110], and/or (ii) the 5.5% SUT revenues in BNYM accounts as defined in the Court's July 24, 2018 *Order, Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019, Establishing Procedures Governing 5.5% SUT Revenues Collected On or After July 1, 2018* [Case No 17-00257, ECF No. 534].

6.  Except as specifically set forth in this order, the Joint Administration Order shall remain in full force and effect.

7.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.

Dated: _____, 2018
San Juan, Puerto Rico

                                                          LAURA TAYLOR SWAIN
                                                          United States District Judge