# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　　　　　　　Debtors.[1] | PROMESA<br><br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### FIFTH OMNIBUS ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Upon the *Debtors' Fifth Omnibus Motion for Approval of Modifications to the Automatic Stay* (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306; and it appearing that venue in this district is proper pursuant to PROMESA section 307; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the relief

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Pursuant to Bankruptcy Code sections 362(d)(1) and 105(a), made applicable to the Title III cases by PROMESA section 301(a), the Title III Stay is modified as set forth in the attached Exhibit 1 for matters subject to prior stipulations among or between the applicable Debtor and counterparty(ies), *nunc pro tunc* to the dates specified therein.

3. Pursuant to Bankruptcy Code sections 362(d)(1) and 105(a), the Title III Stay is modified as set forth in the attached Exhibit 2 for such specified cases filed against the Commonwealth, as representative of certain members of the Legislative Assembly, *nunc pro tunc* to August 17, 2018 (the date of the Motion).

4. All rights, defenses, and protections of each of the Debtors with respect to any matters pending or that may arise in their respective Title III Cases, including the treatment of any claim arising from the matters set forth on Exhibits 1 and 2 hereof under a plan of adjustment or otherwise in the Title III Case are hereby reserved. Nothing in this Order or the Debtors' consent to stay modification as set forth in the Motion shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of the Debtors' rights to dispute, contest, setoff, or recoup any claim, including any claims asserted in the subject actions, or assert any related rights, claims, or defenses and all such rights are reserved; or (c) an approval or assumption of any agreement or contract between the parties under Bankruptcy Code section 365.

5. Notwithstanding any applicability of any Federal Rule of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable

upon its entry.

6. The Court shall retain jurisdiction to hear and determine all matters (a) arising from or related to the implementation, enforcement, or interpretation of this Order and (b) concerning the execution or enforcement in the Title III cases of any judgment entered in a prepetition ordinary course civil action where the Debtors agreed to modify or lift the Title III Stay to allow the action to proceed to judgment by the underlying court.

SO ORDERED.

Dated: August 21, 2018

>/s/ Laura Taylor Swain
> LAURA TAYLOR SWAIN
> United States District Judge

**Exhibit 1**

**TITLE III STAY MODIFICATIONS AGREED TO BY THE DEBTORS
FROM JUNE 20, 2018 THROUGH AUGUST 17, 2018**

| | Case Information | Movant(s) | Debtor | Brief Description of Modification | Stipulation Date |
|---|---|---|---|---|---|
| 1. | *Dino Dimario, et al. v. Puerto Rico Electric Power Authority, et. al.*, Case No. 16-2897 (FAB), U.S. District Court for the District of Puerto Rico<br><br>Action related to automotive accident resulting in death | Dino Dimario and Cheryl Steele | PREPA | Modification of the stay to the limited extent necessary to enable the prepetition action to proceed to judgment before the District Court; provided, however, the Title III stay shall continue to apply in all other respects to the prepetition action, including, but not limited to, the execution and enforcement of any judgment, injunction, any claims for money damages, and provisional remedies against PREPA, if any, or any other Title III debtor. | April 24, 2018<br><br>(This stipulation was inadvertantly omitted from the Fourth Omnibus Motion.) |
| 2. | *Hernández Rodríguez personally and on behalf of A.L.H. v. Department of Education*, Case No. 15-1157 (PAD), U.S. District Court for the District of Puerto Rico<br><br>Attorney's Fees (IDEA) | Maria Hernández Rodríguez and her minor son, A.L.H. | Commonwealth | In the interest of justice and without conceding or admitting liability, the Parties have agreed to settle all matters related to Movants' claims under section 1415(i)(3)(B) of IDEA for the recovery of the attorney's fees and taxable costs spent in the litigation of the Prepetition Action.<br><br>The Title III Stay is hereby modified solely to the limited extent necessary to allow Movants to enforce this Stipulation and seek payment of the Settlement Amount from the Commonwealth; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Actions including, but not limited to, the execution and enforcement of any judgment for damages and provisional remedies. | April 27, 2018, and amended on July 3, 2018<br><br>(This stipulation was pending reconciliation with the Oversight Board's records.) |
| 3. | *Puerto Rico Electric Power Authority v. Manuel González-Joy, et. al.*, Civil | Manuel González-Joy | PREPA | Modification of the stay to the limited extent necessary to enable the prepetition action to proceed to judgment before the Commonwealth Court; provided, however, the Title III stay shall continue to apply in all other respects to the prepetition action, | May 28, 2018<br><br>(This stipulation was inadvertantly omitted |

1

| | Case Information | Movant(s) | Debtor | Brief Description of Modification | Stipulation Date |
|---|---|---|---|---|---|
| | Case No. KEF2008-0389, Puerto Rico Court of First Instance, San Juan Part

Eminent domain action | | | including, but not limited to, the execution and enforcement of any judgment, injunction, any claims for money damages, and provisional remedies against PREPA, if any, or any other Title III debtor. | from the Fourth Omnibus Motion.) |
| 4. | *Juan Melendez Perez v. Departmento De Educacion*, Case No. 2004-11-0784

Administrative Agency of Puerto Rico (Commission for Appeals of Public Service) (CASP)

Employment discrimination case | Juan Melendez Perez | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to (a) allow for the Prepetition Action to proceed to final judgment and/or resolution before the Administrative Forum solely with respect to the Motion Requesting Reconsideration of Resolution and in Compliance with Order, dated March 10, 2018 (the "Reconsideration Motion") (b) allow any appeal of the Administrative Forum's decision with respect to the Reconsideration Motion to proceed to final judgment in the Puerto Rico Appellate Court, and (c) enable Movant to prosecute the Prepetition Action against insurance coverage, if any, available under any insurance policies issued to the Commonwealth (the "Available Coverage"); provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment in excess of the Available Coverage and for any claims for money damages and provisional remedies against the Commonwealth or any other Title III Debtor. | June 20, 2018 |
| 5. | *In Re Virgilio Fernando Acevedo*, Case No. 14-15154, U.S. Bankruptcy Court for the District of Massachusetts

Hereditary rights | Virgilio F. Acevedo | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow Movant to commence the an action in Movant's Bankruptcy Case or in any court as allowed by the court in Movant's Bankruptcy Case and procedure solely with respect to the determination of Movant's vested hereditary rights over a gas station located in Rincón, Puerto Rico (the "Action"); provided, however, that (a) the Commonwealth does not waive any defense or protection of the Title III Stay, and (b) Title III Stay shall continue to apply in all other respects to the Action, including but not limited to, any claims for money damages, the | June 29, 2018 |

2

| | Case Information | Movant(s) | Debtor | Brief Description of Modification | Stipulation Date |
|---|---|---|---|---|---|
| | | | | execution and enforcement of any judgment or claims for money damages, and provisional remedies against the Commonwealth or any other Title III Debtor. | |
| 6. | *Bahía Park S.E. v. ELA*, Junta Planificación, DRNA ET ALAS, KAC2007-0908 / KLAN2018, Puerto Rico Court of First Instance<br><br>Regulatory taking. | Bahía Park S.E. | Commonwealth | The Title III Stay is hereby modified, solely, to the limited extent necessary to (a) allow any appeal of the Prepetition Court's Judgment to proceed to judgment before the Puerto Rico Court of Appeals solely with respect to the Motions for Summary Judgment, and (b) allow any certiorari petition with respect to the Motions for Summary Judgment to proceed to final judgment and/or resolution in the Puerto Rico Supreme Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against the Commonwealth or any other Title III Debtor. | July 2, 2018 |
| 7. | *Las Monjas Realty II, S.E. v. Autoridad de Carreteras y Transportación (ACT)*, Case No. K AC2010-1332 (905), Puerto Rico Court of First Instance<br><br>Eminent domain | Las Monjas Realty II, S.E. | HTA | The Title III Stay is hereby modified solely to the limited extend necessary to allow (i) Movant to withdraw the Deposit consigned to the Prepetition Court and (ii) to allow HTA to make a one-time payment of $271,188 to Movant on April 2019 corresponding to the interest accrued by the Deposit pursuant to the terms of the Prepetition Stipulation (the "Interest Payment"), which shall be consigned to the Prepetition Court for withdrawal by Movant; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement the Deposit or the Interest Payment. | July 3, 2018 |
| 8. | Various actions specified in Exhibit A to the *Stipulation to Resolve Motions to Compel Assumption or Rejection of Executory Contracts* | Tamrio, Inc., Constructora Santiago II, Corp., Ferrovial Agroman, S.A., | HTA | HTA agrees to the modification of the automatic stay as to the matters identified in Exhibit A (the "Prepetition Litigation"), pursuant to Bankruptcy Code sections 362(a) and 922(a), made applicable to the Title III Case by PROMESA section 301(a) (the "Title III Stay"), solely to allow the Prepetition Litigation to proceed to final judgment in the Puerto Rico Court of First Instance and for any appeal to proceed to final judgment before | July 16, 2018<br><br>(The Court approved this stipulation on July 16, 2018 [Case No. 17-3283, ECF No. 3538].) |

3

| | Case Information | Movant(s) | Debtor | Brief Description of Modification | Stipulation Date |
|---|---|---|---|---|---|
| | *Filed by Tamrio, Inc., Constructora Santiago II, Corp., Ferrovial Agroman, S.A., and Ferrovial Agroman, LLC [ECF Nos. 614, 627, 685, and 686]*, filed in Case No. 17-BK-3283, ECF No. 3527, U.S. District Court for the District of Puerto Rico | Ferrovial Agroman, LLC | | the Puerto Rico Court of Appeals or Puerto Rico Supreme Court for these ordinary contract administration claimscstemming from the Construction Contracts; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Litigation, including, but not limited to, the execution and enforcement of any judgment for money damages and provisional remedies against HTA or any other Title III Debtor. | |
| 9. | *Estate of Gabriel Fuentes-Vázquez and Evangelina Benejam-Otero, et al. v. Puerto Rico Electric Power Authority*, Case No. KEF 2007-0753, Puerto Rico Court of First Instance<br><br>Eminent domain action | Estates of Gabriel Fuentes Vázquez and Evangelina Benejam-Otero, comprised by Gabriel, Jorge L. and José Ricardo Fuentes-Benejam | PREPA | Modification of the stay to the limited extent necessary to permit the prepetition action to proceed in the ordinary course until its conclusion, including the right of the movants to withdraw any funds awarded thereto in the prepetition action. | July 26, 2018<br><br>(The Court approved this stipulation on July 27, 2018 [Case No. 17-4780, ECF No. 933; Case No. 17-3283, ECF No. 3714].) |
| 10. | *Commonwealth of Puerto Rico v. PFZ Properties, Inc.*, Case No. KEF 2008-0480, Puerto Rico Court of First Instance<br><br>Regulatory Taking<br>Temporary Taking | PFZ Properties, Inc. | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow (a) the Prepetition Action to proceed to final judgment; (b) Movant to commence an inverse condemnation claim, consistent with the first cause of action asserted in the Adversary Action, (the "New Action") in a separate case before the Prepetition Court; and (c) and for the New Action to proceed to final judgment; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action and New Action, including, but not limited to, the execution and enforcement of any judgment or claims for money damages, and | July 27, 2018 |

4

| | Case Information | Movant(s) | Debtor | Brief Description of Modification | Stipulation Date |
|---|---|---|---|---|---|
| | | | | provisional remedies against the Commonwealth or any other Title III Debtor. | |
| 11. | *Luis A. Rivera Perez v. ELA*, Civil Case No. BDP2012-0013, Puerto Rico Court of First Instance<br><br>Tort action | Luis A. Rivera Perez | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow the Prepetition Action to proceed to judgment before the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action including, but not limited to, the execution and enforcement of any judgment and any claims for money damages and provisional remedies against the Commonwealth or any other Title III Debtor. | August 14, 2018 |
| 12. | *Compañia de Parques Nacionales de Puerto Rico, now Commonwealth of Puerto Rico v. Parcel of Land of 560.047 cuerdas located in Utuado, Puerto Rico that belonged to the estate of Ramón Moran-Simó*, Case No. KEF 2007-0660 (1003), Puerto Rico Court of First Instance<br><br>Eminent domain action | Rafael Morán-Loubriel, Ramón Morán-Loubriel and Ana Morán-Loubriel | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow the Prepetition Action to proceed to final judgment before the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against the Commonwealth or any other Title III Debtor, and any requirement for the Commonwealth to supplement the Deposit. | August 14, 2018 |
| 13. | *Autoridad de Carreteras y Transportación de Puerto Rico v. Tartak Brothers, Inc. et al.*, Case No. KEF 2006-135 (1003), Puerto | Martami, Inc. | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to (i) enable the Prepetition Action to proceed to judgment before the Prepetition Court and (ii) allow Movant to withdraw $475,910 of the Deposit consigned to the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any | August 14, 2018 |

5

| | Case Information | Movant(s) | Debtor | Brief Description of Modification | Stipulation Date |
|---|---|---|---|---|---|
| | Rico Court of First Instance<br><br>Eminent domain action | | | judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement the Deposit. | |
| 14. | *García-Cabeza et al v. Dept. of Education of Puerto Rico*, Case No. 17-cv-1181-WGY, O/F 213-002, U.S. District Court for the District of Puerto Rico<br><br>Attorney's Fees (IDEA) | Mrs. María García-Cabeza, Mr. Julio Lebrón-De Jesús, and their minor special needs' son, ELG | Commonwealth | In the interest of justice and without conceding or admitting liability, the Parties have agreed to settle all matters related to Movants' claims under section 1415(i)(3)(B) of IDEA for the recovery of the attorney's fees and taxable costs spent in the litigation of the Prepetition Action.<br><br>The Title III Stay is hereby modified solely to the limited extent necessary to allow Movants to enforce this Stipulation and seek payment of the Settlement Amount from the Commonwealth; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Actions including, but not limited to, the execution and enforcement of any judgment for damages and provisional remedies. | August 16, 2018 |
| 15. | *Autoridad de Carreteras y Transportacion de Puerto Rico v. Plaza las Americas, Inc.*, Case No. K EF2004-0208 (1003), Puerto Rico Court of First Instance<br><br>Eminent domain action | Plaza Las Americas, Inc. | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to allow HTA to make payments pursuant to an adjusted payment plan, as described in Paragraph 2 below, which modifies the Prepetition Stipulation (the "Adjusted Payment Plan"); provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Actions including, but not limited to, the execution and enforcement of any judgment and any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement the Adjusted Payment Plan. | August 17, 2018 |

6

**Exhibit 2**

**TITLE III STAY MODIFICATIONS AGREED TO BY THE COMMONWEALTH FROM JUNE 20, 2018 THROUGH AUGUST 17, 2018**

| | Prepetition Action | Movant(s) | Debtor | Brief Description of Modification | Date of Modification |
|---|---|---|---|---|---|
| 1. | *Ríos-Matienzo, et al v. Rivera-Schatz, et al*; Civil No. 17-2362 (ADC), U.S. District Court for the District of Puerto Rico<br><br>Employment discrimination case | Hon. Thomas Rivera-Schatz, Sr. Gabriel Hernández-Rodríguez, Sr. Roberto Maldonado-Velez | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to (a) allow the Prepetition Action to proceed to final judgment and/or resolution in the U.S District Court for the District of Puerto Rico (the "District Court") solely with respect to determination of any motion to dismiss or motion for summary judgment; and, (b) allow any appeal of the District Court's decision with respect to any motion to dismiss or motion for summary judgment to proceed to final judgment on appeal; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against the Commonwealth, the defendants in the Prepetition Action or any other Title III Debtor. | August 17, 2018 |
| 2. | *Washinton-Del Valle, et al v. Rivera-Schatz, et al*; Civil No. 17-1770 (WGY), U.S. District Court for the District of Puerto Rico<br><br>Employment discrimination case | Hon. Thomas Rivera-Schatz, Hon. Carlos Méndez-Núñez; Sr. Gabriel Hernández-Rodríguez, Ing. Wilfredo Ramos-García, Sr. Ángel Redondo-Santana, | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to (a) allow the Prepetition Action to proceed to final judgment and/or resolution in the U.S District Court for the District of Puerto Rico (the "District Court") solely with respect to determination of any motion to dismiss or motion for summary judgment; and, (b) allow any appeal of the District Court's decision with respect to any motion to dismiss or motion for summary judgment to proceed to final judgment on appeal; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against the Commonwealth, the defendants in the Prepetition Action or any other Title III Debtor. | August 17, 2018 |

| Prepetition Action | Movant(s) | Debtor | Brief Description of Modification | Date of Modification |
|---|---|---|---|---|
| | Sr. Pablo Sastre-Fernández | | | |
| 3. | *García-Perales, et al v. Rivera-Schatz, et al;* Civil No. 18-1081 (JAG), U.S District Court for the District of Puerto Rico<br><br>Employment discrimination case | Hon. Thomas Rivera-Schatz, Sr. Gabriel Hernández-Rodríguez, Ing. Wilfredo Ramos-García, Sr. Ángel Redondo-Santana, Sr. Pablo Sastre-Fernández, Sr. José G. Figueroa-Torres | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to (a) allow the Prepetition Action to proceed to final judgment and/or resolution in the U.S District Court for the District of Puerto Rico (the "District Court") solely with respect to determination of any motion to dismiss or motion for summary judgment; and, (b) allow any appeal of the District Court's decision with respect to any motion to dismiss or motion for summary judgment to proceed to final judgment on appeal; *provided, however,* the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against the Commonwealth, the defendants in the Prepetition Action or any other Title III Debtor. | August 17, 2018 |
| 4. | *Alberty Marrero, et al v. Méndez, et al;* Civil No. 17-2385 (FAB), U.S. District Court for the District of Puerto Rico<br><br>Employment discrimination case | Hon. Carlos Méndez-Núñez; Elizabeth Stuart-Villanueva; Moisés Cortés-Rosado; Karen Torres-De La Torre; | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to (a) allow the Prepetition Action to proceed to final judgment and/or resolution in the U.S District Court for the District of Puerto Rico (the "District Court") solely with respect to determination of any motion to dismiss or motion for summary judgment; and, (b) allow any appeal of the District Court's decision with respect to any motion to dismiss or motion for summary judgment to proceed to final judgment on appeal; *provided, however,* the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against the Commonwealth, the defendants in the Prepetition Action or any other Title III Debtor. | August 17, 2018 |

| | Prepetition Action | Movant(s) | Debtor | Brief Description of Modification | Date of Modification |
|---|---|---|---|---|---|
| 5. | *Figueroa-Camacho, et al v. Méndez-Nuñez, et al*; Civil No. 18-1007 (DRD), U.S. District Court for the District of Puerto Rico<br><br>Employment discrimination case | Hon. Carlos Méndez-Núñez; Roger Iglesias-Sepúlveda; Orlando Pagán-Ramírez | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to (a) allow the Prepetition Action to proceed to final judgment and/or resolution in the U.S District Court for the District of Puerto Rico (the "District Court") solely with respect to determination of any motion to dismiss or motion for summary judgment; and, (b) allow any appeal of the District Court's decision with respect to any motion to dismiss or motion for summary judgment to proceed to final judgment on appeal; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against the Commonwealth, the defendants in the Prepetition Action or any other Title III Debtor. | August 17, 2018 |

3