# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** | PROMESA<br>Title III |
| **THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,** | No. 17 BK 3283-LTS<br><br>**(Jointly Administered)** |
| As a representative of | |
| **THE COMMONWEALTH OF PUERTO RICO** *et al.*, | Re: Dkt. No. 3790 |
| **Debtors.**[1] | **Hearing date:** September 13, 2018 at 9:30 a.m. (Atlantic Standard Time) |

### CERTIFICATION OF COUNSEL REGARDING FEE EXAMINER'S PRESUMPTIVE STANDARDS MOTION SET FOR HEARING ON SEPTEMBER 13, 2018 AT 9:30 A.M. (AST)

I, Eyck O. Lugo, counsel to the Fee Examiner in the above-captioned cases, hereby certify as follows:

1.   On August 21, 2018, the Fee Examiner filed the *Fee Examiner's Motion to Impose Presumptive Standards and Timeliness Requirements for Professional Fee Applications* [Dkt. No. 3790] (the **"Presumptive Standards Motion"**).

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

2. With the Presumptive Standards Motion, the Fee Examiner filed a draft *Order on Fee Examiner's Motion to Impose Presumptive Standards and Timeliness Requirements for Professional Fee Applications* attached as **Exhibit A** (the "**Proposed Presumptive Standards Order**"). The Fee Examiner's counsel widely circulated the motion and draft order before filing.

3. Pursuant to the *Sixth Amended Notice, Case Management and Administrative Procedures* [Dkt. No. 3804-1], the deadline to object to the Presumptive Standards Motion was August 28, 2018 at 4:00 p.m. (the **"Objection Deadline"**).

4. Three retained professionals (the "**Challenging Professionals**") contacted counsel to the Fee Examiner prior to the tolling of the Objection Deadline, requesting revisions to the Proposed Presumptive Standards Order.

5. To accommodate some of the expressed concerns, and to provide an opportunity to discuss those concerns, the Fee Examiner extended the Objection Deadline for the three Challenging Professionals to August 30, 2018 (the "**Extended Objection Deadline"**). The Challenging Professionals notified the Court by e-mail of the agreed Extended Objection Deadline.

6. Counsel to the Fee Examiner and the Challenging Professionals have reached agreement on a revised, uncontested form of order granting the Presumptive Standards Motion and the revised order.

7. Attached hereto as **Exhibit A** is a revised Proposed Presumptive Standards Order incorporating the revisions.

8. Attached hereto as **Exhibit B** is a redline comparing the revised Proposed Presumptive Standards Order against the original version submitted as Exhibit A to the Presumptive Standards Motion.

9. Other than as stated herein, no party has objected, formally or informally, to the Presumptive Standards Motion, nor has any other party requested an extension of the Objection Deadline.

**WHEREFORE,** the Fee Examiner respectfully requests that the Court enter the order attached as **Exhibit A** at its earliest convenience.

**WE HEREBY CERTIFY** that on this date, we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all attorneys of record registered in the use of the CM/ECF system.

Dated this 31st day of August, 2018.

        EDGE Legal Strategies, PSC

        *s/Eyck O. Lugo*
        Eyck O. Lugo
        252 Ponce de León Avenue
        Citibank Tower, 12th Floor
        San Juan, PR 00918
        Telephone: (787) 522-2000
        Facsimile: (787) 522-2010

        *Puerto Rico Counsel for Fee Examiner*

        GODFREY & KAHN, S.C.
        One East Main Street, Suite 500
        Madison, WI 53703
        Telephone: (608) 257-3911
        Facsimile: (608) 257-0609

        Katherine Stadler (*Pro Hac Vice* Approved)

        *Counsel for the Fee Examiner*

19438096.1

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** | ) PROMESA <br> ) Title III <br> ) |
| **THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,** | ) No. 17 BK 3283-LTS <br> ) <br> ) **(Jointly Administered)** <br> ) |
| as a representative of | ) <br> ) |
| **THE COMMONWEALTH OF PUERTO RICO** *et al.*, | ) <br> ) <br> ) |
| **Debtors.**[1] | ) <br> ) |

### ORDER ON FEE EXAMINER'S MOTION TO IMPOSE PRESUMPTIVE STANDARDS AND TIMELINESS REQUIREMENTS FOR PROFESSIONAL FEE APPLICATIONS

Upon the *Fee Examiner's Motion to Impose Presumptive Standards and Timeliness Requirements for Professional Fee Applications* (the "Motion"); and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Fee Examiner provided adequate and appropriate notice of the Motion under the circumstances, including that the relief

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

sought in the Motion is supported by good cause as contemplated by Bankruptcy Rule 9006, and that no other or further notice is required; and the Court having reviewed the Motion and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED**;

2. The following presumptive standards, which the Fee Examiner has represented embody standards that he has generally and consistently applied since the outset of his appointment, shall continue to be applied in the Fee Examiner's review of fee applications filed in these Title III cases after the entry of this Order:

    a. For attendance at mediation sessions, fees and expenses incurred by any more than two timekeepers per professional firm are not compensable; provided, however, that if a mediation session covers more than one of the Debtors or unrelated issues for the same Debtor, the number of timekeepers may be increased.

    b. For attendance at hearings in which a professional anticipates a speaking role, fees and expenses incurred for attendance by timekeepers other than those with meaningful speaking roles (plus one additional timekeeper per speaker) are not compensable. In addition, the local rules require *pro hac vice* sponsors to appear with their co-counsel and, accordingly, each party participating in a hearing will be compensated for the attendance of Puerto Rico counsel, whether or not the latter speaks at the hearing.

    c. For monitoring hearings (whether in person or by telephone) in which the professional has no meaningful speaking role, fees and expenses incurred by any more than one timekeeper per professional are not compensable.

    d. Fees and expenses incurred for reviewing generally available broadcast and published news reports or summaries about these cases are not compensable unless:

        i. The review relates directly to the professional's work on current or emerging issues subject to actual or likely litigation involving a Debtor; or

2

      ii. The information obtained through a legal or financial industry publication was reasonably available promptly *only* through such publications.

  e. For legal professionals, fees and expenses incurred to review case dockets on a daily, weekly, or other routine periodic basis by any more than one designated timekeeper (at a time) are not compensable. A paraprofessional or client should perform this task wherever possible.

  f. For non-legal professionals (financial professionals, consultants), fees and expenses incurred to monitor case dockets and review legal pleadings (other than to review summaries prepared by counsel) are not compensable unless:

      i. The review is explicitly directed by a legal professional for a specifically stated purpose; or

      ii. The review relates directly to the financial professional's active work on a current or emerging issue directly affecting the professional's client.

  g. Fee applications requesting compensation for the preparation of any motion for intervention or for permission to file an *amicus* brief in any court presiding over matters arising in or under Title III of PROMESA, or related to these Title III cases, shall contain a brief statement of the reasons the movant concluded that a separate pleading or separate participation was required to represent the moving parties' interests and, further, that a joint, shared, or partially shared pleading would not have fulfilled that obligation, whether ethical or practical. In assessing reasonableness, the Fee Examiner will determine whether the applicant consulted with the principal party or parties in the proceeding to determine whether a coordinated effort would have been appropriate. Intervention briefs required pursuant to the order of a court will not be subject to this presumption.

3. The burden remains on each professional to demonstrate the reasonableness and necessity of fees and expenses exceeding these standards in light of the unique facts and circumstances presented.

4. Nothing in this Order shall restrict any party, including the U.S. Trustee and the Fee Examiner, from objecting to a professional's fees and expenses even within the parameters of these presumptions.

3

5. Nothing in this Order shall restrict the Fee Examiner from, in his discretion, electing *not* to apply a presumption to a professional application if, in his judgment, application of the presumption would be unreasonable under the circumstances.

6. Nothing in this Order shall prevent any party from challenging or rebutting any of the presumptions set forth herein, which are general guidelines only.

7. Fees incurred by applicants to provide the basis for rebutting a presumption in an initially filed fee application are compensable if they are otherwise reasonable, taking into account the good faith basis for the applicant's position.

8. Nothing in this Order shall alter or amend any express term of a previously entered order concerning the employment or retention of a professional. To the extent that a conflict exists between the terms of this Order and a professional's court-approved express retention terms, a retention order may provide support for rebutting a presumption.

9. Nothing in this Order shall alter or amend any express term of an engagement agreement between a Debtor and its professionals.

10. Any professional more than four months behind in filing an interim fee application shall be prohibited from submitting monthly statements for payment under the Interim Compensation Procedures until the late interim application has been filed.

11. The Fee Examiner may, upon notice and a hearing, request additional presumptions based on issues that emerge in the review of subsequent or pending but unresolved interim fee applications.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

13. This Order resolves docket entry no. 3790.

SO ORDERED.

Dated: _____, 2018

                                              LAURA TAYLOR SWAIN
                                              United States District Judge

19425204.4

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re**<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as a representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br>*et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### ORDER ON FEE EXAMINER'S MOTION TO IMPOSE PRESUMPTIVE STANDARDS AND TIMELINESS REQUIREMENTS FOR PROFESSIONAL FEE APPLICATIONS

Upon the *Fee Examiner's Motion to Impose Presumptive Standards and Timeliness Requirements for Professional Fee Applications* (the "Motion"); and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section~~s~~ 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Fee Examiner provided adequate and appropriate notice of the Motion under the circumstances, including that the relief

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

sought in the Motion is supported by good cause as contemplated by Bankruptcy Rule 9006, and that no other or further notice is required; and the Court having reviewed the Motion and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and ~~any objections to the relief requested herein having been withdrawn or overruled on the merits; and after a hearing on September 13, 2018,~~after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED**;

2. The following presumptive standards ~~shall govern all~~, which the Fee Examiner has represented embody standards that he has generally and consistently applied since the outset of his appointment, shall continue to be applied in the Fee Examiner's review of fee applications filed in these Title III cases~~, whether filed before or~~ after the entry of this Order~~, except that any interim fee application that has been allowed or partially allowed through the entry of an interim compensation order shall not be subject to retroactive application of these standards~~:

    a. For attendance at mediation sessions, fees and expenses incurred by any more than two timekeepers per professional firm are not compensable~~.~~; provided, however, that if a mediation session covers more than one of the Debtors or unrelated issues for the same Debtor, the number of timekeepers may be increased.

    b. For attendance at hearings in which a professional anticipates a speaking role, fees and expenses incurred for attendance by timekeepers other than those with meaningful speaking roles (plus one additional timekeeper per speaker) are not compensable. In addition, the local rules require *pro hac vice* sponsors to appear with their co-counsel and, accordingly, each party participating in a hearing will be compensated for the attendance of Puerto Rico counsel, whether or not the latter speaks at the hearing.

    c. For monitoring hearings (whether in person or by telephone) in which the professional has no meaningful speaking role, fees and expenses incurred by any more than one timekeeper per professional are not compensable.

    d. Fees and expenses incurred for reviewing generally available broadcast and published news reports or summaries about these cases are not compensable~~. In considering whether this presumption has been rebutted,~~

2

<div style="margin-left:2em">

~~the Fee Examiner and – ultimately – the Court may consider whether~~ <span style="color:blue">unless:</span>

<div style="margin-left:2em">

<span style="color:blue">i. The review relates directly to the professional's work on current or emerging issues subject to actual or likely litigation involving a Debtor; or</span>

<span style="color:blue">ii. The</span> information ~~or pleadings~~ obtained through <span style="color:blue">a</span> legal ~~industry publications covering Puerto Rico, such as Reorg Research and Debtwire, were unreasonably delayed or withheld from interested parties and, therefore, were~~<span style="color:blue">or financial industry publication was</span> reasonably available <span style="color:blue">promptly</span> *only* through ~~media accounts~~<span style="color:blue">such publications</span>.

</div>

</div>

e. For legal professionals, fees and expenses incurred to review case dockets on a daily, weekly, or other routine periodic basis by any more than one designated timekeeper (at a time) are not compensable. A paraprofessional <span style="color:blue">or client</span> should perform this task wherever possible.

f. For non-legal professionals (financial professionals, consultants), fees and expenses incurred to monitor case dockets and review legal pleadings (other than to review summaries prepared by counsel) are not compensable~~, except to the extent the~~ <span style="color:blue">unless:</span>

<div style="margin-left:2em">

<span style="color:blue">i. The</span> review is explicitly directed by a legal professional for a specifically stated purpose~~.~~<span style="color:blue">; or</span>

<span style="color:blue">ii. The review relates directly to the financial professional's active work on a current or emerging issue directly affecting the professional's client.</span>

</div>

g. ~~Any~~<span style="color:blue">Fee applications requesting compensation for the preparation of any</span> motion for intervention or for permission to file an *amicus* brief in any court presiding over matters arising in or under Title III of PROMESA, or related to these Title III cases, shall contain a <span style="color:blue">brief</span> statement ~~by~~<span style="color:blue">of</span> the ~~movant's counsel that it has~~ ~~consulted with the principal party or parties in the proceeding~~ <span style="color:blue">and</span><span style="color:blue">reasons the movant concluded</span> that a separate pleading or separate participation ~~is ethically or practically~~<span style="color:blue">was</span> required to represent the moving parties' interests and, further, that a joint, shared, or partially shared pleading ~~will~~<span style="color:blue">would</span> not ~~fulfill~~<span style="color:blue">have fulfilled</span> that obligation<span style="color:blue">, whether ethical or practical. In assessing reasonableness, the Fee Examiner will determine whether the applicant</span> <span style="color:green">consulted with the principal party or parties in the proceeding to determine whether a coordinated effort would have been appropriate</span>. Intervention briefs required pursuant to the order of a court will not be subject to this presumption.

3

3. The burden remains on each professional to demonstrate the reasonableness and necessity of fees and expenses exceeding these standards in light of the unique facts and circumstances presented.

4. Nothing in this Order shall restrict any party, including the U.S. Trustee and the Fee Examiner, from objecting to a professional's fees and expenses even within the parameters of these presumptions.

5. Nothing in this Order shall restrict the Fee Examiner from, in his discretion, electing *not* to apply a presumption to a professional application if, in his judgment, application of the presumption would be unreasonable under the circumstances.

6. Nothing in this Order shall prevent any party from challenging or rebutting any of the presumptions set forth herein, which are general guidelines only.

7. ~~6.~~ Fees incurred by applicants to provide the basis for rebutting a presumption in an initially filed fee application are compensable if they are otherwise reasonable. ~~Fees incurred to respond to Fee Examiner requests for necessary information inappropriately omitted from a fee application, to negotiate extensively with the Fee Examiner over presumptions and/or adjustments to interim fee applications, or to litigate matters related to professional fees—including these presumptions—will not be compensable unless the Court concludes that the applicant has substantially prevailed in challenging the Fee Examiner's~~, taking into account the good faith basis for the applicant's position.

8. ~~7.~~ Nothing in this Order shall alter or amend any express term of a previously entered order concerning the employment or retention of a professional. To the extent that a conflict exists between the terms of this Order and a professional's court-approved express retention terms, a retention order may provide support for rebutting a presumption.

4

9. Nothing in this Order shall alter or amend any express term of an engagement agreement between a Debtor and its professionals.

10. ~~8.~~ Any professional more than four months behind in filing an interim fee application shall be prohibited from submitting monthly statements for payment under the Interim Compensation Procedures until the late interim application has been filed.

11. ~~9.~~ The Fee Examiner may, upon notice and a hearing, request additional presumptions based on issues that emerge in the review of subsequent or pending but unresolved interim fee applications.

12. ~~10.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

13. ~~11.~~ This Order resolves docket entry no. ~~___~~ 3790.

SO ORDERED.

Dated: _____, 2018

                                              LAURA TAYLOR SWAIN
                                              United States District Judge

~~19374535.2~~

| Summary report: Litéra® Change-Pro TDC 10.1.0.500 Document comparison done on 8/31/2018 12:02:04 PM ||
|---|---|
| **Style name:** GKFirm ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** iw://GKDMS2K8/Active/19374535/2 ||
| **Modified DMS:** iw://GKDMS2K8/Active/19425204/4 ||
| **Changes:** ||
| Add | 41 |
| Delete | 26 |
| Move From | 1 |
| Move To | 1 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 69 |

19442623.1