UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>DEBTORS | PROMESA<br>TITLE III<br><br><br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA")<br><br>DEBTOR | PROMESA<br>TITLE III<br><br><br><br>No. 17 BK3567-LTS |

LIFT STAY NOTICE

TO COUNSELS:

COMES NOW creditor, Finca Matilde, Inc., through its undersigned counsel and very respectfully states and prays:

1. Pursuant to Paragraphs III.Q and III.U of Section III (Scheduling) of the Case Management Procedures, as amended by Order Further Amending Case Management Procedures (docket no. 1512), Fourth Amended Case Management Order (docket no. 2839) and Sixth Amended Notice, Case Management and Administrative Procedures Order (docket no. 3804), and subject to Paragraphs III. F and III.T, at least fifteen (15) business days prior to filing a Stay Relief Motion to continue a prepetition ordinary course civil action against a Debtor other than PREPA, the movant shall contact the counsel for the Oversight Board and

Motion for Relief from Stay
Case JAC2015-0577
Finca Matilde, Inc. v. Puerto Rico Highways and Transportation Authority

AFAA by electronic-mail to advise them of the movant's intent to seek relief from the automatic stay (the "Lift Stay Notice" and the notice period, the "Lift Stay Notice Period").

2. The Lift Stay Notice shall include (i) the identity of the movant and its contact information, (ii) the claim(s), lawsuit(s), or other proceeding(s) for which movant seeks relief from the automatic stay, including the relevant case number and court information, (iii) the amount of the claim(s) and the asserted causes of action, (iv) a brief description of the status of the underlying claim(s), lawsuit(s), or proceeding(s), and (v) cause as to why the stay should be lifted.

3. In compliance with the above mentioned Case Management Procedures, as amended, creditor submits the following brief.

## I. INTRODUCTION

4. On May 21, 2017, Debtor, Puerto Rico Highways and Transportation Authority (hereinafter "HTA") by its representative and pursuant to section 315 of the Puerto Rico Oversight, Management, and Economic Stability Act (hereinafter "PROMESA"), the Financial Oversight and Management Board for Puerto Rico filed a voluntary petition in the United States District Court for the District of Puerto Rico under Title III of PROMESA seeking relief from creditors.

5. HTA has an inverse condemnation case pending final disposition at the Puerto Rico Court of First Instance in Ponce, *Finca Matilde, Inc. v. Puerto Rico Highways and Transportation Authority*, Civil Case no. JAC2015-0577. On June 7, 2017, HTA filed a motion at the State Court requesting the automatic stay of the proceedings pursuant to sections 362(a) and 922(a) of the Bankruptcy Code, as incorporated by reference under

2

Motion for Relief from Stay
Case JAC2015-0577
Finca Matilde, Inc. v. Puerto Rico Highways and Transportation Authority

section 301(a) of PROMESA; and on July 14, 2017, the State Court issued an administrative judgment staying the proceedings.

## II. BACKGROUND

6. On December 14, 2015, Finca Matilde, Inc. filed an inverse condemnation suit against the Puerto Rico Highways and Transportation Authority (hereinafter referred to as "HTA"), regarding parcels number N-E-4 and number N-E-5 located in PR # 2, KM 223, Ponce, Puerto Rico. Said parcels were not included, and thus, were not subject of the expropriations identified by case numbers: KEF1994-0131 and KEF1994-0133.

On March 11, 2016, HTA filed its answer to the complaint. Accordingly, on May 11, 2017 the parties filed corresponding joint initial case management report. The initial hearing was held on September 27, 2016. In said hearing, the parties announced their planned discovery procedures (interrogatories were sent by both parties).

On December 15, 2016, the Court held a status conference. At the hearing, HTA alleged that the Commonwealth of Puerto Rico (hereinafter referred to as the "Government") was the party responsible for the inverse condemnation, since for the prior expropriations (KEF1994-0131 and KEF1994-0133) HTA used construction plans provided by the Government. In said construction plans, the parcels subject of Finca Matilde's complaint were presented as property of the Government. Accordingly, HTA suggested a meeting between the expert witnesses of both parties to resolve any controversy regarding the construction plans. The meeting was held on January 31, 2017.

On February 22, 2017, the Court held a second status conference. In said hearing, HTA requested authorization to file a third-party complaint against the Government and the Puerto Rico Department of Transportation and Public Works (DTOP). The motion was

Case:17-03283-LTS Doc#:3851 Filed:09/04/18 Entered:09/04/18 14:15:09 Desc: Main
Document Page 4 of 11

Motion for Relief from Stay
Case JAC2015-0577
Finca Matilde, Inc. v. Puerto Rico Highways and Transportation Authority

granted, and, accordingly, on March 21, 2017, HTA filed the authorized third-party complaint.

Finca Matilde requested in the suit filed the payment of: a) just compensation as determined by the court; b) damages caused to the property by the taking not less than $500,000.00; c) damages suffered by Finca Matilde for the taking of their property not less than $500,000.00; d) damages for the time period the property has been taken not less than $500,000.00; e) damages caused to the remnant of the property not less than $500,000.00; f) payment of interests since the day of the taking not less than $500,000.00 ; g) payment of legal expenses and fees.

On June 7, 2017, HTA filed a motion requesting the stay of the procedures under the provisions of Title III of PROMESA. Said motion was granted on July 14, 2017; therefore, the Court entered an administrative judgment staying the procedures. At the time the administrative judgement was entered, the Government had not appeared before the Court.

### III. APPLICABLE LAW

7. Section 362(d) (1) of the Bankruptcy Code (11 U.S.C. §362(d) (1)) reads as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -- (1) for cause, including the lack of adequate protection of an interest in property of such party in interest…

8. The courts examine numerous different factors, including those set forth in *In re Sonnax Indus.*, *907 F.2d 1280* to determine whether "cause" exists to grant relief from stay. The twelve factors adopted by the court in *Sonnax* are:

Motion for Relief from Stay
Case JAC2015-0577
Finca Matilde, Inc. v. Puerto Rico Highways and Transportation Authority

> (1) whether relief would result in partial or complete issue resolution; (2) lack of connection with or interference with bankruptcy case; (3) whether other proceeding involves debtor as fiduciary; (4) whether specialized tribunal with necessary expertise has been established to hear cause of action; (5) whether debtor's insurer has assumed full defense responsibility; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice interests of other creditors; (8) whether judgment claim arising from other action is subject to equitable subordination; (9) whether movant's success in other proceeding would result in a judicial lien avoidable by debtor; (10) interests of judicial economy and expeditious and economical resolution of litigation; (11) whether parties are ready for trial in other proceeding; (12) impact of stay on parties and balance of harms. *In re Sonnax Inds.*, supra, at 1287 citing *In re Curtis*, 40 Bankr. 795, 799-800 (Bankr. D. Utah 1984).

Other courts have established that the *Curtis* moving party "need not prove a plurality of *Curtis* factors before it has shown cause existed for lifting the stay." *Goya Foods v. Unanue-Casal (In re Unanue-Casal)*, supra, at 96. Some courts have relied on only a few factors to determine that sufficient cause existed to lift the stay. See, e.g., *In re Unioil*, supra, at 194-95 (court considered five factors such as resolution of the issues, lack of connection with the bankruptcy case, judicial economy and balance of hurt). See also *Highcrest Management Co.*, 30 Bankr. at 778-779 (court considered only the debtor's misconduct, without any *Curtis* factors).

The court in *Goya Foods v. Unanue-Casal (In re Unanue-Casal)*, supra, at 96 correctly stated that "the question of what is cause . . . is developed primarily by case law." In other words, the determination of cause is made on a case by case basis.

9. Article II, Section 9, of the Constitution of the Commonwealth of Puerto Rico, P.R.

5

Motion for Relief from Stay
Case JAC2015-0577
Finca Matilde, Inc. v. Puerto Rico Highways and Transportation Authority

Const. Art. II, § 9, states that *"private property shall not be taken or damaged for public use except upon payment of just compensation and in the manner provided by law."* (Emphasis added).

10. The Takings Clause of the Fifth Amendment mandates that *"private property [shall not] be taken for public use, without just compensation."* U.S. Const. amend. V. This amendment is made applicable to the states, and thus to municipalities, through the Fourteenth Amendment. U.S. Const. amend. XIV. <u>In re City of Detroit</u>, 524 B.R. 147, 268 (Bankr. E.D. Mich. 2014) citing <u>Dolan v. City of Tigard</u>, 512 U.S. 374, 383, 114 S. Ct. 2309, 129 L. Ed. 2d 304 (1994); <u>Penn Cent. Transp. Co. v. City of N.Y.</u>, 438 U.S. 104, 122, 98 S. Ct. 2646, 57 L. Ed. 2d 631 (1978).

11. The Fourteenth Amendment of the United States Constitution provides that *"nor shall any State deprive any person of life, liberty, or property, without due process of law."* (Emphasis added). U.S. Const. amend. XIV. The limitations of the Fifth Amendment also apply, through the Due Process Clause of the Fourteenth Amendment, to takings by state governments and their subdivisions. See, e.g., <u>Lucas v. S.C. Coastal Council</u>, 505 U.S. 1003 (1992). Consequently, the Fifth Amendment is applicable to municipal debtors, and a municipal debtor may not take property without just compensation.

12. The Supreme Court of the United States has addressed the takings issue in the context of bankruptcy on several occasions, holding each time that the bankruptcy power is limited by the Fifth Amendment. See <u>United States v. Security Indus. Bank</u>, 459 U.S. 70, 75, 78 (1982); <u>Wright v. Vinton Branch of Mtn. Trust Bank</u>, 300 U.S. 440, 456-58 (1937); <u>Louisville Joint Stock Land Bank v. Radford</u>, 295 U.S. 555, 589 (1935). The protections afforded by the Fifth Amendment are not abrogated by the Bankruptcy Code. The legislative history of the Bankruptcy Code indicates that the drafters of the Bankruptcy Code considered

6

Motion for Relief from Stay
Case JAC2015-0577
Finca Matilde, Inc. v. Puerto Rico Highways and Transportation Authority

the Fifth Amendment to be a limitation upon the impairment of property rights in bankruptcy, and current bankruptcy law gives great deference to property rights. Julia Patterson Forrester, Bankruptcy Takings, 51 Fla. L. Rev. 851, 863 (Dec. 1999).

13. The Supreme Court has stated that a Takings Clause violation is defined by two elements: (1) the public taking of private property, and (2) the subsequent denial of just compensation for that taking. See <u>Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank</u>, 473 U.S. 172, 195 n.13, 105 S. Ct. 3108, 87 L. Ed. 2d 126 (1985).

14. Section 944(c) (1) of the Bankruptcy Code provides that "the debtor is not discharged under subsection (b) of this section for any debt— (1) excepted from discharge by the plan or order confirming the plan [.]" 11. U.S.C. § 944.

15. In <u>In re City of Detroit</u>, supra at 270, the Court stated that courts should avoid "interpreting [a statue] in a manner that would render it clearly unconstitutional . . . if there is another reasonable interpretation available" citing <u>Edmond v. United States</u>, 520 U.S. 651, 658, 117 S. Ct. 1573, 137 L. Ed. 2d 917 (1997).

**IV. DISCUSSION AND ARGUMENT**

16. In the case at hand, the Finca Matilde submits that the automatic stay should be modified to allow the continuation of the state court proceedings in order to determine if a taking occurred and the amount of just compensation to be paid for the properties taken. Of the twelve factors adopted by the court in <u>Sonnax</u>, at least five apply to Finca Matilde's inverse condemnation case.

First, whether relief would result in partial or complete issue resolution. Finca Matilde has an inverse condemnation case pending resolution at the Puerto Rico Court of First

7

Motion for Relief from Stay
Case JAC2015-0577
Finca Matilde, Inc. v. Puerto Rico Highways and Transportation Authority

Instance in Ponce against HTA and the Government. The stay would have to be modified to continue the case against HTA and, also, against the Government, which at the time the proceedings were stayed, had been brought to the case by HTA as a third party for being the institution responsible for presenting the properties that belong to Finca Matilde, namely parcels number N-E-4 and number N-E-5 located in PR # 2, KM 223, Ponce, Puerto Rico, as their property in the construction plans used for the expropriations of cases KEF1994-0131 and KEF1994-0133. This issue must be resolved since both, the Constitution of the Commonwealth of Puerto Rico and of the United States, provide that property shall not be taken for public use without the payment of just compensation. The Fifth Amendment's mandate that private property shall not be taken for public use without just compensation applies to the states via the Fourteenth Amendment's due process guarantee.

Second, lack of connection with or interference with bankruptcy case. The continuance of Finca Matilde's inverse condemnation case at the state court will not interfere with the Title III case since there is no relationship between the issues and/or controversies. On June 10th, 2017 Sucesión Pastor Mandry Mercado, represented by the undersigned counsel, requested a relief from automatic stay for an inverse condemnation case stayed by the Commonwealth of Puerto Rico (hereinafter "Debtor") pursuant to sections 362(a) and 922(a) of the Bankruptcy Code, as incorporated by reference under section 301(a) of PROMESA, were the only issue pending was the determination of just compensation (docket no. 305). Debtor opposed the request from relief from stay and the Court lifted the stay to allow the litigation to proceed to a determination of damages *prior* to the entry of judgment (Memorandum Order, Docket no. 600). Moreover, the Court stated that "allowing the Litigation to proceed would not interfere with the Title III case." (Memorandum Order, page 3, ¶2).

Motion for Relief from Stay
Case JAC2015-0577
Finca Matilde, Inc. v. Puerto Rico Highways and Transportation Authority

Third, whether litigation in another forum would prejudice interests of other creditors. The continuation of the inverse condemnation case at the state court has no direct or indirect effect on any of HTA or Governments' creditors.

Fourth, interests of judicial economy and expeditious and economical resolution of litigation. HTA has a legal division that is familiarized with the litigation of the present case, specifically Félix Cintrón Ariel, Esq., and the Government's litigation of the case in the local court is being handled by Puerto Rico Department of Justice attorneys. Appeals under guidance of the Puerto Rico Attorney General Office. Government attorneys as employees of the Department of Justice have to be paid regardless of whether the state court awaiting to resolve the inverse condemnation case at bar continues. Moreover, their duties are precisely taking care of the cases and defending Puerto Rico's interest. Thus, the only litigation expense will be for the appraiser that HTA and the Government will be using as expert witnesses. In the alternative, removing the case from the state court to this forum will be in detriment to HTA, the Government and Finca Matilde since the costs of litigation will be very burdensome for all parties, e.g., translation costs. The court in *In re Saunders, 103 Bankr. 298, 299 (B.C.N.D. Fl. 1989)* allowed the stay to be lifted on the state proceedings that had begun almost two years before the filing of the bankruptcy petition and also found that that judicial economy was served because the court "could perceive no rationale for curtailing" the efforts of two years in court only for the court to retrace the same path. In the present case, the parties have been litigating in state court a year and a half. Concluding the litigation at the state court will cause no prejudice to neither HTA nor the Government.

Fifth, the impact of stay on parties and balance of harms. The Fifth Amendment and the Fourteenth Amendment of the United States Constitution and Article II, Section 9, of the Constitution of the Commonwealth of Puerto Rico provide that private property shall not be

9

Motion for Relief from Stay
Case JAC2015-0577
Finca Matilde, Inc. v. Puerto Rico Highways and Transportation Authority

taken for public use without just compensation. The continuance of the stay will be detrimental to the Finca Matilde who will be deprived of its right to have a court determine if a taking of their property occurred; and if their property was taken, then, a determination of the amount of just compensation to which is entitled. Whereas, HTA and the Government will suffer no harm if the stay is lifted to allow the state court to determine if a taking of Finca Matilde's properties occurred and, if it did occurred, the amount of just compensation to be paid for the taken properties.

### V. CONCLUSION

17. Finca Maltide has established with substantial arguments there is cause for the lifting of the automatic stay. Modifying the stay to allow the state court to determine if a taking of Finca Matilde's properties occurred and, if it did occurred, the determination of just compensation, allows HTA and the Government to comply with the constitutional command of the Fifth Amendment that a municipal debtor may not take property without just compensation, made applicable to the states via the Fourteenth Amendment's due process guarantee.

WHEREFORE, it is respectfully prayed that Finca Matilde be granted relief from the automatic stay pursuant to 11 U.S.C. §362(d) (1) as to HTA, and to the Government, to continue the proceedings at the state court civil case no. JAC2015-0577 in order to determine if a taking occurred, and if it did occurred, the determination of just compensation, with such other and further relief as this Court deems just and proper.

**CERTIFICATE**: I hereby certify that pursuant to Paragraphs III.Q and III.U of Section III (Scheduling) of the Case Management Procedures, as amended by Order Further Amending Case Management Procedures (docket no. 1512), Fourth Amended Case Management Order (docket no. 2839) and Sixth Amended Notice, Case Management and

Motion for Relief from Stay
Case JAC2015-0577
Finca Matilde, Inc. v. Puerto Rico Highways and Transportation Authority

Administrative Procedures Order (docket no. 3804), and subject to Paragraphs III. F and III.T, at least fifteen (15) business days prior to filing the present motion for relief from stay to continue a prepetition ordinary course civil action against HTA, the movant, Finca Matilde, contacted the counsel for the Oversight Board and AFAA by electronic-mail to advise them of the movant's intent to seek relief from the automatic stay and no agreement was reached.

RESPECTFULLY SUBMITTED.

In Ponce, Puerto Rico, this 4th of September, 2018.

/s/María E. Vicéns Rivera
MARÍA E. VICÉNS RIVERA
USDC- PR 226711
9140 MARINA ST., SUITE 801
PONCE, PUERTO RICO 00717
TEL. / FAX: (787) 259-1999
E-mail: mevicens@yahoo.com