UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-----------------------------------------------------------x

In re:                                                    PROMESA
                                                          Title III

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of                            No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO,                          (Jointly Administered)
et al.,

            Debtors.[1]

-----------------------------------------------------------x

NOTICE OF CORRESPONDENCE RECEIVED BY THE COURT

The Court has received and reviewed the attached correspondence, described

below, from interested persons in the above-captioned cases.  Although the Court cannot respond

individually to all of those who have expressed their thoughts or concerns, the Court is deeply

mindful of the impact of the fiscal crisis on lives, institutions, and expectations, and of the

importance of the issues that are raised in these unprecedented cases.

1.     Letters dated July 19, 2018 from Jose R. Font Zelinski.
2.     Letter dated July 25, 2018 from Luis Abbott.
3.     Letter dated August 7, 2018 from Stephen Mangiaracina.
4.     Letter dated August 8, 2018 from Luis Abbott.

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case
number and the last four (4) digits of each Debtor's federal tax identification number, as
applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS)
(Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation
("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID:
8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No.
17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System
of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK
3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power
Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax
ID: 3747).  (Title III case numbers are listed as Bankruptcy Case numbers due to software
limitations).

5.      Letter dated August 10, 2018 from Stephen Mangiaracina.
6.      Letter dated August 15, 2018 from Luis Abbott.
7.      Letter dated August 15, 2018 from Stephen Mangiaracina.
8.      Letter dated August 27, 2018 from Seema Balwada.
9.      Letter dated August 28, 2018 from Mark Elliot.
10.     Letter dated August 31, 2018 from Luis Abbott.
11.     Letter dated September 4, 2018 from Seema Balwada.

Dated:  September 5, 2018

José R. Font Zelinski 

JUL 25 2018

July 19, 2018

Honorable Laura Taylor Swain
United States District Court
500 Pearl St.
New York, NY 10007-1312

RE:  Notice of Commencement of Cases Under Title III of PROMESA
     Entry of Order for Relief and Related Matters (No. 17 BK3566-LTS)

Dear Judge Swain:

My name is José R. Font Zelinski and I will be 84 years old in August with
God's blessings. I worked for the government of Puerto Rico for 30 years
and retired with a government pension 27 years ago.

I have attached the letter I sent you ten months ago. Since I did not
received an answer from you or someone in your office, I decided to write
you again. My last year, unanswered, letter might be located in the desk of
someone in your office.

The reason I am writing you is to inquiry about the document of Reference
that I received in the mail about a year ago. As I stated in my previous
letter, I have tried, many times, to contact the members of the Financial
Oversight and Management Board for Puerto Rico (FOMBPR) but none of
them would talk to me. I don't know why they refused to talk to me, after
all there are getting paid by the Puerto Rico government to render a job,
and I believe that's part of their job.

What I know about PROMESA is what I have heard and read in the news.
FOMBPR wants to collect the debt owed by the government of Puerto Rico
to Bond Holders from the government of Puerto Rico and from the
government employees and government retirees by reducing their
salaries and pensions.

I believe this plan is CRUEL and inhumane, because is against one of the most vulnerable group of people in our island, the senior citizens, many who are disable, sick, old and desperately need their pension to be able to continue living. Most senior citizens, unfortunately, cannot defend themselves against this injustice, because of their unstable health, age, disabilities and can't afford to pay for any legal assistance. The FOMBPR plan, if implemented, would be detrimental and will create enormous economic distress to all the people in Puerto Rico and particularly our senior citizens.

In my opinion, the debt incurred by the government of Puerto Rico should be paid but in an orderly manner, i.e. utilizing a payment plan that does not create economic instability and suffering of the people and senior citizens in our island. The employees and retirees of the government of Puerto Rico should not pay for a debt that they did not personally incurred. There must be a better way for the government of Puerto Rico, and not the employees or retirees, to pay the debt. I trust you can find the way.

I believe JUSTICE is to be FAIR.

Recently, I heard that you have or will decide the case against the people of Puerto Rico and in favor of the Bond Holders. Maybe that is your ruling and interpretation of the law, but I honestly believe that if a law is unjust it should not be a law. Dr. Martin Luther King Jr. once (while in jail) wrote: *"A just law is a man-made code that squares with the moral law or the law of God. An unjust law is a code that is out of harmony with the moral law."*

I respectfully request of Your Honor to consider my plea for justice in this matter that could unjustly affect so many innocent and honest people in Puerto Rico.

Thank you.
May God bless you,

*José R. Font Zelinski*

**José R. Font Zelinski**

██████████████

José R. Font Zelinski

██████████████

September 4, 2017

Honorable Laura Taylor Swain
United States District Court for the District of Puerto Rico
Federal Court of PR Office 150, Federal Building
San Juan, PR 00918-1767

RE:   Notice of Commencement of Cases Under Title III of PROMESA
      Entry of Order for Relief and Related Matters (No. 17 BK3566-LTS)

Dear Judge Swain:

My name is José R. Font Zelinski and I am 83 years old. I worked for the government of
Puerto Rico for 30 years and retired with a pension 26 years ago.

The reason I am writing you is to inquiry about the document of Reference that I
received in the mail a couple of weeks ago. I have tried, many times, to contact the
members of the Financial Oversight and Management Board for Puerto Rico (FOMBPR)
but none of them would talk to me. What I know about this matter is what I have heard
in the media news. They say that FOMBPR wants to collect the debt owed by the
government of Puerto Rico to bond holders from government employees and retirees
by reducing their salaries and pensions. I believe this plan is cruel and inhumane
against the most vulnerable group of people in our island; the senior citizens, many
who are disable, sick and desperately need their pension, and unfortunately cannot
defend themselves against this injustice. The FOMBPR plan, if implemented, would be
detrimental and will create enormous economic distress to our people.

In my opinion, the debt incurred by the government of Puerto Rico should be paid but
in a logical manner, i.e. utilizing an orderly payment plan that does not create
economic instability and suffering in our island. The employees and retirees of the
government of Puerto Rico should not be forced to pay for a debt that they did not
personally incurred. There must be a better way for the government of Puerto Rico to
pay the debt. I believe justice is to be fair.

I respectfully request of Your Honor to consider my plea for justice in this matter that
could unjustly affect so many innocent and honest people. Thank you.

God bless you,

*José R. Font Zelinski*
José R. Font Zelinski

██████████████

**Cofina**
Luis Abbott   to: swainDPRcorresp                          07/25/2018 09:03 AM
Cc: "'Nilda Abbott'"

From:   ███████████████████
To:     <swainDPRcorresp@nysd.uscourts.gov>
Cc:     ███████████████████

Hon Judge Taylor Swain

Best of lucks on the court day today. Please remember the Cofina is not at Default, The U S Citizens that consider this Island their home were misled to believe that their investment on Cofina subs were secured. The monies at NYMB, as pre agreement are equally owned to all of us. Not to a larger % going to Seniors, the monies distributed to the subs, stay in the Island.
Thanks for listening to us.

Luis R Abbott



**Territory of Puerto Rico Bankruptcy**

▆▆▆▆▆▆▆▆▆▆    to: swaindprcorresp          08/07/2018 03:41 PM
Cc: stmangiaracina

From:    ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
To:      swaindprcorresp@nysd.uscourts.gov
Cc:      ▆▆▆▆▆▆▆▆▆▆▆▆

Sent Via Email & Overnight Delivery

Hon. Laura Taylor Swain
U.S. District Court S.D. N.Y.
500 Pearl  Street
New York.N.Y. 10007

Dear Judge Swain:

  My name is Stephen T. Mangiaracina. I recently sent you emails on behalf of my family,
regarding the above on June 27,2018, June 15,2018 and May 17,2018. Please see below. I also
copied to the Court correspondence sent to the Willke ,Farr,& Gallagher.,LLP. law firm on July
2,2018.

  I write to you after reading the attached copy of the August 2,2018 Cate Long Twitter blog
notice. It is a request to delay again a decision date  by the Court, from August 4.2018 to
September 12,2018, on the validity of Cofina and the sale of its bonds, backed by sales tax
revenues of the Commonwealth of Puerto Rico.
.
  What should first be determined is whether the present actions of the Agents who are both
controlled  by the Oversight Board, are legal and ethical. In my opinion I respectfully say "No".
Much of what has to be said,I addressed in my earlier correspondence. Kindly refer.

  As to Cofina, the Willke Farr & Gallagher LLP law firm was retained  by the Oversight Board
only to give the Court an advisory argument in the now submitted  summary  judgment motion
supporting the validity of Cofina. Cofina is presently not part of the Commonwealth bankruptcy.
It remains ready,willing and able to meet all its obligations  to its sales tax bond holders but for
the stay.   My family opposes the firm doing anything that includes claiming to act on behalf of
Cofina to effect a "settlement" that would be contrary to our interests. The caption on the motion
before you states that the Commonwealth is the plaintiff and the defendant is Cofina.The caption
also states that the Oversight Board represents the Commonwealth.

  Willkie Farr argued for the defendant, which as an independent  corporation is not now part of
the Commonwealth bankruptcy proceeding. While being on the payroll of the Oversight Board,
which would gain what the sales tax bond holders would lose in "settlement", Willkie Farr
would  have to work to bring Cofina, a corporation independent of the Commonwealth, into the
bankruptcy proceeding,along with its bond holders. It is not retained by, nor did it represent
Cofina. Thus it is acting at the behest of its client Oversight Board which is acting in the interest
of the Commonwealth. The Commonwealth and its unsecured creditors have opposing interests
from that of the Cofina bond holders whose interests are secured by the sales taxes

   The unsecured creditors,already in the Commonwealth bankruptcy proceeding,with their legal
counsel are in it to settle their claims with the  Oversight Board.The Oversight Board does not
have the authority/standing to orchestrate a plot to take control of Cofina,which is not in the

bankruptcy proceeding and then going after secured sales tax bond holders like my family,also not in the proceeding,  to approve a predetermined "settlement" agreement.

   In a business setting, what the Oversight Board is doing,through its attorneys and Agents, would be defined as tortious interference with contract. In the present environment,sales tax bond holders are defenseless and thus must rely on this Court to protect us. All I can do is write letters to the Court . We should not have to watch as an outcome is manipulated so as to deny us due process. What is going on should not be allowed to take place. As I wrote to the Court in an earlier letter, sales tax bond holders do not have the deep pockets and organizational capacity to fight against this  farce that has been created to drag us into the bankruptcy proceeding

   I respectfully ask the Court to render its decision and remove the stay sua sponte.Thank you.

   Stephen T. Mangiaracina



Sent from AOL Desktop
In a message dated 6/27/2018 9:23:49 AM Eastern Standard Time, ███████████ writes:

Sent Via Email & Overnight Delivery

Hon. Laura Taylor Swain
U.S. District Court S.D.N.Y.
500 Pearl Street
New York, N.Y. 10007

Dear Judge Swain:

   My name is Stephen T. Mangiaracina.  I recently sent you emails on behalf of my family regarding the above on June 15, 2018 and May 17, 2018.  Please see below.

   The sales tax secured bond holders are not creditors of the Commonwealth of Puerto Rico which is in bankruptcy.  Our bonds were not purchased from, nor secured by the full faith and credit of the Commonwealth.  The Commonwealth has not defaulted on any obligations it owes us, since it has none.

   Sales tax bond holders are secured creditors of Cofina, established as an independent corporation by the Commonwealth government.  It is made independent, free of any control by the Commonwealth, because there would have been no market for its bonds otherwise.

   The Cofina bond trustee has been ready, willing and able to continue to meet all its obligations to all its sales tax bond holders.  The stay imposed by the Court is not a default.  If Cofina did default, we sales tax bond holders could not claim recourse against the Commonwealth.

   Unless the Court were to first find in the motion papers for summary judgment before it on April 10, 2018, that the establishment of Cofina and its commitments to its bondholders are invalid, any settlement regarding Commonwealth creditors, cannot include Cofina. Although its very existence is being challenged, it is not part of the bankruptcy.  Since Cofina is not in default, its bond holders have no claim against it.

   Arguments for both sides of the issue have been fully briefed and submitted to the Court on April 10, 2018 for decision.  It is one thing for the Court requiring sufficient time to render a decision on a matter submitted to it over two months ago.  It is quite another for those seeking the demise of Cofina to request a delay in the publication of a decision.  This would be to the detriment of the sales tax bond holders such as my family who have already missed two bond payments due to the stay and another payment is due August 1st.

   Settlement efforts regarding the many creditors of the Commonwealth are not the issue.  Cofina and its sales tax bond holders just do not belong in them.

I called and spoke with someone at Willkie Farr. I was told a settlement had been reached and not to expect anything to happen until sometime in September when I will be given an opportunity to object to any settlement then.  When I asked if the Court was informed, the reply was the Court said something like "This sounds monumental".

I am hoping this was the Court simply making an innocuous tongue in cheek comment and will think this out.  Yet, it is troubling that those having clout, compared to others who do not, have ready easy access to the Court and accommodation.  It challenges one's faith in the fairness of the judicial process.

If this is true, how can this Court justify holding off on publishing  a decision, as soon as reasonably possible, with the stay still in effect?

The efforts of those seeking "settlement" would result in the taking of property belonging to others and having it anointed by judicial process.  This is hubris at its best.  What plot would they hatch to have the Court gain jurisdiction over thousands of sales tax bond holders?

It is my understanding that the Cofina trustee will receive a sales tax money delivery shortly for the benefit of Cofina sales tax bond holders.  How long will we be in a state of uncertainty as to whether Cofina will be permitted to pay its bond obligations, including the next one due August 1st.
.

Sent from AOL Desktop
In a message dated 6/15/2018 8:45:04 AM Eastern Standard Time, ███████████████
writes:

Hon. Laura Taylor Swain
U.S.District Court,S.D.N.Y.
500 Pearl Street
New York,N.Y.10007

Dear Judge Swain:

My name is Stephen T. Mangiaracina. I recently sent you an email on behalf of my family regarding the above,  dated 5/17/18. Please see below.

I just learned that there is a proposed settlement that will be presented to you by the agents for the Commonwealth  of Puerto Rico and Cofina prior to the Court rendering a decision on the issues put before it  on April 10,2018. In my earlier letter,I implored the Court to please render a decision of record prior to entertaining any settlement discussion,.

Again ,please make a decision on the matters that were submitted to you over two months ago.I have read the arguments by both agents including the history of the sales tax bonds from their birth until the present.The papers were submitted by the law firms retained by the Oversight Board to represent each agent for and against the validity of Cofina and its sales tax bond issues beginning over 10 years ago.

Whatever your decision, I trust it will be well reasoned and thorough.There is the right to appeal. It is the only thing that will give due process to the 'little people'. Once settlement is entertained, the big boys take control over our interests with no end in sight.

Under the unique circumstances of what is before you, I respectfully suggest it would be unethical for the law  firms representing their "client " to present a settlement proposal to avoid a decision by you.Their   client is  one and the same. They cannot  put form over substance to fog up this fact. How can you   negotiate  a settlement with yourself ? Cofina was created by the Commonwealth to raise funds for the benefit of the Commonwealth.If what is before the Court goes to decision,and Cofina prevails, then all the sales tax bond holders prevail also and there will be no issue as to senior or  junior sales tax bond holders since there is more than

enough money collected to meet the obligation to pay both.If there is a settlement,that issue will be reserved for settlement on another day.If the Court renders a decision,this will not be an issue later.

I have read the submission to the Court by Willkie Farr & Gallagher LLP. It is my understanding that they only represent the agent for Cofina and not its bondholders. Let me just say I am content with what I read. Now after hearing about settlement,I am very displeased. By the quality and extent of their papers I can only imagine what a major national law firm charges for this work.The same is true for their "adversary" law firm,.     They are in effect retained by the same Oversight Board. Why bring up settlement  now at the 11th hour  when a decision is fairly imminent? They have the same client,the Oversight Board,  no matter what the caption says.The  sales tax bond holders including those "little people" Puerto Rico retirees are not part of that caption.

The fact is that in 2006/2007  Puerto Rico was credit dead.,But for the creation of Cofina by the Commonwealth and the sales taxes upon receipt belonging to Cofina and deposited into a "lockbox" under its control,bond buyers could not have been lured to buy its bonds. Cofina bond holders have a right to rely on the Commonwealth's  representations and actions made over 10 years ago.The Commonwealth  and its Control Board charged with managing it and its financial affairs should be estopped from claiming and acting otherwise.

Cofina is a corporation  formed for a purpose by the Commonwealth..But for the Court putting a stay on the payment of interest,it would not be in default.Even if Willkie Farr  only argued to establish the validity of  Cofina and not on behalf of bond holders in what is before the Court ,the fact is that if Cofina wins,so do all its bond holders. In order to now encourage the Court to approve a settlement,will  Willkie Farr  argue that its submission,on behalf of the Oversight Board,,has weaknesses? It sure looks great to me.Their summary judgment motion and reply covered thoroughly every single issue Why would the firm do this at this point if not taking its marching orders from the Oversight Board ?  In the true sense, it is not representing a client as is normally understood. This would be severely prejudicial for the sales tax bond holders.

I  submit to the Court that the assigned mission for each firm is to argue opposite  sides to enable the Court to render a decision on the merits.It does not include  these firms being retained to settle what my family and the other sales tax bond holders should get.They served their limited  purpose and I assume are being paid handsomely by the Oversight Board. .The caption for what is before the Court  clearly shows it is the ring leader..It was established to manage the interests of the Commonwealth.The "little people"  sales tax bond holders have not come to this Court and suggested settlement before this Court renders its decision. My family just wants a decision. This settlement scheme being hatched  smells.The Oversight Board's interests which are the Commonwealth, are contrary to those of the sales tax bond holders. .It should not be allowed to orchestrate a settlement scenario where it controls everything including  the outcome to avoid a decision it apparently  fears coming soon.We do not have the deep pockets and organizational capability  to engage in such a charade.I assume most of the other sales tax bond holders are similarly situated,.People(families) need to plan their lives and know where they stand,win or lose. I believe the Court at this point in time knows how it intends to rule on this matter.

I respectfully ask the Court to render its decision.Thank you.

Stephen T. Mangiaracina



Sent from AOL Desktop

From:

To:
swaindprcorresp@nysd.uscourts.gov

Sent: 5/17/2018 4:01:13 PM Eastern Standard Time
Subject: Fwd: Territory of Puerto Rico Bankruptcy

Sent from AOL Desktop

From:

To:
Swaindprocorrespcnyspd.uscourts.gov@aol.com

Cc:

Sent: 5/17/2018 3:51:12 PM Eastern Standard Time
Subject: Territory of Puerto Rico Bankruptcy


Hon. Laura Taylor Swain
U.S. District Court, S.D.N.Y.
500 Pearl Street
New York,NY 10007

Dear Judge Swain:

   My name is Stephen T. Mangiaracina. My wife MaryAnn and I are owners of Cofina (sales tax) junior bonds which are a subject of the above proceedings before you. On April 10,2018 you heard arguments on the issues before you before taking the matter for decision and order.This matter is deciding   the rights and priority to the sales taxes collected and set aside to meet the obligations owed to sales tax bond holders( senior and junior) both as to timely paying interest owed every 6 mounts and at maturity paying the full par value of the bonds.

   Up until the bankruptcy  and the Court staying the payment of the interest on these bonds, there has been no default since these bonds were first issued over 10 years ago.There has been no default on the payment of principal on  any matured  Cofina bonds.

   My wife and I resiide at                                            . I also write to you also

on behalf of my daughter Kim and her husband Steven Schidrich who reside at ███████ ████████ and my wife's sister Georgiana Persichilli. residing at ████████ ████████████████.They also purchased Puerto Rico Cofina junior sales tax bonds at my suggestion. We all await your decision.

I am duly licensed to practice law in the states of New York, South Carolina,and Florida ( presently on retired status ).

My concern now is what is appearing on the internet about settlement discussions, while your decision is still pending These various groups negotiating have nothing in common with the interests of my family. They represent pension funds,bond funds,etc. which manage various Puerto Rico bond issues including general obligation bonds on behalf of those who have a financial interest in these funds but do not have direct ownership of the bonds as my family does.

None of these players have been given authorization to act on our behalf. We oppose this and do not wish to be bound by any of the agreements that may be presented to you. This would deny us due process.

The settlement negotiations,as reported, say the order of priority would be senior Cofina ,general obligations and then junior Cofina. The oversight board would also be a major player in its approval. There are those,with conflicts of interest all over the place,looking to avoid this Court making a decision that would make the junior Cofina bond owners whole.I assume the fund managers now negotiating among themselves manage funds with  diversified portfolios including both Cofina (senior and junior) and general obligation bonds among others.My family only purchased the junior Cofina bond issues, The earliest maturity is  in 2038. Upon information and belief,the paying agent for the collected sales taxes held in trust, would have made all interest payments due but for the stay. To deem our bonds to be in default, is more nuance than real. if any such settlement were effected,our bonds would be defaulted and we would only get a small percentage of the face amount of our bonds.

We do not have to be active participants for this Court to make a decision on the merits based on the history of all the bond issues which is now before it. We purchased our bonds from FMS Bonds,Inc. located in North Miami,Florida. It is my understanding that the record of our ownership is with the Court. Our hope is that  the Court finds  that the Cofina bond  owners, both senior and junior,have continued  recourse to all the sales taxes collected for both interest payments, due now and in the future, and payment in full  of all money due at maturity to the exclusion of the general obligation bond holders,If any of us are unhappy with the decision you make,an appeal can be considered. At least due process would not be denied.

I respectfully ask the Court to acknowledge receipt of this correspondence..

Thank you.

Stephen. T. Mangiaracina,Esq.



Sent from AOL Desktop In a message dated 6/15/2018 8:45:04 AM Eastern Standard Time,

writes:     Hon. Laura Taylor Swain     U.S.District Court,S.D.N.Y.     500 Pearl Street New York,N.Y.10007     Dear Judge Swain:     My name is Stephen T. Mangiaracina. I recently sent you an email on behalf of my family regarding the above,  dated 5/17/18. Please see below.     I just learned that there is a proposed settlement that will be presented to you by the agents for the Commonwealth  of Puerto Rico and Cofina prior to the Court rendering a decision on the issues put before it  on April 10,2018. In my earlier letter,I implored the Court to please render a decision of record prior to entertaining any settlement discussion,.     Again ,please make a decision on the matters that were submitted to you over two months ago.I have read the arguments by both agents including the history of the sales tax bonds from their birth until the present.The papers were submitted by the law firms retained by the Oversight Board to represent each agent for and against the validity of Cofina and its sales tax bond issues beginning over 10 years ago.     Whatever your decision, I trust it will be well reasoned and thorough.There is the right to appeal. It is the only thing that will give due process to the 'little people'. Once settlement is entertained, the big boys take control over our interests with no end in sight.     Under the unique circumstances of what is before you, I respectfully suggest it would be unethical for the law  firms representing their "client " to present a settlement proposal to avoid a decision by you.Their   client is  one and the same. They cannot  put form over substance to fog up this fact. How can you   negotiate  a settlement with yourself ? Cofina was created by the Commonwealth to raise funds for the benefit of the Commonwealth.If what is before the Court goes to decision,and Cofina prevails, then all the sales tax bond holders prevail also and there will be no issue as to senior or  junior sales tax bond holders since there is more than enough money collected to meet the obligation to pay both.If there is a settlement,that issue will be reserved for settlement on another day.If the Court renders a decision,this will not be an issue later.     I have read the submission to the Court by Willkie Farr & Gallagher LLP. It is my understanding that they only represent the agent for Cofina and not its bondholders. Let me just say I am content with what I read. Now after hearing about settlement,I am very displeased. By the quality and extent of their papers I can only imagine what a major national law firm charges for this work.The same is true for their "adversary" law firm,.     They are in effect retained by the same Oversight Board. Why bring up settlement  now at the 11th hour  when a decision is fairly imminent? They have the same client,the Oversight Board,  no matter what the caption says.The  sales tax bond holders including those "little people" Puerto Rico retirees are not part of that caption.     The fact is that in 2006/2007  Puerto Rico was credit dead.,But for the creation of Cofina by the Commonwealth and the sales taxes upon receipt belonging to Cofina and deposited into a "lockbox" under its control,bond buyers could not have been lured to buy its bonds. Cofina bond holders have a right to rely on the Commonwealth's representations and actions made over 10 years ago.The Commonwealth  and its Control Board charged with managing it and its financial affairs should be estopped from claiming and acting otherwise.     Cofina is a corporation  formed for a purpose by the Commonwealth..But for the Court putting a stay on the payment of interest,it would not be in default.Even if Willkie Farr only argued to establish the validity of  Cofina and not on behalf of bond holders in what is before the Court ,the fact is that if Cofina wins,so do all its bond holders. In order to now encourage the Court to approve a settlement,will  Willkie Farr  argue that its submission,on

behalf of the Oversight Board,,has weaknesses? It sure looks great to me.Their summary
judgment motion and reply  covered thoroughly every single issue Why would the firm do this
at this point if not taking its marching orders from the Oversight Board ?  In the true sense, it is
not representing a client as is normally understood. This would be severely prejudicial for the
sales tax bond holders.      I  submit to the Court that the assigned mission for each firm is to
argue opposite  sides to enable the Court to render a decision on the merits.It does not include
these firms being retained to settle what my family and the other sales tax bond holders should
get.They served their limited  purpose and I assume are being paid handsomely by the Oversight
Board. .The caption for what is before the Court  clearly shows it is the ring leader..It was
established to manage the interests of the Commonwealth.The "little people"  sales tax bond
holders have not come to this Court and suggested settlement before this Court renders its
decision. My family just wants a decision. This settlement scheme being hatched  smells.The
Oversight Board's interests which are the Commonwealth, are contrary to those of the sales tax
bond holders. .It should not be allowed to orchestrate a settlement scenario where it controls
everything including  the outcome  to avoid a decision it apparently  fears coming soon.We do
not have the deep pockets and organizational capability  to engage in such a charade.I assume
most of the other sales tax bond holders are similarly situated,.People(families) need to plan
their lives and know where they stand,win or lose. I believe the Court at this point in time
knows how it intends to rule on this matter.      I respectfully ask the Court to render its
decision.Thank you.      Stephen T. Mangiaracina           ███████████████████████

Sent from AOL Desktop   From:
███████████████████████
   To:
swaindprcorresp@nysd.uscourts.gov
   Cc:
███████████████████
   Sent: 5/17/2018 4:01:13 PM Eastern Standard Time   Subject: Fwd: Territory of Puerto Rico
Bankruptcy       Sent from AOL Desktop   From:
███████████████████████
   To:
Swaindprocorrespcnyspd.uscourts.gov@aol.com
   Cc:
████████████████████
   Sent: 5/17/2018 3:51:12 PM Eastern Standard Time   Subject: Territory of Puerto Rico
Bankruptcy                Hon. Laura Taylor Swain    U.S. District Court, S.D.N.Y.     500 Pearl
Street    New York,NY 10007    Dear Judge Swain:        My name is Stephen T.
Mangiaracina. My wife MaryAnn and I are owners of Cofina (sales tax) junior bonds which are
a subject of the above proceedings before you. On April 10,2018 you heard arguments on the
issues before you before taking the matter for decision and order.This matter is deciding   the
rights and priority to the sales taxes collected and set aside to meet the obligations owed to sales
tax bond holders( senior and junior) both as to timely paying interest owed every 6 mounts and
at maturity paying the full par value of the bonds.      Up until the bankruptcy  and the Court
staying the payment of the interest on these bonds, there has been no default since these bonds
were first issued over 10 years ago.There has been no default on the payment of principal on
any matured  Cofina bonds.      My wife and I resiide at  ████████████████████████

████████. I also write to you also on behalf of my daughter Kim and her husband Steven Schidrich who reside at ████████████████████ and my wife's sister Georgiana Persichilli. residing at ███████████████████████.They also purchased Puerto Rico Cofina junior sales tax bonds at my suggestion. We all await your decision.      I am duly licensed to practice law in the states of New York, South Carolina,and Florida ( presently on retired status ).      My concern now is what is appearing on the internet about settlement discussions, while your decision is still pending These various groups negotiating have nothing in common with the interests of my family. They represent pension funds,bond funds,etc. which manage various Puerto Rico bond issues including general obligation bonds on behalf of those who have a financial interest in these funds but do not have direct ownership of the bonds as my family does.      None of these players have been given authorization to act on our behalf. We oppose this and do not wish to be bound by any of the agreements that may be presented to you. This would  deny us due process.      The settlement negotiations,as reported, say the order of priority would be senior Cofina ,general obligations and then junior Cofina. The oversight board would also be a major player in its approval. There are those,with conflicts of interest all over the place,looking to avoid this Court making a decision that would make the junior Cofina bond owners whole.I assume the fund managers now negotiating among themselves manage funds with  diversified portfolios including both Cofina (senior and junior) and general obligation bonds among others.My family only purchased the junior Cofina bond issues, The earliest maturity is  in 2038. Upon information and belief,the paying agent for the collected sales taxes held in trust, would have made all interest payments due but for the stay. To deem our bonds to be in default, is more nuance than real. if any such settlement were effected,our bonds would be defaulted and we would only get a small percentage of the face amount of our bonds.      We do not have to be active participants for this Court to make a decision on the merits based on the history of all the bond issues which is now before it. We purchased our bonds from FMS Bonds,Inc. located in North Miami,Florida. It is my understanding that the record of our ownership is with the Court. Our hope is that  the Court finds  that the Cofina bond  owners, both senior and junior,have continued  recourse to all the sales taxes collected for both interest payments, due now and in the future, and payment in full  of all money due at maturity to the exclusion of the general obligation bond holders,If any of us are unhappy with the decision you make,an appeal can be considered. At least due process would not be denied.      I respectfully ask the Court to acknowledge receipt of this correspondence..      Thank you.      Stephen. T. Mangiaracina,Esq. ██████████   ████████████   ██████████
████████████



**New Cofina Agreement**
Luis Abbott   to: swainDPRcorresp                                    08/08/2018 07:05 PM
Cc: "'Nilda Abbott'"

From: ███████████████████
To:      <swainDPRcorresp@nysd.uscourts.gov>
Cc:      ███████████████████

Hon Judge Taylor Swain.

I is my hope that your fairness judgments help the Island subordinated Cofina holders in the agreement
published today August 8, 2018 . The monies deposited at the NYMB , should be distributed as a
pre-agreement and not allow the non defaulted Cofina subordinated holders to pay for the 93%
recovery that the Senior holders are negotiating. I don't know who is representing us the Island residents
who hold the subordinated Cofina. Bonistas del patio do not represent us. Please be fair to us.
Thanks again.

Luis R Abbott



**Territory of Puerto Rico Bankruptcy**

████████████████████    to: swaindprcorresp                    08/10/2018 03:08 PM

Cc: STMangiaracina

From:    ████████████████████████████████

To:      swaindprcorresp@nysd.uscourts.gov

Cc:      ████████████████████████

                                              Sent Via Email &  Overnight Delivery

Hon. Laura Taylor Swain
U.S. District Court S.D. N.Y.
500 Pearl Street
New York,N.Y. 10007

Dear Judge Swain

  My name is Stephen T. Mangiaracina. I recently sent you emails on behalf of my family,regarding the
above on August 7, 2018, June 27, 2018, June 15, 2018 and May 17, 2018. I also copied to the Court
correspondence sent to the Willkie Farr & Gallagher,LLP. law firm on July 2, 2018.

  As to the issues that were put before you,via motion on April 10, 2018,for decision addressing the
validity of Cofina and the sale of its bonds, I ask  the Court to make an  interim decision first.The Court
granted equitable relief to the unsecured creditors with a stay stopping payments by Cofina to its sales
tax bond holders during the pendency of the motion issues. This was done ex parte. Sales tax bond
holders,such as my family never had a day in your Court to oppose the granting of the stay because we
are not part of the bankruptcy;so I settle for writing letters.The caption on the motion submitted to the
Court states the Oversight Board represents the Commonwealth. One issue which would have been
raised is the principle that the government  cannot disavow or act contrary to its own duly passed
legislation(.Estoppel).Here, that is the creation of  Cofina by the Commonwealth as an independent
corporation and  approved by the executive branch, authorized  to sell bonds secured by sales taxes, that
once collected are transferred to the Cofina trustee to meet its obligations to its bond holders.Here  the
Oversight Board by its actions is  disavowing Cofina's statutory existence and purpose.Claiming to be
neutral does not cut it.Example-The Commonwealth should not be paying the legal fees of the unsecured
creditors on what is now before the Court. The Oversight Board thus facilitated the stay.

Another point that would have been raised is that unsecured creditors had  record notice at the issuance
of the Cofina bond  public offerings in 2006 and 2007. If they felt their interests were compromised, they
could have lobbied the Commonwealth legislature to express concerns or  sought injunctive  relief
preventing the establishment of Cofina and its bond issues prior to sale, rather than after a bankruptcy
filing 10 years later, after sales tax bond holders made their purchases.  It was not a secret  in 2006/2007
that the Commonwealth of Puerto Rico was credit dead.

  The main point I would have argued to the Court is the unlikelihood of success of the claim  that Cofina
was not validly created.In looking at how the highest courts  of several states (Massaachusetts, New
York,etc) addressed similar issues, the tests applied are all similar. The courts deferred to the state
legislatures.As long as the legislation was tightly defined,all state income does not have to go into its
treasury first and withdrawn by specified appropriations by its legislature. The Commonwealth legislature
in establishing Cofina did what all these other states did. It's as if they were following a textbook.

  The stay was granted ex parte.This justifies starting over. I ask that the Court do so sua sponte  It can
always be granted again but with due process this time.

  Cofina should no longer be treated like the Scarecrow in the Wizard of Oz.  It should be given a brain.
Willke Farr, or anyone else who answers to the Oversight board, should not be associated with controlling
this independent corporation.  This Court should appoint attorneys to represent Cofina and approve
payment of legal fees.These attorneys should be responsible for representing and arguing in favor of
Cofina's validity, its ongoing relationship with its bond holders, meeting Cofina's obligations and
protecting it.

  Cofina upon being given a brain  would now argue for its own life.The caption now states the Oversight

Board   represents Cofina. This is flawed since Cofina is outside the bankruptcy proceeding.This would simply be changed to its own attorneys representing its interests.

  This would address my August 7,2018 correspondence to the Court expressing my feeling of being defenseless. The Court would now be addressing the due process issues affecting my family whose bonds along with Cofina are outside the bankruptcy proceeding.I think it will also be a good thing  for the rest of us similarly situated  and the Court too..

I believe Cofina's existence including the sale of its bonds is valid.  The Court may not have to get to this issue after addressing the equitable ones.

  I respectfully ask the Court to render its decision and remove the stay sua sponte.  Thank you.

 Stephen T. Mangiaracina





**NYMB**

██████████████   to: swainDPRcorresp                                08/15/2018 03:44 PM

Cc:  Nilda Abbott

From:        ████████████████████

To:          swainDPRcorresp@nysd.uscourts.gov

Cc:          ████████████████████

Hon Judge Taylor Swain , there is a question that I have not been able to get
an answer from anybody involved on this new Cofina agreement announced on 8 /8
/ 18. Why is the money deposited at the Mellon Bank of New York included on
the agreement if Cofina have not been defaulted at that time and this money
was deposited as the law indicated? Why can't it be distributed as pre
agreement? Please clarify or some of parties making the agreement , please
clarify.    Luis R Abbott.

Sent from my iPhone



**Territory of Puerto Rico Bankruptcy**

to: swaindprcorresp                                                   08/15/2018 09:19 AM

Cc:

From:

To:        swaindprcorresp@nysd.uscourts.gov

Cc:

Sent Via Email & Overnight Delivery

Hon. Laura Taylor Swain

U.S.District Court S.D.N.Y.

500 Pearl Street

New York,N.Y. 10007

My name is Stephen T. Mangiaracina.I recently sent you emails on behalf of my family,regarding the above on August 10,2018, August 7, 2018June 27, 2018,June 15,2018 and May 17, 2018. I also copied to the Court correspondence sent to the Willke Farr & Gallagher, LLP on June 2, 2018.

I  recently read Barron's (Aug, 10, 2018) Caribbean Business MSC (Aug 8,2018) reporting the  Oversight  Board release  in part stating the  Oversight Board for the government of Puerto Rico reached an agreement with  debt holders to restructure the Commonwealth's Cofina bonds.....  The consensual  deal with all Cofina bondholders proves the Board's and Government's commitment to reach consensual agreement to Puerto Rico's debt whenever possible.FOMB director Natalle Jaresko said in a statement....  Under the agreement, the bondholders of senior and junior bonds will exchange the current notes for new senior lien notes backed by 54%  of a 5.5 sales tax....

....Senior bond holders will receive 93 cents on the dollar,with an additional 2 cents for being in the negotiating group. Junior bondholders will receive 56.4 cents on the dollar.Good news for Puerto Rico is good news for three bond insurers. The losses The senior Cofina bonds held by MBIA (ticker),Ambac Financial Group(AMBC) and Assured Guaranty(AGO) will be "modest' wrote Harry Fong at MKM Partners bur are likely to be "very close" to what the bond insurers estimated in their loss reserves as of June 30....Shares of the three companies climbed Thursday.... The key point today is that the Oversight Board, Puerto Rico and bondholders have come to an agreement on one of the terrory's debts,Fong wrote...

The Caribbean BusinessMCS news release is similar.

San Juan- In  separate releases,Puerto Rico's Financial Oversight and Management Board and the governor both announced that the Board-as representative of the Puerto Rico Sales Tax Financing Corp.(Cofina by the Spanish acronym)in the bankruptcy-like process underTitle III of the Puerto Rico Oversight Management and Stability Act(Promesa)-the government and a number of bondholders reached a deal to restructure the instrumentality debt.

"The agreement in principle" reached with senior and junior bondholders and monoline insurers includes new Cofina securities,under "terms that are aligned with the fiscal reality of Puerto Rico" according to the release issued by the office  of Gov.Ricardo Rossello....

The agreement in principle is the product of a mediation process ordered by Judge Laura Taylor Swain.and led by Judge Barbara House and her team of mediating judges.

In the Board's release Executive Director Natalle Jaresko wrote that the "objective has been to achieve a debt restructuring agreement with all  COFINA parties consistent with the agreement in principle reached by the agents for the COFINA and Commonwealth,the terms of which were announced on June 7, 2018 and we believe the agreement has honored that goal.

The court agreed with the proposed protocol to settle the dispute over the 5.5 percent sales & use tax. The designated Cofina agent is Belina Wyhte and the commonwealth agent is Luc Despins, who represents the Unsecured Creditors Committee(UCC) in Title III proceeding,of which bondholders are members....

.....In a statement the Cofina Senior Bondholders Coalition said: This agreement between the Oversight Board and a substantial number of Cofina senior and subordinate creditors marks a major milestone for Puerto Rico on its road to recovery. The terms lay the groundwork for future capital markets access,equitable recoveries and the resumption of restructured cash interest for all bondholders,including a large cross-section of local retirees and individuals.Importantly,the deal also reduces Puerto Rico's debt by approximately $7 billion ,preserves access to low-cost securitizations and increases the Commonwealth's FY2019 sales tax revenue by more than $360 million.

In my August 7,2018 letter to you, I noted " In a business setting what the Oversight Board is doing,through its Agents would be defined as tortious interference with contract.

After reading the  releases,I see i was too kind. It now appears to be  a criminal enterprise to conspire to take what is now owned by the  Cofina junior bondholders and attempting to legitimatize the taking by getting the Court to sign off on it.

First, the independent corporation Cofina is not now in Title III bankruptcy. The issue on motion submitted to you on April 10,2010, by  the Unsecured Creditors Committee as Agent of the Oversight Board as representative of the Oversight board, and Bettina Whyte as Agent of the Oversight Board as representative of  Cofina, is to determine whether it belongs in the Commonwealth's Title III bankruptcy.Both sides submitted opposing advisory briefs to you on the motion for summary judgment to this Court .This convoluted set up was necessary because the Oversight Board claimed it wanted to remain neutral.

About a month after submission, I called Willke Farr and spoke with the primary drafter of the motion,arguing the formation of Cofina by the Commonwealth's legislature with the consent of the executive branch did not violate Puerto Rico's Constitution. He graciously helped me find the submission. I called him back to say he turned out some of the finest papers I ever read. The Cofina legislation is supported by so much case law from many other states' highest courts that ruled on similar issues in favor of such legislation,The courts deferred to a state's legislature, The Commonwealth legislature in establishing Cofina did what these other states did .

Although I still had doubts about the Oversight Board due to its overlapping relationships,I felt very good, after reading the motion papers, there would be a favorable ruling that Cofina would not be going into the Title III  bankruptcy.If Cofina wins so do its bondholders since, although not a named party,wee are a very interested one.This was until I learned the Oversight Board assigned both Agents to work on a "settlement" before this Court had ruled..The Oversight Board then showed its true colors that it was not neutral at all.

As I stated before, a government entity cannot act or disavow its own duly passed laws,The Oversight Board is doing that because it now sits in the Commonwealth's shoes.Here the legislation was passed over 10 years ago establishing Cofina,This is very prejudicial to to the Cofina bond holders. The Oversight Board is thus indicating to the Court it wants to avoid a decision which it believes will be unfavorable to it.It also takes with it the Willke Farr law firm,after it wrote and submitted winning motion papers to the Court,  to help negotiate with the unsecured creditors, Willke Farr should have refused and I said so. Does this encourage the Court to ignore their winning papers and let the motion die. Te Oversight Board is now sending out self serving joint press releases, about the recent claim of settlement :as to whether if Cofina is part of the Title III bankruptcy is of no concern, because it is a fait  accompli. Various participants claim what a great accomplishment the"settlement' is,about how great it is for Puerto Rico and so many others.I do not mean any disrespect, but are they trying to scare you off from some unfinished business like a decision  or if you did  render a decision, because of the pressure, it would most likely go against Cofina .?

Even though it is doing so without a legal basis, it is also shutting the  Cofina jujnior bondholders out of negotiations.it is clear from the news releases placed by the  Oversight Board that the juniors were not represented in the "agreement" negotiation.One Agent represented the unsecured creditors, with the help of the institutional  holders representative and the  insurance carrier's representative insuring the senior Cofina bonds

The 2 cents on the dollar given to senior bond holders to cover their legal expenses for being in the negotiating group. The junior  bond holders were not awarded this because we were not included. at the table.

Senior bond holders have a priority over juniors only if  Cofina were to default.Here Cofina has enough money to meet all its obligations to both seniors and juniors. If the juniors were at the table, the response would be that "we get what you get or we are out of here".

The lack of our presence allowed the senior Cofina's to get  for all practical purposes payment in full without the court making a decision as to whether Cofina goes into the Title III bankruptcy.The insurance carrier guarantor for the seniors had its loss exposure reduced because of what was taken from the absent juniors,

The notice that was given in the Caribbean Business MCS release, given by the Financial Oversight and Management Board,states "In a statement,the Senior Bondholders Coalition said " This agreement between the Oversight Board and a substantial number of COFINA senior and subordinate creditors marks a major milestone for Puerto Rico on its road to rercovery" Why use the term subordinate rather than junior ?

I understand there is another request for an extention before you make a decision. This time 60 days so they can present some agreement to you..Wouldn't it be something if their thinking is presentation of a fully executed settlement document  for you to sign off on and they also have an order  for you to sign addressing your decision on the motion now before you since its submission on August `10,2018.

Did the Oversight Board pull a bait and switch to gain total control over the Title III bankruptcy issue and Cofina? In claiming neutrality ,appointing two Agents,one for the unsecured creditors and one for Cofina, with each to brief and argue one side of the motion, the Oversight Board has been able to view the submissions to the Court and determine  that the unsecured creditors would lose and Cofina would remain tndependant  to meet its  original obligations to its bondholders.

So with no intention of waiting for this decision, it went into
" settlement mode" where it now controls both sides to get a desired outcome which  if
approved,it will ripoff the Cofina junior bondholders

  The Oversight Board and the unsecured creditors , with the "settlement" terms that have now
been published,have thus admitted that Cofina was  validly created by the Commonwealth
legislature . The plan is to have Cofina continue to exist, This is an admission that the legislature
did not violate Puerto Rico's constitution in creating Cofina.

This is an excerpt from your hearing on April 10,20189 as reported by Nick brown,Edited by N.
Zieminski ;

   Stancil and other GO side lawyers said debt is senior to all obligations．

  GO holders have the first claim on " available sources.

   Stancil said and it can't just be assumed away that
   available  resources means whatever the legislature
   says"

  " it's up to the court to define,'he said.

   Judge Swain had pointed questions,though,
   How she asked Stancil " Is the court in position
   to determine whether babies should eat or traffic lights
   fiixed before bondholders get paid?

   Swain also noted that Puerto Rico's constitutional debt limit
   only applied to debt backed by Puerto Rico's full faith and credit,
   such as GO debt.

   It could have been written to encompass all debt,she said
   but it wasn't written that way"

   I believe after hearing you,is when a firm decision was made, by the Oversight Board and the
unsecured creditors,to act quickly to entertain "settlement" even though there is no authority to
do so.without a decision and order by you.They saw the handwriting on the wall and believed
then and now that they will lose.It is clear you were referring to the Cofina bondholders waiting
to be paid.

In speaking with insiders to the proposed  "settlement" that, while the goal is have it completed
by the end of the year,that is not likely and normally in these situations interest will not be
paid,before a decision and order by the Court.

 Cofina junior bondholders should not be forced into an unsecured creditor class subject to
majority votes and the actions of others beyond our control,so as to help Puerto Rico out of
bankruptcy and reduce the loses of the unsecured  creditors and others.

   The unsecured creditors filed a claim stating Cofina should be in Title III  bankruptcy,
submtted  briefs and argued in a proceeding before you on April 10, 2018 when the motion was
submitted for a decision on the merits and then,instead of waiting for that decision,  the
Oversight Board quickly began "settlement" machinations; sent out self serving press releases,
along with input from other participants stating how great this all is for Puerto Rico, claiming

success while inferring that Cofina is already in Title III bankruptcy.It was wrongful to ever begin  going down this road so as to deny Cofina junior bondholders,such as my family, the due process of a decision on the merits by you,before our money is taken from us.

Just our rejection of what is going on is sufficient to stop this take over attempt of Cofina, which is in effect a takeover of Cofina junior bond holders' property.

I believe there are grounds for a referral to the Department of Justice for investigation.This will not go away.

I respectfully ask the Court to render a decision and remove the stay sua sponte.Thank you.

Stephen T. Mangiaracina



August 27, 2018

Seema Balwada, CFA

████████████████████

Judge Laura Taylor Swain
U.S. District Court for the District of Puerto Rico
Fed. Court of PR Office 150, Fed. Building
San Juan, Puerto Rico 00918

**Your Honor, Please Urge Mediators to Secure an Equitable Recovery Rate for COFINA Subordinate Bondholders…No One Wants a Plan of Adjustment That Fails At the Ballot**

Dear Judge Swain,

Thank you for publishing my letters to you dated January, April and June 2018.  I am grateful that you recognize the issues raised by retail bondholders as matters of importance in your esteemed Court.

Presumptuous as it may sound, COFINA's largest bondholder group, COFINA Subordinate current interest Bondholders will decide the outcome of Puerto Rico's gating Commonwealth-COFINA Dispute.

A higher recovery rate for COFINA Subordinate Bondholders must be a <u>strategic priority</u> for the Title III Court.  Although COFINA Subordinate current interest Bondholders are not represented in court led confidential mediations, they could block a Plan of Adjustment at the ballot if recovery rates are unacceptable to the majority.  COFINA Subordinate Bonds vastly outnumber COFINA Senior Bonds.  As COFINA's largest bondholder group, COFINA Subordinate Bondholders are the most influential in numbers of votes.

When asked to vote, I plan to reject the 56.4% recovery offered to COFINA Subordinate Bondholders in the preliminary COFINA agreement dated August 8, 2018.   I would like to share my reasons with you and the 10's of thousands of Americans that hold COFINA Subordinate current interest bonds.

It is unfair to expect retail bondholders, who own the vast majority of current interest COFINA Subordinate Bondholders, to accept a low ball offer of 56.4%.  A solid 93% recovery promised to large institutions, who own the vast majority of zero coupon COFINA Senior Bonds and current interest bonds is <u>64% higher</u> than the offer made to the unrepresented retail bondholders.

<u>The 36-point recovery differential between COFINA Senior and Subordinate Bonds is unjustified</u>

The proposal is not fair because the COFINA Agency is the only very successful solvent government entity on the Island. The main reason COFINA is solvent and successful and able to pay its debt service is because the funds dedicated to pay both Senior and Subordinate Bondholders were not available to the government.

Both COFINA Senior and Subordinate bonds are sufficiently secured by a statutory lien on pledged sales tax revenues without any recourse to other assets.  Both COFINA Senior and Subordinate Bonds were issued under the same Bond Indenture and COFINA Enabling Legislation.  The United States Court of Appeals confirmed on August 8, 2018 that a statutory lien, the highest lien form under U.S. Bankruptcy Code, arises automatically by force of a statute or law without any need for further action.  COFINA Subordinate Bonds hold a 'funded' statutory lien because pledged sales tax revenue significantly exceeds bond debt service.  In addition, the proposal is unfair because the majority of COFINA Subordinate Bondholders were not represented at the bargaining table.  However, all COFINA Subordinate Bondholders will soon get a chance to cast a vote on a plan of adjustment and based on the current proposal should vote **NO**.

An 85% recovery target had been set for the Island's electric revenue bonds secured with a well-funded sufficient and dedicated revenue stream.  Bond insurers have squarely rejected a 77.5% recovery rate on Puerto Rico electric debt.  In 2013, Jefferson County AL filed for bankruptcy because they guaranteed its much too expensive Sewer Authority project bonds. Bondholders of the bankrupt Jefferson County Alabama Sewer Authority accepted an 80 cents on the dollar settlement.  Throughout the bankruptcy proceedings Jefferson County Sales Tax bonds backed by pledged revenues continue to pay principal and interest. Unlike Jefferson County, COFINA is not insolvent and holders of Jefferson County Sales Tax bonds were paid in full, so it is inconceivable to believe COFINA Subordinate Bondholders would accept a 56.4% offer. The proposal is conflicted.  GO bondholders who also own COFINA Senior and Subordinate bonds will vote on the Commonwealth/COFINA proposal.

There is plenty of positive traction on the Island.  Almost $10 billion of cash sits in the Island's bank accounts.  This cash amount exceeds the Island's annual general fund budget.  The Island is amid a manufacturing revival, consumer confidence and business sentiment it up.  Unemployment hit a 50-year low and cruise ship traffic soared.  A grass roots survey of purchasing managers reflects a significant uptick on the Island.  Puerto Rico's suspect GDB debt restructuring gained consensus and accord on electric utility debt is moving forward.

"Things on a macro level are finally moving in the right direction," AMBAC CEO noted this week.  Puerto Rico could issue new subordinated debt in the future using the COFINA sales-tax securitization structure, PROMESA's Oversight Board said referring to its objective of restoring capital access to the Island. Unbelievably the Oversight Board expects current Subordinate Bondholders to accept a settlement of 56 cents and offer future Subordinate bonds at 100.

Since all parties involved believe the COFINA structure can be used to issue future debt there is no reason to be unfair to Subordinate Bondholders. COFINA's role as a viable capital conduit for the Island rests on the treatment of [the statutory lien on pledged sales tax granted to] subordinate bondholders. An acceptable recovery rate for the largest secured bondholders, COFINA Subordinate Bondholders, would be crucial for the Island's capital access.

Although COFINA's retail Subordinate Bondholders have no lawyers or committees to turn to when mediators are talking behind closed doors, they do have more votes than COFINA's institutional bondholders.  Retail bondholders own the vast majority of COFINA current interest bonds.  COFINA Subordinate Bonds far outnumber COFINA Senior Bonds.

If recovery rates offered to COFINA Subordinate Bonds are too low relative to COFINA Senior Bonds, retail bondholders should force the mediation team to go back to the drawing board.  To avoid that contingency, court-appointed mediators must obtain a higher recovery rate for the largest bondholder group, COFINA current interest Subordinate Bondholders – the most influential in number of votes.

Judge Swain, I believe, retail COFINA Subordinate Bondholders are likely to vote in favor of a recovery rate that compensates for risk-reward and fits within market benchmarks for secured debt. They should reject the current offer, a one-sided proposal favoring large institutional senior bondholders and the Commonwealth.

One must keep in mind the COFINA bonds were sold to the public by omitting certain information, flaunting the statutory lien and the fact COFINA funds are not available to the Commonwealth until the pledged dedicated revenue pays COFINA debt service. Now COFINA bondholders face a convoluted restructuring that offer a prorated assortment of bonds with various maturities and interest rates. The individual that owns a block of $50,000 face of Subordinate Bonds would receive several different odd lots with various interest rates between 0% and 4.50% bonds that would be highly illiquid.

Judge Swain, Please urge the mediators to put forward a serious recovery rate offer for COFINA Subordinate Bondholders.  The low ball 56.4% recovery offer to COFINA Subordinate Bondholders is a test for the largest municipal bankruptcy in history. No one wants a Plan of Adjustment that fails at the ballot.  As the largest bondholder group, COFINA Subordinate Bondholders' votes will decide the outcome of Puerto Rico's gating Commonwealth-COFINA Dispute.  It would be a folly to play games with the creditors that have obviously been misled and have the most votes.

Judge Swain, I appreciate your decision to defer summary judgement until September 13.  I sincerely hope the mediators will build consensus for an equitable recovery rate that will muster the necessary votes from COFINA's largest bondholder group – COFINA Subordinate Bondholders- for a successful Title III restructuring.


Sincerely,


Seema Balwada, CFA



Mark Elliott

**VIA FIRST-CLASS MAIL**

28 August 2018

Honorable Judge Laura Taylor Swain
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

RE: Proposed COFINA Bondholders Settlement Agreement

Dear Honorable Judge Swain

I must object on behalf of myself, my business, and many of the junior COFINA bondholders who have approached me, to the proposed settlement between the Senior ("SR"), Junior ("JR") COFINA, and the General Obligation ("GOs") bondholders. JRs as a class are disproportionately represented by investors on the island of Puerto Rico and generally are smaller "mom-and-pop" investor groups and individuals. These smaller investors have not been adequately represented in these negotiations; the effect of the lack of representation is obvious. The proposed settlement in which SR bondholders would recover almost 100% of their value while JR bondholders can expect little over 50% is not equitable and unfair to an otherwise similarly situated classes of bondholders.

The structure of the COFINA bonds, by its very nature, requires two independent parties who negotiate on behalf of their respective groups. JR bondholders outnumber SR bondholders in terms of net amount invested. The only difference between the SR and JR COFINA bondholders, though, is the priority rights on sales and use tax revenues (SUT) and rights of acceleration in the event of default. Both classes, however, are secured by enough pledged assets and revenues to cover both SR and JR tranches, and both have been so secured throughout the bonds' existence. Both classes have the same position when it comes to loss of value.

As a matter of law, the pledging of the SUT as security was validly done and those assets cannot be reached by GO bondholders. Under no circumstances, natural disasters included, should GO bondholders share in the SUT revenue before EITHER the SR or JR bondholders. GO bondholders benefitted from the COFINA bond structure through the investment of COFINA money.

Elliott
August 28, 2018

In sum, I object to the proposed settlement, and to any settlement between the SR, JR, and GO bondholders in which JR bondholders are treated differently than their SR counterparts. Junior bondholders deserve better. I urge your honor, and all other stakeholders who may read this letter, to reject the proposed settlement.

Respectfully,



Mark Elliott

cc: Reichard & Escalera
*Co-counsel for the COFINA Senior Bondholders*
255 Ponce de Leio Avenue
MCS Plaza, 10th Floor
San Juan, Puerto Rico 00917-1913

Quinn Emanuel Urquhart & Sullivan, LLP
*Co-counsel for the COFINA Senior Bondholders*
51 Madison Avenue, 22nd Floor
New York, New York 10010-1603

Puerto Rico Fiscal Agency and Financial Advisory Authority
Roberto Sanchez Vilella Government Center
De Diego Ave. Stop 22
San Juan, Puerto Rico 00907

Jose B. Carrion III, Chariman
Financial Oversight & Management Board for Puerto Rico
PO Box 192018
San Juan, PR 00919-2018

3

Elliott
August 28, 2018

Stone Lion Capital Partners
555 Fifth Avenue, 18th Floor
New York, NY 10017

Cyrus Capital Partners, LP
65 East 55th Street, 6th Floor
New York, NY 10022

Tilden Park Capital Management LP
452 Fifth Avenue
28th Floor
New York, NY 10018

Old Bellows Partners LP
660 Madison Ave, #20
New York, NY 10065

Whitebox Advisors LLC
3033 Excelsior Boulevard Suite 300
Minneapolis, MN 55416

Merced Capital, L.P
601 Carlson Parkway
Suite 200
Minnetonka, MN 55305

Taconic Capital Advisors L.P
280 Park Avenue
5th Floor
New York, NY 10017

Varde Partners, Inc
901 Marquette Avenue South
Suite 3300
Minneapolis, MN 55402

Cyrus Capital Partners, L.P.
399 Park Avenue
39th Floor
New York, NY 10022

Aristeia Capital, L.L.C
One Greewhich Plaza
3rd Floor
Greenwhich, Ct 06830

**Cofina agreement**

Luis Abbott    to: swainDPRcorresp                                    08/31/2018 09:30 AM
Cc:  "'Nilda Abbott'"

| From: | "Luis Abbott" ███████████ |
| To: | <swainDPRcorresp@nysd.uscourts.gov> |
| Cc: | ███████████████████ |

Hon. Judge Taylor Swain

While reading the agreement reached by some tenors of Cofina Bonds, mainly Seniors and some
Subordinates ( which happens to be the same ones that hold Seniors ) I read that the greatest amount of
the monies deposited at the Mellon bank in New York, goes to the Seniors, analyzing the bonds split, you
could notice that approximately 60% are Subordinates. Here is my question. This monies where placed in
New York pre agreement, should they be distributed outside of the agreement? at the split before the
agreement? why are they going to the Seniors?

Please help.

Luis R Abbott

September 4, 2018

Seema Balwada, CFA

█████████████████

Rob Bishop of Utah
Chairman
U.S. House of Representatives
Committee on Natural Resources
Washington D.C. 20515

CC: Judge Laura Taylor Swain
U.S. District Court for the District of Puerto Rico
Fed. Court of PR Office 150, Fed. Building
San Juan, Puerto Rico 00918

CC:  The Bank of New York Mellon
Attn: Mr. Alex Chang
101 Barclay Street, New York, NY 10286

**RE: Commonwealth vs. COFINA Settlement Proposal**

**PROFIT MOTIVATED SELF-DEALING CONFLICTED BONDHOLDERS MEDIATING THIS DISPUTE APPEAR TO HAVE MANIPULATED THE SETTLEMENT PROPOSAL… THEY HAVE ACQUIRED SECURITIES BASED ON MATERIAL NON PUBLIC CONFIDENTIAL MEDIATION INFORMATION APPARENTLY IN ORDER TO MANIPULATE THE SETTLEMENT VOTE IN THEIR FAVOR**

Dear Congressman Bishop,

Self-dealing by mediating groups amid conflicts of interest and lack of transparency in the ongoing mediation of the Puerto Rico's gating Commonwealth-COFINA dispute should cause great concern to the U.S. Government.

With confidential material non-public information on recovery prospects in hand, mediating team members appear to have advantageously purchased Puerto Rico Subordinate sales tax secured COFINA bonds over the last year.  Recently, a bond insurer seems to have provided false representations on its COFINA bond holdings to the public.  These actions would be a breach of trust intended to manipulate a settlement vote.

As an Analyst, I would like retail bondholders to understand that the Settlement Agreement approved by the Oversight Board crams down the retail bondholder while Wall Street hedge funds, previously called vultures by Puerto Rico, profit and a corrupt Commonwealth walks away with the retail bondholders' property interest in pledged sales and use tax.

Bond insurers and hedge funds as part of the court appointed Mediation Team are privy to 'confidential' material information on the largest municipal bankruptcy in history.  Court led confidential voluntary

1

mediations began in June 2017 ("Mediation").  On August 30, 2018, the Oversight Board approved an In-Principle Settlement Agreement between the Commonwealth Agent and COFINA Agent dated June 8, 2018 ("Settlement Agreement").

The Board approved Settlement Agreement lists support to be signed by large Wall Street institutions that hold estimated $4.65 billion of COFINA Subordinate Bonds or 48% of $9.7 billion outstanding COFINA Subordinate Bonds.  They have unethically bought significant amounts of COFINA Subordinate Bonds at rock bottom prices within the last year.  These large Wall Street institutions own various other Puerto Rico bonds that would benefit by short-changing COFINA Subordinate bondholders. As part of the Mediation they support a low 56% recovery on COFINA Subordinate Bonds. The proposed settlement delivers numerous financial benefits to these mediating team members but leaves the 'buy and hold' retail investor out in the cold.

Between August 2018 and August 2017, the COFINA Seniors Coalition purchased $1.1 billion dollars of COFINA Subordinate Bonds at rock bottom prices.  Concurrently with the Mediation, the COFINA Seniors Coalition supported a General Obligation bondholder low ball recovery proposal of as little as 42 cents for COFINA Subordinate Bonds and 93 cents for COFINA Senior Bond.  On May 14, 2018 the COFINA Seniors Coalition proposed transferring 46% of the COFINA pledged 5.5% sales and use tax away from COFINA at the expense of Subordinate bondholders.  "It is an extremely positive development for Puerto Rico and its citizenry that the court-appointed agents have reached a negotiated settlement ahead of a litigated outcome," stated Miller Buckfire & Co financial advisor to the COFINA Seniors Coalition referring to the Settlement Agreement that also transfers 46% of the COFINA pledged sales and use tax to the Commonwealth targeting a 56% recovery for COFINA Subordinate Bonds and 93% for COFINA Senior Bonds.

COFINA Seniors Coalition hold an aggregate of $1.78 billion COFINA Subordinate Bonds: over $1.1 billion were purchased at deeply discounted prices when COFINA bond prices hit rock bottom between August 2017 and August 2018 (Please see Exhibit A).  These COFINA Subordinate Bond buys were premised on the 'confidential' mediation talks between COFINA Seniors Coalition and other mediating team members. As mediating team members, the COFINA Seniors Coalition, were actively manipulating the mediations being aware that even a low ball 40 cent recovery on COFINA Subordinate Bonds could be significantly profitable given their low-cost basis purchases of COFINA Subordinate Bonds and a homerun on their COFINA Senior bond holdings.

The retail bondholder, who has no part in the 'confidential' court mediation, is being taken for a ride. Retail bondholders, who own the vast majority of COFINA Subordinate Bonds, are traditionally 'buy and hold' investors.  Unlike the Wall Street vulture funds, most retail investors purchased COFINA Subordinate Bonds for the tax-free income at high market prices as COFINA Subordinate Bonds were issued with a rating of Moodys "A2" S&P "A+" and Fitch "A".  When Wall Streets' vulture funds seek a low ball recovery of 40 cents after buying the bond at mid-teens or less, it is a form of self-dealing that cuts at the integrity of the United States financial markets.

Equally, it is shocking that AMBAC appears to have has misrepresented its COFINA positions.  On August 30, 2018, AMBAC represented that it insures COFINA Senior Bonds and holds 58% of AMBAC insured COFINA senior bonds.  AMBAC failed to mention that it also holds $1 billion COFINA Subordinate Bonds

2

(COFINA Junior Current Interest Bonds at 44 cents on the dollar and COFINA Junior Capital Appreciation Bonds at a meager 11 cents on the dollar per its June 30, 2018 SEC disclosure).  Whether AMBAC omitted to disclose that it holds $1 billion COFINA Junior Bonds or if it already sold COFINA Junior Bonds during mediations is unknown.  It reveals a disturbing inconsistency - the lack of transparency in the court mediations has led some mediating team members towards self-dealing or self-serving.

This is not the first time that inconsistencies in the conduct of the mediation team have cropped up.  On November 20, 2017, Judge Barbara Housum complained that the "confidential nature of the mediation process was breached on several occasions."  "I ask Judges Swain and Dein to adopt a zero-tolerance policy with respect to mediations," Judge Barbara Housum added that the mediation process should not be used as a sword or a shield in court proceedings.  As mediating team members, the COFINA Seniors Coalition have been in a superior position to gauge and steer recovery prospects: this information formed the basis for buying at least $1.1 billion COFINA Subordinate Bonds at deep discounts between August 2017 and August 2018.

The mediation team was formed on June 14, 2017.  Judge Swain appointed Chief Judge Barbara Houser of the U.S. bankruptcy court for Texas' northern district to lead a team of five federal judges stating that all settlement negotiations will be confidential.

A rule of thumb in securities markets:  When there is an information asymmetry owing to confidential mediations, mediating team members are asked to restrict bond trades of disputed securities so that no one has an unfair advantage.  In Puerto Rico's debt restructuring, some mediating team members appear to have taken an unfair advantage of a seat at the bargaining table.  Mediating team members themselves have been concurrently trading on confidential or insider information while mediating under confidentiality.  How could this information asymmetry be fair to the unrepresented retail investor who relies solely on public information to buy and sell bonds.

It is odd that the Board approved Settlement Agreement enlists the Bonistas del Patio, a group of Islanders holding PR debt to solicit support from other Island bondholders.  Bonistas hold about $15 billion of the Island's $70 billion debt pile.  Only a third of Bonistas' PR debt holdings are COFINA Bonds.  I urge the Bond Trustee to examine the basis on which the Oversight Board and Bonistas del Patio have agreed to coerce the Island's retail investors to cast supporting votes. Ill-advised retail bondholders including Islanders should not be misled by conflicted mediating team members' self-interests.

The Board approved Settlement Agreement must publicly disclose COFINA bond purchase prices and purchase dates of parties that support the Settlement Agreement.  This information would be self-explanatory as to the motivations of the hedge funds' seeking to transfer 46% of COFINA property away from retail bondholders to a corrupt Commonwealth that over the last 12 years repeatedly stated that COFINA funds dedicated to bondholders are not available to the Commonwealth.

When asked to vote on a 56% recovery on COFINA Subordinate Bonds, which is the outcome of an unfair transfer of 46% of the 5.5% pledged sales and use tax away from COFINA, I intend to Vote 'NO'.

I believe, retail COFINA Subordinate Bondholders are likely to vote in favor of a recovery rate that compensates for risk-reward and fits within market benchmarks for secured debt and reject the current offer - a one-sided deal favoring large institutional holders' profit motives and their other Puerto Rico holdings.

<u>The 36-point recovery differential between COFINA Senior and Subordinate Bonds is unjustified</u>

The Settlement Agreement is not fair because the COFINA Agency is a <u>solvent</u> entity.  Both COFINA Senior and Subordinate bonds are sufficiently secured by a statutory lien on pledged sales tax without any recourse to other assets.  Both COFINA Senior and Subordinate Bonds were issued under the same Bond Indenture and COFINA Enabling Legislation.  The United States Court of Appeals confirmed on August 8, 2018 that a statutory lien, the highest lien form under U.S. Bankruptcy Code, arises automatically by force of a statute or law without any need for further action.  COFINA Subordinate Bonds hold a 'funded' statutory lien because pledged sales tax revenue significantly exceeds bond debt service.  Retail COFINA Subordinate Bondholders were not represented in the Mediation.

An 85% recovery target has been set for the Island's electric revenue bonds secured with a well-funded sufficient dedicated revenue stream.  Bond insurers have squarely rejected a 77.5% recovery rate on Puerto Rico electric debt.  In 2013, bondholders of a <u>bankrupt</u> Jefferson County Alabama Sewer Authority accepted an 80 cents on the dollar settlement.  Unlike Jefferson County Sewer Authority, <u>COFINA is not insolvent</u>, so it is inconceivable how COFINA Subordinate Bondholders could possibly accept a 56.4% offer.

There is plenty of positive traction at the Island.  Over $13 billion of cash sits in the Island's bank accounts.  This cash amounts to more than the Island's annual general fund budget.  The Island is amid a manufacturing revival, consumer confidence and business sentiment it up.  Unemployment hit a 50-year low and cruise ship traffic soared.  A grass roots survey of purchasing managers reflects a significant uptick at the Island.  Puerto Rico's GDB debt restructuring gained consensus and accord on electric utility debt is moving forward.

"Things on a macro level are finally moving in the right direction," AMBAC CEO noted this week.  Puerto Rico could issue new subordinated debt in the future using the COFINA sales-tax securitization structure, PROMESA's Oversight Board said referring to its objective of restoring capital access to the Island.  However, COFINA's role as a viable capital conduit for the Island rests on the treatment of [the statutory lien on pledged sales tax granted to] subordinate bondholders.  An acceptable recovery rate for the largest secured bondholders, COFINA Subordinate Bondholders, would be crucial for the Island's capital access.

"Before the Agents negotiate away others' interests in property, the Commonwealth-COFINA Stipulation and due process demand that such beneficial holders have adequate notice and an opportunity to be heard," COFINA Bond Trustee Bank of New York Mellon informed the Court that a large percentage of beneficial holders is not a party to the gating Commonwealth-COFINA Dispute or Puerto Rico's Title III bankruptcy.

4

The Settlement Agreement is an outcome of Wall Street hedge funds profit motives. Their unethical market manipulation is unfair to retail investors.  The Settlement Agreement runs foul of PROMESA's goal of respecting bondholder rights and liens and restoring capital access as it casts away the property rights of all COFINA Bondholders.

Chairman Bishop, I would like to request that each party supporting the Settlement Agreement provide purchase price and purchase date of its COFINA Bond positions.  That information would be self-explanatory to the retail investor who needs to weigh the proposal prior to casting a vote.

I trust that  your office will look into the self-dealing actions of Wall Street hedge funds poised to make huge gains from the low ball 56% recovery offer on COFINA Subordinate Bonds at the expense of the unorganized retail investors.

The COFINA Seniors Coalition was established in 2015 and disclosed their economic interest holdings in Subordinate bonds of $616,000 in August 2017. In August 2018 the COFINA Seniors Coalition held $1.8 billion Subordinate bonds, which will definitely affect the Subordinate bondholder vote.

Why did the Financial Oversight Board put a solvent COFINA in bankruptcy court? Unorganized individuals are the largest holders of Subordinate COFINA bonds.  Puerto Rico enacted laws that promised these investors that funds dedicated to pay highly rated COFINA Senior and Subordinate bonds were unavailable to the government.  This ill-informed group of individuals is an easy target, a group that could be frightened and manipulated.  Should market manipulating tactics be allowed to proceed, it would be a setback for U.S. financial markets known for their integrity and high degree of ethics.

I trust your office intends to become involved in order to uphold the security rights of all COFINA Bondholders to 100% of pledged sales and use tax per COFINA enabling legislation.

Sincerely,

Seema Balwada, CFA

Enclosure:
EXHIBIT A

EXHIBIT A

**COFINA Seniors Coalition bought $1.1 billion COFINA Subordinate Bonds at rock bottom prices between August 2017 and August 2018.  COFINA Seniors Coalition own $1.8 billion COFINA Subordinate Bonds on August 2018 vs. $616 billion COFINA Subordinate Bonds in August 2017 per Court filings.**

## COFINA SUBORDINATE CURRENT INTEREST BOND PRICES: AUG 2017 to AUG 2018



## COFINA SUBORDINATE CAPITAL APPRECIATION BOND PRICES: AUG 2017 to AUG 2018

