**Exhibit A**



URGENT REQUEST 17BK3567-LTS.Javier to: swaindprcorresp@nysd.uscourts.gov,
mevicens@yahoo.com, lcda.anitacortescenteno@gmail.com 08/27/2018 02:52 PM
From: Javier <mandryj@yahoo.com>
To: "swaindprcorresp@nysd.uscourts.gov" <swaindprcorresp@nysd.uscourts.gov>,
"mevicens@yahoo.com" <mevicens@yahoo.com>, "lcda.anitacortescenteno@gmail.com"
<lcda.anitacortescenteno@gmail.com>

1 Attachment



MOCION SOLICITANDO SE ORDENE LA EXPEDICION DE CHEQUES.pdf

Dear Hon. Taylor Swain,

I understand that communicating directly is not the proper manner. However, there is an issue that is suggested to deserve urgency. Because of my pro se status, it takes a long period from the time it takes me to prepare the motion, mail it, and then wait until it is scanned and filed. Attached is the email dated August 24, 2018 from the state attorney, Cesar Hernandez-Colon, informing for the first time the Ms. Vicens to prevent that I be heard in Court. I insist that it is their doing, not mine, that is making a mockery out of your courtroom, not me. I am defending my rights, to which the Courts should not allow. If the allegations are moot, it is the determination of this Court, not of the attorneys who are parties to the process.

Once again, Ms. Vicens, Esq. filed a motion for relief of automatic stay, without notifying me. Last time, docket 305 case 17 BK 3283, and now 17BK3567-LTS. I do wish to file an adversary proceeding. Please invalidate the relief and grant sua sponte a period of time to file the adversary complaint, which will include Maria Vicens Esq. and Cesar Hernandez-Colon as co-conspirators against my constitutional rights. It will include a preliminary injunction to retain the case in light that all the defendants are also involved. It is too indignating to bear that legal professionals engage in unethical conduct, especially when it involves a stipulation and Ms. Vicens does not represent me, but attempts to do so by force. I also have a claim against the PR Highway Authority for their part in placing a forced condemnation on automatic stay, for purposes of benefiting of the cash flow, in violation of the Takings Clause. This has been the stance of the Commonwealth of PR, per my observation. I will explain in detail in a hearing why I claim this.

At this time, I have not studied all the documents in detail, but I can assure that there is no such legal entity per PR law that would allow her to represent the 'Sucesion Pastor Mandry' in the manner that she purports. There is also no estate as they attempt to persuade. The issue must be resolved by interpretation of law and fact, not by coercion. Again, please revoke summarily the referenced relief from automatic stay. Thank you for your time.


Javier Mandry Mercado

CC: Ms. Vicens, PR Highway Authority

----- Forwarded Message -----
**From:** Tamara Delgado <tdelgado@hcv-law.com>
**To:** lcda.anitacortescenteno@gmail.com <lcda.anitacortescenteno@gmail.com>
**Cc:** "ancortes@dpto.gov.pr" <ancortes@dpto.gov.pr>; Javier Mandry Mercado <mandryj@yahoo.com>
**Sent:** Friday, August 24, 2018, 1:56:16 PM GMT-4
**Subject:** RE: AUTORIDAD DE CARRETERAS VS. FINCA PERSEVERANCIA - CIVIL NUM.: K EF2011-0244

Saludos:

Por instrucciones del Lcdo. César A. Hernández Colón se acompaña "Moción solicitando se ordene la expedición de cheque" en relación al caso de referencia.
Favor de confirmar el recibo de la misma, gracias.

Que tenga buenas tardes.

*Tamara D. Delgado López de Victoria*
Asistente Administrativo
tdelgado@hcv-law.com

notificacioneshcv@gmail.com

# Hernández Colón & Vidal, S.R.L.

**Abogados – Notarios**
Calle Sol – Núm. 1
P.O. Box 331041
Ponce, P.R. 00733-1041
Tel. (787) 840-8787
www.hcv-law.com ;

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE SAN JUAN**

| | |
|---|---|
| LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO | CIVIL NÚM. K EF2011-0244 (1002) |
| Demandante | |
| Vs. | SOBRE |
| ADQUISICIÓN DE 112,237.6711 Metros cuadrados, equivalentes a 28.55637 cuerdas, radicados en el Barrio Canas y Magueyes, del término municipal de Ponce, Y FINCA PERSEVERANCIA, INC. | |
| PARTE CON INTERÉS | EXPROPIACIÓN FORZOSA |

**MOCIÓN SOLICITANDO SE ORDENE LA EXPEDICIÓN DE CHEQUES**

**AL HONORABLE TRIBUNAL:**

**COMPARECEN** Estrella María Aparicio Vázquez, Oscar Adolfo Mandry Aparicio, Víctor Robert Fingerhut Mandry, Yvelisse Helena Fingerhut Mandry, Margaret Ann Fingerhut Mandry, María del C. Amalia Mandry Llombart, Selma Verónica Mandry Llombart, Juan Carlos Esteva Fingerhut, Pedro Miguel Esteva Fingerhut, Mariano J. McConnie Fingerhut, Janice Marie McConnie Fingerhut, Víctor Michael Fingerhut Cochran, Michelle Elaine Fingerhut Cochran y la Sucesión de Salvador Eduardo Mandry Nones, excepto Javier Enrique Mandry Mercado, representados por sus abogados que suscriben y respetuosamente **EXPONEN** y **SOLICITAN**:

1. Como parte del trámite de expropiación del caso de epígrafe la parte peticionaria depositó la suma de $222,550.00 como justa compensación por la parcela 028-01 y la suma de $4,070.00 como justa compensación por la parcela 028-02. La suma de las partidas anteriormente mencionadas es de $226,620.00.

2. Las partes con interés aquí comparecientes se allanaron a la justa compensación depositada y han solicitado desde principios del 2016 el retiro de los fondos

correspondientes al 21.25% de las sumas consignadas como justa compensación de las parcelas 028-01 Y 028-02. Este tribunal autorizó el retiro de los fondos en una orden dictada el 26 de febrero de 2016, que posteriormente fue dejada sin efecto en virtud de un planteamiento hecho por el señor Javier Mandry Mercado.

3. En la vista celebrada el 31 de enero de 2017, el Sr. Javier Mandry Mercado indicó estar conforme con el retiro de los fondos según se solicitaba y que el 20.90% correspondiente a la Sucesión de Salvador E. Mandry Nones se remitiera al Tribunal de Primera Instancia, Sala Superior de Ponce para depositarse en el caso J JV2011-1103 (603), *Ex Parte Conrado Manfredy Sánchez* en el que se están tramitando los asuntos relacionados con la partición del caudal relicto por Salvador E. Mandry Nones.

4. En la vista celebrada el 2 de mayo de 2017 este Honorable Tribunal ordenó que se expidieran los cheques por las sumas que aparecen en la tabla que se indica a continuación y que el cheque por la suma de $10,064.76 correspondiente a la Sucesión de Salvador E. Mandry Nones, se remita al Tribunal de Primera Instancia, Sala Superior de Ponce para ser consignado en el caso J JV2011-1103 (603):

| Nombre | Porcentaje Participación | Participación |
|---|---|---|
| Sucn. Salvador Eduardo Mandry Nones | 20.90 | $48,156.75 x .2090= **$10,064.76** |
| Estrella María Aparicio Vázquez | 14.80 | $48,156.75 x .1480= **$7127.19** |
| Oscar Adolfo Mandry Aparicio | 7.85 | $48,156.75 x .785= **$3780.30** |
| Víctor Robert Fingerhut Mandry | 6.80 | $48,156.75 x .680= **$3,274.65** |
| Yvelisse Helena | 6.80 | $48,156.75 x .680= |

| Nombre | Porcentaje Participación | Participación |
|---|---|---|
| Fingerhut Mandry | | $3274.65 |
| Margaret Ann Fingerhut Mandry | 6.80 | $48,156.75 x .680= $3274.65 |
| Javier Enrique Mandry Mercado | 3.100 | $48,156.75 x .3100= $1492.85 |
| Salvador Rafael Mandry Mercado | 3.320 | $48,156.75 x .3320= $1,598.81 |
| Adrián Roberto Mandry Mercado | 3.320 | $48,156.75 x .3320= $1,598.81 |
| Eduardo José Mandry Mercado | 3.320 | $48,156.75 x .3320= $1,598.81 |
| Margarita Rosa Mandry Mercado | 3.320 | $48,156.75 x .3320= $1,598.81 |
| María del C. Amalia Mandry Llombart | 3.70 | $48,156.75 x .370= $1781.80 |
| Selma Verónica Mandry Llombart | 3.70 | $48,156.75 x .370= $1781.80 |
| Juan Carlos Esteva Fingerhut | 2.04 | $48,156.75 x .204= $982.40 |
| Pedro Miguel Esteva Fingerhut | 2.05 | $48,156.75 x .205= $987.22 |
| Mariano J. McConnie Fingerhut | 2.05 | $48,156.75 x .205= $987.22 |
| Janice Marie McConnie Fingerhut | 2.04 | $48,156.75 x .204= $982.40 |
| Víctor Michael Fingerhut Cochran | 2.04 | $48,156.75 x .204= $982.40 |
| Michelle Elaine Fingerhut Cochran | 2.05 | $48,156.75 x .205= $987.22 |

5. Pese a haber ordenado este Honorable Tribunal la expedición de los cheques, esto no se ha hecho. Esto se debe a que el Tribunal entendió que la paralización automática de litigios contra la Autoridad de Carreteras (ACT), peticionaria en este caso, por haberse ésta acogido al Título III de la ley PROMESA no lo permite.

6. El 21 de agosto de 2018 se suscribió una estipulación para la modificación de la paralización automática en el procedimiento de ajuste de deudas presentado por la Junta de Control Fiscal como representante de la Autoridad de Carreteras y Transportación de Puerto Rico, caso No. 17 BK 3567-LTS., a fin de que las partes con interés comparecientes y el Sr. Javier Mandry Mercado puedan retirar lo que les corresponde de la suma de $48,156.75. Copia de dicha estipulación se acompaña a la presente moción.

**POR TODO LO CUAL**, del Honorable Tribunal se solicita que ordene la expedición de los cheques a favor de las partes con interés según fuera autorizado por el tribunal en la vista celebrada el 2 de mayo de 2017.

**CERTIFICO**: Que en el día de hoy envié copia del escrito que precede a la abogada de la parte peticionaria, la Lcda. Anita Cortés Centeno, a sus correos electrónicos: AnCortes@dtop.gov.pr; lcda.anitacortescenteno@gmail.com y al Sr. Javier E. Mandry Mercado, mandryj@yahoo.com.

En Ponce, Puerto Rico a 24 de agosto de 2018.

                          **HERNÁNDEZ COLÓN & VIDAL, S. R. L.**
                          Abogados Parte Compareciente
                          1 Calle Sol — Ponce, PR 00730
                          PO Box 331041 — Ponce, PR 00733-1041
                          Tel. (787) 840-8787/8750
                          Fax. (787) 840-8741

Por: _____
       CÉSAR A. HERNÁNDEZ COLÓN
       Colegiado Núm. 4205, RUA Núm. 2889
       E-mail: cesarhc@hcv-law.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF Nos. 1065-1, 1512-1, 2839-1**<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND<br>TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS<br><br>**This Stipulation relates only to HTA** |

## STIPULATION MODIFYING THE AUTOMATIC STAY BETWEEN THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY AND SUCESIÓN PASTOR MANDRY MERCADO

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

This stipulation (the "Stipulation") is made as of August $\underline{21}$, 2018, by and between the Puerto Rico Highways and Transportation Authority ("HTA") and Sucesión Pastor Mandry Mercado (the "Movant").[2]

## RECITALS

**WHEREAS,** on May 21, 2017, HTA, by and through the Oversight Board, as HTA's representative pursuant to PROMESA section 315(b), filed a petition with the United States District Court for the District of Puerto Rico (the "District Court") under title III of PROMESA (the "Title III Case");

**WHEREAS,** on August 17, 2017, as amended on October 24, 2017 and April 4, 2018, the District Court entered the *Order Amending Case Management Procedures* (the "Case Management Order"), which revised the *Notice, Case Management and Administrative Procedures* to implement a protocol (the "Lift Stay Protocol") for filing motions for relief from the automatic stay set forth in Bankruptcy Code sections 362(a) and 922(a),[3] made applicable to the Title III Case by PROMESA section 301(a) (the "Title III Stay") [ECF Nos. 1065, 1512, 2839];

**WHEREAS,** under the Lift Stay Protocol, Movant is required to (a) send notice (the "Lift Stay Notice") to counsel to the Oversight Board and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") to advise them of Movant's intent to seek relief from the Title III

---

[2] The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized HTA to enter into this Stipulation.

[3] In a title III case, Bankruptcy Code section 922 extends the self-executing provisions of Bankruptcy Code section 362 to, among other things, actions against officers and inhabitants of the debtor to enforce claims against the debtor. *See Order Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365, and 922 Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition Lawsuits, and (III) Application of Contract Protections* [ECF No. 543] ("For the avoidance of doubt, the protections of Bankruptcy Code section 922(a)(1) with respect to officers and inhabitants of the Debtors, as set forth in paragraph 4(a) [of the Order], apply in all respects to the Debtors' officers in both their official and personal capacities with respect to actions whereby parties pursuing such actions seek to enforce claims against any of the Debtors.").

2

Stay at least fifteen (15) business days prior to filing a motion seeking such relief (the "Lift Stay Notice Period") and (b) meet and confer with HTA during the Lift Stay Notice Period;

**WHEREAS**, on Jun 28, 2018, Movant sent its Lift Stay Notice to the Oversight Board and AAFAF requesting modification of the Title III Stay to allow Movant (i) to continue with the eminent domain action filed by HTA against real property partially owned by Movant before the Puerto Rico Court of First Instance (the "Prepetition Court"), captioned *Autoridad de Carreteras y Transportación de Puerto Rico v. Finca Perseverancia, Inc. et al.*, Case No. KEF-2011-0244 (1002) (the "Prepetition Action"), and (ii) to withdraw the sum of $48,156.75 consigned with the Prepetition Court (the "Deposit"), which represents Movant's 21.25% ownership interest over the real property subject to the Prepetition Action; and

**WHEREAS**, HTA and Movant met and conferred and have resolved Movant's request for modification of the Title III Stay.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among HTA and Movant, through their counsel, each of whom represent and warrant they possess the requisite authority to bind the respective parties hereto, as follows:

1. The Title III Stay is hereby modified solely to the limited extent necessary to allow Movant to withdraw the Deposit consigned to the Prepetition Court in the Prepetition Action; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement the Deposit.

2. Nothing contained in this Stipulation shall operate as a waiver or modification of the Title III Stay so as to permit the prosecution against HTA or any of the other Title III Debtors

of any claim or claims by anyone other than Movant as provided for herein and HTA reserves all rights, defenses, and protections with respect to any matters pending or that may arise in the Title III Case, including the treatment of any claim arising from the Prepetition Action under a plan of adjustment or otherwise in the Title III Case.

3. HTA and Movant represent and warrant that they are properly and fully empowered to enter into and execute this Stipulation, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that the Stipulation is legal, valid, and binding upon them.

4. Neither this Stipulation, nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of HTA's rights to dispute, contest, setoff, or recoup any claim, including any claims asserted by Movant in the Prepetition Action, or assert any related rights, claims, or defenses and all such rights are reserved; (c) a waiver of Movant's or HTA's rights to determine and/or contest the applicability of a discharge to any judgment that may be issued in the Prepetition Action pursuant to 11 U.S.C. § 944, as made applicable to these proceedings by virtue of PROMESA section 301(a); or (d) an approval or assumption of any agreement or contract between the parties under Bankruptcy Code section 365.

5. Nothing in this Stipulation shall be deemed or construed as (a) creating or conferring any right upon any persons or entities (other than Movant as expressly provided in this Stipulation), or (b) evidence of any willingness or obligation on HTA's part to consent to any other or future modifications of or relief from the Title III Stay with respect to any persons or entities.

4

6. This Stipulation contains the entire agreement by and between the parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

7. This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico. For purposes of construing this Stipulation, neither of the parties shall be deemed to have been the drafter of the Stipulation.

8. Electronic copies of signatures on this Stipulation are acceptable, and an electronic copy of a signature on this Stipulation is deemed an original. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

9. This Stipulation may not be modified other than by a signed writing executed by the parties hereto.

10. The District Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

11. This Stipulation shall be immediately effective and enforceable upon execution.

*Remainder of Page Intentionally Left Blank*

IN WITNESS WHEREOF and in agreement herewith, by and through their counsel, the parties have executed and delivered this Stipulation as of the date first set forth above.

/s/
PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY
Juan M. Maldonado de Jesus
Chief Compliance Officer Fiscal Plan
P.O. Box 42007
San Juan, Puerto Rico 00940-2007
jumaldonado@dtop.pr.gov

*Puerto Rico Highways and Transportation Authority*

/s/
MARÍA E. VICÉNS RIVERA
MARÍA E. VICÉNS RIVERA
USDC 226711
9140 Marina St., Suite 801
Ponce, Puerto Rico 00717
Telephone/Fax: (787)-259-1999
mevicens@yahoo.com

*Attorney for Movant*