UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:                                                                                    PROMESA
                                                                                             Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of                                                      No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO,                              (Jointly Administered)
et al.,

                        Debtors.[1]

------------------------------------------------------------x

ORDER ON FEE EXAMINER'S MOTION
TO IMPOSE PRESUMPTIVE STANDARDS AND
TIMELINESS REQUIREMENTS FOR PROFESSIONAL FEE APPLICATIONS

Upon the *Fee Examiner's Motion to Impose Presumptive Standards and Timeliness Requirements for Professional Fee Applications* (the "Motion"); and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Fee Examiner provided

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

adequate and appropriate notice of the Motion under the circumstances, including that the relief sought in the Motion is supported by good cause as contemplated by Bankruptcy Rule 9006, and that no other or further notice is required; and the Court having reviewed the Motion and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED;

2. The following presumptive standards, which the Fee Examiner has represented embody standards that he has generally and consistently applied since the outset of his appointment, shall continue to be applied in the Fee Examiner's review of fee applications filed in these Title III cases after the entry of this Order:

    a. For attendance at mediation sessions, fees and expenses incurred by any more than two timekeepers per professional firm are not compensable; provided, however, that if a mediation session covers more than one of the Debtors or unrelated issues for the same Debtor, the number of timekeepers may be increased.

    b. For attendance at hearings in which a professional anticipates a speaking role, fees and expenses incurred for attendance by timekeepers other than those with meaningful speaking roles (plus one additional timekeeper per speaker) are not compensable. In addition, the local rules require *pro hac vice* sponsors to appear with their co-counsel and, accordingly, each party participating in a hearing will be compensated for the attendance of Puerto Rico counsel, whether or not the latter speaks at the hearing.

    c. For monitoring hearings (whether in person or by telephone) in which the professional has no meaningful speaking role, fees and expenses incurred by any more than one timekeeper per professional are not compensable.

    d. Fees and expenses incurred for reviewing generally available broadcast and published news reports or summaries about these cases are not compensable unless:

        i. The review relates directly to the professional's work on current or emerging issues subject to actual or likely litigation involving a Debtor; or

      ii. The information obtained through a legal or financial industry publication was reasonably available promptly *only* through such publications.

  e. For legal professionals, fees and expenses incurred to review case dockets on a daily, weekly, or other routine periodic basis by any more than one designated timekeeper (at a time) are not compensable. A paraprofessional or client should perform this task wherever possible.

  f. For non-legal professionals (financial professionals, consultants), fees and expenses incurred to monitor case dockets and review legal pleadings (other than to review summaries prepared by counsel) are not compensable unless:

      i. The review is explicitly directed by a legal professional for a specifically stated purpose; or

      ii. The review relates directly to the financial professional's active work on a current or emerging issue directly affecting the professional's client.

  g. Fee applications requesting compensation for the preparation of any motion for intervention or for permission to file an *amicus* brief in any court presiding over matters arising in or under Title III of PROMESA, or related to these Title III cases, shall contain a brief statement of the reasons the movant concluded that a separate pleading or separate participation was required to represent the moving parties' interests and, further, that a joint, shared, or partially shared pleading would not have fulfilled that obligation, whether ethical or practical. In assessing reasonableness, the Fee Examiner will determine whether the applicant consulted with the principal party or parties in the proceeding to determine whether a coordinated effort would have been appropriate. Intervention briefs required pursuant to the order of a court will not be subject to this presumption.

3. The burden remains on each professional to demonstrate the reasonableness and necessity of fees and expenses exceeding these standards in light of the unique facts and circumstances presented.

4. Nothing in this Order shall restrict any party, including the U.S. Trustee and the Fee Examiner, from objecting to a professional's fees and expenses even within the parameters of these presumptions.

5. Nothing in this Order shall restrict the Fee Examiner from, in his discretion, electing *not* to apply a presumption to a professional application if, in his judgment, application of the presumption would be unreasonable under the circumstances.

6. Nothing in this Order shall prevent any party from challenging or rebutting any of the presumptions set forth herein, which are general guidelines only.

7. Fees incurred by applicants to provide the basis for rebutting a presumption in an initially filed fee application are compensable if they are otherwise reasonable, taking into account the good faith basis for the applicant's position.

8. Nothing in this Order shall alter or amend any express term of a previously entered order concerning the employment or retention of a professional. To the extent that a conflict exists between the terms of this Order and a professional's court-approved express retention terms, a retention order may provide support for rebutting a presumption.

9. Nothing in this Order shall alter or amend any express term of an engagement agreement between a Debtor and its professionals.

10. Any professional more than four months behind in filing an interim fee application shall be prohibited from submitting monthly statements for payment under the Interim Compensation Procedures until the late interim application has been filed.

11. The Fee Examiner may, upon notice and a hearing, request additional presumptions based on issues that emerge in the review of subsequent or pending but unresolved interim fee applications.

[*Remainder of Page Intentionally Left Blank*]

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

13. This Order resolves docket entry no. 3790.

SO ORDERED.

Dated: September 13, 2018

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge