## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>               Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br><br>**Re: ECF No. 3893** |

## JOINT STATUS REPORT IN COMPLIANCE WITH ORDER REGARDING CORRESPONDENCE RECEIVED BY THE COURT ON AUGUST 27, 2018

To the Honorable United States District Judge Laura Taylor Swain:

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") and attorney María E. Vicéns Rivera ("Atty. Vicéns" or "Counsel", collectively with AAFAF, the "Parties") respectfully submit this *Joint Status Report in Compliance with the Order Regarding Correspondence Received by the Court on August 27, 2018* in response to the Court's September 7, 2018 Order (the "Order") [ECF No. 3893]. The Order requests that the Parties provide a joint status report regarding:

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

(i)      "The Civil Action[2], including a summary of the relief sought, the parties involved, and the procedural status of the Civil Action";

(ii)     "Whether, given that the motion attached to the Urgent Request and apparently filed in the Commonwealth Court appears to recognize Mr. Mandry Mercado as a person with an interest in the Civil Action" and;

(iii)    "Whether Mr. Mandry Mercado was consulted in connection with the *Stipulation Modifying the Automatic Stay Between the Puerto Rico Highways and Transportation Authority and Sucesión Pastor Mandry Mercado*".

By filing this Joint Status Report, neither AAFAF or Atty. Vicéns waive any rights or defenses with regards to the allegations set forth in the August 27, 2018 correspondence.

In compliance with the Order, the Parties hereby submit their respective responses to the three inquiries raised in the Order.

## A. AAFAF

(i)      The Civil Action, including a summary of the relief sought, the parties involved, and the procedural status of the Civil Action.

AAFAF submits that the Puerto Rico Highways and Transportation Authority ("HTA"), and not AAFAF, is a party in the Civil Action titled *Autoridad de Carreteras y Transportación de Puerto Rico v. Finca Perseverancia, Inc.* KEF 2011-0244 (1002). Accordingly, any information that AAFAF acquired with regards to the Civil Action was acquired as a result of the lift of stay process following the receipt, by AAFAF, of a lift of stay notice submitted by Atty. Vicéns on June 28, 2018 (the "Lift of Stay Notice[3]") and the documents included therein. The Lift of Stay Notice requested the modification of the stay to allow movants, identified in Exhibit I of such Lift

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Order.
[3] The Lift of Stay Notice had several exhibits in their original Spanish language. The Parties are only including in this joint status report the pertinent exhibit for purposes of addressing this Court's inquiries.

of Stay Notice, to withdraw certain amounts consigned in the Commonwealth Court with regards to the Civil Action. *See* **Exhibit A**, Lift of Stay Notice. Based on the Lift of Stay Notice and the documents attached thereto, the movants represented by Atty. Vicéns were Sucesión Pastor Mandry Mercado (the "Estate") including Estrella María Aparicio Vázquez, Oscar Adolfo Mandry Aparicio, Víctor Robert Fingerhut Mandry, Yvelisse Helena Fingerhut Mandry, Margaret Ann Fingerhut Mandry, Salvador Rafael Mandry Mercado, Adrián Roberto Mandry Mercado, Eduardo José Mandry Mercado, Margarita Rosa Mandry Mercado, María del C. Amalia Mandry Llombart, Selma Verónica Mandry Llombart, Juan Carlos Esteva Fingerhut, Pedro Miguel Esteva Fingerhut, Mariano J. McConnie Fingerhut, Víctor Michael Fingerhut Cochran, Michell Elaine Fingerhut Cochran and the estate of Salvador Eduardo Mandry Nones, except, as evidenced by footnote 1 of the Lift of Stay Notice, Mr. Javier Mandry Mercado ("Mr. Mandry").

The Civil Action was filed by HTA in the Commonwealth Court on August 25, 2011 against Finca Perseverancia, Inc., another party in interest with which HTA executed a stipulation on June 14, 2018 [ECF No. 3326-1], the Estate, including Mr. Mandry, and other parties in interest including the estate of Adela Torres, the estate of Adrián Mercado Riera, José Antonio Mercado Méndez, the estate of Carlos Alfredo Mercado Méndez and Ena Moure De Lis. Based on the documentation provided by Atty. Vicéns and validated by HTA, the Estate, which includes Mr. Mandry, is a party in interest in the Civil Action and has a 21.25% ownership interest in parcels number 028-01 and 028-02 (the "Parcels"). When the Civil Action was filed, HTA consigned in the Commonwealth Court an approximate sum of $1,050,900.00 as an estimate of just compensation (the "Deposit"). Other parties in interests withdrew their respective parts of the Deposit. At the time of the notification of the Lift of Stay Notice, $48,156.75 remained consigned with the Commonwealth Court (the "Remaining Deposit"). The Lift of Stay Notice only requested

the withdrawal of the Remaining Deposit "to allow the withdrawal of funds in order to terminate the Estate's participation at the state court case". *See* **Exhibit A** at 11.

Based on the Commonwealth Court's documents attached by Atty. Vicéns to the Lift of Stay Notice, at a pre-trial conference held on May 2, 2017 (the "Pre-Trial Conference"), Mr. Mandry appeared pro-se as a party in interest. *See* **Exhibit B** at 1, minutes of the Pre-Trial Conference. As the minutes of the Pre-Trial Conference evidences, Mr. Mandry had abided to his part of the Remaining Deposit as a just compensation for the Parcels. *Id.* at 2 and 3. In fact, the Commonwealth Court even stated in its minutes "[t]he Court indicated that in lots 28-01 and 28-02 judgment could be issued due to all the parties with interest abiding to them". *Id.* at 6. Accordingly, for the Parcels for which the Estate, including Mr. Mandry, had an interest, judgment could be issued because all the parties had agreed with the just compensation amount consigned in the Commonwealth Court. Since the Estate, including Mr. Mandry, agreed with such amount, Mr. Mandry "requested the withdrawal of the funds". *See* **Exhibit B** at 6. Mr. Mandry, representing himself in the Civil Action, answered questions from the Commonwealth Court and stated his position as to his interest over the Parcels. As a result of the above, the Commonwealth Court ordered the issuance of the corresponding checks to all parties in interest, including Mr. Mandry. *Id.* at 7. Accordingly, when the Lift of Stay Notice was submitted by Atty. Vicens, on behalf of the Estate except Mr. Mandry, the only remedy requested therein, that is, that the corresponding checks regarding the Remaining Deposit be issued, was consistent with the Commonwealth Court's determination and order at the Pre-Trial Conference.

    (ii)    Whether, given that the motion attached to the Urgent Request and apparently filed in the Commonwealth Court appears to recognize Mr. Mandry Mercado as a person with an interest in the Civil Action.

The motion attached to the Urgent Request does recognize Mr. Mandry as a person with an interest in the Civil Action as the same only reiterates the determinations made by the Commonwealth Court at the Pre-Trial Conference, as reflected in the minute attached as **Exhibit B**. In particular, based on the Commonwealth Court's documents submitted with the Lift of Stay Notice, Mr. Mandry, who represents himself in the Civil Action, had agreed to the amount of the Remaining Deposit and had even requested the withdrawal of such funds. *Id.* Moreover, not only was Mr. Mandry recognized as a party in interest in the Civil Action, but he appeared before the Commonwealth Court and had the opportunity to be heard, answer questions from the Commonwealth Court and state his position as to the issues presented therein, including his agreement with the Remaining Deposit and his request regarding the withdrawal of the Remaining Deposit.

(iii)   Whether Mr. Mandry Mercado was consulted in connection with the *Stipulation Modifying the Automatic Stay Between the Puerto Rico Highways and Transportation Authority and Sucesión Pastor Mandry Mercado.*

As detailed by the Lift of Stay Notice, Atty. Vicéns appeared on behalf of the Estate, except for Mr. Mandry. *See* **Exhibit A** at 2. As a result, AAFAF consulted directly with Atty. Vicéns on behalf of the Estate, as movants, except for Mr. Mandry, and negotiated directly with her the *Stipulation Modifying the Automatic Stay Between the Puerto Rico Highways and Transportation Authority and Sucesión Pastor Mandry Mercado* (the "Stipulation"). AAFAF did not consult with Mr. Mandry, as Mr. Mandry was not included in the Lift of Stay Notice request, since Atty. Vicéns did not represent his interests but those of all remaining members of the Estate.  Mr. Mandry did not issue an independent lift of stay notice. AAFAF submits that the Stipulation is consistent with the Commonwealth Court's determination by allowing the Estate to withdraw the Remaining

Deposit. If Mr. Mandry is not satisfied with the Commonwealth Court's determination, which he agreed with in open court, and does not want to benefit from the agreements made through the Stipulation, he is not obliged to withdraw his part of the Remaining Deposit, which is the only remedy provided by HTA through the Stipulation.

Moreover, AAFAF respectfully requests that this Court take notice that this is not the first time Mr. Mandry has filed, with this Title III Court, unfounded motions requesting similar relief, some concerning the exact same issues raised herein. *See* ECF No. 634, 684, 712, 822, 844, 1881, 1934, 3475 and 3489, among others. This Court has correctly rejected these previous filings of Mr. Mandry with regards to Atty. Vicéns' representation of the Estate. *See* ECF No. 712. AAFAF respectfully requests that this Court, consistent with its previous determinations, reject Mr. Mandry's allegations contained in the August 27, 2018 correspondence, as the same are unfounded and find no basis in law or fact. Furthermore, AAFAF submits that Mr. Mandry is not entitled to any relief by this Title III Court as he has represented his interests in the Civil Action and has been heard by the Commonwealth Court. Any other allegation he may have with regards to the Remaining Deposit and the Civil Action should be brought before the Commonwealth Court.

**B. Atty. Vicéns**

1. Although Mr. Javier Mandry Mercado's (hereinafter "Javier Mandry") *URGENT REQUEST* (hereinafter the "Request") clearly shows his lack of knowledge and understanding of the nature of the proceedings before this Court, the request for relief from stay pursuant to §362(d)(1) of the Bankruptcy Code applicable to the present case through section 301 (a) of Title III of the Puerto Rico Oversight, Management, and Economic Stability Act (hereinafter "PROMESA"), in compliance with the order issued by this Honorable Court, María E. Vicéns Rivera (hereinafter "Counsel") replies to his unfounded allegations.

2.   The undersigned counsel only appeared on behalf of the persons that were listed in "Exhibit I" of the Lift of Stay Notice sent on June 28, 2018, to counsels from the Oversight Board and AAFAF pursuant to Paragraphs III.Q and III.U of Section III (Scheduling) of the Case Management Procedures, as amended by Fourth Amended Case Management Order (docket no. 2839).  The footnote number 1 at p. 2 of the Lift Stay Notice states that Mr. Javier Mandry, a member of the estate, is the only member of the estate not represented by Counsel. See, Exhibit A.

3.   While it is true that Mr. Javier Mandry is a member of the estate of Salvador Mandry Nones, his father, his consent was not necessary for the undersigned counsel to represent the estate. The appearance was authorized by the majority of the members of the estate. Article 332 of the Puerto Rico Civil Code (31 L.P.R.A. 1277) states that matters related to the management of property held in common ownership may be decided by a majority of the participants.

4.   Counsel has an obligation with the members of the estate represented by her and not with Mr. Javier Mandry.

5.   Mr. Javier Mandry is a party with interest in the eminent domain state court case *Puerto Rico Highways and Transportation Authority v. Finca Perseverancia, Inc., et al.*, civil case no. KEF2011-0244, as a member of the estate of Pastor Mandry Mercado for their 21.25 % ownership interest in the parcel of lands number 028-01 and 028-02 expropriated by Puerto Rico Highways and Transportation Authority (hereinafter "HTA").

6.   In the eminent domain case at the state court, that is the subject of the modification of the lift of stay, there was no controversy pending since the parties with interest, including Mr. Javier Mandry, who appeared pro se, had *all* agreed with the just compensation of $226,620.00 offered and deposited with the court by HTA. At a hearing held on January 31, 2017, Mr. Javier Mandry agreed with the request made by the other members of the estate of Pastor Mandry Mercado,

represented by César Hernández Colon, Esq. (and by Counsel in the present case), to withdraw

funds consigned with the court as just compensation. On May 2, 2017, the pre-trial conference was

held and the minute of the hearing reflects that César Hernández Colón, Esq., requested the Court

to allow the withdrawal of the *$48,156.75*, the equivalent to 21.25% ownership interest the estate

of Pastor Mandry Mercado has in parcels number 28-01 and 28-02 ($226,620.00 x 21.25%). More

specifically, attorney Hernández Colón requested that *$10,064.76* be transferred to civil case

number JJV2011-1103 were the members of the estate of Salvador Eduardo Mandry Nones (with

a 20.90% participation in the estate of Pastor Mandry Mercado) are elucidating the partition of

their inheritance and ***no opposition*** was presented including from Mr. Javier Mandry, who was

present at the hearing (he had also previously consented to this in a hearing held on January 31,

2017). See Exhibit B, p. 6, ¶7 of the Lift Stay Notice. The Court ordered that a check be issued for

such purpose and another check for $1,492.85 payable to Mr. Javier Eduardo Mandry Mercado,

which represents his 3.10% percentage of participation in the estate of Pastor Mandry Mercado

($48,156.75 x 3.10%). An itemized list of the remaining members of the estate of Pastor Mandry

Mercado and the amounts payable according to their percentage of participation was provided by

attorney Hernández Colón as stated in the minute. However, the Court never issued the checks.

Afterwards, the state court case was stayed as requested by HTA pursuant to sections 362(a) and

922(a) of the Bankruptcy Code, as incorporated by reference under section 301(a) of PROMESA.

7.   The *Stipulation Modifying the Automatic Stay Between the Puerto Rico Highways and*

*Transportation Authority and Sucesión Pastor Mandry Mercado* is in the best interest of the estate

of Pastor Mandry Mercado and also in the best interest of Mr. Javier Mandry, who will receive his

check in the amount of $1, 492.85 for his 3.10% percentage of participation in the estate of Pastor

Mandry Mercado and *$10,064.76* will be transferred to civil case number JJV2011-1103 were the

members of the estate of Salvador Eduardo Mandry Nones, his father, (with a 20.90% participation in the estate of Pastor Mandry Mercado) are elucidating the partition of their inheritance. There is no other issue pending before the state court other than the withdrawal of funds that had been approved by **all** of the members of the estate of Pastor Mandry Mercado **including Mr. Javier Mandry**.

8. Mr. Javier Mandry's allegations are not only unfounded and frivolous but detrimental for the recovery of debtors due to the time and money spent on this issue instead of attending the medullar controversies.

9. Counsel submits that according to the judicial file, the proceedings in the state court and in the present case, Mr. Javier Mandry has no right or relief that could be granted by this Honorable Court and, moreover, his behavior contravenes the recovery right of debtors resulting in dilation of the proceedings.

**WHEREFORE**, AAFAF and Counsel respectfully request the Court to take note of the foregoing and deny Mr. Mandry's request for relief included in the correspondence received by the Court on August 27, 2018.


Dated: September 19, 2018
San Juan, Puerto Rico

Respectfully submitted,


*/s/Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Email: lmarini@mpmlawpr.com

*/s/Carolina Velaz-Rivero*
Carolina Velaz-Rivero
USDC No. 300913
Email: cvelaz@mpmlawpr.com

**MARINI PIETRANTONI MUÑIZ LLC**
MCS Plaza, Suite 500
255 Ponce de León Ave.
San Juan, Puerto Rico 00917
Tel: (787) 705-2171
Fax: (787) 936-7494

*Attorneys for the Puerto Rico Fiscal
Agency and Financial Advisory Authority*


/s/*María E. Vicéns Rivera*
MARÍA E. VICÉNS RIVERA
USDC- PR 226711
9140 MARINA ST., SUITE 801 PONCE,
PUERTO RICO 00717 TEL. / FAX: (787)
259-1999 E-mail: mevicens@yahoo.com