UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | PROMESA<br>TITLE III |
| THE FINANCIAL OVERSIGHT   MANAGEMENT<br>BOARD FOR PUERTO RICO, | |
| as  representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, et al., | (Jointly Administered) |
| DEBTORS | |
| IN RE: | PROMESA<br>TITLE III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT<br>BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK3567-LTS |
| PUERTO RICO HIGHWAYS AND<br>TRANSPORTATION AUTHORITY ("HTA") | |
| DEBTOR | |

LIFT STAY NOTICE

TO COUNSELS:

COMES NOW creditor, Sucesión Pastor Mandry Mercado, through its undersigned counsel and very respectfully states and prays:

1.   Pursuant to Paragraphs III.Q and III.U of Section III (Scheduling) of the Case Management Procedures, as amended by Fourth Amended Case Management Order (docket no. 2839), and subject to Paragraphs III. F and III.T, at least fifteen (15) business days prior to filing a Stay Relief Motion to continue a prepetition ordinary course civil action against a Debtor other than PREPA, the movant shall contact the counsel for the Oversight Board and AFAA by

Lift Stay Notice
Case KEF2011-0244 Puerto Rico Highways and Transportation Authority v. Finca Perseverancia, Inc., et al.
Sucesión Pastor Mandry Mercado party with interest

electronic-mail to advise them of the movant's intent to seek relief from the automatic stay (the "Lift Stay Notice" and the notice period, the "Lift Stay Notice Period").

2.   The Lift Stay Notice shall include (i) the identity of the movant and its contact information, (ii) the claim(s), lawsuit(s), or other proceeding(s) for which movant seeks relief from the automatic stay, including the relevant case number and court information, (iii) the amount of the claim(s) and the asserted causes of action, (iv) a brief description of the status of the underlying claim(s), lawsuit(s), or proceeding(s), and (v) cause as to why the stay should be lifted.

3.   In compliance with the above mentioned  Fourth Amended  Case  Management Order, creditor submits the following brief.

## I. INTRODUCTION

4. On May 21, 2017, Debtor, Puerto Rico Highways and Transportation Authority (hereinafter "HTA") by its representative and pursuant to section 315 of the Puerto Rico Oversight, Management, and Economic Stability Act (hereinafter "PROMESA"), the Financial Oversight and Management Board for Puerto Rico filed a voluntary petition in the United States District Court for the District of Puerto Rico under Title III of PROMESA seeking relief from creditors.

5. HTA has an eminent domain case pending final disposition at the Puerto Rico Court of First Instance in San Juan, courtroom with expertise in eminent domain, *Puerto Rico Highways and Transportation Authority v. Finca Perseverancia, Inc., et al.*, civil case no. KEF2011-0244, were Sucesión Pastor Mandry Mercado (hereinafter the "Estate")[1] is a party with interest. (See Exhibit I for an itemized disclosure of the members of Sucesión Pastor Mandry Mercado with their

---

[1] Mr. Javier Mandry Mercado, a member of the Estate, is the only member of the Estate not represented by the undersigned counsel.

Lift Stay Notice
Case KEF2011-0244 Puerto Rico Highways and Transportation Authority v. Finca Perseverancia, Inc., et al.
Sucesión Pastor Mandry Mercado party with interest

respective participations).  On July 13, 2017, HTA filed a motion at the state court requesting the automatic stay of the proceedings pursuant to sections 362(a) and 922(a) of the Bankruptcy Code, as incorporated by reference under section 301(a) of PROMESA; and on July 17, 2018, the state court issued an administrative judgment staying the proceedings.

## II. BACKGROUND

6. Dated August 25, 2011, HTA filed an action of eminent domain against Finca Perseverancia and others at the Puerto Rico Court of First Instance in San Juan, courtroom with expertise in eminent domain, civil case no. KEF2011-0244, along with a motion for the acquisition and surrender of the property. The property consists of certain parcels of land owned by Finca Perseverancia at the time of the taking, namely parcels number 020-01, 020-02, 020-03, 020-04, 020-05, 020-06, 020-07, 020-08, 020-09; and two other parcels of land, parcels number 028-01 and 028-02,  were the Estate has a 21.25% ownership interest, located at Magueyes Urbano Ward in Ponce. The purpose of the taking being the construction of project HTA-000911 Highway PR-9 from PR-132 to PR-123.

When the petition was filed, HTA deposited with the court the amount of $1,050,900.00 as an estimated amount of just compensation.  On February 18, 2014, HTA submitted an amended Exhibit A reevaluating, inter alia, the value of the expropriated parcels of land and stating the amount of estimated just compensation to be $606,050.00.  HTA requested that the excess be returned to pay for another expropriation (_ACT vs. Adrian Mercado, et al.,_ civil case number KEF2011-0240). Of the total amount consigned as just compensation, $500,636.50 was withdrawn by Finca Perseverancia on February 20, 2014. A total amount of ***$105,413.50*** ($1,050,900.00 – 500,636.50) remains consigned at the state court.

Lift Stay Notice
Case KEF2011-0244 Puerto Rico Highways and Transportation Authority v. Finca Perseverancia, Inc., et al.
Sucesión Pastor Mandry Mercado party with interest

The value per unit offered by HTA for parcels number 028-01 and 028-02 are not in controversy since all of the parties with interest have agreed on it. The total amount offered by HTA for said parcels of land is $226,620.00 as stated in an amended Exhibit A provided by HTA on a motion filed on April 4, 2017. See Exhibit II, p.15.[2]

On May 2, 2017, the pre-trial conference was held. Anita Cortés Centeno, Esq. appeared in representation of HTA. The minute of the hearing reflects that César Hernández Colón, Esq., representing the Estate in the state court case, requested the Court to allow the withdrawal of the *$48,156.75*, the equivalent to 21.25% ownership interest the Estate has in parcels number 28-01 and 28-02 ($226,620.00 x 21.25%) according to their participations. More specifically, attorney Hernández Colón requested that *$10,064.76* be transferred to civil case number JJV2011-1103 were the members of the estate of Salvador Eduardo Mandry Nones (with a 20.90% participation in the Estate) are elucidating the partition of their inheritance. See Exhibit III, p. 6, ¶7[3]. The Court ordered that a check be issued for such purpose and another check for $1,492.85 payable to Mr. Javier Eduardo Mandry Mercado, which represents his 3.10% percentage of participation in the Estate ($48,156.75 x 3.10%). An itemized list of the remaining members of the Estate and the amounts payable according to their percentage of participation was provided by attorney Hernández Colón as stated in the minute. However, the Court never issued the checks.

A hearing was scheduled for September 14, 2017. On July 17, 2017, an Administrative Judgment was entered by the state court staying the proceedings.

It must be mentioned that a Stipulation between HTA and Finca Perseverancia, Inc. was signed on June 14, 2018, and included in the Fourth Omnibus Order Granting Relief From the

---

[2] Exhibit II, Amended Exhibit A (KEF2011-0244), has been submitted in the Spanish language and can be provided in the English language upon request.

[3] Exhibit III, Minute of the pre-trial conference, has been submitted in the Spanish language and can be provided in the English language upon request.

Lift Stay Notice
Case KEF2011-0244 Puerto Rico Highways and Transportation Authority v. Finca Perseverancia, Inc., et al.
Sucesión Pastor Mandry Mercado party with interest

Automatic Stay approved by the Court on June 20, 2018, (docket no. 3326) modifying the stay for the same case, *Puerto Rico Highways and Transportation Authority v. Finca Perseverancia, Inc., et al.*, civil case no. KEF2011-0244. However, said Stipulation, on p.4, ¶5, states that:

> Nothing in this Stipulation shall be deemed or construed as (a) creating or conferring any right upon any persons or entities (other than Movant as expressly provided in this Stipulation), or (b) evidence of any willingness or obligation on HTA's part to consent to any other or future modifications of relief from Title III Stay with respect to any persons or entities.

Even when the stay has been modified in the *Puerto Rico Highways and Transportation Authority v. Finca Perseverancia, Inc., et al.*, civil case no. KEF2011-0244, it applies only to Finca Perseverancia, Inc. who was the Movant when the Stipulation was signed.

The Estate's situation is different from the situation of Finca Perseverancia, Inc. The price offered for the parcels of land taken by HTA ($226,620.00), namely parcels 028-01 and 028-02, were the Estate has a 21.25 % of participation ($48,176.55), is not in controversy and the money is consigned at the state court. The state court even issued an order for the clerk of the Court to issue a check for *$10,064.76* to be consigned in civil case number JJV2011-1103 were the members of the estate of Salvador Eduardo Mandry Nones (with a 20.90% participation in the Estate) are elucidating the partition of their inheritance and an itemized list of the remaining members of the Estate and the amounts payable according to their percentage of participation was provided (see Exhibit II, p. 6 and 7).

It is the Estate's position that the money consigned at the state court is not protected by the automatic stay neither under 11 U.S.C. §362(a) nor §922. The money consigned is not property of HTA since it represents the just compensation paid for the property taken, as provided in the Law of Eminent Domain, 32 L.P.R.A. 2970, and HTA has no further interest in such funds.

5

Lift Stay Notice
Case KEF2011-0244 Puerto Rico Highways and Transportation Authority v. Finca Perseverancia, Inc., et al.
Sucesión Pastor Mandry Mercado party with interest

### III. APPLICABLE LAW

7. Section 362(d)(1)  of the Bankruptcy Code (11 U.S.C. §362(d)(1)) reads as follows:

> (d)   On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -- (1) for cause, including the lack of adequate protection of an interest in property of such party in interest…

8. The courts examine numerous different factors, including those set forth in _In re Sonnax Indus._, _907 F.2d 1280_ to determine whether "cause" exists to grant relief from stay. The twelve factors adopted by the court in _Sonnax_ are:

> (1) whether relief would result in partial or complete issue resolution; (2) lack of connection with or interference with bankruptcy case; (3) whether other proceeding involves debtor as fiduciary; (4) whether specialized tribunal with necessary expertise has been established to hear cause of action; (5) whether debtor's insurer has assumed full defense responsibility; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice interests of other creditors; (8) whether judgment claim arising from other action is subject to equitable subordination; (9) whether movant's success in other proceeding would result in a judicial lien avoidable by debtor; (10) interests of judicial economy and expeditious and economical resolution of litigation; (11) whether parties are ready for trial in other proceeding; (12) impact of stay on parties and balance of harms. _In re Sonnax Inds._, _supra, at 1287_ citing _In re Curtis_, _40 Bankr. 795, 799-800 (Bankr. D. Utah 1984)_.

Other courts have established that the _Curtis_ moving party "need not prove a plurality of _Curtis_ factors before it has shown cause existed for lifting the stay." _Goya Foods v. Unanue-Casal (In re Unanue-Casal), supra, at 96_. Some courts have relied on only a few factors to determine that sufficient cause existed to lift the stay. See, e.g., _In re Unioil, supra, at 194-95_ (court

Lift Stay Notice
Case KEF2011-0244 Puerto Rico Highways and Transportation Authority v. Finca Perseverancia, Inc., et al.
Sucesión Pastor Mandry Mercado party with interest

considered five factors such as resolution of the issues, lack of connection with the bankruptcy case, judicial economy and balance of hurt). See also *Highcrest Management Co., 30 Bankr. at 778-779* (court considered only the debtor's misconduct, without any *Curtis* factors).

The court in *Goya Foods v. Unanue-Casal (In re Unanue-Casal), supra, at 96* correctly stated that "the question of what is cause . . . is developed primarily by case law." In other words, the determination of cause is made on a case by case basis.

9. Article II, Section 9, of the Constitution of the Commonwealth of Puerto Rico, P.R. Const. Art. II, § 9, states that **"private property shall not be taken or damaged for public use except upon payment of just compensation and in the manner provided by law."** (Emphasis added).

10. The Takings Clause of the Fifth Amendment mandates that **"private property [shall not] be taken for public use, without just compensation."** U.S. Const. amend. V. This amendment is made applicable to the states, and thus to municipalities, through the Fourteenth Amendment. U.S. Const. amend. XIV. *In re City of Detroit, 524 B.R. 147, 268 (Bankr. E.D. Mich. 2014)* citing *Dolan v. City of Tigard, 512 U.S. 374, 383, 114 S. Ct. 2309, 129 L. Ed. 2d 304 (1994)*; *Penn Cent. Transp. Co. v. City of N.Y., 438 U.S. 104, 122, 98 S. Ct. 2646, 57 L. Ed. 2d 631 (1978)*.

11. The Fourteenth Amendment of the United States Constitution provides that **"nor shall any State deprive any person of life, liberty, or property, without due process of law."** (Emphasis added). U.S. Const. amend. XIV. The limitations of the Fifth Amendment also apply, through the Due Process Clause of the Fourteenth Amendment, to takings by state governments and their subdivisions. See, e.g., *Lucas v. S.C. Coastal Council, 505 U.S. 1003 (1992).* Consequently, the Fifth Amendment is applicable to municipal debtors, and a municipal debtor may not take property

Lift Stay Notice
Case KEF2011-0244 Puerto Rico Highways and Transportation Authority v. Finca Perseverancia, Inc., et al.
Sucesión Pastor Mandry Mercado party with interest

without just compensation.

12. The Supreme Court of the United States has addressed the takings issue in the context of bankruptcy on several occasions, holding each time that the bankruptcy power is limited by the Fifth Amendment. See *United States v.Security Indus. Bank, 459 U.S. 70, 75, 78 (1982)*; *Wright v. Vinton Branch of Mtn. Trust Bank, 300 U.S. 440, 456-58 (1937)*; *Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 589 (1935).* The protections afforded by the Fifth Amendment are not abrogated by the Bankruptcy Code. The legislative history of the Bankruptcy Code indicates that the drafters of the Bankruptcy Code considered the Fifth Amendment to be a limitation upon the impairment of property rights in bankruptcy, and current bankruptcy law gives great deference to property rights. Julia Patterson Forrester, Bankruptcy Takings, 51 Fla. L. Rev. 851, 863 (Dec. 1999).

13. The Supreme Court has stated that a Takings Clause violation is defined by two elements:  (1) the public taking of private property, and (2) the subsequent denial of just compensation for that taking. See *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 195 n.13, 105 S. Ct. 3108, 87 L. Ed. 2d 126 (1985).*

14.  Section 944(c)(1) of the Bankruptcy Code provides that "the debtor is not discharged under subsection (b) of this section for any debt— (1) excepted from discharge by the plan or order confirming the plan[.]" 11. U.S.C. § 944.

15. Property that does not belong to debtor at the time a bankruptcy petition is filed is not subject to the automatic stay under neither 11 U.S.C. §362 (a) nor §922 (a). See, e.g. *In re Atl. Gulf Cmtys. Corp., 369 B.R. 156, 164 -65 (Bank. D. Del. 2007)* (were the Court concludes that the Escrow is not property of the estate, even though the contingent interest that the Debtor has in the

Lift Stay Notice
Case KEF2011-0244 Puerto Rico Highways and Transportation Authority v. Finca Perseverancia, Inc., et al.
Sucesión Pastor Mandry Mercado party with interest

Escrow is property of the estate). Only property in which the debtor held an interest at the commencement of the case is protected by the automatic stay.

16. The Law of Eminent Domain, 32 L.P.R.A. 2970, provides that as soon as the declaration of taking and delivery is filed, and the deposit of the amount estimated as just compensation and specified in said declaration is made in the court for the benefit and use of the person or entity entitled to it, absolute title to said property vests in the petitioner that requested the expropriation and the right to fair compensation for the same vests in the person or entity entitled to it.

## IV. DISCUSION AND ARGUMENT

17. In the case at hand, the Estate reaffirms its position that the funds consigned at the state court by HTA as just compensation for the property taken is not part of the bankruptcy estate. However, the state case has been stayed by an administrative judgement and has to be modified in order to request the withdrawal of the funds that represent the payment of just compensation.

Once the property was taken and the title vested in HTA, the right to just compensation vests in the Estate. This is how the Law of Eminent Domain complies with Article II, Section 9, of the Constitution of the Commonwealth of Puerto Rico, supra, which provides that **_"private property shall not be taken or damaged for public use except upon payment of just compensation and in the manner provided by law."_** Wherefore**,** HTA had no further interest in the funds consigned in the state court as just compensation and the stay does not extend to say funds.

Of the twelve factors adopted by the court in _Sonnax_ to determine if cause exists to grant relief from stay at least five weigh in favor of the Estate.

Lift Stay Notice
Case KEF2011-0244 Puerto Rico Highways and Transportation Authority v. Finca Perseverancia, Inc., et al.
Sucesión Pastor Mandry Mercado party with interest

First, whether relief would result in partial or complete issue resolution and second, whether specialized tribunal with necessary expertise has been established to hear cause of action. HTA has a state eminent domain case pending final disposition at the Puerto Rico Court of First Instance in San Juan, courtroom with expertise in eminent domain, against the Estate in which there is no controversy pending since the parties with interest have agreed on the price per unit offered as just compensation and consigned at the state court. Modifying the stay to allow the withdrawal of funds that are not part of the bankruptcy estate will terminate the participation of the Estate in the state court.

Third, lack of connection with or interference with bankruptcy case. The termination of the Estate case at the state court will not interfere with the Title III case since there is no relationship between the issues and/or controversies. On June 10th, 2017 Sucesión Pastor Mandry Mercado, represented by the undersigned counsel, requested a relief from automatic stay for an inverse condemnation case stayed by the Commonwealth of Puerto Rico (hereinafter "Debtor") pursuant to sections 362(a) and 922(a) of the Bankruptcy Code, as incorporated by reference under section 301(a) of PROMESA, were the only issue pending was the determination of just compensation (docket no. 305). Debtor opposed the request from relief from stay and the Court lifted the stay to allow the litigation to proceed to a determination of damages *prior* to the entry of judgment (Memorandum Order, docket no. 600). Moreover, the Court stated that "allowing the Litigation to proceed would not interfere with the Title III case." (Memorandum Order, page 3, ¶2). In the present case, there is no litigation regarding the Estate and the withdrawal of funds will terminate the Estate's participation.

Fourth, whether litigation in another forum would prejudice interests of other creditors. The withdrawal of consigned funds at the state courtroom with expertise in eminent domain has

Lift Stay Notice
Case KEF2011-0244 Puerto Rico Highways and Transportation Authority v. Finca Perseverancia, Inc., et al.
Sucesión Pastor Mandry Mercado party with interest

no direct or indirect effect on any of HTA's creditors. Moreover, the funds are neither part of the bankruptcy estate nor protected by the stay.

Fifth, the impact of stay on parties and balance of harms. The Fifth Amendment and the Fourteenth Amendment of the United States Constitution and Article II, Section 9, of the Constitution of the Commonwealth of Puerto Rico provide that private property shall not be taken for public use without just compensation. The continuance of the stay will be detrimental to the Estate who will be deprived of its constitutional right to obtain a just compensation for a property taken since 2004.  Whereas, HTA will suffer no harm if the stay is lifted to allow withdrawal of funds that are not part of the bankruptcy estate.

## V. CONCLUSION

18.  The Estate has established with substantial arguments first, that the consigned funds at the state court for payment of just compensation are neither part of the bankruptcy estate nor protected by the automatic stay since HTA has no further interest nor right in them; second, that even when the stay does not extend to said funds, the case has been stayed by an administrative judgment and needs to be modified to allow the Estate to request the withdrawal of said funds.

WHEREFORE, it is respectfully prayed that an stipulation be reached addressing the issue that funds consigned at the state court for just compensation are not part of the bankruptcy estate and granting relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) as to  HTA to allow the withdrawal of funds in order to terminate the Estate 's participation at the state court case. no. KEF2011-0244.

**NOTICE:** If HTA disagrees with the movant's request for relief from the automatic

Lift Stay Notice
Case KEF2011-0244 Puerto Rico Highways and Transportation Authority v. Finca Perseverancia, Inc., et al.
Sucesión Pastor Mandry Mercado party with interest

stay and/or the FIFTEEN (15) business days Lift Stay Notice Period expires without the parties

reaching an agreement governing the scope of the relief from the automatic stay, then the movant

may file a Stay Relief Motion pursuant to the Fourth Amended  Case  Management Order.

RESPECTFULLY SUBMITTED.

In Ponce, Puerto Rico, this 28th of June, 2018.

/s/María E. Vicéns Rivera
MARÍA E. VICÉNS RIVERA
USDC- PR 226711
9140 MARINA ST., SUITE 801
PONCE, PUERTO RICO 00717
TEL. / FAX: (787) 259-1999
E-mail: mevicens@yahoo.com

EXHIBIT I

| Name | Percentage of participation |
|---|---|
| Sucn. Salvador Eduardo Mandry Nones | 20.90 |
| Estrella María Aparicio Vázquez | 14.80 |
| Oscar Adolfo Mandry Aparicio | 7.85 |
| Víctor Robert Fingerhut Mandry | 6.80 |
| Yvelisse Helena Fingerhut Mandry | 6.80 |
| Margaret Ann Fingerhut Mandry | 6.80 |
| Salvador Rafael Mandry Mercado | 3.320 |
| Adrián Roberto Mandry Mercado | 3.320 |
| Eduardo José Mandry Mercado | 3.320 |
| Margarita Rosa Mandry Mercado | 3.320 |
| María del C. Amalia Mandry Llombart | 3.70 |
| Selma Verónica Mandry Llombart | 3.70 |
| Juan Carlos Esteva Fingerhut | 2.04 |
| Pedro Miguel Esteva Fingerhut | 2.05 |
| Mariano J. McConnie Fingerhut | 2.05 |
| Janice Marie McConnie Fingerhut | 2.04 |
| Víctor Michael Fingerhut Cochran | 2.04 |

1

| Name | Percentage of participation |
|---|---|
| Michelle Elaine Fingerhut Cochran | 2.05 |