IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | * | CASE NO: 17-BK-03283-LTS |
| THE FINANCIAL OVERSIGHT AND | * | |
| MANAGEMENT BOARD FOR | * | |
| PUERTO RICO, | * | |
| | * | PROMESA |
| As representative of | * | TITLE III |
| | * | |
| THE COMMONWEALTH OF PUERTO RICO | * | |
| et al., | * | |
| Debtors | * | |

*********************************************

MOTION FOR APPLICATION REQUESTING ADMINISTRATIVE RENT PAYMENT

**TO THE HONORABLE COURT:**

COMES NOW creditor Ponce Real Estate Corporation represented by the undersigned attorney and respectfully sets forth and prays as follow:

1. The bankruptcy petition of this case was filed on May 3, 2017. From the date of the filing of the petition until the present the debtor and/or one of its agencies known as "Comisión Estatal de Elecciones" (State Electoral Commission) has been occupying certain premises owned by the appearing creditor located at Méndez Vigo Street in Ponce, Puerto Rico.

2. These premises were used and continue actually in use for operating offices of debtor as a subdivision or agency named "Junta de Inscripción Permanente" (Permanent Registration Board) in the city of Ponce. The properties are registered at Ponce part of the Puerto Rico Registry of the Property as lots number 6,603 and 13,313, herein after, the premises.

3. Debtor is in possession of the premises pursuant the lease agreement for a monthly rent of **$4,146.00.**

4. The total post-petition rent due computed until September 2018, $62,190.00 (See attached certification for details)

5. Actually, debtor continues retaining and using the premises pursuant to Bankruptcy Code a Debtor in Possession should be considered obligated as in may sections of the Code referred to the Trustee.

6. The bankruptcy code provides as follows: The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2) [11 USCS § 365(b)(2)] [subsec. (b)(2) of this section], arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title [11 USCS §

503(b)(1)]. The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period. This subsection shall not be deemed to affect the trustee's obligations under the provisions of subsection (b) or (f) of this section. Acceptance of any such performance does not constitute waiver or relinquishment of the lessor's rights under such lease or under this title.11 U.S.C. § 365(d)(3).

7. " A plain reading of this subsection indicates that a debtor, renting nonresidential realty under an unexpired lease, must timely perform all obligations arising after the filing of the petition unless the court grants the limited extension authorized in § 365(d)(3). The legislative history of § 365(d)(3)… supports the clear language of the subsection. Also, the debtor need not perform any post-petition obligations to the extent those duties were triggered by the conditions specified in § 365(b)(2) which are the debtor's financial condition the filing of the petition or the appointment of a trustee. "In Re Barrister of Delaware, Ltd., 49 B.R. 446 (Bankr. D. Del. 1985); In Re By-Rite Dist., Inc., 47 B.R. 660 (Bankr. D. C.C. 1985); In Re Ted Liu's Szechuan Garden, Inc., 55 Bankr. 8 (Bankr. D.D.C. 1985).

8. No further extension to the Debtor in Possession under § 365(d)(3) has been requested, the payment of rent was not triggered by § 365(b)(2). Thus, the clear language of § 365(d)(3) mandates that the trustee immediately pay all post-petition rent and remain current on future rent payments as they come due. The case law supports this decision. In Re Barrister of Delaware, Ltd supra. In re S & F Concession, Inc., 55 B.R. 689, 690-691, 1985 Bankr. LEXIS 4716, *3-4, 13 Collier Bankr. Cas. 2d (MB) 1454, 13 Bankr. Ct. Dec. 1119 (Bankr. E.D. Pa. Dec. 23, 1985)

9. "Section 365(d)(3) clearly requires the continued performance by the trustee of the full rent obligations under the lease until the decision to assume or reject the lease is made. In re DeSantis, 66 B.R. 998, 1004 (Bankr. E.D. Pa. 1986); In re Chandel Enterprises, Inc., 64 B.R. 607, 610 (Bankr. C.D. Cal. 1986); In re Coastal Dry Dock & Repair Corp., 62 B.R. 879, 882-83 (Bankr. E.D. N.Y. 1986); Matter of Longua, 58 B.R. 503, 504-05 (Bankr. W.D. Wis. 1986); In re S & F Concession, Inc., 55 B.R. 689, 690-91 (Bankr. E.D. Pa. 1985). See also In re PCH Associates, 804 F.2d 193, 199 (2d Cir. 1986). Thus, the command of § 365(d)(3) that the trustee shall "timely" perform the rent obligation means that the trustee must pay the rent as it comes due. Section 365(d)(3) thus gives a special administrative claim priority to post-petition rent due under a non-residential lease. As the bankruptcy court in Coastal Dry Dock, 62 B.R. at 883, correctly explained „This obligation is made expressly independent of the normal standards for administrative expense claims under 11 U.S.C. § 503(b)(1) and constitutes an administrative expense payable without notice and hearing." In re Rare Coin Galleries, Inc., 72 B.R. 415, 416, 1987 Bankr. LEXIS 505, *4-5 (D. Mass. Apr. 14, 1987).

10. In addition, "If there has been a default in an executory contract or unexpired lease of the

debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.11 USCS § 365 "... an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of--

(i) the date that is 120 days after the date of the order for relief; or

(ii) the date of the entry of an order confirming a plan.

o

(B)

(i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

(ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance. 11 USCS § 365

11. Since the filling of the petition to September 21, 2018, more than five hundred days have transpired without the debtor making a decision to reject or assume the lease of the premises. The debtor have the lease in their possession; they are well aware of the rental payments that accrue under the lease.

WHEREFORE, it is respectfully requested that the debtor be ordered to pay forthwith to Ponce Real Estate Corporation the amount of $62,190.00 in administrative rent.

## NOTICE

Within 14 days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank P. 9006(f) if you were served by mail any party against whom this paper has been served, or any other party to the action who objects to the Motion herein, shall serve and file an objection

or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico and request a hearing. If no objection or other response is filed within the time allowed herein, the Motion will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; against public policy; (ii) the requested relief is forbidden by public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

    WE HEREBY CERTIFY that a true and correct copy of the foregoing has been filed electronically on this day with the Clerk of the Court using CM/ECF System, which will send notification of such filing to the parties in the Court's electronic Master Address List.

RESPECTFULLY SUBMITTED.

    In Ponce, Puerto Rico, this September 21, 2018.

/s/Lemuel Negrón Colón
USDC 211202
PO Box 801478
Coto Laurel, PR 00780-1478
Tel. (787) 840-6719
Fax. (787) 813-0088
Email:lemuel.law@gmail.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR<br>PUERTO RICO,<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br>et al.,<br>Debtors | * * * * * * * * * * | CASE NO: 17-BK-03283-LTS<br><br><br><br>PROMESA<br>TITLE III |

## STATEMENT OF AMOUNT DUE

I, Francisco I. Vilariño-Rodríguez, of legal age, married, President of Ponce Real Estate Corporation and resident of Ponce, Puerto Rico under penalty of perjury swear:

1. That I am of the above mentioned circumstances.

2. That I have access and custody to the records of Comisión Estatal de Elecciones (State Electoral Commission) and it's Junta de Inscripción Permanente (Permanent Registration Board) related to the lease agreement of the premises owned by Ponce Real Estate Corporation.

3. That pursuant to such records, debtor owes post-petition payments for the amount of $62,190.00 as of September 2018.

And to state that for all legal purpose I execute this document under penalty of perjury this September 21, 2018.

_____
Francisco I. Vilariño-Rodríguez
President of Ponce Real Estate Corporation