# Exhibit C

(R. C. de la C. 1107)

## RESOLUCION CONJUNTA NUM. 62
## 1 DE JULIO DE 2011

Para autorizar al Secretario de Hacienda a establecer, durante el Año Fiscal 2011-2012, una línea de crédito para incurrir en obligaciones hasta la suma de ciento sesenta millones de dólares ($160,000,000.00), bajo aquellos términos y condiciones aprobados por el Banco Gubernamental de Fomento para Puerto Rico, con el propósito de atender la transacción de reclamaciones judiciales y administrativas contra el Gobierno de Puerto Rico, costear los gastos de la implementación de esta Resolución Conjunta y sufragar los gastos de financiamiento; crear el "Comité de Negociación de reclamaciones, sentencias y resoluciones administrativas contra el Estado"; autorizar el financiamiento y la asignación de quince millones trescientos mil dólares ($15,300,000.00) al Consejo de Desarrollo Ocupacional y Recursos Humanos del Departamento del Trabajo durante el Año Fiscal 2011-1012; disponer que el Gobierno de Puerto Rico honrará, mediante asignaciones presupuestarias hechas por la Asamblea Legislativa en los presupuestos funcionales de cada Año Fiscal, comenzando con el Año Fiscal 2012-2013 y terminando con el Año Fiscal 2017-2018, el pago de las obligaciones aquí autorizadas; ordenar a el Director de la Oficina de Gerencia y Presupuesto a consignar en los presupuestos funcionales del Gobierno de Puerto Rico, sometidos anualmente por el Gobernador de Puerto Rico a la Asamblea Legislativa, la cantidad acordada con el Banco Gubernamental de Fomento para Puerto Rico para la amortización de la obligación autorizada en la Sección 1 de esta Resolución Conjunta y el pago de intereses acumulados cada año; y autorizar al Departamento de Justicia, al Consejo de Desarrollo Ocupacional y Recursos Humanos, al Departamento de Hacienda, al Banco Gubernamental de Fomento para Puerto Rico y a la Oficina de Gerencia y Presupuesto a suscribir y ejecutar los acuerdos transaccionales necesarios para el pago de las reclamaciones judiciales y administrativas y al financiamiento aquí autorizado al Consejo de Desarrollo Ocupacional y Recursos Humanos a los efectos de cumplir con los propósitos de esta Resolución Conjunta; y para otros fines relacionados.

EXPOSICION DE MOTIVOS

La Ley Núm. 104 de 29 de junio de 1955, según enmendada, conocida como "Ley de Reclamaciones y Demandas Contra el Estado", declara cómo y en qué circunstancias se pueden incoar las reclamaciones y acciones en daños y perjuicios contra el Gobierno. Mediante esta Ley Núm. 104, *supra*, se establecen, además, los límites a la cuantía

compensable a $75,000 por una causa de acción y a $150,000 en caso de un reclamante con varias causas de acción o varios reclamantes.

En relación a los límites en la cuantía, el Tribunal Supremo de Puerto Rico, en Torres v. Castillo, 111 D.P.R. 792 (1981), ha resuelto que "[e]l Estado puede limitar su responsabilidad civil al dar su consentimiento para ser demandado si dicha limitación guarda un justo balance entre los intereses privados y el legítimo interés del Estado en proteger los recursos públicos y se provee igualdad en el acceso a la fuente de compensación". Esto fue reiterado en Defendini Collazo v. E.L.A. 134 D.P.R. 28 (1993), en el cual se validó, además, la constitucionalidad del límite de la cuantía compensable por la Ley de Reclamaciones y Demandas contra el Estado.

Históricamente, los pagos por concepto de reclamaciones y demandas contra el Estado se sufragaban del Fondo Presupuestario. Este Fondo fue creado por la Ley Núm. 147 de 18 de junio de 1980, según enmendada, conocida como "Ley Orgánica de la Oficina de Gerencia y Presupuesto". En particular, la misma establece que, comenzando con el Año Fiscal 95-96, el Fondo Presupuestario será capitalizado anualmente por una cantidad no menor del uno por ciento (1%) de las rentas totales del año anterior, disponiéndose que no podrá exceder del seis por ciento (6%) de la Resolución Conjunta del Presupuesto para el año en que se ordene el ingreso de dichos recursos al mismo. Asimismo, la referida Ley dispone que el Fondo sea utilizado, entre otras cosas, para cubrir asignaciones aprobadas para cualquier año económico en que los ingresos disponibles para ese año no fueran suficientes para atenderse; para honrar el pago de la deuda pública; atender situaciones imprevistas en los servicios públicos; para el pago de contratos de mejoras permanentes en proceso de construcción en los que se hacen efectivas las asignaciones; y para el pago de determinaciones de Tribunales Estatales y Federales.

No obstante lo anterior, por los pasados años fiscales, como excepción, no han ingresado en el referido Fondo Presupuestario los recursos dispuestos en la Ley Núm. 147, *supra*, debido a la grave situación fiscal heredada por nuestra Administración. A principios del año 2009, encontramos al Gobierno Central y a sus Corporaciones Públicas en una situación económica precaria y al borde de una degradación del crédito a nivel de chatarra. La pasada Administración incurría en una práctica caracterizada por la sobreestimación de los ingresos y la exclusión del presupuesto de gastos esenciales para el funcionamiento del Gobierno.

Esta práctica desembocó en una deficiencia en caja para dicho Año Fiscal ascendente a más de $3,200 millones. Esta proyección de déficit entre ingresos y gastos no contemplaba, entre otras cosas, las deudas acumuladas y no pagadas a suplidores que aumentaron dicha cantidad.

Ese fue, en parte, el nefasto cuadro económico que encontramos cuando en enero del año 2009, asumimos la responsabilidad de guiar las riendas de Puerto Rico. Con el

bienestar de nuestra gente como único norte, se tomaron las medidas necesarias para lograr la estabilización fiscal del gobierno y reencaminar el desarrollo económico de la Isla. Hemos puesto la casa en orden, salvado nuestro crédito y con ello, cientos de miles de empleos. Aunque los pasados años han sido duros, ya se empieza a respirar un nuevo optimismo; después de cerca de una década perdida, lo peor ya pasó y estamos entrando en una nueva era de esperanza y de bienestar.

En el caso particular del pago de reclamaciones judiciales y administrativas contra el Estado, nos encontramos ante un ejemplo claro de lo anteriormente mencionado. La pasada Administración no atendió adecuada y puntualmente la deuda relacionada al pago de las reclamaciones judiciales y administrativas presentadas durante su término. Por ende, nuestra Administración arrastra una deuda millonaria por ese concepto.

A fin de atender esta deuda, para el Año Fiscal 2010-2011, se utilizó el mecanismo de asignación de recursos mediante Resolución Conjunta. Así, los pagos por concepto de reclamaciones y demandas contra el Estado se sufragaron con cargo a la Resolución Conjunta Núm. 68 de 2 de julio de 2010, en la cual se consignó bajo la custodia de la Oficina de Gerencia y Presupuesto, mediante asignación especial, la cantidad de cincuenta y un millones doscientos cuarenta y seis mil dólares ($51,246,000.00). De esta cantidad, veinticinco millones de dólares ($25,000,000.00) se consignaron para resarcir sentencias contra el Estado y veintiséis millones doscientos cuarenta y seis mil dólares ($26,246,000.00) para resarcir sentencias contra diferentes agencias.

Entendemos que el instrumento financiero de la línea de crédito es el mecanismo adecuado para el pago de las transacciones de reclamaciones judiciales y administrativas, debido a que podremos hacerle frente al pago de dichas reclamaciones y, además, evitamos que se separen unos fondos del Fondo General sin un uso inmediato para éstos. A esos efectos, esta Resolución Conjunta autoriza al Secretario de Hacienda a establecer durante el Año Fiscal 2011-2012 una línea de crédito para incurrir en obligaciones hasta la suma de ciento sesenta millones de dólares ($160,000,000.00). Ello, con el propósito de reducir la exposición del Gobierno mediante la transacción de reclamaciones judiciales y administrativas de forma sensata y coordinada para lograr el mayor rendimiento de los recursos del Gobierno. Además, con cargo a la línea de crédito aquí autorizada, se dispone la garantía de una asignación al Consejo de Desarrollo Ocupacional y Recursos Humanos (CDORH) del Departamento durante el Año Fiscal 2011-2012 para así cumplir su obligación de ofrecer servicios masivos a la fuerza trabajadora con desventajas. Debido al reciente impase presupuestario entre el Congreso y la Casa Blanca, la Employment and Training Administration tardó hasta mayo de 2011 en notificar a las agencias estatales los recortes presupuestarios específicos en los programas de la fuerza trabajadora y su impacto inmediato para el año fiscal federal vigente. En el caso de Puerto Rico, los recortes proyectados podrían

ascender a 20 millones, lo que potencialmente obligaría al CDORH a reducir de inmediato y al mínimo posible sus operaciones y sus servicios a la fuerza trabajadora. Varios gobiernos estatales también han tenido que recurrir a asignaciones propias para enfrentar los recientes recortes en las asignaciones federales a estos programas, entre otros.

*RESUELVESE POR LA ASAMBLEA LEGISLATIVA DE PUERTO RICO:*

Sección 1.-Se autoriza al Secretario de Hacienda a establecer durante el año fiscal 2011-2012 una línea de crédito para incurrir en obligaciones hasta la suma de ciento sesenta millones de dólares ($160,000,000.00), bajo aquellos términos y condiciones aprobados por el Banco Gubernamental de Fomento para Puerto Rico. Los propósitos de esta línea de crédito serán pagar sentencias tanto judiciales como administrativas así como transigir reclamaciones judiciales y administrativas contra el Gobierno de Puerto Rico de forma tal que se obtenga el mayor rendimiento de los recursos del Estado hasta llegar al tope de la cuantía disponible; y ordenar al Secretario de Hacienda que, con cargo a esta línea de crédito, gestione de inmediato con el Banco Gubernamental de Fomento y consigne en la Oficina de Gerencia y Presupuesto la cantidad de quince millones trescientos mil dólares ($15,300,000) para los gastos de funcionamientos y los servicios del Consejo de Desarrollo Ocupacional y Recursos Humanos del Departamento del Trabajo durante el Año Fiscal 2011-2012. El total de esta cantidad deberá, a su vez, ser transferida de inmediato por la Oficina de Gerencia y Presupuesto al Consejo de Desarrollo Ocupacional y Recursos Humanos para que pueda continuar ofreciendo, sin interrupciones, sus servicios a la fuerza trabajadora.

Sección 2.-El dinero proveniente de la línea de crédito aquí autorizada sólo podrá ser utilizado para transigir reclamaciones judiciales y administrativas, así como pagos de sentencias contra el Gobierno de Puerto Rico, para la asignación de la cantidad de quince millones trescientos mil dólares ($15,300,000) para los gastos de funcionamientos y los servicios del Consejo de Desarrollo Ocupacional y Recursos Humanos del Departamento del Trabajo durante el Año Fiscal 2011-2012, costear los gastos de la implementación de esta Resolución Conjunta y sufragar los gastos de financiamiento. El dinero proveniente de esta línea de crédito no podrá ser utilizado para el pago de reclamaciones judiciales contra corporaciones públicas ni municipios.

Sección 3.-Se crea el "Comité de Negociación de Reclamaciones, Sentencias y Resoluciones Administrativas contra el Estado" compuesto por un representante del Banco Gubernamental de Fomento para Puerto Rico que presidirá el Comité, un representante del Departamento de Hacienda, un representante de la Oficina de Gerencia y Presupuesto y un representante del Departamento de Justicia para atender los procesos de negociación con el propósito de reducir la exposición del Gobierno de Puerto Rico y asegurar que la línea de crédito autorizada en esta Resolución Conjunta se utilice de manera que se obtenga el mayor rendimiento de las cuantías disponibles.

Este Comité de Negociación de Reclamaciones, Sentencias y Resoluciones Administrativas contra el Estado tendrá la autoridad necesaria para tomar cualquier determinación para ejecutar el propósito y fin de esta Resolución Conjunta.

Sección 4.-Se autoriza al Banco Gubernamental de Fomento para Puerto Rico, al Departamento de Justicia, al Departamento de Hacienda y a la Oficina de Gerencia y Presupuesto a llevar a cabo todos aquellos actos y/o ejecutar todos aquellos contratos, instrumentos y/o documentos públicos y privados que sean necesarios o convenientes para adelantar los propósitos de esta Resolución Conjunta.

Sección 5.-El Gobierno de Puerto Rico honrará, mediante asignaciones presupuestarias hechas por la Asamblea Legislativa en los presupuestos funcionales de cada año fiscal, comenzando con el Año Fiscal 2012-2013 y terminando con el Año Fiscal 2017-2018, el pago de las obligaciones aquí autorizadas. A tales efectos, para los Años Fiscales 2012-2013 a 2017-2018, se le ordena a el Director de la Oficina de Gerencia y Presupuesto consignar en los presupuestos funcionales del Gobierno de Puerto Rico, sometidos anualmente por el(la) Gobernador(a) de Puerto Rico a la Asamblea Legislativa, la cantidad acordada con el Banco Gubernamental de Fomento para Puerto Rico para la amortización de las obligaciones autorizadas en la Sección 1 de esta Resolución Conjunta y el pago de intereses acumulados cada año. Si en cualquier momento las asignaciones presupuestarias no fueran suficientes para el pago de las obligaciones aquí autorizadas y los intereses acumulados cada año, el Secretario de Hacienda retirará de cualesquiera fondos disponibles en el Fondo General del Gobierno de Puerto Rico aquellas sumas que sean necesarias para cubrir la deficiencia en la suma requerida para el pago de tales obligaciones e intereses, y ordenará que las sumas así retiradas sean aplicadas a tal pago y propósito.

Sección 6.-Lo aquí dispuesto no contravendrá con los deberes, funciones y obligaciones del Comité de Transacciones del Departamento de Justicia creado mediante la Orden Administrativa 94-23 del 15 de diciembre de 1994, de conformidad con las facultades del Secretario de Justicia dispuestas en la Ley Núm. 205 de 9 de agosto de 2004, conocida como "Ley Orgánica del Departamento de Justicia" sino que el Comité de Negociación de Reclamaciones, Sentencias y Resoluciones Administrativas contra el Estado y el Comité de Transacciones del Departamento de Justicia trabajarán en estrecha cooperación.

Sección 7.-Si alguna disposición de esta Resolución Conjunta o la aplicación de la misma fuere declarada inválida, dicha declaración no afectará las demás disposiciones ni la aplicación de esta Ley que pueda tener efecto sin la necesidad de las disposiciones que hubieran sido declaradas inválidas, y a este fin las disposiciones de esta Ley son separables.

Sección 8.-Esta Resolución Conjunta comenzará a regir el 1ro de julio de 2011.

..............................................................
*Presidenta de la Cámara*

..................................................................
*Presidente del Senado*