# Exhibit GG

**2008 TSPR 52**

173 D.P.R 363, 2008 WL 864702 (P.R.), 2008 TSPR 52

VIVIAN AMIEIRO GONZALEZ ET AL, claimants and petitioners

v.

PINNACLE REAL ESTATE GROUP, psc, d/b/a HOME TEAM, MARIA DEL C. ARREDONDO PEREZ and MARIA ROSA ARREDONDO PEREZ, Defendants, appellees.

In the Puerto Rico Supreme Court

Number: CC-2006-774

**Synopsis**

CERTIORARI PETITION to review a JUDGMENT of *Dora T. Penagaricano Soler, Carlos Rivera Martinez and Troadio Gonzalez Vargas*, Judges of the Court of Appeals, which decided that the Department of Consumer Affairs did not have jurisdiction over the sellers pursuant to the Law to Regulate the Real Estate Business, nor pursuant to the Residential Lead-Based Paint Hazard Act. *Judgment is entered and the judgment issued by the Court of Appeals is confirmed.*

*Manuel Izquierdo Encarnación, from Izquierdo, Pagan & Pabón,* attorney for petitioner, *Pedro A. Barceló Lugo, attorney of María del C. Arredondo Pérez and María Rosa Arredondo Pérez, defendants and appellees.*

PRESIDENT JUDGE MR. HERNANDEZ DENTON issued the opinion of the Court.

On this occasion we have to decide if the Law to Regulate the Real Estate Business and the Profession of Real Estate Broker, Seller or Companies in Puerto Rico grants the Department of Consumer Affairs jurisdiction over the sellers of a property. As we understand that such statute expressly excludes from its application the owners of real estate properties located in or out of Puerto Rico, when they do not habitually work on the real estate business, we confirm the appealed decision.

**I.**

The facts of this case are not in controversy. On April 10, 2002, Mrs. Maria del Carmen Arredondo-Perez and Mrs. Maria Rosa Arredondo-Perez (the Arredondo-Perez ladies) retained the services of the real estate brokers Pinnacle Real Estate Group (Pinnacle) for the sale of a property that belonged to them, located in Miramar. Six months later, the Arredondo-Perez ladies executed a purchase and sale contract with petitioners Mrs. Vivian Amieiro Gonzalez and her husband, Mr. Natalio Izquierdo Encarnacion (the Izquierdo-Amieiro couple) for the agreed price of $550,000.

In view that the Izquierdo-Amieiro couple wanted to demolish the structure and build a new structure, they went to the Regulations and Permits Administration (A.R.Pe. for its Spanish acronym) to obtain the corresponding permits. As part of the process of demolishing the structure, A.R.Pe. asked the Izquierdo-Amieiro couple for a study of toxic materials. For this, **\*368** the petitioners hired Architect Cesar A. Santos, who after performing such study determined that the structure was contaminated with asbestos and lead-based paint. In view of this, the Izquierdo-Amieiro couple paid $5,000 for the referenced study and $112,000 for the removal of the toxic materials to the company SAQ Environmental Engineers, Inc.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

**2008 TSPR 52**

In view of these facts, on October 10, 2003, the Izquierdo Amieiro couple filed a complaint with the Department of Consumer Affairs (D.A.Co. for its Spanish acronym) against Pinnacle, pursuant to the Law to Regulate the Real Estate Business and the Profession of Real Estate Broker, Seller or Companies in Puerto Rico (Law to Regulate the Real Estate Business), Law No. 10 of April 26, 1994 (20 L.P.R.A. sec. 3025 et seq.) Essentially, the Izquierdo-Amieiro couple argued that prior to the sale, Pinnacle did not inform them of the possible existence of toxic materials in the property, preventing them to forming an informed decision. Therefore, the Izquierdo-Amieiro couple demanded Pinnacle to pay the amount of $117,000 to recover the expenses incurred in the study and removal of toxic materials.

Timely, Pinnacle appeared before D.A.Co. and asked that the sellers the Arredondo-Perez ladies be included as indispensable parties. In view of this, D.A.Co. ordered the Izquierdo-Amieiro couple to amend the complaint to include the sellers. In compliance with that order, the petitioners amended the complaint and notified the Arredondo-Perez ladies through fax. Therefore, the Arredondo-Perez ladies appeared before D.A.Co. and stated that the agency had no jurisdiction over them pursuant to the Law to Regulate the Real Estate Business, as said law excludes from its application persons that do not habitually usually work selling real estate. ***369**

After the administrative hearing, D.A.Co. concluded that the Arredondo-Perez ladies and Pinnacle were jointly and/or severally liable and ordered them to pay $117,000 to the Izquierdo-Amieiro couple for the expenses incurred in the study and the removal of the contaminants. It based its decision in that Art. 6(d) of D.A.Co.'s Organic Law, 3 L.P.R.A. sec. 341 e(d) grants it the faculty of vindicating the rights of the consumers in all laws in effect, it allows the adjudication of controversies pursuant to the Residential Lead-Based Paint Hazard Act, 42 U.S.C.A. sec. 4851 et seq. The agency reasoned also, that such federal statute demands that prior to the purchase and sale, the seller and the real estate broker divulge to the buyer their knowledge about the existence of lead-based paint in structures built prior to 1978.

Not in agreement with the Order of D.A.Co. all the parties filed their respective motions for reconsideration. It should be noted that in their motion for reconsideration, the Arredondo-Perez ladies raised for the first time the lack of personal jurisdiction defense. They alleged that they are not residents of the Commonwealth of Puerto Rico and that D.A.Co. acted *ultra vires* when assuming the jurisdiction over their persons.

The agency evaluated the motions for reconsideration filed and after extending the term to consider them, it modified the order issued so that Pinnacle and the Arredondo-Perez ladies pay the amount jointly but on a *pro rata* basis. Specifically, D.A.Co. determined that Pinnacle would only pay for a percent equal to the one it received as commission for the services rendered while the Arredondo-Perez ladies would assume the payment of the remaining amount. Regarding the lack of personal jurisdiction alleged by ***370** the Arredondo-Perez ladies, D.A.Co. dismissed it for deeming there were minimum contacts. Not satisfied, the Arredondo-Perez ladies appealed with the Court of Appeals and alleged that the agency erred in adjudicating the complaint pursuant to the Law to Regulate the Real Estate

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

**2008 TSPR 52**

Business as they believed such statute was not applicable to them, because they are not real estate sellers. Also, they questioned D.A.Co.'s faculty to apply and interpret the Residential Lead-Based Paint Hazard Act. Lastly, The Arredondo-Perez ladies again argued that D.A.Co. could not assume personal jurisdiction over them, as they are residents of the state of Florida.

After various procedures, the appellate forum, reversed D.A.Co.'s decision and concluded that the agency did not have jurisdiction over the Arredondo-Perez ladies as the Law to Regulate the Real Estate Business excludes from its application the sellers that do not habitually work selling real estate. It also deemed that D.A.Co. exceeded its discretion when assuming jurisdiction over the Arredondo-Perez ladies as there was no consumer-service-provider relationship between them, as defined in the organic law of the agency. Lastly, the appellate court added that D.A.Co. is not a forum of general jurisdiction and cannot assume jurisdiction over the Arredondo-Perez ladies pursuant to the Residential Lead-Based Paint Hazard Act.

On the other hand, the appellate forum, concluded that, pursuant to the Law to Regulate the Real Estate Business, D.A.Co. can decide the complaint filed against Pinnacle and apply the mentioned federal statute. Also, it stated that the Izquierdo-Amieiro couple could file an action against the Arredondo-Perez ladies in the federal **\*371** judicial court, in the Court of First Instance or in the federal agencies Environmental Protection Agency and the Department of Housing and Urban Development.

Not satisfied with the decision, the Izquierdo-Amieiro couple comes before us through a writ of *certiorari* and argues that the appellate forum erred when deciding that D.A.Co. did not have jurisdiction over the sellers pursuant to the Law to Regulate the Real Estate Business nor pursuant to Residential Lead-Based Paint Hazard Act.

Having examined the writ filed, we agreed to issue it. We gave the Arredondo-Perez ladies and Pinnacle a term to file their briefs, but the latter did not appear. With the benefit of the appearance of the Izquierdo-Amieiro couple and the Arredondo-Perez ladies we now decide.

**II.**

[1] A. It is known that in our judicial system, the law is the means or source that establishes the limits of power and the faculties of the administrative agencies. *See Caribe Comms, Inc. v. PRT Co.*, 157 D.P.R. 203, 211 (2002). The organic law is the legal mechanism that delegates to the agency the necessary powers to act pursuant to the legislative purpose. Id. Pursuant to this, an administrative agency can only carry out the duties that have been given to it by law and those that arise from its main activity or endeavor. Id, page 213. However, if the action of the administrative agency exceeds the powers delegated by the Legislative Assembly, it shall be considered *ultra vires*, and therefore, null.

In agreement with the foregoing, we have stated that **\*372**

…an administrative agency *cannot* assume jurisdiction over any situation that is *not* authorized by law, that is, *nor* the need, *nor* can the use, *nor* the convenience substitute the statute as to source of power of an administrative agency. *That is why any doubt*

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

*as to the existence of such power must be decided against its exercise. (*Emphasis in original) *Raimundi v. Productora*, 162 D.P.R. 215, 225 (2004).

The controversy before use requires, precisely, to analyze the scope and the extension of the power legislatively granted to D.A.Co., to determine its authority over the Arredondo-Perez ladies. For that, it is necessary to review several provisions of its organic law.

[2] B. The Department of Consumer Affairs was created with the main objective of "vindicating and implementing the rights of the consumer". 3 L.P.R.A. sec. 341b. In accordance with the foregoing, the organic law of D.A.Co. conferred to its Secretary the faculty to "[a]ddress, investigate and solve the complaints and claims filed by the consumers of goods and services acquired or received in the private sector of the economy." 3 L.P.R.A. sec. 341e(c). In order to efficiently vindicate the rights of the consumers, D.A.Co. possesses "an administrative adjudication structure with full and ample powers to adjudicate the claims in its consideration and grant the pertinent remedies pursuant to the law." 3 L.P.R.A. sec. 341e(d).

[3] Now, to efficiently adjudicate the rights of consumers, it is necessary that the administrative procedure be flexible, agile, fast and free of procedural obstacles of the courts of justice. See *Martinez v. Tribunal Superior*, 83 D.P.R. 717, 720 (1961). In accordance with this norm, we have stated that

[t]he inclusion of a third party in the administrative procedure without the claimant or the agency deeming it necessary or convenient, unnecessarily complicates and delays the procedure, **\*373** in contravention to the adjudicative philosophy that informs the administrative procedures….Of course, the inclusion of a third party would be mandatory if his/her exclusion would deprive him/her of his/her day in court. *Perez Rios v. Hull Dobbs*, 107 D.P.R. 834, 841 (1978).

Pursuant to the foregoing, there is no doubt that the inclusion of a third party in the administrative procedure must be carefully evaluated to avoid the delay being detrimental to the consumer and contravenes the flexibility that characterizes those proceedings. The responsibility that a third party that wants to be included may have as to the defendant or claimant can be decided through ordinary litigation. See *Perez Rios v. Hull Dobbs*, supra. This way, the delay in the administrative proceedings is avoided and the consumer is guaranteed a quick and simple process, addressed towards the prompt solution of the complaint filed with D.A.Co.

[4] For the analysis of the controversy before us, it is necessary to emphasize that D.A.Co.'s administrative framework only comprises the cause of action filed by the consumers. Despite that D.A.Co.'s organic law keeps silent about who is a consumer, the Regulation for Adjudicative Proceedings in D.A.Co. defines it as "[*e*]*very natural person that acquires* or uses *products or services as a final recipient*. It includes every other person, association or entity that by designation of law has the ability to file its claim in the Department. (Emphasis provided). Rule 4(d) of Regulation No. 6219, Department of Consumer Affairs, November 18, 2000, page I. Also, the cited provision excludes from the definition of *consumer* any person or entity that acquires goods or services with the objective of profiting in a subsequent resale. Id.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

**2008 TSPR 52**

From the foregoing it is evident that the jurisdiction of D.A.Co. depends, essentially, on the claim of a consumer against a person that provides **\*374** products or services. In agreement with it, we have decided that D.A.Co. lacks jurisdiction to address a complaint filed by a party that cannot be described as a consumer. *Martinez v. Rosado*, 165 D.P.R. 582 (2005). Also, from the foregoing it is evident that the adequate adjudication of the complaints filed before D.A.Co. supposes a reasonable limitation to the inclusion of third persons that are outside the procedure, as that may distort the legislative process of giving the consumers a quick, flexible and efficient forum.

[5] C. Now, the Legislative Assembly has given D.A.Co. the authority to regulate and address specific matters in which, of course, there are consumers involved. To that effect the Legislative Assembly approved the Law to Regulate the Real Estate Business and the Profession of Real Estate Broker, Seller or Companies, through which it grouped all the legal provisions related to the real estate business and provided a new and stricter regulatory body to benefit the consumers, sellers and real estate brokers. *Velez v. Izquierdo*, 162 D.P.R. 88 (2004).

The referenced legislative piece gave D.A.Co. the power to supervise the real estate business in Puerto Rico and the sale in Puerto Rico of properties located outside this jurisdiction. 20 L.P.R.A. sec. 3046. Specifically, it granted D.A.Co. the authority to conduct investigations and adjudicate complaints regarding transactions of properties located in or outside of Puerto Rico when incurring in any of the acts or practices forbidden by the law. 20 L.P.R.A. sec. 3046(a).

[6] To that effect, the Law to Regulate the Real Estate Business forbids every person subject to its provisions to incur or encourage another person to incur in the practice of "[n]ot providing to the parties at the time **\*375** of effectuating a real estate transaction, *all the information necessary for it and all the documents that the applicable laws and regulations demand*. (Emphasis provided) 20 L.P.R.A. sec 3054 (a)(8). Also, the referenced statute prohibits "deliberately hiding essential information about the conditions of a property, in order to induce one of the parties to conclude the transaction in some terms, that if known, the transaction would not have been made or would have paid a lesser price". 20 L.P.R.A. sec. 3054 (a)(17).

[7] However, it is convenient to clarify that the Law to Regulate the Real Estate Business expressly *excludes* from its application "the *owners* of real estate properties located in or out of Puerto Rico that sell their own real estate properties when they *do not habitually work selling real estate*". (Emphasis provided). 20 L.P.R.A. sec. 3056(e). The legislative measure in question defines *owner* as the title owner of a real estate property located in or out of Puerto Rico that requests or retains the services of a real estate broker, seller or company to carry out a real estate transaction regarding said real property. 20 L.P.R.A. sec. 3025 (f).

With these precepts in mind, and in light of what was stated regarding the scope of the faculties of the administrative agencies, we must decide if D.A.Co. has personal jurisdiction over the sellers the Arredondo-Perez ladies, pursuant to the Law to Regulate the Real Estate Business.

**III.**

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

**2008 TSPR 52**

In this case, the Izquierdo-Amieiro couple filed with D.A.Co. a complaint against the real estate company Pinnacle in light of what was provided in the Law *376 to Regulate the Real Estate Business. It, in turn, requested that the Arredondo-Perez ladies be included as indispensable parties. D.A.Co. took the writ and ordered the Izquierdo-Amieiro couple to amend the complaint filed to include the Arredondo-Perez ladies as indispensable parties. However, they alleged- and today sustain before us-that D.A.Co. did not have jurisdiction over them pursuant to such legislation. They are right.

[8] As it is evident from the norms stated above, the Law to Regulate the Real Estate Business grants jurisdiction to D.A.Co. to address complaints against real estate brokers, sellers and companies when they incur in any of the practices prohibited by the statute. *The statute expressly provides that its provisions will not be applicable to the owners that do not habitually work in the real estate business.*

In this case, it is not shown in the case file that the Arredondo-Perez ladies worked in the real estate business. On the contrary, it is an uncontroverted fact that the Arredondo-Perez ladies retained the services of Pinnacle for the sale of their property. Also, in the hearing held before D.A.Co., the Izquierdo-Amieiro couple at no time alleged that the Arredondo-Perez ladies worked in the real estate business. Therefore, from the facts in this case it is clearly inferred that the Arredondo-Perez ladies are owners of a real estate property located in Puerto Rico and that they do not habitually work in the real estate business.

Pursuant to the foregoing, when D.A.Co. assumed jurisdiction over the Arredondo-Perez ladies pursuant to the Law to Regulate the Real Estate Business, it awarded itself a jurisdiction it evidently did not have. D.A.Co. did not have the discretion to assume jurisdiction over the appellees pursuant to the Law to Regulate the Real Estate *377 Business, when such statute excludes from its application the owners that do not work in real estate. Clearly, one cannot include in the law, via interpretation, what is not provided in it.

[9] Also, there is no doubt that D.A.Co. was not permitted from agreeing to Pinnacle's request to include in the complaint the Arredondo-Perez ladies as indispensable parties. Note that Pinnacle is not a consumer as defined by D.A.Co.'s regulation but a merchant that cannot take advantage of the administrative structure of D.A.Co. to vindicate its rights. See, *Martinez v. Rosado*, supra. In order to maintain the effectiveness of the administrative procedure before D.A.Co., we cannot agree for it to be used to address claims that very well could be resolved in an ordinary fashion. See *Perez Rios v. Hull Dobbs*, supra, where we expressed ourselves about that.

Therefore, we cannot endorse the practice of using arguments of indispensable party as subterfuge to avoid the jurisdiction conferred by the organic law of the agency. We must remember that D.A.Co. is not a general jurisdiction forum and it has to limit itself to the authority that was delegated to it by the Legislative Assembly. Resolving the contrary would produce results incompatible with the purpose of the law and with the very policy of legislative delegation.

Lastly, it is convenient to clarify that as D.A.Co. could not agree to Pinnacle's request to include the Arredondo-Perez ladies as

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

codefendants in the administrative process, it also could not assume jurisdiction over the appellees pursuant to the Residential Lead-Based Paint Hazard Act. Certainly, the referenced federal statute contains provisions applicable to the owners of a property when they expect to sell or rent it **\*378** even though there has been the intervention of a real estate broker. See 42 U.S.C.A. sec. 4852d. However, this does not mean that D.A.Co. has the faculty to assume jurisdiction over those persons even if the criteria and necessary requirements for it are not met. Keep in mind that D.A.Co.'s jurisdiction is outlined by it organic law and by other laws through which the legislator delegated in it investigative, regulatory and adjudicative faculties. Pursuant to these faculties delegated, D.A.Co. could not accede to Pinnacle's request to include the Arredondo-Perez ladies as codefendants as it is not considered a consumer regarding the Arredondo-Perez ladies.

[10] Even if we acknowledge there is a wide array of matters that can be brought to the consideration of D.A.Co., they are all outlined within the powers delegated and are directly related with the objective that motivated its creation: the vindication and implementation of the rights of the consumers. Therefore, the mere fact that the federal law has provisions addressed towards owners that do not habitually work in the real estate business, does not imply that D.A.Co. can assume jurisdiction over them when such action would produce a result contrary to its organic law. Therefore, regardless that the agency can apply the provisions of the federal statute regarding persons over which it possesses jurisdiction-aspect that has not been questioned by the petitioners-it is evident that such law does not represent an alteration to D.A.Co.' duties nor has the effect to extend the jurisdiction that was granted to it by the Legislative Assembly.

In light of the foregoing, *we conclude that the appellate forum acted correctly when determining that D.A.Co. exceeded its discretion when assuming jurisdiction over the Arredondo-Perez ladies*. **\*379.**

### IV.

For the preceding grounds, *we confirm the judgment of the Court of Appeals.*

*Judgment shall be entered accordingly.*

Associate Judge Mr. Rivera Perez did not intervene.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.