CERTIFIED TRANSLATION

(H.J.Res. 1107)

## JOINT RESOLUTION NO. 62
## JULY 1, 2011

To authorize the Secretary of the Treasury to establish, during Fiscal Year 2011-2012, a line of credit to incur obligations up to the amount of one hundred and sixty million dollars ($160,000,000.00), under the terms and conditions approved by the Government Development Bank for Puerto Rico, for the purpose of dealing with the settlement of court and administrative claims against the Government of Puerto Rico, paying for the expenses of implementing this Joint Resolution and paying for financing expenses; creating the "Negotiating Committee for Claims, Judgments and Administrative Resolutions against the State;" authorizing the financing and assignment of fifteen million three hundred thousand dollars ($15,300,000.00) to the Human Resources and Occupational Development Council of the Department of Labor during Fiscal Year 2011-1012; establishing that the Government of Puerto Rico will pay, by budgetary assignments made by the Legislative Assembly in the operating budgets of each Fiscal Year, starting on Fiscal Year 2012-2013 and ending on Fiscal Year 2017-2018, the obligations herein authorized; ordering the Director of the Office of Management and Budget to include in the operating budgets of the Government of Puerto Rico, submitted annually by the Governor of Puerto Rico to the Legislative Assembly, the amount agreed upon with the Government Development Bank for Puerto Rico to amortize the obligation authorized in Section 1 of this Joint Resolution and pay for interests accrued each year; and authorizing the Department of Justice, the Human Resources and Occupational Development Council, the Department of the Treasury, the Government Development Bank for Puerto Rico, and the Office of Management and Budget, to sign and execute the necessary settlement agreements for payment of the court and administrative claims and financing herein authorized to the Human Resources and Occupational Development Council in order to comply with the purposes of this Joint Resolution; and for other related ends.

STATEMENT OF PURPOSE

Law No. 104 enacted on June 29, 1955, as amended, known as the "Claims and Complaints against the State Act," states how and under which circumstances claims and tort actions may be initiated against the Government. Law No. 104, *supra*, also establishes the limits on the compensable amount at $75,000 for a cause of action, and at

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

2

$150,000 in case of claimant having several causes of action or several claimants.

In relation to the limits on the amount, the Supreme Court of Puerto Rico, in <u>Torres v. Castillo</u>, 111 D.P.R. 792 (1981), has decided that "[t]he State may limit its civil liability when consenting to be sued if said limit results in a fair balance between private interests and the legitimate interest of the State to protect public resources and equal access is provided to the source of compensation." This was reiterated in <u>Defendini Collazo v. E.L.A.</u> 134 D.P.R. 28 (1993), which also validated the constitutionality of the limit on the compensable amount under the Claims and Complaints against the State Act.

Historically, payments in respect of claims and complaints against the State were paid from the Budgetary Fund. Said Fund was created by Law No. 147 enacted on June 18, 1980, as amended, known as the "Organic Act of the Office of Management and Budget". In particular, it establishes that, starting on Fiscal Year 95-96, the Budgetary Fund will be capitalized annually by an amount of at least one percent (1%) of the total income for the prior year, providing that it may not exceed six percent (6%) of the Joint Resolution of the Budget for the year on which depositing said resources in the same is ordered. Furthermore, the above-referenced Law provides that the Fund will be used, among other things, to cover assignments approved for any financial year on which the income available for that year is not sufficient to cover the same; to pay the public debt; deal with unforeseen situations in public services; to pay contracts for permanent improvements under construction while the assignments come into effect; and to pay State and Federal Court rulings.

Notwithstanding the foregoing, during the past fiscal years, as an exception, the resources provided in Law No. 147, *supra,* have not been deposited in the above-referenced Budgetary Fund due to the serious fiscal situation inherited by our Administration. In the beginning of 2009, we found the Central Government and its Public Corporations in a precarious financial situation and on the border of getting their credit rating degraded to junk. The past Administration had a practice of overestimating income and excluding from the budget expenses essential to the operation of the Government.

Said practice resulted in a cash deficiency for said Fiscal Year amounting to more than $3,200 million. Said projection of deficit between income and expenses did not contemplate, among other things, debts accrued and not paid to suppliers which increased said amount.

That was, in part, the disastrous economic reality that we found in January of 2009, when we assumed the responsibility of administering Puerto Rico. With the

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

3

welfare of our people as our only aim, the necessary measures were taken to achieve the fiscal stabilization of the government and redirect the economic development of the Island. We have put the house in order, saved our credit and, as a result, hundreds of thousands of jobs. Even though the past years have been rough, a renewed optimism is in the air; after almost a decade lost, the worst is over and we are entering a new era of hope and of welfare.

In the specific case of payment of court and administrative claims against the State, it is a clear example of what was previously mentioned. The past Administration did not adequately and punctually deal with the debt related to payment of court and administrative claims filed during its term. Therefore, our Administration is carrying a million-dollar debt in this regard.

To deal with said debt, the method of assigning resources via Joint Resolution was used for Fiscal Year 2010-2011. So, payments in respect of claims and complaints against the State were made from Joint Resolution No. 68 enacted on July 2, 2010, allocating to the Office of Management and Budget, by special assignment, the amount of fifty-one million two hundred and forty-six thousand dollars ($51,246,000.00). From that amount, twenty-five million dollars ($25,000,000.00) were allocated to pay for judgments against the State and twenty-six million two hundred and forty-six thousand dollars ($26,246,000.00) to pay for judgments against different agencies.

We believe that a credit line financial instrument is the adequate method to pay for court and administrative claim settlements, since we will able to pay said claims and will also avoid separating funds from the General Fund without an immediate use for them. Therefore, this Joint Resolution authorizes the Secretary of the Treasury to establish during Fiscal Year 2011-2012 a line of credit to incur obligations up to the amount of one hundred and sixty million dollars ($160,000,000.00). This has the purpose of reducing the Government's exposure by settling court and administrative claims in a concerted and sensible manner in order to achieve the highest performance from the Government's resources. In addition, charged against the line of credit herein authorized, an assignment guarantee is provided to the Human Resources and Occupational Development Council (CDORH) of the Department during Fiscal Year 2011-2012 in order to comply with its obligation of offering massive services to the disadvantaged workforce. Due to the recent budgetary impasse between Congress and the White House, it was not until May of 2011 that the Employment and Training Administration notified state agencies the specific budget cuts in workforce programs and their immediate impact on the current federal fiscal year. In Puerto Rico's case, the projected cuts could reach 20 million, which would potentially compel CDORH to

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

reduce immediately and to a minimum its operations and services to the workforce. Several state governments have also had to make their own assignments in order to deal with the recent cuts in federal assignments to these programs, among others.

*THE PUERTO RICO LEGISLATIVE ASSEMBLY HEREBY DECREES:*

Section 1.-The Secretary of the Treasury is authorized to establish, during fiscal year 2011-2012, a line of credit to incur obligations up to the amount of one hundred and sixty million dollars ($160,000,000.00), under the terms and conditions approved by the Government Development Bank for Puerto Rico. The purposes of this line of credit will be to pay court and administrative judgments and settle court and administrative claims against the Government of Puerto Rico in order to obtain the highest performance from the State's resources until reaching the limit on the available amount; and order the Secretary of the Treasury to, charging it against the line of credit, take immediate steps with the Government Development Bank and deposit in the Office of Management and Budget the amount of fifteen million three hundred thousand dollars ($15,300,000) for the operational and service expenses of the Human Resources and Occupational Development Council of the Department of Labor during Fiscal Year 2011-2012. Said amount total must also be immediately transferred by the Office of Management and Budget to the Human Resources and Occupational Development Council so that the latter is able to continue offering services to the workforce without interruption.

Section 2.-The money stemming from the line of credit herein authorized may only be used to settle court and administrative claims, and pay judgments against the Government of Puerto Rico, for the assignment of the amount of fifteen million three hundred thousand dollars ($15,300,000) for operational and service expenses of the Human Resources and Occupational Development Council of the Department of Labor during Fiscal Year 2011-2012, pay for the expenses of implementing this Joint Resolution and pay for financing expenses. The money stemming from this line of credit may not be used to pay court claims against public corporations or municipalities.

Section 3.-The "Negotiating Committee for Claims, Judgments and Administrative Resolutions against the State" is created, composed of a representative of the Government Development Bank for Puerto Rico, who will preside over the Committee, a representative of the Department of the Treasury, a representative of the Office of Management and Budget, and a representative of the Department of Justice, to handle negotiating procedures for the purpose of reducing the exposure of the Government of Puerto Rico and ensure that the line of credit authorized in this Joint Resolution is used in a manner which results in the highest performance of the available

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

5

amounts. This Negotiating Committee for Claims, Judgments and Administrative Resolutions against the State will have the necessary authority to make any determination to carry out the end and purpose of this Joint Resolution.

Section 4.-The Government Development Bank for Puerto Rico, the Department of Justice, the Department of the Treasury, and the Office of Management and Budget, are authorized to carry out any actions and/or execute any contracts, instruments and/or public and private documents that are necessary or advisable to further the purposes of this Joint Resolution.

Section 5.-The Government of Puerto Rico will pay, by budgetary assignments made by the Legislative Assembly in the operating budgets of each fiscal year, starting on Fiscal Year 2012-2013 and ending on Fiscal Year 2017-2018, the obligations herein authorized.  For this purpose, for Fiscal Years 2012-2013 to 2017-2018, the Director of the Office of Management and Budget is ordered to include in the operating budgets of the Government of Puerto Rico, submitted annually by the Governor of Puerto Rico to the Legislative Assembly, the amount agreed upon with the Government Development Bank for Puerto Rico to amortize the obligations authorized in Section 1 of this Joint Resolution and pay for interests accrued each year. If, at any point, the budgetary assignments are not sufficient to pay for the obligations herein authorized and the interests accrued each year, the Secretary of the Treasury will withdraw from any available funds in the General Fund of the Government of Puerto Rico the amounts that are necessary to cover the deficiency in the amount required for payment of said obligations and interests, and order that the amounts so withdrawn be applied to said payment and purpose.

Section 6.-The provisions of this document will not contravene the duties, functions and obligations of the Settlements Committee of the Department of Justice created by way of Administrative Order 94-23 of December 15, 1994, in accordance with the powers of the Secretary of Justice provided in Law No. 205 enacted on August 9, 2004, known as the "Organic Act of the Department of Justice;" rather, the Negotiating Committee for Claims, Judgments and Administrative Resolutions against the State and the Settlements Committee of the Department of Justice will work in close cooperation.

Section 7.-If any provision of this Joint Resolution or its application is declared invalid, said declaration will not affect the other provisions or application of this Law which may be put into effect without requiring the provisions declared invalid, and so in this regard the provisions of this Law are severable.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

Section 8.-This Joint Resolution will come into effect on July 1, 2011.

..................................................................
*President of the House*

..................................................................
*President of the Senate*

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.