**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**MOTION FOR RELIEF OF STAY**

TO THE HONORABLE COURT:

**COME NOW** MMM Healthcare, Inc. and PMC Medicare Choice, Inc., hereinafter collectively "MMM", through the undersigned counsel and respectfully move the Court for an Order pursuant to 11 USC § 362 for relief of the automatic stay, and in support of this motion state, allege and pray:

### I.　　JURISDICTION AND VENUE

1.1　　It is MMM's contention that the United States District Court does not have subject matter jurisdiction over this issue under Section 306(a) of the Puerto Rico Oversight, Management end Economic Stability Act ("PROMESA"), under 11 USC §

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

362(d) of the United States Bankruptcy Code, applicable to this proceeding under section 301 of PROMESA, 48 USC § 2101 et seq., and Rule 4001 of the Federal Rules of Bankruptcy Procedure. Venue is proper under PROMESA section 307(a). The matter is appropriately presented before the First Circuit Court of Appeals as the Court with subject matter jurisdiction as the matter at hand does not fall under the automatic stay provisions of PROMESA as explained below.

## II.     PROCEDURAL BACKGROUND

2.1     On September 3rd, 2013, MMM filed a Complaint before the District Court of Puerto Rico, captioned <u>MMM Healthcare, Inc. et al. v. Commonwealth of Puerto Rico, et als.</u>, Civil Case No. 13-1676 (PAD). **Docket 1.** The Complaint sought permanent injunctive relief and declaratory judgment pursuant to 28 USC §§ 2201-02 against the Office of the Insurance Commissioner of the Commonwealth of Puerto Rico ("OCS" by its Spanish acronym) and the Insurance Commissioner, to declare preempted and invalid the Puerto Rico Prompt Payment of Claims to Health Services Providers Act ("PR Prompt Payment Act"), Law 104 of July 19, 2002, 26 PR Laws §§ 3001-3008 and Rule 73 of December 16th, 2002 (Norms to Regulate the Prompt Payment of Claims by Health Services Providers), in its application as to Medicare Advantage plans under Medicare Part C. Specifically, Medicare Part C, in relation to Medicare Advantage plans, established that federal standards shall "supersede any State law or regulation (other than State licensing laws or State laws related to plan solvency)." 42 USC § 1395w-26(b)(3).

2.2     In its Complaint MMM included the following petitions for relief:

> **WHEREFORE**, all premises considered, the Plaintiffs pray that judgment be entered in their favor and against the Commonwealth of Puerto Rico, the

Office of the Insurance Commissioner and the Commissioner Angela Wayne in her official capacity, including the following relief:

A. Permanently enjoin the Commissioner and his officers, agents, subordinates, and employees from giving effect to or enforcing Puerto Rico Prompt Pay Law 104 and Norm 73, as applied to the Medicare Advantage ("MA") plans and their administrators;

B. Declare that Puerto Rico Prompt Pay Law 104 and Norm 73, as applied to the MA plans and their administrators, are preempted by the MMA;

C. Declare any action taken by the Commissioner or her officers, agents, subordinates, and employees pursuant to that Puerto Rico Prompt Pay Law 104 and Norm 73, against the MA plans and their administrators to be null and void;

D. Issue all injunctive relief and process necessary and appropriate to prevent the Commissioner and her officers, agents, subordinates, and employees from taking any action pursuant to Prompt Pay Law 104 and Norm 73, against the MA plans and their administrators, pending the conclusion of this case;

E. Award Plaintiffs its costs and reasonable attorneys' fees as appropriate; and

F. Grant such additional relief as the Court may deem appropriate.[2]

2.3     After various procedural issues, on September 23rd, 2015, MMM filed a Motion for Summary Judgment with its corresponding Statement of Uncontested Material Facts. **Dk. 70 and 71.** On that same date the Insurance Commissioner filed its Cross Motion for Summary Judgment and a Memorandum in Support and a Statement of Uncontested Facts. **Dk. 72 and 73.** On November 23rd, 2015, MMM filed a Response in Opposition for Summary Judgment and a Statement in Response to Statement of Material Facts. **Dk. 77 and 78**. On November 25th, 2015 the Insurance Commissioner filed a

---

[2] The Court should note that in the Appeal stage and in compliance with the provisions of the automatic stay of PROMESA, MMM withdrew any claim for costs and/or attorneys' fees to avoid spurious disputes.

Response to Plaintiffs' Supporting Statements of Material Facts and a Response in Opposition to Motion for Summary Judgment. **Dk. 81 and 82**.

2.4 On September 19th, 2016 the District Court of Puerto Rico issued an Order and Judgment in the instant case granting the Commonwealth's Motion for Summary Judgment. **Dk. 87 and 88**. The Order did not include any determinations of facts nor did it include any adjudication of the specific factual and legal issues brought forward by MMM and PMC. In light of this, on October 14th, 2016, Appellants MMM and PMC filed their Notice of Appeal as to the Judgment and Order issued by the Honorable Pedro A. Delgado-Hernández. **Dk. 89**.

2.5 On February 1st, 2017, MMM filed its Brief before the First Circuit Appellate Court. On February 6th, 2017, MMM filed the corresponding Appendix to the Brief. **Court of Appeals Docket # 16-2306**. In response the Insurance Commissioner filed its Brief in Opposition on April 21st, 2017. On June 6th, 2017, MMM filed its Reply Brief.

2.6 On November 29th, 2017, the First Circuit Court issued an Order which read as follows:

> This is an appeal from the district court's judgment of September 19, 2016 in an action brought by plaintiffs against the Commonwealth of Puerto Rico and a Commonwealth official. A briefing order issued on November 17, 2016 and the parties have since filed briefs with this court. On May 3, 2017, the Commonwealth of Puerto Rico filed a petition under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA), 48 USC § 2161, et seq., for adjustment of its debts. Under section 2161(a), the bankruptcy stay provisions of 11 USC § 362 and 922(a) are incorporated into PROMESA. In light of the Commonwealth's PROMESA filing, we direct the parties to show cause within fourteen days of the date of this order whether the automatic stay applies to this appeal in whole or in part. The parties are directed to state with specificity the reasoning behind their conclusion one way or the other.

2.7    On January 5th, 2018, MMM filed its Response to the Order. In it MMM argued that the automatic stay provisions should not be applied to the Appeal as the relief requested in the Complaint and the relief that is requested in the Appeal does not contemplate or ask for a right to payment or presents a claim in which monetary payment is an alternative for the equitable remedy sought. None of the reliefs asked for in the case involve a request for payment of public funds and as a matter of law do not fall under the automatic stay provisions of PROMESA. As was mentioned before in said Response MMM withdrew any and all claims and/or costs for attorneys' fees. Furthermore, the Response drew attention to the fact that **the Commonwealth of Puerto Rico never filed a stay request in the instant case, neither at the District level nor the Appellate level**.

2.8    On January 5th, 2018, the Insurance Commissioner filed its Response to the Order. In it they expounded upon the applications of the automatic stay provisions in general terms. Tellingly the Insurance Commissioner did state the following:

> Nonetheless, due to compelling public policy concerns and for the protection of the health and wellbeing of Puerto Rico Medicare program beneficiaries, **the Commonwealth would have no objection to a lift of the stay should Plaintiff-Appellants so request** it pursuant to the procedures established for such purpose in the Title III proceedings. In re Commonwealth, BKR. No. 17-03283, Docket 1065-1, *Case Management Procedures Order of August 17, 2017*. (Emphasis supplied).

2.9    On March 1st, 2018, the District Court through the Hon. Jeffrey R. Howard, entered the following order:

> In light of the responses to this court's order to show cause whether the PROMESA automatic stay applies to this appeal; and **in light of the broad consensus that the appeal should proceed notwithstanding any stay**; the appeal shall be held in abeyance pending further proceedings in the Commonwealth of Puerto Rico's Title III case for the protective lifting of the automatic stay (to the extent that it applies). The parties shall file a joint

status report with this court at 30-day intervals from the date of this order. (Emphasis supplied).

2.10 In light of this Order and in light of the Insurance Commissioner's statements as to not objecting a lift of the stay, on March 15th, 2018, MMM filed a Petition for Rehearing En Banc. In said Petition MMM espoused the arguments that the case at bar in no way, shape or form affected the Debtor's estate and thus did not warrant the imposition of the automatic stay especially as the Court noted that the broad consensus of the parties was that the appeal should proceed. Furthermore, the issue present a novel question of law as it presented an opportunity to delineate, in part, which type of cases are covered by PROMESA. MMM also argued that PROMESA carved out an exception to the automatic stay provisions when it states:

> Except as otherwise provided in this Act, nothing in this Act shall be construed as impairing or in any manner relieving a territorial government, or any instrumentality thereof, from compliance with Federal Laws or requirements or territorial laws and requirements implementing a federally authorized or federally delegated program protecting the **health**, safety, and environment of persons in such territory.

48 U.S.C. § 2106 (Emphasis supplied)

As such, MMM is asking that the Court obligate the Commonwealth to comply with federal laws in relation to health services that are offered to the general public as set forth and intended by Congress. The Petition for Rehearing En Banc remains under advisement to this day.

### III. RELIEF REQUESTED

3.1 MMM seeks a lift of the stay imposed by the First Circuit Court of Appeals under Section 362 of the Bankruptcy Code so that it may continue the appeal process narrated previously. The appeal in question involves no assets of the estate of the

Government of Puerto Rico and involves a question of federal preemption in a matter of a federally delegated program involving health services of the population of Puerto Rico. Furthermore the Insurance Commissioner stated that it would have no objection to the lifting of the stay in the present matter. The Court should lift the stay, as none of the reliefs sought in the appeal before the First Circuit Court of Appeals would enure on any economic burden upon the estate of the debtor. Futhermore, MMM is charged with implementing federal policy as to the application of funds through the Medicare Advantage.

## IV. JUSTIFICATION FOR THE LIFTING OF STAY

4.1     Pursuant to 11 USC § 362(d)(1), a bankruptcy court may grant relief from an automatic stay "for cause." Although a creditor must make a prima facie case to justify relief from the stay, the debtor has the ultimate burden of persuasion that "cause" for relief does not exist under § 362(d). In re Anton, 145 B.R. 767, 769 (Bankr. EDNY 1992). With regards for the "for cause" criteria the Courts have identified a series of factors to be considered in making that determination: (i) the harm to the party seeking relief from the stay if the stay is not lifted; (ii) the harm to the debtor if the stay is lifted; (iii) the interest of the creditor; and, the effect on the fair and efficient administration of justice. Peerless Ins. Co. v. Rivera, 208 BR 313, 315 (DRI 1997).

4.2     Title III of PROMESA incorporates the automatic stay provisions of 11 U.S.C. §§ 362 and 922(a). Both of these sections state that they apply specifically to actions which seek to enforce a claim directed against the Commonwealth. A claim under Title 11 is defined in Section 101 as a right to payment or a right to an equitable remedy for breach of performance if the breach gives rise to a right to payment. 11 U.S.C. §

101(5). It follows then, that none of the remedies asked for in the prayers for relief of the Complaint fall under the definition of a claim as no monetary payment is being requested nor is there a demand for payment corresponding to a breach of performance. Therefore, the present appeal does not fall under the categories of actions that are subject to the automatic stay provisions of PROMESA.

4.3     Furthermore, the purpose of the automatic stay provision is to protect the property of the estate, the debtor or property in custody of the estate. <u>In re Loughnane</u>, 28 BR 940, 941-942 (BC DC Colo. 1983) citing <u>In re Tour Train Partnership</u>, 15 B.R. 401 (Bkrtcy. Vt. 1981). An automatic stay serves a dual purpose: (i) relieving the debtor from added financial pressure during the continuation of the bankruptcy proceedings; and, (ii) protecting creditors by preventing the premature disbursement of the debtor's estate. <u>Carver v. Carver</u>, 954 F.2d 1573, 1576 (11th Cir. 1992).

4.4     Under 11 U.S.C. § 101(10) a creditor is defined in three different ways: (i) as an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor; (ii) an entity that has a claim against the estate of a kind specified in sections 348(d), 502(f), 502(g), 502(h) or 502(i) of Title 11; or, (iii) an entity that has a community claim. Taking into account that the present appeal does not present a prayer for relief that can be categorized as a claim under the federal statutes regulating bankruptcy, MMM cannot be properly categorized as a creditor. As such, in the absence of a claim and a creditor in the appeal, neither can the Commonwealth be categorized as a debtor in the context of the controversies presented by MMM. It is clear that none of the necessary actors nor actions triggering a stay are present in the case before the First Circuit Court of Appeals.

4.5   The Court should also consider the following, an automatic stay is one of the most fundamental debtor protections provided by bankruptcy laws, and hence can only be compromised when good reason exists to do so. In re Wang Lab., 1996 U.S. Dist. LEXIS 879 (1996) citing Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot., 474 US 494 (1986). However, enforcing the automatic stay provisions of PROMESA in the present case does absolutely nothing to further the purposes of these debtor protections. There is no estate to protect from the prayers for relief, there is no petition for stay, there is no claim that has been furthered by MMM, and there is no creditor appearing in the case at bar. In light of this, the Commonwealth is not a debtor to MMM in the present context.

4.6   In light of the above, it follows that if a Complaint against a debtor does not seek to affect its estate in any way, shape or form, then the automatic stay should not apply as it would exceed the purpose of said stay. "The purpose of the automatic stay is the protection of the debtor and his estate from his creditors, and thus it follows that **if a proceeding is not connected with, or will not interfere with, pending bankruptcy case, so as not to violate the purpose and policy of the automatic stay, 'cause' exists to grant relief from the stay**." In re Penn-Dixie Industries, 6 BR 832, 836 (1980 BC SD NY) (Emphasis supplied).

4.7   MMM would like to draw the Court's attention to the case of Vázquez-Carmona v. Dept. of Educ., 255 F.Supp. 3d 298 (D.P.R. 2017). In this case the District Court denied an automatic stay petition in an Individuals with Disabilities Education Improvement Act ("IDEA") claim for injunctive relief against the Department of Education of the Commonwealth. The Court explained:

> The PROMESA stay does not apply to this case. Through this action, Plaintiff seeks de novo judicial review of an agency action under IDEA. The

> relief requested is not monetary damages; rather, Plaintiff seeks injunctive and declaratory relief to enforce a federally protected right. PROMESA expressly contemplates that the temporary stay will not apply to suits to enforce federal rights.

*Id.* at 299.

In <u>Vázquez-Carmona</u>, *id.*, the Plaintiffs sought injunctive and declaratory relief from the Department of Education and did not seek monetary damages. This is exactly the same situation that is presented in the case at bar as MMM is soliciting injunctive and declaratory relief from the Commonwealth's Prompt Pay Law 104 and Norm 73 of the Office of the Insurance Commissioner ("OIC") as it is preempted by federal law. Furthermore, MMM's appeal also originates in the first instance from an agency determination, in this case the OIC, which contravened federal law.

    4.8    MMM's appeal does not seek monetary damages that would involve the disbursement of public funds in violation of the purpose of the automatic stay imposed by PROMESA. MMM even went so far as to withdraw any claims for costs and/or attorneys' fees as part of the relief in order to avoid any suggestion that public funds would be involved in the present appeal. <u>Vázquez-Carmona</u>, *id.,* also indicates that PROMESA contains a specific clause that the Honorable Court should apply to the present petition for relief. Section 2106 of PROMESA states the following:

> Except as otherwise provided in this Act, nothing in this Act shall be construed as impairing or in any manner relieving a territorial government, or any instrumentality thereof, from compliance with Federal Laws or requirements or territorial laws and requirements implementing a federally authorized or federally delegated program protecting the **health**, safety, and environment of persons in such territory.

48 U.S.C. § 2106 (Emphasis supplied)

This section of PROMESA is especially relevant to the present appeal as MMM is precisely asking the Court to declare that Puerto Rico Prompt Pay Law 104 and Norm 73 are preempted by the federal Medicare Act, 42 U.S.C. § 1395w-26(b)(3). As such, MMM is asking that the Court obligate the Commonwealth to comply with federal laws in relation to health services that are offered to the general public as set forth and intended by Congress.

4.9	MMM would also like to draw attention to the holding in the case of <u>Atiles-Gabriel v. Commonwealth</u>, 256 F. Supp. 3d 122 (2017). In this case the Commonwealth sought to impose the automatic stay provisions of PROMESA on a *habeas corpus* petition brought by Julio Atiles-Gabriel against the Commonwealth, and Edward García-Soto in his official capacity as Warden of the Puerto Rico Department of Corrections and Rehabilitation. In this case the Court carried out the same analysis with regards to the nature of a claim in bankruptcy procedures and concluded that a *habeas* petition is not a "claim" within the meaning of Section 101(5). Furthermore the Court stated that "it is unlikely Congress intended the filing of a Title III petition to trigger a **stay** so broad that the availability of *habeas* procedures would even be called into question." *Id.* at 128 (emphasis in the original). Therefore the Court denied the application of the automatic stay to *habeas corpus* proceedings and closed its decision with the following statement: "given Puerto Rico's unique status and the unparalleled scope of the Commonwealth's obligations to both creditors and citizens, **an overbroad application of the automatic stay would risk transgressing PROMESA's statutory frame work and the boundaries of the Constitution**." (emphasis supplied) *Id.* In light of the above, this Court

should note that the issues at hand are issues of law which can and should be decided by the First Circuit Court of Appeals.

4.10 As to the criteria expounded upon in <u>Peerless Ins. Co.</u>, *supra*, it is MMM's contention that the present case meets the "for cause" criteria.

a. *Harm to the party seeking relief from the stay if the stay is not lifted*: If the stay is not lifted MMM will continue to have to comply with a state statute that as a matter of law is preempted by federal law while the issue remains paralyzed at the appellate level.

b. *Harm to the debtor if the stay is lifted*: Lifting the stay on the appeal will have absolutely no effect on the debtor's estate.

c. *Interests of the creditors*: As mentioned previously there will be no effect on the debtor's estate therefore the creditors of the debtor will not be affected.

d. *Effect on the fair and efficient administration of justice*: Lifting the stay will allow the First Circuit Court Appeals rule on whether or not Puerto Rico state law with regards Medicare Advantage plans and their administrators are preempted by federal law, an issue which justice requires be attended in order to avoid contradictory applications of federal and state law.

4.11 The Commonwealth never asked for a stay of the proceedings in the instant case. The issue only came up once the First Circuit Court of Appeals asked the parties to express themselves on the matter. Furthermore, once presented with the order to show cause from the First Circuit Court of Appeals the Commonwealth never made a clear and unambiguous request to apply the stay to the current proceedings. When given the opportunity to do so the Commonwealth simply expressed that they would not be opposed

to lifting the stay as long as MMM follows the procedures established for such purpose in the Title III proceedings. The prayer for relief presented by MMM is clear and brooks no alternative interpretation. At no point in the Complaint or the subsequent Appeal is there an allegation which contemplates a right to payment or a right to an equitable remedy for breach of performance which gives rise to a right to payment. Therefore, the automatic stay provisions found in 11 U.S.C. §§ 362 and 922(a) do not apply to the present case.

WHEREFORE MMM Healthcare, LLC and PMC Medicare Choice, LLC respectfully request that the Honorable Court take note of the above and grant the relief from the automatic stay provisions of PROMESA as the appeal in question presents no claim that would require a disbursement of public funds and thus there is no danger to the estate of the Commonwealth of Puerto Rico nor to its creditors.

Respectfully submitted.

In San Juan, Puerto Rico, this 3rd day of October 2018.

**I HEREBY CERTIFY:** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to attorneys of record to their respective e-mail addresses of record.

**s/ Harry Anduze Montaño**
Harry Anduze Montaño- 114910
**s/ José A. Morales Boscio**
José A. Morales Boscio- 220614
**s/ Diego Corral González**
Diego Corral González- 305712
1454 Fernández Juncos Avenue
San Juan, PR 00909
Tel. (787) 723-7171
Fax (787) 723-7278
E-mail handuze@microjuris.com
jmoralesb@microjuris.com
corraldieg@gmail.com