Objection Deadline: October 17, 2018
4:00pm (Atlantic Standard Time)
Hearing Date: November 7, 2018
9:30am (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re:** | |
| **THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of** | **PROMESA TITLE III Case No. 17-BK-3283 (LTS)** |
| **THE COMMONWEALTH OF PUERTO RICO, et al., Debtors¹** | **(Jointly Administered)** |

| | |
|---|---|
| **In re:** | **PROMESA** |
| **THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of** | **TITLE III Case No. 17-BK-4780 (LTS)** |
| **THE PUERTO RICO ELECTRIC POWER AUTHORITY Debtor** | **(Jointly Administered)** |
| | **Court Filing Relates Only to PREPA and Shall Only be Filed in Case No. 17-BK-4780 (LTS) and Main Case 17-BK-3283 (LTS)** |

## MOTION FOR RELIEF FROM STAY TO EXECUTE SET-OFF

---

¹ The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**TO THE HONORABLE COURT:**

      **COMES NOW,** Movant, bondholder **PAN AMERICAN GRAIN CO., INC.**, ("Pan American"), by the undersigned attorney, to seek relief from the automatic stay for cause, to execute set-off, in the terms here allocated:

## JURISDICTION

1.    The United States District Court has subject matter jurisdiction over this matter under PROMESA section 306(a).

2.    Venue is proper under PROMESA section 307(a).

3.    The Court has jurisdiction under sections 362(d) and 553 of Title 11 of the United States Code, applicable to this Title III proceeding under section 301 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101 et seq., and Federal Rules of Bankruptcy Procedure 4001 and 9014.

## CERTIFICATION

    This Certification asserts compliance with the request under the Sixth Amended Notice, Case Management and Administrative Procedures Order dated August 24, 2018 at docket entry 3804, as set forth at Paragraph III.Q of Section III (Scheduling) of the Order.

    The undersigned attorney certifies compliance with the Lift Stay Notice and the Lift Stay Notice Period, and corresponding telephone conference to resolve Pan American's request for relief from the automatic stay.  The parties failed to reach an agreement and Pan American herein files its motion for relief from stay.

## INTRODUCTION

Pan American seeks to execute its legal right to effectuate set-off under section 553 of the Bankruptcy Code as applicable to this Title III proceeding under section 301 of PROMESA. And, files this Motion for Relief from Stay, for cause under section 362(d) of the Bankruptcy Code, also applicable to Title III proceedings in order to implement and accomplish the set-off.

## BACKGROUND

1. The Financial Oversight and Management Board for Puerto Rico ("FOMB"), as the Debtors' representative pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101-2241, filed a voluntary petition for relief on behalf of the Puerto Rico Electric Power Authority under Title III of PROMESA on July 2, 2017, ("PREPA's Petition Date").

2. Pan American Grain Co. Inc. is a 40-year-old Puerto Rican corporation with an employee workforce of over 200 employees, holder of Power Revenue Bonds and Power Refunding Bonds issued by the Puerto Rico Electric Power Authority, ("PREPA"). The bonds have a total value of $1,005,000.00 plus accrued interests totaling $1,028,507.50. As of July 1, 2017, prior to PREPA's petition date, the full amount of the bonds plus interests is over-due, owed and payable to Pan American by PREPA.

3. In turn, PREPA is claiming payment for accrued pre-petition electric power services supplied to Pan American Grain Co., Inc., totaling $2,211,780.76.   This amount

3

corresponds to account number 0794222000, for services provided up to June 13, 2017

for the Corujo location.   For the exclusive purpose of this motion for relief from stay,

Pan American is not disputing the amount claimed by PREPA for the pre-petition power

service.

4.  In its effort to pursue collection of the bonds under PROMESA and enforce its set-off

rights, Pan American Grain Co., Inc. filed a proof of claim signed by Gonzalez Martin,

Esq., the attorney that subscribed the proof of claim.  The claim is identified as number

21352 and was filed in the PREPA Title III case on May 25, 2018, for $1,643,538.75 dollars.

The proof of claim asserts Pan American's legal entitlement to set-off.

5.  The agreement for electric power service between PREPA and Pan American and the

covenants of Pan American as a bondholder and PREPA, create the bi-lateral debtor /

creditor relationship between these parties and Pan American's request for relief from

the automatic stay to execute set-off.

6.  In this way, the amount owed by PREPA to Pan American as bondholder(pre-petition)

will be used to set-off the amount owed by Pan American to PREPA for pre-petition

electric power services.  After the set-off, any outstanding balance in favor of PREPA,

will be paid in cash by Pan American to PREPA.

For the exclusive purpose of this motion for relief from stay to effectuate set-off, Pan

American will not contest the amount claimed by PREPA for the pre-petition power

services up to June 13, 2017, for account number 0794222000 at the Corujo location nor

any balance in favor of PREPA under said account number and location after the set-off

is executed.

4

7.  Pan American's request to effectuate set-off upon an order granting relief from stay is premised on its legal rights.  The demand is coherent, reasonable and crucial as a matter of law, and appropriate under the statutes of PROMESA and the Bankruptcy Code.

8.  In the interests of judicial economy and the expeditious and economical resolution of the debtor/creditor correlation between Pan American and PREPA, this Court should grant relief from the automatic stay for cause, to allow the execution of the set-off.

## LEGAL GROUNDS FOR RELIEF FROM STAY

A)  **Section 553 of the Bankruptcy Code as applicable to PROMESA grants this Title III Court the power to enter an Order granting the relief requested by Pan American to execute set-off, allowing an expeditious and economical resolution of the debtor creditor connection between Pan American and PREPA.**

This Title III Court should recognize Pan American's statutory right under section 553 of the Bankruptcy Code allowing the set-off between Pan American and PREPA and granting this creditor equitable relief to further the interests of justice.

The automatic stay under section 362 of the Bankruptcy Code is devised to thwart the race to the courthouse by directing an orderly readjustment or liquidation that seeks to treat all creditors equally.  See In re University Medical Center, 973 F.2d 1065, 1074 (3d Cir. 1992)  Section 305 of PROMESA specifies that section 362 applies to Title III proceedings.

By extension, section 362(a)(7), is the specific portion of the statute that stays the set-off of any debt owing to the debtor that arose before the commencement of the case under Title III against any claim against the debtor.

5

Therefore, Pan American seeks relief from the automatic stay for cause under section 362(d) of the Bankruptcy Code, in order effectuate set-off under section 553.  A motion for relief from stay under section 362(d) must be granted on behalf of Pan American to exercise a valid right to set-off.

Section 301 et seq. of PROMESA powers this Title III Court to issue orders in claim litigation and the enforcement of claims.  The same statute incorporates section 553 of the Bankruptcy Code set-off provisions.  As a result, Congress affords creditors the set-off option in the debt adjustment proceedings under Title III of PROMESA.  More reason for this Court to grant this request because a favorable determination on behalf of Pan American will defray the creditor/debtor reciprocal liabilities between these entities, in an efficient and equitable manner, under the applicable statutes.

An order granting the set-off request will allow Pan American to collect its claim by the set-off with PREPA and will allow PREPA to collect its claim from the set-off and PREPA will also receive a cash payment from Pan American for any outstanding balance after the set-off is executed.

**Set-Off Under Section 553**

The doctrine of setoff is recognized, "...based on the premise that if party A is indebted to party B and party B is also indebted to party A, then logically these mutual debts should cancel each other out.

The only true debt is the difference between these obligations.  Eliminating these cross-payments can reduce litigation in bankruptcy, and in this Title III proceeding,

6

thereby saving judicial resources and expenses to the parties involved.  *As an equitable remedy, set-off promotes efficiency, simplicity, and fairness, both in and out of bankruptcy*." Norton Bankruptcy Law and Practice, section 553, West Law, 2017.

The set-off doctrine was defined by the Supreme Court of the United States as "grounded on the absurdity of making A pay B when B owes A", Studley v. Boylston Nat'l Bank, 229 U.S. 523, 528, (1913).  In a Title III proceeding, the essence of the doctrine remains intact, and section 553 of the Bankruptcy Code preserves set-off rights that are available to the creditor claiming the right under non-bankruptcy law.

Set-off is a nonconsensual self-help remedy that allows entities mutually indebted to each other to apply their mutual debts against one another.   Again, case law recognizes the incongruity; to avoid "the absurdity of making A pay B when B owes A" (Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 18 (1995).

The Court in In re Whimsy, Inc., 221 B.R. 69, 72 (S.D.N.Y. 1998), held setoff is a creditor's equitable right to deduct a debt it owes to a debtor from a claim it has against the debtor arising out of a separate transaction."   Thus, the right of setoff is a 'common right, rooted in common law, allowing every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him.

"A setoff is asserted for reducing or extinguishing a creditor's claim against the debtor when 'the mutual debt and claim contemplated are generally those arising from different transactions." Matter of U.S. Abatement Corp., 79 F.3d 393, (5th Cir. 1996).

Section 553 of the Bankruptcy Code does not create the right to set-off.  The statute preserves a creditor's right to set-off a mutual debt of the creditor and the debtor, provided

7

the debts arose pre-petition.  Indeed section 553 preserves existing rights under applicable non-bankruptcy law. See Official Committee of Unsecured Creditors v. Manufacturers and Traders Trust Co., 146 F.3d 136, 138–39 (2d Cir. 1998).

Under non-bankruptcy Puerto Rican law, the set-off provisions are included in articles 1149 and 1150, of the Puerto Rico Civil Code.   Article 1149 provides: "Compensation[2] shall take place when two (2) persons are mutually creditors and debtors of each other." 31 L.P.R.A. § 3221

The Puerto Rico Supreme Court has recognized there are three compensation scenarios: legal, judicial and voluntary.  Legal compensation is governed by the Puerto Rico Civil Code, and occurs when all requisites established by sections 3221 and 3222 of Title 31 are present, provided no legal prohibition against such compensation existed.  Walla Corporation v. Banco Comercial de Mayagüez., 114 D.P.R. 216, (P.R. 1983).

In like manner, case law has defined judicial compensation/set-off when ordered by the Court, and voluntary compensation/set-off by agreement of the parties.  The definition of legal compensation/set-off, is distinct from voluntary or judicial compensation, as it ensues as a matter of law upon the occurrence of certain circumstances required by law. The effect is to extinguish certain debts even without the knowledge of creditors or debtors. Ramos v. Caparra Dairy, Inc., 116 D.P.R. 60 (1985).  And as held by the First Circuit's definition in the case of Fajardo Shopping Ctr. of P.R., Inc. v. Sun Alliance Ins. Co., 167 F.3d 1 (1st Circuit, 1999), setoffs have no purpose other than to "[allow] the **convenient** simplification of relations between mutually indebted parties." (Our emphasis)

---

[2] Compensation is defined as a synonym for set-off.  See Black's Legal Dictionary, 2nd Edition.

Article 1150 of the Puerto Rico Civil Code itemizes the statutory requirements for set-off.[3]    The correlated provision in the Bankruptcy Code, section 553, provides a five-prong test for a creditor to validate its right to set-off.  Section 553 prongs mirror the requirements under Article 1150 of the Puerto Rico Civil Code and are herein jointly discussed.

Section 553 requires a creditor claiming its right to set-off to show:    1) the Creditor holds a claim against the debtor; 2) the creditor owes a debt to the debtor; 3) both claim and debt are valid and enforceable; 4) both claim and debt arose pre-petition: and 5) the claim and debt are mutual.

The first and second prongs should be analyzed in conjunction:  creditor holds a claim and creditor owes a debt.  Here, creditor Pan American as a bondholder/creditor holds a claim against PREPA for the value of the bonds and the accrued interests due before the PREPA case under Title III was filed.   In the same way, Pan American also owes a liability to PREPA that stems from pre-petition electric power services rendered by PREPA to Pan American; therefore, under these prongs, creditor Pan American owes debtor PREPA and debtor PREPA owes creditor, Pan American.

These two prongs equally satisfy the requirements under section 553 and the requisites under numbers 1 and 5 of Article 1150 of the PR Civil Code: each is a creditor and a debtor

---

[3] In order that compensation may be proper, it is required:
(1)  That each of the persons bound should be so principally, and that he be at the same time the principal creditor of the other.
(2)  That both debts consist of a sum of money or, when the things due are perishable, that they be of the same kind and of the same quality, if the latter should have been stipulated.
(3)  That both debts are due.
(4)  That they be determined and demandable.
(5)  That none of them is subject to any retention or suit instituted by a third person, and of which due notice has been given the debtor.  31 LPRA 3222

of the other; meaning that PREPA owes Pan American and Pan American owes PREPA, this requirement does not allow for related entities or related parties, or amounts attached or garnished by third parties.( See requisite number 5 of Article 1150 of PR Civil Code). The facts validate PREPA owes Pan American and Pan American owes PREPA; a bilateral debtor creditor relationship, primed for set-off.

The third prong brings into view the validity and enforceability of the claim and the debt. The claim owed by PREPA to Puerto Rican bondholder, Pan American, is valid and enforceable. Pan American[4], in this motion, consents to classify the pre-petition invoice for electric power services owed to PREPA, as valid and enforceable. This prong satisfies section 553 requirements and requisites 2 and 4 under Article 1150 of the PR Civil Code. The amounts due by each party are determined, demandable, valid and enforceable.

The fourth prong under section 553 requires that both the debt and the claim are pre-petition, entailing that the right to payment arose before the Title III PREPA case was filed, which was July 2nd, 2017. Pan American's bonds have a maturity date of July 1st, 2017, the date is pre-petition of PREPA's case, and since then, the bonds and the accrued interests are due by PREPA to Pan American. As to the amounts owed by Pan American to PREPA, Pan American[5] agrees that the $2,211,780.76 amount claimed by PREPA for pre-petition electric power services, were accrued before the PREPA Title III case was filed. Although this prong has no similar requirement under Article 1150 of the PR Civil Code this prong equates requirement number 3 of Article 1150, essentially that both debts are due.

---

[4] In accordance with averments 3 and 6 of the Background section of this motion.
[5] In accordance with averments 3 and 6 of the Background section of this motion.

The fifth and last prong factor under section 553 is the mutuality of the claim and debt.  As explained by the recognized Bankruptcy Treatise, Norton Bankruptcy Law and Practice, mutuality is defined: *"Generally debts are mutual if they are due to and from identical parties, standing in the same right and in the same capacity. Mutuality also requires that both debts arise prepetition.  Mutuality does not require that the debts in question arise out of the same transaction or be of the same character."*   Norton Bankruptcy Law and Practice, section 553, West Law, 2017.

Mutuality is also present in this fertile ground for set-off.   The debts are owed to and from the same parties; Pan American Grain Co., Inc. and PREPA, and in the same right and capacity:  Pan American is a creditor of PREPA and PREPA is a creditor of Pan American, no related entities or related parties.   This prong satisfies requirement numbers 1 and 5 under Article 1150 of the PR Civil Code, that each is the principal creditor and debtor of the other and the amounts are not attached or garnished, nor under litigation by a third party.

Considering section 553 of the Bankruptcy Code, the five-prong test under the set-off statute of the Bankruptcy Code and the parallel criteria in Article 1150 of the PR Civil Code are present in the factual scenario between Pan American and PREPA, and therefore, Pan American should be granted an Order for relief from stay to execute set-off. [6]

---

[6] Under the Puerto Rico Electric Power Authority Act, the set-off doctrine is allowed through the collection of deposits for unpaid invoices.  Under section 211 of the Act, the bonds of the Authority shall be lawful investment, and may be accepted as security, for all fiduciary, trust, and public funds. 22 L.P.R.A. § 211

At its core, this Title III case under PROMESA is a debt readjustment proceeding entailing a readjustment plan that has yet to be confirmed.  Hence, under In re Continental Airlines, 134 F.3d at 542,  the right to set-off  must be exercised prior to plan confirmation to avoid extinguishment.  This is an exigent justification for the Court to grant Pan American's right to set-off at this juncture of the Title III proceedings and prior to the confirmation of any readjustment plan.  In this way, the set-off will not prejudice any party.

An assessment of the equities under section 553 of the Bankruptcy Code grants this Title III Court the power to enter an Order granting the relief from stay requested by Pan American to execute set-off, allowing an expeditious and economical resolution of the symbiotic debtor creditor connection between Pan American and PREPA.

**B) Section 362(d)(1) of the Bankruptcy Code as applicable to PROMESA grants this Title III Court the power to enter an Order granting relief from the automatic stay to allow Pan American to execute set-off.**

Although section 553 of the Bankruptcy Code preserves set-off rights under non-bankruptcy law, section 362(a)(7) prohibits the execution of those rights by the automatic stay applicable to this case under sections 301 and 405 of PROMESA.

Section 362(d)(1) of the Bankruptcy Code, also made applicable in these proceedings by the same PROMESA sections, requires creditor Pan American to seek relief from stay to exercise its set-off rights.

Imposing the automatic stay does not defeat the creditor's setoff right, but merely enjoins the enforcement of the creditor's right  pending the orderly examination and

12

administration of the estate.  For as long as the automatic stay remains in effect, a creditor wishing to exercise its right of setoff must seek and obtain relief from the stay.  Norton Bankruptcy Law and Practice, 2017.

Section 362(d)(1) of the Bankruptcy Code allows the Court to grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property." Collier on Bankruptcy 2017.   Under section 506(a) of the Bankruptcy Code, set-off rights under section 553 are defined as secured claims to the extent of the amount subject to set-off.  Therefore, Pan American is also classified as a secured creditor pursuant to this statute.

Sections 506(a) and 362(d)(1) of the Bankruptcy Code grant Pan American the legal right to claim adequate protection under section 361 of the Bankruptcy Code.  Section 361 of the Bankruptcy Code, applicable to this proceeding under section 301 of PROMESA, provides adequate protection options to safeguard the interest of a creditor in property.  As a secured creditor, Pan American has not received nor has been offered adequate protection.  PREPA has the burden of proof under section 362(g)(2), of the Bankruptcy Code to establish that Pan American's interest is adequately protected.

Besides the adequate protection argument that places the burden on PREPA in a motion for relief from stay, Pan American also requests relief from stay for cause under section 362(d)(1) of the Bankruptcy Code.

Since cause is barren of a definition within the statute, courts have held that allowing a matter to proceed in another forum exemplifies *what may constitute cause* to

13

lift the automatic stay.[7]   The legislative history of section 362(d) (1) supports that allowing

a matter to proceed in another forum *exemplifies a definition of cause*.[8]

The case of In re A Partners, LLC, 344 B.R. 114 (Bankr. E.D. Cal. 2006), defines the

term "cause" in section 362(d)(1) as a "broad and flexible concept which permits a

bankruptcy court, as a court of equity, to respond to inherently fact-sensitive situations."

Therefore, the definition of cause under 362(d)(1) has evolved in a plethora of case law

focused on the circumstances of each case.

Those circumstances are discussed in Section A of this motion, asserting the

requirements in section 553 are converged in the creditor debtor relationship between Pan

American and PREPA.  Thus, affording Pan American a legal right to set-off.   Therefore,

the Court may grant relief from the automatic stay for cause under 362(d)(1) deciding that

Pan American may execute set-off under section 553 of the Bankruptcy Code and ruling

that Pan American's legal right to set-off is tantamount to cause, without findings that may

also constitute additional cause to grant relief from stay.

The Court may further find it appropriate to borrow factors stemming from the case

from the United States Court of Appeals for the Second Circuit, In re Sonnax Indus., Inc.,

---

[7] Maintainco, Inc. v. Mitsubishi Caterpillar Forklift America, Inc. (In re Mid- Atlantic Handling Sys., LLC), 304 B.R. 111, 130 (Bankr. D. N.J. 2003); Izzarelli v. Rexene Prods. Co.(In re Rexene Prods. Co.), 141 B.R. 574, 576 (Bankr. D. Del. 1992).

[8] "It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere. "S. Rep. No. 95-989 at 50 (1978), *reprinted in* 197 8 U.S.C.C.A.N. 5787, 5836.

907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax")[9], as cited in Brigade Leveraged Capital

Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518(D.P.R. 2016).

Although Sonnax focuses on cause to allow relief from stay to continue a proceeding

in a state court, the Sonnax factors equally apply in evaluating cause for other reasons.   In

this way, factors one, two, ten and twelve are germane to the request by Pan American to

effectuate set-off and constitute cause for relief from stay.

In reviewing the dynamics for Pan American, Sonnax factor 1: (i)whether relief

would result in a partial or complete resolution of the issues:  surely, granting relief from

stay for Pan American to effectuate set-off will finish the creditor-debtor issues between

Pan American and PREPA and will allow PREPA to collect a cash payment for the balance

in its favor after the set-off is executed.  Factor 2: (ii) the lack of any connection or

interference with the bankruptcy case:   Because PROMESA is a debt adjustment

proceeding, allowing the set-off will not interfere with the purpose, rather, it will provide

---

[9] The twelve Sonnax factors are:
(i) whether relief would result in a partial or complete resolution of the issues;
(ii) the lack of any connection or interference with the bankruptcy case;
(iii) whether the other proceeding involves the debtor as a fiduciary;
(iv) whether there is a specialized tribunal with the necessary expertise has been
established to hear the cause of action;
(v) whether the debtor's insurer has assumed full responsibility for defending it;
(vi) whether the action involves primarily third parties;
(vii) whether litigation in another forum would prejudice the interests of other
creditors;
(viii) whether the judgment claim arising from the other action is subject to equitable
subordination;
(ix) whether movant's success in the other proceeding would result in a judicial lien
avoidable by the debtor;
(x) the interests of judicial economy and the expeditious and economical resolution of
litigation;
(xi) whether the parties are ready for trial in the other proceedings; and
(xii) the impact of the stay on third parties and the balance of harms.

closure to creditor-debtor issues between Pan American and PREPA.  Factor 10: (x) the

interests of judicial economy and the expeditious and economical resolution of litigation:

Set-off it is a coherent and equitable request that will expedite an efficient solution to the

creditor-debtor issues between Pan American and PREPA and will allow this Court to focus

on other matters that arise in these proceedings and the conservation of judicial resources.

Factor 12: (xii) the impact of the stay on third parties and the balance of harms:

allowing the relief requested by Pan American will not harm PREPA or its creditors.  The

relief from stay to effectuate set-off between PREPA and Pan American will yield a cash

payment to PREPA and will eliminate PREPA's current statutory obligation to provide

adequate protection payments to Pan American.[10]

Under the purview of the Sonnax factors, equitable grounds, and in the interest of

judicial economy, this Title III Court should find there is cause to allow Pan American to

effectuate set-off.

## CONCLUSION

In exercising its statutory mandate under PROMESA, this Title III Court has jurisdiction,

and factual and legal grounds to enter an order granting relief from the automatic stay to

allow Pan American to execute set-off.  Pan American prays for the Court to grant this

Motion for Relief from Stay and enter the Proposed Order, attached as Exhibit A.

**WHEREFORE**, it is respectfully requested from this Honorable Court, that in the interests of judicial economy and the expeditious and economical resolution of the debtor/creditor correlation between Pan American and PREPA, this Court grants relief from the automatic stay for cause, to allow the execution of the set-off and enters the Proposed Order included as Exhibit A.

## NOTICE OF HEARING

Pan American Grain Co., Inc., files this *Motion for Relief from Stay to Execute Set-off.* **Objections** to this Pleading must be served to counsel for Pan American, Maria Mercedes Figueroa y Morgade, Esq., on or before the **Objection Deadline of October 17, 2018** by 4:00p.m., (Atlantic Standard Time).  The **Hearing Date** for the Court to consider the Pleading is **November 7, 2018 at 9:30 a.m.,** (Atlantic Standard Time).  **The relief requested may be granted without a hearing if no Objection is timely filed and served in accordance with the Case Management Procedures.**

## NOTICE OF SERVICE

Notice of this Motion shall be served via the CM/ECF system as allowed in Section II.I, and as described in Section II.D, to counsel for the Oversight Board; the Puerto Rico Fiscal Agency and Financial Advisory Authority; Creditors' Committee; Committee of Retirees, and to PREPA, the affected party, and to the US Trustee by U.S. mail and any additional Standard Parties or their counsel will be served and included in the Certification of Service identifying the parties that received notice in compliance with the Sixth Amended Notice,

Case Management and Administrative Procedures, dated August 24, 2018 at docket entry

3804.


**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, on October 3, 2018.

**/S/ Mª Mercedes Figueroa y Morgade**
Mª MERCEDES FIGUEROA Y MORGADE
USDC-PR #207108
3415 Alejandrino Ave.,
Apt. 703,
Guaynabo, PR 00969-4856
Tel: 787-234-3981
**figueroaymorgadelaw@yahoo.com**
