Objection Deadline: October 19, 2018
Hearing Date: November 7, 2018
9:30 am

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: ) | |
| ) | |
| THE FINANCIAL OVERSIGHT AND ) | |
| MANAGEMENT BOARD FOR PUERTO RICO, ) | PROMESA |
|    as representative of ) | Title III |
| ) | |
| THE COMMONWEALTH OF PUERTO RICO ) | |
|  *et al.,* ) | Case No. 3:17-03283 |
|    Debtors¹ ) | (LTS) |
| ------------------------------------------------------------) | |
| In re: ) | |
| ) | |
| THE FINANCIAL OVERSIGHT AND ) | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, ) | Title III |
|    as representative of ) | |
| ) | Case No. 3:17-03566 |
| THE EMPLOYEES RETIREMENT SYSTEM OF ) | (LTS) |
| THE GOVERNMENT OF THE ) | |
| COMMONWEALTH OF PUERTO RICO, ) | |
| ) | |
|    Debtor ) | |
| ------------------------------------------) | |

**MOTION FOR LIFT OF STAY SEEKING THE MODIFICATION OF THE AUTOMATIC STAY TO ENFORCE LIENS ON EMPLOYEE WITHHOLDING FUNDS CURRENTLY HELD BY THE EMPLOYEE RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO**

**TO THE HONORABLE COURT:**

---

¹ The Debtors in this Title III case are: (i) The Commonwealth of Puerto Rico (Bankr. Case No. 17-bk-3283-LTS); (ii) The Employees Retirement System of the Govt. of the Commonwealth of Puerto Rico (Bankr. Case No. 17-bk-3566-LTS); (iii) Puerto Rico Sales Tax Financing Corporation (Bankr. Case No. 17-bk-3284-LTS); (iv) Puerto Rico Highways and Transportation Authority (Bankr.Case No. 17-bk-3567-LTS); and (v) Puerto Rico Electric Power Authority (Bankr. Case No. 17-bk-4780-LTS).

Comes Now, secured creditor *Cooperativa de Ahorro y Crédito Vegabajeña ("Cooperativa"),* represented by its undersigned attorneys and respectfully states, alleges and prays:

**CERTIFICATION OF COMPLIANCE WITH THE STAY RELIEF PROTOCOL**

Appearing counsel hereby certifies that, pursuant to Section III.Q of the *Sixth Amended Notice, Case Management and Administrative Procedures* (ECF 3804-1), establishing the stay relief protocol, on August 15, 2018, served its Lift Stay Notice to counsel for the Financial Oversight and Management Board for Puerto Rico, as representative of the Debtors, and to counsel for the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"). On August 23, 2018, receipt was acknowledged by Carolina Velaz Rivero, Esq., counsel for AAFAF. Thereafter, since the lift of stay notice period would end September 5, 2018, at AAFAF's counsel request, Cooperativa agreed to extend the notice period up to September 12. On that date AAFAF's counsel notified its disagreement with Cooperativa's proposed modification of the stay and further stated the matter should be dealt with as part of the Title III process. Upon the parties having failed to reach an agreement, Cooperativa presents its request for the lifting of the stay.

**INTRODUCTION**

Cooperativa, a secured creditor of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), respectfully moves for relief from the automatic stay imposed pursuant to Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), *see* 48 U.S.C. § 2161(a)

(incorporating 11 U.S.C. § 362) in both Case No. 3:17-bk-03283 and Case No. 3:17-bk-03566. In support of the Motion, Cooperativa states as follows:

1. Cooperativa is a full service financial credit union which has assisted the citizens of Vega Baja, Puerto Rico, and surrounding communities since it was first organized over fifty years ago.

2. ERS is a trust created by the Commonwealth of Puerto Rico, 1951 L.P.R. 447 as amended, to provide pension and other benefits to officers and employees of the Puerto Rico government, members and employees of the Puerto Rico Legislature, and to officers and employees of public corporations and municipalities of Puerto Rico. Pursuant to 2011 L.P.R. 196, Cooperativa seeks to enforce its statutory lien interests in individual employee retirement pension accounts funds currently held by Debtor ERS.

Cooperativa holds numerous liens on ERS pension fund assets which assets were assigned to Cooperativa by individual Commonwealth employees who executed loan agreements with Cooperativa. These individual loan agreements were the subject of guarantees made to Cooperativa by the individual borrowers pursuant to the terms of an *Assignment Agreement for Pensioners and/or an Assignment Agreement for Participants*, copies of which are attached hereto as **Exhibits A and B**. Under the *Assignment Agreement for Pensioners and/or an Assignment Agreement for Participants*, individual borrowers assigned to Cooperativa up to a certain percentage of the loan, or a certain dollar amount of salary contributions by that individual to his or her ERS pension plan. Pursuant to Article 2-119, 2011 L.P.R. 196, Cooperativa is a statutory lienholder over such individual participants' assigned funds.

ERS was duly notified and agreed to the individual Commonwealth employee and/or retiree assignment of salary contributions to the ERS pension plan. With respect to each guaranteed loan described above, the ERS together with and as an attachment to the *Assignment Agreement for Pensioners and/or Assignment Agreement for Participants*, executed a *Certificate of Estoppel and Recognition of Notification of Assignment* of Funds. *See* **Exhibits A and B.**

3. The total amount of Cooperativa's statutory lien interest in individual employee accounts held by ERS is **$525,422.93**. Cooperativa has filed 37 proof of claims, claiming secured status over assigned individual employee funds. ***See Exhibit C***. Each individual participant executed a *Statement of Consumer Credit Cost,* a copy of which is attached hereto as ***Exhibit D,*** restating Cooperativa's statutory security interest over the assigned assets as loan guarantee.

4. The individual Commonwealth employees who executed the *Assignment Agreement for Pensioners and/or an Assignment Agreement for Participants* have defaulted on their individual loans. No action was filed prepetition by Cooperativa against ERS to enforce Cooperativa's statutory lien interest in the individual employee funds.

5. The automatic stay was commenced in the Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), *(see* 48 U.S.C section 2101, et seq.), bankruptcy cases on June 30, 2017. Under 48 U.S.C. 2161(a), the Title III bankruptcy cases incorporate the automatic stay provisions of the U.S. Bankruptcy Code.

6. Cooperativa now requests that the automatic stay imposed in both Case No. 3:17-03283 and in Case No. 3:17-03566, be modified and lifted for the limited purpose of allowing it to seek to enforcement its statutory lien hold interest on the individual

employee funds currently held by ERS at this time in Puerto Rico state court. It also seeks from the Court an order stating that Cooperativa is entitled to enforce its lien interest and to receive payment of the asset property assigned to it from numerous retirement pension funds in the names of individual Cooperativa borrowers.

7. Section 362(a) of the Bankruptcy Code provides that upon filing a bankruptcy petition, the debtor is protected by a stay of the continuation or commencement of actions or proceedings against the debtor that were or could have been commenced before the filing of the bankruptcy petition. Similarly, 11 U.S.C. section 922(a), also incorporated into this Title III case under PROMESA, provides an additional stay of "…*any judicial, administrative, or other action or proceeding against an officer or inhabitant of the municipality that seeks to enforce a claim against the municipal debtor.*"

## ARGUMENT

8. Cooperativa seeks relief from the automatic stay to pursue its lien interest in funds currently being held by ERS for certain Commonwealth employees and/or retirees participating in the ERS pension fund. Under section 362(d), relief from the automatic stay may be granted when necessary to permit litigation to occur in another forum. *In re Sonnax Industries, Inc.,* 907 F2d 1280, 1286 (2nd Cir. 1990); *In re Brigade Leveraged Capital Structure Funds, Ltd. v. Garcia Padilla,* 217 F. Supp. 3d at 518; *In re Guzman,* 513 B.R. 202 (Bankr. D.P.R. 2014). To modify the stay, the Court will review certain factors to determine if cause exists to modify. These factors include:

> (1) whether the relief will result in a partial or complete resolution of the issues; (2) the lack of any connection with or interference with the bankruptcy case; (3) whether the foreign proceeding involves the debtor as fiduciary; (4)

whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases; (5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) whether the action essentially involves third parties; (7) whether litigation in another forum would prejudice the interest of other creditors and/or other interested parties; (8) whether the judgment claim arising from the foreign action is subject to equitable subordination under section 510(c); (9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor; (10) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; (11) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; (12) the impact of the stay on the parties and (13) the balance of hurt.

*In re Sonnax,* supra; *In re Guzman*, 513 B.R. at 208-09 (quoting *C&A, S.E. v. P.R Solid Waste Magmt.,* 369 B.R. 87, 95-96 (D.P.R. 2007). *"The party moving for the automatic stay to be lifted need not prove a plurality of these factors[,] . . . [and] Courts will generally rely in only a few factors . . . to determine that sufficient cause exist[s] to lift the stay." Id.* at 208. *"Relief from stay hearings are merely summary proceedings to ascertain whether the party seeking relief has a colorable claim to estate property" rather than determinations of "the merits of the underlying substantive claims, defenses or counterclaims." In re Bailey,* 574 B.R. 15, 19 (Bankr. D. Me. 2017).

In the present case, the following factors support immediate relief from the automatic stay:

    (a)    Relief from the automatic stay will result in a complete resolution of Cooperativa's issue, which is to enforce its statutory lien interests in individual funds held by the ERS, who has never objected or questioned the validity of Cooperativa's statutory lien over the funds in question. Further, the documents attached hereto preclude any actual dispute of Cooperativa's colorable claim of a statutory lien on ERS funds at this time.

    (b)    Relief from the automatic stay will in no way interfere with the Title III bankruptcy case, because the funds assigned to Cooperativa by the individual employees are employee salary funds withheld by the Commonwealth for purposes of the ERS pension accounts. The funds would qualify under 11 U.S.C. section 541(a)(7) as exempt from individual

bankruptcies because they were withheld by an employer from wages of employees for payment as contributions to an employee benefit plan.

(c) The Debtors in the Title III proceedings are not fiduciaries of Cooperativa.

(d) Cooperativa's proceedings in the Puerto Rico courts to enforce its lien interest in the withheld funds will not prejudice the interest of other creditors and/or other parties, because the funds are not assets of the ERS bankruptcy proceeding but belong to the individual employees and were assigned prepetition to Cooperativa.

(e) Cooperativa's proceedings in the Puerto Rico courts to enforce its lien interest in non-bankruptcy estate funds would enhance the interest of judicial economy and the expeditious and economical determination of the parties legal rights.

(f) Without relief from the automatic stay, Cooperativa has no other avenue to seek an enforcement of its lien interests in its borrower's pension funds which remain under the possession of the ERS.

(g) The balance of harm strongly favors relief from the automatic stay to allow Cooperative to enforce its lien interests, because without relief, Cooperativa has no remedy to recover the funds properly assigned by its borrowers. Further, relief from the stay will not prejudice other creditors, the ERS, or other debtors in the Title III proceedings.

10. Cooperativa entered into the loan agreements with the individual borrowers to assist them at a time of great financial need. The loans were properly guaranteed by the individual borrowers by assigning a certain reasonable portion of their salary contributions to their pension fund, held prepetition by ERS, who agreed to and participated in the individual borrower's assignment of a portion of their pension funds. Cooperativa seeks relief from the automatic stay in this Title III case to proceed with its rightful recovery of the assigned funds on the individual loans now in default.

11. Section 362(d)91) of the Bankruptcy Code specifically provides that "…[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the

*Motion For Lift Of Stay* 8

stay . . . such as by terminating, annulling, modifying or conditioning such stay . . . (1) for cause. . . ." 11 U.S.C. § 362(d)(1). Cooperativa respectfully requests a prompt hearing on this motion for relief from the automatic stay.

## CONCLUSION

For each of the reasons stated herein, *Cooperativa de Ahorro y Crédito Vegabajeña* respectfully requests this Court to grant its Motion for Relief from Stay and for whatever further relief this Court deems just and proper at this time.

Respectfully submitted.

## NOTICE OF HEARING

*Cooperativa de Ahorro y Crédito Vegabajeña*, files this *Motion for Lift of Stay, etc.* Objections to this Motion must be served to counsel for counsel for Cooperativa on or before the Objection Deadline of October 19, 2018. The Hearing Date for the court to consider the Motion is November 7, 2018 at 9:30 a.m. **If no Objection is timely filed and served in accordance with the Case Management Procedures, the requested Motion for Lift of Stay may be granted without a hearing.**

## NOTICE OF SERVICE

I certify that on this date I filed a true and correct copy of the foregoing *Motion for Lift of Stay, etc.* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to CM/ECF participants: *Hermann Bauer, Esq.,* Hermann.Bauer@oneillborges.com; *Ubaldo M. Fernandez Barrera, Esq.,* ubaldo.fernandez@oneillborges.com; counsel to The Financial Oversight & Management

*Motion For Lift Of Stay* 9

Board For Puerto Rico; ***Diana M. Perez, Esq,*** dperez@omm.com; ***Luis C. Marini Biaggi, Esq.,*** lmarini@mpmlawpr.com; ***Carolina Veraz-Rivero, Esq.,*** cvelaz@mpmlawpr.com; counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority; and by USPS to the U.S. Trustee.

In San Juan, P.R, this 4th day October, 2018.

/s/ Carlos A. Quilichini Paz
USDCPR 120906
Jessica M. Quilichini Ortíz
USDCPR 223803
Attorneys for Cooperativa de
Ahorro y Crédito Vegabajeña
Post Office Box 9020895
San Juan, Puerto Rico 00902-0895
Telephone: (787) 729-1720
Facsimile: (787) 724-6000
Email: quilichinipazc@microjuris.com