UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS |

## URGENT MOTION FOR RELIEF FROM STAY
## TO CONTINUE EMPLOYMENT DISCRIMINATION CASE

**COMES NOW**, Luz Pizarro-Correa ("Movant"), through the undersigned counsel and very respectfully move the Court for an Order pursuant to 11 U.S.C. Sec. 362 for relief from the Automatic Stay and, in support of this motion, states as follows:

### CERTIFICATION

This Certification asserts full compliance with request under the Sixth Amended Case Management Procedures Notice, Case Management and Administrative Procedures Order dated August 24, 2018 at docket entry 3804, as set forth at Paragraph III.Q of Section III (Scheduling) of the Order.

The undersigned attorney certifies compliance with the Lift Stay Notice and the Lift Stay Notice Period, and corresponding conference to resolve Movant's request for relief from the automatic stay. The parties failed to reach an agreement and Movant files its motion for relief from stay. See Exhibits.

### ARGUMENTS

1. On September 7, 2016, Movant Pizarro-Correa, a former Puerto Rico Internal Revenue Department employee filed her civil action against the Commonwealth of Puerto Rico, Civil Case No. **3:16-cv-2598**, under *Title VII* of the Civil Rights Act of 1964, 42 U.S.C.

§2000e-16 for Gender Discrimination, the Americans with Disability Act of 1990, as amended ("ADA"), 42 U.S.C. §12101 et seq., and for Employment Retaliation, currently pending before the United States District Court for the District of Puerto Rico.

2. On June 6, 2017, the Commonwealth of Puerto Rico filed a motion titled "*Notice of Automatic Stay of Proceedings Pursuant to the Commencement of Case Under Title III of Promesa*" informing the filling of a Petition would have the effect of an automatic stay pursuant to Section 301(a) of PROMESA ("Section 301(a)"). Section 301(a) states that, among other things, 11 U.S.C. Sec. 362 of the United States Bankruptcy Code are applicable for petitions under Title III.

3. The Movant in the referenced civil action seeks a declaratory judgment with the restitution of her employment. As well as back pay and any relief the Court may deem equitable, just and appropriate. Her civil action arises from federal employment anti-discrimination laws, unassociated nor related to the collection of any debt. The Movant is not an investor, nor a creditor seeking to take possession or distribute assets belonging to the Commonwealth's estate. Movant's claim for *cause* can and should be exclude from a bankruptcy discharge, given that her civil action will have very little or no effect on this bankruptcy. The undue hardship of prolonging Movant's potential restitution of her employment is not necessary for the Commonwealth to successfully complete the bankruptcy and Movant's civil action seeks to change employer's behavior towards disabled employees just like her. Because Movant's condition of employment isn't related to a debt owed to a creditor, the Movant should be allowed to continue with her employment lawsuit. In this sense, the relief sought by the Movant will also have no significant effect at all on the bankruptcy estate.

4. The merits of Movant's claims should be adjudicated by the district court. Courts consider many factors in deciding whether cause exists to lift the automatic stay so that a creditor can pursue pending litigation in another forum. Relevant factors include the interests of

judicial economy, the degree of connection or interference with the bankruptcy case, prejudice to the bankruptcy case or other creditors, the presence of non-debtor third parties, the Debtor's misconduct, and the probability that the creditor will prevail in the pending litigation. In re Ulpiano Unanue-Casal, 159 B.R. 90, 95-96 (D.P.R. 1993), aff'd by 23 F.3d 395. (1st Cir. 1994). Here, these factors weigh strongly in the Movant's favor.

5. The term "cause" is determined on a case-by-case basis. Courts have set forth various multi-factor tests. See In re Granati, 271 B.R. 89, 93 (Bankr. E. D. Va. 2001) (four factor test); In re Johnson, 115 B.R. 634, 636 (Bankr. D. Minn. 1989) (seven factor test); In re Pro Football Weekly, Inc., 60 B.R. 824, 826 (N.D. Ill. 1986) (three factor test); In re Curtis, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984) (twelve factor test). Courts have relied on only a few factors, or even a single factor, in deciding to lift the stay. "*In weighing these factors, this Court does not need to specifically address each of the various factors, but instead only needs to consider those factors relevant to the particular case, and this Court does not need to assign them equal weight*." In re R.J. Groover Construction, LLC, 411 B.R. 460, 464 (S.D. Ga. 2008) (citations omitted). In In re Ulpiano Unanue-Casal, 159 B.R. 90 (D.P.R. 1993)—a district court decision that the First Circuit affirmed—the court took guidance from the following factors:

> (1) Whether the relief will result in a partial or complete resolution of the issues; (2) The lack of any connection with or interference with the bankruptcy case; (3) Whether the non-bankruptcy proceeding involves the debtor as a fiduciary; (4) Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases; (5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) Whether the action primarily involves third parties; (7) Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee or other interested parties; (8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c); (9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f); (10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties; (11) Whether the

>non-bankruptcy proceedings have progressed to the point where the parties are prepared for trial; and (12) The impact of the stay on the parties and the "balance of hurt."

159 B.R. at 95-96 (D.P.R. 1993) aff'd by 23 F.3d 395 (1st Cir. 1994). The court also relied on two additional factors; namely, the misconduct of the debtor and whether the creditor has a probability of prevailing on the merits. Id. at 96.

6. Here most factors weight in favor of lifting the stay for Movant's employment claim, including: *The interest of judicial economy*, *nature of district court's litigation and the lack of any interference or connection with the bankruptcy proceeding*. In Movant's case defendant engaged in motion practice by timely filing a dispositive motion *prior* to filing a motion for stay, and the Movant also timely filed her opposition. The district court has knowledge of the facts and allowing the district court to adjudicate the pending motions will lead to the most expeditious resolution of Movant's claim. See <u>In re Aquarious Disk Services, Inc</u>. 254 B.R. 253, 260, (Bankr. N.D. Cal. 2000), here judicial economy militates in favor of the non-bankruptcy forum. The litigation in the district court does not involve bankruptcy law nor require the expertise of a bankruptcy judge, lifting the stay will not prejudice the Debtor. Further, **a bankruptcy case will not resolve Movant's employment discrimination claim. Redress of Plaintiff's gender discrimination and hostile work environment claims does not require Bankruptcy law, and Bankruptcy Court is not the proper venue for movant's employment discrimination claims, such as plaintiff's Title VII gender discrimination.** As echoed in the legislative history to § 362(d)(1), Congress believed that "*it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.*" H.R. Rep. No. 95–595, at 341 (1977); S.Rep. No. 95–989, at 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836. Litigation of

Movant's employment discrimination claim in the district court will not tie up significant estate assets that may be used to satisfy creditors' claims, nor interfere with distribution of assets. Commonwealth is not the only defendant in the district court.

**Title VII Gender Discrimination
and Hostile Work Environment Claims may prevail on its Merits**
**(Survived Dispositive Motion)**

7. The Honorable District Court ruled on defendant Commonwealth's dispositive motion, and said dispositive motion was denied in part. The Movant Luz Pizarro may prevail on the merits of her *Title VII Gender Discrimination and Hostile Work Environment*. These claims *survived* defendant's dispositive motion. "Even a slight probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case." In re Tribune Co., 418 B.R. 116, 129 (Bankr. D. Del. 2009) (quotation omitted). See also In re Antontio L. Giordano, 1:11-bk-13943.

8. The automatic stay of case **3:16-cv-2598** should be lifted pursuant to 11 U.S.C. Sec. 362 (d)(1) for *cause*, including but not limited to reasons stated in this motion for relief from stay. The automatic stay should be lifted pursuant to 11 U.S.C. Sec. 362 (d)(2) because the adjudication of Movant's Title VII Gender Discrimination and Hostile Work Environment claim in *this case* is NOT necessary in the bankruptcy process for effective reorganization of the Commonwealth, a partial denial of the Commonwealth's dispositive motion on her discrimination case show her Title VII claims do have some merits.

WHEREFORE, Movant respectfully requests that the Court enter an order granting relief from the automatic stay allowing Movant to continue her **Title VII Gender Discrimination and Hostile Work Environment** Case **(3:16-cv-2598)** pending in the District Court and further relief as Court deem proper.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY: That on this day, I electronically filed the foregoing motion with the Clerk of the Court using CM/ECF Filing system which will send notification to the parties and subscribed users.

Notice of this Motion shall be served via the CM/ECF system to counsel for the Oversight Board; the Puerto Rico Fiscal Agency and Financial Advisory Authority; Creditors' Committee; Committee of Retirees, in compliance with the Sixth Amended Notice, Case Management and Administrative Procedures, dated August 24, 2018 at docket entry 3804.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 4th day of October 2018.

S/ Humberto Cobo-Estrella
Humberto Cobo-Estrella, Esq.
*Attorney for Movant Luz Pizarro-Correa*
**USDC-PR230108**
PO Box 366451
San Juan, Puerto Rico 00936-6451
Tel. **(787) 529-7140**
Email: **hcobo@hcounsel.com**