# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF Nos. 3755, 3935**<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**This Joint Status Report relates to the Commonwealth, HTA, and PREPA, and shall be in Case Nos. 17 BK 3283-LTS, 17 BK 3567-LTS, and 17 BK 4780-LTS.** |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA"), | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| Debtor. | |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

**JOINT STATUS REPORT IN COMPLIANCE WITH SCHEDULING ORDER REGARDING HEARING REQUEST AND REPLY FILED BY AUTONOMOUS MUNICIPALITY OF PONCE [ECF NO. 3755]**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Fiscal Agency and Financial Authority ("AAFAF"), as the entity authorized to act on behalf of the Puerto Rico Power Authority ("PREPA") and the Puerto Rico Highways and Transportation Authority ("HTA") pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017, and the Commonwealth of Puerto Rico (the "Commonwealth" and together with PREPA and HTA, the "Debtors"),[2] and the Municipality of Ponce ("Movant" or "AMP") respectfully submit this joint status report (the "Joint Status Report") in compliance with the *Scheduling Order Regarding Hearing Request and Reply filed by the Autonomous Municipality of Ponce* [ECF No. 3755] (the

---

[2] The Financial Oversight and Management Board for Puerto Rico, as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized (i) the Department of Justice to file this Joint Status Report on behalf of the Commonwealth and (ii) AAFAF to file this Joint Status on behalf of PREPA and HTA.

2

"<u>Scheduling Order</u>"). The Scheduling Order requests that the Parties meet and confer regarding the Hearing Request and file a joint status report:[3]

> (i) Identifying any material disputed issues of fact that are relevant the disposition of the *Motion for Partial Lift of Stay* (the "<u>Motion</u>") [ECF No. 3019];
>
> (ii) providing a list of witnesses, if any, whose testimony the Parties would rely upon if the Court were to schedule a hearing on the Motion; and
>
> (iii) setting forth their expectations as to the amount of time required for such hearing.

By filing this Joint Status Report, neither the Debtors nor Movant waive any rights or defenses, including but not limited to their respective positions set forth in their papers in support of and in opposition of the Motion.

In compliance with the Scheduling Order, the Debtors and Movant hereby (i) confirm that they met and conferred, and (ii) submit the following responses to the three inquiries raised in the Scheduling Order.

**I. Material disputed issues of fact that are relevant the disposition of the Motion.**

    A. <u>AMP</u>

        i. Material disputed issues of fact that are relevant to the disposition of the Motion for Partial Lift of Stay (Docket Entry No. 3019 in Case No. 17-3283, the "Motion").

        APM understand that we establish that prima facie cause exist as requested in IN RE R. J. Groover 411 B. R. 460 (464) Here, Mrs. Karp has made a prima facie showing that "cause" exists. First, the state court proceeding has been pending for almost three years and much of the discovery has been

---

[3] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Scheduling Order and Commonwealth's Response, the HTA Joinder and the PREPA Joinder (as all are defined below).

3

completed. (Factors # 1, # 10, # 11). As stated by Seventh Circuit Court of Appeals, "[w]here the stayed non-bankruptcy litigation has reached an advanced stage, courts have shown a willingness to lift the stay to allow the litigation to proceed." IBM v. Fernstrom Storage and Van Co. (In re Fernstrom Storage and Van Co.), 938 F.2d 731, 737 (7th Cir.1991); see e.g., Crown Heights Jewish Cmty. Council, Inc., v. Fischer (In [411 B.R. 465] re Fischer), 202 B.R. 341, 355 (E.D.N.Y. 1996); In re Mid-Atl. Handling Sys., L.L.C., 304 B.R. 111, 131 (Bankr.D.N.J. 2003); Murray Indus., Inc. v. Aristech Chem. Corp. (In re Murray Indus., Inc.), 121 B.R. 635, 637 (Bankr.M.D.Fla.1990); In re Kaufman, 98 B.R. 214, 215 (Bankr. E.D.Pa.1989); cf. In re Sonnax Indus., 907 F.2d at 1287 (declining to lift stay in part because "the litigation in state court has not progressed even to the discovery stage."); Arnold Dev., Inc., v. Collins (In re Collins), 118 B.R. 35, 38 (Bankr.D.Md.1990)(declining to lift stay where parties in state court proceeding had not yet begun discovery).

1. If it's real that Debtor Commonwealth have to expend over $100 million dollars from the General Fund to finish their projects under the *Agreement for the Development of Programmed Projects (*the "Prepetition Agreement"). (see docket 3439 page 7, 10; also docket 3911 page 13).

2. If Debtor HTA would have to spend tens of thousands of dollars annually to fund the cost of Monitor in "Ponce en Marcha" case. (see docket 3439 page 7)

3. If Debtor PREPA has to expend 16 million dollar to finish their Phase III and IV of the "Ponce en Marcha" case "Prepetition Agreement" ( see docket 3439 page 2).

4. If the Debtor PREPA phase III of "Ponce en Marcha" under "Prepetition Agreement" it's almost finish and for more than 3 years waiting to be wire the underground pipes, energize and connection with the houses and business of that neighborhood.

5. If that project could finish with around $700,000.00 from Debtor PREPA. If that Phase III project protect safety of the persons of that neighborhood.

6. If those $700,000.00 necessarily to finish Phase III constituted an "interference with, or diminution of Debtor's property" and if waiting 3 years for concluding that Phase III constitute a "head start for collections…"( see docket 3439 page 6).

7. If the Debtor include the "Prepetition Agreement" as a claim in their reorganization plan would this Court must deal with the construction disputes between Debtors, Movants and third parties that also are part of the "Ponce en Marcha" case and got participation on those construction sites, like Ports Authority, Claro, Liberty Cable, Water and Sewer Authority etc. (see docket 3439 page 11).

8. How much of the funds of those project of the "Prepetition Agreement" will be diverted to whom specific creditor if those projects will be abandon by Debtors and how much money and resources was wasted by Debtors by abandon as is (see docket 3439 page 11).

    B. <u>Commonwealth</u>

As stated in the *Commonwealth's Response to (A) Omnibus Reply to Opposition to Motion Requesting Lifting of the Stay and (B) Motion Requesting Hearing on 362 Lifting of the Stay Filed by Autonomous Municipality of Ponce* (the "<u>Commonwealth's Response</u>") [Case No. 17 BK 3283, ECF No. 3911; Case No. 17 BK 3567, ECF No. 503; and Case No. 17 BK 4780, ECF No. 957], an evidentiary hearing is not necessary to resolve the Motion and would be a waste of the Commonwealth and judicial resources. The Commonwealth submits that there are no material

5

disputed issues of fact that may be relevant for the disposition of the Motion, since the only assertion that Movant is seeking to contest by requesting an evidentiary hearing is the exact cost, for the Commonwealth and the other Debtors, to complete various projects under the Prepetition Judgment. There is no controversy that the Commonwealth would need to assume the cost of tens of millions of dollars to complete these projects, and whether the exact cost for the Commonwealth is $100 million or less, is irrelevant for purposes of disposing of the Motion. Even assuming as true the factual assertions in the Monitor Statement and Reply, Movant concedes that the cost of compliance among the Debtors would be $44,154,610.38—a substantial amount that the Debtors, particularly the Commonwealth, would have to assume.

Movant has failed to establish cause for lifting the automatic stay, and the assertion for which Movant is seeking an evidentiary hearing, besides not being controverted, does not materially alter the analysis under any of the *Sonnax* factors.

C. HTA

HTA submits there are no material disputed issues of fact that may be relevant for the disposition of the Motion. HTA has stated in all its responses to the Motion [Case No. 17 BK 3283, ECF No. 3661 and 3913; Case No. 17 BK 3567, ECF No. 471 and 504; and Case No. 17 BK 4780 ECF No. 898 and 958] that the two constructions projects under the Development Agreement covered in the Prepetition Judgment, Project AC-000915 and Project AC-000911 (the "HTA Projects") are funded by federal funds through the Federal Highway Administration's Puerto Rico Highway Program, 23 U.S.C. § 165. Movant has not disputed that HTA would have to expend tens of thousands of dollars annually to fund the costs of the Commonwealth Court-appointed monitor to audit the completion of the HTA Projects. In fact, the Monitor Statement validates such fact by

6

conceding HTA would have to expend approximately between $90,000 to $150,000 per year to fund the costs of the Commonwealth Court-appointed monitor. *See* Monitor Statement at 5.

### D. PREPA

PREPA submits there are no material disputed issues of fact that may be relevant for the disposition of the Motion. PREPA stated, in its *Joinder of the Puerto Rico Fiscal Agency and Financial Advisory Authority on behalf of the Puerto Rico Electric Power Authority to Objection of the Commonwealth of Puerto Rico for Partial Lift of Stay filed by the Autonomous Municipality of Ponce* [Case No. 17 BK 4780 ECF No. 898] that, should the stay be modified in order to complete the construction projects in compliance with the Prepetition Judgment, it would be required to spend approximately $16 million at a time when PREPA's resources are both extremely limited and fully committed to the restoration and repairs of its electric system. Movant has not disputed that PREPA would have to divert its resources. What Movant does contest is the amount PREPA would have to invest to complete the project. This amount has been estimated by PREPA at $16 million given the scope of the work that had been contemplated in writing. Notwithstanding, and pursuant to the Monitor Statement, Phase IV C cannot be completed as visualized given that the zone at issue is a flood prone area. As a result of this, the parties had discussed the possibility of substituting this phase for changing poles and realigning the electrical system to minimize the aerial distribution presently in place. [Case No. 17 BK 4780 ECF No. 898 at p. 10.]. However, this proposal was never reduced to writing and thus PREPA never requested quotes for this verbal proposal. The difference in PREPA's $16 million estimate and the Monitor's estimate of $6 million is based on this alleged agreement that, as stated, was never reduced to writing and thus is not binding to any of the parties involved.

7

Further, Movant states that the safety of the people of Ponce is an issue of fact that has to be evaluated by the Court in the lift stay hearing. However, Movant has failed to bring forth any credible argument to sustain that having the same electrical system as the rest of Puerto Rico somehow threatens the safety of the people of Ponce. Lastly, the reasons Movant has provided to seek an evidentiary hearing, even if true for arguments' sake, bear no relevance to the *Sonnax* factors and there is no reason for this Court to lift the automatic stay at this juncture.

**II. List of witnesses, if any, whose testimony the Parties would rely upon if the Court were to schedule a hearing on the Motion.**

A. <u>AMP</u>

Movant will rely on the technical and personal knowledge of monitor counselor and engineer Justo Varela-Dieppa who received reports and motions from Debtors' attorneys and met with Debtors engineer and technical. Personal during the past 5 years.

B. <u>Commonwealth.</u>

Should this Court schedule an evidentiary hearing, the Commonwealth would not need to rely on the testimony of any witnesses. The Commonwealth submits that the Sworn Statements of Mabel C. Rivera Sanabria and Carlos Rubén Maldonado de León attached as **Exhibits B** and **C**, respectively, to the Commonwealth's Response are sufficient evidence on which this Court can rely on to make a determination as to the Motion. Since the Commonwealth submits there are no material disputed issues of fact, the Commonwealth understands there is no need for any witnesses on behalf of the Commonwealth. Notwithstanding the foregoing, the Commonwealth reserves all rights including, requesting that this Court exclude Movant's witness from testifying due to a potential conflict[4] and, if necessary, to cross-examine Movant's witness.

---

[4] Mr. Varela-Dieppa is the court appointed monitor in the aforementioned Commonwealth Court case.

8

C. HTA

Since there are no material disputed issues of fact with regards to HTA, HTA will not provide the testimony of any witness. Notwithstanding the foregoing, HTA reserves all rights to cross-examine Movant's witness.

D. PREPA

Should this Court schedule an evidentiary hearing, PREPA would present the testimony of Eng. Walter Carrasquillo, technical representative of PREPA in the remaining Prepetition Judgment proceedings.

### III. Expectations as to the amount of time required for such hearing

A. AMP

The direct testimony of our expert witness could take 3 hours.

B. Commonwealth

The Commonwealth's position is that there are no material disputed issues of fact and that no witnesses are necessary for the disposition of the Motion. However, if this Court decides to schedule an evidentiary hearing, the Commonwealth understands it will need the same time allocation that Movant has requested for the cross-examination of Movant's witness.

C. HTA

HTA's position is that there are no material disputed issues of fact and that no witnesses are necessary for the disposition of the Motion. However, if this Court decides to schedule an evidentiary hearing, HTA understands it will need the same time allocation that Movant has requested for the cross-examination of Movant's witness.

D. PREPA

PREPA's position is that there are no material disputed issues of fact and that no witnesses are necessary for the disposition of the Motion. However, if this Court decides to schedule an evidentiary hearing, PREPA will present the testimony of Eng. Walter Carrasquillo which, with the assistance of a certified English interpreter, is expected to take one hour.

[*Remainder of Page Left Intentionally Blank*]

Dated: October 4, 2018.
      San Juan, Puerto Rico

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/ Luis C. Marini-Biaggi* <br> Luis C. Marini-Biaggi <br> USDC No. 222301 <br> Email: lmarini@mpmlawpr.com | **CARLOS FERNANDEZ-NADAL** <br><br> */s/ Carlos Fernández Nadal, Esq.* <br> USDC No. 209208 <br> 818 Hostos Ave. Ste. B <br> **Ponce, PR, 00716** <br> **Tel: (787) 848-4612/(787)-533-6003** <br> **Fax : (787) 395-7906** <br> Email: carlosfernandez@cfnlaw.com |
| */s/Carolina Velaz-Rivero* <br> Carolina Velaz-Rivero <br> USDC No. 300913 <br> Email: cvelaz@mpmlawpr.com | |
| **MARINI PIETRANTONI MUÑIZ LLC** <br> MCS Plaza, Suite 500 <br> 255 Ponce de León Ave. <br> San Juan, Puerto Rico 00917 <br> Tel: (787) 705-2171 <br> Fax: (787) 936-7494 | *Attorney for the Movant* |

*Attorneys for the Puerto Rico Fiscal
Agency and Financial Advisory Authority*

*/s/ Kevin D. Finger*
Nathan A. Haynes (Admitted *Pro Hac Vice*)
**Greenberg Traurig LLP**
MetLife Building
200 Park Avenue
New York, NY 10166
Tel: (212) 801-9200
Fax: (212) 801-6400
Email: mitchelln@gtlaw.com
haynesn@gtlaw.com

David D. Cleary (admitted *pro hac vice*)
Kevin D. Finger (admitted *pro hac vice*)
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Tel: (312) 456-8400
Fax: (312) 456-8435
Email: clearyd@gtlaw.com

11

fingerk@gtlaw.com

Joseph P. Davis III (admitted *pro hac vice*)
Greenberg Traurig, LLP
One International Place, Suite 2000
Boston, MA 02110
Tel: (617) 310-6000
Fax: (617) 310-6001
Email: davisjo@gtlaw.com

*Attorneys for Puerto Rico Fiscal Agency and Financial Advisory Authority*


**WANDA VÁZQUEZ GARCED**
Secretary of Justice
*/s/ Wandymar Burgos Vargas*
**WANDYMAR BURGOS VARGAS**
USDC 223502
Deputy Secretary in Litigation
Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Phone: 787-721-2940 Ext. 2500, 2501
wburgos@justicia.pr.gov

*Attorneys for the Commonwealth of Puerto Rico*