# EXHIBIT   61

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

**Fill in this information to identify the case (Select only one Debtor per claim form). / Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación).**

| | | |
|---|---|---|
| ☐ Commonwealth of Puerto Rico<br>El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date:<br>May 3, 2017 |
| ☐ Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date:<br>May 5, 2017 |
| ☐ Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date:<br>May 21, 2017 |
| ☐ Employees Retirement System of the Government of the Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date:<br>May 21, 2017 |
| ☒ Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date:<br>July 2, 2017 |

RECEIVED

MAY 24 2018

PRIME CLERK LLC



1703283800007411

## Modified Official Form 410 / Formulario Oficial 410 Modificado

# Proof of Claim / Evidencia de reclamación

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

**Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.**

Quienes presenten la documentación deben omitir o editar información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. **No adjunte documentos originales,** ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

**Fill in all the information about the claim as of the Petition Date.**

☐ Date Stamped Copy Returned
☐ No Self-Addressed Stamped Envelope
☒ No Copy Provided

**Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.**

| Part 1 / Parte 1 | Identify the Claim / Identificar la reclamación |
|---|---|

**1. Who is the current creditor?**

**¿Quién es el acreedor actual?**

Assured Guaranty Municipal Corp.

Name of the current creditor (the person or entity to be paid for this claim)
Nombre al acreedor actual (la persona o la entidad a la que se le pagará la reclamación)

Other names the creditor used with the debtor      See attached Annex to Proof of Claim.
Otros nombres que el acreedor usó con el deudor

**Claim Number: 32829**

| 2. | Has this claim been acquired from someone else?<br><br>¿Esta reclamación se ha adquirido de otra persona? | ☒ No / No<br>☐ Yes. From whom?<br>    Sí. ¿De quién? _____ |
|---|---|---|

| 3. | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)<br><br>¿A dónde deberían enviarse las notificaciones al acreedor?<br><br>Norma federal del procedimiento de quiebra (FRBP, por sus siglas en inglés) 2002(g | **Where should notices to the creditor be sent?**<br>**¿A dónde deberían enviarse las notificaciones al acreedor?**<br><br>See Annex to Proof of Claim<br>Assured Guaranty Municipal Corp.<br>Attn:  Terence Workman<br>Name / Nombre<br><br>1633 Broadway<br>Number / Número    Street / Calle<br><br>New York     NY        10019<br>City / Ciudad  State / Estado  ZIP Code / Código postal<br><br>(212) 408-6053<br>Contact phone / Teléfono de contacto<br><br>tworkman@agltd.com<br>Contact email / Correo electrónico de contacto | **Where should payments to the creditor be sent?**<br>(if different)<br>**¿A dónde deberían enviarse los pagos al acreedor?** (En caso de que sea diferente)<br>See Annex to Proof of Claim<br>Assured Guaranty Municipal Corp.<br>Attn:  Terence Workman<br>Name / Nombre<br><br>1633 Broadway<br>Number / Número    Street / Calle<br><br>New York     NY        10019<br>City / Ciudad  State / Estado  ZIP Code / Código postal<br><br>(212) 408-6053<br>Contact phone / Teléfono de contacto<br><br>tworkman@agltd.com<br>Contact email / Correo electrónico de contacto |
|---|---|---|---|

| 4. | Does this claim amend one already filed?<br><br>¿Esta reclamación es una enmienda de otra presentada anteriormente? | ☒ No / No<br>☐ Yes.  Claim number on court claims registry (if known)<br>    Sí.  Número de reclamación en el registro de reclamaciones judiciales (en caso de saberlo)_____<br>    Filed on / Presentada el _____ (MM /DD/YYYY) / (DD/MM/AAAA) |
|---|---|---|

| 5. | Do you know if anyone else has filed a proof of claim for this claim?<br><br>¿Sabe si alguien más presentó una evidencia de reclamación para esta reclamación? | ☒ No / No<br>☐ Yes. Who made the earlier filing?<br>    Sí. ¿Quién hizo la reclamación anterior?_____ |
|---|---|---|

**Part 2 / Parte 2:**     Give Information About the Claim as of the Petition Date

Complete toda la información acerca de la reclamación desde la fecha en la que se presentó el caso.

| 6. | Do you have a claim against a specific agency or department of the Commonwealth of Puerto Rico?<br><br>¿Tiene una reclamación en contra de algún organismo o departamento específico del Estado Libre Asociado de Puerto Rico? | ☒ No / No<br>☐ Yes. Identify the agency or department and contact name. (A list of Commonwealth of Puerto Rico agencies and departments is available at: https://cases.primeclerk.com/puertorico/.)<br>Sí. Identifique el organismo o departamento y nombre del representante. (Una lista de agencias y departamentos del Estado Libre Asociado de Puerto Rico está disponible en: https://cases.primeclerk.com/puertorico/).<br><br>_____ |
|---|---|---|

| 7. | Do you supply goods and / or services to the government?<br><br>¿Proporciona bienes y / o servicios al gobierno? | ☒ No / No<br>☐ Yes. Provide the additional information set forth below / Sí. Proporcionar la información adicional establecida a continuación:<br><br>Vendor / Contract Number | Número de proveedor / contrato: _____<br><br>List any amounts due after the Petition Date (listed above) but before June 30, 2017:<br>Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017  $ _____ |
|---|---|---|

| | |
|---|---|
| 8.  How much is the claim?<br><br>¿Cuál es el importe de la reclamación? | $ See Annex_____. **Does this amount include interest or other charges?**<br>**¿Este importe incluye intereses u otros cargos?**<br>❑ No / No<br>❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).<br>Sí. Adjunte un balance con intereses detallados, honorarios, gastos u otros cargos exigidos por la Norma de Quiebras 3001(c)(2)(A). |

| | |
|---|---|
| 9.  What is the basis of the claim?<br><br>¿Cuál es el fundamento de la reclamación? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.<br><br>See attached Annex to Proof of Claim._____ |

| | |
|---|---|
| 10. Is all or part of the claim secured?<br><br>¿La reclamación está garantizada de manera total o parcial? | ❑ No / No<br>☒ Yes. The claim is secured by a lien on property.<br>Sí. La reclamación está garantizada por un derecho de retención sobre un bien.<br><br>**Nature of property / Naturaleza del bien:**<br>❑ Motor vehicle / Vehículos<br><br>☒ Other. Describe:<br>Otro. Describir:   See Annex to Proof of Claim._____<br><br>**Basis for perfection / Fundamento de la realización de pasos adicionales:** _____<br>_____See Annex to Proof of Claim._____<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención.)<br><br>**Value of property / Valor del bien:**   $ See Annex to Proof of Claim.<br><br>**Amount of the claim that is secured /**<br>**Importe de la reclamación que está garantizado:** $ See Annex to Proof of Claim.<br><br>**Amount of the claim that is unsecured /**<br>**Importe de la reclamación que no está garantizado:** $ See Annex to Proof of Claim.<br>(The sum of the secured and unsecured amounts should match the amount in line 7.)<br>(La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)<br><br>**Amount necessary to cure any default as of the Petition Date /**<br>**Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso :** $_____<br>_____See Annex to Proof of Claim._____<br><br>**Annual Interest Rate** (on the Petition Date) (See Annex to Proof of Claim)<br>**Tasa de interés anual** (cuando se presentó el caso) _____ %<br>❑ Fixed / Fija<br>❑ Variable / Variable |

| | |
|---|---|
| 11. Is this claim based on a lease?<br><br>¿Esta reclamación está basada en un arrendamiento? | ☒ No / No<br><br>❑ Yes. Amount necessary to cure any default as of the Petition Date.<br>Sí. Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso $_____ |

Modified Official Form 410                                    **Proof of Claim**                                    page 3

| | |
|---|---|
| **12. Is this claim subject to a right of setoff?**<br><br>¿La reclamación está sujeta a un derecho de compensación? | ☐ No / No<br><br>☒ Yes. Identify the property /<br>Sí. Identifique el bien: _____ **See Annex** _____ |

| | |
|---|---|
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**<br><br>¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b)(9) del U.S.C.? | ☒ No / No<br><br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the Petition Date in these Title III case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.    $_____<br><br>Sí. Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 días anteriores a la fecha de inicio en estos casos del Título III, en el que los bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación. |

---

**Part 3 / Parte 3:**          **Sign Below / Firmar a continuación**

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**La persona que complete esta evidencia de reclamación debe firmar e indicar la fecha. FRBP 9011(b).**<br><br>Si presenta esta reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma. | *Check the appropriate box / Marque la casilla correspondiente:*<br><br>☐ I am the creditor. / Soy el acreedor.<br>☒ I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor.<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. / Soy el síndico, el deudor o su agente autorizado. Norma de quiebra 3004.<br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor. Norma de quiebra 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.<br><br>I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto.<br><br>Executed on date / Ejecutado el  05/24/2018  (MM/DD/YYYY) / (DD/MM/AAAA)<br><br>Signature / Firma _____ *Holly Horn* _____<br><br>**Print the name of the person who is completing and signing this claim / Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:** |

Name        **Holly Horn**
            First name / Primer nombre        Middle name / Segundo nombre        Last name / Apellido

Title / Cargo     **Chief Surveillance Officer – Public Finance**

Company / Compañía  **Assured Guaranty Corp./Assured Guaranty Municipal Corp.**
            Identify the corporate servicer as the company if the authorized agent is a servicer.
            Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador.

Address / Dirección  **1633 Broadway**
            Number / Número        Street / Calle

            **New York**                           **NY**           **10019**
            City / Ciudad                    State / Estado    ZIP Code / Código postal

Contact phone / Teléfono de contacto  **212.339-3526**        Email / Correo electrónico  hhorn@agltd.com

**ANNEX TO PROOF OF CLAIM OF ASSURED GUARANTY MUNICIPAL CORP. FOR
SWAP CLAIMS**

This is an Annex to the proof of claim (the "Proof of Claim") filed by Assured Guaranty
Municipal Corp., f/k/a Financial Security Assurance Inc. ("AGM" or "Claimant"). AGM is the
holder of certain claims (collectively, the "Claims") against the Puerto Rico Electric Power
Authority ( "PREPA") or the "Debtor"), as described on the prefixed Proof of Claim to which
this Annex relates and as set forth in further detail herein.

Nothing herein shall constitute a waiver of any of AGM's rights or defenses against the
Debtor, the Financial Oversight and Management Board for Puerto Rico ("FOMB"), the
Commonwealth of Puerto Rico (the "Commonwealth"), PREPA, or any other party in any
litigation arising from or relating to AGM's Claims.

THIS ANNEX CONSTITUTES A PART OF THE PROOF OF CLAIM AND IS
INCORPORATED THEREIN BY REFERENCE.  Copies of certain supporting documents
relating to the Claims are attached hereto and are incorporated by reference to the Proof of
Claim.  Because the documents are voluminous, the Claimant has not attached documents that
are in the possession of the Debtor or that are otherwise publicly available.  Claimant will furnish
the Debtor with copies of any additional pertinent documentation upon request or as otherwise
required by order of the United States District Court for the District of Puerto Rico (the "Title III
Court").  The descriptions provided herein are summaries of the underlying Claims and
documentation supporting such Claims, and the failure to reference any specific provision within
such documentation shall not constitute a waiver by Claimant as to the contents therein.

1.       Background and Basis for Claims:  On July 2, 2017 (the "Petition Date"), FOMB,
as putative representative for the Debtor, filed a voluntary petition for relief under Title III of the
Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), in the Title III
Court.  The Debtor's Title III case number is 17-04780.  The Debtor is obligated to Claimant for
the Claims described herein, which arise, without limitation, under the transaction documents
described herein, under other applicable law, or in equity.[1]

A.  The Swap Transactions

The Claims arise from or are related certain interest rate swap transactions (the "Swap
Transactions"), by and among, JPMorgan Chase Bank N.A. and UBS AG on the one hand (the
"Swap Counterparties") and PREPA, on the other hand, governed under, among other things:

(i) That certain ISDA Master Agreement, including the Schedule thereto, dated as of
April 18, 2007, by and among PREPA and UBS AG (respectively, the "UBS Swap
Agreement" and "UBS Schedule");

---

[1] Claimant hereby incorporates by reference proofs of claim that it or its affiliates have filed with respect
to PREPA bond claims and in the Commonwealth of Puerto Rico's Title III case.

(ii) That certain confirmation, dated April 18, 2007, by and among UBS AG and PREPA (the "UBS Confirmation"),

(ii) That certain ISDA Master Agreement, including the Schedule thereto, dated as of April 18, 2007, by and among JPMorgan Chase Bank N.A. and PREPA (respectively, the "JPM Swap Agreement" and "JPM Schedule"); and

(iv)      That certain confirmation, dated April 27, 2018, by and among PREPA and JPMorgan Chase Bank, N.A. (the "JPM Confirmation" and collectively with (i)-(iii), the "Swap Documents").

The Swap Transactions relate to certain Series UU power revenue bonds issued by PREPA, which have a variable rate of interest. Payments under the Swap Transactions are secured by a perfected lien on and pledge of revenues, certain intangibles, and the Subordinate Obligations Fund, which is an account established under the Trust Agreement governing PREPA's revenue bonds (the "Trust Agreement").[2] See JPM Schedule Part 4(f); UBS Schedule Part 4(b)(ii)(h).

In connection with the pledge under the Swap Documents, PREPA entered into a binding commitment to "at all times fix, charge and collect reasonable rates and charges" and "will adjust rates" to be equal to an amount equal to 120% to the sum of (i) Principal and Interest Requirements for the next fiscal year for the power revenue bonds issued under the Trust Agreement, and (ii) the remainder of the amounts to be paid by PREPA to the respective swap counterparty minus the amount to be paid by the applicable swap counterparty to PREPA under the Swap Transactions. See JPM Schedule Part 4(g); UBS Schedule Part 4(c)(iii).

Act No. 83-1941 of the Legislative Assembly of Puerto Rico, P.R. Laws Ann. tit. 22 §§ 191, *et seq.* (the "Enabling Act") granted PREPA:

> all rights and powers necessary and convenient to," among other things, "determine, fix, alter, charge, and collect reasonable and just rates, fees, rents, and other charges subject to the [Energy] Commission's approval . . . for electric power services . . . that are sufficient . . . for the payment of the principal of and interest on its bonds, and for fulfilling the terms and provisions of such agreements entered into with or for the benefit of purchasers or holders of any bonds of the Authority and other creditors.

22 L.P.R.A. § 196(*l*), *amended by* Act No. 4-2016 § 8. Act 4-2016, in turn, requires the Puerto Rico Energy Commission to establish a rate that (i) "is sufficient to guarantee the payment of principal, interest, reserves, and all other requirements of bonds *and other financial obligations*" and (ii) "complies with the terms and provisions of the agreements entered into with or in benefit of buyers or holders of…other financial obligations of the Authority." Act 4-2016 § 9. AGM's Claims thus also arise from Puerto Rico law, including the Enabling Act and Act 4-2016, which unambiguously require PREPA and the Puerto Rico Energy Commission to establish rates at

---

[2] Such revenues are "special revenues" as such term is defined in section 902(2) of the Bankruptcy Code.

levels sufficient to satisfy obligations under the Swap Documents.  Any breaches or unlawful takings of those obligations in contravention of applicable law, and without limitation, Article I, Section 10, and the Fifth Amendment to the United States Constitution of the United States and Article II, sections 7 and 9 of the Puerto Rico Constitution further serve as the basis for Claims against the Debtor.

B.  The Insurance Policies

In connection with the Swap Transactions, AGM entered into certain insurance policies with PREPA and the Swap Counterparties (the "Policies"), under which AGM guaranteed scheduled net fixed amounts payable by PREPA under the JPM Confirmation and UBS Confirmation, as applicable.  AGM is obligated only to make payments for the obligations specified in the Policies, but has no obligation to pay any interest on amounts payable by PREPA.  See JPM Schedule Part 5(iii).

Upon payment of any scheduled net fixed amounts under the Policies, AGM shall become subrogated to the rights of the Swap Counterparties to receive such payment.  Any such payment by AGM does not discharge PREPA from its obligations under the Swap Documents.

In connection with the Policies and as consideration for the insurance provided thereunder, the Swap Documents provide AGM with a broad panoply of rights.  Among other things, no amendments to or waiver of any rights under the Swap Documents may occur without AGM's consent.  Id. Part 5(v).  Further, AGM is recognized as an express third party beneficiary to the Swap Documents and "is entitled to enforce [the Swap Documents] and…shall be afforded all remedies available hereunder or otherwise afforded by law."  Id. Part 5(vi).  Further, the Swap Documents provide that AGM shall be entitled to reimbursement of fees and expenses incurred in connection with any breach of the Swap Transactions or the Trust Agreement.  Id. Part 5(vi), (xix).

AGM has paid approximately $6,677,451.18 under its Policies for the Swap Transactions from July 3, 2017 and on each scheduled payment date thereafter.  Copies of the notices of claims made under the Policies as of the date hereof are attached hereto as Exhibit 1.  Additional claims may be made under the Policies after the Bar Date, which may give rise to further Claims.

To the extent AGM makes any further payments under its policies, PREPA agreed that it would reimburse AGM at the "Insurer Payment Rate," as such term is defined in the Swap Documents.

2.     Total Amount of Claims: Claimant's Claims are equal to an amount not less than $6,677,451.18 on accounts of payments made by Claimant under the Policies, as well as  (i) additional, contingent or unliquidated amounts owed by PREPA under the Swap Transactions that are not presently ascertainable, (ii) any reimbursement obligations to be made at the Insurer Payment Rate, and (iii) any and all professional fees to which Claimant is entitled under Swap Documents as a result of PREPA's breach of the Trust Agreement.  Further, interest on the Claims continues to accrue at the Insurer Payment Rate, as such term is defined in the Swap Documents.

Claimant reserves all of its rights to assert claims for interest, fees, costs, charges, expenses, disbursements, liabilities, losses, damages, indemnification, reimbursement, or

contribution, and other amounts, including, without limitation, legal fees, and expenses (including, without limitation, those incurred in connection with the preparation, filing, and prosecution of the Proof of Claim), that exist or arise as of or after the date of the filing of the Proof of Claim, whether prior to, on, or subsequent to the Petition Date, in each case to the extent or as may be permitted, provided, or contemplated in the supporting documentation and under applicable law.

3.    Secured Claim:  Pursuant to the Swap Transactions, AGM's Claims are secured by a perfected pledge of and lien on PREPA's revenues, general intangibles, and by the Subordinate Obligations Fund.  AGM's Claims are secured pursuant to the Swap Transactions and are unsecured only to the extent of any deficiency.  Claimant hereby asserts any and all rights of setoff or recoupment it may have in respect of the Claims, including, without limitation, the right to setoff its Claims against any claims that the Debtor (or any successor, assignee, or person claiming through the Debtor) may assert against it or to recoup amounts owed to Claimant by the Debtor from amounts owed by the Debtor to Claimant under the Swap Transactions.

4.    Credits:  The amount of all payments on the Claims, if any, has been credited and deducted for purposes of making the Proof of Claim.

5.    Reservation of Rights:  In filing this Proof of Claim, Claimant expressly reserves all rights and causes of action, including, without limitation, contingent or unliquidated rights that it may have against the Debtor.  This description and classification of Claims by Claimant is not a concession or admission as to the correct characterization or treatment of any such Claims or a waiver of any rights of Claimant.

In addition to any and all other rights expressly reserved herein, Claimant also expressly reserves all rights to amend, modify, or supplement this Proof of Claim in any respect, including, without limitation, with respect to the filing of an amended proof of claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim for additional claims, including, without limitation, claims for interest, fees, and related expenses (including, without limitation, attorneys' fees) that it has not ascertained at this time. For the avoidance of doubt, nothing herein shall constitute a certification, admission, waiver or release with respect to the Insurer Payment Rate under the JPM and UBS Confirmations.

This Proof of Claim is filed without prejudice to any and all of the rights of Claimant to assert that any and all Claims asserted in this Proof of Claim, including any portions thereof, are (i) entitled to administrative priority or (ii) not subject to treatment or discharge under a plan of adjustment, including (a) on the grounds that such Claims constitute postpetition claims and (b) on the grounds that treatment or discharge of such Claims under a plan of adjustment would be contrary to PROMESA and/or unconstitutional.  Further, this Proof of Claim is filed by Claimant without prejudice to its right to request payment of any additional administrative expense claims that it may have against the Debtor, including, without limitation, administrative expenses not described in this Proof of Claim, and Claimant reserves the right to request payment of such administrative expenses at a later date or when required by the Title III Court.

This Proof of Claim is filed without prejudice to the filing by Claimant or its affiliates of additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligation of any of the Debtor.  Claimant does not, by this Claim or any amendment or other action, waive any rights with respect to any scheduled claim.

By filing this Proof of Claim, Claimant does not waive any rights under Title III of PROMESA, or chapter 5 or any other provision of the Bankruptcy Code made applicable by virtue of section 301(a) of PROMESA, or under any other law or constitution of the United States or the Commonwealth of Puerto Rico

In executing and filing this claim, Claimant does not submit to the jurisdiction of the Title III Court for any purpose other than with respect to this claim against the Debtor and does not waive or release: (a) any rights or remedies against any other person or entity that may be liable for all or part of the Claims set forth herein, whether an affiliate or subsidiary of the Debtor, an assignee, successor, purchaser, guarantor or otherwise, (b) any obligation owed to them, or any right to any security that may be determined to be held by one of them or for their benefit, (c) any past, present or future defaults (or events of default) by the Debtor or others, or (d) any right to the subordination, in favor of Claimant, of indebtedness or liens held by other creditors of the Debtor.  The filing of this Proof of Claim is not, and shall not be construed as, an election of remedies or limitation of rights or remedies.

Nothing contained in this Proof of Claim nor any subsequent appearance, pleading, claim or suit is intended to be a waiver or release of:  (i) the right of Claimant to have final orders in non-core matters entered only after de novo review by a court of competent jurisdiction (other than the Title III Court); (ii) the right of Claimant to a jury trial in any proceeding so triable herein or, in any case, any controversy or proceeding related hereto; (iii) the right of Claimant to have any unliquidated portions of its Claim determined by applicable state or Commonwealth courts; or (iv) any other rights, claims, actions, defenses, setoffs or recoupments to which Claimant is or may be entitled under agreements, documents or instruments, in law or equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved.

7.    Notices:  All notices with respect to the Claims should be sent to:

Assured Guaranty Municipal Corp.
1633 Broadway
New York, NY 10019
Attn:   Kevin Lyons, Esq.
        Terence Workman, Esq.
        Daniel Weinberg
Email: klyons@agltd.com
       tworkman@agltd.com
       dweinberg@agltd.com
Phone: 212.339.3546 (Kevin Lyons)
       212.408.6053 (Terence Workman)
       212.893.2763 (Daniel Weinberg)

with copies to:

Cadwalader, Wickersham & Taft LLP
200 Liberty Street
New York, NY 10281
Attn:   Ivan Loncar, Esq.
        Thomas J. Curtin, Esq.
        Casey Servais, Esq.
Phone: 212-504-6000
Fax:   212-504-6666
Email: ivan.loncar@cwt.com
        thomas.curtin@cwt.com
        casey.servais@cwt.com

Dated:  May 24, 2018

**Exhibit 1**

July 5, 2017

Assured Guaranty Municipal Corp.
<u>Attention</u>: Managing Director - Surveillance
1633 Broadway
New York, NY 10019

as successor in interest for

Financial Security Assurance Inc.
31 West 52 Street
New York, NY 10019

Please find enclosed Notice of Claim and Certificate under Financial Guaranty Insurance Policy No. 208491A-SWP dated May 3, 2007.

JPMorgan contacts on this matter:

David M Hand | Executive Director Interest Rate Derivatives | J.P. Morgan | 383 Madison Ave, 10th Floor, NY, NY 10179 | T: 212-834-4686 | F: 212-834-6608 | david.m.hand@jpmorgan.com

Oda Wyplor | Executive Director and Assistant General Counsel | J.P. Morgan | 383 Madison Ave (32nd Floor) | New York, NY 10179 | Tel.: 212 648 2846 | oda.u.wyplor@jpmorgan.com

Financial Guaranty Insurance Policy No. 208491A-SWP

Exhibit A
To Endorsement No. 1

## NOTICE OF CLAIM AND CERTIFICATE

Assured Guaranty Municipal Corp.
Attention: Managing Director - Surveillance
1633 Broadway
New York, NY 10019

as successor in interest for

Financial Security Assurance Inc.
31 West 52 Street
New York, NY 10019

The undersigned, a duly authorized officer of JPMorgan Chase Bank, N.A. (the "Holder"), hereby certifies to Assured Guaranty Municipal Corp. as successor in interest to Financial Security Assurance Inc. ("Financial Security"), with reference to Financial Guaranty Insurance Policy No. 208491A-SWP dated May 3, 2007 (the "Policy") issued by Financial Security in respect of the contractual amounts due for payment (the "Obligations") by or on behalf of Puerto Rico Electric Power Authority (the "Obligor") pursuant to the Transaction evidenced by the Confirmation dated April 27, 2007 with JPMorgan Chase Bank, N.A., reference number 2000005090781, under the Master Agreement by and between JPMorgan Chase Bank, N.A and the Obligor dated as of April 18, 2007, and the Schedule thereunder (the "Obligations"), that:

(i)   The Holder is the beneficiary of the Policy.

(ii)  The Holder has not received payment in full of the Scheduled Payment which was due on July 1, 2017. The amount which remains due the Holder as a Scheduled Payment is USD 1,184,448 - in words: one million one hundred eighty four thousand four hundred forty eight - (the "Deficiency").

(iii) Accordingly, the Holder is hereby making a claim under the Policy for the amount of the Deficiency.

(iv)  The Scheduled Payment has been calculated as follows:

|  | Start | End | Notional (USD) | Rate | Spread | Multiplier | Days | Daycount calc | Settlement (USD) |
|---|---|---|---|---|---|---|---|---|---|
| Floating Rate Payer (Holder) | 4/3/2017 | 7/3/2017 | 169,531,850 | 1.14761% | 0.52000% | 67% | 91 | 0.24932 | 544,777 |
| Fixed Rate Payer (Obligor) | 4/3/2017 | 7/3/2017 | 169,531,850 | 4.08000% | N/A | N/A | 90 | 0.25000 | 1,729,225 |

Obligor to pay net USD 1,184,448

(v)   The Holder is delivering to Financial Security herewith an Assignment of Rights in the form attached hereto. The assignment effected thereby is in addition to, and not in limitation of, rights of subrogation otherwise available to Financial Security in respect of such payments.

(vi)  Subject to Holder receiving payment of the Deficiency pursuant to the terms of the Policy, the Holder hereby appoints Financial Security as agent and attorney-in-fact for the Holder in any legal

proceeding with respect to the Obligations (for the amount of the Deficiency). The Holder hereby agrees that Financial Security may at any time during the continuation of any proceeding by or against the Obligor under the United States Bankruptcy Code or any other applicable bankruptcy, insolvency, receivership, rehabilitation or similar law (an "Insolvency Proceeding") direct all matters in respect to the Obligations (relating to the Deficiency)  relating to such Insolvency Proceeding, including without limitation, (A) all matters relating to any claim in connection with an Insolvency Proceeding seeking the avoidance as a preferential transfer of any payment made with respect to the Obligations (a "Preference Claim"), (B) the direction of any appeal of any order relating to any Preference Claim and (C) the posting of any surety, supersedeas or performance bond pending any such appeal. In addition, the Holder hereby agrees that Financial Security shall be subrogated to and the Holder hereby delegates and assigns, to the fullest extent permitted by law, the rights of the Holder in the conduct of any Insolvency Proceeding on account of the Obligation (relating to the Deficiency) or a Preference Claim, including, without limitation, all rights of any party of an adversary proceeding or action with respect to any court order issued in connection with any such Insolvency Proceeding on account of the Obligation (relating to the Deficiency) or a preference claim.

(vii)    Payment should be made by wire transfer directed to:

Unless the context otherwise requires, capitalized terms used in this Notice of Claim and Certificate and not defined herein shall have the meanings provided in the Policy.

IN WITNESS WHEREOF, the Holder has executed and delivered the Notice of Claim and Certificate as of the 5th day of July 2017.

JPMorgan Chase Bank, N.A.

By: _____

Name: DAVID M. HANS

Title: EXECUTIVE  DIRECTOR

---

For Financial Security or
Fiscal Agent Use only

Wire transfer sent to _____ By _____
Confirmation Number_____

Financial Guaranty Insurance Policy No. 208491A-SWP

### Assignment of Rights

IN CONSIDERATION of the sum of USD **1,184,448.00** (in words: In million one hundred eighty four thousand four hundred forty eight) to be paid by the Swap Insurer to JPMorgan Chase Bank, N.A. (the "Holder") under Financial Guaranty Insurance Policy No. 208491A-SWP dated May 3, 2007, representing money owed to the Holder by Puerto Rico Electric Power Authority (the "Obligor") pursuant to the Transaction evidenced by the Confirmation dated April 27, 2007 with JPMorgan Chase Bank, N.A. reference number 2000005090781, under the Master Agreement by and between JPMorgan Chase Bank, N.A and the Obligor dated as of April 18, 2007, and the Schedule thereunder (the "Obligations"), the Holder HEREBY ASSIGNS, TRANSFERS AND SUBROGATESD to Assured Guaranty Municipal Corp. as successor in interest to Financial Security Assurance Inc. ("Financial Security") each to the extent of the amount above stated to payment of Scheduled Payments (as defined in the Policy) due and unpaid by the Obligor:

(a)  all rights, claims, and rights of action under the Master Agreement,

(b)  all other options, votes, rights, powers and remedies permitted under the Trust Agreement dated as of January 1, 1974, as amended, and the resolution adopted by the Obligor on April 19, 2007 authorizing the issuance of the Related Bonds, and

(c)  all other rights and remedies provided by law.

until there shall occur reimbursement in full by the Obligor for all amounts paid by Financial Security to the Holder.

IN WITNESS WHEREOF, the undersigned has executed this Assignment of Rights this July 5, 2017.

JPMorgan Chase Bank, N.A.

By: _____

Name: DAVID M. HAND

Title: EXECUTIVE DIRECTOR

To:              Assured Guaranty Municipal Corp
                 1633 Broadway
                 New York, NY 10019

Attention:       Managing Director – Surveillance

Fax:             212 581-3268

From:            Oda Wypior

Company:         JP Morgan
                 383 Madison Avenue
                 New York, NY  10179

No. of Pages:    5 (including cover page)

July 5, 2017

Assured Guaranty Municipal Corp.
Attention: Managing Director - Surveillance
1633 Broadway
New York, NY 10019

**as successor in interest for**

Financial Security Assurance Inc.
31 West 52 Street
New York, NY 10019

**Please find enclosed Notice of Claim and Certificate under Financial Guaranty Insurance Policy No. 208491A-SWP dated May 3, 2007.**

JPMorgan contacts on this matter:

David M Hand | Executive Director Interest Rate Derivatives | J.P. Morgan|383 Madison Ave, 10th Floor, NY, NY 10179| T: 212-834-4686 | F: 212-834-6608| david.m.hand@jpmorgan.com

Oda Wyplor | Executive Director and Assistant General Counsel | J.P. Morgan | 383 Madison Ave (32nd Floor) | New York, NY 10179 | Tel.: 212 648 2846 | oda.u.wyplor@jpmorgan.com

Financial Guaranty Insurance Policy No. 208491A-SWP

Exhibit A
To Endorsement No. 1

### NOTICE OF CLAIM AND CERTIFICATE

Assured Guaranty Municipal Corp.
<u>Attention</u>: Managing Director - Surveillance
1633 Broadway
New York, NY 10019

**as successor in interest for**

Financial Security Assurance Inc.
31 West 52 Street
New York, NY 10019

The undersigned, a duly authorized officer of JPMorgan Chase Bank, N.A. (the "Holder"), hereby certifies to Assured Guaranty Municipal Corp. as successor in interest to Financial Security Assurance Inc. ("Financial Security"), with reference to Financial Guaranty Insurance Policy No. 208491A-SWP dated May 3, 2007 (the "Policy") issued by Financial Security in respect of the contractual amounts due for payment (the "Obligations") by or on behalf of Puerto Rico Electric Power Authority (the "Obligor") pursuant to the Transaction evidenced by the Confirmation dated April 27, 2007 with JPMorgan Chase Bank, N.A. reference number 2000005090781, under the Master Agreement by and between JPMorgan Chase Bank, N.A and the Obligor dated as of April 18, 2007, and the Schedule thereunder (the "Obligations"), that:

   (i)   The Holder is the beneficiary of the Policy.

   (ii)  The Holder has not received payment in full of the Scheduled Payment for October 1, 2017. The amount which is due to the Holder as a Scheduled Payment is **USD 1,122,472.91** (the "Deficiency").

   (iii) Accordingly, the Holder is hereby making a claim under the Policy for the amount of the Deficiency.

   (iv)  The Scheduled Payment has been calculated as follows:

| | Start | End | Notional (USD) | Rate | Spread | Multiplier | Days | Day-count calc | Settlement (USD) |
|---|---|---|---|---|---|---|---|---|---|
| Floating Rate Payer (Holder) | 7/3/2017 | 10/2/2017 | 169,531,850 | 1.29861 | 0.52% | 67% | 91 | 0.24932 | USD   587,538.35 |
| Fixed Rate Payer (Obligor) | 7/3/2017 | 10/2/2017 | 169,531,850 | 4.08000 | N/A | N/A | 89 | 0.24722 | USD 1,710,011.26 |

**Obligor to pay net USD 1,122,472.91**

(v)   The Holder is delivering to Financial Security herewith an Assignment of Rights in the form attached hereto. The assignment effected thereby is in addition to, and not in limitation of, rights of subrogation otherwise available to Financial Security in respect of such payments.

(vi)   Subject to Holder receiving payment of the Deficiency pursuant to the terms of the Policy, the Holder hereby appoints Financial Security as agent and attorney-in-fact for the Holder in any legal proceeding with respect to the Obligations (for the amount of the Deficiency). The Holder hereby agrees that Financial Security may at any time during the continuation of any proceeding by or against the Obligor under the United States Bankruptcy Code or any other applicable bankruptcy, insolvency, receivership, rehabilitation or similar law (an "Insolvency Proceeding") direct all matters in respect to the Obligations (relating to the Deficiency) relating to such Insolvency Proceeding, including without limitation, (A) all matters relating to any claim in connection with an Insolvency Proceeding seeking the avoidance as a preferential transfer of any payment made with respect to the Obligations (a "Preference Claim"), (B) the direction of any appeal of any order relating to any Preference Claim and (C) the posting of any surety, supersedeas or performance bond pending any such appeal. In addition, the Holder hereby agrees that Financial Security shall be subrogated to and the Holder hereby delegates and assigns, to the fullest extent permitted by law, the rights of the Holder in the conduct of any Insolvency Proceeding on account of the Obligation (relating to the Deficiency) or a Preference Claim, including, without limitation, all rights of any party of an adversary proceeding or action with respect to any court order issued in connection with any such Insolvency Proceeding on account of the Obligation (relating to the Deficiency) or a preference claim.

(vii)   Payment should be made by wire transfer directed to:



Unless the context otherwise requires, capitalized terms used in this Notice of Claim and Certificate and not defined herein shall have the meanings provided in the Policy.

IN WITNESS WHEREOF, the Holder has executed and delivered the Notice of Claim and Certificate as of the 28th day of September 2017.

JPMorgan Chase Bank, N.A.

By: _____

Name: _DAVID M. HAND_

Title: _EXECUTIVE DIRECTOR_

---

For Financial Security or
Fiscal Agent Use only

Wire transfer sent to _____ By_____
Confirmation Number_____

Financial Guaranty Insurance Policy No. 208491A-SWP

### Assignment of Rights

IN CONSIDERATION of the sum of **USD 1,122,472.91** to be paid by the Swap Insurer to JPMorgan Chase Bank, N.A. (the "Holder") under Financial Guaranty Insurance Policy No. 208491A-SWP dated May 3, 2007, representing money owed to the Holder by Puerto Rico Electric Power Authority (the "Obligor") pursuant to the Transaction evidenced by the Confirmation dated April 27, 2007 with JPMorgan Chase Bank, N.A. reference number 2000005090781, under the Master Agreement by and between JPMorgan Chase Bank, N.A and the Obligor dated as of April 18, 2007, and the Schedule thereunder (the "Obligations"), the Holder HEREBY ASSIGNS, TRANSFERS AND SUBROGATES to Assured Guaranty Municipal Corp. as successor in interest to Financial Security Assurance Inc. ("Financial Security") each to the extent of the amount above stated to payment of Scheduled Payments (as defined in the Policy) due and unpaid by the Obligor:

(a)  all rights, claims, and rights of action under the Master Agreement,

(b)  all other options, votes, rights, powers and remedies permitted under the Trust Agreement dated as of January 1, 1974, as amended, and the resolution adopted by the Obligor on April 19, 2007 authorizing the issuance of the Related Bonds, and

(c)  all other rights and remedies provided by law.

until there shall occur reimbursement in full by the Obligor for all amounts paid by Financial Security to the Holder.

IN WITNESS WHEREOF, the undersigned has executed this Assignment of Rights this 28th day of September 2017.

JPMorgan Chase Bank, N.A.

By:

Name:  DAVID M. HAND

Title:  EXECUTIVE DIRECTOR

Financial Guaranty Insurance Policy No. 208491A-SWP

Exhibit A
To Endorsement No. 1

## NOTICE OF CLAIM AND CERTIFICATE

Assured Guaranty Municipal Corp.
Attention: Managing Director – Surveillance
1633 Broadway
New York, NY 10019

**as successor in interest for**

Financial Security Assurance Inc.
31 West 52 Street
New York, NY 10019

The undersigned, a duly authorized officer of JPMorgan Chase Bank, N.A. (the "Holder"), hereby certifies to Assured Guaranty Municipal Corp. as successor in interest to Financial Security Assurance Inc. ("Financial Security"), with reference to Financial Guaranty Insurance Policy No. 208491A-SWP dated May 3, 2007 (the "Policy") issued by Financial Security in respect of the contractual amounts due for payment (the "Obligations") by or on behalf of Puerto Rico Electric Power Authority (the "Obligor") pursuant to the Transaction evidenced by the Confirmation dated April 27, 2007 with JPMorgan Chase Bank, N.A. reference number 2000005090781, under the Master Agreement by and between JPMorgan Chase Bank, N.A and the Obligor dated as of April 18, 2007, and the Schedule thereunder (the "Obligations"), that:

(i) The Holder is the beneficiary of the Policy.

(ii) The Holder has not received payment in full of the Scheduled Payment for January 1, 2018. The amount which is due to the Holder as a Scheduled Payment is **USD 1,124,811.61** (the "Deficiency").

(iii) Accordingly, the Holder is hereby making a claim under the Policy for the amount of the Deficiency.

(iv) The Scheduled Payment has been calculated as follows:

|  | Start | End | Notional (USD) | Rate | Spread | Multiplier | Days | Day-count calc | Settlement (USD) |
|---|---|---|---|---|---|---|---|---|---|
| Floating Rate Payer (Holder) | 10/2/2017 | 1/2/2018 | 169,531,850 | 1.335 | 0.52% | 67% | 92 | 0.25205 | 604,413.26 |
| Fixed Rate Payer (Obligor) | 10/2/2017 | 1/2/2018 | 169,531,850 | 4.08 | N/A | N/A | 90 | 0.2500 | 1,729,224.87 |

**Obligor to pay net USD 1,124,811.61**

(v) The Holder is delivering to Financial Security herewith an Assignment of Rights in the form attached hereto. The assignment effected thereby is in addition to, and not in limitation of, rights of subrogation otherwise available to Financial Security in respect of such payments.

(vi)   Subject to Holder receiving payment of the Deficiency pursuant to the terms of the Policy, the Holder hereby appoints Financial Security as agent and attorney-in-fact for the Holder in any legal proceeding with respect to the Obligations (for the amount of the Deficiency). The Holder hereby agrees that Financial Security may at any time during the continuation of any proceeding by or against the Obligor under the United States Bankruptcy Code or any other applicable bankruptcy, insolvency, receivership, rehabilitation or similar law (an "Insolvency Proceeding") direct all matters in respect to the Obligations (relating to the Deficiency) relating to such Insolvency Proceeding, including without limitation, (A) all matters relating to any claim in connection with an Insolvency Proceeding seeking the avoidance as a preferential transfer of any payment made with respect to the Obligations (a "Preference Claim"), (B) the direction of any appeal of any order relating to any Preference Claim and (C) the posting of any surety, supersedeas or performance bond pending any such appeal. In addition, the Holder hereby agrees that Financial Security shall be subrogated to and the Holder hereby delegates and assigns, to the fullest extent permitted by law, the rights of the Holder in the conduct of any Insolvency Proceeding on account of the Obligation (relating to the Deficiency) or a Preference Claim, including, without limitation, all rights of any party of an adversary proceeding or action with respect to any court order issued in connection with any such Insolvency Proceeding on account of the Obligation (relating to the Deficiency) or a preference claim.

(vii)   Payment should be made by wire transfer directed to:



Unless the context otherwise requires, capitalized terms used in this Notice of Claim and Certificate and not defined herein shall have the meanings provided in the Policy.

IN WITNESS WHEREOF, the Holder has executed and delivered the Notice of Claim and Certificate as of the 2nd day of January 2018.

JPMorgan Chase Bank, N.A.

By: _____

Name: DAVID HAND

Title: EXECUTIVE DIRECTOR

For Financial Security or
Fiscal Agent Use only

Wire transfer sent to _____ By _____
Confirmation Number _____

Financial Guaranty Insurance Policy No. 208491A-SWP

**Assignment of Rights**

IN CONSIDERATION of the sum of **USD 1,124,811.61** to be paid by the Swap Insurer to JPMorgan Chase Bank, N.A. (the "Holder") under Financial Guaranty Insurance Policy No. 208491A-SWP dated May 3, 2007, representing money owed to the Holder by Puerto Rico Electric Power Authority (the "Obligor") pursuant to the Transaction evidenced by the Confirmation dated April 27, 2007 with JPMorgan Chase Bank, N.A. reference number 2000005090781, under the Master Agreement by and between JPMorgan Chase Bank, N.A and the Obligor dated as of April 18, 2007; and the Schedule thereunder (the "Obligations"), the Holder HEREBY ASSIGNS, TRANSFERS AND SUBROGATES to Assured Guaranty Municipal Corp. as successor in interest to Financial Security Assurance Inc. ("Financial Security") each to the extent of the amount above stated to payment of Scheduled Payments (as defined in the Policy) due and unpaid by the Obligor:

(a)  all rights, claims, and rights of action under the Master Agreement,

(b)  all other options, votes, rights, powers and remedies permitted under the Trust Agreement dated as of January 1, 1974, as amended, and the resolution adopted by the Obligor on April 19, 2007 authorizing the issuance of the Related Bonds, and

(c)  all other rights and remedies provided by law.

until there shall occur reimbursement in full by the Obligor for all amounts paid by Financial Security to the Holder.

IN WITNESS WHEREOF, the undersigned has executed this Assignment of Rights this 2nd day of January 2018.

JPMorgan Chase Bank, N.A.

By: _____

Name: DAVID HAND

Title: EXECUTIVE DIRECTOR

Financial Guaranty Insurance Policy No. 208491A-SWP

Exhibit A
To Endorsement No. 1

**NOTICE OF CLAIM AND CERTIFICATE**

Assured Guaranty Municipal Corp.
Attention: Managing Director - Surveillance
1633 Broadway
New York, NY 10019

**as successor in interest for**

Financial Security Assurance Inc.
31 West 52 Street
New York, NY 10019

The undersigned, a duly authorized officer of JPMorgan Chase Bank, N.A. (the "Holder"), hereby certifies to Assured Guaranty Municipal Corp. as successor in interest to Financial Security Assurance Inc. ("Financial Security"), with reference to Financial Guaranty Insurance Policy No. 208491A-SWP dated May 3, 2007 (the "Policy") issued by Financial Security in respect of the contractual amounts due for payment (the "Obligations") by or on behalf of Puerto Rico Electric Power Authority (the "Obligor") pursuant to the Transaction evidenced by the Confirmation dated April 27, 2007 with JPMorgan Chase Bank, N.A. reference number 2000005090781, under the Master Agreement by and between JPMorgan Chase Bank, N.A and the Obligor dated as of April 18, 2007, and the Schedule thereunder (the "Obligations"), that:

(i)   The Holder is the beneficiary of the Policy.

(ii)  The Holder has not received payment in full of the Scheduled Payment for April 1, 2018. The amount which is due to the Holder as a Scheduled Payment is USD **1,048,746.41** (the "Deficiency").

(iii) Accordingly, the Holder is hereby making a claim under the Policy for the amount of the Deficiency.

(iv)  The Scheduled Payment has been calculated as follows:

| 6901000358899 | Start | End | Notional (USD) | Rate | Spread | Multiplier | Days | Day-count calc | Settlement (USD) |
|---|---|---|---|---|---|---|---|---|---|
| Floating Rate Payer (Holder) | 1/2/2018 | 4/3/2018 | 169,531,850 | 1.69465 | 0.52% | 67% | 91 | 0.24932 | 699,692.07 |
| Fixed Rate Payer (Obligor) | 1/2/2018 | 4/3/2018 | 169,531,850 | 4.08 | N/A | N/A | 91 | 0.2500 | 1,748,438.48 |

**Obligor to pay net USD 1,048,746.41**

(v)   The Holder is delivering to Financial Security herewith an Assignment of Rights in the form attached hereto. The assignment effected thereby is in addition to, and not in limitation of, rights of subrogation otherwise available to Financial Security in respect of such payments.

(vi)  Subject to Holder receiving payment of the Deficiency pursuant to the terms of the Policy, the Holder hereby appoints Financial Security as agent and attorney-in-fact for the Holder in any legal proceeding with respect to the Obligations (for the amount of the Deficiency). The Holder hereby agrees that Financial Security may at any time during the continuation of any proceeding by or against the Obligor under the United States Bankruptcy Code or any other applicable bankruptcy, insolvency, receivership, rehabilitation or similar law (an "Insolvency Proceeding") direct all matters in respect to the Obligations (relating to the Deficiency)  relating to such Insolvency Proceeding, including without limitation, (A) all matters relating to any claim in connection with an Insolvency Proceeding seeking the avoidance as a preferential transfer of any payment made with respect to the Obligations (a "Preference Claim"), (B) the direction of any appeal of any order relating to any Preference Claim and (C) the posting of any surety, supersedeas or performance bond pending any such appeal.  In addition, the Holder hereby agrees that Financial Security shall be subrogated to and the Holder hereby delegates and assigns, to the fullest extent permitted by law, the rights of the Holder in the conduct of any Insolvency Proceeding on account of the Obligation (relating to the Deficiency) or a Preference Claim, including, without limitation, all rights of any party of an adversary proceeding or action with respect to any court order issued in connection with any such Insolvency Proceeding on account of the Obligation (relating to the Deficiency) or a preference claim.

(vii)  Payment should be made by wire transfer directed to:



Unless the context otherwise requires, capitalized terms used in this Notice of Claim and Certificate and not defined herein shall have the meanings provided in the Policy.

IN WITNESS WHEREOF, the Holder has executed and delivered the Notice of Claim and Certificate as of the 3rd day of April 2018.

JPMorgan Chase Bank, N.A.

By: _____

Name:  DAVID M. HALD

Title:  EXECUTIVE DIRECTOR

For Financial Security or
Fiscal Agent Use only

Wire transfer sent to _____ By _____

Confirmation Number_____

Financial Guaranty Insurance Policy No. 208491A-SWP

**Assignment of Rights**

IN CONSIDERATION of the sum of **USD 1,048,746.41** to be paid by the Swap Insurer to JPMorgan Chase Bank, N.A. (the "Holder") under Financial Guaranty Insurance Policy No. 208491A-SWP dated May 3, 2007, representing money owed to the Holder by Puerto Rico Electric Power Authority (the "Obligor") pursuant to the Transaction evidenced by the Confirmation dated April 27, 2007 with JPMorgan Chase Bank, N.A. reference number 2000005090781, under the Master Agreement by and between JPMorgan Chase Bank, N.A and the Obligor dated as of April 18, 2007, and the Schedule thereunder (the "Obligations"), the Holder HEREBY ASSIGNS, TRANSFERS AND SUBROGATES to Assured Guaranty Municipal Corp. as successor in interest to Financial Security Assurance Inc. ("Financial Security") each to the extent of the amount above stated to payment of Scheduled Payments (as defined in the Policy) due and unpaid by the Obligor:

(a)  all rights, claims, and rights of action under the Master Agreement,

(b)  all other options, votes, rights, powers and remedies permitted under the Trust Agreement dated as of January 1, 1974, as amended, and the resolution adopted by the Obligor on April 19, 2007 authorizing the issuance of the Related Bonds, and

(c)  all other rights and remedies provided by law.

until there shall occur reimbursement in full by the Obligor for all amounts paid by Financial Security to the Holder.

IN WITNESS WHEREOF, the undersigned has executed this Assignment of Rights this 3rd day of April 2018.

JPMorgan Chase Bank, N.A.

By: _____

Name:  DAVID HAM

Title:  EXECUTIVE DIRECTOR

## NOTICE OF CLAIM AND CERTIFICATE

Assured Guaranty Municipal Corp.
31 West 52nd Street
New York, NY  10019

The undersigned, a duly authorized officer of UBS AG, Stamford Branch (the "Holder"), hereby certifies to Assured Guaranty Municipal Corp., formerly known as Financial Security Assurance Inc. ("AGM"), with reference to Financial Guaranty Insurance Policy No. 208491B-SWP dated May 3, 2007 (the "Policy") issued by AGM in respect of the contractual amounts due for payment (the "Obligations") by or on behalf of Puerto Rico Electric Power Authority (the "Obligor"), pursuant to the Transaction evidenced by the Confirmation dated April 18, 2007 with UBS AG, Stamford Branch reference number 37638915, under the ISDA Master Agreement by and between the Holder and the Obligor dated as of April 18, 2007, and the Schedule thereunder (the "Obligations"), that:

(i)     The Holder is the beneficiary of the Policy.

(ii)    The Holder has not received payment in full of the Scheduled Payment which was due on July 3, 2017.  The amount which remains due the Holder as a Scheduled Payment is $582,283.70 (the "Deficiency").

(iii)   Accordingly, the Holder is hereby making a claim under the Policy for the amount of the Deficiency.

(iv)    The Scheduled Payment has been calculated as follows:

Obligor Amount Owed – Holder Amount Owed
Fixed Amount – Floating Amount
Notional x Rate x DayCount – Notional x Rate x DayCount
($83,343,150 x 4.08% x 90/360) – ($83,343,150 x 1.2888987% x 91/365)
$850,100.13 – $267,816.43
$582,283.70

(v)     The Holder is delivering to AGM herewith an Assignment of Rights in the form attached hereto.  The assignment effected thereby is in addition to, and not in limitation of, rights of subrogation otherwise available to AGM in respect of such payments.

(vi)    The Holder hereby appoints AGM as agent and attorney-in-fact for the Holder in any legal proceeding with respect to the Obligations.  The Holder hereby agrees that AGM may at any time during the continuation of any proceeding by or against the Obligor under the United States Bankruptcy Code or any other applicable bankruptcy, insolvency, receivership, rehabilitation or similar law (an "Insolvency Proceeding") direct all matters relating to such Insolvency Proceeding, including without limitation, (A) all matters relating to any claim in connection with an Insolvency Proceeding seeking the avoidance as a preferential transfer of any payment made with respect to the Obligations (a "Preference Claim"), (B) the direction of any appeal of any order relating to any Preference Claim and (C) the posting of any surety, supersedeas or performance bond pending any such appeal.  In addition, the Holder hereby agrees that AGM shall be subrogated to and the Holder hereby delegates and assigns, to the fullest extent permitted by law, the rights of the Holder in the conduct of any Insolvency Proceeding, including, without limitation, all rights of any party to an adversary proceeding or action with respect to any court order issued in connection with any such Insolvency Proceeding.

(vii)   Payment should be made by wire transfer directed to the following account:



Unless the context otherwise requires, capitalized terms used in this Notice of Claim and Certificate and not defined herein shall have the meanings provided in the Policy.

IN WITNESS WHEREOF, the Holder has executed and delivered this Notice of Claim and Certificate as of the 5th day of July, 2017.

UBS AG, Stamford Branch

By: _____

Name: Michael Fleischer

Title: Authorized Signatory

By: _____

Name: Kyri Ishkin

Title: Authorized Signatory

For AGM or
Fiscal Agent Use Only

Wire transfer sent on _____ By _____

Confirmation Number _____

## ASSIGNMENT OF RIGHTS

IN CONSIDERATION of the sum of Five Hundred Eighty Two Thousand, Two Hundred Eight Three Dollars and Seventy Cents ($582,283.70) to be paid by the Swap Insurer to UBS AG, Stamford Branch (the "Holder") under Financial Guaranty Insurance Policy No. 208491B-SWP dated May 3, 2007, representing money owed to the Holder by Puerto Rico Electric Power Authority (the "Obligor") pursuant to the Transaction evidenced by the Confirmation dated April 18, 2007 with UBS AG, Stamford Branch reference number 37638915, under the ISDA Master Agreement by and between the Holder and the Obligor dated as of April 18, 2007, and the Schedule thereunder (the "Obligations"), the Holder HEREBY ASSIGNS, TRANSFERS AND SUBROGATES to Assured Guaranty Municipal Corp., formerly known as Financial Security Assurance Inc. ("AGM"):

(i)     all rights, claims, and rights of action under the Agreement, to the extent of the amount above stated, to payment of Scheduled Payments (as defined in the Policy) due and unpaid by the Obligor;

(ii)    all other options, votes, rights, powers and remedies permitted under the Trust Agreement dated as of January 1, 1974, as amended, and the resolution adopted by the Obligor on April 19, 2007, authorizing the issuance of the Related Bonds, and

(iii)   all other rights and remedies permitted by law,

until there shall occur reimbursement in full by the Obligor for all amounts paid by AGM to the Holder.

IN WITNESS WHEREOF, the undersigned has executed this Assignment of Rights this fifth day of July, 2017.

UBS AG, Stamford Branch

By: _____
Name: Michael Fleischer
Title: Authorized Signatory

By: _____
Name: Kuija Sakai
Title: Authorized Signatory

<u>NOTICE OF CLAIM AND CERTIFICATE</u>

Assured Guaranty Municipal Corp.
1633 Broadway
New York, NY 10019

     The undersigned, a duly authorized officer of UBS AG, Stamford Branch (the "Holder"), hereby certifies to Assured Guaranty Municipal Corp., formerly known as Financial Security Assurance Inc. ("AGM"), with reference to Financial Guaranty Insurance Policy No. 208491B-SWP dated May 3, 2007 (the "Policy") issued by AGM in respect of the contractual amounts due for payment (the "Obligations") by or on behalf of Puerto Rico Electric Power Authority (the "Obligor"), pursuant to the Transaction evidenced by the Confirmation dated April 18, 2007 with UBS AG, Stamford Branch reference number 37638915, under the ISDA Master Agreement by and between the Holder and the Obligor dated as of April 18, 2007, and the Schedule thereunder (the "Obligations"), that:

    (i)     The Holder is the beneficiary of the Policy.

    (ii)    The Holder has not received payment in full of the Scheduled Payment which was due on October 2, 2017.  The amount which remains due the Holder as a Scheduled Payment is $551,816.32 (the "Deficiency").

    (iii)   Accordingly, the Holder is hereby making a claim under the Policy for the amount of the Deficiency.

    (iv)   The Scheduled Payment has been calculated as follows:

        Obligor Amount Owed – Holder Amount Owed
        Fixed Amount – Floating Amount
        Notional x Rate x DayCount – Notional x Rate x DayCount
            ($83,343,150 x 4.08% x 89/360) – ($83,343,150 x 1.3900687% x 91/365)
            $840,654.57 – $288,838.25
            $551,816.32

    (v)     The Holder is delivering to AGM herewith an Assignment of Rights in the form attached hereto.  The assignment effected thereby is in addition to, and not in limitation of, rights of subrogation otherwise available to AGM in respect of such payments.

    (vi)   The Holder hereby appoints AGM as agent and attorney-in-fact for the Holder in any legal proceeding with respect to the Obligations.  The Holder hereby agrees that AGM may at any time during the continuation of any proceeding by or against the Obligor under the United States Bankruptcy Code or any other applicable bankruptcy, insolvency, receivership, rehabilitation or similar law (an "Insolvency Proceeding") direct all matters relating to such Insolvency Proceeding, including without limitation, (A) all matters relating to any claim in connection with an Insolvency Proceeding seeking the avoidance as a preferential transfer of any payment made with respect to the Obligations (a "Preference Claim"), (B) the direction of any appeal of any order relating to any Preference Claim and (C) the posting of any surety, supersedeas or performance bond pending any such appeal.  In addition, the Holder hereby agrees that AGM shall be subrogated to and the Holder hereby delegates and assigns, to the fullest extent permitted by law, the rights of the Holder in the conduct of any Insolvency Proceeding, including, without limitation, all rights of any party to an adversary proceeding or action with respect to any court order issued in connection with any such Insolvency Proceeding.

    (vii)  Payment should be made by wire transfer directed to the following account:



    Unless the context otherwise requires, capitalized terms used in this Notice of Claim and Certificate and not defined herein shall have the meanings provided in the Policy.

IN WITNESS WHEREOF, the Holder has executed and delivered this Notice of Claim and Certificate as of the 3rd day of October, 2017.

UBS AG, Stamford Branch

By: _____

Name: Michael Fleischer

Title: Authorized Signatory

By: _____

Name: ANKU CHAN

Title: Authorized Signatory

---

For AGM or
Fiscal Agent Use Only

Wire transfer sent on _____ By _____

Confirmation Number _____

**ASSIGNMENT OF RIGHTS**

IN CONSIDERATION of the sum of Five Hundred Fifty One Thousand, Eight Hundred Sixteen Dollars and Thirty Two Cents ($551,816.32) to be paid by the Swap Insurer to UBS AG, Stamford Branch (the "Holder") under Financial Guaranty Insurance Policy No. 208491B-SWP dated May 3, 2007, representing money owed to the Holder by Puerto Rico Electric Power Authority (the "Obligor") pursuant to the Transaction evidenced by the Confirmation dated April 18, 2007 with UBS AG, Stamford Branch reference number 37638915, under the ISDA Master Agreement by and between the Holder and the Obligor dated as of April 18, 2007, and the Schedule thereunder (the "Obligations"), the Holder HEREBY ASSIGNS, TRANSFERS AND SUBROGATES to Assured Guaranty Municipal Corp., formerly known as Financial Security Assurance Inc. ("AGM"):

(i)     all rights, claims, and rights of action under the Agreement, to the extent of the amount above stated, to payment of Scheduled Payments (as defined in the Policy) due and unpaid by the Obligor;

(ii)    all other options, votes, rights, powers and remedies permitted under the Trust Agreement dated as of January 1, 1974, as amended, and the resolution adopted by the Obligor on April 19, 2007, authorizing the issuance of the Related Bonds, and

(iii)   all other rights and remedies permitted by law,

until there shall occur reimbursement in full by the Obligor for all amounts paid by AGM to the Holder.

IN WITNESS WHEREOF, the undersigned has executed this Assignment of Rights this 3rd day of October, 2017.

UBS AG, Stamford Branch

By: _____
Name:  Michael Fleischer
Title:   Authorized Signatory


By: _____
Name:  ANKY CUAN
Title:   Authorized signatory

NOTICE OF CLAIM AND CERTIFICATE

Assured Guaranty Municipal Corp.
1633 Broadway
New York, NY 10019

The undersigned, a duly authorized officer of UBS AG, Stamford Branch (the "Holder"), hereby certifies to Assured Guaranty Municipal Corp., formerly known as Financial Security Assurance Inc. ("AGM"), with reference to Financial Guaranty Insurance Policy No. 208491B-SWP dated May 3, 2007 (the "Policy") issued by AGM in respect of the contractual amounts due for payment (the "Obligations") by or on behalf of Puerto Rico Electric Power Authority (the "Obligor"), pursuant to the Transaction evidenced by the Confirmation dated April 18, 2007 with UBS AG, Stamford Branch reference number 37638915, under the ISDA Master Agreement by and between the Holder and the Obligor dated as of April 18, 2007, and the Schedule thereunder (the "Obligations"), that:

(i)     The Holder is the beneficiary of the Policy.

(ii)    The Holder has not received payment in full of the Scheduled Payment which was due on January 2, 2018.   The amount which remains due the Holder as a Scheduled Payment is $552,966.04 (the "Deficiency").

(iii)   Accordingly, the Holder is hereby making a claim under the Policy for the amount of the Deficiency.

(iv)   The Scheduled Payment has been calculated as follows:

Obligor Amount Owed – Holder Amount Owed
Fixed Amount – Floating Amount
Notional x Rate x DayCount – Notional x Rate x DayCount
SAMPLE:   ($83,343,150 x 4.08% x 90/360) – ($83,343,150 x 1.41445% x 92/365)
              $850,100.13 – $297,134.09
              $552,966.04

(v)    The Holder is delivering to AGM herewith an Assignment of Rights in the form attached hereto.  The assignment effected thereby is in addition to, and not in limitation of, rights of subrogation otherwise available to AGM in respect of such payments.

(vi)   The Holder hereby appoints AGM as agent and attorney-in-fact for the Holder in any legal proceeding with respect to the Obligations.  The Holder hereby agrees that AGM may at any time during the continuation of any proceeding by or against the Obligor under the United States Bankruptcy Code or any other applicable bankruptcy, insolvency, receivership, rehabilitation or similar law (an "Insolvency Proceeding") direct all matters relating to such Insolvency Proceeding, including without limitation, (A) all matters relating to any claim in connection with an Insolvency Proceeding seeking the avoidance as a preferential transfer of any payment made with respect to the Obligations (a "Preference Claim"), (B) the direction of any appeal of any order relating to any Preference Claim and (C) the posting of any surety, supersedeas or performance bond pending any such appeal.  In addition, the Holder hereby agrees that AGM shall be subrogated to and the Holder hereby delegates and assigns, to the fullest extent permitted by law, the rights of the Holder in the conduct of any Insolvency Proceeding, including, without limitation, all rights of any party to an adversary proceeding or action with respect to any court order issued in connection with any such Insolvency Proceeding.

(vii)  Payment should be made by wire transfer directed to the following account:



Unless the context otherwise requires, capitalized terms used in this Notice of Claim and Certificate and not defined herein shall have the meanings provided in the Policy.

IN WITNESS WHEREOF, the Holder has executed and delivered this Notice of Claim and Certificate as of the 3rd day of January, 2018.

UBS AG, Stamford Branch

By: _____
Name:  Michael Fleischer
Title:  Authorized Signatory

By: _____
Name:
Title:       Terence J. Filewych
             Executive Director and Counsel
             Region Americas Legal

---

For AGM or
Fiscal Agent Use Only

Wire transfer sent on _____ By _____
Confirmation Number _____

## ASSIGNMENT OF RIGHTS

IN CONSIDERATION of the sum of Five Hundred Fifty Two Thousand, Nine Hundred Sixty Six Dollars and Four Cents ($552,966.04) to be paid by the Swap Insurer to UBS AG, Stamford Branch (the "Holder") under Financial Guaranty Insurance Policy No. 208491B-SWP dated May 3, 2007, representing money owed to the Holder by Puerto Rico Electric Power Authority (the "Obligor") pursuant to the Transaction evidenced by the Confirmation dated April 18, 2007 with UBS AG, Stamford Branch reference number 37638915, under the ISDA Master Agreement by and between the Holder and the Obligor dated as of April 18, 2007, and the Schedule thereunder (the "Obligations"), the Holder HEREBY ASSIGNS, TRANSFERS AND SUBROGATES to Assured Guaranty Municipal Corp., formerly known as Financial Security Assurance Inc. ("AGM"):

(i)     all rights, claims, and rights of action under the Agreement, to the extent of the amount above stated, to payment of Scheduled Payments (as defined in the Policy) due and unpaid by the Obligor;

(ii)    all other options, votes, rights, powers and remedies permitted under the Trust Agreement dated as of January 1, 1974, as amended, and the resolution adopted by the Obligor on April 19, 2007, authorizing the issuance of the Related Bonds, and

(iii)   all other rights and remedies permitted by law,

until there shall occur reimbursement in full by the Obligor for all amounts paid by AGM to the Holder.

IN WITNESS WHEREOF, the undersigned has executed this Assignment of Rights this 3rd day of January, 2018.

UBS AG, Stamford Branch

By: _____
Name: Michael Fleischer
Title: Authorized Signatory

By: _____
Name:
Title: Terence J. Filo____
Executive Dir___ ___ ___ounsel
Region Amer__ ___ ___

NOTICE OF CLAIM AND CERTIFICATE

Assured Guaranty Municipal Corp.
1633 Broadway
New York, NY  10019

  The undersigned, a duly authorized officer of UBS AG, Stamford Branch (the "Holder"), hereby certifies to Assured Guaranty Municipal Corp., formerly known as Financial Security Assurance Inc. ("AGM"), with reference to Financial Guaranty Insurance Policy No. 208491B-SWP dated May 3, 2007 (the "Policy") issued by AGM in respect of the contractual amounts due for payment (the "Obligations") by or on behalf of Puerto Rico Electric Power Authority (the "Obligor"), pursuant to the Transaction evidenced by the Confirmation dated April 18, 2007 with UBS AG, Stamford Branch reference number 37638915, under the ISDA Master Agreement by and between the Holder and the Obligor dated as of April 18, 2007, and the Schedule thereunder (the "Obligations"), that:

  (i)  The Holder is the beneficiary of the Policy.

(ii)  The Holder has not received payment in full of the Scheduled Payment which was due on April 2, 2018.  The amount which remains due the Holder as a Scheduled Payment is $509,906.19 (the "Deficiency").

  (iii)  Accordingly, the Holder is hereby making a claim under the Policy for the amount of the Deficiency.

  (iv)  The Scheduled Payment has been calculated as follows:

    Obligor Amount Owed – Holder Amount Owed
    Fixed Amount – Floating Amount
    Notional x Rate x DayCount – Notional x Rate x DayCount
    SAMPLE:  ($83,343,150 x 4.08% x 90/360) – ($83,343,150 x 1.6554155% x 90/365)
        $850,100.13 – $340,193.94
        $509,906.19

  (v)  The Holder is delivering to AGM herewith an Assignment of Rights in the form attached hereto.  The assignment effected thereby is in addition to, and not in limitation of, rights of subrogation otherwise available to AGM in respect of such payments.

  (vi)  The Holder hereby appoints AGM as agent and attorney-in-fact for the Holder in any legal proceeding with respect to the Obligations.  The Holder hereby agrees that AGM may at any time during the continuation of any proceeding by or against the Obligor under the United States Bankruptcy Code or any other applicable bankruptcy, insolvency, receivership, rehabilitation or similar law (an "Insolvency Proceeding") direct all matters relating to such Insolvency Proceeding, including without limitation, (A) all matters relating to any claim in connection with an Insolvency Proceeding seeking the avoidance as a preferential transfer of any payment made with respect to the Obligations (a "Preference Claim"), (B) the direction of any appeal of any order relating to any Preference Claim and (C) the posting of any surety, supersedeas or performance bond pending any such appeal.  In addition, the Holder hereby agrees that AGM shall be subrogated to and the Holder hereby delegates and assigns, to the fullest extent permitted by law, the rights of the Holder in the conduct of any Insolvency Proceeding, including, without limitation, all rights of any party to an adversary proceeding or action with respect to any court order issued in connection with any such Insolvency Proceeding.

  (vii)  Payment should be made by wire transfer directed to the following account:

Unless the context otherwise requires, capitalized terms used in this Notice of Claim and Certificate and not defined herein shall have the meanings provided in the Policy.

IN WITNESS WHEREOF, the Holder has executed and delivered this Notice of Claim and Certificate as of the 3rd day of April 2018.

UBS AG, Stamford Branch

By: _____

Name:  Michael Fleischer

Title:  Authorized Signatory

By: _____

Name:

Title:  Kiye Sakai

Managing Director and Counsel

Region Americas Legal

For AGM or
Fiscal Agent Use Only

Wire transfer sent on _____ By _____

Confirmation Number _____

**ASSIGNMENT OF RIGHTS**

IN CONSIDERATION of the sum of Five Hundred Nine Thousand, Nine Hundred Six Dollars and Nineteen Cents ($509,906.19) to be paid by the Swap Insurer to UBS AG, Stamford Branch (the "Holder") under Financial Guaranty Insurance Policy No. 208491B-SWP dated May 3, 2007, representing money owed to the Holder by Puerto Rico Electric Power Authority (the "Obligor") pursuant to the Transaction evidenced by the Confirmation dated April 18, 2007 with UBS AG, Stamford Branch reference number 37638915, under the ISDA Master Agreement by and between the Holder and the Obligor dated as of April 18, 2007, and the Schedule thereunder (the "Obligations"), the Holder HEREBY ASSIGNS, TRANSFERS AND SUBROGATES to Assured Guaranty Municipal Corp., formerly known as Financial Security Assurance Inc. ("AGM"):

(i)     all rights, claims, and rights of action under the Agreement, to the extent of the amount above stated, to payment of Scheduled Payments (as defined in the Policy) due and unpaid by the Obligor;

(ii)    all other options, votes, rights, powers and remedies permitted under the Trust Agreement dated as of January 1, 1974, as amended, and the resolution adopted by the Obligor on April 19, 2007, authorizing the issuance of the Related Bonds, and

(iii)   all other rights and remedies permitted by law,

until there shall occur reimbursement in full by the Obligor for all amounts paid by AGM to the Holder.

IN WITNESS WHEREOF, the undersigned has executed this Assignment of Rights this 3rd day of April, 2018.

UBS AG, Stamford Branch

By: _____
Name: Michael Fleischer
Title: Authorized Signatory

By: _____
Name:
Title:

Kiye Sakai
Managing Director and Counsel
Region Americas Legal



## Brooklyn

### CLAIM/BALLOT HAND DELIVERY CONFIRMATION SHEET

RECEIVED

MAY 2 4 2018

PRIME CLERK LLC

DATE RECEIVED: _____

CASE: _____Puerto Rico_____

NO. OF CLAIMS: _____4_____

NO. OF BALLOTS: _____

COPIES: ____handed Back to them /NO____

RECEIVED BY: _____XXX_____