# EXHIBIT   63

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

**Fill in this information to identify the case (Select only one Debtor per claim form). / Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación).**

| | | |
|---|---|---|
| ☐ Commonwealth of Puerto Rico<br>El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date:<br>May 3, 2017 |
| ☐ Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interès Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date:<br>May 5, 2017 |
| ☐ Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date:<br>May 21, 2017 |
| ☐ Employees Retirement System of the Government of the Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date:<br>May 21, 2017 |
| ☒ Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date:<br>July 2, 2017 |

RECEIVED

MAY 2 5 2018

Prime Clerk LLC

17032838000000083

☒ Date Stamped Copy Returned
☐ No Self-Addressed Stamped Envelope
☐ No Copy Provided

## Modified Official Form 410 / Formulario Oficial 410 Modificado

# Proof of Claim / Evidencia de reclamación

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.

Quienes presenten la documentación deben omitir o editar información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. **No adjunte documentos originales,** ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

Fill in all the information about the claim as of the Petition Date.

Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.

| Part 1 / Parte 1 | Identify the Claim / Identificar la reclamación |
|---|---|

1. Who is the current creditor?

   ¿Quién es el acreedor actual?

   National Public Finance Guarantee Corporation

   Name of the current creditor (the person or entity to be paid for this claim)
   Nombre al acreedor actual (la persona o la entidad a la que se le pagará la reclamación)

   Other names the creditor used with the debtor
   Otros nombres que el acreedor usó con el deudor   MBIA Insurance Corp. (MBIA Corp.)

**Claim Number: 22078**

| 2. | Has this claim been acquired from someone else?<br><br>¿Esta reclamación se ha adquirido de otra persona? | ☒ No / No<br>☐ Yes. From whom?<br>　　Sí. ¿De quién? _____ | |

| 3. | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)<br><br>¿A dónde deberían enviarse las notificaciones al acreedor?<br><br>Norma federal del procedimiento de quiebra (FRBP, por sus siglas en inglés) 2002(g | **Where should notices to the creditor be sent?**<br>¿A dónde deberían enviarse las notificaciones al acreedor?<br><br>Legal Department c/o Gary Saunders<br>Name / Nombre<br><br>1 Manhattanville Road<br>Number / Número　　Street / Calle<br><br>Purchase　　　NY　　　10577<br>City / Ciudad　State / Estado　ZIP Code / Código postal<br><br>914.765.3333<br>Contact phone / Teléfono de contacto<br><br>Contact email / Correo electrónico de contacto | **Where should payments to the creditor be sent?** (if different)<br>¿A dónde deberían enviarse los pagos al acreedor? (En caso de que sea diferente)<br><br>Name / Nombre<br><br>Number / Número　　Street / Calle<br><br>City / Ciudad　State / Estado　ZIP Code / Código postal<br><br>Contact phone / Teléfono de contacto<br><br>Contact email / Correo electrónico de contacto |

| 4. | Does this claim amend one already filed?<br><br>¿Esta reclamación es una enmienda de otra presentada anteriormente? | ☒ No / No<br>☐ Yes.　Claim number on court claims registry (if known)<br>　　Sí.　Número de reclamación en el registro de reclamaciones judiciales (en caso de saberlo) _____<br>　　Filed on / Presentada el _____ (MM /DD/YYYY) / (DD/MM/AAAA) | |

| 5. | Do you know if anyone else has filed a proof of claim for this claim?<br><br>¿Sabe si alguien más presentó una evidencia de reclamación para esta reclamación? | ☒ No / No<br>☐ Yes. Who made the earlier filing?<br>　　Sí. ¿Quién hizo la reclamación anterior? _____ | |

<br>

**Part 2 / Parte 2:**　　**Give Information About the Claim as of the Petition Date**
**Complete toda la información acerca de la reclamación desde la fecha en la que se presentó el caso.**

| 6. | Do you have a claim against a specific agency or department of the Commonwealth of Puerto Rico?<br><br>¿Tiene una reclamación en contra de algún organismo o departamento específico del Estado Libre Asociado de Puerto Rico? | ☒ No / No<br>☐ Yes. Identify the agency or department and contact name. (A list of Commonwealth of Puerto Rico agencies and departments is available at: https://cases.primeclerk.com/puertorico/.)<br>Sí. Identifique el organismo o departamento y nombre del representante. (Una lista de agencias y departamentos del Estado Libre Asociado de Puerto Rico está disponible en: https://cases.primeclerk.com/puertorico/).<br><br>_____ |

| 7. | Do you supply goods and / or services to the government?<br><br>¿Proporciona bienes y / o servicios al gobierno? | ☒ No / No<br>☐ Yes. Provide the additional information set forth below / Sí. Proporcionar la información adicional establecida a continuación:<br><br>Vendor / Contract Number | Número de proveedor / contrato: _____<br><br>List any amounts due after the Petition Date (listed above) but before June 30, 2017:<br>Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017 $ _____ |

**8. How much is the claim?**

¿Cuál es el importe de la reclamación?

$ See attached addendum

**Does this amount include interest or other charges?**
¿Este importe incluye intereses u otros cargos?

☐ No / No

☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).
Sí. Adjunte un balance con intereses detallados, honorarios, gastos u otros cargos exigidos por la Norma de Quiebras 3001(c)(2)(A).

**9. What is the basis of the claim?**

¿Cuál es el fundamento de la reclamación?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.

See attached addendum

**10. Is all or part of the claim secured?**

¿La reclamación está garantizada de manera total o parcial?

☐ No / No

☒ Yes. The claim is secured by a lien on property.
Sí. La reclamación está garantizada por un derecho de retención sobre un bien.

**Nature of property / Naturaleza del bien:**
☐ Motor vehicle / Vehículos

☒ Other. Describe:
Otro. Describir:   See attached addendum

**Basis for perfection / Fundamento de la realización de pasos adicionales:** _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención.)

**Value of property / Valor del bien:** $_____

**Amount of the claim that is secured /**
Importe de la reclamación que está garantizado: $_____

**Amount of the claim that is unsecured /**
Importe de la reclamación que no está garantizado: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)
(La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)

**Amount necessary to cure any default as of the Petition Date /**
Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso : $_____
_____

**Annual Interest Rate** (on the Petition Date)
_Tasa de interés anual (cuando se presentó el caso)_____%

☐ Fixed / Fija
☐ Variable / Variable

**11. Is this claim based on a lease?**

¿Esta reclamación está basada en un arrendamiento?

☒ No / No

☐ Yes. **Amount necessary to cure any default as of the Petition Date.**
Sí. Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso $ _____

| 12. Is this claim subject to a right of setoff?<br><br>¿La reclamación está sujeta a un derecho de compensación? | ☒ No / No<br><br>☐ Yes. Identify the property /<br>Sí. Identifique el bien: _____ |
|---|---|
| 13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?<br><br>¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b)(9) del U.S.C.? | ☒ No / No<br><br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received   $_____ by the debtor within 20 days before the Petition Date in these Title III case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.<br><br>Sí. Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 días anteriores a la fecha de inicio en estos casos del Título III, en que los bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación. |

## Part 3 / Parte 3:

### Sign Below / Firmar a continuación

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**La persona que complete esta evidencia de reclamación debe firmar e indicar la fecha. FRBP 9011(b).**

Si presenta esta reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma.

Check the appropriate box / Marque la casilla correspondiente:

☒ I am the creditor. / Soy el acreedor.

☐ I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. / Soy el síndico, el deudor o su agente autorizado. Norma de quiebra 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor. Norma de quiebra 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera como un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.

I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto.

Executed on date / Ejecutado el   5/22/18   (MM/DD/YYYY) / (DD/MM/AAAA)

Signature / Firma _____

Print the name of the person who is completing and signing this claim / Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:

| Name | Gary | Alan | Saunders |
|---|---|---|---|
|  | First name / Primer nombre | Middle name / Segundo nombre | Last name / Apellido |
| Title / Cargo | Managing Director, Deputy General Counsel / Asst. Secretary | | |
| Company / Compañía | National Public Finance Guarantee Corporation | | |
|  | Identify the corporate servicer as the company if the authorized agent is a servicer.<br>Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador. | | |
| Address / Dirección | 1 Manhattanville Road | | |
|  | Number / Número    Street / Calle | | |
|  | Purchase | NY | 10577 |
|  | City / Ciudad | State / Estado | ZIP Code / Código postal |

Contact phone / Teléfono de contacto   914.765.3923   Email / Correo electrónico   gary.saunders@mbia.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>        as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>        Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>        as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>        Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

**ADDENDUM TO PROOF OF CLAIM OF**
**NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION**

**Puerto Rico Electric Power Authority Power Revenue Bonds, Series LL, NN, RR, TT and
Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series MM, PP,
SS, UU, and VV**

        1.      National Public Finance Guarantee Corporation ("**National**") hereby submits this addendum to its proof of claim (together, the "**Proof of Claim**") against the Puerto Rico Electric Power Authority ("**PREPA**" or the "**Authority**").

        2.      On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico (the "**Oversight Board**") commenced a proceeding on behalf of the Commonwealth of Puerto Rico (the "**Commonwealth**") under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("**PROMESA**"). On July 2, 2017 (the "**Petition Date**"), the Oversight Board commenced a proceeding on behalf of PREPA under Title III of PROMESA.

3.      Pursuant to an order, dated February 15, 2018 [Case No. 17-3283, Docket No. 2521], the Court established May 29, 2018, as the "Bar Date" to assert any claims against PREPA that arose prior to the Petition Date.  As more fully described herein, National submits this Proof of Claim for amounts and other obligations that are owed or may be owed to National under the Documents (as defined below), under other applicable law, or in equity (all such obligations, the "**Claims**").

<u>**Basis for the Claims**</u>

4.      **PREPA and the PREPA Bonds**.  PREPA was established as a public corporation under the Puerto Rico Electric Power Authority Act, Act No. 83 of May 2, 1941, P.R. Law Ann. tit. 22 § 191, *et seq.* (as amended, reenacted, and supplemented, the "**PREPA Enabling Act**"), to own and operate electricity production and transmission assets.  Section 16 of the PREPA Enabling Act authorized PREPA to issue bonds to the public. *See* P.R. Laws. Ann. tit. 22 § 206.  Pursuant to the PREPA Enabling Act, PREPA issued bonds (the "**PREPA Bonds**") under that certain Trust Agreement, dated as of January 1, 1974 (as amended and supplemented, the "**Trust Agreement**"), by and between PREPA, as issuer, and First National City Bank, as the original trustee.  U.S. Bank National Association ("**U.S. Bank**") is the successor trustee under the Trust Agreement (in such capacity, the "**Trustee**").

5.      The PREPA Bonds and all of PREPA's obligations in respect of the PREPA Bonds are secured by, among other things, (i) a lien on, pledge of and security interest in PREPA's present and future revenues, including, without limitation, all Revenues[1] of the System, (ii) certain intangibles pledged under the Trust Agreement or provided for in the PREPA Enabling Act, and certain covenants, obligations and undertakings, and (iii) other moneys and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Trust Agreement.

investments as provided under the Trust Agreement, the resolutions of PREPA's governing board authorizing the issuance of the PREPA Bonds (each, an "**Authorizing Resolution**"), and the PREPA Enabling Act, including all monies and investments held in trust or required to be held in trust by PREPA at Depositories or otherwise in special accounts or funds under the Trust Agreement.[2]

      6.    Uniform Commercial Code financing statements have been filed in appropriate filing offices to the extent the Uniform Commercial Code may be applicable to the perfection of security interests in property of PREPA described herein, and are publicly available.

      7.    **The Power Revenue Bonds and Power Revenue Refunding Bonds**. PREPA issued multiple series of PREPA Bonds pursuant to the Authorizing Resolutions and supplements to the Trust Agreement (each, a "**Series Supplement**"). The PREPA Bonds mature pursuant to the applicable schedules set forth in the respective Authorizing Resolutions and/or according to amortization schedules or requirements set forth in the respective Series Supplements and/or in the PREPA Bonds. Interest on the bonds is payable semi-annually on January 1 and July 1.

      8.    **Primary Insurance Policies and Agreements**. National insures certain PREPA Bonds pursuant to municipal bond insurance policies issued by MBIA Insurance Corporation ("**MBIA Corp.**") or similar municipal bond insurance policies originally issued by Financial Guaranty Insurance Company ("**FGIC**") and novated to National, guaranteeing at issuance the scheduled payment of principal of and interest on $1,705,370,000.00 in aggregate principal amount of PREPA Bonds, subject to the terms and conditions of such policies

---

[2] The Revenues, as well as monies held in accounts established under the Trust Agreement, are special revenues, as such term is defined in section 902(2) of the Bankruptcy Code.

(collectively, the "**Primary Insurance Policies**").[3]  **Exhibit A**, attached hereto, sets forth each series of PREPA Bonds insured by National under Primary Insurance Policies (collectively, the "**Primary Insured Bonds**"), including, for each series of Primary Insured Bonds, the Authorizing Resolutions (collectively, the "**Primary Authorizing Resolutions**"), the aggregate amount of principal insured at issuance, the amount of principal outstanding as of June 30, 2017, and the interest rates and maturity dates of such Primary Insured Bonds.

9.      As a condition to the issuance of the Primary Insurance Policies, PREPA and State Street Bank and Trust Company, N.A., as then-acting trustee under the Trust Agreement, entered into those certain Agreements Regarding Bond Insurance identified by their respective dates listed on Exhibit A attached hereto (collectively, the "**Insurance Agreements**"). Pursuant to the Insurance Agreements, PREPA agreed, among other things, that to the extent National makes payments of principal of or interest on the Primary Insured Bonds, National would be subrogated to the rights of the owners of such Primary Insured Bonds to receive the amount of such principal and interest from PREPA, and to pay to National the amount of such principal and interest, with interest thereon as provided in the Trust Agreement and the Primary Insured Bonds, and would otherwise treat National as the owner of all rights to such principal and interest.

---

[3] National is a wholly owned subsidiary of MBIA Inc. ("**MBIA**"). Effective January 1, 2009, MBIA Corp. (a separate wholly owned subsidiary of MBIA) reinsured all of its public finance financial guaranty insurance policies (the "**Covered Policies**") to National pursuant to that certain Amended and Restated Quota Share Reinsurance Agreement dated February 17, 2009. Included in the Covered Policies are certain financial guaranty insurance policies (the "**FGIC Policies**") that were originally ceded as reinsurance to MBIA Corp. from FGIC pursuant to a Reinsurance Agreement by and between MBIA Corp. and FGIC, dated as of September 30, 2008, and assigned to National pursuant to an Assignment and Assumption Agreement by and between MBIA Corp. and National, dated as of February 17, 2009. The FGIC Policies were subsequently novated directly to National pursuant to a Novation Agreement, dated as of September 14, 2012. The Policies referenced in this Proof of Claim are Covered Policies. As used in this Proof of Claim, the term "National" may refer to certain of its predecessors or affiliates.

PREPA Power Revenue Bonds, Series LL, NN, RR, TT
PREPA Power Revenue Refunding Bonds, Series MM, PP, SS, UU, and VV

10.     **Secondary Insurance Policies**. National has guaranteed the scheduled payment of principal of and interest on $21,230,000.00 of aggregate principal amount of PREPA Series TT Power Revenue Bonds (collectively, the "**Secondary Insured Bonds**," and together with the Primary Insured Bonds, the "**Insured Bonds**") pursuant to and subject to the terms and conditions of certain municipal bond insurance policies issued in the secondary insurance market (collectively, the "**Secondary Insurance Policies**" and together with the Primary Insurance Policies, the "**Policies**"). **Exhibit B**, attached hereto, sets forth the aggregate amount of principal insured under each Secondary Insurance Policy at issuance, the current principal amount outstanding, and the interest rates and the maturity dates of the Secondary Insured Bonds.

11.     As a condition to the issuance of the Secondary Insurance Policies, National entered into various agreements in connection with the Secondary Insurance Policies, pursuant to which National and The Bank of New York ("**BONY**"), as custodian (in such capacity, the "**Custodian**"), agreed to various provisions in connection with the Secondary Insurance Policies, including, but not limited to: (i) that certain Amended & Restated Custody Agreement, dated as of April 29, 2002 (as amended, supplemented, or otherwise modified from time to time, the "**Custody Agreement**"); and (ii) that certain Insurance and Indemnity Agreement, dated as of March 20, 2009 (the "**Insurance and Indemnity Agreement**"). Pursuant to the Custody Agreement and the Insurance and Indemnity Agreement, the Custodian agreed, among other things, that to the extent National makes payments of principal of or interest on the Secondary Insured Bonds, National would be fully subrogated to the rights of the owners of such Secondary Insured Bonds to the extent of such payments, and shall have the right to receive from the Custodian the amounts due on the bonds to which such payments relate, and the Custodian would be required to pay to National such amounts of principal and interest as shall be

received by the Custodian and otherwise treat National as the owner of all rights to such principal and interest.

12.    As of June 30, 2017, the aggregate principal amount outstanding of Insured Bonds was $1,245,785,000.00.

13.    The Insured Bonds, the Trust Agreement, the Authorizing Resolutions, the Policies, and any and all other documents cited herein or related to the foregoing are referred to collectively herein as the "**Documents**."  Because of their substantial volume, the Documents have not been attached to this Proof of Claim, but are incorporated herein by reference and are available upon request.

**Components of the Claims**

14.    **Policy Payments**. As of the date of this Proof of Claim, in accordance with the Documents, National has made payments (such payments, the "**Policy Payments**") to or for the benefit of the owners of Insured Bonds in the aggregate amount of (i) $94,760,000.00 in connection with principal and (ii) $60,951,278.77 in connection with interest, in each case that is due and owing, but unpaid by PREPA, on the Insured Bonds (all such unpaid principal and interest, the "**Unpaid Amounts**").

15.    In connection with Policy Payments for principal due on the Primary Insured Bonds, National made such Policy Payments to U.S. Bank, in its capacity as fiscal agent for National.  U.S. Bank held the Policy Payments until the Trustee surrendered the applicable Primary Insured Bonds (or portions thereof) or presented such other proof of ownership of the Primary Insured Bonds, together with any appropriate instruments of assignment to evidence the assignment of the applicable Primary Insured Bonds (or portions thereof), to effect a transfer of ownership of such Primary Insured Bonds (or portions thereof) to National in exchange for such

6

Policy Payments, and presented appropriate instruments to effect the assignment of all rights to payment of the Primary Insured Bonds (or portions thereof) to National.

16.      In connection with Policy Payments for interest due on the Primary Insured Bonds, National made such Policy Payments to U.S. Bank, in its capacity as fiscal agent for National.  U.S. Bank held the Policy Payments until the Trustee surrendered the applicable instruments to effect the appointment of National as agent for the owners of such Primary Insured Bonds in any legal proceeding related to payment of the Unpaid Amounts by PREPA and an assignment to National of the owners' claims with respect to such Unpaid Amounts.

17.      With respect to Secondary Insured Bonds, National paid the Policy Payments due to the Custodian, who in turn surrendered the Secondary Insured Bonds (or portion thereof) or presented such other proof of ownership of the Secondary Insured Bonds, together with any appropriate instruments of assignment to evidence the assignment to National of the owners' claims with respect to any Unpaid Amounts due on the Secondary Insured Bonds that have been paid by National, and presented appropriate instruments to effect the appointment of National as agent for the owners of the Secondary Insured Bonds in any legal proceeding related to claims for payment of such Unpaid Amounts on the Secondary Insured Bonds

18.      **Subrogation**.   Pursuant to the Primary Insurance Agreements, the Insurance and Indemnity Agreement, and the Custody Agreement, as applicable, to the extent National makes a payment on account of principal of or interest on the Insured Bonds, National is subrogated to the rights of the beneficial owners of the Insured Bonds to receive the amount of such principal and interest from PREPA.

19.      By this Proof of Claim, National asserts a (i) secured, liquidated subrogation Claim in the aggregate amount of $155,711,278.77, which is due and owing on the

Insured Bonds (or coupons thereof or rights to payment therein), representing the Policy Payments; (ii) secured, contingent and/or unliquidated subrogation Claim in an aggregate amount not to exceed $1,151,025,000.00,[4] representing the aggregate principal amount of Insured Bonds outstanding that National may become obligated to pay pursuant to the Documents; and (iii) secured, contingent and/or unliquidated subrogation Claim for any interest on the Insured Bonds that accrued or accrues prior to or after the Petition Date that National may be obligated to pay pursuant to the Documents.

20.     In addition to its subrogation Claim under the Documents, National expressly reserves any and all rights it may have to subrogation or reimbursement under, among other things, applicable state law, Puerto Rico law, common law, or PROMESA.

21.     **Assignment Under the Insurance Policies**. Pursuant to the Policies, National's obligation to make payments to the Trustee for the benefit of owners of the Insured Bonds, or in the case of the Secondary Insured Bonds, to the Custodian for the benefit of the owners of the Secondary Insured Bonds, with respect to unpaid principal of and interest on the Insured Bonds is expressly conditioned on such owners, or in the case of the Secondary Insured Bonds, the Custodian, assigning, pursuant to the appropriate instruments of assignment, their Insured Bonds or claims for interest thereon to National.

22.     Further, pursuant to the Primary Insurance Agreements and the Custody Agreement, upon a deficiency in funds received from PREPA relative to the amount required to pay principal of and interest on the Insured Bonds, the Trustee and Custodian, as applicable,

---

[4] This number represents, as of March 31, 2018, principal amounts outstanding on the Insured Bonds that have not yet been paid by PREPA, and excludes the amounts of principal paid by National under the Policies for which National holds a liquidated claim and is covered by the liquidated amount asserted in this Proof of Claim.

execute and deliver to U.S. Bank in the case of the Primary Insured Bonds, and to National, in the case of the Secondary Insured Bonds, (i) an instrument appointing National as agent for the owners of the Insured Bonds in any legal proceeding related to the payment of principal of and interest on the Insured Bonds, and (ii) an assignment to National of the owners' claims for principal and interest to which such deficiency relates and which deficiency is paid by National.

23.    By this Proof of Claim, National asserts a secured, liquidated Claim in the amount of $155,711,278.77, which is due and owing on the Insured Bonds (or coupons thereof or rights to payment therein) assigned to National upon the disbursement of the Policy Payments. National further asserts a secured, contingent and/or unliquidated Claim for any amounts due and owing to the extent National makes any further payments under the Policies and in accordance with the Documents and receives an assignment of Insured Bonds (or coupons thereof or rights to payment therein) or claims for interest pursuant to the Documents.

24.    **Owner of Unpaid Bonds**.  Payment by National of principal of or interest on the Insured Bonds does not discharge PREPA of its obligations with respect to such Insured Bonds, and, pursuant to the Primary Insurance Agreements and Insurance and Indemnity Agreement, National is deemed to be the owner of such unpaid Insured Bonds upon making a payment under the applicable Policy.

25.    By this Proof of Claim, National asserts a secured, liquidated Claim in the amount of $155,711,278.77, which is due and owing on the Insured Bonds (or coupons thereof or rights to payment therein) owned by National upon the disbursement of the Policy Payments. National further asserts a secured, contingent and/or unliquidated Claim for any amounts due and owing, to the extent National makes any further payments under the Policies in accordance with

the Documents and takes ownership of Insured Bonds (or coupons thereof or rights to payment therein) or claims for interest pursuant to the Documents.

26.    **Reimbursement**.   By this Proof of Claim, National asserts a secured, contingent and/or unliquidated claim for any amounts paid and the amount of any and all costs, expenses, and fees incurred by National in connection with the Insured Bonds, to the extent allowed under the Amended and Restated Restructuring Support Agreement, dated as of March 14, 2016, among PREPA, the Puerto Rico Fiscal Agency and Financial Advisory Authority, National, and certain other parties signatory thereto, as heretofore supplemented, the Documents and by applicable law.

27.    **Other Claims**.   In addition to the Claims set forth herein and any and all rights and remedies National may now have (or may hereafter acquire) under the Documents, National reserves the right to assert a Claim for all other amounts that PREPA may owe to National under the Documents, whether accruing before or after the Petition Date, and whether contingent, unliquidated or liquidated.

28.    National further reserves the right to assert Claims against PREPA for (i) PREPA's violations of its obligations under the Insurance Agreements and Trust Agreement, including, without limitation, violations of sections 501, 502, and 505 of the Trust Agreement, and (ii) any or all acts or omissions of PREPA that, directly or indirectly, prevented the payment of, or impaired the value of the collateral securing, the Insured Bonds, including, without limitation, the acts and omissions alleged in the *Motion of Ad Hoc Group of PREPA Bondholders, National Public Finance Guarantee Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Syncora Guarantee Inc. for Relief from the Automatic*

*Stay to Allow Movants to Enforce their Statutory Right to have a Receiver Appointed* [Case No.
17 BK 4780-LTS, Dkt No. 74].

### Reservation of Rights

29.    National does not waive or release, and expressly reserves, all rights and

remedies at law or in equity that it has or may have against PREPA and/or any other person or

entity, including, without limitation, the Commonwealth and any of its instrumentalities.

30.    National reserves the right to amend, modify, supplement, reclassify, or

otherwise revise this Proof of Claim at any time and in any respect, including, without limitation,

as necessary or appropriate to amend, quantify, or correct amounts, to provide additional detail

regarding the Claims set forth herein, to fix the amount of any contingent and/or unliquidated

part of the Claims, to assert additional grounds for any of the Claims, or to reflect any and all

additional claims of whatever kind or nature that National has or may have against PREPA,

including, without limitation, any claims arising after the Petition Date.

31.    The execution and filing of this Proof of Claim is not and shall not be

deemed any of the following:  (i) a waiver of any rights or remedies of National under any

agreement or applicable law; (ii) a waiver of any right to assert that the security or priority of any

Claim asserted herein is that of an administrative expense, an unsecured claim, a secured claim,

or a priority claim in this case; (iii) a waiver of the right to challenge the jurisdiction of this

Court with respect to the subject matter of the Claims asserted herein, any objection or other

proceeding commenced with respect thereto, or any other proceeding commenced in this case

against or otherwise involving National; (iv) a waiver or release by National of its right to trial

by jury or a consent by National to a trial by jury in this Court or any other court; (v) an

admission that any matter is a matter as to which this Court can enter a final judgment; (vi) a

PREPA Power Revenue Bonds, Series LL, NN, RR, TT
PREPA Power Revenue Refunding Bonds, Series MM, PP, SS, UU, and VV

waiver of the right to argue that the Court lacks the authority to enter final orders; (vii) a consent

to the entry by this Court of a final judgment with respect to the Claims asserted herein or any

other matter; (viii) an election of remedies that waives or otherwise affects any other remedy;

(ix) a waiver or release of National's claims or rights against any other entity or person that may

be liable for all or any part of the Claims or any matters related to the Claims; and/or (x) a waiver

of any right related to any plan of adjustment proposed in this Title III proceeding.  Neither this

Proof of Claim nor any of its contents shall be deemed or construed as an acknowledgement or

admission of any liability or obligation on the part National.  National specifically reserves all of

its defenses and rights, procedural and substantive, including, without limitation, its rights with

respect to any claim that may be asserted against National or any of its affiliates, by PREPA or

any other party.

       32.     National reserves all rights with respect to any and all claims under the

Documents, including, without limitation, with respect to setoff, recoupment, or otherwise.

       33.     Although National is not aware of any other entity filing a proof of claim

relating to National's claims set forth herein, upon information and belief the Trustee is filing

proofs of claim on behalf of the owners of the PREPA Bonds. Nothing contained in this Proof of

Claim is intended to, or shall, waive, amend, or modify any rights of National preserved by or

asserted through (whether directly or indirectly) any proofs of claim filed by the Trustee with

respect to the PREPA Bonds.

### Right of Setoff

       34.     National reserves all rights of setoff and recoupment that it may have.  To

the extent PREPA asserts any claim against National, National shall have a secured claim to the

extent of its right of setoff under section 553 of the Bankruptcy Code, as incorporated into Title

III of PROMESA, against such claim with respect to the Claims asserted herein and any amendments thereto.

### Claims Arising on or After the Petition Date

35.     The filing of this Proof of Claim does not waive, alter, or otherwise affect any rights National may have with respect to any claims created or otherwise arising on or after the Petition Date. National expressly reserves its right to file any and all such claims or similar claims at the appropriate time.

### Notice

36.     Copies of all notices and communications concerning this Proof of Claim should be sent to:

> Gary A. Saunders
> NATIONAL PUBLIC FINANCE
> GUARANTEE CORPORATION
> 1 Manhattanville Road
> Purchase, NY 10577
> (914) 765-3923
> Email: Gary.Saunders@mbia.com

**With copies to:**

> Marcia L. Goldstein, Esq.
> Debora A. Hoehne, Esq.
> WEIL, GOTSHAL & MANGES LLP
> 767 Fifth Avenue
> New York, New York 10153
> Telephone: (212) 310–8000
> Facsimile: (212) 310–8007
> Email:  marcia.goldstein@weil.com
>         debora.hoehne@weil.com

*Attorneys for National Public Finance Guarantee Corporation*

<u>Exhibit A</u>

**See Attached.**

## Primary Insured Bonds

| Bond Series and Policy Number | PREPA Governing Board Authorizing Resolution | Aggregate Principal Amount Insured under Primary Insurance Policies at Issuance | Principal Amount Outstanding as of June 30, 2017 | Interest Rate | Maturity | Insurance Agreement Dated as of |
|---|---|---|---|---|---|---|
| Puerto Rico Electric Power Authority Power Revenue Bonds, Series LL ("**Series LL**")<br><br>Policy Number: 38324 | Resolution No. 3017, adopted as of July 2, 2002 | $98,125,000.00 | $77,905,000.00 | 5.50% | July 1, 2016 through July 1, 2019 | July 1, 2002 |
| Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series MM ("**Series MM**")<br><br>Policy Number: 39115 | Resolution No. 3043, adopted as of October 3, 2002 | $68,700,000.00 | $56,200,000.00 | 3.00% - 5.00% | July 1, 2007; July 1, 2009 through July 1, 2023 | October 1, 2002 |
| Puerto Rico Electric Power Authority Power Revenue Bonds, Series NN ("**Series NN**")<br><br>Policy Number: 42162 | Resolution No. 3123, adopted as of August 6, 2003 | $272,290,000.00 | $147,720,000.00 | 5.25% | July 1, 2019; July 1, 2021 through July 1, 2023; July 1, 2032; July 1, 2033 | August 1, 2003 |
| Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series PP ("**Series PP**")<br><br>Policy Number: 04010536 (Novated from FGIC) | Resolution No. 3206, adopted as of August 26, 2004 | $85,050,000.00 | $84,765,000.00 | 3.70% - 5.00% | July 1, 2016 through 2025 | August 26, 2004 |
| Puerto Rico Electric Power Authority Power Revenue Bonds, Series RR ("**Series RR**")<br><br>Policy Number: 05010237 (Novated from FGIC) | Resolution No. 3255, adopted as of March 8, 2005 | $301,450,000.00 | $96,770,000.00 | 5.00% | July 1, 2021 through 2024 and 2035 | April 4, 2005 |

A-1

| Bond Series and Policy Number | PREPA Governing Board Authorizing Resolution | Aggregate Principal Amount Insured under Primary Insurance Policies at Issuance | Principal Amount Outstanding as of June 30, 2017 | Interest Rate | Maturity | Insurance Agreement Dated as of |
|---|---|---|---|---|---|---|
| Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series SS ("**Series SS**")<br><br>Policy Number:46002 | Resolution No. 3255, adopted as of March 8, 2005 | $372,255,000.00 | $268,505,000.00 | 3.30% - 5.00% | July 1, 2011; July 1, 2013 through July 1, 2025 (except for $23,040,000.00 maturing July 1, 2019) | April 4, 2005 |
| Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series UU ("**Series UU**")<br><br>Policy Number:494781 | Resolution No. 3437, adopted as of April 19, 2007 | $77,290,000.00 | $62,480,000.00 | 4.00% - 5.00% | July 1, 2014; July 1, 2018; July 1, 2019 | May 3, 2007 |
| Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series VV ("**Series VV – National Policy**")<br><br>Policy Number:496040 | Resolution No. 3439, adopted as of May 15, 2007 | $127,610,000.00 | $127,600,000.00 | 5.25% | July 1, 2025; July 1, 2026; July 1, 2029 | May 30, 2007 |
| Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series VV ("**Series VV – FGIC Policy**")<br><br>Policy Number: 07010235 (Novated from FGIC) | Resolution No. 3439, adopted as of May 15, 2007 | $302,600,000.00 | $302,600,000.00 | 5.25% | July 1, 2024; July 1, 2030; July 1, 2032; July 1, 2033; July 1, 2034; July 1, 2035 | May 30, 2007 |
| | Total: | $1,705,370,000.00 | $1,224,555,000.00 | | | |

## Exhibit B

See Attached.

## Secondary Insured Puerto Rico Electric Authority Power Revenue Bonds, Series TT

Issued under:

PREPA Governing Board Authorizing Resolution No. 3437, dated as of April 19, 2007

| Aggregate Principal Amount Insured by National | Principal Amount Outstanding as of June 30, 2017 | Interest Rate | Maturity | Policy Number |
|---|---|---|---|---|
| $5,000,000.00 | $5,000,000.00 | 4.2% | July 1, 2019 | 494880 |
| $525,000.00 | $525,000.00 | 5.0% | July 1, 2021 | 503990 |
| $1,000,000.00 | $1,000,000.00 | 5.0% | July 1, 2023 | 505080 |
| $1,705,000.00 | $1,705,000.00 | 5.0% | July 1, 2022 | 505170 |
| $5,000,000.00 | $5,000,000.00 | 5.0% | July 1, 2024 | 505200 |
| $1,000,000.00 | $1,000,000.00 | 5.0% | July 1, 2020 | 506140 |
| $2,000,000.00 | $2,000,000.00 | 5.0% | July 1, 2022 | 506180 |
| $5,000,000.00 | $5,000,000.00 | 5.0% | July 1, 2026 | 506190 |
| Total: $21,230,000.00 | $21,230,000.00 | | | |



# Prime Clerk

### <u>Manhattan</u>

## <u>CLAIM/BALLOT HAND DELIVERY</u>
## <u>CONFIRMATION SHEET</u>

DATE RECEIVED: _5-25-18_

CASE: _Commonwealth of Puerto Rico_

NO. OF CLAIMS: _18_

NO. OF BALLOTS: _____

COPIES: _18_

RECEIVED BY: _SVH_