# EXHIBIT   65

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL
DISTRITO DE PUERTO RICO

**Fill in this information to identify the case (Select only one Debtor per claim form). /
Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación).**

| | | |
|---|---|---|
| ☐ Commonwealth of Puerto Rico<br>El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date:<br>May 3, 2017 |
| ☐ Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date:<br>May 5, 2017 |
| ☐ Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date:<br>May 21, 2017 |
| ☐ Employees Retirement System of the Government of the<br>Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado<br>Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date:<br>May 21, 2017 |
| ☑ Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date:<br>July 2, 2017 |

RECEIVED

JUN 20 2018

PRIME CLERK LLC



170328380019415

## Modified Official Form 410 / Formulario Oficial 410 Modificado

# Proof of Claim / Evidencia de reclamación

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.

Quienes presenten la documentación deben omitir o editar información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. **No adjunte documentos originales,** ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

Fill in all the information about the claim as of the Petition Date.

Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.

[ ☑ ] Date Stamped Copy Returned
[ ] No Self-Addressed Stamped Envelope
[ ] No Copy Provided

| **Part 1 / Parte 1** | Identify the Claim / Identificar la reclamación |
|---|---|

1. **Who is the current creditor?**

   **¿Quién es el acreedor actual?**

   Syncora Guarantee Inc.

   Name of the current creditor (the person or entity to be paid for this claim)
   Nombre del acreedor actual (la persona o la entidad a la que se le pagará la reclamación)

   Other names the creditor used with the debtor    XL Capital Assurance Inc., Syncora Capital Assurance Inc.
   Otros nombres que el acreedor usó con el deudor

| | | | |
|---|---|---|---|
| 2. | **Has this claim been acquired from someone else?**<br><br>¿Esta reclamación se ha adquirido de otra persona? | ☑ No / No<br>☐ Yes. From whom?<br>   Sí. ¿De quién? _____ | |

| | | | |
|---|---|---|---|
| 3. | **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)<br><br>¿A dónde deberían enviarse las notificaciones al acreedor?<br><br>Norma federal del procedimiento de quiebra (FRBP, por sus siglas en inglés) 2002(g | **Where should notices to the creditor be sent?**<br>¿A dónde deberían enviarse las notificaciones al acreedor?<br><br>see addendum<br>Name / Nombre<br><br>Number / Número        Street / Calle<br><br>City / Ciudad        State / Estado        ZIP Code / Código postal<br><br>Contact phone / Teléfono de contacto<br><br>Contact email / Correo electrónico de contacto | **Where should payments to the creditor be sent?** (if different)<br>¿A dónde deberían enviarse los pagos al acreedor? (En caso de que sea diferente)<br><br>see addendum<br>Name / Nombre<br><br>Number / Número        Street / Calle<br><br>City / Ciudad        State / Estado        ZIP Code / Código postal<br><br>Contact phone / Teléfono de contacto<br><br>Contact email / Correo electrónico de contacto | |

| | | | |
|---|---|---|---|
| 4. | **Does this claim amend one already filed?**<br><br>¿Esta reclamación es una enmienda de otra presentada anteriormente? | ☑ No / No<br>☐ Yes.  Claim number on court claims registry (if known)<br>   Sí.  Número de reclamación en el registro de reclamaciones judiciales (en caso de saberlo)_____<br>   Filed on / Presentada el _____ (MM /DD/YYYY) / (DD/MM/AAAA) | |

| | | | |
|---|---|---|---|
| 5. | **Do you know if anyone else has filed a proof of claim for this claim?**<br><br>¿Sabe si alguien más presentó una evidencia de reclamación para esta reclamación? | ☑ No / No<br>☐ Yes. Who made the earlier filing?<br>   Sí. ¿Quién hizo la reclamación anterior?_____ | |

---

**Part 2 / Parte 2:**   **Give Information About the Claim as of the Petition Date**

**Complete toda la información acerca de la reclamación desde la fecha en la que se presentó el caso.**

| | | |
|---|---|---|
| 6. | **Do you have a claim against a specific agency or department of the Commonwealth of Puerto Rico?**<br><br>¿Tiene una reclamación en contra de algún organismo o departamento del Estado Libre Asociado de Puerto Rico? | ☑ No / No<br>☐ Yes.  Identify the agency or department and contact name. (A list of Commonwealth of Puerto Rico agencies and departments is available at: https://cases.primeclerk.com/puertorico/ )<br>   Sí.  Identifique el organismo o departamento y nombre del representante. (Una lista de agencias y departamentos del Estado Libre Asociado de Puerto Rico está disponible en: https://cases.primeclerk.com/puertorico/).<br><br>_____ |

| | | |
|---|---|---|
| 7. | **Do you supply goods and / or services to the government?**<br><br>¿Proporciona bienes y / o servicios al gobierno? | ☑ No / No<br>☐ Yes. Provide the additional information set forth below / Sí. Proporcionar la información adicional establecida a continuación:<br><br>Vendor / Contract Number | Número de proveedor / contrato: _____<br><br>List any amounts due after the Petition Date (listed above) but before June 30, 2017:<br>Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017  $ _____ |

---

**8. How much is the claim?**

¿Cuál es el importe de la reclamación?

$ see addendum

**Does this amount include interest or other charges?**
¿Este importe incluye intereses u otros cargos?

☐ No / No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).
Sí. Adjunte un balance con intereses detallados, honorarios, gastos u otros cargos exigidos por la Norma de Quiebras 3001(c)(2)(A).

---

**9. What is the basis of the claim?**

¿Cuál es el fundamento de la reclamación?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.

see addendum

---

**10. Is all or part of the claim secured?**

¿La reclamación está garantizada de manera total o parcial?

☐ No / No

☑ Yes. The claim is secured by a lien on property.
Sí. La reclamación está garantizada por un derecho de retención sobre un bien.

**Nature of property / Naturaleza del bien:**
☐ Motor vehicle / Vehículos

☑ Other. Describe:
Otro. Describir: see addendum

**Basis for perfection / Fundamento de la realización de pasos adicionales:**

see addendum

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención.

**Value of property / Valor del bien:** $ see addendum

**Amount of the claim that is secured /**
**Importe de la reclamación que está garantizado:** $ see addendum

**Amount of the claim that is unsecured /**
**Importe de la reclamación que no está garantizado:** $ 0
(The sum of the secured and unsecured amount should match the amount in line 7.)
(La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)

**Amount necessary to cure any default as of the Petition Date /**
**Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso :** $ see addendum

**Annual Interest Rate** (on the Petition Date)
**Tasa de interés anual** (cuando se presentó el caso) see addendum

☐ Fixed / Fija
☐ Variable / Variable

---

**11. Is this claim based on a lease?**

¿Esta reclamación está basada en un arrendamiento?

☑ No / No

☐ Yes. Amount necessary to cure any default as of the Petition Date.
Sí. Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso $

---

| 12. **Is this claim subject to a right of setoff?**<br><br>¿La reclamación está sujeta a un derecho de compensación? | ☑ No / No<br><br>☐ Yes. Identify the property /<br>   Sí. Identifique el bien: _____ |
|---|---|
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**<br><br>¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b)(9) del U.S.C.? | ☑ No / No<br><br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received**   $_____<br>**by the debtor within 20 days before the Petition Date in these Title III case(s), in**<br>**which the goods have been sold to the debtor in the ordinary course of such**<br>**debtor's business. Attach documentation supporting such claim.**<br><br>Sí. Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 días anteriores a la fecha de inicio en estos casos del Título III, en el que los bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación. |

---

**Part 3 / Parte 3:**

### Sign Below / Firmar a continuación

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

La persona que complete esta evidencia de reclamación debe firmar e indicar la fecha. FRBP 9011(b).

Si presenta esta reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma.

*Check the appropriate box / Marque la casilla correspondiente:*

☑   I am the creditor. / Soy el acreedor.

☐   I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor.

☐   I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. / Soy el síndico, el deudor o su agente autorizado. Norma de quiebra 3004.

☐   I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor. Norma de quiebra 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera como un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.

I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto.

Executed on date / Ejecutado el _____ (MM/DD/YYYY) / (DD/MM/AAAA)

Signature / Firma _____

Print the name of the person who is completing and signing this claim / Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:

| Name | James | W. | Lundy, Jr. |
|---|---|---|---|
| | First name / Primer nombre | Middle name / Segundo nombre | Last name / Apellido |

| Title / Cargo | General Counsel |
|---|---|

| Company / Compañía | Syncora Guarantee Inc. |
|---|---|

Identify the corporate servicer as the company if the authorized agent is a servicer.
Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador.

| Address / Dirección | 135 W. 50th Street | |
|---|---|---|
| | Number / Número | Street / Calle |

| | New York | NY | 10020 |
|---|---|---|---|
| | City / Ciudad | State / Estado | ZIP Code / Código postal |

Contact phone / Teléfono de contacto (212) 478-3405      Email / Correo electrónico james.lundy@scafg.com

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

        as representative of

PUERTO RICO ELECTRIC POWER
AUTHORITY,

        Debtor

PROMESA Title III

Case No. 17 BK 4780-LTS

## ADDENDUM TO PROOF OF CLAIM OF SYNCORA GUARANTEE INC.

This addendum (the "**Addendum**") is part of and is incorporated by reference into the attached proof of claim (together with the Addendum, the "**Proof of Claim**") and describes in more detail the claims of Syncora Guarantee Inc. ("**Syncora**"), formerly known as XL Capital Assurance Inc. and Syncora Capital Assurance Inc.,[1] against the Puerto Rico Electric Power Authority (the "**Debtor**") as of July 2, 2017, the commencement date of the Debtor's Title III case (the "**Commencement Date**").

Syncora is a financial guaranty insurance company organized under the laws of the State of New York, with its principal place of business at 135 West 50th Street, 20th Floor, New York, New York 10020.

### Item 3

All notices with respect to this Proof of Claim should be addressed as follows:

Syncora Guarantee Inc.
135 West 50th Street, 20th Floor
New York, New York 10020
Attention:    James W. Lundy, Jr., General Counsel
Telephone:   (212) 478-3405
Email:        james.lundy@scafg.com

With a copy to:

---

[1]   As of December 31, 2017, Syncora Capital Assurance Inc. merged into Syncora Guarantee Inc. Claims previously held by Syncora Capital Assurance Inc. relating to the matters described herein are asserted by Syncora Guarantee Inc. as part of this Proof of Claim.

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
Attention:     My Chi To
Telephone:    (212) 909-6000
Email:          mcto@debevoise.com

All payments with respect to this Proof of Claim should be sent to the following address:

Syncora Guarantee Inc.
135 West 50th Street, 20th Floor
New York, New York 10020
Attention:     James W. Lundy, Jr., General Counsel

## Items 8 & 9

As more fully described below, Syncora is filing this Proof of Claim in respect of its claims (including contingent or unliquidated claims), rights and remedies against the Debtor (including rights of subrogation or otherwise) arising under or in connection with:

a) Municipal Bond Insurance Policies (together with their respective Agreements Regarding Bond Insurance, each a "**Policy**", and collectively, the "**Policies**"), copies of which are attached hereto as **Exhibit 1**,with respect to certain Power Revenue Bonds and Power Revenue Refunding Bonds issued by the Debtor (collectively, the "**PREPA Bonds**");

b) PREPA Bonds and payment rights thereunder that are insured by Syncora under the Policies and that have been, or may in the future be, assigned to Syncora in accordance with the Policies, including the PREPA Bonds for which Syncora has been, or may become, subrogated to the rights, title and interest of the owners thereof in accordance with the Policies;

c) PREPA Bonds that have been purchased by Syncora from third parties or directly from the Debtor;

d) certain reinsurance policies issued by Syncora with respect to certain other PREPA Bonds (collectively, the "**Reinsurance Policies**");

e) Fees and expenses owed to Syncora under the Policies;

f) Fees and expenses owed to Syncora under the restructuring support agreement among the Debtor, Syncora and certain other parties, dated as of March 14, 2016 (as supplemented, the "**RSA**"); and

g) any related documents, amendments or supplements thereto or modifications thereof with respect to (a) through (f) above (collectively, including the documents comprising (a) through (f) above, the "**Documents**").

## A. The Syncora Insured PREPA Bonds

On or about January 1, 1974, PREPA, as issuer, and First National City Bank, as the original trustee, entered into that certain Trust Agreement dated January 1, 1974 (as amended or supplemented from time to time, the "**Trust Agreement**").[2] As of the Commencement Date, 27 separate series of PREPA Bonds had been issued by the Debtor and were outstanding under the Trust Agreement.

The Trust Agreement provides that the obligation of the Debtor to pay the indebtedness evidenced by the PREPA Bonds is supported by the lien, charge, pledge and security interest granted under and pursuant to the Trust Agreement, the authorizing resolutions for the issuance of the PREPA Bonds and Act No. 83 of the Legislature of Puerto Rico approved May 2, 1941, as amended, reenacted and supplemented, Title 22 L.P.R.A. §§ 191--217 (the "**Authority Act**"). The Trust Agreement was authorized by and expressly provides that it was entered into "under" and pursuant to the Authority Act. Trust Agreement, p. 5. The resolutions authorizing the PREPA Bonds likewise provide that they are made "under and pursuant to the Authority Act."

Syncora, the Debtor and the trustee under the Trust Agreement have entered into the Policies, pursuant to which Syncora insured the Debtor's obligations with respect to certain PREPA Bonds (collectively, the "**Syncora Insured PREPA Bonds**") as follows:

- **Series JJ Bonds**: On January 3, 2002, Syncora, the Debtor and the Trustee entered into Policy No. CA00122A, pursuant to which Syncora insured, among other things, the Debtor's payment obligations relating to not less than $59,385,000 in aggregate principal amount of Series JJ PREPA Bonds bearing interest at 5.375% and maturing on dates from July 1, 2016 through and including July 1, 2018 (the "**Syncora Insured PREPA JJ Bonds**"). Resolution No. 2978, adopted January 3, 2002, authorized the issuance and security of the Syncora Insured PREPA JJ Bonds and also describes the applicable Policy.

- **Series QQ Bonds**: On April 4, 2005, Syncora, the Debtor and the Trustee entered into Policy No. CA01847A pursuant to which Syncora insured the Debtor's payment obligations relating to not less than $95,270,000 in aggregate principal amount of Series QQ PREPA Bonds bearing interest at 5.5% and maturing on dates from July 1, 2016 through and including July 1, 2018 (the "**Syncora Insured PREPA QQ Bonds**"). Resolution No. 3206, adopted August 10, 2004, authorized the issuance and security of the Syncora Insured PREPA QQ Bonds and also describes the applicable Policy.

- **Series RR Bonds**: On April 4, 2005, Syncora, the Debtor and the Trustee entered into Policy No. CA01848A, pursuant to which Syncora insured the Debtor's

---

[2]    Unless otherwise defined herein, capitalized terms used in this Proof of Claim shall have the meanings set forth in the Trust Agreement.

payment obligations relating to not less than $121,530,000 in aggregate principal amount of Series RR PREPA Bonds bearing interest at 5.0% and maturing on dates from July 1, 2025 through and including July 1, 2027 (the "**Syncora Insured PREPA RR Bonds**"). Resolution No. 3255, adopted March 8, 2005, authorized the issuance and security of the Syncora Insured PREPA RR Bonds and also describes the applicable Policy.

Pursuant to section 7 of the Policies, Syncora is "third-party beneficiary under the Trust Agreement with the power to enforce any right, remedy or claim conferred, given or granted under the Trust Agreement to the holders of the [Syncora] Insured [PREPA] Bonds." In addition, pursuant to section 5 of the Policies, the Debtor agreed to recognize Syncora as the owner of the Syncora Insured PREPA Bonds for the purposes of exercising all rights and privileges available to the registered owners of such bonds upon the occurrence of an Event of Default under the Trust Agreement.

Since July 1, 2017, as set forth below, the Debtor has failed to make principal and interest payments on the Syncora Insured PREPA Bonds, and Syncora has made corresponding payments on such bonds to U.S. Bank, N.A., as Trustee, under the Policies after receiving Notices of Nonpayment, copies of which are attached hereto as **Exhibit 2**.

| Syncora Insured PREPA Bonds | Date of Defaulted Payment | Principal & Interest Amount | Date of Notice of Nonpayment | Date of Syncora Payment |
|---|---|---|---|---|
| Series JJ | 7/1/2017 | $21,742,215.63 | 6/30/2017 | 7/3/2017 |
| Series JJ | 1/1/2018 | $583,456.25 | 12/30/2017 | 1/2/2018 |
| Series QQ | 7/1/2017 | $18,166,850.00 | 6/30/2017 | 7/3/2017 |
| Series QQ | 1/1/2018 | $498,987.50 | 12/30/2017 | 1/2/2018 |
| Series RR | 7/1/2017 | $2,159,625.00 | 6/30/2017 | 7/3/2017 |
| Series RR | 1/1/2018 | $2,159,625.00 | 12/30/2017 | 1/2/2018 |

Each Policy provides that, upon making a payment under such Policy, Syncora "shall become the owner of the Bond, any appurtenant coupon to the Bond or the right to receipt of payment of principal and interest on the Bond and shall be fully subrogated to the rights of the Owner, including the Owner's right to receive payments under the Bond, to the extent of any payment by [Syncora] hereunder." *See* paragraph 2 of each Policy.

With respect to the July 2017 payments, the Trustee has delivered to Syncora Assignments of Rights dated September 5, 2017 (copies of which are attached hereto as **Exhibit 3**). Such Assignments of Rights acknowledge that: (i) Syncora made the July 2017 payments in accordance with the Policies; (ii) as of the payment date, Syncora is the owner of, and is subrogated to, all rights, title and interest of the Owners to and in respect of the Payment Amount and Overdue Interest; and (iii) all rights, title and interest of the Owners to and in respect of the payment of the Payment Amount, together with interest accruing thereon from and after the Payment Date have been assigned to Syncora. Syncora anticipates receiving similar Assignments of Rights with respect to the January 2018 payments and any future payments under the Policies.

The Debtor has also issued replacement Syncora Insured PREPA Bonds to Syncora for the matured Syncora Insured PREPA Bonds that were paid by Syncora under the Policies to evidence Syncora's full and complete ownership of such bonds.

As a result of the payments that it has made under the Policies, Syncora has claims, as the owner of Syncora Insured PREPA Bonds or the payment rights relating thereto, against the Debtor of not less than $45,310,759.38.  In addition, Syncora has claims of not less than $164,179,819.75 on account of future payments relating to the Syncora Insured PREPA Bonds under the Policies.

Syncora's claims also include interest, including postpetition interest, and other contingent, unliquidated amounts that have accrued, will accrue and continue to accrue as provided in the Trust Agreement or otherwise may be owing with respect to the Syncora Insured PREPA Bonds.

## B.    Syncora's Reinsurance Policies

Syncora has 16 Reinsurance Policies outstanding for primary and secondary insurance policies initially issued by Financial Security Assurance, Inc. ("FSA") in accordance with that certain Master Facultative Reinsurance Agreement, dated as of July 1, 2008 (the "Master Facultative Reinsurance Agreement").[3]  Pursuant to the Master Facultative Reinsurance Agreement, Syncora agreed to provide insurance coverage on behalf of FSA for the benefit of holders of PREPA Bonds in accordance with FSA's underlying insurance policies or reinsurance agreements (the "FSA Policies").  In addition, Syncora agreed to be subject to the same salvage and subrogation rights that FSA had under the FSA Policies, which provide that "upon disbursement in respect of a Bond, [FSA] shall become the owner of the Bond, any appurtenant coupon to the Bond or right to receipt of payment of principal of or interest on the bond and shall be fully subrogated to the rights of the Owner, including the Owner's right to receive payments under the Bond, to the extent of any payment by [FSA] hereunder." *See* FSA Policies at ¶ 2.  On July 1, 2009, FSA was sold to Assured Guaranty Corp., which changed FSA's name to Assured Guaranty Municipal Corp.

The following FSA Policies are subject to the Master Facultative Reinsurance Agreement:

---

[3]    The Master Facultative Reinsurance Agreement is subject to confidentiality restrictions and will be made available for review to the Debtor and the Oversight Board upon reasonable request and execution of appropriate confidentiality agreements.

| Policy Number | CUSIP | Market Type | Maturity of Bonds |
|---|---|---|---|
| FSA030287T1 | 74526QNE8 | Secondary | 7/1/2017 |
| FSA030287T2 | 74526QNE8 | Secondary | 7/1/2017 |
| FSA030287T3 | 74526QNE8 | Secondary | 7/1/2017 |
| FSA030287U1 | 74526QNF5 | Secondary | 7/1/2019 |
| FSA030287U2 | 74526QNF5 | Secondary | 7/1/2019 |
| FSA030287U3 | 74526QNF5 | Secondary | 7/1/2019 |
| FSA030287W1 | 74526QNR9 | Secondary | 7/1/2018 |
| FSA030287W2 | 74526QNR9 | Secondary | 7/1/2018 |
| FSA030287X1 | 74526QNS7 | Secondary | 7/1/2026 |
| FSA030287Y1 | 74526QNT5 | Secondary | 7/1/2027 |
| FSA030287Y2 | 74526QNT5 | Secondary | 7/1/2027 |
| FSA030287Z1 | 74526QPU0 | Secondary | 7/1/2020 |
| FSA030287Z2 | 74526QPU0 | Secondary | 7/1/2020 |
| FSA204520 | 74526QEK4 | Primary | 7/1/2019 |
| FSA204520 | 74526QCZ3 | Primary | 7/1/2020 |
| FSA204520 | 74526QEW8 | Primary | 7/1/2030 |
| FSA208491 | 74526QLN0 | Primary | 7/1/2020 |
| FSA208491 | 74526QLQ3 | Primary | 7/1/2021 |
| FSA208491 | 74526QLR1 | Primary | 7/1/2022 |
| FSA208491 | 74526QLT7 | Primary | 7/1/2023 |
| FSA208491 | 74526QLS9 | Primary | 7/1/2023 |
| FSA208491 | 74526QLU4 | Primary | 7/1/2024 |
| FSA208491 | 74526QLY6 | Primary | 7/1/2029 |
| FSA208491A | | Swap | 7/1/2029 |
| FSA208491B | | Swap | 7/1/2029 |
| FSA208593 | 74526QPL0 | Primary | 7/1/2027 |
| FSA208593 | 74526QPP1 | Primary | 7/1/2031 |

Pursuant to the Reinsurance Policies, Syncora insures not less than $13,657,149.72 in aggregate principal amount of PREPA Bonds (collectively, the "**Syncora Reinsured PREPA Bonds**"). In accordance with the Master Facultative Reinsurance Agreement and the Reinsurance Policies, Syncora has claims against the Debtor of not less than $648,478.14 for amounts that Syncora has paid to date to FSA on account of the Debtor's defaulted payments in connection with the Syncora Reinsured PREPA Bonds.   In addition, Syncora has claims of not less than $18,558,447.72 on account of future payments with respect to the Syncora Reinsured PREPA Bonds under the Reinsurance Policies.

Syncora's claims also include interest, including postpetition interest, and other contingent, unliquidated amounts that have accrued, will accrue and continue to accrue or otherwise may be owing with respect to the Syncora Reinsured PREPA Bonds.

## C. The Syncora Purchased PREPA Bonds

Syncora is the owner of (i) $4,900,000.00 in aggregate principal amount of Series JJ PREPA Bonds, (ii) $14,960,000.00 in aggregate principal amount of Series QQ PREPA Bonds, (iii) $18,066,000.00 in aggregate principal amount of Series RR PREPA Bonds, (collectively, the "**Syncora Purchased PREPA Bonds**"), which it purchased from third parties. All of the Syncora Purchased PREPA Bonds are Syncora Insured PREPA Bonds.[4]

Syncora has claims for not less that the outstanding principal and interest owing as of the Commencement Date for the Syncora Purchased PREPA Bonds as set forth below:

| Series | Principal Amount | Interest Amount |
|--------|-----------------|-----------------|
| Series JJ | $4,900,000.00 | $354,749.95 |
| Series QQ | $14,960,000.00 | $829,950.00 |
| Series RR | $18,066,000.00 | $8,539,975.00 |

Syncora's claims also include postpetition interest and other contingent, unliquidated amounts that have accrued, will accrue and continue to accrue as provided in the Trust Agreement or otherwise may be owing in respect of the Syncora Purchased PREPA Bonds.[5]

## D. Syncora's Fees and Expenses under the Policies

Syncora is entitled to payment by the Debtor of any and all charges, fees, costs and expenses incurred in connection with its role as insurer of PREPA Bonds pursuant to the Policies issued with respect to the Series QQ and Series RR PREPA Bonds. More specifically, section 9 of the applicable Policies provides that the Debtor "shall pay or reimburse [Syncora] for any and all charges, fees, costs and expenses that [Syncora] may reasonably pay or incur in connection with the following":

(i) the administration, enforcement, defense, or preservation of any rights or security under the Trust Agreement or the Policy;

(ii) the pursuit of any remedies under the Trust Agreement or the Policy, or otherwise afforded by law or equity;

---

[4] Syncora has received insurance payments from the Trustee in the aggregate amount of $9,845,318.70 in relation to the Syncora Purchased PREPA Bonds.

[5] To the extent that Syncora receives insurance payments in relation to the Syncora Purchased PREPA Bonds, Syncora's payment rights have been assigned to Syncora in its capacity as insurer, as described in Section A above.

> (iii) any amendment, waiver, or other action with respect to or related to the Trust
> Agreement or the Policy;
>
> (iv) any advances or payment made by Syncora to cure an Event of Default of the
> Debtor under the Trust Agreement as to the Syncora Insured PREPA Bonds; or
>
> (v) any litigation or other dispute in connection with the Trust Agreement or the
> Policy, any other transaction document, or the transactions contemplated thereby,
> other than amounts resulting from the failure of Syncora to honor its payment
> obligations under the Policy.

Syncora has incurred substantial legal fees and costs in connection with, among other
things, the Debtor's defaults under the Trust Agreement and Syncora's advance of
payments and pursuit of its remedies under the applicable Policies. Syncora has a claim
for repayment of its fees and expenses as described above.

## E.    Syncora's Fees and Expenses under the RSA

Pursuant to section 9(L) of the RSA, the Debtor agreed to reimburse Syncora for the
"aggregate amount of fees and expenses incurred by [Syncora and other RSA creditors],
relating to work performed in connection with [the Debtor's] restructuring, including the
negotiation and documentation of [the RSA] and the Recovery Plan and related
diligence." The Debtor was required to pay all reimbursement requests within 5 business
days of receipt. Syncora submitted reimbursement requests on June 6, 2017 for
$452,266.94 and on June 15, 2017 for $55,229.63, which the Debtor has failed to pay,
despite stating that the requests were being processed. Accordingly, Syncora has a claim
of not less than $507,496.57 for the reimbursement of fees and expenses under the RSA.

## Item 10

Payment of Syncora's claims relating to the Syncora Insured PREPA Bonds and Syncora
Purchased PREPA Bonds (collectively, the "**Secured Claims**"), together with the
satisfaction of all of the Debtor's obligations to Syncora under the Trust Agreement and
the Policies, are fully secured by, among other things, (i) a lien and charge on, pledge of
and security interest in the Debtor's present and future revenues including all Revenues
of the System;[6] (ii) certain intangibles provided for in the Trust Agreement and
Resolutions or provided for in the Authority Act, and certain covenants, obligations and
undertakings; and (iii) moneys and investments to the extent provided in the Trust
Agreement, the Resolutions and the Authority Act, including all monies and investments
held in trust or required to be held in trust by the Debtor at Depositories or otherwise in
special accounts or funds under the Trust Agreement including, in the General Fund, the
Construction Fund, the Reserve Maintenance Fund, and the Capital Improvement Fund,
all of which are subject to the rights of the Trustee and Syncora to the extent provided in
the Trust Agreement, bond resolutions and the Authority Act.

---

[6]    The Revenues, as well as monies held in accounts established under the Trust Agreement, are special
revenues, as such term is defined in section 902(2) of the Bankruptcy Code.

In addition, payment of the Secured Claims is secured by a number of property rights established by the Authority Act that have duly vested in the Trustee and Syncora and are protected by the U.S. Constitution and the Puerto Rico Constitution, including the rights established by Sections 206, 196(l) and 215 of the Authority Act and those rights that are further described in the proof of claim filed by the Trustee on May 21, 2018, Claim No. 14147, which is hereby incorporated by reference.

Payment of the Secured Claims is also secured by a number of property rights established by the Trust Agreement, the bond resolutions and the Authority Act, in the form of covenants, obligations and undertakings of the Debtor, including, the Debtor's obligation under Section 501 to collect Revenues, the Debtor's obligation under Section 502 to set electricity rates sufficient to cover debt service and the Debtor's obligation under various provisions to hold all Revenues in trust and to use and turn over the Revenues to the Trustee as provided in the Trust Agreement.

Uniform Commercial Code financing statements have been filed in appropriate filing offices to the extent the Uniform Commercial Code may be applicable to the perfection of security interests in property of the Debtor described herein.

**Supporting Documentation**

In accordance with that certain Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof dated February 15, 2018 (the "**Bar Date Order**"), Syncora has not attached certain of the Documents referred to in this Proof of Claim, including the Trust Agreement and the bond resolutions, because the documentation is voluminous and Syncora believes that the Debtor has copies of such Documents. However, any requested relevant Documents will be provided by Syncora to the Debtor and Prime Clerk, if requested, in accordance with Paragraph 12 of the Bar Date Order.

**Reservation of Rights**

This Proof of Claim (including any of the Documents or attachments submitted in connection therewith) is being filed under compulsion of the Bar Date Order entered in the Debtor's Title III case and does not constitute a concession or admission by Syncora of any facts, or as to whether all or a portion of its claims are prepetition or postpetition. In filing this Proof of Claim, Syncora does not submit itself to the jurisdiction of this Court for any purpose other than with respect to this Proof of Claim, and Syncora does not waive any of its rights to object to the jurisdiction of this Court for any purpose.

Syncora does not waive any obligation owed to it, any right to any security held by it or for its benefit, or any right or rights of action that it has or may have against the Debtor or any other person, persons, entity or entities. Syncora reserves the right to: (i) amend or supplement this Proof of Claim in any respect, including by asserting a claim or claims for any amount which is due or becomes due under or in connection with the Documents, any order or applicable law or rule of procedure, including continuing costs and expenses

(including attorneys' and experts' fees) arising in relation to this Proof of Claim or any portion thereof; (ii) file additional proofs of claim for additional claims that may be based on the same or additional documents or other liability or indebtedness of the Debtor to Syncora under contract or otherwise; (iii) file a request for payment of an administrative expense under 11 U.S.C. §§ 503 and 507 for any or all of the claims or rights of payment described above and any additional amounts; (iv) assert any and all other claims, causes of action, defenses, offsets or counterclaims; and (v) seek recovery through any relevant third parties.

Nothing in this Proof of Claim is intended to, or shall, waive, amend or modify any rights of Syncora preserved by or asserted through (whether directly or indirectly) any proof of claim filed by the Trustee or FSA with respect to the PREPA Bonds, including the Syncora Insured PREPA Bonds, the Syncora Reinsured PREPA Bonds and the Syncora Purchased PREPA Bonds.

**Exhibit 1**
**Insurance Policies**

**XL CAPITAL ASSURANCE**

250 Park Avenue
New York, New York 10177
Telephone: (646) 658-5900

## MUNICIPAL BOND
## INSURANCE POLICY

**ISSUER:** Puerto Rico Electric Power Authority

**Policy No:** CA00122A

**BONDS:** Power Revenue Bonds, Series II (Insured Maturities due July 1, 2017 and July 1, 2022) and Power Revenue Refunding Bonds, Series JJ (Insured Maturities due July 1, 2012 and July 1, 2016 through and including July 1, 2018)

**Effective Date:** January 3, 2002

XL Capital Assurance Inc. (XLCA), a New York stock insurance company, in consideration of the payment of the premium and subject to the terms of this Policy (which includes each endorsement attached hereto), hereby agrees unconditionally and irrevocably to pay to the trustee (the "Trustee") or the paying agent (the "Paying Agent") as set forth in the documentation providing for the issuance of and securing the Bonds) for the benefit of the Owners of the Bonds or, at the election of XLCA, to each Owner, that portion of the principal and interest on the Bonds that shall become Due for Payment but shall be unpaid by reason of Nonpayment.

XLCA will pay such amounts to or for the benefit of the Owners on the later of the day on which such principal and interest becomes Due for Payment or one (1) Business Day following the Business Day on which XLCA shall have received Notice of Nonpayment (provided that Notice will be deemed received on a given Business Day if it is received prior to 10:00 a.m. New York time on such Business Day; otherwise it will be deemed received on the next Business Day), but only upon receipt by XLCA, in a form reasonably satisfactory to it, of (a) evidence of the Owner's right to receive payment of the principal or interest then Due for Payment and (b) evidence, including any appropriate instruments of assignment, that all of the Owner's rights with respect to payment of such principal or interest that is Due for Payment shall thereupon vest in XLCA. Upon such disbursement, XLCA shall become the owner of the Bond, any appurtenant coupon to the Bond or the right to receipt of payment of principal and interest on the Bond and shall be fully subrogated to the rights of the Owner, including the Owner's right to receive payments under the Bond, to the extent of any payment by XLCA hereunder. Payment by XLCA to the Trustee or Paying Agent for the benefit of the Owners shall, to the extent thereof, discharge the obligation of XLCA under this Policy.

In the event the Trustee or Paying Agent has notice that any payment of principal or interest on a Bond which has become Due for Payment and which is made to an Owner by or on behalf of the Issuer of the Bonds has been recovered from the Owner pursuant to a final judgment by a court of competent jurisdiction that such payment constitutes an avoidable preference to such Owner within the meaning of any applicable bankruptcy law, such Owner will be entitled to payment from XLCA to the extent of such recovery if sufficient funds are not otherwise available.

The following terms shall have the meanings specified for all purposes of this Policy, except to the extent such terms are expressly modified by an endorsement to this Policy. "Business Day" means any day other than (a) a Saturday or Sunday or (b) a day on which banking institutions in the State of New York or the Insurer's Fiscal Agent are authorized or required by law or executive order to remain closed. "Due for Payment", when referring to the principal of Bonds, is when the stated maturity date or a mandatory redemption date for the application of a required sinking fund installment has been reached and does not refer to any earlier date on which payment is due by reason of call for redemption (other than by application of required sinking fund installments), acceleration or other advancement of maturity, unless XLCA shall elect, in its sole discretion, to pay such principal due upon such acceleration; and, when referring to interest on the Bonds, is when the stated date for payment of interest has been reached. "Nonpayment" means the failure of the Issuer to have provided sufficient funds to the Trustee or Paying Agent for payment in full of all principal and interest on the Bonds which are Due for Payment. "Notice" means telephonic or telecopied notice, subsequently confirmed in a signed writing, or written notice by registered or certified mail, from an Owner, the Trustee or the Paying Agent to XLCA which notice shall specify (a) the person or entity making the claim, (b) the Policy Number, (c) the claimed amount and (d) the date such claimed amount became Due for Payment. "Owner" means, in respect of a Bond, the person or entity who, at the time of Nonpayment, is entitled under the terms of such Bond to payment thereof, except that "Owner" shall not include the Issuer or any person or entity whose direct or indirect obligation constitutes the underlying security for the Bonds.

XLCA may, by giving written notice to the Trustee and the Paying Agent, appoint a fiscal agent (the "Insurer's Fiscal Agent") for purposes of this Policy. From and after the date of receipt by the Trustee and the Paying Agent of such notice, which shall specify the name and notice address of the Insurer's Fiscal Agent, (a) copies of all notices required to be delivered to XLCA pursuant to this Policy shall be simultaneously delivered to the Insurer's Fiscal Agent and to XCLA and shall not be deemed received until received by both and (b) all payments required to be made by XLCA under this Policy may be made directly by XLCA or by the Insurer's Fiscal Agent on behalf of XLCA. The Insurer's Fiscal Agent is the agent of XLCA only and the Insurer's Fiscal Agent shall in no event be liable to any Owner for any act of the Insurer's Fiscal Agent or any failure of XLCA to deposit or cause to be deposited sufficient funds to make payments due hereunder.

Except to the extent expressly modified by an endorsement hereto, (a) this Policy is non-cancelable by XLCA, and (b) the Premium on this Policy is not refundable for any reason. This Policy does not insure against loss of any prepayment or other acceleration payment which at any time may become due in respect of any Bond, other than at the sole option of XLCA, nor against any risk other than Nonpayment. This Policy sets forth the full undertaking of XLCA and shall not be modified, altered or affected by any other agreement or instrument, including any modification or amendment thereto.

THIS POLICY IS NOT COVERED BY THE PROPERTY/CASUALTY INSURANCE SECURITY FUND SPECIFIED IN ARTICLE 76 OF THE NEW YORK INSURANCE LAW.

In witness whereof, XLCA has caused this Policy to be executed on its behalf by its duly authorized officers.

Name:  Frederick B. Hnat  
Title:  Secretary

Name:  Henri N. Gourd  
Title:  Managing Director

XLCAP-005

2

## AGREEMENT REGARDING BOND INSURANCE

THIS AGREEMENT REGARDING BOND INSURANCE, dated as of January 1, 2002, by and between Puerto Rico Electric Power Authority (the "Authority") and State Street Bank and Trust Company, N.A., successor trustee (the "Trustee"), under the Trust Agreement, dated as of January 1, 1974, as amended (the "Trust Agreement"), with the Authority,

## W I T N E S S E T H:

WHEREAS, the Authority has determined to issue its Puerto Rico Electric Power Authority Power Revenue Bonds, Series II (the "Series II Bonds") and its Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series JJ (the "Series JJ Bonds") and to obtain separate municipal bond insurance policies (the "XL Bond Insurance Policy") to be issued by XL Capital Assurance Inc. ("XLCA") to secure the payment of the principal of and interest on the Series II Bonds maturing July 1 of the years 2017 and 2022 (the "II Insured Bonds") and on the Series JJ Bonds maturing July 1 of the years 2012 and 2016 through 2018, inclusive (the "JJ Insured Bonds"; the II Insured Bonds and the JJ Insured Bonds being herein collectively called the "Insured Bonds"), subject to the terms of the XL Bond Insurance Policy; and

WHEREAS, as a condition to the issuance of the XL Bond Insurance Policy, XLCA has requested that the Authority and the Trustee agree to certain provisions; and

WHEREAS, the Authority and the Trustee have agreed to said provisions for the benefit of XLCA to induce XLCA to issue the XL Bond Insurance Policy;

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants herein set forth, the Authority and the Trustee hereby agree as follows:

Section 1. So long as the XL Municipal Bond Insurance Policy shall be in full force and effect with respect to the Insured Bonds, the Authority and the Trustee hereby agree to comply with the provisions of the XL Bond Insurance Policy to insure that the owners of the Insured Bonds receive the amounts owing to them thereunder.

Section 2. (i) XLCA shall have the right to consent in lieu of owners of Insured Bonds to all agreements supplemental to the Trust Agreement to which owners of Insured Bonds have the right to consent, as long as XLCA is not in default on its obligations under the XL Bond Insurance Policy. Copies of any such supplemental agreements which have been consented to by XLCA shall be sent to Standard & Poor's Ratings Services, a division of The McGraw-Hill Companies, Inc.

(ii) XLCA shall receive notice of the resignation or removal of the Trustee and the appointment of a successor thereto.

(iii) XLCA shall receive copies of all notices required to be delivered to registered owners of the Insured Bonds and, on an annual basis, copies of the audited financial statements and annual reports of the Authority. All notices required to be given to XLCA hereunder shall be in writing and shall be sent by registered or certified mail addressed to XL Capital Assurance Inc., 250 Park Avenue, New York, New York 10177.

(iv) In connection with the issuance of additional bonds under the Trust Agreement, the Authority shall deliver to XLCA a copy of the disclosure document, if any, circulated with respect to such bonds.

(v) The form of the XL Insured Bonds shall include the following statement of insurance:

"XL Capital Assurance Inc. ("XLCA"), New York, New York, has delivered its municipal bond insurance policy (the "Policy") with respect to the scheduled payments due of principal of and interest on this Bond to State Street Bank and Trust Company, N.A., New York, New York, or its successor, as paying agent (the "Paying Agent") for the [insert in respect of the II Insured Bonds - Puerto Rico Electric Power Authority Power Revenue Bonds, Series II (Insured Maturities due July 1, 2017 and July 1, 2022)] [insert in respect of the JJ Insured Bonds - Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series JJ (Insured Maturities due July 1, 2012 and July 1, 2016 through and including July 1, 2018)]. Said Policy is on file and available for inspection at the principal office of the Paying Agent, and copy thereof may be obtained from XLCA or the Paying Agent."

Section 3. Capitalized Terms. Capitalized terms used herein without definition shall have the meanings ascribed thereto in the Trust Agreement, unless the context otherwise requires.

IN WITNESS WHEREOF, Puerto Rico Electric Power Authority and State Street Bank and Trust Company, N.A., as Trustee, have caused this Agreement Regarding Bond Insurance to be executed by their authorized officers, all as of the day and year first above written.

PUERTO RICO ELECTRIC POWER AUTHORITY

By: _____
Executive Director

STATE STREET BANK AND TRUST COMPANY, N.A., as Trustee

By: _____
Vice President

2

# **XL** CAPITAL ASSURANCE

1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 478-3400

## **MUNICIPAL BOND INSURANCE POLICY**

**ISSUER:** Puerto Rico Electric Power Authority

**Policy No:** CA01847A

**Effective Date:** April 4, 2005

**BONDS:** $95,270,000 Power Revenue Refunding Bonds, Series QQ

XL Capital Assurance Inc. (XLCA), a New York stock insurance company, in consideration of the payment of the premium and subject to the terms of this Policy (which includes each endorsement attached hereto), hereby agrees unconditionally and irrevocably to pay to the trustee (the "Trustee") or the paying agent (the "Paying Agent") (as set forth in the documentation providing for the issuance of and securing the Bonds) for the benefit of the Owners of the Bonds or, at the election of XLCA. to each Owner, that portion of the principal and interest on the Bonds that shall become Due for Payment but shall be unpaid by reason of Nonpayment.

XLCA will pay such amounts to or for the benefit of the Owners on the later of the day on which such principal and interest becomes Due for Payment or one (1) Business Day following the Business Day on which XLCA shall have received Notice of Nonpayment (provided that Notice will be deemed received on a given Business Day if it is received prior to 10:00 a.m. New York time on such Business Day; otherwise it will be deemed received on the next Business Day), but only upon receipt by XLCA, in a form reasonably satisfactory to it, of (a) evidence of the Owner's right to receive payment of the principal or interest then Due for Payment and (b) evidence, including any appropriate instruments of assignment, that all of the Owner's rights with respect to payment of such principal or interest that is Due for Payment shall thereupon vest in XLCA. Upon such disbursement, XLCA shall become the owner of the Bond, any appurtenant coupon to the Bond or the right to receipt of payment of principal and interest on the Bond and shall be fully subrogated to the rights of the Owner, including the Owner's right to receive payments under the Bond, to the extent of any payment by XLCA hereunder. Payment by XLCA to the Trustee or Paying Agent for the benefit of the Owners shall, to the extent thereof, discharge the obligation of XLCA under this Policy.

In the event the Trustee or Paying Agent has notice that any payment of principal or interest on a Bond which has become Due for Payment and which is made to an Owner by or on behalf of the Issuer of the Bonds has been recovered from the Owner pursuant to a final judgment by a court of competent jurisdiction that such payment constitutes an avoidable preference to such Owner within the meaning of any applicable bankruptcy law, such Owner will be entitled to payment from XLCA to the extent of such recovery if sufficient funds are not otherwise available.

The following terms shall have the meanings specified for all purposes of this Policy, except to the extent such terms are expressly modified by an endorsement to this Policy. "Business Day" means any day other than (a) a Saturday or Sunday or (b) a day on which banking institutions in the State of New York or the Insurer's Fiscal Agent are authorized or required by law or executive order to remain closed. "Due for Payment", when referring to the principal of Bonds, is when the stated maturity date or a mandatory redemption date for the application of a required sinking fund installment has been reached and does not refer to any earlier date on which payment is due by reason of call for redemption (other than by application of required sinking fund installments), acceleration or other advancement of maturity, unless XLCA shall elect, in its sole discretion, to pay such principal due upon such acceleration; and, when referring to interest on the Bonds, is when the stated date for payment of interest has been reached. "Nonpayment" means the failure of the Issuer to have provided sufficient funds to the Trustee or Paying Agent for payment in full of all principal and interest on the Bonds which are Due for Payment. "Notice" means telephonic or telecopied notice, subsequently confirmed in a signed writing, or written notice by registered or certified mail, from an Owner, the Trustee or the Paying Agent to XLCA which notice shall specify (a) the person or entity making the claim, (b) the Policy Number, (c) the claimed amount and (d) the date such claimed amount became Due for Payment. "Owner" means, in respect of a Bond, the person or entity who, at the time of Nonpayment, is entitled under the terms of such Bond to payment thereof, except that "Owner" shall not include the Issuer or any person or entity whose direct or indirect obligation constitutes the underlying security for the Bonds.

XLCAP-005

XLCA may, by giving written notice to the Trustee and the Paying Agent, appoint a fiscal agent (the "Insurer's Fiscal Agent") for purposes of this Policy. From and after the date of receipt by the Trustee and the Paying Agent of such notice, which shall specify the name and notice address of the Insurer's Fiscal Agent, (a) copies of all notices required to be delivered to XLCA pursuant to this Policy shall be simultaneously delivered to the Insurer's Fiscal Agent and to XCLA and shall not be deemed received until received by both and (b) all payments required to be made by XLCA under this Policy may be made directly by XLCA or by the Insurer's Fiscal Agent on behalf of XLCA. The Insurer's Fiscal Agent is the agent of XLCA only and the Insurer's Fiscal Agent shall in no event be liable to any Owner for any act of the Insurer's Fiscal Agent or any failure of XLCA to deposit or cause to be deposited sufficient funds to make payments due hereunder.

Except to the extent expressly modified by an endorsement hereto, (a) this Policy is non-cancelable by XLCA, and (b) the Premium on this Policy is not refundable for any reason. This Policy does not insure against loss of any prepayment or other acceleration payment which at any time may become due in respect of any Bond, other than at the sole option of XLCA, nor against any risk other than Nonpayment. This Policy sets forth the full undertaking of XLCA and shall not be modified, altered or affected by any other agreement or instrument, including any modification or amendment thereto.

THIS POLICY IS NOT COVERED BY THE PROPERTY/CASUALTY INSURANCE SECURITY FUND SPECIFIED IN ARTICLE 76 OF THE NEW YORK INSURANCE LAW.

In witness whereof, XLCA has caused this Policy to be executed on its behalf by its duly authorized officers.

Name: William J. Rizzo
Title: Associate General Counsel

Name: T. Wynne Morriss, Jr.
Title: Senior Managing Director

## AGREEMENT REGARDING BOND INSURANCE

THIS AGREEMENT REGARDING BOND INSURANCE, dated April 4, 2005, is entered into by and between the Puerto Rico Electric Power Authority (the "Authority") and U.S. Bank Trust National Association, as successor trustee (the "Trustee"), under the Trust Agreement dated as of January 1, 1974, as amended (the "Trust Agreement"), by and between the Authority and the Trustee, pursuant to which the Authority is issuing its $95,270,000 aggregate principal amount of Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series QQ (Forward Delivery) (the "Series QQ Bonds").

### WITNESSETH:

WHEREAS, the Authority has determined to issue the Series QQ Bonds and, in connection therewith, to obtain a municipal bond insurance policy (the "Bond Insurance Policy") insuring the payment when due of principal of and interest on the Series QQ Bonds (the "XLCA Insured Bonds"), to be issued by XL Capital Assurance Inc., a stock insurance company incorporated under the laws of the State of New York ("XLCA"); and

WHEREAS, as a condition to the issuance of the Bond Insurance Policy, XLCA has requested that the Authority and the Trustee agree to certain provisions;



NOW, THEREFORE, in consideration of the foregoing and the mutual covenants herein set forth, the Authority and the Trustee hereby agree as follows:

Section 1.    Defined Terms. All terms used herein in capitalized form and not defined shall have the meanings ascribed to such terms in the Trust Agreement or, if not defined therein, in Resolution No. 3206, adopted by the Authority on August 10, 2004.

Section 2.    Notices. Any notices required to be given by any party under the Trust Agreement shall also be given to XLCA, to the address set forth below:

> XL Capital Assurance Inc.
> 1221 Avenue of the Americas, 31st Floor
> New York, New York 10020-1001
> Telephone: (212) 478-3400
> Facsimile: (212) 478-3587
> Attention: Surveillance

Section 3.    Payments Under the Bond Insurance Policy. If, on the third Business Day prior to the related scheduled interest payment date or principal payment date (the "Payment Date"), there is not on deposit with the Authority under the Trust Agreement, after making all transfers and deposits required under the Trust Agreement, moneys sufficient to pay the principal of, and interest on, the XLCA Insured Bonds due on such Payment Date, the Authority shall give notice to XLCA and to its designated agent (if any) (the "Insurer's Fiscal Agent"), by telephone or telecopy, of the amount of such deficiency by 10:00 a.m., New York City time, on such Business Day. If, on the Business Day prior to the related Payment Date, there is not on deposit with the Trustee moneys

Miami/14985.1

sufficient to pay the principal of, and interest on, the XLCA Insured Bonds due on such Payment Date, the Trustee shall make a claim under the Bond Insurance Policy and give notice to XLCA and XLCA's Fiscal Agent (if any) by telephone of the amount of any deficiency in the amount available to pay principal and interest, and the allocation of such deficiency between the amount required to pay interest on the XLCA Insured Bonds and the amount required to pay principal of the XLCA Insured Bonds, confirmed in writing to XLCA and XLCA's Fiscal Agent (if any) by 10:00 a.m., New York City time, on such Business Day, by delivering the Notice of Nonpayment and Certificate.

For the purposes of the preceding paragraph, "Notice" means telephonic or telecopied notice, subsequently confirmed in a signed writing, or written notice by registered or certified mail, from the Trustee to XLCA, which notice shall specify (a) the name of the entity making the claim, (b) the policy number, (c) the claimed amount and (d) the date such claimed amount will become Due for Payment. "Nonpayment" means the failure of the Authority to have provided sufficient funds to the Trustee for payment in full of all principal of, and interest on, the XLCA Insured Bonds that are Due for Payment. "Due for Payment," when referring to the principal of XLCA Insured Bonds, means when the stated maturity date or mandatory redemption date for the application of a required sinking fund installment has been reached and does not refer to any earlier date on which payment is due by reason of call for redemption (other than by application of required sinking fund installments), acceleration or other advancement of maturity, unless XLCA shall elect, in its sole discretion, to pay such principal due upon such acceleration; and when referring to interest on XLCA Insured Bonds, means when the stated date for payment of interest has been reached. "Certificate" means certificate in form and substance satisfactory to XLCA as to the Trustee's right to receive payment under the Bond Insurance Policy.

The Trustee shall designate any portion of payment of principal on XLCA Insured Bonds paid by XLCA at maturity on its books as a reduction in the principal amount of XLCA Insured Bonds registered to the then current bondholder, whether DTC or its nominee or otherwise, and shall issue a replacement XLCA Insured Bond to XLCA, registered in the name of XLCA, as the case may be, in a principal amount equal to the amount of principal so paid (without regard to authorized denominations); provided that the Trustee's failure to so designate any payment or issue any replacement XLCA Insured Bond shall have no effect on the amount of principal or interest payable by the Authority on any XLCA Insured Bond or the subrogation rights of XLCA.

The Trustee shall keep a complete and accurate record of all funds deposited by XLCA into the Policy Payments Account (as hereinafter defined) and the allocation of such funds to payment of interest on and principal paid with respect to any XLCA Insured Bond. XLCA shall have the right to inspect such records at reasonable times upon reasonable notice to the Trustee.

Upon payment of a claim under the Bond Insurance Policy, the Trustee shall establish a separate special purpose trust account for the benefit of holders of XLCA Insured Bonds referred to herein as the "Policy Payments Account" and over which the Trustee shall have exclusive control and sole right of withdrawal. The Trustee shall receive any amount paid under the Bond Insurance Policy in trust on behalf of holders of XLCA Insured Bonds and shall deposit any such amount in the Policy Payments Account and distribute such amount only for purposes of making the payments for which a claim was made. Such amounts shall be disbursed by the Trustee to holders of XLCA Insured Bonds in the same manner as principal and interest payments are to be made with respect to

2

the XLCA Insured Bonds under the provisions of the Trust Agreement governing payment of Bonds generally. It shall not be necessary for such payments to be made by checks or wire transfers separate from the check or wire transfer used to pay debt service with other funds available to make such payments.

Funds held in the Policy Payments Account shall not be invested by the Trustee and may not be applied to satisfy any costs, expenses or liabilities of the Trustee.

Any funds remaining in the Policy Payments Account following an XLCA Insured Bond payment date shall promptly be remitted to XLCA.

Section 4.     Amendments. XLCA shall be given prior written notice of any amendment to the Trust Agreement. XLCA's consent shall be required, in lieu of the consent of the holders of the XLCA Insured Bonds, for any amendment to the Trust Agreement that requires Bondholder's consent; provided, however, that in the case of amendments relating to clauses (a), (b), (c), (d) and (e) of Section 1102 of the Trust Agreement, XLCA's consent shall be required in addition to the consent of the holders of the XLCA Insured Bonds. Copies of any amendments to the Trust Agreement consented to by XLCA shall be provided to Standard & Poor's Ratings Group.

Section 5.     Remedies. XLCA shall be recognized as the owner of each XLCA Insured Bond for purposes of exercising all rights and privileges available to the registered owners of the XLCA Insured Bonds upon the occurrence of an "event of default" under the Trust Agreement. For the XLCA Insured Bonds, XLCA shall have the right to institute any suit, action, or proceeding at law or in equity under the same terms as an owner of such Bonds in accordance with the Trust Agreement. Other than scheduled sinking fund redemptions, any acceleration of principal payments must be subject to XLCA's prior written consent.

Section 6.     Defeasance. The following will be permitted investments for purposes of defeasance of the XLCA Insured Bonds:

1.     Cash;

2.     U.S. Treasury Certificates, notes and bonds (including state and local government series);

3.     Direct obligations of the U.S. Treasury which have been stripped by the Treasury itself;

4.     The interest component of Resolution Funding Corp. strips which have been stripped by request to the Federal Reserve Bank of New York in book-entry form;

5.     Pre-refunded municipal bonds rated "Aaa" by Moody's and "AAA" by S&P. If only rated by S&P, then the pre-refunded bonds must have been pre-refunded with cash, direct U.S. or U.S. guaranteed obligations, or AAA rated pre-refunded municipals to satisfy this condition;

6.     Obligations issued by the following agencies which are backed by the full faith and credit of the U.S.

3

Miami/14985.1

a. Direct obligations or fully guaranteed certificates of beneficial ownership of the U.S. Export Import Bank

b. Certificates of beneficial ownership of the Farmers Home Administration

c. Federal Financing Bank

d. Participation Certificates of the General Services Administration

e. Guaranteed Title XI financing of the U.S. Maritime Administration

f. Project Notes, Local Authority Bonds, New Communities Debentures – U.S. government guaranteed debentures and U.S. Public Housing Notes and Bonds-U.S. government guaranteed public housing notes and bonds of the U.S. Department of Housing and Urban Development

Section 7.     Third Party Beneficiary. XLCA shall be considered a third-party beneficiary under the Trust Agreement with the power to enforce any right, remedy or claim conferred, given or granted under the Trust Agreement to the holders of the XLCA Insured Bonds.

Section 8.     Subrogation. If principal and/or interest due on the XLCA Insured Bonds shall be paid by XLCA, the XLCA Insured Bonds shall remain outstanding under the Trust Agreement for all purposes, and shall not be deemed defeased or otherwise satisfied, or paid by the Authority, and the assignment and pledge of the Net Revenues and all covenants, agreements and other obligations of the Authority to the owners of such XLCA Insured Bonds shall continue to exist and shall run to the benefit of XLCA, and XLCA shall be subrogated to the rights of such owners.

Section 9.     Reimbursement of Expenses. The Authority shall pay or reimburse XLCA for any and all charges, fees, costs and expenses that XLCA may reasonably pay or incur in connection with the following: (i) the administration, enforcement, defense, or preservation of any rights or security under the Trust Agreement or this Agreement; (ii) the pursuit of any remedies under the Trust Agreement or this Agreement, or otherwise afforded by law or equity, (iii) any amendment, waiver, or other action with respect to or related to the Trust Agreement or this Agreement; (iv) any advances or payment made by XLCA to cure an Event of Default of the Authority under the Trust Agreement as to the XLCA Insured Bonds; or (v) any litigation or other dispute in connection with the Trust Agreement or this Agreement, any other transaction document, or the transactions contemplated hereby, other than amounts resulting from the failure of XLCA to honor its payment obligations under the Bond Insurance Policy. XLCA reserves the right to charge a reasonable fee as a condition to executing any amendment, waiver, or consent proposed in respect of the Trust Agreement or this Agreement. The obligations of the Authority to XLCA shall survive discharge and termination of the Trust Agreement and this Agreement.

Section 10.     Applicability of this Agreement. Notwithstanding anything to the contrary contained herein, the Authority and the Trustee shall be bound by, and be required to comply with the provisions of, this Agreement only for so long as the Bond Insurance Policy is in effect and XLCA is not in default thereunder.

4

Section 11.    Counterparts.    This Agreement may be executed in any number of counterparts, each of which shall be an original, but such counterparts shall together constitute one and the same instrument.

IN WITNESS WHEREOF, the Puerto Rico Electric Power Authority and U.S. Bank Trust National Association, as Trustee, have caused this Agreement to be executed by their authorized officers, all as of the day and year first above written.

PUERTO RICO ELECTRIC POWER
AUTHORITY

By: _____
Acting Executive Director

U.S. BANK TRUST NATIONAL
ASSOCIATION, as Trustee

By: _____
Authorized Officer

Acknowledged and agreed
to by XL CAPITAL ASSURANCE INC.,
this 4th day of April, 2005.

XL CAPITAL ASSURANCE INC.

By: _____
   Name:
   Title:

5

Section 11.    Counterparts.    This Agreement may be executed in any number of counterparts, each of which shall be an original, but such counterparts shall together constitute one and the same instrument.

IN WITNESS WHEREOF, the Puerto Rico Electric Power Authority and U.S. Bank Trust National Association, as Trustee, have caused this Agreement to be executed by their authorized officers, all as of the day and year first above written.

PUERTO RICO ELECTRIC POWER
AUTHORITY

By: _____
     Acting Executive Director

U.S. BANK TRUST NATIONAL
ASSOCIATION, as Trustee

By: _____
     Authorized Officer

Acknowledged and agreed
to by XL CAPITAL ASSURANCE INC.,
this 4th day of April, 2005.

XL CAPITAL ASSURANCE INC.

By: _____
     Name:   T. Wynne Morriss, Jr.
     Title:    Senior Managing Director

5

# **XL** CAPITAL ASSURANCE

1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 478-3400

## **MUNICIPAL BOND**
## **INSURANCE POLICY**

**ISSUER:** Puerto Rico Electric Power Authority

**Policy No:** CA01848A

**Effective Date:** April 4, 2005

**BONDS:** $121,530,000 Power Revenue Bonds, Series RR
maturing on July 1 in the years 2025 through 2027
and 2030



**XL Capital Assurance Inc. (XLCA),** a New York stock insurance company, in consideration of the payment of the premium and subject to the terms of this Policy (which includes each endorsement attached hereto), hereby agrees unconditionally and irrevocably to pay to the trustee (the "Trustee") or the paying agent (the "Paying Agent") (as set forth in the documentation providing for the issuance of and securing the Bonds) for the benefit of the Owners of the Bonds or, at the election of XLCA, to each Owner, that portion of the principal and interest on the Bonds that shall become Due for Payment but shall be unpaid by reason of Nonpayment.

XLCA will pay such amounts to or for the benefit of the Owners on the later of the day on which such principal and interest becomes Due for Payment or one (1) Business Day following the Business Day on which XLCA shall have received Notice of Nonpayment (provided that Notice will be deemed received on a given Business Day if it is received prior to 10:00 a.m. New York time on such Business Day; otherwise it will be deemed received on the next Business Day), but only upon receipt by XLCA, in a form reasonably satisfactory to it, of (a) evidence of the Owner's right to receive payment of the principal or interest then Due for Payment and (b) evidence, including any appropriate instruments of assignment, that all of the Owner's rights with respect to payment of such principal or interest that is Due for Payment shall thereupon vest in XLCA. Upon such disbursement, XLCA shall become the owner of the Bond, any appurtenant coupon to the Bond or the right to receipt of payment of principal and interest on the Bond and shall be fully subrogated to the rights of the Owner, including the Owner's right to receive payments under the Bond, to the extent of any payment by XLCA hereunder. Payment by XLCA to the Trustee or Paying Agent for the benefit of the Owners shall, to the extent thereof, discharge the obligation of XLCA under this Policy.

In the event the Trustee or Paying Agent has notice that any payment of principal or interest on a Bond which has become Due for Payment and which is made to an Owner by or on behalf of the Issuer of the Bonds has been recovered from the Owner pursuant to a final judgment by a court of competent jurisdiction that such payment constitutes an avoidable preference to such Owner within the meaning of any applicable bankruptcy law, such Owner will be entitled to payment from XLCA to the extent of such recovery if sufficient funds are not otherwise available.

The following terms shall have the meanings specified for all purposes of this Policy, except to the extent such terms are expressly modified by an endorsement to this Policy. "Business Day" means any day other than (a) a Saturday or Sunday or (b) a day on which banking institutions in the State of New York or the Insurer's Fiscal Agent are authorized or required by law or executive order to remain closed. "Due for Payment", when referring to the principal of Bonds, is when the stated maturity date or a mandatory redemption date for the application of a required sinking fund installment has been reached and does not refer to any earlier date on which payment is due by reason of call for redemption (other than by application of required sinking fund installments), acceleration or other advancement of maturity, unless XLCA shall elect, in its sole discretion, to pay such principal due upon such acceleration; and, when referring to interest on the Bonds, is when the stated date for payment of interest has been reached. "Nonpayment" means the failure of the Issuer to have provided sufficient funds to the Trustee or Paying Agent for payment in full of all principal and interest on the Bonds which are Due for Payment. "Notice" means telephonic or telecopied notice, subsequently confirmed in a signed writing, or written notice by registered or certified mail, from an Owner, the Trustee or the Paying Agent to XLCA which notice shall specify (a) the person or entity making the claim, (b) the Policy Number, (c) the claimed amount and (d) the date such claimed amount became Due for Payment. "Owner" means, in respect of a Bond, the person or entity who, at the time of Nonpayment, is entitled under the terms of such Bond to payment thereof, except that "Owner" shall not include the Issuer or any person or entity whose direct or indirect obligation constitutes the underlying security for the Bonds.

XLCAP-005

XLCA may, by giving written notice to the Trustee and the Paying Agent, appoint a fiscal agent (the "Insurer's Fiscal Agent") for purposes of this Policy. From and after the date of receipt by the Trustee and the Paying Agent of such notice, which shall specify the name and notice address of the Insurer's Fiscal Agent, (a) copies of all notices required to be delivered to XLCA pursuant to this Policy shall be simultaneously delivered to the Insurer's Fiscal Agent and to XCLA and shall not be deemed received until received by both and (b) all payments required to be made by XLCA under this Policy may be made directly by XLCA or by the Insurer's Fiscal Agent on behalf of XLCA. The Insurer's Fiscal Agent is the agent of XLCA only and the Insurer's Fiscal Agent shall in no event be liable to any Owner for any act of the Insurer's Fiscal Agent or any failure of XLCA to deposit or cause to be deposited sufficient funds to make payments due hereunder.

Except to the extent expressly modified by an endorsement hereto, (a) this Policy is non-cancelable by XLCA, and (b) the Premium on this Policy is not refundable for any reason. This Policy does not insure against loss of any prepayment or other acceleration payment which at any time may become due in respect of any Bond, other than at the sole option of XLCA, nor against any risk other than Nonpayment. This Policy sets forth the full undertaking of XLCA and shall not be modified, altered or affected by any other agreement or instrument, including any modification or amendment thereto.

THIS POLICY IS NOT COVERED BY THE PROPERTY/CASUALTY INSURANCE SECURITY FUND SPECIFIED IN ARTICLE 76 OF THE NEW YORK INSURANCE LAW.

In witness whereof, XLCA has caused this Policy to be executed on its behalf by its duly authorized officers.

Name: William J. Rizzo
Title: Associate General Counsel

Name: T. Wynne Morriss, Jr.
Title: Senior Managing Director

## AGREEMENT REGARDING BOND INSURANCE

THIS AGREEMENT REGARDING BOND INSURANCE, dated April 4, 2005, is entered into by and between the Puerto Rico Electric Power Authority (the "Authority") and U.S. Bank Trust National Association, as successor trustee (the "Trustee"), under the Trust Agreement dated as of January 1, 1974, as amended (the "Trust Agreement"), by and between the Authority and the Trustee, pursuant to which the Authority is issuing its $509,520,000 aggregate principal amount of Puerto Rico Electric Power Authority Power Revenue Bonds, Series RR (the "Bonds").

## WITNESSETH:

WHEREAS, the Authority has determined to issue the Bonds and, in connection therewith, to obtain a municipal bond insurance policy (the "Bond Insurance Policy") issued by XL Capital Assurance Inc., a stock insurance company incorporated under the laws of the State of New York ("XLCA"), insuring the payment when due of principal of and interest on certain of the Bonds, to wit: the $27,370,000 principal amount maturing July 1, 2025, $28,770,000 principal amount maturing July 1, 2026, $30,245,000 principal amount maturing July 1, 2027 and $35,145,000 principal amount maturing July 1, 2030 (collectively, the "XLCA Insured Bonds"); and



WHEREAS, as a condition to the issuance of the Bond Insurance Policy, XLCA has requested that the Authority and the Trustee agree to certain provisions;

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants herein set forth, the Authority and the Trustee hereby agree as follows:

Section 1.     Defined Terms. All terms used herein in capitalized form and not defined shall have the meanings ascribed to such terms in the Trust Agreement or, if not defined therein, in Resolution No. 3255, adopted by the Authority on March 8, 2005.

Section 2.     Notices. Any notices required to be given by any party under the Trust Agreement shall also be given to XLCA, to the address set forth below:

> XL Capital Assurance Inc.
> 1221 Avenue of the Americas, 31st Floor
> New York, New York 10020-1001
> Telephone: (212) 478-3400
> Facsimile: (212) 478-3587
> Attention: Surveillance

Section 3.     Payments Under the Bond Insurance Policy. If, on the third Business Day prior to the related scheduled interest payment date or principal payment date (the "Payment Date"), there is not on deposit with the Authority under the Trust Agreement, after making all transfers and deposits required under the Trust Agreement, moneys sufficient to pay the principal of, and interest on, the XLCA Insured Bonds due on such Payment Date, the Authority shall give notice to XLCA and to its designated agent (if any) (the "Insurer's Fiscal Agent"), by telephone or telecopy, of the amount of such deficiency by 10:00 a.m., New York City time, on such Business Day. If, on the

Miami/16179.1

Business Day prior to the related Payment Date, there is not on deposit with the Trustee moneys sufficient to pay the principal of, and interest on, the XLCA Insured Bonds due on such Payment Date, the Trustee shall make a claim under the Bond Insurance Policy and give notice to XLCA and XLCA's Fiscal Agent (if any) by telephone of the amount of any deficiency in the amount available to pay principal and interest, and the allocation of such deficiency between the amount required to pay interest on the XLCA Insured Bonds and the amount required to pay principal of the XLCA Insured Bonds, confirmed in writing to XLCA and XLCA's Fiscal Agent (if any) by 10:00 a.m., New York City time, on such Business Day, by delivering the Notice of Nonpayment and Certificate.

For the purposes of the preceding paragraph, "Notice" means telephonic or telecopied notice, subsequently confirmed in a signed writing, or written notice by registered or certified mail, from the Trustee to XLCA, which notice shall specify (a) the name of the entity making the claim, (b) the policy number, (c) the claimed amount and (d) the date such claimed amount will become Due for Payment. "Nonpayment" means the failure of the Authority to have provided sufficient funds to the Trustee for payment in full of all principal of, and interest on, the XLCA Insured Bonds that are Due for Payment. "Due for Payment," when referring to the principal of XLCA Insured Bonds, means when the stated maturity date or mandatory redemption date for the application of a required sinking fund installment has been reached and does not refer to any earlier date on which payment is due by reason of call for redemption (other than by application of required sinking fund installments), acceleration or other advancement of maturity, unless XLCA shall elect, in its sole discretion, to pay such principal due upon such acceleration; and when referring to interest on XLCA Insured Bonds, means when the stated date for payment of interest has been reached. "Certificate" means certificate in form and substance satisfactory to XLCA as to the Trustee's right to receive payment under the Bond Insurance Policy.

The Trustee shall designate any portion of payment of principal on XLCA Insured Bonds paid by XLCA at maturity on its books as a reduction in the principal amount of XLCA Insured Bonds registered to the then current bondholder, whether DTC or its nominee or otherwise, and shall issue a replacement XLCA Insured Bond to XLCA, registered in the name of XLCA, as the case may be, in a principal amount equal to the amount of principal so paid (without regard to authorized denominations); provided that the Trustee's failure to so designate any payment or issue any replacement XLCA Insured Bond shall have no effect on the amount of principal or interest payable by the Authority on any XLCA Insured Bond or the subrogation rights of XLCA.

The Trustee shall keep a complete and accurate record of all funds deposited by XLCA into the Policy Payments Account (as hereinafter defined) and the allocation of such funds to payment of interest on and principal paid with respect to any XLCA Insured Bond. XLCA shall have the right to inspect such records at reasonable times upon reasonable notice to the Trustee.

Upon payment of a claim under the Bond Insurance Policy, the Trustee shall establish a separate special purpose trust account for the benefit of holders of XLCA Insured Bonds referred to herein as the "Policy Payments Account" and over which the Trustee shall have exclusive control and sole right of withdrawal. The Trustee shall receive any amount paid under the Bond Insurance Policy in trust on behalf of holders of XLCA Insured Bonds and shall deposit any such amount in the Policy Payments Account and distribute such amount only for purposes of making the payments for which a claim was made. Such amounts shall be disbursed by the Trustee to holders of XLCA

2

Insured Bonds in the same manner as principal and interest payments are to be made with respect to the XLCA Insured Bonds under the provisions of the Trust Agreement governing payment of Bonds generally. It shall not be necessary for such payments to be made by checks or wire transfers separate from the check or wire transfer used to pay debt service with other funds available to make such payments.

Funds held in the Policy Payments Account shall not be invested by the Trustee and may not be applied to satisfy any costs, expenses or liabilities of the Trustee.

Any funds remaining in the Policy Payments Account following an XLCA Insured Bond payment date shall promptly be remitted to XLCA.

Section 4. Amendments. XLCA shall be given prior written notice of any amendment to the Trust Agreement. XLCA's consent shall be required, in lieu of the consent of the holders of the XLCA Insured Bonds, for any amendment to the Trust Agreement that requires Bondholder's consent; provided, however, that in the case of amendments relating to clauses (a), (b), (c), (d) and (e) of Section 1102 of the Trust Agreement, XLCA's consent shall be required in addition to the consent of the holders of the XLCA Insured Bonds. Copies of any amendments to the Trust Agreement consented to by XLCA shall be provided to Standard & Poor's Ratings Group.

Section 5. Remedies. XLCA shall be recognized as the owner of each XLCA Insured Bond for purposes of exercising all rights and privileges available to the registered owners of the XLCA Insured Bonds upon the occurrence of an "event of default" under the Trust Agreement. For the XLCA Insured Bonds, XLCA shall have the right to institute any suit, action, or proceeding at law or in equity under the same terms as an owner of such Bonds in accordance with the Trust Agreement. Other than scheduled sinking fund redemptions, any acceleration of principal payments must be subject to XLCA's prior written consent.

Section 6. Defeasance. The following will be permitted investments for purposes of defeasance of the XLCA Insured Bonds:

1. Cash;

2. U.S. Treasury Certificates, notes and bonds (including state and local government series);

3. Direct obligations of the U.S. Treasury which have been stripped by the Treasury itself;

4. The interest component of Resolution Funding Corp. strips which have been stripped by request to the Federal Reserve Bank of New York in book-entry form;

5. Pre-refunded municipal bonds rated "Aaa" by Moody's and "AAA" by S&P. If only rated by S&P, then the pre-refunded bonds must have been pre-refunded with cash, direct U.S. or U.S. guaranteed obligations, or AAA rated pre-refunded municipals to satisfy this condition;

3

6. Obligations issued by the following agencies which are backed by the full faith and credit of the U.S.

   a. Direct obligations or fully guaranteed certificates of beneficial ownership of the U.S. Export Import Bank

   b. Certificates of beneficial ownership of the Farmers Home Administration

   c. Federal Financing Bank

   d. Participation Certificates of the General Services Administration

   e. Guaranteed Title XI financing of the U.S. Maritime Administration

   f. Project Notes, Local Authority Bonds, New Communities Debentures – U.S. government guaranteed debentures and U.S. Public Housing Notes and Bonds-U.S. government guaranteed public housing notes and bonds of the U.S. Department of Housing and Urban Development

Section 7. Third Party Beneficiary. XLCA shall be considered a third-party beneficiary under the Trust Agreement with the power to enforce any right, remedy or claim conferred, given or granted under the Trust Agreement to the holders of the XLCA Insured Bonds.

Section 8. Subrogation. If principal and/or interest due on the XLCA Insured Bonds shall be paid by XLCA, the XLCA Insured Bonds shall remain outstanding under the Trust Agreement for all purposes, and shall not be deemed defeased or otherwise satisfied, or paid by the Authority, and the assignment and pledge of the Net Revenues and all covenants, agreements and other obligations of the Authority to the owners of such XLCA Insured Bonds shall continue to exist and shall run to the benefit of XLCA, and XLCA shall be subrogated to the rights of such owners.

Section 9. Reimbursement of Expenses. The Authority shall pay or reimburse XLCA for any and all charges, fees, costs and expenses that XLCA may reasonably pay or incur in connection with the following: (i) the administration, enforcement, defense, or preservation of any rights or security under the Trust Agreement or this Agreement; (ii) the pursuit of any remedies under the Trust Agreement or this Agreement, or otherwise afforded by law or equity, (iii) any amendment, waiver, or other action with respect to or related to the Trust Agreement or this Agreement; (iv) any advances or payment made by XLCA to cure an Event of Default of the Authority under the Trust Agreement as to the XLCA Insured Bonds; or (v) any litigation or other dispute in connection with the Trust Agreement or this Agreement, any other transaction document, or the transactions contemplated hereby, other than amounts resulting from the failure of XLCA to honor its payment obligations under the Bond Insurance Policy. XLCA reserves the right to charge a reasonable fee as a condition to executing any amendment, waiver, or consent proposed in respect of the Trust Agreement or this Agreement. The obligations of the Authority to XLCA shall survive discharge and termination of the Trust Agreement and this Agreement.

Section 10. Applicability of this Agreement. Notwithstanding anything to the contrary contained herein, the Authority and the Trustee shall be bound by, and be required to comply with

the provisions of, this Agreement only for so long as the Bond Insurance Policy is in effect and XLCA is not in default thereunder.

Section 11. Counterparts. This Agreement may be executed in any number of counterparts, each of which shall be an original, but such counterparts shall together constitute one and the same instrument.

IN WITNESS WHEREOF, the Puerto Rico Electric Power Authority and U.S. Bank Trust National Association, as Trustee, have caused this Agreement to be executed by their authorized officers, all as of the day and year first above written.

PUERTO RICO ELECTRIC POWER
AUTHORITY

By: _____
Acting Executive Director

U.S. BANK TRUST NATIONAL
ASSOCIATION, as Trustee

By: _____
Authorized Officer

Acknowledged and agreed
to by XL CAPITAL ASSURANCE INC.,
this 4th day of April, 2005.

XL CAPITAL ASSURANCE INC.

By: _____
Name:
Title:

Miami/16179.1

the provisions of, this Agreement only for so long as the Bond Insurance Policy is in effect and XLCA is not in default thereunder.

Section 11. Counterparts. This Agreement may be executed in any number of counterparts, each of which shall be an original, but such counterparts shall together constitute one and the same instrument.

IN WITNESS WHEREOF, the Puerto Rico Electric Power Authority and U.S. Bank Trust National Association, as Trustee, have caused this Agreement to be executed by their authorized officers, all as of the day and year first above written.

PUERTO RICO ELECTRIC POWER
AUTHORITY

By: _____
     Acting Executive Director

U.S. BANK TRUST NATIONAL
ASSOCIATION, as Trustee

By: _____
     Authorized Officer

Acknowledged and agreed
to by XL CAPITAL ASSURANCE INC.,
this 4th day of April, 2005.

XL CAPITAL ASSURANCE INC.

By: _____

Name:   T. Wynne Morriss, Jr.
Title:    Senior Managing Director

5

**Exhibit 2**
**Notices of Nonpayment**



Corporate Trust Services
60 Livingston Avenue
EP-MN-WS1D
St. Paul, MN 55107

## NOTICE OF NON-PAYMENT
## (POLICY NO. CA00122A)

### June 28, 2017

BY TELEPHONE and VIA E-MAIL, FACSIMILE and CERTIFIED MAIL:

**Syncora Guarantee Inc.**
135 W. 50th Street, 20th Floor
New York, NY 10020
Fax: (212) 478-3587
Tel: (212) 478-3497 (Michael Koegler)
    (212) 478-3494 (Rachel Benaroya)
    (212) 478-3485 (Fred Hnat)
E-Mail: Michael.Koegler@scafg.com
    Rachel.Benaroya@scafg.com
    Fred.Hnat@scafg.com
Attention: Surveillance, Michael Koegler, Rachel Benaroya, and Fred Hnat

Re:    **Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series JJ, maturing on July 1, 2017 (CUSIP No.: 7452684W9)**

    **Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series JJ, maturing on July 1, 2018 (CUSIP No.: 7452684X7)**

    **(collectively, the "Bonds")**

    **(Policy No. CA00122A)**

U.S. Bank National Association, in its capacity as trustee for the above-referenced Bonds (in such capacity, the "Trustee"), hereby notifies Syncora Guarantee Inc., formerly known as XL Capital Assurance Inc., under the above-referenced Insurance Policy, that as of the date of this Notice, Puerto Rico Electric Power Authority, the issuer of the Bonds, has failed to provide to the Trustee sufficient funds for payment in full of all principal and interest that is due for payment on July 3, 2017, on the above-referenced Bonds. Accordingly, the Trustee hereby notifies you of the deficiency and requests a payment under the above-referenced Insurance Policy as set forth below:

INSURANCE POLICY NO.                    CA00122A

NOTICE/CLAIM DATE:                      June 28, 2017

AMOUNT OF DEFICIENCY
/CLAIMED AMOUNT:                        $21,742,215.63

AMOUNT OF DEFICIENCY
ALLOCABLE TO PRINCIPAL:                 $20,605,000.00

AMOUNT OF DEFICIENCY
ALLOCABLE TO INTEREST:                  $1,137,215.63

PURPOSE OF CLAIM:                       Payment of Debt Service on the Bonds on
                                        July 3, 2017

PAYMENT DUE DATE:                       July 3, 2017

Please deliver these funds on or before 11:30 A.M. Eastern Time on July 3, 2017, to the following instructions:

**U.S. Bank**
**800 Nicollet Mall**
**Minneapolis, MN 55402**
**U.S. BANK N.A.**
**ABA # 091000022**
**ACCT # 173103321092**
**Ref: PREPA (phone: 651-466-6089; 651-466-5869)**

Please feel free to contact me if you have any questions or require any additional information.

U.S. Bank National Association, as Trustee

By:

Name: Julie Becker
Title:   Vice President
Phone: (651) 466-5869
E-mail:Julie.Becker@usbank.com

2

cc:   **Syncora Guarantee Inc.**
135 W. 50th Street, 20th Floor
New York, NY 10020
Attention: Drew Hoffman

**My Chi To (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-Mail: mcto@debevoise.com

**Craig Bruens (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-Mail: cabruens@debevoise.com

**Elie Worenklein (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-mail: ejworenklein@debevoise.com

**Thomas Lopez (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-mail: tlopez@debevoise.com

## NOTICE OF CLAIM AND CERTIFICATE

**Syncora Guarantee Inc.**
135 W. 50th Street, 20th Floor
New York, NY 10020

The undersigned, a duly authorized officer of U.S. Bank National Association, in its capacity as trustee (in such capacity, the **"Trustee"**) for the bonds listed on Appendix I hereto (collectively, the **"Bonds"**), hereby certifies to Syncora Guarantee Inc. (**"Syncora"**) (formerly known as "XL Capital Assurance Inc.") under the Municipal Bond Insurance Policy No. **CA00122A** pursuant to the Agreement Regarding Bond Insurance with an Effective Date of January 1, 2002 (collectively, the **"Policy"**), issued in respect of the Bonds, as follows:

(i)     The Trustee is the successor Trustee under the Trust Agreement dated as of January 1, 1974, as amended and supplemented from time to time (the **"Trust Agreement"**), pursuant to which the above-referenced Bonds were issued by Puerto Rico Electric Power Authority (the **"Issuer"**), and is authorized to receive payments under the Policy and to distribute same to the registered holder(s) of the Bonds (the **"Holders"**).

(ii)     The Issuer has failed to provide the Trustee with sufficient funds for payment in full of all principal and interest due on the Bonds on July 3, 2017. The aggregate amount of principal due on the Bonds on July 3, 2017 (the **"Payment Date"**) is $20,605,000.00 (**"Scheduled Principal"**), and the aggregate amount of interest due on the Bonds on July 3, 2017 Payment Date is $1,137,215.63 (**"Scheduled Interest"**). The sum of all amounts on deposit (or scheduled to be on deposit) in the Sinking Fund and available for distribution to the registered Holders of the Bonds pursuant to the Trust Agreement will be $21,742,215.63 (such amount, the **"Shortfall"**) less than the Scheduled Principal and Scheduled Interest Due for Payment on the Bonds on July 3, 2017.

(iii)     The Trustee is hereby making a claim under the Policy for the Shortfall to be applied to the payment of Scheduled Principal and Scheduled Interest.

(iv)     The Trustee agrees that, following its receipt from Syncora of funds equal to the Shortfall, it shall in accordance with the Policy (a) hold such amounts in trust and apply the same to the payment of Scheduled Principal and Scheduled Interest on the Bonds in accordance with the Trust Agreement as soon as practicable (and on the Payment Date if received before 11:30 A.M. Eastern Time on the Payment Date); (b) not apply such funds for any other purpose; (c) not commingle such funds with other funds held by the Trustee, and (d) maintain an accurate record of such payments.

(v)     Subject to and conditioned upon payment by Syncora to the Trustee of sufficient funds to cover the Shortfall in the Scheduled Principal and Scheduled Interest due July 3, 2017, the Trustee, on behalf of the Holders, to the full extent

of its authority, hereby assigns to Syncora all rights, title and interest to the payment of that portion of Scheduled Principal and Scheduled Interest on the Bonds which is paid with the funds provided by Syncora under the Policy. The foregoing assignment is in addition to, and not in limitation of, rights of subrogation otherwise available to Syncora in respect of such payments. The Trustee shall take such action and deliver such instruments as may be reasonably requested or required by Syncora to effectuate the purpose or provisions of this clause (v) and as provided under the Policy.

(vi)    Syncora shall, to the extent it pays any Scheduled Principal and Scheduled Interest on the Bonds under the Policy, become subrogated to the rights, title and interest of the person or entity who is entitled to such payments in accordance with the terms of the Policy.

(vii) Payment of the Shortfall should be made by wire transfer on or before 11:30 A.M. Eastern Time on July 3, 2017, directed to:

**U.S. Bank**
**800 Nicollet Mall**
**Minneapolis, MN 55402**
**U.S. BANK N.A.**
**ABA # 091000022**
**ACCT # 173103321092**
**Ref: PREPA (phone: 651-466-6089; 651-466-5869)**

Unless the context otherwise requires, capitalized terms used in this Notice of Claim and Certificate and not defined herein shall have the meanings provided in the Policy.

IN WITNESS WHEREOF, the Trustee has executed and delivered this Notice of Claim and Certificate as of the 30th day of June, 2017.

U.S. Bank National Association, as Trustee

By _____
Name:    Julie J. Becker
Title:    Vice President

2

## Appendix I

**Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series JJ, maturing on July 1, 2017 (CUSIP No.: 7452684W9)**

**Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series JJ, maturing on July 1, 2018 (CUSIP No.: 7452684X7)**



Corporate Trust Services
60 Livingston Avenue
EP-MN-WS1D
St. Paul, MN 55107

## NOTICE OF NON-PAYMENT
## (POLICY NO. CA01847A)

### June 28, 2017

BY TELEPHONE and VIA E-MAIL, FACSIMILE and CERTIFIED MAIL:

**Syncora Guarantee Inc.**
135 W. 50th Street, 20th Floor
New York, NY 10020
Fax: (212) 478-3587
Tel: (212) 478-3497 (Michael Koegler)
    (212) 478-3494 (Rachel Benaroya)
    (212) 478-3485 (Fred Hnat)
E-Mail: Michael.Koegler@scafg.com
    Rachel.Benaroya@scafg.com
    Fred.Hnat@scafg.com
Attention: Surveillance, Michael Koegler, Rachel Benaroya, and Fred Hnat

Re:   **Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series QQ,
maturing on July 1, 2017 (CUSIP No.: 74526QCT7)**

     **Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series QQ,
maturing on July 1, 2018 (CUSIP No.: 74526QCU4)**

     **(collectively, the "Bonds")**

     **(Policy No. CA01847A)**

U.S. Bank National Association, in its capacity as trustee for the above-referenced Bonds (in
such capacity, the "Trustee"), hereby notifies Syncora Guarantee Inc., formerly known as XL
Capital Assurance Inc., under the above-referenced Insurance Policy, that as of the date of this
Notice, Puerto Rico Electric Power Authority, the issuer of the Bonds, has failed to provide to
the Trustee sufficient funds for payment in full of all principal and interest that is due for
payment on July 3, 2017, on the above-referenced Bonds. Accordingly, the Trustee hereby
notifies you of the deficiency and requests a payment under the above-referenced Insurance
Policy as set forth below:

INSURANCE POLICY NO.       CA01847A

NOTICE/CLAIM DATE:                          June 28, 2017

AMOUNT OF DEFICIENCY
/CLAIMED AMOUNT:                            $18,166,850.00

AMOUNT OF DEFICIENCY
ALLOCABLE TO PRINCIPAL:                     $17,195,000.00

AMOUNT OF DEFICIENCY
ALLOCABLE TO INTEREST:                      $971,850.00

PURPOSE OF CLAIM:                           Payment of Debt Service on the Bonds on
                                            July 3, 2017

PAYMENT DUE DATE:                           July 3, 2017

Please deliver these funds on or before 11:30 A.M. Eastern Time on July 3, 2017, to the
following instructions:

**U.S. Bank**
**800 Nicollet Mall**
**Minneapolis, MN 55402**
**U.S. BANK N.A.**
**ABA # 091000022**
**ACCT # 173103321092**
**Ref: PREPA (phone: 651-466-6089; 651-466-5869)**

Please feel free to contact me if you have any questions or require any additional information.

**U.S. Bank National Association**, as Trustee

By:
Name: Julie Becker
Title: Vice President
Phone: (651) 466-5869
E-mail:Julie.Becker@usbank.com

cc:      **Syncora Guarantee Inc.**
         135 W. 50th Street, 20th Floor
         New York, NY 10020
         Attention: Drew Hoffman

2

**My Chi To (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-Mail: mcto@debevoise.com

**Craig Bruens (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-Mail: cabruens@debevoise.com

**Elie Worenklein (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-mail: ejworenklein@debevoise.com

**Thomas Lopez (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-mail: tlopez@debevoise.com

## NOTICE OF CLAIM AND CERTIFICATE

**Syncora Guarantee Inc.**
135 W. 50th Street, 20th Floor
New York, NY 10020

The undersigned, a duly authorized officer of U.S. Bank National Association, in its capacity as trustee (in such capacity, the "**Trustee**") for the bonds listed on Appendix I hereto (collectively, the "**Bonds**"), hereby certifies to Syncora Guarantee Inc. ("**Syncora**") (formerly known as "XL Capital Assurance Inc.") under the Municipal Bond Insurance Policy No. **CA01847A** pursuant to the Agreement Regarding Bond Insurance with an Effective Date of April 4, 2005 (collectively, the "**Policy**"), issued in respect of the Bonds, as follows:

(i) The Trustee is the successor Trustee under the Trust Agreement dated as of January 1, 1974, as amended and supplemented from time to time (the "**Trust Agreement**"), pursuant to which the above-referenced Bonds were issued by Puerto Rico Electric Power Authority (the "**Issuer**"), and is authorized to receive payments under the Policy and to distribute same to the registered holder(s) of the Bonds (the "**Holders**").

(ii) The Issuer has failed to provide the Trustee with sufficient funds for payment in full of all principal and interest due on the Bonds on July 3, 2017. The aggregate amount of principal due on the Bonds on July 3, 2017 (the "**Payment Date**") is $17,195,000.00 ("**Scheduled Principal**"), and the aggregate amount of interest due on the Bonds on July 3, 2017 Payment Date is $971,850.00 ("**Scheduled Interest**"). The sum of all amounts on deposit (or scheduled to be on deposit) in the Sinking Fund and available for distribution to the registered Holders of the Bonds pursuant to the Trust Agreement will be $18,166,850.00 (such amount, the "**Shortfall**") less than the Scheduled Principal and Scheduled Interest Due for Payment on the Bonds on July 3, 2017.

(iii) The Trustee is hereby making a claim under the Policy for the Shortfall to be applied to the payment of Scheduled Principal and Scheduled Interest.

(iv) The Trustee agrees that, following its receipt from Syncora of funds equal to the Shortfall, it shall in accordance with the Policy (a) hold such amounts in trust and apply the same to the payment of Scheduled Principal and Scheduled Interest on the Bonds in accordance with the Trust Agreement as soon as practicable (and on the Payment Date if received before 11:30 A.M. Eastern Time on the Payment Date); (b) not apply such funds for any other purpose; (c) not commingle such funds with other funds held by the Trustee, and (d) maintain an accurate record of such payments.

(v) Subject to and conditioned upon payment by Syncora to the Trustee of sufficient funds to cover the Shortfall in the Scheduled Principal and Scheduled Interest due July 3, 2017, the Trustee, on behalf of the Holders, to the full extent

of its authority, hereby assigns to Syncora all rights, title and interest to the payment of that portion of Scheduled Principal and Scheduled Interest on the Bonds which is paid with the funds provided by Syncora under the Policy. The foregoing assignment is in addition to, and not in limitation of, rights of subrogation otherwise available to Syncora in respect of such payments. The Trustee shall take such action and deliver such instruments as may be reasonably requested or required by Syncora to effectuate the purpose or provisions of this clause (v) and as provided under the Policy.

(vi)     Syncora shall, to the extent it pays any Scheduled Principal and Scheduled Interest on the Bonds under the Policy, become subrogated to the rights, title and interest of the person or entity who is entitled to such payments in accordance with the terms of the Policy.

(vii) Payment of the Shortfall should be made by wire transfer on or before 11:30 A.M. Eastern Time on July 3, 2017, directed to:

**U.S. Bank**
**800 Nicollet Mall**
**Minneapolis, MN 55402**
**U.S. BANK N.A.**
**ABA # 091000022**
**ACCT # 173103321092**
**Ref: PREPA (phone: 651-466-6089; 651-466-5869)**

Unless the context otherwise requires, capitalized terms used in this Notice of Claim and Certificate and not defined herein shall have the meanings provided in the Policy.

IN WITNESS WHEREOF, the Trustee has executed and delivered this Notice of Claim and Certificate as of the 30th day of June, 2017.

U.S. Bank National Association, as Trustee

By _____
Name: Julie J. Becker
Title:   Vice President

2

## Appendix I

**Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series QQ, maturing on July 1, 2017 (CUSIP No.: 74526QCT7)**

**Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series QQ, maturing on July 1, 2018 (CUSIP No.: 74526QCU4)**



Corporate Trust Services
60 Livingston Avenue
EP-MN-WS1D
St. Paul, MN 55107

## NOTICE OF NON-PAYMENT
## (POLICY NO. CA01848A)

### June 28, 2017

BY TELEPHONE and VIA E-MAIL, FACSIMILE and CERTIFIED MAIL:

**Syncora Guarantee Inc.**
135 W. 50th Street, 20th Floor
New York, NY 10020
Fax: (212) 478-3587
Tel: (212) 478-3497 (Michael Koegler)
    (212) 478-3494 (Rachel Benaroya)
    (212) 478-3485 (Fred Hnat)
E-Mail:  Michael.Koegler@scafg.com
      Rachel.Benaroya@scafg.com
      Fred.Hnat@scafg.com
Attention: Surveillance, Michael Koegler, Rachel Benaroya, and Fred Hnat

Re:    **Puerto Rico Electric Power Authority Power Revenue Bonds, Series RR, maturing on July 1, 2025 (CUSIP No.: 74526QDE9)**

      **Puerto Rico Electric Power Authority Power Revenue Bonds, Series RR, maturing on July 1, 2026 (CUSIP No.: 74526QDF6)**

      **Puerto Rico Electric Power Authority Power Revenue Bonds, Series RR, maturing on July 1, 2027 (CUSIP No.: 74526QDG4)**

      **(collectively, the "Bonds")**

      **(Policy No. CA01848A)**

U.S. Bank National Association, in its capacity as trustee for the above-referenced Bonds (in such capacity, the "Trustee"), hereby notifies Syncora Guarantee Inc., formerly known as XL Capital Assurance Inc., under the above-referenced Insurance Policy, that as of the date of this Notice, Puerto Rico Electric Power Authority, the issuer of the Bonds, has failed to provide to the Trustee sufficient funds for payment in full of all interest that is due for payment on July 3, 2017, on the above-referenced Bonds. Accordingly, the Trustee hereby notifies you of the deficiency and requests a payment under the above-referenced Insurance Policy as set forth below:

INSURANCE POLICY NO.                    CA01848A

NOTICE/CLAIM DATE:                      June 28, 2017

AMOUNT OF DEFICIENCY
/CLAIMED AMOUNT:                        $2,159,625.00

AMOUNT OF DEFICIENCY
ALLOCABLE TO PRINCIPAL:                 $0

AMOUNT OF DEFICIENCY
ALLOCABLE TO INTEREST:                  $2,159,625.00

PURPOSE OF CLAIM:                       Payment of Debt Service on the Bonds on
                                        July 3, 2017

PAYMENT DUE DATE:                       July 3, 2017

Please deliver these funds on or before 11:30 A.M. Eastern Time on July 3, 2017, to the following instructions:

**U.S. Bank**
**800 Nicollet Mall**
**Minneapolis, MN 55402**
**U.S. BANK N.A.**
**ABA # 091000022**
**ACCT # 173103321092**
**Ref: PREPA (phone: 651-466-6089; 651-466-5869)**

Please feel free to contact me if you have any questions or require any additional information.

**U.S. Bank National Association**, as Trustee

By:
Name: Julie Becker
Title:   Vice President
Phone: (651) 466-5869
E-mail:Julie.Becker@usbank.com

cc:   **Syncora Guarantee Inc.**
      135 W. 50th Street, 20th Floor
      New York, NY 10020

2

Attention: Drew Hoffman

**My Chi To (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-Mail: mcto@debevoise.com

**Craig Bruens (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-Mail: cabruens@debevoise.com

**Elie Worenklein (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-mail: ejworenklein@debevoise.com

**Thomas Lopez (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-mail: tlopez@debevoise.com

## NOTICE OF CLAIM AND CERTIFICATE

**Syncora Guarantee Inc.**
135 W. 50th Street, 20th Floor
New York, NY 10020

The undersigned, a duly authorized officer of U.S. Bank National Association, in its capacity as trustee (in such capacity, the "**Trustee**") for the bonds listed on Appendix I hereto (collectively, the "**Bonds**"), hereby certifies to Syncora Guarantee Inc. ("**Syncora**") (formerly known as "XL Capital Assurance Inc.") under the Municipal Bond Insurance Policy No. **CA01848A** pursuant to the Agreement Regarding Bond Insurance with an Effective Date of April 4, 2005 (collectively, the "**Policy**"), issued in respect of the Bonds, as follows:

(i)     The Trustee is the successor Trustee under the Trust Agreement dated as of January 1, 1974, as amended and supplemented from time to time (the "**Trust Agreement**"), pursuant to which the above-referenced Bonds were issued by Puerto Rico Electric Power Authority (the "**Issuer**"), and is authorized to receive payments under the Policy and to distribute same to the registered holder(s) of the Bonds (the "**Holders**").

(ii)    The Issuer has failed to provide the Trustee with sufficient funds for payment in full of all interest due on the Bonds on July 3, 2017. The aggregate amount of interest due on the Bonds on July 3, 2017 Payment Date is $2,159,625.00 ("**Scheduled Interest**"). The sum of all amounts on deposit (or scheduled to be on deposit) in the Sinking Fund and available for distribution to the registered Holders of the Bonds pursuant to the Trust Agreement will be $2,159,625.00 (such amount, the "**Shortfall**") less than the Scheduled Interest Due for Payment on the Bonds on July 3, 2017.

(iii)   The Trustee is hereby making a claim under the Policy for the Shortfall to be applied to the payment of Scheduled Interest.

(iv)    The Trustee agrees that, following its receipt from Syncora of funds equal to the Shortfall, it shall in accordance with the Policy (a) hold such amounts in trust and apply the same to the payment of Scheduled Interest on the Bonds in accordance with the Trust Agreement as soon as practicable (and on the Payment Date if received before 11:30 A.M. Eastern Time on the Payment Date); (b) not apply such funds for any other purpose; (c) not commingle such funds with other funds held by the Trustee, and (d) maintain an accurate record of such payments.

(v)     Subject to and conditioned upon payment by Syncora to the Trustee of sufficient funds to cover the Shortfall in the Scheduled Interest due July 3, 2017, the Trustee, on behalf of the Holders, to the full extent of its authority, hereby assigns to Syncora all rights, title and interest to the payment of that portion of Scheduled Interest on the Bonds which is paid with the funds provided by Syncora under the Policy. The foregoing assignment is in addition to, and not in

limitation of, rights of subrogation otherwise available to Syncora in respect of such payments. The Trustee shall take such action and deliver such instruments as may be reasonably requested or required by Syncora to effectuate the purpose or provisions of this clause (v) and as provided under the Policy.

(vi)    Syncora shall, to the extent it pays any Scheduled Interest on the Bonds under the Policy, become subrogated to the rights, title and interest of the person or entity who is entitled to such payments in accordance with the terms of the Policy.

(vii) Payment of the Shortfall should be made by wire transfer on or before 11:30 A.M. Eastern Time on July 3, 2017, directed to:

**U.S. Bank**
**800 Nicollet Mall**
**Minneapolis, MN 55402**
**U.S. BANK N.A.**
**ABA # 091000022**
**ACCT # 173103321092**
**Ref: PREPA (phone: 651-466-6089; 651-466-5869)**

Unless the context otherwise requires, capitalized terms used in this Notice of Claim and Certificate and not defined herein shall have the meanings provided in the Policy.

IN WITNESS WHEREOF, the Trustee has executed and delivered this Notice of Claim and Certificate as of the 30th day of June, 2017.

U.S. Bank National Association, as Trustee

By _____
Name: Janie J. Becker
Title: Vice President

2

## Appendix I

**Puerto Rico Electric Power Authority Power Revenue Bonds, Series RR, maturing on July 1, 2025 (CUSIP No.: 74526QDE9)**

**Puerto Rico Electric Power Authority Power Revenue Bonds, Series RR, maturing on July 1, 2026 (CUSIP No.: 74526QDF6)**

**Puerto Rico Electric Power Authority Power Revenue Bonds, Series RR, maturing on July 1, 2027 (CUSIP No.: 74526QDG4)**



Corporate Trust Services
60 Livingston Avenue
EP-MN-WS1D
St. Paul, MN 55107

### NOTICE OF NON-PAYMENT
### (POLICY NO. CA00122A)

**December 29, 2017**

BY TELEPHONE and VIA E-MAIL, FACSIMILE and CERTIFIED MAIL:

**Syncora Guarantee Inc.**
135 W. 50th Street, 20th Floor
New York, NY 10020
Fax: (212) 478-3587
Tel: (212) 478-3497 (Michael Koegler)
     (212) 478-3494 (Rachel Benaroya)
     (212) 478-3485 (Fred Hnat)
E-Mail:  Michael.Koegler@scafg.com
         Rachel.Benaroya@scafg.com
         Fred.Hnat@scafg.com
Attention: Surveillance, Michael Koegler, Rachel Benaroya, and Fred Hnat

Re:     **Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series JJ,
        maturing on July 1, 2018 (CUSIP No.: 7452684X7)**

        (collectively, the "**Bonds**")

        (Policy No. **CA00122A**)

U.S. Bank National Association, in its capacity as trustee for the above-referenced Bonds (in
such capacity, the "Trustee"), hereby notifies Syncora Guarantee Inc., formerly known as XL
Capital Assurance Inc., under the above-referenced Insurance Policy, that as of the date of this
Notice, Puerto Rico Electric Power Authority, the issuer of the Bonds, has failed to provide to
the Trustee sufficient funds for payment in full of all interest that is due for payment on January
2, 2018, on the above-referenced Bonds. Accordingly, the Trustee hereby notifies you of the
deficiency and requests a payment under the above-referenced Insurance Policy as set forth
below:

INSURANCE POLICY NO.:                    **CA00122A**

NOTICE/CLAIM DATE:                       December 29, 2017

AMOUNT OF DEFICIENCY
CLAIMED AMOUNT:                          $583,456.25

AMOUNT OF DEFICIENCY
ALLOCABLE TO PRINCIPAL:                  $0

AMOUNT OF DEFICIENCY
ALLOCABLE TO INTEREST:                   $583,456.25

PURPOSE OF CLAIM:          Payment of Debt Service on the Bonds on January 2, 2018

PAYMENT DUE DATE:          January 2, 2018

Please deliver these funds on or before 11:30 A.M. Eastern Time on January 2, 2018, to the
following instructions:

**U.S. Bank**
**800 Nicollet Mall**
**Minneapolis, MN 55402**
**U.S. BANK N.A.**
**ABA # 091000022**
**ACCT # 173103321092**
**Ref: PREPA (phone: 651-466-6089; 651-466-5869)**

Please feel free to contact me if you have any questions or require any additional information.

U.S. Bank National Association, as Trustee

By: _____
Name: Julie Becker
Title:   Vice President
Phone: (651) 466-5869
E-mail:Julie.Becker@usbank.com

cc:   **Syncora Guarantee Inc.**
      135 W. 50th Street, 20th Floor
      New York, NY 10020
      Attention: Drew Hoffman

      **My Chi To (via e-mail only)**
      Debevoise & Plimpton LLP
      919 Third Avenue
      New York, NY 10022
      E-Mail: mcto@debevoise.com

2

**Elie Worenklein (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-mail: ejworenklein@debevoise.com

**Thomas Lopez (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-mail: tlopez@debevoise.com

## NOTICE OF CLAIM AND CERTIFICATE

**Syncora Guarantee Inc.**
135 W. 50th Street, 20th Floor
New York, NY 10020

The undersigned, a duly authorized officer of U.S. Bank National Association, in its capacity as trustee (in such capacity, the "**Trustee**") for the bonds listed on Appendix I hereto (collectively, the "**Bonds**"), hereby certifies to Syncora Guarantee Inc. ("**Syncora**") (formerly known as "XL Capital Assurance Inc.") under the Municipal Bond Insurance Policy No. **CA00122A** pursuant to the Agreement Regarding Bond Insurance with an Effective Date of January 1, 2002 (collectively, the "**Policy**"), issued in respect of the Bonds, as follows:

(i) The Trustee is the successor Trustee under the Trust Agreement dated as of January 1, 1974, as amended and supplemented from time to time (the "**Trust Agreement**"), pursuant to which the above-referenced Bonds were issued by Puerto Rico Electric Power Authority (the "**Issuer**"), and is authorized to receive payments under the Policy and to distribute same to the registered holder(s) of the Bonds (the "**Holders**").

(ii) The Issuer has failed to provide the Trustee with sufficient funds for payment in full of all interest due on the Bonds on January 2, 2018. The aggregate amount of interest due on the Bonds on January 2, 2018 (the "**Payment Date**") is \$583,456.25 ("**Scheduled Interest**"). The sum of all amounts on deposit (or scheduled to be on deposit) in the Sinking Fund and available for distribution to the registered Holders of the Bonds pursuant to the Trust Agreement will be \$583,456.25 (such amount, the "**Shortfall**") less than the Scheduled Interest Due for Payment on the Bonds on January 2, 2018.

(iii) The Trustee is hereby making a claim under the Policy for the Shortfall to be applied to the payment of Scheduled Interest.

(iv) The Trustee agrees that, following its receipt from Syncora of funds equal to the Shortfall, it shall in accordance with the Policy (a) hold such amounts in trust and apply the same to the payment of Scheduled Interest on the Bonds in accordance with the Trust Agreement as soon as practicable (and on the Payment Date if received before 11:30 A.M. Eastern Time on the Payment Date); (b) not apply such funds for any other purpose; (c) not commingle such funds with other funds held by the Trustee, and (d) maintain an accurate record of such payments.

(v) Subject to and conditioned upon payment by Syncora to the Trustee of sufficient funds to cover the Shortfall in the Scheduled Interest due January 2, 2018, the Trustee, on behalf of the Holders, to the full extent of its authority, hereby assigns to Syncora all rights, title and interest to the payment of that portion of Scheduled Interest on the Bonds which is paid with the funds provided by Syncora under the Policy. The foregoing assignment is in addition to, and not in limitation

of, rights of subrogation otherwise available to Syncora in respect of such payments. The Trustee shall take such action and deliver such instruments as may be reasonably requested or required by Syncora to effectuate the purpose or provisions of this clause (v) and as provided under the Policy.

(vi)     Syncora shall, to the extent it pays any Scheduled Interest on the Bonds under the Policy, become subrogated to the rights, title and interest of the person or entity who is entitled to such payments in accordance with the terms of the Policy.

(vii) Payment of the Shortfall should be made by wire transfer on or before 11:30 A.M. Eastern Time on January 2, 2018, directed to:

**U.S. Bank**
**800 Nicollet Mall**
**Minneapolis, MN 55402**
**U.S. BANK N.A.**
**ABA # 091000022**
**ACCT # 173103321092**
**Ref: PREPA (phone: 651-466-6089; 651-466-5869)**

Unless the context otherwise requires, capitalized terms used in this Notice of Claim and Certificate and not defined herein shall have the meanings provided in the Policy.

IN WITNESS WHEREOF, the Trustee has executed and delivered this Notice of Claim and Certificate as of the 29th day of December, 2017.

U.S. Bank National Association, as Trustee

By _____

Name: Julie J. Becker
Title: Vice President

2

## Appendix I

Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series JJ, maturing on July 1, 2018 (CUSIP No.: 7452684X7)



Corporate Trust Services
60 Livingston Avenue
EP-MN-WS1D
St. Paul, MN 55107

## NOTICE OF NON-PAYMENT
## (POLICY NO. CA01847A)

### December 29, 2017

BY TELEPHONE and VIA E-MAIL, FACSIMILE and CERTIFIED MAIL:

**Syncora Guarantee Inc.**
135 W. 50th Street, 20th Floor
New York, NY 10020
Fax: (212) 478-3587
Tel: (212) 478-3497 (Michael Koegler)
    (212) 478-3494 (Rachel Benaroya)
    (212) 478-3485 (Fred Hnat)
E-Mail: Michael.Koegler@scafg.com
        Rachel.Benaroya@scafg.com
        Fred.Hnat@scafg.com
Attention: Surveillance, Michael Koegler, Rachel Benaroya, and Fred Hnat

Re: **Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series QQ,
    maturing on July 1, 2018 (CUSIP No.: 74526QCU4)**

(collectively, the "**Bonds**")

(Policy No. **CA01847A**)

U.S. Bank National Association, in its capacity as trustee for the above-referenced Bonds (in such
capacity, the "Trustee"), hereby notifies Syncora Guarantee Inc., formerly known as XL Capital
Assurance Inc., under the above-referenced Insurance Policy, that as of the date of this Notice,
Puerto Rico Electric Power Authority, the issuer of the Bonds, has failed to provide to the Trustee
sufficient funds for payment in full of all interest that is due for payment on January 2, 2018, on
the above-referenced Bonds. Accordingly, the Trustee hereby notifies you of the deficiency and
requests a payment under the above-referenced Insurance Policy as set forth below:

INSURANCE POLICY NO.:                    **CA01847A**

NOTICE/CLAIM DATE:                       December 29, 2017

AMOUNT OF DEFICIENCY
/CLAIMED AMOUNT:                         $498,987.50

AMOUNT OF DEFICIENCY
ALLOCABLE TO PRINCIPAL:                    $0_____

AMOUNT OF DEFICIENCY
ALLOCABLE TO INTEREST:                     $498,987.50_____

PURPOSE OF CLAIM:                          Payment of Debt Service on the Bonds on
                                           January 2, 2018

PAYMENT DUE DATE:                          January 2, 2018

Please deliver these funds on or before 11:30 A.M. Eastern Time on January 2, 2018, to the
following instructions:

**U.S. Bank**
**800 Nicollet Mall**
**Minneapolis, MN 55402**
**U.S. BANK N.A.**
**ABA # 091000022**
**ACCT # 173103321092**
**Ref: PREPA (phone: 651-466-6089; 651-466-5869)**

Please feel free to contact me if you have any questions or require any additional information.

**U.S. Bank National Association**, as Trustee

By: _____

Name: Julie Becker
Title:   Vice President
Phone: (651) 466-5869
E-mail: Julie.Becker@usbank.com

cc:   **Syncora Guarantee Inc.**
      135 W. 50th Street, 20th Floor
      New York, NY 10020
      Attention: Drew Hoffman

      **My Chi To (via e-mail only)**
      Debevoise & Plimpton LLP
      919 Third Avenue
      New York, NY 10022
      E-Mail: mcto@debevoise.com

2

**Elie Worenklein (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-mail: ejworenklein@debevoise.com

**Tomas Lopez (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-mail: tlopez@debevoise.com

## NOTICE OF CLAIM AND CERTIFICATE

**Syncora Guarantee Inc.**
135 W. 50th Street, 20th Floor
New York, NY 10020

The undersigned, a duly authorized officer of U.S. Bank National Association, in its capacity as trustee (in such capacity, the **"Trustee"**) for the bonds listed on Appendix I hereto (collectively, the **"Bonds"**), hereby certifies to Syncora Guarantee Inc. (**"Syncora"**) (formerly known as "XL Capital Assurance Inc.") under the Municipal Bond Insurance Policy No. **CA01847A** pursuant to the Agreement Regarding Bond Insurance with an Effective Date of April 4, 2005 (collectively, the **"Policy"**), issued in respect of the Bonds, as follows:

(i)     The Trustee is the successor Trustee under the Trust Agreement dated as of January 1, 1974, as amended and supplemented from time to time (the "**Trust Agreement**"), pursuant to which the above-referenced Bonds were issued by Puerto Rico Electric Power Authority (the "**Issuer**"), and is authorized to receive payments under the Policy and to distribute same to the registered holder(s) of the Bonds (the "**Holders**").

(ii)    The Issuer has failed to provide the Trustee with sufficient funds for payment in full of all interest due on the Bonds on January 2, 2018. The aggregate amount of interest due on the Bonds on January 2, 2018 (the "**Payment Date**") is $498,987.50 ("**Scheduled Interest**"). The sum of all amounts on deposit (or scheduled to be on deposit) in the Sinking Fund and available for distribution to the registered Holders of the Bonds pursuant to the Trust Agreement will be $498,987.50 (such amount, the "**Shortfall**") less than the Scheduled Interest Due for Payment on the Bonds on January 2, 2018.

(iii)   The Trustee is hereby making a claim under the Policy for the Shortfall to be applied to the payment of Scheduled Interest.

(iv)    The Trustee agrees that, following its receipt from Syncora of funds equal to the Shortfall, it shall in accordance with the Policy (a) hold such amounts in trust and apply the same to the payment of Scheduled Interest on the Bonds in accordance with the Trust Agreement as soon as practicable (and on the Payment Date if received before 11:30 A.M. Eastern Time on the Payment Date); (b) not apply such funds for any other purpose; (c) not commingle such funds with other funds held by the Trustee, and (d) maintain an accurate record of such payments.

(v)     Subject to and conditioned upon payment by Syncora to the Trustee of sufficient funds to cover the Shortfall in the Scheduled Interest due January 2, 2018, the Trustee, on behalf of the Holders, to the full extent of its authority, hereby assigns to Syncora all rights, title and interest to the payment of that portion of Scheduled Interest on the Bonds which is paid with the funds provided by Syncora under the Policy. The foregoing assignment is in addition to, and not in limitation

of, rights of subrogation otherwise available to Syncora in respect of such payments. The Trustee shall take such action and deliver such instruments as may be reasonably requested or required by Syncora to effectuate the purpose or provisions of this clause (v) and as provided under the Policy.

(vi)    Syncora shall, to the extent it pays any Scheduled Interest on the Bonds under the Policy, become subrogated to the rights, title and interest of the person or entity who is entitled to such payments in accordance with the terms of the Policy.

(vii) Payment of the Shortfall should be made by wire transfer on or before 11:30 A.M. Eastern Time on January 2, 2018, directed to:

**U.S. Bank**
**800 Nicollet Mall**
**Minneapolis, MN 55402**
**U.S. BANK N.A.**
**ABA # 091000022**
**ACCT # 173103321092**
**Ref: PREPA (phone: 651-466-6089; 651-466-5869)**

Unless the context otherwise requires, capitalized terms used in this Notice of Claim and Certificate and not defined herein shall have the meanings provided in the Policy.

IN WITNESS WHEREOF, the Trustee has executed and delivered this Notice of Claim and Certificate as of the 29th day of December, 2017.

U.S. Bank National Association, as Trustee

By _____
Name: Julie J. Becker
Title: Vice President

2

## Appendix I

**Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series QQ, maturing on July 1, 2018 (CUSIP No.: 74526QCU4)**



Corporate Trust Services
60 Livingston Avenue
EP-MN-WS1D
St. Paul, MN 55107

## NOTICE OF NON-PAYMENT
## (POLICY NO. CA01848A)

### December 29, 2017

BY TELEPHONE and VIA E-MAIL, FACSIMILE and CERTIFIED MAIL:

**Syncora Guarantee Inc.**
135 W. 50th Street, 20th Floor
New York, NY 10020
Fax: (212) 478-3587
Tel: (212) 478-3497 (Michael Koegler)
    (212) 478-3494 (Rachel Benaroya)
    (212) 478-3485 (Fred Hnat)
E-Mail: Michael.Koegler@scafg.com
       Rachel.Benaroya@scafg.com
       Fred.Hnat@scafg.com
Attention: Surveillance, Michael Koegler, Rachel Benaroya, and Fred Hnat

Re:    **Puerto Rico Electric Power Authority Power Revenue Bonds, Series RR, maturing on July 1, 2025 (CUSIP No.: 74526QDE9)**

      **Puerto Rico Electric Power Authority Power Revenue Bonds, Series RR, maturing on July 1, 2026 (CUSIP No.: 74526QDF6)**

      **Puerto Rico Electric Power Authority Power Revenue Bonds, Series RR, maturing on July 1, 2027 (CUSIP No.: 74526QDG4)**

      **(collectively, the "Bonds")**

      **(Policy No. CA01848A)**

U.S. Bank National Association, in its capacity as trustee for the above-referenced Bonds (in such capacity, the "Trustee"), hereby notifies Syncora Guarantee Inc., formerly known as XL Capital Assurance Inc., under the above-referenced Insurance Policy, that as of the date of this Notice, Puerto Rico Electric Power Authority, the issuer of the Bonds, has failed to provide to the Trustee sufficient funds for payment in full of all interest that is due for payment on January 2, 2018, on the above-referenced Bonds. Accordingly, the Trustee hereby notifies you of the deficiency and requests a payment under the above-referenced Insurance Policy as set forth below:

INSURANCE POLICY NO.:         **CA01848A**
NOTICE/CLAIM DATE:         December 29, 2017

AMOUNT OF DEFICIENCY
/CLAIMED AMOUNT:         $2,159,625.00

AMOUNT OF DEFICIENCY
ALLOCABLE TO PRINCIPAL:         $0

AMOUNT OF DEFICIENCY
ALLOCABLE TO INTEREST:         $2,159,625.00

PURPOSE OF CLAIM:         Payment of Debt Service on the Bonds on
January 2, 2018

PAYMENT DUE DATE:         January 2, 2018

Please deliver these funds on or before 11:30 A.M. Eastern Time on January 2, 2018, to the
following instructions:

**U.S. Bank**
**800 Nicollet Mall**
**Minneapolis, MN 55402**
**U.S. BANK N.A.**
**ABA # 091000022**
**ACCT # 173103321092**
**Ref: PREPA (phone: 651-466-6089; 651-466-5869)**

Please feel free to contact me if you have any questions or require any additional information.

**U.S. Bank National Association**, as Trustee

By:

Name: Julie Becker
Title:  Vice President
Phone: (651) 466-5869
E-mail: Julie.Becker@usbank.com

cc:    **Syncora Guarantee Inc.**
135 W. 50th Street, 20th Floor
New York, NY 10020
Attention: Drew Hoffman

**My Chi To (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-Mail: mcto@debevoise.com

**Elie Worenklein (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-mail: ejworenklein@debevoise.com

**Thomas Lopez (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-mail: tlopez@debevoise.com

## NOTICE OF CLAIM AND CERTIFICATE

**Syncora Guarantee Inc.**
135 W. 50th Street, 20th Floor
New York, NY 10020

The undersigned, a duly authorized officer of U.S. Bank National Association, in its capacity as trustee (in such capacity, the "**Trustee**") for the bonds listed on Appendix I hereto (collectively, the "**Bonds**"), hereby certifies to Syncora Guarantee Inc. ("**Syncora**") (formerly known as "XL Capital Assurance Inc.") under the Municipal Bond Insurance Policy No. **CA01848A** pursuant to the Agreement Regarding Bond Insurance with an Effective Date of April 4, 2005 (collectively, the "**Policy**"), issued in respect of the Bonds, as follows:

(i)     The Trustee is the successor Trustee under the Trust Agreement dated as of January 1, 1974, as amended and supplemented from time to time (the "**Trust Agreement**"), pursuant to which the above-referenced Bonds were issued by Puerto Rico Electric Power Authority (the "**Issuer**"), and is authorized to receive payments under the Policy and to distribute same to the registered holder(s) of the Bonds (the "**Holders**").

(ii)    The Issuer has failed to provide the Trustee with sufficient funds for payment in full of all interest due on the Bonds on January 2, 2018. The aggregate amount of interest due on the Bonds on January 2, 2018 Payment Date is $2,159,625.00 ("**Scheduled Interest**"). The sum of all amounts on deposit (or scheduled to be on deposit) in the Sinking Fund and available for distribution to the registered Holders of the Bonds pursuant to the Trust Agreement will be $2,159,625.00 (such amount, the "**Shortfall**") less than the Scheduled Interest Due for Payment on the Bonds on January 2, 2018.

(iii)   The Trustee is hereby making a claim under the Policy for the Shortfall to be applied to the payment of Scheduled Interest.

(iv)    The Trustee agrees that, following its receipt from Syncora of funds equal to the Shortfall, it shall in accordance with the Policy (a) hold such amounts in trust and apply the same to the payment of Scheduled Interest on the Bonds in accordance with the Trust Agreement as soon as practicable (and on the Payment Date if received before 11:30 A.M. Eastern Time on the Payment Date); (b) not apply such funds for any other purpose; (c) not commingle such funds with other funds held by the Trustee, and (d) maintain an accurate record of such payments.

(v)     Subject to and conditioned upon payment by Syncora to the Trustee of sufficient funds to cover the Shortfall in the Scheduled Interest due January 2, 2018, the Trustee, on behalf of the Holders, to the full extent of its authority, hereby assigns to Syncora all rights, title and interest to the payment of that portion of Scheduled Interest on the Bonds which is paid with the funds provided by Syncora under the Policy. The foregoing assignment is in addition to, and not in limitation

of, rights of subrogation otherwise available to Syncora in respect of such payments. The Trustee shall take such action and deliver such instruments as may be reasonably requested or required by Syncora to effectuate the purpose or provisions of this clause (v) and as provided under the Policy.

(vi)     Syncora shall, to the extent it pays any Scheduled Interest on the Bonds under the Policy, become subrogated to the rights, title and interest of the person or entity who is entitled to such payments in accordance with the terms of the Policy.

(vii) Payment of the Shortfall should be made by wire transfer on or before 11:30 A.M. Eastern Time on January 2, 2018, directed to:

**U.S. Bank**
**800 Nicollet Mall**
**Minneapolis, MN 55402**
**U.S. BANK N.A.**
**ABA # 091000022**
**ACCT # 173103321092**
**Ref: PREPA (phone: 651-466-6089; 651-466-5869)**

Unless the context otherwise requires, capitalized terms used in this Notice of Claim and Certificate and not defined herein shall have the meanings provided in the Policy.

IN WITNESS WHEREOF, the Trustee has executed and delivered this Notice of Claim and Certificate as of the 29th day of December, 2017.

U.S. Bank National Association, as Trustee

By
Name: Julie J. Becker
Title: Vice President

2

## Appendix I

Puerto Rico Electric Power Authority Power Revenue Bonds, Series RR, maturing on July 1, 2025 (CUSIP No.: 74526QDE9)

Puerto Rico Electric Power Authority Power Revenue Bonds, Series RR, maturing on July 1, 2026 (CUSIP No.: 74526QDF6)

Puerto Rico Electric Power Authority Power Revenue Bonds, Series RR, maturing on July 1, 2027 (CUSIP No.: 74526QDG4)

<u>**Exhibit 3**</u>
**Assignments of Rights**

## ASSIGNMENT OF RIGHTS

### Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series JJ, maturing on July 1, 2018 (CUSIP No.: 7452684X7)

This Assignment of Rights dated as of September 5, 2017 is made pursuant to (a) the Agreement Regarding Bond Insurance, dated as of January 1, 2002 (the "Insurance Agreement"), by and between the Puerto Rico Electric Power Authority (the "Issuer") and U.S. Bank National Association, as successor trustee (in such capacity, the "Trustee") under the Trust Agreement dated as of January 1, 1974, as amended or supplemented from time to time (the "Trust Agreement"), and (b) the Municipal Bond Insurance Policy Number CA00122A (the "Policy") issued by Syncora Capital Assurance Inc. ("Syncora"), formerly known as XL Capital Assurance Inc., in respect of the above-referenced Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series JJ, maturing on July 1, 2018 (CUSIP No.: 7452684X7) (the "Bonds"). All capitalized terms used and not otherwise defined herein shall have the same respective meanings ascribed to them in the Policy or in the Insurance Agreement.

Attached hereto as **Exhibit I** are a Notice of Nonpayment and a related Notice of Claim and Certificate in the total amount of $21,742,215.63, which includes $583,456.25 representing interest payable on the Bonds (the "Insured Interest Amount"), which became Due for Payment, and was paid by Syncora to the Trustee under the Policy, on July 3, 2017 (the "Payment Date").

Pursuant to the Insurance Agreement and the Policy, the Trustee, on behalf of the Owners and to the full extent of its authority under the Insurance Agreement and the Policy, hereby:

1. confirms the assignment of, and assigns to Syncora, with such assignment effective as of the Payment Date, all rights, title and interest of the Owners to and in respect of the payment of the Insured Interest Amount by the Issuer; *provided, however*, that nothing herein is intended to or shall be construed to limit, waive or affect any of the rights of the Owners to receive payment of the Insured Interest Amount on the Payment Date from the funds paid by Syncora to the Trustee under the Policy; *and provided further* that nothing herein is intended to or shall be construed to limit, waive, or affect any of the rights of the Owners to receive payments on the Bonds (other than with respect to the Insured Interest Amount) pursuant to the terms of the Trust Agreement, the Insurance Agreement and the Policy, including, without limitation, interest accruing on the Bonds from and after the Payment Date pursuant to the terms of the Trust Agreement;

2. agrees that, effective as of the Payment Date, Syncora shall be subrogated to all rights, title and interest of the Owners to and in respect of the payment of the Insured Interest Amount by the Issuer;

3. agrees that the foregoing assignment and subrogation are in addition to, and not in limitation of, any rights (including, without limitation, rights of assignment and subrogation) otherwise available to Syncora in respect of the payment of the Insured Interest Amount by the Issuer;

4. confirms that it has made a notation on the Bonds and/or in the bond register or other document of record that, effective as of the Payment Date, Syncora is the owner of, and is subrogated to, all rights, title and interest of the Owners to and in respect of the Insured Interest Amount;

5. acknowledges that Syncora may exercise any option, vote, right, power or the like (including, without limitation, any such rights arising in the context of a bankruptcy, insolvency, liquidation or other reorganization of the Issuer) that Syncora may have with respect to the Bonds as a result of its payment of the Insured Interest Amount; and

6. represents that it has full corporate power and authority to execute and deliver this Assignment of Rights.

Notwithstanding anything herein to the contrary, all rights, title and interest of the Owners and Syncora to and in respect of the Insured Interest Amount are subject to the terms of the Trust Agreement.

[*Remainder of page intentionally left blank*]

IN WITNESS WHEREOF, the Trustee has executed and delivered this Assignment of Rights as of this 5th day of September, 2017.

U.S. Bank National Association, as Trustee

By: _____

Name:   Julie J. Becker

Title:   Vice President

**Exhibit 1**
**Notice of Non-Payment and Related Notice of Claim and Certificate**



Corporate Trust Services
60 Livingston Avenue
EP-MN-WS1D
St. Paul, MN 55107

## NOTICE OF NON-PAYMENT
## (POLICY NO. CA00122A)

### June 28, 2017

BY TELEPHONE and VIA E-MAIL, FACSIMILE and CERTIFIED MAIL:

**Syncora Guarantee Inc.**
135 W. 50th Street, 20th Floor
New York, NY 10020
Fax: (212) 478-3587
Tel: (212) 478-3497 (Michael Koegler)
    (212) 478-3494 (Rachel Benaroya)
    (212) 478-3485 (Fred Hnat)
E-Mail:  Michael.Koegler@scafg.com
        Rachel.Benaroya@scafg.com
        Fred.Hnat@scafg.com

Attention: Surveillance, Michael Koegler, Rachel Benaroya, and Fred Hnat

Re:    **Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series JJ,
       maturing on July 1, 2017 (CUSIP No.: 7452684W9)**

       **Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series JJ,
       maturing on July 1, 2018 (CUSIP No.: 7452684X7)**

       **(collectively, the "Bonds")**

       **(Policy No. CA00122A)**

U.S. Bank National Association, in its capacity as trustee for the above-referenced Bonds (in
such capacity, the "Trustee"), hereby notifies Syncora Guarantee Inc., formerly known as XL
Capital Assurance Inc., under the above-referenced Insurance Policy, that as of the date of this
Notice, Puerto Rico Electric Power Authority, the issuer of the Bonds, has failed to provide to
the Trustee sufficient funds for payment in full of all principal and interest that is due for
payment on July 3, 2017, on the above-referenced Bonds. Accordingly, the Trustee hereby
notifies you of the deficiency and requests a payment under the above-referenced Insurance
Policy as set forth below:

INSURANCE POLICY NO.                    CA00122A

NOTICE/CLAIM DATE:                      June 28, 2017

AMOUNT OF DEFICIENCY
/CLAIMED AMOUNT:                        $21,742,215.63

AMOUNT OF DEFICIENCY
ALLOCABLE TO PRINCIPAL:                 $20,605,000.00

AMOUNT OF DEFICIENCY
ALLOCABLE TO INTEREST:                  $1,137,215.63

PURPOSE OF CLAIM:                       Payment of Debt Service on the Bonds on
                                        July 3, 2017

PAYMENT DUE DATE:                       July 3, 2017

Please deliver these funds on or before 11:30 A.M. Eastern Time on July 3, 2017, to the following instructions:

**U.S. Bank**
**800 Nicollet Mall**
**Minneapolis, MN 55402**
**U.S. BANK N.A.**
**ABA # 091000022**
**ACCT # 173103321092**
**Ref: PREPA (phone: 651-466-6089; 651-466-5869)**

Please feel free to contact me if you have any questions or require any additional information.

U.S. Bank National Association, as Trustee

By:
Name: Julie Becker
Title: Vice President
Phone: (651) 466-5869
E-mail: Julie.Becker@usbank.com

2

cc: **Syncora Guarantee Inc.**
135 W. 50th Street, 20th Floor
New York, NY 10020
Attention: Drew Hoffman

**My Chi To (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-Mail: mcto@debevoise.com

**Craig Bruens (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-Mail: cabruens@debevoise.com

**Elie Worenklein (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-mail: ejworenklein@debevoise.com

**Thomas Lopez (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-mail: tlopez@debevoise.com

3

## NOTICE OF CLAIM AND CERTIFICATE

**Syncora Guarantee Inc.**
135 W. 50th Street, 20th Floor
New York, NY 10020

The undersigned, a duly authorized officer of U.S. Bank National Association, in its capacity as trustee (in such capacity, the **"Trustee"**) for the bonds listed on Appendix I hereto (collectively, the **"Bonds"**), hereby certifies to Syncora Guarantee Inc. (**"Syncora"**) (formerly known as "XL Capital Assurance Inc.") under the Municipal Bond Insurance Policy No. **CA00122A** pursuant to the Agreement Regarding Bond Insurance with an Effective Date of January 1, 2002 (collectively, the **"Policy"**), issued in respect of the Bonds, as follows:

(i)    The Trustee is the successor Trustee under the Trust Agreement dated as of January 1, 1974, as amended and supplemented from time to time (the **"Trust Agreement"**), pursuant to which the above-referenced Bonds were issued by Puerto Rico Electric Power Authority (the **"Issuer"**), and is authorized to receive payments under the Policy and to distribute same to the registered holder(s) of the Bonds (the **"Holders"**).

(ii)   The Issuer has failed to provide the Trustee with sufficient funds for payment in full of all principal and interest due on the Bonds on July 3, 2017. The aggregate amount of principal due on the Bonds on July 3, 2017 (the **"Payment Date"**) is $20,605,000.00 (**"Scheduled Principal"**), and the aggregate amount of interest due on the Bonds on July 3, 2017 Payment Date is $1,137,215.63 (**"Scheduled Interest"**). The sum of all amounts on deposit (or scheduled to be on deposit) in the Sinking Fund and available for distribution to the registered Holders of the Bonds pursuant to the Trust Agreement will be $21,742,215.63 (such amount, the **"Shortfall"**) less than the Scheduled Principal and Scheduled Interest Due for Payment on the Bonds on July 3, 2017.

(iii)  The Trustee is hereby making a claim under the Policy for the Shortfall to be applied to the payment of Scheduled Principal and Scheduled Interest.

(iv)   The Trustee agrees that, following its receipt from Syncora of funds equal to the Shortfall, it shall in accordance with the Policy (a) hold such amounts in trust and apply the same to the payment of Scheduled Principal and Scheduled Interest on the Bonds in accordance with the Trust Agreement as soon as practicable (and on the Payment Date if received before 11:30 A.M. Eastern Time on the Payment Date); (b) not apply such funds for any other purpose; (c) not commingle such funds with other funds held by the Trustee, and (d) maintain an accurate record of such payments.

(v)    Subject to and conditioned upon payment by Syncora to the Trustee of sufficient funds to cover the Shortfall in the Scheduled Principal and Scheduled Interest due July 3, 2017, the Trustee, on behalf of the Holders, to the full extent

of its authority, hereby assigns to Syncora all rights, title and interest to the payment of that portion of Scheduled Principal and Scheduled Interest on the Bonds which is paid with the funds provided by Syncora under the Policy. The foregoing assignment is in addition to, and not in limitation of, rights of subrogation otherwise available to Syncora in respect of such payments. The Trustee shall take such action and deliver such instruments as may be reasonably requested or required by Syncora to effectuate the purpose or provisions of this clause (v) and as provided under the Policy.

(vi)    Syncora shall, to the extent it pays any Scheduled Principal and Scheduled Interest on the Bonds under the Policy, become subrogated to the rights, title and interest of the person or entity who is entitled to such payments in accordance with the terms of the Policy.

(vii) Payment of the Shortfall should be made by wire transfer on or before 11:30 A.M. Eastern Time on July 3, 2017, directed to:

**U.S. Bank
800 Nicollet Mall
Minneapolis, MN 55402
U.S. BANK N.A.
ABA # 091000022
ACCT # 173103321092
Ref: PREPA (phone: 651-466-6089; 651-466-5869)**

Unless the context otherwise requires, capitalized terms used in this Notice of Claim and Certificate and not defined herein shall have the meanings provided in the Policy.

IN WITNESS WHEREOF, the Trustee has executed and delivered this Notice of Claim and Certificate as of the 30th day of June, 2017.

U.S. Bank National Association, as Trustee

By _____

Name: Julie J. Becker

Title:    Vice President

2

## Appendix I

**Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series JJ, maturing on July 1, 2017 (CUSIP No.: 7452684W9)**

**Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series JJ, maturing on July 1, 2018 (CUSIP No.: 7452684X7)**

## ASSIGNMENT OF RIGHTS

### Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series JJ, maturing on July 1, 2017 (CUSIP No.: 7452684W9)

This Assignment of Rights dated as of September 5, 2017 is made pursuant to (a) the Agreement Regarding Bond Insurance, dated as of January 1, 2002 (the "Insurance Agreement"), by and between the Puerto Rico Electric Power Authority (the "Issuer") and U.S. Bank National Association, as successor trustee (in such capacity, the "Trustee") under the Trust Agreement dated as of January 1, 1974, as amended or supplemented from time to time (the "Trust Agreement"), and (b) the Municipal Bond Insurance Policy Number CA00122A (the "Policy") issued by Syncora Capital Assurance Inc. ("Syncora"), formerly known as XL Capital Assurance Inc., in respect of the above-referenced Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series JJ, maturing on July 1, 2017 (CUSIP No.: 7452684W9) (the "Bonds"). All capitalized terms used and not otherwise defined herein shall have the same respective meanings ascribed to them in the Policy or in the Insurance Agreement.

Attached hereto as **Exhibit I** are a Notice of Nonpayment and a related Notice of Claim and Certificate in the total amount of $21,742,215.63, which includes (a) $20,605,000.00 representing principal payable on the Bonds and (b) $553,759.38 representing interest payable on the Bonds (the amounts set forth in clauses (a) and (b), the "Insured Amount"), which became Due for Payment, and was paid by Syncora to the Trustee under the Policy, on July 3, 2017 (the "Payment Date").

Pursuant to the Insurance Agreement and the Policy, the Trustee, on behalf of the Owners and to the full extent of its authority under the Insurance Agreement and the Policy, hereby:

1. confirms the assignment of, and assigns to Syncora, with such assignment effective as of the Payment Date, all rights, title and interest of the Owners to and in respect of the payment of the Insured Amount by the Issuer, together with any interest accruing on the Bonds from and after the Payment Date pursuant to the terms of the Trust Agreement ("Future Interest"); *provided, however*, that nothing herein is intended to or shall be construed to limit, waive or affect any of the rights of the Owners to receive payment of the Insured Amount on the Payment Date from the funds paid by Syncora to the Trustee under the Policy;

2. agrees that, effective as of the Payment Date, Syncora shall be subrogated to all rights, title and interest of the Owners to and in respect of the payment of the Insured Amount by the Issuer, together with Future Interest;

3. agrees that the foregoing assignment and subrogation are in addition to, and not in limitation of, any rights (including, without limitation, rights of assignment and subrogation) otherwise available to Syncora in respect of the payment of the Insured Amount and Future Interest by the Issuer;

4. confirms that it has made a notation on the Bonds and/or in the bond register or other document of record that, effective as of the Payment Date, Syncora is the owner of, and is subrogated to, all rights, title and interest of the Owners to and in respect of the Insured Amount and Future Interest;

5. acknowledges that Syncora may exercise any option, vote, right, power or the like (including, without limitation, any such rights arising in the context of a bankruptcy, insolvency, liquidation or other reorganization of the Issuer) that Syncora may have with respect to the Bonds as a result of its payment of the Insured Amount; and

6. represents that it has full corporate power and authority to execute and deliver this Assignment of Rights.

Notwithstanding anything herein to the contrary, all rights, title and interest of the Owners and Syncora to and in respect of the Bonds and the Insured Amount, together with Future Interest, are subject to the terms of the Trust Agreement.

*[Remainder of page intentionally left blank]*

IN WITNESS WHEREOF, the Trustee has executed and delivered this Assignment of Rights as of this 5th day of September, 2017.

U.S. Bank National Association, as Trustee

By: _____

Name:   Julie J. Becker

Title:   Vice President

<u>Exhibit 1</u>
<u>Notice of Non-Payment and Related Notice of Claim and Certificate</u>



Corporate Trust Services
60 Livingston Avenue
EP-MN-WS1D
St. Paul, MN 55107

## NOTICE OF NON-PAYMENT
## (POLICY NO. CA00122A)

### June 28, 2017

BY TELEPHONE and VIA E-MAIL, FACSIMILE and CERTIFIED MAIL:

**Syncora Guarantee Inc.**
135 W. 50th Street, 20th Floor
New York, NY 10020
Fax: (212) 478-3587
Tel: (212) 478-3497 (Michael Koegler)
    (212) 478-3494 (Rachel Benaroya)
    (212) 478-3485 (Fred Hnat)
E-Mail:  Michael.Koegler@scafg.com
      Rachel.Benaroya@scafg.com
      Fred.Hnat@scafg.com
Attention: Surveillance, Michael Koegler, Rachel Benaroya, and Fred Hnat

Re:   **Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series JJ,
maturing on July 1, 2017 (CUSIP No.: 7452684W9)**

     **Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series JJ,
maturing on July 1, 2018 (CUSIP No.: 7452684X7)**

     **(collectively, the "Bonds")**

     **(Policy No. CA00122A)**

U.S. Bank National Association, in its capacity as trustee for the above-referenced Bonds (in such capacity, the "Trustee"), hereby notifies Syncora Guarantee Inc., formerly known as XL Capital Assurance Inc., under the above-referenced Insurance Policy, that as of the date of this Notice, Puerto Rico Electric Power Authority, the issuer of the Bonds, has failed to provide to the Trustee sufficient funds for payment in full of all principal and interest that is due for payment on July 3, 2017, on the above-referenced Bonds. Accordingly, the Trustee hereby notifies you of the deficiency and requests a payment under the above-referenced Insurance Policy as set forth below:

INSURANCE POLICY NO.                          CA00122A

NOTICE/CLAIM DATE:                            June 28, 2017

AMOUNT OF DEFICIENCY
/CLAIMED AMOUNT:                              $21,742,215.63

AMOUNT OF DEFICIENCY
ALLOCABLE TO PRINCIPAL:                       $20,605,000.00

AMOUNT OF DEFICIENCY
ALLOCABLE TO INTEREST:                        $1,137,215.63

PURPOSE OF CLAIM:                             Payment of Debt Service on the Bonds on
                                              July 3, 2017

PAYMENT DUE DATE:                             July 3, 2017

Please deliver these funds on or before 11:30 A.M. Eastern Time on July 3, 2017, to the
following instructions:

**U.S. Bank**
**800 Nicollet Mall**
**Minneapolis, MN 55402**
**U.S. BANK N.A.**
**ABA # 091000022**
**ACCT # 173103321092**
**Ref: PREPA (phone: 651-466-6089; 651-466-5869)**

Please feel free to contact me if you have any questions or require any additional information.

U.S. Bank National Association, as Trustee

By:
Name: Julie Becker
Title: Vice President
Phone: (651) 466-5869
E-mail: Julie.Becker@usbank.com

2

cc: **Syncora Guarantee Inc.**
135 W. 50th Street, 20th Floor
New York, NY 10020
Attention: Drew Hoffman

**My Chi To (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-Mail: mcto@debevoise.com

**Craig Bruens (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-Mail: cabruens@debevoise.com

**Elie Worenklein (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-mail: ejworenklein@debevoise.com

**Thomas Lopez (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-mail: tlopez@debevoise.com

3

## NOTICE OF CLAIM AND CERTIFICATE

**Syncora Guarantee Inc.**
135 W. 50th Street, 20th Floor
New York, NY 10020

The undersigned, a duly authorized officer of U.S. Bank National Association, in its capacity as trustee (in such capacity, the "**Trustee**") for the bonds listed on Appendix I hereto (collectively, the "**Bonds**"), hereby certifies to Syncora Guarantee Inc. ("**Syncora**") (formerly known as "XL Capital Assurance Inc.") under the Municipal Bond Insurance Policy No. **CA00122A** pursuant to the Agreement Regarding Bond Insurance with an Effective Date of January 1, 2002 (collectively, the "**Policy**"), issued in respect of the Bonds, as follows:

(i)     The Trustee is the successor Trustee under the Trust Agreement dated as of January 1, 1974, as amended and supplemented from time to time (the "**Trust Agreement**"), pursuant to which the above-referenced Bonds were issued by Puerto Rico Electric Power Authority (the "**Issuer**"), and is authorized to receive payments under the Policy and to distribute same to the registered holder(s) of the Bonds (the "**Holders**").

(ii)    The Issuer has failed to provide the Trustee with sufficient funds for payment in full of all principal and interest due on the Bonds on July 3, 2017. The aggregate amount of principal due on the Bonds on July 3, 2017 (the "**Payment Date**") is $20,605,000.00 ("**Scheduled Principal**"), and the aggregate amount of interest due on the Bonds on July 3, 2017 Payment Date is $1,137,215.63 ("**Scheduled Interest**"). The sum of all amounts on deposit (or scheduled to be on deposit) in the Sinking Fund and available for distribution to the registered Holders of the Bonds pursuant to the Trust Agreement will be $21,742,215.63 (such amount, the "**Shortfall**") less than the Scheduled Principal and Scheduled Interest Due for Payment on the Bonds on July 3, 2017.

(iii)   The Trustee is hereby making a claim under the Policy for the Shortfall to be applied to the payment of Scheduled Principal and Scheduled Interest.

(iv)    The Trustee agrees that, following its receipt from Syncora of funds equal to the Shortfall, it shall in accordance with the Policy (a) hold such amounts in trust and apply the same to the payment of Scheduled Principal and Scheduled Interest on the Bonds in accordance with the Trust Agreement as soon as practicable (and on the Payment Date if received before 11:30 A.M. Eastern Time on the Payment Date); (b) not apply such funds for any other purpose; (c) not commingle such funds with other funds held by the Trustee, and (d) maintain an accurate record of such payments.

(v)     Subject to and conditioned upon payment by Syncora to the Trustee of sufficient funds to cover the Shortfall in the Scheduled Principal and Scheduled Interest due July 3, 2017, the Trustee, on behalf of the Holders, to the full extent

of its authority, hereby assigns to Syncora all rights, title and interest to the payment of that portion of Scheduled Principal and Scheduled Interest on the Bonds which is paid with the funds provided by Syncora under the Policy. The foregoing assignment is in addition to, and not in limitation of, rights of subrogation otherwise available to Syncora in respect of such payments. The Trustee shall take such action and deliver such instruments as may be reasonably requested or required by Syncora to effectuate the purpose or provisions of this clause (v) and as provided under the Policy.

(vi)     Syncora shall, to the extent it pays any Scheduled Principal and Scheduled Interest on the Bonds under the Policy, become subrogated to the rights, title and interest of the person or entity who is entitled to such payments in accordance with the terms of the Policy.

(vii) Payment of the Shortfall should be made by wire transfer on or before 11:30 A.M. Eastern Time on July 3, 2017, directed to:

**U.S. Bank**
**800 Nicollet Mall**
**Minneapolis, MN 55402**
**U.S. BANK N.A.**
**ABA # 091000022**
**ACCT # 173103321092**
**Ref: PREPA (phone: 651-466-6089; 651-466-5869)**

Unless the context otherwise requires, capitalized terms used in this Notice of Claim and Certificate and not defined herein shall have the meanings provided in the Policy.

IN WITNESS WHEREOF, the Trustee has executed and delivered this Notice of Claim and Certificate as of the 30th day of June, 2017.

U.S. Bank National Association, as Trustee

By
Name: Julie J. Becker
Title:  Vice President

2

## <u>Appendix I</u>

**Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series JJ, maturing on July 1, 2017 (CUSIP No.: 7452684W9)**

**Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series JJ, maturing on July 1, 2018 (CUSIP No.: 7452684X7)**

## ASSIGNMENT OF RIGHTS

### Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series QQ, maturing on July 1, 2018 (CUSIP No.: 74526QCU4)

This Assignment of Rights dated as of September 5, 2017 is made pursuant to (a) the Agreement Regarding Bond Insurance, dated as of January 1, 2002 (the "Insurance Agreement"), by and between the Puerto Rico Electric Power Authority (the "Issuer") and U.S. Bank National Association, as successor trustee (in such capacity, the "Trustee") under the Trust Agreement dated as of January 1, 1974, as amended or supplemented from time to time (the "Trust Agreement"), and (b) the Municipal Bond Insurance Policy Number CA01847A (the "Policy") issued by Syncora Capital Assurance Inc. ("Syncora"), formerly known as XL Capital Assurance Inc., in respect of the above-referenced Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series QQ, maturing on July 1, 2018 (CUSIP No.: 74526QCU4) (the "Bonds"). All capitalized terms used and not otherwise defined herein shall have the same respective meanings ascribed to them in the Policy or in the Insurance Agreement.

Attached hereto as **Exhibit I** are a Notice of Nonpayment and a related Notice of Claim and Certificate in the total amount of $18,166,850.00, which includes $498,987.50 representing interest payable on the Bonds (the "Insured Interest Amount"), which became Due for Payment, and was paid by Syncora to the Trustee under the Policy, on July 3, 2017 (the "Payment Date").

Pursuant to the Insurance Agreement and the Policy, the Trustee, on behalf of the Owners and to the full extent of its authority under the Insurance Agreement and the Policy, hereby:

1. confirms the assignment of, and assigns to Syncora, with such assignment effective as of the Payment Date, all rights, title and interest of the Owners to and in respect of the payment of the Insured Interest Amount by the Issuer; *provided, however,* that nothing herein is intended to or shall be construed to limit, waive or affect any of the rights of the Owners to receive payment of the Insured Interest Amount on the Payment Date from the funds paid by Syncora to the Trustee under the Policy; *and provided further* that nothing herein is intended to or shall be construed to limit, waive, or affect any of the rights of the Owners to receive payments on the Bonds (other than with respect to the Insured Interest Amount) pursuant to the terms of the Trust Agreement, the Insurance Agreement and the Policy, including, without limitation, interest accruing on the Bonds from and after the Payment Date pursuant to the terms of the Trust Agreement;

2. agrees that, effective as of the Payment Date, Syncora shall be subrogated to all rights, title and interest of the Owners to and in respect of the payment of the Insured Interest Amount by the Issuer;

3. agrees that the foregoing assignment and subrogation are in addition to, and not in limitation of, any rights (including, without limitation, rights of assignment and subrogation) otherwise available to Syncora in respect of the payment of the Insured Interest Amount by the Issuer;

4. confirms that it has made a notation on the Bonds and/or in the bond register or other document of record that, effective as of the Payment Date, Syncora is the owner of, and is subrogated to, all rights, title and interest of the Owners to and in respect of the Insured Interest Amount;

5. acknowledges that Syncora may exercise any option, vote, right, power or the like (including, without limitation, any such rights arising in the context of a bankruptcy, insolvency, liquidation or other reorganization of the Issuer) that Syncora may have with respect to the Bonds as a result of its payment of the Insured Interest Amount; and

6. represents that it has full corporate power and authority to execute and deliver this Assignment of Rights.

Notwithstanding anything herein to the contrary, all rights, title and interest of the Owners and Syncora to and in respect of the Insured Interest Amount are subject to the terms of the Trust Agreement.

*[Remainder of page intentionally left blank]*

IN WITNESS WHEREOF, the Trustee has executed and delivered this Assignment of Rights as of this 5th day of September, 2017.

U.S. Bank National Association, as Trustee

By: _____

Name: _____Julie J. Becker_____

Title: _____Vice President_____

**Exhibit 1**
**Notice of Non-Payment and Related Notice of Claim and Certificate**



Corporate Trust Services
60 Livingston Avenue
EP-MN-WS1D
St. Paul, MN 55107

## NOTICE OF NON-PAYMENT
## (POLICY NO. CA01847A)

### June 28, 2017

BY TELEPHONE and VIA E-MAIL, FACSIMILE and CERTIFIED MAIL:

**Syncora Guarantee Inc.**
135 W. 50th Street, 20th Floor
New York, NY 10020
Fax: (212) 478-3587
Tel: (212) 478-3497 (Michael Koegler)
    (212) 478-3494 (Rachel Benaroya)
    (212) 478-3485 (Fred Hnat)
E-Mail:  Michael.Koegler@scafg.com
      Rachel.Benaroya@scafg.com
      Fred.Hnat@scafg.com
Attention: Surveillance, Michael Koegler, Rachel Benaroya, and Fred Hnat

Re:    **Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series QQ, maturing on July 1, 2017 (CUSIP No.: 74526QCT7)**

       **Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series QQ, maturing on July 1, 2018 (CUSIP No.: 74526QCU4)**

       **(collectively, the "Bonds")**

       **(Policy No. CA01847A)**

U.S. Bank National Association, in its capacity as trustee for the above-referenced Bonds (in such capacity, the "Trustee"), hereby notifies Syncora Guarantee Inc., formerly known as XL Capital Assurance Inc., under the above-referenced Insurance Policy, that as of the date of this Notice, Puerto Rico Electric Power Authority, the issuer of the Bonds, has failed to provide to the Trustee sufficient funds for payment in full of all principal and interest that is due for payment on July 3, 2017, on the above-referenced Bonds. Accordingly, the Trustee hereby notifies you of the deficiency and requests a payment under the above-referenced Insurance Policy as set forth below:

INSURANCE POLICY NO.                CA01847A

NOTICE/CLAIM DATE:                          June 28, 2017

AMOUNT OF DEFICIENCY
/CLAIMED AMOUNT:                            $18,166,850.00

AMOUNT OF DEFICIENCY
ALLOCABLE TO PRINCIPAL:                     $17,195,000.00

AMOUNT OF DEFICIENCY
ALLOCABLE TO INTEREST:                      $971,850.00

PURPOSE OF CLAIM:                           Payment of Debt Service on the Bonds on
                                            July 3, 2017

PAYMENT DUE DATE:                           July 3, 2017

Please deliver these funds on or before 11:30 A.M. Eastern Time on July 3, 2017, to the
following instructions:

### U.S. Bank
### 800 Nicollet Mall
### Minneapolis, MN 55402
### U.S. BANK N.A.
### ABA # 091000022
### ACCT # 173103321092
### Ref: PREPA (phone: 651-466-6089; 651-466-5869)

Please feel free to contact me if you have any questions or require any additional information.

U.S. Bank National Association, as Trustee

By:
Name: Julie Becker
Title:   Vice President
Phone: (651) 466-5869
E-mail: Julie.Becker@usbank.com

cc:     **Syncora Guarantee Inc.**
        135 W. 50th Street, 20th Floor
        New York, NY 10020
        Attention: Drew Hoffman

2

**My Chi To (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-Mail: mcto@debevoise.com

**Craig Bruens (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-Mail: cabruens@debevoise.com

**Elie Worenklein (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-mail: ejworenklein@debevoise.com

**Thomas Lopez (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-mail: tlopez@debevoise.com

## NOTICE OF CLAIM AND CERTIFICATE

**Syncora Guarantee Inc.**
135 W. 50th Street, 20th Floor
New York, NY 10020

The undersigned, a duly authorized officer of U.S. Bank National Association, in its capacity as trustee (in such capacity, the "**Trustee**") for the bonds listed on Appendix I hereto (collectively, the "**Bonds**"), hereby certifies to Syncora Guarantee Inc. ("**Syncora**") (formerly known as "XL Capital Assurance Inc.") under the Municipal Bond Insurance Policy No. **CA01847A** pursuant to the Agreement Regarding Bond Insurance with an Effective Date of April 4, 2005 (collectively, the "**Policy**"), issued in respect of the Bonds, as follows:

(i)     The Trustee is the successor Trustee under the Trust Agreement dated as of January 1, 1974, as amended and supplemented from time to time (the "**Trust Agreement**"), pursuant to which the above-referenced Bonds were issued by Puerto Rico Electric Power Authority (the "**Issuer**"), and is authorized to receive payments under the Policy and to distribute same to the registered holder(s) of the Bonds (the "**Holders**").

(ii)    The Issuer has failed to provide the Trustee with sufficient funds for payment in full of all principal and interest due on the Bonds on July 3, 2017. The aggregate amount of principal due on the Bonds on July 3, 2017 (the "**Payment Date**") is $17,195,000.00 ("**Scheduled Principal**"), and the aggregate amount of interest due on the Bonds on July 3, 2017 Payment Date is $971,850.00 ("**Scheduled Interest**"). The sum of all amounts on deposit (or scheduled to be on deposit) in the Sinking Fund and available for distribution to the registered Holders of the Bonds pursuant to the Trust Agreement will be $18,166,850.00 (such amount, the "**Shortfall**") less than the Scheduled Principal and Scheduled Interest Due for Payment on the Bonds on July 3, 2017.

(iii)   The Trustee is hereby making a claim under the Policy for the Shortfall to be applied to the payment of Scheduled Principal and Scheduled Interest.

(iv)    The Trustee agrees that, following its receipt from Syncora of funds equal to the Shortfall, it shall in accordance with the Policy (a) hold such amounts in trust and apply the same to the payment of Scheduled Principal and Scheduled Interest on the Bonds in accordance with the Trust Agreement as soon as practicable (and on the Payment Date if received before 11:30 A.M. Eastern Time on the Payment Date); (b) not apply such funds for any other purpose; (c) not commingle such funds with other funds held by the Trustee, and (d) maintain an accurate record of such payments.

(v)     Subject to and conditioned upon payment by Syncora to the Trustee of sufficient funds to cover the Shortfall in the Scheduled Principal and Scheduled Interest due July 3, 2017, the Trustee, on behalf of the Holders, to the full extent

of its authority, hereby assigns to Syncora all rights, title and interest to the payment of that portion of Scheduled Principal and Scheduled Interest on the Bonds which is paid with the funds provided by Syncora under the Policy. The foregoing assignment is in addition to, and not in limitation of, rights of subrogation otherwise available to Syncora in respect of such payments. The Trustee shall take such action and deliver such instruments as may be reasonably requested or required by Syncora to effectuate the purpose or provisions of this clause (v) and as provided under the Policy.

(vi)   Syncora shall, to the extent it pays any Scheduled Principal and Scheduled Interest on the Bonds under the Policy, become subrogated to the rights, title and interest of the person or entity who is entitled to such payments in accordance with the terms of the Policy.

(vii) Payment of the Shortfall should be made by wire transfer on or before 11:30 A.M. Eastern Time on July 3, 2017, directed to:

**U.S. Bank**
**800 Nicollet Mall**
**Minneapolis, MN 55402**
**U.S. BANK N.A.**
**ABA # 091000022**
**ACCT # 173103321092**
**Ref: PREPA (phone: 651-466-6089; 651-466-5869)**

Unless the context otherwise requires, capitalized terms used in this Notice of Claim and Certificate and not defined herein shall have the meanings provided in the Policy.

IN WITNESS WHEREOF, the Trustee has executed and delivered this Notice of Claim and Certificate as of the 30th day of June, 2017.

U.S. Bank National Association, as Trustee

By
Name: Julie J. Becker
Title:   Vice President

2

## Appendix I

**Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series QQ,
maturing on July 1, 2017 (CUSIP No.: 74526QCT7)**

**Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series QQ,
maturing on July 1, 2018 (CUSIP No.: 74526QCU4)**

## ASSIGNMENT OF RIGHTS

### Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series QQ, maturing on July 1, 2017 (CUSIP No.: 74526QCT7)

This Assignment of Rights dated as of September 5, 2017 is made pursuant to (a) the Agreement Regarding Bond Insurance, dated as of January 1, 2002 (the "Insurance Agreement"), by and between the Puerto Rico Electric Power Authority (the "Issuer") and U.S. Bank National Association, as successor trustee (in such capacity, the "Trustee") under the Trust Agreement dated as of January 1, 1974, as amended or supplemented from time to time (the "Trust Agreement"), and (b) the Municipal Bond Insurance Policy Number CA01847A (the "Policy") issued by Syncora Capital Assurance Inc. ("Syncora"), formerly known as XL Capital Assurance Inc., in respect of the above-referenced Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series QQ, maturing on July 1, 2017 (CUSIP No.: 74526QCT7) (the "Bonds"). All capitalized terms used and not otherwise defined herein shall have the same respective meanings ascribed to them in the Policy or in the Insurance Agreement.

Attached hereto as **Exhibit I** are a Notice of Nonpayment and a related Notice of Claim and Certificate in the total amount of $18,166,850.00, which includes (a) $17,195,000.00 representing principal payable on the Bonds and (b) $472,862.50 representing interest payable on the Bonds (the amounts set forth in clauses (a) and (b), the "Insured Amount"), which became Due for Payment, and was paid by Syncora to the Trustee under the Policy, on July 3, 2017 (the "Payment Date").

Pursuant to the Insurance Agreement and the Policy, the Trustee, on behalf of the Owners and to the full extent of its authority under the Insurance Agreement and the Policy, hereby:

1. confirms the assignment of, and assigns to Syncora, with such assignment effective as of the Payment Date, all rights, title and interest of the Owners to and in respect of the payment of the Insured Amount by the Issuer, together with any interest accruing on the Bonds from and after the Payment Date pursuant to the terms of the Trust Agreement ("Future Interest"); *provided, however*, that nothing herein is intended to or shall be construed to limit, waive or affect any of the rights of the Owners to receive payment of the Insured Amount on the Payment Date from the funds paid by Syncora to the Trustee under the Policy;

2. agrees that, effective as of the Payment Date, Syncora shall be subrogated to all rights, title and interest of the Owners to and in respect of the payment of the Insured Amount by the Issuer, together with Future Interest;

3. agrees that the foregoing assignment and subrogation are in addition to, and not in limitation of, any rights (including, without limitation, rights of assignment and subrogation) otherwise available to Syncora in respect of the payment of the Insured Amount and Future Interest by the Issuer;

4. confirms that it has made a notation on the Bonds and/or in the bond register or other document of record that, effective as of the Payment Date, Syncora is the owner of, and is subrogated to, all rights, title and interest of the Owners to and in respect of the Insured Amount and Future Interest;

5. acknowledges that Syncora may exercise any option, vote, right, power or the like (including, without limitation, any such rights arising in the context of a bankruptcy, insolvency, liquidation or other reorganization of the Issuer) that Syncora may have with respect to the Bonds as a result of its payment of the Insured Amount; and

6. represents that it has full corporate power and authority to execute and deliver this Assignment of Rights.

Notwithstanding anything herein to the contrary, all rights, title and interest of the Owners and Syncora to and in respect of the Bonds and the Insured Amount, together with Future Interest, are subject to the terms of the Trust Agreement.

*[Remainder of page intentionally left blank]*

IN WITNESS WHEREOF, the Trustee has executed and delivered this Assignment of Rights as of this 5th day of September, 2017.

U.S. Bank National Association, as Trustee

By: _____

Name: Julie J. Becker

Title: Vice President

**Exhibit 1**
**Notice of Non-Payment and Related Notice of Claim and Certificate**



Corporate Trust Services
60 Livingston Avenue
EP-MN-WS1D
St. Paul, MN 55107

## NOTICE OF NON-PAYMENT
## (POLICY NO. CA01847A)

### June 28, 2017

BY TELEPHONE and VIA E-MAIL, FACSIMILE and CERTIFIED MAIL:

**Syncora Guarantee Inc.**
135 W. 50th Street, 20th Floor
New York, NY 10020
Fax: (212) 478-3587
Tel: (212) 478-3497 (Michael Koegler)
    (212) 478-3494 (Rachel Benaroya)
    (212) 478-3485 (Fred Hnat)
E-Mail: Michael.Koegler@scafg.com
    Rachel.Benaroya@scafg.com
    Fred.Hnat@scafg.com
Attention: Surveillance, Michael Koegler, Rachel Benaroya, and Fred Hnat

Re: **Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series QQ, maturing on July 1, 2017 (CUSIP No.: 74526QCT7)**

    **Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series QQ, maturing on July 1, 2018 (CUSIP No.: 74526QCU4)**

    **(collectively, the "Bonds")**

    **(Policy No. CA01847A)**

U.S. Bank National Association, in its capacity as trustee for the above-referenced Bonds (in such capacity, the "Trustee"), hereby notifies Syncora Guarantee Inc., formerly known as XL Capital Assurance Inc., under the above-referenced Insurance Policy, that as of the date of this Notice, Puerto Rico Electric Power Authority, the issuer of the Bonds, has failed to provide to the Trustee sufficient funds for payment in full of all principal and interest that is due for payment on July 3, 2017, on the above-referenced Bonds. Accordingly, the Trustee hereby notifies you of the deficiency and requests a payment under the above-referenced Insurance Policy as set forth below:

INSURANCE POLICY NO.                CA01847A

NOTICE/CLAIM DATE:                        June 28, 2017

AMOUNT OF DEFICIENCY
/CLAIMED AMOUNT:                    $18,166,850.00

AMOUNT OF DEFICIENCY
ALLOCABLE TO PRINCIPAL:        $17,195,000.00

AMOUNT OF DEFICIENCY
ALLOCABLE TO INTEREST:         $971,850.00

PURPOSE OF CLAIM:                 Payment of Debt Service on the Bonds on
July 3, 2017

PAYMENT DUE DATE:                July 3, 2017

Please deliver these funds on or before 11:30 A.M. Eastern Time on July 3, 2017, to the
following instructions:

**U.S. Bank
800 Nicollet Mall
Minneapolis, MN 55402
U.S. BANK N.A.
ABA # 091000022
ACCT # 173103321092
Ref: PREPA (phone: 651-466-6089; 651-466-5869)**

Please feel free to contact me if you have any questions or require any additional information.

U.S. Bank National Association, as Trustee

By:
Name: Julie Becker
Title: Vice President
Phone: (651) 466-5869
E-mail: Julie.Becker@usbank.com

cc:     **Syncora Guarantee Inc.**
135 W. 50th Street, 20th Floor
New York, NY 10020
Attention: Drew Hoffman

2

**My Chi To (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-Mail: mcto@debevoise.com

**Craig Bruens (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-Mail: cabruens@debevoise.com

**Elie Worenklein (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-mail: ejworenklein@debevoise.com

**Thomas Lopez (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-mail: tlopez@debevoise.com

## NOTICE OF CLAIM AND CERTIFICATE

**Syncora Guarantee Inc.**
135 W. 50th Street, 20th Floor
New York, NY 10020

The undersigned, a duly authorized officer of U.S. Bank National Association, in its capacity as trustee (in such capacity, the "**Trustee**") for the bonds listed on Appendix I hereto (collectively, the "**Bonds**"), hereby certifies to Syncora Guarantee Inc. ("**Syncora**") (formerly known as "XL Capital Assurance Inc.") under the Municipal Bond Insurance Policy No. **CA01847A** pursuant to the Agreement Regarding Bond Insurance with an Effective Date of April 4, 2005 (collectively, the "**Policy**"), issued in respect of the Bonds, as follows:

(i)     The Trustee is the successor Trustee under the Trust Agreement dated as of January 1, 1974, as amended and supplemented from time to time (the "**Trust Agreement**"), pursuant to which the above-referenced Bonds were issued by Puerto Rico Electric Power Authority (the "**Issuer**"), and is authorized to receive payments under the Policy and to distribute same to the registered holder(s) of the Bonds (the "**Holders**").

(ii)     The Issuer has failed to provide the Trustee with sufficient funds for payment in full of all principal and interest due on the Bonds on July 3, 2017. The aggregate amount of principal due on the Bonds on July 3, 2017 (the "**Payment Date**") is $17,195,000.00 ("**Scheduled Principal**"), and the aggregate amount of interest due on the Bonds on July 3, 2017 Payment Date is $971,850.00 ("**Scheduled Interest**"). The sum of all amounts on deposit (or scheduled to be on deposit) in the Sinking Fund and available for distribution to the registered Holders of the Bonds pursuant to the Trust Agreement will be $18,166,850.00 (such amount, the "**Shortfall**") less than the Scheduled Principal and Scheduled Interest Due for Payment on the Bonds on July 3, 2017.

(iii)     The Trustee is hereby making a claim under the Policy for the Shortfall to be applied to the payment of Scheduled Principal and Scheduled Interest.

(iv)     The Trustee agrees that, following its receipt from Syncora of funds equal to the Shortfall, it shall in accordance with the Policy (a) hold such amounts in trust and apply the same to the payment of Scheduled Principal and Scheduled Interest on the Bonds in accordance with the Trust Agreement as soon as practicable (and on the Payment Date if received before 11:30 A.M. Eastern Time on the Payment Date); (b) not apply such funds for any other purpose; (c) not commingle such funds with other funds held by the Trustee, and (d) maintain an accurate record of such payments.

(v)     Subject to and conditioned upon payment by Syncora to the Trustee of sufficient funds to cover the Shortfall in the Scheduled Principal and Scheduled Interest due July 3, 2017, the Trustee, on behalf of the Holders, to the full extent

of its authority, hereby assigns to Syncora all rights, title and interest to the payment of that portion of Scheduled Principal and Scheduled Interest on the Bonds which is paid with the funds provided by Syncora under the Policy. The foregoing assignment is in addition to, and not in limitation of, rights of subrogation otherwise available to Syncora in respect of such payments. The Trustee shall take such action and deliver such instruments as may be reasonably requested or required by Syncora to effectuate the purpose or provisions of this clause (v) and as provided under the Policy.

(vi)     Syncora shall, to the extent it pays any Scheduled Principal and Scheduled Interest on the Bonds under the Policy, become subrogated to the rights, title and interest of the person or entity who is entitled to such payments in accordance with the terms of the Policy.

(vii) Payment of the Shortfall should be made by wire transfer on or before 11:30 A.M. Eastern Time on July 3, 2017, directed to:

**U.S. Bank**
**800 Nicollet Mall**
**Minneapolis, MN 55402**
**U.S. BANK N.A.**
**ABA # 091000022**
**ACCT # 173103321092**
**Ref: PREPA (phone: 651-466-6089; 651-466-5869)**

Unless the context otherwise requires, capitalized terms used in this Notice of Claim and Certificate and not defined herein shall have the meanings provided in the Policy.

IN WITNESS WHEREOF, the Trustee has executed and delivered this Notice of Claim and Certificate as of the 30th day of June, 2017.

U.S. Bank National Association, as Trustee

By _____

Name: Julie J. Becker

Title: Vice President

2

## Appendix I

**Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series QQ,
maturing on July 1, 2017 (CUSIP No.: 74526QCT7)**

**Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series QQ,
maturing on July 1, 2018 (CUSIP No.: 74526QCU4)**

## ASSIGNMENT OF RIGHTS

### Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series RR, maturing on July 1, 2025 (CUSIP No.: 74526QDE9)

### Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series RR, maturing on July 1, 2026 (CUSIP No.: 74526QDF6)

### Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series RR, maturing on July 1, 2027 (CUSIP No.: 74526QDG4)

This Assignment of Rights dated as of September 5, 2017 is made pursuant to (a) the Agreement Regarding Bond Insurance, dated as of January 1, 2002 (the "Insurance Agreement"), by and between the Puerto Rico Electric Power Authority (the "Issuer") and U.S. Bank National Association, as successor trustee (in such capacity, the "Trustee") under the Trust Agreement dated as of January 1, 1974, as amended or supplemented from time to time (the "Trust Agreement"), and (b) the Municipal Bond Insurance Policy Number CA01848A (the "Policy") issued by Syncora Capital Assurance Inc. ("Syncora"), formerly known as XL Capital Assurance Inc., in respect of the above-referenced Puerto Rico Electric Power Authority Power Revenue Refunding Bonds, Series RR, maturing on July 1, 2025 (CUSIP No.: 74526QDE9), July 1, 2026 (CUSIP No.: 74526QDF6) and July 1, 2027 (CUSIP No.: 74526QDG4) (collectively, the "Bonds"). All capitalized terms used and not otherwise defined herein shall have the same respective meanings ascribed to them in the Policy or in the Insurance Agreement.

Attached hereto as **Exhibit I** are a Notice of Nonpayment and a related Notice of Claim and Certificate in the total amount of $2,159,625.00, representing interest payable on the Bonds (the "Insured Interest Amount"), which became Due for Payment, and was paid by Syncora to the Trustee under the Policy, on July 3, 2017 (the "Payment Date").

Pursuant to the Insurance Agreement and the Policy, the Trustee, on behalf of the Owners and to the full extent of its authority under the Insurance Agreement and the Policy, hereby:

1. confirms the assignment of, and assigns to Syncora, with such assignment effective as of the Payment Date, all rights, title and interest of the Owners to and in respect of the payment of the Insured Interest Amount by the Issuer; *provided, however,* that nothing herein is intended to or shall be construed to limit, waive or affect any of the rights of the Owners to receive payment of the Insured Interest Amount on the Payment Date from the funds paid by Syncora to the Trustee under the Policy; *and provided further* that nothing herein is intended to or shall be construed to limit, waive, or affect any of the rights of the Owners to receive payments on the Bonds (other than with respect to the Insured Interest Amount) pursuant to the terms of the Trust Agreement, the Insurance Agreement and the Policy, including, without limitation, interest accruing on the Bonds from and after the Payment Date pursuant to the terms of the Trust Agreement;

2. agrees that, effective as of the Payment Date, Syncora shall be subrogated to all rights, title and interest of the Owners to and in respect of the payment of the Insured Interest Amount by the Issuer;

3. agrees that the foregoing assignment and subrogation are in addition to, and not in limitation of, any rights (including, without limitation, rights of assignment and subrogation) otherwise available to Syncora in respect of the payment of the Insured Interest Amount by the Issuer;

4. confirms that it has made a notation on the Bonds and/or in the bond register or other document of record that, effective as of the Payment Date, Syncora is the owner of, and is subrogated to, all rights, title and interest of the Owners to and in respect of the Insured Interest Amount;

5. acknowledges that Syncora may exercise any option, vote, right, power or the like (including, without limitation, any such rights arising in the context of a bankruptcy, insolvency, liquidation or other reorganization of the Issuer) that Syncora may have with respect to the Bonds as a result of its payment of the Insured Interest Amount; and

6. represents that it has full corporate power and authority to execute and deliver this Assignment of Rights.

Notwithstanding anything herein to the contrary, all rights, title and interest of the Owners and Syncora to and in respect of the Insured Interest Amount are subject to the terms of the Trust Agreement.

*[Remainder of page intentionally left blank]*

IN WITNESS WHEREOF, the Trustee has executed and delivered this Assignment of Rights as of this 5th day of September, 2017.

U.S. Bank National Association, as Trustee

By: _____

Name:   Julie L. Becker

Title:   Vice President

**Exhibit 1**
**Notice of Non-Payment and Related Notice of Claim and Certificate**



Corporate Trust Services
60 Livingston Avenue
EP-MN-WS1D
St. Paul, MN 55107

## NOTICE OF NON-PAYMENT
## (POLICY NO. CA01848A)

### June 28, 2017

BY TELEPHONE and VIA E-MAIL, FACSIMILE and CERTIFIED MAIL:

**Syncora Guarantee Inc.**
135 W. 50th Street, 20th Floor
New York, NY 10020
Fax: (212) 478-3587
Tel: (212) 478-3497 (Michael Koegler)
    (212) 478-3494 (Rachel Benaroya)
    (212) 478-3485 (Fred Hnat)
E-Mail:  Michael.Koegler@scafg.com
        Rachel.Benaroya@scafg.com
        Fred.Hnat@scafg.com
Attention: Surveillance, Michael Koegler, Rachel Benaroya, and Fred Hnat

Re:   **Puerto Rico Electric Power Authority Power Revenue Bonds, Series RR, maturing
      on July 1, 2025 (CUSIP No.: 74526QDE9)**

      **Puerto Rico Electric Power Authority Power Revenue Bonds, Series RR, maturing
      on July 1, 2026 (CUSIP No.: 74526QDF6)**

      **Puerto Rico Electric Power Authority Power Revenue Bonds, Series RR, maturing
      on July 1, 2027 (CUSIP No.: 74526QDG4)**

      **(collectively, the "Bonds")**

      **(Policy No. CA01848A)**

U.S. Bank National Association, in its capacity as trustee for the above-referenced Bonds (in
such capacity, the "Trustee"), hereby notifies Syncora Guarantee Inc., formerly known as XL
Capital Assurance Inc., under the above-referenced Insurance Policy, that as of the date of this
Notice, Puerto Rico Electric Power Authority, the issuer of the Bonds, has failed to provide to
the Trustee sufficient funds for payment in full of all interest that is due for payment on July 3,
2017, on the above-referenced Bonds. Accordingly, the Trustee hereby notifies you of the
deficiency and requests a payment under the above-referenced Insurance Policy as set forth
below:

INSURANCE POLICY NO.                    CA01848A

NOTICE/CLAIM DATE:                     June 28, 2017

AMOUNT OF DEFICIENCY
/CLAIMED AMOUNT:                       $2,159,625.00

AMOUNT OF DEFICIENCY
ALLOCABLE TO PRINCIPAL:                $0

AMOUNT OF DEFICIENCY
ALLOCABLE TO INTEREST:                 $2,159,625.00

PURPOSE OF CLAIM:                      Payment of Debt Service on the Bonds on
                                       July 3, 2017

PAYMENT DUE DATE:                      July 3, 2017

Please deliver these funds on or before 11:30 A.M. Eastern Time on July 3, 2017, to the following instructions:

**U.S. Bank**
**800 Nicollet Mall**
**Minneapolis, MN 55402**
**U.S. BANK N.A.**
**ABA # 091000022**
**ACCT # 173103321092**
**Ref: PREPA (phone: 651-466-6089; 651-466-5869)**

Please feel free to contact me if you have any questions or require any additional information.

**U.S. Bank National Association**, as Trustee

By:
Name: Julie Becker
Title: Vice President
Phone: (651) 466-5869
E-mail:Julie.Becker@usbank.com

cc:   **Syncora Guarantee Inc.**
      135 W. 50th Street, 20th Floor
      New York, NY 10020

2

Attention: Drew Hoffman

**My Chi To (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-Mail: mcto@debevoise.com

**Craig Bruens (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-Mail: cabruens@debevoise.com

**Elie Worenklein (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-mail: ejworenklein@debevoise.com

**Thomas Lopez (via e-mail only)**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
E-mail: tlopez@debevoise.com

3

## NOTICE OF CLAIM AND CERTIFICATE

**Syncora Guarantee Inc.**
135 W. 50th Street, 20th Floor
New York, NY 10020

The undersigned, a duly authorized officer of U.S. Bank National Association, in its capacity as trustee (in such capacity, the "**Trustee**") for the bonds listed on Appendix I hereto (collectively, the "**Bonds**"), hereby certifies to Syncora Guarantee Inc. ("**Syncora**") (formerly known as "XL Capital Assurance Inc.") under the Municipal Bond Insurance Policy No. **CA01848A** pursuant to the Agreement Regarding Bond Insurance with an Effective Date of April 4, 2005 (collectively, the "**Policy**"), issued in respect of the Bonds, as follows:

(i)     The Trustee is the successor Trustee under the Trust Agreement dated as of January 1, 1974, as amended and supplemented from time to time (the "**Trust Agreement**"), pursuant to which the above-referenced Bonds were issued by Puerto Rico Electric Power Authority (the "**Issuer**"), and is authorized to receive payments under the Policy and to distribute same to the registered holder(s) of the Bonds (the "**Holders**").

(ii)     The Issuer has failed to provide the Trustee with sufficient funds for payment in full of all interest due on the Bonds on July 3, 2017. The aggregate amount of interest due on the Bonds on July 3, 2017 Payment Date is $2,159,625.00 ("**Scheduled Interest**"). The sum of all amounts on deposit (or scheduled to be on deposit) in the Sinking Fund and available for distribution to the registered Holders of the Bonds pursuant to the Trust Agreement will be $2,159,625.00 (such amount, the "**Shortfall**") less than the Scheduled Interest Due for Payment on the Bonds on July 3, 2017.

(iii)     The Trustee is hereby making a claim under the Policy for the Shortfall to be applied to the payment of Scheduled Interest.

(iv)     The Trustee agrees that, following its receipt from Syncora of funds equal to the Shortfall, it shall in accordance with the Policy (a) hold such amounts in trust and apply the same to the payment of Scheduled Interest on the Bonds in accordance with the Trust Agreement as soon as practicable (and on the Payment Date if received before 11:30 A.M. Eastern Time on the Payment Date); (b) not apply such funds for any other purpose; (c) not commingle such funds with other funds held by the Trustee, and (d) maintain an accurate record of such payments.

(v)     Subject to and conditioned upon payment by Syncora to the Trustee of sufficient funds to cover the Shortfall in the Scheduled Interest due July 3, 2017, the Trustee, on behalf of the Holders, to the full extent of its authority, hereby assigns to Syncora all rights, title and interest to the payment of that portion of Scheduled Interest on the Bonds which is paid with the funds provided by Syncora under the Policy. The foregoing assignment is in addition to, and not in

limitation of, rights of subrogation otherwise available to Syncora in respect of such payments. The Trustee shall take such action and deliver such instruments as may be reasonably requested or required by Syncora to effectuate the purpose or provisions of this clause (v) and as provided under the Policy.

(vi)     Syncora shall, to the extent it pays any Scheduled Interest on the Bonds under the Policy, become subrogated to the rights, title and interest of the person or entity who is entitled to such payments in accordance with the terms of the Policy.

(vii) Payment of the Shortfall should be made by wire transfer on or before 11:30 A.M. Eastern Time on July 3, 2017, directed to:

**U.S. Bank**
**800 Nicollet Mall**
**Minneapolis, MN 55402**
**U.S. BANK N.A.**
**ABA # 091000022**
**ACCT # 173103321092**
**Ref: PREPA (phone: 651-466-6089; 651-466-5869)**

Unless the context otherwise requires, capitalized terms used in this Notice of Claim and Certificate and not defined herein shall have the meanings provided in the Policy.

IN WITNESS WHEREOF, the Trustee has executed and delivered this Notice of Claim and Certificate as of the 30th day of June, 2017.

U.S. Bank National Association, as Trustee

By
Name: Jane J. Becker
Title: Vice President

2

### Appendix I

**Puerto Rico Electric Power Authority Power Revenue Bonds, Series RR, maturing on July 1, 2025 (CUSIP No.: 74526QDE9)**

**Puerto Rico Electric Power Authority Power Revenue Bonds, Series RR, maturing on July 1, 2026 (CUSIP No.: 74526QDF6)**

**Puerto Rico Electric Power Authority Power Revenue Bonds, Series RR, maturing on July 1, 2027 (CUSIP No.: 74526QDG4)**



# Prime Clerk

## Brooklyn

### CLAIM/BALLOT HAND DELIVERY
### CONFIRMATION SHEET

DATE RECEIVED: _06/20/17_

CASE: _PR_

NO. OF CLAIMS: _4_

NO. OF BALLOTS: _—_

COPIES: _returned 4 copies_

RECEIVED BY: _MS_

RECEIVED
JUN 20 2018
PRIME CLERK LLC