**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>    Debtors. | PROMESA<br><br>Title III<br><br>No. 17-bk-3283-LTS<br><br>(Jointly Administered) |

## SUMMARY SHEET

### SECOND INTERIM APPLICATION OF CITIGROUP GLOBAL MARKETS INC. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS INVESTMENT BANKER AND FINANCIAL ADVISOR, FROM FEBRUARY-MAY 2018

| | |
|---|---|
| Applicant: | Citigroup Global Markets Inc. |
| Authorized to Provide Services to: | The Financial Oversight and Management Board for Puerto Rico |
| Date of Retention: | January 27, 2017 |
| Compensation Period: | February 1, 2018-May 31, 2018 |
| Compensation Sought: | $1,803,571.43 |
| Expense Reimbursement Sought: | $40,912.98 |
| Total Sought: | $1,844,484.41 |

This is a: _ monthly   X interim   _final  application

**SUMMARY OF TIME RECORDED DURING COMPENSATION PERIOD**

| Name | Title | Hours |
|---|---|---|
| Green, Thomas H. | Managing Director | 591.2 |
| Gavin, John C. | Managing Director | 336.5 |
| Sen, Sandip | Managing Director | 209.0 |
| Mehta, Shail | Managing Director | 67.5 |
| Chapados, Frederic | Director | 257.5 |
| Kantrowitz, Greg | Director | 52.5 |
| Cho, Carl | Director | 15.5 |
| Orendain, Jaime | Director | 36.5 |
| Castiglioni, James | Vice President | 389.7 |
| Law, Lisa | Vice President | 15.8 |
| Iriarte, Joe | Vice President | 15.3 |
| Shones, Mariah | Associate | 385.8 |
| Seixas, Daniel | Associate | 8.0 |
| Bond, Daniel | Analyst | 340.8 |
| Yamato, Alan | Analyst | 15.0 |
| Delgado, Daniel | Analyst | 16.0 |

**Total Hours:** 2,752.6

**SUMMARY OF EXPENSES INCURRED DURING COMPENSATION PERIOD**

| Category | Amount |
|---|---|
| Airfare | $13,712.94 |
| Ground Transportation | $7,919.17 |
| Hotel/Lodging | $11,920.77 |
| Title III Legal Fees | $7,360.10 |

**Total:** $40,912.98

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>   Debtors.[1] | PROMESA<br><br>Title III<br><br>No. 17-bk-3283-LTS<br><br>(Jointly Administered) |

**SECOND INTERIM APPLICATION OF CITIGROUP GLOBAL MARKETS INC. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS INVESTMENT BANKER AND FINANCIAL ADVISOR, FROM FEBRUARY-MAY 2018**

Citigroup Global Markets Inc. ("Citi") submits its second interim application for allowance of compensation for services rendered and reimbursement of expenses incurred as investment banker and financial advisor to The Financial Oversight and Management Board for Puerto Rico ("Oversight Board"), as representative of the Debtors pursuant to PROMESA section 315(b), from February 1, 2018-May 31, 2018 ("Compensation Period"), pursuant to PROMESA sections 316-17, Rule 2016, and Local Rule 2016-1.  By this application, Citi seeks allowance of compensation in the amount of $1,803,571.43, and reimbursement of expenses in the amount of $40,912.98. In support of this application, Citi states:

---

[1] The Debtors in these Title III Cases, along with the last four digits of their respective Federal Tax ID numbers, are: (i) Commonwealth of Puerto Rico ("Commonwealth") (3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (3747).

## JURISDICTION

1. This Court has subject matter jurisdiction to consider this application, pursuant to PROMESA section 306(a). Venue is proper in this district, pursuant to PROMESA section 307(a).

## BACKGROUND

2. The Commonwealth commenced its Title III case on May 3, 2017; COFINA commenced its Title III case on May 5, 2017; HTA and ERS commenced their Title III cases on May 21, 2017; and PREPA commenced its Title III case on July 2, 2017. Pursuant to PROMESA section 315(b), the Oversight Board is the representative of each Debtor in its respective Title III case.

3. Citi was originally employed as investment banker and financial advisor to the Oversight Board, pursuant to an engagement letter, dated January 27, 2017 [ECF No. 2944-1]. That agreement provided for Citi to be paid a fixed monthly retainer of $250,000, and a success fee equal to .0333% of the par amount of bonds issued by certain covered entities, or restructured as part of a PROMESA-related restructuring, subject to a cap and payable on closing of the relevant transaction(s), in addition to the reimbursement of reasonable out-of-pocket expenses, also subject to a cap.

4. That agreement was superseded by an amended and restated engagement letter, dated February 13, 2018 [ECF No. 2944-2]. The amended agreement kept the foregoing compensation terms, but expanded the scope of services to be rendered to include identifying private sector solutions in connection with PREPA's restructuring, and advising on long-term concessions for the utility's transmission and distribution assets and privatization of its generation assets. The amended agreement also provided for Citi to receive, as additional compensation for the foregoing additional services, a fixed monthly retainer of $400,000 and a cash fee of $24

million, payable on closing of one or more qualifying transactions, subject to the limitation that up to $2.5 million of the foregoing additional fixed monthly retainer payments made may be credited against the additional cash fee.

5. Citi was engaged as investment banker and financial advisor, and to perform the additional services, because of its expertise in municipal finance, capital markets, in- and out-of-court restructurings, and infrastructure and utility finance, and is uniquely situated to assist the Oversight Board in seeking to provide the Debtors with the necessary tools to restructure debt, access capital markets, and get back on the path to economic recovery.

6. Citi's monthly invoices for the Compensation Period are annexed hereto as <u>Exhibit 1</u>.[2]

7. On April 16, 2018, Citi served a consolidated monthly fee statement covering the period ending February 28, 2018, seeking compensation of $947,321.43 (less a 10% holdback) and reimbursement of $65,782.87 in expenses. On July 19, 2018, Citi received payment of $671,121.27.

8. On April 23, 2018, Citi filed its first interim fee application, covering the period ending January 31, 2018 [ECF No. 2944]. Consideration of that application has been deferred to the November 7, 2018 omnibus hearing, or a later date [ECF No. 3865, p.3 and Ex. B].

9. Citi served a consolidated monthly fee statement covering the period March 1, 2018-June 30, 2018 contemporaneously with the filing hereof.

---

[2] The above-mentioned $250,000/month fee is prorated between Title III Debtors and entities covered by Title VI on behalf of which Citi renders services. The $400,000/month additional fee provided under the amended and restated engagement letter is not prorated, as it is for additional services rendered on PREPA's behalf.

**BASIS FOR RELIEF REQUESTED**

10. PROMESA section 316(a) provides that this Court "may award to a professional person employed by … the Oversight Board (in the Oversight Board's sole discretion) … (1) reasonable compensation for actual, necessary services rendered by the professional, or attorney and by any paraprofessional employed by any such person; and (2) reimbursement for actual, necessary expenses."

11. Pursuant to subdivision (c):

> In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (1) the time spent on such services;
>
> (2) the rates charged for such services;
>
> (3) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;
>
> (4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (5) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and
>
> (6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title or title 11, United States Code.

12. PROMESA section 317 and the interim compensation order permit professionals to apply for allowance of compensation and reimbursement of expenses on an interim basis.

13. Each factor set forth in section 316(c) supports the allowance of the compensation sought herein on an interim basis.

4

(a) <u>Time spent on services rendered</u>. Citi spent over 2,750 hours rendering services on behalf of the Oversight Board during the Compensation Period. Time detail for that period is annexed hereto as <u>Exhibit 2</u>.

(b) <u>Fees charged</u>. As set forth in the Leffler Certification (defined below), the fees charged for this engagement are consistent with those customarily employed by Citi in other municipal restructuring engagements.

(c) <u>Whether Services were necessary or beneficial</u>. The services rendered were necessary to the administration of these Title III cases, and beneficial when rendered. The Oversight Board engaged Citi for the express purpose of providing these services.

(d) <u>Timeliness of services rendered</u>. No issue has been raised concerning the timeliness of services rendered by Citi.

(e) <u>Restructuring Experience</u>. Citi has a wealth of municipal restructuring experience. Citi is one of the largest municipal securities dealers in the United States, and has played an active role nearly in most major municipal restructurings in the United States for at least the past two decades. It was extremely well versed with complex issues facing the Debtors long before commencing this engagement.

14. Citi incurred reasonable and necessary expenses in connection with this engagement during the Compensation Period. A detailed itemization is annexed hereto as <u>Exhibit 3</u>. The expenses for which reimbursement is sought are reasonable and justified under the circumstances to effectively serve the needs of the Oversight Board.

15. The certification required by Local Rule 2016-1(a)(4) and Rule 2016 is annexed hereto as <u>Exhibit 4</u> ("<u>Leffler Certification</u>").

5

## NOTICE

16. Notice hereof has been served by CM/ECF and on the Master Service List, by e-mail or by first class mail.

17. No prior request for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, Citi requests an order allowing interim compensation for services rendered during the Compensation Period in the amount of $1,803,571.43 and reimbursement of expenses incurred during such period in the amount of $40,912.98 authorizing and directing payment of the foregoing, and granting such other and further relief as this Court deems just and proper.

Dated: October 5, 2018　　　　　　　　　　　　Respectfully submitted,

/s/ Mike Leffler
Mike Leffler
Director

*Citigroup Global Markets Inc.*

/s/ Jeffrey Chubak
Jeffrey Chubak
STORCH AMINI PC
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100
jchubak@storchamini.com

*Attorneys for Citigroup Global Markets Inc.*