**Hearing Date**: November 7, 2018 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: October 23, 2018 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

      Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## <u>NOTICE OF HEARING</u>

**PLEASE TAKE NOTICE** that the Commonwealth of Puerto Rico (the "<u>Commonwealth</u>"), the Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>"), the Puerto Rico Highways and Transportation Authority ("<u>HTA</u>"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>"), and the Puerto Rico Electric Power Authority ("<u>PREPA</u>," and together with the Commonwealth, COFINA, HTA, and ERS the "<u>Debtors</u>"), as Title III debtors, by and through the Financial Oversight and Management Board for Puerto Rico (the "<u>Oversight Board</u>"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("<u>PROMESA</u>"), is filing the annexed *Motion For Entry Of An Order (A) Approving Limited Omnibus Objection*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Procedures, (B) Waiving The Requirement Of Bankruptcy Rule 3007(E)(6), And (C) Granting Related Relief* (the "Motion").

    **PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and the *Sixth Amended Notice, Case Management and Administrative Procedures* [ECF No. 3804] (the "Case Management Procedures"), and must be filed with the Court (a) by registered users of the Court's case filing system, electronically in accordance with rule 5 of the Local Rules for the District of Puerto Rico, and (b) by all other parties in interest, on a CDROM, in text-searchable portable document format (PDF), and served on (a) counsel for the Oversight Board, Proskauer Rose LLP, Eleven Times Square, New York, New York 10036-8299 (Attn: Martin J. Bienenstock, Esq., Paul V. Possinger, Esq., and Ehud Barak, Esq.), and O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813 (Attn: Hermann D. Bauer, Esq.); (b) counsel for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, 7 Times Square, New York, New York 10036 (Attn: John J. Rapisardi, Esq., Suzzanne Uhland, Esq., and Peter Friedman, Esq.) and Marini Pietrantoni Muñiz LLC, MCS Plaza, Suite 500, 255 Ponce de León Ave., San Juan, PR 00917 (Attn: Luis C. Marini-Biaggi, Esq.); and (c) the Office of the United States Trustee for Region 21, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901-1922, so as to be received no later than **October 23, 2018 at 4:00 p.m. (Atlantic Standard Time)**.

    **PLEASE TAKE FURTHER NOTICE** that a hearing will be held before the Honorable Laura Taylor Swain, United States District Court Judge, in Room 3 of the United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, Office 150, San Juan, Puerto Rico 00918-1767 (the "Court"), on **November 7, 2018 at 9:30 a.m. (Atlantic**

**Standard Time)**, or as soon thereafter as counsel may be heard, to consider the relief sought by the Debtors in the Motion.

**PLEASE TAKE FURTHER NOTICE** that the relief requested in the Motion may be granted without a hearing if no objection is timely filed, served, and received in accordance with the Case Management Procedures.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion including all exhibits, and all documents filed in these title III cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

*[Remainder of Page Intentionally Left Blank]*

Dated: October 16, 2018
    San Juan, Puerto Rico

Respectfully submitted,

*/s/  Martin J. Bienenstock*
Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Maja Zerjal
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

*/s/  Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

**Hearing Date**: November 7, 2018 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: October 23, 2018 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>        Debtors.[2] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## MOTION FOR ENTRY OF AN ORDER (A) APPROVING LIMITED OMNIBUS OBJECTION PROCEDURES, (B) WAIVING THE REQUIREMENT OF BANKRUPTCY RULE 3007(e)(6), AND (C) GRANTING RELATED RELIEF

TO THE HONORABLE UNITED STATES DISTRICT JUDGE LAURA TAYLOR SWAIN:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Puerto Rico Electric Power Authority ("PREPA," and together with the Commonwealth, COFINA, ERS, and HTA, the "Debtors," and each individually, a "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico*

---

[2] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] respectfully submit this

motion (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code (the

"Bankruptcy Code"), made applicable to these cases pursuant to PROMESA section 301(a),

Rules 2002(m) and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), made applicable to these cases pursuant to PROMESA section 310, and Rule 1007-1(f)

of the Puerto Rico Local Bankruptcy Rules (the "Local Bankruptcy Rules"), for entry of an

order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), (a)

approving certain limited omnibus objection procedures, (b) waiving the requirement of

Bankruptcy Rule 3007(e)(6), and (c) granting related relief.  In support of this Motion, the

Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1.      As is common in large bankruptcy-related cases, the Debtors seek the entry of an

order that will provide administrative efficiency for the objection to and allowance of claims

filed in the PROMESA cases.  Prime Clerk has logged 165,333 claims filed against the Debtors,

making the Debtors' cases, collectively, the largest bankruptcy-related cases in United States'

history – by a wide margin.  As previously mentioned to the Court, many of these claims (a) are

duplicates of previously filed claims, (b) were filed by individual bondholders despite master

claims also having been filed by the respective trustee and/or paying agent, or (c) should

otherwise not have been filed per this Court's order establishing deadlines and procedures for

filing proofs of claims (the "Bar Date Order").  [Case No. 17-3283, ECF No. 2521.]  Addressing

each of these claims individually would dramatically overburden the parties, the administration

of these Title III cases, and this Court.  Therefore, the Debtors seek the relief described herein, to

---

[3]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

allow them to efficiently resolve the tens-of-thousands of claims that, for various reasons, should

be disallowed, expunged, reclassified, or reduced, each on a non-substantive basis, by the Court.

## JURISDICTION

2.      The United States District Court for the District of Puerto Rico has subject matter

jurisdiction over this Motion pursuant to section 306(a) of the PROMESA.

3.      Venue is proper in this district pursuant to PROMESA section 307(a).

4.      The statutory predicates for the relief sought herein are Bankruptcy Code section

105(a), Bankruptcy Rules 2002(m) and 3007, made applicable to these cases by PROMESA

sections 301(a) and 310, respectively, and Local Bankruptcy Rule 1007-1(f).

## CLAIMS RECONCILIATION PROCESS

**A.      The Bar Date Order and Proofs of Claim Filed**

5.      On January 16, 2018, the Debtors filed their Motion for Order (A) Establishing

Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of

Notice Thereof (the "Bar Date Motion").  [Case No. 17-3283, ECF No. 2255.]  The Bar Date

Order granted the relief requested in the Bar Date Motion and established deadlines and

procedures for filing proofs of claim (collectively, "Proofs of Claim") in the PROMESA cases.

Upon the informative motion of certain creditors, and the support of the Debtors, the Court

subsequently entered an order (the "Extension Order") extending these deadlines to June 29,

2018 at 4:00 pm (Atlantic Time).  [Case No. 17-3283, ECF No. 3160 at ¶ 2.]

6.      Pursuant to the Bar Date Order, the Court directed that certain types of claims

should not be filed.  Bar Date Order at ¶ 6.  These include, among others, pension claims, union

or non-union employee claims, and individual bondholder claims covered by timely filed master

bond claims.  *Id.*  Despite the Court's directive, tens-of-thousands of Proofs of Claim were filed

that fall within these categories.  In the aggregate, these Proofs of Claim amount to trillions of

dollars in unnecessary and inappropriate claims.  For example, in the COFINA Title III case, the vast majority of the approximately 3,500 Proofs of Claim filed appear to be of the types that the Bar Date Order directed creditors not to file.  Specifically, the Debtors' preliminary review indicates that approximately 3,000 Proofs of Claims (or more than eighty-five percent (85%) of all Proofs of Claim filed against COFINA) were filed by "Individual Bondholders For Claims Covered By Timely Filed Master Bond Proofs of Claim," as referenced in the Bar Date Order.  Another nearly 280 Proofs of Claim relate to individuals' pension claims, employee claims, or union members' claims, none of which should have been filed per the Bar Date Order.  *See* Bar Date Order at ¶ 6.  One of these, an Individual Union Member's Claim, seeks $9,999,999,999,999.00 (one dollar shy of $10 trillion) on behalf of a single union member.

7.      Although the Debtors' review of the non-COFINA related Proofs of Claim is still under way, it appears that the vast majority of the 165,333 Proofs of Claim already logged in Prime Clerk, totaling approximately $43.5 trillion in claims against the Debtors, suffer from similar flaws.

**B.      Limitation of Omnibus Objections**

8.      Pursuant to Bankruptcy Rule 3007(c), unless otherwise ordered by the Court or permitted pursuant to Bankruptcy Rule 3007(d), objections to more than one clam shall not be joined in a single objection.  In that regard, Bankruptcy Rules 3007(d) and (e) provide in pertinent part as follows:

> (d) … [O]bjections to more than one claim may be joined in an omnibus objection if all … the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because:
>
> (1) they duplicate other claims;
>
> (2) they have been filed in the wrong case;
>
> (3) they have been amended by subsequently filed proofs of claim;
>
> (4) they were not timely filed;

4

(5) they have been satisfied or released during the case in accordance
with the Code, applicable rules, or a court order;

(6) they were presented in a form that does not comply with applicable
rules, and the objection states that the objector is unable to
determine the validity of the claim because of the noncompliance;

(7) they are interests, rather than claims[.]

(e) … An omnibus objection shall:

(1) state in a conspicuous place that claimants receiving the objection
should locate their names and claims in the objection;

(2) list claimants alphabetically, provide a cross-reference to claim
numbers, and, if appropriate, list claimants by category of claims;

(3) state the grounds of the objection to each claim and provide a
cross-reference to the pages in the omnibus objection pertinent to
the stated grounds;

(4) state in the title the identity of the objector and the grounds for the
objections;

(5) be numbered consecutively with other omnibus objections filed by
the same objector; and

(6) contain objections to no more than 100 claims.

## **PROPOSED OBJECTION PROCEDURES**

9.      To expedite and ultimately complete the claims reconciliation process in a timely,

efficient, and cost-effective manner, the Debtors seek approval of the limited objection

procedures attached as **Exhibit 1** to **Exhibit A** hereto (collectively, the "Omnibus Procedures").

As described in the Objection Procedures, each omnibus objection (each an "Omnibus

Objection"), in compliance with the requirements of Bankruptcy Rule 3007(e)(1) – (2) and

3007(e)(4)-(5), will:

a.      state in a conspicuous place and manner that claimants receiving the
objection should locate their names and claims in the objection;

b.      list claimants alphabetically, provide a cross-reference to claim numbers,
and, if appropriate, list claimants by category of claims;

d.      state in the title of the objection the identity of the objector and the
grounds for the objections; and,

     e.    be numbered consecutively with other omnibus objections filed by the same objector.

10.    Attached to each Omnibus Objection will be a claims exhibit (each a "<u>Claims Exhibit</u>") that will identify the claims being objected to.  Only a single Claims Exhibit will accompany each Omnibus Objection, and each Claims Exhibit will include only claims to which there is a common basis for objection.  Limiting the Omnibus Objections in this way, eliminates the need to identify the basis for objecting to each individual claim, and for providing a cross-reference to the description of the basis within the body of the objection, both of which are otherwise normally required by Bankruptcy Rule 3007(e)(3).  In the event that individual claims are objectionable on more than a single basis, the Claims Exhibit will identify these additional bases.  However, the Debtors' failure to identify additional bases for objection will not constitute a waiver of the Debtors' right to subsequently object on these, or any other, additional grounds.  Furthermore, the Omnibus Procedures prescribe that each Omnibus Objection will be filed with the Court and served upon the U.S. Trustee and the Master Service List.

11.    The Omnibus Procedures also allow for creditors to file a response to an Omnibus Objection, for the Debtors to file a reply to any creditors' response, and for the Court to resolve any such contested claims as a separate contested matter under Bankruptcy Rule 9014.  Under the Omnibus Procedures, information regarding creditors' rights to file a response, and procedure and appropriate time for doing so (in compliance with Local Bankruptcy Rule 3007-1), shall be included in each Omnibus Objection, so as to protect the due process rights of creditors.

12.    The Debtors seek a waiver of Bankruptcy Rule 3007(e)(3), because only a single Claims Exhibit will accompany each Omnibus Objection, and each Claims Exhibit will only contain claims subject to a common basis for objection.  These limitations provide similar protection to Bankruptcy Rule 3007(e)(3), but by waiving that Rule, Debtors will be able to more

efficiently prepare Claims Exhibits, because there will be les variation between them then would be required by the Rule.

13.     Furthermore, the Debtors seek a waiver of Bankruptcy Rule 3007(e)(6), so that they may include objections to as many as 500 claims per Omnibus Objection.  The Debtors believe that limiting Omnibus Objections to one-hundred claims, as specified by Bankruptcy Rule 3007(e)(6), would result in repetitive and costly Omnibus Objections that could confuse creditors and complicate the Court's docket.

14.     Additionally, the Omnibus Procedures specify that the notice required by Local Bankruptcy Rule 3007-1 shall be included in a conspicuous location within each Omnibus Objection.

15.     The relief sought herein will allow the Debtors to complete the claims reconciliation process in a timely, efficient, and cost-effective manner by avoiding the costs and delay of preparing and filing tens-of-thousands of individualized objections (or even of filing several dozen omnibus objections each limited to one-hundred claims) based on the same or similar underlying grounds. Notably, the Debtors' proposed Omnibus Procedures protect creditors' due process rights by implementing the same safeguards for Omnibus Objections set forth in Bankruptcy Rule 3007(e), with the exception of Bankruptcy Rule 3007(e)(6).

## **BASIS FOR RELIEF**

16.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Bankruptcy Rule 3001 states that "a proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." *See* Fed. R. Bankr. P. 3001. Under section 1111(a) of the Bankruptcy Code, scheduled claims are treated as proofs of claim. *See* 11 U.S.C. § 1111(a) ("A proof of claim . . .

is deemed filed under section 501 of this title for any claim . . . that appears in the schedules . . . except a claim . . . that is scheduled as disputed, contingent or unliquidated.").   As such, the Debtors must review all Proofs of Claims in these Title III cases as part of the claims reconciliation process.

17.    In addition to the grounds enumerated in Bankruptcy Rule 3007(d) for filing omnibus objections to claims, Bankruptcy Rule 3007(c) affords courts the discretion to authorize omnibus objections based upon grounds beyond those explicitly delineated by Bankruptcy Rule 3007(d).  *See* Fed. R. Bankr. P. 3007(c) ("Unless otherwise ordered by the court or permitted by subdivision (d), objections to more than one Claim shall not be joined in a single objection."). Section 105(a) of the Bankruptcy Code, made applicable pursuant to Section 301 of PROMESA, provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]."  11 U.S.C. § 105.  Under section 105(a) of the Bankruptcy Code, a bankruptcy court has the power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets.  *See Canal Corp. v. Finnman (In re Johnson)*, 960 F.2d 396, 404 (4th Cir. 1992) ("the allowance or disallowance of a claim in bankruptcy is a matter of federal law left to the bankruptcy court's exercise of its equitable powers."); *Comm. of Equity Sec. Holders v. Lionel Corp.  (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

18.    Authorizing the Debtors to file Omnibus Objections consistent with the Objection Procedures is an appropriate use of the Court's power under section 105(a) of the Bankruptcy Code and conforms to the spirit of Bankruptcy Rule 3007, the underlying goal of which is to balance the due process rights of creditors with the efficient administration of large chapter 11 cases.

19.     The proposed Objection Procedures provide a cost-effective and efficient framework for the careful review, prosecution, and reconciliation of Claims by, among other things, (a) providing greater certainty in administering the objection process, and (b) reducing the cost, time, and delay of preparing numerous Claims objections. The proposed Objection Procedures respect creditors' due process rights by implementing the safeguards set forth for Omnibus Objections already authorized under Bankruptcy Rule 3007(e), with the exception of Bankruptcy Rule 3007(e)(6).

20.     Similarly, allowing the Debtors to object to claims on the additional grounds that they should not have been filed at all per the Bar Date Order, and allowing the Debtors to object to as many as 500 claims per Omnibus Objection, will promote the efficient and cost-effective administration of the Debtors' estates.  Moreover, the claims reconciliation process will be well organized, and all parties in interest will benefit from a streamlined process that will result in fewer pleadings, fewer hearings, and greater efficiency.

21.     The Debtors believe that the relief requested herein appropriately balances judicial and administrative efficiency with due process rights. Accordingly, the Debtors respectfully request that the Court approve the relief requested herein.

## <u>NOTICE</u>

22.     The Debtors have provided notice of this motion to the Master Service List (as defined by the Order Further Amending Case Management Procedures [Case No. 17-3283, ECF No. 3804]), and this motion is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

23.     No prior request for the relief sought in this motion has been made to this or any

other court.

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form

attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as

is just and proper.


Dated: October 16, 2018
       San Juan, Puerto Rico

Respectfully submitted,

*/s/Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Attorneys for the Financial
Oversight and
Management Board as
representative for the Debtors*


*/s/Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Co-Attorneys for the Financial
Oversight and Management Board
as representative for the Debtors*

# **EXHIBIT A**

## **Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>             Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## ORDER (A) APPROVING LIMITED OMNIBUS OBJECTION PROCEDURES, (B) WAIVING THE REQUIREMENT OF BANKRUPTCY RULE 3007(e)(6), AND (C) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors"), for entry of an order (this "Order") (a) approving certain limited Omnibus Objection Procedures attached hereto, (b) authorizing the Debtors to assert objections to claims in an omnibus format pursuant to Bankruptcy Rule 3007(c), (c) waiving the requirement in Bankruptcy Rule 3007(e)(6) that Omnibus Objections contain objections to no more than 100 claims, and (d) granting related relief, all as more fully described in the Motion; and this Court having jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

requested in the Debtors' Motion is in the best interests of the Debtors, their creditors, and other

parties in interest; and the Court having found that, based upon the relief requested by the

Debtors' Motion, no further notice is required; and the Court having reviewed the Debtors'

Motion; and the court having determined that the legal and factual bases set forth in the Debtors'

Motion establish just cause for the relief granted herein; and any objections to the relief

requested herein having been resolved as set forth herein, or withdrawn or overruled on the

merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted to the extent set forth herein.

2.      Notwithstanding anything to the contrary in PROMESA, the Bankruptcy Code,

the Bankruptcy Rules, or the Local Bankruptcy Rules, and pursuant to Bankruptcy Rule 3007(c),

the Debtors may file Omnibus Objections that include objections to claims on any basis provided

for in Bankruptcy Rule 3007(d)(1) – (7), or on the additional basis that, pursuant to the Bar Date

Order, the Claim should not have been filed.

3.      Notwithstanding anything to the contrary in the Bankruptcy Code, the

Bankruptcy Rules, or the Local Rules, the Debtors may object to as many as five hundred (500)

claims in a single Omnibus Objection on any basis provided for in Bankruptcy Rule 3007(d)(1) –

(7), or on the additional basis that, pursuant to the Bar Date Order, the Claim should not have

been filed.

4.      The Debtors may file and prosecute any Omnibus Objections in accordance

with the Objection Procedures attached hereto as **Exhibit 1**, which are approved, and in

accordance with the other procedural safeguards set forth in Bankruptcy Rule 3007(e), with the

exception of Bankruptcy Rule 3007(3)(6), as described in the immediately preceding paragraph.

5.      Nothing in this Order or in the Motion is, or shall be deemed to constitute, any admission as to the validity, nature, amount, or priority of any claim asserted against the Debtors in these PROMESA cases, or a waiver of any right of the Debtors or any other party in interest in these cases to dispute the validity, nature, amount, or priority of, or otherwise object, either in the same or subsequent objections, on any grounds to any such claims.

6.      The Debtors are authorized to take any and all actions reasonably necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


Dated: _____, 2018


_____
Honorable Judge Laura Taylor Swain
United States District Judge

## <u>EXHIBIT 1</u>

**Omnibus Objection Procedures**

## OMNIBUS OBJECTION PROCEDURES

1.     <u>Grounds for Omnibus Objections</u>. In addition to those grounds expressly set forth in Bankruptcy Rule 3007(d)(1) – (7), the Debtors may file omnibus objections (each an "<u>Omnibus Objection</u>") to claims on the grounds that such claims, pursuant to the Bar Date Order, should not have been filed.

2.     <u>Form of Omnibus Objection</u>. Each Omnibus Objection will be numbered consecutively, regardless of basis.

3.     <u>Claims Exhibits</u>.  An exhibit listing the Claims that are subject to the particular Omnibus Objection will be attached thereto.  Each exhibit will include only the Claims to which there is a common basis for the Omnibus Objection.  Claims for which there is more than one basis for the Omnibus Objection will be referenced on each exhibit applicable thereto.  The exhibits will include, without limitation, the following information, alphabetized by claimant:

      a.      the Claims that are the subject of the Omnibus Objection and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

      b.      the asserted amount of the Claim(s);

      c.      the grounds for the Omnibus Objection; and

      d.      other information, as applicable, including: (i) the proposed classification of Claims the Debtors seek to reclassify; (ii) the proposed Claim amount of Claims the Debtors seek to reduce; or (iii) the surviving Claims, if any, of groups of Claims the Debtors seek to expunge.

4.     <u>Notice and Service</u>. Each Omnibus Objection will be filed with the Court and served upon (a) the U.S. Trustee, and (b) the Master Service List (as defined by the Order Further Amending Case Management Procedures [Case No. 17-3283, ECF No. 3804]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.

5.     <u>Local Rule 3007-1 Notice</u>.  Pursuant to Puerto Rico Local Bankruptcy Rule 3007-1, each Omnibus Objection will include the following notice in a conspicuous location.

---

### IMPORTANT NOTICE PURSUANT TO LOCAL RULE 3007-1

Within thirty (30) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise. If you file a timely response, the court may schedule a hearing.

---

6.     <u>Omnibus Hearings</u>. Each Omnibus Objection shall be set for hearing no less than

45 days after service of the Omnibus Objection (the "Hearing"). In the Debtors' sole discretion, the Debtors may adjourn the Hearing on the Omnibus Objection to a subsequent hearing date without further order of the Court. For claims subject to an Omnibus Objection and with respect to which no response is filed in accordance with the proposed response procedures (a "Response"), the Court may grant the Omnibus Objection with respect to those claims without further notice or hearing.  For claims subject to an Omnibus Objection for which a Response is filed in accordance with the proposed response procedures, and for which the issues raised in the Response are resolved prior to the Hearing, the Debtors may request at the Hearing that the Court enter an order granting the Omnibus Objection with respect to such claim(s). If such claim(s) cannot be resolved and a hearing is determined to be necessary, the Debtors shall file with the Court and serve on the affected claimant(s) a notice of the hearing, to the extent the Debtors did not file a notice of hearing previously.

7.      Contested Matter. Each claim subject to an Omnibus Objection, along with any Responses thereto, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Court with respect to an Omnibus Objection will be deemed a separate order with respect to such claim. The Debtors may, in their discretion and in accordance with other orders of this Court or the provisions of the Bankruptcy Code and the Bankruptcy Rules, settle the priority, amount, and validity of such contested claims without any further notice to or action, order, or approval of the Court.

## RESPONSES TO OMNIBUS OBJECTIONS

8.      Parties Required to File a Response. Any party who disputes an Omnibus Objection is required to file a Response in accordance with the procedures set forth herein. If a party whose claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the procedures below, the Court may grant the Omnibus Objection with respect to such claim without further notice to the claimant.

9.      Response Contents. Each Response must contain the following (at a minimum):

a.      a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Prime Clerk (which will scheduled with the Omnibus Objection and is available on the Debtors' case website at https://cases.primeclerk.com/puertorico);

b.      a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

c.      a copy of any other documentation or other evidence of the claim, to the extent not already included with the Proof of Claim, upon which the claimant will rely in opposing the Omnibus Objection; provided, however, that the claimant need not disclose confidential, proprietary, or otherwise

2

protected information in the Response; provided, further, however, that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its claim, subject to appropriate confidentiality constraints; and

d.      the following contact information for the responding party:

      (i)      the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

      (ii)     the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

10.    <u>Filing and Service of the Response</u>. A Response will be deemed timely only if it is filed with the Court and served by 4:00 pm (Atlantic Time) on the day that is 30 calendar days from the date the Omnibus Objection is served (or an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if service was by mail), unless otherwise extended, in writing, by the Debtors (the "<u>Response Deadline</u>"). A Response must be served on the entities on the Master Service List (as defined by the Order Further Amending Case Management Procedures [Case No. 17-3283, ECF No. 3804]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.

11.    <u>Discovery</u>. As all initial Omnibus Objections will be made on non-substantive bases, no discovery will be permitted in relation to any Omnibus Objection.

12.    <u>Failure to Respond</u>. A Response that is not filed and served by the Response Deadline, or such other date as agreed with the Debtors, in accordance with the procedures set forth herein may not be considered by the Court at the Hearing. **Absent reaching an agreement with the Debtors resolving the Omnibus Objection to a Claim, failure to timely file and serve a Response as set forth herein may result in the Court granting the Omnibus Objection without further notice or hearing**. Upon entry of an order sustaining an Omnibus Objection, affected creditors will be served with such order.

13.    <u>Reply to a Response</u>. The Debtors shall be permitted to file a reply to any Response no later than two (2) business days before the Hearing with respect to the relevant Omnibus Objection.

## **MISCELLANEOUS**

14.    <u>Additional Information</u>. Copies of these procedures, the Order, or any other pleadings filed in the Debtors' PROMESA cases are available free online at https://cases.primeclerk.com/puertorico.

15.     <u>Reservation of Rights</u>. NOTHING IN ANY OMNIBUS OBJECTION OR OBJECTION NOTICE IS OR SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST IN THESE CASES TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO CLAIMS (OR OTHER CLAIMS OR CAUSES OF ACTION OF A CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION, UNLESS THE COURT HAS ALLOWED A CLAIM OR ORDERED OTHERWISE, OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE. AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.