Hearing Date:  November 20, 2018 at 10:30 a.m. (Atlantic Standard Time)
Objection Deadline: November 13, 2018 at 12:00 p.m. (Atlantic Standard Time)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

## PUERTO RICO SALES TAX FINANCING CORPORATION'S MOTION FOR ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) FIXING VOTING RECORD DATE, (III) APPROVING CONFIRMATION HEARING NOTICE, (IV) APPROVING SOLICITATION PACKAGES AND DISTRIBUTION PROCEDURES, (V) APPROVING FORMS OF BALLOTS AND ELECTION NOTICES, AND VOTING AND ELECTION PROCEDURES, (VI) APPROVING NOTICE OF NON-VOTING STATUS, (VII) FIXING VOTING AND ELECTION DEADLINES, AND (VIII) APPROVING VOTE TABULATION PROCEDURES

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

# TABLE OF CONTENTS

BACKGROUND ...................................................................................................... 1

JURISDICTION AND VENUE ................................................................................ 2

RELIEF REQUESTED ............................................................................................. 3

BASIS FOR RELIEF ................................................................................................ 4

    A.    Approval of the Disclosure Statement ................................................... 4

    B.    Fixing the Voting Record Date .......................................................... 10

    C.    Approval of the Confirmation Hearing Notice ................................... 12

    D.    Approval of the Solicitation Package and Distribution Procedures ..... 15

    E.    Approving Forms of Ballots and Election Notices, and Voting and Election Procedures ...................................................................... 21

    F.    Fixing Voting and Election Deadline ................................................. 28

    G.    Approval of the Notice of Non-Voting Status – Class 10 .................... 30

    H.    Approval of Vote Tabulation Procedures ........................................... 30

NO PRIOR REQUEST ........................................................................................... 36

RESERVATION OF RIGHTS ................................................................................ 36

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Century Glove, Inc. v. First Am. Bank of New York*,
860 F.2d 94 (3d Cir. 1988) ..................................................................... 5

*In re Buckingham Oil Interests, Inc.*,
Case No. 15-13441-JNF (Bankr. D. Mass. Dec. 22, 2015) .................................... 17

*In re Clamp-All Corp.*,
233 B.R. 198 (Bankr. D. Mass. 1999) ........................................................... 4, 5, 6

*In re Eastern Maine Electric Coop*,
125 B.R. 329 (Bankr. D. Maine. 1991) ......................................................... 6

*In re Ferretti*,
128 B.R. 16 (Bankr. D.N.H. 1991) ............................................................. 5, 6, 8

*In re GST Autoleather, Inc.*,
No. 17-12100 (LSS) (Bankr. D. Del. Mar. 12, 2018) ........................................ 18

*In re GT Advanced Technologies Inc.*,
Case No. 14-11916-HJB (Bankr. D.N.H. Feb. 2, 2016) ...................................... 17

*In re Oxford Homes*,
204 B.R. 264 (Bankr. D. Maine 1997) ......................................................... 4, 5, 6, 8

*In re Phoenix Petroleum Co.*,
278 B.R. 385 (Bankr. E.D. Pa. 2001) ........................................................... 8

*In re Stanley Hotel, Inc.*,
13 B.R. 926 (Bankr. D. Colo. 1981) ............................................................. 8

*In re v & M Mgmt.*,
215 B.R. 895 (Bankr. D. Mass. 1997) ........................................................... 6

*In re Women's Apparel Group, LLC*,
Case No. 11-16217-JNF (Bankr. D. Mass. May 10, 2012) .................................... 17

*Kaufman v. Public Serv. Co. (In re Public Serv. Co.)*,
43 F.3d 763 (1st Cir. 1995) ..................................................................... 4

*Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. GMC*,
337 F.3d 314 (3d Cir. 2003) ..................................................................... 5, 6

*Oneida Motor Freight, Inc. v. United Jersey Bank (In re Oneida Motor Freight, Inc.)*,
   848 F.2d 414 (3d Cir. 1988) ..................................................................6

*Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*,
   81 F.3d 355 (3d Cir. 1995) ...............................................................5, 6

*Tex Extrusion Corp. v. Lockheed Corp. (In re Tex Extrusion Corp.)*,
   844 F.2d 1142 (5th Cir. 1988) ...............................................................6

**STATUTES**

11 U.S.C. § 105 ...........................................................................................3

11 U.S.C. § 502 ...........................................................................................3

11 U.S.C. § 1125 ...................................................................3, 5, 10, 16

11 U.S.C. § 1125(a)(1) ...........................................................................4, 5

11 U.S.C. § 1125(b) ...................................................................................4

11 U.S.C. § 1126(a) .............................................................................3, 30

11 U.S.C. § 1126(b) .....................................................................................3

11 U.S.C. § 1126(c), .....................................................................................3

11 U.S.C. §1126(e) .........................................................................3, 30, 32

11 U.S.C. § 1126(f) .......................................................................................3

11 U.S.C. § 1126(g), .............................................................................3, 19

11 U.S.C. § 1128 ...........................................................................................3

48 U.S.C. §§ 2101-2241 .............................................................................1

48 U.S.C. § 2175 .........................................................................................2

PROMESA § 101(b) ...................................................................................1

PROMESA § 101(d) ...................................................................................2

PROMESA § 104(j) .....................................................................................2

PROMESA § 206 .........................................................................................2

PROMESA § 301(a) .....................................................................................3

PROMESA § 304 ................................................................................................................ 1

PROMESA § 304(a) ........................................................................................................... 2

PROMESA § 305 ............................................................................................................. 36

PROMESA § 306(a) ........................................................................................................... 3

PROMESA § 307(a) ........................................................................................................... 3

PROMESA § 310 ............................................................................................................... 3

PROMESA § 315 ............................................................................................................... 1

**OTHER AUTHORITIES**

Fed R. Bankr. P. 2002 ................................................................................................ 19, 36

Fed. R. Bankr. P.  2002(b) ............................................................................................. 12

Fed. R. Bankr. P. 3001(e) ............................................................................................... 11

Fed. R. Bankr. P. 3017(a) ............................................................................................... 15

Fed. R. Bankr. P. 3017(c) ......................................................................................... 12, 28

Fed. R. Bankr. P. 3017(d) ...................................................................................... passim

Fed. R. Bankr. P. 3018 ................................................................................................... 33

Fed. R. Bankr. P. 3018(a) ........................................................................... 10, 30, 32, 33

Fed. R. Bankr. P. 3020(b)(1) ......................................................................................... 12

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Puerto Rico Sales Tax Financing Corporation ("COFINA"), pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[2] (the Oversight Board, in its capacity as representative of COFINA, is referred to as the "Debtor"), respectfully submits this motion (the "Motion") for an order (i) approving the proposed Disclosure Statement (as defined below), (ii) fixing a Voting Record Date (as defined below) for voting on the Plan (as defined below), (iii) approving the Confirmation Hearing Notice (as defined below), (iv) approving the proposed contents of the Solicitation Package (as defined below) and procedures for distribution thereof, (v) approving the forms of ballots and election notices, and establishing solicitation, voting, distribution election, and balloting procedures, (vi) approving the form and manner of Notice of Non-Voting Status – Class 10 (as defined below), (vii) fixing the Voting Deadline (as defined below) and Election Deadline (as defined below), and (viii) approving procedures for tabulating creditor votes. In support of this Motion, the Debtor respectfully states as follows:

## **Background**

1.      On June 30, 2016, the Oversight Board was established under PROMESA section 101(b). On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

2.      Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this subchapter is the representative of the debtor" and "may take any action necessary on behalf of the debtor to prosecute the case of the debtor, including filing a petition under section [304] of

---

[2]    PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[PROMESA] . . . submitting . . . a plan of adjustment . . . or otherwise generally submitting filings in relation to the case with the court." 48 U.S.C. § 2175.

3.       On September 30, 2016, the Oversight Board designated COFINA as a "covered entity" under PROMESA section 101(d).

4.       On May 5, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA pursuant to section 304(a) of PROMESA, commencing a case under title III thereof ("COFINA's Title III Case"). Pursuant to PROMESA section 315(b), the Oversight Board is the Debtor's representative in COFINA's Title III Case.

5.       Background information regarding COFINA and the commencement of COFINA's Title III Case is contained in the *Notice of Filing of Statement of Oversight Board in Connection with PROMESA Title III Petition* [ECF No. 1, Case No. 17 BK 3283-LTS], attached to the Commonwealth of Puerto Rico's Title III petition.

6.       Contemporaneously herewith, the Debtor filed the *Disclosure Statement for the Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation* (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement") and the *Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* (as the same may be amended or modified, including all exhibits and supplements thereto, the "Plan").[3]

## Jurisdiction and Venue

7.       The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Motion pursuant to PROMESA section 306(a).

---

[3]  All capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Plan.

8.      Venue is proper in this district pursuant to PROMESA section 307(a).

**<u>Relief Requested</u>**

9.      By this Motion, pursuant to sections 105, 502, 1125, 1126(a), 1126(b), 1126(c), 1126(e), 1126(f), 1126(g), and 1128 of the Bankruptcy Code (made applicable to COFINA's Title III Case pursuant to PROMESA section 301(a)), Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") 2002, 3016, 3017, 3018, 3020, 9013, 9014, and 9021 (made applicable to COFINA's Title III Case pursuant to PROMESA section 310), and Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "<u>Local Rules</u>") 3016-2 and 9013-1, the Debtor seeks an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Disclosure Statement Order</u>"), as follows:

   a.   ***Disclosure Statement.***  Approving the proposed Disclosure Statement;

   b.   ***Voting Record Date.***  Fixing a record date for voting on the Plan and service purposes (the "<u>Voting Record Date</u>");

   c.   ***Confirmation Hearing Notice.***  Approving the form and manner of notice of the time set for filing objections to, and the hearing to consider confirmation of, the Plan (the "<u>Confirmation Hearing Notice</u>"), in the form attached to the Disclosure Statement Order as **<u>Schedule 2</u>**;

   d.   ***Solicitation Package.***  Approving the proposed contents of the Solicitation Package and procedures for distribution thereof;

   e.   ***Ballots***.  Approving the forms of ballots attached to the Disclosure Statement Order as **<u>Schedules 3A-3G</u>**, and establishing the solicitation, voting, and balloting procedures requested herein;

   f.   ***Election Notices***.  Approving the forms of election notices attached to the Disclosure Statement Order as **<u>Schedules 4A-4D</u>**, and establishing the solicitation and election procedures requested herein;

   g.   ***Assured Election Notice***.  Approving the form of notice of exercise of the Assured Election attached to the Disclosure Statement Order as **<u>Schedule 5</u>**, and establishing the procedure for distributing such notice in the event Assured makes the Assured Election on or prior to the Voting Record Date;

    h.   ***Non-Voting Class Notice***.  Approving the form of notice to non-voting Class 10 (Section 510(b) Subordinated Claims) attached to the Disclosure Statement Order as **Schedule 6**;

    i.   ***Voting Deadline***.  Fixing the voting deadline for creditors to accept or reject the Plan;

    j.   ***Election Deadline***.  Fixing the deadline for making the distribution election for creditors eligible to elect the form of distribution under the Plan; and

    k.   ***Tabulating Votes***.  Approving procedures for tabulating votes cast to accept or reject the Plan.

**Basis for Relief**

**A.    Approval of the Disclosure Statement**

10.    Pursuant to section 1125(b) of the Bankruptcy Code, solicitation of votes on a proposed plan may not begin until the court determines that the written disclosure statement for the plan contains adequate information.  *See, e.g., In re Oxford Homes*, 204 B.R. 264, 269 (Bankr. D. Maine 1997) ("A plan of reorganization may not be submitted to a debtor's creditors unless and until a disclosure statement has been approved by the court as containing 'adequate information.'"); *Kaufman v. Public Serv. Co. (In re Public Serv. Co.)*, 43 F.3d 763, 766 (1st Cir. 1995); *In re Clamp-All Corp.,* 233 B.R. 198, 208 (Bankr. D. Mass. 1999).  Section 1125(a)(1) defines "adequate information" as:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan .
> . . .

11 U.S.C. § 1125(a)(1).

11.     Thus, a debtor's disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" about the plan by impaired creditors entitled to vote on the plan. *See In re Oxford Homes*, 204 B.R. at 269; *In re Clamp-All Corp.*, 233 B.R. at 204; *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. GMC*, 337 F.3d 314, 321 (3d Cir. 2003); *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1995); *see also In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991) ("[I]t is important for these average investors/general unsecured creditors that the Disclosure Statement contain simple and clear language . . . so that they can intelligently accept or reject the Plan.").   To satisfy this requirement, a disclosure statement "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." *In re Ferretti*, 128 B.R. at 19.

12.     The purpose behind requiring disclosure of 'adequate information' is to ensure creditors receive sufficient information to make an informed decision regarding whether to approve or disapprove a proposed plan. *See Century Glove, Inc. v. First Am. Bank of New York*, 860 F.2d 94, 100 (3d Cir. 1988) (stating that "§ 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote"); *In re Clamp-All Corp.*, 233 B.R. 198, 204 (Bankr. D. Mass. 1999) ("The purpose of requiring an approved disclosure statement is to ensure that all claim holders are provided with adequate information to enable them to make an informed judgment regarding whether to vote for or against a reorganization plan."); *In re Ferretti*, 128 B.R. at 18 (Bankr. D. N.H. 1991).  Additionally, such disclosures often facilitate the negotiation process between the debtor and its creditors. *See Century Glove*, 860 F.2d at 100.

13.     Given the important role a disclosure statement plays in the bankruptcy process, courts place great emphasis on the debtor's obligation to make a "full and honest disclosure . . .

5

." *In re Oxford Homes, Inc.*, 204 B.R. 264, 269 (Bankr. D. Maine 1997) (quoting *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1995)); *see also In re Ferretti*, 128 B.R. at 19; *In re Clamp-All Corp.*, 233 B.R. at 208; *Krystal Cadillac-Oldsmobile*, 337 F.3d at 323; *Oneida Motor Freight, Inc. v. United Jersey Bank (In re Oneida Motor Freight, Inc.)*, 848 F.2d 414, 417 (3d Cir. 1988). The "statement's adequacy must be evaluated in light of the facts unique to the case," taking into account the debtor's unique circumstances, the final decision falling within the court's discretion. *In re Eastern Maine Electric Coop*, 125 B.R. 329, 333 (Bankr. D. Maine. 1991); *see also In re Ferretti*, 128 B.R. 16, 18 (Bankr. D.N.H. 1991) ("The phrase 'adequate information' has been deliberately left vague by Congress to give a bankruptcy court wide discretion to determine on a case by case basis whether the disclosure is reasonable."). Courts take into account many factors, such as the complex nature and size of the bankruptcy case and the nature of the plan proposed. *In re Ferretti*, 128 B.R. at 18.

14.    The bankruptcy court has broad discretion to determine the adequacy of the information contained in a disclosure statement. *See In re Ferretti*, 128 B.R. at 16; *In re Oxford Homes, Inc.,* 204 B.R. at 269 ("the precise contours of 'adequate information' were vaguely drawn by Congress so that bankruptcy courts might exercise their discretion to limn them in view of each case's peculiar circumstances"); *Tex Extrusion Corp. v. Lockheed Corp. (In re Tex Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988). The requirements of the adequate information standard vary with each case. *See, e.g., In re Ferretti*, 128 B.R. at 19; *In re Oxford Homes, Inc.,* 204 B.R. at 269 ("what constitutes 'adequate information' will vary from case to case"); *In re v & M Mgmt.*, 215 B.R. 895, 902 (Bankr. D. Mass. 1997) (holding that the 'adequate information' "requirements vary from case to case, according to the nature of the plan,

6

the needs of claim and interest holders, and the availability of information.").  Nonetheless, in

exercising their broad discretion, bankruptcy courts generally examine whether the disclosure

statement contains, if applicable, the following types of information:

 a. The circumstances that gave rise to the commencement of the case;

 b. A complete description of the available assets and their value;

 c. The anticipated future of the debtor, with accompanying financial projections;

 d. The source of the information provided in the disclosure statement;

 e. The condition and performance of the debtor during the bankruptcy case;

 f. Information regarding claims against the estate including those allowed, disputed, and estimated;

 g. A liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;

 h. The accounting and valuation methods used to produce the financial information in the disclosure statement;

 i. Information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors, and/or officers of the debtor;

 j. A summary of the plan of reorganization;

 k. An estimate of all administrative expenses, including attorneys' fees and accountants' fees;

 l. The collectability of any accounts receivable;

 m. Any financial information, valuations or *pro forma* projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

 n. Information relevant to the risks being taken by the creditors and interest holders;

 o. The actual or projected value that can be obtained from avoidable transfers;

 p. The existence, likelihood and possible success of nonbankruptcy litigation;

q.   The tax consequences of the plan; and

r.   The relationship of the debtor with affiliates.

*In re Ferretti*, 128 B.R. at 18-19 (Bankr. D.N.H. 1991); *see also In re Oxford Homes*, 204 B.R. at 269 n. 17 (adopting *In re Ferretti* list).  This list is not meant to be comprehensive, nor must a debtor provide all the information on the list.  Rather, the requirement varies with the facts of each case.  *See In re Ferretti*, 128 B.R. at 19 ("This list is by no means comprehensive.  Nor must every debtor provide all the information on the list.  <u>The Court will decide what is appropriate in each particular case</u>." (emphasis added)); *In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) (making use of similar list but cautioning that "no one list of categories will apply in every case.").  However, as the Bankruptcy Court for the District of Colorado stated:

> [a] disclosure statement must be meaningful to be understood, and it must be understood to be effective. Thus, what lawyers regard as useful information based upon their experience might be meaningless verbiage in the hands of a "typical" investor. Accordingly, by overburdening a proponent's disclosure statement with information significant and meaningful to lawyers alone may result ultimately in reducing the disclosure statement to an overlong, incomprehensible, ineffective collection of words to those whose interests are to be served by disclosure. Thus, compounding a disclosure statement for the sake of a lawyer's notion of completeness, or because some additional information might enhance one's understanding, may not always be necessary or desirable, and the length of the document should not be the test of its effectiveness.

*In re Stanley Hotel, Inc.*, 13 B.R. 926, 933-34 (Bankr. D. Colo. 1981).

15.   The Debtor tailored the proposed Disclosure Statement to fit the facts of COFINA's Title III Case. The proposed Disclosure Statement contains information with respect to many of the subjects listed above, as applicable, including, but not limited to:

a.   A description of COFINA's purpose and operations (Disclosure Statement, Section II);

b.  Certain events preceding the commencement of the Title III Case (Disclosure Statement, Section III);

c.  Significant events during the Title III Case (Disclosure Statement, Section IV);

d.  An overview of the Plan (Disclosure Statement, Section V);

e.  The obligations to be treated under the Plan (Disclosure Statement, Section V.D.);

f.  The administration of COFINA following confirmation of the Plan (Disclosure Statement, Section V.S–T);

g.  Selected financial information and future projections (Disclosure Statement, Section XI, Exhibit E);

h.  Information regarding the securities to be issued under the Plan (the "Plan Securities") (Disclosure Statement, Section V.F.);

i.  Information regarding elections with respect to the form of distribution under the Plan available to some of the holders of claims against COFINA (Disclosure Statement, Section I.B.2-3.);

j.  Information regarding the custodial trusts to be created in connection with the Plan for the benefit of certain holders of claims against COFINA (Disclosure Statement, Sections I.B.5-6. and VIII);

k.  Risk factors affecting the Plan and the Plan Securities (Disclosure Statement, Section XI);

l.  Information regarding the disposition of certain Insurance Policies with respect to certain claims against COFINA (Disclosure Statement, Section II.A.3.);

m.  Tax consequences of the Plan (Disclosure Statement, Section IX);

n.  Voting and election procedures (Disclosure Statement, Section I.D.);

o.  Requirements for confirmation of the Plan (Disclosure Statement, Section VII); and

p.  Additional information about COFINA and the Plan, including with respect to the injunction, exculpation, and release provisions contained in Sections 30.5-.8, 30.13 of the Plan.

16.     Accordingly, the Debtor believes the proposed Disclosure Statement contains all or substantially all of the information typically considered by courts in evaluating whether a disclosure statement contains adequate information, and requests the Court's approval of the proposed Disclosure Statement as having adequate information within the meaning of section 1125 of the Bankruptcy Code.

**B.     Fixing the Voting Record Date**

17.     Bankruptcy Rule 3017(d) provides that, for purposes of soliciting votes in connection with the confirmation of a plan of adjustment, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.

18.     In accordance with these rules, the Debtor requests November 20, 2018 (the same date on which the Disclosure Statement hearing is scheduled) as the Voting Record Date to determine which creditors are entitled to vote on the Plan. The Debtor submits that a Voting Record Date of November 20, 2018 will provide the Debtor and Prime Clerk LLC ("Prime Clerk"), the Debtor's voting and solicitation agent (the "Balloting Agent"),[4] sufficient time to (i) determine to whom Solicitation Packages should be sent and (ii) properly tabulate votes prior to the Voting Deadline.

19.     In addition, the Debtor requests that the Court establish the Voting Record Date as the date for determining (i) which creditors, if any, in Class 10 (Section 510(b) Subordinated

---

[4]   *See* Order Authorizing Employment and Payment of Prime Clerk LLC as Solicitation, Notice, and Claims Agent, Nunc Pro Tunc to the Petition Dates, dated June 1, 2017 [ECF No. 245].

Claims) are entitled to receive a Notice of Non-Voting Status – Class 10 and (ii) which creditors in Class 6 (Junior COFINA Bond Claims (Assured)) are entitled to receive an Assured Election Notice (as defined below) rather than an Election Notice (as defined below).

20.     With respect to any transferred Claim, if the transferor of such Claim is entitled to vote on the Plan, the Debtor proposes that the transferee will be entitled to receive a Solicitation Package and vote to accept or reject the Plan on account of the transferred Claim only if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date; or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.  In the event a Claim is transferred after the transferor has completed, executed, and returned a Ballot (as defined below), the transferee of such Claim shall be bound by any vote (and the consequences thereof) made on the Ballot by such transferor of such transferred Claim.

21.     As the Court is aware, substantially all of COFINA's outstanding indebtedness is in the form outstanding senior bonds and subordinated bonds (collectively, the "Bonds").  The identities of many of the Beneficial Owners of the Bonds are not known to the Oversight Board and COFINA. As is customary with respect to publicly traded securities, securities that are not issued to a specific party are generally held in the name of CEDE & Company, which holds the Bonds on behalf of the Nominees (as defined below) of The Depository Trust Company ("DTC"). The Nominees, in turn, hold the securities in "street name" on behalf of the Beneficial Owners (and other brokerage institutions that hold them on behalf of Beneficial Owners). The Debtor intends to obtain from DTC a listing of the Nominees as of the Voting Record Date and, as described further below, cause the mailing of Solicitation Packages to the Nominees with

instructions to cause the Solicitation Packages to be forwarded immediately to the Beneficial Owners of the Bonds.

22.    The Voting Record Date is an appropriate date to facilitate the practical determination of (i) which creditors are entitled to vote on the Plan, (ii) in the case of creditors in Class 10 (Section 510(b) Subordinated Claims), which creditors are entitled to receive a Notice of Non-Voting Status – Class 10, and (iii) in the case of creditors in Class 6 (Junior COFINA Bond Claims (Assured)), which creditors are entitled to receive an Assured Election Notice rather than an Election Notice.

**C.    Approval of the Confirmation Hearing Notice**

23.    Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of Claims and interests may accept or reject the plan . . . ." Fed. R. Bankr. P. 3017(c).  Further, Bankruptcy Rule 2002(b) requires all creditors and indenture trustees be given not less than twenty-eight (28) days' notice of the time fixed for filing objections to confirmation of a plan of adjustment.  Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed. R. Bankr. P. 3020(b)(1).

24.    In accordance with the Bankruptcy Rules, the Debtor proposes to provide all parties receiving a Solicitation Package with a Confirmation Hearing Notice, a copy of which is attached to the proposed Disclosure Statement Order as **Schedule 2**, setting forth information regarding (i) the Voting Deadline and Election Deadline, (ii) the time fixed for filing objections to confirmation of the Plan, and (iii) the time, date, and place for the hearing on confirmation of the Plan (the "Confirmation Hearing").  The Confirmation Hearing Notice will be sent to the appropriate parties in accordance with the Bankruptcy Rules and Local Rules on or before the Solicitation Mailing Date (as defined below).

25.    The proposed Confirmation Hearing Notice provides, and the Debtor requests, that the Court direct any objections or responses to the proposed confirmation of, or proposed modifications to, the Plan to: (i) be in writing; (ii) state the name, address, and nature of the Claim of the objecting or responding party; (iii) state with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan or order confirming the Plan to resolve any such objection or response; and (iv) be filed, together with proof of service, with the Court and served so that objections and responses are actually received by the following parties no later than 5:00 p.m. (Atlantic Standard Time) on January 2, 2019 (the "Confirmation Objection Deadline"):

    a.   the Office of the United States Trustee for the District of Puerto Rico;

    b.   the indenture trustees and/or agents, as applicable, for COFINA's bonds;

    c.   the entities on the list of creditors holding the 20 largest unsecured claims against COFINA or its property;

    d.   the statutory committees appointed in any of the Title III cases;

    e.   the Office of the United States Attorney for the District of Puerto Rico;

    f.   counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority;

    g.   the Puerto Rico Department of Justice;

    h.   the United States Securities and Exchange Commission;

    i.   All parties known to the Debtor as having potential Claims against COFINA or its property based upon a review of COFINA's books and records;

    j.   All counterparties to COFINA's executory contracts and unexpired leases, as determined from a review of COFINA's books and records;

    k.   All parties to litigation with COFINA (as of the date of filing of the notice of Disclosure Statement hearing);

    l.   All parties who have requested notice pursuant to Bankruptcy Rule 2002; and

    m.  The Internal Revenue Service.

26.     Setting the Confirmation Objection Deadline nearly two weeks before the Confirmation Hearing (which is scheduled for January 16, 2019) will provide parties in interest with sufficient time to consider whether to interpose any objections or proposed modifications to the Plan, while providing the Court with sufficient time to consider any objections and proposed modifications before the Confirmation Hearing.

27.     If there are objections to confirmation, providing sufficient time for the Debtor and other parties in interest to respond will assist the Court and may expedite the Confirmation Hearing. Accordingly, the Debtor requests it be authorized to file and serve replies or an omnibus reply to any such objections no later than 5:00 p.m. (Atlantic Standard Time) on January 9, 2019. The Debtor respectfully requests the Court approve these procedures for filing objections to the Plan and any replies thereto.

28.     To give adequate notice of the time for filing and serving objections, and the date and time of the Confirmation Hearing, to (i) those creditors to whom no other notice was sent and who are unknown and not reasonably ascertainable by the Debtor, (ii) known creditors with addresses unknown by the Debtor, and (iii) creditors with potential Claims unknown by the Debtor, the Debtor proposes to publish the Confirmation Hearing Notice once in each of *El Nuevo Dia* in Spanish (primary circulation is in Puerto Rico), *Caribbean Business* in English (primary circulation is in Puerto Rico), *El Diario* in Spanish (primary circulation is in New York), *El Nuevo Herald* in Spanish (primary circulation is Miami), and *The Bond Buyer*, to the extent possible, on a date not less than twenty-five (25) or more than thirty-two (32) calendar days before the Confirmation Hearing. Additionally, the Confirmation Hearing Notice will be available electronically on the Debtor's website, https://cases.primeclerk.com/puertorico/. The

Debtor submits such publication notice prior to the Confirmation Hearing is adequate and sufficient notice to such creditors under these circumstances.

29.    Additionally, the proposed Confirmation Hearing Notice informs parties in interest that the Plan and Disclosure Statement, together with all exhibits thereto, may be obtained: (i) from the Balloting Agent's website at https://cases.primeclerk.com/puertorico/; (ii) by telephoning the Balloting Agent at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available); (iii) by emailing the Balloting Agent at puertoricoballots@primeclerk.com; or (iv) for a fee via the Court's website at https://www.prd.uscourts.gov/promesa/.   The proposed procedure for providing copies of the Plan and Disclosure Statement complies with the requirements of Bankruptcy Rule 3017(a).

30.    The foregoing procedures will provide parties in interest with more than twenty-eight (28) days' notice of the Confirmation Objection Deadline and Confirmation Hearing as mandated by the applicable rules and, accordingly, should be approved.

**D.    Approval of the Solicitation Package and Distribution Procedures**

31.    Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of Claims for the purpose of soliciting their votes on a plan of adjustment and providing adequate notice of the hearing on confirmation of a plan of adjustment:

> Upon approval of a disclosure statement, – except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders – the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
> > (1)    the plan or a court-approved summary of the plan;
> > (2)    the disclosure statement approved by the court;
> > (3)    notice of the time within which acceptances and rejections of the plan may be filed; and

      (4)     any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

Fed. R. Bankr. P. 3017(d).

32.     If the Court approves the proposed Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code, the Debtor proposes to mail or cause to be mailed solicitation packages (the "Solicitation Packages") to all known holders (as of the Voting Record Date) of Claims in Class 1 (Senior COFINA Bond Claims), Class 2 (Senior COFINA Bond Claims (Ambac)), Class 3 (Senior COFINA Bond Claims (National)), Class 5 (Junior COFINA Bond Claims), Class 6 (Junior COFINA Bond Claims (Assured)), Class 8 (GS Derivative Claim), and Class 9 (General Unsecured Claims) (collectively, the "Voting Classes") by no later than the date that is seven (7) business days following entry of the Disclosure Statement Order (expected to be November 30, 2018) (the "Solicitation Mailing Date"). Solicitation Packages mailed to creditors holding Claims in the Voting Classes will contain, in English and Spanish translation, (i) the Confirmation Hearing Notice, (ii) a flash drive (or hard copy, in the Debtor's discretion) containing the Disclosure Statement (together with all exhibits thereto, including the Plan)[5] and the Disclosure Statement Order (excluding the exhibits thereto), (iii) if applicable, the appropriate ballot to accept or reject the Plan, in substantially the form set forth in **Schedules 3A-3G** to the Disclosure Statement Order (each, a "Ballot"), with instructions for completing the Ballot, and a pre-addressed, pre-paid return envelope (provided that Ballots to vote to accept or reject the Plan shall only be provided to Ambac Assurance Corporation ("Ambac"), National Public Finance Guarantee Corporation ("National"), or Assured Guaranty

---

[5]    The proposed Confirmation Hearing Notice contains information as to how a claimant may obtain a hard copy of the Disclosure Statement and all exhibits thereto.

Municipal Corporation ("Assured" and, collectively with Ambac and National, the "Insurers" and each, an "Insurer") on account of Claims in Classes 2, 3, and 6, respectively), (iv) if applicable, the appropriate election notice to elect the form of distribution under the Plan, in substantially the form set forth in **Schedules 4A-4D** to the Disclosure Statement Order (each, an "Election Notice"), (v) solely with respect to holders of Claims in Classes 8 and 9, a W-9 form or W-8 BEN form, as appropriate, for purposes of collecting tax-related information relating to distributions under the Plan, and (vi) in the case of creditors in Class 6 with respect to whose Assured Insured Bonds Assured has exercised the Assured Election as of the Voting Record Date, the Assured Election Notice, in substantially the form set forth in **Schedule 5** attached to the Disclosure Statement Order.

33.    The Debtor requests that it be authorized (but not required) to distribute the Disclosure Statement Order and Disclosure Statement (together with all exhibits thereto, including the Plan) to the Voting Classes in electronic format (flash drive).  The Confirmation Hearing Notice, Ballots, Election Notices, and W-9 form or W-8 BEN form, as appropriate, will *only* be provided in paper format.  The Disclosure Statement totals over 190 pages (not counting voluminous exhibits, including the Plan) and will cost significantly more to print than to replicate in electronic format.    Distribution of the Disclosure Statement (with all exhibits, including the Plan) in electronic format will preserve estate resources by reducing both postage and printing costs.  Bankruptcy courts routinely permit debtors to transmit solicitation documents in electronic format in the interest of saving printing and mailing costs.  *See, e.g., In re GT Advanced Technologies Inc.*, Case No. 14-11916-HJB (Bankr. D.N.H. Feb. 2, 2016) (authorizing the debtors to transmit solicitation documents in electronic format); *In re Buckingham Oil Interests, Inc.*, Case No. 15-13441-JNF (Bankr. D. Mass. Dec. 22, 2015) (same); *In re Women's*

17

*Apparel Group, LLC*, Case No. 11-16217-JNF (Bankr. D. Mass. May 10, 2012) (same); *In re*

*GST Autoleather, Inc.,* No. 17-12100 (LSS) (Bankr. D. Del. Mar. 12, 2018) (same).[6]

34.    Additionally, the Debtor will provide: (i) complete Solicitation Packages

(excluding Ballots and Election Notices) to:

(a) the U.S. Trustee,

(b) counsel to AAFAF,

(c) the attorneys for Ambac, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005, Attn: Dennis Dunne, Esq. and Atara Miller, Esq.;

(d) the attorneys for Assured, Cadwalader, Wickersham & Taft, 200 Liberty Street, New York, NY 10281, Attn: Mark Ellenberg, Esq., Lary Stromfeld, Esq., Ivan Loncar, Esq., and Casey Servais, Esq.;

(e) the attorneys for National, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Marcia L. Goldstein, Esq. and Gabriel Morgan, Esq.;

(f) the attorneys for the Senior Ad Hoc Holders, Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, New York, NY 10010, Attn: Susheel Kirpalani, Esq. and Eric Kay, Esq.;

(g) the attorneys for Oppenheimer and the First Puerto Rico Family of Funds, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: Thomas Mayer, Esq., Amy Caton, Esq., and Douglas Buckley, Esq.;

(h) the attorneys for GSAM, McDermott, Will & Emery LLP, 444 West Lake Street, Chicago, IL 60606, Attn: William P. Smith, Esq., David L. Taub, Esq., and Alexandra C. Scheibe, Esq.;

(i) the attorneys for the Puerto Rico Funds, White & Case LLP, 200 South Biscayne Boulevard, Miami, FL 33131, Attn: John K. Cunningham, Esq. and Fernando de la Hoz, Esq.;

(j) the attorneys for the Bonistas, Davis, Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Donald Bernstein, Esq. and Brian Resnick, Esq.;

(k) the attorneys to certain of the Insured Senior Holders, Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, NY 10019, Attn: Lawrence A. Larose, Esq. and Eric Daucher, Esq.;

---

[6]    Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion.  Copies of these orders are available on request of the attorneys for the Oversight Board.

(l)  the attorneys to GoldenTree Asset Management LP, Akin Gump Strauss Hauer &
Feld LLP, One Bryant Park, New York, NY 10036, Attn: Ira S. Dizengoff, Esq. and
Philip C. Dublin, Esq.;

(m) the attorneys to Tilden Park Capital Management LP, Simpson Thacher & Bartlett
LLP, 425 Lexington Avenue, New York, NY 10017, Attn: Sandy Qusba, Esq. and
Nicholas Baker, Esq.;

(n)  the attorneys to Whitebox Advisors LLC, Stroock & Stroock & Lavan LLP, 180
Maiden Lane, New York, NY 10038, Attn: Daniel A. Fliman, Esq.;

(o)  the attorneys for Aurelius and Six PRC, Paul, Weiss, Rifkind, Wharton & Garrison
LLP, 1285 Avenue of the Americas, New York, NY 10019, Attn: Andrew N.
Rosenberg, Esq.; and

(p)  counsel to the statutory committees appointed in any of the Title III cases; and

(ii)  the Disclosure Statement Order (excluding the exhibits thereto) and the Confirmation

Hearing Notice to the Debtor's Bankruptcy Rule 2002 list.  Any party who receives the

Disclosure Statement in an electronic format but would prefer a paper format may contact the

Balloting Agent and request a paper copy of the materials previously received in electronic

format, which will then be provided at the Debtor's expense.

35.     Consistent with Bankruptcy Rule 3017(d), the Debtor submits it should not be

required to distribute the Disclosure Statement, the Plan, and/or the Disclosure Statement Order

to holders of Claims against COFINA in Class 10 (Section 510(b) Subordinated Claims), which

Claims are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code, unless

a party makes a specific request to the Debtor, in writing.  Rather, the Debtor proposes to

distribute to holders of such Claims a Notice of Non-Voting Status – Class 10 and the

Confirmation Hearing Notice.

36.     The Debtor anticipates some notices of the Disclosure Statement hearing may be

returned as undeliverable by the United States Postal Service.  As it would be costly and wasteful

to then mail Solicitation Packages to the same addresses from which such notices of the

19

Disclosure Statement hearing were returned as undeliverable, the Debtor seeks the Court's approval for a departure from the strict notice rule, excusing the Debtor from mailing Solicitation Packages to such addresses, unless the relevant addressees provide the Debtor with updated, accurate addresses before the Voting Record Date.

37.     Finally, the Debtor requests that the Court determine it is not required to distribute copies of the Plan or Disclosure Statement to (i) any holder of an unimpaired Claim under the Plan, (ii) any holder of a Claim in a Class deemed to reject the Plan, (iii) any party who holds a Claim (whether in the form of a filed proof of claim or an amount listed on the Debtor's List of Creditors [Case No. 17-3283, ECF No. 1216] (the "List of Creditors")) in an amount of $0, (iv) any holder of a Claim that has been expunged by order of the Court, and (v) a creditor that has a Claim that has already been paid in full.

38.     Although the Debtor has made, and will continue to make, reasonable efforts to ensure the Solicitation Packages described herein are in final form, the Debtor nonetheless requests that it be authorized, in accordance with the modification provisions of the Plan and Local Rule 3016-2, to make non-substantive changes to the Disclosure Statement, the Plan, the Ballots, the Election Notices, the Assured Election Notice, the Notice of Non-Voting Status – Class 10, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages as may be necessary, prior to mailing.

39.     The Debtor submits it has shown good cause for implementing the proposed notice and service procedures for the Solicitation Packages.

**E.      Approving Forms of Ballots and Election Notices, and Voting and Election Procedures**

40.      Bankruptcy Rule 3017(d) requires the Debtor to mail a form of ballot conforming to Official Bankruptcy Form No. B 314, only to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d).  The Debtor proposes to distribute to the creditors (i) entitled to vote on the Plan or the applicable insurers of the securities giving rise to the applicable Claims, as described more fully below, one or more Ballots substantially in the forms attached to the proposed form of Disclosure Statement Order as **Schedules 3A-3G**, and (ii) entitled to make an election with respect to the form of distribution under the Plan, as described more fully below, Election Notices substantially in the forms attached to the proposed form of Disclosure Statement Order as **Schedules 4A-4D**.

41.      The forms of the Ballots, Master Ballots (as defined below), and Election Notices are based on Official Bankruptcy Form No. B 314 but have been modified to address particular aspects of COFINA's Title III Case and to include certain additional information the Debtor believes is relevant and appropriate for each Class of Claims entitled to vote and/or elect the form of distributions under the Plan.  The appropriate form of Ballot, Master Ballot, and/or Election Notice, if any, will be distributed to the holders of Claims in the Voting Classes, as applicable.  All other Classes under the Plan are not entitled to vote to accept or reject the Plan.

*Classes 1 and 5*

*Voting and Election Procedures*

42.      Certain holders of Claims in Classes 1 and 5 have the option to make certain elections with respect to the treatment of their claims.  Holders of Claims in Class 1 who are Puerto Rico Investors or Puerto Rico Institutions (as such terms are defined in the Plan) can elect to either (i) remain in Class 1 and receive tax-exempt COFINA bonds and, solely to the extent

applicable, taxable COFINA bonds to which holders of Claims in Class 1 are entitled to receive under the Plan, or (ii) convert to Class 4 and receive the taxable COFINA bonds to which holders of Claims in Class 4 are entitled to receive under the Plan.  Similarly, holders of Claims in Class 5 who are Puerto Rico Investors or Puerto Rico Institutions can elect to either (i) remain in Class 5 and receive tax-exempt COFINA bonds and, solely to the extent applicable, taxable COFINA bonds to which holders of Claims in Class 5 are entitled to receive under the Plan, or (ii) convert to Class 7 and receive the taxable COFINA bonds to which holders of Claims in Class 7 are entitled to receive under the Plan.[7]

43.    With respect to the Ballots that will be sent to holders of Claims in Classes 1 or 5 (**Schedule 3A**), the Debtor proposes to deliver Ballots to the applicable banks, brokers, dealers, agents, or other nominees (collectively, the "Nominees") that hold Senior COFINA Bond Claims and/or Junior COFINA Bond Claims, for the benefit of one or more beneficial owners for whom such Nominee acts (collectively, the "Beneficial Owners").  Each Nominee will be entitled to receive reasonably sufficient numbers of Solicitation Packages, including sufficient beneficial ballots (the "Beneficial Ballots") to distribute to the Beneficial Owners.  In addition, upon written request with supporting back-up documentation, the Debtor shall reimburse each Nominee's reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to the Beneficial Owners of such Claims, the tabulation of the Beneficial Ballots, and the completion of Master Ballots.

---

[7]    No separate Ballots will be delivered to, and the voting results shall not be reported for, holders of Claims in Classes 4 and 7, as such holders shall be deemed to have accepted the Plan upon electing to be treated under Class 4 or 7.  In addition, based on its reasonable efforts, to the extent the Balloting Agent is able to confirm that a holder of a Claim in Class 1 or Class 5 casts a vote on the Plan and also made a valid election to convert to Class 5 or 7, respectively, the Balloting Agent will accordingly reduce the results of Class 1 or Class 5 (as applicable).

44.     The Debtor proposes that each Nominee be required to (i) forward a Solicitation Package to the Beneficial Owners of the debt securities entitled to vote on the Plan for whom such Nominee acts, (ii) include a pre-addressed, pre-paid return envelope provided by, and addressed to, the Nominee, and (iii) ensure that the Beneficial Owners have a reasonable time period within which to return the completed Beneficial Ballots to the Nominee to allow the Nominee to summarize the results of the Beneficial Ballots on a Master Ballot and deliver the completed Master Ballot to the Balloting Agent by the Voting Deadline; provided, however, that if it is a Nominee's customary and accepted practice to forward the Solicitation Packages to (and collect votes from) Beneficial Owners by voter information form, e-mail, telephone or other customary means of communication, the Nominee may employ that method of communication in lieu of sending the paper Beneficial Ballot and/or Solicitation Package to its Beneficial Owner. The Debtor proposes the Beneficial Owners return the completed Beneficial Ballots to the Nominees (or otherwise follow the instructions of the Nominee) so that they are received by the Nominees in sufficient time to allow the Nominees to receive, process, and summarize such Beneficial Ballots on a Master Ballot, and return such Master Ballot to the Balloting Agent on or prior to the Voting Deadline. The Nominee will summarize the individual votes of its respective Beneficial Owners from their Beneficial Ballots on the appropriate master ballot (the "Master Ballot"), in substantially the form of the Master Ballot (and instructions attached thereto) attached to the Disclosure Statement Order (**Schedule 3B**), and will then return the Master Ballot to the Balloting Agent so that it is received on or prior to the Voting Deadline. The Debtor proposes the Nominees be required to retain the Beneficial Ballots for inspection for a period of at least one year following the Voting Deadline.

45.     The Nominee may elect to (i) "prevalidate" the Beneficial Ballot, forward the Solicitation Package to the Beneficial Owner, and instruct the Beneficial Owner to return the Beneficial Ballot to the Balloting Agent, or (ii) forward the Solicitation Package to the Beneficial Owner with instructions for the Beneficial Owner to return the Beneficial Ballot to the Nominee.

46.     A Nominee may pre-validate a Beneficial Ballot by: (i) signing the applicable Beneficial Ballot and including their DTC participant number; (ii) indicating on the Beneficial Ballot the account number of the Beneficial Owner, and amount of the securities held by the Nominee on behalf of such Beneficial Owner; and (iii) forwarding such Beneficial Ballot together with the Solicitation Package and other materials requested to be forwarded to the Beneficial Owner for voting.  If 'pre-validated," the Beneficial Owner may then complete the information requested in the Beneficial Ballot, review the certifications contained therein, and return the Beneficial Ballot directly to the Balloting Agent in the pre-addressed, postage-paid envelope included with the Solicitation Package so that it is received by the Balloting Agent before the Voting Deadline.  A list of the Beneficial Owners to whom "pre-validated" Ballots were delivered should be maintained by the Nominee for inspection for at least one year from the Voting Deadline.

47.     If the Nominee elects not to pre-validate a Beneficial Ballot, the Nominee shall tabulate the Beneficial Ballots on a Master Ballot to be returned to the Balloting Agent before the Voting Deadline.

48.     The Election Notices (**<u>Schedule 4A</u>**) will be separately distributed to holders of Claims in Classes 1 and 5 in the same manner as the Ballots will be distributed to holders of Claims in such Classes (as described in the preceding paragraphs).

*Classes 2, 3, and 6*

*Voting Procedures*

49.     The Debtor proposes to deliver Ballots with respect to Claims in Classes 2, 3, and

6 (**Schedules 3C-3E**) to (a) Ambac with respect to Class 2; (b) National with respect to Class 3;

and (c) Assured with respect to Class 6.  Beneficial Owners of Claims in Classes 2, 3, and 6 will

not be entitled to receive a Ballot and vote to accept or reject the Plan.  Beneficial Owners of

Claims in Classes 2 and 3, and certain Beneficial Owners of Claims in Class 6, will be entitled to

receive an Election Notice to make an election of the form of distributions under the Plan, as

further summarized below.

50.     The Insurers have asserted that, pursuant to PROMESA section 301(c) and the

terms of the insurance provisions applicable to the insured bonds set forth in the *First

Supplemental Sales Tax Revenue Bond Resolution*, adopted on July 13, 2007, they are entitled to

vote to accept or reject a plan of adjustment on behalf of the Beneficial Owners of securities

insured by an Insurer giving rise to claims under a plan, which assertion certain of such

Beneficial Owners dispute. As a result of extensive negotiations, parties to that certain Amended

and Restated Plan Support Agreement, dated September 20, 2018 (the "A&R PSA"), which

include the Insurers and certain holders of insured Bonds, have agreed that, so long as the A&R

PSA remains in effect, the Insurers will be entitled to vote on behalf of the Beneficial Owners of

Claims in Classes 2, 3, and 6.  Pursuant to the A&R PSA, if the A&R PSA is no longer in effect,

all parties to the A&R PSA reserve their rights to seek a determination with respect to the

Insurers' and their insured bondholders' right to vote to accept or reject any plan of adjustment.

*Distribution Election Procedures*

*Classes 2 and 3*

51.    Holders of Claims in Classes 2, 3, and 6 will be entitled to make certain elections with respect to the obligations of the insurer of their bonds, either by agreeing to commute the insurance obligations by receiving specified consideration from insurer of their bonds or maintain the insurance obligations and receive custodial trust certificates from the insurer of their bonds.  The Debtor proposes to deliver Solicitation Packages with Election Notices (or, where appropriate, the Assured Election Notice) to the Nominees of the holders of Claims in Classes 2, 3, and 6 (**Schedules 4B-4D**).  Each Nominee will be entitled to receive reasonably sufficient numbers of the Election Notices and, where appropriate, sufficient Assured Election Notices, to distribute to its Beneficial Owners.  In addition, upon written request with supporting back-up documentation, the Debtor shall reimburse each Nominee's reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Election Notices to the Beneficial Owners of such Claims.

52.    The Debtor proposes that each Nominee be required to (i) forward the Election Notice (or, where appropriate, the Assured Election Notice) to the Beneficial Owners of Claims in Classes 2, 3, and 6 for whom such Nominee acts; provided, however, that if it is a Nominee's customary and accepted practice to forward the Election Notices to (and collect elections from) Beneficial Owners by voter information form, e-mail, telephone or other customary means of communication, the Nominee may employ that method of communication in lieu of sending the paper Election Notice; and (ii) ensure that the Beneficial Owners have a reasonable time period within which to make its election according to the Nominee's instructions.  The Debtor proposes

the Nominee be required to retain the election results for inspection for a period of at least one year following the Election Deadline.

53.     Pursuant to Article X of the Plan, holders of Claims in Class 6 (Junior COFINA Bond Claims (Assured)) will have the right to make certain Assured Bondholder Elections with respect to their treatment only to the extent that Assured does not exercise the Assured Election. If Assured exercises the Assured Election, then Assured may elect, in its sole discretion, to pay off all or any portion of the Assured Insured Bonds giving rise to the Claims in Class 6 at an Acceleration Price on the Effective Date and thereby satisfy and discharge all of its obligations under the applicable Assured Insurance Policies.   In the event Assured makes the Assured Election with respect to any Assured Insured Bonds on or prior to the Voting Record Date, there will be no need for the holders of such Assured Insured Bonds to receive an Election Form, as such holders will not be entitled to make any elections, and it would instead be appropriate for such holders to receive a notice (the "Assured Election Notice"), substantially in the form of **Schedule 5** attached to the Disclosure Statement Order, informing such holders that Assured has exercised the Assured Election with respect to such holders' Assured Insured Bonds. Therefore, to the extent Assured informs the Debtor in writing on or before the Voting Record Date that it has exercised the Assured Election with respect to any Assured Insured Bonds giving rise to Claims in Class 6, the Debtor requests that the Solicitation Packages distributed to the holders of such Assured Insured Bonds contain the Assured Election Notice rather than an Election Notice, but that the manner of distribution of such Solicitation Packages otherwise be the same as with respect to Solicitation Packages containing Election Notices.

***Classes 8 and 9***

54.     With respect to Classes 8 or 9 (**Schedules 3F-3G**), the Debtor proposes to deliver

Ballots directly to holders of Claims arising under such Classes.

**F.     Fixing Voting and Election Deadline**

55.     Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure

statement, the court shall fix a time within which the holders of Claims may accept or reject a

plan. The Debtor anticipates completing mailing of the Solicitation Packages by the Solicitation

Mailing Date.  Based on this schedule, the Debtor proposes that to have effect as a vote to accept

or reject the Plan, each Ballot or Master Ballot (as applicable) must be properly executed,

completed, and delivered to the Balloting Agent by (i) first-class mail, in the return envelope

provided with each Ballot (or otherwise by first-class mail), (ii) overnight courier, (iii) hand

delivery, or (iv) electronic, online submission at Prime Clerk's website (as described more fully

below and as permitted in accordance with the instructions set forth on the applicable Ballot), so

as to be actually received by the Balloting Agent no later than 5:00 p.m. (Atlantic Standard

Time) on January 8, 2019, unless such time is extended (the "Voting Deadline").  The Debtor

submits a solicitation period of at least thirty-three (33) calendar days is a sufficient period

within which creditors can make an informed decision whether to accept or reject the Plan.

56.     As mentioned above, in addition to accepting Ballots by regular mail, overnight

courier or hand delivery, the Debtor seeks authority to accept applicable Ballots via electronic,

online transmission through a customized electronic Ballot by utilizing the E-Ballot platform on

Prime Clerk's website.  Applicable holders may cast an E-Ballot and electronically sign and

submit such electronic Ballot via the E-Ballot platform.  Instructions for casting an electronic

Ballot can be found on the "E-Ballot" section of Prime Clerk's website, at

https://cases.primeclerk.com/puertorico.  The encrypted ballot data and audit trail created by

such electronic submission shall become part of the record of any electronic Ballot submitted in this manner and the creditor's electronic signature will be deemed to be an original signature that is legally valid and effective.   For the avoidance of doubt, holders may only cast Ballots electronically via the E-Ballot platform. Ballots submitted by electronic mail, facsimile or any other means of electronic submission not specifically authorized by the solicitation procedures shall not be counted.

57.     The Debtor proposes that to have effect as an election of the form of distribution under the Plan and, with respect to Claims in Classes 1 and 5, to opt out of certain releases contained in Section 30.6 of the Plan, each creditor eligible to make such an election or release opt out must deliver its election or release opt out to the Nominee according to the instructions in the applicable Election Notice (or Assured Election Notice, if applicable) or as otherwise directed by such Nominee (**Schedules 4A-4D**) in sufficient time for the Nominee to receive and effectuate the creditor's election or release opt out through the Automated Tender Offer Program ("ATOP") in accordance with the procedures of The Depository Trust Company ("DTC") by no later than 5:00 p.m. (Atlantic Standard Time) on January 8, 2019, unless such time is extended (the "Election Deadline").   Any election of the form of distribution under the Plan executed, completed, and delivered on or before the Election Deadline shall be deemed to be made as of the Election Deadline.

58.     Any creditor who has delivered its election or release opt out to the Nominee may instruct the Nominee to revoke such creditor's election or release opt out and withdraw any securities that have been tendered with respect to an election, in sufficient time for the Nominee to receive and effectuate the creditor's revocation through ATOP in accordance with the procedures of DTC on or before the Election Deadline. After the Election Deadline, all securities

that have been tendered with respect to an election or release opt out through DTC's ATOP will be restricted from further trading or transfer until the Effective Date of the Plan.

**G.      Approval of the Notice of Non-Voting Status – Class 10**

59.      The Debtor proposes to mail the holders of Claims in Class 10 (Section 510(b) Subordinated Claims) a notice indicating such claimholders are not entitled to vote to accept or reject the Plan (a "<u>Notice of Non-Voting Status – Class 10</u>"), a form of which is attached to the Disclosure Statement Order as **<u>Schedule 5</u>**.   The Notice of Non-Voting Status – Class 10 identifies the Class that will receive no distribution under the Plan and sets forth (i) the manner in which holders of Claims in such Class may obtain a copy of the Plan and Disclosure Statement, (ii) the deadline for filing objections to confirmation of the Plan, and (iii) the time and date set for the Confirmation Hearing. The Debtor requests that the Court determine it is not required to distribute copies of the Disclosure Statement Order, Plan, or Disclosure Statement to any holder of a Claim in Class 10 (Section 510(b) Subordinated Claims), except upon written request.

**H.      Approval of Vote Tabulation Procedures**

60.      Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).  Further, Bankruptcy Rule 3018(a) provides, "[n]otwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a).

61.     Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, any Claim, and without prejudice to the Debtor's rights in any other context, the Debtor proposes each Claim within a Class of Claims entitled to vote to accept or reject the Plan be in an amount determined by the following procedures:

a. If a Claim is deemed allowed under the Plan, such Claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan;

b. If a Claim for which a proof of claim has been timely filed is wholly contingent, unliquidated, or disputed, undetermined, or unknown in amount, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, and the Ballot mailed to the holder of such Claim shall be marked as voting at $1.00; unless such Claim is disputed as set forth in subparagraph "h" below;

c. If a proof of claim was timely filed in an amount that is liquidated, noncontingent, and undisputed, such Claim is temporarily allowed in the amount set forth on the proof of claim, unless such Claim is disputed as set forth in subparagraph "h" below;

d. If a Claim is listed on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

e. If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

f. If a Claim is listed in the List of Creditors as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, the Debtor proposes such Claim not be entitled to vote to accept or reject the Plan;

g. Proofs of claim filed for $0.00 or Claims that have been expunged by order of the Court are not entitled to vote;

h. If the Debtor has served an objection or request for estimation as to a Claim at least ten (10) days before the Voting Deadline, such Claim is temporarily

disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;

i.  For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated based on the reasonable efforts of the Debtor and Balloting Agent as if such creditor held one Claim against COFINA in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

j.  Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class may be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtor has objected to such duplicate Claims;

k.  If a proof of claim has been amended by a later filed proof of claim, only the later filed amending Claim will be entitled to vote, regardless of whether the Debtor has objected to such earlier filed Claim;

l.  Notwithstanding anything contained herein to the contrary, the Balloting Agent, in its discretion, may contact voters to cure any defects in the Ballots and is authorized to so cure any defects;

m.  There shall be a rebuttable presumption that any claimant who submits a properly completed, superseding Ballot, or withdraws a Ballot on or before the Voting Deadline has sufficient cause, within the meaning of Bankruptcy Rule 3018(a), to change or withdraw such claimant's acceptance or rejection of the Plan, such that the earlier submitted Ballot shall be deemed superseded or withdrawn, as applicable; and

n.  Any Class that contains claims entitled to vote but no votes are returned for such Class shall be deemed to have accepted the Plan.

62.  The following additional procedures shall apply with respect to tabulating Master Ballots:

a.  Votes cast by holders of public securities through Nominees will be applied to the applicable positions held by such Nominees as of the Voting Record Date, as evidenced by the record and depository listings. Votes submitted by a Nominee shall not be counted in excess of the amount of public securities held by such Nominee as of the Voting Record Date;

b.  If conflicting votes or "over-votes" are submitted by a Nominee, the Balloting Agent shall use reasonable efforts to reconcile discrepancies with the Nominee;

c.  If over-votes are submitted by a Nominee that are not reconciled prior to the preparation of the certification of vote results, the votes to accept and to reject the Plan shall be approved in the same proportion as the votes to accept and to reject the Plan submitted by the Nominee, but only to the extent of the Nominee's Voting Record Date position in the public securities; and

d.  For the purposes of tabulating votes, each Beneficial Owner or Insurer shall be deemed (regardless of whether such holder includes interest in the amount voted on its Beneficial Ballot) to have voted only the principal amount of its public securities; any principal amounts thus voted will be thereafter adjusted by the Balloting Agent, on a proportionate basis with a view to the amount of securities actually voted, to reflect the corresponding claim amount with respect to the securities thus voted, including any accrued but unpaid prepetition interest or accreted principal, as applicable.

63.   The Debtor believes the foregoing procedures will provide for a fair and equitable voting process.  If any creditor seeks to challenge the allowance of its Claim for voting purposes in accordance with the above procedures, the Debtor requests the Court direct such claimant to serve on counsel for the Oversight Board, counsel for AAFAF, and counsel for the statutory committees appointed in any of the Title III cases, and file with the Court (with a copy to Chambers) a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan on or before the tenth (10th) day after the later of (i) service of the Confirmation Hearing Notice, and (ii) service of notice of an objection or request for estimation, if any, as to such Claim.

64.   The Debtor further proposes, in accordance with Bankruptcy Rule 3018, that as to any claimant filing such a motion, the claimant's Ballot not be counted unless temporarily allowed by an order issued by the Court prior to the Voting Deadline.

65.   In addition, the Debtor requests the following procedures apply with respect to ascertaining the intent of certain creditors who cast Ballots or makes an election with respect to

the form of distribution under the Plan: (i) whenever a creditor casts more than one Ballot voting the same Claim(s) or submits more than one distribution election with respect to the same Claim(s) before the Voting Deadline or Election Deadline, as applicable, the last properly completed Ballot or election actually received before the Voting Deadline or Election Deadline, as applicable, shall be deemed to reflect the voter's intent and, thus, to supersede any prior Ballots or elections, as applicable; (ii) whenever a creditor casts a Ballot that is properly completed, executed, and timely returned to the Balloting Agent, but does not indicate either an acceptance or rejection of the Plan, the Ballot shall not be counted; (iii) whenever a creditor casts a Ballot that is properly completed, executed, and timely returned to the Balloting Agent, but indicates both an acceptance and rejection of the Plan, the Ballot shall not be counted; (iv) whenever a Class 2 creditor (A) fails to timely make an election of the form of distribution under the Plan, (B) submits an election that fails to elect a form of distribution, or (C) submits an election that elects both distribution options, then such creditor shall be deemed to have elected to release, discharge and commute Ambac's obligations and the Ambac Insurance Policy and to receive distributions in accordance with Section 6.1(a) of the Plan; (v) whenever a Class 3 creditor (A) fails to timely make an election of the form of distribution under the Plan, (B) submits an election that fails to elect a form of distribution, or (C) submits an election that elects both distribution options, then such creditor shall be deemed to have elected to release, discharge and commute National's obligations and the National Insurance Policy and to receive distributions in accordance with Section 7.1(a) of the Plan; and (v) whenever a Class 6 creditor (A) fails to timely make an election of the form of distribution under the Plan, (B) submits an election that fails to elect a form of distribution, or (C) submits an election that elects both

distribution options, then such creditor shall be deemed to have made Assured Election 2 and to receive distributions in accordance with Section 17.3 of the Plan.

66. The Debtor further proposes the following Ballots not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected, unless otherwise agreed to by the Debtor: (i) any Ballot received after the Voting Deadline unless the Debtor has granted an extension with respect to such Ballot; (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (iii) any Ballot cast by a person or entity that does not hold a Claim in a Voting Class; (iv) any unsigned Ballot; (v) any Ballot without an original signature; *provided*, *however*, that any Ballot case via the Balloting Agent's E-Ballot platform shall be deemed to contain an original signature; and (vi) any Ballot transmitted to the Balloting Agent by facsimile, electronic mail, or other means not specifically approved by this Court.

67. The Debtor further proposes that, subject to any contrary order of the Court and except as otherwise set forth herein, it may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the vote tabulation certification prepared by the Balloting Agent.

68. Notice of this Motion will be provided by facsimile, electronic mail transmission, regular mail and/or hand delivery to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for COFINA's bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against COFINA; (d) the statutory committees appointed in any of the Title III cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority; (g) the Puerto Rico Department of

Justice; (h) the United States Securities and Exchange Commission; and (h) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

69.     No prior request for the relief sought in this Motion has been made to this or any other court.

### Reservation of Rights

70.     The Oversight Board files this Motion on behalf of the Debtor without prejudice to or waiver of the Debtor's rights under PROMESA section 305, and nothing herein is intended to, shall constitute or shall be deemed to constitute the Oversight Board's consent to any form of interference under that section.


*[Remainder of page intentionally left blank]*

WHEREFORE the Debtor respectfully requests an order (i) granting the relief sought herein, and (ii) granting such other and further relief to the Debtor as may be just and proper.

Dated: October 19, 2018
  San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Maja Zerjal (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtor*

*/s/ Martin J. Bienenstock*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtor*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

## NOTICE OF
## PUERTO RICO SALES TAX FINANCING CORPORATION'S MOTION FOR ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) FIXING VOTING RECORD DATE, (III) APPROVING CONFIRMATION HEARING NOTICE, (IV) APPROVING SOLICITATION PACKAGES AND DISTRIBUTION PROCEDURES, (V) APPROVING FORMS OF BALLOTS AND ELECTION NOTICES, AND VOTING AND ELECTION PROCEDURES, (VI) APPROVING NOTICE OF NON-VOTING STATUS, (VII) FIXING VOTING AND ELECTION DEADLINES, AND (VIII) APPROVING VOTE TABULATION PROCEDURES

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

TO: (I) THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF PUERTO RICO; (II) THE INDENTURE TRUSTEES AND/OR AGENTS, AS APPLICABLE, FOR THE DEBTOR'S BONDS; (III) THE ENTITIES ON THE LIST OF CREDITORS HOLDING THE 20 LARGEST UNSECURED CLAIMS AGAINST COFINA; (IV) THE STATUTORY COMMITTEES APPOINTED IN ANY OF THE TITLE III CASES; (V) THE OFFICE OF THE UNITED STATES ATTORNEY FOR THE DISTRICT OF PUERTO RICO; (VI) COUNSEL TO THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY; (VII) THE PUERTO RICO DEPARTMENT OF JUSTICE; (VIII) THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION; AND (IX) ALL PARTIES REQUESTING NOTICE PURSUANT TO BANKRUPTCY RULE 2002.

**PLEASE TAKE NOTICE** that the Financial Oversight and Management Board on behalf of the Puerto Rico Sale Tax Financing Corporation (the "Debtor") has filed with the Court the attached *Puerto Rico Sales Tax Financing Corporation's Motion for Order (i) Approving Disclosure Statement, (ii) Fixing  Voting Record Date, (iii) Approving Confirmation Hearing Notice, (iv) Approving Solicitation Packages  and Distribution Procedures, (v) Approving Forms of Ballots and Election Notices, and Voting and Election Procedures, (vi) Approving Notice of Non-Voting Status, (vii) Fixing  Voting and Election Deadlines, and (viii) Approving Vote Tabulation Procedures* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that any objections to the relief requested in the Motion must be in writing and filed on or before **November 13, 2018 at 12:00 p.m. (AST)** (the "Objection Deadline") with the Court.  At the same time, you must serve a copy of your objection upon the undersigned counsel to the Debtor so as to be received on or before the Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** THAT A HEARING TO CONSIDER THE MOTION WILL BE HELD ON **NOVEMBER 20, 2018 AT 10:30 A.M. (AST)** BEFORE THE HONORABLE LAURA TAYLOR SWAIN, UNITED STATES DISTRICT COURT JUDGE, IN COURTROOM 17C OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, DANIEL PATRICK MOYNIHAN COURTHOUSE, 500 PEARL STREET, NEW YORK, NY 10007, OR AS SOON THEREAFTER AS COUNSEL MAY BE HEARD, TO CONSIDER THE RELIEF SOUGHT IN THE MOTION.

[*Remainder of Page Left Intentionally Blank*]

**PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO RESPOND TO THE MOTION IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED THEREIN WITHOUT FURTHER NOTICE OR A HEARING.**

Dated: October 19, 2018
      San Juan, Puerto Rico

Respectfully submitted,

/s/ Martin J. Bienenstock

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Maja Zerjal (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtor*

/s/ Martin J. Bienenstock

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtor*

## **Exhibit A**

**Disclosure Statement Order**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　　as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>　　　　　　　　　Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

**ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) FIXING VOTING RECORD DATE, (III) APPROVING CONFIRMATION HEARING NOTICE, (IV) APPROVING SOLICITATION PACKAGES AND DISTRIBUTION PROCEDURES, (V) APPROVING FORMS OF BALLOTS AND ELECTION NOTICES, AND VOTING AND ELECTION PROCEDURES, (VI) APPROVING NOTICE OF NON-VOTING STATUS, (VII) FIXING VOTING AND ELECTION DEADLINES, AND (VIII) APPROVING VOTE TABULATION PROCEDURES**

Upon the motion (the "<u>Motion</u>"),[2] dated October 19, 2018, of the Puerto Rico Sales Tax

Financing Corporation ("<u>COFINA</u>" or the "<u>Debtor</u>"), by and through the Financial Oversight and

---

[1]　The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Management Board for Puerto Rico (the "Oversight Board"), as representative of the debtor under PROMESA section 315(b), pursuant to sections 105, 502, 1125, 1126(a), 1126(b), 1126(c), 1126(e), 1126(f), 1126(g), and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2002, 3016, 3017, 3018, 3020, 9013, 9014, and 9021, and Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules") 3016-2 and 9013-1 requesting an order: (i) approving the proposed Disclosure Statement, (ii) fixing a Voting Record Date for voting on the Plan (as defined below), (iii) approving the Confirmation Hearing Notice, (iv) approving the proposed contents of the Solicitation Package and procedures for distribution thereof, (v) approving the forms of ballots, election notices, and Assured Election Notice, and establishing solicitation, voting, and balloting procedures, (vi) approving the form and manner of Notice of Non-Voting Status – Class 10, (vii) fixing a Voting Deadline and Election Deadline, and (viii) approving procedures for tabulating creditor votes, all as more fully described in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be provided; and the Court having determined the relief sought in the Motion is in the best interests of the Debtor, its creditors, and all parties in interest; and the Court having determined the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, it is hereby found and determined that:[3]

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Motion.

[3]  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

A.      The Debtor, by and through the Oversight Board, as the Debtor's representative in its Title III case pursuant to PROMESA section 315(b), has full authority to propose and prosecute the *Disclosure Statement for the Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement") [ECF No. ____] and the *Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified, including all exhibits and supplements thereto, the "Plan") [ECF No. ____].

B.      The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code, and no other or further information is necessary for purposes of soliciting acceptances and rejections of the Plan as set forth herein.

C.      The forms of ballots with respect to the Plan, substantially in the forms attached hereto as **Schedules 3A-3G** (each, a "Ballot"), are sufficiently consistent with Official Bankruptcy Form No. B 314 and adequately address the particular needs of COFINA's Title III Case and are appropriate for the relevant Classes of Claims entitled under the Plan to vote to accept or reject the Plan.

D.      The forms of election notices with respect to the Plan and the notice that Assured has exercised the Assured Election, substantially in the forms attached hereto as **Schedules 4A-4D** (each, an "Election Notice") and **Schedule 5** (the "Assured Election Notice"), respectively, adequately address the particular needs of COFINA's Title III Case and are appropriate for the relevant Classes of Claims entitled under the Plan to make an election of the form of distribution under the Plan or to receive the treatment provided for under the Plan with respect to the Assured Election.

E.      Ballots to vote to accept or reject the Plan need only be provided to Ambac, National, or Assured on account of Claims in Classes 2, 3, and 6, respectively.  Beneficial holders of Claims in Classes 2, 3, and 6 shall be entitled to receive Election Notices to make an election with respect to the form of distribution under the Plan.

F.      Ballots need not be provided to the holders of Claims in Classes 4 and 7, because the holders of these Claims are deemed to accept the Plan upon electing to be treated under such Class.

G.      Ballots also need not be provided to the holders of Claims in Class 10, because such holders will retain and receive no property under the Plan and are deemed to reject the Plan.

H.      The period set forth below, during which the Debtor may solicit acceptances to the Plan and elections with respect to the form of distribution thereunder, is a reasonable period of time for holders of Claims entitled to vote on the Plan or make the foregoing elections to make an informed decision as to whether they should accept or reject the Plan and what election to make.

I.      The procedures set forth below regarding notice to all parties in interest of the time, date, and place of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") and the distribution and contents of the solicitation packages (the "Solicitation Packages") provide a fair and equitable notice and voting process and comply with Bankruptcy Rules 2002, 3017, and 3018 and constitute sufficient notice to all interested parties of the Voting Record Date, the Voting Deadline, the Election Deadline, the Confirmation Objection Deadline, the Confirmation Hearing, and all related matters.

NOW, THEREFORE, IT IS HEREBY

ORDERED that the Motion is granted as may be modified herein; and it is further

ORDERED that the Disclosure Statement is approved in its entirety, and the Debtor may accordingly solicit acceptance and rejections of the Plan as set forth herein; and it is further

ORDERED that all objections to the Disclosure Statement have been withdrawn, resolved, or are overruled; and it is further

ORDERED that the Disclosure Statement (including the exhibits thereto) provides holders of Claims and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Sections 30.5-.8, 30.13 of the Plan in satisfaction of the requirements of Bankruptcy Rule 3016(c); and it is further

ORDERED that the forms of Ballots, Election Notices, and the Assured Election Notice are approved; and it is further

ORDERED that the record date for purposes of determining creditors entitled to vote on the Plan or, in the case of the non-voting Class 10 to receive the Notice of Non-Voting Status – Class 10, shall be November 20, 2018 (the "Voting Record Date"); and it is further

ORDERED that, with respect to any transferred Claim, the transferee will be entitled to receive a Solicitation Package and vote to accept or reject the Plan on account of the transferred Claim only if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date; or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer. In the event a Claim is transferred after the transferor has completed, executed, and returned a Ballot, the transferee of such Claim shall be bound by any vote (and the consequences thereof) made on the Ballot by such transferor of such transferred Claim; and it is further

5

ORDERED that, for the purposes of voting on the Plan, Ambac, National, or Assured shall have the sole right to cast the votes to accept or reject such Plan on account of Claims in Classes 2, 3, and 6, respectively; and it is further

ORDERED that CEDE & Company and The Depository Trust Company shall provide the Debtor within five (5) Business Days, or as soon as possible thereafter, of the date of this Order with a listing of the names and addresses of all Nominees that as of the Voting Record Date held, directly or indirectly, any of the COFINA bonds; and it is further

ORDERED that the Debtor shall cause the Balloting Agent to complete the mailing of the appropriate Solicitation Package to all known holders (as of the Voting Record Date) of Claims in Class 1 (Senior COFINA Bond Claims), Class 2 (Senior COFINA Bond Claims (Ambac)), Class 3 (Senior COFINA Bond Claims (National)), Class 5 (Junior COFINA Bond Claims), Class 6 (Junior COFINA Bond Claims (Assured)), Class 8 (GS Derivative Claim), and Class 9 (General Unsecured Claims) (collectively, the "Voting Classes") by no later than the date that is seven (7) business days following entry of the order approving the Disclosure Statement (the "Solicitation Mailing Date").   Solicitation Packages mailed to creditors holding Claims, or insurers of securities giving rise to such Claims, as applicable, in the Voting Classes will contain, in English and Spanish translation: (i) the Confirmation Hearing Notice; (ii) a flash drive (or hard copy, in the Debtor's discretion) containing this Disclosure Statement Order (without the exhibits hereto) and Disclosure Statement (together with all exhibits thereto, including the Plan); (iii) the appropriate form of Ballot, if any, with instructions for completing the Ballot, and a pre-addressed, pre-paid return envelope; (iv) the appropriate Election Notice, if any; (v) solely with respect to holders of Claims in Classes 8 and 9, a W-9 form or W-8 BEN form, as appropriate, for purposes of collecting certain tax related information relating to distributions under the Plan;

and (vi) in the case of creditors in Class 6 with respect to whose Assured Insured Bonds Assured

has exercised the Assured Election on or before the Voting Record Date, the Assured Election

Notice; and it is further

ORDERED that if it is a Nominee's customary and accepted practice to forward the

solicitation information to (and collect votes or elections from) Beneficial Owners by voter

information form, email, telephone or other customary means of communications, as applicable,

the Nominee may employ that method of communication in lieu of sending the paper Beneficial

Ballot, Election Notice, and/or Solicitation Package; and it is further

ORDERED that the Debtor is authorized, but not required, to distribute the Disclosure

Statement (together with all exhibits thereto) and the Disclosure Statement Order to the Voting

Classes in electronic format (flash drive), and Confirmation Hearing Notice, Ballots, and W-9

form or W-8 BEN form, as appropriate, shall only be provided in paper format; and

ORDERED that, on or before the Solicitation Mailing Date, the Debtor shall provide (i)

complete Solicitation Packages (excluding Ballots and Election Notices) to:

(a) the U.S. Trustee,

(b) counsel to AAFAF,

(c) the attorneys for Ambac, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street,
New York, NY 10005, Attn: Dennis Dunne, Esq. and Atara Miller, Esq.;

(d) the attorneys for Assured, Cadwalader, Wickersham & Taft, 200 Liberty Street, New
York, NY 10281, Attn: Mark Ellenberg, Esq., Lary Stromfeld, Esq., Ivan Loncar,
Esq., and Casey Servais, Esq.;

(e) the attorneys for National, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New
York, NY 10153, Attn: Marcia L. Goldstein, Esq. and Gabriel Morgan, Esq.;

(f) the attorneys for the Senior Ad Hoc Holders, Quinn Emanuel Urquhart & Sullivan,
LLP, 51 Madison Avenue, New York, NY 10010, Attn: Susheel Kirpalani, Esq. and
Eric Kay, Esq.;

(g) the attorneys for Oppenheimer and the First Puerto Rico Family of Funds, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: Thomas Mayer, Esq., Amy Caton, Esq., and Douglas Buckley, Esq.;

(h) the attorneys for GSAM, McDermott, Will & Emery LLP, 444 West Lake Street, Chicago, IL 60606, Attn: William P. Smith, Esq., David L. Taub, Esq., and Alexandra C. Scheibe, Esq.;

(i) the attorneys for the Puerto Rico Funds, White & Case LLP, 200 South Biscayne Boulevard, Miami, FL 33131, Attn: John K. Cunningham, Esq. and Fernando de la Hoz, Esq.;

(j) the attorneys for the Bonistas, Davis, Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Donald Bernstein, Esq. and Brian Resnick, Esq.;

(k) the attorneys to certain of the Insured Senior Holders, Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, NY 10019, Attn: Lawrence A. Larose, Esq. and Eric Daucher, Esq.;

(l) the attorneys to GoldenTree Asset Management LP, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Ira S. Dizengoff, Esq. and Philip C. Dublin, Esq.;

(m) the attorneys to Tilden Park Capital Management LP, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017, Attn: Sandy Qusba, Esq. and Nicholas Baker, Esq.;

(n) the attorneys to Whitebox Advisors LLC, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, Attn: Daniel A. Fliman, Esq.;

(o) the attorneys for Aurelius and Six PRC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019, Attn: Andrew N. Rosenberg, Esq.; and

(p) counsel to the statutory committees appointed in any of the Title III cases;

and (ii) the Disclosure Statement Order (excluding the exhibits thereto) and the Confirmation Hearing Notice to the Debtor's Bankruptcy Rule 2002 list as of the Voting Record Date; and

ORDERED that the Debtor shall complete, by no later than the Solicitation Mailing Date, the service of (i) the Confirmation Hearing Notice, and (ii) a Notice of Non-Voting Status – Class 10 to all known holders (as of the Voting Record Date) of Claims in Class 10; and it is further

ORDERED that the Confirmation Hearing Notice setting forth the time, date, and place of the Confirmation Hearing, substantially in the form attached hereto as **Schedule 2**, is approved; and it is further

ORDERED that the Debtor shall publish the Confirmation Hearing Notice, on one occasion, in each of *El Nuevo Dia* in Spanish (primary circulation is in Puerto Rico), *Caribbean Business* in English (primary circulation is in Puerto Rico), *El Diario* in Spanish (primary circulation is in New York), *El Nuevo Herald* in Spanish (primary circulation is Miami), and *The Bond Buyer*, to the extent possible, on a date not less than twenty-five (25) nor more than thirty-two (32) calendar days prior to the Confirmation Hearing date, which notice is hereby approved and constitutes adequate and sufficient notice and complies Bankruptcy Rule 2002; and it is further

ORDERED that any objections to confirmation of the Plan must (i) be in writing, (ii) state the name, address, and nature of the Claim of the objecting or responding party, (iii) state with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan to resolve any such objection or response, and (iv) be filed, together with proof of service, with the Court and served so as to be actually received no later than 5:00 p.m. (Atlantic Standard Time) on January 2, 2019 (the "Confirmation Objection Deadline") by the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Commonwealth of Puerto Rico); (b) attorneys for the Oversight Board as representative of COFINA, Proskauer Rose LLP, 11 Times Square, New York, New York 10036, Attn: Martin J. Bienenstock, Esq., and Brian Rosen, Esq.; (c) co-attorneys for the Oversight Board as representative of COFINA, O'Neill & Borges LLC, 250 Muñoz Rivera Ave.,

Suite 800, San Juan, PR 00918- 1813, Attn: Hermann D. Bauer, Esq.; (d) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq., Suzzane Uhland, Esq., and Diana M. Perez, Esq.; (e) the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muniz, LLC, Luis C. Marini-Biaggi, Esq., MCS Plaza, Suite 500, 255 Ponce de León Ave., San Juan P.R. 00917; (f) those creditors holding the 20 largest unsecured claims against the Debtor (on a consolidated basis); (g) attorneys for the Official Committee of Unsecured Creditors in the Commonwealth's Title III case, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc A. Despins, Esq., Andrew V. Tenzer, Esq., Michael E. Comerford, Esq., and G. Alexander Bongartz, Esq.; (h) attorneys for the Official Committee of Unsecured Creditors in the Commonwealth's Title III case, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. and Alberto J.E. Añeses Negrón, Esq.; (i) attorneys for the Official Committee of Retired Employees in the Commonwealth's Title III case, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. and Richard Levin, Esq., and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. and Melissa Root, Esq.; (j) attorneys for the Official Committee of Retired Employees in the Commonwealth's Title III case, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar-Zequeira, Esq.; and (k) all parties that have requested notice pursuant to Bankruptcy Rule 2002; and it is further

ORDERED that objections to confirmation of the Plan that are not timely filed, served, and actually received in the manner set forth above shall not be considered and shall be deemed overruled; and it is further

ORDERED that counsel to the Debtor and other parties in interest are authorized to file replies or responses to any such objections no later than **5:00 p.m. (Atlantic Standard Time) on January 9, 2019**, including any adjournments thereof; and it is further

ORDERED that the Debtor shall not be required to send Solicitation Packages to (i) any holder of an unimpaired Claim under the Plan, (ii) any holder of a Claim in a Class deemed to reject the Plan, (iii) any party who holds a Claim, whether in the form of a filed proof of claim, or an amount listed on the list of creditors filed by the Debtor pursuant to sections 924 and 925 of the Bankruptcy Code (as amended or modified, the "List of Creditors") in an amount of $0.00, (iv) any holder of a Claim that has been expunged by order of the Court, and (v) a creditor that has a Claim that has already been paid in full; and it is further

ORDERED that, with respect to addresses from which notices of the Disclosure Statement hearing were returned as undeliverable by the United States Postal Service, the Debtor is excused from mailing Solicitation Packages or any other materials related to voting on or confirmation of the Plan to entities listed at such addresses unless and until the Debtor is provided with accurate addresses for such entities before the Voting Record Date; and it is further

ORDERED that the form of Notice of Non-Voting Status – Class 10 (**Schedule 6**) is hereby approved; and it is further

ORDERED that the Notice of Non-Voting Status – Class 10 is hereby deemed to satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules and the Debtor shall not be

11

required to distribute copies of the Plan, Disclosure Statement, and/or Disclosure Statement Order to any holder of a Claim in Class 10 (Section 510(b) Subordinated Claims), except as to parties who request, in writing, copies of such documents; and it is further

ORDERED that each Ballot or Master Ballot (as applicable) must be executed, completed, and delivered to the Balloting Agent (i) by U.S. first-class mail, in the return envelope provided with each Ballot (or otherwise by first-class mail); (ii) by overnight courier; (iii) by hand delivery, or (iv) Prime Clerk's e-balloting platform (where permitted), so that executed and completed Ballots are received by Prime Clerk, the Balloting Agent, by no later than **5:00 p.m. (Atlantic Standard Time) on January 8, 2019, unless such time is extended** (the "Voting Deadline"); and it is further

ORDERED that an election of the form of distribution under the Plan and, with respect to Claims in Classes 1 and 5,  an opt out of certain releases under Section 30.6 of the Plan must be executed, completed, and delivered to the Nominee in accordance with the instructions under the applicable Election Notice (or Assured Election Notice, if applicable) so as to be received by the Nominee by no later than **5:00 p.m. (Atlantic Standard Time) on January 8, 2019, unless such time is extended** (the "Election Deadline"); and it is further

ORDERED that any election of the form of distribution under the Plan executed, completed, and delivered on or before the Election Deadline shall be deemed to be made as of the Election Deadline; and it is further

ORDERED that all securities that have been tendered with respect to an election of distributions under the Plan or release opt out shall be restricted from further trading or transfer until the Effective Date of the Plan; and it is further

12

ORDERED that, solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a Claim, and without prejudice to the rights of the Debtor in any other context, each Claim within a Class of Claims entitled to vote is temporarily allowed in an amount equal to the amount of such Claim as set forth in the claims register; *provided*:

a. If a Claim is deemed allowed under the Plan, such Claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan;

b. If a Claim for which a proof of claim has been timely filed is wholly contingent, unliquidated, or disputed, undetermined, or unknown in amount, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, and the Ballot mailed to the holder of such Claim shall be marked as voting at $1.00; unless such Claim is disputed as set forth in subparagraph "h" below;

c. If a proof of claim was timely filed in an amount that is liquidated, noncontingent, and undisputed, such Claim is temporarily allowed in the amount set forth on the proof of claim, unless such Claim is disputed as set forth in subparagraph "h" below;

d. If a Claim is listed on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

e. If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

f. If a Claim is listed in the List of Creditors as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall not be entitled to vote to accept or reject the Plan;

g. Proofs of claim filed for $0.00 or Claims that have been expunged by order of the Court are not entitled to vote;

h. If the Debtor has served an objection or request for estimation as to a Claim at least ten (10) days before the Voting Deadline, such Claim is temporarily

13

disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;

i.   For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated based on the reasonable efforts of the Debtor and Balloting Agent as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

j.   Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class may be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtor has objected to such duplicate Claims;

k.   If a proof of claim has been amended by a later filed proof of claim, only the later filed amending Claim will be entitled to vote, regardless of whether the Debtor has objected to such earlier filed Claim;

l.   Notwithstanding anything contained herein to the contrary, the Balloting Agent, in its discretion, may contact voters to cure any defects in the Ballots and is authorized to so cure any defects;

m.   There shall be a rebuttable presumption that any claimant who submits a properly completed, superseding Ballot, or withdraws a Ballot on or before the Voting Deadline has sufficient cause, within the meaning of Bankruptcy Rule 3018(a), to change or withdraw such claimant's acceptance or rejection of the Plan, such that the earlier submitted Ballot shall be deemed superseded or withdrawn, as applicable; and

n.   Any Class that contains claims entitled to vote but no votes are returned for such Class shall be deemed to have accepted the Plan; and it is further

ORDERED that the following additional procedures shall apply with respect to tabulating

the Master Ballots:

a.   Votes cast by holders of public securities through Nominees will be applied to the applicable positions held by such Nominees as of the Voting Record Date, as evidenced by the record and depository listings. Votes submitted by a Nominee shall not be counted in excess of the amount of public securities held by such Nominee as of the Voting Record Date;

b. If conflicting votes or "over-votes" are submitted by a Nominee, the Balloting Agent shall use reasonable efforts to reconcile discrepancies with the Nominee;

c. If over-votes are submitted by a Nominee that are not reconciled prior to the preparation of the certification of vote results, the votes to accept and to reject the Plan shall be approved in the same proportion as the votes to accept and to reject the Plan submitted by the Nominee, but only to the extent of the Nominee's Voting Record Date position in the public securities; and

d. For the purposes of tabulating votes, each Beneficial Owner or Insurer shall be deemed (regardless of whether such holder includes interest in the amount voted on its Beneficial Ballot) to have voted only the principal amount of its public securities; any principal amounts thus voted will be thereafter adjusted by the Balloting Agent, on a proportionate basis with a view to the amount of securities actually voted, to reflect the corresponding claim amount with respect to the securities thus voted, including any accrued but unpaid prepetition interest or accreted principal, as applicable.

ORDERED that, if any claimant seeks to challenge the allowance or disallowance of its Claim for voting purposes in accordance with the above procedures, such claimant is required to serve on counsel for the Debtor, counsel for AAFAF, and counsel for the statutory committees appointed in any of the Title III cases, and file with the Court (with a copy to Chambers) a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "3018(a) Motion") temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan, on or before the tenth (10th) day after the later of (i) service of the Confirmation Hearing Notice, and (ii) service of notice of an objection or request for estimation, if any, as to such Claim; and it is further

ORDERED that, as to any claimant filing a 3018(a) Motion pursuant to Bankruptcy Rule 3018(a), such claimant's Ballot shall not be counted unless temporarily allowed by an order entered by the Court prior to the Voting Deadline; and it is further

ORDERED that each creditor that votes to accept or reject the Plan is deemed to have voted the full amount of its Claim therefor; and it is further

15

ORDERED that whenever a creditor casts more than one Ballot voting the same Claim(s) or submits more than one election with respect to the same Claim(s) before the Voting Deadline or Election Deadline, as applicable, the last Ballot received or election made before the Voting Deadline or Election Deadline, as applicable, is hereby deemed to reflect such creditor's intent or election, as applicable, and, thus, to supersede any prior Ballot(s) or elections made, as applicable; and it is further

ORDERED that any entity that holds a Claim in more than one Class that is entitled to vote must use separate Ballots for each such Claim; and it is further

ORDERED that creditors must vote all of their Claims within a particular Class under the Plan either to accept or reject the Plan and may not split their vote(s), and thus neither a Ballot that partially rejects and partially accepts the Plan, nor multiple Ballots casting conflicting votes in respect of the same Class under the Plan shall be counted; and it is further

ORDERED that the following types of Ballots shall not be counted in determining whether the Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline unless the Debtor has granted an extension with respect to such Ballot; (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (iii) any Ballot cast by a person or entity that does not hold a Claim in a Class entitled to vote to accept or reject the Plan; (iv) any unsigned Ballot; (v) any Ballot transmitted to the Balloting Agent by facsimile, electronic mail, or other means not specifically approved herein; (vi) any Ballot that is properly completed, executed, and timely returned to the Balloting Agent, but does not indicate either an acceptance or rejection of the Plan; (vii) any Ballot that is properly completed, executed, and timely returned to the Balloting Agent, but indicates both an acceptance and rejection of the Plan shall be counted as an acceptance of the Plan; and (viii) any Ballot without

16

an original signature; *provided*, *however*, that any Ballot cast via the Balloting Agent's E-Ballot platform shall be deemed to contain an original signature; and it is further

ORDERED that the Debtor, subject to any contrary order of the Court and except as otherwise set forth herein, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the vote tabulation certification prepared by the Ballot Agent; and it is further

ORDERED that whenever a Class 2 creditor (A) fails to timely make an election of the form of distribution under the Plan, (B) submits an election that fails to elect a form of distribution, or (C) submits an election that elects both distribution options, then such creditor shall be deemed to have elected to release, discharge and commute Ambac's obligations and the Ambac Insurance Policy and to receive distributions in accordance with Section 6.1(a) of the Plan; and it is further

ORDERED that whenever a Class 3 creditor (A) fails to timely make an election of the form of distribution under the Plan, (B) submits an election that fails to elect a form of distribution, or (C) submits an election that elects both distribution options, then such creditor shall be deemed to have elected to release, discharge and commute National's obligations and the National Insurance Policy and to receive distributions in accordance with Section 7.1(a) of the Plan; and it is further

ORDERED that whenever a Class 6 creditor (A) fails to timely make an election of the form of distribution under the Plan, (B) submits an election that fails to elect a form of distribution, or (C) submits an election that elects both distribution options, then such creditor shall be deemed to have made Assured Election 2 and to receive distributions in accordance with Section 17.3 of the Plan.

ORDERED that the Debtor is authorized, in accordance with the modification provisions of the Plan and Local Rule 3016-2, to make non-substantive changes to the Disclosure Statement, the Plan, the Ballots, the Election Notices, the Assured Election Notice, the Notice of Non-Voting Status – Class 10, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages as may be necessary, prior to mailing; and it is further

ORDERED that all notices to be provided pursuant to the procedures set forth herein are deemed good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing and no other or further notice need be provided; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the Debtor is authorized, in its discretion, to take or refrain from taking any action necessary or appropriate to effectuate the terms and relief granted pursuant to this Order in accordance with the Motion and without further order of the Court; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order, including, without limitation, disputes with respect to the validity of an election of the form of distributions to be made under the Plan.

Dated: _____, 2018
     San Juan, Puerto Rico

                                      _____
                                        Laura Taylor Swain
                                        United States District Court Judge

**<u>Schedule 1</u>**

**Disclosure Statement[1]**

---

[1] In the interest of economy, a hard copy of the Disclosure Statement will not be included as a schedule to the proposed Disclosure Statement Order.  A copy of the Disclosure Statement was filed on October 19, 2018, and is available on the Court's docket, as well as on the website of the Debtor's Claims and Noticing Agent, Prime Clerk, at https://cases.primeclerk.com/puertorico/. A flash drive containing the Disclosure Statement and all exhibits thereto will be included in the Solicitation Packages. Hard copies of the Disclosure Statement are available on request by contacting Prime Clerk by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoballots@primeclerk.com. Please do not direct any inquiries to the Court.

## Schedule 2

**Confirmation Hearing Notice**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>                  Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

**NOTICE OF (I) APPROVAL OF DISCLOSURE
STATEMENT, (II) ESTABLISHMENT OF RECORD DATES,
(III) HEARING ON CONFIRMATION OF THE PLAN OF ADJUSTMENT
AND PROCEDURES FOR OBJECTION TO CONFIRMATION OF THE PLAN OF
ADJUSTMENT, (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE
PLAN OF ADJUSTMENT AND MAKING CERTAIN ELECTIONS THEREUNDER**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      ***Approval of Disclosure Statement.***   By order dated November ___, 2018 (the "Disclosure Statement Order"), the United States District Court for the District of Puerto Rico (the "Court") approved the *Disclosure Statement for the Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement"), filed by the Financial Oversight and Management Board on behalf of the Debtor, and authorized the Debtor to solicit votes with respect to the approval or rejection of the *Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified, including all exhibits and supplements thereto, the "")[2], attached as **<u>Exhibit A</u>** to the Disclosure Statement.   Pursuant to the Disclosure Statement Order, the Debtor will mail to holders of Claims in Class 1 (Senior COFINA Bond Claims), Class 2 (Senior COFINA Bond Claims (Ambac)), Class 3 (Senior COFINA Bond Claims (National)), Class 5 (Junior COFINA Bond Claims), Class 6 (Junior COFINA Bond Claims (Assured)), Class 8 (GS Derivative Claim) and Class 9 (General Unsecured Claims) (collectively, the "Voting Classes") materials needed for voting on the Plan or making elections on distributions thereunder (the "Solicitation Package"); provided that only Election Notices will be sent to holders of claims in Classes 1, 2, 3, 5, and 6.

2.      ***Confirmation Hearing.***   A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held before The Honorable Laura Taylor Swain, in Courtroom _____ of the United States District Court for the District of Puerto Rico, Clemente Ruiz Nazario United States Courthouse, 150 Carlos Chardón Avenue, San Juan, P.R. 00918 on January 16,

---

[2] All capitalized terms used but not otherwise defined shall have the meanings given to such terms in the Plan.

2

2019 at 9:30 a.m. (Atlantic Standard Time), and continued, if necessary, on January 17, 2019 at 9:30 a.m. (Atlantic Standard Time).  The Confirmation Hearing may be continued from time to time by the Court or the Oversight Board, without further notice or through adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, in accordance with the modification provisions of the Plan and Local Rule 3016-2, without further notice to interested parties.

3.       *Voting Record Date.* The voting record date is **November 20, 2018** (the "Voting Record Date"), which is the date for determining which holders of Claims in Voting Classes are entitled to vote on the Plan.  Therefore, only those creditors in a Class entitled to vote on the Plan and holding Claims against the Debtor as of the Voting Record Date are entitled to vote on the Plan.

4.       *Voting Deadline.*  The deadline for voting on the Plan is on **January 8, 2019, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Voting Deadline").  If you received a Solicitation Package, including a Ballot and intend to vote on the Plan, you ***must***: (a) follow the instructions carefully; (b) complete ***all*** of the required information on the Ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions included in the Solicitation Package so that your Ballot is ***actually received*** by the Debtor's solicitation agent, Prime Clerk (the "Balloting Agent") on or before the Voting Deadline. ***Failure to follow such instructions may disqualify your vote.***

5.       *Election Deadline*.  The deadline for holders of eligible Claims that have the right to make an election of the form of distributions under the Plan to make such election is on **January 8, 2019, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the

"Election Deadline").  If you received an Election Notice, you **must**:  (a) follow the instructions carefully; (b) complete **all** of the required information on the Election Form; and (c) deliver **all** of the required information according to and as set forth in detail in the election instructions so that is received by your Nominee in sufficient time for your Nominee to **actually effectuate** your election through The Depository Trust Company's Automated Tender Offer Program on or before the Election Deadline.  *A failure to follow such instructions may result in your election to be deemed to constitute an election to (a) in the case of holders of Claims in Class 2, receive distributions in accordance with the provisions of section 6.1(a) of the Plan (which includes, among other things, the holder's full and complete satisfaction, release, and discharge of any further obligation of Ambac with respect to the Ambac Insurance Policy and the holder's agreement to commute the Ambac Insurance Policy), (b) in the case of holders of Claims in Class 3, receive distributions in accordance with the provisions of section 7.1(a) of the Plan (which includes, among other things, the holder's full and complete satisfaction, release, and discharge of any further obligation of National with respect to the National Insurance Policy and the holder's agreement to commute the National Insurance Policy), or (c) in the case of holders of Claims in Class 6, receive distributions in accordance with the provisions of section 17.3 of the Plan.*

6.      *Parties in Interest Not Entitled to Vote.*  Creditors in Class 10 (Section 510(b) Subordinated Claims) are deemed to reject the Plan and not entitled to vote.  If a Claim is listed on the Debtor's list of creditors [Case No. 17-3283, ECF No. 1216] as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for filing proofs of claims established by the Court; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall not be entitled to vote to accept or reject the Plan.  Proofs of

4

claim filed for $0.00 or Claims that have been expunged by order of the Court are also not entitled to vote.

7.     If you are in Class 10 or have timely filed a proof of claim and disagree with the Debtor's classification of, objection to, or request for estimation of your Claim and believe you should be entitled to vote on the Plan, you must serve the Debtor and the parties listed in paragraph 8(e) below and file with the Court (with a copy to Chambers) a motion (a "Rule 3018(a) Motion") for an order pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan.  All Rule 3018(a) Motions must be filed on or before the tenth (10th) day after the later of (i) service of this Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, as to such Claim.  In accordance with Bankruptcy Rule 3018(a), as to any to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court prior to January 8, 2019.  Creditors may contact the Balloting Agent (i) via first class mail or via overnight courier, at Puerto Rico Sales Tax Financing Corporation Ballot Processing, C/O Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022, (ii) by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or (iii) by email at puertoricoballots@primeclerk.com, to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a Rule 3018(a) Motion has been granted.  Rule 3018(a) Motions that are not timely filed and served in the manner set forth herein shall not be considered.

5

8.   ***Objections and Responses to Confirmation.***   Objections and responses to confirmation of the Plan must:

a.   Be in writing;

b.   State the name, address, and nature of the Claim of the objecting or responding party;

c.   State with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan to resolve any such objection or response;

d.   Be filed, together with proof of service, with the Court, so as to be ***actually received*** on or before **5:00 p.m. (Atlantic Standard Time) on January 2, 2019**; and

e.   Be served in accordance with the Disclosure Statement Order, so as to be ***actually received*** on or before **5:00 p.m. (Atlantic Standard Time) on January 2, 2019** upon (a) the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Commonwealth of Puerto Rico); (b) attorneys for the Oversight Board as representative of the Debtor, Proskauer Rose LLP, 11 Times Square, New York, New York 10036, Attn: Martin J. Bienenstock, Esq., Brian Rosen, Paul V. Possinger, and Ehud Barak; (c) co-attorneys for the Oversight Board as representative of the Debtor, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918- 1813, Attn: Hermann D. Bauer, Esq.; (d) the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq., Suzzanne Uhland, Esq., and Diana M. Perez, Esq.; (e) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muniz, LLC, Luis C. Marini-Biaggi, Esq., MCS Plaza, Suite 500, 255 Ponce de León Ave., San Juan P.R. 00917; (f) those creditors holding the 20 largest unsecured claims against the Debtor (on a consolidated basis); (g) attorneys for the Official Committee of Unsecured Creditors in the Commonwealth's Title III case, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc A. Despins, Esq., Andrew V. Tenzer, Esq., Michael E. Comerford, Esq., and G. Alexander Bongartz, Esq.; (h) attorneys for the Official Committee of Unsecured Creditors in the Commonwealth's Title III case, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. and Alberto J.E. Añeses Negrón, Esq.; (i) attorneys for the Official Committee of Retired Employees in the Commonwealth's Title III case, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. and Richard Levin, Esq., and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn:

Catherine Steege, Esq. and Melissa Root, Esq.; (j) attorneys for the Official Committee of Retired Employees in the Commonwealth's Title III case, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar- Zequeira, Esq.; and (k) all parties that have requested notice pursuant to Bankruptcy Rule 2002.

9. ***Parties Who Will Not Be Treated as Creditors***. Any holder of a Claim that (i) is scheduled in the List of Creditors at $0.00 and is not the subject of a timely filed proof of Claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, or (ii) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, shall not be treated as a creditor with respect to such Claim for purposes of (a) receiving notices regarding the Plan, and (b) voting on the Plan.

10. ***Additional Information***. Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan, including Spanish translations thereof, should contact the Balloting Agent, Prime Clerk LLC, by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoballots@primeclerk.com, or may view such documents by accessing either https://cases.primeclerk.com/puertorico/ or the Court's website, https://www.prd.uscourts.gov/. Please note that a Public Access to Court Electronic Records ("PACER") (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website.

*11.*     ***Bankruptcy Rules 2002(c)(3 and 3016(c)).***   **In accordance with Bankruptcy Rules 2002(c)(3) and 3016(c), set forth below are the release, exculpation, and injunction provisions contained in the Plan:**

**30.3  Injunction on Claims**:  Except as otherwise expressly provided in Sections 30.6 and 30.13 of the Plan, the Confirmation Order or such other Final Order of the Title III Court that may be applicable, all Entities[3] who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 30.2 hereof or who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 30.2 hereof are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) of any kind on any such Claim or other debt or liability that is discharged pursuant to the Plan against any of the Released Parties[4] or any of their respective assets or property, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, (c) creating, perfecting, or enforcing any encumbrance of any kind against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, and (d) except to the extent provided, permitted or preserved by sections 553, 555, 556, 559, or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from any of the Released Parties or any of their respective assets or property, with respect to any such Claim or other debt or liability that is discharged pursuant to the Plan.  Such injunction shall extend to all successors and assigns of the Released Parties and their respective assets and property.

**30.5      Releases by COFINA and Reorganized COFINA:**     Except as otherwise expressly provided in the Plan, the Confirmation Order, or the Settlement Agreement, on the Effective Date, and for good and valuable consideration, each of COFINA and Reorganized COFINA, the Disbursing Agent and each of COFINA's and Reorganized COFINA's Related Persons shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit, and discharge the Released Parties from any and all Claims or Causes of Action that COFINA, Reorganized COFINA, and the Disbursing Agent, or any of them, or anyone claiming through them, on their behalf or for their benefit, have or may have or claim to have, now or in the

---

[3] "Entity" under the Plan means "[a] Person, a corporation, a general partnership, a limited partnership, a limited liability company, a limited liability partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, a governmental unit or any subdivision thereof, including, without limitation, the office of the United States Trustee, or any other entity." Plan § 1.103.

[4] "Released Parties" under the Plan means "[c]ollectively, the Government Parties, the Commonwealth, the PSA Creditors and each their Related Persons."  Plan § 1.163.

future, against any Released Party that are Released Claims or otherwise are based upon, relate to, or arise out of or in connection with, in whole or in part, any act, omission, transaction, event or other circumstance relating to COFINA taking place or existing on or prior to the Effective Date, and/or any Claim, act, fact, transaction, occurrence, statement, or omission in connection with or alleged or that could have been alleged in the Actions, the Related Actions, including, without limitation, any such Claim, demand, right, liability, or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees; provided, however, that the foregoing release shall not extend to acts of gross negligence, intentional fraud, or willful misconduct of BNYM.

**30.6  <u>Releases by Holders of Claims</u>:**  On the Effective Date, and for good and valuable consideration, and to the fullest extent permissible under applicable law, each Releasing Party that (i) has held, currently holds or may hold a Released Claim,[5] (ii) is entitled to receive, directly or indirectly, a distribution or satisfaction of its Claim pursuant to the Plan, and (iii) elects, by not checking the appropriate box on its Ballot/Election Form, as the case may be, to grant the releases set forth in this Section 30.6 on their own behalf and on behalf of anyone claiming through them, shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit and discharge each and all of the Released Parties, from any and all Released Claims (solely in their capacity as Creditors) and/or any claim, act fact, transaction, occurrence, statement, or omission in connection with or alleged in the Actions or the Related Actions or that could have been alleged in respect of the foregoing or other similar proceeding (solely in their capacity as Creditors), including, without limitation, any such claim, demand, right, liability or cause of action for indemnification, contribution or any other basis in law or equity for damages, costs or fees incurred by the releasers herein arising directly or indirectly from or otherwise relating thereto from any and all released third party causes of action; **provided, however,** that each Entity that has elected not to grant the releases set forth in this Section 30.6 including, without limitation, any Entity that fails to execute and deliver a release following notice in accordance with

---

[5]  "<u>Released Claim</u>" under the Plan means "[c]ollectively, (a) with respect to those Entities party to the Plan Support Agreement, Claims and Causes of Action released hereunder and in accordance with the Plan Support Agreement, (b) Claims and Causes of Action that arise in, are related to or have been or could have been asserted against COFINA or its Assets in the Title III Case, (c) Claims and Causes of Action that have been or could have been asserted by COFINA (with respect to releases given by COFINA) and by Creditors or the Government Parties relating to Claims they have against the Released Parties (with respect to releases given by Creditors), and (d) Claims that otherwise arise from or relate to the Title III Case, the Actions, the Adversary Proceeding, the Interpleader Action, the Plan, the Plan Support Agreement and the compromises set forth in the Commonwealth-COFINA Dispute Settlement, including, without limitation, in connection with or related to any of the Government Parties, and their respective subsidiaries, assets, liabilities, operations, or property; <u>provided</u>, <u>however</u>, that, "Released Claims" is not intended to release, nor shall it have the effect of releasing, Claims or Causes of Action unrelated to COFINA or Claims or Causes of Action for gross negligence, willful misconduct or intentional fraud asserted, or that could have been asserted, whether sounding in contract or tort, against BNYM by Ambac or Whitebox in the Ambac Action and the Whitebox Actions, respectively; and <u>provided</u>, <u>further</u>, that "Released Claims" is not intended to release, nor shall it have the effect of releasing, any party from the performance of its obligations in accordance with the Confirmation Order or the Plan, including, without limitation, performance of obligations arising from or related to the COFINA Bonds and the COFINA Parity Bonds."  Plan § 1.162.

**the provisions of Section 30.6 hereof, shall not be entitled to, and shall not receive, any payment, distribution or other satisfaction of its claim pursuant to the Plan**; and, <u>provided</u>, <u>further</u>, that notwithstanding anything contained in this Section 30.6 to the contrary, the release set forth in Section 30.6 shall not extend to acts of gross negligence, intentional fraud or willful misconduct of any Released Parties, whether claims asserted thereon sound in contract or tort.

**<u>Waiver of Section 1542</u>:  All persons providing releases pursuant to the provision of Section 30.6 of the Plan expressly and voluntarily waive Section 1542 of the California Civil Code, or any similar, comparable or equivalent provision of the statutory or non-statutory law of California or any other jurisdiction.  Section 1542 provides:**

> **A general release does not extend to claims under which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

**<u>30.7 Injunction Related to Releases</u>**:  As of the Effective Date, all Entities that hold, have held, or may hold a Released Claim that is released pursuant to Sections 30.5 and 30.6 of the Plan, are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such discharged Released Claims:  (i) commencing, conducing or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Entity released under Sections 30.5 and 30.6 hereof; and (v) commencing or continuing in any manner, in any place of any judicial, arbitration or administrative proceeding in any forum, that does not comply with or its inconsistent with the provisions of the Plan or the Confirmation Order.

**<u>30.8 Exculpation</u>:**

(a)    **<u>Government Parties</u>**:  The Oversight Board, the Commonwealth, AAFAF, COFINA and each of their respective Related Persons, solely acting in its capacity as such at any time up to and including the Effective Date, shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Case, the formulation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the Settlement Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan and the Settlement Agreement;

provided, however, that the foregoing provisions of this Section 0 shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct. Nothing in the foregoing provisions of this Section 30.8(a) shall prejudice the right of any of the Government Parties, and the Government Parties' officers and directors serving at any time up to and including the Effective Date, and each of their respective professionals to assert reliance upon advice of counsel as a defense with respect to their duties and responsibilities under the Plan.

(b) **Monoline Insurers:** Each of Ambac, Assured and National and their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken consistent with the Plan in connection with the formulation, preparation, dissemination, implementation, acceptance, confirmation or approval of the Plan, including, without limitation, in connection with the structure of the Custodial Trusts, commutation, the Assured Election, the National Election, the voting procedures, the election procedures, and any release of obligations under the applicable Insurance Policies; provided, however, that, notwithstanding anything contained herein to the contrary, the terms and provisions of the Plan shall not, and shall not be construed to, release or exculpate: (1) with respect to any beneficial holder of the Ambac Insured Bonds that receive Ambac Certificates in accordance with the Plan, any claim against Ambac with respect to Ambac's payment obligations under the Ambac Insurance Policy (which claim shall only be asserted by the trustee of the Ambac Trust), as adjusted to account for any distributions from the Ambac Trust (and any claims that Ambac may have against a beneficial holder of such Ambac Insured Bonds with respect to Ambac's obligations under the Ambac Insurance Policy); (2) with respect to any beneficial holder of Assured Insured Bonds that receives treatment and distributions in accordance with Section 17.3 of the Plan, any claim against Assured with respect to Assured's payment obligations under the Assured Insurance Policies in accordance with their terms (and any claims that Assured may have against a beneficial holder of such Assured Insured Bonds with respect to Assured's obligations under the Assured Insurance Policy); (3) with respect to any beneficial holder of National Insured Bonds that received National Certificates in accordance with the Plan, any claim against National with respect to National's obligations under the National Insurance Policies (which claim shall be asserted in accordance with the terms of the National Insurance Policies), as adjusted to account for any distributions from the National Trust (and any claims that National may have against a beneficial holder of such National Insured Bonds with respect to National's obligations to such beneficial holder under the National Insurance Policies); or (4) in the case of the Assured Election, with respect to any beneficial holder of Assured Insured Bonds, any payment obligation under the applicable Assured Insurance Policy in accordance with its terms solely to the extent of any failure by Assured to pay the applicable Acceleration Price in full (or any claims that Assured may have against a beneficial holder of Assured Insured Bonds with respect to Assured's obligations under the Assured Insurance Policies).

(c) **PSA Creditors:** Each of the PSA Creditors solely in their capacity as a Creditor, from the Petition Date up to and including the Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity

11

for any act taken or omitted to be taken in connection with the Title III Case, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the Settlement Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transaction set forth in the Plan and the Settlement Agreement; provided, however, that the foregoing provisions of this Section 30.8(c) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

**30.13  Supplemental Injunction:**  Notwithstanding anything contained herein to the contrary, except to the limited extent provided in Section 30.6 of the Plan, all Entities, including Entities acting on their behalf, who currently hold or assert, have held or asserted, or may hold or assert, any Released Claims against any of the Released Parties based upon, attributable to, arising out of or relating to any Claim against COFINA, whenever and wherever arising or asserted, whether in the U.S. or anywhere else in the world, whether sounding in tort, contract, warranty, statute, or any other theory of law, equity or otherwise, shall be, and shall be deemed to be, permanently stayed, restrained and enjoined from taking any action against any of the Released Parties for the purpose of directly or indirectly collecting, recovering or receiving any payment or recovery with respect to any Released Claims arising prior to the Effective Date (including prior to the Petition Date), including, but not limited to:

(a)  Commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Released Claim against any of the Released Parties or the assets or property of any Released Party;

(b)  Enforcing, attaching, collecting or recovering, by any manner or means, any judgment, award, decree or order against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(c)  Creating, perfecting or enforcing any Lien of any kind against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(d)  Except as otherwise expressly provided in the Plan, the Confirmation Order, or the Settlement Agreement, asserting, implementing or effectuating any setoff, right of subrogation, indemnity, contribution or recoupment of any kind against any obligation due to any of the Released Parties or against the property of any Released Party with respect to any such Released Claim; and

(e)  Taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan, the Confirmation Order, or the Settlement Agreement relating to such Released Claim; provided, however, that the Debtors' compliance with the formal requirements of Bankruptcy Rule 3016 shall not

constitute an admission that the Plan provides for any injunction against conduct not otherwise enjoined under the Bankruptcy Code.

Dated: _____, 2018
      San Juan, Puerto Rico

Respectfully submitted,

/s/ _____

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Maja Zerjal (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtor*

/s/ _____

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtor*

## <u>Schedule 3A</u>

**Form of Ballot for Beneficial Owners of Claims in Classes 1 and 5**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>          Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>          Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

## BALLOT FOR BENEFICIAL OWNERS OF CLAIMS IN [CLASS 1]/[CLASS 5]

**THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLAIMS IN CLASS [1]/[5]. PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO YOUR BROKER, BANK, COMMERCIAL BANK, TRUST COMPANY, DEALER, OR OTHER AGENT OR NOMINEE (THE "<u>NOMINEE</u>") (OR OTHERWISE FOLLOW THE INSTRUCTIONS OF YOUR NOMINEE) TO PERMIT YOUR NOMINEE TO COMPLETE AND RETURN A MASTER BALLOT (A "<u>MASTER BALLOT</u>") TO PRIME CLERK LLC (THE "<u>BALLOTING AGENT</u>") SO THE MASTER BALLOT IS ACTUALLY RECEIVED BY PRIME CLERK ON OR BEFORE 5:00 P.M. (ATLANTIC STANDARD TIME) ON**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**JANUARY 8, 2019, UNLESS SUCH TIME IS EXTENDED (THE "<u>VOTING DEADLINE</u>").**

**DO NOT MAIL OR RETURN BALLOTS DIRECTLY TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, THE PUERTO RICO SALES TAX FINANCING CORPORATION, AAFAF, THE DISTRICT COURT OR THE BALLOTING AGENT.  PLEASE RETURN YOUR ORIGINAL BALLOT TO THE NOMINEE (OR OTHERWISE FOLLOW YOUR NOMINEE'S INSTRUCTIONS TO SUBMIT YOUR VOTE) SO THAT IT IS ACTUALLY RECEIVED BY THE DATE SET BY THE NOMINEE.   PLEASE CONTACT YOUR NOMINEE WITH ANY QUESTIONS REGARDING THE DATE THE NOMINEE NEEDS TO RECEIVE YOUR BENEFICIAL BALLOT IN ORDER TO TIMELY SUBMIT THE MASTER BALLOT TO THE BALLOTING AGENT.**

**A NOMINEE MAY PRE-VALIDATE THIS BENEFICIAL BALLOT BY: (I) SIGNING THE APPLICABLE BENEFICIAL BALLOT AND INCLUDING ITS DTC PARTICIPANT NUMBER; (II) INDICATING ON THE BENEFICIAL BALLOT THE ACCOUNT NUMBER OF THE BENEFICIAL HOLDER, AND AMOUNT OF THE SECURITIES HELD BY THE NOMINEE FOR SUCH BENEFICIAL HOLDER; AND (III) FORWARDING SUCH BENEFICIAL BALLOT TOGETHER WITH THE SOLICITATION PACKAGE AND OTHER MATERIALS REQUESTED TO BE FORWARDED TO THE BENEFICIAL HOLDER FOR VOTING. THE BENEFICIAL HOLDER MAY THEN COMPLETE THE INFORMATION REQUESTED IN THE BENEFICIAL BALLOT, REVIEW THE CERTIFICATIONS CONTAINED THEREIN, AND RETURN THE BENEFICIAL BALLOT DIRECTLY TO THE BALLOTING AGENT IN THE PRE-ADDRESSED, POSTAGE PAID ENVELOPE INCLUDED WITH THE SOLICITATION PACKAGE SO THAT IT IS RECEIVED BY THE BALLOTING AGENT BEFORE THE VOTING DEADLINE.**

The Financial Oversight and Management Board for Puerto Rico (the "<u>Oversight Board</u>"), as representative of the Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>"), is soliciting votes with respect to the *Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation*], dated October 19, 2018 (as the same may be amended or modified, the "<u>Plan</u>") [ECF No. ___], from the holders of certain impaired Claims against COFINA. By order dated November ___, 2018 (the "<u>Disclosure Statement Order</u>"), the Court approved the *Disclosure Statement for the Title III Plan of Adjustment of the Debts of the Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified, including all exhibits and attachments thereto, the "<u>Disclosure Statement</u>") [ECF No. ___], and authorized COFINA to solicit votes with respect to the acceptance or rejection of the Plan.  **IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE CONSENTING TO CERTAIN INJUNCTION AND RELEASE PROVISIONS.   YOU MAY OPT OUT OF THE RELEASE IN SECTION 30.6 OF THE PLAN.  TO DO SO, PLEASE REFER TO THE INSTRUCTIONS IN THE ELECTION NOTICE (AS DEFINED BELOW).** Copies of the Plan and Disclosure Statement are enclosed in the package containing this Ballot.  **All capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Plan.  If you have any questions regarding the proper completion of this**

Ballot, please contact the Balloting Agent by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoballots@primeclerk.com.

---

**PLEASE USE THIS BALLOT TO CAST YOUR VOTE TO ACCEPT OR REJECT THE PLAN.**

**YOU WILL RECEIVE <u>A SEPARATE ELECTION NOTICE</u> IN CONNECTION WITH (I) YOUR DISTRIBUTION UNDER THE PLAN AND ANY ELECTIONS YOU ARE ENTITLED TO MAKE THEREUNDER, AND (II) YOUR OPTION TO OPT OUT OF THE RELEASE IN SECTION 30.6 OF THE PLAN.  IF YOU HAVE NOT RECEIVED A SEPARATE ELECTION NOTICE, PLEASE CONTACT YOUR NOMINEE IMMEDIATELY.**

---

PLEASE COMPLETE THE FOLLOWING:

<u>**Item 1**</u>.        **Amount of Claim**

The undersigned hereby certifies that as of November 20, 2018 (the "<u>Voting Record Date</u>"), the undersigned was the beneficial owner (the "<u>Beneficial Owner</u>") of **[Senior COFINA Bond / Junior COFINA Bond]** Claims in the following aggregate unpaid amount:

$$\$_____$$

** On **Exhibit 1** hereto, check the CUSIP number for the above-referenced notes. **

<u>**Item 2**</u>.        **Vote on Plan.**

The Beneficial Owner of the aggregate principal amount of Claims set forth above in Item 1 hereby votes with respect to his, her, or its Claims as follows (please check <u>one</u>):

---

☐   <u>**ACCEPT**</u> (vote FOR) the Plan          ☐   <u>**REJECT**</u> (vote AGAINST) the Plan

---

Please note that if you elect, pursuant to the instructions in the Election Notice, to receive your distribution under the Plan in the form of the [Senior Taxable Bond Distribution / Junior Taxable Bond Distribution] and be treated under **[Class 4 (Senior COFINA Bond Claim (Taxable Election)) / Class 7 (Junior COFINA Bond Claim (Taxable Election))]**, you will be deemed to accept the Plan and consent to certain injunction and release provisions in the Plan, but are entitled to cast a provisional vote under **[Class 1] / [Class 5]** to accept or reject the Plan.  If it is later determined you are ineligible to be treated under **[Class 4] / [Class 7]** or all Taxable Bonds

3

have been allocated (which determination may occur after the final voting results are reported to the Court), the [Class 1 / Class 5] vote in Item 2 will be deemed to reflect your vote on the Plan.

To ensure your vote on the Plan is counted in the event that you are ineligible to elect to receive a [Senior Taxable Bond Distribution / Junior Taxable Bond Distribution] or all Taxable Bonds have been allocated, you should vote on the Plan using this Beneficial Ballot.

**As noted above, you will receive a separate Election Notice in connection with your distribution under the Plan and any elections you may are entitled to make thereunder.**

**Item 3.** **Certification as to [Senior COFINA Bonds / Junior COFINA Bonds] Held in Additional Accounts.**

By signing this Ballot, the undersigned certifies that either (a) this Ballot is the only Ballot submitted by the undersigned for Claims in **[Class 1] / [Class 5]** or (b) in addition to this Ballot, one or more Ballots ("Additional Ballots") for Claims in **[Class 1] / [Class 5]** have been submitted to other Voting Nominees as follows (please use additional sheets of paper if necessary).

**COMPLETE THIS SECTION ONLY IF YOU
HAVE VOTED OTHER BALLOTS IN THIS CLASS**

| Account Number of other Bond Claims | Name of Voting Nominee or Other Registered Holder | CUSIP Number of Other Bonds | Principal Amount of Other Bond Claims Voted in Additional Ballot(s) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

4

| | | | |
|---|---|---|---|
| | | | |

*If the space provided is not sufficient, please attach additional sheets in the same format

To have effect, a Beneficial Owner must vote all of its Claims in **[Class 1] / [Class 5]** to either accept or reject the Plan.  No split votes will be permitted.  Accordingly, if a Beneficial Owner casts conflicting votes on this Ballot and other Ballots in respect of Claims in **[Class 1] / [Class 5]**, all votes for Claims in **[Class 1] / [Class 5]**  on all Ballots will be disregarded.

**Item 4.**        **Certification.**  By signing this Ballot, the Beneficial Owner of the Claims in **[Class 1] / [Class 5]** identified in **Item 1** above certifies that he, she, or it:

(a)    Is the holder of the Claims in **[Class 1] / [Class 5]**  to which this Ballot pertains or is an authorized signatory of such holder, and has full power and authority to vote to accept or reject the Plan;

(b)    Has been provided with a copy of the Plan, Disclosure Statement, and Disclosure Statement Order, and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and Disclosure Statement Order;

(c)    Has not submitted any other Ballots relating to its Claims in **[Class 1] / [Class 5]** that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein; and

(d)    Is deemed to have consented to the submission of a Master Ballot by the Voting Nominee to the Balloting Agent.

Name of Holder: _____

                                          (Print or Type)


                        _____

Signature:_____

Name of Signatory:_____

                                        (If other than holder)

Title: _____

Address: _____

_____

_____

Telephone
Number: _____

Email: _____

Date Completed: _____

No fees, commissions, or other remuneration will be payable to any Nominee for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Moreover, this Ballot does not constitute and shall not  be deemed to constitute (i) an assertion of a Claim, (ii) a proof of claim, or (iii) an admission by COFINA of the nature, validity, or amount of any Claim.

**THE VOTING DEADLINE IS 5:00 P.M. (ATLANTIC STANDARD TIME) ON JANUARY 8, 2019, UNLESS SUCH TIME IS EXTENDED.  PLEASE RETURN YOUR BALLOT TO THE NOMINEE (OR OTHERWISE FOLLOW THE INSTRUCTIONS OF YOUR NOMINEE) SO THAT IT IS RECEIVED BY THE NOMINEE NO LATER THAN THE DATE SET BY THE NOMINEE.**

**VOTING INSTRUCTIONS FOR COMPLETING THE
BALLOT FOR BENEFICIAL OWNERS OF CLAIMS IN [CLASS 1] / [CLASS 5]**

1.      This Ballot is submitted to you to (i) solicit your vote to accept or reject the *Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified, the "Plan") [ECF No. ___], and (ii) constitute your consent to the injunction and release provisions of the Plan if you vote to accept the Plan.  The terms of the Plan are described in the *Disclosure Statement for the Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement") [ECF No. ___].  All capitalized terms used but not otherwise defined herein or in the Ballot shall have the meanings given to such terms in the Plan.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.      The Plan will be accepted by a Class of Claims if it is accepted by the holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of the Allowed Claims in a Class that have voted to accept or reject the Plan. In the event a Class rejects the Plan, the District Court may nevertheless confirm the Plan and thereby make it binding on holders of Claims in the Class if the District Court finds the Plan does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in the Class and all other Classes of Claims rejecting the Plan, and otherwise satisfies the requirements of PROMESA section 314(b) and section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the District Court, all holders of Claims against COFINA (including those holders who abstain from voting on or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby, whether or not they vote and whether or not they accept the Plan.

3.      **To have your vote counted, you must properly complete and sign this Ballot, and return it in the enclosed envelope (or otherwise follow the instructions of your Nominee to submit your vote). If you are returning your Ballot to your broker, bank, commercial bank, trust company, dealer, or other agent or nominee (the "Nominee") please allow sufficient time to permit your Nominee to complete and return a master ballot (a "Master Ballot") to Prime Clerk LLC (the "Balloting Agent") so that the Master Ballot is received by the Balloting Agent no later than 5:00 p.m. (Atlantic Standard Time) on January 8, 2019, unless such time is extended (the "Voting Deadline").**

4.      **If you vote to accept the Plan, you are voting to approve certain cancellation, discharge, exculpation, expungement, injunction and release provisions contained in the Plan. Such provisions include, but are not limited to, the provisions contained in Article XXX of the Plan. Such provisions may affect your rights and interests regarding certain non-debtor parties.**

5.      A Nominee may pre-validate a Beneficial Ballot by: (i) signing the applicable Beneficial Ballot and including their DTC participant number; (ii) indicating on the Beneficial Ballot the account number of the beneficial holder, and amount of the securities held by the

7

Nominee for such beneficial holder; and (iii) forwarding such Beneficial Ballot together with the Solicitation Package and other materials requested to be forwarded to the beneficial holder for voting. The beneficial holder may then complete the information requested in the Beneficial Ballot, review the certifications contained therein, and return the Beneficial Ballot directly to the Balloting Agent in the pre-addressed, postage paid envelope included with the Solicitation Package so that it is received by the Balloting Agent before the Voting Deadline.

6.      To properly complete the Ballot, you must follow the procedures described below:

a.   Ensure the information contained in Item 1 of the Ballot is correct;

b.   You may not split your vote on the Plan. You must vote all the Claims in **[Class 1] / [Class 5]** you hold to accept or reject the Plan;

c.   If you are completing this Ballot on behalf of another entity, indicate your relationship to such entity and the capacity in which you are signing and, if requested, you must submit satisfactory evidence of your authority to so act (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

d.   If you also hold Claims in other Classes, you may receive more than one Ballot, labeled for a different Class of Claims. Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of Claims against COFINA only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on the Ballot;

e.   If you believe you have received the wrong Ballot, please contact the Balloting Agent immediately;

f.   Provide your name and mailing address;

g.   Sign and date your Ballot; and

h.   Return your original Ballot using the enclosed pre-addressed return envelope (or otherwise follow the instructions to submit your vote to your Nominee).

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR THE PLAN, OR IF YOU RECEIVED SOLICITATION PACKAGE MATERIALS IN ELECTRONIC FORMAT AND DESIRE PAPER COPIES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE BALLOTING AGENT BY TELEPHONE AT (844) 822-9231 (TOLL FREE FOR U.S. AND PUERTO RICO) OR (646) 486-7944 (FOR INTERNATIONAL CALLERS) OR BY EMAIL AT

8

PUERTORICOBALLOTS@PRIMECLERK.COM.  PLEASE  DO  NOT  DIRECT  ANY INQUIRIES TO THE OVERSIGHT BOARD, AAFAF, COFINA OR THE DISTRICT COURT.

**EXHIBIT 1**

Please indicate below the CUSIP / ISIN to which this Ballot pertains.

| **[CLASS 1 - SENIOR COFINA BOND CLAIMS] / [CLASS 5 - JUNIOR COFINA BOND CLAIMS]** | | |
|---|---|---|
| ☐ | [        ] | [        ] |
| ☐ | [        ] | [        ] |
| ☐ | [        ] | [        ] |

**<u>Schedule 3B</u>**

**Form of Master Ballot for Holders of Claims in Classes 1 and 5**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>                  Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

## MASTER BALLOT FOR BENEFICIAL OWNERS OF CLAIMS IN [CLASS 1] / [CLASS 5]

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT (THE "MASTER BALLOT") AND RETURN IT TO PRIME CLERK LLC (THE "BALLOTING AGENT") AT THE FOLLOWING ADDRESS: PUERTO RICO SALES TAX FINANCING CORPORATION BALLOT PROCESSING, C/O PRIME CLERK LLC, 830 THIRD AVENUE, 3RD FLOOR, NEW YORK, NY 10022 OR BY ELECTRONIC MAIL TO PUERTORICOBALLOTS@PRIMECLERK.COM. THIS MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE BALLOTING AGENT BY JANUARY 8, 2019 AT 5:00 P.M. (ATLANTIC STANDARD TIME), UNLESS SUCH**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**TIME IS EXTENDED (THE "_VOTING DEADLINE_"), OR THE VOTES OF THE BENEFICIAL OWNERS (YOUR CUSTOMERS) FOR WHOM YOU ACT AS NOMINEE WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE BALLOTING AGENT BEFORE THE VOTING DEADLINE.**

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of Puerto Rico Sales Tax Financing Corporation ("COFINA"), is soliciting votes with respect to the *Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified, the "Plan") [ECF No. ___], from the holders of certain impaired Claims against COFINA. By order dated November ___, 2018 (the "Disclosure Statement Order"), the Court approved the *Disclosure Statement for the Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement") [ECF No. ___], and authorized COFINA to solicit votes with respect to the acceptance or rejection of the Plan. Copies of the Plan and Disclosure Statement are enclosed in the package containing this Ballot. **All capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Plan. If you have any questions regarding the proper completion of this Ballot, please contact the Balloting Agent by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoballots@primeclerk.com.**

This Master Ballot is to be used by you (as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Nominee")) for the beneficial owners (each, a "Beneficial Owner") of Claims in **[Class 1]** / **[Class 5]** to transmit the votes of such holders in respect of their Claims in **[Class 1]** / **[Class 5]** to accept or reject the Plan.

This Master Ballot is being sent to Nominees to use to cast votes to accept or reject the Plan on behalf of and in accordance with the beneficial ballots (each, a "Beneficial Ballot") cast by the Beneficial Owners of Claims in **[Class 1]** / **[Class 5]**.

As a Nominee, you are required to deliver the solicitation materials, including a Beneficial Ballot, to each Beneficial Owner for whom you hold Claims in **[Class 1]** / **[Class 5]**, and take any action required to enable such Beneficial Owner to timely vote its Claim to accept or reject the Plan. You should include in each solicitation package a return envelope addressed to you (**DO NOT** include a return envelope addressed to the Balloting Agent) or otherwise provide your Beneficial Owners with instructions to submit their votes to you. With respect to any Beneficial Ballots returned to you, you must (i) execute this Master Ballot so as to reflect the voting instructions given to you in the Beneficial Ballots by the Beneficial Owners for whom you hold Claims in **[Class 1]** / **[Class 5]**, and (ii) return this Master Ballot to the Balloting Agent so that it is **actually received** by the Balloting Agent **on or before the Voting Deadline**. For each completed, executed Beneficial Ballot returned to you by a Beneficial Owner, you must

retain a copy of such Beneficial Ballot in your files for at least one (1) year following the Voting Deadline.

**RETURN THE COMPLETED MASTER BALLOT TO THE FOLLOWING ADDRESS OR EMAIL ADDRESS**:

**PUERTO RICO SALES TAX FINANCING CORPORATION BALLOT PROCESSING
C/O PRIME CLERK LLC
830 THIRD AVENUE, 3RD FLOOR
NEW YORK, NY 10022
PUERTORICOBALLOTS@PRIMECLERK.COM**

**You must deliver the Master Ballot in the manner described above. Master Ballots must be delivered to the Voting Agent (i) at the address listed above (or in the enclosed envelope, which may have a different zip code) or (ii) via electronic mail to puertoricoballots@primeclerk.com. If you choose to submit your Ballot via electronic mail, you should NOT submit your paper copy Ballot as well. Please choose only one form of return of your Ballot.**

<u>**Item 1**</u>.        **Certification of Authority to Vote.**

The undersigned hereby certifies that as of November 20, 2018 (the "<u>Voting Record Date</u>"), the undersigned (please check the applicable box):

☐        Is a broker, bank, trust company, dealer or other agent or nominee for the Beneficial Owner of the aggregate principal amount of Claims in **[Class 1] / [Class 5]** as listed in <u>**Item 2**</u> below, and is the registered holder of such securities; or

☐        Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, trust company, dealer or other agent or nominee that is the registered holder of the aggregate principal amount of Claims in **[Class 1] / [Class 5]** listed in <u>**Item 2**</u> below; or

☐        Has been granted a proxy (an original of which is attached hereto) from a broker, bank, trust company, dealer or other agent or nominee, or a Beneficial Owner that is the registered holder of the aggregate principal amount of Claims in **[Class 1] / [Class 5]** listed in <u>**Items 2**</u> and <u>**3**</u> below, and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owner of the Claims in **[Class 1] / [Class 5]** listed in <u>**Item 2**</u> below.

<u>**Item 2**</u>.        **Transmittal of Votes from Individual Beneficial Ballots of Holders of Claims in [Class 1] / [Class 5].**

The undersigned transmits the following votes of Beneficial Owners of the Claims in **[Class 1] / [Class 5]** below and certifies that the following are Beneficial Owners, as of the

Voting Record Date, and have delivered to the undersigned, as Nominee, Beneficial Ballots casting such votes (indicate in each column the aggregate principal amount voted for each account – please note that each Beneficial Owner must vote all of his, her, or its Claims in **[Class 1] / [Class 5]** to accept or reject the Plan and may not split such vote):

| Your Account Number for Each Beneficial Owner Voting on the Plan | Principal Amount of Claims Voted to ACCEPT the Plan* | OR | Principal Amount of Claims Voted to REJECT the Plan* |
|---|---|---|---|
| 1. | $ | OR | $ |
| 2. | $ | OR | $ |
| 3. | $ | OR | $ |
| 4. | $ | OR | $ |
| 5. | $ | OR | $ |
| 6. | $ | OR | $ |
| 7. | $ | OR | $ |
| 8. | $ | OR | $ |
| 9. | $ | OR | $ |
| 10. | $ | OR | $ |
| TOTALS | $ | OR | $ |

* If space provided is insufficient, attach additional sheets in same format.

**Item 3.**        **Additional Ballots Submitted by Beneficial Owners.**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in **Item 3** of each Beneficial Ballot received from a Beneficial Owner. Please use additional sheets of paper if necessary.

**Information to be transcribed from Item 4 of Beneficial Ballots regarding other Beneficial Ballots cast by the undersigned's Beneficial Owners in respect of Claims in [Class 1] / [Class 5].**

**COMPLETE THIS SECTION ONLY IF BENEFICIAL OWNERS INDICATED THEY HAVE VOTED OTHER BALLOTS THROUGH OTHER NOMINEES IN THIS CLASS**

| Your Account Number for Each Beneficial Owner Who Completed **Item 3** of Their Beneficial Ballot | **Transcribe from Item 3 of Beneficial Ballot*** | | | |
|---|---|---|---|---|
| | Account Number of Notes | Name of Registered Holder of Nominee of Notes | CUSIP | Principal Amount |
| | | | | |
| | | | | |

| | | | | |
|---|---|---|---|---|
| | | | | |

\* If space provided is insufficient, attach additional sheets in same format.

**Item 4.**         **Certification.**  By signing this Master Ballot, the undersigned certifies that:

(a)     each Beneficial Owner whose votes are being transmitted by this Master Ballot has been provided with a copy of the Plan, Disclosure Statement, Disclosure Statement Order, and a Beneficial Ballot for voting their Claims in **[Class 1] / [Class 5]**;

(b)     it has received a completed and signed Beneficial Ballot from each Beneficial Owner listed in **Item 2** of this Master Ballot or from an intermediary nominee, as applicable;

(c)     it is the registered holder of the Claims in **[Class 1] / [Class 5]** to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Plan;

(d)     it has properly disclosed:

  i.      the number of Beneficial Owners who completed Beneficial Ballots;

  ii.     the respective amounts of the Claims in **[Class 1] / [Class 5]** held by each Beneficial Owner who completed a Beneficial Ballot;

  iii.    each such Beneficial Owner's respective vote concerning the Plan;

  iv.    each such Beneficial Owner's certification as to its other Claims in **[Class 1] / [Class 5]** voted; and

  v.     the customer account or other identification number for each such Beneficial Owner;

(e)     each such Beneficial Owner has certified to the undersigned or to an intermediary nominee, as applicable, that it is eligible to vote on the Plan; and

(f)     this solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Disclosure Statement Order, dated November ___, 2018.

| |
|---|

Name of
Nominee: _____

Participant Number: _____

Signature: _____

If by Authorized
Agent,
Name and Title: _____

Address: _____

_____

_____

Telephone
Number: _____

Email: _____

Date Completed: _____

**VOTING INSTRUCTIONS FOR COMPLETING THE
MASTER BALLOT FOR BENEFICIAL OWNERS OF CLAIMS IN [CLASS 1] / [CLASS
5]**

1.      The Financial Oversight And Management Board For Puerto Rico (the "Oversight Board"), as representative of Puerto Rico Sales Tax Financing Corporation ("COFINA"), is soliciting your customers' (i) vote to accept or reject the *Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified, the "Plan") [ECF No. ____], and (ii) consent to the injunction and release provisions of the Plan if you vote to accept the Plan. The master ballot (the "Master Ballot") is to be used by brokers, banks, commercial banks, trust companies, dealers, or other agents or nominees (each of the foregoing, a "Nominee") of the beneficial owners (each, a "Beneficial Owner") of the Claims in **[Class 1] / [Class 5]**. The Master Ballot must summarize votes cast by Beneficial Owners to accept or reject the Plan pursuant to the beneficial ballots (the "Beneficial Ballots"). **The Master Ballot does not constitute and shall not be deemed to constitute (i) an assertion of a Claim, (ii) a proof of claim, or (iii) an admission by COFINA of the nature, validity, or amount of any Claim.**

2.      You must immediately deliver (i) the Beneficial Ballots; (ii) a pre-addressed return envelope addressed to you; (iii) the Plan; and (iv) the *Disclosure Statement for the Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement") [ECF No. ____], to each Beneficial Owner of Claims in **[Class 1] / [Class 5]** for whom you are the Nominee, and take any action required to enable each such Beneficial Owner to timely vote its Claims in **[Class 1] / [Class 5]** to accept or reject the Plan.

You are authorized to collect votes to accept or to reject the Plan from Beneficial Owners in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) the Beneficial Ballot (as defined below), and collecting votes from beneficial Owners through online voting, by phone, facsimile, or other electronic means.

3.      With regard to any Beneficial Ballots provided to you, you must (i) forward to the Beneficial Owners the applicable unsigned Beneficial Ballot, together with the solicitation materials, a return envelope provided by, and addressed to, the Nominee, and other materials requested to be forwarded. Each such Beneficial Owner may then indicate his, her, or its vote to accept or reject the Plan on the Beneficial Ballot, complete the information requested in the Beneficial Ballot, review the certifications contained therein, execute the Beneficial Ballot, and return such Beneficial Ballot to the Nominee. After collecting the Beneficial Ballots, the Nominee shall (i) complete the applicable Master Ballot by compiling and validating the votes and other relevant information from the Beneficial Ballot, (ii) execute the Master Ballot, and (iii) deliver the Master Ballot to the Balloting Agent so that it is **actually received** by Prime Clerk LLC (the "Balloting Agent") **on or before 5:00 p.m. (Atlantic Standard Time) on January 8, 2019, unless such time is extended (the "Voting Deadline")**. All Beneficial Ballots returned by Beneficial Owners must be retained by Nominees for inspection for at least one (1) year following the Voting Deadline.

4.      If you are both the registered holder and the Beneficial Owner of Claims related to the Claims in **[Class 1]** / **[Class 5]**, and you wish to vote such, you may complete, execute, and return either an individual Beneficial Ballot or a Master Ballot to the Balloting Agent in accordance with these instructions.

5.      Multiple Master Ballots may be completed and delivered to the Balloting Agent. Votes reflected by multiple Master Ballots will be counted except to the extent that the votes thereon are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the latest Master Ballots received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot. If more than one Master Ballot is submitted and the later Master Ballot(s) supplements rather than supersedes earlier Master Ballot(s), please mark the subsequent Master Ballot(s) with the words "Additional Vote" or such other language as you customarily use to indicate an additional vote that is not meant to revoke an earlier vote.

6.      **To have your customers' votes counted, you must complete, sign, and return this Master Ballot so that it is received by the Balloting Agent no later than the Voting Deadline.**

7.      To properly complete the Master Ballot, you must follow the procedures described below:

a.  Check the appropriate box in **<u>Item 1</u>** of the Master Ballot;

b.  To transmit the votes of Beneficial Owners of Claims in **[Class 1]/[Class 5]** for whom you are the Nominee, indicate in **<u>Item 2</u>** of the Master Ballot the votes to accept or reject the Plan. To identify such Beneficial Owners without disclosing their names, please use the customer account number assigned by you to each such Beneficial Owner, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each Beneficial Owner and the assigned number). **IMPORTANT: EACH BENEFICIAL OWNER MUST VOTE ALL OF ITS CLAIMS IN [CLASS 1] / [CLASS 5] *EITHER* TO ACCEPT *OR* REJECT THE PLAN, AND <u>MAY NOT SPLIT ITS VOTE</u>. IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE BALLOTING AGENT IMMEDIATELY.** Any Beneficial Ballot or Master Ballot that is signed, dated, and timely received, but does not indicate acceptance or rejection of the Plan or both accepts and rejects the Plan, will not be counted for purposes of voting on the Plan;

c.  Please note that **<u>Item 3</u>** of the Master Ballot requests that you transcribe the information provided by each Beneficial Owner in **<u>Item 3</u>** of the Beneficial Ballot relating to other Claims in **[Class 1]** / **[Class 5]** voted;

d.  Review the certification in **Item 4** of the Beneficial Ballot;

e.  Sign and date the Master Ballot and provide the remaining information requested;

f.  If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable items on the Master Ballot to which you are responding;

g.  Contact the Balloting Agent if you need any additional information; and

h.  Deliver the completed, executed Master Ballot so as to be received by the Balloting Agent before the Voting Deadline. For each completed, executed Beneficial Ballot returned to you by a Beneficial Owner, either forward such Beneficial Ballot (along with your Master Ballot) to the Balloting Agent or retain such Beneficial Ballot in your files for one (1) year following the Voting Deadline.

IF YOU HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT OR THE INSTRUCTIONS ABOVE, PLEASE CONTACT THE BALLOTING AGENT BY TELEPHONE AT (844) 822-9231 (TOLL FREE FOR U.S. AND PUERTO RICO) OR (646) 486-7944 (FOR INTERNATIONAL CALLERS) OR BY EMAIL AT PUERTORICOBALLOTS@PRIMECLERK.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE OVERSIGHT BOARD, AAFAF, COFINA, OR THE DISTRICT COURT.

## Schedule 3C

**Form of Ballot for Ambac on Behalf of Holders of Claims in Class 2**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

## BALLOT FOR HOLDERS
## OF CLAIMS IN CLASS 2 (SENIOR COFINA BOND CLAIMS (AMBAC))

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of Puerto Rico Sales Tax Financing Corporation ("COFINA"), is soliciting votes with respect to the *Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified, the "Plan") [ECF No. ___], from the holders of certain impaired Claims against COFINA. By order dated November ___, 2018 (the "Disclosure Statement Order"), the District Court approved the *Disclosure Statement for the Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified, the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

"Disclosure Statement") [ECF No. ___], and authorized COFINA to solicit votes with respect to the acceptance or rejection of the Plan.  Copies of the Plan and Disclosure Statement are enclosed in the package containing this Ballot.  **All capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Plan.  If you have any questions regarding the proper completion of this Ballot, please contact the Balloting Agent by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoballots@primeclerk.com.**

This Ballot is to be used for voting by Ambac Assurance Corporation ("Ambac"). Pursuant to the Disclosure Statement Order, Ambac is entitled to accept or reject the Plan on behalf of beneficial holders of securities giving rise to Impaired Claims in Class 2.  **To have your vote counted, you must complete, sign, and return this Ballot so that it its received by the Balloting Agent at the address listed below no later than the Voting Deadline, unless such time is extended by the Debtor.  Ballots must be delivered to the Balloting Agent (i) at the address listed below (or in the enclosed envelope, which may have a different zip code) or (ii) via Prime Clerk's E-Ballot platform by visiting https://cases.primeclerk.com/puertorico, clicking on the "Submit E-Ballot" link and following the instructions set forth on the website.  Ambac is encouraged to submit its Ballots via the E-Ballot platform.  If you choose to submit your Ballot via the E-Ballot platform, you should NOT submit your paper copy Ballot as well.  Please choose only one form of return of your Ballot:**

## **Via First Class Mail, Hand Delivery or Overnight Courier:**

**PUERTO RICO SALES TAX FINANCING
CORPORATION BALLOT PROCESSING
C/O PRIME CLERK LLC
830 THIRD AVENUE, 3RD FLOOR
NEW YORK, NY 10022**

**You must deliver the Ballot in the manner described above.  Ballots will not be accepted by telecopy, facsimile, electronic mail, or other electronic means of transmission (except via Prime Clerk's E-Ballot platform).**

**The Ballot must actually be received by the Balloting Agent by no later than 5:00 p.m. (Atlantic Standard Time) on January 8, 2019, unless such time is extended (the "Voting Deadline").**

Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, any Claim, and without prejudice to COFINA's rights in any other context, each Claim within a Class of Claims entitled to vote to accept or reject the Plan shall be in an amount as determined by the procedures set forth in the Disclosure Statement Order.

This Ballot does not and shall not be deemed to constitute (i) an assertion of a Claim, (ii) a proof of claim, or (iii) an admission by COFINA of the nature, validity, or amount of any Claim.

PLEASE COMPLETE THE FOLLOWING:

**Item 1.**        **Vote on Plan.**

The undersigned, voting on behalf of beneficial holders of securities giving rise to Impaired Claims in Class 2, hereby votes to (please check <u>one</u>):

| | |
|---|---|
| ☐    **ACCEPT** (vote FOR) the Plan | ☐    **REJECT** (vote AGAINST) the Plan |

**To submit your Ballot via the "E-Ballot" platform, please visit https://cases.primeclerk.com/puertorico. Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:_____**

**Prime Clerk's "E-Ballot" platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable.**

Creditors who cast a Ballot using Prime Clerk's "E-Ballot" platform should <u>NOT</u> also submit a paper Ballot.

**Item 2. Section 30.6 of the Plan provides for the following Third Party Release:**

**<u>30.6 Releases by Holders of Claims</u>:**   On the Effective Date, and for good and valuable consideration, and to the fullest extent permissible under applicable law, each Releasing Party that (i) has held, currently holds or may hold a Released Claim, (ii) is entitled to receive, directly or indirectly, a distribution or satisfaction of its Claim pursuant to the Plan, and (iii) elects, by not checking the appropriate box on its Ballot/Election Form, as the case may be, to grant the releases set forth in this Section 30.6 on their own behalf and on behalf of anyone claiming through them, shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit and discharge each and all of the Released Parties, from any and all Released Claims (solely in their capacity as Creditors) and/or any claim, act, fact, transaction, occurrence, statement, or omission in connection with or alleged in the Actions or

the Related Actions or that could have been alleged in respect of the foregoing or other similar proceeding (solely in their capacity as Creditors), including, without limitation, any such claim, demand, right, liability or cause of action for indemnification, contribution or any other basis in law or equity for damages, costs or fees incurred by the releasers herein arising directly or indirectly from or otherwise relating thereto from any and all released third party causes of action; **provided, however, that each Entity that has elected not to grant the releases set forth in this Section 30.6 including, without limitation, any Entity that fails to execute and deliver a release following notice in accordance with the provisions of Section 30.6 hereof, shall not be entitled to, and shall not receive, any payment, distribution or other satisfaction of its claim pursuant to the Plan**; and, provided, further, that notwithstanding anything contained in this Section 30.6 to the contrary, the release set forth in Section 30.6 shall not extend to acts of gross negligence, intentional fraud or willful misconduct of any Released Parties, whether claims asserted thereon sound in contract or tort.

**Waiver of Section 1542:  All persons providing releases pursuant to the provision of Section 30.6 of the Plan expressly and voluntarily waive Section 1542 of the California Civil Code, or any similar, comparable or equivalent provision of the statutory or non-statutory law of California or any other jurisdiction.  Section 1542 provides:**

> **A general release does not extend to claims under which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

## IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE:

IF YOU ARE ENTITLED TO ACCEPT OR REJECT THE PLAN ON BEHALF OF BENEFICIAL HOLDERS OF SECURITIES GIVING RISE TO IMPAIRED CLAIMS IN CLASS 2, YOU MAY, ON BEHALF OF SUCH BENEFICIAL HOLDERS, OPT OUT OF THE THIRD PARTY RELEASE PROVIDED IN SECTION 30.6 OF THE PLAN BY CHECKING THE BOX BELOW AND SUCH BENEFICIAL HOLDERS WILL NOT BE BOUND BY SUCH RELEASE.  CHECK THE BOX BELOW IF YOU ELECT, ON BEHALF OF SUCH BENEFICIAL HOLDERS, NOT TO GRANT THE THIRD PARTY RELEASE CONTAINED IN SECTION 30.6 OF THE PLAN.   THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION.  **HOWEVER, IF YOU ELECT NOT TO GRANT THE RELEASES SET FORTH IN SECTION 30.6 OF THE PLAN, THE BENEFICIAL HOLDERS OF SECURITIES GIVING RISE TO IMPAIRED CLAIMS IN CLASS 2 WILL NOT BE ENTITLED TO, AND SHALL NOT RECEIVE, ANY PAYMENT, DISTRIBUTION OR OTHER SATISFACTION OF SUCH CLAIMS PURSUANT TO THE PLAN.**

The undersigned, voting on behalf of beneficial holders of securities giving rise to Impaired Claims in Class 2 set forth in Item 1, elects to:

    ☐    Opt Out of the Third Party Release in Section 30.6 of the Plan.

**Item 4.**          **Acknowledgements and Certification.**

By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Plan, Disclosure Statement, and Disclosure Statement Order. The undersigned certifies that, pursuant to the Disclosure Statement Order, it has full power and authority to vote to accept or reject the Plan on behalf of the beneficial holders of securities giving rise to Impaired Claims in Class 2.  The undersigned further acknowledges that COFINA's solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement Order and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Name of Holder: _____
                                                (Print or Type)

                               _____

Signature:_____

Name of Signatory:_____
                                                (If other than holder)

Title: _____

Address: _____

            _____

            _____

Telephone
Number: _____

Email: _____

Date Completed: _____

**VOTING INSTRUCTIONS FOR COMPLETING THE
BALLOT FOR CLAIMS IN CLASS 2 (SENIOR COFINA BOND CLAIMS (AMBAC))**

1.          This Ballot is submitted to you to solicit your vote to accept or reject the *Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified, the "Plan") [ECF No. ___].  The terms of the Plan are described in the *Disclosure Statement for the Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation*, October 19, 2018 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement") [ECF No. ___].  All capitalized terms used but not otherwise defined herein or in the Ballot shall have the meanings given to such terms in the Plan.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

5

2.    The Plan will be accepted by a Class of Claims if it is accepted by the holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of the Allowed Claims in such Class that have voted to accept or reject the Plan.  In the event a Class rejects the Plan, the District Court may nevertheless confirm the Plan and thereby make it binding on the holders of Claims in the rejecting Class if the District Court finds the Plan does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in such Class and all other Classes of Claims rejecting the Plan, and otherwise satisfies the requirements of PROMESA section 314(b) and section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the District Court, all holders of Claims against the Debtor and its property (including those holders who abstain from voting or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the terms of the confirmed Plan and the transactions contemplated thereby.

3.    **To have your vote counted, you must properly complete, sign, and return this Ballot to Prime Clerk LLC (the "Balloting Agent") so that it is received by the Balloting Agent no later than 5:00 p.m. (Atlantic Standard Time) on January 8, 2019, unless such time is extended (the "Voting Deadline"), at the following address:**

<u>**Via First Class Mail, Hand Delivery or Overnight Courier:**</u>

**PUERTO RICO SALES TAX FINANCING
CORPORATION BALLOT PROCESSING
C/O PRIME CLERK LLC
830 THIRD AVENUE, 3RD FLOOR
NEW YORK, NY 10022**

**Ballots will not be accepted by telecopy, facsimile, electronic mail, or other electronic means of transmission (except via Prime Clerk's "E-Ballot" platform in accordance with the instructions above).**

4.    To properly complete the Ballot, you must follow the procedures described below:

    a.  Ensure the information contained in the Ballot is correct;

    b.  You may not split your vote on the Plan. You must vote all the Claims on behalf of the holders of Class 2 Claims either to accept or to reject the Plan;

    c.  If you are completing this Ballot on behalf of another entity, indicate your relationship to such entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

    d.  If you also hold Claims in other Classes, you may receive more than one Ballot, labeled for a different Class of Claims. Your vote will be counted in

determining acceptance or rejection of the Plan by a particular Class of Claims only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on the Ballot;

e. If you believe you have received the wrong Ballot, please contact the Balloting Agent immediately;

f. Provide your name and mailing address;

g. Sign and date your Ballot; and

h. Return your Ballot using an authorized method of return indicated herein.

5. If more than one Ballot voting the same Claim is received by the Balloting Agent, the latest Ballot received prior to the Voting Deadline will, to the extent of any inconsistencies between the Ballots, supersede and revoke any prior Ballot.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR THE PLAN, OR IF YOU RECEIVED SOLICITATION PACKAGE MATERIALS IN ELECTRONIC FORMAT AND DESIRE PAPER COPIES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE BALLOTING AGENT BY TELEPHONE AT (844) 822-9231 (TOLL FREE FOR U.S. AND PUERTO RICO) OR (646) 486-7944 (FOR INTERNATIONAL CALLERS) OR BY EMAIL AT PUERTORICOBALLOTS@PRIMECLERK.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE OVERSIGHT BOARD, AAFAF, COFINA, OR THE DISTRICT COURT.

## <u>Schedule 3D</u>

**Form of Ballot for National on Behalf of Holders of Claims in Class 3**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                 Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO SALES TAX FINANCING<br>CORPORATION,<br><br>                 Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

## BALLOT FOR HOLDERS
## OF CLAIMS IN CLASS 3 (SENIOR COFINA BOND CLAIMS (NATIONAL))

The Financial Oversight And Management Board For Puerto Rico (the "Oversight Board"), as representative of Puerto Rico Sales Tax Financing Corporation ("COFINA"), is soliciting votes with respect to the *Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified, the "Plan") [ECF No. ___], from the holders of certain impaired Claims against COFINA. By order dated November ___, 2018 (the "Disclosure Statement Order"), the District Court approved the *Disclosure Statement for the Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

including all exhibits and attachments thereto, the "<u>Disclosure Statement</u>") [ECF No. ___], and authorized COFINA to solicit votes with respect to the acceptance or rejection of the Plan. Copies of the Plan and Disclosure Statement are enclosed in the package containing this Ballot. **All capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Plan.  If you have any questions regarding the proper completion of this Ballot, please contact the Balloting Agent by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoballots@primeclerk.com.**

This Ballot is to be used for voting by National Public Finance Guarantee Corporation ("<u>National</u>").  Pursuant to Disclosure Statement Order, National is entitled to accept or reject the Plan on behalf of beneficial holders of securities giving rise to Impaired Claims in Class 3.  **To have your vote counted, you must complete, sign, and return this Ballot so that it its received by the Balloting Agent at the address listed below no later than the Voting Deadline, unless such time is extended by the Debtor.  Ballots must be delivered to the Balloting Agent (i) at the address listed below (or in the enclosed envelope, which may have a different zip code) or (ii) via Prime Clerk's E-Ballot platform by visiting https://cases.primeclerk.com/puertorico, clicking on the "Submit E-Ballot" link and following the instructions set forth on the website.  National is encouraged to submit its Ballots via the E-Ballot platform.  If you choose to submit your Ballot via the E-Ballot platform, you should NOT submit your paper copy Ballot as well.  Please choose only one form of return of your Ballot:**

<u>**Via First Class Mail, Hand Delivery or Overnight Courier:**</u>

**PUERTO RICO SALES TAX FINANCING
CORPORATION BALLOT PROCESSING
C/O PRIME CLERK LLC
830 THIRD AVENUE, 3RD FLOOR
NEW YORK, NY 10022**

**You must deliver the Ballot in the manner described above.  Ballots will not be accepted by telecopy, facsimile, electronic mail, or other electronic means of transmission (except via Prime Clerk's E-Ballot platform).**

**The Ballot must actually be received by the Balloting Agent by no later than 5:00 p.m. (Atlantic Standard Time) on January 8, 2019, unless such time is extended (the "<u>Voting Deadline</u>").**

Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, any Claim, and without prejudice to COFINA's rights in any other context, each Claim within a Class of Claims entitled to vote to accept or reject the Plan shall be in an amount as determined by the procedures set forth in the Disclosure Statement Order.

PLEASE COMPLETE THE FOLLOWING:

**Item 1**.          **Vote on Plan.**

The undersigned, voting on behalf of beneficial holders of securities giving rise to Impaired Claims in Class 3, hereby votes to (please check <u>one</u>):

| | | | |
|---|---|---|---|
| ☐ | **ACCEPT** (vote FOR) the Plan | ☐ | **REJECT** (vote AGAINST) the Plan |

**To submit your Ballot via the "E-Ballot" platform, please visit <u>https://cases.primeclerk.com/puertorico</u>. Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your ballot.**

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:_____**

**Prime Clerk's "E-Ballot" platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable.**

Creditors who cast a Ballot using Prime Clerk's "E-Ballot" platform should <u>NOT</u> also submit a paper Ballot.

**Item 2.  Section 30.6 of the Plan provides for the following Third Party Release:**

<u>**30.6 Releases by Holders of Claims:**</u>  On the Effective Date, and for good and valuable consideration, and to the fullest extent permissible under applicable law, each Releasing Party that (i) has held, currently holds or may hold a Released Claim, (ii) is entitled to receive, directly or indirectly, a distribution or satisfaction of its Claim pursuant to the Plan, and (iii) elects, by not checking the appropriate box on its Ballot/Election Form, as the case may be, to grant the releases set forth in this Section 30.6 on their own behalf and on behalf of anyone claiming through them, shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit and discharge each and all of the Released Parties, from any and all Released Claims (solely in their capacity as Creditors) and/or any claim, act, fact, transaction, occurrence, statement, or omission in connection with or alleged in the Actions or the Related Actions or that could have been alleged in respect of the foregoing or other similar proceeding (solely in their capacity as Creditors), including, without limitation, any such claim, demand, right, liability or cause of action for indemnification, contribution or any other basis in

3

law or equity for damages, costs or fees incurred by the releasers herein arising directly or indirectly from or otherwise relating thereto from any and all released third party causes of action; **provided, however, that each Entity that has elected not to grant the releases set forth in this Section 30.6 including, without limitation, any Entity that fails to execute and deliver a release following notice in accordance with the provisions of Section 30.6 hereof, shall not be entitled to, and shall not receive, any payment, distribution or other satisfaction of its claim pursuant to the Plan**; and, provided, further, that notwithstanding anything contained in this Section 30.6 to the contrary, the release set forth in Section 30.6 shall not extend to acts of gross negligence, intentional fraud or willful misconduct of any Released Parties, whether claims asserted thereon sound in contract or tort.

**Waiver of Section 1542:  All persons providing releases pursuant to the provision of Section 30.6 of the Plan expressly and voluntarily waive Section 1542 of the California Civil Code, or any similar, comparable or equivalent provision of the statutory or non-statutory law of California or any other jurisdiction.  Section 1542 provides:**

> **A general release does not extend to claims under which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

**IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE**:

IF YOU ARE ENTITLED TO ACCEPT OR REJECT THE PLAN ON BEHALF OF BENEFICIAL HOLDERS OF SECURITIES GIVING RISE TO IMPAIRED CLAIMS IN CLASS 3, YOU MAY, ON BEHALF OF SUCH BENEFICIAL HOLDERS, OPT OUT OF THE THIRD PARTY RELEASE PROVIDED IN SECTION 30.6 OF THE PLAN BY CHECKING THE BOX BELOW AND SUCH BENEFICIAL HOLDERS WILL NOT BE BOUND BY SUCH RELEASE.  CHECK THE BOX BELOW IF YOU ELECT, ON BEHALF OF SUCH BENEFICIAL HOLDERS, NOT TO GRANT THE THIRD PARTY RELEASE CONTAINED IN SECTION 30.6 OF THE PLAN.   THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION.  **HOWEVER, IF YOU ELECT NOT TO GRANT THE RELEASES SET FORTH IN SECTION 30.6 OF THE PLAN, THE BENEFICIAL HOLDERS OF SECURITIES GIVING RISE TO IMPAIRED CLAIMS IN CLASS 3 WILL NOT BE ENTITLED TO, AND SHALL NOT RECEIVE, ANY PAYMENT, DISTRIBUTION OR OTHER SATISFACTION OF SUCH CLAIMS PURSUANT TO THE PLAN.**

The undersigned, voting on behalf of beneficial holders of securities giving rise to Impaired Claims in Class 3 set forth in Item 1, elects to:

☐ Opt Out of the Third Party Release in Section 30.6 of the Plan.

4

**Item 3.** **Acknowledgements and Certification.**

By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Plan, Disclosure Statement, and Disclosure Statement Order. The undersigned certifies that, pursuant to the Disclosure Statement Order, it has full power and authority to vote to accept or reject the Plan on behalf of beneficial holders of securities giving rise to Impaired Claims in Class 3. The undersigned further acknowledges that COFINA's solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the Disclosure Statement Order and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Name of Holder: _____
                          (Print or Type)

                          _____

Signature:_____

Name of Signatory:_____
                          (If other than holder)

Title: _____

Address: _____

_____

_____

Telephone
Number: _____

Email: _____

Date Completed: _____

**VOTING INSTRUCTIONS FOR COMPLETING THE**
**BALLOT FOR CLAIMS IN CLASS 3 (SENIOR COFINA BOND CLAIMS (NATIONAL INSURED))**

1.      This Ballot is submitted to you to solicit your vote to accept or reject the *Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified, the "Plan") [ECF No. ___]. The terms of the Plan are described in the *Disclosure Statement for the Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation*, October 19, 2018 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement") [ECF No. ___]. All capitalized terms used but not otherwise defined herein or in the Ballot shall have the

meanings given to such terms in the Plan.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.      The Plan will be accepted by a Class of Claims if it is accepted by the holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of the Allowed Claims in such Class that have voted to accept or reject the Plan.  In the event a Class rejects the Plan, the District Court may nevertheless confirm the Plan and thereby make it binding on the holders of Claims in the rejecting Class if the District Court finds the Plan does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in such Class and all other Classes of Claims rejecting the Plan, and otherwise satisfies the requirements of PROMESA section 314(b) and section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the District Court, all holders of Claims against the Debtor and its property (including those holders who abstain from voting or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the terms of the confirmed Plan and the transactions contemplated thereby.

3.      **To have your vote counted, you must properly complete, sign, and return this Ballot to Prime Clerk LLC (the "Balloting Agent") so that it is received by the Balloting Agent no later than 5:00 p.m. (Atlantic Standard Time) on January 8, 2019, unless such time is extended (the "Voting Deadline"), at the following address:**

### Via First Class Mail, Hand Delivery or Overnight Courier:

**PUERTO RICO SALES TAX FINANCING
CORPORATION BALLOT PROCESSING
C/O PRIME CLERK LLC
830 THIRD AVENUE, 3RD FLOOR
NEW YORK, NY 10022**

**Ballots will not be accepted by telecopy, facsimile, electronic mail, or other electronic means of transmission (except via Prime Clerk's "E-Ballot" platform in accordance with the instructions above).**

4.      To properly complete the Ballot, you must follow the procedures described below:

  a.  Ensure the information contained in the Ballot is correct;

  b.  You may not split your vote on the Plan. You must vote all the Claims on behalf of the holders of Class 3 Claims either to accept or to reject the Plan;

  c.  If you are completing this Ballot on behalf of another entity, indicate your relationship to such entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

    d.   If you also hold Claims in other Classes, you may receive more than one Ballot, labeled for a different Class of Claims. Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of Claims only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on the Ballot;

    e.   If you believe you have received the wrong Ballot, please contact the Balloting Agent immediately;

    f.   Provide your name and mailing address;

    g.   Sign and date your Ballot; and

    h.   Return your Ballot using an authorized method of return indicated herein.

5.     If more than one Ballot voting the same Claim is received by the Balloting Agent, the latest Ballot received prior to the Voting Deadline will, to the extent of any inconsistencies between the Ballots, supersede and revoke any prior Ballot.


IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT AND THE PLAN, OR IF YOU RECEIVED SOLICITATION PACKAGE MATERIALS IN ELECTRONIC FORMAT AND DESIRE PAPER COPIES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE BALLOTING AGENT BY TELEPHONE AT (844) 822-9231 (TOLL FREE FOR U.S. AND PUERTO RICO) OR (646) 486-7944 (FOR INTERNATIONAL CALLERS) OR BY EMAIL AT PUERTORICOBALLOTS@PRIMECLERK.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE OVERSIGHT BOARD, AAFAF, COFINA, OR THE DISTRICT COURT.

## <u>Schedule 3E</u>

**Form of Ballot for Holders of Claims in Class 6**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO SALES TAX FINANCING<br>CORPORATION,<br><br>                  Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

## BALLOT FOR HOLDERS
## OF CLAIMS IN CLASS 6 (JUNIOR COFINA BOND CLAIMS (ASSURED))

The Financial Oversight And Management Board For Puerto Rico (the "Oversight Board"), as representative of Puerto Rico Sales Tax Financing Corporation ("COFINA"), is soliciting votes with respect to the *Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified, the "Plan") [ECF No. ____], from the holders of certain impaired Claims against COFINA. By order dated November ___, 2018 (the "Disclosure Statement Order"), the District Court approved the *Disclosure Statement for the Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

including all exhibits and attachments thereto, the "Disclosure Statement") [ECF No. ___], and authorized COFINA to solicit votes with respect to the acceptance or rejection of the Plan. Copies of the Plan and Disclosure Statement are enclosed in the package containing this Ballot. **All capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Plan. If you have any questions regarding the proper completion of this Ballot, please contact the Balloting Agent by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoballots@primeclerk.com.**

This Ballot is to be used for voting by Assured Guaranty Municipal Corp. ("Assured"). Pursuant to the Disclosure Statement Order, Assured is entitled to accept or reject the Plan on behalf of beneficial holders of securities giving rise to Impaired Claims in Class 6. **To have your vote counted, you must complete, sign, and return this Ballot so that it its received by the Balloting Agent at the address listed below no later than the Voting Deadline, unless such time is extended by the Debtor. Ballots must be delivered to the Balloting Agent (i) at the address listed below (or in the enclosed envelope, which may have a different zip code) or (ii) via Prime Clerk's E-Ballot platform by visiting https://cases.primeclerk.com/puertorico, clicking on the "Submit E-Ballot" link and following the instructions set forth on the website. Assured is encouraged to submit its Ballots via the E-Ballot platform. If you choose to submit your Ballot via the E-Ballot platform, you should NOT submit your paper copy Ballot as well. Please choose only one form of return of your Ballot:**

### Via First Class Mail, Hand Delivery or Overnight Courier:

**PUERTO RICO SALES TAX FINANCING
CORPORATION BALLOT PROCESSING
C/O PRIME CLERK LLC
830 THIRD AVENUE, 3RD FLOOR
NEW YORK, NY 10022**

**You must deliver the Ballot in the manner described above. Ballots will not be accepted by telecopy, facsimile, electronic mail, or other electronic means of transmission (except via Prime Clerk's E-Ballot platform).**

**The Ballot must actually be received by the Balloting Agent by no later than 5:00 p.m. (Atlantic Standard Time) on January 8, 2019, unless such time is extended (the "Voting Deadline").**

Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, any Claim, and without prejudice to COFINA's rights in any other context, each Claim within a Class of Claims entitled to vote to accept or reject the Plan shall be in an amount as determined by the procedures set forth in the Disclosure Statement Order.

2

This Ballot does not and shall not be deemed to constitute (i) an assertion of a Claim, (ii) a proof of claim, or (iii) an admission by COFINA of the nature, validity, or amount of any Claim.

PLEASE COMPLETE THE FOLLOWING:

**Item 1**. **Vote on Plan.**

The undersigned, voting on behalf of beneficial holders of securities giving rise to Impaired Claims in Class 6, hereby votes to (please check <u>one</u>):

| | |
|---|---|
| ☐   **ACCEPT** (vote FOR) the Plan | ☐   **REJECT** (vote AGAINST) the Plan |

**To submit your Ballot via the "E-Ballot" platform, please visit https://cases.primeclerk.com/puertorico.  Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your ballot.**

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:_____**

**Prime Clerk's "E-Ballot" platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable.**

Creditors who cast a Ballot using Prime Clerk's "E-Ballot" platform should <u>NOT</u> also submit a paper Ballot.

**Item 2**.  **Section 30.6 of the Plan provides for the following Third Party Release:**

**<u>30.6 Releases by Holders of Claims</u>:**  On the Effective Date, and for good and valuable consideration, and to the fullest extent permissible under applicable law, each Releasing Party that (i) has held, currently holds or may hold a Released Claim, (ii) is entitled to receive, directly or indirectly, a distribution or satisfaction of its Claim pursuant to the Plan, and (iii) elects, by not checking the appropriate box on its Ballot/Election Form, as the case may be, to grant the releases set forth in this Section 30.6 on their own behalf and on behalf of anyone claiming through them, shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit and discharge each and all of the Released Parties, from any and all Released Claims (solely in their capacity as Creditors) and/or any claim, act, fact, transaction, occurrence, statement, or omission in connection with or alleged in the Actions or

3

the Related Actions or that could have been alleged in respect of the foregoing or other similar proceeding (solely in their capacity as Creditors), including, without limitation, any such claim, demand, right, liability or cause of action for indemnification, contribution or any other basis in law or equity for damages, costs or fees incurred by the releasers herein arising directly or indirectly from or otherwise relating thereto from any and all released third party causes of action; **provided, however, that each Entity that has elected not to grant the releases set forth in this Section 30.6 including, without limitation, any Entity that fails to execute and deliver a release following notice in accordance with the provisions of Section 30.6 hereof, shall not be entitled to, and shall not receive, any payment, distribution or other satisfaction of its claim pursuant to the Plan**; and, provided, further, that notwithstanding anything contained in this Section 30.6 to the contrary, the release set forth in Section 30.6 shall not extend to acts of gross negligence, intentional fraud or willful misconduct of any Released Parties, whether claims asserted thereon sound in contract or tort.

**Waiver of Section 1542:  All persons providing releases pursuant to the provision of Section 30.6 of the Plan expressly and voluntarily waive Section 1542 of the California Civil Code, or any similar, comparable or equivalent provision of the statutory or non-statutory law of California or any other jurisdiction.  Section 1542 provides:**

> **A general release does not extend to claims under which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

### **IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE**:

IF YOU ARE ENTITLED TO ACCEPT OR REJECT THE PLAN ON BEHALF OF BENEFICIAL HOLDERS OF SECURITIES GIVING RISE TO IMPAIRED CLAIMS IN CLASS 6, YOU MAY, ON BEHALF OF SUCH BENEFICIAL HOLDERS, OPT OUT OF THE THIRD PARTY RELEASE PROVIDED IN SECTION 30.6 OF THE PLAN BY CHECKING THE BOX BELOW AND SUCH BENEFICIAL HOLDERS WILL NOT BE BOUND BY SUCH RELEASE.  CHECK THE BOX BELOW IF YOU ELECT, ON BEHALF OF SUCH BENEFICIAL HOLDERS, NOT TO GRANT THE THIRD PARTY RELEASE CONTAINED IN SECTION 30.6 OF THE PLAN.  THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION.  **HOWEVER, IF YOU ELECT NOT TO GRANT THE RELEASES SET FORTH IN SECTION 30.6 OF THE PLAN, THE BENEFICIAL HOLDERS OF SECURITIES GIVING RISE TO IMPAIRED CLAIMS IN CLASS 6 WILL NOT BE ENTITLED TO, AND SHALL NOT RECEIVE, ANY PAYMENT, DISTRIBUTION OR OTHER SATISFACTION OF SUCH CLAIM PURSUANT TO THE PLAN.**

The undersigned, voting on behalf of beneficial holders of securities giving rise to Impaired Claims in Class 6 set forth in Item 1, elects to:

☐   Opt Out of the Third Party Release in Section 30.6 of the Plan.

4

**Item 3**.          **Acknowledgements and Certification.**

By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Plan, Disclosure Statement, and Disclosure Statement Order.    The undersigned certifies that, pursuant to the Disclosure Statement Order, it has full power and authority to vote to accept or reject the Plan on behalf of the beneficial holders of securities giving rise to Impaired Claims in Class 6.    The undersigned further acknowledges that COFINA's solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement Order and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

---

Name of Holder: _____

_____(Print or Type)

_____

Signature:_____

Name of Signatory:_____

_____(If other than holder)

Title: _____

Address: _____

_____

_____

Telephone
Number: _____

Email: _____

Date Completed: _____

---

## VOTING INSTRUCTIONS FOR COMPLETING THE
## BALLOT FOR CLAIMS IN CLASS 6 (JUNIOR COFINA BOND CLAIMS (ASSURED))

1.        This Ballot is submitted to you to solicit your vote to accept or reject the *Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified, the "Plan") [ECF No. ___].  The terms of the Plan are described in the *Disclosure Statement for the Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement") [ECF No. ___].  All capitalized terms used but not otherwise defined herein or in the Ballot shall have the meanings given to such terms in the Plan.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

5

2.      The Plan will be accepted by a Class of Claims if it is accepted by the holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of the Allowed Claims in such Class that have voted to accept or reject the Plan.  In the event a Class rejects the Plan, the District Court may nevertheless confirm the Plan and thereby make it binding on the holders of Claims in the rejecting Class if the District Court finds the Plan does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in such Class and all other Classes of Claims rejecting the Plan, and otherwise satisfies the requirements of PROMESA section 314(b) and section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the District Court, all holders of Claims against the Debtor and its property(including those holders who abstain from voting or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the terms of the confirmed Plan and the transactions contemplated thereby.

3.      **To have your vote counted, you must properly complete, sign, and return this Ballot to Prime Clerk LLC (the "Balloting Agent") so that it is received by the Balloting Agent no later than 5:00 p.m. (Atlantic Standard Time) on January 8, 2019 (the "Voting Deadline"), at the following address:**

**Via First Class Mail, Hand Delivery or Overnight Courier:**

**PUERTO RICO SALES TAX FINANCING
CORPORATION BALLOT PROCESSING
C/O PRIME CLERK LLC
830 THIRD AVENUE, 3RD FLOOR
NEW YORK, NY 10022**

**Ballots will not be accepted by telecopy, facsimile, electronic mail, or other electronic means of transmission (except via Prime Clerk's "E-Ballot" platform in accordance with the instructions above).**

4.      To properly complete the Ballot, you must follow the procedures described below:

a.  Ensure the information contained in the Ballot is correct;

b.  You may not split your vote on the Plan. You must vote all the Claims on behalf of the holders of Class 6 Claims either to accept or to reject the Plan;

c.  If you are completing this Ballot on behalf of another entity, indicate your relationship to such entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

d.  If you also hold Claims in other Classes, you may receive more than one Ballot, labeled for a different Class of Claims. Your vote will be counted in

determining acceptance or rejection of the Plan by a particular Class of Claims only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on the Ballot;

e. If you believe you have received the wrong Ballot, please contact the Balloting Agent immediately;

f. Provide your name and mailing address;

g. Sign and date your Ballot; and

h. Return your Ballot using an authorized method of return indicated herein.

5. If more than one Ballot voting the same Claim is received by the Balloting Agent, the latest Ballot received prior to the Voting Deadline will, to the extent of any inconsistencies between the Ballots, supersede and revoke any prior Ballot.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR THE PLAN, OR IF YOU RECEIVED SOLICITATION PACKAGE MATERIALS IN ELECTRONIC FORMAT AND DESIRE PAPER COPIES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE BALLOTING AGENT BY TELEPHONE AT (844) 822-9231 (TOLL FREE FOR U.S. AND PUERTO RICO) OR (646) 486-7944 (FOR INTERNATIONAL CALLERS) OR BY EMAIL AT PUERTORICOBALLOTS@PRIMECLERK.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE OVERSIGHT BOARD, AAFAF, COFINA, OR THE DISTRICT COURT.

## **Schedule 3F**

**Form of Ballot for Holders of Claims in Class 8**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

## BALLOT FOR HOLDER
## OF CLAIM IN CLASS 8 (GS DERIVATIVE CLAIM)

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of Puerto Rico Sales Tax Financing Corporation ("COFINA"), is soliciting votes with respect to the *Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified, the "Plan") [ECF No. ____], from the holders of certain impaired Claims against COFINA. By order dated November ___, 2018 (the "Disclosure Statement Order"), the District Court approved the *Disclosure Statement for the Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

including all exhibits and attachments thereto, the "Disclosure Statement") [ECF No. ___], and authorized COFINA to solicit votes with respect to the acceptance or rejection of the Plan. **IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE CONSENTING TO CERTAIN INJUNCTION AND RELEASE PROVISIONS, UNLESS OTHERWISE INDICATED BELOW.** Copies of the Plan and Disclosure Statement are enclosed in the package containing this Ballot. **All capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Plan. If you have any questions regarding the proper completion of this Ballot, please contact the Balloting Agent by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoBALLOTS@primeclerk.com.**

This Ballot is to be used for voting by the holders of the Claim in the Class listed below. **To have your vote counted, you must complete, sign, and return this Ballot so that it its received by the Balloting Agent at the address listed below no later than the Voting Deadline, unless such time is extended by the Debtor. Ballots must be delivered to the Balloting Agent (i) at the address listed below (or in the enclosed envelope, which may have a different zip code) or (ii) via Prime Clerk's E-Ballot platform by visiting https://cases.primeclerk.com/puertorico, clicking on the "Submit E-Ballot" link and following the instructions set forth on the website. Holders are encouraged to submit their Ballots via the E-Ballot platform. If you choose to submit your Ballot via the E-Ballot platform, you should NOT submit your paper copy Ballot as well. Please choose only one form of return of your Ballot:**

<u>**Via First Class Mail, Hand Delivery or Overnight Courier:**</u>

**PUERTO RICO SALES TAX FINANCING
CORPORATION BALLOT PROCESSING
C/O PRIME CLERK LLC
830 THIRD AVENUE, 3RD FLOOR
NEW YORK, NY 10022**

**You must deliver the Ballot in the manner described above. Ballots will not be accepted by telecopy, facsimile, electronic mail, or other electronic means of transmission (except via Prime Clerk's E-Ballot platform).**

**The Ballot must actually be received by the Balloting Agent by no later than 5:00 p.m. (Atlantic Standard Time) on January 8, 2019, unless such time is extended (the "<u>Voting Deadline</u>").**

Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, any Claim, and without prejudice to COFINA's rights in any other context, each Claim within a Class of Claims entitled to vote to accept or reject the Plan shall be in an amount as determined by the procedures set forth in the Disclosure Statement Order.

This Ballot does not and shall not be deemed to constitute (i) an assertion of a Claim, (ii) a proof of claim, or (iii) an admission by COFINA of the nature, validity, or amount of any Claim.

PLEASE COMPLETE THE FOLLOWING:

<u>Item 1</u>.         **Amount of Claim**

For purposes of voting to accept or reject the Plan, the undersigned holds the Claim in Class 8 set forth below in the following aggregate amount:

| $_____ |
|---|

<u>Item 2</u>.  **Section 30.6 of the Plan provides for the following Third Party Release:**

<u>**30.6 Releases by Holders of Claims:**</u>  On the Effective Date, and for good and valuable consideration, and to the fullest extent permissible under applicable law, each Releasing Party that (i) has held, currently holds or may hold a Released Claim, (ii) is entitled to receive, directly or indirectly, a distribution or satisfaction of its Claim pursuant to the Plan, and (iii) elects, by not checking the appropriate box on its Ballot/Election Form, as the case may be, to grant the releases set forth in this Section 30.6 on their own behalf and on behalf of anyone claiming through them, shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit and discharge each and all of the Released Parties, from any and all Released Claims (solely in their capacity as Creditors) and/or any claim, act, fact, transaction, occurrence, statement, or omission in connection with or alleged in the Actions or the Related Actions or that could have been alleged in respect of the foregoing or other similar proceeding (solely in their capacity as Creditors), including, without limitation, any such claim, demand, right, liability or cause of action for indemnification, contribution or any other basis in law or equity for damages, costs or fees incurred by the releasers herein arising directly or indirectly from or otherwise relating thereto from any and all released third party causes of action; **<u>provided</u>, <u>however</u>, that each Entity that has elected not to grant the releases set forth in this Section 30.6 including, without limitation, any Entity that fails to execute and deliver a release following notice in accordance with the provisions of Section 30.6 hereof, shall not be entitled to, and shall not receive, any payment, distribution or other satisfaction of its claim pursuant to the Plan**; and, <u>provided</u>, <u>further</u>, that notwithstanding anything contained in this Section 30.6 to the contrary, the release set forth in Section 30.6 shall not extend to acts of gross negligence, intentional fraud or willful misconduct of any Released Parties, whether claims asserted thereon sound in contract or tort.

<u>**Waiver of Section 1542**</u>**:  All persons providing releases pursuant to the provision of Section 30.6 of the Plan expressly and voluntarily waive Section 1542 of the California Civil Code, or any similar, comparable or equivalent provision of the statutory or non-statutory law of California or any other jurisdiction.  Section 1542 provides:**

> **A general release does not extend to claims under which the creditor**

3

**does not know or suspect to exist in his or her favor at the time of
executing the release, which if known by him or her must have
materially affected his or her settlement with the debtor.**

### IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE:

IF YOU ARE ENTITLED TO RECEIVE A DISTRIBUTION OR SATISFACTION OF
YOUR CLAIM PURSUANT TO THE PLAN, YOU MAY OPT OUT OF THE THIRD PARTY
RELEASE PROVIDED IN SECTION 30.6 OF THE PLAN BY CHECKING THE BOX
BELOW AND YOU WILL NOT BE BOUND BY SUCH RELEASE.  CHECK THE BOX
BELOW IF YOU ELECT NOT TO GRANT THE THIRD PARTY RELEASE CONTAINED
IN SECTION 30.6 OF THE PLAN.   THE ELECTION TO WITHHOLD CONSENT TO
GRANT SUCH RELEASE IS AT YOUR OPTION.  **HOWEVER, IF YOU ELECT NOT TO
GRANT THE RELEASES SET FORTH IN SECTION 30.6 OF THE PLAN, YOU WILL
NOT BE ENTITLED TO, AND SHALL NOT RECEIVE, ANY PAYMENT,
DISTRIBUTION OR OTHER SATISFACTION OF YOUR CLAIM PURSUANT TO
THE PLAN.**

The holder of Claims in Class 8 set forth in Item 1 elects to:

☐   Opt Out of the Third Party Release in Section 30.6 of the Plan.

**Item 3**.          **Vote on Plan.**

The undersigned holder of a Claim in the amount set forth in **Item 1** above hereby votes to
(please check <u>one</u>):

| | | |
|---|---|---|
| ☐   **ACCEPT** (vote FOR) the Plan | ☐   **REJECT** (vote AGAINST) the Plan | |

**To submit your Ballot via the "E-Ballot" platform, please visit
https://cases.primeclerk.com/puertorico.  Click on the "Submit E-Ballot" section of the
website and follow the instructions to submit your ballot.**

**IMPORTANT NOTE:  You will need the following information to retrieve and submit
your customized electronic Ballot:**

**Unique E-Ballot ID#:_____**

**Prime Clerk's "E-Ballot" platform is the sole manner in which Ballots will be accepted via
electronic or online transmission.  Ballots submitted by facsimile, email or other means of
electronic transmission will not be counted.**

4

**Each E-Ballot ID# is to be used solely for voting only the Claim described in Item 1 of your electronic Ballot.  Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable.**

Creditors who cast a Ballot using Prime Clerk's "E-Ballot" platform should <u>NOT</u> also submit a paper Ballot.

<u>**Item 4**</u>.             **Acknowledgements and Certification.**

By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Plan, Disclosure Statement, and Disclosure Statement Order. The undersigned certifies that (i) it is the holder of the Claim identified in **<u>Item 1</u>** above, or (ii) it has full power and authority to vote to accept or reject the Plan. The undersigned further acknowledges that COFINA's solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the District Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

---

Name of Holder: _____

                                                    (Print or Type)


                                    _____


Signature:_____

Name of Signatory:_____

                                                    (If other than holder)

Title:        _____

Address:   _____

                 _____

                 _____

Telephone
Number:   _____

Email:       _____

Date Completed:   _____

---

## VOTING INSTRUCTIONS FOR COMPLETING THE
## BALLOT FOR THE CLAIM IN CLASS 8 (GS DERIVATIVE CLAIM)

1.      This Ballot is submitted to you to (i) solicit your vote to accept or reject the *Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified, the "Plan") [ECF No. ___], and (ii) constitute your consent to the injunction and release provisions of the Plan if you vote to accept the Plan.  The terms of the Plan are described in the *Disclosure Statement for the Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement") [ECF No. ___].  All capitalized terms used but not otherwise defined herein or in the Ballot shall have the meanings given to such terms in the Plan.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.      The Plan will be accepted by a Class of Claims if it is accepted by the holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of the Allowed Claims in a Class that have voted to accept or reject the Plan.  In the event a Class rejects the Plan, the District Court may nevertheless confirm the Plan and thereby make it binding on holders of Claims in the Class if the District Court finds the Plan does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in the Class and all other Classes of Claims rejecting the Plan, and otherwise satisfies the requirements of PROMESA section 314(b) and section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the District Court, all holders of Claims against the Debtor (including those holders who abstain from voting on or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby, whether or not they vote and whether or not they accept the Plan.

3.      **To have your vote counted, you must properly complete, sign, and return this Ballot to Prime Clerk LLC (the "Balloting Agent") so that it is received by the Balloting Agent no later than 5:00 p.m. (Atlantic Standard Time) on January 8, 2019 (the "Voting Deadline"), at the following address:**

### Via First Class Mail, Hand Delivery or Overnight Courier:

**PUERTO RICO SALES TAX FINANCING
CORPORATION BALLOT PROCESSING
C/O PRIME CLERK LLC
830 THIRD AVENUE, 3RD FLOOR
NEW YORK, NY 10022**

**Ballots will not be accepted by telecopy, facsimile, electronic mail, or other electronic means of transmission (except via Prime Clerk's "E-Ballot" platform in accordance with the instructions above).**

4.      To properly complete the Ballot, you must follow the procedures described below:

    a.   Ensure the information contained in **Item 1** of the Ballot is correct;

    b.   You may not split your vote on the Plan. You must vote all the Claims you hold in a Class to accept or reject the Plan;

    c.   If you are completing this Ballot on behalf of another entity, indicate your relationship to such entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

    d.   If you also hold Claims in other Classes, you may receive more than one Ballot, labeled for a different Class of Claims. Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of Claims only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on the Ballot;

    e.   If you believe you have received the wrong Ballot, please contact the Balloting Agent immediately;

    f.   Provide your name and mailing address;

    g.   Sign and date your Ballot; and

    h.   Return your Ballot using an authorized method of return indicated herein.

5.      If more than one Ballot voting the same Claim is received by the Balloting Agent, the latest Ballot received prior to the Voting Deadline will, to the extent of any inconsistencies between the Ballots, supersede and revoke any prior Ballot.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR THE PLAN, OR IF YOU RECEIVED SOLICITATION PACKAGE MATERIALS IN ELECTRONIC FORMAT AND DESIRE PAPER COPIES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE BALLOTING AGENT BY TELEPHONE AT (844) 822-9231 (TOLL FREE FOR U.S. AND PUERTO RICO) OR (646) 486-7944 (FOR INTERNATIONAL CALLERS) OR BY EMAIL AT PUERTORICOBALLOTS@PRIMECLERK.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE OVERSIGHT BOARD, AAFAF, COFINA, OR THE DISTRICT COURT.

## Schedule 3G

**Form of Ballot for Holders of Claims in Class 9**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>          Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO SALES TAX FINANCING<br>CORPORATION,<br><br>          Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

## BALLOT FOR HOLDERS
## OF CLAIMS IN CLASS 9 (GENERAL UNSECURED CLAIMS)

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of Puerto Rico Sales Tax Financing Corporation ("COFINA"), is soliciting votes with respect to the *Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified, the "Plan") [ECF No. ___], from the holders of certain impaired Claims against COFINA. By order dated November ___, 2018 (the "Disclosure Statement Order"), the District Court approved the *Disclosure Statement for the Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

including all exhibits and attachments thereto, the "<u>Disclosure Statement</u>") [ECF No. ___], and authorized COFINA to solicit votes with respect to the acceptance or rejection of the Plan.  **IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE CONSENTING TO CERTAIN INJUNCTION AND RELEASE PROVISIONS, UNLESS OTHERWISE INDICATED BELOW.**  Copies of the Plan and Disclosure Statement are enclosed in the package containing this Ballot.  **All capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Plan.  If you have any questions regarding the proper completion of this Ballot, please contact the Balloting Agent by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoballots@primeclerk.com.**

**This Ballot is to be used for voting by holders of Claims in the Class listed below.  To have your vote counted, you must complete, sign, and return this Ballot so that it its received by the Balloting Agent at the address listed below no later than the Voting Deadline, unless such time is extended by the Debtor.  Ballots must be delivered to the Balloting Agent (i) at the address listed below (or in the enclosed envelope, which may have a different zip code) or (ii) via Prime Clerk's E-Ballot platform by visiting https://cases.primeclerk.com/puertorico, clicking on the "Submit E-Ballot" link and following the instructions set forth on the website.  Holders are encouraged to submit their Ballots via the E-Ballot platform.  If you choose to submit your Ballot via the E-Ballot platform, you should NOT submit your paper copy Ballot as well.  Please choose only one form of return of your Ballot:**

<u>**Via First Class Mail, Hand Delivery or Overnight Courier:**</u>

**PUERTO RICO SALES TAX FINANCING
CORPORATION BALLOT PROCESSING
C/O PRIME CLERK LLC
830 THIRD AVENUE, 3RD FLOOR
NEW YORK, NY 10022**

**You must deliver the Ballot in the manner described above.  Ballots will not be accepted by telecopy, facsimile, electronic mail, or other electronic means of transmission (except via Prime Clerk's E-Ballot platform).**

**The Ballot must actually be received by the Balloting Agent by no later 5:00 p.m. (Atlantic Standard Time) on January 8, 2019, unless such time is extended (the "<u>Voting Deadline</u>").**

**IN THE EVENT THAT CLASS 9 VOTES TO ACCEPT THE PLAN, EACH HOLDER OF AN ALLOWED GENERAL UNSECURED CLAIM SHALL BE ENTITLED TO RECEIVE ITS PRO RATA SHARE OF ONE HUNDRED THOUSAND DOLLARS ($100,000.00); <u>PROVIDED</u>, <u>HOWEVER</u>, THAT, IN THE EVENT THAT CLASS 9 VOTES TO REJECT THE PLAN, HOLDERS OF ALLOWED GENERAL**

**UNSECURED CLAIMS SHALL NOT RECEIVE A DISTRIBUTION PURSUANT TO THE PLAN.**

Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, any Claim, and without prejudice to COFINA's rights in any other context, each Claim within a Class of Claims entitled to vote to accept or reject the Plan shall be in an amount as determined by the procedures set forth in the Disclosure Statement Order.

This Ballot does not and shall not be deemed to constitute (i) an assertion of a Claim, (ii) a proof of claim, or (iii) an admission by COFINA of the nature, validity, or amount of any Claim.

PLEASE COMPLETE THE FOLLOWING:

**Item 1.**          **Amount of Claim**

For purposes of voting to accept or reject the Plan, the undersigned holds the Claim(s) in Class 9 set forth below in the following aggregate amount:

$\boxed{\qquad \$\underline{\hspace{4cm}} \qquad}$

**Item 2.  Section 30.6 of the Plan provides for the following Third Party Release:**

**30.6 Releases by Holders of Claims:**   On the Effective Date, and for good and valuable consideration, and to the fullest extent permissible under applicable law, each Releasing Party that (i) has held, currently holds or may hold a Released Claim, (ii) is entitled to receive, directly or indirectly, a distribution or satisfaction of its Claim pursuant to the Plan, and (iii) elects, by not checking the appropriate box on its Ballot/Election Form, as the case may be, to grant the releases set forth in this Section 30.6 on their own behalf and on behalf of anyone claiming through them, shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit and discharge each and all of the Released Parties, from any and all Released Claims (solely in their capacity as Creditors) and/or any claim, act, fact, transaction, occurrence, statement, or omission in connection with or alleged in the Actions or the Related Actions or that could have been alleged in respect of the foregoing or other similar proceeding (solely in their capacity as Creditors), including, without limitation, any such claim, demand, right, liability or cause of action for indemnification, contribution or any other basis in law or equity for damages, costs or fees incurred by the releasers herein arising directly or indirectly from or otherwise relating thereto from any and all released third party causes of action; **provided**, **however,** that each Entity that has elected not to grant the releases set forth in this Section 30.6 including, without limitation, any Entity that fails to execute and deliver a release following notice in accordance with the provisions of Section 30.6 hereof, shall not be entitled to, and shall not receive, any payment, distribution or other satisfaction of its claim pursuant to the Plan**; and, provided, further, that notwithstanding anything contained in this Section 30.6 to the contrary, the release set forth in Section 30.6 shall

not extend to acts of gross negligence, intentional fraud or willful misconduct of any Released Parties, whether claims asserted thereon sound in contract or tort.

**Waiver of Section 1542:  All persons providing releases pursuant to the provision of Section 30.6 of the Plan expressly and voluntarily waive Section 1542 of the California Civil Code, or any similar, comparable or equivalent provision of the statutory or non-statutory law of California or any other jurisdiction.  Section 1542 provides:**

> **A general release does not extend to claims under which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

**<u>IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE</u>:**

IF YOU ARE ENTITLED TO RECEIVE A DISTRIBUTION OR SATISFACTION OF YOUR CLAIM PURSUANT TO THE PLAN, YOU MAY OPT OUT OF THE THIRD PARTY RELEASE PROVIDED IN SECTION 30.6 OF THE PLAN BY CHECKING THE BOX BELOW AND YOU WILL NOT BE BOUND BY SUCH RELEASE.  CHECK THE BOX BELOW IF YOU ELECT NOT TO GRANT THE THIRD PARTY RELEASE CONTAINED IN SECTION 30.6 OF THE PLAN.  THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION.  **HOWEVER, IF YOU ELECT NOT TO GRANT THE RELEASES SET FORTH IN SECTION 30.6 OF THE PLAN, YOU WILL NOT BE ENTITLED TO, AND SHALL NOT RECEIVE, ANY PAYMENT, DISTRIBUTION OR OTHER SATISFACTION OF YOUR CLAIM PURSUANT TO THE PLAN.**

The holder of Claims in Class 9 set forth in Item 1 elects to:

☐     Opt Out of the Third Party Release in Section 30.6 of the Plan.

**<u>Item 3</u>.          Vote on Plan.**

The undersigned holder of a Claim in the amount set forth in **<u>Item 1</u>** above hereby votes to (please check <u>one</u>):

| | | |
|---|---|---|
| ☐     **<u>ACCEPT</u>** (vote FOR) the Plan | ☐ | **<u>REJECT</u>** (vote AGAINST) the Plan |

**To submit your Ballot via the "E-Ballot" platform, please visit <u>https://cases.primeclerk.com/puertorico</u>.  Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your ballot.**

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:**_____

**Prime Clerk's "E-Ballot" platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable.**

Creditors who cast a Ballot using Prime Clerk's "E-Ballot" platform should <u>NOT</u> also submit a paper Ballot.

<u>Item 4</u>.            **Acknowledgements and Certification.**

By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Plan, Disclosure Statement, and Disclosure Statement Order. The undersigned certifies that (i) it is the holder of the Claim(s) identified in <u>**Item 1**</u> above, or (ii) it has full power and authority to vote to accept or reject the Plan. The undersigned further acknowledges that COFINA's solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the District Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Name of Holder: _____
                                          (Print or Type)

                         _____

Signature:_____

Name of Signatory:_____
                                          (If other than holder)

Title:        _____

Address:  _____

              _____

              _____

Telephone
Number:   _____

Email:       _____

Date Completed:  _____

5

**VOTING INSTRUCTIONS FOR COMPLETING THE
BALLOT FOR CLAIMS IN CLASS 9 (GENERAL UNSECURED CLAIMS)**

1. This Ballot is submitted to you to (i) solicit your vote to accept or reject the *Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified, the "Plan") [ECF No. ____], and (ii) consent to the injunction and release provisions of the Plan if you vote to accept the Plan. The terms of the Plan are described in the *Disclosure Statement for the Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement") [ECF No. ____]. All capitalized terms used but not otherwise defined herein or in the Ballot shall have the meanings given to such terms in the Plan. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan will be accepted by a Class of Claims if it is accepted by the holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of the Allowed Claims in a Class that have voted to accept or reject the Plan. In the event a Class rejects the Plan, the District Court may nevertheless confirm the Plan and thereby make it binding on holders of Claims in the Class if the District Court finds the Plan does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in the Class and all other Classes of Claims rejecting the Plan, and otherwise satisfies the requirements of PROMESA section 314(b) and section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the District Court, all holders of Claims against the Debtor (including those holders who abstain from voting on or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby, whether or not they vote and whether or not they accept the Plan.

3. **To have your vote counted, you must properly complete, sign, and return this Ballot to Prime Clerk LLC (the "Balloting Agent") so that it is received by the Balloting Agent no later than 5:00 p.m. (Atlantic Standard Time) on January 8, 2019 (the "Voting Deadline"), at the following address:**

**Via First Class Mail, Hand Delivery or Overnight Courier:**

**PUERTO RICO SALES TAX FINANCING
CORPORATION BALLOT PROCESSING
C/O PRIME CLERK LLC
830 THIRD AVENUE, 3RD FLOOR
NEW YORK, NY 10022**

**Ballots will not be accepted by telecopy, facsimile, electronic mail, or other electronic means of transmission (except via Prime Clerk's "E-Ballot" platform in accordance with the instructions above).**

4. To properly complete the Ballot, you must follow the procedures described below:

a. Ensure the information contained in **Item 1** of the Ballot is correct;

b. You may not split your vote on the Plan. You must vote all the Claims you hold in a Class to accept or reject the Plan;

c. If you are completing this Ballot on behalf of another entity, indicate your relationship to such entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

d. If you also hold Claims in other Classes, you may receive more than one Ballot, labeled for a different Class of Claims. Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of Claims against a particular Debtor only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on the Ballot;

e. If you believe you have received the wrong Ballot, please contact the Balloting Agent immediately;

f. Provide your name and mailing address;

g. Sign and date your Ballot; and

h. Return your Ballot using an authorized method of return indicated herein.

5.      If more than one Ballot voting the same Claim is received by the Solicitation Agent, the latest Ballot received prior to the Voting Deadline will, to the extent of any inconsistencies between the Ballots, supersede and revoke any prior Ballot.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR THE PLAN, OR IF YOU RECEIVED SOLICITATION PACKAGE MATERIALS IN ELECTRONIC FORMAT AND DESIRE PAPER COPIES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE BALLOTING AGENT BY TELEPHONE AT (844) 822-9231 (TOLL FREE FOR U.S. AND PUERTO RICO) OR (646) 486-7944 (FOR INTERNATIONAL CALLERS) OR BY EMAIL AT PUERTORICOBALLOTS@PRIMECLERK.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE OVERSIGHT BOARD, AAFAF COFINA, OR THE DISTRICT COURT.

## <u>Schedule 4A</u>

**Form of Election Notice for Holders of Claims in Classes 1 and 5**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

**[SENIOR] / [JUNIOR] TAXABLE BOND
DISTRIBUTION ELECTION NOTICE AND RELEASE OPT OUT
FOR COFINA BOND HOLDERS WITH CLAIMS IN [CLASS 1] / [CLASS 5]**

This **[Senior]** / **[Junior]** Taxable Bond Distribution Election Notice and Release Opt Out (the "**Notice**") is being sent to the beneficial holders of securities giving rise to claims under **[Class 1]** / **[Class 5]** of the Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, the "**Plan**").[2] Pursuant to the Plan, holders of **[Senior]** / **[Junior]** COFINA Bond Claims are entitled to their Pro Rata Share of the [Senior] / [Junior] COFINA Bond Distribution.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Unless otherwise defined herein, each capitalized term used herein shall have the meaning given to it in the Plan.

On the Effective Date, each holder of an Allowed **[Senior] / [Junior]** COFINA Bond Claim against COFINA shall receive its Pro Rata Share of the **[Senior] / [Junior]** COFINA Bond Distribution, consisting of (a) Section 103 Cash, if applicable, (b) COFINA Cash Available for Distribution, (c) COFINA Bonds, and (d) Rounding Amount Cash, if necessary.

If you are a beneficial holder of securities giving rise to Impaired Claims in **[Class 1 (Senior COFINA Bond Claims)] / [Class 5 (Junior COFINA Bond Claims)]**, you may be eligible to elect to receive your distribution under the Plan in the form of the **[Senior] / [Junior]** Taxable Bond Distribution and be treated under **[Class 4 (Senior COFINA Bond Claim (Taxable Election))] / [Class 7 (Junior COFINA Bond Claim (Taxable Election))]**, if you are a Puerto Rico Investor, or a Puerto Rico Institution.

To elect to receive the **[Senior] / [Junior]** Taxable Bond Distribution and be treated under **[Class 4] / [Class 7]**, you must certify in connection with your election that you are either:

- a **Puerto Rico Investor:** either,

  - A natural person that is a resident of the Commonwealth (for Puerto Rico personal income tax purposes), or

  - An entity that is wholly owned by or entirely beneficially owned by one or more natural persons that are residents of the Commonwealth (for Puerto Rico personal income tax purposes); or

- a **Puerto Rico Institution:** any other entity that is not a Puerto Rico Investor that is a legal entity domiciled in Puerto Rico.

If you elect to receive your distribution under the Plan in the form of the **[Senior] / [Junior]** Taxable Bond Distribution and be treated under **[Class 4 (Senior COFINA Bond Claim (Taxable Election))] / [Class 7 (Junior COFINA Bond Claim (Taxable Election))]**, you are deemed to accept the Plan, notwithstanding how you may have voted on your Beneficial Ballot. If it is later determined that you are ineligible to be treated under **[Class 4] / [Class 7]** or all Taxable Bonds have been allocated, then your vote to accept or reject the Plan, if cast, will be treated as a vote in **[Class 1 / Class 5]**.

> **IF YOU ELECT TO RECEIVE THE [SENIOR] / [JUNIOR] TAXABLE BOND DISTRIBUTION, YOU WILL RECEIVE, AMONG OTHER THINGS, COFINA BONDS IN THE FACE AMOUNT EQUAL TO ___% OF EXISTING BONDS AND THE TAXABLE ELECTION CASH.  IF YOU DO NOT ELECT TO RECEIVE THE [SENIOR] / [JUNIOR] TAXABLE BOND DISTRIBUTION, YOU WILL RECEIVE, AMONG OTHER THINGS, COFINA BONDS IN THE FACE AMOUNT EQUAL TO ___% OF EXISTING BONDS.**

*You are encouraged to review the entire Disclosure Statement, including the tax consequences of making an election discussed in Sections XII and XIII of the Disclosure Statement, before*

*electing to receive your distribution under the Plan in the form of the [Senior] / [Junior] Taxable Bond Distribution.*

Each holder of an Allowed **[Senior]** / **[Junior]** COFINA Bond Claim against COFINA will receive its Pro Rata Share of the **[Senior]** / **[Junior]** COFINA Bond Distribution. **IF YOU DO NOT WISH TO RECEIVE THE [SENIOR] / [JUNIOR] TAXABLE BOND DISTRIBUTION, YOU DO NOT NEED TO TAKE ANY FURTHER ACTION.**

**Each holder of existing COFINA Bonds described on <u>Exhibit A</u> attached hereto that is eligible and wishes to receive the [Senior] / [Junior] Taxable Bond Distribution must submit a valid election in the manner described herein.**

*   *   *   *   *

<u>**IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE**</u>:

IF YOU ARE ENTITLED TO RECEIVE A DISTRIBUTION OR SATISFACTION OF YOUR CLAIM PURSUANT TO THE PLAN, YOU MAY OPT OUT OF THE THIRD PARTY RELEASE PROVIDED IN SECTION 30.6 OF THE PLAN BY INSTRUCTING YOUR NOMINEE OF YOUR DECISION TO OPT OUT OF SUCH RELEASE AND YOU WILL NOT BE BOUND BY SUCH RELEASE.  THE DECISION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION.  **HOWEVER, IF YOU ELECT NOT TO GRANT THE RELEASES SET FORTH IN SECTION 30.6 OF THE PLAN, YOU WILL NOT BE ENTITLED TO, AND SHALL NOT RECEIVE, ANY PAYMENT, DISTRIBUTION OR OTHER SATISFACTION OF YOUR CLAIM PURSUANT TO THE PLAN.**

**How to Submit a Valid Taxable Bond Distribution Election**

If you wish to elect to receive the **[Senior] / [Junior]** Taxable Bond Distribution, you must:

1. instruct your broker or nominee (each, a "**Nominee**") to electronically deliver your existing [Senior / Junior] COFINA Bonds via the Automated Tender Offer Program ("**ATOP**") at The Depository Trust Company ("**DTC**"), and

2. certify via DTC's ATOP system that you are either:

   ☐ a natural person that is a resident of the Commonwealth (for Puerto Rico personal income tax purposes), or an entity that is wholly owned by or entirely beneficially owned by one or more natural persons that are residents of the Commonwealth (for Puerto Rico personal income tax purposes) (a "**Puerto Rico Investor**"); or

   ☐ an entity that is domiciled in Puerto Rico that does not otherwise qualify as a Puerto Rico Investor above.

No paperwork is required to be delivered to Prime Clerk LLC to effectuate the election. The sole means of effectuating this election is to (i) validly tender your existing [Senior / Junior] COFINA Bonds into the proper ATOP envelope at DTC, and (ii) make the required certification set forth above, each as described on DTC's ATOP system.

> **THE TAXABLE BOND DISTRIBUTION ELECTION DEADLINE IS
> 5:00 P.M. (ATLANTIC STANDARD TIME) ON JANUARY 8, 2019.**
>
> This date and time is referred to as the "**Election Expiration Deadline**."

**PLEASE TAKE NOTICE THAT IF YOU TENDER YOUR EXISTING [SENIOR / JUNIOR] COFINA BONDS THROUGH ATOP, YOU WILL BE RESTRICTED FROM TRANSFERRING YOUR EXISTING COFINA BONDS FROM THE ELECTION EXPIRATION DEADLINE UNTIL THE EFFECTIVE DATE OF THE PLAN. IF YOU DESIRE TO RETAIN THE ABILITY TO TRADE OR TRANSFER YOUR EXISTING COFINA BONDS PRIOR TO THE EFFECTIVE DATE, THEN YOU SHOULD NOT TENDER YOUR EXISTING [SENIOR / JUNIOR] COFINA BONDS THROUGH ATOP.**

**YOU MAY, HOWEVER, REVOKE YOUR ELECTION AT ANY TIME BEFORE THE ELECTION EXPIRATION DEADLINE AND WITHDRAW ANY TENDERED EXISTING COFINA BONDS.**

\*   \*   \*   \*   \*

**How to Revoke a Valid Taxable Bond Distribution Election**

You may revoke an election to receive the **[Senior] / [Junior]** Taxable Bond Distribution and withdraw your Existing COFINA Bonds tendered to through DTC's ATOP at any time on or before the Election Expiration Deadline.

4

If you wish to revoke your election, you must instruct your Nominee to revoke your election and withdraw your existing [Senior / Junior] COFINA Bonds via ATOP at DTC (which withdrawal will be confirmed by Prime Clerk LLC once notified by DTC of the withdrawal request). No paperwork is required to be delivered to Prime Clerk LLC to effectuate the election.

If you revoke your election at any time before the Election Expiration Deadline, you may make an election to receive the [Senior / [Junior] Taxable Bond Distribution at any time before the Election Expiration Deadline, in accordance with the instructions to submit a valid taxable bond distribution election above.

\* \* \* \* \*

### How to Opt Out of Release in Section 30.6 of the Plan

If you wish to opt out of the release of claims contained in Section 30.6 of the Plan, you must:

1. instruct your Nominee to electronically deliver your existing [Senior / Junior] COFINA Bonds via the ATOP at DTC, and

2. instruct your Nominee that you would like to opt out of the release of claims contained in Section 30.6 of the Plan.

---

**THE RELEASE OPT OUT DEADLINE IS
5:00 P.M. (ATLANTIC STANDARD TIME) ON JANUARY 8, 2019.**

This date and time is referred to as the "**Release Opt Out Deadline**."

---

If you have tendered your existing [Senior / Junior] COFINA Bonds via ATOP to DTC to elect to receive the **[Senior] / [Junior]** Taxable Bond Distribution, you may instruct your Nominee of your decision to opt out of the release at any time before the Release Opt Out Deadline.

No paperwork is required to be delivered to Prime Clerk LLC to effectuate the release opt out. The sole means of effectuating this release opt out is to validly tender your existing [Senior / Junior] COFINA Bonds into the proper ATOP envelope at DTC as described on DTC's ATOP system.

You may revoke your release opt out in the same manner to revoke a valid Taxable Bond Distribution Election above.

\* \* \* \* \*

If you have any questions about your holdings, please contact your Nominee. Additionally, you must contact your Nominee to take any action described above.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE, PLEASE CONTACT THE BALLOTING AGENT, PRIME CLERK, LLC, BY TELEPHONE AT (844) 822-9231 (TOLL FREE FOR U.S. AND PUERTO RICO) OR (646) 486-7944 (FOR INTERNATIONAL CALLERS), AVAILABLE 10:00 A.M. TO 7:00 P.M. (ATLANTIC STANDARD TIME) (SPANISH AVAILABLE), OR BY EMAIL AT PUERTORICOBALLOTS@PRIMECLERK.COM AND REFERENCE "COFINA DISTRIBUTION ELECTION" IN THE SUBJECT LINE.  PLEASE NOTE THAT PRIME CLERK LLC IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

This Taxable Bond Distribution Election is subject to the terms of the Plan. All questions as to the validity, form and eligibility (including time of receipt) of this Taxable Bond Distribution Election, including whether you qualify as a Puerto Rico Institution or Puerto Rico Investor, will be determined by the Oversight Board, whose determination shall be final and binding on all parties. The Oversight Board and COFINA reserve the absolute right to reject any or all Taxable Bond Distribution Elections that are not in proper form or the acceptance of which would, in its legal counsel's opinion, be unlawful. The Oversight Board and COFINA also reserve the right to waive any defects, irregularities or conditions as to this Taxable Bond Distribution Election. A waiver of any defect or irregularity in one instance shall not constitute a waiver of the same or any other defect or irregularity with respect to any other instance except to the extent the Oversight Board may otherwise so provide. Delivery of this Taxable Bond Distribution Election shall not be deemed to have been made until any defects or irregularities have been waived by us or cured. None of the Oversight Board, COFINA or the Balloting Agent, nor any other person will be under any duty to give notification of any defect or irregularity in this Taxable Bond Distribution Election, or will incur any liability to you for failure to give any such notification.

## Exhibit A

| Description | CUSIP |
|---|---|
| | |
| | |
| | |

## <u>Schedule 4B</u>

**Form of Election Notice for Holders of Claims in Class 2**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>                    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

## CUSTODIAL CERTIFICATE ELECTION NOTICE
## FOR COFINA BOND HOLDERS WITH CLAIMS IN CLASS 2

This Custodial Certificate Election Notice (the "**Notice**") is being sent to the beneficial holders of Senior COFINA Bond Claims that were insured by Ambac Assurance Corporation ("**Ambac**"). These securities give rise to Claims in Class 2 of the Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, the "**Plan**").[2] Although Ambac has the right to cast the vote on behalf of such holders to accept or reject the Plan, the holders are entitled to elect their form of distribution under the Plan.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Unless otherwise defined herein, each capitalized term used herein shall have the meaning given to it in the Plan.

Each holder of an Allowed Senior COFINA Bond Claim (Ambac) has the option to elect to receive on the Effective Date, in full satisfaction, release, and exchange of such holder's Allowed Senior COFINA Bond Claim (Ambac), its Pro Rata Share of:

> (1) (a) the Senior COFINA Bond Distribution consisting of (i) Section 103 Cash, if applicable, (ii) COFINA Cash Available for Distribution, (iii) COFINA Bonds, and (iv) Rounding Amount Cash, if necessary, plus (b) consideration, distributable by or at the direction of Ambac, in an amount equal to five and one quarter percent (5.25%) times the amount of such holder's Allowed Senior COFINA Bond Claim (Ambac) as of the Petition Date, in full and complete satisfaction, release, and discharge of any further obligation of Ambac with respect to the Ambac Insurance Policy (and, by making such election, the holder shall agree to commute the Ambac Insurance Policy relating to such holder's Allowed Senior COFINA Bond Claim (Ambac) and such holder shall have no other or further rights with respect to the Ambac Insurance Policy, the Ambac Trust or the Ambac Certificates); or

> (2) the Ambac Certificates described in Sections 6.3 and 17.1 of the Plan;

If a holder of a Senior COFINA Bond Claim (Ambac) (a) fails to timely make an election, (b) fails to elect either form of distribution described above, or (c) elects to receive both forms of distribution, then, such holder shall be deemed to have elected to commute the Ambac Insurance Policy, to release and discharge Ambac's obligations under the Ambac Insurance Policy and to receive distributions in accordance with the provisions of clause (1) above.

*You are encouraged to review the entire Disclosure Statement and the Plan, including information concerning the Ambac Trusts, before making an election with respect to the form of distribution you will receive under the Plan in the form of the Ambac Custodial Certificates.*

---

**Please take notice that you are not able to vote to accept or reject the Plan and will not receive a separate voting ballot for such purpose.  Pursuant to the Disclosure Statement Order, Ambac is entitled to vote to accept or reject the Plan your behalf.**

---

**IF YOU DO NOT WISH TO RECEIVE THE AMBAC CUSTODIAL CERTIFICATES, YOU DO NOT NEED TO TAKE ANY FURTHER ACTION. HOWEVER, IN SUCH CASE, YOU WILL BE DEEMED TO HAVE ELECTED TO RELEASE, DISCHARGE AND COMMUTE AMBAC'S OBLIGATIONS AND THE AMBAC INSURANCE POLICY.**

**Each holder of existing COFINA Bonds described on <u>Exhibit A</u> attached hereto that wishes to receive the Ambac Custodial Certificates must submit a valid election in the manner described herein.**

\*   \*   \*   \*   \*

### How to Submit a Valid Custodial Certificate Election

If you wish to elect to receive the Ambac Custodial Certificates, you must instruct your broker or nominee (each, a "**Nominee**") to electronically deliver your existing COFINA Bonds via the Automated Tender Offer Program ("**ATOP**") at The Depository Trust Company ("**DTC**"), which will constitute an election via DTC's ATOP system to receive the Ambac Custodial Certificates representing an interest in the Ambac Trust Assets.

No paperwork is required to be delivered to Prime Clerk to effectuate the election. The sole means of effectuating this election is to (i) validly tender your existing COFINA Bonds into the proper ATOP envelope at DTC, and (ii) make the election to receive the Ambac Custodial Certificates, each as described on DTC's ATOP system.

---

**THE CUSTODIAL CERTIFICATE ELECTION DEADLINE IS
5:00 P.M. (ATLANTIC STANDARD TIME) ON JANUARY 8, 2019.**

This date and time is referred to as the "**Election Expiration Deadline**."

---

**PLEASE TAKE NOTICE THAT IF YOU TENDER YOUR EXISTING COFINA BONDS THROUGH ATOP, YOU WILL BE RESTRICTED FROM TRANSFERRING YOUR EXISTING COFINA BONDS FROM THE ELECTION EXPIRATION DEADLINE UNTIL THE EFFECTIVE DATE OF THE PLAN. IF YOU DESIRE TO RETAIN THE ABILITY TO TRADE OR TRANSFER YOUR EXISTING COFINA BONDS PRIOR TO THE EFFECTIVE DATE, THEN YOU SHOULD NOT TENDER YOUR EXISTING COFINA BONDS THROUGH ATOP.**

**YOU MAY, HOWEVER, REVOKE YOUR ELECTION AT ANY TIME BEFORE THE ELECTION EXPIRATION DEADLINE AND WITHDRAW ANY TENDERED EXISTING COFINA BONDS.**

\*   \*   \*   \*   \*

### How to Revoke a Valid Custodial Certificate Election

You may revoke an election to receive the Ambac Custodial Certificates and withdraw your Existing COFINA Bonds tendered to through DTC's ATOP at any time on or before the Election Expiration Deadline.

If you wish to revoke your election, you must instruct your Nominee to revoke your election and withdraw your existing COFINA Bonds via ATOP at DTC (which withdrawal will be confirmed by Prime Clerk LLC once notified by DTC of the withdrawal request). No paperwork is required to be delivered to Prime Clerk LLC to effectuate the election.

If you revoke your election at any time before the Election Expiration Deadline, you may make an election to receive the Ambac Custodial Certificates at any time before the Election Expiration Deadline, in accordance with the instructions to submit a valid taxable bond distribution election above.

*   *   *   *   *

If you have any questions about your holdings, please contact your Nominee. Additionally, you must contact your Nominee to take any action described above.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE, PLEASE CONTACT THE BALLOTING AGENT, PRIME CLERK LLC, BY TELEPHONE AT (844) 822-9231 (TOLL FREE FOR U.S. AND PUERTO RICO) OR (646) 486-7944 (FOR INTERNATIONAL CALLERS), AVAILABLE 10:00 A.M. TO 7:00 P.M. (ATLANTIC STANDARD TIME) (SPANISH AVAILABLE), OR BY EMAIL AT PUERTORICOBALLOTS@PRIMECLERK.COM AND REFERENCE "COFINA DISTRIBUTION ELECTION" IN THE SUBJECT LINE. PLEASE NOTE THAT PRIME CLERK, LLC IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

All questions as to the validity, form and eligibility (including time of receipt) of your election will be determined by the Oversight Board, whose determination shall be final and binding on all parties. The Oversight Board and COFINA reserve the absolute right to reject any or all elections that are not in proper form or the acceptance of which would, in its legal counsel's opinion, be unlawful. [The Oversight Board and COFINA also reserve the right to waive any defects, irregularities or conditions as to any election. A waiver of any defect or irregularity in one instance shall not constitute a waiver of the same or any other defect or irregularity with respect to any other instance except to the extent the Oversight Board may otherwise so provide]. An election shall not be deemed to have been made until any defects or irregularities have been waived by us or cured. None of the Oversight Board, COFINA or the Balloting Agent, nor any other person will be under any duty to give notification of any defect or irregularity in an election, or will incur any liability to you for failure to give any such notification.

4

## Exhibit A

| Description | CUSIP |
|---|---|
|  |  |
|  |  |
|  |  |

## <u>Schedule 4C</u>

**Form of Election Notice for Holders of Claims in Class 3**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>               Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>              Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

## CUSTODIAL CERTIFICATE ELECTION NOTICE
## FOR COFINA BOND HOLDERS WITH CLAIMS IN CLASS 3

This Custodial Certificate Election Notice (the "**Notice**") is being sent to the beneficial holders of Senior COFINA Bond Claims that were insured by National Public Finance Guarantee Corporation ("**National**"). These securities give rise to Claims in Class 3 of the Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, the "**Plan**").[2] Although National has the right to cast the vote on behalf of such holders to accept or reject the Plan, the holders are entitled to elect their form of distribution under the Plan.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Unless otherwise defined herein, each capitalized term used herein shall have the meaning given to it in the Plan.

Each holder of an Allowed Senior COFINA Bond Claim (National) has the option to elect to receive on the Effective Date, in full satisfaction, release, and exchange of such holder's Allowed Senior COFINA Bond Claim (National), its Pro Rata Share of:

> (1) (a) the Senior COFINA Bond Distribution consisting of (i) Section 103 Cash, if applicable, (ii) COFINA Cash Available for Distribution, (iii) COFINA Bonds, and (iv) Rounding Amount Cash, if necessary, plus (b) Cash distributable by or at the direction of National, in an amount equal to five and one quarter percent (5.25%) times the amount of such holder's Allowed Senior COFINA Bond Claim (National) as of the Petition Date, in full and complete satisfaction, release, and discharge of any further obligation of National with respect to the applicable National Insurance Policies (and, by making such election, the holder shall agree to commute National Insurance Policies relating to such holder's Senior COFINA Bond Claim (National) and such holder shall have no other or further rights with respect to the National Insurance Policies, the National Trust or the National Certificates); or

> (2) the National Certificates described in Sections 7.3 and 17.2 of the Plan;

If a holder of a Senior COFINA Bond Claim (National) (a) fails to timely make an election, (b) fails to elect a form of distribution, or (c) improperly elects to receive a form of distribution, then, such holder shall be deemed to have elected to commute the National Insurance Policies, to release and discharge National's obligations thereunder, and to receive distributions in accordance with the provisions of clause (1) above.

*You are encouraged to review the entire Disclosure Statement and the Plan, including information concerning the National Trust, before making an election with respect to the form of distribution you will receive under the Plan.*

---

**Please take notice that you are not able to vote to accept or reject the Plan and will not receive a separate voting ballot for such purpose. Pursuant to the Disclosure Statement Order, National is entitled to vote to accept or reject the Plan on your behalf.**

---

**IF YOU DO NOT WISH TO RECEIVE THE NATIONAL CUSTODIAL CERTIFICATES, YOU DO NOT NEED TO TAKE ANY FURTHER ACTION. HOWEVER, IN SUCH CASE, YOU WILL BE DEEMED TO HAVE ELECTED TO RELEASE, DISCHARGE AND COMMUTE NATIONAL'S OBLIGATIONS AND THE NATIONAL INSURANCE POLICY.**

**Each holder of existing COFINA Bonds described on <u>Exhibit A</u> attached hereto that wishes to receive the National Custodial Certificates must submit a valid election in the manner described herein.**

\* \* \* \* \*

**How to Submit a Valid Custodial Certificate Election**

If you wish to elect to receive the National Custodial Certificates, you must instruct your broker or nominee (each, a "**Nominee**") to electronically deliver your existing COFINA Bonds via the Automated Tender Offer Program ("**ATOP**") at The Depository Trust Company ("**DTC**"), which will constitute an election via DTC's ATOP system to receive the National Custodial Certificates representing an interest in the National Trust Assets.

No paperwork is required to be delivered to Prime Clerk to effectuate the election. The sole means of effectuating this election is to (i) validly tender your existing COFINA Bonds into the proper ATOP envelope at DTC, and (ii) make the election to receive the National Custodial Certificates, each as described on DTC's ATOP system.

---

**THE CUSTODIAL CERTIFICATE ELECTION DEADLINE IS
5:00 P.M. (ATLANTIC STANDARD TIME) ON JANUARY 8, 2019.**

This date and time is referred to as the "**Election Expiration Deadline**."

---

**PLEASE TAKE NOTICE THAT IF YOU TENDER YOUR EXISTING COFINA BONDS THROUGH ATOP, YOU WILL BE RESTRICTED FROM TRANSFERRING YOUR EXISTING COFINA BONDS FROM THE ELECTION EXPIRATION DEADLINE UNTIL THE EFFECTIVE DATE OF THE PLAN. IF YOU DESIRE TO RETAIN THE ABILITY TO TRADE OR TRANSFER YOUR EXISTING COFINA BONDS PRIOR TO THE EFFECTIVE DATE, THEN YOU SHOULD NOT TENDER YOUR EXISTING COFINA BONDS THROUGH ATOP.**

**YOU MAY, HOWEVER, REVOKE YOUR ELECTION AT ANY TIME BEFORE THE ELECTION EXPIRATION DEADLINE AND WITHDRAW ANY TENDERED EXISTING COFINA BONDS.**

\*   \*   \*   \*   \*

**How to Revoke a Valid Custodial Certificate Election**

You may revoke an election to receive the National Custodial Certificates and withdraw your Existing COFINA Bonds tendered to through DTC's ATOP at any time on or before the Election Expiration Deadline.

If you wish to revoke your election, you must instruct your Nominee to revoke your election and withdraw your existing COFINA Bonds via ATOP at DTC (which withdrawal will be confirmed by Prime Clerk LLC once notified by DTC of the withdrawal request).  No paperwork is required to be delivered to Prime Clerk LLC to effectuate the election.

If you revoke your election at any time before the Election Expiration Deadline, you may make an election to receive the National Custodial Certificates at any time before the Election Expiration Deadline, in accordance with the instructions to submit a valid taxable bond distribution election above.

\* \* \* \* \*

If you have any questions about your holdings, please contact your Nominee. Additionally, you must contact your Nominee to take any action described above.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE, PLEASE CONTACT THE BALLOTING AGENT, PRIME CLERK LLC, BY TELEPHONE AT (844) 822-9231 (TOLL FREE FOR U.S. AND PUERTO RICO) OR (646) 486-7944 (FOR INTERNATIONAL CALLERS), AVAILABLE 10:00 A.M. TO 7:00 P.M. (ATLANTIC STANDARD TIME) (SPANISH AVAILABLE), OR BY EMAIL AT PUERTORICOBALLOTS@PRIMECLERK.COM AND REFERENCE "COFINA DISTRIBUTION ELECTION" IN THE SUBJECT LINE. PLEASE NOTE THAT PRIME CLERK, LLC IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

All questions as to the validity, form and eligibility (including time of receipt) of your election will be determined by the Oversight Board, whose determination shall be final and binding on all parties. The Oversight Board and COFINA reserve the absolute right to reject any or all elections that are not in proper form or the acceptance of which would, in its legal counsel's opinion, be unlawful. The Oversight Board and COFINA also reserve the right to waive any defects, irregularities or conditions as to an election. A waiver of any defect or irregularity in one instance shall not constitute a waiver of the same or any other defect or irregularity with respect to any other instance except to the extent the Oversight Board may otherwise so provide. An election shall not be deemed to have been made until any defects or irregularities have been waived by us or cured. None of the Oversight Board, COFINA or the Balloting Agent, nor any other person will be under any duty to give notification of any defect or irregularity in this election, or will incur any liability to you for failure to give any such notification.

## **Exhibit A**

| Description | CUSIP |
|---|---|
|  |  |
|  |  |
|  |  |

## <u>Schedule 4D</u>

**Form of Election Notice for Holders of Claims in Class 6**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>               Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>               Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

## ASSURED BONDHOLDER ELECTIONS NOTICE
## FOR COFINA BOND HOLDERS WITH CLAIMS IN CLASS 6

This Assured Bondholder Elections Notice (the "**Notice**") is being sent to the beneficial holders of Junior COFINA Bond Claims (Assured) arising on account of Assured Insured Bonds, the scheduled repayment of which has been insured by Assured Guaranty Municipal Corp. ("**Assured**") in accordance with the terms of the Assured Insurance Policies. These securities give rise to Claims in Class 6 of the Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, the "**Plan**").[2] Although Assured has the right to cast the vote on

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Unless otherwise defined herein, each capitalized term used herein shall have the meaning given to it in the Plan.

behalf of such holders to accept or reject the Plan, the holders are entitled to elect their form of distribution under the Plan if Assured does not make the Assured Election.

To the extent Assured does not make the Assured Election with respect to any Assured Insured Bonds, each beneficial holder of an Assured Insured Bond with respect to which Assured has not made the Assured Election may choose one of the following two elections:

> (1) such holder shall receive from Assured the applicable Acceleration Price on the Effective Date in full satisfaction and discharge of Assured's obligations with respect to such holder under the applicable Assured Insurance Policies ("**Assured Bondholder Election 1**"); or

> (2) such holder shall opt into the treatment described in Section 17.3 of the Plan ("**Assured Bondholder Election 2**", and together with Assured Bondholder Election 1, the "**Assured Bondholder Elections**").

provided, however, that, if a beneficial holder of a Junior COFINA Bond Claim (Assured) (a) fails to timely make an election, (b) fails to elect a form of distribution, or (c) elects more than one Assured Bondholder Election, then, such holder shall be deemed to have elected Assured Bondholder Election 2.

*You are encouraged to review the entire Disclosure Statement and the Plan before making an Assured Bondholder Election.*

> **Please take notice that you are not able to vote to accept or reject the Plan and will not receive a separate voting ballot for such purpose. Pursuant to the Disclosure Statement Order, Assured is entitled to vote to accept or reject the Plan on your behalf.**

**<u>IF YOU WISH TO RECEIVE YOUR DISTRIBUTION UNDER ASSURED BONDHOLDER ELECTION 2, YOU DO NOT NEED TO TAKE ANY FURTHER ACTION</u>.**

**Each holder of existing COFINA Bonds described on <u>Exhibit A</u> attached hereto that wishes to make Assured Bondholder Election 1 must submit a valid election in the manner described herein.**

*   *   *   *   *

**How to Submit a Valid Assured Bondholder Election**

If you wish to elect to receive your distribution under the Plan pursuant to Assured Bondholder Election 1, you must instruct your broker or nominee (each, a "**Nominee**") to electronically deliver your existing COFINA Bonds via the Automated Tender Offer Program ("**ATOP**") at The Depository Trust Company ("**DTC**"), which will constitute an election via DTC's ATOP system to receive your distribution under Assured Bondholder Election 1.

2

No paperwork is required to be delivered to Prime Clerk to effectuate the election. The sole means of effectuating this election is to (i) validly tender your existing COFINA Bonds into the proper ATOP envelope at DTC, and (ii) make the election to receive distributions under Assured Bondholder Election 1, each as described on DTC's ATOP system.

---

**THE ASSURED BONDHOLDER ELECTION DEADLINE IS
5:00 P.M. (ATLANTIC STANDARD TIME) ON JANUARY 8, 2019.**

This date and time is referred to as the "**Election Expiration Deadline**."

---

**PLEASE TAKE NOTICE THAT IF YOU TENDER YOUR EXISTING COFINA BONDS THROUGH ATOP, YOU WILL BE RESTRICTED FROM TRANSFERRING YOUR EXISTING COFINA BONDS FROM THE ELECTION EXPIRATION DEADLINE UNTIL THE EFFECTIVE DATE OF THE PLAN. IF YOU DESIRE TO RETAIN THE ABILITY TO TRADE OR TRANSFER YOUR EXISTING COFINA BONDS PRIOR TO THE EFFECTIVE DATE, THEN YOU SHOULD NOT TENDER YOUR EXISTING COFINA BONDS THROUGH ATOP.**

**YOU MAY, HOWEVER, REVOKE YOUR ELECTION AT ANY TIME BEFORE THE ELECTION EXPIRATION DEADLINE AND WITHDRAW ANY TENDERED EXISTING COFINA BONDS.**

\*   \*   \*   \*   \*

**How to Revoke a Valid Assured Bondholder Election**

You may revoke an election to receive distributions under Assured Bondholder Election 1 and withdraw your Existing COFINA Bonds tendered to through DTC's ATOP at any time on or before the Election Expiration Deadline.

If you wish to revoke your election, you must instruct your Nominee to revoke your election and withdraw your existing COFINA Bonds via ATOP at DTC (which withdrawal will be confirmed by Prime Clerk LLC once notified by DTC of the withdrawal request).  No paperwork is required to be delivered to Prime Clerk LLC to effectuate the election.

If you revoke your election at any time before the Election Expiration Deadline, you may make an election to receive your distribution under Assured Bondholder Election 1 at any time before the Election Expiration Deadline, in accordance with the instructions to submit a valid taxable bond distribution election above.

\*   \*   \*   \*   \*

If you have any questions about your holdings, please contact your Nominee. Additionally, you must contact your Nominee to take any action described above.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE, PLEASE CONTACT THE BALLOTING AGENT, PRIME CLERK LLC, BY TELEPHONE AT (844) 822-9231 (TOLL FREE FOR U.S. AND PUERTO RICO) OR (646) 486-7944 (FOR INTERNATIONAL CALLERS), AVAILABLE 10:00 A.M. TO 7:00 P.M. (ATLANTIC STANDARD TIME) (SPANISH AVAILABLE), OR BY EMAIL AT PUERTORICOBALLOTS@PRIMECLERK.COM AND REFERENCE "COFINA DISTRIBUTION ELECTION" IN THE SUBJECT LINE. PLEASE NOTE THAT PRIME CLERK, LLC IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

All questions as to the validity, form and eligibility (including time of receipt) of your election will be determined by the Oversight Board, whose determination shall be final and binding on all parties. The Oversight Board and COFINA reserve the absolute right to reject any or all elections that are not in proper form or the acceptance of which would, in its legal counsel's opinion, be unlawful. The Oversight Board and COFINA also reserve the right to waive any defects, irregularities or conditions as to an election. A waiver of any defect or irregularity in one instance shall not constitute a waiver of the same or any other defect or irregularity with respect to any other instance except to the extent the Oversight Board may otherwise so provide. An election shall not be deemed to have been made until any defects or irregularities have been waived by us or cured. None of the Oversight Board, COFINA or the Balloting Agent, nor any other person will be under any duty to give notification of any defect or irregularity in this election, or will incur any liability to you for failure to give any such notification.

## **Exhibit A**

| Description | CUSIP |
|---|---|
|  |  |
|  |  |
|  |  |

## **Schedule 5**

**Assured Election Notice**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                         Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>                         Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

## NOTICE OF ASSURED ELECTION

This Assured Election Notice (the "**Notice**") is being sent to certain beneficial holders of securities giving rise to claims under Class 6 of the Title III Plan of Adjustment (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, the "**Plan**") of the Puerto Rico Sales Tax Financing Corporation ("**COFINA**") to inform such holders that Assured Guaranty Municipal Corp. ("**Assured**") has exercised the Assured Election with respect to the Assured Insured Bonds held by the holders receiving this Notice.[2]

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]   Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

Pursuant to Article X of the Plan, if the Plan is confirmed by the Title III Court, the principal amount (or Compounded Amount in the case of capital appreciation bonds) of the Assured Insured Bonds will be deemed accelerated and immediately due and payable as of the Effective Date of the Plan in the currency in which the Assured Insured Bonds are payable, and holders of Assured Insured Bonds receiving this Notice will be receiving the applicable Acceleration Price on the Effective Date in complete satisfaction and discharge of (i) their claims against COFINA arising from the Assured Insured Bonds and (ii) all of Assured's obligations under the applicable Assured Insurance Policies. The Plan defines the "Acceleration Price" as "an amount equal to (a) with respect to current interest bonds (and convertible capital appreciation bonds that converted into current interest bonds as of, up to, but not including the Effective Date), the outstanding principal amount of such accelerated bond plus the accrued and unpaid interest thereon, and (b) with respect to capital appreciation bonds (and convertible capital appreciation bonds that have not converted into current interest bonds as of, up to, but not including, the Effective Date), the Compounded Amount for such accelerated bond, in each case, as of, up to, but not including the Effective Date." From and after the payment of the Acceleration Price on the Effective Date, interest on the Assured Insured Bonds held by holders receiving this Notice shall cease to accrue and be payable. The series, maturities, and interest rates of the Assured Insured Bonds with respect to which Assured has exercised the Assured Election as of the date of this Notice are set forth in Attachment A hereto. The Disclosure Statement you are receiving together with this Notice contains additional information regarding the Plan, the Assured Election, and the treatment of your claims. **You are not required to vote on the Plan or take any other action in order to receive the Acceleration Price in full satisfaction of your claims.**

\* \* \* \* \*

If you have any questions about your holdings, please contact your Nominee. Additionally, you must contact your Nominee to take any action described above.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE, PLEASE CONTACT THE BALLOTING AGENT, PRIME CLERK LLC, BY TELEPHONE AT (844) 822-9231 (TOLL FREE FOR U.S. AND PUERTO RICO) OR (646) 486-7944 (FOR INTERNATIONAL CALLERS), AVAILABLE 10:00 A.M. TO 7:00 P.M. (ATLANTIC STANDARD TIME) (SPANISH AVAILABLE), OR BY EMAIL AT PUERTORICOBALLOTS@PRIMECLERK.COM AND REFERENCE "COFINA DISTRIBUTION ELECTION" IN THE SUBJECT LINE. PLEASE NOTE THAT PRIME CLERK, LLC IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

This Notice is subject in all respects to the terms of the Plan.

## Exhibit A

**Assured Insured Bonds as to which Assured has exercised the Assured Election**

| CUSIP | Series | Maturity | Interest Rate |
|-------|--------|----------|---------------|
|       |        |          |               |
|       |        |          |               |
|       |        |          |               |

## Schedule 6

**Notice of Non-Voting Status – Class 10 (Section 510(b) Subordinated Claims)**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>               Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>               Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

**NOTICE OF NON-VOTING STATUS**
**CLASS 10 (SECTION 510(b) SUBORDINATED CLAIMS)**

PLEASE TAKE NOTICE THAT on November ____, 2018, the United States District Court for the District of Puerto Rico approved the *Disclosure Statement for the Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified, including all exhibits and attachments thereto,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the "Disclosure Statement") [ECF No. ___], filed by the Debtor for use in soliciting acceptances or rejections of the *Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation*, dated October 19, 2018 (as the same may be amended or modified, the "Plan") [ECF No. ___], from the holders of impaired Claims who are (or may be) entitled to receive distributions under the Plan.

**UNDER THE TERMS OF THE PLAN, YOU ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF YOUR CLAIM(S) AGAINST THE DEBTOR. THEREFORE, PURSUANT TO SECTION 1126(g) OF THE BANKRUPTCY CODE, YOU ARE (I) DEEMED TO HAVE REJECTED THE PLAN, AND (II) NOT ENTITLED TO VOTE ON THE PLAN.  IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR WANT TO REQUEST A COPY OF THE PLAN AND/OR DISCLOSURE STATEMENT, PLEASE CONTACT THE DEBTOR'S BALLOTING AGENT, PRIME CLERK LLC BY (I) FIRST CLASS MAIL AT OR VIA OVERNIGHT COURIER AT PUERTO RICO SALES TAX FINANCING CORPORATION BALLOT PROCESSING, C/O PRIME CLERK LLC, 830 THIRD AVENUE, 3RD FLOOR, NEW YORK, NY 10022; (II) TELEPHONE AT (844) 822-9231 (TOLL FREE FOR U.S. AND PUERTO RICO) OR (646) 486-7944 (FOR INTERNATIONAL CALLERS), AVAILABLE 10:00 A.M. TO 7:00 P.M. (ATLANTIC STANDARD TIME) (SPANISH AVAILABLE), OR (III) EMAIL AT PUERTORICOBALLOTS@PRIMECLERK.COM.**

Dated: _____, 2018
      San Juan, Puerto Rico

*/s/* _____

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)

Ehud Barak (*pro hac vice*)
Maja Zerjal (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board as representative for the
Debtor*

/s/_____

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and
Management Board as representative for the
Debtor*