IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>Plaintiff,<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Debtor[1] | CIVIL NO.: 17-BK-03283 (LTS)<br><br>PROMESA<br><br>TITLE III |

**COOPERATIVA DE SEGUROS MULTIPLES' OBJECTION TO DEBTORS' SIXTH OMNIBUS MOTION FOR APPROVAL OF MODIFICATIONS TO THE AUTOMATIC STAY [ECF NO. 4051]**

**TO THE HONORABLE COURT:**

**COMES NOW** creditor **Cooperativa de Seguros Múltiples de Puerto Rico ("Cooperativa")**, through the undersigned counsel, and respectfully submits this Objection to Debtor's October 16, 2018 Sixth Omnibus Motion for Approval of Modifications to the Automatic Stay [ECF No. 4051] ("the Motion) as follows:

INTRODUCTION

Last year Cooperativa moved the Court for relief from the PROMESA §103 Stay to allow it to pursue claims under the Commonwealth's Uniform Forfeiture Act ("UFA"). Debtor

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

responded by proffering its consent to allowing Cooperativa's cases to proceed and to allow Cooperativa all the post judgment remedies UFA's Article 19 provides including compensation when the property is not available. At that time Cooperativa questioned Debtor's suspiciously gracious offer and asked the Court to clarify the terms of Debtor's consent. Nonetheless, the Court granted the Motion exclusively on the terms of Debtor's proffered consent and denied all other relief Cooperativa sought. [ECF No. 1765, 2225].

After the Court resolved Cooperativa's Motion, Debtor auctioned 390 vehicles in 2018.

Debtor has now moved the Court seeking to retract its proffered consent out of existence. After liquidating most of the vehicles in its inventory, it now seeks to limit UFA Article 19 relief to the return of the property still in its possession and re-imposing the stay in all other cases. Such a retraction constitutes a departure from the factual basis upon which the Court relied to dismiss Cooperativa's requests for relief.

Cooperativa objects to the Motion. Debtor seeks to avoid its constitutional and statutory obligation to return its citizens' property or compensate them for its loss once a competent court determines conclusively that it has no interest in it because the forfeiture was unlawful. Moreover, because its own courts are the ones entering the rulings, these adverse judgments are Debtor's own admissions that it has no claims on the property.

Judicial estoppel bars Debtor from attempting to limit Cooperativa's ability to pursue relief under Article 19 of the UFA. Debtor proffered its consent to the full panoply of Article 19 remedies to fall within the legal precedent that rendered Cooperativa's adequate protection request moot, and the Court relied on this consent to deny Cooperativa's request. Granting Debtor's request now would show that Debtor either misled the Court last year or is doing so now, and would unfairly benefit Debtor and unfairly harm Cooperativa. Therefore, the Court must deny Debtor's request as it regards Cooperativa.

### DEBTOR'S REQUEST SEEKS TO IMPERMISSIBLY RETAIN COOPERATIVA'S PROPERTY AFTER ADMITTING IT HAS NO CLAIM OF INTEREST IN IT

As the Court is aware, Uniform Forfeiture Act claims are taken by property holders challenging Debtor's intent to forfeit their property. Debtor's interest in the contested property remains conditional until the UFA proceedings are final and Debtor prevails, at which time title vests in the Debtor. *U.S. v. 92 Buena Vista Ave.*, 507 U.S. 111, 127 (1992) ("*Until the Government does win such a [forfeiture] judgment, however, someone else owns the property.)*

While Debtor lists a number of cases for which it seeks relief, in reality it only seeks to re-impose the stay to those UFA cases it loses. After all, those are the only cases where the opposing party is entitled to Article 19 remedies. In those cases competent courts rule that Debtor was not entitled to forfeit the property and order it to return to the owner either the property or its value with interest as Article 19 provides. Indeed, Debtor's request ripens only after the adverse judgments becomes final.

Debtor argued in its Opposition to Cooperativa's motion for relief from automatic stay that it had a conditional interest in the seized property pursuant to the UFA. The Court adopted this reasoning.[2] That conditional interest cannot be said to survive a final judgment holding the forfeiture to be unlawful and ordering the property's return to its owner. The condition that would have perfected Debtor's interest in the property is not met when the forfeiture determined to be unlawful, and the interest must therefore be extinguished.

It also bears noting that it is Debtor's own Commonwealth of Puerto Rico courts which enter the final judgments establishing the forfeitures' illegality and ordering the Article 19 remedies. Because these courts are instrumentalities of the Debtor, the final judgments constitute party admissions admissible in this matter pursuant to Fed. R. Civ. P. 801(d)(2).

---

[2] "Under the UFA, depending on whether a bond has been posted, the Commonwealth has title to the seized vehicles or, at a minimum, has a property interest or conditional interest in the vehicles, as explained in the Commonwealth's Response. (See Response ¶ 3.) [ECF No. 1765 at p. 3]

The relief Debtor seeks through the Motion is leave of this Court to indefinitely avoid compensating third parties for taking their property, in which never acquired an interest, after conclusively admitting that no such interest exists. It further seeks to have this Court prohibit its rightful owners such as Cooperativa from vindicating their property it once their unqualified right to compensation is established, under penalty of violating PROMESA §103 and 11 U.S.C. §362. Having exhausted the justifications under its own laws to avoid compensating its citizens, Debtor now seeks to enlist this Court's authority to continue shirking its duties under the UFA and the Fifth Amendment.

Debtor may not use the Bankruptcy Code to avoid such duties. Bankruptcy laws are subject to the prohibition against governmental taking of private property without just compensation. *In re City of Detroit,*, 528 B.R. 147, 269 (E.D. Mich 2014) Cooperativa submits that once Debtor admits that it never had an interest in the property and that the UFA plaintiffs' property title was never in question, Debtor is required to compensate property owners and Debtor may not avail itself of this Court's jurisdiction to avoid that responsibility.

### JUDICIAL ESTOPPEL BARS DEBTOR FROM SEEKING THE RELIEF SOUGHT IN THE MOTION WITH RESPECT TO COOPERATIVA DE SEGUROS MULTIPLES

Cooperativa moved this Court for relief from the PROMESA automatic stay thirteen months ago to pursue proceedings under the UFA including adequate protection of its interests in the seized vehicles that Debtor intended to forfeit. Debtor responded by proffering its consent to modify the PROMESA §103 stay to allow Cooperativa to pursue the full spectrum of UFA Article 19 remedies in the Commonwealth courts. [ECF No. 1574 at p. 4.]. Debtor further argued that its proffer rendered Cooperativa's arguments moot whereby that the Court should not even consider them on the merits [*Id.*]. It further argued that Cooperativa's petition was actually unnecessary because it had made such a proffer directly to Cooperativa during the discussions between the parties prior to Coperativa's filing. [*Id.*]

4

At the time Cooperativa argued that Debtor's proffer was not made in good faith and that this Court should look at it with suspicion. [ECF No. 2116 at p. 5-6] It also urged the Court to clarify to the terms of Debtor's proffer, fearing it had lulled the Court into believing the proffer as genuine but that Debtor would retract from it as adverse judgments came due. [3]

Nonetheless, the Court held that Debtor's consent was sufficient to protect its rights and based on this consent it adopted Debtor's argument and denied Cooperativa the additional relief it sought in its Motion.[4]

Curiously Debtor's description of the facts surrounding the modifications to the PROMESA stay in the above captioned matter, which take up two and a half pages of its Motion, fail to address Cooperativa's motion and Debtor's proffer.

Time has proven Cooperativa's suspicion to be well founded and Debtor's consent to lift the stay to have been proffered in bad faith. In the months after the Court ruled on Cooperativa's request Debtor held three auctions in which it auctioned 391 vehicles, essentially depleting its stock of the vehicles that could have been returned their owners under Article 19. Now that it has no vehicles left to return, it has moved the Court to limit Cooperativa's Article 19 remedies to the return of the non-existent vehicles and prohibit it from pursuing the only other remedy UFA provides. As Cooperativa anticipated to the Court last year, Debtor has completed a "bait and switch" on Cooperativa and on this Court.

The doctrine of judicial estoppel precludes Debtor from altering its consent to Article 19

---

[3] "It cannot simultaneously be true that the November 13 Order both permits Cooperativa to exercise all nonbankruptcy remedies to collect UFA judgments as HSBC requires and keeps such claims subject to Title III remedies as Debtor proposes. If the Order allows Debtor to assert Title III remedies against Cooperativa's UFA postjudgment actions, then Cooperativa's adequate protection request is not moot and the Order's holding to the contrary is manifestly erroneous and unjust. Cooperativa respectfully requests that the Court clarify whether or not its lifting of the stay allows it to pursue UFA Article 19 postjudgment remedies free of the Title III reservations with which Debtor qualified its consent to the lifting of the stay and which it continues to assert before Commonwealth courts."

[4] "The Court finds that the Commonwealth's proffered consent, which permits Cooperativa's prosecution through all phases of its actions under the UFA, including UFA remedies with respect to the return of property or compensation owed in connection with the disposition of property, is sufficient to permit Cooperativa to protect its rights under Commonwealth law." [ECF No. 1765 at p. 4]

remedies now as the Motion requests. Judicial estoppel applies where (1) a party's later position was clearly inconsistent with its earlier position; (2) the party succeeded in persuading the court to accept the earlier position, so that later judicial acceptance would suggest that the first or second court was deliberately misled; and (3) the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party. *New Hampshire v. Maine*, 532 U.S. 742, 750-751 (2001) This doctrine is applicable within a case as well as within subsequent cases. *Intellivision v. Microsoft Corp.*, 784 F. Supp. 2d 356, 363-364 (S.D.N.Y. 2011).

All three elements of judicial estoppel are present in the present instance. First, Debtor's current position that Cooperativa should be barred from seeking compensation under Article 19 is clearly inconsistent with its prior position consenting to the full spectrum of Article 19 remedies in response to Cooperativa's request for adequate protection. The inconsistency is highlighted by the fact that Debtor has spent the last year selling the cars that could provide the relief it is now tendering, rendering hollow the remedy it now proposes. It is reversing its position from all relief to no relief.

The second condition is also met, Debtor convinced this Court to accept its earlier position that the proffered consent would render Cooperativa's consent moot. The Order specifically cites Debtor's consent as the basis upon which it granted CSM relief from the stay. It also identified Debtor's full consent to all Article 19 remedies as the reason why Cooperativa's requests for relief were moot. Granting Debtor's Motion now would suggest that Debtor misled the Court either last year or now.

Debtor proffered full consent because the legal precedent upon which it relied to moot Cooperativa's request for adequate protection held that such relief was no longer necessary when either (1) the debtor is no longer using the asset or (2) when lift of the stay has been granted allowing the creditor to pursue *all nonbankruptcy remedies* to claim its interest in the property.

*HSBC Bank USA v. United Airlines, Inc. (In re UAL Corp.),* 360 B.R. 780 (N.D. IL 2007). Clearly Debtor intended to continue using Debtor's assets, so the only way to fall within that precedent was to consent to all Article 19 remedies. That was the argument with which Debtor opposed Cooperativa's motion and the one that carried the day. For the Court to grant Debtor's request now and foreclose the only realistic remedy Cooperativa has now, after Debtor originally represented it would consent to Cooperativa pursuing that remedy, suggests that Debtor's intent was always to feign consent to all nonbankruptcy remedies long enough to render Cooperativa's adequate protection request moot, and to return to the Court and avoid paying the adverse UFA judgments once Cooperativa came within striking distance of collecting on them.

Finally, if the Court grants Debtor's request limiting Article 19 relief after denying Cooperativa's adequate protection request, it would both grant an unfair advantage to Debtor seeking to assert an inconsistent position and impose upon Cooperativa an unfair detriment. Debtor will obtain the following unfair advantages:

(1) After having depleted its stock of almost 400 vehicles through auctions, it will be allowed to restrict the relief available to the UFA Plaintiffs including Cooperativa to only those vehicles in such conditions that no buyer would take them; and

(2) It will allow Debtor to use this Court's authority to flout its own statutory obligation under the UFA and its constitutional duty under the Fifth Amendment of the U.S. Constitution to compensate its citizens after admitting it took their property without any valid claim to it.

The Order will also impose the following unfair detriment upon Cooperativa:

(1) It will deny Cooperativa both adequate protection and any real Article 19 remedies, when it should have received one or the other;

(2) Debtor's original position consenting to all remedies rendered moot not only Cooperativa's petition but also any judicial review of the Court's denial of the other

7

relief Cooperativa sought in its Motion to lift the Stay. Any appeal of the Court's Order would have been dismissed as moot because Debtor's consent purportedly granted CSM the relief it sought, and.

(3) Even if the Court were to reconsider Cooperativa's Motion in light of Debtor's changed position, Debtor's liquidation of the property has left Cooperativa with no effective relief. Debtor's actions during the past year have mooted the other remedies Cooperativa could have sought.

Debtor's Motion seeks to alter the position it assumed before the Court and upon which the Court relied in resolving Cooperativa's motion for relief regarding the PROMESA §301 stay. Debtor's consent and the Court's reliance on it led to a resolution allowing Cooperativa to pursue all nonbankruptcy remedies under law regarding the UFA. Debtor's attempt to withdraw such consent now is barred by the judicial estoppel doctrine. The Court should deny the request at least as it regards Cooperativa de Seguros Múltiples.

CONCLUSION

Debtor's Sixth Motion to Granting Relief from the Automatic Stay proposes denying property holders the return of their vehicles' value and granting relief to a miniscule number of cases in which the property remains in Debtor's possession. Debtor's proposal applies to only those cases where Debtor itself has admitted having no interest in the property it improperly attempted to forfeit from its owner. Since this admission leaves it with no authority under its own law to continue its taking of its citizens' property, it is now invoking this Court's authority under the Bankruptcy Code and PROMESA to its delay its return or compensation. The remedies to which it purportedly consents are illusory, given that it agrees to return those vehicles still in its possession after attempting to liquidate almost 400 vehicles.

Debtor is barred from assuming this position as it respects Cooperativa de Seguros

Multiples under the doctrine of judicial estoppel. It proffered its consent to allow Cooperativa to pursue the totality of the remedies available under the Uniform Forfeiture Act in order to avoid Cooperativa's motion requesting adequate protection filed thirteen months ago. The Court relied on Debtor's proffered consent to deny Cooperativa's request for relief. Were the Court to allow Debtor to change course now and effectively deny Cooperativa any meaningful relief under the UFA Debtor would receive an unfair advantage and Cooperativa would be unfairly prejudiced. Accordingly, as it respects Cooperativa de Seguros Multiples, the Court must deny Debtor's Motion to Modify the Relief from the Automatic Stay.

RESPECTFULLY SUBMITTED.

In Lake Worth, Florida, for San Juan, Puerto Rico, on this 23rd day of October 2018.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

VALDES ORTIZ LAW OFFICES, PA
8461 Lake Worth Rd.
Suite 420
Lake Worth, FL 33467
Tel: (561) 340-1410

**s/ Hector E. Valdes Ortiz**
HECTOR E. VALDES ORTIZ
USDC-PR No. 219411
hvaldes@v-olaw.com

*Counsel for Creditor*
*Cooperativa de Seguros Múltiples*
*De Puerto Rico*

9