Objection Deadline: October 17, 2018
4:00pm (Atlantic Standard Time)
Hearing Date: November 7, 2018
9:30am (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re:** | |
| **THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,** as representative of | **PROMESA TITLE III** Case No. 17-BK-3283 (LTS) |
| **THE COMMONWEALTH OF PUERTO RICO, et al.,** Debtors[1] | (Jointly Administered) |
| **In re:** | **PROMESA** |
| **THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,** as representative of | **TITLE III** Case No. 17-BK-4780 (LTS) |
| **THE PUERTO RICO ELECTRIC POWER AUTHORITY** Debtor | (Jointly Administered) |
| | **Court Filing Relates Only to PREPA and Shall Only be Filed in Case No. 17-BK-4780 (LTS) and Main Case 17-BK-3283 (LTS)** |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**REPLY TO OBJECTIONS TO PAN AMERICAN GRAIN CO., INC.'S MOTION FOR RELIEF FROM STAY TO EXECUTE SET-OFF FILED BY PREPA BOND TRUSTEE AND PREPA**

**TO THE UNITED STATES DISTRICT COURT JUDGE
THE HONORABLE LAURA TAYLOR SWAIN:**

**COMES NOW,** Movant, bondholder **PAN AMERICAN GRAIN CO., INC.**, ("Pan American"), by the undersigned attorney, to Reply to the Objections filed by U.S. Bank National Association, in its capacity as PREPA Bond Trustee, to Pan American Grain Co., Inc.'s Motion For Relief From Stay To Execute Set-Off filed in Case number 17-BK-3283 at ECF No. 4053 and Puerto Rico Electric Power Authority's Objection to Pan American Grain Co., Inc.'s Motion For Relief From Stay To Execute Set-Off filed in Case number 17-BK-3283 at ECF No. 4059, to support its Reply, Pan American respectfully avers:

**PRELIMINARY STATEMENT**

Pan American Grain Co., Inc., filed a Motion for Relief from Stay for cause under section 362(d) of the Bankruptcy Code in case number 17-BK-3283 at ECF No. 4004 and in case number 17-BK 4780 at ECF No. 974 to effectuate set-off under section 553 of the Bankruptcy Code. As a bondholder, Pan American seeks to set-off the pre-Title III liability owed by PREPA to Pan American, against the liability for pre-Title III power services owed by Pan

Objections were filed by U.S. Bank National Association in its capacity as PREPA Bond Trustee and by the Puerto Rico Fiscal Agency and Financial Advisory Authority

2

(AAFAF), on behalf of PREPA, as authorized by the Financial Oversight and Management Board for Puerto Rico, both entities will be jointly referred to as, the Objectors.

The Objectors' arguments to oppose Pan American's request for relief from stay to execute set-off overlap, are intertwined and essentially grounded on the no action clause in the Trust Agreement of the PREPA bonds; lack of mutuality under the set-off provisions under section 553 and the Puerto Rico Civil Code; and additional arguments, including there are no grounds for relief from stay for cause under section 362(d) of the Bankruptcy Code and the Sonnax case.

In the interests of judicial economy and to avoid repetitive cross-arguments, Pan American files this Reply to both Objections.

### I) The no action clause

1. Both objectors, the PREPA Bond Trustee and PREPA assert that Pan American's request should be denied because Pan American lacks standing due to the no action clause in section 808 of the Trust Agreement indenture and there is no cause for relief from stay because there is no legal or equitable right under the Trust Agreement that allows Pan American to enforce set-off rights solely for its benefit.

2. The objectors also assert there is no mutuality between Pan American and PREPA as required under the set-off provisions of section 553 and that the requirements for set-off under Puerto Rican law cannot be satisfied because Pan American is devoid from executing any procedure on its behalf due to the no action clause under section 808 of

3

the Trust Agreement. And contenting that Pan American cannot act on solely on its behalf, the act must benefit all bondholders.

3. With that argument, the PREPA Bond Trustee alleges that the PREPA Bonds provide: "The holder of this bond shall have no right to enforce the provisions of the [Trust] Agreement or to institute action to enforce the covenants therein, or to take any action with respect to any event of default under the [Trust] Agreement, or to institute, appear in or defend any suit or other proceeding with respect thereto, except as provided in the [Trust] Agreement."

4. In addition, the objectors contend that the no action clause at section 808 of the Trust Agreement, devoid Pan American from pursuing any independent action to collect its bonds, unless it complies with the exceptions in the referenced provision and the procedural requirements mandating that a bondholder acting on its own represent ten to twenty percent of the outstanding principal amount of the PREPA bonds, yet still requiring acts benefiting all bondholders.

5. PREPA also asserts that granting set-off is a discretionary provision and not mandatory. In its Motion for Relief from Stay, Pan American argued that set-off is an equitable remedy to be evaluated by the Court under its discretionary powers. In this request, Pan American avers the Court's discretion should tilt the scales in favor of Pan American's request for relief from stay and set-off.

6. Finally, the PREPA Bond Trustee and PREPA also assert that no action clauses as the one under section 808 have been enforceable in bankruptcy proceedings. The PREPA Bond Trustee cites In Re Am Roads LLC, 496 BR 727 (Bankr. S.D.N.Y. 2013), as supporting

4

case law. As will be discussed herein, the facts in Am Roads are comprehensively disparate from the facts leading to Pan America's request for relief from stay to execute set-off.

**Pan American's Reply to the objectors' arguments under the no action clause**

1. Pan American contends the Trust Agreement does not include bankruptcy proceedings, nor this PROMESA Title III case as a specific prohibition in the no action clause at section 808. Therefore, the Honorable Court, should be persuaded to review the factual and legal scenario in the singular circumstances involving Pan American in the request for relief from stay under to execute set-off.

2. Since the Trust Agreement does not extend the no action clause to bankruptcy proceedings, it is not a waiver of Pan America's rights as a creditor under the Bankruptcy Code. Particularly when Pan American pursues the execution of a set-off in a precise manner, in a clear-cut creditor debtor scenario that the PREPA Bond Trustee simply cannot execute, not only as to Pan American, but as to all bondholders.

3. Thus, Pan American has a right to payment, a right to get paid and collect funds, through the PREPA Bond Trustee, or as requested in its relief from stay motion, through the execution of a set-off that is not expressly prohibited in the no action clause under section 808 of the Trust Agreement. This is the gist of the controversy between the objectors and Pan American. At its core, the Trust

Agreement has a fracture, that at this juncture of this Title III procedure can only be repaired by judicial discretion and equitable relief.

4. That is why Pan American's motion for relief from stay to execute set-off is a request for an equitable remedy under a fractured Trust Agreement and distinct circumstances exclusively available to Pan American. The set-off will adjust the amount of the bonds that expired prior to this Title III proceeding to set-off its power service liability with PREPA.

5. In exercising its judicial discretion, this Court should be persuaded by the Supreme Court's ruling that bankruptcy courts and more so, an Article III District Court Judge designated to this Title III, are courts of equity, and "appl[y] the principles and rules of equity jurisprudence." *Young v United State, 535 US 43, 50 (2002), Pepper* v. *Litton,* 308 U. S. 295, 304 (1939); see also *United States* v. *Energy Resources Co.,* 495 U. S. 545, 549 (1990)

6. The Trust Agreement is a standard term contract imposed on the bondholder, that does not prohibit creditors like Pan American to execute set-off and does not waive creditor's rights under section 553 of the Bankruptcy Code in an insolvency procedure. Practical Law, West Law, 2018.

7. Equitable grounds should persuade the Court to except Pan American from the limitations imposed by the Trustee Agreement no action clause under section 808.

8. Moreover, the factual scenario in this Title III proceeding diverges from the facts in the Am. Roads case citied by the PREPA Bond Trustee. Am. Roads involved an insured unitranche agreement and a pre-packaged bankruptcy, where the Ad Hoc

bondholders objected to the approval of the disclosure statement and reorganization plan. The Court found that since the parties, both debtor and bondholders had agreed that they were sophisticated parties, it would follow the ruling of Courts that have upheld *pre-petition inter-creditor agreements* (our emphasis) waiving a creditor's bankruptcy rights under a no action clause where the creditors are sophisticated parties fully aware of the implications of such a waiver[2]. That is not the case for Pan American, the Trust Agreement is a standard term contract not a pre-petition inter-creditor agreement entailing a waiver to execute set-off rights under the Bankruptcy Code.

9. As an equitable remedy, the Court should be persuaded to exclude Pan American from the provisions of the no action clause under section 808 on the unique request for relief from stay to execute set-off.

**II  The Objectors argue lack of mutuality requirement under the set-off provisions of section 553 of the Bankruptcy Code and the Puerto Rico Civil Code**

1. The objectors contend that Pan American does not comply with the mutuality requirement under applicable law because it is not a creditor of PREPA. They also argue that under sections 808 and 804 of the Trust Agreement Pan American cannot act in an individual capacity.

---

[2] In re Ion Media Networks, 419 B.R. at 593–97

2. On this argument Pan American replies that mutuality is not defined in section 553 nor the compensation provisions of the PR Civil Code, but it has been excluded from the definition of equitable set-off, which is the relief Pan American pursues in its motion for relief from stay.

3. Unlike a set-off arising by law, an equitable set-off does not require the claims to be liquidated, enforceable and mature, or be mutual. However, when determining if equitable set-off is available, the courts will inquire into the connection between the claims and examine the general equities between the parties. Equitable set-off is available where it would be manifestly unjust to allow one claim to be enforced without taking the other claim into account. *As an equitable remedy, set-off promotes efficiency, simplicity, and fairness, both in and out of bankruptcy*." Norton Bankruptcy Law and Practice, section 553, West Law, 2017.

4. Therefore, the mutuality definition argued by PREPA that the claims must be owed in the same capacity of the entities involved in the set-off is inapposite. There is no mutuality definition that requires both creditor and debtor to be classified as secured or unsecured or that the claims cannot be set-off if there one is a consumer debtor and the other a bondholder.

5. Mutuality is not a requirement under equitable set-off, therefore Pan American prays for this Court to grant the relief from stay for cause because under equitable set-off, the requirements of section 553 are not applicable or complied with, and Pan American should be afforded the right to execute set-off.

8

**III Objectors' additional arguments, including that there are no grounds for relief from stay for cause under section 362(d) of the Bankruptcy Code and the Sonnax case.**

1. Surprisingly, PREPA also argues on behalf of the PREPA Bond Trustee, on page 16 of the objection PREPA states: "Finally, even assuming arguendo that Movant had a right to enforce in an individual capacity payment of bond principal and interest, any such payment would be subject to retention or claim by the Trustee pursuant to the Trust Agreement." And continues page 17 of its pleading stating: "The preference afforded by Section 905 of the Trust Agreement to the Trustee for payment of its compensation over any outstanding bonds or coupons constitutes a third-party retention right that negates any offsets against the subordinated bonds or coupons."

2. Pan American replies to this contention stating there is no perpetual claim under section 905 of the Trust Agreement, and a third-party retention would be subjected to a payment of bond principal and interest. By the same token, the argument that Revenue Bonds can only be collected from PREPA'S revenues is nonsensical under the set-off pursued by Pan American, because it would cancel the pre-petition bond and interests and pay the balance as limited in the motion for relief from stay filed at ECF 4004.

3. Pan American delves for relief from stay under 362(d) because the automatic does

9

not defeat the creditor's setoff right, but merely enjoins the enforcement of the creditor's right pending the orderly examination and administration of the estate. For as long as the automatic stay remains in effect, a creditor wishing to exercise its right of setoff must seek and obtain relief from the stay. <u>Norton Bankruptcy Law and Practice, 2017.</u>

4. PREPA argues against the applicability of the Sonnax factors to the case at bar as discussed by Pan American. Pan American replies, objects and contends that the Sonnax factors discussed by PREPA are inapplicable to the factual and legal scenario in this case.

5. Pan American contends there is cause for relief from stay under 362(d) for cause not only to execute set off but also under the applicable Sonnax factors and herein argues its position.

6. Since cause is barren of a definition within the statute, courts have held that allowing a matter to proceed in another forum exemplifies *what may constitute cause* to lift the automatic stay.[3] The legislative history of section 362(d) (1) supports that allowing a matter to proceed in another forum *exemplifies a definition of cause*.[4]

---

[3] Maintainco, Inc. v. Mitsubishi Caterpillar Forklift America, Inc. (In re Mid- Atlantic Handling Sys., LLC), 304 B.R. 111, 130 (Bankr. D. N.J. 2003); Izzarelli v. Rexene Prods. Co.(In re Rexene Prods. Co.), 141 B.R. 574, 576 (Bankr. D. Del. 1992).

[4] "It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere. "S. Rep. No. 95-989 at 50 (1978), *reprinted in* 197 8 U.S.C.C.A.N. 5787, 5836.

7. The case of In re A Partners, LLC, 344 B.R. 114 (Bankr. E.D. Cal. 2006), defines the term "cause" in section 362(d)(1) as a "broad and flexible concept which permits a bankruptcy court, as a court of equity, to respond to inherently fact-sensitive situations." Therefore, the definition of cause under 362(d)(1) has evolved in a plethora of case law focused on the circumstances of each case.

8. The Court may further find it appropriate to borrow factors stemming from the case from the United States Court of Appeals for the Second Circuit, In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax")[5], as cited in Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518(D.P.R. 2016).

9. Although Sonnax focuses on cause to allow relief from stay to continue a proceeding in a state court, the Sonnax factors equally apply in evaluating cause for other reasons. In this way, factors one, two, ten and twelve are germane to the request by Pan American to effectuate set-off and constitute cause for relief from stay.

---

[5] The twelve Sonnax factors are:
(i) whether relief would result in a partial or complete resolution of the issues;
(ii) the lack of any connection or interference with the bankruptcy case;
(iii) whether the other proceeding involves the debtor as a fiduciary;
(iv) whether there is a specialized tribunal with the necessary expertise has been established to hear the cause of action;
(v) whether the debtor's insurer has assumed full responsibility for defending it;
(vi) whether the action involves primarily third parties;
(vii) whether litigation in another forum would prejudice the interests of other creditors;
(viii) whether the judgment claim arising from the other action is subject to equitable subordination;
(ix) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
(x) the interests of judicial economy and the expeditious and economical resolution of litigation;
(xi) whether the parties are ready for trial in the other proceedings; and
(xii) the impact of the stay on third parties and the balance of harms.

10. In reviewing the dynamics for Pan American, Sonnax factor 1: (i)whether relief would cause a partial or complete resolution of the issues: granting relief from stay for Pan American to effectuate set-off will finish the creditor-debtor issues between Pan American and PREPA and will allow PREPA to collect a cash payment for the balance in its favor after the set-off is executed. Factor 2: (ii) the lack of any connection or interference with the bankruptcy case: Because PROMESA is a debt adjustment proceeding, allowing the set-off will not interfere with the purpose, rather, it will closure creditor-debtor issues between Pan American and PREPA. Factor 10: (x) the interests of judicial economy and the expeditious and economical resolution of litigation: Set-off it is a coherent and equitable request that will expedite an efficient solution to the creditor-debtor issues between Pan American and PREPA and will allow this Court to focus on other matters that arise in these proceedings and the conservation of judicial resources.

    Factor 12: (xii) the impact of the stay on third parties and the balance of harms: allowing the relief requested by Pan American will not harm PREPA or its creditors. The relief from stay to effectuate set-off between PREPA and Pan American will yield a cash payment to PREPA and will eliminate PREPA's current statutory obligation to provide adequate protection payments to Pan American.[6]

11. Under the purview of the Sonnax factors, equitable grounds, and in the interest of judicial economy, this Title III Court should find there is cause for relief from stay to allow Pan American to effectuate set-off.

**WHEREFORE**, it is respectfully requested from this Honorable Court, that in the interests of judicial economy and the expeditious and economical resolution of the debtor/creditor correlation between Pan American and PREPA, this Court grants Pan American's Reply to the Objections filed by U.S. Bank National Association, solely in its capacity as trustee, the PREPA Bond Trustee and the Puerto Rico Electric PowerAuthority ("PREPA") and grant relief from the automatic stay for cause to allow Pan American to execute set-off in accordance with the Proposed Order included as Exhibit A to ECF No. 4004.

### NOTICE OF SERVICE

**I hereby certify** that on this same date this Reply was electronically filed in cases 17BK 3283 and 17BK 4780 with the Clerk of the Bankruptcy Court for the District of Puerto Rico using the CM/ECF system that will send notice of this filing to all counsel of record registered in the CM/ECF system.

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, on October 24, 2018.

                                       **/S/ Mª Mercedes Figueroa y Morgade**
                                       MªMERCEDES FIGUEROA Y MORGADE
                                       USDC-PR #207108
                                       3415 Alejandrino Ave.,
                                       Apt. 703,
                                       Guaynabo, PR 00969-4856
                                       Tel: 787-234-3981
                                       **figueroaymorgadelaw@yahoo.com**