# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,[1]<br>    Debtors. | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE COMMONWEALTH OF PUERTO RICO,<br>    as agent of<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>THE COMMONWEALTH OF PUERTO RICO,<br>    Plaintiff,<br>v.<br>BETTINA WHYTE,<br>    as agent of<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>THE PUERTO RICO SALES TAX FINANCING CORPORATION,<br>    Defendant. | Adv. Proc. No. 17-00257 |

---

[1] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric and Power Authority (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747).

### MOTION OF THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO TO CHANGE THE OBJECTION DEADLINE FOR COFINA SETTLEMENT MOTION

The Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") respectfully files this motion (the "**Motion**") for an order changing the deadline to file objections to the *Motion Pursuant to Bankruptcy Rule 9019 for Order Approving Settlement Between Commonwealth of Puerto Rico and Puerto Rico Sales Tax Financing Corporation* (the "**Settlement Motion**") [Dkt No. 4067] from November 16, 2018 at 5:00 p.m. (Atlantic Standard Time) to the same date and time as the deadline to be set by the Court with respect to the filing of any objections to the COFINA Plan of Adjustment [Dkt. 4072], or alternatively, assuming the Court maintains the January 16, 2019 hearing date to consider confirmation of the COFINA Plan of Adjustment, to December 31, 2018 at 4:00 p.m. (Atlantic Standard Time) in accordance with the Court's *Seventh Amended Notice, Case Management and Administrative Procedures* (the "**Case Management Procedures**") [Dkt. No. 4086]. In support of the Motion, the Retiree Committee states:

#### BACKGROUND

1. On October 19, 2018, the Financial Oversight and Management Board for Puerto Rico ("**Oversight Board**") filed the Settlement Motion on behalf of the Commonwealth of Puerto Rico. The Settlement Motion seeks approval of a settlement of a pivotal issue in these Title III Cases: whether sales and use taxes purportedly pledged by the Puerto Rico Sales Tax Financing Corporation ("**COFINA**") to secure debt are property of the Commonwealth or COFINA under applicable law. *See* Settlement Mot. at 1 n.3. That settlement is also the foundation of the proposed COFINA Plan of Adjustment.

2. The same day, the Oversight Board filed an *Urgent Motion for Leave to File the Settlement Motion in Excess Pages* ("**Excess Page Motion**") [Dkt. No. 4070]. The Oversight Board explained that because of "the extensive history of the Commonwealth-COFINA Dispute, complexity of the novel issues involved, and the numerous parties and actions filed in connection with the Commonwealth-COFINA Dispute," it was unable to meet the 35-page limit set forth in the Case Management Procedures and sought leave to file a Settlement Motion not to exceed 52 pages. *Id.* ¶¶ 4–5.

3. Also the same day, the Oversight Board filed a Notice of Hearing on the Settlement Motion ("**Settlement Notice**") [Dkt. 4080]. The Settlement Notice states that the Court will hold a hearing on the Settlement Motion on January 16, 2019 at 9:30 a.m. (Atlantic Standard Time) and that objections to the Settlement Motion must be filed and served *60 days prior to that hearing*, on or before November 16, 2018 at 5:00 p.m. (Atlantic Standard Time) ("**Settlement Objection Deadline**").

## RELIEF REQUESTED

4. The Retiree Committee requests that the Court change the Settlement Objection Deadline from November 16, 2018 at 5:00 p.m. (Atlantic Standard Time) to the same date and time as the deadline to be set by the Court with respect to the filing of any objections to the COFINA Plan of Adjustment, or alternatively, assuming the Court maintains the January 16, 2019 hearing date to consider confirmation of the COFINA Plan of Adjustment, December 31, 2018 at 4:00 p.m. (Atlantic Standard Time), in accordance with the Case Management Procedures, to provide parties in interest a sufficient and appropriate opportunity to respond to the Settlement Motion.

## I. The Court Should Change the Settlement Objection Deadline To Provide Sufficient and Appropriate Opportunity to Respond to the Settlement Motion.

5. The Court should modify the Settlement Objection Deadline because it provides parties in interest an arbitrarily-shortened and insufficient opportunity to respond to the Settlement Motion. The Settlement Motion is the product of years'-long negotiations. As the Oversight Board noted in its Excess Page Motion, the Settlement Motion involves the Commonwealth-COFINA Dispute's "extensive history, "complex[]" and "novel issues," and "numerous parties and actions." Excess Page Mot. ¶ 3. The complex, novel issues and various parties and actions involved in the Settlement Motion require a thoughtful and thorough response, which the current Settlement Objection Deadline precludes.

6. The Settlement Objection Deadline is particularly improper insofar as it requires settlement objections six weeks before the proposed deadline for objections to confirmation of the COFINA Plan of Adjustment [Dkt. No. 4072] are due. The COFINA Plan of Adjustment and the Settlement Motion are predicated on the same foundational settlement and therefore implicate many issues that are identical. The COFINA Plan of Adjustment overlaps with the Settlement Motion, and the Court is scheduled to consider both the Settlement Motion and confirmation of the Plan on January 16, 2019. But objections to Plan confirmation are not proposed to be due until six weeks later—January 2, 2019 at 5:00 p.m. (Atlantic Standard Time). [*See* Dkt. No. 4075 ¶ 25.] The Court should change the Settlement Objection Deadline to the deadline for filing any objections to the COFINA Plan of Adjustment, to provide parties in the interest the same adequate opportunity to respond to the Settlement Motion, including responding to any developments involving the COFINA Plan of Adjustment.

4

### II. The Court Should Modify the Settlement Objection Deadline to Comply With the Case Management Procedures.

7. The Settlement Objection Deadline is also at odds with the Court's Case Management Procedures, which provide that "[t]he deadline to file an Objection . . . to any Pleading shall be (i) 4:00 p.m. (Atlantic Standard Time) on the date that is fifteen (15) calendar days before the applicable hearing date or (ii) any date otherwise ordered by the Court." Case Management Procedures ¶ III.I. Although the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") and the Local Rules for the Bankruptcy Court for the District of Puerto Rico ("**Local Rules**") apply to these Title III Cases, "to the extent there is a conflict between the foregoing and the Case Management Procedures, the Case Management Procedures govern in all respects to the extent that such variance is permitted by the relevant rules." *Id.* at p. 2.

8. The Settlement Objection Deadline is 61 days before the hearing date for the Settlement Motion. The Court has not ordered, and the Commonwealth has not requested that the Court order, an objection deadline more than fifteen days before the Settlement Motion hearing. To the extent the Oversight Board relies on the Bankruptcy Rules or Local Rules, the Case Management Procedures govern. If the Court does not change the Settlement Objection Deadline to the deadline for filing objections to the COFINA Plan of Adjustment, the Court should set the Settlement Objection Deadline to December 31, 2018 at 4:00 p.m. (Atlantic Standard Time) to conform with the Case Management Procedures.[2]

---

[2] This date is sixteen—rather than fifteen—days before the Settlement Motion hearing because January 1, 2019 is a federal holiday, *See* Case Management Procedures ¶ III.U ("If the date any Document would be due falls on a day other than a business day, such Document must be filed and served by the first business day preceding such date.").

5

## CONCLUSION

WHEREFORE, the Retiree Committee respectfully requests that the Court change the Settlement Objection Deadline to the same date and time as the deadline to be set by the Court with respect to the filing of any objections to the COFINA Plan of Adjustment, or alternatively, assuming the Court maintains the January 16, 2019 hearing date to consider confirmation of the COFINA Plan of Adjustment, December 31, 2018 at 4:00 p.m. (Atlantic Standard Time), in accordance with the Case Management Procedures.

October 26, 2018

JENNER & BLOCK LLP

By:
*/s/ Robert Gordon*
Robert Gordon (admitted *pro hac vice*)
Richard Levin (admitted *pro hac vice*)
919 Third Avenue
New York, NY 10022-3908
rgordon@jenner.com
rlevin@jenner.com
212-891-1600 (telephone)
212-891-1699 (facsimile)

Catherine Steege (admitted *pro hac vice*)
Melissa Root (admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
312-222-9350 (telephone)
312-239-5199 (facsimile)

Respectfully submitted,

BENNAZAR, GARCÍA & MILIÁN, C.S.P.

By:
*/s/ A.J. Bennazar-Zequeira*
A.J. Bennazar-Zequeira
Héctor M. Mayol Kauffmann
Edificio Union Plaza
1701 Avenida Ponce de León #416
Hato Rey, San Juan
Puerto Rico 00918
ajb@bennazar.org
hector.mayol@bennazar.com
787-754-9191 (telephone)
787-764-3101 (facsimile)

*Counsel for The Official Committee of Retired Employees of Puerto Rico*

6