## Exhibit 1

**Proposed Sur-Reply**

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | **Re: ECF No. 4071** |
| Debtors.[1] | (Jointly Administered) |
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | **This Sur-Reply relates only to the Commonwealth and shall only be filed in the lead Case No. 17 BK 3283-LTS.** |
| THE COMMONWEALTH OF PUERTO RICO | |
| Debtor. | |
| ASOCIACIÓN DE MAESTROS DE PUERTO RICO, ASOCIACIÓN DE MAESTROS DE PUERTO RICO-LOCAL SINDICAL, | |
| Movants, | |
| v. | |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO | |
| Respondent. | |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**SUR-REPLY OF COMMONWEALTH OF PUERTO RICO TO MOVANTS'
REPLY TO OBJECTION OF THE COMMONWEALTH TO MOTION
FOR RELIEF FROM AUTOMATIC STAY FILED BY AMPR AND AMPR-LS**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") respectfully submits this sur-reply (the "Sur-Reply") to the *Movants' Reply to Objection of the Commonwealth to Motion for Relief from Automatic Stay Filed by AMPR and AMPR-LS* [ECF No. 4071] (the "Reply") filed by Asociación de Maestros de Puerto Rico ("AMPR"), and its Union, Asociación de Maestros de Puerto Rico-Local Sindical ("AMPR-LS")[2], both of which are affiliates of the American Federation of Teachers, AFL-CIO ("AFT" and together with AMPR and AMPR-LS, "Movants"), for themselves and in representation of four hundred and twelve (412) of their members, all of which are currently retired teachers from the Department of Education of the Commonwealth of Puerto Rico (the "Department of Education") and petitioners in the case captioned *Asociación de Maestros de Puerto Rico et al v. Departamento de Educación et al,* Civil No. SJ2017CV00542 (the "Lawsuit"), pending before the Puerto Rico Court of First Instance (the "State Court").[3]

## **BACKGROUND**

1.      On September 10, 2018, Movants filed the Motion seeking to lift the automatic stay to proceed with the Lawsuit against the Commonwealth, the Department of Education, and the Secretary of Education they filed after the Commonwealth's petition date in violation of the automatic stay, and for Movants to enforce any judgment entered in the Lawsuit.  The Motion did

---

[2] The Financial Oversight and Management Board for Puerto Rico, as the Commonwealth's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Department of Justice to file this Sur-reply on behalf of the Commonwealth.

[3] Capitalized terms not otherwise defined herein shall have the same meanings given to them in the *Objection of the Commonwealth to Motion for Relief from Automatic Stay Filed By Asociación de Maestros de Puerto Rico, and Its Union, Asociación de Maestros de Puerto Rico-Local Sindical* [ECF No. 4038].

not challenge the applicability of the automatic stay based on the purported exclusion of Movants'

claims from the proof of claim filing requirements of the *Order (A) Establishing Deadlines and*

*Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof*

[ECF No. 2521] (the "Bar Date Order").

        2.      On October 10, 2018, the Commonwealth filed the *Objection of the Commonwealth*

*to Motion for Relief from Automatic Stay Filed By Asociación de Maestros de Puerto Rico, and Its*

*Union, Asociación de Maestros de Puerto Rico-Local Sindical* [ECF No. 4038] (the "Objection").

        3.      On October 19, 2018, Movants filed the Reply, which raised for the first time the

argument that "the Government Parties expressly excluded Movants' claims from the Bar Date

Order [ECF No. 2521] and thus, excluded the Lawsuit indirectly or directly, from the application

of the Title III automatic stay and the claims resolution process of the Commonwealth Title III

case."  Reply ¶ 1.  On the same day, Movants also filed the *Notice of Hearing on AMPR and*

*AMPR-LS Reply to Objection of the Commonwealth to Motion for Relief from Automatic Stay*

*Filed by AMPR and AMPR-LS* [ECF NO. 4077] (the "Notice of Hearing"), requesting a hearing

on the Motion at the omnibus hearing scheduled on November 7, 2018.

**SUR-REPLY**

**I.    THE BAR DATE ORDER IS IRRELEVANT TO THE APPLICABILITY OF THE
AUTOMATIC STAY**

        4.      Movants assert that the Bar Date Order exempts their claim arising from the

Lawsuit from the deadlines by which proofs of claim must be filed, and therefore, the automatic

stay should not apply to Movants' claims because the Commonwealth purportedly determined that

Movants' claims would not be resolved in the Title III claims resolution process.  Reply ¶¶ 3-10.[4]

---

[4] The Commonwealth reserves all rights, arguments, defenses, and objections to any proof of claim filed by Movants
and the requirement of Movants to file a proof of claim with respect to their claims pursuant to the Bar Date Order.

First, Movants clearly thought that their claims would be addressed in the Title III claims resolution process because they filed a proof of claim. *See* Proof of Claim No. 108230, attached hereto as Exhibit A. Movants' filing of a proof of claim belies their argument that they have no recourse for their claims. Reply ¶ 13. Movants should not now be authorized to litigate their claims in their preferred forum, particularly as they submitted themselves to the Title III claim process from which they now claim they are exempt.

5.      Second, Movants incorrectly assert that the Bar Date Order "directs individual employees and former employees not to file claims for unpaid wages and salaries . . . ." Reply ¶ 4 (emphasis in original). To the contrary, the Bar Date Order provides that certain persons are not required to, but may, file a proof of claim with respect to certain claims: "The following persons and entities are **not** required to file a proof of claim on or before the applicable Bar Dates . . . ." Bar Date Order ¶ 6 (emphasis in original). Indeed, the Bar Date Order does not preclude the Commonwealth from setting any further bar dates. *See* Bar Date Order, Exhibit 1-B, at 6 ("should the District Court fix a date by which the Claims described in Paragraphs A. through O. above must be filed, you will be notified of such bar date at the appropriate time.").

6.      Third, Movants proceed under a misunderstanding of the nature of the bar date for filing proofs of claim. The purpose of the bar date is to allow a debtor to determine with finality the universe of claims against it, and to aid in moving the debtor's bankruptcy case forward. 9 Collier on Bankruptcy ¶ 3003.03 ("Establishment of a claims bar date serves the dual interests of finality and debtor rehabilitation. Without a bar date, it would be impossible to determine with any finality the obligations of the debtor."); *First Alliance Mortg. Co. v. First Alliance Mortg. Co.*, 269 B.R. 428, 438 (C.D. Cal. 2001) ("[T]he bar date serves the interests of finality and debtor rehabilitation in a bankruptcy proceeding." (citation omitted)); *In re Tucker*, 174 B.R. 732, 743

(Bankr. N.D. Ill. 1994); *In re Zimmerman*, 156 B.R. 192, 199 (Bankr. W.D. Mich. 1993) ("A bar date is necessary so that a reorganization plan may more easily be formulated.").  The setting of a claims bar date, however, does not affect the applicability of the automatic stay.  Indeed, where Congress wanted to create exceptions to the applicability of the automatic stay, it did so with express terms.  *In re City of San Bernardino*, 558 B.R. 321, 330 (Bank. C.D. Cal. 2016) ("[T]he Court cannot carve out exceptions to the automatic stay beyond those already enumerated in § 362(b)." (citations omitted)).  Neither Title III nor the Bankruptcy Code include any exception to the automatic stay where claims have been excluded from the requirement to file proofs of claim.

## II.     NO HEARING IS NECESSARY ON THE MOTION

7.      After the Commonwealth filed its Objection, Movants filed their Notice of Hearing requesting the Motion be heard at the omnibus hearing on November 7, 2018.  No hearing on the Motion is necessary as the issues raised in the Motion are the same that have been before this Court on countless lift stay motions to date and can be decided on the submissions in connection thereto.

*Remainder of Page Intentionally Left Blank*

WHEREFORE, the Commonwealth respectfully requests that the Court deny the Motion.

Dated: October 26, 2018
San Juan, Puerto Rico

Respectfully submitted,

**WANDA VÁZQUEZ GARCED**
Secretary of Justice

*/s/ Wandymar Burgos Vargas*
**WANDYMAR BURGOS VARGAS**
USDC 223502
Deputy Secretary in Litigation
Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Phone: 787-721-2940 Ext. 2500, 2501
wburgos@justicia.pr.gov

*Attorneys for the Commonwealth of Puerto Rico*

## **Exhibit A**

**Proof of Claim No. 108230**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| Fill in this information to identify the case (Select only one Debtor per claim form). / Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación). | | |
|---|---|---|
| ☑ Commonwealth of Puerto Rico<br>El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date:<br>May 3, 2017 |
| ☐ Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date:<br>May 5, 2017 |
| ☐ Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date:<br>May 21, 2017 |
| ☐ Employees Retirement System of the Government of the<br>Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado<br>Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date:<br>May 21, 2017 |
| ☐ Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date:<br>July 2, 2017 |

PRIME CLERK LLC

JUN 2 7 2018

RECEIVED

## Modified Official Form 410 / Formulario Oficial 410 Modificado

# Proof of Claim / Evidencia de reclamación                    04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.

Quienes presenten la documentación deben omitir o editar información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. No adjunte documentos originales, ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

Fill in all the information about the claim as of the Petition Date.

Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.

| Part 1 / Parte 1 | Identify the Claim / Identificar la reclamación |
|---|---|
| 1. Who is the current creditor?<br><br>¿Quién es el acreedor actual? | **American Federation of Teachers, AFL-CIO ("AFT"), representative of its affiliates, the Asociación de Maestros de Puerto Rico and the Asociación de Maestros de Puerto Rico-Local Sindical, and certain individuals such affiliates represent**<br>Name of the current creditor (the person or entity to be paid for this claim)<br>Nombre al acreedor actual (la persona o la entidad a la que se le pagará la reclamación)<br><br>Other names the creditor used with the debtor<br>Otros nombres que el acreedor usó con el deudor _____ |



**Claim Number: 108230**

170328380021339

[√] Date Stamped Copy Returned
[ ] No Self-Addressed Stamped Envelope
[ ] No Copy Provided

| 2. Has this claim been acquired from someone else?<br><br>¿Esta reclamación se ha adquirido de otra persona? | ☑ No / No<br>☐ Yes. From whom?<br>Sí. ¿De quién? _____ |
|---|---|

| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)<br><br>¿A dónde deberían enviarse las notificaciones al acreedor?<br><br>Norma federal del procedimiento de quiebra (FRBP, por sus siglas en inglés) 2002(g | **Where should notices to the creditor be sent?**<br>**¿A dónde deberían enviarse las notificaciones al acreedor?** | |
|---|---|---|
| | Mark Richard, Esq.<br>Counsel to the President of the AFT<br>AMERICAN FEDERATION OF<br>TEACHERS, AFL-CIO<br>555 New Jersey Ave., N.W.<br>Washington, DC 20001 | Asociación de Maestros de<br>Puerto Rico Local Sindical<br>PO Box 191088<br>San Juan PR 00919-1088 |
| | Sherry Millman, Esq.<br>STROOCK & STROOCK & LAVAN LLP<br>180 Maiden Lane<br>New York, NY 10038<br>Telephone: (212) 806-5400 | José Luis Barrios-Ramos, Esq.<br>McLeary Ave., Suite #303<br>San Juan, Puerto Rico 00936-8006<br>Telephone: (787) 593-6641 |

| 4. Does this claim amend one already filed?<br><br>¿Esta reclamación es una enmienda de otra presentada anteriormente? | ☑ No / No<br>☐ Yes.   Claim number on court claims registry (if known)<br>Sí.   Número de reclamación en el registro de reclamaciones judiciales (en caso de saberlo)_____<br>Filed on / Presentada el _____(MM /DD/YYYY) / (DD/MM/AAAA) |
|---|---|

| 5. Do you know if anyone else has filed a proof of claim for this claim?<br><br>¿Sabe si alguien más presentó una evidencia de reclamación para esta reclamación? | ☑ No / No<br>☐ Yes. Who made the earlier filing?<br>Sí. ¿Quién hizo la reclamación anterior?_____ |
|---|---|

**Part 2 / Parte 2:**   **Give Information About the Claim as of the Petition Date**
**Complete toda la información acerca de la reclamación desde la fecha en la que se presentó el caso.**

| 6. Do you have a claim against a specific agency or department of the Commonwealth of Puerto Rico?<br><br>¿Tiene una reclamación en contra de algún organismo o departamento específico del Estado Libre Asociado de Puerto Rico? | ☐ No / No **See attached addendum**<br>☐ Yes.  Identify the agency or department and contact name. (A list of Commonwealth of Puerto Rico agencies and departments is available at: https://cases.primeclerk.com/puertorico/.)<br>Sí.  Identifique el organismo o departamento y nombre del representante. (Una lista de agencias y departamentos del Estado Libre Asociado de Puerto Rico está disponible en: https://cases.primeclerk.com/puertorico/).<br><br>_____ |
|---|---|

| 7. Do you supply goods and / or services to the government?<br><br>¿Proporciona bienes y / o servicios al gobierno? | ☐ No / No **See attached addendum**<br>☐ Yes. Provide the additional information set forth below / Sí. Proporcionar la información adicional establecida a continuación:<br><br>Vendor / Contract Number | Número de proveedor / contrato: _____<br><br>List any amounts due after the Petition Date (listed above) but before June 30, 2017:<br>Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017  $ _____ |
|---|---|

| 8. How much is the claim? | $ __See attached addendum__ . **Does this amount include interest or other charges?**<br>**¿Este importe incluye intereses u otros cargos?** |
|---|---|
| ¿Cuál es el importe de la reclamación? | ☐ No / No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).<br>Sí. Adjunte un balance con intereses detallados, honorarios, gastos u otros cargos exigidos por la Norma de Quiebras 3001(c)(2)(A). |

| 9. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information. |
|---|---|
| **¿Cuál es el fundamento de la reclamación?** | Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.<br><br>__See attached addendum__ |

| 10. Is all or part of the claim secured? | ☐ No / No **See attached addendum**<br>☐ Yes. The claim is secured by a lien on property.<br>Sí. La reclamación está garantizada por un derecho de retención sobre un bien. |
|---|---|
| ¿La reclamación está garantizada de manera total o parcial? | **Nature of property / Naturaleza del bien:**<br>☐ Motor vehicle / Vehículos<br><br>☐ Other. Describe:<br>Otro. Describir: _____<br><br>**Basis for perfection / Fundamento de la realización de pasos adicionales:** _____<br>_____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br>Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención.)<br><br>**Value of property / Valor del bien:** $_____<br><br>**Amount of the claim that is secured /**<br>**Importe de la reclamación que está garantizado:** $_____<br><br>**Amount of the claim that is unsecured /**<br>**Importe de la reclamación que no está garantizado:** $_____<br>(The sum of the secured and unsecured amounts should match the amount in line 7.)<br>(La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)<br><br>**Amount necessary to cure any default as of the Petition Date /**<br>**Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso :** $_____<br>_____<br><br>**Annual Interest Rate** (on the Petition Date)<br>**Tasa de interés anual** (cuando se presentó el caso)_____%<br>☐ Fixed / Fija<br>☐ Variable / Variable |

| 11. **Is this claim based on a lease?** | ☑ No / No<br><br>☐ Yes. Amount necessary to cure any default as of the Petition Date.<br>Sí. Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso $ _____ |
|---|---|
| **¿Esta reclamación está basada en un arrendamiento?** | |

| | |
|---|---|
| **12. Is this claim subject to a right of setoff?**<br><br>**¿La reclamación está sujeta a un derecho de compensación?** | ☑ No / No  **See attached addendum**<br><br>☐ Yes. Identify the property /<br>Sí. Identifíque el bien: _____ |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**<br><br>**¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b)(9) del U.S.C.?** | ☑ No / No<br><br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the Petition Date in these Title III case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.**     $ _____<br><br>Sí. Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 días anteriores a la fecha de inicio en estos casos del Título III, en el que los bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación. |

---

### Part 3 / Parte 3:

### Sign Below / Firmar a continuación

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**La persona que complete esta evidencia de reclamación debe firmar e indicar la fecha. FRBP 9011(b).**

Si presenta esta reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma.

*Check the appropriate box / Marque la casilla correspondiente:*

☐ I am the creditor. / Soy el acreedor.

☑ I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. / Soy el síndico, el deudor o su agente autorizado. Norma de quiebra 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor. Norma de quiebra 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera como un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.

I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto.

Executed on date / Ejecutado el _____06/27/2018_____ (MM/DD/YYYY) / (DD/MM/AAAA)

Signature / Firma _____*Mark Richard*_____

**Print the name of the person who is completing and signing this claim / Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:**

Name     **Mark Richard**
          First name / Primer nombre    Middle name / Segundo nombre    Last name / Apellido

Title / Cargo     **Counsel to the President of the AFT**

Company / Compañía  **American Federation of Teachers, AFL-CIO**
          Identify the corporate servicer as the company if the authorized agent is a servicer.
          Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador.

Address / Dirección  **555 New Jersey Ave., N.W.**
          Number / Número          Street / Calle

          **Washington**                    **DC**          **20001**
          City / Ciudad                    State / Estado    ZIP Code / Código postal

Contact phone / Teléfono de contacto _____  Email / Correo electrónico _____

**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

     Debtor.[1]

PROMESA
TITLE III

No. 17 BK 3283-LTS

---------------------------------------------------------------x

**ATTACHMENT TO THE AFT's MASTER PROOF OF CLAIM**

    1.     This Proof of Claim (this "Proof of Claim") is being asserted and filed, as of the date hereof, in the Title III Case (the "Title III Case") commenced by the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor") by the American Federation of Teachers, AFL-CIO (the "AFT"), on behalf of itself and its affiliates, the Asociación de Maestros de Puerto Rico (the "AMPR") and the Asociación de Maestros de Puerto Rico-Local Sindical ("Local Sindical"), for all Claims (defined below) of the AFT, the AMPR, Local Sindical, the members of the AMPR, the bargaining unit members of Local Sindical, former Local Sindical bargaining unit members who are currently retired, currently retired AMPR members, and future retirees with pension or other post-employment benefits, entitlements, and rights vested prior to the Debtor's commencement of the Title III Case.[2]

---

[1] The last four (4) digits of the Debtor's federal tax identification number are 3481.

[2] The information contained herein was provided to the AFT by Local Sindical.

2.     The AFT, AMPR and Local Sindical.   AFT is a national labor organization
representing over 1.7 million members including teachers and other professionals. AMPR is a
labor organization and the Commonwealth affiliate of the AFT. Local Sindical is a labor union
within AMPR and also AFT's affiliate. Collectively AMPR and Local Sindical represent over
30,000 active teachers, including regular active and certain transitory teachers, as well as certain
retired teachers and certain Department of Education employees covered by Certification 076 of
May 6, 2016.[3]   Local Sindical is the largest of the Commonwealth's public employee labor
unions. Local Sindical is party to that certain collective bargaining agreement between Local
Sindical and the Department of Education, dated as of August 12, 2016 (the "CBA").

3.     Union Documents.   Copies of the documents upon which this claim is based
(collectively, the "Union Documents") – including, without limitation, the relevant statutes, the
CBA, grievances, arbitration awards, the books and records of the Debtor and the Teachers
Retirement System, and the Debtor's communications – are voluminous and are not attached to
this Claim.   Copies of the relevant documents supporting this Claim are or should be, upon
information and belief, in the possession of the Debtor or are public records and may be
available otherwise.

4.     Petition Date.   On May 5, 2017 (the "Petition Date"), the Financial Oversight and
Management Board for Puerto Rico (the "Oversight Board"), as the representative of the
Commonwealth and certain of its affiliated debtors pursuant to section 315(b) of the *Puerto Rico
Oversight, Management, and Economic Stability Act* ("PROMESA"), filed a voluntary petition
for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing the Title
III Case before the United States District Court for the District of Puerto Rico (the "Court").

---

[3] On May 6, 2016, the Appellate Commission of Public Service Employees of the Commonwealth issued
Certification 076 to the Local Sindical as the Exclusive Representative authorized to negotiate with the Department
of Education a collective bargaining agreement for the bargaining unit under Law 45 of 1998.

5. <u>Bar Date Order</u>.  On February 15, 2018, the Court entered its order establishing deadlines and procedures for filing proofs of claim and approving the form and manner of notice thereof [Docket No. 2521] (the "<u>Bar Date Order</u>") establishing May 29, 2018 at 4:00 p.m. Atlantic Time as the general claims bar date for filing poofs of claim in this case.  The Bar Date Order, pursuant to sections 6(f), 6(g) and 6(h) thereof, does not require the filing of proofs of claim for, *inter alia,* Pension Claims, Compensation Claims, or CBA Claims (each as defined in the Bar Date Order).  However, as a protective measure, the AFT hereby asserts herein claims for Pension Claims, Compensation Claims, and CBA Claims (each as defined below), as well as those claims arising under applicable statutes including under Law 184, held by those on whose behalf this Proof of Claim has been filed, including, for the avoidance of doubt, but not limited to certain specific claims identified on the schedule annexed hereto as **Schedule 1** (the "<u>Specified Claims Schedule</u>").  The Bar Date Order, pursuant to section 6(h) thereof, also provides that employees who have a claim for a grievance that had been resolved and liquidated by settlement or arbitration award as of February 28, 2018 (a "<u>Resolved Grievance Claim</u>") must file proofs of claim by the Bar Date.  The Bar Date Order permits, but does not require, a union to file a master proof of claim.  Accordingly, while there is no requirement for a union to file a master proof of claim with respect to Resolved Grievance Claims, or any other claims of the employees, out of an abundance of caution AFT hereby asserts a claim on behalf of the members of Local Sindical for all of their Resolved Grievance Claims, including those claims that are listed in the schedule annexed hereto as **Schedule 2** (the "<u>Resolved Grievance Claims Schedule</u>").[4]  AFT is not including a schedule of the numerous pre-petition grievance claims that do not constitute

---

[4] The Resolved Grievance Claims Schedule reflects those Resolved Grievance Claims of which Local Sindical is aware. Copies of the documents supporting the Resolved Grievance Claims are voluminous and are not attached to this Claim, but can be provided to the Debtors upon request. For the avoidance of doubt, by this Proof of Claim, AFT asserts a claim on behalf of all of the members of Local Sindical for each of their Resolved Grievance Claims, whether or not such claims are listed on the Resolved Grievance Claims Schedule.

3

Resolved Grievance Claims because the Bar Date Order, pursuant to section 6(h) thereof, does

not require the filing of proofs of claim for such claims.

6.      <u>Prepetition Claims</u>.  As of the Petition Date, the Debtor was, and still is, indebted

under the Union Documents for, and the AFT for itself and all others on whose behalf this Proof

of Claim has been filed hereby asserts, the following claims (the "<u>Prepetition Claims</u>"):

<ul>
<li>(a)      all grievances and other disputes or claims arising from current or former employment relationships with the Debtor and/or under the Union Documents (collectively, "<u>CBA Claims</u>") in an aggregate amount to be determined, including, but not limited to, certain claims identified in the Specified Claims Schedule and the Resolved Grievance Claims Schedule;</li>

<li>(b)      all unpaid compensation and employment benefits, including, without limitation, wages, salaries, employee medical benefits and/or insurance benefits or workers' compensation claims, and monies otherwise owed due to uncompensated services performed ("<u>Compensation Claims</u>") in an aggregate amount to be determined including, but not limited to, certain claims identified on the Specified Claims Schedule;</li>

<li>(c)      all reduced, unfunded, or underfunded pension benefits owed with respect to the Teachers Retirement System and other of the Debtor's post-employment benefit obligations (the "<u>Pension Claims</u>") in an aggregate amount to be determined including, but not limited to:  (i) certain claims identified on the Specified Claims Schedule and (ii) that portion of the Eighteen Billion Dollars ($18,000,000,000)[5] in total actuarial liability of the Teachers Retirement System that is owed to the persons on whose behalf this Proof of Claim has been filed; and</li>

<li>(d)      all violations of local, state or federal law ("<u>Violation Claims</u>") in an aggregate amount to be determined including, but not limited to, certain claims identified on the Specified Claims Schedule.</li>
</ul>

7.      <u>Amount of Prepetition Claims</u>.  Based upon estimates provided by Local Sindical

(as reflected on the Specified Claims Schedule and the Resolved Grievance Claims Schedule),

the aggregate amount owed on account of those Prepetition Claims capable of being liquidated is

estimated to be not less than Thirty-Two Million, Two-Hundred and Twenty-Three Thousand,

---

[5] *See* New Fiscal Plan for Puerto Rico (May 30, 2018) at 105 (noting that, per the latest available data (an estimate as of July 1, 2016), the Teachers Retirement System has "$18 billion in total actuarial liability").

and Eight-Hundred and Twenty Dollars ($32,223,820). In addition, there are significant unliquidated amounts owed on account of the Prepetition Claims, including the contingent claim for that portion of the reported $18,000,000,000 total actuarial liability of the Teachers Retirement System that is owed to the persons on whose behalf this Proof of Claim has been filed.

8.     Postpetition Claims. The Debtor is indebted, and the AFT for itself and all others on whose behalf this Proof of Claim has been filed, hereby asserts a claim, for amounts to be determined on account of CBA Claims, Compensation Claims, Pension Claims, and Violation Claims that have accrued and continue to accrue subsequent to the Petition Date (the "Postpetition Claims").

9.     Additional Unliquidated Amounts. AFT, for itself and all others on whose behalf this Proof of Claim has been filed, also hereby asserts a claim against the Debtor in an unliquidated amount with respect to all other obligations of any kind or nature outstanding under the Union Documents that are not specifically described herein (together with the Prepetition Claims and the Postpetition Claims, the "Claims").

10.    Priority. AFT, for itself and all others on whose behalf this Proof of Claim has been filed, asserts priority for the Claims to the fullest permitted by law.

11.    No Defenses. To the best of the AFT's knowledge, based upon information provided by Local Sindical, the Claims in this Proof of Claim are not subject to any defense, setoff, or counterclaim.

12.    No Judgments. To the best of the AFT's knowledge, based upon information provided by Local Sindical, no judgment has been rendered on the Claims set forth herein except as to certain of the Resolved Grievance Claims.

13.    <u>No Waiver; Election of Remedies</u>.    The execution and filing of this Proof of Claim is not intended, and should not be construed, to be a waiver of any Claims or any past, present, or future grievances under the Union Documents, or to be an election of remedies, and any and all remedies are expressly reserved.

14.    <u>Administrative Claims</u>.    The AFT, and the others on whose behalf this Proof of Claim has been filed, may have post-petition administrative expense claims against the Debtor. By filing this Proof of Claim, AFT (and all others on whose behalf this Proof of Claim has been filed) are not waiving, and do not waive, any such claims against the Debtor, and any such claims are expressly reserved.

15.    <u>Amendments, Additional Claims; Right to Payment</u>.    The AFT, for itself and all others on whose behalf this Proof of Claim has been filed, reserves, and does not waive, any of its or their rights:    (a) to amend and/or supplement this Proof of Claim for any purpose, including, but not limited to, fixing or liquidating any Claims stated herein or arising under the Union Documents, specifying claims for any amounts, indemnities, contingent obligations, reimbursement obligations, or other obligations under the Union Documents that are not expressly described herein, asserting any additional claims for secured status or priority, to re-characterize or further characterize all or any portion of these claims as administrative expenses or priority claims, or to include such modifications, deletions or additions as may be just and proper; (b) to assert or file additional claims or proofs of claim for additional or different claims or interests at any time, whether before or after any bar date established in these cases for asserting claims against the Debtor and/or its estate; and (c) to payment of any amounts due from the Debtor or from any other sources.

6

16.     <u>Reservation of Rights</u>.  The filing of this Proof of Claim is not and should not be

deemed a waiver of any challenge to, or right to challenge, the legal validity of this Title III Case

or any legal claims relating to the Title III Case and/or the Debtor's assets.  The AFT, for itself

and all others on whose behalf this Proof of Claim has been filed, expressly reserves and

preserves any and all rights, remedies, liens, interests, priorities, protections, claims, actions,

defenses (both procedural and substantive), set-offs, recoupments and similar such rights that it

or they have or may have against the Debtor, its affiliates, the Oversight Board, and any of their

respective present and former successors, assigns, creditors, representatives, officers, officials,

employees, and professionals, any trustee for the Debtor's estate, and any other entity or other

party arising under PROMESA, under other applicable federal and state law, in equity, or

otherwise, and all rights, benefits, and interests under and with respect to the Union Documents,

and nothing herein shall be construed as a waiver thereof.  The CBA is valid, enforceable,

binding, fully-executed, and duly-ratified.  Nothing in this Proof of Claim shall be deemed a

waiver of, and AFT, for itself and for all others on whose behalf this Proof of Claim was filed,

expressly preserves, all rights under the CBA and all rights and arguments regarding the

assumption of the CBA, including, without limitation, that the CBA has been assumed or does

not require assumption to remain valid and enforceable.  Without limiting the generality of the

foregoing, AFT expressly reserves and preserves, for itself and the others on whose behalf this

Proof of Claim has been filed,

> (a)     any and all claims for, among other things, breach of fiduciary duty, lien and
> transfer avoidance, fraud, misrepresentation, constructive trust, fraudulent
> conveyance, equitable lien, unjust enrichment, *quantum meruit*, subrogation,
> indemnity, contribution, failure to fulfill contractual and fiduciary obligations,
> breach of the implied covenant of good faith and fair dealing, making, causing, or
> permitting to be made misleading statements regarding the business of the Debtor,
> tortious interference, tortious conduct, failure to require adequate financial and

accounting controls for the Debtor, and all other legal or equitable claims and any and all remedies to which it or they may be entitled;

(b) rights to pursue any claims against the Debtor pursuant to legal or equitable theories; and

(c) rights to vote on any plan(s) in the Debtor's Title III Case or any of its Debtor affiliates' cases.

17. <u>Notices</u>.  Any and all notices and communications concerning this Proof of Claim should be sent to the following addresses:

| | |
|---|---|
| Mark Richard, Esq.<br>Counsel to the President of the AFT<br>AMERICAN FEDERATION OF<br>TEACHERS, AFL-CIO<br>555 New Jersey Ave., N.W.<br>Washington, DC 20001 | Curtis C. Mechling, Esq.<br>Sherry Millman, Esq.<br>Brian Wells, Esq.<br>STROOCK & STROOCK &<br>LAVAN LLP<br>180 Maiden Lane<br>New York, NY 10038<br>Telephone: (212) 806-5400 |
| Asociación de Maestros de Puerto<br>Rico Local Sindical<br>PO Box 191088<br>San Juan PR 00919-1088 | José Luis Barrios-Ramos, Esq.<br>McLeary Ave., Suite #303<br>San Juan, Puerto Rico 00936-8006<br>Telephone: (787) 593-6641 |

18. <u>Jurisdiction</u>.  The execution and filing of this Proof of Claim, as well as any amendment or supplement thereto or hereto, appearance, pleading, claim, or suit, is not intended to be and should not be construed, with respect to the AFT or the others on whose behalf this Proof of Claim has been filed, as: (a) a waiver of any rights to assert that PROMESA is unconstitutional in any respect; (b) consent or submission to, or waiver of any right to object to, the jurisdiction of the Court for any purpose; (c) a waiver of any right to trial by jury; or (d) a waiver of any right to have any unliquidated portions of any claim determined by an applicable state court.

8

## SCHEDULE 1

### Specified Claims Schedule

| ISSUE NAME | DESCRIPTION |
|---|---|
| Unlawful Denial of Permanent Status Classification. | Claim for an estimated amount of no less than Five Hundred Thousand Dollars ($500,000.00) on account of all amounts owed by the Commonwealth to certain teachers from the year 2004 through the Petition Date due to the Commonwealth's breach of its statutory obligation to award permanent status to transitory, temporary and contract teachers after fulfillment of the statutorily-required period under Law 172 of 2004, which established that any public employee on a fixed-term contract/position as of June 30, 2004 would receive permanent status. This claim is for all lost benefits, rights and privileges, including participation in the bargaining unit, economic benefits enjoyed by permanent teachers under the prior collective bargaining agreement, and non-economic benefits enjoyed by permanent teachers under the current collective bargaining agreement, including, but not limited to, wage increases under the prior collective bargaining agreement terminated in 2005. In regards to this claim, there is currently a case pending before Commonwealth Courts in the Court of First Instance, San Juan Part, case of caption: <u>Ana Cecilia Martínez v. Department of Education,</u> Civil No. K AC2005-2927, wherein Three Hundred (300) transitory or temporary teachers seek to be granted regular status and request the issuance of a judgment granting economic and non-economic relief. |
| Unlawful Failure to Compensate for Health Care Contributions. | Claim for an estimated amount of no less than Five Hundred Thousand Dollars ($500,000.00) on account of all amounts owed by the Commonwealth to its teachers starting from the year 2004 through the Petition Date due to the Commonwealth's unlawful failure to compensate transitory and temporary teachers, whom had met all requirements to acquire permanent status under Law 312 of the year 1938, which establishes the requirements for permanent status for a teacher. All teachers that have been unlawfully denied permanent status would have been entitled to a twenty dollar ($20.00) monthly contribution for their individual health care plan from the year 2004 to the Petition Date and thereafter. In regards to this claim there are no less than 120 cases filed and currently pending before the Appellate Commission of Public Service Employees of the Commonwealth ("<u>CASP</u>"). |
| Unlawful Deprivation of Accumulated Sick Leave. | Claim for an estimated amount of no less than Six Million and Six Hundred Thousand Dollars ($6,600,000.00) on account of all accumulated sick leave, up to a maximum of ninety (90) days owed to each teacher that retired on May 31, 2017, which, pursuant to the average amount of teachers that annually retire, is no less or approximately Eight Hundred (800) teachers for the year ending May 31, 2017. The basis for the claim is that the retroactive application of Law No. 26 of April 29, 2017, which stayed the application of Article 9 of Law No. 8 of February 4, 2017, specifically, the payment or liquidation to retiring teachers of their balance of accumulated sick leave days, up to ninety (90) days, constitutes an illegal and inappropriate impairment of their contractual rights as employees of the Commonwealth. |

| | |
|---|---|
| | In connection with this claim, the Local Sindical and Four Hundred Twelve (412) teachers filed a case before the Commonwealth Court of First Instance, San Juan Part captioned AMPR v. Department of Education, Case No. SJ2017CV00542, wherein teachers requested a declaratory judgment for breach and/or impairment of contract and acquired rights and sought injunctive relief requiring the Commonwealth to issue the payment of the balance of the sick leave days to all teachers, estimated to be no less than Three Million Three Hundred Thousand Dollars ($3,300,000.00), plus cost, expenses and attorneys' fees. |
| Unlawful Reduction of Annual Sick Leave Days. | Claim for an estimated amount of no less than Eight Million and Four Hundred Thousand Dollars ($8,400,000.00) due to the Commonwealth's unlawful reduction of sick leave days to active teachers in violation of Law 26 of 2018. The Commonwealth unlawfully reduced teachers' annual sick leave from the twenty (20) days required by Law 26 of 2018 to fifteen (15) days, depriving teachers of their statutory rights and property rights. |
| Deprivation of Certain Wage Increases. | Claim for an estimated amount no less than Two Hundred Thousand Dollars ($200,000.00) on account of amounts owed by the Commonwealth to teachers for earned, but not paid, wage increases on account of career improvement through advanced degrees from the year 2013 through the Petition Date. Certain teachers had been certified to earn wage increases on account of career improvement through advanced degrees pursuant to Law 158 of 1999. Nevertheless, teachers' evaluations were improperly conducted and certification of steps of career improvement unlawfully denied and/or the respective certification was awarded, but the wage increases were not paid to teachers for years 1999 through 2009 and 2011 through 2014. In regards to this claim, there are no less than Fifty-Five (55) cases either resolved, without satisfaction of the arbitration award, and/or filed and pending before CASP. |
| Failure to Provide Certain Earned Years of Service Increases to Teachers. | Claim for an estimated amount of no less than One Million Dollars ($1,000,000.00) on account of annual wage increases for teachers with transitory or permanent status that had been earned, but not paid, for each year of service accrued from the year 2007 through the Petition Date. The Commonwealth failed to pay a Twenty-Five Dollar ($25) monthly wage increase per each year of service for the years 2007 through 2009. Such wage increases were frozen upon the enactment of Law 7 of the year 2009 and remained frozen until the year 2011. The Commonwealth thereafter failed to pay teachers their monthly wage increase for the years 2011 through 2014. In the year 2014, the Commonwealth enacted Law 66 of 2014, which imposed a freeze on future wage increases for public servants. This claim is for any and all amounts owed to teachers for those periods and any period prior or thereafter in which there was no statutory freeze of wage increases for public servants and the Commonwealth failed to timely pay the $25 monthly wage increase for each year of service. In regards to this claim, there is at least one case filed before CASP captioned Abdiel Acevedo v. Department of Education, Case No. 2012-05-2084, wherein Five Hundred and Eight (508) teachers seek enforcement of their statutory right to a monthly wage increase of $25.00 per each year of service. |

| | |
|---|---|
| Failure to Provide $100 Monthly Wage Increase Under Law 96 of 2002. | Claim for an estimated amount of no less than Thirteen Million and Five Hundred Thousand Dollars ($13,500,000.00) on account of wage increases for teachers in the amount of One Hundred Dollars ($100.00) per month per year of service that had been earned, but not paid, from the year 2002 through the Petition Date. Specifically, certain transitory teachers were denied the wage increase under Law 96 from its enactment in the year 2002 through the Petition Date. In connection with this claim, in the year 2013, Seven Hundred and One (701) teachers filed a claim currently pending before CASP, Case No. 2013-04-1542. |
| Failure to Provide $100 Monthly Wage Increase Under Law 109 of 2008. | Claim for an estimated amount of no less than Nine Hundred Thousand Dollars ($900,000.00) on account of wage increases for teachers in the amount of One Hundred Dollars ($100.00) per month per year of service that had been earned, but not paid, from the year 2008 through the Petition Date. Specifically, certain permanent and transitory teachers were denied the wage increase under Law 109 from its enactment in the year 2008 through the Petition Date. In connection with this claim, in the year 2013, Sixty-Eight (68) teachers filed a claim currently pending before CASP, Case No. 2013-11-0224. |
| Unlawful Implementation of Cost Increase to Teacher's Option to Credit Years of Service for Retirement Eligibility. | Claim for an unliquidated amount on account of unlawful increases to the interest rate that the Teachers Retirement System charged to individuals in order to recognize, for purpose of calculating years of service, time worked for private institutions or other accepted entities. The Teachers Retirement system would accept such time as years of service if a retiring individual paid (1) the total amount of retirement contributions that the individual and the Commonwealth would have made during such time *plus* (2) interest on such amounts for the time over which they would have been paid. In the year 2013, Law 160 of 2013 increased the interest rate charged to the individual on such amounts from two percent (2.0%) to nine percent (9.0%). This statutory rate increase was struck down as unconstitutional by the Supreme Court of Puerto Rico. Subsequently, the Teachers Retirement System unilaterally implemented the same interest rate increase by means of a resolution. This claim is for any and all monies paid by affected teachers due to the unlawful increase of the interest rate. |

## SCHEDULE 2

### Resolved Grievance Claims Schedule

| NAME | CASE NUMBER | AWARD DATE | TYPE OF CLAIM | AMOUNT | JUDGEMENT |
|---|---|---|---|---|---|
| MARÍA DEL C MARÍN GOMEZ | AQ-13-0333 | 4/22/2016 | CAREER LADDER | NO LESS THAN $7,000.00 | STEPS 1 TO 3 LEVEL III |
| LUZ E RIVERA CUEVAS | ISCI2008-1528[6] | 4/3/2013 | DIET AND MILEAGE | OWED AS OF TODAY $200.00 | ALL DIET AND MILLAGE OWED AND PROSPECTIVE |
| MIRIAM L. PEREZ MARTINEZ | AQ-12-1034 | 2/15/2017 | CAREER LADDER | NO LESS THAN $8,000.00 | STEP3 LEVEL III FROM SEPT 2011 |
| JAVIER GONZALEZ GARCIA | 2-14-04-1389 | 3/15/2018 | TWO DAYS WAGE | NO LESS THAN $250.00 | DE HAS TO PAY THE 2 DAYS DISCOUNTED FROM SALARY |
| DIANA VAZQUEZ ORTEGA | 2016-04-1306 | 4/17/2017 | ONE DAY WAGE | NO LESS THAN $100.00 | DE HAS TO PAY ONE DAY DISCOUNTED FROM SALARY |
| ADA VELEZ JIMENEZ | AQ-13-001 | 12/11/2015 | CAREER LADDER | NO LESS THAN $6,500 | STEP5 LEVEL III SINCE SEPT 2011 |
| EVA RIVERA BOBE | AQ-12-2814 | 9/15/2017 | CAREER LADDER | NO LESS THAN $3,000 | STEP 4 LEVEL IV FROM SEPTEMBER 2011 TO AUGUST 2013 |
| ANA CECILIA MARTINEZ COLON | KLRA2012-0681[1] | TA 12/20/12 | REGULAR STATUS/$20 HEALTH CARE PLAN | NO LESS THAN $504,000.00 | LAW 172-2004 APPLIES AND TEACHERS CAN HAVE REGULAR STATUS WHICH WILL INCREASE DE HEALTH CARE CONTRIBUTION BY $20.00 MONTHLY |
| BELINDA PACHECO TORRES | 2011-06-3712 | 2016 | WAGES | NO LESS THAN $12,500.00 | STIPULATION |
| AIDA ROSADO SANCHEZ | AQ-14-0210 | 7/7/2017 | CAREER LADDER | NO LESS THAN $10,800.00 | STEPS 1 AND 2 LEVEL III SINCE 2012 |
| DAISY CINTRON SAEZ | AQ-13-0247 | 4/5/2016 | CAREER LADDER | NO LESS THAN $8,000.00 | STEP 3 LEVEL IV |

---

[6] This case was decided by a court.

| NAME | CASE NUMBER | AWARD DATE | TYPE OF CLAIM | AMOUNT | JUDGEMENT |
|------|-------------|------------|---------------|--------|-----------|
| THANIANA FUENTES VIERA | KCM2016-2607[1] | 2/2/2017 | WAGES | NO LESS THAN $1,470.00 | STIPULATION |
| FREDESWINDA VALENTN VALENTÍN | AQ-12-2815 | 4/21/2016 | CAREER LADDER | NO LESS THAN $3,000 | STEP 5 LEVEL IV FROM SEPT 2011 TO AUGUST 2013 |
| EDEL W ALMODOVAR RAMIREZ | AQ-13-0392 | 6/29/2016 | CAREER LADDER | NO LESS THAN $25,000 | STEPS 1 TO 4 LEVEL III SINCE SEPT 2011 |
| JACKELINE CUPELES JUSTINIANO | AQ-13-0420 | 4/19/2017 | CAREER LADDER | NO LESS THAN $4,000 | STEP 4 LEVEL III SINCE SEPT 2013 |
| ROSA SANTIAGO ALEJANDRO | AQ-14-732/AQ-14-827 | 4/3/2017 | CAREER LADDER | NO LESS THAN $8,000 | STEP 1 LEVEL IV SINCE SEPT 2013 |
| EILEEN STONE MALDONADO | AQ-12-0776 | 3/10/2016 | CAREER LADDER | NO LESS THAN $12,000 | STEP 5 LEVEL III SINCE SEPT 2013 |
| WANDA HERNANDEZ RODRIGUEZ | AQ-15-1052 | 3/28/2017 | CAREER LADDER | NO LESS THAN $5,000 | STEP 5 LEVEL III SINCE SEPT 2012 |
| RAUL BERRIOS RIVERA | AQ-14-0208 | 5/4/2016 | CAREER LADDER | NO LESS THAN $5,000 | STEP2 LEVEL III SINCE SEPT 2012 |

2



# **Brooklyn**

## CLAIM/BALLOT HAND DELIVERY
## CONFIRMATION SHEET

DATE RECEIVED: _____6/27/18_____

CASE: _____Puerto Rico_____

NO. OF CLAIMS: _____1_____

NO. OF BALLOTS: _____∅_____

COPIES: _____1_____

RECEIVED BY: _____KR_____