IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | PROMESA |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO as representative of | TITLE III<br><br>No. 17 BK 03283-LTS |
| THE COMMONWEALTH OF PUERTO RICO | Relief of the Automatic Stay |
| Debtor | |

**MOTION REQUESTING LIFT OF STAY**

COMES NOW, Michael E. Danuz Reyes through the undersigned attorneys and very respectfully moves the Court for an Order pursuant to 11 U.S.C.A. § 362 for relief from the automatic stay and, in support of this motion, states as follows:

**I. INTRODUCTION**

1. Michael E. Danuz Reyes (hereinafter, "Danuz") seeks the lifting of the automatic stay in the case *Michael Danuz Reyes v. Estado Libre Asociado de Puerto Rico, et al.,* Civil No. KPPE-2004-2013, before the Court of First Instance in San Juan. Discovery in the case is still ongoing, and at this stage of the proceedings Danuz does not foresee to perform any further discovery.

2. The pending state court case is filed under the Whisteblower Act of Puerto Rico, Law No. 426 of November 7, 2000. This case has to do with the Department of Justice's actions when Danuz, in the performance of his duties, informed of a situation whereby one of the agents of that agency kidnapped a citizen, threatened to kill him and asked an informant for an amount of money to deposit in his personal account. As a result of informing these situations, Danuz was charged with misconduct and relieved

1

from his duties. In a previous case, *Danuz v. Departamento de Justicia,* Case No. 2003-08-0142, the Court of Appeals confirmed the Comisión Apelativa de Servicio Público's holding that the disciplinary measures imposed on Danuz were unlawful. As a result, he was reinstated to his position. The pending state court case ensued after this determination.

3. As stated before, Danuz does not foresee, at this stage of the proceedings, further discovery.

4. After the filing of the Complaint and years of litigation, on November 9, 2017, the State Court issued and entered an Order to stay the proceedings pending before the Court.

## II. RELIEF REQUESTED

5. The appearing creditor seeks a modification of the stay imposed by Section 362 of the Bankruptcy Code so that they may continue the Commonwealth Court litigation which deals with a reprisal complaint and is governed by Puerto Rico law, provided, however, that movant will not execute against any of the assets of the state, without further order of this Court.

## III. ARGUMENTS FOR MODIFICATION OF STAY

6. Pursuant to 11 U.S.C.A. § 362(d), a bankruptcy court may modify the automatic stay "for cause" to permit the liquidation in a different court in a pending action. *In re Murray Industries, Inc.,* 121 B.R. 635, 636 (Bankr. M.D. Fla. 1990). Although a creditor must make a prima facie case to justify the relief from the stay, the Debtor has the ultimate burden of persuasion that "cause" for relief does not exist under §362(d). *In re Anton,* 145 B.R. 767, 769 (Bankr. E.D.N.Y. 1992).

7. In *Peerles Insurance Company v. Peerless Insurance Comapany*, 208 B.R. 313, 315

2

(D.R.I. 1997), discussed the term cause:

> Section 362(d)(1) permits a "party in interest" to obtain relief from the Bankruptcy Code's automatic stay provision "for cause." 11 U.S.C. § 362(d)(1). The statute does not define "cause"; but, generally speaking, "cause" is said to exist when the harm that would result from a continuation of the stay would outweigh any harm that might be suffered by the debtor or the debtor's estate if the stay is lifted. Determining whether "cause" exists requires a fact intensive inquiry that must be made on a case by case basis

8. Courts have identified a number of factors to be considered in making that determination. *See In re Unanue-Casal,* 159 B.R. 90, 95-96 (D.P.R.1993), *aff'd,* 23 F.3d 395 (1st Cir.1994) (listing twelve factors). Four factors that are especially applicable in this case are:

1. the harm to the party seeking relief from the stay (i.e., Danuz) if the stay is not lifted;

2. the harm to the debtor (i.e., Department of Justice) if the stay is lifted;

3. the interests of creditors; and

4. the effect on the fair and efficient administration of justice.

8. In addition, other courts have considered the following factors:

a. Whether relief would result in a partial or complete resolution of the issue;

b. The lack of any connection with or interference with the bankruptcy case;

c. Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

d. Whether litigation in another forum would prejudice the interests of other creditors;

e. Whether the judgment claim arising from the other litigation is subject to equitable subordination;

f. The interests of judicial economy and the expeditious and economic resolution of litigation;

See e.g., *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990) and *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984).

9. As discussed, a bankruptcy court, may consider many factors when deciding whether to allow existing litigation related to a debtor to continue outside the bankruptcy court. However, bankruptcy courts consistently modify the stay to allow pending litigation to continue when, as in this case, the requested relief from the stay will promote judicial economy and create saving for the litigants without undue prejudice to the estate. See, e.g. *In re Tricare Rehabilitation Systems, Inc.*, 181 BR 569 (Bankr. N.D. Ala. 1994); *In re Robbins*, 964 F.2d 342 (4th Cir. 1992).

10. Here, the cause of action arose before the bankruptcy, litigation was begun before the filing of the petition. Moreover, any decision by the state court would decide the issue of whether the Department of Justice acted unlawfully, destituting Danuz as a reprisal for his actions. The state court resolution of the case would not interfere with the management of this Title III case or prejudice creditors. In addition, since the state court would only have to celebrate the pretrial and trial, this would result in judicial economy and an expeditious and economic resolution of this litigation. Hence, the balance of equities and the Sonnax factors weight in favor of lifting the stay as herein requested.

11. Also, as in *In Re Annie's, Inc.*, 201 B.R. 29, 30 (Bankr. R.I. 1996), stated "[w]here neither prejudice to the bankruptcy estate nor interference with the bankruptcy proceeding is demonstrated, the desire of a stayed party to proceed in another forum is sufficient cause to warrant lifting the automatic stay." See also, In *C & A, S. E., v. Puerto Rico Solid Waste Management Authority*, 360 B.R. 12 (Bankr.P.R. 2006). Since that is the case here, the Honorable Court should grant the request for modification of the automatic stay.

12. In sum, the Court should modify the automatic stay and allow the continuation

4

of the Pending Litigation, as there is "cause" pursuant to Section 362(d)(1) of the Bankruptcy Code: the Pending Litigation is a purely a matter of Commonwealth law; as of the Bankruptcy Petition date the aforesaid litigation had already commenced and can be timely adjudicated. Hence, movants request the modification of the automatic stay.

13. Movant Danuz files Motion Seeking Lifting of the Stay pursuant to Paragraph III.Q of the operative Case Management Order. Movant certifies that pursuant to Paragraph III.Q, it conferred and met with debtor via telephone during the required Lift Stay Notice period prior to filing the instant motion but could not come to any agreements.

WHEREFORE: Danuz respectfully requests from the Honorable Court a modification of the stay imposed by Section 362 of the Bankruptcy Code so that they may continue the Commonwealth Court litigation, all issues which are governed by Puerto Rico law, provided, however, that movant will not execute against any assets of the estate, without further order of this Court.

Respectfully submitted on this 10th day of October, 2018.

**I HEREBY CERTIFY**: that on this same date, copy of this motion was filed with the Clerk of the Court, using the CM/ECF System which will send notification of such filling to the attorneys of record.

INVENIO LAW LLC
PO Box 9021829
San Juan, P.R. 00902-1829
Tel. (787)724-8117/(787) 622-8800


s/Juan J. Hernández López de Victoria
U.S.D.C. No. 210713
jjhernandez@inveniolaw.com

5

s/Laura Beléndez Ferrero<br>
U.S.D.C. No. 216301<br>
lbelendez@msn.com