**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

---------------------------------------------------------------x

IN RE:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

---------------------------------------------------------------x

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF THE COMMONWEALTH OF
PUERTO RICO,

    as agent of

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO

    as representative of

THE COMMONWEALTH OF PUERTO RICO,

    Plaintiff,

v.

BETTINA WHYTE

    as agent of

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO

    as representative of

THE PUERTO RICO SALES TAX FINANCING
CORPORATION,

    Defendant.

---------------------------------------------------------------x

PROMESA

Title III

No. 17 BK 3283-LTS

(Jointly Administered)

Adv. Proc. No. 17-00257

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

103537425v6

**RESPONSE OF THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD TO MOTION OF OFFICIAL COMMITTEE OF
RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO
TO CHANGE OBJECTION DEADLINE FOR COFINA SETTLEMENT MOTION**

To the Honorable United States Magistrate Judge Judith Gail Dein:

The Financial Oversight and Management Board (the "FOMB"), as the representative of the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Sales Tax Financing Corporation ("COFINA") pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this response to the *Motion of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico to Change the Objection Deadline for COFINA Settlement Motion* [Adv. Proc. No. 17-00257, D.I. 556] (the "Motion"), filed by the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "Retiree Committee").

**SUMMARY OF RESPONSE**

1.      After a year of (a) identification of issues, (b) negotiation of a complex stipulation which allowed for the appointment of representative agents, (c) commencement of litigation, (d) negotiation of an agreement in principle, and (e) with the assistance of the Court-appointed Mediation Team, negotiation of a settlement of the Commonwealth-COFINA Dispute[3] and a consensual plan of adjustment for COFINA, on October 19, 2018, the FOMB filed (i) the Settlement Motion, as defined below, in the Commonwealth's Title III case and (ii) the Plan in COFINA's Title III case.  Hearing dates to consider approval of the Settlement Motion and confirmation of the Plan were established by the Court and designed to provide creditors and

---

[2] PROMESA has been codified at 48 U.S.C. §§ 2101-2241.

[3] Defined terms used but not defined herein have the meanings given to them in the Settlement Motion.

103537425v6

parties in interest with an adequate period to review and assess the merits of the Settlement Motion and the Plan and permit creditors sufficient time to vote to accept the Plan and make elections of distributions thereunder. <u>Likewise, such periods were designed to permit discovery to be undertaken by parties which may interpose an objection to the Settlement Motion in a timely and efficient manner without the overlap of the intervening holidays.</u>

2. Notwithstanding having approximately one month to review and analyze the Settlement Motion, the Retiree Committee has filed the Motion seeking to extend the objection period with respect to the Settlement Motion by a proposed additional fifty-seven (57) days. As justification therefor, the Retiree Committee merely states that it desires the objection period to be coterminous with the objection period for the Plan, a document and a Title III case as to which the Retiree Committee is <u>not involved and has no standing</u>.

3. In reality, there is no justification for any extension. The Retiree Committee was not only intimately involved in the negotiated settlement of the Commonwealth-COFINA Dispute, it actually <u>voted in favor</u> of the announced agreement in principle which became the foundation for the Settlement Motion and the agreement underlying it.

4. But, besides the obvious, the Retiree Committee is seeking to merely delay the process and force parties to respond to a potential objection and discovery requests in an extremely truncated timeframe. That is unacceptable. Because time consistent with the applicable Bankruptcy Rules has been provided, the timeframe developed should be followed. Alternatively, if additional time is warranted, the objection period should be extended to no later than December 7, 2018 at 5:00 p.m. (AST).

## BACKGROUND

5. On October 19, 2018, the FOMB filed the *Motion Pursuant to Bankruptcy Rule 9019 for Order Approving Settlement Between Commonwealth of Puerto Rico and Puerto Rico*

2

103537425v6

*Sales Tax Financing Corporation* [Adv. Proc. No. 17-00257, D.I. 546] (the "Settlement Motion"). The accompanying *Notice of Hearing* [Adv. Proc. No. 17-00257, D.I. 548] provides that objections, if any, to the Settlement Motion must be filed on or before November 16, 2018 at 5:00 p.m. (AST) (the "Settlement Objection Deadline"). Such period provided parties in interest twenty-eight (28) days to file objections to the Settlement Motion, in compliance with Bankruptcy Rule 2002(a)(3).

6. Also on October 19, 2018, the FOMB, on behalf of COFINA, filed in COFINA's Title III case (i) the *Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [Case No. 17-3284, D.I. 309] (the "Plan") and (ii) the *Disclosure Statement Approval Motion* [Case No. 17-3284, D.I. 307] (the "Disclosure Statement Approval Motion"). The Disclosure Statement Approval Motion, among other things, seeks entry of an order providing that objections to confirmation of the Plan must be filed no later than 5:00 p.m. (AST) on January 2, 2019 (the "Confirmation Objection Deadline").

7. Despite the almost one-month objection period, the Retiree Committee contacted the FOMB, requesting additional time to object to approval of the Settlement Motion. Although the FOMB was prepared to agree, and did offer, to extend the Settlement Objection Deadline, without any rationale, the Retiree Committee declined and insisted that the Settlement Objection Deadline should be the same as the Confirmation Objection Deadline.

8. On October 26, 2018, the Retiree Committee filed the Motion, requesting "that the Court change the Settlement Objection Deadline . . . to the same date and time as the [Confirmation Objection Deadline]." Motion ¶ 4.[4]

---

[4] The Retiree Committee also argues that the Court should modify the Settlement Objection Deadline to comply with the Court's *Seventh Amended Notice, Case Management and Administrative Procedures* [Case No. 3283, D.I. 4086] (the "Case Management Procedures"). *See* Motion ¶¶ 7-8.

3

103537425v6

**RESPONSE**

**I. The Retiree Committee Does Not Have Standing in COFINA's Title III Case, So There is No Cause to Have the Confirmation Objection Deadline in Parallel with the Settlement Objection Deadline**

9. On June 15, 2017, the Office of the United States Trustee (the "U.S. Trustee") filed the *Appointment of Official Committee of Retirees in the Commonwealth of Puerto Rico* [Case No. 17-3283, D.I. 340] (the "Notice of Appointment"). The Notice of Appointment explicitly provides that the Retiree Committee was being appointed only in the Commonwealth's Title III case. Consequently, the Retiree Committee does not have standing to raise, or appear and be heard, on any issue in COFINA's Title III case, including objecting to confirmation of the Plan.

10. Courts have determined that a statutory committee's powers under Bankruptcy Code section 1103(c)(5), made applicable by PROMESA section 301(a), do not extend to activities either taken or to be taken outside of the case itself, even where the specified actions are broadly in interest to the committee's constituents. *See In re Johns-Manville Corp.*, 52 B.R. 879, 884 (Bankr. S.D.N.Y. 1985) ("[w]hile § 1103 contemplates a committee taking an active role in the reorganization proceedings, it does not grant a committee blanket authority to represent its constituency in matters outside and independent of the bankruptcy case."), *aff'd*, 60 B.R. 892 (S.D.N.Y. 1986), *rev'd on other grounds,* 801 F.2d 60 (2d Cir. 1986); *Official Comm. of Tort Claimants v. Dow Corning Corp. (In re Dow Corning Corp.)*, 199 B.R. 896, 902 (Bankr. E.D. Mich. 1996) ([w]hile the limits of § 1103(c)(5) are not precisely defined, there is a clear line of separation between the ability of a creditors' committee to act within the bankruptcy case and the ability to act independent of and outside the case. And this line of separation is reasonable.").

11. Moreover, the Retiree Committee's authority to appear in the Commonwealth's Title III case is derived from Bankruptcy Code section 1109(b), made applicable by PROMESA section 301(a), which provides that "[a] party in interest, including . . . a creditors' committee . . .

4

may raise and may appear and be heard on any issue *in a case under this chapter*." 11 U.S.C. § 1109(b) (emphasis added). Thus, section 1109(b) underscores that the Retiree Committee's ability to appear is limited to the Commonwealth's Title III case and, therefore, the Retiree Committee cannot appear, much less object, in COFINA's Title III case with respect to the Plan. Accordingly, the Retiree Committee's requested linkage of the Settlement Motion to the Plan is inappropriate. Rather, the Court should adhere to the timeframe that was developed with the assistance of the Mediation Team to provide all parties in interest and the Court an opportunity to develop and address all issues.

## II. Judicial Economy Supports Denial of the Motion

12. The Retiree Committee argues that "[t]he Court should change the Settlement Objection Deadline to the deadline for filing any objections to the [Plan] . . . ." Motion ¶ 6. The Settlement Motion and the Plan, however, are separate pleadings that can (and should) operate under independent timelines. The Settlement Motion seeks entry of an order approving the terms of the Settlement resolving the Commonwealth-COFINA Dispute. The Plan, among other things, provides for distributions to COFINA's various stakeholders in accordance with PROMESA and the applicable provisions of the Bankruptcy Code. The FOMB acknowledges that the Plan and Settlement are inextricably linked, and the Plan can only be assessed once the Settlement Motion is approved by the Court. Indeed, the Settlement Motion is clear about the inherent chronological order of the two pleadings: "[T]he Settlement forms the foundation of, and is inextricably intertwined with, COFINA's [Plan], and without it, the COFINA [P]lan cannot proceed." Settlement Motion ¶ 70. It is at that point, however, that all analyses diverge and the basis for approval of each is completely different. Specifically, the Court's consideration of the Settlement Motion is guided by standards with respect to the approval of a compromise and settlement under Bankruptcy Rule 9019, made applicable by PROMESA section 310, while approval of the Plan is

5

determined by the provisions of PROMESA sections 301 and 314. The issues to be considered by the Court cannot be more distinct.

13. As the Settlement Motion must be decided before the Plan can be confirmed, the Settlement Motion could have been scheduled in advance of the confirmation hearing. But, for expediency purposes and judicial economy, it was decided that one hearing was more efficient. However, that does not mean that objections (and probably discovery) with respect to obviously different issues must move in lockstep.

14. The Case Management Procedures provide that "[t]he deadline to file an Objection . . . to any Pleading shall be (i) . . . or (ii) any date otherwise ordered by the Court." Case Management Procedures § 3.I. As such, the Court has complete discretion to schedule an objection deadline. In the event the Court is inclined to extend the Settlement Objection Deadline, the FOMB respectfully requests that the Court schedule the Settlement Objection Deadline as December 7, 2018 at 5:00 p.m. (AST).

**III. Conclusion**

15. For the foregoing reasons, the FOMB respectfully requests that the Court deny the Motion in its entirety or, alternatively, order that the Settlement Objection Deadline is December 7, 2018 at 5:00 p.m. (AST).

*[Remainder of page intentionally left blank]*

Dated: October 30, 2018
     San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board*

## CERTIFICATE OF SERVICE

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer

103537425v6