# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## ORDER (A) APPROVING LIMITED OMNIBUS OBJECTION PROCEDURES, (B) WAIVING THE REQUIREMENT OF BANKRUPTCY RULE 3007(e)(6), AND (C) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors"), for entry of an order (this "Order") (a) approving certain limited Omnibus Objection Procedures attached hereto, (b) authorizing the Debtors to assert objections to claims in an omnibus format pursuant to Bankruptcy Rule 3007(c), (c) waiving the requirement in Bankruptcy Rule 3007(e)(6) that Omnibus Objections contain objections to no more than 100 claims, and (d) granting related relief, all as more fully described in the Motion; and this Court having jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

requested in the Debtors' Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that, based upon the relief requested by the Debtors' Motion, no further notice is required; and the Court having reviewed the Debtors' Motion; and the court having determined that the legal and factual bases set forth in the Debtors' Motion establish just cause for the relief granted herein; and any objections to the relief requested herein having been resolved as set forth herein, or withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein and in the Objection Procedures attached hereto as <u>Exhibit 1</u>.

2. Notwithstanding anything to the contrary in PROMESA, the Bankruptcy Code, the Bankruptcy Rules, or the Local Bankruptcy Rules, and pursuant to Bankruptcy Rule 3007(c), the Debtors may file Omnibus Objections that include objections to claims on any basis provided for in Bankruptcy Rule 3007(d)(1) – (7).

3. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the Debtors may object to as many as five hundred (500) claims in a single Omnibus Objection on any basis provided for in Bankruptcy Rule 3007(d)(1) – (7).

4. The Debtors may file and prosecute any Omnibus Objections in accordance with the Objection Procedures, which are approved, and in accordance with the other procedural safeguards set forth in Bankruptcy Rule 3007(e), with the exception of Bankruptcy Rule 3007(e)(6), as described in the immediately preceding paragraph.

5. Nothing in this Order or in the Motion is, or shall be deemed to constitute, any

admission as to the validity, nature, amount, or priority of any claim asserted against the Debtors in these PROMESA cases, or a waiver of any right of the Debtors or any other party in interest in these cases to dispute the validity, nature, amount, or priority of, or otherwise object, either in the same or subsequent objections, on any grounds to any such claims.

6. The Debtors are authorized to take any and all actions reasonably necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. The Debtors shall consult with the Creditors' Committee regarding the form of notice that will be used in connection with filing Omnibus Objections.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2018

_____
Honorable Judge Laura Taylor Swain
United States District Judge

# **EXHIBIT 1**

**Omnibus Objection Procedures**

## OMNIBUS OBJECTION PROCEDURES

1. <u>Grounds for Omnibus Objections</u>. The Debtors may file omnibus objections (each an "<u>Omnibus Objection</u>") to claims on the grounds expressly set forth in Bankruptcy Rule 3007(d)(1) – (7).

2. <u>Form of Omnibus Objection</u>. Each Omnibus Objection will be numbered consecutively, regardless of basis, and will be provided in both Spanish and English.

3. <u>Claims Exhibits</u>. An exhibit listing the Claims that are subject to the particular Omnibus Objection will be attached thereto. Each exhibit will include only the Claims to which there is a common basis for the Omnibus Objection. Claims for which there is more than one basis for the Omnibus Objection will be referenced on each exhibit applicable thereto. The exhibits will include, without limitation, the following information, alphabetized by claimant:

   a. the Claims that are the subject of the Omnibus Objection and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

   b. the asserted amount of the Claim(s);

   c. the grounds for the Omnibus Objection; and

   d. other information, as applicable, including: (i) the proposed classification of Claims the Debtors seek to reclassify; (ii) the proposed Claim amount of Claims the Debtors seek to reduce; or (iii) the surviving Claims, if any, of groups of Claims the Debtors seek to expunge.

4. <u>Notice and Service</u>. Each Omnibus Objection will be filed with the Court and served upon (a) any individual creditors subject to such Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the Order Further Amending Case Management Procedures [Case No. 17-3283, ECF No. 3804]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.

5. <u>Local Rule 3007-1 Notice</u>. Pursuant to Puerto Rico Local Bankruptcy Rule 3007-1, each Omnibus Objection will include the following notice in a conspicuous location.

> **IMPORTANT NOTICE PURSUANT TO LOCAL RULE 3007-1**
>
> Within thirty (30) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States District Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise. If you file a timely response, the court may schedule a hearing.

6. <u>Omnibus Hearings</u>. Each Omnibus Objection shall be set for hearing no less than

forty-five (45) days after service of the Omnibus Objection (the "Hearing"). In the Debtors' sole discretion, and, upon three (3) business days' prior notice to an individual creditor subject to an Omnibus Objection, the Debtors may adjourn the Hearing on the Omnibus Objection to a subsequent hearing date without further order of the Court. For claims subject to an Omnibus Objection and with respect to which no response is filed in accordance with the proposed response procedures (a "Response"), the Court may grant the Omnibus Objection with respect to those claims without further notice or hearing. For claims subject to an Omnibus Objection for which a Response is filed in accordance with the proposed response procedures, and for which the issues raised in the Response are resolved prior to the Hearing, the Debtors may request at the Hearing that the Court enter an order granting the Omnibus Objection with respect to such claim(s). If such claim(s) cannot be resolved and a hearing is determined to be necessary, the Debtors shall file with the Court and serve on the affected claimant(s) a notice of the hearing, to the extent the Debtors did not file a notice of hearing previously.

7. Contested Matter. Each claim subject to an Omnibus Objection, along with any Responses thereto, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Court with respect to an Omnibus Objection will be deemed a separate order with respect to such claim. The Debtors may, in their discretion and in accordance with other orders of this Court or the provisions of the Bankruptcy Code and the Bankruptcy Rules, settle the priority, amount, and validity of such contested claims without any further action, order, or approval of the Court. However, at least ten (10) business days prior to settling any claim, Debtors shall contact counsel for the Creditors' Committee (in the manner and as defined by the Order Further Amending Case Management Procedures [Case No. 17-3283, ECF No. 3804]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico, to advise them of the Debtors' intent to settle the claim ("Claim Settlement Notice"). The Claim Settlement Notice shall include the (i) the claim number, (ii) the amount of the claim, (iii) a brief description of the intended settlement of the claim. If the Creditors' Committee does not inform Debtors of any objections to the Claim Settlement Notice within five (5) business days of service, or if any such objections are resolved by negotiations between Debtors and the Creditors' Committee, then Debtors may proceed in accordance with other orders of this Court or the provisions of the Bankruptcy Code and the Bankruptcy Rules, to settle the priority, amount, and validity of the contested claims as described in its Claim Settlement Notice, as modified by the parties' negotiations.

## RESPONSES TO OMNIBUS OBJECTIONS

8. Parties Required to File a Response. Any party who disputes an Omnibus Objection is required to file a Response in accordance with the procedures set forth herein. If a party whose claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the procedures below, the Court may grant the Omnibus Objection with respect to such claim without further notice to the claimant.

9. Response Contents. Each Response must contain the following (at a minimum):

    a. a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto

      from the Prime Clerk (which will scheduled with the Omnibus Objection and is available on the Debtors' case website at https://cases.primeclerk.com/puertorico);

   b. a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

   c. a copy of any other documentation or other evidence of the claim, to the extent not already included with the Proof of Claim, upon which the claimant will rely in opposing the Omnibus Objection; <u>provided</u>, <u>however</u>, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; <u>provided</u>, <u>further</u>, that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its claim, subject to appropriate confidentiality constraints; and

   d. the following contact information for the responding party:

     (i) the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

     (ii) the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

  10. <u>Filing and Service of the Response</u>. A Response will be deemed timely only if it is filed with the Court and served by 4:00 pm (Atlantic Time) on the day that is 30 calendar days from the date the Omnibus Objection is served (or an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if service was by mail), unless otherwise extended, in writing, by the Debtors (the "<u>Response Deadline</u>"). A Response must be served on the Oversight Board and the Creditors' Committee (in the manner and as defined by the Order Further Amending Case Management Procedures [Case No. 17-3283, ECF No. 3804]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.

  11. <u>Discovery</u>. As all initial Omnibus Objections will be made on non-substantive bases, no discovery will be permitted in relation to any Omnibus Objection.

  12. <u>Failure to Respond</u>. A Response that is not filed and served by the Response Deadline, or such other date as agreed with the Debtors, in accordance with the procedures set forth herein may not be considered by the Court at the Hearing. **Absent reaching an agreement with the Debtors resolving the Omnibus Objection to a Claim, failure to timely file and serve a Response as set forth herein may result in the Court granting the Omnibus Objection**

**without further notice or hearing**. Upon entry of an order sustaining an Omnibus Objection, affected creditors will be served with such order.

13. Reply to a Response. The Debtors shall be permitted to file a reply to any Response no later than two (2) business days before the Hearing with respect to the relevant Omnibus Objection.

## MISCELLANEOUS

14. Additional Information. Copies of these procedures, the Order, or any other pleadings filed in the Debtors' PROMESA cases are available free online at https://cases.primeclerk.com/puertorico.

15. Inquiries. Creditors may direct questions regarding the status of particular omnibus objections to Prime Clerk at (844) 822-9231.

16. Reservation of Rights. NOTHING IN ANY OMNIBUS OBJECTION OR OBJECTION NOTICE IS OR SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST IN THESE CASES TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO CLAIMS (OR OTHER CLAIMS OR CAUSES OF ACTION OF A CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION, UNLESS THE COURT HAS ALLOWED A CLAIM OR ORDERED OTHERWISE, OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE. AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.