UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------------- x
: 
In re: :
 :
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
 :
     as representative of : Case No. 17-BK-3283 (LTS)
 :
THE COMMONWEALTH OF PUERTO RICO, *et al.*, : (Jointly Administered)
 :
Debtors.¹ :
---------------------------------------------------------------------------- x

**FOURTH SUPPLEMENTAL DECLARATION OF LUC A. DESPINS REGARDING
RETENTION OF PAUL HASTINGS LLP AS COUNSEL TO OFFICIAL
COMMITTEE OF UNSECURED CREDITORS**

I, Luc A. Despins, hereby declare under penalty of perjury:

     1.     I am a partner in the law firm of Paul Hastings LLP ("Paul Hastings") with offices worldwide, including 200 Park Avenue, New York, New York 10166, and am admitted to practice in the State of New York. The facts set forth in this supplemental declaration (the "Fourth Supplemental Declaration") are based upon my personal knowledge, discussions with other Paul Hastings attorneys, and the firm's client/matter records that were reviewed by me or other Paul Hastings attorneys acting under my supervision and direction.

     2.     On July 10, 2017, I submitted a declaration (the "Initial Declaration") in support of the *Application for Order Pursuant to Bankruptcy Code Section 1103(a) and Local*

---

¹ The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

*Bankruptcy Rule 2014-1(e) Authorizing the Employment and Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors, Effective as of June 26, 2017* [Docket No. 610] (the "Retention Application")[2] filed by the Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico in the above-captioned cases. On August 25, 2017, the U.S. Trustee expanded the role of that Committee to be the official committee for the HTA, ERS, and PREPA Debtors. The "Committee" refers to the official creditors' committee of all Title III Debtors (other than COFINA).

3. By order of this court entered August 10, 2017 [Docket No. 999] (the "Retention Order"), Paul Hastings' retention as counsel for the Committee was approved effective as of June 26, 2017. The Retention Order provided that "[t]he retention of Paul Hastings, as counsel to the Committee, shall be deemed to apply to the representation of the Committee if ever enlarged to include unsecured creditors of other debtors, without the need to obtain a modification of this Order." Accordingly, Paul Hastings' retention extends to the representation of the Committee as the official committee for the HTA, ERS, and PREPA Debtors.

4. On September 22, 2017, I submitted the *First Supplemental Declaration of Luc A. Despins Regarding Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors* [Docket No. 1357] (the "First Supplemental Declaration").

5. On February 13, 2018, I submitted the *Second Supplemental Declaration of Luc A. Despins Regarding Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors* [Docket No. 2485] (the "Second Supplemental Declaration").

6. On July 27, 2018, I submitted the *Third Supplemental Declaration of Luc A. Despins Regarding Retention of Paul Hastings LLP as Counsel to Official Committee of*

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Retention Application.

2

*Unsecured Creditors* [Docket No. 3712] (the "Third Supplemental Declaration" and, together with the Initial Declaration, the First Supplemental Declaration, and the Second Supplemental Declaration, the "Prior Declarations"). I hereby incorporate by reference, in their entirety, the Prior Declarations as if fully set forth herein.

**Review and Disclosure of Additional Interested Parties**

7.  Since filing the Third Supplemental Declaration, Paul Hastings has become aware of additional Interested Parties (collectively, the "Additional Interested Parties") in the title III cases of the Commonwealth, COFINA, ERS, HTA, and PREPA (collectively, the "Title III Cases") with which Paul Hastings was able to confirm that it has, or may have, a connection. The identities of the Additional Interested Parties are set forth on **Exhibit A** hereto and include parties that have been added to the Master Service List (as of September 20, 2018) in the jointly administered Title III Cases (*i.e.*, the Commonwealth, COFINA, ERS, HTA, and PREPA) since the filing of the Third Supplemental Declaration.[3]

8.  In preparing this Fourth Supplemental Declaration, I caused to be submitted for review under Paul Hastings' conflicts check system the names of the Additional Interested Parties. The results of our conflicts check were compiled and analyzed by Paul Hastings attorneys acting under my supervision. While certain individuals and entities may be Interested Parties in more than one capacity in the Title III Cases, *e.g.*, as a creditor in one or multiple title III cases and as a party that has filed a notice of appearance, Paul Hastings' updates do not cover changes in capacity during the course of a bankruptcy case. Given the prior disclosure of Paul Hastings' relationship, if any, to such entities, such disclosure is not repeated here.

---

[3] To avoid duplication, entities that were included on Exhibit A to the Prior Declarations have not been included again on Exhibit A to this Fourth Supplemental Declaration. Exhibit A does not include the more than 13,000 individuals that were included in the Rule 2019 statements filed on behalf of certain plaintiff groups.

3

9. To the extent the conflicts check searches indicated that Paul Hastings has performed services for any Additional Interested Party within the last five years, the identity of such entity and the nature of Paul Hastings' relationship with such entity are set forth in **Exhibit B** hereto. **Exhibit B** does not include relationships that Paul Hastings has with parents or affiliates of entities that were previously disclosed in the Prior Declarations.

10. To the best of my knowledge, based on the review procedures described above, Paul Hastings does not have any "connection" to the Additional Interested Parties, except as described in the Prior Declarations or in this Fourth Supplemental Declaration. Neither the term "connection," as used in Bankruptcy Rule 2014, nor the proper scope of a professional's search for "connection" has been defined; out of an abundance of caution, therefore, I am disclosing many representations that are not, to my understanding, disqualifying or problematic under PROMESA, the Bankruptcy Code, or applicable standards of professional ethics.

11. Neither I, nor any partner, of counsel, or associate of Paul Hastings, as far as I have been able to ascertain, has any connection with any Additional Interested Party, except as set forth below or otherwise in the Prior Declarations or this Fourth Supplemental Declaration (including the Exhibits hereto):

(a) Attached hereto as **Exhibit B** and incorporated herein by reference is a list of Additional Interested Parties (or their affiliates) whom Paul Hastings represents, or has represented in the past, in matters *__unrelated__* to the matters on which the Committee has retained Paul Hastings. Although Paul Hastings has represented, currently represents, and may continue to represent certain entities and individuals listed on **Exhibit B** hereto, Paul Hastings will not represent any such entity or individual in the Title III Cases.

(b) Each of the entities identified on **Exhibit B** hereto as a "current client" accounted for less than 1.3% of Paul Hastings' revenues for the firm's fiscal year ending January 31, 2018. For the avoidance of doubt, the services performed for such entities were unrelated to the matters on which the Committee has retained Paul Hastings.

4

**New Hires**

12. Since filing the Third Supplemental Declaration, a number of individuals, including attorneys, legal interns, librarians, paralegals, and other paraprofessionals (collectively, the "New Hires") have joined (or will shortly join) Paul Hastings. Except as detailed below per their input in the hiring process, these New Hires neither (i) worked on matters related to the Debtors or to Interested Parties in the Title III Cases nor (ii) were exposed to confidential information related to the Debtors or to Interested Parties in the Title III Cases in connection with their prior positions. Out of an abundance of caution, Paul Hastings has, nonetheless, determined to impose an ethical wall on certain of these New Hires, as detailed below:

i. New Hires *Not* Exposed to Confidential Information in Prior Position and, Out of an Abundance of Caution, Subject to Ethical Wall

13. In July 2018, Shiori Nishizawa joined Paul Hastings' corporate practice as a Summer Intern in the firm's Tokyo office. During the summer of 2016, Ms. Nishizawa was a summer extern in the Tokyo office of DLA Piper LLP ("DLA Piper"). DLA Piper represents the ERS and the University of Puerto Rico (the "UPR") in the Title III Cases. Ms. Nishizawa has informed Paul Hastings that she did not work on matters related to the ERS, the UPR, or the Debtors and was not exposed to confidential information related to the ERS, the UPR, or the Debtors while she was at DLA Piper. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. Nishizawa and the firm's representation of the Committee in the Title III Cases.

14. In August 2018, Pedro Jimenez joined Paul Hastings as a partner in the firm's New York office. Before joining Paul Hastings, Mr. Jimenez was a partner in the Miami office of Jones Day. Jones Day represents the ERS bondholders in the Title III Cases, as well as certain

5

PRASA bondholders.[4] Mr. Jimenez has informed Paul Hastings that he did not work on matters related to the ERS, PRASA bondholders, or the Debtors and was not exposed to confidential information related to the ERS, PRASA bondholders, or the Debtors while he was at Jones Day. Out of an abundance of caution, Paul Hastings initially imposed an ethical wall between Mr. Jimenez and the firm's representation of the Committee in the Title III Cases. Subsequently, Mr. Jimenez was informed by Jones Day that the ERS and PRASA bondholders have consented to Mr. Jimenez's working on the Title III Cases and related Puerto Rico matters at Paul Hastings. As a result, the ethical wall is no longer in place.

15. In August 2018, Adish Parr joined Paul Hastings as an attorney in the firm's London office. From July 2015 through January 2016, Ms. Parr worked in the London office of Proskauer Rose LLP ("Proskauer"). Proskauer represents the Oversight Board in the Title III Cases. Ms. Parr has informed Paul Hastings that she did not work on matters related to the Oversight Board or the Debtors and was not exposed to confidential information related to the Oversight Board or the Debtors while she was at Proskauer. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. Parr and the firm's representation of the Committee in the Title III Cases.

16. In September 2018, Craig Gibson joined Paul Hastings as an associate in Paul Hastings' New York office. From January 2010 to March 2016, Mr. Gibson was an associate in the New York office of Milbank, Tweed, Hadley & McCloy LLP ("Milbank"). Milbank represents Ambac Assurance Corporation ("Ambac") in the Title III Cases. Mr. Gibson has informed Paul Hastings that he did not work on matters related to Ambac or the Debtors and was not exposed to confidential information related to Ambac or the Debtors while he was at

---

[4] PRASA (the Puerto Rico Aqueduct and Sewer Authority) is not a debtor in the Title III Cases.

6

Milbank. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Gibson and the firm's representation of the Committee in the Title III Cases.

17. In September 2018, Salvador Bremer joined Paul Hastings' corporate practice as a Foreign Associate in the firm's New York office. Mr. Bremer was an associate from May 2017 to August 2017 and a legal trainee from June 2013 to May 2014 in the Mexico City office of Ritch, Mueller, Heather y Nicolau, S.C. ("Ritch Mueller"). While at Ritch Mueller, Mr. Bremer worked on certain matters unrelated to the Debtors or the Title III Cases for Banco Santander (México), S.A.; Grupo Financiero Santander México; Nacional Financiera, S.N.C.; Banco Santander, S.A.; and The Bank of Nova Scotia. Mr. Bremer has informed Paul Hastings that he did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while he was at Ritch Mueller. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Bremer and the firm's representation of the Committee in the Title III Cases.

18. In September 2018, Gabriella Omorphou joined Paul Hastings' corporate practice as an associate in the firm's London office. Before joining Paul Hastings, Ms. Omorphou was a trainee solicitor in the London office of DLA Piper. Ms. Omorphou has informed Paul Hastings that she did not work on matters related to the ERS, the UPR, or the Debtors and was not exposed to confidential information related to the ERS, the UPR, or the Debtors while she was at DLA Piper. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. Omorphou and the firm's representation of the Committee in the Title III Cases.

7

19. In September 2018, Tylar Moore joined Paul Hastings as a client service specialist/analyst in the firm's Los Angeles office. From September 2012 through September 2017, Ms. Moore was an entertainment litigation executive assistant in the Los Angeles office of O'Melveny & Myers LLP ("O'Melveny"). O'Melveny represents AAFAF in the Title III Cases. Ms. Moore has informed Paul Hastings that she did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while she was at O'Melveny. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. Moore and the firm's representation of the Committee in the Title III Cases.

20. In September 2018, Irena Goldstein joined Paul Hastings as an attorney in the firm's New York office. From May 2012 to September 2016, Ms. Goldstein worked in the New York office of Proskauer. Ms. Goldstein has informed Paul Hastings that she worked on the Puerto Rico Corporation Debt Enforcement and Recovery Act of 2014 (the "Recovery Act"), which was struck down by the U.S. Supreme Court in 2015. Proskauer has consented to Ms. Goldstein's working on the Title III Cases and related Puerto Rico matters at Paul Hastings. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. Goldstein and the firm's representation of the Committee in the Title III Cases in matters pertaining to the Recovery Act. At the time of the filing of this Fourth Supplemental Declaration there were no matters opened with respect to the Recovery Act.

21. In September 2018, Adam Rose joined Paul Hastings' corporate practice as an associate in the New York office. Before joining Paul Hastings, Mr. Rose was an associate at Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss") in New York. Paul Weiss represents an ad hoc group of GO Bondholders and Aurelius Capital Master, Ltd. ("Aurelius

8

Capital") in the Title III Cases. Mr. Rose has informed Paul Hastings that he did not work on matters related to the GO Bondholders, Aurelius Capital, or the Debtors and was not exposed to confidential information related to the GO Bondholders, Aurelius Capital, or the Debtors while he was at Paul Weiss. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Rose and the firm's representation of the Committee in the Title III Cases.

22. In September 2018, Lauren Wolfe joined Paul Hastings as an attorney in firm's Washington, D.C. office. From August 2018 to September 2018, Ms. Wolfe worked as a contract attorney at Jones Day. Ms. Wolfe has informed Paul Hastings that she did not work on matters related to the ERS bondholders or the Debtors and was not exposed to confidential information related to the ERS bondholders or the Debtors while she was at Jones Day. From November 2017 to January 2018, Ms. Wolfe was a contract attorney at Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), which represents Vitol Inc. and Vitol S.A. (together, "Vitol") in the Title III Cases. Ms. Wolfe has informed Paul Hastings that she did not work on matters related to Vitol or the Debtors and was not exposed to confidential information related to Vitol or the Debtors while she was at Skadden. From July 2017 to August 2017, Ms. Wolfe was a contract attorney at Kirkland & Ellis LLP ("K&E"), which is listed as a creditor holding one of the twenty largest unsecured claims in the Commonwealth of Puerto Rico Title III Case. Ms. Wolfe has informed Paul Hastings that she did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while she was at K&E. From November 2016 to February 2017, Ms. Wolfe was a contract attorney at Morrison & Foerster LLP, which is counsel to an ad hoc group of certain holders of Government Facilities Revenue Bonds and Government Facilities Revenue Refunding

9

Bonds in the Title III Cases. Ms. Wolfe has informed Paul Hastings that she did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while she was at Morrison & Foerster. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. Wolfe and the firm's representation of the Committee in the Title III Cases.

23. In September 2018, Nneka Ukpai joined Paul Hastings' Washington, D.C. office as an associate. Before joining Paul Hastings, Ms. Ukpai was an associate at Allen & Overy LLP ("Allen & Overy") in Washington, D.C. Ms. Ukpai has informed Paul Hastings that she did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while she was at Allen & Overy. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. Ukpai and the firm's representation of the Committee in the Title III Cases.

24. In October 2018, Tienmin Chan joined Paul Hastings' corporate practice as a paralegal in the firm's Hong Kong office. Before joining Paul Hastings, Mr. Chan was an intern in the Beijing office of DLA Piper. Mr. Chan has informed Paul Hastings that he did not work on matters related to the ERS, the UPR, or the Debtors and was not exposed to confidential information related to the ERS, the UPR, or the Debtors while he was at DLA Piper. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Chan and the firm's representation of the Committee in the Title III Cases.

25. In October 2018, Taoran Wang joined Paul Hastings' corporate practice as a paralegal in the firm's Hong Kong office. From September 2016 to May 2017, Ms. Wang was

an intern in the Beijing office of DLA Piper. Ms. Wang has informed Paul Hastings that she did not work on matters related to the ERS, the UPR, or the Debtors and was not exposed to confidential information related to the ERS, the UPR, or the Debtors while she was at DLA Piper. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. Wang and the firm's representation of the Committee in the Title III Cases.

26. In October 2018, Jenna Carroll joined Paul Hastings' as an associate in the firm's New York office. From September 2014 to March 2016, Ms. Carroll was a paralegal in the New York office of JPMorgan Chase & Co. LLP ("JPMorgan"). Ms. Carroll has informed Paul Hastings that she did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while she was at JPMorgan. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. Carroll and the firm's representation of the Committee in the Title III Cases.

27. In October 2018, Claudia Vinci joined Paul Hastings as a legal intern in the firm's Milan office. From December 2017 to July 2018, Ms. Vinci was a trainee lawyer in the Milan office of DLA Piper. Ms. Vinci has informed Paul Hastings that she did not work on matters related to the ERS, the UPR, or the Debtors and was not exposed to confidential information related to the ERS, the UPR, or the Debtors while she was at DLA Piper. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. Vinci and the firm's representation of the Committee in the Title III Cases.

28. In October 2018, Juan Hernandez joined Paul Hastings as an associate in the firm's Los Angeles office. From May 2015 to July 2015, Mr. Hernandez was a summer legal

11

intern in the New York office of Wachtell, Lipton, Rosen & Katz ("Wachtell"). Wachtell represents Scotiabank De Puerto Rico in the Title III Cases. Mr. Hernandez has informed Paul Hastings that he did not work on matters related to Scotiabank De Puerto Rico or the Debtors and was not exposed to confidential information related to Scotiabank De Puerto Rico or the Debtors while he was at Wachtell. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Hernandez and the firm's representation of the Committee in the Title III Cases.

29. In October 2018, Riccardo Novaretti joined Paul Hastings as an associate in the firm's London office. From September 2017 to September 2018, Mr. Novaretti worked as a law clerk in the New York office of White & Case LLP ("White & Case"). From February 2012 to May 2016, Mr. Novaretti worked as an associate in the Milan office of White & Case. White & Case represents certain junior COFINA bondholders, Doral Financial Corporation, the UBS Family of Funds, and the Puerto Rico Family of Funds in the Title III Cases. Mr. Novaretti has informed Paul Hastings that he did not work on matters related to such parties or the Debtors and was not exposed to confidential information related to such parties or the Debtors while he was at White & Case. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Novaretti and the firm's representation of the Committee in the Title III Cases.

30. In October 2018, Andrew Clark joined Paul Hastings' corporate practice as an associate in the firm's Palo Alto office. Before joining Paul Hastings, Mr. Clark was an associate at Stradling Yocca Carlson & Rauth ("Stradling Yocca"), which serves as counsel to the Municipality of Ponce in the Title III Cases. Mr. Clark has informed Paul Hastings that he did not work on matters related to the Municipality of Ponce or the Debtors and was not exposed

12

to confidential information related to the Municipality of Ponce or the Debtors while he was at Stradling Yocca. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Clark and the firm's representation of the Committee in the Title III Cases.

31. In October 2018, Daniel Sullivan-Byrne joined Paul Hastings as a paralegal in the firm's London office. From October 2017 to October 2018, Mr. Sullivan-Byrne worked in the London office of Greenberg Traurig, LLP ("Greenberg"). Greenberg represents PREPA in the Title III cases. Mr. Sullivan-Byrne has informed Paul Hastings that he did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while at Greenberg. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Sullivan-Byrne and the firm's representation of the Committee in the Title III Cases.

32. In October 2018, Cole Malmberg joined Paul Hastings as an associate in the San Diego office. From September 2015 to October 2018, Mr. Malmberg was an associate at Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") in Redwood Shores, California. He also was a summer associate at Quinn Emanuel in 2014. Quinn Emanuel represents the COFINA Senior Bondholders' Coalition in the Title III Cases. Mr. Malmberg has informed Paul Hastings that he did not work on matters related to the COFINA Senior Bondholders' Coalition or the Debtors and was not exposed to confidential information related to the COFINA Senior Bondholders' Coalition or the Debtors while he was at Quinn Emanuel. Out of an abundance of caution, Paul Hastings will impose an ethical wall between Mr. Malmberg and the firm's representation of the Committee in the Title III Cases. In the summer of 2013, Mr. Malmberg was a legal intern at the U.S. Small Business Administration (the "SBA") in Washington, D.C.

13

Mr. Malmberg has informed Paul Hastings that he did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while he was at the SBA.

    ii.    New Hires *Not* Exposed to Confidential Information in Prior Position and *Not* Subject to Ethical Wall[5]

33. For certain of the New Hires, Paul Hastings has determined that it is not necessary to set up an ethical wall because, in all instances, these New Hires did not work on matters related to the Debtors and were not exposed to confidential information related to the Debtors. Moreover, none of these New Hires are expected to work on the Puerto Rico matter.

34. From August 27, 2018 through August 31, 2018, Akitaka Yamashiro worked as a summer intern in Paul Hastings' Tokyo office. Mr. Yamashiro was a summer associate in the Tokyo office of White & Case in August 2015 and a research assistant at White & Case from November 1, 2015 through August 31, 2016. Mr. Yamashiro has informed Paul Hastings that he did not work on matters related to the junior COFINA bondholders, Doral Financial Corporation, the UBS Family of Funds, the Puerto Rico Family of Funds, or the Debtors and was not exposed to confidential information related to such parties or the Debtors while he was at White & Case.

35. In August 2018, Yuki Oi worked as a summer intern and now works as a researcher in Paul Hastings' Tokyo office. From September 4 – 8, 2017, Ms. Oi worked as an intern in the Tokyo office of White & Case. Ms. Oi has informed Paul Hastings that she did not work on matters related to the junior COFINA bondholders, Doral Financial Corporation, the UBS Family of Funds, the Puerto Rico Family of Funds, or the Debtors and was not exposed to confidential information related to such parties or the Debtors while she was at White & Case.

---

[5] In addition to not having been exposed to confidential information in their prior positions, the New Hires listed below have not worked on the Title III Cases or related matters while at Paul Hastings and are not expected to do so.

14

From August 8, 2017 to September 1, 2017, Ms. Oi was an intern in the Tokyo office of Jones Day. Ms. Oi has informed Paul Hastings that she did not work on matters related to the ERS bondholders or the Debtors and was not exposed to confidential information related to the ERS bondholders or the Debtors while she was at Jones Day.

36. From September 3 – 7, 2018, Masashi Shimojo worked at Paul Hastings as a summer intern in the firm's Tokyo office. From March 6 – 21, 2017, Mr. Shimojo was a legal extern in the Tokyo office of Jones Day. Mr. Shimojo has informed Paul Hastings that he did not work on matters related to the ERS bondholders or the Debtors and was not exposed to confidential information related to the ERS bondholders or the Debtors while he was at Jones Day. From August 6 – 31, 2018, Mr. Shimojo was an intern at Shearman & Sterling LLP ("Shearman & Sterling"), which represents EcoEléctrica, L.P. in the Title III Cases. Mr. Shimojo has informed Paul Hastings that he did not work on matters related to EcoEléctrica or the Debtors and was not exposed to confidential information related to EcoEléctrica or the Debtors while he was at Shearman & Sterling.

37. In September 2018, Anna Cressman rejoined Paul Hastings' real estate practice as an associate in the firm's San Francisco office, having previously been a Paul Hastings associate. From February 2015 to September 2015, Ms. Cressman was an associate in the London office of Milbank. Ms. Cressman has informed Paul Hastings that she did not work on matters related to Ambac or the Debtors and was not exposed to confidential information related to Ambac or the Debtors while she was at Milbank.

38. In September 2018, Anna Pulimood joined Paul Hastings as a trainee solicitor in the firm's London office. From June 2015 to July 2015, Ms. Pulimood was a Vacation Scheme Student in the London office of Skadden. Ms. Pulimood has informed Paul Hastings that she did

15

not work on matters related to Vitol or the Debtors and was not exposed to confidential information related to Vitol or the Debtors while she was at Skadden.

39. In September 2018, Nikita Gudgeon joined Paul Hastings as a paralegal in the firm's London office. In September 2015, Mr. Gudgeon worked for two weeks in the London office of Shearman & Sterling. Mr. Gudgeon has informed Paul Hastings that he did not work on matters related to EcoElectrica or the Debtors and was not exposed to confidential information related to EcoElectrica or the Debtors while he was at Shearman & Sterling.

40. In September 2018, Sean Meng Zhang joined Paul Hastings as an associate in the Shanghai office. From September 2012 through July 2017, Mr. Zhang was an associate at Allen & Overy. Mr. Zhang has informed Paul Hastings that he did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while he was at Allen & Overy.

41. In October 2018, Aaron Scott joined Paul Hastings' London office as an associate. Before joining Paul Hastings, Mr. Scott was an associate at Allen & Overy in London. Mr. Scott has informed Paul Hastings that he did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while he was at Allen & Overy.

42. In October 2018, Matthew Bodziak joined Paul Hastings' corporate practice as an associate in the Orange County, CA office. From June 2016 to August 2016, Mr. Bodziak was a Legal Intern at the Securities and Exchange Commission (the "SEC") in Washington, D.C. From September 2014 through July 2015, Mr. Bodziak was a staff accountant in the Los Angeles office of Ernst & Young LLP. Mr. Bodziak has informed Paul Hastings that he did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential

information related to the Debtors or the Title III Cases while he was at the SEC or Ernst & Young LLP.

43. In October 2018, Katerina Syomina joined Paul Hastings' London office as an associate. From September 2011 to June 2014, and from December 2017 to April 2018, Ms. Syomina worked at Goldman Sachs International ("Goldman Sachs"), a bondholder in the Title III Cases. Ms. Syomina informed Paul Hastings that she did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while she was at Goldman Sachs.

44. In October 2018, Benedict Grima joined Paul Hastings as an associate in the firm's London office. Before joining Paul Hastings, Mr. Grima was a trainee solicitor in the London office of Sidley & Austin LLP ("Sidley"). Mr. Grima has informed Paul Hastings that, while at Sidley, he worked on certain matters unrelated to the Debtors or the Title III Cases for Canyon Partners LLC and Massachusetts Mutual Life Insurance Company. In January 2014, Mr. Grima was a Vacation Scheme Student in the London office of Jones Day. Mr. Grima has informed Paul Hastings that he did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while he was at Sidley or Jones Day.

45. In October 2018, Steven Graham King joined Paul Hastings as an associate in the firm's London office. Before joining Paul Hastings, Mr. King was an associate in the London office of Skadden. Mr. King has informed Paul Hastings that he did not work on matters related to Vitol or the Debtors and was not exposed to confidential information related to Vitol or the Debtors while he was at Skadden.

17

46. In October 2018, Nobumasa Hiroi joined Paul Hastings as an associate in the firm's Palo Alto office. Before joining Paul Hastings, Mr. Hiroi was an associate at Kramer Levin Naftalis & Frankel LLP ("Kramer Levin"), which represents the Mutual Fund Group in the Title III Cases. Mr. Hiroi has informed Paul Hastings that he did not work on matters related to the Mutual Fund Group or the Debtors and was not exposed to confidential information related to the Mutual Fund Group or the Debtors while he was at Kramer Levin.

\* \* \*

47. Based on the foregoing and the Prior Declarations, and except as provided herein and in the Prior Declarations, to the best of my knowledge, information, and belief formed after reasonable inquiry, Paul Hastings does not represent or hold any interest adverse to the Committee with respect to the matters on which the Committee has employed Paul Hastings, and Paul Hastings is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code (made applicable by PROMESA section 301(a)) in that Paul Hastings:

(a) is not a creditor, equity security holder, or insider of the Debtors;

(b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

(c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

48. Despite the efforts described above to identify and disclose Paul Hastings' connections with parties in interest in the Title III Cases, Paul Hastings is unable to state with certainty that every client representation or other connection has been disclosed. In this regard, if Paul Hastings discovers additional information that requires disclosure, Paul Hastings will file a supplemental disclosure with the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of November, 2018

                                      */s/ Luc A. Despins*
                                      Luc A. Despins