*Exhibit C*

CERTIFIED TRANSLATION
ASR-PR-146
Rev. Feb. 12



**RETIRO**
GOBIERNO DE PUERTO RICO
PO BOX 42003 • SAN JUAN, PR 00940-2203

## ASSIGNMENT AGREEMENT
## FOR PENSIONERS

In_____, Puerto Rico, on the _____ day of the month of _____, _____ .

### APPEAR

**AS PARTY OF THE FIRST PART:** _____, of legal age, owner and resident of _____, Puerto Rico, hereinafter referred to as the "Debtor"; and

**AS PARTY OF THE SECOND PART:** _____, a _____organized under the laws of the Commonwealth of Puerto Rico, represented herein by the undersigned official, who asserts he is duly authorized to represent it and is obliged to demonstrate such authority where and when necessary, hereinafter referred to as the "Creditor".

### SET FORTH

**WHEREAS,** the Creditor granted on this day, a personal loan to the Debtor, in the amount of _____ DOLLARS ($ _____), (the "Loan"), which has been evidenced by a promissory note signed by the Debtor in favor of the Creditor;

**WHEREAS,** one of the conditions imposed by the Creditor to grant the Loan was that it be guaranteed with the assignment of up to Twenty-Five Percent (25%) of the pension or benefit they receive from the Puerto Rico Government Employees and Judiciary Retirement System Administration (the "System") (the "System");

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.          1

CERTIFIED TRANSLATION

**WHEREAS,** the Debtor has agreed to grant in favor of the Creditor an assignment of up to Twenty Five Percent (25%) of the pension or benefit they receive from the System as guarantee to the Loan;

**THEREFORE,** in consideration of the facts and agreements contained herein, the parties agree as follows:

**FIRST: Assignment.**

The Debtor hereby assigns and grants to the Creditor, their successors or assignees as Collateral for the Loan, a contingent lien of $ _____ +, the amount of which does not exceed **TWENTY FIVE PERCENT (25%)** of the pension or benefit they receive from the System, (the "Product of the Annuities").

This Assignment Agreement guarantees the payment, in whole or in part, of all obligations of the Debtor with the Creditor that currently exist, or that may arise in the future, either in principal, plus interest (the "Obligations").

**SECOND: Representations and Guarantees.**

The Debtor represents and assures the following to the Creditor:

(a) That they are pensioners who receive the benefits granted by Act 447 of May 15, 1951, as amended, supplemented or in any other manner modified from time to time (the "Act") and receive a pension from the System.

(b) In accordance with Section 2-119 of the Act, the Debtor is authorized to assign up to Twenty Five Percent (25%) of the Product of the Annuities as security for the Loan.

(c) The Debtor authorizes the Creditor to request to the System and authorizes the System to disclose their personal information and information related to their current and past jobs, balance of the Annuities with the System, balance of loans with the System, loan(s) request in process with the System, Annuities available to be assigned in guarantee of the Loan, and any other information that the Creditor may request and any other information that the System believes necessary or convenient to disclose to said Creditor. The Debtor further agrees to provide any information and/ or additional documentation that the Creditor may require from time to time..

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.          2

CERTIFIED TRANSLATION

(d) That the Debtor has complied with all or any notification requirement that is needed to be done in order for this assignment to be valid and enforceable.

(e) That this Agreement creates a valid lien in favor of the Creditor in relation to the pension/benefits of the Debtor to the System. Reason why the Debtor may not withdraw any amount from the Product of the Annuities, without the prior written consent of the Creditor.

(f) That the exercise by the Creditor of any of their rights under this Agreement does not contravene any law or contractual agreement of the Debtor.

(g) That the debts owed to the System by way of personal and cultural loans and those granted or acquired by the Creditor, including this Loan, shall have priority over any other debt of the Debtor, as established in Article 4-110 of the Law.

(h) The Loan, as originated or acquired by the Creditor, up to the limit established in Section 2-119 of the Act, shall be guaranteed with priority to any other debt by the Annuities and those that are subsequently accumulated with the System, the pension, benefit or reimbursement, which exceeds the Annuities assigned by the Debtor pursuant to Articles 2-119 and 4-106 of the Act, and for the amount that in case of the Debtor's death may correspond to their heirs or to any of the designated beneficiaries they would have named, according to the provisions of Articles 4-105 to 4-108 of the Act. Said Annuities and amounts may be applied by the System to the payment of any amount owed to the Loan that the Debtor has with the Creditor at the request of the latter. The Debtor will guarantee the Loan with their retirement annuity. The priority between the debts that the Debtor has with the System or with the Creditor, shall be determined according to the date in which loans were granted.

(i) That the Debtor has complied with all the pertinent actions, if any, in order for this Agreement to be valid and enforceable.

**THIRD: Terms.**

While the Obligations with the Creditor are in force, unless the Creditor consents otherwise in writing, the Debtor agrees to:

(a) provide, at their own expense, any instrument, contract or documentation and take any action that may be necessary or advisable or that is required by the Creditor to: (i) perfect and maintain the lien created through this Agreement, (ii) allow the Creditor exercise their rights under this Agreement, or (iii) in any other way to achieve the purposes of this Agreement, including, and

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.          3

CERTIFIED TRANSLATION

without it being understood as a limitation: (A) notify the present assignment to the System or to any other governmental agency; and (B) to grant any document that is necessary or appropriate and take those actions that are necessary or that are requested by the Creditor so that the lien created here can be perfected and preserved or that allows the Creditor to exercise their rights under this Agreement.

(b) (i) The Debtor shall observe and comply with all their obligations/ responsibilities under the applicable laws, regulations or orders to participate in the programs offered by the System and shall refrain from taking actions or omissions that could lead to the suspension or cancellation of their participation in said programs. (ii) if any event occurs that could be cause for the Debtor's Annuities to be reduced, frozen, modified, taxed: (a) the Debtor shall notify the Creditor in writing as soon as they know and shall inform the nature of said event, specifying any action, if any, that they have taken or that they intend to take in this respect, (b) the Debtor shall not waive their rights or without the prior written consent of the Creditor; and (c) the Debtor, through the written instructions of the Creditor and at their own expense, shall take those actions that the Creditor indicates are necessary or advisable in relation to such situation.

(iii) The Debtor, at their own expense, shall send the Creditor a copy of any communication they receive from any person, entity, government agency, including but not limited to the System, that may affect the rights on the Product of the Annuities, along with any response sent by the Debtor.

(iv) The Debtor shall not cancel, terminate, amend, modify or waive any right, benefit or refund on the Product of the Annuities, unless they obtain the prior written consent from the Creditor.

**FOURTH: <u>Additional Provisions Related to the Collateral</u>**.

(a) If the Debtor does not comply with any provision of this Assignment Agreement or with the Loan, the Creditor, at their discretion, may execute the same or have a third party execute it, provided that any expense incurred by the Creditor in such procedures shall be paid by the Debtor. In the event that the Loan reflects arrears, the Creditor shall grant the Debtor a term of 30 calendar days by written notice sent by certified mail and shall warn them not to make late payments or if not making the arrangements required by the Creditor, the debt shall be declared due in full, and the application and seizure of the Debtor's A or the balance in their savings account, as the case may be, shall be applied against the debt. The enforcement,  seizure and payment to the Creditor, shall be made by the System within the next 60 calendar days following the Creditor's request, whose

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.          4

CERTIFIED TRANSLATION

requisition must include the Creditor's certification, that 30 calendar days elapsed from the date of notification to the Debtor without having received full payment of the overdue amounts, as established in Article 4-110 of the Act.

(b) The powers conferred by the Debtor to the Creditor in this Agreement have been conferred with the sole purpose of protecting the Creditor's interests under the Loan and do not impose an obligation to exercise them.

(c) Nothing contained in this Agreement shall be construed as a waiver from the Debtor to fulfill their obligations under the Loan.

**FIFTH: <u>Compensation and Expenses</u>**.

(a) The Debtor agrees to hold harmless the Creditor from and against any claim, expense or loss that arises or results from the provisions of this Assignment Agreement, including and without being understood as a limitation, the exercise of their rights under this Agreement, providing that the Debtor shall not be liable for any claim, loss or expense resulting solely and directly from the Creditor's gross negligence or willful misconduct.

(b) The Debtor shall reimburse the Creditor for any expense or cost, including attorneys' fees and expenses incurred by the Creditor in relation to: (i) the administration of this Assignment Agreement, (ii) exercising any right of the Creditor under this Assignment Agreement , or (iii) the Debtor's breach of the terms and conditions of this Assignment Agreement. Such costs, expenses and disbursements shall also be insured by this Agreement.

**SIXTH: <u>Notifications</u>**.

Any notification required or made under this Assignment Agreement shall be sent by mail, transmitted by fax, e-mail or personally delivered to the following addresses:

To the Creditor:      _____

_____

_____

_____

_____

To the Debtor:      _____

_____

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.          5

CERTIFIED TRANSLATION

_____

_____

_____

**SEVENTH: Absolute Guarantee**.

All the rights of the Creditor and the Assignment/Cession executed hereunder shall be absolute and unconditional, irrespective of:

(a) The invalidity or nullity of the Loan, the Promissory Note or the other Loan Documents.

(b) Any change in the time, manner or place of payment of the Loan or any of the terms thereof or any of the Obligations or any amendment or extension granted by the Creditor to the Debtor.

(c) Any change in the Collateral and in the Loan Documents.

(d) (d) Any other circumstance that could constitute a defense or the release of the Debtor in relation to the Obligations or in relation to this Agreement.

**EIGHTH: <u>Miscellaneous</u>**.

(a) This Contract shall not be deemed amended and shall be in full force and effect according to its terms, unless it is amended in writing and signed by the Debtor and the Creditor.

(b) The fact that the Creditor does not exercise any of their rights under this Agreement or under the Loan Documents shall not be deemed as having waived the same and that they cannot exercise them in the future.

(c) This Agreement shall be governed in accordance with the Laws of the Commonwealth of Puerto Rico.

(d) The cession/assignment contemplated herein is limited exclusively to the assignment of the Product of the Contributions. Any obligation of the Debtor with the System, in relation to the Product of the Contributions, is exclusive of the Debtor.

**Debtor**                                              **Creditor**

_____          _____
Name:                                                   BY: AUTHORIZED OFFICIAL

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate
translation, to the best of my abilities, of the document in Spanish which I have seen.          6

CERTIFIED TRANSLATION

AFFIDAVIT NUMBER: _____

     Subscribed to me by _____, of the personal circumstances previously expressed and by _____, of legal age, _____, banker, and resident of _____, Puerto Rico and _____, of legal age, _____, banker, and resident of _____, Puerto Rico [sic], as Authorized Officer of the **Creditor**, whom I attest to know personally or have identified through their _____, in _____, Puerto Rico, today _____, _20___.

_____
NOTARY PUBLIC

260426

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.    7

ASR-PR-145
Rev. Feb.12



GOBIERNO DE PUERTO RICO

PO BOX 42003 • SAN JUAN, PR 00940-2203

## ATTACHMENT I

NOTIFICATION OF ASSIGNMENT

**Administración de los Sistemas de Retiro
de los Empleados del Gobierno y la Judicatura
PO Box 42003
San Juan, Puerto Rico 00940-2203**

**RE:** Notification of Assignment of the Product of Annuities of _____ in the Government Employees and Judiciary Retirement System Administration.

Sirs:

You are hereby notified that under the terms and provisions of the **ASSIGNMENT AGREEMENT** between _____ (the "Debtor") and _____ (the "Creditor") on the ____ day of _____, _____ the undersigned accepts and agrees that the amounts they receive by way of Annuities from the Government Employees and Judiciary Retirement System Administration (the "System") have been assigned up to TWENTY FIVE PERCENT (25%), equivalent to $_____ in guarantee of a loan as collateral to the Creditor.

Provided, however, that the Annuities shall continue to be credited to the Debtor, until they receive written notification from the Creditor or their assignee, with instructions to the contrary. In case of receiving such notification by the Creditor or their assignee, they may accredit the payment of the Annuities according to the instructions of the Creditor or their assignee.

Cordially,

_____
Debtor's Signature
Name:_____
Date: _____

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.          8

ASR-PR-145
Rev. Nov. 11



Gobierno de Puerto Rico
ADMINISTRACIÓN DE LOS SISTEMAS DE RETIRO
DE LOS EMPLEADOS DEL GOBIERNO Y LA JUDICATURA
PO BOX 42003 • SAN JUAN, PR 00940-2203

**ATTACHMENT II**

CERTIFICATE OF ESTOPPEL AND RECOGNITION OF
NOTIFICATION OF ASSIGNMENT OF THE PRODUCT OF ANNUITIES

*Puerto Rico Government Employees and Judiciary Retirement System Administration,* hereby certifies that:

1. _____ (the "Debtor") is a *bona fide* participant in the Puerto Rico Retirement System for Government Employees and Judiciary;

2. The undersigned has been notified that the pension/benefits they receive from the Debtor have been assigned in favor of _____(the "Creditor"), as assignee under the terms and conditions of a certain Assignment Agreement granted on the _____ day of _____ , _____ between the Debtor and the Creditor.

3. That as of the date of this notification, the Debtor has contributed the amount of _____ DOLLARS ($ _____), with the System (the "Total of Annuities").

4. That in accordance with Act 447 and the Assignment Agreement, the Debtor may assign up to Twenty Five Percent (25%) of the Total of Annuities in favor of the Creditor, as collateral for a personal loan. The maximum amount that the Debtor may assign in favor of the Creditor is _____ DOLLARS ($ _____).

5. That we understand that even after this assignment, the Annuities shall continue to be accredited to the Debtor until the Creditor or their assignee notifies us otherwise in writing. In the event that the Creditor or their assignee notifies us in writing the way and manner of making the Annuities payments, the payments for these shall be made according to the instructions of the Creditor.

In _____, Puerto Rico today _____, _____.

*Puerto Rico Government Employees and Judiciary Retirement System Administration*

_____

By: _____
Title: _____

261176

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.          9

.