B 2100A (Form 2100A) (12/15)

# UNITED STATES BANKRUPTCY COURT

In re The Financial Oversight and Management Board for Puerto Rico ,

Case No. 17-bk-03283

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Carlos A. Rodríguez Herrera
Name of Transferee

Bard Shannon Limited
Name of Transferor

Name and Address where notices to transferee should be sent:
Carlos A. Rodríguez Herrera
Urb San Francisco
1704 Diamela St.
San Juan, PR 00927
Phone: (787) 405-6897
Last Four Digits of Acct #: 5006

Court Claim # (if known): 91823
Amount of Claim: $500,169
Date Claim Filed: 06/29/18

Phone: (787) 656-2455
Last Four Digits of Acct. #: 3199

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____
Transferee/Transferee's Agent

Date: October 29, 2018

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Reset    Save As...    Print

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In RE:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br>As representative of<br>THE COMMONWEALTH OF PUERTO RICO<br>Debtor | PROMESA<br>Title III<br><br>No. 17-bk-03283 |

## ADDEDUM TO PARTIAL TRANSFER OF CLAIM NOTICE

To the Honorable United States District Court Judge Laura Taylor Swain:

1. Bard Shannon Limited ("Bard") is a entitled to credit for investment in Research and Development pursuant to Section 5(c) of Act No. 73 of May 28, 2008, as amended, also known as the Puerto Rico Economic Incentives Act of 2008 ("Act 73") for eligible investments made during the taxable year 2016 in the total amount of $2,440,169.00 (the "Research and Development Tax Credits").

2. On June 29, 2018, Bard filed a Proof of Claim in Case No. 17-bk-03283 with the United States District Court of Puerto Rico, including the portion of the Research and Development Tax Credits that have not been used or sold as of such date in the total amount of $500,169.00 (the "Available Research and Development Tax Credits") as a potential claim against the Commonwealth of Puerto Rico, in connection with the procedures established under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA).

3. On August 30, 2018, Bard sold a portion of the Available Research and Development Tax Credits in the amount of $200,000.00 to Carlos A. Rodríguez Herrera, Inc. pursuant to a Transfer of Research and Development Tax Credit Agreement signed by both parties on this date.

Respectfully submitted,

00573126.1

Form 2100AB
12/15

# TRANSFER OF CLAIM OTHER THAN FOR SECURITY AND NOTICE

## Instructions

## Caption

1. Identify the Judicial District in which the bankruptcy case was filed by filling in the blanks. Example: "Eastern" [DISTRICT OF] "California."

2. "In re": Insert the name of the debtor and the case number as they appear in the Notice of Chapter Bankruptcy Case, Meeting of Creditors & Deadlines" sent to creditors at the beginning of the bankruptcy case.

3. "Name of Transferee": Insert the name of the entity that purchased or otherwise acquired the claim. This should be same entity that files the notice and that signs or whose agent signs the notice.

4. "Name and Address where notices to transferee should be sent": Insert the name and address of the entity that has acquired the claim and is filing the notice. This is the address the court and parties in interest will use when they send notices and other documents in the case. Include a telephone number and the last four digits of any account number assigned by the transferee to the debt that is the basis for the claim.

5. "Name and Address where transferee payments should be sent (if different from above)": If payments on the claim should be sent to an address different from the one to which notices will be sent, the transferee should provide the payment address in this section of the form. Include a telephone number and the last four digits of any account number assigned by the transferee to the debt that is the basis for the claim.

6. "Name of Transferor": Insert the name of the creditor that sold or otherwise relinquished the claim.

7. "Court Claim # (if known):" If the transferee filing the notice knows the claim number assigned by the court to the claim purchased or otherwise acquired by the transferee, insert that number here. The transferee may review the claims register in the case to obtain the claim number.

8. "Amount of Claim:" Insert the amount of the claim filed with the court by the transferor. The transferee may review the claims register to ascertain the amount.

9. "Date Claim Filed:" Insert the date the claim was filed with the court by the

Form 2100AB
12/15

   transferor. The transferee may review the claims register to ascertain the date.

10. "Phone:" Insert the phone number (if known) of the creditor that sold or otherwise relinquished the claim. Include the last four digits (if known) of the any account number used by the transferor to identify the debt that is the basis for the claim.

11. Signature and Date: The transferee filing the notice, if the transferee is an individual, or the transferee's agent, if the transferee is not an individual, must sign the notice under penalty of perjury. If an agent signs, the agent should type or print the agent's name and title or other authority, in addition to signing. The individual signing the notice also should date it. Rule 5005(a)(2) permits a court by local rule to authorize the filing, signing, and verifying of documents electronically. Generally, this requirement can be satisfied for electronic filings by typing "s/(name of individual signing or verifying)." Consult the court in which the notice is to be filed for specific requirements if the document is to be signed and verified electronically.

12. The transferee should not complete or file Form 2100B. The clerk will complete the Form 2100B notice and it will be mailed by the Bankruptcy Noticing Center.

## General Information for the Clerk

Whenever a claim is transferred under terms specified in Rule 3001(e)(2), that is, other than for security and after a proof of claim has been filed, the purchaser/transferee must file evidence of the transfer. Rule 3001(e)(2) also requires the clerk "immediately" to give notice of the alleged transfer to the seller/transferor. The notice must state further that any objection must be filed within 20 days of the date the notice is mailed. Form 2100A is designed to serve as evidence of the transfer and Form 2100B is designed to serve as the notice the clerk sends to the alleged transferor of the claim.

The transferee completes Form 2100A and signs it under penalty of perjury. The court's CM/ECF computer system will assemble the information needed to prepare the Form 2100B notice from the docket entry for Form 2100A and information in the case records in the clerk's office. The notice will be mailed by the Bankruptcy Noticing Center to the alleged transferor or, if the alleged transferor has agreed to receive notices electronically, it will be transmitted electronically.

## TRANSFER OF RESEARCH AND DEVELOPMENT
## INVESTMENT TAX CREDIT AGREEMENT

Agreement entered into this as of this 30th day of August 2018, by **BARD SHANNON LIMITED**, employer identification number 66-0563199, a limited company registered in Ireland that is authorized to do business in Puerto Rico, represented herein by its Plant Manager, Juan F. Mendez López (hereinafter referred to as "Transferor" or "Seller"), and Carlos A. Rodríguez Herrera social security number 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, of legal age, married, executive and resident of San Juan, Puerto Rico (hereinafter referred to as the "Transferee" or "Buyer").

### WITNESS TO

WHEREAS, Transferor currently operates under a tax exemption grant issued under the provisions of Act No. 73 of May 28, 2008, as amended ("Act 73") in Case No. 11-73-RI-12 (the "Act 73 Grant"). Transferor formerly operated under a grant of tax exemption issued pursuant to Act. No. 135 of December 2, 1998, as amended ("Act 135") in Case No. 01-135-I-36 (the "Act 135 Grant").

WHEREAS, Transferor made special eligible investments (as such term is defined by Act No. 73) during taxable year 2016 in certain research and development activities (the "Investment").

WHEREAS, the Puerto Rico Industrial Development Company ("PRIDCO") certified that Transferor made the Investment, pursuant to Section 5(c) of Act 73 and the Puerto Rico Treasury Department ("Treasury") has registered the corresponding research and development credits (the "Research and Development Investment Tax Credits"), in the Integrated Tax Credit System (the "System") of Treasury.

WHEREAS, pursuant to Act 73 and Internal Revenue Circular Letter No. 11-01 of January 3, 2011 ("CL 11-01"), the Research and Development Investment Tax Credits shown on the System may be sold or transferred by the exempt business that generated such credit.

WHEREAS, CL 11-01 and Article 5(c)-1(e)(1) of Regulation Number 7773 of November 9, 2009 (the "Regulation No. 7773") provide that the buyer of research and development credits under Section 5(c) of Act 73 may use such credits to offset any income taxes imposed by Subtitle A of the Puerto Rico Internal Revenue Code of 2011 (the "Code") in the case of nonexempt businesses, and to offset any income taxes related to industrial development income in the case of exempt businesses (which may also use the credit against income taxes imposed by Subtitle A of the Code in accordance with CL 11-01).

WHEREAS, Transferee has agreed to acquire a certain amount of the Research and Development Investment Tax Credit from Transferor, and Transferor has agreed to transfer such Credit to Transferee, subject to the terms and conditions of this Agreement.

1

NOW THEREFORE, in consideration of the premises and the respective agreements hereinafter set forth, the parties hereto agree as follows:

1. PURCHASE AND SALE

(a) Subject to the terms and conditions set forth in this Agreement, Transferor hereby sells, assigns, transfers, conveys, and delivers to Transferee, and Transferee hereby purchases and accepts from Transferor, a Research and Development Investment Tax Credit amounting to $200,000.00 (the "Transferred Credit"), as described in Exhibit A. The Transferred Credit may be utilized by Transferee as provided by, and subject to the limitations established in, Act 73, Regulation No. 7773, CL 11-01 and any other applicable administrative guidance, including without limitation, Administrative Orders OA-2017-01, OA 2017-03 and OA 2018-10 issued by the Puerto Rico Fiscal Agency and Financial Advisory Authority, and to the extent applicable and for applicable taxable years, to Resolutions 2017-01, 2017-05, 2017-08, 2017-09, 2017-10 and 2018-01 issued by the Disbursement Authorization and Tax Concession Committee.

(b) In consideration for the transfer of the Transferred Credits, Transferee pays to Transferor in this act, the sum of $176,750.00 (equal to 88.375% of the face amount of the Transferred Credit), the receipt of which to its full satisfaction is hereby acknowledged by Transferor (the "Purchase Price").

2. DELIVERIES BY TRANSFEROR AND TRANSFEREE

(a) Concurrently with the execution and delivery of this Agreement, Transferor delivered to Transferee:

(i) a copy of a printout of the System evidencing the Research and Development Investment Tax Credits (the "System Printout");

(ii) a copy of the "Certification issued by the Puerto Rico Industrial Development Company on the Eligible Activities for the Credit for Investment in Research and Development under Section 5(c) of Act No. 73 of May 28, 2008, Bard Shannon LTD, Case No. 11-73-RI-12, Tax Year 2016" in connection with the taxable year 2015 (the "PRIDCO Certification"); and

(iii) the confirmation letter issued by the System evidencing the notice by Transferor to Treasury of the transfer by Transferor to Transferee of the Transferred Credit, as required by CL 11-01.

(b) Concurrently with the execution and delivery of this Agreement, Transferee delivered to Transferor the Purchase Price by means of a certified check.

2

3. REPRESENTATIONS AND WARRANTIES OF TRANSFEROR

Transferor represents and warrants to Transferee the following:

(a) Transferor is duly organized, validly existing and in good standing under the laws of Ireland and is duly authorized to conduct business in Puerto Rico. It has all requisite power and authority to execute, deliver, and perform under this Agreement and all other documents and instruments executed by Transferor pursuant to this Agreement and all such other documents and instruments executed and delivered by Transferor have been duly authorized by all necessary action, corporate or otherwise, on the part of Transferor.

(b) The execution, delivery, and performance of this Agreement and all other documents and instruments contemplated by this Agreement by Transferor will not conflict with, or result in the breach of, any term or provision of, or violate or constitute a material default under, any charter provision or any by-law or under any material agreement, instrument, order, law, or regulation to which Transferor is a party, or by which Transferor is in any way bound or obligated.

(c) Transferor made the Investment, in the amounts and during the taxable years disclosed in Exhibit A of this Agreement. The Transferred Credit was generated as a result of the Investment made in the amount and in the taxable year(s) disclosed in Exhibit A.

(d) PRIDCO issued the "Certification issued by the Puerto Rico Industrial Development Company on the Eligible Activities for the Credit for Investment in Research and Development under Section 5(c) of Act No. 73 of May 28, 2008, Bard Shannon LTD, Case No. 11-73-RI-12, Tax Year 2016" in connection with the taxable year 2016 dated September 12, 2017. A true and complete copy of such document has been delivered to Buyer concurrently with the execution and delivery of this Agreement.

(e) Treasury registered the Research and Development Investment Tax Credits (including the Transferred Credit) in the Integrated Tax Credit System, as disclosed in the copy of the printout of the System, which evidences the amount of Research and Development Investment Tax Credit generated for each taxable year. A true and complete copy of such printout has been delivered to Buyer concurrently with the execution of this Agreement.

(f) During the taxable year relevant to the Transferred Credit, Transferor was in compliance, in all material respects, with the terms and conditions of the Act 73 Grant.

(g) Transferor has, in all material respects, complied with, and will comply with, the provisions of Section 5(c) of Act 73, Regulation No. 7773, and CL 11-01, with respect to the Transferred Credit.

(h) Transferor is the owner of the Transferred Credit which is valid and free and clear of all liens and encumbrances and rights of third parties.

(i) the Transferred Credit has not been used, applied, sold, assigned or otherwise conveyed by the Seller.

(j) this Agreement has been duly executed and delivered by the Seller and the transfer of the Transferred Credit constitutes the legal, valid and binding obligation of the Seller enforceable in accordance with its terms subject to enforcement to applicable bankruptcy (including any procedures under the Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA)), insolvency, reorganization, moratorium or other similar laws affecting creditors' rights generally (any such laws, collectively, the "Applicable Enforcement Restriction Laws").

(k) Transferor hereby confirms the authorization granted to Angel R. Pérez and Stephanie Morales to, acting singly, personally access the System and execute any necessary actions to notify the transfer of the Transferred Credits from the Transferor to the Transferee and any other actions to formalize the transfer of such credits.

(l) Transferor timely filed a Proof of Claim No. 91823 in Case No. 17-BK-03283 with the United States District Court of Puerto Rico, including the Transferred Credit as a potential claim against the Commonwealth of Puerto Rico, in connection with the procedures established under Title III of PROMESA (hereinafter, the "Proof of Claim"). Transferor is not giving representations, warranties or covenants regarding the effects of any procedures under PROMESA on the Transferred Credit, including on its availability, and Transferee acknowledges that the Tax Credit may be subject to said procedures.

4. REPRESENTATIONS AND WARRANTIES OF TRANSFEREE

Transferee represents and warrants to Transferor the following:

(a) In the case of an corporate or any other type of entity, Transferee is duly organized, validly existing and in good standing under the laws of Puerto Rico. It has all requisite power and authority to execute, deliver and perform under this Agreement and all other documents and instruments executed by Transferee pursuant to this Agreement and all such other documents and instruments executed and delivered by Transferee have been duly authorized by all necessary action, corporate or otherwise, on the part of the Transferee.

4

(b) This Agreement and all such other documents and instruments have been executed and delivered by Transferee are legal, valid, and binding obligations of Transferee, enforceable against Transferee in accordance with their respective terms.

(c) The execution, delivery, and performance of this Agreement and all other documents and instruments contemplated by this Agreement by Transferee will not conflict with, or result in the breach of, any term or provision of, or violate or constitute a default under, any material agreement, instrument, order, law, or regulation to which Transferee is a party, or by which Transferee is in any way bound or obligated.

5. NO RECOURSE. Transferee acknowledges that it has received and reviewed the System Printout and the PRIDCO Certification related to the Transferred Credit and accepts such Credit without any recourse, indemnity or surviving representation from Transferor, with respect to the validity, availability or periods of utilization of the Transferred Credit.

6. COVENANTS.

(a) Neither Transferor nor Transferee will disclose the transactions contemplated herein or the contents or execution of this Agreement and transactions effected hereby, to any other person, except to the extent required by law.

(b) Transferee shall execute, deliver and file, or cause to be filed, any document pertaining to the transfer of a claim object to the Proof of Claim, in accordance with applicable laws or regulations. Transferor shall cooperate with Transferee with the preparation of any applicable document to notify the transfer of a claim object to the Proof of Claim.

7. NOTICES. All notices that are required or may be given pursuant to this Agreement must be in writing and delivered personally, by a recognized courier service, by a recognized overnight delivery service, or by registered or certified mail, postage prepaid, to the parties at the addresses following their signature herein (or to the attention of such other person or such other address as any party may provide to the other parties by notice in accordance with this Section 6):

If to Transferor:

>Mr. Juan F. Mendez López
>Plant Manager
>PO Box 2001
>Las Piedras, Puerto Rico 00771

If to Transferee:

5

Mr. Carlos A. Rodríguez Herrera
Urb. San Francisco
1704 Calle Diamela
San Juan, Puerto Rico 00927

Any such notice or other communication will be deemed to have been given and received (whether actually received or not) on the day it is personally delivered, delivered by courier or overnight delivery service, or if mailed, when actually received.

8. COUNTERPARTS. This Agreement may be executed in counterparts for the convenience of the parties to this Agreement, all of which together will constitute one and the same instrument.

9. ASSIGNMENT. Neither this Agreement nor any of the rights, interests, or obligations under this Agreement may be assigned by Transferor or Transferee. This Agreement is not intended to confer any rights or benefits to any person other than the parties to this Agreement.

10. ENTIRE AGREEMENT. This Agreement contains the entire understanding of the parties relating to the subject matter of this Agreement and supersede all prior written or oral and all contemporaneous oral agreements and understandings relating to the subject matter of this Agreement, and Transferee has not relied on any representation or expression from Transferor or any of its agents or representatives other than those included in this Agreement. This Agreement cannot be modified or amended except in writing signed by the party against whom enforcement is sought.

11. GOVERNING LAW. This Agreement will be governed by construed and interpreted in accordance with the laws of Puerto Rico, without giving effect to any conflicts-of-law rule or any other principle that might require the application of the laws of another jurisdiction.

12. EXPENSES. The legal fees and other expenses incurred by each party in connection with the execution and delivery of this Agreement and the transactions contemplated thereunder will be borne by the party that incurs such fees or expenses.

13. SEVERABILITY. Any provision of this Agreement that is declared invalid or unenforceable by a court of competent jurisdiction shall be ineffective to the extent of such invalidity or unenforceability without invalidating or rendering unenforceable the remaining provisions hereof.

[INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the parties to this Agreement have executed this Agreement as of the date first above written.

**TRANSFEROR:**
**BARD SHANNON LIMITED**

Name: Juan F. Mendez López
Title: Plant Manager

**TRANSFEREE:**

Carlos A. Rodríguez Herrera

Affidavit No. 1,789

Acknowledged and subscribed to before me by Juan F. Mendez López, of legal age, married and resident of Gurabo, Puerto Rico in his capacity the Plant Manager and authorized representative of Transferor, whom I have identified by means of his driver license, at _Humaca_, Puerto Rico, this 30th day of August, 2018.



Notary Public

Affidavit No. 412

Acknowledged and subscribed to before me by Carlos A. Rodríguez Herrera, of legal age, married, executive and resident of San Juan, Puerto Rico, whom I have identified by means of his driver license, at _1856792_, Puerto Rico, this 30th day of August, 2018.

Notary Public

7

## EXHIBIT A

TRANSFER OF RESEARCH AND DEVELOPMENT INVESTMENT TAX CREDIT AGREEMENT
BARD SHANNON LIMITED – TAX CREDITS BALANCE

Sale to Carlos A. Rodríguez Herrera on August 30, 2018

| YEAR | R&D INVESTMENT | R&D CREDIT GENERATED | CREDITS PREVIOUSLY USED OR SOLD | CREDIT BALANCE AVAILABLE FOR SALE | CREDIT TO BE TRANSFERRED TO TRANSFEREE |
|---|---|---|---|---|---|
| 2016 | $4,880,338.00 | $2,440,169.00 | $2,090,000.00 | $350,169.00 | $200,000.00 |

EXHIBIT A-Form 2018 Sale-Carlos A Rodriguez; 1