# EXHIBIT 1

# TITLE III STAY MODIFICATIONS AGREED TO BY THE DEBTORS FROM AUGUST 18, 2018 THROUGH OCTOBER 16, 2018

|  | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | STIPULATION DATE |
|---|---|---|---|---|---|
| 1. | *Autoridad de Carreteras y Transportación de Puerto Rico v. Finca Perseverancia, Inc. et al.,* <br><br> Puerto Rico Court of First Instance, Case No. KEF-2011-0244 (1002) <br><br> Eminent Domain Action | Sucesión Pastor Mandry Mercado | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to allow Movant to withdraw the Deposit consigned to the Prepetition Court in the Prepetition Action; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement the Deposit. | August 21, 2018 |
| 2. | *Autoridad de Carreteras y Transportación de Puerto Rico v. Finca Matilde, Inc. et al.,* <br><br> Puerto Rico Court of First Instance, Case No. KEF-2004-0377 <br><br> Eminent Domain Action | Finca Matilde, Inc. | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to allow (i) Movant to withdraw the Deposit consigned to the Prepetition Court, (ii) to allow HTA to make a one-time payment of $10,329.59 to Movant pursuant to the terms of the Prepetition Judgment (the "Principal Payment") which shall be consigned to the Prepetition Court for withdrawal by Movant (iii) to allow HTA to pay the sum of $56.55 corresponding interest owed with regards to the Principal Payment (the "Interest Payment") which shall also be consigned to the Prepetition Court for withdrawal by Movant and (iv) to allow the Prepetition Court to enter an order closing the Prepetition Action, with prejudice, once Movant has received the Deposit, the Principal Payment and the Interest Payment; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement | August 22, 2018 |

| | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | STIPULATION DATE |
|---|---|---|---|---|---|
| | | | | the Deposit, the Principal Payment or the Interest Payment. | |
| 3. | *Autoridad de Carreteras y Transportación de P.R. v. José Collazo Pérez et als.*<br><br>Puerto Rico Court of First Instance, Case No. KEF2005-0084<br><br>Eminent Domain Action | Rexach Hermanos, Inc. | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to enable the Prepetition Action to proceed to judgment before the State Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement the Deposit. | August 28, 2018 |
| 4. | *Autoridad de Carreteras y Transportación de Puerto Rico v. Lucas Pérez Valdivieso Torruella et als.*,<br><br>Puerto Rico Court of First Instance, Case No. KEF-2006-0227 (1003)<br><br>Eminent Domain Action | Lucase Pérez Valdivieso Torruella, and the Estate of Yesmin Galib Frau, composed by Yesmin Marie, Lucas P., María Teresa, and María Cristina Valdivieso Galib and Jorge Lucas Pérez Valdivieso Torruella | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to allow Movants to withdraw the Deposit consigned to the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement the Deposit. | August 31, 2018<br><br>(Approved by the Court on September 7, 2018, Case No. 17-3567-LTS, ECF No. 500) |
| 5. | *Autoridad de Carreteras y Transportación de Puerto Rico v. Tallaboa Industrial Development, Inc.*,<br><br>Puerto Rico Court of First Instance, Case No. KEF-2006-0283 (1003)<br><br>Eminent Domain Action | Tallaboa Industrial Development, Inc. | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to allow Movant to withdraw the Deposit consigned to the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement the Deposit. | August 31, 2018<br><br>(Approved by the Court on September 7, 2018, Case No. 17-3567-LTS, ECF No. 499) |

| | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | STIPULATION DATE |
|---|---|---|---|---|---|
| 6. | *Beltrán-Cintrón, Francisco Et Als. v. Depto. Familia, Et Als.*, Puerto Rico Court of First Instance, Civil No. K AC2009-0809 Employment Action (wage and hours) | Plaintiffs[1] in the case *Beltrán-Cintrón, Francisco Et Als. v. Depto. Familia, Et Als.*, Civil Number K AC2009-0809 | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow (a) the Certiorari Petition to proceed to final judgment before the PR Supreme Court; (b) the Prepetition Action to proceed to final judgment before the Prepetition Court, and (c) any appeal of such final judgment of the Prepetition Court to proceed to final judgment before the Puerto Rico Court of Appeals and the PR Supreme Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action and Certiorari Petition including but not limited to, the execution and enforcement of any judgment and any claims for money damages and provisional remedies against the Commonwealth or any other Title III Debtor. | September 7, 2018 |
| 7. | *Acevedo- Arocho, Prudencio et als. v. Depto. de Hacienda*, Puerto Rico Court of First Instance, Civil Number K AC2005-5022 Employment Action (wage and hours) | Plaintiffs[2] in the case *Acevedo-Arocho, Prudencia Et Als. v. Depto. Hacienda*, Civil Number K AC2005-5022 | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to (a) allow the Prepetition Action to proceed to judgment, partial judgment or resolution before the Prepetition Court only with respect to a pending Motion for Summary Judgment dated March 18, 2014 (the "Motion for Summary Judgment"), (b) allow any appeal of the Prepetition Court's determination with respect to the Motion for Summary Judgment to proceed to judgment before the Puerto Rico Court of Appeals, and (c) allow any certiorari petition with respect to the Motion for Summary Judgment to proceed to final judgment and/or resolution in the Puerto Rico Supreme Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and | September 7, 2018 |

---

[1] The plaintiffs includes 3,793 former or active employees of the Department of Family, 696 former or active employees of the Vocational Rehabilitation Administration and 104 former or active employees of the Program of Youth Affairs.

[2] The plaintiffs include 1,379 former or active employees of the Department of Treasury.

| | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | STIPULATION DATE |
|---|---|---|---|---|---|
| | | | | provisional remedies against the Commonwealth or any other Title III Debtor. | |
| 8. | *Giménez, Abraham-, Jorge L. y otros v. DTOP*, Puerto Rico Court of First Instance, Civil Number K AC 2013-1019 Employment Action (wage and hours) | Plaintiffs[3] in the case *Giménez, Abraham-, Jorge L. y otros v. DTOP*, Civil Number K AC 2013-1019 | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow (a) the Certiorari Petition to proceed to final judgment before the PR Supreme Court; (b) the Prepetition Action to proceed to final judgment before the Prepetition Court, and (c) any appeal of such final judgment of the Prepetition Court to proceed to final judgment before the Puerto Rico Court of Appeals and the PR Supreme Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action and Certiorari Petition including but not limited to, the execution and enforcement of any judgment and any claims for money damages and provisional remedies against the Commonwealth or any other Title III Debtor. | September 7, 2018 |
| 9. | *Cruz-Santos, Alejo y otros v. DTOP*, (CASP) Case RET 2002-06-1493 Employment Action (wage and hours) | Plaintiffs[4] in the case *Alejo Cruz-Santos, et als. v. DTOP*, (CASP) CASE RET 2002-06-1493 | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to (a) allow the Prepetition Action to proceed to final judgment and/or resolution before the Administrative Forum, and (b) allow any appeal of the Administrative Forum's decision to proceed to final judgment in the courts of the Commonwealth; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against the Commonwealth or any other Title III Debtor. | September 12, 2018 |
| 10 | *Sun and Sand Investment Corp. v. Commonwealth of PR*, | Sun and Sand Investment Corp. | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow Movant and the Commonwealth to continue settlement discussions in connection with the Prepetition Action limited to | September 13, 2018 |

---

[3] The plaintiffs are 1,046 former or active employees of the Department of Transportation and Public Works.

[4] The plaintiffs include 262 former or active employees of the Department of Transportation and Public Works ("DTOP").

| | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | STIPULATION DATE |
|---|---|---|---|---|---|
| | Puerto Rico Court of First Instance, Civil No. N2CI201600089<br><br>Regulatory Taking | | | the controversies pertaining to applicable zoning and environmental regulations relating to the development of land in Vieques, Puerto Rico; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the continuation of any proceeding before the Prepetition Court, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against the Commonwealth or any other Title III Debtor. | |
| 11 | *Lortu-TA, LTD. v. ELA*,<br><br>Puerto Rico Court of First Instance, Case No. NSCI2014-00371<br><br>Supreme Court of Puerto Rico, Case No. CC-2017-59<br><br>Regulatory Taking | LORTU-TA LTD, INC., La Cuarterola, Inc., and Juaza, Inc. | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow (a) the Certiorari Petition to proceed to final judgment before the PR Supreme Court, and (b) the Prepetition Action to proceed to final partial judgment before the Prepetition Court, both preceding clauses (a) and (b) solely with respect to the issues of whether and when a regulatory taking or a taking occurred; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action and the Certiorari Petition including but not limited to, the execution and enforcement of any judgment and any claims for money damages against the Commonwealth or any other Title III Debtor, without prejudice to Movant's right to seek further relief from the Title III Stay after the PR Supreme Court and the Prepetition Court have rendered their determinations regarding whether and when a regulatory taking or a taking occurred. | September 17, 2018 |
| 12 | *Puerto Rico Electric Power Authority v. Antonio Fuentes Gonzalez, et al.*,<br><br>Puerto Rico Court of First Instance, Case No. KEF 2012-0039, | Antonio Fuentes-Gonzalez, Maria I. Vigue-Fernandez, and the conjugal partnership | PREPA | The Title III Stay is hereby modified solely to the extent necessary to permit the Prepetition Action to proceed in the ordinary course until its conclusion, including the right of the Movants to withdraw the funds awarded thereto in the Prepetition Action. | September 18, 2018 |

| | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | STIPULATION DATE |
|---|---|---|---|---|---|
| | Eminent Domain Action | comprised by them | | | |
| 13 | *Ismael L. Purcell-Soler, Alys Collazo-Bougeois v. Puerto Rico Electric Power Authority*, Puerto Rico Court of First Instance, Case No. J DP 2012-0406, Eminent Domain Action | Ismael L. Purcell-Soler, Alys Collazo-Bougeois, and the community property comprised by them | PREPA | The Title III Stay is hereby modified solely to the extent necessary to permit the Prepetition Action to proceed in the ordinary course until its conclusion. | October 3, 2018 |
| 14 | *Finca Matilde, Inc. v. Puerto Rico Highways and Transportation Authority*, Puerto Rico Court of First Instance, Case No. JAC2015-0577, Inverse Condemnation Action | Finca Matilde, Inc. | Commonwealth and HTA | The Title III Stay is hereby modified solely to the limited extent necessary to enable the Prepetition Action to proceed to final judgment before the State Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment, for any claims for money damages and provisional remedies against the Debtors or any other Title III Debtor and any requirement for the Debtors to consign a deposit. | October 4, 2018 |
| 15 | *Acevedo Camacho, Madeline et als. v. Depto. Familia, et als.*, CASP, Case No. 2016-05-13403 | Appellants in the case *Acevedo Camacho, Madeline et als. v. Depto. Familia, et als.*,[5] | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to (a) allow any appeal of the Administrative Forum's decision with respect to the resolution dated November 23, 2016 (the "Resolution") to proceed to final judgment before the Puerto Rico Court of Appeals, and (b) allow any certiorari petition with respect to the Resolution to proceed to final judgment and/or resolution before the Puerto Rico Supreme Court; provided, however, the Title III Stay shall continue to apply in all other | October 5, 2018 |

---

[5] The appellants are 2,818 former or active employees of the Department of Family Affairs of Puerto Rico.

| | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | STIPULATION DATE |
|---|---|---|---|---|---|
| | | | | respects to the Prepetition Action including but not limited to, the execution and enforcement of any judgment and any claims for money damages and provisional remedies against the Commonwealth or any other Title III Debtor. | |

.