IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **In re:** | * | **PROMESA** |
| | * | **Title III** |
| **THE FINANCIAL OVERSIGHT AND** | * | |
| **MANAGEMENT BOARD FOR PUERTO RICO,** | * | |
| | * | |
| as representative of | * | **No. 17 BK 3283-LTS** |
| | * | |
| THE COMMONWEALTH OF PUERTO RICO, et al. | * | (Jointly Administered) |
| | * | |
| Debtors. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### URGENT STAY RELIEF MOTION ON AN EXPEDITED BASIS

**TO THE HONORABLE COURT:**

Come now jointly *Frente Unido de Policías Organizados* [United Front of Organized Police Officers] (FUPO, by its Spanish acronym) and *Concilio Nacional de Policías* [National Council of Police Officers] (CONAPOL, by its Spanish acronym), on their own behalf and on behalf of their members, through their undersigned legal counsel, and respectfully make the following allegations:

1. Both parties represented herein, *Frente Unido de Policías Organizados* and *Concilio Nacional de Policías*, both nonprofit organizations created in accordance with the laws of the government of Puerto Rico, whose members are also officers of the Puerto Rico Police Bureau, are currently waiting for a cause of action from the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court, San Juan Part, **Civil Case Number KAC 2007-4170 (508)."**

2. Under said cause of action, both organizations on behalf of their members, are making a claim against the Commonwealth of Puerto Rico, the Puerto Rico

Police Department and the Department of Justice, all instrumentalities represented before the court, for the payment of a considerable sum of money related to salaries, granted by law, that have not been paid by the Agency to the officers who have a rightful claim to these funds, since October 1st, 2004 (See Attachment I and II, respectively). Furthermore, additional funds are being claimed for damages, as well as the payment of expenses, fees and salaries, of the attorney for the government of Puerto Rico, as the supervisor in charge of the plaintiffs.

3. The complaint of reference and the amended complaint was filed on May 8, 2007 and May 24, 2007, which means it has been eleven (11) years since it was filed and has yet to be honored. However, the Government of Puerto Rico itself has acknowledged, since 2009, that the debt does exist and ratified this in a recent communication sent out by the Office of the Governor, (See Attachment III). The main reason provided by the state for not complying with the payment is insufficiency of funds in the budget.

4. It is of public knowledge that on June 30, 2016, the *Puerto Rico Oversight, Management and Economic Stability Act,* better known as PROMESA, was implemented in Puerto Rico. Under PROMESA, on May 3rd, 2017, the Oversight Board filed a bankruptcy petition for the Government of Puerto Rico with U.S. Bankruptcy Court for the District of Puerto Rico, Case Number 17-1578."

Due to this reality, better known as the PROMESA ACT, it states the applicability of sections 11 USC 362 (a) (1) and 11 USC 922 (a) (1) of the Federal Bankruptcy Code:

"*Section 362 (a) (1)-*

*(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title, or an application filed under section 5 (a) (3) of the Securities Investor Protection Act of 1970,* **operates as a stay***, applicable to all entities, of—*

***(1) the commencement or continuation,*** *including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to* ***recover a claim against the debtor that arose before the commencement of the case under this title;***

*Section 922 (a) (1)—*

*(a) A petition filed under this chapter* **operates as a stay,** *in addition to the stay provided by section 362 of this title, applicable to all entities, of---*

*(1) the commencement or continuation, including the issuance or employment of process, of a judicial,* **administrative***, or other action or proceeding against an officer or inhabitant of the debtor that seeks to enforce a claim against the debtor…"*

Pursuant to PROMESA, the definition of what constitutes the government of Puerto Rico, section 405 of said law establishes the following:

"*Government of Puerto Rico, in addition to the definition set forth in section 5 (11) of this Act, shall include—(1) the individuals, including the elected and appointed officials, directors, officers of and **employees acting in their official capacity on behalf of Government of Puerto Rico;** and (2) the Oversight Board, including directors and officers of and employees acting in their official capacity on behalf of the Oversight Board.*"

5. In keeping with the foregoing and the current laws in effect, in view of the motion filed by representatives of the Government of Puerto Rico, on June 28, 2017, Honorable Judge Ángel Pagán Ocasio, Courtroom 508 of the Superior Court of San Juan, ordered a stay of the proceedings in civil case KAC 2007-4170. (Attachment IV).

6. Proceedings in said cause of action have been stayed to this date. However, recent events that have a direct impact on the cause of action involving us require the prompt consideration and intervention of this Honorable Tribunal. We respectfully pray that this Honorable Court grant the parties relief on the following grounds.

7. On August 17th, 2017, this Honorable Tribunal issued a document titled "*Second Amended Notice: Case Management and Administrative Procedures*". Said document, in section III, part Q, established the process set by the court for an interested party to file a *Stay Relief Motion* to authorize the lifting or applicability of the automatic stay. Notwithstanding, the last paragraph of said section III, s the states the following:

"*For the avoidance of doubt, nothing in this Paragraph III. Q prejudice the rights of a party to request the consideration of any Stay Relief Motion on an expedited basis, or the rights of the Debtors or any other party in interest to contest such request for expedited consideration,*"

8. Due to said basis is that we go before this Honorable Court and we state the following.

9. In October 30th, 2018, the Financial Oversight & Management Board for Puerto Rico commonly known as the Oversight Board, issued an official communication titled "Certified Fiscal Plan Information*". (See Attachment V).* Said document contains in eight (8) main points the benefits, that according to the federal entity, the Certified Fiscal Plan recently approved by them will contain. Concerning us, said document, in its fifth point (5) states and we quote:

**"05 $122 million to pay police this year, whom are owed a total of $366 million for past promotions pursuant pay scales and whom have not been paid in the last 10 years. (General Fund Budget, p. 7)**

10. Likewise, in October 31st, 2018, the Governor of Puerto Rico, Ricardo Roselló Nevárez, issued a press release from the Governor's Office in La Fortaleza under the following title "Gobernador *Roselló Nevárez is announcing the beginning of the proceeding to pay the wages owed to the Police.". (See Attachment III)* In said official document, the Government of Puerto Rico lists several points of vital importance for our case: 1) A $122 million dollars allocation for the payment of

salary adjustments, which funds are managed by "Budget and Management Office" (OGP); 2) They acknowledge that the debt data from 2004, and that since 2009, the Government of Puerto Rico "recognized the debt in the financial statements of that year"; that since 2010 efforts were performed to find out what was owed to the officers; 3) They recognize the need to review and update the records of the personnel involved and 4) They established the intention of the Government (Department of Public Safety, Budget and Management Office, and the Puerto Rico Police Bureau) to being the payment process during the month of December of this year.

In summary, both entities involved, the Government of Puerto Rico and the Financial Oversight & Management Board for Puerto Rico, have both admitted that the payment of said debt proceeds and that the monies are available to begin paying said obligation, which claim begun, initially, with the filing of the cause of action on May 8th, 2007, under the civil lawsuit number K AC2007-4170. (See Attachment I y II, respectively).

11. Due to this reality and the intention from the Government of Puerto Rico to begin pay the monies as soon as the month of December, 2018, it is urgent and imperative that the Honorable Bankruptcy Court adopt this motion and lift the stay in Civil Case K AC2007-4170, so that the Honorable First Instance Court can issue the orders, among others, regarding the following, 1) payment to the plaintiffs, which information and preliminary calculations were worked and handed over by the Department of Justice to the parties (See Attachment V); 2) state the term, the form, and manner in which said payments will be made to the plaintiffs, and 3) state the payments of costs, expenses, and attorney fees and the form and manner in which said payments will be made.

12. As the Honorable Bankruptcy Court can notice, in this case, due to the circumstances previously mentioned, 1) the manifest intention of the Oversight Board 2) the manifest intention of the Government of Puerto Rico (represented by AAFAF) to begin with the payment of their obligations because they have the funds available, the process, thus, should be allowed to continue in the local forum and the automatic stay should be lifted, by exception, in order to guarantee that, with said funds available, the plaintiffs in this case are paid first, who in first place filed the claim and whom have been over a decade waiting for justice to be done.

13. Allowing the Government to begin a payment process, without any guarantees or initially complying with the people involved in this case, would represent a detriment to those who have been fighting for justice in order to validate their rights. Even when it is clear that all debts must be paid to the injured parties due to the grievances committed by the state, under these circumstances the plaintiffs should be the first getting paid. As the legal maxim states: "First in time is first in right."

14. Due to the aforementioned, we respectfully ask from the Honorable Bankruptcy Court, that after analyzing the grounds here presented, authorize lifting the automatic stay applied in civil case number **K AC2007-4170, Frente Unido de Policías, et als. v. Estado Libre Asociado, et als**, and that the Honorable First Instance Court is allowed, to hold an urgent hearing to rule on the pending matters in the case, in light of the events and intentions of the Government of Puerto Rico.

**WHEREFORE,** we request from this Honorable Court to take notice of the aforementioned, and GRANT the instant Motion and **order the continuation of the proceedings of the instant case**, with any other ruling that proceeds under the law.

**RESPECTUFULLY SUBMITTED**

**I HERE CERTIFY:** That the other parties in the present case have been given notice of the present motion: Lcdo. Manuel Díaz Lugo, Departamento de Justicia, PO Box 9020192, San Juan, Puerto Rico 00902-0192, madiaz@justicia.pr.gov ; Mr. Hermann Bauer, Oversight Board, Hermann.Bauer@oneillborges.com and Mr. Ubaldo M. Fernández Barrera, Ubaldo.fernandez@oneillborges.com; Mrs. Diana M. Pérez, AAFAF, dperez@omm.com and Andrés W. López, andres@awllaw.com

At San Juan, Puerto Rico, November 11th, 2018.

**S/ Edgard Lebrón**
**Attorney**
Representing FUPO
USDC NO. 231201
Mansiones de San Martín
Suite 17
San Juan, PR 00924-4586
Tel. 787-469-8786
Fax: 787-776-2343
Email: edgardlebron23@gmail.com