ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| FRENTE UNIDO DE POLICIAS ORGANIZADOS DE PUERTO RICO., INC. (FUPO), POR SÍ Y EN REPRESENTACION SUS MIEMBROS JOSÉ L. MANGUAL DIAZ, ROBERTO FERREIRA GARCIA, ROLANDO CRUZ PEREZ, WILFRED ROSARIO MILAN, A, B, C Y D, ET AL. | KAC 2007-4170 508 CIVIL NUMERO: |
| VS. | SOBRE: SENTENCIA DECLARATORIA |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO, POLICIA DE PUERTO RICO, PEDRO TOLEDO DAVILA, SUPERINTENDENTE DE LA POLICIA DE PUERTO RICO, EN SU CARÁCTER OFICIAL, FULANO DE TAL, E, F, G, H, ET AL. | DERECHOS CONSTITUCIONALES COBRO DE DINERO, DERECHOS CIVILES, LEYES ESPECIALES DAÑOS Y PERJUICIOS |

**DEMANDA**

**AL HONORABLE TRIBUNAL:**

Comparece la parte demandante, por conducto de la representación legal que suscribe, y muy respetuosamente **EXPONE, ALEGA Y SOLICITA**:

I. **JURISDICCION**

1. Esta es una acción civil al amparo de la **Regla 59** de las de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III R. 59, que dispone que el Tribunal de Primera Instancia tendrá autoridad para declarar derechos, estados y otras relaciones jurídicas aunque se inste o pueda instarse otro remedio, cuando tales derechos, estados u otras relaciones jurídicas fuesen afectados por un estatuto, ordenanza municipal, contrato o franquicia.

2. Que se invocan, en su partes atinentes, las siguientes: Constitución Federal de los Estados Unidos de América; Constitución del Estado Libre Asociado de Puerto Rico; Ley Numero 53 del 10 de junio de 1996, según enmendada, Ley de la Policía de Puerto Rico, 25 L.P.R.A § 3111 y 3112, en especifico lo relacionado a la enmienda mediante la Ley Numero 227 del 23 de agosto de 2004, Ley de Aumentos del Sistema de Rango de la Policía de Puerto Rico ; Ley Numero 12 del 8 de agosto de 1974, según enmendada, Ley de Derechos Civiles de Puerto Rico; Ley Numero 184 del 3 de agosto de 2004, Ley para la Administración de los Recursos Humanos en el Servicio Publico

del Estado Libre Asociado de Puerto Rico ; Ley Numero 170 del 12 de agosto de 1988, según enmendada, Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. § 2173; y el Código Civil de Puerto Rico, Articulo 1802 (31 L.P.R.A. sec. 5141).

## II. INTRODUCCION

1. La Exposición de Motivos de la Ley de la Policía de Puerto Rico, supra, enuncia claramente dos cosas: 1) un reconocimiento de la labor del Cuerpo de la Policía; y 2) la necesidad de crear un Nuevo estatuto habilitador que se ajustase a las necesidades y realidad de dicho Cuerpo:

   **"El Gobierno de Puerto Rico, a través del Programa Mano Dura contra el Crimen, implantado principalmente por la Policía de Puerto Rico, ha alcanzado durante los últimos tres (3) años logros significativos en la lucha contra la incidencia criminal. El Pueblo, de Puerto Rico, en agradecimiento al genuino esfuerzo demostrado por el Cuerpo de la Policía, ha premiado a éstos con el apoyo y el respeto que merecen...**

   **Nunca antes en la historia, la Policía de Puerto Rico había enfrentado retos tan grandes como durante los últimos diez años. Debido al aumento constante de año a año de la incidencia criminal, hasta hace pocos años nuestro pueblo pareció perder la esperanza...**

   **No empece a los logros antes mencionados y otros, resulta necesario una nueva ley para la Policía de Puerto Rico que se ajuste a las necesidades administrativas y operacionales presentes y futuras...**

   **A esos fines, la presente legislación persigue los propósitos de darle uniformidad a la estructura operacional de la Policía para hacer más ágil su administración y la utilización de sus recursos..."**

2. En el Articulo 12 de la Ley de la Policía de Puerto Rico se estableció claramente todo lo relacionado a composición y uniformidad del Sistema de Rango que se aplicaría a dicho Cuerpo. Conforme a ello, los miembros de dicho sistema, dentro del cuerpo policíaco, ostentarían los siguientes rangos: Cadete; Agente de la Policía; Sargento; Teniente Segundo; Teniente Primero; Capitán; Inspector; Comandante; Teniente Coronel y Coronel.

3. Por otra parte, en el Articulo 13 de la referida Ley Num. 53 de 1996, se estableció cuales serian las escalas de retribución mensual que aplicarían a cada uno de los rangos dentro de la Policía de Puerto Rico, a partir del 1ro. de julio de 1996.

4. La realidad y condiciones sociales concernientes al problema de la criminalidad en Puerto Rico que fueran reconocidas en la Ley Numero 53 del

10 de junio de 1996, se han erosionado considerablemente. No obstante ello, pragmáticamente se debe admitir que los miembros de la fuerza policial continúan ejerciendo funciones revestidas de un alto grado de responsabilidad, en aras de proseguir con su derrotero de brindar protección a la ciudadanía, a la propiedad, procurando siempre mantener el orden publico, previniendo y persiguiendo al crimen y sus autores.

5. Que el legislador reconociendo que las funciones y responsabilidades de estos funcionarios son ejecutadas cabalmente por un excelente equipo de servidores que día a día asumen con encomiable valor y gran sentido del deber los riesgos y dificultades inherentes a su profesión, en vías de hacerles justicia, enmendó, mediante la Ley Numero 227 de 2004, el Articulo 12, inciso (a) de la Ley Num. 53 de 1996, a los fines de que lea como sigue:

"Artículo 1.-Se enmienda el inciso (a) del Artículo 12 de la Ley Núm. 53 de 10 de junio de 1996, según enmendada, para que se lea como sigue:

"(a) Esta Ley se conocerá como "Ley de Aumento a los Miembros del Sistema de Rango de la Policía de Puerto Rico".
A partir del 1ro. de octubre de 2004, las escalas de retribución de los miembros de la Policía serán las siguientes.

ESCALAS DE RETRIBUCION MENSUAL PARA LOS RANGOS DE LOS MIEMBROS DE LA POLICIA DE PUERTO RICO

| Categoría | Básico | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | Max. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CADETE | 1718 | 1744 | | | | | | | | | | | 1770 |
| AGENTE | 2100 | 2132 | 2163 | 2196 | 2229 | 2262 | 2296 | 2331 | 2366 | 2401 | 2437 | 2474 | 2511 |
| SARGENTO | 2182 | 2215 | 2248 | 2282 | 2316 | 2351 | 2386 | 2422 | 2458 | 2495 | 2532 | 2570 | 2609 |
| TENIENTE SEGUNDO | 2264 | 2316 | 2369 | 2424 2480 * | 2537 | 2595 | 2655 | | | | | | 2716 |
| TENIENTE PRIMERO | 2379 | 2434 | 2490 | 2547 | 2606 | 2665 | 2727 | 2789 | | | | | 2854 |
| CAPITAN | 2590 | 2668 | 2748 | 2830 | 2915 | 3003 | 3093 | 3185 | | | | | 3281 |
| INSPECTOR | 2650 | 2730 | 2811 | 2896 | 2983 | 3072 | 3164 | 3259 | | | | | 3357 |
| COMANDANTE | 2753 | 2836 | 2921 | 3008 | 3099 | 3191 | 3287 | 3386 | | | | | 3487 |
| TENIENTE CORONEL | 2929 | 3017 | 3107 | 3201 | 3297 | 3396 | 3497 | 3602 | | | | | 3710 |
| CORONEL | 3143 | 3237 | 3334 | 3434 | 3537 | 3644 | 3753 | 3865 | | | | | 3981 |

*Nota del editor: Error en la tabla según aprobada y publicada- El segundo número 2480 duplicado en la columna 3 de Teniente Segundo debe pertenecer a la columna 4 y los siguientes salarios de esa categoría deben moverse una columna hasta completar la columna 7.

ESCALA SOBRE EL TIPO MÁXIMO
TIPOS SOBRE EL MÁXIMO

| Categoría | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CADETE | 1796 | 1851 | 1879 | | | | | | | | | | |
| AGENTE | 2548 | 2587 | 2625 | 2665 | 2705 | 2745 | 2787 | 2828 | 2871 | 2914 | 2958 | 3002 | 3047 |
| SARGENTO | 2648 | 2688 | 2728 | 2769 | 2810 | 2853 | 2895 | 2939 | 2983 | 3026 | 3073 | 3119 | 3166 |
| TENIENTE SEGUNDO | 2778 | 2842 | 2907 | 2974 | 3043 | 3113 | 3184 | 3258 | 3332 | | | | |
| TENIENTE PRIMERO | 2919 | 2986 | 3055 | 3125 | 3197 | 3271 | 3346 | 3423 | 3502 | | | | |
| CAPITAN | 3379 | 3481 | 3585 | 3693 | 3804 | 3918 | 4035 | 4156 | 4281 | | | | |
| INSPECTOR | 3458 | 3561 | 3668 | 3778 | 3892 | 4008 | 4129 | 4252 | 4380 | | | | |
| COMANDANTE | 3592 | 3700 | 3811 | 3925 | 4043 | 4164 | 4289 | 4418 | 4550 | | | | |
| TENIENTE CORONEL | 3822 | 3936 | 4054 | 4176 | 4301 | 4430 | 4563 | 4700 | 4841 | | | | |
| CORONEL | 4101 | 4224 | 4351 | 4481 | 4616 | 4754 | 4897 | 5004 | 5195 | | | | |

6. El Articulo 12, inciso ©, de la ley habilitadora de la Agencia, es tajante al establecer claramente la prohibición de crear "cualquier rango, clasificación o

clasificación especializada para los miembros de la Policía que no sean los dispuestos en esta Ley." Asimismo en el inciso (b) del mismo artículo se dispone que:

"(b) La Policía de Puerto Rico estará constituida en un sistema de organización unificada en el cual el Superintendente determina el mejor uso de los recursos humanos según se dispone en el Artículo 5, inciso (d) de esta Ley."

7. La Ley 227, supra, proveyó para un aumento a dos mil dólares ($2,100.00) mensuales el tipo básico de la escala salarial para el rango de Policía o Agente y a su vez otorgó un aumento de doscientos veinticinco dólares ($225.00) a los miembros de la Fuerza, a partir del Rango de Policía o Agente, efectivo al 1ro. de octubre de 2004. Asimismo, en dicho estatuto se proveyó para un aumento de cien dólares ($100.00), efectivo al 1ro. de octubre de 2005, en el tipo básico de la escala salarial del Policía o Agente, elevándose el mismo a dos mil doscientos dólares ($2,200.00) mensuales a partir de esa fecha. A su vez, al 1ro de octubre de 2005, todos los miembros activos del Sistema de Rango de la Policía recibirían un aumento de cien dólares ($100.00), a partir del rango de Policía o Agente.

8. Nótese de inmediato que a pesar de estar la Policía de Puerto Rico estructurada estatutariamente como un ente de un Sistema Organizacional Unificado, cimentado en un Sistema de Rango, y no empece a existir una prohibición contundente sobre "la creación de cualquier rango, clasificación o clasificación especializada para los miembros de la Policía que no sean los dispuestos" en la ley regente de la Fuerza Policial, la "nueva" legislación que concede aumentos en las escalas salariales excluyó de los mismos al Rango de Cadete, creándose con ello, un Sistema de Rango distinto al establecido por la ley orgánica, desestabilizándose el Sistema Unificado previamente establecido.

9. Que no obstante las facultades, atribuciones y deberes conferidas al señor Superintendente mediante la letra de la propia Ley Num. 53 de 1996, supra, específicamente en sus Artículos 5 y 6; no empece a las regulaciones sobre retribución salarial establecidas en la Ley Número 184 del 3 de agosto de 2004, supra, y no obstante habérsele requerido a éste la aplicación de estos

aumentos, el mismo no ha realizado esfuerzos o encaminado iniciativa alguna dirigidas a aplicar con todo vigor y plenitud lo esbozado en la Ley Num. 227 de 2004, antes supra.

## III. MARCO CONCEPTUAL DE LA PRESENTE ACCION CIVIL

1. Se invoca la Jurisdicción del Tribunal mediante el presente Recurso de Sentencia Declaratoria, dado la existencia de una controversia sobre un derecho no conferido al Rango Cadete y si concedido a los demás componentes del Sistema de Rango. Adicionalmente, se peticiona la intervención del Tribunal en cuanto a la interpretación y/o validez de la Ley Num. 227 de 2004, supra, bajo la certeza de que con ella se habrá de poner fin a la controversia, se despejara la incertidumbre, vindicándose los derechos de aquellos miembros de la Fuerza Policial que se hayan visto o puedan verse afectados.

2. Que debe quedar claro que la inobservancia y falta de implantación o aplicación de la Ley Num. 227 de 2004, supra, por parte del Superintendente de la Policía, ante una legislación de efectividad inmediata y para la cual el legislador tomo en consideración el impacto presupuestario ( se estima que la 1ro. de octubre de 2004, el impacto final del aumento seria de unos cuarenta y tres millones seiscientos noventa y cinco mil doscientos cuatro dólares ($43,695,204.00), sumado a un impacto adicional de tres millones ochocientos cincuenta y cinco mil ochocientos cuatro dólares ($3,855,804.00), producto del movimiento horizontal que reflejan las escalas) crea un inminente, palpable y real nocimiento a los efectivos de la Fuerza Policíaca del país que se ven afectados por tales acciones u omisiones.

3. Que la parte demandante acude al Tribunal en busca de protección, bajo el fundamento de que la Ley de Procedimiento Administrativo Uniforme, antes supra, mejor conocida como L.P.A.U., dispone en su Articulo 4.3 que:

" **Sec. 4.3 Revisión - Agotamiento de remedios administrativos; relevo (3 L.P.R.A. sec. 2173)**

El tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al

promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa."

También reiteradamente se ha dispuesto, tanto por ley como por jurisprudencia, que es improcedente el agotar los remedies administrativos cuando se trate de una violación de derechos civiles y exista un agravio de evidente intensidad a derechos constitucionales y estatutarios que amerite urgente reparación.

En todos aquellos casos en los cuales el ejercicio del procedimiento administrativo constituya una gestión fútil, inútil, inapropiada e inefectiva, como en el caso de marras, se debe obviar el agotamiento de remedios administrativos, previniéndose así con la intervención en tiempo del Tribunal, que se produzca y/o se prolongue la existencia y continuidad de un daño inminente, material, sustancial y real, no hipotético ni especulativo.

## IV. "STANDING" DE LA PARTE DEMANDANTE

1. El Frente Unido de Policías Organizados, Inc. (en adelante F.U.P.O.) es una Corporación Sin Fines de Lucro, creada al amparo de la Ley de Corporaciones de Puerto Rico, cuyas funciones están contenidas en su Certificado de Incorporación. Entre dichas funciones esenciales se encuentra el velar por los intereses de los socios a quienes representan en esta causa de acción (Véase Anejo I y II, páginas 14 y 15). La F.U.P.O. comparece en la presente por sí y en representación de sus miembros *bona fide,* los cuales se relacionan en el Anejo II.

2. A y B representan aquellas partes demandantes que como persona tengan o aleguen tener interés alguno que pueda verse afectado por la determinación que en su día emita el Tribunal. Todos sus nombres serán notificados oportunamente.

3. C y D representan a partes demandantes que como personas, al momento de la presentación de la presente causa de acción, se encuentren fuera la

agencia por motivo de jubilación, acción disciplinaria o cualquier otra razón, y que como persona tengan o aleguen tener interés alguno que pueda verse afectado por la determinación que en su día dicte el Tribunal. Sus nombres serán informados oportunamente.

## V. PARTES DEMANDADAS

1. El Estado Libre Asociado de Puerto Rico es la entidad jurídica que responde por las acciones u omisiones y actividades ilegales, inconstitucionales, negligentes y/o dolosas del ente político que le antecedió, así como de sus instrumentalidades, dependencias, departamentos, funcionarios y empleados públicos, como lo es el caso de la Policía de Puerto Rico, aquí demandada.

2. El señor Pedro Toledo Dávila, Superintendente de la Policía de Puerto Rico, aquí demandado en su carácter oficial, por ser quien tiene a su cargo la dirección y administración inmediata de la Agencia concernida y el Gobernador de Puerto Rico, quien es la autoridad suprema en cuanto a la dirección de la Policía de Puerto Rico.

## VI. PRACTICAS ILEGALES E INCONSTITUCIONALES EN CONTRA DE LOS DEMANDANTES

1. La parte demandada infringió e interfirió con derechos constitucionales y estatutarios dispuestos tanto en la Constitución de los Estados Unidos de América y en la Constitución del Estado Libre Asociado de Puerto Rico, así como en aquellas leyes y reglamentos previamente mencionados y/o aplicables a los hechos de este caso.

2. La parte demandada violó y continua violando los derechos de los demandantes al no cumplir con la Ley 227 de 2004, al no señalar las contraposiciones de esta con la Ley 53 de 1996, con el Sistema Organizacional Unificado y con el Sistema de Rango y al negarse a procesar los requerimientos de pago, con propósitos claramente ilegales, incumpliendo y violando, adrede, con intención, las áreas esenciales del Principio de Merito (Ley 184 de 2004, supra), así como el Sistema de Retribución allí dispuesto y reconocido.

3. En síntesis, la parte demandada viola los derechos de los aquí demandantes

al no honrarles y/o concederles los aumentos de sueldo según están dispuestos o debieron disponerse, conforme a la Ley 227 de 2004, supra, lo cual constituye un interés propietario debidamente conferido por ley.

4. Que la omisión del Legislador, al dejar fuera del estatuto a cualquier miembro del Sistema de Rango, constituye una violación a la Cláusula de Igual Protección de las Leyes, Artículo II, Sección 7 de la Constitución del Estado Libre Asociado de Puerto Rico; y constituye además una violación al derecho de los demandantes a recibir Igual Paga por Igual Trabajo, conforme establecido en el Artículo II, Sección 16 de nuestra Constitución, asunto que debe ser reivindicado judicialmente.

5. Debe puntualizarse que el hecho de que la Ley 227 de 2004, supra, comience la escala de retribución mensual para el sistema de rango policial con el rango de Policía o Agente, constituye indubitablemente una violación a la Igual Protección de las leyes, ya que se afectan ambos rangos, por que al Cadete no se le incluyo en la escala y por que al Policía o Agente se le ubica en una escala inferior, siendo esa posición la que le correspondería al Cadete, ubicándose subsiguientemente en el orden de Rango según van en aumento los niveles en la escala. Esto fáctica y lógicamente afecta derechos adquiridos.

6. Todos aquellos miembros que constituyen el Sistema de Rango de la Policía de Puerto Rico, que hayan sido o pudiesen ser objeto de retribución a partir de la puesta en vigor de la Ley 227 de 2004, supra, ya fuera por pasos por merito y/o pagos suplementarios o cualquier otro, se ven afectados a consecuencia de una ubicación incorrecta en el escalafón.

7. Que los daños de que trata la presente causa de acción son continuos y sucesivos, cuya ocurrencia surge de mes a mes. Que en vista de que son aumentos consecutivos en periodos distintos de tiempo, los daños sufridos por los demandantes son claros e inminentes, materiales y sustanciales, no hipotéticos o especulativos.

8. Que por tratarse de una exclusión en la disposición legal de un ente con derecho, por ser el Cadete el primer rango o categoría en el Sistema de

Rango, tal omisión, intencional o negligente, no puede ser suplida o subsanada por el Superintendente, por lo cual la Agencia carece de jurisdicción para entender sobre esta controversia. Interpretar el estatuto, su corrección o inconstitucionalidad, si alguna, es un ejercicio de estricta competencia judicial. Siendo así, menos aun es requerible la pericia administrativa. *E contra*, debemos precisar que el solicitar a la Legislatura la corrección del estatuto es un acto competente al Superintendente en la ejecución de lo que seria una administración eficaz. Mas sus ejecutorias distan de ello, puesto que no reflejan una actuación administrativamente correcta, compatible con lo que un Jefe de Agencia debió detectar, prever y requerir en este caso, entiéndase, solicitar presurosamente a la Legislatura la corrección de la omisión en el estatuto.

9. Que la inacción del Superintendente al no requerir a la Legislatura la corrección de la norma (Ley 227 de 2004, supra) para que la misma fuese aplicada correctamente, constituye una violación de los derechos civiles de los demandantes y un agravio continuo y de patente intensidad a sus derechos constitucionales y estatutarios, ya señalados.

10. Que para vindicar una violación sustancial de derechos constitucionales y civiles, el cauce administrativo resulta un ejercicio fútil, inútil, ineficaz y sin garantía de que se provea remedio adecuado alguno. Tratándose de una dilación irrazonable y extrema de parte del señor Superintendente, al evadir y soslayar una petición de corrección de la ley, corresponde al augusto Tribunal hacer valer los derechos de los miembros del Sistema de Rango de la Policía de Puerto Rico.

11. Que por los fundamentos que anteceden se obvió el acudir ante la Comisión Apelativa del Sistema de Recursos Humanos para el Servicio Publico del Estado Libre Asociado de Puerto Rico en busca de un remedio.

VII. **PRIMERA CAUSA DE ACCION: VIOLACIONES A LA CONSTITUCION DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS ESTATUTOS**

1. Se reproducen todas las alegaciones anteriores y todas las alegaciones relacionadas en las subsiguientes causas de acción.

2. La parte demandada violó, mediante sus acciones y/u omisiones y directrices no emitidas, la Constitución del Estado Libre Asociado de Puerto Rico; la Ley de Derechos Civiles de Puerto Rico, la Ley de la Policía de Puerto Rico, la Ley para la Administración de los Recursos Humanos en el Servicio Publico del Estado Libre Asociado de Puerto Rico, la Ley de Procedimiento Administrativo Uniforme, la Ley de Aumento al Sistema de Rango de la Policía y el Reglamento de Personal de la Policía de Puerto Rico.

3. Que por existir en este caso violaciones de orden constitucional, tales actuaciones constituyen una degradación de la dignidad del ser humano y del trabajador de carrera que prominentemente tiene a su cargo la responsabilidad de la seguridad del Pueblo de Puerto Rico.

4. Que las actuaciones de la parte demandada constituyen inequívocamente una violación a la cláusula sobre la Igual Protección de las Leyes y un discrimen, claro, impermisible e incompatible, con los postulados esenciales de la igualdad humana (Véase la Constitución del Estado Libre Asociado de Puerto Rico, Articulo II, Secciones 1 & 7).

5. Que las actuaciones de la parte demandada menoscaban derechos adquiridos de interés propietario del trabajo de los demandantes, de sus derechos fundamentales a la vida, a la libertad, a la propiedad y al debido proceso de ley, derechos garantizados por la Constitución del Estado Libre Asociado de Puerto Rico, Artículo II, Sección 7.

6. Que las actuaciones de la parte demandada privan a los demandantes de su derecho fundamental al trabajo, negándoles la oportunidad de obtener un empleo mediando justa paga, negándoles ascensos, promoviendo descensos y entorpeciendo su cabal desarrollo e integración efectiva en el mercado de empleo (Véase la Constitución del Estado Libre Asociado de Puerto Rico, Articulo II, Secciones 7 & 19).

7. Que las actuaciones de la parte demandados privan a los demandantes de un sistema democrático de vida fundamental en la comunidad puertorriqueña de su derecho a disfrutar de un nivel de vida adecuado, que asegure para sí y para los suyos la salud, el bienestar, la alimentación, el vestido, la vivienda,

la asistencia medica y los servicios sociales necesarios; de su derecho a protección social en la enfermedad, la vejez o la incapacidad física y de su derecho a la libertad integral (Véase la Constitución del Estado Libre Asociado de Puerto Rico, Preámbulo, Articulo I Sección I, Articulo II, Secciones 19 & 20).

## VIII. SEGUNDA CAUSA DE ACCION: ARTICULO 1802 DEL CODIGO CIVIL DE PUERTO RICO

1. Se reproducen todas las alegaciones anteriores, se hacen formar parte de y expresamente se incorporan a esta causa de acción y así también se hacen formar parte de y se incorporan todas las alegaciones relacionadas contenidas en las subsiguientes causas de acción.

2. En el Preámbulo de la Constitución del Estado Libre Asociado de Puerto Rico se consigna el propósito colectivo de organizar una sociedad "sobre una base plenamente democrática, promover el bienestar general y asegurar para nosotros y para nuestra posteridad el goce cabal de los derechos humanos..."

3. Dispone el Articulo 1802 del Código Civil de Puerto Rico que "el que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, esta obligado a reparar el daño causado. La imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización." (31 L.P.R.A. 5141)

4. La parte demandada mediante sus agentes, funcionarios y empleados incumplió, crasa y manifiestamente, los deberes categóricos de observar, respetar, garantizar y proteger los derechos humanos, constitucionales y civiles de todos los demandantes, impuestos en las disposiciones legales precitadas en la presente causa de acción. Ello al no llevar a cabo el descargo efectivo de sus funciones en relación a los aumentos provistos por ley y en relación a la optima administración del Sistema de Retribución aplicable a la Policía de Puerto Rico.

5. La omisión del Superintendente de la Policía de Puerto Rico, al no corregir el error, conforme dispuesto en la Ley 227 de 2004, es conocida por la parte

demandada y forma parte de un patrón sistemático de negar derechos retributivos a los miembros de la Fuerza Policíaca, sobre todo cuando tales actos son de carácter desmoralizante y afectan las ejecutorias del día a día de cada uno de estos empleados, así como su productividad y rendimiento.

6. Los daños sufridos por los aquí demandantes son el resultado natural, probable y lógico de los actos negligentes y culposos de la parte demandada; tales daños surgen como una consecuencia razonable y ordinaria de la practica ilegal de los demandados y la violación de derechos descritos en la demanda.

7. Se impugna a su vez la constitucionalidad de cualesquiera leyes del Estado Libre Asociado de Puerto Rico que establezcan requisitos de notificación, cuantía e inmunidad de los funcionarios aquí demandados.

## IX. DAÑOS

1. Se reproducen todas las alegaciones anteriores, se hacen formar parte de y expresamente se incorporan a los siguientes daños y perjuicios:

   a. Perdida de ingresos por concepto de salarios no otorgados al quedar fuera de la escala o al quedar a un nivel distinto e inferior al correspondiente.

   b. La perdida antes descrita adicionalmente representa un decrecimiento sustancial en el progreso económico y social que lesiona el margen de por ciento de cuantía en la Pensión de Jubilación.

   c. Se reclama cualquier retribución por concepto de pasos por mérito, pagos suplementarios y otros beneficios marginales relacionados y cuantificados oportunamente.

   d. Asimismo se reclama el daño moral resurgente y continuo por una suma estimada de **CINCO MILLONES DE DOLARES ($5,000,000.00)**.

## X. RECLAMACION DE GASTOS, COSTAS Y HONORARIOS DE ABOGADO

1. La reclamación de gastos, costas y honorarios de abogado serán aquellos fijados por el Honorable Tribunal, conforme a la reglamentación aplicable para estos casos.

XI. **SUPLICA**

**POR TODO LO CUAL,** se solicita de este Honorable Tribunal declare **HA LUGAR** la presente causa de acción y en consecuencia ordene la inclusión del Rango de Cadete dentro de los aumentos legislados por la Ley 227 de 2004, con derecho al pleno disfrute de los mismos; que se hagan los ajustes correspondientes a los distintos niveles de la Escala de Retribución Mensual para el Sistema de Rango de los Miembros de la Policía de Puerto Rico y que una vez efectuados, se proceda con los ajustes de salario correspondientes a los demandantes. Además se solicita ordene el pago de todos los haberes y/o sumas de dinero dejados de percibir por cuestión de no aplicarse a los demandantes las disposiciones de la Ley 227 del 23 de agosto de 2004. Asimismo se solicita al Honorable Tribunal que de entender que este Pleito cualifica como un pleito de clase, lo certifique como tal. En adición, se solicita ordene que, en su día, se paguen las cuantías por concepto de daños reclamados, el pago de aquellas cuantías por concepto de daños reclamados, las cuantías de todos los intereses legales sobre cualquier cantidad dictada, así como el pago de costas, gastos y honorarios de abogado, junto con la emisión de cualquier otro dictamen o pronunciamiento que el Honorable Tribunal entienda procedente en derecho.

**RESPETUOSAMENTE SOMETIDO.**

En San Juan, Puerto Rico, hoy ___8___ de ___MAYO___ de 2007.

**Lcdo. José F. Avilés Lamberty**
Colegiado Numero 8047
Mansiones de San Martín St. 17
San Juan, Puerto Rico 00924-4586
Tel.: 787-776-1358 / 406-9066





Case:17-03283-LTS Doc#:4206-1 Filed:11/09/18 Entered:11/09/18 22:19:52 Desc:
Exhibit Page 14 of 14