## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS |
| PONCE REAL ESTATE CORPORATION,<br><br>Movant,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Respondent. | **Re: ECF No. 3958**<br><br>(Jointly Administered) |

### OBJECTION TO PONCE REAL ESTATE CORPORATION'S
### MOTION REQUESTING ADMINISTRATIVE RENT PAYMENT

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), on behalf of the Commonwealth of Puerto Rico (the "Debtor"), pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017, respectfully submits this objection (the "Objection") to the *Motion for Application Requesting Administrative Rent Payment* [ECF No. 3958] (the "Motion") filed by the Ponce Real Estate Corporation (the "Movant").[2] The Debtor respectfully requests that the Court deny the Motion for the reasons set forth below.[3]

## OBJECTION

1. On September 21, 2018, Movant filed the Motion requesting that the Court order the Debtor to pay $62,190.00 in rent allegedly accrued between the petition date and September 2018 for space occupied by the State Electoral Commission. Motion ¶¶ 1, 4. The Movant's request is based on section 365(d)(3) of the Bankruptcy Code. Motion ¶¶ 7-10.

2. Bankruptcy code section 365(d)(3) provides, in pertinent part:

> The trustee shall timely perform all the *obligations* of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any **unexpired** lease of nonresidential real property, **until such lease is assumed or rejected**, notwithstanding section 503(b)(1) of this title. . . .

---

[2] The Financial Oversight and Management Board for Puerto Rico, as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized AAFAF to file this Objection on behalf of the Commonwealth.

[3] The Commonwealth has been attempting and will continue to attempt to consensually resolve the Motion. Nevertheless, the Commonwealth is filing this Objection, out of an abundance of caution and to preserve its rights and defenses as to the allegations included in the Motion, since no order has been entered granting the *Fifth Urgent Motion for Extension of Deadlines* [ECF No. 4205] requesting additional time to continue to attempt to consensually resolve the Motion. The filing of this Objection is without prejudice to any consensual resolution the Commonwealth and Movant may be able to reach in the future with regards to the Motion.

11 U.S.C. § 365(d)(3) (emphasis added). Accordingly, as all obligations of the debtor come due, such as rent payments pursuant to a lease remaining subject to assumption or rejection, the debtor shall make good on such payments. *See Omni Partners, L.P. v. Pudgie's Dev. of NY, Inc. (In re Pudgie's Dev. of NY, Inc.)*, 239 B.R. 688, 695 (S.D.N.Y. 1999).

3. Here, Movant is not entitled to immediate payment of overdue rents. First, Movant is not a party to an **unexpired** lease, as the lease at issue expired on July 31, 2018.[4] Section 365(d)(3) applies to obligations of the debtor arising under **unexpired** leases. 11 U.S.C. § 365(d)(3); *In re Imperial Bev. Group, LLC*, 457 B.R. 490, 503 (Bankr. N.D. Tex. 2011) ("Because the Lease expired on February 28, 2011 [post-petition], there was no 'unexpired lease' for Imperial to assume or reject in accordance with § 365(d)(4).").

4. Second, section 365(d)(3) applies to obligations of the debtor arising under unexpired leases that can be assumed or rejected, but expired leases, like the one at hand, can no longer be either assumed or rejected. 11 U.S.C. § 365(d)(3); *Ctys. Contracting & Constr. Co. v. Constitution Life Ins. Co.*, 855 F.2d 1054, 1067 (3d Cir. 1988) ("A contract may not be assumed under §365 if it has already expired according to its terms.") (citing 2 COLLIER ON BANKRUPTCY para. 365.04; *In re Anne Cara Oil Co.*, 32 B.R. 643 (Bankr. D. Mass. 1983)). Accordingly, at best, Movant's claim may be an administrative claim, but the Debtor may delay payment of such claims until a plan of adjustment is confirmed under PROMESA. *See* 11 U.S.C. § 2174; PROMESA § 314(b)(4) ("The court shall confirm the plan if . . . the plan provides that on the effective date of the plan each holder of a claim of a kind specified in 507(a)(2) of title 11, United States Code, will receive on account of such claim cash equal to the allowed amount of such claim[.]"). Indeed, courts

---

[4] Under Puerto Rico law, holdover tenancy does not apply to the government, as contracts with the government need to be in writing, signed, and registered at the comptroller's office. *See, e.g.*, *Vicar Builders v. ELA*, 192 D.P.R. 256 (2015).

generally postpone actual payment of administrative expense claims until confirmation of a plan. *See, e.g.*, *In re Budget Uniform, Inc.*, 71 B.R. 652, 654 (Bankr. E.D. Pa. 1987) (administrative claims "must wait for confirmation of a plan before becoming entitled to payment"); *In re Continental Airlines*, 146 B.R. 520, 531 (Bankr. Del. 1992) ("Most courts postpone actual payment [of administrative claims] until confirmation of a plan." (citations omitted)); *In re Global Home Prods., LLC*, 2006 Bankr. LEXIS 3608, at *15-16 (Bankr. D. Del. Dec. 21, 2006) (denying immediate payment of administrative claim).

5. <u>Third</u>, even if section 365(d)(3) applied, Movant has waited over a year to file its motion for payment of rent under section 365(d)(3), and now seeks immediate payment of the entirety of its overdue rent. Yet, there is a difference between a right to prompt payment (as indicated by the word "timely" in section 365(d)(3)), and a claim for accrued but unpaid rents. *See In re Pudgie's Dev. of N.Y.*, 223 B.R. 421, 427 (Bankr. S.D.N.Y. 1998). As the Court in *In re R.H. Macy & Co.,* observed: "Congress chose to use the word 'obligation' rather than the word 'claim' ... Congress certainly knew how to use the word claim, and could have used it in section 365(d)(3)." 152 B.R. 869, 873 (Bankr. S.D.N.Y. 1993). The import of this distinction is that "the debtor-tenant has an obligation to continue paying its lease obligations. But a landlord cannot wait while unpaid rent accrues in hope that his later claim for lease payments will be given superpriority over secured creditors that have specific statutory priority." *In re Pudgie's Dev. of N.Y.*, 239 B.R. at 695.

6. If requests like Movant's were granted, a party who slept on its rights to timely payment would be rewarded for doing so. Congress intended to provide greater protection to nonresidential real property landlords by requiring timely payments of lease obligations, but not to create a special category of higher priority claims for lessors. *In re Trak Auto Corp.*, 277 B.R. 655, 668 (Bankr. E.D. Va. 2002). One court explained the purpose of section 365(d)(3) as follows:

> Section 365(d)(3) advances the landlord to the head of the line for current payment of ongoing expenses in recognition of his unique, involuntary creditor status. And, as with other post-petition payments essential for the continued operation of the debtor's business, such as for supplies, utilities, employee wages and the like, these payments are not subject to recapture. But once the landlord allows his right to timely payment to lapse into an accrued liability for unpaid rents, Section 365(d)(3) becomes irrelevant. The accrued liability for rents is no more than the landlord's lapsed right. A claim comes into existence on the basis of that accrued liability, but Section 365(d)(3) does not purport to establish claim priority. The statute does not allow the landlord to permit his right to lapse into a claim for accrued amounts, and later attempt to assert the claim on a superpriority basis ahead of other administrative or superpriority creditors.

*In re Pudgie's Dev. of NY*, 223 B.R. at 427.

7. Accordingly, even if section 365(d)(3) applied, the remedy for untimely performance by the Debtors is not super-priority for the landlord, but, at best, an administrative expense with the same priority as administrative expenses under section 507(a). *See, e.g., In re Virginia Packaging Supply Co.*, 122 B.R. 491, 494–95 (Bankr. E.D. Va. 1990); *In re Pudgie's Dev., Inc.*, 239 B.R. at 695-98; *see also Yomayra Santiago Velez v. Jorge A. Perez Leon, Noreen Wiscovitch Rentas (In re Perez Leon)*, No. 12-01251 ESL, 2013 WL 5232331, at *10 (Bankr. D.P.R. Sept. 16, 2013) ("The Bankruptcy Court cannot reorder the priority scheme established for claims by Congress.") (internal citations omitted).

**WHEREFORE**, the Debtor respectfully requests the Court deny the Motion.

Dated: November 12, 2018
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Email: lmarini@mpmlawpr.com

*/s/ Carolina Velaz-Rivero*
Carolina Velaz-Rivero
USDC No. 300913
Email: cvelaz@mpmlawpr.com

**MARINI PIETRANTONI MUÑIZ LLC**
MCS Plaza, Suite 500
255 Ponce de León Ave.
San Juan, Puerto Rico 00917
Tel: (787) 705-2171
Fax: (787) 936-7494

*Attorneys for the Puerto Rico Fiscal*
*Agency and Financial Advisory Authority*