Objection Deadline:  12-11-2018, 4:00 p.m. (AST)
Hearing Date:  12-19-2018, 9:30 a.m. (AST)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors. [1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## MOTION FOR RELIEF FROM STAY

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567- LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780- LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## <u>TABLE OF CONTENTS</u>

**CERTIFICATE OF COMPLIANCE WITH MEET AND CONFER REQUIREMENT**.................... 2

**PRELIMINARY STATEMENT** ................................................................................ 2

**INTRODUCTION**.................................................................................................... 6

**ARGUMENT** ......................................................................................................... 11

i.      **The relief would result in a partial or complete resolution of the issues.** ................................... 13

ii.     **The relief will not interfere with the bankruptcy case, and involves the non-debtor defendants, not the Commonwealth**............................................................................................. 14

iii.    **The Commonwealth's creditors will not be prejudiced.** ............................................................. 19

iv.     **Considerations of judicial economy militate in favor of granting relief from the stay; the district court that presided over the litigation retained jurisdiction over all matters relating to the Settlement Agreements.**........................................................................................ 19

v.      **The balance of harms weighs against maintaining the automatic stay for the non-debtor defendants.**............................................................................................................... 20

**CONCLUSION** ...................................................................................................... 21

**NOTICE OF HEARING** ........................................................................................ 22

**CERTIFICATE AND NOTICE OF SERVICE** ...................................................... 22

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*A.H. Robins Co., Inc. v. Piccinin,* 788 F.2d 994 (4th Cir.1986) ................................................ 15

*Acevedo-Luis v. Pagan,* 478 F.3d 35 (1st Cir. 2007) .................................................... 17, 18

*Austin v. Unarco Indus., Inc.,* 705 F.2d 1 (1st Cir. 1983) ......................................................... 14

*Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla,* 217 F. Supp. 3d 508 (D.P.R. 2016) 12

*CAE Indus. Ltd. v. Aerospace Holdings Co.,* 116 B.R. 31 (S.D.N.Y. 1990) ................................. 16

*Colón-Colón v. Negrón-Fernández,* No. 14-1300 (GAG), 2018 WL 2208053 (D.P.R. May 14, 2018) .... 13

*Deocampo v. Potts,* 836 F.3d 1134 (9th Cir. 2016) ...................................................... 13, 14

*Forcine Concrete & Const. Co. v. Manning Equip. Sales & Serv.,* 426 B.R. 520 (E.D. Pa. 2010).......... 16

*Foust v. Munson Steamship Lines,* 299 U.S. 77 (1936) ........................................................ 12

*In re Curtis,* 40 B.R. 795 (Bankr. D. Utah 1984)............................................................ 12

*In re Fin. Oversight & Mgmt. Bd. for Puerto Rico,* No. 17 BK 3283-LTS, 2017 WL 7161844 (D.P.R.
 Aug. 4, 2017) ........................................................................................... 14

*In re Slabicki,* 466 B.R. 572 (B.A.P. 1st Cir. 2012).......................................................... 15

*In re Sonnax Indus., Inc.,* 907 F.2d 1280 (2d Cir. 1990) .................................................... 12

*Kentucky v. Graham,* 473 U.S. 159 (1985) .................................................................. 13

*Maddalone v. Solano Cty.,* No. CIV S07-1828MCEEFBP, 2009 WL 29750 (E.D. Cal. Jan. 5, 2009)...... 15

*Ortiz–Feliciano v. Toledo–Davila,* 175 F.3d 37 (1st Cir.1999) ................................................ 17

*Queenie, Ltd. v. Nygard Int'l,* 321 F.3d 282 (2d Cir.2003).................................................... 14

*Schneiderman v. Bogdanovich (In re Bogdanovich),* 292 F.3d 104 (2d Cir. 2002)............................. 12

*Smith-Downs v. City of Stockton,* No. 2:10-CV-02495-MCE, 2012 WL 3202265 (E.D. Cal. Aug. 3, 2012)
 ....................................................................................................... 15, 18

*V.W. ex rel. Barber v. City of Vallejo,* No. CIV. S-12-1629, 2013 WL 3992403 (E.D. Cal. Aug. 2, 2013)
 ......................................................................................................... 14

*Wilson v. City of Vallejo,* No. 2:12-CV-00547-JAM, 2013 WL 4780742 (E.D. Cal. Sept. 5, 2013) ........ 14

**Statutes**

11 U.S.C. § 922(a) ....................................................................................... 18

11 U.S.C. 362(d) ......................................................................................... 12

Cal. Gov't Code § 825(a) ................................................................................. 16

Cal. Gov't Code § 995 ................................................................................... 16

P.R. Laws Ann. tit. 32, § 3085........................................................................ 16, 18

P.R. Laws Ann. tit. 32, § 3087........................................................................ 16, 18

P.R. Laws Ann. tit. 32, § 3088........................................................................ 16, 18

P.R. Laws Ann. tit. 32, §§ 3085–3092.................................................................... 2

**Other Authorities**

H.R. Rep. 95-595 (1978)................................................................................. 18

**Regulations**

Regulation No. 8405, *Regulation Regarding Legal Representation and Payment of Judgments*............... 17

Objection Deadline:      12-11-2018, 4:00 p.m. (AST)
Hearing Date:            12-19-2018, 9:30 a.m. (AST)

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE LAURA TAYLOR SWAIN:**

NOW COME one hundred and nine (109) plaintiffs [2] that comprise *Rivera-Carrasquillo, et.al. v. Eduardo Bhatia-Gautier, et.al.*, Civil Case No. 13-1296 (PG), and consolidated cases; [3] and eighty-two (82) plaintiffs [4] that comprise *Torres-Torres, et.al. v. Perelló-Borrás, et.al.*, Civil

---

[2] The plaintiffs ("Movants") in *Rivera-Carrasquillo, et.al. v. Eduardo Bhatia-Gautier, et.al.*, Civil No. 13-1296 (PG), and consolidated cases are: Elizaida Rivera-Carrasquillo; Sonja Marcano-Rios; Jonel Gonzalez-Compre; Gil Ortiz-Perez; Manuel Velez-Santiago; Kathia Soto-Cepeda; Hector Medina-Gonzalez; Jose D. Garcia-Quinones; Lucila Rivera-Santana; Rolando Arroyo-Melendez; Josefina Cardona-De-Jesus; Glaris Kuilan-Marrero; Jenny Velez-Cintron; Glenda Ortega-Montañez; John Rangel-Falu; Jorge Melendez-Rivera; Noemi Muniz-Feliciano, as Estate Member of Elvin Joel Caban-Muñiz; Lixmarie Gonzalez-Hernandez; Marillie Gonzalez-Hernandez; Maria Camacho-Velez; Dirce Figueroa-Robles; Edwin Luciano-Echeandia; Francisco Pabon-Febus; Jose Perez-Otero; Rosa Robles-Lopez; William Rodriguez-Colon; Jorge Rodriguez-Morales; Cielo Roman-Ayala; William Rosales-Concepcion; Mariangela Rosario-Ortiz; Edward Santana-Leon; Idelia Torres-Cadiz; Jose Torres-Torres; Frances Abella-Padilla; Alexander Alvarez-Rivera; Ania Barreto-Reymundi; Blanca Cintron-Baez; Sydney Delgado-Garcia; Juan L. Fuentes-Marquez; Keysla Gonzalez-Dominguez; Julio M. Gonzalez-Garcia; Carmen Gonzalez-Rodriguez; Iris Hernandez-Ortiz; David Hernandez-Rodriguez; Margie Huertas-Gomez; Miguel D. Irizarry-Torres; Jose Maldonado-Torres; Mayna Y. Melendez-Berrios; Ivette Melendez-Quinones; Obdulio Morales-Colon; Nilsa Morales-Morales; Angel A. Morales-Vadi; Maria De Los A. Nater-Arvelo; Hector Perez-Alicea; Margarita Reyes-Ferrer; Nancy L. Rivas-Simmons; Nydia Rodriguez-Figueroa; Noel Rodriguez-Hernandez; Victor Roman-Rivera; Miguel Sanchez-Flores; Olga L. Verdejo-Boria; Jose I. Jimenez; Carlos A. Torres-Pagan; Jose A. Rivera-Negron; Luis F. Ortiz-Parrilla; Edgardo Castellano-Rodriguez; Wilfredo Colon-Marti; Eric S. Rondon-Rodriguez; Jose G. Torres-Raices; Efrain Carrasquillo-Rios; Carmen Hernandez-Soto; Brenda Y. Otero-Molina; Jessica Santiago-Bermudez; Luis Benitez-De Los Santos; Jacqueline Pagan-Nieves; Carlos Pacheco-Irizarry; Yanairalee Navarro-Vazquez; Aureliz Cabrera; Obrien Reyes-Lopez; Emerilia Santiago-Chico; Victor L. Castro-Figueroa; Sheyla Gonzalez-Irizarry; Juan J. Matias-Matias; Antonio J. Taboada-Collazo; Maritza Ramos-Sepulveda; Yara M. Torres-Marin; Griselle Encarnacion-Garcia; Edward Burgos-Torres; Emilio O. Martinez-Alamo; Luis G. Saunders-Torres; Edwin J. Reyes-Marrero; Irma Rodriguez-Diaz; Victor Rodriguez-Torres; Carlos F. Miro-Fuertes; Maria Mejias-De-La-Torre; Nancy Monserrate-Encarnacion; Nahir Arrocho-Schmidt; Ricardo Casellas-Morales; Miguel A. Colon-Martinez; Carlos X. Cotto-Roman; Fernando Cuevas-Lugo; Yamilka Garcia-Matos; Emmy Hernandez-Rivera; Gretchen Medina-Fuentes; Adrian Melendez-Zeno; Lourdes Del P. Morales-Morales; Marie C. Peralta-Ramirez; Jennifer A. Quiñones-Velez; and Evelyn Vazquez-Perez.

[3] These are: *García-Matos, et.al. v. Bhatia-Gautier, et.al.*, Civil No. 13-1384 (PG), *Rodríguez-Colón, et.al. v. Bhatia-Gautier, et.al.*, Civil No. 13-1812 (PG), *Náter-Arvelo, et.al. v. Bhatia-Gautier, et.al.*, Civil No. 13-1860 (PG), and *Jiménez, et.al. v. Bhatia-Gautier, et.al.*, Civil No. 13-1896 (PG)

[4] The plaintiffs ("Movants") in *Torres-Torres, et.al. v. Perelló-Borrás, et.al.*, Civil No. 13-1560 (PG), and consolidated cases are: Janice Torres-Torres, Eduardo Betancourt-Otero, Migdalia Silva-Acevedo, Marjorie Ocasio-Santiago, Jamilette Ramírez-Sánchez, Freddy Ramos-Soto, Naisha Cintrón-Santiago, José Rohena-Sosa, Kevin González-Álvarez, Ángel Maldonado-Alicea, José Oyola-Márquez, Carlos De Jesús-Arzola, Luis Rivera-Rivera, Gladys Alberti-Torres, Lizbet Robles-Rodríguez, Juan Santiago-González, Nangely De Jesús-Morales, Asnel Fernández-Martínez, Wai Lo Lok-Santiago, Carlos J. Malavé-Mayol, Luis Maldonado-Cotto, Nancy Morales-Rivera, Miguel A. Hernández-Montanez, Aura B. Rivera-Medina, José A. Rivera-Ocasio, Wilfredo Soto-Arce, Vilmarie Texidor-Sánchez, Juana E. Sepúlveda-Valentín, Luz Maldonado-Martínez, José Arroyo-Ortiz, Iván Torres-Sánchez, and Carlos Cruz-Díaz, Karla Medina-Vilariño, Julio Feliz-Pons, Jorge López-Santiago, Haydee Resto-Colón, Victoria Ramírez-Concepción, Ninochka Márquez-Rosa, Nivea J. Ortiz-Cabrera, Alba N. Soto-Rojas, Sonia Chavez-Herrera, María De Los A. Rivera-Díaz, Pedro L. López-Reyes, Gricel Méndez-Santos, Sandra Toro-

Case No. 13-1560 (PG), and consolidated cases [5] (collectively, the "Movants") through the undersigned attorneys, who respectfully state and pray as follows:

## CERTIFICATE OF COMPLIANCE WITH MEET AND CONFER REQUIREMENT

Pursuant to Section III Q. of the operative Case Management Procedures, the undersigned counsel hereby certify that on October 17, 2018, they served a "Stay Relief Notice" to counsel for the Financial Oversight and Management Board for Puerto Rico ("FOMB") and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"). On November 6, 2018 the undersigned were notified that the Commonwealth of Puerto Rico (the "Commonwealth") and AAFAF objected Movants' proposed relief from the automatic stay. Since no agreement was reached, Movants had no choice but to submit the instant motion for the Court's consideration.

## PRELIMINARY STATEMENT

Movants respectfully request that the automatic stay be lifted as to certain non-debtors, whom the Commonwealth promised to indemnify pursuant to the Puerto Rico indemnification statute, P.R. Laws Ann. tit. 32, §§ 3085–3092; 32 L.P.R.A. §§ 3085–3092 ("Law 9"), in order for Movants to enforce these non-debtors' personal, settlement liability arising from two (2) settlement agreements executed between Movants and the non-debtors.

. . .

---

Martínez, Evelyn Rodríguez-Marrero, Angel Lafuente-Amaro, Solbee Malavé-Vargas, Jorge Pérez-Borroto, Margarita Arroyo-Molina, Nilsa Pagán-Serrano, Enid Ruiz-Rodríguez, Marielis Rodríguez-León, Gabriel Sánchez-Ríos, Jonathan De Santiago-Moreno, Carlos Fernández-Flores, Leadette González-Colón, Heriberto Figueroa-Santana, Florentín Tirado-Carlo, Christian Morales-León, Luz Pérez-Betancourt, Yesenia María Suárez, Isabel De La Cruz-Sánchez, Angel Acabá-Vázquez, Miguel Santiago-Calderón, Thelma Delgado-Pedrogo, Nydia Tosas-Cordero, Eleonor Rodríguez-Avilés, Edwin Torres-Cruz, Joel Seijo-Rivera, William Torrellas-Díaz, Roberto Valentín-Santiago, Yamaira Ortiz-Perea, Omayra Garay-García, Enid Pillot-Martínez, Laura Rivera-Rullán, Alex Rivera-Portela, Emmanuel Fontanilla-Espinal. Miguel González-Rolón, Omar Santiago-Rodríguez, Claimy Ramírez-Díaz; and Emitza Cotto - Escalera

[5] These are: *Medina-Vilariño, et.al. . v. Perelló-Borrás, et.al.*, Civil No. 13-1820 (PG); *Robles-Rodríguez, et.al. v. Perelló-Borrás, et.al.*, Civil No. 13-1862 (PG); *Malavé-Vargas, et.al. v. Perelló-Borrás, et.al.*, Civil No. 13-1895 (PG); and *Maldonado-Martínez, et.al. v. Perelló-Borrás, et.al.*, Civil No. 15-2738 (PG)

2

The Movants are former employees of the Senate of Puerto Rico (the "Senate"), the Office of the Superintendent of the Capitol Building (the "OSC"), and the House of Representatives (the "House"), who filed civil complaints in the U.S. District Court for the District of Puerto Rico, alleging that their First Amendment rights were violated by the defendants (the "non-debtor defendants") when they terminated Movants' employment because of their political affiliations and beliefs.

After years of vigorously contested litigation proceedings, U.S. District Court Judge Juan Pérez-Giménez denied the non-debtor defendants' motions for summary judgment because there was enough trial-worthy evidence for a jury to find that the non-debtor defendants discriminated against Movants in violation of their First Amendment rights. Shortly afterwards, the Movants and the non-debtor defendants agreed to settle their claims, and executed two (2) settlement agreements (the "Settlement Agreements") before the filing of the Commonwealth's Title III petition under the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA").

The Settlement Agreements were executed between the non-debtor defendants and the Movants, and both Settlement Agreements provide that it is the "Defendants" (i.e. the "non-debtor defendants") who shall pay the Settlement Amounts, an obligation that the Commonwealth promised to assume pursuant to Law 9. The Commonwealth's promise to indemnify the non-debtor defendants pursuant to Law 9 did not erase non-debtor defendants' personal settlement liability.

Enforcement of the Settlement Agreements is necessary because Movants received only partial payment of the total Settlement Amounts, and are still owed significant portions of principal, interest for delay in payment, and/or court-imposed sanctions. Accordingly, Movants

3

request herein that the automatic stay, which should only apply to the "Debtor" (i.e. the Commonwealth), be lifted only as to the non-debtor defendants. Movants seek to enforce the non-debtor defendants' personal settlement liability, and collect, either completely or partially, what is owed to Movants from the personal assets of the non-debtor defendants, not from the Commonwealth's bankruptcy estate.[6]

There is "cause" to grant the requested relief.

*First*, there is no pending litigation in the other district court proceedings. All claims were dismissed with prejudice, and the only matter left to resolve is enforcing the non-debtors' personal settlement liability.

*Second*, granting the requested relief would not interfere with the above-captioned Title III proceedings. The Commonwealth's bankruptcy estate will not be affected at all, since Movants only want to initiate collection efforts only against the non-debtor defendants' personal assets. Moreover, no "unusual circumstances" exist to continue extending the automatic stay under PROMESA to the non-debtor defendants, notwithstanding the fact that the Commonwealth had agreed in the Settlement Agreements to indemnify them under Law 9. One reason is that there is no "identity of interests" between the non-debtor defendants and the Commonwealth, since Law 9 does not require indemnification to the non-debtor defendants. Indemnification under Law 9 is discretionary, subject to review, and may be revoked at any time for a variety of reasons. The other reason is that granting the requested relief will not trigger a claim for indemnification by the non-debtor defendants against the Commonwealth. And even if it does, it will be subject to the automatic stay.

---

[6] Movants do so without waiving their right to proceed with the claims process under Title III, pursuant to their proofs of claim that have already been filed.

4

*Third*, considerations of judicial economy militate in Movants' favor. The Commonwealth has already borne the costs of litigation, and the only matter pending, collecting what is owed to Movants, may be resolved more efficiently in the court that presided over the litigation, was involved in the settlement negotiations, approved the Settlement Agreements, and retained jurisdiction for enforcement purposes and "all matters relating" to the Settlement Agreements.

*Fourth*, the Commonwealth's creditors would not be prejudiced whatsoever if the court grants the relief requested by Movants. As reiterated throughout this motion, only the non-debtors defendants' personal assets, not the Commonwealth's assets, would be used to satisfy, either completely or partially, the amount owed to Movants by the non-debtor defendants pursuant to the Settlement Agreements.

*Fifth*, considerations of fairness, and the balance of harms favors lifting the stay as to the non-debtor defendants. The Movants agreed to settle their claims after three (3) years of hard-fought litigation in the hope that they would be compensated after being intentionally discriminated against at the hands of the non-debtor defendants - all because of Movants' political beliefs and affiliations. Given the fact that no harm would result to the Commonwealth's bankruptcy estate, and no discernable interference would ensue with the Commonwealth's efforts to adjust its debts, it would be unjust to have Movants wait until the Commonwealth's plan for adjustment in order to enforce the non-debtor defendants' personal settlement liability. For these and other reasons more fully explained below, the stay should be lifted solely as to the non-debtor defendants.

## INTRODUCTION

1.      The Movants are one hundred and nine (109) former employees of the Senate of Puerto
Rico, and eighty-two (82) employees of the OSC and the House, who brought civil rights claims
under 42 U.S.C. § 1983 in ten (10) separate complaints for damages, and for declaratory and
injunctive relief, alleging political discrimination and retaliation in violation of the First
Amendment to the U.S. Constitution, as well as other Puerto Rico constitutional provisions and
statutes. The Movants sued several public officials (i.e. the "non-debtor defendants") both in
their individual and official capacities. At the time, the non-debtor defendants held various
positions in the Senate, OSC and the House. [7]

2.      In a nutshell, the Movants alleged in the operative complaints that soon after the change
in political administration of the Senate, OSC and the House, when the New Progressive Party
administration switched to the Popular Democratic Party as a result of the General Elections of
2012, the non-debtor defendants intentionally terminated and/or refused to rehire Movants
because of their affiliation with the New Progressive Party. Movants further alleged that the non-
debtor defendants replaced them with individuals loyal to the administration of the Popular
Democratic Party.

---

[7] The non-debtor defendants of the Senate cases are: (1) the former President of the Senate of Puerto Rico, Eduardo
Bhatia-Gautier; (2) the former Director of Human Resources of the Senate, Denisse M. Rivera-González; (3) the
former Secretary of the Senate, Tania Barbarrosa-Ortiz; (4) the former Sergeant at Arms  of the Senate, Luis Ramos-
Rivera; (5) the former Secretary of Administration of the Senate, José Hernández-Arbelo; (6) the former Director of
Auxiliary Services of the Senate, Juan Vázquez-López  and (7) the former Administrator of the Office of the
President of the Senate, Maritza Alejandro-Chevres.

The non-debtor defendants of the OSC and the House cases are (1) former President of the House of Representatives
of Puerto Rico, Jaime Perelló-Borrás; the (2) former President of the Senate of Puerto Rico, Eduardo Bhatia-Gautier,
the (3) former Superintendent of the Office of the Superintendent of the Capitol Building, Javier Vázquez-Collazo;
the (4) former Deputy Superintendent in Charge of Operations of the Office of the Superintendent, Rosendo Vela-
Birriel; the (5) Deputy Superintendent in Charge of Administration of the Office of the Superintendent, Álvaro
Vázquez-Ramos; and the (6) former Human Resources Director of the Office of the Superintendent, Miguel Arana-
Colón.

a. **The Settlement Agreement in *Rivera-Carrasquillo, et.al. v. Eduardo Bhatia-Gautier, et.al.*, Civil No. 13-1296 (PG), and consolidated cases.**

3.      On January 15, 2016, the district court issued an Opinion and Order denying non-debtor defendants' motion for summary judgment in *García-Matos, et.al. v. Bhatia-Gautier, et.al.*, Civil No. 13-1384 (PG). In a nutshell, the district court found that the Movants that comprised the *García-Matos* case had satisfied their *prima facie* burden by showing that: (1) the parties were of opposing political affiliations, (2) the non-debtor defendants knew Movants' political affiliations, (3) the non-debtor defendants terminated Movants' employment, (4) and that Movants' political affiliation was a substantial or motivating factor in their termination. See, Dkt. 53 in Civil Case No. 13-1384 (PG), p. 9-11. The district court also denied non-debtor defendants' claim for qualified immunity. Id., p. 12. With trial looming, the non-debtor defendants agreed to settle their claims with the Movants.

4.      On May 25, 2016, the non-debtor defendants and Movants executed a Settlement Agreement. See, Dkt. 197 in Civil Case No. 13-1296. The Settlement Agreement provides*, inter alia*, that the non-debtor defendants will pay Movants a set amount in total monetary compensation [8] (the "Settlement Amount") in full settlement of all claims brought by the Movants in all five (5) of the Senate cases. Id., ¶ 2, p. 2-3.

5.      The Settlement Amount was to be paid in three (3) installments. Id., ¶ 5, p. 4. The third and last installment was supposed be paid by no later than March 31, 2017. Ibid. The parties further agreed a penalty for delay in payment in the form of interest calculated from the date the installment in arrears is due until full satisfaction. Id., ¶ 2(e), p. 3-4.

---

[8] Movants are not disclosing the total Settlement Amount, the amounts of each installment, rate of interest or amount in court-imposed sanctions due to the confidentiality provisions in the Settlement Agreements. Should the Court order Movants to disclose any or all of these amounts, they shall be disclosed under seal, or as directed by the Court.

6.      All the non-debtor defendants were beneficiaries of Law 9 during the litigation phase, and also for purposes of the Settlement Agreement. Specifically, the Settlement Agreement provides that it is the non-debtor defendants who shall pay the Settlement Amount, an obligation that the Commonwealth promised to assume through Law 9. Id., ¶ 4, p. 4. ("[The non-debtor defendants] are beneficiaries of [P.R. Laws Ann. tit. 32, §§ 3085–3092] . . ., and the Settlement Amount will be paid by the Commonwealth of Puerto Rico in full settlement of all claims . . . alleged in the federal complaint[s]. . . and any other action related directly or indirectly to these cases.") The Agreement does not state that the Commonwealth is the sole source of payment; it expressly provides that it is "the Defendants" who "shall pay the Settlement Amount…" (See, Id., ¶ 5, p. 4-5), and that the Court retains jurisdiction to enforce the terms, and "all matters related to" it until final payment is made (Id., ¶ 15, p. 7).

7.      Movants were paid the first and second installment of the Settlement Amount.

8.      However, the third installment was not paid by the March 31, 2017 deadline. Movants received two partial payments of the third installment of Settlement Amount after the FOMB had filed the Title III PROMESA petition on behalf of the Commonwealth. Additionally, the non-debtor defendants failed to pay Movants court-imposed sanctions, and accrued interest for delay in payment.

9.      On January 9, 2018, the non-debtor defendants invoked the automatic stay under PROMESA. See, Dkt. 372 in in Civil Case No. 13-1296.

10.     The Movants in *Rivera-Carrasquillo, et.al. v. Eduardo Bhatia-Gautier, et.al.*, Civil No. 13-1296 (PG), and consolidated cases are owed principal, interest and an amount in court-imposed sanctions. See, Dkts. 341, 354, 364 and 371 in Civil Case No. 13-1296.

8

   b.  **The Settlement Agreement in *Torres-Torres, et.al. v. Perelló-Borrás, et. al.*, Civil No. 13-1560 (PG), and consolidated cases.**

11.     On August 31, 2016, the district court issued an Opinion and Order denying non-debtor defendants' motion for summary judgment in *Torres-Torres, et.al. v. Perelló-Borrás, et.al.*, Civil No. 13-1560 (PG)  and *Robles-Rodríguez, et.al. v. Perelló-Borrás, et.al.*, Civil No. 13-1862 (PG). See, Dkt. 167, in Case No. 13-1560 (PG). The district court found that the Movants who comprised these two cases had successfully established *prima facie* claims of political discrimination under the First Amendment to the U.S. Constitution. Id., p. 16.  The district court also denied the non-debtor defendants' qualified immunity defense. Id., p. 19.

12.     On October 4, 2016, the parties executed a Settlement Agreement. See, Dkt. 180, in Civil Case No. 13-1560. The Settlement Agreement provides*, inter alia*, that the defendants would pay the plaintiffs a set amount in total monetary compensation (the "Settlement Amount"). Id., ¶ 2(a), p. 2-3. The Settlement Amount was to be paid in two (2) installments. The first installment was to be paid by no later than December 30, 2016. Id., ¶, 6, p. 5. The second installment was due during the fiscal year 2017-2018. Ibid.

13.     The Settlement Agreement provides that it is the "Defendants" (i.e. the "non-debtor defendants") who shall pay the Settlement Amount, an obligation that the Commonwealth promised to assume pursuant to Law 9. Id., ¶ 6, p. 5; ¶ 5, p. 5 ("Defendants are beneficiaries of [P.R. Laws Ann. tit. 32, §§ 3085–3092] . . . and the Settlement Amount will be paid by the Commonwealth of Puerto Rico in full settlement of all claims . . . alleged in the federal complaint[s]. . . and any other action related directly or indirectly to these cases.") The Agreement does not state that the Commonwealth is the sole source of payment; it expressly provides that it is "the

9

Defendants" who "shall pay the Settlement Amount…" (See, Id., ¶ 6, p. 5), and that the
Court retains jurisdiction to enforce the terms, and "all matters related to" it until final
payment is made (Id., ¶ 13, p. 7).

14.     The Settlement Agreement further requires that "[p]rior to effectuating payment .
. .the Plaintiffs shall submit to the Defendants, through their counsel, the official
certifications . . . regarding debts with the Puerto Rico Treasury Department, the Child
Support Administration, and the Center for Municipal Revenues for each of the Plaintiffs
[.]" Id., ¶ 6(e), p. 6.

15.     Movants were paid the first installment of the Settlement Amount.

16.     In accordance with the Settlement Agreement, the Movants submitted the
required certifications during the month of August 2017 for the issuance of the second
installment. The Commonwealth was then supposed to "process the payment within a
reasonable time thereafter." Id., ¶ 6(a)(ii), p. 5.

17.     After four (4) months had elapsed, the plaintiffs moved for an order requiring the
payment of the second installment of the Settlement Amount. The district court granted
plaintiffs' request, and set a January 26, 2018 compliance deadline. On January 25, 2018,
the Department of Justice of Puerto Rico raised the automatic stay under Title III of
PROMESA. See, Dkt. 221 of Civil Case No. 13-1560 (PG).

18.     The Movants in *Torres-Torres, et.al. v. Perelló-Borrás, et.al.*, Civil No. 13-1560
(PG) and consolidated cases are owed the second installment of the Settlement Amount.

     c.  **Movants attempt to enforce the Settlement Agreements against the non-debtor defendants in the district court.**

19.     After several unfruitful enforcement efforts, the Movants requested that the district court issue an order allowing them to collect the amount owed directly from the non-debtor defendants. See, Dkt. 398 in Civil Case No. 13-1296, and Dkt. 239, in Civil Case No. 13-1560.

20.     The Court denied Movants' request, and issued the following orders:

> "The stay may be lifted should the judge presiding over the bankruptcy proceeding grant relief from the stay or upon the conclusion of the bankruptcy proceedings, whichever first shall occur."

> See, Dkt. 407, in Civil Case No. 13-1296; Dkt. 248 in Civil Case No. 13-1560.

21.     The Movants then timely appealed the district court's order. On October 10, 2018, Appellate Judge William J. Kayatta, Jr. of the First Circuit Court of Appeals issued an order stating the following:

> "The orders on appeal in Nos. 18-1743 and 18-1744 confirmed in essence that the continued enforcement of the settlement agreement between the parties is automatically stayed in light of the Commonwealth of Puerto Rico's PROMESA Title III case, and that "[t]he stay may be lifted should the judge presiding over the bankruptcy proceeding grant relief from the stay or upon the conclusion of the bankruptcy proceedings, whichever first shall occur." Appeal Nos. 18-1743, 18-1744, and 18-1073 shall be held in abeyance pending further stay-related proceedings in the Title III case. This court takes no view at present concerning any of the issues presented by these appeals. The parties shall file status reports with this court every 90 days from the date of this order."

22.     On October 17, 2018, Movants served a "Stay Relief Notice" to counsel for the FOMB and AAFAF. On November 6, 2018 the undersigned were notified that the Commonwealth objected Movants' request to lift the automatic stay as to the non-debtor defendants.

## ARGUMENT

23.     Section 362(d)(1) of the Bankruptcy Code, made applicable in the instant Title III proceedings pursuant to § 301 of PROMESA permits this Court to "grant relief from the stay . . .

for cause[.]" See, 11 U.S.C. 362(d). To determine if "cause" exists, courts within this circuit

examine twelve (12) factors, the so-called "*Sonnax*" factors, listed by the United States Court of

Appeals for the Second Circuit in *In re Sonnax Indus., Inc.*, 907 F.2d 1280 (2d Cir. 1990); See

also, *Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla*, 217 F. Supp. 3d 508,

518 (D.P.R. 2016) (listing the factors). The twelve (12) *Sonnax* factors are:

> "(1) whether relief would result in a partial or complete resolution of the issues;
> (2) lack of any connection with or interference with the bankruptcy case; (3)
> whether the other proceeding involves the debtor as a fiduciary; (4) whether a
> specialized tribunal with the necessary expertise has been established to hear the
> cause of action; (5) whether the debtor's insurer has assumed full responsibility
> for defending it; (6) whether the action primarily involves third parties; (7)
> whether litigation in another forum would prejudice the interests of other
> creditors; (8) whether the judgment claim arising from the other action is subject
> to equitable subordination; (9) whether movant's success in the other proceeding
> would result in a judicial lien avoidable by the debtor; (10) the interests of judicial
> economy and the expeditious and economical resolution of litigation; (11)
> whether the parties are ready for trial in the other proceeding; and (12) impact of
> the stay on the parties and the balance of harms."

> See, *In re Sonnax Indus., Inc.*, 907 F.2d at 1286 (citing, *In re Curtis*, 40 B.R.
> 795, 799-800 (Bankr. D. Utah 1984).

24.     "Not every one of these factors will be relevant in every case." *Schneiderman v.

Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 110 (2d Cir. 2002). "The bankruptcy court

exercises the power to modify or vacate the stay 'according to the particular circumstances of the

case and is to be guided by considerations that under the law make for the ascertainment of what

is just to the claimants, the debtor and the estate.'" *In re Curtis*, 40 B.R. 795, 799 (Bankr. D.

Utah 1984) (quoting, *Foust v. Munson Steamship Lines,* 299 U.S. 77, 83 (1936)).

25.    Seven (7) of the twelve (12) *Sonnax* factors are relevant here. [9] Namely, factors 1, 2, 4, 6, 7, 10, and 12.  A consideration of such factors militates in favor of granting relief from the automatic stay under PROMESA.

i.    **The relief would result in a partial or complete resolution of the issues.**

26.    *First*, granting the relief requested would certainly help resolve, either completely or partially, the only pending matter left in the proceedings before U.S. District Court Judge Juan Pérez-Giménez: for Movants to collect what is owed to them in principal, interest accrued, and monetary sanctions pursuant to the Settlement Agreements.  It should be stressed that the non-debtor defendants are directly, and personally liable for the amounts owed to the Movants, notwithstanding the Commonwealth's promise to indemnify the non-debtor defendants. Put differently, the Commonwealth's promise to indemnify the non-debtor defendants pursuant to Law 9 did not erase non-debtor defendants' personal settlement liability. See, *Colón-Colón v. Negrón-Fernández*, No. 14-1300 (GAG), 2018 WL 2208053 at \*3 (D.P.R. May 14, 2018). [10]

---

[9] The other five (5) factors are inapplicable. Factors 3, and 5 do not apply because the Commonwealth (the Debtor in the Title III proceedings) is not acting as a fiduciary in the district court proceedings, and there is no insurer involved. Factors 8, 9 and 11 are also inapplicable since the Movants are not lenders, nor are they insiders or acted in a fiduciary capacity. Moreover, no judicial lien would be created should this court grant relief requested, and there is no upcoming trial – the cases were settled, all claims were dismissed with prejudice, and the only matter pending is collecting the amounts owed from the non-debtor defendants.

[10] It is settled that "an award of damages against an official in his personal capacity can be executed only against the official's personal assets." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) That same principle applies to the non-debtor defendants pursuant to their personal, settlement liability, notwithstanding the Commonwealth's promise to indemnify them under Law 9.  Moreover, Chief Judge Gelpí's decision in *Colón-Colón* is consistent with the notion that indemnification statutes do not transmogrify the personal liability of individual capacity defendants into a liability of the bankrupt city or municipality (here, the Commonwealth), because these statutes create a "purely intramural arrangement between a state and its officers, because if a plaintiff prevails on the merits, the court will not be ordering the state to do anything; it will only be ordering the official to pay damages. If the state official desires indemnification under the state statute, he must bring suit in a state court." See, *Deocampo v. Potts*, 836 F.3d 1134, 1142-43 (9th Cir. 2016). That same principle should apply under PROMESA.

Also, the non-debtor defendants' personal liability should not be discharged by the Commonwealth's plan for readjustment. In the Chapter 9 context, a discharge of the bankrupt city's debts does not erase the personal liability of a city official arising from a monetary judgment against him or her, notwithstanding indemnification by the city-debtor. *See, e.g. Wilson v. City of Vallejo*, No. 2:12-CV-00547-JAM, 2013 WL 4780742, at \*3 (E.D. Cal. Sept. 5,

13

ii.      **The relief will not interfere with the bankruptcy case, and involves the non-
debtor defendants, not the Commonwealth.**

27.      *Second*, allowing the instant motion will not interfere with the Title III case, nor will it

prejudice the Commonwealth or its other creditors. There is no ongoing litigation; the

Commonwealth has already borne the cost of the litigation, and all claims were dismissed with

prejudice.  The Movants request that the stay be lifted to pursue collection actions solely against

the personal assets of the non-debtor defendants, not the Commonwealth's assets.

28.      The fact that the Commonwealth granted Law 9 benefits for the payment of the

Settlement should not serve as a bar to lift the automatic stay as to the non-debtor defendants.

Although section 362 of the Bankruptcy Code stays a wide range of acts by third parties against

the debtor or debtor's property, its "provisions . . . apply only to the bankrupt debtor."  See,

*Austin v. Unarco Indus., Inc*., 705 F.2d 1, 4 (1st Cir. 1983); See also, *In re Fin. Oversight &*

*Mgmt. Bd. for Puerto Rico*, No. 17 BK 3283-LTS, 2017 WL 7161844, at *1 (D.P.R. Aug. 4,

2017) ("The automatic stay is inapplicable as to non-debtor defendants."); <u>c.f.</u> *Queenie, Ltd. v.*

*Nygard Int'l*, 321 F.3d 282, 287 (2d Cir.2003) ("The automatic stay can apply to non-debtors, but

normally does so only when a claim against the non-debtor will have an immediate adverse

---

2013) ("The City's discharge of its liabilities did not result in discharge of the individual officers' liabilities as
well."; *V.W. ex rel. Barber v. City of Vallejo*, No. CIV. S-12-1629, 2013 WL 3992403, at *7 (E.D. Cal. Aug. 2,
2013) ("It is undisputed that the claim against defendant, in his individual capacity, arose on June 10, 2013. The
City's bankruptcy result in the discharge of all of *its* debts. Because of this, plaintiff's resulting claims against the
City, as well as its resulting claims against defendant in his official capacity, were discharged. Nothing in the law,
the City's discharge or the bankruptcy court's confirmation order indicates that defendant's individual debts are also
discharged. The court concludes that plaintiff's claim against defendant in his individual capacity was therefore not
discharged in the City's bankruptcy."). *See also, Deocampo*, 836 F.3d at 1143 ("California's indemnification statutes
do not render a judgment or concomitant fee award against an indemnifiable municipal employee a liability of the
municipal employer for purposes of adjusting or discharging the debts of a Chapter 9 debtor. The Judgment is the
Officers' personal liability, not Vallejo's.") The Ninth Circuit Court of Appeals in *Deocampo* also made note of the
fact that the plaintiffs' precautionary proof of claim filing in the City of Vallejo's Chapter 9 bankruptcy proceedings
"was unnecessary and without legal effect, because his lawsuit was against the Officers in their personal—not
official—capacities, and any judgment against them would be a determination of their liability, not Vallejo's." <u>Id</u>., at
1139.

14

economic consequence for the debtor's estate."); *In re Slabicki*, 466 B.R. 572, 580 (B.A.P. 1st

Cir. 2012) ("The automatic stay generally does not bar acts against non-debtors.");

29.     The automatic stay under § 362(a) of the Bankruptcy Code may be extended to non-

debtors only upon a showing of "unusual circumstances." Id. (citing, *Patton v. Bearden*, 8 F.3d

343, 349 (6th Cir. 1993)). "Such circumstances arise when: '(i) the non[-]debtor and debtor

enjoy such an identity of interests that the suit of the non-debtor is essentially a suit against the

debtor; or (ii) the third-party action will have an adverse impact on the debtor's ability to

accomplish reorganization.'" Id., (citing, *In re R & G Fin. Corp.,* 441 B.R. 401, 409

(Bankr.D.P.R.2010) (quoting, *In re Philadelphia Newspapers, LLC,* 407 B.R. 606, 616

(E.D.Pa.2009)).

5.     Here, there are no "unusual circumstances," because the Commonwealth is not required

to indemnify the non-debtor defendants, and there is no risk of a claim for indemnification

against the Commonwealth. In any event, a claim for indemnification would be stayed under

PROMESA.

6.     Courts have held that an identity of interest may exist between a bankruptcy debtor and a

non-debtor when the latter is entitled to absolute indemnity from the debtor. See, *Maddalone v.

Solano Cty*., No. CIV S07-1828MCEEFBP, 2009 WL 29750, at *2 (E.D. Cal. Jan. 5, 2009)

(citing, *In re Family Health Servs., Inc.*, 105 B.R. 937, 942 (Bankr. C.D. Cal. 1989); *A.H. Robins

Co., Inc. v. Piccinin,* 788 F.2d 994, 999 (4th Cir.1986), *cert. denied,* 479 U.S. 876, 107 S.Ct. 251,

93 L.Ed.2d 177 (1986)); See also, *Smith-Downs v. City of Stockton*, No. 2:10-CV-02495-MCE,

2012 WL 3202265, at *1–2 (E.D. Cal. Aug. 3, 2012) (Action against individual police officers

stayed under sections 362 and 922 of the Bankruptcy Code because the bankrupt city employer

was *required* to provide police officers with legal representation and also *required* to indemnify

15

them under state of California law.); *Forcine Concrete & Const. Co. v. Manning Equip. Sales & Serv.*, 426 B.R. 520, 525 (E.D. Pa. 2010) ("[T]he stay is applied to third parties only where the debtor's indemnification obligations are absolute."); *CAE Indus. Ltd. v. Aerospace Holdings Co.*, 116 B.R. 31, 33-34 (S.D.N.Y. 1990) (declining to extend stay to non-debtor corporate officer where indemnity agreement was not "absolute[ ]" and permitted indemnification only "after review and determination by independent parties").

7.      Law 9, however, does not provide for absolute indemnity. The Law 9 statute plainly states that indemnification is entirely discretionary, is subject to review, and not required always.[11] See, P.R. Laws Ann. tit. 32, § 3085 ("Every official, ex-official, employee or ex-employee of the Commonwealth of Puerto Rico who is sued for damages in his personal capacity […] *may request the Commonwealth of Puerto Rico* to […] assume the payment of any judgment that may be entered against his person.") Id., § 3087 (" The Secretary of Justice shall determine […] *whether it is in order* to pay the full judgment imposed on the public officials, ex-officials, employees or ex-employees sued[.]") Id., § 3088 (Listing "acts or omissions" that

---

[11] Contrary to Law 9, the state of California's indemnification statute *requires* that the public official be provided legal representation, and *requires* that the state pay an adverse monetary judgment.

> "…upon request of an employee or former employee, a public entity shall provide for the defense of any civil action or proceeding brought against him, in his official or individual capacity or both, on account of an act or omission in the scope of his employment as an employee of the public entity." See, Cal. Gov't Code § 995.

> "(a)  Except as otherwise provided in this section, if an employee or former employee of a public entity requests the public entity to defend him or her against any claim or action against him or her for an injury arising out of an act or omission occurring within the scope of his or her employment as an employee of the public entity and the request is made in writing not less than 10 days before the day of trial, and the employee or former employee reasonably cooperates in good faith in the defense of the claim or action, the public entity *shall pay* any judgment based thereon or any compromise or settlement of the claim or action to which the public entity has agreed.

> If the public entity conducts the defense of an employee or former employee against any claim or action with his or her reasonable good-faith cooperation, the public entity *shall pay* any judgment based thereon or any compromise or settlement of the claim or action to which the public entity has agreed." See, Cal. Gov't Code § 825(a).

16

Law 9 benefits will not cover.)' See also, *Acevedo-Luis v. Pagan*, 478 F.3d 35, 39-40 (1st Cir.

2007) (Noting that "indemnity under Law 9 is neither required nor always available"); *Ortiz–*

*Feliciano v. Toledo–Davila,* 175 F.3d 37, 39, 40 n.1 (1st Cir.1999); See also*, Burgos-Yantin v.*

*Municipality of Juana Diaz*, No. CIV. 07-1146 JA, 2013 WL 435203, at *3 (D.P.R. Jan. 2, 2013)

("Law 9 provides the Secretary of Justice discretion to indemnify officials.").

8.      Moreover, the Commonwealth's decision to pay an adverse judgment or settlement under

Law 9 may be *revoked* for a variety of reasons, at any time in the litigation (including appeal),

even *after the decision was made* to pay the adverse judgment. See, Exhibit 1, Excerpt of

Regulation No. 8405, *Regulation Regarding Legal Representation and Payment of Judgments*,

Article 11(c)(6) at p. 19.

9.      Yet another reason the Commonwealth's bankruptcy estate is not at risk is that the non-

debtor defendants cannot initiate a claim for indemnification against the Commonwealth if the

Court grants the requested relief. Law 9's implementing regulations provide a process for

administrative and judicial review of a denial of Law 9 benefits (by "benefits" meaning

providing legal representation and/or indemnification) only upon the issuance by the Secretary of

the Department of Justice of a formal resolution revoking such benefits. Id., Article 14, p. 21-26.

10.     To Movants' knowledge, no resolution revoking Law 9 benefits has been issued. Until

that happens, the non-debtor defendants cannot initiate an indemnification claim against the

Commonwealth of Puerto Rico. Moreover, any indemnification claim against the

Commonwealth of Puerto Rico is subject to the automatic stay, will also be subject to the claims

process available under Title III, and will have to await approval of a plan of adjustment of the

Commonwealth's debts. Therefore, lifting the stay as to the non-debtor defendants would not

interfere in any way with the above-captioned Title III case.

17

11.     For much the same reasons, the automatic stay under § 922(a) of the Bankruptcy Code

does not warrant extending it to the non-debtor defendants either. Section 922 of the Bankruptcy

Code essentially expands the provisions of section 362 to prohibit the bringing or continuing of

an action against "an officer" or "inhabitant" of the debtor "that seeks to enforce a claim against

the debtor." See, 11 U.S.C. § 922(a).  However, the non-debtor defendants are not properly

"officers" or "inhabitants" of the Commonwealth for purposes of the automatic stay. In

providing an additional stay for actions against "an officer" or "inhabitant" of debtor

municipalities under Chapter 9 of the Bankruptcy Code, Congress was concerned primarily with

mandamus actions against city officers on account of a city's prepetition debt, or actions against

an inhabitant of the city to enforce a lien on or arising out of taxes or assessments owed to the

city, as evidenced by the provision's legislative history:

> "sec. 922. automatic stay of enforcement of claims against the debtor
> The automatic stay provided under section 362 of title 11 is incomplete for a
> municipality, because there is the possibility of action by a creditor against an
> officer or inhabitant of the municipality to collect taxes due the municipality.
> Section 85(e)(1) of current chapter IX [section 405(e)(1) of former title 11] stays
> such actions. Section 922 carries over that protection into the proposed chapter 9.
> Subsection (b) applies the provisions for relief from the stay that apply generally
> in section 362 to the stay under section 922."

> See, H.R. Rep. 95-595, 398, (1978); U.S.C.C.A.N. 5963, 6354.

12.     Moreover, Movants seek to enforce the non-debtor defendants' direct and personal

liability arising from the Settlement Agreement.  Thus, Movants are not seeking "to enforce a

claim against the debtor," because, as stated before, they will attempt to collect from the assets

belonging to the non-debtor defendants, not the Commonwealth's assets. And, as shown before,

an effort to collect from the non-debtor defendants is not, in practical terms, an effort to collect

from the Commonwealth. See, P.R. Laws Ann. tit. 32, § 3085, §§ 3087-3088; *Pagan*, 478 F.3d at

39-40; _c.f._ *Smith-Downs*, 2012 WL 3202265, at *1–2 (Extending stay to individual defendants

18

under section 922(a) because California law required indemnification); See also,. *Maddalone*,

2009 WL 29750, at *2 (In civil rights action, court recommended that "notice of stay" filed by

individual capacity defendants be denied, stating that "the City is not and never was a defendant

in this action. Moreover, this action does not present a claim against an officer of the City on

account of a prepetition debt and section 922 has no application" and that "[t]he claims advanced

here neither involve control over property of the City nor present circumstances such that the

City is, in effect, the real party defendant. Rather, the claims are against individuals, who may, if

held liable, have a claim against the City for indemnity and their status would be similar to any

other creditors presenting a claim under the Bankruptcy Code. Accordingly, § 362(a) has no

application to this action.").

### iii. The Commonwealth's creditors will not be prejudiced.

13.     *Third*, the Commonwealth's creditors would not be affected in any way if the Court

grants this motion. The Movants seek to have the stay lifted only as to the individual defendants.

Accordingly, the non-debtor defendants' assets, not the Commonwealth's assets, will be used to

satisfy, in whole or in part, the amount owed to the Movants.

### iv. Considerations of judicial economy militate in favor of granting relief from the stay; the district court that presided over the litigation retained jurisdiction over all matters relating to the Settlement Agreements.

14.     *Fourth*, considerations of judicial economy also weigh in favor of granting this motion.

As discussed before, the Commonwealth has already borne the costs of litigation, and the only

matter left to be resolved is allowing the Movants to collect what is owed to them from the

direct, personal liability of the non-debtor defendants under the Settlement Agreement. Thus,

allowing the instant motion would save judicial resources, by having this matter resolved in the

district court which approved the Settlement Agreement, and retained jurisdiction "over all

matters relating to [the Settlement Agreement] and the disbursement of all monies pursuant

thereto, including for the enforcement of the same , until final payment is made to the

[Movants]." See, Dkt. 197 in Civil Case No. 13-1296, ¶ 15, p. 7; Dkt. 180 in Civil Case No. 13-

1560, ¶ 16, p. 7.

     **v.**     **The balance of harms weighs against maintaining the automatic stay for the
non-debtor defendants.**

15.    *Fifth,* the balance of equities weighs in favor of granting this motion. The Settlement

Agreements were the end product of three (3) years of extensive, and vigorously contested

litigation. It was made possible only after the district court denied the non-debtor defendants'

motions for summary judgment based on evidence showing they had intentionally violated

Movants' First Amendment rights. The non-debtor defendants did not fully comply with their

end of the bargain under the Settlement Agreements, and failed to pay Movants a significant

portion of principal, interest and court-imposed sanctions. As shown previously, no discernable

prejudice to the Commonwealth's bankruptcy estate would result if the court grants the instant

motion.

16.    Because there will be no immediate adverse economic consequence to the

Commonwealth's bankruptcy estate if the relief requested herein is granted, it would unjust and

unfair for Movants to wait until the Commonwealth's debts are readjusted in order to collect

what is owed to them. Denying the instant motion, and extending the automatic stay to the non-

debtor defendants only serves to postpone collection efforts against the non-debtor defendants,

and does nothing to further the Commonwealth's efforts to readjust its debts under PROMESA.

Accordingly, the balance of harms and equities favors granting the instant motion.

## <u>CONCLUSION</u>

For the foregoing reasons, Movants respectfully request that the automatic stay be lifted as to the non-debtor defendants, in order for Movants to proceed with the execution and enforcement of the Settlement Agreements solely against the non-debtor defendants.

Respectfully submitted this November 13, 2018, by,

**ALDARONDO & LÓPEZ BRAS, P.S.C.**
ALB Plaza, Suite 400,
#16 Carr.199
Guaynabo, Puerto Rico 00969
Tel. 787-474-5447 / Fax. 787-474-5451

*s/ Eliezer Aldarondo-Ortiz*
ELIEZER ALDARONDO-ORTIZ
USDCPR 125402
E-mail: ealdarondo@alblegal.net

*s/ Claudio Aliff-Ortiz*
CLAUDIO ALIFF-ORTIZ
USDCPR No. 205313
E-mail – califf@alblegal.net

*s/ Sheila Torres-Delgado*
SHEILA TORRES-DELGADO
USDCPR 222706
E-mail: storres@alblegal.net

*s/ David Rodríguez-Burns*
DAVID RODRÍGUEZ-BURNS
USDCPR No. 212505
E-mail – drodriguez.alb@gmail.com

*Counsel for the Movants*

**NOTICE OF HEARING**

Movants filed the instant "Motion for Relief from Stay." Objections to Movants' "Motion for
Relief from Stay" must be served to the above-referenced counsel for Movants on or before the
Objection Deadline of December 11, 2018, 4:00 p.m. (Atlantic Standard Time). The hearing
Date for the Court to consider Movants' "Motion for Relief from Stay" is December 19, 2018,
9:30 a.m. (Atlantic Standard Time). The relief requested may be granted without a hearing if no
Objection is timely filed and served in accordance with the operative Case Management
Procedures.

**CERTIFICATE AND NOTICE OF SERVICE**

**I HEREBY CERTIFY** that on November 13, 2018 I electronically filed the instant motion with
the Clerk of the Court by means of the CM/ECF System, which shall send notification of such
filing to the attorneys of record. Moreover, notice of this Motion shall be served in accordance
with the operative Case Management Procedures.

*s/ David Rodríguez-Burns*
DAVID RODRÍGUEZ-BURNS
USDCPR No. 212505
E-mail – drodriguez.alb@gmail.com

22