[CERTIFIED TRANSLATION]

**Number:** _____ **8405** _____

**Date:** _____ **November 20, 2013** _____

**Approved:** _ **Hon. David E. Bernier Rivera**

**Attorney General**

*[signed]*

**By:** _ **Francisco J. Rodríguez Bernier** _____

**Deputy Attorney General**

[Official Seal of the
Department of Justice]

COMMONWEALTH OF PUERTO RICO
DEPARTMENT OF JUSTICE

REGULATION ON LEGAL COUNSEL AND PAYMENT OF JUDGMENT

Approved:
November 12, 2013

Regulation No.:_____

[CERTIFIED TRANSLATION]

**(c) Final adjudication of the request for the benefit of payment of judgment under Public Law No. 104**

(The Attorney General, within the required term of thirty (30) calendar days after the filing of the request for the benefit of payment of judgment, and taking into consideration the report submitted by the beneficiary's legal counsel and the communication of the corresponding municipality or public corporation, shall issue an Order with his final decision regarding whether it is warranted to grant the requested benefit and ordering the Commonwealth of Puerto Rico or its corresponding government entity to pay the amount

17

of the judgment in accordance with the provisions of Public Law No. 104 and of this Regulation.

(2) In the event that the Attorney General decides not to grant the benefit of payment of judgment, the Order will be notified by certified mail to the beneficiary's recorded address and shall include the following information:

(A) The full name and address of the petitioner.

(B) A reference to the corresponding action.

(C) The grounds for denying the benefit of payment of judgment under Public Law No. 104. The referenced grounds shall make reference to the statutory or regulatory provisions and the facts and evidence that support the denial.

(D) A notice to the petitioner of his or her right to request reconsideration or judicial review of the denial, including the applicable terms for requesting same.

(3) If the Attorney General decides to grant the benefit of payment of judgment, he shall send his Order granting the benefit to the Department of the Treasury, to the corresponding public corporation or municipality with the pertinent instructions for the disbursement.

(a) The Department of the Treasury will be responsible for the corresponding disbursement when the government entity of the Commonwealth of Puerto Rico to which the beneficiary was bound on the date of the events that gave rise to the adverse judgment or judicial or extrajudicial settlement is an executive agency, the Legislative Branch, the Judicial Branch, or a public instrumentality.

(b) When the government entity of the Commonwealth of Puerto Rico to which the beneficiary was bound on the date of the events that gave rise to the adverse judgment or judicial or extrajudicial settlement is a public corporation or a municipality, said public corporation or municipality will be responsible for the corresponding disbursement.

(4) If the benefit of payment of judgment is granted, the municipality or public corporation affected by that decision of the Attorney General, because said decision could potentially compromise funds of said entity, may request reconsideration of said decision within a term of twenty (20) days after receipt of the Order.

(5) If the decision of the Attorney General is upheld, the affected municipality or public corporation may file for judicial review with the Court of Appeals within the jurisdictional term of thirty (30) days following the date of docketing of the notice of the

decision or order. The judicial review will be regulated by the provisions of Public Law No. 170, 3 L.P.R.A. § § 2171-2177, and of the Regulations of the Court of Appeals, 4 L.P.R.A. Ap. XXII-B, R. 56-66 (2004).

(6) The granting of the benefit of legal counsel under Public Law No. 104 does not bind the Attorney General to grant the benefit of payment of judgment under Public Law No. 104. However, once the Attorney General has also granted the benefit of payment of judgment, said benefit may only be revoked in keeping with the procedures provided by Article 12 of this Regulation.

## ARTICLE 12 REVOCATION OF THE BENEFITS OF PUBLIC LAW NO. 104

### (a) Grounds for revocation

The Attorney General will have the discretion to revoke the benefits of Public Law No. 104 at any time while an action is taking place, even during appeal, if he were convinced, by clear and convincing evidence, of the existence of any of the following circumstances:

(1) The beneficiary lied about material facts during the investigation and evaluation of the case, or during any stage of same, in order to obtain or preserve the benefits of Public Law No. 104.

(2) The beneficiary knowingly hid relevant information or evidence.

(3) The beneficiary ceased to actively cooperate with his or her defense.

(4) The beneficiary waived the benefits of Public Law No. 104.

(5) The beneficiary's legal counsel is not able to achieve communication with his or her client despite having sent one or more requests to him or her by certified mail to his or her last recorded address.

(6) There is an insurmountable discrepancy between the beneficiary and his or her legal counsel regarding the litigation strategy in the case. The following, among other things, will be considered insurmountable discrepancies:

(A) the beneficiary refuses to accept a settlement recommendation made in good faith by his or her legal counsel that has been approved by the Attorney General;

(B) the beneficiary contradicts the legal or factual theory of the Commonwealth of Puerto Rico or the pertinent government entity;

19

(C) the beneficiary promotes an interest that is adverse to and conflicts with the interests of the Commonwealth of Puerto Rico or the government entity involved;

(D) the beneficiary insists in promoting a position that is inconsistent with an important public policy that the Department of Justice wishes to promote through the action; or

(C) the beneficiary insists in promoting a position that is inconsistent with the public interest.

(7) The municipality or public corporation for which the beneficiary works has filed a request, duly supported, for the revocation of the employee's benefit.

(8) After legal counsel or payment of judgment has been granted, the beneficiary is convicted of an offense (whether a felony or a misdemeanor), that arises from the same actions that give rise to the civil action against him or her. However, the Attorney General will have the discretion to uphold the benefit of legal counsel or payment of judgment as long at it is in the best public interest and in benefit of the interests of the Commonwealth. In the event that the conviction were to arise from events that are different and separate from those that give rise to the civil complaint against the beneficiary, the Attorney General will evaluate the entirety of the events and the evidence, in order to determine whether to revoke the benefits of legal counsel or payment of judgment.

(9) The evidence gathered and presented during the discovery of evidence and the litigation shows that the beneficiary does not meet the requirements set forth in Article 6 of this Regulation and in Public Law No. 104 in order to be entitled to the benefits of Public Law No. 4.

**(b) Duties and obligations of the appointed counsel**

The legal counsel appointed by the Department of Justice to represent the beneficiary or the Office of the Assistant Secretary of Civil Affairs will be bound to immediately notify the Attorney General about the existence of any of the above-stated circumstances that warrant the revocation of the benefits of Public Law No. 104. In said case, he or she must request the initiation of a new revocation process by issuing a duly-justified communication.

**(c) Notification of intention to revoke**

When any of the grounds to revoke the benefits of Public Law No. 104 is present, the Attorney General will issue a communication notifying the beneficiary of its intention to

revoke the benefits. Said letter of intention to revoke the benefits of Public Law No. 104 will be notified by certified mail sent to the beneficiary's last recorded address and will include the following information:

(1) The full name, street address, and mailing address of the beneficiary.

(2) A reference to the pertinent action.

(3) The grounds for the revocation of the benefits of Public Law No. 104. The referenced ground shall make reference to the statutory or regulatory provisions and to the facts and evidence that support the revocation.

(4) A notice about the beneficiary's right to request, within the non-extendable term of fifteen (15) calendar days after the date on which he or she receives the letter of intent to revoke, the holding of an informal administrative hearing in which he or she will be heard and may present the evidence and arguments that he or she deems relevant to establish that the revocation of the benefits is unwarranted.

(5) A notice about the beneficiary's right to file for judicial review of the final decision of the Attorney General with the Court of Appeals, including the applicable terms for the filing of same.

## ARTICLE 13 BENEFITS OF PUBLIC LAW NO. 104 FOR THE Attorney General

In the cases in which the Attorney General is a requesting defendant and meets the eligibility requirements established in this Regulation, the Governor of the Commonwealth of Puerto Rico, with the advice of the Attorney General, shall make the decisions that would usually correspond to the Attorney General, pursuant to Public Law No. 104 and this Regulation.

## ARTICLE 14 RECONSIDERATION AND JUDICIAL REVIEW OF AN ADVERSE DECISION REGARDING THE BENEFITS OF PUBLIC LAW NO. 104

An Order denying the benefit of legal counsel, an Order revoking the benefit of counsel, and an Order denying the payment of judgment will all be considered decisions adverse to the petitioner. In the case of municipalities or public corporations whose employees or officials are beneficiaries of legal counsel or payment of judgment, it shall be deemed that the decision of the Secretary is adverse to the entity when the decision to grant the benefit of payment of judgment pursuant to Public Law No. 104 could potentially compromise funds of said entity.

[CERTIFIED TRANSLATION]

A petitioner who has received an adverse decision may file his or her request for reconsideration in writing or may, optionally, request an informal administrative hearing to state his or her position. In the cases of officials or employees of a municipality or public corporation in which the decision is adverse to the entity, the municipality or public corporation may file, in writing only, its request for reconsideration.

**(a) Informal administrative hearing**

(1) <u>Requesting an informal administrative hearing</u>

A petitioner or beneficiary who is adversely affected by any of the decisions stated above may request, within a term of twenty (20) calendar days after the date of docketing of the notice of the decision or order, the holding of an informal administrative hearing in which he or she will be heard and may submit the evidence and arguments that he or she deems pertinent in order to establish that the adverse decision is not warranted. Said request for an informal administrative hearing must be made in writing and filed with the Office of the Attorney General, and must include the following information:

(A) The full name, street address, and mailing address of the beneficiary or petitioner.

(B) A reference to the pending action.

(C) The grounds to request the revocation of the adverse decision.

(D) A summary of the evidence and arguments to be presented by the beneficiary to establish that the revocation of the adverse decision is warranted.

(E) Copy of the documentary evidence, if any, to be presented by the beneficiary to establish that the revocation of the adverse decision is warranted.

(F) A list of the witnesses, if any, to be presented by the beneficiary to establish that the revocation of the adverse decision is warranted.

If the Attorney General were to believe that, based on the request for an informal administrative hearing itself and the documents that support said request, it is warranted for the adverse decision to the petitioner to be left without effect, he may notify said final decision to the petitioner or beneficiary without the need to carry out an informal administrative hearing.

[CERTIFIED TRANSLATION]

(2) <u>Consequences of not requesting an informal administrative hearing</u>

Once the term of twenty (20) calendar days provided in this Article has elapsed without a request for an informal administrative hearing, it will be understood that the petitioner or beneficiary has waived his or her right to be heard and the corresponding decision will be upheld in keeping with Public Law No. 104.

(3) <u>Examining Officer</u>

If the petitioner or beneficiary makes a timely request for the holding of an informal administrative hearing, the Attorney General will appoint an examining officer who:

    (A) must be impartial;

    (B) will preside the informal administrative hearing;

    (C) will receive the evidence and arguments that the beneficiary decides to present;

    (D) will evaluate the entire administrative record of the case; and

    (E) will issue a recommendation to the Attorney General, duly supported by the administrative record, on whether the adverse decision to the petitioner should or should not be revoked.

(4) <u>Holding the informal administrative hearing</u>

    (A) The examining officer will notify the petitioner or beneficiary in writing about the holding of the informal administrative hearing within the term of twenty (20) days prior to the date of the hearing.

    (B) The notification about the holding of the informal administrative hearing shall contain the following information:

        (i) the day, place, and time of the informal administrative hearing;

        (ii) a notice of the measures that the Department may take if the petitioner does not attend the hearing, including a possible entry of default and upholding of the final decision;

[CERTIFIED TRANSLATION]

(iii) A notice to the beneficiary about the fact that the hearing cannot be suspended except due to an event of force majeure that prevents him or her from appearing at same;

(iv) a notice to the beneficiary about his or her right to respond to the adverse decision pursuant to Public Law No. 104 and to explain, in person or in writing, the reasons for which it is not warranted.

(C) The informal administrative hearing will be an informal process; it will not be an adversative or formal hearing, therefore the Rules of Evidence and the Rules of Civil Procedure will not be applicable. The beneficiary will not have the right to carry out a discovery of evidence.

(D) The petitioner may appear assisted by an attorney. However, the participation of said attorney will be limited to advising the petitioner and the attorney will not be allowed to plead during the hearing process.

(E) The beneficiary will be allowed to record the informal administrative hearing if he or she wishes to do so.

(F) In the case of officials or employees of a municipality or public corporation, the examining officer may, if he or she deems it pertinent, grant an opportunity to the municipality or public corporation to submit, in writing, his or her position regarding the decision being questioned.

(5) Recommendation of the examining officer

After the informal administrative hearing has been held, the examining officer will issue a recommendation to the Attorney General, duly supported by the administrative record, about whether it is warranted or unwarranted to revoke the adverse decision to the petitioner.

(6) Final decision

  The Attorney General, taking into consideration the recommendation of the examining officer, will issue an Order with his final decision about the revocation of the adverse decision. Said Order will be notified to the petitioner's or beneficiary's recorded address and will include the following information:

(1) The full name, street address, and mailing address of the beneficiary.

(2) A reference to the pertinent action.

[CERTIFIED TRANSLATION]

(3) The grounds for the decision. The referenced grounds will make reference to the statutory or regulatory provisions and to the facts and evidence that support the decision, including a statement of the findings of fact and conclusions of law that serve as the basis for the decision of the Attorney General. If the Attorney General does not accept the recommendation of the examining officer, the Attorney General shall explain and justify his decision.

(4) A notice to the petitioner about his or her right to request reconsideration or judicial review of the decision, including the applicable terms to request same.

(5) In the case of officials or employees of a municipality or public corporation, the final Order will be notified to the corresponding municipality or public corporation.

## (b) Reconsideration

Any Public Law No. 104 petitioner or beneficiary who is adversely affected by a final Order issued by the Attorney General in keeping with the provisions of this Regulation and of Public Law No. 104 may file a request for reconsideration with the Office of the Attorney General within a term of twenty (20) calendar days after the date of docketing of the notice of the decision or order. The request for reconsideration will be regulated by the provisions of Section 3.15 of Public Law No. 170, 3 L.P.R.A. § § 2165.

## (c) Judicial review

Any Public Law No. 104 petitioner or beneficiary who is adversely affected by a final Order issued by the Attorney General in accordance with the provisions of this Regulation and of Public Law No. 104 may file for judicial review with the Court of Appeals within the jurisdictional term of thirty (30) days after the date of docketing of the copy of the notice of the final order or decision. The judicial review will be governed by the provisions of Sections 4.1-4.7 of Public Law No. 170, 3 L.P.R.A. § § 2171-2177, and of the Regulations of the Court of Appeals, 4 L.P.R.A. Ap. XXII-B, R. 56-66 (2007).

## (d) Legal counsel during judicial review

Once a petition for judicial review has been filed, the Attorney General will be bound to continue to represent a Public Law No. 104 beneficiary through private practice attorneys, in accordance with the provisions of this Regulation. To do this, the beneficiary must file a request in writing to the Attorney General, Coordination Division, Public Law 9 and Contracts, and to his or her legal counsel, notifying the filing of a petition for judicial review and his or her interest in being referred to a private practice attorney. The Attorney General will refer the beneficiary's legal counsel to a private practice attorney

25

[CERTIFIED TRANSLATION]

chosen by the Attorney General within  the required term of ten (10) calendar days after receipt of said request. Simultaneously, the Attorney General will notify the beneficiary about the referral. Said legal counsel will continue until the eventual final decision about the matter becomes final and binding. In the event that the final decision is adverse to the Public Law No. 104 beneficiary, he or she will be bound to reimburse to the Commonwealth of Puerto Rico all of the expenses incurred in his or her legal counsel, including the expenses incurred by both parties in the processing of the judicial review.

[CERTIFIED TRANSLATION]

**CERTIFICATE OF TRANSLATION**
**SPANISH TO ENGLISH**

**DOCUMENT:**    Selected pages of the Regulation on Legal Counsel and Payment of Judgment of the Puerto Rico Department of Justice (original document provided for translation consisting of 11 pages)

The undersigned, Margot A. Acevedo Chabert, USCCI, hereby certifies that she has been actively engaged as a professional translator (English <> Spanish) certified by the Administrative Office of the United States Courts since 2006 (Certificate No. 06-001), that she has an MA in Translation from the University of Puerto Rico, and that to the best of her knowledge and understanding, the attached document is a true and correct translation of the original text provided for translation.

In Milwaukee, WI, on November 9, 2018

**Margot A. Acevedo Chabert, USCCI**

Número: **8405**

Fecha:   20  de noviembre   de 2013

Aprobado:  Hon. David E. Bernier Rivera

Secretario de Estado

Por:  Francisco J. Rodríguez Bernier

Secretario Auxiliar de Servicios

ESTADO LIBRE ASOCIADO DE PUERTO RICO
DEPARTAMENTO DE JUSTICIA

# REGLAMENTO SOBRE REPRESENTACIÓN LEGAL
## Y PAGO DE SENTENCIA

Aprobado:
12 de noviembre de 2013

Reglamento Núm.: _____

**(c) Adjudicación final de la solicitud del beneficio de pago de sentencia bajo la Ley Núm. 104**

    (1) El Secretario de Justicia, dentro del término directivo de treinta (30) días calendario contados a partir de la presentación de la solicitud del beneficio de pago de sentencia, y tomando en consideración el informe presentado por el abogado del beneficiario y la comunicación del municipio o corporación pública correspondiente, emitirá una Resolución con su determinación final sobre si procede conceder el beneficio solicitado y que el Estado Libre Asociado de Puerto

Rico o su entidad gubernamental correspondiente sufrague el pago de la sentencia de acuerdo a las disposiciones de la Ley Núm. 104 y de este Reglamento.

(2) En el caso de que el Secretario de Justicia determine no conceder el beneficio de pago de sentencia, la Resolución será notificada por correo certificado a la dirección de récord del beneficiario e incluirá la siguiente información:

    (A) El nombre completo y la dirección del solicitante.

    (B) Una referencia al litigio pertinente.

    (C) Los fundamentos para la denegatoria del beneficio de pago de sentencia bajo la Ley Núm. 104. Los referidos fundamentos harán referencia a las disposiciones legales o reglamentarias, y a los hechos y a la prueba que sustenten la denegatoria.

    (D) Un apercibimiento al solicitante de su derecho a solicitar reconsideración o revisión judicial de la denegatoria, incluyendo los términos aplicables para solicitar la reconsideración o la revisión judicial.

(3) Si el Secretario de Justicia determina conceder el beneficio de pago de sentencia, éste enviará su Resolución concediendo el beneficio al Departamento de Hacienda, a la corporación pública o al municipio correspondiente con las instrucciones pertinentes relativas al desembolso.

    (a) El desembolso correspondiente será responsabilidad del Departamento de Hacienda, cuando la entidad gubernamental del Estado Libre Asociado de Puerto Rico a la que estaba vinculado el beneficiario a la fecha de los hechos que motivaron la sentencia o transacción judicial o extrajudicial adversa sea una agencia ejecutiva, la Rama Legislativa, la Rama Judicial o una instrumentalidad pública.

    (b) Cuando la entidad gubernamental del Estado Libre Asociado de Puerto Rico a la que estaba vinculado el beneficiario a la fecha de los hechos que motivaron la sentencia o transacción judicial o extrajudicial adversa sea una corporación pública o un municipio, el desembolso correspondiente será responsabilidad de dicha corporación pública o municipio.

(4) El municipio o corporación pública afectada por una determinación del Secretario de Justicia, por tener el potencial de comprometer fondos de dicha entidad, de conceder el beneficio de pago de sentencia, podrá solicitar reconsideración de tal determinación dentro de un término de veinte (20) días a partir del recibo de la Resolución.

(5) De mantenerse la determinación del Secretario de Justicia, el municipio o corporación pública afectada podrá presentar un recurso de revisión judicial en el

Tribunal de Apelaciones dentro del término jurisdiccional de treinta (30) días contados a partir de la fecha del archivo en autos de la notificación de la resolución u orden. El recurso de revisión judicial estará regulado por lo dispuesto en la Ley Núm. 170, 3 L.P.R.A. §§ 2171-2177, y en el Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R. 56-66 (2004).

(6) La concesión del beneficio de representación legal bajo la Ley Núm. 104 no obliga al Secretario de Justicia a conceder el beneficio de pago de sentencia bajo la Ley Núm. 104. Sin embargo, una vez el Secretario de Justicia haya concedido, también, el beneficio de pago de sentencia, el mismo sólo podrá revocarse a tenor de los procedimientos dispuestos en el Artículo 12 de este Reglamento.

## ARTÍCULO 12 REVOCACIÓN DE LOS BENEFICIOS DE LEY NÚM. 104

### (a) Causas para la revocación

El Secretario de Justicia tendrá discreción para revocar los beneficios de Ley Núm. 104 en cualquier momento durante el transcurso de un pleito, incluso durante apelación, si se convenciere, mediante prueba clara y convincente, de la existencia de cualquiera de las siguientes circunstancias:

(1) El beneficiario mintió sobre hechos materiales durante la investigación y evaluación del caso, o durante cualquier etapa del mismo, para obtener o preservar los beneficios de Ley Núm. 104.

(2) El beneficiario ocultó información o prueba pertinente a sabiendas.

(3) El beneficiario dejó de cooperar activamente con su defensa.

(4) El beneficiario renunció a los beneficios de Ley Núm. 104.

(5) El representante legal del beneficiario no puede lograr comunicación con su cliente a pesar de haber enviado uno o más requerimientos a éste por correo certificado a su última dirección de registro.

(6) Existe una discrepancia insalvable entre el beneficiario y su representación legal en cuanto a la estrategia de litigio del caso. Constituirá una discrepancia insalvable, entre otras cosas, que:

(A) el beneficiario se niegue a aceptar una recomendación de transacción hecha de buena fe por su representante legal que haya sido avalada por el Secretario de Justicia;

(B) el beneficiario contradiga la teoría de derecho o de hecho del Estado Libre Asociado de Puerto Rico o la entidad gubernamental pertinente;

19

(C) el beneficiario promueva un interés adverso y en conflicto con los intereses del Estado Libre Asociado de Puerto Rico o la entidad gubernamental pertinente;

(D) el beneficiario insista en promover una posición inconsistente con una política pública importante que el Departamento de Justicia interese promover mediante el litigio; o

(E) el beneficiario insista en promover una posición inconsistente con el interés público.

(7) El municipio o corporación pública para el cual trabaja el beneficiario ha presentado una solicitud, debidamente fundamentada, solicitando se le revoque el beneficio al funcionario.

(8) Una vez otorgada la representación legal o el pago de sentencia, el beneficiario sea convicto por un delito, (grave o menos grave), que surja de las mismas actuaciones que dan lugar a la demanda civil en su contra. No obstante, el Secretario de Justicia tendrá la discreción de mantener el beneficio de representación legal o pago de sentencia siempre que ello resulte en el mejor interés público y en beneficio de los intereses del Estado Libre Asociado. En el caso de que la convicción surja de hechos distintos y separados a aquellos que dan lugar a la demanda civil en contra del beneficiario, el Secretario de Justicia evaluará la totalidad de los hechos y la evidencia para determinar si se revocan los beneficios de representación legal o pago de sentencia.

(9) La prueba recopilada y desfilada durante el proceso de descubrimiento de prueba y litigio demuestra que el beneficiario no cumple con los requisitos dispuestos en el Artículo 6 de este Reglamento y en la Ley Núm. 104 para ser acreedor de los beneficios de Ley Núm. 104.

### (b) Obligaciones y deberes del abogado asignado

Será obligación del abogado asignado por el Departamento de Justicia para representar al beneficiario o de la Secretaría Auxiliar de lo Civil notificar inmediatamente al Secretario de Justicia sobre la existencia de cualquiera de las anteriores circunstancias que ameriten la revocación de los beneficios de Ley Núm. 104. En tal caso, éste deberá solicitar el inicio de un proceso de revocación mediante una comunicación debidamente justificada.

### (c) Notificación de intención de revocar

Cuando exista alguna de las causas para revocar los beneficios de Ley Núm. 104, el Secretario de Justicia emitirá una comunicación notificando al beneficiario su intención de revocar los beneficios. Dicha carta de intención de revocar los beneficios de Ley Núm. 104 será notificada por correo certificado a la dirección de récord del beneficiario e incluirá la siguiente información:

(1) El nombre completo, la dirección física y la dirección postal del beneficiario.

(2) Una referencia al litigio pertinente.

(3) Los fundamentos para la revocación de los beneficios Ley Núm. 104. Los referidos fundamentos harán referencia a las disposiciones legales o reglamentarias, y a los hechos y a la prueba que sustenten la revocación.

(4) Un apercibimiento sobre el derecho del beneficiario a solicitar, dentro del término improrrogable de quince (15) días calendario contados a partir de la fecha en que éste reciba la carta de intención de revocar, la celebración de una vista administrativa informal en la cual será escuchado y podrá presentar la prueba y los argumentos que entienda pertinentes para establecer que no procede la revocación de los beneficios.

(5) Un apercibimiento de que, transcurrido el término de quince (15) días calendario dispuesto en este Artículo sin que se solicite vista administrativa informal, se entenderá que el beneficiario renunció a su derecho a ser oído y se podrá proceder con la determinación final.

(6) Un apercibimiento sobre el derecho del beneficiario a presentar un recurso de revisión judicial de la decisión final del Secretario de Justicia ante el Tribunal de Apelaciones, incluyendo los términos aplicables para presentar el mismo.

## ARTÍCULO 13 BENEFICIOS DE LA LEY NÚM. 104 PARA EL SECRETARIO DE JUSTICIA

En los casos en que el Secretario de Justicia figure como demandado solicitante, y éste cumpla con los requisitos de elegibilidad establecidos en este Reglamento, el Gobernador del Estado Libre Asociado de Puerto Rico, con el asesoramiento del Procurador General, tomará las determinaciones que normalmente corresponderían al Secretario de Justicia según la Ley Núm. 104 y este Reglamento.

## ARTÍCULO 14 RECONSIDERACIÓN Y REVISIÓN JUDICIAL DE UNA DETERMINACIÓN ADVERSA SOBRE LOS BENEFICIOS DE LEY NÚM. 104

Se considerarán determinaciones adversas al solicitante la Resolución de denegatoria del beneficio de representación legal, la Resolución de revocación del beneficio de representación y la Resolución para denegar el pago de sentencia. En el caso de municipios o corporaciones públicas cuyos empleados o funcionarios sean beneficiarios de representación legal o pago de sentencia, se considerara que la determinación del Secretario le es adversa a la entidad cuando su decisión de conceder el beneficio de pago de sentencia al amparo de la Ley Núm. 104 tenga el potencial de comprometer fondos de dicha entidad.

Un solicitante que haya recibido una determinación adversa podrá presentar su solicitud de reconsideración por escrito o podrá, opcionalmente, solicitar una vista administrativa informal para exponer su posición. En aquellos casos de funcionarios o empleados de un municipio o corporación pública, que la determinación le es adversa a la entidad, el municipio o corporación pública podrá presentar, por escrito solamente, su solicitud de reconsideración.

(a) **Vista administrativa informal**

(1) Solicitud de la vista administrativa informal

Un solicitante o beneficiario, que resulte adversamente afectado por alguna de las determinaciones antes señaladas podrá solicitar, dentro del término de veinte (20) días calendario contados a partir de la fecha del archivo en autos de la notificación de la resolución u orden, la celebración de una vista administrativa informal en la cual será escuchado y podrá presentar la prueba y los argumentos que entienda pertinentes para establecer que no procede la determinación adversa. Dicha solicitud de vista administrativa informal deberá hacerse mediante un escrito presentado en la Oficina del Secretario de Justicia, y deberá incluir la siguiente información:

(A) El nombre completo, la dirección física y la dirección postal del solicitante o beneficiario.

(B) Una referencia al litigio pertinente.

(C) Los fundamentos para solicitar que se revoque la determinación adversa.

(D) Un resumen de la prueba y los argumentos que presentará el beneficiario para establecer que procede la revocación de la determinación adversa.

(E) Copia de la prueba documental, si alguna, que presentará el beneficiario para establecer que procede la revocación de la determinación adversa.

(F) Una lista de los testigos, si alguno, que presentará el beneficiario para establecer que procede la revocación de la determinación adversa.

De entender el Secretario de Justicia que de la propia solicitud de la vista administrativa informal, y de los documentos que la acompañen, se amerita dejar sin efecto la determinación adversa al solicitante, éste podrá notificar tal determinación final al solicitante o beneficiario sin la necesidad de llevar a cabo una vista administrativa informal.

22

(2) <u>Consecuencias de no solicitar la vista administrativa informal</u>

Transcurrido el término de veinte (20) días calendario dispuesto en este Artículo sin que se solicite una vista administrativa informal, se entenderá que el solicitante o beneficiario renunció a su derecho a ser oído y se podrá proceder con la determinación correspondiente a tenor con la Ley Núm. 104.

(3) <u>Oficial Examinador</u>

Si el solicitante o beneficiario solicita oportunamente la celebración de una vista administrativa informal, el Secretario de Justicia designará un Oficial Examinador, quien:

> (A) deberá ser imparcial;
>
> (B) presidirá la vista administrativa informal;
>
> (C) recibirá la prueba y los argumentos que tenga a bien presentar el beneficiario;
>
> (D) evaluará todo el récord administrativo del caso; y
>
> (E) hará una recomendación al Secretario de Justicia, debidamente sustentada por el récord administrativo, sobre si procede o no revocar la determinación adversa al solicitante.

(4) <u>Celebración de la vista administrativa informal</u>

> (A) El Oficial Examinador notificará por escrito al solicitante o beneficiario sobre la celebración de la vista administrativa informal dentro del término de veinte (20) días de anticipación a la fecha de la vista.
>
> (B) La notificación sobre la celebración de la vista administrativa informal contendrá la siguiente información:
>
>> (i) el día, lugar y hora en que se celebrará la vista administrativa informal;
>>
>> (ii) un apercibimiento de las medidas que el Departamento podrá tomar si el solicitante no asiste a la vista, incluyendo una posible determinación de rebeldía y proceder con la determinación final;
>>
>> (iii) un apercibimiento al beneficiario sobre el hecho de que la vista no podrá ser suspendida salvo por fuerza mayor que impida su comparecencia;

23

(iv) un apercibimiento al beneficiario sobre su derecho a responder a la determinación adversa de Ley Núm. 104 y a explicar personalmente o por escrito las razones por las cuales no procede.

(C) La vista administrativa informal será un proceso informal, no será una vista adversativa o formal, por lo que no aplicarán las Reglas de Evidencia o de Procedimiento Civil. El beneficiario no tendrá derecho a realizar descubrimiento de prueba.

(D) El solicitante podrá comparecer asistido por un abogado. No obstante, la participación del abogado se limitará a orientar al solicitante y no podrá argumentar durante el proceso de vista.

(E) Se permitirá al beneficiario grabar la vista administrativa informal, si así éste lo desea.

(F) De tratarse de funcionarios o empleados de un municipio o corporación pública, el Oficial Examinador podrá, de entenderlo pertinente, conceder oportunidad al municipio o corporación pública de someter, por escrito, su posición en cuanto a la determinación que se cuestiona.

(5) Recomendación del Oficial Examinador

Celebrada la vista administrativa informal, el Oficial Examinador hará una recomendación al Secretario de Justicia, debidamente sustentada por el récord administrativo, sobre si procede o no revocar la determinación adversa al solicitante.

(6) Determinación final

El Secretario de Justicia, tomando en consideración la recomendación del Oficial Examinador, emitirá una Resolución con su determinación final sobre la revocación de la determinación adversa. Dicha Resolución será notificada a la dirección de récord del solicitante o beneficiario e incluirá la siguiente información:

(1) El nombre completo, la dirección física y la dirección postal del beneficiario.

(2) Una referencia al litigio pertinente.

(3) Los fundamentos para la determinación. Los referidos fundamentos harán referencia a las disposiciones legales o reglamentarias, y a los hechos y a la prueba que sustenten la determinación, incluyendo una exposición de las determinaciones de hecho y las conclusiones de derecho que fundamenten la determinación del Secretario de Justicia. De no acoger la recomendación del

Oficial Examinador, el Secretario de Justicia deberá explicar y justificar su decisión.

(4) Un apercibimiento al solicitante de su derecho a solicitar reconsideración o revisión judicial de la determinación, incluyendo los términos aplicables, para solicitar la reconsideración o la revisión judicial.

(5) En caso de funcionarios o empleados de un municipio o corporación pública se le notificará la Resolución final al municipio o corporación pública correspondiente.

**(b) Reconsideración**

Cualquier solicitante o beneficiario de Ley Núm. 104 que resulte adversamente afectado por una Resolución final emitida por el Secretario de Justicia a tenor de las disposiciones de este Reglamento y de la Ley Núm. 104 podrá presentar una solicitud de reconsideración en la Oficina del Secretario de Justicia dentro del término de veinte (20) días calendario contados a partir de la fecha del archivo en autos de la notificación de la resolución u orden. La solicitud de reconsideración estará regulada por lo dispuesto en la Sección 3.15 de la Ley Núm. 170, 3 L.P.R.A. § 2165.

**(c) Revisión judicial**

Cualquier solicitante o beneficiario de Ley Núm. 104 que resulte adversamente afectado por una Resolución final emitida por el Secretario de Justicia a tenor con las disposiciones de este Reglamento y de la Ley Núm. 104 podrá presentar un recurso de revisión judicial en el Tribunal de Apelaciones dentro del término jurisdiccional de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final. El recurso de revisión judicial estará regulado por lo dispuesto en las Secciones 4.1-4.7 de la Ley Núm. 170, 3 L.P.R.A. §§ 2171-2177, y en el Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R. 56-66 (2007).

**(d) Representación legal durante la pendencia de un proceso de revisión judicial**

Una vez presentado un recurso de revisión judicial, el Secretario de Justicia vendrá obligado a continuar representando a un beneficiario de Ley Núm. 104 a través de abogados de la práctica privada, a tenor de lo dispuesto en este Reglamento. Para esto, el beneficiario deberá presentar un requerimiento por escrito al Secretario de Justicia, a la División de Coordinación, Ley 9 y Contratos, y a su representante legal, en el cual notifique la presentación de su recurso de revisión judicial y su interés en ser referido a un abogado de la práctica privada. El Secretario de Justicia referirá la representación legal del beneficiario a un abogado de la práctica privada, escogido por el Secretario de Justicia, dentro del término directivo de diez (10) días calendario contados a partir del recibo de dicho requerimiento. Simultáneamente, el Secretario de Justicia le notificará al beneficiario sobre el referido. Dicha representación legal continuará hasta que la eventual

25

determinación final sobre el asunto advenga final y firme. En caso de que la determinación final y firme sea adversa al beneficiario de Ley Núm. 104, éste estará obligado a restituir al Estado Libre Asociado de Puerto Rico todos los gastos incurridos en su representación legal, incluyendo los gastos incurridos por ambas partes en la tramitación del recurso de revisión judicial.