IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,[1] et al.,<br>         Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br>         Debtor | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

**OBJECTION OF LEHMAN BROTHERS HOLDINGS, INC. AS PLAN ADMINISTRATOR FOR LEHMAN BROTHERS SPECIAL FINANCING, INC. TO THE DISCLOSURE STATEMENT**

Lehman Brothers Holdings, Inc., as Plan Administrator for Lehman Brothers Special Financing, Inc. ("Lehman"), by and through its undersigned counsel, hereby files this objection (the "Objection") to the *Disclosure Statement for the Title III Plan of Adjustment of the Debtors of Puerto Rico Sales Tax Financing* Corporation dated October 19, 2018 (the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

"Disclosure Statement") [Dkt. No. 4075] as submitted by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Puerto Rico Sales Tax Financial Corporation (the "Debtor" or "COFINA").

### Preliminary Statement

1. While the Disclosure Statement is extensive as befits the nature of this case, it nevertheless fails to provide adequate information for creditors to make an informed decision regarding the Debtor's *Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* (the "Plan") as required by Bankruptcy Code Section 1125(a) made applicable to herein by section 301(a) of the *Puerto Rico Oversight, Management and Economic Stability Act* ("PROMESA").[2] The Disclosure Statement fails to address in any manner that the Debtor cannot redeem, defease, refund or repurchase certain of its existing senior bonds as contemplated under the Plan without satisfying a contractual obligation to Lehman as referenced below. In order to pass muster, the Disclosure Statement must not only disclose this obligation to Lehman but confirm how it will be paid. Lehman also objects to the Plan and Disclosure Statement to the extent the Debtor seeks to release, exculpate or otherwise shield Bank of New York or others from certain claims Lehman may have against it. Finally, Lehman submits that the Disclosure Statement is deficient because, among other reasons discussed below, it fails to provide any detail regarding causes of action the Debtor may have that could be another source of recovery for non-bondholder related claims.

### Background

2. On June 30, 2016, the Oversight Board was established pursuant to section 101(b) of PROMESA.

---

[2] 48 U.S.C. §§ 2101-2241.

3. On September 30, 2016, the Oversight Board designated COFINA as a "covered entity" under PROMESA section 101(d).

4. Thereafter, on May 5, 2017 ("Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA pursuant to section 304(a) of PROMESA, commencing a case under Title III thereof (this "Case"). Pursuant to section 315(b) of PROMESA, the Oversight Board is the representative of the Debtor in this Case.

5. Prior to the Petition Date, on or about July 1, 2008, Lehman, the Debtor and the Bank of New York (the "Trustee"), as trustee under the *Sales Tax Revenue Bond Resolution* adopted by the Debtor on July 13, 2007, as amended on June 19, 2009 and pursuant to certain supplemental resolutions (collectively, the "Resolution"), entered into a certain *Debt Service Deposit Agreement* (the "DSDA").

## Objection to the Adequacy of the Disclosure Statement

6. Pursuant to 11 U.S.C. § 1125(b), made applicable to this Case by section 301(a) of PROMESA, in the Disclosure Statement, the Debtor must provide adequate information in sufficient detail "as far as is reasonably practical in light of the nature and history of the debtor and the condition of the debtor's books and records . . . that would enable such a hypothetical creditor of the relevant class to make an informed judgment about the plan." 11 U.S.C. 1125(a)(1); *see also, In re El Comandante Mgmt., Co., LLC,* 359 B.R. 410, 414-15 (Bankr. D. Puerto Rico 2006). Although the size and breadth of the Debtor's disclosure statement is impressive, it nevertheless falls short of adequately discussing and disclosing certain critical issues pertinent to creditors deciding how to vote on the Plan.

## The Disclosure Statement Fails to Disclose the DSDA or How Lehman's Rights Under the DSDA Will Be Treated

7. Under the Plan, the senior bonds are being redeemed, defeased, refunded or

repurchased through a combination of cash and the issuance of new bonds. Yet the Disclosure Statement fails to describe Lehman's contract rights in that event and how those rights will be treated. The Disclosure Statement does not even mention the DSDA.

8. Moreover, the Disclosure Statement fails to discuss the funds available to pay non-bonds related claims or administration claims in accordance with the Plan. It appears from the Disclosure Statement that all available cash is being distributed in connection with claims and expenses related to the bonds other than amounts to be retained by COFINA in its Operating Expense Account. It is unclear whether non-bonds related claims will be paid from the Operating Expense Account, which the Debtor indicated will be established to satisfy the operating expenses of Reorganized COFINA in the ordinary course of business, or some other source of funds.

Lehman must be Excluded from the Release of the Trustee.

9. The Plan provides for various releases of third parties, including the Trustee. Indeed, under the Plan, subject to certain exceptions, the Trustee is getting a release of all claims and causes of action released under the Plan and in accordance with the Plan Support Agreement. However, under the DSDA, the Trustee is liable to Lehman for all losses incurred by Lehman upon an event of default caused by the Trustee's gross negligence or willful misconduct or by a breach of the Trustee's representations and warranties under the DSDA. Accordingly, the Plan and Disclosure Statement must provide that the releases (and the definition of "Released Claims" under the Plan) are not intended to include, nor shall they have the effect of including, any claims or causes of action Lehman may have under the DSDA against the Trustee for gross negligence, willful misconduct or arising from a breach of the Trustee's representations and warranties under the DSDA.

Third Party Releases Should Not Be Imposed Upon Creditors By Default

10. Under the Plan, all creditors are bound by the Plan releases unless they affirmatively elect to opt-out, and if they do elect to opt-out, under Section 30.6 of the Plan, they are not be entitled to, and shall not receive, any payment, distribution or other satisfaction of its claim pursuant to the Plan (the "Opt-out Provision"). As a threshold matter, it is uncertain whether the third-party releases are permissible under the Plan given that § 524(g) of the Bankruptcy Code that permits releases and injunctions of third parties, is not applicable to this Case under Section 301 of PROMESA. In any event, the Debtor should not be permitted to impose a third-party release on creditors who have not affirmatively manifested their consent to such release by opting to consent to the release rather than having to exercise the Opt-Out Provision. More importantly, a creditor's recovery under the Plan should not hinge upon acceptance of the release of third parties.

The Disclosure Statement Fails to Discuss the Nature and Extent of COFINA's Causes of Action

11. In the Disclosure Statement, the Debtor failed to adequately discuss its assets comprising of causes of action. The Plan provides that other than the causes of action released under the Plan, Reorganized COFINA retains the exclusive right and power to litigate any of its claims or cause of actions, including any avoidance action. However, the Debtor fails to disclose whether it investigated potential causes of action, the steps it undertook to conduct such investigations, whether there are any such retained causes of action, and if so, their nature, the possibility of any recovery and whether potential recoveries are unencumbered. Moreover, the Debtor states in the Disclosure Statement that its obligations, including, directors and officers insurance policies, to indemnify and reimburse its directors or officers will be deemed assumed under the Plan (Section VI.F.7) but fails to discuss its indemnification obligations or to confirm whether there are any such policies in effect. Lehman submits that any recoveries under any causes of action or insurance policies should be held in trust for the benefit of, or otherwise be

-5-

made available to satisfy, non-bonds related claims.

### The Disclosure Statement Fails to Discuss the Likelihood of Success of Challenges to Constitutionality of COFINA AND PROMESA

12. The Disclosure Statement discusses a number of actions that were commenced challenging the constitutionality of PROMESA, the appointment of the Oversight Board as well as the very existence of COFINA as an entity. However, despite the fact that these issues are threshold matters affecting the existence of COFINA and the legality of these very proceedings, creditors should be given as fair an assessment of the reasonable likelihood of success of these constitutional challenges.

### Notice

13. Notice of this Objection shall be provided to (a) counsel for the Oversight Board, (b) counsel for the Trustee, (c) Office of the United States Trustee for the District of Puerto Rico, (d) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, (e) attorneys for the Official Committee of Unsecured Creditors, (f) those creditors holding the 20 largest unsecured claims against COFINA, (g) attorneys for the Official Committee of Retired Employees, (h) the attorneys for Ambac Assurance Corporation, (i) the attorneys for Assured Guaranty Municipal Corp., (j) the attorneys for National Public Finance Guarantee Corporation, (k) the attorneys for the COFINA Senior Bondholders' Coalition, (l) the attorneys for Oppenheimer and the First Puerto Rico Family of Funds, (m) the attorneys for Goldman Sachs Asset Management, L.P., (n) the attorneys for the Puerto Rico Funds, (o) the attorneys for Bonistas del Patio, Inc. (p) the attorneys to certain of the Insured Senior Holders, (q) the attorneys to GoldenTree Asset Management LP, (r) the attorneys to Tilden Park Capital Management LP, (s) the attorneys to Whitebox Advisors LLC, (t) the attorneys for Aurelius and Six PRC, and (u) all parties that have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. Lehman submits that, in light of the nature of the relief

requested, no other or further notice is necessary or required.

### Reservation of Rights

14. Lehman expressly reserves its rights to supplement and amend this objection and introduce evidence at any hearing relating to this objection without in any way limiting any other rights that it may have. Lehman also expressly reserves its rights to object to confirmation of the Plan on any grounds, as may be appropriate.

### Conclusion

**WHEREFORE**, Lehman respectfully requests that the Court deny approval of the Disclosure Statement and grant to it such other relief as may be just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 13th day of November 2018.

**WE HEREBY CERTIFY** that on this same date the foregoing motion was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record and to those parties referenced above.

| C. CONDE & ASSOC. | HALPERIN BATTAGLIA BENZIJA, LLP |
|---|---|
| By:/s/ Carmen D. Conde Torres<br>Carmen D. Conde Torres<br>USDC No.: 207312<br>/s/ Luisa S. Valle Castro<br>Luisa S. Valle Castro<br>USDC No.: 215611<br>254 San José Street<br>Suite 5<br>San Juan, PR 000901-1523<br>Telephone: 787-729-2900<br>Facsimile:787-729-2203<br>Email: condecarmen@condelaw.com<br>Email: ls.valle@condelaw.com | By: /s/ *Walter Benzija*<br><br>Walter Benzija (*pro hac vice admission pending*)<br>Alan D. Halperin (*pro hac vice admission pending*)<br>Debra J. Cohen (*pro hac vice admission pending*)<br>40 Wall Street<br>New York, New York 10005<br>Telephone: (212) 765-9100<br>Facsimile: (212) 765-0964<br>ahalperin@halperinlaw.netwbenzija@halperinlaw.net<br>dcohen@halperinlaw.net |
| *Attorneys for Lehman Brothers Holding, Inc. as Plan Administrator for Lehman Brothers Special Financing, Inc.* | *Attorneys for Lehman Brothers Holding, Inc. as Plan Administrator for Lehman Brothers Special Financing, Inc.* |