UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

_____x

In re

THE FINANCIAL OVERSIGHT BOARD AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

THE COMONWEALTH OF PUERTO RICO,
et al.

                Debtors.
_____x

PROMESA
Title III

No. 17 BK 3283-LTS

Jointly Administered

OBJECTIONS TO THE PLAN OF ADJUSTMENT
AND THE ADEQUACY OF THE COFINA
DISCLOSURE STATEMENT AND THE RELIEF
REQUESTED IN THE DISCLOSURE STATEMENT
WITH RESERVATION OF RIGHTS

TO:  The Honorable United States District Judge Laura Taylor Swain:

   Stephen T. Mangiaracina, Esq. as a retail COFINA junior bondholder, being a party in interest in this case hereby submits Objections to the Plan of Adjustment and the adequacy of the Disclosure Statement and relief requested therein in response to the Court's scheduling order, dated October 18, 2018, Case 17-03284-LTS with Reservation of Rights.

   Objectant named above resides at 5 Salem Road, Hilton Head Island, SC 29928.  Objections are also submitted for my wife MaryAnn V. Mangiaracina of same address; daughter Kim A. Schidrich and son in law Steven Schidrich, residing at 2 Stillwater Lane, Bluffton, SC 29910 and sister in law Georgiana Persichilli, residing at 6 Doharty Lane, Bluffton, SC 29909.  All are also retail COFINA junior bondholders.

1

OBJECTION 1: The entire Disclosure Statement, all 621 pages, from end to end reeks of a denial of due process. The Court's scheduling order to file objections compliments this denial of due process. While the Disclosure Statement says individual bondholders can file objections, this is a farce. There was no mailing. Even if there was, what percentage of recipients would understand the content of the 621 pages and would figure out how to write objections and how to, without electronically filing capacity, serve them on the required 24 recipients plus the Court all by November 13, 2018. Based on cost/benefit consideration, retail COFINA junior bondholders retaining an attorney is a nonstarter. It cannot be done, so people have to stand by helplessly while their property is wrongfully taken from them. This is the distinction between the retail COFINA junior bondholders and the institutions which had a seat at the table with their attorneys putting together the Plan of Adjustment.

Thus the Objectant's expectation is that a diminimus number of retail COFINA junior bondholders will submit objections. I believe this is also the expectation of those who crafted the Disclosure Statement. This further diminishes due process to this Objectant in being denied the benefit of strength through numbers and raising money to try to combat the proponents of the Plan of Adjustment, who as a group have limitless funds including the Financial Oversight Management Board paying the legal fees for both the Commonwealth and its sham adversary COFINA, looking to take my property and that of many many others. This will run into billions of dollars taken.

Attached hereto as Exhibit A are letters sent to your attention dated October 11, 2018, October 3, 2018, October 1, 2018, September 20, 208, August 15, 2018, August 10, 2018, August 7, 2018, June 27, 2018, June 15, 2018 and May 17, 2018 including attachments; and correspondence dated July 2, 2018 to Wilke Farr & Gallagher copied to you.

Throughout them I set forth why a settlement attempt is inappropriate and asked the Court to render a decision and order on the summary judgment motion before you since April 10, 2018. My June 15, 2018 letter stated in part:

> "The little people" sales tax bondholders have not come to this Court and suggested settlement before this Court renders its decision. My family just wants a decision. This settlement scheme being hatched smells. The Oversight Board's interests which are the Commonwealth's are contrary to those of the sales tax bondholders. It should not be allowed to orchestrate a settlement scenario where it controls everything including the outcome to avoid a decision it apparently fears coming soon. We do not have the deep pockets and organization capacity to engage in such a charade. I assume most of the other sales tax bondholders are similarly situated. People (families) need to plan their lives and know where they stand, win or lose I believe the Court at this point in time knows how it intends to rule on this matter.
>
> I respectfully ask the Court to render a decision. Thank you."

The Disclosure Statement sets forth that you set up mediation teams to settle the precise issues submitted to the Court for decision and order on April 10, 2018. This is whether COFINA was formed 12 years ago within the bounds of the Commonwealth's constitution. This issue is still before the Court for decision with no impediment preventing the Court from doing so.

The Plan of Adjustment continues COFINA's existence. This is an acknowledgement that COFINA's existence is constitutional. If this Court confirms this with a decision, retail COFINA junior bondholders keep their bonds as they presently exist, get back interest and future interest until maturity and then payment in full of the face value of their bonds.

Upon information and belief, this Court could have rendered a decision rather quickly but by your actions committed to engineer a settlement to avoid doing so. This choice has levied a great injustice on so many people by you denying us due process. Even the unlikelihood of losing the summary judgment motion on the merits will be better than what we are experiencing now. This will go on into 2019 with an appeal certain if this Plan of Adjustment is pushed through. The U.S. Court of Appeals for the First Circuit can send the matter back to this Court directing it to make a decision.

Yet, if we lost on the motion, there would be no senior vs. junior issues. The institutions with seniors and their insurance carriers would file an appeal which would likely be resolved by now. I believe we would win there. If not, we juniors, as new general creditors would do better than the 56.4 cents on the dollar that others, without our participation, thinks is fair for us. We would all be on the same side with a growing Commonwealth economy.

This could have all been over with simplicity. Those who participated in the settlement negotiations took advantage of our lack of presence, but this Court and the FOMB created the environment for this to take place. Now we are faced with a 621 page disgrace.

OBJECTION 2: The issue of Bankruptcy Fraud has not been addressed. Beginning with this Objectant's September 20, 2018 letter with attachments, I set forth my claim that the May 5, 2017 filing for Title III Bankruptcy protection, by the Oversight Board, Puerto Rico's Governor Ricardo Rossello, the COFINA Executive Board, was the birth date of a criminal enterprise to get control over COFINA for the purpose of wrongfully taking the property rights of COFINA bondholders. But for that act, we would not be where we are today.

Objectant's letters, dated October 11, 2018, October 3, 2018, October 1, 2018 and September 20, 2018; and also letters with attachments dated October 11, 2018 and October 3, 2018 to the

4

attention of Rob Bishop, Chairman-Committee of Natural Resources, U.S. House of Representatives (with attachments, references, and admissions by perpetrators) are all included in Exhibit A. They set forth how we got from May 5, 2018 to the creation of the Plan of Adjustment and the culmination of a likely bankruptcy fraud, if it is not even being investigated to prevent grievous harm to so many people.

This Objectant has submitted to this Court ample documents and statements to justify a criminal referral by you to the Department of Justice for investigation. This does not mean presenting proof beyond a reasonable doubt. The investigation will determine whether there is sufficient evidence to indict. This is not an issue that would fall under Federal civil law such as Bankruptcy Code where the Court, within bounds, has discretionary leeway. Here we have a criminal issue with major implications affecting thousands of people's lives. I raised this issue of a referral in my letters to this Court as to whether this Court was aiding and abetting what I believe to be a criminal enterprise, by its aggressive commitment to settle and avoid making a decision on the motion, now before you for 7 months.

The October 5, 2018 and September 7, 2018 letters filed in Docket 4033 were sent to the attention of Rob Bishop, U.S. House of Representatives, and The Bank of New York Mellon by Seema Balwada, CFA; 7 Thomas Speakman Drive, Glen Mills, PA 19342; and August 27, 2018 and September 4, 2018 letters sent and filed in Docket #3859. Ms. Balwada, a Chartered Financial Analyst, succinctly addresses what is wrong with the Commonwealth vs. COFINA Settlement Proposal.

Upon information and belief Ms. Belwada has sent two related letters to your attention which the Court has not yet entered on the Docket. They should be considered part of this Objection.

Not to be ignored is that the principals involved since May 5, 2017, in what I see as a criminal enterprise, were material players in putting together the Plan of Adjustment and Disclosure Statement that deny due process to retail COFINA junior bondholders.

A criminal investigation by the Department of Justice would resolve the issues I have put before the Court. Federal Agents conducting a forensic accounting as to the history of the financial solvency of COFINA is a must. An investigation into how and why COFINA was put into Voluntary Title III is a must. An investigation into how the Oversight Board got to represent both sides and pay their legal fees in the summary judgment motion(s) put before this Court on April 10, 2018 for decision and order is a must. An investigation into how the settlement team was created is a must, and what went into the settlement negotiations is a must. An investigation into how the Plan of Adjustment and Disclosure Statement were concocted is a must  I am confident the DOJ will know what to do.

These issues cannot be resolved at the November 20, 2018 hearing. This should not be a subject of negotiations by attorneys. Retail COFINA junior bondholders are guaranteed due process with transparency by our Constitution. Right now we are not getting it.

### APPEARANCE AT NOVEMBER 20, 2018 HEARING REGARDING OBJECTIONS

This Objectant will not appear at the hearing on November 20, 2018. I reside in South Carolina. It is 2 days before Thanksgiving. It would cost an exorbitant amount of money for airfare, lodging, and meals and local travel. My family and I cannot spend what it would take to have a New York law firm represent us before this Court on this date.

## RESERVATION OF RIGHTS

Objectant reserves the right to amend and add to these Objections due to new events and discovery of information related to the proposed Plan of Adjustment and the Disclosure Statement.

## CONCLUSION

Objectant will vote against the Plan of Adjustment based on the content of the objections put before the Court and the correspondence Ms. Seena Balwada has addressed to this Court appearing on the Docket. Objectant respectfully asks the Court to reject the proposed Plan of Adjustment.

Respectfully submitted this 13th day of November, 2018.

By: /s/ Stephen T. Mangiaracina,Esq.

Stephen T. Mangiaracina, Esq., Pro Se (pro hac vice)
5 Salem Road
Hilton Head Island, South Carolina 29928
Telephone: (843) 785-5800
Facsimile: (843) 785-4100
Email: STMangiaracina@aol.com