

The Bank of New York Mellon

August 14, 2018

# NOTICE TO HOLDERS OF

## PUERTO RICO SALES TAX FINANCING CORPORATION

## SALES TAX REVENUE BONDS

### SENIOR SERIES 2007A, 2007B, 2007C, 2008A, 2009C, 2011C, 2011D

### FIRST SUBORDINATE SERIES 2009A, 2009B, 2010A, 2010C, 2010D, 2010E, 2011A, 2011B

### CUSIP NOS.[1]

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 74529JAF2 | 74529JBF1 | 74529JEM3 | 74529JFV2 | 74529JHN8 | 74529JKD6 | 74529JLJ2 | 74529JMJ1 |
| 74529JAG0 | 74529JBG9 | 74529JEN1 | 74529JFW0 | 74529JHP3 | 74529JKE4 | 74529JLK9 | 74529JMK8 |
| 74529JAH8 | 74529JBH7 | 74529JEP6 | 74529JGU3 | 74529JHR9 | 74529JKF1 | 74529JLL7 | 74529JML6 |
| 74529JAJ4 | 74529JBJ3 | 74529JEQ4 | 74529JND3 | 74529JHS7 | 74529JKG9 | 74529JLM5 | 74529JMM4 |
| 74529JAK1 | 74529JBK0 | 74529JER2 | 74529JGW9 | 74529JHT5 | 74529JKH7 | 74529JLN3 | 74529JMN2 |
| 74529JAL9 | 74529JBL8 | 74529JES0 | 74529JNE1 | 74529JHU2 | 74529JKJ3 | 74529JLP8 | 74529JME2 |
| 74529JAM7 | 74529JAE5 | 74529JFF7 | 74529JGY5 | 74529JNL5 | 74529JKK0 | 74529JLQ6 | 74529JMF9 |
| 74529JAN5 | 74529JDY8 | 74529JFG5 | 74529JGZ2 | 74529JGP4 | 74529JKL8 | 74529JLR4 | 74529JNM3 |
| 74529JAP0 | 74529JDZ5 | 74529JFH3 | 74529JNF8 | 74529JGR0 | 74529JKM6 | 74529JLD5 | 74529JNN1 |
| 74529JAQ8 | 74529JEA9 | 74529JFJ9 | 74529JHB4 | 74529JHY4 | 74529JKN4 | 74529JLE3 | 74529JNP6 |
| 74529JAR6 | 74529JEB7 | 74529JFK6 | 74529JNG6 | 74529JHW8 | 74529JKP9 | 74529JLX1 | 74529JNQ4 |
| 74529JAS4 | 74529JEC5 | 74529JFL4 | 74529JHD0 | 74529JHX6 | 74529JKQ7 | 74529JLY9 | 74529JNR2 |
| 74529JBB0 | 74529JED3 | 74529JFM2 | 74529JHE8 | 74529JGQ2 | 74529JKR5 | 74529JLZ6 | 74529JNS0 |
| 74529JAA3 | 74529JEE1 | 74529JFN0 | 74529JHF5 | 74529JHV0 | 74529JKS3 | 74529JMA0 | 74529JNT8 |
| 74529JBC8 | 74529JEF8 | 74529JFP5 | 74529JHG3 | 74529JJX4 | 74529JKT1 | 74529JMC6 | 74529JPD1 |
| 74529JAB1 | 74529JEG6 | 74529JFQ3 | 74529JHH1 | 74529JJY2 | 74529JKU8 | 74529JMD4 | 74529JPE9 |
| 74529JBD6 | 74529JEH4 | 74529JFR1 | 74529JNH4 | 74529JJZ9 | 74529JKV6 | 74529JMB8 | 74529JPF6 |
| 74529JBE4 | 74529JEJ0 | 74529JFS9 | 74529JNJ0 | 74529JKA2 | 74529JLF0 | 74529JMP7 | 74529JPG4 |
| 74529JAC9 | 74529JEK7 | 74529JFT7 | 74529JHL2 | 74529JKB0 | 74529JLG8 | 74529JMG7 | 74529JPH2 |
| 74529JAD7 | 74529JEL5 | 74529JFU4 | 74529JHM0 | 74529JKC8 | 74529JLH6 | 74529JMH5 | 74529JNW1 |
| 74529JNU5 | 74529JNX9 | 74529JNV3 | 74529JNY7 | 74529JNZ4 | 74529JPA7 | 74529JPB5 | 74529JPC3 |
| 74529JPJ8 | 74529JPK5 | 74529JPL3 | | | | | |

---

[1] No representation is made as to the correctness or accuracy of any CUSIP numbers, which are included solely for the convenience of the Bondowners.

**THIS NOTICE CONTAINS IMPORTANT INFORMATION THAT IS OF INTEREST TO THE BENEFICIAL OWNERS OF THE SUBJECT BONDS. ALL DEPOSITORIES, CUSTODIANS, AND OTHER INTERMEDIARIES RECEIVING THIS NOTICE ARE REQUESTED TO EXPEDITE RETRANSMITTAL TO SUCH BENEFICIAL OWNERS IN A TIMELY MANNER.**

The Bank of New York Mellon (the "Trustee") serves as trustee under the Amended and Restated Sales Tax Revenue Bond Resolution (as amended and supplemented from time to time, the "Resolution"), adopted on July 13, 2007, by the Puerto Rico Sales Tax Financing Corporation ("COFINA"), pursuant to which COFINA issued the above-referenced senior and subordinate sales tax revenue bonds (the "Bonds"). Capitalized terms used but not defined in this notice have the meanings given in the Resolution.

**Title III Proceeding and Interpleader Action**

The Trustee previously advised Bondowners that, on May 5, 2017, The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") filed a petition for relief on behalf of COFINA under title III of the Puerto Rico Oversight, Management, and Economic Stability Act, 48 U.S.C. § 2101 *et seq.*, in the United States District Court for the District of Puerto Rico (the "Court"). COFINA's title III proceeding is being administered jointly on the docket of the United States Bankruptcy Court for the District of Puerto Rico at Case No. 17-BK-03283-LTS.[2]

The Trustee also previously advised Bondowners that, pursuant to the *Order Granting Interpleader, Staying Pending and Future Litigation Against The Bank of New York Mellon, as Trustee, Pursuant to 28 U.S.C. § 2361, and Granting Related Relief* (the "Interpleader Order") entered by the Court in Adv. Proc. No. 17-AP-00133-LTS, the Trustee will not make any payment on the Bonds from the Pledged Sales Tax received by the Trustee until the Court enters a further order directing the timing of distributions and identifying the recipients of such funds. Pending direction from the Court, the Trustee holds funds in the existing accounts on behalf of the party or parties ultimately determined by the Court to be entitled to them.[3]

**Material Developments**

Order Granting Renewed Procedures Motion.[4] The Trustee previously advised Bondowners that the Commonwealth Agent filed a renewed motion (the "Renewed Procedures Motion") seeking to establish certain procedures with respect to the Pledged Sales Tax collected on or after July 1, 2018. On July 24, 2018, the Court entered an order (the "Procedures Order") granting the relief sought in the Renewed Procedures Motion. Pursuant to the Procedures Order, the Trustee is required to account separately for the Pledged Sales Tax received (i) on or before June 30, 2018, (ii) on or after July 1, 2018, through the end of the Abeyance Period (as defined in the

---

[2] To the extent of any discrepancy between this notice and the documents filed with the Court, the filed documents control.

[3] The Trustee takes no position with respect to the record date of any payments made at the Court's direction.

[4] Capitalized terms used but not defined in this paragraph have the meanings given in the *Stipulation and Order Approving Procedures to Resolve Commonwealth-COFINA Dispute* [Case No. 17-BK-3283-LTS; Doc. No. 996].

Procedures Order), and (c) after the Abeyance Period. A copy of the Procedures Order is enclosed with this notice as **Annex A**.

Account Balances as of August 1, 2018. Consistent with the Interpleader Order and the Procedures Order, the balance of each debt service account as of August 1, 2018, is set forth on the chart attached to this notice as **Annex B**.

Agreement in Principle Regarding COFINA Plan of Adjustment. On August 8, 2018, the Governor of Puerto Rico announced (the "Announcement") that the Oversight Board, as representative of COFINA, the Commonwealth of Puerto Rico, certain senior and subordinate Bondowners, and certain monoline insurers reached an agreement in principle with regard to the treatment of Bondowners and the terms of new COFINA securities under a future plan of adjustment for COFINA. The Announcement includes a presentation of the terms of the agreement in principle. A copy of the Announcement is enclosed with this notice as **Annex C**.

**Direction from Bondowners**

Pursuant to sections 1102 and 1105 of the Resolution, Bondowners holding the requisite percentage in principal amount of the outstanding Bonds may direct the Trustee with respect to the exercise of rights and remedies and the method of conducting any remedial proceedings with respect to the Bonds. The Trustee has no obligation to exercise any of the rights or powers vested in it by the Resolution at the request or direction of any of the Bondowners without first receiving security or indemnity satisfactory to the Trustee against the costs, expenses, and liabilities which might be incurred by it in compliance with such request or direction.

**Retention of Counsel**

The Trustee has retained the law firm of Reed Smith LLP and, specifically, Eric A. Schaffer, to represent the Trustee in connection with the Resolution and COFINA's title III proceeding. The Trustee's counsel may be contacted by mail at Reed Smith LLP, Attn: Eric A. Schaffer, 225 Fifth Avenue, Suite 1200, Pittsburgh, PA 15222, or by email at eschaffer@reedsmith.com.

The Trustee has incurred and will continue to incur fees, expenses, and disbursements, including professional fees, expenses, and disbursements, from time to time. The Trustee reserves its rights under the Interpleader Order, the Resolution (including, without limitation, sections 505, 804, and 1103), and any other applicable statute, order, or agreement for reimbursement of any unpaid fees and expenses, including the Trustee's professional fees, expenses, and disbursements, prior to payment of the Bonds.

**Further Information**

Questions concerning this notice may be directed to the Trustee by contacting Mr. Alex Chang at The Bank of New York Mellon, 101 Barclay Street, New York, NY 10286, or by email at alex.chang@bnymellon.com.

The Trustee may conclude that a specific response to particular inquiries from individual Bondowners is not consistent with equal and full dissemination of significant information to all Bondowners or parties in interest. In such event, the Trustee may decline to provide a response to a particular inquiry when presented in favor of sending a notice to all Bondowners setting forth such specific response.

Bondowners should not rely on the Trustee as their sole source of information. The Trustee makes no recommendations and gives no legal, investment, accounting, financial, or tax advice as to the above matters or the Bonds generally. Bondowners should consult with their own professionals regarding matters relating to the Bonds.

              **THE BANK OF NEW YORK MELLON,**
              as Trustee

# ANNEX A

Procedures Order

(Attached)

Case:17-03283-LTS Doc#:4215-2 Filed:11/13/18 Entered:11/13/18 12:08:37 Desc:
Exhibit Attachment to October 11, 2018 Letter to Judge Swain Page 6 of 15

Case:17-03283-LTS Doc#:534 Filed:07/24/18 Entered:07/24/18 16:45:57 Desc: Main
Document Page 1 of 6

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x
In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO *et al.*,

    Debtors.[1]

PROMESA
Title III

Case No. 17-BK-3283 (LTS)

(Jointly Administered)

------------------------------------------------------------x
In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO SALES TAX FINANCING,
CORPORATION ("COFINA")

    Debtor.

PROMESA
Title III

Case No. 17-BK-3284 (LTS)

------------------------------------------------------------x

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF THE COMMONWEALTH OF
PUERTO RICO,

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

180724 ORDER RE SUT PROCEDURES      VERSION JULY 24, 2018

1

Case:17-03283-LTS Doc#:4215-2 Filed:11/13/18 Entered:11/13/18 12:08:37 Desc:
Exhibit Attachment to October 11, 2018 Letter to Judge Swain Page 7 of 15

Case:17-00257-LTS Doc#:153 Filed:07/24/18 Entered:07/24/18 15:29:57 Desc: Main
Document Page 2 of 6

as agent of

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO

as representative of

THE COMMONWEALTH OF PUERTO RICO,

Plaintiff,

v.

BETTINA WHYTE,

as agent of

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO

as representative of

THE PUERTO RICO SALES TAX FINANCING
CORPORATION,

Defendant.

Adv. Proc. No. 17-00257-LTS

------------------------------------------------x

ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 105(a)
AND BANKRUPTCY RULE 9019, ESTABLISHING PROCEDURES
GOVERNING 5.5% SUT REVENUES COLLECTED ON OR AFTER JULY 1, 2018

Upon the *Commonwealth Agent's Renewed Motion, Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019, for Order Establishing Procedures Governing 5.5% SUT Revenues Collected on or After July 1, 2018* (the "Renewed Motion");[2] and the court having found it has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and it appearing that venue is proper pursuant to section 307(a) of PROMESA; and the court

---

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Renewed Motion.

180724 ORDER RE SUT PROCEDURES         VERSION JULY 24, 2018         2

Case:17-03283-LTS Doc#:4215-2 Filed:11/13/18 Entered:11/13/18 12:08:37 Desc: Exhibit Attachment to October 11, 2018 Letter to Judge Swain Page 8 of 15

Case:17-03283-LTS Doc#:3764 Filed:07/24/18 Entered:07/24/18 15:39:57 Desc: Main Document Page 3 of 6

having found that the relief requested in the Renewed Motion is in the best interests of the Commonwealth, its creditors, and other parties in interest and satisfies the standard for approval of a compromise or settlement in accordance with Bankruptcy Rule 9019; and the court having found that the movants provided adequate and appropriate notice of the Renewed Motion under the circumstances and that no other or further notice is required; and the court having reviewed the Renewed Motion; and the court having determined that the legal and factual bases set forth in the Renewed Motion establish just cause for the relief granted herein; and any objections to the relief requested in the Renewed Motion having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

    1.    The Renewed Motion is GRANTED to the extent set forth herein.

    2.    For the avoidance of doubt, this Order modifies and replaces the SUT Procedures Order.

    3.    The following procedures shall govern the 5.5% SUT revenues on deposit and to be deposited with BONY:

        (a)    BONY shall separately account for (i) all 5.5% SUT revenues currently in BONY accounts or received on or before June 30, 2018 (the "Pre-July 1 2018 Funds"), (ii) all 5.5% SUT revenues received by BONY on or after July 1, 2018 and prior to the earlier of (x) the end of the 60-day abeyance period provided for in the Abeyance Order (as such period may be extended or subsequently renewed by further order of the Court) plus 30 calendar days or (y) the date of a ruling by this court on the pending motions for summary judgment in this Adversary Proceeding (such period,

Case:17-03283-LTS Doc#:4215-2 Filed:11/13/18 Entered:11/13/18 12:08:37 Desc:
Exhibit Attachment to October 11, 2018 Letter to Judge Swain Page 9 of 15

Case:17-00257-LTS Doc#:534 Filed:07/24/18 Entered:07/24/18 15:37:31 Desc: Main
Document Page 4 of 6

the "Abeyance Period" and the funds received during such period, the "Abeyance Period Funds"), and (iii) all 5.5% SUT Revenues received by BONY following the conclusion of such Abeyance Period (the "Post-Abeyance Period Funds"), so as to ensure that the three pools of funds (and proceeds from investment of such funds) are clearly identifiable;

(b) Upon the effective date of the settlement, the Abeyance Period Funds and Post-Abeyance Period Funds shall be allocated and released to the Commonwealth and COFINA in accordance with the percentage shares of the PSTBA set forth in the settlement agreement (*i.e.*, 53.65% for COFINA, which would be the first dollars of the 5.5% SUT, and 46.35% for the Commonwealth) (as it may be modified by a settlement agreement or order of this court, including an order confirming a plan of adjustment for COFINA or an order authorizing such settlement agreement pursuant to Rule 9019 in the Commonwealth's Title III case); and

(c) In the event that either (x) the Agents do not execute a settlement agreement by August 4, 2018 or (y) the effective date of COFINA's Title III plan of adjustment approving and incorporating the settlement does not occur within 200 days after the Commonwealth Agent and the COFINA Agent have executed the settlement agreement (as such deadlines may be extended pursuant to the terms of the Agreement in Principle), then the court's eventual ruling on the ownership of 5.5% SUT not yet collected by the Commonwealth (as of June 30, 2018) shall govern the ownership, as between the Commonwealth and COFINA, of the Abeyance Period Funds

(it being understood that neither party is waiving any appellate rights with respect to such determination).

4. For the avoidance of doubt, all SUT funds on deposit or to be deposited into the BONY accounts, including the Pre-July 1, 2018 Funds, the Abeyance Period Funds, and the Post-Abeyance Period Funds, shall continue to remain subject to the *Order Granting Interpleader, Staying Pending and Future Litigation Against Bank of New York Mellon, as Trustee, Pursuant to 28 U.S.C § 2361, and Granting Related Relief* [Docket No. 110 in Adv. Proc. 17-00133 (LTS)] (the "Interpleader Order"), and nothing in this Order shall affect any party's rights under the Interpleader Order. Further, BONY is hereby released and discharged from any and all claims and liability relating to and arising from BONY's compliance with this Order.

5. Nothing in this Order affects the collection, transfer, or deposit of SUT revenues that are not deposited with BONY.

6. To the extent there is any conflict between the terms of the Agreement in Principle and the terms of this Order, this Order shall govern.

7. The Commonwealth, COFINA, BONY, Banco Popular, the GDB, the Commonwealth Agent, and the COFINA Agent are authorized and directed to take all actions necessary to effectuate the relief granted pursuant to this Order.

8. This Order shall not be stayed and shall be valid and fully effective immediately upon entry.

9. The rights (if any) of parties in interest to oppose the settlement described in the Agreement in Principle or otherwise to object to entry of any order implementing the settlement, including an eventual order confirming COFINA's Title III plan of adjustment or an order

180724 ORDER RE SUT PROCEDURES          VERSION JULY 24, 2018

5

Case:17-03283-LTS Doc#:4215-2 Filed:11/13/18 Entered:11/13/18 12:08:37 Desc:
Exhibit Attachment to October 11, 2018 Letter to Judge Swain Page 11 of 15

Case:17-00257-LTS Doc#:534 Filed:07/24/18 Entered:07/24/18 15:30:57 Desc: Main
Document Page 6 of 6

approving the settlement under Bankruptcy Rule 9019 in the Commonwealth's Title III case, are expressly preserved. Nothing in this Order shall limit or otherwise affect the rights of any party under the Stipulation.

10. This court shall retain exclusive jurisdiction over all matters pertaining to the implementation, interpretation, and enforcement of this Order.

11. This Order resolves Docket Entry No. 526 in Case No. 17-257.

SO ORDERED.

Dated: July 24, 2018

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

## ANNEX B

### Market Value as of August 1, 2018

| **Account Name** | **Pre-July 1, 2018 Funds** | **Abeyance Period Funds** |
|---|---:|---:|
| COFINA Series 2009C Tax Exempt Debt Service Account | $26,885,544.09 | $470,080.91 |
| RPF Debt Service Interest Sub Account Tax Exempt Senior Bonds | $70,945,573.94 | $1,857,848.86 |
| RPF Debt Service Interest Sub Account Taxable Senior Bonds | $258,438,255.75 | $49,058,291.18 |
| PF Debt Service Interest Tax Exempt 1st Sub Account | $344,875,840.64 | $31,164,611.93 |
| PF Debt Service Interest Taxable 1st Sub Account | $122,553,220.01 | $10,994,904.97 |
| PF First Subordinate 2010A Tax Exempt Interest FD | $121,951,019.46 | $12,364,543.59 |
| PF First Subordinate 2010C Tax Exempt Interest FD | $116,839,839.37 | $12,389,638.77 |
| PF First Subordinate 2010D Taxable Interest FD | $6,124,008.89 | $640,236.69 |
| PF First Subordinate 2010E Taxable Interest FD | $6,025,076.86 | $619,631.33 |
| COFINA 2011A 1 Debt Service Tax Exempt | $25,804,199.22 | $2,736,264.52 |
| COFINA 2011B Debt Service Tax Exempt | $3,251,919.94 | $355,561.03 |
| COFINA 2011C Senior Tax Exempt Debt Service Sub Account | $89,830,248.49 | $1,570,639.02 |
| COFINA 2011D Senior Tax Exempt Debt Service Sub Account | $6,640,889.18 | $941,670.82 |
| TOTAL | $1,200,165,635.84 | $125,163,923.62 |

# ANNEX C

Announcement

**(Attached)**



# GOVERNMENT OF PUERTO RICO

Puerto Rico Fiscal Agency and Financial Advisory Authority

## Municipal Secondary Market Disclosure Information Cover Sheet
## Municipal Securities Rulemaking Board (MSRB)
## Electronic Municipal Market Access System (EMMA)

### Additional / Voluntary Event-Based Disclosure

**THIS FILING RELATES TO ALL OR SEVERAL SECURITIES ISSUED BY THE ISSUER, OR ALL OR SEVERAL SECURITIES OF A SPECIFIC CREDITOR:**

Issuer's Name: __Puerto Rico Sales Tax Financing Corporation (COFINA)__

Other Obligated Person's Name (if any): _____

Six-digit CUSIP number(s): __74529J__

**TYPE OF INFORMATION PROVIDED:**

A. ☐ Amendment to Continuing Disclosure Undertaking

B. ☐ Change in Obligated Person

C. ☐ Notice to Investor Pursuant to Bond Documents

D. ☐ Communication from the Internal Revenue Service

E. ☐ Bid for Auction Rate and Other Securities

F. ☐ Capital or Other Financing Plan

G. ☐ Litigation / Enforcement Action

H. ☐ Change of Tender Agent. Remarketing Agent or Other On-going Party

I. ☐ Derivative or Other Similar Transaction

J. ☒ Other Event-Based Disclosures: __Proposed COFINA Bondholders Agreement__

I represent that I am authorized by the issuer, obligor or its agent to distribute this information publicly.

/s/ Sebastián M. Torres Rodríguez
Sebastián M. Torres Rodríguez
Puerto Rico Fiscal Agency and Financial Advisory Authority,
    as Fiscal Agent for the Commonwealth

Dated: August 8, 2018



PO Box 42001 • San Juan, PR 00940-2001 • Telephone (787) 722-2525



GOVERNOR OF PUERTO RICO

OFFICE OF THE GOVERNOR

### Governor Rosselló announces agreement with COFINA bondholders

**(August 8, 2018 - Buenos Aires, Argentina)** Governor of Puerto Rico Ricardo Rosselló announced that the Financial Oversight and Management Board for Puerto Rico (Oversight Board), as representative of the Puerto Rico Sales Tax Financing Corporation (COFINA, for its Spanish acronym) in the judicial process under Title III of the Federal Law PROMESA, the Government of Puerto Rico, and a substantial number of the COFINA bondholders reached an agreement in principle to restructure the debt of COFINA to terms that are aligned with the fiscal reality of Puerto Rico.

Rosselló said that "since the electoral campaign, my position has been that the debt of Puerto Rico has to be reduced to terms that we can pay, in face of the fiscal crisis of the Island due to mistaken decisions of the past. The public policy of my Administration has always been to reach consensual agreements with our creditors that do not affect the services that the Government provides to the most vulnerable."

The agreement in principle represents a reduction in the aggregate debt of COFINA of approximately one third of the COFINA debt, savings of $17.5 billion in future debt service payments, and provides terms and conditions for the restructuring of the debt. The agreement in principle is also consistent with the agreement between the agents of COFINA and the Central Government in the Title III proceedings announced in June 2018. It is anticipated that this agreement will provide a path towards a consensual plan of adjustment for COFINA.

"This agreement represents a significant step in restructuring Puerto Rico's debt and reaffirms once again the credibility of our efforts. It joins the agreements that we have already reached with the bondholders of the Government Development Bank and those of the Puerto Rico Electric Power Authority. Moreover, these agreements are an important step to recover access to capital markets," said the governor.

Christian Sobrino, executive director of the Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF, for its Spanish acronym), informed that this agreement will provide the Government of Puerto Rico access to $425 million annually, on average, for the next 40 years.

"This agreement in principle with the COFINA bondholders advances the best interests of all parties involved, including the Government of Puerto Rico and the local bondholders. It also limits the costs of litigation and safeguards that the Government has the necessary funds to continue providing services to the People of Puerto Rico," concluded Sobrino Vega.

La Fortaleza, San Juan, PR 00901   PO Box 9020082, San Juan, PR 00902-0082   rjvega@fortaleza.pr.gov   787 721 7000