October 1, 2018                                                                    <u>Sent via Email</u>

Hon. Laura Taylor Swain
U.S. District Court S.D.N.Y.
500 Pearl Street
New York, NY 10007

      My name is Stephen T. Mangiaracina, Esq. I am a COFINA junior bondholder.

      On September 20, 2018 I sent you a letter via email with attachments regarding the above. I ask that said letter be considered as if stated herein.

      Attached hereto as Attachment A is Fox Business article "Puerto Rico Bond Default Called Over Fiscal Plan's Debt Cut Update" published May 5, 2017. It states in part

> "Last week Governor Ricardo Rossello signed a local law to comply with the fiscal plan that allows him under certain circumstances to break the lockbox securing the sales tax revenues and move them into Puerto Rico's grasp."

      It goes on:

> The fiscal plan allocates roughly $800 million a year in payments for creditors, compared with the $35 billion they are owed over the next decade. Sales taxes that had previously serviced only Cofina bonds would be commingled with other revenue streams and used for general purposes.

      The article goes on to state:

> "Federal officials didn't invoke the same bankruptcy option for Cofina, the public entity that issued the sales tax bonds, though they could do so at any time without public notice.

      Thus, the fiscal plan is an admission by the Governor, Oversight Board and COFINA that the voluntary Title III filing on May 5, 2017 for bankruptcy protection for COFINA was not for the benefit of the financially solvent COFINA; it was for the benefit of the Commonwealth of Puerto Rico to allow it to wrongfully take COFINA bondholder property.

      Section 303 – PROMESA prevents the Commonwealth from implementing its own measures through its own legislative or executive action. This is exactly what Governor Rossello did.

      Attached hereto as Attachment B is the May 9, 2017 joint filing and Notice by the Puerto Rico Fiscal Agency and Financial Advisory Authority and COFINA advising of the May 5, 2017 filing and possible impact on COFINA bondholders.

Attached hereto as Attachment C is the April 7, 2017 U.S. Senate letter to the Chairman of FOMB which states in part:

> "As you know, PROMESA requires that a certified fiscal plan "respect the relative lawful priorities or lawful liens, as may be applicable, in the constitution, other laws, or agreements of a covered territory or covered territorial instrumentality." Unfortunately, your answer to this question was unsatisfactory. Rather than explaining why the Fiscal Plan was compliant, you merely stated that the Oversight Board has not taken a position on the dispute between the General Obligation and COFINA bondholders- a matter unrelated to the Fiscal Plan's compliance with PROMESA."

Attached hereto as Attachment D is the May 15, 2018 letter by Dominic Frederico, President and Chief Executive Officer of Assured Guaranty Ltd to the Oversight Board in response to the Revised Commonwealth Fiscal Plan it approved on April 19, 2018.

The letter is detailed and cogent. It supports why I request this Court to refer the May 5, 2017 filing and everything related that flows from it to the Department of Justice for criminal investigation. This includes the so called settlement now being orchestrated by the Oversight Board.

Mr. Frederico is in a position to reinstitute Assured's lawsuit against the Oversight Board. So it gave Assured and other similarly situated an offer they could not refuse. COFINA junior bondholders would take the hit.

The Court facilitated this by not making a decision on the summary judgment motion now before you for over 5 ½ months. The insurers still have a gun to their heads because this Court continues to grant stays of your decision. It is highly unlikely this Court does not know what it would be. Just as I stated in my September 20, 2018 letter, losing on the motion is better than a settlement that wrongfully takes my property, that of my family, and others similarly situated. If I lose, I still have the due process right to appeal.

I do not expect this Court to represent me. I do expect any court to protect me or anyone else from wrongdoing where it is in a much superior position. Here this Court is an active advocate of a proposed settlement that smells of a criminal conspiracy going back to early 2017. Example: I only learned recently that there was a filing for Title III bankruptcy protection; my letters to this Court assumed that, but for your stay on the motion, COFINA was ready, willing and able to meet its obligations. I since learned that as of May 5, 2017, it will not do so.

As soon as you were appointed, you were in a position to observe wrong doing; better than someone like me not looking for it.

  I have had faith and respect for our system of justice for 38 years as an attorney. Right now this is being tested. The optics are troublesome. It looks like the Oversight Board is calling the shots at the Courthouse.

  If the May 5, 2017 voluntary filing of the petition for bankruptcy protection for COFINA is illegal for the various reasons I set forth, then any settlement action that would flow from it cannot be entertained. As I read PROMESA, a lawful property lien on sales tax collections cannot be taken from me by a settlement vote concocted by others.

  I respectfully ask the Court to refer the circumstances of the settlement negotiations to the Department of Justice for investigation along with what I set forth above regarding the circumstances of the May 5, 2017 filing for voluntary Title III bankruptcy protection for COFINA.

  I ask this Court to appoint a guardian for COFINA and that the Court order the Oversight Board be disassociated from COFINA's affairs,

Thank you.

Stephen T. Mangiaracina, Esq.
5 Salem Road
Hilton Head Island, SC 29928
(843) 785-5800 Phone
(843) 785-4100 Fax